IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| PARK PLACE DEVELOPMENT PRIMARY, LLC,[1] | : | Case No. 21-10849 (CSS) |
| | : | |
| Alleged Debtor. | : | |

# DECLARATION OF SHARIF EL-GAMAL
IN SUPPORT OF THE MOTION OF THE ALLEGED DEBTOR PURSUANT TO SECTIONS 303 AND 305 OF THE BANKRUPTCY CODE FOR DISMISSAL OF, OR ABSTENTION FROM, THE INVOLUNTARY BANKRUPTCY PETITION

I, Sharif El-Gamal, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am President of Park Place Development Primary, LLC (the "Alleged Debtor"), located in New York.

2. I submit this declaration (this "Declaration") in support of the *Motion of the Alleged Debtor Pursuant to Sections 303 and 305 of the Bankruptcy Code for Dismissal of, or Abstention from, the Involuntary Bankruptcy Petition* (the "Motion"), filed contemporaneously herewith.

3. Except as otherwise indicated, the statements set forth in this Declaration are based upon my personal knowledge, information learned from my review of relevant documents and court pleadings, or information supplied to me from other members of the Alleged Debtor's management and Alleged Debtor's advisors. If called to testify, I could and would testify competently to the matters set forth in this Declaration.

---

[1] The last four digits of the Alleged Debtor's U.S. tax identification number is 1708. The address of the Alleged Debtor's corporate headquarters is: 31 West 27th Street, 9th Floor, New York, NY 10001.

117005803v4

**The Alleged Debtor and the Project**

4. The Alleged Debtor is a Delaware limited liability company and maintains its principal office and principal place of business in New York County, New York.

5. The Alleged Debtor's only asset is a substantially constructed, high-end condominium project located in New York City (the "Project").

6. The Project is designed to consist of 50 condominium units and a small amount of ground floor retail. The Project is approximately 65% complete.

7. The Project currently does not generate any revenue.

8. The most recent Member Appraisal Institute appraisal of the Project prepared by JLL Valuation & Advisory Services, LLC opines that as of June 12, 2019 the "as is" value of the Project is $269,000,000 and the "as complete" value of the Project is $400,300,000.

9. The Alleged Debtor has more than twelve (12) creditors. The Alleged Debtor has approximately 85 recourse creditors, holding secured and unsecured liabilities in the aggregate of approximately $139,701,496.51.

10. The value of the Project is greater than the aggregate amount of the secured and unsecured liabilities asserted against the Alleged Debtor.

11. Four of the six Petitioning Creditors[2] are based in New York and the other two Petitioning Creditors are based in states other than Delaware.

12. The only nexus to Delaware is that the Alleged Debtor is a Delaware limited liability company.

---

[2] The "Petitioning Creditors" are Permasteelisa North America Corp. ("PNA"), Construction Realty Safety Group Inc. ("CR Safety"), Trade Off Plus, LLC ("Trade Off"), Domani Inspection Services, Inc. ("Domani"), S&E Bridge & Scaffold LLC ("S&E"), and Ismael Leyva Architect, P.C. ("ILA").

13. The Petitioning Creditors do not allege, and the Alleged Debtor has not made, any preferential or fraudulent transfers.

**Construction of the Project and the Mortgage Lenders**

14. The Project is encumbered by a mortgage in favor of certain mortgage lenders (the "Mortgage Lenders").

15. The Alleged Debtor and Mortgage Lenders are parties to that certain *Building Facility Agreement* dated April 26, 2016 (the "BFA").[3]

16. The BFA provides that any suit between the Mortgage Lenders and the Alleged Debtor must take place in New York. Sharia law and New York law govern the BFA and the claims asserted by the Alleged Debtor against the Mortgage Lenders.

17. New York Law also governs the validity, priority, and extent of the mechanics' liens and the Mortgage Lenders' lien.

18. The Alleged Debtor entered into that certain *Construction Management Agreement* dated on or about March 15, 2015 with Gilbane Residential Construction LLC ("Gilbane") (as modified, amended, or supplemented, the "CMA"), under which Gilbane agreed to provide construction management services in connection with the Project, including the assembling and hiring of various construction subcontractors for the Project.

19. The Alleged Debtor is not party to any agreement with PNA, CR Safety, Trade Off, S&E, or ILA.

---

[3] Contemporaneously with the BFA, the Alleged Debtor and the Mortgage Lenders entered into that certain *Project Facility Agreement of Leases and Rents* dated April 26, 2016 (the "PFA").

**The New York State Court Actions[4]**

20.     There are at least three pending New York state court actions involving the Alleged Debtor, the Project and the Petitioning Creditors.

21.     On April 5, 2019, one of the Petitioning Creditors, Domani, filed a lawsuit (the "Domani Action") against the Alleged Debtor, more than two (2) years ago. *See* Index No. 652012/2019 in NY Supreme Court. The Alleged Debtor filed an Answer in that case on May 21, 2019 denying liability and raising defenses to Domani's claim. (Domani Action, D.I. 5; attached hereto as **Exhibit 1**). Domani filed a declaration in support of the Involuntary Petition. *See* Exhibit 4 to Involuntary Petition (the "Domani Declaration").

22.     The Mortgage Lenders improperly stopped funding the Project on or about April 2019.

23.     On March 13, 2020, the Mortgage Lenders filed a Complaint against the Alleged Debtor, among others, in Supreme Court of New York, County of New York (the "NY Supreme Court"), Index No. 850083/2020 (the "Foreclosure Action"). The Foreclosure Action has been pending for about 15 months.

24.     The court in the Foreclosure Action, on or about March 16, 2020, appointed a receiver (the "Receiver") for the Project to protect the Project and the interests of all creditors (Foreclosure Action, D.I. 54). The Receiver is currently in possession of the Project and has been so for more than a year.

25.     The Alleged Debtor has filed a motion to dismiss the Foreclosure Action.

---

[4] Pleadings filed in the New York State Court Actions and referenced herein are electronically accessible via New York State Courts Electronic Filing System ("NYSCEF"). The NYSCEF can be accessed via the following link: https://iapps.courts.state.ny.us/webcivil/FCASMain.

26. Five out of the six Petitioning Creditors are defendants in the Foreclosure Action.

27. On June 9, 2020, the Alleged Debtor filed an action in the NY Supreme against the Mortgage Lenders for: (i) fraudulent inducement; (ii) fraudulent misrepresentation; (iii) aiding and abetting fraud; (iv) breach of contract; (v) tortious interference with contact; (vi) tortious interference with business relations; (vii) tortious interference with prospective economic advantage; and (viii) civil conspiracy. *See* Index No. 652366/2020. There is a significant *bona fide* dispute as to the liability and amount of the Mortgage Lenders' claims against the Alleged Debtor.

28. The Petitioning Creditors acknowledge that there are substantial disputes over the Mortgage Lenders' actions and the validity, priority, and extent of the Mortgage Lenders' liens on the Project. *See* Petitioning Creditors' Declarations filed in Support of the Involuntary Petition, D.I. 1.

**The Petitioning Creditors and Involuntary Petition**

29. Five of the six petitioning creditors have filed mechanics liens against the Project but do not hold recourse claims against the Alleged Debtor. Their alleged claims are against Gilbane, the general contractor, and Soho Properties Inc., an affiliate of the Alleged Debtor, but not the Alleged Debtor.

30. Three of the six Petitioning Creditors (CR Safety, Trade Off and ILA) assert that they hold fully secured claims, as opposed to unsecured claims, against the Alleged Debtor.

31. Two of the Petitioning Creditors (PNA and S&E) purport to waive their secured claims up to $16,750 in an attempt to manufacture recourse unsecured claims to qualify as Petitioning Creditors in order to properly file the involuntary petition against the Alleged Debtor.

32.     None of the Petitioning Creditors are parties to the BFA between the Alleged Debtor and the Mortgage Lenders and were not express or intended third party beneficiaries of the BFA. In any event, considering the substantial disputes with the claim of the Mortgage Lenders claim and lien, the Petitioning Creditors purported third party beneficiary claims are tainted and the subject of a bona fide dispute as to liability and amount.

33.     PNA's alleged contract claim for various storage costs is a non-recourse claim against Gilbane, not the Alleged Debtor, and is nevertheless contingent.  *See* **Exhibit 2** hereto, a true and correct copy of the December 24, 2019 letter from counsel to the Alleged Debtor to Gilbane.

34.     Domani is the only alleged unsecured recourse creditor of the Alleged Debtor. Domani asserts a claim based upon the Domani Action.  However, in the Domani Declaration (D.I. 1, Ex. 4), Domani falsely testifies that the Alleged Debtor has made no challenges to Domani's claim notwithstanding the filed Answer which does exactly that.

35.     The Petitioning Creditors filed this Involuntary Petition because they are engaging in improper forum shopping and improperly attempting to use the bankruptcy process to collect their debt and foreclose on their liens.

36.     The Alleged Debtor does not believe bankruptcy is in the best interests of the Alleged Debtor, its creditors, or the Project.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 6, 2021

_____
Sharif El-Gamal

117005803v4