**Exhibit 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

Domani Inspection Services Inc.,      Index No.: 652012/2019

    Plaintiff,

                                                                           **VERIFIED ANSWER**

v.

Park Place Development Primary,

    Defendant.

-----------------------------------------------------------------X

Park Place Development Primary ("Defendant") hereby responds to the allegations as follows:

1. Defendant denies the allegations contained in Paragraph 1 in the Complaint. Defendant has objected to the purported invoices attached to the Complaint and Defendant instructed Plaintiff to not place advertisements on its behalf and to cancel advertisements due to incorrect information in the advertisements. Defendant does not owe the Plaintiff the funds it claims and the Defendant disputes the validity of any agreement with the Plaintiff.

2. Defendant has insufficient information to admit or deny the allegation in Paragraph 2 and it is therefore denied.

3. Defendant denies the allegation contained in Paragraph 3.

4. Defendant denies the allegation contained in Paragraph 4.

5. Defendant denies the allegation contained in Paragraph 5.

6. Defendant denies the allegation contained in Paragraph 6.

7. Defendant denies the allegation contained in Paragraph 7.

8.     Defendant denies the allegation contained in Paragraph 8.

9.     Defendant denies the allegation contained in Paragraph 9.

10.     Defendant denies the allegation contained in Paragraph 10.

11.     Defendant denies the allegation contained in Paragraph 11.

12.     Defendant denies the allegation contained in Paragraph 12.

13.     Defendant denies the allegation contained in Paragraph 13 and in any preceding paragraph.

14.     Defendant denies the allegation contained in Paragraph 14.

15.     Defendant denies the allegation contained in Paragraph 15.

16.     Defendant denies the allegation contained in Paragraph 16.

17.     Defendant denies the allegation contained in Paragraph 17.

18.     Defendant denies the allegation contained in Paragraph 18.

19.     To the extent that any statement in the "wherefore" clause of the Complaint requires a response, they are denied in full. Any allegation not specifically addressed is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction to hear this claim and lacks personal jurisdiction over Defendant.

### THIRD DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, accord and satisfaction, res judicata and issue and claim preclusion, failure of consideration, laches, unclean hands and/or equitable estoppel, and failure to mitigate. Plaintiff is not authorized to assert this action and/or transact business in this State.

## FIFTH DEFENSE

If the Plaintiff has sustained any damages as alleged in its Complaint, then any such damages were the direct result of Plaintiff's actions, conduct, breaches, negligence and/or a person or entity over whom Defendant has no control and for whom Defendant is not responsible. Plaintiff has failed to name a proper party. Plaintiff has failed to name the correct party. Plaintiff has failed to name an indispensable party.

## SIXTH DEFENSE

If Plaintiff suffered any injury, which is specifically denied, such injury was caused or contributed by the acts of Plaintiff and/or third parties.

## SEVENTH DEFENSE

To the extent Plaintiff's claims rest on alleged contractual obligations, no such contractual obligations exists, and/or Plaintiff is not in privity of contract with Defendant. Additionally, Plaintiff are not a real party in interest. Moreover, Plaintiff's claims are barred and/or reduced by setoffs, unclean hands, satisfaction, accord, compensation, and payment. Defendant has no obligations, contractual or otherwise, with the Plaintiff.

## EIGHTH DEFENSE

Plaintiff's causes of action are barred because Plaintiff failed to perform conditions precedent required by any alleged contract. Moreover, Plaintiff failed to comport with

statutory and customary requirements. Plaintiff failed to perform the services it claims were performed.

## NINTH DEFENSE

Defendant does not owe the amount claimed in the Complaint and has aptly and timely objected to those amounts and does so again here. Furthermore, any agreement between the parties is null and void due to Plaintiff's breach, and any contract is subject to rescission.

## TENTH DEFENSE

Plaintiff has failed to join one or more parties required to be joined and such failure prejudices Defendant and could create a substantial risk of inadequate, multiple, or inconsistent judgments.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, res judicata, issue and claim preclusion.

## TWELFTH DEFENSE

Any and all liability of Defendant is cut off by the intervening and/or supervening conduct of others.

## THIRTEENTH DEFENSE

Defendant's actions were undertaken in good faith. Additionally, Plaintiff breached any legally cognizable agreement between the parties, and thus Defendant is relived of any contractual obligations.

## FOURTEENTH DEFENSE

Plaintiff breached any contract/agreement/understanding between the parties.

## FIFTEENTH DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses that are revealed by further investigation or by discovery. Any allegation not addressed herein are denied in full.

PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

1. Dismissal of the Complaint in its entirety;

2. That judgment be entered in favor of Defendant;

3. For all attorneys' fees and costs of this action incurred herein;

4. Rescission of any agreement between the parties due to Plaintiff's breach of any contract and taking actions in direct contravention of Defendant's directives, and

4. Together with such and other further relief as the Court may deem just and proper.

Dated:  New York, New York
        May 22, 2019

The Aboushi Law Firm PLLC

*/s/ Aymen A. Aboushi*
Aymen A. Aboushi, Esq.

## Verification

I, Seth Pomerantz, hereby affirm on behalf of the corporate defendant, that the foregoing responses are true to the best of my knowledge and information, and that if any statement is willfully false, I am subject to punishment.

Dated:

_____
Seth Pomerantz

Sworn to before me on this
17 day of May, 2019

_____
Notary Public

PHON CHOOI SAN
Notary Public, State of New York
No. 01PH6117535
Qualified in New York County
Commission Expires October 25, 20 20