# EXHIBIT E

Declaration of Matthew Parrott

EXECUTION VERSION

## PROJECT FACILITY NOTE

US $11,887,103.84

New York, New York
Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH**, a bank organized under the laws of Malaysia in its capacity as administrative agent on behalf of Financiers (as defined in the Building Facility Agreement), having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Building Facility Agreement, "**Administrative Agent**") the original Purchase Price of up to ELEVEN MILLION EIGHT HUNDRED EIGHTY-SEVEN THOUSAND ONE HUNDRED THREE DOLLARS 84/100 ($11,887,103.84), together with Profit on the unpaid balance of the Purchase Price outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Building Facility Agreement).

This Project Facility Note is the "**Project Facility Note**" as referred to in the Building Facility Agreement, and is in all respects subject to the Project Facility Agreement. This Project Facility Note is secured by the Project Facility Mortgage and the other Project Facility Documents. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Project Facility Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Project Facility Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF

NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS PROJECT FACILITY NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS PROJECT FACILITY NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Project Facility Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from Profit rate limitations under the laws of the State of New York.

This Project Facility Note shall be governed by and construed in accordance with the terms set forth in Sections 21.16 and 21.17 of the Building Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Financiers and the name and address of each assignee of Financiers under this Project Facility Note, and the Purchase Price of the Facility owing to Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Financier hereunder for all purposes of this Project Facility Note, notwithstanding notice to the contrary or any notation of ownership or other writing. The Register shall be available for inspection by Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.21 of the Building Facility Agreement are incorporated herein by reference.

**[SIGNATURE FOLLOWS ON NEXT PAGE]**

US_ACTIVE-123860435.6

**IN WITNESS WHEREOF**, the undersigned has executed this Note as of the date first written above.

<u>**OBLIGOR:**</u>

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

# EXHIBIT 75

**PROJECT FACILITY NOTE SPLITTER AND MODIFICATION AGREEMENT**

       **THIS PROJECT FACILITY NOTE SPLITTER AND MODIFICATION AGREEMENT** (hereinafter, as it may be from time to time amended, modified, extended, renewed, substituted, and/or supplemented, referred to as this "Agreement") is made as of the 26th day of April, 2016, by and between **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company (hereinafter referred to as the "Obligor"), having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001, as obligor, and **MALAYAN BANKING BERHAD, NEW YORK BRANCH**, a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "Administrative Agent"), as administrative agent.

W I T N E S S E T H :

       **WHEREAS**, Administrative Agent is now the lawful owner and holder of that certain Project Facility Note, dated April 26, 2016 executed by the Obligor, as the maker, in favor of the Administrative Agent, as the payee, in the maximum principal amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (hereinafter, as previously amended and modified, referred to as the "Note"), which Note evidences a building facility made available to Obligor by Administrative Agent, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022 (together with its successors and assigns in such capacity "Administrative Agent") for the benefit of itself and the Project Facility Financiers (as defined in the Project Facility Agreement) and the Project Facility Financiers in the maximum principal amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (hereinafter, as it may be from time to time amended, modified, extended, renewed, substituted, and/or supplemented, referred to as the "Facility") pursuant to that certain Project Facility Agreement dated as of April 26, 2016, executed by and between the Obligor, as obligor, and Administrative Agent for the benefit of itself and the Project Facility Financiers) and the Project Facility Financiers, as financiers (hereinafter, as so amended and modified, and as it may be from time to time further amended, modified, extended, renewed, substituted, and/or supplemented, referred to as the "Project Facility Agreement"); and

      **WHEREAS**, the Note is secured by, among other things, that certain  Project Facility Mortgage, Security Agreement and Assignment of Leases and Rents made by the Obligor in favor of Administrative Agent for the benefit of itself and the Project Facility Financiers in the principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), dated April 26, 2016 and recorded on May [__], 2016 as CRFN [_____] in the Office of the City Register of the City of New York (hereinafter, as it may be from time to time amended, modified, extended, renewed, substituted, split, severed, and/or supplemented, referred to as the "Security Instrument"), with respect to certain real property located in the County of New York, State of New York as described in said Security Instrument (hereinafter collectively referred to as the "Property"); and

**WHEREAS**, there is presently outstanding on the Note an unpaid principal balance of $11,887,103.84 plus accrued profit thereon (said principal balance, accrued profit and all other sums which may or shall become due under the Note as modified, split, amended and restated pursuant to the provisions hereof and the Security Instrument, are hereinafter collectively referred to as the "Obligations"); and

**WHEREAS**, Administrative Agent and Obligor have agreed, in the manner hereinafter set forth, that the Note shall be split and severed into five (5) notes, the first being " Project Facility Note - 1" (as such term is defined herein), the second being " Project Facility Note - 2" (as such term is defined herein), the third being " Project Facility Note - 3" (as such term is defined herein),  the fourth being " Project Facility Note - 4" (as such term is defined herein) and the fifth being " Project Facility Note - 5" (as such term is defined herein), which five notes shall each be secured by the Security Instrument.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Obligor and Administrative Agent hereby agree as follows:

1.      All of the representations, warranties, covenants and other terms and provisions of the Note, the Security Instrument, the Project Facility Agreement and the other Project Facility Documents (as defined in the Project Facility Agreement), as modified hereby, including, without limitation, all defined terms and granting clauses, shall be applicable from and after the date hereof with the same force and effect as if such modifications had originally been included in the Note, the Security Instrument, the Project Facility Agreement and the Project Facility Documents.

2.      Obligor and Administrative Agent hereby acknowledge and agree that there is now due and owing on the Note the principal sum of $11,887,103.84 plus profit, without defense, offset or counterclaim of any kind.

3.      The Note is hereby modified so that it may be split and severed into five portions, evidenced by  Project Facility Note – 1,  Project Facility Note - 2,  Project Facility  Note - 3, Project Facility  Note - 4, Facility  Note – 5, and in such manner and in such individual amounts as hereinafter set forth.

4.      The Note is hereby split and severed and modified from and after the date hereof into five notes as follows: (a) the first being that certain  Project Facility Note - 1 evidencing Obligor's obligation to pay to Administrative Agent and its successors and assigns the principal amount of $3,962,367.95 in the form attached hereto as Exhibit "A" executed and delivered by Obligor to Administrative Agent (hereinafter referred to as the "Substituted Note 1"), (b) the second being that certain  Project Facility Note - 2 evidencing Obligor's obligation to pay to Administrative Agent and its successors and assigns the principal amount of $1,707,917.22 in the form attached hereto as Exhibit "B" executed and delivered by Obligor to Administrative Agent (hereinafter referred to as the "Substituted Note 2"), (c)   Project Facility Note - 3 evidencing Obligor's obligation to pay to Administrative Agent and its successors and assigns the principal amount of $3,074,250.99 in the form attached hereto as Exhibit "C" executed and delivered by Obligor to Administrative Agent (hereinafter referred to as the "Substituted Note 3"), (d)    Project Facility Note - 4 evidencing Obligor's obligation to pay to Administrative Agent and its successors and assigns the principal amount of $1,707,917.22 in the form attached hereto as Exhibit "D" executed and delivered by Obligor to Administrative Agent (hereinafter referred to as the "Substituted Note 3"),  and (e)  Project Facility Note - 5 evidencing Obligor's obligation to pay to Administrative Agent and its successors and assigns the principal amount of $1,434,650.46 in the form attached hereto as Exhibit "E" executed and delivered by Obligor to Administrative Agent

-2-

(hereinafter referred to as the "Substituted Note 5"; and, collectively with Substituted Note 1, Substituted Note 2, Substituted Note 3, Substituted Note 4, the "Substituted Notes"), which Substituted Notes are each secured by the lien of the Security Instrument.  Together, the Substituted Notes evidence the same obligations evidenced by the Note and fully substitute the Note in its entirety.

5.     Nothing in the Substituted Notes, as the same may be hereafter split or modified, or in any other agreement between Obligor and Administrative Agent, shall extinguish the Obligations or create any new or additional obligations.

6.     Whenever the term "Project Facility Note" or any other term used to refer to the Note shall be used in the Security Instrument, the Project Facility Agreement or any of the other Project Facility Documents, such terms shall include the Substituted Notes.

7.     Administrative Agent and Obligor hereby confirm that, notwithstanding anything to the contrary contained in Substituted Note 1, Substituted Note 2, Substituted Note 3, Substituted Note 4 or any other Facility Document, any prepayment or defeasance of the Note shall constitute a prepayment or defeasance of either Substituted Note 1, Substituted Note 2, Substituted Note 3, Substituted Note 4, or pro rata in accordance with their respective principal amounts.

8.     Any written agreement or agreements hereafter entered into by and among Obligor and Administrative Agent which (i) extend the time of payment of the Obligations, (ii) change or modify the time or times of payment or the amount of the installments or fixed sums or the interest or the rate thereof, (iii) change, modify, extend or terminate other terms, provisions, covenants or conditions of this Agreement or of the Security Instrument or the Substituted Notes secured by the Security Instrument as the same are herein or hereafter split or modified, or (iv) release or sever the lien of the Security Instrument, as the same is herein or hereafter split or modified, shall be effective in accordance with the terms and provisions thereof and shall be binding according to the terms thereof on the owner or holder of subordinate, intervening or subsequent liens on the Property and any such liens shall continue to be subject and subordinate to the Security Instrument, as the same is herein or hereafter split or modified, pursuant to this Agreement and any such agreement or agreements.

9.     Obligor represents, warrants and covenants that as of the date hereof there are no offsets, counterclaims or defenses against the Obligations, this Agreement, the Security Instrument or the Substituted Notes and that Obligor (and the undersigned representative of Obligor) has full power, authority and legal right to execute this Agreement and the Substituted Notes and to keep and observe all of the terms of this Agreement on Obligor's part to be observed or performed.

10.     This Agreement may not be modified, amended, changed or terminated orally, but only by an agreement in writing signed by the party against whom the enforcement of the modification, amendment, change or termination is sought.

11.     This Agreement shall be binding upon and inure to the benefit of Obligor and Administrative Agent and their respective successors and assigns.

12.     This Agreement may be executed in any number of duplicate originals and each such duplicate original shall be deemed to constitute but one and the same instrument.

13.     If any term, covenant or condition of this Agreement shall be held to be invalid, illegal or unenforceable in any respect, this Agreement shall be construed without such provision.

14.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, Obligor and Administrative Agent have duly executed this Agreement, as of the day and year first above written.

<u>**OBLIGOR:**</u>

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By: _____
    Name: Sharif El-Gamal
    Title: President

[Signatures continue on the following page.]

**ADMINISTRATIVE AGENT**:

**MALAYAN BANKING BERHAD, NEW YORK BRANCH**, a corporation organized under the laws of Malaysia

By:_____  26 APRIL 2016
    Name: Shahida Mohd Jaffar Sadiq Maricar
    Title: General Manager

**<u>EXHIBIT A</u>**

Substituted Note 1

<u>See attached.</u>

## PROJECT FACILITY NOTE - 1

US $3,962,367.95                                               New York, New York
                                                              Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original  amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement"**; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $3,962,367.95,  Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,  Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,074,250.99,   Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22, and  Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $1,434,650.46,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

This Note, (a) (I) together with (a)  Project Facility Note - 2, (b)  Project Facility Note - 3, (c)  Project Facility Note - 4,  and (d)  Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.16 and 21.17 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.21 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 1 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

## **EXHIBIT B**

Substituted Note 2

See attached.

## PROJECT FACILITY NOTE - 2

US $1,707,917.22                                                           New York, New York
                                                                   Effective: April 26, 2016

**FOR      VALUE      RECEIVED**,   the   undersigned,   **PARK      PLACE
DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal
place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001
("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK
BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative
agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement),
having an address at having an address at 400 Park Avenue, New York, New York 10022,
(together with any successors administrative agent appointed pursuant to the Project Facility
Agreement, "**Administrative Agent**") the original   amount of up to Eleven Million Eight
Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together
with profit on the unpaid obligations outstanding from time to time, at the rate provided for in
that certain Project Facility Agreement, dated as of the date hereof, by and amongst,
Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be
amended, supplemented or otherwise modified from time to time, the "**Project Facility
Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to
such term in the Project Facility Agreement).

        The Project Facility was originally evidenced by that certain Project Facility Note
dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated
principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three
Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

        Pursuant to that certain Project Facility Note Splitter and Modification Agreement
by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note
was amended to permit such Original Note to be split into five (5) component notes, with  Project
Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise
modified from time to time, this "**Note**") evidencing a principal sum of $1,707,917.22,  Project
Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise
modified from time to time)  evidencing a principal sum of $3,962,367.95,  Project Facility Note -
3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time
to time)  evidencing a principal sum of $3,074,250.99,  Project Facility Note - 4 (as may be
further amended, restated, replaced, supplemented or otherwise modified from time to time)
evidencing a principal sum of $1,707,917.22,  and  Project Facility  Note - 5 (as may be further
amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing
a principal sum of $1,434,650.46,  each dated the date hereof and each made by Obligor in favor
of Administrative Agent evidencing, in the aggregate, the same obligations due under the
Original Note.

        This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility
Note - 3, (c)  Project Facility Note - 4, and (d)  Project Facility Note - 5, each dated as of April
26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively, the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all

purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 2 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

## EXHIBIT C

Substituted Note 3

See attached.

## PROJECT FACILITY NOTE - 3

US $3,074,250.99

New York, New York
Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original  amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement"**; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with  Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $3,074,250.99, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,962,367.95,  Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,   Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $1,707,917.22, and  Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,434,650.46,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility Note - 2, (c)  Project Facility Note - 4,  and (d)  Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 3 as of the date first written above.

**OBLIGOR**:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

**<u>EXHIBIT D</u>**

Substituted Note 4

<u>See attached.</u>

## PROJECT FACILITY NOTE - 4

US $1,707,917.22
New York, New York<br>Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original  amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement"**; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with  Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $1,707,917.22, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,962,367.95,  Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,   Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $3,074,250.99, and  Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,434,650.56,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility Note - 2, (c) a  Project Facility Note - 3, and (d)  Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 4 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

**EXHIBIT E**

Substituted Note 5

See attached.

# PROJECT FACILITY NOTE - 5

US $1,434,650.46

New York, New York
Effective: April 26, 2016

      **FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

      The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

      Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with  Project Facility  Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $1,434,650.46, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,962,367.95, Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,   Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $3,074,250.99, and  Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

      This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility Note - 2, (c) a  Project Facility Note - 3, and (d)  Project Facility Note - 4, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 5 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

# EXHIBIT 76

## PROJECT FACILITY NOTE - 1

US $3,962,367.95                                                 New York, New York
                                                               Effective: April 26, 2016

    **FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original  amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement"**; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

    The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

    Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $3,962,367.95,  Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,  Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,074,250.99,   Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22, and  Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $1,434,650.46,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

    This Note, (a) (I) together with (a)  Project Facility Note - 2, (b)  Project Facility Note - 3, (c)  Project Facility Note - 4,  and (d)  Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.16 and 21.17 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.21 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF,** the undersigned has executed this Project Facility Note 1 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC,** a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

# EXHIBIT 77

## PROJECT FACILITY NOTE - 2

US $1,707,917.22

New York, New York
Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time, this "**Note**") evidencing a principal sum of $1,707,917.22, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $3,962,367.95, Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $3,074,250.99, Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $1,707,917.22, and Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $1,434,650.46, each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

This Note, (a) (I) together with (a) Project Facility Note - 1, (b) Project Facility Note - 3, (c) Project Facility Note - 4, and (d) Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively, the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all

purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 2 as of the date first written above.

**OBLIGOR**:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

# EXHIBIT 78

## PROJECT FACILITY NOTE - 3

US $3,074,250.99

New York, New York
Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original  amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with  Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $3,074,250.99, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,962,367.95,  Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,   Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $1,707,917.22, and  Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,434,650.46,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility Note - 2, (c)  Project Facility Note - 4,  and (d)  Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 3 as of the date first written above.

**OBLIGOR**:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

# EXHIBIT 79

# PROJECT FACILITY NOTE - 4

US $1,707,917.22                                    New York, New York
                                                   Effective: April 26, 2016

**FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original  amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with  Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $1,707,917.22, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,962,367.95,  Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,   Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $3,074,250.99, and  Project Facility Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,434,650.56,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility Note - 2, (c) a  Project Facility Note - 3, and (d)  Project Facility Note - 5, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 4 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President

# EXHIBIT 80

# PROJECT FACILITY NOTE - 5

US $1,434,650.46                                                    New York, New York
                                                                   Effective: April 26, 2016

    **FOR VALUE RECEIVED**, the undersigned, **PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company, having a principal place of business at c/o Soho Properties, 31 West 27th Street, 9th Floor, New York, NY 10001 ("**Obligor**"), promises to pay to the order of **MALAYAN BANKING BERHAD, NEW YORK BRANCH,** a corporation organized under the laws of Malaysia, in its capacity as administrative agent on behalf of Project Facility Financiers (as defined in the Project Facility Agreement), having an address at having an address at 400 Park Avenue, New York, New York 10022, (together with any successors administrative agent appointed pursuant to the Project Facility Agreement, "**Administrative Agent**") the original amount of up to Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84), together with profit on the unpaid obligations outstanding from time to time, at the rate provided for in that certain Project Facility Agreement, dated as of the date hereof, by and amongst, Administrative Agent, Obligor and the Project Facility Financiers therein named (as may be amended, supplemented or otherwise modified from time to time, the "**Project Facility Agreement**"; capitalized terms utilized but not defined herein shall have the meaning ascribed to such term in the Project Facility Agreement).

    The Project Facility was originally evidenced by that certain Project Facility Note dated April 26, 2016, made by Obligor in favor of Administrative Agent in the original stated principal amount of Eleven Million Eight Hundred Eighty-Seven Thousand One Hundred Three Dollars 84/100 ($11,887,103.84) (the "**Original Note**").

    Pursuant to that certain Project Facility Note Splitter and Modification Agreement by and among Obligor and Administrative Agent, dated as of the date hereof, the Original Note was amended to permit such Original Note to be split into five (5) component notes, with  Project Facility  Note - 5 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time,  this "**Note**") evidencing a principal sum of $1,434,650.46, Project Facility Note - 1 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $3,962,367.95, Project Facility Note - 2 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,   Project Facility Note - 3 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time) evidencing a principal sum of $3,074,250.99, and  Project Facility Note - 4 (as may be further amended, restated, replaced, supplemented or otherwise modified from time to time)  evidencing a principal sum of $1,707,917.22,  each dated the date hereof and each made by Obligor in favor of Administrative Agent evidencing, in the aggregate, the same obligations due under the Original Note.

    This Note, (a) (I) together with (a)  Project Facility Note - 1, (b)  Project Facility Note - 2, (c) a  Project Facility Note - 3, and (d)  Project Facility Note - 4, each dated as of April 26, 2016, and each made by Obligor to the order of Administrative Agent constitute, collectively,

the Project Facility Note referred to in the Project Facility Agreement and is entitled to the benefits thereof, (II) is secured as provided in the Project Facility Agreement, and (b) is subject to optional and mandatory prepayment as provided in the Project Facility Agreement. All of the terms, covenants and conditions contained in the Project Facility Agreement, the Project Facility Mortgage and the other Project Facility Documents are hereby made a part of this Note to the same extent and with the same force as if they were fully set forth herein. Without limitation, in the event of any conflict between this Note and the Project Facility Agreement, the Project Facility Agreement shall prevail.

Upon the occurrence and during the continuance of an Event of Default, then subject to and in accordance with the Project Facility Agreement, all obligations outstanding hereunder and under the Project Facility Agreement and other Project Facility Documents shall become immediately due and payable, and Administrative Agent and/or Project Facility Financier shall have all rights and remedies provided for or available under the Project Facility Documents or applicable law.

Except only as expressly provided otherwise by the Project Facility Documents, demand, protest and notice of protest and non-payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, and all other notices are hereby waived by all makers, sureties, guarantors and endorsers hereof.

OBLIGOR HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK, COUNTY OF NEW YORK, AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER PROJECT FACILITY DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. OBLIGOR ACCEPTS UNCONDITIONALLY THE NONEXCLUSIVE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THE PROJECT FACILITY AGREEMENT, THIS NOTE, THE OTHER PROJECT FACILITY DOCUMENTS AND THE OBLIGATIONS.

Obligor agrees that the obligation evidenced by this Note is (i) an exempt transaction under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.; and (ii) is exempt from interest rate limitations under the laws of the State of New York.

This Note shall be governed by and construed in accordance with the terms set forth in Sections 21.15 and 21.16 of the Project Facility Agreement.

Obligor shall maintain, or cause to be maintained, (i) a copy of each assignment agreement delivered to it and (ii) a registry within the meaning of US Treasury Regulation Section 5(f).103-1(c) (the "Register"), in which it will register the name and address of Project Facility Financiers and the name and address of each assignee of Project Facility Financiers under this Note, and the Obligations owing to Project Facility Financiers pursuant to the terms hereof and each assignment agreement. Obligor may treat each Person whose name is recorded in the Register pursuant to the terms hereof as a Project Facility Financier hereunder for all purposes of this Note, notwithstanding notice to the contrary or any notation of ownership or

other writing. The Register shall be available for inspection by Project Facility Financier at Obligor's principal place of business, at any reasonable time and from time to time, upon reasonable prior notice.

The provisions of Section 21.20 of the Project Facility Agreement are incorporated herein by reference.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**IN WITNESS WHEREOF**, the undersigned has executed this Project Facility Note 5 as of the date first written above.

<u>**OBLIGOR**</u>:

**PARK PLACE DEVELOPMENT PRIMARY LLC**, a Delaware limited liability company

By:_____
    Name: Sharif El-Gamal
    Title: President