# EXHIBIT I

Declaration of Matthew Parrott

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MALAYAN BANKING BERHAD, NEW YORK BRANCH, as Administrative Agent for MALAYAN BANKING BERHAD, LONDON BRANCH, INTESA SANPAOLO S.P.A., NEW YORK BRANCH, WARBA BANK K.S.C.P., and 45 PARK PLACE INVESTMENTS, LLC,

                      Plaintiff,

- against -

PARK PLACE DEVELOPMENT PRIMARY LLC, PARK PLACE PARTNERS DEVELOPMENT LLC, 45 PARK PLACE PARTNERS, LLC, SOHO PROPERTIES GENERAL PARTNER, LLC, SHARIF EL-GAMAL, STATE OF NEW YORK CIVIL RECOVERIES BUREAU, GILBANE RESIDENTIAL CONSTRUCTION LLC, US CRANE & RIGGING LLC, CONSTRUCTION REALTY SAFETY GROUP INC., TRADE OFF PLUS, LLC, ALL-CITY METAL INC., PERMASTEELISA NORTH AMERICA CORP., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and JOHN DOES 1-100, the last one hundred names being fictitious and unknown to plaintiffs, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                      Defendants.

Index No. 850083/2020

**NOTICE OF ENTRY**

Assigned to
Justice Francis A. Kahn III
IAS Part 32

      **PLEASE TAKE NOTICE** that attached is a true and correct copy of the Order of the Honorable Francis A. Kahn III, J.S.C. dated March 12, 2020 which was filed and entered in the office of the New York County Clerk on March 16, 2020 (Dkt. No. 54).

Dated: New York, New York
March 18, 2020

        FRIED, FRANK, HARRIS, SHRIVER
         & JACOBSON LLP

By:    */s/Matthew D. Parrott*
      Matthew D. Parrott

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
m.parrott@friedfrank.com

Attorneys for Plaintiff
  *Malayan Banking Berhad, New York Branch,*
  *as Administrative Agent for Malayan Banking*
  *Berhad, London Branch, Intesa Sanpaolo*
  *S.P.A., New York Branch, Warba Bank*
  *K.S.C.P., and 45 Park Place Investments, LLC*

TO:   Park Place Development Primary LLC
      31 West 27th Street, 9th Floor
      New York, NY 10001

      Park Place Partners Development
      c/o Soho Properties
      31 West 27th Street, 9th Floor
      New York, NY 10001

      45 Park Place Partners, LLC
      31 West 27th Street, 9th Floor
      New York, NY 10001

      Soho Properties General Partner, LLC
      31 West 27th Street, 9th Floor
      New York, NY 10001

      Sharif El-Gamal
      c/o 45 Park Place Partners, LLC
      31 West 27th Street, 9th Floor
      New York, NY 10001

      State of New York Civil Recoveries Bureau
      The Capitol
      Albany, NY 12224

Gilbane Residential Construction, LLC
88 Pine Street
New York, NY 14604

US Crane & Rigging LLC
1520 Decatur Street
Ridgewood, NY 11385

Construction Realty Safety Group Inc.
226 East Merrick Road
Valley Stream, NY 11580

Trade Off Plus, LLC
80 Whitehall Street
Lynbrook, NY 11563

All-City Metal, Inc.
54-35 6th Street
Maspeth, NY 11378

Permasteelisa North America Corp.
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

New York City Environmental Control Board
66 John Street, 10th Floor
New York, NY 10038

New York State Department of Taxation and Finance
Office of Counsel
Building 9, W A Harriman Campus
Albany, NY 12227

3

21601935

**ORIGINAL**

APPROVED
FOR ~~~~~~~~~~
OF MOTION FEE
ONLY

At an IAS Part 72 of the Supreme Court of New York, held in and for the County of New York, at the Courthouse located at 60 1 Centre Street, New York, New York 10007 on the 12 day of March 2020

P R E S E N T:

Hon. **HON. FRANCIS A. KAHN III**
　　　　　　　　　　　　　　**J.S.C.**
　　　Justice

---

MALAYAN BANKING BERHAD, NEW YORK BRANCH, as Administrative Agent for MALAYAN BANKING BERHAD, LONDON BRANCH, INTESA SANPAOLO S.P.A., NEW YORK BRANCH, WARBA BANK K.S.C.P., and 45 PARK PLACE INVESTMENTS, LLC,

　　　　　　　　　Plaintiff,

- against -

PARK PLACE DEVELOPMENT PRIMARY LLC, PARK PLACE PARTNERS DEVELOPMENT LLC, 45 PARK PLACE PARTNERS, LLC, SOHO PROPERTIES GENERAL PARTNER, LLC, SHARIF EL-GAMAL, STATE OF NEW YORK CIVIL RECOVERIES BUREAU, GILBANE RESIDENTIAL CONSTRUCTION LLC, US CRANE & RIGGING LLC, CONSTRUCTION REALTY SAFETY GROUP INC., TRADE OFF PLUS, LLC, ALL-CITY METAL INC., PERMASTEELISA NORTH AMERICA CORP., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and JOHN DOES 1-100, the last one hundred names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

　　　　　　　　　Defendants.

Index No. 850083/2020

**EX PARTE ORDER APPOINTING TEMPORARY RECEIVER IN A FORECLOSURE ACTION**

Upon the Summons, Verified Complaint and Notice of Pendency of Action filed in the Office of the County Clerk of New York County on March 9, 2020, and upon reading and filing the Affirmation of Matthew D. Parrott, executed on March 9, 2020, with attached exhibits, the Affidavit of Shahida Mohd Jaffar Sadiq Maricar, sworn to on March 9, 2020, with attached exhibit, the Affirmation of Emergency of Matthew D. Parrott dated March 9, 2020, and the accompanying Memorandum of Law in Support of Plaintiff's Ex Parte Application for Appointment of a Temporary Receiver, and upon the application of Fried, Frank, Harris, Shriver & Jacobson LLP, attorneys for plaintiff Malayan Banking Berhad, New York Branch (the "Plaintiff" or "Administrative Agent"), as administrative agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC (collectively, the "Financiers," and collectively with the Administrative Agent, the "Lender"), and it appearing to the satisfaction of the Court that this action is brought to foreclose mortgage liens upon certain premises situated in New York County, that in and by said mortgage liens it was covenanted that if Defendant Park Place Development Primary LLC (the "Borrower") failed to comply with the covenants and conditions set forth in the subject mortgages (the "Mortgages") and related loan documents (collectively, the "Facility Documents"), including the obligation to repay the subject mortgage loans when required, then upon commencement of proceedings for foreclosure of said Mortgages the mortgagee should be at liberty to apply for the appointment of a Temporary Receiver without notice, and that the mortgagee would be entitled to the appointment of such Temporary Receiver as a matter of right; that sufficient evidence having

been submitted to ~~show that Borrower defaulted under the Facility Documents and Mortgages, including due to Borrower's failure to repay the amounts owed on the maturity date specified in the Facility Documents~~ *justify the appointment of a temporary receiver*; and that the appointment of a Temporary Receiver is necessary to ensure the mortgaged property and collateral is not lost or materially injured, for the protection of the Plaintiff and the preservation of the value of the mortgaged property and collateral; it is now

ORDERED, that  *SCOTT E. MOLLEN, ESQ*  of  *HERRICK FEINSTEIN, LLP*  Fiduciary I.D. No. *292306*  be, and hereby is, appointed with *[initialed A.J.S.C.]* the usual powers and directions Temporary Receiver during the pendency of this action, for the benefit of the Plaintiff herein, of the mortgaged property as defined in the property description contained in the subject mortgages (the "Mortgages") to include: the premises located at 43 Park Place, New York, New York 10007, Block 126, Lot 8, together with all improvements thereon (the "Premises"); ~~and (ii) the development rights associated therewith as more fully set forth in that certain Zoning Lot Development and Easement Agreement dated as of May 17, 2016 by and between Park Place Partners Development LLC and Park Place Partners Development LLC pertaining to Block 126 Lots 8 and 9 (the "ZLDA" and collectively with the Premises, the "Mortgaged Property"), which Mortgaged Property is more particularly described in the Verified Complaint and in the Notice of Pendency of Action attached to the affirmation of Matthew D. Parrott;~~ and that the Temporary Receiver shall have all of the usual powers and duties of a temporary receiver; and it is

**FURTHER ORDERED**, that the Temporary Receiver is authorized to forthwith take charge and enter into possession of the Mortgaged Property, and it is

3

~~FURTHER ORDERED, that the Temporary Receiver shall have possession and control of the Mortgaged Property during the pendency of this action as against any other person, including without limitation, defendants Park Place Development Primary LLC ("Borrower"), Park Place Partners Development LLC ("Park Development"), 45 Park Place Partners LLC ("Park Partners"), SOHO Properties General Partner LLC ("SOHO"), and Sharif El-Gamal ("El-Gamal," and together with Park Development, Park Partners and SOHO, the "Borrower Affiliates") and all those acting by, through or under them, including, without limitation, their affiliates, partners employees, agents, representatives, attorneys, contractors and consultants; and it is~~

**FURTHER ORDERED**, that all persons now and hereinafter in possession of any part of the Mortgaged Property and not holding such possession under valid and existing leases do forthwith surrender such possession to said Temporary Receiver, subject to emergency laws, if any; and it is

~~**FURTHER ORDERED**, that until further order of this Court, Borrower and the Borrower Affiliates be enjoined and restrained, with regard to the Premises and the Mortgaged Property from:

(i)    entering into, interfering with, amending, terminating, or otherwise creating or modifying any agreements that in any manner affect the Mortgaged Property including without limitation the ZLDA agreement;

(ii)    evicting or otherwise seeking to remove any licensee, tenant or other occupant of the Mortgaged Property; and

(iii)    collecting or transferring all rents, license fees and other charges now or hereafter becoming due, for use and occupancy from tenant, licensee or occupant;

and it is~~

[Handwritten: *Je / AJSC*]

[Handwritten insertion: *who are defendants El-Gamal, Park Development, Park Ptnrs and Soho,*]

**FURTHER ORDERED**, that defendant Borrower and the Borrower Affiliates are hereby directed to surrender possession and control of the Mortgaged Property to said Temporary Receiver forthwith and neither Borrower, the Borrower Parties nor any person acting by, through

4

or under them, including, without limitation, its employees, agents, representatives, attorneys, contractors and consultants, shall interfere with such possession and control in any manner; and it is

**FURTHER ORDERED**, that said Temporary Receiver be, and hereby is, authorized to preserve and conserve the Mortgaged Property, including without limitation taking any and all steps necessary to protect, preserve and maintain the development rights and entitlements associated with the ZLDA encompassed within the Mortgaged Property definition; to prevent vandalism, theft, casualty loss, waste and deterioration of the Mortgaged Property; to keep the premises in a proper state of repair in compliance with law and insured against loss or damage by fire; and to make the expenditures necessary for said purposes and for the purpose of paying the necessary expenses of the said premises subject, however, to the qualification that the Temporary Receiver shall not expend in excess of $10,000 for any repair without further application to this Court; to pay any taxes, water rates or assessments now due upon said premises or hereafter and during the pendency of this action to become due, all in compliance with CPLR 5228; to pay the principal, interest and other charges in connection with any prior encumbrances of the Mortgaged Property; and it is

**FURTHER ORDERED**, that the Temporary Receiver is directed to demand, collect, and receive all rents, license fees, payments for use and occupation, and other charges of the Mortgaged Property now or hereafter due from any occupants, tenants, or licensees in possession of the Mortgaged Property, or other persons liable therefor, including without limitation, defendant Borrower; and it is

~~**FURTHER ORDERED**, that the Temporary Receiver is authorized to enter into new leases, tenancies or license agreements for all or part of the Mortgaged Property with any person~~

~~who may now possess, or any person who hereafter desires to possess, all or part of the Mortgaged Property, within the Temporary Receiver's discretion, provided, however, that (i) Lender must have first approved the execution of any such lease, tenancy or license agreement; and (ii) any such lease, tenancy, or license agreement must be approved by this Court after an~~ application on ~~notice to all parties appearing in this action and an opportunity for all parties to raise an objection thereto; and it is~~

FURTHER ORDERED, that any occupants, tenants, licensees in possession, or other persons liable therefor, pay over to the Temporary Receiver all rents, license fees and other charges now or hereafter becoming due, including any amounts due for use and occupancy; and that defendant Borrower be enjoined and restrained from collecting or transferring such rents and other charges and from interfering in any manner with the Mortgaged Property or its possession; and that all tenants, occupants, and licensees or other persons liable for the rents be enjoined from paying any rent or other charges for the Mortgaged Property or the use thereof to defendant Borrower its agents, servants, attorneys, representatives, or to anyone except the Temporary Receiver; and it is

FURTHER ORDERED, that any occupants, tenants, licensees in possession, ~~including~~ Borrower and the Borrower Affiliates, shall be enjoined ~~from~~ operating or using the Premises in any manner that violates ~~(i) any~~ contract terms concerning the permitted use of the Mortgaged ~~Property; (ii) zoning~~ regulations; or (iii) other applicable laws; and it is

FURTHER ORDERED, that, pursuant to the provisions of New York General Obligations Law Section 7-105, anyone holding any deposits or advances of rent as security under any lease or other agreement affecting space in or use of the Mortgaged Property shall turn such amounts over to the Temporary Receiver within five days after the Temporary Receiver shall have

6

qualified; that the Temporary Receiver shall hold such amounts in a separate savings account in a bank insured by the FDIC, pursuant to the terms and provisions of the lease agreements entered into by the tenants who made such deposits; that, within 30 days after receiving such rent security funds, the Temporary Receiver shall notify each of such tenants by certified mail that the respective security of each of the tenants so received is held by the Temporary Receiver in the place and stead of defendant Borrower, subject to their disposition as may be provided by order of this Court; and it is

**FURTHER ORDERED**, that anyone in possession or control of rents and revenues of the Mortgaged Property held as reserve funds, or otherwise for any purpose other than payment of the expenses of operating the Mortgaged Property, shall hold and retain such monies intact until the Temporary Receiver qualifies; that such funds shall be turned over in their entirety to the Temporary Receiver within five days following such qualification; that defendant Borrower is enjoined and restrained from interfering in any manner with those funds or their possession; and that the Temporary Receiver shall hold such funds subject to their disposition as may be provided by order of this Court; and it is

**FURTHER ORDERED**, that anyone in possession of rent lists, orders, unexpired and expired leases, agreements, correspondence, notices or registration statements, relating to rental space or facilities in the Mortgaged Property, and all records relating to the management of the Mortgaged Property, shall, if requested by the Temporary Receiver, turn them over to the Temporary Receiver; and it is

**FURTHER ORDERED**, that any persons now or hereafter in possession of all or part of the Mortgaged Property who do not so possess under valid and existing leases or tenancies surrender such possession to the Temporary Receiver, subject to emergency laws, if any; and it is

~~FURTHER ORDERED, that the Temporary Receiver is authorized to retain counsel to institute and carry out all legal proceedings necessary for the protection or recovery of the Mortgaged Property, including such proceedings as may be necessary to recover possession of the whole or any part of the Mortgaged Property, and to institute and prosecute suits necessary to protect and preserve the development rights encompassed in the ZLDA and for the collection of rents, profits or other amounts now due or hereafter to become due from the Mortgaged Property, including holdover rents now due or hereafter to become due, and to institute and prosecute proceedings for the removal of any tenant or other person therefrom; and it is~~

**FURTHER ORDERED**, that during the pendency of this action, Borrower and the Borrower Affiliates and their agents be, and they hereby are, enjoined and restrained from leasing, renting or collecting the rents or profits of the said Premises, and from interfering with the said Temporary Receiver or in any way with the Premises or the Mortgaged Property and its possession; and it is

**FURTHER ORDERED**, that said Temporary Receiver be, and hereby is, authorized to receive, and the defendant Borrower is directed to turn over to said Temporary Receiver, any and all records, service contracts, plans, filings, permits and agreements relating to the Mortgaged Property and any development rights associated therewith, including as set forth in the ZLDA, together with any and all monies held or received by the Borrower in connection with the Mortgaged Property during the period commencing with the date of this Order to and including the date upon which said Temporary Receiver files with the Clerk of this Court his bond as set forth below, except for those monies disbursed by said defendant during said period for the operation of the Mortgaged Property; and it is

**FURTHER ORDERED**, that said Temporary Receiver be, and hereby is, directed to retain the moneys which may come to his hands as such Temporary Receiver, except such monies as he is hereinbefore authorized to expend, and then, after deducting therefrom his disbursements and all other payments directed by the order of this Court, he retain the said monies in his hands until further order of this Court; and it is

~~**FURTHER ORDERED**, that the Temporary Receiver shall be and is entitled to commissions in the amount of five percent of the sums received by him, as provided in CPLR 8004, or, to the extent that no rents are generated, to be paid at his standard hourly rate; and it is~~

~~**FURTHER ORDERED** that the Temporary Receiver is authorized to retain a managing agent for the Mortgaged Property, provided that Lender shall have first approved the retention of such managing agent; and it is~~

~~**FURTHER ORDERED**, that the Temporary Receiver may apply to the Court on notice to Plaintiff's attorneys for permission to retain legal counsel to assist in the performance of any of the duties set forth in this Order, if deemed necessary, provided that Lender shall have first approved the retention of such counsel; and it is~~

**FURTHER ORDERED** that the Temporary Receiver shall (a) register with any municipal department as provided by applicable law; and (b) expend rents and income and profits as described in subdivision two of RPAPL 1325 except that a priority shall be given to the correction of immediately hazardous and hazardous violations of housing maintenance laws within the time set by orders of any municipal department, or, if not practicable, seek a postponement of the time for compliance; and it is

**FURTHER ORDERED**, that before entering upon his duties as such Temporary Receiver he execute to the People of the State of New York, and file with the Clerk of this Court, his oath

~~and a bond~~ Undertaking in the form prescribed by law, in the sum of $ ~0~ with a surety company as surety, for the faithful discharge of his duties as such Temporary Receiver; and it is

**FURTHER ORDERED**, that ~~in accordance with the provisions of Section 202.52 (a) and (b) of the Uniform Civil Rules for the Supreme Court and the County~~ Court, the Temporary Receiver shall promptly deposit all monies received by him in a checking account at (the in AN FDIC INSURED BANK "Depository"), such account to be in his name, as Temporary Receiver, and to show the name of the instant case; the Depository shall furnish monthly statements regarding such account to the Temporary Receiver and to plaintiff's counsel; and it is

**FURTHER ORDERED**, that a copy of this Order be served by overnight mail on all NAMED DEFENDANTS ~~parties appearing~~ in the action and by first class mail or hand delivery on all occupants of the premises; and it is

**FURTHER ORDERED**, that the Temporary Receiver shall continue as Temporary Receiver until further order of this Court; and it is

**FURTHER ORDERED**, that the appointee named as Temporary Receiver herein shall comply with the provisions of Section 35(a) of the Judiciary Law, Sections 6401-6405 of the Civil Practice Law and Rules, and Article 13 of the Real Property Actions and Proceeding Law.

Notwithstanding any other provision of this Order to the contrary, the Temporary Receiver shall not appoint an attorney, agent, appraiser, auctioneer or accountant without prior order of this Court.

Enter _____
A.J.S.C.
**HON. FRANCIS A. KAHN III**
**J.S.C.**