# EXHIBIT L

Declaration of Matthew Parrott

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MALAYAN BANKING BERHAD, NEW YORK BRANCH,
as Administrative agent for MALAYAN BANKING BERHAD,
LONDON BRANCH, INTESA SANPAOLO S.P.A., NEW
YORK BRANCH, WARBA BANK K.S.C.P., and 45 PARK
PLACE INVESTMENTS, LLC,

                         Plaintiff,

-against-

PARK PLACE DEVELOPMENT PRIMARY LLC, PARK
PLACE PARTNER DEVELOPMENT LLC, 45 PARK PLACE
PARTNERS LLC, SOHO PROPERTIES GENERAL PARTNER,
LLC, SHARIF EL-GAMAL, STATE OF NEW YORK CIVIL
RECOVERIES BUREAU, GILBANE RESIDENTIAL
CONSTRUCTION LLC, US CRANE & RIGGING LLC,
CONSTRUCTION REALTY SAFETY GROUP INC., TRADE
OFF PLUS, LLC, ALL-CITY METAL, INC., PERMASTEELISA
NORTH AMERICA CORP., TRANSCONTINENTAL STEEL
CORP., ISMAEL LEYVA ARCHITECT, P.C., PERI FORMWORK
SYSTEMS, INC., ULE GROUP CORP. D/B/A UNITED
LIGHTING ELECTRICALCORP., S&E BRIDGE & SCAFFOLD
LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, and JOHN DOES 1-100, the last one hundred names being
fictitious and unknown to plaintiff, the persons or parties intended
being the tenants, occupants, persons or corporations, if any, having
or claiming an interest in or lien upon the premises described in
the complaint,

Index #: 850083/2020

**ANSWER WITH
COUNTERCLAIM AND
CROSS-CLAIMS**

                         Defendants.
-----------------------------------------------------------------X
ISMAEL LEYVA ARCHITECT, P.C.,

                         Defendant and Cross-Claim/Counterclaim Plaintiff,

-against-

SOHO PROPERTIES INC.,

                         Additional Defendant on Cross-Claims

-----------------------------------------------------------------X

Defendant, ISMAEL LEYVA ARCHITECT, P.C. ("ILA"), by and through its attorneys, The Schutzer Group, PLLC, as and for an answer to the first amended complaint (the "Complaint") of MALAYAN BANKING BERHAD, NEW YORK BRANCH, as Administrative agent for MALAYAN BANKING BERHAD, LONDON BRANCH, INTESA SANPAOLO S.P.A., NEW YORK BRANCH, WARBA BANK K.S.C.P., and 45 PARK PLACE INVESTMENTS, LLC ("MBB" and "Plaintiff"), dated and filed July 14, 2020, respectfully alleges as follows:

1. ILA denies knowledge or information sufficient to form a belief as to all the allegations contained in Paragraphs Nos. 1 – 30 of the Complaint.

2. ILA admits the allegations contained in Paragraph No. 31 of the Complaint, except denies its mechanic's lien is subordinate.

3. ILA denies knowledge or information sufficient to form a belief as to all the allegations contained in Paragraphs Nos. 32 – 171 of the Complaint.

4. ILA admits the allegations contained in Paragraph No. 172 of the Complaint

5. ILA denies knowledge or information sufficient to form a belief as to all the allegations contained in Paragraphs Nos. 173 – 243 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. The Complaint fails to state a cause of action upon which relief may be granted and therefore it must be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. Plaintiff's lien and the liens of co-defendants herein are all subordinate to and inferior to ILA's mechanic's lien.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Plaintiff's lacks standing to bring this action and/or the capacity to maintain this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the Statute of Limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the Doctrine of Latches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred by the Doctrine of Release and Waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the Doctrine of Estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. Defendant reserves the right to amend this Answer to assert additional affirmative defenses as discovery progresses in this litigation.

## CROSS-CLAIMS OF ILA

15. At all times herein, ILA was and is a New York domestic professional corporation, duly registered to do business in the State of New York, with a principal place of business located at 48 West 37th Street, New York, New York and is a registered architectural firm duly licensed to provide architectural services in the State of New York under license # 033196.

16. Upon information and belief, additional defendant on cross-claims Soho Properties Inc. ("Soho Properties") was and is a New York corporation having an address at 31 West 27th Street, 9th Floor, New York, New York 10001.

### AS AND FOR A FIRST COUNTERCLAIM AND CROSS-CLAIM
(Foreclosure of Mechanic's Lien)

17. At all relevant times Defendant Park Place Development Primary LLC (the "Owner"), was and still is the fee owner of the real property known as 43-51 Park Place, in the County, City and State of New York [identified on the Tax Map of the County of New York as Block: 126, Lot: 8] (the "Premises").

18. Upon information and belief, at all times hereinafter mentioned, Soho Properties was acting as the Owner's authorized agent relating to a project for the improvement of the Premises (the "Project").

19. On or about April 1, 2018, ILA entered into a written agreement with Soho as agent for the Owner (the "Contract"), whereby ILA agreed to furnish and provide architectural services relating to the Project in exchange for timely payment from Soho and/or the Owner.

20. On and about and between April 1, 2018 and November 30, 2019 at the request of Soho on behalf and with the consent of the Owner, ILA provided professional architectural services at the Premises relating to the Contract, (collectively, the "Work"), at a total reasonable value including applicable sales tax in the sum of $2,106,425.00.

21. The Work was performed and furnished for the improvement of the real property, and was furnished for and was actually applied in and about the construction of the building or buildings erected on the Premises at the request of, with the knowledge of and consent of the Owner.

22. ILA has performed all of its obligations under the agreement of the parties.

Despite due demand, Soho and the Owner has failed to pay ILA in full for the Work, leaving an unpaid balance of $93,571.40.

23. On or about May 22, 2020, within eight (8) months after the date of furnishing the last item of material and/or the performance of the last item of labor, ILA filed in the Office of the Clerk of the County of New York, notice of mechanic's lien, a copy of which is annexed hereto, and marked Exhibit A. The lien was entered and docketed in the New York County Clerk's office.

24. On or about June 15, 2020, a copy of the notice of lien was served upon the Owner and Soho and on or about June 16, 2020, ILA timely filed an Affidavit of Service in the office of the Clerk of the County of New York, State of New York.

25. ILA's mechanic's lien has not been paid, cancelled or discharged, and no other action or proceeding at law or in equity has been brought by ILA for the foreclosure of the mechanic's lien, or for the recovery of the monies thereby secured.

26. As a result thereof, there is now due and owing to ILA upon the mechanic's lien the sum of $93,571.40, no part of which has been paid by Soho or the Owner.

27. ILA has not been paid the amount of its lien claims to which it is entitled and is entitled to any and all remedies provided by the New York Lien Law including, but not limited to, the right to foreclose upon said lien claim and to sell the property so liened.

28. Upon information and belief, Plaintiff and each of the defendants hereinabove named have or claim to have an interest, claim, and/or lien upon the Premises, and are therefore necessary parties to this action.

29. By reason of the foregoing, the Owner is liable to ILA for the Lien amount of $93,571.40, plus interest, costs, and disbursements.

30. By reason of the foregoing, Soho and the Owner are liable to ILA for any deficiency in the lien fund otherwise necessary to satisfy the Lien amount of $93,571.40, plus interest, costs, and disbursements.

### AS AND FOR A SECOND CROSS-CLAIM
**(Breach of Contract)**

31. ILA incorporates by reference the allegations contained in the above paragraphs.

32. ILA and the Owner through Soho entered into the Contract, wherein ILA agreed to perform and furnish the Work for the Project and whereby Soho and the Owner agreed to pay ILA the total sum of $2,106,425.00.

33. ILA duly performed all of the terms and conditions of the Contract, and the Contract was fully completed by ILA on or about November 30, 2019.

34. Despite due demand for payment in full, ILA has not been fully paid for the Work.

35. Accordingly, Soho and the Owner are in breach of the Contract and liable to ILA in the sum of $93,571.40 plus interest thereon from November 30, 2019, attorney's fees, and the costs of this action.

### AS AND FOR A THIRD CROSS-CLAIM
**(Action for Quantum Meruit)**

36. ILA incorporates by reference the allegations contained in the above paragraphs.

37. During the period from April 1, 2018 through November 30, 2019, ILA delivered professional services at the express and/or implied request of the Owner.

38. The aforesaid services are valued at $2,106,425.00.

39. ILA demanded payment of said sum and the Owner has refused to make payment on $93,571.40 of such amount.

40. Therefore, the Owner is liable to ILA in the amount of $93,571.40 with interest thereon from November 30, 2019 and the costs of this action.

### AS AND FOR A FOURTH CROSS-CLAIM
(Account Stated)

41. ILA incorporates by reference the allegations contained in the above paragraphs.

42. That heretofore, ILA rendered to Soho and the Owner, full and true accounts of the indebtedness owing by Soho and the Owner as a result of the above agreement, in an amount as hereinabove set forth which account statements were delivered to and accepted without objection by Owner resulting in an account stated for the amount set forth above.

43. As a result, Soho and the Owner are liable to ILA in the sum of $93,571.40 plus interest thereon from November 30, 2019.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Unjust Enrichment)

44. ILA incorporates by reference the allegations contained in the above paragraphs.

45. At the Owner's express and/or implied request and to the benefit of the Owner, ILA provided professional services for which the Owner failed to provide ILA with compensation.

46. The reasonable value of the unpaid services provided by ILA are $93,571.40.

47. As a result, the Owner was unjustly enriched in the amount of $93,571.40 at the expense of ILA.

48. By reason of the foregoing, ILA is entitled to judgment against the Owner for unjust enrichment in the sum of $93,571.40 with interest thereon from November 30, 2019 and the costs of this action

## AS A SIXTH CAUSE OF ACTION
### (Violation of General Business Law, Article 35E)

49. ILA incorporates by reference the allegations contained in the above paragraphs.

50. Upon information and belief, the Contract is intended to be covered by the New York State General Business Law, Article 35E ("the Prompt Payment Act"), which mandates that all owners, such as the Owner, must approve or disapprove all invoices within twelve days of receipt and must remit payment on all approved invoices within thirty days unless otherwise provided in the construction agreement(s).

51. Upon information and belief, the Contract did not supersede said terms of the Prompt Payment Act, and was not intended to do so.

52. Invoices demanding payment of 93,571.40 pursuant to the Contract were delivered to Soho and the Owner more than thirty days heretofore.

53. Soho and the Owner have failed and refused to timely process invoices within twelve days of their receipt, as required by the Prompt Payment Act.

54. Soho and the Owners have failed to timely and properly object to any invoice or payment application submitted to them by ILA in relation to the Work performed by ILA pursuant to the Contract and relating to the Project as required by the Prompt Payment Act.

55. Soho and the Owner have failed and refused to remit payment to ILA for the Work pursuant to the Contract within thirty days of having received an invoice, or anytime thereafter, in violation of the Prompt Payment Act.

56. As a result, Soho and the Owner have, as a matter of law, waived the right and ability to contest the Work performed by Plaintiff pursuant to the Contract and are therefore liable to ILA for the sum of $93,571.40 plus interest thereon from November 30, 2019 at the rate of one percent per month as mandated by New York General Business Law § 756-b, ILA's attorney's fees and the costs and disbursements of this action.

WHEREFORE, ILA respectfully requests this court for judgment that:

A. As to the first counterclaim and cross-claim:

1. The equities of all of the parties to this action and determining the validity, extent and priority of each and all of the liens and claims which may be presented and asserted herein.

2. ILA, by filing and causing the docketing of the mechanic's lien, acquired a good and valid lien upon the interest of the Owners, as owner, in the Premises of the sum of $93,571.40 with interest thereon from November 30, 2019, together with the costs of this action, including reasonable attorney fees.

3. Plaintiff and Defendants, each of them, and all persons claiming by, through or under them, or any of them be forever foreclosed of all equity and redemption or other lien, claim or interest in and to the Premises.

4. The Premises be sold, as provided by law, and that out of the proceeds of the sale, ILA be paid the amount of his lien, and interest, with the expenses of the sale and the cost of disbursements of this action; and ILA have judgment against Soho and the Owner for any deficiency which may then remain.

B. As to the second cross-claim against Soho and the Owner in the amount of $93,571.40 with interest thereon from November 30, 2019 and attorney's fees, together with the costs of this action;

C.   As to the third cross-claim against the Owner in the amount of $93,571.40 with interest thereon from November 30, 2019 the costs of this action;

D.   As to the fourth cross-claim against Soho and the Owner in the amount of $93,571.40 with interest thereon from November 30, 2019 and the costs of this action;

E.   As to the fifth cross-claim against the Owner in the amount of $93,571.40 with interest thereon from November 30, 2019 and the costs of this action;

F.   As to the sixth cross-claim against Soho and the Owner in the amount of $93,571.40 with interest thereon of 1% per month from November 30, 2019, attorney's fees and the costs of this action; and

G.   ILA to have such other, further or different relief as the Court may determine as just, proper and equitable in the circumstances.

Dated: New York, New York
       December 8, 2020

THE SCHUTZER GROUP, PLLC

_____
Eric P. Schutzer, Esq.
*Attorneys for Defendant Ismael Leyva Architect, P.C.*
*Office and Post Office Address:*
330 Seventh Avenue, 15th Floor
New York, NY 10001
(212) 714-0700 phone
(212) 714-0703 facsimile
ericschutzer@theschutzergroup.com email

## VERIFICATION

STATE of New York, County of New York ,ss:

The undersigned, being duly sworn, deposes and says: I am an officer of Plaintiff, which is a domestic professional corporation; I have read the foregoing answer with counterclaim and cross-claims, and the same is true to my knowledge, except for those matters alleged upon information and belief, and as to those matters, I believe it to be true; the grounds of my belief as to all matters stated upon my knowledge are the Plaintiff's records maintained in the regular course of business, it being within Plaintiff's regular course of business to maintain such records.

For
Ismael Leyva Architects P.C.

On the 8th day of December in the year 2020, before me, the undersigned personally appeared Ismael Leyva, FAIA . Personally know to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

Pablo M. Santiago
Notary Public - State of New York
No. 01SA6083750
Qualified in New York County
My Commission Expires: 12.28.22

# EXHIBIT A

# NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of New York and all others whom it may concern:

 ORIGINAL

**Please Take Notice,** that Ismael Leyva Architect, P.C.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are Ismael Leyva Architect, P.C.
48 West 37th Street
New York, NY 10018

being a Corporation Duly organized and existing under and by virtue of the laws of the State of New York

(2) The owner of the real property is Park Place Development Primary LLC
and the interest of the owner as far as known to the lienor(s) is Fee Simple

(3) The name of the party by whom the lienor(s) was (were) employed is:
Soho Properties Inc.

The name of the party to whom the lienor(s) furnished or is (are) to furnish materials or for whom the lienor(s) performed or is (are) to perform professional services is:
Soho Properties Inc.

(4) The labor performed was Architectural Services - NYS License # 033196

Block: 126   The material furnished   N/A

Lot: 8   The materials actually manufactured for but not delivered to the real property ar N/A

The agreed price and value of the labor performed is
The agreed price and value of the material furnished is
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is
The agreed fee for professional services is   $2,106,425.00

Total agreed price and value $2,106,425.00

(5) The amount unpaid to the lienor(s) for said labor performed is   $93,571.40
The amount unpaid to the lienor(s) for said material furnished is
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is

Total amount unpaid $93,571.40

The total amount claimed for which this lien is filed is   $93,571.40
(6) The time when the first item of work was performed was   4/1/2018
The time when the first item of material was furnished was   N/A
The time when the last item of work was performed was   11/30/2019
The time when the last item of material was furnished was   N/A

(7) The property subject to the lien is situated in New York, County of New York, State of New York
Known as: 43-51 Park Place
New York, NY

That said labor and materials were performed and furnished for and used, and that the professional services rendered were used, in the improvement of the real property hereinbefore described.

Dated April 7, 2020

Mark Nash, as Agent of
Ismael Leyva Architect, P.C.
**For Filing Purposes Only**

ORIGINAL

STATE OF NEW YORK, COUNTY OF                                              INDIVIDUAL OR PARTNER

being duly sworn, says that deponent is of the co-partnership named in the within notice of lien and the lienor(s) mentioned in the foregoing notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____

STATE OF NEW YORK, COUNTY OF   New York                                    CORPORATION

Mark Nash being duly sworn, says that deponent is the Agent of Ismael Leyva Architect, P.C. herein, that deponent has read the foregoing notice of lien and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the Agent of Ismael Leyva Architect, P.C. which is a Domestic corporation, and deponent is familiar with circumstances herein based upon information provided.

*[signature]*

Mark Nash, as Agent of
Ismael Leyva Architect, P.C.
For Filing Purposes Only

State of New York

County of Nassau

On the _7_ day of _April_ in the year _2020_, before me, the undersigned, a Notary Public in and for said State, personally appeared Mark Nash, Agent personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which individual acted, executed the instrument.

*[signature]*

Signature of Notary Public

Zachary Nash
Notary Public, State of New York
Registration # 01NA6304347
Qualified In Nassau County
Commission Expires May 27, 2022

# Mechanic's Lien

Claimant: Ismael Leyva Architect, P.C.

48 West 37th Street
New York, NY 10018
212-290-1444
Manish Chadha, Principal

Against:

Park Place Development Primary LLC
c/o Soho Properties -   9Fl
31 West 27th Street   Att: Sharif El-Gamal
New York, NY 10001

# Notice of Lien

Amount: $93,571.40

Premises known as:

43-51 Park Place
New York, NY

Block: 126
Lot: 8

2020 MAY 22 AM 9:06 FILED COUNTY CLERK