# EXHIBIT M

Declaration of Matthew Parrott

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
MALAYAN BANKING BERHAD, NEW YORK BRANCH, as Administrative Agent for MALAYAN BANKING BERHAD, LONDON BRANCH, INTESA SANPAOLO S.P.A., NEW YORK BRANCH, WARBA BANK K.S.C.P, and 45 PARK PLACE INVESTMENTS, LLC,

         Plaintiff,

 -against-

PARK PLACE DEVELOPMENT PRIMARY LLC, PARK PLACE PARTNERS DEVELOPMENT LLC, 45 PARK PLACE PARTNERS, LLC, SOHO PROPERTIES GENERAL PARTNER, LLC, SHARIF EL-GAMAL, STATE OF NEW YORK CIVIL RECOVERIES BUREAU, GILBRANE RESIDENTIAL CONSTRUCTION LLC, US CRANE & RIGGING LLC, CONSTRUCTION REALTY SAFETY GROUP INC., TRADE OFF PLUS, LLC, ALL-CITY METAL INC. PERMASTEELISA NORTH AMERICA CORP., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and JOHN DOES 1-100, the last one hundred names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

         Defendants.
------------------------------------------------------------------X

Index Number: 850083/2020

**VERIFIED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS TO FIRST AMENDED VERIFIED COMPLAINT**

Defendants CONSTRUCTION REALTY SAFETY GROUP INC, ("CR SAFETY") and TRADE OFF PLUS, LLC ("TRADE OFF"), by their attorney, LAW OFFICE OF ERIN M. MCGINNIS, PLLC, as and for their Verified Answer to Plaintiff's Complaint, state upon information and belief as follows:

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 25 of the First Amended Verified Complaint.

2. Admit the allegations in paragraph 26 of the First Amended Verified Complaint except the allegation that CR SAFETY's mechanic's lien accrued subsequent to and/or is subordinate to the liens of the Mortgages being foreclosed therein, which allegation CR SAFETY expressly denies and demands strict proof thereof.

3. Admit the allegations in paragraph 27 of the First Amended Verified Complaint except the allegation that TRADE OFF's mechanic's lien accrued subsequent to and/or is subordinate to the liens of the Mortgages being foreclosed therein, which allegation TRADE OFF expressly denies and demands strict proof thereof.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28 through 36 of the First Amended Verified Complaint.

5. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the First Amended Verified Complaint except admit that CR SAFETY and TRADE OFF performed construction work at real property which is the subject of this action and that CR SAFETY and TRADE OFF are subject to the personal jurisdiction of this Court.

6. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the First Amended Verified Complaint except admit that the real property which is the subject of this action is situated in New York County.

7. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 39 through 148 of the First Amended Verified Complaint.

8. Admit the allegations contained in paragraph 149 of the First Amended Verified Complaint.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 150 through 162 of the First Amended Verified Complaint.

10. Admit the allegations contained in paragraph 163 of the First Amended Verified Complaint.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 164 through 198 of the First Amended Verified Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

12. With respect to paragraph 199 of the First Amended Verified Complaint, CR SAFETY and TRADE OFF repeat and reallege the allegations contained in paragraph 1 through 11 hereof, with the same force and effect as though fully set forth at length herein.

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 200 through 202 of the First Amended Verified Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 203 through 205 of the First Amended Verified Complaint, except aver that CR SAFETY and TRADE OFF claim to have interests or liens upon the Mortgaged Property and deny that CR SAFETY and TRADE OFF's interests or liens are subordinate or inferior to the Lender's lien upon the Mortgaged Property.

15. Neither admit nor deny the allegations contained in paragraphs 206 through 209 of the First Amended Verified Complaint, as such allegations are legal contentions and reservations of rights that do not call for admission or denial.

16. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 210 and 211 of the First Amended Verified Complaint.

17. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of the First Amended Verified Complaint except admit that defendants CR SAFETY and TRADE OFF are not infants, absentees or incompetents and have not been proceeded against as such.

18. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 213 and 215 of the First Amended Verified Complaint.

19. Deny the allegation contained in paragraph 214 of the First Amended Verified Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

20. With respect to paragraph 216 of the First Amended Verified Complaint, CR SAFETY and TRADE OFF repeat and reallege the allegations contained in paragraph 1 through 11 and paragraphs 13 through 19 hereof, with the same force and effect as though fully set forth at length herein.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 217 and 220 of the First Amended Verified Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

22. With respect to paragraph 221 of the First Amended Verified Complaint, CR SAFETY and TRADE OFF repeat and reallege the allegations contained in paragraph 1 through 11,

paragraphs 13 through 19, and paragraph 21 hereof, with the same force and effect as though fully set forth at length herein.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 222 through 228 of the First Amended Verified Complaint.

24. Deny the allegation contained in paragraph 229 of the First Amended Verified Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

25. With respect to paragraph 230 of the First Amended Verified Complaint, CR SAFETY and TRADE OFF repeat and reallege the allegations contained in paragraph 1 through 11, paragraphs 13 through 19, paragraph 21, paragraph 23, and paragraph 24 hereof, with the same force and effect as though fully set forth at length herein.

26. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 231 through 243 of the First Amended Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. Plaintiff's claim as against CR SAFETY and TRADE OFF are barred by Plaintiff's failure to comply with the New York Lien Law such that any interest or lien of Plaintiff in the Mortgaged Property is subordinate, junior, and inferior to the interest of CR SAFETY and TRADE OFF.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. CR SAFETY and TRADE OFF have valid interests and liens against the Mortgaged Property, which liens and interests are superior to the alleged liens or interests of Plaintiff and the other named Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the applicable Statutes of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. CR SAFETY and TRADE OFF incorporate their claims asserted below, whether cross-claims or counterclaims, to the extend they provide affirmative defenses to any of the claims asserted by Plaintiff in its First Amended Verified Complaint.

### RESERVATION OF RIGHTS

37. CR SAFETY and TRADE OFF hereby reserve the right to amend their Answer to add, delete, and/or modify its content based on legal theories, facts, and circumstances that may

or will be divulged through discovery and/or further legal analysis of CR SAFETY and TRADE OFF's positions in this litigation.

### AS AND FOR A COUNTERCLAIM AND FIRST CROSS-CLAIM
(Mechanic's Lien Foreclosure – Plaintiffs and Co-Defendants)

38. Upon information and belief, GILBANE RESIDENTIAL CONSTRUCTION LLC (hereinafter, "GILBANE") was and is a foreign limited liability company with a New York business address at 88 Pine Street, New York, New York 10005.

39. Upon information and belief, PARK PLACE PARTNERS DEVELOPMENT LLC was and is a foreign limited liability company with a New York business address at 31 West 27th Street, New York, New York 10001.

40. Upon information and belief, PARK PLACE DEVELOPMENT PRIMARY LLC was and is a foreign limited liability company with a New York business address at 31 West 27th Street, New York, New York 10001.

41. At all relevant times hereto, PARK PLACE PARTNERS DEVELOPMENT LLC and PARK PLACE DEVELOPMENT PRIMARY LLC (hereinafter, collectively "PARK PLACE") were, and still are, the owners of the fee interest in theh real property located at 45 Park Place, New York, New York 10007, Block: 126, Lot: 8 (the "Premises).

42. Upon information and belief, GILBANE entered into a contract with PARK PLACE for construction and/or improvements to the Premises.

43. CR SAFETY entered into a contract with GILBANE whereby CR SAFETY agreed to provide site safety engineering and supervision of plan for means and methods of construction operations, concrete formwork, firestopping, concrete pumping operations, installation fo guardrail/handrail systems, ingress/egress, and use of machinery related to

the construction and/or improvement of the Premises in exchange for timely payment from GILBANE.

44. TRADE OFF entered into a contract with GILBANE whereby TRADE OFF agreed to provide safety protection carpentry services related to the construction and/or improvement of the Premises in exchange for timely payment from GILBANE.

45. The labor and services required of CR SAFETY and TRADE OFF under their respective agreements with defendant GILBANE were actually rendered, fully performed, fully furnished and accepted as satisfactory, and said work was rendered with the express knowledge and consent and/or at the request of PARK PLACE.

46. Despite CR SAFETY and TRADE OFF's complete performance, GILBANE and PARK PLACE have failed and refused to pay the balance due and owing on the respective agreements.

47. Within eight (8) months of the last day CR SAFETY and TRADE OFF provided services to the Premises, CR SAFETY and TRADE OFF each filed a Notice of Mechanic's Lien with the office of the Clerk of the County of New York, State of New York against the Premises. True and correct copies are annexed hereto as **Exhibit A**.

48. The Liens comply in all respects with the applicable requirements set forth in the New York Lien Law.

49. The Liens have not been waived or paid, in whole or in part, and no proceeding in equity or law has been brought to recover any portion of the liens upon which this claim is, leaving the balances due and owing CR SAFETY and TRADE OFF.

50. Upon information and belief, CR SAFETY and TRADE OFF are entitled to any and all remedies provided by the New York Lien Law, including but not limited to the right to foreclose upon said lien claim and to sell the property so liened.

51. Upon information and belief, CR SAFETY, TRADE OFF, and each of the defendants hereinabove named have or claim to have an interest, claim, and/or lien upon the Premises, and are therefore necessary parties to this action.

52. By reason of the foregoing, GILBANE and PARK PLACE are liable to CR SAFETY and TRADE OFF for the lien amounts, plus interest, costs, and disbursements.

## AS AND FOR A SECOND CROSS-CLAIM
(Breach of Contract – Gilbane)

53. CR SAFETY and TRADE OFF repeat and reallege each and every allegation set forth above as if set forth at length herein.

54. CR SAFETY entered into a contract with GILBANE whereby CR SAFETY agreed to provide site safety engineering and supervision of plan for means and methods of construction operations, concrete formwork, firestopping, concrete pumping operations, installation fo guardrail/handrail systems, ingress/egress, and use of machinery related to the construction and/or improvement of the Premises in exchange for timely payment from GILBANE.

55. TRADE OFF entered into a contract with GILBANE whereby TRADE OFF agreed to provide safety protection carpentry services related to the construction and/or improvement of the Premises in exchange for timely payment from GILBANE.

56. CR SAFETY and TRADE OFF fully and completely performed their contractual obligations by furnishing services in accordance with their contracts with GILBANE and as directed by GILBANE.

57. Notwithstanding its contractual obligations, and despite due demands, GILBANE has failed and refused to pay CR SAFETY and TRADE OFF for undisputed services furnished and provided to GILBANE at the Premises.

58. GILBANE materially breached its contracts with CR SAFETY and TRADE OFF by failing to pay CR SAFETY and TRADE OFF for the services furnished and provided by CR SAFETY and TRADE OFF, as well as for such other actions and inactions as discovery may reveal.

59. As a direct and proximate result of GILBANE's material breach of the contracts, CR SAFETY and TRADE OFF have suffered, and will continue to suffer, damages in excess of the unpaid balance, exclusive of interest which continued to accrue.

60. By reason of the foregoing, GILBANE is liable to CR SAFETY and TRADE OFF for damges in the amount of the unpaid balance, plus interest, costs, and disbursements.

**AS AND FOR A THIRD CROSS-CLAIM**
(Account Stated – Gilbane)

61. CR SAFETY and TRADE OFF repeat and reallege each and every allegation set forth above as if set forth at length herein.

62. During the course of CR SAFETY and TRADE OFF's provison of services at and for the Premises, CR SAFETY and TRADE OFF submitted statements of account to GILBANE ona regular and timely basis.

63. GILBANE accepted and retained CR SAFETY and TRADE OFF' statements without objection.

64. CR SAFETY and TRADE OFF's statements evidence balances due and owing to each from GILBANE.

65. As a direct and proximate result of GILBANE's failure to pay CR SAFETY and TRADE OFF under the statements of account, CR SAFETY and TRADE OFF have been damaged in the sum of the balances, exclusive of interest which continues to accrue.

66. By reason of the foreogin, GILBANE is liable to CR SAFETY and TRADE OFF for damages in the amount of the balances, plus interest, costs, and disbursements.

**WHEREFORE**, CR SAFETY and TRADE OFF demand judgment as follows:

 i. On Plaintiff's Causes of Action, in favor of CR SAFETY and TRADE OFF and against Plaintiff, with costs, disbursements, and such other and further relief as the Court may deem just and proper.

 ii. On CR SAFETY and TRADE OFF's Counterclaim and First Cross-Claim, that

   a. CR SAFETY and TRADE OFF are entitled to liens under New York Lien Law;

   b. The liens filed by CR SAFETY and TRADE OFF are valid and enforceable liens on the real property located at 45 Park Place, New York, New York 10007, Block 126, Lot 8;

   c. CR SAFETY and TRADE OFF are entitled to foreclosure upon the property which is the subject of the liens;

   d. The premises herein be sold in accordance with the law, rules and practice of this Court and out of the proceeds of the sale CR SAFETY, TRADE OFF, and other valid mechanic's lienors be paid the amount of their respective liens in proportion to such liens; and

   e. In the event of a deficiency in the subject lien fund, that CR SAFETY and TRADE OFF recover the same against GILBANE.

    iii.    On CR SAFETY and TRADE OFF's Second Cross-Claim, against GILBANE in the amount of the outstanding balances, together with interest, costs, disbursements, and attorneys' fees.

    iv.    On CR SAFETY and TRADE OFF's Third Cross-Claim, against GILBANE in the amount of the outstanding balances, together with interest, costs, disbursements, and attorneys' fees.

    v.    On all claims, counterclaims, and cross-claims, such other and further relief in favor of CR SAFETY and TRADE OFF as this Court deems just, proper and equitable, including, but not limited to, interest, costs, disbursements, and reasonable attorneys' fees.

Dated: New York, New York
December 9, 2020

LAW OFFICE OF ERIN M. MCGINNIS, PLLC

By: _____
Mel DeCandia, Esq.
*Attorney for Defendants*
CONSTRUCTION REALTY SAFETY
GROUP INC. and TRADE OFF PLUS, LLC
248 West 35th Street, 8th Floor
New York, New York 10001
(646) 868-2425

# VERIFICATION

STATE OF NEW YORK  )
COUNTY OF NEW YORK  ) ss.:

Matthew R. Caruso, being duly sworn, deposes and says:

I am the President of CONSTRUCTION REALTY SAFETY GROUP INC., the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
Matthew R. Caruso

Sworn to before me this
9 day of December 2020

_____
Notary Public

MELISSA DECANDIA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02DE6410025
Qualified in New York County
Commission Expires    October 13, 2024

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

Ronald Lattanzio, being duly sworn, deposes and says:

I am the President of TRADE OFF PLUS, LLC, the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
Ronald Lattanzio

Sworn to before me this
9 day of December 2020

_____
Notary Public

MELISSA DECANDIA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02DE6410025
Qualified in New York County
Commission Expires    October 13, 2024