ORIGINAL

FILED

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

2001 APR -4  PM 6: 23

US B...........  COURT
DIST ...... OF ...... ARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: April 18, 2001 at 4:00 p.m.** |
| | ) | **Hearing Date:  TBD if necessary** |

### NOTICE OF APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C. <u>AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION</u>

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On April 2, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the *Application for Order Under Section 327(a) of the*

*Bankruptcy Code Authorizing the Employment and Retention of Pachulski, Stang, Ziehl, Young*

*& Jones P.C. as Co-Counsel for the Debtors and Debtors in Possession* (the "Application") with

the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington,

Delaware  19801 (the "Bankruptcy Court"), seeking the retention of Pachulski, Stang, Ziehl,

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

68700-001\DOCS_DE:19958.1
04/03/01 3:29 PM

Young & Jones P.C. as their bankruptcy co-counsel. A true and correct copy of the Application is attached hereto as Exhibit A.

Objections and other responses to the relief requested in the Application, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on April 18, 2001.

Objections or other responses to the Application, if any, must also be served so that they are received not later than April 18, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois  60601, and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Richard L. Schepacarter, Esquire, Curtis Center, Suite 950 West, 601 Walnut Street, Philadelphia, Pennsylvania  19106 (fax number 215-597-5795); and (iii) counsel to the Official Committee of Unsecured Creditors (if any).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE APPLICATION

WILL BE HELD BEFORE THE HONORABLE RANDALL J. NEWSOME, UNITED STATES

BANKRUPTCY JUDGE, AT THE BANKRUPTCY COURT'S EARLIEST CONVENIENCE.

Dated: April 3, 2001   KIRKLAND & ELLIS
       James H.M. Sprayregen
       James W. Kapp III
       Samuel A. Schwartz
       Roger J. Higgins
       200 East Randolph Drive
       Chicago, Illinois 60601
       (312) 861-2000

       and

       PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

       Laura Davis Jones (Bar No. 2436)
       Hamid R. Rafatjoo (CA Bar No. 181564)
       David W. Carickhoff, Jr. (Bar No. 3715)
       919 North Market Street, 16th Floor
       P.O. Box 8705
       Wilmington, DE 19899-8705 (Courier 19801)
       Telephone: (302) 652-4100
       Facsimile: (302) 652-4400

       Proposed Co-Counsel for the Debtors and
       Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                              )       Chapter 11
                                                    )
W. R. GRACE & CO., et al.,[1]                       )       Case No. 01-____ (___)
                                                    )       Jointly Administered
                Debtors.                            )

## APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C. AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

The above-captioned debtors and debtors in possession (the "Debtors") hereby

apply to the Court (the "Application") for entry of an Order authorizing the retention of

Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZYJ") as their co-counsel. In support hereof,

the Debtors respectfully represent as follows:

### Introduction

1.      On the date hereof (the "Petition Date"), the Debtors filed their voluntary

petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases"). Contemporaneously herewith, the Debtors filed a motion to consolidate, for

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

administrative purposes only, the Chapter 11 Cases. Pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code, the Debtors continue to operate their businesses and manage their

properties as debtors in possession.

## Summary of Operations

2.     The Debtors engage in specialty chemicals and materials businesses,

operating on a worldwide basis, with their corporate headquarters located in Columbia,

Maryland. The Debtors predominately operate through two business units - Davison Chemicals

and Performance Chemicals. The Debtors' parent company, W. R. Grace & Co. ("Grace"), is a

global holding company that conducts substantially all of its business through a direct, wholly

owned subsidiary  W. R. Grace & Co. - Conn. ("Grace-Conn"). Grace-Conn owns substantially

all of the assets, properties and rights of Grace in the United States and has 76 domestic

subsidiaries and affiliates, 60 of which are debtors and debtors in possession in the Chapter 11

Cases. A further description of the Debtors, their businesses and their need for relief under

chapter 11 of the Bankruptcy Code can be found in the Affidavit of David B. Siegel, Senior Vice

President and General Counsel of W. R. Grace & Co., in Support of First Day Motions, filed

contemporaneously herewith.

## Jurisdiction

3.     The Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C.

§  157(b)(2)(A) and (O). Venue of this proceeding and this Application is proper in this district

2

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is

section 327(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a).

## Relief Requested

4.     By this Application, the Debtors seek to employ and retain PSZYJ as their

bankruptcy co-counsel in these chapter 11 proceedings. Accordingly, the Debtors respectfully

request the entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing them

to employ and retain the firm of PSZYJ as their attorneys under a general retainer to perform the

legal services that will be necessary during their chapter 11 cases. Concurrently herewith, the

Debtors have filed an application seeking to employ Kirkland & Ellis ("K&E") as their

bankruptcy co-counsel in these chapter 11 proceedings. PSZYJ and K&E will coordinate their

efforts to avoid duplication of the services to be provided to the Debtors by their respective firms.

5.     The Debtors seek to retain PSZYJ as their attorneys because of PSZYJ's

extensive experience and knowledge in the field of debtors' and creditors' rights and business

reorganizations under chapter 11 of the Bankruptcy Code and because of the firm's expertise,

experience, and knowledge practicing before this Court. In preparing for its representation of the

Debtors in these cases, PSZYJ has become familiar with the Debtors' businesses and financial

affairs and many of the potential legal issues which may arise in the context of these proceedings.

6.     Subject to Court approval in accordance with section 330(a) of the

Bankruptcy Code, compensation will be payable to PSZYJ on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by PSZYJ. The

3

principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a) | Laura Davis Jones | $455.00 per hour |
| b) | Hamid R. Rafatjoo | $295.00 per hour |
| c) | David W. Carickhoff, Jr. | $245.00 per hour |
| d) | Peter J. Duhig | $195.00 per hour |
| e) | Kathe Finlayson | $120.00 per hour |
| f) | Pamela A. McGuiork | $115.00 per hour |
| g) | Cheryl Knotts | $105.00 per hour |

7.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

8.    The hourly rates set forth above are PSZYJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZYJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZYJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZYJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZYJ will charge the Debtors for these expenses in a manner and at rates

4

consistent with charges made generally to PSZYJ's other clients. PSZYJ believes that it is more

fair to charge these expenses to the clients incurring them than to increase the hourly rates and

spread the expenses among all clients.

9.      The professional services that PSZYJ will render to the Debtors include,

but shall not be limited to, the following:

a)      to provide legal advice with respect to their powers and duties as debtors in possession in the operation and reorganization of their businesses and their properties;

b)      to prepare and pursue confirmation of a reorganization plan and approval of a disclosure statement;

c)      to prepare on behalf of the Debtors necessary applications, motions, answers, orders, reports and other legal papers;

d)      to appear in Court and to protect the interests of the Debtors before the Court; and

e)      to perform all other legal services for the Debtors which may be necessary and proper in these proceedings.

10.     To the best of the Debtors' knowledge, and except as disclosed in the

annexed affidavit of Laura Davis Jones, Esquire (the "Jones Affidavit"), PSZYJ has not

represented the Debtors, their creditors, equity security holders, or any other parties in interest, or

their respective attorneys, in any matter relating to the Debtors or their estates.

11.     To the best of the Debtors' knowledge and except as otherwise disclosed

in the Jones Affidavit, PSZYJ does not hold or represent any interest adverse to the Debtors'

estates, PSZYJ is a "disinterested person" as that phrase is defined in section 101(14) of the

Bankruptcy Code, and PSZYJ's employment is necessary and in the best interests of the Debtors

and their estates.

12.     Prior to the Petition Date, PSZYJ received $150,000.00 plus filing fees in the amount of $51,460.00 (62 petitions @ $830.00 filing fee = $51,460.00) for services rendered to the Debtors preceding the Petition Date and to be rendered in connection with its proposed post-petition representation of the Debtors.  PSZYJ is not a creditor of the Debtors as of the Petition Date.

## Notice

13.     No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.  Notice of this Application has been given to: (i) the U.S. Trustee and (ii) counsel to the proposed debtor in possession lender.

14.     In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

15.     No previous application for the relief sought herein has been made to this Court or any other court.

6

WHEREFORE, the Debtors request entry of an Order substantially in the form

attached hereto, authorizing the Debtors to employ and retain the PSZYJ as co-counsel, and

granting such other and further relief as is just and proper.

Dated: April 2, 2001

> W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

By: _____

David B. Siegel, Senior Vice President and General Counsel

7

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                          )       Chapter 11
                                                )
W. R. GRACE & CO., et al.,[1]                   )       Case No. 01-____ (____)
                                                )       Jointly Administered
              Debtors.                          )

## AFFIDAVIT OF LAURA DAVIS JONES

State of Delaware          )
                           ) ss
County of New Castle       )

LAURA DAVIS JONES, ESQUIRE, being duly sworn, deposes and says:

1.     I am a shareholder in the firm of Pachulski, Stang, Ziehl, Young & Jones

P.C. ("PSZYJ" or the "Firm"), located at 919 North Market Street, 16th Floor, Wilmington,

Delaware 19801, and have been duly admitted to practice law in the State of Delaware, the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

United States District Court for the District of Delaware, the United States Court of Appeals for

the Third Circuit, and the Supreme Court of the United States. This Affidavit is submitted in

support of the Application For Order Under Section 327(a) Of The Bankruptcy Code Authorizing

The Employment And Retention Of Pachulski, Stang, Ziehl, Young & Jones P.C. As Co-Counsel

For The Debtors And Debtors In Possession (the "Application").

        2.     Neither I, the Firm, nor any shareholder, counsel or associate thereof,

insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the

"Debtors"), their creditors or any other parties in interest herein, or their respective attorneys

except as set forth below:

        3.     Until December 31, 1999, I was a partner at the law firm of Young

Conaway Stargatt & Taylor, LLP ("Young Conaway"). Young Conaway had a broad client list

and may, at some time, have represented one or more creditors of or parties interested in the

Debtor's bankruptcy estate. I am not aware of any such representation. However, I do not

currently have access to Young Conaway's client or conflict databases. Accordingly, it is

possible that Young Conaway may have represented a party with interests adverse to the Debtor's

bankruptcy estate while I was a partner at Young Conaway, and that such representation is not

known to me or specifically disclosed herein. If, upon access to Young Conaway's client and

conflict databases, I discover that such an adverse representation exists, I will disclose such

representation to the Court and all parties receiving copies of this Affidavit in a supplementary affidavit.

4.     This Firm and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these chapter 11 cases. At this time, PSZYJ is not aware of such representations other than as disclosed herein. The Firm will be in a position to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

5.     The Firm currently represents the National Association of Attorneys General ("NAAG"), which is an association of attorneys general from the various states and territories, including having prepared a report regarding the ramification of a bankruptcy filing by any of the tobacco companies, and continues to advise NAAG regarding any potential tobacco company bankruptcy filings. To the best of my knowledge, the Debtors and NAAG are not adverse to each other in any litigation relating to asbestos (or, for that matter, any other litigation). Although an individual state whose attorney general is a member of NAAG will have claims against the tobacco companies, NAAG as an organization will not be asserting a claim against the tobacco companies. If, for example, a tobacco company files for bankruptcy and the Debtors file a claim in that case, NAAG may request that the Firm analyze the nature and validity

3

of such a claim. In that event, the Firm will seek other counsel to handle the claim for the

Debtors and the analysis of such a claim for NAAG.

      6.     PSZYJ is a "disinterested person" as that term is defined in section

101(14) of the Bankruptcy Code in that the Firm, its shareholders, counsel and associates:

      a)     are not creditors, equity security holders or insiders of the Debtors;

      b)     are not and were not investment bankers for any outstanding security of the Debtors;

      c)     have not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

      d)     are not and were not within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

      7.     Prior to the Petition Date, PSZYJ received $150,000.00 plus filing fees in

the amount of $51,460.00 (62 petitions @ $830.00 filing fee = $51,460.00) for services rendered

to the Debtors preceding the Petition Date and to be rendered in connection with its proposed

post-petition representation of the Debtors. PSZYJ is not a creditor of the Debtors as of the

Petition Date.

      8.     The Firm intends to apply for compensation for professional services

rendered in connection with these chapter 11 cases subject to approval of this Court and

compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by the Firm. The

4

principal attorneys and paralegals designated to represent the Debtors and their current standard

hourly rates are:

| | | |
|---|---|---|
| a) | Laura Davis Jones | $455.00 per hour |
| b) | Hamid R. Rafatjoo | $295.00 per hour |
| c) | David W. Carickhoff, Jr. | $245.00 per hour |
| d) | Peter J. Duhig | $195.00 per hour |
| e) | Kathe Finlayson | $120.00 per hour |
| f) | Pamela A. McGuiork | $115.00 per hour |
| g) | Cheryl Knotts | $105.00 per hour |

9.     The hourly rates set forth above are subject to periodic adjustments to

reflect economic and other conditions.  Other attorneys and paralegals may from time to time

serve the Debtors in connection with the matters herein described.

10.     The hourly rates set forth above are the Firm's standard hourly rates for

work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the

work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the

Firm's policy to charge its clients in all areas of practice for all other expenses incurred in

connection with the client's case.  The expenses charged to clients include, among other things,

telephone and telecopier toll and other charges, mail and express mail charges, special or hand

delivery charges, document retrieval, photocopying charges, charges for mailing supplies

(including, without limitation, envelopes and labels) provided by the Firm to outside copying

services for use in mass mailings, travel expenses, expenses for "working meals," computerized

research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and

5

other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

11.     No promises have been received by the Firm or by any shareholder, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the shareholders, of counsel and associates of the Firm.

Dated: April 1, 2001

LAURA DAVIS JONES

SWORN TO AND SUBSCRIBED before
me this ___ day of April, 2001.

Notary Public

My Commission Expires: 03-21-02

6

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-____ (____) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## STATEMENT UNDER RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE

Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZYJ"), pursuant to Federal Rule

of Bankruptcy Procedure 2016 (the "Bankruptcy Rules") and section 329 of chapter 11 of title 11

of the United States Code (the "Bankruptcy Code"), states that the undersigned is co-counsel for

the above-captioned debtors and debtors in possessions (the "Debtors") in these chapter 11 cases.

1.    Compensation agreed to be paid by the Debtors to PSZYJ is for legal

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

services to be rendered in connection with these cases. The Debtors have agreed to pay PSZYJ

for the legal services rendered or to be rendered by its various attorneys and paralegals in

connection with these cases on the Debtors' behalf. The Debtors also have agreed to reimburse

PSZYJ for its actual and necessary expenses incurred in connection with these cases.

2.      Prior to the Petition Date, PSZYJ received $150,000.00 plus filing fees in

the amount of $51,460.00 (62 petitions @ $830.00 filing fee = $51,460.00) for services rendered

to the Debtors preceding the Petition Date and to be rendered in connection with its proposed

post-petition representation of the Debtors. PSZYJ is not a creditor of the Debtors as of the

Petition Date.

3.      PSZYJ will seek approval of payment of compensation upon the filing of

appropriate applications for allowance of interim or final compensation pursuant to sections 330

and 331 of the Bankruptcy Code, the Bankruptcy Rules, this Court's Local Rules, and Orders of

this Court.

4.      The services to be rendered include all those services set forth in the

Application for Order Under Section 327(a) of the Bankruptcy Code Authorizing the

Employment and Retention Of Pachulski, Stang, Ziehl, Young & Jones P.C. as Co-Counsel for

the Debtors and Debtors in Possession.

5.      PSZYJ further states that it has not shared, nor agreed to share (a) any

compensation it has received or may receive with another party or person, other than with the

shareholders, counsel and associates of PSZYJ, or (b) any compensation another person or party

has received or may receive.

Dated: April __1__, 2001

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Proposed Co-Counsel for Debtors and Debtors in Possession

68700-001DOCS_DE :19768.1

3



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                    )      Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )      Case No. 01-____ (____)
                                          )      Jointly Administered
                    Debtors.              )

## ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C. <u>AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION</u>

Upon the application (the "Application") of the debtors and debtors in possession

in the above-captioned chapter 11 cases (the "Debtors") for an order pursuant to section 327(a) of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules

of Bankruptcy Procedure authorizing the Debtors to employ and retain the law firm of Pachulski,

Stang, Ziehl, Young & Jones P.C. ("PSZYJ" or "the Firm") as its bankruptcy co-counsel, and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

upon the affidavit of Laura Davis Jones, Esquire, a shareholder of the Firm, in support thereof

(the "Jones Affidavit"); and the Court being satisfied based on the representations made in the

Application and in the Jones Affidavit that said attorneys represent no interest adverse to the

Debtors' estates with respect to the matters upon which they are to be engaged, that they are

disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and

would be in the best interests of the Debtors' estates; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that, in accordance with section 327(a) of the Bankruptcy Code, the

Debtors are authorized to employ and retain the Firm as co-counsel on the terms set forth in the

Application and the Affidavit; and it is further

ORDERED that the Firm shall be entitled to allowance of compensation and

reimbursement of expenses, upon the filing and approval of interim and final applications

pursuant to the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such

other orders as the Court may direct.

Dated: _____, 2001

_____

Judge

2