ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

FILED
2001 APR -4  PM 6: 20

| In re: | ) | Chapter 11 |
|---|---|---|
| W. R. GRACE & CO., et al.,[1] | ) ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### AFFIDAVIT OF SERVICE

| STATE OF DELAWARE | ) |
|---|---|
| | )SS |
| COUNTY OF NEW CASTLE | ) |

Lois Hyland, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C., co-counsel for the Debtors, in the above-captioned action, and that on the 4th day of April, 2001 she caused a copy of the following document(s) to be served upon the attached service list(s) in the manner indicated:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:20091.23
04/03/01

**ORDER GRANTING DEBTORS AUTHORITY FOR THE PROVISIONAL PAYMENT OF PREPETITION CLAIMS OF DOMESTIC ESSENTIAL TRADE CREDITORS AND TO PAY OR HONOR PREPETITION OBLIGATIONS TO FOREIGN VENDORS**

Dated: April 4, 2001

_____
Lois Hyland

Sworn to and subscribed before
me this 4th day of April, 2001
_____
Notary Public
My Commission Expires: 02/11/05

DUPLICATE ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(___) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## ORDER GRANTING DEBTORS AUTHORITY FOR THE PROVISIONAL PAYMENT OF PREPETITION CLAIMS OF DOMESTIC ESSENTIAL TRADE CREDITORS AND TO PAY OR HONOR PREPETITION OBLIGATIONS TO FOREIGN VENDORS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order granting (i) authority, but not

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

direction, to pay prepetition claims of domestic essential trade creditors, (ii) authority, but not direction, to the Debtors to pay or honor prepetition obligations to foreign vendors and (iii) authority and direction to banks to honor, unless otherwise directed by the Debtors, any and all checks drawn by the Debtors to pay prepetition obligations to foreign vendors; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and sufficient notice of the motion having been given under the circumstances; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is ~~granted; and it is further~~ denied; but however it is

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay the prepetition Trade Claims of ~~Essential~~ Trade Creditors upon such terms and in the manner provided in this Order; and it is further

ORDERED that the Debtors payment of Trade Claims owed to ~~Essential~~ Trade Creditors shall not exceed, in the aggregate, ~~$4,500,000~~ $34,300,000 unless otherwise ordered by the Court; and it is further

~~ORDERED that after the date hereof, the Debtors shall determine who is an Essential Trade Creditor by considering, among other things, (a) whether the goods or services the creditor~~

2

provides can be replaced, (b) whether ~~failure to pay the creditor's prepetition Trade Claims will require the Debtors to incur higher costs~~ for goods or ~~services~~ postpetition, and (c) whether failure to pay the creditor's prepetition Trade Claims will cause the ~~Debtors to lose sales or future revenue; and it is further~~

~~ORDERED that the Debtors shall maintain a matrix summarizing (a) the name of each Essential Trade Creditor paid on account of Trade Claims, (b) the amount paid each Essential Trade Creditor on account of Trade Claims, and (c) the goods or services provided by such Essential Trade Creditor, and that, upon request, the Debtors shall make such matrix available for review by the United States Trustee; and it is further~~

ORDERED that the Debtors shall be authorized, but not required, to undertake all appropriate efforts to cause ~~Essential~~ Trade Creditors to enter into an agreement with the Debtors substantially similar to <u>Exhibit A</u> to the Motion, including the following terms:

    a.    The amount of such ~~Essential~~ Trade Creditor's estimated prepetition Trade Claims, accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Essential Trade Creditor and the Debtors (but such amount shall be used only for the purposes of this Order and shall not be deemed a claim allowed by the Court and the rights of all interested persons to object to such claim shall be fully preserved until further order of the Court);

    b.    The normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs) in effect between such ~~Essential~~ Trade Creditor and the Debtors on a historical basis for the period

immediately prior and up to the Petition Date or such other trade terms, practices and programs that are at least as favorable as those that were in effect during such time (the "Customary Trade Terms");

c. The ~~Essential~~ Trade Creditor's agreement to provide goods and services to the Debtors based upon Customary Trade Terms or on such terms as the Debtors and the ~~Essential~~ Trade Creditor may otherwise agree, and the Debtors' agreement to pay in accordance with such terms;

d. The ~~Essential~~ Trade Creditor's agreement not to file or otherwise assert against any or all of the Debtors, their estates or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the ~~Essential~~ Trade Creditor by the Debtors arising from agreements entered into prior to the Petition Date, and that, to the extent that the ~~Essential~~ Trade Creditor has previously obtained such a Lien, the ~~Essential~~ Trade Creditor shall immediately take all necessary action to remove that Lien.

e. The ~~Essential~~ Trade Creditor's acknowledgment that it has reviewed the terms and provisions of this Order and consents to be bound hereby;

f. The ~~Essential~~ Trade Creditor's agreement that it will not separately seek payment for reclamation claims outside of the terms of this Order unless the ~~Essential~~ Trade Creditor's participation in the trade payment program authorized by this Order is terminated; provided that such claims, if thereafter raised by the ~~Essential~~ Trade Creditor as permitted by this Order, shall be treated as though raised on the date of this Order; and

g. The ~~Essential~~ Trade Creditor's agreement that it shall not require a lump sum payment upon confirmation of a plan in the chapter 11 cases of the Debtors on account of any administrative expense priority claim that it may assert, but instead that such claims will be paid in the ordinary course of business after confirmation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Debtors.

An agreement executed between the Debtors and an ~~Essential~~ Trade Creditor as set forth in this paragraph is referred to herein as a "Trade Agreement." The Order is intended to authorize, but shall not require, the Debtors to enter into Trade Agreements, it being the express intention of this Court

4

that the Debtors shall enter into Trade Agreements only when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so; and it is further

~~ORDERED that the check used to pay an Essential Trade Creditor or other accompanying correspondence contain a legend in substantially the following form:~~

> ~~By accepting this check, the payee agrees to the terms of the Order of the U.S. Bankruptcy Court for the District of Delaware, dated _____, 2001, in the Company's chapter 11 case (Case No. _____), entitled "Order Granting Debtors Authority for Provisional Payment of Prepetition Claims of Essential Trade Creditors and to Pay or Honor Prepetition Obligations to Foreign Vendors" and submits to the jurisdiction of that Court for enforcement thereof; and it is further~~

ORDERED that the Debtors shall be authorized, in their sole discretion, to make prepetition payments to an ~~Essential~~ Trade Creditor in the absence of a Trade Agreement after the Debtors have undertaken all appropriate efforts to cause such Essential Trade Creditor to execute a Trade Agreement or provide goods and services based on Customary Trade Terms; and it is further

ORDERED that the Debtors may, in the exercise of their reasonable business judgment, make the payments authorized in the preceding paragraphs on account of prepetition Trade Claims of ~~Essential~~ Trade Creditors either (1) <u>after</u> goods are delivered or services are rendered postpetition, or (2) up to one business day <u>before</u> requested delivery of the postpetition goods, <u>provided</u>, <u>however</u>, that (a) the Debtors shall have issued purchase orders (or computer equivalents thereof) and (b) the ~~Essential~~ Trade Creditor shall have confirmed shipment will occur

5

not later than the next business day after the aforementioned payment has been made and further agrees that postpetition goods are being shipped in accordance with Customary Trade Terms, or on such terms as the Debtors and the ~~Essential~~ Trade Creditor may otherwise agree, and, unless otherwise waived by the Debtors, also agrees to the terms of this Order by executing an acknowledgment form substantially similar to Exhibit B to the Motion; and it is further

~~ORDERED that the Debtors may, in their discretion, declare a Trade Agreement with an individual Essential Trade Creditor to have terminated, together with the other benefits to the Essential Trade Creditor as contained in this Order, on the date the Debtors deliver notice to the Essential Trade Creditor that the Essential Trade Creditor has not complied with the terms and provisions of the Trade Agreement or has failed to continue to provide Customary Trade Terms (or on such terms as the Debtors and the Essential Trade Creditor had otherwise agreed); provided, however, that the Trade Agreement may be reinstated if:~~

    a. ~~Such determination is subsequently reversed by the Court for good cause shown that the determination was materially incorrect after notice and a hearing following a motion from the Essential Trade Creditor; or~~

    b. ~~The underlying default under the Trade Agreement was fully cured by the Essential Trade Creditor not later than five business days after the date when the initial default occurred; or~~

    c. ~~The Debtors, in their discretion, reach an agreement with the Essential Trade Creditor; and it is further~~

~~ORDERED that all Trade Agreements shall be deemed to have terminated, together with the other benefits to Essential Trade Creditors as contained in this Order, upon entry of an Order converting this case to a case under chapter 7 of the Bankruptcy Code; and it is further~~

~~ORDERED that if a Trade Agreement is terminated as set forth in either of the two previous paragraphs, the Debtors may, in their discretion, declare that provisional payments made to the Essential Trade Creditor on account of prepetition Trade Claims be deemed to have been in payment of then outstanding postpetition Trade Claims without further order of the Court or action by any person or entity. An Essential Trade Creditor shall then immediately repay to the Debtors any payments made to it on account of its prepetition Trade Claims to the extent that prepetition Trade Claim payments exceed the postpetition Trade Claims then outstanding without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise, and upon any such recovery by the Debtors, the Trade Claim of such Essential Trade Creditor paid after the Petition Date shall be reinstated in the amount so recovered, it being the express intention of this Court to return the creditors to the status quo in effect as of the date of entry of this Order with respect to all prepetition claims if a Trade Agreement is terminated; and it is further~~

ORDERED that the Debtors are authorized, but not directed, to pay or honor prepetition and postpetition obligations to Foreign Vendors in the ordinary course of business; and it is further

ORDERED that the Debtors' payment of Foreign Claims owed to Foreign Vendors shall be paid in their entirety unless otherwise ordered by the Court; and it is further

ORDERED that Debtors are authorized to permit all prepetition checks issued by them to the Foreign Vendors to clear the Debtors' bank accounts; and it is further

ORDERED that the banks are to honor, unless otherwise directed by the Debtors, any and all checks drawn by the Debtors prior to the Petition Date to pay any of the prepetition obligations owing to the Foreign Vendors that have not cleared the banking system prior to the Petition Date and any and all checks drawn by the Debtors after the Petition Date to pay any prepetition claims of the Foreign Vendors; and it is further

ORDERED that the satisfaction of the Foreign Claims shall not be deemed to be an assumption or adoption of any agreements that relate to such operations; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: April 2, 2001

_____
JUDGE

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 20058
April 3, 2001
02 – Hand Delivery
04 – Federal Express
28 – First Class Mail Foreign

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esq.
David Carickoff, Esq..
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esq.
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Matthew G. Zaleski, III, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Federal Express*
(Counsel to Debtor)
James H.M. Sprayregen, Esq.
James Kapp, III, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*Federal Express*
(United States Trustee)
Mark Kenney, Esq.
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Federal Express*
(Canadian counsel for Debtor)
Derrick Tay, Esq.
Meighen Demers
Suite 1100, Box 11, Merrill Lynch Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

*Federal Express*
(W. R. Grace & Co.)
David B. Seigel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esq.
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Woth Davis, Esq.
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

*First Class Mail*
)
Todd Meyer, Esq.
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

*First Class Mail*
(Top Twenty Creditor)
The Chase Manhattan Bank
c/o Lawrence Palumbo
270 Park Avenue
New York, NY 10017

*First Class Mail*
(Top Twenty Creditor)
The Depository Trust Company
c/o Ming Shiang, VP
55 Water Street
New York, NY 10042

*First Class Mail*
(Top Twenty Creditor)
The Depository Trust Company
c/o Daniel Chipko
P.O. Box 20
Bowling Green Station
New York, NY 10274

*First Class Mail*
(Top Twenty Creditor)
Robins Kaplan Miller Ciresi
c/o Roman Siberfeld
2049 Century Park East #3700
Los Angeles, CA 90067

*First Class Mail*
(Top Twenty Creditor)
Huntsman Corporation
P.O. Box 65888
Charlotte, NC 28265

*First Class Mail*
(Top Twenty Creditor)
Zhagrus Environmental, Inc.
c/o Susan Rice
46 West Broadway, Suite 130
Salt Lake City, UT 84101

*First Class Mail*
(Top Twenty Creditor)
DCP-Lohja Inc.
c/o William McBain
P.O. Box 2501
Carol Stream, IL 60132-2501

*First Class Mail*
(Top Twenty Creditor)
PCS Nitrogen Fertilizer, L.P.
c/o John Hill
P.O. Box 71029
Chicago, IL 60694-1029

*First Class Mail*
(Top Twenty Creditor)
Dupont Dow Elastomers
c/o Rick Thomas
21088 Network Place
Chicago, IL 60673-1210

*First Class Mail*
(Top Twenty Creditor)
Cass Logistics Temporary
c/o Ann-Margaret Bushnell
900 Chelmsford Street
Lowell, MA 08510

*First Class Mail*
(Top Twenty Creditor)
Union Carbide Corp
c/o Mia Skinner
P.O. Box 91136
Chicago, IL 60693-0001

*First Class Mail*
(Top Twenty Creditor)
Southern Ionics, Inc.
c/o Milton Sunbeck Jr
P.O. Box 830800 Drawer 830
Birmingham, AL 35283-0800

*First Class Mail*
(Top Twenty Creditor)
BASF
c/o Diane Murdock
P.O. Box 75908
Charlotte, NC 28275

*First Class Mail*
(Top Twenty Creditor)
Risk Co.
c/o Lisa Clegg-Konen
P.O. Box 7061
Downers Grove, IL 60515

*First Class Mail*
(Top Twenty Creditor)
Radian International
c/o Mary Harris
P.O. Box 844130
Dallas, TX 75284-4130

*First Class Mail*
(Top Twenty Creditor)
Stone Packaging System
c/o Jim Wagner
21514 Network Place
Chicago, IL 60673-1215

*First Class Mail*
(Top Twenty Creditor)
Valeron Strength Films
c/o Ron Luce
75 Remittance Dr, Suite 3068
Chicago, IL 60675

*First Class Mail*
(Top Twenty Creditor)
Ingersoll-Rand Fluid Products
c/o Eric Solverson
P.O. Box 751229
Charlotte, NC 28275-1229

*First Class Mail*
(Top Twenty Creditor)
Delta Chemicals
c/o John Besson
P.O. Box 73054
Baltimore, MD 21273-0054

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903