IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**TPC GROUP INC.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10493 (CTG)<br><br>Joint Administration Requested<br><br>**Objection Deadline: TBD**<br><br>**Hearing Date: TBD** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING REJECTION OF STEAM SALES CONTRACT WITH AIR LIQUIDE LARGE INDUSTRIES U.S. LP EFFECTIVE AS OF THE PETITION DATE

TPC Group Inc., and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**Relief Requested**

1. Pursuant to sections 105(a), 363(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting authority for the Debtors to reject that steam supply and sales agreement between TPC Group LLC ("**TPC**") and Air Liquide Large Industries U.S. LP ("**Air Liquide**"), dated January 1, 2010, as amended on October 1, 2011 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

1

later on July 1, 2017, and as may be amended, modified, or supplemented from time to time (the "**Steam Sales Contract**"), effective as of the Petition Date.

2. In support of this Motion, the Debtors submit the *Declaration of Robert A. Del Genio in Support of Debtors' Motion for Entry of an Order Approving Rejection of Steam Sales Contract with Air Liquide Large Industries U.S. LP Effective As of the Petition Date* (the "**Del Genio Declaration**"), attached hereto as **Exhibit B**.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2021. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for relief requested herein are Sections 105 and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and Rules 7008-1 and 9013-2(h) of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "**Bankruptcy Local Rules**").

5. Pursuant to Bankruptcy Local Rule 9013–1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

6. On June 1, 2022 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules.

7. Together, the Debtors are a leading producer, marketer, and value-added processor of intermediate and specialty chemicals, fuel derivatives, and petroleum byproducts. The Debtors are also a provider of critical infrastructure and logistics services along the U.S. Gulf Coast. The Debtors are, among other things, the largest crude C4 processor by installed capacity in North America.

8. The Debtors own and operate a petrochemical processing facility located in Houston, Texas, active pipelines spanning across the Gulf Coast of Texas and Louisiana, and shipping and maritime logistics assets in Houston, Port Neches, Texas and Lake Charles, Louisiana, all of which facilitate the Debtors' petrochemical processing operations.

9. Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' businesses and capital structure is set forth in the *Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), which has been filed contemporaneously herewith and is incorporated herein by reference.[2]

## The Steam Sales Contract

10. In the lead up to these chapter 11 cases, the Debtors undertook an analysis of their businesses. As a result of that analysis, the Debtors have determined, in their business judgment,

---

[2] Capitalized terms used herein that are not otherwise defined shall have the meaning ascribed to them in the First Day Declaration.

that the Steam Sales Contract is unnecessary and burdensome to the Debtors' estates, and should be rejected immediately.

11. The Steam Sales Contract was originally between Texas Petrochemicals LLC and Air Liquide. TPC is the successor-in-interest to Texas Petrochemicals LLC under the Contract.

12. The Steam Sales Contract, which became effective January 1, 2010, is a requirements contract under which Air Liquide agreed to sell, and TPC agreed to buy, all of TPC's requirements for steam that was not otherwise produced by TPC. Specifically, under the Steam Sales Contract, TPC purchases steam supplied by Air Liquide, subject to a "Base Steam Requirement/BSR"—*i.e.,* TPC's base requirements for steam over and above the steam produced by TPC using boilers 8 and 9 at TPC's PNO Facility in Port Neches, Texas. The Steam Sales Contract subjects TPC to a Minimum Steam Purchase Obligation of steam from Air Liquide's steam cogeneration facility in Port Neches, Texas. The price for the steam purchased by TPC is calculated through a steam price formula provided in the Steam Sales Contract. The Steam Sales Contract also provides terms for the transportation of steam purchased to the PNO Facility from Air Liquide's Port Neches pipelines.

13. The Debtors have determined that it is no longer necessary or desirable to perform under the Steam Sales Contract. Specifically, following an explosion that occurred on November 27, 2019 at TPC's PNO Facility, as described in further detail in the First Day Declaration, the chemical processing facility formerly operating at the PNO Facility was shut down and was repurposed to function solely as a marine storage and shipping terminal. Since that time, no steam has been generated at the PNO Facility's boilers and the Debtors no longer have a need or use for steam purchased from Air Liquide.

14. Accordingly, the Debtors seek to reject the Steam Sales Contract.

**Relief Requested Should be Granted**

I. **Rejection of the Steam Sales Contract Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

16. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. at 528 ("[t]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

17. The standard applied to determine whether the rejection of an executory contract or unexpired lease should be approved is the "business judgment" standard. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (establishing the traditional standard applied by courts to approve the rejection of an executory contract is that of "business judgment").

18. The "business judgment" standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513. Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or

caprice." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citations omitted).

19. The Debtors believe that rejection of the Steam Sales Contract is well within the Debtors' business judgment and is in the best interests of their estates. The Debtors have determined that they have no need to utilize the Steam Sales Contract on a go-forward basis. The PNO Facility is no longer operated as a chemical processing facility. Consequently, the Debtors no longer have use for the steam provided by the Steam Sales Contract. The continued purchase of steam at a fixed minimum rate drains the Debtors' resources without providing any corresponding benefit to their estates. Absent rejection, the Steam Sales Contract imposes ongoing obligations on the Debtors and their estates that constitute an unnecessary drain of the Debtors' resources with no benefits.

20. If approved, rejection of the Steam Sales Contract will result in significant savings for the Debtors' estates. Accordingly, to relieve the Debtors of burdensome obligations, and to avoid allegations of unnecessary administrative expense claims with respect to the Steam Sales Contract, the Debtors seek to reject the Steam Sales Contract, effective as of the Petition Date.

21. The Debtors respectfully submit that rejecting the Steam Sales Contract is appropriate under the circumstances and reflects the Debtors' sound business judgment.

**II.     Deeming Rejection of the Steam Sales Contract Effective as of the Petition Date is Appropriate.**

22. The Debtors respectfully submit that it is appropriate for the Court to deem the Debtors' rejection of the Steam Sales Contract effective as of the Petition Date.

23. Under sections 365(a) and 105(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004)

(acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065-71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), cert. denied, 546 U.S. 814 (2005).

24. The balance of equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors may face unnecessary administrative expenses for the Steam Sales Contract, which does not provide any benefits to the Debtors' estates. Moreover, given it is on notice of the Debtors' proposed rejection, Air Liquide will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on Air Liquide, thereby allowing the Air Liquide sufficient opportunity to respond accordingly.

25. Numerous courts have approved relief similar to the relief requested herein. *See, e.g., In re Cal Dive Int'l, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 6, 2015) (approving *nunc pro tunc* rejection of contracts and leases) [Docket No. 216]; *In re Longview Power, LLC*, Case No. 13-12211 (BLS) (Bankr. D. Del. June 23, 2014) (approving rejection of certain executory contracts as of the date of filing the motion) [Docket No. 1311]; *In re ZCO Liquidating Corp.*, Case No. 13-13126 (PJW) (Bankr. D. Del. Feb. 20, 2014) (approving rejection of certain executory contract as of the date of filing the motion) [Docket No. 320]; *In re iGPS Co.*, Case No. 13-11459 (KG) (Bankr. D. Del. July 29, 2013) (approving rejection of certain employment-related

agreements as of the date of filing the motion) [Docket No. 411]; *In re AES E. Energy, L.P.*, Case No. 11-14138 (KJC) (Bankr. D. Del. May 17, 2012) (approving rejection of unexpired leases as of date of filing the motion) [Docket No. 484]; *In re Mail Systems Liquidation, Inc.*, Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (same) [Docket No. 502]; *In re Aleris Int'l Inc.*, Case No. 09-10478 (BLS) (Bankr. D. Del. June 2, 2009) (same) [Docket No. 632]; *In re Source Interlink Companies Inc.*, Case No. 09- 11424 (KG) (Bankr. D. Del. May 27, 2009) (approving the rejection of leases retroactive to the petition date).

26. In light of the foregoing, the Debtors respectfully request that the Court approve the rejection of the Steam Sales Contract pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules in the manner requested herein.

### Reservation of Rights

27. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, (iii) a waiver or limitation of the Debtors' right to assert at a later date that the Steam Sales Contract is not an executory contract, (iv) a concession or evidence that the Steam Sales Contract has not expired, been terminated, or is otherwise currently not in full force and effect, or (v) an approval, adoption, assumption, or rejection of any other agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)

28. To implement the foregoing successfully, the Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and waive the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy

Rule 6004(h) to the extent applicable. As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Thus, ample cause exists to justify finding that the notice requirements of Bankruptcy Rule 6004(a) have been satisfied and to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent such notice requirements and stay apply.

## Notice

29. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the ABL Agent, (x) Haynes and Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Charles A Beckham, Jr. (charles.beckham@haynesboone.com), and (y) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, Attn: J. Frasher Murphy (frasher.murphy@haynesboone.com); (iv) counsel to the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 (Attn: Kristopher M. Hansen, Jonathan D. Canfield and Gabriel Sasson), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Matthew B. Lunn, Sean M. Beach and Robert F. Poppiti, Jr.); (v) Air Liquide, and (vi) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 1, 2022
      Wilmington, Delaware

| | |
|---|---|
| | */s/ Matthew O. Talmo* |
| **BAKER BOTTS L.L.P.** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| James R. Prince (*pro hac vice* admission pending) | Robert J. Dehney (No. 3578) |
| Kevin Chiu (*pro hac vice* admission pending) | Curtis S. Miller (No. 4583) |
| | Daniel B. Butz (No. 4227) |
| 2001 Ross Avenue, Suite 900 | Matthew O. Talmo (No. 6333) |
| Dallas, Texas 75201-2980 | Brian Loughnane (No. 6853) |
| Telephone: (214) 953-6500 | 1201 N. Market Street, 16th Floor |
| Facsimile: (214) 953-6503 | P.O. Box 1347 |
| Email: jim.prince@bakerbotts.com | Wilmington, Delaware 19899-1347 |
|      kevin.chiu@bakerbotts.com | Telephone: (302) 658-9200 |
| | Facsimile: (302) 658-3989 |
| -and- | Email:   rdehney@morrisnichols.com |
| |          cmiller@ morrisnichols.com |
| BAKER BOTTS L.L.P. |          dbutz@ morrisnichols.com |
| Scott R. Bowling (*pro hac vice* admission pending) |          mtalmo@ morrisnichols.com |
| |          bloughnane@ morrisnichols.com |
| 30 Rockefeller Plaza | |
| New York, New York 10112 | |
| Telephone: (212) 408-2500 | *Proposed Attorneys for Debtors* |
| Facsimile: (212) 259-2501 | *and Debtors in Possession* |
| Email: scott.bowling@bakerbotts.com | |

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (*pro hac vice* admission pending)
Lauren N. Randle (*pro hac vice* admission pending)
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
Email: david.eastlake@bakerbotts.com
      lauren.randle@bakerbotts.com