## EXHIBIT A

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 |
| Debtors.[1] | Joint Administration Requested |

**ORDER APPROVING REJECTION OF STEAM SALES
CONTRACT WITH AIR LIQUIDE LARGE INDUSTRIES U.S. LP
EFFECTIVE AS OF THE PETITION DATE**

Upon the motion (the "**Motion**") of TPC Group Inc. ("**TPC**") and its debtor

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for authority to reject

the Steam Sales Contract,[2] effective as of the Petition Date, for the reasons set forth in the Motion;

and upon consideration of the Del Genio Declaration; and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C § 1334; and consideration of the

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b) and that

this Court may enter a final order consistent with Article III of the United States Constitution; and

it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it

appearing that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and all objections, if any, to entry of this Order having been withdrawn,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313);
Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation
(4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each
Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

[2]     Capitalized terms used herein that are not otherwise defined shall have the meaning ascribed to them in the
Motion.

resolved, or overruled; and upon the record herein; and after due deliberation thereon; the Court

having determined that there is good and sufficient cause for the relief granted in the Order;

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors are approved to reject the Steam Sales Contract including, to the extent

applicable, attachments, exhibits, riders, schedules, amendments, supplements, guaranties, and any

other documents related to thereto, effective as of the Petition Date.

2.      Nothing in this Order shall prejudice the rights of Air Liquide Large Industries U.S.

L.P. ("**Air Liquide**") with respect to any claim for damages arising from the rejection of the Steam

Sales Contract and with respect to any objection by the Debtors thereto.

3.      Any claims based on the rejection of the Steam Sales Contract shall be filed in

accordance with the bar date for filing proofs of claims.

4.      Nothing herein shall prejudice the rights of the Debtors to argue (and Air Liquide

to raise objection thereto) that the Steam Sales Contract was terminated prior to the Petition Date

or that any claim for damages arising from the rejection of the Steam Sales Contract is limited to

the remedies available under any applicable termination provision of such contract, as applicable,

or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5.      Nothing contained in the Motion or this Order, or any actions taken by the Debtors

pursuant to relief granted herein, is intended or should be construed as: (i) an admission as to the

validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under

the Bankruptcy Code or any other applicable law, (iii) a waiver or limitation of the Debtors' right

to assert at a later date that the Steam Sales Contract is not an executory contract, (iv) a concession

or evidence that the Steam Sales Contract has not expired, been terminated, or is otherwise

currently not in full force and effect, or (v) an approval, adoption, assumption, or rejection of any

other agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

6.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6004(a).

7.      Notwithstanding Bankruptcy Rule 6004(h) to the extent applicable, this Order shall

be effective and enforceable immediately upon entry hereof.

8.      The Debtors are authorized to take all steps necessary or appropriate to carry out

the relief granted in this Order.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.