**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| W.R. Grace & Co. | § | Case No. 01-01139(PJW) |
| | § | (Chapter 11) |
| Debtor. | § | Hon. Peter J. Walsh |

**VERIFIED STATEMENT OF LANIER, PARKER & SULLIVAN, P.C.**
**UNDER BANKRUPTCY RULE 2019**

I, Patrick N. Haines, representative of Lanier, Parker & Sullivan P.C., declare as follows:

1.      I am a shareholder with the law firm of Lanier, Parker & Sullivan, P.C. (hereinafter "Lanier Parker" or "the Firm"). I am a member in good standing of the bar of the state of Texas.

2.      I have personal knowledge of the facts set forth herein. I make this Verified Statement ("Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure.

3.      The Firm, is a professional corporation, organized under the laws of the state of Texas, with its offices for the practice of law located at 1331 Lamar, Suite 1530, Houston, Texas 77010.

4.      As of the date of this Verified Statement, the Firm represents thousands of asbestos claimants, most of whom suffer from severe systemic cancer and pulmonary illness as a result of their exposure to asbestos mined or manufactured by W. R. Grace ("Debtor"), and thus hold claims against the Debtor. Attached as Exhibit "A" is a list of the Claimants represented by the Firm, each of whom has employed the Firm under a general Power of Attorney and Contingent Fee Agreement, a representative form of which is attached as Exhibit "B". The original documents for each client are available at reasonable times and on reasonable notice at the Firm's offices.

5.      The address for each Claimant represented by Lanier Parker is 1331 Lamar, Suite 1530, Houston, Texas 77010.

6.      The nature of the personal injury claim held by each Claimant is a claim for personal injuries and disease, including asbestos disease, lung cancer and mesothelioma, the most severe types of illnesses contracted by those exposed to asbestos.

7.    Each Claimant acquired his or her claim arising from exposure to asbestos prior to the filing of this Verified Statement.

8.    Each Claimant is represented by the Firm under a fee agreement and Power of Attorney.  The Firm holds each such instrument, as executed between the parties.  By Power of Attorney, each Claimant has authorized the undersigned to vote and take all action necessary under an Official Form Power of Attorney.  A representative copy is attached as Exhibit "C."

9.    The Firm does not hold any claims against or interests in the Debtor.

10.   The filing of the Firm's Verified Statement does not waive any rights including (i) the Claimants' rights to have final order in non-core matters entered only after *de novo* review by a district judge; (ii) the Claimants' rights to trial by jury in any proceeding and any trial on their claims, (iii) the Claimants' rights to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal or abstention to the extent not previously directed; (iv) the Claimants' rights in not submitting themselves to the jurisdiction of the Bankruptcy Court; or (v) any other rights, claims, actions, defenses, reclamations, setoffs, or recoupments to which the Claimants are or may be entitled under any agreements, in law or in equity, all of which rights, claims, actions, defenses, reclamations, setoffs, and recoupments the Firm's Claimants expressly reserve.

STATE OF TEXAS §
§  KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS §

Before me, the undersigned authority, on this day personally appeared Patrick N. Haines, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes therein expressed.

Given under my hand and seal of office this 11th day of April, 2001.

*Marina Jimenez*

NOTARY in and for the State of Texas

Respectfully submitted this 11th day of April, 2001.

LANIER, PARKER & SULLIVAN, P.C.

MARINA JIMENEZ
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 31, 2002

By: _____
W. Mark Lanier
Patrick N. Haines
C. Taylor Campbell
Houston, Texas 77010
Telephone: (713) 659-5200
Facsimile:  (713) 659-2204

- 3 -

## CERTIFICATE OF SERVICE
## FOR RULE 2019 STATEMENT

PLEASE TAKE NOTICE that on April $\underline{11^{th}}$, 2001, a true copy of the foregoing Verified Statement Under Rule 2019 was served by Facsimile upon the parties listed on the attached Exhibit "D."


_____
C. TAYLOR CAMPBELL

# EXHIBIT "D"

## SERVICE LIST

### W.R. GRACE & CO.-CONN.

### SERVICE TO ALL PARTIES VIA UNITED STATES FIRST CLASS MAIL

#### COUNSEL TO DEBTOR:

Laura Davis Jones
Pachulski, Stang, Ziehl, et al
P.O. Box 8705
Wilmington, DE 19899-8705
(fax: 302-652-4400)

Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
(fax: 312-861-2200)

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019-6150
(fax:)

#### UNITED STATES TRUSTEE:

Office of the United States Trustee
Frank Perch
601 Walnut Street, Room 950 West
Philadelphia, PA 19106
(fax: 215-597-5795)

#### INTERESTED PARTIES AND COUNSEL FOR ASBESTOS CREDITORS

Peter Lockwood, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005
(fax: 202/429-3301)

Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue, 36th FL
New York, NY 10022
(fax: 212/644-6755)

Theodore Goldberg, Esq.
Mark C. Meyer, Esq.

Goldberg, Persky, Jennings & White, P.C.
1030 Fifth Avenue, Third Floor
Pittsburgh, PA 15219-6295
(fax: 412/471-8308)

Mark Lanier, Esq.
Patrick N. Haines, Esq.
Lanier Parker & Sullivan, P.C.
1331 Lamar, Suite 1550
Houston, Texas 77010
(fax: 713/659-2204)

Alan Rich, Esq.
Russell Budd, Esq.

Baron & Budd, P.C.
The Centrum
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219-4281
(fax:  214/520-1181)

Stephen J. Kherkher, Esq.
The Williams Baily Law Firm
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5000
(fax: 713/230-2314)

Joseph F. Rice, Esq.
Nancy Worth Davis, Esq.
Ness Motley Loadhold Richardson
    & Poole, P.A.
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
(fax: 843/216-9450)

Brent W. Coon, Esq.
Provost Umphrey Law Firm
490 Park Street
Beaumont, TX 77704
(fax: 409/838-8888)

Paul L. Sadler, Esq.
D. Bryan Hughes, Esq.
Wellborn, Houston, Adkinson, Mann,
    Sadler & Hill, LLP
300 West Main Street
P.O. Box 1109
Henderson, TX 75653-1109
(fax: 903/657-6108)

Ian Cloud, Esq.
Robins, Cloud, Greenwood & Lubel LLP
910 Travis, Suite 2020
Houston, TX 77002
(fax: 713/650-1400)

Larry O. Norris, P.A.
101 Ferguson Street
Hattiesburgh, MS 39401-3812
(fax: 601/584-6634)

Silber Pearlman, P.C.
2711 North Haskell Ave, 5th FL, LB 32
Dallas, TX 75204
(fax: 214/824-8100)

Waters & Kraus
4807 West Lovers Lane
Dallas, TX 75209
(fax: 214/941-8855)

Paul D. Henderson, Esq.
Dies, Henderson & Carona
1009 West Green
Orange, TX 77630-5619
(fax: 409/883-4814)

C. Sanders McNew, Esq.
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038
(fax: 212/344-5461)

Shepard A. Hoffman, Esq.
301 North Charles Street
Baltimore, MD 21201-4306
(fax: 410/539-8407)

Brad B. Erens, Esq.
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, IL 60601-1692)
(fax: 312/782-8585)

Edwin H. Beachler, Esq.
Caroselli, Beachler, McTiernan
    & Convoy
312 Boulevard of the Allies
Pittsburgh, PA 15222
(fax: 412/391-7453)

Frank E. Stachyra, Esq.
Stachyra & Penn
111 West Washington Street
Chicago, IL 60602-2703
(fax: 312/782-4656)

Damon Chargois, Esq.
Foster & Sear, LLP
1201 North Watson Road, Suite 145
Arlington, TX 76006
(fax: 817/633-5507)

Michael Kaeske, Esq.
Kaeske Reeves, LLP
6301 Gaston, Suite 735
Dallas, TX 75214
(fax: 214/821-0977)

Richard S. Glasser, Esq.
Kendall, Hatten, Glasser, PLC
1001 East Broad Street, Suite 450
Richmond, VA 23219
(fax: 757/625-4115)

Michael V. Kelley, Esq.
Kelley & Ferraro, LLP
1901 Bond Court Building
1300 East 9th Street
Cleveland, OH 44114
(fax: 216/575-0799)

Glen W. Morgan, Esq.
Reaud, Morgan & Quinn
801 Laruel
Beaumont, TX 77701
(fax: 409/833-8236)

Terry Johnson, Esq.
455 East Illinois Street, Suite 361
Chicago, IL 50511
(fax: 312/922-3399)

Mark Freedlander, Esq.
Sable Pusateri Rosen Gordon & Adams
Frick Building, 7th Floor
Pittsburgh, PA 15219-6003
(fax: 412/281-2859)

Jon L. Heberling, Esq.
McGarvey, Heberling, Sullivan & McGarvey
745 South Main Street
Kalispel, MT 59901
(fax: 406/752-7124)

# EXHIBIT "A"

1.      Joan Ross
2.      Mickelene Senatore

**EXHIBIT "B"**

## THIS CONTRACT IS SUBJECT TO ARBITRATION
## UNDER THE TEXAS GENERAL ARBITRATION STATUTE

## POWER OF ATTORNEY AND CONTINGENT FEE CONTRACT

This agreement (hereinafter referred to as "Agreement") is made between Client(s), _____, (hereinafter referred to as "Client") and LANIER, PARKER & SULLIVAN P.C., (hereinafter referred to as "Attorneys" or "LPS").

In consideration of the mutual premises herein contained, the parties hereto agree as follows:

### I.

### PURPOSE OF REPRESENTATION

1.01    The Client hereby retains and employs Attorneys to assume the role of lead counsel for the prosecution and trial of all claims against _____ arising from the legal injury of Client (the "Case") and recover all compensation to which the Client may be entitled, as well as to compromise and settle all claims arising out of the Case.

1.02    It is specifically agreed and understood that Attorneys' representation is limited to specific persons and/or companies named as clients, and that Attorneys are not representing or expected to represent any other person or entity not named herein as a client. It is expressly agreed and understood that Attorneys' obligations are limited to representing Client in the specific matters described herein, and Client does not expect Attorneys to do anything else.

### II.

### ATTORNEYS' FEES

2.01    In consideration of the services rendered and to be rendered to Client by Attorneys, Client does hereby assign, grant and convey to said Attorneys as their compensation herein the following present undivided interest in said claim:

| | |
|---|---|
| 33-1/3% | if settlement is made before suit is filed thereon; |
| 40% | if collection or settlement is made after suit is filed; |
| 45% | after notice of appeal has been given and appeal bond has been filed. |

2.02    The total recovery or settlement includes all monies and everything of value (expressed in present cash dollars) recovered, received or obtained from any of the Defendants or their successors, heirs or assignees in favor of Client, or any one or more of them, as a result of any settlement or recovery.  Such things of value include, but are not limited to, modification, extinguishment or forgiveness of any loan or debt of Client or any interest or penalties relating thereto or any damages or monies Client owes or may be obligated for under any contract or the value of any performance thereunder.  Such things of value also include, but are not limited to, the value of any business deal or transaction entered into by Client, or any one or more of them, with any of the Defendants or their successors, heirs or assignees.

2.03    In the event that Attorneys and Client cannot agree on the value, expressed in present cash dollars, of any item or thing included in the total recovery or settlement, the parties agree to retain the services of a mutually agreed upon accounting firm to make an appraised present cash value of such item or thing, which appraised value shall be assigned to such item or thing for purposes of determining the present cash value of the total recovery or settlement, or else this will be resolved by arbitration pursuant to paragraph 10 below.

### III.

### ASSIGNMENT OF INTEREST

3.01    In consideration of Attorneys' services, the Client hereby conveys and assigns to Attorneys and agrees to pay to Attorneys an undivided interest in all of Client's claims and causes of action to the extent of the percentage set out in Paragraph 2.01.

3.02    All sums due and to become due are payable at the office of Lanier, Parker & Sullivan, P.C. in Harris County, Texas.

### IV.

### APPROVAL NECESSARY FOR SETTLEMENT

4.01    No settlement of any nature shall be made without Client's approval, and Client agrees to make no settlement or offer of settlement without the approval of the Attorneys.

4.02    Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client under his claim as fully as the Client could so do in person.  Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

V.

## REPRESENTATIONS

5.01    It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case and Attorneys have not represented to the Client that the Client will recover all or any of the funds so desired. Client realizes that Attorneys will be investigating the law and facts applicable to his claim on a continuing basis and should Attorneys learn something which in the opinion of Attorneys makes it impractical for Attorneys to proceed with the handling of Client's claim, then Attorneys may withdraw from further representation of Client by sending written notice to Client's last known address.

5.02    Client acknowledges and represents that no person has solicited client on behalf of LPS (or any lawyer or employee of LPS). Client further represents that no one has promised client anything to retain LPS.

## VI.

## DEDUCTION OF EXPENSES

6.    Client additionally agrees to pay all expenses incurred by Attorneys. Any unpaid expenses at the time of a recovery by Client, if any, are to be repaid and reimbursed out of Client's recovery for all Court costs and expenses of litigation Attorney has paid or incurred. Client agrees that Attorneys may borrow funds from a commercial bank to finance or pay such Court costs and litigation expenses and the reasonable interest charged by the bank on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement of recovery.    The attorneys' fees will be figured on the total recovery or settlement before deducting the Court costs and litigation expenses reimbursed to Attorneys ("total gross recovery or settlement" as used above).    If Attorneys do not obtain for Client a settlement or recovery, then Client will not pay any fees or expenses.

## VII.

## COOPERATION OF CLIENT

7.01    Client agrees to cooperate with Attorneys at all times and to comply with all reasonable requests of Attorneys.    Client further agrees to keep Attorneys advised of their whereabouts at all times, and to provide Attorneys with any changes of address, telephone number or business affiliation.

7.02    Attorneys may, at their option, withdraw from the case and cease to represent the Client should Client fail to comply with any portion of this Agreement or should Attorneys decide

-3-

that they cannot continue to be involved in this case. Such withdrawal will be effective by mailing written notice to Client's last known address.

## VIII.

## ASSOCIATION OF OTHER ATTORNEYS

8.      Attorneys may, at their own expense, use or associate other attorneys in the representation of the aforesaid claims of the Client.

## IX.

## TEXAS LAW TO APPLY

9.      This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligations of Client and of Attorneys regarding Attorneys' representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas. Any suit between Client and Attorneys or either of them regarding Attorneys' representation of Client or regarding anything covered by this Agreement will be filed in a Court of competent jurisdiction in Harris County, Texas.

## X.

## ARBITRATION

10.     Any and all disputes, controversies, claims or demands arising out of or relating to this Agreement or any provision hereof, the providing of services by Attorneys to Client, or in any way relating to the relationship between Attorneys and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. Any such arbitration proceeding shall be conducted in Harris County, Texas. This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas, pursuant to the substantive federal laws established by the Federal Arbitration Act. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award and that judgment may be entered by any federal or state court in Harris County, Texas having jurisdiction.

## XI.

## PARTIES BOUND

11.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns.

## XII.

## LEGAL CONSTRUCTION

12.   In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

## XIII.

## PRIOR AGREEMENTS SUPERSEDED

13.   This Agreement constitutes the sole and only Agreement of the parties hereto. It supersedes any prior understandings (or written or oral agreement) between the parties respecting the subject matter of this Agreement. However, Attorneys have agreed that Client may revoke this agreement without Attorneys retaining any interest for 30 days from date of acceptance. This revocation provision will not apply if case is settled for money during that 30 days. The parties agree that any amendment to this Agreement shall be made in writing and that any alleged oral amendment is void and unenforceable.

I certify and acknowledge that I have had the opportunity to read this Agreement. I further state that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted on this _____ day of _____, 2000.


_____
CLIENT


_____
CLIENT

-5-

## NOTICE TO CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office General Counsel will provide you with information about how to file a complaint.

For more information, please call 1-800-932-1900.  This is a toll-free phone call.


LANIER, PARKER & SULLIVAN, P.C.


_____

W. MARK LANIER
1331 Lamar, Suite 1550
Houston, Texas  77010
(713) 659-5200


_____

Client's Address


_____

Client's Telephone Number

-6-

# EXHIBIT "C"

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

IN RE:                            §
                                  §
W.R. GRACE CO., et al.            §    CASE NO: 01-01139 (PJW)
                                  §        (Chapter 11)
                                  §    Hon. Peter J. Walsh
DEBTORS.                          §

## POWER OF ATTORNEY

To:


The undersigned claimant hereby authorizes you, or any one of you, as attorney in fact for the undersigned and with full power of substitution, to vote on any question that may be lawfully submitted to creditors of the debtors in the above-entitled case; to vote for a trustee of the estate of the debtors and for a committee of creditors; to receive dividends; and in general to perform any act not constituting the practice of law for the undersigned in all matters arising in this case.

DATED this _____ of _____, 2001.

Signed: _____

Name Printed: _____

Address: _____

_____

Acknowledged before me on this _____ day of _____, 2001.


_____
NOTARY PUBLIC in and for the State of Texas