**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**SECOND INTERIM ORDER AUTHORIZING SECURED
POST-PETITION FINANCING ON A PRIORITY BASIS
PURSUANT TO 11 U.S.C. § 364, GRANTING RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362 AND SCHEDULING A FINAL ORDER**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed a motion (the "**Motion**") dated April 1, 2001 (a) seeking this Court's authorization pursuant to sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, 11 U. S. C. §§ 101-1330 (the "**Bankruptcy Code**") and Rules 2002, 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the Debtors, inter alia, (i) to obtain post-petition financing (the "**Post-Petition Financing**") under a commitment of up to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

$250,000,000 (the "**Commitment**"), under the Post-Petition Loan and Security Agreement among the Debtors, as borrowers, Bank of America, N.A. ("**BofA**") and any additional financial institutions from time to time parties thereto, as lenders (the "**Lenders**"), and BofA, as the Lenders' agent (the "**Agent**"), (ii) to execute the Post-Petition Loan and Security Agreement (as amended, supplemented or otherwise modified from time to time, the "**Loan Agreement**"), (iii) to execute all ancillary documents contemplated by the Loan Agreement, including, without limitation, revolving loan promissory notes to the extent set forth in the Loan Agreement (the "**Notes**," and together with the Loan Agreement, and all ancillary documents at any time executed in connection therewith, collectively, the "**Loan Documents**"); (iv) to grant the Agent for the benefit of the Lenders, pursuant to section 364 of the Bankruptcy Code, first priority liens and security interests, senior to any and all other liens and security interests, in all of the Debtors' currently owned and after acquired property and the proceeds and products thereof, subject only to any non-avoidable, valid, enforceable and perfected liens on and security interests in the assets of the Debtors which existed as of the Petition Date ("**Prior Claims**") to secure the Debtors' obligations under the Loan Documents; and (v) to grant the Lenders administrative super-priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in sections 503(b), 507(b) and 546(c) of the Bankruptcy Code.  On April 2, 2001, a preliminary hearing (the "**Preliminary Hearing**") was held on the Motion, and the Court signed an interim order pursuant to Bankruptcy Rule 4001 (the "**Interim Order**") authorizing Debtors to borrow from the Lenders under the Loan Agreement up to an aggregate of $50 million (inclusive of Letters of Credit.)  Capitalized terms used in this Order and not otherwise defined shall have the same meaning as in the Interim Order.

An Official Committee of Unsecured Creditors (the "**Committee**") was appointed in these cases on April 12, 2001. The Committee has requested additional time to consider the Motion and the proposed terms of a final order and the Debtors and Agent have agreed to accommodate that request as provided herein. The Debtors have requested that the Court schedule a final hearing on the Motion as set forth below.

Based upon the Motion and the entire record made at the Preliminary Hearing,

**IT IS HEREBY ORDERED** that:

1. The Debtors are authorized to continue to borrow from Lenders, on the terms and subject to the conditions and limitations set forth in the Loan Documents, the Interim Order and this Order pending the Final Hearing set below.

2. The $50 million limitation on Loans set forth in ordering paragraph 3 of the Interim Order is hereby changed to $100 million.

3. Within two Business Days after the execution of this Order, the Debtors shall serve copies of this Order and any proposed form of final order on the parties given notice of the Preliminary Hearing, all known holders of Prior Claims, and on any other party that has filed a request for notices with the Court. Any party in interest objecting to the entry of a Final Order on the Motion shall file written objections no later than 4:00 p.m. (Delaware time) on _April 25_, 2001, which objections shall be served so that the same are received by the Court, the United States Trustee, counsel to the Debtors and counsel to the Agent on or before such date and time. If no timely objections are filed and served, the Court may enter a final order on the Motion without further notice.

CH_DOCS\318028.1 [W97]

4. A Final Hearing to consider the Motion and any proposed final order on the Motion will be held before the undersigned Judge on **May 3**, 2001 at **8:00** o'clock **a.**.m.

Dated: **April 18**, 2001
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE