ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 25, 2001, at 4:00 p.m. EDT**
**Hearing Date: May 3, 2001 at 8:00 a.m. EDT**

## NOTICE OF FINAL HEARING AND ENTRY OF SECOND INTERIM ORDER AUTHORIZING SECURED POST-PETITION FINANCING ON A PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND SCHEDULING A FINAL HEARING

TO:    Parties required to receive notice pursuant to Del. Bankr. L.R. 2002-1

PLEASE TAKE NOTICE that on April 2, 2001, the above-captioned debtors and

debtors in possession (the "Debtors") filed the Emergency Motion for Interim and Final Orders,

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Under 11 U.S.C. §§ 105, 362, 363 and 364, Approving Postpetition Financing and Related Relief

And Setting Final Hearing Pursuant to Bankruptcy Rule 4001(c) (the "Motion").

PLEASE TAKE FURTHER NOTICE that on April 2, 2001, the Bankruptcy Court

granted the Motion on an interim basis pursuant to the Interim Order Authorizing Secured Post-

Petition Financing on a Priority Basis Pursuant to 11 U.S.C. §364 Granting Relief From the

Automatic Stay Pursuant to 11 U.S.C. §362 And Scheduling Final Hearing (the "First Interim

Order").

PLEASE TAKE FURTHER NOTICE that on April 17, 2001, the Court entered

the Second Interim Order Authorizing Secured Post-Petition Financing on a Priority Basis

Pursuant to 11 U.S.C. § 364, Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. §

362 and Scheduling a Final Order (the "Second Interim Order"). A true and correct copy of the

Second Interim Order is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that on May 3, 2001, at 8:00 a.m. (the

"Final Hearing"), at the United States District Court for the District of Delaware, 844 N. King

Street, Wilmington, Delaware 19801 (the "Court"), the Honorable Joseph J. Farnan, Jr. will

consider and act upon the Motion. A true and correct copy of the proposed "Final Order

Authorizing Secured Post-Petition Financing on a Priority Basis Pursuant to 11 U.S.C. § 364, and

Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362" is attached hereto as

Exhibit B.

PLEASE TAKE FURTHER NOTICE that objections and other responses to the

Motion, if any, must be in writing and filed with the United States Bankruptcy Court, District of

2

Delaware, 824 North Market Street, Wilmington, Delaware 19801, so as to be received by the

following by no later than 4:00 p.m. on April 25, 2001: (i) counsel to Debtors: James H.M.

Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601; and

Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 N. Market Street,

P.O. Box 8705 Wilmington, Delaware, 19899-8705; (ii) counsel for the Official Committee of

Unsecured Creditors: Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane,

New York, New York 10038-4982; and (iii) the Office of the United States Trustee: Richard

Schepacarter, Esquire, Curtis Center, Suite 950 West, 601 Walnut Street, Philadelphia,

Pennsylvania 19106.

CH_DOCS\318028.1 [W97]91100-001\DOCS_DE:21111.1
04/18/01 7:38 PM

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT FINAL

APPROVAL OF THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: April 18, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Proposed Co-Counsel for Debtors and Debtors in
Possession

4

# EXHIBIT A

## DUPLICATE
## ORIGINAL

### IN THE UNITED STATES BANKRUPTCY COURT

#### FOR THE DISTRICT OF DELAWARE

In re:            )      Chapter 11

                      )

W. R. GRACE & CO., et al.,[1]    )     Case No. 01-01139 (JJF)

                      )     Jointly Administered

         Debtors.       )

                      )

### SECOND INTERIM ORDER AUTHORIZING SECURED POST-PETITION FINANCING ON A PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND SCHEDULING A FINAL ORDER

The above-captioned debtors and debtors in possession (collectively, the

"**Debtors**") filed a motion (the "**Motion**") dated April 1, 2001 (a) seeking this Court's

authorization pursuant to sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, 11

U. S. C. §§ 101-1330 (the "**Bankruptcy Code**") and Rules 2002, 4001(c) and 9014 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the Debtors, inter alia, (i)

to obtain post-petition financing (the "**Post-Petition Financing**") under a commitment of up to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II. Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation. GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc.. Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc.. Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp.. Grace Washington. Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II. Inc.. Guanica-Caribe Land Development Corporation. Hanover Square Corporation, Homco International. Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming. Inc.). Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company. CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company. H-G Coal Company.

$250,000,000 (the "**Commitment**"), under the Post-Petition Loan and Security Agreement among the Debtors, as borrowers, Bank of America, N.A. ("**BofA**") and any additional financial institutions from time to time parties thereto, as lenders (the "**Lenders**"), and BofA, as the Lenders' agent (the "**Agent**"), (ii) to execute the Post-Petition Loan and Security Agreement (as amended, supplemented or otherwise modified from time to time, the "**Loan Agreement**"), (iii) to execute all ancillary documents contemplated by the Loan Agreement, including, without limitation, revolving loan promissory notes to the extent set forth in the Loan Agreement (the "**Notes**," and together with the Loan Agreement, and all ancillary documents at any time executed in connection therewith, collectively, the "**Loan Documents**"); (iv) to grant the Agent for the benefit of the Lenders, pursuant to section 364 of the Bankruptcy Code, first priority liens and security interests, senior to any and all other liens and security interests, in all of the Debtors' currently owned and after acquired property and the proceeds and products thereof, subject only to any non-avoidable, valid, enforceable and perfected liens on and security interests in the assets of the Debtors which existed as of the Petition Date ("**Prior Claims**") to secure the Debtors' obligations under the Loan Documents; and (v) to grant the Lenders administrative super-priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in sections 503(b), 507(b) and 546(c) of the Bankruptcy Code. On April 2, 2001, a preliminary hearing (the "**Preliminary Hearing**") was held on the Motion, and the Court signed an interim order pursuant to Bankruptcy Rule 4001 (the "**Interim Order**") authorizing Debtors to borrow from the Lenders under the Loan Agreement up to an aggregate of $50 million (inclusive of Letters of Credit.) Capitalized terms used in this Order and not otherwise defined shall have the same meaning as in the Interim Order.

An Official Committee of Unsecured Creditors (the "**Committee**") was appointed in these cases on April 12, 2001. The Committee has requested additional time to consider the Motion and the proposed terms of a final order and the Debtors and Agent have agreed to accommodate that request as provided herein. The Debtors have requested that the Court schedule a final hearing on the Motion as set forth below.

Based upon the Motion and the entire record made at the Preliminary Hearing,

**IT IS HEREBY ORDERED** that:

1.    The Debtors are authorized to continue to borrow from Lenders, on the terms and subject to the conditions and limitations set forth in the Loan Documents, the İnterim Order and this Order pending the Final Hearing set below.

2.    The \$50 million limitation on Loans set forth in ordering paragraph 3 of the Interim Order is hereby changed to \$100 million.

3.    Within two Business Days after the execution of this Order, the Debtors shall serve copies of this Order and any proposed form of final order on the parties given notice of the Preliminary Hearing, all known holders of Prior Claims, and on any other party that has filed a request for notices with the Court. Any party in interest objecting to the entry of a Final Order on the Motion shall file written objections no later than 4:00 p.m. (Delaware time) on April 25, 2001, which objections shall be served so that the same are received by the Court, the United States Trustee, counsel to the Debtors and counsel to the Agent on or before such date and time. If no timely objections are filed and served, the Court may enter a final order on the Motion without further notice.

CH_DOCS\318028.1 [W97]

4.     A Final Hearing to consider the Motion and any proposed final order on

the Motion will be held before the undersigned Judge on ___May 3___, 2001 at _8:00_ o'clock

_a_ .m.

Dated: ___April 18___, 2001
        Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al¹, *et al.*,** | ) | **Case No. 01-01139** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

## FINAL ORDER AUTHORIZING SECURED POST-PETITION FINANCING ON A PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, AND GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

The above-captioned debtors and debtors in possession (collectively, the

"**Debtors**") filed a motion (the "**Motion**") dated April 1, 2001 seeking this Court's authorization

pursuant to sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, 11 U. S. C. §§

---

¹   The Debtors are the following entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey & Almy, LLC (f/k/a Dewey & Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street

---

101-1330 (the "**Bankruptcy Code**") and Rules 2002, 4001(c) and 9014 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the Debtors, inter alia, (i) to obtain

post-petition financing (the "**Post-Petition Financing**") under a commitment of up to

$250,000,000 (the "**Commitment**"), under the Post-Petition Loan and Security Agreement

among the Debtors, as borrowers, Bank of America, N.A. ("**BofA**") and any additional financial

institutions from time to time parties thereto, as lenders (the "**Lenders**"), and BofA, as the

Lenders' agent (the "**Agent**"), (ii) to execute the Post-Petition Loan and Security Agreement (as

amended, supplemented or otherwise modified from time to time, the "**Loan Agreement**;" terms

not otherwise defined herein shall have the meaning ascribed to them in the Loan Agreement),

(iii) to execute all ancillary documents contemplated by the Loan Agreement, including, without

limitation, revolving loan promissory notes to the extent set forth in the Loan Agreement (the

"**Notes**," and together with the Loan Agreement, and all ancillary documents at any time

executed in connection therewith, collectively, the "**Loan Documents**"); (iv) to grant the Agent

for the benefit of the Lenders, pursuant to section 364 of the Bankruptcy Code, first priority liens

and security interests, senior to any and all other liens and security interests, in all of the Debtors'

currently owned and after acquired property (subject to the exclusions set forth herein) and the

proceeds and products thereof, subject only to any non-avoidable, valid, enforceable and

perfected liens on and security interests in the assets of the Debtors which existed as of the

Petition Date ("**Prior Claims**") to secure the Debtors' obligations under the Loan Documents;

and (v) to grant the Lenders administrative super-priority in payment with respect to such

obligations over any and all administrative expenses of the kinds specified in sections 503(b),

---

Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing),
Hayden-Gulch West Coal Company, H-G Coal Company.

000010

507(b) and 546(c) of the Bankruptcy Code.  On April 2, 2001, a preliminary hearing (the

"**Preliminary Hearing**") was held on the Motion, and the Court signed an interim order pursuant

to Bankruptcy Rule 4001 (the "**Interim Order**") authorizing Debtors to borrow from the

Lenders under the Loan Agreement up to an aggregate of $50 million (inclusive of Letters of

Credit.)  Due and proper notice of the Motion pursuant to Bankruptcy Rule 4001 has been given

as set forth below.  The Interim Order required that any objections to the entry of a final order on

the Motion be filed by April 18, 2001.  The Court having further considered the Motion and any

objections thereto, and upon the entire record made at the Preliminary Hearing, and this Court

having found good and sufficient cause,

**IT IS HEREBY FOUND AND CONCLUDED** that:

A.      On April 2, 2001 (the "**Petition Date**"), the Debtors each filed a voluntary

petition for relief with this Court under chapter 11 of the Bankruptcy Code (the "**Chapter 11**

**Cases**"). The Debtors are continuing in possession of their property, and operating and managing

their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy

Code.

B.      This Court has jurisdiction over the Chapter 11 Cases and the Motion

pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion presents a core proceeding as defined in

28 U.S.C. § 157(b)(2).

C.      The Debtors do not have sufficient available sources of working capital

and financing to carry on the operation of their businesses without the loans and other credit

accommodations provided for in the Loan Agreement. The ability of the Debtors to pay

employees, maintain business relationships with vendors and suppliers, purchase new inventory,

3

000011

ship and distribute materials throughout the manufacturing process, and otherwise finance their operations is essential to the Debtors' continued viability. In addition, the Debtors' need for financing is immediate. Without the Post-Petition Financing, the continued operation of the Debtors' businesses would not be possible, and serious and irreparable harm to the Debtors and their estates would occur. The preservation, maintenance and enhancement of the going concern value of the Debtors, as well as the protection of the interests of others as described herein, are of the utmost significance and importance to a successful reorganization of the Debtors under chapter 11 of the Bankruptcy Code.

D.     Given the Debtors' current financial condition and capital structure, the Debtors are unable to sustain their operations with the use of cash otherwise available and are unable to obtain sufficient unsecured credit allowable under section 503(b)(l) of the Bankruptcy Code as an administrative expense. Financing on a post-petition basis is not otherwise available without the Debtors' granting, pursuant to section 364(c)(1) of the Bankruptcy Code, claims having priority over any and all administrative expenses of the kinds specified in sections 503(b), 507(b), and 546(c) of the Bankruptcy Code, and securing such indebtedness and obligations with the security interests in and the liens upon the property described below pursuant to sections 364(c)(2) and (c)(3).

E.     Notice of the entry of the Interim Order, the relief requested in the Motion, and the proposed form of this Order has been given to (a) the U.S. Trustee, (b) counsel to the Agent, (c) the twenty largest unsecured creditors of each Debtor, and (d) all known domestic

4

secured creditors of the Debtor and holders of Prior Claims (defined below).[2]  Based upon all of

the foregoing, sufficient and adequate notice under the circumstances of the Motion, the Interim

Order, and this Order has been given pursuant to sections 102(l), 364(c), and 364(d) of the

Bankruptcy Code, and Bankruptcy Rules 2002 and 4001(c).

F.     The Post-Petition Financing has been negotiated in good faith and at arms-

length among the Debtors and BofA (as Agent and as a Lender), and any credit extended and

loans made to the Debtors ("**Loans**") and letters of credit issued for the account of the Debtors

pursuant to the Loan Agreement ("**Letters of Credit**") shall be deemed to have been extended,

issued or made, as the case may be, in good faith as required by, and within the meaning of

section 364(e) of the Bankruptcy Code, and the Agent and Lenders are entitled to the protections

of section 364(e) of the Bankruptcy Code.

G.     The terms of the Post-Petition Financing are fair and reasonable, reflect

the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are

supported by reasonably equivalent value and fair consideration.  Pursuant to the Interim Order,

the Debtors were each authorized to execute and deliver to the Lenders the Loan Agreement, the

Notes (to the extent requested by the Lenders pursuant to the Loan Documents) and any other

document of any kind required to be executed and delivered in connection therewith.

H.     This Court concludes that entry of this Order is in the best interests of the

Debtors' estates and creditors because its implementation, among other things, will allow for the

---

[2]     The Debtors have advised the Court that, in an effort to identify the parties with potential
Prior Claims or liens, the Debtors conducted a diligent review of their books and records
to identify all such parties.  Counsel for the Debtors also conducted extensive title
searches on all owned real property and extensive searches of state UCC filings to
identify such parties.

5

| CH_DOCS\212364.13 [W97]||

000013

availability to the Debtors of working capital which is necessary to sustain the operations of the Debtors' existing businesses and enhance the Debtors' prospects for successful reorganization.

I.    Each of the foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Preliminary Hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.    The Motion is granted, subject to the terms and conditions set forth in this Order and any objections to the entry of this Order are resolved hereby or, to the extent not resolved, are overruled.

2.    The Debtors are each authorized and obligated on a final basis to comply with and perform, and are bound by, all of the terms, conditions and waivers contained in the Loan Documents, and the Debtors are each authorized and obligated to repay amounts borrowed, with interest and any other allowed charges, to the Agent and Lenders in accordance with and subject to the terms and conditions set forth in the Loan Documents and this Order. None of the Loan Documents nor this Order, nor any provision of any thereof, nor any right arising under any thereof, shall be voidable or avoidable under section 548 of the Bankruptcy Code or under any applicable State Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law. The Debtors are further authorized and obligated to pay all facility, commitment and other fees and expenses, including, without limitation, all reasonable fees and expenses of professionals engaged by the Agent or the Lenders, in accordance with the

6

000014

terms of the Loan Agreement. All loans made under the Loan Agreement and interest thereon, together with all reimbursement and other obligations in respect of Letters of Credit, and all fees, costs, expenses, indebtedness, obligations and liabilities of the Debtors to the Agent and the Lenders under or in respect of the Loan Documents, the Interim Order and this Order are hereinafter referred to as the "**Obligations**."

3.      The Debtors are expressly authorized to borrow from the Lenders, on the terms and subject to the conditions and limitations in availability set forth in the Loan Documents and this Order, a total of up to $250 million of Loans (inclusive of Letters of Credit). The Debtors are authorized to use the proceeds of the Loans, and to request the issuance of Letters of Credit, for the purposes permitted under the Loan Agreement.

4.      Effective immediately, the automatic stay pursuant to section 362(a) of the Bankruptcy Code, and any and all other stays and injunctions which are or may be applicable, shall be and hereby are modified and vacated as to the Lenders and the Agent and all of their Collateral (as defined below), so that (i) if an Event of Default (as defined in the Loan Agreement) occurs, subject to Paragraph 11 of this Order, the Lenders and the Agent shall be entitled to terminate the Post-Petition Financing and to exercise any and all of their rights and remedies under the Loan Agreement, the other Loan Documents and this Order, and (ii) prior to an Event of Default, Agent and Lender may take such actions with respect to the Collateral and proceeds thereof as are authorized in the Loan Agreement, including without limitation the application of proceeds of Accounts and other Collateral to the Obligations, the establishment of cash collateral accounts, and the taking of steps to perfect Agent's Liens on the Collateral. Notwithstanding anything herein to the contrary, no Loans, Letters of Credit, cash Collateral or

7

any portion of the Carve-Out (as defined below) may be used to object to or contest in any manner, or raise any defenses to, the validity, perfection, priority or enforceability of the Obligations owing to the Lenders or Agent, or the liens in favor of the Lenders or Agent securing such Obligations, or to assert any claims or causes of action against the Lenders or Agent in their capacity as lenders or agent under the Loan Agreement.

5.      In accordance with sections 364(c)(1) and 507(b) of the Bankruptcy Code, subject to Paragraph 7 below, the Obligations shall constitute claims with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, but not limited to, sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b) and 546(c) of the Bankruptcy Code and shall at all times be senior to the rights of the Debtors, any successor trustee to the extent permitted by law, or any other creditor in the Chapter 11 Cases or any subsequent proceedings under the Bankruptcy Code, including, without limitation, any chapter 7 cases to the extent permitted by law if any of the Debtors' cases are converted to cases under chapter 7 of the Bankruptcy Code, subject only to Prior Claims and the Carve-Out.  No cost or expense of administration under sections 105, 364(c)(1), 503(b), 506(c), 507(b) of the Bankruptcy Code or otherwise, shall be senior to or equal to the claim of the Lenders arising out of the Obligations, subject only to the Carve-Out.  As long as no unwaived Event of Default under the Loan Agreement (each a "**Carve-Out Event**") has occurred, the Debtors shall be permitted to pay compensation and reimbursement of expenses incurred prior to a Carve-Out Event authorized to be paid under sections 330 and 331 of the Bankruptcy Code or otherwise pursuant to an order of the Bankruptcy Court, as the same may be due and payable, and such payments shall not reduce the Carve-Out.

8

000016

6.    As security for the Obligations, and as provided in the Loan Documents, the Agent shall have and is hereby granted for the benefit of the Lenders (effective upon the date of the Interim Order and without the necessity of the execution, filing and/or recordation by the Debtors of mortgages, security agreements, patent security agreements, trademark security agreements, pledge agreements, financing statements or otherwise), valid and perfected security interests in and liens upon (the "**Liens**") all present and after-acquired personal and real property of the Debtors of any nature whatsoever, wherever located, as set forth in the Loan Documents, including, without limitation, all cash contained in any account maintained by any of the Debtors, all causes of action existing as of the Petition Date, and all real property the title to which is held by any of the Debtors, or possession of which is held by any of the Debtors pursuant to a leasehold interest (collectively with all proceeds and products of any or all of the foregoing, the "**Collateral**"), subject to Paragraph 7, as follows:

(a)    pursuant to section 364(c)(2) of the Bankruptcy Code, a first priority, perfected Lien upon all of the Debtors' right, title and interest in, to and under all Collateral that is not otherwise encumbered by a Prior Claim; and

(b)    pursuant to section 364(c)(3) of the Bankruptcy Code, a junior priority, perfected Lien upon all of the Debtors' right, title and interest in, to and under the Collateral that is subject to a Prior Claim (subject only to such Prior Claim).

The Collateral shall not include (a) claims of the Debtors arising under sections 544, 546, 547, 548, 549, 550 or 553 of the Bankruptcy Code, (b) stock or other equity interests of the Debtors in any foreign subsidiary, and (c) life insurance policies (identified as "COLI's" in the Loan Agreement) owned by, or assigned to, any of the Debtors (provided that proceeds of any collateral in clauses (b) and (c) shall constitute Collateral and be subject to the Liens);

9

000017

7.    Notwithstanding any contrary provision of this Order or the Loan
Documents, the Liens and claims granted to the Agent and the Lenders pursuant to the Loan
Documents and this Order shall be subject and subordinate to (a) Prior Claims, (b) prior to the
occurrence of a Carve-Out Event, unpaid professional fees and disbursements incurred by the
professionals retained, pursuant to sections 327 or 1103(a) of the Bankruptcy Code, by the
Debtors, any successor Chapter 11 or 7 trustee, and any statutory committee(s) (each a
**"Committee"**) appointed in the Chapter 11 Cases (the "**Professionals**"), approved and allowed
by this Court pursuant to sections 330 and 331 of the Bankruptcy Code ("**Professional Fees**"),
(c) following the occurrence of a Carve-Out Event, all Professional Fees accrued but unpaid prior
to such Carve-Out Event, (d) following the occurrence and during the pendency of a Carve-Out
Event, the payment of Professional Fees incurred after the occurrence and during the pendency of
such Carve-Out Event, in an aggregate amount not to exceed (i) $7.5 million for the Debtors' and
any Committees' Professionals, and (ii) for any trustee(s) and its or their Professionals (in the
aggregate) $1 million plus any unused amounts remaining under that portion of the Carve-Out
described in preceding clause (i) as of the date of the appointment of such trustee(s) (for the
avoidance of doubt, "unused" amounts excludes amounts of accrued and unpaid chapter 11 fees
or expenses subject to the Carve-Out), and (e) quarterly fees required to be paid pursuant to 28
U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court and any agent
thereof ((b) through (e), collectively, the "**Carve-Out**"), provided, however, that the Carve-Out
shall not include Professional Fees incurred in connection with asserting any claims or causes of
action against Lenders or Agent and/or challenging any lien of Lenders or Agent with respect to
the Obligations.  Notwithstanding any provision of this Order, the amount of any Carve-Out

10

000018

available for the benefit of any particular Professional pursuant to clauses (b) and (c) of the preceding sentence shall be limited to the amount of unpaid Professional Fees (i) covered by invoices previously submitted to the Debtors (with a copy to the Agent) and (ii) without duplication, Professional Fees accrued within a consecutive thirty day period immediately prior to the occurrence of such Carve Out Event plus, without duplication, the amount of any good-faith estimate of accrued Professional Fees for such Professional previously provided by such Professional to the Debtors and the Agent in writing from time to time. The provisions herein for the Carve-Out shall not reduce Agent's or Lenders' claims to or rights in the Collateral or the amount of Debtors' Obligations to Lenders.

    8.  Neither the Debtors, the Debtors' estates nor the Debtors' professionals shall assert a claim under section 506(c) of the Bankruptcy Code against Agent or any Lender for any costs and expenses incurred in connection with the preservation, protection or enhancement of, or realization by the Agent or Lenders upon the Collateral. The Agent and Lenders shall not be subject to the equitable doctrine of marshaling or any other similar doctrine with respect to any Collateral. None of the Agent or Lenders shall be required to file or serve financing statements, mortgages, patent and trademark security agreements and similar instruments which are used to perfect liens and security interests in intellectual property, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect the Liens. If, however, the Agent or any Lender, in their sole discretion, shall determine to file any such financing statements, mortgages, agreements, notices of lien or similar instruments, or to otherwise confirm perfection of such Liens, the Debtors are obligated to cooperate with and assist in such

11

process, and all such documents shall be deemed to have been perfected at the time of and on the date of this Order, and shall be and hereby are deemed and adjudicated senior to any other post-petition filing by any other person or entity with respect to the same collateral.

9.     A copy of this Order may be used by Agent as a financing statement, mortgage, deed of trust or similar instrument for purposes of any public filing made by Agent for the perfection of Agent's liens.  All state, federal, and county recording officers are authorized and directed to accept a copy of this Order for filing for such purposes.

10.     As long as any portion of the Obligations remains unpaid, or any Loan Document remains in effect (without prejudice to other Events of Default set forth in the Loan Agreement), in addition to the other Events of Default set out in the Loan Documents it shall constitute an Event of Default if (a) there shall be entered any order dismissing any of the Chapter 11 Cases, or an order shall be entered by the Bankruptcy Court (or the Debtors shall file an application or motion for such an order) converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, or (b) there shall be entered in any of the Chapter 11 Cases or any subsequent chapter 7 case any order which authorizes under any section of the Bankruptcy Code, including sections 105, 363, or 364 of the Bankruptcy Code, (i) the granting of any lien or security interest in any property of the Debtors in favor of any party other than the Agent and the Lenders, (ii) the obtaining of credit or the incurring of indebtedness that is entitled to super-priority administrative status, in either case equal or superior to that granted to the Agent and the Lenders pursuant to this Order (other than the Carve-Out), or (iii) the use of Cash Collateral or the Debtors seek any of the foregoing relief; unless, in connection with any transaction cited in clause (i), (ii), or (iii) of this paragraph, such order requires that the

12

000020

Obligations shall first be indefeasibly paid in full in cash (including cash collateralization or backstopping of all then outstanding Letters of Credit). Otherwise, and in addition to creating an Event of Default, the Debtors, on behalf of their estates, expressly waive any right to request, without the prior written consent of Agent, any relief of the type described in the preceding sentence.

11.     Upon the occurrence of and during the continuance of any Event of Default, including the Events of Default identified in Section 9.1 of the Loan Agreement, the Agent and the Lenders may, acting pursuant to the Loan Agreement, exercise rights and remedies and take all or any of the following actions without further relief from the automatic stay pursuant to section 362(a) Bankruptcy Code or any other applicable stay or injunction (which have been modified and vacated, as heretofore ordered, to the extent necessary to permit such exercise of rights and remedies and the taking of such actions) or further order of or application to this Court: (a) terminate or suspend the Commitment and thereafter cease to issue Letters of Credit or make Loans to the Debtors; (b) declare the principal of and accrued interest, fees and other liabilities constituting the Obligations to be due and payable; (c) set-off amounts in any of the Debtors' accounts maintained with a Lender or otherwise enforce rights against any other Collateral in the possession of the Agent or Lenders; (d) charge the default rate of interest as set forth in the Loan Documents; and/or (e) take any other action or exercise any other right or remedy permitted to the Lenders under the Loan Documents, this Order, or applicable law. The Debtors waive any right to seek relief under the Bankruptcy Code, including, without limitation, under section 105, to the extent any such relief would in any way restrict or impair the rights and remedies of the Agent or the Lenders set forth in this Order and in the Loan Documents. If any

13

000021

of the Debtors or any other person challenges the occurrence of an Event of Default, any such

objector's remedy shall be limited to requesting a hearing before this Court at least on five

business days' written notice (a "**Hearing Notice**") to Lenders and the Agent.  If a hearing is

requested in accordance with the preceding sentence, then subsequent to receipt by Agent of a

Hearing Notice, unless the Court orders otherwise, Lenders and the Agent shall not take the

actions described in clauses (c) or (e) above (or shall suspend such actions if commenced prior to

Agent's receipt of a Hearing Notice) for at least five business days after Agent's receipt of a

Hearing Notice.  In any such hearing, the sole issue before the Court shall be whether an Event of

Default exists.

           12.     The Debtors are authorized to perform all acts, and execute and comply

with the terms of such other documents, instruments and agreements in addition to the Loan

Documents, as the Agent or the Lenders may reasonably require, as evidence of and for the

protection of the Obligations or the Liens in favor of Agent, or which otherwise may be deemed

reasonably necessary by the Agent or the Lenders to effectuate the terms and conditions of this

Order and the Loan Documents.  The Debtors, the Agent and the Lenders are hereby authorized

to implement, in accordance with the terms of the Loan Agreement, any non-material

modifications (including, without limitation, any change in the number or composition of the

Lenders) of the Loan Agreement without further notice or order of this Court.

           13.     Without limiting the rights of access and information afforded the Agent

and the Lenders under the Loan Documents, the Debtors shall afford representatives, agents

and/or employees of the Agent and the Lenders reasonable access to the Debtors' premises and

their records in accordance with the Loan Documents and shall cooperate, consult with, and

14

provide to such persons all such non-privileged information and information not subject to a binding confidentiality agreement, as they may reasonably request.

14.     The Debtors shall be jointly and severally liable for all Obligations.  To the extent any Debtor (a "**Funding Debtor**") makes aggregate payments to Agent or Lenders in excess of the aggregate amount of all loans and advances received by such Funding Debtor from Lenders after the Petition Date, then such Funding Debtor, after the payment in full of the Obligations and termination of the Commitments, shall be entitled to a claim under Section 364(c)(1) of the Bankruptcy Code against each other Debtor, in such amount as may be determined by the Bankruptcy Court taking into account the relative benefits received by each such person, and such claim shall be deemed to be an asset of the Funding Debtor; provided that any such claim shall be subordinate and junior in all respects to the liens and claims of the Agent and Lenders set forth herein and in the Loan Documents.

15.     Having been found to be extending credit, issuing Letters of Credit and making Loans to the Debtors in good faith, based on the record before this Court, the Agent and the Lenders shall be entitled to the full protection of section 364(e) of the Bankruptcy Code with respect to the Obligations and the Liens created, adjudicated or authorized by this Order in the event that this Order or any finding, adjudication, or authorization contained herein is stayed, vacated, reversed or modified on appeal. Any stay, modification, reversal or vacation of this Order shall not affect the validity of any Obligations of the Debtors to the Agent or the Lenders incurred pursuant to this Order. Notwithstanding any such stay, modification, reversal or vacation, all Loans made and all Letters of Credit issued pursuant to this Order and the Loan Agreement and all Obligations incurred by the Debtors pursuant hereto prior to the effective date

15

| CH_DOCS\212364.13 [W97]|

of any such stay, modification, reversal or vacation shall be governed in all respects by the original provisions hereof, and the Agent and the Lenders shall be entitled to all the rights, privileges and benefits, including without limitation, the liens, security interests and first priorities granted herein with respect to all such Obligations.

16.     Neither the Agent nor any Lender shall be deemed to be in "control" of the operations of any Debtor, to be acting as a "responsible person" or "owner" or "operator" with respect to the operation or management of any Debtor (as such terms or similar terms are used in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, or any similar federal or state statute) by reason of any credit extended to the Debtors under the Loan Agreement or the exercise by the Agent or any Lender of any rights or remedies hereunder or thereunder.

17.     The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order (a) confirming any plan of reorganization in the Chapter 11 Cases, and, to the extent not satisfied in full in cash, (or, with respect to the Letters of Credit, with cash collaterization or supporting Letters of Credit) the Obligations shall not be discharged by the entry of any such order, or pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors having hereby waived such discharge; (b) converting any of the Chapter 11 Cases to a chapter 7 case; or (c) dismissing any of the Chapter 11 Cases, and the terms and provisions of this Order as well as the claims and liens granted pursuant to this Order and the Loan Documents shall continue in full force and effect notwithstanding the entry of such order, and such claims and liens shall maintain their priority as provided by this Order until all of the Obligations are indefeasibly paid in full in cash and discharged.

16

000024

18.     Pursuant to Section 552(a) of the Bankruptcy Code, all property acquired by the Debtors after the Petition Date, is not and shall not be subject to any lien of any entity resulting from any Prior Claim except to the extent that such property constitutes proceeds of property encumbered by a Prior Claim.

19.     To the fullest extent permitted by law, the provisions of this Order and the Loan Documents shall be binding upon and inure to the benefit of the Agent, the Lenders, the Debtors, and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Cases or in subsequent chapter 7 cases as a legal representative of the Debtors or their estates.

20.     Notwithstanding anything to the contrary in the Loan Documents or this Order, the avoidance of a lien on, or claim with respect to, property of any Debtor under sections 544, 546, 547, 548, 549, 550 or 553 of the Bankruptcy Code shall not diminish the validity or priority of the Lien granted with respect to such property to the Agent and/or the Lenders hereby or in the Loan Documents or any claims granted to Agent hereunder.

21.     In the event of any conflict between any term, covenant or condition of this Order and any term, covenant or condition of the Interim Order or any Loan Document, the provisions of this Order shall control and govern.

22.     The Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: _____ __, 2001
         Wilmington, Delaware

_____
UNITED STATES JUDGE

17

000020

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## **AFFIDAVIT OF SERVICE**

STATE OF DELAWARE     )
                                        )    SS:
COUNTY OF NEW CASTLE   )

Holly Taylor DalBello, being duly sworn according to law, deposes and says that

she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. and that on the

18th day of April, 2001 she caused a copy of the following document to be served on the

individuals on the attached service list in the manner indicated.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Notice of Final Hearing and Entry of Second Interim Order Authorizing Secured Post-Petition Financing on a Priority Basis Pursuant to 11 U.S.C. § 364, Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362 and Scheduling a Final Hearing.**

Dated:  April 19, 2001

Holly Taylor DalBello

Sworn to and subscribed before
me this _19th_ day of April, 2001

Notary Public
My Commission Expires:  _03-21-02_

**W. R. Grace LIEN HOLDER SERVICE LIST**
Case No. 01-1139 (RJN)
Doc. No. 20127
April 18, 2001
00 - Hand Delivery
07 - Federal Express
53 - First Class Mail
02 - Foreign First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esq.
David Carickoff, Esq..
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esq.
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Federal Express*
Potomac Industrial Trucks, Inc.
800 Ritchie Road
Capitol Heights, MD 20743
Attn: Ted Wolff

*Federal Express*
General Electric Capital Corporation
8480 E. Orchard Road, #500
Englewood, CO 80111

*Federal Express*
Wells Fargo Financial Leasing
1700 Iowa Avenue
Ste. 240
Riverside, CA 92507

*Federal Express*
)
IBM Credit Corporation
1133 Westchester Avenue
White Plains, NY 10604

*Federal Express*
)
Citicorp Del Lease Inc.
450 Mamaroneck Avenue
Harrison, NY 10528

*Federal Express*
State Street Bank & Trust Co.
of Connecticut N.A.
750 Main Street, Suite. 11114
Hartford, CT 06103

*Federal Express*
American Business Credit Corporation
4333 Edgewood Road, N.E.
Suite. 400
Cedar Rapids, Iowa 52401

*Federal Express*
(Atorneys for London & Leeds)
Laura H. Berbert, Esq.
Bergman, Berbert & Schwartz
7315 Wisconsin Avenue, Suite 800W
Bethesda, MD 20814

*Federal Express*
(Attorney for London& Leeds)
M. Melissa Glassman, Esq
Mcguire, Woods, Battle & Booth, LLP
8280 Greenboro Drive, Suite 900
P.O. Box 9346
McLean, VA 22102

*Federal Express*
Government of the District of Columbia
Dept. of Finance and Revenue
Municipal Cente



**Federal Express**
Safeco Credit Co., Inc.
Safeco Plaza A-Bldg.
Seattle, WA 98185

**Express Mail**
Toyota Motor Credit Corp.
P.O. Box 3457
Torrance, CA 90510

**Express Mail**
TMCC Equipment Finance MS R307
P.O. Box 3457
Torrence, CA 90510-3457

**Federal Express**
Government of the District of Columbia
Dept. of Finance and Revenue
Municipal Center Building
Room 500S
300 Indian Avenue, N.W.
Washington, DC 20001
Attn: C. Gant

**Express Mail**
(Attn: Elizabeth Carpentier)
South Carolina Tax Commission
Revenue Department
P.O. Box 125
Columbia, SC 29214

**Federal Express**
(Attn: Rebecca L. Daum)
Ohio State Taxation Department
30 E. Broad Street
22nd Floor
Columbus, OH 43215

**Federal Express**
(Attn: Fred Fisher)
Colorado State Revenue Department
1375 Sherman Street
Room 404
Denver, CO 80203

**Federal Express**
Imperial Bank
226 Airport Pkwy.
Southwest Regional Office
San Jose, CA 95110

**Federal Express**
Congress Financial Corporation (Western)
225 South Lake Avenue
Suite 1000
Pasadena, CA 91101

**Federal Express**
Coast Business Credit, a Division of
Southern Pacific Bank
12121 Wilshire Blvd., Suite 1111
Los Angeles, CA 90025-1174

**Federal Express**
General Electric Capital Corporation
1400 Computer Drive
Westborough, MA 01581

**Federal Express**
Jonathan Neil & Associates, Inc.
c/o Bruce A. Hatkoff, a Law Corporation
18321 Ventura Blvd., Suite 1000
Tarzana, CA 91356

**Federal Express**
Hamilton Hallmark Electronics
a Division of Avnet, Inc.
c/o Gary Wexler, Esq.
Reish & Luftman
11755 Wilshire Blvd., 10th Floor
Los Angeles, CA 90025-1516

**Federal Express**
De Lage Landen Financial Services, Inc.
File #43,024
c/o Cook, Perkiss & Lew, PLC
333 Pine Street, Third Floor
San Francisco, CA 94101

*Federal Express*
Azlan Akam, N.V.
C/o Charles B. Carey, Law Offices
24012 Calle De La Plata, Suite 230
Laguna Hills, CA  92653-7610

*Federal Express*
NTFC Capital Corporation
501 Corporate Centre Drive
Suite 600
Franklin, TN  37067

*Federal Express*
Comprador Corporation
700 North Woodward Avenue
Suite 300
Birmingham, MI  48009

*Federal Express*
Climax Molydenum Co.
101 Marritt 7 Corp. Park
Norwalk, CT  06856-5113

*Federal Express*
Comprador Corporation
350 North Woodward Avenue
Suite 200
Birmingham, MI  48009

*Federal Express*
Masterlift-Yale
208 Azar Court
Baltimore, MD  21227

*Federal Express*
Safeco Credit Co., Inc.
Safeco Plaza, A-Bldg.
Seattle, WA  98185

*Federal Express*
Grace Receivables Purchasing, Inc.
501 Elm Street, Suite 410
Dallas, TX  75202-3333

*Federal Express*
Internal Revenue Service
California Office
1650 Mission St., Ste. 511
San Francisco, CA  94103
Attn: Robert Trujillo

*Federal Express*
Internal Revenue Service
Central California Area Office
55 S. Market Street
San Jose, CA  95113
Attn: Don Hallenbeck

*Federal Express*
Modern Handling Equipment, Co.
2501 Durham Road
Bristol, PA  19007

*Federal Express*
Hyster Credit Company
5335 SW Meadows Road
Suite 300
Lake Oswego, OR  97035

*Federal Express*
Citicorp Dealer Finance
450 Mamaroneck Avenue
Harrison, NY  10528

*Federal Express*
U.S. Leasing Corp.
733 Front Street
San Francisco, CA  94111

*Federal Express*
Mitchell Distributing Company
3535 N. Graham Street
Charlotte, NC  28206

*Federal Express*
Newcourt Communications Finance
Corporation
2 Gatehall Drive
Parsippany, NJ  07054



*Federal Express*
First Access
6400 W. 73rd Street
Bedford Park, IL  60638

*First Class Mail*
Nationsbank, N.A., as Agent
101 N. Tryon St., 15th Floor
Charlotte, NC  28255
Attn: Molly Canup

*Federal Express*
Torrance Electric Company, Inc.
700 16th Street, NE
Cedar Rapids, IA  52402

*Federal Express*
Yale Financial Services, Inc.
15 Junction Road
Flemington, NJ  08822

*Federal Express*
Dell Financial Services, LP
14050 Summit Drive
Building A, Suite 101
Austin, TX  78758

*Federal Express*
Safeco Credit Co. Inc.
DBA Safeline Leasing
10915 Willows Rd. NE
Redmond, WA  98052

*Federal Express*
Lease Plan U.S.A., Inc.
180 Interstate North Parkway
Atlanta, GA  30339

*Federal Express*
The CIT Group/Equipment Financing, Inc.
900 Ashwood Parkway, 6th Floor
Atlanta, GA  30338

*Federal Express*
BSFS Equipment Leasing
501 Corporate Centre Drive
Suite 600
Franklin, TN  37067

*Federal Express*
James P Hasset, as Trustee for CMI
Corporation
One CSI Parkway
P.O. Box 4785
Syracuse, NY  13221-4785

*Federal Express*
Butler Leasing Company
P.O. Box 677
Hunt Valley, MD  21030-0677

*Federal Express*
General Electric Capital Corporation
44-2 Old Ridgebury Road
Danbury, CT 06810

*Federal Express l*
Mobil Chemical Comany
Division of Mobil Oil Corporation
1150 Pittsford-Victor Road
Pittsford, NY  14534

*Federal Express*
Boatman's Bank of Southwest Missouri
231 S. Main
Carthage, MO  64836

*Federal Express*
Konica Business Machines
500 Day Hill Road
Windsor, CT  06095

*Federal Express*
Information Leasing Corporation
1023 West 8th Street
Cincinnati, OH  45203

**Federal Express**
Technology Credit Corporation
1620 Zanker Road, Suite 236
San Jose, CA  95112

**Federal Express**
Leasetec Corporation
1401 Pearl Street
Boulder, CO  80302

**Federal Express**
Komatsu Financial Limited Partnership
1333 Butterfield Road
Downers Grove, IL  60515

**Federal Express**
Sanwa Leasing Corporation
P.O. Box
Troy, MI  48007-7023

**Foreign First Class Mail**
Calle Centenario 156
P.O. Box 12-067
Lima 12, Peru

**Foreign First Class Mail**
Lampa 401/499 (100)
P.O. Box 225
Lima 1, Peru

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 20058
April 18, 2001
06 – Hand Delivery
07 – Federal Express
36 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Federal Express*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE  19801

*Federal Express*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Federal Express*
(Local Counsel to Asbestos Claimants)
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Federal Express*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Federal Express*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivak, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Federal Express*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Federal Express*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601



**Federal Express**
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

**Federal Express**
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11, Merrill Lynch Canada
Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

**Federal Express**
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

**Federal Express**
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue 36th Floor
New York, NY 10022

**Federal Express**
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Federal Express**
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, Florida 33131

**Federal Express**
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**Federal Express**
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

**Federal Express**
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**Federal Express**
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

**Federal Express**
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

*Federal Express*
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

*Federal Express*
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

*Express Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*Express Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*Federal Express*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, Colorado  80202

*Federal Express*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT 59901

*Federal Express*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX 77002-5012

*Federal Express*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*Federal Express*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*Federal Express*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY 10176

*Federal Express*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

*Federal Express*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

*Federal Express*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*Federal Express*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*Federal Express*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*Federal Express*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

*Federal Express*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

*Federal Express*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*Federal Express*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*Federal Express*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*Federal Express*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*Federal Express*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, Texas 75204

*Federal Express*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*Federal Express*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

*Federal Express*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA 19428-2961

*Federal Express*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*Federal Express*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*Federal Express*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

*Federal Express*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471

*Federal Express*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*Federal Express*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

***No Trailer - DO NOT delete***