BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | ) | MDL Docket No. _____ |
| | ) | |
| ZONOLITE ATTIC INSULATION | ) | |
| LITIGATION | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF TRANSFER AND
COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

[Additional Counsel Listed on Signature Page]

Attorneys for Individual and Representative
Plaintiffs Paul Price, John Prebil, and Margery
Prebil

044.zon

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................... 1

II.     PENDING ACTIONS .................................................. 2

        A.    Common Defendants ........................................... 3

        B.    Coordinated Equitable Relief ................................... 3

        C.    Common Factual and Legal Issues .............................. 4

III.    TRANSFER TO ONE DISTRICT FOR COORDINATED OR CONSOLIDATED
        PRETRIAL PROCEEDINGS WILL PROMOTE § 1407'S GOALS OF
        INSURING THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS, AND
        AVOIDING INCONSISTENT OR CONFLICTING SUBSTANTIVE AND
        PROCEDURAL DETERMINATIONS ....................................... 5

IV.     THE NEED FOR TRANSFER AND COORDINATION IN THE CLASS
        ACTION CONTEXT ................................................... 6

V.      THE NECESSITY OF A CONSOLIDATED PROPERTY DAMAGE MDL,
        SEPARATE FROM THE ASBESTOS PERSONAL INJURY CASES
        CONSOLIDATED AS MDL NO. 825 ..................................... 6

VI.     FORUM SELECTION CRITERIA UNDER § 1407 ............................ 7

        A.    Location Of Parties, Witnesses And Documents .................. 8

        B.    Advancement Of Proceedings And Judicial Efficiency ............ 9

VII.    CONCLUSION ...................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

In re "Agent Orange" Prod. Liability Litig.
597 F. Supp. 740 (E.D.N.Y. 1984), affirmed,
818 F.2d 145 (2d Cir. 1987), cert. denied,
484 U.S. 1004 (1988), on remand, 689 F. Supp. 1250
(E.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Bristol Bay, Salmon Fishery Antitrust Litig.
424 F. Supp. 504 (J.P.M.L. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Exterior Siding and Aluminum Coil Litig.
538 F. Supp. 45 (D.C. Minn. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Fed. Election Campaign Act Litig.
511 F. Supp. 821 (J.P.M.L. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re First Nat'l Bank, etc.
451 F. Supp. 995 (J.P.M.L. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Gen. Tire & Rubber Co. Sec. Litig.
429 F. Supp. 1032 (J.P.M.L. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re IBM Peripheral EDP Devices Antitrust Litig.
411 F. Supp. 791 (J.P.M.L. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Litig. Arising from Termination of Retirement Plan
for Employees of Fireman's Fund Ins. Co.
422 F. Supp. 287 (J.P.M.L. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

In re LTV Corp. Sec. Litig.
470 F.Supp. 859 (J.P.M.L. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Nat'l Airlines, Inc., etc.
399 F. Supp. 1405 (J.P.M.L. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re New Mexico Natural Gas Antitrust Litig.
482 F. Supp. 333 (J.P.M.L. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re New York City Mun. Sec. Litig.,
572 F.2d 49 (2d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

In re Roadway Express, Inc. Employment Practices Litig.
384 F. Supp. 612 (J.P.M.L. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## FEDERAL STATUTES

28 U.S.C. § 1407 .................................................. 2, 4, 5, 7, 8, 10

## TREATISES

Manual for Complex Litigation, Third (Federal Judicial Center 1995)
    § 31.13, pp. 251-6 ....................................................... 8, 9

## I.
## INTRODUCTION

Plaintiffs Paul Price, John Prebil and Margery Prebil respectfully move the Judicial Panel on Multidistrict Litigation to transfer all federal Zonolite attic insulation cases to a single district for coordination or consolidation, pursuant to 28 U.S.C. § 1407 and the Panel's Rules of Procedure. Plaintiffs request transfer to one of the three courts with already pending Zonolite cases. There are presently three Zonolite attic insulation class action cases pending before three able federal judges in three different districts, and statutory considerations under Section 1407 support transfer to any of these three courts. Zonolite was manufactured in Montana and, as a result, there are strong reason in terms of convenience and center of gravity to favor the District of Montana, where class certification and preliminary injunction motions were recently filed before Judge Donald W. Molloy and where discovery is active. Similarly, Judge Patti B. Saris of the district of Massachusetts has taken an active approach to case management in the Zonolite class action before her and has raised the issue of coordination of the federal cases and cooperation with state courts. The Southern District of Illinois has a relatively uncrowded docket and Judge G. Patrick Murphy could also handle the Zonolite class claims before him swiftly and efficiently.

The Zonolite actions involve an attic insulation product, manufactured by W. R. Grace & Company ("Grace") and its predecessor, Zonolite Company. Zonolite is made of asbestos-contaminated vermiculite that contains readily airborne asbestos. Grace's Zonolite Attic insulation was installed as a safe and non-toxic "do-it-yourself" product by homeowners, mostly in older homes that are in frequent in need of maintenance, repair and remodeling involving rewiring, installation and replacement of fixtures and utilities in ceilings, attics, and walls, and similar dust-creating activities. See Exhibits 1 and 2 to the accompanying Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (Exhibit 1 is a demonstrative exhibit from a November, 1960 Zonolite advertisement from the Western News proclaiming the product to be "safe" and "non-irritating to the skin and lungs." Exhibit 2 is a demonstrative exhibit of a photograph of a bag of Zonolite attic insulation and a Zonolite booklet "Modern Miracle of Insulation," stating that there was "no need for mask," and that the product "contains no harmful chemicals.")

Homeowners are generally unaware of the presence of asbestos in Grace's Zonolite Attic insulation and the dangers posed when this product is disturbed. As a result, homeowners nationwide are regularly exposed to Grace's Zonolite Attic insulation during maintenance, repair, and remodeling, and even during routine visits to their attics, without their having any knowledge of the hazard, or protection from the exposures. Zonolite therefore constitutes an immediate, present and ongoing threat to public health and endangerment of property. Earlier this month, the United States Public Health Services, Region VIII, requested the National Institute for Occupational Safety & Health ("NIOSH") to investigate Zonolite health and safety risks to workers and residents. Motion, Exhibit 3, (August 1, 2000 letter to NIOSH from Hugh S. Sloan, Assistant Attorney General).

Plaintiffs contend that, once warned, class members can protect themselves and their families by, for example, keeping their children from playing in asbestos contaminated attics and by taking other appropriate precautions, especially with remodeling activities. Immediate identification of homes containing Zonolite, informative warnings to owners and residents of those homes, and a comprehensive program to develop and implement specialized safety and remediation procedures, administered under court supervision and at the defendants' expense, is a necessity. Such actions, if taken promptly and comprehensively, will prevent disease and death, and avoid the necessity of filing future personal injury and wrongful death lawsuits.

The three nationwide class actions already on file, and the many anticipated additional lawsuits prompt this motion for transfer under 28 U.S.C. § 1407. Actions are pending in the District of Montana, the District of Massachusetts, and the Southern District of Illinois. These actions arise from the identical course of conduct involving common defendants, and common questions of fact and law arising out of allegations that Zonolite exposure causes life-threatening cancers and lung diseases. They seek virtually identical primary relief in the form of equitable asbestos education, notification and remediation programs.

## II.
## PENDING ACTIONS

Lindholm v. W.R. Grace & Co., Civil Action No. 00 CV 10323PBS, is now
pending in the District of Massachusetts, where it was filed on February 22, 2000, and is assigned
to the Honorable Patti B. Saris. Price v. W.R. Grace & Co. (Price), Civil Action No. CV 00-71-
M-DWM, is now pending in the District of Montana (Missoula Division), where it was filed on or
about April 13, 2000 and is assigned to the Honorable Donald W. Molloy. Hunter v. W.R. Grace
& Co. (Hunter), Civil Action No. 00-569-GPM, is now pending in the Southern District of
Illinois, where it was filed on July 19, 2000, and assigned to the Honorable G. Patrick Murphy.
There may be other pending federal actions, of which the moving plaintiffs are unaware. We will
bring these to the Panel's attention as we learn of them.

### A.    Common Defendants

All three pending federal actions are brought against the same closely related
entities centering around W.R. Grace & Co ("Grace"), with the exception that the Lindholm action
does not name defendant Sealed Air Corporation, a Grace-associated entity.

### B.    Coordinated Equitable Relief

Price and Hunter seek virtually identical class-wide injunctive relief on behalf of
persons nationwide who own and/or reside in homes insulated with Zonolite Attic insulation as
follows:

a.      interim and final orders establishing a Defendant-funded Court-supervised
program to identify homes and buildings containing Zonolite Attic insulation, together with a
testing program to verify the suspected existence of Zonolite in homes and other buildings;

b.      interim and final orders establishing a Defendant-funded Court-supervised
notification program that will issue timely and pertinent warnings and information to those in
danger, informing them that Zonolite Attic insulation contains toxic asbestos, that property
owners and occupants should not engage in remodeling or other building activities that risk
disturbance of Zonolite, etc.;

c.      a final order establishing a Defendant-funded Court-supervised health and
safety research and education trust to conduct pertinent research and disseminate relevant

findings, the mission of the trust to include development of specialized safety procedures and remediation techniques appropriate to Zonolite Attic insulation contamination; and

        d.     a final order establishing a Defendant-funded Court-supervised remediation and containment program and fund, which will provide Class members with (1) information and protocols for safe containment of the asbestos hazards during anticipated activities of repair, remodeling, storage or other use of attic space, venting ceiling fans, etc.; and (2) training, equipment, funding, and other assistance necessary to ensure a safe environment in homes and other buildings by containment during ordinary use, as well as during and following repair. maintenance, remodeling, and other activities which disturb Zonolite Attic insulation.

        Likewise, the Lindholm action seeks equitable relief and damages for a class of homeowners nationwide whose residences contain Zonolite.

C.    **Common Factual and Legal Issues**

        The legal and factual issues raised by the three pending actions are the same. All three actions seek similar relief for a nationwide classes of persons homeowners and residents who live with Zonolite attic insulation. Similarly, each of the three action raise the following factual and legal issues against Grace:

        (a)    Whether Zonolite attic insulation mined, manufactured and sold by Grace is dangerous in its design and/or manufacture in that it contains dangerous levels of readily airborne asbestos which Grace has never warned about;

        (b)    Whether owners and occupiers of properties in which Zonolite attic insulation are installed are unaware of dangers posed by this product and unaware of safeguards that must be taken to avoid harmful exposure to asbestos;

        (c)    Whether Grace intentionally concealed asbestos health hazards from consumers and government agencies responsible for public health;

        (d)    Whether Grace's public announcements, statements, or representation concerning Zonolite attic insulation were untrue, deceptive, or misleading; and

        (e)    Whether Grace's conduct with respect to Zonolite attic insulation warrants a classwide award of punitive damages.

MEMORANDUM IN SUPPORT OF TRANSFER AND COORDINATION UNDER 28 U.S.C. § 1407

Given the similarity among these actions, transfer and coordination or consolidation under 28 U.S.C. § 1407 is in the best interests of the litigants as well as the federal judicial system. Coordination at this early juncture in these proceedings will provide an opportunity to avoid inconsistent injunctive rulings, duplication of effort and the unnecessary expenditure of time and money in the litigation of common legal and factual issues.

### III.
### TRANSFER TO ONE DISTRICT FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS WILL PROMOTE § 1407'S GOALS OF INSURING THE JUST AND EFFICIENT CONDUCT OF THE ACTIONS, AND AVOIDING INCONSISTENT OR CONFLICTING SUBSTANTIVE AND PROCEDURAL DETERMINATIONS

The purpose of 28 U.S.C. § 1407 is to provide centralized management, under a single court's supervision, of pretrial proceedings of litigation arising in various districts to insure the just, efficient and consistent conduct and adjudication of such actions. In re New York City Mun. Sec. Litig., 572 F.2d 49, 50 (2d Cir. 1978).

The transfer of actions to a single forum under § 1407 is appropriate where, as here, it will prevent duplication of discovery, and, most importantly in the instant case, it will eliminate the possibility of overlapping or inconsistent pleading and class action determinations by courts of coordinate jurisdiction. In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co., 422 F. Supp. 287, 290 (J.P.M.L. 1976); In re LTV Corp. Sec. Litig., 470 F.Supp. 859, 862 (J.P.M.L. 1979); In re Exterior Siding and Aluminum Coil Litig., 538 F. Supp. 45, 47 (D.C. Minn. 1982); In re "Agent Orange" Prod. Liability Litig., 597 F. Supp. 740, 752 (E.D.N.Y. 1984), affirmed, 818 F.2d 145 (2d Cir. 1987), cert. denied, 484 U.S. 1004 (1988), on remand, 689 F. Supp. 1250 (E.D.N.Y. 1988).

The litmus test of transferability and coordination under § 1407 is the presence of common questions of fact. In re Fed. Election Campaign Act Litig., 511 F. Supp. 821, 823 (J.P.M.L. 1979). All actions arising from the presence of Zonolite will raise common questions of fact as outlined above. As noted hereinabove, such transfer and coordination is particularly appropriate at this time because formal discovery has not advanced materially in any of the actions, and because none of the courts has, as yet, issued any rulings on the common factual or

legal issues involved. Thus, coordination and transfer will effectuate an obvious savings of time and resources, will not delay the proceedings and will eliminate potential confusion among class members.

## IV.
## THE NEED FOR TRANSFER AND
## COORDINATION IN THE CLASS ACTION CONTEXT

Of central concern to Plaintiffs is the potential for disruption, confusion and prejudice created by the pendency of three (and possibly more) class actions seeking nationwide relief in at least three districts, all effectively seeking judicial determination as to the definition, certification and notice to members of the same or essentially the same Plaintiff Class. The Judicial Panel has consistently held that when the risk of overlapping or inconsistent class determinations exists, transfer of actions to a single district for coordinated or consolidated pretrial proceedings is necessary in order to eliminate the possibility of inconsistent pretrial rulings, especially concerning class issues. In re Bristol Bay, Salmon Fishery Antitrust Litig., 424 F. Supp. 504, 506 (J.P.M.L. 1976); In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co., 422 F. Supp. at 290 (J.P.M.L. 1976); In re Nat'l Airlines, Inc., etc., 399 F. Supp. 1405, 1407 (J.P.M.L. 1975); In re Roadway Express, Inc. Employment Practices Litig., 384 F. Supp. 612, 613 (J.P.M.L. 1974). This is true even when only two actions are involved. In re First Nat'l Bank, etc., 451 F. Supp. 995, 997 (J.P.M.L. 1978).

All three of these actions seek relief for nationwide classes of persons who have Zonolite attic insulation in their homes. Assignment of these actions to the same judge would "surely [be] the most efficient way to resolve the questions of proper class representation and the effect of each of these actions on the other." In re Litig. Arising from Termination, supra, 422 F. Supp. at 290.

## V.
## THE NECESSITY OF A CONSOLIDATED PROPERTY DAMAGE MDL,
## SEPARATE FROM THE ASBESTOS
## PERSONAL INJURY CASES CONSOLIDATED AS MDL NO. 825

Plaintiff in the Hunter action has received notice of a proposed transfer to the Eastern District of Pennsylvania, as a tag-along action to the personal injury asbestos MDL

actions now pending in the Eastern District of Pennsylvania, under Docket No. 875. Plaintiffs in the Price and Hunter actions oppose consolidation and transfer of the Zonolite property damage cases with MDL 875 because the Zonolite cases involve property damages exclusively, and expressly exclude personal injury claims which are the essence of MDL 875.

Property damage claims have never been included in MDL 875 and, indeed, the Panel previously specifically declined to consolidate the various school asbestos actions with MDL 875. See In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415 (JPML 1991) (ordering centralization of personal injury and wrongful death actions only). The Zonolite actions expressly involve claims for property damage and for equitable relief in the form of emergency asbestos notification, education and remediation. The narrow and urgent issues implicated by these property warning claims would be most swiftly, fairly and efficiently addressed in their own consolidated proceeding, the need for which is intensified by the United States public health agencies own Libby Vermiculite specific health and safety warning investigations.

## VI.
## FORUM SELECTION CRITERIA UNDER § 1407

The Judicial Panel on Multidistrict Litigation has held that transfer should occur when the following criteria under § 1407 are met:

1.  Transfer best serves the convenience of the parties and witnesses and promotes the just and efficient conduct of the litigation;

2.  Analysis of the effective complaints reveals that they share common factual questions concerning intricate events and methods of operation, which are sufficiently complex to warrant transfer; and

3.  Placement of the affected actions under the control of a single judge insures that duplicative discovery of complex factual questions is prevented, and the possibility of conflicting pretrial rulings is eliminated.

See In re Gen. Tire & Rubber Co. Sec. Litig., 429 F. Supp. 1032, 1034 (J.P.M.L. 1977).

The answer to the threshold question of whether transfer and coordination will effectuate Section 1407's purposes seems clear; the answer to the question of "where?" is less obvious. The Judicial Panel has used various criteria to determine the most appropriate forum.

Among the factors the Panel considers are the convenience of the parties and witnesses, the relative progress which has been achieved in actions pending in various districts, the respective caseloads of the proposed transferee courts, the location of parties, witnesses and documents, the expertise of a particular court in the areas of law and procedures which govern the actions and, when no clear-cut choice emerges from analysis of the foregoing, and the preference of the majority of the parties. In re New Mexico Natural Gas Antitrust Litig., 482 F. Supp. 333, 337 (J.P.M.L. 1979).

A.    **Location Of Parties, Witnesses And Documents**

The individual and representative plaintiffs in the Price Action are located in Montana. The individual and representative plaintiff in the Hunter Action is located in Illinois. The individual and representative plaintiff in the Lindholm Action is located in Massachusetts. The Grace entities are incorporated in Delaware and Connecticut, but many of the tortious activities alleged here took place in Montana, where Grace mined and processed the vermiculite used in the Zonolite insulation product that is the subject of these proceedings. The Panel can expect that other cases may be filed in other judicial districts nationwide.

Selection of any single forum will undoubtedly create inconvenience to some parties. However, this may be properly ameliorated by the transferee judge, who is authorized to arrange for the conduct of depositions in other districts. In re IBM Peripheral EDP Devices Antitrust Litig., 411 F. Supp. 791 (J.P.M.L. 1976). Moreover, the practice of establishing and maintaining central document depositories, recommended by the Manual for Complex Litigation, Third (Federal Judicial Center 1995), § 31.13, pp. 251-6, and the ease with which documents may now be shipped cross-country overnight, scanned, stored, retrieved and analyzed by computer, renders the present physical location of the documents far less determinative a factor than it was when 28 U.S.C. § 1407 was enacted. In short, regardless of their potential volume, these documents are portable and may be ordered transferred, stored, and made accessible to all in a convenient location in any of the three district courts with existing cases.

B.    Advancement Of Proceedings And Judicial Efficiency

If the proceedings in a particular forum are significantly more advanced than elsewhere, such forum would appear to be the appropriate selection for transferee status.  In the case at hand, all actions are in their early stages, although class certification and preliminary injunction motions were filed in Price, and are now pending in the district of Montana, where discovery is also active.  As of the date of the filing of this Petition, formal discovery and initial disclosures have not materially advanced in either Hunter or Lindholm.

Selection of a district with sufficient resources to swiftly adjudicate the Zonolite actions merits consideration of the docket activities of the three districts with pending Zonolite actions.  According to the Federal Judicial Center, there were 3,639 pending civil actions in 1999 in the District of Massachusetts, 1,149 in actions pending in 1999 in the Southern District of Illinois and 728 actions pending in 1999 in the District of Montana.  See Motion, Exhibit 4, Federal Judicial Center's report on U.S. District Courts - Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending September 30, 1998 and 1999.

Wherever the cases are sent, the transferee court will be called upon the coordinate with related contemporaneously pending state court actions, a common feature of today's mass tort actions.  Manual for Complex Litigation, Third, supra, § 31.31, pp. 256-60.  Two additional Zonolite class actions are already pending in state courts.  Daily et al. v. W.R. Grace & Co. et al., is pending in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 00L656, and was filed on behalf of Illinois and Missouri homeowners with Zonolite insulation. Barbanti v. W.R. Grace & Co. et al., is pending in Spokane County Superior Court, Case No. 002011756-6, and was filed on behalf of Washington residents with Zonolite insulation.  The Illinois action is pending within the Southern District of Illinois, while the Spokane, Washington action is pending within close geographic proximity to the District of Montana, additional reasons to choose among these districts as the appropriate transferee court.

## VII.
## CONCLUSION

For the foregoing reasons, and for those stated in the accompanying <u>Motion</u>, Plaintiffs respectfully request that the <u>Price</u>, <u>Hunter</u>, and <u>Lindholm</u> actions be transferred and coordinated and/or consolidated before one of the three districts with existing Zonolite cases, under 28 U.S.C. § 1407, and that all related individual or class actions be transferred thereto as "tag along actions."

DATED:  August 17, 2000                        Respectfully submitted,

By: _Elizabeth J. Cabraser_
Elizabeth J. Cabraser   by EJV.

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Cntr
717 W Sprague Ave.
Spokane, WA  99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

NESS MOTLEY LOADHOLT
 RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9440

COHEN, MILSTEIN, HAUSFELD
 & TOLL, P.L.L.C.
999 Third Avenue, Suite 3600
Seattle, WA  98104
Telephone:  (206) 521-0080
Facsimile:  (206) 521-0166

COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3934
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

McGARVEY, HEBERLING, SULLIVAN
  & McGARVEY, P.C.
745 South Main
Kalispell, MT  59901
Telephone:  (406) 752-5566
Facsimile:  (406) 752-7124

Attorneys for Plaintiffs

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ZONOLITE ATTIC INSULATION | ) | MDL Docket No. 1376 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |

## MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO TRANSFER TO DISTRICT OF MASSACHUSETTS FOR COORDINATED PRETRIAL PROCEEDINGS AND IN SUPPORT OF A TRANSFER TO SOUTHERN DISTRICT OF ILLINOIS

Christopher A. Seeger
David R. Buchanan
Amy P. Albert
**SEEGER WEISS LLP**
One William Street
New York, New York 10004
Tel: (212) 584-0700
Fax: (212) 584-0799

Additional Counsel on Signature Page

**Attorneys for Plaintiff Jan Hunter**

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    PENDING ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.      Illinois Has Substantial Connections to This Case . . . . . . . . . . 5

        B.      The Southern District of Illinois is Centrally Located . . . . . . . . 6

        C.      Transfer of District Court Cases to Illinois
                Would Permit Coordination With State Court Cases . . . . . . . . 7

        D.      Massachusetts Is the Least Appropriate Forum . . . . . . . . . . . . . 8

        E.      Montana Is The Next Most Appropriate Forum . . . . . . . . . . . 10

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

Cases                                                                    Page(s)

In re Air Disaster Near Brunswick. Ga.,
  794 F. Supp. 393 (J.P.M.L. 1992) .......................................... 6

In re Bristol Bay, Salmon Fishery Antitrust Litig.,
  424 F. Supp. 504 (J.P.M.L. 1976) .......................................... 4

In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.,
  853 F. Supp. 454 (J.P.M.L. 1993) .......................................... 6

In re Fed. Election Campaign Act Litig.,
  511 F. Supp. 821 (J.P.M.L. 1979) .......................................... 3

In re Gross Common Carrier,
  843 F. Supp. 1506 (J.P.M.L. 1994) ......................................... 8

In re IBM Peripheral EDP Devices Antitrust Litig.,
  411 F. Supp. 791 (J.P.M.L. 1976) .......................................... 9

In re LTV Corp. Sec. Litig.,
  470 F. Supp. 859 (J.M.P.L. 1979) .......................................... 4

In re New York City Mun. Sec. Litig.,
  572 F.2d 49 (2d. Cir. 1978) ............................................ 4, 8, 9

In re Sugar Industry Antitrust Litigation,
  395 F. Supp. 1271 (J.P.M.L. 1975) ......................................... 4

In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.,
  844 F. Supp. 1553 (J.P.M.L. 1994) ......................................... 6


Federal Statutes

28 U.S.C. § 1407 ........................................... 1, 3, 4, 5, 6, 8, 9, 11

ii

## I.    INTRODUCTION

Plaintiff Jan Hunter ("Hunter") submits this memorandum in response to
Defendants' Motion to Transfer to the District of Massachusetts for Coordinated Pretrial
Proceedings, pursuant to 28 U.S.C. § 1407, and in support of transferring the pending
federal Zonolite Attic Insulation cases to the Southern District of Illinois, or alternatively,
to the District of Montana.

The actions currently pending in the Southern District of Illinois, the
District of Massachusetts, and the District of Montana each seek certification of a
nationwide class of persons who have purchased and/or installed Zonolite Attic Insulation
in their homes or businesses. Plaintiff agrees that all currently filed federal actions should
be consolidated and transferred for pretrial proceedings. Each of the actions share
common questions of fact and law, and transferring the cases for coordinated pretrial
proceedings will advance the purposes of 28 U.S.C. § 1407 by promoting the just and
efficient handling of the actions. Transferring and consolidating the cases is also necessary
and proper to prevent duplicative discovery, inconsistent rulings, and issues arising from
overlapping classes.

Contrary to Defendants' plea, however, the District of Massachusetts is the
least convenient and appropriate suggested transferee court in which to conduct pretrial
proceedings. Rather, fixing this litigation in the Southern District of Illinois for such
proceedings will best serve the goals of Section 1407. As described below, the Southern
District of Illinois has substantial contacts to the litigation, is the most centrally located
District Court, is easily accessible from the east *and* west coast, and has an uncrowded
docket capable of handling the litigation efficiently and competently. The Southern
District of Illinois is the most convenient and appropriate forum for coordinated pretrial

proceedings herein.

## II.     FACTUAL BACKGROUND

Each of the federal actions allege that Zonolite Attic Insulation, a product manufactured, distributed, and sold by W.R. Grace (and the other named Defendants), contained dangerous levels of asbestos, a known carcinogen threatening the health and safety of thousands of property owners. Zonolite Attic Insulation was purchased and installed in approximately one million homes, businesses, and other properties throughout the United States. Property owners are unaware of the severe dangers and consequences associated with exposure to Zonolite Attic Insulation, as well as the safeguards necessary to forestall future exposure to hazardous levels of asbestos. Class Members therefore continue to use their property in ways that pose additional risks to their health and their property, and often engage in activities that disturb Zonolite Attic Insulation, resulting in exposure to and inhalation of dangerous levels of asbestos into the air they breathe. Such common activities include utilizing attic space for storage, home maintenance activities, home remodeling, installing or replacing electrical fixtures, upgrading insulation, and use of attic spaces by children for play.

Despite Defendants' knowledge that the inhalation of the tiny asbestos fibers found in Zonolite Attic Insulation could lead to cancer and other deadly diseases, Defendants engaged in an intentional pattern and practice of concealing the dangers associated with Zonolite Attic Insulation for decades, representing that the product was "safe" and "contained no harmful chemicals."

Zonolite presents an immediate and ongoing threat to health and property. Class Members must be informed of the need to restrict their use and enjoyment of their property while appropriate operations and maintenance practices are implemented for the

2

purpose of protecting their health and safety. If Class Members are warned of the dangers, they can take action to prevent exposure to the product. Plaintiff, on behalf of all owners and occupiers of property containing Zonolite Attic Insulation, therefore seeks to establish a comprehensive program to implement procedures that will enable property owners to safely remove or contain this hazardous product.

## III.    PENDING ACTIONS

The following actions are currently pending before three separate District Courts: (i) Lindholm v. W.R. Grace & Co., Civil Action No. 00 CV 10323PBS, District Of Massachusetts (Boston), before Hon. Patti B. Saris[1]; (ii) Price v. W.R. Grace & Co., Civil Action No. 00-71-M-DWM, District of Montana (Missoula), before Hon. Donald W. Malloy; (iii) Hunter v. W.R. Grace & Co., Civil Action No. 00-569-GPM, Southern District Of Illinois, before Hon. Patrick G. Murphy.

Each of the above-named Plaintiffs purport to represent virtually identical classes of owners and occupants of property wherein Zonolite Attic Insulation has been installed, and each of the actions involves common Defendants. Further, each of the actions likewise alleges common questions of law and fact, and seeks virtually the same relief. Where, as here, common questions of fact are present, transfer and coordination of actions, pursuant to 28 U.S.C. §1407, is warranted. In re Fed. Election Campaign Act Litig., 511 F. Supp. 821, 823 (J.P.M.L. 1979) (finding that common questions of fact existed among the actions to warrant the centralization of the actions to one jurisdiction).

---

[1]    Although Defendants claim that there are two actions currently pending in the District of Massachusetts and that "half of the named plaintiffs are located in Massachusetts," those two cases have been consolidated into one action.

3

## IV.  ARGUMENT

The purpose of transferring pending federal actions to one District Court is to "streamline the efforts of the parties and witnesses, their counsel and the judiciary in order to effectuate an overall savings of cost and a minimum of inconvenience to all concerned."  In re Bristol Bay, Salmon Fishery Antitrust Litig., 424 F. Supp. 504, 506 (J.P.M.L. 1976).

Section 1407 prescribes transfer and consolidation of pretrial proceedings where (i) the actions share one or more common questions of fact; (ii) transfer and consolidation will serve the convenience of the parties and potential witnesses; and (iii) transfer and consolidation promotes the just and efficient conduct of the action.  In re New York City Mun. Sec. Litig., 572 F.2d 49, 50 n.1 (2d. Cir. 1978) (purpose of 28 U.S.C. § 1407 is to promote the just, efficient, and consistent adjudication of similar actions pending in various jurisdictions by coordinating pretrial proceedings before a single court); see also In re LTV Corp. Sec. Litig., 470 F. Supp. 859, 862 (J.M.P.L. 1979).

Transfer and coordination of the pending cases to a single forum is warranted to avoid the danger of potentially conflicting rulings on class certification, discovery, and other issues.  See In re Sugar Industry Antitrust Litigation, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (the Panel has "consistently held that the transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists").

There is no doubt that the actions currently pending in Massachusetts, Montana, and Illinois have common issues of fact and law sufficient to warrant transfer and coordination before one district court. In analyzing the objectives of § 1407, however, it is clear that such objectives would best be served by transferring the cases to the

4

Southern District of Illinois.

The Southern District of Illinois, located in East St. Louis, Illinois, is the most convenient venue for all parties and witnesses involved in the actions, and has substantial contacts to this litigation. In addition, the Southern District of Illinois has the available judicial resources to efficiently and expeditiously adjudicate these actions. During the twelve-month period ending June 30, 2000, there were 3,701 cases pending in the District of Massachusetts, but only 1,202 cases pending in the Southern District of Illinois. See Table of U.S. District Courts Civil Cases Commenced, Terminated, and Pending, annexed hereto as Exhibit 1. Furthermore, the median length of time to bring a case to trial from the filing of a civil case is approximately 25% faster in the Southern District of Illinois than in the District of Massachusetts. See Table of U.S. District Courts Time Intervals From Filing to Disposition of Civil Cases, annexed hereto as Exhibit 2.

Transfer to the Southern District of Illinois for coordination and consolidation of pretrial proceedings is warranted. Defendants have failed to demonstrate otherwise. Conversely, the District of Massachusetts is extremely inconvenient for the parties, counsel, and witnesses — all of which are geographically dispersed — and has minimal contacts to the litigation. Consequently, should the Panel decline to transfer the cases to the Southern District of Illinois, the only other appropriate transferee venue under § 1407 is the District of Montana.

## A.    Illinois Has Substantial Connections to This Case

Illinois has substantial contacts with the instant cases: Grace admittedly processed and distributed Zonolite Attic Insulation from two plants located in Illinois. See Def. Brief at 10. A substantial amount of discovery will be conducted in the middle of the country, reaching from the mine in Montana where the vermiculite originated, to the plants

5

in Illinois and other parts of the country where Zonolite was processed and distributed.
And, as Defendants concede, many of the witnesses and documents are located in the Mid-
West. See Def. Brief in Support at 10 (the "vast majority of the balance of Grace's
original documents regarding the operation of its former mine and mill in Libby, Montana,
approximately 1000 boxes, including sales records for Libby vermiculite and other
Zonolite products . . . are maintained by Grace's counsel in Denver and Boulder,
Colorado").

**B.     The Southern District of Illinois is Centrally Located**

This Panel has often recognized that assigning cases to a geographically
central location is appropriate and serves the purposes of 28 U.S.C. § 1407. See, e.g., In re
Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 844 F. Supp. 1553, 1554
(J.P.M.L. 1994); In re Air Disaster Near Brunswick, Ga., 794 F. Supp. 393, 394 (J.P.M.L.
1992); see also In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig., 853 F. Supp.
454, 455 (J.P.M.L. 1993) (Northern District of Illinois constituting an appropriate
transferee venue where it was the most centrally located jurisdiction for the nationwide
cases at issue).

The parties, witnesses, and documents relevant to these cases, as well as the
attorneys involved in the litigation, are located throughout the United States. The Southern
District of Illinois certainly is the most centrally-located and convenient place to conduct
pretrial proceedings. Parties may travel nonstop/direct from virtually every major city
within three to four hours. Moreover, St. Louis Lambert International Airport is only 18
miles from the courthouse, and the St. Louis Metrolink Mass Transport Rail System
provides direct transportation from the airport directly to the courthouse.

6

Illinois is in the central time zone, while Massachusetts is in the eastern time zone. Therefore, parties traveling from the east coast to Illinois will gain one hour of time, and parties traveling from the west coast to Illinois will lose only two hours of time. Parties traveling to Massachusetts from the west coast, however, are certain to lose an entire day by traveling, as the flight can be 6 hours or longer. Coupled with the three-hour time difference, such a trip would likely require an overnight stay and would result in added expenses to those who are forced to travel. Compared to the Southern District of Illinois — which is only a short trip from Massachusetts, Montana, Washington, New York, California, Washington D.C., and other cities where counsel and parties in the litigation are located — Boston is not only less convenient, it is also indisputably more costly for Plaintiffs.

The Southern District of Illinois — centrally located, and more convenient for the parties and witnesses than any other district where actions were filed — is the most appropriate transferee court.

### C.   Transfer of District Court Cases to Illinois Would Permit Coordination With State Court Cases

In addition to the pending federal cases, there are two class actions pending in state court against W.R. Grace (and related entities) brought on behalf of owners of property in which Zonolite Attic Insulation has been installed: one in Madison County, Illinois, filed 8/2/00 (seeking to represent owners and occupiers of real property in Illinois and Missouri), and the other in Spokane, Washington, filed 3/24/00 (seeking to represent owners and occupiers of real property in the State of Washington). Local coordination of the state court cases with the federal cases would be beneficial, expeditious, and cost-effective for all parties. Centralization of the federal cases in the Southern District of

7

Illinois would facilitate coordination of both state and federal actions to avoid inconsistent results and duplication of efforts. See, e.g., In re Gross Common Carrier, 843 F. Supp. 1506, 1507-08 (J.P.M.L. 1994) (transferring multiple proceedings to a jurisdiction where bankruptcy proceeding were already underway to facilitate coordination between district court actions and adversary proceedings in bankruptcy).

### D.   Massachusetts Is the Least Appropriate Forum

The objectives of §1407 would not be met by transferring these cases to the District of Massachusetts because the District of Massachusetts is geographically inconvenient for all involved — parties, their counsel, and witnesses (located throughout the United States).

The mere fact that some relevant documents are located in Massachusetts does not render that district a more appropriate venue for conducting pretrial proceedings. In fact, in view of the 1000 boxes of relevant documents located in the Mid-West, Massachusetts offers no advantage over Illinois.[2] To the extent some documents are in Massachusetts, they can easily be consolidated with those documents in the Mid-West. With today's imaging and computer technology, documents are highly portable and can be reviewed anywhere. But even were Defendants to produce their documents in hard copy format (as opposed to electronic), Defendants fail to explain why, with modern technology and courier services, the review of such documents must occur in Massachusetts. Indeed, the expense and inconvenience associated with transplanting lawyers and staff from

---

[2]   None of the named Defendants have corporate headquarters in Massachusetts. W.R. Grace & Company is incorporated in Delaware and has its principal place of business in Maryland. W.R. Grace & Company-Conn is incorporated in Connecticut and has its principal place of business in Maryland. Sealed Air Corporation is incorporated in Delaware and has its principal place of business in New Jersey. In accordance with § 1407, defendants could have sought transfer to any one of these districts but did not. See In the Matter of New York City Mun. Sec. Litig., 572 F.2d 49, 50 (2d Cir. 1978)

8

throughout the country to review materials in Massachusetts would surely outstrip any shipping or imaging costs. Just as the transferee court has the authority to arrange for depositions in other jurisdictions, so too may it arrange for document review in a jurisdiction other than the jurisdiction in which the pretrial proceedings are being coordinated. See In re IBM Peripheral EDP Devices Antitrust Litig., 411 F. Supp. 791, 792 (J.P.M.L. 1976). In addition, any party may request an order from the transferee court that its documents be inspected at its offices or at another convenient location in or near the city in which the documents are located. In the Matter of New York City Mun. Sec. Litig., 572 F.2d 49, 50 (2d Cir. 1978).

Defendants' argument that the Massachusetts action has appreciably progressed beyond the other cases is substantially overstated. Defendants argue three events that they claim warrant transfer to Massachusetts: (i) their filing of an initial disclosure statement, pursuant to Federal Rule of Civil Procedure 26, (ii) the parties' preparation of a joint status conference report and scheduling order, and (iii) the occurrence of an initial status conference. Yet, these events are insignificant and do not warrant transfer to Massachusetts because they did not advance the litigation in any material or substantial respect. In fact, from the inception of the action, there have been no disputes pending before Judge Saris. Defendants will be required to file a F.R.C.P. Rule 26 disclosure statement in most jurisdictions, including the Southern District of Illinois. Thus, Defendants' efforts were not in vein in the face of transfer. Finally, any agreed-upon schedule between the parties in that case will be mooted by the 28 U.S.C. § 1407 transfer, regardless of whether these cases are sent to Massachusetts, Illinois, or Montana. In short, none of these cases has progressed to a point that transfer would slow or otherwise hinder any of the cases.

9

Of all possible current venues, the Southern District of Illinois is the most

desirable. Grace's headquarters are in Maryland; Grace mined vermiculite in Montana;

Grace has over 1000 boxes of purportedly relevant documents in Colorado; Plaintiffs'

counsel stretch from California to New York; and witnesses are located in the Mid-West.

### E.     Montana Is The Next Most Appropriate Forum

While Montana is not as central or accessible as the Southern District of

Illinois, it is a more appropriate and convenient forum than the District of Massachusetts.

The vermiculate used to manufacture Zonolite Attic Insulation from 1963 to 1984 was

mined and milled in Libby, Montana. Witnesses are likely to be located in Montana.

Although discovery will inevitably reach Defendants' corporate headquarters, much

discovery will be tied to witnesses and facts located in Montana and the Mid-West. Thus,

transfer to the District of Montana would be the next appropriate forum to coordinate

pretrial proceedings.

It is important to note that, although the actions currently pending in the

various District Courts were filed at different times, ranging from February 2000 to July

2000, none of the actions have advanced in any significant way making one jurisdiction

better suited to continue handling the cases. Formal discovery has not advanced materially

in any of the three actions, and none of the three Courts have been engaged to resolve any

disputes between the parties or have issued any rulings on common factual or legal issues.[3]

The possibility that the transferee court may in fact become the trial court

further supports a transfer to the Southern District of Illinois. As the Panel is no doubt

aware, there is a bill currently pending before Congress that would require the transferee

---

[3]     A motion for class certification has been filed in the District of Montana, but no opposition has been
filed and a briefing schedule has not yet been imposed.

10

court to preside over the trial of the consolidated actions. See Multidistrict Jurisdiction Act

of 1999, H.R. 2112, 106th Cong., 1st Sess. (1999); S. 1748, 106th Cong., 1st Sess. (1999),

annexed hereto as Exhibit 3. While a transferee court can accommodate witnesses and

counsel for depositions and require document inspection where the documents are located,

such relief would be unavailable to counsel, witnesses, and parties at trial. The Southern

District of Illinois, by virtue of its central locale, best addresses these concerns.

## IV.        CONCLUSION

Plaintiff Hunter supports the transfer and coordination and/or consolidation

of the aforementioned federal actions. For the above stated reasons, the Southern District

of Illinois would serve the convenience of the parties and witnesses and promote the just

and efficient conduct of the litigation in accordance with 28 U.S.C. § 1407. Alternatively,

the cases should be transferred to the District of Montana.

Dated:        September 8, 2000

Respectfully submitted,

By:

Christopher A. Seeger (CS 4880)
David R. Buchanan
Amy P. Albert
SEEGER WEISS LLP
One William Street
New York, New York 10004
Tel: (212) 584-0700
Fax: (212) 584-0799

11

John J. Stoia
JoBeth Halper
MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
600 West Broadway
1800 One America Plaza
San Diego CA 921013356
Tel: (619) 231-1058
Fax: (619) 231-7423

Mark C. Goldenberg
Elizabeth V. Heller
HOPKINS GOLDENBERG, P.C.
2132 Pontoon Road
Granite City, Illinois  62040
Tel: (618) 877-0088
Fax: (618) 877-6230

**Attorneys for Plaintiff**

**TABLE C.  U.S. DISTRICT COURTS**
**CIVIL CASES COMMENCED, TERMINATED AND PENDING**
**DURING THE TWELVE MONTH PERIODS ENDED JUNE 30, 1999 AND 2000**

| CIRCUIT AND DISTRICT | FILINGS PERIOD ENDED JUNE 30, 1999 | FILINGS PERIOD ENDED JUNE 30, 2000 | PERCENT CHANGE | TERMINATIONS PERIOD ENDED JUNE 30, 1999 | TERMINATIONS PERIOD ENDED JUNE 30, 2000 | PERCENT CHANGE | PENDING PERIOD ENDED JUNE 30, 1999 | PENDING PERIOD ENDED JUNE 30, 2000 | PERCENT CHANGE |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL... | 251,511 | 263,049 | 4.6 | 270,971 | 260,277 | -4.0 | 246,920 | 249,692 | 1.1 |
| DC....... | 3,426 | 3,431 | 0.1 | 3,063 | 3,256 | 6.3 | 3,194 | 3,369 | 5.5 |
| 1ST... | 6,969 | 6,767 | -2.9 | 6,897 | 7,096 | 2.9 | 7,992 | 7,663 | -4.1 |
| ME..... | 740 | 692 | -6.5 | 729 | 758 | 4.0 | 426 | 360 | -15.5 |
| MA..... | 3,488 | 3,138 | -10.0 | 3,268 | 3,229 | -1.2 | 3,792 | 3,701 | -2.4 |
| NH..... | 649 | 675 | 4.0 | 693 | 744 | 7.4 | 635 | 566 | -10.9 |
| RI..... | 614 | 679 | 10.6 | 684 | 695 | 1.6 | 621 | 605 | -2.6 |
| PR..... | 1,478 | 1,583 | 7.1 | 1,523 | 1,670 | 9.7 | 2,518 | 2,431 | -3.5 |
| 2ND... | 25,173 | 29,999 | 19.2 | 25,283 | 30,388 | 20.2 | 30,427 | 30,038 | -1.3 |
| CT..... | 2,739 | 2,776 | 1.4 | 2,930 | 3,113 | 6.2 | 3,703 | 3,366 | -9.1 |
| NY,N... | 2,065 | 2,351 | 13.8 | 2,209 | 2,327 | 5.1 | 2,942 | 2,966 | 0.8 |
| NY,E... | 7,733 | 9,143 | 18.2 | 8,048 | 9,297 | 15.5 | 9,207 | 9,053 | -1.7 |
| NY,S... | 10,619 | 13,317 | 25.4 | 10,101 | 13,267 | 31.1 | 12,087 | 12,137 | 0.4 |
| NY,W... | 1,620 | 1,913 | 18.1 | 1,484 | 1,940 | 30.7 | 2,161 | 2,134 | -1.3 |
| VT..... | 397 | 499 | 25.7 | 511 | 444 | -13.1 | 327 | 382 | 16.8 |
| 3RD... | 20,734 | 22,300 | 7.6 | 21,872 | 20,375 | -6.9 | 17,927 | 19,852 | 10.7 |
| DE..... | 892 | 1,220 | 36.8 | 737 | 848 | 15.1 | 1,008 | 1,380 | 36.9 |
| NJ..... | 6,282 | 6,497 | 3.4 | 6,246 | 6,451 | 3.3 | 5,479 | 5,525 | 0.8 |
| PA,E... | 7,970 | 8,504 | 6.7 | 9,297 | 7,194 | -22.6 | 6,089 | 7,399 | 21.5 |
| PA,M... | 2,307 | 2,452 | 6.3 | 2,224 | 2,340 | 5.2 | 1,710 | 1,822 | 6.5 |
| PA,W... | 2,865 | 3,166 | 10.5 | 2,932 | 3,117 | 6.3 | 2,935 | 2,984 | 1.7 |
| VI..... | 418 | 461 | 10.3 | 436 | 425 | -2.5 | 706 | 742 | 5.1 |
| 4TH... | 20,509 | 21,440 | 4.5 | 20,449 | 21,350 | 4.4 | 14,063 | 14,153 | 0.6 |
| MD..... | 4,229 | 4,108 | -2.9 | 4,455 | 4,195 | -5.8 | 2,727 | 2,640 | -3.2 |
| NC,E... | 1,417 | 1,524 | 7.6 | 1,393 | 1,448 | 3.9 | 1,042 | 1,118 | 7.3 |
| NC,M... | 1,119 | 1,226 | 9.6 | 1,155 | 1,138 | -1.5 | 861 | 949 | 10.2 |
| NC,W... | 1,059 | 1,076 | 1.6 | 1,069 | 1,051 | -1.7 | 1,019 | 1,044 | 2.5 |
| SC..... | 4,201 | 4,304 | 2.5 | 4,053 | 4,555 | 12.4 | 3,437 | 3,186 | -7.3 |
| VA,E... | 4,762 | 5,441 | 14.3 | 4,602 | 5,170 | 12.3 | 2,124 | 2,395 | 12.8 |
| VA,W... | 1,824 | 1,805 | 3.3 | 1,900 | 1,924 | 1.3 | 1,229 | 1,190 | -3.2 |
| WV,N... | 612 | 686 | 12.1 | 610 | 637 | 4.4 | 564 | 611 | 8.7 |
| WV,S... | 1,286 | 1,190 | -7.5 | 1,212 | 1,232 | 1.7 | 1,060 | 1,018 | -4.0 |
| 5TH... | 32,626 | 30,661 | -6.0 | 32,932 | 31,690 | -3.8 | 34,978 | 33,949 | -3.0 |
| LA,E... | 3,877 | 3,695 | -4.7 | 4,072 | 3,882 | -4.7 | 2,830 | 2,643 | -6.6 |
| LA,M... | 1,130 | 1,070 | -5.3 | 1,150 | 1,110 | -3.5 | 8,833 | 8,793 | -0.5 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| LA,N.... | 2,491 | 2,912 |  | 1,171 | 1,293 | 10.4 | 1,043 | 1,059 | 1.5 |
| MS,N.... | 1,165 | 1,307 | 12.2 | 2,125 | 2,455 | 15.5 | 2,270 | 2,253 | -0.8 |
| MS,S.... | 2,312 | 2,438 | 5.4 | 5,685 | 5,496 | -3.3 | 3,947 | 4,095 | 3.7 |
| TX,N.... | 5,767 | 5,685 | -2.1 | 5,919 | 3,673 | -38.0 | 5,697 | 5,118 | -10.2 |
| TX,B.... | 5,283 | 5,094 | -41.4 | 3,673 | 5,790 | 10.3 | 5,790 | 5,210 | -10.0 |
| TX,S.... | 7,362 | 7,227 | -1.8 | 7,080 | 7,807 | 7.7 | | | |
| TX,W.... | 3,239 | 3,272 | 1.0 | 3,162 | 3,406 | | 2,339 | 2,205 | -5.7 |
| 6TH.... | 26,267 | 27,916 | 6.3 | 26,631 | 25,657 | -3.7 | 34,781 | 37,040 | 6.5 |
| KY,B.... | 2,282 | 2,245 | -1.6 | 2,440 | 2,239 | -8.2 | 1,814 | 1,820 | 0.3 |
| KY,W.... | 1,570 | 1,614 | 2.8 | 1,593 | 1,680 | 5.5 | 1,392 | 1,326 | -4.8 |
| MI,B.... | 6,863 | 6,040 | -12.0 | 6,146 | 6,733 | 9.6 | 19,432 | 18,739 | -3.6 |
| MI,W.... | 1,525 | 1,574 | 3.2 | 1,743 | 1,597 | -8.4 | 1,069 | 1,046 | -2.2 |
| OH,N.... | 6,111 | 8,106 | 32.6 | 6,231 | 4,991 | -19.9 | 3,606 | 6,721 | 86.4 |
| OH,S.... | 3,004 | 3,467 | 15.4 | 3,420 | 3,395 | -0.7 | 3,194 | 3,266 | 2.3 |
| TN,E.... | 1,845 | 1,731 | -6.2 | 1,980 | 1,929 | -2.6 | 1,863 | 1,665 | -10.6 |
| TN,M.... | 1,530 | 1,572 | 2.7 | 1,499 | 1,556 | 3.8 | 1,426 | 1,442 | 1.1 |
| TN,W.... | 1,537 | 1,567 | 2.0 | 1,579 | 1,537 | -2.7 | 985 | 1,015 | 3.0 |

TABLE C.  U.S. DISTRICT COURTS
CIVIL CASES COMMENCED, TERMINATED AND PENDING
DURING THE TWELVE MONTH PERIODS ENDED JUNE 30, 1999 AND 2000

| CIRCUIT AND DISTRICT | FILINGS | | | TERMINATIONS | | | PENDING | | |
|---|---|---|---|---|---|---|---|---|---|
| | PERIOD ENDED JUNE 30, 1999 | PERIOD ENDED JUNE 30, 2000 | PERCENT CHANGE | PERIOD ENDED JUNE 30, 1999 | PERIOD ENDED JUNE 30, 2000 | PERCENT CHANGE | PERIOD ENDED JUNE 30, 1999 | PERIOD ENDED JUNE 30, 2000 | PERCENT CHANGE |
| 7TH... | 19,037 | 19,364 | 1.7 | 18,684 | 19,754 | 5.7 | 15,255 | 14,865 | -2.6 |
| IL,N.. | 9,473 | 8,928 | -5.8 | 9,245 | 9,317 | 0.8 | 7,642 | 7,253 | -5.1 |
| IL,C.. | 1,181 | 1,277 | 8.1 | 1,178 | 1,296 | 10.0 | 1,160 | 1,141 | -1.6 |
| IL,S.. | 1,274 | 1,419 | 11.4 | 1,402 | 1,337 | -4.6 | 1,120 | 1,202 | 7.3 |
| IN,N.. | 2,038 | 2,225 | 9.2 | 1,865 | 2,337 | 25.3 | 1,642 | 1,530 | -6.8 |
| IN,S.. | 2,762 | 2,922 | 5.8 | 2,726 | 2,952 | 8.3 | 2,256 | 2,226 | -1.3 |
| WI,E.. | 1,452 | 1,781 | 22.7 | 1,422 | 1,667 | 17.2 | 1,122 | 1,236 | 10.2 |
| WI,W.. | 857 | 812 | -5.3 | 846 | 848 | 0.2 | 313 | 277 | -11.5 |
| 8TH... | 13,537 | 14,097 | 4.1 | 14,820 | 14,893 | 0.5 | 12,618 | 11,822 | -6.3 |
| AR,E.. | 2,250 | 2,416 | 7.4 | 2,398 | 2,426 | 1.2 | 2,104 | 2,094 | -0.5 |
| AR,W.. | 946 | 1,122 | 18.6 | 1,078 | 1,091 | 1.2 | 630 | 661 | 4.9 |
| IA,N.. | 579 | 659 | 13.8 | 623 | 696 | 11.7 | 603 | 566 | -6.1 |
| IA,S.. | 1,024 | 992 | -3.1 | 1,039 | 1,095 | 5.4 | 1,027 | 924 | -10.0 |
| MN... | 2,226 | 2,705 | 21.5 | 2,480 | 2,789 | 12.5 | 2,263 | 2,179 | -3.7 |
| MO,E.. | 2,431 | 2,372 | -2.4 | 2,669 | 2,566 | -3.9 | 2,429 | 2,235 | -8.0 |
| MO,W.. | 2,320 | 2,019 | -13.0 | 2,752 | 2,293 | -16.7 | 1,930 | 1,656 | -14.2 |
| NE... | 997 | 1,023 | 2.6 | 1,039 | 1,116 | 7.4 | 941 | 828 | -12.0 |
| ND... | 324 | 330 | 1.9 | 322 | 315 | -2.2 | 251 | 266 | 6.0 |
| SD... | 440 | 459 | 4.3 | 420 | 486 | 15.7 | 440 | 413 | -6.1 |
| 9TH... | 42,413 | 44,304 | 4.5 | 39,399 | 40,276 | 2.2 | 37,558 | 41,586 | 10.7 |
| AK.... | 765 | 470 | -38.6 | 545 | 522 | -4.2 | 726 | 674 | -7.2 |
| AZ.... | 3,061 | 3,247 | 6.1 | 3,313 | 3,276 | -1.1 | 3,505 | 3,476 | -0.8 |
| CA,N.. | 6,794 | 5,769 | -15.1 | 6,484 | 6,003 | -7.4 | 5,418 | 5,184 | -4.3 |
| CA,E.. | 4,057 | 4,466 | 10.1 | 3,807 | 4,012 | 5.4 | 4,515 | 4,969 | 10.1 |
| CA,C.. | 14,312 | 16,283 | 13.8 | 11,523 | 12,666 | 9.9 | 11,594 | 15,211 | 31.2 |
| CA,S.. | 2,829 | 2,897 | 2.4 | 2,705 | 2,942 | 8.8 | 1,942 | 1,897 | -2.3 |
| HI.... | 945 | 911 | -3.6 | 957 | 1,150 | 20.2 | 1,453 | 1,214 | -16.5 |
| ID.... | 529 | 747 | 41.2 | 598 | 629 | 5.2 | 625 | 743 | 18.9 |
| MT.... | 632 | 700 | 10.8 | 718 | 690 | -3.9 | 736 | 746 | 1.4 |
| NV.... | 2,574 | 2,661 | 3.4 | 2,943 | 2,443 | -17.0 | 2,291 | 2,509 | 9.5 |
| OR.... | 2,299 | 2,390 | 4.0 | 2,281 | 2,218 | -2.8 | 1,971 | 2,143 | 8.7 |
| WA,E.. | 616 | 673 | 9.3 | 649 | 651 | 0.3 | 511 | 533 | 4.3 |
| WA,W.. | 2,830 | 2,970 | 4.9 | 2,718 | 2,972 | 9.3 | 2,146 | 2,144 | -0.1 |
| GUAM.. | 97 | 79 | -18.6 | 71 | 60 | -15.5 | 75 | 94 | 25.3 |
| NMI.. | 73 | 41 | -43.8 | 87 | 42 | -51.7 | 50 | 49 | -2.0 |
| 10TH.. | 11,390 | 12,350 | 8.4 | 11,826 | 12,049 | 1.9 | 10,590 | 10,891 | 2.8 |
| CO.... | 2,736 | 2,684 | -1.9 | 2,813 | 2,675 | -4.9 | 2,671 | 2,680 | 0.3 |
| KS.... | 1,902 | 1,786 | -6.1 | 1,919 | 1,859 | -3.1 | 1,688 | 1,615 | -4.3 |
| NM.... | 1,589 | 1,801 | 13.3 | 1,710 | 1,738 | 1.6 | 1,635 | 1,698 | 3.9 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| OK,E. | | 818 | 26.8 | 1,998 | 2,369 | 1.8 | 1,456 | 1,459 | 0.2 |
| OK,M. | .129 | 2,447 | 5.9 | 1,149 | 1,193 | -2.3 | 426 | 450 | 5.6 |
| UT. | 370 | 1,196 | 10.3 | 397 | 384 | | | | |
| WY. | | 408 | | | | | | | |
| 11TH. | 29,430 | 30,420 | 3.4 | 49,115 | 33,493 | -31.8 | 27,537 | 24,464 | -11.2 |
| AL,N. | 3,711 | 3,785 | 2.0 | 22,592 | 5,976 | -73.6 | 5,314 | 3,123 | -41.2 |
| AL,M. | 1,446 | 1,769 | 22.3 | 1,473 | 1,662 | 12.8 | 1,346 | 1,453 | 7.9 |
| AL,S. | 1,284 | 1,165 | -9.3 | 1,440 | 1,344 | -6.7 | 1,081 | 902 | -16.5 |
| FL,N. | 1,635 | 1,549 | -5.3 | 1,666 | 1,779 | 6.8 | 1,462 | 1,232 | -15.7 |
| FL,M. | 6,819 | 6,947 | 1.9 | 6,884 | 7,450 | 8.2 | 6,016 | 5,513 | -8.4 |
| FL,S. | 6,743 | 7,475 | 10.9 | 6,778 | 7,049 | 4.0 | 5,944 | 6,370 | 7.2 |
| GA,N. | 4,503 | 4,291 | -4.7 | 4,686 | 4,668 | -0.4 | 3,900 | 3,523 | -9.7 |
| GA,M. | 1,373 | 1,379 | 0.4 | 1,400 | 1,600 | 14.3 | 1,608 | 1,387 | -13.8 |
| GA,S. | 1,916 | 2,060 | 7.5 | 2,194 | 1,965 | -10.4 | 866 | 961 | 11.0 |

Table C-5.
U.S. District Courts—Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the Twelve-Month Period Ended September 30, 1998

| Circuit and District | Total Cases | | | | No Court Action | | | | Court Action — Before Pretrial | | | | Court Action — During or After Pretrial | | | | Court Action — Trial | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Number of Cases | 10 Pct Less Than | Median | 10 Pct More Than | Number of Cases | 10 Pct Less Than | Median | 10 Pct More Than | Number of Cases | 10 Pct Less Than | Median | 10 Pct More Than | Number of Cases | 10 Pct Less Than | Median | 10 Pct More Than | Number of Cases | 10 Pct Less Than | Median | 10 Pct More Than |
| TOTAL | 202,073 | 2 | 8 | 25 | 36,017 | 2 | 6 | 19 | 138,930 | 2 | 7 | 24 | 21,189 | 5 | 13 | 30 | 5,937 | 9 | 18 | 39 |
| DC | 2,677 | 1 | 6 | 26 | 678 | 1 | 5 | 21 | 1,821 | 1 | 6 | 26 | 109 | 5 | 14 | 50 | 69 | 7 | 16 | 44 |
| 1ST | 5,931 | 2 | 8 | 26 | 1,333 | 1 | 5 | 17 | 3,305 | 2 | 7 | 26 | 1,097 | 4 | 14 | 29 | 196 | 10 | 19 | 44 |
| ME | 632 | 2 | 8 | 14 | 257 | 1 | 4 | 9 | 225 | 1 | 7 | 11 | 104 | 3 | 9 | 17 | 46 | 8 | 14 | 18 |
| MA | 2,778 | 2 | 9 | 27 | 766 | 2 | 6 | 22 | 1,446 | 2 | 8 | 26 | 485 | 4 | 14 | 31 | 81 | 9 | 23 | 44 |
| NH | 586 | 2 | 9 | 27 | 64 | 1 | 3 | 6 | 215 | 2 | 6 | 12 | 284 | 6 | 16 | 30 | 23 | 15 | 23 | 47 |
| RI | 544 | 2 | 8 | 22 | 138 | 1 | 5 | 10 | 206 | 1 | 3 | 20 | 179 | 7 | 13 | 25 | 21 | 11 | 20 | 37 |
| PR | 1,391 | 2 | 8 | 32 | 108 | 1 | 5 | 13 | 1,213 | 2 | 9 | 32 | 45 | 9 | 18 | 29 | 25 | 13 | 23 | 48 |
| 2ND | 21,502 | 2 | 9 | 35 | 5,052 | 2 | 8 | 27 | 12,368 | 2 | 7 | 31 | 3,460 | 6 | 14 | 44 | 622 | 9 | 26 | 56 |
| CT | 2,454 | 2 | 11 | 37 | 1,628 | 2 | 10 | 34 | 690 | 3 | 11 | 41 | 44 | 9 | 20 | 39 | 92 | 15 | 29 | 57 |
| NY,N | 1,337 | 3 | 13 | 35 | 191 | 2 | 5 | 19 | 717 | 2 | 7 | 27 | 389 | 9 | 21 | 48 | 40 | 15 | 28 | 53 |
| NY,E | 7,329 | 2 | 8 | 35 | 1,358 | 2 | 5 | 17 | 4,662 | 3 | 7 | 35 | 1,191 | 9 | 17 | 44 | 118 | 15 | 31 | 54 |
| NY,S | 8,657 | 2 | 9 | 34 | 1,774 | 3 | 10 | 29 | 4,870 | 2 | 7 | 29 | 1,704 | 5 | 18 | 43 | 309 | 8 | 21 | 53 |
| NY,W | 1,271 | 2 | 12 | 36 | 46 | 2 | 5 | 23 | 1,058 | 2 | 11 | 34 | 126 | 7 | 15 | 51 | 41 | 8 | 26 | 66 |
| VT | 454 | 2 | 9 | 25 | 55 | 2 | 6 | 14 | 371 | 2 | 9 | 25 | 6 | . | . | . | 22 | 3 | 16 | 56 |
| 3RD | 18,098 | 1 | 8 | 26 | 2,551 | 1 | 5 | 15 | 12,136 | 1 | 7 | 24 | 2,809 | 5 | 15 | 31 | 602 | 4 | 18 | 39 |
| DE | 445 | 1 | 9 | 27 | 17 | 1 | 4 | 12 | 384 | 1 | 9 | 23 | 10 | 13 | 17 | 27 | 34 | 4 | 20 | 48 |
| NJ | 5,786 | 1 | 7 | 25 | 700 | 1 | 4 | 12 | 2,932 | 1 | 5 | 17 | 1,984 | 5 | 10 | 31 | 170 | 7 | 25 | 45 |
| PA,E | 7,644 | 1 | 8 | 26 | 751 | 1 | 5 | 10 | 6,169 | 1 | 8 | 26 | 502 | 5 | 10 | 29 | 222 | 7 | 12 | 26 |
| PA,M | 1,292 | 1 | 8 | 21 | 95 | 1 | 5 | 13 | 1,019 | 1 | 7 | 19 | 102 | 6 | 15 | 26 | 76 | 9 | 16 | 27 |
| PA,W | 2,476 | 2 | 8 | 24 | 843 | 2 | 8 | 20 | 1,345 | 2 | 7 | 19 | 192 | 10 | 20 | 35 | 96 | 12 | 24 | 45 |
| VI | 455 | 2 | 14 | 65 | 145 | 1 | 7 | 32 | 287 | 2 | 21 | 65 | 19 | 8 | 25 | 38 | 4 | . | . | . |
| 4TH | 15,440 | 2 | 7 | 18 | 3,502 | 1 | 5 | 17 | 9,793 | 2 | 6 | 17 | 1,600 | 5 | 11 | 23 | 545 | 7 | 14 | 30 |
| MD | 3,453 | 1 | 5 | 18 | 705 | 2 | 6 | 13 | 2,323 | 1 | 4 | 14 | 316 | 4 | 13 | 27 | 109 | 9 | 18 | 30 |
| NC,E | 1,048 | 1 | 5 | 17 | 258 | 2 | 4 | 13 | 757 | 1 | 4 | 18 | 6 | . | . | . | 27 | 9 | 15 | 22 |
| NC,M | 794 | 2 | 9 | 21 | 341 | 2 | 8 | 20 | 326 | 1 | 7 | 19 | 111 | 8 | 11 | 23 | 16 | 16 | 22 | 38 |
| NC,W | 902 | 2 | 8 | 21 | 159 | 2 | 8 | 16 | 664 | 2 | 7 | 21 | 54 | 6 | 14 | 26 | 25 | 7 | 16 | 46 |
| SC | 3,363 | 2 | 5 | 18 | 985 | 2 | 6 | 15 | 1,564 | 2 | 7 | 18 | 670 | 4 | 12 | 21 | 144 | 6 | 15 | 27 |
| VA,E | 3,197 | 2 | 5 | 15 | 628 | 2 | 5 | 7 | 2,108 | 1 | 5 | 10 | 330 | 4 | 8 | 14 | 131 | 9 | 14 | 15 |
| VA,W | 1,230 | 3 | 10 | 29 | 347 | 3 | 11 | 31 | 745 | 3 | 10 | 20 | 86 | . | 15 | 35 | 52 | 9 | 18 | 29 |
| WV,N | 457 | 2 | 9 | 20 | 30 | 2 | 3 | 13 | 407 | 2 | 9 | 20 | 4 | . | . | . | 16 | 6 | 13 | 26 |
| WV,S | 996 | 2 | 10 | 17 | 49 | 1 | 5 | 11 | 899 | 2 | 9 | 17 | 23 | 8 | 14 | 18 | 25 | 1 | 16 | 37 |

# Table C-5. (September 30, 1998—Continued)

| Circuit and District | Total Cases — Number of Cases | Total — 10 Pct. Less Than | Total — Median | Total — 10 Pct. More Than | No Court Action — Number of Cases | NCA — 10 Pct. Less Than | NCA — Median | NCA — 10 Pct. More Than | Before Pretrial — Number of Cases | BP — 10 Pct. Less Than | BP — Median | BP — 10 Pct. More Than | During or After Pretrial — Number of Cases | DA — 10 Pct. Less Than | DA — Median | DA — 10 Pct. More Than | Trial — Number of Cases | Trial — 10 Pct. Less Than | Trial — Median | Trial — 10 Pct. More Than |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **5TH** | 22,777 | 2 | 9 | 27 | 2,948 | 2 | 7 | 18 | 17,436 | 2 | 8 | 27 | 1,668 | 5 | 13 | 26 | 725 | 9 | 16 | 33 |
| LA.E | 3,109 | 2 | 9 | 21 | 77 | 1 | 3 | 7 | 2,179 | 2 | 7 | 17 | 693 | 6 | 13 | 26 | 160 | 10 | 17 | 32 |
| LA.M | 2,318 | 5 | 27 | 34 | 34 | 1 | 3 | 16 | 2,266 | 6 | 27 | 34 | 71 | 10 | 17 | 29 | 18 | 8 | 18 | 27 |
| LA.W | 1,830 | 2 | 10 | 23 | 332 | 3 | 11 | 23 | 1,341 | 3 | 9 | 21 | 223 | 5 | 12 | 23 | 86 | 11 | 18 | 26 |
| MS.N | 784 | 2 | 9 | 21 | 91 | 2 | 5 | 13 | 430 | 3 | 8 | 21 | 37 | 1 | 17 | 31 | 40 | 6 | 15 | 40 |
| MS.S | 1,767 | 2 | 9 | 20 | 851 | 2 | 7 | 18 | 816 | 3 | 9 | 20 | 9 | - | - | - | 63 | 6 | 16 | 25 |
| TX.N | 3,189 | 1 | 6 | 19 | 9 | - | - | - | 3,098 | 3 | 6 | 20 | 153 | 6 | 12 | 24 | 73 | 9 | 16 | 39 |
| TX.E | 3,049 | 3 | 3 | 18 | 232 | 1 | 7 | 18 | 2,591 | 3 | 3 | 17 | 435 | 3 | 10 | 23 | 73 | 7 | 18 | 26 |
| TX.S | 4,544 | 2 | 9 | 21 | 481 | 2 | 7 | 20 | 3,510 | 2 | 8 | 20 | 47 | 5 | 11 | 25 | 118 | 9 | 14 | 32 |
| TX.W | 2,187 | 2 | 7 | 18 | 841 | 2 | 6 | 16 | 1,205 | 2 | 7 | 18 | - | - | - | - | 94 | 7 | 14 | 30 |
| **6TH** | 27,168 | 2 | 6 | 19 | 4,525 | 2 | 5 | 14 | 18,910 | 2 | 5 | 16 | 3,182 | 6 | 13 | 29 | 551 | 10 | 19 | 41 |
| KY.E | 2,052 | 2 | 10 | 19 | 175 | 2 | 9 | 20 | 1,709 | 2 | 10 | 16 | 102 | 12 | 18 | 37 | 66 | 6 | 20 | 39 |
| KY.W | 1,196 | 2 | 9 | 25 | 98 | 4 | 6 | 27 | 808 | 2 | 7 | 15 | 250 | 5 | 12 | 34 | 40 | 11 | 19 | 48 |
| MI.E | 5,305 | 2 | 6 | 19 | 2,791 | 2 | 4 | 11 | 1,146 | 2 | 7 | 21 | 1,289 | 6 | 14 | 26 | 79 | 12 | 20 | 42 |
| MI.W | 1,095 | 2 | 7 | 13 | 83 | 2 | 3 | 9 | 976 | 2 | 8 | 19 | 20 | 11 | 12 | 30 | 16 | 15 | 18 | 22 |
| OH.N | 11,284 | 2 | 4 | 16 | 542 | 3 | 6 | 19 | 10,118 | 2 | 4 | 19 | 516 | 6 | 13 | 30 | 108 | 11 | 18 | 39 |
| OH.S | 2,478 | 3 | 10 | 26 | 368 | 2 | 5 | 17 | 1,568 | 2 | 10 | 25 | 486 | 6 | 14 | 31 | 56 | 8 | 21 | 41 |
| TN.E | 1,660 | 3 | 10 | 25 | 277 | 2 | 7 | 20 | 801 | 2 | 8 | 25 | 492 | 5 | 14 | 31 | 90 | 8 | 17 | 31 |
| TN.M | 1,048 | 1 | 8 | 25 | 63 | 1 | 3 | 23 | 925 | 1 | 7 | 23 | 23 | 7 | 26 | 39 | 37 | 9 | 22 | 44 |
| TN.W | 1,050 | 1 | 8 | 22 | 128 | 1 | 3 | 15 | 859 | 1 | 9 | 22 | 4 | 7 | - | - | 59 | 12 | 21 | 44 |
| **7TH** | 14,763 | 1 | 7 | 23 | 2,658 | 1 | 6 | 20 | 9,310 | 1 | 5 | 21 | 2,344 | 4 | 11 | 28 | 451 | 9 | 21 | 41 |
| IL.N | 7,662 | 2 | 6 | 22 | 1,437 | 2 | 9 | 20 | 5,009 | 1 | 5 | 19 | 1,008 | 3 | 10 | 29 | 208 | 9 | 22 | 48 |
| IL.C | 853 | 2 | 7 | 27 | 213 | 2 | 9 | 24 | 585 | 2 | 6 | 21 | 29 | 16 | 29 | 51 | 26 | 16 | 27 | 40 |
| IL.S | 1,047 | 2 | 9 | 24 | 93 | 2 | 2 | 17 | 848 | 2 | 8 | 23 | 53 | 11 | 20 | 39 | 53 | 12 | 18 | 42 |
| IN.N | 1,425 | 2 | 9 | 22 | 101 | 1 | 5 | 15 | 555 | 2 | 5 | 18 | 720 | 5 | 12 | 25 | 49 | 11 | 18 | 26 |
| IN.S | 2,132 | 2 | 10 | 25 | 375 | 1 | 4 | 21 | 1,453 | 2 | 8 | 24 | 256 | 7 | 16 | 32 | 48 | 13 | 21 | 34 |
| WI.E | 999 | 1 | 8 | 25 | 354 | 1 | 4 | 16 | 590 | 1 | 10 | 27 | 17 | 14 | 22 | 46 | 38 | 11 | 20 | 39 |
| WI.W | 645 | 1 | 5 | 11 | 85 | - | 2 | 7 | 270 | 1 | 3 | 9 | 261 | 3 | 8 | 13 | 29 | 7 | 9 | 16 |
| **8TH** | 11,973 | 2 | 9 | 22 | 2,137 | 1 | 6 | 19 | 7,997 | 2 | 9 | 20 | 1,248 | 6 | 14 | 25 | 591 | 9 | 19 | 33 |
| AR.E | 1,728 | 2 | 11 | 20 | 357 | 2 | 10 | 21 | 1,258 | 2 | 11 | 19 | 6 | - | - | - | 107 | 7 | 17 | 30 |
| AR.W | 923 | 2 | 8 | 17 | 14 | 1 | 3 | 18 | 832 | 2 | 8 | 26 | 3 | - | - | - | 74 | 10 | 13 | 24 |
| IA.N | 481 | 2 | 9 | 29 | 16 | 1 | 5 | 15 | 421 | 2 | 7 | 16 | 2 | - | - | - | 42 | 1 | 22 | 36 |
| IA.S | 753 | 2 | 9 | 24 | 81 | 1 | 3 | 12 | 390 | 2 | 6 | 20 | 248 | 8 | 16 | 26 | 34 | 6 | 21 | 33 |
| MN | 2,468 | 2 | 7 | 21 | 619 | 1 | 10 | 26 | 989 | 1 | 9 | 20 | 815 | 6 | 13 | 23 | 45 | 15 | 21 | 33 |
| MO.E | 2,219 | 2 | 10 | 22 | 431 | 2 | 10 | 6 | 1,632 | 2 | 10 | 20 | 24 | 2 | 22 | 34 | 132 | 11 | 20 | 39 |
| MO.W | 1,872 | 2 | 10 | 22 | 356 | 2 | 2 | 26 | 1,448 | 2 | 10 | 21 | 3 | - | - | - | 65 | 9 | 18 | 35 |
| NE | 878 | 2 | 8 | 20 | 90 | 1 | 4 | 18 | 623 | 1 | 7 | 17 | 99 | 12 | 16 | 24 | 66 | 11 | 18 | 27 |
| ND | 303 | 2 | 8 | 19 | 83 | 2 | 4 | 25 | 199 | 2 | 9 | 18 | 10 | 5 | 16 | 27 | 11 | 8 | 23 | 40 |
| SD | 348 | 3 | 10 | 24 | 90 | 2 | 8 | - | 205 | 3 | 9 | 20 | 38 | 13 | 18 | 38 | 15 | 5 | 14 | 31 |

## Table C-5. (September 30, 1998—Continued)

| Circuit and District | Total Cases — Number of Cases | Total — 10 Pct. Less Than | Total — Median | Total — 10 Pct. More Than | No Court Action — Number of Cases | NCA — 10 Pct. Less Than | NCA — Median | NCA — 10 Pct. More Than | Before Pretrial — Number of Cases | BP — 10 Pct. Less Than | BP — Median | BP — 10 Pct. More Than | During or After Pretrial — Number of Cases | DA — 10 Pct. Less Than | DA — Median | DA — 10 Pct. More Than | Trial — Number of Cases | Trial — 10 Pct. Less Than | Trial — Median | Trial — 10 Pct. More Than |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9TH | 28,635 | 1 | 8 | 27 | 7,423 | 2 | 7 | 20 | 20,096 | 1 | 8 | 28 | 479 | 8 | 17 | 36 | 637 | 11 | 21 | 40 |
| AK | 486 | 2 | 9 | 28 | 16 | 1 | 7 | 7 | 449 | 2 | 9 | 27 | 1 | - | - | - | 20 | 19 | 26 | 37 |
| AZ | 2,193 | 2 | 9 | 29 | 458 | 2 | 7 | 24 | 1,671 | 2 | 10 | 28 | 20 | 12 | 33 | 72 | 44 | 16 | 32 | 52 |
| CA.N | 4,761 | 1 | 7 | 24 | 2,214 | 2 | 7 | 20 | 2,425 | 1 | 7 | 24 | 24 | 10 | 21 | 33 | 98 | 13 | 25 | 44 |
| CA.E | 1,836 | 2 | 9 | 26 | 550 | 2 | 7 | 25 | 1,246 | 2 | 10 | 25 | 5 | - | - | - | 35 | 17 | 24 | 42 |
| CA.C | 8,422 | 1 | 7 | 28 | 2,696 | 2 | 8 | 20 | 5,485 | 1 | 6 | 19 | 85 | 7 | 15 | 36 | 156 | 10 | 19 | 39 |
| CA.S | 2,919 | 2 | 13 | 28 | 105 | 3 | 10 | 11 | 2,765 | 2 | 14 | 28 | 6 | - | - | - | 43 | 11 | 23 | 38 |
| HI | 961 | 2 | 8 | 25 | 608 | 1 | 2 | 26 | 336 | 1 | 6 | 22 | | | | | 17 | 11 | 20 | 30 |
| ID | 456 | 2 | 13 | 27 | 37 | 1 | 7 | 7 | 300 | 3 | 11 | 27 | 96 | 10 | 17 | 30 | 23 | 15 | 25 | 49 |
| MT | 596 | 2 | 11 | 29 | 134 | 2 | 6 | 27 | 294 | 1 | 8 | 29 | 150 | 8 | 16 | 32 | 18 | 15 | 16 | 36 |
| NV | 1,607 | 2 | 7 | 25 | 213 | 1 | 5 | 18 | 1,322 | 1 | 7 | 23 | 31 | 5 | 20 | 30 | 41 | 14 | 29 | 39 |
| OR | 1,700 | 2 | 8 | 22 | 211 | 1 | 4 | 13 | 1,408 | 2 | 8 | 22 | 13 | 8 | 12 | 24 | 68 | 8 | 17 | 38 |
| WA.E | 513 | 2 | 8 | 18 | 44 | 1 | 4 | 16 | 457 | 1 | 8 | 18 | 5 | - | - | - | 7 | - | - | - |
| WA.W | 2,064 | 2 | 9 | 16 | 103 | 1 | 3 | 15 | 1,882 | 1 | 9 | 16 | 17 | 7 | 14 | 22 | 62 | 10 | 15 | 21 |
| GUAM | 55 | 1 | 6 | 22 | 16 | 1 | 3 | 17 | 37 | 1 | 6 | 22 | | | | | 2 | - | - | - |
| NMI | 66 | 1 | 4 | 14 | 18 | 1 | 3 | 6 | 19 | 1 | 4 | 13 | 26 | 2 | 8 | 15 | 3 | - | - | - |
| 10TH | 9,162 | 2 | 8 | 22 | 959 | 2 | 4 | 13 | 6,237 | 2 | 8 | 22 | 1,583 | 4 | 10 | 24 | 383 | 7 | 16 | 37 |
| CO | 2,133 | 2 | 7 | 26 | 127 | 2 | 2 | 7 | 1,667 | 2 | 6 | 23 | 243 | 8 | 17 | 34 | 96 | 5 | 20 | 34 |
| KS | 1,437 | 2 | 8 | 24 | 306 | 2 | 5 | 15 | 875 | 2 | 7 | 22 | 196 | 6 | 15 | 32 | 60 | 9 | 18 | 40 |
| NM | 1,415 | 3 | 9 | 19 | 96 | 1 | 5 | 11 | 1,006 | 3 | 9 | 19 | 266 | 11 | 20 | 41 | 47 | 11 | 16 | 25 |
| OK.N | 911 | 2 | 10 | 20 | 68 | 2 | 6 | 13 | 777 | 2 | 10 | 19 | 32 | 10 | 14 | 27 | 34 | 5 | 16 | 41 |
| OK.E | 478 | 1 | 7 | 15 | 89 | 1 | 9 | 9 | 323 | 2 | 7 | 15 | 37 | 7 | 14 | 20 | 29 | 6 | 10 | 12 |
| OK.W | 1,564 | 1 | 7 | 16 | 195 | 1 | 4 | 13 | 651 | 1 | 5 | 15 | 647 | 3 | 8 | 14 | 71 | 6 | 10 | 22 |
| UT | 928 | 2 | 10 | 35 | 12 | 1 | 4 | 27 | 895 | 2 | 10 | 35 | | | | | 16 | 17 | 29 | 42 |
| WY | 296 | 2 | 9 | 22 | 66 | 1 | 4 | 28 | 43 | 2 | 8 | 35 | 157 | 5 | 9 | 16 | 30 | 9 | 13 | 40 |
| 11TH | 23,947 | 2 | 9 | 17 | 2,251 | 1 | 6 | 20 | 19,521 | 2 | 9 | 28 | 1,610 | 6 | 14 | 25 | 565 | 10 | 19 | 37 |
| AL.N | 4,927 | 3 | 18 | 53 | 750 | 2 | 9 | 59 | 3,976 | 3 | 21 | 53 | 142 | 12 | 18 | 32 | 59 | 10 | 19 | 29 |
| AL.M | 1,117 | 1 | 8 | 20 | 13 | 2 | 2 | 8 | 978 | 1 | 7 | 18 | 82 | 8 | 13 | 23 | 44 | 4 | 14 | 30 |
| AL.S | 893 | 2 | 7 | 18 | 103 | 3 | 3 | 13 | 744 | 2 | 7 | 19 | 17 | 10 | 14 | 17 | 29 | 6 | 14 | 25 |
| FL.N | 824 | 2 | 8 | 22 | 85 | 1 | 6 | 15 | 696 | 2 | 8 | 22 | 10 | 9 | 14 | 26 | 33 | 8 | 20 | 37 |
| FL.M | 4,877 | 2 | 9 | 24 | 384 | 2 | 6 | 17 | 4,139 | 2 | 8 | 24 | 185 | 9 | 18 | 26 | 169 | 13 | 19 | 39 |
| FL.S | 5,796 | 2 | 7 | 23 | 200 | 2 | 6 | 18 | 5,525 | 2 | 7 | 23 | 14 | 9 | 18 | 28 | 57 | 10 | 22 | 36 |
| GA.N | 3,420 | 3 | 8 | 22 | 440 | 1 | 3 | 8 | 1,785 | 3 | 7 | 19 | 1,091 | 6 | 13 | 24 | 104 | 10 | 19 | 39 |
| GA.M | 1,212 | 3 | 12 | 30 | 205 | 3 | 5 | 22 | 952 | 3 | 12 | 30 | 16 | 11 | 19 | 32 | 39 | 13 | 24 | 49 |
| GA.S | 881 | 2 | 8 | 20 | 71 | 1 | 6 | 13 | 726 | 2 | 8 | 20 | 53 | 6 | 7 | 19 | 31 | 5 | 13 | 23 |

NOTE   TIME INTERVALS COMPUTED ONLY IF 10 OR MORE CASES.   THIS TABLE EXCLUDES LAND CONDEMNATIONS, PRISONER PETITIONS, AND DEPORTATION REVIEWS.   INTERVALS SHOWN ARE FOR MEDIAN TIME AND FOR 10 PERCENT OF THE SLOWEST AND THE FASTEST CASES.   FOR EXAMPLE, THE TIME INTERVAL OF THE FASTEST 10 PERCENT OF TOTAL CASES TERMINATED FOR THE NATION WAS LESS THAN 2 MONTHS.   THE SLOWEST 10 PERCENT EXCEEDED 25 MONTHS.

Citation                                                    Database
999 CQ US S 1748                                            CQ-BILLTXT
106th Congress, 1st Session

        Congressional Quarterly's Washington Alert--Text of Bills
            Copyright (c) 1999 Congressional Quarterly Inc.
                        (Introduced in Senate)

S 1748
Multidistrict Jurisdiction Act of 1999
To amend chapter 87 of title 28, United States Code, to authorize a  judge to
whom a case is transferred to retain jurisdiction over  certain multidistrict
litigation cases for trial.
Date Introduced:   10/19/99
Version Date:   10/19/99
Version type: Introduced in Senate
Sponsor: Hatch (R-UT)
Committees: COMMITTEE ON THE JUDICIARY
SECTION 1. SHORT TITLE.
SEC. 2. MULTIDISTRICT LITIGATION.
SEC. 3. EFFECTIVE DATE.

                    S. 1748

To amend chapter 87 of title 28, United States Code, to authorize a
  judge to whom a case is transferred to retain jurisdiction over
  certain multidistrict litigation cases for trial.

                ========================

                IN THE SENATE OF THE UNITED STATES

                    October 19, 1999

Mr. HATCH (for himself, Mr. LEAHY, Mr. GRASSLEY, Mr. KOHL, Mr.
  TORRICELLI, and Mr. SCHUMER) introduced the following bill; which
  was read twice and referred to the Committee on the Judiciary

                ========================

                    A BILL

To amend chapter 87 of title 28, United States Code, to authorize a
  judge to whom a case is transferred to retain jurisdiction over
  certain multidistrict litigation cases for trial.

    Be it enacted by the Senate and House of Representatives of
the United States of America in Congress assembled,

SECTION 1. SHORT TITLE.

            Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

199 CQ US S 1748

This Act may be cited as the "Multidistrict Jurisdiction Act of 1999".

SEC. 2. MULTIDISTRICT LITIGATION.

Section 1407 of title 28, United States Code, is amended--
    (1) in the third sentence of subsection (a), by inserting "or ordered transferred to the transferee or other district under subsection (i)" after "terminated"; and
    (2) by adding at the end the following new subsection:

"(i)(1) Subject to paragraph (2), any action transferred under his section by the panel may be transferred, for trial purposes, by he judge or judges of the transferee district to whom the action was assigned to the transferee or other district in the interest of ustice and for the convenience of the parties and witnesses.

"(2) Any action transferred for trial purposes under paragraph (1) shall be remanded by the panel for the determination of compensatory damages to the district court from which it was transferred, unless the court to which the action has been transferred for trial purposes also finds, for the convenience of the parties and witnesses and in the interests of justice, that the action should be retained for the determination of compensatory damages.".

SEC. 3. EFFECTIVE DATE.

The amendments made by this Act shall apply to any civil action pending on or brought on or after the date of the enactment of this Act.
1999 CQ US S 1748
END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Database
CQ-BILLTXT

itation
999 CQ US HR 2112
106th Congress, 1st Session

Congressional Quarterly's Washington Alert--Text of Bills
Copyright (c) 1999 Congressional Quarterly Inc.
(Engrossed Amendment Senate)

HR 2112
Multidistrict, Multiparty, Multiforum Trial Jurisdiction Act of 1999
A bill to amend title 28, U.S. Code, to allow a judge to whom a case is
transferred to retain jurisdiction over certain multidistrict litigation cases
for trial, and to provide for federal jurisdiction of certain multiparty,
multiforum civil actions.
Date Introduced:  06/09/99
Version Date:  10/27/99
Version type: Engrossed Amendment Senate
Sponsor: Sensenbrenner (R-WI)
Committees: COMMITTEE ON THE JUDICIARY, COMMITTEE ON THE JUDICIARY
SECTION 1. SHORT TITLE.
SEC. 2. MULTIDISTRICT LITIGATION.
SEC. 3. EFFECTIVE DATE.

H. R. 2112

IN THE SENATE OF THE UNITED STATES,

October 27, 1999.

Resolved, That the bill from the House of Representatives (H.R.
2112) entitled "An Act to amend title 28, United States Code, to
allow a judge to whom a case is transferred to retain jurisdiction
over certain multidistrict litigation cases for trial, and to
provide for Federal jurisdiction of certain multiparty, multiforum
civil actions.", do pass with the following

AMENDMENT:

Strike out all after the enacting clause and insert:

SECTION 1. SHORT TITLE.

This Act may be cited as the "Multidistrict Jurisdiction Act
of 1999".

SEC. 2. MULTIDISTRICT LITIGATION.

Section 1407 of title 28, United States Code, is amended--
(1) in the third sentence of subsection (a), by inserting
"or ordered transferred to the transferee or other district

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

999 CQ US HR 2112

under subsection (i)" after "terminated"; and
  (2) by adding at the end the following new subsection:

  "(i)(1) Subject to paragraph (2), any action transferred
under this section by the panel may be transferred, for trial
purposes, by the judge or judges of the transferee district to whom
the action was assigned to the transferee or other district in the
interest of justice and for the convenience of the parties and
witnesses.

  "(2) Any action transferred for trial purposes under
paragraph (1) shall be remanded by the panel for the determination
of compensatory damages to the district court from which it was
transferred, unless the court to which the action has been
transferred for trial purposes also finds, for the convenience of
the parties and witnesses and in the interests of justice, that the
action should be retained for the determination of compensatory
damages.".

SEC. 3. EFFECTIVE DATE.

  The amendments made by this Act shall apply to any civil
action pending on or brought on or after the date of the enactment
of this Act.

  Attest:
                Secretary.

1999 CQ US HR 2112
END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works