*3/13/01*

*3⁴*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:                                              )
                                                    )        MDL Docket No. 1376
ZONOLITE ATTIC INSULATION                           )
                                                    )        The Honorable Patti B. Saris,
PRODUCTS LIABILITY LITIGATION                       )        Presiding
_____                 )
                                                    )
THIS DOCUMENT RELATES TO:                            )
                                                    )
ALL ACTIONS                                          )
_____                 )

## DEFENDANTS' FIRST SET OF MASTER
## INTERROGATORIES DIRECTED TO PLAINTIFFS

Defendants W.R. Grace & Company and W.R. Grace & Co.-Conn., by and
through their undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 33 and
Local Rule 33.1, propound the following interrogatories to be answered in writing, under oath,
separately by each plaintiff who has not previously answered interrogatories in the Zonolite Attic
Insulation products liability litigation.

## INSTRUCTIONS AND DEFINITIONS

1.      This First Set of Master Interrogatories Directed to Plaintiffs shall be
answered by each plaintiff who has not previously answered interrogatories in the Zonolite Attic
Insulation products liability litigation.  These interrogatories shall be deemed served on each
plaintiff in any case later instituted in, removed to or transferred to MDL 1376 (including cases
transferred for pretrial purposes under 28 U.S.C. § 1407).

2.      These interrogatories shall be deemed continuing so as to require that
modified or supplemental answers be provided if you obtain information pertinent thereto
between the time the answers are served and the time the above-captioned action is concluded.

3.       The definitions contained in Local Rule 26.5(c) are incorporated as though they were set forth fully herein.    In addition, the following definitions apply to these interrogatories.

4.       As used herein, the term "to abate" shall mean to remove, encapsulate, or enclose products that contain any amount of asbestos fiber, or to take any other action to reduce the alleged hazards from products that contain any amount of asbestos fiber.

5.       The term "your building(s)" shall mean any and all buildings purchased, sold or owned by you or any entity in which you owned a majority or equivalent interest.

6.       "You" or "your" shall mean the plaintiff(s).

7.       "Identify" or "identity," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business.

8.       "Identify" or "identity," when used in reference to a meeting or to an oral communication, shall mean to state the following: the date and place thereof; the identity of the individual(s) who initiated the meeting or oral communication; the identity of each person who participated in, or who was present at, any part of or all of the meeting or oral communication, or who became privy to the substance of the meeting or oral communication; the subject of the meeting or oral communication and whether the meeting or oral communication occurred in person or by telephone and, if both, the method by which each individual participated.

9.       The term "identify" when used in reference to a photograph shall mean a description of the subject of the photograph; the date the photograph was taken; the identity of the person who took the photograph and the person(s) to whom the photograph was disseminated; and the identity of the present custodian of the photograph.

2

10.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any part of an Interrogatory, set forth all facts upon which the claim of privilege is based.

11.     If you claim any form of privilege, whether based on statute or otherwise, as a ground for not identifying requested oral communications or documents, set forth all facts upon which the claim of privilege is based, and for each document as to which you claim any form of privilege, identify the date, subject matter, and author(s) and recipient(s) of the documents, including all persons to whom the document has been provided who have it in their possession.

12.     Whenever a date, amount, or other computation or figure is requested, the exact date, amount or other computation or figure is to be given unless it is not known; and in that case the approximate date, amount, or other computation or figure should be given or the best estimate thereof; and the answer should state that the date, amount, or other computation provided is an estimate or approximation.

13.     Where facts are set forth in the answers or portions thereof and are supplied upon information or belief rather than your direct personal knowledge you should so state, and specifically identify each source of such information and belief. Should you be unable to answer any Interrogatory or portion thereof by either actual knowledge or upon information or belief, you should so state.

14.     Whenever a full and complete answer to any Interrogatory or subpart is contained in a document identified as answering a specific numbered Interrogatory or subpart, the document or a copy may be supplied in lieu of a written answer.

15.     Whenever an Interrogatory calls for information which is not available to you in the form requested, but is available in another form or can be obtained at least in part from

other sources in your possession, so state and either supply the information requested in the form in which it is available, or supply the sources from which the information can be obtained.

## INTERROGATORIES

1.    For each of your building(s) identify the owner(s); the address; date of purchase by you or any entity in which you owned a majority or equivalent interest; purchase price; the seller; date of sale by you or any entity in which you owned a majority or equivalent interest; sales price; the buyer; and the current use of the building (i.e., owner occupied residential, tenant occupied residential, commercial use, industrial use, farm building, etc.).

**ANSWER:**

2.    Identify all present and former occupants of your building(s), providing the dates of their occupancy and their relationship (e.g., family, tenant) to you.

**ANSWER:**

3.    Identify the address for each of your building(s) that you contend presently contains or formerly contained Zonolite Attic Insulation, and for the latter, identify the person(s) who removed the Zonolite Attic Insulation, the date of its removal, the method by which the Zonolite Attic Insulation was removed, and the reason(s) the Zonolite Attic Insulation was removed.

**ANSWER:**

4.    For each of your building(s), describe any inspection of your building(s) prior to or at the time of its purchase or sale, and for each inspection, set forth the date of each inspection; identify the person(s) who performed the inspection; identify all areas of the building inspected; set forth the findings of each inspection; describe all repairs or remediation undertaken as a result

4

of the inspection(s), including the cost of each repair or remediation; and identify all reports, correspondence, and any other documents concerning each inspection described.

**ANSWER:**

5.    For each of your building(s), describe all testing or inspection for the presence of asbestos, radon, lead, PCBs, or other substances that have been alleged to be hazardous, including the date of each inspection or test; the identity of the person(s) who performed the test or inspection; a description of all areas of the building tested or inspected; the findings of each test or inspection; a description of all actions, repairs or remediation undertaken as a result of the testing or inspection(s), including the cost of each repair or remediation; and the identity of all person(s) to whom the results of the tests or inspections were communicated.

**ANSWER:**

6.    For each of your building(s) that you contend contains or contained Zonolite Attic Insulation, state the basis for your claim that the insulation is Zonolite Attic Insulation, identify the person from whom the Zonolite Attic Insulation was purchased; the person who purchased the Zonolite Attic Insulation; the date that the Zonolite Attic Insulation was purchased; all documents received prior to or at the time of the purchase of the Zonolite Attic Insulation, including, but not limited to, advertisements, brochures, and promotional literature for Zonolite Attic Insulation; all oral communications at the time of the purchase of the Zonolite Attic Insulation concerning the product; the person(s) who installed the Zonolite Attic Insulation; the date of its installation; each and every location in each of your building(s) where you contend that the Zonolite Attic Insulation is or was installed; the purpose for which the Zonolite Attic Insulation was installed; the depth at which the Zonolite Attic Insulation is or was installed in

5

each of your building(s); any materials or structures located over or under the Zonolite Attic Insulation; a description of the current condition of the Zonolite Attic Insulation; and if the condition of the Zonolite Attic Insulation has changed over time, describe the changes.

**ANSWER:**

7.   For each of your building(s) that you contend contains Zonolite Attic Insulation, provide a description of all repair, maintenance, construction or renovation activities that have disturbed, displaced, impacted, dislodged, or otherwise affected the Zonolite Attic Insulation, including the date of each such activity and the identity of the persons who performed each such activity; and a description of all planned future repair, maintenance, construction or renovation activities that may disturb, displace, impact, dislodge, or otherwise affect the Zonolite Attic Insulation, including the anticipated date of each such planned activity and the identity of the persons who will perform each such activity.

**ANSWER:**

8.   Identify all warnings or notices given to occupants of your building(s) regarding the presence of asbestos, radon, lead, PCBs, or other substances that have been alleged to be hazardous in your building(s), including the substance of the warnings given, the dates of the warnings, the identity of the persons to whom the warnings or notices were given orally or in written form, and a description of all actions taken in response to the warnings.

**ANSWER:**

9.   For each of your building(s), state separately and specifically each action which you, or third parties on your behalf, have undertaken to assess and analyze the presence of products that contain any amount of asbestos fiber in the building; the date of each such action; the identity of your personnel and of third parties, consulted or hired by you, who were involved in each such action; the amount of money you have expended with respect to each action, itemized in reasonable detail; the identity of all documents or physical samples or materials concerning each such action.

**ANSWER:**

10.   Identify all testing or sampling of materials or structures in your building(s) for the presence of products that contain any amount of asbestos fiber, including the date(s) of testing or sampling; the identity of the persons who conducted the testing or sampling; the areas of the building tested or sampled; the results of the testing or sampling; all actions taken in response to the results of the testing or sampling; the identity of all communications with your employees, tenants, or other persons using or occupying your building(s) regarding the results of the testing or sampling.

**ANSWER:**

11.   For each of your building(s), identify each type of product that contains any amount of asbestos fiber presently or formerly in each building, giving its generic name; the trade or brand name of each such product; the identity of the manufacturer of each such product; the identity of the person or entity from whom each such product was purchased; the date on which each such product was purchased; the use to which each such product was put; the location in the building where each such product is or was located; the date of the product's removal; the

7

identity of the person(s) who removed such products; the identity of all documents concerning the facts set forth in your answers to this interrogatory.

**ANSWER:**

12. Identify all information you have obtained, either orally or in writing, about the alleged hazards of Zonolite Attic Insulation, and set forth the date you obtained the information and the source of the information, and identify all persons to whom you communicated the information. Identify all documents concerning your response.

**ANSWER:**

13. Identify all warnings, notices, or instructions given to you or the occupants of your building(s) regarding the presence, disturbance, removal, containment, control, or abatement of Zonolite Attic Insulation in your building(s), and set forth the date you or the occupants of your building(s) received the warnings, notices, or instructions, the identity of all persons who received the warnings, notices, or instructions, and the identity of all persons to whom you communicated the information.

**ANSWER:**

14. State the basis for your claim that misrepresentations were made by defendants concerning Zonolite Attic Insulation, identify all misrepresentations that you allege were made to you concerning Zonolite Attic Insulation, and identify all documents concerning your response.

**ANSWER:**

15. State whether you communicated with any defendant at any time prior to the commencement of this action. If so, state the basis for your contention and identify the defendant and specific person to whom each such communication was made; the date of each such communication; whether such communication was oral or in writing; the contents of each such communication; identify the person making each such communication on your behalf; the contents of each response you received to each such communication; and identify all documents concerning each such communication.

**ANSWER:**

16. Identify separately and specifically each action which you, or third parties on your behalf, have undertaken, and each future action which you expect to undertake, or which you expect third parties to undertake on your behalf, to abate the alleged hazard allegedly created by the presence of Zonolite Attic Insulation in your building(s), and, for each action identified identify your personnel and third parties, consulted or hired by you, who were involved in each action; identify all documents which evidence, refer or relate to each action; itemize in reasonable detail the amount of money that you have expended or that you expect to expend with respect to each action, and describe the basis for each calculation.

**ANSWER:**

9

17. State the basis for each item or element of your claim for damages, and state separately and specifically with respect to each such element the amount of damages which you allege are attributable to that element; state the basis for your calculation of the amount attributable to that item; identify each person who assisted you in making each calculation; and identify each document concerning each calculation.

**ANSWER:**

18. Identify each person, if any, that you expect to call as an expert at the class certification hearing in this case, and further state the substance of the facts and opinions to which each such expert is expected to testify and a summary of the grounds for each opinion; identify each written report prepared by any person identified in your response to this Interrogatory; and identify any person to whom the report has been disseminated.

**ANSWER:**

19. Identify the name and address of each and every member of the plaintiff class that you can personally identify.

**ANSWER:**

20. State all facts used in determining the members of the proposed class and describe in detail the method by which you propose to identify the members of the proposed class.

**ANSWER:**

21. State whether you contend that the class should be divided into subclasses and, if so, state the basis for your contention, and state the definition of each subclass; identify each

10

proposed subclass representative; state in detail all criteria that you would use in determining whether a person is a member of each proposed subclass; your best estimate of the number of members of the proposed class and each proposed subclass and describe in detail the method and factual basis for your calculation.

**ANSWER:**

22. Describe in detail the method by which you propose to give class notice to each member of the proposed class and the means by which such notice will be financed.

**ANSWER:**

23. Describe how you came to be selected as the representative of the purported class, and identify all communications concerning your selection as the class representative.

**ANSWER:**

24. State whether you or your attorneys have communicated with any members of the proposed class concerning this litigation or the subject matter of this litigation and, if so, with respect to each such communication, identify each such member of the proposed class, and state whether the communication was written or oral. If oral, identify it. If written, identify each document that reflects, refers or relates in any way to such communications.

**ANSWER:**

25. Identify each person listed in plaintiff's Rule 26(a)(1) Initial Disclosures, together with a description of each person's relationship to the plaintiff, state the basis for your contention that each person listed has discoverable information, and identify the discoverable information that you believe each person identified is likely to have.

**ANSWER:**

Arlene Fickler
Lisa M. Salazar
Hoyle, Morris & Kerr LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103
(215) 981-5850

Robert A. Murphy
Casner & Edwards, LLP
One Federal Street
Boston, MA 02110
(617) 426-5900

James J. Restivo
Lawrence Flatley
Douglas Cameron
Reed Smith LLP
435 6th Avenue
Pittsburgh, PA 15219
(412) 288-3122

Attorneys for Defendants
W.R. Grace & Company, a Delaware Corporation,
and W.R. Grace & Company-Conn

Dated: March 13, 2001

12

## CERTIFICATE OF SERVICE

I, Lisa M. Salazar, hereby certify that on March 13, 2001, I caused to be served copies of the

foregoing Defendants' First Set Of Master Interrogatories Directed To Plaintiffs upon the

following counsel by Federal Express overnight delivery:


Elizabeth J. Cabraser, Esq.
c/o Thomas M. Sobol, Esq.
Leiff, Cabraser, Heimann & Bernstein, LLP
214 Union Wharf
Boston, MA  02109-1216

James R. Carroll, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Beacon Street
Boston, MA  02108

David Pastor, Esq.
Gilman and Pastor, LLP
999 Broadway
Saugus, MA  01906

Edward J. Westbrook, Esq.
Ness Motley Loadholt Richardson & Poole
28 Bridgeside Blvd.
Mt. Pleasant, SC  29465

John J. Stoia, Jr., Esq.
Milberg Weiss Bershad Hynes & Lerach,
LLP
600 West Broadway
1800 One America Plaza
San Diego, CA 92101-5050

Sheila Birnbaum, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

11
12
13

| In re ZONOLITE ATTIC INSULATION PRODUCTS LIABILITY LITIGATION | NO. MDL Docket No. 1376 The Honorable Patti B. Saris, Presiding |
|---|---|

14
15
16

This Document Relates To:

ALL ACTIONS.

17
18
19
20
21
22
23
24
25

| BARBANTI,<br><br>                    Plaintiff,<br><br>        v.<br><br>W. R. GRACE & COMPANY-CONN., et al.,<br><br>                    Defendants. | Superior Court, State of Washington County of Spokane<br><br>No. 00-2-01756-6<br><br>CERTIFICATION OF DEFENDANT W. R. GRACE & CO.-CONN.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |
|---|---|

26
27
28

## CERTIFICATION{PRIVATE }

STATE OF FLORIDA      )

                               )

COUNTY OF PALM BEACH, SS.    )

       John V. Port, being first duly sworn, on oath deposes and says he is the Controller, LSG of W. R. Grace & Co. - Conn., defendant in the above-entitled action; that he has read the foregoing answers to interrogatories and knows the contents thereof; that said answers were prepared by and with the assistance of employees and representatives of the corporation, with the assistance and advice of counsel, upon which he has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently W. R. Grace & Co. - Conn. reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein the said answers are true to the best of his present knowledge, information and belief.



JOHN V. PORT

Subscribed and sworn to before me
this **23** day of **March**, 2001, by
John Port, who is personally known to me.

NOTARY PUBLIC

50000.0/57111

Valerie Perez
My Commission CC767501
Expires November 11, 2002

# PROOF OF SERVICE - MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

On March 30, 2001, I served a true copy of **CERTIFICATION OF DEFENDANT W. R. GRACE & CO.-CONN.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the interested parties in this action by placing said document enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

SEE ATTACHED SERVICE LIST

I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service; correspondence is deposited with the United States Postal Service at Marina Processing Center, 13031 Jefferson Boulevard, Los Angeles, California 90066, on the same day that it is internally collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; that I am employed in the office of a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on March 30, 2001, at Santa Monica, California.

Gloria N. Mandel

033001/1552[LA010890.059]
12757-0072

1

## PROOF OF SERVICE MAILING LIST

2

3 John J. Stoia, Jr.
Timothy G. Blood
Jobeth Halper
4 Thomas R. Merrick
Jennifer Templeton Schirmer
5 Milberg Weiss Bershad Hynes & Lerach LLP
600 West Broadway, Suite 1800
6 San Diego, CA  92101
Telephone: (619) 231-1058
7
Facsimile:   (619) 231-7423
8

Edward J. Westbrook
Robert M. Turkewitz
Ness Motley Loadholt Richardson & Poole
28 Bridgeside Boulevard
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile:   (843) 216-9450

9

10 Elizabeth J. Cabraser
Fabrice N. Vincent
11 Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 30th Floor
12 San Francisco, CA  94111-3339
Telephone: (415) 956-1000
13 Facsimile:   (415) 956-1008

Thomas Sobol
Jan R. Schlichtmann
Lieff Cabraser Heimann & Bernstein LLP
214 Union Wharf
Boston, MA  02109
Telephone: (617) 720-5000
Facsimile:   (617) 720-5015

14

15 David Pastor
Gilman and Pastor LLP
16 Stonehill Corporate Center
999 Broadway, Suite 500
17 Saugus, MA  01906
Telephone: (781) 231-7850
18 Facsimile:   (781) 231-7840

Mark C. Goldenberg
Elizabeth V. Heller
Hopkins Goldenberg PC
2227 South State Route 157
Edwardsville, IL  62025
Telephone: (618) 656-5150
Facsimile:   (618) 656-6230

19

20 Christopher A. Seeger
David R. Buchanan
21 Amy P. Albert
Seeger Weiss LLP
22 One William Street
New York, NY  10004-2502
23 Telephone: (212) 584-0700
Facsimile:   (212) 584-0799
24

Deborah G. Solmor
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL  60606-1285
Telephone: (312) 407-0700
Facsimile:   (312) 407-0411

25

26

27

28

033001/1552[LA010890.059]
12757-0072

Douglas King
James H. Ferrick III
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Sheila L. Birnbaum
Bert L. Wolff
Arthur H. Aizley
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

V. L. Woolston, Jr.
Thomas L. Boeder
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 583-8888
Facsimile: (206) 583-8500

Rocco Treppiedi
Perkins Coie LLP
221 No. Wall Street, Suite 600
Spokane, WA 99201
Telephone: (509) 624- 2212
Facsimile: (509) 458-3399

Donald G. Stone
David L. Broom
Curtis L. Shoemaker
Paine Hamblen Coffin Brooke & Miller LLP
717 W. Sprague Avenue, Suite 1200
Spokane, WAS 99201-3505
Telephone: (509) 455-6000
Facsimile: (509) 838-0007

3/26/01

# FILE COPY

1
2
3
4
5
6
7
8

### UNITED STATES DISTRICT COURT

9

### DISTRICT OF MASSACHUSETTS

10

| | |
|---|---|
| In re ZONOLITE ATTIC INSULATION PRODUCTS LIABILITY LITIGATION | NO. MDL Docket No. 1376<br>The Honorable Patti B. Saris, Presiding |
| This Document Relates To:<br><br>    ALL ACTIONS. | |
| BARBANTI,<br><br>                Plaintiff,<br><br>        v.<br><br>W. R. GRACE & COMPANY-CONN., et al.,<br><br>                Defendants. | Superior Court, State of Washington<br>County of Spokane<br><br>No. 00-2-01756-6<br><br>DEFENDANT W. R. GRACE & CO.-CONN.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

032601/1641[LA010610.050]
12757-0072

Defendant W. R. Grace & Co.-Conn.'s Responses To Plaintiff's First Request For Production Of Documents

| | |
|---|---|
| **PROPOUNDING PARTY:** | Plaintiffs |
| **RESPONDING PARTY:** | Defendants W. R. Grace & Co.-Conn. and W. R. Grace & Company |
| **SET NUMBER:** | One |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants W. R. Grace & Co.-Conn. and W. R. Grace & Company, (collectively "Grace") respond to Plaintiffs First Set of Requests for the Production of Documents (the "Requests") as follows:

### GENERAL OBJECTIONS

1. Grace objects to the Requests and each individual Requests to the extent that they, or any of them, call for information protected from discovery by the attorney-client privilege or the work product doctrine. Each of the specific responses set forth below is made subject to and without waiving the foregoing objection.

2. Grace objects to the Requests and each individual Request to the extent that they, or any of them, seek to impose obligations or burdens on Grace beyond those required by the applicable provisions of the Federal Rules of Civil Procedure.

3. Grace objects to the definitions of "refer," "referring," "discuss," "discussing," "concern," "concerning," and "documents" on the grounds that they are overbroad and vague and ambiguous.

The responses herein are subject to and limited by the foregoing general objections.

032601/1641[LA010610.050]
12757-0072

2

Defendant W. R. Grace & Co.-Conn.'s Responses To Plaintiff's First Request For Production Of Documents

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning due diligence performed with respect to the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 1:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 2:**

All documents relating to the engagement, disengagement, dismissal or change of independent auditors retained by the Grace Companies in connection with the reorganization, recapitalization and merger, including documents concerning the purpose or reason for any changes in the firms auditing the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 2:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex Corporation*, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 3:**

All documentation provided to or received from the Grace Companies' independent auditors concerning the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 3:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 4:**

All reports, letters or forms relating to any audit, consulting or tax engagement with the Grace Companies' audit committee or discussions with members of the Grace Companies' audit committee concerning the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 4:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 5:**

All documents reflecting meetings of the Grace Companies' audit committee or discussions with members of the Grace Companies' audit committee concerning the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 5:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 6:**

All documents relating to presentations and reports given to the Grace Companies' Board of Directors concerning the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 6:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 7:**

All documents sent to or received from consultants concerning the reorganization, recapitalization and merger.

## RESPONSE TO REQUEST NO. 7:

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

## REQUEST NO. 8:

All reports or analyses generated concerning the reorganization, recapitalization and merger, whether by the Grace Companies or a third party.

## RESPONSE TO REQUEST NO. 8:

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not

1  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

2  burdensome. Further, to the extent that such discovery seeks documents and information

3  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

4  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

5  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

6  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

7  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

8  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

9  resources on potentially unnecessary issues and limiting the scope of discovery to issues

10  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

11  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

12  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

13  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

14  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

15  underlying liability action decided). Further, such discovery is further irrelevant and

16  objectionable in the MDL 1367 proceeding because no class has been certified against

17  Grace and there can be no suggestion that Grace could not satisfy any claims of the

18  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

19  2001 to stay discovery on issues regarding the Sealed Air transaction.

20  **REQUEST NO. 9:**

21      All documents discussing or concerning the reorganization, recapitalization and

22  merger, including documents discussing the reasons or purpose of the reorganization,

23  recapitalization and merger.

24  **RESPONSE TO REQUEST NO. 9:**

25      Grace objects to this document request on the grounds that it calls for the discovery

26  of documents and information not relevant to the claims asserted against Grace, is not

27  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

28  burdensome. Further, to the extent that such discovery seeks documents and information

1  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of
2  its affiliates are responsible for any alleged claims brought against Grace or for any alleged
3  liabilities of Grace, or whether certain transactions involving Sealed Air constitute
4  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose
5  undue burdens on Grace, (2) there has been no determination of Grace's liability in this
6  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial
7  resources on potentially unnecessary issues and limiting the scope of discovery to issues
8  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*
9  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to
10  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.
11  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d
12  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until
13  underlying liability action decided). Further, such discovery is further irrelevant and
14  objectionable in the MDL 1367 proceeding because no class has been certified against
15  Grace and there can be no suggestion that Grace could not satisfy any claims of the
16  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,
17  2001 to stay discovery on issues regarding the Sealed Air transaction.

18  **REQUEST NO. 10:**

19       All documents concerning set monetary limits on transactions that could occur
20  without the approval of the Grace Defendants' board of directors.

21  **RESPONSE TO REQUEST NO. 10:**

22       Grace objects to this document request on the grounds that it calls for the discovery
23  of documents and information not relevant to the claims asserted against Grace, is not
24  reasonably calculated to lead to the discovery of admissible evidence, and is unduly
25  burdensome. Further, to the extent that such discovery seeks documents and information
26  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of
27  its affiliates are responsible for any alleged claims brought against Grace or for any alleged
28  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

1  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

2  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

3  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

4  resources on potentially unnecessary issues and limiting the scope of discovery to issues

5  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

6  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

7  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

8  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

9  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

10  underlying liability action decided). Further, such discovery is further irrelevant and

11  objectionable in the MDL 1367 proceeding because no class has been certified against

12  Grace and there can be no suggestion that Grace could not satisfy any claims of the

13  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

14  2001 to stay discovery on issues regarding the Sealed Air transaction.

15  **REQUEST NO. 11:**

16  All documents discussing, analyzing or constituting the indemnification or liability

17  of Sealed Air for any liabilities of the Grace Companies, including all indemnity

18  agreements.

19  **RESPONSE TO REQUEST NO. 11:**

20  Grace objects to this document request on the grounds that it calls for the discovery

21  of documents and information not relevant to the claims asserted against Grace, is not

22  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

23  burdensome. Further, to the extent that such discovery seeks documents and information

24  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

25  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

26  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

27  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

28  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

1  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

2  resources on potentially unnecessary issues and limiting the scope of discovery to issues

3  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

4  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

5  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

6  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

7  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

8  underlying liability action decided). Further, such discovery is further irrelevant and

9  objectionable in the MDL 1367 proceeding because no class has been certified against

10  Grace and there can be no suggestion that Grace could not satisfy any claims of the

11  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

12  2001 to stay discovery on issues regarding the Sealed Air transaction.

13  **REQUEST NO. 12:**

14      All documents discussing, supporting or contradicting the following statement on

15  page 10 of Sealed Air's 1998 10-K: "The Company may remain liable with respect to

16  certain of such liabilities if New Grace fails to fulfill its indemnity obligation to the

17  company." (Ex.C.)

18

19

20

21

22

23

24

25

26

27

28

032601/1641[LA010610.050]
12757-0072                              13

**RESPONSE TO REQUEST NO. 12:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 13:**

All documents (whether created before, after or during the reorganization, recapitalization and merger) discussing or analyzing Grace-Conn.'s viability or sufficiency of assets to satisfy liabilities and/or continue to conduct business after the reorganization.

**RESPONSE TO REQUEST NO. 13:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 14:**

All documents (whether created before, after or during the reorganization, recapitalization and merger) discussing or analyzing Grace-Conn.'s viability or sufficiency of assets to satisfy liabilities and/or continue to conduct business after the reorganization, recapitalization and merger.

**RESPONSE TO REQUEST NO. 14:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 15:**

All documents discussing or analyzing the sufficiency of Grace-Conn.'s assets to satisfy liabilities arising from the mining, manufacturing, fabricating, advertising, marketing, selling, distributing, transporting or installing of asbestos products.

032601/1641[LA010610.050]
12757-0072

16

Defendant W. R. Grace & Co.-Conn.'s Responses To Plaintiff's First Request For Production Of Documents

## RESPONSE TO REQUEST NO. 15:

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex Corporation*, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

## REQUEST NO. 16:

All documents discussing whether at the time of the reorganization Grace-Conn. had sufficient assets to satisfy liabilities arising from the mining, manufacturing, fabricating, advertising, marketing, selling, distributing, transporting or installing of asbestos products.

**RESPONSE TO REQUEST NO. 16:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 17:**

All documents supporting, discussing or contradicting the following statement on page 3 of Grace Specialty Chemical's 1997 10-K: "[a]t the date of this report ... New Grace has no assets." (Ex. A.)

**RESPONSE TO REQUEST NO. 17:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex Corporation*, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 18:**

All documents comparing the value of assets transferred to Grace-Conn. during the reorganization with the value of assets transferred to Cryovac during the reorganization.

**RESPONSE TO REQUEST NO. 18:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not

1   reasonably calculated to lead to the discovery of admissible evidence, and is unduly

2   burdensome. Further, to the extent that such discovery seeks documents and information

3   that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

4   its affiliates are responsible for any alleged claims brought against Grace or for any alleged

5   liabilities of Grace, or whether certain transactions involving Sealed Air constitute

6   fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

7   undue burdens on Grace, (2) there has been no determination of Grace's liability in this

8   case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

9   resources on potentially unnecessary issues and limiting the scope of discovery to issues

10  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

11  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

12  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

13  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

14  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

15  underlying liability action decided). Further, such discovery is further irrelevant and

16  objectionable in the MDL 1367 proceeding because no class has been certified against

17  Grace and there can be no suggestion that Grace could not satisfy any claims of the

18  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

19  2001 to stay discovery on issues regarding the Sealed Air transaction.

20  **REQUEST NO. 19:**

21      All documents concerning the reorganization, including the reason or purpose for

22  the reorganization.

23  **RESPONSE TO REQUEST NO. 19:**

24      Grace objects to this document request on the grounds that it calls for the discovery

25  of documents and information not relevant to the claims asserted against Grace, is not

26  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

27  burdensome. Further, to the extent that such discovery seeks documents and information

28  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

1  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

2  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

3  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

4  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

5  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

6  resources on potentially unnecessary issues and limiting the scope of discovery to issues

7  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

8  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

9  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

10  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

11  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

12  underlying liability action decided). Further, such discovery is further irrelevant and

13  objectionable in the MDL 1367 proceeding because no class has been certified against

14  Grace and there can be no suggestion that Grace could not satisfy any claims of the

15  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

16  2001 to stay discovery on issues regarding the Sealed Air transaction.

17  **REQUEST NO. 20:**

18      All documents comparing the value of assets transferred to Sealed Air from the

19  Grace Companies as a result of the reorganization, recapitalization and merger with the

20  market value of those assets.

21  **RESPONSE TO REQUEST NO. 20:**

22      Grace objects to this document request on the grounds that it calls for the discovery

23  of documents and information not relevant to the claims asserted against Grace, is not

24  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

25  burdensome. Further, to the extent that such discovery seeks documents and information

26  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

27  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

28  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

032601/1641[LA010610.050]

12757-0072

21

fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 21:**

All documents comparing the value of assets transferred to Sealed Air from the Grace Companies with the value of these assets.

**RESPONSE TO REQUEST NO. 21:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

1  resources on potentially unnecessary issues and limiting the scope of discovery to issues

2  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

3  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

4  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

5  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

6  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

7  underlying liability action decided). Further, such discovery is further irrelevant and

8  objectionable in the MDL 1367 proceeding because no class has been certified against

9  Grace and there can be no suggestion that Grace could not satisfy any claims of the

10  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

11  2001 to stay discovery on issues regarding the Sealed Air transaction.

12  **REQUEST NO. 22:**

13      All documents concerning, analyzing or discussing the market value of Cryovac at

14  the time of the reorganization.

15  **RESPONSE TO REQUEST NO. 22:**

16      Grace objects to this document request on the grounds that it calls for the discovery

17  of documents and information not relevant to the claims asserted against Grace, is not

18  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

19  burdensome. Further, to the extent that such discovery seeks documents and information

20  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

21  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

22  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

23  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

24  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

25  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

26  resources on potentially unnecessary issues and limiting the scope of discovery to issues

27  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

28  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

1  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

2  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

3  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

4  underlying liability action decided).  Further, such discovery is further irrelevant and

5  objectionable in the MDL 1367 proceeding because no class has been certified against

6  Grace and there can be no suggestion that Grace could not satisfy any claims of the

7  individual plaintiffs.  Grace filed a motion for a protective order in this case on March 20,

8  2001 to stay discovery on issues regarding the Sealed Air transaction.

9  **REQUEST NO. 23:**

10        All documents constituting, discussing or relating to reports or analyses of the value

11  of Cryovac's "goodwill."

12  **RESPONSE TO REQUEST NO. 23:**

13        Grace objects to this document request on the grounds that it calls for the discovery

14  of documents and information not relevant to the claims asserted against Grace, is not

15  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

16  burdensome.  Further, to the extent that such discovery seeks documents and information

17  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

18  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

19  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

20  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

21  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

22  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

23  resources on potentially unnecessary issues and limiting the scope of discovery to issues

24  relating to the underlying liability claims.  *See Hillsborough Holdings Corporation v.*

25  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

26  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

27  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

28  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

underlying liability action decided).  Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs.  Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 24:**

All documents pertaining to the 1998 loan of $1.2 billion taken out by Sealed Air and transferred to Grace-Conn., including the documents concerning the reason or purpose for the loan and transfer.

**RESPONSE TO REQUEST NO. 24:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.  Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims.  *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided).  Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against

032601/1641[LA010610.050]
12757-0072

25

1  Grace and there can be no suggestion that Grace could not satisfy any claims of the

2  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

3  2001 to stay discovery on issues regarding the Sealed Air transaction.

4  **REQUEST NO. 25:**

5      All documents discussing, relating to or analyzing the "fairness of the

6  consideration" of the reorganization, recapitalization and merger as analyzed by

7  Donaldson, Lufkin & Jenrette Securities Corporation and discussed on page 39 of Sealed

8  Air's Proxy Statement. (Ex. D.)

9  **RESPONSE TO REQUEST NO. 25:**

10      Grace objects to this document request on the grounds that it calls for the discovery

11  of documents and information not relevant to the claims asserted against Grace, is not

12  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

13  burdensome. Further, to the extent that such discovery seeks documents and information

14  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

15  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

16  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

17  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

18  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

19  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

20  resources on potentially unnecessary issues and limiting the scope of discovery to issues

21  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

22  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

23  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

24  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

25  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

26  underlying liability action decided). Further, such discovery is further irrelevant and

27  objectionable in the MDL 1367 proceeding because no class has been certified against

28  Grace and there can be no suggestion that Grace could not satisfy any claims of the

032601/1641[LA010610.050]

12757-0072

26

1   individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

2   2001 to stay discovery on issues regarding the Sealed Air transaction.

3   **REQUEST NO. 26:**

4       All documents concerning, discussing and used in preparation of Sealed Air's Proxy

5   Statement, including documents used in preparation of the section titled "Liabilities of

6   New Grace, Fraudulent Transfer and Related Considerations."

7   **RESPONSE TO REQUEST NO. 26:**

8       Grace objects to this document request on the grounds that it calls for the discovery

9   of documents and information not relevant to the claims asserted against Grace, is not

10  reasonably calculated to lead to the discovery of admissible evidence, and is unduly

11  burdensome. Further, to the extent that such discovery seeks documents and information

12  that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of

13  its affiliates are responsible for any alleged claims brought against Grace or for any alleged

14  liabilities of Grace, or whether certain transactions involving Sealed Air constitute

15  fraudulent conveyances, such discovery is premature because (1) it will needlessly impose

16  undue burdens on Grace, (2) there has been no determination of Grace's liability in this

17  case, and (3) proper structuring of the case requires avoiding the expenditure of judicial

18  resources on potentially unnecessary issues and limiting the scope of discovery to issues

19  relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*

20  *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to

21  issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.

22  LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d

23  1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until

24  underlying liability action decided). Further, such discovery is further irrelevant and

25  objectionable in the MDL 1367 proceeding because no class has been certified against

26  Grace and there can be no suggestion that Grace could not satisfy any claims of the

27  individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,

28  2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 27:**

All documents discussing or relating to the section on page 40, n.18, of Sealed Air's 1998 10-K titled "Commitments and Contingencies" and the statement on page 41 of the same document titled "Contingent Liabilities Indemnified by New Grace." (Ex. C.)

**RESPONSE TO REQUEST NO. 27:**

Grace objects to this document request on the grounds that it calls for the discovery of documents and information not relevant to the claims asserted against Grace, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Further, to the extent that such discovery seeks documents and information that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of its affiliates are responsible for any alleged claims brought against Grace or for any alleged liabilities of Grace, or whether certain transactions involving Sealed Air constitute fraudulent conveyances, such discovery is premature because (1) it will needlessly impose undue burdens on Grace, (2) there has been no determination of Grace's liability in this case, and (3) proper structuring of the case requires avoiding the expenditure of judicial resources on potentially unnecessary issues and limiting the scope of discovery to issues relating to the underlying liability claims. *See Hillsborough Holdings Corporation v. Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super. LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until underlying liability action decided). Further, such discovery is further irrelevant and objectionable in the MDL 1367 proceeding because no class has been certified against Grace and there can be no suggestion that Grace could not satisfy any claims of the individual plaintiffs. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction.

**REQUEST NO. 28:**

Each insurance policy which, for any time during the period 1963 through 2001, provided the Grace Companies with insurance coverage, whether primary, excess or reinsurance, for the Grace Companies' liability arising out of the reorganization, recapitalization and merger and arising out of the Grace Companies' mining, manufacturing, fabricating, advertising, marketing, selling, distributing, transporting or installing of Zonolite or other asbestos products.

**RESPONSE TO REQUEST NO. 28:**

Grace objects to this Request on the grounds that it is overly broad and unduly burdensome. Moreover, to the extent that the Request seeks information regarding the Sealed Air transaction, it is wholly irrelevant and improper – *See* response to Request No. 1. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction. Subject to the foregoing objections, Grace attaches as Attachment 1 to these responses, a list of insurance policies which may theoretically provide coverage for some of the damages alleged, depending upon the specific facts of each claim in this lawsuit. The list includes the insurance companies, policy numbers, policy periods, and policy amounts. Some of these policies are settled, compromised and/or exhausted pursuant to settlement agreements, the existence and terms of which are subject to confidentiality agreements. Grace will provide copies of the insurance policies at plaintiffs' expense.

**REQUEST NO. 29:**

All documents which refer to or evidence the Grace Companies' risk retention, self-insurance or co-insurance at any time during the period of 1963 through 2001 for the Grace Companies' liability arising out of the reorganization, recapitalization and merger or arising out of the Grace Companies' mining, manufacturing, fabricating, advertising, marketing, selling, distributing, transporting or installing of Zonolite or other asbestos products.

**RESPONSE TO REQUEST NO. 29:**

Grace objects to this Request on the grounds that it is overly broad and unduly burdensome. Moreover, to the extent that the Request seeks information regarding the Sealed Air transaction, it is wholly irrelevant and improper – *See* response to Request No. 1. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction. Subject to the foregoing objections, Grace attaches as Attachment 1 to these responses, a list of insurance policies which may theoretically provide coverage for some of the damages alleged, depending upon the specific facts of each claim in this lawsuit. The list includes the insurance companies, policy numbers, policy periods, and policy amounts. Some of these policies are settled, compromised and/or exhausted pursuant to settlement agreements, the existence and terms of which are subject to confidentiality agreements. Grace will provide copies of the insurance policies at plaintiffs' expense.

**REQUEST NO. 30:**

All documents related to any and all transactions that resulted in termination of coverage for the Grace Companies' liability arising out of the reorganization, recapitalization and merger or arising out of the Grace Companies' mining, manufacturing, fabricating, advertising, marketing, selling, distributing, transporting or installing of Zonolite or other asbestos products.

**RESPONSE TO REQUEST NO. 30:**

Grace objects to this Request on the grounds that it is overly broad and unduly burdensome. Moreover, to the extent that the Request seeks information regarding the Sealed Air transaction, it is wholly irrelevant and improper – *See* response to Request No. 1. Grace filed a motion for a protective order in this case on March 20, 2001 to stay discovery on issues regarding the Sealed Air transaction. Subject to the foregoing objections, Grace attaches as Attachment 1 to these responses, a list of insurance policies which may theoretically provide coverage for some of the damages alleged, depending upon the specific facts of each claim in this lawsuit. The list includes the insurance

1  companies, policy numbers, policy periods, and policy amounts. Some of these policies
2  are settled, compromised and/or exhausted pursuant to settlement agreements, the existence
3  and terms of which are subject to confidentiality agreements. Grace will provide copies of
4  the insurance policies at plaintiffs' expense.

5  **REQUEST NO. 31:**

6  All documents constituting or concerning any indemnity agreements, agreements to
7  assume liability, agreements to assume the defense or joint defense agreements made by
8  the Grace Companies, its insurers or any other entities relating to the reorganization,
9  recapitalization and merger or arising out of the Grace Companies' mining, manufacturing,
10  fabricating, advertising, marketing, selling, distributing, transporting or installing of
11  Zonolite or other asbestos products.

12  **RESPONSE TO REQUEST NO. 31:**

13  Grace objects to this Request on the grounds that it is overly broad and unduly
14  burdensome, and it seeks information that is not relevant to the claims or defenses in this
15  case. Moreover, to the extent that the Request seeks information regarding the Sealed Air
16  transaction, it is wholly irrelevant and improper – *See* response to Request No. 1. Grace
17  filed a motion for a protective order in this case on March 20, 2001 to stay discovery on
18  issues regarding the Sealed Air transaction. Grace will not be producing any documents
19  responsive to this Request.

20  **REQUEST NO. 32:**

21  All documents upon which the Grace Companies relied in making the statement
22  found on page F-10 of the Financial Supplement to Grace's 1999 10-K that "Grace has
23  recorded an accrual for all existing property damage cases for which sufficient information
24  is available to from [sic] a reasonable estimate of such exposure" including all documents
25  related to the estimate amount of such exposure. (Ex. B).

26  **RESPONSE TO REQUEST NO. 32:**

27  Grace objects to this document request on the grounds that it calls for the discovery
28  of documents and information not relevant to the claims asserted against Grace, is not

032601/1641[LA010610.050]
12757-0072                          31

Defendant W. R. Grace & Co.-Conn.'s Responses To Plaintiff's First Request For Production Of Documents

1 reasonably calculated to lead to the discovery of admissible evidence, and is unduly
2 burdensome. Further, to the extent that such discovery seeks documents and information
3 that Plaintiffs claim are relevant to the allegations that the Sealed Air Corporation or any of
4 its affiliates are responsible for any alleged claims brought against Grace or for any alleged
5 liabilities of Grace, or whether certain transactions involving Sealed Air constitute
6 fraudulent conveyances, such discovery is premature because (1) it will needlessly impose
7 undue burdens on Grace, (2) there has been no determination of Grace's liability in this
8 case, and (3) proper structuring of the case requires avoiding the expenditure of judicial
9 resources on potentially unnecessary issues and limiting the scope of discovery to issues
10 relating to the underlying liability claims. *See Hillsborough Holdings Corporation v.*
11 *Celotex* Corporation, 132 B.R. 478, 481 (M.D. Fla. 1991) (limiting scope of discovery to
12 issues other than fraudulent conveyance issues); *FDIC v. Kefalas*, 1999 Mass. Super.
13 LEXIS 527, *3-4 (Mass. Super. Ct. July 25, 1997) (same); *Rosen v. Zoberg*, 680 So. 2d
14 1050, 1052 (Fla. App. 1996) (granting stay of fraudulent conveyance action until
15 underlying liability action decided). Further, such discovery is further irrelevant and
16 objectionable in the MDL 1367 proceeding because no class has been certified against
17 Grace and there can be no suggestion that Grace could not satisfy any claims of the
18 individual plaintiffs. Grace filed a motion for a protective order in this case on March 20,
19 2001 to stay discovery on issues regarding the Sealed Air transaction.

20 **REQUEST NO. 33:**

21     All documents that discuss, concern or relate to the statement made on page F-12 of
22 Grace's 1999 10-K that under certain divestiture agreements, "the Company has retained
23 contingent obligations that could develop into situations where accruals for estimated costs
24 of defense or loss would be recorded in a period subsequent to divestiture under generally
25 accepted accounting principles," including all divestiture agreements. (Ex. B.)

26 **RESPONSE TO REQUEST NO. 33:**

27     Grace objects to this document request on the grounds that it calls for the discovery
28 of documents and information not relevant to the claims asserted against Grace, is not

032601/1641[LA010610.050]

12757-0072

32