**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY OF PAUL PRICE, INDIVIDUALLY
AND AS PROPOSED CLASS REPRESENTATIVE IN *IN RE: ZONOLITE ATTIC
INSULATION PRODUCTS LIABILITY LITIGATION*, MDL 1376**

**I.    Introduction**

1.     Movant, Paul Price, individually and as proposed class representative in In re:
Zonolite Attic Insulation Products Liability Litigation, Multidistrict Litigation ("MDL") 1376,
hereby moves on behalf of the proposed class ("ZAI Plaintiffs" or "Plaintiffs") that this Court
grant relief from the automatic stay so that the MDL court can decide the issue of class
certification and so that discovery may continue, pursuant to the MDL Case Management Order,
under the supervision of the MDL court.  This Court should grant Price's motion for relief from
stay: (1) to permit a decision on class certification because resolution of nationwide Zonolite
Attic Insulation litigation class certification was relegated to the MDL Court by the Multi-
District Litigation Panel and (2) because resolution of the class certification issue by another
court can and would aid this Court in the conduct of this bankruptcy case. Class certification is a

WRGrace4/brief

discreet function that is appropriate for the MDL court. All prerequisites to a grant of relief of stay are met in this case, and a decision on the class certification issue by the MDL court serves the interests of judicial economy.

2.      This Court should grant also Price's motion for relief from stay to permit continued discovery in the Zonolite litigation because Debtor will not suffer any prejudice in that it chose the MDL as the forum for pretrial issues and in that extensive discovery has already occurred in the MDL pursuant to a Case Management Order vigorously negotiated and agreed upon by the Debtor and because other Creditors will not suffer any prejudice in that Plaintiffs having Zonolite Attic Insulation claims will share any non-privileged discovery. Furthermore, the balance of hardships favors the ZAI Plaintiffs in that they are unable to ascertain the full extent of Debtor's culpability or to adequately warn at-risk homeowners absent continued discovery. District Judge Saris framed a comprehensive Case Management Order to address, in part, the discovery issues of the Zonolite litigation, and continued discovery can facilitate prompt resolution of the Zonolite litigation outside of this bankruptcy case. Finally, there is a high probability that discovery will be successfully completed if relief from stay is granted and judicial economy is served by permitting discovery to continue.

## II.     Statement of Facts and Prior Proceedings

3.      Plaintiffs with Zonolite Attic Insulation ("ZAI") in their homes filed four federal, class action, property damage lawsuits[1] on behalf of themselves and other homeowners, seeking

---

[1]Those federal class actions are Hunter v. W.R. Grace & Co. et al., C.A. No. 3:00-569 in the Southern District of Illinois; Lindholm v. W.R. Grace & Co. et al., C.A. No. 1:00-10323 in the District of Massachusetts; Goldstein et al. v. W.R. Grace & Co. et al., C.A. No. 1:00-10873

both to notify other homeowners of the presence of ZAI in their homes and the attendant health-related risks posed by ZAI and to obtain injunctive relief and an award of sufficient monetary damages to compensate these homeowners for the removal of the dangerous ZAI from their residences.[1/] Although Zonolite Attic Insulation was manufactured and distributed by W.R. Grace & Company, W.R. Grace & Company-Conn. and other W.R. Grace affiliates and subsidiaries (collectively "W.R. Grace"), some of the federal cases consolidated into MDL 1376, as well as other separately-filed state and federal lawsuits, also name as defendants other corporations that have engaged in fraudulent conveyance transactions with W.R. Grace designed to acquire and shield W.R. Grace assets from any potential judgments.

4.     After W.R. Grace moved under 28 U.S.C. §1407 for transfer of all federal cases to the District of Massachusetts, all of the parties to every federal case ultimately consolidated into MDL 1376 agreed to the transfer of the cases for pretrial purposes into an MDL proceeding. See In re: Zonolite Attic Insulation Products Liability Litigation, Transfer Order, MDL Docket No. 1376, filed December 7, 2000 (hereinafter "MDL Transfer Order")(attached to the Affidavit of Thomas M. Sobol as Exhibit 1 thereto).  The issue was heavily briefed by both sides before the Judicial Panel on Multidistrict Litigation.[1/]   The MDL Transfer Order makes clear that not only did all parties agree to consolidation, but all Defendants and Plaintiffs in two of the four cases

---

in the District of Massachusetts; Price et al. v. W.R. Grace & Co. et al., C.A. No. 9:00-71 in the District of Montana. See Sobol Aff. ¶2.

[2/]State class actions have also been filed, including Barbanti v. W.R. Grace & Co.-Conn. et al., No. 00-2-01756-6 in the Superior Court in the State of Washington. See Sobol Aff. ¶2.

[3/]See Sobol Aff. ¶¶4-5 and documents attached thereto as Exhibit 2.

advocated for transfer specifically to the District of Massachusetts. Id.

5.     Once the cases were consolidated in MDL 1376, the parties negotiated and·
ultimately reached substantial agreement on a proposed management order. Competing
provisions were presented to District Judge Saris, who then issued a thorough and detailed
Pretrial Case Management Order coordinating the conduct of pretrial activities before the MDL
court ("Case Management Order").[4] The MDL court has been fully briefed on the issue of class
certification.[5] Furthermore, under the Case Management Order, the MDL court was to conduct a
hearing with respect to the issue of class certification on April 25, 2001, less than one month
after the filing of this bankruptcy case. However, W.R. Grace filed this bankruptcy petition on
April 2, 2001, just three weeks before that date; clearly, W.R. Grace filed this petition so as to
deny the MDL Court the opportunity to decide the class certification issue. Moreover, under the
MDL court's supervision, the parties have engaged in rapid and efficient discovery in the case
since consolidation in MDL 1376.[6] That discovery is scheduled to be completed within nine
months, with the close of fact discovery occurring on October 31, 2001 and close of expert
discovery occurring on January 5, 2002.

## III.    Argument

### A.    The Standard for Relief from Stay

---

[4]See In re: Zonolite Attic Insulation, Pretrial Case Management Order, MDL Docket No.
1376, filed February 9, 2001 (hereinafter "MDL Case Management Order")(attached to the
Affidavit of Thomas M. Sobol as Exhibit 3 thereto).

[5]See Sobol Aff. ¶¶7-8 and documents attached thereto as Exhibit 4.

[6]See Sobol Aff. ¶¶9-10 and documents attached thereto as Exhibit 5.

6.     Under 11 U.S.C. §362(a)(1), the automatic stay in bankruptcy extends to "the..

continuation...of a judicial...action or proceeding against the debtor that was...commenced before

the commencement of the case under this title... ."  Relief from the automatic stay can be sought

under §362(d), which provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief
> from the stay provided under subsection (a) of this section, such as by terminating,
> annulling, modifying, or conditioning such stay (1) for cause, including the lack of
> adequate protection of an interest in property of such party in interest;

The determination of cause is therefore the critical inquiry and one which, due to its inherent

breadth and flexibility, this Court must decide in its discretion as a matter of equity.  See e.g. In

re: Matter of Bell, 215 B.R. 266, 275 (N.D. Ga. 1997); In re: Wang Laboratories, Inc., 1996 WL

87050, *5 (D. Mass. 1996).

7.     Numerous courts have articulated factors to be considered in determining whether

sufficient cause exists to modify or terminate an automatic stay.  For example, as this court has

noted:

> There is no rigid test for determining whether sufficient cause exists to modify an
> automatic stay.  Rather, in resolving motions for relief for "cause" from the automatic
> stay courts generally consider the policies underlying the automatic stay in addition to the
> competing interests of the debtor and the movant.  In balancing the competing interests of
> the debtor and the movant, Courts consider three factors: (1) the prejudice that would be
> suffered should the stay be lifted; (2) the balance of hardships facing the parties; and (3)
> the probable success of the merits if the stay is lifted.

In re: Continental Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993).  See also In re: Sonnax

Industries, 907 F.2d 1280, 1286 (2d. Cir. 1990)(relevant factors include, *inter alia*, whether the

relief sought would permit partial or complete resolution of the issues in the other litigation, the lack of connection to the bankruptcy case, prejudice to other creditors, judicial economy, and the balance of the harms); In re: Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 572 n.7 (N.D. Ala. 1994)(relevant factors include trial readiness, judicial economy, resolution of preliminary bankruptcy issues, defense costs and burden to the estate, chance of success on the merits, and the presence of third parties over which the bankruptcy court lacks jurisdiction); In re: Curtis, 40 B.R. 795, 799-800 (D. Utah 1984); In re: Johnson, 115 B.R. 634, 636 (D. Minn. 1989).

8.     The relief from stay analysis places a shifting burden on the parties.  Courts have interpreted that burden such that the party requesting relief from stay must first make an initial showing of cause, in accordance with §362(d)(1).  See Sonnax Industries, 907 F.2d at 1285. Once that showing is made, §362(d) must be read with §362(g) such that the burden of proof shifts to the debtor on all other issues except the issue of "the debtor's equity in the property."[1] Id.; Continental Airlines, 152 B.R. at 424.

## B.     Relief from Stay Should Be Granted So That MDL 1376 Can Decide the Issue of Class Certification

9.     Relief from the automatic stay is warranted to permit a decision on the issue of class certification because such a decision is essential to permitting Plaintiffs in the Zonolite Attic Insulation to participate adequately, as a class, in this bankruptcy case.  In addition, the decision on that issue is vital to the Zonolite litigation, class certification is a discreet issue that may be preserved for the MDL court, all prerequisites to a grant of relief of stay are met in this case, and a decision on the class certification issue by the MDL court serves the interests of

WRGrace4/brief

judicial economy.

10.     First, a decision on the class certification issue is vital to the Zonolite litigation
and the conduct of this bankruptcy case.  The issue of class certification is a core issue of the
Zonolite Attic Insulation litigation.  "The decision on whether or not to certify a class...can be as
important as decisions on the merits of the action... ."  See David F. Herr, ANNOTATED MANUAL
FOR COMPLEX LITIGATION, §30.1 (3d ed. 2000).  The Federal Rules of Civil Procedure
affirmatively direct courts to determine the issue of class certification "as soon as practicable."
Id. citing FED. R. CIV. P. 23(c)(1).  A decision on the issue of class certification will also aid in
the conduct of this bankruptcy case.  On the one hand, if a nationwide class is certified, this
Court can address the Zonolite claimants as Creditors through an identified class representative
(thereby promoting judicial efficiency).  Alternatively, if nationwide class certification is denied,
this Court can know that there is no potentially-certifiable class in existence and  may instead
treat non-Barbanti[1] Zonolite Plaintiffs as simply a collection of individual claimants.  There are
significant procedural issues implicated by this decision, specifically including the nature, scope,
method, and timing of any notices to be sent to all Creditors.

11.     Second, the class certification issue is a discreet issue that may be preserved for
the MDL court.  As this court has noted, responding to a very discreet motion in another forum
"will cause at most a minimal diversion of the attention of parties critical to the ongoing
bankruptcy proceeding."  See Continental Airlines, Inc., 152 B.R. at 424.  In this case, a grant of

---

[1] The Debtor's equity in the property is not relevant.

[2] A class has already been certified for Washington State in the Barbanti case.

WRGrace4/brief

relief from stay to permit the MDL court to decide the issue of class certification would permit, in a fast and efficient manner, complete resolution of a core issue in the ZAI litigation that is unconnected to the core issues in this bankruptcy proceeding. See In re: Sonnax Industries, 907 F.2d at 1286.

12.      In In re Continental Airlines, Inc., the creditor, American Airlines, Inc., sought relief from the automatic stay in order to file a motion in California state court seeking to enforce a pre-petition settlement agreement between American and the debtor. Adopting the three-prong test set forth in International Business Machines v. Fernstrom Storage & Van Co., 938 F.2d 731, 734-37 (7th Cir. 1991), the court first determined that the debtor would not be prejudiced by the lifting of the stay because the debtor's response to the motion would "cause the parties at most a minimal diversion of attention... [from] the ongoing bankruptcy...[and] would involve, at most, the filing of a motion with briefs and perhaps oral argument." 152 B.R. at 425-26. In balancing the debtor's anticipated increased litigation costs to oppose the motion against the important rights American Airlines sought to preserve, the court found "that the balance of hardships weigh[ed] in favor of American." Id. at 425. Having considered the terms of the settlement agreement, the court determined that American had sufficiently demonstrated at least a "slight probability" of success on the merits. Thus finding the three-prong test satisfied, the Continental Airlines court concluded that sufficient "cause" existed to modify the automatic stay.

13.      Third, all prerequisites for granting relief from stay are similarly satisfied in this case, and the ZAI Plaintiffs have met their burden by making an initial showing of cause. See

§362(d)(1); Sonnax Industries, 907 F.2d at 1285. As previously noted, the parties have conducted extensive discovery on the class certification issue and have already thoroughly briefed the issue before Judge Saris in MDL 1376. A hearing on the issue by the MDL court was scheduled to occur on April 25, 2001, less than one month after the date of filing of this bankruptcy case. By filing this bankruptcy petition on April 2, 2001, W.R. Grace clearly intended to deny the MDL Court the opportunity to decide the class certification issue. The Debtor shall suffer no prejudice should the stay be lifted or modified to permit the MDL court to proceed with a class certification decision where all fact and expert discovery relative to class certification has been completed and where the issue has already been extensively briefed in that forum. Id. at 424. The balance of hardships dramatically favors the ZAI Plaintiffs insofar as their unclear class status hampers representation of their interests in this bankruptcy case and perpetuates a situation in which at-risk homeowners who have not been noticed as to the presence of dangerous materials in their residences may effectively be denied an opportunity to have their claims presented to this Court for final adjudication. See e.g. Bock Laundry Machine Co., 37 B.R. 564, 566 (N.D. Ohio 1984). Furthermore, given the certification of a class in the Barbanti state litigation, the ZAI Plaintiffs have substantially more than the "slight possibility of success on the merits" that would support granting relief from stay. See e.g. Continental Airlines, 152 B.R. at 426 citing Izzarelli v. Rexene Products Co. (In re: Rexene Products Co.), 141 B.R. 574, 578 (D. Del. 1992); see also In re: South Oakes Furniture, Inc., 167 B.R. 307, 310 (M.D. Ga. 1994).

14.    Fourth, judicial economy strongly favors a grant of relief from stay to permit the

MDL court to decide the issue of class certification on the voluminous briefing that it has already

received.  See In re: Sonnax Industries, 907 F.2d at 1286; In re: Tricare Rehabilitation Systems,

Inc., 181 B.R. at 572 n.7.  The MDL court is familiar with both sides to the argument on class

certification and has been briefed on the issue by all parties over the course of two months before

the filing of this bankruptcy case.  By the terms of the Case Management Order, the MDL court

was only three weeks away from a hearing on the issue.  To revisit the class certification issue

anew in the context of this bankruptcy case would be to effectively disregard the accumulated

knowledge of Judge Saris in the MDL court over months of briefing on the issue.  Judicial

economy warrants relief from stay to permit the MDL court to resolve the issue of class

certification once and for all.

## C.    Relief from Stay Should Also Be Granted, or the Automatic Stay Modified, So That Discovery May Proceed in MDL 1376

15.    Relief from the automatic stay is warranted as well to permit discovery to proceed

in the Zonolite litigation under the supervision of the MDL court.  First, Debtor will not suffer

any prejudice if discovery recommences in the MDL because it chose that forum by advocating

for pretrial consolidation in the District of Massachusetts and extensive discovery has occurred in

the MDL pursuant to a Case Management Order vigorously negotiated and agreed upon by the

Debtor.  If the discovery does not proceed pursuant to the Case Management in the MDL court, it

will then have to be addressed by this Court and it will proceed here.  Similarly, other Creditors

will not suffer any prejudice because the ZAI Plaintiffs will share with other creditors any non-privileged materials obtained in discovery and relevant to this bankruptcy case. Second, the balance of hardships leans toward the ZAI Plaintiffs because the ZAI Plaintiffs are unable to ascertain the full extent of Debtor's culpability or to adequately warn at-risk homeowners absent continued discovery, because Judge Saris is well-versed in the discovery issues of the Zonolite litigation and because continued discovery can facilitate prompt resolution of the Zonolite litigation outside of this bankruptcy case. Third, there is a high probability that discovery will be successfully completed if relief from stay is granted and judicial economy is served by permitting discovery to continue.

### 1. Neither the Debtor nor any Creditors in this bankruptcy case will suffer any prejudice if discovery recommences in the MDL court

#### a. All ZAI litigation Defendants, including W.R. Grace advocated for consolidation for pretrial purposes in the District of Massachusetts

16.     Relief from stay should be granted so that discovery pertinent to the ZAI litigation can proceed under the direction and oversight of the court in MDL 1376. Granting such relief will simply permit pretrial discovery in the ZAI litigation to continue in <u>W.R. Grace's forum of choice</u>. As courts have stated,

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result in order to leave the parties *in their chosen forum* and to relieve the bankruptcy court from many duties that may be handled elsewhere.

In re: Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986) (emphasis added). In fact, all
Defendants in the ZAI litigation had advocated for consolidation for pretrial purposes specifically
in the District Court for the District of Massachusetts. See MDL Transfer Order.

17.     In the ZAI litigation, all Defendants, including W.R. Grace, argued that
consolidation in the MDL for pretrial purposes "would conserve the resources of the parties,
counsel, and the judiciary." See W.R. Grace Brief in Support of Motion to Transfer to the
District of Massachusetts for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. §1407, at 5
(hereinafter "Grace Transfer Motion Brief"); Joinder of Sealed Air Corporation in Motion to
Transfer to the District of Massachusetts for Coordinated Pretrial Proceedings Pursuant to 28
U.S.C. §1407 (hereinafter "Sealed Air Joinder").[9] According to Defendants, "the complexity of
the Zonolite Attic Insulation cases warrant MDL treatment even though there are not a large
number of cases at this time" because all of the federal ZAI cases were filed on behalf of
overlapping nationwide classes of property owners from all fifty states, all had a greater potential
for settlement if consolidated, all asserted complex causes of action, and all requested unique and
complex forms of relief. See W.R. Grace Motion to Transfer to the District of Massachusetts for
Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. §1407 (hereinafter "Grace Transfer
Motion"), at 5-6, ¶¶10-17.[10] Furthermore, the Defendants noted that the ZAI cases "allege
numerous common questions of fact, which warrant coordinated pretrial proceedings before a
single district court judge" and "recite a common factual background including...common factual

_____

[9]Both documents are attached to the Affidavit of Thomas M. Sobol in Exhibit 2

[10]This document attached to Affidavit of Thomas M. Sobol in Exhibit 2
WRGrace4/brief

allegations contained in each of the complaints." See id. at 3, ¶¶8-9.

18. From a practical perspective, the ZAI litigation Defendants have urged

consolidation for discovery purposes in the MDL out of sheer convenience. In fact, in terms of

convenience to both parties and witnesses, Defendants have stated that "the overwhelming

majority of factors favor the District of Massachusetts as the transferee district." See Grace

Transfer Motion Brief at 10. The filing of this bankruptcy case has not in any way impacted the

convenience to all parties of conducting discovery under MDL supervision in Massachusetts. As

the Defendants have noted,

> Cambridge, Massachusetts is the headquarters of the Grace Conn. Construction
> Products Division. Accordingly, many witnesses and approximately 950 boxes of
> original documents relating to the manufacture and sale of vermiculite products,
> including attic insulation, are located in Cambridge, Massachusetts. ...
>
> In addition to the 950 boxes of documents located in Cambridge, Massachusetts, 400
> boxes of original documents relating to the manufacture and sale of commercial asbestos-
> containing products are stored in a repository at Winthrop Square in Boston. An
> additional 54 boxes of documents that were formerly stored in Libby, Montana containing
> personnel records and documents regarding the operation of the Libby, Montana mine and
> mill are housed at Winthrop Square.

See Grace Transfer Motion at 6-7, ¶¶20-22. It simply makes the most sense from a logistical

standpoint to continue review of documents located in Boston and Cambridge under the

supervision of the MDL court that sits in Boston.

> **b.    Discovery has proceeded in the MDL in accordance with a
> Case Management Order negotiated and agreed upon by W.R.
> Grace and in an orderly fashion, with cooperation among
> plaintiffs' counsel and participation by defense counsel**

WRGrace4/brief

19.     As previously noted, Debtor agreed to a Case Management Order governing all pretrial activities, an imperative step in the conduct of consolidated and complex litigation. See David F. Herr, ANNOTATED MANUAL FOR COMPLEX LITIGATION, §33.22 (3d ed. 2000).  Under the MDL court's supervision, and in accordance with that Case Management Order, discovery has been pursued by all parties to the ZAI litigation in an efficient manner.

20.     To date, such discovery has already included Rule 26 initial disclosures; notices of both Rule 30(b)(6) depositions and depositions of corporate custodians of records; and interrogatories and requests for production of documents promulgated by Plaintiffs  and responses thereto by W.R. Grace. Most recently, and with the cooperation of local Defense counsel, Plaintiffs have devoted considerable resources to the review of documents at the W.R. Grace repository of documents at Winthrop Square in Boston.  Eighteen attorneys and paralegals from eight firms have worked together in full cooperation over two and one half weeks to efficiently and expeditiously review over one hundred and thirty-five of the nearly four hundred boxes from that repository and to tab relevant documents for reproduction from each box.

21.     While the Plaintiffs' firms have expended considerable time and effort on this coordinated effort, the cost to W.R. Grace has been minimal, as the documents are already produced and stored in Boston.  Nonetheless, even the minimal costs that will be incurred by W.R. Grace should discovery proceed in the MDL do not, by themselves, justify a denial by this Court of relief from the automatic stay.  See In re: Continental Airlines, 152 B.R. at 425; In re: Tricare, 181 B.R. at 575; In re: Todd Shipyards Corp., 92 B.R. 600, 603 (D. N.J. 1988).

c.    **Creditors in this proceeding will suffer no prejudice and will be treated equally if the stay is lifted to permit continued discovery**

22.    Other Creditors will suffer no prejudice and will be treated equally if the continued discovery proposed by the ZAI Plaintiffs occurs. In re: Continental Airlines, Inc., 152 B.R. at 424. With the oversight of this Court, the ZAI Plaintiffs can share any discovery yielding non-privileged information relevant to the conduct of this bankruptcy case with other Creditors, who will therefore have benefited from the time and expense incurred by the ZAI Plaintiffs in conducting such discovery.

## 2.    The balance of hardships tilts strongly in favor of the ZAI Plaintiffs

23.    Absent continued discovery, the ZAI Plaintiffs are unable to understand the full extent of W.R. Grace's culpability and, by extension, to fully and adequately represent their interests in this bankruptcy case. In re: Continental Airlines, 152 B.R. at 424. Furthermore, absent continued discovery, at-risk homeowners who have not been noticed as to the presence of dangerous materials in their residences may effectively be denied an opportunity to have their claims presented to this Court for adjudication. See e.g. Bock Laundry Machine Co., 37 B.R. at 566.

24.    In addition to alleviating these conditions, a grant of relief from stay to permit continued discovery in the MDL court will permit the ZAI litigation to proceed to completion in the MDL court, an outcome in accordance with the intent behind Chapter 11 reorganization. See Bell, 215 B.R. at 275 citing In re: Parkinson, 102 B.R. 141 (C.D. Ill. 1988); In re: Tricare

Rehabilitation Systems, Inc., 181 B.R. 569, 572 n. 7 (N.D. Ala. 1994) ("Congress intended that

the stay be lifted to allow proceedings to continue in forums other than the bankruptcy court

under appropriate circumstances..."); In re: Neal, 176 B.R. 30, 33 (D. Idaho 1994); In re:

Unanue-Casal, 159 B.R. 90, 95 (D.P.R. 1993) affirmed 23 F.3d 395 (1st Cir. 1994) (litigation

pending three years sufficiently advanced such that judicial resources would be wasted by

beginning proceedings on the remaining issues in another court); In re Saunders, Bkrtcy, 103

B.R. 298 (N.D. Fla. 1989).  The Neal and Tricare Rehabilitation Systems cases in particular are

representative of decisions permitting proceedings to continue in a forum other than a bankruptcy

court where considerable litigation efforts precede the bankruptcy.

     25.     In Neal,  the parties had expended considerable efforts and resources in litigating

various state law claims.  Recognizing that the parties would have to duplicate this litigation in

the bankruptcy court if the stay were not lifted, the Neal court, drawing upon the legislative

concerns for promoting judicial economy which underlie Section 362, granted relief from the

stay, stating as follows:

> Although a more convenient forum is not one of the enumerated grounds for relief
> from stay in section 362(d), the legislative history of the section suggests that such
> a forum is cause under section 362(d)(1):
>
>> '[I]t will often be more appropriate to permit proceedings to continue in
>> their place of origin, when no great prejudice to the bankruptcy estate
>> would result, in order to leave the parties *to their chosen forum* and to
>> relieve the bankruptcy court from any duties that may by handled
>> elsewhere.' In re Johnson, 153 B.R. 49, 51 (Bankr. D. Idaho 1993),
>> quoting S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978
>> U.S.C.C.A.N. 5787, 5836.

In re: Neal, 176 B.R. at 33 (emphasis added).

26.     Similarly, in In re Tricare Rehabilitation Systems, Inc., the movant sought relief from the automatic stay to proceed with a pending action where the parties had exchanged witness lists and engaged in discovery for approximately two years prior to the filing of the bankruptcy petition.  Applying some of the considerations for lifting a stay that are set forth in In re Johnson, 115 B.R. at 636 and In re Curtis, 40 B.R. at 799-800, the bankruptcy court lifted the stay, citing the following pertinent factors:

1.      "...significant [litigation] preparation ha[d] already occurred"( Tricare at 575);

2.      "Both [parties] are firmly entrenched...and set for a fight." (Id);

3.      "The...[non-bankruptcy court] judge is familiar with the allegations, parties,                 posit

4.      "[P]rompt liquidation of [plaintiff's] claim [in the non-bankruptcy forum] will                 expe

In re Tricare Rehabilitation Systems, Inc., 181 B.R. at 575-578.

27.     Here, the balance of hardships tilts strongly in favor of the ZAI Plaintiffs and in favor of granting relief from the automatic stay so that discovery may proceed in MDL 1376.  A grant of relief from stay by this Court will result in no great prejudice to the bankruptcy estate, but will permit the parties to conduct discovery in their chosen forum while relieving this Court of duties that may be handled elsewhere, in the MDL.  In re: Neal, 176 B.R. at 33.  W.R. Grace and other parties to the ZAI litigation have conducted extensive discovery, such as expert and non-expert depositions, inspections of residences containing ZAI, and interrogatories and requests for admissions, such that significant litigation preparation has occurred and the Case

Management Order has set a date for trial. Tricare at 575. Judge Saris is well-versed in the facts

at issue in the ZAI litigation, the allegations, the parties and their respective positions, and the

governing law. Id. Furthermore, continued discovery in the MDL can facilitate prompt

liquidation of the ZAI litigation outside of this bankruptcy case and will thereby conserve the

resources of the bankruptcy estate. Tricare at 578; see also In re: Hudgins Bkrtcy, 102 B.R. 495

(E.D. Va. 1989)(relief from stay appropriate where estimated claim is large and adjudication

outside of bankruptcy will promote the prompt and effective reorganization of debtor's financial

affairs).

### 3. There is a high probability that discovery will be successfully completed if the stay is lifted and judicial economy is served by permitting the MDL court to oversee the remaining pretrial Discovery in the ZAI litigation

28.     A Case Management Order has entered in the MDL, and discovery has already

begun pursuant to that Order in an efficient and expeditious manner. There is every reason to

believe that discovery under the supervision of Judge Saris in the MDL court will be successfully

completed in accordance with the terms of the Case Management Order. There is certainly more

than the "slight possibility of success on the merits" that may support granting relief from stay.

See e.g. Continental Airlines, 152 B.R. at 426 citing In re: Rexene Products Co., 141 B.R. at 578;

In re: South Oakes Furniture, Inc., 167 B.R. at 310.

29.     Furthermore, the interests of judicial economy will be served by permitting the

MDL court to continue its oversight of the ZAI litigation discovery pursuant to the terms of the

Case Management Order.  In re: Sonnax Industries, 907 F.2d at 1286; In re: Tricare

Rehabilitation Systems, Inc., 181 B.R. at 572 n.7.  Judge Saris has already been briefed on

protective order issues, and has already engaged in active management of discovery amongst the

parties pursuant to the Case Management Order.  By the terms of the Case Management Order,

discovery in the case is scheduled to be completed in less than one year from the filing of this

motion, with fact discovery ending on October 31, 2001 and expert discovery ending on January

5, 2002.  Discovery can most efficiently and expeditiously be conducted if Judge Saris continues

to oversee the process.  See e.g. In re: Bock Laundry Machine Co., 37 B.R. 564, 567-568 (N.D.

Ohio 1984)(relief from stay appropriate to permit pursuit of products liability actions in non-

bankruptcy forum because of the significant judicial economy achieved without adverse impact

on the estate or violation of the purpose of the automatic stay); In re: Fischer Bkrptcy, 202 B.R.

341, 355 (E.D.N.Y. 1996)(judicial economy served by lifting stay where litigation pending for

four years, substantial discovery had occurred, and numerous conferences and hearings had been

held).

## IV.    Request for Relief

30.    Movants respectfully request that the Court grant this Motion for Relief from the

Automatic Stay, and such other and further relief as this Honorable Court deems just and proper.

WRGrace4/brief

DATED:      April 25, 2001            PAUL PRICE
                                      By his attorneys,

                                      ELZUFON AUSTIN REARDON,
                                      TARLOV & MONDELL, P.A.


                                      _____
                                      William D. Sullivan, Esq. #2820
                                      300 Delaware Avenue, Suite 1700
                                      P.O. Box 1630
                                      Wilmington, DE 19899-1630
                                      (302) 428-3181


                                              and

                              (continued on following page)

PAUL PRICE
By his attorneys,

LIEFF, CABRASER, HEIMANN & BERNSTEIN

Respectfully submitted,

BY: _Elizabeth Cabraser / mvt_
Elizabeth J. Cabraser,
Plaintiffs' Executive Committee and
as Proposed Class Counsel

Elizabeth J. Cabraser
Fabrice N. Vincent
John Low-Beer
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

and

By: _Thomas Sobol / mvt_
Thomas M. Sobol
Proposed Class Counsel

Thomas M. Sobol
Jan R. Schlichtmann
Hector D. Geribon
Matthew L. Tuccillo
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
214 Union Wharf
Boston, MA 02109-1216
Telephone: (617) 720-5000
Facsimile:  (617) 720-5015

By: _____ /MET
John G. Stoia, Jr.,
Plaintiffs' Executive Committee and
as Proposed Class Counsel


John J. Stoia, Jr.
Timothy G. Blood
Jobeth Halper
MILBERG WEISS BERSHAD HYNES &
LERACH, LLP
600 West Broadway
1800 One America Plaza
San Diego, CA 92101-5050
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

By: _____ /MET
David Pastor,
Plaintiffs' Executive Committee and
as Proposed Class Counsel

David Pastor
Edward L. Manchur
John C. Martland
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850
Facsimile: (781) 231-7840

By: _____ /MET
Edward J. Westbrook,
Plaintiffs' Executive Committee and
as Proposed Class Counsel

Edward J. Westbrook
Robert M. Turkewitz
NESS MOTLEY LOADHOLT
RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792

Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9440

By: _____ *Robert M. Grabau /nwr* _____
      Robert M. Fishman
      Plaintiffs' Executive Committee and
      as Proposed Class Counsel

Robert M. Fishman
SHAW GUSSIS DOMANSKIS FISHMAN
& GLANTZ
1144 West Fulton Street, Suite 200
Chicago, Illinois 60607
Telephone: (312) 541-0151
Facsimile:  (312) 541-0155

## CERTIFICATE OF SERVICE

I, William D. Sullivan, hereby certify that on April 25, 2001, I did serve the foregoing:

Memorandum in Support of Motion for Relief from the Automatic Stay upon the parties

identified below via facsimile and overnight delivery or hand delivery, and served on the 2002

Service List via U.S. First Class Mail.

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 Market Street, Suite 1600
Wilmington, DE  19801
Fax:  302-652-4400

Scott L. Baena, Esquire
Bilzin,Sumberg,Dunn,Baena,Price&Axelrod
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131
Fax:  305-374-7593

James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois  60601
Fax:  312-861-2200

Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY  10022
212-644-6755

Frank Perch, III, Esquire
Office of the United States Trustee
601 Walnut Street, Suite 950 West
Philadelphia, PA  19106
Fax:  302-573-6497

Lewis Kruger, Esquire
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY  10038-4982
212-806-6006

Under penalty of perjury, I declare that the foregoing is true and correct.

4/25/01
Date

William D. Sullivan

G:\Docs\CLIENT\220000\00001\misc\00075952.DOC

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivak, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Federal Express*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*Federal Express*
(United States Trustee)
Mark Kenney, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Federal Express*
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11, Merrill Lynch Canada
Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

*Federal Express*
(W. R. Grace & Co.)
David B. Seigel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*Federal Express*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue 36th Floor
New York, NY 10022

*Federal Express*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*Federal Express*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, Florida 33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

*First Class Mail*
)
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, Colorado 80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT 59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX 77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY 10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

*First Class Mail*

Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, Texas 75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA 19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

**First Class Mail**
Shelby A. Jordan
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471