1   falling objects, earthquake forces, malicious mischief, and vandalism coverd by the TIE POLICY,

2   and Alice Graham was sued by Carol Kay with respect to operations of the CONDOMINIUM

3   CMOPLEX.  The SMOLKERS made a timely claim for property damage covered by the TIE

4   POLICY and tendered defense of the liability lawsuit to TIE.  .

5       139.  In breach of the TIE POLICY, TIE denied the existence of the Medical Pay

6   provision of the TIE POLICY, TIE denied the existence of the property damage provision of the

7   TIE POLICY and TIE denied the existence of liability coverage under the TIE POLICY, and TIE

8   refused to pay medical benefits owing to the SMOLKERS, refused to pay for repair of property

9   damage and refused to defend Alice Smolker in the suit brought by Carol Kay..

10      140.  As a direct and proximate result of TIE's breach of contract the SMOLKERS were

11  not promptly paid insurance benefits owing; the SMOLKERS had to live with the property

12  damage and contamination of the common areas that TIE should have paid to have cleaned up,

13  the SMOLKERS had to provide their own defense to the action brought by Carol Kay against

14  Alice Graham, and the SMOLKERS had to sue TIE in order to obtain benefits owing.  The

15  SMOLKERS have been damaged in a sum to be proved at trial in the amount of medical expenses

16  already incurred and in the additional amount of future medical treatments ascertained or

17  unascertained which will be necessary to treat the bodily injury suffered by Gary Smolker, Alice

18  Smolker, Leah Smolker and Judi Smolker, which have not yet been paid by TIE.  TIE  has been

19  unjustly enriched by the amount of medical expenses TIE should have promptly paid and did not

20  pay promptly, the amount TIE should have paid to repair damage to the common areas, and TIE

21  will be unjustly enriched in the future by an additional sum equal to the amount of future medical

22  expenses to be incurred by the SMOLKERS that TIE should pay but refuses to pay.  The amount

23  of unjust enrichment, defense costs, and cost to repair or replace damaged property will be provec

24  at time of trial.

25      141.  The SMOLKERS have suffered emotional damages, injury to their health, loss of

26  earnings and loss of earning capacity as a direct and proximate and foreseeable result of TIE's

27  breach of contract in an amount to be proved at time of trial.

28

FIFTH AMENDED CROSS COMPLAINT

1      **WHEREFORE,** cross-complainants Gary Smolker and Alice Smolker pray judgment as
2  hereinafter set forth.

3                     **TWENTY-FIFTH CAUSE OF ACTION FOR BREACH**
4               **OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST TIE**

5      142. The SMOLKERS incorporate herein by reference as though fully set forth herein
6  Paragraphs 135 through 141 of this cross-complaint with the same force and effect as though said
7  paragraphs were set forth fully at this point.

8      143. Implied in the TIE POLICY are covenants by TIE that TIE would act in good faith
9  and deal fairly, only engage in fair practices in dealing with the SMOLKERS and would treat the
10  SMOLKERS with decency and humanity and not abuse its discretionary power and authority
11  when processing the SMOLKERS' claim for medical benefits, property damage and provision of
12  a defense to a liability lawsuit, atnd would do nothing to interfere with the SMOLKERS' rights to
13  receive medical payment benefits, or any other benefits under the TIE POLICY.

14      144. At all times since receipt of notice of the contamination problem in the SMOLKERS
15  home, TIE has known the SMOLKERS were entitled to medical payments under the TIE
16  POLICY and that TIE had a duty to disclose benefits owing under the TIE POLICY to the
17  SMOLKERS. But, TIE refused to disclose benefits owing to the SMOLKERS, and without
18  reasonable cause denied the SMOLKERS' claims. Upon receipt of the SMOLKERS' claim for
19  payment of medical expenses, for property damgage and tender of defense TIE knew that the
20  SMOLKERS were entitled to payment of medical expenses, a defense of the Carol Kay lawsuit,
21  and repair and clean up of the pesticide contamination in the common areas and repair of equake
22  damage and wind damage and explosiion damage and falling objects damage, and wrongfully,
23  deliberately and without just cause refused to pay any of the SMOLKERS' medical expenses, and
24  refused to offer a defense to the Carol Kay lawsuit, and refused to repair any property damage
25  and forced the SMOLKERS to sue TIE in order to obtain medical payment benefits owing to the
26  SMOLKERS, defendse owing to Alice Graham and repair of property damage, in breach of TIE's
27  covenant of good faith. In further breach of TIE's covenant of good faith, TIE has informed the

28

1  SMOLKERS that the TIE would promptly take care of the problem in the SMOLKERS' home

2  and take care of it, and demanded that the SMOLKERS not alter the condition of the

3  SMOLKERS' home until TIE was done inspecting and testing the SMOLKERS' home, when

4  TIE had no intention to promptly investigate the contamination problem in the SMOLKERS'

5  home or to take care of it. Although repeatedly invited to do so, TIE never inspected or tested

6  the SMOLKERS' home. TIE forced the SMOLKERS to bring and prosecute a lawsuit to receive

7  any payment for medical expenses, etc. from TIE.

8     145. As a direct and proximate result of TIE's bad faith conduct, and breach of fiduciary

9  duties, the SMOLKERS have suffered compensable losses, including benefits withheld, physical

10  injury, property damage, additional medical expenses, loss of strength, loss of earning capacity

11  and earnings, embarrassment and humiliation, anxiety and frustration, and severe mental and

12  emotional distress and discomfort, all to the SMOLKERS damage in amounts not fully

13  ascertainable but within the jurisdiction of this court in an amount to be proved at the time of trial.

14     146. Cross-defendant TIE's conduct described herein was done willfully with a conscious

15  disregard of the SMOLKERS' rights and with intent to vex, cause unjust hardship to, injure and

16  annoy the SMOLKERS, such as to constitute oppression, fraud and malice under California Civil

17  Code Section 3294 entitling the SMOLKERS, and each of them, to punitive damages in an

18  amount appropriate to punish and set an example of cross-defendant TIE by means of

19  punishment.

20     **WHEREFORE**, cross-complainants Gary Smolker and Alice Smolker pray judgment as

21  hereinafter set forth.

22                    **TWENTY-SIXTH CAUSE OF ACTION**

23                    **FOR BREACH OF CONTRACT AGAINST TIG**

24     147. The SMOLKERS incorporate herin by reference as through fully set forth herein

25  Paragraph 120 of this cross-complaint with the same force as if fully set forth at this point.

26     148. While the TIG policies described above were in effect, Gary Smolker and Alice

27  Smolker incurred medical, x-ray, surgical, dental and hospital expenses for bodily injuries,

28

1  sustained while in their insured automobiles as a result of an accident, and property damage to
2  their automobiles, covered by the TIG auto policy and made a timely claim for medical benefits
3  owing to Gary Smolker and Alice Smolker under the TIG auto policy to TIG, and for proerpty
4  damgae to their automobile, and damage to their personal property covered by their homeowners
5  policy and tendered defense of the Carol Kay lawsuit to TIG.

6      149.  In breach of the TIG policies, TIG denied the existence of the Medical Pay provision
7  of the TIG auto policy and the property damage coverage of the homeowner policy, the
8  earthqualke damage coverage of the earthquake policy and the liability coverage under the
9  homeowner and umbrella policies issued to the SMOLKKERS by TIG.  TIG refused to pay
10  medical benefits owing to the SMOLKERS.

11      150. As a direct and proximate result of TIG's breach of contract the SMOLKERS were
12  not promptly paid insurance benefits owing; the SMOLKERS had to sue TIG in order to obtain
13  benefits owing; and, the SMOLKERS have been damaged in a sum to be proved at trial in the
14  amount of medical expenses already incurred and in the additional amount of future medical
15  treatments ascertained or unascertained which will be necessary to treat the bodily injury suffered
16  by Gary Smolker, Alice Smolker, Leah Smolker and Judi Smolker, which have not yet been paid
17  by TIG, and the SMOLKERS suffered physical injury to their bodies and property. TIG has been
18  unjustly enriched by the amount of medical expenses TIG should have promptly paid and did not
19  pay promptly, the amount TIG should have paid for the SMOLKERS to move out and live
20  somewhere else, the amount TIG should have paid to replace or repair the damaged property
21  insured under the TIG policies and sturctural enigneering fees and defense costs for defendaing
22  the lawsuit brought by Carol Kay against Alice Grahm.  TIG will be unjustly enriched in the future
23  by an additional sum equal to the amount of future medical expenses to be incurred by the
24  SMOLKERS that TIG should pay but refuses to pay.  The amount of unjust enrichment will be
25  proved at time of trial.

26

27

28

1   151. The SMOLKERS have suffered bodily injures, loss of strength, emotional damages,

2   and loss of earnings and earning capacity as a direct and proximate and foreseeable result of

3   TIG's breach of contract in an amount to be proved at time of trial.

4   **WHEREFORE,** cross-complainants Gary Smolker and Alice Smolker pray judgment as

5   hereinafter set forth.

6   ## TWENTY-SEVENTH CAUSE OF ACTION FOR BREACH

7   ## OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST CAINCO

8   152. The SMOLKERS incorporate herein by reference as though fully set forth herein

9   Paragraphs 147 through 151 of this cross-complaint with the same force and effect as though said

10  paragraphs were set forth fully at this point.

11  153. Implied in the TIG policies are covenants by TIG that TIG would act in good faith

12  and deal fairly, only engage in fair practices in dealing with the SMOLKERS and would treat the

13  SMOLKERS with decency and humanity and not abuse its discretionary power and authority

14  when processing the SMOLKERS' claim for medical benefits, property damage, and relocation

15  expenses, and would do nothing to interfere with the SMOLKERS' rights to benefits under the

16  TIG policies..

17  154. At all times since receipt of notice of the contamination problem in the SMOLKERS

18  home, TIG has known the SMOLKERS were entitled to medical payments, relocation costs,

19  replacement of contaminated furnishings and defense of the Carol Kay lawsuit under the TIG

20  policies issued to the SMOLKERS and that TIG had a duty to disclose benefits owing under the

21  TIG policies to the SMOLKERS and to promply and prudently investigate the SMOLKERS'

22  claims. But, TIG refused to and rfused to acknolwedge benefits owing to the SMOLKERS..

23  Upon receipt of the SMOLKERS' claim for payment of medical expenses, TIG knew that the

24  SMOLKERS were entitled to payment of medical expenses and wrongfully, deliberately and

25  without just cause refused to pay any of the SMOLKERS' medical expenses, and refused to pay

26  for replacement of the SMOLKERS contaminated property and relocation living expenses nad

27  structural engineering expenses and forced the SMOLKERS to sue TIG in order to obtain

28

1    medical payment and other benefits owing to the SMOLKERS, in breach of TIG's covenant of
2    good faith. In further breach of TIG's covenant of good faith, TIG had informed the
3    SMOLKERS that the TIG would promptly investigate the problem in the SMOLKERS' home
4    and take care of it, but instead unreasonably delayed investigating the SMOLKERS' claim, sent
5    out people who were not qualified to investigate the SMOLKERS' claim and denied the
6    SMOLKERS' claim. and prosecute a lawsuit to receive any payment for benefits owing to the
7    SMOKERS from TIG.

8        155. As a direct and proximate result of TIG's bad faith conduct, and breach of fiduciary
9    duties, the SMOLKERS have suffered compensable losses, including benefits withheld, physical
10    injury, property damage, additional medical expenses, loss of strength, loss of earning capacity
11    and earnings, embarrassment and humiliation, anxiety and frustration, and severe mental and
12    emotional distress and discomfort, all to the SMOLKERS damage in amounts not fully
13    ascertainable but within the jurisdiction of this court in an amount to be proved at the time of trial.

14        156. Cross-defendant TIG's conduct described herein was done willfully with a conscious
15    disregard of the SMOLKERS' rights and with intent to vex, cause unjust hardship to, injure and
16    annoy the SMOLKERS, such as to constitute oppression, fraud and malice under California Civil
17    Code Section 3294 entitling the SMOLKERS, and each of them, to punitive damages in an
18    amount appropriate to punish and set an example of cross-defendant TIG by means of
19    punishment.

20        **WHEREFORE**, cross-complainants Gary Smolker and Alice Smolker pray judgment as
21    hereinafter set forth.

22                       **TWENTY-EIGHT CAUSE OF ACTION**
23              **FOR BREACH OF CONTRACT AGAINST FRONTIER**

24        157. FRONTIER knows what the contract is, what its breach is and what damages are
25    being claimed by the SMOLKERS. The court's page limit does not allow setting forth allegations
26    concerning this cause of action. The court's time limit did not allow enought time to plead this
27    cause of action in any further detail or to edit this fifth amended cross-complaint.

28

1  **WHEREFORE**, cross-complainants Gary Smolker and Alice Smolker pray judgment as
2  hereinafter set forth.

3                    **TWENTY-NINETH CAUSE OF ACTION**
4              **FOR BREACH OF CONTRACT AGAINST RELIANCE**

5      158. RELIANCE knows what the contract is, what its breach is and what damages are
6  being claimed by the SMOLKERS. The court's page limit does not allow setting forth allegations
7  concerning this cause of action. The court's time limit did not allow enought time to plead this
8  cause of action in any further detail or to edit this fifth amended cross-complaint.

9      **WHEREFORE**, cross-complainants Gary Smolker and Alice Smolker pray judgment as
10 hereinafter set forth.

11                      **THIRTIETH CAUSE OF ACTION**
12  **FOR FRAUD AGAINST MORRIS, HOME SAVING, GRACE, GRACE DAVISON,**
13                 **TIE, FIG, COREGIS, CAINCO, CIC, TIG**

14     159. The cross-defendants named in this cause of action know what the fraud is, what its
15 and what damages are being claimed by the SMOLKERS. The court's page limit does not allow
16 setting forth allegations concerning this cause of action. The court's time limit did not allow
17 enought time to plead this cause of action in any further detail or to edit this fifth amended cross-
18 complaint.

19     .WHEREFORE, cross-complainants Gary Smolker and Alice Smolker pray judgment as
20 hereinafter set forth.

21                    **THIRTY FIRST CAUSE OF ACTION**
22  **FOR INTERFERENCE AGAINST MORRIS, HOME SAVING, CAINCO, COREGIS,**
23             **CIC, TIE, FIG, GRACE AND GRACE DAVISON**

24     160. The cross-defendants named in this cause of action know what the interfence is, and
25 what damages are being claimed by the SMOLKERS. The court's page limit does not allow
26 setting forth allegations concerning this cause of action. The court's time limit did not allow

27

28

FIFTH AMENDED CROSS COMPLAINT

1  enought time to plead this cause of action in any further detail or to edit this fifth amended cross-
2  complaint.

3        **WHEREFORE**, cross-complainants Gary Smolker and Alice Smolker pray judgment as
4  hereinafter set forth.

5

6

7  ## ON ALL CAUSES OF ACTION

8      1. For general damages and special damages according to proof in an amount in excess of
9  the minimum jurisdiction of the above entitled court.

10      2. For damages for past and future medical and dental related expenses according to
11  proof at time of trial.

12      3. For damages to personal property and to real property, and for loss of use of property
13  according to proof at time of trial.

14      4. For exemplary damages and punitive damages in an amount the court deems just and
15  reasonable.

16      5. Prejudgment interest as allowed by law.

17      6.  Costs of suit herein.

18      7.  Such other and further relief which the court deems just and proper.

19      8. For an order directing the owners of each condominium in the CONDOMINIUM
20  COMPLEX to pay a pro-rata contribute share of the costs incurred by cross-complainants and a
21  prorata contributive share of the reasonable value of cross-complainants services in prosecuting
22  actions seeking order directing the manner and method to be followed to abate the nuisance(s)
23  and dangerous conditions existing at the CONDOMINIUM COMPLEX, to stop waste from
24  continuing at the CONDOMINIUM COMPLEX, and for recovery of costs necessary for repair or
25  replacement of contaminated property from HOME SAVING, GRACE, GRACE DAVISON,
26  TIE, MORRIS, and HOME SAVING, and that a lien be impressed on each owner's interest in the
27  common areas to secure the payment of each owner's share and that such lien be foreclosed by

28

1  the court.

2      9. For an order directing each owner, GRACE, GRACE DAVISON, HOME SAVING,

3  MORRIS, and TIE to do whatever the court deems necessary to abate the nuisance and illegal

4  condition of having an unregistered poison, termite infestations and termite damages in the

5  common areas..

6  Dated:   August 12, 1999.

7                          Law Offices of Smolker & Graham

8

9

10                          Gary S. Smolker

11                          Attorneys for Cross-complainants Gary and Alice Smolker

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-70-

## DECLARATION OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 4720 Lincoln Blvd., Suite 250, Marina del Rey, California 90292.

On August 12, 1999, I served the attached document described as follows:

**FIFTH AMENDED CROSS-COMPLAINT**

on the interested parties in this action by facsimile for the fax number(s) listed, and by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows to be placed in the U.S. Mail at Los Angeles, California:

**See Attached Service List**

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, correspondence placed in envelopes is deposited in the U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I know the envelope was sealed and, with postage prepaid, placed for collection and mailing on this date, following ordinary business practice, in the United States Mail at Los Angeles, California. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 1999 at Marina del Rey, California.

JANE Y. NAGAISHI

DeclServ

1  HOLLINS, SCHECHTER & FEINSTEIN
   ANDREW S. HOLLINS, #80194
2  THOMAS M. CONDAS, #113919
   BRYAN R. BUSH, #134449
3  505 South Main Street, 12th Floor
   Orange, CA 92856
4  (714) 558-9119

**ORIGINAL FILED**

**JUL 02 1998**

**LOS ANGELES SUPERIOR COURT**

5
   Attorneys for cross-defendant
6  and cross-complainant, PACIFIC
   VILLAS HOMEOWNERS' ASSOCIATION

7
             SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                FOR THE COUNTY OF LOS ANGELES
9

**VIA FAX**

10
11  TIG INSURANCE COMPANY, a          )   CASE NO: BC 173952
    California Corporation,           )
12                                    )   Honorable Dzintra Janavs, Judge
                    Plaintiff,        )   Department 15
13                                    )
                                      )
14        v.                          )   CROSS-COMPLAINT OF PACIFIC
                                      )   VILLAS HOMEOWNERS' ASSOCIATION
15  GARY SMOLKER, an individual,      )   FOR:
    and ALICE SMOLKER, an             )   1. EQUITABLE INDEMNITY;
16  individual, and DOES 1-10,        )   2. COMPARATIVE INDEMNITY;
    inclusive,                        )   3. TOTAL INDEMNITY;
17                                    )   4. DECLARATORY RELIEF;
                    Defendants.       )   5. STRICT LIABILITY
18  ─────────────────────────────     )   6. IMPLIED WARRANTY OF FITNESS;
    GARY SMOLKER and ALICE            )   7. NEGLIGENCE;
19  SMOLKER,                          )   8. NUISANCE; AND
                                      )   9. BREACH OF CONTRACT
20           Cross-Complainants,      )
                                      )
21        v.                          )
                                      )   TRIAL DATE: NONE
22  HOME SAVINGS TERMITE CONTROL,     )
    INC.; W.F. MORRIS; RIKK           )
23  THOMPSON; W.R. GRACE & CO.;       )
    GRACE DAVISON; ALBERT J.          )
24  COSTELLO; JAMES R. HYDE;          )
    MATTHEW JOHN FREDERICKS;          )
25  VIRGINIA K. CIPRIANO; JOSEPH      )
    A. BAILEY II; CAROL D. KAY;       )
26  TRUST; CAROL D. KAY REVOCABLE     )
    1989 TRUST; LANCE J. ROBBINS;     )
27  GERALD W. IVORY; ANGELA JORDAN    )
    VERDUN; PACIFIC VILLAS            )
    HOMEOWNERS' ASSOCIATION; TRUCK    )
28

INSURANCE EXCHANGE; TRUCK )
UNDERWRITERS ASSOCIATION; )
FARMERS GROUP, INC.; FARMERS )
INSURANCE GROUP OF COMPANIES; )
TIG INSURANCE COMPANY; CUMMINS )
& WHITE, LLP; LARRY M. ARNOLD; )
LAURA N. MACHPHERSON; COREGIS )
GROUP, INC.; COREGIS INSURANCE )
COMPANY; JOSEPH FEDORUK; DEAN )
& ASSOCIATES; DENNIS A )
BABBITS; CALIFORNIA INSURANCE )
COMPANY; RELIANCE INSURANCE )
COMPANY; FRONTIER PACIFIC )
INSURANCE COMPANY, and ROES 1- )
100, INCLUSIVE, )
)
       Cross-Defendants. )
)
_____ )
                              /
CAROL D. KAY, )
)
       Cross-Complainant, )
)
       v. )
)
HOME SAVINGS TERMITE CONTROL, )
INC., W.R. GRACE & CO.; GRACE )
DAVISON; PACIFIC VILLAS )
HOMEOWNERS' ASSOCIATION; ALICE )
SMOLKER; AND ROES 1-50, )
Inclusive, )
)
       Cross-Defendants. )
_____ )
PACIFIC VILLAS HOMEOWNERS' )
ASSOCIATION, )
)
       Cross-Complainant, )
)
       v. )
)
HOME SAVINGS TERMITE CONTROL, )
INC., W.F. MORRIS; RIKK )
THOMPSON; and DOES 1 through )
100, inclusive, )
)
       Cross-Defendants. )
_____ )
)
AND ALL OTHER RELATED CROSS- )
ACTIONS. )
_____ )

2

Cross-complainant, PACIFIC VILLAS HOMEOWNERS' ASSOCIATION, for causes of action against the cross-defendants, and each of them, alleges as follows:

## FIRST CAUSE OF ACTION

1.    Cross-complainant, PACIFIC VILLAS HOMEOWNERS' ASSOCIATION, (hereinafter referred to as PACIFIC VILLAS), was at all times mentioned herein, located in the County of Los Angeles, in the state of California. PACIFIC VILLAS was and is an association as defined in <u>California Civil Code</u>, section 1351(a), established to manage a certain condominium project as defined in <u>California Civil Code</u>, section 1351(f). As such PACIFIC VILLAS brings this action not only on its individual capacity, but also pursuant to <u>California Code of Civil Procedure</u>, section 383 as the real party in interest, without joining with its members, in matters pertaining to enforcement of the governing documents, for damage to the common areas, for damage to the separate interests which PACIFIC VILLAS  is obligated to maintain or repair, and for damages to the separate interests which arise out of, or are integrally related to, damages to the common areas of separate interests that PACIFIC VILLAS is obligated to maintain or repair.

2.    The names and capacities of cross-defendants, DOES 1 through 100, inclusive, are unknown at this time, and cross-complainant therefore sues said cross-defendants by such fictitious names.  Cross-complainant will ask leave of the Court to amend its cross-complaint to show the true names and capacities of said cross-defendants when the same have been ascertained.

3.   Cross-complainant is informed and believes, and upon such information and belief, alleges that each of said cross-defendants designated herein as a DOE was in some manner negligently or actively responsible for the loss and damages sustained by the cross-complainant herein as hereafter provided, and each of the cross-defendants were, and were at all times, and each of the cross-defendants were, and were at all times, mentioned in plaintiff's complaint the agents, servant and employee of the remaining cross-defendants, herein, and was at all times mentioned in plaintiff's complaint, acting within the course and scope of said agency, service and employment.

4.   Cross-defendants, HOME SAVINGS TERMITE CONTROL, W.F. MORRIS and RIKK THOMPSON and DOES 1 through 100, inclusive, were corporations, businesses, partnerships, associations or individuals doing business or residing within the state of California.

5.   The cross-complaint of GARY and ALICE SMOLKER in the underlying action alleges damages against this cross-complainant as alleged therein. The SMOLKERS' cross-complaint is referred to and incorporated herein by reference as though set forth at length at this place for reference purposes only.

6.   Cross-complainant has answered the cross-complaint in the underlying action and has denied, and continues to deny the allegations contained therein.

7.   Cross-complainant, PACIFIC VILLAS, is informed and believes, and thereon alleges that cross-defendants, HOME SAVINGS TERMITE CONTROL, W.F. MORRIS and RIKK THOMPSON and DOES 1 throug 100, inclusive, equally or partially caused or contributed to th

1 injuries or damages to the SMOLKERS. That, based upon the
2 conduct by the cross-defendants, and each of them, are thereby
3 obligated to indemnify cross-complainant. Cross-defendants, HOME
4 SAVINGS TERMITE CONTROL, W.F. MORRIS and RIKK THOMPSON and DOES 1
5 through 100, inclusive, have refused, and continue to refuse,
6 such indemnity.

7    8.   If it be found that cross-complainant was negligent or
8 breached any duty of the SMOLKERS which cross-complainant has
9 denied and continues to deny, then cross-complainant alleges that
10 its negligence or other duty, if any, was vicarious, passive and
11 secondary, and that the negligence or other breach of duty or
12 responsibility of cross-defendants, and each of them, for the
13 incident alleged in plaintiff's complaint, was active, primary
14 and affirmative; by reason of the foregoing, cross-complainant
15 herein will be thereby entitled to indemnification by the cross-
16 defendants, and each of them, for any and all amounts which may
17 in good faith be paid by way of compromise, settlement or
18 judgment, and further will be entitled to costs and expenses in
19 connection therewith; this cross-complainant has not yet
20 ascertained the full amount of said damages, and will ask leave
21 of the Court to amend this plea when the same have been
22 ascertained.

### SECOND CAUSE OF ACTION

23
24 (AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL, W.F. MORRIS
25    AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

26    9.   Cross-complainant refers to paragraphs one through
27 eight of the First Cause of Action, and by this reference,

28

1  incorporates the same herein with the same force and effect as

2  though fully set forth in this place.

3      10.   That cross-complainant is not singularly, uniquely, or

4  totally liable for any damages incurred by the SMOLKERS in the

5  aforesaid incident. That if cross-complainant is held liable in

6  the underlying litigation, which liability is specifically

7  denied, cross-complainant is either not responsible in any

8  fashion, or is only partially responsible for the alleged

9  injuries and damages suffered or sustained by the SMOLKERS.  That

10  the distribution of responsibility should be apportioned among

11  the cross-complainant and cross-defendants, and each of them, on

12  the basis of their proportionate share.

13      11.   An actual controversy has arisen and now exists between

14  the cross-complainant and cross-defendants, and each of them,

15  regarding the rights, duties and liabilities of each party with

16  regard to the alleged incident giving rise to this lawsuit.

17  Cross-complainant contends that if, despite its denial of the

18  allegations of the SMOLKERS' cross-complaint herein, the SMOLKERS

19  should nevertheless recover judgment against this cross-

20  complainant, judgment will be based upon the findings of

21  wrongdoing as hereinabove set forth on the part of the cross-

22  defendants, and each of them, and cross-complainant should be

23  entitled to indemnification in an amount proportionate to the

24  comparative responsibility and degree of fault on each of said

25  cross-defendants.

26  ///

27  ///

28

## THIRD CAUSE OF ACTION

(AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL, W.F. MORRIS
AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

12.   Cross-complainant refers to paragraphs one through eight of the First Cause of Action, and by this reference, incorporates the same herein with the same force and effect as though fully set forth in this place.

13.   Cross-complainant, by law and equity should be entitled to total indemnification against cross-defendants for any judgment adverse to this cross-complainant.

## FOURTH CAUSE OF ACTION

(AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL, W.F. MORRIS
AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

14.   Cross-complainant refers to paragraphs one through eight of the first cause of action, and by this reference, incorporates the same herein with the same force and effect as though fully set forth in this place.

15.   Cross-complainant may have to bear a loss which, in equity and good conscience, they should not be faced with by virtue of the conduct of the cross-defendants, and each of them, if the allegations of the SMOLKERS' complaint and the allegation of cross-complainant's cross-complaint for indemnity are found to be true.

16.   A dispute has arisen and an actual controversy exists between the cross-complainant herein and the cross-defendants, and each of them, concerning their respective rights, duties an obligations of the cross-defendants, and each of them, to wholl

7

1  or partially indemnify cross-complainant for any verdict or
2  judgment rendered against them. This cross-complainant requests
3  a declaration of rights and duties of the cross-defendants, and
4  each of them, to this cross-complainant.

5  17. Insofar as the conduct of the cross-defendants herein,
6  and each of them, is determined to have been a proximate cause of
7  the injuries and damages alleged by the SMOLKERS, if any exist,
8  then this cross-complainant is entitled to a declaration that it
9  be indemnified by cross-defendants, and each of them, in an
10  amount equal to that amount of which their conduct or fault
11  contributed to plaintiffs' injuries or damages, if any, and in an
12  amount which is proportionate to each of the cross-defendants'
13  respective allocable fault.

### FIFTH CAUSE OF ACTION

14
15  (AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL,
16  W.F. MORRIS AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

17  18. Cross-complainant refers to paragraphs one through
18  seventeen, and by this reference, incorporates the same herein
19  with the same force and effect as though fully set forth in this
20  place.

21  19. Cross-complainant is informed and believes and based
22  thereon alleges that cross-defendants, and each of them, are and
23  at all times mentioned herein engaged in the business as a
24  licensed contractor licensed as a pest control operator in and
25  for the State of California.

26  20. Cross-complainant is informed and believes and based
27  thereon alleges that in or about October 1996 cross-defendants,

28

8

1  and each of them agreed to sell, apply, and install pesticides
2  and/or pest control systems upon the residential units and common
3  areas of Pacific Villas and in fact sold, implied and installed
4  said pesticides and/or pest control systems, for which cross-
5  complainant paid cross-defendants the approximate sum of $7,952.
6      21.   Cross-complainant is informed and believes and based
7  thereon alleges that the pesticides and/or pest control system
8  and/or the application and installation of the pesticides and/or
9  pest control system by cross-defendants, and each of them, were
10 defective.
11     22.   Cross-complainant is informed and believes and based
12 thereon alleges that as a proximate and direct result of the
13 defects in the pesticides and/or pest control system, and/or the
14 application or installation thereof, cross-complainants will be
15 required to incur expenses to evaluate, correct, repair, replace
16 and reconstruct defective and injured improvements in and about
17 the common areas, together with a loss of use thereof, to its
18 damage in the sum to be stated according to proof.
19     23.   Cross-complainant is informed and believes and based
20 thereon alleges that as a further proximate and direct result of
21 the defects and injuries as aforesaid, the property values as
22 Pacific Villas have diminished and that a stigma has attached
23 said to property, all to the detriment of cross-complainants in
24 an amount according to proof.
25  ///
26  ///
27  ///
28

9

## SIXTH CAUSE OF ACTION

(AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL,
W.F. MORRIS AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

24.  Cross-complainant refers to paragraphs one through twenty-three, and by this reference, incorporates the same herein with the same force and effect as though fully set forth in this place.

25.  Cross-complainant is informed and believes and based thereon alleges that at all relevant times cross-defendants, and each of them, knew or should have known that cross-complainant would rely upon cross-defendants and each of them and upon their skill and judgment in the selection, application and installation of pesticides and/or pest control systems and to provide components and materials fit for their particular purpose without injuring the property and/or residence of Pacific Villas, and cross-complainant did so rely upon cross-defendants skill and judgment.

26.  Cross-defendant and each of them, impliedly warranted that the pesticides and/or pest control system would be fit for the purposes for which they are normally and reasonably used, an without creating an unreasonable risk of harm to cross-complainant and/or its members.

27.  Cross-complainant is informed and believes and based thereon alleges that the pesticides and/or pest control system sold, applied and installed by cross-defendants, and each of them, are, and at all relevant times have been, materially defective aforesaid.

28. Cross-complainant is informed and believes and based upon thereon alleges that as a proximate and direct result of such breach of the implied warranty of fitness for the particular purpose for which said pesticides and/or pesticide control systems is normally and reasonably used, cross-complainant has sustained and will sustain damages as alleged in paragraphs 22 and 23 above.

## SEVENTH CAUSE OF ACTION

(AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL, W.F. MORRIS AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

29. Cross-complainant refers to paragraphs one through twenty-eight, and by this reference, incorporates the same herein with the same force and effect as though fully set forth in this place.

30. Cross-complainant is informed and believes and based thereon alleges that all relevant times cross-defendants and each of them, were under a duty to exercise reasonable care in the selecting, selling, applying and installation of the pesticide and/or pest control systems, including the duty to comply with applicable State and Federal Regulations regarding pesticide/pest control system selection, application and installation, and the duty to provide all labor and materials in a good and workman like manner.

31. Cross-complainant is informed and believes and based thereon alleges that cross-defendants, and each of them, breache their respective duties of care to cross-complainant by negligently and carelessly failing to use reasonable care in the

11

1  selection, application and installation of the pesticides/pest

2  control system at Pacific Villa, and by negligently and

3  carelessly failing to comply with applicable state and federal

4  regulations and relevant customs and practices relating and

5  pertaining to the sale, application and installation of

6  pesticides and/or pest control systems.

7      32.  Cross-complainant is informed and believes and based

8  thereon alleges that the negligence of cross-defendants and each

9  of them actually and proximately caused the defects, deficiencies

10  and injuries in and about the common areas of Pacific Villas, as

11  alleged herein above.

12      33.  Cross-complainant is informed and believes and based

13  thereon alleges that as a direct and proximate result of the

14  negligence of the cross-defendants, and each of them, cross-

15  complainant has sustained and will sustain damages as alleged in

16  paragraphs 22 and 23 above.

17                   EIGHTH CAUSE OF ACTION

18      (AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL,

19  W.F. MORRIS AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE)

20      34.  Cross-complainant refers to paragraphs one through

21  three-three, and by this reference, incorporates the same herein

22  with the same force and effect as though fully set forth in this

23  place.

24      35.  Cross-complainant is informed and believes and based

25  thereon alleges that each of the cross-defendants knew, or the

26  exercise of reasonable diligence should have known that defects

27  in the selection, sale, application and installation of

28

1 pesticides and/or pest control system, as aforesaid, has caused

2 and will continue to cause, damage and injury to cross-

3 complainant.

4     36. Cross-complainant is informed and believes and based

5 thereon alleges that the failures, deficiencies and defects

6 herein alleged, constitute a nuisance within the meaning of

7 section 3479 of <u>California Civil Code</u>, in that the property

8 values of Pacific Villas have diminished, stigma to the property

9 has attached, and that said nuisance creates and obstruction to

10 the free use of the property and interferes with cross-

11 complainant's comfortable enjoyment and use of its property.

12     37. Cross-complainant is informed and believes and based

13 thereon alleges that the cross-defendants, and each of them, by

14 their conduct and/or failure to act, created, maintained and/or

15 concealed a nuisance and have not taken reasonable steps to abate

16 said nuisance, or to mitigate the potential future damage caused

17 by said nuisance, although requested to do so.

18     38. Cross-complainant is informed and believes and based

19 thereon alleges that as a proximate and direct result of the

20 nuisance caused by defendants as herein alleged, cross-

21 complainant has sustained, and will continue to sustain, damages

22 as alleged in paragraphs 22 and 23 above.

23                 <u>NINTH CAUSE OF ACTION</u>

24     (AS TO CROSS-DEFENDANTS HOME SAVINGS TERMITE CONTROL,

25 W.F. MORRIS AND RIKK THOMPSON AND DOES 1 THROUGH 100, INCLUSIVE

26     39. Cross-complainant refers to paragraphs one through

27 thirty-eight, and by this reference, incorporates the same herei

28

104957.1.

1  with the same force and effect as though fully set forth in this

2  place.

3      40.  Cross-complainant is informed and believes and based

4  thereon alleges that except as excused y the wrongful conduct of

5  cross-defendant and each of the, cross-complainant has performed

6  all  conditions and covenants required to be performed on its

7  part.

8      41.  Cross-complainant is informed and believes and based

9  thereon alleges that within two years of the filing of this

10  action, cross-defendants and each of them, breached their

11  agreement by failing to property and/or adequately select, sell,

12  apply and install the pesticides and/or pest control system at

13  Pacific Villas.

14      42.  Cross-complainant is informed and believes and based

15  thereon alleges that as a direct and proximate result of the

16  breach by cross-defendants and each of them, cross-complainant

17  has sustained and will sustain damages as alleged in paragraphs

18  22 and 23 above.

19

20      WHEREFORE, cross-complainant prays for judgment against the

21  cross-defendants, and each of them, as follows:

22      ON CAUSES OF ACTION ONE THROUGH FOUR, INCLUSIVE

23      1.  If it be found that cross-complainant is liable for any

24  judgment in favor of the plaintiff herein, that total judgment in

25  the same amount be rendered in favor of the cross-complainant

26  against the cross-defendants;

27

28

2. For an order that the cross-defendants have a duty to indemnify the cross-complainant;

3. That if cross-complainant is held liable to the plaintiff, then judgment be rendered against cross-defendants, and each of them, determining the respective responsibility of the cross-defendants, and each of them, for the incident;

4. That judgment be entered indemnifying cross-complainant for the percentage of plaintiff's judgment which is proportionate and allocable to the comparative responsibility of the cross-defendants, and each of them;

5. For interests provide by law;

6. For damages according to proof;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.

ON CAUSES OF ACTION FIVE THROUGH NINE, INCLUSIVE

9. For general and compensatory damages according to the proof at the time of trial and in an amount in excess of the minimum jurisdiction of this court;

10. For interest provided by law;

11. For cost of suit incurred herein; and,

///

///

///

///

///

///

15

1    12.   For such other and further relief as the court deems

2  just and proper.

3  DATED: June 30, 1998                HOLLINS, SCHECHTER & FEINSTEIN

4

5                                      BY: /Thomas M. Condas

6                                      THOMAS M. CONDAS
                                       Attorneys for Cross-
                                       Defendant and Cross-
7                                      Complainant, PACIFIC VILLAS
                                       HOMEOWNERS' ASSOCIATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

104957.1

PROOF OF SERVICE
(1013a(3) Code Civ. Proc. Revised 5/1/88)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 505 S. Main Street, 12th Floor, Orange, California 92856.

On July 2, 1998, I served the foregoing document described as CROSS-COMPLAINT OF PACIFIC VILLAS HOMEOWNERS' ASSOCIATION FOR EQUITABLE INDEMNITY; COMPARATIVE INDEMNITY; TOTAL INDEMNITY; DECLARATORY RELIEF; STRICT LIABILITY; IMPLIED WARRANTY OF FITNESS; NEGLIGENCE; NUISANCE; AND, BREACH OF CONTRACT on the interested parties in this action,

(X)  by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

( )  by placing ( ) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as follows:

( )  by personal delivery to:

(X)  by mail as follows: I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X)  (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 2, 1998, at Orange, California.

GABRIELLE RUSSELL

```
 1  Case Name:  TIG INSURANCE V. SMOLKER
    Case No.:   BC 173952
 2  Our File No.:  FCLD 8257

 3  _____

 4                    MAILING LIST

 5  Larry M. Arnold, Esq.           Attorneys for TIG INSURANCE
    Cummins & White, LLP            COMPANY
 6  2424 S.E. Bristol, #300
    Newport Beach, CA 92660-0757
 7  (714) 852-1800
    (714) 852-8510 Fax
 8

 9  Law Offices of Smolker & Graham   Attorneys for GARY SMOLKER
    4720 Lincoln Blvd., Suite 280     and ALICE SMOLKER
10  Marina Del Rey, CA 90292-6977
    (310) 574-9880
11  (310) 574-9883 Fax

12
    Jeffrey A. Charlston, Esq.
13  Charlston, Revich & Williams LLP  Attorneys for DENNIS A.
    1840 Century Park East, 3rd Floor BABBITS; COREGIS INSURANCE
14  Los Angeles, CA 90067-2104        COMPANY; DEAN & ASSOCIATES;
    (310) 551-7000                    and CALIFORNIA INSURANCE
15  (310) 203-9321 Fax                COMPANY

16
    Alan Zuckerman, Esq.            Attorneys for DR. JOSEPH
17  Hagenbaugh & Murphy            FEDORUK
    700 North Central Ave., #500
18  Glendale, CA 91203-1240
    (818) 240-2600
19  (818) 240-1253 Fax

20
    Joh F. Walter, Esq.            Attorneys for JOSEPH A. BAILEY
21  Walter, Finestone & Richter
    11501 Wilshire Blvd., #1900
22  Los Angeles, CA 90025

23
    Jeffrey Horowitz, Esq.         Attorneys for FRONTIER PACIFIC
24  Dubois, Billig, Loughlin, Contay  INSURANCE COMPANY
     & Weisman
25  6404 Wilshire Blvd., Suite 850
    Los Angeles, CA 90048-5510
26  (213) 653-2518
    (213) 653-0669 Fax
27

28
```

| | | |
|---|---|---|
| 1 | Michael T. Lucey, Esq.<br>Gordon & Rees, LLP | Attorneys for TRUCK INSURANCE<br>EXCHANGE |
| 2 | Embarcadero Center West<br>275 Battery Street, 20th Floor | |
| 3 | San Francisco, CA 94111<br>(415) 986-5900 | |
| 4 | (415) 986-8054 Fax | |
| 5 | | |
| 6 | Gary E. Yardumian, Esq.<br>Prindle, Decker & Amaro | Attorneys for HOME SAVINGS<br>TERMITE CONTROL, INC. |
| 7 | 310 Golden Shore, Fourth Floor<br>Long Beach, CA 90802-4246 | |
| 8 | (562) 436-3946<br>(562) 495-0564 | |
| 9 | | |
| 10 | Cecille L. Hester, Esq.<br>Fonda & Hilberman, Llp | Attorneys for CAROL D. KAY<br>TRUSTEE OF CAROL D. KAY 1989 |
| 11 | 1925 Century Park East, #2250<br>Los Angeles, CA 90067-2723 | TRUST |
| 12 | (310) 553-3320<br>(310) 553-4232 Fax | |
| 13 | | |
| 14 | David L. Hughes, Esq.<br>Booth, Mitchel & Strange, LLP | Attorneys for RELIANCE<br>INSURANCE COMPANY |
| 15 | P.O. Box 5046<br>Costa Mesa, CA 92628-5046 | |
| 16 | (714) 641-0217<br>(714) 957-0411 Fax | |
| 17 | | |
| 18 | Robert N. Ridenour, Esq.<br>Borton, Petrini & Conron | Attorneys for W.R. GRACE &<br>COMPANY and GRACE DAVIDSON |
| 19 | 707 Wilshire Blvd., 51st Floor<br>Los Angeles, CA 90017-3613 | |
| 20 | (213) 624-2869 | |
| 21 | Michael B. Geibel, Esq.<br>Gibbs, Giden, Locher & Turner | Attorneys for JAMES & JULIA<br>HOLLAND |
| 22 | 2029 Century Park East, 34th Floor<br>Los Angeles, CA 90067-3039 | |
| 23 | (310) 552-3400<br>(310) 552-0805 Fax | |
| 24 | | |
| 25 | Matthew John Fredricks<br>15 63rd Avenue, #6 | In Pro Per |
| 26 | Playa del Rey, CA 90293 | |
| 27 | | |
| 28 | | |

1 | Gerald W. Ivory
15 63rd Avenue, #5
2 | Playa del Rey, CA 90293

3 | Lance J. Robbins
15 63rd Avenue, #2
4 | Playa del Rey, CA 90293

5
Angela Jordan Verdun
6 | 15 63rd Avenue, Unit #5
Playa del Rey, CA 90293
7

8 | Laura N. MacPherson
2424 S.E. Bristol St., Suite 300
9 | Newport Beach, CA 92660

10
Virginia K. Cipriano
11 | 3033 Sherbrook Street., West
Apt. 306 Montreal
12 | Montreal Quebec, Canada H3Z 1A3

13
William E. Davis III, Esq.
14 | 1925 Century Park East, Suite 500
Los Angeles, CA 90067-2700
15

16 | Sally L. Schubert, Esq.
Dean & Associates
17 | 225 S. Lake Avenue, Suite 1190
Pasadena, CA 91101
18

19 | William D. Beck, Esq.
Johnson & Beck
20 | 1680 N. Vine Street, Suite 100
Hollywood, CA 90028
21

22

23

24

25

26

27

28

982(a)(15.4)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| GARY E. YARDUMIAN, ESQ.  (State Bar No. 131411)<br>PRINDLE, DECKER & AMARO<br>310 Golden Shore, 4th Floor<br>Long Beach, CA  90801<br><br>TELEPHONE NO.: (562) 436-3946  FAX NO.: (562) 495-0564<br>ATTORNEY FOR *(Name)*: Cross-Defendants | |

NAME OF COURT: Superior Court of the State of California
STREET ADDRESS: County of Los Angeles
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: CENTRAL BRANCH

PLAINTIFF/ PETITIONER: TIG INSURANCE COMPANY

DEFENDANT/ RESPONDENT: GARY SMOLKER, ET AL.

| **DEPOSITION SUBPOENA**<br>For Personal Appearance and Production of Documents and Things | CASE NUMBER:<br>BC 173952 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:
PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON
LOCATED AT 101 E. LINCOLN AVENUE, #240, ANAHEIM, CA  (800) 874-0686

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

| Date: MAY 8, 2001 | Time: 1:30 P.M | Address: 310 GOLDEN SHORE, 4TH FLOOR<br>LONG BEACH, CALIFORNIA  90801 |
|---|---|---|

   a.  As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025, subd. (d)(6).)

   b.  You are ordered to produce the documents and things described in item 3.

   c.  X  This deposition will be recorded stenographically     through the instant visual display of testimony,
       and by      audiotape      videotape.

   d.  This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025(u)(4).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:   SEE EXHIBIT "A" ATTACHED TO THIS SUBPOENA AND THE NOTICE OF TAKING DEPOSITION

     Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

     Continued on Attachment 4.

5. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition.*

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE<br>FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: APRIL 20, 2001

GARY E. YARDUMIAN, ESQ.  (State Bar No.
     (TYPE OR PRINT NAME)

                                        (SIGNATURE OF PERSON ISSUING SUBPOENA)

                              ATTORNEY FOR CROSS-DEFENDANTS
                                                   (TITLE)
                   (Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(15.4) [New January 1, 2000]
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure
§§ 2020, 2025
Government Code, § 68097.1

## EXHIBIT "A"

1.    Any and all sales, supply, marketing and advertising documents from Grace Davidson for "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

2.    Any and all documents submitted to the Agricultural Commission referencing "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

3.    Any and all invoices, bills and or statements for the purchase, sale, distribution of "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

4.    Any and all animal studies, health risk assessments, toxicological data and\or studies mentioning, referencing or referring to "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

5.    Any and all pesticide labels, MSDS and\or instruction materials referencing, mentioning "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

6.    Any and all research development, toxicology data on "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

1  GARY E. YARDUMIAN, ESQ. (State Bar No. 131411)
   **LAW OFFICES OF PRINDLE, DECKER & AMARO, LLP**
2  P.O. BOX 22711
   310 GOLDEN SHORE, 4TH FLOOR
3  LONG BEACH, CA 90801-5511
   TELEPHONE: (562) 436-3946
4  FAX NO. (562) 495-0564

5  Attorneys for Cross-Defendants, HOME SAVING TERMITE CONTROL, INC.,W.F. MORRIS and
   RIKK THOMPSON
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11  TIG INSURANCE COMPANY, a California        )    CASE NO. :  BC 173952
    Corporation,                              )
12                                            )    Assigned for all purposes to Judge Fruin,
              Plaintiff,                      )    Department 15
13                                            )
    vs.                                       )    **NOTICE OF TAKING DEPOSITION AND**
14                                            )    **REQUEST FOR PRODUCTION OF**
    GARY SMOLKER, an individual, and ALICE    )    **DOCUMENTS OF THE PERSON MOST**
15  SMOLKER, an individual, and DOES 1-10,    )    **KNOWLEDGEABLE FOR GRACE**
    inclusive,                                )    **DAVIDSON**
16                                            )
              Defendants.                     )    **Date:   May 8, 2001**
17  _____   )    **Time:   1:00 p.m.**
                                              )    **Place:  PRINDLE, DECKER & AMARO**
18  AND ALL RELATED CROSS-ACTIONS.            )             **310 Golden Shore, 4th Floor**
    _____   )             **Long Beach, CA 90801**
19

20          TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that on May 8, 2001, at 1:00 p.m., at the Law Offices of Prindle, Decker

22  & Amaro, located at 310 Golden Shore, 4th Floor, Long Beach, California, Defendant, Cross-Defendants.

23  HOME SAVING TERMITE CONTROL, INC.,W.F. MORRIS and RIKK THOMPSON, will take the

24  deposition of the third party witness who is the "PERSON MOST KNOWLEDGEABLE" for GRACE

25  DAVIDSON.

26          The person or persons designated for the deposition by GRACE DAVIDSON should be the

27  person(s) most knowledgeable concerning the following:

28                                          1
    _____
            **NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF**
    **DOCUMENTS OF THE PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON**

1.  Regarding sales, supplies, marketing and advertising for Grace Davidson for "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

2.  Regarding documents submitted to the Agricultural Commission referencing "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

3.  Regarding invoices, bills, and\or purchases, sales, distributions of "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

4.  Regarding animal studies, health risk assessments, toxicological data, studies referencing or referring to "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

5.  Regarding pesticide labels, MSDs and\or instruction materials referencing or mentioning "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

6.  Regarding research developments and\or toxicology data on "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

This deposition will be taken before a Notary Public in and for the State of California, or other such officer authorized to administer oats who may be present at said time and place. Said deposition will continue from day to day, excluding Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE that deponent is requested to produce at said time and place of his\her respective deposition, the following documents, papers, and things for copying and examination, pursuant to Code of Civil Procedure § 2025(h)(1). The above-mentioned documents are listed in the attached Exhibit "A."

DATED: April 20, 2001

PRINDLE, DECKER & AMARO

By: _____

GARY E. YARDUMIAN
Attorneys for Cross-Defendant, HOME SAVING
TERMITE CONTROL, INC., W.F. MORRIS and
RIKK THOMPSON

2

**NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF
DOCUMENTS OF THE PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON**

## EXHIBIT "A"

1.   Any and all sales, supply, marketing and advertising documents from Grace Davidson for "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

2.   Any and all documents submitted to the Agricultural Commission referencing "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

3.   Any and all invoices, bills and or statements for the purchase, sale, distribution of "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

4.   Any and all animal studies, health risk assessments, toxicological data and\or studies mentioning, referencing or referring to "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

5.   Any and all pesticide labels, MSDS and\or instruction materials referencing, mentioning "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

6.   Any and all research development, toxicology data on "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

1

PROOF OF SERVICE

1

2   STATE OF CALIFORNIA           )
                                  ) ss.
3   COUNTY OF LOS ANGELES         )

4

5       I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

6       On April 20, 2001, I served the foregoing document described as **NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS OF THE PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON and DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE** on all interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

9

10              ***SEE ATTACHED SERVICE LIST***

11      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14      __xx__   **(By Mail)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

15

16      ____   **(By Fax)** I caused such document to be faxed at Long Beach, California, from Fax No.(562) 495-0564 to Fax No. _ directed to fax numbers listed below . The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

17

18      ____   **(By Personal Service)**   I caused such envelope to be delivered by hand to the addressee(s). Gary S. Smolker, Esq., LAW OFFICE OF SMOLKER & GRAHAM, 4720 Lincoln Blvd., Ste. 280, Marina Del Rey, CA  90292

19

20      __xx__   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22      ____   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23      Executed on **April 20, 2001,** at Long Beach, California.

24

25                              _____
                                M. Esther Juarez

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

*SERVICE LIST*
*TIG INSURANCE COMPANY vs. GARY SMOLKER, et al.*
*LASC, Central District, Case No. BC 173 952*

GARY S. SMOLKER
Gary S. Smolker, Esq.
Alice M. Graham, Esq.
LAW OFFICE OF SMOLKER & GRAHAM
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA  90292
(310) 574-9880
(310) 574-9883 (fax)

DENNIS  A.  BABBITS.COREGIS  GROUP,
INC.,
COREGIS INS. CO., DEAN & ASSOCIATES
and CALIFORNIA INSURANCE COMPANY
Jeffrey A. Charlston, Esq.
Robert D. Hoffman, Esq.
CHARLSTON, REVICH & WILLIAMS LLP
1840 Century Park East, 3rd Floor
Los Angeles, CA 90067-2104
(310) 551-7000
(310 203-9321 fax

TRUCK INSURANCE EXCHANGE/
UNDERWRITERS ASSOCIATION
FARMERS GROUP, INC., FARMERS
INSURANCE GROUP OF COMPANIES
Sara M. Thorpe, Esq.
GORDON & REES, LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA  94111
Telephone:    (415) 986-5900
Fax No. :      (415) 986-8054

JoLynn M. Pollard, Esq.
GORDON & REES, LLP
300 South Grand Avenue, 20th Floor
Los Angeles, CA 90071
Telephone:    (213) 576-5000
Fax No. :      (213) 680-4470

RELIANCE INSURANCE COMPANY
David L. Hughes, Esq.
Stacie L. Brandt, Esq.
BOOTH, MITCHELL & STRANGE, LLP
701 South Parker Street, Suite 6500
PO Box 11055
Orange, CA 92856-8155
Telephone : (714) 480-8500
Fax No. :    (714) 480-8533

TIG INSURANCE COMPANY
Larry M. Arnold, Esq.
Annabelle M. Harris, Esq.
J. Thomas Gilbert, Esq.
Laura N. MacPherson, Esq.
CUMMINS & WHITE
2424 S.E. Bristol St., Suite 300
Newport Beach, CA   92660-0757
(949) 852-1800

W.R.  GRACE  &  CO.;  GRACE  DIVISION;
ALBERT COSTELLO and JAMES R. HYDE
Bryan Porter, Esq.
Rosemarie S. Lewis, Esq.
BORTON, PETRINI & CONRON
707 Wilshire Blvd., Suite 5100
Los Angeles, CA 90017-3613
(213) 624-2869
(213) 489-3930 (fax)   .

FRONTIER PACIFIC INSURANCE CO.
Jeffrey Horowitz, Esq.
HOROWITZ, SOLOMON & PARKER
6404 Wilshire Blvd., #850
Los Angeles, CA 90048-5510
(213) 653-2518
(213) 653-0669 fax

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

### SERVICE LIST
### *TIG INSURANCE COMPANY vs. GARY SMOLKER, et al.*
### *LASC, Central District, Case No. BC 173 952*

3

4    ATTORNEYS FOR DEFENDANT/CROSS-
     COMPLAINANTS, JAMES HOLLAND and
5    JULIE HOLLAND

6    GIBBS, GIDEN, LOCHER & TURNER
     2029 Century Park East, 34th Floor
7    Los Angeles, CA 90067-3039

8    Attention: Michael B. Geibel
     Telephone: (310) 552-3400
9    Fax No. :   (310) 552-0805

10   ATTORNEYS FOR CAROL D. KAY,
11   TRUSTEE OF THE CAROL D. KAY 1989
     TRUST

12   FONDA, HILBERMAN & FRASER, L.L.P.
13   1888 Century Park East, Suite 1777
     Los Angeles, CA 90067

14   Attention: Cecille L. Hester, Esq.
15   Telephone:    (310) 553-3320
     Fax No.:      (310) 553-4232

16   COUNSEL FOR PACIFIC VILLAS
17   HOMEOWNER'S ASSOCIATION

18   MURAWSKI & GREY
     11755 Wilshire Blvd., Suite 1400
19   Los Angeles, CA 90025

20   Attention: David M. Grey, Esq.
     Telephone: (310) 477-5455
21   Fax No. : (310) 479-6469

22   ATTORNEYS FOR INTERINSURANCE
23   EXCHANGE OF AUTOMOBILE CLUB

24   LEWIS, D'AMATO BRISBOIS & BISGARD
     LLP
25   221 North Figueroa Street, Suite 1200
     Los Angeles, CA 90012-2601

26   Attention: Richard B. Wolf, Esq.
27   Telephone: (213) 250-1800

28

*LAW OFFICES OF*
*PRINDLE, DECKER & AMARO LLP*

982(a)(15.3)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gary E. Yardumian, Esq.<br>PRINDLE, DECKER & AMARO<br>310 Golden Shore, 4th Floor<br>Long Beach, California  90801<br><br>TELEPHONE NO.: (562) 436-3946    FAX NO.: (562) 495-0564<br>ATTORNEY FOR *(Name):* Cross-Defendants | |
| NAME OF COURT: SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>STREET ADDRESS: COUNTY OF LOS ANGELES<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA<br>BRANCH NAME: CENTRAL BRANCH | |
| PLAINTIFF/ PETITIONER: TIG INSURANCE COMPANY<br><br>DEFENDANT/ RESPONDENT: GARY SMOLKER, et al. | |
| AMENDED    DEPOSITION SUBPOENA<br>For Personal Appearance | CASE NUMBER:<br>BC 173952 |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*

GREG RANOCCHIA, Grace Davidson                                  (800) 874-0686
        Located at 101 E. Lincoln Avenue, #240, Anaheim, CA

1.  YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following time and place:

| Date: 5/8/01 | Time: 10:00 a.m. | Address: Prindle, Decker & Amaro |
|---|---|---|
| | | 310 Golden Shore, 4th Fl., Long Beach, CA |

a.   As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as
     to the matters described in item 2. (Code Civ. Proc., § 2025, subd. (d)(6).)

b.   x   This deposition will be recorded stenographically        through the instant visual display of testimony,
         and by        audiotape        videotape.

c.       This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025(u)(4).

2.       If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as
         follows:

3.  *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition;*
    *later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you*
    *sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at*
    *the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition.*

---

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE
FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

---

Date issued: April 19, 2001

Gary E. Yardumian, Esq.                        ▶ _____
        (TYPE OR PRINT NAME)                          (SIGNATURE OF PERSON ISSUING SUBPOENA)

                                               Attorneys for Cross-Defendants
                                                          (TITLE)

(Proof of service on reverse)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>982(a)(15.3) [New January 1, 2000]          **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE**        Code of Civil Procedure<br>§§ 2020, 2025<br>Government Code  § 68097.1

1 | GARY E. YARDUMIAN, ESQ. (State Bar No. 131411)
LAW OFFICES OF PRINDLE, DECKER & AMARO, LLP
2 | P.O. BOX 22711
310 GOLDEN SHORE, 4TH FLOOR
3 | LONG BEACH, CA 90801-5511
TELEPHONE: (562) 436-3946
4 | FAX NO. (562) 495-0564

5 | Attorneys for Cross-Defendants, HOME SAVING TERMITE CONTROL, INC., W.F. MORRIS and
RIKK THOMPSON

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10

11 | TIG INSURANCE COMPANY, a California      )      CASE NO. :   BC 173952
   | Corporation,                            )
12 |                                         )      Assigned for all purposes to Judge Dzintra
   |             Plaintiff,                  )      Janavs, Department 15
13 |                                         )
   | vs.                                     )      **NOTICE OF TAKING DEPOSITION OF**
14 |                                         )      **WITNESS, GREG RANOCCHIA**
   | GARY SMOLKER, an individual, and ALICE  )
15 | SMOLKER, an individual, and DOES 1-10,  )      **Date:   May 8, 2001**
   | inclusive,                              )      **Time:   10:00 a.m.**
16 |                                         )      **Place:  PRINDLE, DECKER & AMARO**
   |             Defendants.                 )      **310 Golden Shore, 4th Floor**
17 | _____ )      **Long Beach, CA 90801**
   |                                         )
18 | AND ALL RELATED CROSS-ACTIONS.          )
   | _____ )

19 | **TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

20 | **PLEASE TAKE NOTICE** that on **May 8, 2001,** at 10:00 a.m., at the Law Offices of Prindle.

21 | Decker & Amaro, located at 310 Golden Shore, Fourth Floor, Long Beach, California, Cross-

22 | Defendants, HOME SAVING TERMITE CONTROL, INC., W.F. MORRIS and RIKK THOMPSON.

23 | herein will take the oral deposition of **Witness, Greg Ranocchia,** before a notary public authorized to

24 | administer oaths in the State of California who is present at the specified time and place.

25 | If said deposition is not completed on said dates, the taking thereof will be continued from day

26 | to day, Sundays and holidays excluded, until completed.

27 | / / /

28

1   Defendant hereby demands to be informed by Witness of the need of an interpreter and the

2   appropriate language/dialect of the same for the deposition itself within five (5) days prior to the

3   proceeding.

4   DATED:  April 19, 2001

PRINDLE, DECKER & AMARO

By: _____
        GARY E. YARDUMIAN
Attorneys for Cross-Defendant, HOME SAVING
TERMITE CONTROL, INC., W.F. MORRIS and
RIKK THOMPSON

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                          )  ss.
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On **April 1₉, 2001**, I served the foregoing document described as **NOTICE OF TAKING DEPOSITION OF WITNESS, GREG RANOCCHIA; DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE** on all interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### *SEE ATTACHED SERVICE LIST*

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____xx____    **(By Mail)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

_____    **(By Fax)** I caused such document to be faxed at Long Beach, California, from Fax No.(562) 495-0564 to Fax No. _ directed to fax numbers listed below_. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

_____    **(By Personal Service)**    I caused such envelope to be delivered by hand to the addressee(s). Gary S. Smolker, Esq., LAW OFFICE OF SMOLKER & GRAHAM, 4720 Lincoln Blvd., Ste. 280, Marina Del Rey, CA  90292

____xx____    **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____    **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 1₉, 2001,** at Long Beach, California.

M. Esther Juarez

**SERVICE LIST**
*TIG INSURANCE COMPANY vs.  GARY SMOLKER, et al.*
*LASC, Central District, Case No. BC 173 952*

GARY S. SMOLKER
Gary S. Smolker, Esq.
Alice M. Graham, Esq.
LAW OFFICE OF SMOLKER & GRAHAM
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA  90292
(310) 574-9880
(310) 574-9883 (fax)

DENNIS   A.   BABBITS,COREGIS   GROUP,
INC.,
COREGIS INS. CO., DEAN & ASSOCIATES
and CALIFORNIA INSURANCE COMPANY
Jeffrey A. Charlston, Esq.
Robert D. Hoffman, Esq.
CHARLSTON, REVICH & WILLIAMS LLP
1840 Century Park East, 3rd Floor
Los Angeles, CA 90067-2104
(310) 551-7000
(310 203-9321 fax

TRUCK INSURANCE EXCHANGE/
UNDERWRITERS ASSOCIATION
FARMERS GROUP, INC., FARMERS
INSURANCE GROUP OF COMPANIES
Sara M. Thorpe, Esq.
GORDON & REES, LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA  94111
Telephone:    (415) 986-5900
Fax No. :      (415) 986-8054

JoLynn M. Pollard, Esq.
GORDON & REES, LLP
300 South Grand Avenue, 20th Floor
Los Angeles, CA 90071
Telephone:    (213) 576-5000
Fax No. :      (213) 680-4470

RELIANCE INSURANCE COMPANY
David L. Hughes, Esq.
Stacie L. Brandt, Esq.
BOOTH, MITCHELL & STRANGE. LLP
701 South Parker Street, Suite 6500
PO Box 11055
Orange, CA 92856-8155
Telephone :  (714) 480-8500
Fax No. :    (714) 480-8533

TIG INSURANCE COMPANY
Larry M. Arnold, Esq.
Annabelle M. Harris, Esq.
J. Thomas Gilbert, Esq.
Laura N. MacPherson, Esq.
CUMMINS & WHITE
2424 S.E. Bristol St., Suite 300
Newport Beach, CA   92660-0757
(949) 852-1800

W.R.  GRACE  &  CO.;  GRACE  DIVISION
ALBERT COSTELLO and JAMES R. HYDE
Bryan Porter, Esq.
Rosemarie S. Lewis, Esq.
BORTON, PETRINI & CONRON
707 Wilshire Blvd., Suite 5100
Los Angeles, CA 90017-3613
(213) 624-2869
(213) 489-3930 (fax)

FRONTIER PACIFIC INSURANCE CO.
Jeffrey Horowitz, Esq.
HOROWITZ, SOLOMON & PARKER
6404 Wilshire Blvd., #850
Los Angeles, CA 90048-5510
(213) 653-2518
(213) 653-0669 fax

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1

**SERVICE LIST**
*TIG INSURANCE COMPANY vs. GARY SMOLKER, et al.*
*LASC, Central District, Case No. BC 173 952*

2

3

4  ATTORNEYS FOR DEFENDANT/CROSS-
   COMPLAINANTS. JAMES HOLLAND and
5  JULIE HOLLAND

6  GIBBS, GIDEN, LOCHER & TURNER
   2029 Century Park East, 34th Floor
7  Los Angeles, CA 90067-3039

8  Attention: Michael B. Geibel
   Telephone: (310) 552-3400
9  Fax No. :   (310) 552-0805

10

11 ATTORNEYS FOR CAROL D. KAY,
   TRUSTEE OF THE CAROL D. KAY 1989
   TRUST

12

13 FONDA, HILBERMAN & FRASER, L.L.P.
   1888 Century Park East, Suite 1777
   Los Angeles, CA 90067

14

15 Attention: Cecille L. Hester, Esq.
   Telephone:   (310) 553-3320
   Fax No.:     (310) 553-4232

16

17 COUNSEL FOR PACIFIC VILLAS
   HOMEOWNER'S ASSOCIATION

18 MURAWSKI & GREY
   11755 Wilshire Blvd., Suite 1400
19 Los Angeles, CA 90025

20 Attention: David M. Grey, Esq.
   Telephone: (310) 477-5455
21 Fax No. : (310) 479-6469

22

23 ATTORNEYS FOR INTERINSURANCE
   EXCHANGE OF AUTOMOBILE CLUB

24 LEWIS, D'AMATO BRISBOIS & BISGARD
   LLP
25 221 North Figueroa Street, Suite 1200
   Los Angeles, CA 90012-2601

26

27 Attention: Richard B. Wolf, Esq.
   Telephone: (213) 250-1800

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1  GARY E. YARDUMIAN, ESQ. (State Bar No. 131411)
   **LAW OFFICES OF PRINDLE, DECKER & AMARO, LLP**
2  P.O. BOX 22711
   310 GOLDEN SHORE, 4TH FLOOR
3  LONG BEACH, CA 90801-5511
   TELEPHONE: (562) 436-3946
4  FAX NO. (562) 495-0564

5  Attorneys for Cross-Defendants, HOME SAVING TERMITE CONTROL, INC., W.F. MORRIS and
   RIKK THOMPSON

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  TIG INSURANCE COMPANY, a California          CASE NO. :  BC 173952
    Corporation,
12                                               Assigned for all purposes to Judge Fruin,
             Plaintiff,                          Department 15
13
    vs.                                          **NOTICE OF TAKING DEPOSITION AND**
14                                               **REQUEST FOR PRODUCTION OF**
    GARY SMOLKER, an individual, and ALICE       **DOCUMENTS OF THE PERSON MOST**
15  SMOLKER, an individual, and DOES 1-10,       **KNOWLEDGEABLE FOR GRACE**
    inclusive,                                   **DAVIDSON**
16
             Defendants.                         Date:   May 8, 2001
17                                               Time:   1:00 p.m.
                                                 Place:  PRINDLE, DECKER & AMARO
18  AND ALL RELATED CROSS-ACTIONS.                       310 Golden Shore, 4th Floor
                                                         Long Beach, CA 90801
19

20         TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that on May 8, 2001, at 1:00 p.m., at the Law Offices of Prindle, Decke

22  & Amaro, located at 310 Golden Shore, 4th Floor, Long Beach, California, Defendant, Cross-Defendants

23  HOME SAVING TERMITE CONTROL, INC., W.F. MORRIS and RIKK THOMPSON, will take the

24  deposition of the third party witness who is the "PERSON MOST KNOWLEDGEABLE" for GRACE

25  DAVIDSON.

26         The person or persons designated for the deposition by GRACE DAVIDSON should be th

27  person(s) most knowledgeable concerning the following:

28                                         1

    **NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF**
    **DOCUMENTS OF THE PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON**

1.  Regarding sales, supplies, marketing and advertising for Grace Davidson for "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

2.  Regarding documents submitted to the Agricultural Commission referencing "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

3.  Regarding invoices, bills, and\or purchases, sales, distributions of "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

4.  Regarding animal studies, health risk assessments, toxicological data, studies referencing or referring to "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

5.  Regarding pesticide labels, MSDs and\or instruction materials referencing or mentioning "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

6.  Regarding research developments and\or toxicology data on "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

This deposition will be taken before a Notary Public in and for the State of California, or other such officer authorized to administer oats who may be present at said time and place.  Said deposition will continue from day to day, excluding Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE that deponent is requested to produce at said time and place of his\her respective deposition, the following documents, papers, and things for copying and examination, pursuant to Code of Civil Procedure § 2025(h)(1).  The above-mentioned documents are listed in the attached Exhibit "A."

DATED: April 20, 2001                    PRINDLE, DECKER & AMARO

                                         By: _____
                                             GARY E. YARDUMIAN
                                         Attorneys for Cross-Defendant, HOME SAVING
                                         TERMITE CONTROL, INC., W.F. MORRIS and
                                         RIKK THOMPSON

2

**NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS OF THE PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON**

## EXHIBIT "A"

1. Any and all sales, supply, marketing and advertising documents from Grace Davidson for "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

2. Any and all documents submitted to the Agricultural Commission referencing "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

3. Any and all invoices, bills and or statements for the purchase, sale, distribution of "Dri-Die," "Drione," "Dri-Out," and Syloid 244 from 1990 to present.

4. Any and all animal studies, health risk assessments, toxicological data and\or studies mentioning, referencing or referring to "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

5. Any and all pesticide labels, MSDS and\or instruction materials referencing, mentioning "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

6. Any and all research development, toxicology data on "Dri-Die," "Drione," "Dri-Out," and Syloid 244.

1

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                             ) ss.
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

     On April 20, 2001, I served the foregoing document described as **NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS OF THE PERSON MOST KNOWLEDGEABLE FOR GRACE DAVIDSON** and **DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE** on all interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### *SEE ATTACHED SERVICE LIST*

     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     __xx__   **(By Mail)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

     ____   **(By Fax)** I caused such document to be faxed at Long Beach, California, from Fax No.(562) 495-0564 to Fax No. _ directed to fax numbers listed below . The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

     ____   **(By Personal Service)** I caused such envelope to be delivered by hand to the addressee(s). Gary S. Smolker, Esq., LAW OFFICE OF SMOLKER & GRAHAM, 4720 Lincoln Blvd., Ste. 280, Marina Del Rey, CA 90292

     __xx__   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     ____   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on **April 20, 2001**, at Long Beach, California.

M. Esther Juarez

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

**SERVICE LIST**
*TIG INSURANCE COMPANY vs. GARY SMOLKER, et al.*
*LASC, Central District, Case No. BC 173 952*

GARY S. SMOLKER
Gary S. Smolker, Esq.
Alice M. Graham, Esq.
LAW OFFICE OF SMOLKER & GRAHAM
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA 90292
(310) 574-9880
(310) 574-9883 (fax)

DENNIS A. BABBITS.COREGIS GROUP, INC.,
COREGIS INS. CO., DEAN & ASSOCIATES
and CALIFORNIA INSURANCE COMPANY
Jeffrey A. Charlston, Esq.
Robert D. Hoffman, Esq.
CHARLSTON, REVICH & WILLIAMS LLP
1840 Century Park East, 3rd Floor
Los Angeles, CA 90067-2104
(310) 551-7000
(310 203-9321 fax

TRUCK INSURANCE EXCHANGE/
UNDERWRITERS ASSOCIATION
FARMERS GROUP, INC., FARMERS
INSURANCE GROUP OF COMPANIES
Sara M. Thorpe, Esq.
GORDON & REES, LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
Telephone:    (415) 986-5900
Fax No. :      (415) 986-8054

JoLynn M. Pollard, Esq.
GORDON & REES, LLP
300 South Grand Avenue, 20th Floor
Los Angeles, CA 90071
Telephone:    (213) 576-5000
Fax No. :      (213) 680-4470

RELIANCE INSURANCE COMPANY
David L. Hughes, Esq.
Stacie L. Brandt, Esq.
BOOTH, MITCHELL & STRANGE, LLP
701 South Parker Street, Suite 6500
PO Box 11055
Orange, CA 92856-8155
Telephone : (714) 480-8500
Fax No. :    (714) 480-8533

TIG INSURANCE COMPANY
Larry M. Arnold, Esq.
Annabelle M. Harris, Esq.
J. Thomas Gilbert, Esq.
Laura N. MacPherson, Esq.
CUMMINS & WHITE
2424 S.E. Bristol St., Suite 300
Newport Beach, CA 92660-0757
(949) 852-1800

W.R. GRACE & CO.: GRACE DIVISION
ALBERT COSTELLO and JAMES R. HYDE
Bryan Porter, Esq.
Rosemarie S. Lewis, Esq.
BORTON, PETRINI & CONRON
707 Wilshire Blvd., Suite 5100
Los Angeles, CA 90017-3613
(213) 624-2869
(213) 489-3930 (fax)  .

FRONTIER PACIFIC INSURANCE CO.
Jeffrey Horowitz, Esq.
HOROWITZ, SOLOMON & PARKER
6404 Wilshire Blvd., #850
Los Angeles, CA 90048-5510
(213) 653-2518
(213) 653-0669 fax

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

## SERVICE LIST
### TIG INSURANCE COMPANY vs.  GARY SMOLKER, et al.
### LASC, Central District, Case No. BC 173 952

ATTORNEYS FOR DEFENDANT/CROSS-
COMPLAINANTS, JAMES HOLLAND and
JULIE HOLLAND

GIBBS, GIDEN, LOCHER & TURNER
2029 Century Park East, 34th Floor
Los Angeles, CA 90067-3039

Attention: Michael B. Geibel
Telephone: (310) 552-3400
Fax No. :   (310) 552-0805

ATTORNEYS FOR CAROL D. KAY,
TRUSTEE OF THE CAROL D. KAY 1989
TRUST

FONDA, HILBERMAN & FRASER, L.L.P.
1888 Century Park East, Suite 1777
Los Angeles, CA  90067

Attention: Cecille L. Hester, Esq.
Telephone:    (310) 553-3320
Fax No.:        (310) 553-4232

COUNSEL FOR PACIFIC VILLAS
HOMEOWNER'S ASSOCIATION

MURAWSKI & GREY
11755 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025

Attention: David M. Grey, Esq.
Telephone: (310) 477-5455
Fax No. : (310) 479-6469

ATTORNEYS FOR INTERINSURANCE
EXCHANGE OF AUTOMOBILE CLUB

LEWIS, D'AMATO BRISBOIS & BISGARD
LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012-2601

Attention: Richard B. Wolf, Esq.
Telephone: (213) 250-1800

1    Defendant hereby demands to be informed by Witness of the need of an interpreter and the

2    appropriate language/dialect of the same for the deposition itself within five (5) days prior to the

3    proceeding.

4    DATED: April 19, 2001

PRINDLE, DECKER & AMARO

By: _____
        GARY E. YARDUMIAN
        Attorneys for Cross-Defendant, HOME SAVING
        TERMITE CONTROL, INC., W.F. MORRIS an
        RIKK THOMPSON

2
NOTICE OF DEPOSITION OF WITNESS, GREG RANOCCHIA

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA        )
                            ) ss.
3 COUNTY OF LOS ANGELES      )

4

5   I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

6

7   On April 19, 2001, I served the foregoing document described as **NOTICE OF TAKING DEPOSITION OF WITNESS, GREG RANOCCHIA; DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE** on all interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

### *SEE ATTACHED SERVICE LIST*

10

11   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14   __xx__   **(By Mail)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

15   ____   **(By Fax)** I caused such document to be faxed at Long Beach, California, from Fax No.(562) 495-0564 to Fax No. _ directed to fax numbers listed below_. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I). I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

16

17

18   ____   **(By Personal Service)**   I caused such envelope to be delivered by hand to the addressee(s). Gary S. Smolker, Esq., LAW OFFICE OF SMOLKER & GRAHAM, 4720 Lincoln Blvd., Ste. 280, Marina Del Rey, CA  90292

19

20   __xx__   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21   ____   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23   Executed on **April 19, 2001,** at Long Beach, California.

24

25                                               M. Esther Juarez

26

27

28

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

*SERVICE LIST*
*TIG INSURANCE COMPANY vs. GARY SMOLKER, et al.*
*LASC, Central District, Case No. BC 173 952*

GARY S. SMOLKER
Gary S. Smolker, Esq.
Alice M. Graham, Esq.
LAW OFFICE OF SMOLKER & GRAHAM
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA  90292
(310) 574-9880
(310) 574-9883 (fax)

DENNIS A. BABBITS.COREGIS GROUP, INC.,
COREGIS INS. CO., DEAN & ASSOCIATES
and CALIFORNIA INSURANCE COMPANY
Jeffrey A. Charlston, Esq.
Robert D. Hoffman, Esq.
CHARLSTON, REVICH & WILLIAMS LLP
1840 Century Park East, 3rd Floor
Los Angeles. CA 90067-2104
(310) 551-7000
(310 203-9321 fax

TRUCK INSURANCE EXCHANGE/
UNDERWRITERS ASSOCIATION
FARMERS GROUP, INC., FARMERS
INSURANCE GROUP OF COMPANIES
Sara M. Thorpe, Esq.
GORDON & REES, LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco. CA  94111
Telephone:    (415) 986-5900
Fax No. :     (415) 986-8054

JoLynn M. Pollard, Esq.
GORDON & REES, LLP
300 South Grand Avenue, 20th Floor
Los Angeles, CA 90071
Telephone:    (213) 576-5000
Fax No. :     (213) 680-4470

RELIANCE INSURANCE COMPANY
David L. Hughes, Esq.
Stacie L. Brandt, Esq.
BOOTH, MITCHELL & STRANGE. LLP
701 South Parker Street, Suite 6500
PO Box 11055
Orange, CA 92856-8155
Telephone :  (714) 480-8500
Fax No. :    (714) 480-8533

TIG INSURANCE COMPANY
Larry M. Arnold, Esq.
Annabelle M. Harris, Esq.
J. Thomas Gilbert, Esq.
Laura N. MacPherson, Esq.
CUMMINS & WHITE
2424 S.E. Bristol St., Suite 300
Newport Beach, CA  92660-0757
(949) 852-1800

W.R. GRACE & CO.; GRACE DIVISIC
ALBERT COSTELLO and JAMES R. HYD
Bryan Porter, Esq.
Rosemarie S. Lewis, Esq.
BORTON, PETRINI & CONRON
707 Wilshire Blvd., Suite 5100
Los Angeles, CA 90017-3613
(213) 624-2869
(213) 489-3930 (fax)

FRONTIER PACIFIC INSURANCE CO.
Jeffrey Horowitz, Esq.
HOROWITZ, SOLOMON & PARKER
6404 Wilshire Blvd., #850
Los Angeles, CA 90048-5510
(213) 653-2518
(213) 653-0669 fax

LAW OFFICES OF
PRINDLE, DECKER & AMARO LLP

*SERVICE LIST*
*TIG INSURANCE COMPANY vs. GARY SMOLKER, et al.*
*LASC, Central District, Case No. BC 173 952*

ATTORNEYS FOR DEFENDANT/CROSS-COMPLAINANTS. JAMES HOLLAND and JULIE HOLLAND

GIBBS, GIDEN, LOCHER & TURNER
2029 Century Park East, 34th Floor
Los Angeles, CA 90067-3039

Attention: Michael B. Geibel
Telephone: (310) 552-3400
Fax No. :   (310) 552-0805

ATTORNEYS FOR CAROL D. KAY, TRUSTEE OF THE CAROL D. KAY 1989 TRUST

FONDA, HILBERMAN & FRASER, L.L.P.
1888 Century Park East, Suite 1777
Los Angeles, CA 90067

Attention: Cecille L. Hester, Esq.
Telephone:   (310) 553-3320
Fax No.:      (310) 553-4232

COUNSEL FOR PACIFIC VILLAS HOMEOWNER'S ASSOCIATION

MURAWSKI & GREY
11755 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025

Attention: David M. Grey, Esq.
Telephone: (310) 477-5455
Fax No. : (310) 479-6469

ATTORNEYS FOR INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB

LEWIS, D'AMATO BRISBOIS & BISGARD LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012-2601

Attention: Richard B. Wolf, Esq.
Telephone: (213) 250-1800

## CERTIFICATE OF SERVICE

I, SHERRY RUGGIERO FALLON, certify that I am not less than 18 years of age; that service of this notice and a copy of the motion was made May 1, 2001 in accordance with BR 7004 on:

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl et al.
919 N. Market St., Suite 1600
Post Office Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, et al.
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
P.O. Box 25130
Wilmington, DE 19899

Frank J. Perch, Esquire
Office of United State Trustee
601 Walnut St., Room 950 West
Philadelphia, PA 19106

Scott L. Baena, Esquire
Member
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131

David B. Siegel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Robert N. Ridenour, Esquire
Borton, Petrini & Conron
707 Wilshire Blvd., 51st Floor
Los Angeles, CA 90017-3613

James H. M. Spraygeren, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

TYBOUT, REDFEARN & PELL

SHERRY RUGGIERO FALLON (#2464)
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901