IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JJF) |
| ) | |
| **Debtors.** ) | **Jointly Administered** |

**STIPULATION AND ORDER BETWEEN THE DEBTORS
AND THE CHASE MANHATTAN BANK RESOLVING
THE MOTION TO RECONSIDER THE ORDER GRANTING
DEBTORS AUTHORITY FOR THE PROVISIONAL PAYMENT
OF PREPETITION CLAIMS OF DOMESTIC ESSENTIAL
TRADE CREDITORS AND TO PAY OR HONOR PREPETITION
<u>OBLIGATIONS TO FOREIGN VENDORS</u>**

WHEREAS, on April 2, 2001 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code and are continuing in the management of their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

WHEREAS, on the Petition Date, the Debtors filed a Motion For Authority to Provisionally Pay in the Ordinary Course of Business Prepetition Claims of Domestic Essential Trade Creditors and Pay or Honor Prepetition Obligations to Foreign Vendors (the "Motion"); and

WHEREAS, the Motion requested authority from this Court for the Debtors to pay, under §105 of the Bankruptcy Code, Trade Claims[2] up to a Trade Claims Cap in the aggregate amount of $4,500,000; and

WHEREAS, on the Petition Date, this Court entered an "Order Granting Debtors Authority for the Provisional Payment of Prepetition Claims of Domestic Essential Trade Creditors and to Pay or Honor Prepetition Obligations to Foreign Vendors" (the "Vendor Order"); and

WHEREAS, pursuant to the Vendor Order the Debtors were authorized, but not directed, in the reasonable exercise of their business judgment, to pay the prepetition Trade Claims of Trade Creditors upon such terms and in the manner provided in the Vendor Order; and

WHEREAS, notwithstanding the relief requested in the Motion requesting authority to pay up to the Trade Claims Cap, the Court determined it appropriate that the Debtors pay all Trade Creditors; and

WHEREAS, the Vendor Order provided in the third decretal paragraph that "the Debtors payment of Trade Claims owed to Trade Creditors, shall not exceed, in the aggregate, $34,300,000 unless otherwise ordered by the Court ("the Third Decretal Paragraph"); and

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

SSL-DOCS1 1108260v2
05/02/01 02:45pm

WHEREAS, in the days following entry of the Vendor Order, the Debtors paid $5,623,729 in satisfaction of unpaid prepetition amounts on behalf of Trade Claims (the "Previous Payments"); and

WHEREAS, on April 12, 2001, The Chase Manhattan Bank ("Chase"), in its capacity as agent for a syndicate of prepetition lenders to the Debtors, filed a Motion for Reconsideration and Alteration or Amendment of the First Day Order (the "Chase Motion"), which requested that this Court enter an order vacating, altering, and amending the Vendor Order; and

WHEREAS, the parties, through their counsel, have engaged in discussions to resolve this issue and have reached a proposed solution regarding the Debtors' payments to Critical Vendors; and

WHEREAS the Official Committee of Unsecured Creditors (the "Committee") fully supports this proposal.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Chase and the Debtors, by and through their respective counsel, as follows:

1. The Third Decretal Paragraph of the Vendor Order is hereby deleted and all other provisions of the Vendor Order shall remain in full force and effect.

2. The Debtors payment of Trade Claims owed to Essential Trade Creditors (including the natural gas vendors) pursuant to the terms and conditions of the Vendor Order shall not exceed, in the aggregate, the sum of the Previous Payments plus (i) $4,938,669 and (ii) pre-petition deposits returned to the Debtors in excess of amounts setoff pursuant to ordered paragraph 3 hereof.

3.     The automatic stay is hereby lifted solely to permit the Debtors to authorize holders of Trade Claims (including the natural gas vendors) to setoff up to an aggregate amount of $8,006,046 of pre-petition deposits against pre-petition Trade Claims in accordance with Section 553 of the Bankruptcy Code.

4.     This Stipulation and Order is without prejudice to, and without waiver of, any and all rights to recover prepetition payments as preferential transfers.

5.     Upon this Stipulation and Order becoming a final, non-appealable order, the Chase Motion will be deemed withdrawn with prejudice.

6.     This Stipulation shall be binding upon and inure to the benefit of the representatives, successors and assigns of the parties hereto.

7. The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: May 3, 2001
Wilmington, Delaware

                    Stephen H. Case
                    Nancy L. Lazar
                    David D. Tawil
                    Davis Polk & Wardwell
                    450 Lexington Avenue
                    New York, New York  10017
                    Telephone: (212) 450-4000
                    Telecopier: (212) 450-4800

                          - and -

                    _____
                    Mark D. Collins (#2981)
                    Richards, Layton & Finger
                    One Rodney Square
                    P.O. Box 551
                    Wilmington, Delaware  19899
                    Telephone:  (302) 658-6541
                    Telecopier:  (302) 658-6548

                    Co-Counsel for Chase Manhattan Bank

                    _____
                    James H.M. Sprayregen
                    James W. Kapp III. Esq.
                    Kirkland & Ellis
                    200 East Randolph Drive
                    Chicago, IL 60601

                    Counsel to the Debtors

SO ORDERED: May 3, 2001

_____
Honorable Joseph J. Farnan, Jr.

SSL-DOCS1 1108260v2
05/02/01 02:45pm