IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### ORDER PURSUANT TO 11 U.S.C. §§ 1107(a) AND 1108 AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS <u>UTILIZED IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS</u>

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order for authority to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses; and it appearing that the relief requested is essential to the continued operation of the Debtors' businesses and in the best interest of the Debtors' estates and creditors; and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that this

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning given in the Application.

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized but not required to employ, and to pay reasonable fees and expenses of, the Ordinary Course Professionals to assist and advise the Debtors in the operation of their businesses and to defend the Debtors in matters arising in the ordinary course of the Debtors' businesses as described in the Application; and it is further

ORDERED that the Debtors are authorized but not required to pay each Ordinary Course Professional for services rendered up to $50,000 per month and up to $300,000 during the pendency of the Chapter 11 Cases. The Debtors cannot pay more than such amounts for services rendered without an order of this Court authorizing such higher amount; and it is further

ORDERED that the Debtors will review statements of the Ordinary Course Professionals and determine their reasonableness in accordance with their customary prepetition practices; and it is further

ORDERED that, commencing on July 10, 2001, and on each October 10, January 10, April 10 and July 10 of every year thereafter in which the Chapter 11 Cases are pending, the Debtors shall file with the Court and serve on the United States Trustee and counsel to any official

committee(s) appointed by the United States Trustee a statement with respect to the immediately preceding three-month period (each, a "Quarter"). Such statement shall include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional, (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the previous Quarter, and (c) a general description of the services rendered by each Ordinary Course Professional; and it is further

ORDERED that parties-in-interest, including any official committee(s) appointed by the United States Trustee, shall have forty-five (45) days following the filing of such quarterly accounting to file objections to payments to a particular Ordinary Course Professional reflected in such schedule; and it is further

ORDERED that in the event an objection to the amounts paid to an Ordinary Course Professional is filed, the Court shall determine the reasonableness and necessity of such fees and expenses; and it is further

ORDERED that each Ordinary Course Professional shall file an affidavit of disinterestedness with the Court and serve copies thereof on the Debtors, the Office of the United States Trustee, counsel to any official committee(s) appointed by the United States Trustee and those

parties requesting notice pursuant to Fed. R. Bankr. P. 2002(g) prior to or contemporaneous with the submission to the Debtors of invoices accompanying a request for compensation; and it is further

ORDERED that Debtors shall not make any payment to any Ordinary Course Professional who has failed to file such affidavit of disinterestedness; and it is further

ORDERED that the Debtors, in their sole discretion, have the right to amend Exhibit A of the Application to add or remove Ordinary Course Professionals; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 3, 2001.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge