IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an administrative order establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members; and it appearing that the relief requested is in the best interests of the Debtors' estates,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

their creditors and other parties in interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and cause appearing therefor; and the Court having determined that the legal and factual bases set forth in the Motion have established just cause for the relief requested herein; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in orders of the court authorizing the retention of specific professionals, all Professionals in the Chapter 11 Cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

    a.    On or about the 28th day of each month (the "Fee Filing Date") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation shall file with the Court a monthly application (each a "Fee Application") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period and serve the Fee Application upon:

        (1)    the Debtors, 7500 Grace Drive, Columbia, MD 21044, Attn: David B. Siegel, Senior Vice President and General Counsel;

        (2)    co-counsel for the Debtors: (A) Kirkland & Ellis, 200 East Randolph Drive, Chicago, IL 60601, Attn: James H.M. Sprayregen, Esq., and James W. Kapp III, Esq., and (B) Pachulski, Stang, Ziehl & Jones, P.C., 919 North Market Street, 16th Floor, P.O. Box 8705, Wilmington DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq.;

    (3)  counsel to the proposed debtor-in-possession lender;

    (4)  Counsel to any Committee (when and if appointed by the United States Trustee); and

    (5)  the Office of the United States Trustee, 601 Walnut Street, Room 950W, Philadelphia, PA 19106 (collectively, the "Notice Parties").

 b. All Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable Third Circuit law and the Delaware Local Bankruptcy Rules.

 c. Each Notice Party will have twenty (20) days after service of a Fee Application to review the Fee Application and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, if no objections have been filed, the Debtors are authorized and required to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of:

    (1)  eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Fee Application (the "Maximum Interim Payment") or

    (2)  eighty percent (80%) of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (d) below.

 d. If any Notice Party objects to the Fee Application of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection, setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within 20 days after the service of the Objection, the Affected Professional may either:

    (1)  file the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or

      (2)      forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

e.    Beginning with the period ending on June 30, 2001, and at three-month intervals or at such other intervals that may be convenient to the Court (each, an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties within 30 days of the end of such Interim Fee Period a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Fee Applications filed during such Interim Fee Period. The Interim Fee Application Request must include a summary of the Fee Applications that are the subject of the request plus any other information requested by the Court or required by the local rules. Any Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Professional submits a further Interim Fee Application Request.

f.    The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Application Requests at least once every six months. The Debtors, however, may request a hearing be held every three months or at such other intervals as the Court deems appropriate.

g.    The pendency of an Objection to a Fee Application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures; and it is further

ORDERED that neither (1) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (2) the filing of or the failure to file an Objection will bind any party in interest or bind the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals; and it is further

ORDERED that all fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court; and it is further

ORDERED that each member of any Committee (when and if appointed) be permitted to submit statements of expenses (including individual Committee Member's counsel expenses but excluding such counsel's fees) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Members' requests for reimbursement in accordance with the Compensation Procedures; and it is further

ORDERED that notice of the Applications shall be sent only to the Notice Parties; and it is further

ORDERED that any Hearing Notices shall be sent to: (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases; and it is further

ORDERED that the Debtors shall include in their monthly operating reports all payments to Professionals in accordance with the Compensation Procedures detailed so as to state the amount paid to each of the Professionals; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: _May 3_, 2001.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge