IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**ORDER (A) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (B) ESTABLISHING PROCEDURE FOR DETERMINING ADEQUATE ASSURANCES PURSUANT TO 11 U.S.C. § 366**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession seeking entry of an order, pursuant to section 366 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), (A) deeming utilities adequately assured of future performance and (B) establishing procedure for determining adequate assurances; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

§§ 157 and 1334; and sufficient notice of this Motion having been given; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors shall pay on a timely basis all undisputed invoices with respect to postpetition utility services rendered by the various utility companies set forth in Exhibit A to the Motion (the "Utility Companies"); and it is further

ORDERED that absent any further order of this Court, each of the Utility Companies is forbidden to discontinue, alter or refuse service on account of unpaid prepetition charges, or discriminate against the Debtors, or require payment of a deposit or receipt of other security in connection with any unpaid prepetition charges for utility services furnished to the Debtors; and it is further

ORDERED that under section 503(b)(1)(A) of the Bankruptcy Code, any unpaid utility charges that accrue postpetition constitute actual and necessary expenses of preserving the Debtors' estates, entitling the Utility Companies to administrative expense priority under section 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED that for any Utility Company that may have inadvertently been omitted from Exhibit A, the Debtors reserve the right to subsequently amend and/or supplement Exhibit A,

and shall promptly provide notice of this Order upon learning of such Utility Company; and it is further

ORDERED that this Order is without prejudice to the rights of any of the Utility Companies to request, within thirty days of the date of the Motion, additional assurances of payment in the form of deposits or other security (the "Additional Assurances Request"); and it is further

ORDERED that any Additional Assurances Request shall be served on counsel to each committee appointed by the United States Trustee (when and if such committee is appointed) by the Utility Company making such Additional Assurances Request; and it is further

ORDERED that if a Utility Company makes a timely Additional Assurances Request that the Debtors believe is reasonable, the Debtors shall be entitled to comply with such Additional Assurances Request without further order of the Court after (i) giving notice to counsel to the official committee of unsecured creditors (the "Creditors' Committee") of the intent of the Debtors to comply with any such Additional Assurances Request and (ii) allowing two business days after such notice has been given to permit counsel to the Creditors' Committee to object to the Debtors' compliance with such Additional Assurances Request; and it is further

ORDERED that if a Utility Company makes a timely Additional Assurances Request to which the Debtors do not consent, the Debtors shall schedule a prompt hearing with respect to a

determination of adequate assurance as to payment to such Utility Company (the "Determination Hearing"); and it is further

ORDERED that each Utility Company for which a Determination Hearing is scheduled, as described in the immediately preceding paragraph, shall be deemed to have adequate assurance of payment until a further order of this Court is entered in connection with such Determination Hearing, or otherwise, with respect to the Additional Assurances Request made by a Utility Company; and it is further

ORDERED that, in the event of a default by the Debtors with respect to postpetition amounts owed to the Metropolitan Water Reclamation District of Greater Chicago ("MWRDGC"), MWRDGC may terminate service to the Debtors without further order of the Bankruptcy Court upon the occurrence of the following events: (i) service on the Debtors and counsel to each committee appointed by the United States Trustee (when and if such committees are appointed) of notice of such default and (ii) the failure of the Debtors to cure such default within 15 days following service of such notice; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: __May 3__, 2001.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge