**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections deadline: May 21, 2001** |
| | ) | **Hearing date: Negative Notice** |
| | ) | |
| | ) | |

## NOTICE OF APPLICATION

TO:   Counsel to the Debtors            Counsel to the Debtors' Post-Petition Lenders

Office of the United States Trustee    All parties requesting notice under Bankruptcy Rule 2002

Counsel to the Official Committee of    The Official Committee Of Asbestos Property
Unsecured Creditors                     Damage Claimants

PLEASE TAKE NOTICE that, on May 4, 2001, the Official Committee of Asbestos Personal Injury Claimants (the "P. I. Committee") filed the attached **Application Of The Asbestos Personal injury Claimants Committee Of W.R. Grace & Co. For An Order Approving An Authorizing The Employment And Retention Of Legal Analysis Systems, Inc., As Asbestos-Related Bodily Injury Consultant** (the "Application"). The Application seeks the entry of an Order authorizing the retention of Legal Analysis Systems, Inc.,("LAS").

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Application must be in writing, in conformity with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and filed with the United States Bankruptcy Court, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801, on or before **May 21, 2001.**

PLEASE TAKE FURTHER NOTICE that responses, if any, must also be served so as to be **received no later than 4:00 p.m. on May 21, 2001** by the following: (a) the undersigned counsel for the P.I. Committee; (b) counsel for the Debtors (i) James H.M. Sprayregen, Esq., Kirkland & Ellis, 200 East Randolph Drive, Chicago, IL 60601 and (ii) Laura Davis Jones, Esq., Pachulski, Stang Ziehl, Young & Jones, 919 North Market Street, 16th Floor, Wilmington, DE 19899-8705s, Esq.; and (c) Office of the United States Trustee, 601 Walnut Street, Suite 950 West, Philadelphia, PA 19106, Attn: Frank Perch, Esq.

PLEASE TAKE NOTICE THAT ONLY IF OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE AFOREMENTIONED PROCEDURE, OR THE

COURT OTHERWISE REQUESTS, WILL A HEARING TO CONSIDER THE APPLICATION BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 KING STREET, COURTROOM #6A, WILMINGTON, DELAWARE 19801 **ON A DATE TO BE DETERMINED**.

    IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

ASHBY & GEDDES

*/s/ M.G.Z.*

William P. Bowden (I.D. # 2553)
Matthew G. Zaleski, III (I.D. # 3557)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Proposed Counsel to the Official
Committee of Asbestos Personal
Injury Claimants

Dated: May 4, 2001
94609.1

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------x
In re:                                 :    Chapter 11
                                       :
W.R. Grace & Co., et al.               :
                                       :    Case No. 01-01139 (JJF)                    :
                                       :
           Debtors.                    :    (Jointly Administered)
                                       :
                                       :
---------------------------------------x

**APPLICATION OF THE ASBESTOS PERSONAL INJURY CLAIMANTS
COMMITTEE OF W.R. GRACE & CO. FOR AN ORDER APPROVING AND
AUTHORIZING THE EMPLOYMENT AND RETENTION OF LEGAL ANALYSIS
<u>SYSTEMS, INC., AS ASBESTOS-RELATED BODILY INJURY CONSULTANT</u>**

The Asbestos Personal Injury Claimants Committee (the "Committee") by its undersigned counsel, hereby submits this application ("Application") for entry of an order authorizing the Committee to employ Legal Analysis Systems, Inc. ("LAS") as asbestos-related bodily injury consultant to the Committee pursuant to §§327 and 328 of Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"). In support of this Application, the Committee respectfully alleges as follows:

<u>Jurisdiction</u>

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought are §§ 327(a) and 328 of the Bankruptcy Code.

Background

3. On April 2, 2001, ("Petition Date"), the Debtors filed with this Court their voluntary petitions ("Petitions") for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

4. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as Debtors in possession. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases.

5. In accordance the provisions of Section 1102(b) of the Bankruptcy Code, on April 12, 2001 the United States Trustee for the District of Delaware appointed the Committee, which is now composed of 11 members.

Relief Requested

6. By this Application, the Committee seeks to employ and retain LAS as their asbestos-related bodily injury consultant in this Chapter 11 case.

Asbestos-Related Bodily Injury Consultant's Disinterestedness

7. To the best of the Committee's knowledge, and as disclosed in the affidavit of Mark A. Peterson, attached hereto as Exhibit "A" ("Peterson Affidavit"), (a) LAS is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code and as required by § 327(a) and referenced by § 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtor and its estate for the matters for which LAS is to be employed and (b) LAS has no connection to the Debtor, its creditors or its related parties herein, except as disclosed in the Peterson Affidavit.

8. LAS will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, LAS will supplement its disclosure to the Court.

Scope of Service

9. LAS provides expert services regarding the identification and treatment of asbestos bodily injury claimants. The services that LAS will perform for the Committee include, but are not limited to, the following:

- a. Estimation of the number and value of present and future asbestos personal injury claims;

- b. Development of claims procedures to be used in the development of financial models of payments and assets of a claims resolution trust;

- c. Analyzing and responding to issues relating to the setting of a bar date regarding the filing of personal injury claims;

- d. Analyzing and responding to issues relating to providing notice to personal injury claimants and assisting in the development of such notice procedures.

10. The Committee has selected LAS based upon its extensive experience and knowledge with respect to analyzing and solving complex problems associated with asbestos-related bodily injury matters. Mark A. Peterson's experience includes extensive analytical support in estimating the number and time of potential asbestos-related bodily injury claims by disease, development of alternative methods of providing compensation for asbestos-related diseases, estimation of the costs of such compensation and consulting with asbestos trusts on claims, procedures and estimations. Attached to and made a part of Exhibit "A" is a resume of Mark A. Peterson that, among other things, lists the asbestos bankruptcy cases in which he has been employed.

11. The Committee believes that the services of LAS are both necessary and appropriate and will assist the Committee in the negotiation, formulation, development, and implementation of the plan of reorganization.

12. LAS will be compensated on an hourly basis to be paid by the Debtor. The current

hourly rates to be paid are:

| Mark A. Peterson | $425.00 |
| --- | --- |
| Daniel Relles (Statistician) | $290.00 |
| Patricia Ebener (Data Collection Expert) | $200.00 |

13. The compensation arrangement and schedule of fees provided to LAS is consistent with and typical of the arrangements entered into by LAS and other asbestos bodily injury consultants regarding the providing of similar services for clients such as the Debtor.

### Notice

14. Notice of this Application has been given to those parties as listed on the current Service List.

### No Prior Application

15. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain Legal Analysis Services as its asbestos bodily injury consultants pursuant to the terms stated herein, and grant such further relief as is just and proper.

Dated: May __, 2001

Respectfully submitted,

ASBESTOS PERSONAL
INJURY CLAIMANTS
COMMITTEE

*John Russell*

Member of the Committee

by: *[signature]*
Attorney-in-fact

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------x
In re:                              :    **Chapter 11**
                                    :
**W.R. Grace & Co., et al.**        :
                                    :    **Case No. 01-01139 (JJF)**
                                    :
              Debtors.              :    (Jointly Administered)
                                    :
                                    :
------------------------------------------x

### AFFIDAVIT OF MARK A. PETERSON IN SUPPORT OF APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN LEGAL ANALYSIS SYSTEMS AS ASBESTOS-RELATED BODILY INJURY CONSULTANT TO THE ASBESTOS PERSONAL INJURY COMMITTEE

STATE OF CALIFORNIA    )
                       )  ss:
COUNTY OF LOS ANGELES  )

**MARK A. PETERSON**, having been duly sworn, deposes and says:

1. I am the principal of Legal Analysis Systems ("LAS"), a firm providing expert and consultant services in complex litigation that maintains offices at 970 Calle Arroyo, Thousand Oaks, California 91360, (805) 499-3572. I submit this affidavit in support of the application ("Application") of the Asbestos Personal Injury Committee ("Committee") in the above-captioned Chapter 11 proceeding for an order authorizing the Committee to retain LAS as its asbestos-related bodily injury consultant.

2. LAS is noted for its expertise and experience in providing expert consultation and advice regarding the identification and treatment of asbestos bodily injury claimants, providing such services as the collection and analysis of information regarding asbestos-related bodily injury claimants, analysis of issues relating to bar dates and notice, development of notice

2

procedures, and other services. As indicated in my resume, which is attached to the Application as part of Exhibit A, included among the proceedings in which I have served as an expert or consultant to an asbestos-related bodily injury creditors' committee are The Babcock & Wilcox Company, Owens Corning, Pittsburgh Corning, Dow Corning, Raytech, Fuller-Austin, H.K. Porter Company, Inc. and six additional Chapter 11 restructurings. In addition, I have provided consultant services to the Manville Personal Injury, Eagle-Picher, Celotex and H.K. Porter Asbestos Trusts and other claims resolution settlement trusts.

### Services to be Rendered and Compensation

3. As set forth in the Application, the services that LAS will perform for the Committee include but are not limited to the following:

 3.a. Estimation of the number and value of present and future asbestos personal injury claims;

 3.b. Development of claims procedures to be used in the development of financial models of payments and assets of a claims resolution trust;

 3.c. Analyzing and responding to issues relating to the setting of a bar date regarding the filing of personal injury claims; and

 3.d. Analyzing and responding to issues relating to providing notice to personal injury claimants and assisting in the development of such notice procedures.

4. Subject to Court approval and in accordance with § 330(a) of the Bankruptcy Code, compensation will be paid to LAS as stated in the Application, on an hourly basis to be paid by the Debtor, as follows:

| Mark A. Peterson | $425.00 |
| Daniel Relles (Statistician) | $290.00 |
| Patricia Ebener (Data Collection Expert) | $200.00 |

3

## Connection With Creditors and Other Parties in Interest

5. To the best of my knowledge and belief after due inquiry, neither LAS nor I have any relationship with any such entity which would be adverse to the Committee or the creditors. Further, neither I nor any other employee of LAS is a creditor, former employee, equity security holder, or an insider (as such term is defined in § 101(31) of the Bankruptcy Code) of the Debtor, or has an interest adverse to that of the Debtor's estate or of any class of creditors or equity security holders.

6. Accordingly, I believe that LAS is a "disinterested party" as such term is defined in §101(14) of the Bankruptcy Code and as required by § 327(a) and referenced by § 328(c) of the Bankruptcy Code.

7. No promises have been received by LAS as to compensation in connection with these cases other than in accordance with the Bankruptcy Code. LAS has no agreement with any other entity to share with such entity any compensation to be received by LAS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Mark A. Peterson

SWORN TO and subscribed before me this 3RD day of MAY, 2001.

_____
Notary Public

ROSEMARY AFARA
Commission # 1204947
Notary Public - California
Ventura County

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------x
In re:                                  :   Chapter 11
                                        :
W.R. Grace & Co., et al.                :
                                        :   Case No. 01-01139 (JJF)
                                        :
            Debtors.                    :   (Jointly Administered)
                                        :
                                        :
---------------------------------------x

ORDER OF COURT PURSUANT TO 11 U.S.C. § 327(a) AND
Fed.R.Bankr.P. 2014(a), 2016 and 5002, AUTHORIZING THE EMPLOYMENT
AND RETENTION OF LEGAL ANALYSIS SYSTEMS, INC., AS
ASBESTOS-RELATED BODILY INJURY CONSULTANT
TO THE ASBESTOS PERSONAL INJURY COMMITTEE,

AND NOW this __13__ day of __June__, upon consideration of the application ("Application") of the Asbestos Personal Injury Committee ("Committee") in the above-captioned Chapter 11 case ("Debtor"), for entry of an order authorizing the Committee to employ and retain Legal Analysis Systems, Inc. ("LAS") as asbestos-related bodily injury consultant to the Committee and upon the Affidavit of Mark A. Peterson ("Peterson Affidavit"), and the Court being satisfied, based on the representations made in the Application and Peterson Affidavit that LAS represents no interest adverse to the Debtor's estate with respect to the matters upon which LAS is to be engaged, that LAS is a "disinterested person" as that term is defined under § 104(14) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), and that the employment of LAS is necessary and would be in the best interest of the Debtor, their creditors and the Debtor's estate, and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Application is granted; and it is further

ORDERED that the Committee is authorized to employ and retain LAS as its asbestos-related bodily injury consultant; and it is further

ORDERED that LAS shall be compensated in accordance with the terms stated herein, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and orders of this Court.

United States District Court Judge

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2001, I caused one copy of the foregoing to be served upon the persons below in the manner indicated.

_____
Matthew G. Zaleski, III

74510.1