# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: May 21, 2001 at 4:00 p.m.** |
| | ) | **Hearing Date:  TBD if necessary** |

### NOTICE OF APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP AS SPECIAL COUNSEL TO THE DEBTORS

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On May 4, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the *Application of the Debtors for the Entry of an Order*

*Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special*

*Counsel to the Debtors* (the "Application") with the United States Bankruptcy Court for the

District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Court"), seeking the retention of Pitney, Hardin, Kipp & Szuch LLP as their special counsel. A true and correct copy of the Application is attached hereto as Exhibit A.

Objections and other responses to the relief requested in the Application, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on May 21, 2001.

Objections or other responses to the Application, if any, must also be served so that they are received not later than May 21, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby & Geddes, 222 Delaware Avenue, P.O. Box 1150, Wilmington, Delaware 19899 (fax number 302-654-2067); and (v) counsel to

the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock &

Lavan, 180 Maiden Lane, New York, New York  10038-4982 (fax number 212-806-6006), and

Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite

1200, Wilmington, Delaware  19801-1246 (fax number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR

HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE APPLICATION

WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES

DISTRICT JUDGE, AT THE COURT'S EARLIEST CONVENIENCE.

Dated: May 4, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_David W Carickhoff, Jr._

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## APPLICATION OF THE DEBTORS FOR THE
## ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP
## AS SPECIAL COUNSEL TO THE DEBTORS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Pitney, Hardin, Kipp & Szuch LLP ("PHKS") as special counsel for the Debtors,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

nunc pro tunc to the petition date of the above-captioned proceedings (the "Petition Date"), and in support thereof respectfully represent as follows:

### Jurisdiction

1.    This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

### Relief Requested

2.    The Debtors respectfully request the entry of an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code authorizing them to employ and retain PHKS as special counsel with respect to three (3) matters enumerated below in which PHKS, the Debtors' longtime legal counsel on numerous matters, has represented the Debtors pre-petition.[2]

### Basis for Relief Requested

3.    The Debtors have selected PHKS as special counsel to continue representing them in connection with certain matters, which will be described more fully below, in which PHKS has represented the Debtors over an extended period of time and with which PHKS is intimately familiar.    Because of PHKS's long-standing involvement with and knowledge of the subject matters, and the costs that would be involved in educating other counsel as to these matters, the Debtors believe it would be in the best interest of the Debtors, their bankruptcy estates, and all of the Debtors' creditors for PHKS to be retained as special counsel for the specified special purposes set forth in this Application.

---

[2] In addition to representing the Debtors as special counsel relative to the three (3) matters delineated in this Application, PHKS will continue to represent the Debtors in various, smaller matters as an ordinary course professional in accordance with prior applications of the Debtors and orders of the Court.

4.      Further, PHKS has an outstanding reputation and extensive experience and expertise in the various areas of practice as to which PHKS's continued representation is sought. As such, the Debtors submit that PHKS is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward basis, and PHKS's retention as special counsel is in the best interest of the Debtors and their estates.

## Scope of Proposed Retention

5.      The Debtors currently seek to retain PHKS, subject to the oversight and orders of this Court, to represent the Debtors with respect to the following matters:

a.      In re Intercat, Inc.   This matter involves a Chapter 11 filing by Intercat, Inc. ("Intercat") in the United States Bankrutpcy Court for the Southern District of Georgia, Savannah Division [Case No. 99-42796]. W. R. Grace & Co.-Conn. ("Grace") holds a judgment against Intercat in the amount of approximately $23,000,000. Grace is Intercat's largest unsecured creditor and is one of three members of the creditors' committee in the case. Grace, by and through PHKS, has been actively involved in Intercat's bankruptcy case since the petition date, which was October 6, 1999. For example, Grace actively participated in a lengthy hearing early in the case to appoint a Chapter 11 trustee, which was granted.[3] Currently, PHKS, on Grace's behalf, is reviewing Intercat's informal proposal for a plan of reorganization and the trustee's anticipated plan of orderly liquidation, including an asset sale. In addition, PHKS has been appointed as special counsel to the trustee to prosecute an avoidance action, which matter is pending.[4];

b.      Maryland Cas. v. W. R. Grace & Co., et al., 88 Civ. 4337 (JSM) (S.D.N.Y.).  In June 1988, Maryland Casualty Company, one of Grace's primary Comprehensive General Liability ("CGL") carriers, filed a complaint in the Federal District Court for the Southern District of New York seeking declaratory judgment against Grace that it did not owe Grace coverage for environmental claims arising from five sites.  Grace answered that complaint,

---

[3] The Bankruptcy Court left Intercat in "partial possession" of its business affairs.  Accordingly, Grace has been involved with both the trustee and the debtor in "partial possession".

[4] Intercat's estate is responsible for the payment of PHKS's legal fees and out of pocket costs in connection with the adversary proceeding; however, to the extent any fees or costs are disallowed by the court, Grace has agreed to pay such fees and costs.

added claims in connection with fourteen additional sites, and cross claimed against all of its CGL primary and first level excess carriers that issued policies to Grace from 1962 to June 30, 1984. Each carrier answered Grace's cross claim and added more sites/claims to the litigation, totaling approximately 220.

In June 1992, the Court held that New York law will apply to all contract interpretation issues. Thereafter, Grace and the carriers filed motions and briefs seeking black letter law rulings on, among other things: whether New York law permitted coverage for "gradual pollution" claims, the carriers' duty to defend; whether certain notices by governmental agencies constitute "claims" triggering the carriers' duty to defend; and the application of the "sudden and accidental" pollution exclusion clause in certain policies. On April 28, 1994, the Court granted the insurers' motion finding that, pursuant to Section 46 of the New York Insurance Law (repealed in 1981), Grace's "gradual pollution" claims are not covered under the policies sold by Continental Casualty Company ("CNA") (Grace's primary CGL insurer from 1973 through 1984); that under the CNA policies at issue, CNA is not obligated to provide a defense by application of deductibles and retrospective premium arrangements; and, on a case-by-case basis, that certain governmental notices do not rise to the level of "claims" triggering coverage.

Following settlements with carriers, except CNA, Grace entered into a Stipulation Of Voluntary Dismissal With Prejudice with CNA to dismiss the only active claims in the litigation, the approximately eight claims arising from "sudden and accidental" discharges. Grace sought this voluntary dismissal to permit an appeal of the Court's prior rulings that resolved claims against Grace arising from "gradual pollution," and the Court's rulings regarding choice of law and interpretation of the 1990 settlement agreement between Grace and CNA. PHKS, on Grace's behalf, is filing such an appeal.

c.   Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al., United States District Court for the District of New Jersey, Civil Action No. 98 cv2293 (JAP).   In 1998, Gloucester New Communities Company, Inc., a wholly-owned subsidiary of Grace ("GNCC") and one of the Debtors in these chapter 11 cases, sued the Del Monte Corporation, two Southern New Jersey municipalities, and a corporation hired by them to operate a former sanitary landfill during the late 1950's through 1975 that was located on real property, now owned by GNCC, in Woolwich Township, New Jersey.   GNCC seeks to recover environmental investigation and response costs of approximately

$2.5 million incurred in performing the proper closure of the landfill. Each of the defendants has asserted counterclaims against GNCC for contribution to the response costs. Defendants filed several motions for summary judgment and dismissal of the complaint in the Spring of 1999. GNCC opposed and the Court denied Defendants' summary motions in December 1999. Thereafter, the case proceeded to substantial fact discovery and depositions in 2000. Significant efforts were expended during discovery to establish the defendants' liability for the landfill. Fact discovery concluded in late January 2001. Settlement discussions were held between the parties in early 2001 at a Court Conference but no settlement was reached at that time. In March 2001, GNCC filed a motion for leave to amend its complaint to include common law damages to real property based, in part, on recent NJDEP requirements for a buffer zone to address methane gas migration from the landfill. A hearing and argument was scheduled on April 24, 2001, for this motion. The case is currently in expert discovery. GNCC has retained several experts in the case. GNCC served its expert reports on defendants in mid-February 2001. Defendants are scheduled to serve their expert reports on GNCC by April 30, 2001. Expert depositions are scheduled for May 2001. The case is scheduled for another settlement conference in early June 2001. No trial date has been set by the Court.

This matter, since its inception, has been handled by PHKS on behalf of GNCC on a contingency basis of 30% of the amount recovered from the defendants, not to exceed $240,000.00, exclusive of engagement costs. PHKS proposes that this pre-petition contingency fee arrangement be approved by this Court on a post-petition basis.

6.     The Debtors are herewith seeking authorization to employ and retain the law firms of Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones to serve as bankruptcy and reorganization counsel to the Debtors. PHKS will not serve as general bankruptcy and reorganization counsel to the Debtors, and while certain aspects of the representations will necessarily involve both PHKS and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services PHKS will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The

Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of PHKS's role as special counsel.

### No Adverse Interest

7.     Because the Debtors owe PHKS $47,556.93 for professional services arising from PHKS's representation of the Debtors in the subject matters and other, unrelated matters, PHKS does not appear to be a "disinterested person" as that term is defined in and construed under 11 U.S.C. § 101(14).   It is, however, respectfully submitted that PHKS's retention is still allowable within the Court's discretion under 11 U.S.C. § 327(e) as such representation would be in the best interest of the estate and, as set forth in the Affidavit of Anthony J. Marchetta, Esq. (the "Marchetta Affidavit") filed in conjunction with this Application, PHKS does not represent or hold any interest adverse to the Debtors or to the estates with respect to the specific matters in connection with which retention is sought.

### Compensation

8.     In accordance with section 330(a) of the Bankruptcy Code, the Debtors propose to compensate PHKS on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by PHKS, except as to the GNCC matter, described in paragraph 5.c. above, in which PHKS will be paid on a contingency basis per the pre-petition agreement of the parties.  The primary attorneys of PHKS who will be handling the above matters and their current standard hourly rates are:

| **Attorney** | | **Hourly Rate** |
|---|---|---|
| (a) | Anthony J. Marchetta | $395 per hour |
| (b) | Scott A. Zuber | $265 per hour |
| (c) | Michael E. Waller | $265 per hour |
| (d) | Kathy Helmer | $250 per hour |
| (e) | Brian E. Moffit | $230 per hour |
| (f) | Alashia L. Chan | $220 per hour |

9.     As set forth in the Marchetta Affidavit, the hourly rates described above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which PHKS's retention is sought. PHKS's rates are set at a level designed to compensate PHKS fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PHKS's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. PHKS will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to PHKS's other clients. PHKS believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

10.    PHKS will submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

### Conclusion

11.    For the reasons set forth above and in the Marchetta Affidavit, the Debtors believe that the attorneys at PHKS are well qualified to act on the Debtors' behalf for the specified purposes noted in this Application.  The Debtors further believe that the retention of PHKS is necessary and in the best interest of the Debtors and their estates.

### Notice

12.    Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders and (iii) counsel to the official committees appointed by the United States Trustee.  In light of the nature of the relief requested, the Debtors submit that no further notice should be required.

### No Prior Request

13.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the retention and employment of PHKS as special counsel for the Debtors, nunc pro tunc to the Petition Date, and grant them such other and further relief as is just and proper.

Dated: May 4, 2001

> W. R. GRACE & CO., W. R. GRACE & CO.-CONN., A-1 BIT & TOOL CO., INC., ALEWIFE BOSTON LTD., ALEWIFE LAND CORPORATION, AMICON, INC., CB BIOMEDICAL, INC. (F/K/A CIRCE BIOMEDICAL, INC.), CCHP, INC., COALGRACE, INC., COALGRACE II, INC., CREATIVE FOOD 'N FUN COMPANY, DAREX PUERTO RICO, INC., DEL TACO RESTAURANTS, INC., DEWEY AND ALMY, LLC (F/K/A DEWEY AND ALMY COMPANY), ECARG, INC., FIVE ALEWIFE BOSTON LTD., G C LIMITED PARTNERS I, INC. (F/K/A GRACE COCOA LIMITED PARTNERS I, INC.), G C MANAGEMENT, INC. (F/K/A GRACE COCOA MANAGEMENT, INC.), GEC MANAGEMENT CORPORATION, GN HOLDINGS, INC., GPC THOMASVILLE CORP., GLOUCESTER NEW COMMUNITIES COMPANY, INC., GRACE A-B INC., GRACE A-B II INC., GRACE CHEMICAL COMPANY OF CUBA, GRACE CULINARY SYSTEMS, INC., GRACE DRILLING COMPANY, GRACE ENERGY CORPORATION, GRACE ENVIRONMENTAL, INC., GRACE EUROPE, INC., GRACE H-G INC., GRACE H-G II INC., GRACE HOTEL SERVICES CORPORATION, GRACE INTERNATIONAL HOLDINGS, INC. (F/K/A DEARBORN INTERNATIONAL HOLDINGS, INC.), GRACE OFFSHORE COMPANY, GRACE PAR CORPORATION, GRACE PETROLEUM LIBYA INCORPORATED, GRACE TARPON INVESTORS, INC., GRACE VENTURES CORP., GRACE WASHINGTON, INC., W. R. GRACE CAPITAL CORPORATION, W. R. GRACE LAND CORPORATION, GRACOAL, INC., GRACOAL II, INC., GUANICA-CARIBE LAND DEVELOPMENT CORPORATION, HANOVER SQUARE CORPORATION, HOMCO INTERNATIONAL, INC., KOOTENAI DEVELOPMENT COMPANY, L B REALTY, INC., LITIGATION MANAGEMENT, INC. (F/K/A GHSC HOLDING, INC., GRACE JVH, INC., ASBESTOS MANAGEMENT, INC.), MONOLITH ENTERPRISES, INCORPORATED, MONROE STREET, INC., MRA HOLDINGS CORP. (F/K/A NESTOR-

9

BNA HOLDINGS CORPORATION), MRA INTERMEDCO, INC. (F/K/A NESTOR-BNA, INC.), MRA STAFFING SYSTEMS, INC. (F/K/A BRITISH NURSING ASSOCIATION, INC.), REMEDIUM GROUP, INC. (F/K/A ENVIRONMENTAL LIABILITY MANAGEMENT, INC., E&C LIQUIDATING CORP., EMERSON & CUMING, INC.), SOUTHERN OIL, RESIN & FIBERGLASS, INC., WATER STREET CORPORATION, AXIAL BASIN RANCH COMPANY, CC PARTNERS (F/K/A CROSS COUNTRY STAFFING), HAYDEN-GULCH WEST COAL COMPANY, H-G COAL COMPANY.

By: _____
David B. Siegel
Senior Vice President and General Counsel

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AFFIDAVIT OF ANTHONY J. MARCHETTA
IN SUPPORT OF THE APPLICATION OF THE DEBTORS
TO EMPLOY PITNEY, HARDIN, KIPP & SZUCH LLP
AS SPECIAL COUNSEL TO DEBTORS**

| | | |
|---|---|---|
| STATE OF NEW JERSEY | ) | |
| | ) | ss |
| COUNTY OF MORRIS | ) | |

I, ANTHONY J. MARCHETTA, being duly sworn, state as follows:

1.     I am an attorney at law and a member of the bars of the State of New

Jersey, the United States District Courts for the District of New Jersey, the Northern, Eastern,

and Southern Districts of New York, the United States Court of Appeals for the Third Circuit,

and the United States Supreme Court. I am a member of the law firm of Pitney, Hardin, Kipp &

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Szuch LLP ("PHKS"), which maintains an office for the practice of law at 200 Campus Drive, Florham Park, New Jersey. I make this Affidavit in support of the application of W. R. Grace & Co., et al. (collectively, the "Debtors") for an order authorizing the employment of PHKS as special counsel for the Debtors, nunc pro tunc to the petition date herein, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of PHKS pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

2.      I am not related and, to the best of my knowledge after inquiry of PHKS's members, counsel and associates, no other attorney of PHKS is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

3.      I do not hold or represent and, to the best of my knowledge and information, no other attorney of PHKS holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which PHKS's retention is sought. Insofar as PHKS has been able to ascertain, neither I, nor PHKS, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth, relative to the matters in which the Debtors seek to retain PHKS.

4.      In matters unrelated to this case, PHKS has in the past represented, may currently represent, and may in the future represent certain of the Debtors and certain of the Debtors' and their affiliates' creditors, including unsecured creditors, secured creditors and

2

customers, including W. R. Grace & Co.-Conn., Gloucester New Communities, Inc., The Bank
of New York, Chase Manhattan Bank, and First Union National Bank.

5.      Over the course of PHKS's prepetition representation of the Debtors,
PHKS periodically has received regular compensation from the Debtors for services rendered
and expenses incurred through March 2001.  While certain of the services performed by PHKS
over the past year have included giving strategic advice with respect to the restructuring options
available to the Debtors, including a possible chapter 11 filing, none of the fees paid to PHKS
represent payments for legal services in connection with the preparation and filing of these
chapter 11 cases.   Those services have been performed by the Debtors' bankruptcy and
reorganization counsel, Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones.  As of
April 2, 2001, there was, and remains, due and owing by the Debtors to PHKS on account of pre-
petition services, the sum of $47,556.93.

6.      PHKS intends to apply to the court for compensation for professional
services rendered in connection with these cases, subject to approval of the Court and in
compliance with the applicable provisions of the Bankruptcy Code and Rules and any Orders of
the Court.  PHKS will charge hourly rates to the Debtors that are consistent with customary
hourly rates charged by PHKS, which currently are $75 to $150 for paralegals, $155 to $250 for
associates, and $250 to $450 for partners, subject to periodic adjustments, plus reimbursement of
actual and necessary expenses and other charges that the firm incurs.[2]  The principal members of
PHKS who will be handling the representation and their current standard hourly rates are:

---

[2] Except as to the GNCC v. Del Monte Corp. matter, discussed in paragraph 5.c. of the Debtors' Application to retain
PHKS, which is being handled on a contingency fee basis.

3

|  | **Attorney** | **Hourly Rate** |
|---|---|---|
| (a) | Anthony J. Marchetta | $395 per hour |
| (b) | Scott A. Zuber | $265 per hour |
| (c) | Michael E. Waller | $265 per hour |
| (d) | Kathy Helmer | $250 per hour |
| (e) | Brian E. Moffit | $230 per hour |
| (f) | Alashia L. Chan | $220 per hour |

7.    As described in the Application, PHKS's limited role in these cases will be that of special counsel with respect to three (3) matters in which PHKS, the Debtors' longtime legal counsel on numerous matters, has represented the Debtors pre-petition.[3]

8.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which PHKS's retention is sought.  PHKS's rates are set at a level designed to compensate PHKS fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is PHKS's policy to charge its clients in all areas of practice for such additional expenses as telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. PHKS will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to

---

[3] In addition to representing the Debtors as special counsel relative to the three (3) matters delineated in this Application, PHKS will continue to represent the Debtors in various, smaller matters as an ordinary course professional in accordance with prior applications of the Debtors and orders of the Court.

4

9.     PHKS's other clients.  PHKS believes that it is fairer to charge these expenses to the client incurring them than to increase its hourly rates and spread the expenses among all clients.

10.     No promises have been received by PHKS as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. PHKS has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Anthony J. Marchetta

Sworn to before me this
2ⁿᵈ day of  May , 2001

_____
Notary Public

My commission
expire April 9, 2006

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP
## AS SPECIAL COUNSEL TO THE DEBTORS

Upon the application (the "Application") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections

327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code")

authorizing the Debtors to employ and retain Pitney, Hardin, Kipp & Szuch LLP ("PHKS") as

special counsel for the Debtors with respect to the specified matters set forth in the Application;

and upon the Affidavit of Anthony J. Marchetta submitted in support of the Application; and it

appearing that the relief requested is in the best interest of the Debtors' estates and their creditors

and other parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey & Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

it appearing that PHKS does not represent any interest adverse to the Debtors or their estates with respect to the matters on which PHKS is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of PHKS's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the retention and employment of PHKS as special counsel to the Debtors for the purposes set forth in the Application is hereby approved, nunc pro tunc to the petition date of the above-captioned proceedings; and it is further

ORDERED that PHKS shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further or other Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of Anthony J. Marchetta in support of the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of PHKS shall be an administrative expense of the Debtors' estates; and it is further

ORDERED that this Order shall become effective immediately upon its entry; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 30, 2001

JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )SS |
| COUNTY OF NEW CASTLE | ) |

Patricia E. Cuniff, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C., co-counsel for the Debtors, in the above-captioned action, and that on the 4th day of May, 2001 she caused a copy of the following document(s) to be served upon the attached service list(s) in the manner indicated:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.      Notice of Application by the Debtors for Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to Debtors;

2.      Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to Debtors;

3.      Affidavit of Anthony J. Marchetta in Support of the Application of the Debtors to Employ Pitney, Hardin, Kipp & Szuch LLP as Counsel to Debtors; and

4.      Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to Debtors.

Dated: May 4, 2001

Patricia E. Cuniff

Sworn to and subscribed before me this 4th day of May, 2001

Notary Public

My Commission Expires: 7/1/01

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 21948
May 4, 2001
11 – Hand Delivery
07 – Federal Express
59 – First Class Mail


(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE  19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

**Hand Delivery**
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

**Hand Delivery**
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Hand Delivery**
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

**Hand Delivery**
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

**Federal Express**
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**Federal Express**
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

**Federal Express**
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11, Merrill Lynch Canada
Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

**Federal Express**
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

**Federal Express**
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

**Federal Express**
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Federal Express**
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

*First Class Mail*
)
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT 59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX 77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY 10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX 75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA 19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS 39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia 30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas 77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD 21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas 77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA 98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA 19103-7396

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California 94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS 66210

*First Class Mail*

Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX 77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928