

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections deadline: May 21, 2001** |
| | ) | **Hearing date: Negative Notice** |
| | ) | |
| | ) | |

## NOTICE OF APPLICATION

TO:   Counsel to the Debtors                    Counsel to the Debtors' Post-Petition Lenders

Office of the United States Trustee          All parties requesting notice under Bankruptcy Rule 2002

Counsel to the Official Committee of        The Official Committee Of Asbestos Property
Unsecured Creditors                                  Damage Claimants

PLEASE TAKE NOTICE that, on May 4, 2001, the Official Committee of Asbestos Personal Injury Claimants (the "P. I. Committee") filed the attached **Application Of The Asbestos Personal Injury Claimants Committee Of W.R. Grace & Co., For An Order Approving And Authorizing The Employment And Retention Of L. Tersigni, As Accountant And Financial Advisor** (the "Application"). The Application seeks the entry of an Order authorizing the retention of L. Tersigni Consulting P.C. ("Tersigni")

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Application must be in writing, in conformity with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and filed with the United States Bankruptcy Court, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801, on or before **May 21, 2001.**

PLEASE TAKE FURTHER NOTICE that responses, if any, must also be served so as to **be received no later than 4:00 p.m. on May 21, 2001** by the following: (a) the undersigned counsel for the P.I. Committee; (b) counsel for the Debtors (i) James H.M. Sprayregen, Esq., Kirkland & Ellis, 200 East Randolph Drive, Chicago, IL 60601 and (ii) Laura Davis Jones, Esq., Pachulski, Stang Ziehl, Young & Jones, 919 North Market Street, 16th Floor, Wilmington, DE 19899-8705s, Esq.; and (c) Office of the United States Trustee, 601 Walnut Street, Suite 950 West, Philadelphia, PA 19106, Attn: Frank Perch, Esq.

PLEASE TAKE NOTICE THAT ONLY IF OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE AFOREMENTIONED PROCEDURE, OR THE

      PLEASE TAKE NOTICE THAT ONLY IF OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE AFOREMENTIONED PROCEDURE, OR THE COURT OTHERWISE REQUESTS, WILL A HEARING TO CONSIDER THE APPLICATION BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 KING STREET, COURTROOM #6A, WILMINGTON, DELAWARE 19801 **ON A DATE TO BE DETERMINED**.

      IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

      ASHBY & GEDDES

      */s/ M.G.Z.*

      William P. Bowden (I.D. # 2553)
      Matthew G. Zaleski, III (I.D. # 3557)
      222 Delaware Avenue, 17th Floor
      P.O. Box 1150
      Wilmington, DE  19899
      (302) 654-1888

      Proposed Counsel to the Official Committee of Asbestos Personal Injury Claimants

Dated: May 4, 2001
94609.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------x
In re:                                  : Chapter 11
                                        :
W.R. Grace & Co., et al.                :
                                        : Case No. 01-01139 (JJF)
                                        :
              Debtors.                  : (Jointly Administered)
                                        :
                                        :
---------------------------------------x

### APPLICATION OF THE ASBESTOS PERSONAL INJURY CLAIMANTS COMMITTEE OF W.R. GRACE & CO. FOR AN ORDER APPROVING AND AUTHORIZING THE EMPLOYMENT AND RETENTION OF L. TERSIGNI CONSULTING P.C. AS ACCOUNTANT AND FINANCIAL ADVISOR

The Asbestos Personal Injury Claimants Committee ("Committee"), by its undersigned counsel, hereby submits this application ("Application") for entry of an order authorizing the Committee to employ L. Tersigni Consulting P.C. ("Tersigni") accountant and financial advisor, pursuant to §§327 and 328 of Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"). In support of this Application, the Committee respectfully alleges as follows:

#### Jurisdiction

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought are §§ 327(a) and 328 of the Bankruptcy Code.

## Background

3. On April 2, 2001, ("Petition Date"), the Debtors filed with this Court their voluntary petitions ("Petitions") for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

4. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as Debtors in possession. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases.

5. In accordance the provisions of Section 1102(b) of the Bankruptcy Code, on April 12, 2001 the United States Trustee for the District of Delaware appointed the Committee, which is now composed of 11 members.

## Relief Requested

6. By this Application, the Committee seeks to employ and retain Tersigni as its accountant and financial advisor in this Chapter 11 case.

## Financial Consultant's Disinterestedness

7. To the best of the Committee's knowledge, and as disclosed in the affidavit of Loreto T. Tersigni ("Mr. Tersigni"), attached hereto as Exhibit "A" ("Tersigni Affidavit"), (a) Tersigni is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code and as required by § 327(a) and referenced by § 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtor and its estate for the matters for which Tersigni is to be employed and (b) Tersigni has no connection to the Debtor, its creditors or its related parties herein.

8. Tersigni has and will continue to conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships

are discovered, Tersigni will supplement its disclosure to the Court.

## Scope of Service

9. Tersigni provides expert services regarding accounting, financial and valuation matters in bankruptcy and litigation related matters. The services that Tersigni will perform for the Committee include, but are not limited to, the following:

    a.    Development of oversight methods and procedures so as to enable the Committee to fulfill its responsibilities to monitor the Debtors' financial affairs;

    b.    Interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtor and other relevant parties;

    c.    Analysis and advice regarding additional accounting, financial, valuation and related issues that may arise in the course of these proceedings.

10. The Committee has selected Tersigni based upon its extensive experience and knowledge with respect to providing expert consultation and advice regarding complex financial matters, rendering such services as the analysis and interpretation of accounting, tax, statistical, financial, economic and valuation data. As indicated in the resume of Mr. Tersigni, which is attached to the Application as Exhibit "A," Mr. Tersigni has extensive experience in providing accounting, financial advisory and valuation services in bankruptcy and litigation consulting matters. Included amongst the matters that Mr. Tersigni has provided consulting and expert testimony services are the H.K. Porter, Keene Corporation, Hillsborough Holdings Company and the Babcock and Wilcox Company asbestos reorganizations.\

11. The Committee believes that Tersigni's services are both necessary and appropriate

and will assist the Committee in the negotiation, formulation, development, and implementation of the plan of reorganization.

12. Tersigni will be compensated on an hourly basis to be paid by the Debtor. Mr. Tersigni's hourly rate is $395, while the other professionals that Tersigni will employ, if needed, will be compensated on the basis of the following hourly rate schedule:

| Managing Director Level | $395.00 |
| --- | --- |
| Director Level | $300.00 |
| Senior Manager Level | $275.00 |
| Manager Level | $225.00 |
| Professional Staff Level | $150-$175 |
| Paraprofessional Level | $75.00 |

13. Further, for the period beginning October 16, 2000 and through December 31, 2000, Mr. Tersigni provided services to the Committee through his former firm, Goldstein Golub Kessler LLP ("GGK"), a partnership of certified public accountants in which Mr. Tersigni was a principal. GGK maintains offices at 1185 Avenue of the Americas, Suite 500, New York, NY 10036-2602, (212) .372-1800. As stated in his affidavit, Mr. Tersigni has assured the Committee that Tersigni will remit to GGK any portion of the fees generated by services rendered during that period that are payable to GGK.

14. The compensation arrangement and schedule of fees provided to Tersigni is consistent with and typical of the arrangements entered into by Tersigni and other asbestos bodily injury consultants regarding the providing of similar services for clients such as the Debtor.

### Notice

15. Notice of this Application has been given to those parties as listed on the current Service List.

### No Prior Application

16. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ L. Tersigni

Consulting, P.C. as its accountant and financial advisor pursuant to the terms stated herein, and grant such further relief as is just and proper.

Dated: May 4, 2001

                                        Respectfully submitted,

                                        ASBESTOS PERSONAL
                                        INJURY CLAIMANTS
                                        COMMITTEE

                                        *John Russell*
                                        Member of the Committee

by:      *[signature]*
            Attorney-in-fact

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x
In re:                              :    **Chapter 11**
                                    :
**W.R. Grace & Co., et al.**        :
                                    :    Case No. 01-01140 (JJF)
                                    :
                         Debtors.   :    (Jointly Administered)
                                    :
                                    :
---------------------------------------------x

**AFFIDAVIT OF LORETO T. TERSIGNI IN SUPPORT OF APPLICATION
FOR AN ORDER AUTHORIZING THE ASBESTOS PERSONAL INJURY
CLAIMANTS COMMITTEE TO EMPLOY AND RETAIN L. TERSIGNI
CONSULTING P.C. AS ACCOUNTANT AND FINANCIAL ADVISOR**

STATE OF NEW YORK      )
                       )  ss:
COUNTY OF NEW YORK     )

**LORETO T. TERSIGNI**, having been duly sworn, deposes and says:

1.      Effective January 1, 2001 I formed and became the principal of L. Tersigni Consulting P.C. ("Tersigni"), a firm providing expert accounting and financial advisory services in bankruptcy and complex litigation matters. Tersigni is located at One Dag Hammarskjold Plaza New York, New York 10017, telephone number is (212) 605-3193. I submit this affidavit in support of the application ("Application") of the Asbestos Personal Injury Claimants Committee ("Committee") in the above-captioned Chapter 11 proceeding for an order, authorizing the Committee to retain Tersigni as their accountant

3

financial advisor. Tersigni has expertise and experience in providing expert consultation and advice regarding complex financial matters, rendering such services as the analysis and interpretation of accounting, tax, statistical, financial, economic and valuation data. Further, as indicated in my curriculum vitae, which is attached to this Affidavit as Exhibit "1", I have extensive experience in providing accounting, financial advisory and valuation services in bankruptcy and litigation consulting matters.

2. Included amongst the matters that I have provided consulting and expert testimony services are the H.K. Porter, Keene Corporation, Hillsborough Holdings Company and the Babcock and Wilcox Company asbestos reorganizations.

### Services to be Rendered and Compensation

3. As set forth in the Application, the services that Tersigni will perform for the Committee include but are not limited to the following:

   a. Development of oversight methods and procedures so as to enable the Committee to fulfill its responsibilities to monitor the Debtors' financial affairs;

   b. Interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtors and other relevant parties;

   c. Analysis and advice regarding additional accounting, financial, valuation and related issues that may arise in the course of these proceedings.

4. Subject to Court approval and in accordance with § 330(a) of the Bankruptcy Code, I and other professionals that Tersigni will employ, as needed, will be compensated, on an hourly basis to be paid by the Debtors, as follows:

4

| | |
|---|---|
| Loreto T. Tersigni | $395.00 |
| Managing Director Level | $395.00 |
| Director Level | $300.00 |
| Senior Manager Level | $275.00 |
| Manager Level | $225.00 |
| Professional Staff Level | $150-$175 |
| Paraprofessional Level | $75.00 |

### Connection With Creditors and Other Parties in Interest

5. I represent that to the best of my knowledge and belief, neither I nor Tersigni has a relationship with any entity, or professional in my employ, which would be adverse to the Committee or the creditors. Further, neither I nor Tersigni is a creditor, former employee, equity security holder, or an insider (as such term is defined in § 101(31) of the Bankruptcy Code) of the Debtor, nor do I or Tersigni have an interest adverse to that of the Debtors' estate or of any class of creditors or equity security holders. Moreover, Tersigni will undertake to determine that no one that it employs is a creditor, former employee, equity security holder, or an insider (as such term is defined in § 101(31) of the Bankruptcy Code) of the Debtors, or has an interest adverse to that of the Debtors' estate or of any class of creditors or equity security holders.

6. Accordingly, I believe that Tersigni is a "disinterested party" as such term is defined in §101(14) of the Bankruptcy Code and as required by § 327(a) and referenced by § 328(c) of the Bankruptcy Code.

7. No promises have been received by Tersigni as to compensation in connection with any matter in which Tersigni has been retained other than in accordance with the Bankruptcy Code. Tersigni has no agreement with any other entity to share with such entity any

5

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Loreto T. Tersigni

SWORN TO and subscribed before me
this __1__ day of __May__, 2001.

_____
Notary Public

MARIA A. PEPE
Notary Public, State of New York
No. 01PE6051380
Qualified in Richmond County
Commission Expires June 30, 2001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x
In re:                                       :    Chapter 11
                                             :
W.R. Grace & Co., et al.                     :
                                             :    Case No. 01-01139 (JJF)
                                             :
                              Debtors.       :    (Jointly Administered)
                                             :
                                             :
---------------------------------------------x

**ORDER OF COURT PURSUANT TO 11 U.S.C. § 327(a) AND
Fed.R.Bankr.P. 2014(a), 2016 and 5002, AUTHORIZING THE EMPLOYMENT
AND RETENTION OF L. TERSIGNI CONSULTING P.C. AS
ACCOUNTANT AND FINANCIAL ADVISOR TO THE ASBESTOS
PERSONAL INJURY CLAIMANTS COMMITTEE**

AND NOW this 13 day of June, upon consideration of the Application ("Application") of the Asbestos Personal Injury Claimants Committee ("Committee") in the above-captioned Chapter 11 case ("Debtor"), for entry of an order authorizing the Committee to employ and retain L. Tersigni Consulting P.C. ("Tersigni") as accountant and financial advisor to the Committee and upon the Affidavit of Loreto T. Tersigni ("Tersigni Affidavit"), and the Court being satisfied, based on the representations made in the Application and Tersigni Affidavit that:

Tersigni has no interest adverse to the Debtor's estate with respect to the matters upon which he is to be engaged, that Tersigni is a "disinterested person" as that term is defined under § 104(14) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), and that the employment of Tersigni is necessary and would be in the best interest of the Debtor, their creditors and the Debtor's estate, and after due deliberation and sufficient cause appearing

therefor, it is:

ORDERED that the Application is granted; and it is further

ORDERED that the Committee is authorized ~~to~~ _nunc pro tunc to April 12, 2001,_ to employ and retain Tersigni as its accountant and financial advisor; and it is further

ORDERED that Tersigni shall be compensated in accordance with the terms stated herein, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and orders of this Court.

_P.W.S._

_____
United States District Court Judge

2

# LORETO T. TERSIGNI, CPA, CFE

## PROFESSIONAL SUMMARY

Mr. Tersigni has 30 years experience providing accounting, audit and financial consulting services to a diversified client base, as well as forensic accounting and expert testimony on complex financial issues. Mr. Tersigni has worked with counsel on bankruptcy related matters and lawsuits involving securities fraud, directors' and officers' liability, fraudulent transfers, professional liability, damages assessment and law firm valuations, dissolution's and disputes,

Mr. Tersigni has expertise in all facets of accounting and auditing, and has led audits for companies in a variety of industries. Mr. Tersigni has substantial experience in the financial reporting and disclosure rules and regulations of the Securities and Exchange Commission and has been retained as a consultant and expert witness by the Enforcement Division of the Securities and Exchange Commission. He has also provided management consulting to clients for business valuations, due diligence, acquisition review, design and implementation of management information systems, cost reduction programs and the preparation and evaluation of financial forecasts.

## LITIGATION EXPERIENCE

Assignments representative of Mr. Tersigni's experience in providing litigation services include:

- Directors' and Officers' Liability
- Fraudulent Conveyances and Solvency Analyses
- Fraud Investigations
- Forensic Accounting Analyses
- Merger and Acquisition Disputes
- Professional Malpractice
- Damages Assessment
- Law Firm Valuations

## PROFESSIONAL MEMBERSHIPS AND CERTIFICATIONS

- Certified Public Accountant, New York (1973) and Connecticut (1984)
- Certified Fraud Examiner
- American Institute of Certified Public Accountants
- AICPA Professional Ethics Division, Technical Standards Subcommittee (1992-1996)
- New York and Connecticut State Societies of Certified Public Accountants
- NYSSCPA – Professional Ethics Committee
- Member, Panel of Arbitrators - American Arbitration Association
- Institute of Business Appraisers

Association of Insolvency Accountants

## EDUCATION

St. John's University - MBA, Taxation (1973)
New York Institute of Technology - BS, Accounting (1969)

## PUBLICATIONS (1987 – March 1998)

**The Balance Sheet and Income Statement**, Practicing Law Institute, Accounting and Finance For Lawyers, August 1997, 1998, 1999.

**Accounting for Deferred Income Taxes**, Practicing Law Institute, Basics of Accounting and Finance, August 1998.

**Communications with Prior Auditor**, Practicing Law Institute, Accountants' Liability.

**The CPA's Role in Arbitration**, The Legal Pad, Grant Thornton Litigation Services Group, April 1991.

**How CPAs Assist in Evaluating LBOs**, The Legal Pad, Grant Thornton Litigation Services Group, July 1990.

**Professional Standards for Litigation Services Provided by CPAs**, The Legal Pad, Grant Thornton Litigation Services Group, January 1990.

## DEPOSITIONS AND TRIAL TESTIMONY (1994 – 2000)

**Robert Altman and Howard Milstein v. Software Publishing Corporation Holdings, Inc., et al., No. 98 Civ 333**: Deposition Testimony: U.S. District Court, Southern District of New York, 1999.

**Bank Brussels Lambert et al v. The Chase Manhattan Bank, N.A., 93 Civ 5298**: Deposition Testimony: U.S. District Court, Southern District of New York, 1999.

**The Continental Insurance Company, and The Fidelity and Casualty Company of New York v. Rutledge & Company, and John Rutledge, C.A. No. 15539NC**: Deposition Testimony: In the Court of Chancery of the State of Delaware in and for New Castle County, 1999.

2

**George L. Ohrstrom, Jr. and Ohrstrom & Company v. Harris Trust Company of New York, Dover Corporation, and DII Group, Inc., C.A. No 15709**: Deposition Testimony: Court of Chancery of the State of Delaware in and for New Castle County, 1998.

**Securities and Exchange Commission v. Fabri-Centers of America, Inc., Robert L. Norton and Joseph E. Williams, 5:97 CV 1216**: Deposition Testimony: U.S. District Court for the Northern District of Ohio, 1998.

**McQuillan v. Kenyon & Kenyon**: Deposition and Trial Testimony: White Plains Supreme Court, 1997.

**In the Matter of Russell Ponce, CPA**: Trial Testimony: U.S. Securities and Exchange Commission Administrative Proceeding, 1996.

**In the Matter of the Committee of Unsecured Creditors of H.K. Porter Company, Inc. v. Thomas Mellon Evans et al., Civil Action No. 93-374**: Deposition: U.S. Bankruptcy Court, Western District of Pennsylvania, 1996.

**In Re JWP Inc. Securities Litigation, AUSA Life Insurance Company, et. al. v. Andrew T. Dwyer, et. al., 92 CIV. 5815 (CLB)**: Deposition Testimony: U.S. District Court, Southern District of New York, Deposition, 1995.

**In the Matter of Keene Corporation**: Deposition and Trial Testimony: U.S. Bankruptcy Court, Southern District of New York, 1994.

**Eagle Hardware Securities Litigation, C-92-1882C**: Deposition Testimony: 1994.

**In Re Hillsborough Holdings Bankruptcy proceedings, Chapter 11 Case Nos. 89-9715-8P1-89-9746-8P1**: Deposition and Trial Testimony: U.S. Bankruptcy Court, Middle District of Florida, 1994.

**Glenn R. Heyman v. Beatrice Co.**: Deposition Testimony: 1994.

**In the Matter of Angelo P. Danna, CPA and Mark Dentinger, CPA, Administrative Proceeding File No. 3-8196**: Trial Testimony: U.S. Securities and Exchange Commission Administrative Proceeding, 1994.

## EMPLOYMENT HISTORY

January 1, 2001 to present – L Tersigni P.C.

January 1999 to December 31, 2000 - Goldstein Golub Kessler LLP

May 1992 to January 1999 - Altschuler Melvoin and Glasser LLP

February 1970 to May 1992 - Grant Thornton

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2001, I caused one copy of the foregoing to be served upon the persons below in the manner indicated.

_____
Matthew G. Zaleski, III

74510.1