IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

FIL ORIGINAL

2001 MAY 22 PM 3: 27

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |

) **Objections due by:** June 11, 2001 @ 4:00 p.m.
) **Hearing Date:** To be scheduled only if Objections are
) timely filed and served

## NOTICE OF APPLICATION

TO:     All parties on the 2002 Service List.

The Official Committee of Asbestos Property Damage Claimants has filed an Application for Order Authorizing the Employment and Retention of Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP, As Its Counsel, Nunc Pro Tunc, to April 9, 2001.

You are required to file a response to the attached **Application on or before June 11, 2001, at 4:00 p.m.**

At the same time, you must also serve a copy of the response upon Applicant's undersigned attorneys:

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
and Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
(302) 575-1555

**HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

*289*

FERRY & JOSEPH, P.A.

Michael B. Joseph, Esq. (No. 392)
Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Proposed Local Counsel for the Official
Committee of Asbestos Property Damage
Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price and
Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Proposed Counsel for the Official
Committee of Asbestos Property Damage
Claimants

Date: May 22, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotofAppBilzinfirm.wpd

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**APPLICATION BY THE OFFICIAL COMMITTEE OF PROPERTY
DAMAGE CLAIMANTS FOR APPROVAL OF EMPLOYMENT OF BILZIN
SUMBERG DUNN BAENA PRICE & AXELROD LLP AS ITS
COUNSEL, NUNC PRO TUNC TO APRIL 9, 2001**

The Official Committee of Property Damage Claimants (the "Committee"), by its Acting

Chairperson, moves this Court for approval of its employment of Bilzin Sumberg Dunn Baena

Price & Axelrod LLP (the "Firm"), as counsel for the Committee, nunc pro tunc to April 9, 2001,

pursuant to 11 U.S.C. §§ 328 and 1103, Federal Rule of Bankruptcy Procedure 2014 and Local

Rule 2014-1. The following grounds support this Application:

1.    On April 2, 2001 (the "Petition Date"), the above-captioned debtors (the

"Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States

Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code. No trustee or examiner has been appointed in these cases.

2.    On April 2, 2001, the Court entered its Order directing the joint administration of

the Debtors' chapter 11 cases (the "Consolidated Cases").

3.    On April 12, 2001, the Office of the United States Trustee appointed the

Committee in this case consisting of Mr. Marco Barbanti, Princeton University, Pacific Freeholds

and Prudential Insurance Company. The Committee held its organizational meeting on that day and selected Mr. Marco Barbanti to serve as its Chairman.

4.      The Committee represents the interests of the property damage claimants in the Consolidated Cases.

5.      During the administration of the Consolidated Cases, the Committee will require the advice and representation of counsel. At the Committee's initial meeting held on April 12, 2001, at which all Committee members were present, the Committee chose to retain the Firm, by and through Scott L. Baena, Esq., 2500 First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, as its counsel to represent it in all matters during the pendency of the Consolidated Cases.

6.      The professional services for which the Committee desires to employ the Firm include, without limitation, the following:

(i)  providing the Committee with legal advice with respect to its rights, duties and powers in the Consolidated Cases;

(ii)  assisting the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of the continuance of such businesses and any other matter relevant to the Consolidated Cases or to the formation of a plan;

(iii)  preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(iv)  participating in formulating a plan or plans of reorganization;

(v)  assisting the Committee in considering and requesting the appointment of a trustee or examiner or conversion, should such action(s) become necessary;

(vi)  consulting with the Debtors, their counsel and the United States Trustee concerning the administration of this estate;

(vii)  representing the Committee in hearings and other judicial proceedings; and

(viii) performing such other legal services as may be required and as are deemed to be in the best interests of the Committee and the constituency which it represents.

7.    The Firm's restructuring and bankruptcy group has extensive experience with routine and complex in-court and out-of-court reorganizations, placing substantial emphasis on creditors' rights, corporate, banking and financial matters. The Firm has considerable experience in reorganization cases before this Court and others and is uniquely well-qualified to act as counsel for the Committee. Thus, the Committee believes that the Firm possesses expertise in the areas of law relevant to the Consolidated Cases and that the Firm is qualified to represent the Committee herein.

8.    The terms of the Firm's employment shall be as follows:

(i)    Subject to the approval of this Court, 11 U.S.C. § 328, and Federal Rule of Bankruptcy Procedure 2016, certain of the Firm's attorneys and legal assistants will undertake this representation at their respective customary hourly rates, the Firm's compensation to be finally fixed by the Court pursuant to 11 U.S.C. § 330.

(ii)    The Firm shall file with this Court applications for the allowance of interim compensation and for reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and Orders of this Court for services performed and expenses incurred, no more frequently than each 120 days, except that the Firm may seek final allowance of its compensation and reimbursements at the conclusion of its service to the Committee.

9.    To the best of the Committee's knowledge, the Firm does not hold or represent any interest adverse to the Committee or on any matters in which the Firm is to be engaged.

10.    To the best of the Committee's knowledge, the Firm is "disinterested" (as such term is defined in 11 U.S.C. § 101(14)) and has no connection with the Debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as specifically

set forth in the Affidavit of Scott L. Baena on Behalf of Bilzin Sumberg Dunn Baena Price &

Axelrod LLP Pursuant to Federal Rule of Bankruptcy 2014, a copy of which is Exhibit A hereto.

     11.    As the Firm does not have an office in Delaware, the Firm has coordinated with

the Delaware law firm Ferry & Joseph, P.A. ("Ferry") to assist it in its representation of the

Committee. The Firm and Ferry will divide tasks and responsibilities in order to avoid rendering

unnecessary and duplicative services. Moreover, those attorneys from the Firm who intend to

appear before this Court in these cases, and who are not admitted to practice before this Court,

will soon file motions and proposed orders for admission pro hac vice.

     WHEREFORE, the Committee respectfully moves the Court to consider this Application

and thereupon enter an Order approving the employment of the Firm as counsel for the

Committee in the Consolidated Cases, nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§

328 and 1103, Federal Rule of Bankruptcy Procedure 2014 and Local Rule 2014-1.

     Dated: May 17, 2001

                           THE     OFFICIAL     COMMITTEE     OF
PROPERTY DAMAGE CLAIMANTS

                           By:_____
                             Darrell W. Scott, as designee for Marco
                           Barbanti, Chairman of the Committee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**AFFIDAVIT OF SCOTT L. BAENA ON BEHALF**
**OF BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) ss |
| COUNTY OF MIAMI-DADE | ) |

Scott L. Baena, being duly sworn, says:

1.    I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida and am qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

2.    I am a partner with the law firm of Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Firm") with offices located at 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131. I have personal knowledge of the facts stated in this Affidavit except as expressly stated herein. I am authorized to make this affidavit on the Firm's behalf.

3.    I submit this Affidavit in support of the Application by the Official Committee of Property Damage Claimants [the "Committee"] for Approval of Employment of Bilzin Sumberg Dunn Baena Price & Axelrod LLP as Its Counsel, Nunc Pro Tunc to April 9, 2001 (the "Application"). This Affidavit is in compliance with the provisions of 11 U.S.C. § 1103 and Federal Rule of Bankruptcy Procedure 2014(a).

4.    To the extent that any information disclosed herein requires amendment or modification upon the Firm's completion of further analysis or as additional creditor information becomes available to the Firm, supplemental affidavits will be filed with the Court.

5.    In order to prepare this Affidavit, I caused names and information concerning the above-captioned debtors (collectively, the "Debtors") and their top 50 creditors, as set forth in the Consolidated Top 50 List of creditors, to be compared with names and information contained in the Firm's conflict check system (the "Conflict Check System"). The Conflict Check System is a computerized database of current and former clients, and adverse and related parties that is regularly maintained in the course of business at the Firm. It is the practice of the Firm to update and maintain these records regularly. The Conflict Check System reflects entries at the time the information becomes known by persons whose regular duties include recording and maintaining this information. As a member of the Firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained therein in the performance of my duties at the Firm and in my practice of law.

6.    In addition, I caused an e-mail to be circulated to all persons at the Firm to determine if the Firm has any connections with the Debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

7.    The Committee requested the Firm to represent it for the reasons stated in the Application, which this Affidavit accompanies.

8.    The Firm has not been paid a retainer for services and costs incurred on behalf of the Committee as of the date of this statement. The Committee has agreed to support the Firm's applications to be paid reasonable attorneys' fees on an hourly rate basis and to obtain

2

reimbursement of all costs and expenses incurred in connection with these cases from the Debtors' estates, which compensation and reimbursement are to be fixed by the Court.

9.    Except as reflected in Exhibit "A" hereto, or as set forth herein, no attorney in the Firm previously or presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtors, or person otherwise adverse or potentially adverse to the Debtors or their estates on any matter related to the Debtors or their estates.    None of the representations set forth in Exhibit "A" hereto, or as set forth herein, entailed or entails fees during the period(s) covered by such representations that would impair our ability to discharge our professional responsibility to the Committee.    Furthermore, given that the Firm seeks to be engaged as counsel for the Committee, which represents the interests of property damage claimants who are general unsecured creditors of the Debtors' estates, and that our former and existing representations, as set forth on Exhibit "A" or herein, were in respect of parties that largely appear to be either property damage claimants or general unsecured creditors of the Debtors, we do not perceive the interests of such clients to be adverse to the interests of the Committee or its constituency.

10.    Based upon the conflict searches conducted to date as described herein, to the best of my knowledge, neither I, nor the Firm, nor any member, counsel, associate or paralegal of the Firm have any connections with the Debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee as required by Federal Rules of Bankruptcy Procedure 2014(a), except as set forth in Exhibit A hereto or herein.

11.    Except as disclosed herein and for the continuing representation of the

3

Committee, neither I, nor the Firm, has or will represent any other entity in connection with these cases.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Scott L. Baena

STATE OF FLORIDA            )
                            ) ss
COUNTY OF MIAMI-DADE        )

SWORN to and subscribed before me this _21st_ day of May, 2001.

NOTARY PUBLIC

Sign _____

Print _MARTA GUTIERREZ_

State of Florida
My Commission Expires:

#507736

NOTARY PUBLIC, STATE OF FLORIDA
MARTA GUTIERREZ
COMMISSION NO. CC738757
MY COMMISSION EXPIRES
MAY 3, 2002

4

| CREDITOR | FORMER CLIENT | CURRENT CLIENT | DESCRIPTION OF REPRESENTATION |
|---|---|---|---|
| Amerada Hess Corporation | X | | Land Use |
| First Union National Bank | | X | Commercial Transactions and Land Use |
| NationsBank, N.A. | | X | Litigation |
| Bank of Nova Scotia | | X | Real Estate |
| The Chase Manhattan Bank | X | | Real Estate |
| Citibank, FSB | | X | Real Estate |
| Morgan Guaranty Trust Company of New York | | X | Real Estate |
| Prudential Property & Casualty | X | | Litigation |
| Robins, Kaplan, Miller & Ciresi | | X | Litigation |

507865

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING APPLICATION BY THE OFFICIAL COMMITTEE
OF PROPERTY DAMAGE CLAIMANTS FOR APPROVAL OF EMPLOYMENT
OF BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP
AS ITS COUNSEL, NUNC PRO TUNC TO APRIL 9, 2001**

THIS MATTER came before the Court on the Application by the Official Committee of Property Damage Claimants for Approval of Employment of Bilzin Sumberg Dunn Baena Price & Axelrod LLP as Its Counsel, Nunc Pro Tunc to April 9, 2001 (the "Application"), filed by the Official Committee of Property Damage Claimants (the "Committee"), and the Affidavit of Scott L. Baena on Behalf of Bilzin Sumberg Dunn Baena Price & Axelrod LLP Pursuant to Federal Rule of Bankruptcy Procedure 2014 (the "Affidavit"), a copy of which is Exhibit A to the Application, wherein the Committee seeks authorization to employ the law firm of Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Firm") as its counsel. The Court, having considered the Application and the Affidavit, and that, based upon the representations made therein, the Firm represents or holds no interest adverse to the above-captioned debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and is a disinterested person as contemplated by 11 U.S.C. § 101(14), the employment of the Firm is necessary and would be in the best interests of the Committee, and

notice of the Motion is sufficient, and being otherwise fully advised in the premises, finds good cause to grant the Motion.  Accordingly, it is

ORDERED that, pursuant to 11 U.S.C. § 1103(a), the Committee is authorized to employ and retain the Firm as its attorneys upon the terms and conditions set forth in the Application, nunc pro tunc to April 9, 2001; and it is further

ORDERED that the Firm shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such other procedures which may be fixed by Order of this Court.

Dated: June 21, 2001
Wilmington, Delaware

UNITED STATES DISTRICT COURT JUDGE

Copy furnished to:

Scott L. Baena, Esq.

[Attorney Baena is directed to mail a conformed copy of this Order upon all interested parties.]

510517

2