IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

**FILED ORIGINAL**

2001 MAY 22 PM 3: 27

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) **Objections due by:** June 11, 2001 @ 4:00 p.m. | |
| | ) **Hearing Date:** To be scheduled only if Objections are | |
| | ) timely filed and served | |

## NOTICE OF APPLICATION

TO:    All parties on the 2002 Service List.

The Official Committee of Asbestos Property Damage Claimants has filed an Application for Order Authorizing the Employment and Retention of Ferry & Joseph, P.A., <u>Nunc Pro Tunc</u>, as of April 18, 2001, as Local Counsel for the Official Committee of Asbestos Property Damage Claimants.

You are required to file a response to the attached **Application on or before June 11, 2001, at 4:00 p.m.**

At the same time, you must also serve a copy of the response upon Applicant's undersigned attorneys:

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
(302) 575-1555

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
and Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580

**HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

290

FERRY & JOSEPH, P.A.

Michael B. Joseph, Esq. (No. 392)
Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Proposed Local Counsel for the Official
Committee of Asbestos Property Damage
Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price and
Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Proposed Counsel for the Official
Committee of Asbestos Property Damage
Claimants

Date: May 22, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotofAppFerryJoseph.wpd

2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS FOR ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF FERRY & JOSEPH, P.A., NUNC PRO TUNC,
AS OF APRIL 18, 2001, AS LOCAL COUNSEL FOR THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

The Official Committee of Asbestos Property Damage Claimants (the "Committee"),

duly-appointed in the Chapter 11 cases of the above-captioned debtors (collectively "Debtors"),

through its Chairperson, Marco Barbanti, respectfully represents, in support of its application, as

follows:

1.      On April 2, 2001 (the "Petition Date"), the above-captioned Debtors filed

Voluntary Petitions for Relief Under Chapter 11 of Title 11, United States Code (the

"Bankruptcy Code").

2.      The Debtors have since the Petition Date continued in possession of their

properties and the management and operation of their business as Debtors-in-Possession,

pursuant to Sections 1107 and 1108 of the Bankruptcy Code. To date, no Trustee or Examiner

has been appointed in these cases.

3.      On April 2, 2001, an Order was entered directing procedural consolidation and

joint administration of these cases.

4.      On or about April 12, 2001, the United States Trustee appointed an Official

Committee of Asbestos Property Damage Claimants, pursuant to Section 1102(a)(1) of the

Bankruptcy Code, comprised of the following members: Mr. Marco Barbanti, class

representative; The Trustee's of Princeton University; Pacific Freeholds; and The Prudential

Insurance Company of America.  Thereafter, on May 11, 2001 the United States Trustee filed an

amended notice of appointment and added Anderson Memorial Hospital; Catholic Archdiocese

of New Orleans; and Paul Price to the Committee.

     5.     This Court has jurisdiction over this application pursuant to 28 <u>U.S.C.</u>  Sections

157 and 1334. The statutory predicates for relief sought herein are Sections 328 and 1103 of the

Bankruptcy Code.

### Application to Employ and Retain Ferry & Joseph, P.A.

     6.     Accordingly, by this application and pursuant to Sections 328 and 1103 of the

Bankruptcy Code, the Committee seeks to employ Ferry & Joseph, P.A. as its local counsel

("Local Counsel"), duly-qualified to practice in this Court.

     7.     The professional service which Local Counsel is to render is the representation of

the Committee as Local Counsel in these proceedings, and the performance of legal services for

the Committee which may be necessary herewith.  Local Counsel will work closely with the firm

of Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP and will divide tasks and

responsibilities to avoid rendering unnecessary and duplicative services.

     8.     The Committee wishes to employ Local Counsel under a General Retainer

because of the legal services which the Committee anticipates will be required in these cases.

     9.     Subject to Court approval in accordance with Section 330(a) of the Bankruptcy

Code, compensation will be payable to "Ferry & Joseph, P.A." on an hourly basis plus

reimbursement of actual, necessary expenses incurred by the law firm. The current hourly rates

for the attorneys and paralegals that will be principally responsible for the representation of the

Committee, are as stated in paragraph 8 of the Affidavit of Michael B. Joseph, Esquire, annexed

as Exhibit "A" hereto (the "Joseph Affidavit").

2

10.    The hourly rates set forth in the Joseph Affidavit are the firm's standard hourly rates for work of this nature and are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with these cases.

11.    Ferry & Joseph, P.A. will comply with all of the requirements of this Court and of the Bankruptcy Code and Bankruptcy Rules with respect to fee and expense applications of professionals employed by Bankruptcy estate. No promises have been received by Ferry & Joseph, P.A. nor by any member or associate there, as to compensation in connection with its representation of the Committee in these cases, other than in accordance with the provisions of the Bankruptcy Code.

12.    Ferry & Joseph, P.A. has no agreement with any entity to share any compensation received in connection with its representation of the Committee.

13.    To the best of Applicant's knowledge, the firm of Ferry & Joseph, P.A. has had no prior connection with the debtors, their creditors or any other party in interest or the respective attorneys, except as stated in the Joseph affidavit. Upon information and belief, the firm of Ferry & Joseph, P.A. does not presently hold or represent any adverse interest to the Debtors' estate, the Committee or the Creditors the Committee represents in the matters upon which it has been and is to be engaged.

14.    Approval of the application, _nunc pro tunc_, to April 18, 2001, is warranted. The complexity of these cases has necessitated that the Committee's professionals, including Ferry & Joseph, P.A., devote substantial resources to their representation of the Committee and begin service as soon as possible. Further, the _nunc pro tunc_ approval of the application prejudices no party in interest, because Ferry & Joseph, P.A. has been active in these cases since its retention by the Committee and has, _inter alia_, appeared at several hearings and filed and served papers in

3

these cases.

15.    Notice of this application has been given to: (a) the United States Trustee; (b)

Counsel for the Debtors; (c) Debtors' Secured Lenders; and (d) those entities that have formally

requested receipt of papers in these cases pursuant to Bankruptcy Rule 2002. The Committee

submits that such notice is due and sufficient under these circumstances.

16.    Because this application present no novel issues of law, and the authorities relied

upon by the Committee are set forth herein, the Committee hereby waives the filing of a

Memorandum in support of this motion, pursuant to D. Del. L. R. 7.1.2, except that Committee

reserves the right to file a brief in reply to any objection to the application.

17.    No prior application for the relief requested herein has been made to this or any

other court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order,

substantially in the form annexed hereto as Exhibit "B," (a) granting the application; (b)

authorizing the Committee to retain and employ Ferry & Joseph, P.A., Nunc Pro Tunc, to April

18, 2001, as its Local Counsel in these Chapter 11 cases pursuant to Sections 1103(a) and 328 of

the Bankruptcy Code; and (c) granting such other and further relief as is just and proper.

The Official Committee of Asbestos
Property Damage Claimants

BY: _____

Marco Barbanti
Chairman

Date: May 14, 2001
TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\ApplicbyFerry&Joseph.wpd

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

**AFFIDAVIT OF MICHAEL B. JOSEPH IN SUPPORT OF APPLICATION
FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
FERRY & JOSEPH, P.A., AS LOCAL COUNSEL FOR OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS,
NUNC PRO TUNC TO APRIL 18, 2001**

STATE OF DELAWARE

:    SS

COUNTY OF NEW CASTLE

MICHAEL B. JOSEPH, ESQUIRE, being duly sworn, deposes and says:

1. I am a partner in the firm of Ferry & Joseph, P.A. ("Ferry & Joseph"), 824 Market Street, Suite 904, P. O. Box 1351, Wilmington, DE 19899, and have been duly-admitted to practice in the Courts of the State of Delaware and the United States District Court for the District of Delaware, among others. This affidavit is submitted in support of the application (the "Application") of the Official Committee of Asbestos Property Damage Claimants (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an Order under Sections 1103(a) and 328 of Title 11 of the United States Code, 11 U.S.C. Sections 101 through 1130 (as amended, the "Bankruptcy Code"), and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing retention and employment of Ferry & Joseph as local counsel for the Committee.

2. In connection with this post-retention by the Committee in these cases, Ferry & Joseph researched its client data base to determine whether it had any relationships with the

following entities:

    (a)     The debtors and their affiliates;

    (b)     The principal secured creditors of the debtors;

    (c)     The top 20 creditors of the debtors; and

    (d)     Certain other actual or potential parties in interest in the debtors' cases.

3.     Neither I, Ferry & Joseph, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with the debtors, their material secured or unsecured creditors, or any other significant parties in interest herein or the respective attorneys, of which Ferry & Joseph is aware, other than as follows: I am Chapter 7 Trustee in the unrelated case of High Strength Steel, Inc., District of Delaware, Case No. 99-4369 (MFW), and Laura Jones, Esq. (Debtor's counsel) is counsel to the Trustee. Ferry & Joseph represents San Diego County, California, as local counsel in the Montgomery Ward, LLC Bankruptcy Case, C.A. No. 00-4667 (RTL). Ferry & Joseph also represents Harris County, Texas, City of Houston and the City of El Paso, Texas as local counsel in the following cases:

Reading China and Glass, Inc., et al.; Case No. 98-2466 (MFW);
Montgomery Ward, LLC, et al.; Case No. 00-4667 (RTL);
Just For Feet, et al.; Case No. 99-4110 (MFW);
Discovery Zone, Inc., et al.; Case No. 99-941 (PJW);
Venture Stores, Inc.; Case No. 98-101 (RRM);
Silver Cinemas International, Inc., et al.; Case No. 99-529 (MFW);
Winstar Communications, Inc., et al.; Case No. 01-1430 (JJF).

4.     Neither Ferry & Joseph nor I represent any interest adverse to the debtors or to their estates in matters upon which we are to be engaged.

5.     Ferry & Joseph is a "disinterested person" as that term is defined in Section 101 (14) of the Bankruptcy Code in that the firm, its partners, counsel and associates:

(a)     Are not creditors, equity security holders or insiders of the debtors;

(b)     Are not and were not investment bankers for any outstanding security of the debtors;

(c)     Have not been within three (3) years before the date of the filing of the debtors' Chapter 11 Petition (i) investment bankers for a security of the debtors; or (ii) an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the debtors;

(d)     Are not and were not, within two (2) years before the date of the filing of the debtors' Chapter 11 Petition, a director, officer or employee of the debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

(e)     Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtors or an investment banker specified in paragraph (b) or (c) above, or for any other reason.

6.      No promises have been received by Ferry & Joseph, nor by any member or associate thereof as to compensation in connection with the representation of the Committee in these cases, other than in accordance with the provisions of the Bankruptcy Code.

7.      Ferry & Joseph has no agreement with any entity to share any compensation received by Ferry & Joseph.

8.      Subject to Court approval and in accordance with Section 330(a) of the

3

Bankruptcy Code, compensation will be payable to Ferry & Joseph on an hourly basis, plus

reimbursement of actual, necessary expenses incurred by the law firm. The current hourly rates

for the attorneys and paralegals that will be principally responsible for the representation of the

Committee are as follows:

| Name | Hourly Rates |
|------|--------------|
| Partners | $250.00 - $275.00 |
| Associates | $150.00 - $185.00 |
| Paralegals | $ 85.00 |
| Case Clerks | $ 50.00 |

These hourly rates are the firm's standard hourly rates for work of this nature and are subject to

periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals

may from time to time serve the Committee in connection with this case.

9.      Ferry & Joseph will comply with all the requirements of this Court and of the

Bankruptcy Code and Bankruptcy Rules with respect to fee and expense applications of

professionals employed in Bankruptcy Cases.

WHEREFORE, the undersigned respectfully prays for the entry of the annexed Order and

for such other and further relief as may be just and proper.

Michael B. Joseph, Esquire

SWORN TO AND SUBSCRIBED before me this 22nd day of May, 2001.

Notary Public

My Commission Expires: _____

MEREDITH S. JONES
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Dec. 24. 2002

F:\Meredith\TJT\WRGraceBankMBJ\AffidofMBJ.wpd

4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

**ORDER APPROVING RETENTION OF FERRY & JOSEPH, P.A., AS
LOCAL COUNSEL FOR OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS, NUNC PRO TUNC, TO APRIL 18, 2001**

Upon annexed application ("Application") of the Official Committee of Asbestos

Property Damage Claimants (the "Committee") of the above-captioned debtors and debtors-in-

possession (the "Debtors") for an order pursuant to Sections 1103 and 1328 of Title 11 of the

United States Code (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the

Committee's retention of Ferry & Joseph, P.A. ("Ferry & Joseph") as local counsel to the

Committee, Nunc Pro Tunc, to April 18, 2001, and upon the Affidavit of Michael B. Joseph,

Esquire, a partner of Ferry & Joseph (the "Affidavit"), sworn to on May 22, 2001, and the Court

being satisfied that Ferry & Joseph represents no interest adverse to the estate with respect to the

matters upon which the firm is to be engaged, that said firm is a "disinterested person" within the

meaning of Section 101(xiv) of the Bankruptcy Code, and that the employment of Ferry &

Joseph is necessary and in the best interest of the Committee, and after due deliberation and

sufficient cause appearing therefore, it is hereby

ORDERED, that the application is granted; and it is further

ORDERED, that the Committee is authorized to retain the firm of Ferry & Joseph as its

local counsel in these Chapter 11 Cases, Nunc Pro Tunc, to April 18, 2001, and it is further

ORDERED, that the compensation to be paid to Ferry & Joseph for professional services

rendered and reimbursement for expenses incurred by it shall be determined by this Court upon

proper application pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Bankruptcy Rules for the District of Delaware and the Orders of this Court.


Dated: _____, 2001
          Wilmington, Delaware

                                        _____
                                        UNITED STATES DISTRICT COURT JUDGE

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\OrderApplic.wpd

2