**ORIGINAL**

FILED

2001 MAY 23 AM 11: 02

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

### AFFIDAVIT OF MEREDITH S. JONES, SECRETARY

STATE OF DELAWARE

                SS:

NEW CASTLE COUNTY

    I, MEREDITH S. JONES, certify that I am, and at all times during the service of process have been, an employee of the firm of Ferry & Joseph, P.A., that I am not less than 18 years of age, and that I am not a party to the matter concerning which service of process was made. I certify further that service of the attached: (1) Application of the Official Committee of Asbestos Property Damage Claimants for Order Authorizing Employment and Retention of Ferry & Joseph, P.A., Nunc Pro Tunc, as of April 28, 2001, as Local Counsel for the Official Committee of Asbestos Property Damage Claimants; **and** (2) Application by the Official Committee of Property Damage Claimants for Approval of Employment of Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP As Its Counsel, Nunc Pro Tunc, to April 9, 2001, was made on the parties on the attached 2002 Service List, by First-Class Mail or Hand-Delivery, on May 22, 2001.

                                  MEREDITH S. JONES, Secretary

SWORN TO AND SUBSCRIBED before me this 22nd day of May, 2001.

                                  NOTARY PUBLIC

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\AffofServApplications.wpd

TAMMY A. CORRIGAN
NOTARY PUBLIC-DELAWARE
My Commission Expires May 30, 2003

304

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) **Objections due by:** June 11, 2001 @ 4:00 p.m. | |
| | ) **Hearing Date:** To be scheduled only if Objections are | |
| | ) timely filed and served | |

## NOTICE OF APPLICATION

TO:    All parties on the 2002 Service List.

The Official Committee of Asbestos Property Damage Claimants has filed an Application for Order Authorizing the Employment and Retention of Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP, As Its Counsel, Nunc Pro Tunc, to April 9, 2001.

You are required to file a response to the attached **Application on or before June 11, 2001, at 4:00 p.m.**

At the same time, you must also serve a copy of the response upon Applicant's undersigned attorneys:

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
and Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
(302) 575-1555

**HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

FERRY & JOSEPH, P.A.

Michael B. Joseph, Esq. (No. 392)
Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Proposed Local Counsel for the Official
Committee of Asbestos Property Damage
Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price and
Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Proposed Counsel for the Official
Committee of Asbestos Property Damage
Claimants

Date: May 22, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotofAppBilzinfirm.wpd

2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**APPLICATION BY THE OFFICIAL COMMITTEE OF PROPERTY
DAMAGE CLAIMANTS FOR APPROVAL OF EMPLOYMENT OF BILZIN
SUMBERG DUNN BAENA PRICE & AXELROD LLP AS ITS
COUNSEL, NUNC PRO TUNC TO APRIL 9, 2001**

The Official Committee of Property Damage Claimants (the "Committee"), by its Acting Chairperson, moves this Court for approval of its employment of Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Firm"), as counsel for the Committee, nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§ 328 and 1103, Federal Rule of Bankruptcy Procedure 2014 and Local Rule 2014-1. The following grounds support this Application:

1.     On April 2, 2001 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2.     On April 2, 2001, the Court entered its Order directing the joint administration of the Debtors' chapter 11 cases (the "Consolidated Cases").

3.     On April 12, 2001, the Office of the United States Trustee appointed the Committee in this case consisting of Mr. Marco Barbanti, Princeton University, Pacific Freeholds

and Prudential Insurance Company. The Committee held its organizational meeting on that day and selected Mr. Marco Barbanti to serve as its Chairman.

4.    The Committee represents the interests of the property damage claimants in the Consolidated Cases.

5.    During the administration of the Consolidated Cases, the Committee will require the advice and representation of counsel. At the Committee's initial meeting held on April 12, 2001, at which all Committee members were present, the Committee chose to retain the Firm, by and through Scott L. Baena, Esq., 2500 First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, as its counsel to represent it in all matters during the pendency of the Consolidated Cases.

6.    The professional services for which the Committee desires to employ the Firm include, without limitation, the following:

(i)  providing the Committee with legal advice with respect to its rights, duties and powers in the Consolidated Cases;

(ii)  assisting the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of the continuance of such businesses and any other matter relevant to the Consolidated Cases or to the formation of a plan;

(iii)  preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(iv)  participating in formulating a plan or plans of reorganization;

(v)  assisting the Committee in considering and requesting the appointment of a trustee or examiner or conversion, should such action(s) become necessary;

(vi)  consulting with the Debtors, their counsel and the United States Trustee concerning the administration of this estate;

(vii)  representing the Committee in hearings and other judicial proceedings; and

(viii) performing such other legal services as may be required and as are deemed to be in the best interests of the Committee and the constituency which it represents.

7.      The Firm's restructuring and bankruptcy group has extensive experience with routine and complex in-court and out-of-court reorganizations, placing substantial emphasis on creditors' rights, corporate, banking and financial matters. The Firm has considerable experience in reorganization cases before this Court and others and is uniquely well-qualified to act as counsel for the Committee. Thus, the Committee believes that the Firm possesses expertise in the areas of law relevant to the Consolidated Cases and that the Firm is qualified to represent the Committee herein.

8.      The terms of the Firm's employment shall be as follows:

(i)      Subject to the approval of this Court, 11 U.S.C. § 328, and Federal Rule of Bankruptcy Procedure 2016, certain of the Firm's attorneys and legal assistants will undertake this representation at their respective customary hourly rates, the Firm's compensation to be finally fixed by the Court pursuant to 11 U.S.C. § 330.

(ii)      The Firm shall file with this Court applications for the allowance of interim compensation and for reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and Orders of this Court for services performed and expenses incurred, no more frequently than each 120 days, except that the Firm may seek final allowance of its compensation and reimbursements at the conclusion of its service to the Committee.

9.      To the best of the Committee's knowledge, the Firm does not hold or represent any interest adverse to the Committee or on any matters in which the Firm is to be engaged.

10.      To the best of the Committee's knowledge, the Firm is "disinterested" (as such term is defined in 11 U.S.C. § 101(14)) and has no connection with the Debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as specifically

set forth in the Affidavit of Scott L. Baena on Behalf of Bilzin Sumberg Dunn Baena Price & Axelrod LLP Pursuant to Federal Rule of Bankruptcy 2014, a copy of which is Exhibit A hereto.

11.    As the Firm does not have an office in Delaware, the Firm has coordinated with the Delaware law firm Ferry & Joseph, P.A. ("Ferry") to assist it in its representation of the Committee.  The Firm and Ferry will divide tasks and responsibilities in order to avoid rendering unnecessary and duplicative services.  Moreover, those attorneys from the Firm who intend to appear before this Court in these cases, and who are not admitted to practice before this Court, will soon file motions and proposed orders for admission pro hac vice.

WHEREFORE, the Committee respectfully moves the Court to consider this Application and thereupon enter an Order approving the employment of the Firm as counsel for the Committee in the Consolidated Cases, nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§ 328 and 1103, Federal Rule of Bankruptcy Procedure 2014 and Local Rule 2014-1.

Dated: May 17, 2001

THE    OFFICIAL    COMMITTEE    OF PROPERTY DAMAGE CLAIMANTS

By: _____

Darrell W. Scott, as designee for Marco Barbanti, Chairman of the Committee

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF SCOTT L. BAENA ON BEHALF
## OF BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) ss |
| COUNTY OF MIAMI-DADE | ) |

Scott L. Baena, being duly sworn, says:

1.      I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida and am qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

2.      I am a partner with the law firm of Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Firm") with offices located at 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131.   I have personal knowledge of the facts stated in this Affidavit except as expressly stated herein.   I am authorized to make this affidavit on the Firm's behalf.

3.      I submit this Affidavit in support of the Application by the Official Committee of Property Damage Claimants [the "Committee"] for Approval of Employment of Bilzin Sumberg Dunn Baena Price & Axelrod LLP as Its Counsel, Nunc Pro Tunc to April 9, 2001 (the "Application").   This Affidavit is in compliance with the provisions of 11 U.S.C. § 1103 and Federal Rule of Bankruptcy Procedure 2014(a).

4.    To the extent that any information disclosed herein requires amendment or modification upon the Firm's completion of further analysis or as additional creditor information becomes available to the Firm, supplemental affidavits will be filed with the Court.

5.    In order to prepare this Affidavit, I caused names and information concerning the above-captioned debtors (collectively, the "Debtors") and their top 50 creditors, as set forth in the Consolidated Top 50 List of creditors, to be compared with names and information contained in the Firm's conflict check system (the "Conflict Check System"). The Conflict Check System is a computerized database of current and former clients, and adverse and related parties that is regularly maintained in the course of business at the Firm. It is the practice of the Firm to update and maintain these records regularly. The Conflict Check System reflects entries at the time the information becomes known by persons whose regular duties include recording and maintaining this information. As a member of the Firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained therein in the performance of my duties at the Firm and in my practice of law.

6.    In addition, I caused an e-mail to be circulated to all persons at the Firm to determine if the Firm has any connections with the Debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

7.    The Committee requested the Firm to represent it for the reasons stated in the Application, which this Affidavit accompanies.

8.    The Firm has not been paid a retainer for services and costs incurred on behalf of the Committee as of the date of this statement. The Committee has agreed to support the Firm's applications to be paid reasonable attorneys' fees on an hourly rate basis and to obtain

2

reimbursement of all costs and expenses incurred in connection with these cases from the Debtors' estates, which compensation and reimbursement are to be fixed by the Court.

9.      Except as reflected in Exhibit "A" hereto, or as set forth herein, no attorney in the Firm previously or presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtors, or person otherwise adverse or potentially adverse to the Debtors or their estates on any matter related to the Debtors or their estates. None of the representations set forth in Exhibit "A" hereto, or as set forth herein, entailed or entails fees during the period(s) covered by such representations that would impair our ability to discharge our professional responsibility to the Committee. Furthermore, given that the Firm seeks to be engaged as counsel for the Committee, which represents the interests of property damage claimants who are general unsecured creditors of the Debtors' estates, and that our former and existing representations, as set forth on Exhibit "A" or herein, were in respect of parties that largely appear to be either property damage claimants or general unsecured creditors of the Debtors, we do not perceive the interests of such clients to be adverse to the interests of the Committee or its constituency.

10.     Based upon the conflict searches conducted to date as described herein, to the best of my knowledge, neither I, nor the Firm, nor any member, counsel, associate or paralegal of the Firm have any connections with the Debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee as required by Federal Rules of Bankruptcy Procedure 2014(a), except as set forth in Exhibit A hereto or herein.

11.     Except as disclosed herein and for the continuing representation of the

3

CASE NO. 01-01139 (JJF)

Committee, neither I, nor the Firm, has or will represent any other entity in connection with these cases.

       FURTHER AFFIANT SAYETH NAUGHT.

_____
                          Scott L. Baena

STATE OF FLORIDA        )
                       ) ss
COUNTY OF MIAMI-DADE    )

       SWORN to and subscribed before me this 21st day of May, 2001.

                          NOTARY PUBLIC

                          Sign _Marta Gutierrez_
                          Print MARTA GUTIERREZ

State of Florida
My Commission Expires:

#507736

```
NOTARY PUBLIC, STATE OF FLORIDA
        MARTA GUTIERREZ
    COMMISSION NO. CC738757
     MY COMMISSION EXPIRES
          MAY 3, 2002
```

4

# EXHIBIT "A"

| CREDITOR | FORMER CLIENT | CURRENT CLIENT | DESCRIPTION OF REPRESENTATION |
|---|---|---|---|
| Amerada Hess Corporation | X | | Land Use |
| First Union National Bank | | X | Commercial Transactions and Land Use |
| NationsBank, N.A. | | X | Litigation |
| Bank of Nova Scotia | | X | Real Estate |
| The Chase Manhattan Bank | X | | Real Estate |
| Citibank, FSB | | X | Real Estate |
| Morgan Guaranty Trust Company of New York | | X | Real Estate |
| Prudential Property & Casualty | X | | Litigation |
| Robins, Kaplan, Miller & Ciresi | | X | Litigation |

507865

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING APPLICATION BY THE OFFICIAL COMMITTEE
OF PROPERTY DAMAGE CLAIMANTS FOR APPROVAL OF EMPLOYMENT
OF BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP
AS ITS COUNSEL, NUNC PRO TUNC TO APRIL 9, 2001**

THIS MATTER came before the Court on the Application by the Official Committee of Property Damage Claimants for Approval of Employment of Bilzin Sumberg Dunn Baena Price & Axelrod LLP as Its Counsel, Nunc Pro Tunc to April 9, 2001 (the "Application"), filed by the Official Committee of Property Damage Claimants (the "Committee"), and the Affidavit of Scott L. Baena on Behalf of Bilzin Sumberg Dunn Baena Price & Axelrod LLP Pursuant to Federal Rule of Bankruptcy Procedure 2014 (the "Affidavit"), a copy of which is Exhibit A to the Application, wherein the Committee seeks authorization to employ the law firm of Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Firm") as its counsel. The Court, having considered the Application and the Affidavit, and that, based upon the representations made therein, the Firm represents or holds no interest adverse to the above-captioned debtors, their creditors or any other party in interest, including their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and is a disinterested person as contemplated by 11 U.S.C. § 101(14), the employment of the Firm is necessary and would be in the best interests of the Committee, and

notice of the Motion is sufficient, and being otherwise fully advised in the premises, finds good

cause to grant the Motion.  Accordingly, it is

ORDERED that, pursuant to 11 U.S.C. § 1103(a), the Committee is authorized to

employ and retain the Firm as its attorneys upon the terms and conditions set forth in the

Application, nunc pro tunc to April 9, 2001; and it is further

ORDERED that the Firm shall be compensated in accordance with the procedures

set forth in 11 U.S.C. §§ 330 and 331, applicable Federal Rules of Bankruptcy Procedure, the

Local Rules of this Court, and such other procedures which may be fixed by Order of this Court.


Dated: _____, 2001
      Wilmington, Delaware           _____
                             UNITED STATES DISTRICT COURT JUDGE

Copy furnished to:

Scott L. Baena, Esq.

[Attorney Baena is directed to mail a conformed copy of this Order upon all interested parties.]

510517

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) **Objections due by:** June 11, 2001 @ 4:00 p.m. | |
| | ) **Hearing Date:** To be scheduled only if Objections are | |
| | ) timely filed and served | |

## NOTICE OF APPLICATION

TO:    All parties on the 2002 Service List.

The Official Committee of Asbestos Property Damage Claimants has filed an Application for Order Authorizing the Employment and Retention of Ferry & Joseph, P.A., Nunc Pro Tunc, as of April 18, 2001, as Local Counsel for the Official Committee of Asbestos Property Damage Claimants.

You are required to file a response to the attached **Application on or before June 11, 2001, at 4:00 p.m.**

At the same time, you must also serve a copy of the response upon Applicant's undersigned attorneys:

| | |
|---|---|
| Michael B. Joseph, Esquire | Scott L. Baena, Esquire |
| Theodore J. Tacconelli, Esquire | Bilzin, Sumberg, Dunn, Baena, Price |
| Ferry & Joseph, P.A. | and Axelrod, LLP |
| 824 Market Street, Suite 904 | 2500 First Union Financial Center |
| P. O. Box 1351 | 200 South Biscayne Boulevard |
| Wilmington, DE 19899 | Miami, FL 33131-2336 |
| (302) 575-1555 | (305) 374-7580 |

**HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

FERRY & JOSEPH, P.A.

Michael B. Joseph, Esq. (No. 392)
Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Proposed Local Counsel for the Official
Committee of Asbestos Property Damage
Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price and
Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Proposed Counsel for the Official
Committee of Asbestos Property Damage
Claimants

Date: May 22, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotofAppFerryJoseph.wpd

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS FOR ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF FERRY & JOSEPH, P.A., NUNC PRO TUNC,
AS OF APRIL 18, 2001, AS LOCAL COUNSEL FOR THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

The Official Committee of Asbestos Property Damage Claimants (the "Committee"),

duly-appointed in the Chapter 11 cases of the above-captioned debtors (collectively "Debtors"),

through its Chairperson, Marco Barbanti, respectfully represents, in support of its application, as

follows:

1.    On April 2, 2001 (the "Petition Date"), the above-captioned Debtors filed

Voluntary Petitions for Relief Under Chapter 11 of Title 11, United States Code (the

"Bankruptcy Code").

2.    The Debtors have since the Petition Date continued in possession of their

properties and the management and operation of their business as Debtors-in-Possession,

pursuant to Sections 1107 and 1108 of the Bankruptcy Code. To date, no Trustee or Examiner

has been appointed in these cases.

3.    On April 2, 2001, an Order was entered directing procedural consolidation and

joint administration of these cases.

4.    On or about April 12, 2001, the United States Trustee appointed an Official

Committee of Asbestos Property Damage Claimants, pursuant to Section 1102(a)(1) of the

Bankruptcy Code, comprised of the following members: Mr. Marco Barbanti, class

representative; The Trustee's of Princeton University; Pacific Freeholds; and The Prudential

Insurance Company of America. Thereafter, on May 11, 2001 the United States Trustee filed an

amended notice of appointment and added Anderson Memorial Hospital; Catholic Archdiocese

of New Orleans; and Paul Price to the Committee.

5.     This Court has jurisdiction over this application pursuant to 28 U.S.C. Sections

157 and 1334. The statutory predicates for relief sought herein are Sections 328 and 1103 of the

Bankruptcy Code.

### Application to Employ and Retain Ferry & Joseph, P.A.

6.     Accordingly, by this application and pursuant to Sections 328 and 1103 of the

Bankruptcy Code, the Committee seeks to employ Ferry & Joseph, P.A. as its local counsel

("Local Counsel"), duly-qualified to practice in this Court.

7.     The professional service which Local Counsel is to render is the representation of

the Committee as Local Counsel in these proceedings, and the performance of legal services for

the Committee which may be necessary herewith. Local Counsel will work closely with the firm

of Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP and will divide tasks and

responsibilities to avoid rendering unnecessary and duplicative services.

8.     The Committee wishes to employ Local Counsel under a General Retainer

because of the legal services which the Committee anticipates will be required in these cases.

9.     Subject to Court approval in accordance with Section 330(a) of the Bankruptcy

Code, compensation will be payable to "Ferry & Joseph, P.A." on an hourly basis plus

reimbursement of actual, necessary expenses incurred by the law firm. The current hourly rates

for the attorneys and paralegals that will be principally responsible for the representation of the

Committee, are as stated in paragraph 8 of the Affidavit of Michael B. Joseph, Esquire, annexed

as Exhibit "A" hereto (the "Joseph Affidavit").

2

10.     The hourly rates set forth in the Joseph Affidavit are the firm's standard hourly rates for work of this nature and are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with these cases.

11.     Ferry & Joseph, P.A. will comply with all of the requirements of this Court and of the Bankruptcy Code and Bankruptcy Rules with respect to fee and expense applications of professionals employed by Bankruptcy estate. No promises have been received by Ferry & Joseph, P.A. nor by any member or associate there, as to compensation in connection with its representation of the Committee in these cases, other than in accordance with the provisions of the Bankruptcy Code.

12.     Ferry & Joseph, P.A. has no agreement with any entity to share any compensation received in connection with its representation of the Committee.

13.     To the best of Applicant's knowledge, the firm of Ferry & Joseph, P.A. has had no prior connection with the debtors, their creditors or any other party in interest or the respective attorneys, except as stated in the Joseph affidavit. Upon information and belief, the firm of Ferry & Joseph, P.A. does not presently hold or represent any adverse interest to the Debtors' estate, the Committee or the Creditors the Committee represents in the matters upon which it has been and is to be engaged.

14.     Approval of the application, nunc pro tunc, to April 18, 2001, is warranted. The complexity of these cases has necessitated that the Committee's professionals, including Ferry & Joseph, P.A., devote substantial resources to their representation of the Committee and begin service as soon as possible. Further, the nunc pro tunc approval of the application prejudices no party in interest, because Ferry & Joseph, P.A. has been active in these cases since its retention by the Committee and has, inter alia, appeared at several hearings and filed and served papers in

3

these cases.

15.    Notice of this application has been given to: (a) the United States Trustee; (b)

Counsel for the Debtors; (c) Debtors' Secured Lenders; and (d) those entities that have formally

requested receipt of papers in these cases pursuant to Bankruptcy Rule 2002. The Committee

submits that such notice is due and sufficient under these circumstances.

16.    Because this application present no novel issues of law, and the authorities relied

upon by the Committee are set forth herein, the Committee hereby waives the filing of a

Memorandum in support of this motion, pursuant to D. Del. L. R. 7.1.2, except that Committee

reserves the right to file a brief in reply to any objection to the application.

17.    No prior application for the relief requested herein has been made to this or any

other court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order,

substantially in the form annexed hereto as Exhibit "B," (a) granting the application; (b)

authorizing the Committee to retain and employ Ferry & Joseph, P.A., Nunc Pro Tunc, to April

18, 2001, as its Local Counsel in these Chapter 11 cases pursuant to Sections 1103(a) and 328 of

the Bankruptcy Code; and (c) granting such other and further relief as is just and proper.

The Official Committee of Asbestos
Property Damage Claimants

BY: _____

Marco Barbanti
Chairman

Date: May 14, 2001
TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\ApplicbyFerry&Joseph.wpd

4

## EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

**AFFIDAVIT OF MICHAEL B. JOSEPH IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF FERRY & JOSEPH, P.A., AS LOCAL COUNSEL FOR OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO APRIL 18, 2001**

STATE OF DELAWARE

:    SS

COUNTY OF NEW CASTLE

MICHAEL B. JOSEPH, ESQUIRE, being duly sworn, deposes and says:

1.      I am a partner in the firm of Ferry & Joseph, P.A. ("Ferry & Joseph"), 824 Market Street, Suite 904, P. O. Box 1351, Wilmington, DE 19899, and have been duly-admitted to practice in the Courts of the State of Delaware and the United States District Court for the District of Delaware, among others. This affidavit is submitted in support of the application (the "Application") of the Official Committee of Asbestos Property Damage Claimants (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an Order under Sections 1103(a) and 328 of Title 11 of the United States Code, 11 U.S.C. Sections 101 through 1130 (as amended, the "Bankruptcy Code"), and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing retention and employment of Ferry & Joseph as local counsel for the Committee.

2.      In connection with this post-retention by the Committee in these cases, Ferry & Joseph researched its client data base to determine whether it had any relationships with the

following entities:

    (a)    The debtors and their affiliates;

    (b)    The principal secured creditors of the debtors;

    (c)    The top 20 creditors of the debtors; and

    (d)    Certain other actual or potential parties in interest in the debtors' cases.

3.    Neither I, Ferry & Joseph, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with the debtors, their material secured or unsecured creditors, or any other significant parties in interest herein or the respective attorneys, of which Ferry & Joseph is aware, other than as follows:  I am Chapter 7 Trustee in the unrelated case of High Strength Steel, Inc., District of Delaware, Case No. 99-4369 (MFW), and Laura Jones, Esq. (Debtor's counsel) is counsel to the Trustee. Ferry & Joseph represents San Diego County, California, as local counsel in the Montgomery Ward, LLC Bankruptcy Case, C.A. No. 00-4667 (RTL). Ferry & Joseph also represents Harris County, Texas, City of Houston and the City of El Paso, Texas as local counsel in the following cases:

Reading China and Glass, Inc., et al.; Case No. 98-2466 (MFW);
Montgomery Ward, LLC, et al.; Case No. 00-4667 (RTL);
Just For Feet, et al.; Case No. 99-4110 (MFW);
Discovery Zone, Inc., et al.; Case No. 99-941 (PJW);
Venture Stores, Inc.; Case No. 98-101 (RRM);
Silver Cinemas International, Inc., et al.; Case No. 99-529 (MFW);
Winstar Communications, Inc., et al.; Case No. 01-1430 (JJF).

4.    Neither Ferry & Joseph nor I represent any interest adverse to the debtors or to their estates in matters upon which we are to be engaged.

5.    Ferry & Joseph is a "disinterested person" as that term is defined in Section 101 (14) of the Bankruptcy Code in that the firm, its partners, counsel and associates:

2

(a)     Are not creditors, equity security holders or insiders of the debtors;

(b)     Are not and were not investment bankers for any outstanding security of the debtors;

(c)     Have not been within three (3) years before the date of the filing of the debtors' Chapter 11 Petition (i) investment bankers for a security of the debtors; or (ii) an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the debtors;

(d)     Are not and were not, within two (2) years before the date of the filing of the debtors' Chapter 11 Petition, a director, officer or employee of the debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

(e)     Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtors or an investment banker specified in paragraph (b) or (c) above, or for any other reason.

6.      No promises have been received by Ferry & Joseph, nor by any member or associate thereof as to compensation in connection with the representation of the Committee in these cases, other than in accordance with the provisions of the Bankruptcy Code.

7.      Ferry & Joseph has no agreement with any entity to share any compensation received by Ferry & Joseph.

8.      Subject to Court approval and in accordance with Section 330(a) of the

3

Bankruptcy Code, compensation will be payable to Ferry & Joseph on an hourly basis, plus

reimbursement of actual, necessary expenses incurred by the law firm. The current hourly rates

for the attorneys and paralegals that will be principally responsible for the representation of the

Committee are as follows:

| Name | Hourly Rates |
|------|-------------|
| Partners | $250.00 - $275.00 |
| Associates | $150.00 - $185.00 |
| Paralegals | $ 85.00 |
| Case Clerks | $ 50.00 |

These hourly rates are the firm's standard hourly rates for work of this nature and are subject to

periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals

may from time to time serve the Committee in connection with this case.

    9.    Ferry & Joseph will comply with all the requirements of this Court and of the

Bankruptcy Code and Bankruptcy Rules with respect to fee and expense applications of

professionals employed in Bankruptcy Cases.

    WHEREFORE, the undersigned respectfully prays for the entry of the annexed Order and

for such other and further relief as may be just and proper.

Michael B. Joseph, Esquire

SWORN TO AND SUBSCRIBED before me this 22nd day of May, 2001.

Notary Public

My Commission Expires: _____

MEREDITH S. JONES
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Dec 24, 2002

F:\Meredith\TJT\WRGraceBankMBJ\AffidofMBJ.wpd

4

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

### ORDER APPROVING RETENTION OF FERRY & JOSEPH, P.A., AS LOCAL COUNSEL FOR OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC, TO APRIL 18, 2001

Upon annexed application ("Application") of the Official Committee of Asbestos

Property Damage Claimants (the "Committee") of the above-captioned debtors and debtors-in-

possession (the "Debtors") for an order pursuant to Sections 1103 and 1328 of Title 11 of the

United States Code (the "Bankruptcy Code") and Rules 2014, 2016 and 5002 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the

Committee's retention of Ferry & Joseph, P.A. ("Ferry & Joseph") as local counsel to the

Committee, Nunc Pro Tunc, to April 18, 2001, and upon the Affidavit of Michael B. Joseph,

Esquire, a partner of Ferry & Joseph (the "Affidavit"), sworn to on May 22, 2001, and the Court

being satisfied that Ferry & Joseph represents no interest adverse to the estate with respect to the

matters upon which the firm is to be engaged, that said firm is a "disinterested person" within the

meaning of Section 101(xiv) of the Bankruptcy Code, and that the employment of Ferry &

Joseph is necessary and in the best interest of the Committee, and after due deliberation and

sufficient cause appearing therefore, it is hereby

ORDERED, that the application is granted; and it is further

ORDERED, that the Committee is authorized to retain the firm of Ferry & Joseph as its

local counsel in these Chapter 11 Cases, Nunc Pro Tunc, to April 18, 2001, and it is further

ORDERED, that the compensation to be paid to Ferry & Joseph for professional services

rendered and reimbursement for expenses incurred by it shall be determined by this Court upon

proper application pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Bankruptcy Rules for the District of Delaware and the Orders of this Court.


Dated: _____, 2001
        Wilmington, Delaware

                                         _____
                                         UNITED STATES DISTRICT COURT JUDGE

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\OrderApplic.wpd

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No.
May 15, 2001
13 – Hand Delivery
07 – Federal Express
73 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE  19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Hand Delivery**
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

**Hand Delivery**
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

**Hand Delivery**
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

**Hand Delivery**
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

First Class Mail
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

First Class Mail
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

First Class Mail
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11, Merrill Lynch Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

First Class Mail
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

First Class Mail
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

First Class Mail
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

First Class Mail
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**First Class Mail**
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

**First Class Mail**
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**First Class Mail**
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

**First Class Mail**
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

**First Class Mail**
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

**First Class Mail**
Securities & Exchange Commission
Atlanta Regional Office Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

**First Class Mail**
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT 59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX 77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY 10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX 75204

**First Class Mail**
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

**First Class Mail**
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

**First Class Mail**
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA 19428-2961

**First Class Mail**
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

**First Class Mail**
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

**First Class Mail**
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas 77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA 98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA 19103-7396

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California 94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS 66210

First Class Mai
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX 77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

*First Class Mail*
(Counsel for Public Service Electric and Gas Company)
William E. Frese, Esquire
Attn: Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

*First Class Mail*
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102

*First Class Mail*
(Tennessee Department of Environment and Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah 83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York 10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria 32399-3000