ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| | : | |
| Debtor. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| TIG INSURANCE COMPANY, a | : | |
| California corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Reference No. 159 |
| | : | |
| GARY SMOLKER, an individual, | : | |
| and ALICE SMOLKER, an | : | |
| individual, and DOES 1-10, | : | |
| inclusive, | : | |
| | : | |
| Defendants. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| AND RELATING CROSS-ACTIONS | : | |
| CONCERNING HOME SAVING TERMITE | : | |
| CONTROL, INC. AND W. F. MORRIS | : | |

## DEBTORS' OPPOSITION TO HOME SAVING TERMITE CONTROL, INC.'S AND W. F. MORRIS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Dated:  May 29, 2001

KIRKLAND & ELLIS
David Bernick
James H.M. Sprayregen
Reed S. Oslan
Scott A. McMillin
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

PACHULSKI, STANG, ZIEHL,
    YOUNG & JONES PC
Laura Davis Jones (#2436)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    The Automatic Stay Is One Of The Fundamental Protections For The Debtor . . . 4

    II.   No Collateral Litigation Should Be Allowed To Proceed . . . . . . . . . . . . . . . . . . 6

    III.  The Moving Parties Have Failed To Show Sufficient Cause To Lift The Stay . . . 7

        A.    Substantial Prejudice Would Be Incurred By The Debtor If The Stay Were Lifted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.    The Balance Of Hardships Weighs Significantly In Favor Of The Debtor 11

        C.    The Smolker Plaintiffs Have Little Chance of Success on the Merits . . . 12

    IV.  The Smolker Action Should Be Stayed In Its Entirety . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

<u>Cases</u>

<u>A.H. Robins Co., Inc. v. Piccinin</u> (In re A.H. Robins & Co., Inc.),
788 F.2d 994 (4th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

<u>American Film Technologies, Inc. v. Taritero</u> (In re American Film Technologies, Inc.),
175 B.R. 847 (Bankr. D. Del. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>Belcufine v. Aloe</u>, 112 F.3d 633 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Borman v. Raymark Industries, Inc.</u>, 946 F.2d 1031 (3rd Cir. 1991) . . . . . . . . . . . . . . . . 4, 9, 11

<u>In re Claughton</u>, 140 B.R. 861 (Bankr. W.D.N.C. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>In re Continental Airlines, Inc.</u>, 152 B.R. 420 (D. Del. 1993) . . . . . . . . . . . . . . . . . . . . . . 5, 6

<u>In re Curtis</u>, 40 B.R. 795 (Bankr. D. Utah 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>In re Johns-Manville Corp.</u>, 26 B.R. 420 (Bankr. S.D.N.Y. 1983),
<u>affirmed</u>, 40 B.R. 219 (S.D.N.Y. 1984),
<u>rev'd in part sub nom</u>, <u>Occidental Chem. Corp. v. Johns-Manville Corp.</u>,
(In re Johns-Manville Corp.) 41 B.R. 926 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . 7, 10

<u>In re Micro Design, Inc.</u>, 120 B.R. 363 (E.D. Pa. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>In re Penn-Dixie Industries, Inc.</u>, 6 B.R. 832 (Bankr. S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . 7

<u>In re Rexene Products Co.</u>, 141 B.R. 574 (Bankr. D. Del. 1992) . . . . . . . . . . . . . . . . . . . . 4, 6, 11

<u>Martin v. County of Los Angeles</u>, 51 Cal. App. 4th 688 (1996) . . . . . . . . . . . . . . . . . . . . . 14

<u>McCartney v. Integra Nat. Bank North</u>, 106 F.3d 506 (3d Cir. 1997) . . . . . . . . . . . . . . . . 12, 13

<u>Midatlantic Nat. Bank v. New Jersey Dept. of Environmental Protection</u>,
474 U.S. 494, 503 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Statutes</u>

11 U.S.C. 362(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## INTRODUCTION

The Debtors file this response to an effort by parties in one of the thousands of cases pending against Debtors to create an exception in order to allow them to prosecute their case, notwithstanding the stay that has been entered by Debtors' bankruptcy filings. In their motion, Home Saving Termite Control, Inc. ("Home Saving") and W. F. Morris (collectively, the "Moving Parties") seek relief from the stay to assert a cross-claim for indemnity against W.R. Grace & Co. ("Grace"), and to pursue discovery against Grace in the <u>TIG Insurance Co. v. Smolker</u> case (the "Smolker Action").

As the Court is aware, on the Petition Date, Debtors filed an adversary complaint seeking to stay asbestos-related litigation against various Affiliated Entities whose purported liability was solely derivative of Debtors' liability. A temporary restraining order was entered on April 2, 2001 enjoining the commencement or prosecution of Asbestos Actions against the Affiliated Entities. On May 3, 2001, the Court entered a preliminary injunction barring the prosecution of Asbestos Actions against the Affiliated Entities.

Although the Smolker Action is a pesticide exposure case rather than an asbestos case, the same considerations that warranted extension of injunctive relief to co-defendant Affiliated Entities are implicated in the Smolker Action. If the Smolker Action were to proceed as to Home Saving and Morris, Debtors would suffer substantial prejudice:

- The case would be an immediate burden and distraction to Grace and its top employees who would be forced to prepare for and participate in this lawsuit;

- In the event of an adverse verdict against Home Saving, there is a risk that Grace might be collaterally estopped from challenging that verdict in a subsequent lawsuit by the Smolkers;

- Likewise, an adverse verdict might subject Grace to indemnity claims from Home Saving and Morris; and

1

●     An adverse verdict in this case may lead to more claims of like kind.

This case should not be distinguished from the myriad other claims against Debtors and allowed

to proceed.  It is critical to Debtors' successful reorganization that collateral litigation against

Debtors be shut down.  Accordingly, the Moving Parties' motion should be denied, and Debtors

will seek to modify the preliminary injunction to cover Home Saving, Morris and the other cross

claim defendants in the Smolker Action.

## BACKGROUND

The Smolker Action alleges that Mr. and Mrs. Smolker and their two children

were exposed to pesticides manufactured by Grace and applied to their condominium and the

common areas of their condominium complex by Home Saving and Morris.  The Smolkers allege

various personal injuries arising from their exposure to the chemicals in the pesticide.

The Smolker Action was filed originally by TIG Insurance Co. on July 2, 1997 in

California state court seeking a declaration that the Smolkers' alleged injuries were not covered

under TIG's insurance policies.  In October of 1997, the Smolkers filed a cross-complaint against

Grace, Home Saving, Morris, the Smolkers' condominium association, other homeowners in the

condominium complex and various property and automobile insurers.  The gravamen of the

Smolkers' cross-complaint is that the pesticide manufactured by Grace and applied by Home

Saving and Morris is a defective product and was negligently applied.

Shortly after the Smolkers filed their cross-complaint, Grace, Home Saving and

Morris entered into a joint defense agreement to defend against the Smolkers' claims.  One of the

provisions of the joint defense agreement was that neither Grace nor Home Saving and Morris

would file cross-claims against one another.  (Porter Decl. ¶ 4, attached as Exhibit A).  Prior to

Debtors' filing their bankruptcy cases, Grace actively participated in the defense of this action and cooperated with Home Saving and Morris. (Porter Decl. ¶ 5).

When Grace filed its bankruptcy case, the automatic stay took effect and all further proceedings as to Grace were stayed. In response, the Smolkers appeared before the state court on April 10, 2001 and moved the court, ex-parte, for an amended Trial Order severing the claims against Grace from the claims against Home Saving in an attempt to circumvent the protection afforded Grace under the Bankruptcy Code. (Porter Decl. ¶ 8). At the hearing on the Smolkers' motion, Grace specially appeared and objected to the motion on the grounds that any finding of liability against Home Saving on the Smolkers' product claims or a finding of causation would potentially have an issue preclusive effect, and because Home Saving might be entitled to equitable indemnity from Grace on the products claims. (Porter Decl. ¶ 9).

The state court expressed its intent to grant the Smolkers' requested relief and summarily denied Grace's application for an order staying this action pending resolution of the Debtors' bankruptcy cases. (Porter Decl. ¶ 10). As a result, the Smolker Action will proceed as to the remaining defendants and Grace may potentially be collaterally estopped from challenging the findings of the California state jury (including that the product was defective and/or caused the Smolkers' alleged injuries) in a subsequent action by the Smolkers, and Home Saving may be entitled to seek equitable indemnity from Grace on the product defect issue. Clearly, Grace's liability will be adjudicated if the instant action is permitted to proceed against Home Saving alone, and therefore the entire action should be stayed pursuant to 11 U.S.C. § 362(a).

When the state court denied Grace's application for an order staying the Smolker case, Grace removed this action from the Superior Court of California, County of Los Angeles to the United States Bankruptcy Court for the Central District of California on April 30, 2001.

Grace subsequently moved to transfer venue to the District of Delaware.  The Smolkers have opposed the motion to transfer and have filed a motion to remand.  These two motions are set for hearing in the California Bankruptcy Court on June 19, 2001.

On May 1, 2001, Home Saving and Morris filed a Motion for Relief from the Automatic Stay to allow them to (1) file a cross-complaint for indemnity against Grace, (2) pursue discovery against Grace regarding its pesticide product, and (3) compel Grace's employees to be called as witnesses.  Grace objects to the Moving Parties' motion for relief from the stay for the reasons stated below.

## ARGUMENT

**I.      The Automatic Stay Is One Of The Fundamental Protections For The Debtor.**

The automatic stay is one of the most fundamental protections provided to a Debtor under the Bankruptcy Code.  See Midatlantic Nat. Bank v. New Jersey Dept. of Environmental Protection, 474 U.S. 494, 503 (1986).  In particular, the Third Circuit has held that the purpose of the automatic stay is to:

> prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.

Borman v. Raymark Industries, Inc., 946 F.2d 1031, 1036 (3rd Cir. 1991) (automatic stay applied to debtor's appeal of judgment against it in a products liability action, even though debtor stayed the prepetition execution of judgment against it by posting a supersedeas bond); In re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992).

This Court has already recognized the force and importance of the automatic stay in its prior rulings and determinations.  On April 2, 2001, the Court issued a Temporary

4

Restraining Order extending the automatic stay to the commencement or prosecution of Asbestos

Actions against the Affiliated Entities.  On May 3, 2001, the Court entered a preliminary

injunction staying the prosecution of Asbestos Actions against the Affiliated Entities because

actions against the Affiliated Entities were, in effect, actions against the Debtors and would

affect the assets of the estate that would be available to creditors.  Additionally, the Court has

already denied the motion of Paul Price to lift the stay in In re Zonolite Attic Insulation Products

Liability Litigation, MDL 1376.

Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay may be

lifted or modified only under certain circumstances.  In particular, Section 362(d)(1) of the

Bankruptcy Code provides, in part, that:

> On request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under subsection (a) of this
> section, such as by terminating, annulling, modifying, or conditioning such
> stay –
>
> > (1)  for cause, including the lack of adequate protection of an interest in
> > property of such party in interest.

As a result, a movant must demonstrate sufficient cause to justify the lifting or

modification of the automatic stay.  Although the Bankruptcy Code does not define what

constitutes cause, "courts generally consider the policies underlying the automatic stay [and] . . .

the competing interests of the debtor and the movant." In re Continental Airlines, Inc., 152 B.R.

420, 424 (D. Del. 1993).  In particular, Delaware courts consider the following three factors in

balancing the competing interests of the parties:

> (1)  the prejudice that would be suffered by the debtors should the stay be
> lifted;
>
> (2)  the balance of the hardships facing the parties if the stay is lifted; and

(3)    the probable success on the merits if the stay is lifted.

Continental, 152 B.R. at 424; Rexene, 141 B.R. at 576-77.

The Moving Parties have failed to demonstrate sufficient "cause" necessary to lift the automatic stay in these Chapter 11 Cases.[1]

## II.    No Collateral Litigation Should Be Allowed To Proceed.

As a threshold matter, no collateral litigation against Debtors should be allowed to take place in this case.  This is a bankruptcy that is litigation driven.  The whole reason that Debtors were forced into bankruptcy was the morass of asbestos litigation.  The main challenge of this bankruptcy is to develop a comprehensive litigation plan to deal with these thousands of cases and to develop a plan of reorganization.  Allowing collateral litigation such as the Smolker Action to proceed is a distraction that prevents Debtors from focusing on their litigation and reorganization plans.

Courts have recognized that in mass tort cases, there is a critical need to shut down all collateral litigation in order to allow the Debtors an opportunity to develop comprehensive litigation and reorganization plans.

> The purpose of this section [362] by its various subsections is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.

---

[1]The Moving Parties' reliance on In re Claughton, 140 B.R. 861 (Bankr. W.D.N.C. 1992), is misplaced.  First, the Claughton court did not follow the standard for lifting the stay that is the law in the Third Circuit.  The appropriate standard in the Third Circuit is set forth above.  See Continental, 152 B.R. at 424; Rexene, 141 B.R. at 576-77.  Second, the issue in Claughton was the equitable distribution of marital assets which is committed to the exclusive discretion of the state matrimonial courts.

6

A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins & Co., Inc.), 788 F.2d 994, 998, 1008 (4th

Cir. 1986) ("Robins I"); see In re Johns-Manville Corp., 26 B.R. 420 (Bankr. S.D.N.Y. 1983)

("Manville has demonstrated, at this point in time only, that the continuation of the actions

against these related entities would directly interfere with the debtor's estate and/or with its

chances for a successful reorganization."), affirmed, 40 B.R. 219 (S.D.N.Y. 1984), rev'd in part

sub nom, Occidental Chem. Corp. v. Johns-Manville Corp., (In re Johns-Manville Corp.) 41 B.R.

926 (S.D.N.Y. 1984). Here, there are literally thousands of cases currently pending against the

Debtors. These cases should not be litigated piecemeal in courts across the country; rather, they

should all remain stayed for a period of time while Debtors develop a comprehensive litigation

plan to deal with them. Allowing the Smolker Action to proceed will simply divert Debtors'

attention from the task of developing this plan.

III.    **The Moving Parties Have Failed To Show Sufficient Cause To Lift The Stay.**

    A.    **Substantial Prejudice Would Be Incurred By The Debtor If The Stay Were Lifted.**

        The most important factor in determining whether to grant relief from the

automatic stay to allow litigation to proceed against a debtor in another forum is the effect of

such litigation on the administration of the estate. See In re Curtis, 40 B.R. 795, 806 (Bankr. D.

Utah 1984); In re Penn-Dixie Industries, Inc., 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980). If the

automatic stay is lifted to allow the litigation of the Smolker Action, the Debtors' ability to

administer their estates and these Chapter 11 Cases would be severely impacted.

        *First*, modifying the automatic stay to allow the Moving Parties to litigate the

Smolker Action against Grace would require the time and commitment of individuals intimately

involved in the Debtors' Chapter 11 Cases. In particular, litigation of the Smolker Action will

involve, at a minimum, several of the Debtors' key personnel, including Albert J. Costello, the former President and CEO of Grace; Robert M. Tarola, Grace's Senior Vice President and CFO; Harry Eschenbach, the former Director of Health, Safety and Toxicology for Grace; James R. Hyde, the former President of Grace Davison; Julian Convey, Grace Davison's Environmental Health and Safety Manager; and members of the Debtors' "in-house" legal department (collectively the "Key Employees").[2] (Porter Decl. ¶ 11). Such Key Employees would be required not only to divert their attention away from these Chapter 11 Cases to assist counsel in preparation of Grace's defense of the Smolker Action, but several of them would most likely be witnesses in the Smolker Action. As a result, they would be forced to incur the additional burden of preparing testimony, as well as being uprooted from the Debtors' headquarters in Maryland or offices in Florida to spend what could become a significant period of time in California.

*Second*, the significant expenditure of time and resources necessary to adequately defend the Smolker Action will divert the attention of Key Employees from the administration of these Chapter 11 Cases during one of the most critical periods of the Debtors' reorganization process. Debtors filed their petitions less than two months ago and are currently attempted to develop a litigation plan to deal with the tens of thousands of pending asbestos claims and to develop a plan of reorganization. By committing the attention and resources of the Key Employees to the defense of the Smolker Action rather than dealing with the tens of thousands of asbestos-related actions and their plan of reorganization, the continuation of the Smolker Action will severely interfere with the Debtors' ability to orderly administer these Chapter 11 Cases and

---

[2]Although several of these individuals are former employees, they are the individuals at Grace most knowledgeable about the asbestos litigation, and many of them, including Mr. Eschenbach, are still intimately involved in Grace's attempt to deal with the morass of asbestos litigation.

will unreasonably hamper the ability of the Debtors to adequately protect the interests of their estates and creditors during this critical period of these Chapter 11 Cases.

*Third*, allowing the Smolker Action to proceed would require Grace to bear the financial burdens of discovery and a full blown trial.  Grace disputes the allegations asserted by the Smolkers as well as the potential cross-claim by Home Saving and anticipates the need to mount a vigorous defense and conduct discovery relating thereto.  In particular, Grace (i) disputes whether its pesticide products are defective, (ii) disputes whether the Smolkers' alleged personal injuries were caused by exposure to Grace's products, (iii) disputes the Moving Parties' indemnity claim, and (iv) is considering pursuing a cross-claim against the Moving Parties.  Furthermore, as the Moving Parties' motion for relief from the stay amply demonstrates, the Debtors will be required to introduce fact and expert witness testimony and other evidence in order to defend against the Smolker Action.  Thus, continuation of the Smolker Action will result in the unnecessary depletion of the Debtors' already limited assets and resources.  It was exactly this sort of depletion of assets due to legal costs that the automatic stay was designed to prevent.  See Borman, 946 F.2d at 1036 (concerns as to the depletion of the debtor's assets are implicated whenever an action is instituted against a debtor, regardless if another party will ultimately be responsible for payment of a judgment).

*Fourth*, if the automatic stay is lifted in this case, the Debtors face the risk of additional claims.  If the Smolker plaintiffs are successful in obtaining a judgment against Home Saving, it may set adverse precedent and prompt the filing of other, similar pesticide exposure claims.  Likewise, lifting the stay in this one action may open the floodgates of other motions to lift the stay.  This one lawsuit relates to pesticide exposure, however, there are tens of thousands of claims pending against Debtors relating to asbestos exposure.  Lifting the stay in the Smolker

9

Action may well prompt large numbers of asbestos claimants, or co-defendants in those asbestos actions, to seek relief from the stay to pursue their claims against Debtors. Were this to happen, Debtors would be put back into the position they were in prior to filing for bankruptcy. Indeed, it was the pendency of these tens of thousands of claims that necessitated Debtors' bankruptcy filing in the first place. Debtors should be given the breathing room provided for by the automatic stay to allow them to develop their litigation plan for dealing with the morass of asbestos litigation as well as their plan of reorganization.

Finally, in an attempt to mitigate this burden, the Moving Parties purport to limit their cross-claims to the extent of any available insurance policies. As an initial matter, the Moving Parties have identified no insurance policies that would cover the purported liability in the Smolker Action. Moreover, to the extent that any such insurance policies exist, they would also be implicated in the tens of thousands of asbestos-related actions that are pending against Debtors. Debtors intend to rely on the proceeds of these policies, in part, to fund their plan of reorganization. To the extent that the Moving Parties seek to deplete the insurance proceeds that would be otherwise available to fund Debtors' plan of reorganization, the Moving Parties are still seeking assets of the estate. Thus, regardless of whether the Moving Parties purport to limit their claims to available insurance proceeds, they still seek to deplete assets of the estate that would otherwise be available to creditors. In addition, Grace's insurance policies have large deductibles (on the order of $5 million), which are guaranteed by Grace's assets. Thus, any judgment in this case, which would likely be for far less than Grace's deductible, would require drawdown of Grace's assets to pay the judgment. [3]

---

[3] The In re Johns-Manville Corp., 41 B.R. 926 (S.D.N.Y. 1984), decision cited by the Moving Parties is also inapposite. In that case, the court did allow the movants to obtain limited
(continued...)

**B.     The Balance Of Hardships Weighs Significantly In Favor Of The Debtors.**

The above-described burdens forced upon the Debtors by the continuation of the Smolker Action far outweigh any inconvenience encountered by the Moving Parties.  Unsecured creditors, such as the Moving Parties, "bear the heavy and possibly insurmountable burden of proving that the balance of hardships tips significantly in favor of granting relief as against the hardships to the Debtor in denying relief." In re Micro Design, Inc., 120 B.R. 363, 369 (E.D. Pa. 1990) (automatic stay not lifted where it was appropriate for movant to pursue its claim by filing a proof of claim, and participating in the claim process, in the bankruptcy case).

The Moving Parties should not be granted preferential treatment over other general unsecured creditors of Grace.  Unwarranted preferential treatment, however, is exactly what the Moving Parties seek.  Instead of receiving their pro rata share of whatever distribution which allowed unsecured claims of Grace would be entitled to receive under a plan of reorganization, the Moving Parties seek to expend the limited resources of the Debtors to the detriment of the Debtors' estates so that they might potentially obtain a judgment against Grace. The Debtors, their estates, and the Debtors' unsecured creditors should not be forced to subsidize the Moving Parties' efforts to augment their potential recovery over other unsecured creditors. This is exactly the sort of result that the automatic stay was intended to avoid.  See Borman, 946 F.2d at 1036; Rexene, 141 B.R. at 576.

Because the Debtors would suffer great hardship if the automatic stay is lifted, and the Moving Parties would suffer little, if any, hardship if the Motion is denied, this Court should

---

[3](...continued)
discovery of Manville, however, the court did not allow movants to prosecute cross-claims against Manville and did not require Manville to prepare for and participate in a full trial on the merits of the case.

deny the motion to lift the stay. The Moving Parties will still have the opportunity to resolve their alleged claim in the Bankruptcy Court if relief from the automatic stay is not granted by this Court by filing a proof of claim.

### C.     The Smolker Plaintiffs Have Little Chance of Success on the Merits.

The Moving Parties' motion for relief from the automatic stay should be denied because the Smolkers have little chance of success on the merits. Mr. Smolker, who is a real estate attorney, has been proceeding *pro se* on behalf of himself and his family in this lawsuit for the past four years. He has asserted 31 separate causes of action against Grace, Home Saving and the other cross-claim defendants. Grace has been successful in getting summary judgment granted on all but two of his claims – negligence and strict liability. Grace believes that it has a very good chance of winning at trial on both the issue of whether its pesticide was defective and whether the pesticide caused the Smolkers' purported injuries. Moreover, this is the only case currently pending against Grace alleging injuries from exposure to this pesticide product. Accordingly, Grace believes that the Smolker plaintiffs have little chance of success on the merits.

### IV.     The Smolker Action Should Be Stayed In Its Entirety.

The Smolker Action should be stayed because there is an identity of interest between Grace and Home Saving on the issues to be tried. The Third Circuit has stayed collateral litigation "where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." McCartney v. Integra Nat. Bank North, 106 F.3d 506, 510 (3d Cir. 1997). Finding that a deficiency judgment "would have necessarily impacted" the debtor's estate, that the debtor was a real party

in interest in the third party litigation and that any deficiency judgment would have operated as a

judgment against the debtor, the Third Circuit held that the action against the non-debtor third

party was subject to the automatic stay triggered by the debtor's bankruptcy.  Id. at 511; see

Belcufine v. Aloe, 112 F.3d 633, 637 n.5 (3d Cir. 1997).  In Robins I, the Fourth Circuit

explained the circumstances in which the identity of interest test should be used to apply the

automatic stay to actions against non-debtor third parties:

> This 'unusual situation,' it would seem, arises when there is such identity
> between the debtor and the third-party defendant that the debtor may be
> said to be the real party defendant and that a judgment or finding against
> the third-party defendant will in effect be a judgment against the debtor.
> An illustration of such a situation would be a suit against a third-party who
> is entitled to absolute indemnity by the debtor on account of any judgment
> that might result against them in the case.  To refuse application of the
> statutory stay in that case would defeat the very purpose and intent of the
> statute.

Robins I, 788 F.2d at 999 (emphasis added).

In this case, there is clearly an identity of interest between Grace and Home

Saving on the two critical issues to be litigated at trial: (1) whether the pesticide manufactured by

Grace is defective and unreasonably dangerous, and (2) whether Grace's pesticide caused the

Smolkers' purported personal injuries.  It is Grace's product that will be on trial, regardless of

whether Grace is a participant in the trial.  An adverse finding in the Smolker Action against the

Moving Parties on these issues would impact the liability of Grace and therefore would affect the

Debtors' bankruptcy estates.

First, if the Smolker Action is permitted to proceed against Home Saving, Grace

may be collaterally estopped from challenging a California state verdict finding either that its

pesticide product is defective or that the pesticide, in fact, caused the injuries the Smolkers allege

to have suffered.  See American Film Technologies, Inc. v. Taritero (In re American Film

Technologies, Inc.), 175 B.R. 847, 849 (Bankr. D. Del. 1994) (action exposed debtor to collateral estoppel prejudice).  Second, in the event a California state jury finds the pesticide to be defective, Home Saving may be entitled to equitable indemnity from Grace.  In <u>Martin v. County of Los Angeles</u>, 51 Cal. App. 4th 688 (1996), for instance, the court held that the trial court erred in failing to afford the findings of a jury collateral estoppel effect against an equitable indemnitor in a subsequent indemnity action.

Because there is an identity of interest between Grace and the Moving Parties and because continued litigation of the Smolker Action against the Moving Parties may affect the assets of the estate available to creditors, the entire action should be stayed.

## CONCLUSION

The Moving Parties have failed to establish the requisite cause necessary in order to obtain relief from the automatic stay.  In particular, the Debtors will suffer extraordinary prejudice if the automatic stay is lifted, and such prejudice greatly outweighs the hardships, if any, encountered by the Moving Parties.  For this reason, the Moving Parties should not be granted relief from the automatic stay, and the Moving Parties' motion should be denied.

Wilmington, Delaware

Dated: May 29, 2001

Respectfully submitted,

KIRKLAND & ELLIS
David Bernick
James H.M. Sprayregen
Andrew R. Running
Reed S. Oslan
Scott A. McMillin
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

14

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES PC

_David W Carickhoff Jr_

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

Brian C. Porter, Esq.; SBN 204684
BORTON, PETRINI & CONRON, LLP
707 Wilshire Boulevard, Suite 5100
Los Angeles, California 90017-3613
Telephone (213) 624-2869

Attorneys for Cross-Defendants W.R. GRACE
& COMPANY and GRACE DAVISON, collectively
"Debtors" herein

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>W.R. GRACE & COMPANY,<br><br>Debtor. | Case No.: 01-01139 JJF [United States District Court for the District of Delaware]<br><br>Chapter 11 |
| TIG INSURANCE COMPANY, a California corporation,<br><br>Plaintiff,<br>v.<br><br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | U.S. Bankruptcy Court, Central District, Los Angeles Division<br>Adv. No. AD01-01646BB<br>[Honorable S. Bluebond]<br><br>Removed Case No. BC 173 952<br>[California Superior Court, County of Los Angeles]<br><br>Reference No. 159 |
| GARY SMOLKER and ALICE SMOLKER,<br><br>Cross-Complainants,<br>v.<br><br>HOME SAVINGS TERMITE CONTROL, INC.; W.F. MORRIS; RIKK THOMPSON; W.R. GRACE & CO.; GRACE DAVISON; CORGIS GROUP, INC.; CORGIS INSURANCE COMPANY; CALIFORNIA INSURANCE COMPANY; TRUCK INSURANCE EXCHANGE; TRUCK UNDERWRITERS ASSOCIATION;<br><br>Cross-Defendants. | DECLARATION OF BRIAN C. PORTER IN SUPPORT OF DEBTORS/CROSS-DEFENDANTS W.R. GRACE & CO. AND GRACE DAVISON'S OBJECTION TO HOME SAVING TERMITE CONTROL, INC.'S AND W.F. MORRIS' MOTION FOR RELIEF FROM AUTOMATIC STAY |

1

I, Brian C. Porter, do declare and state as follows:

1. I am an attorney at law, duly licensed to practice before all of the Courts of the State of California and the Courts of the United States, Central District of California and am an associate in the Law Firm of Borton, Petrini & Conron, LLP attorneys of record herein for debtors/cross-defendants herein, W.R. GRACE & Co. and GRACE DAVISON. My California State Bar Number is 204684, and I am an attorney in good standing with no record of discipline.

2. The following matters are states from my personal knowledge, except those stated on information and belief, which I believe to be true and correct, and if called as a witness I could and would so competently testify thereto under oath.

3. Defendants/Cross-Complainants Gary Smolker and Alice Smolker (collectively, "the Smolkers) are bringing the instant action against Grace and others, alleging that Grace manufactured, designed, labeled, and sold the pesticide SYLOID 244 ("Product") for residential application and that the Product "could be harmful to human health if inhaled or if deposited on a person's skin."

4. Shortly after the Smolkers filed their cross-complaint, GRACE, HOME SAVING TERMITE CONTROL, INC. and WAYNE F. MORRIS entered into a joint defense agreement to defend against the Smolkers' claims. One of the provisions of the joint defense agreement was that neither GRACE nor HOME SAVING would file cross-claims against one another.

5. Prior to Debtors' filing for bankruptcy, GRACE actively participated in the defense of this action and cooperated with HOME SAVING and MORRIS.

6. On or about July 2, 1997, Plaintiff, TIG Insurance Company, filed a declaratory relief action against Defendants/Cross-Complainants, Gary and Alice Smolker (collectively the "Smolkers") seeking a declaration that TIG Insurance company is not responsible to pay insurance proceeds under the Smolkers homeowners insurance policy.

7. In October of 1997, the Smolkers filed a cross-complaint against Home Saving Termite Control, Inc. and Wayne Morris (collectively, "Home Saving"), Grace, Pacific Villas Homeowners' Association, Carol Kay and numerous other parties alleging 31 causes of action, *inter alia* products liability.

///

2

8. On April 10, 2001, the Smolkers appeared before the State Court, ex parte, and moved for an amended Trial Order severing claims against Grace from the claims against Home Saving in an attempt to circumvent the protection afforded Grace under the Bankruptcy code.

9.     Grace specially appeared before the State Court on April 10, 2001 and urged the Court to deny the Smolkers' Motion for an Amended Trial order on the grounds that a jury finding might implicate Grace's interests.

10.     Subsequently, on April 17, 2001, Grace appeared before the State Court and moved the Court, ex parte, to stay the entire action. The State Court expressed its intent to grant the Smolkers' requested relief and summarily denied GRACE's application for an order staying this action pending resolution of the Debtors' bankruptcy cases.

11. Litigation of the instant lawsuit will involve, at a minimum, several of the Debtors' key personnel, including Albert J. Costello, the former President and CEO of Grace; Robert M. Tarola, Grace's Senior Vice President and Chief Financial Officer; Harry Eschenbach, Director of Health & Safety and Toxicology for Grace Specialty Chemicals Company; James R. Hyde, former President of Grace Davison; Julian Convey, Grace Davison's Environmental Health and Safety Manager; and members of the Debtors' "in-house" legal department.

I declare under penalty of Perjury under the laws of the States of California and Delaware, and under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this __24__ day of May, 2001, at Los Angeles, California.

Brian C. Porter, Declarant

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| | : | |
| Debtor. | : | |
| | : | |
| TIG INSURANCE COMPANY, a | : | |
| California corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Reference No. 159 |
| | : | |
| GARY SMOLKER, an individual, | : | |
| and ALICE SMOLKER, an | : | |
| individual, and DOES 1-10, | : | |
| inclusive, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| AND RELATING CROSS-ACTIONS | : | |
| CONCERNING HOME SAVING TERMITE | : | |
| CONTROL, INC. AND W. F. MORRIS | : | |

**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS: |
| COUNTY OF NEW CASTLE | ) |

Holly Taylor DalBello, being duly sworn according to law, deposes and says that she is

employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. and that on the 29th

day of May, 2001 she caused a copy of the following document to be served upon the parties

listed on the attached service list in the manner indicated

Debtors' Opposition to Home Saving Termite
Control, Inc.'s and W.F. Morris' Motion for Relief
from the Automatic Stay

Dated:  May 29, 2001

_Holly Taylor DalBello_
Holly Taylor DalBello

Sworn to and subscribed before
me this 29th day of May, 2001

_Teresa J. Lesko_
Notary Public
My Commission Expires:  03-21-02

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No.
May 29, 2001
14 – Hand Delivery
07 – Federal Express
90 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

***Hand Delivery***
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

***Hand Delivery***
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

***Hand Delivery***
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

***Hand Delivery***
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

***Hand Delivery***
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

***Hand Delivery***
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

***Hand Delivery***
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE 19801

***Federal Express***
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

***Federal Express***
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

***Federal Express***
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
Suite 1100, Box 11, Merrill Lynch Canada
Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

***Federal Express***
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

**Federal Express**
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

**Federal Express**
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Federal Express**
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

**First Class Mail**
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**First Class Mail**
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

**First Class Mail**
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**First Class Mail**
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

**First Class Mail**
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

**First Class Mail**
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

**First Class Mail**
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

**First Class Mail**
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

**First Class Mail**
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT 59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX 77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY 10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX 75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA 19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS 39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia 30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD 21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas 77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA 98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA 19103-7396

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California 94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS 66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX 77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

*First Class Mail*
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn: Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah 83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York 10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York  10007

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 1004-1482

W. R. Grace Service List
Case No. 01-1139 (RJN)
Doc. No.
May 29, 2001
01 – Hand Delivery
01 – Federal Express


(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE  19801

*Hand Delivery*
Sherry Ruggiero Fallon, Esquire
Tybout, Redfearn & Pell
300 Delaware Avenue; Suite 1100
Wilmington, DE 19801

*Federal Express*
Gary Yardumian, Esquire
Prindle, Decker & Amaro
310 Golden Shore; 4rh Floor
Long Beach, CA 90801-5511