FILED
ORIGINAL

2001 MA...

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Jointly Administered |
| | ) | Chapter 11 |
| W.R. Grace & Co., et al., | ) | |
| | ) | Case Nos. 01-01139 |
| | ) | through 01-1200 (JJF) |
| Debtors. | ) | |
| | ) | **Objections due by June 20, 2001 at 4:00 p.m.** |

**Hearing date: To be scheduled before
The Honorable Joseph J. Farnan, United States
Bankruptcy Court, only if necessary**

## NOTICE OF APPLICATION

TO:    Office of the United States Trustee; Counsel to the Debtors; Counsel to the Official
Committee of Unsecured Creditors; Counsel to the secured lenders; and all parties
requesting notice pursuant to Bankruptcy Rule 2002.

Stroock & Stroock & Lavan LLP, counsel to the Official Committee of Unsecured
Creditors in the above-captioned chapter 11 cases, has today filed the attached **First Application
of Stroock & Stroock & Lavan LLP for Compensation for Services Rendered and
Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors
for the Period from April 12, 2001 Through April 30, 2001** (the "Application").

You are required to file a response to the attached Application on or before June 20, 2001
at 4:00 p.m.

At the same time, you must also serve a copy of the response upon Applicant's attorneys:

Michael R. Lastowski
DUANE, MORRIS & HECKSCHER LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware  19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:        mlastowski@duanemorris.com

and

WLM\146702.1

*330*

Lewis Kruger
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
Telephone:    (212) 806-5400

A HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN ONLY IF NECESSARY.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 30, 2001

Respectfully submitted,

Michael R. Lastowski, Esquire (DE I.D. No. 3892)
DUANE, MORRIS & HECKSCHER LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail: mlastowski@duanemorris.com

Co-counsel to the Official Committee of Unsecured Creditors of W.R. Grace & Co.

WLM\146702.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re: | Chapter 11

**W.R. Grace & Co., et al.** | Case No. 01-01139(JJF)

Debtors. | Jointly Administered

### FIRST APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVCIES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 12, 2001 THROUGH APRIL 30, 2001

Name of Applicant | **Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to: | **Official Committee of Unsecured Creditors**

Date of Retention: | **April 12, 2001**

Period for which compensation and
reimbursement is sought | **April 12, 2001 – April 30, 2001**

Amount of Compensation sought as
actual, reasonable and necessary: | **$138,926.00**

Amount of Expense Reimbursement sought
as actual reasonable and necessary: | **$1,975.13**

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately _____ hours and the corresponding compensation requested is approximately $_____.[1]

This is the first application filed

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| | | | | | |

---

[1] This is Stroock's First Fee Application. Time expended for the preparation of this First Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment B, pg. 2)**

W R Grace & Co.
April 1, 2001 through April 30, 2001
Attachment B

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | | Amount |
|---|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 20.2 | 650 | $ | 13,130.00 |
| Lavin, Howard | Partner | 7 | 1.4 | 500 | $ | 700.00 |
| Pasquale, Kenneth | Partner | 3 | 9.8 | 475 | $ | 4,655.00 |
| Raskin, Robert | Partner | 8 | 32.6 | 550 | $ | 17,930.00 |
| Wintner, Mark | Partner | 20 | 22.4 | 525 | $ | 11,760.00 |
| Keppler, Abbey | Associate | 3 | 54.4 | 425 | $ | 23,120.00 |
| Krieger, Arlene | Associate | 8 | 93.1 | 425 | $ | 39,567.50 |
| Sasson, Moshe | Associate | 1 | 14.7 | 360 | $ | 5,292.00 |
| Taruschio Anna | Associate | 1 | 103.6 | 185 | $ | 19,166.00 |
| Serrette, Rosemarie | Paralegal | 5 | 24.5 | 130 | $ | 3,185.00 |
| Holzberg, Ethel | Paralegal | 21 | 2.9 | $145 | $ | 420.50 |
| **Total** | | | 379.6 | | $ | 138,926.00 |

Blended Rate    $    365.98

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )     **Chapter 11** |
| **W.R. GRACE & CO., et al.**[1] | )     **Case No. 01-01139 (JJF)** |
| | ) |
| **Debtors.** | )     **Jointly Administered** |

### FIRST FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 12, 2001 THROUGH APRIL 30, 2001

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtor-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a first interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.    By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from April 12, 2001 through April 30, 2001 (the "First Monthly Period") in the aggregate amount of $138,926.00, representing 352.2 hours of professional services and 27.4 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the First Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $1,975.13.

2.    Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.    The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5.    On April 12, 2001, the United States Trustee formed the Committee consisting of the following members: J.P. Morgan Chase & Co., ABN AMRO Bank N.V., Bank of America, N.A., The Bank of New York, as indenture trustee, Bankers Trust Company, as indenture trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N. A., and Zhagrus Environmental, Inc. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP ("DM&H") as its local Delaware counsel. On or about May 18, 2001, Wells Fargo Bank Minnesota, N.A. succeeded The Bank of New York, as indenture trustee for the Debtors' 8% Note issue due 2004, and thereupon The Bank of New York resigned from the Committee.

6.    The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos–related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees").

7.    By application dated May 1, 20001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. No objections were

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

3

heard or filed to Stroock's retention and a certificate of no objection has been filed with the Court.

8.     This is the first application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee.  This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.     Applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases.  There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

4

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the First Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the First Monthly Period, their normal hourly rates, and the value of their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the First Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the

5

Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention immediately.

### (i)     Case Administration/General – Category 0002

16.     Stroock's attention to the Committee's organizational needs during the First Monthly Period enabled the Committee to quickly complete the initial administrative matters that were necessary to its efficient and effective participation in these cases. Following its retention by the Committee, Stroock attended to certain preliminary matters, such as the preparation of bylaws to govern the Committee and Committee contact information. In addition to attending to the Committee's organizational needs, Stroock immediately engaged Debtors' counsel in discussions concerning various topics including the first day motions.

17.     The Debtors filed numerous first day motions with the Court in addition to their chapter 11 petitions, certain of which the Court had already issued orders on and certain of which had upcoming objection deadlines. While a number of those motions appeared to be relatively routine, certain of the motions appeared to seek relief granting preferred payment to certain creditors holding general unsecured claims. Still other first day motions need to be reviewed because of their fundamental importance to these cases. As a result, Stroock reviewed each of the first day motions filed by the Debtors, drafted memoranda to the Committee summarizing the relief requested in the motions, analyzing the legal issues, where appropriate, and recommended proposed positions for the Committee's consideration.

18.     During this period, Stroock also coordinated the Committee's meeting and conference calls, and advised the Committee with respect to the retention of a financial consultant to assist the Committee in immediately evaluating, among other matters, the Debtors' employee retention programs and executive compensation plans, and position with respect to the

6

immediate payment of the Debtors' trade vendors. Stroock has expended 99.9 hours on this category for a fee of $31,207.00.

### (ii)    Asbestos Litigation – Category 0005

19.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys thoroughly reviewed the various pleadings filed both by and against the Debtors in the first weeks of these Chapter 11 cases impacting on the conduct of related asbestos actions against non-debtor third parties, and the procedures to be employed in this Court to resolve asbestos related claims, including the Debtors' motion for a preliminary injunction which sought to stay the filing of asbestos-related actions against certain non-debtor third parties. During this period, Stroock began to engage Debtors' counsel in discussions over the Debtors' positions on these matters, discussed with the Committee its position on the Debtors' preliminary injunction motion, and with the Committee's approval Stroock prepared and filed a response in support of the Debtors' preliminary injunction motion. Stroock has expended 23.6 hours on this category for a fee of $10,945.00.

### (iii)    Retention of Professionals - Category 0006

20.    During the First Monthly Period, Stroock spent considerable time conducting conflicts checks with respect to the over 1500 persons and entities known to be involved in these cases, in order to be able to include in Stroock's retention pleadings a full disclosure of its representation of such persons and entities. In addition, during this period, Stroock held discussions with potential candidates for the role as financial advisor to the Committee and

7

otherwise assisted the Committee in selecting those potential candidates to be interviewed by the full Committee. Upon the Committee's decision to retain FTI Policano & Manzo ("FTI P&M") as its financial advisor, Stroock reviewed and otherwise assisted FTI P&M in preparing proper retention pleadings with the Court.

21.    The Debtors had filed a number of first day motions seeking the retention of counsel, special counsel, The Blackstone Group, L.P., as their financial advisor, and other professionals. In addition, the Committee was informed that the Debtors would also seek to retain an accounting firm. Stroock discussed the terms of employment of these professionals with the Committee and engaged the Debtors and representatives of The Blackstone Group in conversations aimed at addressing a number of objections the Committee had to the timing, scope and terms of The Blackstone Group's retention. With an objection deadline looming and little progress being made in resolving the issues in dispute, Stroock on behalf of the Committee, conducted case law research and prepared a draft objection to The Blackstone Group's retention. Thereafter, the Debtors, Blackstone and Stroock, on behalf of the Committee, agreed to continue to attempt to resolve the disputed issues consensually. Stroock has expended 58.5 hours on this category for a fee of $13,499.00.

### (iv)    Creditors Committee Meetings/Conferences - Category 0007

22.    Stroock held one in-person meeting and two conference calls with the full Committee during the First Monthly Period. Prior to each meeting and conference call with the Committee, Stroock prepared an agenda, reviewed each pending matter, and all underlying documentation in connection therewith. Thereafter, Stroock discussed each of these matters with the Committee and assisted the members in formulating a position thereon. Through these meetings, telephone conferences and correspondence, Stroock has assisted the Committee in

8

fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these proceedings. Stroock has expended 27.6 hours on this category for a fee of $12,149.00.

(v)    **Court Hearings - Category 0008**

23.    Shortly after the chapter 11 cases were filed and in response to the Debtors' motion to withdraw the reference from the Bankruptcy Court with respect to those matters involving asbestos claims and related litigation, the District Court entered an order withdrawing the reference of the entirety of the Chapter 11 cases to the District Court and reassigned these cases to the Honorable Joseph J. Farnan, Jr. On April 18, 2001, Judge Farnan held an extended status conference to hear from the Debtors, counsel for the Committee and other parties-in-interest with respect to the broad issues in these cases. Stroock attended and actively participated, as necessary, in the status conference before the Court. Stroock has expended 3.5 hours on this category for a fee of $1,925.00.

(vi)    **Post-Petition Financing – Category 0010**

24.    During the First Monthly Period, Stroock thoroughly reviewed the Debtors' proposed post-petition financing credit facility (the "DIP Facility"), discussed the same and made recommendations to the Committee as to modifications believed necessary to the proposed order granting final approval of the DIP Facility. Thereafter, Stroock engaged Debtors' and Bank's counsel in discussions with respect to the Committee's position. Ultimately the Committee's issues were consensually resolved. Stroock has expended 7.1 hours on this category for a fee of $4,005.00.

9



### (vii)    Analysis of Pre-Petition Transactions – Category 0013

25.     One of the first day orders entered by the Court which the Committee believed should be reconsidered by the Court was the order authorizing the Debtors to pay in full the claims of each of the Debtors' pre-petition trade creditors, which aggregated approximately $35.0 million (the "Vendor Order"). Stroock reviewed the Debtors' motion and the order entered by the Court with the Committee, discussed the Committee's concerns and position with Debtors' counsel and worked with FTI P&M in obtaining from the Debtors information with respect to the bases for the Debtors need to pay certain of their trade vendors and suppliers. As a result of Stroock's efforts on behalf of the Committee, as assisted by FTI P&M, the Committee was able to reach a consensual resolution with the Debtors over the terms of a stipulation which modified the Vendor Order by providing for a significantly lesser amount of pre-petition trade claims to be currently paid. The stipulation also resolved the motion filed by The Chase Manhattan Bank seeking reconsideration of the Vendor Order. Stroock prepared the form of stipulation and it was submitted to the Court and approved on May 3, 2001. Stroock has expended 6.5 hours on this category for a fee of $3,837.50.

### (viii)    Lift Stay Litigation - Category 0016

26.     A motion to lift the stay was filed by Paul Price on behalf of itself and as the proposed representative of a class of plaintiffs involved in multi-district litigation currently pending against the Debtors in federal court. The multi-district litigation asserts asbestos-related property damage claims against the Debtors' estates. Stroock, on behalf of the Committee, reviewed the motion and the affidavit and memorandum of law filed in support thereof, and represented the Committee before the Court on Price's request to expedite the Court's

10

consideration of this motion. Stroock has expended 5.7 hours on this category for a fee of $2,109.50.

### (ix)  Erisa Issues – Category 0020

27.     Stroock expended a substantial amount of time during the First Monthly Period with respect to the various employee-related matters for which the Debtors sought authorization from the Court. These matters included (a) the relief sought in the extensive first day motion (the "Benefits Motion") and obtained from the Court in a first day order (the "Benefits Order") authorizing the Debtors to continue to pay their current, as well as former employees, independent contractors and directors, pre-petition (i) compensation, (ii) employee benefits, (iii) severance pay, (iv) workers' compensation benefits, and (v) retiree health and life insurance, (b) approval for certain key employee retention programs, including change of control programs for the Debtors' senior executives, interim approval for which had already been granted by the Court and (c) the Debtors request for authorization to assume employment agreements with eight of their senior executives.

28.     Stroock reviewed each of these matters, prepared extensive memoranda to the Committee describing the benefits and agreements and advised the Committee with respect to the validity of the legal bases asserted by the Debtors to support the relief sought.

29.     Stroock, on behalf of the Committee (i) prepared correspondence to the Debtors requesting that the Debtors refrain from making payments falling into one of several identified categories without further consultation with the Committee, (ii) engaged the Debtors in a number of conference calls to obtain a more complete understanding of the Debtors' benefit programs and plans, the current expected future costs thereof and the beneficiaries of such programs, (iii) obtained from the Debtors and began to review certain of the benefit programs and plan

11

documentation, and (v) with FTI P&M, began during this period to evaluate the Debtors' key

employee retention programs and the compensation packages for the Debtors' senior

management.

30.     The Committee was unable to obtain the Debtors' agreement to refrain from

(i) making certain payments to their former and retired directors, executives and employees (the

"Former Employees") under five different nonqualified pension plans and arrangements (the

"Nonqualified Benefits") aggregating to approximately $7.5 million for the 2001 calendar year

alone and (ii) funding two "Rabbi Trusts."

31.     As a result, and pursuant to Local Bankruptcy Rule 9013-2(e), Stroock prepared

an extensive motion (the "Reconsideration Motion") requesting that this Court reconsider the

Benefits Order to the extent it authorized the Debtors to pay Nonqualified Benefits to Former

Employees and to fund the Rabbi Trusts.  In connection with preparing the Reconsideration

Motion, Stroock expended considerable time researching and analyzing all of the applicable

legal issues.  On or about May 2, 2001, Stroock filed the Reconsideration Motion.  Stroock has

expended 147.2 hours on this category for a fee of $59,249.00.

## IV.     FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

32.     The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g

denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most

courts.  Stroock respectfully submits that a consideration of these factors should result in this

Court's allowance of the full compensation sought.

(A)     The Time and Labor Required.  The professional services rendered by

Stroock on behalf of the Committee have required the expenditure of substantial

time and effort, as well as a high degree of professional competence and

12

expertise, in order to deal with the many complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

(B)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered. In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

(C)    The Skill Requisite to Perform the Legal Services Properly. Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

(D)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

13

(E)    The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F)    Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)    Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has been required to attend to the various issues arising in these cases.  Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)    The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)    The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including:  Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf

14

States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)    The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)    Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.    ALLOWANCE OF COMPENSATION

33.    The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically,

15

and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

34.    With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

35.    The total time spent by Stroock attorneys and paraprofessionals during the First Monthly Period was 379.6 hours. Such services have a fair market value of $138,926.00. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

36.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the First Monthly Period, their normal hourly rates, and the value of their services.

37.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $1,975.13 for which Stroock respectfully requests reimbursement in full.

16

38.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

39.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

40.     Stroock charges $.07 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

41.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

42.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

17

43.    No prior application has been made in this or in any other Court for the relief requested herein for the First Monthly Period.

44.    **WHEREFORE**, Stroock respectfully requests that this Court enter an order:

(a)    approving the allowance of compensation for professional services rendered to the Committee during the period from April 12, 2001 through and including April 30, 2001 in the amount of $138,926.00;

(b)    approving the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 12, 2001 through and including April 30, 2001 in the amount of $1,975.13; and

(c)    authorizing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the expenses incurred by Stroock during the period from April 12, 2001 through and including April 30, 2001, subject to final payment of the full amount; and

18

(d)    granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
         May 29, 2001

STROOCK & STROOCK & LAVAN LLP

*Lewis Kruger*

Lewis Kruger
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co.

19

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

LEWIS KRUGER, being duly sworn, deposes and says:

     1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

     2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's first monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from April 12, 2001 through and including April 30, 2001 in the aggregate amount of $140,901.13.

SSL-DOCS1 1114036v2

3.      All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from April 12, 2001 through and including April 30, 2001 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

LEWIS KRUGER

Sworn to before me this
24 day of May, 2001

Notary Public

ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038

W R Grace & Co

May 25, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through April 30, 2001 in
connection with the following matters:

|      |                                        | Hours  | Total         |
|------|----------------------------------------|--------|---------------|
| 0002 | General Case Administration            | 99.90  | 31,207.00     |
| 0005 | Asbestos Litigations                   | 23.60  | 10,945.00     |
| 0006 | Retention of Professionals             | 58.50  | 13,499.00     |
| 0007 | Creditors Committee Meetings/Conferences | 27.60 | 12,149.00    |
| 0008 | Court Hearings                         | 3.50   | 1,925.00      |
| 0010 | Post Petition Financing                | 7.10   | 4,005.00      |
| 0013 | Analysis of Pre-Petition Transactions  | 6.50   | 3,837.50      |
| 0016 | Lift Stay Litigation                   | 5.70   | 2,109.50      |
| 0020 | Erisa Issues                           | 147.20 | 59,249.00     |
|      | Total                                  | 379.60 | $ 138,926.00  |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.



**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038

May 25, 2001
Invoice: 233825

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through April 30, 2001, including:

**RE:    General Case Administration**
        699842. 0002

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/13/2001 | Review of First Day Orders. | Kruger, L. | 0.6 |
| 04/15/2001 | Review Debtors' motion re reclamation claims procedures (.3); review updated court docket and revise schedule of pending matters (1.1) ; review article re doctrine of necessity (.3); review revised form of order approving DIP financing received from Bank counsel (.6); memo to LK, R. Raskin, K. Pasquale re pending matters hearings (.9). | Krieger, A. | 3.2 |
| 04/16/2001 | Multiple office conferences LK and with RAR and LK re pending matters, agreement by Debtors' counsel to adjournment of Committee's time to respond to pending motions (1.2);  office conferences RS re conflicts memoranda, contact list, notice of appearance, other (0.2). | Krieger, A. | 1.4 |
| 04/16/2001 | Review of documents; telephone call with J. Kapp regarding adjournment of time to respond; office conference with AK regarding correspondence with debtor's counsel. | Kruger, L. | 1.4 |
| 04/16/2001 | O/c A. Krieger re pleadings (.2); review pleadings (1.0); t/c J. Kapp re hearings and schedule and confirmatory email (.4). | Raskin, R. | 1.6 |
| 04/16/2001 | Administrative work in setting up retention case procedures (1.0); draft Notice of appearance (.6); review of first day and copies to parties and | Serrette, R. | 2.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Committee members (.9).

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 04/17/2001 | Review pending motions (5.3); office conf/A. Taruschio re preparation of By-Laws, Retention Application, motion summaries (1.2); office conference RS re interim compensation procedures (.3); telephone call W. Katchen re interim compensation procedures (.1); telephone calls J. Kapp re utility motion and interim compensation motion and proposed revisions to the order (.2);  prepared correspondence confirming Debtors' agreement to adjourn objection deadline on matters (.4); office conference RS re conflicts check to be conducted (.4); office conferences A. Keppler re correspondence to James Kapp (1.0). | Krieger, A. | 8.9 |
| 04/17/2001 | Telephone call with L. Davis Jones regarding status conference and review of her letter to Farnan. | Kruger, L. | 0.4 |
| 04/17/2001 | O/c A. Krieger re fee application procedures (.2); review comments to pending orders (.3); review draft letter re information requests (.2); numerous discussions re pending motions and review of same (.4). | Raskin, R. | 1.1 |
| 04/17/2001 | Conference with A. Krieger and R. Raskin re first day orders (.3); review and office conference with A. Krieger re administrative fee guidelines (.4); prepare for filing of Notice of Appearance (.4) update contact list (.3); research re SSL Retention (.7); review conflicts and conference with E. Holzberg re same (.5); review and revise 2000 Service List (.6). | Serrette, R. | 3.2 |
| 04/17/2001 | O/c conf. w/ A. Kriger re case background, committee bylaws, pending motions, and retention application (.9) | Taruschio, A. | 0.9 |
| 04/18/2001 | Office conference MW, AK re review and revise draft correspondence to Debtors seeking employee benefits related information and payment restraint (1.3); finalize correspondence to Kapp re agreement on extension of objection deadlines (1.0); telephone calls J. Kapp re agreement on revised order approving Utility Motion, discussed proposed changes to order establishing interim compensation procedures (.6); office conference RS re conflicts check, Committee contact list (.2); office conference K. Pasquale re re employee benefits related relief, and open points (.5); office conferences A. Taruschio re preparation of memoranda to the Committee summarizing the pending motions (.7); office conference LK and then prepared memorandum to the Committee re 4/20/01 Committee meeting and agenda therefor (6.0). | Krieger, A. | 9.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 04/18/2001 | Telephone call with T. Maher regarding payment of pre-chapter trade credits. | Kruger, L. | 0.3 |
| 04/18/2001 | Review and revise contact list (.3); work on conflict check in preparation for retention (.9). | Serrette, R. | 1.2 |
| 04/18/2001 | Review pending first day motions and draft summary memo to Creditors' Committee re same (9.5); oc w/ A. Krieger and D. Wildes re same (.4) | Taruschio, A. | 9.9 |
| 04/19/2001 | Office conference RAR re preparation of separate memorandum to the Committee regarding employee benefits matters and then office conference AK re same (.9); review Wachtell employment application, Blackstone employment application, review Kekst & Co. employment application (1.5), other office conferences AK re preparation of employee benefits memorandum to the Committee and then review, revise and prepare final form of same (3.7); office conferences AT re revision to Committee memorandum summarizing pending motions other than the employee-benefits related matters and review and revise same (.5); further office conferences MW, AK re comments to the employee benefits motion summary (.7). | Krieger, A. | 8.3 |
| 04/19/2001 | O/c L. Kruger re status (.3); o/c A. Krieger re pending items and staffing (.5); review all pending motions and memo to committee re same (3.5); o/cs A. Taruschio re comments to memo (.4); t/c N. Lazar re trade information and committee call (.2); follow-up re committee meeting (.3). | Raskin, R. | 4.2 |
| 04/19/2001 | O/c K. Pasquale re: case; review debtors' filings. | Sasson, M. | 3.5 |
| 04/19/2001 | Prepare for Committee meeting to interview prospective financial advisors and meeting (via phone) with Debtor on motion to pay essential vendors. | Serrette, R. | 5.5 |
| 04/19/2001 | Draft, revise, edit, traffic memo re pending motions to Committee w/ R. Raskin and A. Krieger | Taruschio, A. | 13.3 |
| 04/20/2001 | Conference with RR. (.2) and then conference call J. Kapp re requested extensions on Committee's time to respond to motions, proposed revisions to forms of orders, Committee objections to DIP, Blackstone motions, requested restraint on payment of benefits to retirees, other former employees (.3); office conference A. Taruschio re preparation of Committee By-Laws, retention application, affidavit and status of conflict check (.3). | Krieger, A. | 0.8 |
| 04/20/2001 | Committee review of DIP proposal and other pending matters. | Kruger, L. | 1.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| 04/20/2001 | Review of fax from David Rosenbloom on behalf of Material Medical re asbestos issues. | Kruger, L. | 0.2 |
| 04/20/2001 | Post-meeting conf. call with J. Kapp re committee position regarding employee motions, dip financing, Blackstone retention and vendor payments. | Raskin, R. | 0.5 |
| 04/20/2001 | O/c w/ A. Krieger, E. Holzberg re status of retention papers and conflict search (.6); fax R. Raskin FA retention (.3); draft and finalize SSL retention application, affidavit, and order (1.3); collect and send docs to A. Krieger for review (.4); review and revise Committee bylaws (2.1). | Taruschio, A. | 4.7 |
| 04/23/2001 | Telephone call R. Higgins re Grace  employee-related documentation (.1); review revised by laws (.1); office conferences RAR re preparation of objections, motion to vacate, retention pleadings (.1); office conference R. Serrette re revisions to contact list and conflicts information to Sean Cunningham at Policano & Manzo (.2); office conference EH re review conflicts information (.5). | Krieger, A. | 1.0 |
| 04/24/2001 | Office conferences RS re contact at P&M and forwarding of contact information (.2 ); review proposed revised orders re pending motions (.2); telephone calls R. Higgins re comments on the orders (.2); office conference EH re conflicts check (.3). | Krieger, A. | 0.9 |
| 04/24/2001 | Review and revise calendar, contact lists and conflict memo. | Serrette, R. | 2.0 |
| 04/25/2001 | Revise  and finalize correspondence to J. Kapp re agreed upon extension of time for the Committee to respond to pending motions and forward same to the Committee (.2). | Krieger, A. | 0.2 |
| 04/25/2001 | Review of debtor proposal regarding payments to essential vendors and memo to committee regarding same. | Kruger, L. | 0.3 |
| 04/26/2001 | Update Contact list; work on conflict check re:representation; filing of response; update critical date calendar. | Serrette, R. | 2.8 |
| 04/27/2001 | Worked on Exhibit for conflicts Affidavit. | Holzberg, E. | 2.9 |
| 04/27/2001 | Numerous t/cs A. Krieger re meeting with the committee, wage motion issues and issues related to payment of pre-petition vendors. | Raskin, R. | 0.7 |
| 04/30/2001 | Review of letter from F. Perch of the U.S. Trustee's | Kruger, L. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

office regarding request for appointment of equity
committee.

| 04/30/2001 | Review of Critical Date calendar (.3); review of pleadings (.4); conference with A. Krieger re conference call with Committee (.3). | Serrette, R. | 1.0 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Holzberg, Ethel | 2.9 | $ 145 | $ 420.50 |
| Krieger, Arlene | 33.7 | 425 | 14,322.50 |
| Kruger, Lewis | 4.7 | 650 | 3,055.00 |
| Raskin, Robert | 8.1 | 550 | 4,455.00 |
| Sasson, Moshe | 3.5 | 360 | 1,260.00 |
| Serrette, Rosemarie | 18.2 | 130 | 2,366.00 |
| Taruschio Anna | 28.8 | 185 | 5,328.00 |

Total For Professional Services Rendered    $ 31,207.00

Total for this Matter    $ 31,207.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**   **Asbestos Litigations**
     **699842. 0005**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/20/2001 | Continued review of debtors' filings; t/c R. Raskin re: litigation motions. | Sasson, M. | 1.5 |
| 04/23/2001 | Review of proposed preliminary injunction order regarding filing of asbestos related actions against debtor affiliate. | Kruger, L. | 0.2 |
| 04/23/2001 | Attention to debtors' motion for injunction staying claims v. affiliates (2.4) | Pasquale, K. | 2.4 |
| 04/23/2001 | Review debtors' preliminary injunction/TRO motions; t/c K. Pasquale re: same. | Sasson, M. | 3.5 |
| 04/24/2001 | Attention to debtors' revised motion for Section 105 injunction (.8); attention to Cal. fraudulent transfer suit (.8) | Pasquale, K. | 1.6 |
| 04/24/2001 | Review material related to preliminary injunction hearing. | Raskin, R. | 1.2 |
| 04/25/2001 | Office conferences K. Pasquale re impact of 4/9/01 order withdrawing the references of these cases (.1); conference call with David Bernick, RAR, K. Pasquale re Debtors' preliminary injunction motion and background on the asbestos litigation (.7); review further revised committee joinder to Debtors' request for a preliminary injunction (.1). | Krieger, A. | 0.9 |
| 04/25/2001 | Office conference with RR and K. Pasquale; telephone call with counsel to debtor regarding asbestos issues and debtor TRO motion regarding same. | Kruger, L. | 0.4 |
| 04/25/2001 | Review of committee response to debtor motion for preliminary injunction regarding asbestos and fraudulent transfer actions. | Kruger, L. | 0.3 |
| 04/25/2001 | Attention to asbestos-related issues and stay motion in preparation for conference call with debtors (2.0); conference call with debtors' counsel re asbestos issues (.8); drafted committee's statement in response to preliminary injunction motion (1.5) | Pasquale, K. | 4.3 |
| 04/25/2001 | Review pleadings related to preliminary injunction (1.5); conf. call with counsel to Debtor re same (.5), review draft of response to preliminary injunction (.4); | Raskin, R. | 2.7 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | review and revise memo to committee re recommendation (.3). | | |
| 04/25/2001 | CC: w/debtors' counsel, R. Raskin, K. Pasquale, A. Krieger; t/c A. Krieger, K. Pasquale re creditors committee support for debtors' motion. | Sasson, M. | 1.0 |
| 04/26/2001 | Reviewed asbestos-related pleadings including objections to Debtors' preliminary injunction motion, Price lift stay motion, memorandum of law and related pleadings. | Krieger, A. | 1.4 |
| 04/30/2001 | Attention to pleadings of various parties to debtors motion for section 105 injunction (1.0) | Pasquale, K. | 1.0 |
| 04/30/2001 | Review responses to preliminary injunction. | Raskin, R. | 1.2 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 2.3 | $ 425 | $ 977.50 |
| Kruger, Lewis | 0.9 | 650 | 585.00 |
| Pasquale, Kenneth | 9.3 | 475 | 4,417.50 |
| Raskin, Robert | 5.1 | 550 | 2,805.00 |
| Sasson, Moshe | 6.0 | 360 | 2,160.00 |

**Total For Professional Services Rendered**  $ 10,945.00

**Total for this Matter**  $ 10,945.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Retention of Professionals**
       **699842. 0006**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/16/2001 | Telephone call with Don Smith of Houlihan Lokey regarding possible retention. | Kruger, L. | 0.3 |
| 04/16/2001 | Telephone call with Debbie Spidach of Richards Layton. | Kruger, L. | 0.2 |
| 04/16/2001 | Telephone call with B. Katchen regarding retention. | Kruger, L. | 0.3 |
| 04/16/2001 | Preparation of retention materials. | Kruger, L. | 0.3 |
| 04/17/2001 | Telephone call with T. Maher regarding accountant retention and interviews; my telephone call with J. Kapp regarding open issues and adjournment of time to respond and status conference before Farnan. | Kruger, L. | 0.6 |
| 04/17/2001 | Telephone call with K. Simon of Deloitte regarding retention. | Kruger, L. | 0.2 |
| 04/17/2001 | Gather materials for retention application, prepare application, affidavit, and order (6.1) | Taruschio, A. | 6.1 |
| 04/18/2001 | Telephone calls with T. Maher regarding interviews of accountants; telephone call with E&Y and Deloitte regarding creditors issues. | Kruger, L. | 0.4 |
| 04/22/2001 | Reviewed and prepared revisions to retention application, affidavit. | Krieger, A. | 1.6 |
| 04/23/2001 | Revise draft application retaining Stroock as Committee counsel and review and revise Kruger affidavit in support of retention application (.4). | Krieger, A. | 0.4 |
| 04/23/2001 | Research, read cases, and draft Blackstone objection (7.8); oc with R. Raskin and A. Krieger re same (.4). | Taruschio, A. | 8.2 |
| 04/24/2001 | Review, revise Stroock retention application, Kruger affidavit (.3); telephone call Sean Cunningham re conflicts information, retention affidavit, for Policano and Manzo pleadings (.1). | Krieger, A. | 0.4 |
| 04/24/2001 | (4.6): review conflicts search w/ E. Holzberg and A. Krieger; (4.0) draft Blackstone objection motion. | Taruschio, A. | 8.6 |
| 04/25/2001 | Extended office conferences A. Taruschio re conflicts material for retention application (.9). further revise | Krieger, A. | 1.4 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Kruger affidavit (.2); review, revise order authorizing Stroock's retention (.2); office conference RS re additional conflicts checks to be conducted (.1).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/25/2001 | Review draft of objection to Blackstone retention and o/c A. Taruschio re same (.4). | Raskin, R. | 0.4 |
| 04/25/2001 | finalize Blackstone objection draft, review changes w/ R. Raskin (3.1); assist w/ conflicts search (7.9); edit drafts of Kruger affidavit w. A. Krieger (.9). | Taruschio, A. | 11.9 |
| 04/26/2001 | Office conferences A. Taruschio, EH re conflicts check information for Stroock application (.6). | Krieger, A. | 0.6 |
| 04/26/2001 | Revise, edit, and make calls for conflicts check (5.1) | Taruschio, A. | 5.1 |
| 04/27/2001 | Final review of retention pleadings and office conferences AT re same (1.0). | Krieger, A. | 1.0 |
| 04/27/2001 | Finalize retention papers and conflicts check w/ E. Holzberg and A. Krieger (6.1) | Taruschio, A. | 6.1 |
| 04/30/2001 | Office conference  RAR re retention pleading and final changes thereto (.1); prepared final form of application (.2). | Krieger, A. | 0.3 |
| 04/30/2001 | Office conference with AK regarding retention agreement. | Kruger, L. | 0.2 |
| 04/30/2001 | Review and revise conflicts and retention affidavit and application w/A. Krieger (3.9) | Taruschio, A. | 3.9 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 5.7 | $ 425 | $ 2,422.50 |
| Kruger, Lewis | 2.5 | 650 | 1,625.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Taruschio Anna | 49.9 | 185 | 9,231.50 |

Total For Professional Services Rendered    $ 13,499.00

**Total for this Matter**    $ 13,499.00

RE:    **Creditors Committee Meetings/Conferences**
       **699842. 0007**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 04/12/2001 | Conference with creditor's committee regarding various pending motions and organizational engagements. | Kruger, L. | 0.6 |
| 04/13/2001 | Telephone call with J. Kapp regarding adjournment of committee's need to respond to motion by 4/18/01 and the impact on payment of pre-petition trade debt. | Kruger, L. | 0.4 |
| 04/16/2001 | Conference call with Committee re Debtors' proposal to pay essential trade vendors, retention of accountants, request for supporting documentation from Debtors on trade payables issue, other (1.0); office conference K. Pasquale re same (.1). | Krieger, A. | 1.1 |
| 04/16/2001 | Conference call with committee regarding status of various debtor motions. | Kruger, L. | 1.1 |
| 04/16/2001 | O/c A. Krieger re pleadings (.2). | Raskin, R. | 0.2 |
| 04/20/2001 | Attended Committee meeting at uptown office and interview of accountants (4.5); conference call with representatives for the Debtors re payment of trade vendors (.2). | Krieger, A. | 4.7 |
| 04/20/2001 | Office conference with committee, interview of accountants for engagement by committee (3.3). | Kruger, L. | 3.3 |
| 04/20/2001 | Prepare for and attend committee meeting at 767 Third Avenue. | Raskin, R. | 5.5 |
| 04/20/2001 | Attend committee meeting. | Serrette, R. | 6.3 |
| 04/20/2001 | Attend Creditors' Committee meeting (3.5). | Wintner, M. | 3.5 |
| 04/27/2001 | Telephone call Veena Lertpachin re Committee conference call and agenda (.2); telephone call LK re Committee memorandum and conference call (.1). | Krieger, A. | 0.3 |
| 04/30/2001 | Telephone call Veena Lertpachin re conference call (.1); office conference LK re conference call, retention pleadings, other (.1); telephone call Sean Cunningham re 5/1/01 conference call (.1); telephone call Bill Katchen's office re conference call (.1). | Krieger, A. | 0.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 6.7 | $ 425 | $ 2,847.50 |
| Kruger, Lewis | 5.4 | 650 | 3,510.00 |
| Raskin, Robert | 5.7 | 550 | 3,135.00 |
| Serrette, Rosemarie | 6.3 | 130 | 819.00 |
| Wintner, Mark | 3.5 | 525 | 1,837.50 |

Total For Professional Services Rendered    $ 12,149.00

Total for this Matter    $ 12,149.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Court Hearings**
       **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/18/2001 | Attend court status conference. | Raskin, R. | 3.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Raskin, Robert | 3.5 | $ 550 | $ 1,925.00 |

Total For Professional Services Rendered    $ 1,925.00

**Total for this Matter**    $ 1,925.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**   **Post Petition Financing**
          **699842. 0010**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Review DIP. | Kruger, L. | 0.3 |
| 04/18/2001 | Telephone call with RR and T. Maher regarding DIP extension, debtor in possession and increase in interim approval. | Kruger, L. | 0.4 |
| 04/19/2001 | Review DIP documentation, agreement and order (3.5); t/c L. Mandel re comments and questions to same (.4). | Raskin, R. | 3.9 |
| 04/23/2001 | Review final form of DIP order (.7); t/c L. Mandel re same (.2); t/c D. Bacon re comments to DIP order (.2). | Raskin, R. | 1.1 |
| 04/25/2001 | T/cs D. Bacon re comments to DIP order. | Raskin, R. | 0.4 |
| 04/26/2001 | Review revisions to DIP order and memo from debtors counsel re same. | Raskin, R. | 0.7 |
| 04/27/2001 | Review of Credit Lyonnais' response to DIP financing. | Kruger, L. | 0.3 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Kruger, Lewis | 1.0 | $ 650 | $ 650.00 |
| Raskin, Robert | 6.1 | 550 | 3,355.00 |

Total For Professional Services Rendered    $ 4,005.00

**Total for this Matter**    $ 4,005.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Analysis of Pre-Petition Transactions**
       **699842. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Review of pre-petition trade payment. | Kruger, L. | 0.4 |
| 04/13/2001 | Telephone call with J. Kapp regarding adjournment of DIP financing motion, payment of pre-petition trade debt and employee retention program and discussion with respect to pre-petition trade creditor payment program. | Kruger, L. | 0.5 |
| 04/13/2001 | Telephone calls with T. Maher regarding his telephone call with debtor regarding payment of pre-petition trade and creditor's committee need for written presentation. | Kruger, L. | 0.6 |
| 04/13/2001 | Review of fraudulent transfer case file. | Kruger, L. | 0.4 |
| 04/19/2001 | Review materials received from debtor related to trade vendor issues and forward to committee (.7); t/c T. Maher re supplemental information requested (.2); t/c J. Kapp re same (.2) | Raskin, R. | 1.1 |
| 04/20/2001 | Conference with Mike Policano, Ed Ordway and committee; telephone call with debtor and its professionals regarding payment program for critical pre-petition trade creditors. | Kruger, L. | 1.6 |
| 04/23/2001 | Telephone call Sean Cunningham (P&M) re discussion with Debtors representatives regarding payment of pre-petition trade payables, other (.3); office conference RAR re discussion with S. Cunningham (.1). | Krieger, A. | 0.4 |
| 04/27/2001 | Telephone calls Sean Cunningham re Debtors' trade payables proposal and review same (.5); prepared memorandum to the Committee re trade payable proposal (.2). | Krieger, A. | 0.7 |
| 04/27/2001 | Review of Policano & Manzo memo regarding vendor proposal. | Kruger, L. | 0.5 |
| 04/28/2001 | Review memo re critical vendors. | Raskin, R. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 1.1 | $ 425 | $ 467.50 |
| Kruger, Lewis | 4.0 | 650 | 2,600.00 |
| Raskin, Robert | 1.4 | 550 | 770.00 |
| | | | |
| Total For Professional Services Rendered | | | $ 3,837.50 |

**Total for this Matter**          $ 3,837.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**      **Lift Stay Litigation**
            **699842. 0016**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/26/2001 | Attention to Price motion to lift automatic stay (.5) | Pasquale, K. | 0.5 |
| 04/26/2001 | T/c R. Raskin, K. Pasquale A. Krieger, B. Katchen; revised CC's filings; t/c R. Serrette re: filing, service; review fraudulent conveyance complaint; review Price objection to debtors' motion; review Price motion to shorten time, relief from stay. | Sasson, M. | 2.5 |
| 04/27/2001 | T/c R. Raskin, K. Pasquale re: motion by Zonolite plaintiffs. | Sasson, M. | 0.2 |
| 04/30/2001 | T/c R. Raskin, K. Pasquale re: motion by Zonolite plaintiffs; t/c D. Bernick. | Sasson, M. | 2.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 0.5 | $ 475 | $ 237.50 |
| Sasson, Moshe | 5.2 | 360 | 1,872.00 |
| | | Total For Professional Services Rendered | $ 2,109.50 |

| | | | |
|--|--|--|--|
| | | **Total for this Matter** | $ 2,109.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**   **Erisa Issues**
        **699842. 0020**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Review of motions regarding employee retention. | Kruger, L. | 0.3 |
| 04/13/2001 | Review first day orders and employment agreements. | Keppler, A. | 3.3 |
| 04/16/2001 | Office conference with MSW re first day orders and retention plans (.3), meeting with L. Kruger, R. Raskin, A. Krieger and MSW re KERP and 1st day orders (1); draft description of plans for correspondence to Debtors (1); office conference with MSW (1) telephone H. Lavin re employment contracts (.3). | Keppler, A. | 3.6 |
| 04/16/2001 | Meeting with MW, RAR, LK re pre-petition wage motion and authorization obtained by the Debtors and further discussions regarding preparation of correspondence to Debtors counsel (1.5); began to prepare draft correspondence (.9). | Krieger, A. | 2.4 |
| 04/16/2001 | Office conference with RR, A. Keppler and M. Wintner; telephone call with J. Kapp regarding employee and retiree benefits, and information request. | Kruger, L. | 0.5 |
| 04/16/2001 | Telephone conference with A. Keppler regarding Employment Agreements of Norris, Siegel, Tarola and Corcoran (.2); review same (1.2). | Lavin, H. | 1.4 |
| 04/16/2001 | O/c L. Kruger re background related to payment of pre-petition wages (.4); o/c M. Wintner and A. Keppler re employment agreements and motions (.4). | Raskin, R. | 0.8 |
| 04/16/2001 | Review Debtor's First Day Wage Order and Motion to Assume Executive Employment Agreements (3.5); office conference Lewis Kruger, Rob Raskin, Arlene Krieger and Abbey Keppler re same (0.5); draft letter to Debtor with Krieger and Keppler, requesting that Debtor suspend payments under certain employee benefit plans (1.0). | Wintner, M. | 5.0 |
| 04/17/2001 | Review list of employee benefit plans and draft correspondence for Debtors' re refraining from making certain payments (3.3), related discussions with MSW (.3) and A. Krieger (.3). | Keppler, A. | 3.9 |
| 04/17/2001 | Office conference MSW, AK re preparation of draft correspondence to James Kapp re employee-benefits-related information (.3). | Krieger, A. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/17/2001 | Review of letter to debtor's counsel regarding employee benefits, adjournment of time to respond to debtor's motion. | Kruger, L. | 0.3 |
| 04/17/2001 | Review Debtor's First Day Wage Order and draft letter to Debtor (from Arlene Krieger) asking that Debtor suspend payments under certain benefit plans. | Wintner, M. | 1.0 |
| 04/18/2001 | Review and revise correspondence to Debtors re first day orders and retention plans related discussions with MSW and A. Krieger. | Keppler, A. | 2.0 |
| 04/18/2001 | Office conference MW, AK re review and revise draft correspondence to Debtors seeking employee benefits related information and payment restraint (1.3). | Krieger, A. | 1.3 |
| 04/18/2001 | Review letter re employee issues. | Raskin, R. | 0.4 |
| 04/18/2001 | Review and revise draft letter to Debtor re employee benefit plans. | Wintner, M. | 0.5 |
| 04/19/2001 | Office conference with A. Krieger, R. Raskin and MSW re First Day Orders, draft summary memo to committee re authorization included in first day orders and Debtors benefit plans, analysis of plans. | Keppler, A. | 6.5 |
| 04/19/2001 | Prepared final form of correspondence to J. Kapp re employee benefits documentation request and requested restraint on payments (3.0). | Krieger, A. | 3.0 |
| 04/19/2001 | Review Executive Employment Agreements (1.0); draft analysis of Employee Benefit Programs for Committee and office conference with Arlene Krieger and Abbey Keppler re same. | Wintner, M. | 4.4 |
| 04/20/2001 | Discussions with MSW and A. Krieger re objection to payments to former executives and employees and retention plans. | Keppler, A. | 1.3 |
| 04/20/2001 | Telephone call Roger Higgins re Debtors' response to employee benefits correspondence and follow-up office conference MW re basis for objection to pending motions and with AK re same. | Krieger, A. | 1.0 |
| 04/20/2001 | Telephone call with Kirkland & Ellis re request for employee benefit plan documents (1.0). | Wintner, M. | 1.0 |
| 04/22/2001 | Reviewed first day orders re severance payments, retiree benefits authorized, reviewed relief sought by Debtors re key employee retention programs and arguments for Committee objection to final authorization of same. | Krieger, A. | 2.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/23/2001 | Discussions with A. Krieger and MSW (.4); review documents, plans and employment agreements (4). | Keppler, A. | 4.4 |
|---|---|---|---|
| 04/23/2001 | Office conferences A. Keppler re receipt and review of benefit program documentation (.3); office conference M. Wintner re extensions obtained and review of documentation, possible vacatur of first day wage benefit order (.2); review case law re Rule 59 and 60 of the Federal Rules of Civil Procedure (1.0). | Krieger, A. | 1.5 |
| 04/23/2001 | Review empoyee benefit plans. | Wintner, M. | 1.0 |
| 04/24/2001 | Review correspondence re payment of employee benefits and office conference with MSW re same. | Keppler, A. | 0.5 |
| 04/24/2001 | Preparation of correspondence to Jay Kapp re adjournments of employee benefit related matters and deferral of submission of Blackstone order (1.0). | Krieger, A. | 1.0 |
| 04/24/2001 | Office conferences A. Keppler re preparation of reconsideration motion (.5); office conference A. Taruschio re case law re necessity doctrine and application to Grace cases (.5); correspondence to S. Cunningham re employee benefits documentation received from Grace (.1); correspondence to R. Higgins, John Forgach re employee benefits (.5); office conference M.Sasson re local rule for reconsideration motions (.1); began to prepare reconsideration motion and review application of federal rule (1.5); telephone call R. Higgins re Kapp correspondence on retiree payment and reviewed correspondence (.2). | Krieger, A. | 3.4 |
| 04/24/2001 | Review letter from Debtor's counsel concerning payment of employee benefits pursuant to First Day Wage Order and office conference with A. Keppler re same. | Wintner, M. | 0.5 |
| 04/25/2001 | Discussions with MSW, A. Krieger and R. Raskin re reconsideration request on some benefits (1) review plans and related documents and correspondence (2.5) draft memorandum to the committee re: same (1). | Keppler, A. | 4.5 |
| 04/25/2001 | Telephone call S. Cunningham re employee benefit related documentation and review thereof (.2); office conference A. Keppler re preparation of reconsideration motion (.1); office conference RAR re Kapp correspondence (.1); meeting with RAR, MW, AK re Debtors' response, preparation of memorandum to the Committee describing the programs at issue and recommending a course of action after conversing with Debtor, and telephone call Jay Kapp re 4/26/01 | Krieger, A. | 2.4 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Name | Hours |
|---|---|---|---|
| | conference call to discuss programs (1.0); review AK draft memorandum to the Committee, Debtor letter and wage motion in preparation for 4/26/01 conference call (.7); telephone call R. Higgins re 4/26/01 conference call (.1); e-mails to S. Cuningham and E. Ordway re scheduled conference call and forwarded applicable documentation (.2). | | |
| 04/25/2001 | Review reply re employee issues, o/c Wintner and Keppler re same (.7). | Raskin, R. | 0.7 |
| 04/25/2001 | Begin research on necessity of payment doctrine for A. Krieger (1.5) | Taruschio, A. | 1.5 |
| 04/25/2001 | Office conference Rob Raskin; Arlene Krieger and Abbey Keppler re recommended response to Debtors' stated intention to continue to pay retired and terminated employees under various Employee Benefit Plans, under authority of First Day Wage/Benefits Order (0.5); review various Employee Benefit Plan documents and Workers Compensation policies (1.0). | Wintner, M. | 1.5 |
| 04/26/2001 | Conference call with S. Cunningham et.al. and A. Krieger and MSW re employee benefits (2), draft memo to Committee re request for reconsideration of authorization for certain nonqualified pensions and workers' compensation, related discussions with A. Krieger and MSW (5.2). | Keppler, A. | 7.2 |
| 04/26/2001 | Extended conference call with Debtors' representatives, MW, AK, preparation Policano & Manzo re nonqualified plans, deferred compensation programs and follow-up office conferences S. Cunningham and E. Ordway re same and recommendation to the Committee on authorization granted by Benefits order, and preparation of memorandum to the Committee setting forth programs and recommendation thereon (2.0); further office conferences A. Keppler re preparation of draft memorandum to the Committee with respect to reconsideration of the Benefits Order (.5); reviewed draft memorandum re reconsideration motion relating to nonqualified draft benefit programs and prepared comments thereon (2.1). | Krieger, A. | 4.6 |
| 04/26/2001 | Review memo re employee issues. | Raskin, R. | 0.4 |
| 04/26/2001 | Research and draft necessity section for Employee payment reconsideration motion for A. Krieger (4.8). | Taruschio, A. | 4.8 |
| 04/26/2001 | Telephone conference call A. Krieger, A. Keppler, Policano & Manzo Debtor and Debtors' counsel re Employee Benefit Plans (1.0), follow-up meeting with | Wintner, M. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

A. Krieger and A. Keppler (0.4) and revise draft memo to Creditors Committee (0.6).

| Date | Description | Name | Hours |
|---|---|---|---|
| 04/27/2001 | Telephone Debtors, MSW and A. Krieger re workers compensation (1); draft memo to committee re motion for reconsideration of certain first day orders and related discussions with A. Krieger, draft motion for reconsideration (8.2). | Keppler, A. | 9.2 |
| 04/27/2001 | Office conferences A. Keppler re comments to the Committee memorandum discussing employee benefit programs (.3); extended conference with Debtors' representatives and counsel and MW, AK re workers' compensation programs and liability and follow-up discussion with MW, AK re same and recommendation to the Committee (1.5); prepare memorandum to the Committee re employee benefit issues and Committee meeting to discuss (.5); office conferences A. Taruschio re case law discussing the necessity doctrine and its application, application of Section 507(a)(3) and (a)(4) (1.2); further office conferences AK re reconsideration motion structure and arguments (1.6). | Krieger, A. | 5.1 |
| 04/27/2001 | Review of memo on benefits order and motion for reconsideration. | Kruger, L. | 0.4 |
| 04/27/2001 | Research brief point on reconsideration of employee motion (6.4); o/c w/A. Krieger re same (1.7) | Taruschio, A. | 8.1 |
| 04/27/2001 | Review memo to Creditors' Committee and draft Motion re Employee Benefit Plans (0.8); telephone conference Arlene Krieger, Abbey Keppler, Debtor and Debtor's counsel re Workers' Compensation policies and arrangements (0.8); office conference A. Krieger and A. Keppler re scope of memo to Committee and draft Motion to Reconsider First Day Wage and Benefits Order (0.4). | Wintner, M. | 2.0 |
| 04/28/2001 | Draft motion for reconsideration of certain nonqualified pension payments. | Keppler, A. | 4.0 |
| 04/28/2001 | Review, revise draft motion for reconsideration. | Krieger, A. | 4.2 |
| 04/28/2001 | research and write brief on necessity doctine and employee payments (5.7) | Taruschio, A. | 5.7 |
| 04/29/2001 | Draft motion for reconsideration of authorization for certain employee benefit ayments included in First Day orders. | Keppler, A. | 4.0 |
| 04/29/2001 | Further review and revisions to draft reconsideration motion and office conferences A. Keppler re same. | Krieger, A. | 4.4 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Page: 22

| 04/30/2001 | Review and revise form of reconsideration motion (4.6); telephone call MW re same (.1); extended meeting with A. Taruschio re legal analysis for reconsideration motion (2.1). | Krieger, A. | 6.7 |
|---|---|---|---|
| 04/30/2001 | Office conference with AK regarding employee issues. | Kruger, L. | 0.2 |
| 04/30/2001 | Review and revise reconsideration motion for employee benefits w/ A. Krieger (4.8) | Taruschio, A. | 4.8 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Keppler, Abbey | 54.4 | $ 425 | $ 23,120.00 |
| Krieger, Arlene | 43.6 | 425 | 18,530.00 |
| Kruger, Lewis | 1.7 | 650 | 1,105.00 |
| Lavin, Howard | 1.4 | 500 | 700.00 |
| Raskin, Robert | 2.3 | 550 | 1,265.00 |
| Taruschio Anna | 24.9 | 185 | 4,606.50 |
| Wintner, Mark | 18.9 | 525 | 9,922.50 |

Total For Professional Services Rendered    $ 59,249.00

Total for this Matter    $ 59,249.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

W R GRACE & CO
THROUGH APRIL 30, 2001

| PARTNERS | HOURS | RATE | AMOUNT |
|---|---|---|---|
| KRUGER, L. | 20.2 | $ 650.00 | $ 13,130.00 |
| LAVIN, H. | 1.4 | $ 500.00 | $ 700.00 |
| PASQUALE, K. | 9.8 | $ 475.00 | $ 4,655.00 |
| RASKIN, R. | 32.6 | $ 550.00 | $ 17,930.00 |
| WINTNER, M. | 22.4 | $ 525.00 | $ 11,760.00 |
| | | | |
| ASSOCIATES | | | |
| | | | |
| KEPPLER, A. | 54.4 | $ 425.00 | $ 23,120.00 |
| KRIEGER, A. | 93.1 | $ 425.00 | $ 39,567.50 |
| SASSON, M. | 14.7 | $ 360.00 | $ 5,292.00 |
| TARUSCHIO, A. | 103.6 | $ 185.00 | $ 19,166.00 |
| | | | |
| PARAPROFESSIONALS | | | |
| | | | |
| HOLZBERG, E. | 2.9 | $ 145.00 | $ 420.50 |
| SERRETTE, R. | 24.5 | $ 130.00 | $ 3,185.00 |
| | | | |
| TOTALS: | 379.6 | | $ 138,926.00 |

**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038

**Disbursement Register**

May 25, 2001
Invoice: 233825

RE:    **699842  W R Grace & Co**
**0002  General**

**Disbursements incurred for the period through April 30, 2001,**
**including:**

| Date | Description | Amount |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 04/25/2001 | Federal Express T#805721372796 R. RASKIN to: J. DICKSON ATLANTA,GA | 19.51 |
| 04/26/2001 | Federal Express T#402249013386 A. KRIEGER to: S. CUNNINGHAM / E. ORDWAY SADDLE B | 13.06 |
| | **Outside Messenger Service Total** | **32.57** |
| **Meals** | | |
| 04/24/2001 | VENDOR: Petty Cash; INVOICE#: 04/20/01; DATE: 4/24/01 04/19/01  NY PETTY CASH  A.TARUSCHIO | 9.13 |
| 04/30/2001 | VENDOR: Petty Cash; INVOICE#: 04/27/01; DATE: 4/30/01 04/25/01  NY PETTY CASH  J.MEDORO | 10.00 |
| | **Meals Total** | **19.13** |
| **Local Transportation** | | |
| 04/27/2001 | VENDOR: Petty Cash; INVOICE#: 04/26/01; DATE: 4/27/01 04/24/01  NY PETTY CASH  E.HOLZBERG | 49.05 |
| 04/30/2001 | VENDOR: Petty Cash; INVOICE#: 04/30/01; DATE: 4/30/01 04/24/01  NY PETTY CASH  L.KRUGER | 18.00 |
| | **Local Transportation Total** | **67.05** |

**Long Distance Telephone**

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 04/19/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:31, DUR.04:06 | 1.41 |
| 04/19/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:03, DUR.00:12 | 0.28 |
| 04/19/2001 | EXTN.5422, TEL.312-861-2124, S.T.19:05, DUR.00:18 | 0.17 |
| 04/20/2001 | EXTN.5511, TEL.202-393-2000, S.T.13:52, DUR.00:24 | 0.28 |
| 04/20/2001 | EXTN.5002, TEL.312-861-2124, S.T.16:08, DUR.01:18 | 0.64 |
| 04/20/2001 | EXTN.5002, TEL.302-654-1888, S.T.16:40, DUR.01:54 | 0.64 |
| 04/20/2001 | EXTN.5002, TEL.312-861-2129, S.T.09:02, DUR.03:36 | 1.28 |
| 04/23/2001 | EXTN.3430, TEL.302-654-1888, S.T.19:02, DUR.00:12 | 0.17 |
| 04/23/2001 | EXTN.5430, TEL.302-654-1888, S.T.19:04, DUR.01:24 | 0.35 |
| 04/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.10:06, DUR.01:24 | 0.56 |
| 04/23/2001 | EXTN.5544, TEL.973-424-2031, S.T.10:21, DUR.00:30 | 0.28 |
| 04/24/2001 | EXTN.3544, TEL.312-861-2160, S.T.15:47, DUR.00:36 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7700, S.T.10:51, DUR.00:12 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7638, S.T.11:00, DUR.00:36 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:39, DUR.00:42 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.12:17, DUR.01:00 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7638, S.T.12:50, DUR.00:42 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.201-843-4900, S.T.14:32, DUR.00:54 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:32, DUR.02:12 | 0.85 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7638, S.T.16:47, DUR.03:42 | 1.13 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:16, DUR.00:06 | 0.28 |
| 04/24/2001 | EXTN.5492, TEL.201-843-4900, S.T.10:19, DUR.00:30 | 0.28 |
| 04/24/2001 | EXTN.5492, TEL.973-424-2000, S.T.11:52, DUR.02:18 | 0.85 |
| 04/24/2001 | EXTN.5492, TEL.973-424-2017, S.T.16:12, DUR.02:00 | 0.56 |
| 04/25/2001 | EXTN.3422, TEL.312-861-2124, S.T.11:40, DUR.01:24 | 0.56 |
| 04/25/2001 | EXTN.3430, TEL.973-242-4536, S.T.13:13, DUR.00:42 | 0.28 |
| 04/25/2001 | EXTN.5422, TEL.312-861-2160, S.T.11:34, DUR.00:54 | 0.28 |
| 04/25/2001 | EXTN.5422, TEL.404-332-5947, S.T.15:47, DUR.00:24 | 0.28 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 04/25/2001 | EXTN.5435, TEL.732-390-9000, S.T.17:06, DUR.00:48 | 0.28 |
| 04/25/2001 | EXTN.5435, TEL.312-876-7638, S.T.17:37, DUR.02:42 | 0.85 |
| 04/25/2001 | EXTN.5485, TEL.856-488-7300, S.T.15:13, DUR.00:24 | 0.28 |
| 04/25/2001 | EXTN.5485, TEL.973-424-2017, S.T.15:14, DUR.01:24 | 0.56 |
| 04/25/2001 | EXTN.5492, TEL.973-424-2000, S.T.14:22, DUR.03:18 | 1.13 |
| 04/25/2001 | EXTN.5544, TEL.312-861-2160, S.T.15:51, DUR.00:24 | 0.28 |
| 04/25/2001 | EXTN.6406, TEL.312-861-2124, S.T.12:54, DUR.02:24 | 0.85 |
| 04/25/2001 | EXTN.6406, TEL.201-843-4900, S.T.12:59, DUR.02:00 | 0.56 |
| 04/25/2001 | EXTN.6406, TEL.201-843-4900, S.T.13:02, DUR.01:42 | 0.56 |
| 04/25/2001 | EXTN.6406, TEL.312-861-2248, S.T.14:31, DUR.35:06 | 10.15 |
| 04/26/2001 | EXTN.3544, TEL.201-556-4040, S.T.09:30, DUR.11:30 | 3.38 |
| 04/26/2001 | EXTN.5492, TEL.201-843-4900, S.T.14:24, DUR.01:00 | 0.28 |
| 04/26/2001 | EXTN.5492, TEL.973-424-2017, S.T.14:58, DUR.05:24 | 1.69 |
| 04/26/2001 | EXTN.5492, TEL.973-424-2017, S.T.16:39, DUR.03:48 | 1.13 |
| 04/26/2001 | EXTN.5544, TEL.201-843-4900, S.T.13:07, DUR.21:30 | 6.20 |
| 04/26/2001 | EXTN.5544, TEL.312-861-2160, S.T.17:46, DUR.01:00 | 0.28 |
| 04/26/2001 | EXTN.5727, TEL.312-861-2160, S.T.10:04, DUR.00:36 | 0.28 |
| 04/26/2001 | EXTN.6015, TEL.973-424-2000, S.T.10:01, DUR.02:12 | 0.85 |
| 04/26/2001 | EXTN.6015, TEL.973-424-2017, S.T.15:20, DUR.01:30 | 0.56 |
| 04/27/2001 | EXTN.3544, TEL.201-556-4040, S.T.15:33, DUR.00:30 | 0.28 |
| 04/27/2001 | EXTN.3544, TEL.201-556-4003, S.T.16:16, DUR.19:06 | 5.64 |
| 04/27/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:05, DUR.00:30 | 0.28 |
| 04/27/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:57, DUR.00:54 | 0.28 |
| 04/27/2001 | EXTN.5544, TEL.201-556-4003, S.T.10:58, DUR.01:00 | 0.28 |
| 04/27/2001 | EXTN.5544, TEL.312-861-2160, S.T.12:23, DUR.01:06 | 0.56 |
| 04/27/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:37, DUR.01:12 | 0.56 |
| 04/30/2001 | EXTN.5492, TEL.302-656-8162, S.T.13:15, DUR.03:18 | 1.13 |
| 04/30/2001 | EXTN.5544, TEL.973-424-2037, S.T.11:40, DUR.03:06 | 1.13 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/30/2001 | EXTN.5544, TEL.201-981-1125, S.T.12:49, DUR.00:18 | 0.28 |
| 04/30/2001 | EXTN.6015, TEL.312-861-2000, S.T.10:16, DUR.04:42 | 1.41 |

**Long Distance Telephone Total**      **55.35**

**Duplicating Costs-in House**

| 04/20/2001 | 1.54 |
| 04/20/2001 | 0.07 |
| 04/20/2001 | 0.84 |
| 04/23/2001 | 1.12 |
| 04/23/2001 | 28.98 |
| 04/23/2001 | 26.88 |
| 04/23/2001 | 26.11 |
| 04/23/2001 | 2.45 |
| 04/23/2001 | 4.48 |
| 04/23/2001 | 0.42 |
| 04/23/2001 | 3.36 |
| 04/23/2001 | 54.04 |
| 04/24/2001 | 0.07 |
| 04/24/2001 | 1.75 |
| 04/24/2001 | 1.12 |
| 04/24/2001 | 3.08 |
| 04/24/2001 | 2.31 |
| 04/24/2001 | 0.56 |
| 04/24/2001 | 1.61 |
| 04/24/2001 | 0.07 |
| 04/25/2001 | 4.48 |
| 04/25/2001 | 2.03 |
| 04/25/2001 | 0.21 |
| 04/25/2001 | 2.80 |
| 04/25/2001 | 0.77 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/25/2001 | 0.98 |
| 04/25/2001 | 17.85 |
| 04/25/2001 | 0.56 |
| 04/25/2001 | 0.28 |
| 04/26/2001 | 15.75 |
| 04/26/2001 | 3.92 |
| 04/26/2001 | 3.43 |
| 04/26/2001 | 2.80 |
| 04/26/2001 | 14.77 |
| 04/26/2001 | 2.94 |
| 04/26/2001 | 7.00 |
| 04/26/2001 | 11.34 |
| 04/26/2001 | 29.40 |
| 04/27/2001 | 14.35 |
| 04/27/2001 | 1.75 |
| 04/27/2001 | 0.21 |
| 04/27/2001 | 4.55 |
| 04/27/2001 | 2.17 |
| 04/27/2001 | 1.82 |
| 04/27/2001 | 2.94 |
| 04/27/2001 | 7.56 |
| 04/27/2001 | 0.42 |
| 04/27/2001 | 6.58 |
| 04/30/2001 | 12.95 |
| 04/30/2001 | 21.07 |
| 04/30/2001 | 2.45 |
| 04/30/2001 | 1.89 |
| 04/30/2001 | 3.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 04/30/2001 | | 1.75 |
| 04/30/2001 | | 8.96 |
| 04/30/2001 | | 9.80 |
| | **Duplicating Costs-in House Total** | **386.89** |

**Postage**

| | | |
|---|---|---|
| 04/30/2001 | Postage Charged by  on 04/25/2001 | 0.34 |
| | **Postage Total** | **0.34** |

**Miscellaneous**

| | | |
|---|---|---|
| 04/30/2001 | VENDOR: Petty Cash; INVOICE#: 04/30/01; DATE: 4/30/01 04/28/01  NY PETTY CASH  A.TARUSCHIO -  SENT FAX TO A. KRIEGER | 7.00 |
| | **Miscellaneous Total** | **7.00** |

**Facsimile Charges**

| | | |
|---|---|---|
| 04/20/2001 | FAX # 421-6234 | 12.00 |
| 04/20/2001 | FAX # 421-6234 | 17.00 |
| 04/24/2001 | FAX # 421-6234 | 6.00 |
| 04/24/2001 | FAX # 421-6234 | 1.00 |
| 04/25/2001 | FAX # 201-843-8044 | 2.00 |
| 04/25/2001 | FAX # 201-843-8044 | 3.00 |
| 04/25/2001 | FAX # 201-843-8044 | 3.00 |
| 04/25/2001 | FAX # 312-861-2200 | 3.00 |
| 04/25/2001 | FAX # 446-4900 | 3.00 |
| 04/25/2001 | FAX # 302-652-4400 | 3.00 |
| 04/26/2001 | FAX # 201-843-8044 | 55.00 |
| 04/26/2001 | FAX # 201-843-8044 | 29.00 |
| 04/26/2001 | FAX # 201-843-8044 | 55.00 |
| 04/26/2001 | FAX # 201-843-8044 | 50.00 |
| 04/26/2001 | FAX # 312-861-2200 | 5.00 |
| 04/26/2001 | FAX # 302-652-4400 | 5.00 |
| 04/26/2001 | FAX # 305-374-7593 | 5.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Amount |
|---|---|---|
| 04/26/2001 | FAX # 644-6755 | 1.00 |
| 04/26/2001 | FAX # 302-573-6497 | 5.00 |
| 04/28/2001 | FAX # 570-1803 | 12.00 |
| 04/29/2001 | FAX # 570-1803 | 15.00 |
| 04/29/2001 | FAX # 570-1803 | 1.00 |
| 04/29/2001 | FAX # 570-1803 | 6.00 |
| 04/30/2001 | FAX # 901133388368327 | 25.00 |
| 04/30/2001 | FAX # 202-659-4503 | 8.00 |
| 04/30/2001 | FAX # 815-3466 | 0.00 |
| 04/30/2001 | FAX # 250-6392 | 9.00 |
| 04/30/2001 | FAX # 238-3100 | 9.00 |
| 04/30/2001 | FAX # 622-3783 | 7.00 |
| 04/30/2001 | FAX # 622-3783 | 3.00 |

**Facsimile Charges Total**  **358.00**

**Westlaw**

| 04/23/2001 | Research by Arlene Krieger | 40.00 |
| 04/23/2001 | Research by Anna Taruschio | 173.25 |
| 04/24/2001 | Research by Anna Taruschio | 10.00 |
| 04/25/2001 | Research by Anna Taruschio | 27.47 |
| 04/26/2001 | Research by Anna Taruschio | 209.75 |
| 04/27/2001 | Research by Anna Taruschio | 152.75 |
| 04/28/2001 | Research by Anna Taruschio | 5.00 |
| 04/30/2001 | Research by Moshe Sasson | 112.58 |

**Westlaw Total**  **730.80**

**Word Processing – Logit**

| 04/27/2001 | Work requested by Arlene Krieger | 18.00 |
| 04/27/2001 | Work requested by Arlene Krieger | 48.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Page: 8

| 04/29/2001 | Work requested by Arlene Krieger | 60.00 |
| 04/29/2001 | Work requested by Arlene Krieger | 78.00 |
| 04/29/2001 | Work requested by Arlene Krieger | 48.00 |
| 04/29/2001 | Work requested by Arlene Krieger | 54.00 |
| 04/29/2001 | Work requested by Linda Bedre | 12.00 |

**Word Processing - Logit Total**                      **318.00**

### Bill Disbursement Summary

| Outside Messenger Service | $ 32.57 |
| Meals | 19.13 |
| Local Transportation | 67.05 |
| Long Distance Telephone | 55.35 |
| Duplicating Costs-in House | 386.89 |
| Postage | 0.34 |
| Miscellaneous | 7.00 |
| Facsimile Charges | 358.00 |
| Westlaw | 730.80 |
| Word Processing - Logit | 318.00 |

Total Disbursements/Charges     $ 1,975.13

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.