● **ORIGINAL** ●

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections due by:** |
| | ) | **June 19, 2001 at 4:00 p.m.** |
| | ) | **Hearing Date:  (negative notice)** |
| | ) | **June 21, 2001 at a time t/b/d if necessary** |

### NOTICE OF MOTION OF DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF EXPERTS

TO:     Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On June 4, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the **Motion of Debtors for the Entry of an Order**

**Authorizing the Retention of Experts** (the "Motion") with the United States Bankruptcy Court

for the District of Delaware, 824 Market Street, Wilmington, Delaware  19801 (the "Bankruptcy

Court").  A true and correct copy of the Motion is attached hereto.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*362*

*371*

Objections and other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on June 19, 2001.

Objections or other responses to the Motion, if any, must also be served so that they are received not later than June 19, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby & Geddes, 222 Delaware Avenue, P.O. Box 1150, Wilmington, Delaware 19899 (fax number 302-654-2067); and (v) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-6006), and Michael R.

Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200,

Wilmington, Delaware  19801-1246 (fax number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE, ON JUNE 21, 2001 AT A TIME TO BE DETERMINED AT THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING STREET, WILMINGTON, DELAWARE 19801. THE DEBTORS WILL NOTICE ANY OBJECTING PARTIES, THE RESPECTIVE COMMITTEES, AND ANY PARTY WHO SO REQUESTS OF THE TIME OF SUCH HEARING.

Dated: June 4, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

<u>and</u>

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

91100-001\DOCS_DE:23684.1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objections due by:** |
| | ) | **June 19, 2001 at 4:00 p.m.** |
| | ) | **Hearing Date:  (negative notice)** |
| | ) | **June 21, 2001 at a time t/b/d if necessary** |

## MOTION OF DEBTORS FOR THE ENTRY OF AN
## ORDER AUTHORIZING THE RETENTION OF EXPERTS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby move (the "Motion") the Court for entry of an order authorizing the retention of certain

experts, and in support thereof respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Summary of Relief Requested

1.  The Debtors have identified certain experts needed to assist them with the litigation of threshold tort liability issues and with proceedings concerning the allowance/disallowance, estimation and liquidation of claims.  Initially, the experts will act in a consulting capacity, though some of them may also testify at some point in *Daubert* hearings, estimation hearings, or other proceedings.  The Debtors understand that the Committees (as defined herein) may also desire to retain or may have already retained comparable experts, and the Debtors propose that the relief requested in this motion for the retention of experts also apply to the Committees and their counsel, unless otherwise specified.  Whomever they may be retained by, such experts are collectively referred to in this Motion as "Experts".

2.  Specifically, the Debtors do not believe that the Experts are "professionals" who require Court approval under section 327 of title 11 of the United States Code (as amended, the "Bankruptcy Code").  Accordingly, the Debtors request that the Court authorize both the Debtors and the Committees to retain their own Experts without requiring the submission of separate retention pleadings and fee applications for each Expert.

## Jurisdiction

3.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a) and 327(a) of the Bankruptcy Code.

2

## Background

5.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

6.      The Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland.  The Debtors predominately operate through two business units - Davison Chemicals and Performance Chemicals.  The Debtors' parent company, W. R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary W. R. Grace & Co. - Conn. ("Grace-Conn").  Grace-Conn owns substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are debtors and debtors in possession in the Chapter 11 Cases.

7.      The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

8.      On April 12, 2001, the office of the United States Trustee appointed three official committees in the Chapter 11 Cases as follows:  (i) the committee of unsecured creditors (the "Creditors' Committee"); (ii) the committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee"); and (iii) the committee of asbestos property damage claimants (the "Asbestos Property Damage Committee") (the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, as well as any other official committee

appointed by the United States Trustee in the Chapter 11 Cases, shall collectively be referred to as the "Committees").

## Relief Requested

9.       As set forth above, the Debtors have identified certain areas which require the services of the Experts.  The specific areas include, without limitation, the following:

    a.       Medical diagnosis and disease causation, including:

        (1)       Epidemiology;

        (2)       Pathology;

        (3)       Pulmonology and lung function; and

        (4)       Oncology.

    b.       Analysis of exposures, including:

        (1)       Industrial hygiene; and

        (2)       Dose estimation and reconstruction.

    c.       State of the Art;

    d.       Analysis, modeling and estimation of current and future asbestos personal-injury claims; and

    e.       Claims facility management and procedure.

10.       The Debtors reserve the right to identify additional areas and/or Experts, if needed and as appropriate.

11.       The Debtors believe that the Experts referenced above are not "professionals" under section 327(a) of the Bankruptcy Code.  Accordingly, the Debtors do not believe that the

4

retention of the Experts requires Court approval under section 327(a) of the Bankruptcy Code. The

Debtors file the instant motion, however, out of an abundance of caution.

**The Experts Are Not "Professionals"
Under Section 327(a) of the Bankruptcy Code**

12.    Section 327(a) of the Bankruptcy Code provides that "the trustee, with the

court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other

***professional persons . . . to represent or assist*** the trustee ***in carrying out the trustee's duties*** under

this title." 11 U.S.C. § 327(a) (emphasis added).  The term "professional person" is not defined by

the Bankruptcy Code.  As a result, courts have fashioned two tests to determine whether a party

engaged by a debtor's estate is a "professional person" pursuant to section 327(a) of the Bankruptcy

Code: (1) the more commonly used "central role" test; and (2) the "degree of autonomy" test.  The

Experts retained and/or to be retained by the Debtors are not professionals under either test.

A.    **The "Central Role" Test**

13.    The seminal case interpreting the term "professional" states that:

> [p]ersons in occupations ordinarily considered professions are not
> necessarily professionals whose retention by the estate requires court
> approval.  For the purposes of section 327(a), "professional person"
> is limited to persons in those occupations which play a central role in
> the administration of the debtor proceedings.

*In the Matter of Seatrain Lines, Inc.,* 13 B.R. 980, 981 (Bankr. S.D. N.Y. 1981).  "Administration

of the estate involves . . . progress of the Chapter 11 case through the bankruptcy court from filing

of the petition to confirmation of the plan."  *In re Northeast Dairy Coop. Fen'n, Inc.,* 74 B.R. 149,

153 (Bankr. N.D. N.Y. 1987).  Duties considered central to the administration of the estate include

assisting in the negotiation of the debtor's plan, assisting in the adjustment of the debtor/creditor

5

relationship, disposing of assets of the estate, and acquiring assets on behalf of the estate. *In re*

*Sieling Associates Ltd. Partnership,* 128 B.R. 721, 723 (Bankr. E.D. Va. 1991); *see also In re Johns-*

*Manville Corp.,* 60 B.R. 612, 621 (Bankr. S.D. N.Y. 1986).

14.    Courts have generally found that "pure" consultants, as opposed to

management consultants, are not "professionals." For example, in *In re Sieling,* 128 B.R. 721

(Bankr. E.D. Va. 1991), a toxicology consultant was hired one and a half years prepetition to test

water for contamination. The court held that "[n]otwithstanding the fact that [the consultant's]

retention may be necessary for the Debtor to comply with Maryland law, [he] is not assisting the

Debtor with its plan, with the sale or purchase of assets or with negotiating with creditors." *Id.* At

732. Accordingly, the consultant was not a professional person as used in section 327(a) of the

Bankruptcy Code.

15.    In another case, an accounting firm was hired as an expert witness in an

intellectual property action brought on behalf of a chapter 11 debtor by special counsel. The court

held that "an accountant who is retained solely to testify as an expert witness in collateral litigation

does not assume a 'central role in the administration of the bankruptcy.'" *In re That's Entertainment*

*Marketing Group, Inc.,* 168 B.R. 226, 230 (N.D. Cal. 1994). The court reasoned that because an

expert witness is not in the position to formulate strategy or to manage the estate and the estate's

liabilities, he cannot be considered a professional person pursuant to section 327(a) of the

Bankruptcy Code. *Id.* at 320, n.4. *See also, In re B&W Dairy Co. of Ohio Inc.,* 70 B.R. 69 (Bankr.

N.D. Ohio 1987) (court similarly reasoned that expert witnesses should not be deemed

"professionals" under section 327 because of their tangential relationship to the administration of the estate).

16.     Courts in this district have also adopted a similar test as set forth above. Specifically, the factors to be considered in determining whether an expert is a professional within the meaning of section 327 of the Bankruptcy Code "include the following: (1) whether the [expert] controls, manages, administers invests purchases or sells assets that are significant to the debtors reorganization, (2) whether the [expert] is involved in negotiating the terms of a Plan of Reorganization, (3) whether the [expert] is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the [expert] is given discretion or autonomy to exercise his or her own professional judgment in some part of the debtor's estate, i.e. the qualitative approach, (5) to the extent of the [expert]'s involvement in the administration of the debtor's estate, i.e. the quantitative approach; and (6) whether the [expert]'s services involve some degree of special knowledge or skill, such that the [expert] can be considered a 'professional' within the ordinary meaning of the term." In re First Merchants Acceptance Corporation, 1997 WL 873551, *3 (D. Del. 1997). No one factor above is dispositive and each should be weighed against the other and considered in toto. Id.

17.     Like the consultants and experts in the above cases, the Experts to be retained by the Debtors are not in a position to control the strategy affecting the management or administration of the Chapter 11 Cases or the negotiation of a Plan of Reorganization. While the Experts' advice may be helpful to the estimation and claims liquidation proceedings, such advice is

distantly related and tangential to the administration of the estate. Accordingly, the Experts are not "professionals" under the central role test.

**B.    The "Degree of Autonomy" Test**

18.    Under this test, courts consider whether the party is to be given discretion or autonomy in some part of the administration of the debtor's estate. *In re Fretheim,* 102 B.R. 298, 299 (Bankr. D. Conn. 1989). If the party hired by the estate has complete discretion, independent ability and complete financial management authority over the operation of the estate, such party is a "professional." *In re Frederick Petroleum Corp.,* 75 B.R. 774, 780 (Bankr. S.D. Ohio).

19.    A person or entity performing only routine administrative functions and services, without more, is not a professional because such party's role is confined to events in the ordinary course of the debtor's business which are not essential either to the bankruptcy proceedings or to major policy decisions. *In re Leslie Oil and Gas Co.,* 98 B.R. 774, 776 (Bankr. S.D. Ohio 1989). In *Leslie Oil,* the debtor assigned prepetition voting rights in its stock to Pride Petroleum Inc. ("Pride"). While Pride was incorporated for the sole purpose of managing the debtor's business pursuant to a management contract, the debtor and Pride had an agreement specifically prohibiting Pride from management duties or participation in business decisions regarding, *inter alia*, financial, legal, securities and reorganization matters. *Id.* at 776. Thus, despite the central nature of its management role, Pride was not a "professional" because it did not possess the necessary degree of discretion or autonomy.

20.    The "degree of autonomy" cases reason that the primary purpose of section 327(a) of the Bankruptcy Code is to prevent conflicts of interests which "erode the confidence in the

administration of justice in bankruptcy courts." *In re Intech Capital Corp.*, 87 B.R. 232, 236 (Bankr. D.Conn. 1988). The prohibition against appointment of an interested person is to prevent placing such a party in a sufficiently autonomous position such that he or she has discretion to implement activities benefitting an adverse interest. *In re Frederick*, 75 B.R. 774, 780.

21.    While the Experts here will render independent opinions, such opinions do not empower them with discretion or autonomy over the administration of the Debtors' estates, such as the purchase and sale of assets or the strategy to be used to reorganize, manage, and liquidate estate assets. Accordingly, the Experts do not meet the "degree of autonomy" test.

**Retention of the Experts Should Be
Allowed Independent from Section 327(a)**

22.    Based on the foregoing, the Debtors submit that the Experts to be used, in part, in connection with the tort litigation, proceedings for allowing and disallowing claims, claims estimation, claims liquidation, and other proceedings are not professionals under section 327(a) of the Bankruptcy Code. Therefore, Court approval of their retention is not required.

23.    To help ensure that the retention of Experts is appropriate and cost-effective, the Debtors will scrutinize the Experts' work and invoices as they are performed and will have incentives, just as they did prepetition, to make sure that this work is performed in an appropriate and cost-effective manner.

24.    For any Experts retained by the Committees, the Debtors propose that counsel for the Committees be authorized to retain their own Experts, be charged with scrutinizing the Experts' work and invoices to make sure their work is appropriate and cost-effective, and be permitted to seek reimbursement for Experts' fees and expenses as disbursements on the

Committees' periodic fee applications served in compliance with that certain Administrative Order

Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001.

Further, the relief requested herein has been approved in other large chapter 11 cases. See *In re Dow*

*Corning Corporation,* Case No. 95-20512 (AJS) (Bankr. E.D. Mich. 1995); *In re Babcock & Wilcox*

*Company,* Case No. 00-10992 (JAB) (Bankr. E.D. La. 2000).

## Notice

25.     Notice of this Motion has been given to: (i) the United States Trustee,

(ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors'

prepetition lenders, (iv) counsel to the Committees and (v) all those parties that requested service

and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief

requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court (i) authorize the Debtors and the Committees to retain Experts, effective as of the Petition Date or as such Experts are retained and (ii) grant such other and further relief as is just and proper.

Wilmington, Delaware
Dated: June 4, 2001

Respectfully submitted,

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES PC

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302 652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

11

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### ORDER AUTHORIZING THE RETENTION OF EXPERTS

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking the entry of an order authorizing the retention of Experts and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and after due deliberation and cause appearing therefore; it is hereby

FOUND that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157; and it is further

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined herein have the meaning ascribed to them in Motion.

FOUND that this Court has authority to grant the relief requested in the Motion pursuant to 11 U.S.C. § 105(a) and 327(a); and it is further

FOUND that notice of the Motion is sufficient and appropriate and in accordance with the Bankruptcy Rules, Local Rules, and Orders of this court; and it is further

FOUND that in connection with the litigation of threshold tort liability issues and with proceedings concerning the allowance/disallowance, estimation and liquidation of claims certain areas require the services of Experts. The specific areas identified include, without limitation, the following:

    a.    Medical diagnosis and disease causation, including:

        (1)    Epidemiology;

        (2)    Pathology;

        (3)    Pulmonology and lung function; and

        (4)    Oncology.

    b.    Analysis of exposures, including:

        (1)    Industrial hygiene;

        (2)    Dose estimation and reconstruction.

    c.    State of the Art;

    d.    Analysis, modeling and estimation of current and future asbestos personal-injury claims; and

    e.    Claims facility management and procedure;

and it is further

2

FOUND that the Experts are not professionals under section 327(a) of the Bankruptcy Code. It is therefore,

ORDERED that Court approval for the retention of Experts is not required as such Experts are not professionals under section 327(a) of the Bankruptcy Code; and it is further

ORDERED that the Debtors and the Committees are authorized to employ and compensate the Experts effective *nunc pro tunc* as the Petition Date and such other Experts as the Debtors or the Committees may need to employ in the future for estimation, claims liquidation or any other area requiring consulting expertise; it is further

ORDERED that the party retaining the Expert shall review the billing statements submitted by the Expert and determine the reasonableness of such billing statements. The party shall pay reasonable fees and expenses incurred by the Expert monthly or upon such other terms as are customary and include such fees and expenses with the party's monthly fee applications; and it is further

ORDERED that the Debtors and the Committees are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2001

_____
Joseph J. Farnan, Jr.
United States District Judge

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | SS: |
| COUNTY OF NEW CASTLE | ) | |

   Vanessa A. Preston, being duly sworn according to law, deposes and says that she

is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. and that on the 4th

day of June, 2001, she caused a copy of the following document(s) to be served upon the

attached service list in the manner indicated:

1.  **Notice of Motion of Debtors for the Entry of an Order Authorizing the Retention of Experts**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    **Motion of Debtors for the Entry of an Order Authorizing the Retention of Experts;**

Dated:  June 4, 2001

_Vanessa A. Preston_
Vanessa A. Preston

Sworn to and subscribed before
me this 4th day of June, 2001

Notary Public
My Commission Expires:    7/11/01

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 4, 2001
14 – Hand Delivery
07 – Federal Express
95 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

***Hand Delivery***
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

***Hand Delivery***
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

***Hand Delivery***
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

***Hand Delivery***
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

***Hand Delivery***
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

***Hand Delivery***
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

***Hand Delivery***
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

***Federal Express***
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

***Federal Express***
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106

***Federal Express***
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch
Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

***Federal Express***
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

**Federal Express**
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

**Federal Express**
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Federal Express**
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

**First Class Mail**
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**First Class Mail**
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

**First Class Mail**
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**First Class Mail**
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

**First Class Mail**
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

**First Class Mail**
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

**First Class Mail**
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

**First Class Mail**
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

**First Class Mail**
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY  10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

**First Class Mail**
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

**First Class Mail**
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

**First Class Mail**
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

**First Class Mail**
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

**First Class Mail**
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

**First Class Mail**
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

**First Class Mail**
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

**First Class Mail**
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

**First Class Mail**
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

**First Class Mail**
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

**First Class Mail**
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS 39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia 30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas 77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD 21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

**First Class Mail**
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

**First Class Mail**
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

**First Class Mail**
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

**First Class Mail**
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

**First Class Mail**
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

**First Class Mail**
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

**First Class Mail**
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ  08618

**First Class Mail**
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

**First Class Mail**
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

**First Class Mail**
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey  07663

**First Class Mail**
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

**First Class Mail**
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

**First Class Mail**
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

**First Class Mail**
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX 77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

*First Class Mail*
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn: Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah 83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York 10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York  10007

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

*First Class Mail*
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

*First Class Mail*
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

*First Class Mail*
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

*First Class Mail*
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034