ORIGINAL

FILED

2001 JUN -1  PM 4: 00

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| |
|---|
| In re:<br><br>Hayden-Gulch West Coal Company<br><br>          Debtor. |

Case No. 01-01199


STATEMENT OF FINANCIAL AFFAIRS

**NOTE 1**: The Schedules and Statements have been prepared by the Debtor's Management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist. To the extent the Debtor discovers additional information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes. Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

**NOTE 2**: Unless otherwise indicated, all amounts are listed as of April 2, 2001 (the "Commencement Date"), the date that each Debtor commenced its chapter 11 case (collectively, the "Chapter 11 Cases").

**NOTE 3**: It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

**NOTE 4**: The Debtors in the Chapter 11 Cases have made every effort to allocate assets among Debtor subsidiaries and affiliates based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of assets among Debtor subsidiaries and affiliates may change.

**NOTE 5**: The Debtors in the Chapter 11 Cases have made every effort to allocate liabilities between the prepetition and postpetition periods, as well as among Debtor subsidiaries and affiliates, based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods between Debtor subsidiaries and affiliates may change.

In re: Hayden-Gulch West Coal Company, Debtor            Case No. 01-01199

**NOTE 6**: The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtor's books and records and do not reflect credits or allowances due from such creditors to the Debtor.  The Debtor reserves all of its rights respecting such credits and allowances.

1.      Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)

**NONE**

2.      Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.

**NONE**

3.      Payment to creditors.

a.      List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

**NONE**

b.      List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

**SEE EXHIBIT SOFA 3b – Officers/Directors for W. R. Grace & Co.-Conn.**

In re: Hayden-Gulch West Coal Company, Debtor                Case No. 01-01199

4.    Suits and administrative proceedings, executions, garnishments, and attachments.

    a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

    **NONE**

    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

    **NONE**

5.    Repossessions, foreclosures, and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

**NONE**

6.    Assignments and receiverships.

    a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

    **NONE**

    b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

    **NONE**

In re: Hayden-Gulch West Coal Company, Debtor                Case No. 01-01199

7.    Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

**NONE**

8.    Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

**The Debtor may, from time to time, incur losses due to theft and damage in the ordinary course of business, which are below the Debtor's property insurance deductible of $100,000. Such losses, which would be paid directly by the Debtor, are not tracked centrally by the Debtor in the ordinary course of business, and therefore, are not itemized herein. These losses do not include third-party claims against the Debtor such as general liability, product liability and auto liability claims.**

9.    Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**NONE**

10.    Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.

**NONE**

In re: Hayden-Gulch West Coal Company, Debtor                    Case No. 01-01199

11.    Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the
debtor which were closed, sold, or otherwise transferred within one year immediately preceding
the commencement of this case.   Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit
unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions.

**NONE**


12.    Safe deposit boxes.

List each safe deposit box or other box or depository in which the debtor has or had securities,
cash, or other valuables within one year immediately preceding the commencement of this case.

**NONE**


13.    Setoffs.

List all setoffs made by any creditor, including a bank, against debts or deposits of the debtor
within 90 days preceding the commencement of this case.

**NONE**


14.    Property held for another person.

List all property owned by another person that the debtor holds or controls.

**NONE**

In re: Hayden-Gulch West Coal Company, Debtor               Case No. 01-01199

15.   Prior address of debtor.

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1750 Clint Moore Road Boca Raton, FL  33486 | Hayden-Gulch West Coal Company | 6/1998 to 8/1999 |

16.   Nature, location, and name of business.

a.   If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

**N/A**

b.   If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

**NONE**

c.   If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

**N/A**

In re: Hayden-Gulch West Coal Company, Debtor          Case No. 01-01199

17.    Books, records and financial statements.

    a.    List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Robert Tarola,<br>7500 Grace Drive<br>Columbia, MD 21044 | 5/99 - Present |
| Kathleen Brown<br>1 Town Center Rd,<br>Boca Raton, FL 33486<br><br>1750 Clint Moore Road<br>Boca Raton, FL 33486 | 3/31/96 – 5/99 |
| Richard Sukenik,<br>1 Town Center Rd,<br>Boca Raton, FL 33486 | 4/2/95 - 3/31/96 |

    b.    List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**PricewaterhouseCoopers, LLP**
**250 W. Pratt Street Suite 2100**
**Baltimore, MD 21201**

**PricewaterhouseCoopers, LLP audits the consolidated financial statements for the Debtor including the two years immediately preceding the filing.**

    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Robert Tarola** | **7500 Grace Drive, Columbia MD 21044** |

In re: Hayden-Gulch West Coal Company, Debtor                Case No. 01-01199

    d.    List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

        **The Debtors provide financial statements in the ordinary course of business, and in compliance with federal securities laws and other regulations, to various parties including regulatory agencies, financial institutions, shareholders, investment banks, customers, vendors and attorneys. The Debtors have not maintained records of the parties who requested or obtained copies of the Debtors' financial statements, and therefore, such parties are not listed herein.**

18.    Inventories.

    a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

        **NONE**

    b.    List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

        **NONE**

19.    Current Partners, Officers, Directors and Shareholders.

    a.    If the debtor is a partnership, list the nature and percentage of partnership interest of partnership interest of each member of the partnership.

| NAME AND ADDRESS | TITLE | NAME AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Grace H-G Inc.<br>7500 Grace Drive<br>Columbia, MD 21044 | Owner | 50% |
| Grace H-G II Inc.<br>7500 Grace Drive<br>Columbia, MD 21044 | Owner | 50% |

In re: Hayden-Gulch West Coal Company, Debtor                    Case No. 01-01199

    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

        **N/A**

20.    Former partners, officers, directors, and shareholders.

    a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

        **NONE**

    b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

        **N/A**

21.    Withdrawals from a partnership or distributions by a corporation.

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

**SEE RESPONSE TO 3b.**

In re: Hayden-Gulch West Coal Company, Debtor          Case No. 01-01199

## DECLARATION

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that to the best of my knowledge and belief they are true and correct.

Date _5/24/01_____          Signature _____
                                        of Debtor

Date _____          Signature _____
                                        of Joint Debtor
                                        (if any)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **HAYDEN-GULCH WEST COAL** | ) | **Case No. 01-01199 (JJF)** |
| **COMPANY** | ) | |
| | ) | |
| Debtor. | ) | |

# SCHEDULES OF ASSETS AND LIABILITIES

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois   60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG &
  JONES P.C.
Laura Davis Jones
Hamid R. Rafatjoo
David W. Carickhoff, Jr.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware   19899-8705
(302) 652-4100

Co-counsel for the Debtors and Debtors
  in Possession

## GENERAL NOTES REGARDING THE DEBTOR'S
## SCHEDULES OF ASSETS AND LIABILITIES

1.      The Schedules and Statements have been prepared by the Debtor's Management and are unaudited.  While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist.  To the extent the Debtor discovers additional information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes.  Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

2.      It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests.  Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

3.      Any failure to designate a claim on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

4.      While every effort has been made to file complete and accurate Schedules, inadvertent errors or omissions may exist.  The Debtor reserves all rights to amend its Schedules as necessary or appropriate.

5.      Unless otherwise indicated, all amounts are listed as of April 2, 2001 (the "Commencement Date"), the date each Debtor commenced its chapter 11 case (collectively, the "Chapter 11 Cases").

6.      The Debtors have been parties to a substantial number of business transactions and relationships since the formation of the original W. R. Grace & Co. over 100 years ago, including, without limitation, acquisitions or divestments of businesses, purchases, sales or leases of real property, joint ventures and partnerships.  In connection with those transactions and relationships, the Debtor may have rights under indemnities and other contract provisions. The Debtor has conducted due diligence to identify potential claims which the Debtor may have in connection with such transactions or relationships, but may not be able to identify all such potential claims as of the Commencement Date.  The Debtor reserves all rights to amend this Schedule as may be necessary or appropriate to reflect such claims.

7.      In the ordinary course of business, persons, entities or governmental instrumentalities (a) may assert liens against the Debtor, such as tax, water and sewage, mechanics', materialmen's, warehouseman's or carrier's liens, or (b) may assert claims against letters of credit, surety bonds, or guarantees, issued on behalf of the Debtor, such as standby letters of credit and bonds relating to environmental remediation, customs bonds and appeals bonds, as to which the Debtor may have liability. The Debtor has conducted due diligence to identify such liens and claims, but may not have received notice of all such claims as of the Commencement Date and therefore, such liens or claims may not be listed herein. The Debtor reserves all rights to amend its Schedules as may be necessary or appropriate to reflect such claims.

8.      The Debtors in the Chapter 11 Cases have made every effort to allocate assets among Debtor subsidiaries and affiliates based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of assets among Debtor subsidiaries and affiliates may change.

9.      The Debtors in the Chapter 11 Cases have made every effort to allocate liabilities between the prepetition and postpetition periods, as well as among Debtor subsidiaries and affiliates, based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods between Debtor subsidiaries and affiliates may change.

10.     The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtor's books and records and do not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights respecting such credits and allowances.

In re: Hayden-Gulch West Coal Company, Debtor          Case No.:          01-01199

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether the schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, G, H, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 2 | $0.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | N/A |
| Total Number of Sheets in ALL Schedules | | 15 | | | |
| Total Assets | | | $0.00 | | |
| Total Liabilities | | | | $0.00 | |

24-May-01

Note: The amounts listed in the table above include intercompany balances between the Debtor and its debtor and non-debtor subsidiaries and affiliates and would not be representative of the Debtor's financial position on a consolidated basis.

In re: Hayden - Gulch West Coal Company, Case No. 01-01199

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | CURRENT BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR MORTGAGE | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---:|---|
| None | None | $0 | |
| | Total | $0 | |

In re: <u>Hayden-Gulch West Coal Company</u>, Debtor    Case No. <u>01-01199</u>

# SCHEDULE B - PERSONAL PROPERTY

**Note**: The amounts listed in this schedule include intercompany balances between the Debtor and its debtor and non-debtor subsidiaries and affiliates and would not be representative of the Debtor's financial position on a consolidated basis.

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.   Cash on hand. | NONE | | |
| 2.   Checking, saving or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | NONE | | |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | NONE | | |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | |
| 6.   Wearing apparel. | NONE | | |
| 7.   Furs and jewelry. | NONE | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | NONE | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Debtor has insurance coverage through various policies maintained by W. R. Grace & Co. (see Exhibit B-9 on W. R. Grace & Co. for a list of insurance policies). | Deductibles and limits per policy |
| 10.  Annuities.  Itemize and name each issuer. | NONE | | |
| 11.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | NONE | | |
| 12.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | NONE | | |
| 13.  Interests in partnerships or joint ventures.  Itemize. | NONE | | |
| 14.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | NONE | | |
| 15.  Accounts Receivable. | NONE | | |
| 16.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | NONE | | |

In re: Hayden-Gulch West Coal Company, Debtor    Case No. 01-01199

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | NONE | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | NONE | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | Debtor may have patents, trademarks and copyrights as shown on Exhibit B-21 – W. R. Grace & Co. – Conn. | $0 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | |
| 23. Automobiles, trucks, trailers, and other vehicles. | NONE | | |
| 24. Boats, motors, and accessories. | NONE | | |
| 25. Aircraft and accessories. | NONE | | |
| 26. Office equipment, furnishings, and supplies. | NONE | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | NONE | | |
| 28. Inventory. | NONE | | |
| 29. Animals. | NONE | | |
| 30. Crops - growing or harvested. Give particulars. | NONE | | |
| 31. Farming equipment and implements. | NONE | | |
| 32. Farms supplies, chemicals, and feed. | NONE | | |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | |
| | | Total | $0 |

In re: <u>Hayden-Gulch West Coal Company</u>, Debtor    Case No. <u>01-01199</u>

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | BOOK VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| None | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*In re: Hayden - Gulch West Coal Company, Case No. 01-01199*

## SCHEDULE D

## CREDITORS HOLDING SECURED CLAIMS

## GENERAL NOTES

The Debtors in the Chapter 11 Cases have been a party to a substantial number of business transactions and relationships since the formation of the original W.R. Grace & Co. over 100 years ago, including, without limitation, acquisitions or divestments of businesses, purchases, sales or leases of real property, joint ventures and partnerships.  In connection with those transactions and relationships, the Debtor may have rights under indemnities and other contract provisions.  The Debtor has conducted due diligence to identify potential claims which the Debtor may have in connection with such transactions or relationships, but may not be able to identify all such potential claims as of the Commencement Date.  The Debtor reserves all rights to amend this Schedule as may be necessary or appropriate to reflect such claims.

In re: HAYDEN - GULCH WEST COAL COMPANY Debtor, Case No. 01-01199

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|
| None | | | | |

*In re: Hayden - Gulch West Coal Company, Case No. 01-01199*

## SCHEDULE E

## CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

## GENERAL NOTES

1. By Orders of the Bankruptcy Court dated April 2, 2001, the Debtor is authorized to pay the following prepetition claims:

   a.    employee wages, salaries and other compensation for current employee wages and benefits earned within 90 days of the Commencement Date;

   b.    workers' compensation for all current and former employees; and

   c.    certain reimbursable employee expenses and benefits.

   Accordingly, such claims are not listed on Schedule E.

2. By Orders of the Bankruptcy Court dated April 2, 2001, the Debtor received authority to pay prepetition sales and use taxes owed to state and local taxing authorities.  Thus, sales and use taxes are not listed on Schedule E.

3. The Debtor's characterization of these claims as priority claims is preliminary in nature and the Debtor reserves its rights to dispute or challenge whether such claims are entitled to priority status.

In re: HAYDEN - GULCH WEST COAL COMPANY, Case No. 01-01199

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

<u>Taxes and Certain Other Debts Owed to Governmental Units</u>
TYPE OF PRIORITY

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT, UNLIQUIDATED DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|
| None | | | | |

*In re: Hayden - Gulch West Coal Company, Case No. 01-01199*

## SCHEDULE F

## CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

## GENERAL NOTES

1. The Debtors in the Chapter 11 Cases have been a party to a substantial number of business transactions and relationships since the formation of the original W.R. Grace & Co. over 100 years ago, including, without limitation, acquisitions or divestments of businesses, purchases, sales or leases of real property, joint ventures and partnerships. In connection with those transactions and relationships, the Debtor may have rights under indemnities and other contract provisions. The Debtor has conducted due diligence to identify potential claims which the Debtor may have in connection with such transactions or relationships, but may not be able to identify all such potential claims as of the Commencement Date. The Debtor reserves all rights to amend this Schedule as may be necessary or appropriate to reflect such claims.

2. In the ordinary course of business, persons, entities or governmental instrumentalities (a) may assert liens against the Debtor, such as tax, water and sewerage, mechanics', materialmen's, warehouseman's or carrier's liens, or (b) may assert claims against letters of credit, surety bonds, or guarantees, issued on behalf of the Debtor, such as standby letters of credit and bonds relating to environmental remediation, customs bonds and appeals bonds, as to which the Debtor may have liability. The Debtor has conducted due diligence to identify such liens and claims, but may not have received notice of all such claims as of the Commencement Date and therefore, such liens or claims may not be listed herein. The Debtor reserves all rights to amend its Schedules as may be necessary or appropriate.

3. By Orders of the Bankruptcy Court dated April 2, 2001, the Debtor is authorized to pay certain prepetition claims relating to the Debtor's customer programs and practices, including, without limitation, certain product guarantees and warranties and certain licensing fees and expenses. Accordingly, such claims are not listed on Schedule F.

*In re: Hayden - Gulch West Coal Company, Case No. 01-01199*

## SCHEDULE F

## CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

## GENERAL NOTES - Continued

4. The environmental claims set forth on Schedule F of W.R. Grace & Co. – Conn., were asserted against W. R. Grace & Co., W.R. Grace & Co. - Conn. and/or Remedium Group, Inc. The Debtor is not able to determine in all instances which Debtor in the Chapter 11 Cases the claims were filed against. Thus, environmental claims were only included on Schedule F of W.R. Grace & Co. – Conn. This listing shall not constitute an admission by any Debtor that the environmental claims herein were filed against any particular Debtor and the Debtor reserves its right to assert that neither the Debtor nor any other Debtor in the Chapter 11 Cases is an appropriate party to such actions or proceedings.

5. Certain asbestos claims may have been asserted against the Debtor, however, the Debtor is not able to determine in all instances which other Debtors in the Chapter 11 Cases the claims were filed against. Thus, asbestos claims are only listed on Schedule F of W.R. Grace & Co. - Conn. The listing therein shall not constitute an admission by the Debtor that the asbestos claims herein were filed against any particular Debtor and the Debtor reserves its right to assert that neither the Debtor nor any other Debtor in the Chapter 11 Cases is an appropriate party to such actions or proceedings.

In re: HAYDEN - GULCH WEST COAL COMPANY, Case No. 01-01199

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| None | | | |

*In re: Hayden - Gulch West Coal Company, Case No. 01-01199*

## SCHEDULE G

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

## GENERAL NOTES

1.  While every effort has been made to ensure the accuracy of this Schedule G, inadvertent errors or omissions may have occurred.  The Debtor does not make any representations or warranties as to the completeness or accuracy of the information set forth herein, or the validity or enforceability of any contracts, agreements, leases or documents listed herein.  The Debtor hereby reserves the right to dispute the validity, status or enforceability of any contracts, agreements, leases or documents set forth herein and to amend or supplement this Schedule G.  Notwithstanding the inclusion of a particular contract, agreement, lease or document in this Schedule G, the Debtor hereby reserves the right to assert that such contract, agreement, lease or document is not an executory contract or unexpired lease.

2.  Certain of the contracts, agreements and leases listed on the Exhibits to Schedule G attached hereto may have expired or may have been modified, amended and supplemented from time to time by the conduct of the parties, various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed herein.  The Debtor hereby reserves all rights to amend this Schedule to provide such additional information as may be necessary or appropriate.

3.  Schedule G does not include standard form purchase orders which might have been issued by the Debtor, by the Debtor's customers, or by others for the purchase of goods or services.  It would be unduly burdensome and cost prohibitive on the Debtor to provide such information.  The Debtor hereby reserves all rights to amend this Schedule to provide additional information as may be necessary or appropriate to reflect such agreements.

In re: HAYDEN - GULCH WEST COAL COMPANY Debtor, Case No. 01-01199

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| None | |

*In re: Hayden - Gulch West Coal Company, Case No. 01-01199*

## **SCHEDULE H**

## **CODEBTORS**

## **GENERAL NOTES**

The Debtors are defendants in numerous proceedings and lawsuits in which there are multiple defendants.  Such defendants may be codebtors with respect to certain of the Debtors' liabilities.  It would be prohibitively expensive and unduly burdensome to obtain a comprehensive list of such potential codebtors, therefore, certain of the Debtors' codebtors may not be listed herein.

In re: HAYDEN - GULCH WEST COAL COMPANY, Case No. 01-01199

# SCHEDULE H - CODEBTORS

None

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:                                          )
                                                )
Hayden - Gulch West Coal Company                )          Chapter 11
                                                )
                                                )
                    Debtor.                     )          Case No. 01-01199


### DECLARATION UNDER PENALTY OF PREJURY ON BEHALF OF A
### CORPORATION


I, the <u>Senior Vice President, General Counsel and Chief Restructuring Officer</u> of the <u>W.R. Grace & Co.</u> named as a Debtor in the Chapter 11 Cases, and a duly authorized officer of the above captioned debtor and debtor in possession, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___19___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date 5/24/01                              Signature

                                          Print Name ___David B. Siegel___