ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objections due by:**
**June 22, 2001 at 4:00 p.m.**
**Hearing Date: (negative notice)**
**July 19, 2001 at a time t/b/d if necessary**

## NOTICE OF APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOLME ROBERTS & OWEN LLP AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS

TO:     Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On June 7, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the **Application of the Debtors for the Entry of an Order**

**Authorizing the Retention and Employment of Holme Roberts & Owen LLP As Special**

**Environmental Counsel for the Debtors** (the "Application") with the United States Bankruptcy

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the

"Bankruptcy Court"). A true and correct copy of the Application is attached hereto.

Objections and other responses to the relief requested in the Application, if any,

must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time

on June 22, 2001.

Objections or other responses to the Application, if any, must also be served so

that they are received not later than June 22, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel

for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive,

Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski,

Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705,

Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the

United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware

19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage

Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union

Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax

number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market

Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714);

(iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire,

Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number

212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby & Geddes, 222 Delaware Avenue,

P.O. Box 1150, Wilmington, Delaware 19899 (fax number 302-654-2067); and (v) counsel to

the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock &

Lavan, 180 Maiden Lane, New York, New York  10038-4982 (fax number 212-806-6006), and

Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite

1200, Wilmington, Delaware  19801-1246 (fax number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR

HEARING.

91100-001\DOCS_DE:23865.1

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE APPLICATION

WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES

DISTRICT JUDGE, ON JULY 19, 2001 AT A TIME TO BE DETERMINED AT THE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING

STREET, WILMINGTON, DELAWARE 19801. THE DEBTORS WILL NOTICE ANY

OBJECTING PARTIES, THE RESPECTIVE COMMITTEES, AND ANY PARTY WHO SO

REQUESTS OF THE TIME OF SUCH HEARING.

Dated: June 7, 2001

> KIRKLAND & ELLIS
> James H.M. Sprayregen
> James W. Kapp III
> Samuel A. Schwartz
> Roger J. Higgins
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
>
> Laura Davis Jones (Bar No. 2436)
> Hamid R. Rafatjoo (CA Bar No. 181564)
> David W. Carickhoff, Jr. (Bar No. 3715)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and
> Debtors in Possession

91100-001\DOCS_DE:23865.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline**
**June 22, 2001 at 4:00 p.m.**
**Hearing Date: (negative notice)**
**July 19, 2001 at a time t/b/d, if necessary**

## APPLICATION OF THE DEBTORS FOR THE
## ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF HOLME ROBERTS & OWEN LLP
## AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby submit this application (the "Application") for entry of an order pursuant to Sections

327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and

Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention

of Holme Roberts & Owen LLP ("HRO") as special environmental counsel for the Debtors, *nunc*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*pro tunc* to the petition date of the above-captioned proceedings, and in support thereof respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§157 and 1334.

### Background

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Contemporaneously therewith, the Debtors filed a motion to consolidate, for administrative purposes, the Debtors' Chapter 11 cases. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

### Relief Requested

3.      The Debtors respectfully request the entry of an order pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code authorizing them to employ and retain HRO as special environmental counsel to represent the Debtors in certain environmental litigation and environmental agency actions.  HRO's proposed representation of the Debtors will include responding to and managing currently pending environmental litigation matters in both federal and state courts, as well as mediation and negotiation with state and federal environmental agencies, such as the Environmental Protection Agency, the Department of Justice and certain state environmental protection agencies.  Additionally, HRO's representation of the Debtors may include responding to environmental matters associated with requests for information, orders and notices of violation relating to alleged statutory cleanup obligations, environmental investigation, response, reclamation and remediation under a variety of federal environmental statutes and their

state counterparts, including, but not limited to the Comprehensive Environmental Response Compensation and Liability Act (CERCLA or Superfund), the Resource Recovery and Conservation Act (RRCA), the Clean Water Act (CWA) and the Safe Drinking Water Act (SDWA). HRO's continued representation of the Debtors in these matters will be necessary for the Debtors during the course of these Chapter 11 cases.

### Basis for Relief Requested

4.      The Debtors have selected HRO as special environmental counsel to advise them in connection with certain environmental litigation and environmental agency actions because of HRO's prepetition representation of the Debtors and the firm's attendant intimate knowledge of their environmental affairs and litigation, as well as HRO's extensive experience and expertise in the field of environmental law and litigation.

5.      To date, HRO has expended substantial time and effort in rendering the services described herein. Having represented the Debtors, HRO is intimately familiar with and has gained unique knowledge of the Debtors' ongoing needs in connection with currently pending environmental litigation and with government and regulatory environmental matters as more fully set forth herein. Accordingly, the Debtors have determined that the interests of the Estates and creditors would be best served by the continued retention of HRO as special environmental counsel to the Debtors to continue to render legal services in connection with certain of the Debtors' environmental litigation and various environmental agency actions involving the Debtors.

6.      As a consequence of HRO's prepetition representation of the Debtors in environmental litigation and environmental agency matters, HRO is intimately familiar with the complex environmental issues that have arisen and are likely to arise in connection therewith.

The Debtors believe that both the strategic interruption and the duplicative cost involved in

obtaining substitute environmental counsel to replace HRO's unique role at this juncture would

be extremely harmful to the Debtors and their Estates.  Were the Debtors required to retain

special environmental counsel in connection with the specific matters upon which the firm's

advice and representation is sought, the Debtors, their Estates and all parties in interest would be

unduly prejudiced by the time and expense necessary to replicate HRO's ready familiarity with

the intricacies of the Debtors' environmental litigation and environmental agency concerns and

needs.  Further, HRO has a national reputation and extensive experience and expertise in

environmental law and litigation and other specialized areas of practice as to which HRO's

continued representation is sought.  As such, the Debtors submit that HRO is well qualified and

uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward

basis, and HRO's retention as special environmental counsel is in the best interest of the Debtors

and their Estates.

### Scope of Proposed Retention

7.    The Debtors currently seek to retain HRO, subject to the oversight and orders of

this Court, to advise and represent the Debtors, as needed, with respect to the following matters,

some or all of which may or may not be stayed under 11 U.S.C. §362:

a.    SDWA §1431 Administrative Order concerning alleged groundwater

contamination in and around the East Poplar Oil Field within the Fort Peck Indian Reservation in

Roosevelt County, Montana and appeal of that Administrative Order to the Tenth Circuit Court

of Appeals;

b.    CERCLA investigation and removal action concerning the former W. R.

Grace vermiculite mine, mill, expanding plant, and associated facilities, as well as surrounding

locations in the vicinity of Libby, Montana, including responding to EPA requests for information under CERCLA §104(e) concerning these facilities;

        c.     Alleged CERCLA liability associated with the former Casmalia Disposal Site in Santa Barbara County, California;

        d.     CERCLA 104(e) litigation concerning the EPA's demand for access to and request for penalties for the alleged denial of access to Kootenai Development Company's property in and near Libby Montana for the purpose of disposing of wastes and performing other response activities thereon, captioned as *United States of America v. W. R. Grace & Company and Kootenai Development Corporation*, Case No. CV-00-167-M-DWM, in the United States District Court for the District of Montana, Missoula Division, filed 9/14/2000;

        e.     Texas state court lawsuit wherein Samson is seeking indemnification and declaratory relief against certain of the Debtors for potential liabilities at the Casmalia site and from other recovery litigation, captioned as *Samson Investment Company and Samson Hydrocarbons Company v. W. R. Grace & Co.-Conn. and Grace Energy Corporation*, Case No. 01-769, in the District Court, 95th Judicial District, Dallas County, Texas, filed 1/30/2001;

        f.     CERCLA §104(e) matters arising from EPA's request for information concerning certain of the Debtors' facilities in Libby, Montana as well as certain of the Debtor's current and former expanding plants, together with responses to document requests concerning attic insulation litigation;

        g.     Negotiation and investigation related to obtaining a release of certain of the Debtors from reclamation and lease bonds filed with state and federal land management agencies on coal mines in Colorado sold to Kennecott;

h.      EPA lawsuit brought against certain of the Debtors in the United States

District Court for the District of Montana concerning remedial activities conducted by the EPA

in and around Libby, Montana, captioned as *United States of America v. W. R. Grace & Co.-*

*Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM,  in the United States

District Court for the District of  Montana, Missoula Division, filed 3/30/2001;

i.      Third party state court action against certain of the Debtors arising from

Grace Petroleum Corporation's operation of an oil field in California from approximately 1977

to 1983, captioned as *United States of America v. W. R. Grace & Co.-Conn. and Kootenai*

*Development Corporation*, Case No. 01-72-M-DWM,  in the United States District Court for the

District of  Montana, Missoula Division, filed 4/12/2000;

j.      Ongoing requests for information propounded to the EPA and other

federal agencies under the Freedom of Information Act concerning certain of the Debtors'

general state and federal actions, certain actions at or near Libby, Montana, and related to W. R.

Grace's current and former expanding plants; and

k.      EPA Region V and the Minnesota Pollution Control Agency's

investigation and possible remediation of W. R. Grace's former vermiculite expanding plant in

Minneapolis, Minnesota.

HRO has indicated its willingness to render the necessary professional services needed in the

above-described matters as special environmental counsel to the Debtors.

8.      The Debtors have sought authorization to employ and retain the law firms of

Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones to serve as bankruptcy and

reorganization counsel to the Debtors.   Additionally, the Debtors have sought authorization to

employ and retain the law firm of Wachtell, Lipton, Rosen & Katz as special corporate counsel

and the Debtors intend to hire additional special counsel, including additional environmental counsel. HRO's representation of the Debtors will not be duplicative of the services to be performed by the Debtors' bankruptcy and corporate counsel. The Debtors are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of HRO's role as special environmental counsel.

### No Adverse Interest

9.      To the best of the Debtors' knowledge, and based upon the Affidavit of Kenneth W. Lund (the "Lund Affidavit") filed in support of this Application, HRO does not represent or hold any interest adverse to the Debtors or their Estates with respect to the matters on which HRO is to be employed. Further, to the best of the Debtors' knowledge and based on the Lund Affidavit, HRO does not have any connection with any of the Debtors' equity security holders, insiders, creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Lund Affidavit.

### Compensation

10.     In accordance with Section 330(a) of the Bankruptcy Code, the Debtors propose to compensate HRO on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by HRO. The primary partners, associates and paralegals of HRO who will be handling the above matters and their current standard hourly rates are:

| | Attorney/Paralegal | Hourly Rate |
|---|---|---|
| a. | Kenneth W. Lund | $300 per hour |
| b. | Colin Harris | $250 per hour |

#713139 v1

7



| | | |
|---|---|---|
| c. | Lisa Schuh | $250 per hour |
| d. | Katheryn Coggon | $225 per hour |
| e. | Brent Tracy | $210 per hour |
| f. | Carla Latuda | $90 per hour |
| g. | Joan Sherman | $110 per hour |

The Debtors expect that HRO's role in these cases will be that of environmental counsel with respect to the specific matters described above. Such representation will require the services of partners, associates and paralegals. Accordingly, the Debtors believe that the staffing and the hourly rates set forth above are reasonable and should be approved.

11.     As set forth in the Lund Affidavit, the hourly rates described above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which HRO's retention is sought. HRO's rates are set at a level designed to compensate HRO fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is HRO's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, hotel expenses, airfare, expenses for "working meals," computerized research, messengers, and other non-ordinary overhead expenses such as secretarial and other overtime. HRO will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to HRO's other clients.

12.     HRO will keep detailed records of the time spent and any expenses incurred in the context of its proposed representation of the Debtors.

13.    HRO will submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

## Conclusion

14.    For the reasons set forth above and in the Lund Affidavit, the Debtors believe that the attorneys at HRO are well qualified to act on the Debtors' behalf in light of their intimate knowledge of the Debtors' environmental litigation and affairs described herein and their expertise in these fields.  The Debtors further believe that the engagement of HRO is essential to the Debtors' successful reorganization and that the retention of HRO is necessary and in the best interest of the Debtors and their Estates.

## Notice

15.    Notice of this Motion has been given to (i) the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders; (iv) counsel to each of the official committees appointed in the Chapter 11 Cases; and (v) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice should be required.

## No Prior Request

16.    A request to employ HRO was included in the Application of the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business previously filed in these cases.  Upon further review, the Debtors determined that it would be in the best interest of the Estates to file a separate application regarding its proposed

retention of HRO. No other applications for the relief requested herein have been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the retention and employment of HRO as special environmental counsel for the Debtors, *nunc pro tunc* to the Petition Date and grant them such other and further relief as is just and proper.

Dated: June 7, 2001.

> KIRKLAND & ELLIS
> James H.M. Sprayregen
> James W. Kapp III
> Samuel A. Schwartz
> Roger J. Higgins
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
>
>
> Laura Davis Jones (Bar No. 2436)
> Hamid R. Rafatjoo (CA Bar No. 181564)
> David W. Carickhoff, Jr. (Bar No. 3715)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE  19899-8705 (Courier 19801)
> Telephone:  (302) 652-4100
> Facsimile:  (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R.  GRACE & CO., et al.[1], | ) | Case No. 01-01139JJF |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT OF KENNETH W. LUND IN SUPPORT OF
## APPLICATION OF THE DEBTORS TO EMPLOY
## HOLME ROBERTS & OWEN LLP
## AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS

| | |
|---|---|
| STATE OF COLORADO | ) |
| | ) ss. |
| CITY AND COUNTY OF DENVER | ) |

I, KENNETH W. LUND, being duly sworn, state as follows:

1.      I am an attorney at law and a member of the bars of the State of Colorado, the

United States District Court for the District of Colorado, the United States District Court for the

Central District of California, the United States District Court for the Northern District of

---

[1]      The Debtors consist of the following 62 entities:  W. R.  Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R.  Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R.  Grace Capital Corporation, W. R.  Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#717792 v1

Illinois, and the United States District Court for the Northern District of California. I am a member of the law firm of Holme Roberts & Owen LLP ("HRO"), which maintains an office for the practice of law at 1700 Lincoln Street, Suite 4100, Denver, Colorado 80203. I make this Affidavit in support of the Application of W. R. Grace & Co., *et al.* (collectively, the "Debtors") for an order authorizing the employment of HRO as special environmental counsel for the Debtors, *nunc pro tunc* to the Petition Date herein, pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of HRO pursuant to Federal Rules of Bankruptcy Procedures 2014(a) and 2016.

2.       I am not related and, to the best of my knowledge after inquiry of HRO's members, counsel and associates, no other attorney of HRO is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

3.       I do not hold or represent and, to the best of my knowledge and information, no other attorney of HRO holds or represents, any interest adverse to the Debtors or their Estates with respect to any of the matters for which HRO's retention is sought. Insofar as HRO as been able to ascertain, neither I, nor HRO, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

4.       Prior to the filing of the Debtors' Chapter 11 cases, HRO and certain of its attorneys have rendered legal services to the Debtors and their affiliates in connection with environmental litigation and environmental agency matters. HRO's legal services have included responding to and managing environmental litigation matters in both federal and state courts, mediation and negotiation with state and federal environmental agencies, and responding to

#717792 v1

2

environmental matters associated with requests for information, orders and notices of violation

relating to alleged statutory cleanup obligations, environmental investigation, reclamation and

remediation under a variety of federal environmental statutes and their state counterparts.

     5.    Specifically, HRO has been representing the Debtors in connection with the

following:

     a.    SDWA §1431 Administrative Order concerning alleged groundwater

contamination in and around the East Poplar Oil Field within the Fort Peck Indian Reservation in

Roosevelt County, Montana and appeal of that Administrative Order to the Tenth Circuit Court

of Appeals;

     b.    CERCLA investigation and removal action concerning the former W. R.

Grace vermiculite mine, mill, expanding plant, and associated facilities, as well as surrounding

locations in the vicinity of Libby, Montana, including responding to EPA requests for

information under CERCLA §104(e) concerning these facilities;

     c.    Alleged CERCLA liability associated with the former Casmalia Disposal

Site in Santa Barbara County, California;

     d.    CERCLA 104(e) litigation concerning the EPA's demand for access to and

request for penalties for the alleged denial of access to Kootenai Development Company's

property in and near Libby Montana for the purpose of disposing of wastes and performing other

response activities thereon, captioned as *United States of America v. W. R. Grace & Company*

*and Kootenai Development Corporation*, Case No. CV-00-167-M-DWM, in the United States

District Court for the District of Montana, Missoula Division, filed 9/14/2000;

     e.    Texas state court lawsuit wherein Samson is seeking indemnification and

declaratory relief against certain of the Debtors for potential liabilities at the Casmalia site and

from other recovery litigation, captioned as *Samson Investment Company and Samson Hydrocarbons Company v. W. R. Grace & Co.-Conn. and Grace Energy Corporation*, Case No. 01-769, in the District Court, 95th Judicial District, Dallas County, Texas, filed 1/30/2001;

      f.      CERCLA §104(e) matters arising from EPA's request for information concerning certain of the Debtors' facilities in Libby, Montana as well as certain of the Debtor's current and former expanding plants, together with responses to document requests concerning attic insulation litigation;

      g.      Negotiation and investigation related to obtaining a release of certain of the Debtors from reclamation and lease bonds filed with state and federal land management agencies on coal mines in Colorado sold to Kennecott;

      h.      EPA lawsuit brought against certain of the Debtors in the United States District Court for the District of Montana concerning remedial activities conducted by the EPA in and around Libby, Montana, captioned as *United States of America v. W. R. Grace & Co.-Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM,  in the United States District Court for the District of Montana, Missoula Division, filed 3/30/2001;

      i.      Third party state court action against certain of the Debtors arising from Grace Petroleum Corporation's operation of an oil field in California from approximately 1977 to 1983, captioned as *United States of America v. W. R. Grace & Co.-Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM,  in the United States District Court for the District of Montana, Missoula Division, filed 4/12/2000;

      j.      Ongoing requests for information propounded to the EPA and other federal agencies under the Freedom of Information Act concerning certain of the Debtors'



general state and federal actions, certain actions at or near Libby, Montana, and related to W. R. Grace's current and former expanding plants; and

       k.     EPA Region V and the Minnesota Pollution Control Agency's investigation and possible remediation of W. R. Grace's former vermiculite expanding plant in Minneapolis, Minnesota.

      6.     Over the course of HRO's prepetition representation of the Debtors, HRO has periodically received regular compensation from the Debtors for services rendered and expenses incurred through February, 2001. During March 2001, HRO rendered additional services and incurred additional expenses for which it has not received payment and/or reimbursement and for which it has a prepetition claim herein in the amount of $306,622.75. None of the fees paid to HRO represent payments for legal services in connection with the preparation and filing of these Chapter 11 cases. Those services have been performed by the Debtors' bankruptcy and reorganization counsel, Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones.

      7.     In matters unrelated to these cases, HRO has in the past represented, currently represents, and is likely in the future to represent certain of the Debtors' and their affiliates' significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, lessors and customers, together with certain co-defendants and other parties to litigation with the Debtors (all as identified in the exhibits filed in support of the Debtors' application to retain Kirkland & Ellis as reorganization counsel filed in these cases)(the "K&E Exhibits")), as well as certain attorneys, accountants, and financial advisors for such entities.

      8.     HRO has undertaken a comparison of the persons and entities identified in the K&E Exhibits against the most complete list currently available of HRO's clients for the past ten

years.  To the best of my knowledge and information as a result of this comparison, it appears that HRO has represented or does represent in certain unrelated matters, the entities in the particular K&E Exhibits as follows:

      a.      HRO's conflicts search of the Debtors' vendors listed on **Exhibit A** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO's representation of such entities is not adverse to the Debtors:

| Name of Vendor Searched | Name of Vendor that is an HRO Client | Name of Affiliate of Vendor that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Amerada Hess Corporation | Amerada Hess Corporation | | Amerada Hess Corporation is a dormant client with no ongoing representation. |
| Amoco Oil Co. | | Amoco Pipeline Company; Amoco Corporation | HRO represents Amoco Pipeline Company and Amoco Corporation in various tax litigation matters, all of which matters are unrelated to the Debtors. |
| ATOFINA Chemicals, Inc.; ELF Atochem North America, Inc.; Pennwalt Corp. | ATOFINA Chemicals, Inc. | | HRO has represented ATOFINA Chemicals, Inc., in the past in various matters, but HRO has no ongoing representation. |
| Cameo Controls | | Cameo Corporation | Cameo Corporation is a dormant client with no ongoing representation. |
| Cargill | Cargill, Incorporated | Cargill AT, Kiev, Ukraine; Cargill Enterprises, Inc. | Cargill AT and Cargill Enterprises are both dormant clients with no ongoing representation. |
| Bank of Boston | Bank of Boston | | Bank of Boston was a former client of HRO.  HRO has no ongoing representation of Bank of Boston. |

| Bank One Corp. | Bank One Corp. | Bank one Arizona, N.A.; Bank One, Texas, N.A.; Bank One, Colorado, N.A.; Bank One Colorado Corporation; Bank One Capital Corporation; Bank One, Columbus ("Bank One") | HRO represents Bank One in ongoing corporate transactional and litigation matters that are unrelated to the Debtors. |
|---|---|---|---|
| Climax Molybdenum, Inc. | | Climax Molybdenum Company | HRO represents Climax Molybdenum Company in certain tax related matters, none of which are related to the Debtors. |
| DuPont Dow Elastomers Co.; DuPont Dow Elastics Co. | | E.I.DuPont deNemours & Company | HRO represents E.I.DuPont deNemours & Company in litigation involving wrongful death claims, none of which is related to the Debtors. |
| ExxonMobil Global Services Co. | | Exxon Mobil Corporation | HRO represents Exxon Mobil Corporation in connection with a proposed transfer of real property located in Colorado, which is unrelated to the Debtors. |
| Huntsman Corp. and Huntsman Petrochemical Corp. | Huntsman Corp. | Huntsman Chemical Co. | HRO has represented and currently represents Huntsman Corp and Huntsman Chemical Co. in various litigation matters, none of which are related to the Debtors. |
| Lafarge Corp. | | Lafarge, Inc. | HRO represents Lafarge, Inc. in a variety of employment law matters, none of which are related to the Debtors. |
| Union Carbide Corp. | Union Carbide Corp. | Umetco Minerals Corporation; USX Corporation; | HRO represents Union Carbide Corp; Umetco Minerals, Corporation; and USX Corporation in a variety of environmental compliance and CERCLA compliance matters, none of which involve the Debtors. |

b.      HRO's conflicts search of the Debtors' significant customers listed on

**Exhibit B** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals,

to the best of my knowledge, that HRO's representation of such entities is not adverse to the

Debtors:

| Name of Customer Searched | Name of Customer that is an HRO Client | Name of Affiliate of Customer that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Amerada Hess Corporation | Amerada Hess Corporation | | Amerada Hess Corporation is a dormant client with no ongoing representation. |
| American Roofing Supply, Inc. | American Roofing Supply, Inc. | | HRO has represented American Roofing Supply, Inc., in various litigation matters, none of which involve the Debtors. |
| ATOFINA Chemicals, Inc.; ELF Atochem North America, Inc.; Pennwalt Corp. | ATOFINA Chemicals, Inc. | | HRO has represented ATOFINA Chemicals, Inc., in the past in various matters, but HRO has no ongoing representation. |
| DuPont Dow Elastomers Co.; DuPont Dow Elastics Co. | | E.I.DuPont deNemours & Company | HRO represents E.I.DuPont deNemours & Company in litigation involving wrongful death claims, none of which is related to the Debtors. |
| ExxonMobil Global Services Co. | | Exxon Mobil Corporation | HRO represents Exxon Mobil Corporation in connection with a proposed transfer of real property located in Colorado, which is unrelated to the Debtors. |
| Lafarge Corp. | | Lafarge, Inc. | HRO represents Lafarge, Inc. in a variety of employment law matters, none of which are related to the Debtors. |
| Murphy Oil Corporation | Murphy Oil Corporation | | HRO represents Murphy Oil Corporation in connection with obtaining releases of various coal lease bonds, none of which are related to the Debtors. |

#713393 v1

8

| | | | |
|---|---|---|---|
| Sinclair Oil Corporation | Sinclair Oil Corporation | | HRO represents Sinclair Oil Corporation in various environmental matters, none of which involve the Debtors. |
| Union Carbide Corp. | Union Carbide Corp. | Umetco Minerals Corporation; USX Corporation; | HRO represents Union Carbide Corp; Umetco Minerals, Corporation; and USX Corporation in a variety of environmental compliance and CERCLA compliance matters, none of which involve the Debtors. |

     c.     HRO's conflicts search of the Debtors' directors and officers listed on

**Exhibit C** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals,

to the best of my knowledge, that HRO's representation of such persons is not adverse to the

Debtors:

| Name of Director and Officer Searched | Name of Director and Officer that is an HRO Client | Name of Affiliate of Director and Officer that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Ronald C. Cambre | Ronald C. Cambre | Gail Cambre | HRO has represented Ronald C. Cambre and Gail Cambre in connection with personal real estate and employment matters. |

     d.     The parties listed in **Exhibit D** of the K&E Exhibits are currently involved

in significant litigation with the Debtors and fall into three distinct categories:  (i) plaintiffs and

other parties-in-interest to significant non-asbestos litigation (**Exhibit D(1)**), (ii) potential co-

defendants in significant asbestos-related litigation (**Exhibit D(2)**), and (iii) law firms with which

the Debtors have reached inventory settlement agreements disposing of asbestos bodily injury

claims valued at more than $5,000,000 (**Exhibit D(3)**).  HRO's conflicts search of the plaintiffs

and other parties-in-interest to significant non-asbestos litigation listed on **Exhibit D(1)** of the

K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my

knowledge, that HRO's representation of such entities is not adverse to the Debtors:

| Name of Party to Significant Litigation Searched | Name of Party to Significant Litigation that is an HRO Client | Name of Affiliate of Party to Significant Litigation that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| ExxonMobil Global Services Co. | | Exxon Mobil Corporation | HRO represents Exxon Mobil Corporation in connection with a proposed transfer of real property located in Colorado, which is unrelated to the Debtors. |
| Union Oil Co. of California | Union Oil Company of California | | HRO has represented Union Oil Company of California in the past in a variety of environmental and environmental litigation matters, none of which are believed to be related to the Debtors. |

      e.      With respect to parties-in-interest to the many asbestos-related litigation

matters to which the Debtors are parties, the Debtors do not maintain a usable database of actual

or potential co-defendants with respect to ongoing litigation. HRO was therefore unable to

complete a conflicts search with regard to actual or potential co-defendants. Additionally, HRO

was unable to complete a conflicts search of potential plaintiffs in asbestos-related litigation

because the number of such potential plaintiffs is prohibitively large for such a search.

Furthermore, the Debtors may not be aware of all of the potential plaintiffs in various suits that

have been brought against them. This issue has been more fully addressed in the Debtors'

motion for entry of an order approving the Debtors' proposed notice procedures for certain

litigation creditors, which has previously been filed with this Court.

f.        HRO's conflicts search of the Potential Co-Defendants listed on **Exhibit D(2)** of the K& E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO's representation of such entities is not adverse to the Debtors:

| Name of Potential Co-Defendants in Significant Asbestos-Related Litigation Searched | Name of Potential Co-Defendant that is an HRO Client | Name of Affiliate of Potential Co-Defendant that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Amoco Oil Co.; Amoco Chemicals Co. | | Amoco Pipeline Company; Amoco Corporation | HRO represents Amoco Pipeline Company and Amoco Corporation in various tax litigation matters, all of which matters are unrelated to the Debtors. |
| DuPont Dow Elastomers Co.; DuPont Dow Elastics Co. | | E.I.DuPont deNemours & Company | HRO represents E.I.DuPont deNemours & Company in litigation involving wrongful death claims, none of which is related to the Debtors. |
| Eagle-Picher Industries, Inc. | Eagle-Picher Industries, Inc. | Eagle-Picher Technologies, Inc. | HRO represents Eagle-Picher Industries and Eagle-Picher Technologies, Inc. in a variety of environmental law matters, none of which involved the Debtors |
| Exxon Co. USA | | Exxon Mobil Corporation | HRO represents Exxon Mobil Corporation in connection with a proposed transfer of real property located in Colorado, which is unrelated to the Debtors. |
| Fresenius Medical Care, Inc.; Fresenius National Medical Care, Inc., Fresenius U.S.A., Inc. | Fresenius Medical Care, Inc. | | HRO represents Fresenius Medical Care, Inc., in various tax matters, none of which are related to the Debtors. |

| | | | |
|---|---|---|---|
| Merrill Lynch, Pierce, Fenner & Smith, Inc. | Merrill Lynch, Pierce, Fenner & Smith, Inc. | | HRO represents and has represented Merrill Lynch, Pierce, Fenner & Smith in a variety of litigation matters, none of which are related to the Debtors. |
| Shell Oil Co. | Shell Oil Company | Shell Chemical Company | HRO represents Shell Oil Company and Shell Chemical Company in various environmental litigation and compliance matters, none of which involve the Debtors. |
| Union Carbide Corp. | Union Carbide Corp. | Umetco Minerals Corporation; USX Corporation; | HRO represents Union Carbide Corp; Umetco Minerals, Corporation; and USX Corporation in a variety of environmental compliance and CERCLA compliance matters, none of which involve the Debtors. |
| Union Pacific Railroad Company | Union Pacific Railroad Company | | HRO represents Union Pacific Railroad Company in a variety of litigation matters, including environmental litigation, employment, tax and corporate transactional matters, none of which are related to the Debtors. HRO formerly represented Union Pacific Railroad Company in matters relating to the Casmalia Superfund, but that representation has ceased. |
| Union Oil Co. of California | Union Oil Company of California | | HRO has represented Union Oil Company of California in the past in a variety of environmental and environmental litigation matters, none of which are believed to be related to the Debtors. |

g.      HRO represents hundreds of additional clients, some of whom may be subject to asbestos-related claims and may, theoretically, assert asbestos-related claims against the Debtors or against whom the Debtors may assert asbestos-related claims.  Because of the broad sweep of asbestos litigation, HRO is not necessarily aware of which of its clients may have such potential claims unless there is an existing matter on which the Debtors and an HRO client are adverse.  In the event of any adversity between the Debtors and an HRO client, HRO will not represent such client in any matters having to do with the Debtors' Chapter 11 cases.

h.      HRO's conflicts search of the list of law firms with which the Debtors have reached inventory settlement agreements disposing of asbestos bodily injury claims valued at more than $5,000,000 listed on **Exhibit D(3)** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO does not represent any of those entities.

i.      HRO's conflicts search of the top 100 equity security holders (in terms of percentage ownership of stock) of the Debtors listed on **Exhibit E** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO's representation of such entities is not adverse to the Debtors:

| Name of Equity Security Holder Searched | Name of Equity Security Holder that is an HRO Client | Name of Affiliate of Equity Security Holder that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Ronald C. Cambre | Ronald C. Cambre | Gail Cambre | HRO has represented Ronald C. Cambre and Gail Cambre in connection with personal real estate and employment matters. |

j.      To the best of my knowledge, no HRO attorney is a shareholder or bondholder of any of the Debtors.

k.      HRO's conflicts search of the issuers of the Debtors' outstanding letters of credit listed on **Exhibit F** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO's representation of such entities is not adverse to the Debtors:

| Name of Issuer of Letter of Credit Searched | Name of Issuer of Letter of Credit that is an HRO Client | Name of Affiliate of Issuer of Letter of Credit that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Bank of America, N.A. | Bank of America, N.A. | Bank of America International Ltd.; Bank of America National Trust & Savings; Bank of America Florida ("Bank of America") | HRO represents Bank of America in a variety of matters, including, but not limited to, lending, corporate transactional, foreclosures, and debt matters, none of which are related to the Debtors. |
| Citibank, N.A. | Citibank, N.A. | Citibank Snowmass; Citibank North America, Inc.; Citicorp Diner's Club Inc.; Citicorp Securities, Inc. ("Citibank") | HRO represents Citibank in a variety of matters, including, but not limited to, lending and corporate transactional matters, none of which are related to the Debtors. |
| J.P. Morgan Chase & Co. | | Chase Manhattan Bank (New York); Chase Manhattan Personal Financial Services; The Chase Manhattan Bank, N.A.; Chase Manhattan Bank; Chase Manhattan Bank, N.A. (London Branch); Chase Manhattan Bank (USA); Chase Manhattan Bank Standard Chartered Bank; Chase Manhattan Investment Services, Inc. | HRO has represented Chase  Manhattan Bank and a variety of its subsidiaries in the past, but has no current representation and no matters which are related to the Debtors. |

l.      HRO's conflicts search of the issuers of outstanding surety bonds listed on **Exhibit G** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals,



to the best of my knowledge, that HRO does not represent any of the entities included on Exhibit G.

m.      HRO's conflicts search of the Debtors' bank creditors listed on **Exhibit H** of the K&E Exhibits, that HRO was able to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO's representation of such entities is not adverse to the Debtors:

| Name of Bank Creditor Searched | Name of Bank Creditor that is an HRO Client | Name of Affiliate of Bank Creditor that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| Bank of America, N.A. | Bank of America, N.A. | Bank of America International Ltd.; Bank of America National Trust & Savings; Bank of America Florida ("Bank of America") | HRO represents Bank of America in a variety of matters, including, but not limited to, lending, corporate transactional, foreclosures, and debt matters, none of which are related to the Debtors. |
| Citibank, N.A. | Citibank, N.A. | Citibank Snowmass; Citibank North America, Inc.; Citicorp Diner's Club Inc.; Citicorp Securities, Inc. ("Citibank") | HRO represents Citibank in a variety of matters, including, but not limited to, lending and corporate transactional matters, none of which are related to the Debtors. |
| J.P. Morgan Chase & Co. | | Chase Manhattan Bank (New York); Chase Manhattan Personal Financial Services; The Chase Manhattan Bank, N.A.; Chase Manhattan Bank; Chase Manhattan Bank, N.A. (London Branch); Chase Manhattan Bank (USA); Chase Manhattan Bank Standard Chartered Bank; Chase Manhattan Investment Services, Inc. | HRO has represented Chase Manhattan Bank and a variety of its subsidiaries in the past, but has no current representation and no matters which are related to the Debtors. |

n.      HRO's conflicts search of the parties to real estate leases to which the Debtors are also a party, which are listed on **Exhibit I** of the K&E Exhibits, that HRO was able

#713393 v1

15

to locate using its reasonable efforts, reveals, to the best of my knowledge, that HRO's

representation of such entities is not adverse to the Debtors:

| Name of Parties to Real Estate Leases Searched | Name of Party to a Real Estate Lease that is an HRO Client | Name of Affiliate of Party to a Real Estate Lease that is an HRO Client | Brief Description of Representation |
|---|---|---|---|
| The Pep Boys - Manny, Moe & Jack | The Pep Boys - Manny, Moe & Jack | | HRO represents The Pep Boys - Manny, Moe & Jack in an employment arbitration matter unrelated to the Debtors. |
| Wendy's | | Wendy's of Colorado Springs, Inc. | HRO has in the past and may in the future represent Wendy's of Colorado Springs, Inc., in certain employment matters unrelated to the Debtors. |

9.      HRO also from time to time has represented in unrelated matters some of the

lenders in the Debtors' prepetition and debtor-in-possession lending groups.  In particular, The

Chase Manhattan Bank (now J.P. Morgan Chase & Co.), which is the Agent for the Debtors'

prepetition bank credit facility, and Bank of America, an affiliate of which is the Agent for the

Debtors' postpetition bank credit facility, are or have been clients of HRO in a number of

matters unrelated to the Debtors or their Chapter 11 cases.  HRO also from time to time likely

has represented many of the Debtors' other creditors and other parties in interest, their attorneys,

accountants and/or financial advisors and certain affiliates, parents and subsidiaries of the

foregoing.  None of such other representations, however, has in the past involved, currently

involves, or in the future will involve the Debtors or any aspect of HRO's relationship with the

Debtors.

#713393 v1

16

10.     HRO intends to apply to the Court for compensation for professional services rendered in connection with the proposed representation, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures and any Orders of this Court.  HRO will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by HRO, which currently are $80 to $130 for paralegals, $135 to $300 for associates, and $175 to $480 for partners and special counsel, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs.  The principal attorneys and paralegals of HRO who will be handling the proposed representation and their current standard hourly rates are:

|     | Attorney/Paralegal | Hourly Rate |
| --- | --- | --- |
| a. | Kenneth W. Lund | $300 per hour |
| b. | Colin Harris | $250 per hour |
| c. | Lisa Schuh | $250 per hour |
| d. | Katheryn Coggon | $225 per hour |
| e. | Brent Tracy | $210 per hour |
| f. | Carla Latuda | $90 per hour |
| g. | Joan Sherman | $110 per hour |

11.     As described in the Application, HRO's representation in these cases will be that of special environmental counsel to represent the Debtors in certain environmental litigation and environmental agency actions, which includes, but is not limited to, representing the Debtors with respect to currently pending environmental litigation matters in both federal and state courts, as well as mediation and negotiation with state and federal environmental agencies, such as the Environmental Protection Agency, the Department of Justice and certain state

environmental protection agencies.   Additionally, HRO's representation of the Debtors may include responding to environmental matters associated with requests for information, orders and notices of violation relating to alleged statutory cleanup obligations, environmental investigation, response, reclamation and remediation under a variety of federal environmental statutes and their state counterparts, including, but not limited to the Comprehensive Environmental Response Compensation and Liability Act, the Resource Recovery and Conservation Act, the Clean Water Act and the Safe Drinking Water Act.

12.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which HRO's retention is sought.  HRO's rates are set at a level designed to compensate HRO fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is HRO's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, hotel expenses, airfare, expenses for "working meals," computerized research, messengers, and other non-ordinary overhead expenses such as secretarial and other overtime.  HRO will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to HRO's other clients.

13.     No promises have been received by HRO as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  HRO has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any

18

compensation another party or person has received or may receive for services rendered in connection with this case.

_Kenneth W. Lund_
Kenneth W. Lund

Subscribed and sworn to before me this **21st** day of May, 2001, by Kenneth W. Lund.

Witness my hand and official seal.

My commission expires: **2/19/2003**

_Cheryl Graham_
Notary Public

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOLME ROBERTS & OWEN LLP AS SPECIAL ENVIRONMENTAL COUNSEL FOR THE DEBTORS

UPON THE APPLICATION (the "Application") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") seeking entry of an order under Sections

327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code")

authorizing the Debtors to employ and retain Holme Roberts & Owen LLP ("HRO") as special

environmental counsel for the Debtors with respect to the specified matters set forth in the

Application; and upon the Affidavit of Kenneth W. Lund submitted in support of the

Application; and it appearing that the relief requested is in the best interest of the Debtors'

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#713281 v1

Estates and their creditors and other parties in interest; and it appearing that this is a core matter

under 28 U.S.C. §157; and it appearing that HRO does not represent any interest adverse to the

Debtors or their Estates with respect to the matters on which HRO is to be employed; and it

appearing that the terms and conditions of HRO's employment as further described in the

Application are reasonable; and adequate notice having been given of the Application; and good

and sufficient cause existing to grant the Application;

        **NOW, THEREFORE, IT IS HEREBY:**

        ORDERED that the Application is GRANTED; and it is further

        ORDERED that, pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code, the

retention and employment of HRO as special environmental counsel for the Debtors for the

purposes set forth in the Application is hereby approved, *nunc pro tunc* to the petition date of the

above-captioned proceedings; and it is further

        ORDERED that HRO shall be compensated under Sections 330 and 331 of the

Bankruptcy Code and any further Orders of this Court concerning compensation of professionals

in these cases, and in accordance with the terms set forth in the Application and the Affidavit of

Kenneth W. Lund in support of the Application, and shall be reimbursed for all allowed

necessary, actual and reasonable expenses; and it is further

        ORDERED that the allowed fees and expenses of HRO shall be an administrative

expense of the Debtors' Estates; and it is further

        ORDERED that this Order shall become effective immediately upon its entry; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED this _18_ day of _July_ , 2001.

_Joseph J. Farnan, Jr._
Joseph J. Farnan, Jr.
United States District Judge



# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS: |
| COUNTY OF NEW CASTLE | ) |

        Cheryl A. Knotts, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. and that on the 7th day of June, 2001, she caused a copy of the following document(s) to be served upon the attached service list in the manner indicated:

1.      **Notice of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Holme Roberts & Owen LLP as Special Environmental Counsel for the Debtors;**

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    **Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Holme Roberts & Owen LLP as Special Environmental Counsel for the Debtors.**

Dated:  June 7, 2001

_Cheryl Knotts_
Cheryl A. Knotts

Sworn to and subscribed before
me this 7th day of June, 2001

_Darena A. Preston_
Notary Public
My Commission Expires: _03-31-02_

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 7, 2001
14 – Hand Delivery
07 – Federal Express
95 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

***Hand Delivery***
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

***Hand Delivery***
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

***Hand Delivery***
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

***Hand Delivery***
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

***Hand Delivery***
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

***Hand Delivery***
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

***Hand Delivery***
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

***Federal Express***
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

***Federal Express***
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106

***Federal Express***
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch
Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

***Federal Express***
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044



***Federal Express***
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

***Federal Express***
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

***Federal Express***
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

***First Class Mail***
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

***First Class Mail***
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

***First Class Mail***
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

***First Class Mail***
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

***First Class Mail***
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

***First Class Mail***
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

***First Class Mail***
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

***First Class Mail***
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

***First Class Mail***
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY  10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530



*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas 77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA 98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA 19103-7396

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California 94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS 66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

*First Class Mail*
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York  10007

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

**First Class Mail**
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C. 20004-1109

**First Class Mail**
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA 02110-2699

**First Class Mail**
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina 28202-4010

**First Class Mail**
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442

**First Class Mail**
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

**First Class Mail**
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA 24624

**First Class Mail**
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ 08731-6070

**First Class Mail**
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

**First Class Mail**
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas 77701

**First Class Mail**
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ 08034

**First Class Mail**
Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey 07105

**First Class Mail**
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-1413