IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objections due by:**
**June 22, 2001 at 4:00 p.m.**
**Hearing Date:  (negative notice)**
**July 19, 2001 at a time t/b/d if necessary**

**NOTICE OF MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE
FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT
BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE,
ARBITRAL OR OTHER ACTION OR PROCEEDING**

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On June 7, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the **Motion of the Debtors for Entry of an Order**

**Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and**

**Causes of Action Brought By or Against the Debtors in a Judicial, Administrative,**

**Arbitral, or Other Action or Proceeding** (the "Motion") with the United States Bankruptcy

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:23876.1

Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto.

Objections and other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on June 22, 2001.

Objections or other responses to the Motion, if any, must also be served so that they are received not later than June 22, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby & Geddes, 222 Delaware Avenue, P.O. Box 1150, Wilmington, Delaware 19899 (fax number 302-654-2067); and (v) counsel to the Official

Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180

Maiden Lane, New York, New York  10038-4982 (fax number 212-806-6006), and Michael R.

Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200,

Wilmington, Delaware  19801-1246 (fax number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

91100-001\DOCS_DE:23876.1

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL

BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES

DISTRICT JUDGE, ON JULY 19, 2001 AT A TIME TO BE DETERMINED AT THE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING

STREET, WILMINGTON, DELAWARE  19801.  THE DEBTORS WILL NOTICE ANY

OBJECTING PARTIES, THE RESPECTIVE COMMITTEES, AND ANY PARTY WHO SO

REQUESTS OF THE TIME OF SUCH HEARING.

Dated: June 7, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

91100-001\DOCS_DE:23876.1

-4-

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline:**
**June 22, 2001 at 4:00 p.m.**
**Hearing Date: (negative notice)**
**July 19, 2001 at a time t/b/d if necessary**

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, <u>ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING</u>

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby move (the "<u>Motion</u>") the Court for entry of an order authorizing and approving an omnibus procedure for settling claims and causes of action brought by or against one or more of the Debtors in a judicial, administrative, arbitral or other action or proceeding pursuant to section 363(b) of title

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bankr. P. 9019.  In

support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this

proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are section 363(b) of the

Bankruptcy Code and Fed. R. Bankr. P. 9019.

## Background

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

4.    The Debtors engage in specialty chemicals and materials businesses, operating

on a worldwide basis, with their corporate headquarters located in Columbia, Maryland.   The

Debtors predominately operate through two business units - Davison Chemicals and Performance

Chemicals.   The Debtors' parent company, W. R. Grace & Co. ("Grace"), is a global holding

company that conducts substantially all of its business through a direct, wholly owned subsidiary

W. R. Grace & Co. - Conn. ("Grace-Conn").   Grace-Conn owns substantially all of the assets,

properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates,

60 of which are debtors and debtors in possession in the Chapter 11 Cases.

5.    The Chapter 11 Cases have been consolidated for administrative purposes

only and pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to

operate their businesses and manage their properties as debtors in possession.

6.      On April 12, 2001, the office of the United States Trustee appointed three official committees in the Chapter 11 Cases as follows:  (i) the committee of unsecured creditors (the "Creditors' Committee"); (ii) the committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee"); and (iii) the committee of asbestos property damage claimants (the "Asbestos Property Damage Committee") (the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, as well as any other official committee appointed by the United States Trustee in the Chapter 11 Cases, shall collectively be referred to as the "Committees").

**Relief Requested**

7.      In order to minimize expenses, the Debtors seek the Court's approval of an order, pursuant to section 363 of the Bankruptcy Code and Fed. R. Bankr. P. 9019, authorizing the settlement of claims and causes of action, excluding asbestos based claims and causes of action, (the "De Minimis Claims") brought by or against one or more of the Debtors in a judicial, administrative, arbitral or other action or proceeding, pursuant to the omnibus procedure outlined below.  As set forth in greater detail herein, the Debtors propose to settle two tiers of De Minimis Claims.  The first tier consists of De Minimis Claims that do not exceed $100,000.  The second tier comprises De Minimis Claims greater than $100,000 and equal to or less than $1,000,000.  The Debtors propose to settle these De Minimis Claims on negative notice to the following parties (collectively, the "Negative Notice Parties"):

-3-

| **Counsel for the United States Trustee**:<br>United States Trustee's Office<br>U. S. Department of Justice<br>601 Walnut Street<br>Curtis Center, Suite 950 West<br>Philadelphia, Pennsylvania 19106<br>Attn: Frank J. Perch | **Counsel to the DIP Lender**:<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>Chicago, IL 60606<br>Attn:    Douglas Bacon |
|---|---|
| **Counsel to the Official Committee of Unsecured Creditors**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Robert Raskin<br>        Arlene G. Krieger | **Counsel to the Official Committee of Property Damage Claimants**<br>Bilzin Sumberg Dunn Baena Price & Axelrod LLP<br>2500 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2336<br>Attn: Scott L. Baena |
| **Counsel to the Official Committee of Personal Injury Claimants**<br>Caplin & Drysdale<br>399 Park Avenue, 36th Floor<br>New York, New York 10022<br>Attn: Elihu Inselbuch | |

8.     For purposes of determining the applicable dollar amount of a De Minimis Claim in order to permit the settlement thereof pursuant to this Motion (the "Settled Amount"), the Debtors propose that the Settled Amount equal the dollar amount of the allowed claim to which the Debtors and the applicable Settling Party (as defined below) ultimately agree in resolution of such De Minimis Claim. For example, if a Settling Party files a proof of claim in the amount of $500,000, and the Debtors and the Settling Party ultimately agree that the Settling Party shall have an allowed claim of $200,000, the Settled Amount shall be $200,000. In no event will a settlement pursuant to the omnibus procedure set forth below (i) provide for any monetary payment to be made by the Debtors from property of their estates to or on behalf of third parties on account of any claims owing or arising prior to the Petition Date or (ii) resolve the Debtors' liability with respect to a claim based

-4-

upon the Debtors' alleged use, manufacturing or sale of asbestos containing products. Nothing in this Motion, however, shall be construed to limit the Debtors' right to resolve any asbestos based claims in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

### The Debtors Should Be Permitted to Settle the De Minimis Claims Pursuant to an Omnibus Procedure

9.     The Debtors hold various claims and causes of action against numerous third parties that they have asserted or will assert through litigation, administrative action or arbitration in appropriate forums. Similarly, third parties hold various claims and causes of action against one or more of the Debtors that have been or will be asserted through litigation, administrative action or arbitration. To minimize expenses and maximize value for the creditors of the Debtors' estates, the Debtors seek authority to resolve the De Minimis Claims by settlement pursuant to section 363(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

10.     If the Debtors were required to obtain prior approval of this Court to settle each De Minimis Claim, and considering the ever growing size of the list of parties requesting notice and service of papers in the Chapter 11 Cases, the Debtors would incur significant costs associated with preparing, filing and serving separate motions for each proposed settlement. Similarly, the Debtors would likely suffer the delays incumbent with obtaining such Court approval while complying with the required notice periods and available hearing schedules. Therefore, the Debtors desire to establish an omnibus procedure in the Chapter 11 Cases that will allow them to enter into settlements on a more cost-effective and expeditious basis while preserving an oversight function for key parties-in-interest that will appropriately protect the asset value of the Debtors' material claims and causes of action.

11.    A settlement of claims and causes of action owned by a debtor constitutes a sale of the property of the estate.  See Northview Motors, Inc. v. Chrysler Motors Com., 186 F.3d 346, 350 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  Id. at 351.  In addition to obtaining such approval, a debtor typically must file a motion and provide notice and a hearing of such motion as required by Fed. R. Bankr. P. 9019.

12.    In reviewing a motion for approval of a settlement, bankruptcy courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal."  In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).  This requires court consideration of the following criteria:  "(1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. The approval of the settlement procedures proposed in this Motion is supported by application of these criteria.

13.    With respect to the De Minimis Claims involving (i) non-insider third parties (the "Settling Parties") against any of the Debtors or (ii) any of the Debtors against the Settling Parties, as well as any cross-claims and counter-claims asserted against any of the Debtors by Settling Parties (or against the Settling Parties by any of the Debtors), the Debtors propose that they be authorized to enter into settlements pursuant to the following procedure (the "Omnibus Procedure"):

   a.    For purposes hereof, a non-insider will mean any Settling Party that is not an "insider," as such term is defined in section 101(31) of the Bankruptcy Code;

b.    In no event will a settlement pursuant to this Motion provide for any monetary payment to be made by the Debtors from property of their estates to or on behalf of the Settling Parties on account of any claims owing or arising prior to the Petition Date; provided, however, that with respect to cross-claims and counter-claims, the settlement may provide for offsets in favor of the Settling Parties against, and up to but not exceeding the amount of, any monetary payments to be otherwise made by the Settling Parties to or on behalf of the Debtors;

c.    No settlement will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of (i) the probability of success if the claim is litigated or arbitrated, (ii) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim, (iii) other factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of the settlement vis-a-vis the Debtors' estates, creditors and shareholders;

d.    No settlement will be effective unless it is executed by the General Counsel of the Debtors or by an authorized representative of the Debtors;

e.    Subject to subparagraphs (a) through (d) above, with respect to any Settled Amount that does not exceed $100,000, the Debtors, in their discretion, may agree to settle such claim or cause of action on any reasonable terms, and may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates without further action by this Court;

f.    Subject to subparagraphs (a) through (d) above, with respect to any Settled Amount that equals or exceeds $100,000 but does not exceed $1,000,000, the Debtors, in their discretion, may agree to settle such claim or cause of action only if they provide written notice, via facsimile transmission, to the Negative Notice Parties of the terms of the settlement, and such terms are not objected to in writing by any of the Negative Notice Parties within fifteen (15) days after the date of transmittal of such written notice; and in the absence of any such objection, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Court by the Debtors of a certificate of no objection with respect to the settled De Minimis Claims;

g.    If any of the Negative Notice Parties object to any settlement within fifteen (15) days after the date of the Debtors' transmittal of the notice of such proposed settlement, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing;

-7-

h.      Beginning with the period ending on September 30, 2001, and at three-month intervals thereafter, or at such other intervals that may be convenient to the Court during the pendency of the Chapter 11 Cases, the Debtors will provide a written report to this Court, with a copy to the Negative Notice Parties, no later than thirty (30) days after the end of each such period, concerning all settlements made during such period pursuant hereto, including the names and addresses of the Settling Parties, the types and amounts of the Settled Amounts, and the nature of the settlements, including the amount of any monetary payments received by the Debtors; and

i.      Any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other Order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties-in-interest.

14.     Nothing in the Omnibus Procedure is intended or should be construed to alter any requirements under the Debtors' insurance policies.

15.     Pursuant to Fed. R. Bankr. P. 9019(b) of the Bankruptcy Rules, this Court may authorize the Debtors to settle certain classes of controversies without requiring separate notice and hearing with respect to each separate controversy.  Given such authority, settlement procedures designed to streamline the court approval process, similar to those proposed above, have been approved in other large chapter 11 cases, including In re United Artists Theatre Company, Case No. 00-3514 (SLR) (Bankr. D. Del. 2000), and In re Harnischfeger Industries, Inc., Case No. 99-2171 (PJW) (Bankr. D. Del. 1999).  Approval of the Omnibus Procedure is in the best interest of the Debtors and their estates and will not prejudice the rights of any party-in-interest in these cases.

### Approval of the Omnibus Procedure for Settling
### De Minimis Claims is in the Best Interests of the Debtors and their Estates

16.     The Debtors believe that the relief requested herein will aid in the Debtors' efforts to reduce expenses and maximize value for the benefit of their estates, creditors and other

-8-

parties-in-interest. By granting the relief requested herein, the Debtors will be able to avoid the cost of having counsel draft and file numerous motions and send out numerous hearing notices. The procedure that the Debtors seek to implement pursuant to this Motion will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein.

17.     After careful analysis, and in the exercise of their business judgment, the Debtors have determined, and respectfully submit, that for all of the foregoing reasons the relief requested in this Motion is in the best interests of their estates and creditors.

### Notice

18.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the DIP Lender; (iii) counsel to the Committees; and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

19.     No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (i) authorizing and approving the Omnibus Procedure for settling certain claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral or other action or proceeding and (ii) grant such other and further relief as the Court deems appropriate.

Wilmington, Delaware
Dated: June 7, 2001

Respectfully submitted,

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES PC

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") seeking entry of an order authorizing and approving the

Omnibus Procedure for settling claims and causes or action brought by or against one or more of the

Debtors in a judicial, administrative, arbitral or other action or proceeding pursuant to section 363(b)

of the Bankruptcy Code and Fed. R. Bankr. P. 9019; and it appearing that this Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding

and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been given; and after due deliberation and cause appearing therefor; and

it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and

other parties in interest; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to settle claims and causes of action,

excluding asbestos based claims and causes of action, filed in a judicial, administrative, arbitral or

other action or proceeding by (i) any of them against any Settling Parties or (ii) any of the Settling

Parties against the Debtors as well any cross-claims and counter-claims asserted against any of the

Debtors by the Settling Parties (or against the Settling Parties by any of the Debtors) in connection

with such claims and causes of action in accordance with the Omnibus Procedure as follows:

a.    For purposes hereof, a non-insider will mean any Settling Party that is not an "insider," as such term is defined in section 101(31) of the Bankruptcy Code;

b.    In no event will a settlement pursuant to this Motion provide for any monetary payment to be made by the Debtors from property of their estates to or on behalf of the Settling Parties on account of any claims owing or arising prior to the Petition Date; provided, however, that with respect to cross-claims and counter-claims, the settlement may provide for offsets in favor of the Settling Parties against, and up to but not exceeding the amount of, any monetary payments to be otherwise made by the Settling Parties to or on behalf of the Debtors;

c.    No settlement will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of (i) the probability of success if the claim is litigated or arbitrated, (ii) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim, (iii) other factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of the settlement vis-a-vis the Debtors' estates, creditors and shareholders;

-2-

d.    No settlement will be effective unless it is executed by the General Counsel of the Debtors or by an authorized representative of the Debtors;

e.    Subject to subparagraphs (a) through (d) above, with respect to any Settled Amount that does not exceed $100,000, the Debtors, in their discretion, may agree to settle such claim or cause of action on any reasonable terms, and may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates without further action by this Court;

f.    Subject to subparagraphs (a) through (d) above, with respect to any Settled Amount that equals or exceeds $100,000 but does not exceed $1,000,000, the Debtors, in their discretion, may agree to settle such claim or cause of action only if they provide written notice, via facsimile transmission, to the Negative Notice Parties of the terms of the settlement, and such terms are not objected to in writing by any of the Negative Notice Parties within fifteen (15) days after the date of transmittal of such written notice; and in the absence of any such objection, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Court by the Debtors of a certificate of no objection with respect to the settled De Minimis Claims;

g.    If any of the Negative Notice Parties object to any settlement within fifteen (15) days of the date of the Debtors' transmittal of the notice of such proposed settlement, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing;

h.    Beginning with the period ending on September 30, 2001, and at three-month intervals thereafter, or at such other intervals that may be convenient to the Court during the pendency of the Chapter 11 Cases, the Debtors will provide a written report to this Court, with a copy to the Negative Notice Parties, no later than thirty (30) days after the end of each such period, concerning all settlements made during such period pursuant hereto, including the names and addresses of the Settling Parties, the types and amounts of the Settled Amounts, and the nature of the settlements, including the amount of any monetary payments received by the Debtors; and

i.    Any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other Order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties-in-interest; and it is further

ORDERED that the Negative Notice Parties shall consist of the following entities or

individuals:

| | |
|---|---|
| **Counsel for the United States Trustee**:<br>United States Trustee's Office<br>U. S. Department of Justice<br>601 Walnut Street<br>Curtis Center, Suite 950 West<br>Philadelphia, Pennsylvania 19106<br>Attn: Frank J. Perch | **Counsel to the DIP Lender**:<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>Chicago, IL 60606<br>Attn:    Douglas Bacon |
| **Counsel to the Official Committee of Unsecured Creditors**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Robert Raskin<br>         Arlene G. Krieger | **Counsel to the Official Committee of Property Damage Claimants**<br>Bilzin Sumberg Dunn Baena Price & Axelrod LLP<br>2500 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2336<br>Attn: Scott L. Baena |
| **Counsel to the Official Committee of Personal Injury Claimants**<br>Caplin & Drysdale<br>399 Park Avenue, 36th Floor<br>New York, New York 10022<br>Attn: Elihu Inselbuch | |

and it is further

ORDERED that, for each De Minimis Claim, the Settled Amount shall equal the

dollar amount of the allowed claim to which the Debtors and the applicable Settling Party ultimately

agree in resolving such De Minimis Claim; and it is further

ORDERED that nothing in the Omnibus Procedure shall alter any requirements under

the Debtors' insurance policies; and it is further

ORDERED that the Debtors shall not settle any asbestos based claims pursuant to the

Omnibus Procedures, however, nothing herein shall be construed to limit the Debtors' right to settle

any asbestos based claims in accordance with the Bankruptcy Code and the Federal Rules of Civil

Procedure; and it is further

ORDERED that the Debtors are authorized to take such further actions and execute

the appropriate documents as may be necessary or appropriate to effectuate the relief granted herein;

and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2001


_____
Joseph J. Farnan, Jr.
United States District Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )  SS: |
| COUNTY OF NEW CASTLE | ) |

Lois Hyland, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. and that on the 7th day of June, 2001, she caused a copy of the following document(s) to be served upon the attached service list in the manner indicated:

1.     **Notice of Motion of the Debtors for Entry of an Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought By or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding**

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.   **Motion of the Debtors for Entry of an Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought By or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding.**

Dated:  June 7, 2001

_____
Lois Hyland

Sworn to and subscribed before
me this 7th day of June, 2001

_____
Notary Public
My Commission Expires:   _2003_

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 7, 2001
14 – Hand Delivery
07 – Federal Express
95 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

*Hand Delivery*
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

*Hand Delivery*
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE 19801

*Federal Express*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*Federal Express*
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Federal Express*
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch
Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

*Federal Express*
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*Federal Express*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

*Federal Express*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*Federal Express*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

*First Class Mail*
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE  19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY  10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS 39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia 30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas 77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD 21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ  08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey  07663

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

**First Class Mail**
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX 77630

**First Class Mail**
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

**First Class Mail**
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

**First Class Mail**
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

**First Class Mail**
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

**First Class Mail**
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn: Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

**First Class Mail**
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102

**First Class Mail**
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

**First Class Mail**
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006

**First Class Mail**
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903

**First Class Mail**
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah 83536-9229

**First Class Mail**
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York 10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York  10007

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

*First Class Mail*
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

*First Class Mail*
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

*First Class Mail*
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

*First Class Mail*
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034

**First Class Mail**
Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

**First Class Mail**
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413