**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & Co., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF CMGI, INC., TO MOTION OF THE DEBTORS FOR AN ORDER GRANTING AN EXTENSION OF TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY (DOCKET NO. 310)**

CMGI, Inc. ("CMGI"), hereby objects to the Motion of the Debtors for an Order Granting an Extension of Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (the "Motion"). As grounds for this Objection, CMGI states as follows:

1. CMGI, as successor in interest to iCast Corporation and ZineZone Corporation, and W.R. Grace & Co.-Conn. ("Grace"), as assignee of Chomerics, Inc. ("Chomerics"), are parties to a sublease dated July 27, 1999, as amended (the "Sublease"). Pursuant to the Sublease, Grace subleases to CMGI certain portions of the nonresidential real property leased by American Property Investors XI to Chomerics under a lease dated July 22, 1981, as amended (the "Overlease"). The nonresidential real property that is subject to both the Sublease and the Overlease is located at 78 Dragon Court, Woburn, Massachusetts.

2. On April 2, 2001 (the "Petition Date"), Grace and sixty-one related entities (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

3.  Section 365(d)(4) of the Bankruptcy Code provides that if Grace does not assume or reject the Overlease within sixty (60) days after April 2, 2001 (by June 1, 2001), then such lease is deemed rejected, unless the Court, for cause, fixes a later date by which assumption or rejection must occur.

4.  Through the Motion, dated May 24, 2001, the Debtors request that the Court extend the statutory sixty-day period for assumption of rejection by an additional period of eight months, which would move the date by which the Overlease must be assumed or rejected forward to February 1, 2002. CMGI objects to the Motion insofar as it seeks to extend the statutory sixty-day period for assumption or rejection of the Overlease.

A.  *Grace Has Not Established Cause for Extension of the Statutory Sixty-Day Period*

5.  "The burden of establishing the cause necessary to support an extension of time lies with the proponent of the motion, usually the Trustee or Debtor-In-Possession." **In re S&M Food Services, Inc.**, 117 B.R. 497, 497-98 (Bankr. E.D. Mo. 1990) (*citing* **In re Wedtech Corporation**, 72 B.R. 464, 469 (Bankr. S.D.N.Y. 1987)).

6.  This burden will not be satisfied if a debtor merely presents arguments that "are general and could apply to any debtor" in a Chapter 11 proceeding. **In re Muir Training Technologies, Inc.**, 120 B.R. 154, 160 (Bankr. S.D. Cal. 1990). "Congress obviously did not intend the cause requirement to be lightly dismissed or blindly applied" but instead expected courts "to sift the evidence, examine applicable precedent and make informed rulings." **In re Wedtech**, 72 B.R. at 469.

7.  Courts consider a number of factors relevant to the determination of whether there exists cause to extend the statutory sixty-day period. As stated in **Escondido Mission Village L.P. v. Best Products Co., Inc.**, 137 B.R. 114, 116-17 (S.D.N.Y. 1992), these

factors include: (1) whether the lease is the primary asset of the debtor; (2) whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land; (3) whether the debtor has had time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan; (4) whether the lessor continues to receive rental payments and whether the debtor fails to pay the rent reserved in the lease; (5) whether the lessor will be damaged beyond compensation available under the Bankruptcy Code due to the debtor's continued occupation; (6) whether the case is exceptionally complex and involves a large number of leases; (7) whether need exists for a judicial determination of whether the lease is a disguised security agreement; (8) whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; and (9) any other factors bearing on whether the debtor has had a reasonable amount of time to decide to assume or reject the lease.

8. In the Motion, the Debtors provide two arguments that cause exists to extend the statutory sixty-day period. First, the Debtors argue that they have been "consumed with the operation of the Debtors' businesses and the resolution of a number of complex business decisions," such that "the Sixty-Day Period is an insufficient period of time for the Debtors to make prudent decisions concerning the assumption or rejection of the Unexpired Leases." Motion at 6-7. Second, the Debtors argue that "they are current in all of their postpetition rent payments and other commercial obligations with respect to the Unexpired Leases." Motion at 7.

9. These general arguments could be true of any debtor in the initial stages of any bankruptcy reorganization. Although the Debtors have stated that they have been confronted with "complex" business decisions, they have not stated why these decisions have made their

cases "exceptionally complex." The Debtors' situation described in the Motion appears analogous to many other Chapter 11 debtors. The Debtors' argument is a conclusory assertion that sixty days is an insufficient period in which to make its decision, bare of any supporting evidence as to why the decision is complicated or why a period five times longer is required.

10. In addition, the argument that the Debtors are current on their lease obligations cannot hold much weight. Under Section 365(d)(3) of the Bankruptcy Code, the Debtors are required to remain current on their postpetition obligations regardless of whether they seek an extension of the statutory sixty-day period. If the Debtors were delinquent as to their postpetition obligations, then there would certainly be cause for denying an extension, but compliance with other, independent provisions of the Bankruptcy Code cannot constitute cause for special treatment under Section 365(d)(4).

11. Further, the Debtors have admitted that the category of leases into which the Overlease falls, defined in the Motion as "Unexpired Commercial Leases," are unrelated to the offices and plants used by the Debtors in the conduct of its primary business. Rather, the Unexpired Commercial Leases, including the Overlease, are incidental to the principal assets of the Debtors' estates. The cases cited by the Debtors in support of the Motion, in contrast to the Debtors' case, involve leases that are crucial to the core business of the debtor and essential to any reorganization. See **In re Victoria Station Inc.**, 88 B.R. 231, 232 (9th Cir. BAP 1988) (stating that leased premises were all used in debtor's restaurant business); **In re Wedtech**, 72 B.R. at 472 (stating that lease was principal asset of debtor and leased property was used by an important research division of the debtor's business).

12. Other courts that have granted extensions have placed particular emphasis on the fact that the existence, nature, or terms of the unexpired leases are disputed, which is not true

with respect to the Overlease. See **In re Burger Boys, Inc.**, 94 F.3d 755 (2d Cir. 1996); **In re Wedtech**, 72 B.R. at 472. Courts have also considered "a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." **In re Channel Home Centers, Inc.**, 989 F.2d 682, 689 (3d Cir. 1993). However, in the instant case, the Debtors have not established reasons why the Unexpired Commercial Leases are related to the reorganization plans that they are formulating nor why the Unexpired Commercial Leases are of a nature that requires some exceptional amount of time for analysis.

**B.    *Extension of the Statutory Sixty-Day Period Will Unduly Prejudice CMGI***

13.    The rights of CMGI as sublessee under the Sublease are derivative of the rights of Grace as lessee under the Overlease. It is well established that upon rejection of an overlease by a debtor-lessee, any derivative rights, such as those of a sublessee of the debtor, are extinguished. See, e.g., **In re 6177 Realty Assocs., Inc.**, 142 B.R. 1017 (Bankr. S.D. Fla. 1992); **In re Child World, Inc.**, 142 B.R. 87 (Bankr. S.D.N.Y. 1992). Until Grace determines whether it will assume or reject the Overlease, CMGI's rights under the Sublease are in doubt, and CMGI is unable to order its business affairs properly.

14.    In addition, under the Sublease, CMGI has the right to assign the Sublease or to sub-sublease the premises to a third party rather than use the premises for CMGI's own business. CMGI no longer requires the premises for its own business. CMGI retained the services of a real estate broker to market the premises to third parties and attracted initial interest in the premises. However, because the status of the Overlease is in doubt, the initial third-party interest in the premises has disappeared. The possibility that the Sublease (and, consequently, any sub-sublease) will be terminated in Grace's bankruptcy has prevented CMGI from sub-subleasing the premises to a third party.

15.     Accordingly, for as long as Grace does not decide whether to assume or reject the Sublease, CMGI retains its obligation to pay rent to Grace but is deprived of its right to sub-sublease the premises. In effect, CMGI has been required from April 2, 2001, to the present to pay for benefits it no longer receives under the Sublease. Through the Motion, the Debtors have asked the Court to force CMGI to bear this empty cost for an additional eight months.

C.     *Denial of an Extension to Assume or Reject the Overlease Would Not Prejudice Grace*

16.     As stated above, the Overlease is not a primary asset of Grace's bankruptcy estate, its continuance is not essential or even important to Grace's reorganization, and its terms are not complex nor disputed. Rather, the Overlease is a standard lease of commercial real estate that is only ancillary to Grace's business and that has a much greater effect on CMGI than on Grace.

17.     On information and belief, no other sublessee under any of the Debtors' Unexpired Commercial Leases has objected to the Motion. It would not burden Grace or the Debtors collectively if Grace were to be held to the standard statutory time period to decide whether to assume or reject the Overlease, even if the Court were to grant the Motion with respect to the Unexpired Leases other than the Overlease.

**WHEREFORE**, CMGI requests that the Court (1) deny the Debtors' Motion; (2) enter an order directing Grace to assume or reject the Overlease by June 30, 2001; and (3) grant CMGI such other relief as the Court deems fair and just.

Dated: June 13, 2001

        CMGI, INC.,
        by its attorneys,

*/s/ Tara L. Lattomus*
Mark Minuti (No. 2659)
Tara L. Lattomus (No. 3515)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840/6847
(302) 421-5837 (fax)

and

Paul P. Daley, Esq. (MA BBO# 112560)
George W. Shuster, Jr., Esq. (MA BBO# 647306)
**HALE AND DORR LLP**
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & Co., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### CERTIFICATE OF SERVICE

I, Tara L. Lattomus, Esquire, hereby certify that on June 13, 2001, I caused a copy of the **Objection Of CMGI, Inc., To Motion Of The Debtors For An Order Granting An Extension Of Time To Assume, Assume And Assign, Or Reject Unexpired Leases Of Nonresidential Real Property (Docket No. 310)** to be served on the parties on the attached service list in the manner indicated therein.

Tara L. Lattomus (No. 3515)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6847

## W.R. GRACE & CO., *et al.*
## Service List

**Via Hand Delivery:**
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

Frank J. Perch, III, Esquire
Office of the United States Trustee
844 N. King Street, Room 2311
Wilmington, DE 19801

**Via Telecopy:**
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena
   Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131