IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>W.R. GRACE & COMPANY,<br>        Debtor.<br>――――――――――――――――<br>TIG INSURANCE COMPANY, a California corporation,<br>        Plaintiff,<br>    v.<br>GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive,<br>        Defendants.<br>――――――――――――――――<br>AND RELATED CROSS ACTIONS | Case No.: 01-01139 JJF<br><br>MOTION NUMBER 159<br><br><br><br><br><br><br><br><br><br>Hearing date: June 21, 2001<br>Time:        4:00 p.m. |

### (1) OBJECTION AND OPPOSITION TO MOTION OF HOME SAVING TERMITE CONTROL, INC. AND WAYNE MORRIS FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY; (2) OBJECTION TO IMPROPER NOTICE; (3) REQUEST FOR TELEPHONE APPEARANCE; AND (4) DECLARATION OF ALICE SMOLKER

#### 1. Improper Notice of Motion Given

Alice and Gary Smolker, cross complainants in *TIG v. Smolker*, appearing in propria persona as objectors herein, object to the defective notice given by Home Saving Termite Control, Inc. and Wayne Morris (collectively "Home Saving") of the hearing and time to file a response to Home Saving's Motion for Order Granting Relief from Automatic Stay.

On June 18, 2001, the Smolkers received notice by regular mail that the hearing on the instant motion will be held on Thursday, June 21, at 4:00 p.m., and that the Smolkers' response was to be filed with the court and served on movants' attorneys at least five business days before the hearing date.

The Smolkers request that the Court consider this Objection and Opposition which is filed late due to defective notice of hearing. The Smolkers did not receive notice of the due date until after the due date had passed. This response is served and filed on the day the Smolkers received notice of the hearing and due date.

2. Introduction. *TIG v. Smolker* was filed in California state court in July 1997. The Smolkers' cross action against the debtor and Home Saving concerns personal injuries and property damage the Smolkers suffered as a result of a misapplication of a chemical pesticide manufactured by the debtor. Grace removed the state court action to federal bankruptcy court in Los Angeles on April 30, 2001.

3. Home Saving's Depositions Should Be Limited. The Smolkers have filed a motion to have this case remanded to state court which is scheduled to be heard in Bankruptcy Court in Los Angeles, California on June 19, 2001.

The Smolkers do not oppose Home Saving's motion to lift the stay for purposes of conducting discovery so that the *TIG v. Smolker* litigation, which is ready for trial in California state court, can be concluded and the Smolkers' claim liquidated. However, movant should be required to obtain leave of court to depose particular witnesses so as to protect Grace from unwarranted burden, annoyance or expense and movant should be required to comply with *FRCP* Rule 30(a)(2))A) in that Home Saving has already taken more than ten depositions in this action.

Home Saving should tell this Court whom Home Saving wishes to depose, when and where they wish to depose such person, and how long they wish each deposition to last. Then Grace can explain to the Court how Home Saving's discovery plan would interfere with Grace's bankruptcy proceedings or be an undue burden or annoyance to Grace. This Court should then

-2-

rule whether or under what conditions the depositions should go forward. This will allow the Court to make a decision based on fact instead of argument.

The Smolkers have no intention of taking the deposition of any of Grace's personnel.

### 4. This Court Should Not Allow Home Saving to File a Cross complaint in *TIG v. Smolker.*

The Smolkers oppose lifting the stay so that Home Saving can file a cross complaint for indemnity against the Debtor on the ground that the decision to allow a cross complaint should be allowed only by the court that will try the case. Instead, this Court should enter an order allowing the state court to have discretion to grant leave to Home Saving to file a cross complaint if and when this case is remanded to state court.

The trial court has not granted leave for such a cross complaint to be filed. It is speculative whether Home Saving will have any right to recover against the Grace entities on any ground. For years, Home Saving chose to be party to a joint defense agreement with Grace in *TIG v. Smolker*. After Grace filed its bankruptcy petition, Home Saving argued to the state court that Home Saving was not ready for trial, although the cross action against Home Saving has been pending in state court since July 1997. Now, Home Saving might delay trial in *TIG v. Smolker* even further by filing a motion for leave to file a cross complaint. A motion for leave to file a cross complaint must include a proposed cross complaint, so that the court ruling on the motion will know what it is ruling on.

A delay in the *TIG v. Smolker* case is a delay in resolving the administration of the estate. The Smolkers seek to liquidate their claim by going to trial in *TIG v. Smolker*. The most efficient way to resolve this case and the most efficient use of judicial resources will occur if this case is tried in California state court because the state court trial judge is ready to try this case and had scheduled trial for June 11, 2001, and then continued trial at Home Saving's request to September 17, 2001. The state court trial judge should decide whether a cross complaint should be filed.

The filing of a cross action for equitable indemnity should be subject to the *TIG* action being remanded to state court and subject to the state court granting Home Saving leave to file such a cross complaint.

Home Saving is responsible for the same type of damages as Grace. If this case is allowed to go forward against Grace and Home Saving at the same time, it will be clear where there is an overlap in damage award. The estate will be preserved because every dollar paid by Home Saving will be a dollar that Grace does not have to pay to the Smolkers. Home Saving and Grace are jointly and severally liable. Also, a trial against both Home Saving and Grace will obviate the need for a separate trial by the Smolkers against Grace.

5. Request for Telephone Appearance. Objectors respectfully request that objectors be allowed to appear by telephone pursuant to *Delaware Local Bankruptcy Rules*, Rule 9013-1(h). Objectors are located in Marina Del Rey, California and it would be a financial hardship for objectors to appear in person at the hearing on this motion.

6. Conclusion. For the reasons set forth herein, it is respectfully requested that Home Saving's motion be denied because neither Home Saving nor Grace provided this Court with sufficient factual information for this Court to make good case management decisions or to rule on this motion.

Dated June 18, 2001

By: /s/ Alice Graham Smolker
Alice Graham Smolker

By: /s/ Gary Smolker
Gary Smolker
Smolker & Graham
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA 90292
Phone: (310) 574-9880 Fax: (310) 574-9883

-4-

## DECLARATION OF ALICE SMOLKER

Alice Smolker declares:

1. I am a cross complainant in *TIG v. Smolker*, filed in Los Angeles Superior Court, Los Angeles, California, as case number BC 173 952, and now removed to the Bankruptcy Court for the Central District of California as Adversary No. LA-01-01646 BB. I have personal knowledge of the facts set forth herein and in the attached Objection and if called upon to do so could and would testify competently thereto.

2. I am familiar with the foregoing Objection and Opposition to Motion of Home Saving Termite Control, Inc. and Wayne Morris for Order Granting Relief from Automatic Stay and with the proceedings in *TIG v. Smolker*. The recitation of the facts and procedure set forth in the attached Objection is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Marina Del Rey, California on June 18, 2001.

/s/ Alice Smolker
Alice Smolker

-5-

## DECLARATION OF SERVICE

I, Mary Williams, declare:

At the time of service hereinafter mentioned, I am over the age of 18 years and not a party to the within action. My business address is 4720 Lincoln Boulevard, Suite 250, Marina Del Rey, California 90292. I am employed in the County of Los Angeles, California.

On June 18, 2001, I served the foregoing document described as follows:

## OBJECTION AND OPPOSITION TO MOTION

on the interested parties in this action, by facsimile to the numbers indicated, and by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows, to be placed in the U. S. Mail at Marina Del Rey, California:

## SEE ATTACHED SERVICE LIST

At the time of service, there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury that the information stated herein is true and correct under the laws of the United States of America.

Executed on June 18, 2001, at Marina Del Rey, California.

_Mary L. Williams_
Mary Williams

## SERVICE LIST

Gary Yardumian, Esq. SBN 131411
Prindle Decker & Amaro
P. O. Box 22711
Long Beach, CA  90801-5511

Phone
(562) 495-0564
Fax
(562) 495-0564

Attorneys for cross defendant
Home Saving Termite Control, Inc.

Sherry Ruggiero Fallon #2464
Tybout Redfearn & Pell
300 Delaware Ave., Ste. 1100
P.O. Box 2092
Wilmington, DE  19899

Phone
(302) 658-6901
Fax
(302) 658-4018

Attorneys for cross defendant
Home Saving Termite Control, Inc.

# LAW OFFICES OF SMOLKER & GRAHAM
## 4720 LINCOLN BOULEVARD, SUITE 280
### MARINA DEL REY, CA 90292
### PH: 310-574-9880    FAX: 310-574-9883

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Debbie Colmyer, Supervisor | Alice Graham Smolker |
| **COMPANY:** | **DATE:** |
| U.S. Bankruptcy Court Clerk's Office | June 19, 2001 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| 302-573-6654 | 8 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| 302-252-2901 | |
| **RE:** | **YOUR REFERENCE NUMBER:** |
| In re W.R. Grace | Case No. 01 01139 JJF |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

Per our telephone conversation today, I am sending the attached Objection and Opposition to Motion of Home Saving Termite Control, Inc. and Wayne Morris for Order Granting Relief from Automatic Stay, etc for filing and delivery to Judge Farnan. Alice Smolker and Gary Smolker are filing this document in propria persona.

We did not receive notice of the hearing and time to respond to the above motion until yesterday, June 18. <u>Hearing is set for June 21</u>. When I called Judge Farnan's clerk to tell her this, she asked me to fax our response to the court.

Yesterday, I faxed this document to the number given to me, 302-573-6451. However, today you told me this is the wrong number and you did not receive the document.

Please file this response and deliver it to Judge Farnan's courtroom as soon as possible.

Thank you.