IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**ORIGINAL**

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 01-01139 (JJF) ) (Jointly Administered) |
| W. R. GRACE & CO., et al., | ) |
| Debtors. | ) Objections Due: June 28, 2001 @ 4:00 p.m. ) Hearing Date: July 19, 2001 @ 12:00 p.m. |

### RESPONSE AND LIMITED OBJECTION OF OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION OF DEBTORS FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b) EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. §1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") files this response and limited objection to the Debtors' motion (the "Motion") to extend the period within which to remove actions until January 2, 2002. In support hereof the PD Committee would show as follows:

1. By the Motion, the Debtors seek to enlarge and extend through January 2, 2002, the time periods provided by Fed.R.Bankr.P. 9027 within which the Debtors or their Non-Debtor Affiliates[1] may file notices of removal under 28 U.S.C. §1452, to the extent any such time periods expire on or before January 2, 2002.

2. As grounds for the Motion, the Debtors assert that they and the Non-Debtor Affiliates "have not as yet had a full opportunity to investigate the extent of their involvement in the actions." (Motion, ¶13).

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings provided in the Motion.

3.  Among the Actions in respect of which the Debtors seek such relief are the Fraudulent Conveyance Actions. The PD Committee and the Official Committee of Asbestos Personal Injury Claimants (collectively the "Asbestos Committees") have heretofore moved the Court for authority to prosecute the Fraudulent Conveyance Actions based upon the Debtors' inability to do so as a result of disabling conflicts (the "Fraudulent Conveyance Action Motion").

4.  While the PD Committee is not adverse to the extension of time sought by the Debtors in the Motion, the PD Committee objects to the Motion to the extent that granting the Motion would empower the Debtors exclusively to determine whether or not the Fraudulent Conveyance Actions should be removed and not likewise inure to the Committees in the event the Fraudulent Conveyance Motion is also granted.

WHEREFORE, the PD Committee respectfully requests that the Court condition its grant of an enlargement or extension of time periods within which the Debtor may remove Fraudulent Conveyance Actions pursuant to 28 U.S.C. §1452 upon any such enlargement or extension likewise being applicable to the Committees if the Fraudulent Conveyance Motion is granted by the Court.

Wilmington, Delaware
Dated: June 18, 2001.

        Respectfully submitted,
        BILZIN SUMBERG DUNN BAENA
          PRICE & AXELROD
        2500 First Union Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2336
        Telephone: (305) 374-7580

        Scott L. Baena (Admitted Pro Hac Vice)

-and-

FERRY & JOSEPH, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By: /s/ Michael B. Joseph
Michael B. Joseph
(Del. Bar No. 392)
Theodore J. Tacconelli
(Del. Bar No. 2678)

PROPOSED CO-COUNSEL FOR THE
OFFICIAL COMMITTEE OF PROPERTY
DAMAGE CLAIMANTS

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Response and Limited Objection of the Official Committee of Property Damage Claimants to the Motion of Debtors for an Order Pursuant to Federal Rule of Bankruptcy Procedure 9006(b) Extending the Period Within Which the Debtors may Remove Actions Pursuant to 28 U.S.C. Section 1452 and Federal Rule of Bankruptcy Procedure 9027, was made on June 18, 2001, upon:

## BY HAND-DELIVERY

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE  19801

Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE  19801-1246

Frank J. Perch, Esquire
Office of the Unites States Trustee
844 N. King Street
Wilmington, DE  19801

## BY FACSIMILE AND FIRST-CLASS MAIL

James H.M. Sprayregen, Esquire
James W. Kapp, II, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Lewis Kruger, Esq.
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

-2-

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
Theodore J. Tacconelli, Esq.