**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 ) ) Case No. 01-01139 (JJF) ) (Jointly Administered) |
| W. R. GRACE & CO., et al., | ) ) **Objections Due: June 22, 2001 @ 4:00 p.m.** |
| Debtors. | ) **Hearing Date: July 19, 2001 @ 12:00 p.m.** ) ) ) |

### RESPONSE AND OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") objects to the Debtors' Motion for Entry of an Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding (the "Motion"). In support hereof, the PD Committee would show as follows:

1.  By the Motion, the Debtors seek to establish a truncated process for authorization and approval to enter into settlements of claims and causes of actions. The omnibus procedures proposed by the Debtors would authorize the Debtors to settle claims and causes of actions (a) for up to $100,000, without any prior notice or Court approval, subject only to the requirement that the Debtors furnish a written report of such settlements every ninety (90) days commencing December 30, 2001; and (b) for $100,000, but not greater than $1,000,000, upon fifteen (15) days' negative notice.

2.	The Debtors base the Motion on Section 363(b) of the Bankruptcy Code and Fed.R.Bankr.P. 9019; however, neither authority supports the Debtors' contention that notice and hearing <u>prior</u> to entering into a settlement or compromise can be waived. Indeed, Section 363(b) expressly provides that the use or sale of property of the estate - - which is generally regarded as authority for a debtor to settle or compromise a claim - - may only occur "after notice and hearing". Likewise, Fed.R.Bankr.P. 9019 provides that court approval of a settlement or compromise must be "on motion" and "after notice and a hearing".

3.	The proposed omnibus procedures altogether disenfranchise parties in interest in respect of settlements entered into by the Debtors for less than $100,000. Other than the requirement that the Debtors all too infrequently file written reports of such settlements, there is absolutely no mechanism or procedure for a party in interest to object to any such settlement. Making matters worse perhaps, the proposed procedures provide no limitation on the aggregate amount of settlements that the Debtors may enter into.

4.	As for settlements between $100,000 and $1,000,000, the proposed procedures fail to heed the requirements for approval of a compromise or settlement discussed in the Motion itself! As set forth in paragraph 12 of the Motion, approval of a compromise or settlement "requires court consideration" of the criteria enumerated therein, yet, the omnibus procedures entail no consideration by the Court absent an objection by a limited universe of so-called Negative Notice Parties. Rather, the proposed procedures expressly provide that the Court's approval function would be transferred to the Debtors. (Motion ¶13(c)).

5.	Moreover, the proposed procedures have the effect of shifting the burden to creditors to object to a compromise or settlement whereas the burden actually rests with the

Debtors to obtain approval of such a transaction after proving the elemental criteria enumerated in paragraph 12 of the Motion. In re Planned Protective Service, Inc., 130 B.R. 94 (Bankr. C.D. Calif. 1991); In re Del Grosso, 106 B.R. 165 (Bankr. N.D. Ill. 1989); In re The Hermatage Inn, Inc., 66 B.R. 71 (Bankr. D. Colo. 1986); Also see In re General Motors Corporation Pick Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768 (3rd Cir. 1995).

6.  Furthermore, the proposed fifteen (15) day period for objection to a settlement or compromise of $100,000 or more, is inconsistent with Fed.R.Bankr.P. 2002(a)(3) which requires "at least 20 days' notice by mail" of hearings on approval of a compromise or settlement "unless the Court for cause shown directs that notice not be sent . . ." The Motion fails to establish any cause to affect the 20 days' notice requirement. The mere cost of drafting motions and mailing hearing notices hardly serves as a basis to alter fundamental rights of due process and notions of fair play. Parratt v. Taylor, 451 U.S. 526, 540 (1981). Indeed, the Motion utterly fails to quantify the number of settlements or compromises, let alone the aggregate amounts thereof, that the Debtors anticipate. The Motion does not even offer us a glimpse of the Debtors' pre-petition non-asbestos claims settlement activity from which we might derive a sense of what to expect post-petition.

7.  In short, the Motion is yet another attempt by the Debtors to avail themselves of all of the benefits of chapter 11 as a tactical response to pre-petition asbestos litigation with minimal intrusions by either the Court or their creditors in the conduct of the Debtors' businesses. Unfortunately for the Debtors, bankruptcy protection entails accountability, as well as the opportunity for the Court, creditors and other parties in interest to be fully engaged and informed in the process of reorganization.

WHEREFORE, the PD Committee respectfully requests that the Debtors' Motion for approval of omnibus settlement procedures be denied.

Wilmington, Delaware
Dated: June 18, 2001.

Respectfully submitted,
BILZIN SUMBERG DUNN BAENA
  PRICE & AXELROD
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)

-and-

FERRY & JOSEPH, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By: _____
  Michael B. Joseph
  (Del. Bar No. 392)
  Theodore J. Tacconelli
  (Del. Bar No. 2678)

PROPOSED CO-COUNSEL FOR THE
OFFICIAL COMMITTEE OF PROPERTY
DAMAGE CLAIMANTS

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Response and Objection of the Official Committee of Property Damage Claimants to the Motion of Debtors for Entry of an Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding was made on June 18, 2001, upon:

## BY HAND-DELIVERY

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE  19801

Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE  19801-1246

Frank J. Perch, Esquire
Office of the Unites States Trustee
844 N. King Street
Wilmington, DE  19801

## BY FACSIMILE AND FIRST-CLASS MAIL

James H.M. Sprayregen, Esquire
James W. Kapp, II, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

Lewis Kruger, Esquire
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, NY  10038-4982

-2-

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
Theodore J. Tacconelli, Esq.