**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objections Due By: 6/19/01 @ 4:00 p.m.** |
| Debtors. | ) | |
| | ) | **Hearing Date: 6/21/01 @ 4:00 p.m.** |
| | ) | |
| | ) | |

### LIMITED OBJECTION BY OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WALLACE KING MARRARO & BRANSON PLLC AS SPECIAL LITIGATION AND ENVIRONMENTAL COUNSEL FOR THE DEBTORS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors in possession (the "Debtors") files this limited objection to the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Wallace King Marraro & Branson PLLC as Special Litigation and Environmental Counsel for the Debtors (the "Application"). The following grounds support this Objection:

### BACKGROUND

1.  On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code; thereafter, the Court entered an order directing joint administration of the Debtors' estates.

2.  On June 4, 2001, the Debtors filed the Application. By way of the Application, the Debtors seek authority to retain Wallace King Marraro & Branson PLLC ("Wallace") as



special litigation and environmental counsel. The deadline to object to the Application is today at 4:00 p.m.

## **LIMITED OBJECTION**

3. The Application is vague and ambiguous as to certain material facts regarding the employment of Wallace. Accordingly, the PD Committee requested certain information from the Debtors in order to supplement the information provided in the Application. For example, the PD Committee requested, inter alia, (i) the amount of damages sought by the Debtors in each of the specifically described lawsuits set forth in the Application, (ii) whether the hourly charges proposed to be paid to Wallace in connection with the Interfaith lawsuit would be applied to reduce the contingency fee that Wallace and the Debtors agreed to, and (iii) the amount of fees paid to Wallace for legal services rendered prepetition.

4. The Debtors have not provided any of the requested information to the PD Committee prior to filing of this Objection. The Debtors have assured the PD Committee, that, to the extent such information is available, it will be provided.

5. Due to the 4:00 p.m. deadline, the PD Committee files this Objection merely out of an abundance of caution; the PD Committee is confident that the Debtors will provide the requested information to them, thus, likely rendering this Objection moot.[1]

---

[1] In the event that the requested information is incomplete or raises further issues, the PD Committee reserves the right to object on additional grounds to those raised in this Objection.

-2-

Case No. 01-01139 (JJF)

WHEREFORE, the PD Committee requests that the Court hear, consider, and sustain this Objection, and for such other relief as the Court may deem just and appropriate.

Dated: Wilmington, Delaware
June 19, 2001

> BILZIN SUMBERG DUNN BAENA
>  PRICE & AXELROD LLP
> Counsel for the Property Damage Committee
> 2500 First Union Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida 33131-2336
> Telephone: (305) 374-7580
>
> Scott L. Baena (Admitted Pro Hac Vice)
>
> -and-
>
> FERRY & JOSEPH, P.A.
> Local Counsel for the Property Damage Committee
> 824 Market Street, Suite 904
> P.O. Box 1351
> Wilmington, Delaware 19899
> Telephone: (302) 575-1555
>
> By: /s/ Michael B. Joseph
>     Michael B. Joseph
>     (Del. Bar No. 392)
>     Theodore J. Tacconelli
>     (Del. Bar No. 2678)

515002

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Limited Objection by Official Committee of Asbestos Property Damage Claimants to Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Wallace King Marraro & Branson PLLC as Special Litigation and Environmental Counsel for the Debtors, was made on June 19, 2001, upon:

## BY HAND-DELIVERY

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE  19801

Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE  19801-1246

Frank J. Perch, Esquire
Office of the Unites States Trustee
844 N. King Street
Wilmington, DE  19801

## BY FACSIMILE AND FIRST-CLASS MAIL

James H.M. Sprayregen, Esquire
James W. Kapp, II, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

Lewis Kruger, Esq.
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, NY  10038

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
Theodore J. Tacconelli, Esq.

2

# HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW

WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND, CALIFORNIA 94612-2006

(510) 451-6732

CLIFTON HILDEBRAND
(1899-1977)
CHARLES C. McLEOD
(1910-1991)

FREDERICK L. NELSON
DAVID B. DRAHEIM
ANTHONY S. PETRU
QUYNH L. NGUYEN

CA (800) 448-7575
U.S. (800) 447-7500

FACSIMILE
(510) 465-7023

June 14, 2001

The Honorable Joseph J. Farnan, Jr.
United States District Judge
824 Market Street
Wilmington, Delaware 19801

In re:  *W.R. Grace, et al.,* Debtors
Case No. 01-01139(JJF)

Dear Judge Farnan,

The undersigned attorney respectfully requests permission from the Court to make a telephonic appearance in the above-entitled matter. A hearing for a Motion to Modify the Preliminary Injunction is on calendar for June 21, 2001, at 4:00 p.m., EST. I represent Gloria Munoz, the plaintiff in a California employment discrimination case, which is a subject of the Debtors' motion. (*Munoz v. Grace & Gonzales*, a California case filed in Alameda County Superior Court, Case No. 810748-2, mentioned on page 13 in Debtors' Memorandum.) I have filed and served a limited objection to Debtors' motion.

My client's narrowly drawn objection will not impact other parties' interests or other issues raised in Debtors' motion and will only require a few minutes of the Court's time. I only seek to delay, by three months, imposition of the injunction relief on the three individually named defendants in my client's case, who are not under bankruptcy protection, in order to file a discovery motion to obtain the results and reports from a defense psychological examination taken of my client.

Making a personal appearance at said motion would be a logistical and personal hardship, as I am located in California, have a busy litigation calendar, and share childcare commitments with my spouse. I would appreciate the court's indulgence in allowing me to appear by telephone.

Yours very truly,
HILDEBRAND, McLEOD & NELSON, INC.

ANTHONY S. PETRU

ASP/smc