**ORIGINAL**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et. al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date:    June 21, 2001 |
| | ) |                4:00 p.m. |
| | ) | Objection Deadline: June 19, 2001 |
| | ) |                4:00 p.m. |

**OBJECTION BY OFFICIAL COMMITTEE OF
ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION OF DEBTORS FOR
THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF EXPERTS**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of W.R. Grace & Co., et al., the above-captioned debtors (the "Debtors"), objects to the Motion of Debtors for the Entry of an Order Authorizing the Retention of Experts (the "Motion"), dated June 4, 2001. The following grounds support this Objection:

**Introduction**

1.  On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated. Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.



possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On April 2, 2001, the Court entered its Order directing the joint administration of the Debtors' chapter 11 cases.

3. On April 12, 2001, the Office of the United States Trustee appointed the PD Committee in these cases consisting of Mr. Marco Barbanti, Princeton University, Pacific Freeholds, Prudential Insurance Company, Anderson Memorial Hospital, the Catholic Archdiocese of New Orleans, and Paul Price.

4. The Committee represents the interests of the property damage claimants in these cases.

5. Also on April 12, 2001, the U.S. Trustee appointed the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") and the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee"; the PD Committee, the PI Committee and the Unsecured Creditors Committee being collectively referred to as the "Committees.")

**The Motion**

6. By the Motion, the Debtors seek authority for the Debtors and the Committees to retain certain Experts (as defined in the Motion) in these bankruptcy cases without the necessity for the submission of retention and fee applications for each Expert on the ground that such Experts purportedly are not "professionals persons" under 11 U.S.C. § 327(e). The PD Committee disagrees.

7. The Motion sets forth specific areas for which the Debtors seek to engage Experts--without application, notice or hearing--to assist the Debtors with asbestos liability

issues and with proceedings concerning the allowance/disallowance, estimation, and liquidation of claims. See Motion at ¶ 9.

8. The Debtors argue that the Experts are not "professional persons" under 11 U.S.C. § 327 because the services they will perform do not meet either the "central role" test or the "degree of autonomy" test, which, as discussed below, are two tests that courts have used in determining whether a party is a "professional person" under 11 U.S.C. § 327(a).

9. The Debtors propose, instead of filing retention and fee applications, that the Debtors and the Committees "be charged with scrutinizing the Experts' work to make sure their work is appropriate and cost-effective." See Motion at ¶ 24. Of course, those functions are ordinarily reserved for the Court.

### Objections

### The Relief Requested Would Allow the Debtors and the Committees Carte Blanche to Hire and Pay Experts

10. The Motion is but yet another ill conceived attempt by the Debtors to treat these chapter 11 proceedings as though a litigation, with minimal regard for traditional bankruptcy processes such as the supervision of the Court or notices to creditors and hearings.

11. While the identification of consultative experts in non-bankruptcy litigation may not be required[2], in bankruptcy, the Court, creditors, and other parties in interest have the right to be fully engaged and informed in the Debtors' reorganization, including the use of property of the estate, the debtor's liabilities and financial condition and the formulation of a plan of reorganization.

12. "A paramount duty of a trustee or debtor in possession of a bankruptcy case is to act on behalf of the bankruptcy estate, that is for the benefit of creditors." Official Comm. Of

---

[2] See Fed. R. Civ. P. 26(b)

Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.), 226 F. 3d 237, 243 (3d Cir. 2000) (citing In re Marvel Entertainment Group., 140 F.3d 463, 474 (3d Cir. 1998) and Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352 (1985)).

13.  By section 327 of the Bankruptcy Code, Congress specifically intended to place responsibility for retention and payment of professionals directly under the jurisdiction of the bankruptcy court and required court approval of the retention of professionals as a condition of the entitlement of such professionals to be compensated from property of the estate. See In re First Fed. Corp., 43 B.R. 388, 389 (Bankr. W.D. Vir. 1984).

14.  Section 327 of the Bankruptcy Code also gives the Court "an opportunity to monitor the case and control costs involved in the reorganization process; provides the creditors and other parties in interest to be appraised of unusual expenditures, particularly those for attorneys and other professionals' fees; and to preserve the available funds to fund a plan of reorganization." In re Peoples Sav. Corp., 114 B.R. 151, 155 (Bankr. N.D. Ill. 1990) (citing In re Nana Daly's Pub, Ltd., 67 B.R. 782, 786 (Bankr. E.D. N.Y. 1986) and In re Yeisley, 64 B.R. 360, 362 (Bankr. S.D. Tex. 1986)).

15.  In a very real sense, the Motion seeks to exclude the Court altogether from the process of retention and payment of Experts and only minimally enable creditors to monitor these activities. While the Motion proposes that each of the Committees include the fees of their Experts in the applications for compensation filed by Committee counsel, it does not propose that the Debtors will do the same or offer any mechanism for objecting on the basis of such minimal information. Indeed, absent any requirement to disclose the nature and extent of services provided by the Experts, there is no conceivable basis for an objection based upon the

value and necessity of the services rendered. While granting the Motion may fulfill the Debtors' litigation objectives, it would disable the Court and parties in interest.

### The Relief Requested Contravenes 11 U.S.C. § 327

16. Section 327(a) of the Bankruptcy Code states that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

17. Thus, it is only by way of example that the Bankruptcy Code defines "professional persons." Delaware courts have therefore, adopted a multi-factor approach for determining whether an individual is a professional person under 11 U.S.C. § 327 which integrates the "central role" test and the "degree of autonomy" test. See In re First Merchants Acceptance Corp., 1997 WL 873551, *2-3 (D. Del. 1997).

18. The Delaware test requires the Court to examine whether the party subject of the inquiry: (1) controls, manages, administers, invests, purchases or sells assets significant to debtor's reorganization; (2) is involved in negotiating the terms of the reorganization plan; (3) performs routine maintenance of the debtor's business operations; (4) is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the estate; (5) is involved in the administration of the debtor's estate and the extent of such involvement; and (6) provides services that involve some degree of special knowledge or skill. In re First Merchants Acceptance Corp., 1997 WL at 873553.

19. These cases are only the latest asbestos bankruptcy cases. Thus, we take instruction from prior asbestos cases which teach us that reorganization in such cases depends

first, upon the valuation (but not necessarily the liquidation) of allowable asbestos claims; next, the establishment of a qualified asbestos trust under section 524 of the Bankruptcy Code with sufficient assets and income to pay allowed asbestos claims; and, finally, the enactment of claims procedures to be employed by the trust governing the allowance or disallowance of asbestos claims.

20.  It affirmatively appears from the Motion that the services to be performed by the Experts to be employed by the Debtors (and presumably the Committees) facilitate each of the foregoing reorganization activities and thus, the Experts are "professional persons" under the test employed in Delaware as set forth in First Merchants Acceptance Corp. The cases cited by the Debtors for the opposite view were principally concerned with the retention of experts in collateral litigation or for purposes not central to the Debtors' reorganization. See In re Sieling Assoc's Ltd. Partnership, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (toxicology consultant retained to have debtor comply with Maryland law); In re Fretheim, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (land surveyor hired to survey property of debtor); In re That's Entertainment Marketing Group, Inc., 168 B.R. 226 (N.D. Cal. 1994) (expert witness hired for collateral litigation); In re Babcock Dairy Co. of Ohio, Inc., 70 B.R. 691 (Bankr. N.D. Ohio) (expert used in non-core adversary proceeding of chapter 7 debtor). In this case, however, the services to be performed by the Experts are no less meaningful to the reorganization of the Debtors than those provided by Court approved counsel. Anecdotally, similar Experts have typically filed retention applications in other asbestos bankruptcies. See In re Eagle-Picher Indus., Inc., 139 B.R. 869 (Bankr. S.D. Ohio 1992).

WHEREFORE, the Committee requests that the Court hear and consider this Objection and thereupon enter an Order sustaining it, and for such other and further relief that the Court deems appropriate.

Dated: June 19, 2001

> Bilzin Sumberg Dunn Baena Price & Axelrod LLP
> Counsel for the Property Damage Committee
> 2500 First Union Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida 33131-2336
> Telephone: (305) 374-7580
>
>> Scott L. Baena (Admitted State of Florida Bar No. 186445; Pro Hac Vice Admission Pending)
>>
>> Mindy A. Mora (Admitted State of Florida Bar No. 678910; Pro Hac Vice Admission Pending)
>
> -and-
>
> Ferry & Joseph, P.A.
> Local Counsel for the Property Damage Committee
> 824 Market Street, Suite 904
> P.O. Box 1351
> Wilmington, Delaware 19899
> Telephone: (302) 575-1555
>
> By: /s/ *signature*
> Michael B. Joseph
> (Del. Bar No. 392)
> Theodore J. Tacconelli
> (Del. Bar No. 2678)

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Objection by Official Committee of Asbestos Property Damage Claimants to Motion of Debtors for the Entry of an Order Authorizing the Retention of Experts, was made on June 19, 2001, upon:

### BY HAND-DELIVERY

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE  19801

Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE  19801-1246

Frank J. Perch, Esquire
Office of the Unites States Trustee
844 N. King Street
Wilmington, DE  19801

### BY FACSIMILE AND FIRST-CLASS MAIL

James H.M. Sprayregen, Esquire
James W. Kapp, II, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Lewis Kruger, Esq.
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, NY  10038

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

Under penalty of perjury, I declare that the foregoing is true and correct.

                                                    Theodore J. Tacconelli, Esq.

2