IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### ORDER MODIFYING THE AUTHORITY OF THE DEBTORS TO MAKE PAYMENTS UNDER CERTAIN WAGE PROGRAMS AS AUTHORIZED BY AN EARLIER ORDER OF THIS COURT

Upon the motion (the "Motion")[2] of the Official Unsecured Creditors' Committee (the "Creditors' Committee") for reconsideration and amendment of the first day order (the "Wage Order") authorizing the Debtors to make certain prepetition employee payments and fund certain trusts; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the motion of the Debtors (the "Wage Motion") seeking entry of an order (a) authorizing, but not requiring, the Debtors to pay certain prepetition (i) wages, salaries, incentive pay, bonus plans and other compensation and amounts withheld from such compensation, (ii) employee medical, pension and similar benefits, (iii) employee severance pay, (iv) workers' compensation benefits, (v) amounts relating to retiree health benefits and (vi) reimbursable employee expenses, (b) authorizing and approving certain key employee retention programs and (c) authorizing applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing, all as more fully set forth in the Motion.

C:\My Documents\WageOrder v 09.wpd

and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, it is hereby:

ORDERED that, except as otherwise expressly provided herein, the Wage Order shall remain in full force and effect; and it is further

ORDERED that, as of the date hereof, the Debtors' authority to pay and otherwise perform their obligations with regard to the Outside Directors' Retirement Plan is hereby rescinded; and it is further

ORDERED that, as of the date hereof, the Debtors are authorized, in their discretion, to pay and otherwise perform their obligations with regard to the Voluntary Supplemental Pension Payments (the "VSPP"); provided, however, that no recipient under the VSPP shall receive more than $1,000 per month; and it is further

ORDERED that, as of the date hereof, the Debtors' authority to fund the two unfunded Rabbi Trusts described in ¶ 34 of the Wage Motion is hereby rescinded; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Creditors' Committee or the Official Committee of Asbestos Personal Injury Claimants to object in the future to (i) the continuation of the retiree medical and life insurance plans, (ii) the extension of the Debtors' Change in Control Severance Program beyond its December 31, 2001, termination date

(¶ 66 of the Wage Motion) and (iii) the payment of contributions to fund the past service (i.e., prepetition) portion of the minimum funding obligations to the Debtors' qualified pension plans for 2001 and subsequent years; and it is further

ORDERED that the Debtors are authorized to take all actions to implement and effectuate the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 22, 2001

The Honorable Joseph J. Farnan, Jr.