**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER AUTHORIZING AND APPROVING
## CERTAIN KEY EMPLOYEE RETENTION PROGRAMS

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order (a) authorizing, but not requiring, the Debtors to pay certain prepetition (i) wages, salaries, incentive pay, bonus plans and other compensation and amounts withheld from such compensation, (ii) employee medical, pension and similar benefits, (iii) employee severance pay, (iv) workers' compensation benefits, (v) amounts relating to retiree health benefits and (vi) reimbursable employee

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

C:\My Documents\WageKERP Order 1st Day Rev v05.wpd

expenses, (b) authorizing and approving certain key employee retention programs and (c) authorizing applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing, all as more fully set forth in the Motion; and due notice of the Motion having been given; and an interim hearing having been held on May 3, 2001, with respect to the Key Employee Retention Programs; and a final hearing having been held, with respect to the Key Employee Retention Programs; and it appearing that the relief requested in the Motion with respect to the Key Employee Retention Programs is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that, other than as expressly provided herein, this Motion is granted with respect to the Key Employee Retention Programs; and it is further

ORDERED that, other than as expressly provided herein, the Debtors are authorized but not directed, in their sole discretion, to (i) continue to honor and perform all of the Key Employee Retention Programs and (ii) modify the Key Employee Retention Programs in the ordinary course of business as the Debtors determine necessary; provided however, that such modifications

shall not (a) increase the benefits received by employees or (b) increase the cost of such Key Employee Retention Programs; and it is further

ORDERED that any payments under the Key Employee Retention Programs to which a Key Employee may be entitled shall be deemed an administrative expense of the Debtors estates under section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized, but not required, in their sole discretion, without further order from this Court, to assume certain executive severance agreements (collectively, the "Severance Agreements") entered into between W. R. Grace & Co. and (i) Paul J. Norris, executed as of November 1, 1998, (ii) David B. Siegel, executed as of December 8, 1997, (iii) William M. Corcoran, executed as of June 1, 1999, (iv) W. Brian McGowan, executed as of December 8, 1997, (v) Robert M. Tarola, executed as of May 11, 1998, (vi) Robert J. Bettacchi, executed as of December 8, 1997, and (vii) Mark Shelnitz, executed as of July 8, 1999; <u>provided, however</u>, that each such Severance Agreement may only be assumed upon execution by the Debtors and the applicable executive of the amendment of each such Severance Agreement to provide as follows (the "Change in Control Provisions"):

    a.    Paragraph 1(b) in each Severance Agreement shall be deleted and the following paragraph 1(b) substituted therefor:

        (b)    "Change in Control of the Company" means and shall be deemed to have occurred if (i) the Company determines that any "person" (as such term is used in Sections 13(d) and

14(d) of the Exchange Act), other than a trustee or other fiduciary holding securities under an employee benefit plan of the Company or a corporation owned, directly or indirectly, by the stockholders of the Company in substantially the same proportions as their ownership of stock of the Company, has become the "beneficial owner" (as defined in Rule 13d-3 under the Exchange Act), directly or indirectly, of 20% or more of the outstanding common stock of the Company (provided, however, that a Change in Control of the Company shall not be deemed to have occurred if such person has become the beneficial owner of 20% or more of the outstanding common stock of the Company as the result of a sale of common stock by the Company that has been approved by the Board of Directors or pursuant to a plan of reorganization which has been confirmed by the U.S. District Court or Bankruptcy Court having jurisdiction of the Company's Chapter 11 case, Case No. 01-01139 (JJF), pursuant to an order of such Court which is final and nonappealable, and becomes effective); (ii) individuals who are Continuing Directors cease to constitute a majority of any class of directors of the Board; (iii) there occurs a reorganization, merger, consolidation or other corporate transaction involving the Company (a "Corporate Transaction"), in each case, with respect to which the stockholders of the Company immediately prior to such Corporate Transaction do not, immediately after the Corporate Transaction, own 50% or more of the combined voting power of the corporation resulting from such Corporate Transaction, provided that this clause (iii) shall not apply to a Corporate Transaction which is pursuant to section 363 of the Bankruptcy Code, or is pursuant to a plan of reorganization which has been confirmed by the U.S. District Court or Bankruptcy Court having jurisdiction of the Company's chapter 11 case, Case No. 01-01139 (JJF), pursuant to an order of such Court which is final and nonappealable, and becomes effective; or (iv) the shareholders of the Company approve a complete liquidation or dissolution of the Company.

b.   Paragraph 1(e) in each Severance Agreement shall be deleted and the following paragraph 1(e) substituted therefor:

  (e) "Continuing Director" means any member of the Board who was such a member on the date hereof, or who becomes a member of the Board pursuant to a plan of reorganization which is confirmed by the U.S. District Court or Bankruptcy Court having jurisdiction of the Company's chapter 11 case, Case No. 01-01139 (JJF), pursuant to an order of such Court which is final and nonappealable, and becomes effective and any successor or successors to any such Continuing Director who is approved as a nominee or elected to succeed a Continuing Director by a majority of Continuing Directors who are then members of the Board.

and it is further

ORDERED that, as of the date hereof, the Debtors are authorized, but not directed to pay, in their sole discretion, amounts under the W. R. Grace & Co. Change in Control Severance Program; provided, however, that the W. R. Grace & Co. Change in Control Severance Program shall be modified to delete sections 2(e) and 2(h), respectively, and substitute the Change in Control Provisions therefor; and it is further

ORDERED that, except as otherwise expressly provided herein and as otherwise expressly provided in (x) the Order Modifying the Authority of the Debtors to Make Payments under Certain Wage Programs as Authorized by an Earlier Order of this Court, entered June 21, 2001, and (y) the order of the Court, entered April 2, 2001, (a) authorizing, but not requiring, the Debtors to pay certain prepetition (i) wages, salaries, incentive pay, bonus plans and other compensation and amounts withheld from such compensation, (ii) employee medical, pension and similar benefits, (iii) employee severance pay, (iv) workers' compensation benefits, (v) amounts relating to retiree health

benefits and (vi) reimbursable employee expenses, (b) authorizing and approving certain key employee retention programs and (c) authorizing applicable banks and other financial institutions to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing, all as more fully set forth in the motion, shall remain in full force and effect; and it is further

ORDERED that the Debtors are authorized to take all actions to implement and effectuate the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 22, 2001.

_____
The Honorable Joseph J. Farnan, Jr.