**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER UNDER 11 U.S.C. § 365(a) AUTHORIZING THE DEBTORS TO ASSUME EXECUTORY CONTRACTS WITH CERTAIN EMPLOYEES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order under section 365(a) of title 11 of the United States Code, authorizing, but not requiring, the Debtors to assume the Employment Agreements with (a) Paul J. Norris (Chairman, President and Chief Executive Officer of Grace); (b) David B. Siegel (Senior Vice President and General Counsel of Grace); (c) Robert M. Tarola (Senior Vice President and Chief Financial Officer of Grace); (d) William M. Corcoran (Vice President,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein have those meanings ascribed to them in the Motion.

C:\My Documents\ExecK Order Revised v10.wpd

Environmental Health & Safety, Communications and Governmental Affairs of Grace); (e) Wayne T. Smith (Vice President and General Manager of Grace Performance Chemicals); (f) Carolyn J. Johnson (Chief Information Officer of Grace); (g) Ann E. MacDonald (Sales and Marketing Manager - Polymers of Grace Performance Chemicals); and (h) Johnny P. Forehand, Jr. (Vice President, Operations of Grace), without further order of this Court; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and no previous motion having been made; and upon consideration of the Motion; and due and proper notice of the Motion having been given; and it appearing that assumption of such Employment Agreements is in the best interests of the Debtors, their estates and creditors, it is hereby:

    ORDERED that the Motion is approved as modified herein; and it is further

    ORDERED that the Debtors are authorized, but not required, in their sole discretion, without further order from this Court, to assume each individual Employment Agreement; and it is further

    ORDERED that the Debtors are authorized to take all actions necessary to effectuate this Order; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _June 22_, 2001

                                                          _____
                                                            The Honorable Joseph J. Farnan, Jr.