**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### ORDER AUTHORIZING THE RETENTION OF EXPERTS

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking the entry of an order authorizing the retention of Experts and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and after due deliberation and cause appearing therefore; it is hereby

FOUND that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157; and it is further

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein have the meaning ascribed to them in Motion.

FOUND that this Court has authority to grant the relief requested in the Motion pursuant to 11 U.S.C. § 105(a) and 327(a); and it is further

FOUND that notice of the Motion is sufficient and appropriate and in accordance with the Bankruptcy Rules, Local Rules, and Orders of this court; and it is further

FOUND that in connection with the litigation of threshold tort liability issues and with proceedings concerning the allowance/disallowance, estimation and liquidation of claims certain areas require the services of Experts. The specific areas identified include, without limitation, the following:

    a.    Medical diagnosis and disease causation, including:

        (1)    Epidemiology;

        (2)    Pathology;

        (3)    Pulmonology and lung function; and

        (4)    Oncology.

    b.    Analysis of exposures, including:

        (1)    Industrial hygiene;

        (2)    Dose estimation and reconstruction.

    c.    State of the Art;

    d.    Analysis, modeling and estimation of current and future asbestos personal-injury claims; and

    e.    Claims facility management and procedure;

and it is further

FOUND that the Experts are not professionals under section 327(a) of the Bankruptcy Code. It is therefore,

ORDERED that Court approval for the retention of Experts is not required as such Experts are not professionals under section 327(a) of the Bankruptcy Code; and it is further

ORDERED that the Debtors and the Committees are authorized to employ and compensate the Experts effective *nunc pro tunc* as the Petition Date and such other Experts as the Debtors or the Committees may need to employ in the future for estimation, claims liquidation or any other area requiring consulting expertise; it is further

ORDERED that the party retaining the Expert shall review the billing statements submitted by the Expert and determine the reasonableness of such billing statements. The party shall pay reasonable fees and expenses incurred by the Expert monthly, or upon such other terms as are customary, and include such fees and expenses with the party's monthly fee applications or otherwise in compliance with that certain Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members dated May 3, 2001; and it is further

ORDERED that the Debtors and the Committees are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware
Dated: June 22, 2001

                                                /s/ Joseph J. Farnan, Jr.
                                          Joseph J. Farnan, Jr.
                                          United States District Judge