IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., et al.[1], | Case No. 01-01139 (JJF) |
| Debtors. | Jointly Administered |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING**

The Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee"), by and through its undersigned counsel, hereby objects (the "Objection") to the Motion of Debtors for Entry of an Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought By or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding (the "Motion"). In support of the Objection, the P.I. Committee respectfully submits:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace G-G, Inc. Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Granola, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-NBA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.) Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Haden-Gulch West Coal Company, H-G Coal Company.

{J:\data\client\wrgrace\TMM1082.DOC}

570

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. On the Petition Date, the Court entered an Order authorizing the joint administration of these cases for procedural purposes. No trustee or examiner has been appointed. The Debtors continue to operate their businesses and manage their properties pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 12, 2001, the United States Trustee appointed the P.I. Committee, the Official Committee of Asbestos Property Damage Claimants (the "P.D. Committee"), and the Official Committee of Unsecured Creditors (the "General Creditors Committee," and collectively with the P.I. Committee and the P.D. Committee, the "Committees").

## JURISDICTION AND VENUE

3. The Court has jurisdiction to hear the Motion and the Objection pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in the Motion are section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 (the "Bankruptcy Rules").

## OBJECTIONS

4. The Debtors allege that unless they are granted the broad relief set forth in the Motion they will suffer a significant and unnecessary financial burden and the Court's docket will be unnecessarily overburdened. The P.I. Committee acknowledges that it would be wasteful to require the Debtors to file individualized motions to settle and compromise each dispute over

the allowance and disallowance of individual small claims against their estates, and that some form of omnibus procedure is appropriate. Nevertheless, the P.I. Committee believes that the procedural remedy selected by the Debtors is infirm and should be modified.

5. In these proceedings, the Debtors anticipate that they will settle an extremely large volume of disputed claims, either held by or against the Debtor's estate, involving amounts in controversy of up to $1 million. It is this anticipation that provides the underlying premise of the Motion. The Debtors, however, have never provided any estimation as to the overall value of the claims they intend to settle under the proposed procedures. Consequently, it is impossible to evaluate the magnitude of the proposal or its effect upon these proceedings. The P.I. Committee respectfully requests that the Court deny the Motion until the Debtors have provided the Court and the Committees with information explaining the scope of claims they intend to settle through this process.

### The Committees Should Have At Least Twenty Days To Object To Noticed Compromises

6. Having eliminated notice to all parties-in-interest other than the Committees, the Debtors have designed procedures through which the Committees are expected to be the sole guardians of the integrity of the settlement process. Bankruptcy Rule 2002 contemplates that absent cause shown a debtor must provide all creditors and indenture trustees at least twenty (20) days notice of any motion seeking court approval to compromise a controversy pursuant to Bankruptcy Rule 9019. FED. R. BANKR. P. 2002(a)(3). Nevertheless, and despite the fact that the Debtors will likely submit a high volume of proposed settlements in each notice, they propose to provide the Committees only fifteen (15) days to review the propriety of such settlements. The combination of aggregating a large volume of controversies to be settled with such a short negative notice period precludes the possibility that there could be any meaningful

review of the Debtors' actions. Consequently, the P.I. Committee submits that the negative notice period afforded the Committees, at a minimum, should be extended to twenty (20) days.

### The Floor Settlement Amount Subject To The Proposed Negative Notice Procedures Should Be Lowered To $10,000

7.      Similarly, there is no basis for precluding any review of compromises where the settled amount does not exceed $100,000. While the settlement of a handful of such claims might not have a material impact upon the administration of this bankruptcy case, there is no limitation as to how many such claims the Debtor might attempt to resolve through the process proposed in the Motion. Bankruptcy Rule 9019 contemplates that a debtor must seek Court approval to compromise and settle disputes of claims by and against such debtor's estate. FED. R. BANKR. P. 9019. After appropriate notice and hearing, however, the Court may authorize a debtor in possession to settle certain controversies without further notice or a hearing. FED. R. BANKR. P. 9019(b). The P.I. Committee submits that in order to maintain the integrity of settlement process the proposed procedures should be modified so that the Debtors must provide the Committees with notice and a period to object to all compromises in excess of $10,000.

{J:\data\client\wrgrace\TMM1082.DOC}

## CONCLUSION

WHEREFORE, the P.I. Committee respectfully requests that the objections contained herein be sustained, that the noted modifications to the relief requested in the Motion be made, and for such other and further relief as is just and equitable.

Dated: June 21, 2001
       Wilmington, Delaware

CAMPBELL & LEVINE, LLC

*/s/ M. G. Z.*

Matthew G. Zaleski, III (No. 3557)
Chase Manhatten Centre, 15th Floor
1201 N. Market Street
Wilmington, Delaware  19801
(302) 426-1900

- and –

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue, 36th Floor
New York, NY  10022
(212) 319-7125

- and –

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

Counsel to the Official Committee of
Asbestos Personal Injury Claimants

{J:\data\client\wrgrace\TMM1082.DOC}

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.* | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**CERTIFICATE OF SERVICE**

I, Matthew G. Zaleski, III, a member of Campbell & Levine, LLC, hereby certify that on June 22, 2001, I caused a copy of the foregoing Objection of the Official Committee of Asbestos Personal Injury Claimants to Motion of Debtors for Entry of an Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding, to be served upon the parties on the attached list by First Class United States Mail, unless otherwise indicated.

Dated: June 22, 2001
Wilmington, Delaware

_____
Matthew G. Zaleski, III

**W.R. Grace Core Group Service List**

**Hand Delivery**
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph
824 Market Street
Wilmington, DE 19899

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**Hand Delivery**
Laura Davis Jones, Esquire
David Carickoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

**Hand Delivery**
Frank J. Perch, Esquire
Office of the United States Trustee
844 N. King Street
Wilmington, DE 19801

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Hand Delivery**
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

**Hand Delivery**
Michael R. Lastowski, Esquire
Duane Morris & Heckshire LLP
1100 North Market Street, Suite 1200
P.O. Box 195
Wilmington, DE 19801

Scott L. Baena, Esquire
Richard M. Dunn, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod
2500 First Union Fin. Center
200 South Biscayne Blvd.
Miami, FL 33131-2336