**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) **Objections due by: 7/12/01 @ 4:00 p.m.** | |
| | ) **Hearing Date: 7/19/01 @ 12:00 p.m.** | |

## NOTICE OF MOTION

TO:   All Parties on the 2002 Service List

The Official Committee of Asbestos Property Damage Claimants has filed the Motion by Official Committee of Asbestos Property Damage Claimants to Amend Administrative Order Under U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members.

You are required to file a response to the attached motion on or before **July 12, 2001, at 4:00 p.m.**

At the same time, you must also serve a copy of the response upon Movant's attorneys:

| | |
|---|---|
| Michael B. Joseph, Esquire | Scott L. Baena, Esquire |
| Theodore J. Tacconelli, Esquire | Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP |
| Ferry & Joseph, P.A. | 2500 First Union Financial Center |
| 824 Market Street, Suite 094 | 200 South Biscayne Boulevard |
| Wilmington, Delaware 19801 | Miami, Florida 33131-2336 |
| (302) 575-1555 | (305) 374-7580 |

HEARING ON THE MOTION WILL BE HELD ON **July 19, 2001, at 12:00 p.m.**

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

FERRY & JOSEPH, P.A.

*[signature]*

Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Local Counsel for the Official Committee
of Asbestos Property Damage Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Counsel for the Official Committee
of Asbestos Property Damage Claimants

Date: June 25, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotMot.wpd

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., et al., | ) ) ) | (Jointly Administered) |
|  | ) | **Objections Due By: 7/12/01 @ 4:00 P.M.** |
| Debtors. | ) ) ) ) | **Hearing Date: 7/19/01 @ 12:00 P.M.** |

## MOTION BY OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO AMEND ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors in possession (the "Debtors") moves to amend Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Order"), dated May 3, 2001, a copy of which is Exhibit A hereto, pursuant to Federal Rule of Civil Procedure 60(b), made applicable to these cases by Federal Rule of Bankruptcy Procedure 9024. The following grounds support this Motion:

### BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code; thereafter, the Court entered an order directing joint administration of the Debtors' estates.

2. On the Petition Date, the Debtors filed various first-day motions, including the Motion of the Debtors Seeking Entry of an Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Motion"), seeking, *inter alia*, to establish a procedure to compensate and reimburse professionals employed, and committee members engaged, in the Debtors' cases. Among other things, the Debtors requested "that each member of any Committee (when and if appointed) be permitted to submit statements of expenses (excluding individual Committee member's counsel expenses). . . ." Motion, p 8. The Motion did not address fees for members' counsel.

3. On April 12, 2001, the United States Trustee formed, among others, the PD Committee. The PD Committee consists of the following creditors: Marco Barbanti, Princeton University, Pacific Freeholds, Paul Price, Prudential Insurance Company, Anderson Memorial Hospital, and the Catholic Archdiocese of New Orleans (collectively, the "Members").

4. On May 3, 2001, the Court entered the Order granting the Motion. The Order, among other things, orders that

> each member of any Committee (when and if appointed) be permitted to submit statements of expenses (including individual Committee Member's counsel expenses **but excluding such counsel's fees**) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Member's requests for reimbursement in accordance with the Compensation Procedures. . . .

Order, p 5 (emphasis added). It was not until the PD Committee focused on the first round of fee applications that it became aware of the bold language tucked away in a parenthetical.

## RELIEF REQUESTED

5. Each Member is represented by highly competent counsel who participate on their client's behalf in all PD Committee activities. With only one exception, such counsel are tort lawyers and, because of the unique nature of this case and the predominance of asbestos-related issues that will literally shape the contours of the Debtors' reorganization, the backgrounds and

experiences of such counsel have been, and will continue to be, instrumental in directing the PD Committee's decisions and activities. The excepted counsel is a distinguished bankruptcy practitioner whose skills and experiences provide yet another substantial resource of which the PD Committee continually avails itself. In this regard, the Members' counsel have actively participated in all PD Committee meetings and activities and have incurred costs and rendered services necessary and beneficial to the PD Committee and their constituency.

6. Respectfully, the PD Committee believes that excluding the Members from seeking payment of their counsels' fees directly related to the activities of the PD Committee, as opposed to representation of a Member's own interests and claims, is inconsistent with applicable Third Circuit law. Accordingly, the PD Committee requests that the Court reconsider[1] that portion of the Order that precludes the Members' counsel from seeking attorneys' fees for work performed in connection service rendered to or for the benefit of the PD Committee.

7. By this Motion, the PD Committee does not seek a determination of the entitlement of Members' counsel to fees for specific services rendered. The PD Committee fully expects that each counsel would be required to comply with the requirements and standards for the allowance and payment of their fees. This Motion merely seeks to enable the Members' counsel to seek payment of their fees that is presently proscribed by the Order.[2]

## BASIS FOR RELIEF

**A.    Applicable Law Authorizes Members to Seek Reimbursement for Attorneys' Fees**

---

[1]    As aforementioned, the Motion did not address the issue of Members' counsel's fees, only their counsel's expenses. Thus, it is not altogether clear whether the relief sought by the PD Committee entails the Court's reconsideration or its original consideration of the matters raised herein.

[2]    The PD Committee would have no objection to the Court extending the relief sought herein to counsel for members of the other official committees appointed in these cases.

8.  The United States Court of Appeals for the Third Circuit recently held in <u>First Merchants Acceptance Corp. v. J.C. Bradford & Co.</u>, 198 F.3d 394 (3rd Cir. 1999), that individual committee members can recover attorneys' fees under 11 U.S.C. §§ 503(b)(3)(F) and (b)(4)[3] if the fees were incurred for work performed in connection with service on the committee and if the court finds that the services and accompanying fees were necessary. Indeed, the Third Circuit specifically noted that they "fail to find an ambiguity in § 503(b)(3)(F) or § 503(b)(4) that would overcome the straightforward reading of the provision as permitting committee members to recover attorney's fees for work performed in connection with that entity's service on the committee." <u>Id</u>. at 399. In so holding, the Third Circuit further stated that such recoveries are limited because the bankruptcy court (i) "retains the power to ensure that only those fees that are demonstrably incurred in the performance of the committee" are reimbursable; and (ii) "must necessarily determine whether the services were necessary." <u>Id</u>. at 403.

9.  Therefore, that portion of the Order that prevents the Members from seeking such reimbursements should be reconsidered[4] because it is at odds with the Third Circuit's clear

---

[3] Section 503(b)(3)(F) of the Bankruptcy Code provides, in pertinent part, that

 (b) After notice and a hearing, there shall be allowed administrative expenses . . . including –
    \*   \*   \*
  (3) the actual, necessary expenses . . . incurred by –
    \*   \*   \*
   (F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee.

11 U.S.C. § 503(b)(3)(F). Section 503(b)(4) of the Bankruptcy Code provides, in pertinent part, that

 (b) After notice and a hearing, there shall be allowed administrative expenses . . . including –
    \*   \*   \*
  (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in the case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant. . . .

11 U.S.C. § 503(b)(4).

[4] See footnote 1, <u>supra</u>.

articulation that counsel for creditors committee members may seek attorneys' fees from a debtor's estate for work performed in connection with service on the Committee.

### B. Federal Rule of Bankruptcy Procedure 9024 Permits the Court to Amend the Order

10. The Court's statutory authority to amend the Order, in addition to whatever authority may exist under 11 U.S.C. § 105, is based upon Federal Rule of Civil Procedure 60(b), made applicable to these cases by Federal Rule of Bankruptcy Procedure 9024.[5] Rule 9024 motions serve a limited function: to correct manifest errors law or fact or to present newly discovered evidence. NL Indus., Inc. v. Commercial Union Insur. Co., 65 F.3d 314, 324 n.8 (3rd Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Linnane v. Goble and Assoc., Inc., No. 99 C 7863, 2000 WL 1847864, at *1 (N.D. Ill. Dec. 15, 2000). The purpose for allowing such relief is "to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." Hoover v. Valley West D.M., 823 F.2d 227, 230 (8th Cir. 1987). Pursuant to Rule 60(b)(1) and (6), a court has the power to correct its own errors and possesses a "grand reservoir of equitable power to do justice in a particular case." In re Woods, 173 F.3d 770, 780 (10th Cir. 1999) (citation omitted). Specifically, under Rule 60(b)(6), relief is appropriate when it would offend justice otherwise. Id. Further, Rule 9024 does not prohibit a bankruptcy judge from reviewing, *sua sponte*, a previous order. Cisneros v. U.S. (In re Cisneros), 994 F.2d 1462, 1466 n.4 (9th Cir. 1993) (citation omitted); see also In re Grossot, 205 B.R. 341, 343 (Bankr. M.D. Fla. 1997) (court had the power to review order *sua sponte* under Rule 9024).

---

[5] Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

11.    In this instance, regardless of whether it was due to mistake, inadvertence, or some other reason, there was a manifest error of law because the inclusion of the language in the Order preventing the Members from seeking payment of their attorneys' fees is inconsistent with the First Merchants case. Accordingly, the Order should be amended to permit the Members' counsel to apply for their attorneys' fees.

WHEREFORE, the PD Committee requests that the Court hear and consider this Motion and thereupon amend the Order to permit the Members' counsel to apply for their attorneys' fees, pursuant to Federal Rule of Civil Procedure 60(b), made applicable to these cases by Federal

Rule of Bankruptcy Procedure 9024, and for such other relief as the Court may deem just and appropriate.

Dated: Wilmington, Delaware
June 25, 2001

        BILZIN SUMBERG DUNN BAENA
        PRICE & AXELROD LLP
        Counsel for the Property Damage Committee
        2500 First Union Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2336
        Telephone: (305) 374-7580

        Scott L. Baena (Fla. Bar. No. 186445)

        -and-

        FERRY & JOSEPH, P.A.
        Local Counsel for the Property Damage Committee
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, Delaware 19899
        Telephone: (302) 575-1555

        By: _____
           Michael B. Joseph
           (Del. Bar No. 392)
           Theodore J. Tacconelli
           (Del. Bar No. 2678)
           Rick S. Miller
           (Del. Bar No. 3418)

514241

05/03/0

DUPLICATE
ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an administrative order establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members; and it appearing that the relief requested is in the best interests of the Debtors' estates,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

their creditors and other parties in interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and cause appearing therefor; and the Court having determined that the legal and factual bases set forth in the Motion have established just cause for the relief requested herein; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in orders of the court authorizing the retention of specific professionals, all Professionals in the Chapter 11 Cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

    a.    On or about the 28th day of each month (the "Fee Filing Date") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation shall file with the Court a monthly application (each a "Fee Application") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period and serve the Fee Application upon:

        (1)    the Debtors, 7500 Grace Drive, Columbia, MD 21044, Attn: David B. Siegel, Senior Vice President and General Counsel;

        (2)    co-counsel for the Debtors: (A) Kirkland & Ellis, 200 East Randolph Drive, Chicago, IL 60601, Attn: James H.M. Sprayregen, Esq., and James W. Kapp III, Esq., and (B) Pachulski, Stang, Ziehl & Jones, P.C., 919 North Market Street, 16th Floor, P.O. Box 8705, Wilmington DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq.;

 (3) counsel to the proposed debtor-in-possession lender;

 (4) Counsel to any Committee (when and if appointed by the United States Trustee); and

 (5) the Office of the United States Trustee, 601 Walnut Street, Room 950W, Philadelphia, PA 19106 (collectively, the "Notice Parties").

b. All Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable Third Circuit law and the Delaware Local Bankruptcy Rules.

c. Each Notice Party will have twenty (20) days after service of a Fee Application to review the Fee Application and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, if no objections have been filed, the Debtors are authorized and required to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of:

 (1) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Fee Application (the "Maximum Interim Payment") or

 (2) eighty percent (80%) of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (d) below.

d. If any Notice Party objects to the Fee Application of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection, setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within 20 days after the service of the Objection, the Affected Professional may either:

 (1) file the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or

3

(2) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

e. Beginning with the period ending on June 30, 2001, and at three-month intervals or at such other intervals that may be convenient to the Court (each, an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties within 30 days of the end of such Interim Fee Period a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Fee Applications filed during such Interim Fee Period. The Interim Fee Application Request must include a summary of the Fee Applications that are the subject of the request plus any other information requested by the Court or required by the local rules. Any Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Professional submits a further Interim Fee Application Request.

f. The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Application Requests at least once every six months. The Debtors, however, may request a hearing be held every three months or at such other intervals as the Court deems appropriate.

g. The pendency of an Objection to a Fee Application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures; and it is further

ORDERED that neither (1) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (2) the filing of or the failure to file an Objection will bind any party in interest or bind the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals; and it is further

ORDERED that all fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court; and it is further

ORDERED that each member of any Committee (when and if appointed) be permitted to submit statements of expenses (including individual Committee Member's counsel expenses but excluding such counsel's fees) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Members' requests for reimbursement in accordance with the Compensation Procedures; and it is further

ORDERED that notice of the Applications shall be sent only to the Notice Parties; and it is further

ORDERED that any Hearing Notices shall be sent to: (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases; and it is further

ORDERED that the Debtors shall include in their monthly operating reports all payments to Professionals in accordance with the Compensation Procedures detailed so as to state the amount paid to each of the Professionals; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: ____May 3____, 2001.

                                                              The Honorable Joseph J. Farnan, Jr.
United States District Judge