IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

**FILED ORIGINAL**

2001 JUN 25 PM 3: 47

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |

## AFFIDAVIT OF MEREDITH S. JONES, SECRETARY

STATE OF DELAWARE

                SS:

NEW CASTLE COUNTY

    I, MEREDITH S. JONES, certify that I am, and at all times during the service of process have been, an employee of the firm of Ferry & Joseph, P.A., that I am not less than 18 years of age, and that I am not a party to the matter concerning which service of process was made. I certify further that service of the attached Motion by Official Committee of Asbestos Property Damage to Amend Administrative Order Under U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, was made on the parties on the attached 2002 Service List, by First-Class Mail or Hand-Delivery, on June 25, 2001.

MEREDITH S. JONES, Secretary

SWORN TO AND SUBSCRIBED before me this 25th day of June, 2001.

NOTARY PUBLIC

TAMMY A. CORRIGAN
NOTARY PUBLIC-DELAWARE
My Commission Expires May 30, 2003

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\AffServMotJune25.wpd

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) | **Objections due by: 7/12/01 @ 4:00 p.m.** |
| | ) | **Hearing Date: 7/19/01 @ 12:00 p.m.** |

## NOTICE OF MOTION

TO:    All Parties on the 2002 Service List

    The Official Committee of Asbestos Property Damage Claimants has filed the Motion by Official Committee of Asbestos Property Damage Claimants to Amend Administrative Order Under U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members.

    You are required to file a response to the attached motion on or before **July 12, 2001, at 4:00 p.m.**

    At the same time, you must also serve a copy of the response upon Movant's attorneys:

| | |
|---|---|
| Michael B. Joseph, Esquire | Scott L. Baena, Esquire |
| Theodore J. Tacconelli, Esquire | Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP |
| Ferry & Joseph, P.A. | 2500 First Union Financial Center |
| 824 Market Street, Suite 094 | 200 South Biscayne Boulevard |
| Wilmington, Delaware 19801 | Miami, Florida 33131-2336 |
| (302) 575-1555 | (305) 374-7580 |

    HEARING ON THE MOTION WILL BE HELD ON **July 19, 2001, at 12:00 p.m.**

    IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

FERRY & JOSEPH, P.A.

Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Local Counsel for the Official Committee
of Asbestos Property Damage Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Counsel for the Official Committee
of Asbestos Property Damage Claimants

Date: June 25, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotMot.wpd

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., et al., | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) ) ) | **Objections Due By: 7/12/01 @ 4:00 P.M.**<br>**Hearing Date: 7/19/01 @ 12:00 P.M.** |

**MOTION BY OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE
CLAIMANTS TO AMEND ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a)
AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS
AND OFFICIAL COMMITTEE MEMBERS**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee")
of the above-captioned debtors and debtors in possession (the "Debtors") moves to amend
Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim
Compensation and Reimbursement of Expenses for Professionals and Official Committee
Members (the "Order"), dated May 3, 2001, a copy of which is Exhibit A hereto, pursuant to
Federal Rule of Civil Procedure 60(b), made applicable to these cases by Federal Rule of
Bankruptcy Procedure 9024.  The following grounds support this Motion:

## BACKGROUND

1.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for
relief under chapter 11 of the United States Bankruptcy Code; thereafter, the Court entered an
order directing joint administration of the Debtors' estates.

2.      On the Petition Date, the Debtors filed various first-day motions, including the
Motion of the Debtors Seeking Entry of an Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Motion"), seeking, inter alia, to establish a procedure to compensate and reimburse professionals employed, and committee members engaged, in the Debtors' cases. Among other things, the Debtors requested "that each member of any Committee (when and if appointed) be permitted to submit statements of expenses (excluding individual Committee member's counsel expenses). . . ." Motion, p 8. The Motion did not address fees for members' counsel.

3.    On April 12, 2001, the United States Trustee formed, among others, the PD Committee. The PD Committee consists of the following creditors: Marco Barbanti, Princeton University, Pacific Freeholds, Paul Price, Prudential Insurance Company, Anderson Memorial Hospital, and the Catholic Archdiocese of New Orleans (collectively, the "Members").

4.    On May 3, 2001, the Court entered the Order granting the Motion. The Order, among other things, orders that

> each member of any Committee (when and if appointed) be permitted to submit statements of expenses (including individual Committee Member's counsel expenses **but excluding such counsel's fees**) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Member's requests for reimbursement in accordance with the Compensation Procedures. . . .

Order, p 5 (emphasis added). It was not until the PD Committee focused on the first round of fee applications that it became aware of the bold language tucked away in a parenthetical.

### RELIEF REQUESTED

5.    Each Member is represented by highly competent counsel who participate on their client's behalf in all PD Committee activities. With only one exception, such counsel are tort lawyers and, because of the unique nature of this case and the predominance of asbestos-related issues that will literally shape the contours of the Debtors' reorganization, the backgrounds and

experiences of such counsel have been, and will continue to be, instrumental in directing the PD Committee's decisions and activities. The excepted counsel is a distinguished bankruptcy practitioner whose skills and experiences provide yet another substantial resource of which the PD Committee continually avails itself. In this regard, the Members' counsel have actively participated in all PD Committee meetings and activities and have incurred costs and rendered services necessary and beneficial to the PD Committee and their constituency.

6. Respectfully, the PD Committee believes that excluding the Members from seeking payment of their counsels' fees directly related to the activities of the PD Committee, as opposed to representation of a Member's own interests and claims, is inconsistent with applicable Third Circuit law. Accordingly, the PD Committee requests that the Court reconsider[1] that portion of the Order that precludes the Members' counsel from seeking attorneys' fees for work performed in connection service rendered to or for the benefit of the PD Committee.

7. By this Motion, the PD Committee does not seek a determination of the entitlement of Members' counsel to fees for specific services rendered. The PD Committee fully expects that each counsel would be required to comply with the requirements and standards for the allowance and payment of their fees. This Motion merely seeks to enable the Members' counsel to seek payment of their fees that is presently proscribed by the Order.[2]

## BASIS FOR RELIEF

A. **Applicable Law Authorizes Members to Seek Reimbursement for Attorneys' Fees**

---

[1] As aforementioned, the Motion did not address the issue of Members' counsel's fees, only their counsel's expenses. Thus, it is not altogether clear whether the relief sought by the PD Committee entails the Court's reconsideration or its original consideration of the matters raised herein.

[2] The PD Committee would have no objection to the Court extending the relief sought herein to counsel for members of the other official committees appointed in these cases.

8.     The United States Court of Appeals for the Third Circuit recently held in <u>First Merchants Acceptance Corp. v. J.C. Bradford & Co.</u>, 198 F.3d 394 (3rd Cir. 1999), that individual committee members can recover attorneys' fees under 11 U.S.C. §§ 503(b)(3)(F) and (b)(4)[3] if the fees were incurred for work performed in connection with service on the committee and if the court finds that the services and accompanying fees were necessary.  Indeed, the Third Circuit specifically noted that they "fail to find an ambiguity in § 503(b)(3)(F) or § 503(b)(4) that would overcome the straightforward reading of the provision as permitting committee members to recover attorney's fees for work performed in connection with that entity's service on the committee."  <u>Id</u>. at 399.  In so holding, the Third Circuit further stated that such recoveries are limited because the bankruptcy court (i) "retains the power to ensure that only those fees that are demonstrably incurred in the performance of the committee" are reimbursable; and (ii) "must necessarily determine whether the services were necessary."  <u>Id</u>. at 403.

9.     Therefore, that portion of the Order that prevents the Members from seeking such reimbursements should be reconsidered[4] because it is at odds with the Third Circuit's clear

---

[3]     Section 503(b)(3)(F) of the Bankruptcy Code provides, in pertinent part, that

    (b)     After notice and a hearing, there shall be allowed administrative expenses . . . including –

            *      *      *

        (3)     the actual, necessary expenses . . . incurred by –

                    *      *      *

            (F)     a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee.

11 U.S.C. § 503(b)(3)(F).  Section 503(b)(4) of the Bankruptcy Code provides, in pertinent part, that

    (b)     After notice and a hearing, there shall be allowed administrative expenses . . . including –

             *      *      *

        (4)     reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in the case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant. . . .

11 U.S.C. § 503(b)(4).

[4]     See footnote 1, <u>supra</u>.

articulation that counsel for creditors committee members may seek attorneys' fees from a debtor's estate for work performed in connection with service on the Committee.

**B.    Federal Rule of Bankruptcy Procedure 9024 Permits the Court to Amend the Order**

10.    The Court's statutory authority to amend the Order, in addition to whatever authority may exist under 11 U.S.C. § 105, is based upon Federal Rule of Civil Procedure 60(b), made applicable to these cases by Federal Rule of Bankruptcy Procedure 9024.[5]  Rule 9024 motions serve a limited function: to correct manifest errors law or fact or to present newly discovered evidence. NL Indus., Inc. v. Commercial Union Insur. Co., 65 F.3d 314, 324 n.8 (3rd Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Linnane v. Goble and Assoc., Inc., No. 99 C 7863, 2000 WL 1847864, at *1 (N.D. Ill. Dec. 15, 2000).  The purpose for allowing such relief is "to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." Hoover v. Valley West D.M., 823 F.2d 227, 230 (8th Cir. 1987).  Pursuant to Rule 60(b)(1) and (6), a court has the power to correct its own errors and possesses a "grand reservoir of equitable power to do justice in a particular case." In re Woods, 173 F.3d 770, 780 (10th Cir. 1999) (citation omitted).  Specifically, under Rule 60(b)(6), relief is appropriate when it would offend justice otherwise. Id.  Further, Rule 9024 does not prohibit a bankruptcy judge from reviewing, *sua sponte*, a previous order. Cisneros v. U.S. (In re Cisneros), 994 F.2d 1462, 1466 n.4 (9th Cir. 1993) (citation omitted); see also In re Grossot, 205 B.R. 341, 343 (Bankr. M.D. Fla. 1997) (court had the power to review order *sua sponte* under Rule 9024).

---

[5]    Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

11.    In this instance, regardless of whether it was due to mistake, inadvertence, or some other reason, there was a manifest error of law because the inclusion of the language in the Order preventing the Members from seeking payment of their attorneys' fees is inconsistent with the First Merchants case.  Accordingly, the Order should be amended to permit the Members' counsel to apply for their attorneys' fees.

WHEREFORE, the PD Committee requests that the Court hear and consider this Motion and thereupon amend the Order to permit the Members' counsel to apply for their attorneys' fees, pursuant to Federal Rule of Civil Procedure 60(b), made applicable to these cases by Federal

Rule of Bankruptcy Procedure 9024, and for such other relief as the Court may deem just and appropriate.

Dated: Wilmington, Delaware
June 25, 2001

BILZIN SUMBERG DUNN BAENA
  PRICE & AXELROD LLP
Counsel for the Property Damage Committee
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Fla. Bar. No. 186445)

-and-

FERRY & JOSEPH, P.A.
Local Counsel for the Property Damage Committee
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By: _____
    Michael B. Joseph
    (Del. Bar No. 392)
    Theodore J. Tacconelli
    (Del. Bar No. 2678)
    Rick S. Miller
    (Del. Bar No. 3418)

514241

# EXHIBIT "A"

05/03 C.

DUPLICATE
ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (the "Debtors") seeking entry of an administrative order establishing procedures for

interim compensation and reimbursement of expenses for professionals and official committee

members; and it appearing that the relief requested is in the best interests of the Debtors' estates,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

their creditors and other parties in interest; and it appearing that this proceeding is a core

proceeding pursuant to 28 U.S.C. § 157; and it appearing that this Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and cause appearing

therefor; and the Court having determined that the legal and factual bases set forth in the Motion

have established just cause for the relief requested herein; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in orders of the court

authorizing the retention of specific professionals, all Professionals in the Chapter 11 Cases may

seek interim payment of compensation and reimbursement of expenses in accordance with the

following procedures (the "Compensation Procedures"):.

    a.    On or about the 28th day of each month (the "Fee Filing Date") following
the month for which compensation is sought (the "Compensation Period"),
each Professional seeking interim compensation shall file with the Court a
monthly application (each a "Fee Application") pursuant to section 331 of
the Bankruptcy Code for interim approval and allowance of compensation
for services rendered and reimbursement of expenses incurred during the
Compensation Period and serve the Fee Application upon:

    (1)    the Debtors, 7500 Grace Drive, Columbia, MD 21044, Attn:
David B. Siegel, Senior Vice President and General Counsel;

    (2)    co-counsel for the Debtors: (A) Kirkland & Ellis, 200 East
Randolph Drive, Chicago, IL 60601, Attn: James H.M. Sprayregen,
Esq., and James W. Kapp III, Esq., and (B) Pachulski, Stang, Ziehl
& Jones, P.C., 919 North Market Street, 16th Floor, P.O. Box 8705,
Wilmington DE 19899-8705 (Courier 19801), Attn: Laura Davis
Jones, Esq.;

2

(3)    counsel to the proposed debtor-in-possession lender;

(4)    Counsel to any Committee (when and if appointed by the United States Trustee); and

(5)    the Office of the United States Trustee, 601 Walnut Street, Room 950W, Philadelphia, PA 19106 (collectively, the "Notice Parties").

b.    All Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable Third Circuit law and the Delaware Local Bankruptcy Rules.

c.    Each Notice Party will have twenty (20) days after service of a Fee Application to review the Fee Application and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, if no objections have been filed, the Debtors are authorized and required to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of:

(1)    eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Fee Application (the "Maximum Interim Payment") or

(2)    eighty percent (80%) of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (d) below.

d.    If any Notice Party objects to the Fee Application of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection, setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within 20 days after the service of the Objection, the Affected Professional may either:

(1)    file the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or

3

(2)     forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

e.      Beginning with the period ending on June 30, 2001, and at three-month intervals or at such other intervals that may be convenient to the Court (each, an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties within 30 days of the end of such Interim Fee Period a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Fee Applications filed during such Interim Fee Period. The Interim Fee Application Request must include a summary of the Fee Applications that are the subject of the request plus any other information requested by the Court or required by the local rules. Any Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Professional submits a further Interim Fee Application Request.

f.      The Debtors shall request that the Court schedule a hearing on the pending Interim Fee Application Requests at least once every six months. The Debtors, however, may request a hearing be held every three months or at such other intervals as the Court deems appropriate.

g.      The pendency of an Objection to a Fee Application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures; and it is further

ORDERED that neither (1) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (2) the filing of or the failure to file an Objection will bind any party in interest or bind the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals; and it is further

4

ORDERED that all fees and expenses paid to Professionals under the

Compensation Procedures are subject to disgorgement until final allowance by the Court; and it

is further

ORDERED that each member of any Committee (when and if appointed) be

permitted to submit statements of expenses (including individual Committee Member's counsel

expenses but excluding such counsel's fees) and supporting vouchers to counsel to any such

Committee, which shall collect and submit the Committee Members' requests for reimbursement

in accordance with the Compensation Procedures; and it is further

ORDERED that notice of the Applications shall be sent only to the Notice Parties;

and it is further

ORDERED that any Hearing Notices shall be sent to: (a) the Notice Parties and

(b) all parties that have filed a notice of appearance with the Clerk of this Court and requested

notice of pleadings in these Chapter 11 Cases; and it is further

ORDERED that the Debtors shall include in their monthly operating reports all

payments to Professionals in accordance with the Compensation Procedures detailed so as to

state the amount paid to each of the Professionals; and it is further

5

ORDERED, that this Court shall retain jurisdiction to hear and determine all

matters arising from or relating to the implementation of this Order.

Dated: _____May 3_____, 2001.

The Honorable Joseph J. Farnan, Jr.
United States District Judge

6

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 13, 2001
15 – Hand Delivery
07 – Federal Express
111 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE  19801

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

*Hand Delivery*
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

*Hand Delivery*
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE 19801

*Hand Delivery*
Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

*Federal Express*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*Federal Express*
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Federal Express*
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

*Federal Express*
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

~~Federal Express~~
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

~~Federal Express~~
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

~~Federal Express~~
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

*First Class Mail*
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE  19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT  59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY  10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY 10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

**First Class Mail**
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

**First Class Mail**
Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

**First Class Mail**
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

**First Class Mail**
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX 75204

**First Class Mail**
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

**First Class Mail**
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

**First Class Mail**
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

**First Class Mail**
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

**First Class Mail**
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

**First Class Mail**
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

**First Class Mail**
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer, Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

**First Class Mail**
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

**First Class Mail**
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX 78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

*First Class Mail*
Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

**First Class Mail**
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

**First Class Mail**
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

**First Class Mail**
(Counsel for Public Service Electric and Gas Company)
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

**First Class Mail**
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

**First Class Mail**
(Tennessee Department of Environment and Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

**First Class Mail**
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

***First Class Mail***
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

***First Class Mail***
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

***First Class Mail***
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

***First Class Mail***
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

***First Class Mail***
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

***First Class Mail***
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

***First Class Mail***
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*duplicative*

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New York
100 Church Street, Room 6-127
New York, New York  10007

*First Class Mail*

Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona 85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee 38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee 38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C. 20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA 02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina 28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442

**First Class Mail**
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

**First Class Mail**
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

**First Class Mail**
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

**First Class Mail**
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

**First Class Mail**
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

**First Class Mail**
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034

*First Class Mail*
Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

*First Class Mail*
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

*First Class Mail*
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, New York  10022

*First Class Mail*
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, Missouri  63366

*First Class Mail*
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

*First Class Mail*
Shelley Bethea Gillette & Clark
3850 E. Baseline Road, Suite 125
Mesa, Arizona  85206

*First Class Mail*
David Aelvoet, Esquire
Linebargerheard Goggan Blair
Graham Pena & Sampson LLP
1000 Tower Life Building
San Antonio, TX  78205

**First Class Mail**
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst. County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

**First Class Mail**
David Balsley, Jr.
535 Smithfield Street, Suite 619
Pittsburg, PA  15222-2302

**First Class Mail**
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730
(Attorney for Toyota Motor Credit)

**First Class Mail**
James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY  10178
(Counsel for Delco Development Company)

**First Class Mail**
Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI  48674
(Counsel for Dow Chemical Company,
Hampshire Chemical Corporation and Union
Carbide Corporation)

**First Class Mail**
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey  08002

**First Class Mail**
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, New York 10017-4014
(Attorneys for General Electric Capital Corporation)

**First Class Mail**
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, Florida 32412-0950

**First Class Mail**
Michael B. Willey, Esquire
Legal Services, 27th Floor
312 8th Avenue North
Nashville, Tennessee 37243
(Counsel for Commissioner of Revenue)

**First Class Mail**
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020-1182