ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: July 13, 2001 at 4:00 p.m.
Hearing Date: July 19, 2001 at 12:00 p.m.

**NOTICE OF MOTION OF THE DEBTORS FOR ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR THE
SALE OR ABANDONMENT OF DE MINIMIS ASSETS**

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On June 26, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the **Motion of the Debtors for Entry of an Order**

**Establishing Procedures for the Sale or Abandonment of De Minimis Assets** (the "Motion")

with the United States Bankruptcy Court for the District of Delaware, 824 Market Street,

Wilmington, Delaware  19801 (the "Bankruptcy Court").  A true and correct copy of the Motion

is attached hereto.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Objections and other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on July 13, 2001.

Objections or other responses to the Motion, if any, must also be served so that they are received not later than July 13, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947); and (v) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-

6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

91100-001\DOCS_DE:24789.1

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL

BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES

DISTRICT JUDGE, ON JULY 19, 2001 AT 12:00 P.M. EASTERN TIME AT THE UNITED

STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING STREET,

WILMINGTON, DELAWARE  19801.


Dated: June 26, 2001                 KIRKLAND & ELLIS
                                     James H.M. Sprayregen
                                     James W. Kapp III
                                     Samuel A. Schwartz
                                     Roger J. Higgins
                                     200 East Randolph Drive
                                     Chicago, Illinois 60601
                                     (312) 861-2000

                                             and

                                     PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


                                     Laura Davis Jones (Bar No. 2436)
                                     Hamid R. Rafatjoo (CA Bar No. 181564)
                                     David W. Carickhoff, Jr. (Bar No. 3715)
                                     919 North Market Street, 16th Floor
                                     P.O. Box 8705
                                     Wilmington, DE 19899-8705 (Courier 19801)
                                     Telephone: (302) 652-4100
                                     Facsimile:  (302) 652-4400

                                     Co-Counsel for the Debtors and
                                     Debtors in Possession

91100-001\DOCS_DE:24789.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

Objection Deadline: July 13, 2001 at 4:00 p.m.
Hearing Date: July 19, 2001 at 12:00 p.m.

## MOTION OF THE DEBTORS FOR ENTRY OF
## AN ORDER ESTABLISHING PROCEDURES FOR THE SALE OR
## ABANDONMENT OF DE MINIMIS ASSETS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby move the Court (the "Motion") for entry of an order establishing procedures authorizing the

Debtors to sell or abandon assets with a de minimis value to their estates.  In support of this Motion,

the Debtors respectfully state as follows:

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace F AR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 363(b), 554(a) and 1108 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

4.      The Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland.  The Debtors predominately operate through two business units - Davison Chemicals and Performance Chemicals.  The Debtors' parent company, W. R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary W. R. Grace & Co. - Conn. ("Grace-Conn").  Grace-Conn owns substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are debtors and debtors in possession in the Chapter 11 Cases.

5.      The Chapter 11 Cases have been consolidated for administrative purposes only and pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2

6.     On April 12, 2001, the office of the United States Trustee appointed three official committees in the Chapter 11 Cases as follows: (i) the committee of unsecured creditors (the "Creditors' Committee"); (ii) the committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee"); (iii) the committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"); and (iv) on June 18, 2001, the office of the United States Trustee appointed the committee of equity security holders (the "Equity Committee") (the Creditors' Committee, the Asbestos Personal Injury Committee, the Asbestos Property Damage Committee and the Equity Committee shall collectively be referred to as the "Committees").

## Relief Requested

7.     Prior to the Petition Date, the Debtors routinely and in the ordinary course of business sold or, when necessary, abandoned assets that did not relate to the operation of their business units, that were underperforming or that had little or no value to their business operations. Moreover, as the Debtors continue to reorganize and identify their non-performing or under-performing assets that are not a part of the Debtors' strategic plan, the amount of assets the Debtors will need to sell or abandon may increase during the pendency of the Chapter 11 Cases. Out of an abundance of caution, however, the Debtors are seeking Court authority under sections 363(b) and 554(a) of the Bankruptcy Code to continue to sell or abandon these assets pursuant to the procedures described herein.

8.     Accordingly, in an effort to minimize expenses and to maximize the value of the Debtors' estates, the Debtors, by this Motion, seek the Court's authority to implement a global procedure to: (a) effectuate sales (each, a "Sale," and collectively, "Sales") of assets with a fair

3

market value of no more than $5,000,000 (the "Maximum De Minimis Value") that, in the Debtors'

business judgment, are no longer necessary to the continued operation of their businesses (each such

asset, a "De Minimis Asset," and collectively, the "De Minimis Assets") and (b) abandon the De

Minimis Assets (each, an "Abandonment," and collectively, the "Abandonments,") to the extent that

a sale thereof cannot be consummated and abandonment would be in the Debtors' best interests.

9.      In each Sale, the Debtors will sell all De Minimis Assets free and clear of all

liens, claims, interests and encumbrances (collectively, the "Liens"), if any, without further order of

the Court and with all valid Liens transferring and attaching to the net proceeds of the Sale(s) (the

"Net Proceeds").

10.     For purposes of determining whether the Sale Procedures (as described below)

apply to a proposed Sale, the Debtors propose that the De Minimis Value of the subject De Minimis

Asset(s) shall be the dollar amount of the Original Offer (as defined herein) for each such asset(s).

## Sale Procedures

11.     The Debtors propose the following procedures (the "Sale Procedures") for

each Sale of a De Minimis Asset:

      a.      The Debtors will notify (the "Notice") the following parties of a
proposed Sale once the Debtors have secured a buyer for one or more of the
De Minimis Assets held by the Debtors that offers an amount in excess of
$1,000,000 (the "Floor Value") but less than or equal to the Maximum
De Minimis Value (the "Original Offer"):

            i.      the United States Trustee;

            ii.     counsel to the DIP Lender;

            iii.    counsel to The Chase Manhattan Bank, as agent for the
Debtors' prepetition lenders;

4

    iv.    counsel to the Committees; and

    v.    any creditor(s) known by the Debtors to be asserting a Lien on any of the De Minimis Asset(s) to be sold (collectively, the "Sale Notice Parties").

b.    The Debtors shall be authorized to proceed with a Sale of De Minimis Assets for consideration less than or equal to the Floor Value without providing any notice to interested parties and without the need to seek further approval of the Court;

c.    Any Notice of a proposed Sale shall set forth in reasonable detail a description of the De Minimis Asset(s) to be sold, the marketing efforts undertaken to sell the De Minimis Asset(s), the proposed sale price of each such De Minimis Asset and the basis for the Debtors' conclusion that the proposed Sale is in the best interests of their estates;

d.    Any Original Offer for the Sale of De Minimis Asset(s) shall be subject to a bid (the "Alternative Offer") pursuant to section 363(k) of the Bankruptcy Code by those prepetition secured creditors of the Debtors, if any, asserting a Lien on the De Minimis Asset(s) being sold (the "Alternative Bidders"). Any such Alternative Offer must be received by the Debtors' counsel and the Sale Notice Parties (i) within forty-eight (48) hours after transmittal of the Notice by facsimile by the Debtors to the Sale Notice Parties or (ii) within five (5) days after mailing of the Notice by the Debtors to the Sale Notice Parties; provided, however, that any such Alternative Offer must exceed the dollar amount of the Original Offer and must contain terms that are otherwise equivalent or superior to the terms of the Original Offer, including, but not limited to, the proposed date of closing, shipment or delivery;

e.    A Sale Notice Party may object to an Original Offer or an Alternative Offer, as the case may be, by making such objection in writing and serving the same on the other Sale Notice Parties and on the Debtors' counsel, addressed as follows:

5

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Pachulski, Stang, Ziehl, Young & Jones PC
Laura Davis Jones
David W. Carickhoff, Jr.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

within ten (10) business days of the transmittal of the Notice of such Original Offer or Alternative Offer, as the case may be;

f.      If, with respect to each proposed Sale, none of the Sale Notice Parties object to the Original Offer in accordance with the Sale Procedures set forth herein and if no Alternative Offer(s) are received by the Debtors in accordance with the Sale Procedures, then the Debtors shall be authorized to proceed with such Sale without the need to seek further approval of the Court;

g.      If the Debtors receive any Alternative Offer(s) and, in their sole discretion, determine that any such Alternative Offer is superior to the Original Offer and if no Sale Notice Party objects to such Alternative Offer in accordance with the Sale Procedures set forth herein, the Debtors (regardless of whether any Sale Notice Party has objected to the Original Offer) shall be authorized to proceed with the Sale with the Alternative Bidder without further order of the Court.  In the alternative, if the Debtors, in their sole discretion, determine that the Original Offer is superior to any Alternative Offer(s) and no Sale Notice Party has objected to such Original Offer in accordance with the Sale Procedures, the Debtors shall proceed with the Sale to the Original Bidder without further order of the Court;

h.      If any of the Sale Notice Parties object to any Original Offer within ten (10) business days of the Debtors' transmittal of the Notice of such proposed Sale and the Debtors, in their sole discretion, still desire to conduct such proposed Sale with the Original Bidder, or if any of the Sale Notice Parties objects to any Alternative Offer(s) within ten (10) business days of the Alternative Bidder's transmittal of the Alternative Offer and the Debtors, in their sole discretion, still desire to conduct such proposed Sale with such Alternative Bidder, the Sale of the De Minimis Asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing; and

i.      Any proposed sale of assets for consideration exceeding the Maximum De Minimis Value will be authorized only upon a separate order

6

of this Court after notice pursuant to Fed. R. Bankr. P. 2002(a)(2) and after an opportunity for a hearing.

### **Abandonment Procedures**

12.     The Debtors propose the following procedures for the abandonment of assets

(the "Abandonment Procedures"):

a.      The Debtors will send Notice to the Sale Notice Parties of each proposed Abandonment once the Debtors have decided to abandon any De Minimis Asset;

b.      Any Notice will set forth in reasonable detail a description of the asset(s) to be abandoned, the marketing efforts undertaken to sell the asset(s) and the basis for the Debtors' conclusion that abandonment of such asset(s) is in the best interests of the estate;

c.      If none of the Sale Notice Parties objects to the Notice within ten (10) business days of the Debtors' transmittal of the Notice of such abandonment, the Debtors are authorized to proceed with the abandonment without further order of this Court; and

d.      If any of the Sale Notice Parties object to the Notice in accordance with the Sale Procedures set forth herein within ten (10) business days of the Debtors' transmittal of the Notice of any such abandonment, the proposed abandonment of such asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing.

## Basis For Relief of the Sale Procedures

13.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Whether a sale of assets pursuant to section 363(b) of the Bankruptcy Code should be approved in a particular case is a matter addressed to the Court's discretion, giving due consideration to the sound business judgment of the proponent of the sale.  See Stephens Industries, Inc. v. McClung, 789 F.2d 386 (6th Cir. 1986); In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Delaware & Hudson Rv. Co., 124 B.R. 169 (D. Del. 1991).

14.     The Debtors anticipate that they currently possess (or may come into possession of) certain De Minimis Assets that the Debtors may desire to sell during the course of the Chapter 11 Cases because such De Minimis Assets may no longer be necessary for the operation of their businesses or the rehabilitation efforts pursuant thereto.  These De Minimis Assets may include, without limitation, improved and unimproved real estate, fixtures and excess or obsolete equipment (including items in storage).

15.     Given the monetary value of such De Minimis Assets in relation to the magnitude of the Debtors' overall operations, it would not be an efficient use of resources to seek Court approval each time the Debtors have an opportunity to sell such assets.  The Sale Procedures will also defray any carrying, maintenance, storage or additional costs the Debtors may incur which are associated with the De Minimis Assets.  Thus, the Debtors respectfully request that the Court enter an order authorizing the Debtors to engage, without further order of the Court, in sales of De

8

Minimis Assets from time to time in the Chapter 11 Cases in accordance with the Sale Procedures set forth herein pursuant to section 363(b) of the Bankruptcy Code.

## Basis for Relief of the Abandonment Procedures

16.    In accordance with section 554(a) of the Bankruptcy Code and to the extent that the Debtors are otherwise unable to identify a prospective buyer for an asset, the Debtors seek authority to abandon, pursuant to the Abandonment Procedures, any De Minimis Assets. In particular, section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

17.    The inability to consummate a Sale of the De Minimis Assets would indicate that such assets have no meaningful monetary value to the estates.  Accordingly, the abandonment of the asset(s), to the extent that a Sale thereof could not be consummated, would be in the best interests of the Debtors, their estates and creditors since such assets would be no longer necessary to the Debtors' operations and would have an inconsequential sale value in the perspective of the Chapter 11 Cases.  Thus, the Debtors should be authorized to abandon such assets without the need for further Court approval pursuant to section 554(a) of the Bankruptcy Code.

## Best Interests of the Estates

18.    The Debtors believe that the relief requested herein will aid in the Debtors' efforts to reduce expenses and maximize value for the benefit of their estates, creditors and other parties in interest.  By granting the relief requested herein, the Debtors will be able to avoid the cost of having their counsel draft and file numerous motions and send out numerous hearing notices

delaying the Sale of the De Minimis Assets and potentially decreasing their market value. The Procedures that the Debtors seek to implement pursuant to this Motion will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures. Courts in this district have also previously approved substantially similar procedures in other large chapter 11 cases. See, e.g., In re United Artists Theatre Company, et al., Case No. 00-3514 (SLR); and In re Harnischfeger Industries, Inc., et al., Case No. 99-2171 (Bankr. D. Del. June 7, 1999) (PJW).

19.    After careful analysis, and in the exercise of their business judgment, the Debtors have determined, and respectfully submit, that for all of the foregoing reasons the relief requested in this Motion is in the best interests of their estates and creditors.

### Notice

20.    Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to the Committees and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

10

**WHEREFORE,** the Debtors respectfully request that the Court enter an order substantially in the form of the proposed order attached hereto (a) authorizing the Debtors, in their sole discretion, to effectuate Sales of De Minimis Assets under the Sale Procedures, free and clear of all Liens, with all valid Liens transferring and attaching to the Net Proceeds, without further order of the Court, (b) authorizing the Debtors to abandon any De Minimis Assets under the Abandonment Procedures, and (c) granting the Debtors such other and further relief as is just and proper.

Wilmington, Delaware
Dated: June 26, 2001

Respectfully submitted,

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

11

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## ORDER ESTABLISHING PROCEDURES FOR THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS

Upon the motion (the "Motion") for approval of certain procedures enabling the above-captioned debtors and debtors in possession (collectively, the "Debtors") to sell or abandon assets with a de minimis value to their estates;[2] and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

appearing that the relief requested in the Motion is in the best interests of the Debtors and their

estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that for purposes of this Order, de minimis assets shall mean assets

valued at no more than $5,000,000 (the "Maximum De Minimis Value") which, in the Debtors'

judgment, are no longer necessary to the operation of their businesses (each a "De Minimis Asset"

and collectively, the "De Minimis Assets"); and it is further

ORDERED that for purposes of determining whether the Sale Procedures apply to

a proposed Sale, the De Minimis Value of a De Minimis Asset shall be the dollar amount of the

Original Offer; and it is further

ORDERED that the Debtors are authorized, pursuant to section 363(b) of the

Bankruptcy Code and subject to the Sale Procedures, to sell De Minimis Assets in the ordinary

course of business; and it is further

ORDERED that each Sale of De Minimis Asset(s) shall be free and clear of any

Liens, with all valid Liens transferring and attaching to the net proceeds of the sale without further

order of the Court; and it is further

ORDERED the Debtors shall abide by the following Sale Procedures for the Sale of

De Minimis Asset(s):

> a. The Debtors will notify (the "Notice") the following parties of a proposed Sale once the Debtors have secured a buyer for one or more De Minimis Assets held by the Debtors that offers an amount in excess of $1,000,000 (the "Floor Value") but less than or equal to the Maximum De Minimis Value (the "Original Offer"):
>
> i. the United States Trustee;

ii.      counsel to the DIP Lender;

iii.    counsel to The Chase Manhattan Bank, as agent for the Debtors' prepetition lenders;

iv.    counsel to the Committees; and

v.     any creditor(s) known by the Debtors to be asserting a Lien on any of the De Minimis Asset(s) to be sold (collectively, the "<u>Sale Notice Parties</u>").

b.    The Debtors shall be authorized to proceed with a Sale of De Minimis Assets for consideration less than or equal to the Floor Value without providing any notice to interested parties and without the need to seek further approval of the Court;

c.    Any Notice of a proposed Sale shall set forth in reasonable detail a description of the De Minimis Asset(s) to be sold, the marketing efforts undertaken to sell the De Minimis Asset(s), the proposed sale price of each such De Minimis Asset and the basis for the Debtors' conclusion that the proposed Sale is in the best interests of their estates;

d.    Any Original Offer for the Sale of De Minimis Asset(s) shall be subject to a bid (the "<u>Alternative Offer</u>") pursuant to section 363(k) of the Bankruptcy Code by those prepetition secured creditors of the Debtors, if any, asserting a Lien on the De Minimis Asset(s) being sold (the "<u>Alternative Bidders</u>"). Any such Alternative Offer must be received by the Debtors' counsel and the Sale Notice Parties (i) within forty-eight (48) hours after transmittal of the Notice by facsimile by the Debtors to the Sale Notice Parties or (ii) within five (5) days after mailing of the Notice by the Debtors to the Sale Notice Parties; <u>provided</u>, <u>however</u>, that any such Alternative Offer must exceed the dollar amount of the Original Offer and must contain terms that are otherwise equivalent or superior to the terms of the Original Offer, including, but not limited to, the proposed date of closing, shipment or delivery;

e.    A Sale Notice Party may object to an Original Offer or an Alternative Offer, as the case may be, by making such objection in writing and serving the same on the other Sale Notice Parties and on the Debtors' counsel, addressed as follows:

3

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Pachulski, Stang, Ziehl, Young & Jones PC
Laura Davis Jones
David W. Carickhoff, Jr.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

within ten (10) business days of the transmittal of the Notice of such Original Offer or Alternative Offer, as the case may be;

f.      If, with respect to each proposed Sale, none of the Sale Notice Parties object to the Original Offer in accordance with the Sale Procedures set forth herein and if no Alternative Offer(s) are received by the Debtors in accordance with the Sale Procedures, then the Debtors shall be authorized to proceed with such Sale without the need to seek further approval of the Court;

g.      If the Debtors receive any Alternative Offer(s) and, in their sole discretion, determine that any such Alternative Offer is superior to the Original Offer and if no Sale Notice Party objects to such Alternative Offer within ten (10) business days of the Alternative Bidder's transmittal of such an Alternative Offer in accordance with the Sale Procedures set forth herein, the Debtors (regardless of whether any Sale Notice Party has objected to the Original Offer) shall be authorized to proceed with the Sale with the Alternative Bidder without further order of the Court.  In the alternative, if the Debtors, in their sole discretion, determine that the Original Offer is superior to any Alternative Offer(s) and no Sale Notice Party has objected to such Original Offer in accordance with the Sale Procedures, the Debtors shall proceed with the Sale to the Original Bidder without further order of the Court;

h.      If any of the Sale Notice Parties object to any Original Offer within ten (10) business days of the Debtors' transmittal of the Notice of such proposed Sale and the Debtors, in their sole discretion, still desire to conduct such proposed Sale with the Original Bidder, or if any of the Sale Notice Parties objects to any Alternative Offer(s) within ten (10) business days of the Alternative Bidder's transmittal of the Alternative Offer and the Debtors, in their sole discretion, still desire to conduct such proposed Sale with such Alternative Bidder, the Sale of the De Minimis Asset(s) shall not proceed except upon

4

(i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing; and

i.    Any proposed sale of assets for consideration exceeding the Maximum De Minimis Value will be authorized only upon a separate order of this Court after notice pursuant to Fed. R. Bankr. P. 2002(a)(2) and after an opportunity for a hearing; and it is further

ORDERED that the Debtors are authorized, pursuant to section 554(a) of the Bankruptcy Code and subject to the Abandonment Procedures, to abandon De Minimis Assets without further order of this Court; and it is further

ORDERED that the Debtors shall abide by the following Abandonment Procedures for the abandonment of assets:

a.    The Debtors will send the Notice to the Sale Notice Parties of each proposed Abandonment once the Debtors have decided to abandon any De Minimis Asset;

b.    Any Notice will set forth in reasonable detail a description of the asset(s) to be abandoned, the marketing efforts undertaken to sell the asset(s) and the basis for the Debtors' conclusion that abandonment of such asset(s) is in the best interests of the estate;

c.    If none of the Sale Notice Parties objects to the Notice within ten (10) business days of the Debtors' transmittal of the Notice of such abandonment, the Debtors are authorized to proceed with the abandonment without further order of this Court; and

d.    If any of the Sale Notice Parties object to the Notice in accordance with the Sale Procedures set forth herein within ten (10) business days of the Debtors' transmittal of the Notice of any such abandonment, the proposed abandonment of such asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2001

_____
Joseph J. Farnan, Jr.
United States District Judge

6

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )SS |
| COUNTY OF NEW CASTLE | ) |

Patricia E. Cuniff, being duly sworn according to law, deposes and says that she is

employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C., co-counsel for the

Debtors, in the above-captioned action, and that on the 26th day of June, 2001 she caused a copy

of the following document(s) to be served upon the attached service list(s) in the manner

indicated:

> **1.    Notice of Motion of Debtors' for Entry of an Order Establishing
> Procedures for the sale or Abandonment of De Minimis Assets;**

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    **Motion of Motion of Debtors' for Entry of an Order Establishing Procedures for the sale or Abandonment of De Minimis Assets; and**

3.    **Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets.**

Dated: June 26, 2001

*Patricia E. Cuniff*

Patricia E. Cuniff

Sworn to and subscribed before
me this 26th day of June, 2001
*[signature]*
Notary Public
My Commission Expires: *03-21-02*

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 26, 2001
16 – Hand Delivery
07 – Overnight Delivery
118 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

***Hand Delivery***
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

***Hand Delivery***
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

***Hand Delivery***
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

***Hand Delivery***
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

***Hand Delivery***
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

***Hand Delivery***
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

***Hand Delivery***
Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

***Hand Delivery***
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

***Hand Delivery***
Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899

***Overnight Delivery***
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

***Overnight Delivery***
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106

**Overnight Delivery**
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch
Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

**Overnight Delivery**
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

**Overnight Delivery**
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

**Overnight Delivery**
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**Overnight Delivery**
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

**First Class Mail**
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**First Class Mail**
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

**First Class Mail**
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**First Class Mail**
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA 30309

**First Class Mail**
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC 20020

**First Class Mail**
District Director
IRS
409 Silverside Road
Wilmington, DE 19809

**First Class Mail**
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA 30326-1232

**First Class Mail**
Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

**First Class Mail**
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

**First Class Mail**
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

**First Class Mail**
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

**First Class Mail**
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

**First Class Mail**
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

**First Class Mail**
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

**First Class Mail**
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY  10176

**First Class Mail**
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

**First Class Mail**
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

**First Class Mail**
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

**First Class Mail**
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

**First Class Mail**
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ  08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey  07663

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

*First Class Mail*
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

**First Class Mail**
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

**First Class Mail**
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

**First Class Mail**
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

**First Class Mail**
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

**First Class Mail**
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

**First Class Mail**
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

**First Class Mail**
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

**First Class Mail**
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

**First Class Mail**
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

**First Class Mail**
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York  10007

**First Class Mail**
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

**First Class Mail**
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

**First Class Mail**
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

*First Class Mail*
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

*First Class Mail*
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

*First Class Mail*
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

*First Class Mail*
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034

*First Class Mail*
Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

*First Class Mail*
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

*First Class Mail*
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, New York  10022

*First Class Mail*
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, Missouri  63366

*First Class Mail*
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

*First Class Mail*
Shelley Bethea Gillette & Clark
3850 E. Baseline Road, Suite 125
Mesa, Arizona  85206

*First Class Mail*
David Aelvoet, Esquire
Linebargerheard Goggan Blair
Graham Pena & Sampson LLP
1000 Tower Life Building
San Antonio, TX  78205

*First Class Mail*
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst.
County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

*First Class Mail*
David Balsley, Jr.
535 Smithfield Street, Suite 619
Pittsburg, PA  15222-2302

*First Class Mail*
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730
(Attorney for Toyota Motor Credit)

*First Class Mail*
James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY  10178
(Counsel for Delco Development Company)

*First Class Mail*
Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI  48674
(Counsel for Dow Chemical Company,
Hampshire Chemical Corporation and Union
Carbide Corporation)

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey  08002

*First Class Mail*
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, New York  10017-4014
(Attorneys for General Electric Capital
Corporation)

*First Class Mail*
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, Florida  32412-0950

*First Class Mail*
Michael B. Willey, Esquire
Legal Services, 27th Floor
312 8th Avenue North
Nashville, Tennessee  37243
(Counsel for Commissioner of Revenue)

*First Class Mail*
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York  10020-1182

*First Class Mail*
Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL  60601

*First Class Mail*
Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA  22902

*First Class Mail*
E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, South Carolina  29201-1708

*First Class Mail*
Jeffrey Kaufman, Esquire
Gerald F. Ellesdorfer, Esquire
Kaufman & Logan LLP
111 Pine Street, Suite 1300
San Francisco, CA  94111

*First Class Mail*
Michael H. Pinkerson, Esquire
James M. Garner, Esquire
Sher Garner Cahill Richter Klein McAlister
& Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA  70112

*First Class Mail*
William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA  23510-9242