# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline:  July 13, 2001 at 4:00 p.m.
Hearing Date:  July 19, 2001 at 12:00 p.m.

## NOTICE OF DEBTORS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF A BAR DATE, APPROVAL OF THE PROOF OF CLAIM FORMS AND APPROVAL OF NOTICE PROGRAM

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On June 27, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the **Debtors' Motion for Entry of Case Management Order,**

**Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of**

**Notice Program** (the "Motion") with the United States Bankruptcy Court for the District of

Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true

and correct copy of the Motion is attached hereto.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Objections and other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on July 13, 2001.

Objections or other responses to the Motion, if any, must also be served so that they are received not later than July 13, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947); and (v) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-

6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market

Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL

BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES

DISTRICT JUDGE, ON JULY 19, 2001 AT 12:00 P.M. EASTERN TIME AT THE UNITED

STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING STREET,

WILMINGTON, DELAWARE  19801.


Dated: June 27, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession


91100-001\DOCS_DE:24850.1

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: July 13, 2001 at 4:00 p.m.**
**Hearing Date: July 19, 2001 at 12:00 p.m.**

## DEBTORS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF A BAR DATE, APPROVAL OF THE PROOF OF CLAIM FORMS AND APPROVAL OF THE NOTICE PROGRAM

Debtors respectfully move the Court for entry of an Order: (1) setting the last day for which holders of claims against the Debtors must file a proof of claim in these Chapter 11 cases to be April 1, 2002 (the "Bar Date"); (2) approving Debtors' notice program; (3) approving Debtors' proposed proof of claim forms; and (4) approving Debtors case management schedule. In support of this Motion, Debtors respectfully state as follows, and also submit in support an accompanying "Memorandum In Support Of Motion For Entry Of Case Management Order, Motion To Establish Bar Date, And Motion To Approve Notice Program."

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## I.    Setting of an April 1, 2002 Bar Date

1.      All parties whose claims are "disputed, contingent, or unliquidated" must file a proof of claim by the Bar Date in order to "be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

2.      This Court has the authority to set the Bar Date for the filing of proofs of claim. Specifically, Bankruptcy Rule 3003(c)(3) provides: "The court shall fix . . . the time within which proofs of claim or interest may be filed . . . " Fed. R. Bankr. P. 3003(c)(3).

3.      Debtors move this Court to enter an order establishing an April 1, 2002 Bar Date for the filing of all claims against the Debtors.  The Bar Date will apply to:

- **"Asbestos Personal Injury Claims":** All claims against Debtors as of a time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos containing products manufactured by Debtors or exposure to vermiculite mined, milled or processed by Debtors.

- **"Asbestos Property Damage Claims":** All claims against Debtors as of a time immediately preceding the Bar Date that relate to cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by Debtors or from vermiculite mined, milled, or processed by Debtors, other than the Zonolite Attic Insulation Claims categorized separately below.

- **"Zonolite Attic Insulation Claims":** All claims against Debtors as of a time immediately preceding the Bar Date that relate to cost of removal, diminution of property value or economic loss caused by the Zonolite Attic Insulation manufactured by Debtors.

- **"Settled Asbestos Claims":** Asbestos Personal Injury Claims against Debtors for which the Claimant and one or more of Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of Debtors' Chapter 11 cases, but for which the Claimant has yet to receive payment.

- **"Non-Asbestos Claims":** All claims against Debtors as of a time immediately preceding the Bar Date other than claims for administrative expenses or Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims or Settled Asbestos Claims.

4.      Debtors do *not* seek a Bar Date and no proof of claim form should be filed for: (i) claims for administrative expenses of any of Debtors' Chapter 11 cases under section 503(b) or 507(a) of the Bankruptcy Code; (ii) future claims; and (iii) claims of present or former employees of Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of any personal injury claims, unless those employees wish to assert such claims directly against Debtors outside of a state workers' compensation system.

## II.    Approval of the Notice Program

5.      To comport with the requirements of due process under the Bankruptcy Rules, Debtors must give notice to claimants regarding the Bar Date.  Fed. R. Bankr. P. 2002(a)(7). Debtors propose a two-fold notice program that will provide both actual and publication notice of the Bar Date to known claimants, and publication notice to claimants whose identities and/or addresses are not presently known or reasonably ascertainable by Debtors, as explained in more detail below and in Debtors' Memorandum in Support.

6.      The Notification Plan employs four primary methods in providing notice: (i) direct notice by mail to all identifiable claimants and their counsel; (ii) broad national published notice through the use of national paid and earned media vehicles; (iii) national notice through trade publications; and (iv) direct notice by mail to third parties who are likely to have contact with personal injury claimants.  Debtors seek approval of the Notification Plan and by separate Application, the retention of its notice expert to implement that plan.

## *Actual Notice to Identifiable Claimants*

7.      Debtors will provide actual notice of the Bar Date (where addresses and names of

claimants are known by Debtors and are reasonably retrievable) by mailing a copy of the Bar

Date Notice Package, which consists of the Bar Date Notice for All Claims ("Bar Date Notice")

(Exhibit G filed herewith)[2], the Order (i) Fixing a Claims Bar Date , (ii) Approving the Proof of

Claim Forms; (iii) Approving the Form and Manner of Notice and (iv) Approving Case

Management Schedule (the "Bar Date Order") (Exhibit 2 to the Bar Date Notice), and the

appropriate proof of claim forms and instructions (Exhibit A-E filed herewith) to the parties

required to receive notice pursuant to Bankruptcy Rule 2002, Local Rule 2002-1 and all of the

following readily identifiable individuals and/or entities:

- Asbestos personal injury claimants with pending asbestos-related claims against Debtors, as well as their counsel of record;

- Asbestos property damage claimants with pending asbestos property damage claims against Debtors, as well as their counsel of record;

- Zonolite Attic Insulation claimants with pending claims against Debtors, and their counsel of record;

- All counsel of record for asbestos personal injury claims filed against Debtors *historically*;

- All residents of Libby, Montana;

- All persons and entities with pending Non-Asbestos Claims, as defined above, against Debtors, and their counsel of record, if any;

- All individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice Package from the official claims agent as a result of seeing the notice in the media. To the extent that the claimants' names and addresses are not reasonably retrievable by Debtors,

---

[2]  In conjunction with this Motion and the Debtors' Memorandum In Support, the Debtors submit a separate volume of Exhibits.

actual notice will be mailed to the claimants' attorneys, if known by Debtors.

### *Publication Notice to Unknown Claimants*

8.      Unknown claimants are those potential claimants for whom Debtors do not have names, addresses or both, or as to which the names and addresses are not reasonably retrievable. This category of claimants includes, among others, persons who formerly asserted a claim against Debtors that was settled and released, and former claimants whose claims were rejected.  While such individuals may have held claims that were settled and released over the course of the past two decades in which Debtors settled tens of thousands of claims, it is merely speculative to believe that any such individuals would at this point in time hold "current" claims.  Likewise, if a claim was rejected by Debtors and then never pursued by the claimant, Debtors have no reason to believe that such claimant holds a "current" claim.

9.      Notice to "unknown claimants" will be provided by publication notice in lieu of actual notice.  Upon entry of the Bar Date Order, Debtors will implement a comprehensive publication notice program that will include providing notice to areas where claims have arisen or where potential claimants may now be located including:  (I) the entire United States of America; (ii) Canada; (iii) Guam; (iv) Puerto Rico; and (v) the U. S. Virgin Islands.  Publication notice will be disseminated using the following forms:  (a) newspapers; (b) magazines; (c) trade and professional publications; (d) television (network and cable); and (e) web sites.

10.      Notice will also be provided directly to trade organizations in which potential claimants may be members and through other third parties who are likely to have contact with personal injury claimants.

11.    In addition, a toll-free number will be established for potential claimants to call for information and for a court-approved proof of claim form, as described herein.

12.    The Notification Plan outlined herein has been assembled with the advice and direction of Katherine Kinsella, the president of Kinsella Communications, Ltd. Ms. Kinsella is a leading expert in the design, preparation, and dissemination of legal notice in class actions and bankruptcies. Ms. Kinsella is a nationally-recognized specialist in class action notification campaigns in the mass-tort and product liability arenas.

13.    Debtors' Notification Plan that describes the adequacy of the publication notice program, publications to be used, target groups to be reached, frequency of reaching such groups, costs associated with the plan, and a variety of other details regarding the scope and manner in which the Notification Plan will be implemented is filed herewith as Exhibit F.

14.    A copy of the form of the Bar Date Notice to be sent to known claimants is filed herewith as Exhibit G. A copy of the print notice for publication of the Bar Date is Exhibit 9 to the Notification Plan. A copy of the television notice of the Bar Date for all claims is Exhibit 8 to the Notification Plan.

15.    Debtors move that the Bar Date Notice and implementation of the Notification Plan be approved. By separate application, Debtors seek the approval of the Court to retain Ms. Kinsella.

## III.    Approval of the Proof of Claim Forms

16.    Debtors move for approval to include, with the Bar Date Notice, one (or more if applicable) of four proof of claim forms, depending on the category of the claimant: (i) Asbestos Property Damage Proof of Claim form; (ii) Zonolite Attic Insulation Proof of Claim form; (iii) Asbestos Personal Injury Proof of Claim form (including a section for Settled Asbestos Claims);

or (iv) Non-Asbestos Proof of Claim form.  Copies of these forms and related instructions are filed herewith as Exhibit A-E.

17.    The proof of claim forms proposed by Debtors have been specifically designed to elicit information necessary in the resolution of threshold issues Grace plans to raise relating to each of the various categories of claims.

18.    Debtors move that the proof of claim forms and instructions filed herewith as Exhibits A-E be approved.

**IV.    Approval of The Case Management Schedule**

19.    On or before June 1, 2002, Debtors will make a preliminary report to the Court and the committees, categorizing and summarizing filed claims, omnibus objections to claims, and identifying threshold defenses for litigation.

*Zonolite Attic Insulation Litigation Track.*

20.    On or about May 1, 2002, Debtors move that the Court appoint a Zonolite Attic Insulation ("ZAI") Litigation Committee to represent claimants in the common issues litigation with respect to ZAI.

21.    Debtors move the Court to schedule the period from May 1, 2002 through January 1, 2003 for discovery regarding whether ZAI poses an unreasonable risk of harm.

22.    Debtors will file an omnibus objections and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged risk of harm from ZAI.  Debtors request the Court approve January 1, 2003 as the date for submission of Debtors' omnibus objections and *Daubert*/summary judgment motions, February 1, 2003 as the date for claimants' response, and February 15, 2003 as the date for Debtors' reply.  The Debtors move that a hearing on the omnibus objections and *Daubert*/summary judgment motions be held in

- 7 -

March, 2003. In the event that the Court finds any material disputed facts, Debtors request that a

FRCP 42 common issue bench trial be conducted in the second quarter of 2003 to decide the

issue of unreasonable risk.

### *Asbestos Property Damage Litigation Track*.

23.     As a part of its preliminary report to the Court on June 1, 2002, Debtors will

identify with respect to Asbestos Property Damages Claims: (i) already pending cases that could

continue to be litigated in other courts, subject to regular reporting to the Court; (ii) claims

subject to statute of limitations defenses; (iii) claims subject to *res judicata* defenses; and (iv)

claims subject to a *Daubert* motion, based upon the lack of a reliable scientific basis for the

alleged product risk.

24.     Debtors request the Court with respect to Asbestos Property Damage Claims

approve (i) September 1, 2002 as the deadline for submission of Debtors' summary judgment

motion with respect to the *res judicata* defense; (ii) a subsequent discovery period on the *res*

*judicata* defense to end on February 1, 2003; and (iii) briefing be completed in time for a hearing

in March 2003.

25.     Debtors propose that the parties conduct necessary discovery concerning both (i)

the scientific support for the allegation of Monokote product risk; and (ii) the statues of

limitation defense. Debtors request the Court to schedule the period for discovery regarding

these issues from September 1, 2002 through February 1, 2003.

26.     Debtors will file an omnibus objections and related *Daubert/*summary judgment

motions, based upon the absence of a reliable scientific basis for the alleged product risk of

Monokote and statutes of limitations defenses. Debtors move the Court to approve March 15,

2003 as the date for submission of Debtors' omnibus objections and *Daubert*/summary judgment motions.

27.     After the hearings on Debtors' omnibus objections and *Daubert*/summary judgment motions with respect to Asbestos Property Damage Claims, Debtors propose that unresolved claims would be set for a bifurcated bench trial pursuant to FRCP 42 in the second quarter of 2003. The first phase of the trial would resolve common issues such as statute of limitations, *res judicata* and product risk. The second phase would encompass remaining issues, and would take place after further case-specific discovery.

*Asbestos Personal Injury Claims Track.*

28.     Debtors move that the Court appoint a Personal Injury Litigation Committee on or about July 1, 2002 to represent Asbestos Personal Injury Claimants in common issues litigation.

29.     Debtors will audit the completeness and reliability of submitted Asbestos Personal Injury Claims and complete an initial audit report by September 1, 2002.

30.     Debtors move the Court to approve: (i) September 1, 2002 as the deadline for Debtors' submission of objections to and motion to disallow incomplete claims; (ii) October 1, 2002 as the date of claimants' responses; and (iii) October 15, 2002 as the date of Debtors' reply; after which time Debtors request a hearing on the motion be held.

31.     Debtors will file omnibus objection and move for summary judgment with respect to common issues affecting the remaining Asbestos Personal Injury Claims. The issues may include, for example: (i) the absence of exposure to Grace's products; (ii) the absence of a reliable, scientific basis for claiming that exposure to Grace's asbestos products was a substantial contributing factor in the causation of the asbestos-related disease; and/or, (iii) absence of a clinical asbestos-related illness. Debtors request the Court approve (a) January 1, 2003 as the

- 9 -

date for submission of Debtors' omnibus objections and summary judgment motions; (b) January

1, 2003 through July 1, 2003 as the period for discovery related to Debtors' omnibus objections

and summary judgment motions; (c) July 1, 2003 as the date for claimants' response; and (d)

August 1, 2003 as the date for Debtors' reply.  Debtors propose a hearing on the omnibus

objections and summary judgment motions with respect to Asbestos Personal Injury Claims be

held in August 2003.  Thereafter, in the event that the Court finds any material disputed facts,

Debtors propose a FRCP 42 common issue bench trial with respect to Asbestos Personal Injury

Claims be conducted in the third quarter of 2003.

**WHEREFORE**, Debtors respectfully request that this Honorable Court enter the attached Order, granting the relief requested herein.

Dated: June 27, 2001

> KIRKLAND & ELLIS
> David M. Bernick
> James H.M. Sprayregen
> Andrew R. Running
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
> (312) 861-2200 (fax)
>
>          and
>
> PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
>
> Laura Davis Jones (#2436)
> Hamid R. Rafatjoo (CA Bar No. 181564)
> David W. Carickhoff, Jr. (# 3715)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> (302) 652-4100
> (302) 652-4400 (fax)
>
> Co-Counsel for Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

## ORDER (i) APPROVING CASE MANAGEMENT
## SCHEDULE (ii) ESTABLISHING BAR DATE
## (iii) APPROVING THE PROOF OF CLAIM FORMS
## AND (iv) APPROVING NOTICE PROGRAM

Upon the motion dated June 27, 2001 (the "Motion")[2] of Debtors, pursuant to Rule

3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of

case management order, (ii) establishment of a Bar Date, (iii) approval of proof of claim forms, and

(iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that (a) establishing a bar date by which creditors must assert claims against

any of the Debtors or be forever barred from asserting such claims, voting on any plan or plans of

reorganization or participating in any distributions from the Debtors' estates in accordance with the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

1

authority granted to this Court by title 11 of the United States Code (the "Bankruptcy Code") and

the Bankruptcy Rules is necessary for the prompt and efficient administration of these Chapter 11

cases and to protect the interests of the Debtors, their creditors and other parties in interest herein;

(b) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth

herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of

their rights and obligations in connection with claims they may have against the Debtors in these

Chapter 11 cases; (c) the form and content of the Asbestos Personal Injury Proof of Claim Form,

Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form,

Non-Asbestos Proof of Claim Form and accompanying instructions filed with the Motion as

Exhibits A-E are authorized by Bankruptcy Rule 3001(a) and are otherwise fair and reasonable; (d)

the Bar Date of April 1, 2002 is appropriate in these cases; (e) the case management schedule

proposed by the Debtors, as set forth herein, is fair and reasonable and necessary for the orderly and

efficient resolution of the various categories of asbestos-related claims the Debtors expect will be

filed in these cases; and due notice of the Motion having been provided to (i) the United States

Trustee for the District of Delaware, (ii) counsel to The Chase Manhattan Bank as agent for the

Debtors' prepetition lenders, (iii) the attorneys for each of the Official Committees appointed in

these cases, and (iv) all parties required to be provided notice pursuant to Bankruptcy Rule 2002 and

9007 and Local Rule 2002-1; and it appearing that no other or further notice need be provided, and

it appearing that it is appropriate to set the Bar Date, and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest;

and upon the Motion and all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor, it is

2

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), the Bar Date for filing proofs of claims asserting Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims against the Debtors, as defined on Exhibit A attached hereto, is fixed as April 1, 2002 (the "Bar Date"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if *actually received* by the Debtors' Official Claims Agent on or before the Bar Date; and it is further

ORDERED that the Debtors' Official Claims Agent shall ***not*** accept proofs of claim sent by facsimile or telecopy transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the Bar Date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms and instructions filed with the Motion as Exhibits A-E and approved by this Court herein, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Date in a form substantially similar to the notice attached to this Order as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient

3

notice of the Bar Date and all procedures and requirements in connection therewith if it is served

together with one or more Proof of Claim Forms (as appropriate) by depositing same in the United

States mail, first class postage prepaid, within sixty (60) days after the date of entry of this Order

upon the following entities:

A.    the Office of the United States Trustee for the District of Delaware,

B.    the members of the Committees and their attorneys,

C.    all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,

D.    all Entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

E.    all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,

F.    the District Director of Internal Revenue for the District of Delaware,

G.    the Securities and Exchange Commission,

H.    all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

I.    all known holders of Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims and their counsel, if known, as defined on Exhibit A hereto, on or before 60 days after the entry of this Order;

J.    all counsel of record for asbestos personal injury claims filed against Debtors *historically*;

K.    all residents of Libby, Montana; and

L.    all individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice package from the Official Claims Agent as a result of seeing the Bar Date Notice in the media.

4

ORDERED that notice of the entry of this Order and of the Bar Date to unknown claimants pursuant to the Debtors' Notification Plan as set forth in Exhibit F filed with the Motion and the print and media notices in substantially the form set forth in Exhibits 8 and 9 to Exhibit F filed with the Motion are hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date, and the Debtors and their professionals (including specifically Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the plan, including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this court; and it is further

ORDERED that the Asbestos Personal Injury Proof of Claim Form, Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form, and Non-Asbestos Proof of Claim Form and accompanying instructions filed with the Motion as Exhibits A-E are approved; and it is further

ORDERED that any person holding an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Date shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization in these cases.  Further, such parties (a) to the extent of applicable law shall be bound by the terms

5

of any confirmed plan of reorganization (including, without limitation, any provisions therein that provide the Debtors, any successor or any party under a confirmed plan with a release or discharge pursuant to 11. U.S.C. § 524(g) and 1141), and (b) shall not receive any further notice of the cases or the matters considered in connection therewith; and it is further

ORDERED that on June 1, 2002, Debtors will make a preliminary report to the Court and the committees, categorizing and summarizing filed claims, omnibus objections to claims, and identifying threshold defenses for litigation, and it is further

ORDERED that on May 1, 2002, the Court will appoint a Zonolite Attic Insulation Committee to represent claimants in the ZAI common issues litigation.  Discovery concerning any scientific support for the allegation that ZAI poses an unreasonable risk of harm shall occur during the period through January 1, 2003; Debtors will file omnibus objections and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged risk of harm from ZAI, on January 2, 2003; claimants will have until February 1, 2003 to file responses; Debtors will have until February 15, 2003 to reply; a hearing on the omnibus objections and *Daubert*/summary judgment motions with respect to ZAI will be held in March 2003; and, in the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial with respect to ZAI will be conducted in the second quarter of 2003 to decide the issue of unreasonable risk; and it is further

ORDERED that as a part of its preliminary report to the Court on June 1, 2002, Debtors will identify with respect to Asbestos Property Damage Claims : (i) already pending cases that could continue to be litigated in other courts, subject to regular reporting to the Court; (ii) claims subject to statute of limitations defenses; (iii) claims subject to *res judicata* defenses; and (iv) claims

6

subject to a *Daubert* motion, based upon the lack of a reliable scientific basis for the alleged product risk; and it is further

ORDERED that with respect to Asbestos Property Damage Claims, (i) September 1, 2002 is the deadline for submission of Debtors' summary judgment motion with respect to the *res judicata* defense; (ii) a subsequent discovery period on the *res judicata* defense shall end on February 1, 2003; (iii) briefing shall be completed in time for a hearing in March 2003; (iv) discovery concerning both (a) the scientific support for the allegation of Monokote product risk; and (b) the statues of limitation defense shall occur from September 1, 2002 through February 1, 2003; (v) Debtors will file an omnibus objections and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged product risk of Monokote and statutes of limitations defenses, on March 15, 2003; and (vi) after the hearings on Debtors' omnibus objections and *Daubert*/summary judgment motions, unresolved claims with respect to Asbestos Property Damage Claims will be set for a bifurcated bench trial pursuant to FRCP 42 in the second quarter of 2003. The first phase of the trial will resolve common issues such as statute of limitations, *res judicata* and product risk and the second phase will encompass remaining issues, and will take place after further case-specific discovery; and it is further

ORDERED that on July 1, 2002 the Court will appoint an Asbestos Personal Injury Litigation Committee to represent Asbestos Personal Injury Claimants in common issues litigation. Debtors will audit the completeness and reliability of submitted bodily injury claims and (i) September 1, 2002 is the deadline for Debtors' submission of objections to and motion to disallow incomplete claims; (ii) October 1, 2002 is the date for claimants' responses; and (iii) October 15,

2002 is the date for Debtors' reply, after which time a hearing on the motion will then be held; and it is further

ORDERED that Debtors will file omnibus objections and move for summary judgment with respect to common issues affecting the remaining Asbestos Personal Injury Claims; (a) January 1, 2003 is the date for submission of Debtors' omnibus objections and summary judgment motions; (b) January 1, 2003 through July 1, 2003 is the period for discovery related to Debtors' omnibus objections and summary judgment motions; (c) July 1, 2003 is the date for claimants' response; (d) August 1, 2003 is the date for Debtors' reply; (e) a hearing on the omnibus objections and summary judgment motions will be held in August 2003; and, in the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial will be conducted in the third quarter of 2003; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or of any other state or nation to act in aid of and to be complementary to this Court in carrying out the terms of this Court's orders in the present adversary proceeding. In particular, this Court requests the continued cooperation and

assistance of the Superior Court of Justice of Ontario and extends its appreciation to Mr. Justice

James Farley of that court.

_____, 2001
Wilmington, Delaware

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

9

# Exhibit A

## CLAIMS SUBJECT TO BAR DATE

**The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").**

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those claims as of the time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For

Exhibit A to Order

purposes of the Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite. *Notwithstanding the foregoing, present or former employees of the Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of an Asbestos Personal Injury Claim shall not be required to file a proof of claim in order to preserve their right to receive such workers' compensation benefits. However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are included in the definition of "Asbestos Personal Injury Claim," are subject to the Bar Date, and any such employees who wants to preserve their right, if any, to assert a claim directly against the Debtors outside of such state workers' compensation system must file a proof of claim by the Bar Date in order to preserve such claims.*

**Asbestos Property Damage Claim:**  Asbestos Property Damage Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors.  More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.  For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

**Zonolite Attic Insulation Claim:**  Zonolite Attic Insulation Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors.  More specifically, Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way

2                                          Exhibit A to Order

marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a)Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Settled Asbestos Claim:**  Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Non-Asbestos Claim:** Non-Asbestos Claims are any other claims against the Debtors as of the time immediately preceding the Bar Date, other than administrative expenses.  More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

3                                    Exhibit A to Order

# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

## BAR DATE NOTICE FOR ALL CLAIMS

PLEASE TAKE NOTICE THAT on _____, 2001 the Honorable Joseph J. Farnan, Jr., United States District Judge, United States District Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and its affiliates (collectively, the "Debtors" or "Grace") entered an Order (i) Fixing A Claims Bar Date, (ii) Approving The Proof Of Claim Forms (iii) Approving The Form And Manner Of Notice And (iv) Approving the Case Management Schedule ("Bar Date Order") which, among other things, set a Bar Date for filing proofs of claim against the Debtors, including claims for Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and all other Non-Asbestos Claims.

Under the Bar Date Order, the Court established **April 1, 2002** at 5:00 p.m. Eastern Time (the "Bar Date") as the last date and time for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have present Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims, or any other Non-Asbestos Claims (all as defined in Exhibit 1) to file proofs of claims against any predecessors-in-interest of the Debtors.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit B to Order



A copy of the Bar Date Order setting the Bar Date for all claims is attached to this Notice as Exhibit 2.

## 1.    WHO MUST FILE A PROOF OF CLAIM

On April 2, 2001, each of the Debtors commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have a present Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or any Non-Asbestos Claim as defined in Exhibit 1. Any person or entity having such a present claim or any other claim against any members of Grace, must file a Proof of Claim on or before April 2, 2002, the Bar Date for all claims, using the applicable Proof of Claim form approved by the Court. In the event that prior to the Bar Date you filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other proof of claim form, you must refile your claim on the appropriate specialized Court approved proof of claim form on or before the Bar Date or your claim may be barred and disallowed.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions of the Debtors that occurred before the Debtors filed their Chapter 11 cases on April 1, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

## 2.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

The Bar Date and the need to file a Proof of Claim applies only to present claims against the Debtors. You do not need to file a proof of claim if you have any of the following types of claims:

A.    A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is *not* described in the Schedules as "disputed," "contingent," or "unliquidated," *and* (iii) is in the same amount and of the same nature as set forth in the Schedules;

B.    An administrative expense of any of the Debtors' Chapter 11 cases under section 503(b) or 507(a) of the Bankruptcy Code;

Exhibit B to Order

C.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

D.    A claim that has been allowed by an order of the Court entered on or before the Bar Date;

E.    A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of any personal injury claims. *However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim.*

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## 3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

## 4.    WHEN AND WHERE TO FILE

To file a claim, do the following:

- File the claim on the appropriate court-ordered *Proof of Claim Form*, a copy of which is enclosed with this notice.

- For additional copies of the *Proof of Claim Form*:

  - Contact the **[insert Claims Processing Agent]** toll-free at **[insert toll free number]**, 9:00 a.m. - 5:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

Exhibit B to Order

- Visit the Grace chapter 11 website at **[insert website]** to download a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form*.

- Return the completed *Proof of Claim Form(s)* to the **[Claims Processing Agent]** by no later than **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* will be deemed filed only when ***actually received*** by the **[Claims Processing Agent]**. *Proof of Claim Forms* submitted by facsimile or telecopy transmission will ***not*** be accepted and will not be deemed filed. If you are returning the *Proof of Claim Form* by mail, allow sufficient mailing time so that the *Proof of Claim Form* is received on or before **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* that are postmarked before that date but are received thereafter will be considered late.

- *Proof of Claim Forms* must be mailed, filed in person, or hand delivered so as to be received on or before April 1, 2002 at the following address:

  If mailed, to:

  > **[MAILING ADDRESSES OF PROPOSED
  > CLAIMS PROCESSING AGENT]**

  If hand delivered, to:

  > **[STREET ADDRESS OF PROPOSED
  > CLAIMS PROCESSING AGENT]**

  (between the hours of 9:00 a.m. and 5:00 p.m., Eastern Time, on business days).

- *Proof of Claim Forms* will be deemed filed only when actually received at the address indicated above. You must include all attachments and exhibits with each Proof of Claim and the claim form must be signed by the claimant.

- Do not file or send copies of the Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors', the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, or such Committees' counsel. Upon receipt of your claim, the claims agent will send an acknowledgment card with the appropriate claim number noted thereon.

## 5.     WHAT TO FILE

If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Claim form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Personal Injury Claim or a Settled Asbestos Claim, use the Proof of Claim form entitled "Grace Asbestos

Exhibit B to Order

Personal Injury Proof of Claim Form." If you are filing a Proof of Claim for an Asbestos Property Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof of Claim Form". If you are filing a Proof of Claim for a Zonolite Attic Insulation Claim, use the Proof of Claim form entitled "Zonolite Attic Insulation Proof of Claim Form". If you are filing a Proof of Claim for any other claim, use the Proof of Claim form entitled "Grace Non-Asbestos Proof of Claim Form." **If you have previously filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other Proof of Claim Form, you must refile your claim using the specialized and appropriate Court approved Proof of Claim Form or your claim may be disallowed.**

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, and (iii) indicate the Debtor against which you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

6.    **PRODUCT INFORMATION**

For your information and assistance in completing the Asbestos Personal Injury Claim Form, Asbestos Property Damage Claim Form or Zonolite Attic Insulation Claim form, the Debtors mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos. One such product was Zonolite Attic Insulation, a loose-fill vermiculite used as insulation in attics that was sold from the 1920's or 1930's to 1984. Grace also produced and marketed other vermiculite products with commercially added asbestos, including acoustical finishes and a fire proofing plaster used in commercial high rise buildings. A list of the brand names under which the Debtors manufactured products that may have contained commercially added asbestos is attached as Exhibit 3.

7.    **EFFECT OF NOT FILING A CLAIM**

ANY HOLDER OF AN ASBESTOS PERSONAL INJURY CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM, ZONOLITE ATTIC INSULATION CLAIM, SETTLED ASBESTOS CLAIM OR NON-ASBESTOS CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE THE COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE April 1, 2002 FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY MEMBER OF GRACE OR THEIR PREDECESSORS-IN-INTEREST, AFFILIATES, INSURANCE CARRIERS OR DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY MEMBER OF GRACE. IF ANY SUCH CLAIMS ARE SO BARRED, EACH MEMBER OF GRACE AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL

Exhibit B to Order

INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above, present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof of Claim to preserve such benefits, but* **must** *file a Proof of Claim if they seek to preserve a right to proceed against the Debtors outside of the workers' compensation system.*

## 8. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801.

## 9. QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney. If you have questions as to how to complete a *Proof of Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the **[Claims Processing Agent]** toll-free at **[insert toll-free number]** between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to: **[Claims Processing Agent]**. You may also download a *Proof of Claim Form* and instructions at Grace's chapter 11 website, at **[insert website]**.

BY ORDER OF THE COURT

The Honorable Joseph J. Farnan, Jr.
United States District Judge

Exhibit B to Order

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )SS |
| COUNTY OF NEW CASTLE | ) |

Patricia E. Cuniff, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C., co-counsel for the Debtors, in the above-captioned action, and that on the 27th day of June, 2001 she caused a copy of the following document(s) to be served upon the attached service list(s) in the manner indicated:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1. **Notice of Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program;**

2. **Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program; and**

3. **Order (i) Approving Case Management Schedule (ii) Establishing Bar Date (iii) Approving the Proof of Claim Forms and (iv) Approving Notice Program.**

Dated: June 27, 2001

Patricia E. Cuniff

Sworn to and subscribed before
me this 27th day of June, 2001

Notary Public
My Commission Expires: 08/11/03

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 27, 2001
16 – Hand Delivery
07 – Overnight Delivery
120 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

*Hand Delivery*
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

*Hand Delivery*
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

*Hand Delivery*
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

*Hand Delivery*
Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

*Hand Delivery*
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

*Hand Delivery*
Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899

*Overnight Delivery*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

*Overnight Delivery*
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106

*Overnight Delivery*
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch
Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

*Overnight Delivery*
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*Overnight Delivery*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

*Overnight Delivery*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*Overnight Delivery*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

*First Class Mail*
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE  19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

*First Class Mail*
Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

*First Class Mail*
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

*First Class Mail*
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

*First Class Mail*
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

*First Class Mail*
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

*First Class Mail*
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY  10176

*First Class Mail*
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

*First Class Mail*
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

*First Class Mail*
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

*First Class Mail*
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

*First Class Mail*
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

*First Class Mail*
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

*First Class Mail*
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

*First Class Mail*
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*First Class Mail*
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

*First Class Mail*
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

*First Class Mail*
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

*First Class Mail*
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

*First Class Mail*
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

*First Class Mail*
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ  08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey  07663

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

*First Class Mail*
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York  10007

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C. 20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA 02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina 28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

*First Class Mail*
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA 24624

*First Class Mail*
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ 08731-6070

*First Class Mail*
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

*First Class Mail*
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas 77701

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ 08034

*First Class Mail*
Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey 07105

*First Class Mail*
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-1413

*First Class Mail*
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, New York 10022

*First Class Mail*
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, Missouri 63366

*First Class Mail*
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

*First Class Mail*
Shelley Bethea Gillette & Clark
3850 E. Baseline Road, Suite 125
Mesa, Arizona  85206

*First Class Mail*
David Aelvoet, Esquire
Linebargerheard Goggan Blair
Graham Pena & Sampson LLP
1000 Tower Life Building
San Antonio, TX  78205

*First Class Mail*
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst.
County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

*First Class Mail*
David Balsley, Jr.
535 Smithfield Street, Suite 619
Pittsburg, PA  15222-2302

*First Class Mail*
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730
(Attorney for Toyota Motor Credit)

*First Class Mail*
James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY  10178
(Counsel for Delco Development Company)

*First Class Mail*
Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI  48674
(Counsel for Dow Chemical Company,
Hampshire Chemical Corporation and Union
Carbide Corporation)

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey  08002

*First Class Mail*
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, New York  10017-4014
(Attorneys for General Electric Capital
Corporation)

*First Class Mail*
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, Florida  32412-0950

*First Class Mail*
Michael B. Willey, Esquire
Legal Services, 27th Floor
312 8th Avenue North
Nashville, Tennessee  37243
(Counsel for Commissioner of Revenue)

*First Class Mail*
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York  10020-1182

*First Class Mail*
Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL  60601

*First Class Mail*
Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA  22902

*First Class Mail*
E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, South Carolina  29201-1708

*First Class Mail*
Jeffrey Kaufman, Esquire
Gerald F. Ellesdorfer, Esquire
Kaufman & Logan LLP
111 Pine Street, Suite 1300
San Francisco, CA  94111

*First Class Mail*
Michael H. Pinkerson, Esquire
James M. Garner, Esquire
Sher Garner Cahill Richter Klein McAlister
& Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA  70112

*First Class Mail*
William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA  23510-9242

*First Class Mail*
Pillsbury Winthrop LLP
Lynn M. Ryan, Esquire
One Battery Park Plaza
New York, NY  10004-1490
(Counsel for Wells Fargo Bank Minnesota,
National Association)

*First Class Mail*
Pillsbury Winthrop LLP
Craig Barbarosh, Esquire
650 Town Center Drive, 7th Floor
Costa Mesa, CA  92626-7122
(Counsel for Wells Fargo Bank Minnesota,
National Association)