# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**EXHIBITS TO (1) DEBTORS' MOTION FOR ENTRY OF CASE
MANAGEMENT ORDER, ESTABLISHMENT OF BAR DATE,
APPROVAL OF THE PROOF OF CLAIM FORMS AND APPROVAL
OF NOTICE PROGRAM, AND (2) MEMORANDUM IN SUPPORT THEREOF**

FILED 2001 JUN 27 PM 7: 17 US BANKRUPTCY COURT DISTRICT OF DELAWARE

Dated: June 27, 2001

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
Andrew R. Running
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

**TABLE OF CONTENTS**

| **Exhibit** | **Description** |
|---|---|
| A. | W.R. Grace & Co. Asbestos Personal Injury Proof of Claim Form |
| B. | W.R. Grace & Co. Zonolite Attic Insulation Proof of Claim Form |
| C. | W.R. Grace & Co. Asbestos Property Damage Proof of Claim Form |
| D. | Grace Non-Asbestos Proof of Claim Form |
| E. | General Instructions for Completing All Proof of Claim Forms |
| F. | Notification Plan |
| G. | Bar Date Notice for All Claims |
| H. | Order (i) Approving Case Management Schedule (ii) Establishing Bar Date (iii) Approving the Proof of Claim Forms and (iv) Approving Notice Program |
| I. | In re The Babcock & Wilcox Co. Order, October 30, 2000 |
| J. | In re Armstrong World Industries, Inc. Order, April 18, 2001 |

# EXHIBIT A

# W. R. Grace & Co.
# Asbestos Personal Injury
# Proof of Claim Form

*The United States Bankruptcy Court for the District of Delaware*
*In re: W. R. Grace & Co., et al., Debtors, Case No. 01-01139 (JJF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO: [address]

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for personal injury resulting from exposure to asbestos-containing products as a result of the acts or omissions of Grace, THIS ASBESTOS PERSONAL INJURY PROOF OF CLAIM FORM MUST BE <u>RECEIVED</u> ON OR BEFORE 5:00 P.M. EASTERN TIME ON [BAR DATE], or you will be forever barred from asserting or receiving payment for your claim.

# INSTRUCTIONS FOR FILING THE W. R. GRACE & CO.
## ASBESTOS PERSONAL INJURY PROOF OF CLAIM FORM

## WHO SHOULD USE THIS ASBESTOS PERSONAL INJURY PROOF OF CLAIM FORM

1.  This Asbestos Personal Injury Proof of Claim Form (referred to in this document as the "Form") applies only to Current Asbestos Personal Injury Claims, including Settled Asbestos Claims, made against Grace by or on behalf of parties who are alleging personal injury arising from exposure to asbestos-containing products as a result of the acts or omissions of Grace (or any other person or entity for which Grace may be liable) if (i) such exposure occurred before April 2, 2001 *and* (ii) any symptoms of such injury have been diagnosed by a medical professional and exist as of the Asbestos Personal Injury Bar Date. Settled Asbestos Claims are those Asbestos Personal Injury Claims for which you and one or more of the debtors entered into a Settlement Agreement as of April 2, 2001, but for which you have yet to receive payment. Current Asbestos Personal Injury Claims do not include claims for property damage, or claims for contribution, indemnity, reimbursement or subrogation, even if these claims arise from exposure to asbestos or asbestos-containing products.

2.  This form should not be used for claims for an Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, or a Non-Asbestos Claim. Instead, separate specialized proof of claim forms for these claims should be completed.

3.  Please do not distribute this form to others. Please call (XXX) XXX-XXXX to request additional forms if they are needed.

## GENERAL INSTRUCTIONS

1.  This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 5:00 PM EASTERN TIME ON **[Bar Date]**, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Grace Claims Processing Center, c/o_____. _____ If you are returning this form by mail, allow sufficient time so that this form is received on or before **[Bar Date]**. Forms that are postmarked before **[Bar Date]** but received after **[Bar Date]** will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  This form must be filled out completely using BLACK or BLUE ink.

    • Please print clearly using capital letters only.     • Do not use a felt tip pen.

    • Skip a box between words.     • Do not bend or fold the pages of the form.

    • Do not write outside of the boxes or blocks.

4.  Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

5.  Mark check boxes with an "X" (example at right).     ☒

6.  Be accurate and truthful. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

7.  Make a copy of your completed Form to keep for your records. Send only original Forms to the Claims Agent at the following address: _____.

8.  You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

# INSTRUCTIONS FOR PART III -- Asbestos-Related Conditions

Respond to all applicable questions. If a section is left blank it will be interpreted to mean that the injured party does not have the specified injuries, conditions, or test results addressed in that section. To complete questions related to medical diagnoses, please use the following definitions:

**Pleural Changes:** Non-malignant changes to the lining of the lungs or chest wall, including (i) pleural plaques, (a circumscribed or localized area of fibrosis appearing in the lining of the chest wall or diaphragm) and/or (ii) pleural thickening (less defined scarring of the lung lining or chest wall that may be diffuse as opposed to circumscribed or localized). Pleural changes may or may not be calcified.

**Asbestosis:** Bilateral, diffuse fibrosis or scarring on the inside of the lungs caused by the inhalation of asbestos fibers.

**Lung Cancer:** Cancer of the lung also known as bronchogenic carcinoma.

**Malignant Mesothelioma:** Cancer of the thin membrane or lining surrounding the lung (pleural mesothelioma) or the thin membrane surrounding the abdomen (peritoneal mesothelioma) or heart (pericardial mesothelioma).

**Colorectal Cancer:** Cancer of the colon or rectum.

**Laryngeal Cancer:** Cancer of the larynx (voice box).

# INSTRUCTIONS FOR PART V -- Exposure History

Part V.B applies to persons who allege exposure due to asbestos in an occupational setting -- i.e., at work. Part V.C applies to persons who allege exposure to asbestos other than as a result of their job.

In Part V.B provide the requested information for each job or worksite at which the injured party was exposed to asbestos. Use the list of occupation and industry codes below to indicate the occupation in which the injured party was engaged and the industry in which the injured party worked at each exposure site. Identify the job site at which the injured party worked. If the injured party worked at more than one site or more than one job at a site where he/she claims exposure to asbestos, please use the Occupational Exposure History Supplemental Forms appended to the back of this claim form.

## Occupation Codes

| | |
|---|---|
| 01. Air conditioning and heating installer/maintenance | 30. Heavy equipment operator (incl. truck, forklift, and crane) |
| 02. Asbestos installer/insulator | 31. Insulator-- non-asbestos |
| 03. Asbestos Miner | 32. Iron worker |
| 04. Asbestos plant worker/asbestos manufacturing worker | 33. Joiner |
| 05. Asbestos removal/abatement | 34. Laborer |
| 06. Asbestos sprayer/Spray gun mechanic | 35. Longshoreman/rigger/stevedore/seaman |
| 07. Assembly line/factory/plant worker -- non-asbestos | 36. Machinist/machine operator |
| 08. Auto mechanic/bodywork | 37. Millwright/mill worker |
| 09. Boilermaker | 38. Mixer/bagger |
| 10. Boiler repairman | 39. Non-asbestos miner |
| 11. Boiler worker/cleaner/inspector/engineer/installer | 40. Painter |
| 12. Building maintenance/building superintendent | 41. Pipefitter |
| 13. Brake manufacturer/installer/repairman | 42. Plasterer |
| 14. Brick mason/layer/hod carrier | 43. Plumber -- install/repair |
| 15. Burner operator | 44. Power plant operator |
| 16. Carpenter/woodworker/cabinetmaker | 45. Professional (e.g., accountant, architect, physician) |
| 17. Chipper | 46. Railroad worker/carman/brakeman/machinist/conductor |
| 18. Clerical/office worker | 47. Refinery worker |
| 19. Construction -- general | 48. Remover/installer of gaskets |
| 20. Custodian/janitor in office/residential building | 49. Rubber/tire worker |
| 21. Custodian/janitor in plant/manufacturing facility | 50. Sandblaster |
| 22. Electrician/inspector/worker | 51. Sheet metal worker/sheet metal mechanic |
| 23. Engineer | 52. Shipfitter/shipwright/ship builder |
| 24. Firefighter | 53. Shipyard worker (incl. repair, maintenance) |
| 25. Fireman | 54. Steamfitter |
| 26. Flooring installer/tile installer/tile mechanic | 55. Steelworker |
| 27. Foundry worker | 56. Warehouse worker |
| 28. Furnace worker/repairman/installer | 57. Welder/blacksmith |
| 29. Glass worker | 58. Other |

## Industry Codes

| | | | |
|---|---|---|---|
| 101. | Aerospace/aviation | 111. | Maritime |
| 102. | Asbestos abatement/removal | 112. | Military |
| 103. | Asbestos manufacturing or asbestos mining | 113. | Non-asbestos products manufacturing |
| 104. | Automobile/mechanical friction | 114. | Petrochemical |
| 105. | Boiler repair/maintenance | 115. | Railroad |
| 106. | Chemical | 116. | Shipyard – construction/repair |
| 107. | Construction trades – residential | 117. | Textile |
| 108. | Construction trades – commercial | 118. | Tire/rubber |
| 109. | Iron/Steel | 119. | Utilities/power plant |
| 110. | Longshore | 120. | Other |

# PART I: INJURED PARTY INFORMATION

**NAME:**

Last Name                                        First Name                          MI

**GENDER:** ☐ MALE    ☐ FEMALE

**SOCIAL SECURITY NUMBER:**        **BIRTH DATE:**

☐☐☐ - ☐☐ - ☐☐☐☐      ☐☐ - ☐☐ - ☐☐☐☐

Month  Day  Year

**If injured party is:** ☐ Living  ☐ Deceased

**Mailing Address:**

Street Address

City                                                        State          Zip Code
                                                          /Province      /Postal Code

Country (if not U.S.)

**Day Time Telephone**

( ☐☐☐ ) ☐☐☐ - ☐☐☐☐

Area Code

**If injured party is deceased, indicate date, place & cause of death:**

**Date of Death**

☐☐ - ☐☐ - ☐☐☐☐      ☐☐          County (or Country if not U.S.)

Month  Day  Year      State /Province

**Primary Cause of Death (as stated in the Death Certificate)**

**Contributing Cause of Death (as stated in the Death Certificate)**

If injured party is deceased or a person is filing on his/her behalf (attorneys, complete Part II):

**Name of Trust, Estate, Representative, or Other Entity Submitting Claim**

*Last Name*                                                      *First Name*                                    *MI*

**Mailing Address:**

*Street Address*

*City*                                                                              *State* *Zip Code*
                                                                                    */Province* */Postal Code*

*Country (if not U.S.)*

**Day Time Telephone**                    **Relationship to Injured Party**

( ) - 

*Area Code*

## PART II: ATTORNEY INFORMATION

If an attorney is representing this injured party or the representative of this injured party, complete this section.
(You do not need to be represented by an attorney to submit a claim.)

**Law Firm Name**

**Attorney Name**

**Mailing Address for Claim-Related Correspondence**

*Street Address*

*City*                                                                              *State* *Zip Code*
                                                                                    */Province* */Postal Code*

*Country (if not U.S.)*

**Telephone Number**                    **Fax Number**

( ) -                              ( ) -

*Area Code*                               *Area Code*

**E-Mail Address**

**SERIAL #**

# PART III: ASBESTOS-RELATED CONDITION(S)

## A. Diagnosed Conditions

Mark the box next to all conditions with which the injured party has been diagnosed and provide (i) the date of first diagnosis, and (ii) the specific medical information requested in Part IV if applicable. Attach medical records relating to the injured party's diagnosis for any condition checked below as specified at Part IV. See instructions for definitions of medical conditions.

**1. ☐ Pleural Changes**
Mark this box if the injured party has been diagnosed with any pleural condition (see instructions for definition).

**First Diagnosis**

☐☐ - ☐☐☐☐
*Month   Year*

**2. ☐ Bilateral Interstitial Lung Disease/Asbestos**
**First Diagnosis**

☐☐ - ☐☐☐☐
*Month   Year*

**3. ☐ Lung Cancer**
**First Diagnosis**

☐☐ - ☐☐☐☐
*Month   Year*

**4. Malignant Mesothelioma**
  ☐ Pleural Mesothelioma
  ☐ Peritoneal Mesothelioma

**First Diagnosis**

☐☐ - ☐☐☐☐
*Month   Year*

**5. ☐ Other Cancer**
  ☐ Colorectal    ☐ Laryngeal    ☐ Other      If Other, Specify

**First Diagnosis**

☐☐ - ☐☐☐☐
*Month   Year*

**6. ☐ Other Asbestos-Related Injury**          Specify

**First Diagnosis**

☐☐ - ☐☐☐☐
*Month   Year*

**7. For which condition(s), if any, has any doctor identified an alternative or non-asbestos cause? (Mark all that apply.)**

  ☐ Pleural Changes                                    ☐ Lung Cancer
  ☐ Bilateral Interstitial Lung Disease/Asbestosis     ☐ Malignant Mesothelioma
  ☐ Other Cancer                                       ☐ Other Asbestos-Related Injury

## B. LUNG FUNCTION/X-RAYS

**1.** Please provide the injured party's most recent lung function test scores. If any item is left blank, it will be assumed that the injured party has not had that particular lung function test. (Mark all that apply.)

☐ **FVC**
FORCED VITAL CAPACITY

Test Date ☐☐ - ☐☐☐☐
*Month  Year*

Score ☐☐☐ L

Percent of Predicted ☐☐☐

☐ **FEV**
FUNCTIONAL EXPIRATORY VOLUME

Test Date ☐☐ - ☐☐☐☐
*Month  Year*

Score ☐☐☐ L

Percent of Predicted ☐☐☐

☐ **DLCO**
DIFFUSING CAPACITY (CARBON MONOXIDE)

Test Date ☐☐ - ☐☐☐☐
*Month  Year*

Score ☐☐☐ L

Percent of Predicted ☐☐☐

☐ **TLC**
TOTAL LUNG CAPACITY

Test Date ☐☐ - ☐☐☐☐
*Month  Year*

Score ☐☐☐ L

Percent of Predicted ☐☐☐

☐ LUNG FUNCTION TESTS HAVE NOT BEEN PERFORMED

**2.** Please provide the injured party's most recent ILO rating and additional data from the ILO form.

☐ ILO RATING

Test Date ☐☐ - ☐☐☐☐
*Month  Year*

Results ☐

☐ TYPE OF OPACITIES AS STATED ON FORM
☐ Round        ☐ Irregular
☐ Bilateral    ☐ Unilateral
☐ Size

## C. DIAGNOSING DOCTORS

For each condition checked in Part III A. please list the diagnosing doctor. If more than two doctors have diagnosed the injured party. please copy this page before filling it out and attach additional pages as necessary.

**Doctor's Name:**

*Last Name*                                    *First Name*

**Specialty**

**Diagnosis Given**

**Address:**

*Street Address*

*City*                                    *State /Province*    *Zip Code /Postal Code*

*Country (if not U.S.)*

## C. DIAGNOSING DOCTORS (continued)

**Doctor's Name:**

*Last Name*                                      *First Name*

**Specialty**

**Diagnosis Given**

**Address:**

*Street Address*

*City*                                  *State*          *Zip Code*
                                        */Province*       */Postal Code*

*Country (if not U.S.)*

## D. SMOKING HISTORY

1. **Has the injured party ever used tobacco products? (check one)**      ☐ Yes      ☐ No

2. *If yes*, complete the chart below:

☐ **Cigarettes**                ☐ **Cigars**                    ☐ **Other Tobacco Products**
                                                                Specify (e.g. chewing tobacco)

Packs per Day              Cigars per Day              Amt. per Day
*Half Pack = .5*                                       *(e.g. # of tins)*

From Year   To Year   ■   From Year   To Year   ■   From Year   To Year

# PART IV: SUPPORTING DOCUMENTATION

You must attach medical records, including any x-rays and CT scans, relating to the diagnosis/-es claimed and medical data provided in Part III. Please use the checklist below and indicate which medical documents you are submitting with this form. Submit all records for all such x-rays and CT scans performed in the last two years.

☐ Medical records and/or report containing a statement of          ☐ X-rays and reports/interpretations
   diagnosis for conditions claimed

                                                                   ☐ CT scans and any reports/interpretations
☐ Lung function test results/interpretations

☐ Pathology reports if such reports relate to any diagnosis claimed

# PART V: EXPOSURE HISTORY

## A. PERIOD OF EXPOSURE TO ASBESTOS

Indicate the first date on which the injured party was exposed to any asbestos-containing product or material and the last date on which the injured party was exposed to any asbestos-containing product or material. These dates **must** be included as part of the exposure history in part B.

**First Exposure**
☐☐☐☐
*Year*

**Last Exposure**
☐☐☐☐
*Year*

**Total number of years of exposure to asbestos-containing products or materials from Occupational History below:** ☐☐

1. **If exposure occurred because the injured party was exposed to an occupationally exposed person, provide details about that other person's exposure:**

   a.  Do you allege an asbestos-related disease solely due to exposure to a person who was occupational exposed to asbestos (such as a spouse or parent)?  ■
   ☐ Yes      ☐ No

   b.  Name of occupationally exposed person:
   ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐       ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
   *Last Name*                                                      *First Name*

   c.  Social Security Number of occupationally exposed person    Relationship to injured party
   ☐☐☐-☐☐-☐☐☐☐       ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

   e.  Occupationally exposed person's exposure years:
   From ☐☐-☐☐☐☐       To ☐☐-☐☐☐☐
   *Month  Year*                *Month  Year*

   f.  Please fill out the Occupational Exposure History Supplemental Form (attached to this Proof of Claim Form).

2. **Does the injured party allege that exposure occurred as a result of non-occupational exposure but <u>not</u> based on another person's exposure? (If Yes, describe below.)**
   ☐ Yes      ☐ No

## B. OCCUPATIONAL EXPOSURE HISTORY

*See instructions for information on how to complete this section.*

☞ If the injured party worked at more than one site or in more than one job category at a site where he/she claims exposure to asbestos, use attached Occupational Exposure History Supplemental Form. Use one form for each site or job category.

**1. a. Asbestos Exposure dates:**
   From ☐☐-☐☐☐☐       To ☐☐-☐☐☐☐
   *Month  Year*                *Month  Year*
   ■

   **b. Dates of Exposure to Grace Asbestos Products:**
   From ☐☐-☐☐☐☐       To ☐☐-☐☐☐☐
   *Month  Year*                *Month  Year*

**2.  Occupation:** ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

   Occupation ☐☐     If Code 58, specify ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

   Industry ☐☐     If Code 120, specify ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

931316                                    **SERIAL #**   ■

**3.**  **Injured Party's Employer** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

**4.**  **Exposure Site**

**Name of Site:**

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

**Site Owner:**

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

**Site Address:**

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
*Street Address*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   [ ][ ]   [ ][ ][ ][ ][ ]
*City*                                                                                          *State*       *Zip Code*
                                                                                                /*Province*   /*Postal Code*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   ■
*Exposure Site Country (if not U.S.)*

**5.**  **During the time of this exposure to Grace's asbestos products, was the injured person (check all that apply):**

☐ A worker who personally installed  Grace asbestos/asbestos-containing products

☐ A worker at the site, but not in the immediate  work space where Grace asbestos/asbestos-containing products were being installed by others

☐ A worker in a work space where Grace asbestos/asbestos-containing products were being installed by others

☐ Other (specify below)

**If Other, specify** [_____]

**6.**  **List all asbestos-containing products to which the injured party claims exposure at this site. Include type of product, product name, and manufacturer. In column (a) list all products and materials the injured party attributes to Grace at the site. In column (b) describe the basis for the identification of the product as a Grace product.  In column (c) list all other asbestos-containing products to which the injured party was occupationally exposed.**

| a. Products Attributed to Grace | b. Basis for Identification of Grace product | c. Products Attributed to Others |
|---|---|---|
| | | |
| | | |

# PART VI: LITIGATION

**A.**  **Has any asbestos-related lawsuit ever been filed on behalf of this injured party?**

☐ Yes      ☐ No

*If Yes*, answer the rest of this section. If No, skip to Part VII.

**1.**  **Give the two-letter code of the state/province where this suit is or was pending:**  [ ][ ]
                                                                                            *State/Province*

**2.**  **Has a judgment or verdict been entered?**  ■

☐ Yes      ☐ No

**3.**  **If Yes, verdict amount and defendant(s):**  $ [ ][ ][ ][ ][ ][ ][ ][ ]
                                                      *Verdict Amount*

Defendant(s)  [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

# PART VII: SETTLEMENTS

1. **Has any asbestos-related personal injury claim been submitted on behalf of the injured party to any bankruptcy trust or other claim facility or entity?**

   ☐ Yes      ☐ No

2. **Has any such claim been settled?**

   ☐ Yes      ☐ No

   *If Yes*, please provide aggregate amount of settlements:     $ ⬚⬚⬚⬚⬚⬚⬚⬚⬚

3. **Has the injured party settled any asbestos-related personal injury claim with W. R. Grace?**

   ☐ Yes      ☐ No

   *If Yes*, answer the rest of this section.  If No, skip to Part VIII.

4. *If Yes* **to Question 3, date of settlement:**     Settlement Date

   ⬚⬚ - ⬚⬚ - ⬚⬚⬚⬚
   *Month  Day    Year*

5. *If Yes* **to Question 3, please check all that apply regarding the status of the settlement:**

   ☐ Release executed by or on behalf of injured party and submitted to W. R. Grace prior to April 2, 2001

   ☐ Settlement agreement executed by or on behalf of injured party and submitted to W. R. Grace prior to April 2, 2001

   Amount                                    Date of Payment
   ☐ Settlement paid in full   $ ⬚⬚⬚⬚⬚⬚⬚    ⬚⬚ - ⬚⬚ - ⬚⬚⬚⬚
                                                              *Month  Day    Year*

   Amount                                    Date of Payment
   ☐ Settlement paid in part   $ ⬚⬚⬚⬚⬚⬚⬚    ⬚⬚ - ⬚⬚ - ⬚⬚⬚⬚
                                                              *Month  Day    Year*

   Total Amount of Settlement
   $ ⬚⬚⬚⬚⬚⬚⬚

   Settlement documents submitted to W. R. Grace or on behalf of the injured party     Date of Submission

   ⬚⬚ - ⬚⬚ - ⬚⬚⬚⬚
   *Month  Day    Year*

   Release executed by or on behalf of injured party and W. R. Grace authorizing     Date of Execution
   additional claim for certain diseases manifesting after date of settlement
   (known as a limited disease release)

   ⬚⬚ - ⬚⬚ - ⬚⬚⬚⬚
   *Month  Day    Year*

**SERIAL #**

# PART VIII: DEPENDENT OR RELATED PARTY CLAIM

☞ This section is to be completed only by dependents or related parties (such as spouse or child) of an injured party who believes he/she has a current claim against Grace that does not involve physical injury to him-/herself based on his/her own exposure. If a dependent or related party has a current claim against Grace for asbestos-related damages that does involve physical injury to him-/herself based on his/her own exposure to asbestos, then such dependent or related party is considered a separate "injured party" and he/she or the legal representative must fill out a separate Grace Asbestos Personal Injury Proof of Claim Form.

☞ This section is to be used by only one dependent or related party. If you wish to submit more than one Dependent or Related-Party Claim. please photocopy this page prior to filling it out and complete a separate page for each person making a claim.

☞ This claim form must be signed by the dependent or related party or the person filing the claim on his/her behalf (such as the personal representative or his/her attorney).

**Dependent or Related Party Name**

*Last Name*                                                    *First Name*                    *MI*

**Address:**

*Street Address*

*City*                                                                          *State /Province*    *Zip Code /Postal Code*

*Country (if not U.S.)*

**Social Security Number**

☐☐☐ - ☐☐ - ☐☐☐☐

**Financially Dependent:**    ☐ Yes      ☐ No

**Date of Birth**

☐☐ - ☐☐ - ☐☐☐☐
*Month  Day    Year*

**Relationship to Injured Party:**    ☐ Spouse    ☐ Child    ☐ Other    If Other, specify

**Injured Party Name**

*Last Name*                                                    *First Name*                    *MI*

**Injured Party Social Security Number**

☐☐☐ - ☐☐ - ☐☐☐☐

**SERIAL #**

# PART IX: SIGNATURE PAGE

**All claims must be signed by the injured party or the person filing on his/her behalf**
**(such as the personal representative or attorney).**

1.  I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. To the best of my knowledge, the information is accurate and complete.

|  |  |  | | Month | Day | Year |

**SIGNATURE OF INJURED PARTY,**
**REPRESENTATIVE, OR ATTORNEY**

**IF THE SIGNATURE IS NOT THAT OF THE INJURED PARTY,**
**PLEASE PRINT THE NAME OF THE SIGNATORY ABOVE AND INDICATE THE**
**RELATIONSHIP TO THE INJURED PARTY**

2a.  I hereby authorize and request the medical professionals listed in this claim form and all other parties with custody of any documents or information concerning the injured party's medical history and treatment disclose any and all records concerning the injured party's medical history, diagnoses and treatment to Grace or its representatives.

|  |  |  | | Month | Day | Year |

**SIGNATURE OF INJURED PARTY,**
**REPRESENTATIVE, OR ATTORNEY**

2b.  I hereby authorize the release of the injured party's Social Security Number for use in comparing information provided separately to other asbestos trusts or claims facilities to verify the completeness and accuracy of the information contained in this form.

|  |  |  | | Month | Day | Year |

**SIGNATURE OF INJURED PARTY,**
**REPRESENTATIVE, OR ATTORNEY**

**IF THE SIGNATURE IS NOT THAT OF THE INJURED PARTY,**
**PLEASE PRINT THE NAME OF THE SIGNATORY ABOVE AND INDICATE THE**
**RELATIONSHIP TO THE INJURED PARTY**

# THE PENALTY FOR SUBMITTING A FRAUDULENT CLAIM
# IS A FINE OF UP TO $500,000 OR
# IMPRISONMENT FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 3571

# OCCUPATIONAL EXPOSURE HISTORY SUPPLEMENTAL FORM

*See instructions for information on how to complete this section.*

☞ If the injured party worked at more than one site or in more than one job category at a site where he/she claims exposure to asbestos, use attached Occupational Exposure History Supplemental Form. Use one form for each site or job category.

**1. a.  Asbestos Exposure dates:**

From  ☐☐ - ☐☐☐☐        To  ☐☐ - ☐☐☐☐
      *Month  Year*              *Month  Year*

**b.  Dates of Exposure to Grace Asbestos Products:**

From  ☐☐ - ☐☐☐☐        To  ☐☐ - ☐☐☐☐
      *Month  Year*              *Month  Year*

**2.  Occupation:**  ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Occupation ☐☐    If Code 58, specify ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Industry ☐☐☐    If Code 120, specify ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**3.  Injured Party's Employer**  ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**4.  Exposure Site**

**Name of Site:**

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**Site Owner:**

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**Site Address:**

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

*Street Address*

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  ☐☐ ☐☐☐☐☐

*City*                                                    *State     Zip Code*
                                                          */Province  /Postal Code*

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

*Exposure Site Country (if not U.S.)*

**5.  During the time of this exposure to Grace's asbestos products, was the injured person (check all that apply):**

☐ A worker who personally installed Grace asbestos/asbestos-containing products

☐ A worker in a work space where Grace asbestos/asbestos-containing products were being installed by others

☐ A worker at the site, but not in the immediate work space where Grace asbestos/asbestos-containing products were being installed by others

☐ Other (specify below)

**If Other, specify** ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**6.  List all asbestos-containing products to which the injured party claims exposure at this site. Include type of product, product name, and manufacturer. In column (a) list all products and materials the injured party attributes to Grace at the site. In column (b) describe the basis for the identification of the product as a Grace product. In column (c) list all other asbestos-containing products to which the injured party was occupationally exposed.**

| a. Products Attributed to Grace | b. Basis for Identification of Grace product | c. Products Attributed to Others |
|---|---|---|
| | | |
| | | |

# EXHIBIT B

# W.R. GRACE & CO.
# ZONOLITE ATTIC INSULATION
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re:W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JJF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO: [address]

For a complete list of the Debtors in this case, please see "The Debtors" section of the
*General Instructions for Completing Proof of Claim Forms".* The Debtors in this case are
collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage for the presence of
Zonolite Attic Insulation in your property, THIS ZONOLITE ATTIC INSULATION PROOF OF
CLAIM FORM MUST BE <u>RECEIVED</u> ON OR BEFORE 5:00 P.M. EASTERN TIME ON [BAR DATE],
or you will be forever barred from asserting or receiving payment for your claim.

# INSTRUCTIONS FOR FILING THE W.R. GRACE & CO.
## ZONOLITE ATTIC INSULATION PROOF OF CLAIM FORM

## WHO SHOULD USE THIS ZONOLITE ATTIC INSULATION PROOF OF CLAIM FORM

1.  This Zonolite Attic Insulation Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage as a result of the presence of Zonolite Attic Insulation in real property owned by the party (such person is referred to in this document as the "claiming party").

2.  This form should not be used for claims for an Asbestos Personal Injury Claim, non-Zonolite Attic Insulation Asbestos Property Damage Claim, Settled Asbestos Claim, or a Non-Asbestos Claim.  Instead, separate specialized proof of claim forms for these claims should be completed.

3.  If you have <u>current</u> claims against Grace as a result of the presence of Zonolite Attic Insulation in more than one (1) real property, the claiming party should complete a Zonolite Attic Insulation Proof of Claim Form for <u>each</u> property. You may photocopy this Form (before writing on it) if additional Forms are needed.

## GENERAL INSTRUCTIONS

1.  This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 5:00 PM EASTERN TIME ON [Bar Date], or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace.  Return your completed form to the Grace Claims Processing Center, P.O. Box XXXX, Anytown XX 12345-1234.
    If you are returning this form by mail, allow sufficient time so that this form is received on or before [Bar Date].  Forms that are postmarked before [Bar Date] but received after [Bar Date] will not be accepted. Only original forms will be accepted for filing.  Forms transmitted by facsimile will not be accepted for filing.

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  This form must be filled out completely using BLACK or BLUE ink.

    - Please print clearly using capital letters only.    • Do not use a felt tip pen.
    - Skip a box between words.    • Do not bend or fold the pages of the form.
    - Do not write outside of the boxes or blocks.

4.  Because this form will be read by a machine, please print characters using the examples below.  For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

5.  Mark check boxes with an "X" (example at right).    ☒

6.  Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

7.  Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Agent at the following address: _____.

8.  You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

First          Middle          Last          Jr/Sr/III

**SOCIAL SECURITY NUMBER:**

**Other names by which claiming party has been known (such as maiden name or married name):**

First          MI   Last

First          MI   Last

**GENDER:**  ☐ MALE    ☐ FEMALE

**BIRTH DATE:**

Month   Day   Year

**Mailing Address:**

Street Address

City          State          Zip Code
              (Province)    (Postal Code)

Country

# PART 2:  ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

**Name of Attorney:**

First                    MI   Last

**Mailing Address:**

Street Address

City          State          Zip Code
              (Province)    (Postal Code)

**Telephone:**

Area Code

SERIAL #

# PART 3:   PROPERTY INFORMATION

## INSTRUCTIONS FOR REAL PROPERTY INFORMATION

· Provide information for all applicable sections.
· Failure to complete any section will be interpreted to mean that the claiming party does not have the specified conditions, circumstances, or proof addressed in that section.

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

*Street Address*

*City*                                                                  *State*        *Zip Code*
                                                                        *(Province)*   *(Postal Code)*

*Country*

2. Are you completing a Zonolite Attic Insulation Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☐ Yes      ☐ No      ■

3. Do you currently own the property listed in Question 1, above?

   ☐ Yes      ☐ No

4. When did you purchase the property?    ☐☐ – ☐☐ – ☐☐☐
   *Month  Day    Year*

5. What is the property used for (check all that apply)

   ☐ Owner occupied residence

   ☐ Residential rental

   ☐ Commercial

   ☐ Other      Specify: _____

## B. Insulation Information

6. What types of insulation are present in the property? (Check all that apply)

   ☐ Roll-out insulation

   ☐ Blown fiber insulation      ■

   ☐ Loose granular insulation

   ☐ Matting insulation

   ☐ Other      Specify: _____

7.  Is Zonolite Attic Insulation currently in the property?

■    □ Yes        □ No

> **If Yes, Attach All Documents Referring Or Relating To The Presence Of Zonolite Attic Insulation In The Property.**

> • **If you answered "No" to Question No. 7 please skip to Questions No. 17**

8.  Where is Zonolite Attic Insulation present in the property? (Check all that apply)

□ Attic

□ Other        Specify: _____

9.  When was Zonolite Attic Insulation put in the property?    □□ - □□ - □□□□
                                                                *Month  Day    Year*

10.  Who put Zonolite Attic Insulation in the property?                    ■

□ Claiming party

□ Contractor

□ Other        Specify: _____

11.  Do you have documentation relating to the purchase and/or installation of Zonolite Attic Insulation for the property (e.g., invoices, receipts, other)?

□ Yes

□ No

> **If Yes, Attach All Documents Relating Or Referring To Such Efforts.**

12.  Is the Zonolite Attic Insulation exposed or covered?

□ Exposed, nothing on top of it.

□ Covered, by:

   □ Other insulation

   □ Boarding

   □ Flooring

   □ Other        Specify: _____

13.  When did you first learn of the presence of Zonolite Attic Insulation in the property?    □□ - □□ - □□□□
                                                                                                *Month  Day    Year*

        ■

14.  How did you first learn of the presence of Zonolite Attic Insulation in the property?

_____

15.  Has there ever been an effort to remove, contain and/or abate the Zonolite Attic Insulation in the property?

□ Yes        □ No

> **If Yes, Attach All Documents Relating Or Referring To Such Efforts.**

16.  If yes, please specify the dates and description of such efforts.

| | | | - | | | - | | | | |
*Month*  *Day*  *Year*    Description [                                    ]

| | | | - | | | - | | | | |
*Month*  *Day*  *Year*    Description [                                    ]

| | | | - | | | - | | | | |
*Month*  *Day*  *Year*    Description [                                    ]

## C. Attic Information

- **If you checked the "attic" box in question 8., complete this section.**
- **If you did not check the "attic" box in question 8., move to section D.**

17.  Is the attic finished or unfinished?
- ☐ Unfinished
- ☐ Finished

18.  What is the attic primarily used for?
- ☐ Not used
- ☐ Storage
- ☐ Living area (e.g., finished attic)
- ☐ Other        Specify: [                                    ]

19.  Does anyone go into the attic?
- ☐ Yes
- ☐ No

20.  Has the Zonolite Attic Insulation ever been modified and/or disturbed?
- ☐ Yes
- ☐ No

21.  If yes, specify when and in what manner the Zonolite Attic Insulation was modified and/or disturbed?

| | | | - | | | - | | | | |
*Month*  *Day*  *Year*    Description [                                    ]

| | | | - | | | - | | | | |
*Month*  *Day*  *Year*    Description [                                    ]

| | | | - | | | - | | | | |
*Month*  *Day*  *Year*    Description [                                    ]

22.  Is your attic vented?
- ☐ Yes
- ☐ No

**SERIAL #**

23. Has there ever been any damage to the property's attic (e.g., fire, water, etc.)?

☐ Yes

☐ No

24. If yes, when?

[  ]-[  ]-[    ]   Specify damage: [                    ]
*Month Day  Year*

[  ]-[  ]-[    ]   Specify damage: [                    ]
*Month Day  Year*

25. Has there ever been any remodeling or other work done inside the attic?

☐ Yes

☐ No

26. If yes, when?

[  ]-[  ]-[    ]   Specify work: [                    ]
*Month Day  Year*

[  ]-[  ]-[    ]   Specify work: [                    ]
*Month Day  Year*

[  ]-[  ]-[    ]   Specify work: [                    ]
*Month Day  Year*

## D. Asbestos Testing

27. Has there ever been any testing or sampling for the presence of asbestos or other particulates on your property?

☐ Yes

☐ No

> **If Yes, Attach To This Form All Documents Related To Any Testing Of The Property.**

28. If yes, when and by whom and the type of testing and/or sampling(e.g., air, bulk and dust sampling) ?

[  ]-[  ]-[    ]   Company/Individual [                    ]
*Month Day  Year*   Type of testing: [                    ]

[  ]-[  ]-[    ]   Company/Individual [                    ]
*Month Day  Year*   Type of testing: [                    ]

[  ]-[  ]-[    ]   Company/Individual [                    ]
*Month Day  Year*   Type of testing: [                    ]

931215

**SERIAL #**

## PART 4:  SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim.  I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION:  I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form  to disclose any and all records to Grace  or to Grace's representative.

I hereby authorize the release of my Social Security number for use in comparing information provided separately to other asbestos trusts or claims facilities to verify the completeness and accuracy of the information contained in this Form.

_____

SIGNATURE OF CLAIMANT

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152, 3571.

SERIAL #

# EXHIBIT C

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re:W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JJF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO: [address]

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms"*.  The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage resulting from asbestos from Grace *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE <u>RECEIVED</u> ON OR BEFORE 5:00 P.M. EASTERN TIME ON [BAR DATE], or you will be forever barred from asserting or receiving payment for your claim.

## INSTRUCTIONS FOR FILING THE W.R. GRACE & CO.
## ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

### WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1. This Asbestos Property Damage Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims made against Grace by or on behalf of parties who are alleging property damage with respect to the presence of asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities (other than for Zonolite attic insulation, for which a separate Zonolite Attic Insulation Claim Form should be submitted).

2. This form should not be used for claims for an Asbestos Personal Injury Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim, or a Non-Asbestos Claim. Instead, separate specialized proof of claim forms for these claims should be completed.

3. If you are alleging current claims against Grace with respect to the presence of asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for <u>each</u> property. You may photocopy this Form (before writing on it) if additional Forms are needed.

### GENERAL INSTRUCTIONS

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 5:00 PM EASTERN TIME ON [Bar Date], or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Grace Claims Processing Center, P.O. Box XXXX, Anytown XX 12345-1234.
   If you are returning this form by mail, allow sufficient time so that this form is received on or before [Bar Date]. Forms that are postmarked before [Bar Date] but received after [Bar Date] will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. This form must be filled out completely using BLACK or BLUE ink.
   - Please print clearly using capital letters only.
   - Skip a box between words.
   - Do not write outside of the boxes or blocks.
   - Do not use a felt tip pen.
   - Do not bend or fold the pages of the form.

4. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

5. Mark check boxes with an "X" (example at right).    ☒

6. Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

7. Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Agent at the following address: _____.

8. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

First    Middle    Last    Jr/Sr/III

**SOCIAL SECURITY NUMBER:**

☐☐-☐☐-☐☐☐☐

Other names by which claiming party has been known (such as maiden name or married name):

First    MI    Last

First    MI    Last

**GENDER:**  ☐ MALE    ☐ FEMALE

**BIRTH DATE:**

☐☐-☐☐-☐☐☐☐
Month  Day  Year

**Mailing Address:**

Street Address

City    State (Province)    Zip Code (Postal Code)

Country

# PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

**Name of Attorney:**

First    MI    Last

**Mailing Address:**

Street Address

City    State (Province)    Zip Code (Postal Code)

**Telephone:**

(☐☐☐) ☐☐☐-☐☐☐☐
Area Code

927611

SERIAL #

Case 01-01139-AMC Doc 595 Filed 06/27/01

## PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

Street Address

City                                                                    State          Zip Code
                                                                        (Province)    (Postal Code)

Country

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☐ Yes        ☐ No   ■

3. Do you currently own the property listed in Question 1, above?

   ☐ Yes        ☐ No

4. When did you purchase the property?

   ☐☐ - ☐☐ - ☐☐☐☐
   Month  Day   Year

5. What is the property used for (check all that apply)?

   ☐ Owner occupied residence
   ☐ Residential rental
   ☐ Commercial
   ☐ Industrial    Specify:
   ☐ Other         Specify:

6. How many floors does the property have?   ☐☐

7. What is the square footage of the property?   ☐☐☐☐☐☐   ■

8. When was the property built?   ☐☐☐☐

9. What is the structural support of the property?

   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☐ Steel beam/girder
   ☐ Other    Specify:

10. Have any interior renovations been completed in the property?

    ☐ Yes        ☐ No

927612

SERIAL #

## A. Real Property For Which A Claim Is Being Asserted (continued)

11. If yes, please specify the dates and descriptions of such renovations.

☐☐ - ☐☐ - ☐☐☐☐   Description [                                                    ]
*Month  Day    Year*

☐☐ - ☐☐ - ☐☐☐☐   Description [                                                    ]
*Month  Day    Year*

☐☐ - ☐☐ - ☐☐☐☐   Description [                                                    ]
*Month  Day    Year*

## B. Claim Category

12. For which category are you making a claim on the property?

☐ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 10, complete section C.
- If you checked Category 2 in question 10, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From a Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☐ Other   Specify: [                                                    ]

14. When was the product put in the property?   ☐☐ - ☐☐ - ☐☐☐☐
                                                 *Month  Day    Year*

15. What was the name of the architect or architectural firm who designed the property?

[                                                                                        ]

16. What was the name of the general contractor in charge of the construction of the property?

[                                                                                        ]

17. What was the name of the general engineer or engineering firm in charge of the construction of the property?

[                                                                                        ]

18. What was the name of the company or entity that installed the product?

[                                                                                        ]

927613                                                          SERIAL #

...tion according to the purchase and/or installation of the product in the...

☐ Yes     ☐ No     **If Yes, Attach All Such Documentation.**

20. When did you first know of the presence of an alleged Grace asbestos-containing product in the property?

☐☐ - ☐☐ - ☐☐☐☐
*Month  Day   Year*

**Attach All Documents Relating Or Referring To The Presence Of Asbestos In The Property.**

21. How did you first learn of the presence of an alleged Grace asbestos-containing product in the property?

22. Has there ever been an effort to remove, contain and/or abate the alleged Grace asbestos-containing product in the property?

☐ Yes     ☐ No     **If Yes, Attach All Documents Relating Or Referring To Such Efforts.** ■

23. If yes, please specify the dates and description of such efforts.

☐☐ - ☐☐ - ☐☐☐☐   Description
*Month  Day   Year*

☐☐ - ☐☐ - ☐☐☐☐   Description
*Month  Day   Year*

☐☐ - ☐☐ - ☐☐☐☐   Description
*Month  Day   Year*

24. Has there ever been any testing or sampling for the presence of asbestos or other particulates in the property?

☐ Yes     ☐ No     **If Yes, Attach All Documents Related To Any Testing Of The Property.** ■

25. If yes, when and by whom and the type of testing and/or sampling (e.g., air, bulk and dust sampling)?

☐☐ - ☐☐ - ☐☐☐☐   Company/Individual
*Month  Day   Year*   Type of testing:

☐☐ - ☐☐ - ☐☐☐☐   Company/Individual
*Month  Day   Year*   Type of testing:

☐☐ - ☐☐ - ☐☐☐☐   Company/Individual
*Month  Day   Year*   Type of testing:

26. Has the alleged Grace asbestos-containing product ever been modified and/or disturbed?

☐ Yes     ☐ No

927614

**SERIAL #** ■

27. Jun. 27. 2001 11:36AM when NCS nner the Grace product was modified and/or disturbed?    No. 8536   P. 7/13

- [ ] Month - Day - Year    Description [_____]
- [ ] Month - Day - Year    Description [_____]
- [ ] Month - Day - Year    Description [_____]

**D.    Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

28. What is the business address or location of the Grace operation which has led to your claim?

[_____]
Business Name

[_____]
Street Address

[_____]    [__] State (Province)   [__] Zip Code (Postal Code)
City

[_____]
Country

29. Does (or did) anyone living in the household work for the Grace operation against which you are making a claim?
- [ ] Yes   - [ ] No

30. If yes, specify the following for each such individual:

[_____]
Name of Individual Working at Grace Operation
[__]-[__]-[__] Month Day Year
Date of Birth
[_____]
Occupation(s) of Individual
[__]-[__]-[__]  [__]-[__]-[__]
Month Day Year   Month Day Year
Dates Worked at Operation (From-To)

[_____]
Name of Individual Working at Grace Operation
[__]-[__]-[__] Month Day Year
Date of Birth
[_____]
Occupation(s) of Individual
[__]-[__]-[__]  [__]-[__]-[__]
Month Day Year   Month Day Year
Dates Worked at Operation (From-To)

[_____]
Name of Individual Working at Grace Operation
[__]-[__]-[__] Month Day Year
Date of Birth
[_____]
Occupation(s) of Individual
[__]-[__]-[__]  [__]-[__]-[__]
Month Day Year   Month Day Year
Dates Worked at Operation (From-To)

[_____]
Name of Individual Working at Grace Operation
[__]-[__]-[__] Month Day Year
Date of Birth
[_____]
Occupation(s) of Individual
[__]-[__]-[__]  [__]-[__]-[__]
Month Day Year   Month Day Year
Dates Worked at Operation (From-To)

927615

SERIAL #

31. When did you first know of the presence of asbestos on the property?

☐☐ - ☐☐ - ☐☐☐☐
Month   Day   Year

52. How did you first learn of the presence of asbestos on the property?

[blank box]

Attach All Documents
Relating Or Referring
To The Presence Of
Asbestos On The
Property

33. Has there ever been an effort to remove, contain and/or abate the asbestos on the property?

☐ Yes      ☐ No      If Yes, Attach All Documents Relating
                      Or Referring To Such Efforts.

34. If yes, please specify the dates and description of such efforts.

☐☐ - ☐☐ - ☐☐☐☐      Description [          ]
Month   Day   Year

☐☐ - ☐☐ - ☐☐☐☐      Description [          ]
Month   Day   Year

☐☐ - ☐☐ - ☐☐☐☐      Description [          ]
Month   Day   Year

35. Has there ever been any other testing or sampling for the presence of asbestos on the property?

☐ Yes      ☐ No      If Yes, Attach All Documents Relating
                      Or Referring To Such Testing.

36. If yes, when and by whom and the type of testing/sampling
conducted on the property?

☐☐ - ☐☐ - ☐☐☐☐      Company/Individual [          ]
Month   Day   Year   Type of testing: [          ]

☐☐ - ☐☐ - ☐☐☐☐      Company/Individual [          ]
Month   Day   Year   Type of testing: [          ]

☐☐ - ☐☐ - ☐☐☐☐      Company/Individual [          ]
Month   Day   Year   Type of testing: [          ]

37. Were you aware of the presence of asbestos when you purchased the property?

☐ Yes      ☐ No

58. If you have sold the property, were you aware of the presence of asbestos when you sold the property?

☐ Yes      ☐ No      ☐ Not Applicable, have not sold the property

927616                                    SERIAL #

Jun. 27. 2001  F1:36AM  ___AR__ NCS.   **ASBESTOS LITIGATION AND CLAIMS**    No. 8536   P. 9/13

## A. INTRODUCTION

1. Has the claiming party or his or her representative contacted a lawyer about a possible asbestos-related property damage lawsuit or claim?

   ☐ Yes        ☐ No

   If "yes," when did the claiming party or his or her representative first contact a lawyer about a possible property damage lawsuit or claim?

   ☐☐ ☐☐☐☐    ■
   *Month  Year*

2. Has any asbestos-related property damage lawsuit or claim been filed on behalf of this claiming party?

   ☐ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party, complete Section B.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party, complete Section C.*

## B. LAWSUITS

1. If more than one suit has been filed, photocopy this page and complete one set of questions for each lawsuit. The claimant must attach a court-dated copy of the face page of the complaint filed. *(Failure to do so may result in the claiming party's claim being forever barred.)*

   **Attach Copy of Complaint**

   a. Court where suit originally filed: ☐☐☐☐☐☐☐☐☐☐☐☐    Docket No.: ☐☐☐☐☐☐☐
      *County/State*

   b. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
      *Month  Day    Year*

   c. If case has been removed to another jurisdiction, identify jurisdiction and case number:
      ☐☐☐☐☐☐☐☐☐☐☐☐☐☐    ☐☐☐☐☐
      *Code Number*

   d. Has a judgment or verdict been entered in the claiming party's lawsuit?

      ☐ Yes        ☐ No    ■

      If "yes," please state for each defendant:

      (1) Name of defendant against whom the verdict was entered: ☐☐☐☐☐☐☐

      Verdict amount: $ ☐☐☐☐☐☐☐☐☐    Date of verdict: ☐☐ - ☐☐ - ☐☐☐☐
                                                           *Month  Day    Year*

      (2) Name of defendant against whom the verdict was entered: ☐☐☐☐☐☐☐

      Verdict amount: $ ☐☐☐☐☐☐☐☐☐    Date of verdict: ☐☐ - ☐☐ - ☐☐☐☐
                                                           *Month  Day    Year*

927617                                                    **SERIAL #** ■

06/27/01 WED 12:50 FAX 312 861 2200   KIRKLAND & ELLIS                    @011
Sent By: Rust Consulting, Inc.;         5073334330;      Jun-27-01 12:51PM;   Page 11/13

Case 01-01139-AMC   Doc 595   Filed 06/27/01   Page 38 of 245

Jun. 27. 2001   11:37AM   TMS NCS                          No. 8536   P. 10/13

If the claiming party has made a claim (including administrative claims) against anyone that was not filed with a court of law, please provide the following information:

1. Has this claiming party submitted a claim against Grace outside of a court of law?

☐ Yes   ☒ No

a. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
   Month   Day   Year

b. Result:
   ☐ Paid by Grace and released/settled?   Settlement Amount - Received: $ ☐☐☐☐☐☐☐☐☐

   Date Received: ☐☐ - ☐☐ - ☐☐☐☐
                  Month   Day   Year

   ☐ Rejected
   ☐ Pending
   ☐ Pending and agreed to be settled, but not yet paid.

   If so, Settlement Amount Agreed To: $ ☐☐☐☐☐☐☐☐☐ .

   ┌─────────────────────────────────────┐
   │     Attach All Documents            │
   │   Supporting Your Claim That        │
   │  Grace Agreed To This Settlement    │
   └─────────────────────────────────────┘

2. All other parties, trusts, or claims facilities against whom a claim was made:

   ┌─────────────────────────────┐   ☐☐ - ☐☐ - ☐☐☐
   └─────────────────────────────┘   Month  Day   Year

   ┌─────────────────────────────┐   ☐☐ - ☐☐ - ☐☐☐
   └─────────────────────────────┘   Month  Day   Year

   ┌─────────────────────────────┐   ☐☐ - ☐☐ - ☐☐☐
   └─────────────────────────────┘   Month  Day   Year

3. Name of claimant's attorney:

   ☐☐☐☐☐☐☐☐☐☐☐☐   ☐   ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
   First                        MI   Last

1. Has the claiming party entered into any property damage settlements, whether in connection with a lawsuit or in settlement of a claim filed outside a court of law?

☐ Yes    ☐ No

If "yes," please complete the settlement information below (other than any settlements with Grace already identified above):

**Settling Party** _____    **Settlement Amount – Agreed To** $ _____    **Settlement Amount – Received** $ _____

**Date Received** __ - __ - ____    **Name of Settling Attorney** _____
*Month   Day   Year*

**Settling Party** _____    **Settlement Amount – Agreed To** $ _____    **Settlement Amount – Received** $ _____

**Date Received** __ - __ - ____    **Name of Settling Attorney** _____
*Month   Day   Year*

**Settling Party** _____    **Settlement Amount – Agreed To** $ _____    **Settlement Amount – Received** $ _____

**Date Received** __ - __ - ____    **Name of Settling Attorney** _____
*Month   Day   Year*

**Settling Party** _____    **Settlement Amount – Agreed To** $ _____    **Settlement Amount – Received** $ _____

**Date Received** __ - __ - ____    **Name of Settling Attorney** _____
*Month   Day   Year*

927619

SERIAL #

06/27/01 WED 12:50 FAX 312 861 2200   KIRKLAND & ELLIS   ☑013
Sent By: Rust Consulting, Inc.;   Case 01-01139-AMC   Doc 595   Filed 06/27/01   Page 40 of 245   Page 13/13
5073334380;   Jun-27-01 12:52PM;

Jun. 27. 2001  11:37AM   NCS   PART 5: SIGNATURE PAGE   No. 8536   P. 12/13

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form to disclose any and all records to Grace or to Grace's representative.

I hereby authorize the release of my Social Security number for use in comparing information provided separately to other asbestos trusts or claims facilities to verify the completeness and accuracy of the information contained in this Form.

_____

SIGNATURE OF CLAIMANT

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152.3571.

9276110

SERIAL #

# EXHIBIT D

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|

| Name of Debtor: W. R. Grace & Co., et al.[1] | Case Number 01-01139 |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. This form should also not be used to file a claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim. A specialized proof of claim form for each of these claims should be filed.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

**Name and address where notices should be sent:**

☐ Check **box** if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**Account or other number by which creditor identifies debtor:**

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated: _____

**Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:**

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Environmental liability
- ☐ Money loaned
- ☐ Non-asbestos personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

Your SS #: _____ _____ _____
Unpaid compensation for services performed
from _____ to _____ (date)

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:** $_____ -

If all or part of your claim is secured or entitled to priority, also complete Item 5 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. **CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.**

☐ SECURED CLAIM

Attach evidence of perfection of security interest

Brief Description of Collateral:

☐ Real Estate        ☐ Other (Describe briefly) _____

Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____

☐ UNSECURED NONPRIORITY CLAIM

A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

- ☐ Wages, salaries, or commissions (up to $4300), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(____).

**6. Credits and Setoffs:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that clamant owes to debtor.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

[1] See attached instructions for names of all Debtors.

# SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have **Non-Asbestos Claims** against any of the Debtors. **Non-Asbestos Claims** are any claims against the Debtors as of a time immediately preceding the Bar Date, other than administrative expenses or Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims or Settled Asbestos Claims as defined on the attached General Instructions. More specifically, **Non-Asbestos Claims** are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtors property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from that to which the court sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1.   **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in you social security number and the dates of work for which you were not paid.

2.   **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3.   **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4.   **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5.   **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See **DEFINITIONS** above.)

     **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6.   **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7.   **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

(insert name and address of claims agent here)

The Bar Date for filing all claims against the Debtors is _____, 2001.

# EXHIBIT E

## GENERAL INSTRUCTIONS FOR COMPLETING ALL PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

### – GENERAL DEFINITIONS –

**"Bar Date"** is the date set by the Court as the date by which all persons and entities who have present claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

**"Debtor"** is the person, corporation, or other entity that has filed a bankruptcy case.

**"Creditor"** is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

**"Proof of Claim"** is a form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the claims agent described below.

### – THE DEBTORS –

The Bar Date for filing Proofs of Claim shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest **as of the time immediately preceding the Bar Date:** W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").

### – SPECIFIC DEFINITIONS –

The Debtors have created specialized Proof of Claim forms for the following claims: Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims, and Non-Asbestos Claims. Such claims are defined as follows:

**"Asbestos Personal Injury Claims"** are those claims as of the time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined or milled by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Personal Injury Claims" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**"Asbestos Property Damage Claims"** are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed

by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

*"Zonolite Attic Insulation Claims"* are claims as of the time immediately preceding the Bar Date relate, for example, to the cost of removal, diminution of property value or economic loss caused by the Zonolite Attic Insulation manufactured by the Debtors. More specifically, Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; (d) or Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

*"Settled Asbestos Claims"* are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 12, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

*"Non-Asbestos Claims"* are any claims against the Debtors as of the time immediately preceding the Bar Date other than administrative expenses or other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Derivative Asbestos Claims, Zonolite Attic Insulation Claims or Settled Asbestos Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

The Bar Date for filing all claims against the Debtors is _____, 2001.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

(insert name and address of claims agent here)

# EXHIBIT F



## *IN RE: W.R. GRACE & CO., ET AL.,*
## *CHAPTER 11, CASE NO. 01-01139(JJF)*
## *US Bankruptcy Court, District of Delaware*

# NOTIFICATION PLAN

## KINSELLA COMMUNICATIONS, LTD.

# KINSELLA
## COMMUNICATIONS, LTD.

## *IN RE: W.R. GRACE & CO., ET AL.,*
## BAR DATE NOTICE PLAN

This bar date notice plan is submitted in connection with *In re: W.R. Grace & Co., et al.* (the "Debtors"), Chapter 11, Case No. 01-01139 (JJF) in the United States Bankruptcy Court, District of Delaware.

The plan consists of a notice program targeted to:

- Holders and potential holders of Asbestos Personal Injury Claims (as such term is defined in the attached Motion, hereinafter, "PI Claimants") in the United States, its territories, its commonwealths, and Canada.

- Individuals who may have Zonolite Attic Insulation in their homes who reside in the United States, its territories, and commonwealths, "ZAI Claimants").

- Holders and potential holders of Asbestos Property Damage Claims (as such term is defined in the attached Motion, hereinafter, "Property Claimants").

- Holders of the Settled Asbestos Claims (as such term is defined in the attached motion, hereinafter, "Settled Claims").

- Holders of Non-Asbestos Claims, as such term is defined in the attached motion, herinafter, "Other Claimants").

The purpose of the notice plan is to outline procedures to provide fair and adequate notice to the PI Claimants, ZAI Claimants, Property Claimants, Settled Claimants and Other Claimants of the Claims Bar Date (as defined in the Motion).

# CLAIMS BAR DATE
# NOTICE PLAN

The bar date notice plan is constructed to provide adequate notice to PI Claimants, ZAI Claimants, Property Claimants, Settled Claimants and Other Claimants.

The plan is consistent with notice programs Kinsella Communications, Ltd. ("Kinsella") designed and implemented in other asbestos bankruptcies and class actions, as well as consumer class actions, all of which have met with court approval.

In developing the notice plan, Kinsella relied on information provided by the Debtors and their experts, on research previously conducted in other asbestos litigation, and on its experience in designing and executing similar plans.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

## NOTICE IMPERATIVES

The notice program employs four primary methods in providing notice:

- Direct notice by mail to all identifiable PI Claimants, ZAI Claimants, Property Damage Claimants, Settled Claimants and Other Claimants and their counsel, if any whose names and addresses have been determined by the Debtors.

- Broad national published notice through the use of national paid and earned media vehicles.

- National notice through trade and professional publications.

- Direct notice by mail to third parties (publications or organizations) that are likely to have contact with various Claimants.

The proposed notice plan takes into consideration information provided by the Debtors as well as research conducted by Kinsella as follows:

- The asbestos-related business and products of W. R. Grace & Co. ("Grace").

- The demographics[1] of PI Claimants, ZAI Claimants, and Property Claimants - age, gender, occupation, and the like.

- The media vehicles through which PI Claimants, ZAI Claimants, and Property Claimants normally receive information.

- The likely geographic concentration of PI Claimants based on identifiable areas where Grace and its subsidiaries may have mined vermiculite, manufactured or distributed vermiculite or asbestos-containing products, and operated expanding plants.

- Third-party organizations that may have contact with PI Claimants including occupationally related trade or professional associations and organizations whose membership may include individuals with asbestos personal injuries.

- Trade publications that serve industries in which occupational asbestos exposure was likely.

- Consumer publications targeted to "do-it-yourself" homeowners.

---

[1]  Due to the diversity of Derivative Claimants and Other Claimants, demographic profiles for these claimants cannot be constructed.

- Trade publications likely to be read by property owners, administrators, and managers.

# METHODOLOGY

In developing the notice plan, Kinsella used information provided by the Debtors relating to their asbestos business and asbestos claims history. This information was provided in the form of:

- An extensive briefing by counsel to the Debtors and by Grace counsel and staff regarding the asbestos history of Grace.

- Statistics regarding age of Grace PI Claimants.

- Information on Grace's vermiculite and asbestos-containing products.

- Information on the location of Grace's mines and expanding plants.

- Claims filings by jurisdiction for Grace.

- Distribution and sales information by state for MK-3 from sales records.

- Other general information relating to the asbestos and vermiculite product history of Grace.

In addition to the above, Kinsella relied on research previously conducted in other asbestos-related cases with respect to the history of asbestos usage in the United States; occupations most likely to have asbestos exposure; types and usage of asbestos products; types of asbestos health injuries; and the like.

For purposes of designing the paid media segment of the notice plan, Kinsella selected demographics that encompass the characteristics of the target audiences. Media vehicles were then analyzed and selected for their strength and efficiency in reaching the demographic targets.

For purposes of developing a profile of the demographics and media habits of PI Claimants, Kinsella analyzed syndicated data available from the 2000 Doublebase Survey[2] from MediaMark Research, Inc. ("MRI"). MRI is a nationally accredited media and marketing research firm that provides syndicated data on audience size, composition, and other relevant factors pertaining to major media including broadcast, magazines, newspapers, and outdoor advertising. MRI provides a single-source measurement of

---

[2] MRI produces an annual Doublebase, a study of 50,000+ adults consisting of two full years of data. The MediaMark sample consists of 26,000+ respondents. Fieldwork is done in two waves per year, each lasting six months and consisting of 13,000 interviews. At the end of the interview, the fieldworker presents a self-administered questionnaire that measures approximately 500 product/service categories, 6,000 brands, and various lifestyle activities. Resulting data is weighted to reflect the probabilities of selection inherent in the sample design and then balanced so that major study demographics match the most recent independent estimates.

major media, products, services, and in-depth consumer demographic and lifestyle/psychographic characteristics.

Kinsella analyzed the historical, industrial, demographic, and geographic information cited above to provide direction for the media planning.

# RELEVANT MANUFACTURING HISTORY

Based on information cited above, provided by the Debtors for the purpose of developing this notice plan, the following chronological outline has been constructed regarding the relevant manufacturing history of Grace. This information is not intended to be the basis for any admission of liability. It is solely to assist in the notification of persons in specific occupational fields and geographic locations about the types of asbestos-containing products produced and distributed by Grace and the time periods and locations where exposure may have occurred.

Grace entered the vermiculite business through the purchase of the Zonolite Company in 1963. The company produced and marketed products containing vermiculite, which could be processed into an expanded form with multiple applications. Commercial use of expanded vermiculite began in the 1920s or 1930s with the mixing of plaster and concrete to improve thermal, acoustical, and fire-resistant properties. With the acquisition of the Zonolite Company, Grace also acquired the Libby Mine and most of the Zonolite network of owned and independent expanding plants.

In 1959, Zonolite introduced Zonolite Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray–on fireproofing plaster used to provide fire protection for the steel beams of large commercial structures, predominately high-rise buildings. By the 1970s, Grace became the dominant company in structural fireproofing business, as dry-applied fireproofing systems ceased to be as widely used. Grace introduced MK-4, in 1970 and MK-5 in 1972.. In 1973, Grace ceased selling MK-3 and replaced it with MK-5.

One of the commercial products made from Grace's processed vermiculite was Zonolite Attic Insulation ("ZAI"), a loose fill vermiculite used as insulation in attics. This product was sold from the 1920s or 1930s to 1984.

In addition to the Libby Mine, Grace also operated mines in Enoree and Tigerville, South Carolina. The Enoree Mine has been operating since 1956. The Tigerville Mine started in 1946 and closed in 1956. In 1990, Grace closed the Libby, Montana Mine, which had been in operation since 1922.

Grace also operated entities in Canada including nine expanding plants in six provinces and six sales offices or warehouses in four of the same provinces.

For certain periods of time, Grace manufactured other products containing commercially added asbestos. A list of the brand names under which Grace manufactured or distributed these products include, but may not be limited to the following:

> -Ari-Zonolite Board Texture (1961-1964); Ari-Zonolite Natural; Ari-Zonolite Oyster White; Ari-Zonolite Nu-White
> -Econo-White 65 and Econo-White 70 -- Econo - White Acoustical Texture; Econo - White Super White

-Hi-Sorb Acoustical Plaster (1966-1973) -- XX White Hi-Sorb; Oyster
   White Hi-Sorb
-Perlcoustic (1966-1973)
-Perltex Spray Surfaces (19??-1973) -- PlasterTex; Perltex Super-40 Spray
   Surfacer; Perltex Super-40; Gun Coat Spray Surfacer
-Perltex Super - 40 Fog (19??-1973) -- Perltex Fog (Prior to 1968)
-Perltex Super - 40 Perltex (19??-1973) -- Perltex Perlite; Super - 40
   Perlite
-Perltex Super - 40 Polycoarse  -- Perltex Polycoarse (Prior to 1988)
-Perltex Super - 40 SAV (19??-1973) -- Perltex SAV; Super - 40 SAV
-Prep-Coat #3; Prep-Coat #5
-Satin White
-Spra-Wyt
         a/k/a Spra-Wyt Finish
                 Spra-Wyt Acoustical
                 Spra-Wyt Acoustical Finish
-Vermiculite Acoustical Plaster; Vermiculite Acoustical Plastic
-Versakote -- Prep Coat #4
-Z-Tex (1958-1962) -- EX-Tex; Z-Tex 2; Z-Tex 2 Super White
-Zono-Coustic (1960-1973) -- Zono-Coustic 1; Zonocoustic 2;
   Zonocoustic 3, Zonocoustic Type Z; and Zonocoustic (MK2)
-Zonolite Acoustical Plaster (1945-1972) -- Zonolite Acoustical Plastic;
   Zonoilite Board of Education Texture (1962-1963) -- Board of
   Education Hard Texture
-Zonolite Finish Coat (1956-1970) -- Decorator's White
-Zonolite Finish Coat (1961-1973) -- Decorator's White Extra Hard
-Zonolite Finishing Cement
-Zonolite High Temperature Insulating Cement (1938-1971) -- Hi Temp
   Insulating Cement; Zonolite Hi-Temperature Cement; Zonolite High
   Temperature Cement
-Zonolite Mono-Kote (MK-1) (1958-1962) -- Mono-Kote (generic name)
-Zonolite Mono-Kote 3 (MK-3) 1959-1973 -- Mono-Kote (generic name)
-Zonolite Spra-Insulation (1959-1973) -- Mono-Kote (MK-2)
-Zonolite Spra-Tex - Regular (1955-1972) -- Zonolite Spra-Tex EH
-Zonolite Spra Tex - Extra Hard (1961-1972)

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

Historically, the asbestos-related claims have been:

- Bodily injury claims alleging health effects from exposure to Grace's asbestos-containing products, such as MK-3.

- Claims alleging bodily injury from asbestos in connection with the mining and processing of vermiculite from the Libby, Montana Mine.

- Property damage claims seeking, among other things, payment for the cost of removing or containing asbestos-containing products in commercial buildings.

Of the approximately 328,000 bodily injury claims filed against Grace, the vast majority of claims allege exposure to MK-3. To date, 216 bodily injury claims have been filed arising from the Libby Mine. 379 property damage lawsuits covering thousands of buildings have been filed with the majority of these suits prior to 1990. The number of claims relating to other products is negligible. With respect to ZAI, a number of state and national class actions alleging property damage have been filed recently, with a statewide class certified in one of these actions.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

# TARGET AUDIENCES

Since all media is purchased based on demographics, it is important to determine age, gender, and other demographic characteristics in order to design a media-based notice program to adequately reach all Bar Date Claimants. The demographic characteristics of the PI Claimants, ZAI Claimants, and Property Claimants follow.

## DEMOGRAPHICS OF HOLDERS OF ASBESTOS PERSONAL INJURY CLAIMS

### Age and Gender

PI Claimants include individuals who allege personal injuries or damages related to exposure to asbestos-containing products manufactured by the Debtors or exposure to vermiculite mined, milled, or processed by the Debtors.

Historically, men who were occupationally exposed to asbestos over a protracted period of time during the 1930s until the mid-1970s filed the vast majority of asbestos claims. Latency periods for asbestos-related diseases differ and can extend for decades after exposure. The latency period for asbestosis is a minimum of 15 years with an average of 20 to 25 years. Pleural and peritoneal mesothelioma have a minimum latency period of 20 years with an average of 30 to 40 years. Therefore, it is difficult to pinpoint when an exposure will result in an illness, or even if an exposure will result in illness.

The majority of claims data for PI Claimants does not contain a date of birth. Of the ten percent of claims that did have data, the following indicates age distribution:

| CLAIMS | Under 35 | 35-44 | 45-54 | 55-64 | 65+ |
|--------|----------|-------|-------|-------|-----|
| 31,997 | 46 | 262 | 3,200 | 8,147 | 20,342 |
| 100% | 0.14% | 0.81% | 10.00% | 25.46% | 63.57% |

Although the age data is limited, it is consistent with the age distribution for asbestos personal injury claimants in general.

Other factors in addition to claims data that Kinsella considered included the fact that substantial and extended exposure to asbestos is critical in the development of most asbestos-related diseases; latency periods differ for specific asbestos diseases; and there is an identifiable time during which Grace manufactured and distributed asbestos-containing products. In addition to occupationally exposed claimants, younger claimants including spouses and children must also be considered.

## Occupations

Most asbestos personal injury claims that have been asserted against Grace have involved individuals alleging bystander exposure to MK-3 at construction worksites.

Occupations in which workers potentially worked with or around Grace asbestos-containing products at various times include, but are not limited to, the following:

- Building maintenance workers (including custodians and building engineers).

- Construction workers (including insulators, steel/iron workers, plumbers, steamfitters, drywallers, cement and masonry workers, carpenters, laborers, HVAC mechanics, and welders).

- Electricians.

- Plasterers (who applied MK-3).

## Geographic Considerations

In developing the notice plan, consideration was given to identifiable areas where it was likely or possible that Grace had mined, produced, or processed vermiculite products. These geographic areas include:

- Locations of mines that produced vermiculite. (See Exhibit 1.)

- Locations of Grace expanding plants. (See Exhibit 2.)

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

## DEMOGRAPHICS OF POTENTIAL ZAI CLAIMANTS

### Age and Gender

It is estimated that Zonolite Attic Insulation was installed nationally with installations more likely in the northern United States. ZAI was marketed from the 1920s or 1930s to 1984. While original installations of the product were primarily undertaken by " do-it-yourself" homeowners, there are likely to be individuals who may not have installed Zonolite, but who own homes with the insulation.

Using MRI, Kinsella examined the demographics of Homeowners as indicated in the table below:

| Demographics | Homeowner |
|---|---|
| **Gender:** | |
| Male | 48.2% |
| Female | 51.8% |
| | |
| **Age:** | |
| 35+ | 77.0% |
| 55+ | 33.3% |
| 65+ | 19.8% |
| | |
| **Education:** | |
| Graduated High School | 33.1% |
| Did Not Graduate High School | 15.1% |
| Graduated/Attended College | 51.8% |
| | |
| **Household Income:** | |
| Under $19,999 | 12.6% |
| $20,000 - $29,999 | 11.2% |
| $30,000+ | 76.2% |
| $50,000+ | 53.1% |
| | |
| **Race:** | |
| White | 87.6% |
| Black | 8.6% |

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

## DEMOGRAPHICS OF HOLDERS OF ASBESTOS PROPERTY DAMAGE CLAIMS

Holders of Asbestos Property Damage Claims include individuals or entities which allege, among other things, cost of removal damages. diminution of value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. The demographic target, "Executives, Managers, and Administrators," was selected for Property Claimants. This target includes individuals responsible for commercial and other non-residential buildings.

| Demographics | Exec/Mgr/Admin |
|---|---|
| **Gender:** | |
| Male | 55.1% |
| Female | 44.9% |
| | |
| **Age:** | |
| 35+ | 75.8% |
| 55+ | 13.4% |
| 65+ | 2.1% |
| | |
| **Education:** | |
| Graduated High School | 18.6% |
| Did Not Graduate High School | 2.8% |
| Graduated/Attended College | 78.7% |
| | |
| **Household   Income:** | |
| Under $19,999 | 1.0% |
| $20,000  - $29,999 | 3.1% |
| $30,000+ | 96.0% |
| $50,000+ | 82.8% |
| | |
| **Race:** | |
| White | 89.7% |
| Black | 6.5% |

## MEDIA TARGET AUDIENCES

In selecting the target audiences for purposes of buying and purchasing media, Kinsella examined the demographics of affected claimants using MRI data. The following outlines the target audiences selected:

- **Primary Target** – Men 65+, blue-collar workers, encompassing Asbestos Personal Injury Claimants.

- **Secondary Target** – Adults 35+, encompassing homeowners, commercial property owners, and holders of other claims.

These age targets were selected because television is measured by age and gender only. However, some specific data can be extrapolated with respect to other demographics that allows appropriate programs to be selected. Consumer magazines, however, are measured by numerous demographics which allow the specific measurement of such categories as homeowners and blue-collar workers. To the extent possible, these additional measurements are provided.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

## NOTICE TARGETS

There are a number of target audiences to which notice will be given:

- Identifiable PI Claimants.

- Residents of Libby, Montana.

- Identifiable ZAI Claimants whose names and addresses are available to the Debtor.

- PI Claimants within the general public who have a manifest asbestos disease but have not filed a claim.

- ZAI Claimants, Property Claimants, and Other Claimants who have not filed a claim.

- Occupationally related trade unions whose members may have had exposure to asbestos and asbestos–containing products in the workplace.

- Third-party organizations which have contact with current and potential PI Claimants and publications likely to be read by PI Claimants and asbestos plaintiffs' attorneys.  Such organizations are trade, industrial, and professionally related.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

# DIRECT MAIL NOTICE

## DIRECT NOTICE TO CLAIMANTS

The Bar Date Notice Package, consisting of the Bar Date Notice For All Claims, the Bar Date Order, and the appropriate Proof of Claim Form, will be mailed to:

- All readily identifiable PI Claimants who have a pending asbestos-related claim as well as their counsel of record.

- All counsel of record for asbestos personal injury claims filed against the Debtors historically.

- All readily identifiable Property Claimants with pending asbestos property damage claims as well as their counsel of record.

- All identifiable ZAI Claimants who have filed a claim.

- All residents of Libby, Montana.

- All identifiable persons and entities that hold Other Claims against the Debtors, including the Debtors trade creditors, and their counsel of record.

- All individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice Package from the Official Claims Agent as a result of seeing the notice in the media.

Individuals with access to the Internet can download copies of the Bar Date Notice Package directly from the Grace Chapter 11 web site.

## DIRECT NOTICE TO THIRD-PARTIES

The Bar Date Notice Package, including a press release and a cover letter (See Exhibit 3.) requesting cooperation in notifying clients or members of the Bar Date, will be sent to the following third-parties:

- 13 organizations and publications whose constituency or readership may include individuals exposed to asbestos-containing products. Organizations serving the insulation, asbestos abatement, power, construction, utility, and other relevant industries or constituencies are targeted. (See Exhibit 4.)

- Key union officials in trade unions whose membership has been identified as having occupational exposure to asbestos-containing products. (See Exhibit 5.) In addition to the Bar Date Notice Package and cover letter, the chief executive officers of the following unions will receive camera-ready notice materials for use in their union publication (See Exhibit 6.):

    - International Association of Heat & Frost Insulators and Asbestos Workers

    - The International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers (IABSORIW)

    - International Brotherhood of Electrical Workers

    - International Brotherhood of Painters and Allied Trade

    - International Union of Bricklayers and Allied Craftsmen

    - International Union of Operating Engineers (IUOE)

    - Laborers' International Union of North America

    - Operative Plasterers' and Cement Masons' International Association of the United States and Canada

    - Sheet Metal Workers' International Association

    - United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States & Canada

    - United Brotherhood of Carpenters and Joiners of America

- 7 consumer publications directed to "do-it-yourself" homeowners (Exhibit 7).

# U.S. NATIONAL PAID ADVERTISING

The core of the notice program is paid media, which includes television as the primary notice vehicle, supported by national newspaper supplements, national consumer magazines, and newspapers targeted to key areas selected on the geographic criteria previously cited.

An analysis of the media habits of the primary target, Men 65+ who are blue collar workers, indicates that they are heavy television watchers in the dayparts[3] selected for airing television spots. In addition, they are moderately heavy newspaper readers and moderate magazine readers. Homeowners have moderate consumption across all media with high consumption of newspapers. Executives, Managers and Administrators are heavy consumers of magazines and newspapers and lighter consumers of television

For purposes of evaluating the strength and efficiency of the media, the selected media were measured against the demographic targets to establish the *reach*[4] of the media program and the *frequency*[5] of exposure to the media vehicles.

## *TV*

The television buy will consist of network broadcast and national cable television directed to Men 65+ and Adults 35+. A thirty-second spot will be aired over a two week time period. (See Exhibit 8.) The media buy will deliver:

- **314 Targeted Rating Points to Men 65+ and 210 Targeted Rating Points to Adults 35+.**
  Each target rating point represents impressions equal to 1% of the target population. Targeting rating points are the sum of the ratings for all the spots in the schedule, including duplication.

- **40,883,000 Gross Impressions to Men 65+ and 269,723,000 Gross Impressions to Adults 35+.**
  Gross Impressions are the total number of times a media vehicle containing the notice is seen. It is a duplicated figure, as some viewers will see several television programs containing the notice.

The television schedule alone delivers the following reach and frequency measurements:

---

[3] Daypart is a part of the broadcast day, so designated for analytical purposes. In TV, the dayparts are usually daytime (morning and afternoon), early fringe, prime time and late fringe.

[4] Reach is the estimated percentage of a target audience reached through a specific media vehicle or combination of media vehicles.

[5] Frequency is the estimated average number of times an audience is exposed to an advertising vehicle carrying the message.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

- The estimated unduplicated reach[6] of Men 65+ is 80.0% with an estimated average of 3.9 opportunities to see the notice.

- The estimated unduplicated reach of Adults 35+ is 70.7% with an estimated average of 3.0 opportunities to see the notice.

The daypart mix or times of the day selected for airing the spots were chosen to reach both target audiences with emphasis on Men 65 +.

| Dayparts | Men 65+ TRPs | Adults 35+ TRPs |
|---|---|---|
| Early Morning News, 6 - 9 AM | 71 | 50 |
| Early News, 5:30 - 6 PM | 120 | 70 |
| Prime Monday - Saturday, 8 - 11 PM Prime Sunday, 7 - 11 PM | 41 | 35 |
| Prime Cable | 44 | 35 |
| Sports | 38 | 20 |

---

[6] The TV reach is based on Neilsen Media Research estimates of populations in TV Households.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

## PRINT

Magazines and newspaper supplements were analyzed for their composition[7] and coverage[8] of Men 65+ and Adults 35+. These publications were also examined for the reach of two other demographics, which encompass claimants -- Homeowners, and Executives, Managers and Administrators. The former category includes individuals who may own homes with ZAI. The later category includes individuals who are most likely to be responsible for commercial property. The publications were selected for high reach among Men 65+ in blue-collar trades as well as for high reach among Adults 35+.

The Summary Notice (See Exhibit 9.), designed as a black & white advertisement, will be placed in the following publications:

## Newspaper Supplements

- A standard magazine size ad (6-3/4"x10-3/4") will be placed twice in *Parade* magazine. The readership of *Parade* among Men 65+ is 6,151,000; the readership among Adults 35+ is 58,537,000; the readership among Executives, Managers and Administrators is 9,941,000; and the readership among Homeowners is 61,908,000.

- An "M" unit ad (7"x11") will be placed once in *USA Weekend*. The readership of *USA Weekend* among Men 65+ is 3,819,000; the readership among Adults 35+ is 32,881,000; the readership among Executives, Managers and Administrators is 4,490,000; and the readership among Homeowners is 44,843,000.

Together, these two newspaper supplements are inserted into 898 newspapers reaching every major media market in the country. (See Exhibit 10.)

---

[7] Percentage of target audience in readership.
[8] Percentage of target audience reached.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

## Consumer Magazines

The consumer magazine schedule includes the following:

- A full-page ad will be placed once in *National Geographic*. The readership among Men 65+ is 2,416,000. The readership among Adults 35+ is 21,424,000; the readership among Executives, Managers and Administrators is 3,602,000; and the readership among Homeowners is 22,046,000.

- A full-page ad will be placed once in *Newsweek*. The readership among Men 65+ is 1,287,000; the readership among Adults 35+ is 13,224,000; the readership among Executives, Managers and Administrators is 2,892,000; and the readership among Homeowners is 13,850,000.

- A full-page ad will be placed once in *Reader's Digest*. The readership among Men 65+ is 4,003,000; the readership among Adults 35+ is 34,960,000; the readership among Executives, Managers and Administrators is 4,212,000; and the readership among Homeowners is 34,363,000.

- A full-page ad will be placed once in *TV Guide*. The readership among Men 65+ is 1,543,000; the readership among Adults 35+ is 20,808,000; the readership among Executives, Managers and Administrators is 2,912,000; and the readership among Homeowners is 21,794,000.

The following table provides readership for the primary and secondary targets:

| Publication | Ads | Circulation | Readership Men 65+ | Readership Adults 35+ |
|---|---|---|---|---|
| National Geographic | 1 | 7,957,062 | 2,416,000 | 21,424,000 |
| Newsweek | 1 | 3,138,460 | 1,287,000 | 13,224,000 |
| Parade | 2 | 36,100,000 | 6,151,000 | 58,537,000 |
| Reader's Digest | 1 | 12,613,790 | 4,003,000 | 34,960,000 |
| TV Guide | 1 | 10,844,269 | 1,543,000 | 20,808,000 |
| USA Weekend | 1 | 23,500,000 | 3,819,000 | 32,881,000 |
| TOTAL | 7 | 94,153,581 | 19,219,000 | 181,834,000 |

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

In addition to the effective combined reach of the consumer magazines and newspaper supplements, other factors distinguished the selection of these individual publications (See Exhibit 11.):

- *Parade, USA Weekend, Reader's Digest, National Geographic*, and *TV Guide* are among the highest read publications in all target audiences.

- *Newsweek, National Geographic* and *Parade* index very high for Executives, Managers and Administrators readership.

- *Parade, USA Weekend, Reader's Digest*, and *National Geographic* index very high for Men 65+.

- *Newsweek, National Geographic, Parade, USA Weekend, Reader's Digest* index above average for Homeowner readership.

The consumer magazine and newspaper supplement schedule alone delivers the following reach and frequency measurements:

- The estimated unduplicated reach of Men 65+ is 81.8% with an estimated average of 2.3 opportunities to see the media notice.

- The estimated unduplicated reach of Adults 35+ is 81.4% with an estimated average of 2.2 opportunities to see the media notice.

- The estimated unduplicated reach of Homeowners is 81.8% with an estimated average of 2.2 opportunities to see the media notice.

- The estimated unduplicated reach of Executives, Managers and Administrators is 83.0% with an estimated average of 2.4 opportunities to see the media notice.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

## Newspapers

### NATIONAL NEWSPAPERS

A Summary Notice, designed as a black and white advertisement, will be placed in national newspapers to reach primarily Property Claimants, Adults 35+ as well as Other Claimants who may consume this media.

The Summary Notice will be placed twice in a weekday edition of *The New York Times*, *The Wall Street Journal*, and *USA Today*.

- *The New York Times* has a circulation of 1,109,717 and a readership by adults of 2,847,000.

- *The Wall Street Journal* has a circulation of 1,924,622 and a readership by adults of 3,502,000.

- *USA Today* has a circulation of 2,116,778 and a readership by adults of 4,612,000.

### LOCAL NEWSPAPERS

Kinsella selected local newspapers for targeted notice based on locations where Grace operated vermiculite mines and expanding plants..

- A quarter-page ad will be placed in the Sunday edition (or next highest circulating day if no Sunday edition is published) of 43 newspapers with a combined circulation of over 14 million. (See Exhibit 12.)

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

## U.S. COMMONWEALTH AND TERRITORIES

In order to provide notice in the commonwealths and territories that are outside the continental United States, newspaper advertising was selected. Quarter-page ads will be placed once in one newspaper in Guam, three newspapers in Puerto Rico, and two newspapers in the U.S. Virgin Islands as outlined in the chart below:

| U.S. TERRITORY/POSSESSION | NEWSPAPER | CIRCULATION |
|---|---|---|
| Guam | Agana Pacific News | 25,022 |
| Puerto Rico | El Nuevo Dia | 165,907 |
| Puerto Rico | El Vocero | 194,039 |
| Puerto Rico | San Juan Star | 32,973 |
| St. Croix (U.S. Virgin Islands) | St. Croix Avis | 10,500 |
| St. Thomas (U.S. Virgin Islands) | St. Thomas News | 16,330 |

## TRADE PUBLICATIONS

In addition to the notice provided through direct mail and national and local newspapers, available trade/professional publications, where identifiable, were selected to provide notice to Property Claimants.

A version of the Summary Notice (See Exhibit 13.) will be published in the following 22 publications (See Exhibit 14.):

- **Commercial Property Publications**
  BOMA.org
  Building Operating Management
  Buildings
  Commercial Property News
  Commercial Realty Review
  Facilities Manager
  Facility Management Journal
  Facility Manager
  Journal of Property Management
  National Real Estate Investor

- **Hospital Publications**
  A H A News
  FacilityCare
  Health Facilities Management

- **College And University Publications**
  Business Officer

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

Chronicle of Higher Education
College Planning & Management
University Business

- **Local Government Publications**
  Governing
  Government Executive
  Nation's Cities Weekly

- **School Publications**
  The School Administrator

- **State Government Publications**
  State Government News

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

# MEDIA DELIVERY

The media program, using broadcast television, national consumer magazines, newspaper supplements, and national and local newspapers, delivers in the aggregate the following reach and frequency of exposure measurements[9]:

- **The estimated unduplicated reach of Men 65+ is 96.9% with an estimated average of 5.3 opportunities to see the notice.** The total Gross Impressions are 70,410,230. This indicates that Men 65+ will have 70 million opportunities to see the notice.

- **The estimated unduplicated reach of Adults 35+ is 95.4% with an estimated average of 4.3 opportunities to see the media notice.** The total Gross Impressions are 553,066,740. This indicates that Adults 35+ will have 553 million opportunities to see the notice.

The reach estimates provided for television are calculated against the Nielsen Media Research estimates of population in TV homes. These estimates are 4-5% lower than the MRI population estimates used to calculate the print reach. MRI estimates include households without television whereas Nielsen estimates do not. In order to include print reach in the final measurements, reach calculations were converted to MRI population estimates.

Local newspaper has been incorporated using readership estimates for the 43 newspapers. The Newspaper Association of America reports the following readers-per-copy:

| DEMOGRAPHICS | READERS-PER-COPY |
|---|---|
| Men 65+ | 0.191 |
| Adults 35+ | 1.745 |

---

[9] The media delivery does not include the reach of trade publications or newspapers outside the continental United States as they are not measured.

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

# INTERNATIONAL ADVERTISING

Other than shipments to Canada, there is no indication through available records that Grace asbestos-containing products were shipped outside the United States. No international claims have been filed with the exception of claims from Canada. A review of the vermiculite concentrate shipments outside North America indicates that very small quantities of the vermiculite ore were shipped to other countries from 1956 to 1984. International notice will therefore be directed to Canada only.

## Canada

W. R. Grace operated nine expanding plants in six provinces in Canada. Grace also maintained six sales offices or warehouses in four of the same provinces. (See Exhibit 15.)

### PRINT

The paid media notice program directed to Canada is based upon the same objectives and demographics as the national U.S. paid advertising program. The Canadian program includes national consumer magazines and targeted newspapers. The Summary Notice, designed as a black & white advertisement, will be placed in the following publications:

### Consumer Magazines

The consumer magazine schedule includes the following:

- A full-page ad will be placed once in the national English version of *Reader's Digest* with a circulation of 1,025,250.

- A full-page ad will be placed once in the national French version of *Reader's Digest (Selection du Reader's Digest)* with a circulation of 230,050.

*Reader's Digest* has the largest circulation and audience of all magazines in Canada.

### Newspapers

Newspaper advertising will be used since there are no national newspaper supplements such as *Parade* or *USA Weekend* in Canada. To provide broad national coverage, the newspaper advertising will include ads in the two national newspapers and in the 39 largest circulating newspapers in 10 Provinces including the top metro markets as well as newspapers in cities with Grace plants, warehouses, or sales offices. Multiple newspapers will be used in the largest markets to increase reach. These newspapers also include the four largest French language newspapers in Canada where approximately 20% of adults are

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

French speaking.  The ads placed in the following newspapers will be equivalent in size to
a standard quarter-page U.S. ad and measure approximately 6" x 11":

| PROVINCE | CITY | NEWSPAPER | CIRCULATION |
|---|---|---|---|
| National | | National Post | 427,000 |
| | | Globe & Mail | 421,175 |
| British Columbia | Vancouver | Sun | 247,085 |
| | Vancouver | Province | 160,597 |
| | Victoria | Times Colonist | 76,431 |
| | Prince George | Prince George Citizen | 18,108 |
| | Prince George | Prince George Free Press | 30,000 |
| Alberta | Edmonton | Journal | 163,373 |
| | Calgary | Herald | 130,488 |
| | Edmonton | Sun | 110,017 |
| | Calgary | Sun | 100,523 |
| Saskatchewan | Saskatoon | Star Phoenix | 70,128 |
| | Regina | Leader Post | 68,395 |
| Manitoba | Winnipeg | Free Press | 187,486 |
| | Winnipeg | Sun | 58,766 |
| Ontario | Toronto | Star | 702,595 |
| | Toronto | Sun | 400,717 |
| | Ottawa | Citizen | 185,384 |
| | Hamilton | Spectator | 127,539 |
| | London | Free Press | 125,623 |
| | Windsor | Star | 87,333 |
| | Kitchener | Waterloo Record | 85,043 |
| | Ottawa | Sun | 56,742 |
| | St. Catharines | Standard | 41,541 |
| | St. Thomas | Times Journal | 8,087 |
| | Ottawa | La Droit (French) | 40,645 |
| | Thunder Bay | Chronicle-Journal | 38,242 |
| | Kingston | Whig Standard | 34,577 |
| Quebec | Montreal | Le Journal   (French) | 334,762 |
| | Montreal | La Presse   (French) | 286,293 |
| | Montreal | Gazette | 188,144 |
| | Quebec (city) | Le Soliel   (French) | 126,771 |
| | Quebec (city) | Le Journal   (French) | 126,611 |
| New Brunswick | Moncton | Times-Transcript | 46,109 |
| | Fredericton | Daily Gleaner | 29,461 |
| | Saint John | Telegraph Journal | 23,730 |
| Nova Scotia | Halifax | Chronicle | 112,139 |

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)

| | Halifax | Daily News | 33,977 |
|---|---|---|---|
| Prince Edward Island | Charlottetown | Guardian | 21,267 |
| | Summerside | Journal/Pioneer | 10,161 |
| Newfoundland | St. John's | Telegram | 57,811 |

Based upon discussions with Grace staff who have expertise in Grace's Canadian operations, additional newspaper ads will be placed in the following 26 daily newspapers:

| PROVINCE | CITY | NEWSPAPER | CIRCULATION |
|---|---|---|---|
| Ontario | Chatham | Daily News | 26,869 |
| | Brantford | Expositor | 23,252 |
| | Peterborough | Examiner | 22,483 |
| | Sarnia | Observer | 21,827 |
| | Sault Ste. Marie | Star | 21,827 |
| | Owen Sound | Sun Times | 21,543 |
| | North Bay | Nugget | 21,423 |
| | Niagara Falls | Review | 18,165 |
| | Belleville | Intelligencer | 17,629 |
| | Welland-Port Colborne | Tribune | 15,313 |
| | Sudbury | Star | 15,149 |
| | Cornwall | Standard Freeholder | 14,061 |
| | Guelph | Mercury | 13,885 |
| | Barrie | Examiner | 11,186 |
| | Timmins | Daily Press | 10,259 |
| | Cambridge | Reporter | 7,226 |
| | Cobourg | Daily Star | 4,930 |
| | Lindsay | Daily Post | 4,718 |
| | Kirkland Lake | Northern Daily News | 3,886 |
| | Port Hope | Evening Guide | 2,910 |
| | Orillia | Packet & Times | 2,500 |
| Quebec | Trois Rivieres | Le Nouvelliste ( French) | 42,926 |
| | Sherbrooke | La Tribune   (French) | 39,538 |
| | Chicoutimi | Le Quotidien      (French) | 29,824 |
| | Granby | Le Voix de L'Est ( French) | 18,655 |
| | Sherbrooke | Record | 5,121 |

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

# THE NATIONAL EARNED MEDIA PROGRAM

The purpose of the earned media portion of the notice program is to generate national and local broadcast coverage on television, radio, and cable as well as coverage in targeted daily newspapers. The earned media program will include the following elements:

## NEWS RELEASE

- A press release will be sent to 2,000 newspapers, wire services, magazines, and broadcast points across the United States through PR News wire. The press release will provide essentially the same information as the Summary Notice. (See Exhibit 16.)

- A press release will also be sent to key reporters/editors at national media in the following subject areas:

  - Construction
  - Consumer Issues
  - Health, Healthcare
  - Labor
  - Legal

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

## ON-LINE NOTICE

The Bar Date Notice Package as PDF files will be posted on the Grace Chapter 11 web site enabling PI Claimants to download the Bar Date Notice For All Claims, the Bar Date Order, and all Proof of Claim Forms. The site will be listed with search engines and indexes.

There are approximately a dozen major English-language search engines and approximately 200 general and special-purpose search indexes.

A *search engine* (e.g., AltaVista) is a database of web pages with listings based on the contents of each page. Many search engines also run "spiders" that roam around the Internet from link to link looking for new pages.

A *search index* (e.g., Yahoo!) is a database or directory of web sites. A listing on an index depends on what information is submitted to the search index because unlike "spiders," humans compile the listings. Many search services base their searches on others' indexes but add value by categorizing and organizing the information in a certain way.

Among the search engines and indexes to be used to direct PI Claimants to the GRACE Chapter 11 web site are the following:

| | |
|---|---|
| -AOL Search | -Inktomi |
| -Alta Vista | -LookSmart |
| -Ask Jeeves | -Lycos |
| -Direct Hit | -MSN Search |
| -Excite | -NBCi |
| -FAST Search | -Netscape Search |
| -Go/Infoseek | -Northern Light |
| -GoTo | -Open Directory |
| -Google | -Raging Search |
| -HotBot | -RealNames |
| -Iwon | -Yahoo! |
| -Inktomi | -WebTop |
| -LookSmart | |
| -Lycos | |
| -MSN Search | |

## TOLL-FREE TELEPHONE SUPPORT

All print and television advertising will direct the reader/viewer to call a toll-free telephone number in order to receive a Bar Date Notice Package and obtain information and instructions regarding filing proofs of claim. In addition to the toll-free number, the print advertising will provide the address of the Claims Agent and the Internet address as alternative contact mechanisms.

*In re: W.R. Grace & Co., et al., Chapter 11, Case No. 01-01139(JJF)*

## NOTICE FLOWCHART

This plan is based on a 120-day notification period.

| VEHICLE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Direct Mail | ■ | | | | | | | | | | | | | | | | |
| Internet Web site | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| Press Release - PI | ■ | | | | | | | | | | | | | | | | |
| Television | | ■ | | | | | | | | | | | | | | | |
| Newspapers* | | | | ■ | | | | | | | | | | | | | |
| National Geographic | | | | | ■ | ■ | ■ | | | | | | | | | | |
| National Newspapers | | | | | ■ | | | | ■ | | | | | | | | |
| Newsweek | | | | | ■ | | | | | | | | | | | | |
| Parade (1st Insertion) | | | ■ | | | | | | | | | | | | | | |
| Parade (2nd Insertion) | | | | | | | | | ■ | | | | | | | | |
| Reader's Digest | | | | | | | | | ■ | ■ | ■ | | | | | | |
| TV Guide | | | ■ | | | | | | | | | | | | | | |
| USA Weekend | | | ■ | | | | | | | | | | | | | | |

© 2001 Kinsella Communications, Ltd.
Proprietary & Confidential

## ESTIMATED BUDGET FOR THE NOTIFICATION PLAN
### *In re W.R. Grace & Co., et al.,* Chapter 11, Case No: 01-01139 (JJF)

## I. PAID MEDIA

### *UNITED STATES*
#### A. PRINT
1. NATIONAL CONSUMER PUBLICATIONS
   *National Geographic*
   *Newsweek*
   *Reader's Digest*
   *TV Guide*        $      483,940.00

2. NEWSPAPER SUPPLEMENTS
   *Parade* (2 Insertions)
   *USA Weekend*        $      811,420.00

3. LOCAL NEWSPAPERS
   Quarter-Page Ads In The Highest Circulation Editions
       Insertions in 43 Newspapers Targeting Areas with
       MK-3 sales; expanding factories and mines in the
       United States.        $      367,000.00

4. NATIONAL NEWSPAPERS
   *New York Times* (2 insertions)
   *USA Today* (2 insertions)
   *Wall Street Journal* (2 insertions)        $      269,160.00

5. TRADE PUBLICATIONS
   Full-Page Ads (approximately 7" x 10")
       One insertion in 22 professional trade publications to
       provide notice to Property Claimants.        $      112,920.00

#### B. TELEVISION
1. NATIONAL NETWORK AND CABLE TELEVISION
       314 TRP's Targeted to Men 65+; 210 TRP's
       Targeted to Adults 35+. 3rd Quarter 2001.        $      2,545,440.00

#### C. U.S. TERRITORIES AND POSSESSIONS
1. NEWSPAPERS
       Insertions in Six Newspapers Targeting United
       States Territories and Possessions.        $      8,900.00

**CANADA**
  **A. PRINT**
    1. NATIONAL CONSUMER PUBLICATIONS
      *Reader's Digest*
      National English
      *Selection du Reader's Digest*                         $      23,500.00

    2. NEWSPAPERS
      (6" x 11") Ads In The Highest Circulation Editions

        Insertions into the *National Post* and *Globe &
        Mail*,  the two national newspapers in Canada.       $      18,000.00

        Insertions into the 39 largest circulation
        newspapers in 10  Provinces.                         $      98,100.00

        Insertions into 26 daily newspapers in Ontario
        and Quebec.                                          $      19,000.00

**TOTAL ESTIMATED PAID MEDIA EXPENSES**                      $   4,757,380.00

## II. PRODUCTION AND DISTRIBUTION

  **A. PAID MEDIA PRODUCTION**
    1. PRINT PRODUCTION & DISTRIBUTION                       $       5,640.00
    2. TELEVISION SPOT PRODUCTION & DISTRIBUTION             $      11,500.00

  **B. EARNED MEDIA**
    1. WIRE AND FEATURE SERVICES
        PRESS RELEASE                                        $       3,500.00

**TOTAL ESTIMATED PRODUCTION EXPENSES**                      $      20,640.00

## III. MISCELLANEOUS EXPENSES

  OUT OF POCKET EXPENSES THAT INCLUDE:
        Courier, Duplicating, Overnight Delivery, Postage,
        Telefax, Telephone, Translation, Travel, Etc.        $      17,500.00

**TOTAL ESTIMATED MISCELLANEOUS EXPENSES**                   $      17,500.00

## IV. ESTIMATED TOTAL BUDGET                                $   4,795,520.00


1. The television advertising costs quoted are for 3rd quarter 2001 requiring the advertising to appear between July 1 and September 30, 2001.  If the television advertising appears during the 4th quarter period of October 1 through December 31, 2001, the television advertising costs would increase to $2,799,980.

2. Upon receiving final ad copy, Kinsella Communications, Ltd. will negotiate final advertising rates.  Advertising rates are set by the individual publications and are subject to change without notice.  While the rates we have quoted are current, they are subject to change prior to the time an ad actually appears.  We will make every effort to update any changes in the advertising rates we have quoted.

# EXHIBIT 1

**EXHIBIT 1**

## W.R. GRACE & CO. OWNED MINES

| MINES | STATE | DATES OF OPERATION |
|---|---|---|
| Libby | MT | 1922-1990 |
| Kearney/ Enoree | SC | 1956-present |
| Traveler's Rest (Tigerville) | SC | 1946-1956 |

Exhibit 1
Page 1 of 1

# EXHIBIT 2

**EXHIBIT 2**

## W.R. GRACE & CO. OWNED EXPANDING PLANTS

| PLANTS | STATE | FROM WHOM/HOW ACQUIRED | DATES OF OPERATION |
|---|---|---|---|
| BIRMINGHAM | AL | SOUTH ZONO | 1951-1967 |
| IRONDALE | AL | N/A | 1979-Present |
| NORTH LITTLE ROCK | AR | ZONOLITE | 1952-1989 |
| PHOENIX (GLENDALE) | AZ | ARI-ZONO | 1951-Present |
| LOS ANGELES | CA | CALIF.ZONO | 1951-1976 |
| NEWARK | CA | CALIF.ZONO | 1964-1994 |
| SACRAMENTO | CA | CALIF.ZONO | 1956-1964 |
| SANTA ANA* | CA | N/A | 1972-Present |
| DENVER | CO | WEMPCO | 1949-1990 |
| BOCA RATON | FL | ZONOLITE | 1956-1972 |
| JACKSONVILLE | FL | SOUTH ZONO | 1950-1990 |
| POMPONA BEACH | FL | N/A | 1972-Present |
| TAMPA | FL | SOUTH ZONO | 1950-1984 |
| ATLANTA | GA | N/A | 1950-1970 |
| SAVANNAH | GA | ZONOLITE | 1955-1961 |
| CHICAGO | IL | UNIV.ZONO | 1936-1973 |
| WEST CHICAGO | IL | N/A | 1973-1995 |
| WILDER | KY | ZONOLITE | 1952-1995 |
| NEW ORLEANS | LA | ZONOLITE | 1953-1989 |
| EASTHAMPTON | MA | N/A | 1964-1992 |
| NORTH BILLERICA | MA | ZONOLITE | 1954-1964 |
| KENILWORTH (D.C) | MD | CAROLINA VERM. | 1954-1959 |
| MUIRKIRK | MD | ZONOLITE | 1959-1998 |
| DEARBORN | MI | UNIV.INSUL | 1947-1990 |
| DETROIT | MN | UNIV.ZONO | 1936-1953 |
| MINNEAPOLIS | MO | WESTERN MINERAL | 1937-1989 |
| KANSAS CITY | MO | ZONOLITE | 1954-1967 |
| ST. LOUIS | MO | ZONOLITE | 1954-1990 |
| LIBBY | MT | ZONOLITE | 1922-1969 |
| HIGH POINT | NC | CAROLINA VERM. | 1955-1989 |
| OMAHA | NE | WEMPCO | 1955-1989 |
| TRENTON | NJ | ZONOLITE | 1951-1994 |
| ALBANY | NY | ZONOLITE | 1947-1955 |
| LITICA | NY | ZONOLITE | 1955-1964 |
| WEEDSPORT | NY | ZONOLITE | 1963-1989 |
| OKLAHOMA CITY | OK | TEX.VERM | 1956-1990 |
| PORTLAND | OR | VERM.NORTHW | 1944-1995 |
| ELLWOOD CITY | PA | ZONOLITE | 1953-1969 |
| NEW CASTLE | PA | N/A | 1969-1992 |
| SHARPSBURGH (PITT) | PA | LEASED | 1946-1953 |
| PUERTO RICO | PR | N/A | 1964-1964 |
| ENOREE/KEARNEY | SC | N/A | 1966-Present |
| TRAVELERS REST | SC | UNIV.ZONO | 1946-Present |
| NASHVILLE | TN | ZONOLITE | 1952-1989 |
| DALLAS | TX | TEX.VERM | 1953-1992 |
| SAN ANTONIO | TX | TEX.VERM | 1961-1989 |
| SPOKANE | WA | VERM.NORTHW | 1945-1974 |

Exhibit 2
Page 1 of 2

**EXHIBIT 2**

## W.R. GRACE & CO. OWNED EXPANDING PLANTS

| PLANTS | STATE | FROM WHOM/HOW ACQUIRED | DATES OF OPERATION |
|--------|-------|------------------------|--------------------|
| MILWAUKEE | WI | WEMPCO | 1941-1991 |

Exhibit 2
Page 2 of 2

# EXHIBIT 3

**EXHIBIT 3**

Dear Executive Director (or Editor):

W.R. Grace and related companies have filed for protection under Chapter 11 of the U.S. Bankruptcy Code. As part of the bankruptcy process, Grace must inform individuals who may have an Asbestos Personal Injury Claim or a Settled Asbestos Claim that they must file their claim on or before April 1, 2002, the Bar Date.

**Because your organization (or publication) has been identified as having members and retirees (readers) who may have asbestos-related claims, we are writing to ask for your help in giving notice to potential claimants.**

We have enclosed the Bar Date Notice For All Claims and a press release to be used in your organization's journal or magazine, newsletter, or any other communication vehicles to provide notice to your members concerning the Bar Date (or your publication to provide notice to your readers concerning the Bar Date.)

• **Asbestos Personal Injury Claims** are those involving personal injuries or damages related to exposure to asbestos-containing products manufactured by the W.R. Grace Debtors or exposure to vermiculite mined or milled by the Debtors. You must file a claim if you have symptoms of an asbestos-related injury that has been diagnosed by a medical professional and you have not filed a claim related to that injury,

• **Settled Asbestos Claims** are asbestos personal injury claims that have been settled but not fully paid.

We hope that you will use the enclosed materials to notify your members (readers) of their legal rights with respect to asbestos-related claims they may have against W R. Grace. Thank you for your cooperation in providing this information to your members and retirees.

Sincerely,

XXXXXX

Exhibit 3
Page 1 of 1

# EXHIBIT 4

**EXHIBIT 4**

## TARGETED TRADE PUBLICATIONS

| | MEDIA NAME | CIRCULATION | PROFILE |
|---|---|---|---|
| ASBESTOS ABATEMENT | Insulation Outlook | 6,000 | Written for those with an interest in industrial and commercial insulation. Contains information on new products industry trends asbestos abatement and installation practices. |
| | ABC Today | 24,000 | Edited for merit shop or open shop contractors and subcontractors. Features articles on national & regional construction, news, government and legislative activities, labor relations, project case histories, equipment and new products. |
| CONSTRUCTION | ASA Today | 7,000 | Reports on business, legal and legislative issues of concern to the subcontracting industry. |
| | Nation's Building News | 186,000 | Providing national coverage of the construction industry including commercial and industrial construction. Coverage includes land use and development, mortgage, finance, government regulations, tax issues, consumer affairs and energy issues. Additional information provided on materials and supplies. |
| ELECTRICAL | Electrical Contracting & Engineering | 80,000 | Edited for engineers and electrical and utility contractors as a sourcing and buying guide. Each monthly issue features articles including power distribution and safety effective training, electrical design for high-tech applications and power assurance. Departmental columns include product news, special technical reports and industry news. |

Exhibit 4
Page 1 of 3

**EXHIBIT 4**

## TARGETED TRADE PUBLICATIONS

| | MEDIA NAME | CIRCULATION | PROFILE |
|---|---|---|---|
| INDUSTRIAL MAINTENANCE AND SAFETY | Industrial Maintenance & Plant Operation | 150,159 | Written for personnel responsible for the maintenance and operation of industrial plants through coverage of new and improved operational procedures and equipment. Regular issue features include new product listings, new literature, industry news and plant maintenance procedures. |
| | Industrial Safety & Hygiene News | 70,000 | Published for purchasers of safety, industrial hygiene, environmental health & emergency and fire & security products whose responsibilities include employee training, regulatory compliance, chemical safety, machine safety, noise control and emergency response. Editorial content is designed for busy readers who need product updates, regulatory news and how-to features. |
| | Occupational Health & Safety | 81,627 | Dedicated to assisting health and safety professionals in their efforts to understand and control illness, injury and hazardous exposure in the workplace. |
| INDUSTRIAL MAINTENANCE AND SAFETY | Plant Safety & Maintenance | 50,000 | Created for plant safety professionals and examines occupational health compliance issues and the maintenance of all plant facilities equipment and systems. Articles discuss how products and procedures make plants safer, more efficient and cost effective and focus on application analysis of what works and what doesn't and lessons learned from today's winners. Includes useful information on certification and training, industrial hygiene, software applications, late-breaking industry news and e-procurement solutions for the safety product purchase-supply chain. |

Exhibit 4
Page 2 of 3

**EXHIBIT 4**

## TARGETED TRADE PUBLICATIONS

| | MEDIA NAME | CIRCULATION | PROFILE |
|---|---|---|---|
| **INDUSTRIAL PLANTS** | Industrial Heating | 22,741 | Edited for the management and engineering personnel responsible for the application and performance of systems and equipment dependent upon thermal energy in primary production and manufacturing industries. Regular issue features include literature and book reviews, new products listings and a report on industry financial news. |
| | Plant Engineering | 116,772 | Edited for those responsible for designing, building, installing, operating and maintaining the systems equipment and services of the industrial plant. Areas of coverage include HVAC, electrical fluid handling, materials handling, power transmission, maintenance and safety and environmental concerns. |
| **LEGAL** | Andrew's Asbestos Litigation Reporter | N/A | Covers the most recent developments in asbestos personal injury litigation.  Covers significant pretrial proceedings, discovery, trials and verdicts and appellate level activity in the cases. |
| | Mealey's Litigation Report: Asbestos | N/A | Serves the legal and business communities with highly targeted reports in the fields of litigation and arbitration. Tracks litigation arising from asbestos-related injury and death. |

Exhibit 4
Page 3 of 3

# EXHIBIT 5

EXHIBIT 5

## UNIONS WHOSE MEMBERSHIP IS MOST LIKELY TO HAVE BEEN EXPOSED TO ASBESTOS PRODUCTS

### International Association of Heat & Frost Insulators and Asbestos Workers

- Membership: 12,000
- Local Affiliates: 113
- Work as insulators, extensively with Asbestos.

### The International Association of Bridge, Structural, Ornamental and Reinforcing Ironworkers (IABSORIW)

- Membership: 130,000
- Local Affiliates: 225
- Make marquees, canopies, stage equipment, bridge and overpass railings.

### International Brotherhood of Electrical Workers

- Membership: 679,000
- Local Affiliates: 1200
- Conduct all types of electrical work, including installation and utility work.

### International Brotherhood of Painters and Allied Trades

- Membership: 140,000
- Local Affiliates: 445
- Commercial and residential painters.  Produce paint, carpet and linoleum products.

### International Union of Bricklayers and Allied Craftsmen (Includes: United Brick and Clay Workers of America)

- Membership: 84,000
- Local Affiliates: 342
- Work as bricklayers on construction sites.

Exhibit 5
Page 1 of 3

## The International Union of Operating Engineers (IUOE)

- Membership: 400,000
- Local Affiliates: 200
- Represents operating engineers and stationary engineers who work in operations and maintenance in building and industrial complexes, and in the service industries. Also represents nurses and other health industry workers, as well as significant numbers of public employees engaged in a wide variety of occupations.

## Laborers' International Union of North America (Formerly: International Hod Carriers, Building and Common Laborers Union of America and Journeyman Stonecutters Association of North America)

- Membership: 750,000
- Local Affiliates: 628
- Work in a wide variety of occupations including nuclear waste cleanup, mail handling and tunnel construction. A majority of their members work as laborers

## Operative Plasterers' and Cement Masons' International Association of the United States and Canada

- Membership: 29,000
- Local Affiliates: 190
- Work as cement masons, dry-wall workers and in plastering and cement masonry.

## Sheet Metal Workers' International Association

- Membership: 106,000
- Local Affiliates: 203
- Install sheet metal products on job sites including air ducts, heating-ventilation-air conditioning work and solar panels.

Exhibit 5
Page 2 of 3

**United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States & Canada**

- Membership: 300,000
- Local Affiliates: 441
- Work as plumbers.

**United Brotherhood of Carpenters and Joiners of America** (Includes: International Union of Wood, Wire and Metal Lathers and Tile, Marble, Terazzo, Finishers, Shopworkers and Granite Cutters International Union)

- Membership: 500,000
- Local Affiliates: 1,200
- Members work as residential and commercial carpenters.

Exhibit 5
Page 3 of 3

# EXHIBIT 6

**EXHIBIT 6**

Dear Union Leader:

W.R. Grace and related companies have filed for protection under Chapter 11 of the U.S. Bankruptcy Code.  As part of the bankruptcy process, Grace must inform individuals who may have an Asbestos Personal Injury Claim or a Settled Asbestos Claim that they must file their claim on or before April 1, 2002, the Bar Date.

**Because your union has been identified as having members and retirees who may have asbestos-related claims, we are writing to ask for your help in giving notice to potential claimants.**

We have enclosed camera-ready materials and a press release as well as the full notice to be used in your union's journal or magazine, newsletter, or any other communication vehicles to provide notice to your members concerning the bar date.

- **Asbestos Personal Injury Claims** are those involving personal injuries or damages related to exposure to asbestos containing products manufactured by the W.R. Grace Debtors or exposure to vermiculite mined or milled by the Debtors. You must file a claim if you have symptoms of an asbestos-related injury that has been diagnosed by a medical professional and you have not filed a claim related to that injury,

- **Settled Asbestos Claims** are those Asbestos Personal Injury Claims against the W.R. Grace Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases, but for which the Claimant has yet to receive payment.

We hope that you will use the enclosed materials to notify your members of their legal rights with respect to asbestos-related claims they may have against W R. Grace. Thank you for your cooperation in providing this information to your members and retirees.

Sincerely,


XXXXXX

Exhibit 6
Page 1 of 1

**EXHIBIT 6**

# All Asbestos-Related Claims Against W. R. Grace Must Be Filed by April 1, 2002

W. R. Grace, its predecessors, subsidiaries, and other related entities ("Debtors") have filed for protection under Chapter 11 of the U.S. Bankruptcy Code.  If you believe you have an asbestos-related claim as defined below, you must file that claim by April 1, 2002.

**Asbestos Personal Injury Claims** are those involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled, or processed by the Debtors. You must file a claim if you have symptoms of an asbestos-related injury that has been diagnosed by a medical professional and you have not filed a claim related to that injury.

**Settled Asbestos Claims** are those Asbestos Personal Injury Claims that have been settled but not fully paid.

Grace mined, produced, and marketed vermiculite products, some of which may have contained naturally occurring asbestos, including attic insulation. Grace also produced and marketed other vermiculite products with commercially added asbestos, including ceiling and wall finishes, plasters, and cements. From 1959 to 1973, Grace marketed Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray-on fireproofing plaster to provide fire protection for the enclosed steel beams of large commercial structures, predominately high-rise buildings.

For complete information including the Bar Date Notice for All Claims, Proof of Claim Form, and instructions for filing a claim:

## Call: 1-800-XXX-XXXX

## Write: Claims Agent, Re: W. R. Grace, P.O. Box xxx, City, State, Zip

### www.xxxxxx.com

**EXHIBIT 6**

Legal Notice                                Legal Notice

# All Asbestos-Related Claims Against W. R. Grace Must Be Filed by April 1, 2002

W. R. Grace, its predecessors, subsidiaries, and other related entities ("Debtors") have filed for protection under Chapter 11 of the U.S. Bankruptcy Code. If you believe you have an asbestos-related claim as defined below, you must file that claim by April 1, 2002.

**Asbestos Personal Injury Claims** are those involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled, or processed by the Debtors. You must file a claim if you have symptoms of an asbestos-related injury that has been diagnosed by a medical professional and you have not filed a claim related to that injury.

**Settled Asbestos Claims** are those Asbestos Personal Injury Claims that have been settled but not fully paid.

**For complete information and a claim form:**

## Call: 1-800 -XXX-XXXX

**Write: Claims Agent, Re: W. R. Grace, P.O. Box xxx, City, State, Zip**

www.xxxxxx.com

**EXHIBIT 7**

**EXHIBIT 7**

## "DO-IT-YOURSELF" CONSUMER PUBLICATIONS

| Media Name | Circulation | Media Profile |
|---|---|---|
| Ace Homeplace | 500,000 | Distributed to preferred customers and Hardware Club members and their families. Editorial content offers do-it-yourself ideas, lifestyle, articles, projects and tool information and a question & answer forum for expert tips. Covers the latest trends in both indoor and outdoor home improvement as well as interior decor suggestions on paints, lighting, techniques and room makeovers. |
| Better Homes & Gardens Do It Yourself | 107,250 | Offers stylish affordable ideas to bring personal flair to the home and garden. Editorial content focuses on remodeling, decorating and gardening ideas that suit a variety of do-it-yourself skill levels and interests. Suggests approachable ideas supported with how-to advice and product information. |
| Handy | 843,205 | Official publication of the Handyman Club of America and devoted to helping readers achieve success in their home improvement projects. The publication provides the information and guidance to tackle any job with confidence focusing on becoming more informed and skilled craftsmen and enabling them to get their jobs done quickly safely and correctly. Regular topics include building, remodeling, home maintenance and repair, woodworking, plumbing, electrical, home center, retailing, landscaping, tool techniques and buyer's guides. |
| Old-House Journal | 154,796 | Edited for architects, decorators and owners of homes built prior to 1960 from the colonial through the post-Victorian eras. Content provides ideas and tips on restoring, maintaining and decorating older houses through technical and how-to articles. Regular features include architecture and decorating style, reviews, restoration, profiles, product evaluations, updates and readers' hints and ideas. |
| The Family Handyman Magazine | 1,120,938 | Edited for the homeowner who takes an active interest in home improvement and remodeling. Major editorial categories include repair and maintenance, energy efficiency, home furnishings, decorating, yard and garden care. Additional topics include woodworking, auto maintenance, new products and housing. |
| This Old House | 925,000 | Sharing the philosophy of the national television show the publication inspires homeowners to enhance their homes and gardens by instilling a deep appreciation of craftsmanship and fine design. Detailed information and photography provide a thorough understanding of equipment materials and techniques needed to renovate a home in an effort to improve communication between readers and architects contractors, craftsmen and designers. |
| Workbench | 352,470 | Provides guidance to home improvement and woodworking enthusiasts with ideas tips and plans for beginners and experienced craftsmen. Every issue features basic how-to information on home improvement, detailed plans and instructions for great woodworking projects, shop tips and information about the latest new tools and products. |
| Total Circulation | 4,003,659 | |

Exhibit 7
Page 1 of 1

**EXHIBIT 8**

**EXHIBIT 8**

## 30-SECOND W. R. GRACE BAR DATE SPOT
### (Visual treatment to be determined.)

**W.R. Grace Bankruptcy**
**Last Day to File All Claims**
**April 1, 2002**
**1-800-XXX-XXXX**

**W.R. Grace Bankruptcy**
**Asbestos Personal Injury Claims**
**Asbestos Property Damage Claims**
**Zonolite Attic Insulation Claims**
**All Other Claims**
**1-800-XXX-XXXX**

**W.R. Grace Bankruptcy**
**Vermiculite and Asbestos-Containing Products**
**Plasters, cements, ceiling and wall finishes, high rise commercial fireproofing, attic insulation**
**1-800-XXX-XXXX**

**W.R. Grace Bankruptcy**
**Last Day to File All Claims**
**April 1, 2002**
**1-800-XXX-XXXX**
**www.xxxxx.com**
**By Order of U.S. Bankruptcy Court for the District of Delaware**

A court-ordered legal announcement.

All claims in the W. R. Grace bankruptcy must be filed by April 1, 2002, including claims for asbestos personal injury, asbestos property damage, and Zonolite Attic Insulation.

Grace mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos, including attic insulation.

Grace's asbestos-containing products included acoustical finishes and a fireproofing plaster used in commercial high rise buildings.

If you believe you have a claim call 1-800-XXX-XXXX for information and a claim form.

Exhibit 8
Page 1 of 1

# EXHIBIT 9

W.R. Grace Bankruptcy

# All Claims Against W.R. Grace Must be Filed by April 1, 2002
## Including:
## Asbestos Personal Injury and Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, or other Claims Relating to Asbestos-Containing or Vermiculite Products

W. R. Grace*, its predecessors, subsidiaries, and other related entities ("Debtors") have filed for protection under Chapter 11 of the U.S. Bankruptcy Code. All individuals and entities with claims against the Debtors must file these claims on or before April 1, 2002. Claims include:

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those involving personal injuries or damages related to exposure to asbestos-containing products manufactured by the Debtors or exposure to vermiculite mined or milled or processed by the Debtors. You must file a claim if you have symptoms of an asbestos-related injury that have been diagnosed by a medical professional and you have not filed a claim related to that injury.

**Asbestos Property Damage Claim:** Asbestos Property Damage Claims include, among other claims, the cost of removal, the diminution of property value or economic loss, etc., caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors.

**Zonolite Attic Insulation Claim:** Zonolite Attic Insulation Claims include among other claims, the cost of removal, the diminution of property value or economic loss, etc. caused by Zonolite Attic Insulation manufactured by the Debtors. Zonolite is a loose fill vermiculite insulation product.

**Settled Asbestos Claim:** Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases, but for which the Claimant has yet to receive payment.

**Non-Asbestos Claim:** Non-Asbestos Claims are any other claims against the Debtors.

Grace entered the vermiculite business through the purchase of the Zonolite Company in 1963, which included a network of owned and independent expanding plants.

The company mined, produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos. One such product was Zonolite Attic Insulation, a loose-fill vermiculite used as insulation in attics that was sold from the 1920s or 1930s to 1984.

Grace also produced and marketed other vermiculite products with commercially added asbestos including ceiling and wall finishes, plasters, and cements. From 1959 to 1973, Grace marketed Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray–on fireproofing plaster used to provide fire protection for the enclosed steel beams of large commercial structures, predominately high-rise buildings.

**To preserve your claim, you must file the appropriate Proof of Claim Form with the Claims Agent so that it is received by xxx PM, April 1, 2002.** Failure to timely file a proof of claim form may result in your claim being barred, not considered for payment and/or voting purposes.

For complete information including the Bar Date Notice For All Claims, Proof of Claim Form and instructions for filing a claim, call the toll free number listed below or write to Claims Agent, Re: W. R. Grace , P.O. Box xxx, City, State, Zip

# 1-800-XXX-XXXX or visit www.xxxx.com

*Grace includes all of the following entities, which filed for Chapter 11 protection under the United States Bankruptcy Code: W. R. Grace & Co. Inc. (f/k/a Grace Specialty Chemicals, Inc.)♦W. R. Grace & Co.-Conn.♦A-1 Bit & Tool Co., Inc.♦Alewife Boston Ltd.♦Alewife Land Corporation♦Amicon, Inc.♦CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.)♦CCHP, Inc.♦Coalgrace, Inc.♦Coalgrace II, Inc.♦Creative Food 'N Fun Company♦Darex Puerto Rico, Inc.♦Del Taco Restaurants, Inc.♦Dewey and Almy, LLC (f/k/a Dewey and Almy Company)♦Ecarg, Inc.♦Five Alewife Boston Ltd.♦G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.)♦G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.)♦GEC Management Corporation♦GN Holdings, Inc.♦GPC Thomasville Corp.♦Gloucester New Communities Company, Inc.♦Grace A-B Inc.♦Grace A-B II Inc.♦Grace Chemical Company of Cuba♦Grace Culinary Systems, Inc.♦Grace Drilling Company♦Grace Energy Corporation♦Grace Environmental, Inc.♦Grace Europe, Inc.♦Grace H-G Inc.♦Grace H-G II Inc.♦Grace Hotel Services Corporation♦Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.)♦Grace Offshore Company♦Grace PAR Corporation♦Grace Petroleum Libya Incorporated♦Grace Tarpon Investors, Inc.♦Grace Ventures Corp.♦Grace Washington, Inc.♦W. R. Grace Capital Corporation♦W. R. Grace Land Corporation♦Gracoal, Inc.♦Gracoal II, Inc.♦Guanica-Canbe Land Development Corporation♦Hanover Square Corporation♦Homco International, Inc.♦Kootenai Development Company♦L B Realty, Inc.♦Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.)♦Monolith Enterprises, Incorporated♦Monroe Street, Inc.♦MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation)♦MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.)♦MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.)♦Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.)♦Southern Oil, Resin & Fiberglass, Inc.♦Water Street Corporation♦Axial Basin Ranch Company♦CC Partners (f/k/a Cross Country Staffing)♦Hayden-Gulch West Coal Company.♦H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").

Exhibit 9
Page 1 of 1

**EXHIBIT 10**

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| AK | Anchorage | Daily News | 84,417 | Parade Magazine |
| AK | Fairbanks | News-Miner | 21,321 | Parade Magazine |
| AK | Juneau | Empire | 8,639 | Parade Magazine |
| AL | Alexander City | Outlook | 4,426 | Parade Magazine |
| AL | Anniston | Star | 38,800 | Parade Magazine |
| AL | Birmingham | News, Post Herald | 199,258 | Parade Magazine |
| AL | Decatur | Daily | 28,400 | USA Weekend |
| AL | Dothan | Eagle | 37,173 | USA Weekend |
| AL | Florence | Times Daily | 35,371 | Parade Magazine |
| AL | Gadsden | Times | 27,512 | USA Weekend |
| AL | Huntsville | Times | 80,560 | Parade Magazine |
| AL | Jasper | Mountain Eagle | 12,298 | USA Weekend |
| AL | Mobile | Register | 117,848 | Parade Magazine |
| AL | Montgomery | Advertiser | 70,276 | USA Weekend |
| AL | Opelika | News | 14,544 | USA Weekend |
| AL | Selma | Times-Journal | 7,515 | USA Weekend |
| AL | Talladega | Daily Home | 10,300 | Parade Magazine |
| AL | Tuscaloosa | News | 40,348 | Parade Magazine |
| AR | Benton | Courier | 7,605 | USA Weekend |
| AR | Blytheville | Courier News | 3,887 | USA Weekend |
| AR | Conway | Log Cabin Democrat | 11,814 | USA Weekend |
| AR | El Dorado | News-Times | 16,831 | USA Weekend |
| AR | Fort Smith | Southwest Times Record | 46,003 | USA Weekend |
| AR | Harrison | Times | 10,292 | USA Weekend |
| AR | Hot Springs | Sentinel - Record | 19,206 | USA Weekend |
| AR | Jonesboro | Sun | 30,876 | USA Weekend |
| AR | Little Rock | Arkansas Democrat-Gazette | 309,368 | Parade Magazine |
| AR | Mountain Home | Baxter Bulletin | 11,105 | USA Weekend |
| AR | Paragould | Press | 4,534 | USA Weekend |
| AR | Pine Bluff | Commercial | 19,732 | USA Weekend |
| AR | Russellville | Courier | 13,256 | USA Weekend |
| AR | Searcy | Citizen | 6,821 | USA Weekend |
| AR | Springdale | Morning News of Northwest Arkansas | 36,428 | USA Weekend |
| AZ | Bullhead City | News | 9,330 | USA Weekend |
| AZ | Casa Grande | Dispatch | 9,173 | USA Weekend |
| AZ | Douglas | Dispatch | 2,745 | USA Weekend |
| AZ | Flagstaff | Arizona Daily Sun | 13,382 | Parade Magazine |
| AZ | Kingman | Miner | 8,189 | USA Weekend |
| AZ | Lake Havasu City | News-Herald | 10,051 | USA Weekend |
| AZ | Mesa | Tribune | 110,000 | Parade Magazine |
| AZ | Phoenix | Arizona Republic | 608,886 | USA Weekend |
| AZ | Prescott | Courier | 19,743 | USA Weekend |
| AZ | Sierra Vista | Herald | 11,010 | USA Weekend |
| AZ | Sun City | News-Sun | 20,159 | USA Weekend |
| AZ | Tucson | Citizen | 41,351 | USA Weekend |
| AZ | Tucson | Arizona Daily Star | 179,853 | Parade Magazine |
| AZ | Yuma | Daily Sun | 19,100 | Parade Magazine |
| CA | Auburn | Journal | 12,757 | USA Weekend |
| CA | Bakersfield | Californian | 86,314 | Parade Magazine |
| CA | Barstow | Desert Dispatch | 5,181 | USA Weekend |
| CA | Benicia | Herald | 4,440 | USA Weekend |
| CA | Chico | Enterprise-Record | 28,164 | USA Weekend |
| CA | Davis | Enterprise | 10,418 | USA Weekend |
| CA | El Centro | Imperial Valley Press | 16,602 | USA Weekend |
| CA | Eureka | Times - Standard | 20,711 | Parade Magazine |
| CA | Fairfield | Republic | 22,218 | USA Weekend |
| CA | Freemont-Newark | Argus | 32,726 | USA Weekend |
| CA | Fresno | Bee | 194,924 | Parade Magazine |

Exhibit 10
Page 1 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| CA | Hanford | Sentinel | 13,355 | USA Weekend |
| CA | Hayward | Review | 39,061 | USA Weekend |
| CA | Lakeport | Lake County Record Bee | 8,593 | USA Weekend |
| CA | Lodi | News Sentinel | 17,026 | USA Weekend |
| CA | Lompoc | Record | 8,157 | USA Weekend |
| CA | Long Beach | Press Telegram | 118,770 | Parade Magazine |
| CA | Los Angeles | Daily News | 212,434 | USA Weekend |
| CA | Los Angeles | Times | 1,388,727 | Parade Magazine |
| CA | Madera | Tribune | 5,521 | USA Weekend |
| CA | Marin County | Independent Journal | 40,044 | USA Weekend |
| CA | Marysville | Appeal - Democrat | 22,670 | USA Weekend |
| CA | Merced | Sun-Star | 19,371 | USA Weekend |
| CA | Modesto | Bee | 92,355 | Parade Magazine |
| CA | Monterey | County Herald | 37,640 | Parade Magazine |
| CA | Napa | Napa Valley Register | 19,490 | USA Weekend |
| CA | Oakland | Oakland Tribune | 63,960 | USA Weekend |
| CA | Oceanside | North County Times | 94,624 | Parade Magazine |
| CA | Ontario | Bulletin | 74,838 | USA Weekend |
| CA | Oroville | Mercury-Register | 7,500 | USA Weekend |
| CA | Palm Springs | The Desert Sun | 59,728 | USA Weekend |
| CA | Palmdale | Antelope Valley Press | 31,283 | USA Weekend |
| CA | Pleasanton | Tri Valley Herald | 42,132 | USA Weekend |
| CA | Porterville | Recorder | 10,666 | USA Weekend |
| CA | Red Bluff | News | 6,996 | USA Weekend |
| CA | Redding | Record Searchlight | 38,429 | Parade Magazine |
| CA | Redlands | Redlands Daily Facts | 7,023 | USA Weekend |
| CA | Riverside | Press-Enterprise | 180,008 | Parade Magazine |
| CA | Sacramento | Bee | 357,408 | Parade Magazine |
| CA | Sacramento | Bee | 296,610 | Parade Magazine |
| CA | Salinas | Californian | 19,522 | USA Weekend |
| CA | San Bernardino | Sun | 85,089 | USA Weekend |
| CA | San Diego | Union-Tribune | 450,304 | Parade Magazine |
| CA | San Francisco | Examiner Chronicle | 570,753 | Parade Magazine |
| CA | San Francisco | Examiner Chronicle | 570,753 | USA Weekend |
| CA | San Gabriel | San Gabriel Valley Newspapers * | 122,420 | Parade Magazine |
| CA | San Jose | Mercury News | 330,064 | Parade Magazine |
| CA | San Luis Obispo | Telegram - Tribune | 40,226 | Parade Magazine |
| CA | San Mateo | County Times | 37,782 | USA Weekend |
| CA | Santa Ana | Orange County Register | 423,638 | Parade Magazine |
| CA | Santa Barbara | News-Press | 48,875 | USA Weekend |
| CA | Santa Cruz | County Sentinel | 29,413 | USA Weekend |
| CA | Santa Maria | Times | 20,056 | USA Weekend |
| CA | Santa Rosa | Press Democrat | 103,114 | USA Weekend |
| CA | Stockton | Record | 71,329 | Parade Magazine |
| CA | Torrance | Daily Breeze | 85,749 | Parade Magazine |
| CA | Tulare | Advance Register | 8,236 | USA Weekend |
| CA | Turlock | Journal | 5,850 | USA Weekend |
| CA | Ukiah | Journal | 7,723 | USA Weekend |
| CA | Vallejo | Times-Herald | 22,130 | USA Weekend |
| CA | Ventura County | Star † | 110,882 | Parade Magazine |
| CA | Victorville | Press | 38,589 | USA Weekend |
| CA | Visalia | Times Delta | 28,320 | USA Weekend |
| CA | Walnut Creek | Contra Costa Times | 197,116 | Parade Magazine |
| CA | Watsonville | Register-Pajaronian | 7,913 | USA Weekend |
| CA | Woodland | Democrat | 9,905 | USA Weekend |
| CO | Boulder | Sunday Camera | 42,160 | Parade Magazine |
| CO | Colorado Springs | Gazette-Telegraph | 114,678 | Parade Magazine |
| CO | Denver | Post & Rocky Mountain News | 940,000 | USA Weekend |

Exhibit 10
Page 2 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| CO | Denver | Post & Rocky Mountain News | 950,000 | Parade Magazine |
| CO | Durango | Herald | 8,602 | USA Weekend |
| CO | Fort Collins | Coloradoan | 34,834 | USA Weekend |
| CO | Glenwood Springs | Western Slope Sunday | 11,030 | Parade Magazine |
| CO | Grand Junction | Sentinel | 34,357 | Parade Magazine |
| CO | Greeley | Tribune | 24,407 | USA Weekend |
| CO | Montrose | Press | 6,712 | USA Weekend |
| CO | Pueblo | Chieftan | 54,600 | Parade Magazine |
| CT | Bridgeport | Connecticut Post | 89,760 | USA Weekend |
| CT | Danbury | News-Times | 40,250 | Parade Magazine |
| CT | Greenwich | Time | 13,867 | Parade Magazine |
| CT | Hartford | Courant | 298,677 | Parade Magazine |
| CT | Manchester | Journal Inquirer | 50,670 | USA Weekend |
| CT | Meriden | Record-Journal | 26,803 | USA Weekend |
| CT | New Britain | Herald | 36,393 | USA Weekend |
| CT | New Haven | Register | 105,177 | USA Weekend |
| CT | New London | Day | 46,365 | Parade Magazine |
| CT | Norwalk | Hour | 16,225 | USA Weekend |
| CT | Norwich | Bulletin | 35,382 | USA Weekend |
| CT | Stamford | Advocate | 37,202 | Parade Magazine |
| CT | Torrington | Register-Citizen | 10,379 | USA Weekend |
| CT | Waterbury | Republican-American | 70,276 | Parade Magazine |
| DC | Washington | Post | 1,087,259 | Parade Magazine |
| DC | Washington | Times | 84,934 | Parade Magazine |
| DE | Dover | Delaware State News | 25,950 | USA Weekend |
| DE | Wilmington | News Journal | 145,190 | Parade Magazine |
| FL | Boca Raton | News | 14,840 | USA Weekend |
| FL | Bradenton | Herald | 56,180 | USA Weekend |
| FL | Brooksville | Hernando Today | 12,561 | USA Weekend |
| FL | Charlotte Harbor | Sun-Herald | 40,581 | USA Weekend |
| FL | Crystal River | Citrus County Chronicle | 28,507 | USA Weekend |
| FL | Daytona Beach | News-Journal | 123,129 | USA Weekend |
| FL | Fort Lauderdale | South Florida Sun-Sentinel | 389,568 | USA Weekend |
| FL | Fort Myers | News-Press | 118,266 | USA Weekend |
| FL | Fort Pierce/Port St. Lucie | Tribune | 30,280 | Parade Magazine |
| FL | Fort Walton Beach | Northwest Florida News | 49,868 | Parade Magazine |
| FL | Gainesville | Sun | 60,448 | Parade Magazine |
| FL | Jacksonville | Times-Union | 237,429 | Parade Magazine |
| FL | Key West | Citizen | 12,217 | USA Weekend |
| FL | Lakeland | Ledger | 96,704 | Parade Magazine |
| FL | Leesburg | Commercial | 32,489 | USA Weekend |
| FL | Marianna | Jackson County Floridan | 6,662 | USA Weekend |
| FL | Melbourne | Today | 115,878 | USA Weekend |
| FL | Miami | El Nuevo Herald | 52,689 | Parade Magazine |
| FL | Miami | Herald | 467,244 | Parade Magazine |
| FL | Naples | News | 76,333 | Parade Magazine |
| FL | Ocala | Star-Banner | 55,654 | Parade Magazine |
| FL | Orlando | Sentinel | 391,890 | Parade Magazine |
| FL | Panama City | News-Herald | 38,788 | USA Weekend |
| FL | Pensacola | News Jounal | 82,485 | USA Weekend |
| FL | Sarasota | Herald-Tribune | 144,222 | Parade Magazine |
| FL | Sebring | Highlands Today | 13,791 | USA Weekend |
| FL | St. Augustine | Record | 16,522 | USA Weekend |
| FL | St. Petersburg | Times | 431,320 | Parade Magazine |
| FL | Stuart | News | 47,719 | Parade Magazine |
| FL | Tallahassee | Democrat | 68,021 | Parade Magazine |
| FL | Tampa | Tribune | 323,007 | Parade Magazine |
| FL | Vero Beach | Press-Journal | 39,129 | Parade Magazine |

Exhibit 10
Page 3 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| FL | West Palm Beach | Post | 232,198 | Parade Magazine |
| FL | Winter Haven | News-Chief | 11,188 | USA Weekend |
| GA | Albany | Herald | 33,375 | USA Weekend |
| GA | Americus | Times-Recorder | 7,165 | USA Weekend |
| GA | Athens | Banner Herald and News | 33,457 | Parade Magazine |
| GA | Atlanta | Journal-Constitution | 679,198 | Parade Magazine |
| GA | Augusta | Chronicle | 99,451 | Parade Magazine |
| GA | Brunswick | News | 16,200 | USA Weekend |
| GA | Canton | Cherokee Tribune | 7,863 | USA Weekend |
| GA | Carrollton | Times-Georgian | 9,470 | USA Weekend |
| GA | Cartersville | Tribune-News | 8,384 | USA Weekend |
| GA | Columbus | Ledger-Enquirer | 65,289 | Parade Magazine |
| GA | Conyers | Rockdale Citizen | 11,325 | USA Weekend |
| GA | Cordele | Dispatch | 11,645 | USA Weekend |
| GA | Dalton | Citizen-News | 12,433 | USA Weekend |
| GA | Douglasville | County Sentinel | 7,000 | USA Weekend |
| GA | Dublin | Courier-Herald | 11,632 | USA Weekend |
| GA | Gainesville | Times | 26,693 | USA Weekend |
| GA | Griffin | News | 12,276 | USA Weekend |
| GA | Jonesboro | News & Herald | 5,598 | USA Weekend |
| GA | La Grange | News | 9,440 | USA Weekend |
| GA | Lawrenceville | Gwinnett Daily Post | 62,746 | USA Weekend |
| GA | Macon | Telegraph | 95,686 | Parade Magazine |
| GA | Marietta | Journal | 19,543 | USA Weekend |
| GA | Milledgeville | Union-Recorder | 8,687 | USA Weekend |
| GA | Moultrie | Observer | 7,908 | USA Weekend |
| GA | Newnan | Times - Herald | 9,450 | USA Weekend |
| GA | Rome | News-Tribune | 19,529 | USA Weekend |
| GA | Savannah | News & Press | 77,717 | Parade Magazine |
| GA | Statesboro | Herald | 7,767 | USA Weekend |
| GA | Thomasville | Times-Enterprise | 10,078 | USA Weekend |
| GA | Tifton | Gazette | 8,352 | USA Weekend |
| GA | Valdosta | Times | 21,345 | USA Weekend |
| GA | Warner Robins | Sun | 8,405 | USA Weekend |
| HI | Hilo | Tribune-Herald | 22,603 | USA Weekend |
| HI | Honolulu | Advertiser & Star-Bulletin | 188,956 | USA Weekend |
| HI | Honolulu | Star-Bulletin | 118,500 | Parade Magazine |
| HI | Kailua-Kona | West Hawaii Today | 15,098 | USA Weekend |
| HI | Lihue | Garden Island | 9,284 | USA Weekend |
| HI | Wailuku | Maui News | 25,131 | Parade Magazine |
| IA | Ames | Tribune | 10,851 | Parade Magazine |
| IA | Burlington | Hawk Eye | 21,628 | Parade Magazine |
| IA | Cedar Rapids | Gazette | 80,855 | Parade Magazine |
| IA | Clinton | Herald | 13,548 | USA Weekend |
| IA | Council Bluffs | Nonpareil | 21,841 | USA Weekend |
| IA | Davenport-Bettendorf | Quad City Times | 72,069 | Parade Magazine |
| IA | Des Moines | Register | 252,254 | USA Weekend |
| IA | Dubuque-East Dubuque | Telegraph-Herald | 34,914 | USA Weekend |
| IA | Fort Dodge - Webster City | Messenger & Freeman-Journal | 21,161 | Parade Magazine |
| IA | Iowa City | Press-Citizen | 17,503 | USA Weekend |
| IA | Marshalltown | Times-Republican | 10,729 | Parade Magazine |
| IA | Mason City | Globe-Gazette | 23,331 | Parade Magazine |
| IA | Sioux City | Journal | 46,539 | Parade Magazine |
| IA | Sioux City | Journal | 46,539 | USA Weekend |
| IA | Waterloo | Courier | 52,699 | Parade Magazine |
| ID | Boise | Idaho Statesman | 87,188 | USA Weekend |
| ID | Coeur d'Alene | Press | 29,000 | USA Weekend |
| ID | Idaho Falls | Post-Register | 26,348 | Parade Magazine |

Exhibit 10
Page 4 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| ID | Lewiston | Tribune | 27,729 | Parade Magazine |
| ID | Nampa-Caldwell | Idaho Press Tribune | 19,736 | Parade Magazine |
| ID | Pocatello | Idaho State Journal | 18,088 | Parade Magazine |
| ID | Twin Falls | Times-News | 23,624 | Parade Magazine |
| IL | Alton-East Alton-Wood River | Telegraph | 29,417 | USA Weekend |
| IL | Aurora | Beacon News | 29,050 | USA Weekend |
| IL | Belleville | News-Democrat | 63,780 | Parade Magazine |
| IL | Benton | News | 3,725 | USA Weekend |
| IL | Bloomington | Pantagraph | 53,213 | Parade Magazine |
| IL | Carbondale | Southern Illinoisan | 35,769 | Parade Magazine |
| IL | Carbondale | Southern Illinoisan | 35,769 | USA Weekend |
| IL | Carmi | Times | 2,533 | USA Weekend |
| IL | Centralia-Central City-Wamac | Sentinel | 14,750 | Parade Magazine |
| IL | Champaign | News-Gazette | 50,406 | Parade Magazine |
| IL | Chicago | Daily Herald | 142,528 | USA Weekend |
| IL | Chicago | Southtown | 60,473 | USA Weekend |
| IL | Chicago | Sun-Times | 402,644 | USA Weekend |
| IL | Chicago | Tribune | 1,026,407 | Parade Magazine |
| IL | Crystal Lake | Northwest Herald | 35,504 | USA Weekend |
| IL | Danville | Commercial News | 19,885 | Parade Magazine |
| IL | De Kalb | Chronicle | 11,422 | USA Weekend |
| IL | Decatur | Herald and Review | 43,569 | Parade Magazine |
| IL | Dixon | Telegraph | 9,778 | USA Weekend |
| IL | DuQuoin | Call | 2,532 | USA Weekend |
| IL | Eldorado | Journal | 1,060 | USA Weekend |
| IL | Elgin | Courier News | 17,687 | USA Weekend |
| IL | Freeport | Journal-Standard | 16,150 | Parade Magazine |
| IL | Galesburg | Register Mail | 15,455 | USA Weekend |
| IL | Harrisburg | Register | 4,215 | USA Weekend |
| IL | Jacksonville | Journal-Courier | 14,732 | USA Weekend |
| IL | Joliet | Herald News | 43,800 | USA Weekend |
| IL | Kankakee | Journal | 32,311 | USA Weekend |
| IL | La Salle | News-Tribune | 19,139 | USA Weekend |
| IL | Macomb | Journal | 8,385 | USA Weekend |
| IL | Marion | Republican | 2,953 | USA Weekend |
| IL | Moline | Dispatch | 33,125 | USA Weekend |
| IL | Mount Vernon | Register News | 9,260 | USA Weekend |
| IL | Peoria | Journal-Star | 93,036 | Parade Magazine |
| IL | Pontiac | Leader | 4,240 | USA Weekend |
| IL | Quincy | Herald-Whig | 27,425 | Parade Magazine |
| IL | Rock Island | Argus | 14,845 | USA Weekend |
| IL | Rockford | Register Star | 71,562 | USA Weekend |
| IL | Springfield | State Journal-Register | 68,577 | USA Weekend |
| IL | Springfield | State Journal-Register & Courier | 60,216 | Parade Magazine |
| IL | Sterling-Rock Falls | Gazette & Sauk Valley Sunday | 22,329 | USA Weekend |
| IL | Waukegan | News Sun | 27,270 | USA Weekend |
| IL | West Frankfort | American | 2,607 | USA Weekend |
| IN | Anderson | Herald Bulletin | 31,200 | Parade Magazine |
| IN | Auburn | Star | 8,516 | USA Weekend |
| IN | Bloomington-Bedford | Herald-Times | 58,000 | Parade Magazine |
| IN | Bluffton | News Banner | 5,034 | USA Weekend |
| IN | Columbia City | Post & Mail | 4,200 | USA Weekend |
| IN | Columbus | Republic | 22,541 | USA Weekend |
| IN | Crawfordsville | Journal Review | 10,842 | USA Weekend |
| IN | Decatur | Democrat | 6,122 | USA Weekend |
| IN | Elkhart | Truth | 27,123 | USA Weekend |
| IN | Evansville | Courier | 103,105 | Parade Magazine |
| IN | Fort Wayne | Journal-Gazette | 131,850 | Parade Magazine |

Exhibit 10
Page 5 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| IN | Franklin | Journal | 18,485 | USA Weekend |
| IN | Ft. Wayne | News Sentinel | 46,999 | USA Weekend |
| IN | Gary | Post Tribune | 67,744 | USA Weekend |
| IN | Greencastle | Banner Graphic | 5,978 | USA Weekend |
| IN | Greenfield | Reporter | 9,461 | USA Weekend |
| IN | Indianapolis | Star | 362,426 | USA Weekend |
| IN | Kendallville | News Sun | 8,010 | USA Weekend |
| IN | Kokomo | Tribune | 26,800 | Parade Magazine |
| IN | Lafayette-West Lafayette | Journal and Courier | 37,151 | USA Weekend |
| IN | Lake County | The Times | 95,116 | Parade Magazine |
| IN | Logansport | Pharos-Tribune | 13,300 | Parade Magazine |
| IN | Marion | Chronicle-Tribune | 20,224 | USA Weekend |
| IN | Michigan City | News-Dispatch | 13,802 | USA Weekend |
| IN | Monticello | Herald Journal | 5,946 | USA Weekend |
| IN | Muncie | Star Press | 36,888 | USA Weekend |
| IN | New Albany | Tribune & Ledger-Tribune | 7,600 | Parade Magazine |
| IN | New Castle | Courier-Times | 10,179 | USA Weekend |
| IN | Noblesville | Ledger | 11,778 | USA Weekend |
| IN | Peru | Tribune | 7,046 | USA Weekend |
| IN | Richmond | Palladium-Item | 22,992 | USA Weekend |
| IN | Seymour | Tribune | 10,482 | USA Weekend |
| IN | Shelbyville | News | 10,555 | USA Weekend |
| IN | South Bend | Tribune | 102,853 | Parade Magazine |
| IN | Terre Haute | Tribune-Star | 45,141 | Parade Magazine |
| IN | Vincennes | Sun-Commercial | 14,330 | USA Weekend |
| IN | Wabash | Plain Dealer | 6,463 | USA Weekend |
| KS | Great Bend | Tribune | 7,517 | Parade Magazine |
| KS | Hays | Daily News | 13,501 | USA Weekend |
| KS | Hutchinson | News | 40,921 | USA Weekend |
| KS | Kansas City | Kansan | 8,409 | USA Weekend |
| KS | Lawrence | Jounal-World | 20,382 | USA Weekend |
| KS | Leavenworth | Times | 7,230 | USA Weekend |
| KS | Olathe | Daily News | 6,630 | USA Weekend |
| KS | Pittsburg | Morning Sun | 10,500 | Parade Magazine |
| KS | Salina | Journal | 32,436 | USA Weekend |
| KS | Topeka | Capital-Journal | 67,037 | Parade Magazine |
| KS | Wichita | Eagle | 155,703 | Parade Magazine |
| KY | Ashland | Sunday Independent | 23,993 | Parade Magazine |
| KY | Bowling Green | News | 26,649 | Parade Magazine |
| KY | Elizabethtown | News-Enterprise | 18,884 | Parade Magazine |
| KY | Glasgow | Glasgow Daily Times | 9,728 | Parade Magazine |
| KY | Henderson | Gleaner | 11,349 | USA Weekend |
| KY | Hopkinsville | Kentucky New Era | 12,128 | USA Weekend |
| KY | Lexington | Herald-Leader | 154,596 | Parade Magazine |
| KY | Louisville | Courier-Journal | 299,059 | USA Weekend |
| KY | Madisonville | Messenger | 8,831 | USA Weekend |
| KY | Owensboro | Messenger-Inquirer | 34,824 | Parade Magazine |
| KY | Paducah | Sun | 31,450 | USA Weekend |
| KY | Richmond | Register | 7,875 | USA Weekend |
| KY | Somerset | Commonwealth Journal | 9,100 | Parade Magazine |
| LA | Alexandria | Town Talk | 43,110 | USA Weekend |
| LA | Baton Rouge | Advocate | 128,091 | Parade Magazine |
| LA | Bogalusa | News | 6,432 | USA Weekend |
| LA | Hammond | Star | 14,404 | USA Weekend |
| LA | Houma | Daily Courier | 21,422 | Parade Magazine |
| LA | Lafayette | Advertiser | 52,420 | USA Weekend |
| LA | Lake Charles | American Press | 42,799 | Parade Magazine |
| LA | Monroe | News-Star | 41,959 | USA Weekend |

Exhibit 10
Page 6 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| LA | New Iberia | Iberian | 15,201 | USA Weekend |
| LA | New Orleans | Times-Picayune | 309,254 | Parade Magazine |
| LA | Opelousas | World | 13,302 | USA Weekend |
| LA | Ruston | Leader | 6,413 | Parade Magazine |
| LA | Shreveport | Times | 88,565 | USA Weekend |
| MA | Attleboro | Sun-Chronicle | 22,113 | USA Weekend |
| MA | Boston | Globe | 722,729 | Parade Magazine |
| MA | Boston | Herald | 170,042 | USA Weekend |
| MA | Brockton | Enterprise | 51,082 | USA Weekend |
| MA | Cape Cod | Sunday Cape Cod Times | 56,315 | Parade Magazine |
| MA | Fall River | Herald News | 27,663 | USA Weekend |
| MA | Fitchburg | Sentinel-Enterprise | 18,551 | USA Weekend |
| MA | Framingham | Metro-West Daily | 53,976 | USA Weekend |
| MA | Gloucester | Times | 11,545 | USA Weekend |
| MA | Greenfield | Recorder | 14,558 | USA Weekend |
| MA | Lawrence | Eagle-Tribune | 55,918 | USA Weekend |
| MA | Lowell | Sun | 56,033 | USA Weekend |
| MA | New Bedford | Standard-Times | 41,206 | Parade Magazine |
| MA | Newburyport | News | 13,860 | USA Weekend |
| MA | North Adams | Transcript | 8,205 | USA Weekend |
| MA | Northampton | Daily Hampshire Gazette | 20,007 | USA Weekend |
| MA | Pittsfield | Berkshire Eagle/Transcript | 34,890 | Parade Magazine |
| MA | Quincy | Patriot Ledger | 86,148 | USA Weekend |
| MA | Salem | News | 34,898 | USA Weekend |
| MA | Springfield | Sunday Republican | 139,479 | Parade Magazine |
| MA | Taunton | Gazette | 14,217 | USA Weekend |
| MA | Worcester | Sunday Telegram | 131,357 | Parade Magazine |
| MD | Annapolis | Capital | 50,183 | USA Weekend |
| MD | Baltimore | Sun | 475,075 | Parade Magazine |
| MD | Cumberland | Times-News | 33,328 | USA Weekend |
| MD | Easton | Star-Democrat | 16,947 | USA Weekend |
| MD | Frederick | News & Post | 40,762 | USA Weekend |
| MD | Hagerstown | Herald/Mail | 39,094 | Parade Magazine |
| MD | Lanham | Prince George's Journal | 29,511 | USA Weekend |
| MD | Rockville | Montgomery Journal | 30,562 | USA Weekend |
| MD | Salisbury | Times | 31,292 | USA Weekend |
| MD | Westminster | Carroll County Times | 24,142 | USA Weekend |
| ME | Augusta | Kennebec Journal | 13,827 | USA Weekend |
| ME | Bangor | News | 77,943 | USA Weekend |
| ME | Biddeford | Journal Tribune | 11,327 | USA Weekend |
| ME | Lewiston-Auburn | Sun-Journal & Sunday | 38,694 | USA Weekend |
| ME | Portland | Press-Herald & Telegram | 117,222 | Parade Magazine |
| ME | Waterville | Sentinel | 18,253 | USA Weekend |
| MI | Adrian | Telegram | 17,369 | USA Weekend |
| MI | Alpena | News | 11,076 | USA Weekend |
| MI | Ann Arbor | News | 74,085 | Parade Magazine |
| MI | Bad Axe | Huron Tribune | 7,999 | USA Weekend |
| MI | Battle Creek | Enquirer | 25,885 | USA Weekend |
| MI | Bay City | Times | 47,690 | Parade Magazine |
| MI | Benton Harbor-St. Joseph | Herald-Palladium | 30,868 | USA Weekend |
| MI | Cadillac | News | 11,415 | USA Weekend |
| MI | Detroit | Free Press, News | 761,384 | USA Weekend |
| MI | Escanaba | Press | 10,735 | USA Weekend |
| MI | Flint | Jounal | 110,217 | Parade Magazine |
| MI | Grand Rapids | Press | 192,690 | Parade Magazine |
| MI | Greenville | News | 8,613 | USA Weekend |
| MI | Holland | Sentinel | 18,463 | USA Weekend |
| MI | Houghton | Mining Gazette | 10,597 | USA Weekend |

Exhibit 10
Page 7 of 16

EXHIBIT 10

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| M | Iron Mountain | News | 9,911 | USA Weekend |
| M | Jackson | Citizen Patriot | 40,727 | Parade Magazine |
| M | Kalamazoo | Gazette | 75,461 | Parade Magazine |
| M | Lansing | State Journal | 92,967 | USA Weekend |
| M | Marquette | Mining Journal | 19,209 | Parade Magazine |
| M | Midland | News & Huron Tribune | 18,287 | USA Weekend |
| M | Monroe | News | 25,436 | Parade Magazine |
| M | Mount Clemens | Macomb Daily | 80,682 | Parade Magazine |
| M | Mount Pleasant- Alma | Sun | 13,105 | USA Weekend |
| M | Muskegon | Chronicle | 52,223 | Parade Magazine |
| M | Owosso | Argus Press | 11,326 | USA Weekend |
| M | Petoskey | News-Review | 10,666 | USA Weekend |
| M | Pontiac | The Oakland Press | 96,919 | Parade Magazine |
| M | Port Huron | Times-Herald | 30,827 | USA Weekend |
| M | Royal Oak | Tribune | 19,884 | Parade Magazine |
| M | Saginaw | News | 60,396 | Parade Magazine |
| M | Sault Ste. Marie | News | 7,521 | USA Weekend |
| M | Traverse City | Record-Eagle | 38,003 | Parade Magazine |
| MN | Albert Lea | Tribune | 7,433 | Parade Magazine |
| MN | Austin | Herald | 7,281 | Parade Magazine |
| MN | Bemidji | Pioneer | 10,305 | Parade Magazine |
| MN | Brainerd | Dispatch | 17,176 | Parade Magazine |
| MN | Duluth | News-Tribune | 73,426 | Parade Magazine |
| MN | Faribault | News | 7,159 | Parade Magazine |
| MN | Hibbing | Tribune | 6,242 | USA Weekend |
| MN | Mankato - N. Mankato | Free Press | 26,391 | Parade Magazine |
| MN | Minneapolis | Star Tribune | 679,681 | USA Weekend |
| MN | New Ulm | Journal | 10,011 | Parade Magazine |
| MN | Owatonna | People's Press | 7,291 | Parade Magazine |
| MN | Rochester | Post-Bulletin | 46,396 | USA Weekend |
| MN | St. Cloud | Times | 38,779 | USA Weekend |
| MN | St. Paul | Pioneer Press | 262,144 | Parade Magazine |
| MN | Virginia | Mesabi News | 12,200 | USA Weekend |
| MN | Winona | News | 12,788 | USA Weekend |
| MO | Cape Girardeau | Southeast Missourian | 25,778 | USA Weekend |
| MO | Columbia | Tribune | 19,466 | USA Weekend |
| MO | Columbia | Missourian | 5,500 | Parade Magazine |
| MO | Dexter | Statesman | 3,647 | USA Weekend |
| MO | Hannibal | Courier-Post | 9,115 | USA Weekend |
| MO | Independence-Blue Springs | Examiner | 14,834 | USA Weekend |
| MO | Jefferson City | News & Tribune | 24,036 | Parade Magazine |
| MO | Joplin | Globe | 41,836 | Parade Magazine |
| MO | Kansas City | Star | 397,776 | Parade Magazine |
| MO | Kennet | Democrat | 3,684 | USA Weekend |
| MO | Park Hills | Daily Journal | 9,070 | USA Weekend |
| MO | Poplar Bluff | American Republic | 14,425 | USA Weekend |
| MO | Sedalia | Democrat | 12,878 | USA Weekend |
| MO | Sikeston | Standard-Democrat | 9,736 | USA Weekend |
| MO | Springfield | News-Leader | 95,223 | USA Weekend |
| MO | St. Joseph | News-Press | 44,120 | Parade Magazine |
| MO | St. Louis | Post-Dispatch | 500,124 | Parade Magazine |
| MS | Biloxi | Sun Herald | 58,092 | USA Weekend |
| MS | Brookhaven | Leader | 7,171 | Parade Magazine |
| MS | Columbus | Commercial Dispatch | 15,000 | Parade Magazine |
| MS | Corinth | Corinthian | 7,317 | Parade Magazine |
| MS | Corinth | Corinthian | 7,317 | USA Weekend |
| MS | Greenville | Delta Democrat-Times | 12,796 | USA Weekend |
| MS | Greenwood | Commonwealth | 8,468 | Parade Magazine |

Exhibit 10
Page 8 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| MS | Hattiesburg | American | 27,166 | USA Weekend |
| MS | Jackson | Clarion-Ledger | 121,708 | USA Weekend |
| MS | Laurel | Leader-Call | 7,633 | Parade Magazine |
| MS | McComb | Enterprise-Journal | 12,676 | Parade Magazine |
| MS | Meridian | Star | 20,401 | Parade Magazine |
| MS | Meridian | Star | 18,994 | USA Weekend |
| MS | Natchez | Democrat | 10,743 | USA Weekend |
| MS | Pascagoula | Mississippi Press | 21,271 | Parade Magazine |
| MS | Picayune | Picayune Item | 7,900 | Parade Magazine |
| MS | Tupelo | Northeast Mississippi Journal | 36,220 | Parade Magazine |
| MS | Vicksburg | Post | 14,920 | Parade Magazine |
| MT | Billings | Gazette | 53,720 | Parade Magazine |
| MT | Bozeman | Chronicle | 15,437 | Parade Magazine |
| MT | Butte-Anaconda | Montana Standard | 15,412 | Parade Magazine |
| MT | Great Falls | Tribune | 39,273 | USA Weekend |
| MT | Helena | Independent-Record | 13,834 | Parade Magazine |
| MT | Kalispell | Daily Inter Lake | 18,707 | Parade Magazine |
| MT | Missoula | Missoulian | 40,309 | Parade Magazine |
| NC | Asheboro | Courier-Tribune | 17,531 | USA Weekend |
| NC | Asheville | Citizen Times | 69,805 | USA Weekend |
| NC | Burlington | Times-News | 28,587 | USA Weekend |
| NC | Charlotte | Observer | 298,039 | Parade Magazine |
| NC | Durham | Herald-Sun | 58,741 | USA Weekend |
| NC | Eden | News | 3,972 | USA Weekend |
| NC | Elizabeth City | Daily Advance | 12,096 | Parade Magazine |
| NC | Fayetteville | Observer-Times | 75,643 | Parade Magazine |
| NC | Forest City | Courier | 9,950 | USA Weekend |
| NC | Gastonia | Gaston Gazette | 37,964 | USA Weekend |
| NC | Goldsboro | News-Argus | 23,801 | USA Weekend |
| NC | Greensboro | News & Record | 114,460 | Parade Magazine |
| NC | Greenville | Reflector | 23,099 | Parade Magazine |
| NC | Henderson | Daily Dispatch | 9,478 | USA Weekend |
| NC | Hendersonville | Times-News | 19,852 | Parade Magazine |
| NC | Hickory | Record | 21,187 | USA Weekend |
| NC | High Point | Enterprise | 32,245 | USA Weekend |
| NC | Jacksonville | News | 23,504 | USA Weekend |
| NC | Kannapolis | Independant Tribune | 22,688 | USA Weekend |
| NC | Kinston | Free Press | 13,844 | USA Weekend |
| NC | Lenoir | News-Topic | 9,655 | USA Weekend |
| NC | Lumberton | Robesonian | 13,238 | USA Weekend |
| NC | Monroe | Enquirer-Journal | 12,356 | USA Weekend |
| NC | Morganton | News-Herald | 12,010 | USA Weekend |
| NC | Mount Airy | News | 10,578 | USA Weekend |
| NC | New Bern | Sun-Journal | 16,595 | USA Weekend |
| NC | Raleigh | News and Observer | 210,287 | Parade Magazine |
| NC | Reidsville | Review | 5,374 | USA Weekend |
| NC | Roanoke Rapids | Herald | 13,073 | USA Weekend |
| NC | Rocky Mount | Telegram | 16,044 | Parade Magazine |
| NC | Salisbury | Post | 26,495 | USA Weekend |
| NC | Sanford | Herald | 11,147 | USA Weekend |
| NC | Shelby | Star | 15,247 | USA Weekend |
| NC | Statesville | Record & Landmark | 15,012 | USA Weekend |
| NC | Washington | News | 10,259 | USA Weekend |
| NC | Wilmington | Star, Star-News | 65,065 | Parade Magazine |
| NC | Wilson | Times | 16,998 | USA Weekend |
| NC | Winston-Salem | Journal | 98,367 | Parade Magazine |
| ND | Bismarck | Tribune | 30,669 | USA Weekend |
| ND | Dickinson | Press | 7,872 | Parade Magazine |

Exhibit 10
Page 9 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| ND | Fargo | Forum | 64,049 | Parade Magazine |
| ND | Grand Forks | Herald | 34,764 | USA Weekend |
| ND | Minot | News | 24,453 | Parade Magazine |
| ND | Wahpetone | News | 4,532 | USA Weekend |
| NE | Beatrice | Sun | 8,344 | USA Weekend |
| NE | Grand Island | Independent | 25,752 | Parade Magazine |
| NE | Lincoln | Journal Star | 84,208 | USA Weekend |
| NE | North Platte | Telegraph | 14,039 | Parade Magazine |
| NE | Omaha | World-Herald | 267,720 | Parade Magazine |
| NE | Scottsbluff | Star-Herald | 16,815 | Parade Magazine |
| NE | York | York News-Times | 5,100 | Parade Magazine |
| NH | Concord | Monitor | 22,808 | USA Weekend |
| NH | Dover | Foster's Democrat | 24,649 | USA Weekend |
| NH | Keene | Sentinel | 13,345 | USA Weekend |
| NH | Lebanon-Hanover | Valley News | 17,440 | USA Weekend |
| NH | Manchester | Union Leader & Sunday News | 82,429 | Parade Magazine |
| NH | Nashua | Telegraph | 33,775 | USA Weekend |
| NH | Portsmouth | Herald | 19,976 | Parade Magazine |
| NJ | Atlantic City | Press | 92,701 | USA Weekend |
| NJ | Bergen County | Record | 238,334 | Parade Magazine |
| NJ | Bridgewater | Courier-News | 42,603 | USA Weekend |
| NJ | Camden-Cherry Hill | Courier-Post | 98,550 | USA Weekend |
| NJ | East Brunswick | Home News &Tribune | 78,655 | USA Weekend |
| NJ | Jersey City | Jersey Journal | 51,454 | USA Weekend |
| NJ | Morristown | Morris Record | 49,025 | USA Weekend |
| NJ | Neptune | Asbury Park Press | 220,040 | USA Weekend |
| NJ | Newark | Star-Ledger | 605,433 | Parade Magazine |
| NJ | Newton | New Jersey Herald | 23,407 | USA Weekend |
| NJ | Salem | Today's Sunbeam | 10,842 | Parade Magazine |
| NJ | Tom's River | Ocean County Observer | 9,018 | USA Weekend |
| NJ | Trenton | Times | 86,990 | Parade Magazine |
| NJ | Trenton | Trentonian | 40,121 | USA Weekend |
| NJ | Willingboro | Burlington County Times | 44,836 | Parade Magazine |
| NJ | Woodbury-Salem | Gloucester County Times and Sunbeam | 28,685 | Parade Magazine |
| NM | Alamogordo | News | 8,781 | Parade Magazine |
| NM | Albuquerque | Journal & Tribune | 125,899 | USA Weekend |
| NM | Carlsbad | Current-Argus | 8,725 | USA Weekend |
| NM | Clovis | News Journal | 9,608 | Parade Magazine |
| NM | Farmington | Times | 19,057 | USA Weekend |
| NM | Gallup | Independent | 15,934 | USA Weekend |
| NM | Hobbs | News-Sun | 10,042 | Parade Magazine |
| NM | Las Cruces | Sun-News | 24,596 | Parade Magazine |
| NM | Portales | News-Tribune | 3,000 | Parade Magazine |
| NM | Roswell | Record | 13,147 | USA Weekend |
| NM | Santa Fe | New Mexican | 26,661 | Parade Magazine |
| NV | Carson City | Nevada Appeal | 15,998 | Parade Magazine |
| NV | Las Vegas | Review-Journal & Sun | 224,181 | USA Weekend |
| NV | Reno | Gazette-Journal | 85,401 | USA Weekend |
| NV | Sparks | Tribune | 6,210 | Parade Magazine |
| NY | Albany | Times Union | 146,135 | Parade Magazine |
| NY | Auburn | Citizen | 15,236 | Parade Magazine |
| NY | Binghamton | Press & Sun-Bulletin | 77,989 | USA Weekend |
| NY | Buffalo | News | 316,283 | Parade Magazine |
| NY | Canandaigua | Messenger | 14,072 | Parade Magazine |
| NY | Corning | Leader | 13,941 | Parade Magazine |
| NY | Dunkirk | Observer | 12,759 | USA Weekend |
| NY | Elmira | Star-Gazette | 41,801 | USA Weekend |
| NY | Geneva | Finger Lakes Times | 20,108 | Parade Magazine |

Exhibit 10
Page 10 of 16

EXHIBIT 10

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| NY | Glens Falls | Post-Star | 35,619 | USA Weekend |
| NY | Ithaca | Journal | 22,813 | USA Weekend |
| NY | Jamestown | Post-Journal & Observer | 22,844 | USA Weekend |
| NY | Kingston | Freeman | 21,802 | USA Weekend |
| NY | Long Island | Newsday | 662,109 | Parade Magazine |
| NY | Middletown | Times Herald - Record | 94,740 | Parade Magazine |
| NY | New York City | Daily News | 820,230 | USA Weekend |
| NY | Niagara Falls | Gazette | 46,059 | USA Weekend |
| NY | Olean | Times Herald | 17,718 | USA Weekend |
| NY | Oneonta | Daily Star | 18,469 | Parade Magazine |
| NY | Oswego | Palladium-Times | 8,985 | USA Weekend |
| NY | Plattsburgh | Press-Republican | 22,929 | Parade Magazine |
| NY | Poughkeepsie | Journal | 54,473 | USA Weekend |
| NY | Rochester | Democrat & Chronicle | 241,684 | USA Weekend |
| NY | Saratoga Springs | Saratogian | 12,626 | USA Weekend |
| NY | Schenectady | Gazette Newspapers | 56,812 | USA Weekend |
| NY | Staten Island | Staten Island Advance | 87,080 | Parade Magazine |
| NY | Syracuse | Herald-American | 186,080 | Parade Magazine |
| NY | Troy | Record | 24,534 | USA Weekend |
| NY | Utica | Observer-Dispatch | 57,953 | USA Weekend |
| NY | Watertown | Times - Telegram & Sentinel | 39,429 | USA Weekend |
| NY | White Plains | Journal News | 176,102 | USA Weekend |
| OH | Akron | Beacon Journal | 198,876 | Parade Magazine |
| OH | Ashtabula | Sunday Paper | 21,445 | USA Weekend |
| OH | Athens | Messenger | 14,345 | USA Weekend |
| OH | Bryan | Times | 10,952 | USA Weekend |
| OH | Bucyrus | Telegraph-Forum | 7,074 | USA Weekend |
| OH | Cambridge | Jeffersonian | 12,875 | Parade Magazine |
| OH | Canton | Repository | 80,128 | USA Weekend |
| OH | Chillicothe | Gazette | 17,593 | USA Weekend |
| OH | Cincinnati | Enquirer & Post | 320,165 | USA Weekend |
| OH | Cleveland | Plain Dealer | 492,712 | Parade Magazine |
| OH | Columbus | Dispatch | 273,112 | USA Weekend |
| OH | Coshocton | Tribune | 7,844 | USA Weekend |
| OH | Dayton | Daily News | 203,067 | Parade Magazine |
| OH | Defiance | Crescent News | 17,608 | USA Weekend |
| OH | Dover-New Philadelphia | Times-Reporter | 25,377 | USA Weekend |
| OH | East Liverpool - Salem | Review | 10,650 | Parade Magazine |
| OH | Elyria | Chronicle-Telegram | 31,384 | Parade Magazine |
| OH | Findlay | Courier | 23,076 | USA Weekend |
| OH | Fostoria | Review Times | 4,144 | USA Weekend |
| OH | Fremont-Port Clinton | News-Messenger | 14,140 | USA Weekend |
| OH | Gallipolis | Times-Sentinel | 11,550 | USA Weekend |
| OH | Greenville | Advocate | 7,348 | USA Weekend |
| OH | Hamilton | Journal-News | 25,710 | Parade Magazine |
| OH | Ironton | Tribune | 7,363 | USA Weekend |
| OH | Kent-Ravenna | Record-Courier | 20,316 | USA Weekend |
| OH | Lancaster | Eagle-Gazette | 16,310 | USA Weekend |
| OH | Lima | News | 43,899 | USA Weekend |
| OH | Lisbon | Morning Journal | 13,655 | USA Weekend |
| OH | Lorain | Journal | 38,645 | USA Weekend |
| OH | Mansfield | News Journal | 34,913 | USA Weekend |
| OH | Marietta | Times | 12,208 | USA Weekend |
| OH | Marion | Star | 16,416 | USA Weekend |
| OH | Martins Ferry | Times Leader | 21,591 | USA Weekend |
| OH | Massillon | Independent | 15,201 | USA Weekend |
| OH | Middletown | Journal | 23,187 | Parade Magazine |
| OH | Newark | Advocate | 22,520 | USA Weekend |

Exhibit 10
Page 11 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| OH | Piqua | Call | 6,971 | USA Weekend |
| OH | Port Clinton | News Herald | 5,850 | USA Weekend |
| OH | Portsmouth | Daily Times | 16,012 | Parade Magazine |
| OH | Salem | News | 8,600 | Parade Magazine |
| OH | Sandusky | Register | 27,046 | USA Weekend |
| OH | Springfield | Springfield News Sun | 40,013 | Parade Magazine |
| OH | Steubenville-Weirton | Herald-Star & Times | 24,849 | USA Weekend |
| OH | Tiffin | Advertiser-Tribune | 11,514 | USA Weekend |
| OH | Toledo | Blade | 198,140 | Parade Magazine |
| OH | Troy | Miami Valley Sunday News | 12,709 | Parade Magazine |
| OH | Warren | Tribune Chronicle | 40,150 | USA Weekend |
| OH | Willoughby | News-Herald | 60,362 | USA Weekend |
| OH | Wooster | Record | 23,921 | USA Weekend |
| OH | Xenia | Gazette | 7,336 | USA Weekend |
| OH | Youngstown | Vindicator | 110,537 | Parade Magazine |
| OH | Zanesville | Times Recorder | 21,616 | USA Weekend |
| OK | Ardmore | Armoreite | 12,648 | USA Weekend |
| OK | Bartlesville | Examiner Enterprise | 13,984 | USA Weekend |
| OK | Enid | News & Eagle | 22,417 | USA Weekend |
| OK | Lawton | Constitution | 24,388 | USA Weekend |
| OK | McAlester | News-Capital & Democrat | 11,379 | USA Weekend |
| OK | Muskogee | Phoenix & Times-Democrat | 20,497 | USA Weekend |
| OK | Norman | Transcript | 17,483 | USA Weekend |
| OK | Oklahoma City | Oklahoman | 304,205 | Parade Magazine |
| OK | Stillwater | News Press | 10,349 | USA Weekend |
| OK | Tulsa | World | 216,993 | USA Weekend |
| OR | Albany/Corvalis | Mid-Valley Sunday | 34,714 | USA Weekend |
| OR | Bend | Bulletin | 28,385 | Parade Magazine |
| OR | Coos Bay-North Bend | World | 16,045 | USA Weekend |
| OR | Eugene | Register-Guard | 78,510 | Parade Magazine |
| OR | Klamath Falls | Herald & News | 17,874 | Parade Magazine |
| OR | Medford | Mail Tribune | 31,907 | Parade Magazine |
| OR | Ontario | Argus Observer | 9,010 | Parade Magazine |
| OR | Pendleton | East Oregonian | 18,500 | Parade Magazine |
| OR | Portland | Oregonian | 431,896 | Parade Magazine |
| OR | Roseburg | News-Review | 19,743 | Parade Magazine |
| OR | Salem | Statesman-Journal | 66,858 | USA Weekend |
| PA | Allentown | Call | 169,344 | Parade Magazine |
| PA | Altoona | Mirror | 39,577 | USA Weekend |
| PA | Beaver-Rochester-Aliquippa-Ambridge | Beaver County Times | 50,266 | USA Weekend |
| PA | Bloomsburg-Berwick | Press-Enterprise | 20,433 | USA Weekend |
| PA | Bradford | Era | 11,473 | USA Weekend |
| PA | Butler | Eagle | 31,101 | USA Weekend |
| PA | Carlisle | Sentinal | 15,530 | USA Weekend |
| PA | Chambersburg | Public Opinion | 21,537 | USA Weekend |
| PA | Chester | Delaware County Times | 46,295 | USA Weekend |
| PA | Clearfield-Curwensville | Progress | 13,870 | USA Weekend |
| PA | Doylestown | The Intelligencer Record | 52,973 | Parade Magazine |
| PA | DuBois | Tri-County Sunday | 15,012 | Parade Magazine |
| PA | Easton/Bethlehem | Express-Times | 49,385 | USA Weekend |
| PA | Erie | Weekender & Times-News | 88,613 | Parade Magazine |
| PA | Greensburg | Tribune Review | 198,113 | USA Weekend |
| PA | Hanover | Evening Sun | 21,381 | USA Weekend |
| PA | Harrisburg | Patriot-News | 158,289 | Parade Magazine |
| PA | Hazleton | Standard-Speaker | 22,312 | USA Weekend |
| PA | Indiana | Gazette | 16,598 | USA Weekend |
| PA | Johnstown | Tribune-Democrat | 50,031 | Parade Magazine |
| PA | Lancaster | Sunday News | 104,029 | Parade Magazine |

Exhibit 10
Page 12 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| PA | Lansdale | Reporter | 19,178 | USA Weekend |
| PA | Lebanon | News | 21,304 | USA Weekend |
| PA | Levittown | Bucks County Courier Times | 75,180 | Parade Magazine |
| PA | Lewistown | Sentinel | 12,965 | USA Weekend |
| PA | McKeesport-Duquesne-Clairton | News | 21,929 | USA Weekend |
| PA | Meadville | Tribune | 15,561 | USA Weekend |
| PA | New Castle | News | 19,111 | USA Weekend |
| PA | New Kensington-Tarentum | Valley News Dispatch | 31,346 | USA Weekend |
| PA | Norristown | Times-Herald | 16,926 | USA Weekend |
| PA | Philadelphia | Inquirer | 804,752 | Parade Magazine |
| PA | Phoenixville | Phoenix | 3,543 | USA Weekend |
| PA | Pittsburgh | Post Gazette | 418,774 | Parade Magazine |
| PA | Pottstown | Mercury | 26,972 | USA Weekend |
| PA | Pottsville | Republican & Herald | 32,945 | USA Weekend |
| PA | Reading | Eagle-Times | 98,047 | Parade Magazine |
| PA | Scranton | Times & Tribune | 76,791 | Parade Magazine |
| PA | Sharon-Farrell- Sharpsvl | Herald | 23,993 | USA Weekend |
| PA | Somerset | American | 13,879 | USA Weekend |
| PA | State Callege- Bellefonte | Centre Daily Times | 32,961 | Parade Magazine |
| PA | Stroudsburg- East Stroudsburg | Pocono Record | 25,904 | Parade Magazine |
| PA | Sunbury | Item | 28,436 | Parade Magazine |
| PA | Towanda | Review | 9,016 | Parade Magazine |
| PA | Uniontown | Herald-Standard | 31,851 | Parade Magazine |
| PA | Warren | Times Observer | 11,491 | USA Weekend |
| PA | Washington | Observer-Reporter | 39,305 | USA Weekend |
| PA | West Chester | Local News | 30,430 | USA Weekend |
| PA | Wilkes-Barre | Citizens' Voice | 29,043 | USA Weekend |
| PA | Wilkes-Barre | Times Leader | 72,176 | Parade Magazine |
| PA | Williamsport | Sun-Gazette | 38,943 | Parade Magazine |
| PA | York | Sunday News | 93,701 | Parade Magazine |
| PA | York | Sunday News | 93,701 | USA Weekend |
| RI | Newport | News | 13,103 | USA Weekend |
| RI | Pawtucket-Central Falls | Times | 14,924 | USA Weekend |
| RI | Providence | Journal-Bulletin | 237,641 | Parade Magazine |
| RI | West Warwick | Kent County Times | 6,584 | USA Weekend |
| RI | Westerly | Sun | 10,859 | USA Weekend |
| RI | Woonsocket | Call | 16,358 | USA Weekend |
| SC | Aiken | Standard | 14,213 | USA Weekend |
| SC | Anderson | Independent-Mail | 45,422 | Parade Magazine |
| SC | Beaufort | Gazette | 10,984 | USA Weekend |
| SC | Charleston | Post. Courier | 118,309 | Parade Magazine |
| SC | Columbia | State | 157,332 | Parade Magazine |
| SC | Florence | News | 35,564 | USA Weekend |
| SC | Greenville | News | 135,701 | USA Weekend |
| SC | Greenwood | Index-Journal | 16,238 | Parade Magazine |
| SC | Hilton Head Island | Island Packet | 16,874 | USA Weekend |
| SC | Myrtle Beach | Sun News | 57,774 | Parade Magazine |
| SC | Rock Hill | Herald | 33,212 | USA Weekend |
| SC | Spartanburg | Herald-Journal | 64,433 | Parade Magazine |
| SC | Sumter | Item | 21,239 | Parade Magazine |
| SD | Aberdeen | American News | 16,899 | USA Weekend |
| SD | Huron | Plainsman | 7,614 | Parade Magazine |
| SD | Rapid City | Journal | 34,038 | Parade Magazine |
| SD | Sioux Falls | Argus Leader | 75,211 | USA Weekend |
| TN | Athens | Post-Athenian | 11,955 | USA Weekend |
| TN | Chattanooga | Free Press Times | 101,303 | Parade Magazine |
| TN | Clarksville | Leaf-Chronicle | 25,644 | USA Weekend |
| TN | Cleveland | Banner | 16,869 | USA Weekend |

Exhibit 10
Page 13 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|---|---|---|---|---|
| TN | Columbia | Herald | 13,503 | USA Weekend |
| TN | Cookeville | Herald-Citizen | 13,852 | Parade Magazine |
| TN | Dyersburg | Star Gazette | 34,808 | USA Weekend |
| TN | Jackson | Sun | 44,031 | USA Weekend |
| TN | Kingsport | Times-News | 48,021 | USA Weekend |
| TN | Knoxville | News-Sentinel | 161,267 | Parade Magazine |
| TN | Maryville-Alcoa | Times | 20,559 | USA Weekend |
| TN | Memphis | Commercial Appeal | 244,152 | Parade Magazine |
| TN | Morristown | Citizen Tribune | 24,895 | Parade Magazine |
| TN | Murfreesboro | News-Journal | 17,877 | Parade Magazine |
| TN | Nashville | Tennessean-Leaf Chronicle-Banner | 270,104 | USA Weekend |
| TN | Newport | Plain Talk | 7,250 | Parade Magazine |
| TN | Oak Ridge | Oak Ridger | 9,310 | USA Weekend |
| TN | Sevierville | Mountain Press | 7,891 | USA Weekend |
| TX | Abilene | Reporter-News | 48,268 | Parade Magazine |
| TX | Amarillo | Globe-Times & News-Globe | 69,176 | Parade Magazine |
| TX | Arlington | Morning News | 29,000 | USA Weekend |
| TX | Athens | Review | 6,490 | USA Weekend |
| TX | Austin | American-Statesman | 245,923 | Parade Magazine |
| TX | Baytown | Sun | 10,684 | USA Weekend |
| TX | Beaumont | Enterprise | 68,152 | Parade Magazine |
| TX | Brownsville-Harlingen-McAllen | Brownsville Herald | 18,729 | Parade Magazine |
| TX | Brownwood | Bulletin | 8,157 | Parade Magazine |
| TX | Bryan-College Station | Eagle | 28,633 | USA Weekend |
| TX | Clute | Brazosport Facts | 17,786 | USA Weekend |
| TX | Conroe | Courier | 12,468 | USA Weekend |
| TX | Corpus Christi | Caller-Times | 85,917 | Parade Magazine |
| TX | Corsicana-Mexia | Sun & News | 6,932 | USA Weekend |
| TX | Dallas | Morning News | 783,944 | Parade Magazine |
| TX | Del Rio | News-Herald | 5,859 | Parade Magazine |
| TX | Denton | Record-Chronicle | 18,866 | USA Weekend |
| TX | El Paso | Times & Herald Post | 96,342 | USA Weekend |
| TX | Fort Worth | Fort Worth Star-Telegram | 334,773 | Parade Magazine |
| TX | Galveston-Texas City | County News | 24,528 | USA Weekend |
| TX | Greenville | Herald-Banner | 10,178 | USA Weekend |
| TX | Harlingen | Valley Morning Star | 30,553 | Parade Magazine |
| TX | Houston | Chronicle | 747,803 | Parade Magazine |
| TX | Kerrville | Times | 11,250 | Parade Magazine |
| TX | Kilgore | News Herald | 4,125 | Parade Magazine |
| TX | Killeen | Herald | 23,749 | USA Weekend |
| TX | Laredo | Times | 23,706 | USA Weekend |
| TX | Longview | News-Journal | 39,004 | Parade Magazine |
| TX | Lubbock | Avalanche-Journal | 69,151 | Parade Magazine |
| TX | Lufkin-Nacogdoches | News | 16,750 | Parade Magazine |
| TX | Marshall | News Messenger | 8,148 | Parade Magazine |
| TX | McAllen | The Moniter | 55,118 | Parade Magazine |
| TX | Midland | Reporter-Telegram | 24,022 | USA Weekend |
| TX | Nacogdoches | Daily Sentinel | 10,928 | Parade Magazine |
| TX | Odessa | American | 29,829 | Parade Magazine |
| TX | Orange | Leader | 9,270 | USA Weekend |
| TX | Paris | News | 11,595 | Parade Magazine |
| TX | Plainview | Herald | 7,293 | USA Weekend |
| TX | Plano | Star Courier | 10,812 | USA Weekend |
| TX | Port Arthur | News | 19,183 | USA Weekend |
| TX | San Angelo | Standard-Times | 36,306 | Parade Magazine |
| TX | San Antonio | Express-News | 375,297 | Parade Magazine |
| TX | Sherman | Herald Democrat | 23,947 | USA Weekend |
| TX | Temple | Daily Telegram | 25,248 | Parade Magazine |

Exhibit 10
Page 14 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| TX | Texarkana | Gazette | 35,871 | USA Weekend |
| TX | Texas City | Sun | 6,327 | USA Weekend |
| TX | Victoria | Advocate | 40,481 | Parade Magazine |
| TX | Waco | Tribune-Herald | 52,706 | Parade Magazine |
| TX | Wichita Falls | Times Record News | 41,711 | Parade Magazine |
| UT | Logan | Herald Journal | 15,150 | Parade Magazine |
| UT | Ogden | Standard-Examiner | 66,550 | USA Weekend |
| UT | Provo | Herald | 33,031 | USA Weekend |
| UT | Salt Lake City | Tribune & Deseret News | 233,939 | Parade Magazine |
| UT | St. George | Spectrum | 22,713 | USA Weekend |
| VA | Alexandria | Journal | 5,830 | USA Weekend |
| VA | Arlington | Journal | 8,593 | USA Weekend |
| VA | Bristol | Herald Courier | 43,870 | USA Weekend |
| VA | Charlottesville | Progress | 34,351 | USA Weekend |
| VA | Culpepper | Star-Exponent | 7,200 | USA Weekend |
| VA | Danville | Register & Bee | 25,811 | USA Weekend |
| VA | Fairfax | Journal | 53,496 | USA Weekend |
| VA | Fredericksburg | Free Lance-Star | 44,083 | USA Weekend |
| VA | Lynchburgh | News & Advance | 42,674 | USA Weekend |
| VA | Martinsville | Bulletin | 20,540 | Parade Magazine |
| VA | Newport News- Hampton | Press | 115,904 | Parade Magazine |
| VA | Norfolk | Virginian-Pilot | 233,818 | Parade Magazine |
| VA | Petersburg | Progress-Index | 17,366 | Parade Magazine |
| VA | Richmond | Times-Dispatch | 232,893 | Parade Magazine |
| VA | Roanoke | Times | 116,826 | Parade Magazine |
| VA | Staunton | News Leader | 21,858 | USA Weekend |
| VA | Suffolk | News-Herald | 3,612 | USA Weekend |
| VA | Waynesboro | News-Virginian | 7,779 | USA Weekend |
| VA | Winchester | Star | 25,819 | USA Weekend |
| VA | Woodbridge | Potomac News | 20,723 | USA Weekend |
| VT | Barre-Montpelier | Times-Argus | 12,649 | Parade Magazine |
| VT | Bennington | Banner | 8,455 | USA Weekend |
| VT | Brattleboro | Reformer | 11,856 | USA Weekend |
| VT | Burlington | Free Press | 61,428 | USA Weekend |
| VT | Rutland | Herald | 22,815 | Parade Magazine |
| WA | Aberdeen | World | 15,859 | USA Weekend |
| WA | Bellevue | Eastside Journal | 26,160 | USA Weekend |
| WA | Bellingham | Herald | 32,164 | USA Weekend |
| WA | Bremerton | Sun | 38,207 | USA Weekend |
| WA | Everett | Herald | 61,132 | USA Weekend |
| WA | Kent-Renton-Auburn | South County Journal | 23,013 | USA Weekend |
| WA | Longview | Daily News | 21,778 | Parade Magazine |
| WA | Mt. Vernon | Skagit Valley Herald | 20,766 | USA Weekend |
| WA | Olympia | Olympian | 45,526 | USA Weekend |
| WA | Pasco-Kennewick-Richland | Tri-City Herald | 44,596 | Parade Magazine |
| WA | Port Angeles | Peninsula News | 17,085 | USA Weekend |
| WA | Seattle | Times/Post-Intelligencer | 500,916 | Parade Magazine |
| WA | Spokane | Spokesman-Review | 132,233 | Parade Magazine |
| WA | Tacoma | News Tribune | 145,023 | USA Weekend |
| WA | Vancouver | Columbian | 63,440 | USA Weekend |
| WA | Walla Walla | Union Bulletin | 15,779 | USA Weekend |
| WA | Wenatchee | World | 28,203 | USA Weekend |
| WA | Yakima | Herald-Republic | 41,018 | Parade Magazine |
| WI | Appleton-Neenah- Menasha | Post-Crescent | 74,930 | USA Weekend |
| WI | Beaver Dam | Citizen | 11,958 | USA Weekend |
| WI | Eau Claire | Leader-Telegram | 36,105 | USA Weekend |
| WI | Fond du Lac | Reporter | 20,784 | USA Weekend |
| WI | Green Bay | Press-Gazette | 67,370 | USA Weekend |

Exhibit 10
Page 15 of 16

**EXHIBIT 10**

## Newspapers in Parade and USA Weekend Magazine Networks

| State | City | Newspaper | Circulation | Sunday Magazine |
|-------|------|-----------|-------------|-----------------|
| WI | Janesville | Gazette | 27,533 | USA Weekend |
| WI | Kenosha | News | 29,506 | Parade Magazine |
| WI | La Crosse | Tribune | 40,578 | Parade Magazine |
| WI | Madison | Wisconsin State Journal | 160,054 | Parade Magazine |
| WI | Manitowic-Two Rivers | Herald Times Reporter | 17,495 | USA Weekend |
| WI | Milwaukee | Journal Sentinel | 455,925 | Parade Magazine |
| WI | Monroe | Times | 6,416 | USA Weekend |
| WI | Oshkosh | Northwestern | 27,006 | USA Weekend |
| WI | Racine | Journal Times | 30,970 | Parade Magazine |
| WI | Rhinelander | News | 6,825 | USA Weekend |
| WI | Sheboygan | Press | 28,844 | USA Weekend |
| WI | Stevens Point | Journal | 43,461 | USA Weekend |
| WI | Superior-Ashland | Telegram & Press | 8,423 | USA Weekend |
| WI | Watertown | Times | 9,828 | USA Weekend |
| WI | Waukesha | Freeman | 17,840 | USA Weekend |
| WI | Wausau-Merill | Herald | 30,878 | USA Weekend |
| WI | West Bend | News | 9,693 | USA Weekend |
| WV | Beckley | Register/Herald | 31,745 | USA Weekend |
| WV | Bluefield | Telegraph | 23,709 | USA Weekend |
| WV | Charleston | Gazette Mail | 97,980 | Parade Magazine |
| WV | Charleston | Mail | 40,016 | USA Weekend |
| WV | Clarksburg | Exponent Telegram | 20,634 | Parade Magazine |
| WV | Elkins | Inter-Mountain | 10,795 | USA Weekend |
| WV | Fairmont | Times West Virginian | 13,142 | Parade Magazine |
| WV | Huntington | Herald-Dispatch | 42,758 | USA Weekend |
| WV | Martinsburg | Journal | 20,089 | Parade Magazine |
| WV | Morgantown | The Dominion Post | 25,039 | Parade Magazine |
| WV | Parkersburg | News, Sentinel | 35,433 | Parade Magazine |
| WV | Point Pleasant/Gallipolis | Times-Sentinel/Register | 5,055 | USA Weekend |
| WV | Wheeling | Intelligencer/News Register | 43,434 | Parade Magazine |
| WV | Williamson | News | 8,244 | Parade Magazine |
| WY | Casper | Star-Tribune | 33,340 | Parade Magazine |
| WY | Laramie | Boomerang | 6,147 | USA Weekend |
| WY | Rock Springs | Rocket-Miner | 7,071 | USA Weekend |
| | **TOTAL** | | **60,660,992** | |

\* *San Gabriel Newspapers* consist of the following three: *Pasadena Star-News, San Gabriel Valley Tribune* and *The Whittler Daily News.*

† *Ventura County Star* (CA) consists of the following three newspapers: *Simi Valley Enterprise, Thousand Oaks News-Chronicle,* and the *Ventura Star-Free Press.*

Exhibit 10
Page 16 of 16

# EXHIBIT 11

**EXHIBIT  11**

# PRINT  SELECTIONS

**National Geographic**
- 71.8% of the audience are Adults 35+
- 8.1% of the audience are Men 65+
- Unique bond between readers/members  and the society
- Loyal readers (49.8% of readers read four out of the last four issues)
- Readers spend an average of 63 minutes and 2.3 reading days per issue

**Newsweek**
- 70.5% of the audience are Adults 35+
- 6.9% of the audience are Men 65+
- 15.4% of the audience are Exec/Mgr/Admin

**Parade**
- 73.7% of the audience are Adults 35+
- 7.7% of the audience are Men 65+
- Highest percentage of loyal readers (read four out of four issues) and regular readers (reading at least three out of four issues) of any other mass reach magazine
- Appears in over 60% of all Sunday newspaper copies
- Highest circulation of any magazine
- Inserted in 352 newspapers nationally

**Reader's Digest**
- 77.7% of the audience are Adults 35+
- 8.9% of the audience are Men 65+
- Readers spend an average of 81 minutes and three reading days per issue
- Continues to build readership over 10 weeks
- Ads dominate the page
- 61% of audience are loyal readers (read four out of four issues)

**TV Guide**
- 62.1% of the audience are Adults 35+
- 4.6% of the audience are Men 65+
- Readers spend an average of 1 hour and 37 minutes per issue
- Loyal readers (79% of readers read 3 or 4 out of the last four issues)

**USA Weekend**
- 73.3% of the audience are Adults 35+
- 8.5% of the audience are Men 65+
- Provides coverage in newspapers and areas not covered by Parade
- Large circulation and readership
- Inserted in 556 newspapers nationally

Exhibit  11
Page 1 of 1

# EXHIBIT 12

**EXHIBIT 12**

## NEWSPAPERS TARGETING W.R. GRACE MINES & PLANTS

| State | Mines/Plants | Newspaper | Circulation |
|-------|--------------|-----------|-------------|
| NY | Albany | Albany Times-Union | 145.249 |
| AZ | Phoenix | Arizona Republic | 614.422 |
| AR | North Little Rock | Arkansas Democrat | 280.581 |
| GA | Atlanta | Atlanta Journal Constitution | 708.636 |
| AL | Birmingham | Birmingham News Herald | 190.177 |
| AL | Irondale | Birmingham News Herald | 190.177 |
| IL | Chicago | Chicago Tribune | 1.026.400 |
| IL | West Chicago | Chicago Tribune | 1.026.400 |
| KY | Wilder | Cincinnati Enquirer/Post | 328.432 |
| TX | Dallas | Dallas Morning News | 775.493 |
| CO | Denver | Denver Post/ Rocky Mtn. News | 94.000 |
| MI | Dearborn | Detroit Free Press | 783.864 |
| MI | Detroit | Detroit Free Press | 783.864 |
| PR | Puerto Rico | El Nuevo Dia | 165.907 |
| PA | Ellwood City | Ellwood City Ledger | 5.517 |
| CA | Newark | Fremont Argus | 31.776 |
| FL | Boca Raton | Ft. Lauderdale Sun Sentinel | 391.996 |
| FL | Pompano Beach | Ft. Lauderdale Sun Sentinel | 391.996 |
| SC | Traveler's Rest | Greenville News | 134.476 |
| NC | High Point | High Point Enterprise | 32.128 |
| FL | Jacksonville | Jacksonville Times-Union | 241.401 |
| MO | Kansas City | Kansas City Star | 401.562 |
| CA | Los Angeles | Los Angeles Times | 1.385.707 |
| MA | North Billerica | Lowell Sun | 55.972 |
| WI | Milwaukee | Milwaukee Journal-Sentinel | 459.757 |
| MN | Minneapolis | Minneapolis Star-Tribune | 674.066 |
| MT | Libby | Missoula Independent | 22.000 |
| TN | Nashville | Nashville Tennessean | 272.152 |
| LA | New Orleans | New Orleans Times-Picayune | 298.463 |
| OK | Oklahoma City | Oklahoma City Oklahoman | 304.553 |
| NE | Omaha | Omaha World Herald | 269.882 |
| CA | Santa Ana | Orange County Register | 424.439 |
| PA | Sharpsburg | Pittsburgh Post-Gazette | 418.774 |
| OR | Portland | Portland Oregonian | 436.061 |
| CA | Sacramento | Sacramento Bee | 352.855 |
| TX | San Antonio | San Antonio Express News | 369.094 |
| GA | Savannah | Savannah Morning News | 76.556 |
| SC | Enoree/Kearney | Spartanburg Herald-Journal | 65.763 |
| WA | Spokane | Spokane Spokesman-Review | 140.407 |
| MA | Easthampton | Springfield Union News | 141.407 |
| MO | St. Louis | St. Louis Post Dispatch | 517.474 |
| NY | Weedsport | Syracuse Post-Standard | 190.341 |
| FL | Tampa | Tampa Tribune | 332.329 |
| NJ | Trenton | Trenton Times | 89.046 |

Exhibit 12
Page 1 of 2

**EXHIBIT 12**

## NEWSPAPERS TARGETING W.R. GRACE MINES & PLANTS

| State | Mines/Plants | Newspaper | Circulation |
|-------|--------------|-----------|-------------|
| NY | Utica | *Utica Observer-Dispatch* | 58,737 |
| MD | Kenilworth | *Washington Post* | 1,095,520 |
| MD | Muirkirk | *Washington Post* | 1,095,520 |
| PA | New Castle | *Youngstown (Oh) Leader-Vindicator* | 117,479 |

Exhibit 12
Page 2 of 2

# EXHIBIT 13

**EXHIBIT 13**   Case 01-01139-AMC   Doc 595   Filed 06/27/01   Page 132 of 245

**TRADE NOTICE**

Legal Notice                                                                                      Legal Notice

---

W.R. Grace Bankruptcy

# All Asbestos Property Damage Claims Against W.R. Grace Must be Filed by April 1, 2002

W. R. Grace*, its predecessors, subsidiaries, and other related entities ("Debtors") have filed for protection under Chapter 11 of the U.S. Bankruptcy Code. All individuals and entities with claims against the Debtors must file these claims on or before April 1, 2002, including:

**Asbestos Property Damage Claims:**
Asbestos Property Damage Claims include, among other claims, the cost of removal, the diminution of property value or eoonomic loss, etc., caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors.

Grace entered the vermiculite business through the purchase of the Zonolite Company in 1963, which included a network of owned and independent expanding plants.

The company mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos.

Grace also produced and marketed other vermiculite products with commercially added asbestos including ceiling and wall finishes, plasters, and cements. From 1959 to 1973, Grace marketed Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray–on fireproofing plaster used to provide fire protection for the enclosed steel beams of large commercial structures, predominately high-rise buildings.

**To preserve your claim, you must file the appropriate Proof of Claim Form with the Claims Agent so that it is received by xxx PM, April 1, 2002.** Failure to timely file a proof of claim form may result in your claim being barred, not considered for payment and/or voting purposes.

For complete information including the Bar Date Notice For All Claims, Proof of Claim Form and instructions for filing a claim, call the toll free number listed below or write to Claims Agent, Re: W. R. Grace , P.O. Box xxx, City, State, Zip.

## 1-800-XXX-XXXX or visit www.xxxx.com

---

*Grace includes all of the following entities, which filed for Chapter 11 protection under the United States Bankruptcy Code: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.) ♦ W. R. Grace & Co.-Conn. ♦ A-1 Bit & Tool Co., Inc. ♦ Alewife Boston Ltd. ♦ Alewife Land Corporation ♦ Amicon, Inc. ♦ CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.) ♦ CCHP, Inc. ♦ Coalgrace, Inc. ♦ Coalgrace II, Inc. ♦ Creative Food 'N Fun Company ♦ Darex Puerto Rico, Inc. ♦ Del Taco Restaurants, Inc. ♦ Dewey and Almy, LLC (f/k/a Dewey and Almy Company) ♦ Ecarg, Inc. ♦ Five Alewife Boston Ltd. ♦ G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.) ♦ G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.) ♦ GEC Management Corporation ♦ GN Holdings, Inc. ♦ GPC Thomasville Corp. ♦ Gloucester New Communities Company, Inc. ♦ Grace A-B Inc. ♦ Grace A-B II Inc. ♦ Grace Chemical Company of Cuba ♦ Grace Culinary Systems, Inc. ♦ Grace Drilling Company ♦ Grace Energy Corporation ♦ Grace Environmental, Inc. ♦ Grace Europe, Inc. ♦ Grace H-G Inc. ♦ Grace H-G II Inc. ♦ Grace Hotel Services Corporation ♦ Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), ♦ Grace Offshore Company ♦ Grace PAR Corporation ♦ Grace Petroleum Libya Incorporated ♦ Grace Tarpon Investors, Inc. ♦ Grace Ventures Corp. ♦ Grace Washington, Inc. ♦ W. R. Grace Capital Corporation ♦ W. R. Grace Land Corporation ♦ Gracoal, Inc. ♦ Gracoal II, Inc. ♦ Guanica-Caribe Land Development Corporation ♦ Hanover Square Corporation ♦ Homco International, Inc. ♦ Kootenai Development Company ♦ L B Realty, Inc. ♦ Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.) ♦ Monolith Enterprises, Incorporated ♦ Monroe Street, Inc. ♦ MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation) ♦ MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.) ♦ MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.) ♦ Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.) ♦ Southern Oil, Resin & Fiberglass, Inc. ♦ Water Street Corporation ♦ Axial Basin Ranch Company ♦ CC Partners (f/k/a Cross Country Staffing) ♦ Hayden-Gulch West Coal Company, ♦ H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").

Exhibit 13

# EXHIBIT 14

**EXHIBIT 14**

## TRADE PUBLICATIONS

| | Media Name | Circulation | Media Profile |
|---|---|---|---|
| **COLLEGE AND UNIVERSITY PUBLICATIONS** | Business Officer | 20,000 | Official newsmagazine of the National Association of College and University Business Officers. Content includes industry and association news, a professional calendar, a report from NACUBO and topical features. |
| | Chronicle of Higher Education | 95,808 | Edited as the professional news source for faculty members, academic officers and senior administrative officers who run colleges and universities in the U.S., Canada and abroad. Covers news and trends affecting higher education and includes coverage of scholarships, information, technology, business and philanthropy, personal and professional news, government and political actions, listings of books, computer software, gifts and grants to colleges, appointments, academic meetings and a bulletin board. |
| | College Planning & Management | 30,000 | Edited for presidents, chief administrators and business officials and purchasing directors in junior colleges, colleges and universities. Reports and features provide unparalleled news covering education, construction, facilities, purchasing and technology for the educational market. |
| | University Business | 34,100 | Designed to address the institutional challenges and concerns of college and university administrators, business officers and financial planners. Editorial content focuses on the management of higher education with emphasis on such topics as health care, research, funding and the costs and pressures of keeping institutions technologically up-to-date. |

Exhibit 14
Page 1 of 4

**EXHIBIT 14**

## TRADE PUBLICATIONS

| | | |
|---|---|---|
| | BOMA | 17,500 | Publication of the Building Owners and Managers Association International. Features business news on the commercial real estate industry, covers new products, industry forecasting trends, research and updates on local, regional and national legislative and regulatory issues impacting the industry. |
| | Building Operating Management | 70,233 | Written for building owners and facility managers in corporate and leased offices, educational, medical, government and retail markets. Editorial focus is on technology updates, renovation and new construction trends and facility economics. |
| **COMMERCIAL PROPERTY PUBLICATIONS** | Buildings | 57,004 | Written for commercial/institutional building ownership and facilities management professionals. Covers achievement and strategies of industry players, building materials & their applications and patterns in the marketplace. Subjects include construction costs, building design, space planning, energy efficiency, fire safety, accessibility, environmental solutions, security, strategic facilities planning, staff management/training, legislative regulation and additional industry and professional concerns. |
| | Commercial Property News | 31,666 | Provides comprehensive information to the commercial real estate industry. Editorial content features research and analysis of market trends, late-breaking news, deals and transactions, as well as profiles of people in the industry. |
| | Commercial Realty Review | 10,000 | Designed for commercial property owners, developers, investors, brokers, agents and attorneys involved in increasing regional property values. Provides information about the fast-changing and competitive commercial real estate investment, financing, management, renovation, development, design and the environment in the Philadelphia region. Also includes departments focused on mortgage reports, real estate exchange, new leases and association news. |
| | Facilities Manager | 4,700 | Official publication of the Association of Higher Education Facilities Officers. Spotlights news and information in the industry |

Exhibit 14
Page 2 of 4

**EXHIBIT 14**

## TRADE PUBLICATIONS

| | | |
|---|---|---|
| **COMMERCIAL PROPERTY PUBLICATIONS, cont.** | Facility Management Journal | 18,000 | Official publication of the International Facility Management Association. Used as a comprehensive resource, this editorial material focuses on the industry's legislative, economic and financial trends with special emphasis on developments in technology industry news and practical solutions and applications. |
| | Facility Manager | 2,500 | Edited for the managers of public facilities such as auditoriums, stadiums, arenas, convention centers and exhibit halls with latest industry news and trend information. Regular features include case studies, interviews, problems and solutions, survey of leadership in related product and service industries, as well as analysis of pertinent legislation and marketing trends. |
| | Journal of Property Management | 23,700 | Created as the official publication of the Institute of Real Estate Management. Editorial highlights are geared to management personnel in various types of properties including apartment buildings, office buildings, shopping centers and industrial plants and parks. Topics include rehabilitation, business operations, taxation, legislation, leasing, technology, marketing and maintenance. |
| | National Real Estate Investor | 34,412 | Published to provide in-depth coverage of the financing, investment, management, development and leasing of commercial real estate to executives in the commercial real estate industry. Each issue delivers a combination of timely features, company profiles, property-specific news, departments city/area reviews and columns from industry experts. |
| **FEDERAL, STATE AND LOCAL GOVERNMENT PUBLICATIONS** | Governing | 86,284 | Edited for elected and appointed city officials in the United States. Coverage includes news about how national developments will affect cities and case studies on how cities are solving problems. |
| | Government Executive | 60,050 | Written for federal government decision-making executives. Editorial content focuses on management of executive branch agencies and includes such topics as research development, information technology, management, outsourcing, pay, benefits, HR, travel, defense and administration security. |
| | Nation's Cities Weekly | 29,000 | Edited for elected and appointed city officials in the United States. Coverage includes news about how national developments will affect cities and case studies on how cities are solving problems |
| | State Government News | 16,000 | Covers issues, events, policy and laws of interest to state officials |

Exhibit 14
Page 3 of 4

**EXHIBIT 14**

## TRADE PUBLICATIONS

|  |  |  |  |
|---|---|---|---|
| **HOSPITAL PUBLICATIONS** | A H A News | 30,000 | Created by the American Hospital Association for hospital administrators and staff with an eye towards monitoring the changes and news uniquely affecting hospitals. Includes extensive coverage of legislative, regulatory and judicial developments while also providing news and information from the AHA. |
|  | FacilityCare | 33,000 | Edited for health care facility managers responsible for planning, designing, constructing, maintaining or operating a safe environment for employees, patients and visitors. Features include product coverage, governmental regulations, industry standards and codes, emergency preparedness, air quality, monitoring hazardous waste handling, bloodborne pathogens, safety and security. |
|  | Health Facilities Management | 30,877 | Edited for professionals who buy and specify products used in the operation, building and maintenance of health care facilities both inpatient and outpatient. Editorial covers building management, in health care construction, renovation, HVAC, building controls, changes in codes and standards interiors, security housekeeping and waste management. Includes updates on new products and technological developments. |
| **SCHOOL PUBLICATIONS** | The School Administrator | 22,000 | Professional association of administrators and executives of school systems and educational service agencies, school district superintendents, central building and service unit administrators, presidents of colleges, deans and professors of educational administration, placement officers, executive directors and administrators of education associations, heads of private schools. Sponsors numerous professional development seminars annually through its National Academy for School Executives, dedicated to excellence in educational system leadership. Founded Educational Research Service. Maintains numerous standing and ad hoc committees. |

Exhibit 14
Page 4 of 4

# EXHIBIT 15

**EXHIBIT 15**

## CANADIAN CITIES AND TOWNS WHERE W.R. GRACE MANUFACTURED AND/OR SOLD ASBESTOS CONTAINING PRODUCTS FROM 1963 TO 1990

| PLANTS |
| --- |
| Vancouver, British Columbia |
| Calgary, Alberta |
| Regina, Saskatchewan |
| Winnipeg, Manitoba |
| Saskatoon, Saskatchewan |
| Edmonton, Alberta |
| Ajax, Ontario |
| St. Thomas, Ontario |
| Dartmouth, Nova Scotia |

| SALES OFFICES/WAREHOUSES |
| --- |
| Victoria, British Columbia |
| Prince George, British Columbia |
| Oakville, Ontario |
| Montreal, Quebec |
| Toronto, Ontario |
| Scarborough, Ontario |

Exhibit 15
Page 1 of 1

# EXHIBIT 16

**EXHIBIT 16**

# FOR IMMEDIATE RELEASE

*Month, Date, 2001*
*CONTACT:*
*PHONE:(xxx) xxx-xxxx*

# All Claims in the W. R. Grace Bankruptcy Must be Filed by April 1, 2002.

**Columbia, MD, Month _____, 2001** – The United States Bankruptcy Court for the District of Delaware has set April 1, 2002, no later than (Time) as the final date ("Bar Date") for all claims to be filed in the W. R. Grace Bankruptcy. W. R. Grace ("Grace"), its predecessors, subsidiaries, and other related entities ("Debtors") filed for protection under Chapter 11 of the U.S. Bankruptcy Code on April 2, 2001.

To preserve a claim against Grace and the other Debtors, all claims must be received by the Bar Date. These claims include:

**Asbestos Personal Injury Claims** for personal injuries or damages related to exposure to asbestos-containing products manufactured by the Debtors or exposure to vermiculite mined, milled, or processed by the Debtors. A claim should be filed if symptoms of an asbestos-related injury have been diagnosed by a medical professional and a claim related to that injury has not been previously filed.

**Asbestos Property Damage Claims** for the cost of removal, diminution of property value, or economic loss, etc., caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors.

**Zonolite Attic Insulation ("ZAI") Claims** for cost of removal, diminution of property value or economic loss, etc., caused by this loose fill vermiculite insulation product sold during the 1920 or 1930's through 1984.

**Settled Asbestos Claims** are asbestos personal injury claims that have been settled but not fully paid.

**Non-Asbestos Claims** includes any other claims against the Debtors.

Grace entered the vermiculite business through the purchase of the Zonolite Company in 1963, which included a network of owned and independent expanding plants. The company mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos.

Exhibit 16
Page 1 of 2

**EXHIBIT 16**

Grace also produced and marketed other vermiculite products with commercially added asbestos including ceiling and wall finishes, plasters, and cements. From 1959 to 1973, Grace marketed Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray–on fireproofing plaster used to provide fire protection for the enclosed steel beams of large commercial structures, predominately high-rise buildings.

Grace Debtors include: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

For complete information, including a Bar Date Notice, Proof of Claim and instructions for filing a claim, call 1-800-xxx-xxxx or write to Claims Agent, Re: W.R. Grace, P.O. Box XXX, City, State, Zip.

### ###

Exhibit 16
Page 2 of 2

# EXHIBIT G

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., <u>et al.</u>,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

## BAR DATE NOTICE FOR ALL CLAIMS

PLEASE TAKE NOTICE THAT on _____, 2001 the Honorable Joseph J. Farnan, Jr., United States District Judge, United States District Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and its affiliates (collectively, the "Debtors" or "Grace") entered an Order (i) Fixing A Claims Bar Date, (ii) Approving The Proof Of Claim Forms (iii) Approving The Form And Manner Of Notice And (iv) Approving the Case Management Schedule ("Bar Date Order") which, among other things, set a Bar Date for filing proofs of claim against the Debtors, including claims for Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and all other Non-Asbestos Claims.

Under the Bar Date Order, the Court established **April 1, 2002** at 5:00 p.m. Eastern Time (the "Bar Date") as the last date and time for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have present Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims, or any other Non-Asbestos Claims (all as defined in Exhibit 1) to file proofs of claims against any predecessors-in-interest of the Debtors. A copy of the Bar Date Order setting the Bar Date for all claims is attached to this Notice as Exhibit 2.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.    **WHO <u>MUST</u> FILE A PROOF OF CLAIM**

On April 2, 2001, each of the Debtors commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have a present Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or any Non-Asbestos Claim as defined in Exhibit 1. Any person or entity having such a present claim or any other claim against any members of Grace, must file a Proof of Claim on or before April 2, 2002, the Bar Date for all claims, using the applicable Proof of Claim form approved by the Court. In the event that prior to the Bar Date you filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other proof of claim form, you must refile your claim on the appropriate specialized Court approved proof of claim form on or before the Bar Date or your claim may be barred and disallowed.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions of the Debtors that occurred before the Debtors filed their Chapter 11 cases on April 1, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

2.    **WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM**

The Bar Date and the need to file a Proof of Claim applies only to present claims against the Debtors. You do <u>not</u> need to file a proof of claim if you have any of the following types of claims:

A.    A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is *not* described in the Schedules as "disputed," "contingent," or "unliquidated," *and* (iii) is in the same amount and of the same nature as set forth in the Schedules;

B.    An administrative expense of any of the Debtors' Chapter 11 cases under section 503(b) or 507(a) of the Bankruptcy Code;

C.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

D.    A claim that has been allowed by an order of the Court entered on or before the Bar Date;

E.    A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of any personal injury claims. *However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim.*

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## 3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

## 4.    WHEN AND WHERE TO FILE

To file a claim, do the following:

- File the claim on the appropriate court-ordered *Proof of Claim Form*, a copy of which is enclosed with this notice.

- For additional copies of the *Proof of Claim Form*:

  - Contact the **[insert Claims Processing Agent]** toll-free at **[insert toll free number]**, 9:00 a.m. - 5:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

  - Visit the Grace chapter 11 website at **[insert website]** to download a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form*.

- Return the completed *Proof of Claim Form(s)* to the **[Claims Processing Agent]** by no later than **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* will

3

be deemed filed only when *actually received* by the **[Claims Processing Agent]**. *Proof of Claim Forms* submitted by facsimile or telecopy transmission will *not* be accepted and will not be deemed filed. If you are returning the *Proof of Claim Form* by mail, allow sufficient mailing time so that the *Proof of Claim Form* is received on or before **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* that are postmarked before that date but are received thereafter will be considered late.

● *Proof of Claim Forms* must be mailed, filed in person, or hand delivered so as to be received on or before April 1, 2002 at the following address:

If mailed, to:

**[MAILING ADDRESSES OF PROPOSED CLAIMS PROCESSING AGENT]**

If hand delivered, to:

**[STREET ADDRESS OF PROPOSED CLAIMS PROCESSING AGENT]**

(between the hours of 9:00 a.m. and 5:00 p.m., Eastern Time, on business days).

● *Proof of Claim Forms* will be deemed filed only when actually received at the address indicated above. You must include all attachments and exhibits with each Proof of Claim and the claim form must be signed by the claimant.

● Do not file or send copies of the Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors', the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, or such Committees' counsel. Upon receipt of your claim, the claims agent will send an acknowledgment card with the appropriate claim number noted thereon.

## 5.    WHAT TO FILE

If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Claim form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Personal Injury Claim or a Settled Asbestos Claim, use the Proof of Claim form entitled "Grace Asbestos Personal Injury Proof of Claim Form." If you are filing a Proof of Claim for an Asbestos Property Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof of Claim Form". If you are filing a Proof of Claim for a Zonolite Attic Insulation Claim, use the Proof of Claim form entitled "Zonolite Attic Insulation Proof of Claim Form". If you are filing a Proof of Claim for any other claim, use the Proof of Claim form entitled "Grace Non-Asbestos Proof of

4

Claim Form." **If you have previously filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other Proof of Claim Form, you must refile your claim using the specialized and appropriate Court approved Proof of Claim Form or your claim may be disallowed.**

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, and (iii) indicate the Debtor against which you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

## 6.    PRODUCT INFORMATION

For your information and assistance in completing the Asbestos Personal Injury Claim Form, Asbestos Property Damage Claim Form or Zonolite Attic Insulation Claim form, the Debtors mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos.   One such product was Zonolite Attic Insulation, a loose-fill vermiculite used as insulation in attics that was sold from the 1920's or 1930's to 1984.  Grace also produced and marketed other vermiculite products with commercially added asbestos, including acoustical finishes and a fire proofing plaster used in commercial high rise buildings.  A list of the brand names under which the Debtors manufactured products that may have contained commercially added asbestos is attached as Exhibit 3.

## 7.    EFFECT OF NOT FILING A CLAIM

ANY HOLDER OF AN ASBESTOS PERSONAL INJURY CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM, ZONOLITE ATTIC INSULATION CLAIM, SETTLED ASBESTOS CLAIM OR NON-ASBESTOS CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE THE COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE April 1, 2002 FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY MEMBER OF GRACE OR THEIR PREDECESSORS-IN-INTEREST, AFFILIATES, INSURANCE CARRIERS OR DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY MEMBER OF GRACE. IF ANY SUCH CLAIMS ARE SO BARRED, EACH MEMBER OF GRACE AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above,*

*present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof of Claim to preserve such benefits, but* **must** *file a Proof of Claim if they seek to preserve a right to proceed against the Debtors outside of the workers' compensation system.*

## 8.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801.

## 9.    QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney.  If you have questions as to how to complete a *Proof of Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the **[Claims Processing Agent]** toll-free at **[insert toll-free number]** between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to:  **[Claims Processing Agent]**.  You may also download a *Proof of Claim Form* and instructions at Grace's chapter 11 website, at **[insert website]**.

BY ORDER OF THE COURT

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

6

I:\SHARED\Jbaer\Grace,W.R\Pleadings\Bar Date Notice for All Claims002.wpd

# EXHIBIT 1

## CLAIMS SUBJECT TO BAR DATE

The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those claims as of the time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death,

Exhibit 1 to Bar Date Notice

survivorship, proximate, consequential, general and special damages and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite. *Notwithstanding the foregoing, present or former employees of the Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of an Asbestos Personal Injury Claim shall not be required to file a proof of claim in order to preserve their right to receive such workers' compensation benefits. However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are included in the definition of "Asbestos Personal Injury Claim," are subject to the Bar Date, and any such employees who wants to preserve their right, if any, to assert a claim directly against the Debtors outside of such state workers' compensation system must file a proof of claim by the Bar Date in order to preserve such claims.*

**Asbestos Property Damage Claim:**  Asbestos Property Damage Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors.  More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

**Zonolite Attic Insulation Claim:**  Zonolite Attic Insulation Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors.  More specifically, Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the

Exhibit 1 to Bar Date Notice

Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a)Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Settled Asbestos Claim:** Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Non-Asbestos Claim:** Non-Asbestos Claims are any other claims against the Debtors as of the time immediately preceding the Bar Date, other than administrative expenses. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

Exhibit 1 to Bar Date Notice

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

## ORDER (i) APPROVING CASE MANAGEMENT
## SCHEDULE (ii) ESTABLISHING BAR DATE
## (iii) APPROVING THE PROOF OF CLAIM FORMS
## AND (iv) APPROVING NOTICE PROGRAM

Upon the motion dated June 27, 2001 (the "Motion")[2] of Debtors, pursuant to Rule

3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of

case management order, (ii) establishment of a Bar Date, (iii) approval of proof of claim forms, and

(iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that (a) establishing a bar date by which creditors must assert claims against

any of the Debtors or be forever barred from asserting such claims, voting on any plan or plans of

reorganization or participating in any distributions from the Debtors' estates in accordance with the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

Exhibit 2 to Bar Date Notice

authority granted to this Court by title 11 of the United States Code (the "Bankruptcy Code") and the Bankruptcy Rules is necessary for the prompt and efficient administration of these Chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein; (b) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these Chapter 11 cases; (c) the form and content of the Asbestos Personal Injury Proof of Claim Form, Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form, Non-Asbestos Proof of Claim Form and accompanying instructions filed with the Motion as Exhibits A-E are authorized by Bankruptcy Rule 3001(a) and are otherwise fair and reasonable; (d) the Bar Date of April 1, 2002 is appropriate in these cases; (e) the case management schedule proposed by the Debtors, as set forth herein, is fair and reasonable and necessary for the orderly and efficient resolution of the various categories of asbestos-related claims the Debtors expect will be filed in these cases; and due notice of the Motion having been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iii) the attorneys for each of the Official Committees appointed in these cases, and (iv) all parties required to be provided notice pursuant to Bankruptcy Rule 2002 and 9007 and Local Rule 2002-1; and it appearing that no other or further notice need be provided, and it appearing that it is appropriate to set the Bar Date, and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

Exhibit 2 to Bar Date Notice

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), the Bar Date for filing proofs of claims asserting Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims against the Debtors, as defined on Exhibit A attached hereto, is fixed as April 1, 2002 (the "Bar Date"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if *actually received* by the Debtors' Official Claims Agent on or before the Bar Date; and it is further

ORDERED that the Debtors' Official Claims Agent shall ***not*** accept proofs of claim sent by facsimile or telecopy transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the Bar Date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms and instructions filed with the Motion as Exhibits A-E and approved by this Court herein, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Date in a form substantially similar to the notice attached to this Order as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient

Exhibit 2 to Bar Date Notice

notice of the Bar Date and all procedures and requirements in connection therewith if it is served

together with one or more Proof of Claim Forms (as appropriate) by depositing same in the United

States mail, first class postage prepaid, within sixty (60) days after the date of entry of this Order

upon the following entities:

A.    the Office of the United States Trustee for the District of Delaware,

B.    the members of the Committees and their attorneys,

C.    all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,

D.    all Entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

E.    all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,

F.    the District Director of Internal Revenue for the District of Delaware,

G.    the Securities and Exchange Commission,

H.    all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

I.    all known holders of Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims and their counsel, if known, as defined on Exhibit A hereto, on or before 60 days after the entry of this Order;

J.    all counsel of record for asbestos personal injury claims filed against Debtors *historically*;

K.    all residents of Libby, Montana; and

L.    all individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice package from the Official Claims Agent as a result of seeing the Bar Date Notice in the media.

4                                    Exhibit 2 to Bar Date Notice

ORDERED that notice of the entry of this Order and of the Bar Date to unknown claimants pursuant to the Debtors' Notification Plan as set forth in Exhibit F filed with the Motion and the print and media notices in substantially the form set forth in Exhibits 8 and 9 to Exhibit F filed with the Motion are hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date, and the Debtors and their professionals (including specifically Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the plan, including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this court; and it is further

ORDERED that the Asbestos Personal Injury Proof of Claim Form, Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form, and Non-Asbestos Proof of Claim Form and accompanying instructions filed with the Motion as Exhibits A-E are approved; and it is further

ORDERED that any person holding an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Date shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization in these cases. Further, such parties (a) to the extent of applicable law shall be bound by the terms

5                                                  Exhibit 2 to Bar Date Notice

of any confirmed plan of reorganization (including, without limitation, any provisions therein that provide the Debtors, any successor or any party under a confirmed plan with a release or discharge pursuant to 11. U.S.C. § 524(g) and 1141), and (b) shall not receive any further notice of the cases or the matters considered in connection therewith; and it is further

ORDERED that on June 1, 2002, Debtors will make a preliminary report to the Court and the committees, categorizing and summarizing filed claims, omnibus objections to claims, and identifying threshold defenses for litigation, and it is further

ORDERED that on May 1, 2002, the Court will appoint a Zonolite Attic Insulation Committee to represent claimants in the ZAI common issues litigation.  Discovery concerning any scientific support for the allegation that ZAI poses an unreasonable risk of harm shall occur during the period through January 1, 2003; Debtors will file omnibus objections and related *Daubert/*summary judgment motions, based upon the absence of a reliable scientific basis for the alleged risk of harm from ZAI, on January 2, 2003; claimants will have until February 1, 2003 to file responses; Debtors will have until February 15, 2003 to reply; a hearing on the omnibus objections and *Daubert/*summary judgment motions with respect to ZAI will be held in March 2003; and, in the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial with respect to ZAI will be conducted in the second quarter of 2003 to decide the issue of unreasonable risk; and it is further

ORDERED that as a part of its preliminary report to the Court on June 1, 2002, Debtors will identify with respect to Asbestos Property Damage Claims : (i) already pending cases that could continue to be litigated in other courts, subject to regular reporting to the Court; (ii) claims subject to statute of limitations defenses; (iii) claims subject to *res judicata* defenses; and (iv) claims

6

Exhibit 2 to Bar Date Notice

subject to a *Daubert* motion, based upon the lack of a reliable scientific basis for the alleged product risk; and it is further

ORDERED that with respect to Asbestos Property Damage Claims, (i) September 1, 2002 is the deadline for submission of Debtors' summary judgment motion with respect to the *res judicata* defense; (ii) a subsequent discovery period on the *res judicata* defense shall end on February 1, 2003; (iii) briefing shall be completed in time for a hearing in March 2003; (iv) discovery concerning both (a) the scientific support for the allegation of Monokote product risk; and (b) the statues of limitation defense shall occur from September 1, 2002 through February 1, 2003; (v) Debtors will file an omnibus objections and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged product risk of Monokote and statutes of limitations defenses, on March 15, 2003; and (vi) after the hearings on Debtors' omnibus objections and *Daubert*/summary judgment motions, unresolved claims with respect to Asbestos Property Damage Claims will be set for a bifurcated bench trial pursuant to FRCP 42 in the second quarter of 2003. The first phase of the trial will resolve common issues such as statute of limitations, *res judicata* and product risk and the second phase will encompass remaining issues, and will take place after further case-specific discovery; and it is further

ORDERED that on July 1, 2002 the Court will appoint an Asbestos Personal Injury Litigation Committee to represent Asbestos Personal Injury Claimants in common issues litigation. Debtors will audit the completeness and reliability of submitted bodily injury claims and (i) September 1, 2002 is the deadline for Debtors' submission of objections to and motion to disallow incomplete claims; (ii) October 1, 2002 is the date for claimants' responses; and (iii) October 15,

Exhibit 2 to Bar Date Notice

2002 is the date for Debtors' reply, after which time a hearing on the motion will then be held; and it is further

ORDERED that Debtors will file omnibus objections and move for summary judgment with respect to common issues affecting the remaining Asbestos Personal Injury Claims; (a) January 1, 2003 is the date for submission of Debtors' omnibus objections and summary judgment motions; (b) January 1, 2003 through July 1, 2003 is the period for discovery related to Debtors' omnibus objections and summary judgment motions; (c) July 1, 2003 is the date for claimants' response; (d) August 1, 2003 is the date for Debtors' reply; (e) a hearing on the omnibus objections and summary judgment motions will be held in August 2003; and, in the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial will be conducted in the third quarter of 2003; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or of any other state or nation to act in aid of and to be complementary to this Court in carrying out the terms of this Court's orders in the present adversary proceeding.  In particular, this Court requests the continued cooperation and

8

Exhibit 2 to Bar Date Notice

assistance of the Superior Court of Justice of Ontario and extends its appreciation to Mr. Justice

James Farley of that court.

_____, 2001
Wilmington, Delaware

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

9

Exhibit 2 to Bar Date Notice

I:\SHARED\Jbaer\Grace,W.R\Pleadings\exhibit 2 to bar date notice.wpd

Exhibit 2 to Bar Date Notice

## CLAIMS SUBJECT TO BAR DATE

**The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").**

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those claims as of the time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For

Exhibit A to Order

purposes of the Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite. *Notwithstanding the foregoing, present or former employees of the Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of an Asbestos Personal Injury Claim shall not be required to file a proof of claim in order to preserve their right to receive such workers' compensation benefits. However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are included in the definition of "Asbestos Personal Injury Claim," are subject to the Bar Date, and any such employees who wants to preserve their right, if any, to assert a claim directly against the Debtors outside of such state workers' compensation system must file a proof of claim by the Bar Date in order to preserve such claims.*

**Asbestos Property Damage Claim:** Asbestos Property Damage Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

**Zonolite Attic Insulation Claim:** Zonolite Attic Insulation Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors. More specifically, Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way

Exhibit A to Order

marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a)Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Settled Asbestos Claim:** Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Non-Asbestos Claim:** Non-Asbestos Claims are any other claims against the Debtors as of the time immediately preceding the Bar Date, other than administrative expenses. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

Exhibit A to Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |

## <u>BAR DATE NOTICE FOR ALL CLAIMS</u>

PLEASE TAKE NOTICE THAT on _____, 2001 the Honorable Joseph J. Farnan, Jr., United States District Judge, United States District Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and its affiliates (collectively, the "Debtors" or "Grace") entered an Order (i) Fixing A Claims Bar Date, (ii) Approving The Proof Of Claim Forms (iii) Approving The Form And Manner Of Notice And (iv) Approving The Case Management Schedule ("Bar Date Order") which, among other things, set a Bar Date for filing proofs of claim against the Debtors, including claims for Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and all other Non-Asbestos Claims.

Under the Bar Date Order, the Court established **April 1, 2002** at 5:00 p.m. Eastern Time (the "Bar Date") as the last date and time for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have present Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims, or any other Non-Asbestos Claims (all as defined in Exhibit 1) to file proofs of claims against any predecessors-in-interest of the Debtors.

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit B to Order

A copy of the Bar Date Order setting the Bar Date for all claims is attached to this Notice as Exhibit 2.

1.    **WHO MUST FILE A PROOF OF CLAIM**

On April 2, 2001, each of the Debtors commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have a present Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or any Non-Asbestos Claim as defined in Exhibit 1.  Any person or entity having such a present claim or any other claim against any members of Grace, must file a Proof of Claim on or before April 2, 2002, the Bar Date for all claims, using the applicable Proof of Claim form approved by the Court.  In the event that prior to the Bar Date you filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other proof of claim form, you must refile your claim on the appropriate specialized Court approved proof of claim form on or before the Bar Date or your claim may be barred and disallowed.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.  Because of this broad definition, acts or omissions of the Debtors that occurred before the Debtors filed their Chapter 11 cases on April 1, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

2.    **WHO DOES NOT NEED TO FILE A PROOF OF CLAIM**

The Bar Date and the need to file a Proof of Claim applies only to present claims against the Debtors.  You do not need to file a proof of claim if you have any of the following types of claims:

A.    A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is *not* described in the Schedules as "disputed," "contingent," or "unliquidated," *and* (iii) is in the same amount and of the same nature as set forth in the Schedules;

B.    An administrative expense of any of the Debtors' Chapter 11 cases under section 503(b) or 507(a) of the Bankruptcy Code;

Exhibit B to Order

C.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

D.    A claim that has been allowed by an order of the Court entered on or before the Bar Date;

E.    A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of any personal injury claims. *However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim.*

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

**4.    WHEN AND WHERE TO FILE**

To file a claim, do the following:

- File the claim on the appropriate court-ordered *Proof of Claim Form*, a copy of which is enclosed with this notice.

- For additional copies of the *Proof of Claim Form*:

  - Contact the **[insert Claims Processing Agent]** toll-free at **[insert toll free number]**, 9:00 a.m. - 5:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

Exhibit B to Order

- Visit the Grace chapter 11 website at **[insert website]** to download a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form*.

- Return the completed *Proof of Claim Form(s)* to the **[Claims Processing Agent]** by no later than **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* will be deemed filed only when *actually received* by the **[Claims Processing Agent]**. *Proof of Claim Forms* submitted by facsimile or telecopy transmission will *not* be accepted and will not be deemed filed. If you are returning the *Proof of Claim Form* by mail, allow sufficient mailing time so that the *Proof of Claim Form* is received on or before **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* that are postmarked before that date but are received thereafter will be considered late.

- *Proof of Claim Forms* must be mailed, filed in person, or hand delivered so as to be received on or before April 1, 2002 at the following address:

  If mailed, to:

  **[MAILING ADDRESSES OF PROPOSED CLAIMS PROCESSING AGENT]**

  If hand delivered, to:

  **[STREET ADDRESS OF PROPOSED CLAIMS PROCESSING AGENT]**

  (between the hours of 9:00 a.m. and 5:00 p.m., Eastern Time, on business days).

- *Proof of Claim Forms* will be deemed filed only when actually received at the address indicated above. You must include all attachments and exhibits with each Proof of Claim and the claim form must be signed by the claimant.

- Do not file or send copies of the Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors', the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, or such Committees' counsel. Upon receipt of your claim, the claims agent will send an acknowledgment card with the appropriate claim number noted thereon.


**5.    WHAT TO FILE**

If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Claim form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Personal Injury Claim or a Settled Asbestos Claim, use the Proof of Claim form entitled "Grace Asbestos

Exhibit B to Order

Personal Injury Proof of Claim Form." If you are filing a Proof of Claim for an Asbestos Property Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof of Claim Form". If you are filing a Proof of Claim for a Zonolite Attic Insulation Claim, use the Proof of Claim form entitled "Zonolite Attic Insulation Proof of Claim Form". If you are filing a Proof of Claim <u>for any other claim</u>, use the Proof of Claim form entitled "Grace Non-Asbestos Proof of Claim Form." **If you have previously filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other Proof of Claim Form, you must refile your claim using the specialized and appropriate Court approved Proof of Claim Form or your claim may be disallowed.**

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, and (iii) indicate the Debtor against which you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

6.    **PRODUCT INFORMATION**

For your information and assistance in completing the Asbestos Personal Injury Claim Form, Asbestos Property Damage Claim Form or Zonolite Attic Insulation Claim form, the Debtors mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos.  One such product was Zonolite Attic Insulation, a loose-fill vermiculite used as insulation in attics that was sold from the 1920's or 1930's to 1984. Grace also produced and marketed other vermiculite products with commercially added asbestos, including acoustical finishes and a fire proofing plaster used in commercial high rise buildings.  A list of the brand names under which the Debtors manufactured products that may have contained commercially added asbestos is attached as Exhibit 3.

7.    **EFFECT OF NOT FILING A CLAIM**

ANY HOLDER OF AN ASBESTOS PERSONAL INJURY CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM, ZONOLITE ATTIC INSULATION CLAIM, SETTLED ASBESTOS CLAIM OR NON-ASBESTOS CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE THE COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE April 1, 2002 FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY MEMBER OF GRACE OR THEIR PREDECESSORS-IN-INTEREST, AFFILIATES, INSURANCE CARRIERS OR DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY MEMBER OF GRACE. IF ANY SUCH CLAIMS ARE SO BARRED, EACH MEMBER OF GRACE AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL

Exhibit B to Order

INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above, present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof of Claim to preserve such benefits, but* **must** *file a Proof of Claim if they seek to preserve a right to proceed against the Debtors outside of the workers' compensation system.*

## 8.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801.

## 9.    QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney. If you have questions as to how to complete a *Proof of Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the **[Claims Processing Agent]** toll-free at **[insert toll-free number]** between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to: **[Claims Processing Agent]**. You may also download a *Proof of Claim Form* and instructions at Grace's chapter 11 website, at **[insert website]**.

BY ORDER OF THE COURT

_____

The Honorable Joseph J. Farnan, Jr.
United States District Judge

6                                    Exhibit B to Order

# EXHIBIT 3

A list of the brand names under which the Debtors manufactured or distributed products which may have contained commercially added asbestos, includes, but may not be limited to, the following:

- -- Ari-Zonolite Board Texture (1961 - 1964);
- -- Ari-Zonolite Natural
- -- Ari-Zonolite Oyster White
- -- Ari-Zonolite Nu-White
- -- Econo-White 65 and Econo-White 70 -- Econo-White Acoustical Texture; Econo-White Super White
- -- Hi-Sorb Acoustical Plaster (1966 - 1973) -- XX White Hi-Sorb; Oyster White Hi-Sorb
- -- Perlcoustic (1966 - 1973)
- -- Perltex Spray Surfaces (19 ?? - 1973) -- PlasterTex; Perltex Super-40 Spray Surfacer; Perltex Super-40; Gun Coat Spray Surfacer
- -- Perltex Super-40 Fog (19 ?? - 1973) -- Perltex Fog (Prior to 1968)
- -- Perltex Super-40 Perltex (19 ?? - 1973) -- Perltex Perlite; Super-40 Perlite
- -- Perltex Super-40 Polycoarse -- Perltex Polycoarse (Prior to 1988)
- -- Perltex Super-40 SAV (19 ?? - 1973) -- Perltex SAV; Super-40 SAV
- -- Prep-Coat #3; Prep-Coat #5
- -- Satin White
- -- Spra-Wyt a/k/a Spra-Wyt Finish, Spra-Wyt Acoustical, Spra-Wyt Acoustical Finish
- -- Vermiculite Acoustical Plaster; Vermiculite Acoustical Plastic
- -- Versakote -- Prep Coat #4
- -- Z-Tex (1958 - 1962) -- EX-Tex; Z-Tex 2; Z-Tex 2 Super White
- -- Zono-Coustic (1960-1973) -- Zono-Coustic 1; Zonocoustic 2; Zonocoustic 3; Zonocoustic Type Z; and Zonocoustic (MK2)
- -- Zonolite Acoustical Plaster (1945 - 1972) -- Zonolite Acoustical Plastic; Zonolite Board of Education Texture (1962 - 1963) -- Board of Education Hard Texture
- -- Zonolite Finish Coat (1956 - 1970) -- Decorator's White
- -- Zonolite Finish Coat (1961 - 1973) -- Decorator's White Extra Hard
- -- Zonolite Finishing Cement
- -- Zonolite High Temperature Insulating Cement (1938 - 1971) -- Hi Temp Insulating Cement; Zonolite Hi-Temperature Cement; Zonolite High Temperature Cement
- -- Zonolite Mono-Kote (MK-1) (1958 - 1962) -- Mono-Kote (generic name)
- -- Zonolite Mono-Kote 3 (MK-3) (1959 - 1973) -- Mono-Kote (generic name)
- -- Zonolite Spra-Insulation (1959 - 1973) -- Mono-Kote (MK-2)
- -- Zonolite Spra-Tex -- Regular (1955 - 1972) -- Zonolite Spra-Tex EH
- -- Zonolite Spra Tex -- Extra Hard (1961 - 1972)

Exhibit 3 to Bar Date Notice

# EXHIBIT H

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

## ORDER (i) APPROVING CASE MANAGEMENT SCHEDULE (ii) ESTABLISHING BAR DATE (iii) APPROVING THE PROOF OF CLAIM FORMS AND (iv) APPROVING NOTICE PROGRAM

Upon the motion dated June 27, 2001 (the "Motion")[2] of Debtors, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of case management order, (ii) establishment of a Bar Date, (iii) approval of proof of claim forms, and (iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that (a) establishing a bar date by which creditors must assert claims against any of the Debtors or be forever barred from asserting such claims, voting on any plan or plans of reorganization or participating in any distributions from the Debtors' estates in accordance with the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

1

Exhibit 2 to Bar Date Notice

authority granted to this Court by title 11 of the United States Code (the "Bankruptcy Code") and

the Bankruptcy Rules is necessary for the prompt and efficient administration of these Chapter 11

cases and to protect the interests of the Debtors, their creditors and other parties in interest herein;

(b) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth

herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of

their rights and obligations in connection with claims they may have against the Debtors in these

Chapter 11 cases; (c) the form and content of the Asbestos Personal Injury Proof of Claim Form,

Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form,

Non-Asbestos Proof of Claim Form and accompanying instructions filed with the Motion as

Exhibits A-E are authorized by Bankruptcy Rule 3001(a) and are otherwise fair and reasonable; (d)

the Bar Date of April 1, 2002 is appropriate in these cases; (e) the case management schedule

proposed by the Debtors, as set forth herein, is fair and reasonable and necessary for the orderly and

efficient resolution of the various categories of asbestos-related claims the Debtors expect will be

filed in these cases; and due notice of the Motion having been provided to (i) the United States

Trustee for the District of Delaware, (ii) counsel to The Chase Manhattan Bank as agent for the

Debtors' prepetition lenders, (iii) the attorneys for each of the Official Committees appointed in

these cases, and (iv) all parties required to be provided notice pursuant to Bankruptcy Rule 2002 and

9007 and Local Rule 2002-1; and it appearing that no other or further notice need be provided, and

it appearing that it is appropriate to set the Bar Date, and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest;

and upon the Motion and all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor, it is

Exhibit 2 to Bar Date Notice

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), the Bar Date for filing proofs of claims asserting Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims against the Debtors, as defined on Exhibit A attached hereto, is fixed as April 1, 2002 (the "Bar Date"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if *actually received* by the Debtors' Official Claims Agent on or before the Bar Date; and it is further

ORDERED that the Debtors' Official Claims Agent shall *not* accept proofs of claim sent by facsimile or telecopy transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the Bar Date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms and instructions filed with the Motion as Exhibits A-E and approved by this Court herein, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Date in a form substantially similar to the notice attached to this Order as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient

3

Exhibit 2 to Bar Date Notice

notice of the Bar Date and all procedures and requirements in connection therewith if it is served together with one or more Proof of Claim Forms (as appropriate) by depositing same in the United States mail, first class postage prepaid, within sixty (60) days after the date of entry of this Order upon the following entities:

A.  the Office of the United States Trustee for the District of Delaware,

B.  the members of the Committees and their attorneys,

C.  all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,

D.  all Entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

E.  all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,

F.  the District Director of Internal Revenue for the District of Delaware,

G.  the Securities and Exchange Commission,

H.  all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

I.  all known holders of Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims and their counsel, if known, as defined on Exhibit A hereto, on or before 60 days after the entry of this Order;

J.  all counsel of record for asbestos personal injury claims filed against Debtors *historically*;

K.  all residents of Libby, Montana; and

L.  all individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice package from the Official Claims Agent as a result of seeing the Bar Date Notice in the media.

Exhibit 2 to Bar Date Notice

ORDERED that notice of the entry of this Order and of the Bar Date to unknown claimants pursuant to the Debtors' Notification Plan as set forth in Exhibit F filed with the Motion and the print and media notices in substantially the form set forth in Exhibits 8 and 9 to Exhibit F filed with the Motion are hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date, and the Debtors and their professionals (including specifically Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the plan, including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this court; and it is further

ORDERED that the Asbestos Personal Injury Proof of Claim Form, Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form, and Non-Asbestos Proof of Claim Form and accompanying instructions filed with the Motion as Exhibits A-E are approved; and it is further

ORDERED that any person holding an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Date shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization in these cases. Further, such parties (a) to the extent of applicable law shall be bound by the terms

Exhibit 2 to Bar Date Notice

of any confirmed plan of reorganization (including, without limitation, any provisions therein that provide the Debtors, any successor or any party under a confirmed plan with a release or discharge pursuant to 11. U.S.C. § 524(g) and 1141), and (b) shall not receive any further notice of the cases or the matters considered in connection therewith; and it is further

ORDERED that on June 1, 2002, Debtors will make a preliminary report to the Court and the committees, categorizing and summarizing filed claims, omnibus objections to claims, and identifying threshold defenses for litigation, and it is further

ORDERED that on May 1, 2002, the Court will appoint a Zonolite Attic Insulation Committee to represent claimants in the ZAI common issues litigation. Discovery concerning any scientific support for the allegation that ZAI poses an unreasonable risk of harm shall occur during the period through January 1, 2003; Debtors will file omnibus objections and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged risk of harm from ZAI, on January 2, 2003; claimants will have until February 1, 2003 to file responses; Debtors will have until February 15, 2003 to reply; a hearing on the omnibus objections and *Daubert*/summary judgment motions with respect to ZAI will be held in March 2003; and, in the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial with respect to ZAI will be conducted in the second quarter of 2003 to decide the issue of unreasonable risk; and it is further

ORDERED that as a part of its preliminary report to the Court on June 1, 2002, Debtors will identify with respect to Asbestos Property Damage Claims : (i) already pending cases that could continue to be litigated in other courts, subject to regular reporting to the Court; (ii) claims subject to statute of limitations defenses; (iii) claims subject to *res judicata* defenses; and (iv) claims

Exhibit 2 to Bar Date Notice

subject to a *Daubert* motion, based upon the lack of a reliable scientific basis for the alleged product risk; and it is further

ORDERED that with respect to Asbestos Property Damage Claims, (i) September 1, 2002 is the deadline for submission of Debtors' summary judgment motion with respect to the *res judicata* defense; (ii) a subsequent discovery period on the *res judicata* defense shall end on February 1, 2003; (iii) briefing shall be completed in time for a hearing in March 2003; (iv) discovery concerning both (a) the scientific support for the allegation of Monokote product risk; and (b) the statues of limitation defense shall occur from September 1, 2002 through February 1, 2003; (v) Debtors will file an omnibus objections and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged product risk of Monokote and statutes of limitations defenses, on March 15, 2003; and (vi) after the hearings on Debtors' omnibus objections and *Daubert*/summary judgment motions, unresolved claims with respect to Asbestos Property Damage Claims will be set for a bifurcated bench trial pursuant to FRCP 42 in the second quarter of 2003. The first phase of the trial will resolve common issues such as statute of limitations, *res judicata* and product risk and the second phase will encompass remaining issues, and will take place after further case-specific discovery; and it is further

ORDERED that on July 1, 2002 the Court will appoint an Asbestos Personal Injury Litigation Committee to represent Asbestos Personal Injury Claimants in common issues litigation. Debtors will audit the completeness and reliability of submitted bodily injury claims and (i) September 1, 2002 is the deadline for Debtors' submission of objections to and motion to disallow incomplete claims; (ii) October 1, 2002 is the date for claimants' responses; and (iii) October 15,

Exhibit 2 to Bar Date Notice

2002 is the date for Debtors' reply, after which time a hearing on the motion will then be held; and it is further

ORDERED that Debtors will file omnibus objections and move for summary judgment with respect to common issues affecting the remaining Asbestos Personal Injury Claims; (a) January 1, 2003 is the date for submission of Debtors' omnibus objections and summary judgment motions; (b) January 1, 2003 through July 1, 2003 is the period for discovery related to Debtors' omnibus objections and summary judgment motions; (c) July 1, 2003 is the date for claimants' response; (d) August 1, 2003 is the date for Debtors' reply; (e) a hearing on the omnibus objections and summary judgment motions will be held in August 2003; and, in the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial will be conducted in the third quarter of 2003; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or of any other state or nation to act in aid of and to be complementary to this Court in carrying out the terms of this Court's orders in the present adversary proceeding.  In particular, this Court requests the continued cooperation and

Exhibit 2 to Bar Date Notice

assistance of the Superior Court of Justice of Ontario and extends its appreciation to Mr. Justice

James Farley of that court.

_____, 2001
Wilmington, Delaware

                                      _____
                                        The Honorable Joseph J. Farnan, Jr.
                                        United States District Judge

Exhibit 2 to Bar Date Notice

I:\SHARED\Jbaer\Grace,W.R\Pleadings\exhibit 2 to bar date notice.wpd

Exhibit 2 to Bar Date Notice

## CLAIMS SUBJECT TO BAR DATE

**The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").**

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those claims as of the time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For

Exhibit A to Order

purposes of the Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite. *Notwithstanding the foregoing, present or former employees of the Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of an Asbestos Personal Injury Claim shall not be required to file a proof of claim in order to preserve their right to receive such workers' compensation benefits. However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are included in the definition of "Asbestos Personal Injury Claim," are subject to the Bar Date, and any such employees who wants to preserve their right, if any, to assert a claim directly against the Debtors outside of such state workers' compensation system must file a proof of claim by the Bar Date in order to preserve such claims.*

**Asbestos Property Damage Claim:**  Asbestos Property Damage Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors.  More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.  For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

**Zonolite Attic Insulation Claim:** Zonolite Attic Insulation Claims are claims as of the time immediately preceding the Bar Date that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors.  More specifically, Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way

Exhibit A to Order

marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a)Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Settled Asbestos Claim:**  Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Non-Asbestos Claim:** Non-Asbestos Claims are any other claims against the Debtors as of the time immediately preceding the Bar Date, other than administrative expenses. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

3                                                    Exhibit A to Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

## BAR DATE NOTICE FOR ALL CLAIMS

PLEASE TAKE NOTICE THAT on _____, 2001 the Honorable Joseph J. Farnan, Jr., United States District Judge, United States District Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and its affiliates (collectively, the "Debtors" or "Grace") entered an Order (i) Fixing A Claims Bar Date, (ii) Approving The Proof Of Claim Forms (iii) Approving The Form And Manner Of Notice And (iv) Approving the Case Management Schedule ("Bar Date Order") which, among other things, set a Bar Date for filing proofs of claim against the Debtors, including claims for Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and all other Non-Asbestos Claims.

Under the Bar Date Order, the Court established **April 1, 2002** at 5:00 p.m. Eastern Time (the "Bar Date") as the last date and time for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have present Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims, or any other Non-Asbestos Claims (all as defined in Exhibit 1) to file proofs of claims against any predecessors-in-interest of the Debtors.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

A copy of the Bar Date Order setting the Bar Date for all claims is attached to this Notice as Exhibit 2.

## 1.   WHO MUST FILE A PROOF OF CLAIM

On April 2, 2001, each of the Debtors commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have a present Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or any Non-Asbestos Claim as defined in Exhibit 1. Any person or entity having such a present claim or any other claim against any members of Grace, must file a Proof of Claim on or before April 2, 2002, the Bar Date for all claims, using the applicable Proof of Claim form approved by the Court. In the event that prior to the Bar Date you filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other proof of claim form, you must refile your claim on the appropriate specialized Court approved proof of claim form on or before the Bar Date or your claim may be barred and disallowed.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions that occurred before the Debtors filed their Chapter 11 cases on April 1, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

## 2.   WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

The Bar Date and the need to file a Proof of Claim applies only to present claims against the Debtors. You do not need to file a proof of claim if you have any of the following types of claims:

A.   A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is *not* described in the Schedules as "disputed," "contingent," or "unliquidated," *and* (iii) is in the same amount and of the same nature as set forth in the Schedules;

B.   An administrative expense of any of the Debtors' Chapter 11 cases under section 503(b) or 507(a) of the Bankruptcy Code;

Exhibit B to Order

C.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

D.    A claim that has been allowed by an order of the Court entered on or before the Bar Date;

E.    A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of any personal injury claims. *However, any claims of such employees that may be asserted directly against the Debtors outside of a state workers' compensation system are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim.*

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

## 3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

## 4.    WHEN AND WHERE TO FILE

To file a claim, do the following:

- File the claim on the appropriate court-ordered *Proof of Claim Form*, a copy of which is enclosed with this notice.

- For additional copies of the *Proof of Claim Form*:

    - Contact the **[insert Claims Processing Agent]** toll-free at **[insert toll free number]**, 9:00 a.m. - 5:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

Exhibit B to Order

- Visit the Grace chapter 11 website at **[insert website]** to download a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form*.

- Return the completed *Proof of Claim Form(s)* to the **[Claims Processing Agent]** by no later than **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* will be deemed filed only when ***actually received*** by the **[Claims Processing Agent]**. *Proof of Claim Forms* submitted by facsimile or telecopy transmission will ***not*** be accepted and will not be deemed filed. If you are returning the *Proof of Claim Form* by mail, allow sufficient mailing time so that the *Proof of Claim Form* is received on or before **April 1, 2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* that are postmarked before that date but are received thereafter will be considered late.

- *Proof of Claim Forms* must be mailed, filed in person, or hand delivered so as to be received on or before April 1, 2002 at the following address:

  If mailed, to:

  > **[MAILING ADDRESSES OF PROPOSED CLAIMS PROCESSING AGENT]**

  If hand delivered, to:

  > **[STREET ADDRESS OF PROPOSED CLAIMS PROCESSING AGENT]**

  (between the hours of 9:00 a.m. and 5:00 p.m., Eastern Time, on business days).

- *Proof of Claim Forms* will be deemed filed only when actually received at the address indicated above. You must include all attachments and exhibits with each Proof of Claim and the claim form must be signed by the claimant.

- Do not file or send copies of the Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors', the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, or such Committees' counsel. Upon receipt of your claim, the claims agent will send an acknowledgment card with the appropriate claim number noted thereon.

5.    **WHAT TO FILE**

   If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Claim form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Personal Injury Claim or a Settled Asbestos Claim, use the Proof of Claim form entitled "Grace Asbestos

Personal Injury Proof of Claim Form." If you are filing a Proof of Claim for an Asbestos Property Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof of Claim Form". If you are filing a Proof of Claim for a Zonolite Attic Insulation Claim, use the Proof of Claim form entitled "Zonolite Attic Insulation Proof of Claim Form". If you are filing a Proof of Claim for any other claim, use the Proof of Claim form entitled "Grace Non-Asbestos Proof of Claim Form." **If you have previously filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other Proof of Claim Form, you must refile your claim using the specialized and appropriate Court approved Proof of Claim Form or your claim may be disallowed.**

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, and (iii) indicate the Debtor against which you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

## 6.    PRODUCT INFORMATION

For your information and assistance in completing the Asbestos Personal Injury Claim Form, Asbestos Property Damage Claim Form or Zonolite Attic Insulation Claim form, the Debtors mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos. One such product was Zonolite Attic Insulation, a loose-fill vermiculite used as insulation in attics that was sold from the 1920's or 1930's to 1984. Grace also produced and marketed other vermiculite products with commercially added asbestos, including acoustical finishes and a fire proofing plaster used in commercial high rise buildings. A list of the brand names under which the Debtors manufactured products that may have contained commercially added asbestos is attached as Exhibit 3.

## 7.    EFFECT OF NOT FILING A CLAIM

ANY HOLDER OF AN ASBESTOS PERSONAL INJURY CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM, ZONOLITE ATTIC INSULATION CLAIM, SETTLED ASBESTOS CLAIM OR NON-ASBESTOS CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE THE COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE April 1, 2002 FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY MEMBER OF GRACE OR THEIR PREDECESSORS-IN-INTEREST, AFFILIATES, INSURANCE CARRIERS OR DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY MEMBER OF GRACE. IF ANY SUCH CLAIMS ARE SO BARRED, EACH MEMBER OF GRACE AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL

INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above, present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof of Claim to preserve such benefits, but* **must** *file a Proof of Claim if they seek to preserve a right to proceed against the Debtors outside of the workers' compensation system.*

## 8.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801.

## 9.    QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney. If you have questions as to how to complete a *Proof of Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the **[Claims Processing Agent]** toll-free at **[insert toll-free number]** between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to:  **[Claims Processing Agent]**.  You may also download a *Proof of Claim Form* and instructions at Grace's chapter 11 website, at **[insert website]**.

BY ORDER OF THE COURT

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

6                              Exhibit B to Order

# EXHIBIT I



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

OCT 3 0 2000

2000 OCT 30  PM 2: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE THE BABCOCK & WILCOX                    CIVIL ACTION
CO., ET AL.

                                              NO: 00-0558
                                              Bankruptcy Case
                                              No. 00-10992

                                              SECTION: "R" (5)


**ORDER REGARDING DEBTORS' MOTION FOR ENTRY
OF AN ORDER ESTABLISHING A BAR DATE;
APPROVING THE PROOF OF CLAIM FORMS;
AND APPROVING THE FORM AND MANNER OF NOTICE**

Before the Court is Debtors' Motion for Entry of an Order Establishing a Bar Date; Approving the Proof of Claim Forms; and Approving the Form and Manner of Notice filed on June 1, 2000 (the "Bar Date Motion"), as modified by supplemental submissions filed thereafter. Also before the Court is a motion for clarification by the Asbestos Claimants' Committee ("Committee") regarding the Bar Date deadline. The Court, after hearing and review of all submissions rules as follows.

DATE OF ENTRY

OCT 3 0 2000

Fee _____
Process _____
X Dktd _____
✓ CtRmDep _____
Doc.No. _____

I.    BACKGROUND AND DISCUSSION

The Court held a hearing on the Bar Date Motion on August 16,
2000.    On August 18, 2000, the Debtors filed a submission
reflecting the proposals made in court, and on August 21, 2000, and
August 22, 2000, the Court received additional oppositions against
the Bar Date Motion.    The Court considered the motions, briefs,
oppositions, and the arguments of counsel made at the August 16,
2000 hearing, and entered its Order and Reasons on August 25, 2000
("August  25,  2000  Order").    That  order  recognized  the
appropriateness of entering a bar date but required modifications
to Debtors' proposed proof of claim form and associated materials.
On September 8, 2000, the Debtors submitted a proposed Bar Date
Order, together with a submission explaining how the Debtors
changed the proposed proof of claim form and certain other aspects
of their bar date procedures to conform to this Court's
instructions in the August 25, 2000 Order.    On October 6, 2000, the
Court ruled on the Debtors' submission and required further
modifications to the proof of claim form and its instructions.
Debtors resubmitted these materials on October 12, 2000.    Pursuant
to the foregoing submissions, pleadings and hearings, and in
accordance with the August 25, 2000 Order, the Court finds and
concludes as follows:

A.    The Debtors filed these cases in the Bankruptcy Court for

2

the Eastern District of Louisiana on February 22, 2000.  On April 17, 2000, this Court withdrew the reference of these cases from the Bankruptcy Court with respect to certain limited matters including motions to set a bar date, motions related to the procedure for notifying claimants and motions regarding the form of proofs of claim.

B.   The Court has jurisdiction over the subject matter of these proceedings pursuant to 28 U.S.C. § 1334.

C.   The Debtors seek to establish a bar date (the "Asbestos & Apollo/Parks Township Claims Bar Date") for filing proofs of claims by certain categories of claims defined on Exhibit A attached hereto and referred to herein as "Asbestos Personal Injury Claims"; "Asbestos Property Damages Claims"; "Derivative Asbestos Claims"; and "Apollo/Parks Township Claims."  The Debtors also seek to establish a bar date (the "Settled Asbestos Claims Bar Date") for the filing of proofs of claim by claimants with "Settled Asbestos Claims," also defined on Exhibit A.  The Debtors' motion to set a Settled Asbestos Claims Bar Date is before the Bankruptcy Court, and is not subject to this Order (although certain of the notices and related documents and procedures approved herein contemplate the coordination of the procedures related to the Settled Asbestos Claims Bar Date with the procedures related to the Asbestos & Apollo/Parks Township Claims Bar Date).

3

D.   It is appropriate to set the Asbestos & Apollo/Parks Township Claims Bar Date.

E.   The Debtors' third submission of the Proof of Claim Form and accompanying instructions filed in response to the Court's October 6, 2000 order conforms to that order.  The form and content of the third submission of the Babcock & Wilcox Asbestos Personal Injury Proof of Claim Form and accompanying instructions attached hereto as Exhibit B are authorized by Bankruptcy Rule 3001(a) and are otherwise fair and reasonable.

F.   On August 25, 2000, the Court explicitly held that the bar date would be nine months from the entry of the bar date order. That order was clear and requires no clarification.  The motion for clarification is DENIED.

G.   The form and content of the Babcock & Wilcox Special Claims Form attached hereto as Exhibit C are authorized by Bankruptcy Rule 3001(a) and are otherwise fair and reasonable.

H.   The Debtors' proposal, set forth in the Bar Date Motion, for providing actual notice of the bar date (where addresses and names of claimants are known by the Debtors and are reasonably retrievable) by mailing a copy of the Bar Date Notice for Asbestos Claims, attached as Exhibit D, or Bar Date Notice for Apollo/Parks Township Claims, attached as Exhibit E, and a copy of the definitional guide regarding claims subject to the Bar Date,

4

attached hereto as Exhibit A, with all attachments and the documents as set forth herein, to (a) all persons and entities (and their attorneys known to the Debtors, if any) who have brought pre-petition or post-petition judicial, administrative or other actions or proceedings (including settlement proceedings under the settlement procedures and protocols established by the Debtors and various law firms) or otherwise initiated an action against any of the Debtors asserting an Asbestos Personal Injury Claim that has not been settled; (b) all persons and entities (and their attorneys known to the Debtors, if any) who have brought pre-petition or post-petition judicial, administrative, or other actions or proceedings or otherwise initiated an action against any of the Debtors asserting an Asbestos Property Damages Claim that has not been settled; (c) all persons or entities (and their attorneys known to the Debtors, if any) who have brought pre-petition or post-petition judicial, administrative, or other actions or proceedings or otherwise initiated an action against any of the Debtors asserting a Derivative Asbestos Claim; (d) all persons or entities (and their attorneys known to Debtors, if any) who have filed Apollo/Parks Township Claims; and (e) all known attorneys of persons who have asserted Asbestos Personal Injury Claims that have not been settled, as to whom names and addresses are not reasonably retrievable, is adequate, appropriate, and reasonably calculated

5

under the circumstances of these cases to provide notice of the bar date and the cases to any and all known creditors of the Debtors who have Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Derivative Asbestos Claims and Apollo/Parks Township Claims. Such notice will afford such creditors the reasonable opportunity required by law to present their claims against the Debtors.

I.   The Debtors' proposal that all known attorneys for persons holding Asbestos Personal Injury Claims also receive the "Notice to Attorney" in the form attached hereto as Exhibit F, which advises the attorneys that they are directed to provide the information described therein, is fair and reasonable under the facts of this case and will further assure that the claimants subject to the Bar Date will receive actual notice of the case and the bar date.

J.   The Babcock & Wilcox Notice Dissemination Plan attached hereto as Exhibit G, the print notices attached hereto as Exhibits H and I, and the television notice script attached as Exhibit J are adequate, appropriate and reasonably calculated under the circumstances of these cases to provide notice of the bar date, and the cases, to any and all creditors and/or potential creditors of the Debtors, who are currently unknown, within the United States, the United States territories of Puerto Rico, Guam and the Virgin

Islands, England, Canada and the Philippines. The plan will afford such unknown claimants subject to the bar date the reasonable opportunity required by law to present their claims against the Debtors.

K. There is no basis for requiring the Debtors to send actual notice of the Asbestos & Apollo/Parks Township Claims Bar Date to persons with whom the Debtors prior to the bar date fully settled and satisfied, or rejected as invalid, an Asbestos Personal Injury Claim, Asbestos Property Damages Claim or Derivative Asbestos Claim.

L. The relief granted herein is in the best interests of the Debtors, their estates and creditors; is appropriate under the circumstances of the cases, and meets the requirements of due process and adequate notice under the United States Constitution and applicable statutes and rules of the United States.

M. The Instructions for Processing Claims attached hereto as Exhibit K are adequate, fair and reasonable, and the Debtors and Rust Consulting, as their authorized claims handling agent, are authorized to implement such instructions as set forth therein.

Accordingly, it is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. <u>The Bar Date</u>. The bar date for filing proofs of claims asserting Asbestos Personal Injury Claims, Asbestos Property

7

Damages Claims, Derivative Asbestos Claims and Apollo/Parks Township Claims against the Debtors, as defined on Exhibit A attached hereto, is hereby fixed as July 30, 2001, (the "Asbestos & Apollo/Parks Township Claims Bar Date"), which is nine months from the date of entry of this order.

2.  <u>Notice to Known Claimants</u>.   The Debtors and their professionals, including any professionals whose retention has been authorized by the Bankruptcy Court to aid in the implementation of such program (including specifically Rust Consulting, as the Debtors' Claims Handling Agent), are hereby directed to provide actual notice of the Asbestos & Apollo/Parks Township Claims Bar Date and copies of the proofs of claims, by posting such notice, as set forth in the Bar Date Motion, by first class mail, postage prepaid, to all known holders of Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Derivative Asbestos Claims and Apollo/Parks Township Claims, as defined in the Court's Order of August 25, 2000, on or before 30 days after the later of the entry of this Order or the Settled Asbestos Claims Bar Date Order entered by the Bankruptcy Court.   The Debtors shall file with the Court, on or before 45 days after the later of the entry of this Order or the Settled Asbestos Claims Bar Date Order entered by the Bankruptcy Court one or more affidavits of persons responsible for supervising such mailing and compiling the lists of known claimants' names and

8

addresses used in such mailing, which affidavits shall (i) describe the methodology and procedures used by the Debtors in compiling the lists used in such mailing; and (ii) attach the lists of names and addresses used in such mailing.  Any party in interest may file a motion objecting to the adequacy of such lists and notice to known creditors on or before 60 days after the later of the entry of this Order or the Settled Asbestos Claims Bar Date Order entered by the Bankruptcy Court.  If no  objections are made on or before that date, then the mailing lists used by the Debtors in connection with such notice shall be deemed to constitute all names and addresses of known creditors of the Debtors entitled to receive such material, which were reasonably ascertainable prior to the Asbestos & Apollo/Parks Township Claims Bar Date.

3.   <u>Notice to Unknown Claimants</u>.  The Court approves the Babcock & Wilcox Notice Dissemination Plan as set forth in Exhibit G attached hereto and the print and media notices in substantially the form set forth in Exhibits H, I, and J.  The Debtors and their professionals (including specifically Hilsoft Notifications) are hereby authorized and directed to take any and all actions necessary to the full implementation of the plan, including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to

advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this court.

4.    <u>Notice to Attorneys</u>.   On or before 30 days after the later of the entry of this Order or the Settled Asbestos Claims Bar Date Order entered by the Bankruptcy Court, the Debtors shall mail to all attorneys for persons with Asbestos Personal Injury Claims, and/or Settled Asbestos Claims, which attorneys are known to the Debtors as of such date, a copy of the Notice to Attorney.   Each attorney who receives such notice is hereby directed to

(a)   provide the Debtors with the current names and addresses of the holders of Asbestos Personal Injury Claims (and/or Settled Asbestos Claims) listed on such notice whom the attorney represents and any other Asbestos Personal Injury Claims (and/or Settled Asbestos Claims), not listed on such notice represented by such attorney within 15 days of receipt of the notice; and/or

(b)   on or before the bar date, provide the Debtors with a certification, by mail or hand delivery, through their counsel identified in such notice, that such attorney has contacted all claimants whom he/she represents regarding their rights to assert a claim against the Debtors and their need to file a proof of claim by the Asbestos & Apollo/Parks Bar Date or the Settled Asbestos Claims Bar Date.

5.    <u>Claim Forms</u>.   The Court approves the Revised Babcock & Wilcox Asbestos Personal Injury Proof of Claim Form (Exhibit B) and the Babcock & Wilcox Special Proof of Claim Form (Exhibit C).

6.    <u>Effect of Bar Date</u>.   Any person holding an Asbestos

# EXHIBIT J

*Duplicate Original*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------x
*In re*                                         :       Chapter 11 Case No.
                                                :
ARMSTRONG WORLD INDUSTRIES,                     :       00-4471 (JJF)
INC., *et al.,*                                 :
                                                :
                        Debtors.                :       (Jointly Administered)
                                                :
                                                :
                                                :
---------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) (i) FIXING A CLAIMS BAR DATE FOR FILING CERTAIN PROOFS OF CLAIM, (ii) APPROVING THE PROOF OF CLAIM FORM, THE BAR DATE ORDER NOTICE AND THE RELATED PUBLICATION NOTICE AND PROCEDURES, AND (iii) APPROVING THE EMPLOYEE AND ENVIRONMENTAL CLAIMS NOTIFICATION PROCEDURES

Upon the motion dated March 30, 2001 (the "Motion")[1] of Nitram

Liquidators, Inc. ("Nitram"), Armstrong World Industries, Inc. ("AWI"), and Desseaux

Corporation of North America ("Desseaux"), as debtors and debtors in possession

(collectively, the "Debtors"), for an order pursuant to Rule 3003(c)(3) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) Fixing a General Claims Bar

Date for Filing Certain Proofs of Claim, (ii) Approving the Proof of Claim Form, the

General Claims Bar Date Order Notice and the Related Publication Notice and

Procedures, and (iii) Approving the Employee and Environmental Claims Notification

Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed
to them in the Motion.

1334; and it appearing that (a) establishing a bar date by which creditors must assert

Claims (other than Excluded Claims) against any of the Debtors or be forever barred

from asserting such claims, voting on any plan or plans of reorganization or participating

in any distributions from the Debtors' estates in accordance with the authority granted to

this Court by title 11 of the United States Code (the "Bankruptcy Code") and the

Bankruptcy Rules is necessary for the prompt and efficient administration of these

chapter 11 cases and to protect the interests of the Debtors, their creditors and other

parties in interest herein, and (b) notification of the relief granted by this Order in the

manner proposed by the Debtors, as set forth herein, is fair and reasonable and will

provide good, sufficient and proper notice to all creditors of their rights and obligations in

connection with Claims they may have against the Debtors in these chapter 11 cases; and

due notice of the Motion having been provided to (i) the United States Trustee for the

District of Delaware, (ii) the agent for AWI's prepetition bank lenders, (iii) the agent for

the Debtors' postpetition bank lenders, (iv) the attorneys for each of the Official

Committees appointed in these cases, and (v) all parties on the Debtors' General Service

List in these cases pursuant to the Court's Order Pursuant to Sections 102 and 105(a) of

the Bankruptcy Code and Bankruptcy Rule 2002(m) and 9007 Establishing Notice

Procedures, dated January 29, 2001, and it appearing that no other or further notice need

be provided; and it appearing that it is appropriate to set the Claims Bar Date; and the

Court having determined that the relief sought in the Motion is in the best interests of the

Debtors, their creditors and all parties in interest; and upon the Motion and all of the

proceedings had before the Court; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that, pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, any Entity that asserts a Claim, other than an Excluded Claim, against any of the Debtors, which Claim arose prior to December 6, 2000, shall file an original, completed, written proof of such Claim that substantially conforms to Official Form No. 10 or the proof of claim form annexed as **Exhibit B** to the Motion (the "Proof of Claim Form"), which form is hereby approved, so as to be received on or before August 31, 2001 at 5:00 p.m. Eastern Time (the "Claims Bar Date"), by mailing or delivering by messenger or overnight courier an original proof of claim to the AWI Claims Processing Center, c/o Trumbull Services, L.L.C., Griffin Center, 4 Griffin Road North, Windsor, CT 06095 (the "AWI Claims Processing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if *actually received* by the AWI Claims Processing Center on or before the Claims Bar Date; and it is further

ORDERED that the AWI Claims Processing Center shall *not* accept proofs of claim sent by facsimile or telecopy transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the Claims Bar Date; and it is further

ORDERED that the trustee or administrative agent for any debt issued by AWI is authorized to file a proof of claim on behalf of the debtholders for which it acts in

lieu of or in addition to any proof of claim that may be filed by an individual debtholder;

*provided however*, that individual debtholders shall retain the exclusive right to vote on

any plan of reorganization of AWI with respect to their respective claims; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this

Order shall (i) be written in the English language, (ii) be denominated in lawful currency

of the United States, (iii) conform substantially with the Proof of Claim Form or Official

Form No. 10, and (iv) indicate the Debtor against which the creditor is asserting a claim;

and it is further

ORDERED that any holder of a Claim against one or more of the Debtors

who is required to but fails to file a proof of claim for such Claim in accordance with this

Order on or before the Claims Bar Date shall be forever barred, estopped and enjoined

from asserting such Claim against such Debtor (or filing a proof of claim with respect

thereto), such Debtor and its property shall be forever discharged from any and all

indebtedness or liability with respect to such Claim, and such holder shall not be

permitted to vote on any plan or plans of reorganization or participate in any distribution

in such Debtor's chapter 11 case on account of such Claim or to receive further notices

regarding such Claim; *provided however*, that solely with respect to Claims subject to this

Order held or asserted by the Federal Government, any actual discharge of such Claims

shall be subject to further order of the Court; and it is further

ORDERED that, with respect to each of the creditors listed on the

Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate)

substantially similar to the Proof of Claim Form attached to the Motion as **Exhibit B**

indicating in the top right hand corner thereof how the Debtors have scheduled such

creditor's claim in the Schedules (including the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed); and it is further

ORDERED that notice of entry of this Order and of the Claims Bar Date in a form substantially similar to the notice attached to this Order as **Exhibit 1** (the "Claims Bar Date Order Notice"), which Claims Bar Date Order Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Claims Bar Date and all procedures and requirements in connection therewith if it is served together with one or more Proof of Claim Forms (as appropriate) by depositing same in the United States mail, first class postage prepaid, within thirty (30) days after the date of entry of this Order upon the following entities:

A.    the Office of the United States Trustee for the District of Delaware,

B.    the members of the Committees and their attorneys,

C.    any administrative agent or trustee for prepetition debt issued by AWI, the agent for the Debtors' postpetition lenders, and their respective attorneys,

D.    all holders of prepetition debt issued by or on behalf of AWI, but only to the extent the identity of such holders is known to AWI,

E.    all Entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

F.    all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,

G.    the District Director of Internal Revenue for the District of Delaware,

H.    the Securities and Exchange Commission,

I.    all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

J.      any Entities not listed on the Schedules, but from whom any of the Debtors had purchased goods or services prior to the commencement of these chapter 11 cases, but only to the extent that the names and addresses of such Entities are contained on the Debtors' existing computerized vendor data base; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(1), the Debtors shall publish a bar date notice in substantially the form attached to this Order as **Exhibit 2** (the "Publication Notice"), which Publication Notice is approved in all respects, (i) two times in a weekday edition of the national editions of *The New York Times, The Wall Street Journal,* and *USA Today* at least thirty (30) days prior to the Claims Bar Date, (ii) once, in each of the publications listed in **Exhibit E-1** annexed to the Motion on the estimated dates set forth therein prior to the Claims Bar Date, and (iii) once in a Sunday edition of each of the publications set forth on **Exhibit E-2** annexed to the Motion at least thirty (30) days prior to the Claims Bar Date, all of which publication is hereby approved in all respects and which shall be deemed good, adequate and sufficient publication notice of the Claims Bar Date; and it is further

ORDERED that, in the event the Debtors further amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of Claims affected thereby, and such holders shall be granted sixty (60) days from the date of such notification within which to file a proof of claim in respect of their Claim or be forever barred from doing so; and it is further

ORDERED that, with respect to AWI's current employees and retirees, the Debtors shall utilize the Employee Notification Procedures (as such procedures are described in the Motion) and distribute notice of the Claims Bar Date to current

employees using a notice substantially similar to the form of notice annexed to this Order as **Exhibit 3** and to retirees using a notice substantially similar to the form of notice annexed to this Order as **Exhibit 4**, which notices are approved in all respects, within five (5) business days after the date of entry of this Order; and it is further

ORDERED that, with respect to the Potential Environmental Claimants, the Debtors shall distribute notice of the Claims Bar Date to such claimants using a notice substantially similar to the form of notice annexed to this Order as **Exhibit 5**, which notice is approved in all respects, in conjunction with the general notice procedures approved herein; and it is further

ORDERED that the Environmental Claims Notification Procedures (as such procedures are described in the Motion) are hereby approved; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' right to seek a further order of this Court fixing a date by which a holder of a claim *not* subject to the Claims Bar Date established herein must file such claim against the Debtors or be forever barred from voting on any plan or plans of reorganization for the

Debtors, from receiving any distribution of property from any of the Debtors with respect

to such claim, and from asserting such claim against any of the Debtors.

Dated: April 18 2001
        Wilmington, Delaware

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------x

In re                                :       Chapter 11 Case Nos.

ARMSTRONG WORLD INDUSTRIES, INC.,    :       00-4471 (JJF), 00-4469 (JJF),
NITRAM LIQUIDATORS, INC., and          :       & 00-4470 (JJF)
DESSEAUX CORPORATION OF NORTH        :
AMERICA,                               :
                                        :
                  Debtors.        :       (Jointly Administered)
                                          :

-----------------------------------------------------x

## NOTICE OF ENTRY OF CLAIMS BAR DATE ORDER
## REQUIRING THE FILING OF PROOFS OF CLAIM

PLEASE TAKE NOTICE THAT on _____, 2001, the United States Bankruptcy Court for the District of Delaware (the "Court") having jurisdiction over the chapter 11 cases of Armstrong World Industries, Inc. (formerly known as Armstrong Cork Company) ("AWI"), Nitram Liquidators, Inc. (formerly known as Martin Surfacing, Inc.), and Desseaux Corporation of North America (collectively, the "Debtors") entered an Order Fixing a Bar Date for Filing Certain Proofs of Claim (the "Claims Bar Date Order").

Under the Claims Bar Date Order, the Court established (i) August 31, 2001 at 5:00 p.m. Eastern Time (the "Claims Bar Date") as the last date and time for each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit (except holders of Excluded Claims (as hereinafter defined)) to file a proof of claim against any of the Debtors. The Claims Bar Date Order and the Claims Bar Date, as well as the procedures set forth below for the filing of proofs of claim, apply to claims against the Debtors.

1.      WHO MUST FILE A PROOF OF CLAIM

On December 6, 2000, each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

You MUST file a proof of claim if (i) you have a claim (as hereinafter defined) that arose prior to December 6, 2000 (including, but not limited to, any claims for property damage arising from the presence of asbestos-containing products in buildings, or any claim that arose from acts or omissions based on indemnification and guarantees, environmental liabilities, and the sale of products by any of the Debtors, or pursuant to the rejection of an executory contract on or before the date of the Claims Bar Date Order), and (ii) it is not an Excluded Claim (as hereinafter defined).

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions of the Debtors that occurred before December 6, 2000 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

2.    WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM

You do not need to file a proof of claim if you have an Excluded Claim. An "Excluded Claim" is any of the following types of claims:

A.    A claim that *already* has been properly filed with the Clerk of the United States Bankruptcy Court for the District of Delaware using a claim form that substantially conforms to Official Form No. 10;

B.    A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is *not* described in the Schedules as "disputed," "contingent," or "unliquidated," *and* (iii) is in the same amount and of the same nature as set forth in the Schedules;

C.    An administrative expense of any Debtor's chapter 11 case under section 503(b) or 507(a) of the Bankruptcy Code;

D.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

E.    A claim that has been allowed by an order of the Court entered on or before the Claims Bar Date;

F.    An asbestos-related personal injury claim (other than a claim for contribution, indemnity, reimbursement, or subrogation); OR

G.    A claim of a current employee of AWI for prepetition benefits or deferred compensation.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

3.     ASBESTOS-RELATED CLAIMS

The Claims Bar Date does not apply to asbestos-related *personal injury* claims (other than claims for contribution, indemnity, reimbursement, or subrogation). *Claims for property damage (including any claims for property damage arising from the presence of asbestos-containing products in buildings) or claims for contribution, indemnity, reimbursement or subrogation, even though such claims may or might arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products, are required to be filed on or before the Claims Bar Date.*

To obtain information regarding the history of AWI's involvement with asbestos-containing products, contact the AWI Claims Processing Center toll-free at [insert toll-free number] between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to: AWI Claims Processing Center, c/o Trumbull Services, L.L.C., Griffin Center, 4 Griffin Road North, Windsor, CT 06095. You may also access such information at AWI's chapter 11 website, at www.awibardate.com.

4.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Claims Bar Date.

5.     WHEN AND WHERE TO FILE

To file a claim, do the following:

- File the claim on a court-ordered *Proof of Claim Form*, a copy of which is enclosed with this notice.

- For additional copies of the *Proof of Claim Form*,

  - Contact the AWI Claims Processing Center toll-free at [insert toll free number], 9:00 a.m. – 6:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

  - Visit the AWI chapter 11 website at www.awibardate.com to download a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form*.

- Return the completed *Proof of Claim Form(s)* to the AWI Claims Processing Center by no later than August 31, 2001 at 5:00 p.m., Eastern Time. *Proof of Claim Forms* will be deemed filed only when *actually received* by the AWI Claims Processing Center. *Proof of Claim Forms* submitted by facsimile or telecopy transmission will *not* be accepted and will not be deemed filed. If you are returning the *Proof of Claim Form* by mail, allow sufficient mailing time so that the *Proof of Claim Form* is

received on or before August 31, 2001 at 5:00 p.m., Eastern Time. *Proof of Claim Forms* that are postmarked before that date but are received thereafter will be considered late.

- *Proof of Claim Form(s)* should be delivered to the following address, 9:00 a.m. – 5:00 p.m., Eastern Time, on business days:

> AWI Claims Processing Center
> c/o Trumbull Services, L.L.C.
> Griffin Center
> 4 Griffin Road North
> Windsor, CT 06095

## 6.    WHAT TO FILE

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the *Proof of Claim Form* provided or Official Form No. 10, and (iv) indicate the Debtor against which you are asserting a claim. To expedite the processing of your claim, please use the *Proof of Claim Form* approved for use in these cases and enclosed with this Notice.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

YOU SHOULD ATTACH TO YOUR COMPLETED *PROOF OF CLAIM FORM* COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

## 7.    EFFECT OF NOT FILING A CLAIM

**IF, AS DESCRIBED IN THIS NOTICE, YOU ARE REQUIRED TO FILE A PROOF OF CLAIM AND DO NOT DO SO ON OR BEFORE THE CLAIMS BAR DATE OF AUGUST 31, 2001 YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY CLAIM YOU HOLD OR WISH TO ASSERT AGAINST ANY OF THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM), EACH OF THE DEBTORS AND THEIR PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM, AND YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN ANY OF THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

## 8.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"). If you are listed on the Schedules, a

description of the nature, amount, and status of your claim, as reflected on the Schedules, is set forth in the upper right hand corner of the enclosed *Proof of Claim Form(s)*. If, prior to the filing of the Schedules, you received postpetition payments from the Debtors (which payments were authorized by the Court) on account of your claim(s), the enclosed *Proof of Claim Form(s)* will reflect the net amount of your claim(s) (*i.e.*, reduced by the postpetition payments), as such amount is listed in the Schedules. If the Debtors believe that you may hold or assert claims against more than one Debtor, you will receive a separate *Proof of Claim Form* for each Debtor, which will reflect the nature and amount of your claim against each such Debtor, as listed in the Schedules. **If you agree with the nature, amount and status of your claim(s) as described in the enclosed *Proof of Claim Form(s)*, you do not need to file a proof of claim. However, if you intend to file one or more proofs of claim, you must do so before the Claims Bar Date and in accordance with the procedures set forth in this Notice.**

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801.

For additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the AWI Claims Processing Center toll-free at **[insert toll-free number]** between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to: AWI Claims Processing Center, c/o Trumbull Services, L.L.C., Griffin Center, 4 Griffin Road North, Windsor, CT 06095. You may also download a *Proof of Claim Form* and instructions at AWI's chapter 11 website, at www.awibardate.com.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

/s/ Joseph J. Farnan, Jr.
United States District Judge


RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899

-and-

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT 2

| | |
|---|---|
| *In re* | Chapter 11 Case No. |
| ARMSTRONG WORLD INDUSTRIES, INC., NITRAM LIQUIDATORS, INC., and DESSEAUX CORPORATION OF NORTH AMERICA, | 00-4471 (JJF), 00-4469 (JJF), & 00-4470 (JJF) |
| Debtors. | (Jointly Administered) |

# Notice of Last Day to File Claims

PLEASE TAKE NOTICE THAT on _____, 2001, the United States Bankruptcy Court for the District of Delaware (the "Court") having jurisdiction over the chapter 11 cases of Armstrong World Industries, Inc. (formerly known as Armstrong Cork Company) ("AWI"), Nitram Liquidators, Inc. (formerly known as Martin Surfacing, Inc.), and Desseaux Corporation of North America (collectively, the "Debtors") entered an Order Fixing Bar Date for Filing Certain Proofs of Claim (the "Claims Bar Date Order").

Under the Claims Bar Date Order, the Court established August 31, 2001 at 5:00 p.m. Eastern Time (the "Claims Bar Date") as the last date and time for each person or entity (except all holders of asbestos-related personal injury claims) to file a proof of claim against any of the Debtors.

## WHO MUST FILE A PROOF OF CLAIM

On December 6, 2000, each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

You MUST file a proof of claim if (i) you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to December 6, 2000 (including, but not limited to, any claim that arose from acts or omissions, based on indemnification and guarantees, environmental liabilities, and the sale of products by any of the Debtors), or pursuant to the rejection of an executory contract, and (ii) it is not one of the other types of claims described below. Acts or omissions of the Debtors that occurred before December 6, 2000 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Claims for property damage (including any claims for property damage arising from the presence of asbestos-containing products in buildings) or claims for contribution, indemnity, reimbursement or subrogation, even though such claims may or might arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products, are subject to the Claims Bar Date. For more information on AWI's involvement with asbestos-containing products, call toll-free, [insert phone number], or access AWI's chapter 11 web site at www.awibardate.com.

## WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a proof of claim if:

- You have *already* properly filed with the Clerk of the United States Bankruptcy Court for the District of Delaware or the AWI Claims Processing Center a proof of claim against the Debtors using a claim form that substantially conforms to Official Form No. 10;

- Your claim is listed on the Debtors' Schedules and is *not* described there as "disputed," "contingent," or "unliquidated," and you do not dispute the amount or nature of your claim as set forth in the Schedules;

- You have an administrative expense claim in any of the Debtors' chapter 11 case under section 503(b) or 507(a) of the Bankruptcy Code;

- You are a Debtor or a subsidiary of a Debtor, and you have a claim against another Debtor or another subsidiary of a Debtor;

- You hold a claim that has been allowed by an order of the Court entered on or before the Claims Bar Date;

- You hold an asbestos personal injury claim (other than a claim for contribution, indemnity, reimbursement, or subrogation) OR

- You are a current employee of AWI and only have a claim for benefits or deferred compensation arising prior to December 6, 2000.

## WHEN AND WHERE TO FILE

Proof of claim forms must be filed so as to be *actually received* by mail or overnight courier on or before the Claims Bar Date of August 31, 2001 at 5:00 p.m., Eastern Time, at the following address:

AWI Claims Processing Center
Street
City, State Zip Code

Please use the Court-approved Proof of Claim form available as indicated below.

## EFFECT OF NOT FILING A CLAIM

If, as described in this notice, you are required to file a Proof of Claim and do not do so on or before the Claims Bar Date of August 31, 2001, you will be forever barred, estopped, and enjoined from asserting any claim you hold or wish to assert against any of the Debtors (or filing a proof of claim with respect to such claim), each of the Debtors and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and you will not be permitted to vote on any plan of reorganization or participate in any distribution in any of the Debtors' chapter 11 cases on account of such claim, or to receive further notices regarding such claim.

---

**To obtain additional information and a Proof of Claim form call:**

# 1-888-888-8888

(Monday-Friday; 9:00 a.m. - 6:00 p.m. Eastern Time)

Or write to: AWI Claims Processing Center, Street
City, State Zip Code

Or access AWI's chapter 11 website at www.awibardate.com.

BY ORDER OF THE COURT, JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF DELAWARE
PLEASE DO NOT CALL OR SEND REQUESTS FOR NOTICE TO THE COURT.
RICHARDS, LAYTON & FINGER, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899
and WEIL, GOTSHAL & MANGES LLP, 767 Fifth Avenue, New York, New York 10153.
Attorneys for Debtors and Debtors in Possession

EXHIBIT 3

[COMPANY LETTER HEAD]

_____, 2001

# TO ALL CURRENT EMPLOYEES OF ARMSTRONG WORLD INDUSTRIES, INC.:

As you are aware, Armstrong World Industries, Inc. ("AWI") filed for chapter 11 protection on December 6, 2000. Pursuant to an order of the Bankruptcy Court dated December 7, 2000, AWI was authorized to pay, and has paid, its current employees' prepetition wages and benefits as well as other employment-related obligations (including deferred compensation) in a manner that is consistent with its pre-bankruptcy business practices and policies.

However, if you believe you have an unpaid claim for wages or any other claims (other than for employee benefits or deferred compensation) that arose before December 6, 2000, you should contact **[insert name of designated contact person]** at **[insert number]** for information regarding the procedures for filing a proof of claim against AWI.

**The deadline for filing proofs of claim against AWI is August 31, 2001 at 5:00 p.m., Eastern Time. If you have a claim against AWI (other than a claim for employee benefits or deferred compensation), but fail to file a proof of claim before the deadline, you will lose your right to assert such claim against AWI in the future and will not receive any distribution with respect to such claim. Filing a claim does not necessarily entitle you to compensation.**

Thank you for your attention to this matter.

# EXHIBIT 4

[COMPANY LETTER HEAD]

_____, 2001

# TO ALL RETIREES OF
# ARMSTRONG WORLD INDUSTRIES, INC.:

As you are aware, Armstrong World Industries, Inc. ("AWI") filed for chapter 11 protection on December 6, 2000. Pursuant to an order of the Bankruptcy Court dated December 7, 2000, AWI was authorized to pay, and has continued to pay, its retirees' post-employment benefits (including deferred compensation) in a manner that is consistent with its pre-bankruptcy business practices and policies.

AWI has scheduled the estimated value of your post-employment benefits (including any deferred compensation) as of December 6, 2000 at $_____.

If you agree with this amount, you do not need to take any action. If, however, you disagree with this amount, or if you believe you have any other claim against AWI that arose before December 6, 2000, you should contact [insert **name of designated contact person**] at [insert **number**] for information regarding the procedures for filing a proof of claim against AWI.

**The deadline for filing proofs of claim against AWI is August 31, 2001 at 5:00 p.m., Eastern Time. If you have a claim against AWI (other than as scheduled above for post-employment benefits) but fail to file a proof of claim before the deadline, you will lose your right to assert such claim against AWI in the future and will not receive any distribution with respect to such claim. Filing a claim does not necessarily entitle you to compensation.**

Thank you for your attention to this matter.

# EXHIBIT 5

_____, 2001

To Whom It May Concern:

As described in greater detail in the enclosed notice, Armstrong World Industries, Inc. ("AWI"), Nitram Liquidators, Inc. ("Nitram"), and Desseaux Corporation of North America ("Desseaux"), as debtors and debtors in possession (collectively, the "Debtors"), filed for protection under chapter 11 of the U.S. Bankruptcy Code on December 6, 2000 in the Bankruptcy Court for the District of Delaware (the "Court"). This letter and its enclosures provide you with general notice of your opportunity to file any claims you may have against the Debtors, and with specific notice with respect to potential environmental claims.

[Name of relevant debtor] formerly [describe relationship to property]. It is possible that [Name of relevant debtor's] ownership or operation of this facility or disposal of materials at this facility may have resulted in conditions on the property that would give rise to a claim under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*, or other state or federal environmental laws.

If you wish to file a claim against [Name of relevant debtor], please refer to the enclosed notice and *Proof of Claim Form* for further information. If you have questions concerning whether or not you need to file a *Proof of Claim Form*, you should consult your attorney. If you have questions as to how to complete a *Proof of Claim Form*, contact the AWI Claims Processing Center toll-free at [insert toll-free number] between 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday, *or* write to: AWI Claims Processing Center, c/o Trumbull Services, L.L.C., Griffin Center, 4 Griffin North Road, Windsor, CT 06095. You may also download the Proof of Claim Form and instructions at AWI's chapter 11 website, at www.awibardate.com

**The deadline for filing proofs of claim against [Name of relevant debtor] is August 31, 2001 at 5:00 p.m., Eastern Time. If you have a claim against [Name of relevant debtor], but fail to file a proof of claim before this deadline, you will lose your right to assert such claim against [Name of relevant debtor] in the future and will not receive any distribution with respect to such claim. Filing a claim does not necessarily entitle you to compensation.**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )SS |
| COUNTY OF NEW CASTLE | ) |

      Patricia E. Cuniff, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C., co-counsel for the Debtors, in the above-captioned action, and that on the 27th day of June, 2001 she caused a copy of the following document(s) to be served upon the attached service list(s) in the manner indicated:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.    **Exhibits to (1) Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program, and (2) Memorandum in Support Thereof**

Dated: June 27, 2001

Patricia E. Cuniff

Sworn to and subscribed before
me this 27th day of June, 2001

Notary Public
My Commission Expires: 03/14/02

91100-001\DOCS_DE:20485.7
06/27/01 3:39 PM

-2-

W. R. Grace 2002 Service List
Case No. 01-1139 (RJN)
Doc. No. 22588
June 27, 2001
16 – Hand Delivery
07 – Overnight Delivery
120 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Hand Delivery*
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

***Hand Delivery***
(Counsel for Ingersoll-Rand Fluid Products)
Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

***Hand Delivery***
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

***Hand Delivery***
Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

***Hand Delivery***
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

***Hand Delivery***
Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

***Hand Delivery***
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

***Hand Delivery***
Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

***Hand Delivery***
Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

***Hand Delivery***
Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899

***Overnight Delivery***
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

***Overnight Delivery***
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106

*Overnight Delivery*
(Canadian counsel for Debtor)
Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch
Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA

*Overnight Delivery*
(W. R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*Overnight Delivery*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

*Overnight Delivery*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*Overnight Delivery*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

*First Class Mail*
Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

*First Class Mail*
Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

*First Class Mail*
District Director
IRS
409 Silverside Road
Wilmington, DE  19809

*First Class Mail*
Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

**First Class Mail**
Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

**First Class Mail**
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

**First Class Mail**
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

**First Class Mail**
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main Street
Kalispel, MT  59901

**First Class Mail**
Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

**First Class Mail**
David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

**First Class Mail**
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

**First Class Mail**
Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld,
LLP
551 Fifth Avenue
New York, NY  10176

**First Class Mail**
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

**First Class Mail**
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

**First Class Mail**
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

**First Class Mail**
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

**First Class Mail**
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

**First Class Mail**
Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

**First Class Mail**
Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

**First Class Mail**
(Counsel for The Chase Manhattan)
Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

**First Class Mail**
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn,
L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

**First Class Mail**
Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

**First Class Mail**
Nancy Worth Davis
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

**First Class Mail**
(Counsel for Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204

**First Class Mail**
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

**First Class Mail**
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103

**First Class Mail**
R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

**First Class Mail**
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

*First Class Mail*
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX  75219

*First Class Mail*
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

*First Class Mail*
Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

*First Class Mail*
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

*First Class Mail*
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

*First Class Mail*
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

*First Class Mail*
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

*First Class Mail*
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

*First Class Mail*
Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

*First Class Mail*
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

*First Class Mail*
Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

*First Class Mail*
Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

*First Class Mail*
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

*First Class Mail*
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

*First Class Mail*
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

*First Class Mail*
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

*First Class Mail*
Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

*First Class Mail*
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

*First Class Mail*
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
Peter A. Chapman
24 Perdicaris Place
Trenton, NJ  08618

*First Class Mail*
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

*First Class Mail*
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

*First Class Mail*
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey  07663

*First Class Mail*
Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

*First Class Mail*
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

*First Class Mail*
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury
& Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

*First Class Mail*
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

*First Class Mail*
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

*First Class Mail*
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger &
Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

*First Class Mail*
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

*First Class Mail*
)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

*First Class Mail*
(Counsel for Public Service Electric and Gas
Company)
William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207

*First Class Mail*
(Counsel for numerous asbestos claimants)
Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX  76006

*First Class Mail*
(Counsel for Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA  94903

*First Class Mail*
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah 83536-9229

*First Class Mail*
Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

*First Class Mail*
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria 32399-3000

*First Class Mail*
Credit Lyonnais
1301 Avenue of the Americas
New York, New York 10019-0602

*First Class Mail*
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH 43215

*First Class Mail*
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH 4308

*First Class Mail*
(Counsel for SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

*First Class Mail*
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant
County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland 21043

*First Class Mail*
Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana 70896

*First Class Mail*
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New
York
100 Church Street, Room 6-127
New York, New York 10007

*First Class Mail*
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona 85007-1278

*First Class Mail*
Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee 38103

*First Class Mail*
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee 38103

*First Class Mail*
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

*First Class Mail*
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

*First Class Mail*
Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

*First Class Mail*
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

*First Class Mail*
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

*First Class Mail*
Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

*First Class Mail*
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

*First Class Mail*
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

*First Class Mail*
Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ  08034

*First Class Mail*
Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

*First Class Mail*
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

*First Class Mail*
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, New York  10022

*First Class Mail*
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, Missouri  63366

*First Class Mail*
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

*First Class Mail*
Shelley Bethea Gillette & Clark
3850 E. Baseline Road, Suite 125
Mesa, Arizona  85206

*First Class Mail*
David Aelvoet, Esquire
Linebargerheard Goggan Blair
Graham Pena & Sampson LLP
1000 Tower Life Building
San Antonio, TX  78205

*First Class Mail*
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst.
County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

*First Class Mail*
David Balsley, Jr.
535 Smithfield Street, Suite 619
Pittsburg, PA  15222-2302

*First Class Mail*
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730
(Attorney for Toyota Motor Credit)

*First Class Mail*
James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY  10178
(Counsel for Delco Development Company)

*First Class Mail*
Michael T. Kay, Esquire
Nancy Draves, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI  48674
(Counsel for Dow Chemical Company,
Hampshire Chemical Corporation and Union
Carbide Corporation)

*First Class Mail*
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey  08002

*First Class Mail*
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
711 Third Avenue, 20th Floor
New York, New York  10017-4014
(Attorneys for General Electric Capital
Corporation)

*First Class Mail*
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, Florida  32412-0950

*First Class Mail*
Michael B. Willey, Esquire
Legal Services, 27th Floor
312 8th Avenue North
Nashville, Tennessee  37243
(Counsel for Commissioner of Revenue)

*First Class Mail*
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York  10020-1182

*First Class Mail*
Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL  60601

*First Class Mail*
Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA  22902

*First Class Mail*
E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, South Carolina  29201-1708

*First Class Mail*
Jeffrey Kaufman, Esquire
Gerald F. Ellesdorfer, Esquire
Kaufman & Logan LLP
111 Pine Street, Suite 1300
San Francisco, CA  94111

*First Class Mail*
Michael H. Pinkerson, Esquire
James M. Garner, Esquire
Sher Garner Cahill Richter Klein McAlister
& Hilbert, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA  70112

*First Class Mail*
William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA  23510-9242

*First Class Mail*
Pillsbury Winthrop LLP
Lynn M. Ryan, Esquire
One Battery Park Plaza
New York, NY  10004-1490
(Counsel for Wells Fargo Bank Minnesota,
National Association)

*First Class Mail*
Pillsbury Winthrop LLP
Craig Barbarosh, Esquire
650 Town Center Drive, 7th Floor
Costa Mesa, CA  92626-7122
(Counsel for Wells Fargo Bank Minnesota,
National Association)