**ORIGINAL**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | Objections due by July 18, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

## NOTICE OF APPLICATION

TO:    Office of the United States Trustee; Counsel to the Debtors; Counsel to the Official Committee of Unsecured Creditors; Counsel to the Official Committee of Asbestos Personal Injury Claimants; Counsel to the Official Committee of Asbestos Property Damage Claimants; Official Committee of Equity Security Holders; and Counsel to the Debtors-in-Possession Lenders (the "DIP Lenders").

FTI Policano & Manzo, Financial Advisors to the Official Committee of Unsecured Creditors, in the above-captioned chapter 11 cases, has today filed the attached **First Interim Application of FTI Policano & Manzo, Financial Advisors to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from April 20, 2001 Through April 30, 2001** (the "Application").

You are required to file with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 6th Floor, Wilmington, DE 19801, any objection to the attached Application on or before July 18, 2001, at 4:00 p.m.

At the same time, you must also serve a copy of objections or responses, if any, upon the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200) and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 N. Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (fax number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Attn: Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 (fax number 305-374-7593), and Michael B. Joseph,

WLM\147507.1

Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby & Geddes, 222 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899 (fax number 302-654-2067); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899 (fax number 302-658-6395); (vi) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801 (fax number 302-573-6497); and (vii) Edwin N. Ordway, Jr., FTI Policano & Manzo, Park 80 West, Plaza I, Saddle Brook, NJ 07663 (fax number 201-843-8044).

A HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 29, 2001                              Respectfully submitted,

Michael R. Lastowski, Esquire (DE I.D. No. 3892)
DUANE, MORRIS & HECKSCHER, LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801
Telephone: (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:     mlastowski@duanemorris.com

- and -

Lewis Kruger, Esquire
STROOCK & STROOCK & LAVAN, LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
Facsimile:  (212) 806-6006

*Co-Counsel to the Official Committee
of Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------x

In re:                                        Chapter 11

W.R. GRACE & Co., et al.,                     Case No.  01-01139(JJF)
                                              (Jointly Administered)


                    Debtors

----------------------------x

FIRST INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM APRIL 20, 2001 THROUGH APRIL 30, 2001)

Type of Application:  Interim ___X___    Final _____

Name of Applicant:  FTI Policano & Manzo
Authorized to Provide Professional Services to:      The Official Committee of
                                                     Unsecured Creditors

Date of Order Authorizing Employment:                June 21, 2001

Compensation Sought:
            Application Date:       June 28, 2001
            Application Period:     April 20, 2001 through April 30, 2001


|  | Hours | Amount |
|---|---|---|
| Professional Fees (80%) | 41.4 | $12,806.40 |
| Expense Reimbursement (100%) |  | 667.95 |
| Total |  | $13,474.35 |

Is this a first application?   Yes __X__  No ____

FIRST INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
<u>(FOR THE PERIOD FROM APRIL 20, 2001 THROUGH APRIL 30, 2001)</u>

INDEX

APPLICATION FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES

EXHIBIT A    Affidavit of Edwin N. Ordway, Jr.

EXHIBIT B    Summary of the services performed by FTI Policano & Manzo from April 20, 2001 through April 30, 2001

EXHIBIT C    Summary of fees by professional for the period April 20, 2001 through April 30, 2001

EXHIBIT D    Detailed descriptions of services rendered by professional for the period April 20, 2001 through April 30, 2001

EXHIBIT E    Summary of expenses incurred for the period April 20, 2001 through April 30, 2001

## APPLICATION FOR ALLOWANCE OF
## INTERIM COMPENSATION AND REIMBURSEMENT
## OF EXPENSES

### I.    Introduction

This is the first application for allowance of interim compensation and reimbursement of expenses ("First Interim Application") made by FTI Policano & Manzo ("FTI P&M" or "Applicant"), as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee) of W.R. Grace & Co. et. al., (the "Company" or "Debtors") for the period April 20, 2001 through April 30, 2001 ("First Interim Period").  In connection with this application, the Applicant submits as follows:

1. FTI P&M is a firm of financial advisors specializing in insolvency restructuring and related matters, and is an operating unit of FTI Consulting, Inc.

2. FTI P&M was retained by the Committee as Financial Advisors to the Committee pursuant to an approved by the Court dated June 21, 2001 (the "Employment Order").

3. On May 3, 2001, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses for all professionals and committee members ("Interim Compensation Order").

4. The Interim Compensation Order requires each professional to submit monthly statements to various parties as stated in the Interim Compensation Order.  These monthly statements include a detailed schedule of the services rendered and the expenses incurred for the related period, and are submitted on or about the 28th day of every month. Following a 20 day period for notice and resolution of objections, the Interim Compensation Order requires the Debtors to promptly pay (i) 80% of undisputed professional fees; and (ii) 100% of the undisputed expenses detailed in the monthly statement.

5. During the First Interim Period, FTI P&M submitted the following monthly statements to the parties in the Interim Compensation Order:

| Period | Fees | Expenses |
|---|---|---|
| 4/20-4/30/01 | $16,008.00 | $667.95 |

6. Through the date of this First Interim Application, FTI P&M has not been paid for the professional fees rendered nor the expenses incurred that were included in the monthly statements for the First Interim Period.

7. FTI P&M submits this First Interim Application, pursuant to Section 330 and 331 of the United States Bankruptcy Code and Bankruptcy Rule 2016, for an interim

allowance for compensation for professional services rendered to the Debtors of $12,806.40, representing 80% of fees incurred, and for the reimbursement of expenses in connection therewith of $667.95 for the period April 20, 2001 through April 30, 2001. To date, Applicant has not been paid for the professional services rendered nor for reimbursement of expenses.

8. During the First Interim Period, the Applicant rendered professional services required by the Debtors and their counsel aggregating a total of 41.4 hours in the discharge of its duties as financial advisor and bankruptcy consultant to the Committee.

9. The Applicant believes that the interim fees applied for herein for professional services rendered in performing accounting and advisory services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtor's financial accounting resources and the results obtained. Applicant has attached to this First Interim Application, as Exhibit D, a complete accounting of the time expended by professionals who worked on this matter during the First Interim Period. Since this application only covers a ten-day period and the Applicant's initial activities were limited, the Applicant's work during this period has been categorized into only four separate tasks, each of which is described in detail in Exhibit B. Additional task codes will be added in subsequent applications.

10. Section II below briefly discusses the history of the Company prior to its filing, issues facing the Company during the Chapter 11 period, and the major tasks performed by the Applicant during the First Interim Period.

## II.    Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to an Application submitted to the Court on or about May 17, 2001, and by a Court order dated June 21, 2001, FTI P&M was retained as financial advisors for the Committee, nunc pro tunc to April 20, 2001. Since its retention, FTI P&M has continuously and vigorously pursued the Committee's interests in these cases.

3. The Debtors have represented, among other things, that: (a) the Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland; (b) The Debtors predominantly operate through two business units – Davison Chemicals and Performance Chemicals; (c) the Debtors' parent company, W.R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly

owned subsidiary, W.R. Grace & Co. – Conn. ("Grace-Conn"); (d) Grace-Conn owns substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are Debtors and Debtors in possession in the Chapter 11 Cases.

4.      The following summary is not intended to be a detailed description of the work performed as those day-to-day services and the time expended in performing such services as those are fully set forth in Exhibit D.   Rather, it is merely an attempt to highlight those areas in which services were rendered to the Committee during the Compensation Period, including (i) Analysis of information provided by the Debtor regarding critical vendors (ii) Analysis of information provided by the Debtor regarding compensation and retention issues (iii) Financial monitoring, (iv) Meetings and phone conferences with Debtors' management and counsel and with Committee counsel, and (v) Other Matters.

5.      FTI P&M has played an important role in assisting the Creditors to understand and negotiate several substantial and complex issues, notably the assumption of employee executory contracts, the structuring of severance and retention bonuses to employees, and the identification of critical vendors.   These issues greatly impact the general unsecured creditors of the Debtors.

6.      FTI P&M's role included the preparation and communication of various financial analyses requested by the Official Committee of Unsecured Creditors' professionals in order to assist their rapid understanding of the issues facing the Debtors.

7.      For the Compensation Period, FTI P&M seeks compensation totaling $13,474.35, representing 80% of fees incurred and 100% of expenses incurred.   FTI P&M expended an aggregate of 48.6 hours, substantially all of which was expended by five professionals.   The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.   A small staff was utilized to optimize efficiencies and avoid redundant efforts.   The staff of the Debtors has been utilized where practical and prudent.

8.      In addition, FTI P&M incurred out-of-pocket expenses in connection with the rendition of the professional services described above in the sum of $667.95 for which FTI P&M respectfully requests reimbursement in full.   All expenses were billed at actual cost, exclusive of amortization of the cost of investment, equipment or capital outlay.   Internal charges for outgoing out-of-town facsimile transmissions were billed at $1.25 per page for domestic transmissions.   Photocopy charges were billed at actual cost for external copying and $.20 per page for internal copying.   FTI P&M believes that these charges reflect its actual out-of-pocket costs.

9.      The disbursements and expenses have been incurred in accordance with FTI P&M's normal practice by charging clients for expenses clearly related to and required by particular matters.   Such expenses were often incurred to enable FTI P&M to devote time beyond normal office hours to matters which imposed extraordinary time

demands. FTI P&M has endeavored to minimize these expenses to the fullest extent possible.

10.    FTI P&M's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost. In addition, FTI P&M's per diem rates for professionals of comparable experience are 15% to 25% lower than its competitors, the "Big-Five" accounting firms and certain other nationally-recognized specialty firms.

11.    Because FTI P&M's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of FTI P&M's professionals, in many instances only one or two FTI P&M representatives attended meetings or performed specific functions.

12.    Edwin N. Ordway, Jr., Managing Director in charge of this case, directed the activities of the FTI P&M team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

## III.    Summary of Fees and Expenses Incurred

13.    To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

14.    FTI P&M's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtor.

15.    In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, FTI P&M does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, FTI P&M requests reimbursement only for the amount billed to FTI P&M by such third party vendor and paid by FTI P&M to that vendor.

16.    FTI P&M's policy with respect to word processing and document preparation and handling services provided by FTI P&M employees is to bill clients by the hour for such time, but only if the employees' time is clearly and exclusively devoted to work performed for that particular client, as for the preparation, collation and binding of a report for a client. Such services are billed to the Debtor at a rate commensurate with that which would be charged by a third party provider such as a temporaries agency.

17.     Annexed hereto as Exhibit B is a more comprehensive summary of the services performed by the Applicant during the Second Interim Period at the direction of the Debtor and its Counsel.

18.     Annexed hereto as Exhibit C is a summary of fees by professional and by task during the Second Interim Period.

19.     Annexed hereto as Exhibit D are detailed descriptions of the time spent by each professional during the Second Interim Period.

20.     Pursuant to Rule 2016, FTI P&M states that no compensation to be received in this proceeding will be shared with any person or entity outside of FTI Policano & Manzo and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by FTI P&M on account of its accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

21.     As stated in the Affidavit of Edwin N. Ordway, Jr. annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

22.     The Debtors will give notice of the relief requested herein and of the relief requested by the other professionals in their respective applications for allowance of compensation by serving notice of this application upon all parties that have requested notice in these cases, and FTI P&M has personally served copies of the Application with exhibits to the Debtors and on the United States Trustee.

23.     WHEREFORE, the Applicant respectfully requests that this Court enter an order:

a.  approving the allowance of compensation for professional services rendered to the Committee during the period from April 20, 2001 through and including April 30, 2001 in the amount of $16,008.00;

b.  approving the reimbursement of FTI P&M's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 20, 2001 through and including April 30, 2001 in the amount of $667.95; and

c.  authorizing the Debtor to pay as interim compensation to FTI P&M 80% of the amount of the professional services rendered and 100% of the

expenses incurred by FTI P&M during the period from April 20, 2001 through and including April 30, 2001, subject to final payment of the full amount; and

d.  granting such other and further relief as this Court may deem just and proper.

Date: _____

FTI Policano & Manzo

By _____

FTI Policano & Manzo
Park 80 West, Plaza 1
Saddle Brook, NJ  07663
(201) 843-4900

**Exhibit A**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## <u>AFFIDAVIT</u>

STATE OF NEW JERSEY   )
                                        ) ss:
COUNTY OF BERGEN      )


EDWIN N. ORDWAY, JR., being duly sworn, deposes and says:

      1.      I am a Managing Director of FTI Policano & Manzo, ("FTI P&M"), an operating unit of FTI Consulting, Inc. ("FTI"), and I am duly authorized to make this affidavit on behalf of FTI P&M.  FTI P&M provides financial consulting services for restructuring matters and has its principal office at Park 80 West Plaza I, Saddle Brook, New Jersey.  FTI P&M has provided financial consulting services to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

      2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of FTI P&M's second monthly application for an interim allowance of compensation and

for the reimbursement of expenses for services rendered during the period from April 20, 2001 through and including April 30, 2001 in the aggregate amount of $13,474.35.

3.     All services for which compensation is requested by FTI P&M were professional services performed for and on behalf of the Committee from April 20, 2001 through and including April 30, 2001 and not on behalf of any other person.

4.     In accordance with Title 18 U.S.C. Section 155, neither I nor any employee of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.     In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any employee thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any employee of my firm.

EDWIN N. ORDWAY, JR.

Sworn to before me this
28 day of June, 2001

Notary Public

**JEANINE LOSINO**
**Notary Public of New Jersey**
**My Commission Expires May 16, 2002**

**Exhibit B**

**SUMMARY OF THE SERVICES PERFORMED BY FTI POLICANO & MANZO
DURING THE FIRST INTERIM PERIOD**

**Task Code 1 - Preparation for and Participation at Creditors Committee Meetings
or Conference Calls** (9.4 Hours)

FTI P&M participated in two committee meetings during April:

1. April 20th:  Discussed critical vendor and compensation related issues.
2. April 27th:  Discussed recommendations regarding critical vendor motions.

**Task Code 2 - Issues Related to Chapter 11 Operating Issues, Such As Critical
Vendor Motions, Reclamation Claims, Executory Contracts and Similar Issues**
(13.2 Hours)

FTI P&M analyzed, through review of supporting data provided by the Debtor and
discussions with management, critical vendor issues, including necessity of payments,
Debtor's revised proposal, limitations and similar issues.  Based on such work, we
developed recommendations to the committee.

**Task Code 3 - Employee Compensation Issues** (11.7 Hours)

FTI P&M reviewed and analyzed, through data supplied by the Debtor, the overall cost
and participation levels of all benefit plans for both active and retired employees of the
Company.  Analysis of such work was presented to the committee for purposes of
evaluating and recommending continuation of Company employee wage and benefit
arrangements.

**Task Code 4 - Analysis of Financial Data, Including Business Plan, Projections
Forecasts, Cash Flow Forecasts and Historical Information** (7.1 Hours)

FTI P&M began analysis of financial historical data for purposes of developing an
understanding of issues that can affect future performance.

**Exhibit C**
**Page 1 of 2**

W.R. GRACE & CO. ET. AL.
Summary of Fees by Professional
For the period April 20, 2001 through April 30, 2001

|  | Total Hours April | Billing Rate | Amount |
|---|---|---|---|
| M. Policano | 2.4 | $525 | $ 1,260.00 |
| E. Ordway | 9.3 | $475 | 4,417.50 |
| S. Cunningham | 16.9 | $405 | 6,844.50 |
| C. MacCallum | 10.8 | $295 | 3,186.00 |
| M. Hakoun | 2.0 | $150 | 300.00 |
|  | 41.4 |  | $ 16,008.00 |

**Exhibit C**
**Page 2 of 2**

W.R. GRACE & CO. ET. AL.
Hours by Task and Professional
For the period April 20, 2001 through April 30, 2001

| TASK CODE | TASK | M. Policano | E. Ordway | S. Cunningham | C. MacCallum | M. Hakoun | TOTAL |
|---|---|---|---|---|---|---|---|
| 1 | Meetings of Creditors | 2.4 | 4.6 | 2.4 | | | 9.4 |
| 2 | Chapter 11 Operating Issues | | 2.7 | 10.5 | | | 13.2 |
| 3 | Employee Compensation Issues | | 2.0 | 2.4 | 7.3 | | 11.7 |
| 4 | Business Analyses | | | 1.6 | 3.5 | 2.0 | 7.1 |
| | TOTAL | 2.4 | 9.3 | 16.9 | 10.8 | 2.0 | 41.4 |

**Exhibit D**

W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Michael Policano
For the period April 20, 2001 through April 30, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 20-Apr | 1 | Attended meeting with committee and counsel to discuss critical vendor motion and compensation issues; participated in conference call with Debtors' management and counsel regarding same issues. | 2.4 |
| | | Total hours - April | 2.4 |

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Edwin N. Ordway, Jr.
For the period April 20, 2001 through April 30, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 20-Apr | 1 | Attended meeting with committee and counsel to discuss critical vendor motion and compensation issues; participated in conference call with Debtors' management and counsel regarding same issues. | 2.4 |
| 23-Apr | 2 | Read and analyzed information provided by Debtor regarding critical vendors. | 0.3 |
| | 2 | Participated in conference call with Debtors' management to discuss and analyze critical vendors and revised proposal therefor. | 1.1 |
| 26-Apr | 3 | Participated in conference call with committee counsel and Debtors' representatives regarding motions concerning compensation matters. | 2.0 |
| | 2 | Analyzed data regarding critical vendors including payments to date, amounts outstanding and credit terms. | 0.6 |
| | 2 | Conference call with counsel to discuss critical vendor retention issues. | 0.7 |
| 27-Apr | 1 | Prepared for conference call with committee and counsel to discuss critical vendors. | 0.5 |
| | 1 | Participated in conference call and presented findings regarding critical vendor analysis/discussion with Debtors. | 1.7 |
| | | Total hours - April | 9.3 |

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Sean Cunningham
For the period April 20, 2001 through April 30, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 20-Apr | 1 | Attended meeting with committee and counsel to discuss critical vendor motion and compensation issues; participated in conference call with Debtors' management and counsel regarding same issues. | 2.4 |
| | 4 | Read and analyzed most recent publicly available financial reports and selected analysts' reports regarding asbestos cases. | 1.6 |
| 22-Apr | 2 | Reviewed Critical Vendor information in prepartion for conference call with JP Forehand- VP OPS and staff. | 1.5 |
| 23-Apr | 2 | Participated in conference call with Debtor management to discuss and analyze critical vendors and revised proposal therefor. | 1.6 |
| 25-Apr | 2 | Discussed revised critical vendor proposal with Debtor. | 0.7 |
| | 2 | Prepared analysis of changes in Company proposal from original submission. | 1.8 |
| 25-Apr | 2 | Discussed with Counsel proposed  revisions to Critical Vendor Motion as requested by Debtor. | 0.7 |
| 26-Apr | 3 | Participated in conference call with Counsel and Company to discuss various employee motions and plans. | 2.4 |
| 26-Apr | 2 | Discussed Critical  Vendor Motion issues with Counsel. | 0.7 |
| 27-Apr | 2 | Prepared analysis outlining revised Company proposal and prepetition balances due critical vendors. | 2.8 |
| 27-Apr | 2 | Reviewed and discussed draft of vendor data with Counsel. | 0.8 |
| | | Total hours - April | 16.9 |

**Exhibit D**

W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Craig MacCallum
For the period April 20, 2001 through April 30, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 30-Apr | 3 | Reviewed Debtors' Motion to Pay Prepetition Wages. | 3.0 |
| | 3 | Read and analyzed employment agreements for six officers of Debtor. | 2.0 |
| | 3 | Performed comparative analysis of retention program motions for Armstrong and Owens Corning. | 2.3 |
| | 4 | Reviewed publicly available financial reports and selected analysts' reports on Debtor, competitors, and other companies facing asbestos litigation and in bankruptcy. | 3.5 |
| | | Total hours - April | 10.8 |

**Exhibit D**

W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Matthew Hakoun
For the period April 20, 2001 through April 30, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 30-Apr | 4 | Collected and assembled research materials on comparable public companies in bankruptcy facing asbestos litigation. | 2.0 |
| | | Total hours - April | 2.0 |

**Exhibit E**
**Page 1 of 2**

W.R. GRACE & CO. ET. AL.
Summary of Expenses by Type of Expense
For the period April 20, 2001 through April 30, 2001

| | | |
|---|---:|---:|
| Copies: | | |
| Internal | $ | 44.20 |
| External | | - |
| Telecommunications: | | |
| Toll Charges | | - |
| Facsimile | | - |
| Postage, Federal Express | | - |
| Travel Expenses: | | |
| Transportation, lodging, tolls and parking | | 80.00 |
| Meals | | - |
| Computer Charges | | - |
| Word Processing | | 431.25 |
| Document Preparation and Handling Services | | 112.50 |
| | | |
| Total Expenses | $ | 667.95 |

**Exhibit E**
**Page 2 of 2**

W.R. GRACE & CO. ET. AL.
Detail of Expenses by Type of Expense
For the period April 20, 2001 through April 30, 2001

| | | | | | |
|---|---|---|---|---|---|
| Copies, Internal | Total for Month | 221 | pages @ $0.20/page: | | $    44.20 |

Transportation, lodging, tolls and parking:

| | | | | |
|---|---|---|---|---|
| E. Ordway | 20-Apr | Parking, meeting attendance | 40.00 | |
| S.Cunningham | 20-Apr | Parking, meeting attendance | 40.00 | |
| | | Subtotal | | 80.00 |

Word Processing Services:

| | | | |
|---|---|---|---|
| | 25-Apr | 0.50 | 37.50 |
| | 26-Apr | 0.25 | 18.75 |
| | 27-Apr | 0.50 | 37.50 |
| | 30-Apr | 4.50 | 337.50 |
| | Subtotal | | 431.25 |

Document Preparation and Handling Services:

| | | | |
|---|---|---|---|
| | 20-Apr | 1.0 hours @ $75/hour: | 75.00 |
| | 21-Apr | 0.5 hours @ $75/hour: | 37.50 |
| | Subtotal | | 112.50 |

| | |
|---|---|
| Total Expenses | $   667.95 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

--------------------------x

In re:                                          Chapter 11

W.R. GRACE & Co., et al.,                       Case No. 01-01139(JJF)
                                                (Jointly Administered)


                        Debtors

--------------------------x


ORDER ALLOWING FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD APRIL 20, 2001 THROUGH APRIL 30, 2001)

Upon the Application, dated _____ (the "Application"), of FTI P&M, as

Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee)

for Allowance of Interim Compensation in the amount of $12,806.40 for Actual and

Necessary Services Rendered and for Reimbursement of Actual and Necessary Expenses

Incurred in the amount of $667.95 for the Period from April 20, 2001 through April 30,

2001 (the "Application Period"); the Court having reviewed the Application; and finding

that the Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and

1334; and after notice and opportunity for a hearing to consider the Application; and

upon the record and after due deliberation thereon; and due and proper notice of the

Application having been given; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1.    The Application is GRANTED.

2.    FTI P&M is allowed interim compensation in the amount of $12,806.40 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Application Period, and reimbursement of $667.95 for actual, reasonable and necessary expenses incurred during the Application Period.

3.    The Debtors shall pay to FTI P&M the amount of $13,474.35, which is equal to the sum of FTI P&M's allowed compensation and expense reimbursement out of the assets of their estates.


Dated:  Wilmington, Delaware

_____ ____, 2001


_____
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | Objections due by July 18, 2001 at 4:00 p.m.<br>Hearing date: To be scheduled, only if objections<br>are timely filed and served. |

### CERTIFICATE OF SERVICE

I, Shelley A. Hollinghead, certify that I am not less than 18 years of age, and that service of a copy of the attached **Notice of Application of First Interim Application of FTI Policano & Manzo, Financial Advisors to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from April 20, 2001 Through April 30, 2001** was made June 29, 2001, upon:

> All of the parties indicated on the attached Service List by first class mail, postage prepaid, or as otherwise indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

_June 29, 2001_
Date

_Shelley A. Hollinghead_
Shelley A. Hollinghead

WLM\147507.1

- 3 -

## W.R. GRACE FEE APPLICATION SERVICE LIST
Case No. 01-01139 (JJF)
Doc. No. Word147513v1

*Via Hand Delivery*
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to Debtors and Debtors in Possession*

*Via First Class Mail*
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
*Counsel to Debtors and Debtors in Possession*

*Via Hand Delivery*
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Local Counsel to DIP Lender*

*Via Hand Delivery*
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
*Counsel to Debtor*

*Via First Class Mail*
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606
*Counsel to DIP Lender*

*Via Hand Delivery*
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*Counsel for Asbestos Property Damage Claimants*

*Via Hand Delivery*
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Local Counsel to Asbestos Property Damage Claimants*

*Via First Class Mail*
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Via First Class Mail*
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
*Official Committee of Unsecured Creditors*

*Via First Class Mail*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022
*Official Committee of Asbestos Personal Injury Claimants*

*Via First Class Mail*
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
Dimensional Fund Advisors
Attn: Lawrence Spieth
10 S. Wacker Drive, #2275
Chicago, IL 60606
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Simon Atlas
8314 Meadowlark Lane
Bethesda, MD 20817
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price
  & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131
*Official Committee of Asbestos Property Damage Claimants*

*Via First Class Mail*
Peninsula Partners, L.P.
Attn: Ted Weschler
404B East Main Street, 2nd Floor
Charlottesville, VA 22902
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Angus W. Mercer
4500 Carmel Estates Road
Charlotte, NC 28226
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Raymond E. Smiley
35415 Solon Road
Solon, OH 44139-2415
*Official Committee of Equity Security Holders*