**ORIGINAL**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objections due by July 23, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

### NOTICE OF APPLICATION

TO:     Office of the United States Trustee; Counsel to the Debtors; Counsel to the Official Committee of Asbestos Personal Injury Claimants; Counsel to the Official Committee of Asbestos Property Damage Claimants; the Official Committee of Equity Security Holders; and Counsel to the Debtors-in-Possession Lenders (the "DIP Lenders").

The Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases has today filed the attached **Second Application of Stroock & Stroock & Lavan LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from May 1, 2001 Through May 31, 2001** (the "Application").

You are required to file with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 6th Floor, Wilmington, DE 19801, any objection to the attached Application on or before July 23, 2001, at 4:00 p.m.

At the same time, you must also serve a copy of objections or responses, if any, upon the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200) and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 N. Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (fax number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Attn: Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE

WLM\147522.1

19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Asbestos Personal
Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor,
New York, NY 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby
& Geddes, 222 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899 (fax number 302-654-
2067); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears
Tower, Suite 5800, Chicago, IL 60606 (fax number 312-993-9767), and Steven M. Yoder,
Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE
19899 (fax number 302-658-6395); and (vi)the Office of the United States Trustee, Attn: Frank J.
Perch, Esquire, 844 N. King Street, Wilmington, DE 19801 (fax number 302-573-6497).

A HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE
JOSEPH J. FARNAN, ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT
MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER
NOTICE OR HEARING.

Dated: July 2, 2001                                   Respectfully submitted,

*Michael R. Lastowski*

Michael R. Lastowski, Esquire (DE I.D. No. 3892)
DUANE, MORRIS & HECKSCHER, LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:     mlastowski@duanemorris.com

- and -

Lewis Kruger, Esquire
STROOCK & STROOCK & LAVAN, LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone:  (212) 806-5400
Facsimile:  (212) 806-6006

*Co-Counsel to the Official Committee*
*of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | Objections due by July 23, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

## CERTIFICATE OF SERVICE

I, Michael R. Lastowski, Esquire, certify that I am not less than 18 years of age, and that

service of a copy of the attached **Notice of Second Application of Stroock & Stroock & Lavan**

**LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel**

**to the Official Committee of Unsecured Creditors for the Period from May 1, 2001**

**Through May 31, 2001** was made July 2, 2001, upon:

> All of the parties indicated on the attached Service List by first
> class mail, postage prepaid, or as otherwise indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

_July 2, 2001_
Date

_Michael R. Lastowski_
Michael R. Lastowski, Esquire

# W.R. GRACE FEE APPLICATION SERVICE LIST
Case No. 01-01139 (JJF)
Doc. No. Word147513v1

*Via Hand Delivery*
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to Debtors and Debtors in Possession*

*Via First Class Mail*
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
*Counsel to Debtors and Debtors in Possession*

*Via Hand Delivery*
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Local Counsel to DIP Lender*

*Via Hand Delivery*
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
*Counsel to Debtor*

*Via First Class Mail*
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606
*Counsel to DIP Lender*

*Via Hand Delivery*
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*Counsel for Asbestos Property Damage Claimants*

*Via Hand Delivery*
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Local Counsel to Asbestos Property Damage Claimants*

*Via First Class Mail*
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Via First Class Mail*
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
*Official Committee of Unsecured Creditors*

*Via First Class Mail*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022
*Official Committee of Asbestos Personal Injury
Claimants*

*Via First Class Mail*
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102
*Counsel to Official Committee of Unsecured
Creditors*

*Via First Class Mail*
Dimensional Fund Advisors
Attn: Lawrence Spieth
10 S. Wacker Drive, #2275
Chicago, IL 60606
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Simon Atlas
8314 Meadowlark Lane
Bethesda, MD 20817
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price
  & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131
*Official Committee of Asbestos Property Damage
Claimants*

*Via First Class Mail*
Peninsula Partners, L.P.
Attn: Ted Weschler
404B East Main Street, 2nd Floor
Charlottesville, VA 22902
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Angus W. Mercer
4500 Carmel Estates Road
Charlotte, NC 28226
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Raymond E. Smiley
35415 Solon Road
Solon, OH 44139-2415
*Official Committee of Equity Security Holders*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                      Chapter 11

**W.R. Grace & Co., et al.**                Case No. 01-01139(JJF)

           Debtors.            Jointly Administered

### SECOND APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVCIES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2001 THROUGH MAY 31, 2001

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **May 1, 2001 – May 31, 2001** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$139,928.75** |
| Amount of Expense Reimbursement sought as actual reasonable and necessary: | **$6,884.73** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 35.8 hours and the corresponding compensation requested is approximately $8,563.50.[1]

This is the second application filed

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 5/30/01 | 4/12-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |

---

[1] This is Stroock's Second Fee Application.  Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment B, pg. 2)**

SSL-DOCS1 1115023v2

W R Grace & Co.
May 1 through May 31, 2001
Attachment B

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | | Amount |
|---|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 16.4 | 650.00 | $ | 10,660.00 |
| Pasquale, Kenneth | Partner | 3 | 19.6 | 475.00 | $ | 9,310.00 |
| Raskin, Robert | Partner | 8 | 39.7 | 550.00 | $ | 21,835.00 |
| Wintner, Mark | Partner | 20 | 18.2 | 525.00 | $ | 9,555.00 |
| Keppler, Abbey | Associate | 3 | 17.2 | 425.00 | $ | 7,310.00 |
| Krieger, Arlene | Associate | 8 | 143.1 | 425.00 | $ | 60,817.50 |
| Sasson, Moshe | Associate | 1 | 13.5 | 360.00 | $ | 4,860.00 |
| Taruschio Anna | Associate | 1 | 73.5 | 185.00 | $ | 13,597.50 |
| Defreitas, Vaughn | Paralegal | 9 | 1.8 | 90.00 | $ | 162.00 |
| Holzberg, Ethel | Paralegal | 21 | 3 | 145.00 | $ | 435.00 |
| Kaufman, Eric | Paralegal | 5 | 0.2 | 120.00 | $ | 24.00 |
| Serrette, Rosemarie | Paralegal | 13 | 30.8 | 130.00 | $ | 4,004.00 |
| **Total** | | | 377 | | $ | 142,570.00 |
| Less Travel at 50% discount | | | | | $ | 2,641.25 |
| | | | | | | **$139,928.75** |

Blended Rate    $    378.17

1115236.02

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**SECOND FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM MAY 1, 2001 THROUGH MAY 31, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtor-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a second interim allowance of

compensation for services rendered and for reimbursement of expenses incurred in connection

therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.       By this application, Stroock seeks (i) an interim allowance of compensation for

the professional services rendered by Stroock as counsel for the Committee for the period from

May 1, 2001 through May 31, 2001 (the "Second Monthly Period") in the aggregate amount of

$139,928.75, representing 341.2 hours of professional services and 35.8 hours of

paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by

Stroock during the Second Monthly Period in connection with the rendition of such professional

services and paraprofessional services in the aggregate amount of $6,884.73.

2.       Venue of this proceeding and this application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C.

§§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.       On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.       The Debtors operate a world-wide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

     5.     On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

     6.     The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

Committees").  Recently, the United States Trustee appointed a committee to represent the

interests of equity security holders of the Debtors.

     7.     By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

     8.     This is the second application Stroock has filed with the Court for an allowance of

compensation and reimbursement of expenses for services rendered to the Committee.  This

application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and

331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the

"Administrative Fee Order").

9.      Applicant has received no payment and no promises for payment from any source

for services rendered in connection with these cases.  There is no agreement or understanding

between the Applicant and any other person (other than members of Stroock) for the sharing of

compensation to be received for the services rendered in these cases.

10.      As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A,"

all of the services for which interim compensation is sought herein were rendered for and on

behalf of the Committee solely in connection with these cases.

### III.      SUMMARY OF SERVICES RENDERED

11.      Since being retained by the Committee, Stroock has rendered professional

services to the Committee as requested and as necessary and appropriate in furtherance of the

interests of the unsecured creditors of the Debtors' estates.  The variety and complexity of these

cases and the need to act or respond on an expedited basis in furtherance of the Committee's

needs have required the expenditure of substantial time by personnel from several legal

disciplines, on an as-needed basis, including in certain instances, working into the evening and

on weekends.

12.      Stroock maintains written records of the time expended by attorneys and

paraprofessionals in the rendition of their professional services to the Committee.  Such time

records were made contemporaneously with the rendition of services by the person rendering

such services and in the ordinary course of Stroock's practice, and are presented in compliance

with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001.  A compilation

showing the name of the attorney or paraprofessional, the date on which the services were

performed, a description of the services rendered, and the amount of time spent in performing the

4

services during the Second Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Second Monthly Period, their normal hourly rates, and the value of their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Second Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention immediately.

### (i)      Case Administration/General – Category 0002

16.     During the Second Monthly Period, Stroock attended to the preparation of bylaws to govern the Committee, solicited comments from the Committee regarding these bylaws, and circulated draft modifications to the Committee. These bylaws were adopted by the Committee on May 22, 2001. Stroock also prepared forms of confidentiality agreements for execution by

5

members of the pre-petition revolving credit bank group and by Wells Fargo Bank Minnesota, N.A., which entity subsequently succeeded The Bank of New York as indenture trustee for Grace's 8% Notes due 2004

17.    Stroock reviewed each of the motions filed by the Debtors with the Court during this Second Monthly Period, drafted memoranda to the Committee summarizing the relief requested by them, analyzed the legal issues, where appropriate, and provided recommendations on the motions to the Committee. In addition, the Committee had raised issues with certain of the first day motions filed by the Debtors, which had not been resolved during the First Monthly Period. With respect to those matters, Stroock continued to negotiate the issues or forms of proposed orders, as applicable, with the Debtors and other parties on behalf of the Committee, to resolve those matters consensually, if possible, and thus avert the need and expense of filing responsive pleadings.

18.    During this Second Monthly Period, Stroock coordinated the Committee's meeting and conference calls, and worked closely with the Committee's financial consultant, FTI/Policano & Manzo ("FTI P&M") to assist the Committee in evaluating, among other matters, the Debtors' employee retention programs, executive compensation plans, and key employee change of control agreements. Stroock has expended 31.7 hours on this category for a fee of $9,778.50.

### (ii)    Fee Application/Monthly Billing Reports -- 0003

19.    During the Second Monthly Period, Stroock prepared its First Fee Application including a narrative section summarizing the services rendered by Stroock and compiled and attach expense schedules. Stroock also assisted FTI P&M with the preparation of its first fee application, and prepared expense forms to be distributed and used by members of the

6

Committee in seeking reimbursement for their expenses. Stroock has expended 41.9 hours on this category for a fee of $9,685.00.

### (iii)    Asbestos Litigation – Category 0005

20.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Second Monthly Period, to thoroughly review the various pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those needing to be reviewed in connection with preparing for the Court hearing on the Debtors' preliminary injunction motion.

21.    In addition, during the Second Monthly Period, Stroock began to review proof of claim, bar date, and notice, forms and procedures approved in other major cases with substantial asbestos or other tort liabilities, in preparation for dealing in the near future with the same issues in these Chapter 11 cases. Stroock also began to analyze and discuss with the Committee its retention of experts to assist the Committee and the Court in evaluating the numerous issues surrounding the validity and quantification of asbestos claims. Stroock has expended 63.0 hours on this category for a fee of $28,721.50.

### (iv)    Retention of Professionals - Category 0006

22.    During the Second Monthly Period, Stroock assisted FTI P&M in the preparation of its own retention application as financial advisors to the Committee, and in connection therewith, engaged in numerous conference calls with representatives of FTI P&M, reviewed the

7

draft application and supporting affidavit, and proposed revisions to such documents. The

Debtors had filed a number of first day motions seeking the retention of various professionals

including The Blackstone Group, L.P., as their financial advisor. Stroock continued to discuss

the terms of employment of this professional with the Committee and engaged the Debtors and

representatives of The Blackstone Group in conversations aimed at resolving the objections the

Committee had to the timing, scope and terms of The Blackstone Group's retention. During the

Second Monthly Period, Stroock, the Debtors and representatives of The Blackstone Group

ultimately reached a consensual resolution of the terms of this professional's retention and

compensation which was reflected in the form of proposed order submitted to the Court. Stroock

has expended 26.0 hours on this category for a fee of $7,901.00.

(v)   <b>Creditors Committee Meetings/Conferences - Category 0007</b>

23.    Stroock held one in-person meeting, which included a presentation from the

Debtors on their operations, and one conference call with the full Committee during the Second

Monthly Period. Prior to each meeting and conference call with the Committee, Stroock

prepared and circulated an agenda, reviewed each pending matter, and all underlying

documentation in connection therewith. Thereafter, Stroock discussed each of these matters with

the Committee and assisted the members in formulating a position thereon. Through these

meetings, telephone conferences and correspondence, Stroock has assisted the Committee in

fulfilling its statutory duties to make informed decisions regarding the various issues which have

already arisen in these cases and to monitor closely the Debtors' management of these

proceedings. Stroock has expended 53.2 hours on this category for a fee of $25,008.00.

8

### (vi)    Court Hearings - Category 0008

24.    There was one hearing before the Court during the Second Monthly Period at which the Court heard argument and then approved the Debtors' preliminary injunction motion, held a hearing for final approval of the debtor-in-possession financing facility, and was presented with the parties stipulation resolving issues on the current payment of the Debtors' pre-petition trade payables.  Stroock attended and actively participated, as necessary, in the hearings before the Court.  In addition, Stroock also informed the Committee of the testimony given during the section 341 meeting of creditors held during the Second Monthly Period.  Stroock has expended 14.3 hours on this category for a fee of $5,991.50.

### (vii)    Executory Contracts/License Agreements – Category 0011

25.    During the Second Monthly Period, the Debtors circulated a draft to the Committee which provided proposed procedures for settlement of certain non-asbestos related claims.  These proposed procedures provided for settlement of claims according to a two-tiered system of claims classification, with different kinds of notice provided to third parties, including the Committee, according to the classification of the claims.  In connection with this proposed procedure, Stroock thoroughly reviewed the settlement procedures and discussed these with the Committee as well as with counsel for the Debtors.  Stroock also made recommendations to the Committee as to modifications believed necessary to the proposed procedures, especially with regard to the amount and sufficiency of notice of settlements given to third parties under the proposed procedures.  Ultimately, the Committee's issues were consensually resolved.

26.    Similarly, Stroock reviewed and reported to the Committee on the notices received from the Debtors stating their intention to reject certain executory contracts and un-expired leases.  Stroock has expended 3.1 hours on this category for a fee of $1,317.50.

9

### (viii)    Lift Stay Litigation - Category 0016

27.    During the prior period, a motion to lift the stay was filed by Paul Price on behalf of himself and as the aproposed representative of a class of plaintiffs involved in multi-district litigation currently pending against the Debtors in federal court.  The multi-district litigation asserts asbestos-related property damage claims against the Debtors' estates.  On April 25, 2001, this class of plaintiffs filed a motion for relief from the automatic stay which would enable the action to proceed against the Debtors.  In addition, at the very beginning of the Second Monthly Period, a motion was filed by Home Saving Termite Control and W. F. Morris to lift the stay so that movants could assert cross-claims for indemnity against Grace and pursue discovery against Grace in a pending pesticide exposure case.  Stroock, on behalf of the Committee, reviewed the lift stay motions and Debtors' positions thereon.  Stroock has expended 4.0 hours on this category for a fee of $1,497.50.

### (ix)    Erisa Issues – Category 0020

28.    Stroock continued to expend a substantial amount of time during the Second Monthly Period addressing various employment-related matters.  These matters included: (a) the relief sought in the extensive first day motion (the "Benefits Motion") and obtained from the Court in a first day order (the "Benefits Order") authorizing the Debtors to continue to pay their current, as well as former employees, independent contractors and directors, pre-petition (i) compensation, (ii) employee benefits, (iii) severance pay, (iv) workers' compensation benefits, and (v) retiree health and life insurance; (b) approval for certain key employee retention programs, including change of control programs for the Debtors' senior executives, interim approval for which had already been granted by the Court; and (c) the Debtors' request for authorization to assume employment agreements with eight of their senior executives.

SSL-DOCS1 1121762v2

29.     As reported in the First Fee Application, pursuant to Local Bankruptcy Rule 9013-2(e), Stroock prepared an extensive motion (the "Reconsideration Motion") requesting that the Court reconsider the Benefits Order to the extent it authorized the Debtors to pay Nonqualified Benefits to Former Employees and to fund the Rabbi Trusts. During the first days of the Second Monthly Period, Stroock finalized the Reconsideration Motion and prepared a proposed form of Order vacating the Benefits Order to the extent applicable.

30.     After filing of the Reconsideration Motion, Stroock and the Debtors continued to engage in discussions regarding the employment-related matters which were the subject of the Reconsideration Motion, and Stroock ultimately received a response from the Debtors to the Reconsideration Motion. Stroock prepared a memorandum to the Committee describing the Debtors' proposal, and thereafter discussed the proposal with the Committee.

31.     Also during the Second Monthly Period, Stroock expended substantial time thoroughly evaluating, with the assistance of FTI P&M, the Debtors' key employee retention programs and the terms of Grace's senior executives' employment contracts. In connection therewith, Stroock reviewed the retention programs documentation and the executives' employment agreements, worked closely with FTI P&M in its preparation of an extensive analysis of the Debtors' various retention programs and senior executive compensation packages, performed legal research and analysis on the Bankruptcy Code's treatment of severance claims and retirement benefits, and assisted the Committee in reaching a position on these matters. In addition, Stroock, on behalf of the Committee, negotiated and then reached an agreement with the Debtors to amend the change of control provisions present in the executives severance agreements. Stroock has expended 109.9 hours on this category for a fee of $42,108.00.

11

**(x)    Travel – Category 0025**

32.    During the Second Monthly Period, attorneys from Stroock traveled to and from Delaware in order to attend the Court's hearing held on May 2, 2001 and the Debtors' section 341 meeting.

## IV.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

33.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(A)    The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many complex issues encountered by the Committee with skill and dispatch.  Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends.  The services rendered by Stroock were performed efficiently, effectively and economically.

(B)    The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered.  In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

12

(C)    <u>The Skill Requisite to Perform the Legal Services Properly</u>.  Stroock

believes that its recognized expertise in the area of corporate reorganization, its

ability to draw from highly experienced professionals in other areas of Stroock's

practice, and its creative approach to the resolution of issues, are and will

continue to contribute to the maximization of the distributions to the Debtors'

unsecured creditors.

(D)    <u>The Preclusion of Other Employment by Applicant Due to Acceptance of</u>

<u>the Case</u>.  Due to the size of Stroock's insolvency department, Stroock's

representation of the Committee has not precluded its acceptance of new clients.

However, the volume of the matters needing attention on a continuing basis has

required several of the attorneys to commit significant portions of their time to

these cases.

(E)    <u>The Customary Fee</u>.  The fee sought herein is based upon Stroock's

normal hourly rates for services of this kind.  Stroock respectfully submits that the

fee sought herein is not unusual given the magnitude and complexity of these

cases and the time expended in attending to the representation of the Committee,

and is commensurate with fees Stroock has been awarded in other cases, as well

as with fees charged by other attorneys of comparable experience.

(F)    <u>Whether the Fee is Fixed or Contingent</u>.  Pursuant to §§ 330 and 331 of

the Bankruptcy Code, all fees sought by professionals employed under § 1103 of

the Code are contingent pending final approval by this Court, and are subject to

adjustment dependent upon the services rendered and the results obtained.

13

SSL-DOCS1 1121762v2

(G)    <u>Time Limitations Imposed by Client or Other Circumstances</u>.  As already

indicated, Stroock has been required to attend to the various issues arising in these

cases.  Occasionally, Stroock has had to perform those services under significant

time constraints requiring attorneys assigned to these cases to work evenings and

on weekends.

(H)    <u>The Amount Involved and Results Obtained</u>.  Through the efforts of

Stroock, the Committee has been an active participant in these Chapter 11 cases

from the very first days of its formation, and its assistance, as well as constructive

criticism, has greatly contributed to the efficient administration of these cases.

(I)    <u>The Experience, Reputation and Ability of the Attorneys</u>.  Stroock has one

of the largest and most sophisticated insolvency practices in the nation and has

played a major role in numerous cases of national import including:  <u>Acme

Metals, Inc.</u>, <u>Hillsborough Holdings Corporation</u>, <u>Laclede Steel Company</u>, <u>Gulf

States Steel, Inc. of Alabama</u>, <u>The LTV Corporation</u>, <u>Wheeling-Pittsburgh Steel

Corporation</u>, <u>Allis-Chalmers Corporation</u>, <u>The Charter Company</u>, <u>Federated

Department Stores</u>, <u>G. Heileman Brewing Company, Inc.</u>, <u>Burlington Motor

Holdings, Inc.</u>, <u>Metallurg, Inc.</u>, <u>Forstmann & Company, Inc.</u>, <u>Barneys, Inc.</u>,

<u>Fruehauf Trailer Corporation</u>, <u>Levitz Furniture Incorporated</u>, <u>The Columbia Gas

System, Inc.</u>, <u>JWP, Inc.</u>, <u>Planet Hollywood International</u> and <u>Anchor Glass

Container Corporation</u>.  Stroock's experience enables it to perform the services

described herein competently and expeditiously.  In addition to its expertise in the

area of corporate reorganization, Stroock has already frequently called upon the

14

expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship.  As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.     ALLOWANCE OF COMPENSATION

34.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

35.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate

15

compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

36.     The total time spent by Stroock attorneys and paraprofessionals during the Second Monthly Period was 373.70 hours.  Such services have a fair market value of $142,570.00[3].  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

37.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Second Monthly Period, their normal hourly rates, and the value of their services.

38.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $6,884.73 for which Stroock respectfully requests reimbursement in full.

39.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

40.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services

---

[3]   Pursuant to Delaware Local Rules 2016, Stroock has reduced its total compensation amount by $2,641.25, representing 50% of the total amount of Travel time billed at its normal hourly rate.

16

actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

41.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

42.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

43.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

44.     No prior application has been made in this or in any other Court for the relief requested herein for the Second Monthly Period.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)     the allowance of compensation for professional services rendered to the Committee during the period from May 1, 2001 through and including May 31, 2001 in the amount of $139,928.75;

(b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from May 1, 2001 through and including May 31, 2001 in the amount of $9,884.73; and

(c)     authorizing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the expenses incurred

17

by Stroock during the period from May 1, 2001 through and including May 31,

2001, subject to final payment of the full amount; and

(d)      granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
          June 29, 2001

                                        STROOCK & STROOCK & LAVAN LLP


                                        _____
                                        Lewis Kruger
                                        180 Maiden Lane
                                        New York, New York 10038-4982
                                        (212) 806-5400


                                        Co-Counsel for the Official Committee of
                                        Unsecured Creditors of W. R. Grace & Co.

18

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF NEW YORK   )

LEWIS KRUGER, being duly sworn, deposes and says:

1.        I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.        This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's second monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from May 1, 2001 through and including May 31, 2001 in the aggregate amount of $146,813.48.

19

SSL-DOCS1 1121762v2

3.          All services for which compensation is requested by Stroock were

professional services performed for and on behalf of the Committee from May 1, 2001 through

and including May 31, 2001 and not on behalf of any other person.

4.          In accordance with Title 18 U.S.C. Section 155, neither I nor any member or

associate of my firm has entered into any agreement, express or implied, with any other party-in-

interest for the purpose of fixing the amount of any of the fees or other compensation to be

allowed out of or paid from the Debtors' assets.

5.          In accordance with Section 504 of the Bankruptcy Code, no agreement or

understanding exists between me, my firm, or any member or associate thereof, on the one hand,

and any other person, on the other hand, for division of such compensation as my firm may

receive for services rendered in connection with these cases, nor will any division of fees

prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of

my firm.

_____
LEWIS KRUGER


Sworn to before me this
29 day of June, 2001


_____
Notary Public


ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

## STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

June 29, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through May 31, 2001 in
connection with the following matters:

|      |                                              | Hours  | Fees         |
|------|----------------------------------------------|--------|--------------|
| 0002 | General Case Administration                  | 31.70  | 9,778.50     |
| 0003 | Fee Application/Monthly Billing Reports       | 41.90  | 9,685.00     |
| 0004 | Review of Other Professionals Fee Application | 2.20   | 299.50       |
| 0005 | Asbestos Litigations                         | 63.00  | 28,721.50    |
| 0006 | Retention of Professionals                   | 26.00  | 7,901.00     |
| 0007 | Creditors Committee Meetings/Conferences     | 53.20  | 25,008.00    |
| 0008 | Court Hearings                               | 14.30  | 5,991.50     |
| 0010 | Post Petition Financing                      | 0.70   | 385.00       |
| 0011 | Executory Contracts/License Agreements       | 3.10   | 1,317.50     |
| 0012 | Claims Analysis/Claims Objection Process     | 1.00   | 425.00       |
| 0013 | Analysis of Pre-Petition Transactions        | 11.80  | 4,169.50     |
| 0016 | Lift Stay Litigation                         | 4.00   | 1,497.50     |
| 0020 | Erisa Issues                                 | 109.90 | 42,108.00    |
| 0025 | Travel                                       | 10.90  | 5,282.50     |
|      | Total                                        | 373.70 | $ 142,570.00 |
|      | Less Travel at 50% discount                  |        | $ 2,641.25   |
|      | **TOTAL**                                    |        | **$139,928.75** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038

June 29, 2001
Invoice: 236533

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through May 31, 2001, including:

RE:    **General Case Administration**
       **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/17/2001 | Review & maintained case files. | Defreitas, V. | 1.8 |
| 05/02/2001 | Preparation of correspondence to the U.S. Trustee re Committee's position on appointment of equity committee and office conference LK re same (1.5). | Krieger, A. | 1.5 |
| 05/02/2001 | T/c Kapp re stip and hearing (.1); t/c to Pachulski Stang re erros in Certification of no objection (.2). | Raskin, R. | 0.3 |
| 05/02/2001 | Prepare for and filing of motion to reconsider and retention of Stroock (2.7); conferences with A. Krieger re same (.4). | Serrette, R. | 3.1 |
| 05/02/2001 | Review and organize pending pleadings (.9). | Taruschio, A. | 0.9 |
| 05/04/2001 | E-mail to T. Meyers re Court hearing approving the DIP, service of documents, other (.1); review Debtors' base case financial projections (.2). | Krieger, A. | 0.3 |
| 05/04/2001 | O/c A. Krieger re misc. issues (.2); t/c L. Kruger re settlement issues (.3). | Raskin, R. | 0.5 |
| 05/04/2001 | Reviewed pleadings and docket (.2); update same (.1). | Serrette, R. | 0.3 |
| 05/08/2001 | Update Critical Date Calendar including review of pleadings (1.7); update contact list with retained professionals for the Asbestos Committee (.3). | Serrette, R. | 2.0 |
| 05/09/2001 | Telephone call with T. Maher regarding same (.3 hrs). | Kruger, L. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/09/2001 | Research and oc w/ A. Krieger re 502(b)(7) issue | Taruschio, A. | 4.7 |
| 05/11/2001 | Office conference RAR re entry of Blackstone retention order (.1); telephone call D. Carickhoff (Palchulski) re motion to vacate and need to contact court (.1); forward correspondence to D. Carickhoff (.1); memos from and to RAR re revised Committee By-Laws (.1); review Debtors' draft motion extending time to assume, assume and assign or reject unexpired leases, memo to RAR re same and then e-mail to R. Higgins notice of motion to non-debtor parties to leases (.5). | Krieger, A. | 0.9 |
| 05/11/2001 | Review letter from U.S. Trustee regarding request for equity committee. | Kruger, L. | 0.3 |
| 05/14/2001 | T/c J. Kapp re confidentiality agreement and email to Maher re same (.2), t/c Policano & Manzo re Kerp presentation (.2), Follow-up t/cs re status of Kerp (.3). | Raskin, R. | 0.7 |
| 05/15/2001 | Office conferences EH re supplemental conflicts check (including critical trade vendors, asbestos committee members to the extent not already done) (.3). | Krieger, A. | 0.3 |
| 05/15/2001 | T/c A. Krieger re Policano retention, by-laws and employee issues (.2), review memo to committee re proposed settlement of dip issues (.2). | Raskin, R. | 0.4 |
| 05/16/2001 | Worked on conflicts check. | Holzberg, E. | 1.9 |
| 05/16/2001 | Office conference with AK and RR and T. Maher) regarding retention program (.4 hrs); telephone call with I. Siegel of the Bank of New York regarding substitution of Wells Fargo and attendance at upcoming Creditors' meeting of Wells Fargo (. 2 hrs); telephone call with T. Maher regarding same (.2 hrs). | Kruger, L. | 0.4 |
| 05/16/2001 | Office conference with AK and RR and T. Maher) regarding retention program (.4 hrs); telephone call with I. Siegel of the Bank of New York regarding substitution of Wells Fargo and attendance at upcoming Creditors' meeting of Wells Fargo (. 2 hrs); telephone call with T. Maher regarding same (.2 hrs). | Kruger, L. | 0.4 |
| 05/16/2001 | Follow-up with A. Krieger re agenda, etc. (.3), review Katchen affidavit (.2), t/c W. Katchen re same (.1), t/c Katchen and Sikes re retention (.2). | Raskin, R. | 0.8 |
| 05/17/2001 | Review of debtor's proposal for Omnibus settlement procedure (.4 hrs). | Kruger, L. | 0.4 |
| 05/18/2001 | Discussion with F. Monaco re Zhagrus settlement of | Krieger, A. | 0.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

claim with Debtors (.5).

| 05/18/2001 | Conf. call Wintner and P&M re follow-up (.3), t/c to counsel to retirees re extension of time regarding motion to reconsider (.2). | Raskin, R. | 0.5 |
| 05/20/2001 | Review Zhagrus settlement stipulation (.4). | Krieger, A. | 0.4 |
| 05/21/2001 | t/c J. Kapp re Blackstone retention (.2); t/c L. Kruger re same (.1), review confidentiality agreements (.2). | Raskin, R. | 0.5 |
| 05/22/2001 | Attended to files (1.3); review pre-petition revolving credit agreement (.7); correspondence to L. Miller re confidentiality agreement (.1). | Krieger, A. | 2.1 |
| 05/23/2001 | Continue preparation of Committee Expense Report (1.1); review administrative order outline same (.5). | Serrette, R. | 1.6 |
| 05/23/2001 | Tc with M. Sasson regarding pleadings (.2 ); draft section  regarding lift stay litigation (.8). | Taruschio, A. | 1.0 |
| 05/24/2001 | T/c L. Kruger re t/c from Sprayregen and t/c to T. Maher re same (.3), t/c J. Kapp re same and settlement issues (.2), review proposed language re change of control (.3), t/c A. Krieger re same (.2). | Raskin, R. | 1.0 |
| 05/24/2001 | Reviewed documents and pleadings. | Taruschio, A. | 0.6 |
| 05/25/2001 | Review documents and pleadings (1.1 hrs); assist in filing fee applications (.3 hrs). | Taruschio, A. | 1.4 |
| 05/31/2001 | Telephone call with J. Bear of Kirkland & Ellis regarding further injunctive relief. | Kruger, L. | 0.2 |
| 05/31/2001 | Follow-up re Stroock retention, blackstone and employee issues with A. Krieger (.3), t/c J. Kapp re same (.2). | Raskin, R. | 0.5 |
| 05/31/2001 | Update Calendar (.8); review docket (.2). | Serrette, R. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Page: 4

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 1.8 | $ 90 | $ 162.00 |
| Holzberg, Ethel | 1.9 | 145 | 275.50 |
| Krieger, Arlene | 6.0 | 425 | 2,550.00 |
| Kruger, Lewis | 2.0 | 650 | 1,300.00 |
| Raskin, Robert | 5.2 | 550 | 2,860.00 |
| Serrette, Rosemarie | 8.0 | 130 | 1,040.00 |
| Taruschio Anna | 8.6 | 185 | 1,591.00 |

Total For Professional Services Rendered    $ 9,778.50

**Total for this Matter**    $ 9,778.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Fee Application/Monthly Billing Reports**
       **699842. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/07/2001 | Review April review in preparation for fee application. | Serrette, R. | 1.1 |
| 05/17/2001 | Further review and edits to fee summaries and disbursement schedule in preparation for fee application. | Serrette, R. | 2.0 |
| 05/18/2001 | Edits to fee and expense schedules; prepare Fee Application cover sheet; conference with A. Taruschio re services and edits to Fee Application. | Serrette, R. | 2.6 |
| 05/18/2001 | Prepare fee application: review past fee apps, local rules, federal bankruptcy rules, oc w/ R. Serrette re same. | Taruschio, A. | 1.5 |
| 05/20/2001 | Prepare fee application (1.2) | Taruschio, A. | 1.2 |
| 05/21/2001 | Draft fee application: review time records, prepare descriptions of individual matter numbers, oc w/ R. Serrette re same | Taruschio, A. | 5.4 |
| 05/22/2001 | Review and update schedules to fee application edit to fee application narrative and include amounts. | Serrette, R. | 3.0 |
| 05/22/2001 | Review pleadings (.9); prepare fee application (4.3); oc w/ R. Serrette re same (.5). | Taruschio, A. | 5.7 |
| 05/23/2001 | Review time records for preparation of revised form of fee application (2.6); t/c C. MacCullum re: preparation of Polcano & Manzo fee application (.4). | Krieger, A. | 3.0 |
| 05/23/2001 | Review local rules (.4 ); input changes (.2 ); office conference with AK regarding same (.3 ); forward documentation regarding fee application to AK (.3 ). | Taruschio, A. | 1.2 |
| 05/24/2001 | Prepare revised fee application (3.4); telephone calls C. MacCallum and Ed Ordway re preparation of Policano & Manzo's fee application(.4); office conference (.4); office conference A. Taruschio re preparation of supplemental affidavit (.1). | Krieger, A. | 4.3 |
| 05/24/2001 | Review fee application. | Raskin, R. | 0.4 |
| 05/25/2001 | Preparation of final form of fee application and office conferences RS re same (1.6). | Krieger, A. | 1.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 05/25/2001 | Preparation of the Application for filing and service (1.7); prepare Committee expense forms to be distributed to Committee members for submission for reimbursement (1.3). | Serrette, R. | 3.0 |
| 05/29/2001 | Office conferences RS re finalize form of fee application. | Krieger, A. | 0.8 |
| 05/29/2001 | Further edits to fee application and exhibits to same: conference with A. Krieger re filing procedures and impending retention order (.2). | Serrette, R. | 1.2 |
| 05/30/2001 | Review administrative fee order (.1); memos to M. Lastowski, RAR, RS re filing and submission of SSL fee application (.2); office conference RS re service of fee application (.1); telephone call John Weiss re filing of fee application and service of same (.3). | Krieger, A. | 0.7 |
| 05/30/2001 | Service of Stroock fee application. | Serrette, R. | 1.3 |
| 05/30/2001 | Review docket for entry of order retaining Stroock (.2); prepare service list for fee application (.4); conferencess with R. Raskin and A. Krieger re same (.2). | Serrette, R. | 0.8 |
| 05/31/2001 | Review administration fee orders and Grace notice forwarded by John Weiss (Duane Morris) (.2); office conferences RS and discussion with John Weiss regarding same (.3); telephone call M. Lastowski re notice of application (.1). | Krieger, A. | 0.6 |
| 05/31/2001 | Review and conference with A. Krieger re form of notice of fee application (.3.) conference with Local Counsel re same (.2). | Serrette, R. | 0.5 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Krieger, Arlene | 11.0 | $ 425 | $ 4,675.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Serrette, Rosemarie | 15.5 | 130 | 2,015.00 |
| Taruschio Anna | 15.0 | 185 | 2,775.00 |
| | | **Total For Professional Services Rendered** | $ 9,685.00 |
| | | **Total for this Matter** | $ 9,685.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**    **Review of Other Professionals Fee Application**
         **699842. 0004**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/24/2001 | Telephone conferences re: Filing Fee Applications; discussion with AGK and L.I.; telephone conference Polecano and Manzo. | Holzberg, E. | 0.9 |
| 05/25/2001 | Review of draft of Policano and Manzo's fee application (.6); telephone conference with C. MacCallum re same (.2). | Serrette, R. | 0.8 |
| 05/29/2001 | Follow up conference with C. MacCallum re draft fee application. | Serrette, R. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Holzberg, Ethel | 0.9 | $ 145 | $ 130.50 |
| Serrette, Rosemarie | 1.3 | 130 | 169.00 |
| | | Total For Professional Services Rendered | $ 299.50 |

Total for this Matter         $ 299.50

RE:     **Asbestos Litigations**
        **699842. 0005**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 04/24/2001 | Review letter, motion papers; local rules; t/c R. Raskin re: conference call, first day orders; t/c A. Krieger, K. Pasquale re: same debtors; PI/TRO motions; t/c K. Pasquale re: same. | Sasson, M. | 1.5 |
| 05/01/2001 | Telephone call with P. Lockwood of Caplin & Drysdale regarding asbestos litigants view on extension of preliminary injunction for short time to evaluate fraudulent transfer issues. | Kruger, L. | 0.3 |
| 05/01/2001 | T/c L. Kruger re conversation with asbestos committee (.2). | Raskin, R. | 0.2 |
| 05/02/2001 | Telephone call with D. Rosenbloom regarding court hearing on preliminary injunction (.2 hrs). | Kruger, L. | 0.2 |
| 05/02/2001 | Review various pleadings related to preliminary injunction and t/c counsel to defendant re debtors proposed order (.2), review debtors proposed order and supplemental memo (.3), o/c M. Sasson re hearing (.3). | Raskin, R. | 0.8 |
| 05/02/2001 | Review debtors reply papers (.4); o/c R. Raskin re: same (.3). | Sasson, M. | 0.7 |
| 05/03/2001 | Office conference M. Sasson re Court's issue of preliminary injunction and discussion regarding prosecution of fraudulent conveyance litigation (.1); review asbestos litigation related documentation, pleadings (2.4). | Krieger, A. | 2.5 |
| 05/04/2001 | Office R. Raskin re review of asbestos litigation documentation and class action issues (.1); office conference RS re Babcock & Wilcox, Dow Corning docket (.1); review debtors' information brief and internet for information on comparable asbestos driven chapter 11 filing (3.4). | Krieger, A. | 3.6 |
| 05/04/2001 | Office conference with RR regarding discussion of asbestos issues. | Kruger, L. | 0.4 |
| 05/04/2001 | T/c L. Kruger re misc. issues, review information of brief and background asbestos issues. | Raskin, R. | 1.5 |
| 05/06/2001 | Review Dow Corning, Babcock Wilcox and other case law and Rules 2001 re Class proofs of Claim, | Krieger, A. | 3.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | application of Fed Rule 23 and other related provisions (3.6). | | |
| 05/07/2001 | Reviewed fraudulent transfer complaint, Abner plaintiffs pleadings and other related proceedings (2.8); reviewed Babcock & Wilcox docket re asbestos claim procedures, other asbestos cases procedures (2.6). | Krieger, A. | 5.4 |
| 05/07/2001 | Attention to additional pleadings re debtor's injunction motion (1.0) | Pasquale, K. | 1.0 |
| 05/08/2001 | Meeting with RAR, K. Pasquale, MS re fraudulent transfer, asbestos claims issues, procedures (1.0). | Krieger, A. | 1.0 |
| 05/08/2001 | Office conference with RR, K. Pasquale and AK regarding asbestos issues (.2 hrs). | Kruger, L. | 0.2 |
| 05/08/2001 | Meeting re asbestos issues (1.5) | Pasquale, K. | 1.5 |
| 05/08/2001 | Review background material and meeting interoffice re asbestos issues. | Raskin, R. | 2.5 |
| 05/08/2001 | REsearch class-action contingency fees in bankruptcy cases; (.5); o/c K. Pasquale, L. Kruger, A. Krieger, R. Raskin re: various outstanding issues (2.0); o/c K. Pasquale re: research issues (.3). | Sasson, M. | 2.8 |
| 05/09/2001 | Office conference RS re identification of asbestos-litigation related documentation, and other comparable recent cases (.5); case law review of bar date, estimation and other precedents regarding asbestos cases (3.8); review Debtors' 10K and other SEC filings re asbestos claims discussion insurance company settlement, related information (1.0). | Krieger, A. | 5.3 |
| 05/10/2001 | Dow Corning documentation re claims estimation, proof of claim and other motions (.8). | Krieger, A. | 0.8 |
| 05/10/2001 | Attention to potential asbestos expert issues (.6) | Pasquale, K. | 0.6 |
| 05/11/2001 | R/c R. Raskin re: research (.2); research GAF, RICO litigation (1.0); o/c G. Malpeli re: expert witness files (.3). | Sasson, M. | 1.5 |
| 05/14/2001 | Attention to issues re personal injury committee consultants (.6) | Pasquale, K. | 0.6 |
| 05/14/2001 | Review various filings, pleadings in case. | Sasson, M. | 0.7 |
| 05/15/2001 | Review documentation from Babcock & Wilcox re asbestos claim related procedures (5.2); correspondence from Kirkland& Ellis re modifications | Krieger, A. | 5.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

to the preliminary injunction issued by the Court (.1).

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/16/2001 | M. Sasson - Obtain NYLJ article from 1/01: Asbestos & Civil Rico | Kaufman, E. | 0.2 |
| 05/16/2001 | Review asbestos claim related documentation (2.6). | Krieger, A. | 2.6 |
| 05/16/2001 | Review memo re: motion for consideration; library re: GAF litigation; (.8); t/c A. Krieger re: pleadings in other mass tort bankruptcy case (.2). | Sasson, M. | 1.0 |
| 05/17/2001 | Attention to potential experts (epidimiologists) (.4); attention to asbestos personal injury bar date and proof of claim issues (.3) | Pasquale, K. | 0.7 |
| 05/21/2001 | Continue to review proof of claim forms procedures (2.1); office conference K. Pasquale re employment of epidemiologist, actuaries, other experts in connection with asbestos claim litigation (.5). | Krieger, A. | 2.6 |
| 05/21/2001 | Attention to potential expert witnesses and review of materials (deposition transcripts, articles) on epidemiologists and asbestos estimation consultans (3.0) | Pasquale, K. | 3.0 |
| 05/21/2001 | Review court filings, GI holdings lawsuit/docket sheet, expert witness files (1.5); t/c K. Pasquale re: same (.3). | Sasson, M. | 1.8 |
| 05/29/2001 | Office conference K. Pasquale re 5/29/01 meeting with the Company to discuss asbestos-related procedures (.1); telephone call R. Higgins re NY meeting among professionals and then office conference K. Pasquale re same (.1) | Krieger, A. | 0.2 |
| 05/29/2001 | Conference at Kirkland & Ellis with K. Pasquale, J. Sprayregan and D. Bernick regarding asbestos issues, etc. | Kruger, L. | 2.3 |
| 05/29/2001 | Prepration for and meeting with debtors' counsel re litigation plan and issues (4.0); attention to possible experts and consultants to committee on asbestos litigation issues (1.2) | Pasquale, K. | 5.2 |
| 05/30/2001 | Office conference K. Pasquale re 5/20/01 meeting with the Debtors regarding asbestos litigation (.1); telephone call J. Kapp re asbestos litigation (.1). | Krieger, A. | 0.2 |
| 05/31/2001 | Office conference K. Pasquale re asbestos litigation and Debtors motion to modify preliminary injunction (.2). | Krieger, A. | 0.2 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Kaufman, Eric | 0.2 | $ 120 | $ 24.00 |
| Krieger, Arlene | 33.3 | 425 | 14,152.50 |
| Kruger, Lewis | 3.4 | 650 | 2,210.00 |
| Pasquale, Kenneth | 12.6 | 475 | 5,985.00 |
| Raskin, Robert | 5.0 | 550 | 2,750.00 |
| Sasson, Moshe | 10.0 | 360 | 3,600.00 |

Total For Professional Services Rendered   $ 28,721.50

**Total for this Matter**   $ 28,721.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Retention of Professionals**
       **699842. 0006**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Review final conflict check info; o/c w/ J. Tanenbaum re same; review final retention papers (1.9). | Taruschio, A. | 1.9 |
| 05/02/2001 | Office conference RS re service and filing of retention application and M. Lastowski re same (.1). | Krieger, A. | 0.1 |
| 05/02/2001 | O/cs A. Taruschio and numerous t/c re errors related to Blackstone retention (.3). | Raskin, R. | 0.3 |
| 05/07/2001 | Review Debtors motion to retain Pitney Hardin firm as special counsel. | Krieger, A. | 0.5 |
| 05/08/2001 | T/cs with J. Kapp re conversation re Blackstone retention, t/c L. Kruger re committee meeting and schedule. | Raskin, R. | 0.3 |
| 05/09/2001 | Office conference RS re memo to the Committee regarding request for expenses (.1); review draft retention pleadings for P&M and office conference RAR re same (.9). | Krieger, A. | 1.0 |
| 05/09/2001 | Office conference with RR; telephone call with J. Kapp and P. Zilly regarding issue of Blackstone retention under328 and fee structuring (.6 hrs). | Kruger, L. | 0.6 |
| 05/09/2001 | Review P & M retention papers (.4), conf. call Kruger, Zilly and Kapp re Blackstone retention (.7), follow-up t/c T. Maher re same (.2); t/c J. Kapp re follow-up (.2). | Raskin, R. | 1.5 |
| 05/10/2001 | Telephone call S. Cunningham re revisions to P&M retention application (.2); telephone call C. MacCallum re same (.1). | Krieger, A. | 0.3 |
| 05/11/2001 | Review revised P&M retention pleadings, prepared order and telephone calls C. MacCallum re same (.8); office conference A. Taruschio re finalize P&M retention pleadings on 5/14/01 (.3); office conference A.Taruschio re preparation of ordinary course professionals schedule (.1).. | Krieger, A. | 1.2 |
| 05/11/2001 | Review of Policano & Manzo's retention pleading. | Kruger, L. | 0.3 |
| 05/11/2001 | Review by-laws and respond to A. Krieger (.3), t/c D. Carickhoff re Blackstone order (.2), t/c M. Zalinski re Blackstone retention (.2). | Raskin, R. | 0.7 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| 05/14/2001 | O/c w/ A. Kriege, retention papers for committee financial advisors. | Taruschio, A. | 2.1 |
| 05/15/2001 | Review of Policano & Manzo retention application. | Kruger, L. | 0.2 |
| 05/15/2001 | Preparation of P&M retention papers (1.6). | Taruschio, A. | 1.6 |
| 05/16/2001 | Review Katchen affidavit and conference with RAR, W. Katchen re same (.3); review of revised affidavit and telephone calls with Katchen re same (.5); office conference A.T and RS submission of P&M application to the Court (.2). | Krieger, A. | 1.0 |
| 05/16/2001 | Prepare for filing and service of Policano & Manzo retention documents; conference with Duane Morris re same; prepare certificate of good standing for Pro Hac vice motions. | Serrette, R. | 1.7 |
| 05/17/2001 | Review proposed application of Committee to retain Duane Morris, revised affidavit and proposed form of order re same (.6); telephone calls M. Melvin re comments to the pleadings and proposed form of order (.5); memos to and from RAR re retention pleadings (.1). | Krieger, A. | 1.2 |
| 05/18/2001 | prepare summary of special counsel retention motion for committee | Taruschio, A. | 1.9 |
| 05/21/2001 | Office conferences RAR re Blackstone retention and proposed form of order (.1); review proposed form of order, administrative compensation order (.2). | Krieger, A. | 0.3 |
| 05/22/2001 | Telephone call M. Melvin re preparation of certificate of no objection on SSL retention application (.1). | Krieger, A. | 0.1 |
| 05/23/2001 | T/c J. Kapp re Blackstone retention and proposed settlement of wage issues (.4), follow-up t/c Kapp re same (.2). | Raskin, R. | 0.6 |
| 05/23/2001 | Office conference with EH regarding supplemental conflicts affidavit (.4 hrs); review of supplemental affidavit forms (.3 hrs); telephone call with Stroock attorneys regarding conflict check (.4 hrs); preparation of supplemental affidavit (.3 hrs). | Taruschio, A. | 1.4 |
| 05/24/2001 | Draft supplemental affidavit for Lewis Kruger. | Taruschio, A. | 2.5 |
| 05/24/2001 | Reviewed changes to First Fee Application (.3 hrs); prepared supplemental Kruger disclosure affidavit (1.9 hrs). | Taruschio, A. | 2.2 |
| 05/25/2001 | Discussion with A. Taruschio re: Supplemental | Holzberg, E. | 0.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Affidavit.

| 05/29/2001 | Retention applications for Bilzin, Sumbberg and Ferry & Joseph firms as counsel to the asbestos property damage Committee (.3). | Krieger, A. | 0.3 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Holzberg, Ethel | 0.2 | $ 145 | $ 29.00 |
| Krieger, Arlene | 6.0 | 425 | 2,550.00 |
| Kruger, Lewis | 1.1 | 650 | 715.00 |
| Raskin, Robert | 3.4 | 550 | 1,870.00 |
| Serrette, Rosemarie | 1.7 | 130 | 221.00 |
| Taruschio Anna | 13.6 | 185 | 2,516.00 |

Total For Professional Services Rendered    $ 7,901.00

Total for this Matter    $ 7,901.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Creditors Committee Meetings/Conferences**
       **699842. 0007**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Committee conference call re employee-benefits-related issues, pending matters to be heard on 5/3/01, request to the US Trustee to appoint an equity Committee, proposal to resolve trade payables issues (1.0). | Krieger, A. | 1.0 |
| 05/01/2001 | Telephone call with creditors committee with respect to pre-petition vendor payments, employee and retiree benefits, employee interests, DIP financing and motion before court. | Kruger, L. | 1.1 |
| 05/01/2001 | Creditors Committee meeting (telephone ) (1.0) | Pasquale, K. | 1.0 |
| 05/01/2001 | Prepare for and attend conf. call of the committee. | Raskin, R. | 1.0 |
| 05/01/2001 | Review by-law draft (.3). | Raskin, R. | 0.3 |
| 05/01/2001 | Creditors' committee telephone conference call. (1.0); telephone conference call with Rob Raskin and Arlene Krieger following up on creditors' committee decisions (0.2). | Wintner, M. | 1.2 |
| 05/02/2001 | Began to review draft by-laws for the Committee (.4). | Krieger, A. | 0.4 |
| 05/03/2001 | Preparation of draft by-laws for Committee and memorandum to the Committee re same. | Krieger, A. | 1.2 |
| 05/03/2001 | Telephone call with J. Sprayregan regarding meeting with debtor, committee, meeting among debtors and committee professionals to consider asbestos issues and strategy (.3 hrs.). | Kruger, L. | 0.3 |
| 05/04/2001 | Office conference with RR regarding discussion of committee, debtor meeting and agenda therefor. | Kruger, L. | 0.7 |
| 05/04/2001 | T/c J. Kapp re creditors committee meeting scheduling (.1). | Raskin, R. | 0.1 |
| 05/07/2001 | Telephone call with T. Maher regarding meeting with committee, debtor and proposed agenda (.3 hrs); telephone call with J. Sprayregan regarding same (.2 hrs). | Kruger, L. | 0.5 |
| 05/08/2001 | Telephone call with J. Sprayregan regarding meeting with debtor and agenda (.2 hrs). | Kruger, L. | 0.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/09/2001 | Telephone call with T. Maher regarding creditors' meeting and agenda (.3 hrs). | Kruger, L. | 0.3 |
| 05/09/2001 | T/c M. Chehi re comments to by-laws. | Raskin, R. | 0.3 |
| 05/10/2001 | Revise By-Laws to reflect members comments (.5). | Krieger, A. | 0.5 |
| 05/11/2001 | T/c J. Kapp re agenda for committee meeting and misc. issues (.3). | Raskin, R. | 0.3 |
| 05/15/2001 | Memorandum to the Committee re revised proposed By-Laws (.2). | Krieger, A. | 0.2 |
| 05/16/2001 | Prepare confidentiality agreement for Bank Group members (1.2) memos from Committee members re Committee By-Laws. (.1). | Krieger, A. | 1.3 |
| 05/16/2001 | Conf. call with Maher, Krieger, Wintner, Keppler, Cunningham re employees issues (.6), t/cs J. Kapp re committee meeting and conf. call re employee issues (.3). | Raskin, R. | 0.9 |
| 05/17/2001 | Review Confidentiality Agreement to reflect RAR comments and forward same to T. Maher (.5); telephone call C. Litsey re Wells Fargo attendance at 5/22/01 Committee meeting (.4); prepare revised form of confidentiality agreement for Wells Fargo (1.5); memo to T. Maher re revised bank group confidentiality agreement; (.1); memo to RAR re form of confidentiality agreement for Wells Fargo and comments (.1); office conference L. Kruger re Wells Fargo attendance at Committee meeting (.1). | Krieger, A. | 2.7 |
| 05/17/2001 | Office conference with AK; telephone call with C. Litsey of Wells Fargo regarding attendance at Creditors' meeting and confidentiality agreement (.3 hrs). | Kruger, L. | 0.3 |
| 05/18/2001 | Telephone call R. Higgins re Wells Fargo attendance at 5/22/01 committee meeting (.1); telephone call L. Miller (Wells Fargo) re Confidentiality Agreement (.1). | Krieger, A. | 0.2 |
| 05/18/2001 | Prepare memo and agenda for committee meeting (.4); distribution to members (.3); conferences with A. Krieger and R. Raskin re same (.2). | Serrette, R. | 0.9 |
| 05/20/2001 | Review Committee meeting memorandum (.2). | Krieger, A. | 0.2 |
| 05/21/2001 | Office conference RAR re Wells Fargo confidentiality agreement (.1); revise confidentiality agreement and prepared memorandum to L. Miller, Debtors re same (.8); telephone call L. Miller re confidentiality | Krieger, A. | 2.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

|  |  |  |  |
|---|---|---|---|
|  | agreement (.1);  telephone calls R. Higgins re modifications to confidentiality agreement (.2); review Bank of New York resignation agreement and related correspondence to F. Perch (.5); preparation of materials for 5/22/01 Committee meeting (.6). |  |  |
| 05/21/2001 | Review of agenda for creditors meeting (.2 hrs); telephone call with T. Maher regarding same (.2 hrs); telephone call with I. Segal of the Bank of New York regarding attendance of meeting by successor Trustee and Wells Fargo and the need for a confidentiality agreement (.3 hrs); telephone call with Wells Fargo regarding same (.2 hrs); telephone call with J. Akre of First Union regarding meeting (.2 hrs); telephone call with K. Howland of Wachovia regarding agenda (.2 hrs). | Kruger, L. | 1.3 |
| 05/21/2001 | Prepare for Committee meeting. | Serrette, R. | 1.1 |
| 05/22/2001 | Prepared for and attended Creditors' Committee meeting at the offices of JP Morgan Chase (4.3). | Krieger, A. | 4.3 |
| 05/22/2001 | Creditors' Committee meeting with debtor in which debtor reviewed its business lines, financial performance, asbestos issues, employee issues, and Chapter 11 prospects (2.3 hrs); Creditors' Committee meeting regarding employee issues, debtor's presentation, asbestos issues and financial matters (2.1 hrs). | Kruger, L. | 4.4 |
| 05/22/2001 | Preparation for and attended creditors' committee meeting (5.5) | Pasquale, K. | 5.5 |
| 05/22/2001 | Prepare for and attend meeting with Debtors at Chase and follow-up re same. | Raskin, R. | 5.0 |
| 05/22/2001 | Attend Creditors Committee meeting (3.0). | Wintner, M. | 3.0 |
| 05/23/2001 | Correspondence to L. Miller re Wells Fargo Confidentiality Agreement (.2); telephone call Tom Maher re Confidentiality Agreement for the Bank parties to the pre-petition revolving credit facility (.3); reviewed pre-petition credit facilities and then prepare revised draft Confidentiality Agreement (2.8). | Krieger, A. | 3.3 |
| 05/25/2001 | Telephone calls R.Higgins re sign-off on form of Confidentiality Agreement for the Bank Group (.1); revise Bank Group Confidentiality Agreement (.3); forward Wells Fargo Agreement to R. Higgins (.2); memo to T. Maher re Debtors' sign-off on Confidentiality Agreement (.2); e-mail to M. Lastowski re Matt Zaleski inquiry on KERP (.1). | Krieger, A. | 0.9 |
| 05/29/2001 | Memo to A. Taruschio re preparation of memo to the | Krieger, A. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Committee summarizing outstanding motions (.3).

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/29/2001 | Review proposed retention application for Wallace King as special litigation counsel; telephone call R. Higgins re same; (.3) and confidentiality agreements for the Bank Group and Committee members (.8); memo to RAR, LK, KP re request for execution of confidentiality agreement by Committee members (.1). | Krieger, A. | 1.2 |
| 05/29/2001 | Review and summarize motions for creditors' committee (1.2 hrs); office conference with AK regarding same (.4 hrs). | Taruschio, A. | 1.6 |
| 05/30/2001 | Office conference with A. Krieger regarding summary of lease rejection procedures and review of same (.5 hrs); summarize pending motions regarding retention of counsel for Asbestos Committee and Property Damage Committee and lease rejection (1.2 hrs). | Taruschio, A. | 1.7 |
| 05/31/2001 | Office conference  RAR re discussion with J. Kapp regarding confidential agreement and forward applicable provisions of the By-Laws to J.Kapp (.2). | Krieger, A. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 20.2 | $ 425 | $ 8,585.00 |
| Kruger, Lewis | 9.1 | 650 | 5,915.00 |
| Pasquale, Kenneth | 6.5 | 475 | 3,087.50 |
| Raskin, Robert | 7.9 | 550 | 4,345.00 |
| Serrette, Rosemarie | 2.0 | 130 | 260.00 |
| Taruschio Anna | 3.3 | 185 | 610.50 |
| Wintner, Mark | 4.2 | 525 | 2,205.00 |

Total For Professional Services Rendered    $ 25,008.00

Total for this Matter    $ 25,008.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Court Hearings**
       **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/02/2001 | Prepare for hearing (5/3/01) including review of pleadings and docket (1.9); conferencs with R. Raskin re same (.2). | Serrette, R. | 2.1 |
| 05/03/2001 | Office conference with RR regarding court hearing results (.3 hs). | Kruger, L. | 0.3 |
| 05/03/2001 | Attend hearing re preliminary injunction, dip financing, stipulation with trade vendors etc. (4.0). | Raskin, R. | 4.0 |
| 05/04/2001 | Conference with R. Raskin re status of hearing (.2). | Serrette, R. | 0.2 |
| 05/18/2001 | Attended Section 341 meeting (1.5). | Krieger, A. | 1.5 |
| 05/20/2001 | Prepare draft memorandum re section 341 meeting testimony (3.8). | Krieger, A. | 3.8 |
| 05/21/2001 | Review and revise memo re testimoney given by Debtors' representatives at Section 341 meeting of creditors and review Debtors recent 10Q! in connection therewith (2.2). | Krieger, A. | 2.2 |
| 05/21/2001 | Review memo re 341 meeting (.2). | Raskin, R. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 7.5 | $ 425 | $ 3,187.50 |
| Kruger, Lewis | 0.3 | 650 | 195.00 |
| Raskin, Robert | 4.2 | 550 | 2,310.00 |
| Serrette, Rosemarie | 2.3 | 130 | 299.00 |

Total For Professional Services Rendered     $ 5,991.50

Total for this Matter     $ 5,991.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Post Petition Financing**
        **699842. 0010**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | T/c to D. Bacon re dip issues. | Raskin, R. | 0.2 |
| 05/02/2001 | Review revised dip order (.4), t/c to D. Bacon re same (.1). | Raskin, R. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Raskin, Robert | 0.7 | $ 550 | $ 385.00 |

Total For Professional Services Rendered     $ 385.00

**Total for this Matter**     $ 385.00

RE:    **Executory Contracts/License Agreements**
       **699842. 0011**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/17/2001 | Review Debtors' draft motion for omnibus claims settlement procedure and prepare memorandum describing same and comments thereto (1.0); memos from and to K. Pasquale, RAR re above (.2). | Krieger, A. | 1.2 |
| 05/29/2001 | Review lease rejection notice re 1750 Clint More Road, Florida premises (.1) ;review motion to extend time to assume, reject non-residential property leases (.1). | Krieger, A. | 0.2 |
| 05/30/2001 | Office conference AT re lease rejection notice (.2); telephone call J. Kapp re motion establishing omnibus claims settlement procedures and prepare memorandum re proposed response  to procedures (1.0). | Krieger, A. | 1.2 |
| 05/31/2001 | Memos to and from RAR, K. Pasquale re Debtors' draft motion establishing omnibus settlement procedures and response thereto (.5). | Krieger, A. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 3.1 | $ 425 | $ 1,317.50 |

Total For Professional Services Rendered    $ 1,317.50

**Total for this Matter**    $ 1,317.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Claims Analysis/Claims Objection Process**
       **699842. 0012**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/21/2001 | Telephone call S. Schwartz (K&E) re draft motion establishing claims settlement procedures (.5); memo re Zhagrus settlement agreement (.5). | Krieger, A. | 1.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 1.0 | $ 425 | $ 425.00 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | $ 425.00 |

| | | |
|---|---|---|
| **Total for this Matter** | | $ 425.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:** **Analysis of Pre-Petition Transactions**
**699842. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Conference call RAR, J. Kapp re Committee's position on trade payables issues and preparation of stipulation regarding same (.5); follow-up office conferences A. Taruschio re preparation of stipulation and terms of proposal (.6). | Krieger, A. | 1.1 |
| 05/01/2001 | Review memos re vendor issues from Policano & Manzo (.4), review memo re employee issues (.4), t/c S. Cunningham re vendor issues (.2), t/c T. Maher re conf. call and misc. issues (.2), conf. call J. Kapp, S. Cunningham and A. Krieger re proposal re vendor issues (.3), t/c to DPW re extension of time and substance of proposed settlement (.2). | Raskin, R. | 1.7 |
| 05/01/2001 | Creditors committee call and call re stipulation (2.1); prepare stipulation and order resolving Chase Motion (3.6). | Taruschio, A. | 5.7 |
| 05/02/2001 | Review revised stipulation revolving trade payables issues and office conferences RAR re same (.4). | Krieger, A. | 0.4 |
| 05/02/2001 | Review and revise stipulation with trade vendors (1.2); t/c S. Cunningham re stipulation with tradevendors (.3); t/c D. Tawill re same (.2); t/c J. Kapp re terms of stipulation and timing (.2); t/c T. Maher re stipulation (.1); o/cs A. Krieger re trade vendor stip. (.3). | Raskin, R. | 2.3 |
| 05/08/2001 | Fraudulent transfer issues (.1 hrs). | Kruger, L. | 0.1 |
| 05/24/2001 | Telephone call Tom Maher re Bank Group Confidentiality Agreement comment (.2); telephone call and then memorandum to Roger Higgins re Confidentially Agreement (.3). | Krieger, A. | 0.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 2.0 | $ 425 | $ 850.00 |
| Kruger, Lewis | 0.1 | 650 | 65.00 |
| Raskin, Robert | 4.0 | 550 | 2,200.00 |
| Taruschio Anna | 5.7 | 185 | 1,054.50 |

|  | Total For Professional Services Rendered | $ 4,169.50 |
|---|---|---|

|  | Total for this Matter | $ 4,169.50 |
|---|---|---|

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Lift Stay Litigation**
       **699842. 0016**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | T/c A. Running re: debtors' response to Zonolite motion; t/c Raskin, K. Pasquale re: same. | Sasson, M. | 1.0 |
| 05/07/2001 | Attention to lift stay motion in TIG Ins. case (.5) | Pasquale, K. | 0.5 |
| 05/07/2001 | Review motion by HSTC to lift stay; review motion for appointment of counsel; review motion for reconsideration of first day orders; review 2d supp. affidavit of debtor, B.1. committee objections to motion for lift of stay; t/c K. Pasquale re: conference. | Sasson, M. | 2.0 |
| 05/09/2001 | T/c A. Running re: debtors' response to Zonolite motion and t/c R. Raskin, K. Pasquale re: same. | Sasson, M. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 0.5 | $ 475 | $ 237.50 |
| Sasson, Moshe | 3.5 | 360 | 1,260.00 |

Total For Professional Services Rendered     $ 1,497.50

**Total for this Matter**     $ 1,497.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Erisa Issues**
       **699842. 0020**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Further revisions to reconsideration motion and order to reflect MW comments and Committee's position and then comments form RAR (6.7). | Krieger, A. | 6.7 |
| 05/01/2001 | Review motion to reconsider wage issues and o/c A. Krieger re same (.5). | Raskin, R. | 0.5 |
| 05/01/2001 | Revise, edit, research for reconsideration motion (5.1). | Taruschio, A. | 5.1 |
| 05/01/2001 | Revise draft Motion to Reconsider First Day Benefits Order (2.0). | Wintner, M. | 2.0 |
| 05/02/2001 | Final revisions to reconsideration motion and order and incorporate additional comments from RAR and MW are same and office conferences R. Serrette re filing and service of same (2.7); telephone call M. Lastowski re filing  and service of reconsideration motion, hearing date notice, other (.1); telephone call S. Cunningham re review of executive agreements, supplemental document request (5.); office conference A. Keppler re reconsideration motion, KERP program and executive contract review (.7). | Krieger, A. | 4.0 |
| 05/02/2001 | Telephone call with T. Maher regarding extension of time of various compensation issues (.2 hrs). | Kruger, L. | 0.2 |
| 05/02/2001 | Review motion to reconsider wage order (.4). | Raskin, R. | 0.4 |
| 05/02/2001 | Changes and revisions, final edits, research for Reconsideration motion (1.8). | Taruschio, A. | 1.8 |
| 05/02/2001 | Draft of Chase stipulation (1.2); redraft of Blackstone objection (3.9); correspondence, oc w/ R. Raskin re same, fax to local counsel (1.2). | Taruschio, A. | 6.3 |
| 05/02/2001 | Revise draft motion to Reconsider First Day Benefits Order (1.2); and telephone call with Arlene Krieger re: same (0.3). | Wintner, M. | 1.5 |
| 05/03/2001 | Review and compare employment agreements for expenditures. | Keppler, A. | 1.3 |
| 05/03/2001 | Review letters of credit (1.8). | Krieger, A. | 1.8 |
| 05/04/2001 | Review employment, change of control and plan | Keppler, A. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

agreements (1.8); discussion with A. Krieger (.1);
telephone conference with Sean Cunningham (.1).

| 05/04/2001 | Office conference A. Keppler re review of senior executive's employment agreement, request for confirmation on prior agreements and contact with S. Cunningham (.4); telephone calls C. MacCullum re FTI P&M correspondence to Debtors and review schedule re same (.2); prepare correspondence to J.Kapp/Roger Higgins re employment agreement information (.5). | Krieger, A. | 1.1 |
|---|---|---|---|
| 05/07/2001 | Telephone conference with S. Cunningham (.3); review documents (.6) re: employment contracts and KERP. | Keppler, A. | 1.5 |
| 05/07/2001 | Telephone calls Sean Cunningham and office conference A. Keppler and then correspondence to J. Forgach and J. Kapp re further employee-related documentation (.8). | Krieger, A. | 0.8 |
| 05/08/2001 | Review documents (1); conference call with S. Cunningham et al re: KERP Program (1.5); discussions re: same with M. Wintner and A. Krieger (.5). | Keppler, A. | 3.0 |
| 05/08/2001 | Office conference MW, AK re review of employee-related issues and conference call with Sean Cunningham re preparation of analysis (.1); correspondence to S. Cunningham re 3/2001 Long Term Incentive Program (.1); telephone call J. Kapp, R. Higgins re supplemental information request (.1); conference call with Sean Cunningham re receipt of materials from Forgach, review of retention, severance plans and executive contracts (.4); reviewed employee-related documentation, programs, agreements, received from the Debtors (2.6); extended conference call with MW, AK, S. Cunningham and E. Ordway and follow up conference with MW, AK re L/C's for Workers' Compensation, legal issues in respect of employee agreements, other (3.0). | Krieger, A. | 6.3 |
| 05/08/2001 | Review Policano and Manzo analysis of Debtors' proposed KERP and Senior Executive employment contracts (and Change of Control Agreements). | Wintner, M. | 2.8 |
| 05/09/2001 | Office conferences Anna Taruschio re Norris employment agreement and legal issues thereon (.2); telephone call Sean Cunningham and Craig McCallum (P&M) re KERP, Executive Compensation Analysis, and additional 2001 bonus information from the Company (.5); extensive review of revised analysis and Norris Agreement (1.6); memo to AK re additional | Krieger, A. | 2.4 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | information regarding bonuses and revised P&M analysis (.1). | | |
| 05/09/2001 | Review KERP program and Change of Control Agreements. | Wintner, M. | 1.0 |
| 05/10/2001 | Review new KERP analysis (1); conference call with MSW, A. Krieger, Sean Cunningham et.al. re benefits, contracts and KERP (1). | Keppler, A. | 2.0 |
| 05/10/2001 | Complete review of P&M KERP, executives compensation analysis (1.0); office conference A. Taruschio re case law review of section 502(b)(7) (.2); telephone call S. Cunningham re modifications to analyses (.3); review section 502(b)(7) case law (.1); conference call Ed Ordway, C. MacCullum and follow-up office conference with MW, AK re same (1.2). | Krieger, A. | 2.8 |
| 05/10/2001 | Research and oc w/ A. Krieger re 502(b)(7) issue | Taruschio, A. | 3.6 |
| 05/10/2001 | Review revised Policano & Manzo analysis of Debtors' proposed KERP and Executive Employment and Change of Control Agreements (1.0); telephone conference with A. Krieger, A. Keppler and Policano & Manzo re: same (1.0). | Wintner, M. | 2.0 |
| 05/11/2001 | Discussion with A. Krieger re Debtor's proposal on modification to benefits order. | Keppler, A. | 0.3 |
| 05/11/2001 | Review Siegel, Tarola employment agreements (1.5); review change of control agreements and office conference A. Keppler re modifications, treatment thereof (1.0); conference call with RR, MW and Debtors' counsel re Debtors' response to Committee's motion for reconsideration and follow-up office conference RR, MW re same and analysis on KERP, employment agreements (.6); office conferences A. Taruschio re case law review on section 505(b)(7) (.2). | Krieger, A. | 3.3 |
| 05/11/2001 | Conf. call Wintner, Krieger and Kapp re Debtors proposal regarding motion to reconsider wage order (.8); follow-up discussions with Wintner re same (.3). | Raskin, R. | 1.1 |
| 05/11/2001 | O/c w/ A. Krieger re retention papers for Committees financial advisor and other assignments (.4); research cases on 502(b)(7) issue (5.1) | Taruschio, A. | 5.6 |
| 05/11/2001 | Telephone conference call with Debtor and R. Raskin, A. Krieger re Creditors' Committee Motion to Reconsider First Day Wage/Benefits Order. | Wintner, M. | 0.5 |
| 05/12/2001 | Reviewed 502(b)(7) case law (3.8); reviewed Norris employment agreement and information memorandum received from John Forgach re participants in KERP, | Krieger, A. | 5.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

LTIP, other plans (1.8).

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/12/2001 | Read through cases and draft memo to A. Krieger on 502(b)(7) | Taruschio, A. | 3.8 |
| 05/13/2001 | Review AT memo on 502(b)(7) case law and memo to AT re same; and additional issues (.4). | Krieger, A. | 0.4 |
| 05/14/2001 | Review of Policano & Manzo's analysis on retention program. | Kruger, L. | 0.2 |
| 05/15/2001 | Review memo to Debtors re response to motion to reconsider, discussion with A. Kreiger re above. | Keppler, A. | 1.5 |
| 05/15/2001 | Office conference A. Keppler re additional documentation for employee benefits analysis (.1); office conference RR re forwarding P&M analysis to Tom Maher, preparation of memorandum describing Debtors' response to the Committee's reconsideration motion (.1); prepare memorandum re Debtors' response to Committee's reconsideration motion (1.3). | Krieger, A. | 1.5 |
| 05/15/2001 | Research for A. Krieger on severance pay issue (1.1). | Taruschio, A. | 1.1 |
| 05/16/2001 | Review VSPP payment schedule and estimated savings for capping payments at $1,000 a month per former employee, (.5); review P&M analysis, telephone E. Ordway and S. Cunningham re analysis, follow-up call A. Krieger (1). | Keppler, A. | 1.5 |
| 05/16/2001 | Office conferences MW and AK and others; conference call Tom Maher, RAR, MW representative of P&M re P&M analysis and outstanding issues on Debtor's KERP program and executives compensation (.7); subsequent telephone call J. Kapp re professionals meeting to discuss outstanding issues (.2); office conferences A. Keppler re subsequent information request and professionals meeting (.2); further telephone calls J. Kapp and R. Higgins re 5/18/01 conference call and memo to Committee professionals re same (.3). | Krieger, A. | 1.4 |
| 05/16/2001 | Telepone conference call with Chairman of Creditors Committee and professional advisors from Policano and Manzo and Stroock re Debtor's proposal to adopt KERP and assume Senior Executive Employment Agreements. | Wintner, M. | 0.8 |
| 05/17/2001 | Telephone Ed Ordway and Sean Cunningham re strategy for telephone conference with Debtor (.7), related discussion with A. Krieger (.2) discussion with MSW re same (.4). | Keppler, A. | 1.3 |
| 05/17/2001 | Office conferences A.Keppler re revised calculation of | Krieger, A. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | reduced VSPP amounts (.3); telephone call S. Cunningham re conference call to discuss strategy for 5/18/01 call with the Debtors, additional request (.2); review P&M analysis, agreements, other in preparation for 5/18/01 call (.5). | | |
| 05/18/2001 | Conference call with Debtor et.al re retention plan and employment agreements (.9), pre-call with Sean Cunningham and Ed Ordway (.3), follow-up call with A. Kreiger and R. Raskin (.3), conference call with Committee Chariman (.3). | Keppler, A. | 1.8 |
| 05/18/2001 | Conference call with Debtors representatives, P&M representatives, RAR, MW and AK re employee-related matters (.8); telephone call C. MacCullum re supplemental information request (.2); follow-up office conference RAR, MW re discussion with counsel representing retirees and discussions with Tom Maher (.7). | Krieger, A. | 1.7 |
| 05/18/2001 | Conf. call with debtors re kerp and executive compensation issues (1.5). | Raskin, R. | 1.5 |
| 05/18/2001 | Telephone conference call with Debtor and Kirkland & Ellis, R. Raskin, A. Krieger, A. Keppler, Policano &Manzo re Debtors' position on Motion to Reconsider Benefits Order, Motions to Adopt KERP and Assume Senior Executive Employment Agreements (0.9; telephone conference with Committee Chairman re same (0.3). | Wintner, M. | 1.2 |
| 05/21/2001 | Office conference MW re amendment to change of control agreements (.1). | Krieger, A. | 0.1 |
| 05/21/2001 | Review additional information re SERP (.2). | Raskin, R. | 0.2 |
| 05/21/2001 | Review Change of Control Agreements for senior executives and draft rider to exclude Chapter 11 Triggers. | Wintner, M. | 0.6 |
| 05/22/2001 | Analyze SERP payment list, telephone MSW. | Keppler, A. | 1.0 |
| 05/22/2001 | Office conference A. Keppler re discussions regarding SERP payments and outstanding questions (.3); telephone call R. Higgins re additional information regarding employee-benefit schedules (.1). | Krieger, A. | 0.4 |
| 05/22/2001 | Revise draft rider to Change of Control  Agreements for senior executives to delete Chapter 11 related triggers from "change of control" definition (.8). | Wintner, M. | 0.8 |
| 05/23/2001 | Office conference RAR, MW re Committee's position on employee-related issues and telephone call J. Kapp re same (.5); telephone call R. Higgins re | Krieger, A. | 0.8 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

|  |  |  |  |
|---|---|---|---|
|  | response to additional information on employee-related matters (.1); prepared memorandum re additional employee-related information (.1); memo from RAR re discussions regarding Norris agreement (.1). |  |  |
| 05/23/2001 | Telephone conference Rob Raskin and Kirkland & Ellis re Creditors Committee position on KERP; executive employment agreements, first day Benefits Order. | Wintner, M. | 0.3 |
| 05/24/2001 | Review proposed modifications to the change of control provisions (.5); office conference MW re change of Control Modifications (.5); prepared revised change of control provisions (.,3); correspondence to Tom Maher re change of control agreement (.5); correspondence to J. Kapp, others re change of control modifications (.6); telephone call E. Ordway re Norris Agreement discussions (.1); office conference RAR re discussions with Norris (.4). | Krieger, A. | 2.6 |
| 05/24/2001 | Draft changes to proposed Change of Control Agreement riders to eliminate Chapter 11 related triggers (0.5). | Wintner, M. | 0.5 |
| 05/25/2001 | Telephone calls R. Higgins re change of control modifications, extension of Committee's time to respond to reconsideration motion (.2); memo RAR, LK, KP others re above (.1). | Krieger, A. | 0.3 |
| 05/30/2001 | Telephone call J. Kapp re change of control, Norris agreement, Confidentiality Agreement, (.4); prepare memo re Debtors' position re above (1.0); office conference AK re Debtors' position on Norris Agreement, change of control modifications (.2). | Krieger, A. | 1.6 |
| 05/31/2001 | Telephone call Sean Cunningham re Debtors' position on change of control provision, Norris Agreement and confidentiality agreement (.3); e-mail to RAR, MW re same (.1); further memos to and from RAR and then office conference RAR re response to Debtors' position and telephone call J. Kapp re same (.7). | Krieger, A. | 0.7 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
| --- | --- | --- | --- |
| Keppler, Abbey | 17.2 | $ 425 | $ 7,310.00 |
| Krieger, Arlene | 47.3 | 425 | 20,102.50 |
| Kruger, Lewis | 0.4 | 650 | 260.00 |
| Raskin, Robert | 3.7 | 550 | 2,035.00 |
| Taruschio Anna | 27.3 | 185 | 5,050.50 |
| Wintner, Mark | 14.0 | 525 | 7,350.00 |

Total For Professional Services Rendered        $ 42,108.00

Total for this Matter        $ 42,108.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**  **Travel**
       **699842. 0025**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/02/2001 | Travel to Delaware for hearing (3.7). | Raskin, R. | 3.7 |
| 05/03/2001 | Return to New York (1.5). | Raskin, R. | 1.5 |
| 05/18/2001 | Travel to Delaware for Section 341 meeting and prepare memo to the Committee re agenda for 5/22/01 meeting on route and travel back from Delaware (5.7). | Krieger, A. | 5.7 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 5.7 | $ 425 | $ 2,422.50 |
| Raskin, Robert | 5.2 | 550 | 2,860.00 |

Total For Professional Services Rendered          $ 5,282.50

**Total for this Matter**          $ 5,282.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

W R GRACE & CO
THROUGH MAY 31, 2001

| PARTNERS | HOURS | RATE | AMOUNT |
|---|---|---|---|
| | | | |
| Kruger, Lewis | 16.4 | 650 | 10,660.00 |
| Pasquale, Kenneth | 19.6 | 475 | 9,310.00 |
| Raskin, Robert | 39.7 | 550 | 21,835.00 |
| Wintner, Mark | 18.2 | 525 | 9,555.00 |
| | | | |
| ASSOCIATES | | | |
| | | | |
| Keppler, Abbey | 17.2 | 425 | 7,310.00 |
| Krieger, Arlene | 143.1 | 425 | 60,817.50 |
| Sasson, Moshe | 13.5 | 360 | 4,860.00 |
| Taruschio Anna | 73.5 | 185 | 13,597.50 |
| | | | |
| PARAPROFESSIONAL | | | |
| | | | |
| | | | |
| Defreitas, Vaughn | 1.8 | 90 | 162.00 |
| Holzberg, Ethel | 3 | 145 | 435.00 |
| Kaufman, Eric | 0.2 | 120 | 24.00 |
| Serrette, Rosemarie | 30.8 | 130 | 4,004.00 |
| | | | |
| TOTALS: | 377.0 | | 142,570.00 |

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

**Disbursement Register**

June 29, 2001
Invoice: 236533

RE:    **General Case Administration**
       **699842. 0002**

**Disbursements incurred for the period through May 31, 2001, including:**

| <u>Date</u> | <u>Description</u> | <u>Amount</u> |
|---|---|---|
| **Outside Messenger Service** | | |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 13043; DATE: 5/1/01 U.S bankruptcy court Delaware | 443.47 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 9.00 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 184.50 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 65.50 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 99.00 |
| 05/08/2001 | NYC Two Ways Inc.Packages ASH 10/60 04/21/01 9:20 M from 180 MAIDEN LA to 10 EAS | 24.60 |
| 05/08/2001 | 05/01/2001 Federal Express T#824858018693 R. SERRETTE to: C. FOX WILMINGTON, DE | 9.40 |
| 05/08/2001 | 05/01/2001 Federal Express T#824858018650 R. SERRETTE to: W. KATCHEN NEWARK,NJ | 9.40 |
| 05/18/2001 | NYC Two Ways Inc.Packages KRUGER 10/6 05/04/01 17:39 M from 180 MAIDEN LA to 257 | 29.70 |
| 05/24/2001 | 05/16/2001 Federal Express T#824858018638 R. SERRETTE to: S. HOLLINGHEAD WILMING | 9.40 |
| 05/24/2001 | 05/17/2001 Federal Express T#824858018605 R. SERRETTE to: S. A. HOLLINGHEAD WILM | 9.40 |
| 05/24/2001 | 05/18/2001 Federal Express T#824858018590 ROSE SERRETTE to: SHELLY HOLLINGHEAD W | 9.40 |
| 05/30/2001 | FedaEx 4/9/01 Parcels Inc 4 E 7th Wilmington, DEt o R Serrette | 11.33 |
| 05/31/2001 | FedEx Log 5/1/01 R Serrette to W Katchen Newark, NJ | 1.92 |
| 05/31/2001 | FedEx Log 5/1/01 R Serrette to C Fox Wilmington, DE | 1.92 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---:|
| **Outside Messenger Service Total** | | **917.94** |

**Overtime**

| | | |
|---|---|---:|
| 05/11/2001 | 5/1, 4/19 | 450.00 |
| 05/11/2001 | 4/26, 4/27, 4/25 | 675.00 |
| **Overtime Total** | | **1,125.00** |

**Meals**

| | | |
|---|---|---:|
| 04/30/2001 | VENDOR: Harry's Outgoing, Inc.; INVOICE#: 043001; DATE: 4/30/01<br>R Serrette 4/26 | 22.50 |
| 05/01/2001 | VENDOR: Petty Cash; INVOICE#: 05/01/01; DATE: 5/1/01<br>04/27  NY PETTY CASH  J.MEDORO | 10.00 |
| 05/01/2001 | VENDOR: Petty Cash; INVOICE#: 05/01/01; DATE: 5/1/01<br>04/30/01  NY PETTY CASH  A.TARUSCHIO | 16.32 |
| 05/21/2001 | VENDOR: Fisher & Levy; INVOICE#: 29767; DATE: 5/15/01<br>4/20/01 L Kruger | 110.67 |
| 05/21/2001 | VENDOR: Fisher & Levy; INVOICE#: 29767; DATE: 5/15/01<br>4/20/01 | 311.36 |
| 05/22/2001 | VENDOR: Petty Cash; INVOICE#: 05/18/01; DATE: 5/22/01<br>05/16/01   NY PETTY CASH   R.SERRETTE | 7.00 |
| **Meals Total** | | **477.85** |

**Local Transportation**

| | | |
|---|---|---:|
| 05/08/2001 | NYC Two Ways Inc. KRIEGER 04/23/01 20:25 M from 180 MAIDEN LA to EAST END AVE | 24.60 |
| 05/08/2001 | NYC Two Ways Inc. KRIEGER 04/24/01 20:13 M from 180 MAIDEN LA to EAST END AVE | 32.25 |
| 05/08/2001 | NYC Two Ways Inc. KRIEGER 04/25/01 20:06 M from 180 MAIDEN LA to EAST END AVE | 24.60 |
| 05/08/2001 | NYC Two Ways Inc. TARUSCHIO 05/01/01 22:35 M from 207 E 74 ST M to 180 MAIDEN LA | 23.62 |
| 05/08/2001 | NYC Two Ways Inc. KRUGER 04/23/01 10:07 M from 767 3 AVE M to 180 MAIDEN LA | 20.69 |
| 05/08/2001 | NYC Two Ways Inc. KRIEGER 04/27/01 21:00 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/08/2001 | NYC Two Ways Inc. GERRETTE 04/26/01 20:17 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 05/08/2001 | NYC Two Ways Inc. TARUSCHIO 04/24/01 20:22 M from 180 MAIDEN LA to E 74 ST M | 24.60 |
| 05/08/2001 | NYC Two Ways Inc. MEDORO 04/27/01 20:00 M from 180 MAIDEN LA to NEW DORP SI | 62.55 |
| 05/08/2001 | NYC Two Ways Inc. SERRETTE 04/24/01 21:29 M from 180 MAIDEN LA to SOUTH RICHMON | 41.88 |
| 05/08/2001 | NYC Two Ways Inc. MEDORO 04/25/01 19:45 M from 180 MAIDEN LA to NEW DORP SI | 70.20 |
| 05/08/2001 | VENDOR: Corporate Transportation Group, Ltd.; INVOICE#: 409627; DATE: 4/30/01<br>NYC Two Ways Inc A Taruscio 4/19/01 180 Maiden Lane to E 74 | 23.62 |
| 05/08/2001 | VENDOR: Corporate Transportation Group, Ltd.; INVOICE#: 409627; DATE: 4/30/01<br>NYC Two Ways Inc A Taruscio 4/18/01 180 Maiden Lane to E 74 | 23.62 |
| 05/15/2001 | VENDOR: Petty Cash; INVOICE#: 05/14/01; DATE: 5/15/01<br>05/12/01  NY PETTY CASH  A.TARUSCHIO | 29.00 |
| 05/18/2001 | VENDOR: Petty Cash; INVOICE#: 05/17/01; DATE: 5/18/01 | 3.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Amount |
|---|---|---|
| | 05/16/01  NY PETTY CASH  J.LI  (PROCESS SERVER) OBTAINED COPIES OF COMPLAINT. SDNY | |
| 05/18/2001 | NYC Two Ways Inc. TARUSCHIO 04/30/01 12:00 M from 180 MAIDEN LA to E 74 ST M | 23.62 |
| 05/18/2001 | NYC Two Ways Inc. TARUSCHIO 05/02/01 1:59 M from 180 MAIDEN LA to 207 E 74 ST M | 23.62 |
| 05/18/2001 | NYC Two Ways Inc. KRIEGER 04/30/01 21:23 M from 180 MAIDEN LA to EAST END AVE | 39.90 |
| 05/18/2001 | NYC Two Ways Inc. KRIEGER 05/01/01 21:00 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | NYC Two Ways Inc. KRIEGER 05/09/01 20:03 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | NYC Two Ways Inc. KRIEGER 05/10/01 20:12 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | NYC Two Ways Inc. KRIEGER 05/08/01 19:49 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | VENDOR: Petty Cash; INVOICE#: 05/23/01; DATE: 5/24/01 05/22/01  NY PETTY CASH  K.CHRISTIAN  (PROCESS SERVER) SDNY - USDC  COPY  COMPLAINT | 1.50 |
| 05/29/2001 | VENDOR: Abbey Keppler; INVOICE#: 05/22/01; DATE: 5/29/01 05/16   PARKING FEE TO ATTEND MEETING | 27.00 |
| 05/31/2001 | NYC Two Ways Inc. PASQUALE 05/22/01 9:15 M from 180 MAIDEN LA to 270 PARK AVE | 20.69 |
| 05/31/2001 | NYC Two Ways Inc. WINTNER 05/22/01 10:45 M from 180 MAIDEN LA to 767 3 AVE M | 35.99 |
| 05/31/2001 | NYC Two Ways Inc. SERRETTE 05/22/01 19:56 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 05/31/2001 | NYC Two Ways Inc. KRIEGER 05/22/01 20:39 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/31/2001 | NYC Two Ways Inc. KRIEGER 05/15/01 20:35 M from 180 MAIDEN LA to E 80 ST M | 25.58 |
| **Local Transportation Total** | | **826.35** |

**Long Distance Telephone**

| Date | Description | Amount |
|---|---|---|
| 05/01/2001 | EXTN.3422, TEL.201-556-4040, S.T.13:15, DUR.01:00 | 0.28 |
| 05/01/2001 | EXTN.3422, TEL.201-556-4003, S.T.13:16, DUR.00:24 | 0.28 |
| 05/01/2001 | EXTN.3422, TEL.201-556-4040, S.T.13:17, DUR.09:18 | 2.82 |
| 05/01/2001 | EXTN.3430, TEL.202-862-5065, S.T.17:07, DUR.10:18 | 3.10 |
| 05/01/2001 | EXTN.5422, TEL.201-843-4900, S.T.10:51, DUR.00:42 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.201-556-4040, S.T.13:27, DUR.00:24 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:04, DUR.00:30 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.973-424-2017, S.T.15:21, DUR.01:12 | 0.56 |
| 05/01/2001 | EXTN.5422, TEL.973-424-2000, S.T.15:39, DUR.02:24 | 0.85 |
| 05/01/2001 | EXTN.5422, TEL.312-876-7638, S.T.17:40, DUR.02:06 | 0.85 |
| 05/01/2001 | EXTN.5422, TEL.312-876-7638, S.T.18:51, DUR.00:18 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.312-861-2124, S.T.19:23, DUR.00:36 | 0.17 |
| 05/01/2001 | EXTN.5422, TEL.312-861-2124, S.T.19:25, DUR.00:24 | 0.17 |
| 05/01/2001 | EXTN.5492, TEL.973-424-2017, S.T.15:23, DUR.06:36 | 1.97 |
| 05/01/2001 | EXTN.6015, TEL.312-861-2412, S.T.10:30, DUR.02:06 | 0.85 |
| 05/01/2001 | EXTN.6408, TEL.201-556-4003, S.T.13:04, DUR.08:24 | 2.54 |
| 05/01/2001 | EXTN.6408, TEL.312-861-2124, S.T.13:05, DUR.07:12 | 2.26 |
| 05/01/2001 | EXTN.6409, TEL.201-556-4040, S.T.12:05, DUR.00:12 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.10:55, DUR.00:12 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.11:39, DUR.00:06 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-843-4900, S.T.11:40, DUR.00:06 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-843-4900, S.T.11:40, DUR.00:24 | 0.28 |

| | | |
|---|---|---:|
| 05/02/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:43, DUR.00:18 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.302-652-4100, S.T.11:44, DUR.01:12 | 0.56 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.12:16, DUR.00:42 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.12:50, DUR.01:24 | 0.56 |
| 05/02/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:42, DUR.01:24 | 0.56 |
| 05/02/2001 | EXTN.5422, TEL.847-975-6434, S.T.15:12, DUR.04:42 | 1.41 |
| 05/02/2001 | EXTN.5422, TEL.312-861-2124, S.T.16:34, DUR.01:00 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.302-651-7531, S.T.17:00, DUR.01:00 | 0.28 |
| 05/02/2001 | EXTN.5492, TEL.973-424-2017, S.T.10:54, DUR.13:12 | 3.95 |
| 05/02/2001 | EXTN.5492, TEL.973-424-2017, S.T.11:15, DUR.00:30 | 0.28 |
| 05/02/2001 | EXTN.5492, TEL.302-573-6459, S.T.11:42, DUR.00:06 | 0.28 |
| 05/02/2001 | EXTN.5492, TEL.302-657-4938, S.T.13:01, DUR.02:00 | 0.56 |
| 05/02/2001 | EXTN.5492, TEL.302-657-4900, S.T.14:26, DUR.01:12 | 0.56 |
| 05/02/2001 | EXTN.5634, TEL.973-424-2000, S.T.14:44, DUR.03:18 | 1.13 |
| 05/03/2001 | EXTN.2005, TEL.312-972-0542, S.T.14:05, DUR.00:42 | 0.32 |
| 05/03/2001 | EXTN.2005, TEL.312-861-2481, S.T.14:06, DUR.02:12 | 0.96 |
| 05/03/2001 | EXTN.3430, TEL.415-421-2132, S.T.11:16, DUR.00:28 | 0.28 |
| 05/03/2001 | EXTN.4102, TEL.201-556-4040, S.T.11:36, DUR.00:30 | 0.28 |
| 05/03/2001 | EXTN.6102, TEL.201-556-4040, S.T.11:13, DUR.00:24 | 0.28 |
| 05/04/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:06, DUR.01:06 | 0.56 |
| 05/04/2001 | EXTN.5845, TEL.201-556-4040, S.T.17:22, DUR.00:30 | 0.28 |
| 05/07/2001 | EXTN.5492, TEL.202-862-5000, S.T.12:28, DUR.00:12 | 0.28 |
| 05/07/2001 | EXTN.5492, TEL.302-654-1888, S.T.12:29, DUR.00:06 | 0.28 |
| 05/07/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:15, DUR.01:00 | 0.28 |
| 05/07/2001 | EXTN.5845, TEL.201-556-4040, S.T.11:23, DUR.18:18 | 5.36 |
| 05/08/2001 | EXTN.5422, TEL.312-861-2124, S.T.13:02, DUR.01:06 | 0.56 |
| 05/08/2001 | EXTN.5492, TEL.201-858-4290, S.T.19:55, DUR.01:00 | 0.17 |
| 05/08/2001 | EXTN.5492, TEL.610-623-5235, S.T.20:10, DUR.00:42 | 0.17 |
| 05/08/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:23, DUR.15:00 | 4.23 |
| 05/08/2001 | EXTN.5760, TEL.301-951-6400, S.T.12:12, DUR.03:00 | 0.85 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4003, S.T.16:23, DUR.00:24 | 0.28 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4040, S.T.16:24, DUR.00:30 | 0.28 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4003, S.T.17:11, DUR.00:30 | 0.28 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4040, S.T.17:13, DUR.00:24 | 0.28 |
| 05/09/2001 | EXTN.5492, TEL.301-218-7005, S.T.13:33, DUR.00:36 | 0.28 |
| 05/09/2001 | EXTN.5492, TEL.301-218-7005, S.T.15:00, DUR.12:36 | 3.67 |
| 05/09/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:18, DUR.05:18 | 1.69 |
| 05/10/2001 | EXTN.3544, TEL.312-861-2160, S.T.14:33, DUR.00:48 | 0.28 |
| 05/10/2001 | EXTN.3544, TEL.201-556-1232, S.T.14:47, DUR.01:36 | 0.56 |
| 05/10/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:00, DUR.02:42 | 0.85 |
| 05/10/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:07, DUR.02:18 | 0.85 |
| 05/10/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:48, DUR.00:18 | 0.28 |
| 05/10/2001 | EXTN.5544, TEL.201-556-1232, S.T.14:30, DUR.02:54 | 0.85 |
| 05/10/2001 | EXTN.5544, TEL.201-981-1125, S.T.14:45, DUR.00:54 | 0.28 |
| 05/10/2001 | EXTN.5726, TEL.201-556-4003, S.T.16:25, DUR.35:18 | 10.15 |
| 05/11/2001 | EXTN.5422, TEL.302-654-1888, S.T.11:10, DUR.05:12 | 1.69 |
| 05/11/2001 | EXTN.5422, TEL.302-651-3160, S.T.11:40, DUR.00:42 | 0.28 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:44, DUR.17:42 | 5.08 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.12:21, DUR.00:12 | 0.28 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.13:21, DUR.02:24 | 0.85 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:36, DUR.01:12 | 0.56 |
| 05/11/2001 | EXTN.5422, TEL.973-424-2031, S.T.14:39, DUR.00:12 | 0.28 |
| 05/11/2001 | EXTN.5544, TEL.302-778-6464, S.T.10:18, DUR.01:06 | 0.56 |
| 05/11/2001 | EXTN.5544, TEL.201-556-1232, S.T.12:42, DUR.02:18 | 0.85 |
| 05/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:18, DUR.00:12 | 0.28 |
| 05/14/2001 | EXTN.5634, TEL.201-843-4900, S.T.15:57, DUR.00:36 | 0.28 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 05/15/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:17, DUR.01:30 | 0.56 |
| 05/15/2001 | EXTN.3544, TEL.201-556-4040, S.T.18:05, DUR.00:36 | 0.28 |
| 05/15/2001 | EXTN.5422, TEL.302-651-3160, S.T.11:28, DUR.01:18 | 0.56 |
| 05/15/2001 | EXTN.5544, TEL.201-556-4040, S.T.12:23, DUR.01:18 | 0.56 |
| 05/15/2001 | EXTN.5634, TEL.203-556-4039, S.T.12:23, DUR.00:06 | 0.28 |
| 05/15/2001 | EXTN.5634, TEL.201-556-4039, S.T.12:24, DUR.03:54 | 1.13 |
| 05/15/2001 | EXTN.5634, TEL.201-556-4039, S.T.15:28, DUR.01:00 | 0.28 |
| 05/16/2001 | EXTN.3430, TEL.011442078591785, S.T.11:02, DUR.00:24 | 1.73 |
| 05/16/2001 | EXTN.3430, TEL.011442078591785, S.T.12:47, DUR.01:00 | 1.73 |
| 05/16/2001 | EXTN.3544, TEL.312-861-2124, S.T.14:42, DUR.01:48 | 0.56 |
| 05/16/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:15, DUR.00:12 | 0.28 |
| 05/16/2001 | EXTN.5492, TEL.302-657-4900, S.T.15:24, DUR.01:48 | 0.56 |
| 05/16/2001 | EXTN.5492, TEL.302-657-4924, S.T.16:15, DUR.00:24 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:00, DUR.01:06 | 0.56 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:16, DUR.00:30 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.312-861-2124, S.T.09:52, DUR.06:42 | 1.97 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:43, DUR.00:48 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.973-424-2031, S.T.11:21, DUR.03:48 | 1.13 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.12:35, DUR.01:24 | 0.56 |
| 05/16/2001 | EXTN.5544, TEL.201-981-1125, S.T.13:48, DUR.00:12 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.312-861-2124, S.T.13:58, DUR.00:42 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.312-861-2160, S.T.15:36, DUR.01:18 | 0.56 |
| 05/16/2001 | EXTN.5544, TEL.973-424-2031, S.T.16:16, DUR.02:06 | 0.85 |
| 05/16/2001 | EXTN.5634, TEL.201-556-4039, S.T.15:03, DUR.03:42 | 1.13 |
| 05/16/2001 | EXTN.6448, TEL.973-424-2000, S.T.17:38, DUR.00:18 | 0.28 |
| 05/17/2001 | EXTN.3544, TEL.973-424-2017, S.T.15:13, DUR.12:24 | 3.67 |
| 05/17/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:14, DUR.01:54 | 0.56 |
| 05/17/2001 | EXTN.5544, TEL.612-667-4160, S.T.11:31, DUR.00:54 | 0.28 |
| 05/17/2001 | EXTN.5544, TEL.612-667-1916, S.T.13:49, DUR.02:24 | 0.85 |
| 05/17/2001 | EXTN.5544, TEL.973-424-2017, S.T.16:47, DUR.01:48 | 0.56 |
| 05/17/2001 | EXTN.5544, TEL.312-861-2124, S.T.16:53, DUR.00:42 | 0.28 |
| 05/18/2001 | EXTN.5422, TEL.805-968-0100, S.T.14:30, DUR.07:30 | 2.26 |
| 05/18/2001 | EXTN.5422, TEL.203-629-9500, S.T.15:02, DUR.06:54 | 1.97 |
| 05/18/2001 | EXTN.5492, TEL.302-657-4924, S.T.10:28, DUR.00:42 | 0.28 |
| 05/18/2001 | EXTN.5492, TEL.302-657-4924, S.T.11:18, DUR.06:00 | 1.69 |
| 05/18/2001 | EXTN.5492, TEL.301-218-7005, S.T.12:40, DUR.00:06 | 0.28 |
| 05/18/2001 | EXTN.5492, TEL.301-614-9599, S.T.12:41, DUR.05:48 | 1.69 |
| 05/18/2001 | EXTN.5511, TEL.302-657-4900, S.T.15:08, DUR.05:18 | 1.69 |
| 05/21/2001 | EXTN.3544, TEL.612-667-1916, S.T.13:39, DUR.01:42 | 0.56 |
| 05/21/2001 | EXTN.3544, TEL.612-802-1013, S.T.18:13, DUR.04:18 | 1.41 |
| 05/21/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:10, DUR.01:12 | 0.56 |
| 05/21/2001 | EXTN.5544, TEL.312-861-3103, S.T.11:09, DUR.13:12 | 3.95 |
| 05/21/2001 | EXTN.5544, TEL.612-667-1916, S.T.17:05, DUR.03:42 | 1.13 |
| 05/21/2001 | EXTN.5562, TEL.412-338-4720, S.T.08:53, DUR.05:36 | 1.69 |
| 05/22/2001 | VENDOR: Petty Cash; INVOICE#: 05/18/01; DATE: 5/22/01 | 0.60 |
| | 04/08   NY PETTY CASH  L.KRUGER | |
| 05/22/2001 | EXTN.3544, TEL.973-424-2000, S.T.15:57, DUR.01:12 | 0.56 |
| 05/22/2001 | EXTN.5544, TEL.312-861-2160, S.T.17:08, DUR.00:54 | 0.28 |
| 05/22/2001 | EXTN.5544, TEL.312-861-2160, S.T.17:17, DUR.01:06 | 0.56 |
| 05/23/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:30, DUR.00:18 | 0.28 |
| 05/23/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:31, DUR.01:18 | 0.56 |
| 05/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.14:47, DUR.00:18 | 0.28 |
| 05/23/2001 | EXTN.5544, TEL.201-556-4039, S.T.16:04, DUR.00:42 | 0.28 |
| 05/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:06, DUR.00:18 | 0.28 |
| 05/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:19, DUR.07:12 | 2.26 |
| 05/23/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:18, DUR.01:24 | 0.56 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 05/24/2001 | EXTN.3430, TEL.201-843-4900, S.T.11:59, DUR.02:30 | 0.85 |
| 05/24/2001 | EXTN.5422, TEL.973-424-2000, S.T.12:16, DUR.00:48 | 0.28 |
| 05/24/2001 | EXTN.5485, TEL.201-843-4900, S.T.16:15, DUR.02:06 | 0.85 |
| 05/24/2001 | EXTN.5544, TEL.201-843-4900, S.T.12:11, DUR.06:12 | 1.97 |
| 05/24/2001 | EXTN.5544, TEL.312-861-2160, S.T.12:40, DUR.04:54 | 1.41 |
| 05/25/2001 | EXTN.3544, TEL.302-657-4942, S.T.13:31, DUR.00:24 | 0.28 |
| 05/25/2001 | EXTN.5492, TEL.201-556-4039, S.T.16:43, DUR.02:42 | 0.85 |
| 05/25/2001 | EXTN.5544, TEL.201-556-4003, S.T.09:46, DUR.01:00 | 0.28 |
| 05/25/2001 | EXTN.5544, TEL.973-424-2017, S.T.09:59, DUR.01:06 | 0.56 |
| 05/25/2001 | EXTN.5544, TEL.312-861-2160, S.T.10:00, DUR.00:06 | 0.28 |
| 05/29/2001 | EXTN.5492, TEL.201-843-4900, S.T.11:03, DUR.02:06 | 0.85 |
| 05/29/2001 | EXTN.5544, TEL.312-861-2124, S.T.11:12, DUR.02:36 | 0.85 |
| 05/31/2001 | EXTN.3544, TEL.312-861-3103, S.T.18:41, DUR.00:42 | 0.28 |
| 05/31/2001 | EXTN.5492, TEL.302-657-4944, S.T.15:17, DUR.01:24 | 0.56 |
| 05/31/2001 | EXTN.5544, TEL.312-861-3103, S.T.10:35, DUR.01:42 | 0.56 |
| 05/31/2001 | EXTN.5544, TEL.302-657-4900, S.T.18:24, DUR.00:24 | 0.28 |
| 05/31/2001 | EXTN.5544, TEL.302-657-4942, S.T.18:27, DUR.03:00 | 0.85 |
| 05/31/2001 | EXTN.5760, TEL.312-861-2162, S.T.15:35, DUR.01:06 | 0.56 |
| | **Long Distance Telephone Total** | **138.39** |

**Duplicating Costs-in House**

| | |
|---|---|
| 04/19/2001 | 15.30 |
| 04/19/2001 | 0.45 |
| 04/20/2001 | 17.85 |
| 04/26/2001 | 19.35 |
| 04/26/2001 | 15.00 |
| 04/26/2001 | 7.35 |
| 05/01/2001 | 4.10 |
| 05/01/2001 | 4.40 |
| 05/01/2001 | 0.10 |
| 05/01/2001 | 3.40 |
| 05/01/2001 | 0.70 |
| 05/01/2001 | 5.00 |
| 05/01/2001 | 16.20 |
| 05/01/2001 | 5.00 |
| 05/02/2001 | 11.70 |
| 05/02/2001 | 10.70 |
| 05/02/2001 | 32.00 |
| 05/02/2001 | 5.00 |
| 05/02/2001 | 1.00 |
| 05/02/2001 | 0.30 |
| 05/02/2001 | 0.30 |
| 05/02/2001 | 0.20 |
| 05/02/2001 | 0.90 |
| 05/03/2001 | 5.10 |
| 05/03/2001 | 2.00 |
| 05/03/2001 | 11.40 |
| 05/03/2001 | 13.80 |
| 05/03/2001 | 13.30 |
| 05/04/2001 | 39.00 |
| 05/04/2001 | 58.20 |
| 05/04/2001 | 1.50 |
| 05/04/2001 | 0.30 |
| 05/04/2001 | 1.30 |
| 05/04/2001 | 6.40 |
| 05/04/2001 | 0.80 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | |
|---|---|
| 05/04/2001 | 21.70 |
| 05/04/2001 | 27.90 |
| 05/07/2001 | 0.60 |
| 05/07/2001 | 24.60 |
| 05/07/2001 | 2.40 |
| 05/07/2001 | 21.00 |
| 05/07/2001 | 9.60 |
| 05/07/2001 | 2.60 |
| 05/07/2001 | 1.20 |
| 05/07/2001 | 0.60 |
| 05/08/2001 | 3.00 |
| 05/08/2001 | 36.30 |
| 05/08/2001 | 1.50 |
| 05/08/2001 | 2.00 |
| 05/08/2001 | 8.40 |
| 05/08/2001 | 0.30 |
| 05/08/2001 | 2.60 |
| 05/08/2001 | 4.40 |
| 05/08/2001 | 6.30 |
| 05/08/2001 | 2.70 |
| 05/08/2001 | 2.60 |
| 05/08/2001 | 1.90 |
| 05/08/2001 | 49.00 |
| 05/09/2001 | 11.00 |
| 05/09/2001 | 0.80 |
| 05/09/2001 | 1.90 |
| 05/09/2001 | 2.40 |
| 05/09/2001 | 2.40 |
| 05/09/2001 | 0.60 |
| 05/09/2001 | 6.20 |
| 05/10/2001 | 0.40 |
| 05/10/2001 | 67.20 |
| 05/10/2001 | 1.80 |
| 05/10/2001 | 1.80 |
| 05/11/2001 | 1.80 |
| 05/11/2001 | 0.40 |
| 05/11/2001 | 4.20 |
| 05/11/2001 | 24.00 |
| 05/11/2001 | 8.00 |
| 05/11/2001 | 2.30 |
| 05/11/2001 | 3.50 |
| 05/11/2001 | 10.40 |
| 05/11/2001 | 0.60 |
| 05/11/2001 | 0.40 |
| 05/11/2001 | 1.20 |
| 05/11/2001 | 7.40 |
| 05/11/2001 | 1.30 |
| 05/11/2001 | 2.10 |
| 05/14/2001 | 3.00 |
| 05/14/2001 | 2.60 |
| 05/14/2001 | 0.10 |
| 05/15/2001 | 2.60 |
| 05/15/2001 | 0.20 |
| 05/15/2001 | 0.30 |
| 05/15/2001 | 2.70 |
| 05/15/2001 | 2.70 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | | Amount |
|---|---|---|
| 05/15/2001 | | 0.70 |
| 05/15/2001 | | 8.40 |
| 05/16/2001 | | 1.60 |
| 05/16/2001 | | 0.70 |
| 05/16/2001 | | 0.20 |
| 05/16/2001 | | 0.40 |
| 05/16/2001 | | 2.60 |
| 05/17/2001 | | 8.30 |
| 05/17/2001 | | 0.40 |
| 05/17/2001 | | 10.60 |
| 05/17/2001 | | 37.00 |
| 05/17/2001 | | 0.90 |
| 05/17/2001 | | 9.90 |
| 05/17/2001 | | 8.40 |
| 05/18/2001 | | 0.10 |
| 05/18/2001 | | 25.80 |
| 05/18/2001 | | 37.80 |
| 05/21/2001 | | 7.10 |
| 05/21/2001 | | 0.80 |
| 05/21/2001 | | 16.50 |
| 05/23/2001 | | 11.40 |
| 05/23/2001 | | 0.70 |
| 05/23/2001 | | 0.10 |
| 05/24/2001 | | 1.90 |
| 05/24/2001 | | 0.10 |
| 05/24/2001 | | 0.20 |
| 05/24/2001 | | 2.30 |
| 05/25/2001 | | 2.20 |
| 05/25/2001 | | 1.50 |
| 05/25/2001 | | 1.20 |
| 05/25/2001 | | 0.60 |
| 05/25/2001 | | 1.30 |
| 05/25/2001 | | 0.10 |
| 05/25/2001 | | 3.70 |
| 05/25/2001 | | 4.50 |
| 05/29/2001 | | 1.20 |
| 05/29/2001 | | 3.40 |
| 05/29/2001 | | 2.10 |
| 05/30/2001 | | 5.30 |
| 05/30/2001 | | 2.20 |
| 05/30/2001 | | 69.40 |
| 05/31/2001 | | 4.20 |
| 05/31/2001 | | 8.70 |
| **Duplicating Costs-in House Total** | | **1,047.40** |

**Duplicating Costs-Outside**

| 05/18/2001 | VENDOR: Petty Cash; INVOICE#: 05/17/01; DATE: 5/18/01 05/16/01 NY PETTY CASH  J.LI (PROCESS SERVER) OBTAINED COPIES OF COMPLAINT. SDNY - 112 COPIES | 28.00 |
|---|---|---|
| 05/24/2001 | VENDOR: Petty Cash; INVOICE#: 05/23/01; DATE: 5/24/01 05/22/01 NY PETTY CASH  K.CHRISTIAN (PROCESS SERVER) SDNY - USDC COPY  COMPLAINT - COPIED 152 PAGES | 38.00 |
| **Duplicating Costs-Outside Total** | | **66.00** |

**Postage**

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 05/08/2001 | Postage Charged by  on 05/03/2001 | 0.34 |
| 05/08/2001 | Postage Charged by  on 05/04/2001 | 0.76 |
| 05/24/2001 | Postage Charged by  on 05/18/2001 | 2.44 |
| **Postage Total** | | **3.54** |

**Process Service & Calendar Watch**

| | | |
|---|---|---|
| 05/18/2001 | 5/16 Obtained copies of complaint sdny | 40.00 |
| 05/31/2001 | VENDOR: U.S. Document Retrieval Service, Inc.; INVOICE#: 10380; DATE: 5/18/01 Research and Document Retrieval | 604.47 |
| 05/31/2001 | VENDOR: U.S. Document Retrieval Service, Inc.; INVOICE#: 10321; DATE: 5/24/01 Research & Document Retrieval | 184.67 |
| **Process Service & Calendar Watch Total** | | **829.14** |

**In House Messenger Service**

| | | |
|---|---|---|
| 05/15/2001 | Early Bird Messenger Bike Standard from D. KAUFMAN to  JP MORGAN, 380 MADISON AV | 10.75 |
| 05/16/2001 | Early Bird Messenger 05/01/2005 Bike Standard Roundtrip from L. KRUGER to  JP MO | 16.12 |
| **In House Messenger Service Total** | | **26.87** |

**Facsimile Charges**

| | | |
|---|---|---|
| 04/30/2001 | FAX # 901133388368327 | 20.00 |
| 05/01/2001 | FAX # 917-206-4366 | 21.00 |
| 05/01/2001 | FAX # 201-703-4152 | 8.00 |
| 05/01/2001 | FAX # 901133380640892 | 24.00 |
| 05/01/2001 | FAX # 901133380640892 | 28.00 |
| 05/02/2001 | FAX # 973-424-2001 | 3.00 |
| 05/02/2001 | FAX # 302-575-1714 | 3.00 |
| 05/02/2001 | FAX # 305-374-7593 | 3.00 |
| 05/02/2001 | FAX # 302-654-2067 | 3.00 |
| 05/02/2001 | FAX # 644-6455 | 3.00 |
| 05/03/2001 | FAX # 421-6234 | 2.00 |
| 05/03/2001 | FAX # 644-6755 | 4.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/04/2001 | FAX # 410-531-4783 | 3.00 |
| 05/04/2001 | FAX # 312-861-2200 | 3.00 |
| 05/04/2001 | FAX # 718-422-4429 | 9.00 |
| 05/05/2001 | FAX # 201-843-8044 | 60.00 |
| 05/07/2001 | FAX # 201-843-8044 | 7.00 |
| 05/07/2001 | FAX # 201-843-8044 | 4.00 |
| 05/07/2001 | FAX # 410-531-4783 | 3.00 |
| 05/09/2001 | FAX # 201-843-8044 | 31.00 |
| 05/11/2001 | FAX # 799-1349 | 3.00 |
| 05/12/2001 | FAX # 570-1803 | 4.00 |
| 05/15/2001 | FAX # 421-6234 | 25.00 |
| 05/16/2001 | FAX # 973-424-2001 | 2.00 |
| 05/18/2001 | FAX # 302-657-4901 | 2.00 |
| 05/18/2001 | FAX # 570-1803 | 4.00 |
| 05/20/2001 | FAX # 570-1803 | 7.00 |
| 05/21/2001 | FAX # 407-345-1115 | 3.00 |
| 05/22/2001 | FAX # 421-6234 | 1.00 |

| | | |
|---|---|---|
| 05/22/2001 | FAX # 310-772-6937 | 37.00 |
| 05/23/2001 | FAX # 201-843-8044 | 2.00 |
| 05/25/2001 | FAX # 312-660-0528 | 6.00 |
| 05/25/2001 | FAX # 302-652-4400 | 6.00 |
| 05/25/2001 | FAX # 973-424-2001 | 6.00 |
| 05/25/2001 | FAX # 312-861-2200 | 6.00 |
| 05/25/2001 | FAX # 312-660-0528 | 7.00 |
| | **Facsimile Charges Total** | **367.00** |

**Travel Expenses - Transportation**

| | | |
|---|---|---|
| 05/08/2001 | VENDOR: Robert Raskin; INVOICE#: 05/04/01; DATE: 5/8/01 05/03/01  TRAVEL TO NDELAWARE TO MEET WITH CLIENT FOR HEARING - CABFARES AND PARKING | 44.00 |
| 05/21/2001 | VENDOR: CHASE Business Credit Card; INVOICE#: 050101; DATE: 5/1/01 Visa charge 4/12/01 L Kruger NY Penn to Wilmington | 92.50 |
| 05/23/2001 | VENDOR: Petty Cash; INVOICE#: 05/22/01; DATE: 5/23/01 05/18/01  NY PETTY CASH  A.KRIEGER  (MTG. IN DELAWARE) | 23.50 |
| | **Travel Expenses - Transportation Total** | **160.00** |

**Travel Expenses - Lodging**

| | | |
|---|---|---|
| 05/08/2001 | VENDOR: Robert Raskin; INVOICE#: 05/04/01; DATE: 5/8/01 05/03/01  TRAVEL TO NDELAWARE TO MEET WITH CLIENT FOR HEARING - HOTEL | 176.10 |
| | **Travel Expenses - Lodging Total** | **176.10** |

**Travel Expenses - Meals**

| | | |
|---|---|---|
| 05/08/2001 | VENDOR: Robert Raskin; INVOICE#: 05/04/01; DATE: 5/8/01 05/03/01  TRAVEL TO NDELAWARE TO MEET WITH CLIENT FOR HEARING - MEALS | 31.95 |
| | **Travel Expenses - Meals Total** | **31.95** |

**Westlaw**

| | |
|---|---|
| 05/01/2001 | 13.75 |
| 05/02/2001 | 24.39 |
| 05/04/2001 | 55.00 |
| 05/04/2001 | 5.00 |
| 05/08/2001 | 70.70 |
| 05/09/2001 | 193.24 |
| 05/10/2001 | 26.92 |
| 05/11/2001 | 110.00 |
| 05/14/2001 | 11.17 |
| 05/15/2001 | 13.75 |
| 05/15/2001 | 3.75 |
| 05/16/2001 | 17.55 |
| 05/22/2001 | 19.98 |
| **Westlaw Total** | **565.20** |

**Word Processing - Logit**

| | |
|---|---|
| 05/20/2001 | 126.00 |
| **Word Processing - Logit Total** | **126.00** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**Matter Disbursement Summary**

| | |
|---|---|
| Outside Messenger Service | $ 917.94 |
| Overtime | 1125.00 |
| Meals | 477.85 |
| Local Transportation | 821.85 |
| Long Distance Telephone | 138.39 |
| Duplicating Costs-in House | 1047.40 |
| Duplicating Costs-Outside | 70.50 |
| Postage | 3.54 |
| Process Service & Calendar Watch | 829.14 |
| In House Messenger Service | 26.87 |
| Facsimile Charges | 367.00 |
| Travel Expenses - Transportation | 160.00 |
| Travel Expenses - Lodging | 176.10 |
| Travel Expenses - Meals | 31.95 |
| Westlaw | 565.20 |
| Word Processing - Logit | 126.00 |

Total Disbursements/Charges    $ 6,884.73

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.