## ORIGINAL

FILED

2001 JUL -2 PM 7: 16

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline:  July 17, 2001 at 4:00 p.m. (negative notice)**
**Hearing Date:  July 19, 2001 at 12:00 p.m., if necessary**

### NOTICE OF APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF REED SMITH LLP AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL FOR THE DEBTORS

TO:    Parties required to receive notice pursuant to Del. Bankr. LR 2002-1.

On July 2, 2001, the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed the **Application of the Debtors for the Entry of an Order**

**Authorizing the Retention and Employment of Reed Smith LLP as Special Asbestos**

**Products Liability Defense Counsel for the Debtors** (the "Application") with the United States

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

564

614

Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware  19801 (the "Bankruptcy Court").  A true and correct copy of the Application is attached hereto.

Objections and other responses to the relief requested in the Application, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on July 17, 2001.

Objections or other responses to the Application, if any, must also be served so that they are received not later than July 17, 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois  60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801 (fax number 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida  33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware  19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York  10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware  19801

(fax number 302-426-9947); and (v) counsel to the Official Committee of Unsecured Creditors,

Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York

10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris &

Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware  19801-1246 (fax

number 302-657-4901).

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN

ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE

RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR

HEARING.

91100-001\DOCS_DE:25115.1

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE APPLICATION

WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES

DISTRICT JUDGE, ON JULY 19, 2001 AT 12:00 P.M. EASTERN TIME AT THE UNITED

STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING STREET,

WILMINGTON, DELAWARE  19801.


Dated: July 2, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

                              and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession


91100-001\DOCS_DE:25115.1

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: July 17, 2001 at 4:00 p.m. (negative notice)**
**Hearing Date: July 19, 2001 at 12:00 p.m., if necessary**

### APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF REED SMITH LLP AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order pursuant to section 327(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Reed Smith LLP ("Reed Smith") as special asbestos products liability defense counsel for the Debtors, nunc pro tunc to the petition date of the above-captioned proceedings (the "Petition Date"), and in support thereof respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

## Relief Requested

2.      The Debtors respectfully request the entry of an order pursuant to section 327(e) of the Bankruptcy Code authorizing them to employ and retain Reed Smith as special products liability defense counsel to perform certain legal services they will require during the course of these Chapter 11 cases.  Specifically, as more particularly described below, the Debtors seek authorization for Reed Smith, a firm that has defended and tried numerous asbestos products liability cases brought against Debtors since 1989, to continue to defend asbestos products liability cases that have arisen against Grace across the country including, among others, those relating to an attic insulation product known as Zonolite Attic Insulation.

## Basis for Relief Requested

3.      The Debtors have selected Reed Smith as special counsel to defend them in asbestos products liability actions because of Reed Smith's longstanding representation of the Debtors in such actions and the firm's attendant intimate knowledge regarding the Debtors' involvement and defense of asbestos-related lawsuits.

4.      For more than a decade, from 1989 to the petition date, Reed Smith and certain of its partners and associates have rendered legal services to the Debtors in connection with various asbestos property damage cases, asbestos personal injury cases and class actions involving products alleged to contain asbestos.  The Debtors believe that both the strategic interruption and the duplicative costs involved in obtaining substitute counsel to replace Reed Smith in its unique role at this juncture would be extremely harmful to the Debtors and their estates.  Were the Debtors required to retain counsel other than Reed Smith in connection with the defense of asbestos products liability actions, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Reed Smith's ready familiarity with the intricacies of the Debtors' defense of those actions.  As such, the

91100-001\DOCS_DE:25115.1

Debtors submit that Reed Smith is well qualified and uniquely able to provide the specialized legal services and defense sought by the Debtors in asbestos related products liability actions brought against them.   The Debtors believe that Reed Smith's retention as special defense counsel in asbestos products liability actions is in the best interest of the Debtors and their estates.

### Scope of Proposed Retention

5.    The Debtors currently seek to retain Reed Smith, subject to the oversight and orders of this Court, to defend or otherwise represent the Debtors with respect to the following actions:

a.    class actions and putative class actions brought on behalf of owners or occupants of homes containing an attic insulation product alleged to contain asbestos known as Zonolite Attic Insulation ("ZAI");

b.    individual cases brought by homeowners whose homes contain ZAI;

c.    cases alleging property damage caused by asbestos-containing products formerly manufactured and sold by the Debtors including, without limitation, Monokote fireproofing, ZAI and acoustical plaster; and

d.    personal injury actions brought individually or as class actions relating to asbestos-containing products sold by the Debtors.

Reed Smith has indicated its willingness to render the necessary professional services described above as special counsel to the Debtors.  Reed Smith will not serve as general bankruptcy and reorganization counsel to the Debtors.  The Debtors believe that the services Reed Smith will provide will be complimentary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel.  The Debtors are very mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Reed Smith's role as special counsel.

## No Adverse Interest

6.     To the best of the Debtors' knowledge, and based upon the Affidavit of James J. Restivo, Jr. (the "Restivo Affidavit") filed in support of this Application, Reed Smith does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Reed Smith is to be employed.  Further, to the best of the Debtors' knowledge and based on the Restivo Affidavit, Reed Smith does not have any connection with any creditors or other parties in interest or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Restivo Affidavit.

## Compensation

7.     In accordance with section 330(a) of the Bankruptcy Code, the Debtors propose to compensate Reed Smith on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Reed Smith.   The primary members of Reed Smith who will be handling the above matters and their current standard hourly rates are:

| Attorney | Hourly Rate |
|---|---|
| (a)     James J. Restivo, Jr. | $390 per hour |
| (b)     Lawrence E. Flatley | $340 per hour |
| (c)     Douglas E. Cameron | $325 per hour |
| (d)     James W. Bentz | $260 per hour |

Given the extensive experience of the above-mentioned attorneys at Reed Smith in the defense of Debtors in asbestos products liability actions, the Debtors believe that the hourly rates set forth above are reasonable and should be approved.

8.     As set forth in the Restivo Affidavit, the hourly rates described above are subject to periodic adjustments to reflect economic and other conditions.  Other of Reed Smith's attorneys or paralegals may from time to time serve the Debtors in the matters for which Reed Smith's retention is sought.  Reed Smith's rates are set at a level designed to compensate Reed Smith fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead

91100-001\DOCS_DE:25115.1

expenses.  It is Reed Smith's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telecopier, toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  Reed Smith will charge the Debtors for these expenses in a manner and at rates consistent with the charges generally made to Reed Smith's other clients. Reed Smith believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

9.      Reed Smith will submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

### Conclusion

10.     For the reasons set forth above and in the Restivo Affidavit, the Debtors believe that the attorneys at Reed Smith are well qualified to act on the Debtors' behalf in defending asbestos products liability actions brought against the Debtors.  The Debtors further believe that the engagement of Reed Smith is essential to the Debtors' defense of asbestos products liability actions and the Debtors' successful reorganization.  The Debtors further believe that the retention of Reed Smith is necessary and in the best interest of the Debtors and their estates.

## Notice

11.     Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to the official committees appointed in these Chapter 11 cases and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

12.     No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the retention and employment of Reed Smith as special corporate counsel for the Debtors, nunc pro tunc to the Petition Date and grant them such other and further relief as is just and proper.

Wilmington, Delaware
Dated: July 2, 2001

Respectfully submitted,

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01339 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AFFIDAVIT OF JAMES J. RESTIVO, JR. IN SUPPORT OF THE APPLICATION OF THE DEBTORS TO EMPLOY REED SMITH LLP AS SPECIAL DEFENSE COUNSEL FOR THE DEBTORS IN ASBESTOS PRODUCTS LIABILITY ACTIONS**

COMMONWEALTH OF PENNSYLVANIA       )
                                                            )                ss:
COUNTY OF ALLEGHENY                       )

JAMES J. RESTIVO, JR., being duly sworn, upon his oath, deposes and says:

1.    I am a partner of Reed Smith LLP located at 435 Sixth Avenue, Pittsburgh, PA  15219 ("Reed Smith").

---

[1]    The Debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Coca Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Garcoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc. Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc, E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    I am an attorney at law and a member of the bars of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania, the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

3.    I make this Affidavit in support of the application of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order authorizing the employment of Reed Smith as special asbestos products liability defense counsel for the Debtors, nunc pro tunc to the petition date herein, pursuant to sections 327(e) of the Bankruptcy Code (the "Application").  This Affidavit constitutes the statement of Reed Smith pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

4.    I am not related and, to the best of my knowledge after inquiry of Reed Smith's members, counsel and associates, no other attorney of Reed Smith is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

5.    I do not hold or represent and, to the best of my knowledge and information, no other attorney of Reed Smith holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Reed Smith's retention is sought.  Insofar as Reed Smith has been able to ascertain, neither I, nor Reed Smith, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

6.    For more than a decade, Reed Smith and certain of its members and associates have rendered legal services to the Debtors and their affiliates in the defense of various asbestos products liability actions.  Specifically, Reed Smith has represented the Debtors in products liability asbestos cases allegedly involving property damage and, to a much lesser extent, bodily injury.

7.      Specifically, in 1989, Reed Smith began representing the Debtors in the defense of products liability property damage actions relating to Debtors' former manufacture and sale of asbestos-containing products and since 1989 has been one of the Debtors' lead national defense counsel with respect to such matters.  Reed Smith has defended the Debtors in numerous such property damage actions.  Reed Smith has tried large asbestos property damage product liability cases for the Debtors to jury verdict in the States of Pennsylvania, New York and West Virginia.  Most recently, Reed Smith represented the Debtors in an evidentiary hearing in state court in Washington State and prevailed in defeating class members' motion for a preliminary injunction with respect to the product formerly sold by the Debtors and known as Zonolite Attic Insulation.  Reed Smith has represented the Debtors in asbestos products liability property damage actions in numerous other jurisdictions across the country in pre-trial proceedings including extensive fact and expert discovery and motion practice.  Reed Smith has also represented the Debtors on appeal in various asbestos product liability actions.

8.      In the past year, Reed Smith has represented the Debtors in defense of a wave of relatively new asbestos products liability actions relating to Zonolite Attic Insulation and brought as class actions and individual cases across the country from Washington State to Massachusetts. Accordingly, Reed Smith has expertise in such matters which is central to the Debtors' defense of these lawsuits as well as the Chapter 11 Cases and necessitates Reed Smith's involvement in the Chapter 11 Cases going forward.

9.      The Debtors owe Reed Smith approximately $35,000 for pre-petition legal services and expenses, much of which was time or expenses (e.g., telephone, transcripts, travel, duplicating, etc.) incurred and not yet billed.

10.      In matters unrelated to this case, Reed Smith has in the past represented, currently represents, and likely in the future will represent certain of the Debtors' and their affiliates' significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, sureties, lessors and customers, together with certain

co-defendants and other parties to litigation with the Debtors (all as identified in the exhibits filed in support of the Debtors' application to retain Kirkland & Ellis as bankruptcy and reorganization counsel filed herein) (the "K&E Exhibits"), as well as certain attorneys, accountants, and financial advisers for such entities.

11.     Reed Smith has undertaken a comparison of the most complete list currently available of Reed Smith's clients.  To the best of my knowledge and information as a result of this comparison, it appears that Reed Smith may have represented or does represent in certain unrelated corporate, litigation, creditors' rights and other matters the entities in the K&E Exhibits listed on Schedule 1 hereto, or their affiliates, parents or subsidiaries.

12.     From time to time, Reed Smith has also represented former asbestos producers who are defendants in bodily injury cases along with one or more of the Debtors.  In Pennsylvania, Reed Smith represented one or more of such defendants along with one or more of the Debtors, with the consent of all the clients involved, as a cost sharing device when common issues were involved.  Such clients included, at various times, Pittsburgh Corning Corporation, Owens-Illinois, GAF Corporation, AC&S Corporation, and on limited occasions, so-called "peripheral" defendants in individual cases.  Pittsburgh Corning Corporation, since April 16, 2000 has been a debtor in its own bankruptcy and Reed Smith has been appointed bankruptcy counsel.  GAF Corporation is also a debtor in its own bankruptcy and Reed Smith no longer represents that company.  Reed Smith has continued to represent its non-bankrupt clients as described above in asbestos bodily injury cases.   To the best of my knowledge, these representations do not include any interest adverse to the Debtors and the matters upon which Reed Smith is to be engaged.

13.     Reed Smith intends to apply to the Court for compensation for professional services rendered in connection with its defense of Debtors in asbestos products liability cases, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Rules and any Orders of the Court.  Reed Smith will charge hourly

rates to the Debtors that are consistent with customary hourly rates charged by Reed Smith, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that Reed Smith incurs. The principal members of Reed Smith who will be handling the representation and their current standard hourly rates are:

|  | **Attorney** | **Hourly Rate** |
|---|---|---|
| (a) | James J. Restivo, Jr. | $390 per hour |
| (b) | Lawrence E. Flatley | $340 per hour |
| (c) | Douglas E. Cameron | $325 per hour |
| (d) | James W. Bentz | $260 per hour |

Associates and paralegals billed at lower hourly rates will also be used in these cases.

14.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which Reed Smith's retention is sought. Reed Smith's rates are set at a level designed to compensate Reed Smith fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Reed Smith's policy to charge its clients in all areas of practice for such additional expenses as telecopier, toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Reed Smith will charge the Debtors for these expenses in a manner and at rates consistent with the charges generally made to Reed Smith's other clients. Reed Smith believes that it is fairer to

charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

15.     No promises have been received by Reed Smith as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Reed Smith has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

James J. Restivo, Jr.

Sworn to before me this
8ᵗʰ day of June, 2001

Diana Lynn Hannes

Notarial Seal
Diana Lynn Hannes, Notary Public
Pittsburgh, Allegheny County
My Commission Expires Mar. 29, 2004
Member, Pennsylvania Association of Notaries

## SIGNIFICANT CURRENT VENDORS OF DEBTORS
## WHO MAY BE CURRENT OR FORMER CLIENTS OF REED SMITH

| | | |
|---|---|---|
| Alcoa, Inc. | Chevron USA | Exxon Chemical |
| Amerada Hess Corp. | Ciba Specialty Chemicals Corp. | ExxonMobil Global Services Co. |
| Amoco Oil Co. | Climax Molybdenum, Inc. | Fraser Paper |
| AON Risk Services, Inc. of New York | Cognis Corp. | Fuller, H.B. Licensing & Financing, Inc. |
| Ashland Chemical Company | Colorado Department of Revenue | G.E. Capital Fleet Services, Inc. |
| Aspen Technology, Inc. | Condea Vista Company | Gentek, Inc. |
| Atofina Chemicals, Inc. (f/k/a ELF Atochem North America, Inc., a/f/a Pennwalt Corp.) | Coral Energy, L.L.C. | Georgia Pacific (GP Gypsom) Corp. |
| Baltimore Gas & Electric Company, Inc. | Crown Cork & Seal Company, Inc. | The Goodyear Tire & Rubber Company |
| Bank of Boston | CSR America | Great Lakes Chemical Corporation |
| Bank One Corp. | Custom Metal | Handy Chemicals, Inc. |
| BASF Corp. | Cyro Industries | Henkel Corporation |
| Bayer Corp. | Daelim Industrial Company, Ltd. | Hercules, Inc. |
| BP Amoco Chemical Company | Dexco Polymers, Inc. | Holme, Roberts & Owen L.L.P. |
| BP International Ltd. | The Dow Chemical Company, Inc. | Huntsman Corp. |
| Calumet Lubricants Co. | DuPont Dow Elastomers Co. | Huntsman Petrochemical Corp. |
| Canada Trust | E.I. DuPont De Nemours & Co., Inc. | Hydro-Quebec |
| Cargill | ELF Atochem S.A. | IMC Global, Inc. |
| Cass Logistics EDI/ACH | ELF Atochem North America, Inc. | International Paper Company, Inc. |
| Celanese Ltd. | Elkem A.S.A. | J.M. Huber Corporation |
| Chalmette Refining L.L.C. | Engelhard Corporation | Kaiser Alumina Chemicals, Inc. |
| Blue Circle, Inc. | Entergy Corp. | |

## Schedule 1

| | |
|---|---|
| Louisiana Department of Revenue | Reichhold Chemicals, Inc. |
| Lafarge Corp. | Reliant Energy, Inc. |
| Laporte P.L.C. | Repsol Quimica S.A. |
| Lenape Industries, Inc. | Rohm & Haas Company, Inc. |
| Lyondell Chemical Company, Inc. | SAP America, Inc. |
| Marsh USA, Inc. | Sevenson Environmental Services, Inc. |
| Martin Gas Sales, Inc. | Shell Chemical Co. |
| | Silgan Container Corp. |
| Millennium Petrochemicals | Solvay Minerals, Inc. |
| Mobil Chemical Company | South Carolina Gas & Electric Company |
| Mobil Oil Company | Spaulding & Slye Co., Inc. |
| MOLYCORP | Stepan Company, Inc. |
| Occidental Chemical Corporation | Sun Refining & Marketing Co. |
| OMG Americas, Inc. | The Scotts Company, Inc. |
| Owens Corning Fiberglass, Inc. | |
| Owens Corning, Inc. | Union Carbide Corporation |
| Pacific Life Insurance Company | United States Gypsum Company |
| Phillips Electronics, Inc. | |
| Phillips Petroleum Company | |
| PPG Industries, Inc. | |
| PQ Corporation | |
| Reagent Chemical & Research, Inc. | |

## SIGNIFICANT CURRENT CUSTOMERS OF DEBTORS
## WHO MAY BE CURRENT OR FORMER CLIENTS OF REED SMITH

| | | |
|---|---|---|
| ABC Supply Co., Inc. | Dupont Dow Elastics Co. | The Scotts Company, Inc. |
| Admixtures, Inc. | Dynasol, Inc. | Shell Chemical Co. |
| Akzo Coatings, Inc. | E.I. Dupont De Nemours & Company, Inc. | The Sherwin Williams Company, Inc. |
| Allied Building Products, Inc. | Equistar, Inc. | Silgan Container Corp. |
| Alon USA L.P. | Exxon Mobil Corp. | Solvay Polymers, Inc. |
| Amerada Hess Corp. | Goodyear Tire & Rubber Co. | Sun Chemical, Inc. |
| Atofina Petrochemicals, Inc. | Honeywell International, Inc. | Toyota Motor Corp. |
| BASF Corp. | Johnson Matthey, P.L.C. | TOSCO Corp. |
| Bayer Corp. | Kenseal Construction Products, Inc. | Ultramar Diamond Shamrock Corp. |
| Boise Cascade Corp. | Lafarge Corp. | Unilever N.V. |
| BP Amoco, P.L.C. | Lyondell Chemical Company, Inc. | Union Carbide Corp. |
| BP Amoco Chemical Company | Marathon Ashland Petroleum, L.L.C. | The Valspar Corporation |
| Bradco Supply Corp. | Millipore Corp. | Virginia Concrete Co., Inc. |
| Cameron Ashley Bldg. Products, Inc. | Mitsui & Co., Ltd. | Vulcan Materials Company, Inc. |
| Cemex USA, Inc. | Mobil Chemical Company | |
| Chevron USA | Mobil Oil Company | |
| CITGO Petroleum Corp. | Motiva Enterprises, Inc. | |
| Colgate Palmolive Company, Inc. | Owens Corning Fiberglass, Inc. | |
| CONOCO, Inc. | Phillips Petroleum Company, Inc. | |
| Crider & Shockey, Inc. | PPG Industries, Inc. | |
| CSR Hydro Conduit, Inc. | Reichhold Chemicals, Inc. | |
| Daramic, Inc. | Reilly Industries, Inc. | |
| Dow Corning Corp. | Robertson's Ready Mix, Ltd. | |

-3-

## DIRECTORS AND OFFICERS OF DEBTORS
## WHO MAY BE CURRENT OR FORMER CLIENTS OF REED SMITH

It appears as though the following individuals are present or former clients of Reed Smith. These individuals have names similar to those of present or former officers and directors of the Debtors. Indeed, these individuals may not be the individuals listed as Directors and Officers of Debtors and Reed Smith is conducting further investigation.

D. F. Garvey

J. Elder

John J. Murphy

Michael A. Miller

Paul McMahon

R. H. Locke

W. Brian McGowan

**PLAINTIFFS AND OTHER PARTIES IN INTEREST
TO NON-ASBESTOS LITIGATION AGAINST DEBTORS
WHO MAY BE CURRENT OR FORMER CLIENTS OF REED SMITH [1]**

| | | |
|---|---|---|
| Abbott, Eugene | General Refractories Co. | Mobil Oil Co. |
| Baker, Sr., George | Gojer, Inc. | Monsanto Company |
| Carnegie Public Library | Grand Saw & Machine, Inc. | Murphy Oil USA, Inc. |
| Danville Local School District | Gulf Oil Corp. | National Chemical Corp. |
| ExxonMobil Corporation | Harbison-Walker Refractories Co. | National Medical Care, Inc. |
| Fairfield Local School District | Harry Miller Corporation | Never-Seez Compound Corporation |
| Farifield Union Local School District | Hazen Petroleum, Inc. | Neville Chemical Company |
| Franklin Public Library | Housley-Kimmich Company | North American Refracatories |
| Franklin City School District | Humble Oil & Refining Co. | Parkin Chemical Company |
| Gill, James | Imperial Oil & Grease Co. | Pro-Chem. Inc. |
| Girard City School District | Imperial Metallic Lubricants, Inc. | Prudential Lines, Inc. |
| Hatco Corporation | Industrial Petroleum Chemicals | Quaker Chemical Corporation |
| Highland Local School District | Jamestown Paint & Varnish Company | Ralph A. Hiller Company |
| Dextrex Corp. | Kaiser Aluminum & Chemical Sales | Reilly Tar & Chemical Corporation |
| Dow Chemical USA | Kennametal | Saville & Co. |
| E.F. Houghton & Company | L.O. Burrell Company | |
| English China Clays, Inc. | L.P.S. Research Laboratories, Inc. | Shell Pipeline Corporation |
| Exxon Co. USA | Laboratory Equipment Co. | State of Michigan, Department of Corrections |

---

[1]    It appears as though the individuals listed below are present or former clients of Reed Smith.  These individuals have names similar to those of plaintiffs and other parties-in-interest to non-asbestos litigation against Debtors.  Indeed, these individuals may not be the individuals that are plaintiffs and other parties in interest to non-asbestos litigation against Debtors.

| | | |
|---|---|---|
| FINA Oil and Chemical Company | Magnaflux Corporation Management, Inc. | Stauffer Chemical Co. |
| Fiske Bros. Refining, Co. | Marathon Oil | Sun Company |
| Fresenius Medical Care, Inc. | Maurice A. Knight Company | Texaco, Inc. |
| G. Whitfield Richards | McKesson Chemical Co. | Texaco Refining and Marketing, Inc. |
| Gateway Industrial Supply | Merrill Lynch, Pierce, Fenner & Smith, Inc. | Independence Local School District |
| James Gill, on behalf of Calif. General Public | Anchor Chemical Company | Calgon Corporation |
| Jones, Richard | Andrews Oil Company | Chase Kurz & Co. |
| Kelley, Joan Mary | ASARCO Incorporated | Chevron U.S.A., Inc. |
| Kester, Dale | Ashland Oil, Inc. | Chevron Products Company |
| Lakeview Local Schools | Atlantic-Richfield Company | Colowyo Coal Company, L.P. |
| Medical College of Ohio | B.P. Oil Corporation | Credit Suisse First Boston Corp. |
| Pishioneri, James | Baker & Taylor, Inc. | D.A. Stuart Oil Co., Ltd. |
| Roberts, John | Basic, Inc. | Texize Chemicals, Inc. |
| Salem City School District | Bearings and Transmissions, Inc. | The Steco Corp. |
| Springfield Local School District | Bearings, Inc. | The Filtron Co., Inc. |
| | Beaver Alkali Products | Union Pacific Railroad Company |
| Tennison, Kathleen | Beazer East, Inc. | Union Oil Co. of California |
| United States Department of Interior | Berry Bearing Company | Union Carbide Corporation |
| Washington Court House City Schools | Betz Laboratories, Inc. | United Refining Company |
| Wrights, James | Betz/Dearborn, Inc. | United States Steel Corp. |
| A.P. Green Services, Inc. | Bigelow-Liptak Company | Burrell Corporation |
| Allegheny Solvens and Chemicals Company | Blackhawk Chemical Company | Amoco Corporation |
| Amchem Products, Inc. | Boron Oil Company | |

American Trading &          Bostik, Inc.
Production Corp.

American Petrofina, Inc.     Boyer Chemical Laboratory
                             Company

## ISSUERS OF THE DEBTORS' OUTSTANDING LETTERS OF CREDIT
## WHO MAY BE CURRENT OR FORMER CLIENTS OF REED SMITH

ABN AMRO Bank            Bank of America              Citibank

J.P. Morgan Chase        Waschovia Bank & Trust

## BANK CREDITORS OF THE DEBTORS
## AND AGENTS AND INDENTURE TRUSTEES
## WHO MAY BE CURRENT OR FORMER CLIENTS OF REED SMITH

| | | |
|---|---|---|
| The Chase Manhattan Bank (agent) | The Depository Trust Company | Bank of America, N.A. |
| J.P. Morgan & Chase Co. | First Union Bank | Credit Suisse First Boston Corp. |
| Dresdner Bank A.G. | Bank of Nova Scotia | ABN Amro Bank N.V. |
| Bank of New York | Northern Trust Bank | Wachovia Bank and Trust Company, N.A. |
| Hapoalim | Barclays Bank PLC | Citibank, N.A. |
| Commerzbank A.G. | Credit Lyonnais | HSBC/MarineMideland |
| Lloyds Bank, Dubai | CEDE &CO. (indenture trustee) | Deposit Guaranty Corp. (indenture trustee) |
| Marine Midland | HSBC | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF REED SMITH LLP AS SPECIAL ASBESTOS
PRODUCTS LIABILITY DEFENSE COUNSEL FOR THE DEBTORS**

UPON THE APPLICATION (the "Application") of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") seeking entry of an order under Section 327(e)

of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the

Debtors to employ and retain Reed Smith LLP ("Reed Smith") as special asbestos products

liability defense counsel for the Debtors with respect to the specified matters set forth in the

Application; and upon the Affidavit of James J. Restivo, Jr. submitted in support of the

Application; and it appearing that the relief requested is in the best interest of the Debtors' estates

and their creditors and other parties in interest; and it appearing that this is a core matter under 28

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc , Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

U.S.C. § 157; and it appearing that Reed Smith does not represent any interest adverse to the Debtors or their estates with respect to the matters on which Reed Smith is to be employed; and it appearing that the terms and conditions of Reed Smith's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

**NOW, THEREFORE, IT IS HEREBY:**

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to Section 327(e) of the Bankruptcy Code, the retention and employment of Reed Smith as special asbestos products liability defense counsel for the Debtors for the purposes set forth in the Application is hereby approved, *nunc pro tunc* to the petition date of the above-captioned proceedings; and it is further

ORDERED that Reed Smith shall be compensated under Sections 330 and 331 of the Bankruptcy Code and any Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of James J. Restivo, Jr. in support of the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of Reed Smith shall be an administrative expense of the Debtors' Estates; and it is further

ORDERED that this Order shall become effective immediately upon its entry; and it is further

#713281 v1

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2001

_____
Joseph J. Farnan, Jr.
United States District Judge