**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 01-01139 (JJF)<br>(Jointly Administered)<br><br><br>Objections Due By: July 13, 2001 @ 4:00 p.m.<br>Hearing Date: July 19, 2001 @ 12:00 p.m. |
| W. R. GRACE & CO., et al., | | |
| Debtors. | | |

### RESPONSE AND OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") objects to the Motion of Debtors for Entry of an Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets (the "Motion"), filed by the above-referenced debtors (the "Debtors"). In support hereof, the PD Committee would show as follows:

1. By way of the Motion, the Debtors seek to establish a truncated process for the sale or abandonment of what they deem to be de minimis assets. The omnibus procedures proposed by the Debtors would authorize the Debtors to sell or abandon assets (a) with a value of up to $1,000,000, without any prior notice to anyone or Court approval; and (b) with a value from $1,000,000 but not greater than $5,000,000, upon ten days' negative notice to certain parties.

2. The Debtors base the Motion on Sections 363(b), 554(a) and 1108 of the Bankruptcy Code; however, none of the recited statutory authority supports the Debtors' contention that notice and a hearing prior to selling or abandoning property of estate can be

waived. Indeed, Section 363(b) expressly provides that the use or sale of property of the estate may only occur **"after notice and a hearing"** (emphasis added). Likewise, Section 554(a) expressly provides that abandonment of property of estate may only occur **"after notice and a hearing."** (emphasis added). "An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

3. The proposed omnibus procedures altogether disenfranchise parties in interest in respect of agreements to sell assets entered into by the Debtors for less than $1,000,000. There is absolutely no mechanism or procedure for a party in interest to object to any such sale. The Debtors do not even propose to apprise the Court of sales below this amount, whether they are for $1.00 or for $999,999.99. Making matters worse perhaps, the proposed procedures provide no limitation on the aggregate amount of sales that the Debtors may make. As a result, the Debtors, under this self-concocted scheme, conceivably could sell fifty different assets each worth $900,000, for an aggregate of $45,000,000; hardly an amount that any reasonable person would consider "de minimus." The Debtors' argument that such amounts are minor in comparison to the size of its overall company is misplaced. As the Tenth Circuit succinctly stated, "in our view, the absolute value of the six figure cash sum in question alone should preclude its characterization as de minimus, regardless of its value relative to some other particular measure." In re Robinson Bros. Drilling, Inc., 6 F.3d 701, 704 (10th Cir. 1993).

4. As for sales between $1,000,000 and $5,000,000, the proposed procedures fail to heed the requirements for approval of a sale discussed in the Motion itself! As set forth in paragraph 13 of the Motion, whether a sale should be approved "is a matter addressed to the

2

Court's discretion," yet, the omnibus procedures entail no consideration by the Court absent an objection by a limited universe of so-called Sale Notice Parties. Rather, the proposed procedures expressly provide that the Court's approval function would be transferred to the Debtors. (Motion ¶15).

5.  Moreover, the proposed procedures have the effect of shifting the burden to creditors to object to a sale whereas the burden actually rests with the Debtors to obtain approval of such a transaction after proving the elemental criteria necessary to evidence that that sale is in the sound business judgment of the Debtors. In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property under [11 U.S.C. § 363(b)], courts require the debtor to show that a sound business purpose justifies such actions."); In re New Era Resorts, LLC, 238 B.R. 381, 387 (Bankr. E.D. Tenn. 1999) (burden falls on debtor to show that it obtained the best possible price for assets sold under a 363 sale).

6.  Further, the proposed ten day period for objection to a sale of assets between $1,000,000 and $5,000,000 is inconsistent with Fed.R.Bankr.P. 2002(a)(2) which requires "at least 20 days' notice by mail" of hearings on approval of a sale of property of the estate "unless the Court for cause shown shortens the time or directs another method of group notice." The Motion fails to establish any cause to affect the 20 days' notice requirement. The mere cost of drafting motions and mailing hearing notices hardly serves as a basis to alter fundamental rights of due process and notions of fair play. Parratt v. Taylor, 451 U.S. 526, 540 (1981). Indeed, the Motion utterly fails to quantify the number of sales, let alone the aggregate amounts thereof, that the Debtors anticipate. Moreover, it entirely omits any description or insight into the dollar

amount sales of assets that occurred prepetition which may allow us to derive a sense of what to expect postpetition.

7. In short, the Motion is yet another attempt by the Debtors to avail themselves of all of the benefits of chapter 11 as a tactical response to pre-petition asbestos litigation with minimal intrusions by either the Court or their creditors in the conduct of the Debtors' businesses. Unfortunately for the Debtors, bankruptcy protection entails accountability, as well as the opportunity for the Court, creditors and other parties in interest to be fully engaged and informed in the process of reorganization.

WHEREFORE, the PD Committee respectfully requests that the Court hear and consider

this Response and Objection and thereupon enter an Order denying the Motion.

Wilmington, Delaware
Dated: July 9, 2001.

Respectfully submitted,
BILZIN SUMBERG DUNN BAENA
    PRICE & AXELROD
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)

and

FERRY & JOSEPH, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By: _____
Michael B. Joseph
(Del. Bar No. 392)
Theodore J. Tacconelli
(Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Response and Objection of the Official Committee of Asbestos Property Damage Claimants to Motion of the Debtors for Entry of an Order Establishing Procedures for the Sale or Abandonment of De Minimus Assets, was made on July 9, 2001, upon:

### BY HAND-DELIVERY

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE 19801

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
1201 N. Market Street, 15th Floor
Chase Manhatten Centre
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246

Frank J. Perch, Esquire
Office of the Unites States Trustee
844 N. King Street
Wilmington, DE 19801

### BY FIRST-CLASS MAIL

James H.M. Sprayregen, Esquire
James W. Kapp, II, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Lewis Kruger, Esq.
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

Under penalty of perjury, I declare that the foregoing is true and correct.

Theodore J. Tacconelli, Esq.