IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 18-10601 (MFW) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LESIA ANSON TO (i) DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SUBSTANTAILLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING STALKING HORSE BIDDING PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF SUBSTATNIALLY ALL OF THE DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (F) GRANTING RELATED RELIEF AND (II)(A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMRANCES, (B) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (C) GRANTING RELATED RELIEF; (ii) NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS; AND (iii) NOTICE OF SUPPLEMENTAL POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Creditor Lesia Anson ("**Anson**") hereby objects and reserves all of its rights and remedies (the "**Limited Objection**") to *(i) Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially all of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://dm.epiq11.com/twc.

1

*Relief* [Bk. D.I. 8] (the "**Motion**"); (ii) *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Bk. D.I. 216] (the "**Notice of Assumption**"); and (iii) *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Bk. D.I. 282] (the "**Supplemental Notice of Assumption**") (collectively, the "**Notices of Assumption**"). In support of this Limited Objection and Reservation of Rights, Anson respectfully represents as follows:

I. **PARTIES, JURISDICTION, AND VENUE**

1. Creditor Lesia Anson is the widow and heir of Jay Anson, the author of the best-selling fictional novel *The Amityville Horror* (hereinafter, the "**Novel**"), and she is the proprietor of the copyright in the Novel.

2. Anson is informed and believes that Debtor The Weinstein Company ("**TWC**") is a limited liability company organized and existing under the laws of the State of Delaware. TWC filed this bankruptcy action pursuant to Chapter 11 of Title 11 of the United States Code on or about March 19, 2018.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a).

4. This is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(I).

5. Venue of this proceeding is properly in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

II. **BACKGROUND**

A. **Pending Federal Copyright Action *Anson v. Weinstein et al.*, No. 2:17-cv-08360-GW (KSx) (USDC C.D. Cal.)**

6. Anson, as the proprietor of the copyright in the Novel, has commenced a federal copyright action against TWC and others who are non-Debtors (collectively, the "**Copyright Defendants**") pending in the U.S. District Court for the Central District of California, No. 2:17-cv-08360-GW (KSx) (the "**Copyright Action**"). The Copyright Action arises out of the Copyright Defendants' production, distribution, and marketing of the 2017 film *Amityville: The Awakening* (the "**Sequel Film**") as a sequel to the 1979 film *The*

*Amityville Horror* and the 2005 remake thereof (also entitled *The Amityville Horror*), which were both based on the Novel.

7. In the Copyright Action, Anson alleges that the Sequel Film is a derivative work of the Novel and willfully infringes Anson's copyright and rights under copyright in the Novel. Anson therefore asserts against the Copyright Defendants claims for Copyright Infringement (17 U.S.C. § 101 *et seq.*), contributory copyright infringement, and vicarious copyright infringement, as well as other related federal and state causes of action. A true and correct copy of the First Amended Complaint in the Copyright Action is attached hereto as Exhibit "A."

8. On April 23, 2018, TWC filed its *Global Notes Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* [Bk. D.I. 320] (the "**Schedules of Assets and Liabilities**"). The Schedule of Assets and Liabilities lists Anson as a creditor with a contingent, unliquidated, disputed claim in an "UKNOWN" amount, referring to Anson's pending claim in the Copyright Action. Bk. D.I. 320 at 3352, Item 3.45.

9. The District Court presiding over the Copyright Act has entered a temporary stay of the action pending the proposed auction and sale of Debtors' assets in this bankruptcy action, and has scheduled a status hearing on the status of this bankruptcy action for May 14, 2018.

10. The gravamen of Anson's copyright claims against TWC and the other Copyright Defendants is that the Sequel purposefully, directly and blatantly copies myriad elements from the Novel, and that the Copyright Defendants failed to obtain or even seek a license from Anson for the right to use such copyrighted elements from the Novel prior to producing, distributing, and marketing the Sequel. Anson has sought all rights and remedies available under the copyright laws in connection with the Copyright Defendants' direct and secondary infringement of Anson's rights in the Novel.

11. Therefore, Anson's claim of copyright infringement, to the extent proven in the Copyright Action or in an Adversary Complaint in this bankruptcy action, creates a lien in favor of Anson against TWC's Sequel Film. In addition, TWC's liability for its infringement of Anson's copyright in the Novel is a non-dischargeable debt in favor of

Anson, because TWC's infringement constitutes "willful and malicious injury" under Bankruptcy Code section 532(a)(6).

### B. *Amityville Awakening* Licensing Deal Memorandum Identified in the Supplemental Notice of Assumption

12.    The Supplemental Notice of Assumption identifies a purported licensing agreement for unspecified rights to the Sequel, as follows:

| 14849 | THE WEINSTEIN COMPANY LLC | STARZ ENTERTAINMENT LLC | DEAL MEMORANDUM LICENSING RIGHTS RE: "AMITYVILLE: THE AWAKENING" EFFECTIVE DATE: 1/12/2018 | $0.00 |
|---|---|---|---|---|

Bk. D.I. at 1366.

13.    The Supplemental Notice of Assumption states that the cure amount for the licensing of rights in the Sequel is $0.00, even though Anson has a pending claim against TWC which may result in a lien against TWC's property, including TWC's rights to the Sequel.

### C. Additional *Amityville* Agreements Identified in the Notice of Assumption

14.    The Notices of Assumption also identify a variety of other purported agreements which may refer to *Amityville* properties, including rights in the 1979 film *The Amityville Horror* and/or 2005 remake *The Amityville Horror*, both of which are based on the Novel, and/or the Sequel, which Anson contends infringes the Novel. The Notice of Assumption includes the following agreements:

| 310 | THE WEINSTEIN COMPANY LLC | AMITYVILLE HORROR ENTERPRISES LLC (THE LUTZ HEIRS) | RE: "THE AMITYVILLE HORROR" / AMITYVILLE HORROR ENTERPRESES LLC LETTER WITH THE OPTION PURCHASE AGREEMENT DTD 12/22/2011, W/CHECK #139595 IN THE AMOUNT OF $50,000 EFFECTIVE DATE: 12/22/2011 | $0.00 |
|---|---|---|---|---|
| 311 | THE WEINSTEIN COMPANY LLC | AMITYVILLE HORROR ENTERPRISES LLC (THE LUTZ HEIRS) | RE: "THE AMITYVILLE HORROR" / AMITYVILLE HORROR ENTERPRESES LLC ACKNOWLEDGEMENT AND RECEIPT OF THE CHECK DTD 10/29/2012, W/CHECK # 142463 IN THE AMOUNT OF $225,000 EFFECTIVE DATE: 10/29/2012 | $0.00 |

| 312 | THE WEINSTEIN COMPANY LLC | AMITYVILLE HORROR ENTERPRISES LLC (THE LUTZ HEIRS) | RE: "THE AMITYVILLE HORROR" / AMITYVILLE HORROR ENTERPRESES LLC LETTER AGREEMENT TO CONFIRM THE PRINCIPAL TERMS DTD 7/6/2011 EFFECTIVE DATE: 7/6/2011 | $0.00 |
|---|---|---|---|---|
| 619 | THE WEINSTEIN COMPANY LLC | BARSTU PRODUCTIONS INC | SETTLEMENT AND RELEASE AGREEMENT FOR "AMITYVILE HORROR" EFFECTIVE DATE: 4/16/2004 | $0.00 |
| 4474 | THE WEINSTEIN COMPANY LLC | LUTZ HEIRS | RE: "THE AMITYVILLE HORROR"/OPTION-PURCHASE AGREEMENT/AMITYVILLE HORRO ENTERPRISES LLC EFFECTIVE DATE: 7/6/2011 | $0.00 |

15.  In addition, the Supplemental Notice of Assumption includes the following agreements:

| 1347 | THE WEINSTEIN COMPANY LLC | BARSTU PRODUCTIONS | LUTZ RIGHTS AND TITLE ACQUISITION / "THE AMITYVILLE HORROR" EFFECTIVE DATE: 9/30/2002 | $0.00 |
|---|---|---|---|---|
| 1348 | THE WEINSTEIN COMPANY LLC | BARSTU PRODUCTIONS | OPTION AGREEMENT EXHIBIT A EFFECTIVE DATE: 9/30/2002 | $0.00 |
| 1350 | THE WEINSTEIN COMPANY LLC | BARSTU PRODUCTIONS INC | SETTLEMENT AGREEMENT & RELEASE | $0.00 |
| 1351 | THE WEINSTEIN COMPANY LLC | BARSTU PRODUCTIONS INC | SETTLEMENT AGREEMENT AND RELEASE EFFECTIVE DATE: 11/11/2003 | $0.00 |
| 1352 | THE WEINSTEIN COMPANY LLC | BARSTU PRODUCTIONS INC | SETTLEMENT AGREEMENT AND RELEASE EFFECTIVE DATE: 11/11/2003 | $0.00 |
| 4962 | THE WEINSTEIN COMPANY LLC | ENTERTAINMENT ONE | AGREEMENT TO PRODUCE CONTENT EFFECTIVE DATE: 3/8/2014 | $0.00 |
| 8508 | THE WEINSTEIN COMPANY LLC | KALMANSOHN, MARK E | LUTZ RIGHTS AND TITLE ACQUISITION / "THE AMITYVILLE HORROR" EFFECTIVE DATE: 9/30/2002 | $0.00 |
| 9471 | THE WEINSTEIN COMPANY LLC | LUTZ, GABRIELLE | OPTION-PURCHASE AGREEMENT EFFECTIVE DATE: 7/6/2011 | $0.00 |
| 9472 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | "AMITYVILLE" PROJECTS AGREEMENT EFFECTIVE DATE: 10/22/2003 | $0.00 |
| 9473 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | ASSIGNMENT EXHIBIT B EFFECTIVE DATE: 9/30/2002 | $0.00 |
| 9474 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | CONSULTANT AGREEMENT EFFECTIVE DATE: 3/7/2003 | $0.00 |
| 9475 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | LUTZ RIGHTS AND TITLE ACQUISITION / "THE AMITYVILLE HORROR" EFFECTIVE DATE: 9/30/2002 | $0.00 |

| | | | | |
|---|---|---|---|---|
| 9476 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | OPTION AGREEMENT EXHIBIT A EFFECTIVE DATE: 9/30/2002 | $0.00 |
| 9477 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | RE: "AMITYVILLE" PROJECTS EFFECTIVE DATE: 9/30/2002 | $0.00 |
| 9478 | THE WEINSTEIN COMPANY LLC | LUTZ, GEORGE LEE | RE: THAT CERTAIN AGREEMENT DATED OCTOBER 22, 2003 BETWEEN NY IMAGE [SIC] INC.... EFFECTIVE DATE: 10/22/2003 | $0.00 |
| 9479 | THE WEINSTEIN COMPANY LLC | LUTZ, NOEL | CONSULTANT AGREEMENT EFFECTIVE DATE: 3/7/2003 | $0.00 |
| 9480 | THE WEINSTEIN COMPANY LLC | LUTZ, NOEL | OPTION-PURCHASE AGREEMENT EFFECTIVE DATE: 7/6/2011 | $0.00 |
| 10757 | THE WEINSTEIN COMPANY LLC / W ACQUISITION COMPANY LLC | MIRAMAX FILMS NY LLC | OPTION CO FINANCING AND PARTICIPATION AGREEMENT | $0.00 |
| 10758 | THE WEINSTEIN COMPANY LLC / W ACQUISITION COMPANY LLC | MIRAMAX FILMS NY LLC | OPTION CO FINANCING AND PARTICIPATION AGREEMENT | $0.00 |
| 10760 | THE WEINSTEIN COMPANY LLC / W ACQUISITION COMPANY LLC | MIRAMAX FILMS NY LLC | OPTION, CO-FINANCING AND PARTICIPATION AGREEMENT | $0.00 |

### III.  ARGUMENT

#### A.  Anson Objects to the Assumption or Assignment of Any Rights in the Sequel.

15.   Anson's copyright infringement claim against TWC, if adjudicated in Anson's favor, will create a lien on TWC's property, including without limitation TWC's Sequel Film. Notwithstanding Anson's contingent claim and resulting contingent lien, TWC appears to intend to assign some unidentified portion of its rights in the Sequel Film pursuant to the Supplemental Notice of Assumption. *See* Bk. D.I. at 1366.

16.   Anson objects to such assumption and assignment, on the grounds that TWC's rights to the Sequel may not be assigned free and clear of Anson's contingent claim and resulting contingent lien against such rights. Anson further objects to the purported cure amount of "$0.00" for TWC's proposed assumption and assignment of rights in the Sequel, on the ground that the cure amount must cover Anson's contingent claim. *See* Bk. D.I. at 1366.

17.   In addition, Bankruptcy Code Section 523(a)(6) provides an exception to the discharge of any debt "for willful and malicious injury by the debtor to another entity or

to the property of another entity[.]" Anson has indeed alleged in the Copyright Action that TWC's (and the other Copyright Defendants') infringement of her rights in the Novel is "willful." *See* Ex. A. ¶¶ 58, 60, 90, 100. Accordingly, Anson's copyright claim against TWC, if adjudicated in Anson's favor, supports a finding that TWC's infringement of Anson's rights constitutes a "willful and malicious injury" under Section 523(a)(6). *See In re Braun*, 327 B.R. 447 (Bankr. N.D. Cal. 2005) (statutory damages awarded for copyright infringement constituted nondischargeble debt under "willful and malicious injury" prong of Section 325(a)(6)). In addition to Anson's damages awarded against TWC in the Copyright Action, Anson's attorneys' fees and costs awarded to Anson in the Copyright Action would also constitute nondischargeable debt. *Id.* (based on "reasonable meaning of the various exceptions to discharge set forth in section 523(a) and on the policy concerns underlying these exceptions . . . Debtor's obligation to pay sanctions, attorney fees and cost[s] to Plaintiff" in copyright infringement matter "is also nondischargeable").

18. Therefore, Anson objects to the assumption or assignment of any of TWC's rights in the Sequel to the extent such assumption or assignment is free and clear of any damages, attorneys' fees, and costs awardable to Anson in the Copyright Action.

**B. Anson Objects to the Assumption or Assignment of Any Rights in the Novel Free and Clear of TWC's or Assignor's Obligations to Anson.**

19. To the extent the agreements identified in the Notices of Assumption, including without limitation the agreements identified at Part II.C above, relate to rights in the Novel, Anson objects to any assumption or assignment of such agreements that would prejudice Anson's rights in the Novel. In particular, if any agreement in the Notices of Assumption purports to provide for the exploitation of the copyrights or rights under copyright embodied in the Novel, TWC and any assignee of such agreements would be required to compensate Anson for such exploitation.

20. Therefore, Anson objects to any assumption or assignment of any agreement related to the copyright in the Novel that would abrogate TWC's or any assignee's obligations to Anson for the use of such copyright or rights under copyright.

C.  **Further Reservation of Rights.**

21. Anson further objects to any purported discharge of any kind of any amount owed by TWC to Anson pursuant to Anson's contingent claim in the Copyright Action.

22. Anson reserves the right to bring an Adversary Complaint or Administrative Claim(s) against TWC in this action pursuant to the grounds stated in this Limited Objection and/or any other grounds afforded by the Bankruptcy Code or other applicable law.

23. Anson reserves her rights to amend this Limited Objection and to raise any other such Objection(s), at the hearing as to these Objection(s) or otherwise, and reserves all other rights and remedies afforded to Anson under the Bankruptcy Code or other applicable law.

Respectfully submitted,

April 30, 2018               TOBEROFF & ASSOCIATES, P.C.

By: _____
Marc Toberoff
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Tel: (310) 246-3333
Fax: (310) 246-3101

(association with Delaware counsel pending per Del. Bankr. L.R. 9010-1(d))

*Counsel for Lesia Anson*