# EXHIBIT C

## ASSIGNMENT AGREEMENT

This Agreement (the "**Agreement**") dated July 31, 2007, is entered into by and among Dimension Films, a division of The Weinstein Company LLC (the "**Assignee**"), whose address is 375 Greenwich Street, 4th Floor, New York, NY 10013, on the one hand, and Piranha Pictures, LLC ("**PPL**"), whose address is 8899 Beverly Boulevard, Suite 510, Los Angeles, CA 90048, Chiller Films, LLC ("**Chiller**"), whose address is 8899 Beverly Boulevard, Suite 510, Los Angeles, CA 90048, IPW, LLC ("**IPW**"), whose address is 2049 Century Park East, Suite 2720, Los Angeles, CA 90067, Relativity Media, LLC ("**Relativity**"), whose address is 8899 Beverly Boulevard, Suite 510, Los Angeles, CA 90048, and Atmosphere Entertainment ("**Atmosphere**"), whose address is 4751 Wilshire Blvd., 3rd Fl, Los Angeles, CA 90010, on the other hand. PPL, Chiller, IPW, Relativity, and Atmosphere are referred to herein individually, collectively, jointly and severally as "**Assignor**."

## WITNESSETH

WHEREAS, PPL is joint venture between Chiller and IPW;

WHEREAS, Chiller is a joint venture between Relativity and Atmosphere;

WHEREAS, Assignee and Relativity have entered into or are concurrently entering into that certain letter agreement dated as of April 4, 2007 (the "**TWC-RM Agreement**") in connection with the motion picture project currently entitled "Piranha" (the "**Picture**"); and

NOW, THEREFORE, in consideration of entering into the TWC-RM Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in consideration of the mutual covenants and agreements herein set forth, the parties hereto hereby agree as follows:

1. <u>Assignment of Rights</u>: Reference is hereby made to (i) that certain literary, dramatic, and other material, including the title, themes, stories and all other contents thereof, and the characters therein, and all translations, adaptations, sequels and other versions thereof and any other material of any kind, pertaining or related to the foregoing or to the Picture, whether now owned or hereafter acquired by Assignor (collectively, the "**Property**") and (ii) the literary material and documents enumerated in "Exhibit A" attached hereto and by this reference made a part hereof and all other documents pertaining to or related to the foregoing or to the Picture (collectively, the "**Documents**"). Assignor does hereby sell, assign, transfer and set over unto Assignee exclusively, in perpetuity and throughout the universe, all of Assignor's right, title and interest in and to the Property and in and under the Documents (the "**Rights**"). The Rights include without limitation all copyrights, neighboring rights, trademarks and any and all other ownership and exploitation rights in the Property now or hereafter recognized in any and all territories and jurisdictions including, by way of illustration, production, reproduction, distribution, adaptation, performance, fixation, rental and lending rights, exhibition, broadcast and all other rights of communication to the public, and the right to exploit the Property throughout the universe in perpetuity in all media, markets and languages and in any manner now known or hereafter devised. Assignor acknowledges and agrees that the certain unexecuted

1

CC1:758195.5

draft Term Sheet between PPL and Exception-Wild Bunch, S.A. dated January __, 2006, is void and without any force or effect.

Nothing contained in this Agreement shall be construed as requiring Assignee to exercise or exploit, or continue to exercise or exploit, any of the rights herein granted. The rights herein granted are in addition to, and this Agreement shall in no way limit, the rights with respect to the Property or the subject matter thereof which Assignee may now or hereafter enjoy as a member of the general public.

2. **Representations, Warranties and Covenants**: Assignor hereby represents, warrants and agrees that: (a) it has full right, power, and authority to enter into this Agreement and to assign the Rights to the Company as herein provided, and Assignee may exercise any and all of the Rights without obtaining the consent of any person, firm, corporation or other entity; (b) the Documents have not been amended or modified or cancelled or rescinded and are in full force and effect as originally signed, and neither Assignor nor any other party thereto is in default in any material respect under terms of the Documents, nor has any event or circumstance occurred that, with notice or lapse of time or both, would constitute any event of default thereunder; (c) other than the Documents, there are no contracts or agreements (whether oral or written) to which Assignor is a party or a third party beneficiary affecting Assignor's right in the Property and/or Documents, and if subsequent to the date hereto Assignor discovers the existence of any such contract or agreement, Assignor shall promptly, if Assignee so requests, assign all of Assignor's rights under said contract or agreement to Assignee; and (d) Assignor has delivered to Assignee a copy of each of the Documents and fully satisfied, performed and discharged all of Assignor's obligations pursuant to the Documents that are required to be satisfied or performed on or prior to the date hereof; (e) to the best of Assignor's knowledge, there are no liens or encumbrances on the Property and/or the Documents, and Assignor has not heretofore granted, assigned, hypothecated, pledged, encumbered or otherwise disposed of, in any manner whatsoever, any right, title or interest heretofore acquired by it in or to the Property or in or under the Documents; (f) there has been paid to the party or parties entitled thereto all sums which have heretofore become payable under the Documents; and (g) to the best of Assignor's knowledge, there is not now outstanding any litigation or threat of litigation or claim or threats of claims which affect or are concerned with or any way touch upon any of the Rights.

Assignor shall indemnify, defend and hold harmless Assignee from and against any and all liabilities, losses, damages, costs and expenses (including reasonable outside attorneys' fees) arising out of or in connection with any breach or violation by Assignor of any of its representations, warranties, covenants and agreements under this Agreement.

3. **Assumption of Obligations**: Assignee assumes and agrees to be bound by and to perform all executory obligations of Assignor under and pursuant to the Documents and under any applicable collective bargaining agreements which are binding on Assignor. Assignee shall indemnify, defend and hold harmless Assignor from and against any and all liabilities, losses, damages, costs and expenses (including reasonable outside attorneys' fees) arising out of or in connection with any breach or violation by Assignee of its obligations under this paragraph.

4. **Further Assurances**: Assignor agrees to execute and deliver, or cause to be executed and delivered, all such documents and do all such things as may be reasonably necessary and proper to carry out and effectuate the intents and purposes of this Agreement, and particularly, without limiting the generality of the foregoing, Assignor shall execute and deliver,

2

CCI:758195.5

or cause to be executed and delivered, to Assignee such instruments (including the Short Form Assignment attached hereto) as may be necessary and proper to vest in Assignee the rights herein assigned to Assignee as a matter of record in the United States Copyright Office, all without any further payment by or cost or expense to Assignee other than customary recording charges. In the event Assignor shall refuse to execute and deliver any such instruments reasonably required by Assignee, Assignee or its nominee shall have, and is hereby granted, the power and authority, coupled with an interest, as attorney-in-fact for Assignor, to execute, deliver and record any and all such instruments and if Assignor has the power to execute any such documents for or on behalf of any of Assignor's predecessors or other parties referred to in said "Exhibit A", Assignor hereby assigns and delegates such power to Assignee.

5. **No Injunctive Relief**: All rights granted and agreed to be granted to Assignee under this Agreement shall be irrevocably vested in Assignee (including, without limitation, for the full term of copyright protection everywhere in the world and any and all renewals thereof). No breach by Assignee of this Agreement shall entitle Assignor to equitable relief, whether injunctive or otherwise, against or with respect to any works produced pursuant to the Rights or their exploitation, it being acknowledged and agreed that Assignor's remedy of money damages at law is adequate.

6. **Assignment**: Assignee shall have the right to assign any or all of its rights under this Agreement to any person or entity, and upon such assignment Assignee shall have no further obligations to Assignor hereunder. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, trustees, successors and assigns.

7. **Miscellaneous**:

(a) Except as herein expressly provided, this Agreement cancels and supersedes all prior negotiations and undertakings relating to the Property and contains all terms and conditions, pertaining to the subject hereof. If there is any conflict between any provision of this Agreement and any present or future statute, law, ordinance, regulation or collective bargaining agreement the latter shall prevail; provided, that the provision hereof so affected shall be limited only to the extent necessary and no other provision shall be affected.

(b) All written notices which either party hereto is required or may desire to give to the other shall be given by delivering or mailing the same to the other at the address shown on the face hereof, or at such other address as may be designated in writing in a notice to the other given as aforesaid. Notices to Assignee shall be addressed to the specific attention of Assignee's Legal Department. Notices shall be sufficiently given when hand-delivered or when the same shall be deposited so addressed, postage prepaid, in the United States mail and/or when the same shall have been transmitted by facsimile or similar means and the date of said delivery, mailing or transmission shall be the date of the giving of such notice.

(c) This Agreement shall be governed and construed in accordance with the laws of the State of New York applicable to contracts entered into and fully performed therein. Only the New York courts (state and federal) shall have jurisdiction over controversies regarding this Agreement; any proceeding involving such a

3

CCI:758195.5

controversy shall be brought in those courts, in New York County, and not elsewhere. Any process in such proceeding may be served by, among other methods, delivering it or mailing it, by registered or certified mail, directed to, as applicable, Assignor's or Assignee's address as designated in this Agreement. Any such delivery or mail service shall have the same effect as personal service within the State of New York.

4

CC1:758195.5

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the day and year first above written.

DIMENSION FILMS, a division of THE WEINSTEIN COMPANY LLC

By:_____

Its:_____
("Assignee")

PIRANHA PICTURES, LLC

By: _____

Its: _____

| CHILLER FILMS, LLC | IPW, LLC |
|---|---|
| By: _____ | By: _____ |
| Its: _____ | Its: _____ |
| RELATIVITY MEDIA, LLC | ATMOSPHERE ENTERTAINMENT |
| By: _____ | By: _____ |
| Its: _____ | Its: _____ |

(individually, collectively, jointly and severally, "Assignor")

CCI:758195.5

"PIRANHA"
SHORT FORM ASSIGNMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned Piranha Pictures, LLC, Chiller Films, LLC, IPW, LLC, Relativity Media, LLC, and Atmosphere Entertainment (collectively, the "**Assignor**"), hereby sells, grants, and assigns to Dimension Films, a division of The Weinstein Company, LLC (the "**Assignee**"), exclusively, in perpetuity and throughout the universe all of Assignor's right, title and interest in and to (i) that certain literary, dramatic, and other material, including the title, themes, stories and all other contents thereof, and the characters therein, and all translations, adaptations, sequels and other versions thereof and any other material of any kind, pertaining or related to the foregoing or to the motion picture entitled "Piranha" (the "**Picture**"), whether now owned or hereafter acquired by Assignor (collectively, the "**Property**") and (ii) the literary material and documents enumerated in "Exhibit A" of the Agreement and all other documents pertaining to or related to the foregoing or to the Picture (collectively, the "**Documents**", and together with the Property, the "**Rights**").

The Rights include without limitation all copyrights, neighboring rights, trademarks and any and all other ownership and exploitation rights in the Property now or hereafter recognized in any and all territories and jurisdictions including, by way of illustration, production, reproduction, distribution, adaptation, performance, fixation, rental and lending rights, exhibition, broadcast and all other rights of communication to the public, and the right to exploit the Property throughout the universe in perpetuity in all media, markets and languages and in any manner now known or hereafter devised.

Assignor and Assignee have entered into that certain Assignment Agreement dated as of July 31, 2007, relating to the transfer and assignment of the Rights (the "**Agreement**"), as more fully described in the Agreement, and this assignment is expressly made subject to all of the terms, conditions and provisions contained in the Agreement.

The undersigned has executed this assignment effective as of _____, 2007.

PIRANHA PICTURES, LLC

By: _____

Its: _____

CHILLER FILMS, LLC

By: _____

Its: _____

IPW, LLC

By: _____

Its: _____

RELATIVITY MEDIA, LLC

By: _____

Its: _____

ATMOSPHERE ENTERTAINMENT

By: _____

Its: _____

CC1:758195.5

## ALL-PURPOSE ACKNOWLEDGMENT

State of _____ )
                                         )
County of _____ )

On _____ before me, _____, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Signature of Notary

## ALL-PURPOSE ACKNOWLEDGMENT

State of _____ )
                                         )
County of _____ )

On _____ before me, _____, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Signature of Notary

ALL-PURPOSE ACKNOWLEDGMENT

State of _____ )
                          )
County of _____ )


On _____ before me, _____, personally appeared
_____
_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.


_____
Signature of Notary

ALL-PURPOSE ACKNOWLEDGMENT

State of _____ )
                          )
County of _____ )


On _____ before me, _____, personally appeared
_____
_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.


_____
Signature of Notary

3

CC1:758195.5

ALL-PURPOSE ACKNOWLEDGMENT
State of _____ )
                         )
County of _____ )


On _____ before me, _____, personally appeared _____

_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.


_____
Signature of Notary

4

CC1:758195.5

## EXHIBIT A

1. Option/Purchase Agreement, dated as of March 30, 2005, by and among Chako Films, International and Chako Van Leeuwen on the one hand, and Piranha Pictures and Exception - Wild Bunch S.A., on the other hand, in connection with the motion picture entitled "Piranha".

2. Script Option/Purchase Agreement, dated as of May 24, 2005, by and among Piranha Pictures, LLC on the one hand, and Peter Goldfinger and Cheese Cutters, Inc. on the other hand, in connection with the motion picture project entitled "Piranha-Lake Havisu".

3. Writer's Agreement, dated as of May 25, 2005, by and among Piranha Pictures, LLC on the one hand, and Russell Productions, Inc. on the other hand, in connection with the untitled "Piranha" Remake Project.

4. Option Exercise Letter dated January 20, 2006 in connection with Piranha Pictures, LLC's purchase of rights to the motion picture project entitled "Piranha".

CC1:758195.5

May 21, 2007

IP Management f/s/o Marc Toberoff
C/o Intellectual Properties Worldwide
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Attn.: Marc Toberoff

Re:   "Piranha"— Marc Toberoff

Gentlemen:

Reference is made to that certain producing services agreement dated as of May 21, 2007, ("Agreement") reached between, on the one hand, Dimension Films, a division of The Weinstein Company, LLC ("TWC") or a production/development entity to be designated by TWC (together "Company") and, on the other hand, IP Management ("Lender") f/s/o Marc Toberoff ("Artist") in connection with Artist's producing services in connection with the motion picture project tentatively entitled "Piranha" (the "Picture"). All capitalized terms used herein without definition shall have the respective meanings ascribed to them in the Agreement.

Notwithstanding anything to the contrary stated in "Exhibit DRCB", solely, for the purposes of calculating Artist's Contingent Compensation hereunder, Paragraph 1.1.C.1, Theatre Level Advertising Expenses, Paragraph 1.1.C.10, Other Versions, and Paragraph 1.1.C.11, Reissue Costs shall be deleted from "Defined Receipts Deductions" of Exhibit "DRCB."

The terms of this letter shall be confidential and not revealed by Artist to any third party except (i) to the Artist's attorneys, accountants and representatives (each of whom shall observe confidentiality); and (ii) as required by law or a judicial proceeding.

As modified, amended and supplemented hereby, the terms, conditions and other provisions of the Agreement shall remain in full force and effect and are hereby ratified and confirmed by the parties.

**SIGNATURES NEXT PAGE**

v.2

1

By executing in the appropriate signature lines below, the parties hereto confirm the terms hereof as of the date first above written.

Yours sincerely,

THE WEINSTEIN COMPANY, LLC

By: _____

Its: _____

                                      ACCEPTED AND AGREED:

                                      IP MANAGEMENT

                                      By: _____

                                      Its: _____

                                      COUNTERSIGNED:

                                      _____

                                      MARC TOBEROFF