IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Objections Due By 7/11/01 @ 4:00 p.m. |
| | ) | Hearing Date: 7/19/01 @ Noon |

### NATIONAL MEDICAL CARE'S RESPONSE TO THE JOINT MOTION BY THE OFFICIAL COMMITTEES OF ASBESTOS PROPERTY DAMAGE AND ASBESTOS PERSONAL INJURY CLAIMANTS FOR AUTHORITY TO PROSECUTE FRAUDULENT TRANSFER CLAIMS (DOCKET NO. 477)

National Medical Care, Inc. ("NMC"), submits this response to the motion filed jointly by the Official Committee of Asbestos Property Damage Claimants and the Official Committee of Asbestos Personal Injury Claimants (collectively, the "Asbestos Committees") seeking authority to prosecute certain fraudulent transfer claims on behalf of the Debtors.

### INTRODUCTION

In their joint motion, the Asbestos Committees seek authorization to challenge as fraudulent conveyances certain transfers made in connection with two complex corporate transactions: a 1996 transaction involving the combination of NMC with the worldwide dialysis business of Fresenius AG (the "Fresenius transaction"), and a 1998 transaction involving the combination of the Debtors' packaging business with Sealed Air Corporation (the "Sealed Air transaction"). Although Fresenius takes no position on whether this Court should empower the Asbestos Committees to evaluate or pursue the alleged fraudulent transfer claims, we do believe that the joint motion mischaracterizes the factual background of the Fresenius transaction, obscures the legal and factual impediments to the

successful assertion of a fraudulent conveyance claim based on the Fresenius transaction, and avoids altogether discussing the enormous burden that this litigation will impose on the Debtors and their Estates. Accordingly, NMC urges the Court to acknowledge the role the Debtors will need to play in the resolution of the novel theories that the Asbestos Committees seek to present, and to insist that such litigation go forward, if at all, in this Court, so that the Court can closely monitor the litigation and ensure that all the interests of the Estates are properly protected.

## ARGUMENT

I. **THE ASBESTOS COMMITTEES HAVE MISCHARACTERIZED THE 1996 TRANSACTION BETWEEN GRACE AND FRESENIUS**

A. **Overview**

While NMC intends to defend itself vigorously in any adversary proceeding in this Court alleging fraudulent transfer claims, it would, of course, be premature for NMC to present its defense on the merits before a complaint has even been filed. Nonetheless, the mischaracterizations contained in the joint motion of the Asbestos Committees require a short response that accurately sets forth the circumstances of the Fresenius transaction.

In particular, this Court should view with great skepticism the suggestion of the Asbestos Committees that the 1996 Fresenius transaction was designed to shield NMC from asbestos liability. (Joint Motion at 1 and 5.) To the contrary, at the time of the 1996 transaction NMC and certain of its affiliated subsidiaries were the targets of criminal and civil investigations being conducted by various agencies of the federal government, which investigations related to allegations regarding certain billing and reimbursement practices. Among the potential penalties NMC and its subsidiaries faced as a result of the

investigation were substantial fines, civil penalties, forfeitures, and exclusion from participation in all federal health care programs.

In the four years that followed the Fresenius transaction, Grace remained a profitable, solvent, and well-capitalized company. During that same time, NMC bore the burdens, disruptions, and expense of the various federal and state criminal and civil investigations. To date, these investigations have cost NMC and its affiliates well in excess of $500 million in penalties and expenses, and related private civil litigation still continues. No doubt that is why during the four years following the Fresenius transaction not a single creditor sought to attack the transaction as "fraudulent" or to impose liability on NMC or its affiliates for the conduct of Grace. To put it quite bluntly, for those four years it appeared to most that Grace may well have gotten the better of the deal between these large and sophisticated companies.

It is only after significant changes in circumstance -- now that Fresenius has resolved substantial portions of its reimbursement litigation and Grace has faced an unforeseeable explosion in meritless asbestos claims -- that the Asbestos Committees seek to revise history and claim that the 1996 transaction was fraudulent "in purpose and effect." (Joint Motion at 1.) To mount this attack, the Asbestos Committees seek not only to ignore the realities that were known and reasonably foreseeable as of 1996, but they try to avoid any mention of the significant financial strength demonstrated by Grace in the years immediately following the Fresenius transaction.

B.    **Grace Obtained the Highest and Best Value for NMC**

As of the end of 1995, W.R. Grace & Co.-Conn. (Grace-Conn.) owned all the outstanding common stock of NMC, which was a large provider of dialysis services and

products throughout the United States. Grace-Conn., in turn, was wholly owned by W.R. Grace & Co., a New York corporation (Grace-N.Y.).

Beginning in the fall of 1995, Grace-N.Y. and its affiliated companies (collectively, "Grace") engaged in arms-length negotiations with several entities relating to the possible sale or merger of NMC. Ultimately, Grace decided that the best value could be obtained by negotiating a reorganization that would result in the tax free combination of NMC with the worldwide dialysis businesses of Fresenius AG. (Fresenius AG is a German corporation with its principal place of business in Bad Homburg, Germany.)

The 1996 transaction was structured in such a way as to provide maximum tax benefits to Grace. As a result of this structure, consideration was paid both directly to Grace-Conn. and to Grace shareholders. Ultimately, however, the Fresenius entities paid over $4 billion in cash and stock for NMC. Of that, Grace-Conn. received a tax free cash distribution of approximately $2.1 billion. Moreover, and perhaps equally important, Grace-Conn. received from the Fresenius entities an indemnity agreement, which assured that Grace would not bear any of the potential liability arising out of the ongoing investigations of NMC.

In addition to receiving over $2 billion in tax free cash at the time of the transaction, Grace-Conn. remained a solvent, well capitalized entity long after the Fresenius transaction. For over four years after the transaction, Grace continued to pay its debts as they came due, obtained hundreds of millions of dollars in unsecured lines of credit from some of the world's most sophisticated financial institutions, paid millions of dollars in dividends, paid hundreds of millions of dollars in asbestos settlements, and maintained a significant market capitalization (over $1.4 billion eighteen months after the

4

transaction, and approximately $1.2 billion a full three years after the transaction). To say that the Asbestos Committees will be pursuing novel theories to argue that such a company was rendered insolvent or undercapitalized as of 1996 is an understatement.

Although the structure of the Fresenius transaction may have been complicated, this transaction did not constitute a fraudulent transfer under applicable law. That said, this Court should be mindful of the degree to which any fraudulent conveyance claim relating to the Fresenius transaction necessarily will require significant involvement and attention by the Debtors.

## II. LITIGATION OF THE FRAUDULENT TRANSFER CLAIMS WILL REQUIRE SIGNIFICANT INVOLVEMENT OF GRACE

The joint motion of the Asbestos Committees makes clear that whatever entities the committees might ultimately elect to sue, it is the conduct of Grace that they really wish to challenge. The joint motion suggests that the Asbestos Committees will claim that Grace had a fraudulent purpose in entering into these transactions, and that the effect of one or both of the transactions was to render Grace insolvent or undercapitalized. Accordingly, the fraudulent conveyance litigation necessarily will focus on the intentions and conduct of Grace management, the financial condition of Grace, and the reasonably foreseeable asbestos liabilities of Grace at the time of the transactions. All of this information is unavailable to either NMC or Sealed Air, and thus it is to Grace personnel and documents that all of the parties will turn for the primary factual information in this case.

Thus, the issue of who should prosecute the fraudulent transfer claims is not the only matter that must be resolved before litigation can be commenced. There remains the outstanding issue of where the fraudulent transfer claims should be litigated. NMC joined in Grace's motions in both the Abner and Woodward cases seeking to transfer the

5

litigation to Delaware. On June 13, 2001, Grace's motion to transfer in <u>Woodward</u> was granted. However, no action has been taken to date on the pending transfer motion in <u>Abner</u>.

Litigation of the fraudulent transfer claims in a forum other than the forum in which the underlying reorganization is going forward will unnecessarily complicate and delay Grace's reorganization. Because the fraudulent transfer claims are based on Grace's alleged intent and financial condition at the time of the transactions, much of the burden of defending the fraudulent transfer claims will require the involvement of Grace and will impose a significant burden on the company. As Grace has stated in its Amended Complaint for Declaratory and Injunctive Relief, many of the witnesses who would provide key testimony in any fraudulent transfer litigation are the same individuals who will be integral to Grace's successful reorganization. (Am. Compl. ¶ 57.) Litigating the fraudulent transfer claims in the same Court as the bankruptcy proceeding will ensure that the litigation of those claims will be resolved expeditiously and without unnecessarily delaying Grace's reorganization.[1]

Moreover, this Court has a direct interest in preventing any unnecessary waste or expense in the conduct of any fraudulent conveyance litigation. Because NMC and Sealed Air both have indemnification rights against Grace, which the Debtors have acknowledged in Court and in their filings, the unnecessary continuation or expansion of any fraudulent conveyance litigation could result in additional administrative expenses for the Estates.

---

[1] Moreover, once the Court makes the initial determination as to who should prosecute the fraudulent transfer claims, some modification to the automatic stay and/or the preliminary injunction order may be required in order to allow the parties effectively and fairly to litigate the relevant issues.

## CONCLUSION

For all the foregoing reasons, Fresenius requests that if the Court grants the Asbestos Committees (or any other individual or entities) the authority to evaluate or pursue fraudulent transfer litigation against Fresenius, that the Court require such litigation to be brought in this Court, where such litigation can be resolved fairly, efficiently, and with due regard to the interests of all constituencies to this bankruptcy proceeding.

Wilmington, Delaware
Dated: July 11, 2001

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL

By: *[signature]*
William H. Sudell, Jr. (I.D. No. 463)
Eric D. Schwartz (I.D. No. 3134)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899
(302) 655-9200

and

McDERMOTT, WILL & EMERY
David S. Rosenbloom
Jeffrey E. Stone
Lewis S. Rosenbloom
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000

236104

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2001, a copy of National Medical Care's Response To The Joint Motion By The Official Committees of Asbestos Property Damage And Asbestos Personal injury Claimants For Authority To Prosecute Fraudulent Transfer Claims (Docket No. 477) was served on the parties listed on the attached service list.

_____
William H. Sudell, Jr.

# SERVICE LIST

<u>BY HAND DELIVERY</u>
Mark S. Chehi, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

Mark D. Collins Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19801

Curtis J. Crowther, Esq.
White and Williams LLP
824 N. Market Street
Suite 902
P.O. Box 709
Wilmington, DE  19899-0709

John D. Demmy, Esquire
Stevens & Lee
300 Delaware Avenue
8th Floor, Suite 800
Wilmington, DE  19801

Joseph Grey, Esq.
Stevens & Lee
300 Delaware Avenue
Suite 800
Wilmington, DE  19801

Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 N. Market Street
16th Floor
Wilmington, DE  19801

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street
Suite 904
Wilmington, DE  19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street
Suite 1200
Wilmington, DE  19801

Mary M. MaloneyHuss, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street
Suite 300
One Rodney Square
Wilmington, DE  19801

Selinda A. Melnik, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE  19899

Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street
Suite 400
Wilmington, DE  19801

Eric Lopez Schnabel, Esq.
Klett Rooney Lieber & Schorling, P.C.
The Brandywine Bldg.
1000 West Street
Suite 1410
Wilmington, DE  19801

Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899

William D. Sullivan, Esquire
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE  19899

Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street
10th Floor
Wilmington, DE  19801

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre
15th Floor
1201 Market St., Suite 1500
Wilmington, DE  19801

<u>BY U.S. MAIL</u>
Derrick Tay, Esquire
Meighen Demers
St. 1100, Box 11 Merrill Lynch
Canada Twr. Sun Life Center
200 Kint Street West
Toronto, Ontario  M5H 3T4
CANADA

Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

Daniel Chipko
The Depository Trust Company
P.O. Box 20
Bowling Green Station
New York, NY  10274

Lisa Clegg-Konen
Risk Co.
P.O. Box 7061
Downers Grove, IL  60515

Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

Mary Harris
Radian International
P.O. Box 844130
Dallas, TX  75284-4130

John Hill
PCS Nitrogen Fertilizer, L.P.
P.O. Box 71029
Chicago, IL  60694-1029

Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. packerland
Green Bay, WI  54360

William McBain
DCP-Lohja, Inc.
P.O. Box 2501
Carol Stream, IL  60132-2501

Diane Murdock
BASF
P.O. Box 75908
Charlotte, NC  28275

Joseph F. Rice
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC  29465

Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

Mia Skinner
Union Carbine Corp.
P.O. Box 91136
Chicago, IL  60693-0001

Eric Solverson
Ingersoll-Rand Fluid Products
P.O. Box 751229
Charlotte, NC  28275-1229

Milton Sunbeck, Jr.
Southern Ionics, Inc.
P.O. Box 830800
Drawer 830
Birmingham, AL  35283-0800

Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

Credit Department
Huntsman Corporation
P.O. Box 22707
Houston, TX  77227-7707

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower
Suite 5800
Chicago, IL  60606

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price
& Alexrod LLP
200 South Biscayne Blvd.
Suite 2500
Miami, FL  33131

D.J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

Craig Barbarosh, Esq.
Pissbury Winthrop LLP
650 Town Center Drive
7th Floor
Costa Mesa, CA  92626-7122

Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskett Avenue
5th Floor
Dallas, TX  75204

Rebecca L. Besson, Chairman
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

Charles E. Boulbol, Esquire
26 Broadway
17th Floor
New York, NY  10004

Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

Russell W. Budd
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX  75219

Ann-Margaret Bushnell
Cass Logistics Temporary
900 Chelmsford Street
Lowell, MA  08510

Elizabeth J. Cabraser, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
30th Floor
275 Battery Street
San Francisco, CA  94111

Stephen H. Case, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East
Suite 3700
Los Angeles, CA  90067

Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, NJ  07663

John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Pena & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

District Director
IRS
409 Silverside Road
Wilmington, DE  19809

Securities & Exchange Commission
Atlanta Regional Office Branch/
Reorganization
3475 Lenox Road, N.E.
Suite 100
Atlanta, GA  30326-1232

Robert M. Fishman, Esquire
Shaw Gussis Domanskis Fishman & Glantz
1144 West Fulton Street
Suite 200
Chicago, IL  60607

James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement
999 18th Street
Suite 945-North Tower
Denver, CO  80202

Charles E. Gibson, III
Attorney at Law
620 North Street
Suite 100
Jackson, MI  39202

Leonard P. Goldberger, Esq.
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395

Peter S. Goodman, Esq.
Andrews & Kurth, LLP
805 Third Avenue
New York, NY  10022

T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Suite 3000
Chicago, IL  60606-1229

Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY  10176

Paul Haskell, Esq.
Richards Spears Kibbe & Orbe
One Chase Manhattan Plaza
New York, NY  10005

Jay M. Hayden
Heller, Draper, Hayden, Patrick & Horn, LLC
650 Poydras Street
Suite 2500
New Orleans, LA  70130-6103

Andrea L. Hazzard, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT  59901

David S. Heller, Esquire
Latham & Watkins
Sears Tower
Suite 5800
Chicago, IL  60606

Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street
Suite 4300
Houston, TX  77002-5012

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue
27th Floor
New York, NY  10022

Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palto Alto, CA  94304-1125

William H. Johnson, Esquire
Norfolk Southern Corporation
Three Commercial Place
Norfolk, VA  23510-9242

Shelby A. Jordan, Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Boulevard
Suite 900
Corpus Christi, TX  78471

William S. Katchen, Esquire
Duane, Morris & Heckscher, LLP
1 Riverfront Plaza
2nd Floor
Newark, NJ  07102

Alan H. Katz, Esq.
Entergy Services, Inc.
693 Loyola Avenue
Suite 2600
New Orleans, LA  70113

Michael T. Kay, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI  48674

Anne Marie P. Kelley, Esq.
Dilworth Paxson LLP
Liberty View - Suite 700
457 Haddonfield Road
Cherry Hill, NJ  08002

Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

Lewis T. Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard
Suite 400
Arlington, VA  22209

Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX  75201

Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

Ron Luce
Valeron Strength Films
75 Remittance Drive
Suite 3068
Chicago, IL  60675

Paul M. Matheny, Esquire
Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

Todd Meyers, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309

Meridee Moore
Farallon Capital Management, LLC
One Maritime Plaza
Suite 1325
San Francisco, CA  94111

Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

Lawrence Palumbo
The Chase Manhattan Bank
270 Park Avenue
New York, NY  10017

Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street
Curtis Center
Suite 950 West
Philadelphia, PA  19106

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA  90067-4100

Susan Rice
Zhagrus Environmental, Inc.
46 West Broadway
Suite 130
Salt Lake City, UT  84101

Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp.
1200 K. Street, N.W.
Washington, DC  20005-4026

Davis S. Rosenbloom, Esquire
LMcDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

Josiah Rotenberg
Lazard Freres & Co. LLC
300 Rockerfeller Plaza
60th
New York, NY  10020

Lynn M. Ryan, Esq.
Pillsbury Winthrop LLP
One Battery Park Plaza
New York, NY  10004-1490

David B. Seigel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ming Shiang, VP
The Depository Trust Company
55 Water Street
New York, NY  10042

Daniel H. Slate, Esq.  
Hughes Hubbard & Reed LLP  
350 South Grand Avenue  
Los Angeles, CA  90071-3442  

Thomas M. Sobol, Esquire  
Lieff, Cabraser, Heimann & Bernstein, LLP  
214 Union Wharf  
Boston, MA  02109-1216  

Daniel A. Speights, Esq.  
Speights & Runyan  
200 Jackson Avenue, East  
Post Office Box 685  
Hampton, SC  29924  

James H.M. Sprayregen, Esquire  
Kirkland & Ellis  
200 East Randolph Drive  
Chicago, IL  60601  

James A. Sylvester, Esqurie  
Intercat, Inc.  
104 Union Avenue  
Manasquan, NJ  08736  

Rick Thomas  
Dupont Dow Elastomers  
21088 Network Place  
Chicago, IL  60673-1210  

Peter Van N. Lockwood, Esquire+B70  
Caplin & Drysdale, Chartered  
One Thomas Circle NW  
Washington, DC  20005  

Dorine Vork, Esq.  
Stibbe, P.C.  
350 Park Avenue  
New York, NY  10022  

Jim Wagner  
Stone Packaging System  
21514 Network Place  
Chicago, IL  60673-1215  

Ted Weschler  
Peninsula Capital Advisors, LLC  
404B East Main Street  
Second Floor  
Charlottesville, VA  22902  

R. Scott Williams  
PMG Capital Corp.  
Four Falls Corporate Center  
West Conshohocken, PA  19428-2961  

W.J. Winterstein, Jr., Esquire  
Eleven Penn Center  
29th Floor  
1835 Market Street  
Philadelphia, PA  19103  

Jonathan W. Young  
Wildman, Harrold, Allen & Dixon  
225 West Wacker Drive  
Suite 300  
Chicago, IL  60606-1229  

Pamela Zilly  
The Blackstone Group  
345 Park Avenue  
New York, NY  10154  

Securities & Exchange Commission  
15th & Pennsylvania Ave., N.W.  
Washington, DC  20020  

Donna J. Petrone, Esquire  
ExxonMobil Chemical Company  
Law Department/Bankruptcy  
13501 Katy Freeway  
Room W1-562  
Houston, TX  77079-1398