ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.* | : | Case No. 01-01139 (JJF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | | **Hearing Date: July 19, 2001 at 12:00 p.m.** |

## OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE JOINT MOTION OF THE OFFICIAL COMMITTEES OF ASBESTOS PROPERTY DAMAGE CLAIMANTS AND ASBESTOS PERSONAL INJURY CLAIMANTS FOR AUTHORITY TO PROSECUTE FRAUDULENT TRANSFER CLAIMS (DOCKET NO. 477)

TO THE HONORABLE JOSEPH J. FARNAN, JR.,
UNITED STATES DISTRICT COURT JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors Committee"), by its

counsel, hereby submits this Opposition to the Joint Motion by the Official Committees of

Asbestos Property Damage Claimants and Asbestos Personal Injury Claimants (collectively,

"Asbestos Committees") For Authority To Prosecute Fraudulent Transfer Claims (the "Motion"),

and respectfully represents as follows:

### PRELIMINARY STATEMENT

1.      By their Motion, the Asbestos Committees seek authority to prosecute, on behalf

of the estates, fraudulent transfer and other avoidance claims (the "Fraudulent Transfer Claims")

arising from two independent transactions by which certain of the Debtors' business units were

spun off in 1996 and 1998, respectively.  The Motion should be denied as premature.  Before

these estates are burdened with the costs of litigation, a prompt but thorough investigation of the

facts and circumstances underlying the transactions at issue should be pursued to determine

WLM\147766.1

whether the Fraudulent Transfer Claims should be prosecuted at all. Other than presenting

publicly available information concerning the transactions, the Asbestos committees by their

Motion do not present any evaluation of the merits of the claims. It is simply too soon to

conclude that the costs of litigation with respect to the Fraudulent Transfer Claims should be

incurred by the estates.

2.     The power to investigate and/or prosecute fraudulent transfer claims and recover

property ordinarily belongs to the trustee or, as applicable here, the debtor-in-possession acting

on behalf of the bankruptcy estate. See Official Committee of Unsecured Creditors v. Chinery

(In re Cybergenics Corp.), 226 F.3d 237, 240 n.3 (3d Cir. 2000). In order for a creditor to pursue

an avoidance claim, it must obtain the authorization of the Court and demonstrate that the

Debtors could not or unjustifiably refused to assert the claim and that the claim is colorable. See

Canadian Pacific Forest Products Ltd. v. J.D. Irving Ltd. (In re The Gibson Group, Inc.), 66 F.3d

1436, 1438 (6th Cir. 1995) (creditor must show that it made demand upon the debtor to pursue the

claim, the debtor unjustifiably refused to assert it, and that the claim is colorable). Here, the

Debtors have indicated that they are conflicted from investigating and prosecuting the Fraudulent

Transfer Claims as a result of the positions they have taken with respect to the claims in various

pending lawsuits.

3.     The Asbestos Committees, having already taken the position that the Fraudulent

Transfer Claims should be prosecuted, are similarly conflicted from performing the necessary

pre-action investigation of the claims. Moreover, the Asbestos Committees are comprised, in

part, of persons and counsel who previously commenced litigation on these claims in other

courts. Accordingly, the Creditors Committee should be authorized to perform the investigation

because it lacks any disabling conflict and maintains an interest in maximizing the value of these

estates – whether that be by minimizing litigation costs or ensuring that all meritorious avoidance

actions are prosecuted.

      4.      Alternatively, should the Court believe that the Fraudulent Transfer Claims should

be prosecuted at this time without the need for a Court-authorized investigation, then the

Creditors Committee respectfully requests that it be authorized to prosecute the Fraudulent

Transfer Claims jointly with the Asbestos Committees to ensure that the distinct interests of the

commercial creditors of the estate are protected and pursued as appropriate in that litigation.

**ARGUMENT**

**THE FRAUDULENT TRANSFER CLAIMS SHOULD BE
INVESTIGATED BY THE CREDITORS COMMITTEE
TO DETERMINE WHETHER LITIGATION SHOULD BE PURSUED**

      5.      In their Motion, the Asbestos Committees describe the Fraudulent Transfer

Claims that they now wish to prosecute in the following terms:

> In 1996, and then again in 1998, the Debtors' corporate group
> engineered a series of exceedingly complex transactions which
> stripped W.R. Grace & Company of business segments of the
> company worth billions of dollars for the purpose of shielding
> those assets from asbestos liabilities. The Asbestos Committees
> maintain that these transfers were fraudulent in purpose and effect.

Motion at 1. That the Asbestos Committees have prejudged the transactions at issue as

"fraudulent" is apparent from the plain language of their Motion. Although it may well be

determined that Fraudulent Transfer Claims exist arising out of the transactions between certain

Grace entities and, <u>inter alia</u>, Fresenious A.G. and/or Sealed Air Corporation ("Sealed Air"),[1] the

Asbestos Committees' rush to judgment is not in the best interests of the estates. The Creditors

Committee believes that a prompt yet thorough investigation of the respective 1996 and 1998

transactions should be pursued, and that the Creditors Committee is the entity that should

perform that investigation because of the conflicts that exist in having that investigation pursued

by the Asbestos Committees or by the Debtors.

6.      Notwithstanding the Asbestos Committees' characterization of these transactions

as "exceedingly complex transactions," their Motion does very little to explain the underlying

transactions and it lacks any analysis of whether or not what extent pursuit of these claims may

benefit the estate. For example, issues such as the contemporaneous corporate valuation, the

investments banking opinions which supported the transactions, the market conditions at the time

of the transactions, and the debtors' balance sheet all require investigation before the appropriate

cost-benefit analysis may be made of whether the costs of litigation are outweighed by the

possible recovery from the action.

7.      The Asbestos Committees' desire to prosecute the claims is not surprising. Like

the Debtors, which concede that their prior position in the underlying lawsuits prevents them

from fairly investigating and evaluating the Fraudulent Transfer Claims, the Asbestos

Committees, through certain of their members, previously instituted suit on the Fraudulent

---

[1]      Sealed Air is a member of the Creditors Committee. As a probable defendant in any litigation concerning the Fraudulent Transfer Claims, Sealed air has abstained from all the Creditors Committee's deliberations with respect to the Motion. Should the relief requested herein be granted and the Creditors Committee authorized to investigate the claims, or alternatively, should the Creditors Committee be appointed as a co-plaintiff to any such action, Sealed Air would not participate in any of the Creditors Committees actions or discussions with respect to the Fraudulent Transfer Claims or any resulting litigation.

Transfer Claims in pending but stayed class actions (including the Abner, Barbanti, and Woodward actions). The Asbestos Committees include the class representative in the Barbanti action, as well as the following law firms which serve as plaintiffs' counsel in all three class actions: Lukins & Annis; Ness, Motley, Loadholt, Richardson & Poole; McGarvey, Heberling, Sullivan & McGarvey, P.C. and the Furth Firm. The risk of pursuing that class action litigation was on those plaintiffs and their attorneys pre-petition; that risk now lies with the bankruptcy estates, and thus the creditors, and should not be lightly undertaken absent the requisite investigation of the facts and circumstances underlying the transactions.

8.      Moreover, the involvement of certain members of the Asbestos Committees in the pre-petition prosecution of the Fraudulent Transfer Claims gives rise to the very same constraints which disqualify the Debtors from investigating and evaluating the Fraudulent Transfer Claims in a neutral manner. Having prejudged the merits of the claims, the Asbestos Committees cannot fairly determine whether the underlying facts justify the burden to the estates of proceeding with such litigation. Only the Creditors Committee, as representative of the estates' non-asbestos creditors, has the incentive to maximize the value of these estates and also the incentive to effectively and fairly investigate the Fraudulent Transfer Claims, without the temptation to use such actions as leverage with respect to other issues in these bankruptcy cases.

9.      The Motion seeks to rebuff the Creditors Committee by disingenuously suggesting that its counsel "urged that the prosecution of the Fraudulent Transfer Claims be indefinitely postponed" during the May 3, 2001 hearing. To the contrary, counsel for the Creditors Committee merely suggested that at that early stage in the bankruptcy case – i.e., prior to the bar claims date and without knowing what the value of the company was going to be – embarking on

such a complex and expensive litigation without any investigation was ill-advised.  Nevertheless,

any concern as to the time by which an investigation of the Fraudulent Transfer Claims should be

brought and completed can be addressed by the Court in an order authorizing the Creditors

Committee to pursue that investigation.

10.    Accordingly, the Creditors Committee should be charged with the responsibility

of investigating the Fraudulent Transfer Claims and to report its findings and suggestions to the

Court and all interested parties in a timely manner.  The Creditors Committee stands ready to

begin the investigation promptly.  If the Debtors have not already done so, the Creditors

Committee would immediately seek to obtain tolling agreements from the potential defendants so

as to avoid any prejudice that the delay identified in their Motion by the Asbestos Committees

might produce.

### IN THE ALTERNATIVE, SHOULD THE FRAUDULENT TRANSFER CLAIMS BE PROSECUTED, THE CREDITORS COMMITTEE SHOULD BE JOINED AS A CO-PLAINTIFF

11.    Alternatively, should the Court believe that the Fraudulent Transfer Claims ought

to be pursued at this time, without the need for a Court-authorized formal investigation, the

Creditors Committee respectfully requests that it be permitted to prosecute the claims as a co-

plaintiff, along with the Asbestos Committees, in order to protect the distinct interests of the

commercial creditors of the estates.  As recognized by the U.S. Trustee in appointing three

creditors' committees in these cases, the interests of the respective Asbestos Committees and of

the Creditors Committee obviously differ with respect to the scope of the Debtors' alleged

liability to the various categories of creditors.  Notwithstanding those differences, it is in the best

interests of all three creditors' committees to maximize the recovery to the estates should it be

determined that the Fraudulent Transfer Claims should be pursued. However, while the interests of the respective Asbestos Committees will be protected because both are proposed as plaintiffs in any fraudulent transfer action, the Creditors Committee's interests are left unprotected if it is not authorized to pursue the claims with the Asbestos Committees. Just as the Asbestos Committees are apparently able to put aside their distinct interests to pursue a common recovery on the Fraudulent Transfer Claims, neither do the differing interests of the Creditors Committees on other issues render it an inappropriate plaintiff on these claims. Moreover, since the Creditors Committee would be permitted to intervene in an adversary proceeding brought by the Debtors on the Fraudulent Transfer Claims, that result should be no different when the claims are brought by other committees in the Debtors' stead. See Official Unsecured Creditors Committee v. Michaels (In re Marin Motor Oil, Inc.), 689 F.2d 445 (3d Cir. 1982) (pursuant to 11 U.S.C. § 1109(b), creditors committee has absolute right to intervene in an adversary proceeding commenced by the trustee (or debtor-in-possession)).

12.    Accordingly, in the alternative, and in order to protect the distinct interests of the commercial creditors of the estates, the Creditors Committee respectfully requests that it be authorized to pursue the Fraudulent Transfer Claims as a co-plaintiff with the Asbestos Committees if the claims are allowed to proceed now.

WHEREFORE, the Committee respectfully requests that this Court deny the Asbestos Committees' Motion, issue an Order authorizing the Creditors Committee to investigate and report to the Court and interested parties as to the facts and circumstances underlying the transactions at issue, or, in the alternative, authorize the Creditors Committee to pursue the

Fraudulent Transfer Claims as a co-plaintiff with the Asbestos Committees if the claims are

allowed to proceed now, and grant such other and further relief as is just and proper.

Dated: July 11, 2001
Wilmington, Delaware

STROOCK & STROOCK & LAVAN LLP
Lewis Kruger, Esquire
Robert A. Raskin, Esquire
Kenneth Pasquale, Esquire
(Members of the Firm)
180 Maiden Lane
New York, NY 10038-4982
Telephone:    (212) 806-5400
Facsimile:    (212) 806-6006

-and-

DUANE, MORRIS & HECKSCHER LLP


_____
Michael R. Lastowski, Esquire (DE I.D. No. 3892)
William S. Katchen, Esquire
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:        mlastowski@duanemorris.com


Proposed Co-Counsel for the Official Committee
Of Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

————————————————————x
In re:                              :      Chapter 11
                                    :
W.R. GRACE & CO., *et al.*          :      Case No. 01-01139 (JJF)
                                    :
          Debtors.                  :      Jointly Administered
————————————————————x

## CERTIFICATE OF SERVICE

I, Michael R. Lastowski, hereby certify that I am not less than 18 years of agent, and that

service of the attached **Opposition Of The Official Committee Of Unsecured Creditors To**

**The Joint Motion Of The Official Committees Of Asbestos Property Damage Claimants**

**And Asbestos Personal Injury Claimants For Authority To Prosecute Fraudulent Transfer**

**Claims** was made on July 11, 2001, on the persons and entities listed on the attached service list

in the manner indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.


_____                    _____
Date                                        Michael R. Lastowski


WLM\147766.1



# W.R. GRACE & CO.
## 2002 SERVICE LIST

Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, FL  32399-3000

Robert T. Aulgur, Jr., Esquire
313 N. DuPont Highway
Suite 200
Odessa, DE 19730
***Counsel for Toyota Motor Credit***

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606
***Counsel to DIP Lender***

Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131
***Official Committee of Property Damage Claimants***

Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
***Counsel to Sealed Air Corporation***

WLM\147766.1

Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

Craig Barbarosh, Esquire
Pillsbury Winthrop LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122
***Counsel for Wells Fargo Bank Minnesota, National Association***
Telephone:     (714) 436-6800
Facsimile:      (714) 436-2800

Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204
***Counsel for Asbestos Claimants***

Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
***Local Counsel to Asbestos Claimants***

WLM\147766.1

Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX 75219

C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903
***Counsel for Berry & Berry***

James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY 10178
***Counsel for Delco Development Company***
Telephone:     (212) 808-7800
Facsimile:     (212) 808-7897

Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
***Counsel for The Chase Manhattan***

Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

WLM\147766.1

Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006
*Counsel for numerous asbestos claimants*

Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Counsel for The Chase Manhattan Bank*

Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland 21043

Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey 07663

Credit Lyonnais
1301 Avenue of the Americas
New York, New York 10019-0602

WLM\147766.1

Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

Curtis J. Crowther, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
**_Counsel for Century Indemnity Company_**
Telephone:     (302) 654-0424
Facsimile:     (302) 654-0245
E-mail:          crowtherc@whitewms.com

DAP Products Inc.
c/o Julien A. Hecht, Esquire
2400 Boston Street
Suite 200
Baltimore, MD 21224
Telephone:     (410) 675-2100

Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
**_Counsel to Asbestos Claimants_**

Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

WLM\147766.1

Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108
*Counsel for SAP America, Inc.*

John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

District Director
IRS
409 Silverside Road
Wilmington, DE  19809

Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

WLM\147766.1

William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101
**_Counsel for Public Service Electric and Gas Company_**

Aaron A. Garber, Esquire
Pepper Hamilton LLP
1201 Market Street
Suite 1600
Wilmington, DE 19801
**_Counsel for Potash Corp._**
Telephone:     (302) 777-6500
Facsimile:     (302) 656-8865

Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

Leonard P. Goldberger, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
**_Counsel for Century Indemnity Company_**
Telephone:     (215) 864-6376
Facsimile:     (215) 864-7123
E-mail:          goldbergerl@whitewms.com

Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

WLM\147766.1

Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY  10176

Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT  59901

David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

WLM\147766.1

Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899

Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New York
100 Church Street, Room 6-127
New York, New York  10007

Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA  94304-1125

WLM\147766.1

William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA 23510-9242
Telephone:      (757) 533-4940
Facsimile:      (757) 533-4943
E-mail:         william.johnson@nscorp.com

Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to Debtors and Debtors in Possession*

Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX  78471

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
*Counsel for Property Damage Claimants*

Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, NJ  07102-5497

William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102
*Counsel to Official Committee of Unsecured Creditors*

WLM\147766.1

Alan H. Katz, Esquire
Entergy Services, Inc.
693 Loyola Avenue
Suite 2600
New Orleans, LA 70113
Telephone:    (504) 576-2240
Facsimile:    (504) 576-4150

Jeffrey Kaufman, Esquire
Gerald F. Ellersdorfer, Esquire
Kaufman & Logan LLP
111 Pine Street
Suite 1300
San Francisco, CA 94111
***Counsel for Interested Parties and***
***Clerk of the Bankruptcy Court***
Telephone:    (415) 392-6677
Facsimile:    (415) 391-4639

Michael T. Kay, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674
Attn: Nancy Draves
***Counsel for The Dow Chemical Company, Hampshire***
***Chemical Corp. and Union Carbide Corporation***
Telephone:    (517) 636-1934
Facsimile:    (517) 638-9393

Anne Marie P. Kelley, Esquire
Dilworth Paxson LLP
Liberty View - Suite 700
457 Haddonfield Road
Cherry Hill, NJ 08002
***Counsel for The Dow Chemical Company, Hampshire***
***Chemical Corp. and Union Carbide Corporation***
Telephone:    (856) 663-8877
Facsimile:    (856) 663-8855

Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

WLM\147766.1

John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
***Counsel to Official Committee of Unsecured Creditors***
Telephone:     (302) 657-4900
Facsimile:      (302) 657-4901
E-mail:          mlastowski@duanemorris.com

Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

WLM\147766.1

Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
***Counsel for Gamma Holdings, N.V.***
Telephone:      (302) 652-8400
Facsimile:      (302) 652-8405
E-mail:         samelnik@skfdelaware.com

WLM\147766.1

Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE  19801
***Counsel for Ingersoll-Rand Fluid Products***

Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

Deirdre Woulfe Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095
*Counsel for Asbestos Claimants*
Telephone:    (732) 636-8000
Facsimile:    (732) 855-6117

Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE  19801

Peninsula Capital Advisors, L.L.C.
404B East Main Street
Second Floor
Charlottesville, VA 22902
Attn: Ted Weschler
Telephone:    (804) 297-0811
Facsimile:    (804) 220-9321

Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106
*U.S. Trustee*

Donna J. Petrone, Esquire
ExxonMobil Chemical Company
Law Department - Bankruptcy
13501 Katy Freeway
Room W1-562
Houston, TX 77079-1398
Telephone:    (281) 588-4758
Facsimile:    (281) 588-4606
E-mail:        karen.s.burgess@exxon.com

WLM\147766.1

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100
**Counsel to Debtors and Debtors in Possession**

Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
**Counsel for Ingersoll-Rand Fluid Products**

WLM\147766.1

Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

Lynn M. Ryan, Esquire
Pillsbury Winthrop LLP
One Battery Park Plaza
New York, NY 10004-1490
***Counsel for Wells Fargo Bank Minnesota, National Association***
Telephone:    (212) 858-1000
Facsimile:    (212) 858-1500

Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

Eric Lopez Schnabel, Esquire
James H. Joseph, Esquire
Klett Rooney Lieber & Schorling
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
***Counsel for Entergy Services, Inc.***
Telephone:    (302) 552-4200
Facsimile:    (302) 552-4295

WLM\147766.1

Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

Securities & Exchange Commission
Atlanta Regional Office Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
**_Counsel for Norfolk Southern Corporation_**
Telephone:    (302) 984-6000
Facsimile:    (302) 658-1192
E-mail:       lsilverstein@pacdelaware.com

WLM\147766.1

Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601
***Counsel to Debtor***

State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207
***Tennessee Department of Environment and Conservation – Superfund***

WLM\147766.1

James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA
*Canadian counsel for Debtor*

Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, NY 10022
Telephone:      (212) 972-4900
Facsimile:      (212) 972-4929
E-mail:         dorine.vork@stibbe.nl

WLM\147766.1

R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103
***Counsel for PPG Industries, Inc.***

David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601
***Counsel for Potash Corp.***
Telephone:      (312) 558-5600
Facsimile:       (312) 558-5700

Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
***Local Counsel to DIP Lender***

Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

WLM\147766.1

Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY  10154

Michael I. Zousmer, Esquire
Robert S. Hertzberg, Esquire
Hertz, Schram & Saretsky, P.C.
1760 South Telegraph Road
Suite 300
Bloomfield Hills, MI 48302-0183
***Counsel for Rupple K. Perry***
Telephone:     (248) 335-5000

WLM\147766.1