ORIGINAL

FILED

2001 JUL 12 AM 9: 44

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| | ) | **Hearing Date: 7/19/01, at 12:00 p.m.** |
| | ) | |
| Debtors. | ) | Jointly Administered |

## OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS

The Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee"),

by and through its undersigned counsel, hereby objects (the "Objection") to the Motion of Debtors

for entry of an Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets

(the "Motion"). In support of the Objection, the P.I. Committee respectfully submits:

### BACKGROUND

1.      On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. ("Grace") and its

affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant

proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtors continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108

of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint

administration of these cases for procedural purposes.

2.      No trustee or examiner has been appointed in these cases. On April 12, 2001, the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the P.I.

Committee, the Official Committee of Asbestos Property Damage Claimants (the "P.D.

{D0000164:1 }

Committee") and the Official Committee of Unsecured Creditors (the "General Creditors' Committee,"). On June 18, 2001, the U.S Trustee appointed the Official Committee of Equity Security Holders (the "Equity Committee," and collectively with the P.I. Committee, the P.D. Committee, and the General Creditors Committee, the "Committees").

## JURISDICTION AND VENUE

3.      The Court has jurisdiction to hear the Motion and the Objection pursuant to 28 U.S.C. §§ 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in the Motion are sections 363, 554, and 1108 of the Bankruptcy Code.

## OBJECTION

4.      Through the Motion, the Debtors seek to implement a procedural mechanism for the sale or abandonment of assets without formal approval from this Court. In order to implement the desired program, the Debtors seek to shift the primary burden of reviewing the propriety of the proposed sales and/or abandonings to the Committees. Although the P.I. Committee does not object in principle to the creation of a process that would permit valid transactions to be completed without the inefficiencies of the formal application process, the P.I. Committee does object to the procedures as presently proposed.

5.      First, the P.I. Committee submits that the sale procedures are unacceptable. The P.I. Committee believes that the floor sale value that triggers notice to the Committees -- $1 million – is significantly too high. The P.I. Committee respectfully requests that the proposed procedures be modified so that the Debtors must provide notice to the Committees of all proposed sales in excess of $100,000.

6.      Additionally, the P.I. Committee objects to the proposed procedures to the extent that there is no obligation for the Debtors to account to the Committees for sales of assets below the floor value at which the notice obligation occurs.  As presently proposed, the procedures provide no way for the Committees to monitor the distribution of the Debtors' assets in a global fashion.  The P.I. Committee submits that the Debtors *must be obligated* to report to the Committees periodically in order to disclose the assets transferred or abandoned, their market value, and the value received from the transfer of the assets.

## CONCLUSION

WHEREFORE, the P.I. Committee respectfully requests that the Court sustain the

objections contained herein, deny the Motion, and grant such other and further relief as is just and

equitable.

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue, 27th Floor
New York, NY  10022
(212) 319-7125

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, DC  20005
(202) 862-5000
-and-

CAMPBELL & LEVINE, LLC

Matthew G. Zaleski, III (I.D. # 3557)
Chase Manhattan Centre, 15th Floor
1201 N. Market Street
Wilmington, DE  19801
(302) 426-1900

Counsel to the Official Committee
of Asbestos Personal Injury Claimants

Dated:  July 12, 2001

{D0000164:1 }

4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.* | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## CERTIFICATE OF SERVICE

I, Matthew G. Zaleski, III, a member of Campbell & Levine, LLC, hereby certify that on July 12, 2001, I caused a copy of the foregoing to be served upon the parties on the attached list by First Class United States Mail, unless otherwise indicated.

Dated: July 12, 2001
     Wilmington, Delaware

 

_____
Matthew G. Zaleski, III

{D0000141:1 }

**W.R. Grace Core Group Service List**

**Hand Delivery**
Laura Davis Jones, Esquire
David Carickoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

**Hand Delivery**
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

**Hand Delivery**
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph
824 Market Street
Wilmington, DE 19899

**Hand Delivery**
Frank J. Perch, Esquire
Office of the United States Trustee
844 N. King Street
Wilmington, DE 19801

**Hand Delivery**
Michael R. Lastowski, Esquire
Duane Morris & Heckshire LLP
1100 North Market Street, Suite 1200
P.O. Box 195
Wilmington, DE 19801

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

Scott L. Baena, Esquire
Richard M. Dunn, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod
2500 First Union Fin. Center
200 South Biscayne Blvd.
Miami, FL 33131-2336

James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

{D0000015:1 }