## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

*ORIGINAL*

| | |
|---|---|
| In re: ) | Case No.: 01-01139 JJF |
| W.R. GRACE & COMPANY, ) | |
| Debtor. ) | |
| ) | Motion Number: 159 |
| TIG INSURANCE COMPANY, a California ) corporation, ) | |
| Plaintiff, ) | |
| vs. ) | |
| GARY SMOLKER AND ALICE SMOLKER, ) Defendants ) | |
| GARY SMOLKER AND ALICE SMOLKER, ) Cross complainants ) | |
| vs. ) | |
| Cross defendants ) HOME SAVING TERMITE CONTROL, et ) al., ) | Hearing date:  July 19, 2001 |
| Cross defendants. ) | Time:          12:00 p.m. |
| AND RELATED CROSS ACTIONS ) | |

2001 JUL 12 AM 10: 32
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

### OBJECTION TO MOTION OF HOME SAVING TERMITE CONTROL, INC. AND WAYNE MORRIS FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY PURSUANT TO SECOND RE-NOTICE; REQUEST FOR TELEPHONIC APPEARANCE; DECLARATION OF GARY S. SMOLKER

### I. FACTUAL AND PROCEDURAL BACKGROUND

This objection is filed pursuant to movant's Second Re-Notice of Motion of Home

Saving Termite Control, Inc. and Wayne Morris for Order Granting Relief from Automatic Stay

dated June 28, 2001 and received by cross complainants on July 6, 2001.

*611*

*TIG v. Smolker* was removed to the Bankruptcy Court for the Central District of California, Los Angeles Division, by the debtor on April 30, 2001. At that time, the case had been pending in California state court for almost four years and trial had been set for June 11, 2001. The Smolkers brought a motion to abstain and remand. The Los Angeles bankruptcy judge has taken under submission the issue of mandatory abstention.

*TIG v. Smolker* is a toxic tort case involving clean-up of a hazardous chemical pesticide residue in a residential condominium complex, insurance coverage and injury to persons and property. The Smolkers seek damages and injunctive relief. The Smolkers seek clean-up of a pesticide manufactured by the debtor

The Smolkers' cross complaint against the debtor and movant contains causes of action for product liability, nuisance, trespass, negligence, assault and battery. The case also involves other non-debtor parties, including a condominium owners' association, individual condominium unit owners and their respective insurance carriers. Also, several appeals from orders made in this case are pending before the California Court of Appeal. The debtor is not a party to these appeals.

This case has been heavily litigated. The state court's files contain 52 volumes of this case. Movant alone has taken over ten depositions in this action. Movant and debtor, in furtherance of a joint defense agreement, took more than 25 depositions in the *TIG v. Smolker* action before it was removed by debtor to federal court.

## II. REQUEST FOR TELEPHONIC APPEARANCE

The Smolkers respectfully request that objectors be allowed to appear by telephone pursuant to *Delaware Local Bankruptcy Rules*, Rule 9013-1(h). The Smolkers are located in Marina Del Rey, California and it would be a financial hardship for them to appear in person at the hearing on this motion.

### III. THIS MOTION SEEKS TO UNDERMINE DISCOVERY RULES

Home Saving Termite Control, Inc. and Wayne Morris' (herein collectively "Termite Control") motion is unnecessary to accomplish the result it ostensibly seeks: to take depositions of certain Grace employees. As the Bankruptcy Appellate Panel of the Ninth Circuit recently held, the law already provides that the automatic stay does not extend to discovery of the debtor in matters pertaining to claims against other non-debtor parties. *In re Miller* (9th Cir. BAP (Cal) 2001) 262 BR 499. However, Termite Control's motion may have the effect, unintended by this Court, of allowing Termite Control to sidestep the requirements of the *Federal Rules of Civil Procedure*.

*Federal Rules of Civil Procedure* Rule 26(f) requires that parties must confer to consider settlement or resolution of the case, and to develop a proposed discovery plan. Rule 26(d) requires that the parties may not seek discovery until they have complied with Rule 26(f). Termite Control has not followed the *Federal Rules of Civil Procedure* with regard to taking discovery by deposition although the case is now in federal court. The Smolkers requested a meeting to discuss discovery plans as required by Rule 26, but Termite Control and other parties have refused to participate in such a meeting.

*Federal Rules of Civil Procedure* Rule 30 mandates that a party must obtain leave of court if one side seeks to take more than ten depositions. The depositions that Termite Control proposes to take would result in more than ten depositions being taken by cross defendants. In fact, it would result in more than ten depositions being taken by Termite Control alone. This court's order should not have the unintended consequence of allowing Termite Control to violate Rules 26(d) and (f) and 30(a)(2)(A).

Termite Control has already routinely violated these rules. After the case was removed to federal court, Termite Control took depositions without leave of court and without compliance with federal rules. The Smolkers have not had opportunity to seek relief because the case is in limbo until the Los Angeles bankruptcy court rules on the Smolkers' motion for remand. The Los Angeles bankruptcy court announced its intention not to retain this case in that court. The Smolkers believe the Los Angeles bankruptcy court must remand because abstention is

mandatory. Presently, the Smolkers believe the bankruptcy court has no jurisdiction because it must abstain, and the state court has no jurisdiction because the case was removed.

Termite Control does not need an order from this court for "relief from stay" to depose Grace's personnel. *In re Miller, supra*. This motion only delays the case and may be used as a subterfuge by Termite Control to avoid compliance with federal rules re discovery and to excuse or pardon the depositions that Termite Control already took in violation of Rules 26 and 30.

This motion should be denied, or referred to the federal court that has jurisdiction over the *TIG v. Smolker* action. In ruling on the instant motion, that court should consider all the factors set froth in *FRCP* Rule 26(2). Movant does not set forth enough information in the instant motion for the court to be able to make an informed decision.

## IV. CONCLUSION

For the reasons set forth herein, it is respectfully requested that Home Saving Termite Control, Inc. and Wayne Morris' motion for relief from the automatic stay be denied.

Dated July 11, 2001

By:_____
    Alice Graham Smolker

_____
Gary S. Smolker
Cross complainants in propria persona
4720 Lincoln Boulevard, Suite 280
Marina Del Rey, CA  90292
Phone: (310) 574-9880  Fax: (310) 574-9883

## DECLARATION OF GARY S. SMOLKER

Gary S. Smolker declares:

1. I am a cross complainant in *TIG v. Smolker*, filed in Los Angeles Superior Court, Los Angeles, California, as case number BC 173 952, and now removed to the Bankruptcy Court for the Central District of California in Los Angeles as Adversary No. LA-01-01646 BB. I have personal knowledge of the facts set forth herein and in the attached Objection and if called upon to do so could and would testify competently thereto.

2. Cross defendant and movant Home Saving Termite Control, Inc. has taken at least 13 depositions in *TIG v. Smolker*. Cross defendant and debtor W.R. Grace & Company has taken at least thirteen depositions in *TIG v. Smolker*, for a total of 26 depositions.

3. Movant has taken or attempted to take several additional depositions following removal of this case to federal court.

4. On May 8, 2001, I notified movant's counsel in writing that movant failed to comply with the federal rules in their discovery attempts following removal of this case to federal court. I also requested in writing that we confer in accordance with the provisions of *FRCP* Rule 26(f). By letter dated May 11, I made this request again. I received no response. I made a follow up written request for a Rule 26(f) conference on May 22, 2001.

5. Movant refused to respond to my written requests and refused to confer pursuant to the provisions of *FRCP* Rule 26(f).

6. I am familiar with the foregoing Objection to Motion of Home Saving Termite Control, Inc. and Wayne Morris for Order Granting Relief from Automatic Stay and with the proceedings in *TIG v. Smolker*. The recitation of the facts and procedure set forth in the attached Objection is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.  Executed at Marina Del Rey, California on July 11, 2001.

_____
Gary S. Smolker

**DECLARATION OF SERVICE BY MAIL**

I, Jane Nagaishi, declare:

At the time of service hereinafter mentioned, I am over the age of 18 years and not a party to the within action. My business address is 4720 Lincoln Boulevard, Suite 250, Marina Del Rey, California 90292. I am employed in the County of Los Angeles, California.

On July 11, 2001, I served the foregoing document described as follows:

**OBJECTION TO MOTION**

on the interested parties in this action, by facsimile to the numbers indicated, and by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows, to be placed in the U. S. Mail at Marina Del Rey, California:

**SEE ATTACHED SERVICE LIST**

At the time of service, there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury that the information stated herein is true and correct under the laws of the United States of America.

Executed on July 11, 2001, at Marina Del Rey, California.

JANE NAGAISHI

DeclServ

TIG v. Smolker Service List
BC 173 952

| | | |
|---|---|---|
| Robert Hoffman, Esq.  SBN 123458<br>Charleston, Revich & Williams<br>1840 Century Park East, 3rd Fl.<br>Los Angeles, CA 90067-2104 | Phone<br>(310) 551-7000<br>Fax<br>(310) 203-9321 | Attorneys for Cross Defendants<br>Coregis Group, Inc.; Coregis Insurance<br>Company; and California Insurance Compan |
| Brian Porter, Esq.  SBN 204684<br>Borton, Petrini & Conron<br>707 Wilshire, Blvd., 51st fl<br>Los Angeles, CA 90017-3613 | Phone<br>(213) 624-2869<br>Fax<br>(213) 489-3930 | Attorneys for Cross Defendants<br>W.R. Grace & Co., Grace Davison |
| David L. Hughes, Esq.  SBN 129411<br>Booth Mitchel & Strange LLP<br>701 Parker Street, Ste. 6500<br>P.O. Box 11055<br>Orange, CA 92856-8155 | Phone<br>(714) 641-0217<br>Fax<br>(714) 480-8533 | Attorneys for Cross defendant<br>Reliance Insurance Company |
| Larry Arnold, Esq.  SBN 60459<br>Cummins & White, LLP<br>2424 S.E. Bristol St., Ste 300<br>Newport Beach, CA 92660 | Phone<br>(949) 852-1800<br>Fax<br>(949) 852-8510 | Attorneys for Plaintiff and<br>Cross Defendant TIG Insurance<br>Company |
| Jolynne Pollard, Esq.<br>Gordon & Rees<br>300 S. Grand Ave., 20th Floor<br>Los Angeles, CA 90071 | Phone<br>(213) 576-8080<br>Fax<br>(213) 680-4470 | Attorneys for cross defendant<br>Truck Insurance Exchange |
| Gary Yardumian, Esq. SBN 131411<br>Prindle Decker & Amaro<br>P. O. Box 22711<br>Long Beach, CA 90801-5511 | Phone<br>(562) 495-0564<br>Fax<br>(562) 495-0564 | Attorneys for cross defendant<br>Home Saving Termite Control, Inc. |
| David M. Grey, Esq.  SBN 124793<br>Murawski & Grey<br>11755 Wilshire Blvd., Ste. 1400<br>Los Angeles, CA 90025 | Phone<br>(310) 551-6939<br>Fax<br>(310) 479-6469 | Attorneys for Cross defendant and Cross<br>complainant Pacific Villas Homeowners'<br>Association |
| Richard B. Wolf, Esq.  SBN 046173<br>Lewis D'Amato Brisbios & Bisgaard<br>221 N. Figueroa St., Ste. 1200<br>Los Angeles, CA 90012-2601 | Phone<br>(213) 250-1800<br>Fax<br>(213) 250-7900 | Attorneys for Cross defendant<br>Auto Club |

**In Re W.R. Grace**
**USBC, District of Delaware**
**Service List**

James H.M. Sprayregen, Esq.                          Attorneys for Debtors
Kirkland & Ellis
200 E. Randolph Drive
Chicago, Ill  60601
Fax:  312-861-2200


Laura Davis Jones, Esq.                              Attorneys for Debtors
Pachulski Stang Ziehl Young & Jones PC
919 N. Market St., Ste. 1600
P.O. Box 8705
Wilmington, DE  19899-8705
Fax:  302-652-4400


Office of the United States Trustee                  Trustee
ATT:  Frank J. Perch, Esq.
844 N. King St.
Wilmington, DE  19801
Fax:  302-573-6497


Scott L. Baena, Esq.                                 Counsel to the Official Committee of Property
Bilzin Sumerg Dunn Baena Price & Axelrod             Damage Claimants
First Union Financial Center
200 S. Biscayne Blvd., Ste. 2500
Miami, FL  33131
Fax:  305-374-7593


Michael B. Joseph, Esq.                              Counsel to the Official Committee of Property
Ferry & Jospeh, PA                                   Damage Claimants
824 Market Street, Ste. 904
P.O,. Box 1351
Wilmington, DE  19899
Fax:  302-575-1714


Elihu Inselbuch, Esq.                                Counsel to the Official Committee
Caplin & Drysdale                                    of Personal Injury Claimants
399 Park Avenue, 36th Floor
New York, NY 10022
Fax:  212-644-6755

Matthew G. Zaleski III, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
Fax:  302-654-2067

Counsel to the Official Committee
of Personal Injury Claimants

Lewis Kruger, Esq.
Strook & Strook & Lavan
180 Maiden Lane
New York, NY  10038-4982
Fax:  212-806-6006

Counsel to the Official Committee
Of Unsecured Creditors

Michael R. Lastowski, Esq.
Duane Morris & Heckscher, LLP
1100 N. Market Street, Ste. 1200
Wilmington, DE  19801-1246
Fax:  302-657-4901

Counsel to the Official Committee
Of Unsecured Creditors