UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| W.R. Grace & CO.., *et al.* | : | Case Number 01-1139 (JJF) |
| | : | |
| Debtors | : | Jointly Administered |
| | : | Hearing Date: July 19, 2001 at 4:00 a.m. |
| | | Objection Deadline: July 12, 2001 at 4:00 p.m. |

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION BY OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO AMEND ADMINISTRATIVE ORDER TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENTS OF PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS

In support of her Limited Objection to the Motion of The Official Committee of Asbestos Property Damage Claimants to amend the Administrative Order under 11 USC Sec.105(a) and Sec. 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Order") dated May 3, 2001, Patricia Staiano, United States Trustee (the "UST") for Region 3, by and through her undersigned counsel, avers:

1. This Court has jurisdiction to hear the above-captioned Objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the UST is obligated to supervise the administration of cases and take such actions as the UST deems appropriate.

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-captioned Limited Objection.

4. The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") has moved to amend the Administrative Order under 11 USC Sec.105(a) and Sec. 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Order") dated May 3, 2001.

5. The Order provides in pertinent part:

> *ORDERED that each member of the Committee (when and if appointed) be permitted to submit statements of expenses (including individual Committee Member's counsel expenses but excluding such counsel's fees) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Member's requests for reimbursement in accordance with the Compensation Procedures; . . .*

The Order is a standardized form of Order developed after extensive negotiation to address in a consistent and predictable manner the procedures for interim compensation of professionals under Sections 327, 330 and 1103 of the Bankruptcy Code. Counsel for the individual members of the Committee are not retained professionals under Sec. 327, 330 or 1103, and thus are not intended to be within the scope of the Order.

6. The Motion appears to misconstrue the Order to suggest that the members are prohibited from *ever* seeking reimbursement of their individual member's counsel fees. In fact the Order simply prohibits the submission of the application for such kind of counsel fees incurred by the individual committee members in the manner and procedure as set forth in the Order under the "Compensation Procedures."

7. The allowance of counsel fees to attorneys representing individual committee members is governed by *First Merchants Acceptance Corp. v. J.C. Bradford & Co.* 198 F.3d 394 (3rd Cir. 1999), which holding was further elucidated and interpreted by Bankruptcy Judge Walrath in *Worldwide Direct, Inc., et al.*, 259 B.R. 56 (Bkrtcy. D. Del. 2001).

8. As *First Merchants* and *Worldwide* clearly indicate, the award of attorney fees to counsel for individual committee members is neither automatic nor routine, and it is governed by different standards from that applicable to retained professionals under Sections 327, 330 and 1103. The

applicant bears the burden of showing not only that the services were necessary but that it was necessary for a particular member of the committee to perform them as opposed to retained committee counsel. *Worldwide,* 259 B.R. at 60. As the Court of Appeals indicated in *First Merchants,* "if every member of the committee were to claim attorney's fees and accountant's fees, there would be a proliferation of administrative expenses which would be an unnecessarily drain of estate assets." *First Merchants,* 198 F. 3d at 400. Thus, awards of fees to individual members' counsel should be limited to "unusual circumstances" where particular facts support a finding that it is necessary and appropriate for the estate to be charged with the fees of counsel assisting members in performing their duties as such. Furthermore, Judge Walrath cautioned against the practice of attorneys attending meetings in place of their committee member clients thus generating fees for relaying the committees business back to the member's. *Worldwide* 259 B.R. at 60.

9. The Court of Appeals in *First Merchants* counseled as follows:

> *"The bankruptcy court retains the power to ensure that only those fees that are demonstrably incurred in the performance of the duties of the committee, the statutory standard, are reimbursed. Moreover, in its review of each application to determine whether the free requested is reasonable, as required by the statute, the bankruptcy court must necessarily determine whether the services were necessary.* 198 F.3d at 402.

Thus it cannot be concluded that the mere request of a committtee member's attorney for fees will routinely lead to allowance of some or all of such fees.

10. For this reason, the Order was structured, not to prevent the payment of counsel fees incurred by Committee members, but to take the application for same out of the pre-established procedures for routine compensation of retained professionals and thereby cause such application to be made and considered separate therefrom, at which time the counsel for the member of the committee would be required to satisfy its burden of showing not only that the work was performed

but also to establish that the services rendered were necessary to the performance of the duties of the member of the official creditors committee for whom they were incurred.

11. Accordingly, there was no error in the Order permitting the amendment proposed, but indeed the Order was carefully crafted to be mindful and to adhere to the holding and concerns of the applicable law as held by the Third Circuit in *First Merchants*.

12. The UST leaves the Debtors to their burden and reserves all discovery rights.

WHEREFORE the UST requests that this Court issue an order denying the Motion and/or granting such other relief that this Court deems appropriate.

> Respectfully submitted,
> **PATRICIA A. STAIANO**
> **UNITED STATES TRUSTEE**
>
> BY: _____
> George M. Conway, Esquire
> Trial Attorney
> J. Caleb Boggs Federal Building
> 844 King Street, Suite 2313, Lockbox 35
> Wilmington,. DE 19801
> (302) 573 6491
> (302) 573 6497 (Fax)

Date: July 12, 2001.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. Grace & Co., *et al.* | Bankruptcy No. 01-1139 (JJF) <br> (Jointly Administered) |
| Debtors | |

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 12th day of July, 2001, the United States Trustee's Limited Objection to the Motion by the Official Committee of Asbestos Property Damage Claimants to Amend Administrative Order to Established Procedure for Interim Compensation and Reimbursements of Professionals and Official Committee Members was served by placing copies via facsimile to the following persons:

Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 market Street, Suite 904
P. O. Box 1351
Wilmington, DE 19899
Fax: 302-575-1714

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price, & Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Blvd.
Miami, FL 33131-2336
Fax: 305-374-7593

Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young & Jones
919 North Market Street
16th Floor
Wilmington, DE 19801
Fax: (302) 652-4400

*Theresa Mack*
Theresa Mack, Legal Clerk

D:\MyFiles\GEORGE\WR Grace\CERT LIST.wpd