IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 01-01139 (JJF)<br>(Jointly Administered)<br><br>Objections Due By: July 13, 2001 @ 4:00 p.m.<br>Hearing Date: July 19, 2001 @ 12:00 p.m. |
| W. R. GRACE & CO., et al., | | |
| Debtors. | | |

**ORIGINAL**

**FILED 2001 JUL 12 PM 12:58 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE**

### LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO APPLICATION OF THE DEBTORS PURSUANT TO FED. R. BANKR. P. 2014(a) FOR THE ENTRY OF AN ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF KINSELLA COMMUNICATIONS, LTD. AS NOTICE CONSULTANT FOR THE DEBTORS AND DEBTORS IN POSSESSION

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") files this limited objection to the Application of the Debtors Pursuant to Fed. R. Bankr. P. 2014(a) for the Entry of an Order under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kinsella Communications, Ltd. as Notice Consultant for the Debtors and Debtors in Possession (the "Application"), filed by the above-referenced debtors (the "Debtors"). In support hereof, the PD Committee would show as follows:

### Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On April 2, 2001, the Court entered its Order directing the joint administration of the Debtors' chapter 11 cases.

3. On April 12, 2001, the Office of the United States Trustee appointed the PD Committee in these cases consisting of Mr. Marco Barbanti, Princeton University, Pacific Freeholds, Prudential Insurance Company, Anderson Memorial Hospital, the Catholic Archdiocese of New Orleans, and Mr. Paul Price.

4. The Committee represents the interests of the property damage claimants in these cases.

5. Also on April 12, 2001, the U.S. Trustee appointed the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") and the Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee"; the PD Committee, the PI Committee and the Unsecured Creditors Committee being collectively referred to as the "Committees.").

## The Application

6. By way of the Application, the Debtors seek to employ and retain Kinsella Communications, Ltd. ("Kinsella") pursuant to Section 327(a) of the Bankruptcy Code to design and implement a bankruptcy notification program for the Debtors.

7. Relatedly, the Debtors have also filed their Motion for the Entry of a Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (the "Case Management Motion"), wherein they seek, inter alia, to establish and implement a notification plan with regard to asserting claims against the Debtors.[1] In this regard, the Debtors seek to engage Kinsella to provide notice to "putative

---

[1] The notification plan is principally set forth in Exhibits F and G to the Case Management Motion.

2

claimants." The notification services may include, without limitation: (i) developing a notification plan with respect to the Debtors bar date with recommendations for materials and media distribution; (ii) creating relevant notice materials; (iii) implementing media buys and placement; (iv) providing a summary and analysis of the notification activities and media placements as required by the Debtors; and (v) providing testimony or affidavits describing the notification services, as requested by the Debtors. Application, ¶ 12.

8. The Debtors propose to compensate Kinsella on a commission basis, plus reimbursement of actual, necessary expenses and other charges incurred. Id. at ¶ 13. Importantly, the Debtors propose to pay Kinsella a commission rate equal to fifteen percent (15%) of all gross media buys that are approved by the Debtors. Id.

### Limited Objection

9. The PD Committee objects, on a limited basis, to the compensation structure of Kinsella proposed in the Application. While, the PD Committee has been given insufficient time to review and analyze the Debtors proposed notification plan set forth in the Case Management Motion, to the extent that the PD Committee objects to the proposed notification plan therein, it may do so upon the grounds that the notification plan is insufficient. In all likelihood, and as intimated by the Debtors in the Application, Kinsella would provide testimony in support of the sufficiency of the Debtors' proposed notification plan. As a result, if Kinsella was to provide testimony in favor of the Debtors' plan, but then be required to implement a more expansive plan due to an objection of the PD Committee, or any of the other Committees, under the proposed compensation structure, Kinsella would reap the benefits of a plan to which it has testified against.

WHEREFORE, the PD Committee respectfully requests that the Court hear and consider this Limited Objection, sustain the objection raised herein, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated: July 12, 2001.

        Respectfully submitted,
        BILZIN SUMBERG DUNN BAENA
          PRICE & AXELROD LLP
        2500 First Union Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2336
        Telephone: (305) 374-7580

        Scott L. Baena (Admitted Pro Hac Vice)

        and

        FERRY & JOSEPH, P.A.
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, Delaware 19899
        Telephone: (302) 575-1555

        By: _____
           Michael B. Joseph
           (Del. Bar No. 392)
           Theodore J. Tacconelli
           (Del. Bar No. 2678)

        CO-COUNSEL FOR THE OFFICIAL
        COMMITTEE OF ASBESTOS PROPERTY
        DAMAGE CLAIMANTS

518525

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of this Limited Objection of the Official Committee of Asbestos Property Damage Claimants to Application of the Debtors Pursuant to Fed.R.Bank.P. 2014(a) for the Entry of an Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kinsella Communications, Ltd. as Notice Consultant for the Debtors and Debtors in Possession, was made on July 12, 2001, upon:

### BY HAND-DELIVERY

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE 19801

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
1201 N. Market Street, 15th Floor
Chase Manhatten Centre
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246

Frank J. Perch, Esquire
Office of the Unites States Trustee
844 N. King Street
Wilmington, DE 19801

### BY FIRST-CLASS MAIL

James H.M. Sprayregen, Esquire
James W. Kapp, II, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Lewis Kruger, Esq.
Stroock, Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

Under penalty of perjury, I declare that the foregoing is true and correct.

Theodore J. Tacconelli, Esq.