**ORIGINAL**

**FILED**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

2001 JUL 12 PM 1:03

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) | |
| | ) | |

## MOTION TO SHORTEN NOTICE

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through its undersigned counsel, respectfully moves this Honorable Court, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 102 of title 11, United States Code (the "Bankruptcy Code"), for an order providing that notice of the **Motion of the Official Committee of Asbestos Property Damage Claimants to Continue the Hearing on Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, and Motion to Extend Time to Object or Respond to Such Motions** (the "Motion") be shortened as provided below.

The PD Committee seeks an Order from the Court, pursuant to Local Bankruptcy Rule 9006-1(e), shortening the time for notice of the Motion from fifteen (15) days to seven (7) days so that a hearing can be held on July 19, 2001, a date which had previously been scheduled for a hearing on other matters in these cases.

In support of this request, the PD Committee specifically notes that prompt disposition of

the Motion, as requested herein, affords interested parties ample opportunity to analyze the Motion and, if necessary, file responses or objections thereto. The PD Committee further submits that the relief sought herein is in the best interest of the estates.

The PD Committee has served the Motion upon counsel for the Debtors, the United States Trustee and counsel for the Official Committees by hand delivery or facsimile, and all other parties were served by first class mail. In light of these circumstances, the PD Committee respectfully submits that: (i) cause exists for the reduction of the notice period proposed hereby and; (ii) no party in interest will be prejudiced by the relief sought herein.

WHEREFORE, the PD Committee respectfully requests the entry of an order shorting the time for notice and providing such other and further relief as is just and proper.

FERRY & JOSEPH, P.A.

_____
Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Local Counsel for the Official Committee
of Asbestos Property Damage Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Counsel for the Official Committee
of Asbestos Property Damage Claimants

Dated: July 12, 2001

IT IS SO ORDERED
this ___18___ day of July, 2001

_____
JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT COURT JUDGE

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\MotiontoShortenNotice.wpd

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

FILED ORIGINAL

2001 JUL 12 PM 1:04

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) | **Objections due by: 7/17/01 @ 12:00 p.m.** |
| | ) | **Hearing Date: 7/19/01 @ 12:00 p.m.** |

## NOTICE OF MOTION

TO:   All Parties on the 2002 Service List

The Official Committee of Asbestos Property Damage Claimants has filed the attached Motion of the Official Committee of Asbestos Property Damage Claimants to Continue the Hearing on Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, and Motion to Extend the Time to Object or Respond to Such Motions.

You are required to file a response to the attached motion on or before **July 17, 2001, at 12:00 p.m.**

At the same time, you must also serve a copy of the response upon Movant's attorneys:

| | |
|---|---|
| Michael B. Joseph, Esquire | Scott L. Baena, Esquire |
| Theodore J. Tacconelli, Esquire | Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, LLP |
| Ferry & Joseph, P.A. | 2500 First Union Financial Center |
| 824 Market Street, Suite 904 | 200 South Biscayne Boulevard |
| Wilmington, Delaware 19801 | Miami, Florida 33131-2336 |
| (302) 575-1555 | (305) 374-7580 |

HEARING ON THE MOTION WILL BE HELD ON **July 19, 2001, at 12:00 p.m.**

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

FERRY & JOSEPH, P.A.

_/s/ Theodore J. Tacconelli_
Theodore J. Tacconelli, Esq. (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Local Counsel for the Official Committee
of Asbestos Property Damage Claimants

-and-

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336
(305) 374-7580
Counsel for the Official Committee
of Asbestos Property Damage Claimants

Date: July 12, 2001

TJT/msj
F:\Meredith\TJT\WRGraceBankMBJ\NotMot.wpd

FILED ORIGINAL
2001 JUL 12 PM 1:04

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objections Due By: July 17, 2001 @ 12:00 p.m.** |
| | ) | **Hearing Date: July 19, 2001 @ 12:00 p.m.** |

## MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO CONTINUE THE HEARING ON DEBTORS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF BAR DATE, APPROVAL OF THE PROOF OF CLAIM FORMS AND APPROVAL OF THE NOTICE PROGRAM, AND MOTION TO EXTEND THE TIME TO OBJECT OR RESPOND TO SUCH MOTIONS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") respectfully moves the Court for entry of an Order: (1) continuing the hearing on Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (the "Case Management Motions"), and (2) extending the date by which the PD Committee must object or otherwise respond to the relief requested in the Case Management Motions. In support hereof, the PD Committee would show as follows:

### Preliminary Statement

On June 27, 2001 --- a mere three and one-half months after the commencement of these chapter 11 cases --- the Debtors filed the Case Management Motions seeking:

- To impose a Bar Date of April 1, 2002;

- Approval of a Notification Plan purportedly designed to provide 96.9% of all men over the age of 65 years of age with 5.3 opportunities to see the notice and 95.4% of all adults over the age of 35 years with 4.3 opportunities to see the notice;

- The approval of unprecedented proof of claim forms;

- The establishment of triple-track discovery periods that extend to July, 2003;

- The empowerment of at least two so-called "Litigation Committees" to supplant claimants' existing counsel;

- The scheduling of multiple Daubert hearings to challenge scientific evidence relating to asbestos claims;

- The scheduling of multiple bench trials under Rule 42 in lieu of jury trials or more traditional claims resolution facilities pursuant to a confirmed plan of reorganization;

- The scheduling of bench trials and hearings on motions for summary judgment as far out as August, 2003; and

- The right to pick and choose property damage claims to be remanded to other courts.

Pursuant to the Notice accompanying the Case Management Motions – which were not received by the undersigned counsel for the PD Committee until July 2, 2001 – parties in interest were required to object or otherwise respond to the Case Management Motions on July 13, 2001. The Debtors have agreed to adjourn the hearing on the Case Management Motions until August 2, 2001, and the return date to July 25, 2001.

While the PD Committee has formed the impression that the Case Management Motions are ill conceived and imprudent generally, the PD Committee requires additional time to object

to the Case Management Motions and to propose its own vision for the conduct and management of these chapter 11 cases with specificity. Importantly, although the Debtors repeatedly characterize their proposals as having been addressed and embraced in other bankruptcy cases, assuredly, property damage claims were not implicated in those cases. Thus, the Debtors' proposals are of first impression for property damage claimants.

Accordingly, to prevent manifest injustice, the PD Committee respectfully seeks an additional thirty (30) days to object and respond to the Case Management Motions.

### Discussion

Unquestionably, the Case Management Motions were filed by the Debtors as directed by the Court during the Chambers conference that was convened after hearings on various motions conducted on May 3, 2001. Unfortunately, however, the Debtors did not make an earnest attempt to reach any agreements with the PD Committee on the breadth, scope or substance of the matters engendered by the Case Management Motions.

It is likewise unquestionable that the Case Management Motions propose an unprecedented monolithic structure which engenders equally substantial questions of efficacy, fairness, and due process. While the Debtors purport to base each aspect of their proposals on other mass tort cases, we submit that there is no precedent for the sum of the Debtors' proposals by way of a single request a mere three and one-half months into an exceedingly complex case involving the variety of claims as here.

The instant application is not motivated solely by the need for more time to present pure legal argument. Numerous aspects of the Case Management Motions require the employment and advice of various professionals. For example, just as the Debtors deemed the employment of Kinsella Communications, Ltd. as "necessary to enable the Debtors to provide constitutionally

3

adequate notice of the bar date in their Chapter 11 cases," the PD Committee likewise deems it necessary, for the very same reason, to engage the services of a notice consultant. (Application of the Debtors Pursuant to Fed. R. Bankr. P. 2014(a) for the Entry of an Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kinsella Communications, Ltd. as Notice Consultant for the Debtors and Debtors in Possession, ¶6). It affirmatively appears from the Kinsella report that the Debtors are principally concerned with the method of giving notice and not the nature of the notice provided. It is simply unreasonable to expect the PD Committee's yet to be retained expert to critically evaluate Kinsella's substantial report and conclusions, let alone formulate a meaningful alternative proposal if warranted (as we expect it to be), within the present time constraints.

Similarly, without precedent, the Debtors have proposed three (3) proof of claim forms for property damage claimants alone and have proposed instructions to accompany such forms. The forms and instructions are internally inconsistent, confusing, and obviously calculated to discourage, or worse yet, ambush property damage claimants. Moreover, the Debtors have failed to propose claim forms for certified class claims. Thus, it is incumbent upon the PD Committee to propose alternative claim forms, necessitating the employment of yet another expert in the field. Here too, it is unreasonable to require the PD Committee to adhere to the existing deadlines.

Additionally, while the Case Management Motions appear to be omnibus and all-inclusive, the Motions fail to address critical threshold issues such as the disposition of pending class certifications and the appointment of future claims representatives. Thus, it is again incumbent upon the PD Committee to enumerate and thoughtfully address such omissions.

In short, while the Case Management Motions serve the useful purpose of framing issues, they hardly present a consensual view of the contours of these chapter 11 cases. Meaningful opposition to the Case Management Motions ensures that the Court will be fully apprised in the premises before it imposes a case structure of such epic proportions and duration that will assuredly affect the rights and claims of asbestos claimants, *including those claimants who have yet to even be identified*. In that light, it is inconceivable that a modest delay engenders prejudice to the Debtors or other parties in interest of the magnitude of the harm that would be sustained by the PD Committee's constituency should the instant application be denied.

In Sutherland Paper Co. v. Grant Paper Box Co., 183 F.2d 926, 931 (3d Cir. 1950), the Third Circuit Court of Appeals said:

> There is no question that as a general proposition, the grant or denial of continuance is a matter within the discretion of the trial court. There is also no question that an abuse of that discretion is subject to correction by an appellate court.

*Also See*: Concerned Citizens of Bushkill Township v. Castle, 592 F.2d 164 (3d Cir. 1979) (no abuse of discretion in the district court's continuance of an evidentiary hearing on request for injunction to allow defendants to "redefine their position").

In Landis v. North American Co., 299 U.S. 248, 254-56, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936), the Supreme Court said:

> [T]he power to stay proceedings is incidental to the powers inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. (Citations omitted.)
>
> ***
>
> Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted.

5

## Conclusion

For the reasons set forth above, the PD Committee believes that a modest continuance of the hearing on the Case Management Motions, together with a concomitant extension of time for the PD Committee to object or respond to the Case Management Motions, is warranted. Any claim of prejudice by the Debtors or any other parties in interest is outweighed by the more tangible threat of harm to property damage claimants, as well as to traditional notions of due process and fair play.

## Notice

Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the DIP Lenders; (iv) counsel to the official committees appointed in these chapter 11 cases; and (v) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the PD Committee submits that no further notice is required.

## No Prior Request

No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the PD Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, continuing the hearing on the Case Management Motions filed by the Debtors for a period of not less than thirty (30) days from August 2, 2001, and further, extending for a like period the date by which the PD Committee must object or respond to the Case Management Motions, and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
July 12, 2001

        BILZIN SUMBERG DUNN BAENA
         PRICE & AXELROD LLP
        Counsel for the Property Damage Committee
        2500 First Union Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2336
        Telephone: (305) 374-7580

        Scott L. Baena (Admitted Pro Hac Vice)

            and

        FERRY & JOSEPH, P.A.
        Local Counsel for the Property Damage Committee
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, Delaware 19899
        Telephone: (302) 575-1555

By: _/s/ Michael B. Joseph_____
        Michael B. Joseph
        (Del. Bar No. 392)
        Theodore J. Tacconelli
        (Del. Bar No. 2678)


        Co-Counsel for the Official Committee of Asbestos
        Property Damage Claimants

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly-Administered |
| | ) | |
| | ) | |
| | ) | |

**ORDER**

Upon the Motion of the Official Committee of Asbestos Property Damage Claimants to Continue the Hearing on Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, and Motion to Extend Time to Object or Respond to Such Motions (hereinafter the "Motion"); the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this being a core proceeding pursuant to 28 U.S.C. § 157 (b) (2); this Court having held a hearing on the Motion on July 19, 2001; notice having been provided in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Court Rules; the Court being fully advised and having determined that the legal and factual bases set forth in the Motion establish cause for the relief requested; it is hereby

ORDERED, that the hearing on the Case Management Motions filed by the debtors shall be continued for a period of not less than thirty (30) days from August 2, 2001; and it is further

ORDERED, that the time for the PD Committee to file a response or objection to the

Case Management Motions shall be extended for a period of not less than thirty (30) days from August 2, 2001.

Dated: July __, 2001
       Wilmington, Delaware

                                                 _____
                                                 Joseph J. Farnan, Jr.
                                                 United States District Court Judge