# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE



In re:

W. R. GRACE & CO., et al.

          Debtors.

)
) Chapter 11
) Case No. 01-01139 (JJF)
)
) Jointly Administered
  Hearing Date: July 19, 2001 at 12:00 p.m.

## OBJECTION OF THE OFFICIAL UNSECURED CREDITORS' COMMITTEE TO THE MOTION OF JEAN-PAUL BOLDUC, BRIAN J. SMITH, RICHARD N. SUKENIK AND PHILIP J. RYAN, III, FORMER EMPLOYEES OF DEBTOR W. R. GRACE & CO., FOR ENTRY OF AN ORDER AUTHORIZING AND REQUIRING THE DEBTORS TO PAY CERTAIN BENEFITS INCURRED BY OR ON BEHALF OF THE FORMER EMPLOYEES (DOCKET NO. 484)

The Official Unsecured Creditors' Committee (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by its counsel for its objection (the "Objection") to the Motion of Jean-Paul Bolduc, Brian J. Smith, Richard N. Sukenik and Philip J. Ryan, III, (collectively, the "Former Employees") Former Employees of Debtor W. R. Grace & Co., for Entry of an Order Authorizing and Requiring the Debtors to Pay Certain Benefits Incurred By or On Behalf of the Former Employees (the "Motion"), respectfully states as follows:

## PRELIMINARY STATEMENT

The Former Employees' claim for indemnification (the "Indemnification Claim") is properly classified as a prepetition unsecured claim in accordance with the law of this and other jurisdictions. The Former Employees provide no benefit to the estate that would justify payment to them as an administrative expense ahead of other unsecured creditors. Payment of such a claim is not necessary to the continued functioning of the Debtors as is required by

§ 105 of the Bankruptcy Code. Furthermore, the Former Employees have no basis on which to request reimbursement for future legal fees incurred in their defense.

Accordingly, the Motion should be denied in its entirety.

## BACKGROUND

1.    On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

2.    On or about April 11, 1996, the SEC[1] initiated an investigation into certain allegations of false and misleading financial statements filed with the SEC. Eventually there would be two investigations: one against Grace and one against four individuals who had been officers or directors at the time that the allegedly false and misleading statements were filed.

3.    In or about June 1999, the suit against Grace was dismissed with prejudice. As of the present, the suit against the four Former Employees (the "SEC Proceeding") remains pending.

## DESCRIPTION OF THE INDEMNIFICATION OBLIGATIONS

4.    The four Former Employees, each having hired his own independent counsel, collectively seek indemnification and reimbursement of their legal expenses pursuant to two sets of documents. First, the Former Employees claim that they are owed indemnification

obligations by the Debtors under W. R. Grace & Co's Amended and Restated By-Laws (the

"By-Laws"). These By-Laws state, in pertinent part that: "Each person who . . . is made a party

. . . to a proceeding . . . by reason of the fact that he or she is or was a . . . director or officer of

[W. R. Grace & Co.] . . . shall be indemnified and held harmless by [W. R. Grace & Co.]."

Amended and Restated By-Laws of W. R. Grace & Co., § 6.7(A) (appended to the Former

Employees' Motion as Exhibit B).

   5.  Second, the Former Employees also seek payment of their Indemnification

Claims pursuant to certain letter agreements (the "Letter Agreements") under which the

Debtors agreed to indemnify the Former Employees for attorney's fees incurred by each

Employee in his defense of the SEC Proceeding. Brian J. Smith's letter is dated March 13,

2001, and signed on July 22, 1997; Richard Sukenik's letter is dated March 24, 1997; Philip J.

Ryan, III's letter is dated June 24, 1997, and signed on September 8, 1997; and J.P. Bolduc's

letter is dated March 7, 1997. Copies of these Letter Agreements are appended to the Former

Employees' Motion as Exhibit A. These Letter Agreements were signed after the initiation of

the SEC Proceeding and refer to and acknowledge § 6.7 of the Debtors' By-Laws.

## THE CURRENT INDEMNIFICATION CLAIMS

   6.  On June 19, 2001, the Former Employees filed their Motion in which they seek

an order (i) authorizing and requiring the Debtors to reimburse the Former Employees for

prepetition legal fees and expenses incurred in connection with their defense of the SEC

investigation against them, and (ii) directing the Debtors to reimburse the Former Employees

---

[1] Capitalized terms not defined herein have the same meanings as those ascribed to them in the
Motion.

for postpetition legal fees and disbursement that will be incurred during the chapter 11 cases in the ordinary course of the Debtors' business.

7.      By their Motion the four Former Employees seek payment of $81,072.45 in the aggregate for prepetition legal fees and expenses.  It is not disputed that the four Former Employees are entitled to be reimbursed pursuant to the By-Laws and Letter Agreements. Rather, the issue raised by this Motion is whether their Indemnification Claim is a prepetition unsecured claim or an administrative expense pursuant to § 503(b) of the Bankruptcy Code.

## ARGUMENT

### The Indemnification Claim Is Not Entitled to Administrative Expense Priority Under Established Law

8.      The Former Employees' claim should be disallowed in its entirety under established case law in this Circuit.  The case of In re Mid-American Waste Systems, Inc., is especially instructive and pertinent to the present circumstances.  In re Mid-American Waste Systems, Inc., 228 B.R. 816 (Bankr. D. Del. 1999) (Walsh, J.).  In that case, five former employees (the "MAWS Former Employees") of a reorganized debtor ("MAWS") who had formerly been officers and directors of the debtor had filed proofs of claim for indemnification for legal expenses incurred in their own defense against a suit brought by certain noteholders of the debtors for, among other causes of action, "false representations and omissions in the registration statement, prospectus and financial statements filed with the SEC in connection with the sale of the Notes." In re Mid-American, 228 B.R. at 819.  The MAWS Former Employees sought indemnification under the indemnification provision in MAWS' Certificate of Incorporation, which was governed by Delaware Law. Id. at 820.  As the Court noted, all of the MAWS Former Employees had been senior members of MAWS' management and most

had not been employed post-petition by the debtor, having resigned prior to the bankruptcy filing. Id. The Delaware Bankruptcy Court held that the legal fees and expenses claimed by the MAWS Former Employees could not be allowed as administrative expenses. Rather, the court ruled, the entire claim, which covered both prepetition and postpetition legal expenses, should be correctly classified as a prepetition claim because (1) the litigation had arisen as a result of their prepetition activities as officers and directors the debtor, and (2) the indemnification provisions upon which the claim was based were in place prepetition and "covered the MAWS Former Employees throughout the prepetition period in which the conduct at issue occurred." Id. at 821.

9.    Other recent cases within the Third Circuit have also held that contractually based claims for indemnity are prepetition claims. See, e.g., In re Pennsylvania Truck Lines, Inc., 189 B.R. 331 (Bankr. E.D. Pa. 1995). This is because of the nature of the relationship created by an indemnity agreement: "[w]hen parties agree in advance that one party will indemnify the other party in the event of a certain occurrence, there exists a right to payment, albeit contingent, upon the signing of the agreement." Id. (citations omitted); see also In re Remington Rand Corp., 836 F.2d 825, 830 (3d Cir. 1998) ("an indemnity or surety agreement creates a right to payment, albeit contingent, between the contracting parties immediately upon the signing of the agreement."); In re Pinnacle Brands, Inc., 259 B.R. 46 (Bankr. D. Del. 2001) (Delaware Bankruptcy Court held that contractually based indemnification claims were prepetition unsecured claims).

10.    In similar vein, other courts have held that claims for indemnity based on contracts which are entered into and executed prior to the filing date are "clearly pre-petition claims." See In re Chateaugay Corp., 102 B.R. 335, 352, 356 (Bankr. S.D.N.Y. 1989) (holding

that a creditor's indemnity claims arose from contracts that were executed prepetition and were thus deemed to be general unsecured claims). Indeed, as the <u>Chateaugay</u> Court concluded: "The fact that the [indemnity] claims remain contingent until the occurrence of a triggering or disqualifying event or termination of such agreements is not controlling. Once the contingency occurs, even if it occurs post-petition, the contingent claim simply becomes a liquidated one; it, however, is not thereby elevated to the status of a post-petition claim." <u>Id.</u> (citations omitted).

11.    Accordingly, in this case the Indemnification Claim of the Former Employees is properly classified as a prepetition general unsecured claim as it is contractually based,[2] the contract for indemnity between the parties was signed a full four years prior to the petition date, and the actions which form the basis for the indemnification sought (i.e., the grounds for the SEC Proceeding) occurred in their entirety before the filing of the petition before this Court.

**Payment of the Indemnification Claim is Not Supported by the First Day Benefits Order**

12.    On the Petition Date this Court signed an Order: (a) Authorizing, But Not Requiring, the Debtors to Pay Certain Prepetition (i) Wages, Salaries, Incentive Pay, Bonus Plans and other Compensation and Amounts Withheld From Such Compensation, (ii) Employee Medical, Pension and Similar Benefits, (iii) Employee Severance Pay, (iv) Workers' Compensation Benefits, (v) Amounts Relating to Retiree Health Benefits and (vi) Reimbursable Employee Expenses; (b) Authorizing and Approving Certain Key Employee Retention Programs, on an Interim Basis; and (c) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay All Checks Presented for Payment

---

[2] "The right to indemnification conferred in this Section 6.7 shall be a contract right."
    Amended and Restated By-Laws of W. R. Grace & Co., § 6.7(A).

and to Honor All Electronic Payment Requests Made By the Debtors Relating to the Foregoing (the "First Day Benefits Order").

13.    The Former Employees seek payment of their prepetition Indemnification Claims pursuant to the First Day Benefits Order because, they argue, it falls within the scope of the First Day Benefits Order.  By their own admission the Former Employees state that "[t]he benefits accruing to the Former Employees pursuant to Grace's indemnification obligations were *not specifically included in the Employee Benefit Motion.*"  See Motion at ¶ 17 (emphasis added).  However, the Former Employees conclude, the "[indemnification obligations] fall within the general scope of benefits and expenses covered by the Employee Benefit Motion." Id.

14.    After the First Day Benefits Motion was filed, the Creditors Committee filed with this Court a Motion for Reconsideration and Amendment of the First Day Order Authorizing the Debtors to Make Certain Prepetition Employee Payments and Fund Certain Trusts (the "Reconsideration Motion").  The Reconsideration Motion objected to payment, under the terms of the First Day Benefits Motion, out of assets of the estate to certain employees to the extent that such payments were for former employees who currently provided no benefit to the estate.  In keeping with this, if the request for payment of the Indemnification Claim under the present circumstances had been made as part of the First Day Benefits Motion, the Committee would have voiced its vigorous opposition along the same lines as its opposition to the payment of the nonqualified retirement and pension benefits under the First Day Benefits Order.

**Payment to the Former Employees Is Not Justified by the Necessity of Payment Doctrine**

15.    The Former Employees also argue that they are entitled to payment of their Indemnification Claim under § 105(a) of the Bankruptcy Code.  However, under well-established Third Circuit law, entitlement to payment ahead of other prepetition unsecured creditors under § 105 requires a showing that such payment is necessary in order to facilitate the continued operation of a debtor.  See In re Lehigh & New England Railway Co., 657 F.2d 570, 581 (3d Cir. 1981) ("the sine qua non for the application of the 'necessity of payment' doctrine is the possibility that the creditor will employ an immediate economic sanction, failing such payment").  The Former Employees cannot make such a showing of necessity.

16.    Section 105(a) of the Bankruptcy Code empowers the court to "[i]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Under § 105, a court may permit payment of prepetition obligations prior to confirmation of a plan of reorganization and outside of the statutory priority schemes established by the Bankruptcy Code, when such payment is essential to the continued operation of the debtor.  See, e.g., In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

17.    In the Third Circuit, the necessity of payment doctrine was established by the Lehigh case.  In re Lehigh, 657 F.2d at 581.  In that case, the Court of Appeals for the Third Circuit held that payment of prepetition claims to creditors could be authorized by the Court under § 105 of the Bankruptcy Code only if payment is "essential to the continued operation of the debtor," and especially when there is "the possibility that the creditor will employ an immediate economic sanction failing such payment."  Id.; see also In re Columbia Gas Sys., Inc., 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (noting that in the Third Circuit, debtors may pay prepetition claims that are essential to continued operation of business); In re Penn. Central

Trans. Co., 458 F. Supp. 1234 (E.D. Pa. 1978), aff'd as modified on other grounds, 596 F.2d 1102 (3d Cir. 1979) ("the necessity of payment doctrine, by its very nature, depends for its applicability upon the economic realities of the marketplace, and the dominant or subservient positions of the parties"). In short, the moving party must establish a "compelling business justification" for the payment of the claim. See In re NVR L.P., 147 B.R. 126, 128 (Bankr. E.D. Va. 1992).

18.     As numerous courts have noted, the necessity of payment doctrine is a "narrow exception" to the priority of payment scheme established by the Bankruptcy Code, see In re NVR L.P., 147 B.R. 126, 127-28 (Bankr. E.D. Va. 1992), and should be narrowly construed. See Matter of Holly's, Inc., 140 B.R. 643 (Bankr. W.D. Mich. 1992) ("This court strongly believes that these recognized exceptions [such as the necessity of payment rule], whether statutory or judge-made, are very limited"). Accordingly, as interpreted by the courts, proponents of payment outside of the statutory priority scheme must bear a heavy burden to show that payment is a "substantial necessity," see In re NVR L.P., 147 B.R. 126 (Bankr. E.D. Va. 1992), and must "articulate a compelling business justification, other than mere appeasement . . . for making the proposed payment." Id. at 128.

19.     The Former Employees are no longer employed by the Debtors and they are not essential to the continued functioning or reorganization in bankruptcy of the Debtors. Thus, they cannot establish the "compelling business justification" required by the Third Circuit. The necessity doctrine has traditionally been used to permit payments only to current employees who are essential to the continued functioning of the debtor or to key trade creditors whose supply of the debtor is critical to the debtor's continuing in business. See Just For Feet, Inc., 242 B.R, 821, 823-825 (D. Del. 1999) (court granted debtor's motion to pay certain critical

trade vendors under necessity doctrine when vendors threatened to cease extension of credit to the debtors, thus rendering the debtor, a retail chain, with no inventory); In re Gulf Air, Inc., 112 B.R. 152, 153-54 (Bankr. W.D. La. 1989) (court allowed payment to current employees under necessity doctrine, reasoning that payments were necessary to maintain "going concern value" of debtor).

20.    Indeed, the single case cited by the Former Employees in their Motion to support the proposition that prepetition payments may be made by a Debtor under § 105 involves a payment to a current, not former, employee of the debtor. See In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (involving active employees). The remaining cases cited in the Motion to support their proposition that § 105 supports the relief they seek do not even involve payments to employees at all. See, e.g., In re Chinichian, 784 F.2d 1440 (9th Cir. 1986) (involving revocation of a confirmation order); Bird v. Crown Convenience (In re NWFX, Inc.), 864 F. 2d 588, 590 (Bankr. N.D. Ill. 1980) (involving equitable determination of what properly constituted property of the estate); In re Aurora Cord & Cable Co., 2 B.R. 342 (Bankr. N.D. Ill. 1980) (involving review of IRS tax levies).

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Former

Employees' Motion be denied.


Dated:    Wilmington, Delaware
          July 12, 2001


                          Respectfully submitted:

                          **STROOCK & STROOCK & LAVAN LLP**
                          Lewis Kruger, Esq.
                          Robert A. Raskin, Esq.
                          180 Maiden Lane
                          New York, New York  10038-4982
                          Tel:     (212) 806-5400
                          Fax:     (212) 806-6006

                          - and -

                          **DUANE, MORRIS & HECKSCHER LLP**

                          *Michael Lastowski / Keith Jely* (#4052)
                          Michael Lastowski, Esquire (DE I.D. No. 3892)
                          William S. Katchen, Esquire
                          1100 North Market Street, Suite 1200
                          Wilmington, Delaware 19801
                          Tel:     302-657-4942
                          Fax:     302-657-4901
                          Email:   mlastowski@duanemorris.com

                          Co-Counsel for the Official Committee
                          of Unsecured Creditors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | **Case No. 01-01139 (JJF)** |
| **W. R. GRACE & CO., et al.**[1] | ) | |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | **Hearing Date: July 19, 2001 at 12:00 p.m.** |

## CERTIFICATE OF SERVICE

I, Shelley A. Hollinghead, certify that I am not less than 18 years of age, and that

service of a copy of the **Objection of the Official Unsecured Creditors' Committee to**

**the Motion of Jean-Paul Bolduc, Brian J. Smith, Richard N. Sukenik and Philip J.**

**Ryan, III, Former Employees of Debtor W.R. Grace & Co., For Entry of An Order**

**Authorizing and Requiring the Debtors to Pay Certain Benefits Incurred By or On**

**Behalf of the Former Employees (Docket No. 484)** was made July 12, 2001, upon:

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

All of the parties indicated on the attached Service List by first class mail, postage prepaid, or as otherwise indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

June 12, 2001

Shelley A. Hollinghead, Paralegal
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: (302)-657-4924
Facsimile: (302)-657-4901
Email: sahollinghead@duanemorris.com

WLM\147803.1

## W.R. GRACE & CO.
## 2002 SERVICE LIST

Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, Floria  32399-3000

Robert T. Aulgur, Jr., Esquire
313 N. DuPont Highway
Suite 200
Odessa, DE 19730
*Counsel for Toyota Motor Credit*

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606
*Counsel to DIP Lender*

Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131
*Official Committee of Property Damage Claimants*

Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, Georgia  30309

D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
*Counsel to Sealed Air Corporation*

WLM\146956.1

Mr. James A. Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA  24624

Craig Barbarosh, Esquire
Pillsbury Winthrop LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122
**Counsel for Wells Fargo Bank Minnesota, National Association**
Telephone:    (714) 436-6800
Facsimile:    (714) 436-2800

Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX  75204
**Counsel for Asbestos Claimants**

Christopher Beard, Esquire
Beard & Beard
306 N. Market Street
Frederick, MD  21701

Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY  10004

Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA  02110-2699

William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
**Local Counsel to Asbestos Claimants**

WLM\146956.1

Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX 75219

C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903
*Counsel for Berry & Berry*

James S. Carr, Esquire
Christena A. Lambrianakos, Esquire
101 Park Avenue
New York, NY 10178
*Counsel for Delco Development Company*
Telephone:    (212) 808-7800
Facsimile:    (212) 808-7897

Stephen H. Case, Esquire
Nancy L. Lazar, Esquire
David D. Tawil, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
*Counsel for The Chase Manhattan*

Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

Damon J. Chargois, Esquire
Foster & Sear, L.L.P.
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006
*Counsel for numerous asbestos claimants*

WLM\146956.1

Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636

Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
*Counsel for The Chase Manhattan Bank*

Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067

Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland  21043

Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, New Jersey  07663

Credit Lyonnais
1301 Avenue of the Americas
New York, New York  10019-0602

Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, Tennessee  38103

WLM\146956.1

Curtis J. Crowther, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
*Counsel for Century Indemnity Company*
Telephone:    (302) 654-0424
Facsimile:    (302) 654-0245
E-mail:        crowtherc@whitewms.com

DAP Products Inc.
c/o Julien A. Hecht, Esquire
2400 Boston Street
Suite 200
Baltimore, MD 21224
Telephone:    (410) 675-2100

Nancy Worth Davis, Esquire
Ness, Motley, Loadhold, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
*Counsel to Asbestos Claimants*

Maggie De La Rosa
Provost * Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, Texas  77701

Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD  21226-1595

Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ  08108
*Counsel for SAP America, Inc.*

WLM\146956.1

John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX  77253-3064

District Director
IRS
409 Silverside Road
Wilmington, DE  19809

Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA  31208-3708

Attn: Meridee Moore and Kirsten Lynch
Farallon Capital Management, L.L.C.
One Maritime Plaza
Suite 1325
San Francisco, California  94111

James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO  80202

William E. Frese, Esquire
Attn:  Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ  07101
*Counsel for Public Service Electric and Gas Company*

Aaron A. Garber, Esquire
Pepper Hamilton LLP
1201 Market Street
Suite 1600
Wilmington, DE 19801
**Counsel for Potash Corp.**
Telephone:    (302) 777-6500
Facsimile:    (302) 656-8865

Charles E. Gibson, III
Attorney at Law
620 North Street, Suite 100
Jackson, MS  39202

Leonard P. Goldberger, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
**Counsel for Century Indemnity Company**
Telephone:    (215) 864-6376
Facsimile:    (215) 864-7123
E-mail:        goldbergerl@whitewms.com

Peter S. Goodman, Esquire
Andrews & Kurth LLP
805 Third Avenue
New York, New York  10022

T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL  60606-1229

Ira S. Greene, Esquire
Squadron, Ellenoff, Plesent & Sheinfeld, LLP
551 Fifth Avenue
New York, NY  10176

Greif Bros. Corp.
250 East Wilson Bridge Rd.
Suite 175
Worthington, OH  4308

WLM\146956.1

Joseph Grey, Esquire
Stevens & Lee
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT  59901

David S. Heller, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX  77630

Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, Massachusetts  02110-2624

Patrick L. Hughes, Esquire
Haynes & Boone LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-1413

Bruce E. Jameson, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New York
100 Church Street, Room 6-127
New York, New York 10007

Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA 23510-9242
Telephone:      (757) 533-4940
Facsimile:       (757) 533-4943
E-mail:            william.johnson@nscorp.com

WLM\146956.1

Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
***Counsel to Debtors and Debtors in Possession***

Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
***Counsel for Property Damage Claimants***

Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102
***Counsel to Official Committee of Unsecured Creditors***

Alan H. Katz, Esquire
Entergy Services, Inc.
693 Loyola Avenue
Suite 2600
New Orleans, LA 70113
Telephone:     (504) 576-2240
Facsimile:     (504) 576-4150

WLM\146956.1

Jeffrey Kaufman, Esquire
Gerald F. Ellersdorfer, Esquire
Kaufman & Logan LLP
111 Pine Street
Suite 1300
San Francisco, CA 94111
**Counsel for Interested Parties and**
**Clerk of the Bankruptcy Court**
Telephone:    (415) 392-6677
Facsimile:    (415) 391-4639

Michael T. Kay, Esquire
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674
Attn: Nancy Draves
**Counsel for The Dow Chemical Company, Hampshire**
**Chemical Corp. and Union Carbide Corporation**
Telephone:    (517) 636-1934
Facsimile:    (517) 638-9393

Anne Marie P. Kelley, Esquire
Dilworth Paxson LLP
Liberty View - Suite 700
457 Haddonfield Road
Cherry Hill, NJ 08002
**Counsel for The Dow Chemical Company, Hampshire**
**Chemical Corp. and Union Carbide Corporation**
Telephone:    (856) 663-8877
Facsimile:    (856) 663-8855

Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, Texas  77017

John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS  66210

WLM\146956.1

Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI  54306

Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY  14202

Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY  10019-6076

Courtney M. Labson, Esquire
The Mills Corporation
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA  22209

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
*Counsel to Official Committee of Unsecured Creditors*
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:       mlastowski@duanemorris.com

Lewis T. LeClair, Esquire
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas  75201

Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

WLM\146956.1

Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Mary M. MaloneyHuss
Wolf, Block, Schorr and Solis-Cohen LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE  19801

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD  21214

Kevin D. McDonald
Wilshire Scott & Dyer, P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, Texas  77010

Selinda A. Melnik, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
***Counsel for Gamma Holdings, N.V.***
Telephone:      (302) 652-8400
Facsimile:      (302) 652-8405
E-mail:          samelnik@skfdelaware.com

Richard M. Meth, Esquire
Herrick, Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, New Jersey  07105

Todd Meyer, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Atlanta, GA  30309

WLM\146956.1

Francis A. Monaco, Jr., Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE  19801
**Counsel for Ingersoll-Rand Fluid Products**

Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY  10006

Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, Arizona  85007-1278

Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ  07920-1928

Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701-5th Avenue
Suite 5000
Seattle, WA  98104-7078

Deirdre Woulfe Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095
**Counsel for Asbestos Claimants**
Telephone:    (732) 636-8000
Facsimile:    (732) 855-6117

Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE  19801

WLM\146956.1

Peninsula Capital Advisors, L.L.C.
404B East Main Street
Second Floor
Charlottesville, VA 22902
Attn: Ted Weschler
Telephone:     (804) 297-0811
Facsimile:     (804) 220-9321

Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA  19106
*U.S. Trustee*

Donna J. Petrone, Esquire
ExxonMobil Chemical Company
Law Department - Bankruptcy
13501 Katy Freeway
Room W1-562
Houston, TX 77079-1398
Telephone:     (281) 588-4758
Facsimile:     (281) 588-4606
E-mail:          karen.s.burgess@exxon.com

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, CA 90067-4100
*Counsel to Debtors and Debtors in Possession*

Margery N. Reed, Esquire
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA  19103-7396

Joseph F. Rice
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

WLM\146956.1

Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C.  20005-4026

Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL  60606-5096

Frederick B. Rosner, Esquire
Walsh, Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
*Counsel for Ingersoll-Rand Fluid Products*

Josiah Rotenberg
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th
New York, NY  10020

James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street,.N.W.
Washington, D.C.  20004-1109

Lynn M. Ryan, Esquire
Pillsbury Winthrop LLP
One Battery Park Plaza
New York, NY 10004-1490
*Counsel for Wells Fargo Bank Minnesota, National Association*
Telephone:     (212) 858-1000
Facsimile:     (212) 858-1500

WLM\146956.1

Russell W. Savory
Gotten, Wilson & Savory, PLLC
200 Jefferson Avenue, Suite 900
Memphis, Tennessee  38103

Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY  11530

Eric Lopez Schnabel, Esquire
James H. Joseph, Esquire
Klett Rooney Lieber & Schorling
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
***Counsel for Entergy Services, Inc.***
Telephone:     (302) 552-4200
Facsimile:     (302) 552-4295

Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH  43506

Secretary of Treasurer
P.O. Box 7040
Dover, DE  19903

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

Securities & Exchange Commission
15th & Pennsylvania Ave. N.W.
Washington, DC  20020

Securities & Exchange Commission
Atlanta Regional Office Branch/Reorganization
3475 Lenox Road, NE, Suite 100
Atlanta, GA  30326-1232

WLM\146956.1

David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

Laurie Selber Silverstein, Esquire
Monica Leigh Loftin, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
*Counsel for Norfolk Southern Corporation*
Telephone:     (302) 984-6000
Facsimile:     (302) 658-1192
E-mail:          lsilverstein@pacdelaware.com

Danice Sims
P.O. Box 66658
Baton Rouge, Louisiana  70896

Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA  90071-3442

James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601
*Counsel to Debtor*

State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
101 E. Town Street, Second Floor
Columbus, OH  43215

Arthur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ  08731-6070

WLM\146956.1

William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN  37202-0207
***Tennessee Department of Environment and Conservation – Superfund***

James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ  08736

Derrick Tay, Esquire
Meighen Demers
P.O. Box 8705, Box 11, Merrill Lynch Canada Tower
Sun Life Center, 200 Kint Street West
Toronto, Ontario M5H 3T4
CANADA
***Canadian counsel for Debtor***

Judy D. Thompson, Esquire
S. Andrew Jurs, Esquire
Poyner & Spruill, L.L.P.
100 North Tryon Street, Suite 4000
Charlotte, North Carolina  28202-4010

Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
2390 Central Blvd, Suite G
Brownsville, TX  78520

Anton Volovsek
Rt2 – Box 200 #42
Kamiah, Idah  83536-9229

WLM\146956.1

Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, NY 10022
Telephone:     (212) 972-4900
Facsimile:     (212) 972-4929
E-mail:        dorine.vork@stibbe.nl

R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA  19428-2961

W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA  19103
**Counsel for PPG Industries, Inc.**

David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601
**Counsel for Potash Corp.**
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700

Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
**Local Counsel to DIP Lender**

WLM\146956.1



Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

Michael I. Zousmer, Esquire
Robert S. Hertzberg, Esquire
Hertz, Schram & Saretsky, P.C.
1760 South Telegraph Road
Suite 300
Bloomfield Hills, MI 48302-0183
**Counsel for Rupple K. Perry**
Telephone:      (248) 335-5000

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

Lewis P. Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Robert M. Fishman, Esquire
Shaw, Gussis, Domanskis, Fishman & Glantz
1144 West Fulton Street, Suite 200
Chicago, IL 60607

WLM\146956.1

John C. Phillips, Jr. Esquire
Phillips, Goldman & Spence P.A.
1200 North Broom Street
Wilmington, DE 19806

Wallace L. Timmeny, Esquire
Dechert
1775 Eye Street, N.W.
Washington, D.C. 20006-2401

Lawrence J. Zweifach, Esquire
Heller, Ehrman, White & McAuliffe LLP
885 Third Avenue
New York, NY 10022-4834

Gerald Walpin, Esquire
Rosenman & Colin LLP
575 Madison Avenue
New York, NY 10022

Robert J. Jossen, Esquire
David S. Hoffner, Esquire
Swidler Berlin Shereff Friedman LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174