IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 01-01139 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

**MEDICAL MONITORING CLAIMANTS' OBJECTION TO DEBTORS'
MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF
BAR DATE, APPROVAL OF PROOF OF CLAIM FORMS AND APPROVAL OF
NOTICE PROGRAM (DOCKET NO. 536); JOINDER IN THE MOTIONS FOR
CONTINUANCE AND MOTION FOR CONTINUANCE; AND REQUEST FOR
CONSIDERATION AND BRIEFING REGARDING CLASS TREATMENT**

Come Now ANDY DORRINGTON and MARVIN SATHER, on behalf of themselves and all others similarly situated nationwide, as described in the class action in the Montana First Judicial District, Lewis and Clark Co. Cause No. ADV-2000-078, and SUSAN B. GRENFELL and GAYLA R. CODY, (D. Mont., Case No. CV00-36, MDL 875) on behalf of themselves and all other similarly situated residents of Lincoln County Montana, and object to the proposed Case Management Order, notification procedures, bar date, and claim form and claim procedures for the reasons described herein.

The Dorrington and Cody plaintiffs are representative of proposed classes of several thousand individuals, who *do not now have an asbestos disease,* but have had significant exposures to asbestos from W.R. Grace's vermiculite mine in Libby, Montana, and, as a result, have a high likelihood of subsequently experiencing asbestos related disease. Plaintiffs seek to have the Debtors pay for the costs of early medical monitoring necessary to diagnose disease so that it can be treated early and arrested. Specifically, the proposed classes are defined as:

> (a) all residents and former residents of the Libby, Montana area (defined for purposes of this action as residents within a twelve (12) air mile radius of the Courthouse in Libby, Montana) who have resided therein for one year or more dating from January 1, 1930 through the present (the "Resident Class");
>
> (b) all employees, and members of their households, who worked for one year or more at the vermiculite processing plant in Lincoln County, Montana (the "Worker Class")

*Grenfell* Complaint, ¶ 79; *accord Dorrington* Complaint, ¶ 5.1 (The proposed Dorrington classes are substantially the same as *Grenfell* except that *Dorrington* also seeks to include workers from throughout the nation who worked at any of the many vermiculite processing plants dispersed across the country.) (Copies of the class action Complaints are attached hereto as Exhibits 3 and 4 to the Vincent Declaration, filed simultaneously herewith.) Only class certification would protect the rights of exposed persons since workers at the nationwide plant are likely to be wholly ignorant of their exposure to asbestos.

Notably, the extraordinary February 22, 2001 preliminary findings by the Agency for Toxic Substances and Disease Registry reported that these exposures to Libby vermiculite are associated with pleural abnormalities in 37 percent of W.R. Grace workers or secondary contractors and that 19 percent of the total group of thousands of Libby community residents. *Preliminary Findings of Medical Testing of Individuals Potentially Exposed to Asbestoform Minerals Associated with Vermiculite in Libby, Montana: An Interim Report for Community Health Planning* by the Department of Health and Human Services, Agency for Toxic Substances and Disease Registry, Feb. 22, 2001 (attached as Exhibit 1).

As a result of these exposures and the anticipated high incidence of asbestos related lung changes, these individuals are in need of a ***medical monitoring program*** and have filed class action claims for such relief. Indeed, Grace's own documents show that the workers'

disease rates approach 100%. Exh. 2.

The Case Management Order, notification procedures, bar date, and claim form and claim procedures proposed by debtor W.R. Grace fail to even address these medical monitoring claims. Medical monitoring claims are not claims for existing personal injury. By definition, medical monitoring claims do not include persons who have been diagnosed with a personal injury. The complaint in the medical monitoring actions expressly excludes any claims of personal injury:

> This need for medical monitoring, caused by defendants wrongful conduct and ultra hazardous activities is exclusive of, and distinct from, any personal injury from a diagnosed asbestos related disease. <u>No personal injury claims are asserted in this action</u>.

*Grenfell* Complaint, Exhibit 3, ¶ 24, emphasis added; *Dorrington* Complaint, Exhibit 1, ¶ 4. Instead, plaintiffs seek monitoring to ensure early detection and treatment necessary to arrest the development of disease.

As the New Jersey Supreme Court explained in the landmark medical monitoring case *Ayres v. Jackson Township*, a plaintiff who is exposed and not yet injured does not have a personal injury claim, but may assert a medical monitoring claim <u>and such a claim is based on the need for medical testing "without proof of other injury."</u> *Ayres v. Jackson Township*, 525 A.2d 287, 312 (N.J. 1987) (emphasis added). The court explained the unique nature of a medical monitoring claim as follows: "It is unequitable for an individual wrongfully exposed to dangerous toxic chemicals but unable to prove disease is likely, to have to pay his own expenses when medical intervention is clearly reasonable and necessary." 106 N.J. at 606; 525 A.2d at 312. Medical monitoring relief was judicially created for the explicit purpose of providing a remedy to exposed but uninjured persons in the form of medical testing necessary to provide for

early diagnosis and mitigation of disease. *Id.; see also Friends For All Children, Inc. v. Lockheed Aircraft Corp.*, 587 F. Supp. 180, 184-188 (D.D.C. 1984), *aff'd* 746 F.2d 816 (explaining that medical monitoring claim is based on an increased risk to determine if an injury exists, and a personal injury claim is based on the fact of damage flowing from an injury that does exist); *Cimino v. Raymark Indus.*, 151 F. 3d 297 (5th Cir. 1998); *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 851 (3d Cir. 1990); *Sterling v. Velsicol*, 855 F.2d 1188, 1200-01 (6th Cir. 1988); *Redland Soccer Club, Inc. v. Department of the Army*, 696 A.2d 137 (Pa. 1997); *Hansen v. Mtn. Fuel Supply Co.*, 858 P.2d 970, 977 (Utah 1993).

A continuance of the Debtor's motion is necessary to permit Plaintiffs to substantially address all of the complex due process and procedural issues provoked by the Debtor's extremely prejudicial plan, which fails to provide any medical monitoring mechanism.

## CONCLUSION

For the reasons stated above, these individuals object to the absence of any provision for these medical monitoring claims in W.R. Grace's proposed Case Management Order, notification procedures, bar date, and claim form and claim procedures, and request that the Court establish procedures, including a class certification briefing schedule, which will assure that these claims are properly addressed in the claims procedures of this bankruptcy. A continuance is necessary so that the medical monitoring claimants may fully address their concerns.

Dated: July 13, 2001
       Wilmington, Delaware

                    ELZUFON AUSTIN REARDON,
                    TARLOV & MONDELL, P.A.

By: _____
William D. Sullivan, Esq. #2820
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181


LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Elizabeth J. Cabraser
Richard M. Heimann
Donald C. Arbitblit
Fabrice N. Vincent
275 Battery Street, 30th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008


NESS MOTLEY LOADHOLT RICHARDSON
  & POOLE
Edward J. Westbrook
Robert M. Turkewitz
Edward B. Cottingham, Jr.
Frederick J. Jekel
Christy Croenloh
151 Meeting Street, Suite 600
P.O. Box 1137
Charleston, SC 29402
Telephone: (803) 720-9000
Facsimile: (803) 577-7513

COHEN, MILSTEIN, HAUSFELD
 & TOLL, P.L.L.C.
Richard S. Lewis
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699


McGARVEY, HEBERLING, SULLIVAN
 & McGARVEY
Jon L. Heberling
Roger M. Sullivan
Allan M. McGarvey
745 South Main
Kalispell, MT 59901
Telephone: (406) 752-5566
Facsimile: (406) 752-7124


LUKINS & ANNIS, P.S.
Darrell W. Scott
Michael G. Black
Mischelle R. Fulgham
Tonya R. Hanson
1600 Washington Trust Financial Center
717 W Sprague Ave.
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323


Attorneys for Medical Monitoring Claimants

## CERTIFICATE OF SERVICE

I, William D. Sullivan, hereby certify that on July 13, 2001, I did serve the foregoing: MEDICAL MONITORING CLAIMANTS' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF BAR DATE, APPROVAL OF PROOF OF CLAIM FORMS AND APPROVAL OF NOTICE PROGRAM (DOCKET NO. 536); JOINDER IN THE MOTIONS FOR CONTINUANCE AND MOTION FOR CONTINUANCE; AND REQUEST FOR CONSIDERATION AND BRIEFING REGARDING CLASS TREATMENT upon the parties identified below in the manner specified.

### VIA HAND DELIVERY

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 Market Street, Suite 1600
Wilmington, DE 19801

Frank J. Perch, Esquire
Office of the US Trustee
844 N. King Street
Wilmington, DE 19801

Michael S. Joseph, Esquire
Ferry & Joseph P.A.
824 Market Street, Suite 904
Wilmington, DE 19899

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
110 N. Market Street, Suite 1200
Wilmington, DE 19801

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre, 15th Floor
1201 N. Market Street
Wilmington, DE 19801

### VIA FEDERAL EXPRESS

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn,
Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois  60601

Lewis Kruger, Esquire
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY  10038-4982


Under penalty of perjury, I declare that the foregoing is true and correct.

7/13/01
Date

William D. Sullivan