e::\386\hpcgr\ppg\wr grace\reclamation.ntc.wpd

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al,** | ) | Case Nos 01-1139-JJF |
| | ) | through 01-1200-JJF |
| Debtors in Possession. | ) | (Jointly Administered) |
| | ) | |

## FORMAL NOTICE OF TIMELY POST-PETITION RECLAMATION NOTICE PREVIOUSLY ISSUED BY PPG INDUSTRIES, INC. DIRECTLY TO DEBTOR

PPG Industries, Inc., an unsecured trade creditor of the above-captioned Debtor, Borden Chemicals Plastics Operating Limited Partnership, hereby provides the following formal notice of its prior post-petition reclamation notice sent directly to the Debtor:

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. (the "Operating Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and has thereafter continued to operate its businesses and manage its properties as debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. On April 2, 2001, an Order was entered for the procedural consolidation and joint administration of the bankruptcy cases of the Operating Debtor and its affiliated entities, (Case Nos. 01-1139 through 01-1200).

3. The Order of Reference has been revoked by Order of Court and these Cases were re-assigned to the Honorable Joseph J. Farnan, Jr..

4. On April 13, 2001, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors of W.R. Grace and Co. (the "Committee").

5. On June 1, 2001, the Operating Debtor and its affiliates filed their respective

Schedules of Assets and Liabilities and Statements of Financial Affairs.

6.    PPG Industries, Inc. sold to the Operating Debtor certain chemicals used in the Operating Debtor's business (the "Goods") which were delivered to the Operating Debtor within the ten (10) days immediately prior to the Petition Date.

7.    All of the Goods were sold by PPG Industries, Inc. to the Operating Debtor in the ordinary course of the Debtor's business, and without knowledge of the Debtor's insolvency..

8.    The Goods are not subject to any other security interest, and accordingly, under state law Seller is entitled to reclaim these goods.

9.    PPG Industries provided written notice to the Operating Debtor, demanding that these Goods be reclaimed by its letter dated April 9, 2001 (the "Reclamation Notice"), a true and correct copy of which is attached hereto as Exhibit "A" and is incorporated herein by reference.

10.    Subsections (2) and (3) of §2-702 of the Uniform Commercial Code provide, in relevant part, that:

> (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after receipt . . . [but this ten day limitation does not apply if there was a written misrepresentation].
>
> (3) The seller's right to reclaim . . . is subject to the rights of a buyer in ordinary course . . .

UCC §2-702 (2), (3).

11.    Pursuant to §2-702 of the Uniform Commercial Code, and 11 U.S.C. §546(c)(2), PPG Industries, Inc. is therefore entitled to reclamation of those Goods sold and delivered to the Operating Debtor within the ten (10) days preceding the Petition Date, since the Reclamation Notice was delivered within the twenty (20) day period following the Petition Date.

12. Section 546(c) of the Bankruptcy Code is intended to preserve a vendor's state law reclamation rights, but alters the remedy available to such vendors in the context of a bankruptcy case, by allowing the Court to grant such vendors an administrative expense claim for the value of each valid reclamation claim. Section 546(c)(2) specifically provides that "the court may deny reclamation to a seller with such right of reclamation that has made such a demand only if the court-(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or (B) secures such a claim by a lien." See *In re Continental Airlines, Inc.*, 125 B.R. 415, 417-18 (Bankr. D. Del. 1991) (denying reclamation of equipment and granting administrative expense claim to creditor where equipment was necessary to debtor's reorganization).

13. Therefore, PPG Industries, Inc. repeats its prior post-petition request for reclamation of the Goods from the Operating Debtor, or, in the alternative, that to the extent the Court declines to grant its right of reclamation, that the Court grant PPG Industries, Inc. an administrative priority claim in an amount equal to the value of the Goods on the date they were delivered, in the amount of $263,343.19, or else by securing PPG Industries, Inc.'c claim by a first priority lien against other property of the Operating Debtor.

14. On April 2, 2001, the Operating Debtor filed a Motion for an Order (A) Establishing Procedure for Treatment of Valid Reclamation Claims & (B) Prohibiting Third Parties from Interfering with Delivery of Debtor's Goods, which was disposed of by Order entered April 3, 2001 (the "Reclamation Procedures Motion"). This Reclamation Procedures Motion required the Debtor to file another Motion, on Notice to Interested Parties, within ninety (90) days of the date of the Order approving the Reclamation Procedures Motion, listing those

reclamation claims the Operating Debtor deems to be valid, with all parties in interest then being entitled to object to the inclusion or omission of particular claims.

**WHEREFORE,** PPG Industries, Inc., respectfully demands the return of those Goods covered by the Reclamation Notice, or else an allowed administrative priority claim in the amount of $263,343.19.

              Respectfully submitted,

              **HARVEY, PENNINGTON, CABOT,**
              **GRIFFITH & RENNEISEN, LTD.**

Dated: July 16, 2001        By: _____
              William M. Aukamp, Esquire
              John J. Winter, Esq.
               W.J.Winterstein,Esq.
              1525 Delaware Avenue, First Floor
              Wilmington, Delaware 19806
              Telephone: (302) 428-0719
              Telecopier: (302) 777-4682
              Attorneys for PPG Industries, Inc.

Eric C. Tienou
Senior Credit Manager
(412) 434-2912
(412)-434-4491 Fax

April 9, 2001
**OVERNIGHT MAIL**
**RETURN REQUESTED**

Mr. Paul J. Norris, President
W.R. Grace & Co, Inc.
7500 Grace Drive
Columbia, MD 21044

Re: **W.R. Grace & Co, Inc. - Chapter 11 Bankruptcy**

Dear Mr. Norris:

Pursuant to Section 2-702 of the Uniform Commercial Code and Section 546(c) of the U.S. Bankruptcy Code, demand is hereby made for reclamation of all goods and products received from PPG Industries, Inc. within 10 days preceding the commencement of the Bankruptcy case, including, without limitation, the goods itemized in the invoices listed on the attached document supporting a Total Reclamation in the amount of $263,343.19.

We hereby request that W.R. Grace & Co, Inc. return these shipments. If return shipments cannot be met, we will seek an administrative expense or a lien against assets equal to the value of the shipments not returned.

Sincerely,

Eric C. Tienou

EXHIBIT "A"

## W.R. Grace Co, Inc. Reclamation Request

### Lake Charles Facility

| Invoice Number | Invoice Date | Invoice Amount ($) |
|---|---|---|
| 0260307953 | 23-Mar-01 | 1,966.97 |
| 0260307954 | 23-Mar-01 | 1,888.35 |
| 0260307955 | 23-Mar-01 | 1,890.66 |
| 0260307956 | 23-Mar-01 | 1,958.34 |
| 0260308500 | 26-Feb-01 | 1,885.81 |
| 0260308501 | 25-Mar-01 | 2,006.31 |
| 0260308502 | 26-Feb-01 | 1,893.74 |
| 0260308503 | 26-Feb-01 | 1,988.99 |
| 0260308504 | 26-Feb-01 | 1,982.67 |
| 0260308505 | 26-Feb-01 | 1,885.81 |
| 0260308506 | 25-Mar-01 | 1,992.53 |
| 0260308507 | 25-Mar-01 | 2,004.70 |
| 0260308508 | 25-Mar-01 | 2,002.00 |
| 0260308509 | 26-Feb-01 | 1,897.97 |
| 0260308510 | 26-Feb-01 | 1,984.29 |
| 0260308511 | 26-Feb-01 | 1,899.21 |
| 0260308512 | 26-Feb-01 | 1,993.68 |
| 0260309026 | 27-Mar-01 | 1,898.82 |
| 0260309027 | 27-Feb-01 | 1,938.78 |
| 0260309028 | 27-Feb-01 | 1,964.96 |
| 0260309029 | 26-Mar-01 | 1,909.22 |
| 0260309030 | 27-Mar-01 | 1,898.82 |
| 0260309031 | 27-Mar-01 | 1,959.50 |
| 0260309032 | 27-Mar-01 | 1,905.13 |
| 0260309033 | 27-Mar-01 | 1,901.98 |
| 0260309426 | 27-Mar-01 | 1,962.58 |
| 0260309427 | 28-Mar-01 | 1,898.97 |
| 0260309428 | 28-Mar-01 | 1,967.04 |
| 0260309429 | 28-Mar-01 | 1,968.58 |
| 0260309430 | 28-Mar-01 | 1,951.41 |
| 0260309880 | 29-Mar-01 | 1,892.89 |
| 0260309881 | 29-Mar-01 | 1,956.72 |
| 0260309882 | 29-Mar-01 | 1,972.51 |
| 0260309883 | 28-Mar-01 | 1,971.74 |
| 0260310848 | 30-Mar-01 | 1,909.29 |
| 0260310849 | 29-Mar-01 | 1,902.29 |
| 0260310850 | 29-Mar-01 | 1,975.28 |
| 0260310851 | 30-Mar-01 | 1,971.43 |
| 0260310852 | 29-Mar-01 | 1,977.13 |
| 0260310853 | 30-Mar-01 | 1,882.88 |
| 0260310854 | 30-Mar-01 | 1,896.20 |
| 0260310855 | 30-Mar-01 | 1,968.20 |
| 0260400281 | 31-Mar-01 | 2,007.47 |
| 0260400282 | 31-Mar-01 | 2,003.54 |
| 0260400283 | 31-Mar-01 | 2,000.00 |
| 0260400284 | 31-Mar-01 | 1,992.91 |

W.R. Grace Co, Inc. Reclamation Request

|  |  | Subtotal - Lake Charles | 89,528.30 |
|---|---|---|---|
|  |  | **Chicago Facility** |  |
|  | **Customer Order Number** | **Invoice Date** | **Invoice Amount ($)** |
|  | 5500000029 | 23-Mar-01 | 3,179.53 |
|  | 5500000029 | 26-Mar-01 | 3,104.28 |
|  | 5500000029 | 27-Mar-01 | 3,154.61 |
|  | 5500000029 | 28-Mar-01 | 3,110.57 |
|  | 5500000029 | 29-Mar-01 | 3,092.94 |
|  |  | Subtotal - Chicago | 15,641.93 |
|  |  | **Baltimore Facility** |  |
|  | **Invoice Number** | **Invoice Date** | **Invoice Amount ($)** |
|  | 0260309270 | 26-Mar-01 | 152,894.13 |
|  |  | Subtotal - Baltimore | 152,894.13 |
|  |  | **Cincinnati Facility** |  |
|  | **Invoice Number** | **Invoice Date** | **Invoice Amount ($)** |
|  | 0260308266 | 26-Mar-01 | 2,630.34 |
|  | 0260309671 | 29-Mar-01 | 2,648.49 |
|  |  | Subtotal - Cincinnati | 5,278.83 |
|  |  | **TOTAL RECLAMATION** | **263,343.19** |

c:\386\hpcgr\ppg\wr grace\reclamation.ntc.wpd

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al,** | ) | Case Nos 01-1139-JJF |
| | ) | through 01-1200-JJF |
| Debtors in Possession. | ) | (Jointly Administered) |
| | ) | |

## CERTIFICATE OF SERVICE OF
## FORMAL NOTICE OF TIMELY POST-PETITION RECLAMATION NOTICE
## PREVIOUSLY ISSUED BY PPG INDUSTRIES, INC. DIRECTLY TO DEBTOR

The undersigned hereby certifies that on the 16th day of July, 2001, a true and correct copy of the foregoing Formal Notice of Timely Post-Petition Reclamation Notice Previously Issued by PPG Industries, Inc. Directly to Debtor was served, by United States First Class Mail, postage prepaid, upon each of the following:

Neil P. Olack, Esquire
Jones, Day, Reavis & Pogue
3500 Suntrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3242
*(Counsel for Debtors)*

James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601
*(Counsel for Debtors)*

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*(Local Counsel for Debtors)*

Lewis Kruger, Esquire
Stroock, Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
*(Counsel for the Official Committee of Unsecured Creditors)*

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*(Local Counsel for the Official Committee of Unsecured Creditors)*

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
*(Counsel for the Official Committee of Property Damage Claimants)*

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*(Local Counsel for the Official Committee of Property Damage Claimants)*

Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
*(Counsel for the Official Committee of Personal Injury Claimants)*

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1500
Wilmington, DE 19801
*(Local Counsel for the Official Committee of Personal Injury Claimants)*

Frank J. Perch, Esquire
Office of the United States Trustee
844 N. King Street
Wilmington, DE 19801

Dated: July 16, 2001

By: _____
John J. Winter, Esquire