IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**ORDER AUTHORIZING AND APPROVING AN
OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS
AND CAUSES OF ACTION BROUGHT BY OR AGAINST
THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE,
ARBITRAL OR OTHER ACTION OR PROCEEDING**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order authorizing and approving the Omnibus Procedure for settling claims and causes or action brought by or against one or more of the Debtors in a judicial, administrative, arbitral or other action or proceeding pursuant to section 363(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9019; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and cause appearing therefor; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; it is hereby

ORDERED that the Motion is granted as modified herein; and it is further

ORDERED that the objections of (i) the Asbestos Personal Injury Committee, (ii) the Property Damage Committee and (iii) the Parties-In-Interest Hartford Accident and Indemnity Company, First State Insurance Company and Twin City Fire Insurance Company are hereby withdrawn; and it is further

ORDERED that the Debtors are authorized to settle claims and causes of action, excluding asbestos based claims and causes of action, filed in a judicial, administrative, arbitral or other action or proceeding by (i) any of them against any Settling Parties or (ii) any of the Settling Parties against the Debtors as well any cross-claims and counter-claims asserted against any of the Debtors by the Settling Parties (or against the Settling Parties by any of the Debtors) in connection with such claims and causes of action in accordance with the Omnibus Procedure as follows:

  a.  For purposes hereof, a non-insider will mean any Settling Party that is not an "insider," as such term is defined in section 101(31) of the Bankruptcy Code;

  b.  In no event will a settlement pursuant to this Motion provide for any monetary payment to be made by the Debtors from property of their estates to or on behalf of the Settling Parties on account of any claims owing or arising prior to the Petition Date; provided, however, that with respect to cross-claims and counter-claims, the settlement may provide for offsets in favor of the Settling Parties against, and up to but not exceeding the amount of, any monetary payments to be otherwise made by the Settling Parties to or on behalf of the Debtors;

c. No settlement will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of (i) the probability of success if the claim is litigated or arbitrated, (ii) the complexity, expense and likely duration of any litigation or arbitration with respect to the claim, (iii) other factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of the settlement vis-a-vis the Debtors' estates, creditors and shareholders;

d. No settlement will be effective unless it is executed by the General Counsel of the Debtors or by an authorized representative of the Debtors;

e. Subject to subparagraphs (a) through (d) above, with respect to any Settled Amount that does not exceed $50,000, the Debtors, in their discretion, may agree to settle such claim or cause of action on any reasonable terms, and may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates without further action by this Court;

f. Subject to subparagraphs (a) through (d) above, with respect to any Settled Amount that equals or exceeds $50,000 but does not exceed $1,000,000, the Debtors, in their discretion, may agree to settle such claim or cause of action only if they provide written notice, via facsimile transmission, to the Negative Notice Parties of the terms of the settlement, and the Debtors' basis for belief that each settlement is fair and reasonable, and such terms are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice; and in the absence of any such objection, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Court by the Debtors of a certificate of no objection with respect to the settled De Minimis Claims;

g. If any of the Negative Notice Parties object to any settlement within twenty (20) days of the date of the Debtors' transmittal of the notice of such proposed settlement, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing;

h. Beginning with the period ending on September 30, 2001, and at three-month intervals thereafter, or at such other intervals that may be convenient to the Court during the pendency of the Chapter 11 Cases, the Debtors will provide a written report to this Court, with a copy to the Negative Notice Parties, no later than thirty (30) days after the end of each such period, concerning all settlements made during such period pursuant hereto, including the names

and addresses of the Settling Parties, the types and amounts of the Settled Amounts, and the nature of the settlements, including the amount of any monetary payments received by the Debtors; and

i. Any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other Order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules; and it is further

ORDERED that the Negative Notice Parties shall consist of the following entities or individuals:

| **Counsel for the United States Trustee**:<br>United States Trustee's Office<br>U. S. Department of Justice<br>601 Walnut Street<br>Curtis Center, Suite 950 West<br>Philadelphia, Pennsylvania 19106<br>Attn: Frank J. Perch | **Counsel to the DIP Lender**:<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>Chicago, IL 60606<br>Attn:   Douglas Bacon |
|---|---|
| **Counsel to the Official Committee of Unsecured Creditors**<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Robert Raskin<br>        Arlene G. Krieger | **Counsel to the Official Committee of Property Damage Claimants**<br>Bilzin Sumberg Dunn Baena Price & Axelrod LLP<br>2500 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2336<br>Attn: Scott L. Baena |

| |
|---|
| **Counsel to the Official Committee of Personal Injury Claimants** |
| Caplin & Drysdale |
| 399 Park Avenue, 36th Floor |
| New York, New York 10022 |
| Attn: Elihu Inselbuch |
|        Peter Van N. Lockwood |
| |
| Campbell & Levine |
| Chase Manhattan Centre |
| 18th Floor |
| 1201 North Market Street |
| Wilmington, Delaware 19801 |
| Attn: Matthew G. Zaleski |

and it is further

ORDERED that, for each De Minimis Claim, the Settled Amount shall equal the dollar amount of the allowed claim to which the Debtors and the applicable Settling Party ultimately agree in resolving such De Minimis Claim; and it is further

ORDERED that nothing in the Omnibus Procedure shall alter any requirements under the Debtors' insurance policies; and it is further

ORDERED that the Debtors shall not settle any asbestos based claims pursuant to the Omnibus Procedures, however, nothing herein shall be construed to limit the Debtors' right to settle any asbestos based claims in accordance with the Bankruptcy Code and the Federal Rules of Civil Procedure; and it is further

ORDERED that with respect to any claims resolved pursuant to the Omnibus Procedure for which there may be insurance coverage, the Debtors will seek such insurance coverage in accordance with the terms of the Debtors' insurance policies and any amendments, notice provisions or agreements thereto; and it is further

ORDERED that the Debtors are authorized to take such further actions and execute the appropriate documents as may be necessary or appropriate to effectuate the relief granted herein; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: July 19, 2001

_____
Joseph J. Farnan, Jr.
United States District Judge