IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Hearing Date:  To Be Determined**
**Objection Deadline:  August 20, 2001 at 4:00 p.m.**

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 503(b) AND 546(c)(2) OF THE BANKRUPTCY CODE GRANTING ADMINISTRATIVE PRIORITY STATUS FOR <u>RECLAMATION CLAIMS DEEMED VALID</u>

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court for entry of an order pursuant to sections 503(b) and 546(c)(2) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") granting administrative priority status for reclamation claims deemed valid (the "<u>Motion</u>").  In support of this Motion, the Debtors respectfully state as follows:

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested are sections 503(b) and 546(c)(2) of the Bankruptcy Code.

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      On the Petition Date, the Debtors filed a motion for an order under 11 U.S.C. §§ 105(a), 503(b), 546(c) and 546(g)(a) establishing procedure for treatment of valid reclamation claims and (b) prohibiting third parties from interfering with delivery of the Debtors' goods (the "Reclamation Procedures Motion"), the order for which the Court entered on May 3, 2001 (the "Reclamation Procedures Order," a copy of which is attached hereto as Exhibit A).

5.      Pursuant to the Reclamation Procedures Order, holders of reclamation claims (each, a "Claimant") may assert claims for reclamation (each, a "Reclamation Claim") by following applicable bankruptcy and state law, although the

Claimants may not demand the return of inventory shipments that are the subject of such Reclamation Claims.

6.    The Reclamation Procedures Order permits a Claimant the right to file a motion regarding such Reclamation Claims only after (a) the Debtors have failed to timely file a motion with a report (the "Reclamation Report") stating which of such Reclamation Claims the Debtors deem to be valid and (b) the Claimant has waited 90 days after the entry of the Reclamation Procedures Order.

7.    The ninety-day period in which the Debtors may file a motion and a Reclamation Report expires on August 1, 2001.  This Motion is timely filed in satisfaction of the requirement of the Reclamation Procedures Order.

8.    A summary of the Reclamation Report is attached hereto as Exhibit B and the Reclamation Report is attached hereto as Exhibit C.

### Relief Requested

9.    The Debtors respectfully request that the Court enter an order, pursuant to sections 503(b) and 546(c) of the Bankruptcy Code, granting administrative priority status for Reclamation Claims that the Debtors have deemed valid.

### Basis for Relief Requested

10.    The Debtors and their professionals have devoted substantial time and effort in reviewing and analyzing the Reclamation Claims.  In total, the Debtors received purported demands and/or supporting documentation from 39 vendors (the "Vendors") asserting Reclamation Claims aggregating $2,974,118.  The Reclamation Report lists those Reclamation Claims that the Debtors, after good faith review and evaluation, deem to be valid in accordance with applicable law.  The attached

Reclamation Report states that, after their analysis of the alleged Reclamation Claims, the

Debtors believe that the total amount of valid Reclamation Claims is $213,522.[2]

11.    In making their good faith determination as to valid Reclamation

Claims, the Debtors have taken into account (and hereby reserve the right to assert) the

legal requirements set forth in section 546(c) of the Bankruptcy Code, section 2-702 of

the Uniform Commercial Code and other applicable law.

12.    These legal bases for reduction of an alleged Reclamation Claim,

include, but are not limited to the following:

a)    Certain amounts are deemed invalid, because the Debtors have already paid the amounts included in the Reclamation Claim. These amounts were paid (i) under an order of this Court granting the Debtors authority to pay certain domestic essential trade creditors and all foreign vendors, (ii) because the goods were received after the Petition Date and such invoices were paid in the ordinary course or (iii) prior to the Petition Date. (These amounts are included in Exhibit C in the column labeled "Paid").

b)    Certain amounts were deemed invalid because the goods included in the Reclamation Claim were not received within the proper time period. (These amounts are included in Exhibit C in the column labeled "Receipt Date"). In particular, such Reclamation Claims were deemed invalid if (i) the subject goods were delivered more than the applicable number of days prior to the Reclamation Claim or (ii) the goods were delivered after the Petition Date.

c)    Certain amounts were deemed invalid if goods included in the Reclamation Claim were not in the possession of the Debtors at the time the Debtors received the Reclamation Claim. (These amounts are included in Exhibit C in the column labeled "No Longer in Grace's Possession"). The primary reason that goods are "No Longer in Grace's Possession" is because they were raw materials disposed of by conversion into finished goods.

---

[2] The Debtors reserve the right to object to amounts listed in Exhibit B and Exhibit C as Total Deemed Invalid based on all applicable theories, whether at law, equity or otherwise, including without limitation, rights of offset and recoupment, and the existence of preference or other actions against the relevant Vendor. The Debtors also receive the right to modify and/or supplement the Reclamation Report based on the receipt of new or corrected information by the Debtors.

d)    To the extent that a Reclamation Claim included only a general demand and the Claimant did not provide additional information in time for the Debtors to adequately analyze the Reclamation Claims, the Reclamation Claim was deemed invalid. (These amounts are included in <u>Exhibit C</u> in the column labeled "Unsubstantiated Claims").

### <u>Notice</u>

13.    Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to the official committees appointed by the United States Trustee, (iv) the Vendors who have submitted Reclamation Claims, and (v) those parties who requested notice in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached hereto, (a) granting administrative priority status for Reclamation Claims in the amount of the Preliminary Valid Amount set forth in the Reclamation Report (attached hereto as <u>Exhibit C</u>) and the summary thereof (attached as <u>Exhibit B</u>), (b) granting the Debtors the right to object to amounts listed in <u>Exhibit B</u> and <u>Exhibit C</u> as Total Deemed Invalid based on all applicable theories, whether at law, equity or otherwise, including without limitation, rights of offset and recoupment, and the existence of preference or other actions against the relevant Vendor, (c) allowing the Debtors to modify and/or supplement the Reclamation Report and/or object to the

Reclamation Claims upon the receipt of new or corrected information, including after additional research is conducted and (d) granting such further relief as this Court deems equitable and just.

Dated: July 30, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and
Debtors in Possession

**EXHIBIT A**
<u>Reclamation Procedures Order</u>

**EXHIBIT B**
Summary Reclamation Report

**EXHIBIT C**
Reclamation Report

1