ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JJF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**ORDER, UNDER 11 U.S.C. §§ 105(a), 503(b), 546(c) AND 546(g), (A) ESTABLISHING PROCEDURE FOR THE TREATMENT OF VALID RECLAMATION CLAIMS AND (B) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF THE DEBTORS' GOODS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (a) establishing procedure for treatment of valid reclamation claims and (b) prohibiting third parties from interfering with delivery of the Debtors' goods; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

/91/

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the procedures outlined in the Motion for the treatment and processing of reclamation claims, including the following procedures, are hereby approved as follows:

a. the Debtors will file a motion, on notice to parties in interest, listing those reclamation claims, if any, which they deem to be valid;

b. absent further order of the Court, such motion shall be brought by the Debtors within 90 days of the Court's entry of this Order;

c. if the Debtors fail to bring such a motion within the required period of time, any holder of a reclamation claim may bring such a motion on its own behalf, but may not bring such a motion earlier than 90 days after the Court's entry of this Order;

d. all parties in interest shall have the right and opportunity to object to the inclusion or omission of any asserted reclamation claim in connection with such motion; and

e. all reclamation claims allowed by the Court pursuant to the above-described motion will be paid by the Debtors in accordance with section 546(c) of the Bankruptcy Code; and it is further

ORDERED that except as otherwise provided herein, any vendor asserting a claim for reclamation must, and shall be required to demonstrate, upon the Debtors' request, that it has

satisfied all requirements entitling it to a right of reclamation under applicable state law and section 546(c) of the Bankruptcy Code, as more fully described above; and it is further

ORDERED that except to the extent the Debtors determine otherwise, the Debtors are hereby authorized, but not directed, to refuse all demands for actual reclamation and return of goods; and it is further

ORDERED that any right of reclamation for all such claims is hereby denied under the terms set forth in the Motion, effective as of the Petition Date; and it is further

ORDERED that the Debtors, in their sole and absolute discretion, may make goods available for pick-up by any reclaiming seller (a) who timely demands in writing reclamation of goods pursuant to section 546(c) of the Bankruptcy Code and section 2-702 of the UCC, (b) whose goods the Debtors have accepted for delivery, and (c) who properly identifies the goods to be reclaimed; and it is further

ORDERED that reclamation claimants and others are enjoined from seeking to reclaim, or interfering with the delivery of goods to or by the Debtors; and it is further

ORDERED that in accordance with section 362 of the Bankruptcy Code, vendors and all other third parties are not permitted to, and are hereby prohibited from, interfering in any way with the postpetition shipment or delivery of goods to or by the Debtors; and it is further

ORDERED that nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, including any orders granting the relief requested in the Debtors' Motion for Authority to Provisionally Pay In the Ordinary Course of Business Prepetition Claims of Essential Trade Creditors and to Pay or Honor Prepetition Obligations to Foreign Vendors; and it is further

ORDERED that nothing contained herein or in the Motion shall constitute a finding, or be deemed or interpreted as an admission of any kind, that the Debtors have been, or are currently, solvent; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: May 3, 2001.

_____
JUDGE