**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-1139 (JJF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**ORDER PURSUANT TO SECTIONS 503(b) AND 546(c)(2) OF
THE BANKRUPTCY CODE GRANTING ADMINISTRATIVE PRIORITY
STATUS FOR RECLAMATION CLAIMS DEEMED VALID**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned Chapter 11 Cases seeking entry of an order pursuant to sections 503(b) and 546(c)(2) of title 11 of the United States Code (as amended, the "Bankruptcy Code") granting administrative priority status for reclamation claims deemed valid; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

1

proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Reclamation Claims are granted administrative priority status in the amount of the Preliminary Valid Amounts, set forth in <u>Exhibit B</u> and <u>Exhibit C</u> to the Motion; and it is further

ORDERED that the Debtors shall retain the right to object to amounts listed in <u>Exhibit B</u> and <u>Exhibit C</u> as Total Deemed Invalid based on all applicable theories, whether at law, equity or otherwise, including without limitation, rights of offset and recoupment, and the existence of preference or other actions against the relevant Vendor; and it is further

ORDERED that the Debtors reserve their rights to modify and/or supplement the Reclamation Report and/or object to the Reclamation Claims upon the receipt of new or corrected information, including after additional research is conducted; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2001

                                                _____
                                                Joseph J. Farnan, Jr.

United States

91100-001\DOCS_DE:27128.1
07/30/01 4:01 PM