IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: August 20, 2001 at 4:00 p.m. |
| | ) | Hearing Date: To be scheduled, only if objections are timely filed and served. |

**FIRST QUARTERLY INTERIM APPLICATION OF STROOCK &
STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO
THE COMMITTEE OF UNSECURED CREDITORS OF
W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD
FROM APRIL 12, 2001 THROUGH JUNE 30, 2001**

Pursuant to sections 1103, 330 and 331 of title 11 of the United States Code (as amended,

the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Professionals and Official Committee Members (the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WLM\148203.1



"Administrative Fee Order") and Del.Bankr.LR 2016-2, Stroock & Stroock & Lavan LLP

("Stroock"), counsel to the Official Committee of Unsecured Creditors (the "Committee) of

W.R. Grace & Co. and its sixty-one domestic subsidiaries and affiliates that are debtors and

debtors-in-possession in this Court (the "Debtors"), hereby applies for an order allowing it (i)

compensation in the amount of $369,873.75 for professional services rendered by Stroock as

counsel for the Committee and (ii) reimbursement for the actual and necessary expenses incurred

by Stroock in rendering such services in the amount of $19,318.00 (the "First Quarterly Fee

Application"), in each case for the interim quarterly period from April 12, 2001 through and

including June 30, 2001 (the "Fee Period").  In support of this Application, Stroock respectfully

states as follows:

### Background

1.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

2.      The Debtors operate a worldwide specialty chemicals and materials

business and employ approximately 3860 full and part-time employees.  On a consolidated basis,

for the fiscal year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net

revenues.  The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

SSL-DOCS1 1132504v1
07/27/01 05:33pm

basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors'
non-debtor subsidiaries and affiliates.

3.      On April 12, 2001, the United States Trustee formed the Committee.
During the first meeting of the Committee on April 12, 2001, the Committee duly selected
Stroock as its counsel to represent the Committee in all matters during the pendency of the
Debtors' Chapter 11 cases.  The Committee thereafter approved the retention of Duane, Morris
& Heckscher LLP ("DM&H") as its local Delaware counsel.

4.      The United States Trustee also appointed two separate official committees
to represent the interests of claimants asserting asbestos-related personal injury claims and
asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim
Committees").  On June 8, 2001, the United States Trustee appointed an official committee to
represent the interests of equity security holders of the Debtors.

5.      By application dated May 1, 2001, Stroock sought Court approval for its
retention as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an
order approving Stroock's retention as counsel to the Committee on May 30, 2001.

6.      This is the first quarterly application Stroock has filed with the Court for
allowance of compensation and reimbursement of expenses for services rendered to the
Committee.  This application is submitted pursuant to the terms of the Administrative Order
Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement
of Expenses for Professionals and Official Committee Members, approved by the Court on May
3, 2001 (the "Administrative Fee Order").

7.      Other than as described below, Stroock has received no payment and no
promises for payment from any other source for services rendered in connection with these

-3-

cases. There is no agreement or understanding between Stroock and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

8.    As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "D," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### Monthly Interim Fee Applications Covered Herein

9.    Pursuant to the procedures set forth in the Administrative Fee Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Administrative Fee Order may object to such request.  If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized and directed to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

10.    Furthermore, and also pursuant to the Administrative Fee Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a

SSL-DOCS1 1132504v1
07/27/01 05:37pm

Quarterly Fee Application is subject to this Court's final approval of all fees and expenses at a hearing on the professional's final fee application.

        11.    This is the first Quarterly Fee Application for compensation for services rendered and reimbursement of expenses incurred that Stroock has filed with the Bankruptcy Court in connection with its representation of the Committee in these Chapter 11 cases.

        12.    Stroock has filed the following Monthly Fee Applications for interim compensation during the Fee Period:

    a.    First application of Stroock & Stroock & Lavan LLP for compensation for services rendered and reimbursement of expenses as counsel to the Official Committee of Unsecured Creditors, for the period from April 12, 2001, through April 30, 2001, filed May 30, 2001 (the "First Fee Application"), attached hereto as <u>Exhibit A</u>.

    b.    Second application of Stroock & Stroock & Lavan LLP for compensation for services rendered and reimbursement of expenses as counsel to the Official Committee of Unsecured Creditors, for the period from May 1, 2001, through May 31, 2001, filed July 2, 2001 (the "Second Fee Application"), attached hereto as <u>Exhibit B</u>.

    c.    Third application of Stroock & Stroock & Lavan LLP for compensation for services rendered and reimbursement of expenses as counsel to the Official Committee of Unsecured Creditors, for the period from June 1, 2001, through June 30, 2001, filed July 30, 2001 (the "Third Fee Application"), attached hereto as <u>Exhibit C</u>

        13.    Stroock has not filed any other Quarterly Fee Applications or Monthly Fee Applications as of this date. Stroock has received payment from the Debtors in the aggregate amount of $113,115.93, representing $111,140.80 (80% of the fees requested in the First Fee Application) and $1,975.13 (100% of the expenses requested in the First Fee Application). As of the date of this First Quarterly Fee Application, Stroock had not yet received payment in respect of the allowance for fees and expenses sought in the Second Fee Application. A certificate of no objection was filed on July 27, 2001 with respect to the Second Fee Application.

-5-

14.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. Stroock respectfully submits that the professional services that it has rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases. The detail for the Fee Period of the day-to-day services and the time expended in performing such services are fully set forth in each of the April, May and June Monthly Fee Applications attached hereto as Exhibits A through C.

## Relief Requested

15.     By this First Quarterly Fee Application, Stroock requests that the Court approve the interim allowance of compensation for professional services rendered, and the reimbursement of actual and necessary expenses incurred, by Stroock for the Fee Period, and as detailed in the April, May and June Monthly Fee Applications, less any amounts previously paid to Stroock pursuant to the procedures set forth in the Administrative Fee Order.[3] As stated above, the full scope of services provided and the related expenses incurred are fully described in the April to June Monthly Applications, which are attached hereto as Exhibits A through C.

## Disinterestedness

16.     As disclosed in the following affidavits:

a.     Affidavit of Lewis Kruger in Support of Application to Application to Approve Retention of Stroock & Stroock & Lavan LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of April 12, 2001 (the "Original Affidavit"), filed May 2, 2001;

---

[3]     Stroock reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the April through June 2001 period that are not otherwise included in the relevant April, May and June Monthly Fee Applications.

-6-

      b.      Supplemental Affidavit of Lewis Kruger (the "Supplement Affidavit"), filed July 27, 2001;

Stroock does not hold or represent any interest adverse to the Debtors, the Debtors' estates, or their creditors with respect to the matters on which it is engaged and has been, at all relevant times, a disinterested person as that term is defined in section 101(4) of the Bankruptcy Code as modified by section 1107 of the Bankruptcy Code.

      17.      Strroock may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in these cases in connection with matters that are unrelated to the Debtors and these Chapter 11 cases. Stroock disclosed in the Original Affidavit and the Supplemental Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Stroock will update the Affidavits when necessary and when Stroock becomes aware of material new information.

      WHEREFORE, Stroock respectfully requests that the Court enter an order, substantially in the form attached hereto

      (a)      granting Stroock an interim allowance of (i) $369,873.75 as compensation for the reasonable and necessary professional services rendered by Stroock to the Committee and (ii) of $19,318.00 for reimbursement of actual and necessary costs and expenses incurred in connection with the rendition of those professional services, for a sum of $389,191.75, for the Fee Period from April 12, 2001 through and including June 30, 2001;

SSL-DOCS1 1132504v1
07/27/01 05:33pm

(b)    authorizing and directing the Debtors to pay to Stroock the outstanding

amount of such sum; and

(c)    granting such other and further relief as this Court may deem just and

proper.

Dated: New York, New York
       July 22, 2001

                              **STROOCK & STROOCK & LAVAN LLP**


                              By: _____
                                       A Member of the Firm

                              180 Maiden Lane
                              New York, NY 10004
                              (212) 806-5400

SSL-DOCS1 1132504v1
07/27/01 04:38pm

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER ALLOWING COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES OF STROOCK & STROOCK &
LAVAN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF W. R. GRACE & CO., ET AL., FOR THE INTERIM
PERIOD FROM APRIL 12, 2001 THROUGH JUNE 30, 2001**

Upon the application (the "First Quarterly Fee Application")[2] of Stroock &

Stroock & Lavan LLP ("Stroock") seeking the entry of an order allowing Stroock (i)

compensation in the aggregate amount of $369,873.75 for professional services rendered by

Stroock as counsel for the Committee and (ii) reimbursement for the actual and necessary

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]   Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the First Quarterly Fee Application.

expenses incurred by Stroock in rendering such services in the aggregate amount of $19,318.00,

in each case for the Fee Period from April 12, 2001, through June 30, 2001; and it appearing that

the Court has jurisdiction to consider the First Quarterly Fee Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this

proceeding and this First Quarterly Fee Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409; and that due and proper notice of the First Quarterly Fee Application

has been given; and it appearing that the relief requested in the First Quarterly Fee Application is

in the best interests of the Debtors and their estates and creditors; and after due deliberation and

sufficient cause appearing therefor, it is hereby:

ORDERED, that the First Quarterly Fee Application is granted in its entirety on an

interim basis; and it is further

ORDERED, that for the Fee Period April 12, 2001, through June 30, 2001, an allowance

shall be made to Stroock in the sum of $369,873.75, as compensation for the reasonable and

necessary professional services rendered to the Committee; and it is further

ORDERED, that for the Fee Period April 12, 2001, through June 30, 2001, an allowance

shall be made to Stroock in the sum of $19,318.00 as reimbursement of the actual and necessary

costs and expenses incurred by Stroock in connection with the rendition of its services; and it is

further

ORDERED, that the Debtors are authorized and directed to pay to Stroock the

outstanding amount of such sums as described above less any amounts previously paid to

Stroock pursuant to the April, May and June Monthly Fee Applications and the procedures set

forth in the Administrative Fee Order; and it is further

-2-

SSL-DOCS1 1132504v1
07/27/01 05:33pm

ORDERED, that Stroock has the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the April through June 2001 period that are not otherwise included in the relevant April, May and June Monthly Fee Applications; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

ORDERED, that notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
_____ __, 2001

_____
Joseph J. Farnan, Jr.
United States District Court Judge

-3-

# - EXHIBIT A -

**Exhibit A**
**[April, 2001 Fee Application]**

SSL-DOCS1 1132504v1
07/27/01 05:33pm

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                           Chapter 11

**W.R. Grace & Co., et al.**                      Case No. 01-01139(JJF)

        Debtors.                           Jointly Administered

### FIRST APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVCIES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 12, 2001 THROUGH APRIL 30, 2001

Name of Applicant                                **Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to:                        **Official Committee of Unsecured Creditors**

Date of Retention:                               **April 12, 2001**

Period for which compensation and               **April 12, 2001 – April 30, 2001**
reimbursement is sought

Amount of Compensation sought as                 **$138,926.00**
actual, reasonable and necessary:

Amount of Expense Reimbursement sought           **$1,975.13**
as actual reasonable and necessary:

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately _____ hours and the corresponding compensation requested is approximately $_____[1].

This is the first application filed

|                          |                | Requested |          | Approved |          |
| ------------------------ | -------------- | --------- | -------- | -------- | -------- |
| Date Filed               | Period Covered | Fees      | Expenses | Fees     | Expenses |
|                          |                |           |          |          |          |

---

[1] **This is Stroock's First Fee Application. Time expended for the preparation of this First Fee Application will be reflected in the next Fee Application.**

**Local Form 102 (Fee Application/Attachment B, pg. 2)**

SSL-DOCS1 1115023v1

W R Grace & Co.
April 1, 2001 through April 30, 2001
Attachment B

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | | Amount |
|---|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 20.2 | 650 | $ | 13,130.00 |
| Lavin, Howard | Partner | 7 | 1.4 | 500 | $ | 700.00 |
| Pasquale, Kenneth | Partner | 3 | 9.8 | 475 | $ | 4,655.00 |
| Raskin, Robert | Partner | 8 | 32.6 | 550 | $ | 17,930.00 |
| Wintner, Mark | Partner | 20 | 22.4 | 525 | $ | 11,760.00 |
| Keppler, Abbey | Associate | 3 | 54.4 | 425 | $ | 23,120.00 |
| Krieger, Arlene | Associate | 8 | 93.1 | 425 | $ | 39,567.50 |
| Sasson, Moshe | Associate | 1 | 14.7 | 360 | $ | 5,292.00 |
| Taruschio Anna | Associate | 1 | 103.6 | 185 | $ | 19,166.00 |
| Serrette, Rosemarie | Paralegal | 5 | 24.5 | 130 | $ | 3,185.00 |
| Holzberg, Ethel | Paralegal | 21 | 2.9 | $145 | $ | 420.50 |
| **Total** | | | 379.6 | | $ | 138,926.00 |

Blended Rate    $    365.98

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al.[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**FIRST FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 12, 2001 THROUGH APRIL 30, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtor-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,  Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a first interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.      INTRODUCTION

1.      By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from April 12, 2001 through April 30, 2001 (the "First Monthly Period") in the aggregate amount of $138,926.00, representing 352.2 hours of professional services and 27.4 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the First Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $1,975.13.

2.      Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.     BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5.       On April 12, 2001, the United States Trustee formed the Committee consisting of the following members: J.P. Morgan Chase & Co., ABN AMRO Bank N.V., Bank of America, N.A., The Bank of New York, as indenture trustee, Bankers Trust Company, as indenture trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N. A., and Zhagrus Environmental, Inc. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP ("DM&H") as its local Delaware counsel. On or about May 18, 2001, Wells Fargo Bank Minnesota, N.A. succeeded The Bank of New York, as indenture trustee for the Debtors' 8% Note issue due 2004, and thereupon The Bank of New York resigned from the Committee.

6.       The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos–related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees").

7.       By application dated May 1, 20001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. No objections were

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

3

heard or filed to Stroock's retention and a certificate of no objection has been filed with the Court.

8.      This is the first application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.      Applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

4

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the First Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the First Monthly Period, their normal hourly rates, and the value of their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the First Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the

5

Committee, as well as to identify some of the problems and issues to which Stroock was required
to direct its attention immediately.

(i)    **Case Administration/General – Category 0002**

16.    Stroock's attention to the Committee's organizational needs during the First
Monthly Period enabled the Committee to quickly complete the initial administrative matters that
were necessary to its efficient and effective participation in these cases. Following its retention
by the Committee, Stroock attended to certain preliminary matters, such as the preparation of
bylaws to govern the Committee and Committee contact information. In addition to attending to
the Committee's organizational needs, Stroock immediately engaged Debtors' counsel in
discussions concerning various topics including the first day motions.

17.    The Debtors filed numerous first day motions with the Court in addition to their
chapter 11 petitions, certain of which the Court had already issued orders on and certain of which
had upcoming objection deadlines. While a number of those motions appeared to be relatively
routine, certain of the motions appeared to seek relief granting preferred payment to certain
creditors holding general unsecured claims. Still other first day motions need to be reviewed
because of their fundamental importance to these cases. As a result, Stroock reviewed each of
the first day motions filed by the Debtors, drafted memoranda to the Committee summarizing the
relief requested in the motions, analyzing the legal issues, where appropriate, and recommended
proposed positions for the Committee's consideration.

18.    During this period, Stroock also coordinated the Committee's meeting and
conference calls, and advised the Committee with respect to the retention of a financial
consultant to assist the Committee in immediately evaluating, among other matters, the Debtors'
employee retention programs and executive compensation plans, and position with respect to the

6

immediate payment of the Debtors' trade vendors. Stroock has expended 99.9 hours on this category for a fee of $31,207.00.

### (ii)    Asbestos Litigation – Category 0005

19.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys thoroughly reviewed the various pleadings filed both by and against the Debtors in the first weeks of these Chapter 11 cases impacting on the conduct of related asbestos actions against non-debtor third parties, and the procedures to be employed in this Court to resolve asbestos related claims, including the Debtors' motion for a preliminary injunction which sought to stay the filing of asbestos-related actions against certain non-debtor third parties. During this period, Stroock began to engage Debtors' counsel in discussions over the Debtors' positions on these matters, discussed with the Committee its position on the Debtors' preliminary injunction motion, and with the Committee's approval Stroock prepared and filed a response in support of the Debtors' preliminary injunction motion. Stroock has expended 23.6 hours on this category for a fee of $10,945.00.

### (iii)    Retention of Professionals - Category 0006

20.    During the First Monthly Period, Stroock spent considerable time conducting conflicts checks with respect to the over 1500 persons and entities known to be involved in these cases, in order to be able to include in Stroock's retention pleadings a full disclosure of its representation of such persons and entities. In addition, during this period, Stroock held discussions with potential candidates for the role as financial advisor to the Committee and

7

otherwise assisted the Committee in selecting those potential candidates to be interviewed by the full Committee. Upon the Committee's decision to retain FTI Policano & Manzo ("FTI P&M") as its financial advisor, Stroock reviewed and otherwise assisted FTI P&M in preparing proper retention pleadings with the Court.

21.    The Debtors had filed a number of first day motions seeking the retention of counsel, special counsel, The Blackstone Group, L.P., as their financial advisor, and other professionals. In addition, the Committee was informed that the Debtors would also seek to retain an accounting firm. Stroock discussed the terms of employment of these professionals with the Committee and engaged the Debtors and representatives of The Blackstone Group in conversations aimed at addressing a number of objections the Committee had to the timing, scope and terms of The Blackstone Group's retention. With an objection deadline looming and little progress being made in resolving the issues in dispute, Stroock on behalf of the Committee, conducted case law research and prepared a draft objection to The Blackstone Group's retention. Thereafter, the Debtors, Blackstone and Stroock, on behalf of the Committee, agreed to continue to attempt to resolve the disputed issues consensually. Stroock has expended 58.5 hours on this category for a fee of $13,499.00.

### (iv)    Creditors Committee Meetings/Conferences - Category 0007

22.    Stroock held one in-person meeting and two conference calls with the full Committee during the First Monthly Period. Prior to each meeting and conference call with the Committee, Stroock prepared an agenda, reviewed each pending matter, and all underlying documentation in connection therewith. Thereafter, Stroock discussed each of these matters with the Committee and assisted the members in formulating a position thereon. Through these meetings, telephone conferences and correspondence, Stroock has assisted the Committee in

8

fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these proceedings.  Stroock has expended 27.6 hours on this category for a fee of $12,149.00.

(v)    <strong>Court Hearings - Category 0008</strong>

23.    Shortly after the chapter 11 cases were filed and in response to the Debtors' motion to withdraw the reference from the Bankruptcy Court with respect to those matters involving asbestos claims and related litigation, the District Court entered an order withdrawing the reference of the entirety of the Chapter 11 cases to the District Court and reassigned these cases to the Honorable Joseph J. Farnan, Jr.  On April 18, 2001, Judge Farnan held an extended status conference to hear from the Debtors, counsel for the Committee and other parties-in-interest with respect to the broad issues in these cases.  Stroock attended and actively participated, as necessary, in the status conference before the Court.  Stroock has expended 3.5 hours on this category for a fee of $1,925.00.

(vi)    <strong>Post-Petition Financing – Category 0010</strong>

24.    During the First Monthly Period, Stroock thoroughly reviewed the Debtors' proposed post-petition financing credit facility (the "DIP Facility"), discussed the same and made recommendations to the Committee as to modifications believed necessary to the proposed order granting final approval of the DIP Facility.  Thereafter, Stroock engaged Debtors' and Bank's counsel in discussions with respect to the Committee's position.  Ultimately the Committee's issues were consensually resolved.  Stroock has expended 7.1 hours on this category for a fee of $4,005.00.

9

(vii)    <u>Analysis of Pre-Petition Transactions – Category 0013</u>

25.    One of the first day orders entered by the Court which the Committee believed

should be reconsidered by the Court was the order authorizing the Debtors to pay in full the

claims of each of the Debtors' pre-petition trade creditors, which aggregated approximately

$35.0 million (the "Vendor Order"). Stroock reviewed the Debtors' motion and the order

entered by the Court with the Committee, discussed the Committee's concerns and position with

Debtors' counsel and worked with FTI P&M in obtaining from the Debtors information with

respect to the bases for the Debtors need to pay certain of their trade vendors and suppliers. As a

result of Stroock's efforts on behalf of the Committee, as assisted by FTI P&M, the Committee

was able to reach a consensual resolution with the Debtors over the terms of a stipulation which

modified the Vendor Order by providing for a significantly lesser amount of pre-petition trade

claims to be currently paid. The stipulation also resolved the motion filed by The Chase

Manhattan Bank seeking reconsideration of the Vendor Order. Stroock prepared the form of

stipulation and it was submitted to the Court and approved on May 3, 2001. Stroock has

expended 6.5 hours on this category for a fee of $3,837.50.

(viii)    <u>Lift Stay Litigation - Category 0016</u>

26.    A motion to lift the stay was filed by Paul Price on behalf of itself and as the

proposed representative of a class of plaintiffs involved in multi-district litigation currently

pending against the Debtors in federal court. The multi-district litigation asserts asbestos-related

property damage claims against the Debtors' estates. Stroock, on behalf of the Committee,

reviewed the motion and the affidavit and memorandum of law filed in support thereof, and

represented the Committee before the Court on Price's request to expedite the Court's

10

consideration of this motion. Stroock has expended 5.7 hours on this category for a fee of $2,109.50.

(ix)    Erisa Issues – Category 0020

27.    Stroock expended a substantial amount of time during the First Monthly Period with respect to the various employee-related matters for which the Debtors sought authorization from the Court. These matters included (a) the relief sought in the extensive first day motion (the "Benefits Motion") and obtained from the Court in a first day order (the "Benefits Order") authorizing the Debtors to continue to pay their current, as well as former employees, independent contractors and directors, pre-petition (i) compensation, (ii) employee benefits, (iii) severance pay, (iv) workers' compensation benefits, and (v) retiree health and life insurance, (b) approval for certain key employee retention programs, including change of control programs for the Debtors' senior executives, interim approval for which had already been granted by the Court and (c) the Debtors request for authorization to assume employment agreements with eight of their senior executives.

28.    Stroock reviewed each of these matters, prepared extensive memoranda to the Committee describing the benefits and agreements and advised the Committee with respect to the validity of the legal bases asserted by the Debtors to support the relief sought.

29.    Stroock, on behalf of the Committee (i) prepared correspondence to the Debtors requesting that the Debtors refrain from making payments falling into one of several identified categories without further consultation with the Committee, (ii) engaged the Debtors in a number of conference calls to obtain a more complete understanding of the Debtors' benefit programs and plans, the current expected future costs thereof and the beneficiaries of such programs, (iii) obtained from the Debtors and began to review certain of the benefit programs and plan

11

documentation, and (v) with FTI P&M, began during this period to evaluate the Debtors' key employee retention programs and the compensation packages for the Debtors' senior management.

30.    The Committee was unable to obtain the Debtors' agreement to refrain from (i) making certain payments to their former and retired directors, executives and employees (the "Former Employees") under five different nonqualified pension plans and arrangements (the "Nonqualified Benefits") aggregating to approximately $7.5 million for the 2001 calendar year alone and (ii) funding two "Rabbi Trusts."

31.    As a result, and pursuant to Local Bankruptcy Rule 9013-2(e), Stroock prepared an extensive motion (the "Reconsideration Motion") requesting that this Court reconsider the Benefits Order to the extent it authorized the Debtors to pay Nonqualified Benefits to Former Employees and to fund the Rabbi Trusts. In connection with preparing the Reconsideration Motion, Stroock expended considerable time researching and analyzing all of the applicable legal issues. On or about May 2, 2001, Stroock filed the Reconsideration Motion. Stroock has expended 147.2 hours on this category for a fee of $59,249.00.

## IV.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

32.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(A)    The Time and Labor Required.  The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and

12

expertise, in order to deal with the many complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

(B)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered. In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

(C)    The Skill Requisite to Perform the Legal Services Properly. Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

(D)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

13

(E)    The Customary Fee. The fee sought herein is based upon Stroock's

normal hourly rates for services of this kind. Stroock respectfully submits that the

fee sought herein is not unusual given the magnitude and complexity of these

cases and the time expended in attending to the representation of the Committee,

and is commensurate with fees Stroock has been awarded in other cases, as well

as with fees charged by other attorneys of comparable experience.

(F)    Whether the Fee is Fixed or Contingent. Pursuant to §§ 330 and 331 of

the Bankruptcy Code, all fees sought by professionals employed under § 1103 of

the Code are contingent pending final approval by this Court, and are subject to

adjustment dependent upon the services rendered and the results obtained.

(G)    Time Limitations Imposed by Client or Other Circumstances. As already

indicated, Stroock has been required to attend to the various issues arising in these

cases. Occasionally, Stroock has had to perform those services under significant

time constraints requiring attorneys assigned to these cases to work evenings and

on weekends.

(H)    The Amount Involved and Results Obtained. Through the efforts of

Stroock, the Committee has been an active participant in these Chapter 11 cases

from the very first days of its formation, and its assistance, as well as constructive

criticism, has greatly contributed to the efficient administration of these cases.

(I)    The Experience, Reputation and Ability of the Attorneys. Stroock has one

of the largest and most sophisticated insolvency practices in the nation and has

played a major role in numerous cases of national import including: Acme

Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf

14

States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.     ALLOWANCE OF COMPENSATION

33.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically,

15

and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

34.    With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

35.    The total time spent by Stroock attorneys and paraprofessionals during the First Monthly Period was 379.6 hours. Such services have a fair market value of $138,926.00. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

36.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the First Monthly Period, their normal hourly rates, and the value of their services.

37.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $1,975.13 for which Stroock respectfully requests reimbursement in full.

16

38.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

39.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

40.     Stroock charges $.07 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

41.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

42.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

17

43.     No prior application has been made in this or in any other Court for the relief requested herein for the First Monthly Period.

44.     **WHEREFORE**, Stroock respectfully requests that this Court enter an order:

(a)     approving the allowance of compensation for professional services rendered to the Committee during the period from April 12, 2001 through and including April 30, 2001 in the amount of $138,926.00;

(b)     approving the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 12, 2001 through and including April 30, 2001 in the amount of $1,975.13; and

(c)     authorizing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the expenses incurred by Stroock during the period from April 12, 2001 through and including April 30, 2001, subject to final payment of the full amount; and

18

(d)    granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        May 29, 2001

                                    STROOCK & STROOCK & LAVAN LLP


                                    Lewis Kruger
                                    180 Maiden Lane
                                    New York, New York 10038-4982
                                    (212) 806-5400


                                    Co-Counsel for the Official Committee of
                                    Unsecured Creditors of W. R. Grace & Co.

19

SSL-DOCS1 1114036v2

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )


LEWIS KRUGER, being duly sworn, deposes and says:

      1.       I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York

10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of

the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and

sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession

before this Court.

      2.       This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of

Stroock's first monthly application for an interim allowance of compensation and for the

reimbursement of expenses for services rendered during the period from April 12, 2001 through

and including April 30, 2001 in the aggregate amount of $140,901.13.

3.        All services for which compensation is requested by Stroock were

professional services performed for and on behalf of the Committee from April 12, 2001 through

and including April 30, 2001 and not on behalf of any other person.

4.        In accordance with Title 18 U.S.C. Section 155, neither I nor any member or

associate of my firm has entered into any agreement, express or implied, with any other party-in-

interest for the purpose of fixing the amount of any of the fees or other compensation to be

allowed out of or paid from the Debtors' assets.

5.        In accordance with Section 504 of the Bankruptcy Code, no agreement or

understanding exists between me, my firm, or any member or associate thereof, on the one hand,

and any other person, on the other hand, for division of such compensation as my firm may

receive for services rendered in connection with these cases, nor will any division of fees

prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of

my firm.

LEWIS KRUGER


Sworn to before me this
24 day of May, 2001


Notary Public

ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

# EXHIBIT B

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

May 25, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through April 30, 2001 in
connection with the following matters:

| | | Hours | Total |
|---|---|---|---|
| 0002 | General Case Administration | 99.90 | 31,207.00 |
| 0005 | Asbestos Litigations | 23.60 | 10,945.00 |
| 0006 | Retention of Professionals | 58.50 | 13,499.00 |
| 0007 | Creditors Committee Meetings/Conferences | 27.60 | 12,149.00 |
| 0008 | Court Hearings | 3.50 | 1,925.00 |
| 0010 | Post Petition Financing | 7.10 | 4,005.00 |
| 0013 | Analysis of Pre-Petition Transactions | 6.50 | 3,837.50 |
| 0016 | Lift Stay Litigation | 5.70 | 2,109.50 |
| 0020 | Erisa Issues | 147.20 | 59,249.00 |
| | Total | 379.60 | $ 138,926.00 |

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

May 25, 2001
Invoice: 233825

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through April 30, 2001, including:

RE:    **General Case Administration**
       **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/13/2001 | Review of First Day Orders. | Kruger, L. | 0.6 |
| 04/15/2001 | Review Debtors' motion re reclamation claims procedures (.3); review updated court docket and revise schedule of pending matters (1.1) ; review article re doctrine of necessity (.3); review revised form of order approving DIP financing received from Bank counsel (.6); memo to LK, R. Raskin, K. Pasquale re pending matters hearings (.9). | Krieger, A. | 3.2 |
| 04/16/2001 | Multiple office conferences LK and with RAR and LK re pending matters, agreement by Debtors' counsel to adjournment of Committee's time to respond to pending motions (1.2);  office conferences RS re conflicts memoranda, contact list, notice of appearance, other (0.2). | Krieger, A. | 1.4 |
| 04/16/2001 | Review of documents; telephone call with J. Kapp regarding adjournment of time to respond; office conference with AK regarding correspondence with debtor's counsel. | Kruger, L. | 1.4 |
| 04/16/2001 | O/c A. Krieger re pleadings (.2); review pleadings (1.0); t/c J. Kapp re hearings and schedule and confirmatory email (.4). | Raskin, R. | 1.6 |
| 04/16/2001 | Administrative work in setting up retention case procedures (1.0); draft Notice of appearance (.6); review of first day and copies to parties and | Serrette, R. | 2.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Committee members (.9).

| Date | Description | Name | Hours |
|---|---|---|---|
| 04/17/2001 | Review pending motions (5.3); office conf/A. Taruschio re preparation of By-Laws, Retention Application, motion summaries (1.2); office conference RS re interim compensation procedures (.3); telephone call W. Katchen re interim compensation procedures (.1); telephone calls J. Kapp re utility motion and interim compensation motion and proposed revisions to the order (.2);  prepared correspondence confirming Debtors' agreement to adjourn objection deadline on matters (.4); office conference RS re conflicts check to be conducted (.4); office conferences A. Keppler re correspondence to James Kapp (1.0). | Krieger, A. | 8.9 |
| 04/17/2001 | Telephone call with L. Davis Jones regarding status conference and review of her letter to Farnan. | Kruger, L. | 0.4 |
| 04/17/2001 | O/c A. Krieger re fee application procedures (.2); review comments to pending orders (.3); review draft letter re information requests (.2); numerous discussions re pending motions and review of same (.4). | Raskin, R. | 1.1 |
| 04/17/2001 | Conference with A. Krieger and R. Raskin re first day orders (.3); review and office conference with A. Krieger re administrative fee guidelines (.4); prepare for filing of Notice of Appearance (.4) update contact list (.3); research re SSL Retention (.7); review conflicts and conference with E. Holzberg re same (.5); review and revise 2000 Service List (.6). | Serrette, R. | 3.2 |
| 04/17/2001 | O/c conf. w/ A. Kriger re case background, committee bylaws, pending motions, and retention application (.9) | Taruschio, A. | 0.9 |
| 04/18/2001 | Office conference MW, AK re review and revise draft correspondence to Debtors seeking employee benefits related information and payment restraint (1.3); finalize correspondence to Kapp re agreement on extension of objection deadlines (1.0); telephone calls J. Kapp re agreement on revised order approving Utility Motion, discussed proposed changes to order establishing interim compensation procedures (.6); office conference RS re conflicts check, Committee contact list (.2); office conference K. Pasquale re re employee benefits related relief, and open points (.5); office conferences A. Taruschio re preparation of memoranda to the Committee summarizing the pending motions (.7); office conference LK and then prepared memorandum to the Committee re 4/20/01 Committee meeting and agenda therefor (6.0). | Krieger, A. | 9.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/18/2001 | Telephone call with T. Maher regarding payment of pre-chapter trade credits. | Kruger, L. | 0.3 |
|---|---|---|---|
| 04/18/2001 | Review and revise contact list (.3); work on conflict check in preparation for retention (.9). | Serrette, R. | 1.2 |
| 04/18/2001 | Review pending first day motions and draft summary memo to Creditors' Committee re same (9.5); oc w/ A. Krieger and D. Wildes re same (.4) | Taruschio, A. | 9.9 |
| 04/19/2001 | Office conference RAR re preparation of separate memorandum to the Committee regarding employee benefits matters and then office conference AK re same (.9); review Wachtell employment application, Blackstone employment application, review Kekst & Co. employment application (1.5), other office conferences AK re preparation of employee benefits memorandum to the Committee and then review, revise and prepare final form of same (3.7); office conferences AT re revision to Committee memorandum summarizing pending motions other than the employee-benefits related matters and review and revise same (.5); further office conferences MW, AK re comments to the employee benefits motion summary (.7). | Krieger, A. | 8.3 |
| 04/19/2001 | O/c L. Kruger re status (.3); o/c A. Krieger re pending items and staffing (.5); review all pending motions and memo to committee re same (3.5); o/cs A. Taruschio re comments to memo (.4); t/c N. Lazar re trade information and committee call (.2); follow-up re committee meeting (.3). | Raskin, R. | 4.2 |
| 04/19/2001 | O/c K. Pasquale re: case; review debtors' filings. | Sasson, M. | 3.5 |
| 04/19/2001 | Prepare for Committee meeting to interview prospective financial advisors and meeting (via phone) with Debtor on motion to pay essential vendors. | Serrette, R. | 5.5 |
| 04/19/2001 | Draft, revise, edit, traffic memo re pending motions to Committee w/ R. Raskin and A. Krieger | Taruschio, A. | 13.3 |
| 04/20/2001 | Conference with RR. (.2) and then conference call J. Kapp re requested extensions on Committee's time to respond to motions, proposed revisions to forms of orders, Committee objections to DIP, Blackstone motions, requested restraint on payment of benefits to retirees, other former employees (.3); office conference A. Taruschio re preparation of Committee By-Laws, retention application, affidavit and status of conflict check (.3). | Krieger, A. | 0.8 |
| 04/20/2001 | Committee review of DIP proposal and other pending matters. | Kruger, L. | 1.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| 04/20/2001 | Review of fax from David Rosenbloom on behalf of Material Medical re asbestos issues. | Kruger, L. | 0.2 |
| 04/20/2001 | Post-meeting conf. call with J. Kapp re committee position regarding employee motions, dip financing, Blackstone retention and vendor payments. | Raskin, R. | 0.5 |
| 04/20/2001 | O/c w/ A. Krieger, E. Holzberg re status of retention papers and conflict search (.6); fax R. Raskin FA retention (.3); draft and finalize SSL retention application, affidavit, and order (1.3); collect and send docs to A. Krieger for review (.4); review and revise Committee bylaws (2.1). | Taruschio, A. | 4.7 |
| 04/23/2001 | Telephone call R. Higgins re Grace employee-related documentation (.1); review revised by laws (.1); office conferences RAR re preparation of objections, motion to vacate, retention pleadings (.1); office conference R. Serrette re revisions to contact list and conflicts information to Sean Cunningham at Policano & Manzo (.2); office conference EH re review conflicts information (.5). | Krieger, A. | 1.0 |
| 04/24/2001 | Office conferences RS re contact at P&M and forwarding of contact information (.2 ); review proposed revised orders re pending motions (.2); telephone calls R. Higgins re comments on the orders (.2); office conference EH re conflicts check (.3). | Krieger, A. | 0.9 |
| 04/24/2001 | Review and revise calendar, contact lists and conflict memo. | Serrette, R. | 2.0 |
| 04/25/2001 | Revise and finalize correspondence to J. Kapp re agreed upon extension of time for the Committee to respond to pending motions and forward same to the Committee (.2). | Krieger, A. | 0.2 |
| 04/25/2001 | Review of debtor proposal regarding payments to essential vendors and memo to committee regarding same. | Kruger, L. | 0.3 |
| 04/26/2001 | Update Contact list; work on conflict check re:representation; filing of response; update critical date calendar. | Serrette, R. | 2.8 |
| 04/27/2001 | Worked on Exhibit for conflicts Affidavit. | Holzberg, E. | 2.9 |
| 04/27/2001 | Numerous t/cs A. Krieger re meeting with the committee, wage motion issues and issues related to payment of pre-petition vendors. | Raskin, R. | 0.7 |
| 04/30/2001 | Review of letter from F. Perch of the U.S. Trustee's | Kruger, L. | 0.3 |

office regarding request for appointment of equity
committee.

04/30/2001   Review of Critical Date calendar (.3); review of          Serrette, R.                1.0
            pleadings (.4); conference with A. Krieger re
            conference call with Committee (.3).

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Holzberg, Ethel | 2.9 | $ 145 | $ 420.50 |
| Krieger, Arlene | 33.7 | 425 | 14,322.50 |
| Kruger, Lewis | 4.7 | 650 | 3,055.00 |
| Raskin, Robert | 8.1 | 550 | 4,455.00 |
| Sasson, Moshe | 3.5 | 360 | 1,260.00 |
| Serrette, Rosemarie | 18.2 | 130 | 2,366.00 |
| Taruschio Anna | 28.8 | 185 | 5,328.00 |

Total For Professional Services Rendered     $ 31,207.00

Total for this Matter     $ 31,207.00

RE:    **Asbestos Litigations**
       **699842. 0005**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/20/2001 | Continued review of debtors' filings; t/c R. Raskin re: litigation motions. | Sasson, M. | 1.5 |
| 04/23/2001 | Review of proposed preliminary injunction order regarding filing of asbestos related actions against debtor affiliate. | Kruger, L. | 0.2 |
| 04/23/2001 | Attention to debtors' motion for injunction staying claims v. affiliates (2.4) | Pasquale, K. | 2.4 |
| 04/23/2001 | Review debtors' preliminary injunction/TRO motions; t/c K. Pasquale re: same. | Sasson, M. | 3.5 |
| 04/24/2001 | Attention to debtors' revised motion for Section 105 injunction (.8); attention to Cal. fraudulent transfer suit (.8) | Pasquale, K. | 1.6 |
| 04/24/2001 | Review material related to preliminary injunction hearing. | Raskin, R. | 1.2 |
| 04/25/2001 | Office conferences K. Pasquale re impact of 4/9/01 order withdrawing the references of these cases (.1); conference call with David Bernick, RAR, K. Pasquale re Debtors' preliminary injunction motion and background on the asbestos litigation (.7); review further revised committee joinder to Debtors' request for a preliminary injunction (.1). | Krieger, A. | 0.9 |
| 04/25/2001 | Office conference with RR and K. Pasquale; telephone call with counsel to debtor regarding asbestos issues and debtor TRO motion regarding same. | Kruger, L. | 0.4 |
| 04/25/2001 | Review of committee response to debtor motion for preliminary injunction regarding asbestos and fraudulent transfer actions. | Kruger, L. | 0.3 |
| 04/25/2001 | Attention to asbestos-related issues and stay motion in preparation for conference call with debtors (2.0); conference call with debtors' counsel re asbestos issues (.8); drafted committee's statement in response to preliminary injunction motion (1.5) | Pasquale, K. | 4.3 |
| 04/25/2001 | Review pleadings related to preliminary injunction (1.5);  conf. call with counsel to Debtor re same (.5), review draft of response to preliminary injunction (.4); | Raskin, R. | 2.7 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| | review and revise memo to committee re recommendation (.3). | | |
| 04/25/2001 | CC: w/debtors' counsel, R. Raskin, K. Pasquale, A. Krieger; t/c A. Krieger, K. Pasquale re creditors committee support for debtors' motion. | Sasson, M. | 1.0 |
| 04/26/2001 | Reviewed asbestos-related pleadings including objections to Debtors' preliminary injunction motion, Price lift stay motion, memorandum of law and related pleadings. | Krieger, A. | 1.4 |
| 04/30/2001 | Attention to pleadings of various parties to debtors motion for section 105 injunction (1.0) | Pasquale, K. | 1.0 |
| 04/30/2001 | Review responses to preliminary injunction. | Raskin, R. | 1.2 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 2.3 | $ 425 | $ 977.50 |
| Kruger, Lewis | 0.9 | 650 | 585.00 |
| Pasquale, Kenneth | 9.3 | 475 | 4,417.50 |
| Raskin, Robert | 5.1 | 550 | 2,805.00 |
| Sasson, Moshe | 6.0 | 360 | 2,160.00 |

Total For Professional Services Rendered    $ 10,945.00

Total for this Matter    $ 10,945.00

RE:    Retention of Professionals
       699842. 0006

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/16/2001 | Telephone call with Don Smith of Houlihan Lokey regarding possible retention. | Kruger, L. | 0.3 |
| 04/16/2001 | Telephone call with Debbie Spidach of Richards Layton. | Kruger, L. | 0.2 |
| 04/16/2001 | Telephone call with B. Katchen regarding retention. | Kruger, L. | 0.3 |
| 04/16/2001 | Preparation of retention materials. | Kruger, L. | 0.3 |
| 04/17/2001 | Telephone call with T. Maher regarding accountant retention and interviews; my telephone call with J. Kapp regarding open issues and adjournment of time to respond and status conference before Farnan. | Kruger, L. | 0.6 |
| 04/17/2001 | Telephone call with K. Simon of Deloitte regarding retention. | Kruger, L. | 0.2 |
| 04/17/2001 | Gather materials for retention application, prepare application, affidavit, and order (6.1) | Taruschio, A. | 6.1 |
| 04/18/2001 | Telephone calls with T. Maher regarding interviews of accountants; telephone call with E&Y and Deloitte regarding creditors issues. | Kruger, L. | 0.4 |
| 04/22/2001 | Reviewed and prepared revisions to retention application, affidavit. | Krieger, A. | 1.6 |
| 04/23/2001 | Revise draft application retaining Stroock as Committee counsel and review and revise Kruger affidavit in support of retention application (.4). | Krieger, A. | 0.4 |
| 04/23/2001 | Research, read cases, and draft Blackstone objection (7.8); oc with R. Raskin and A. Krieger re same (.4) | Taruschio, A. | 8.2 |
| 04/24/2001 | Review, revise Stroock retention application, Kruger affidavit (.3); telephone call Sean Cunningham re conflicts information, retention affidavit, for Policano and Manzo pleadings (.1). | Krieger, A. | 0.4 |
| 04/24/2001 | (4.6): review conflicts search w/ E. Holzberg and A. Krieger; (4.0) draft Blackstone objection motion. | Taruschio, A. | 8.6 |
| 04/25/2001 | Extended office conferences A. Taruschio re conflicts material for retention application (.9). further revise | Krieger, A. | 1.4 |

Kruger affidavit (.2); review, revise order authorizing
Stroock's retention (.2); office conference RS re
additional conflicts checks to be conducted (.1).

| Date | Description | Name | Hours |
|---|---|---|---|
| 04/25/2001 | Review draft of objection to Blackstone retention and o/c A. Taruschio re same (.4). | Raskin, R. | 0.4 |
| 04/25/2001 | finalize Blackstone objection draft, review changes w/ R. Raskin (3.1); assist w/ conflicts search (7.9); edit drafts of Kruger affidavit w. A. Krieger (.9). | Taruschio, A. | 11.9 |
| 04/26/2001 | Office conferences A. Taruschio, EH re conflicts check information for Stroock application (.6). | Krieger, A. | 0.6 |
| 04/26/2001 | Revise, edit, and make calls for conflicts check (5.1) | Taruschio, A. | 5.1 |
| 04/27/2001 | Final review of retention pleadings and office conferences AT re same (1.0). | Krieger, A. | 1.0 |
| 04/27/2001 | Finalize retention papers and conflicts check w/ E. Holzberg and A. Krieger (6.1) | Taruschio, A. | 6.1 |
| 04/30/2001 | Office conference  RAR re retention pleading and final changes thereto (.1); prepared final form of application (.2). | Krieger, A. | 0.3 |
| 04/30/2001 | Office conference with AK regarding retention agreement. | Kruger, L. | 0.2 |
| 04/30/2001 | Review and revise conflicts and retention affidavit and application w/A. Krieger (3.9) | Taruschio, A. | 3.9 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Krieger, Arlene | 5.7 | $ 425 | $ 2,422.50 |
| Kruger, Lewis | 2.5 | 650 | 1,625.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Taruschio Anna | 49.9 | 185 | 9,231.50 |

Total For Professional Services Rendered      $ 13,499.00

**Total for this Matter**      $ 13,499.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Creditors Committee Meetings/Conferences**
      699842. 0007

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Conference with creditor's committee regarding various pending motions and organizational engagements. | Kruger, L. | 0.6 |
| 04/13/2001 | Telephone call with J. Kapp regarding adjournment of committee's need to respond to motion by 4/18/01 and the impact on payment of pre-petition trade debt. | Kruger, L. | 0.4 |
| 04/16/2001 | Conference call with Committee re Debtors' proposal to pay essential trade vendors, retention of accountants, request for supporting documentation from Debtors on trade payables issue, other (1.0); office conference K. Pasquale re same (.1). | Krieger, A. | 1.1 |
| 04/16/2001 | Conference call with committee regarding status of various debtor motions. | Kruger, L. | 1.1 |
| 04/16/2001 | O/c A. Krieger re pleadings (.2). | Raskin, R. | 0.2 |
| 04/20/2001 | Attended Committee meeting at uptown office and interview of accountants (4.5); conference call with representatives for the Debtors re payment of trade vendors (.2). | Krieger, A. | 4.7 |
| 04/20/2001 | Office conference with committee, interview of accountants for engagement by committee (3.3). | Kruger, L. | 3.3 |
| 04/20/2001 | Prepare for and attend committee meeting at 767 Third Avenue. | Raskin, R. | 5.5 |
| 04/20/2001 | Attend committee meeting. | Serrette, R. | 6.3 |
| 04/20/2001 | Attend Creditors' Committee meeting (3.5). | Wintner, M. | 3.5 |
| 04/27/2001 | Telephone call Veena Lertpachin re Committee conference call and agenda (.2); telephone call LK re Committee memorandum and conference call (.1). | Krieger, A. | 0.3 |
| 04/30/2001 | Telephone call Veena Lertpachin re conference call (.1); office conference LK re conference call, retention pleadings, other (.1); telephone call Sean Cunningham re 5/1/01 conference call (.1); telephone call Bill Katchen's office re conference call (.1). | Krieger, A. | 0.6 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 6.7 | $ 425 | $ 2,847.50 |
| Kruger, Lewis | 5.4 | 650 | 3,510.00 |
| Raskin, Robert | 5.7 | 550 | 3,135.00 |
| Serrette, Rosemarie | 6.3 | 130 | 819.00 |
| Wintner, Mark | 3.5 | 525 | 1,837.50 |

Total For Professional Services Rendered    $ 12,149.00

Total for this Matter    $ 12,149.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Court Hearings**
       **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/18/2001 | Attend court status conference. | Raskin, R. | 3.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Raskin, Robert | 3.5 | $ 550 | $ 1,925.00 |
| Total For Professional Services Rendered | | | $ 1,925.00 |

| | | |
|---|---|---|
| Total for this Matter | | $ 1,925.00 |

RE:    **Post Petition Financing**
       **699842. 0010**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Review DIP. | Kruger, L. | 0.3 |
| 04/18/2001 | Telephone call with RR and T. Maher regarding DIP extension, debtor in possession and increase in interim approval. | Kruger, L. | 0.4 |
| 04/19/2001 | Review DIP documentation, agreement and order (3.5); t/c L. Mandel re comments and questions to same (.4). | Raskin, R. | 3.9 |
| 04/23/2001 | Review final form of DIP order (.7); t/c L. Mandel re same (.2); t/c D. Bacon re comments to DIP order (.2). | Raskin, R. | 1.1 |
| 04/25/2001 | T/cs D. Bacon re comments to DIP order. | Raskin, R. | 0.4 |
| 04/26/2001 | Review revisions to DIP order and memo from debtors counsel re same. | Raskin, R. | 0.7 |
| 04/27/2001 | Review of Credit Lyonnais' response to DIP financing. | Kruger, L. | 0.3 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Kruger, Lewis | 1.0 | $ 650 | $ 650.00 |
| Raskin, Robert | 6.1 | 550 | 3,355.00 |

Total For Professional Services Rendered    $ 4,005.00

Total for this Matter    $ 4,005.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Analysis of Pre-Petition Transactions**
      **699842. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Review of pre-petition trade payment. | Kruger, L. | 0.4 |
| 04/13/2001 | Telephone call with J. Kapp regarding adjournment of DIP financing motion, payment of pre-petition trade debt and employee retention program and discussion with respect to pre-petition trade creditor payment program. | Kruger, L. | 0.5 |
| 04/13/2001 | Telephone calls with T. Maher regarding his telephone call with debtor regarding payment of pre-petition trade and creditor's committee need for written presentation. | Kruger, L. | 0.6 |
| 04/13/2001 | Review of fraudulent transfer case file. | Kruger, L. | 0.4 |
| 04/19/2001 | Review materials received from debtor related to trade vendor issues and forward to committee (.7); t/c T. Maher re supplemental information requested (.2); t/c J. Kapp re same (.2) | Raskin, R. | 1.1 |
| 04/20/2001 | Conference with Mike Policano, Ed Ordway and committee; telephone call with debtor and its professionals regarding payment program for critical pre-petition trade creditors. | Kruger, L. | 1.6 |
| 04/23/2001 | Telephone call Sean Cunningham (P&M) re discussion with Debtors representatives regarding payment of pre-petition trade payables, other (.3); office conference RAR re discussion with S. Cunningham (.1). | Krieger, A. | 0.4 |
| 04/27/2001 | Telephone calls Sean Cunningham re Debtors' trade payables proposal and review same (.5); prepared memorandum to the Committee re trade payable proposal (.2). | Krieger, A. | 0.7 |
| 04/27/2001 | Review of Policano & Manzo memo regarding vendor proposal. | Kruger, L. | 0.5 |
| 04/28/2001 | Review memo re critical vendors. | Raskin, R. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 1.1 | $ 425 | $ 467.50 |
| Kruger, Lewis | 4.0 | 650 | 2,600.00 |
| Raskin, Robert | 1.4 | 550 | 770.00 |

Total For Professional Services Rendered    $ 3,837.50

**Total for this Matter**    $ 3,837.50

RE:     **Lift Stay Litigation**
        **699842. 0016**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/26/2001 | Attention to Price motion to lift automatic stay (.5) | Pasquale, K. | 0.5 |
| 04/26/2001 | T/c R. Raskin, K. Pasquale A. Krieger, B. Katchen; revised CC's filings; t/c R. Serrette re: filing, service; review fraudulent conveyance complaint; review Price objection to debtors' motion; review Price motion to shorten time, relief from stay. | Sasson, M. | 2.5 |
| 04/27/2001 | T/c R. Raskin, K. Pasquale re: motion by Zonolite plaintiffs. | Sasson, M. | 0.2 |
| 04/30/2001 | T/c R. Raskin, K. Pasquale re: motion by Zonolite plaintiffs; t/c D. Bernick. | Sasson, M. | 2.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 0.5 | $ 475 | $ 237.50 |
| Sasson, Moshe | 5.2 | 360 | 1,872.00 |

|  | Total For Professional Services Rendered | $ 2,109.50 |
|--|------------------------------------------|------------|

|  | Total for this Matter | $ 2,109.50 |
|--|-----------------------|------------|

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     Erisa Issues
        699842. 0020

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2001 | Review of motions regarding employee retention. | Kruger, L. | 0.3 |
| 04/13/2001 | Review first day orders and employment agreements. | Keppler, A. | 3.3 |
| 04/16/2001 | Office conference with MSW re first day orders and retention plans (.3), meeting with L. Kruger, R. Raskin, A. Krieger and MSW re KERP and 1st day orders (1); draft description of plans for correspondence to Debtors (1); office conference with MSW (1) telephone H. Lavin re employment contracts (.3). | Keppler, A. | 3.6 |
| 04/16/2001 | Meeting with  MW, RAR, LK re pre-petition wage motion and authorization obtained by the Debtors and further discussions regarding preparation  of correspondence to Debtors counsel (1.5); began to prepare draft correspondence (.9). | Krieger, A. | 2.4 |
| 04/16/2001 | Office conference with RR, A. Keppler and M. Wintner; telephone call with J. Kapp regarding employee and retiree benefits, and information request. | Kruger, L. | 0.5 |
| 04/16/2001 | Telephone conference with A. Keppler regarding Employment Agreements of Norris, Siegel, Tarola and Corcoran (.2); review same (1.2). | Lavin, H. | 1.4 |
| 04/16/2001 | O/c L. Kruger re background related to payment of pre-petition wages (.4); o/c M. Wintner and A. Keppler re employment agreements and motions (.4). | Raskin, R. | 0.8 |
| 04/16/2001 | Review Debtor's First Day Wage Order and Motion to Assume Executive Employment Agreements (3.5); office conference Lewis Kruger, Rob Raskin, Arlene Krieger and Abbey Keppler re same (0.5); draft letter to Debtor with Krieger and Keppler, requesting that Debtor suspend payments under certain employee benefit plans (1.0). | Wintner, M. | 5.0 |
| 04/17/2001 | Review list of employee benefit plans and draft correspondence for Debtors' re refraining from making certain payments (3.3), related discussions with MSW (.3) and A. Krieger (.3). | Keppler, A. | 3.9 |
| 04/17/2001 | Office conference MSW, AK re preparation of draft correspondence to James Kapp re employee-benefits-related information (.3). | Krieger, A. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 04/17/2001 | Review of letter to debtor's counsel regarding employee benefits, adjournment of time to respond to debtor's motion. | Kruger, L. | 0.3 |
| 04/17/2001 | Review Debtor's First Day Wage Order and draft letter to Debtor (from Arlene Krieger) asking that Debtor suspend payments under certain benefit plans. | Wintner, M. | 1.0 |
| 04/18/2001 | Review and revise correspondence to Debtors re first day orders and retention plans related discussions with MSW and A. Krieger. | Keppler, A. | 2.0 |
| 04/18/2001 | Office conference MW, AK re review and revise draft correspondence to Debtors seeking employee benefits related information and payment restraint (1.3). | Krieger, A. | 1.3 |
| 04/18/2001 | Review letter re employee issues. | Raskin, R. | 0.4 |
| 04/18/2001 | Review and revise draft letter to Debtor re employee benefit plans. | Wintner, M. | 0.5 |
| 04/19/2001 | Office conference with A. Krieger, R. Raskin and MSW re First Day Orders, draft summary memo to committee re authorization included in first day orders and Debtors benefit plans, analysis of plans. | Keppler, A. | 6.5 |
| 04/19/2001 | Prepared final form of correspondence to J. Kapp re employee benefits documentation request and requested restraint on payments (3.0). | Krieger, A. | 3.0 |
| 04/19/2001 | Review Executive Employment Agreements (1.0); draft analysis of Employee Benefit Programs for Committee and office conference with Arlene Krieger and Abbey Keppler re same. | Wintner, M. | 4.4 |
| 04/20/2001 | Discussions with MSW and A. Krieger re objection to payments to former executives and employees and retention plans. | Keppler, A. | 1.3 |
| 04/20/2001 | Telephone call Roger Higgins re Debtors' response to employee benefits correspondence and follow-up office conference MW re basis for objection to pending motions and with AK re same. | Krieger, A. | 1.0 |
| 04/20/2001 | Telephone call with Kirkland & Ellis re request for employee benefit plan documents (1.0). | Wintner, M. | 1.0 |
| 04/22/2001 | Reviewed first day orders re severance payments, retiree benefits authorized, reviewed relief sought by Debtors re key employee retention programs and arguments for Committee objection to final authorization of same. | Krieger, A. | 2.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/23/2001 | Discussions with A. Krieger and MSW (.4); review documents, plans and employment agreements (4). | Keppler, A. | 4.4 |
|---|---|---|---|
| 04/23/2001 | Office conferences A. Keppler re receipt and review of benefit program documentation (.3); office conference M. Wintner re extensions obtained and review of documentation, possible vacatur of first day wage benefit order (.2); review case law re Rule 59 and 60 of the Federal Rules of Civil Procedure (1.0). | Krieger, A. | 1.5 |
| 04/23/2001 | Review empoyee benefit plans. | Wintner, M. | 1.0 |
| 04/24/2001 | Review correspondence re payment of employee benefits and office conference with MSW re same. | Keppler, A. · | 0.5 |
| 04/24/2001 | Preparation of correspondence to Jay Kapp re adjournments of employee benefit related matters and deferral of submission of Blackstone order (1.0). | Krieger, A. | 1.0 |
| 04/24/2001 | Office conferences A. Keppler re preparation of reconsideration motion (.5); office conference A. Taruschio re case law re necessity doctrine and application to Grace cases (.5); correspondence to S. Cunningham re employee benefits documentation received from Grace (.1); correspondence to R. Higgins, John Forgach re employee benefits (.5); office conference M.Sasson re local rule for reconsideration motions (.1); began to prepare reconsideration motion and review application of federal rule (1.5); telephone call R. Higgins re Kapp correspondence on retiree payment and reviewed correspondence (.2). | Krieger, A. | 3.4 |
| 04/24/2001 | Review letter from Debtor's counsel concerning payment of employee benefits pursuant to First Day Wage Order and office conference with A. Keppler re same. | Wintner, M. | 0.5 |
| 04/25/2001 | Discussions with MSW, A. Krieger and R. Raskin re reconsideration request on some benefits (1) review plans and related documents and correspondence (2.5) draft memorandum to the committee re: same (1). | Keppler, A. | 4.5 |
| 04/25/2001 | Telephone call S. Cunningham re employee benefit related documentation and review thereof (.2); office conference A. Keppler re preparation of reconsideration motion (.1); office conference RAR re Kapp correspondence (.1); meeting with RAR, MW, AK re Debtors' response, preparation of memorandum to the Committee describing the programs at issue and recommending a course of action after conversing with Debtor, and telephone call Jay Kapp re 4/26/01 | Krieger, A. | 2.4 |

conference call to discuss programs (1.0); review AK
draft memorandum to the Committee, Debtor letter
and wage motion in preparation for 4/26/01
conference call (.7); telephone call R. Higgins re
4/26/01 conference call (.1); e-mails to S. Cuningham
and E. Ordway re scheduled conference call and
forwarded applicable documentation (.2).

| Date | Description | Name | Hours |
|---|---|---|---|
| 04/25/2001 | Review reply re employee issues, o/c Wintner and Keppler re same (.7). | Raskin, R. | 0.7 |
| 04/25/2001 | Begin research on necessity of payment doctrine for A. Krieger (1.5) | Taruschio, A. | 1.5 |
| 04/25/2001 | Office conference Rob Raskin; Arlene Krieger and Abbey Keppler re recommended response to Debtors' stated intention to continue to pay retired and terminated employees under various Employee Benefit Plans, under authority of First Day Wage/Benefits Order (0.5); review various Employee Benefit Plan documents and Workers Compensation policies (1.0). | Wintner, M. | 1.5 |
| 04/26/2001 | Conference call with S. Cunningham et.al. and A. Krieger and MSW re employee benefits (2), draft memo to Committee re request for reconsideration of authorization for certain nonqualified pensions and workers' compensation, related discussions with A. Krieger and MSW (5.2). | Keppler, A. | 7.2 |
| 04/26/2001 | Extended conference call with Debtors' representatives, MW, AK, preparation Policano & Manzo re nonqualified plans, deferred compensation programs and follow-up office conferences S. Cunnigham and E. Ordway re same and recommendation to the Committee on authorization granted by Benefits order, and preparation of memorandum to the Committee setting forth programs and recommendation thereon (2.0); further office conferences A. Keppler re preparation of draft memorandum to the Committee with respect to reconsideration of the Benefits Order (.5); reviewed draft memorandum re reconsideration motion relating to nonqualified draft benefit programs and prepared comments thereon (2.1). | Krieger, A. | 4.6 |
| 04/26/2001 | Review memo re employee issues. | Raskin, R. | 0.4 |
| 04/26/2001 | Research and draft necessity section for Employee payment reconsideration motion for A. Krieger (4.8). | Taruschio, A. | 4.8 |
| 04/26/2001 | Telephone conference call A. Krieger, A. Keppler, Policano & Manzo Debtor and Debtors' counsel re Employee Benefit Plans (1.0), follow-up meeting with | Wintner, M. | 2.0 |

A. Krieger and A. Keppler (0.4) and revise draft memo to Creditors Committee (0.6).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/27/2001 | Telephone Debtors, MSW and A. Krieger re workers compensation (1); draft memo to committee re motion for reconsideration of certain first day orders and related discussions with A. Krieger, draft motion for reconsideration (8.2). | Keppler, A. | 9.2 |
| 04/27/2001 | Office conferences A. Keppler re comments to the Committee memorandum discussing employee benefit programs (.3); extended conference with Debtors' representatives and counsel and MW, AK re workers' compensation programs and liability and follow-up discussion with MW, AK re same and recommendation to the Committee (1.5); prepare memorandum to the Committee re employee benefit issues and Committee meeting to discuss (.5); office conferences A. Taruschio re case law discussing the necessity doctrine and its application, application of Section 507(a)(3) and (a)(4) (1.2); further office conferences AK re reconsideration motion structure and arguments (1.6). | Krieger, A. | 5.1 |
| 04/27/2001 | Review of memo on benefits order and motion for reconsideration. | Kruger, L. | 0.4 |
| 04/27/2001 | Research brief point on reconsideration of employee motion (6.4); o/c w/A. Krieger re same (1.7) | Taruschio, A. | 8.1 |
| 04/27/2001 | Review memo to Creditors' Committee and draft Motion re Employee Benefit Plans (0.8); telephone conference Arlene Krieger, Abbey Keppler, Debtor and Debtor's counsel re Workers' Compensation policies and arrangements (0.8); office conference A. Krieger and A. Keppler re scope of memo to Committee and draft Motion to Reconsider First Day Wage and Benefits Order (0.4). | Wintner, M. | 2.0 |
| 04/28/2001 | Draft motion for reconsideration of certain nonqualified pension payments. | Keppler, A. | 4.0 |
| 04/28/2001 | Review, revise draft motion for reconsideration. | Krieger, A. | 4.2 |
| 04/28/2001 | research and write brief on necessity doctrine and employee payments (5.7) | Taruschio, A. | 5.7 |
| 04/29/2001 | Draft motion for reconsideration of authorization for certain employee benefit ayments included in First Day orders. | Keppler, A. | 4.0 |
| 04/29/2001 | Further review and revisions to draft reconsideration motion and office conferences A. Keppler re same. | Krieger, A. | 4.4 |

| 04/30/2001 | Review and revise form of reconsideration motion (4.6); telephone call MW re same (.1); extended meeting with A. Taruschio re legal analysis for reconsideration motion (2.1). | Krieger, A. | 6.7 |
| 04/30/2001 | Office conference with AK regarding employee issues. | Kruger, L. | 0.2 |
| 04/30/2001 | Review and revise reconsideration motion for employee benefits w/ A. Krieger (4.8) | Taruschio, A. | 4.8 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Keppler, Abbey | 54.4 | $ 425 | $ 23,120.00 |
| Krieger, Arlene | 43.6 | 425 | 18,530.00 |
| Kruger, Lewis | 1.7 | 650 | 1,105.00 |
| Lavin, Howard | 1.4 | 500 | 700.00 |
| Raskin, Robert | 2.3 | 550 | 1,265.00 |
| Taruschio Anna | 24.9 | 185 | 4,606.50 |
| Wintner, Mark | 18.9 | 525 | 9,922.50 |

Total For Professional Services Rendered    $ 59,249.00

Total for this Matter    $ 59,249.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

# EXHIBIT C

W R GRACE & CO
THROUGH APRIL 30, 2001

| PARTNERS | HOURS | RATE | AMOUNT |
|---|---|---|---|
| KRUGER, L. | 20.2 | $ 650.00 | $ 13,130.00 |
| LAVIN, H. | 1.4 | $ 500.00 | $ 700.00 |
| PASQUALE, K. | 9.8 | $ 475.00 | $ 4,655.00 |
| RASKIN, R. | 32.6 | $ 550.00 | $ 17,930.00 |
| WINTNER, M. | 22.4 | $ 525.00 | $ 11,760.00 |
| | | | |
| ASSOCIATES | | | |
| | | | |
| KEPPLER, A. | 54.4 | $ 425.00 | $ 23,120.00 |
| KRIEGER, A. | 93.1 | $ 425.00 | $ 39,567.50 |
| SASSON, M. | 14.7 | $ 360.00 | $ 5,292.00 |
| TARUSCHIO, A. | 103.6 | $ 185.00 | $ 19,166.00 |
| | | | |
| PARAPROFESSIONALS | | | |
| | | | |
| HOLZBERG, E. | 2.9 | $ 145.00 | $ 420.50 |
| SERRETTE, R. | 24.5 | $ 130.00 | $ 3,185.00 |
| | | | |
| TOTALS: | 379.6 | | $ 138,926.00 |

1115236.01

**EXHIBIT D**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

Disbursement Register

May 25, 2001
Invoice: 233825

RE:    699842  W R Grace & Co
       0002  General

Disbursements incurred for the period through April 30, 2001,
including:

| Date | Description | Amount |
|------|-------------|-------:|
| **Outside Messenger Service** | | |
| 04/25/2001 | Federal Express T#805721372796 R. RASKIN to: J. DICKSON ATLANTA,GA | 19.51 |
| 04/26/2001 | Federal Express T#402249013386 A. KRIEGER to: S. CUNNINGHAM / E. ORDWAY SADDLE B | 13.06 |
| **Outside Messenger Service Total** | | **32.57** |
| **Meals** | | |
| 04/24/2001 | VENDOR: Petty Cash; INVOICE#: 04/20/01; DATE: 4/24/01 04/19/01  NY PETTY CASH  A.TARUSCHIO | 9.13 |
| 04/30/2001 | VENDOR: Petty Cash; INVOICE#: 04/27/01; DATE: 4/30/01 04/25/01  NY PETTY CASH  J.MEDORO | 10.00 |
| **Meals Total** | | **19.13** |
| **Local Transportation** | | |
| 04/27/2001 | VENDOR: Petty Cash; INVOICE#: 04/26/01; DATE: 4/27/01 04/24/01  NY PETTY CASH  E.HOLZBERG | 49.05 |
| 04/30/2001 | VENDOR: Petty Cash; INVOICE#: 04/30/01; DATE: 4/30/01 04/24/01  NY PETTY CASH  L.KRUGER | 18.00 |
| **Local Transportation Total** | | **67.05** |

**Long Distance Telephone**

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/19/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:31, DUR.04:06 | 1.41 |
| 04/19/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:03, DUR.00:12 | 0.28 |
| 04/19/2001 | EXTN.5422, TEL.312-861-2124, S.T.19:05, DUR.00:18 | 0.17 |
| 04/20/2001 | EXTN.5511, TEL.202-393-2000, S.T.13:52, DUR.00:24 | 0.28 |
| 04/20/2001 | EXTN.5002, TEL.312-861-2124, S.T.16:08, DUR.01:18 | 0.64 |
| 04/20/2001 | EXTN.5002, TEL.302-654-1888, S.T.16:40, DUR.01:54 | 0.64 |
| 04/20/2001 | EXTN.5002, TEL.312-861-2129, S.T.09:02, DUR.03:36 | 1.28 |
| 04/23/2001 | EXTN.3430, TEL.302-654-1888, S.T.19:02, DUR.00:12 | 0.17 |
| 04/23/2001 | EXTN.5430, TEL.302-654-1888, S.T.19:04, DUR.01:24 | 0.35 |
| 04/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.10:06, DUR.01:24 | 0.56 |
| 04/23/2001 | EXTN.5544, TEL.973-424-2031, S.T.10:21, DUR.00:30 | 0.28 |
| 04/24/2001 | EXTN.3544, TEL.312-861-2160, S.T.15:47, DUR.00:36 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7700, S.T.10:51, DUR.00:12 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7638, S.T.11:00, DUR.00:36 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:39, DUR.00:42 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.12:17, DUR.01:00 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7638, S.T.12:50, DUR.00:42 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.201-843-4900, S.T.14:32, DUR.00:54 | 0.28 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:32, DUR.02:12 | 0.85 |
| 04/24/2001 | EXTN.5422, TEL.312-876-7638, S.T.16:47, DUR.03:42 | 1.13 |
| 04/24/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:16, DUR.00:06 | 0.28 |
| 04/24/2001 | EXTN.5492, TEL.201-843-4900, S.T.10:19, DUR.00:30 | 0.28 |
| 04/24/2001 | EXTN.5492, TEL.973-424-2000, S.T.11:52, DUR.02:18 | 0.85 |
| 04/24/2001 | EXTN.5492, TEL.973-424-2017, S.T.16:12, DUR.02:00 | 0.56 |
| 04/25/2001 | EXTN.3422, TEL.312-861-2124, S.T.11:40, DUR.01:24 | 0.56 |
| 04/25/2001 | EXTN.3430, TEL.973-242-4536, S.T.13:13, DUR.00:42 | 0.28 |
| 04/25/2001 | EXTN.5422, TEL.312-861-2160, S.T.11:34, DUR.00:54 | 0.28 |
| 04/25/2001 | EXTN.5422, TEL.404-332-5947, S.T.15:47, DUR.00:24 | 0.28 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 04/25/2001 | EXTN.5435, TEL.732-390-9000, S.T.17:06, DUR.00:48 | 0.28 |
| 04/25/2001 | EXTN.5435, TEL.312-876-7638, S.T.17:37, DUR.02:42 | 0.85 |
| 04/25/2001 | EXTN.5485, TEL.856-488-7300, S.T.15:13, DUR.00:24 | 0.28 |
| 04/25/2001 | EXTN.5485, TEL.973-424-2017, S.T.15:14, DUR.01:24 | 0.56 |
| 04/25/2001 | EXTN.5492, TEL.973-424-2000, S.T.14:22, DUR.03:18 | 1.13 |
| 04/25/2001 | EXTN.5544, TEL.312-861-2160, S.T.15:51, DUR.00:24 | 0.28 |
| 04/25/2001 | EXTN.6406, TEL.312-861-2124, S.T.12:54, DUR.02:24 | 0.85 |
| 04/25/2001 | EXTN.6406, TEL.201-843-4900, S.T.12:59, DUR.02:00 | 0.56 |
| 04/25/2001 | EXTN.6406, TEL.201-843-4900, S.T.13:02, DUR.01:42 | 0.56 |
| 04/25/2001 | EXTN.6406, TEL.312-861-2248, S.T.14:31, DUR.35:06 | 10.15 |
| 04/26/2001 | EXTN.3544, TEL.201-556-4040, S.T.09:30, DUR.11:30 | 3.38 |
| 04/26/2001 | EXTN.5492, TEL.201-843-4900, S.T.14:24, DUR.01:00 | 0.28 |
| 04/26/2001 | EXTN.5492, TEL.973-424-2017, S.T.14:58, DUR.05:24 | 1.69 |
| 04/26/2001 | EXTN.5492, TEL.973-424-2017, S.T.16:39, DUR.03:48 | 1.13 |
| 04/26/2001 | EXTN.5544, TEL.201-843-4900, S.T.13:07, DUR.21:30 | 6.20 |
| 04/26/2001 | EXTN.5544, TEL.312-861-2160, S.T.17:46, DUR.01:00 | 0.28 |
| 04/26/2001 | EXTN.5727, TEL.312-861-2160, S.T.10:04, DUR.00:36 | 0.28 |
| 04/26/2001 | EXTN.6015, TEL.973-424-2000, S.T.10:01, DUR.02:12 | 0.85 |
| 04/26/2001 | EXTN.6015, TEL.973-424-2017, S.T.15:20, DUR.01:30 | 0.56 |
| 04/27/2001 | EXTN.3544, TEL.201-556-4040, S.T.15:33, DUR.00:30 | 0.28 |
| 04/27/2001 | EXTN.3544, TEL.201-556-4003, S.T.16:16, DUR.19:06 | 5.64 |
| 04/27/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:05, DUR.00:30 | 0.28 |
| 04/27/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:57, DUR.00:54 | 0.28 |
| 04/27/2001 | EXTN.5544, TEL.201-556-4003, S.T.10:58, DUR.01:00 | 0.28 |
| 04/27/2001 | EXTN.5544, TEL.312-861-2160, S.T.12:23, DUR.01:06 | 0.56 |
| 04/27/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:37, DUR.01:12 | 0.56 |
| 04/30/2001 | EXTN.5492, TEL.302-656-8162, S.T.13:15, DUR.03:18 | 1.13 |
| 04/30/2001 | EXTN.5544, TEL.973-424-2037, S.T.11:40, DUR.03:06 | 1.13 |

| | | |
|---|---|---|
| 04/30/2001 | EXTN.5544, TEL.201-981-1125, S.T.12:49, DUR.00:18 | 0.28 |
| 04/30/2001 | EXTN.6015, TEL.312-861-2000, S.T.10:16, DUR.04:42 | 1.41 |
| | Long Distance Telephone Total | 55.35 |

**Duplicating Costs-in House**

| | |
|---|---|
| 04/20/2001 | 1.54 |
| 04/20/2001 | 0.07 |
| 04/20/2001 | 0.84 |
| 04/23/2001 | 1.12 |
| 04/23/2001 | 28.98 |
| 04/23/2001 | 26.88 |
| 04/23/2001 | 26.11 |
| 04/23/2001 | 2.45 |
| 04/23/2001 | 4.48 |
| 04/23/2001 | 0.42 |
| 04/23/2001 | 3.36 |
| 04/23/2001 | 54.04 |
| 04/24/2001 | 0.07 |
| 04/24/2001 | 1.75 |
| 04/24/2001 | 1.12 |
| 04/24/2001 | 3.08 |
| 04/24/2001 | 2.31 |
| 04/24/2001 | 0.56 |
| 04/24/2001 | 1.61 |
| 04/24/2001 | 0.07 |
| 04/25/2001 | 4.48 |
| 04/25/2001 | 2.03 |
| 04/25/2001 | 0.21 |
| 04/25/2001 | 2.80 |
| 04/25/2001 | 0.77 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | |
|---|---|
| 04/25/2001 | 0.98 |
| 04/25/2001 | 17.85 |
| 04/25/2001 | 0.56 |
| 04/25/2001 | 0.28 |
| 04/26/2001 | 15.75 |
| 04/26/2001 | 3.92 |
| 04/26/2001 | 3.43 |
| 04/26/2001 | 2.80 |
| 04/26/2001 | 14.77 |
| 04/26/2001 | 2.94 |
| 04/26/2001 | 7.00 |
| 04/26/2001 | 11.34 |
| 04/26/2001 | 29.40 |
| 04/27/2001 | 14.35 |
| 04/27/2001 | 1.75 |
| 04/27/2001 | 0.21 |
| 04/27/2001 | 4.55 |
| 04/27/2001 | 2.17 |
| 04/27/2001 | 1.82 |
| 04/27/2001 | 2.94 |
| 04/27/2001 | 7.56 |
| 04/27/2001 | 0.42 |
| 04/27/2001 | 6.58 |
| 04/30/2001 | 12.95 |
| 04/30/2001 | 21.07 |
| 04/30/2001 | 2.45 |
| 04/30/2001 | 1.89 |
| 04/30/2001 | 3.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/30/2001 | | 1.75 |
|---|---|---|
| 04/30/2001 | | 8.96 |
| 04/30/2001 | | 9.80 |

**Duplicating Costs-in House Total**                 **386.89**

**Postage**
| 04/30/2001 | Postage Charged by  on 04/25/2001 | 0.34 |

**Postage Total**                                    **0.34**

**Miscellaneous**
| 04/30/2001 | VENDOR: Petty Cash; INVOICE#: 04/30/01; DATE: 4/30/01 04/28/01 NY PETTY CASH  A.TARUSCHIO -  SENT FAX TO A. KRIEGER | 7.00 |

**Miscellaneous Total**                              **7.00**

**Facsimile Charges**
| 04/20/2001 | FAX # 421-6234 | 12.00 |
|---|---|---|
| 04/20/2001 | FAX # 421-6234 | 17.00 |
| 04/24/2001 | FAX # 421-6234 | 6.00 |
| 04/24/2001 | FAX # 421-6234 | 1.00 |
| 04/25/2001 | FAX # 201-843-8044 | 2.00 |
| 04/25/2001 | FAX # 201-843-8044 | 3.00 |
| 04/25/2001 | FAX # 201-843-8044 | 3.00 |
| 04/25/2001 | FAX # 312-861-2200 | 3.00 |
| 04/25/2001 | FAX # 446-4900 | 3.00 |
| 04/25/2001 | FAX # 302-652-4400 | 3.00 |
| 04/26/2001 | FAX # 201-843-8044 | 55.00 |
| 04/26/2001 | FAX # 201-843-8044 | 29.00 |
| 04/26/2001 | FAX # 201-843-8044 | 55.00 |
| 04/26/2001 | FAX # 201-843-8044 | 50.00 |
| 04/26/2001 | FAX # 312-861-2200 | 5.00 |
| 04/26/2001 | FAX # 302-652-4400 | 5.00 |
| 04/26/2001 | FAX # 305-374-7593 | 5.00 |

| 04/26/2001 | FAX # 644-6755 | 1.00 |
|---|---|---|
| 04/26/2001 | FAX # 302-573-6497 | 5.00 |
| 04/28/2001 | FAX # 570-1803 | 12.00 |
| 04/29/2001 | FAX # 570-1803 | 15.00 |
| 04/29/2001 | FAX # 570-1803 | 1.00 |
| 04/29/2001 | FAX # 570-1803 | 6.00 |
| 04/30/2001 | FAX # 901133388368327 | 25.00 |
| 04/30/2001 | FAX # 202-659-4503 | 8.00 |
| 04/30/2001 | FAX # 815-3466 | 0.00 |
| 04/30/2001 | FAX # 250-6392 | 9.00 |
| 04/30/2001 | FAX # 238-3100 | 9.00 |
| 04/30/2001 | FAX # 622-3783 | 7.00 |
| 04/30/2001 | FAX # 622-3783 | 3.00 |
| | **Facsimile Charges Total** | **358.00** |

**Westlaw**

| 04/23/2001 | Research by Arlene Krieger | 40.00 |
|---|---|---|
| 04/23/2001 | Research by Anna Taruschio | 173.25 |
| 04/24/2001 | Research by Anna Taruschio | 10.00 |
| 04/25/2001 | Research by Anna Taruschio | 27.47 |
| 04/26/2001 | Research by Anna Taruschio | 209.75 |
| 04/27/2001 | Research by Anna Taruschio | 152.75 |
| 04/28/2001 | Research by Anna Taruschio | 5.00 |
| 04/30/2001 | Research by Moshe Sasson | 112.58 |
| | **Westlaw Total** | **730.80** |

**Word Processing – Logit**

| 04/27/2001 | Work requested by Arlene Krieger | 18.00 |
|---|---|---|
| 04/27/2001 | Work requested by Arlene Krieger | 48.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 04/29/2001 | Work requested by Arlene Krieger | 60.00 |
| 04/29/2001 | Work requested by Arlene Krieger | 78.00 |
| 04/29/2001 | Work requested by Arlene Krieger | 48.00 |
| 04/29/2001 | Work requested by Arlene Krieger | 54.00 |
| 04/29/2001 | Work requested by Linda Bedre | 12.00 |
| | **Word Processing - Logit Total** | **318.00** |

### Bill Disbursement Summary

| | |
|---|---|
| Outside Messenger Service | $ 32.57 |
| Meals | 19.13 |
| Local Transportation | 67.05 |
| Long Distance Telephone | 55.35 |
| Duplicating Costs-in House | 386.89 |
| Postage | 0.34 |
| Miscellaneous | 7.00 |
| Facsimile Charges | 358.00 |
| Westlaw | 730.80 |
| Word Processing - Logit | 318.00 |

Total Disbursements/Charges        $ 1,975.13

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

# - EXHIBIT B -

**Exhibit B**
**[May, 2001 Fee Application]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                   Chapter 11

**W.R. Grace & Co., et al.**              Case No. 01-01139(JJF)

       Debtors.              Jointly Administered

**SECOND APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR
COMPENSATION FOR SERVCIES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM MAY 1, 2001 THROUGH MAY 31, 2001**

Name of Applicant                        **Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to:                **Official Committee of Unsecured Creditors**

Date of Retention:                       **April 12, 2001**

Period for which compensation and        **May 1, 2001 – May 31, 2001**
reimbursement is sought

Amount of Compensation sought as         **$139,928.75**
actual, reasonable and necessary:

Amount of Expense Reimbursement sought   **$6,884.73**
as actual reasonable and necessary:

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 35.8 hours and the
corresponding compensation requested is approximately $8,563.50.[1]

This is the second application filed

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 5/30/01 | 4/12-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |

---

[1] This is Stroock's Second Fee Application. Time expended for the preparation of this Fee Application will be
reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment B, pg. 2)**

W R Grace & Co.
May 1 through May 31, 2001
Attachment B

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | | Amount |
|---|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 16.4 | 650.00 | $ | 10,660.00 |
| Pasquale, Kenneth | Partner | 3 | 19.6 | 475.00 | $ | 9,310.00 |
| Raskin, Robert | Partner | 8 | 39.7 | 550.00 | $ | 21,835.00 |
| Wintner, Mark | Partner | 20 | 18.2 | 525.00 | $ | 9,555.00 |
| Keppler, Abbey | Associate | 3 | 17.2 | 425.00 | $ | 7,310.00 |
| Krieger, Arlene | Associate | 8 | 143.1 | 425.00 | $ | 60,817.50 |
| Sasson, Moshe | Associate | 1 | 13.5 | 360.00 | $ | 4,860.00 |
| Taruschio Anna | Associate | 1 | 73.5 | 185.00 | $ | 13,597.50 |
| Defreitas, Vaughn | Paralegal | 9 | 1.8 | 90.00 | $ | 162.00 |
| Holzberg, Ethel | Paralegal | 21 | 3 | 145.00 | $ | 435.00 |
| Kaufman, Eric | Paralegal | 5 | 0.2 | 120.00 | $ | 24.00 |
| Serrette, Rosemarie | Paralegal | 13 | 30.8 | 130.00 | $ | 4,004.00 |
| **Total** | | | 377 | | $ | 142,570.00 |
| Less Travel at 50% discount | | | | | $ | 2,641.25 |
| | | | | | | **$139,928.75** |

Blended Rate   $   378.17

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**SECOND FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP,
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR
REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING
THE PERIOD FROM MAY 1, 2001 THROUGH MAY 31, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtor-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a
Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc.,
W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,  Guanica-
Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a second interim allowance of

compensation for services rendered and for reimbursement of expenses incurred in connection

therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.    By this application, Stroock seeks (i) an interim allowance of compensation for

the professional services rendered by Stroock as counsel for the Committee for the period from

May 1, 2001 through May 31, 2001 (the "Second Monthly Period") in the aggregate amount of

$139,928.75, representing 341.2 hours of professional services and 35.8 hours of

paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by

Stroock during the Second Monthly Period in connection with the rendition of such professional

services and paraprofessional services in the aggregate amount of $6,884.73.

2.    Venue of this proceeding and this application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C.

§§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.    The Debtors operate a world-wide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

     5.     On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

     6.     The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

Committees").  Recently, the United States Trustee appointed a committee to represent the

interests of equity security holders of the Debtors.

     7.     By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

     8.     This is the second application Stroock has filed with the Court for an allowance of

compensation and reimbursement of expenses for services rendered to the Committee.  This

application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and

331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.      Applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases.  There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee.  Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001.  A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the

4

services during the Second Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Second Monthly Period, their normal hourly rates, and the value of their services.

13.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.    The following summary of the services rendered during the Second Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention immediately.

(i)    **Case Administration/General – Category 0002**

16.    During the Second Monthly Period, Stroock attended to the preparation of bylaws to govern the Committee, solicited comments from the Committee regarding these bylaws, and circulated draft modifications to the Committee. These bylaws were adopted by the Committee on May 22, 2001. Stroock also prepared forms of confidentiality agreements for execution by

5

members of the pre-petition revolving credit bank group and by Wells Fargo Bank Minnesota,
N.A., which entity subsequently succeeded The Bank of New York as indenture trusteee for
Grace's 8% Notes due 2004

17. Stroock reviewed each of the motions filed by the Debtors with the Court during
this Second Monthly Period, drafted memoranda to the Committee summarizing the relief
requested by them, analyzed the legal issues, where appropriate, and provided recommendations
on the motions to the Committee. In addition, the Committee had raised issues with certain of
the first day motions filed by the Debtors, which had not been resolved during the First Monthly
Period. With respect to those matters, Stroock continued to negotiate the issues or forms of
proposed orders, as applicable, with the Debtors and other parties on behalf of the Committee, to
resolve those matters consensually, if possible, and thus avert the need and expense of filing
responsive pleadings.

18. During this Second Monthly Period, Stroock coordinated the Committee's
meeting and conference calls, and worked closely with the Committee's financial consultant,
FTI/Policano & Manzo ("FTI P&M") to assist the Committee in evaluating, among other
matters, the Debtors' employee retention programs, executive compensation plans, and key
employee change of control agreements. Stroock has expended 31.7 hours on this category for a
fee of $9,778.50.

(ii) **Fee Application/Monthly Billing Reports -- 0003**

19. During the Second Monthly Period, Stroock prepared its First Fee Application
including a narrative section summarizing the services rendered by Stroock and compiled and
attach expense schedules. Stroock also assisted FTI P&M with the preparation of its first fee
application, and prepared expense forms to be distributed and used by members of the

6

Committee in seeking reimbursement for their expenses. Stroock has expended 41.9 hours on this category for a fee of $9,685.00.

### (iii)    Asbestos Litigation – Category 0005

20.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Second Monthly Period, to thoroughly review the various pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those needing to be reviewed in connection with preparing for the Court hearing on the Debtors' preliminary injunction motion.

21.    In addition, during the Second Monthly Period, Stroock began to review proof of claim, bar date, and notice, forms and procedures approved in other major cases with substantial asbestos or other tort liabilities, in preparation for dealing in the near future with the same issues in these Chapter 11 cases. Stroock also began to analyze and discuss with the Committee its retention of experts to assist the Committee and the Court in evaluating the numerous issues surrounding the validity and quantification of asbestos claims. Stroock has expended 63.0 hours on this category for a fee of $28,721.50.

### (iv)    Retention of Professionals - Category 0006

22.    During the Second Monthly Period, Stroock assisted FTI P&M in the preparation of its own retention application as financial advisors to the Committee, and in connection therewith, engaged in numerous conference calls with representatives of FTI P&M, reviewed the

7

draft application and supporting affidavit, and proposed revisions to such documents.  The

Debtors had filed a number of first day motions seeking the retention of various professionals

including The Blackstone Group, L.P., as their financial advisor.  Stroock continued to discuss

the terms of employment of this professional with the Committee and engaged the Debtors and

representatives of The Blackstone Group in conversations aimed at resolving the objections the

Committee had to the timing, scope and terms of The Blackstone Group's retention.  During the

Second Monthly Period, Stroock, the Debtors and representatives of The Blackstone Group

ultimately reached a consensual resolution of the terms of this professional's retention and

compensation which was reflected in the form of proposed order submitted to the Court.  Stroock

has expended 26.0 hours on this category for a fee of $7,901.00.

(v)    <strong>Creditors Committee Meetings/Conferences - Category 0007</strong>

23.    Stroock held one in-person meeting, which included a presentation from the

Debtors on their operations, and one conference call with the full Committee during the Second

Monthly Period.  Prior to each meeting and conference call with the Committee, Stroock

prepared and circulated an agenda, reviewed each pending matter, and all underlying

documentation in connection therewith.  Thereafter, Stroock discussed each of these matters with

the Committee and assisted the members in formulating a position thereon.  Through these

meetings, telephone conferences and correspondence, Stroock has assisted the Committee in

fulfilling its statutory duties to make informed decisions regarding the various issues which have

already arisen in these cases and to monitor closely the Debtors' management of these

proceedings.  Stroock has expended 53.2 hours on this category for a fee of $25,008.00.

8

(vi)   **Court Hearings - Category 0008**

24.   There was one hearing before the Court during the Second Monthly Period at which the Court heard argument and then approved the Debtors' preliminary injunction motion, held a hearing for final approval of the debtor-in-possession financing facility, and was presented with the parties stipulation resolving issues on the current payment of the Debtors' pre-petition trade payables. Stroock attended and actively participated, as necessary, in the hearings before the Court. In addition, Stroock also informed the Committee of the testimony given during the section 341 meeting of creditors held during the Second Monthly Period. Stroock has expended 14.3 hours on this category for a fee of $5,991.50.

(vii)   **Executory Contracts/License Agreements – Category 0011**

25.   During the Second Monthly Period, the Debtors circulated a draft to the Committee which provided proposed procedures for settlement of certain non-asbestos related claims. These proposed procedures provided for settlement of claims according to a two-tiered system of claims classification, with different kinds of notice provided to third parties, including the Committee, according to the classification of the claims. In connection with this proposed procedure, Stroock thoroughly reviewed the settlement procedures and discussed these with the Committee as well as with counsel for the Debtors. Stroock also made recommendations to the Committee as to modifications believed necessary to the proposed procedures, especially with regard to the amount and sufficiency of notice of settlements given to third parties under the proposed procedures. Ultimately, the Committee's issues were consensually resolved.

26.   Similarly, Stroock reviewed and reported to the Committee on the notices received from the Debtors stating their intention to reject certain executory contracts and un-expired leases. Stroock has expended 3.1 hours on this category for a fee of $1,317.50.

9

### (viii)    Lift Stay Litigation - Category 0016

27.        During the prior period, a motion to lift the stay was filed by Paul Price on behalf of himself and as the aproposed representative of a class of plaintiffs involved in multi-district litigation currently pending against the Debtors in federal court.  The multi-district litigation asserts asbestos-related property damage claims against the Debtors' estates.  On April 25, 2001, this class of plaintiffs filed a motion for relief from the automatic stay which would enable the action to proceed against the Debtors.  In addition, at the very beginning of the Second Monthly Period, a motion was filed by Home Saving Termite Control and W. F. Morris to lift the stay so that movants could assert cross-claims for indemnity against Grace and pursue discovery against Grace in a pending pesticide exposure case.  Stroock, on behalf of the Committee, reviewed the lift stay motions and Debtors' positions thereon.  Stroock has expended 4.0 hours on this category for a fee of $1,497.50.

### (ix)    Erisa Issues – Category 0020

28.        Stroock continued to expend a substantial amount of time during the Second Monthly Period addressing various employment-related matters.  These matters included: (a) the relief sought in the extensive first day motion (the "Benefits Motion") and obtained from the Court in a first day order (the "Benefits Order") authorizing the Debtors to continue to pay their current, as well as former employees, independent contractors and directors, pre-petition (i) compensation, (ii) employee benefits, (iii) severance pay, (iv) workers' compensation benefits, and (v) retiree health and life insurance; (b) approval for certain key employee retention programs, including change of control programs for the Debtors' senior executives, interim approval for which had already been granted by the Court; and (c) the Debtors' request for authorization to assume employment agreements with eight of their senior executives.

10

29.     As reported in the First Fee Application, pursuant to Local Bankruptcy Rule 9013-2(e), Stroock prepared an extensive motion (the "Reconsideration Motion") requesting that the Court reconsider the Benefits Order to the extent it authorized the Debtors to pay Nonqualified Benefits to Former Employees and to fund the Rabbi Trusts. During the first days of the Second Monthly Period, Stroock finalized the Reconsideration Motion and prepared a proposed form of Order vacating the Benefits Order to the extent applicable.

30.     After filing of the Reconsideration Motion, Stroock and the Debtors continued to engage in discussions regarding the employment-related matters which were the subject of the Reconsideration Motion, and Stroock ultimately received a response from the Debtors to the Reconsideration Motion. Stroock prepared a memorandum to the Committee describing the Debtors' proposal, and thereafter discussed the proposal with the Committee.

31.     Also during the Second Monthly Period, Stroock expended substantial time thoroughly evaluating, with the assistance of FTI P&M, the Debtors' key employee retention programs and the terms of Grace's senior executives' employment contracts. In connection therewith, Stroock reviewed the retention programs documentation and the executives' employment agreements, worked closely with FTI P&M in its preparation of an extensive analysis of the Debtors' various retention programs and senior executive compensation packages, performed legal research and analysis on the Bankruptcy Code's treatment of severance claims and retirement benefits, and assisted the Committee in reaching a position on these matters. In addition, Stroock, on behalf of the Committee, negotiated and then reached an agreement with the Debtors to amend the change of control provisions present in the executives severance agreements. Stroock has expended 109.9 hours on this category for a fee of $42,108.00.

11

(x)   <u>Travel – Category 0025</u>

32.    During the Second Monthly Period, attorneys from Stroock traveled to and from Delaware in order to attend the Court's hearing held on May 2, 2001 and the Debtors' section 341 meeting.

IV.   **FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES**

33.    The factors to be considered in awarding attorneys fees have been enumerated in <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291, 1298-99 (5th Cir. 1977), <u>reh'g denied</u>, 547 F.2d 573, <u>cert. denied</u>, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(A)   <u>The Time and Labor Required</u>. The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

(B)   <u>The Novelty and Difficulty of Questions</u>. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered. In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

12

(C)    The Skill Requisite to Perform the Legal Services Properly. Stroock

believes that its recognized expertise in the area of corporate reorganization, its

ability to draw from highly experienced professionals in other areas of Stroock's

practice, and its creative approach to the resolution of issues, are and will

continue to contribute to the maximization of the distributions to the Debtors'

unsecured creditors.

(D)    The Preclusion of Other Employment by Applicant Due to Acceptance of

the Case. Due to the size of Stroock's insolvency department, Stroock's

representation of the Committee has not precluded its acceptance of new clients.

However, the volume of the matters needing attention on a continuing basis has

required several of the attorneys to commit significant portions of their time to

these cases.

(E)    The Customary Fee. The fee sought herein is based upon Stroock's

normal hourly rates for services of this kind. Stroock respectfully submits that the

fee sought herein is not unusual given the magnitude and complexity of these

cases and the time expended in attending to the representation of the Committee,

and is commensurate with fees Stroock has been awarded in other cases, as well

as with fees charged by other attorneys of comparable experience.

(F)    Whether the Fee is Fixed or Contingent. Pursuant to §§ 330 and 331 of

the Bankruptcy Code, all fees sought by professionals employed under § 1103 of

the Code are contingent pending final approval by this Court, and are subject to

adjustment dependent upon the services rendered and the results obtained.

13

(G)    Time Limitations Imposed by Client or Other Circumstances.  As already

indicated, Stroock has been required to attend to the various issues arising in these

cases.  Occasionally, Stroock has had to perform those services under significant

time constraints requiring attorneys assigned to these cases to work evenings and

on weekends.

(H)    The Amount Involved and Results Obtained.  Through the efforts of

Stroock, the Committee has been an active participant in these Chapter 11 cases

from the very first days of its formation, and its assistance, as well as constructive

criticism, has greatly contributed to the efficient administration of these cases.

(I)    The Experience, Reputation and Ability of the Attorneys.  Stroock has one

of the largest and most sophisticated insolvency practices in the nation and has

played a major role in numerous cases of national import including:  Acme

Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf

States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel

Corporation, Allis-Chalmers Corporation, The Charter Company, Federated

Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor

Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc.,

Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas

System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass

Container Corporation.  Stroock's experience enables it to perform the services

described herein competently and expeditiously.  In addition to its expertise in the

area of corporate reorganization, Stroock has already frequently called upon the

14

expertise of its partners and associates in the litigation and ERISA areas to

perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case. These cases are not undesirable, but as

already indicated, have required a significant commitment of time from several of

the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship. As described above,

Stroock has been actively rendering services on behalf of the Committee as

necessary and appropriate from April 12, 2001 through to the present.

## V.     ALLOWANCE OF COMPENSATION

34.     The professional services rendered by Stroock required a high degree of

professional competence and expertise so that the numerous issues requiring evaluation and

determination by the Committee could be addressed with skill and dispatch and have, therefore,

required the expenditure of substantial time and effort. It is respectfully submitted that the

services rendered to the Committee were performed efficiently, effectively and economically,

and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole

and the Debtors' estates.

35.     With respect to the level of compensation, § 330 of the Bankruptcy Code

provides, in pertinent part, that the Court may award to a professional person (including

attorneys for a creditors' committee): "Reasonable compensation for actual necessary services

rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the

court should take into consideration, inter alia, the nature, extent, and value of services

performed, as well as the cost of comparable services other than in a case under this title. Id.

The clear Congressional intent and policy expressed in this statute is to provide for adequate

15

compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

36.    The total time spent by Stroock attorneys and paraprofessionals during the Second Monthly Period was 373.70 hours. Such services have a fair market value of $142,570.00[3]. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

37.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Second Monthly Period, their normal hourly rates, and the value of their services.

38.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $6,884.73 for which Stroock respectfully requests reimbursement in full.

39.    The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

40.    Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services

---

[3]    Pursuant to Delaware Local Rules 2016, Stroock has reduced its total compensation amount by $2,641.25, representing 50% of the total amount of Travel time billed at its normal hourly rate.

16

actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

41.    Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

42.    No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

43.    Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

44.    No prior application has been made in this or in any other Court for the relief requested herein for the Second Monthly Period.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)    the allowance of compensation for professional services rendered to the Committee during the period from May 1, 2001 through and including May 31, 2001 in the amount of $139,928.75;

(b)    the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from May 1, 2001 through and including May 31, 2001 in the amount of $9,884.73; and

(c)    authorizing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the expenses incurred

17

by Stroock during the period from May 1, 2001 through and including May 31, 2001, subject to final payment of the full amount; and

(d)     granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        June 29, 2001

                                    STROOCK & STROOCK & LAVAN LLP

                                    _Lewis Kruger_
                                    Lewis Kruger
                                    180 Maiden Lane
                                    New York, New York 10038-4982
                                    (212) 806-5400


                                    Co-Counsel for the Official Committee of
                                    Unsecured Creditors of W. R. Grace & Co.

18

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK    )
                      ) ss:
COUNTY OF NEW YORK  )


LEWIS KRUGER, being duly sworn, deposes and says:

1.        I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York

10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of

the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and

sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession

before this Court.

2.        This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of

Stroock's second monthly application for an interim allowance of compensation and for the

reimbursement of expenses for services rendered during the period from May 1, 2001 through

and including May 31, 2001 in the aggregate amount of $146,813.48.

SSL-DOCS1 1121762v2

3.        All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from May 1, 2001 through and including May 31, 2001 and not on behalf of any other person.

4.        In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.        In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
LEWIS KRUGER


Sworn to before me this
29 day of June, 2001

_____
Notary Public

ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

SSL-DOCS1 1121762v2

# EXHIBIT B

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

June 29, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through May 31, 2001 in
connection with the following matters:

|      |                                              | Hours  | Fees         |
|------|----------------------------------------------|--------|--------------|
| 0002 | General Case Administration                  | 31.70  | 9,778.50     |
| 0003 | Fee Application/Monthly Billing Reports      | 41.90  | 9,685.00     |
| 0004 | Review of Other Professionals Fee Application| 2.20   | 299.50       |
| 0005 | Asbestos Litigations                         | 63.00  | 28,721.50    |
| 0006 | Retention of Professionals                   | 26.00  | 7,901.00     |
| 0007 | Creditors Committee Meetings/Conferences     | 53.20  | 25,008.00    |
| 0008 | Court Hearings                               | 14.30  | 5,991.50     |
| 0010 | Post Petition Financing                      | 0.70   | 385.00       |
| 0011 | Executory Contracts/License Agreements       | 3.10   | 1,317.50     |
| 0012 | Claims Analysis/Claims Objection Process     | 1.00   | 425.00       |
| 0013 | Analysis of Pre-Petition Transactions        | 11.80  | 4,169.50     |
| 0016 | Lift Stay Litigation                         | 4.00   | 1,497.50     |
| 0020 | Erisa Issues                                 | 109.90 | 42,108.00    |
| 0025 | Travel                                       | 10.90  | 5,282.50     |
|      | Total                                        | 373.70 | $ 142,570.00 |
|      | Less Travel at 50% discount                  |        | $ 2,641.25   |
|      | **TOTAL**                                    |        | **$139,928.75** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

June 29, 2001
Invoice: 236533

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through May 31, 2001, including:

RE:    **General Case Administration**
       **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/17/2001 | Review & maintained case files. | Defreitas, V. | 1.8 |
| 05/02/2001 | Preparation of correspondence to the U.S. Trustee re Committee's position on appointment of equity committee and office conference LK re same (1.5). | Krieger, A. | 1.5 |
| 05/02/2001 | T/c Kapp re stip and hearing (.1); t/c to Pachulski Stang re erros in Certification of no objection (.2). | Raskin, R. | 0.3 |
| 05/02/2001 | Prepare for and filing of motion to reconsider and retention of Stroock (2.7); conferences with A. Krieger re same (.4). | Serrette, R. | 3.1 |
| 05/02/2001 | Review and organize pending pleadings (.9). | Taruschio, A. | 0.9 |
| 05/04/2001 | E-mail to T. Meyers re Court hearing approving the DIP, service of documents, other (.1); review Debtors' base case financial projections (.2). | Krieger, A. | 0.3 |
| 05/04/2001 | O/c A. Krieger re misc. issues (.2); t/c L. Kruger re settlement issues (.3). | Raskin, R. | 0.5 |
| 05/04/2001 | Reviewed pleadings and docket (.2); update same (.1). | Serrette, R. | 0.3 |
| 05/08/2001 | Update Critical Date Calendar including review of pleadings (1.7); update contact list with retained professionals for the Asbestos Committee (.3). | Serrette, R. | 2.0 |
| 05/09/2001 | Telephone call with T. Maher regarding same (.3 hrs). | Kruger, L. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/09/2001 | Research and oc w/ A. Krieger re 502(b)(7) issue | Taruschio, A. | 4.7 |
| 05/11/2001 | Office conference RAR re entry of Blackstone retention order (.1); telephone call D. Carickhoff (Palchulski) re motion to vacate and need to contact court (.1); forward correspondence to D. Carickhoff (.1); memos from and to RAR re revised Committee By-Laws (.1); review Debtors' draft motion extending time to assume, assume and assign or reject unexpired leases, memo to RAR re same and then e-mail to R. Higgins notice of motion to non-debtor parties to leases (.5). | Krieger, A. | 0.9 |
| 05/11/2001 | Review letter from U.S. Trustee regarding request for equity committee. | Kruger, L. | 0.3 |
| 05/14/2001 | T/c J. Kapp re confidentiality agreement and email to Maher re same (.2), t/c Policano & Manzo re Kerp presentation (.2), Follow-up t/cs re status of Kerp) (.3). | Raskin, R. | 0.7 |
| 05/15/2001 | Office conferences EH re supplemental conflicts check (including critical trade vendors, asbestos committee members to the extent not already done) (.3). | Krieger, A. | 0.3 |
| 05/15/2001 | T/c A. Krieger re Policano retention, by-laws and employee issues (.2), review memo to committee re proposed settlement of dip issues (.2). | Raskin, R. | 0.4 |
| 05/16/2001 | Worked on conflicts check. | Holzberg, E. | 1.9 |
| 05/16/2001 | Office conference with AK and RR and T. Maher) regarding retention program (.4 hrs); telephone call with I. Siegel of the Bank of New York regarding substitution of Wells Fargo and attendance at upcoming Creditors' meeting of Wells Fargo (. 2 hrs); telephone call with T. Maher regarding same (.2 hrs). | Kruger, L. | 0.4 |
| 05/16/2001 | Office conference with AK and RR and T. Maher) regarding retention program (.4 hrs); telephone call with I. Siegel of the Bank of New York regarding substitution of Wells Fargo and attendance at upcoming Creditors' meeting of Wells Fargo (. 2 hrs); telephone call with T. Maher regarding same (.2 hrs). | Kruger, L. | 0.4 |
| 05/16/2001 | Follow-up with A. Krieger re agenda, etc. (.3), review Katchen affidavit (.2), t/c W. Katchen re same (.1), t/c Katchen and Sikes re retention (.2). | Raskin, R. | 0.8 |
| 05/17/2001 | Review of debtor's proposal for Omnibus settlement procedure (.4 hrs). | Kruger, L. | 0.4 |
| 05/18/2001 | Discussion with F. Monaco re Zhagrus settlement of | Krieger, A. | 0.5 |

claim with Debtors (.5).

| | | | |
|---|---|---|---|
| 05/18/2001 | Conf. call Wintner and P&M re follow-up (.3), t/c to counsel to retirees re extension of time regarding motion to reconsider (.2). | Raskin, R. | 0.5 |
| 05/20/2001 | Review Zhagrus settlement stipulation (.4). | Krieger, A. | 0.4 |
| 05/21/2001 | t/c J. Kapp re Blackstone retention (.2); t/c L. Kruger re same (.1), review confidentiality agreements (.2). | Raskin, R. | 0.5 |
| 05/22/2001 | Attended to files (1.3); review pre-petition revolving credit agreement (.7); correspondence to L. Miller re confidentiality agreement (.1). | Krieger, A. | 2.1 |
| 05/23/2001 | Continue preparation of *Committee Expense* Report (1.1); review administrative order outline same (.5). | Serrette, R. | 1.6 |
| 05/23/2001 | Tc with M. Sasson regarding pleadings (.2 ); draft section  regarding lift stay litigation (.8). | Taruschio, A. | 1.0 |
| 05/24/2001 | T/c L. Kruger re t/c from Sprayregen and t/c to T. Maher re same (.3), t/c J. Kapp re same and settlement issues (.2), review proposed language re change of control (.3), t/c A. Krieger re same (.2). | Raskin, R. | 1.0 |
| 05/24/2001 | Reviewed documents and pleadings. | Taruschio, A. | 0.6 |
| 05/25/2001 | Review documents and pleadings (1.1 hrs); assist in filing fee applications (.3 hrs). | Taruschio, A. | 1.4 |
| 05/31/2001 | Telephone call with J. Bear of Kirkland & Ellis regarding further injunctive relief. | Kruger, L. | 0.2 |
| 05/31/2001 | Follow-up re Stroock retention, blackstone and employee issues with A. Krieger (.3), t/c J. Kapp re same (.2). | Raskin, R. | 0.5 |
| 05/31/2001 | Update Calendar (.8); review docket (.2). | Serrette, R. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 1.8 | $ 90 | $ 162.00 |
| Holzberg, Ethel | 1.9 | 145 | 275.50 |
| Krieger, Arlene | 6.0 | 425 | 2,550.00 |
| Kruger, Lewis | 2.0 | 650 | 1,300.00 |
| Raskin, Robert | 5.2 | 550 | 2,860.00 |
| Serrette, Rosemarie | 8.0 | 130 | 1,040.00 |
| Taruschio Anna | 8.6 | 185 | 1,591.00 |

Total For Professional Services Rendered        $ 9,778.50

Total for this Matter        $ 9,778.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHO\
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Fee Application/Monthly Billing Reports**
        699842. 0003

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 05/07/2001 | Review April review in preparation for fee application. | Serrette, R. | 1.1 |
| 05/17/2001 | Further review and edits to fee summaries and disbursement schedule in preparation for fee application. | Serrette, R. | 2.0 |
| 05/18/2001 | Edits to fee and expense schedules; prepare Fee Application cover sheet; conference with A. Taruschio re services and edits to Fee Application. | Serrette, R. | 2.6 |
| 05/18/2001 | Prepare fee application: review past fee apps, local rules, federal bankruptcy rules, oc w/ R. Serrette re same. | Taruschio, A. | 1.5 |
| 05/20/2001 | Prepare fee application (1.2) | Taruschio, A. | 1.2 |
| 05/21/2001 | Draft fee application: review time records, prepare descriptions of individual matter numbers, oc w/ R. Serrette re same | Taruschio, A. | 5.4 |
| 05/22/2001 | Review and update schedules to fee application edit to fee application narrative and include amounts. | Serrette, R. | 3.0 |
| 05/22/2001 | Review pleadings (.9); prepare fee application (4.3); oc w/ R. Serrette re same (.5). | Taruschio, A. | 5.7 |
| 05/23/2001 | Review time records for preparation of revised form of fee application (2.6); t/c C. MacCullum re: preparation of Polcano & Manzo fee application (.4). | Krieger, A. | 3.0 |
| 05/23/2001 | Review local rules (.4 ); input changes (.2 ); office conference with AK regarding same (.3 ); forward documentation regarding fee application to AK (.3 ). | Taruschio, A. | 1.2 |
| 05/24/2001 | Prepare revised fee application (3.4); telephone calls C. MacCallum and Ed Ordway re preparation of Policano & Manzo's fee application(.4); office conference (.4); office conference A. Taruschio re preparation of supplemental affidavit (.1). | Krieger, A. | 4.3 |
| 05/24/2001 | Review fee application. | Raskin, R. | 0.4 |
| 05/25/2001 | Preparation of final form of fee application and office conferences RS re same (1.6). | Krieger, A. | 1.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 05/25/2001 | Preparation of the Application for filing and service (1.7); prepare Committee expense forms to be distributed to Committee members for submission for reimbursement (1.3). | Serrette, R. | 3.0 |
| 05/29/2001 | Office conferences RS re finalize form of fee application. | Krieger, A. | 0.8 |
| 05/29/2001 | Further edits to fee application and exhibits to same: conference with A. Krieger re filing procedures and impending retention order (.2). | Serrette, R. | 1.2 |
| 05/30/2001 | Review administrative fee order (.1); memos to M. Lastowski, RAR, RS re filing and submission of SSL fee application (.2); office conference RS re service of fee application (.1); telephone call John Weiss re filing of fee application and service of same (.3). | Krieger, A. | 0.7 |
| 05/30/2001 | Service of Stroock fee application. | Serrette, R. | 1.3 |
| 05/30/2001 | Review docket for entry of order retaining Stroock (.2); prepare service list for fee application (.4); conferencess with R. Raskin and A. Krieger re same (.2). | Serrette, R. | 0.8 |
| 05/31/2001 | Review administration fee orders and Grace notice forwarded by John Weiss (Duane Morris) (.2); office conferences RS and discussion with John Weiss regarding same (.3); telephone call M. Lastowski re notice of application (.1). | Krieger, A. | 0.6 |
| 05/31/2001 | Review and conference with A. Krieger re form of notice of fee application (.3.) conference with Local Counsel re same (.2). | Serrette, R. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 11.0 | $ 425 | $ 4,675.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Serrette, Rosemarie | 15.5 | 130 | 2,015.00 |
| Taruschio Anna | 15.0 | 185 | 2,775.00 |
| Total For Professional Services Rendered | | | $ 9,685.00 |
| Total for this Matter | | | $ 9,685.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     Review of Other Professionals Fee Application
        699842. 0004

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/24/2001 | Telephone conferences re: Filing Fee Applications; discussion with AGK and L.I.; telephone conference Polecano and Manzo. | Holzberg, E. | 0.9 |
| 05/25/2001 | Review of draft of Policano and Manzo's fee application (.6); telephone conference with C. MacCallum re same (.2). | Serrette, R. | 0.8 |
| 05/29/2001 | Follow up conference with C. MacCallum re draft fee application. | Serrette, R. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Holzberg, Ethel | 0.9 | $ 145 | $ 130.50 |
| Serrette, Rosemarie | 1.3 | 130 | 169.00 |

Total For Professional Services Rendered     $ 299.50

**Total for this Matter**     $ 299.50

RE:    Asbestos Litigations
       699842. 0005

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/24/2001 | Review letter, motion papers; local rules; t/c R. Raskin re: conference call, first day orders; t/c A. Krieger, K. Pasquale re: same debtors; PI/TRO motions; t/c K. Pasquale re: same. | Sasson, M. | 1.5 |
| 05/01/2001 | Telephone call with P. Lockwood of Caplin & Drysdale regarding asbestos litigants view on extension of preliminary injunction for short time to evaluate fraudulent transfer issues. | Kruger, L. | 0.3 |
| 05/01/2001 | T/c L. Kruger re conversation with asbestos committee (.2). | Raskin, R. | 0.2 |
| 05/02/2001 | Telephone call with D. Rosenbloom regarding court hearing on preliminary injunction (.2 hrs). | Kruger, L. | 0.2 |
| 05/02/2001 | Review various pleadings related to preliminary injunction and t/c counsel to defendant re debtors proposed order (.2), review debtors proposed order and supplemental memo (.3), o/c M. Sasson re hearing (.3). | Raskin, R. | 0.8 |
| 05/02/2001 | Review debtors reply papers (.4); o/c R. Raskin re: same (.3). | Sasson, M. | 0.7 |
| 05/03/2001 | Office conference M. Sasson re Court's issue of preliminary injunction and discussion regarding prosecution of fraudulent conveyance litigation (.1); review asbestos litigation related documentation, pleadings (2.4). | Krieger, A. | 2.5 |
| 05/04/2001 | Office R. Raskin re review of asbestos litigation documentation and class action issues (.1); office conference RS re Babcock & Wilcox, Dow Corning docket (.1); review debtors' information brief and internet for information on comparable asbestos driven chapter 11 filing (3.4). | Krieger, A. | 3.6 |
| 05/04/2001 | Office conference with RR regarding discussion of asbestos issues. | Kruger, L. | 0.4 |
| 05/04/2001 | T/c L. Kruger re misc. issues, review information of brief and background asbestos issues. | Raskin, R. | 1.5 |
| 05/06/2001 | Review Dow Corning, Babcock Wilcox and other case law and Rules 2001 re Class proofs of Claim, | Krieger, A. | 3.6 |

application of Fed Rule 23 and other related provisions (3.6).

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/07/2001 | Reviewed fraudulent transfer complaint, Abner plaintiffs pleadings and other related proceedings (2.8); reviewed Babcock & Wilcox docket re asbestos claim procedures, other asbestos cases procedures (2.6). | Krieger, A. | 5.4 |
| 05/07/2001 | Attention to additional pleadings re debtor's injunction motion (1.0) | Pasquale, K. | 1.0 |
| 05/08/2001 | Meeting with RAR, K. Pasquale, MS re fraudulent transfer, asbestos claims issues, procedures (1.0). | Krieger, A. | 1.0 |
| 05/08/2001 | Office conference with RR, K. Pasquale and AK regarding asbestos issues (.2 hrs). | Kruger, L. | 0.2 |
| 05/08/2001 | Meeting re asbestos issues (1.5) | Pasquale, K. | 1.5 |
| 05/08/2001 | Review background material and meeting interoffice re asbestos issues. | Raskin, R. | 2.5 |
| 05/08/2001 | REsearch class-action contingency fees in bankruptcy cases; (.5); o/c K. Pasquale, L. Kruger, A. Krieger, R. Raskin re: various outstanding issues (2.0); o/c K. Pasquale re: research issues (.3). | Sasson, M. | 2.8 |
| 05/09/2001 | Office conference RS re identification of asbestos-litigation related documentation, and other comparable recent cases (.5); case law review of bar date, estimation and other precedents regarding asbestos cases (3.8); review Debtors' 10K and other SEC filings re asbestos claims discussion insurance company settlement, related information (1.0). | Krieger, A. | 5.3 |
| 05/10/2001 | Dow Corning documentation re claims estimation, proof of claim and other motions (.8). | Krieger, A. | 0.8 |
| 05/10/2001 | Attention to potential asbestos expert issues (.6) | Pasquale, K. | 0.6 |
| 05/11/2001 | R/c R. Raskin re: research (.2); research GAF, RICO litigation (1.0); o/c G. Malpeli re: expert witness files (.3). | Sasson, M. | 1.5 |
| 05/14/2001 | Attention to issues re personal injury committee consultants (.6) | Pasquale, K. | 0.6 |
| 05/14/2001 | Review various filings, pleadings in case. | Sasson, M. | 0.7 |
| 05/15/2001 | Review documentation from Babcock & Wilcox re asbestos claim related procedures (5.2); correspondence from Kirkland& Ellis re modifications | Krieger, A. | 5.3 |

to the preliminary injunction issued by the Court (.1).

| 05/16/2001 | M. Sasson - Obtain NYLJ article from 1/01: Asbestos & Civil Rico | Kaufman, E. | 0.2 |
| --- | --- | --- | --- |
| 05/16/2001 | Review asbestos claim related documentation (2.6). | Krieger, A. | 2.6 |
| 05/16/2001 | Review memo re: motion for consideration; library re: GAF litigation; (.8); t/c A. Krieger re: pleadings in other mass tort bankruptcy case (.2). | Sasson, M. | 1.0 |
| 05/17/2001 | Attention to potential experts (epidimiologists) (.4); attention to asbestos personal injury bar date and proof of claim issues (.3) | Pasquale, K. | 0.7 |
| 05/21/2001 | Continue to review proof of claim forms procedures (2.1); office conference K. Pasquale re employment of epidemiologist, actuaries, other experts in connection with asbestos claim litigation (.5). | Krieger, A. | 2.6 |
| 05/21/2001 | Attention to potential expert witnesses and review of materials (deposition transcripts, articles) on epidemiologists and asbestos estimation consultants (3.0) | Pasquale, K. | 3.0 |
| 05/21/2001 | Review court filings, GI holdings lawsuit/docket sheet, expert witness files (1.5); t/c K. Pasquale re: same (.3). | Sasson, M. | 1.8 |
| 05/29/2001 | Office conference K. Pasquale re 5/29/01 meeting with the Company to discuss asbestos-related procedures (.1); telephone call R. Higgins re NY meeting among professionals and then office conference K. Pasquale re same (.1) | Krieger, A. | 0.2 |
| 05/29/2001 | Conference at Kirkland & Ellis with K. Pasquale, J. Sprayregan and D. Bernick regarding asbestos issues, etc. | Kruger, L. | 2.3 |
| 05/29/2001 | Prepration for and meeting with debtors' counsel re litigation plan and issues (4.0); attention to possible experts and consultants to committee on asbestos litigation issues (1.2) | Pasquale, K. | 5.2 |
| 05/30/2001 | Office conference K. Pasquale re 5/20/01 meeting with the Debtors regarding asbestos litigation (.1); telephone call J. Kapp re asbestos litigation (.1). | Krieger, A. | 0.2 |
| 05/31/2001 | Office conference K. Pasquale re asbestos litigation and Debtors motion to modify preliminary injunction (.2). | Krieger, A. | 0.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHO'
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Kaufman, Eric | 0.2 | $ 120 | $ 24.00 |
| Krieger, Arlene | 33.3 | 425 | 14,152.50 |
| Kruger, Lewis | 3.4 | 650 | 2,210.00 |
| Pasquale, Kenneth | 12.6 | 475 | 5,985.00 |
| Raskin, Robert | 5.0 | 550 | 2,750.00 |
| Sasson, Moshe | 10.0 | 360 | 3,600.00 |

Total For Professional Services Rendered   $ 28,721.50

Total for this Matter   $ 28,721.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    Retention of Professionals
       699842. 0006

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Review final conflict check info; o/c w/ J. Tanenbaum re same; review final retention papers (1.9). | Taruschio, A. | 1.9 |
| 05/02/2001 | Office conference RS re service and filing of retention application and M. Lastowski re same (.1). | Krieger, A. | 0.1 |
| 05/02/2001 | O/cs A. Taruschio and numerous t/c re errors related to Blackstone retention (.3). | Raskin, R. | 0.3 |
| 05/07/2001 | Review Debtors motion to retain Pitney Hardin firm as special counsel. | Krieger, A. | 0.5 |
| 05/08/2001 | T/cs with J. Kapp re conversation re Blackstone retention, t/c L. Kruger re committee meeting and schedule. | Raskin, R. | 0.3 |
| 05/09/2001 | Office conference RS re memo to the Committee regarding request for expenses (.1); review draft retention pleadings for P&M and office conference RAR re same (.9). | Krieger, A. | 1.0 |
| 05/09/2001 | Office conference with RR; telephone call with J. Kapp and P. Zilly regarding issue of Blackstone retention under 328 and fee structuring (.6 hrs). | Kruger, L. | 0.6 |
| 05/09/2001 | Review P & M retention papers (.4), conf. call Kruger, Zilly and Kapp re Blackstone retention (.7), follow-up t/c T. Maher re same (.2); t/c J. Kapp re follow-up (.2). | Raskin, R. | 1.5 |
| 05/10/2001 | Telephone call S. Cunningham re revisions to P&M retention application (.2); telephone call C. MacCallum re same (.1). | Krieger, A. | 0.3 |
| 05/11/2001 | Review revised P&M retention pleadings, prepared order and telephone calls C. MacCallum re same (.8); office conference A. Taruschio re finalize P&M retention pleadings on 5/14/01 (.3); office conference A.Taruschio re preparation of ordinary course professionals schedule (.1).. | Krieger, A. | 1.2 |
| 05/11/2001 | Review of Policano & Manzo's retention pleading. | Kruger, L. | 0.3 |
| 05/11/2001 | Review by-laws and respond to A. Krieger (.3), t/c D. Carickhoff re Blackstone order (.2), t/c M. Zalinski re Blackstone retention (.2). | Raskin, R. | 0.7 |

| | | | |
|---|---|---|---|
| 05/14/2001 | O/c w/ A. Kriege, retention papers for committee financial advisors. | Taruschio, A. | 2.1 |
| 05/15/2001 | Review of Policano & Manzo retention application. | Kruger, L. | 0.2 |
| 05/15/2001 | Preparation of P&M retention papers (1.6). | Taruschio, A. | 1.6 |
| 05/16/2001 | Review Katchen affidavit and conference with RAR, W. Katchen re same (.3); review of revised affidavit and telephone calls with Katchen re same (.5); office conference A.T and RS submission of P&M application to the Court (.2). | Krieger, A. | 1.0 |
| 05/16/2001 | Prepare for filing and service of Policano & Manzo retention documents; conference with Duane Morris re same; prepare certificate of good standing for Pro Hac vice motions. | Serrette, R. | 1.7 |
| 05/17/2001 | Review proposed application of Committee to retain Duane Morris, revised affidavit and proposed form of order re same (.6); telephone calls M. Melvin re comments to the pleadings and proposed form of order (.5); memos to and from RAR re retention pleadings (.1). | Krieger, A. | 1.2 |
| 05/18/2001 | prepare summary of special counsel retention motion for committee | Taruschio, A. | 1.9 |
| 05/21/2001 | Office conferences RAR re Blackstone retention and proposed form of order (.1); review proposed form of order, administrative compensation order (.2). | Krieger, A. | 0.3 |
| 05/22/2001 | Telephone call M. Melvin re preparation of certificate of no objection on SSL retention application (.1). | Krieger, A. | 0.1 |
| 05/23/2001 | T/c J. Kapp re Blackstone retention and proposed settlement of wage issues (.4), follow-up t/c Kapp re same (.2). | Raskin, R. | 0.6 |
| 05/23/2001 | Office conference with EH regarding supplemental conflicts affidavit (.4 hrs); review of supplemental affidavit forms (.3 hrs); telephone call with Stroock attorneys regarding conflict check (.4 hrs); preparation of supplemental affidavit (.3 hrs). | Taruschio, A. | 1.4 |
| 05/24/2001 | Draft supplemental affidavit for Lewis Kruger. | Taruschio, A. | 2.5 |
| 05/24/2001 | Reviewed changes to First Fee Application (.3 hrs); prepared supplemental Kruger disclosure affidavit (1.9 hrs). | Taruschio, A. | 2.2 |
| 05/25/2001 | Discussion with A. Taruschio re: Supplemental | Holzberg, E. | 0.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Creditors Committee Meetings/Conferences**
        699842. 0007

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 05/01/2001 | Committee conference call re employee-benefits-related issues, pending matters to be heard on 5/3/01, request to the US Trustee to appoint an equity Committee, proposal to resolve trade payables issues (1.0). | Krieger, A. | 1.0 |
| 05/01/2001 | Telephone call with creditors committee with respect to pre-petition vendor payments, employee and retiree benefits, employee interests, DIP financing and motion before court. | Kruger, L. | 1.1 |
| 05/01/2001 | Creditors Committee meeting (telephone ) (1.0) | Pasquale, K. | 1.0 |
| 05/01/2001 | Prepare for and attend conf. call of the committee. | Raskin, R. | 1.0 |
| 05/01/2001 | Review by-law draft (.3). | Raskin, R. | 0.3 |
| 05/01/2001 | Creditors' committee telephone conference call. (1.0); telephone conference call with Rob Raskin and Arlene Krieger following up on creditors' committee decisions (0.2). | Wintner, M. | 1.2 |
| 05/02/2001 | Began to review draft by-laws for the Committee (.4). | Krieger, A. | 0.4 |
| 05/03/2001 | Preparation of draft by-laws for Committee and memorandum to the Committee re same. | Krieger, A. | 1.2 |
| 05/03/2001 | Telephone call with J. Sprayregan regarding meeting with debtor, committee, meeting among debtors and committee professionals to consider asbestos issues and strategy (.3 hrs.). | Kruger, L. | 0.3 |
| 05/04/2001 | Office conference with RR regarding discussion of committee, debtor meeting and agenda therefor. | Kruger, L. | 0.7 |
| 05/04/2001 | T/c J. Kapp re creditors committee meeting scheduling (.1). | Raskin, R. | 0.1 |
| 05/07/2001 | Telephone call with T. Maher regarding meeting with committee, debtor and proposed agenda (.3 hrs); telephone call with J. Sprayregan regarding same (.2 hrs). | Kruger, L. | 0.5 |
| 05/08/2001 | Telephone call with J. Sprayregan regarding meeting with debtor and agenda (.2 hrs). | Kruger, L. | 0.2 |

| 05/09/2001 | Telephone call with T. Maher regarding creditors' meeting and agenda (.3 hrs). | Kruger, L. | 0.3 |
|---|---|---|---|
| 05/09/2001 | T/c M. Chehi re comments to by-laws. | Raskin, R. | 0.3 |
| 05/10/2001 | Revise By-Laws to reflect members comments (.5). | Krieger, A. | 0.5 |
| 05/11/2001 | T/c J. Kapp re agenda for committee meeting and misc. issues (.3). | Raskin, R. | 0.3 |
| 05/15/2001 | Memorandum to the Committee re revised proposed By-Laws (.2). | Krieger, A. | 0.2 |
| 05/16/2001 | Prepare confidentiality agreement for Bank Group members (1.2) memos from Committee members re Committee By-Laws. (.1). | Krieger, A. | 1.3 |
| 05/16/2001 | Conf. call with Maher, Krieger, Wintner, Keppler, Cunningham re employees issues (.6), t/cs J. Kapp re committee meeting and conf. call re employee issues (.3). | Raskin, R. | 0.9 |
| 05/17/2001 | Review Confidentiality Agreement to reflect RAR comments and forward same to T. Maher (.5); telephone call C. Litsey re Wells Fargo attendance at 5/22/01 Committee meeting (.4); prepare revised form of confidentiality agreement for Wells Fargo (1.5); memo to T. Maher re revised bank group confidentiality agreement; (.1); memo to RAR re form of confidentiality agreement for Wells Fargo and comments (.1); office conference L. Kruger re Wells Fargo attendance at Committee meeting (.1). | Krieger, A. | 2.7 |
| 05/17/2001 | Office conference with AK; telephone call with C. Litsey of Wells Fargo regarding attendance at Creditors' meeting and confidentiality agreement (.3 hrs). | Kruger, L. | 0.3 |
| 05/18/2001 | Telephone call R. Higgins re Wells Fargo attendance at 5/22/01 committee meeting (.1); telephone call L. Miller (Wells Fargo) re Confidentiality Agreement (.1). | Krieger, A. | 0.2 |
| 05/18/2001 | Prepare memo and agenda for committee meeting (.4); distribution to members (.3); conferences with A. Krieger and R. Raskin re same (.2). | Serrette, R. | 0.9 |
| 05/20/2001 | Review Committee meeting memorandum (.2). | Krieger, A. | 0.2 |
| 05/21/2001 | Office conference RAR re Wells Fargo confidentiality agreement (.1); revise confidentiality agreement and prepared memorandum to L. Miller, Debtors re same (.8); telephone call L. Miller re confidentiality | Krieger, A. | 2.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

|  |  |  |  |
|---|---|---|---|
|  | agreement (.1); telephone calls R. Higgins re modifications to confidentiality agreement (.2); review Bank of New York resignation agreement and related correspondence to F. Perch (.5); preparation of materials for 5/22/01 Committee meeting (.6). |  |  |
| 05/21/2001 | Review of agenda for creditors meeting (.2 hrs); telephone call with T. Maher regarding same (.2 hrs); telephone call with I. Segal of the Bank of New York regarding attendance of meeting by successor Trustee and Wells Fargo and the need for a confidentiality agreement (.3 hrs); telephone call with Wells Fargo regarding same (.2 hrs); telephone call with J. Akre of First Union regarding meeting (.2 hrs); telephone call with K. Howland of Wachovia regarding agenda (.2 hrs). | Kruger, L. | 1.3 |
| 05/21/2001 | Prepare for Committee meeting. | Serrette, R. | 1.1 |
| 05/22/2001 | Prepared for and attended Creditors' Committee meeting at the offices of JP Morgan Chase (4.3). | Krieger, A. | 4.3 |
| 05/22/2001 | Creditors' Committee meeting with debtor in which debtor reviewed its business lines, financial performance, asbestos issues, employee issues, and Chapter 11 prospects (2.3 hrs); Creditors' Committee meeting regarding employee issues, debtor's presentation, asbestos issues and financial matters (2.1 hrs). | Kruger, L. | 4.4 |
| 05/22/2001 | Preparation for and attended creditors' committee meeting (5.5) | Pasquale, K. | 5.5 |
| 05/22/2001 | Prepare for and attend meeting with Debtors at Chase and follow-up re same. | Raskin, R. | 5.0 |
| 05/22/2001 | Attend Creditors Committee meeting (3.0). | Wintner, M. | 3.0 |
| 05/23/2001 | Correspondence to L. Miller re Wells Fargo Confidentiality Agreement (.2); telephone call Tom Maher re Confidentiality Agreement for the Bank parties to the pre-petition revolving credit facility (.3); reviewed pre-petition credit facilities and then prepare revised draft Confidentiality Agreement (2.8). | Krieger, A. | 3.3 |
| 05/25/2001 | Telephone calls R.Higgins re sign-off on form of Confidentiality Agreement for the Bank Group (.1); revise Bank Group Confidentiality Agreement (.3); forward Wells Fargo Agreement to R. Higgins (.2); memo to T. Maher re Debtors' sign-off on Confidentiality Agreement (.2); e-mail to M. Lastowski re Matt Zaleski inquiry on KERP (.1). | Krieger, A. | 0.9 |
| 05/29/2001 | Memo to A. Taruschio re preparation of memo to the | Krieger, A. | 0.3 |

Committee summarizing outstanding motions (.3).

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 05/29/2001 | Review proposed retention application for Wallace King as special litigation counsel; telephone call R. Higgins re same; (.3) and confidentiality agreements for the Bank Group and Committee members (.8); memo to RAR, LK, KP re request for execution of confidentiality agreement by Committee members (.1). | Krieger, A. | 1.2 |
| 05/29/2001 | Review and summarize motions for creditors' committee (1.2 hrs); office conference with AK regarding same (.4 hrs). | Taruschio, A. | 1.6 |
| 05/30/2001 | Office conference with A. Krieger regarding summary of lease rejection procedures and review of same (.5 hrs); summarize pending motions regarding retention of counsel for Asbestos Committee and Property Damage Committee and lease rejection (1.2 hrs). | Taruschio, A. | 1.7 |
| 05/31/2001 | Office conference RAR re discussion with J. Kapp regarding confidential agreement and forward applicable provisions of the By-Laws to J.Kapp (.2). | Krieger, A. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 20.2 | $ 425 | $ 8,585.00 |
| Kruger, Lewis | 9.1 | 650 | 5,915.00 |
| Pasquale, Kenneth | 6.5 | 475 | 3,087.50 |
| Raskin, Robert | 7.9 | 550 | 4,345.00 |
| Serrette, Rosemarie | 2.0 | 130 | 260.00 |
| Taruschio Anna | 3.3 | 185 | 610.50 |
| Wintner, Mark | 4.2 | 525 | 2,205.00 |

Total For Professional Services Rendered     $ 25,008.00

Total for this Matter     $ 25,008.00

RE:    **Court Hearings**
       **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/02/2001 | Prepare for hearing (5/3/01) including review of pleadings and docket (1.9); conferencs with R. Raskin re same (.2). | Serrette, R. | 2.1 |
| 05/03/2001 | Office conference with RR regarding court hearing results (.3 hs). | Kruger, L. | 0.3 |
| 05/03/2001 | Attend hearing re preliminary injunction, dip financing, stipulation with trade vendors etc. (4.0). | Raskin, R. | 4.0 |
| 05/04/2001 | Conference with R. Raskin re status of hearing (.2). | Serrette, R. | 0.2 |
| 05/18/2001 | Attended Section 341 meeting (1.5). | Krieger, A. | 1.5 |
| 05/20/2001 | Prepare draft memorandum re section 341 meeting testimony (3.8). | Krieger, A. | 3.8 |
| 05/21/2001 | Review and revise memo re testimoney given by Debtors' representatives at Section 341 meeting of creditors and review Debtors recent 10Q! in connection therewith (2.2). | Krieger, A. | 2.2 |
| 05/21/2001 | Review memo re 341 meeting (.2). | Raskin, R. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 7.5 | $ 425 | $ 3,187.50 |
| Kruger, Lewis | 0.3 | 650 | 195.00 |
| Raskin, Robert | 4.2 | 550 | 2,310.00 |
| Serrette, Rosemarie | 2.3 | 130 | 299.00 |

Total For Professional Services Rendered    $ 5,991.50

Total for this Matter    $ 5,991.50

RE:   **Post Petition Financing
      699842. 0010**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | T/c to D. Bacon re dip issues. | Raskin, R. | 0.2 |
| 05/02/2001 | Review revised dip order (.4), t/c to D. Bacon re same (.1). | Raskin, R. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Raskin, Robert | 0.7 | $ 550 | $ 385.00 |
| Total For Professional Services Rendered | | | $ 385.00 |
| **Total for this Matter** | | | $ 385.00 |

RE:     **Executory Contracts/License Agreements**
        **699842. 0011**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/17/2001 | Review Debtors' draft motion for omnibus claims settlement procedure and prepare memorandum describing same and comments thereto (1.0); memos from and to K. Pasquale, RAR re above (.2). | Krieger, A. | 1.2 |
| 05/29/2001 | Review lease rejection notice re 1750 Clint More Road, Florida premises (.1) ;review motion to extend time to assume, reject non-residential property leases (.1). | Krieger, A. | 0.2 |
| 05/30/2001 | Office conference AT re lease rejection notice (.2); telephone call J. Kapp re motion establishing omnibus claims settlement procedures and prepare memorandum re proposed response to procedures (1.0). | Krieger, A. | 1.2 |
| 05/31/2001 | Memos to and from RAR, K. Pasquale re Debtors' draft motion establishing omnibus settlement procedures and response thereto (.5). | Krieger, A. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 3.1 | $ 425 | $ 1,317.50 |

Total For Professional Services Rendered     $ 1,317.50

**Total for this Matter**     $ 1,317.50

RE:    **Claims Analysis/Claims Objection Process**
       **699842. 0012**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/21/2001 | Telephone call S. Schwartz (K&E) re draft motion establishing claims settlement procedures (.5); memo re Zhagrus settlement agreement (.5). | Krieger, A. | 1.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 1.0 | $ 425 | $ 425.00 |

|  | Total For Professional Services Rendered | $ 425.00 |
|--|-------------------------------------------|----------|

|  | Total for this Matter | $ 425.00 |
|--|-----------------------|----------|

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Analysis of Pre-Petition Transactions**
        **699842. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Conference call RAR, J. Kapp re Committee's position on trade payables issues and preparation of stipulation regarding same (.5); follow-up office conferences A. Taruschio re preparation of stipulation and terms of proposal (.6). | Krieger, A. | 1.1 |
| 05/01/2001 | Review memos re vendor issues from Policano & Manzo (.4), review memo re employee issues (.4), t/c S. Cunningham re vendor issues (.2), t/c T. Maher re conf. call and misc. issues (.2), conf. call J. Kapp, S. Cunningham and A. Krieger re proposal re vendor issues (.3), t/c to DPW re extension of time and substance of proposed settlement (.2). | Raskin, R. | 1.7 |
| 05/01/2001 | Creditors committee call and call re stipulation (2.1); prepare stipulation and order resolving Chase Motion (3.6). | Taruschio, A. | 5.7 |
| 05/02/2001 | Review revised stipulation revolving trade payables issues and office conferences RAR re same (.4). | Krieger, A. | 0.4 |
| 05/02/2001 | Review and revise stipulation with trade vendors (1.2); t/c S. Cunningham re stipulation with tradevendors (.3); t/c D. Tawill re same (.2); t/c J. Kapp re terms of stipulation and timing (.2); t/c T. Maher re stipulation (.1); o/cs A. Krieger re trade vendor stip. (.3). | Raskin, R. | 2.3 |
| 05/08/2001 | Fraudulent transfer issues (.1 hrs). | Kruger, L. | 0.1 |
| 05/24/2001 | Telephone call Tom Maher re Bank Group Confidentiality Agreement comment (.2); telephone call and then memorandum to Roger Higgins re Confidentially Agreement (.3). | Krieger, A. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 2.0 | $ 425 | $ 850.00 |
| Kruger, Lewis | 0.1 | 650 | 65.00 |
| Raskin, Robert | 4.0 | 550 | 2,200.00 |
| Taruschio Anna | 5.7 | 185 | 1,054.50 |

Total For Professional Services Rendered    $ 4,169.50

**Total for this Matter**    $ 4,169.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Lift Stay Litigation**
        **699842. 0016**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | T/c A. Running re: debtors' response to Zonolite motion; t/c Raskin, K. Pasquale re: same. | Sasson, M. | 1.0 |
| 05/07/2001 | Attention to lift stay motion in TIG Ins. case (.5) | Pasquale, K. | 0.5 |
| 05/07/2001 | Review motion by HSTC to lift stay; review motion for appointment of counsel; review motion for reconsideration of first day orders; review 2d supp. affidavit of debtor, B.1. committee objections to motion for lift of stay; t/c K. Pasquale re: conference. | Sasson, M. | 2.0 |
| 05/09/2001 | T/c A. Running re: debtors' response to Zonolite motion and t/c R. Raskin, K. Pasquale re: same. | Sasson, M. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 0.5 | $ 475 | $ 237.50 |
| Sasson, Moshe | 3.5 | 360 | 1,260.00 |

Total For Professional Services Rendered    $ 1,497.50

**Total for this Matter**    $ 1,497.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     Erisa Issues
        699842. 0020

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/01/2001 | Further revisions to reconsideration motion and order to reflect MW comments and Committee's position and then comments form RAR (6.7). | Krieger, A. | 6.7 |
| 05/01/2001 | Review motion to reconsider wage issues and o/c A. Krieger re same (.5). | Raskin, R. | 0.5 |
| 05/01/2001 | Revise, edit, research for reconsideration motion (5.1). | Taruschio, A. | 5.1 |
| 05/01/2001 | Revise draft Motion to Reconsider First Day Benefits Order (2.0). | Wintner, M. | 2.0 |
| 05/02/2001 | Final revisions to reconsideration motion and order and incorporate additional comments from RAR and MW are same and office conferences R. Serrette re filing and service of same (2.7); telephone call M. Lastowski re filing and service of reconsideration motion, hearing date notice, other (.1); telephone call S. Cunningham re review of executive agreements, supplemental document request (5.); office conference A. Keppler re reconsideration motion, KERP program and executive contract review (.7). | Krieger, A. | 4.0 |
| 05/02/2001 | Telephone call with T. Maher regarding extension of time of various compensation issues (.2 hrs). | Kruger, L. | 0.2 |
| 05/02/2001 | Review motion to reconsider wage order (.4). | Raskin, R. | 0.4 |
| 05/02/2001 | Changes and revisions, final edits, research for Reconsideration motion (1.8). | Taruschio, A. | 1.8 |
| 05/02/2001 | Draft of Chase stipulation (1.2); redraft of Blackstone objection (3.9); correspondence, oc w/ R. Raskin re same, fax to local counsel (1.2). | Taruschio, A. | 6.3 |
| 05/02/2001 | Revise draft motion to Reconsider First Day Benefits Order (1.2); and telephone call with Arlene Krieger re: same (0.3). | Wintner, M. | 1.5 |
| 05/03/2001 | Review and compare employment agreements for expenditures. | Keppler, A. | 1.3 |
| 05/03/2001 | Review letters of credit (1.8). | Krieger, A. | 1.8 |
| 05/04/2001 | Review employment, change of control and plan | Keppler, A. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHO\
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | agreements (1.8); discussion with A. Krieger (.1); telephone conference with Sean Cunningham (.1). | | |
| 05/04/2001 | Office conference A. Keppler re review of senior executive's employment agreement, request for confirmation on prior agreements and contact with S. Cunningham (.4); telephone calls C. MacCullum re FTI P&M correspondence to Debtors and review schedule re same (.2); prepare correspondence to J.Kapp/Roger Higgins re employment agreement information (.5). | Krieger, A. | 1.1 |
| 05/07/2001 | Telephone conference with S. Cunningham (.3); review documents (.6) re: employment contracts and KERP. | Keppler, A. | 1.5 |
| 05/07/2001 | Telephone calls Sean Cunningham and office conference A. Keppler and then correspondence to J. Forgach and J. Kapp re further employee-related documentation (.8). | Krieger, A. | 0.8 |
| 05/08/2001 | Review documents (1); conference call with S. Cunningham et al re: KERP Program (1.5); discussions re: same with M. Wintner and A. Krieger (.5). | Keppler, A. | 3.0 |
| 05/08/2001 | Office conference MW, AK re review of employee-related issues and conference call with Sean Cunningham re preparation of analysis (.1); correspondence to S. Cunningham re 3/2001 Long Term Incentive Program (.1); telephone call J. Kapp, R. Higgins re supplemental information request (.1); conference call with Sean Cunningham re receipt of materials from Forgach, review of retention, severance plans and executive contracts (.4); reviewed employee-related documentation, programs, agreements, received from the Debtors (2.6); extended conference call with MW, AK, S. Cunningham and E. Ordway and follow up conference with MW, AK re L/C's for Workers' Compensation, legal issues in respect of employee agreements, other (3.0). | Krieger, A. | 6.3 |
| 05/08/2001 | Review Policano and Manzo analysis of Debtors' proposed KERP and Senior Executive employment contracts (and Change of Control Agreements). | Wintner, M. | 2.8 |
| 05/09/2001 | Office conferences Anna Taruschio re Norris employment agreement and legal issues thereon (.2); telephone call Sean Cunningham and Craig McCallum (P&M) re KERP, Executive Compensation Analysis, and additional 2001 bonus information from the Company (.5); extensive review of revised analysis and Norris Agreement (1.6); memo to AK re additional | Krieger, A. | 2.4 |

| Date | Description | Name | Hours |
|---|---|---|---|
| | information regarding bonuses and revised P&M analysis (.1). | | |
| 05/09/2001 | Review KERP program and Change of Control Agreements. | Wintner, M. | 1.0 |
| 05/10/2001 | Review new KERP analysis (1); conference call with MSW, A. Krieger, Sean Cunningham et.al. re benefits, contracts and KERP (1). | Keppler, A. | 2.0 |
| 05/10/2001 | Complete review of P&M KERP, executives compensation analysis (1.0); office conference A. Taruschio re case law review of section 502(b)(7) (.2); telephone call S. Cunningham re modifications to analyses (.3); review section 502(b)(7) case law (.1); conference call Ed Ordway, C. MacCullum and follow-up office conference with MW, AK re same (1.2). | Krieger, A. | 2.8 |
| 05/10/2001 | Research and oc w/ A. Krieger re 502(b)(7) issue | Taruschio, A. | 3.6 |
| 05/10/2001 | Review revised Policano & Manzo analysis of Debtors' proposed KERP and Executive Employment and Change of Control Agreements (1.0); telephone conference with A. Krieger, A. Keppler and Policano & Manzo re: same (1.0). | Wintner, M. | 2.0 |
| 05/11/2001 | Discussion with A. Krieger re Debtor's proposal on modification to benefits order. | Keppler, A. | 0.3 |
| 05/11/2001 | Review Siegel, Tarola employment agreements (1.5); review change of control agreements and office conference A. Keppler re modifications, treatment thereof (1.0); conference call with RR, MW and Debtors' counsel re Debtors' response to Committee's motion for reconsideration and follow-up office conference RR, MW re same and analysis on KERP, employment agreements (.6); office conferences A. Taruschio re case law review on section 505(b)(7) (.2). | Krieger, A. | 3.3 |
| 05/11/2001 | Conf. call Wintner, Krieger and Kapp re Debtors proposal regarding motion to reconsider wage order (.8); follow-up discussions with Wintner re same (.3). | Raskin, R. | 1.1 |
| 05/11/2001 | O/c w/ A. Krieger re retention papers for Committees financial advisor and other assignments (.4); research cases on 502(b)(7) issue (5.1) | Taruschio, A. | 5.6 |
| 05/11/2001 | Telephone conference call with Debtor and R. Raskin, A. Krieger re Creditors' Committee Motion to Reconsider First Day Wage/Benefits Order. | Wintner, M. | 0.5 |
| 05/12/2001 | Reviewed 502(b)(7) case law (3.8); reviewed Norris employment agreement and information memorandum received from John Forgach re participants in KERP, | Krieger, A. | 5.6 |

LTIP, other plans (1.8).

| Date | Description | Name | Hours |
|---|---|---|---|
| 05/12/2001 | Read through cases and draft memo to A. Krieger on 502(b)(7) | Taruschio, A. | 3.8 |
| 05/13/2001 | Review AT memo on 502(b)(7) case law and memo to AT re same; and additional issues (.4). | Krieger, A. | 0.4 |
| 05/14/2001 | Review of Policano & Manzo's analysis on retention program. | Kruger, L. | 0.2 |
| 05/15/2001 | Review memo to Debtors re response to motion to reconsider, discussion with A. Kreiger re above. | Keppler, A. | 1.5 |
| 05/15/2001 | Office conference A. Keppler re additional documentation for employee benefits analysis (.1); office conference RR re forwarding P&M analysis to Tom Maher, preparation of memorandum describing Debtors' response to the Committee's reconsideration motion (.1); prepare memorandum re Debtors' response to Committee's reconsideration motion (1.3). | Krieger, A. | 1.5 |
| 05/15/2001 | Research for A. Krieger on severance pay issue (1.1). | Taruschio, A. | 1.1 |
| 05/16/2001 | Review VSPP payment schedule and estimated savings for capping payments at $1,000 a month per former employee, (.5); review P&M analysis, telephone E. Ordway and S. Cunningham re analysis, follow-up call A. Krieger (1). | Keppler, A. | 1.5 |
| 05/16/2001 | Office conferences MW and AK and others; conference call Tom Maher, RAR, MW representative of P&M re P&M analysis and outstanding issues on Debtor's KERP program and executives compensation (.7); subsequent telephone call J. Kapp re professionals meeting to discuss outstanding issues (.2); office conferences A. Keppler re subsequent information request and professionals meeting (.2); further telephone calls J. Kapp and R. Higgins re 5/18/01 conference call and memo to Committee professionals re same (.3). | Krieger, A. | 1.4 |
| 05/16/2001 | Teleponce conference call with Chairman of Creditors Committee and professional advisors from Policano and Manzo and Stroock re Debtor's proposal to adopt KERP and assume Senior Executive Employment Agreements. | Wintner, M. | 0.8 |
| 05/17/2001 | Telephone Ed Ordway and Sean Cunningham re strategy for telephone conference with Debtor (.7), related discussion with A. Krieger (.2) discussion with MSW re same (.4). | Keppler, A. | 1.3 |
| 05/17/2001 | Office conferences A.Keppler re revised calculation of | Krieger, A. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

|  |  |  |  |
|---|---|---|---|
|  | reduced VSPP amounts (.3); telephone call S. Cunningham re conference call to discuss strategy for 5/18/01 call with the Debtors, additional request (.2); review P&M analysis, agreements, other in preparation for 5/18/01 call (.5). |  |  |
| 05/18/2001 | Conference call with Debtor et.al re retention plan and employment agreements (.9), pre-call with Sean Cunningham and Ed Ordway (.3), follow-up call with A. Kreiger and R. Raskin (.3), conference call with Committee Chariman (.3). | Keppler, A. | 1.8 |
| 05/18/2001 | Conference call with Debtors representatives, P&M representatives, RAR, MW and AK re employee-related matters (.8); telephone call C. MacCullum re supplemental information request (.2); follow-up office conference RAR, MW re discussion with counsel representing retirees and discussions with Tom Maher (.7). | Krieger, A. | 1.7 |
| 05/18/2001 | Conf. call with debtors re kerp and executive compensation issues (1.5). | Raskin, R. | 1.5 |
| 05/18/2001 | Telephone conference call with Debtor and Kirkland & Ellis, R. Raskin, A. Krieger, A. Keppler, Policano &Manzo re Debtors' position on Motion to Reconsider Benefits Order, Motions to Adopt KERP and Assume Senior Executive Employment Agreements (0.9; telephone conference with Committee Chairman re same (0.3). | Wintner, M. | 1.2 |
| 05/21/2001 | Office conference MW re amendment to change of control agreements (.1). | Krieger, A. | 0.1 |
| 05/21/2001 | Review additional information re SERP (.2). | Raskin, R. | 0.2 |
| 05/21/2001 | Review Change of Control Agreements for senior executives and draft rider to exclude Chapter 11 Triggers. | Wintner, M. | 0.6 |
| 05/22/2001 | Analyze SERP payment list, telephone MSW. | Keppler, A. | 1.0 |
| 05/22/2001 | Office conference A. Keppler re discussions regarding SERP payments and outstanding questions (.3); telephone call R. Higgins re additional information regarding employee-benefit schedules (.1). | Krieger, A. | 0.4 |
| 05/22/2001 | Revise draft rider to Change of Control Agreements for senior executives to delete Chapter 11 related triggers from "change of control" definition (.8). | Wintner, M. | 0.8 |
| 05/23/2001 | Office conference RAR, MW re Committee's position on employee-related issues and telephone call J. Kapp re same (.5); telephone call R. Higgins re | Krieger, A. | 0.8 |

response to additional information on employee-related matters (.1); prepared memorandum re additional employee-related information (.1); memo from RAR re discussions regarding Norris agreement (.1).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/23/2001 | Telephone conference Rob Raskin and Kirkland & Ellis re Creditors Committee position on KERP; executive employment agreements, first day Benefits Order. | Wintner, M. | 0.3 |
| 05/24/2001 | Review proposed modifications to the change of control provisions (.5); office conference MW re change of Control Modifications (.5); prepared revised change of control provisions (.,3); correspondence to Tom Maher re change of control agreement (.5); correspondence to J. Kapp, others re change of control modifications (.6); telephone call E. Ordway re Norris Agreement discussions (.1); office conference RAR re discussions with Norris (.4). | Krieger, A. | 2.6 |
| 05/24/2001 | Draft changes to proposed Change of Control Agreement riders to eliminate Chapter 11 related triggers (0.5). | Wintner, M. | 0.5 |
| 05/25/2001 | Telephone calls R. Higgins re change of control modifications, extension of Committee's time to respond to reconsideration motion (.2); memo RAR, LK, KP others re above (.1). | Krieger, A. | 0.3 |
| 05/30/2001 | Telephone call J. Kapp re change of control, Norris agreement, Confidentiality Agreement, (.4); prepare memo re Debtors' position re above (1.0); office conference AK re Debtors' position on Norris Agreement, change of control modifications (.2). | Krieger, A. | 1.6 |
| 05/31/2001 | Telephone call Sean Cunningham re Debtors' position on change of control provision, Norris Agreement and confidentiality agreement (.3); e-mail to RAR, MW re same (.1); further memos to and from RAR and then office conference RAR re response to Debtors' position and telephone call J. Kapp re same (.7). | Krieger, A. | 0.7 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Keppler, Abbey | 17.2 | $ 425 | $ 7,310.00 |
| Krieger, Arlene | 47.3 | 425 | 20,102.50 |
| Kruger, Lewis | 0.4 | 650 | 260.00 |
| Raskin, Robert | 3.7 | 550 | 2,035.00 |
| Taruschio Anna | 27.3 | 185 | 5,050.50 |
| Wintner, Mark | 14.0 | 525 | 7,350.00 |

Total For Professional Services Rendered    $ 42,108.00

Total for this Matter    $ 42,108.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    Travel
       699842. 0025

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/02/2001 | Travel to Delaware for hearing (3.7). | Raskin, R. | 3.7 |
| 05/03/2001 | Return to New York (1.5). | Raskin, R. | 1.5 |
| 05/18/2001 | Travel to Delaware for Section 341 meeting and prepare memo to the Committee re agenda for 5/22/01 meeting on route and travel back from Delaware (5.7). | Krieger, A. | 5.7 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 5.7 | $ 425 | $ 2,422.50 |
| Raskin, Robert | 5.2 | 550 | 2,860.00 |

Total For Professional Services Rendered     $ 5,282.50

Total for this Matter     $ 5,282.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

# EXHIBIT C

W R GRACE & CO
THROUGH MAY 31, 2001

| PARTNERS | HOURS | RATE | AMOUNT |
|---|---|---|---|
| | | | |
| Kruger, Lewis | 16.4 | 650 | 10,660.00 |
| Pasquale, Kenneth | 19.6 | 475 | 9,310.00 |
| Raskin, Robert | 39.7 | 550 | 21,835.00 |
| Wintner, Mark | 18.2 | 525 | 9,555.00 |
| | | | |
| ASSOCIATES | | | |
| | | | |
| Keppler, Abbey | 17.2 | 425 | 7,310.00 |
| Krieger, Arlene | 143.1 | 425 | 60,817.50 |
| Sasson, Moshe | 13.5 | 360 | 4,860.00 |
| Taruschio Anna | 73.5 | 185 | 13,597.50 |
| | | | |
| PARAPROFESSIONAL | | | |
| | | | |
| | | | |
| Defreitas, Vaughn | 1.8 | 90 | 162.00 |
| Holzberg, Ethel | 3 | 145 | 435.00 |
| Kaufman, Eric | 0.2 | 120 | 24.00 |
| Serrette, Rosemarie | 30.8 | 130 | 4,004.00 |
| | | | |
| TOTALS: | 377.0 | | 142,570.00 |

1115236.02

# EXHIBIT D

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

**Disbursement Register**

June 29, 2001
Invoice: 236533

RE:     **General Case Administration**
        **699842. 0002**

**Disbursements incurred for the period through May 31, 2001, including:**

| Date | Description | Amount |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 13043; DATE: 5/1/01 U.S bankruptcy court Delaware | 443.47 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 9.00 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 184.50 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 65.50 |
| 05/01/2001 | VENDOR: Parcels Inc.; INVOICE#: 2446; DATE: 5/1/01 U.S. bankr. court Delaware | 99.00 |
| 05/08/2001 | NYC Two Ways Inc.Packages ASH 10/60 04/21/01 9:20 M from 180 MAIDEN LA to 10 EAS | 24.60 |
| 05/08/2001 | 05/01/2001 Federal Express T#824858018693 R. SERRETTE to: C. FOX WILMINGTON,DE | 9.40 |
| 05/08/2001 | 05/01/2001 Federal Express T#824858018650 R. SERRETTE to: W. KATCHEN NEWARK,NJ | 9.40 |
| 05/18/2001 | NYC Two Ways Inc.Packages KRUGER 10/6 05/04/01 17:39 M from 180 MAIDEN LA to 257 | 29.70 |
| 05/24/2001 | 05/16/2001 Federal Express T#824858018638 R. SERRETTE to: S. HOLLINGHEAD WILMING | 9.40 |
| 05/24/2001 | 05/17/2001 Federal Express T#824858018605 R. SERRETTE to: S. A. HOLLINGHEAD WILM | 9.40 |
| 05/24/2001 | 05/18/2001 Federal Express T#824858018590 ROSE SERRETTE to: SHELLY HOLLINGHEAD W | 9.40 |
| 05/30/2001 | FedaEx 4/9/01 Parcels Inc 4 E 7th Wilmington, DEt o R Serrette | 11.33 |
| 05/31/2001 | FedEx Log 5/1/01 R Serrette to W Katchen Newark, NJ | 1.92 |
| 05/31/2001 | FedEx Log 5/1/01 R Serrette to C Fox Wilmington, DE | 1.92 |

**Outside Messenger Service Total**                                                     917.94

**Overtime**
05/11/2001   5/1, 4/19                                                                 450.00
05/11/2001   4/26, 4/27, 4/25                                                          675.00
   **Overtime Total**                                                 **1,125.00**

**Meals**
04/30/2001   VENDOR: Harry's Outgoing, Inc.; INVOICE#: 043001; DATE:                    22.50
   4/30/01
   R Serrette 4/26
05/01/2001   VENDOR: Petty Cash; INVOICE#: 05/01/01; DATE: 5/1/01                        10.00
   04/27   NY PETTY CASH  J.MEDORO
05/01/2001   VENDOR: Petty Cash; INVOICE#: 05/01/01; DATE: 5/1/01                        16.32
   04/30/01  NY PETTY CASH  A.TARUSCHIO
05/21/2001   VENDOR: Fisher & Levy; INVOICE#: 29767; DATE: 5/15/01                      110.67
   4/20/01 L Kruger
05/21/2001   VENDOR: Fisher & Levy; INVOICE#: 29767; DATE: 5/15/01                      311.36
   4/20/01
05/22/2001   VENDOR: Petty Cash; INVOICE#: 05/18/01; DATE: 5/22/01                        7.00
   05/16/01   NY PETTY CASH   R.SERRETTE
   **Meals Total**                                                        **477.85**

**Local Transportation**
05/08/2001   NYC Two Ways Inc. KRIEGER 04/23/01 20:25 M from 180                         24.60
   MAIDEN LA to EAST END AVE
05/08/2001   NYC Two Ways Inc. KRIEGER 04/24/01 20:13 M from 180                         32.25
   MAIDEN LA to EAST END AVE
05/08/2001   NYC Two Ways Inc. KRIEGER 04/25/01 20:06 M from 180                         24.60
   MAIDEN LA to EAST END AVE
05/08/2001   NYC Two Ways Inc. TARUSCHIO 05/01/01 22:35 M from 207 E                     23.62
   74 ST M to 180 MAIDEN LA
05/08/2001   NYC Two Ways Inc. KRUGER 04/23/01 10:07 M from 767 3 AVE                    20.69
   M to 180 MAIDEN LA
05/08/2001   NYC Two Ways Inc. KRIEGER 04/27/01 21:00 M from 180                         24.60
   MAIDEN LA to E 80 ST M
05/08/2001   NYC Two Ways Inc. GERRETTE 04/26/01 20:17 M from 180                        38.31
   MAIDEN LA to SOUTH RICHMON
05/08/2001   NYC Two Ways Inc. TARUSCHIO 04/24/01 20:22 M from 180                       24.60
   MAIDEN LA to E 74 ST M
05/08/2001   NYC Two Ways Inc. MEDORO 04/27/01 20:00 M from 180                          62.55
   MAIDEN LA to NEW DORP SI
05/08/2001   NYC Two Ways Inc. SERRETTE 04/24/01 21:29 M from 180                        41.88
   MAIDEN LA to SOUTH RICHMON
05/08/2001   NYC Two Ways Inc. MEDORO 04/25/01 19:45 M from 180                          70.20
   MAIDEN LA to NEW DORP SI
05/08/2001   VENDOR: Corporate Transportation Group, Ltd.; INVOICE#:                     23.62
   409627; DATE: 4/30/01
   NYC Two Ways Inc A Taruschio 4/19/01 180 Maiden Lane to E 74
05/08/2001   VENDOR: Corporate Transportation Group, Ltd.; INVOICE#:                     23.62
   409627; DATE: 4/30/01
   NYC Two Ways Inc A Taruschio 4/18/01 180 Maiden Lane to E 74
05/15/2001   VENDOR: Petty Cash; INVOICE#: 05/14/01; DATE: 5/15/01                       29.00
   05/12/01  NY PETTY CASH  A.TARUSCHIO
05/18/2001   VENDOR: Petty Cash; INVOICE#: 05/17/01; DATE: 5/18/01                        3.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | 05/16/01  NY PETTY CASH   J.LI  (PROCESS SERVER) OBTAINED COPIES OF COMPLAINT. SDNY | |
|---|---|---|
| 05/18/2001 | NYC Two Ways Inc. TARUSCHIO 04/30/01 12:00 M from 180 MAIDEN LA to E 74 ST M | 23.62 |
| 05/18/2001 | NYC Two Ways Inc. TARUSCHIO 05/02/01 1:59 M from 180 MAIDEN LA to 207 E 74 ST M | 23.62 |
| 05/18/2001 | NYC Two Ways Inc. KRIEGER 04/30/01 21:23 M from 180 MAIDEN LA to EAST END AVE | 39.90 |
| 05/18/2001 | NYC Two Ways Inc. KRIEGER 05/01/01 21:00 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | NYC Two Ways Inc. KRIEGER 05/09/01 20:03 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | NYC Two Ways Inc. KRIEGER 05/10/01 20:12 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | NYC Two Ways Inc. KRIEGER 05/08/01 19:49 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/24/2001 | VENDOR: Petty Cash; INVOICE#: 05/23/01; DATE: 5/24/01 05/22/01  NY PETTY CASH  K.CHRISTIAN (PROCESS SERVER) SDNY - USDC  COPY  COMPLAINT | 1.50 |
| 05/29/2001 | VENDOR: Abbey Keppler; INVOICE#: 05/22/01; DATE: 5/29/01 05/16   PARKING FEE TO ATTEND MEETING | 27.00 |
| 05/31/2001 | NYC Two Ways Inc. PASQUALE 05/22/01 9:15 M from 180 MAIDEN LA to 270 PARK AVE | 20.69 |
| 05/31/2001 | NYC Two Ways Inc. WINTNER 05/22/01 10:45 M from 180 MAIDEN LA to 767 3 AVE M | 35.99 |
| 05/31/2001 | NYC Two Ways Inc. SERRETTE 05/22/01 19:56 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 05/31/2001 | NYC Two Ways Inc. KRIEGER 05/22/01 20:39 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 05/31/2001 | NYC Two Ways Inc. KRIEGER 05/15/01 20:35 M from 180 MAIDEN LA to E 80 ST M | 25.58 |
| | **Local Transportation Total** | **826.35** |

**Long Distance Telephone**

| | | |
|---|---|---|
| 05/01/2001 | EXTN.3422, TEL.201-556-4040, S.T.13:15, DUR.01:00 | 0.28 |
| 05/01/2001 | EXTN.3422, TEL.201-556-4003, S.T.13:16, DUR.00:24 | 0.28 |
| 05/01/2001 | EXTN.3422, TEL.201-556-4040, S.T.13:17, DUR.09:18 | 2.82 |
| 05/01/2001 | EXTN.3430, TEL.202-862-5065, S.T.17:07, DUR.10:18 | 3.10 |
| 05/01/2001 | EXTN.5422, TEL.201-843-4900, S.T.10:51, DUR.00:42 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.201-556-4040, S.T.13:27, DUR.00:24 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:04, DUR.00:30 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.973-424-2017, S.T.15:21, DUR.01:12 | 0.56 |
| 05/01/2001 | EXTN.5422, TEL.973-424-2000, S.T.15:39, DUR.02:24 | 0.85 |
| 05/01/2001 | EXTN.5422, TEL.312-876-7638, S.T.17:40, DUR.02:06 | 0.85 |
| 05/01/2001 | EXTN.5422, TEL.312-876-7638, S.T.18:51, DUR.00:18 | 0.28 |
| 05/01/2001 | EXTN.5422, TEL.312-861-2124, S.T.19:23, DUR.00:36 | 0.17 |
| 05/01/2001 | EXTN.5422, TEL.312-861-2124, S.T.19:25, DUR.00:24 | 0.17 |
| 05/01/2001 | EXTN.5492, TEL.973-424-2017, S.T.15:23, DUR.06:36 | 1.97 |
| 05/01/2001 | EXTN.6015, TEL.312-861-2412, S.T.10:30, DUR.02:06 | 0.85 |
| 05/01/2001 | EXTN.6408, TEL.201-556-4003, S.T.13:04, DUR.08:24 | 2.54 |
| 05/01/2001 | EXTN.6408, TEL.312-861-2124, S.T.13:05, DUR.07:12 | 2.26 |
| 05/01/2001 | EXTN.6409, TEL.201-556-4040, S.T.12:05, DUR.00:12 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.10:55, DUR.00:12 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.11:39, DUR.00:06 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-843-4900, S.T.11:40, DUR.00:06 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-843-4900, S.T.11:40, DUR.00:24 | 0.28 |

| 05/02/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:43, DUR.00:18 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.302-652-4100, S.T.11:44, DUR.01:12 | 0.56 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.12:16, DUR.00:42 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.201-556-4040, S.T.12:50, DUR.01:24 | 0.56 |
| 05/02/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:42, DUR.01:24 | 0.56 |
| 05/02/2001 | EXTN.5422, TEL.847-975-6434, S.T.15:12, DUR.04:42 | 1.41 |
| 05/02/2001 | EXTN.5422, TEL.312-861-2124, S.T.16:34, DUR.01:00 | 0.28 |
| 05/02/2001 | EXTN.5422, TEL.302-651-7531, S.T.17:00, DUR.01:00 | 0.28 |
| 05/02/2001 | EXTN.5492, TEL.973-424-2017, S.T.10:54, DUR.13:12 | 3.95 |
| 05/02/2001 | EXTN.5492, TEL.973-424-2017, S.T.11:15, DUR.00:30 | 0.28 |
| 05/02/2001 | EXTN.5492, TEL.302-573-6459, S.T.11:42, DUR.00:06 | 0.28 |
| 05/02/2001 | EXTN.5492, TEL.302-657-4938, S.T.13:01, DUR.02:00 | 0.56 |
| 05/02/2001 | EXTN.5492, TEL.302-657-4900, S.T.14:26, DUR.01:12 | 0.56 |
| 05/02/2001 | EXTN.5634, TEL.973-424-2000, S.T.14:44, DUR.03:18 | 1.13 |
| 05/03/2001 | EXTN.2005, TEL.312-972-0542, S.T.14:05, DUR.00:42 | 0.32 |
| 05/03/2001 | EXTN.2005, TEL.312-861-2481, S.T.14:06, DUR.02:12 | 0.96 |
| 05/03/2001 | EXTN.3430, TEL.415-421-2132, S.T.11:16, DUR.00:36 | 0.28 |
| 05/03/2001 | EXTN.4102, TEL.201-556-4040, S.T.11:36, DUR.00:30 | 0.28 |
| 05/03/2001 | EXTN.6102, TEL.201-556-4040, S.T.11:13, DUR.00:24 | 0.28 |
| 05/04/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:06, DUR.01:06 | 0.56 |
| 05/04/2001 | EXTN.5845, TEL.201-556-4040, S.T.17:22, DUR.00:30 | 0.28 |
| 05/07/2001 | EXTN.5492, TEL.202-862-5000, S.T.12:28, DUR.00:12 | 0.28 |
| 05/07/2001 | EXTN.5492, TEL.302-654-1888, S.T.12:29, DUR.00:06 | 0.28 |
| 05/07/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:15, DUR.01:00 | 0.28 |
| 05/07/2001 | EXTN.5845, TEL.201-556-4040, S.T.11:23, DUR.18:18 | 5.36 |
| 05/08/2001 | EXTN.5422, TEL.312-861-2124, S.T.13:02, DUR.01:06 | 0.56 |
| 05/08/2001 | EXTN.5492, TEL.201-858-4290, S.T.19:55, DUR.01:00 | 0.17 |
| 05/08/2001 | EXTN.5492, TEL.610-623-5235, S.T.20:10, DUR.00:42 | 0.17 |
| 05/08/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:23, DUR.15:00 | 4.23 |
| 05/08/2001 | EXTN.5760, TEL.301-951-6400, S.T.12:12, DUR.03:00 | 0.85 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4003, S.T.16:23, DUR.00:24 | 0.28 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4040, S.T.16:24, DUR.00:30 | 0.28 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4003, S.T.17:11, DUR.00:30 | 0.28 |
| 05/08/2001 | EXTN.6408, TEL.201-556-4040, S.T.17:13, DUR.00:24 | 0.28 |
| 05/09/2001 | EXTN.5492, TEL.301-218-7005, S.T.13:33, DUR.00:36 | 0.28 |
| 05/09/2001 | EXTN.5492, TEL.301-218-7005, S.T.15:00, DUR.12:36 | 3.67 |
| 05/09/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:18, DUR.05:18 | 1.69 |
| 05/10/2001 | EXTN.3544, TEL.312-861-2160, S.T.14:33, DUR.00:48 | 0.28 |
| 05/10/2001 | EXTN.3544, TEL.201-556-1232, S.T.14:47, DUR.01:36 | 0.56 |
| 05/10/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:00, DUR.02:42 | 0.85 |
| 05/10/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:07, DUR.02:18 | 0.85 |
| 05/10/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:48, DUR.00:18 | 0.28 |
| 05/10/2001 | EXTN.5544, TEL.201-556-1232, S.T.14:30, DUR.02:54 | 0.85 |
| 05/10/2001 | EXTN.5544, TEL.201-981-1125, S.T.14:45, DUR.00:54 | 0.28 |
| 05/10/2001 | EXTN.5726, TEL.201-556-4003, S.T.16:25, DUR.35:18 | 10.15 |
| 05/11/2001 | EXTN.5422, TEL.302-654-1888, S.T.11:10, DUR.05:12 | 1.69 |
| 05/11/2001 | EXTN.5422, TEL.302-651-3160, S.T.11:40, DUR.00:42 | 0.28 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:44, DUR.17:42 | 5.08 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.12:21, DUR.00:12 | 0.28 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.13:21, DUR.02:24 | 0.85 |
| 05/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:36, DUR.01:12 | 0.56 |
| 05/11/2001 | EXTN.5422, TEL.973-424-2031, S.T.14:39, DUR.00:12 | 0.28 |
| 05/11/2001 | EXTN.5544, TEL.302-778-6464, S.T.10:18, DUR.01:06 | 0.56 |
| 05/11/2001 | EXTN.5544, TEL.201-556-1232, S.T.12:42, DUR.02:18 | 0.85 |
| 05/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:18, DUR.00:12 | 0.28 |
| 05/14/2001 | EXTN.5634, TEL.201-843-4900, S.T.15:57, DUR.00:36 | 0.28 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 05/15/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:17, DUR.01:30 | 0.56 |
| 05/15/2001 | EXTN.3544, TEL.201-556-4040, S.T.18:05, DUR.00:36 | 0.28 |
| 05/15/2001 | EXTN.5422, TEL.302-651-3160, S.T.11:28, DUR.01:18 | 0.56 |
| 05/15/2001 | EXTN.5544, TEL.201-556-4040, S.T.12:23, DUR.01:18 | 0.56 |
| 05/15/2001 | EXTN.5634, TEL.203-556-4039, S.T.12:23, DUR.00:06 | 0.28 |
| 05/15/2001 | EXTN.5634, TEL.201-556-4039, S.T.12:24, DUR.03:54 | 1.13 |
| 05/15/2001 | EXTN.5634, TEL.201-556-4039, S.T.15:28, DUR.01:00 | 0.28 |
| 05/16/2001 | EXTN.3430, TEL.011442078591785, S.T.11:02, DUR.00:24 | 1.73 |
| 05/16/2001 | EXTN.3430, TEL.011442078591785, S.T.12:47, DUR.01:00 | 1.73 |
| 05/16/2001 | EXTN.3544, TEL.312-861-2124, S.T.14:42, DUR.01:48 | 0.56 |
| 05/16/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:15, DUR.00:12 | 0.28 |
| 05/16/2001 | EXTN.5492, TEL.302-657-4900, S.T.15:24, DUR.01:48 | 0.56 |
| 05/16/2001 | EXTN.5492, TEL.302-657-4924, S.T.16:15, DUR.00:24 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:00, DUR.01:06 | 0.56 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:16, DUR.00:30 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.312-861-2124, S.T.09:52, DUR.06:42 | 1.97 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:43, DUR.00:48 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.973-424-2031, S.T.11:21, DUR.03:48 | 1.13 |
| 05/16/2001 | EXTN.5544, TEL.201-556-4040, S.T.12:35, DUR.01:24 | 0.56 |
| 05/16/2001 | EXTN.5544, TEL.201-981-1125, S.T.13:48, DUR.00:12 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.312-861-2124, S.T.13:58, DUR.00:42 | 0.28 |
| 05/16/2001 | EXTN.5544, TEL.312-861-2160, S.T.15:36, DUR.01:18 | 0.56 |
| 05/16/2001 | EXTN.5544, TEL.973-424-2031, S.T.16:16, DUR.02:06 | 0.85 |
| 05/16/2001 | EXTN.5634, TEL.201-556-4039, S.T.15:03, DUR.03:42 | 1.13 |
| 05/16/2001 | EXTN.6448, TEL.973-424-2000, S.T.17:38, DUR.00:18 | 0.28 |
| 05/17/2001 | EXTN.3544, TEL.973-424-2017, S.T.15:13, DUR.12:24 | 3.67 |
| 05/17/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:14, DUR.01:54 | 0.56 |
| 05/17/2001 | EXTN.5544, TEL.612-667-4160, S.T.11:31, DUR.00:54 | 0.28 |
| 05/17/2001 | EXTN.5544, TEL.612-667-1916, S.T.13:49, DUR.02:24 | 0.85 |
| 05/17/2001 | EXTN.5544, TEL.973-424-2017, S.T.16:47, DUR.01:48 | 0.56 |
| 05/17/2001 | EXTN.5544, TEL.312-861-2124, S.T.16:53, DUR.00:42 | 0.28 |
| 05/18/2001 | EXTN.5422, TEL.805-968-0100, S.T.14:30, DUR.07:30 | 2.26 |
| 05/18/2001 | EXTN.5422, TEL.203-629-9500, S.T.15:02, DUR.06:54 | 1.97 |
| 05/18/2001 | EXTN.5492, TEL.302-657-4924, S.T.10:28, DUR.00:42 | 0.28 |
| 05/18/2001 | EXTN.5492, TEL.302-657-4924, S.T.11:18, DUR.06:00 | 1.69 |
| 05/18/2001 | EXTN.5492, TEL.301-218-7005, S.T.12:40, DUR.00:06 | 0.28 |
| 05/18/2001 | EXTN.5492, TEL.301-614-9599, S.T.12:41, DUR.05:48 | 1.69 |
| 05/18/2001 | EXTN.5511, TEL.302-657-4900, S.T.15:08, DUR.05:18 | 1.69 |
| 05/21/2001 | EXTN.3544, TEL.612-667-1916, S.T.13:39, DUR.01:42 | 0.56 |
| 05/21/2001 | EXTN.3544, TEL.612-802-1013, S.T.18:13, DUR.04:18 | 1.41 |
| 05/21/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:10, DUR.01:12 | 0.56 |
| 05/21/2001 | EXTN.5544, TEL.312-861-3103, S.T.11:09, DUR.13:12 | 3.95 |
| 05/21/2001 | EXTN.5544, TEL.612-667-1916, S.T.17:05, DUR.03:42 | 1.13 |
| 05/21/2001 | EXTN.5562, TEL.412-338-4720, S.T.08:53, DUR.05:36 | 1.69 |
| 05/22/2001 | VENDOR: Petty Cash; INVOICE#: 05/18/01; DATE: 5/22/01 | 0.60 |
| | 04/08  NY PETTY CASH  L.KRUGER | |
| 05/22/2001 | EXTN.3544, TEL.973-424-2000, S.T.15:57, DUR.01:12 | 0.56 |
| 05/22/2001 | EXTN.5544, TEL.312-861-2160, S.T.17:08, DUR.00:54 | 0.28 |
| 05/22/2001 | EXTN.5544, TEL.312-861-2160, S.T.17:17, DUR.01:06 | 0.56 |
| 05/23/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:30, DUR.00:18 | 0.28 |
| 05/23/2001 | EXTN.5422, TEL.312-861-2124, S.T.14:31, DUR.01:18 | 0.56 |
| 05/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.14:47, DUR.00:18 | 0.28 |
| 05/23/2001 | EXTN.5544, TEL.201-556-4039, S.T.16:04, DUR.00:42 | 0.28 |
| 05/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:06, DUR.00:18 | 0.28 |
| 05/23/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:19, DUR.07:12 | 2.26 |
| 05/23/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:18, DUR.01:24 | 0.56 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 05/24/2001 | EXTN.3430, TEL.201-843-4900, S.T.11:59, DUR.02:30 | 0.85 |
| 05/24/2001 | EXTN.5422, TEL.973-424-2000, S.T.12:16, DUR.00:48 | 0.28 |
| 05/24/2001 | EXTN.5485, TEL.201-843-4900, S.T.16:15, DUR.02:06 | 0.85 |
| 05/24/2001 | EXTN.5544, TEL.201-843-4900, S.T.12:11, DUR.06:12 | 1.97 |
| 05/24/2001 | EXTN.5544, TEL.312-861-2160, S.T.12:40, DUR.04:54 | 1.41 |
| 05/25/2001 | EXTN.3544, TEL.302-657-4942, S.T.13:31, DUR.00:24 | 0.28 |
| 05/25/2001 | EXTN.5492, TEL.201-556-4039, S.T.16:43, DUR.02:42 | 0.85 |
| 05/25/2001 | EXTN.5544, TEL.201-556-4003, S.T.09:46, DUR.01:00 | 0.28 |
| 05/25/2001 | EXTN.5544, TEL.973-424-2017, S.T.09:59, DUR.01:06 | 0.56 |
| 05/25/2001 | EXTN.5544, TEL.312-861-2160, S.T.10:00, DUR.00:06 | 0.28 |
| 05/29/2001 | EXTN.5492, TEL.201-843-4900, S.T.11:03, DUR.02:06 | 0.85 |
| 05/29/2001 | EXTN.5544, TEL.312-861-2124, S.T.11:12, DUR.02:36 | 0.85 |
| 05/31/2001 | EXTN.3544, TEL.312-861-3103, S.T.18:41, DUR.00:42 | 0.28 |
| 05/31/2001 | EXTN.5492, TEL.302-657-4944, S.T.15:17, DUR.01:24 | 0.56 |
| 05/31/2001 | EXTN.5544, TEL.312-861-3103, S.T.10:35, DUR.01:42 | 0.56 |
| 05/31/2001 | EXTN.5544, TEL.302-657-4900, S.T.18:24, DUR.00:24 | 0.28 |
| 05/31/2001 | EXTN.5544, TEL.302-657-4942, S.T.18:27, DUR.03:00 | 0.85 |
| 05/31/2001 | EXTN.5760, TEL.312-861-2162, S.T.15:35, DUR.01:06 | 0.56 |
| | **Long Distance Telephone Total** | **138.39** |

**Duplicating Costs-in House**

| 04/19/2001 | | 15.30 |
| 04/19/2001 | | 0.45 |
| 04/20/2001 | | 17.85 |
| 04/26/2001 | | 19.35 |
| 04/26/2001 | | 15.00 |
| 04/26/2001 | | 7.35 |
| 05/01/2001 | | 4.10 |
| 05/01/2001 | | 4.40 |
| 05/01/2001 | | 0.10 |
| 05/01/2001 | | 3.40 |
| 05/01/2001 | | 0.70 |
| 05/01/2001 | | 5.00 |
| 05/01/2001 | | 16.20 |
| 05/01/2001 | | 5.00 |
| 05/02/2001 | | 11.70 |
| 05/02/2001 | | 10.70 |
| 05/02/2001 | | 32.00 |
| 05/02/2001 | | 5.00 |
| 05/02/2001 | | 1.00 |
| 05/02/2001 | | 0.30 |
| 05/02/2001 | | 0.30 |
| 05/02/2001 | | 0.20 |
| 05/02/2001 | | 0.90 |
| 05/03/2001 | | 5.10 |
| 05/03/2001 | | 2.00 |
| 05/03/2001 | | 11.40 |
| 05/03/2001 | | 13.80 |
| 05/03/2001 | | 13.30 |
| 05/04/2001 | | 39.00 |
| 05/04/2001 | | 58.20 |
| 05/04/2001 | | 1.50 |
| 05/04/2001 | | 0.30 |
| 05/04/2001 | | 1.30 |
| 05/04/2001 | | 6.40 |
| 05/04/2001 | | 0.80 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Amount |
|------|--------|
| 05/04/2001 | 21.70 |
| 05/04/2001 | 27.90 |
| 05/07/2001 | 0.60 |
| 05/07/2001 | 24.60 |
| 05/07/2001 | 2.40 |
| 05/07/2001 | 21.00 |
| 05/07/2001 | 9.60 |
| 05/07/2001 | 2.60 |
| 05/07/2001 | 1.20 |
| 05/07/2001 | 0.60 |
| 05/08/2001 | 3.00 |
| 05/08/2001 | 36.30 |
| 05/08/2001 | 1.50 |
| 05/08/2001 | 2.00 |
| 05/08/2001 | 8.40 |
| 05/08/2001 | 0.30 |
| 05/08/2001 | 2.60 |
| 05/08/2001 | 4.40 |
| 05/08/2001 | 6.30 |
| 05/08/2001 | 2.70 |
| 05/08/2001 | 2.60 |
| 05/08/2001 | 1.90 |
| 05/08/2001 | 49.00 |
| 05/09/2001 | 11.00 |
| 05/09/2001 | 0.80 |
| 05/09/2001 | 1.90 |
| 05/09/2001 | 2.40 |
| 05/09/2001 | 2.40 |
| 05/09/2001 | 0.60 |
| 05/09/2001 | 6.20 |
| 05/10/2001 | 0.40 |
| 05/10/2001 | 67.20 |
| 05/10/2001 | 1.80 |
| 05/10/2001 | 1.80 |
| 05/11/2001 | 1.80 |
| 05/11/2001 | 0.40 |
| 05/11/2001 | 4.20 |
| 05/11/2001 | 24.00 |
| 05/11/2001 | 8.00 |
| 05/11/2001 | 2.30 |
| 05/11/2001 | 3.50 |
| 05/11/2001 | 10.40 |
| 05/11/2001 | 0.60 |
| 05/11/2001 | 0.40 |
| 05/11/2001 | 1.20 |
| 05/11/2001 | 7.40 |
| 05/11/2001 | 1.30 |
| 05/11/2001 | 2.10 |
| 05/14/2001 | 3.00 |
| 05/14/2001 | 2.60 |
| 05/14/2001 | 0.10 |
| 05/15/2001 | 2.60 |
| 05/15/2001 | 0.20 |
| 05/15/2001 | 0.30 |
| 05/15/2001 | 2.70 |
| 05/15/2001 | 2.70 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | | Amount |
|---|---|---|
| 05/15/2001 | | 0.70 |
| 05/15/2001 | | 8.40 |
| 05/16/2001 | | 1.60 |
| 05/16/2001 | | 0.70 |
| 05/16/2001 | | 0.20 |
| 05/16/2001 | | 0.40 |
| 05/16/2001 | | 2.60 |
| 05/17/2001 | | 8.30 |
| 05/17/2001 | | 0.40 |
| 05/17/2001 | | 10.60 |
| 05/17/2001 | | 37.00 |
| 05/17/2001 | | 0.90 |
| 05/17/2001 | | 9.90 |
| 05/17/2001 | | 8.40 |
| 05/18/2001 | | 0.10 |
| 05/18/2001 | | 25.80 |
| 05/18/2001 | | 37.80 |
| 05/21/2001 | | 7.10 |
| 05/21/2001 | | 0.80 |
| 05/21/2001 | | 16.50 |
| 05/23/2001 | | 11.40 |
| 05/23/2001 | | 0.70 |
| 05/23/2001 | | 0.10 |
| 05/24/2001 | | 1.90 |
| 05/24/2001 | | 0.10 |
| 05/24/2001 | | 0.20 |
| 05/24/2001 | | 2.30 |
| 05/25/2001 | | 2.20 |
| 05/25/2001 | | 1.50 |
| 05/25/2001 | | 1.20 |
| 05/25/2001 | | 0.60 |
| 05/25/2001 | | 1.30 |
| 05/25/2001 | | 0.10 |
| 05/25/2001 | | 3.70 |
| 05/25/2001 | | 4.50 |
| 05/29/2001 | | 1.20 |
| 05/29/2001 | | 3.40 |
| 05/29/2001 | | 2.10 |
| 05/30/2001 | | 5.30 |
| 05/30/2001 | | 2.20 |
| 05/30/2001 | | 69.40 |
| 05/31/2001 | | 4.20 |
| 05/31/2001 | | 8.70 |
| **Duplicating Costs-in House Total** | | **1,047.40** |

**Duplicating Costs-Outside**

| 05/18/2001 | VENDOR: Petty Cash; INVOICE#: 05/17/01; DATE: 5/18/01 05/16/01  NY PETTY CASH  J.LI (PROCESS SERVER) OBTAINED COPIES OF COMPLAINT. SDNY - 112 COPIES | 28.00 |
|---|---|---|
| 05/24/2001 | VENDOR: Petty Cash; INVOICE#: 05/23/01; DATE: 5/24/01 05/22/01  NY PETTY CASH  K.CHRISTIAN (PROCESS SERVER) SDNY - USDC COPY  COMPLAINT - COPIED 152 PAGES | 38.00 |
| **Duplicating Costs-Outside Total** | | **66.00** |

**Postage**

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SH

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 05/08/2001 | Postage Charged by  on 05/03/2001 | 0.34 |
| 05/08/2001 | Postage Charged by  on 05/04/2001 | 0.76 |
| 05/24/2001 | Postage Charged by  on 05/18/2001 | 2.44 |
| **Postage Total** | | **3.54** |

**Process Service & Calendar Watch**

| | | |
|---|---|---|
| 05/18/2001 | 5/16 Obtained copies of complaint sdny | 40.00 |
| 05/31/2001 | VENDOR: U.S. Document Retrieval Service, Inc.; INVOICE#: 10380; DATE: 5/18/01 Research and Document Retrieval | 604.47 |
| 05/31/2001 | VENDOR: U.S. Document Retrieval Service, Inc.; INVOICE#: 10321; DATE: 5/24/01 Research & Document Retrieval | 184.67 |
| **Process Service & Calendar Watch Total** | | **829.14** |

**In House Messenger Service**

| | | |
|---|---|---|
| 05/15/2001 | Early Bird Messenger Bike Standard from D. KAUFMAN to  JP MORGAN, 380 MADISON AV | 10.75 |
| 05/16/2001 | Early Bird Messenger 05/01/2005 Bike Standard Roundtrip from L. KRUGER to  JP MO | 16.12 |
| **In House Messenger Service Total** | | **26.87** |

**Facsimile Charges**

| | | |
|---|---|---|
| 04/30/2001 | FAX # 901133388368327 | 20.00 |
| 05/01/2001 | FAX # 917-206-4366 | 21.00 |
| 05/01/2001 | FAX # 201-703-4152 | 8.00 |
| 05/01/2001 | FAX # 901133380640892 | 24.00 |
| 05/01/2001 | FAX # 901133380640892 | 28.00 |
| 05/02/2001 | FAX # 973-424-2001 | 3.00 |
| 05/02/2001 | FAX # 302-575-1714 | 3.00 |
| 05/02/2001 | FAX # 305-374-7593 | 3.00 |
| 05/02/2001 | FAX # 302-654-2067 | 3.00 |
| 05/02/2001 | FAX # 644-6455 | 3.00 |
| 05/03/2001 | FAX # 421-6234 | 2.00 |
| 05/03/2001 | FAX # 644-6755 | 4.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/03/2001 | FAX # 201-843-8044 | 1.00 |
| 05/04/2001 | FAX # 410-531-4783 | 3.00 |
| 05/04/2001 | FAX # 312-861-2200 | 3.00 |
| 05/04/2001 | FAX # 718-422-4429 | 9.00 |
| 05/05/2001 | FAX # 201-843-8044 | 60.00 |
| 05/07/2001 | FAX # 201-843-8044 | 7.00 |
| 05/07/2001 | FAX # 201-843-8044 | 4.00 |
| 05/07/2001 | FAX # 410-531-4783 | 3.00 |
| 05/09/2001 | FAX # 201-843-8044 | 31.00 |
| 05/11/2001 | FAX # 799-1349 | 3.00 |
| 05/12/2001 | FAX # 570-1803 | 4.00 |
| 05/15/2001 | FAX # 421-6234 | 25.00 |
| 05/16/2001 | FAX # 973-424-2001 | 2.00 |
| 05/18/2001 | FAX # 302-657-4901 | 2.00 |
| 05/18/2001 | FAX # 570-1803 | 4.00 |
| 05/20/2001 | FAX # 570-1803 | 7.00 |
| 05/21/2001 | FAX # 407-345-1115 | 3.00 |
| 05/22/2001 | FAX # 421-6234 | 1.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 05/22/2001 | FAX # 310-772-6937 | 37.00 |
|---|---|---|
| 05/23/2001 | FAX # 201-843-8044 | 2.00 |
| 05/25/2001 | FAX # 312-660-0528 | 6.00 |
| 05/25/2001 | FAX # 302-652-4400 | 6.00 |
| 05/25/2001 | FAX # 973-424-2001 | 6.00 |
| 05/25/2001 | FAX # 312-861-2200 | 6.00 |
| 05/25/2001 | FAX # 312-660-0528 | 7.00 |
| | **Facsimile Charges Total** | **367.00** |

**Travel Expenses - Transportation**

| 05/08/2001 | VENDOR: Robert Raskin; INVOICE#: 05/04/01; DATE: 5/8/01 05/03/01  TRAVEL TO NDELAWARE TO MEET WITH CLIENT FOR HEARING - CABFARES AND PARKING | 44.00 |
|---|---|---|
| 05/21/2001 | VENDOR: CHASE Business Credit Card; INVOICE#: 050101; DATE: 5/1/01 Visa charge 4/12/01 L Kruger NY Penn to Wilmington | 92.50 |
| 05/23/2001 | VENDOR: Petty Cash; INVOICE#: 05/22/01; DATE: 5/23/01 05/18/01  NY PETTY CASH  A.KRIEGER  (MTG. IN DELAWARE) | 23.50 |
| | **Travel Expenses - Transportation Total** | **160.00** |

**Travel Expenses - Lodging**

| 05/08/2001 | VENDOR: Robert Raskin; INVOICE#: 05/04/01; DATE: 5/8/01 05/03/01  TRAVEL TO NDELAWARE TO MEET WITH CLIENT FOR HEARING - HOTEL | 176.10 |
|---|---|---|
| | **Travel Expenses - Lodging Total** | **176.10** |

**Travel Expenses - Meals**

| 05/08/2001 | VENDOR: Robert Raskin; INVOICE#: 05/04/01; DATE: 5/8/01 05/03/01  TRAVEL TO NDELAWARE TO MEET WITH CLIENT FOR HEARING - MEALS | 31.95 |
|---|---|---|
| | **Travel Expenses - Meals Total** | **31.95** |

**Westlaw**

| 05/01/2001 | | 13.75 |
|---|---|---|
| 05/02/2001 | | 24.39 |
| 05/04/2001 | | 55.00 |
| 05/04/2001 | | 5.00 |
| 05/08/2001 | | 70.70 |
| 05/09/2001 | | 193.24 |
| 05/10/2001 | | 26.92 |
| 05/11/2001 | | 110.00 |
| 05/14/2001 | | 11.17 |
| 05/15/2001 | | 13.75 |
| 05/15/2001 | | 3.75 |
| 05/16/2001 | | 17.55 |
| 05/22/2001 | | 19.98 |
| **Westlaw Total** | | **565.20** |

**Word Processing - Logit**

| 05/20/2001 | | 126.00 |
|---|---|---|
| **Word Processing - Logit Total** | | **126.00** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

### Matter Disbursement Summary

| | |
|---|---|
| Outside Messenger Service | $ 917.94 |
| Overtime | 1125.00 |
| Meals | 477.85 |
| Local Transportation | 821.85 |
| Long Distance Telephone | 138.39 |
| Duplicating Costs-in House | 1047.40 |
| Duplicating Costs-Outside | 70.50 |
| Postage | 3.54 |
| Process Service & Calendar Watch | 829.14 |
| In House Messenger Service | 26.87 |
| Facsimile Charges | 367.00 |
| Travel Expenses - Transportation | 160.00 |
| Travel Expenses - Lodging | 176.10 |
| Travel Expenses - Meals | 31.95 |
| Westlaw | 565.20 |
| Word Processing - Logit | 126.00 |

Total Disbursements/Charges    $ 6,884.73

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objections due by July 23, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

## NOTICE OF APPLICATION

TO:    Office of the United States Trustee; Counsel to the Debtors; Counsel to the Official
Committee of Asbestos Personal Injury Claimants; Counsel to the Official Committee of
Asbestos Property Damage Claimants; the Official Committee of Equity Security
Holders; and Counsel to the Debtors-in-Possession Lenders (the "DIP Lenders").

The Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases
has today filed the attached **Second Application of Stroock & Stroock & Lavan LLP for
Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the
Official Committee of Unsecured Creditors for the Period from May 1, 2001 Through May
31, 2001** (the "Application").

You are required to file with the United States Bankruptcy Court for the District of
Delaware, Marine Midland Plaza, 824 Market Street, 6th Floor, Wilmington, DE 19801, any
objection to the attached Application on or before July 23, 2001, at 4:00 p.m.

At the same time, you must also serve a copy of objections or responses, if any, upon the
following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200
East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200) and Laura Davis
Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones, P.C., 919 N. Market Street, Suite 1600,
P.O. Box 8705, Wilmington, DE 19899-8705 (fax number 302-652-4400); (ii) counsel to the
Official Committee of Unsecured Creditors, Attn: Lewis Kruger, Esquire, Stroock & Stroock &
Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (fax number 212-806-6006), and
Michael R. Lastowski, Esquire, Duane, Morris & Heckscher LLP, 1100 North Market Street,
Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) counsel to the
Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esquire, Bilzin,
Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne
Boulevard, Suite 2500, Miami, FL 33131 (fax number 305-374-7593), and Michael B. Joseph,
Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE

WLM\147522.1

19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Ashby & Geddes, 222 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899 (fax number 302-654-2067); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899 (fax number 302-658-6395); and (vi)the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801 (fax number 302-573-6497).

A HEARING ON THE APPLICATION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, ONLY IF OBJECTIONS ARE TIMELY FILED AND SERVED.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: July 2, 2001

Respectfully submitted,

Michael R. Lastowski, Esquire (DE I.D. No. 3892)
DUANE, MORRIS & HECKSCHER, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:    mlastowski@duanemorris.com

- and -

Lewis Kruger, Esquire
STROOCK & STROOCK & LAVAN, LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Co-Counsel to the Official Committee*
*of Unsecured Creditors*

WLM\147522.1

- 2 -

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., <u>et al.</u>,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | Objections due by July 23, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

## <u>CERTIFICATE OF SERVICE</u>

I, Michael R. Lastowski, Esquire, certify that I am not less than 18 years of age, and that

service of a copy of the attached **Notice of Second Application of Stroock & Stroock & Lavan**

**LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel**

**to the Official Committee of Unsecured Creditors for the Period from May 1, 2001**

**Through May 31, 2001** was made July 2, 2001, upon:

> All of the parties indicated on the attached Service List by first
> class mail, postage prepaid, or as otherwise indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

_July 2, 2001_
Date

_Michael R. Lastowski_
Michael R. Lastowski, Esquire

# W.R. GRACE FEE APPLICATION SERVICE LIST
Case No. 01-01139 (JJF)
Doc. No. Word147513v1

*Via Hand Delivery*
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to Debtors and Debtors in Possession*

*Via First Class Mail*
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
*Counsel to Debtors and Debtors in Possession*

*Via Hand Delivery*
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Local Counsel to DIP Lender*

*Via Hand Delivery*
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
*Counsel to Debtor*

*Via First Class Mail*
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606
*Counsel to DIP Lender*

*Via Hand Delivery*
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*Counsel for Asbestos Property Damage Claimants*

*Via Hand Delivery*
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Local Counsel to Asbestos Property Damage Claimants*

*Via First Class Mail*
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Via First Class Mail*
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
*Official Committee of Unsecured Creditors*

*Via First Class Mail*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022
*Official Committee of Asbestos Personal Injury
Claimants*

*Via First Class Mail*
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102
*Counsel to Official Committee of Unsecured
Creditors*

*Via First Class Mail*
Dimensional Fund Advisors
Attn: Lawrence Spieth
10 S. Wacker Drive, #2275
Chicago, IL 60606
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Simon Atlas
8314 Meadowlark Lane
Bethesda, MD 20817
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price
 & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131
*Official Committee of Asbestos Property Damage
Claimants*

*Via First Class Mail*
Peninsula Partners, L.P.
Attn: Ted Weschler
404B East Main Street, 2nd Floor
Charlottesville, VA 22902
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Angus W. Mercer
4500 Carmel Estates Road
Charlotte, NC 28226
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Raymond E. Smiley
35415 Solon Road
Solon, OH 44139-2415
*Official Committee of Equity Security Holders*

# - EXHIBIT C -

**Exhibit C**
**[June, 2001 Fee Application]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                           Chapter 11

**W.R. Grace & Co., et al.**                     Case No. 01-01139(JJF)

        Debtors.                                Jointly Administered

**THIRD APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM JUNE 1, 2001 THROUGH JUNE 30, 2001**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **June 1, 2001 – June 30, 2001** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$91,019.00** |
| Amount of Expense Reimbursement sought as actual reasonable and necessary: | **$10,458.14** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 36.3 hours and the corresponding compensation requested is approximately $8,712.50.[1]

This is the third application filed

---

[1] This is Stroock's Third Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**Fee Application/Attachment A**

| Date Filed | Period Covered | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

W R Grace & Co.
June 1 through June 30, 2001
Attachment B

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 4.9 | $650 | $ 3,185.00 |
| Pasquale, Kenneth | Partner | 3 | 10.7 | $475 | $ 5,082.50 |
| Raskin, Robert | Partner | 8 | 28.9 | $550 | $ 15,895.00 |
| Wintner, Mark | Partner | 20 | 2.4 | $550 | $ 1,320.00 |
| Keppler, Abbey | Special Counsel | 8 | 8.1 | $425 | $ 3,442.50 |
| Krieger, Arlene | Special Counsel | 8 | 59.0 | $425 | $ 25,075.00 |
| Sasson, Moshe | Associate | 7 | 57.4 | $360 | $ 20,664.00 |
| Taruschio Anna | Associate | 1 | 47.5 | $245 | $ 11,637.50 |
| Gomelskaya, Irina | Summer Associate | N/A | 5.0 | $150 | $ 750.00 |
| Serrette, Rosemarie | Paraprofessional | 13 | 25.9 | $150 | $ 3,885.00 |
| Bent, Tamika | Legal Research | N/A | 1.5 | $55 | $ 82.50 |
| **Total** | | | 251.3 | | $ 91,019.00 |

Blended Rate    $  362.19

1115236.03

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W. R. GRACE & CO., et al.[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**THIRD FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JUNE 1, 2001 THROUGH JUNE 30, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a third interim allowance of

compensation for services rendered and for reimbursement of expenses incurred in connection

therewith, respectfully represents as follows:

## I.   INTRODUCTION

1.      By this application, Stroock seeks (i) an interim allowance of compensation for

the professional services rendered by Stroock as counsel for the Committee for the period from

June 1, 2001 through June 30, 2001 (the "Third Monthly Period") in the aggregate amount of

$91,019.00, representing 218.9 hours of professional services and 32.4 hours of paraprofessional

services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the

Third Monthly Period in connection with the rendition of such professional services and

paraprofessional services in the aggregate amount of $10,458.14.

2.      Venue of this proceeding and this application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C.

§§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.   BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.     On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

6.     The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

Committees").  On June 8, 2001, the United States Trustee appointed an official committee to

represent the interests of equity security holders of the Debtors.

7.     By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.     This is the third application Stroock has filed with the Court for an allowance of

compensation and reimbursement of expenses for services rendered to the Committee.  This

application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and

331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]  The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

      9.     Applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

      10.    As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

      11.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

      12.    Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the

4

services during the Third Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Third Monthly Period, their normal hourly rates, and the value of their services.

13.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.    The following summary of the services rendered during the Third Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention immediately.

(i)    <u>Case Administration/General – Category 0002</u>

16.    During the Third Monthly Period, Stroock attended to the preparation of a revised form of the Committee's By-Laws, solicited comments from the Committee regarding the amended form of By-Laws, and circulated draft modifications to the Committee. Stroock also

5

assisted in the preparation of the final form of a confidentiality agreement to be executed by the Committee's financial consultant, FTI/Policano & Manzo ("FTI P&M").

17.     Stroock reviewed each of the motions filed by the Debtors or other parties with the Court during this Third Monthly Period, drafted memoranda to the Committee summarizing the relief requested by them, analyzed the legal issues, where appropriate, and provided recommendations on the motions to the Committee.  With respect to those matters, Stroock continued to negotiate the issues or forms of proposed orders, as applicable, with the Debtors and other parties on behalf of the Committee, to resolve those matters consensually, if possible, and thus avert the need and expense of filing responsive pleadings.

18.     During this Third Monthly Period, Stroock also coordinated the Committee's meeting and conference calls, and worked closely with the Committee's financial consultant, FTI P&M, to assist the Committee.  Stroock has expended 19.8 hours on this category for a fee of $6,386.00.

### (ii)    Fee Application/Monthly Billing Reports -- 0003

19.     During the Third Monthly Period, Stroock prepared its Second Fee Application including a narrative section summarizing the services rendered during that period by Stroock and compiled and attached expense schedules.  Stroock also prepared on behalf of the Committee an application seeking reimbursement for the out-of-pocket expenses incurred by certain members of the Committee.  Stroock has expended 36.3 hours on this category for a fee of $8,712.50.

### (iii)    Review of Other Professionals' Fee Application – Category 0004

20.     In connection with this matter, Stroock assisted FTI/P&M in the final preparation of FTI P&M's fee application.

6

(iv)     **Asbestos Litigation – Category 0005**

21.      The Debtors state that their Chapter 11 filings were precipitated by a substantial

and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the

recent commencement of cases asserting new theories of asbestos-related liability against them.

Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock

attorneys continued, during the Third Monthly Period, to thoroughly review the various

pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which

may impact on the conduct of related asbestos actions against non-debtor third parties, and those

which may impact upon the process for, and determination of, the amount and validity of

asbestos-related claims against the Debtors' estates.

22.      More specifically, during the Third Monthly Period, Stroock reviewed the

Debtors' motion to modify the preliminary injunction previously granted by the Court and the

objections filed thereto, and prepared for the Court hearing on those matters. Stroock also

continued its review of proof of claim, bar date, and notice, forms and procedures approved in

other major cases with substantial asbestos or other tort liabilities, in preparation for its up-

coming review of the same issues in these Chapter 11 cases. Towards the latter part of this

period, the Debtors filed an extensive motion seeking entry of a case management order

providing for the establishment of a proposed schedule and process to determine the validity of

asbestos claims against the Debtors' estates, and entry of an order providing for the

establishment of a bar date and approving special proof of claim and notice procedures to be

utilized in these cases, and a memorandum in support thereof. Stroock began its review of the

Debtors' case management/bar date motion at the close of the Third Monthly Period.

7

23.     In addition, during the Third Monthly Period, Stroock reviewed the joint motion filed by the asbestos property damage committee and the asbestos personal injury committee (the "Asbestos Committees' Joint Motion") seeking authority to prosecute, on behalf of the estates, fraudulent transfer claims against the Debtors, prepared a memorandum for the Committee on the Asbestos Committees' Joint Motion and began to analyze various issues arising with regard thereto. Following discussions with the Committee on the Committee's position in response to the Joint Motion, Stroock began to prepare a response in opposition to the Joint Motion.

24.     Stroock also continued its analysis and discussions with the Committee with respect to its retention of experts to assist the Committee and the Court in evaluating the numerous issues surrounding the validity and quantification of asbestos-related claims in these cases.

25.     Stroock has expended 82.2 hours on this category for a fee of $32,013.00.

(v)     **Retention of Professionals - Category 0006**

26.     During the Third Monthly Period, Stroock, continued to work together with the Debtors and representatives of The Blackstone Group to ultimately reach a consensual resolution of the Committee's concerns with respect to the proposed terms of the Debtors' retention and compensation of The Blackstone Group, as their financial advisors.

27.     In addition, Stroock reviewed and summarized for the Committee the terms of the proposed retention by the Debtors of various professionals, including Wallace, King Marraro & Branson PLLC; Holme, Roberts & Owen LLP; and Nelson Mullins Riley & Scarborough, LLP, and by the asbestos property damage committee's retention of Ferry & Joseph, P.A., and raised with the Debtors and the property damage committee any concerns the Committee had with respect to the terms of such professionals retention.

8

28.     Stroock has expended 9.7 hours on this category for a fee of $3,542.50.

(vi)     Creditors Committee Meetings/Conferences - Category 0007

29.     Stroock held two conference calls with the members of the full Committee during the Third Monthly Period, whereon the Committee discussed, among other matters, the Debtors' proposed key employee retention programs, the assumption of certain senior management employment agreements, the Asbestos Committees' Joint Motion to prosecute fraudulent transfer claims and the Debtors' proposed acquisition of a french based specialty chemical company.  In order to keep the Committee fully informed of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions.

30.     Prior to each conference call with the Committee, Stroock prepared and circulated an agenda of the matters to be discussed, reviewed each pending matter, and all underlying documentation in connection therewith.  Thereafter, Stroock discussed each of these matters with the Committee and assisted the members in formulating a position thereon.  Through these telephone conference meetings and correspondence, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.

31.     Stroock also continued to discuss with the Debtors and with members of the Committee a revised version of the Committee's By-Laws, and prepared and circulated modified forms thereof.

32.     Stroock has expended 63.5 hours on this category for a fee of $23,685.00.

9

(vii)    **Court Hearings - Category 0008**

33.    There was one hearing before the Court during the Third Monthly Period during which the Court heard argument on the Debtors' motion to modify the preliminary injunction and the various objections filed thereto, and the Court was presented with the consensual resolution of certain of the Debtors' first day motions, which had been the subject of objection and on-going discussion.  Stroock attended and actively participated, as necessary, in the hearings before the Court.

34.    Stroock has expended 8.2 hours on this category for a fee of $4,485.00.

(viii)    **Executory Contracts/License Agreements – Category 0011**

35.    During the Third Monthly Period, Stroock reviewed the Debtors' motion seeking to settle claims, and enter into a new agreement, with Zhagrus Environmental Inc., a member of the Committee, and the Debtors' motion proposing omnibus procedures for settlement of certain non-asbestos related claims.  These proposed omnibus procedures provided for settlement of claims according to a two-tiered system of claims classification, based on the proposed amount of the settled claim, with different kinds of notice provided to third parties, including the Committee.  Stroock reviewed the Zhagrus settlement motion and the omnibus claims settlement procedures motion, prepared memoranda describing and making recommendations to the Committee as to them, and began to engage the Debtors in discussions to achieve appropriate modifications to the proposed claims settlement procedures.  Ultimately, the information requested with respect to the Zhagrus settlement motion was obtained and the Committee's concerns with respect to the proposed omnibus settlement procedures were consensually resolved.

10

36.    During the Third Monthly Period, Stroock also began to review the motion of

certain former employees of the Debtors seeking reimbursement from the estates, as

administrative expenses, of legal fees and expenses incurred prepetition and postpetition in

defense of an administrative proceeding brought against the former employees by the United

States Securities and Exchange Commission, and began to review the legal issues raised by the

motion.

37.    Stroock has expended 8.5 hours on this category for a fee of $2,237.50.

       (ix)    **Sales of Assets – Category 0015**

38.    At the end of the Third Monthly Period, the Debtors filed a motion seeking to

establish procedures to abandon or sell certain assets that it deemed *de minimis*.  During this

period, Stroock began a review of this motion on behalf of the Committee.

39.    In addition, the Debtors informed FTI P&M and Stroock that they wanted to

acquire a specialty chemical company located in Europe.  Stroock discussed the proposed

acquisition with FTI P&M, provided comment to FTI P&M on an analysis it was preparing on

the acquision and discussed the matter with the Committee.

40.    Stroock has expended 3.1hours on this category for a fee of $1,405.00.

       (x)    **Erisa Issues – Category 0020**

41.    During the Third Monthly Period, the Committee consensually concluded various

employee-related matters that had been the subject of extensive review, analysis and discussion

by Stroock and FTI P&M with the Debtors since the beginning of these cases.  These matters

included: (a) the relief sought in the extensive first day motion (the "Benefits Motion") and

obtained from the Court in a first day order (the "Benefits Order") authorizing the Debtors to

continue to pay their current, as well as former employees, independent contractors and directors,

11

pre-petition employee benefits and severance pay; (b) approval for certain key employee

retention programs, including change of control programs for the Debtors' senior executives,

interim approval for which had already been granted by the Court; and (c) the Debtors' request

for authorization to assume employment agreements with eight of their senior executives.

42.    More specifically during this period, Stroock continued to review and analyze

additional documentation relevant to the employee benefit-related issues under discussion and

continued to engage the Debtors in discussions over the Debtors' various key employee retention

programs and executive employment agreements. After the Committee reached a consensual

resolution with the Debtors on these matters, Stroock thoroughly reviewed each of the forms of

orders prepared and circulated by the Debtors and provided comment thereon. The employee

benefit-related orders were submitted and approved by the Court.

43.    Stroock has expended 19.1 hours on this category for a fee of $8,417.50.

## IV.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

44.    The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance

of the full compensation sought.

(A)    The Time and Labor Required. The professional services rendered by

Stroock on behalf of the Committee have required the expenditure of substantial

time and effort, as well as a high degree of professional competence and

expertise, in order to deal with the many complex issues encountered by the

Committee with skill and dispatch. Occasionally, Stroock has been required to

perform these services under significant time constraints requiring work late into

12

the evening and on weekends. The services rendered by Stroock were performed

efficiently, effectively and economically.

(B)    The Novelty and Difficulty of Questions. Novel and complex issues have

already arisen in the course of these Chapter 11 cases, and it can be anticipated

that other such issues will be encountered. In this case, as in many others in

which the firm is involved, Stroock's effective advocacy and creative approach

have helped clarify and resolve such issues and will continue to prove beneficial.

(C)    The Skill Requisite to Perform the Legal Services Properly. Stroock

believes that its recognized expertise in the area of corporate reorganization, its

ability to draw from highly experienced professionals in other areas of Stroock's

practice, and its creative approach to the resolution of issues, are and will

continue to contribute to the maximization of the distributions to the Debtors'

unsecured creditors.

(D)    The Preclusion of Other Employment by Applicant Due to Acceptance of

the Case. Due to the size of Stroock's insolvency department, Stroock's

representation of the Committee has not precluded its acceptance of new clients.

However, the volume of the matters needing attention on a continuing basis has

required several of the attorneys to commit significant portions of their time to

these cases.

(E)    The Customary Fee. The fee sought herein is based upon Stroock's

normal hourly rates for services of this kind. Stroock respectfully submits that the

fee sought herein is not unusual given the magnitude and complexity of these

cases and the time expended in attending to the representation of the Committee,

13

and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F)     Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)     Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has been required to attend to the various issues arising in these cases.  Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)     The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including:  Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc.,

14

Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.    ALLOWANCE OF COMPENSATION

45.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

46.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services

15

rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

47.    The total time spent by Stroock attorneys and paraprofessionals during the Third Monthly Period was 251.3 hours. Such services have a fair market value of $91,019.00. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

48.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Third Monthly Period, their normal hourly rates, and the value of their services.

49.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $10,458.14 for which Stroock respectfully requests reimbursement in full.

50.    The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

16

51.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

52.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

53.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

54.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

55.     No prior application has been made in this or in any other Court for the relief requested herein for the Third Monthly Period.

**WHEREFORE,** Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)     the allowance of compensation for professional services rendered to the Committee during the period from June 1, 2001 through and including June 30, 2001 in the amount of $91,019.00;

17

(b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection

with the rendering of such services during the period from June 1, 2001 through

and including June 30, 2001 in the amount of $10,458.14; and

(c)     authorizing and directing the Debtor to pay as interim compensation to Stroock

80% of the amount of the professional services rendered and 100% of the

expenses incurred by Stroock during the period from June 1, 2001 through and

including June 30, 2001, subject to final payment of the full amount; and

(d)     granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        July 27, 2001

                        STROOCK & STROOCK & LAVAN LLP

                        _Lewis Kruger_
                        _____
                        Lewis Kruger (LK4512)
                        A Member of the Firm
                        180 Maiden Lane
                        New York, New York 10038-4982
                        (212) 806-5400


                        Co-Counsel for the Official Committee of
                        Unsecured Creditors of W. R. Grace & Co., et al.

18

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK )
                      ) ss:
COUNTY OF NEW YORK )

LEWIS KRUGER, being duly sworn, deposes and says:

    1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),
which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York
10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of
the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and
sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession
before this Court.

    2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of
Stroock's third monthly application for an interim allowance of compensation and for the
reimbursement of expenses for services rendered during the period from June 1, 2001 through
and including June 30, 2001 in the aggregate amount of $101,477.14.

SSL-DOCS1 1129077v2

3.        All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from June 1, 2001 through and including June 30, 2001 and not on behalf of any other person.

4.        In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.        In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

LEWIS KRUGER

Sworn to before me this
27 day of July, 2001

Notary Public

ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

-2-

# EXHIBIT B

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

July 26, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through June 30, 2001 in
connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0002 | General Case Administration | 19.8 | 6,386.00 |
| 0003 | Fee Application/Monthly Billing Reports | 36.3 | 8,712.50 |
| 0004 | Review of Other Professionals Fee Application | 0.9 | 135.00 |
| 0005 | Asbestos Litigations | 82.2 | 32,013.00 |
| 0006 | Retention of Professionals | 9.7 | 3,542.50 |
| 0007 | Creditors Committee Issues/Conferences | 63.5 | 23,685.00 |
| 0008 | Court Hearings | 8.2 | 4,485.00 |
| 0011 | Executory Contracts/License Agreements | 8.5 | 2,237.50 |
| 0015 | Sale of Assets | 3.1 | 1,405.00 |
| 0020 | Erisa Issues | 19.1 | 8,417.50 |
| | Total | 251.3 | 91,019.00 |

## STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

July 26, 2001
Invoice: 238429

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through June 30, 2001, including:

RE:     **General Case Administration**
        **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/01/2001 | Office conferences RS re calendar matters including Committee's motion for reconsideration, notice of fee application and telephone call Lastowski re notice of application (.6). | Krieger, A. | 0.6 |
| 06/01/2001 | Review drafts of orders and correspondence re preliminary injunction (.2), o/c R. Serrette regarding schedules and FTI (.2). Review Blackstone retention order draft and fax comments re same (.5). | Raskin, R. | 0.9 |
| 06/04/2001 | Review pleadings (.1); distribution of same (.2); edits to contact lists (.2). | Serrette, R. | 0.5 |
| 06/05/2001 | Numerous telephone calls M. Lastowski, J. Meyers and office conferences RS re noticing procedures (.9). | Krieger, A. | 0.9 |
| 06/05/2001 | Conference with A. Krieger re Wells Fargo (.1); set up Committee conference call (.2); review contact list (.2). | Serrette, R. | 0.5 |
| 06/06/2001 | Memos to Committee members regarding conference call (.1); Memos from and to C. MacCullum re corporate analysis of Lockhart & Norris agreements and reviewed same (.4); office conferences A. Taruschio re Blackstone order, lease rejection memorandum, memorandum on other pending motions (.3). | Krieger, A. | 0.8 |
| 06/07/2001 | Review Notice of Certificate of no objection at A. | Serrette, R. | 0.4 |

Krieger's request (P&M an Duane Morris) (.2);
telephone conferences with SD. Hollinghead re same
(.2).

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 06/08/2001 | Telephone call with Lafel of Kempner (bought bank debt) and update on status. | Kruger, L. | 0.4 |
| 06/11/2001 | Office conference with R. Raskin; telephone call with D. Bernick of Kirkland & Ellis regarding fraudulent transfer issue and approach to litigation or resolution. | Kruger, L. | 0.4 |
| 06/11/2001 | T/c L. Kruger re payment on guarantee (.2), Conf. call Kruger and David Bernick (.5). | Raskin, R. | 0.7 |
| 06/12/2001 | Telephone call Rod Thomas re creditor inquiry (.5); telephone call R. Raskin re By-Law revisions and preparation of Committee member acknowledgement (.2); telephone call J. Kapp re revised by-laws (.1); prepared form of Committee member acknowledgement (.3); telephone calls Sean Cunningham and then with M. Reed re proposed confidentiality agreement and terms thereof (.9); telephone call R. Higgins re P&M Confidentiality Agreement (.1). | Krieger, A. | 0.5 |
| 06/12/2001 | Tephone call R. Higgins re P&M Confidentiality Agreement (.1); telephone call S. Hollinghead re service of certificates of not objection (.2); correspondence from S.Schwartz re motion (.2). | Krieger, A. | 0.5 |
| 06/13/2001 | Review pleadings and distribute (.2). | Serrette, R. | 0.2 |
| 06/15/2001 | T/c A. Krieger re issues surrounding Zhagrus settlement, (.2), review comments to confidentiality agreements (.2), t/c L. Kruger re issues related to asbestos (.1). | Raskin, R. | 0.5 |
| 06/18/2001 | Review of asbestos property damage committee response to debtors' omnibus claim and litigation procedure motion. | Kruger, L. | 0.3 |
| 06/18/2001 | Update of Critical Date Calendar including main case docket; Adv Pro docket and time line on Asbestos claims litigation. | Serrette, R. | 2.5 |
| 06/19/2001 | Review new pleading regarding Asbestos Committee objection to debtors removal motion (.2 hrs); review critical dates calendar (.2 hrs); review objection regarding omnibus procedures (.4 hrs). | Taruschio, A. | 0.8 |
| 06/20/2001 | Update critical date calendar; organized files according to docket# to be circulated to Moshe Sasson. | Bent, T. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 06/20/2001 | Further office conferences S. Schwartz re Wallace King order, employee benefits order, appointment of equity Committee (.7); memo re appointment of equity committee (.1). | Krieger, A. | 0.8 |
|---|---|---|---|
| 06/20/2001 | T/c A. Krieger re confidentiality and proposed sale. T/c K. Pasquale re hearing (.1), email Lastowski re hearing (.2), review memo to committee re pending motions (.2), review motion to commence fraudulent conveyance claims (.2). | Raskin, R. | 0.7 |
| 06/20/2001 | Review of filed pleadings and update critical date calendar (.4); assisted in the preparation for June 21 hearing (.3). | Serrette, R. | 0.7 |
| 06/20/2001 | Telephone and draft supplemental conflicts affidavit (2.2 hrs); review pleadings for A. Krieger regarding objections to pending motions (.4 hrs). | Taruschio, A. | 2.6 |
| 06/21/2001 | Updated W.R. Grace critical date calendar. | Bent, T. | 0.5 |
| 06/21/2001 | Review pending motions (.2 hrs); telephone call to debtor's counsel regarding prepetition claims (.2 hrs). | Taruschio, A. | 0.4 |
| 06/25/2001 | Review docket (.2); review certificate of no objection (SSL Fees) and edits to same (.4); conference with A. Krieger re same (.1). | Serrette, R. | 0.7 |
| 06/27/2001 | O/c re asbestos committee motion (.3), review motion for indemnity (.3), o/c A. Krieger re same (.2). | Raskin, R. | 0.8 |
| 06/29/2001 | T/c J Kapp re motion to indemnify (.2) | Raskin, R. | 0.2 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Bent, Tamika | 1.5 | $ 55 | $ 82.50 |
| Krieger, Arlene | 4.1 | 425 | 1,742.50 |
| Kruger, Lewis | 1.1 | 650 | 715.00 |
| Raskin, Robert | 3.8 | 550 | 2,090.00 |
| Serrette, Rosemarie | 5.5 | 150 | 825.00 |
| Taruschio, Anna | 3.8 | 245 | 931.00 |

Total For Professional Services Rendered    $ 6,386.00

**Total for this Matter**    $ 6,386.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Fee Application/Monthly Billing Reports**
      **699842. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/01/2001 | Correspondence from Bilzen re amended ordinary course professionals list (.1); office conference RS and then telephone call M. Lastowski re reviewed notice and process on professionals monthly fee applications (.5). | Krieger, A. | 0.6 |
| 06/04/2001 | Conference with A. Krieger re service of Amended Notice of fee application filing (.1); conference with J. Weiss (DM) re procedure (.1). | Serrette, R. | 0.2 |
| 06/05/2001 | Reviewed Amended Notice of Fee Application (.1); conferences with A. Krieger re same (.2). | Serrette, R. | 0.3 |
| 06/06/2001 | Further review of Notice (.2); conference with A. Krieger re same (.1); distribute (.3); draft Affidavit of service (.3). | Serrette, R. | 0.9 |
| 06/11/2001 | Review of time entries for May 2001 in preparation for Second Fee Application. | Serrette, R. | 1.0 |
| 06/15/2001 | Begin drafting second interim fee application (2.9 hrs); office conference with R. Serrette regarding same (.5 hrs). | Taruschio, A. | 3.4 |
| 06/18/2001 | Draft second interim fee application (3.9 hrs). | Taruschio, A. | 3.9 |
| 06/19/2001 | Draft fee application (2.7 hrs). | Taruschio, A. | 2.7 |
| 06/20/2001 | Review time records for preparation of May fee application (1.0). | Krieger, A. | 1.0 |
| 06/21/2001 | Draft application for reimbursement of Committee member expenses; review of submitted expenses. | Serrette, R. | 2.3 |
| 06/22/2001 | Review of Committee expense application and edits to same (.2). | Serrette, R. | 0.2 |
| 06/25/2001 | Complete review of time records in preparation of fee application, and office conference RS re same (1.6). | Krieger, A. | 1.6 |
| 06/25/2001 | Review and revise SSL's draft second fee application. | Krieger, A. | 1.0 |
| 06/25/2001 | Review and edit fee summaries (.2); edits to text of application (.2); conference with A. Krieger re same (.1);edits to cover page (.2); review and revise | Serrette, R. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | Committee expense application and expense forms (1.3). | | |
| 06/26/2001 | Review May fee statement in preparation for fee application | Serrette, R. | 0.9 |
| 06/27/2001 | Review and revise fee application. | Serrette, R. | 3.0 |
| 06/28/2001 | Review and revise SSL's draft second fee application. | Krieger, A. | 3.0 |
| 06/28/2001 | Review time entries in preparation for filing second fee application (1.3); conference with A. Krieger re same (.1). | Serrette, R. | 1.4 |
| 06/29/2001 | Memos from and to S. Hollinghead re Policano & Manzo fee application and office conference RS re same (.3); office conference RS re preparation of SSL fee application (.2). | Krieger, A. | 0.5 |
| 06/29/2001 | Review draft fee application | Raskin, R. | 0.5 |
| 06/29/2001 | Review and revise committee expense application; prepare for filing; review and revise second fee application; conference with A. Krieger re same; conference with S. Hollinghead (DM) re filing and service of P&M fee application; review same. | Serrette, R. | 5.9 |

**Summary of Hours**

| | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 7.7 | $ 425 | $ 3,272.50 |
| Raskin, Robert | 0.5 | 550 | 275.00 |
| Serrette, Rosemarie | 18.1 | 150 | 2,715.00 |
| Taruschio Anna | 10.0 | 245 | 2,450.00 |

Total For Professional Services Rendered    $ 8,712.50

Total for this Matter    $ 8,712.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Review of Other Professionals Fee Application**
        **699842. 0004**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/28/2001 | Conference with Craig McCullen (FTI M&P) re fee application. | Serrette, R. | 0.9 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Serrette, Rosemarie | 0.9 | $ 150 | $ 135.00 |
| | | Total For Professional Services Rendered | $ 135.00 |

**Total for this Matter**       $ 135.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Asbestos Litigations**
       699842. 0005

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/09/2001 | T/c K. Pasquale re: research issue; research PA workers comp., law., draft memo to L. Kruger re: same. | Sasson, M. | 1.2 |
| 06/01/2001 | Review Debtors motion to modify the preliminary injunction and office conferences KP re same (1.2). | Krieger, A. | 1.2 |
| 06/01/2001 | Attention to debtors' motion to extend litigation injunction (.7) | Pasquale, K. | 0.7 |
| 06/04/2001 | Memos to and from K. Pasquale re 6/21 hearing (.2). | Krieger, A. | 0.2 |
| 06/04/2001 | Telephone call with Jane Bear of Kirkland & Ellis regarding further injunctive relief. | Kruger, L. | 0.2 |
| 06/05/2001 | Attention to debtors' motion to modify preliminary injunction (.4) | Pasquale, K. | 0.4 |
| 06/06/2001 | Attention to debtors' motion for authority to retain asbestos experts (.4) | Pasquale, K. | 0.4 |
| 06/11/2001 | Review Debtors' scheduling order re asbestos claims litigation and office conference K. Pasquale re same (.5). | Krieger, A. | 0.5 |
| 06/12/2001 | Review debtors' proposal for the management and scheduling of asbestos claims. | Kruger, L. | 0.6 |
| 06/12/2001 | Review litigation/bankruptcy files from Dow Corning bankruptcy. | Sasson, M. | 5.5 |
| 06/13/2001 | Continued reviewing litigation/bankruptcy/filing in Dow Corning, Babcok & Wilcox case. | Sasson, M. | 2.5 |
| 06/14/2001 | Continued review litigation/bankruptcy filing in Dow Corning, Babcok & Wilcox case. | Sasson, M. | 1.5 |
| 06/18/2001 | Memos to and from K. Pasquale re Asbestos Committees motion re prosecution of fraudulent conveyance suit. | Krieger, A. | 0.2 |
| 06/18/2001 | Attention to fradulent transfer claims v. Fresnius; Sealed Air; proper party plaintiff; asbestos' committees' motion to prosecute (2.0) | Pasquale, K. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 06/18/2001 | Attend Asbestos Bankruptcy Conference in Philadelphia, PA. | Sasson, M. | 10.0 |
|---|---|---|---|
| 06/18/2001 | T/c K. Pasquale re: asbestos committee's motion to prosecute fraudulent transfer actions. | Sasson, M. | 0.3 |
| 06/19/2001 | Review asbestos committee joint motion re prosecution of fraudulent conveyance claims and notes thereon (.4). | Krieger, A. | 0.4 |
| 06/19/2001 | Attend Asbestos Bankruptcy Conference in Philadelphia, PA. | Sasson, M. | 8.0 |
| 06/20/2001 | Review various motions and objections re: debtors motion to extend stay, asbestos plaintiffs re: fraudulent transfers, fraudulent transfer complaint; outline deposition. | Sasson, M. | 5.5 |
| 06/20/2001 | Telephone conference with M. Sasson re pleadings and responses to motion for preliminary injunction (.2); work re same (.5). | Serrette, R. | 0.7 |
| 06/21/2001 | Telephone call AT and then office conference RAR re Asbestos Committee's motion re 6/21/01 hearings, fraudulent conveyance claims, scheduling of Committee meeting to discuss 6/21/01 hearings, and proposed acquistion. | Krieger, A. | 0.5 |
| 06/21/2001 | Office conference with R. Raskin regarding asbestos committee's motion to commence fraudulent transfer litigation and creditor committee meeting to consider it. | Kruger, L. | 0.3 |
| 06/21/2001 | Attention to asbestos committees' motion to prosecute avoidance claims and possible responses (1.5); telephone conference P. Lockwood re same and extension of time (.3); attention to pleadings on debtors' preliminary injunction motions (1.0) | Pasquale, K. | 2.8 |
| 06/21/2001 | T/c T. Maher re conference call of the committee related to motion filed by Asbestos committees (.3), T/c K. Pasquale re same (.2), review pleadings and preparation for hearing re preliminary injunction and misc issues (1.4). | Raskin, R. | 1.9 |
| 06/21/2001 | Draft summary of motion to Creditors Committee (.5); o/c K. Pasquale re: motion (1.0); continued drafting outline of opposition to asbestos plaintiffs re: fraudulent transfers (2.0). | Sasson, M. | 3.5 |
| 06/21/2001 | Telephone call with A. Krieger and T. Maher regarding asbestos committee motion (.2 hrs); set up conference call regarding same (1.0 hrs). | Taruschio, A. | 1.2 |

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/22/2001 | T/c T. Maher re issues related to Asbestos claimants' motion (.2). | Raskin, R. | 0.2 |
| 06/25/2001 | Telephone calls RAR re court hearing on preliminary injunction motion (.1); extended meeting with K. Pasquale, RAR, M. Sasson re Committee response to Asbestos Committee's motion to prosecute the fraudulent conveyance claims (1.0); review draft memorandum to the Committee re fraudulent conveyance actions and joint motion and office conference RAR and then M. Sasson re same (.5); telephone call B. Katchen re response to Asbestos Committee's fraudulent conveyance motion (.3). | Krieger, A. | 1.9 |
| 06/25/2001 | Office conference with R. Raskin and K. Pasquale regarding asbestos issues, fraudulent transfer issue and debtors' position on both issues. | Kruger, L. | 0.4 |
| 06/25/2001 | Office conference R. Raskin, M. Sasson, A. Krieger re asbestos' committees' motion to prosecute fraudulent transfer claims (.8); consideration of same (.6) | Pasquale, K. | 1.4 |
| 06/25/2001 | O/c regarding asbestos committee's motion to commence litigation with Krieger, Pasquale et al (.8)l, conf. call L. Kruger and T. Maher re recommendation (.3), t/c counsel to Grace re issues related to litigation and extension of time, review draft memo to committee and call to M. Sasson re comments to same. | Raskin, R. | 1.5 |
| 06/25/2001 | Outline issues raised by asbestos committee motion (1.2); o/c K. Pasquale, R. Raskin, A. Krieger re: motion by asbestos committees (1.2); review underlying action; revise memo to committee; circulate memo; revise as per comments (2.0). | Sasson, M. | 4.4 |
| 06/26/2001 | Memo from RAR re prosecution of the fraudulent conveyance claims (.1). | Krieger, A. | 0.1 |
| 06/26/2001 | Attention to Fresnius/Sealed Air fraudulent transfer issues (1.0) | Pasquale, K. | 1.0 |
| 06/26/2001 | T/c D. Bernick re asbestos issues (.2), email regarding conversation with Bernick (.3). | Raskin, R. | 0.5 |
| 06/26/2001 | T/c L. Ryan re; motion by asbestos committees; e-mail R. Raskin, K. Pasquale re same. | Sasson, M. | 0.5 |
| 06/27/2001 | O/c K. Pasquale, R. Raskin, A. Krieger re: creditors' committee telephone conference; discuss motion by asbestos committees (2.5); outline opposition to motion (2.0). | Sasson, M. | 4.5 |
| 06/28/2001 | Telephone conference D. Bernick re fraudulent | Pasquale, K. | 0.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

transfer issues (.5)

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/28/2001 | Conf call Bernick and Pasquale re issues related to asbestos litigation and follow-up t/c Pasquale re same (.7), t/c T. Maher re cap exp issues (.1) | Raskin, R. | 0.8 |
| 06/28/2001 | Research prior actions, committee members, continued drafting opposition to asbestos committee's motion. | Sasson, M. | 4.5 |
| 06/28/2001 | Research listing of Committee member at R. Raskin request for M. Sasson; review Court docket re same . | Serrette, R. | 0.7 |
| 06/29/2001 | Research prior actions, committee members, continued drafting opposition to asbestos committees motion. | Sasson, M. | 5.5 |
| 06/30/2001 | Reviewed Debtor's motion for entry of case management order, establishing bar date, proof of claim forms and notice procedures (1.6). | Krieger, A. | 1.6 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|----------------------|-----------|----------|-----------|
| Krieger, Arlene | 6.6 | $ 425 | $ 2,805.00 |
| Kruger, Lewis | 1.5 | 650 | 975.00 |
| Pasquale, Kenneth | 9.2 | 475 | 4,370.00 |
| Raskin, Robert | 4.9 | 550 | 2,695.00 |
| Sasson, Moshe | 57.4 | 360 | 20,664.00 |
| Serrette, Rosemarie | 1.4 | 150 | 210.00 |
| Taruschio Anna | 1.2 | 245 | 294.00 |

Total For Professional Services Rendered $ 32,013.00

Total for this Matter $ 32,013.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Retention of Professionals**
       699842. 0006

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/02/2001 | Reviewed debtors' draft motion for procedures to retain experts in connection with the asbestos litigation and prepared comments thereon. | Krieger, A. | 0.5 |
| 06/04/2001 | Review RAR comments to the Blackstone order and telephone calls R. Higgins re same (.4); telephone call Sam Schwartz re requested extension of time to object to FTI P&M's retention and telephone call Ed Ordway re same (.3); telephone call J. Kapp re Blackstone order comments and confidentiality agreements (.3) ; memo to RAR re Jay Kapp conversation on Blackstone order, confidentiality agreements, other (.6); | Krieger, A. | 1.6 |
| 06/05/2001 | Memos to and from RAR, Debtors' counsel re Blackstone retention order (.2). | Krieger, A. | 0.2 |
| 06/05/2001 | Review revised Blackstone order (.3); t/c S. Baena re 328 retention (.1). | Raskin, R. | 0.4 |
| 06/06/2001 | Telephone call S. Schwartz re Manzo retention by the Committee (.1); memo to the Committee re same (.1); memo to M. Lastowski re preparation of certificate of no objection to Policano & Manzo's retention by the Committee (.2); memo to M. Lastowski re retention of asbestos property damage committee counsel pursuant to section 327 of the Code (.2) memos from and to S. Hollinghead (Duane Morris) re form of certificate of no objection (.4). | Krieger, A. | 1.0 |
| 06/07/2001 | Memos from and to S. Hollinghead and office conference RS re certificates of no objection to Committee's retention of Duane Morris, FTI Policano and Manzo, and office conferences RS re same. | Krieger, A. | 0.7 |
| 06/08/2001 | Review Ferry & Joseph order and documents thereon (.2). | Krieger, A. | 0.2 |
| 06/11/2001 | Telephone calls Kevin Neiman re proposed order retaining Bilzin pursuant to 1103 and 330, not section 328 (.2). | Krieger, A. | 0.2 |
| 06/11/2001 | Revise supplemental conflicts affidavit for Stroock(1.1). | Taruschio, A. | 1.2 |
| 06/14/2001 | Review and revise pending motions summary with R. | Taruschio, A. | 2.3 |

Raskin and A. Krieger (4.1 hrs).

| | | | |
|---|---|---|---|
| 06/19/2001 | Review Wallace retention order and prepare modifications thereto (.3); telephone call and then correspondence to S. Schwartz re modifications to Wallace King order (.4). | Krieger, A. | 0.7 |
| 06/20/2001 | Correspondence from Sam Schwartz re revised Wallace King retention order and office conference RAR re same (.1); review Asbestos Committee's objections to Wallace King, expert retention motion, other (.5). | Krieger, A. | 0.6 |
| 06/25/2001 | Memo from C. MacCullum re retention of FTI P&M and office conference RS re same (.1). | Krieger, A. | 0.1 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 5.8 | $ 425 | $ 2,465.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Taruschio Anna | 3.5 | 245 | 857.50 |
| | | Total For Professional Services Rendered | $ 3,542.50 |

Total for this Matter       $ 3,542.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Creditors Committee Issues/Conferences**
       **699842. 0007**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 06/01/2001 | Review memo summarizing pending motions for committee. | Taruschio, A. | 1.1 |
| 06/01/2001 | Review and revise pending motion summary memo (.5 hrs); review lease rejection notices (.4 hrs). | Taruschio, A. | 0.9 |
| 06/04/2001 | Memo to R. Higgins re Schedule A to the Bank Group confidentiality agreement (.2); telephone call R. Higgins re same and transmittal of section of By-laws on confidentiality provisions (.1). | Krieger, A. | 0.3 |
| 06/04/2001 | Review memo summarizing pending motions (.3), review email from T. Maher re discussions on Norris contract and follow-up with A. Krieger re conf. call of the committee (.5). | Raskin, R. | 0.8 |
| 06/04/2001 | Revise and send motions summary memo (.4 hrs); telephone call with debtor's counsel regarding lease rejection notices and report to AK regarding same (1.3 hrs); draft memo to committee regarding unexpired lease rejection procedures (1.5 hrs). | Taruschio, A. | 3.2 |
| 06/05/2001 | Revised contact list to reflect changes in Committee composition,other revisions (.8); prepare revised memorandum re pending motion (.5); preparation of memorandum to the Committee re June 6, 2001 conference call (.2). | Krieger, A. | 1.5 |
| 06/05/2001 | O/c A. Krieger re confidentiality and first day order issues (.3), Follow-up re confidentiality agreements (.2), t/c J. Kapp re same and issues related to confidentiality (.3), review memo to committee re pending motions (.2). | Raskin, R. | 1.0 |
| 06/05/2001 | Revise and send memo to committee regarding lease rejection notification. | Taruschio, A. | 0.5 |
| 06/06/2001 | Conference call meeting of the Committee re employee-benefit related matters, Debtors' request regarding execution of confidentiality agreements, other and then subsequent telephone call J. Kapp re Committee's position on same (1.3); memos from RAR, T. Maher re Committee's position on confidentiality agreements (.2). | Krieger, A. | 1.5 |
| 06/06/2001 | Office conference with R. Raskin; telephone call with | Kruger, L. | 0.3 |

| | | | |
|---|---|---|---|
| | T. Maher regarding debtor request for confidentiality agreement and issue of change in control in employee bonus program. | | |
| 06/06/2001 | Conf. call of the committee. | Raskin, R. | 0.8 |
| 06/06/2001 | Review material re employment issues in preparation for conf. call (.7), t/c T. Maher re change in control issues (.2), prepare for committee conf. call. (.3). | Raskin, R. | 1.2 |
| 06/06/2001 | Office conference with A. Krieger regarding lease rejection notice (.6 hrs); committee conference call (1.2 hrs); revise summary memo to committee regarding lease rejection (.6 hrs). | Taruschio, A. | 2.4 |
| 06/07/2001 | Review employee orders.  T/c R. Higgins re orders. | Raskin, R. | 0.3 |
| 06/08/2001 | Review proposed by-law changes (.2), review email re payment on guarantee and follow-up re same (.2). | Raskin, R. | 0.4 |
| 06/08/2001 | Summarize pending motions for committee. | Taruschio, A. | 1.5 |
| 06/09/2001 | Continue summary of  pending motion for committee review. | Taruschio, A. | 1.3 |
| 06/11/2001 | Office conference RAR re Sealed Air Corp's payment of 7 5/4% Notes (.1); memo to RAR re comments to Debtors proposed modification of the By-Laws (.1). | Krieger, A. | 0.2 |
| 06/11/2001 | Draft and revise summary memo of pending motions for committee review(1.1 hrs) | Taruschio, A. | 1.1 |
| 06/12/2001 | Telephone call Rod Thomas re creditor inquiry (.5); telephone call R. Raskin re By-Law revisions and preparation of Committee member acknowledgement (.2); telephone call J. Kapp re revised by-laws (.1); prepared form of Committee member acknowledgement (.3); telephone calls Sean Cunningham and then with M. Reed re proposed confidentiality agreement and terms thereof (.9); telephone call R. Higgins re P&M Confidentiality Agreement (.1). | Krieger, A. | 1.6 |
| 06/12/2001 | T/c L. Kruger re confidentiality and committee status (.2), t/cs A. Krieger re confidentiality and misc. issues (.2). | Raskin, R. | 0.4 |
| 06/12/2001 | Review pending motions and supplemental conflicts affidavit. | Taruschio, A. | 1.6 |
| 06/13/2001 | Telephone calls S. Cunningham and Ed Ordway re confidentiality agreement (1.0); memos from and to RAR re form of Committee member acknowledgement | Krieger, A. | 3.5 |

and revisions to confidentiality section of the By-Laws (.1); memo to J.Kapp re confidentiality issues and form of acknowledgement (.5); conference calls S.Cunningham, Sam Schwartz re P&M confidentiality agreement (.6); e-mails to and from RAR re P&M Confidentiality agreement, by-law proposal (.2); office conference J. Kapp re same (.1); revise form of acknowledgement and prepare comparative form of confidentiality provisions for the committee (.5).

| Date | Description | Name | Hours |
|---|---|---|---|
| 06/13/2001 | T/c A. Krieger re confidentiality agreements and misc (.2), t/c T. Maher re same (.2), review letter to debtor (.1), conf. call Krieger and Kapp re confidentiality issues (.2), conf. call Krieger and Cunningham re confidentiality issues (.2), T/c Wells Fargo re issues related to guarantee (.2). | Raskin, R. | 1.1 |
| 06/13/2001 | Office conference with A. Krieger regarding pending motions summaries (.5 hrs); summarize debtors' omnibus settlement procedures motion (3.3 hrs). | Taruschio, A. | 3.8 |
| 06/14/2001 | Telephone call J. Kapp re acknowledgement modifications, July 19 hearing matters (.1); office conference RAR re confidentiality agreement with P&M, committee memo re proposed changes to By-Laws and acknowledgement (.1). | Krieger, A. | 0.2 |
| 06/14/2001 | Review proposed amendment to by-laws and acknowledgement (.2), t/c A. Krieger re same (.2), review memo summarizing pending motions (.4), o/c A. Taruschio re coments to same (.2), conf. call J. Kapp and S. Schwartz re issues related to motions (.2), t/c T. Maher re issues involving pending motions (.2), review memo to committee (.3). | Raskin, R. | 1.7 |
| 06/14/2001 | Review and revise pending motions summary with R. Raskin and A. Krieger (4.1 hrs). | Taruschio, A. | 4.1 |
| 06/15/2001 | Office conference RAR and then AT re revisions to memos re pending motions (.2); memos from and to M. Chehi re revised confidentiality provisions, and office conference RAR re same (.5); correspondence from J. Carter re: Zhagrus Environmental Settlement (.1); conference Ed Ordway, S. Cunningham re company meeting and office conference RAR re same (.5). | Krieger, A. | 1.3 |
| 06/15/2001 | Discussion with A. Krieger regarding pending motion summary (.2 hrs); revise summary and send to committee (.6 hrs); begin drafting pending motions summary III (2.2 hrs). | Taruschio, A. | 3.0 |
| 06/18/2001 | Telephone call M. Chehi re confidentiality provisions (.2) and prepare revised form of same (.3); memos to | Krieger, A. | 0.6 |

|  | and from AT re memo to Committee re pending matters (.1). | | |
|---|---|---|---|
| 06/18/2001 | Draft/revise new pending motions summary (2.5 ); telephone call with A. Krieger regarding pending motions (.1). | Taruschio, A. | 2.6 |
| 06/19/2001 | Memo to representatives of members of the Committee re proposed revised confidentiality provisions and acknowledgement (.4); memo from and to W. Teresky re confidentiality provisions (.1). | Krieger, A. | 0.5 |
| 06/19/2001 | Corrections to pending motions summary (.5 hrs). | Taruschio, A. | 0.5 |
| 06/20/2001 | Telephone call S. Cunningham re proposed Grace acquisition and preparation of analysis to discuss with the Committee (.2); office conference RAR re above and status of Committee agreement to revised confidentiality provisions of the By-Laws and the proposed acknowledgement (.1); telephone call Peter Brach re confidentiality provision (.1); memo from and to F. Monaco re confidentiality provision (.1); memo to T. Maher re same (.5); correspondence from J. Akre re confidentiality provisions and memos to J. Akre re same (.4); office conferences A.Taruschio re memorandum to the Committee re pending motions (.2). | Krieger, A. | 1.6 |
| 06/20/2001 | Telephone call with R. Raskin and A. Krieger regarding pending motions summary (.2 hrs); incorporate comments and send summary to committee (.3 hrs). | Taruschio, A. | 0.5 |
| 06/22/2001 | T/c/ J. Kapp re confidentiality issues (.2), t/c K. Pasquale re committee position on motion (.2). | Raskin, R. | 0.4 |
| 06/22/2001 | Set up conference call (.3 hrs); respond to committee member inquiry regarding 327(e) retention (.6 hrs). | Taruschio, A. | 0.9 |
| 06/24/2001 | Respond to email re committee meeting and agenda. | Raskin, R. | 0.2 |
| 06/25/2001 | Office conference RAR re proposed revised language to the confidentiality provisions of the By-Laws and prepare memorandum to James Kapp re (.2); telephone calls  P. Brach re confidentiality provisions (.3); telephone call J. Kapp re additional confidentially provisions (.2); draft additional  revision to Article VIII (.2). | Krieger, A. | 0.9 |
| 06/25/2001 | O/c A. Krieger re follow-up on confidentiality issues (.2), t/c J. Kapp re same (.1). | Raskin, R. | 0.3 |
| 06/26/2001 | Numerous memos from and to J. Kapp re confidentiality provisions of the By-Laws of the By-Law | Krieger, A. | 1.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

|  |  |  |  |
|---|---|---|---|
|  | and modifications thereto (.5); memos to and and form M. Chehi and M. Coventry and P. Brach re revised confidentiality provisions (.3); telephone call P. Brach and Elizabeth Baird re confidentiality provisions (.5). |  |  |
| 06/26/2001 | Cnf. call with FTI and Maher re preparation for committee call (.4), t/cs A. Krieger and J. Kapp re confidentiality issues (.4). | Raskin, R. | 0.8 |
| 06/27/2001 | Memos to Peter Brach and Elizabeth Baird re proposed revision to Article VIII (.6); memo from and to R. Higgins re revised Article VIII (.6). | Krieger, A. | 1.2 |
| 06/27/2001 | Conference call meeting of the Committee re Project Peter and position on Asbestos Committee's joint motion to prosecute the fraudulent conveyance claims (1.1); follow-up office conference RAR, KP,MS re same (.5); prepared memo to the Committee re equity holders committee (.3). | Krieger, A. | 1.9 |
| 06/27/2001 | Conference with Creditors' Committee with respect to Equity Committee and to proposed "Peter Project" acquisition, response to asbestos litigants seeking to pursue fraudulent transfer litigation (1.0 hrs); telephone call with T. Maher regarding same (.2 hrs); telephone call with P. Brach and E. Beard of the Bank of America regarding Confidentiality Agreement (.2 hrs). | Kruger, L. | 1.4 |
| 06/27/2001 | Preparation for and conference call with committee re fraudulent transfer issues (1.5) | Pasquale, K. | 1.5 |
| 06/27/2001 | Committee conference call. | Raskin, R. | 1.0 |
| 06/27/2001 | Follow-up re confidentiality issues (.2). | Raskin, R. | 0.2 |
| 06/28/2001 | Memos to and from Peter Brach, Elizabeth Baird re confidential provisions of the By-Laws (.5); office conference LK re Bof A's remaining concerns with confidentiality provision (.3); conference with P. Brach and E. Baird and then follow-up office conference LK re proposed revisions to confidentiality provision to meet concerns (.8); prepare memo to P. Brach and re further revised provisions (.2); memo to R. Higgins re confidentiality provisions (.1). | Krieger, A. | 1.9 |
| 06/28/2001 | Office conference with A. Krieger; then telephone conference call with P. Brach and E. Beard of the Bank of America regarding issues in proposed confidentiality agreement. | Kruger, L. | 0.6 |
| 06/29/2001 | Memos to and from Elizabeth Baird, P. Brach re confidentiality provisions (.1). | Krieger, A. | 0.1 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 20.1 | $ 425 | $ 8,542.50 |
| Kruger, Lewis | 2.3 | 650 | 1,495.00 |
| Pasquale, Kenneth | 1.5 | 475 | 712.50 |
| Raskin, Robert | 10.6 | 550 | 5,830.00 |
| Taruschio Anna | 29.0 | 245 | 7,105.00 |

Total For Professional Services Rendered    $ 23,685.00

Total for this Matter    $ 23,685.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Court Hearings**
       **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/20/2001 | Documentation for RAR for 6/21/01 hearings. | Krieger, A. | 0.2 |
| 06/21/2001 | Attend court hearing re preliminary injunction, finalization of misc. first day motions, etc. | Raskin, R. | 8.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 0.2 | $ 425 | $ 85.00 |
| Raskin, Robert | 8.0 | 550 | 4,400.00 |

Total For Professional Services Rendered    $ 4,485.00

Total for this Matter    $ 4,485.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Executory Contracts/License Agreements**
        **699842. 0011**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 06/01/2001 | Telephone call Sam Schwartz re Debtors' draft omnibus claims settlement motion (.2). | Krieger, A. | 0.2 |
| 06/02/2001 | Review debtors' draft motion approving settlement agreement with Zhagrus Environmental and comments thereon (1.0). | Krieger, A. | 1.0 |
| 06/04/2001 | Office conferences A. Taruschio re lease rejection notice and information related by S. Schwartz regarding leases (.2); memo to S. Schwartz re Zhagrus settlement agreement motion (.1). | Krieger, A. | 0.3 |
| 06/05/2001 | Telephone call S. Schwartz re motion establishing ominibus settlement procedures, Zhagrus settlement agreement and motion re retention of experts (.3). | Krieger, A. | 0.3 |
| 06/06/2001 | Prepare revised memorandum re: lease rejection procedures and Granite/Dalieu notices (.6); telephone call S. Schwartz re claims settlement motion (.1); office conference RAR re lease rejections (.1). | Krieger, A. | 0.8 |
| 06/14/2001 | Telephone call Sam Schwartz re information requests on Zhagrus Enviromental settlement (.1). | Krieger, A. | 0.1 |
| 06/18/2001 | Review proposed order re Zhagrus claim settlement and telephone call RAR re same (.3). | Krieger, A. | 0.3 |
| 06/28/2001 | Review former employees motion seeking indemnification (.5). | Krieger, A. | 0.5 |
| 06/29/2001 | Westlaw research on indemnification agreements | Gomelskaya, I. | 5.0 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Gomelskaya, Irina | 5.0 | $ 150 | $ 750.00 |
| Krieger, Arlene | 3.5 | 425 | 1,487.50 |

|  |  |  |  |
|---|---|---|---|
| | Total For Professional Services Rendered | | $ 2,237.50 |
| | **Total for this Matter** | | $ 2,237.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Sale of Assets**
       **699842. 0015**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/25/2001 | Telephone call Sam Schwartz re motion establishing procedures to abandon/sell miscellaneous assets, Peter Project acquisition (.2). | Krieger, A. | 0.2 |
| 06/26/2001 | Telephone calls Sean Cunningham re analysis of the Peter Project acquisition (.3); review analysis and telephone call S. Cunningham re analyses of Peter Project acquisition (.6). | Krieger, A. | 0.9 |
| 06/26/2001 | T/c to J. Kapp (.2), review memo re asset purchase (.5). | Raskin, R. | 0.7 |
| 06/29/2001 | Review Debtors motion to establish procedures to sell assets and prepare comments thereon (1.3) | Krieger, A. | 1.3 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 2.4 | $ 425 | $ 1,020.00 |
| Raskin, Robert | 0.7 | 550 | 385.00 |
| | | Total For Professional Services Rendered | $ 1,405.00 |

| | |
|---|---|
| **Total for this Matter** | $ 1,405.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Erisa Issues**
      **699842. 0020**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/04/2001 | Discussion with A. Krieger re Norris compensation. | Keppler, A. | 0.2 |
| 06/04/2001 | Telephone call J. Kapp and then e-mail to T. Maher re Brian McGowan contact on Norris Agreement (.1); telephone call Matt Zaleski re asbestos committee issue on the Debtors employee-related matters (.2); memo re conversation with asbestos committee counsel (.1); telephone call Jay Kapp re discussion with T. Maher (.1); memo re conference call with Tom Maher re outstanding employee-related issues (.1); telephone call S. Cunningham re same (.1); memos from and to T. Maher re substance of conversation with Brian McGowan and additional documentation from McGowan (.3); office conferences A. Keppler re discussions regarding employee-benefit related issues (.4); correspondence from Brian McGowan re Lockhant Agreement and forwarded same (.5). | Krieger, A. | 1.9 |
| 06/05/2001 | Comparison of  Armstrong retention plan to Grace retention Plan. | Keppler, A. | 0.5 |
| 06/05/2001 | Telephone calls S. Cunningham re review of Lockhart employment agreement, confidentiality agreement and forwarding Lockhart terms to the Committee (.5); telephone call W. Katschen re Norris Agreement and Debtors' position thereon (.3). | Krieger, A. | 0.8 |
| 06/06/2001 | Telephone call Roger Higgins re preparation of order incorporating agreement on employee-benefit-related matter with the Committee (.2). | Krieger, A. | 0.2 |
| 06/06/2001 | Review e-mails from Company and telephone conference call with Creditors Committee re Norris compensation (0.8). | Wintner, M. | 0.8 |
| 06/07/2001 | Discussion A. Krieger (.2), and review of order (.3), discussion with MSW (.1) re revised order for retention plan, employee benefits and change of control agreements. | Keppler, A. | 0.6 |
| 06/07/2001 | Review orders re assumption of executive agreements, approval of change of control agreement as modified, resolution of Reconsideration Motion (.2); office conference AK re above (.2). | Krieger, A. | 1.4 |
| 06/08/2001 | Office conferences MW re employee benefit and | Krieger, A. | 0.4 |

| | | | |
|---|---|---|---|
| | contract related orders (.2) telephone call R. Higgins re comments to the orders (.2). | | |
| 06/08/2001 | Office conference Arlene Krieger re status of employee severance and change of control plans. | Wintner, M. | 0.2 |
| 06/11/2001 | Telephone calls R. Higgins re employee benefit related orders and outstanding issues thereon (.2); review Debtors motions and prepare memo re same (.3). | Krieger, A. | 0.5 |
| 06/12/2001 | Telephone M. Cooper re benefit plans, discussions with A. Krieger and MSW re first day order re benefits, revise draft order. | Keppler, A. | 3.7 |
| 06/12/2001 | Review change in control severance plan (.4) discussions with A. Krieger and MSW re Debtors position for extending plan (.5). | Keppler, A. | 0.9 |
| 06/12/2001 | Office conferences M. Wintner re proposed changes to the employee-benefit orders (.6); telephone calls R. Higgins re same (.2). | Krieger, A. | 0.8 |
| 06/12/2001 | Review status of Debtor's position on employee severance and change of control plans and discussion A. Krieger. | Wintner, M. | 0.6 |
| 06/13/2001 | Office conference with A. Krieger re redraft of retention and severance orders. | Keppler, A. | 0.2 |
| 06/13/2001 | Review employee-related orders and changes marked thereto (.5); office conference with RAR re employee benefit-related orders and further revision thereto (.2); office conference AK re same (.2). | Krieger, A. | 0.9 |
| 06/14/2001 | Office conference A. Keppler re Grace change of control documentation (.1); telephone call Roger Higgins re employee benefit-related orders and additional comments (.3); office conference M. Wintner re employee benefits orders (.2). | Krieger, A. | 0.6 |
| 06/14/2001 | Office conference Arlene Krieger re change of control agreement.. | Wintner, M. | 0.8 |
| 06/15/2001 | Telephone S. Zafall re payroll related obligations, discussions with A. Krieger, revise wage motion. | Keppler, A. | 2.0 |
| 06/19/2001 | Telephone call R. Feinstein re status of entry of orders regarding employee benefits (.1); telephone call R. Higgins re same and review by asbestos committees (.4); memo re same (.1); review revised orders and | Krieger, A. | 1.1 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

prepare correspondence to R. Higgins (.5).

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Keppler, Abbey | 8.1 | $ 425 | $ 3,442.50 |
| Krieger, Arlene | 8.6 | 425 | 3,655.00 |
| Wintner, Mark | 2.4 | 550 | 1,320.00 |
| | | Total For Professional Services Rendered | $ 8,417.50 |
| | | **Total for this Matter** | $ 8,417.50 |
| | | Total For Professional Services Rendered | 91,019.00 |
| | | **Total Bill** | $ 91,019.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**EXHIBIT C**

W R GRACE & CO
THROUGH JUNE 30, 2001

| PARTNERS | HOURS | RATE | | AMOUNT | |
|---|---|---|---|---|---|
| | | | | | |
| Kruger, Lewis | 4.9 | $ | 650 | $ | 3,185.00 |
| Pasquale, Kenneth | 10.7 | $ | 475 | $ | 5,082.50 |
| Raskin, Robert | 28.9 | $ | 550 | $ | 15,895.00 |
| Wintner, Mark | 2.4 | $ | 550 | $ | 1,320.00 |
| | | | | | |
| ASSOCIATES | | | | | |
| | | | | | |
| Keppler, Abbey | 8.1 | $ | 425 | $ | 3,442.50 |
| Krieger, Arlene | 59.0 | $ | 425 | $ | 25,075.00 |
| Sasson, Moshe | 57.4 | $ | 360 | $ | 20,664.00 |
| Taruschio Anna | 47.5 | $ | 245 | $ | 11,637.50 |
| | | | | | |
| PARAPROFESSIONAL | | | | | |
| | | | | | |
| Bent, Tamika | 1.5 | $ | 55 | $ | 82.50 |
| Gomelskaya, Irina | 5.0 | $ | 150 | $ | 750.00 |
| Serrette, Rosemarie | 25.9 | $ | 150 | $ | 3,885.00 |
| | | | | | |
| TOTALS: | 251.3 | | | $ | 91,019.00 |

# EXHIBIT D

# STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

Disbursement Register

July 17, 2001
Invoice: 238429

RE:    **W R Grace & Co.**
**0002 - General**

**Disbursements incurred for the period through June 30, 2001,
including:**

| Date | Description | Amount |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 06/11/2001 | 05/29/2001 Federal Express T#824852618897 R. SERRETTE to: M. LASTOWSKI WILMINGTO | 9.40 |
| 06/25/2001 | Fed Ex 06/06/01 R. Serrette to M. Lastowski Wilmington, DE | 9.40 |
| | **Outside Messenger Service Total** | **18.80** |
| **Local Transportation** | | |
| 04/12/2001 | NYC Two Ways Inc. SERRETTE 03/29/01 22:22 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 05/08/2001 | NYC Two Ways Inc. SERRETTE 04/20/01 14:17 M from 767 3 AVE M to 180 MAIDEN LA | 39.05 |
| 05/08/2001 | NYC Two Ways Inc. SERRETTE 04/20/01 9:15 M from 180 MAIDEN LA to 767 3 AVE M | 20.69 |
| 06/01/2001 | VENDOR: Petty Cash; INVOICE#: 05/30/01; DATE: 6/1/01 05/22/01  NY PETTY CASH  R.RASKIN | 19.00 |
| 06/08/2001 | VENDOR: Petty Cash; INVOICE#: 06/04/01; DATE: 6/8/01 05/22/01  NY PETTY CASH  L.KRUGER | 9.00 |
| 06/11/2001 | NYC Two Ways Inc. KRIEGER 05/28/01 20:30 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 06/11/2001 | NYC Two Ways Inc. KRIEGER 05/24/01 20:13 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 06/11/2001 | NYC Two Ways Inc K Pasquale 5/22/01 270 Park Ave to 180 Maiden Lane | 20.69 |
| 06/14/2001 | NYC Two Ways Inc. KRUGER 05/29/01 16:40 M from E 52 ST M to 180 MAIDEN LA | 20.69 |
| 06/14/2001 | NYC Two Ways Inc. KRUGER 06/01/01 20:00 M from 180 MAIDEN LA to 153 E 53 ST M | 20.69 |
| 06/20/2001 | NYC Two Ways Inc. SERRETTE 05/16/01 20:24 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| | **Local Transportation Total** | **275.63** |

**Long Distance Telephone**

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Amount |
|---|---|---|
| 06/01/2001 | EXTN.3544, TEL.312-861-2124, S.T.16:51, DUR.00:30 | 0.28 |
| 06/01/2001 | EXTN.5544, TEL.302-657-4942, S.T.10:36, DUR.01:06 | 0.56 |
| 06/01/2001 | EXTN.5544, TEL.201-556-4003, S.T.15:50, DUR.07:18 | 2.26 |
| 06/01/2001 | EXTN.5544, TEL.302-657-4900, S.T.17:12, DUR.02:06 | 0.85 |
| 06/01/2001 | EXTN.5544, TEL.302-654-1888, S.T.17:18, DUR.01:18 | 0.56 |
| 06/04/2001 | EXTN.3544, TEL.312-861-2124, S.T.09:45, DUR.00:30 | 0.28 |
| 06/04/2001 | EXTN.3544, TEL.312-861-2160, S.T.10:50, DUR.00:30 | 0.32 |
| 06/04/2001 | EXTN.3544, TEL.312-861-2160, S.T.14:58, DUR.00:12 | 0.32 |
| 06/04/2001 | EXTN.3544, TEL.312-861-3103, S.T.15:11, DUR.17:18 | 5.83 |
| 06/04/2001 | EXTN.5492, TEL.302-657-4900, S.T.10:50, DUR.01:06 | 0.65 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:58, DUR.03:00 | 0.97 |
| 06/04/2001 | EXTN.5544, TEL.302-657-4900, S.T.14:17, DUR.02:00 | 0.65 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:31, DUR.02:00 | 0.65 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4003, S.T.15:08, DUR.02:24 | 0.97 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4003, S.T.17:47, DUR.03:12 | 1.30 |
| 06/04/2001 | EXTN.5634, TEL.312-861-3103, S.T.10:28, DUR.00:18 | 0.32 |
| 06/04/2001 | EXTN.5634, TEL.312-861-3103, S.T.12:32, DUR.00:48 | 0.32 |
| 06/04/2001 | EXTN.5634, TEL.312-861-3103, S.T.14:56, DUR.00:30 | 0.32 |
| 06/04/2001 | EXTN.5725, TEL.215-563-1600, S.T.12:24, DUR.00:12 | 0.32 |
| 06/04/2001 | EXTN.5725, TEL.610-768-7800, S.T.12:26, DUR.01:18 | 0.65 |
| 06/05/2001 | EXTN.3544, TEL.201-556-4040, S.T.10:05, DUR.04:30 | 1.62 |
| 06/05/2001 | EXTN.5422, TEL.973-424-2031, S.T.11:18, DUR.00:48 | 0.32 |
| 06/05/2001 | EXTN.5492, TEL.302-657-4900, S.T.13:40, DUR.01:06 | 0.65 |
| 06/05/2001 | EXTN.5544, TEL.302-657-4942, S.T.17:25, DUR.01:30 | 0.65 |
| 06/06/2001 | EXTN.5002, TEL.312-861-2124, S.T.15:27, DUR.05:06 | 1.94 |
| 06/06/2001 | EXTN.5002, TEL.312-861-2124, S.T.17:58, DUR.03:00 | 0.97 |
| 06/06/2001 | EXTN.3544, TEL.312-861-3103, S.T.13:26, DUR.02:06 | 0.97 |
| 06/06/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:15, DUR.02:54 | 0.97 |
| 06/06/2001 | EXTN.5492, TEL.201-556-4040, S.T.09:46, DUR.00:42 | 0.32 |
| 06/06/2001 | EXTN.5923, TEL.312-861-2124, S.T.12:36, DUR.04:36 | 1.62 |
| 06/07/2001 | EXTN.5492, TEL.302-657-4900, S.T.11:58, DUR.01:30 | 0.65 |
| 06/07/2001 | EXTN.5544, TEL.312-861-2160, S.T.10:28, DUR.02:06 | 0.97 |
| 06/08/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:24, DUR.00:48 | 0.32 |
| 06/08/2001 | EXTN.5544, TEL.312-861-2160, S.T.13:17, DUR.02:06 | 0.97 |
| 06/08/2001 | EXTN.5544, TEL.305-375-6154, S.T.17:53, DUR.00:36 | 0.32 |
| 06/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:42, DUR.00:30 | 0.32 |
| 06/11/2001 | EXTN.5544, TEL.305-375-6154, S.T.10:07, DUR.00:18 | 0.32 |
| 06/11/2001 | EXTN.5544, TEL.305-375-6154, S.T.10:50, DUR.03:06 | 1.30 |
| 06/11/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:56, DUR.00:36 | 0.32 |
| 06/11/2001 | EXTN.5544, TEL.312-861-2160, S.T.18:04, DUR.03:42 | 1.30 |
| 06/11/2001 | Cr card calls 4/01-5/01 | 2.13 |
| 06/12/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 05056-02201-01; DATE: 5/5/01 Telecomm. Svcs 4/01 | 3,059.10 |
| 06/12/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 05056-02201-01; DATE: 5/5/01 Telecomm. Svcs 4/01 | 700.40 |
| 06/12/2001 | EXTN.3544, TEL.312-861-2124, S.T.12:27, DUR.00:36 | 0.32 |
| 06/12/2001 | EXTN.3544, TEL.312-861-2160, S.T.17:07, DUR.09:48 | 3.24 |
| 06/12/2001 | EXTN.5492, TEL.302-657-4924, S.T.16:14, DUR.05:00 | 1.62 |
| 06/12/2001 | EXTN.5544, TEL.312-861-2160, S.T.13:06, DUR.00:30 | 0.32 |
| 06/12/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:18, DUR.00:30 | 0.32 |
| 06/12/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:51, DUR.13:18 | 4.54 |
| 06/13/2001 | EXTN.2003, TEL.312-861-2124, S.T.14:01, DUR.04:06 | 1.62 |
| 06/13/2001 | EXTN.5003, TEL.847-226-8523, S.T.14:12, DUR.01:36 | 0.65 |
| 06/13/2001 | EXTN.5003, TEL.847-226-8523, S.T.14:13, DUR.01:12 | 0.65 |

| Date | Description | Amount |
|------|-------------|--------|
| 06/13/2001 | EXTN.5003, TEL.312-861-3261, S.T.14:15, DUR.00:36 | 0.32 |
| 06/13/2001 | EXTN.5003, TEL.312-953-1092, S.T.14:16, DUR.00:36 | 0.32 |
| 06/13/2001 | EXTN.5003, TEL.612-667-1916, S.T.14:35, DUR.00:54 | 0.32 |
| 06/13/2001 | EXTN.5006, TEL.612-667-1916, S.T.15:54, DUR.02:18 | 0.97 |
| 06/13/2001 | EXTN.5006, TEL.201-843-4900, S.T.16:46, DUR.01:18 | 0.65 |
| 06/13/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:44, DUR.06:42 | 2.27 |
| 06/13/2001 | EXTN.3544, TEL.201-981-1125, S.T.18:35, DUR.00:06 | 0.32 |
| 06/13/2001 | EXTN.5492, TEL.973-424-2017, S.T.11:02, DUR.05:06 | 1.94 |
| 06/13/2001 | EXTN.5544, TEL.312-861-2124, S.T.13:27, DUR.00:18 | 0.32 |
| 06/13/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:21, DUR.02:12 | 0.97 |
| 06/13/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:54, DUR.01:00 | 0.32 |
| 06/13/2001 | EXTN.5544, TEL.312-861-3103, S.T.16:19, DUR.06:24 | 2.27 |
| 06/13/2001 | EXTN.5544, TEL.201-556-4040, S.T.18:21, DUR.00:48 | 0.32 |
| 06/13/2001 | EXTN.5544, TEL.201-981-1125, S.T.18:34, DUR.00:18 | 0.32 |
| 06/14/2001 | EXTN.3544, TEL.312-861-3103, S.T.10:52, DUR.02:06 | 0.97 |
| 06/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:56, DUR.00:18 | 0.32 |
| 06/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.16:21, DUR.00:48 | 0.32 |
| 06/14/2001 | EXTN.5544, TEL.312-861-2124, S.T.10:11, DUR.04:06 | 1.62 |
| 06/14/2001 | EXTN.5544, TEL.312-861-2160, S.T.11:32, DUR.16:42 | 5.51 |
| 06/14/2001 | EXTN.5544, TEL.302-571-6688, S.T.14:04, DUR.23:36 | 7.78 |
| 06/14/2001 | EXTN.5544, TEL.302-656-8162, S.T.14:58, DUR.00:36 | 0.32 |
| 06/14/2001 | EXTN.5544, TEL.312-861-3103, S.T.17:14, DUR.00:30 | 0.32 |
| 06/18/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 06060-02201-01; DATE: 6/5/01 Telecomm. Services 5/01 | 2,873.70 |
| 06/18/2001 | EXTN.5544, TEL.302-651-3160, S.T.13:13, DUR.07:06 | 2.59 |
| 06/19/2001 | EXTN.5422, TEL.973-424-2000, S.T.13:05, DUR.03:24 | 1.30 |
| 06/19/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:55, DUR.01:18 | 0.65 |
| 06/20/2001 | EXTN.5492, TEL.302-657-4900, S.T.13:53, DUR.01:48 | 0.65 |
| 06/21/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:27, DUR.01:48 | 0.65 |
| 06/21/2001 | EXTN.5422, TEL.202-862-5000, S.T.10:30, DUR.00:30 | 0.32 |
| 06/21/2001 | EXTN.5422, TEL.0113017281000, S.T.12:02, DUR.00:12 | 3.32 |
| 06/21/2001 | EXTN.5562, TEL.202-862-5065, S.T.12:09, DUR.00:18 | 0.32 |
| 06/21/2001 | EXTN.5562, TEL.305-374-7580, S.T.14:18, DUR.01:48 | 0.65 |
| 06/21/2001 | EXTN.5760, TEL.302-657-4900, S.T.12:16, DUR.02:06 | 0.97 |
| 06/21/2001 | EXTN.5760, TEL.302-657-4900, S.T.12:24, DUR.00:48 | 0.32 |
| 06/22/2001 | EXTN.5492, TEL.302-657-4924, S.T.13:31, DUR.02:54 | 0.97 |
| 06/25/2001 | EXTN.3544, TEL.201-556-4040, S.T.10:40, DUR.01:00 | 0.32 |
| 06/25/2001 | EXTN.3544, TEL.312-861-2124, S.T.14:47, DUR.02:24 | 0.97 |
| 06/25/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:22, DUR.00:06 | 0.32 |
| 06/25/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:10, DUR.00:18 | 0.32 |
| 06/25/2001 | EXTN.5422, TEL.312-861-2366, S.T.11:36, DUR.09:54 | 3.24 |
| 06/25/2001 | EXTN.5544, TEL.201-981-1125, S.T.10:43, DUR.00:30 | 0.32 |
| 06/25/2001 | EXTN.5544, TEL.312-861-2124, S.T.16:40, DUR.00:36 | 0.32 |
| 06/25/2001 | EXTN.5544, TEL.973-424-2031, S.T.16:41, DUR.14:06 | 4.86 |
| 06/25/2001 | EXTN.5760, TEL.01133142603814, S.T.11:47, DUR.01:06 | 4.57 |
| 06/26/2001 | EXTN.5003, TEL.312-861-2124, S.T.14:25, DUR.00:48 | 0.32 |
| 06/26/2001 | EXTN.5003, TEL.312-861-2124, S.T.14:49, DUR.00:30 | 0.32 |
| 06/26/2001 | EXTN.5003, TEL.312-861-2124, S.T.16:13, DUR.01:00 | 0.32 |
| 06/26/2001 | EXTN.5003, TEL.302-571-6600, S.T.16:16, DUR.02:18 | 0.97 |
| 06/26/2001 | EXTN.5492, TEL.302-657-4924, S.T.14:46, DUR.03:06 | 1.30 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:43, DUR.01:18 | 0.65 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:29, DUR.01:00 | 0.32 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:45, DUR.00:06 | 0.32 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:53, DUR.06:42 | 2.27 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:21, DUR.00:24 | 0.32 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Detail | Amount |
|---|---|---|
| 06/27/2001 | EXTN.5422, TEL.312-861-2124, S.T.18:02, DUR.00:18 | 0.32 |
| 06/27/2001 | EXTN.5492, TEL.201-556-4039, S.T.10:23, DUR.09:30 | 3.24 |
| 06/27/2001 | EXTN.5492, TEL.302-657-4900, S.T.13:08, DUR.01:24 | 0.65 |
| 06/27/2001 | EXTN.6406, TEL.312-861-2000, S.T.15:21, DUR.00:42 | 0.32 |
| 06/28/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:59, DUR.00:18 | 0.32 |
| 06/29/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:21, DUR.00:36 | 0.32 |
| 06/29/2001 | EXTN.5544, TEL.302-654-5180, S.T.17:19, DUR.03:12 | 1.30 |
| 06/29/2001 | EXTN.6605, TEL.941-355-3076, S.T.18:52, DUR.35:30 | 9.51 |
| | **Long Distance Telephone Total** | **6,763.64** |

**Duplicating Costs-in House**

| Date | Amount |
|---|---|
| 06/01/2001 | 2.20 |
| 06/01/2001 | 1.00 |
| 06/04/2001 | 3.00 |
| 06/04/2001 | 2.80 |
| 06/04/2001 | 1.20 |
| 06/04/2001 | 17.60 |
| 06/04/2001 | 23.00 |
| 06/05/2001 | 3.50 |
| 06/05/2001 | 1.90 |
| 06/05/2001 | 1.00 |
| 06/05/2001 | 1.60 |
| 06/05/2001 | 31.60 |
| 06/06/2001 | 23.70 |
| 06/08/2001 | 0.20 |
| 06/11/2001 | 3.30 |
| 06/11/2001 | 3.50 |
| 06/11/2001 | 1.00 |
| 06/11/2001 | 10.30 |
| 06/11/2001 | 33.80 |
| 06/12/2001 | 2.80 |
| 06/12/2001 | 3.10 |
| 06/12/2001 | 1.50 |
| 06/13/2001 | 0.50 |
| 06/13/2001 | 1.20 |
| 06/13/2001 | 0.50 |
| 06/13/2001 | 1.90 |
| 06/14/2001 | 3.00 |
| 06/14/2001 | 2.90 |
| 06/15/2001 | 1.50 |
| 06/15/2001 | 0.30 |
| 06/15/2001 | 3.50 |
| 06/15/2001 | 2.50 |
| 06/15/2001 | 0.40 |
| 06/15/2001 | 0.40 |
| 06/15/2001 | 0.30 |
| 06/18/2001 | 1.80 |
| 06/18/2001 | 3.30 |
| 06/18/2001 | 24.60 |
| 06/18/2001 | 1.50 |
| 06/19/2001 | 5.40 |
| 06/19/2001 | 3.90 |
| 06/19/2001 | 6.00 |
| 06/19/2001 | 0.70 |
| 06/19/2001 | 17.70 |
| 06/20/2001 | 0.60 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | | Amount |
|---|---|---|
| 06/20/2001 | | 4.80 |
| 06/20/2001 | | 14.70 |
| 06/20/2001 | | 0.80 |
| 06/20/2001 | | 75.90 |
| 06/20/2001 | | 3.00 |
| 06/20/2001 | | 112.70 |
| 06/20/2001 | | 0.20 |
| 06/21/2001 | | 1.10 |
| 06/21/2001 | | 0.70 |
| 06/22/2001 | | 63.20 |
| 06/22/2001 | | 11.40 |
| 06/25/2001 | | 8.90 |
| 06/25/2001 | | 3.20 |
| 06/26/2001 | | 5.00 |
| 06/26/2001 | | 3.30 |
| 06/26/2001 | | 0.20 |
| 06/26/2001 | | 0.30 |
| 06/26/2001 | | 0.30 |
| 06/27/2001 | | 4.20 |
| 06/27/2001 | | 0.90 |
| 06/27/2001 | | 14.80 |
| 06/28/2001 | | 35.10 |
| 06/28/2001 | | 47.70 |
| 06/28/2001 | | 46.20 |
| 06/29/2001 | | 2.00 |
| 06/29/2001 | | 10.50 |
| 06/29/2001 | | 21.60 |
| 06/29/2001 | | 11.10 |
| 06/29/2001 | | 23.10 |
| **Duplicating Costs-in House Total** | | **784.90** |

**Postage**

| | | |
|---|---|---|
| 06/11/2001 | Postage Charged by  on 05/30/2001 | 23.52 |
| 06/29/2001 | 6/25/01 | 0.68 |
| **Postage Total** | | **24.20** |

**Miscellaneous**

| | | |
|---|---|---|
| 06/27/2001 | VENDOR: Moshe Sasson; INVOICE#: 06/20/01; DATE: 6/27/01 06/17 - 06/19  MEALEY CONFERENCES IN PA - REGISTRATION FEE FOR CONFERENCE | 995.00 |
| **Miscellaneous Total** | | **995.00** |

**Lexis/Nexis**

| | | |
|---|---|---|
| 06/28/2001 | | 18.19 |
| **Lexis/Nexis Total** | | **18.19** |

**Facsimile Charges**

| | | |
|---|---|---|
| 06/06/2001 | FAX # 305-374-7593 | 5.00 |
| 06/12/2001 | FAX # 421-6234 | 13.00 |
| 06/19/2001 | FAX # 312-660-0313 | 4.00 |
| 06/20/2001 | FAX # 302-652-4400 on 05/25/2001 | 6.00 |
| 06/20/2001 | FAX # 973-424-2001 on 05/25/2001 | 6.00 |
| 06/21/2001 | FAX # 910113017281111 | 7.00 |
| 06/21/2001 | FAX # 910113017281111 | 1.00 |
| **Facsimile Charges Total** | | **42.00** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Page: 6

## Travel Expenses - Transportation

| | | |
|---|---|---:|
| 06/14/2001 | AMEX KRIEGER/ARLENE NYP WIL NYP on 05/17/2001 | 138.00 |
| 06/14/2001 | AMEX RASKIN/ROBERT A NYP WIL NYP on 05/02/2001 | 161.00 |
| 06/25/2001 | VENDOR: American Express; INVOICE#: 18436; DATE: 5/2/01 lawyers trav fee 5/2 R Raskin | 35.00 |
| 06/26/2001 | VENDOR: American Express; INVOICE#: 18604; DATE: 5/17/01 lawyers trav fee A Krieger 5/17 | 35.00 |
| | **Travel Expenses - Transportation Total** | **369.00** |

## Travel Expenses - Lodging

| | | |
|---|---|---:|
| 06/27/2001 | VENDOR: Moshe Sasson; INVOICE#: 06/20/01; DATE: 6/27/01 06/17 - 06/19  MEALEY CONFERENCES IN PA - HOTEL | 521.32 |
| | **Travel Expenses - Lodging Total** | **521.32** |

## Travel Expenses - Meals

| | | |
|---|---|---:|
| 06/27/2001 | VENDOR: Moshe Sasson; INVOICE#: 06/20/01; DATE: 6/27/01 06/17 - 06/19  MEALEY CONFERENCES IN PA - MEALS | 119.38 |
| | **Travel Expenses - Meals Total** | **119.38** |

## Westlaw

| | |
|---|---:|
| 06/22/2001 | 8.67 |
| 06/28/2001 | 10.10 |
| 06/29/2001 | 207.00 |
| 06/29/2001 | 0.09 |
| 06/29/2001 | 55.72 |
| 06/30/2001 | 60.00 |
| **Westlaw Total** | **341.58** |

## Document Review

| | | |
|---|---|---:|
| 06/26/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 14.00 |
| 06/26/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 68.50 |
| 06/29/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 90.00 |
| 06/29/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 12.00 |
| **Document Review Total** | | **184.50** |

## Matter Disbursement Summary

| | |
|---|---|
| Outside Messenger Service | $ 18.80 |
| Local Transportation | 275.63 |
| Long Distance Telephone | 6763.64 |
| Duplicating Costs-in House | 784.90 |
| Postage | 24.20 |
| Miscellaneous | 995.00 |
| Document Review | 184.50 |
| Lexis/Nexis | 18.19 |
| Facsimile Charges | 42.00 |
| Travel Expenses - Transportation | 369.00 |
| Travel Expenses - Lodging | 521.32 |
| Travel Expenses - Meals | 119.38 |
| Westlaw | 341.58 |

Total Disbursements/Charges    $ 10,458.14

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

# - EXHIBIT D -

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W. R. GRACE & CO., et al., | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK  )

LEWIS KRUGER, being duly sworn, deposes and says:

        1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

        2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's first quarterly interim verified application for compensation and for the reimbursement of expenses for services rendered during the period from April 12, 2001 through and including June 30, 2001 in the aggregate amount of $389,191.75.

3.      All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from April 12, 2001 through and including June 30, 2001 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

LEWIS KRUGER

Sworn to before me this
27 day of July, 2001

Notary Public

ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

-2-

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objections due: August 20, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

### CERTIFICATE OF SERVICE

I, Shelley A. Hollinghead, Esquire, certify that I am not less than 18 years of age, and that service of a copy of the attached **First Quarterly Interim Application of Stroock & Stroock & Lavan LLP for Compensation for Services and Reimbursement of Expenses as Counsel to the Committee of Unsecured Creditors of W. R. Grace & Co., et al., for the Interim Period from April 12, 2001 Through June 30, 2001** was made July 30, 2001, upon:

> All of the parties indicated on the attached Service List by first class mail, postage prepaid, or as otherwise indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
Date

_____
Shelley A. Hollinghead, Paralegal

WLM\148199.1

- 3 -

# W.R. GRACE FEE APPLICATION SERVICE LIST

Case No. 01-01139 (JJF)
Doc. No. Word147513v1

*Via Hand Delivery*
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to Debtors and Debtors in Possession*

*Via First Class Mail*
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
*Counsel to Debtors and Debtors in Possession*

*Via Hand Delivery*
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Local Counsel to DIP Lender*

*Via Hand Delivery*
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
*Counsel to Debtor*

*Via First Class Mail*
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606
*Counsel to DIP Lender*

*Via Hand Delivery*
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*Counsel for Asbestos Property Damage Claimants*

*Via Hand Delivery*
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Local Counsel to Asbestos Property Damage Claimants*

*Via First Class Mail*
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Via First Class Mail*
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
*Official Committee of Unsecured Creditors*

*Via First Class Mail*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022
*Official Committee of Asbestos Personal Injury Claimants*

*Via First Class Mail*
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
Dimensional Fund Advisors
Attn: Lawrence Spieth
10 S. Wacker Drive, #2275
Chicago, IL 60606
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Simon Atlas
8314 Meadowlark Lane
Bethesda, MD 20817
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price
 & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131
*Official Committee of Asbestos Property Damage Claimants*

*Via First Class Mail*
Peninsula Partners, L.P.
Attn: Ted Weschler
404B East Main Street, 2nd Floor
Charlottesville, VA 22902
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Angus W. Mercer
4500 Carmel Estates Road
Charlotte, NC 28226
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Raymond E. Smiley
35415 Solon Road
Solon, OH 44139-2415
*Official Committee of Equity Security Holders*