## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

**W.R. Grace & Co., et al.**

Debtors.

Chapter 11

Case No. 01-01139(JJF)

Jointly Administered

Objection Deadline: August 20, 2001 at 4:00 p.m.
Hearing Date: To be scheduled, only if objections are
timely filed and served.

## THIRD APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR
## COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
## OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
## CREDITORS FOR THE PERIOD FROM JUNE 1, 2001 THROUGH JUNE 30, 2001

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **June 1, 2001 – June 30, 2001** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$91,019.00** |
| Amount of Expense Reimbursement sought as actual reasonable and necessary: | **$10,458.14** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 36.3 hours and the corresponding compensation requested is approximately $8,712.50.[1]

This is the third application filed

---

[1] This is Stroock's Third Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**Fee Application/Attachment A**

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

W R Grace & Co.
June 1 through June 30, 2001
Attachment B

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 4.9 | $650 | $ 3,185.00 |
| Pasquale, Kenneth | Partner | 3 | 10.7 | $475 | $ 5,082.50 |
| Raskin, Robert | Partner | 8 | 28.9 | $550 | $ 15,895.00 |
| Wintner, Mark | Partner | 20 | 2.4 | $550 | $ 1,320.00 |
| Keppler, Abbey | Special Counsel | 8 | 8.1 | $425 | $ 3,442.50 |
| Krieger, Arlene | Special Counsel | 8 | 59.0 | $425 | $ 25,075.00 |
| Sasson, Moshe | Associate | 7 | 57.4 | $360 | $ 20,664.00 |
| Taruschio Anna | Associate | 1 | 47.5 | $245 | $ 11,637.50 |
| Gomelskaya, Irina | Summer Associate | N/A | 5.0 | $150 | $ 750.00 |
| Serrette, Rosemarie | Paraprofessional | 13 | 25.9 | $150 | $ 3,885.00 |
| Bent, Tamika | Legal Research | N/A | 1.5 | $55 | $ 82.50 |
| **Total** | | | 251.3 | | $ 91,019.00 |

Blended Rate    $ 362.19

1115236.03

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )    **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | )    **Case No. 01-01139 (JJF)** |
| | ) |
| **Debtors.** | )    **Jointly Administered** |

**Objection Deadline: August 20, 2001 at 4:00 p.m.**
**Hearing Date: To be scheduled, only if objections**
**are timely filed and served.**

### THIRD FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JUNE 1, 2001 THROUGH JUNE 30, 2001

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a third interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.      By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from June 1, 2001 through June 30, 2001 (the "Third Monthly Period") in the aggregate amount of $91,019.00, representing 218.9 hours of professional services and 32.4 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Third Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $10,458.14.

2.      Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP ("DM&H") as its local Delaware counsel.

6.      The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees"). On June 8, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors.

7.      By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.      This is the third application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.      Applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the

4

services during the Third Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Third Monthly Period, their normal hourly rates, and the value of their services.

13.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.    The following summary of the services rendered during the Third Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention immediately.

### (i)    Case Administration/General – Category 0002

16.    During the Third Monthly Period, Stroock attended to the preparation of a revised form of the Committee's By-Laws, solicited comments from the Committee regarding the amended form of By-Laws, and circulated draft modifications to the Committee. Stroock also

5

assisted in the preparation of the final form of a confidentiality agreement to be executed by the Committee's financial consultant, FTI/Policano & Manzo ("FTI P&M").

17.     Stroock reviewed each of the motions filed by the Debtors or other parties with the Court during this Third Monthly Period, drafted memoranda to the Committee summarizing the relief requested by them, analyzed the legal issues, where appropriate, and provided recommendations on the motions to the Committee. With respect to those matters, Stroock continued to negotiate the issues or forms of proposed orders, as applicable, with the Debtors and other parties on behalf of the Committee, to resolve those matters consensually, if possible, and thus avert the need and expense of filing responsive pleadings.

18.     During this Third Monthly Period, Stroock also coordinated the Committee's meeting and conference calls, and worked closely with the Committee's financial consultant, FTI P&M, to assist the Committee. Stroock has expended 19.8 hours on this category for a fee of $6,386.00.

### (ii)     Fee Application/Monthly Billing Reports -- 0003

19.     During the Third Monthly Period, Stroock prepared its Second Fee Application including a narrative section summarizing the services rendered during that period by Stroock and compiled and attached expense schedules. Stroock also prepared on behalf of the Committee an application seeking reimbursement for the out-of-pocket expenses incurred by certain members of the Committee. Stroock has expended 36.3 hours on this category for a fee of $8,712.50.

### (iii)     Review of Other Professionals' Fee Application – Category 0004

20.     In connection with this matter, Stroock assisted FTI/P&M in the final preparation of FTI P&M's fee application.

6

### (iv)    Asbestos Litigation – Category 0005

21.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Third Monthly Period, to thoroughly review the various pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those which may impact upon the process for, and determination of, the amount and validity of asbestos-related claims against the Debtors' estates.

22.    More specifically, during the Third Monthly Period, Stroock reviewed the Debtors' motion to modify the preliminaryinjunction previously granted by the Court and the objections filed thereto, and prepared for the Court hearing on those matters. Stroock also continued its review of proof of claim, bar date, and notice, forms and procedures approved in other major cases with substantial asbestos or other tort liabilities, in preparation for its up-coming review of the same issues in these Chapter 11 cases. Towards the latter part of this period, the Debtors filed an extensive motion seeking entry of a case management order providing for the establishment of a proposed schedule and process to determine the validity of asbestos claims against the Debtors' estates, and entry of an order providing for the establishment of a bar date and approving special proof of claim and notice procedures to be utilized in these cases, and a memorandum in support thereof. Stroock began its review of the Debtors' case management/bar date motion at the close of the Third Monthly Period.

7

23.     In addition, during the Third Monthly Period, Stroock reviewed the joint motion filed by the asbestos property damage committee and the asbestos personal injury committee (the "Asbestos Committees' Joint Motion") seeking authority to prosecute, on behalf of the estates, fraudulent transfer claims against the Debtors, prepared a memorandum for the Committee on the Asbestos Committees' Joint Motion and began to analyze various issues arising with regard thereto.  Following discussions with the Committee on the Committee's position in response to the Joint Motion, Stroock began to prepare a response in opposition to the Joint Motion.

24.     Stroock also continued its analysis and discussions with the Committee with respect to its retention of experts to assist the Committee and the Court in evaluating the numerous issues surrounding the validity and quantification of asbestos-related claims in these cases.

25.     Stroock has expended 82.2 hours on this category for a fee of $32,013.00.

(v)     **Retention of Professionals - Category 0006**

26.     During the Third Monthly Period, Stroock, continued to work together with the Debtors and representatives of The Blackstone Group to ultimately reach a consensual resolution of the Committee's concerns with respect to the proposed terms of the Debtors' retention and compensation of The Blackstone Group, as their financial advisors.

27.     In addition, Stroock reviewed and summarized for the Committee the terms of the proposed retention by the Debtors of various professionals, including Wallace, King Marraro & Branson PLLC; Holme, Roberts & Owen LLP; and Nelson Mullins Riley & Scarborough, LLP, and by the asbestos property damage committee's retention of Ferry & Joseph, P.A., and raised with the Debtors and the property damage committee any concerns the Committee had with respect to the terms of such professionals retention.

8

28.     Stroock has expended 9.7 hours on this category for a fee of $3,542.50.

### (vi)     Creditors Committee Meetings/Conferences - Category 0007

29.     Stroock held two conference calls with the members of the full Committee during the Third Monthly Period, whereon the Committee discussed, among other matters, the Debtors' proposed key employee retention programs, the assumption of certain senior management employment agreements, the Asbestos Committees' Joint Motion to prosecute fraudulent transfer claims and the Debtors' proposed acquisition of a french based specialty chemical company.  In order to keep the Committee fully informed of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions.

30.     Prior to each conference call with the Committee, Stroock prepared and circulated an agenda of the matters to be discussed, reviewed each pending matter, and all underlying documentation in connection therewith.  Thereafter, Stroock discussed each of these matters with the Committee and assisted the members in formulating a position thereon.  Through these telephone conference meetings and correspondence, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.

31.     Stroock also continued to discuss with the Debtors and with members of the Committee a revised version of the Committee's By-Laws, and prepared and circulated modified forms thereof.

32.     Stroock has expended 63.5 hours on this category for a fee of $23,685.00.

9

### (vii)    Court Hearings - Category 0008

33.    There was one hearing before the Court during the Third Monthly Period during which the Court heard argument on the Debtors' motion to modify the preliminary injunction and the various objections filed thereto, and the Court was presented with the consensual resolution of certain of the Debtors' first day motions, which had been the subject of objection and on-going discussion. Stroock attended and actively participated, as necessary, in the hearings before the Court.

34.    Stroock has expended 8.2 hours on this category for a fee of $4,485.00.

### (viii)    Executory Contracts/License Agreements – Category 0011

35.    During the Third Monthly Period, Stroock reviewed the Debtors' motion seeking to settle claims, and enter into a new agreement, with Zhagrus Environmental Inc., a member of the Committee, and the Debtors' motion proposing omnibus procedures for settlement of certain non-asbestos related claims. These proposed omnibus procedures provided for settlement of claims according to a two-tiered system of claims classification, based on the proposed amount of the settled claim, with different kinds of notice provided to third parties, including the Committee. Stroock reviewed the Zhagrus settlement motion and the omnibus claims settlement procedures motion, prepared memoranda describing and making recommendations to the Committee as to them, and began to engage the Debtors in discussions to achieve appropriate modifications to the proposed claims settlement procedures. Ultimately, the information requested with respect to the Zhagrus settlement motion was obtained and the Committee's concerns with respect to the proposed omnibus settlement procedures were consensually resolved.

10

36.     During the Third Monthly Period, Stroock also began to review the motion of

certain former employees of the Debtors seeking reimbursement from the estates, as

administrative expenses, of legal fees and expenses incurred prepetition and postpetition in

defense of an administrative proceeding brought against the former employees by the United

States Securities and Exchange Commission, and began to review the legal issues raised by the

motion.

37.     Stroock has expended 8.5 hours on this category for a fee of $2,237.50.

        **(ix)    Sales of Assets – Category 0015**

38.     At the end of the Third Monthly Period, the Debtors filed a motion seeking to

establish procedures to abandon or sell certain assets that it deemed *de minimis.* During this

period, Stroock began a review of this motion on behalf of the Committee.

39.     In addition, the Debtors informed FTI P&M and Stroock that they wanted to

acquire a specialty chemical company located in Europe. Stroock discussed the proposed

acquisition with FTI P&M, provided comment to FTI P&M on an analysis it was preparing on

the acquision and discussed the matter with the Committee.

40.     Stroock has expended 3.1hours on this category for a fee of $1,405.00.

        **(x)    Erisa Issues – Category 0020**

41.     During the Third Monthly Period, the Committee consensually concluded various

employee-related matters that had been the subject of extensive review, analysis and discussion

by Stroock and FTI P&M with the Debtors since the beginning of these cases. These matters

included: (a) the relief sought in the extensive first day motion (the "Benefits Motion") and

obtained from the Court in a first day order (the "Benefits Order") authorizing the Debtors to

continue to pay their current, as well as former employees, independent contractors and directors,

11

pre-petition employee benefits and severance pay; (b) approval for certain key employee retention programs, including change of control programs for the Debtors' senior executives, interim approval for which had already been granted by the Court; and (c) the Debtors' request for authorization to assume employment agreements with eight of their senior executives.

42.     More specifically during this period, Stroock continued to review and analyze additional documentation relevant to the employee benefit-related issues under discussion and continued to engage the Debtors in discussions over the Debtors' various key employee retention programs and executive employment agreements. After the Committee reached a consensual resolution with the Debtors on these matters, Stroock thoroughly reviewed each of the forms of orders prepared and circulated by the Debtors and provided comment thereon. The employee benefit-related orders were submitted and approved by the Court.

43.     Stroock has expended 19.1 hours on this category for a fee of $8,417.50.

## IV.     FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

44.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

> (A)     The Time and Labor Required. The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into

12

the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

(B)     The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered. In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

(C)     The Skill Requisite to Perform the Legal Services Properly. Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

(D)     The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

(E)     The Customary Fee. The fee sought herein is based upon Stroock's normal hourly rates for services of this kind. Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee,

13

and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F)     Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)     Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has been required to attend to the various issues arising in these cases.  Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)     The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including:  Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc.,

14

Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.     ALLOWANCE OF COMPENSATION

45.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

46.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services

15

rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

47.     The total time spent by Stroock attorneys and paraprofessionals during the Third Monthly Period was 251.3 hours. Such services have a fair market value of $91,019.00. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

48.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Third Monthly Period, their normal hourly rates, and the value of their services.

49.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $10,458.14 for which Stroock respectfully requests reimbursement in full.

50.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

16

51.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

52.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

53.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

54.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

55.     No prior application has been made in this or in any other Court for the relief requested herein for the Third Monthly Period.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)     the allowance of compensation for professional services rendered to the Committee during the period from June 1, 2001 through and including June 30, 2001 in the amount of $91,019.00;

17

(b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection

with the rendering of such services during the period from June 1, 2001 through

and including June 30, 2001 in the amount of $10,458.14; and

(c)     authorizing and directing the Debtor to pay as interim compensation to Stroock

80% of the amount of the professional services rendered and 100% of the

expenses incurred by Stroock during the period from June 1, 2001 through and

including June 30, 2001, subject to final payment of the full amount; and

(d)     granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       July 27, 2001

                 STROOCK & STROOCK & LAVAN LLP


                 Lewis Kruger (LK4512)
                 A Member of the Firm
                 180 Maiden Lane
                 New York, New York 10038-4982
                 (212) 806-5400


                 Co-Counsel for the Official Committee of
                 Unsecured Creditors of W. R. Grace & Co., et al.

18

## - EXHIBIT A -

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )   **Chapter 11** |
| **W.R. GRACE & CO., et al.** | )   **Case No. 01-01139 (JJF)** |
| | ) |
| **Debtors.** | )   **Jointly Administered** |

## AFFIDAVIT

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

LEWIS KRUGER, being duly sworn, deposes and says:

1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's third monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from June 1, 2001 through and including June 30, 2001 in the aggregate amount of $101,477.14.

3.        All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from June 1, 2001 through and including June 30, 2001 and not on behalf of any other person.

4.        In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.        In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
LEWIS KRUGER

Sworn to before me this
27th day of July, 2001

_____
Notary Public

ETHEL EARLEY
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

-2-

# - EXHIBIT B -

## STROOCK & STROOCK & LAVAN LLP
### 180 Maiden Lane
### New York, NY 10038

W R Grace & Co

July 26, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through June 30, 2001 in
connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0002 | General Case Administration | 19.8 | 6,386.00 |
| 0003 | Fee Application/Monthly Billing Reports | 36.3 | 8,712.50 |
| 0004 | Review of Other Professionals Fee Application | 0.9 | 135.00 |
| 0005 | Asbestos Litigations | 82.2 | 32,013.00 |
| 0006 | Retention of Professionals | 9.7 | 3,542.50 |
| 0007 | Creditors Committee Issues/Conferences | 63.5 | 23,685.00 |
| 0008 | Court Hearings | 8.2 | 4,485.00 |
| 0011 | Executory Contracts/License Agreements | 8.5 | 2,237.50 |
| 0015 | Sale of Assets | 3.1 | 1,405.00 |
| 0020 | Erisa Issues | 19.1 | 8,417.50 |
| | Total | 251.3 | 91,019.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

July 26, 2001
Invoice: 238429

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through June 30, 2001, including:

**RE:    General Case Administration
699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/01/2001 | Office conferences RS re calendar matters including Committee's motion for reconsideration, notice of fee application and telephone call Lastowski re notice of application (.6). | Krieger, A. | 0.6 |
| 06/01/2001 | Review drafts of orders and correspondence re preliminary injunction (.2), o/c R. Serrette regarding schedules and FTI (.2).  Review Blackstone retention order draft and fax comments re same (.5). | Raskin, R. | 0.9 |
| 06/04/2001 | Review pleadings (.1); distribution of same (.2); edits to contact lists (.2). | Serrette, R. | 0.5 |
| 06/05/2001 | Numerous telephone calls M. Lastowski, J. Meyers and office conferences RS re noticing procedures (.9). | Krieger, A. | 0.9 |
| 06/05/2001 | Conference with A. Krieger re Wells Fargo (.1); set up Committee conference call (.2); review contact list (.2). | Serrette, R. | 0.5 |
| 06/06/2001 | Memos to Committee members regarding conference call (.1); Memos from and to C. MacCullum re corporate analysis of Lockhart & Norris agreements and reviewed same (.4); office conferences A. Taruschio re Blackstone order, lease rejection memorandum, memorandum on other pending motions (.3). | Krieger, A. | 0.8 |
| 06/07/2001 | Review Notice of Certificate of no objection at A. | Serrette, R. | 0.4 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Krieger's request (P&M an Duane Morris) (.2);
telephone conferences with SD. Hollinghead re same
(.2).

| 06/08/2001 | Telephone call with Lafel of Kempner (bought bank debt) and update on status. | Kruger, L. | 0.4 |
| 06/11/2001 | Office conference with R. Raskin; telephone call with D. Bernick of Kirkland & Ellis regarding fraudulent transfer issue and approach to litigation or resolution. | Kruger, L. | 0.4 |
| 06/11/2001 | T/c L. Kruger re payment on guarantee (.2), Conf. call Kruger and David Bernick (.5). | Raskin, R. | 0.7 |
| 06/12/2001 | Telephone call Rod Thomas re creditor inquiry (.5); telephone call R. Raskin re By-Law revisions and preparation of Committee member acknowledgement (.2); telephone call J. Kapp re revised by-laws (.1); prepared form of Committee member acknowledgement (.3); telephone calls Sean Cunningham and then with M. Reed re proposed confidentiality agreement and terms thereof (.9); telephone call R. Higgins re P&M Confidentiality Agreement (.1). | Krieger, A. | 0.5 |
| 06/12/2001 | Tephone call R. Higgins re P&M Confidentiality Agreement (.1); telephone call S. Hollinghead re service of certificates of not objection (.2); correspondence from S.Schwartz re motion (.2). | Krieger, A. | 0.5 |
| 06/13/2001 | Review pleadings and distribute (.2). | Serrette, R. | 0.2 |
| 06/15/2001 | T/c A. Krieger re issues surrounding Zhagrus settlement, (.2), review comments to confidentiality agreements (.2), t/c L. Kruger re issues related to asbestos (.1). | Raskin, R. | 0.5 |
| 06/18/2001 | Review of asbestos property damage committee response to debtors' omnibus claim and litigation procedure motion. | Kruger, L. | 0.3 |
| 06/18/2001 | Update of Critical Date Calendar including main case docket; Adv Pro docket and time line on Asbestos claims litigation. | Serrette, R. | 2.5 |
| 06/19/2001 | Review new pleading regarding Asbestos Committee objection to debtors removal motion (.2 hrs); review critical dates calendar (.2 hrs); review objection regarding omnibus procedures (.4 hrs). | Taruschio, A. | 0.8 |
| 06/20/2001 | Update critical date calendar; organized files according to docket# to be circulated to Moshe Sasson. | Bent, T. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/20/2001 | Further office conferences S. Schwartz re Wallace King order, employee benefits order, appointment of equity Committee (.7); memo re appointment of equity committee (.1). | Krieger, A. | 0.8 |
| 06/20/2001 | T/c A. Krieger re confidentiality and proposed sale. T/c K. Pasquale re hearing (.1), email Lastowski re hearing (.2), review memo to committee re pending motions (.2), review motion to commence fraudulent conveyance claims (.2). | Raskin, R. | 0.7 |
| 06/20/2001 | Review of filed pleadings and update critical date calendar (.4); assisted in the preparation for June 21 hearing (.3). | Serrette, R. | 0.7 |
| 06/20/2001 | Telephone and draft supplemental conflicts affidavit (2.2 hrs); review pleadings for A. Krieger regarding objections to pending motions (.4 hrs). | Taruschio, A. | 2.6 |
| 06/21/2001 | Updated W.R. Grace critical date calendar. | Bent, T. | 0.5 |
| 06/21/2001 | Review pending motions (.2 hrs); telephone call to debtor's counsel regarding prepetition claims (.2 hrs). | Taruschio, A. | 0.4 |
| 06/25/2001 | Review docket (.2); review certificate of no objection (SSL Fees) and edits to same (.4); conference with A. Krieger re same (.1). | Serrette, R. | 0.7 |
| 06/27/2001 | O/c re asbestos committee motion (.3), review motion for indemnity (.3), o/c A. Krieger re same (.2). | Raskin, R. | 0.8 |
| 06/29/2001 | T/c J Kapp re motion to indemnify (.2) | Raskin, R. | 0.2 |

## Summary of Hours

| | Hours | Rate | Total |
|---|---|---|---|
| Bent, Tamika | 1.5 | $ 55 | $ 82.50 |
| Krieger, Arlene | 4.1 | 425 | 1,742.50 |
| Kruger, Lewis | 1.1 | 650 | 715.00 |
| Raskin, Robert | 3.8 | 550 | 2,090.00 |
| Serrette, Rosemarie | 5.5 | 150 | 825.00 |
| Taruschio Anna | 3.8 | 245 | 931.00 |

Total For Professional Services Rendered          $ 6,386.00

**Total for this Matter**          $ 6,386.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Fee Application/Monthly Billing Reports**
       **699842. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/01/2001 | Correspondence from Bilzen re amended ordinary course professionals list (.1); office conference RS and then telephone call M. Lastowski re reviewed notice and process on professionals monthly fee applications (.5). | Krieger, A. | 0.6 |
| 06/04/2001 | Conference with A. Krieger re service of Amended Notice of fee application filing (.1); conference with J. Weiss (DM) re procedure (.1). | Serrette, R. | 0.2 |
| 06/05/2001 | Reviewed Amended Notice of Fee Application (.1); conferences with A. Krieger re same (.2). | Serrette, R. | 0.3 |
| 06/06/2001 | Further review of Notice (.2); conference with A. Krieger re same (.1); distribute (.3); draft Affidavit of service (.3). | Serrette, R. | 0.9 |
| 06/11/2001 | Review of time entries for May 2001 in preparation for Second Fee Application. | Serrette, R. | 1.0 |
| 06/15/2001 | Begin drafting second interim fee application (2.9 hrs); office conference with R. Serrette regarding same (.5 hrs). | Taruschio, A. | 3.4 |
| 06/18/2001 | Draft second interim fee application (3.9 hrs). | Taruschio, A. | 3.9 |
| 06/19/2001 | Draft fee application (2.7 hrs). | Taruschio, A. | 2.7 |
| 06/20/2001 | Review time records for preparation of May fee application (1.0). | Krieger, A. | 1.0 |
| 06/21/2001 | Draft application for reimbursement of Committee member expenses; review of submitted expenses. | Serrette, R. | 2.3 |
| 06/22/2001 | Review of Committee expense application and edits to same (.2). | Serrette, R. | 0.2 |
| 06/25/2001 | Complete review of time records in preparation of fee application, and office conference RS re same (1.6). | Krieger, A. | 1.6 |
| 06/25/2001 | Review and revise SSL's draft second fee application. | Krieger, A. | 1.0 |
| 06/25/2001 | Review and edit fee summaries (.2); edits to text of application (.2); conference with A. Krieger re same (.1); edits to cover page (.2); review and revise | Serrette, R. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Committee expense application and expense forms
(1.3).

| 06/26/2001 | Review May fee statement in preparation for fee application | Serrette, R. | 0.9 |
|---|---|---|---|
| 06/27/2001 | Review and revise fee application. | Serrette, R. | 3.0 |
| 06/28/2001 | Review and revise SSL's draft second fee application. | Krieger, A. | 3.0 |
| 06/28/2001 | Review time entries in preparation for filing second fee application (1.3); conference with A. Krieger re same (.1). | Serrette, R. | 1.4 |
| 06/29/2001 | Memos from and to S. Hollinghead re Policano & Manzo fee application and office conference RS re same (.3); office conference RS re preparation of SSL fee application (.2). | Krieger, A. | 0.5 |
| 06/29/2001 | Review draft fee application | Raskin, R. | 0.5 |
| 06/29/2001 | Review and revise committee expense application; prepare for filing; review and revise second fee application; conference with A. Krieger re same; conference with S. Hollinghead (DM) re filing and service of P&M fee application; review same. | Serrette, R. | 5.9 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 7.7 | $ 425 | $ 3,272.50 |
| Raskin, Robert | 0.5 | 550 | 275.00 |
| Serrette, Rosemarie | 18.1 | 150 | 2,715.00 |
| Taruschio Anna | 10.0 | 245 | 2,450.00 |

Total For Professional Services Rendered          $ 8,712.50

Total for this Matter          $ 8,712.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Review of Other Professionals Fee Application**
        **699842. 0004**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|------|-------------|------|-------|
| 06/28/2001 | Conference with Craig McCullen (FTI M&P) re fee application. | Serrette, R. | 0.9 |

| <u>Summary of Hours</u> | <u>Hours</u> | <u>Rate</u> | <u>Total</u> |
|-------------|-------|------|-------|
| Serrette, Rosemarie | 0.9 | $ 150 | $ 135.00 |

Total For Professional Services Rendered    $ 135.00

**Total for this Matter**    $ 135.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:     Asbestos Litigations**
          **699842. 0005**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 05/09/2001 | T/c K. Pasquale re: research issue; research PA workers comp., law., draft memo to L. Kruger re: same. | Sasson, M. | 1.2 |
| 06/01/2001 | Review Debtors motion to modify the preliminary injunction and office conferences KP re same (1.2). | Krieger, A. | 1.2 |
| 06/01/2001 | Attention to debtors' motion to extend litigation injunction (.7) | Pasquale, K. | 0.7 |
| 06/04/2001 | Memos to and from K. Pasquale re 6/21 hearing (.2). | Krieger, A. | 0.2 |
| 06/04/2001 | Telephone call with Jane Bear of Kirkland & Ellis regarding further injunctive relief. | Kruger, L. | 0.2 |
| 06/05/2001 | Attention to debtors' motion to modify preliminary injunction (.4) | Pasquale, K. | 0.4 |
| 06/06/2001 | Attention to debtors' motion for authority to retain asbestos experts (.4) | Pasquale, K. | 0.4 |
| 06/11/2001 | Review Debtors' scheduling order re asbestos claims litigation and office conference K. Pasquale re same (.5). | Krieger, A. | 0.5 |
| 06/12/2001 | Review debtors' proposal for the management and scheduling of asbestos claims. | Kruger, L. | 0.6 |
| 06/12/2001 | Review litigation/bankruptcy files from Dow Corning bankruptcy. | Sasson, M. | 5.5 |
| 06/13/2001 | Continued reviewing litigation/bankruptcy/filing in Dow Corning, Babcok & Wilcox case. | Sasson, M. | 2.5 |
| 06/14/2001 | Continued review litigation/bankruptcy filing in Dow Corning, Babcok & Wilcox case. | Sasson, M. | 1.5 |
| 06/18/2001 | Memos to and from K. Pasquale re Asbestos Committees motion re prosecution of fraudulent conveyance suit. | Krieger, A. | 0.2 |
| 06/18/2001 | Attention to fradulent transfer claims v. Fresnius; Sealed Air; proper party plaintiff; asbestos' committees' motion to prosecute (2.0) | Pasquale, K. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 06/18/2001 | Attend Asbestos Bankruptcy Conference in Philadelphia, PA. | Sasson, M. | 10.0 |
| 06/18/2001 | T/c K. Pasquale re: asbestos committee's motion to prosecute fraudulent transfer actions. | Sasson, M. | 0.3 |
| 06/19/2001 | Review asbestos committee joint motion re prosecution of fraudulent conveyance claims and notes thereon (.4). | Krieger, A. | 0.4 |
| 06/19/2001 | Attend Asbestos Bankruptcy Conference in Philadelphia, PA. | Sasson, M. | 8.0 |
| 06/20/2001 | Review various motions and objections re: debtors motion to extend stay, asbestos plaintiffs re: fraudulent transfers, fraudulent transfer complaint; outline deposition. | Sasson, M. | 5.5 |
| 06/20/2001 | Telephone conference with M. Sasson re pleadings and responses to motion for preliminary injunction (.2); work re same (.5). | Serrette, R. | 0.7 |
| 06/21/2001 | Telephone call AT and then office conference RAR re Asbestos Committee's motion re 6/21/01 hearings, fraudulent conveyance claims, scheduling of Committee meeting to discuss 6/21/01 hearings, and proposed acquistion. | Krieger, A. | 0.5 |
| 06/21/2001 | Office conference with R. Raskin regarding asbestos committee's motion to commence fraudulent transfer litigation and creditor committee meeting to consider it. | Kruger, L. | 0.3 |
| 06/21/2001 | Attention to asbestos committees' motion to prosecute avoidance claims and possible responses (1.5); telephone conference P. Lockwood re same and extension of time (.3); attention to pleadings on debtors' preliminary injunction motions (1.0) | Pasquale, K. | 2.8 |
| 06/21/2001 | T/c T. Maher re conference call of the committee related to motion filed by Asbestos committees (.3), T/c K. Pasquale re same (.2), review pleadings and preparation for hearing re preliminary injunction and misc issues (1.4). | Raskin, R. | 1.9 |
| 06/21/2001 | Draft summary of motion to Creditors Committee (.5); o/c K. Pasquale re: motion (1.0); continued drafting outline of opposition to asbestos plaintiffs re: fraudulent transfers (2.0). | Sasson, M. | 3.5 |
| 06/21/2001 | Telephone call with A. Krieger and T. Maher regarding asbestos committee motion (.2 hrs); set up conference call regarding same (1.0 hrs). | Taruschio, A. | 1.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| 06/22/2001 | T/c T. Maher re issues related to Asbestos claimants' motion (.2). | Raskin, R. | 0.2 |
| 06/25/2001 | Telephone calls RAR re court hearing on preliminary injunction motion (.1); extended meeting with K. Pasquale, RAR, M. Sasson re Committee response to Asbestos Committee's motion to prosecute the fraudulent conveyance claims (1.0); review draft memorandum to the Committee re fraudulent conveyance actions and joint motion and office conference RAR and then M. Sasson re same (.5); telephone call B. Katchen re response to Asbestos Committee's fraudulent conveyance motion (.3). | Krieger, A. | 1.9 |
| 06/25/2001 | Office conference with R. Raskin and K. Pasquale regarding asbestos issues, fraudulent transfer issue and debtors' position on both issues. | Kruger, L. | 0.4 |
| 06/25/2001 | Office conference R. Raskin, M. Sasson, A. Krieger re asbestos' committees' motion to prosecute fraudulent transfer claims (.8); consideration of same (.6) | Pasquale, K. | 1.4 |
| 06/25/2001 | O/c regarding asbestos committee's motion to commence litigation with Krieger, Pasquale et al (.8)l, conf. call L. Kruger and T. Maher re recommendation (.3), t/c counsel to Grace re issues related to litigation and extension of time, review draft memo to committee and call to M. Sasson re comments to same. | Raskin, R. | 1.5 |
| 06/25/2001 | Outline issues raised by asbestos committee motion (1.2); o/c K. Pasquale, R. Raskin, A. Krieger re: motion by asbestos committees (1.2); review underlying action; revise memo to committee; circulate memo; revise as per comments (2.0). | Sasson, M. | 4.4 |
| 06/26/2001 | Memo from RAR re prosecution of the fraudulent conveyance claims (.1). | Krieger, A. | 0.1 |
| 06/26/2001 | Attention to Fresnius/Sealed Air fraudulent transfer issues (1.0) | Pasquale, K. | 1.0 |
| 06/26/2001 | T/c D. Bernick re asbestos issues (.2), email regarding conversation with Bernick (.3). | Raskin, R. | 0.5 |
| 06/26/2001 | T/c L. Ryan re; motion by asbestos committees; e-mail R. Raskin, K. Pasquale re same. | Sasson, M. | 0.5 |
| 06/27/2001 | O/c K. Pasquale, R. Raskin, A. Krieger re: creditors' committee telephone conference; discuss motion by asbestos committees (2.5); outline opposition to motion (2.0). | Sasson, M. | 4.5 |
| 06/28/2001 | Telephone conference D. Bernick re fraudulent | Pasquale, K. | 0.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

transfer issues (.5)

| | | | |
|---|---|---|---|
| 06/28/2001 | Conf call Bernick and Pasquale re issues related to asbestos litigation and follow-up t/c Pasquale re same (.7), t/c T. Maher re cap exp issues (.1) | Raskin, R. | 0.8 |
| 06/28/2001 | Research prior actions, committee members, continued drafting opposition to asbestos committee's motion. | Sasson, M. | 4.5 |
| 06/28/2001 | Research listing of Committee member at R. Raskin request for M. Sasson; review Court docket re same . | Serrette, R. | 0.7 |
| 06/29/2001 | Research prior actions, committee members, continued drafting opposition to asbestos committees motion. | Sasson, M. | 5.5 |
| 06/30/2001 | Reviewed Debtor's motion for entry of case management order, establishing bar date, proof of claim forms and notice procedures (1.6). | Krieger, A. | 1.6 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Krieger, Arlene | 6.6 | $ 425 | $ 2,805.00 |
| Kruger, Lewis | 1.5 | 650 | 975.00 |
| Pasquale, Kenneth | 9.2 | 475 | 4,370.00 |
| Raskin, Robert | 4.9 | 550 | 2,695.00 |
| Sasson, Moshe | 57.4 | 360 | 20,664.00 |
| Serrette, Rosemarie | 1.4 | 150 | 210.00 |
| Taruschio Anna | 1.2 | 245 | 294.00 |

Total For Professional Services Rendered     $ 32,013.00

**Total for this Matter**     $ 32,013.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:    Retention of Professionals**
**699842, 0006**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/02/2001 | Reviewed debtors' draft motion for procedures to retain experts in connection with the asbestos litigation and prepared comments thereon. | Krieger, A. | 0.5 |
| 06/04/2001 | Review RAR comments to the Blackstone order and telephone calls R. Higgins re same (.4); telephone call Sam Schwartz re requested extension of time to object to FTI P&M's retention and telephone call Ed Ordway re same (.3); telephone call J. Kapp re Blackstone order comments and confidentiality agreements (.3) ; memo to RAR re Jay Kapp conversation on Blackstone order, confidentiality agreements, other (.6); | Krieger, A. | 1.6 |
| 06/05/2001 | Memos to and from RAR, Debtors' counsel re Blackstone retention order (.2). | Krieger, A. | 0.2 |
| 06/05/2001 | Review revised Blackstone order (.3); t/c S. Baena re 328 retention (.1). | Raskin, R. | 0.4 |
| 06/06/2001 | Telephone call S. Schwartz re Manzo retention by the Committee (.1); memo to the Committee re same (.1); memo to M. Lastowski re preparation of certificate of no objection to Policano & Manzo's retention by the Committee (.2); memo to M. Lastowski re retention of asbestos property damage committee counsel pursuant to section 327 of the Code (.2) memos from and to S. Hollinghead (Duane Morris) re form of certificate of no objection (.4). | Krieger, A. | 1.0 |
| 06/07/2001 | Memos from and to S. Hollinghead and office conference RS re certificates of no objection to Committee's retention of Duane Morris, FTI Policano and Manzo, and office conferences RS re same. | Krieger, A. | 0.7 |
| 06/08/2001 | Review Ferry & Joseph order and documents thereon (.2). | Krieger, A. | 0.2 |
| 06/11/2001 | Telephone calls Kevin Neiman re proposed order retaining Bilzin  pursuant to 1103 and 330, not section 328 (.2). | Krieger, A. | 0.2 |
| 06/11/2001 | Revise supplemental conflicts affidavit for Stroock(1.1). | Taruschio, A. | 1.2 |
| 06/14/2001 | Review and revise pending motions summary with R. | Taruschio, A. | 2.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Raskin and A. Krieger (4.1 hrs).

| 06/19/2001 | Review Wallace retention order and prepare modifications thereto (.3); telephone call and then correspondence to S. Schwartz re modifications to Wallace King order (.4). | Krieger, A. | 0.7 |

| 06/20/2001 | Correspondence from Sam Schwartz re revised Wallace King retention order and office conference RAR re same (.1); review Asbestos Committee's objections to Wallace King, expert retention motion, other (.5). | Krieger, A. | 0.6 |

| 06/25/2001 | Memo from C. MacCullum re retention of FTI P&M and office conference RS re same (.1). | Krieger, A. | 0.1 |

## Summary of Hours

| | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 5.8 | $ 425 | $ 2,465.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Taruschio Anna | 3.5 | 245 | 857.50 |

Total For Professional Services Rendered     $ 3,542.50

**Total for this Matter**     $ 3,542.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:** **Creditors Committee Issues/Conferences**
699842. 0007

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/01/2001 | Review memo summarizing pending motions for committee. | Taruschio, A. | 1.1 |
| 06/01/2001 | Review and revise pending motion summary memo (.5 hrs); review lease rejection notices (.4 hrs). | Taruschio, A. | 0.9 |
| 06/04/2001 | Memo to R. Higgins re Schedule A to the Bank Group confidentiality agreement (.2); telephone call R. Higgins re same and transmittal of section of By-laws on confidentiality provisions (.1). | Krieger, A. | 0.3 |
| 06/04/2001 | Review memo summarizing pending motions (.3), review email from T. Maher re discussions on Norris contract and follow-up with A. Krieger re conf. call of the committee (.5). | Raskin, R. | 0.8 |
| 06/04/2001 | Revise and send motions summary memo (.4 hrs); telephone call with debtor's counsel regarding lease rejection notices and report to AK regarding same (1.3 hrs); draft memo to committee regarding unexpired lease rejection procedures (1.5 hrs). | Taruschio, A. | 3.2 |
| 06/05/2001 | Revised contact list to reflect changes in Committee composition,other revisions (.8); prepare revised memorandum re pending motion (.5); preparation of memorandum to the Committee re June 6, 2001 conference call (.2). | Krieger, A. | 1.5 |
| 06/05/2001 | O/c A. Krieger re confidentiality and first day order issues (.3), Follow-up re confidentiality agreements (.2), t/c J. Kapp re same and issues related to confidentiality (.3), review memo to committee re pending motions (.2). | Raskin, R. | 1.0 |
| 06/05/2001 | Revise and send memo to committee regarding lease rejection notification. | Taruschio, A. | 0.5 |
| 06/06/2001 | Conference call meeting of the Committee re employee-benefit related matters, Debtors' request regarding execution of confidentiality agreements, other and then subsequent telephone call J. Kapp re Committee's position on same (1.3); memos from RAR, T. Maher re Committee's position on confidentiality agreements (.2). | Krieger, A. | 1.5 |
| 06/06/2001 | Office conference with R. Raskin; telephone call with | Kruger, L. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

T. Maher regarding debtor request for confidentiality
agreement and issue of change in control in employee
bonus program.

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 06/06/2001 | Conf. call of the committee. | Raskin, R. | 0.8 |
| 06/06/2001 | Review material re employment issues in preparation for conf. call (.7), t/c T. Maher re change in control issues (.2), prepare for committee conf. call. (.3). | Raskin, R. | 1.2 |
| 06/06/2001 | Office conference with A. Krieger regarding lease rejection notice (.6 hrs); committee conference call (1.2 hrs); revise summary memo to committee regarding lease rejection (.6 hrs). | Taruschio, A. | 2.4 |
| 06/07/2001 | Review employee orders. T/c R. Higgins re orders. | Raskin, R. | 0.3 |
| 06/08/2001 | Review proposed by-law changes (.2), review email re payment on guarantee and follow-up re same (.2). | Raskin, R. | 0.4 |
| 06/08/2001 | Summarize pending motions for committee. | Taruschio, A. | 1.5 |
| 06/09/2001 | Continue summary of pending motion for committee review. | Taruschio, A. | 1.3 |
| 06/11/2001 | Office conference RAR re Sealed Air Corp's payment of 7 5/4% Notes (.1); memo to RAR re comments to Debtors proposed modification of the By-Laws (.1). | Krieger, A. | 0.2 |
| 06/11/2001 | Draft and revise summary memo of pending motions for committee review(1.1 hrs) | Taruschio, A. | 1.1 |
| 06/12/2001 | Telephone call Rod Thomas re creditor inquiry (.5); telephone call R. Raskin re By-Law revisions and preparation of Committee member acknowledgement (.2); telephone call J. Kapp re revised by-laws (.1); prepared form of Committee member acknowledgement (.3); telephone calls Sean Cunningham and then with M. Reed re proposed confidentiality agreement and terms thereof (.9); telephone call R. Higgins re P&M Confidentiality Agreement (.1). | Krieger, A. | 1.6 |
| 06/12/2001 | T/c L. Kruger re confidentiality and committee status (.2), t/cs A. Krieger re confidentiality and misc. issues (.2). | Raskin, R. | 0.4 |
| 06/12/2001 | Review pending motions and supplemental conflicts affidavit. | Taruschio, A. | 1.6 |
| 06/13/2001 | Telephone calls S. Cunningham and Ed Ordway re confidentiality agreement (1.0); memos from and to RAR re form of Committee member acknowledgement | Krieger, A. | 3.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

and revisions to confidentiality section of the By-Laws
(.1); memo to J.Kapp re confidentiality issues and form
of acknowledgement (.5); conference calls
S.Cunningham, Sam Schwartz re P&M confidentiality
agreement (.6); e-mails to and from RAR re P&M
Confidentiality agreement, by-law proposal (.2); office
conference J. Kapp re same (.1); revise form of
acknowledgement and prepare comparative form of
confidentiality provisions for the committee (.5).

| 06/13/2001 | T/c A. Krieger re confidentiality agreements and misc (.2), t/c T. Maher re same (.2), review letter to debtor (.1), conf. call Krieger and Kapp re confidentiality issues (.2), conf. call Krieger and Cunningham re confidentiality issues (.2), T/c Wells Fargo re issues related to guarantee (.2). | Raskin, R. | 1.1 |
| 06/13/2001 | Office conference with A. Krieger regarding pending motions summaries (.5 hrs); summarize debtors' omnibus settlement procedures motion (3.3 hrs). | Taruschio, A. | 3.8 |
| 06/14/2001 | Telephone call J. Kapp re acknowledgement modifications, July 19 hearing matters (.1); office conference RAR re confidentiality agreement with P&M, committee memo re proposed changes to By-Laws and acknowledgement (.1). | Krieger, A. | 0.2 |
| 06/14/2001 | Review proposed amendment to by-laws and acknowledgement (.2), t/c A. Krieger re same (.2), review memo summarizing pending motions (.4), o/c A. Taruschio re coments to same (.2), conf. call J. Kapp and S. Schwartz re issues related to motions (.2), t/c T. Maher re issues involving pending motions (.2), review memo to committee (.3). | Raskin, R. | 1.7 |
| 06/14/2001 | Review and revise pending motions summary with R. Raskin and A. Krieger (4.1 hrs). | Taruschio, A. | 4.1 |
| 06/15/2001 | Office conference RAR and then AT re revisions to memos re pending motions (.2); memos from and to M. Chehi re revised confidentiality provisions, and office conference RAR re same (.5); correspondence from J. Carter re: Zhagrus Environmental Settlement (.1); conference Ed Ordway, S. Cunningham re company meeting and office conference RAR re same (.5). | Krieger, A. | 1.3 |
| 06/15/2001 | Discussion with A. Krieger regarding pending motion summary (.2 hrs); revise summary and send to committee (.6 hrs); begin drafting pending motions summary III (2.2 hrs). | Taruschio, A. | 3.0 |
| 06/18/2001 | Telephone call M. Chehi re confidentiality provisions (.2) and prepare revised form of same (.3); memos to | Krieger, A. | 0.6 |

and from AT re memo to Committee re
pending matters (.1).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/18/2001 | Draft/revise new pending motions summary (2.5 ); telephone call with A. Krieger regarding pending motions (.1). | Taruschio, A. | 2.6 |
| 06/19/2001 | Memo to representatives of members of the Committee re proposed revised confidentiality provisions and acknowledgement (.4); memo from and to W. Teresky re confidentiality provisions (.1). | Krieger, A. | 0.5 |
| 06/19/2001 | Corrections to pending motions summary (.5 hrs). | Taruschio, A. | 0.5 |
| 06/20/2001 | Telephone call S. Cunningham re proposed Grace acquisition and preparation of analysis to discuss with the Committee (.2); office conference RAR re above and status of Committee agreement to revised confidentiality provisions of the By-Laws and the proposed acknowledgement (.1); telephone call Peter Brach re confidentiality provision (.1); memo from and to F. Monaco re confidentiality provision (.1); memo to T. Maher re same (.5); correspondence from J. Akre re confidentiality provisions and memos to J. Akre re same (.4); office conferences A.Taruschio re memorandum to the Committee re pending motions (.2). | Krieger, A. | 1.6 |
| 06/20/2001 | Telephone call with R. Raskin and A. Krieger regarding pending motions summary (.2 hrs); incorporate comments and send summary to committee (.3 hrs). | Taruschio, A. | 0.5 |
| 06/22/2001 | T/c/ J. Kapp re confidentiality issues (.2), t/c K. Pasquale re committee position on motion (.2). | Raskin, R. | 0.4 |
| 06/22/2001 | Set up conference call (.3 hrs); respond to committee member inquiry regarding 327(e) retention (.6 hrs). | Taruschio, A. | 0.9 |
| 06/24/2001 | Respond to email re committee meeting and agenda. | Raskin, R. | 0.2 |
| 06/25/2001 | Office conference RAR re proposed revised language to the confidentiality provisions of the By-Laws and prepare memorandum to James Kapp re (.2); telephone calls P. Brach re confidentiality provisions (.3); telephone call J. Kapp re additional confidentially provisions (.2); draft additional revision to Article VIII (.2). | Krieger, A. | 0.9 |
| 06/25/2001 | O/c A. Krieger re follow-up on confidentiality issues (.2), t/c J. Kapp re same (.1). | Raskin, R. | 0.3 |
| 06/26/2001 | Numerous memos from and to J. Kapp re confidentiality provisions of the By-Laws of the By-Law | Krieger, A. | 1.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

|  |  |  |  |
|---|---|---|---|
|  | and modifications thereto (.5); memos to and and form M. Chehi and M. Coventry and P. Brach re revised confidentiality provisions (.3); telephone call P. Brach and Elizabeth Baird re confidentiality provisions (.5). |  |  |
| 06/26/2001 | Cnf. call with FTI and Maher re preparation for committee call (.4), t/cs A. Krieger and J. Kapp re confidentiality issues (.4). | Raskin, R. | 0.8 |
| 06/27/2001 | Memos to Peter Brach and Elizabeth Baird re proposed revision to Article VIII (.6); memo from and to R. Higgins re revised Article VIII (.6). | Krieger, A. | 1.2 |
| 06/27/2001 | Conference call meeting of the Committee re Project Peter and position on Asbestos Committee's joint motion to prosecute the fraudulent conveyance claims (1.1); follow-up office conference RAR, KP,MS re same (.5); prepared memo to the Committee re equity holders committee (.3). | Krieger, A. | 1.9 |
| 06/27/2001 | Conference with Creditors' Committee with respect to Equity Committee and to proposed "Peter Project" acquisition, response to asbestos litigants seeking to pursue fraudulent transfer litigation (1.0 hrs); telephone call with T. Maher regarding same (.2 hrs); telephone call with P. Brach and E. Beard of the Bank of America regarding Confidentiality Agreement (.2 hrs). | Kruger, L. | 1.4 |
| 06/27/2001 | Preparation for and conference call with committee re fraudulent transfer issues (1.5) | Pasquale, K. | 1.5 |
| 06/27/2001 | Committee conference call. | Raskin, R. | 1.0 |
| 06/27/2001 | Follow-up re confidentiality issues (.2). | Raskin, R. | 0.2 |
| 06/28/2001 | Memos to and from Peter Brach, Elizabeth Baird re confidential provisions of the By-Laws (.5); office conference LK re Bof A's remaining concerns with confidentiality provision (.3); conference with P. Brach and E. Baird and then follow-up office conference LK re proposed revisions to confidentiality provision to meet concerns (.8); prepare memo to P. Brach and re further revised provisions (.2); memo to R. Higgins re confidentiality provisions (.1). | Krieger, A. | 1.9 |
| 06/28/2001 | Office conference with A. Krieger; then telephone conference call with P. Brach and E. Beard of the Bank of America regarding issues in proposed confidentiality agreement. | Kruger, L. | 0.6 |
| 06/29/2001 | Memos to and from Elizabeth Baird, P. Brach re confidentiality provisions (.1). | Krieger, A. | 0.1 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 20.1 | $ 425 | $ 8,542.50 |
| Kruger, Lewis | 2.3 | 650 | 1,495.00 |
| Pasquale, Kenneth | 1.5 | 475 | 712.50 |
| Raskin, Robert | 10.6 | 550 | 5,830.00 |
| Taruschio Anna | 29.0 | 245 | 7,105.00 |

Total For Professional Services Rendered    $ 23,685.00

Total for this Matter    $ 23,685.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:    **Court Hearings**
       **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/20/2001 | Documentation for RAR for 6/21/01 hearings. | Krieger, A. | 0.2 |
| 06/21/2001 | Attend court hearing re preliminary injunction, finalization of misc. first day motions, etc. | Raskin, R. | 8.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 0.2 | $ 425 | $ 85.00 |
| Raskin, Robert | 8.0 | 550 | 4,400.00 |

Total For Professional Services Rendered    $ 4,485.00

Total for this Matter    $ 4,485.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Executory Contracts/License Agreements**
      **699842. 0011**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/01/2001 | Telephone call Sam Schwartz re Debtors' draft omnibus claims settlement motion (.2). | Krieger, A. | 0.2 |
| 06/02/2001 | Review debtors' draft motion approving settlement agreement with Zhagrus Environmental and comments thereon (1.0). | Krieger, A. | 1.0 |
| 06/04/2001 | Office conferences A. Taruschio re lease rejection notice and information related by S. Schwartz regarding leases (.2); memo to S. Schwartz re Zhagrus settlement agreement motion (.1). | Krieger, A. | 0.3 |
| 06/05/2001 | Telephone call S. Schwartz re motion establishing ominibus settlement procedures, Zhagrus settlement agreement and motion re retention of experts (.3). | Krieger, A. | 0.3 |
| 06/06/2001 | Prepare revised memorandum re: lease rejection procedures and Granite/Dalieu notices (.6); telephone call S. Schwartz re claims settlement motion (.1); office conference RAR re lease rejections (.1). | Krieger, A. | 0.8 |
| 06/14/2001 | Telephone call Sam Schwartz re information requests on Zhagrus Enviromental settlement (.1). | Krieger, A. | 0.1 |
| 06/18/2001 | Review proposed order re Zhagrus claim settlement and telephone call RAR re same (.3). | Krieger, A. | 0.3 |
| 06/28/2001 | Review former employees motion seeking indemnification (.5). | Krieger, A. | 0.5 |
| 06/29/2001 | Westlaw research on indemnification agreements | Gomelskaya, I. | 5.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Gomelskaya, Irina | 5.0 | $ 150 | $ 750.00 |
| Krieger, Arlene | 3.5 | 425 | 1,487.50 |

|  | Total For Professional Services Rendered | $ 2,237.50 |
|--|------------------------------------------|------------|
|  | **Total for this Matter** | $ 2,237.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:    Sale of Assets**
        **699842. 0015**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/25/2001 | Telephone call Sam Schwartz re motion establishing procedures to abandon/sell miscellaneous assets, Peter Project acquisition (.2). | Krieger, A. | 0.2 |
| 06/26/2001 | Telephone calls Sean Cunningham re analysis of the Peter Project acquisition (.3); review analysis and telephone call S. Cunningham re analyses of Peter Project acquisition (.6). | Krieger, A. | 0.9 |
| 06/26/2001 | T/c to J. Kapp (.2), review memo re asset purchase (.5). | Raskin, R. | 0.7 |
| 06/29/2001 | Review Debtors motion to establish procedures to sell assets and prepare comments thereon (1.3) | Krieger, A. | 1.3 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 2.4 | $ 425 | $ 1,020.00 |
| Raskin, Robert | 0.7 | 550 | 385.00 |

Total For Professional Services Rendered     $ 1,405.00

**Total for this Matter**     $ 1,405.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:    Erisa Issues**
**699842. 0020**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 06/04/2001 | Discussion with A. Krieger re Norris compensation. | Keppler, A. | 0.2 |
| 06/04/2001 | Telephone call J. Kapp and then e-mail to T. Maher re Brian McGowan contact on Norris Agreement (.1); telephone call Matt Zaleski re asbestos committee issue on the Debtors employee-related matters (.2); memo re conversation with asbestos committee counsel (.1); telephone call Jay Kapp re discussion with T. Maher (.1); memo re conference call with Tom Maher re outstanding employee-related issues (.1); telephone call S. Cunningham re same (.1); memos from and to T. Maher re substance of conversation with Brian McGowan and additional documentation from McGowan (.3); office conferences A. Keppler re discussions regarding employee-benefit related issues (.4); correspondence from Brian McGowan re Lockhant Agreement and forwarded same (.5). | Krieger, A. | 1.9 |
| 06/05/2001 | Comparison of Armstrong retention plan to Grace retention Plan. | Keppler, A. | 0.5 |
| 06/05/2001 | Telephone calls S. Cunningham re review of Lockhart employment agreement, confidentiality agreement and forwarding Lockhart terms to the Committee (.5); telephone call W. Katschen re Norris Agreement and Debtors' position thereon (.3). | Krieger, A. | 0.8 |
| 06/06/2001 | Telephone call Roger Higgins re preparation of order incorporating agreement on employee-benefit-related matter with the Committee (.2). | Krieger, A. | 0.2 |
| 06/06/2001 | Review e-mails from Company and telephone conference call with Creditors Committee re Norris compensation (0.8). | Wintner, M. | 0.8 |
| 06/07/2001 | Discussion A. Krieger (.2), and review of order (.3), discussion with MSW (.1) re revised order for retention plan, employee benefits and change of control agreements. | Keppler, A. | 0.6 |
| 06/07/2001 | Review orders re assumption of executive agreements, approval of change of control agreement as modified, resolution of Reconsideration Motion (.2); office conference AK re above (.2). | Krieger, A. | 1.4 |
| 06/08/2001 | Office conferences MW re employee benefit and | Krieger, A. | 0.4 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

contract related orders (.2) telephone call R. Higgins
re comments to the orders (.2).

| Date | Description | Name | Hours |
|---|---|---|---|
| 06/08/2001 | Office conference Arlene Krieger re status of employee severance and change of control plans. | Wintner, M. | 0.2 |
| 06/11/2001 | Telephone calls R. Higgins re employee benefit related orders and outstanding issues thereon (.2); review Debtors motions and prepare memo re same (.3). | Krieger, A. | 0.5 |
| 06/12/2001 | Telephone M. Cooper re benefit plans, discussions with A. Krieger and MSW re first day order re benefits, revise draft order. | Keppler, A. | 3.7 |
| 06/12/2001 | Review change in control severance plan (.4) discussions with A. Krieger and MSW re Debtors position for extending plan (.5). | Keppler, A. | 0.9 |
| 06/12/2001 | Office conferences M. Wintner re proposed changes to the employee-benefit orders (.6); telephone calls R. Higgins re same (.2). | Krieger, A. | 0.8 |
| 06/12/2001 | Review status of Debtor's position on employee severance and change of control plans and discussion A. Krieger. | Wintner, M. | 0.6 |
| 06/13/2001 | Office conference with A. Krieger re redraft of retention and severance orders. | Keppler, A. | 0.2 |
| 06/13/2001 | Review employee-related orders and changes marked thereto (.5); office conference with RAR re employee benefit-related orders and further revision thereto (.2); office conference AK re same (.2). | Krieger, A. | 0.9 |
| 06/14/2001 | Office conference A. Keppler re Grace change of control documentation (.1); telephone call Roger Higgins re employee benefit-related orders and additional comments (.3); office conference M. Wintner re employee benefits orders (.2). | Krieger, A. | 0.6 |
| 06/14/2001 | Office conference Arlene Krieger re change of control agreement.. | Wintner, M. | 0.8 |
| 06/15/2001 | Telephone S. Zafall re payroll related obligations, discussions with A. Krieger, revise wage motion. | Keppler, A. | 2.0 |
| 06/19/2001 | Telephone call R. Feinstein re status of entry of orders regarding employee benefits (.1); telephone call R. Higgins re same and review by asbestos committees (.4); memo re same (.1); review revised orders and | Krieger, A. | 1.1 |

prepare correspondence to R. Higgins (.5).

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Keppler, Abbey | 8.1 | $ 425 | $ 3,442.50 |
| Krieger, Arlene | 8.6 | 425 | 3,655.00 |
| Wintner, Mark | 2.4 | 550 | 1,320.00 |

Total For Professional Services Rendered     $ 8,417.50

**Total for this Matter**     $ 8,417.50

Total For Professional Services Rendered     91,019.00

**Total Bill**     $ 91,019.00

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

# - EXHIBIT C -

W R GRACE & CO
THROUGH JUNE 30, 2001

| PARTNERS | HOURS | RATE | | AMOUNT | |
|---|---|---|---|---|---|
| Kruger, Lewis | 4.9 | $ | 650 | $ | 3,185.00 |
| Pasquale, Kenneth | 10.7 | $ | 475 | $ | 5,082.50 |
| Raskin, Robert | 28.9 | $ | 550 | $ | 15,895.00 |
| Wintner, Mark | 2.4 | $ | 550 | $ | 1,320.00 |
| | | | | | |
| **ASSOCIATES** | | | | | |
| | | | | | |
| Keppler, Abbey | 8.1 | $ | 425 | $ | 3,442.50 |
| Krieger, Arlene | 59.0 | $ | 425 | $ | 25,075.00 |
| Sasson, Moshe | 57.4 | $ | 360 | $ | 20,664.00 |
| Taruschio Anna | 47.5 | $ | 245 | $ | 11,637.50 |
| | | | | | |
| **PARAPROFESSIONAL** | | | | | |
| | | | | | |
| Bent, Tamika | 1.5 | $ | 55 | $ | 82.50 |
| Gomelskaya, Irina | 5.0 | $ | 150 | $ | 750.00 |
| Serrette, Rosemarie | 25.9 | $ | 150 | $ | 3,885.00 |
| | | | | | |
| TOTALS: | 251.3 | | | $ | 91,019.00 |

# - EXHIBIT D -

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

Disbursement Register

July 17, 2001
Invoice: 238429

**RE:     W R Grace & Co.**
**0002 - General**

**Disbursements incurred for the period through June 30, 2001,**
**including:**

| Date | Description | Amount |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 06/11/2001 | 05/29/2001 Federal Express T#824852618897 R. SERRETTE to: M. LASTOWSKI WILMINGTO | 9.40 |
| 06/25/2001 | Fed Ex 06/06/01 R. Serrette to M. Lastowski Wilmington, DE | 9.40 |
| | **Outside Messenger Service Total** | **18.80** |
| **Local Transportation** | | |
| 04/12/2001 | NYC Two Ways Inc. SERRETTE 03/29/01 22:22 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 05/08/2001 | NYC Two Ways Inc. SERRETTE 04/20/01 14:17 M from 767 3 AVE M to 180 MAIDEN LA | 39.05 |
| 05/08/2001 | NYC Two Ways Inc. SERRETTE 04/20/01 9:15 M from 180 MAIDEN LA to 767 3 AVE M | 20.69 |
| 06/01/2001 | VENDOR: Petty Cash; INVOICE#: 05/30/01; DATE: 6/1/01 05/22/01  NY PETTY CASH  R.RASKIN | 19.00 |
| 06/08/2001 | VENDOR: Petty Cash; INVOICE#: 06/04/01; DATE: 6/8/01 05/22/01  NY PETTY CASH  L.KRUGER | 9.00 |
| 06/11/2001 | NYC Two Ways Inc. KRIEGER 05/28/01 20:30 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 06/11/2001 | NYC Two Ways Inc. KRIEGER 05/24/01 20:13 M from 180 MAIDEN LA to E 80 ST M | 24.60 |
| 06/11/2001 | NYC Two Ways Inc K Pasquale 5/22/01 270 Park Ave to 180 Maiden Lane | 20.69 |
| 06/14/2001 | NYC Two Ways Inc. KRUGER 05/29/01 16:40 M from E 52 ST M to 180 MAIDEN LA | 20.69 |
| 06/14/2001 | NYC Two Ways Inc. KRUGER 06/01/01 20:00 M from 180 MAIDEN LA to 153 E 53 ST M | 20.69 |
| 06/20/2001 | NYC Two Ways Inc. SERRETTE 05/16/01 20:24 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| | **Local Transportation Total** | **275.63** |

**Long Distance Telephone**

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | |
|---|---|---|
| 06/01/2001 | EXTN.3544, TEL.312-861-2124, S.T.16:51, DUR.00:30 | 0.28 |
| 06/01/2001 | EXTN.5544, TEL.302-657-4942, S.T.10:36, DUR.01:06 | 0.56 |
| 06/01/2001 | EXTN.5544, TEL.201-556-4003, S.T.15:50, DUR.07:18 | 2.26 |
| 06/01/2001 | EXTN.5544, TEL.302-657-4900, S.T.17:12, DUR.02:06 | 0.85 |
| 06/01/2001 | EXTN.5544, TEL.302-654-1888, S.T.17:18, DUR.01:18 | 0.56 |
| 06/04/2001 | EXTN.3544, TEL.312-861-2124, S.T.09:45, DUR.00:30 | 0.28 |
| 06/04/2001 | EXTN.3544, TEL.312-861-2160, S.T.10:50, DUR.00:30 | 0.32 |
| 06/04/2001 | EXTN.3544, TEL.312-861-2160, S.T.14:58, DUR.00:12 | 0.32 |
| 06/04/2001 | EXTN.3544, TEL.312-861-3103, S.T.15:11, DUR.17:18 | 5.83 |
| 06/04/2001 | EXTN.5492, TEL.302-657-4900, S.T.10:50, DUR.01:06 | 0.65 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:58, DUR.03:00 | 0.97 |
| 06/04/2001 | EXTN.5544, TEL.302-657-4900, S.T.14:17, DUR.02:00 | 0.65 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:31, DUR.02:00 | 0.65 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4003, S.T.15:08, DUR.02:24 | 0.97 |
| 06/04/2001 | EXTN.5544, TEL.201-556-4003, S.T.17:47, DUR.03:12 | 1.30 |
| 06/04/2001 | EXTN.5634, TEL.312-861-3103, S.T.10:28, DUR.00:18 | 0.32 |
| 06/04/2001 | EXTN.5634, TEL.312-861-3103, S.T.12:32, DUR.00:48 | 0.32 |
| 06/04/2001 | EXTN.5634, TEL.312-861-3103, S.T.14:56, DUR.00:30 | 0.32 |
| 06/04/2001 | EXTN.5725, TEL.215-563-1600, S.T.12:24, DUR.00:12 | 0.32 |
| 06/04/2001 | EXTN.5725, TEL.610-768-7800, S.T.12:26, DUR.01:18 | 0.65 |
| 06/05/2001 | EXTN.3544, TEL.201-556-4040, S.T.10:05, DUR.04:30 | 1.62 |
| 06/05/2001 | EXTN.5422, TEL.973-424-2031, S.T.11:18, DUR.00:48 | 0.32 |
| 06/05/2001 | EXTN.5492, TEL.302-657-4900, S.T.13:40, DUR.01:06 | 0.65 |
| 06/05/2001 | EXTN.5544, TEL.302-657-4942, S.T.17:25, DUR.01:30 | 0.65 |
| 06/06/2001 | EXTN.5002, TEL.312-861-2124, S.T.15:27, DUR.05:06 | 1.94 |
| 06/06/2001 | EXTN.5002, TEL.312-861-2124, S.T.17:58, DUR.03:00 | 0.97 |
| 06/06/2001 | EXTN.3544, TEL.312-861-3103, S.T.13:26, DUR.02:06 | 0.97 |
| 06/06/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:15, DUR.02:54 | 0.97 |
| 06/06/2001 | EXTN.5492, TEL.201-556-4040, S.T.09:46, DUR.00:42 | 0.32 |
| 06/06/2001 | EXTN.5923, TEL.312-861-2124, S.T.12:36, DUR.04:36 | 1.62 |
| 06/07/2001 | EXTN.5492, TEL.302-657-4900, S.T.11:58, DUR.01:30 | 0.65 |
| 06/07/2001 | EXTN.5544, TEL.312-861-2160, S.T.10:28, DUR.02:06 | 0.97 |
| 06/08/2001 | EXTN.5422, TEL.312-861-2124, S.T.17:24, DUR.00:48 | 0.32 |
| 06/08/2001 | EXTN.5544, TEL.312-861-2160, S.T.13:17, DUR.02:06 | 0.97 |
| 06/08/2001 | EXTN.5544, TEL.305-375-6154, S.T.17:53, DUR.00:36 | 0.32 |
| 06/11/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:42, DUR.00:30 | 0.32 |
| 06/11/2001 | EXTN.5544, TEL.305-375-6154, S.T.10:07, DUR.00:18 | 0.32 |
| 06/11/2001 | EXTN.5544, TEL.305-375-6154, S.T.10:50, DUR.03:06 | 1.30 |
| 06/11/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:56, DUR.00:36 | 0.32 |
| 06/11/2001 | EXTN.5544, TEL.312-861-2160, S.T.18:04, DUR.03:42 | 1.30 |
| 06/11/2001 | Cr card calls 4/01-5/01 | 2.13 |
| 06/12/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 05056-02201-01; DATE: 5/5/01 Telecomm. Svcs 4/01 | 3,059.10 |
| 06/12/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 05056-02201-01; DATE: 5/5/01 Telecomm. Svcs 4/01 | 700.40 |
| 06/12/2001 | EXTN.3544, TEL.312-861-2124, S.T.12:27, DUR.00:36 | 0.32 |
| 06/12/2001 | EXTN.3544, TEL.312-861-2160, S.T.17:07, DUR.09:48 | 3.24 |
| 06/12/2001 | EXTN.5492, TEL.302-657-4924, S.T.16:14, DUR.05:00 | 1.62 |
| 06/12/2001 | EXTN.5544, TEL.312-861-2160, S.T.13:06, DUR.00:30 | 0.32 |
| 06/12/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:18, DUR.00:30 | 0.32 |
| 06/12/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:51, DUR.13:18 | 4.54 |
| 06/13/2001 | EXTN.2003, TEL.312-861-2124, S.T.14:01, DUR.04:06 | 1.62 |
| 06/13/2001 | EXTN.5003, TEL.847-226-8523, S.T.14:12, DUR.01:36 | 0.65 |
| 06/13/2001 | EXTN.5003, TEL.847-226-8523, S.T.14:13, DUR.01:12 | 0.65 |

| 06/13/2001 | EXTN.5003, TEL.312-861-3261, S.T.14:15, DUR.00:36 | 0.32 |
| 06/13/2001 | EXTN.5003, TEL.312-953-1092, S.T.14:16, DUR.00:36 | 0.32 |
| 06/13/2001 | EXTN.5003, TEL.612-667-1916, S.T.14:35, DUR.00:54 | 0.32 |
| 06/13/2001 | EXTN.5006, TEL.612-667-1916, S.T.15:54, DUR.02:18 | 0.97 |
| 06/13/2001 | EXTN.5006, TEL.201-843-4900, S.T.16:46, DUR.01:18 | 0.65 |
| 06/13/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:44, DUR.06:42 | 2.27 |
| 06/13/2001 | EXTN.3544, TEL.201-981-1125, S.T.18:35, DUR.00:06 | 0.32 |
| 06/13/2001 | EXTN.5492, TEL.973-424-2017, S.T.11:02, DUR.05:06 | 1.94 |
| 06/13/2001 | EXTN.5544, TEL.312-861-2124, S.T.13:27, DUR.00:18 | 0.32 |
| 06/13/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:21, DUR.02:12 | 0.97 |
| 06/13/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:54, DUR.01:00 | 0.32 |
| 06/13/2001 | EXTN.5544, TEL.312-861-3103, S.T.16:19, DUR.06:24 | 2.27 |
| 06/13/2001 | EXTN.5544, TEL.201-556-4040, S.T.18:21, DUR.00:48 | 0.32 |
| 06/13/2001 | EXTN.5544, TEL.201-981-1125, S.T.18:34, DUR.00:18 | 0.32 |
| 06/14/2001 | EXTN.3544, TEL.312-861-3103, S.T.10:52, DUR.02:06 | 0.97 |
| 06/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:56, DUR.00:18 | 0.32 |
| 06/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.16:21, DUR.00:48 | 0.32 |
| 06/14/2001 | EXTN.5544, TEL.312-861-2124, S.T.10:11, DUR.04:06 | 1.62 |
| 06/14/2001 | EXTN.5544, TEL.312-861-2160, S.T.11:32, DUR.16:42 | 5.51 |
| 06/14/2001 | EXTN.5544, TEL.302-571-6688, S.T.14:04, DUR.23:36 | 7.78 |
| 06/14/2001 | EXTN.5544, TEL.302-656-8162, S.T.14:58, DUR.00:36 | 0.32 |
| 06/14/2001 | EXTN.5544, TEL.312-861-3103, S.T.17:14, DUR.00:30 | 0.32 |
| 06/18/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 06060-02201-01; DATE: 6/5/01 Telecomm. Services 5/01 | 2,873.70 |
| 06/18/2001 | EXTN.5544, TEL.302-651-3160, S.T.13:13, DUR.07:06 | 2.59 |
| 06/19/2001 | EXTN.5422, TEL.973-424-2000, S.T.13:05, DUR.03:24 | 1.30 |
| 06/19/2001 | EXTN.5544, TEL.201-556-4040, S.T.14:55, DUR.01:18 | 0.65 |
| 06/20/2001 | EXTN.5492, TEL.302-657-4900, S.T.13:53, DUR.01:48 | 0.65 |
| 06/21/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:27, DUR.01:48 | 0.65 |
| 06/21/2001 | EXTN.5422, TEL.202-862-5000, S.T.10:30, DUR.00:30 | 0.32 |
| 06/21/2001 | EXTN.5422, TEL.0113017281000, S.T.12:02, DUR.00:12 | 3.32 |
| 06/21/2001 | EXTN.5562, TEL.202-862-5065, S.T.12:09, DUR.00:18 | 0.32 |
| 06/21/2001 | EXTN.5562, TEL.305-374-7580, S.T.14:18, DUR.01:48 | 0.65 |
| 06/21/2001 | EXTN.5760, TEL.302-657-4900, S.T.12:16, DUR.02:06 | 0.97 |
| 06/21/2001 | EXTN.5760, TEL.302-657-4900, S.T.12:24, DUR.00:48 | 0.32 |
| 06/22/2001 | EXTN.5492, TEL.302-657-4924, S.T.13:31, DUR.02:54 | 0.97 |
| 06/25/2001 | EXTN.3544, TEL.201-556-4040, S.T.10:40, DUR.01:00 | 0.32 |
| 06/25/2001 | EXTN.3544, TEL.312-861-2124, S.T.14:47, DUR.02:24 | 0.97 |
| 06/25/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:22, DUR.00:06 | 0.32 |
| 06/25/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:10, DUR.00:18 | 0.32 |
| 06/25/2001 | EXTN.5422, TEL.312-861-2366, S.T.11:36, DUR.09:54 | 3.24 |
| 06/25/2001 | EXTN.5544, TEL.201-981-1125, S.T.10:43, DUR.00:30 | 0.32 |
| 06/25/2001 | EXTN.5544, TEL.312-861-2124, S.T.16:40, DUR.00:36 | 0.32 |
| 06/25/2001 | EXTN.5544, TEL.973-424-2031, S.T.16:41, DUR.14:06 | 4.86 |
| 06/25/2001 | EXTN.5760, TEL.01133142603814, S.T.11:47, DUR.01:06 | 4.57 |
| 06/26/2001 | EXTN.5003, TEL.312-861-2124, S.T.14:25, DUR.00:48 | 0.32 |
| 06/26/2001 | EXTN.5003, TEL.312-861-2124, S.T.14:49, DUR.00:30 | 0.32 |
| 06/26/2001 | EXTN.5003, TEL.312-861-2124, S.T.16:13, DUR.01:00 | 0.32 |
| 06/26/2001 | EXTN.5003, TEL.302-571-6600, S.T.16:16, DUR.02:18 | 0.97 |
| 06/26/2001 | EXTN.5492, TEL.302-657-4924, S.T.14:46, DUR.03:06 | 1.30 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:43, DUR.01:18 | 0.65 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:29, DUR.01:00 | 0.32 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:45, DUR.00:06 | 0.32 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:53, DUR.06:42 | 2.27 |
| 06/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:21, DUR.00:24 | 0.32 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 06/27/2001 | EXTN.5422, TEL.312-861-2124, S.T.18:02, DUR.00:18 | 0.32 |
| 06/27/2001 | EXTN.5492, TEL.201-556-4039, S.T.10:23, DUR.09:30 | 3.24 |
| 06/27/2001 | EXTN.5492, TEL.302-657-4900, S.T.13:08, DUR.01:24 | 0.65 |
| 06/27/2001 | EXTN.6406, TEL.312-861-2000, S.T.15:21, DUR.00:42 | 0.32 |
| 06/28/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:59, DUR.00:18 | 0.32 |
| 06/29/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:21, DUR.00:36 | 0.32 |
| 06/29/2001 | EXTN.5544, TEL.302-654-5180, S.T.17:19, DUR.03:12 | 1.30 |
| 06/29/2001 | EXTN.6605, TEL.941-355-3076, S.T.18:52, DUR.35:30 | 9.51 |
| | **Long Distance Telephone Total** | **6,763.64** |

**Duplicating Costs-in House**

| 06/01/2001 | 2.20 |
| 06/01/2001 | 1.00 |
| 06/04/2001 | 3.00 |
| 06/04/2001 | 2.80 |
| 06/04/2001 | 1.20 |
| 06/04/2001 | 17.60 |
| 06/04/2001 | 23.00 |
| 06/05/2001 | 3.50 |
| 06/05/2001 | 1.90 |
| 06/05/2001 | 1.00 |
| 06/05/2001 | 1.60 |
| 06/05/2001 | 31.60 |
| 06/06/2001 | 23.70 |
| 06/08/2001 | 0.20 |
| 06/11/2001 | 3.30 |
| 06/11/2001 | 3.50 |
| 06/11/2001 | 1.00 |
| 06/11/2001 | 10.30 |
| 06/11/2001 | 33.80 |
| 06/12/2001 | 2.80 |
| 06/12/2001 | 3.10 |
| 06/12/2001 | 1.50 |
| 06/13/2001 | 0.50 |
| 06/13/2001 | 1.20 |
| 06/13/2001 | 0.50 |
| 06/13/2001 | 1.90 |
| 06/14/2001 | 3.00 |
| 06/14/2001 | 2.90 |
| 06/15/2001 | 1.50 |
| 06/15/2001 | 0.30 |
| 06/15/2001 | 3.50 |
| 06/15/2001 | 2.50 |
| 06/15/2001 | 0.40 |
| 06/15/2001 | 0.40 |
| 06/15/2001 | 0.30 |
| 06/18/2001 | 1.80 |
| 06/18/2001 | 3.30 |
| 06/18/2001 | 24.60 |
| 06/18/2001 | 1.50 |
| 06/19/2001 | 5.40 |
| 06/19/2001 | 3.90 |
| 06/19/2001 | 6.00 |
| 06/19/2001 | 0.70 |
| 06/19/2001 | 17.70 |
| 06/20/2001 | 0.60 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | | Amount |
|---|---|---|
| 06/20/2001 | | 4.80 |
| 06/20/2001 | | 14.70 |
| 06/20/2001 | | 0.80 |
| 06/20/2001 | | 75.90 |
| 06/20/2001 | | 3.00 |
| 06/20/2001 | | 112.70 |
| 06/20/2001 | | 0.20 |
| 06/21/2001 | | 1.10 |
| 06/21/2001 | | 0.70 |
| 63/22/2001 | | 63.20 |
| 06/22/2001 | | 11.40 |
| 06/25/2001 | | 8.90 |
| 06/25/2001 | | 3.20 |
| 06/26/2001 | | 5.00 |
| 06/26/2001 | | 3.30 |
| 06/26/2001 | | 0.20 |
| 06/26/2001 | | 0.30 |
| 06/26/2001 | | 0.30 |
| 06/27/2001 | | 4.20 |
| 06/27/2001 | | 0.90 |
| 06/27/2001 | | 14.80 |
| 06/28/2001 | | 35.10 |
| 06/28/2001 | | 47.70 |
| 06/28/2001 | | 46.20 |
| 06/29/2001 | | 2.00 |
| 06/29/2001 | | 10.50 |
| 06/29/2001 | | 21.60 |
| 06/29/2001 | | 11.10 |
| 06/29/2001 | | 23.10 |
| | **Duplicating Costs-in House Total** | **784.90** |

**Postage**

| | | |
|---|---|---|
| 06/11/2001 | Postage Charged by  on 05/30/2001 | 23.52 |
| 06/29/2001 | 6/25/01 | 0.68 |
| **Postage Total** | | **24.20** |

**Miscellaneous**

| | | |
|---|---|---|
| 06/27/2001 | VENDOR: Moshe Sasson; INVOICE#: 06/20/01; DATE: 6/27/01 06/17 - 06/19  MEALEY CONFERENCES IN PA – REGISTRATION FEE FOR CONFERENCE | 995.00 |
| **Miscellaneous Total** | | **995.00** |

**Lexis/Nexis**

| | | |
|---|---|---|
| 06/28/2001 | | 18.19 |
| **Lexis/Nexis Total** | | **18.19** |

**Facsimile Charges**

| | | |
|---|---|---|
| 06/06/2001 | FAX # 305-374-7593 | 5.00 |
| 06/12/2001 | FAX # 421-6234 | 13.00 |
| 06/19/2001 | FAX # 312-660-0313 | 4.00 |
| 06/20/2001 | FAX # 302-652-4400 on 05/25/2001 | 6.00 |
| 06/20/2001 | FAX # 973-424-2001 on 05/25/2001 | 6.00 |
| 06/21/2001 | FAX # 910113017281111 | 7.00 |
| 06/21/2001 | FAX # 910113017281111 | 1.00 |
| **Facsimile Charges Total** | | **42.00** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**Travel Expenses - Transportation**

| | | |
|---|---|---|
| 06/14/2001 | AMEX KRIEGER/ARLENE NYP WIL NYP on 05/17/2001 | 138.00 |
| 06/14/2001 | AMEX RASKIN/ROBERT A NYP WIL NYP on 05/02/2001 | 161.00 |
| 06/25/2001 | VENDOR: American Express; INVOICE#: 18436; DATE: 5/2/01 lawyers trav fee 5/2 R Raskin | 35.00 |
| 06/26/2001 | VENDOR: American Express; INVOICE#: 18604; DATE: 5/17/01 lawyers trav fee A Krieger 5/17 | 35.00 |
| | **Travel Expenses - Transportation Total** | **369.00** |

**Travel Expenses - Lodging**

| | | |
|---|---|---|
| 06/27/2001 | VENDOR: Moshe Sasson; INVOICE#: 06/20/01; DATE: 6/27/01 06/17 - 06/19  MEALEY CONFERENCES IN PA - HOTEL | 521.32 |
| | **Travel Expenses - Lodging Total** | **521.32** |

**Travel Expenses - Meals**

| | | |
|---|---|---|
| 06/27/2001 | VENDOR: Moshe Sasson; INVOICE#: 06/20/01; DATE: 6/27/01 06/17 - 06/19  MEALEY CONFERENCES IN PA - MEALS | 119.38 |
| | **Travel Expenses - Meals Total** | **119.38** |

**Westlaw**

| | |
|---|---|
| 06/22/2001 | 8.67 |
| 06/28/2001 | 10.10 |
| 06/29/2001 | 207.00 |
| 06/29/2001 | 0.09 |
| 06/29/2001 | 55.72 |
| 06/30/2001 | 60.00 |
| **Westlaw Total** | **341.58** |

**Document Review**

| | | |
|---|---|---|
| 06/26/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 14.00 |
| 06/26/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 68.50 |
| 06/29/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 90.00 |
| 06/29/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 2671; DATE: 5/31/01 4/23-5/19 | 12.00 |
| **Document Review Total** | | **184.50** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

## Matter Disbursement Summary

| | |
|---|---|
| Outside Messenger Service | $ 18.80 |
| Local Transportation | 275.63 |
| Long Distance Telephone | 6763.64 |
| Duplicating Costs-in House | 784.90 |
| Postage | 24.20 |
| Miscellaneous | 995.00 |
| Document Review | 184.50 |
| Lexis/Nexis | 18.19 |
| Facsimile Charges | 42.00 |
| Travel Expenses - Transportation | 369.00 |
| Travel Expenses - Lodging | 521.32 |
| Travel Expenses - Meals | 119.38 |
| Westlaw | 341.58 |

Total Disbursements/Charges     $ 10,458.14

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., <u>et al.</u>,** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objections due: August 20, 2001 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections are timely filed and served. |

## <u>CERTIFICATE OF SERVICE</u>

I, Shelley A. Hollinghead, certify that I am not less than 18 years of age, and that service

of a copy of the attached **Third Application of Stroock & Stroock & Lavan LLP for**

**Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the**

**Official Committee of Unsecured Creditors for the Period from June 1, 2001 Through**

**June 30, 2001** was made July 30, 2001, upon:

> All of the parties indicated on the attached Service List by first
> class mail, postage prepaid, or as otherwise indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

_July 30, 2001_
Date

_Shelley A. Hollinghead_
Shelley A. Hollinghead, Paralegal

WLM\148198.1                                    - 3 -

**W.R. GRACE FEE APPLICATION SERVICE LIST**
Case No. 01-01139 (JJF)
Doc. No. Word147513v1

*Via Hand Delivery*
Laura Davis Jones, Esquire
David Carickhoff, Esquire.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*Counsel to Debtors and Debtors in Possession*

*Via First Class Mail*
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100
*Counsel to Debtors and Debtors in Possession*

*Via Hand Delivery*
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Local Counsel to DIP Lender*

*Via Hand Delivery*
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601
*Counsel to Debtor*

*Via First Class Mail*
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606
*Counsel to DIP Lender*

*Via Hand Delivery*
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*Counsel for Asbestos Property Damage Claimants*

*Via Hand Delivery*
William P. Bowden, Esquire
Matthew G. Zaleski, III, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Local Counsel to Asbestos Property Damage Claimants*

*Via First Class Mail*
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center,
Suite 950 West
Philadelphia, PA 19106

*Via First Class Mail*
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982
*Official Committee of Unsecured Creditors*

*Via First Class Mail*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022
*Official Committee of Asbestos Personal Injury Claimants*

*Via First Class Mail*
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102
*Counsel to Official Committee of Unsecured Creditors*

*Via First Class Mail*
Dimensional Fund Advisors
Attn: Lawrence Spieth
10 S. Wacker Drive, #2275
Chicago, IL 60606
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Simon Atlas
8314 Meadowlark Lane
Bethesda, MD 20817
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price
  & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131
*Official Committee of Asbestos Property Damage Claimants*

*Via First Class Mail*
Peninsula Partners, L.P.
Attn: Ted Weschler
404B East Main Street, 2nd Floor
Charlottesville, VA 22902
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Angus W. Mercer
4500 Carmel Estates Road
Charlotte, NC 28226
*Official Committee of Equity Security Holders*

*Via First Class Mail*
Raymond E. Smiley
35415 Solon Road
Solon, OH 44139-2415
*Official Committee of Equity Security Holders*