IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : : : : : : : : : | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | | Case No. 01-01139 (JJF) |
| | | (Jointly Administered) |
| Debtors. | | |

SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE ON BEHALF OF
DUANE, MORRIS & HECKSCHER LLP PURSUANT TO RULES 2014(a) AND 2016(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

STATE OF NEW JERSEY   )
                      )ss.
COUNTY OF ESSEX       )

WILLIAM S. KATCHEN, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the State of New Jersey, in the United States District Court for the District of New Jersey, the United States Court of Appeals for the Third Circuit and the Supreme Court of the United States. I am a member of the firm

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

of Duane, Morris & Heckscher LLP ("DM&H"), which firm maintains an address at One Riverfront Plaza, Newark, New Jersey 07102 as well as 1100 North Market Street, Suite 1200, Wilmington, DE 19801, and 17 other United States cities and London.

2. On May 17, 2001, DM&H filed an Application for Retention of DM&H as Local Counsel to the Official Committee of Unsecured Creditors.

3. In support of the Application, DM&H filed an Affidavit in accordance with Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Original Affidavit"). The Order granting the Application was signed by this Court on June 21, 2001.

4. I incorporate in this Supplemental Affidavit all the statements made in the Original Affidavit which was filed with this Court on May 17, 2001.

5. Following the filing of the Original Affidavit, I was informed that DM&H has in the past and currently represents FTI Policano & Manzo (hereinafter "FTI"), the Grace Committee's financial advisors, in unrelated matters.

6. Based on this firm's ongoing relationship with FTI, DM&H was asked to review a proposed Confidentiality Agreement between the Debtor and FTI on an emergent basis as a condition to permitting FTI access to the books and records of the Debtor in this case.

7. I understand that FTI did execute and deliver to the Debtor the Confidentiality Agreement and did provide a copy of that Agreement to Stroock & Stroock & Lavan LLP, the Grace Committee's co-counsel in this case.

8. Based upon the preceding information, the Original Affidavit and this

Supplemental Affidavit, I believe that DM&H does not hold or represent any interest adverse to the Debtors' estates in the matters upon which DM&H is to be employed, and DM&H is "disinterested" as that term is defined in §101(14) of the Bankruptcy Code.

DATED: July 30, 2001
      Wilmington, Delaware

                                                              William S. Katchen

Sworn to before me this
30th day of July, 2001

Notary Public
NWK:36430.1

MARGUERITE M. MELVIN
Notary Public of New Jersey
My Commission Expires June 18, 2003

3