# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |
| | ) | Objection Deadline:    To Be Determined |
| | ) | Hearing Date:    To Be Determined |

**FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 2, 2001 THROUGH JUNE 30, 2001**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of Kirkland & Ellis ("K&E"), bankruptcy

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their

chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $1,753,799.50

for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement

for the actual and necessary expenses that K&E has incurred in the amount of $155,393.83 (the "First

Quarterly Fee Application"), in each case for the interim quarterly period from April 2, 2001, through June

30, 2001 (the "Fee Period").  In support of this Application, K&E respectfully states as follows:

**Background**

**Retention of Kirkland & Ellis**

1.       On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2,

2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative

purposes only.  Since the Petition Date, the Debtors have continued to operate their businesses and manage

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       By this Court's order dated May 3, 2001, the Debtors were authorized to retain

K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the

Chapter 11 Cases and all related matters (the "Retention Order").  The Retention Order authorizes the

Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed

for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in

accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local

rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3.      Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.      Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This is the first Quarterly Fee Application for compensation for services rendered that K&E has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of the Petition Date through June 30, 2001, encompassing the months of April through June 2001.

6.    K&E has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.    Verified application of Kirkland & Ellis for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the first interim period from April 2, 2001, through April 30, 2001, filed May 29, 2001, (the "April Fee Application") attached hereto as Exhibit A.

b.    Second verified application of Kirkland & Ellis for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the second interim period from May 1, 2001, through May 31, 2001, filed June 29, 2001, (the "May Fee Application") attached hereto as Exhibit B.

c.    Third verified application of Kirkland & Ellis for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the third interim monthly period from June 1, 2001 through June 30, 2001, filed July 31, 2001, (the "June Fee Application") (collectively, the April Application, the May Application and the June Application are the "Applications") attached hereto as Exhibit C.

7.    K&E has not filed any other Quarterly Fee Applications or Monthly Fee Applications. The periods for objecting to the fees and expense reimbursement requested in the April and May Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested. The period for objecting to the fees and expense reimbursement requested in the June Fee Application has not yet expired.

8.    Kirkland & Ellis has advised and represented the Debtors in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession. Furthermore, K&E has prepared various pleadings, motions and other papers submitted to

this Court for consideration, has appeared before this Court during hearings regarding these cases and has

performed various other professional services that are described in the Applications.

**<u>Requested Relief</u>**

9.      By this First Quarterly Fee Application, K&E requests that the Court approve the

interim allowance of compensation for professional services rendered and the reimbursement of

actual and necessary expenses incurred by K&E for the Fee Period, which is from April 2, 2001, through

June 30, 2001, as detailed in the Applications, less any amounts previously paid to K&E pursuant to the

Applications and the procedures set forth in the Interim Compensation Order.[2]  As stated above, the full

scope of services provided and the related expenses incurred are fully described in the Applications, which

are attached hereto as Exhibits A through C.

**<u>Disinterestedness</u>**

10.      As disclosed in the following affidavits:

a.      Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

b.      First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

c.      Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

---

[2]  K&E reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the April through June 2001 period that are not otherwise included in the relevant Applications.

      d.     Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement," together with the First Supplement, the Second Supplement and the Original Affidavit, the "Affidavits"), filed July 24, 2001;

K&E does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11.     K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. K&E will update the Affidavits when necessary and when K&E becomes aware of material new information.

## Representations

12.     K&E believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13.     Kirkland & Ellis performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.     During the Fee Period, K&E has received no payment, nor has it received any promises for payment, from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15.     Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with

the partners, counsel and associates of K&E, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, K&E respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, April 2, 2001, through June 30, 2001, an administrative allowance be made to Kirkland & Ellis in the sum of (i) $1,753,799.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $155,393.83 for reimbursement of actual and necessary costs and expenses incurred, for a total of $1,909,193.30, (b) that the Debtors be authorized and directed to pay to K&E the outstanding amount of such sums less any sums previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Wilmington, Delaware              Respectfully submitted,
Dated:  July 31, 2001

                                  KIRKLAND & ELLIS


                                  _____

                                  James H.M. Sprayregen
                                  James W. Kapp III
                                  Samuel A. Schwartz
                                  Roger J. Higgins
                                  200 East Randolph Drive
                                  Chicago, Illinois 60601
                                  (312) 861-2000

**<u>Exhibit A</u>**
April Fee Application

**<u>Exhibit B</u>**
May Fee Application

**<u>Exhibit C</u>**
June Fee Application

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

## ORDER FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES OF KIRKLAND & ELLIS AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 2, 2001 THROUGH JUNE 30, 2001

Upon the application (the "First Quarterly Fee Application")[2] of the Debtors seeking the entry of an order allowing it (i) compensation in the amount of $1,753,799.50 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that K&E incurred in the amount of $155,393.83, in each case for the Fee Period from

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the First Quarterly Fee Application.

April 2, 2001, through June 30, 2001; and it appearing that the Court has jurisdiction to consider the First

Quarterly Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334;

and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it

appearing that venue of this proceeding and this First Quarterly Fee Application is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the First Quarterly Fee

Application having been given; and it appearing that the relief requested in the First Quarterly Fee

Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation

and sufficient cause appearing therefor, it is hereby:

ORDERED that the First Quarterly Fee Application is granted in its entirety on an interim

basis; and it is further

ORDERED that, for the Fee Period April 2, 2001, through June 30, 2001, an

administrative allowance shall be made to Kirkland & Ellis in the sum of $1,753,799.50, as compensation

for reasonable and necessary professional services rendered to the Debtors; and it is further

ORDERED that, for the Fee Period April 2, 2001, through June 30, 2001, an

administrative allowance shall be made to Kirkland & Ellis in the sum of $155,393.83 for reimbursement

of actual and necessary costs and expenses incurred; and it is further

ORDERED that the Debtors be authorized and directed to pay to K&E the outstanding

amount of such sums as described above, less any amounts previously paid to K&E pursuant to the

Applications and the procedures set forth in the Interim Compensation Order; and it is further

ORDERED that K&E has the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the April through June 2001 period that are not otherwise included in the relevant Applications; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated:  Wilmington, Delaware
            _____, 2001

_____
Joseph J. Farnan, Jr.
United States District Court Judge