FILED

2001 JUL 31 PM 10: 28

IN THE UNITED STATES BANKRUPTCY COURT

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: August 20, 2001 at 4:00 p.m.
Hearing Date: To Be Determined

## NOTICE OF FILING OF QUARTERLY FEE APPLICATION

To: (1) The Debtors; (2) Office of the United States Trustee; (3) Counsel to the Official Committee of Unsecured Creditors; (4) Counsel to the Official Committee of Personal Injury Claimants; (5) Counsel to the Official Committee of Property Damage Claimants; (6) Counsel to the debtor-in-possession lenders (the "DIP Lenders"); and (7) Counsel to the Official Committee of Equity Holders.

The Blackstone Group, L.P. ("Blackstone"), financial advisors to the above-

captioned debtors and debtors in possession in the above-captioned chapter 11 cases, filed and

served the First Quarterly Interim Application of The Blackstone Group L.P. for Allowance of

Compensation and for Reimbursement of Expenses for April 2, 2001 through June 30, 2001,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:27262.1

seeking compensation in the amount of $519,166.67 and reimbursement for actual and necessary expenses in the amount of $7,663.95 (the "Fee Application").

Objections or responses to the Fee Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 6th Floor, Wilmington, Delaware 19801, on or before **August 20, 2001 at 4:00 p.m.**

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale,

91100-001\DOCS_DE:27262.1

399 Park Avenue, 36th Floor, New York, New York  10022 (fax number 212-644-6755), and Matthew G. Zaleski, III, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware  19801 (fax number 302-426-9947); (v) counsel to the DIP Lenders, J. Douglas Bacon, Esquire, Latham & Watkins, Sears Tower, Suite 5800, Chicago, Illinois  60606 (fax number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware  19899 (fax number 302-658-6395); (vi) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware  19801 (fax number 302-573-6497); and (vii) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, New York  10022 (fax number 212-715-8000).

A HEARING ON THE FEE APPLICATION WILL BE HELD AT THE COURT'S CONVENIENCE AT A TIME TO BE DETERMINED. NOTICE OF SUCH HEARING WILL BE PROVIDED TO THE PARTIES SET FORTH ABOVE AND TO ALL PARTIES THAT HAVE REQUESTED SUCH NOTICE PURSUANT TO FED. R. BANKR. P. 2002.

Dated: July 31, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :    **Chapter 11** |
| | : |
| **W.R. GRACE & CO., et al.,** | :    Case No. 01-01139 (JJF) |
| | : |
| Debtors. | :    (Jointly Administered) |
| | : |
| | : |

### FIRST QUARTERLY INTERIM APPLICATION OF THE BLACKSTONE GROUP L.P. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 2, 2001, THROUGH JUNE 30, 2001

Name of Applicant: The Blackstone Group L.P.

Authorized to Provide Professional Services to: Debtors

Date of Retention Order: June 22, 2001, effective April 2, 2001

Period for Which Compensation and Reimbursement is Sought:  April 2, 2001 through June 30, 2001

Amount of Compensation Sought as Actual, Reasonable and Necessary: $519,166.67

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: $7,663.95

This is a ___ monthly  _x_ quarterly  _x_ interim  ___ final application

JUL 30 2001

Prior Applications Filed: Three Monthly Applications Filed Concurrently

| Fee Application, Filing Date, Docket No. (if available) | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date, Docket No. | Amount of Fees Approved (80%) | Amount of Expenses Approved (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| First 4/2/2001 - 4/30/2001, 7/30/2001 (N/A) | $169,166.67 | $0 | 8/20/2001 (Deadline for objection) | $135,333.33 (Pending) | $0 | $33,833.33 |
| Second 5/1/2001 - 5/31/2001, 7/30/2001 (N/A) | $175,000.00 | $984.00 | 8/20/2001 (Deadline for objection) | $140,000.00 (Pending) | $984.00 (Pending) | $35,000.00 |
| Third 6/1/2001 – 6/30/2001, 7/30/2001 (N/A) | $175,000.00 | $6,419.12 | 8/20/2001 (Deadline for objection) | $140,000.00 (Pending) | $6,679.95 (Pending) | $35,000.00 |
| TOTAL | $519,166.67 | $7,403.12 | | $415,333.33 | $7,663.95 | $103,833.33 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| | : |
| W.R. GRACE & CO., et al., | : Case No. 01-01139 (JJF) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

### FIRST QUARTERLY INTERIM APPLICATION OF THE BLACKSTONE GROUP L.P. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 2, 2001, THROUGH JUNE 30, 2001

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members ("Procedures"), The Blackstone Group L.P. ("Blackstone") hereby files this First Quarterly Interim Application of The Blackstone Group L.P. For Compensation and For Reimbursement of Expenses for April 2, 2001, Through June 30, 2001 (the "First Quarterly Fee Application"). By this First Quarterly Fee Application Blackstone seeks interim allowance of compensation in the amount of $519,166.67 and reimbursement of actual and necessary expenses in the amount of $7,663.95 for a total of $526,830.62, or 100% of all compensation and expense reimbursement requested, for the period April 2, 2001, through June 30, 2001 (the "Interim Period"). In support of this First Quarterly Fee Application, Blackstone respectfully represents as follows:

### Jurisdiction

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Background

2.  Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3.  On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

5.  On June 22, 2001, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

6.  Pursuant to the Procedures, professionals may request monthly compensation and reimbursement, and the notice parties listed in the Procedures may object to such request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to the Court a certification of no objection

whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

7. Furthermore, and also pursuant to the Administrative Order, professionals are to file and serve upon the notice parties a quarterly request (the "Quarterly Fee Application") for interim Court approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the monthly fee applications. Any payment made pursuant to the monthly fee applications or the Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

## Monthly Fee Applications Covered Herein

8. On July 30, 2001, Blackstone filed its First Application of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession for Allowance of Compensation for Actual and Necessary Services Rendered and For Reimbursement of All Actual and Necessary Expenses Incurred For the Monthly Periods April 2, 2001 through June 30, 2001 (the "First Application"), requesting $519,166.67 in fees and $7,663.95 in expenses. The First Application is attached hereto as Exhibit A. As of the time of the filing of this First Quarterly Fee Application, the August 20, 2001 objection deadline with respect to such First Application has not passed. Blackstone has not received any payment on the First Application.

## Requested Relief

9. By this First Quarterly Fee Application, Blackstone requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Blackstone from April 2, 2001, through June 30, 2001.[1] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee application for the Interim Period that is has already been filed with the Court and is attached hereto as Exhibit A.

10. At all relevant times, Blackstone has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

11. All services for which compensation is requested by Blackstone were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

12. During the Application Period, Blackstone has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

---

[1] Blackstone reserves its right to seek at a later date reimbursement for expenses incurred during the application period that are not otherwise included in the relevant monthly fee application.

WHEREFORE, Blackstone respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of April 2, 2001, through June 30, 2001, an allowance be made to Blackstone in the sum of $519,166.67 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $7,663.95 for reimbursement of actual and necessary costs and expenses incurred, for a total of $526,830.62; that the Debtors be authorized and directed to pay to Blackstone the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: New York, New York
       July 27, 2001

                                      THE BLACKSTONE GROUP L.P.
                                      Financial Advisor to W.R. Grace & Co.

                                      By: _____

                                      Richard J. Shinder
                                      Vice President
                                      345 Park Avenue
                                      New York, NY 10154
                                      (212) 583-5000
                                      (212) 583-5707 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (JJF) |
| Debtors. | (Jointly Administered) |

## ORDER GRANTING FIRST QUARTERLY INTERIM APPLICATION OF THE BLACKSTONE GROUP L.P. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 2, 2001, THROUGH JUNE 30, 2001

The Blackstone Group L.P. ("Blackstone"), as financial advisor to the captioned debtors and debtors-in-possession (the "Debtors"), filed a first quarterly interim application for allowance of compensation and reimbursement of expenses for April 2, 2001, through June 30, 2001 (the "First Quarterly Application"). The Court has reviewed the First Quarterly Application and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the First Quarterly Application, and any hearing on the First Quarterly Application, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the First Quarterly Application. Accordingly, it is hereby

ORDERED that the First Quarterly Application is GRANTED, on an interim basis. The Debtors shall pay to Blackstone the sum of $519,166.67 as compensation and $7,663.95 as reimbursement of expenses, for a total of $526,830.62 for services rendered and disbursements incurred by Blackstone for the period April 2, 2001, through June 30, 2001.

Dated: _____

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### CERTIFICATE OF SERVICE

I, David W. Carickhoff, Jr., hereby certify that a copy of the foregoing documents was served upon the persons on the attached service list in the manner indicated on this 31st day of July, 2001:

**NOTICE OF FILING OF QUARTERLY FEE APPLICATION.**

**FIRST QUARTERLY INTERIM APPLICATION OF THE BLACKSTONE GROUP L.P. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 2, 2001, THROUGH JUNE 30, 2001.**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:27191.2
8:53 PM

**ORDER GRANTING FIRST QUARTERLY INTERIM APPLICATION OF THE BLACKSTONE GROUP L.P. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 2, 2001, THROUGH JUNE 30, 2001.**

*[Signature]*

David W. Carickhoff, Jr. (DE Bar No. 3715)
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel:  (302) 652-4100
Fax:  (302) 652-4400

Grace Fee Application Service List
Case Number: 01-1139 (JJF)
Document Number: 23451
May 30, 2001
04 – Hand Delivery
08 – Federal Express

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Counsel to Debtors and Debtors in Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

(Parcels)
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
P.O. Box 27
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhatten Center
1201 Market Street
15th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Federal Express*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

*Federal Express*
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
601 Walnut Street, Curtis Center
Suite 950 West
Philadelphia, PA 19106

*Federal Express*
(W.R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*Federal Express*
(Official Committee of Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

*Federal Express*
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*Federal Express*
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131

*Federal Express*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*Federal Express*
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102

*Federal Express*
(Counsel to Official Committee of Equity Holders)
Thomas Moers Mayer
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022