UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Objections due by : August 22, 2001 |
| | ) | Hearing Date: [TBD] |

APPLICATION FOR ORDER PURSUANT TO SECTIONS 328
AND 1103 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014 APPROVING RETENTION OF
KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL
TO OFFICIAL COMMITTEE OF EQUITY HOLDERS

The duly-appointed Official Committee of Equity Holders (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby applies for an order, pursuant to sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to retain Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as counsel for the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") effective as of July 18, 2001. In support of this Application, the Committee relies on the Affidavit of Thomas Moers Mayer, sworn to on August 1, 2001, (the "Mayer Affidavit"), filed concurrently herewith. In further support of this Application, the Committee respectfully requests as follows:

Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate

KL2:2113774.2

their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     On June 18, 2001, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all equity holders in these Chapter 11 Cases. The Committee is comprised of the following members: Peninsula Partners, L.P., Dimensional Fund Advisors, Angus W. Mercer, Simon Atlas, and Raymond E. Smiley.

3.     Thereafter, at a scheduled meeting of the Committee held on July 18, 2001, the Committee voted to retain Kramer Levin as its counsel. Accordingly, this Application is made by the Committee for an order, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to retain Kramer Levin as its counsel, effective as of July 18, 2001.

### Jurisdiction and Venue

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5.     This Application is made by the Committee for an order, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing it to retain and employ Kramer Levin as its counsel, effective as of July 18, 2001.

### Basis for Relief Requested

6.     The Committee has selected Kramer Levin to serve as counsel to the Committee and to perform all of the services necessary and desirable to the conduct of these

KL2:2113774.2

Chapter 11 Cases on behalf of the Committee. The Committee selected Kramer Levin primarily because the members of Kramer Levin's Bankruptcy Department has extensive experience in the fields of bankruptcy and creditors' rights and, in particular, has represented creditors' committees and other committees and parties-in-interest in some of the largest and most complex chapter 11 reorganization cases of recent years, and has been involved in many mass tort and asbestos-related chapter 11 cases, including Dow Corning Corporation, Owens Corning, Eagle Picher Industries, Inc. and Keene Corporation. Furthermore, Kramer Levin's broad-based practice, which includes expertise in the areas of corporate and commercial law, litigation, tax, intellectual property, employee benefits and real estate, will permit it to represent fully the interests of the Committee in an efficient and effective manner.

## Services to be Rendered

7. Kramer Levin is expected to render such legal services as the Committee may consider desirable to discharge the Committee's responsibilities and further the interests of the Committee's constituents in these cases. In addition to acting as primary spokesman for the Committee, it is expected that Kramer Levin's services will include, without limitation, assisting, advising and representing the Committee with respect to the following matters:

   a. The administration of these cases and the exercise of oversight with respect to the Debtors' affairs including all issues arising from the Debtors, the Committee or these Chapter 11 Cases;

   b. The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers;

   c. Appearances in Court, appearances at statutory meetings of creditors, and appearances at other meetings, as necessary to represent the interests of the Committee;

   d. The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization and matters related thereto;

KL2:2113774.2

e.  Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

f.  Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

g.  The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee.

## Professional Compensation

8. Kramer Levin has indicated its willingness to serve as counsel to the Committee and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with the provisions of sections 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. The firm's billing practices and rates are summarized below and are consistent with those generally governing Kramer Levin's representation of its other clients.

9. The principal attorneys expected to represent the Committee in this matter and their current hourly rates are: Thomas Moers Mayer ($515 per hour), Philip Bentley ($425 per hour), Robert T. Schmidt ($425 per hour), Catherine Finnerty ($325 per hour) and Amy Caton ($ 280 per hour). In addition, other attorneys and paraprofessionals may from time to time provide services to the Committee in connection with these bankruptcy proceedings. The range of Kramer Levin's hourly rates for Kramer Levin's attorneys and legal assistants is as follows:

| | |
|---|---|
| Partners | $400 - $575 |
| Counsel | $420 - $575 |
| Associates | $200 - $410 |
| Legal Assistants | $140 - $165 |

KL2:2113774.2

Kramer Levin's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions.

10.  Kramer Levin's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, Kramer Levin regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, inter alia, word processing, secretarial time, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer-aided research.

## Disinterestedness of Professionals

11.  As and to the extent stated in the Mayer Affidavit, Kramer Levin (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) does not represent and has not represented the Debtors, (iii) does not represent any of the Debtors, creditors, shareholders or other parties-in-interest in connection with the Debtors or their chapter 11 cases; and (iv) Kramer Levin does not hold or represent any interest adverse to the Committee in the matters for which it is to be retained.

## Notice

12.  Notice of this Application has been given to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel for the Debtors, Kirkland & Ellis, Aon Center, 200 East Randolph Drive, Chicago, IL, 60601, Attn.: James Sprayregen, Esq. and Pachulski, Stang, Ziehl, Jones & Young PC, 919 No. Market Street, Wilmington, DE 19899-8705, Attn.: Laura Davis Jones, Esq., (iii) counsel for the Official Committee of Asbestos Personal Injury Claimants, Caplin & Drysdale, 399 Park Avenue, New York, NY 10022, Attn.:

- 5 -

KL2:2113774.2

Elihu Inselbuch, Esq., (iv) counsel for the Official Committee of Asbestos Property Damage Claimants, Bilzin Sumberg Dunn Baena Price & Axelrod, LLP, First Union Financial Center, 200 South Biscayne Boulevard, Miami, FL 33131, Attn.: Scott Baena, Esq., (v) counsel for the Official Committee of Unsecured Creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn.: Lewis Kruger, Esq. and Duane Morris & Heckscher, LLP, 1100 North Market Street, Wilmington, DE 19801, Attn.: Michael R. Lastowski, Esq., and (vi) to all other parties who have requested notice in these Chapter 11 Cases. Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Application need be given to any party.

No Prior Request

13.    No prior request for the relief sought herein has been made to this or any other Court.

KL2:2113774.2

WHEREFORE, the Committee respectfully requests that the Court enter an order authorizing (i) the Committee's retention of Kramer Levin as its counsel effective as of July 18, 2001, (ii) the payment and reimbursement of Kramer Levin's fees and disbursements, subject to interim and final allowance thereof in accordance with sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

Dated: August 2, 2001

          THE OFFICIAL COMMITTEE OF
          EQUITY HOLDERS OF
          W.R. GRACE & CO., et al.

          By: _____
          Name: R. Ted Weschler
          Title:  Chair of Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER PURSUANT TO SECTIONS 328 AND 1103 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2014
AUTHORIZING RETENTION OF KRAMER LEVIN
NAFTALIS & FRANKEL LLP AS COUNSEL TO
OFFICIAL COMMITTEE OF EQUITY HOLDERS**

Upon the Application (the "Application") for an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the retention of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as Counsel to the Official Committee of Equity Holders (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); and upon the Affidavit of Thomas Moers Mayer, sworn to on August 1, 2001 in support of the Application (the "Affidavit"); and due and sufficient notice of the Application having been given; and the Court being satisfied, based upon the representations made in the Application and the Affidavit that (i) Kramer Levin represents no interest adverse to any of the estates of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") with respect to matters for which they are to be retained, (ii) Kramer Levin is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and (iii) the employment of Kramer Levin is necessary and would be in the best interest of the Committee and these estates; and after due deliberation, and sufficient cause appearing therefor, it is hereby

KL2:2114038.1

ORDERED that, the Application is granted; and it is further

ORDERED that, in accordance with sections 328 and 1103 of the Bankruptcy Code, the Committee is authorized and empowered to retain the firm of Kramer Levin as its counsel effective as of July 18, 2001, to perform all of the services described in the Application; and it is further

ORDERED that, Kramer Levin shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may be then applicable, from time to time, and such procedures as fixed by order of this Court.

Dated: Wilmington, Delaware
       August ___, 2001

_____
United States Bankruptcy Judge

KL2:2114038.1