IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT OF THOMAS MOERS MAYER IN SUPPORT OF
APPLICATION FOR ORDER APPROVING RETENTION OF
KRAMER LEVIN NAFTALIS & FRANKEL LLP AS COUNSEL
TO OFFICIAL COMMITTEE OF EQUITY HOLDERS**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

THOMAS MOERS MAYER, under the penalty of perjury, deposes and says:

1.    I am an attorney at law admitted to practice in the State of New York and before the United States District Court for the Southern and Eastern Districts of New York and am a member of the law firm of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**"), which is located at 919 Third Avenue, New York, New York 10022.  I make this affidavit ( the "**Affidavit**") in support of the application dated August 1, 2001 (the "**Application**") of the duly-appointed Official Committee of Equity Holders (the "**Committee**") in the chapter 11 cases of the above captioned debtors and debtors-in-possession (collectively the "**Debtors**") seeking an order authorizing the retention of Kramer Levin as counsel to the Committee in compliance with sections 328 and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and to provide the disclosure required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless otherwise stated in this Affidavit, I have personal

knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein

requires subsequent amendment or modification upon Kramer Levin's completion of further

analysis or as additional creditor information becomes available to it, one or more supplemental

affidavits will be submitted to the court reflecting the same.

        2.      In connection with this proposed retention, I caused the names of the

Debtors, their principals, their subsidiaries, the significant creditors of the Debtors and other

significant parties to be input into Kramer Levin's conflict check database to determine whether

Kramer Levin has connections to such parties and if so, whether such connections relate in any

way to the proposed representation of the Committee in this case. In addition, the list of such

parties was circulated by electronic mail to all Kramer Levin attorneys to determine whether any

attorney has any relationship with any such party. Based on this review process, it appears that

Kramer Levin does not hold or represent an interest that is adverse to the Debtors' estates and is

a disinterested person who does not hold or represent any interest adverse to and has no

connection (subject to the disclosures set forth below) with the Debtors herein, their creditors or

any party-in-interest herein in the matters upon which Kramer Levin is to be retained.

Accordingly, I believe Kramer Levin to be a "disinterested person" within the meaning of

section 101(14) of the Bankruptcy Code, subject to the following disclosures:

       a.     Kramer Levin was retained by Peninsula Partners, L.P. ("Peninsula"), an entity that is now a member of the Committee, both prior to and in connection with matters relating to the Debtors' chapter 11 cases. Peninsula has released Kramer Levin from its objection to represent it individually in order for Kramer Levin to serve as counsel to the Committee. In connection with the representation of Peninsula, Kramer Levin believes it may have completed legal work that is necessary to and will benefit the estates and, accordingly, Kramer Levin reserves its right to request compensation for those services on an administrative expense basis. In addition, Kramer Levin does not believe that it is not disinterested because of its prior representation of Peninsula.

- 2 -

b.      Prior to Kramer Levin's representation by Peninsula, Kramer Levin was approached by two retired employees of the Debtors in connection with the potential formation of a retiree's committee. After consulting with Kramer Levin, the retirees determined not to request the formation of a retiree's committee and indicated their desire to retain counsel on an individual basis. Kramer Levin declined to represent these individuals and provided referrals to other counsel.

c.      Kramer Levin has certain clients who invest in claims against, and interests in, corporations in financial distress. Prior to March of 2001, Kramer Levin provided incidental advice to certain of those clients with respect to certain of the Debtors' pre-bankruptcy transactions based on publicly available information. To the best of my knowledge, those clients do not hold any claims against, or interests in, the Debtors. Kramer Levin no longer performs legal services for those clients in connection with the Debtors and has not done so since March 2001.

d.      Kramer Levin represented a subsidiary of the Debtors, L.B. Realty, in a real estate related litigation manner involving the County of Nassau. This matter was resolved a number of years ago and that representation no longer continues.

e.      Kramer Levin represented Procter & Gamble Manufacturing Company, a codefendant with W.R. Grace & Co. and many other numerous co-defendants, in a personal injury lawsuit. This matter was resolved a number of years ago and that representation no longer continues.

f.      The Baupost Group is, to my knowledge, the Debtors' second largest shareholder. Kramer Levin represents Baupost in connection with other matters but has not done so and will not do so in connection with the Debtors.

g.      A substantial number of individuals who are alleging asbestos injuries in connection with products manufactured by the Debtors and who have asserted claims against the Debtors are represented by Weitz & Luxemberg ("W&L"). W&L serves on the Official Committee of Asbestos Personal Injury Claimants as a representative of those creditors. Kramer Levin represented W&L in another chapter 11 case involving another corporation. That representation ended several months ago. Kramer Levin now represents the bank creditors of that corporation. Again, Kramer Levin does not believe that it is not disinterested because of its prior representation of W&L.

h.      In matters unrelated to the Debtors, Kramer Levin currently represents creditor committees where The Bank of New York, a creditor of the Debtors, is a member of the committee (Official Committee of Unsecured

- 3 -

Creditors of VF Brands, Inc., et al. and Official Committee of Unsecured Creditors of Borden Chemicals and Plastics).

i.    In matters unrelated to the Debtors, Kramer Levin has represented creditor committees in the past where the following creditors of the Debtors were members of the committee or were bondholders of the debtors in those cases: The Bank of America, The Bank of New York, Credit Lyonnais, Credit Suisse First Boston and First Union Bank (Official Committee of Unsecured Creditors of Recycling Industries, Inc. and the Official Committee of Unsecured Creditors of Edison Brothers Industries, Inc.).

j.    In matters unrelated to the Debtors, Kramer Levin currently represents a 47 member bank group in the chapter 11 case of Owens Corning Corp. (the "Owens Corning Bank Group"). The following members of the Owens Corning Bank Group are creditors of the Debtors: The Bank of America, The Bank of New York, Barclays Bank, PLC, Chase Manhattan Bank, Citibank, N.A., Credit Lyonnais, Credit Suisse First Boston, and J.P. Morgan Securities Inc.

k.    In matters unrelated to the Debtors, Kramer Levin represents or has represented BNP Paribas (formerly known as Banque Paribas) that participated in, or served as agent bank for, loans in which some banks and financial institution that are creditors of W.R. Grace also served as participants or agent bank, including the following: The Bank of America (participant), The Bank of New York (agent bank), Chase Manhattan Bank (participant), Credit Lyonnais (agent bank), Dresdner Bank (participant), and J.P. Morgan (participant).

l.    Kramer Levin formerly represented Wells Rich Green, an advertising agency, in a litigation with a landlord concerning a dispute over restoration costs for the premises upon termination of the lease. The restoration costs included asbestos abatement expenses. The landlord of the premises commenced a separate action and received a judgment against W.R. Grace for the costs of asbestos removal. Wells Rich Green was not a party to the landlord's action.

m.    In matters unrelated to the Debtors, Kramer Levin represents or has represented the following creditors of the Debtors or affiliates thereof: The Bank of America (corporate matters, creditors' rights), The Bank of New York (corporate and litigation matters), Bank of Nova Scotia (tax matters), Barclays Bank (corporate matters; Iridium bank group), Chase Manhattan Bank (corporate and trust matters), Citibank N.A. (intellectual property, corporate, trust, litigation and tax matters), Citibank International PLC (financing matter), CNA Insurance Co. (litigation matters),Credit Lyonnais (corporate matters), Credit Suisse First Boston Corp. (litigation matters), HSBC (corporate matters).

- 4 -

n.  As part of its practice, Kramer Levin routinely represents buyers and sellers of distressed debt and securities. Kramer Levin has not represented any client in connection with the purchase or sale of the Debtors' bonds and/or debt. One or more clients of the firm may now or later purchase secured or unsecured claims against one or more Debtors. Kramer Levin believes that its representation of such parties in matters unrelated to the Debtors will have no effect on its representation of the Committee in these proceedings. Of course, Kramer Levin will not represent any bank or other entity in the purchase or sale of any debt or securities of the Debtors during Kramer Levin's representation of the Committee herein.

o.  The Debtors have numerous creditors and other parties-in-interest. Kramer Levin may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties-in-interest in addition to those specifically disclosed herein in matters unrelated to these cases. Kramer Levin believes that its representation of such creditors or other parties in such other matters has not and will not affect its representation of the Committee in these proceedings.

p.  Kramer Levin is a full service law firm with very active creditors' rights, real estate, intellectual property, corporate and litigation practices. Kramer Levin appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants or parties in interest in these cases. Kramer Levin has not and will not represent any of such entities in relation to the Debtors in these chapter 11 cases nor have any relationship with any such entity, attorneys, accountants, financial consultants, and investment bankers which would be adverse to the Committee, the Debtors or their estates.

3.  I have advised the Committee of Kramer Levin's willingness to serve as its general bankruptcy counsel and to accept compensation and reimbursement of expenses in accordance with its standard billing practices and subject to this Court's approval in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and Orders of the Court. Kramer Levin's hourly rates as charged to bankruptcy and nonbankruptcy clients are as follows:

| | |
|---|---|
| Partners | $400 - $575 |
| Counsel | $420 - $575 |
| Associates | $200 - $410 |
| Legal Assistants | $140 - $165 |

KL2:2112931.3

Kramer Levin's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions. Kramer Levin regularly charges its clients for expenses incurred by it in connection with representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, document processing, overtime meals, Lexis, Westlaw and other computer research related expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.

4.    No agreement exists, nor will any be made, to share any compensation received by Kramer Levin for its services on behalf of the Committee with any other person or firm.

5.    In conclusion, insofar as I have been able to ascertain and subject to the disclosures herein contained, neither Kramer Levin nor any member, counsel or associate thereof, represents any interest adverse to the Debtors herein, or their estates, in the matters upon which Kramer Levin is to be engaged. Accordingly, I believe Kramer Levin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

THOMAS MOERS MAYER

Affirmed before me this 1st day
of August, 2001.

Notary Public
CATHERINE E. FINNERTY
Notary Public, State of New York
No. 02FI6002574
Qualified in New York County
Commission Expires 02/09/2002

- 6 -