IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE OF THE DEBTORS TO THE MOTION OF THE UNITED STATES
FOR ENTRY OF AN ORDER COMPELLING THE DEBTORS
TO SUPPLEMENT THEIR STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this response (the "Response") to the motion of the United States for entry of an order compelling the Debtors to supplement their Statements of Financial Affairs (the "Motion").[2] In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ›N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein have those meanings ascribed to them in the Motion.

91100-001\DOCS_DE:28007.1

**Background**

1. On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Statements") on June 1, 2001, in accordance with that certain Order Granting the Debtors Additional Time Within Which to File Schedules and Statements dated April 2, 2001.

3. On July 20, 2001, the United States filed the Motion requesting that the Court compel the Debtors to supplement their Statements to include certain environmental information as set forth in the recently revised question 17 of Official Bankruptcy Form 7 – the Statement of Financial Affairs ("Question 17"). The Debtors request that the Court deny the Motion because the relief requested therein is not necessary as the Debtors are voluntarily complying with their obligations to respond reasonably to Question 17, and thus also with the United States' request.

**Response**

4. The Debtors are engaged now in the process of compiling their responses to Question 17. They anticipate filing with the Court an amendment to their Statements, with a copy to the United States, on or before August 30, 2001, the deadline to file responses to the Motion. The Debtors conveyed such intent to the United States prior to the filing of this Response.

5. The Debtors have never contested their obligation to file Statements of Financial

Affairs and to observe the Official Forms, with alterations as may be appropriate, as prescribed by the Judicial Conference of the United States. See 11 U.S.C. § 521; Fed. R. Bankr. P. 1007; Fed. R. Bankr. P. 9009. Indeed, on June 1, 2001, the Debtors filed their Schedules and Statements with the Court in compliance with the West Group 2001 Edition of the Bankruptcy Code, Rules and Forms (the "Form Book"), which contain the prescribed Official Forms of the Judicial Conference of the United States. See Bankruptcy Code, Rules and Forms, Form 7 (West 2001 Ed.) (2000). Although the United States is correct in their assertions that certain amendments to Form 7 recently had become effective as of the time of the filing of the Statements, the Form Book does not incorporate such amendments. Indeed, although the Form Book references such amendments, it merely provides that the proposed revisions to Form 7 had not yet been adopted and were ". . . undergoing study by the relevant advisory committees of the Judicial Conference." See id. at XXIV. When the Debtors became cognizant of the recent approval of the revisions to Form 7, the Debtors consistently communicated to the United States their intent to supplement their Statements as expeditiously and completely as possible under the circumstances.

6. The essence of the limited disagreement that actually arose between the United States and the Debtors related to the timetable by which the Debtors would supplement their Statements. In the Motion, the United States recognizes that the Debtors have ". . . far-flung operations, involving multiple business units operating hundreds of distinct facilities . . . ." See the Motion, p. 4. The combination of the size of the Debtors' current and past operations and the breadth of Question 17 made the Debtors uncertain of their ability to sufficiently supplement their Statements within the 20 days demanded by the United States. See Correspondence of the United States attached as Tab 1 to the Memorandum in

Support of the Motion. The Debtors, however, expressed their commitment to supplement their Statements as promptly and completely as reasonably possible under the circumstances. In order to manifest their intent to cooperate with the United States, while still pursuing the Question 17 information, the Debtors offered to provide the United States with Schedule F of the Statements of W. R. Grace & Co.-Conn., which generally sets forth the environmental claims outstanding against the Debtors' estates. The government refused this information. The Debtors regret and are surprised that the United States filed this essentially unnecessary Motion to compel a response that was already forthcoming.

7. It has always been, and always will be, the Debtors' intent to comply with the Bankruptcy Code and the Bankruptcy Rules and meet all reasonable requests of the United States. The Debtors intend to reasonably supplement their Statements in accordance with the Bankruptcy Code and the Bankruptcy Rules by August 30, 2001. The Debtors will promptly notify the United States should any unexpected complication arise which imperils the Debtors' ability to file such amended Statements by such date.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that (i) the Court deny the Motion as the Debtors are voluntarily complying with the United States' requests as set forth in the Motion and (ii) the Court grant the Debtors such other relief as it deems just and proper.

Dated: August 9, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

___/s/ David W. Carickhoff, Jr.
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession