IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objections due by: August 29, 2001 at 4:00 p.m.**
**Hearing Date: September 20, 2001, if necessary**

## APPLICATION OF DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CASNER & EDWARDS, LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby

submit this application (the "Application") for the entry of an order pursuant to section 327(e) of title 11 of

the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure

2014 and 2016, authorizing and approving the retention of Casner & Edwards, LLP ("Casner") as special

litigation counsel for the Debtors, and in support thereof respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ›N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jursidiction**

1.      This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

**Background**

2.      On April 2, 2001 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Court has entered an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing that the Debtors' separate chapter 11 cases be procedurally consolidated and jointly administered by this Court.

3.      The Debtors continue to manage their respective properties and operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Relief Requested**

4.      The Debtors respectfully request the entry of an order pursuant to section 327(e) of the Bankruptcy Code authorizing them to employ and retain Casner as special litigation counsel to perform certain strategic legal services they will require during the course of these chapter 11 cases.  Specifically, as more particularly described below, the Debtors seek authorization for Casner, their longtime legal advisors with respect to matters of litigation law and strategy, in particular, asbestos bodily injury litigation, to continue to defend such litigation and to maintain and operate the Debtors' document repository.

91100-001\DOCS_DE:28198.1

## **Basis for Relief Requested**

5.     The Debtors have selected Casner as special litigation counsel to defend them in certain asbestos litigation because of Casner's longstanding representation of the Debtors in such actions and the firm's attendant intimate knowledge regarding the Debtors' involvement in and defense of asbestos-related lawsuits.

6.     For more than eighteen years, Casner and certain of its members and associates have rendered legal services to the Debtors and their affiliates in connection with various types of litigation matters, beginning with asbestos bodily injury cases.  Casner's services have included acting both as national coordinating counsel for the Debtors in asbestos bodily injury cases, and as custodian of the Debtors' document repository which has been visited by plaintiffs' attorneys in approximately 120 cases.

7.     As a consequence, Casner is intimately familiar with the complex legal issues that have arisen in defending the Debtors in asbestos and other litigation.  The Debtors believe that both the strategic interruption and the duplicative cost involved in obtaining substitute counsel to replace Casner's unique role at this juncture would be extremely harmful to the Debtors and their estates.  Were the Debtors required to retain counsel other than Casner in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Casner's ready familiarity with the intricacies of the Debtors' defense of those actions.  Further, Casner has a national reputation and extensive experience and expertise in asbestos bodily injury litigation as to which Casner's continued representation is sought.  As such, the Debtors submit that Casner is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward basis, and Casner's retention as special litigation counsel is in the best interest of the Debtors and their estates.

91100-001\DOCS_DE:28198.1

**Scope of Proposed Retention**

8.      The Debtors currently seek to retain Casner, subject to the oversight and orders of this Court, to advise the Debtors and their Board of Directors with respect to litigation strategy, in particular, asbestos bodily injury litigation.  The Debtors also seek to retain Casner to advise them with respect to the maintenance and operation of the Debtors' document repository and any future production of documents from the repository to plaintiffs.  Casner has indicated its willingness to render the necessary professional services described above as special litigation counsel to the Debtors.

9.      The Debtors have sought authorization to employ and retain other firms to serve as special litigation counsel in other respects to the Debtors.  The Debtors believe that the services Casner will provide will be complementary rather than duplicative of the services to be performed by such other special litigation counsel.  The Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Casner's role as special litigation counsel.

**No Adverse Interest**

10.      To the best of the Debtors' knowledge, and based upon the Affidavit of Robert A. Murphy (the "Murphy Affidavit") filed in support of the Application, Casner does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Casner is to be employed.  Further, to the best of the Debtors' knowledge and based on the Murphy Affidavit, Casner does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Murphy Affidavit.

**Compensation**

4

91100-001\DOCS_DE:28198.1

11.     In accordance with sections 330 and 331 of the Bankruptcy Code, the Debtors

propose to compensate Casner on an hourly basis at its customary hourly rates for services rendered, plus

reimbursement of actual, necessary expenses incurred by Casner.  In this regard, it should be noted that the

hourly rates that Casner has charged the Debtors for its services have been lower than the hourly rates that

Casner customarily charged its other clients.  The primary reason why Casner discounted its rates to the

Debtors was because of the volume of work that Casner performed for the Debtors over the years.  Casner

will continue to provide the Debtors with rates that are discounted from its "standard" rates.  The primary

attorneys of Casner who will be handling the above matters and their current hourly rates for Debtors'

litigation matters are:

| | Attorney | Hourly Rate |
|---|---|---|
| (a) | Robert A. Murphy | $195 per hour |
| (b) | Robert S. Kutner | $175 per hour |
| (c) | Donna B. MacKenna | $165 per hour |
| (d) | Matthew T. Murphy | $165 per hour |

The Debtors expect that Casner's limited role in these cases will be that of defending the Debtors with

respect to the matters described above, and in being responsible for the maintenance and operation of the

Debtors' document repository.  Accordingly, while the number of hours expended by Casner is expected to

be quite small as compared with the hours to be expended by the Debtors' general bankruptcy and

reorganization counsel, a significant proportion of those hours will necessarily require the services of

experienced attorneys such as Robert A. Murphy and Matthew T. Murphy.  Accordingly, the Debtors

believe that the staffing and the hourly rates set forth above are reasonable and should be approved.

12.     As set forth in the Murphy Affidavit, the hourly rates described above are subject to

periodic adjustments to reflect economic and other conditions.  Other attorneys or paralegals may from time

to time serve the Debtors in the matters for which Casner's retention is sought.  Casner's rates are set at a

level designed to compensate Casner fairly for the work of its attorneys and paralegals and to cover fixed

and routine overhead expenses.  It is Casner's policy to charge its clients in all areas of practice for all other

expenses incurred in connection with the client's case.  The expenses charged to clients include, among other

things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges,

document processing, photocopying charges, travel expenses, expenses for "working meals," computerized

research, messengers, couriers, postage, witness fees and other fees related to trials and hearings,

transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  Casner will

charge the Debtors for these expenses in a manner consistent with charges generally made to Casner's other

clients.  Casner believes that it is fairer to charge these expenses to the client incurring them than to increase

the hourly rates and spread the expenses among all clients.

13.    Casner will submit interim and final applications for compensation in accordance with

the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and

such other and further Orders as the Court may direct.

**Conclusion**

14.    For the reasons set forth above and in the Murphy Affidavit, the Debtors believe that

the attorneys at Casner are well qualified to act on the Debtors' behalf in defending asbestos bodily injury

and other litigation brought against the Debtors, and in maintaining and operating the Debtors' document

repository.  The Debtors further believe that the engagement of Casner is essential to the Debtors' successful

reorganization and that the retention of Casner is necessary and in the best interest of the Debtors and their

estates.

**Notice**

6

15.     Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

91100-001\DOCS_DE:28198.1

**No Prior Request**

16.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) authorizing the retention and employment of Casner as special litigation counsel for the Debtors and (ii) grant them such other and further relief as is just and proper.

Dated: August 13, 2001

                                        KIRKLAND & ELLIS
                                        James H.M. Sprayregen
                                        James W. Kapp III
                                        Samuel A. Schwartz
                                        Roger J. Higgins
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        (312) 861-2000

                                        and

                                        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                                        /s/ David W. Carickhoff, Jr.
                                        Laura Davis Jones (#2436)
                                        David W. Carickhoff, Jr. (#3715)
                                        919 North Market Street, 16th Floor
                                        P.O. Box 8705
                                        Wilmington, Delaware 19899-8705 (Courier 19801)
                                        (302) 652-4100

                                        Co-Counsel for the Debtors and Debtors in Possession