IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**AFFIDAVIT OF ROBERT A. MURPHY IN SUPPORT OF THE APPLICATION OF THE DEBTORS TO EMPLOY CASNER & EDWARDS, LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) |
| | ) ss: |
| COUNTY OF SUFFOLK | ) |

I, ROBERT A. MURPHY, being duly sworn, state as follows:

1. I am a partner in the law firm of Casner & Edwards, LLP, ("Casner") One Federal Street, 27th Floor, Boston, MA 02110.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ≫N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.   I am a member in good standing of the bar of the highest court of the Commonwealth of Massachusetts, the bar of the United States District Court for the District of Massachusetts, the bar of the United States Supreme Court, as well as the bars of other courts. I make this Affidavit in support of the Application of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order authorizing the employment of Casner as special litigation counsel for the Debtors pursuant to section 327(e) of the Bankruptcy Code (the "<u>Application</u>"). This Affidavit constitutes the statement of Casner pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

3.   I am not related and, to the best of my knowledge after inquiry of Casner's members, counsel and associates, no other attorney of Casner is related to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

4.   I do not hold or represent and, to the best of my knowledge and information, no other attorney of Casner holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Casner's retention is sought. Insofar as Casner has been able to ascertain, neither I, nor Casner, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

5.   For more than eighteen years, Casner and certain of its members and associates have rendered legal services to the Debtors and their affiliates in connection with various litigation and other related matters, beginning with asbestos bodily injury cases. Casner's legal services have included litigation concerning general personal injury claims, asbestos related bodily injury and property damage claims, environmental, business, employment, construction and ERISA matters, among others.

2

C:\WINDOWS\Temporary Internet Files\OLKD005\WR Grace - Affidavit in Support of Casner Edwards Retention_v1.DOC
08/13/01 3:27 PM

6. Primarily, Casner has served as national coordinating counsel for the Debtors in asbestos related personal injury cases since 1983. One of Casner's responsibilities in this capacity was to organize and maintain the Debtors' document repository at One Winthrop Square, Boston, Massachusetts which, on request, has been made available to plaintiffs in both asbestos bodily injury and property damage cases brought against the Debtors. Casner has defended a number of cases on the Debtors' behalf in numerous jurisdictions throughout the country, and has frequently served as counsel to current and former officers and employees of the Debtors who have been deposed in asbestos litigation.

7. Over the course of Casner's prepetition representation of the Debtors, Casner periodically has received regular compensation from the Debtors for services rendered and expenses incurred through March, 2001. None of the fees paid to Casner represents payments for legal services in connection with the preparation and filing of these chapter 11 cases. Those services have been performed by the Debtors' bankruptcy and reorganization counsel, Kirkland & Ellis and Pachulski, Stang, Ziehl, Young & Jones.

8. In matters unrelated to this case, Casner has in the past represented, currently represents, and likely in the future will represent certain of the Debtors' and their affiliates' significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, sureties, lessors and customers, together with certain co-defendants and other parties to litigation with the Debtors (all as identified in the exhibits filed in support of the Debtors' application to retain Kirkland & Ellis as reorganization counsel filed herein) (the "K&E Exhibits")), as well as certain attorneys, accountants, and financial advisors for such entities.

9. Casner has undertaken a comparison of the persons and entities identified in the K&E Exhibits against the most complete list currently available of Casner's clients. To the best of my knowledge and information as a result of this comparison, it appears that Casner has represented or does represent in certain unrelated corporate, litigation, creditors' rights and other matters (but is not general counsel to) the entities in the K&E Exhibits listed on Schedule 1 hereto, or their affiliates, parents or subsidiaries. Casner also from time to time likely has represented some of the Debtors' creditors, equity interest holders and other parties in interest, their attorneys, accountants and financial advisors, and certain affiliates, parents and subsidiaries of the foregoing. None of such other representations, however, has in the past involved, currently involves, or in the future will involve the Debtors or any aspect of Casner's relationship with the Debtors.

10. Casner intends to apply to the court for compensation for professional services rendered in connection with these cases, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Rules and any Orders of the Court. Casner will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by Casner in the past to the Debtors, which rates currently are $75 for paralegals, $165 for associates and $175-$195 for partners, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs. It should be noted that the hourly rates that Casner has charged the Debtors for its services over the years have been lower than the hourly rates that Casner customarily charged its other clients. The primary reason why Casner discounted its rates to the Debtors was because of the volume of work that Casner performed for the Debtors over the years. Casner will continue to provide the Debtors with rates that are discounted from its "standard" rates.

4

The principal attorneys of Casner who will be handling the representation and their current hourly rates are:

|     | Attorney | Hourly Rate |
| --- | --- | --- |
| (a) | Robert A. Murphy | $195 per hour |
| (b) | Robert S. Kutner | $175 per hour |
| (c) | Donna B. MacKenna | $165 per hour |
| (d) | Matthew T. Murphy | $165 per hour |

11. As described in the Application, Casner's limited role in these cases will be that of defending the Debtors in asbestos and other litigation, and in maintaining and operating the Debtors' document repository. Accordingly, while the number of hours to be expended by Casner is expected to be very small as compared to the hours expended by the Debtors' general bankruptcy and reorganization professionals, a large proportion of those hours will necessarily require the services of experienced attorneys such as Mr. Murphy and myself.

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which Casner's retention is sought. Casner's rates are set at a level designed to compensate Casner fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Casner's policy to charge its clients in all areas of practice for such additional expenses as telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Casner will charge the Debtors for these expenses in a manner consistent with charges

5

the Debtors for these expenses in a manner consistent with charges generally made to Casner's other clients. Casner believes that it is fairer to charge these expenses to the client incurring them than to increase its hourly rates and spread expenses among all clients.

13. No promises have been received by Casner as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Casner has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

_____
Robert A. Murphy

Sworn to before me this 8th day of August, 2001

_____
Notary Public
My Commission expires: 4/19/02

6

## **SCHEDULE 1**

Amoco Oil Co.
Commonwealth of Massachusetts
United States Treasury
Amoco Corporation
Amoco Corp.