UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al* | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**SUMMARY COVERSHEET TO FIRST MONTHLY INTERIM APPLICATION OF WALLACE KING MARRARO & BRANSON PLLC FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JUNE 1, 2001 THROUGH JUNE 30, 2001**

| Name of Applicant: | Wallace King Marraro & Branson PLLC. ("WKMB") |
|---|---|
| Authorized to provide professional services to: | Special Litigation and Environmental Counsel to Debtors |
| Date of Retention: | April 2, 2001 |
| Period for which compensation and reimbursement is sought: | June 1, 2001 through June 30, 2001. |
| Amount of compensation sought as actual, reasonable and necessary | $186,977.92 for the period June 1, 2001 through June 30, 2001 (80% of $233,722.40 in professional fees). |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $90,104.66 for the period June 1, 2001 through June 30, 2001. |

This is a:    Monthly interim application.

The total time expended for fee application preparation in June 2001 is approximately 0 hours and the corresponding compensation requested is approximately $0.00. Such amounts will be included on the invoice for services performed during July 2001.

Prior Applications filed: Yes.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 7/5/01 | 4/2/01 through 4/30/01 | $216,471.50 | $25,282.16 | No objections served on Counsel | No objections served on Counsel |
| 7/5/01 | 5/1/01 through 5/31/01 | $244,726.00 | $26,594.89 | No objections served on Counsel | No objections served on Counsel |

As indicated above, this is the third application for interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases

## Summary of Compensation Requested

| Name of Professional Individual | Position, year assumed, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Christopher Marrarp | Partner | $420 | 183.3 | $76,986.00 |
| Angela Pelletier | Associate | $200 | 188.3 | $37,660.00 |
| William Hughes | Counsel | $305 | 216.3 | $65,971.50 |
| Tamara Parker | Associate | $260 | 95.4 | $24,804.00 |
| Anthony F. King | Partner | $375 | .3 | $112.50 |
| Alec Zacaroli | Associate | $185 | 52.5 | $9,712.50 |
| Sean R. Ward | Associate | $165 | 7.4 | $1,221.00 |
| Susan V. Watson | Associate | $200 | 3.2 | $640.00 |
| Barbara Banks | Paralegal | $130 | 193.2 | $25,116.00 |
| Darlene Boozer | Legal Clerk | $95 | 93.90 | $8,920.50 |
| Natasha Bynum | Legal Clerk | $95 | 38.0 | $3,610.00 |
| Keith Kaider | Paralegal | $130 | 7.0 | $910.00 |
| Mahmoude Moasser | Paralegal | $130 | 53.0 | $6,890.00 |
| Rebecca Mitchell | Paralegal | $115 | 3.8 | $437.00 |
| Tonya Manago | Senior Paralegal | $130 | 65.3 | $8,489.00 |
| Paul Pittman | Paralegal | $115 | 98.7 | $11,350.50 |

| Reilly Smith | Paralegal | $115 | 26.8 | $3,082.00 |
|---|---|---|---|---|
| | | | | |

|  |  |
|---|---|
| Total Fees | $308,391.00 |
| Total Hours | 1393.5 |

| Reilly Smith | Paralegal | $115 | 26.8 | $3,082.00 |
|---|---|---|---|---|

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Airfares | $4,272.50 |
| Outside Messenger | $231.41 |
| Auto Rental | $108.67 |
| Car Service | $146.00 |
| Copies- Internal and Outside | $26,034.71 |
| Hotels | $975.89 |
| Facsimile | $168.75 |
| Lexis | $3,714.84 |
| Meals during Travel | $196.65 |
| Telephone | $490.54 |
| FedEx | $2,303.87 |
| Parking | $14.00 |
| Postage | $29.43 |
| Knight Piesold - Consulting - May | $15,000.00 |
| Taxis/Miscellaneous Travel Expenses | $1,029.62 |
| Temporary Services | $1,903.50 |
| Westlaw | $5,651.27 |
| Industrial Health - Research | $3,986.96 |
| SI Group, LLC - Consultant | $19,828.62 |
| Overtime Meals | $$175.27 |
| Overtime Meals - Attorneys/Paralegals | $354.79 |
| Overtime Transportation | $945.54 |
| Secretarial Overtime | $2,541.83 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## VERIFIED APPLICATION OF WALLACE KING MARRARO & BRANSON FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRD INTERIM PERIOD FROM JUNE 1, 2001 THROUGH JUNE 30, 2001

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Wallace King Marraro & Branson PLLC ("WKMB") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

applies for an order allowing it (i) compensation in the amount of $231,646.40 for the reasonable and necessary legal services WKMB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that WKMB incurred in the amount of $90,104.66 (the "Application"), in each case for the period from June 1, through June 30, 2001 (the "Fee Period"). In support of this Application, WKMB respectfully states as follows:

**Retention of WKMB**

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee."). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee," collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2. By this Court's order dated June 21, 2001, the Debtors were authorized to retain WKMB as their special counsel, effective as of the Petition Date, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate WKMB at hourly rates charged by WKMB for services of this type and to be

reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

3. The Retention Order also allowed for a special fee arrangement with the Debtors in connection with a pending litigation matter, *Interfaith Community Organization v. Honeywell International, Inc. et al ("Honeywell litigation")*. By Agreement with the Debtors, WKMB is entitled to receive its full standard hourly rates until June 21, 2001 when its standard hourly rates billed for the Honeywell litigation will be reduced by 40% in return for an interest in the outcome of the Honeywell litigation. Thus, a 40% discount is applied to all professional fees ibilled after June 21, 2001.

4. As disclosed in the following affidavit:

> Affidavit of Christopher H. Marraro in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Wallace King Marraro & Branson as Special Litigation and Environmental Counsel for the Debtors and Debtors in Possession (the "Original Affidavit"), filed June 4, 2001;

WKMB does not represent any interest adverse to the estates.

5. WKMB does not currently represent, but could in the future represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. WKMB will update the Affidavits when WKMB becomes aware of material new information.

6. WKMB performed the services for which it is seeking compensation on behalf of or the Debtors and their estates, and not on behalf of any committee, creditor or other person.

7.  On or about July 9, 2001, Grace paid Wallace King Marraro & Branson, PLLC an ordinary course professional allowance of $50,000.00 for the month of June. That amount is reflected as a credit on the invoice statement for the Honeywell matter.

8.  Pursuant to Fed. R. Bank. P. 2016(b), WKMB has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of WKMB, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

9.  This is the third application for interim compensation for services rendered that WKMB has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

**Reasonable and Necessary Services Rendered by WKMB-- Generally**

10. The WKMB attorneys who rendered professional services during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Christopher Marraro | Partner | 18 Years | Litigation | $420.00 | 183.30 | $76,986.00 |
| Anthony F. King | Partner | 11 Years | Litigation | $375.00 | .30 | $112.50 |
| William Hughes | Counsel | 10 Years | Litigation | $305.00 | 216.30 | $65,971.50 |
| Tamara Parker | Associate | 8 Years | Litigation | $260.00 | 95.40 | $24,804.00 |
| Angela Pelletier | Associate | 3 Years | Litigation | $200.00 | 188.30 | $37,660.00 |
| Peter Condron | Counsel | 13 Years | Litigation | $335.00 | 67.10 | $22,478.50 |
| Alec Zacaroli | Associate | 2 Years | Litigation | $185.00 | 52.50 | $9,712.50 |
| Sean R. Ward | Associate | 3 Years | Litigation | $165.00 | 7.40 | $1,221.00 |

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Susan V. Watson | Associate | 4 Years | Litigation | $200.00 | 3.20 | $640.00 |
| | | | | | | |

11. The paraprofessionals of WKMB who have rendered professional services in these cases during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in that position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Barbara Banks | Paralegal | 4 Years | Litigation | $130.00 | 193.20 | $25,116.00 |
| Darlene Boozer | Legal Clerk | 1 Year | Litigation | $95.00 | 93.90 | $8,920.50 |
| Natasha Bynum | Legal Clerk | 1.5 Years | Litigation | $95.00 | 38.00 | $3,610.00 |
| Keith Kaider | Paralegal | 4 Years | Litigation | $130.00 | 7.00 | $910.00 |
| Mahmoude Moasser | Paralegal | 10 Years | Litigation | $130.00 | 53.00 | $6,890.00 |
| Rebecca Mitchell | Paralegal | 1.5 Years | Litigation | $115.00 | 3.80 | $437.00 |
| Tonya Manago | Senior Paralegal | 5 Years | Litigation | $130.00 | 65.30 | $8,489.00 |
| Paul Pittman | Paralegal | 2 Years | Litigation | $115.00 | 98.70 | $11,350.50 |
| Reilly Smith | Paralegal | 6 Months | Litigation | $115.00 | 26.80 | $3,082.00 |

```
Grand Total for Fees:  308,391.00
Less 40% Discount:     ( 26,744.60)
Less Payment:          ( 50,000.00)

Total Due              $231,646.40
```

12. WKMB has advised and represented the Debtors in connection with certain litigation and environmental matters. These matters include the Honeywell litigation, cost recovery litigation against other private parties and representation of the Debtors before the U.S. Environmental Protection Agency in connection with the Libby, Montana asbestos remediation matter.

13. The rates described above are WKMB's hourly rates for services of this type. Attached as <u>Exhibit A</u> is a detailed itemization and description of the services that WKMB rendered

during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $307,467.00. The WKMB attorneys and paraprofessionals expended a total of 1393.50 hours for these cases during this Fee Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

14. Further, Exhibit A (a) identifies the individuals that rendered services in each Subject Matter, as defined and described below, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each numbered tab in Exhibit A corresponds to the matter number that WKMB assigned to each Subject Matter. If a Subject Matter does not appear, then WKMB did not bill time or expenses for that Subject Matter during this Fee Period, but may bill time for that Subject Matter in the future.

### Reasonable and Necessary Services Rendered by WKMB
### Categorized by Matter

15. The professional services that WKMB rendered during the Fee Period are grouped into the numbered and titled categories of subject matters described in Paragraphs 15-19 herein (the "Subject Matter(s)").

16.   Matter 6 – Honeywell litigation

(Fees: $307,467.00; Hours: 1391.30)

This Subject Matter involves time spent in litigation against Honeywell International, Inc. to recover substantial costs and damages and to compel Honeywell to clean up nearly a million tons of chromium process waste disposed of by a Honeywell predecessor, Mutual Chemical Company. Included is time preparing and filing motions, working on fact and expert discovery, undertaking factual and legal research and analysis and attending court hearings.

17.   Matter 9 – Libby, Montana

(Fees: $924.00; Hours: 2.20)

This Subject Matter describes activities concerning the representation of the Debtors before the U.S. Environmental Protection Agency relating to EPA's enforcement action concerning asbestos at Libby, Montana. Included is time for meetings with EPA and strategic planning.

### Actual and Necessary Expenses

20.   It is WKMB's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is WKMB's policy to charge its clients only the amount actually incurred by WKMB in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

21.   WKMB charges: (a) $0.15 per page for duplication and (b) $0.75 per page for outgoing telecopier transmissions (plus related toll charges). WKMB does not charge its clients for

-8-

incoming telecopier transmissions. WKMB has negotiated a discounted rate for Lexis and Westlaw computer assisted legal research, which is approximately $125/hour of online use of the standard Westlaw databases and approximately $3.00/minute for Lexis databases. Computer assisted legal research is used whenever the researcher determines that using Lexis/Westlaw is more cost effective than using traditional (non-computer-based legal research) techniques.

22. A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by WKMB on the Debtors' behalf during the Fee Period is attached hereto as Exhibit B. All of these disbursements comprise the requested sum for WKMB out-of-pocket expenses, totaling $90,104.66. These disbursements are grouped in Exhibit B into the same numbered and titled categories of Subject Matters as the fees are grouped in Exhibit A. The numbered tabs within Exhibit B correspond to the numbers assigned to the matters described in Paragraphs 15-19 herein. Any missing Subject Matters merely indicate that no expenses were attributed to such Subject Matters during the Fee Period, although expenses may be attributable to such Subject Matters in the future. A summary of expenses by category for the entire Fee Period is also set forth in Exhibit B.

### Representations

23. WKMB believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

24. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. WKMB reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

25.  In summary, by the Application, WKMB requests compensation for fees and expenses in the total amount of $323.827.06, consisting of (a) $233,722.40 for reasonable and necessary professional services rendered and (b) $90,104.66 for actual and necessary costs and expenses.

WHEREFORE, WKMB respectfully requests (a) that an allowance be made to it, as fully described above for the (i) 80% of the reasonable and necessary professional services WKMB has rendered to the Debtors during the Fee Period ($186,977.92) and (ii) 100% of the reimbursement of actual and necessary costs and expenses incurred by WKMB during the Fee Period ($90,104.66); (b) that both fees and expenses are payable as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Washington, D.C.  
Dated: August 9, 2001

Respectfully submitted,

WALLACE KING MARRARO & BRANSON PLLC

*/s/ Christopher H. Marraro*

Christopher H. Marraro  
1050 Thomas Jefferson Street N.W.  
Washington, D.C. 20007  
(202) 204-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## VERIFICATION

Christopher H. Marraro, after being duly sworn according to law, deposes and says:

1.  I am a partner with the applicant firm, Wallace King Marraro & Branson, PLLC and I am a member in good standing of the bars of the State of New Jersey and District of Columbia.

2.  I have personally performed certain of, and overseen the legal services rendered by Wallace King Marraro & Branson PLLC as special litigation and environmental counsel to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.  The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Christopher H. Marraro

In the District of Columbia

SWORN TO AND SUBSCRIBED
before me this 9th day of August 2001.

_____
Notary Public

My Commission Expires:

**Tonya Manago**
**Notary Public, District of Columbia**
**My Commission Expires 03-14-05**

-2-