IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., INC., et al. | * | Case No. 01-1139-JJF<br>(Chapter 11) |
| Debtors. | * | (Jointly Administered) |
| | * | (Hearing Date: To be Determined) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION OF NIRO, INC. TO MOTION OF THE DEBTORS FOR ENTRY
OF AN ORDER PURSUANT TO SECTIONS 503(b) AND 546 (c)(2) OF THE
BANKRUPTCY CODE GRANTING ADMINISTRATIVE PRIORITY STATUS
FOR RECLAMATION CLAIMS DEEMED VALID (PAPER NO. 753)**

Niro, Inc. ("Niro"), by it undersigned counsel, opposes the Motion of the Debtor for Entry of an Order Pursuant to Sections 503(b) and 546(c)(2) of the Bankruptcy Code Granting Administrative Priority Status for Reclamation Claims Deemed Valid (the "Motion"). Niro opposes the Motion because notice of the Motion was not provided to Niro as required by this Court, and the Debtors seek to deny Niro's valid reclamation claim without providing any supporting documentation. In support of this Opposition, Niro states as follows:

**BACKGROUND**

1.   On April 18, 2001, Niro, through its undersigned counsel, provided notice of its reclamation claim (the "Reclamation Notice") to the Debtors as required by Section 546 of the Bankruptcy Code and applicable state law. Attached to the Reclamation Notice are supporting invoices and detailed information regarding the goods accepted by the Debtors. A copy of the Reclamation Notice is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

2. At the request of the Debtors, this Court entered the Order, Under 11 U.S.C. §105(a), 503(b), 546(c) and 546(g) (A) Establishing Procedure for the Treatment of Valid Reclamation Claims and (B) Prohibiting Third Parties from Interfering with Delivery of the Debtors' Goods (Paper No. 191) (the "Reclamation Order").

3. The Reclamation Order provides that the Debtors shall "file a motion, on notice to parties in interest, listing those reclamation claims, if any, which they deem to be valid" and "such motion shall be brought by the Debtors within 90 days of the Court's entry of [Reclamation Order]." Reclamation Order at 2.

4. The Debtors timely filed the Motion, wherein the Debtors seek to deny Niro its reclamation claim because "[t]he product was consumed by Grace prior to Grace receiving the reclamation notice" and "[i]nsufficient information was available to match claim with invoices." Motion at Exh. C.

## ARGUMENT

### Notice of the Motion Was Insufficient

5. The Debtors did not serve Niro with the Motion, who is clearly a party in interest and had a right to receive notice. Further, notice of the Motion was never provided to Niro or its counsel by the Debtors or its agents. Indeed, counsel for the Debtors filed the Affidavit of Service of Patricia E. Cuniff (Paper No. 758), who declared under oath that the Motion, notice of the Motion, and proposed Order granting the Motion were served on all parties on the "attached service list(s)" (the "Cuniff Affidavit"). A copy of the Cuniff Affidavit is attached hereto as <u>Exhibit B</u> and incorporated herein by reference. The Cuniff Affidavit does not list Niro or its agents, including counsel, as having been served with the Motion or notice thereof.

6. It was not until today that Niro learned that the Motion had been filed, despite (1) having monitored the docket in this case throughout May, June, July and the month of August; (2) placing numerous telephone calls to counsel to the Debtors through Patricia E. Cuniff (paralegal and affiant with respect to service of the Motion), who has yet to return any calls; and (3) obtaining a copy of the Docket as of August 17, 2001 from the copy service for the Clerk of this Court.  These issues are more fully described in the Affidavit of Yvonne Ford attached hereto as <u>Exhibit C</u> and incorporated herein by reference.

7. Accordingly, this Court should deny the Motion as to Niro based upon the lack of notice provided to Niro.

**The Debtors Provide No Evidentiary Basis to Deny Niro's Reclamation Claim**

8. As a basis for denying Niro relief, the Debtors baldly assert that the goods shipped by Niro and accepted by the Debtors were "consumed" by the Debtors or that part of the claim was "unsubstantiated."  However, the Debtors provide no documentation or other explanation to buttress the assertion that the goods were consumed or that the detailed invoices provided with the Reclamation Notice do not provide sufficient information for the Debtors.

9. Niro has submitted to the Debtors, through its Reclamation Notice, detailed invoices regarding the goods accepted by the Debtor including part numbers and part descriptions, including (1) two "Atomizer, BB, 8" MCSE-C-28 9108859";  (2) one "Valve, Check, 10#, Oil Inlet 9110780"; and (3) one "Valve, Check, ½#, Oil Outlet 9110781."

10. To the extent the Debtors have taken these goods and converted them into finished goods, it should be simple for the Debtors to provide Niro with documentation to substantiate their assertions. To the extent the detailed descriptions of the goods are insufficient for the Debtors to substantiate Niro's claim, the Debtors should be compelled to at least provide an explanation for it assertion.

WHEREFORE, Niro, Inc. requests that this Court deny the Motion and grant such other relief as is just and proper in this case.

DATED this 23rd day of August, 2001.

    /s/ Joel L. Perrell Jr.
Joel L. Perrell Jr.[1]
 Federal Bar No. 25550 (Dist. of MD)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3762

Attorneys for Niro, Inc.

---

[1] Counsel to Niro, Inc. is not a member of the bar of this Court. Upon learning of the filing of the Motion, counsel believed it to be in Niro's best interests to file an opposition as soon as possible. Niro will seek local counsel in this case.

**Certificate of Service**

I HEREBY CERTIFY that on this 23rd day of August, 2001, that a true and correct copy of the foregoing Opposition of Niro, Inc. to Motion of the Debtor for Entry of an Order Pursuant to Sections 503(b) and 546(c)(2) of the Bankruptcy Code Granting Administrative Priority Status for Reclamation Claims Deemed Valid was sent by first class mail, postage prepaid, to the following:

James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899

Frank J. Perch, Esquire
Office of the U.S. Trustee
844 King Street
Wilmington, Delaware 19801

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899

Elihu Insulbuch, Esquire
Caplin & Drysdale
399 Park Ave., 36th Fl.
New York, New York 10022

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre, 15th Fl.
1201 Market Street, Suite 1500
Wilmington, Delaware 19801

Lewis Kruger, Esquire
Strook & Strook & Lavan
180 Maiden Lane
New York, New York 10038

Michael R. Lastowski, Esquire
Duane, Morris & Hecksher, LLP
1100 N. Market Street, Suite 1200
Wilmington, Delaware 19801


    /s/  Joel L. Perrell Jr.
Joel L. Perrell Jr.