IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING
<u>THE DEBTORS TO ASSUME AND ASSIGN LEASES FOR REAL PROPERTY</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"),

by and through their undersigned counsel, submit this Motion (the "<u>Motion</u>") for entry of an Order,

pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (as amended, the

"<u>Bankruptcy Code</u>"), authorizing the Debtors to assume and assign leases for real property.  In

support of this Motion, the Debtors respectfully state as follows:

**<u>Jurisdiction</u>**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    The statutory bases for relief herein are sections 365(a) and 105(a) of the

Bankruptcy Code.

## Background

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses

and manage their properties as debtors in possession.

4.    Prior to the filing of the Chapter 11 Cases, the Debtors owned and operated

a business known as Channel Home Centers, Inc. ("Channel").  Channel was involved in the

business of operating retail home improvement centers.  In connection with the Debtors' strategic

exit from all of their retail businesses, the Debtors divested themselves of this business in or about

1986.  In connection with such divestment, the Debtors closed certain of the unsalable home stores

and began subletting Channel's related leased retail space.  Specifically, on August 6, 1998, the

Debtors sublet (the "Sublease") a portion of Channel's former premises (the "Premises") located at

165 White Horse Pike, Clementon, New Jersey to Consolidated Stores Corporation

("Consolidated").  The Debtors are the sublessor under the Sublease pursuant to that certain lease

(the "Prime Lease") dated January 26, 1979, between the Debtors and First Northern Star, LLC (the

"Landlord").

5.    Although the Debtors have sublet a portion of the Premises, the Debtors

operate the property at a loss.  Due to their inability to sublet the remainder of the Premises, the

Debtors project that they will suffer a net operating loss of approximately $250,000 through the

current term of the Prime Lease, January 31, 2004.  Therefore, as a means of (i) mitigating these

ongoing losses and (ii) limiting potential rejection damage claims against their estates, the Debtors

approached the Landlord regarding an assignment of the Prime Lease and the Sublease (the Prime

Lease and the Sublease shall be collectively referred to as the "Leases").  The Landlord eventually

agreed to accept an assignment of the Leases pursuant to that certain assumption and assignment

agreement (the "Assignment Agreement"), a copy of which is attached hereto as Exhibit A.

Accordingly, the Debtors believe that it is in the best interests of their estates and creditors that the

Leases are assumed and assigned in accordance with this Motion.

## Relief Requested

6.      Pursuant to section 365 of the Bankruptcy Code, the Debtors request authority

to assume and assign the Leases to the Landlord pursuant to the Assignment Agreement.

## Basis for Relief

7.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession,

"subject to the court's approval, may assume or reject any executory contract or unexpired lease of

the debtor."  11 U.S.C. § 365(a).  It is well established that the decision to assume or reject an

executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  See

In re Taylor, 913 F.2d 102 (3d Cir. 1990); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872

F.2d 36 (3d Cir. 1989).  Additionally, pursuant to section 365(b)(1)(A) of the Bankruptcy Code "[i]f

there has been a default in an executory contract or unexpired lease of the debtor, the trustee may

not assume such contract or lease unless, at the time of assumption of such contract or lease, the

trustee cures, or provides adequate assurance that the trustee will promptly cure such default."  11

U.S.C. 365 (b)(1)(A).

3

8.      Pursuant to the Debtors' books and records, however, the Debtors do not believe that any cure amounts are owing related to the assumption of the Leases.  Further, the assumption and assignment of the Leases will eliminate any potential rejection damages claims arising from the Debtors rejection of either the Prime Lease or the Sublease.

9.      Accordingly, the Debtors submit that the assumption and assignment of the Leases to the Landlord pursuant to the Assignment Agreement is in the best interest of the Debtors, their creditors and estates.  As described above, the assumption and assignment of the Leases immediately limits the losses that must be borne by the Debtors.  These losses are unwarranted and unnecessary, given that the Debtors do not need the use of the related premises.

### Conclusion

10.      In sum, by permitting the Debtors to assume and assign the Leases, the Debtors will relieve their estates of a long-term financial burden, thereby freeing additional moneys for the benefit of their estates and creditors as well as eliminating potential rejection damages claims.  As a result, the Debtors have determined, in the exercise of their business judgment, that the assumption and assignment of the Leases is in the best interests of the Debtors' creditors and estates.

### Notice

11.      Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee, (v) counsel to the Landlord and Consolidated and (vi) all those parties that requested service and notice

of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the

Debtors submit that no further notice is required.

### No Prior Relief

12.      No previous application for the relief sought herein has been made to this or

any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form attached hereto approving the assumption and assignment of the Leases to

the Landlord pursuant to the Assignment Agreement and granting such other and further relief as

is just and proper.


Dated: August 28, 2001

                                        Respectfully submitted,

                                        KIRKLAND & ELLIS
                                        James H.M. Sprayregen
                                        James W. Kapp III
                                        Samuel A. Schwartz
                                        Roger J. Higgins
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        (312) 861-2000

                                                and

                                        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                                        /s/    Peter    J.    Duhig_____

                                        Laura Davis Jones (Bar No. 2436)
                                        Hamid R. Rafatjoo (CA Bar No. 181564)
                                        David W. Carickhoff, Jr. (Bar No. 3715)
                                        Peter J. Duhig (Bar No. 4024)
                                        919 North Market Street, 16th Floor

P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

\\Pszy1_de\data\Documents\Grace\Motion For Entry Of An Order To Assume And Assign Leases.wpd