# EXHIBIT A

ASSUMPTION AND ASSIGNMENT AGREEMENT


        This Assumption and Assignment Agreement (this "Agreement") is made this ___ day of _____, 2001, by and between W. R. GRACE & CO. – CONN., a Connecticut corporation having an address of 7500 Grace Drive, Columbia, Maryland 21044 ("Grace") and FIRST NORTHERN STAR, LLC,  a New York limited liability company having an address at c/o The Langfan Company, 6 East 45th Street, New York, New York 10017 ("Landlord").


W I T N E S S E T H:


        WHEREAS, by Lease dated January 26, 1979 (the "Prime Lease"), William K. Langfan and Aaron Ziegelman, as Landlord, leased to Channel Home Centers, Inc., as Tenant, those certain premises located at 165 White Horse Pike, Clementon, New Jersey (the "Premises"); and

        WHEREAS the Tenant's obligations under the Prime Lease were guaranteed by Grace pursuant to a Guaranty dated January 26, 1979 (the "Guaranty"); and

        WHEREAS Landlord is the successor in interest to William K. Langfan and Aaron Ziegelman under the Prime Lease, and Grace is the successor in interest to Channel Home Centers, Inc. under the Prime Lease; and

        WHEREAS, by Lease Agreement dated August 6, 1998 (the "Sublease") between Grace, as Sublandlord, and Consolidated Stores Corporation, an Ohio corporation d/b/a Odd Lots or Big Lots ("Consolidated Stores"), a copy of which is attached hereto as Exhibit A, Grace subleased part of the Premises to Consolidated Stores; and

        WHEREAS Grace filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date; and

        WHEREAS Grace desires to assign to Landlord all of Grace's right, title and interest in and to the Prime Lease, the Sublease, and the Premises, and Landlord desires to accept such assignment and assume the obligations of Grace thereunder, on the terms and conditions hereinafter set forth,


- 1 -

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1.    Assumption and Assignment; No Merger of Estates Under Prime Lease.  Subject to the terms and conditions of  Section 5 of this Agreement, Grace hereby assigns, sets over and transfers unto Landlord, to have and to hold from and after the Effective Date (as hereinafter defined), all of the right, title and interest of Grace in, to and under the Prime Lease and the leasehold estate created thereby, for the balance of the term of the Prime Lease, subject to the terms and conditions of the Sublease, and all of the right, title and interest of Grace in and to the Sublease for the balance of the term of the Sublease; and Landlord hereby accepts such assignment and assumes the performance and observation of, and agrees to be bound by all of the terms, covenants, agreements, provisions and conditions of the Prime Lease and the Sublease on Grace's part to be performed and observed for the period from and after the Effective Date. Grace shall have no further obligation or liability under the Guaranty from and after the Effective Date with respect to obligations or liabilities arising or accruing on and after the Effective Date.  Notwithstanding the assignment of Grace's interest in the Prime Lease to Landlord, the Prime Lease and the leasehold estate created thereby shall not merge with the fee title to any part of the Premises demised by the Prime Lease, and such leasehold and fee simple estates shall remain as two (2) separate and distinct estates for the balance of the term of the Prime Lease.

2.    Prorations.  Grace and Landlord shall make all normal and customary prorations under the Prime Lease and the Sublease, including, without limitation, rents, real estate taxes, common area maintenance charges, and utility charges, such prorations to be made as of the Effective Date.

3.    Grace Indemnification to Landlord.  Grace hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Landlord harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with Grace's failure to perform its obligations under the Prime Lease or the Sublease arising or accruing prior to the Effective Date.

4.    Landlord Indemnification to Grace.  Landlord hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Grace harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with Landlord's failure to perform its obligations under the Prime Lease or the Sublease arising or accruing on and after the Effective Date.

5.    Estoppel Certificate from Consolidated Stores.  Grace agrees to use its best efforts to obtain from Consolidated Stores an estoppel certificate in form and substance reasonably acceptable to Landlord, and to deliver same to Landlord on or before the Effective Date.  In the event Grace is unsuccessful in obtaining and delivering

said estoppel certificate by the Effective Date, either party may terminate this Agreement by notice to the other party, whereupon both parties shall be relieved of all obligations hereunder.

6. Bankruptcy Court Approval. This Agreement shall not become effective unless approved by the Bankruptcy Court. Grace shall use its good faith diligent efforts to pursue Bankruptcy Court approval of this Agreement and the transactions which are the subject hereof. As used in the provisions of this Agreement, the "Effective Date" shall be the third business day following the date on which the Bankruptcy Court enters an order authorizing and approving this Agreement and the transactions which are the subject hereof, as to which order the time to appeal has expired without any appeal having been filed or as to which there has been no entry of any stay pending appeal prohibiting or preventing Grace from proceeding herewith. Either party shall have the right to terminate this Agreement, by notice to the other, if the Effective Date shall not have occurred on or before September 30, 2001. Simultaneously with the execution hereof, the parties shall execute a short form recordable assignment relating to each of the Prime Lease and the Sublease, in the form attached hereto as Exhibit B and Exhibit C, respectively, which shall be undated as of the date of execution. Upon the occurrence of the Effective Date, each of said assignments shall be dated the date of the Effective Date, and may then be recorded by Landlord among the applicable land records.

7. Miscellaneous.

7.1. No Broker. Grace and Landlord each warrant and represent to the other that no broker, agent or finder has been retained by it in connection with this Agreement or any transaction contemplated hereby, and each agrees to indemnify and hold the other harmless from all losses or claims based on or arising out of any assertion by any such party that it is entitled to any fee or compensation due to an agreement made by such party and the indemnitor in violation of the foregoing.

7.2. Counterparts. This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

7.3. Time of the Essence. Time is of the essence with respect to all provisions of this Agreement.

7.4. Entire Agreement. This Agreement constitutes the entire Agreement between the parties hereto with respect to the subject matter hereof, and supersedes any and all written or oral agreements with respect hereto. This Agreement may be amended or modified only by instrument signed by both of the parties hereto.

7.5. Rules of Construction. Grace and Landlord have each been represented by legal counsel in the preparation of this Agreement, and the rule of

C:\WINDOWS\Temporary Internet Files\OLKD005\Lease Assignment and Assumption Clementon.doc
08/28/01 2:45 PM

construction that documents be construed against the drafter shall not apply to this Agreement.

       7.6.  <u>Governing Law</u>.  The parties agree that the Bankruptcy Court has exclusive jurisdiction to enforce the provisions of this Agreement and to decide any claims or disputes which may arise or result from or be connected with this Agreement, any breach or default hereunder, or the transaction contemplated thereby.

       IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as a sealed instrument as of the day and year first above written.

W. R. GRACE & CO. – CONN.


By:  _____
     W. Brian McGowan
     Senior Vice President


FIRST NORTHERN STAR, LLC


By:  _____
     Name:
     Title:

C:\WINDOWS\Temporary Internet Files\OLKD005\Lease Assignment and Assumption Clementon.doc
08/28/01 2:45 PM

**<u>EXHIBIT "A"</u>**

<u>COPY OF SUBLEASE</u>

**(Not Included)**