# EXHIBIT B

## EXHIBIT "B"

## ASSUMPTION AND ASSIGNMENT AGREEMENT
(PRIME LEASE)

This Assumption and Assignment Agreement (this "Agreement") is made this ___ day of _____, 2001, by and between W. R. GRACE & CO. – CONN., a Connecticut corporation having an address of 7500 Grace Drive, Columbia, Maryland 21044 ("Grace") and FIRST NORTHERN STAR, LLC,  a New York limited liability company having an address at c/o The Langfan Company, 6 East 45th Street, New York, New York 10017 ("Landlord").

W I T N E S S E T H:

WHEREAS, by Lease dated January 26, 1979 (the "Prime Lease"), William K. Langfan and Aaron Ziegelman, as Landlord, leased to Channel Home Centers, Inc., as Tenant, those certain premises located at 165 White Horse Pike, Clementon, New Jersey (the "Premises"); and

WHEREAS the Tenant's obligations under the Prime Lease were guaranteed by Grace pursuant to a Guaranty dated January 26, 1979 (the "Guaranty"); and

WHEREAS Landlord is the successor in interest to William K. Langfan and Aaron Ziegelman under the Prime Lease, and Grace is the successor in interest to Channel Home Centers, Inc. under the Prime Lease; and

WHEREAS, by Lease Agreement dated August 6, 1998 (the "Sublease") between Grace, as Sublandlord, and Consolidated Stores Corporation, an Ohio corporation d/b/a Odd Lots or Big Lots ("Consolidated Stores"), Grace subleased part of the Premises to Consolidated Stores; and

WHEREAS Grace filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date; and

WHEREAS Grace desires to assign to Landlord all of Grace's right, title and interest in and to the Prime Lease, Landlord desires to accept such assignment and assume the obligations of Grace thereunder, and the Bankruptcy Court has approved such assignment, all on the terms and conditions hereinafter set forth,

- 6 -

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1.    Assumption and Assignment; No Merger of Estates Under Prime Lease.  Grace hereby assigns, sets over and transfers unto Landlord, to have and to hold from and after the date set forth in the opening paragraph hereof (the "Effective Date"), all of the right, title and interest of Grace in, to and under the Prime Lease and the leasehold estate created thereby, for the balance of the term of the Prime Lease, subject to the terms and conditions of the Sublease; and Landlord hereby accepts such assignment and assumes the performance and observation of, and agrees to be bound by all of the terms, covenants, agreements, provisions and conditions of the Prime Lease and the Sublease on Grace's part to be performed and observed for the period from and after the Effective Date. Grace shall have no further obligation or liability under the Guaranty from and after the Effective Date with respect to obligations or liabilities arising or accruing on and after the Effective Date.  Notwithstanding the assignment of Grace's interest in the Prime Lease to Landlord, the Prime Lease and the leasehold estate created thereby shall not merge with the fee title to any part of the Premises demised by the Prime Lease, and such leasehold and fee simple estates shall remain as two (2) separate and distinct estates for the balance of the term of the Prime Lease.

2.    Prorations.  Grace and Landlord shall make all normal and customary prorations under the Prime Lease, including, without limitation, rents, real estate taxes, common area maintenance charges, and utility charges, such prorations to be made as of the Effective Date.

3.    Grace Indemnification to Landlord.  Grace hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Landlord harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with Grace's failure to perform its obligations under the Prime Lease arising or accruing prior to the Effective Date.

4.    Landlord Indemnification to Grace.  Landlord hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Grace harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with Landlord's failure to perform its obligations under the Prime Lease arising or accruing on and after the Effective Date.

5.    Miscellaneous.

5.1.    No Broker.  Grace and Landlord each warrant and represent to the other that no broker, agent or finder has been retained by it in connection with this Agreement or any transaction contemplated hereby, and each agrees to indemnify and hold the other harmless from all losses or claims based on or arising out of any assertion

by any such party that it is entitled to any fee or compensation due to an agreement made by such party and the indemnitor in violation of the foregoing.

      5.2.  <u>Counterparts</u>.  This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

      5.3.  <u>Time of the Essence</u>.  Time is of the essence with respect to all provisions of this Agreement.

      5.4.  <u>Entire Agreement</u>.  This Agreement constitutes the entire Agreement between the parties hereto with respect to the subject matter hereof, and supersedes any and all written or oral agreements with respect hereto.  This Agreement may be amended or modified only by instrument signed by both of the parties hereto.

      5.5.  <u>Rules of Construction</u>.  Grace and Landlord have each been represented by legal counsel in the preparation of this Agreement, and the rule of construction that documents be construed against the drafter shall not apply to this Agreement.

      5.6.  <u>Governing Law</u>.  The parties agree that the Bankruptcy Court has exclusive jurisdiction to enforce the provisions of this Agreement and to decide any claims or disputes which may arise or result from or be connected with this Agreement, any breach or default hereunder, or the transaction contemplated thereby.

      IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as a sealed instrument as of the day and year first above written.

W. R. GRACE & CO. – CONN.


By:  _____
      W. Brian McGowan
      Senior Vice President



FIRST NORTHERN STAR, LLC


By:  _____
      Name:
      Title:

STATE OF                              )
                                     ) SS.:
COUNTY OF                            )


        I CERTIFY as follows:

        1.  On _____, 2001, W. Brian McGowan personally appeared before me;

        2.  I was satisfied that this person is the person who executed the attached instrument as  Senior Vice President of W.R. GRACE & CO.-CONN., a Connecticut corporation; and

        3.  This person stated that he was authorized to execute the instrument on behalf of W.R. GRACE & CO.-CONN., and that he executed the instrument as the act of such corporation.


        _____

                                Notary Public of


STATE OF                              )
                                     ) SS.:
COUNTY OF                            )


        I CERTIFY as follows:

        1.  On _____, 2001, _____ personally appeared before me;

        2.  I was satisfied that this person is the person who executed the attached instrument as a manager of FIRST NORTHERN STAR, LLC, a New York limited liability company; and

        3.  This person stated that (he/she) was authorized to execute the instrument on behalf of FIRST NORTHERN STAR, LLC, and that (he/she) executed the instrument as the act of such limited liability company.


                           _____

                                A Notary Public of