IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 363 and 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME, SELL AND ASSIGN A PRIME LEASE AND THE ACCOMPANYING SUBLEASES**

Upon the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order under sections 363(b), 365(a) and 105(a) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to assume, sell and assign the Dragon Court Lease and the Subleases;[2] and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all parties-in-interest; and it being found that pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtors have cured all defaults arising under the Dragon Court Lease, the License Agreement and the Non-Disturbance Agreement; and it being found that the sale of the Dragon Court Lease, the Subleases, the License Agreement and the Non-Disturbance Agreement was entered into following arm's-length, good faith, non-collusive negotiations; and that terms and conditions of the assumption and assignment of the Dragon Court Lease, the Subleases, License Agreement and the Non-Disturbance Agreement are fair and reasonable; and that the sale of the leases to ABC pursuant to the terms set forth in the Motion, represents a good faith transaction entitled to the protection afforded by section 363(m) of the Bankruptcy Code; and that pursuant to section 365(b)(1)(C) of the Bankruptcy Code, adequate assurance of ABC's future performance under the Dragon Court Lease and the Subleases has been provided; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that subject to the payment by ABC to the Debtors pursuant to sections 363(b) and 365(a) of the Bankruptcy Code of the consideration provided for in the Motion, the assumption, sale and assignment of the Dragon Court Lease, the Subleases, the License Agreement and the Non-Disturbance Agreement is approved in all respects and the agreements shall be sold, transferred and assigned free and clear of all liens, claims, interests and encumbrances, with all such liens, claims, interests and encumbrances attaching only to the proceeds of the sale; and it is further

ORDERED that in accordance with section 365(B)(1)(A) of the Bankruptcy Code, the Debtors are hereby authorized to pay the cure amounts relating to the Subleases; and it is further

ORDERED that in accordance with section 365(f) of the Bankruptcy Code, each of the anti-assignment provisions of the Dragon Court Lease as set forth below are excised therefrom:

- Section 9 relating to the lessor's and mortgagee's right to consent to modifications or alterations of the lease premises;

- Section 17 relating to the lessor's and the mortgagee's right to consent to any assignments, subleases or successive subleases of the Dragon Court Lease, and those provisions requiring a sublessee to attorn to the lessor and the lessor's recapture rights; and

- Section 22 relating to the requirement to remove tenant alterations;

and it is further

ORDERED that in accordance with section 365(f) of the Bankruptcy Code, each of the provisions of the Non-Disturbance Agreement requiring the mortgagee's consent to the cancellation, modification, assignment, renewal, extension or amendment of the Dragon Court Lease or any other matters relating to the Dragon Court Lease are hereby excised therefrom; and it is further

ORDERED that the Debtors do not waive any claims they may have against the counterparties under the Dragon Court Lease, the Subleases, the License Agreement or the Non-Disturbance Agreement arising prior to the date of this Order, whether or not related to the agreement; and it is further

ORDERED that the counterparties to the Dragon Court Lease, the Subleases, the License Agreement and the Non-Disturbance Agreement are hereby barred from asserting any claims

against the Debtors related to the curing of defaults under section 365(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that the provisions of this Order shall be self-executing and each and every federal, state or local agency, department or governmental authority with regulatory authority over the completion of the transactions contemplated hereunder shall be directed to accept this Order as binding authority to consummate and shall be enjoined from interfering with the consummation of the transactions hereunder; and it is further

ORDERED that the making or delivery of any instrument of transfer executed in connection with the relief granted in this Order shall be deemed to be made or delivered under, in furtherance of or in connection with a chapter 11 plan of reorganization for the Debtors and, therefore, shall be exempt from taxation pursuant to section 1146(c) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that the stay of order authorizing use, sale, or lease of property provided for in Fed. R. Bank. Proc. 6004(g) shall not apply to this Order, and this Order is hereby immediately effective and enforceable; and it is further

ORDERED that the stay of order authorizing the assignment of an executory contract or unexpired lease provided for in Fed. R. Bank. Proc. 6006(d) shall not apply to this Order, and this Order is hereby immediately effective and enforceable; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____ , 2001

_____
Joseph J. Farnan, Jr.
United States District Judge