IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------x

In re:                                  Chapter 11

W.R. GRACE & Co., <u>et al.</u>,         Case No.  01-01139(JJF)
                                        (Jointly Administered)


            Debtors

---------------------------x


FOURTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JULY 1, 2001 THROUGH JULY 31, 2001)

Type of Application:  Interim ___X___       Final _____

Name of Applicant:                          FTI Policano & Manzo

Authorized to Provide Professional Services to:   The Official Committee of
                                                  Unsecured Creditors

Date of Order Authorizing Employment:       June 21, 2001

Compensation Sought:
        Application Date:        August 28, 2001
        Application Period:      July 1, 2001 through July 31, 2001


|                              | Hours | Amount      |
|------------------------------|-------|-------------|
| Professional Fees (80%)      | 223.1 | $57,591.60  |
| Expense Reimbursement (100%) |       | 3,871.54    |
| Total                        |       | $61,463.14  |

Is this a first application?  Yes _____  No _X_

FOURTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JULY 1, 2001 THROUGH JULY 31, 2001)

INDEX

APPLICATION FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES

EXHIBIT A    Affidavit of Edwin N. Ordway, Jr.

EXHIBIT B    Summary of the services performed by FTI Policano & Manzo from July
             1, 2001 through July 31, 2001

EXHIBIT C    Summary of fees by professional for the period July 1, 2001 through July
             31, 2001

EXHIBIT D    Detailed descriptions of services rendered by professional for the period
             July 1, 2001 through July 31, 2001

EXHIBIT E    Summary of expenses incurred for the period July 1, 2001 through July
             31, 2001

## APPLICATION FOR ALLOWANCE OF
## INTERIM COMPENSATION AND REIMBURSEMENT
## OF EXPENSES

**I.    Introduction**

This is the fourth application for allowance of interim compensation and reimbursement of expenses ("Fourth Interim Application") made by FTI Policano & Manzo ("FTI P&M" or "Applicant"), as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. et. al., (the "Company" or "Debtors") for the period July 1, 2001 through July 31, 2001 ("Fourth Interim Period"). In connection with this application, the Applicant submits as follows:

1. FTI P&M is a firm of financial advisors specializing in insolvency restructuring and related matters, and is an operating unit of FTI Consulting, Inc.

2. FTI P&M was retained by the Committee as Financial Advisors to the Committee pursuant to an order approved by the Court dated June 21, 2001 (the "Employment Order").

3. On May 3, 2001, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses for all professionals and committee members ("Interim Compensation Order").

4. The Interim Compensation Order requires each professional to submit monthly statements to various parties as stated in the Interim Compensation Order. These monthly statements include a detailed schedule of the services rendered and the expenses incurred for the related period, and are submitted on or about the 28th day of every month. Following a 20 day period for notice and resolution of objections, the Interim Compensation Order requires the Debtors to promptly pay (i) 80% of undisputed professional fees; and (ii) 100% of the undisputed expenses detailed in the monthly statement.

5. During the Fourth Interim Period, FTI P&M submitted the following monthly statements to the parties in the Interim Compensation Order:

| Period | Fees | Expenses |
|---|---|---|
| 7/1-7/31/01 | $71,989.50 | $3,871.54 |

6. Through the date of this Fourth Interim Application, FTI P&M has not been paid for the professional fees rendered nor the expenses incurred that were included in the monthly statements for the Fourth Interim Period.

7. FTI P&M submits this Fourth Interim Application, pursuant to Section 330 and 331 of the United States Bankruptcy Code and Bankruptcy Rule 2016, for an interim

allowance for compensation for professional services rendered to the Debtors of $57,591.60, representing 80% of fees incurred, and for the reimbursement of expenses in connection therewith of $3,871.54 for the period July 1, 2001 through July 31, 2001. To date, Applicant has not been paid for the professional services rendered nor for reimbursement of expenses.

8. During the Fourth Interim Period, the Applicant rendered professional services aggregating a total of 223.1 hours in the discharge of its duties as financial advisor and bankruptcy consultant to the Committee.

9. The Applicant believes that the interim fees applied for herein for professional services rendered in performing accounting and advisory services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtor's financial accounting resources and the results obtained. Applicant has attached to this Fourth Interim Application, as Exhibit D, a complete accounting of the time expended by professionals who worked on this matter during the Fourth Interim Period. The Applicant's work during this period has been categorized into six separate tasks, each of which is described in detail in Exhibit B. Additional task codes may be added in subsequent applications.

10. Section II below briefly discusses the history of the Company prior to its filing, issues facing the Company during the Chapter 11 period, and the major tasks performed by the Applicant during the Fourth Interim Period.

## II.    Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to an Application submitted to the Court on or about May 17, 2001, and by a Court order dated June 21, 2001, FTI P&M was retained as financial advisors for the Committee, nunc pro tunc to April 20, 2001. Since its retention, FTI P&M has continuously and vigorously pursued the Committee's interests in these cases.

3. The Debtors have represented, among other things, that: (a) the Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland; (b) The Debtors predominantly operate through two business units – Davison Chemicals and Performance Chemicals; (c) the Debtors' parent company, W.R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary, W.R. Grace & Co. – Conn. ("Grace-Conn"); (d) Grace-Conn owns

substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are Debtors and Debtors in possession in the Chapter 11 Cases.

4.     The following summary is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit D. Rather, it is merely an attempt to highlight those areas in which services were rendered to the Committee during the Compensation Period, including (i) Analysis of the Debtors' reporting and cash management systems (ii) Analysis of information relating to competitors and to other companies facing substantial asbestos litigation (iii) Financial monitoring, (iv) Meetings and phone conferences with Debtors' management and counsel and with Committee counsel, and (v) Other Matters.

5.     FTI P&M's role included the preparation and communication of various financial analyses requested by the Official Committee of Unsecured Creditors' professionals in order to assist their rapid understanding of the issues facing the Debtors.

6.     For the Compensation Period, FTI P&M seeks compensation totaling $61,463.14, representing 80% of fees incurred and 100% of expenses incurred. FTI P&M expended an aggregate of 223.1 hours, substantially all of which was expended by four professionals.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The staff of the Debtors or their advisors have been utilized where practical and prudent.

7.     In addition, FTI P&M incurred out-of-pocket expenses in connection with the rendition of the professional services described above in the sum of $3,871.54 for which FTI P&M respectfully requests reimbursement in full.  All expenses were billed at actual cost, exclusive of amortization of the cost of investment, equipment or capital outlay.  Internal charges for outgoing out-of-town facsimile transmissions were billed at $1.25 per page for domestic transmissions.  Photocopy charges were billed at actual cost for external copying and $.20 per page for internal copying.  FTI P&M believes that these charges reflect its actual out-of-pocket costs.

8.     The disbursements and expenses have been incurred in accordance with FTI P&M's normal practice by charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable FTI P&M to devote time beyond normal office hours to matters which imposed extraordinary time demands.  FTI P&M has endeavored to minimize these expenses to the fullest extent possible.

9.     FTI P&M's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost.  In addition, FTI P&M's per diem rates for professionals of comparable experience are 15% to 25% lower than its competitors, the "Big-Five" accounting firms and certain other nationally-recognized specialty firms.

10.     Because FTI P&M's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of FTI P&M's professionals, in many instances only one or two FTI P&M representatives attended meetings or conference calls or performed specific functions.

11.     Edwin N. Ordway, Jr., Managing Director in charge of this case, directed the activities of the FTI P&M team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

## III.    Summary of Fees and Expenses Incurred

12.     To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

13.     FTI P&M's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtor.

14.     In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, FTI P&M does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, FTI P&M requests reimbursement only for the amount billed to FTI P&M by such third party vendor and paid by FTI P&M to that vendor.

15.     FTI P&M's policy with respect to word processing and document preparation and handling services provided by FTI P&M employees is to bill clients by the hour for such time, but only if the employees' time is clearly and exclusively devoted to work performed for that particular client, such as for the preparation, collation and binding of a report for a client. Such services are billed to the Debtor at a rate commensurate with that which would be charged by a third party provider such as a temporaries agency.

16.     Annexed hereto as Exhibit B is a more comprehensive summary of the services performed by the Applicant during the Fourth Interim Period at the direction of the Committee and its Counsel.

17.     Annexed hereto as Exhibit C is a summary of fees by professional and by task during the Fourth Interim Period.

18.    Annexed hereto as Exhibit D are detailed descriptions of the time spent by each professional during the Fourth Interim Period.

19.    Pursuant to Rule 2016, FTI P&M states that no compensation to be received in this proceeding will be shared with any person or entity outside of FTI Policano & Manzo and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by FTI P&M on account of its accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

20.    As stated in the Affidavit of Edwin N. Ordway, Jr. annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

21.    The Debtors will give notice of the relief requested herein and of the relief requested by the other professionals in their respective applications for allowance of compensation by serving notice of this application upon all parties that have requested notice in these cases, and FTI P&M has personally served copies of the Application with exhibits to the Debtors and on the United States Trustee.

22.    WHEREFORE, the Applicant respectfully requests that this Court enter an order:

　　a.  approving the allowance of compensation for professional services rendered to the Committee during the period from July 1, 2001 through and including July 31, 2001 in the amount of $71,989.50;

　　b.  approving the reimbursement of FTI P&M's out-of-pocket expenses incurred in connection with the rendering of such services during the period from July 1, 2001 through and including July 31, 2001 in the amount of $3,871.54; and

c.  authorizing the Debtor to pay as interim compensation to FTI P&M 80% of the amount of the professional services rendered and 100% of the expenses incurred by FTI P&M during the period from July 1, 2001 through and including July 31, 2001, subject to final payment of the full amount; and

d.  granting such other and further relief as this Court may deem just and proper.

Date: _Augur 24, 2001_

FTI Policano & Manzo

By _____
      Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ  07663
(201) 843-4900

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW JERSEY )
                            ) ss:
COUNTY OF BERGEN     )

EDWIN N. ORDWAY, JR., being duly sworn, deposes and says:

1.        I am a Managing Director of FTI Policano & Manzo, ("FTI P&M"), an operating unit of FTI Consulting, Inc. ("FTI"), and I am duly authorized to make this affidavit on behalf of FTI P&M. FTI P&M provides financial consulting services for restructuring matters and has its principal office at Park 80 West Plaza I, Saddle Brook, New Jersey. FTI P&M has provided financial consulting services to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.        This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of FTI P&M's fourth monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the

-1-

period from July 1, 2001 through and including July 31, 2001 in the aggregate amount of $61,463.14.

3.      All services for which compensation is requested by FTI P&M were professional services performed for and on behalf of the Committee from July 1, 2001 through and including July 31, 2001 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any employee of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any employee thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any employee of my firm.

EDWIN N. ORDWAY, JR

Sworn to before me this
23 day of August, 2001

Notary Public

KATHIE JOZANOVIC
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 09/11/05

-2-

Exhibit B

## SUMMARY OF THE SERVICES PERFORMED BY FTI POLICANO & MANZO DURING THE FOURTH INTERIM PERIOD

**Task Code 1 - Preparation for and Participation at Creditors Committee Meetings or Conference Calls**

No Creditors Committee meetings or conference calls took place during the Fourth Interim Period.

**Task Code 2 - Issues Related to Chapter 11 Operating Issues, Such As Critical Vendor Motions, Reclamation Claims, Executory Contracts and Similar Issues** (9.9 Hours)

We discussed with and provided our advice to counsel regarding the proposed objection of the Creditors Committee to the joint motion of asbestos property damage claimants and asbestos personal injury claimants to prosecute fraudulent conveyance claims. FTI P&M also had negotiations with counsel and Debtors' professionals and management regarding confidentiality arrangements relating to FTI P&M's engagement (this was at the Debtors' request). Lastly, we prepared a Supplemental Disclosure Affidavit relating to FTI P&M's retention.

**Task Code 3 - Employee Compensation Issues**

No activity took place in this category during the Fourth Interim Period.

**Task Code 4 - Analysis of Financial Data, Including Business Plan, Projections, Forecasts, Cash Flow Forecasts and Historical Information** (132.4 Hours)

FTI P&M met with senior management to discuss and analyze historical and current operating performance by business segment. In connection therewith, FTI P&M also requested and analyzed historical financial data for purposes of developing an understanding of issues that can affect future performance. Additionally, FTI P&M developed models for estimating lenders' recoveries under various hypothetical scenarios.

**Task Code 5- Monthly Statement, Retention and Fee Application Preparation** (31.4 Hours)

This category represents the time expended during the Fourth Interim Period in preparing FTI P&M's Third Interim and First Quarterly Interim Applications for Allowance of Compensation and Reimbursement of Expenses.

**Task Code 6- Grace competitor profile analysis and analysis of other asbestos related Chapter 11 filings** (49.4 Hours)

FTI P&M prepared a financial and valuation profile of direct competitors, and additionally prepared a profile and analyses for the Committee on the background of asbestos claims and asbestos-related bankruptcies.

**Exhibit C**
**Page 1 of 2**

**W.R. GRACE & CO. ET. AL.**
Summary of Fees by Professional
For the period July 1, 2001 through July 31, 2001

| | Total Hours July | Billing Rate | Amount |
|---|---|---|---|
| E. Ordway | 6.8 | $475 | $ 3,230.00 |
| S. Cunningham | 38.1 | $405 | 15,430.50 |
| J. Schwendeman | 4.0 | $325 | 1,300.00 |
| C. MacCallum | 125.7 | $295 | 37,081.50 |
| C Whitney | 46.5 | $315 | 14,647.50 |
| M. Hakoun | 2.0 | $150 | 300.00 |
| | 223.1 | | $ 71,989.50 |

Exhibit C
Page 2 of 2

W.R. GRACE & CO. ET. AL.
Summary of Fees by Professional
For the period July 1, 2001 through July 31, 2001

| TASK CODE | TASK | E. Ordway | S. Cunningham | J. Schwendman | C. MacCallum | C. Whitney | M. Hakoun | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 1 | Meetings of Creditors | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| 2 | Chapter 11 Operating Issues | 0.3 | 2.4 | 0.0 | 6.7 | 0.5 | 0.0 | 9.9 |
| 3 | Employee Compensation Issues | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| 4 | Business Analyses | 2.5 | 34.0 | 0.0 | 51.7 | 44.2 | 0.0 | 132.4 |
| 5 | Fee Application Preparation | 2.4 | 0.3 | 0.0 | 28.7 | 0.0 | 0.0 | 31.4 |
| 6 | Competitor Profile Analysis | 1.6 | 1.4 | 4.0 | 38.6 | 1.8 | 2.0 | 49.4 |
| | TOTAL | 6.8 | 38.1 | 4.0 | 125.7 | 46.5 | 2.0 | 223.1 |

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Edwin N. Ordway, Jr.
For the period July 1, 2001 through July 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 9-Jul | 5 | Prepared fee applications. | 0.2 |
| | 4 | Read recent articles regarding Grace and asbestos issues. | 0.4 |
| 10-Jul | 2 | Organized files. | 0.2 |
| | 4 | Read and analyzed May financial data and prepared summary of items/issues to follow-up on with management at July 26th meeting. | 0.5 |
| 11-Jul | 5 | Prepared fee applications. | 0.6 |
| 16-Jul | 6 | Prepared memorandum for the Committee regarding asbestos claims, issues, etc. | 0.4 |
| 20-Jul | 6 | Prepared memorandum for the Committee regarding asbestos claims, issues, etc. | 0.3 |
| 24-Jul | 2 | Prepared supplemental affidavit applicable to our retention in these cases. | 0.1 |
| | 4 | Reviewed/prepared discussion agenda for site visit with Debtors' management. | 0 4 |
| | 4 | Read and analyzed May financial report. | 0.2 |
| 25-Jul | 5 | Reviewed/prepared fee applications. | 1 1 |
| 26-Jul | 5 | Reviewed/prepared fee applications. | 0.5 |
| | 6 | Reviewed/prepared memorandum for Committee regarding asbestos claims, issues, etc. | 0.9 |
| | 4 | Read and analyzed second quarter financial data. | 0.3 |
| 27-Jul | 4 | Read and analyzed June financial reporting package. | 0.7 |
| | | **Total Hours - July** | 6.8 |

Exhibit D

## W.R. GRACE & CO. ET. AL.
### Professional Services Rendered by Sean Cunningham
### For the period July 1, 2001 through July 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 2-Jul | 4 | Participated in conference call with Blackstone related to information checklist. Reviewed documents received to date. Discussed potential dates for Company visit. | 1.3 |
| 10-Jul | 6 | Reviewed and edited draft analysis outlining Asbestos related issues and impact on certain competitors. | 1.4 |
| 12-Jul | 2 | Discussed with counsel the position of the Unsecured Creditors' Committee regarding opposition to the motion to prosecute fraudualent conveyance claims. | 0.6 |
| 19-Jul | 2 | Reviewed Objection by Unsecured Creditors' Committee related to Asbestos Claimants Committee Fraudualent Conveyance motion. | 0.3 |
|  | 5 | Prepared information required for June fee application. | 0.3 |
|  | 4 | Analyzed historical profit and loss statements for FY 2000, First Quarter FY 2001 in preparation for site visit on July 26th and 27th. | 2.7 |
| 20-Jul | 4 | Analyzed historical profit and loss statements for FY 2000, First Quarter FY 2001 in preparation for site visit on July 26th and 27th. | 6.5 |
| 23-Jul | 4 | Revewed and analyzed May month and year-to-date internal financial statements. | 2.5 |
|  | 4 | Reviewed divisional operating performance on a pro forma basis. | 1 5 |
|  | 4 | Prepared a list of questions and additional informational requests in preparation for site visit of July 26th and 27th. | 2.5 |
| 25-Jul | 4 | Revewed and analyzed May month-end cash position and availability for filing and non-filing entities. | 2.0 |
| 26-Jul | 4 | Met with management to discuss and review: - Operating results by business segment - Proposed acquisition in Europe - Business planning process - Information request list. | 10.0 |

| | | | |
|---|---|---|---|
| 27-Jul | 4 | Participated in followup meeting at Grace with senior management to review various open informational requests and analyses pertaining to the June financial performance. | 5.0 |
| | 2 | Discussed with Blackstone, committee chairman and counsel additional confidentiality provisions related to P&M engagement as financial advisor to the Company. | 1.5 |
| | | **Total Hours - July** | 38.1 |

**Exhibit D**

### W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Jeffrey Schwendeman
For the period July 1, 2001 through July 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 12-Jul | 6 | Prepared revised analysis of litigation reserve provisions for Company and competitors. | 1.7 |
| 23-Jul | 6 | Analysis of recent news and analysts' research reports relating to the asbestos industry. | 0.9 |
| 27-Jul | 6 | Analyzed recent peer group operating results and industry economic data. | 1.4 |
| | | **Total Hours - July** | 4.0 |

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Craig MacCallum
For the period July 1, 2001 through July 31, 2001

| Date | Task Code | Description | Hours |
|---|---|---|---|
| 2-Jul | 4 | Reviewed documents provided by Company in response to information request. | 3.7 |
| | 6 | Continued with preparation of report to committee on the background of asbestos claims and asbestos-related bankruptcies. | 0.3 |
| | 4 | Reviewed and edited agenda for proposed meeting with  Debtor management. | 1 7 |
| | 4 | Analyzed May preliminary results received from the Debtors. | 1.5 |
| 3-Jul | 4 | Participated in phone call with Blackstone Group to discuss outstanding information request items and agenda, and in followup discussion with Sean Cunningham. | 1.2 |
| 5-Jul | 4 | Read DIP agreement and analyzed its provisions. | 1.8 |
| | 4 | Continued with analysis of May preliminary results received from the Company. Compared with April  and with year-to-date results for consistency and to track changes. | 2.5 |
| 6-Jul | 4 | Continued with reading and analysis of DIP agreement and its schedules. | 1.8 |
| | 6 | Continued with research for report to committee on the background of asbestos claims and asbestos-related bankruptcies. | 3.5 |
| | 4 | Prepared comparison of preliminary financial results for filiing and non-filing entities in May. | 1.6 |
| | 5 | Began compilation  of data for draft fee application for the period 6/1-6/30/01 | 2.1 |
| 9-Jul | 5 | Began preparation of draft fee application for the period 6/1-6/30/01. | 0.5 |
| 10-Jul | 5 | Began preparation of supporting schedules for draft fee application for the period 6/1-6/30/01. | 1.0 |
| 11-Jul | 5 | Continued with preparation of draft fee application for the period 6/1-6/30/01. | 1.0 |
| | 6 | Continued with research for report to committee on the background of asbestos claims and asbestos-related bankruptcies. | 3.5 |

| 12-Jul | 4 | Reviewed and analyzed DIP schedules relating to liens, guaranties, letters of credit and surety bonds. | 3.0 |
|--------|---|---|---|
| | 6 | Compiled and reviewed financial information and analyses on comparable companies. | 4.0 |
| | 6 | Continued with preparation of report to committee on the background of asbestos claims and asbestos-related bankruptcies | 2.5 |
| 13-Jul | 4 | Reviewed and analyzed DIP schedules relating to subsidiaries, affiliates and joint ventures. | 0.8 |
| | 4 | Prepared comparison of preliminary financial results for filing and non-filing entities in May. | 2.5 |
| | 5 | Continued with preparation of draft fee application for the period 6/1-6/30/01. | 2 0 |
| | 6 | Continued with review of financial information and analyses on comparable companies. | 2 7 |
| 16-Jul | 5 | Continued with preparation of supporting schedules for draft fee application for the period 6/1-6/30/01. | 1.3 |
| | 4 | Prepared writeup of significant terms of DIP. | 3.2 |
| | 6 | Continued with preparation of report to committee on the background of asbestos claims and asbestos-related bankruptcies. | 2.8 |
| | 6 | Continued with review of financial information, public filings and analyses on comparable companies. | 2.2 |
| 17-Jul | 6 | Continued with preparation of report to committee on the background of asbestos claims and asbestos-related bankruptcies. | 3.0 |
| | 5 | Began preparation of quarterly fee application for the period 4/22-6/30/01. | 3.5 |
| 18-Jul | 5 | Continued with preparation of monthly and quarterly fee applications and suporting schedules. | 5.0 |
| 19-Jul | 2 | Prepared Supplemental Affidavit and Disclosure Statement. | 2.2 |
| | 4 | Prepared lenders' recovery analysis for addition to asbestos report. | 0.8 |
| 24-Jul | 2 | Completed preparation of Supplemental Affidavit and forwarded to counsel for review and filing. | 3.5 |
| | 2 | Discussed Supplemental Affidavit with local counsel and revised based on review comments. | 1 0 |
| | 4 | Continued with preparation of lenders' recovery analysis for addition to asbestos report. | 5.0 |

| 25-Jul | 4 | Continued with preparation of lenders' recovery analysis for addition to asbestos report. | 1.2 |
| | 5 | Continued with preparation of draft fee application for the period 6/1-6/30/01. | 3.3 |
| | 6 | Prepared table of funded trusts to supplement asbestos report. | 1.5 |
| | 4 | Reviewed May operating results, questions and information requests submitted to Management, and other background material in preparation for meeting with Management. | 4.0 |
| 26-Jul | 4 | Met with management to discuss and review:<br>- Operating results by business segment<br>- Proposed acquisition in Europe<br>- Business planning process<br>- Information request list. | 3.5 |
| | 5 | Edited and revised Fee Application for for the period 6/1-6/30/01 based on review comments. | 2.2 |
| | 5 | Discussed preparation of quarterly fee application with counsel. | 0.3 |
| | 4 | Reviewed materials provided by Management relating to June operating results, balance sheet accounts, cash management and "legacy" liabilities | 3.2 |
| | 6 | Reviewed financial information, SEC reports and market valuations on comparable companies. | 1.8 |
| 27-Jul | 4 | Continued with preparation of lenders' recovery analysis for addition to asbestos report. | 1 0 |
| | 5 | Finalized monthly Fee Application for for the period 6/1-6/30/01. | 1 3 |
| | 4 | Prepared analyses of asbestos claims and liability for inclusion in the asbestos report. | 1.5 |
| | 5 | Finalized and forwarded to counsel quarterly fee application for the period 4/22-6/30/01 and affidavit. | 4.7 |
| 30-Jul | 5 | Discussed changes to Fee Application for for the period 6/1-6/30/01 with local counsel and forwarded changes. | 0.5 |
| | 4 | Continued with preparation of analyses of asbestos claims and liability for inclusion in the asbestos report. | 3.7 |
| | 6 | Prepared comparative table of enterprise values and EBITDA multiples for Grace and selected comparable companies. | 4.3 |
| 31-Jul | 4 | Prepared sensitivity analysis of lenders' recovery with respect to major parameters. | 2.5 |

| 6 | Continued with preparation of comparative table of enterprise values and EBITDA multiples for Grace and selected comparable companies. | 6.5 |

**Total Hours – July**                                                                125.7

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Christy Whitney
For the period July 1, 2001 through July 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 2-Jul | 4 | Reviewed documents provided by Company in response to information request | 7.0 |
| | 4 | Updated information request based on items received from the Company. | 2.0 |
| 3-Jul | 4 | Updated agenda for discussion with Blackstone. | 2 0 |
| | 4 | Participated in phone call with Blackstone Group to discuss outstanding information request items and agenda, and in followup discussion with Sean Cunningham. | 1.2 |
| | 6 | Reviewed asbestos-related literature and analyst reports. | 1.8 |
| 5-Jul | 4 | Reviewed asbestos-related research reports and financial models used to estimate recovery | 6 0 |
| 6-Jul | 4 | Began creating financial model used to estimate recovery. | 1.0 |
| 23-Jul | 4 | Reviewed and analyzed May monthly finanical results | 4 0 |
| | 2 | Participated in internal discussion of preference and fraudulent conveyance issues. | 0 5 |
| 25-Jul | 4 | Prepared questions for 7/26 meeting at the Company. | 2.5 |
| 26-Jul | 4 | Met with finanical personnel on site at the Company to discuss: <br> - The financial reporting process <br> - Second quarter operating results <br> - Treasury function,cash management and cash forecasts <br> - The Advanced Refining Technologies joint venture <br> - Intercompany indebtedness | 8 0 |
| 27-Jul | 4 | Met with the Treasurer on site at the Company to discuss transfer pricing | 1.3 |
| | 4 | Performed financial analysis of June quarterly reporting package. | 5.8 |
| 30-Jul | 4 | Continued financial analysis of June quarterly reporting package | 1 8 |
| | 4 | Prepared questions regarding June performance for follwup with the Company. | 1.8 |
| | | **Total Hours - July** | 46 5 |

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
### Professional Services Rendered by Matthew Hakoun
### For the period July 1, 2001 through July 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 9-Jul | 6 | Updated analysis of litigation reserve provisions for Company and competitors. | 1.5 |
| 9-Jul | 6 | Updated industry economic data and recent news articles | 0.5 |
| | | **Total Hours - July** | 2.0 |

**Exhibit E**
**Page 1 of 2**

## W.R. GRACE & CO. ET. AL.
Summary of Expenses by Type of Expense
For the period July 1, 2001 through July 31, 2001

| | | |
|---|---|---:|
| Copies: | | |
| Internal | $ | 220.20 |
| External | | - |
| Telecommunications: | | |
| Toll Charges | | 77.87 |
| Facsimile Charges | | 51.25 |
| Postage, Federal Express | | - |
| Travel Expenses: | | |
| Transportation, lodging, tolls and parking | | 2,054.82 |
| Meals | | 59.20 |
| Research Services | | 853.20 |
| Word Processing Services | | 405 00 |
| Document Preparation and Handling Services | | 150.00 |
| | | |
| Total Expenses | $ | 3,871.54 |

## W R. GRACE & CO. ET. AL.
Detail of Expenses by Type of Expense
For the period July 1, 2001 through July30, 2001

| | | | | | |
|---|---|---|---|---|---|
| Copies, Internal | Total for Month | 1,101 | pages @ $0 20/page | $ | 220 20 |
| Facsimile Charges | | 41 | pages @ $1 25/page | | 51 25 |
| Toll Charges    E Ordway | | Telephone calls | | | 77 87 |
| Postage, Federal Express | | | | | 0 00 |

| Transportation, lodging, tolls and parking | | | | |
|---|---|---|---|---|
| S Cunningham | 24-Jul | Taxi | 40 00 | |
| | 25-Jul | Taxi | 40 00 | |
| | 24-Jul | Airfare | 300 00 | |
| | 25-Jul | Lodging | 290 72 | |
| C  MacCallum | 24-Jul | Train fare | 119 00 | |
| | 25-Jul | Lodging | 135 35 | |
| | 25-Jul | Train fare | 137 00 | |
| | 25-Jul | Taxi | 30 00 | |
| C  Whitney | 3-Jul | Tolls | 12 00 | |
| | 3-Jul | Auto Rental | 199 60 | |
| | 3-Jul | Parking | 14 50 | |
| | 24-Jul | Train fare | 238 00 | |
| | 25-Jul | Lodging | 303 28 | |
| | 25-Jul | Auto Rental | 195 37 | |
| | | Subtotal | | 2 054 82 |

| Meals | 25-Jul | S Cunningham | 59 20 | |
|---|---|---|---|---|
| | | Subtotal | | 59 20 |

| Research Out-of-Pocket | | | | |
|---|---|---|---|---|
| | 1-Jul | Virtual Docket LLC | 47 00 | |
| | 27-Jul | Dow Jones | 106 20 | |
| | 31-Jul | Mealy's Asbestos Reporter | 700 00 | |
| | | Subtotal | | 853.20 |

| Word Processing Services | Hours | Rate | | |
|---|---|---|---|---|
| 8-Jul | 0 10 | $75 00 | 7.50 | |
| 15-Jul | 1 00 | $75 00 | 75.00 | |
| 22-Jul | 0 10 | $75 00 | 7 50 | |
| 31-Jul | 4 20 | $75.00 | 315 00 | |
| | | Subtotal | | 405 00 |

| Document Preparation and Handling Services | Hours | Rate | | |
|---|---|---|---|---|
| 22-Jul | 0 50 | $75 00 | 37 50 | |
| 31-Jul | 1 50 | $75 00 | 112 50 | |
| | | Subtotal | | 150 00 |

| | | | |
|---|---|---|---|
| Total Expenses | | $ | 3,871 54 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

```
-------------------------x
```
In re:                                    Chapter 11

W.R. GRACE & Co., et al.,                 Case No.  01-01139(JJF)
                                          (Jointly Administered)


                    Debtors

```
-------------------------x
```


ORDER ALLOWING FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD JULY 1, 2001 THROUGH JUNE 31, 2001)

Upon the Application, dated August 28, 2001 (the "Application"), of FTI P&M, as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") for Allowance of Interim Compensation in the amount of $57,591.60 for Actual and Necessary Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred in the amount of  $3,871.54 for the Period from July 1, 2001 through July 31, 2001 (the "Application Period"); the Court having reviewed the Application; and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334; and after notice and opportunity for a hearing to consider the Application; and upon the record and after due deliberation thereon; and due and proper notice of the Application having been given; and sufficient cause appearing therefore;

-1-

IT IS HEREBY ORDERED:

1.      The Application is GRANTED.

2.      FTI P&M is allowed interim compensation in the amount of $57,591.60 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Application Period, and reimbursement of $3,871.54 for actual, reasonable and necessary expenses incurred during the Application Period.

3.      The Debtors shall pay to FTI P&M the amount of $61,463.14, which is equal to the sum of FTI P&M's allowed compensation and expense reimbursement out of the assets of their estates.


Dated:  Wilmington, Delaware

_____ ____, 2001


_____
UNITED STATES BANKRUPTCY JUDGE