IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**VERIFIED APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS
PRODUCTS LIABILITY DEFENSE COUNSEL TO DEBTORS, FOR THE INTERIM
PERIOD FROM APRIL 2, 2001 THROUGH JULY 31, 2001**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below),

the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim

Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Reed Smith LLP ("Applicant" or

"Reed Smith"), Special Asbestos Products Liability Defense Counsel for the above-captioned

debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby

applies for an order allowing it (i) compensation in the amount of $40,583.00 for the reasonable and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

necessary legal services Reed Smith has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Reed Smith incurred in the amount of $356.92 (the "Application"), for the period from April 2, 2001, through July 31, 2001 (the "Fee Period"). In support of this Application, Reed Smith respectfully states as follows:

### Retention of and Continuing Disinterestedness of Reed Smith

1.     On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On July 19, 2001, the Debtors were authorized by the Court to retain Reed Smith as Special Asbestos Products Liability Defense Counsel, effective as of the Petition Date ("Retention Order"). This Retention Order authorizes the Debtors to compensate Reed Smith at Reed Smith's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court. On May 3, 2001 this Court entered the Interim Compensation Order, pursuant to which this Fee Application is being filed.

3.     As disclosed in the Affidavit of James J. Restivo, Jr. in Support of the Application of the Debtors to employ Reed Smith LLP as Special Defense Counsel for the Debtors in Asbestos Product Liability Actions, (the "Restivo Affidavit"), filed July 2, 2001, Reed Smith does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is

-2-

defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

     4.     Reed Smith may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Reed Smith disclosed in the Restivo Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Reed Smith will update the Restivo Affidavit when necessary and when Reed Smith becomes aware of any material new information.

     5.     This is the first application for interim compensation for services rendered that Reed Smith has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

### Reasonable and Necessary Services Rendered by Reed Smith

     6.     The Reed Smith attorneys who rendered professional services in the Chapter 11 Cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| James J. Restivo, Jr. | Partner | 30 Years | Litigation | $380.00 | 25.9 | $10,101.00 |
| Lawrence E. Flatley | Partner | 26 Years | Litigation | $340.00 | 21.8 | $7,412.00 |
| Douglas E. Cameron | Partner | 17 Years | Litigation | $325.00 | 43.8 | $14,235.00 |
| James W. Bentz | Partner | 13 Years | Litigation | $260.00 | 21.0 | $5,460.00 |
| Stephen J. DelSole | Associate | 9 Years | Litigation | $250.00 | 13.50 | $3,375.00 |

Total Fees:    $40,583.00

     7.     Each of the persons who has performed service herein has kept daily time records setting forth the services and time expended in connection herewith.

-3-

8.    The rates described above are Reed Smith's hourly rates for services of this type. Attached as <u>Exhibit A</u> is a detailed itemization and description of the services that Reed Smith rendered during the Fee Period.  Based on these rates and the services performed by each individual, the reasonable value of such services is $40,583.00 [80% = $32,466.40].  The Reed Smith attorneys expended a total of 126.00 hours for these cases during the Fee Period.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9.    Further, <u>Exhibit A</u> (a) identifies the individuals that rendered the services, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

## Actual and Necessary Expenses

10.    It is Reed Smith's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the clients case that would not have been incurred except for representation of that particular client.  It is Reed Smith's policy to charge its clients only the amount actually incurred by Reed Smith in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

-4-

11.    Reed Smith charges:  (a) $0.15 per page for duplication.  Reed Smith does not charge clients for outgoing telecopier transmissions (other than related toll charges) or for incoming telecopier transmissions.

12.    A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by Reed Smith on the Debtors' behalf during the Fee Period is attached hereto as Exhibit B.  All of these disbursements comprise the requested sum for Reed Smith's out-of-pocket expenses, totaling $356.92.

<u>**Representations**</u>

13.    Reed Smith believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

14.    Reed Smith performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15.    Reed Smith has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

16.    Pursuant to Fed. R. Bank. P. 2016(b), Reed Smith has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Reed Smith, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

17.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays.  Reed Smith reserves the right to make

further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, for the reasons set forth above, Applicant respectfully requests this Court to enter an order allowing, authorizing and directing payment of interim compensation in the amount of $40,583.00 [80% = $32,466.40] for legal services rendered on behalf of Debtors during the period:  April 2, 2001 through July 31, 2001, and reimbursement of expenses incurred during the same period in the amount of $356.92

Dated: August 28, 2001                      REED SMITH LLP

                                             __/s/  Kurt F. Gwynne_____
                                             Kurt F. Gwynne, Esquire (No. 3951)
                                             1201 Market Street, Suite 1500
                                             Wilmington, DE  19801
                                             Telephone:  (302) 778-7500
                                             Facsimile:  (302) 778-7575
                                             kgwynne@reedsmith.com

                                             and

                                             James J. Restivo, Jr.
                                             Lawrence E. Flatley
                                             Douglas E. Cameron
                                             435 Sixth Avenue
                                             Pittsburgh, PA  15219
                                             Telephone:  412.288.3131
                                             Facsimile:  412-288-3063

                                             Special Asbestos Products Liability Defense
                                             Counsel

REED SMITH LLP
PO Box 360074M
Pittsburgh, PA  15251-6074
Tax ID# 25-0749630

W.R Grace & Co.                           Invoice Number      887600
One Town Center Road                      Invoice Date      08/27/01
Boca Raton, FL   33486                    Client Number      172573

===========================================================================

Re: W. R. Grace & Co.


(60026)  Special Abestos Counsel

    Fees                              40,583.00


            TOTAL BALANCE DUE UPON RECEIPT      $ 40,583.00
                                                     =============

Exhibit "A"

REED SMITH LLP
PO Box 360074M
Pittsburgh, PA  15251-6074
Tax ID# 25-0749630

W.R Grace & Co.                          Invoice Number     887600
One Town Center Road                     Invoice Date     08/27/01
Boca Raton, FL   33486                   Client Number     172573
                                         Matter Number      60026

========================================================================

Re: (60026)  Special Abestos Counsel

FOR PROFESSIONAL SERVICES PROVIDED THROUGH JULY 31, 2001

| Date | Name | | Hours |
|------|------|------|------|
| 04/02/01 | Cameron | Prepare for and meet with J. Restivo and L. Flatley and conference call regarding Grace issues. | 1.50 |
| 04/02/01 | Flatley | With J. Restivo and T. Rea about Grace; reviewing Grace information; review Westbrook draft; with J. Restivo and D. Cameron, including conference call with B. Beber, et al. | 4.00 |
| 04/03/01 | Flatley | Review J. Restivo Grace draft | 1.50 |
| 04/04/01 | Cameron | Review Grace materials. | 1.00 |
| 04/05/01 | Cameron | Prepare for and meet with L. Flatley regarding Grace issues; review billing materials. | 2.10 |
| 04/05/01 | Flatley | With D. Cameron re; Grace proposal; revising and circulating Grace outline | 1.50 |
| 04/06/01 | Flatley | With J. Restivo; call with R. Finke re: Grace; call with D. Cameron re: Finke call | 2.50 |
| 04/10/01 | Flatley | Call with R. Finke and follow up on it. | .50 |
| 04/16/01 | Flatley | With J. Restivo re: Grace; message for B. Murphy re: Grace | .50 |

```
172573  W. R. Grace & Co.                        Invoice Number  887600
60026   Special Asbestos Counsel                 Page    2
        August 27, 2001
```

| Date | Name | | Hours |
|------|------|------|-------|
| 05/21/01 | Cameron | Organize materials for Grace bankruptcy issues and retention. | 1.80 |
| 05/21/01 | Restivo | Read new Grace bankruptcy material; meeting with J. Bentz. | 2.30 |
| 05/31/01 | Bentz | Review of bankruptcy filing material and meeting with J. Restivo re: defending attic fill claims | 1.00 |
| 05/31/01 | Cameron | Meet with J. Restivo and telephone conference with R. Finke regarding possible case management order issues; review CMO outline and telephone conference with R. Finke and J. Restivo regarding revisions to same; telephone conference with R. Finke regarding testing issues. | 2.80 |
| 05/31/01 | Restivo | Telephone conference with R. Finke and analysis of case management order. | 1.30 |
| 06/01/01 | Bentz | Preparation of motion and affidavit re: products liability defense | 3.90 |
| 06/01/01 | Flatley | With J. Restivo and D. Cameron re: Grace matters; quick review of Grace correspondence | 1.00 |
| 06/04/01 | Bentz | Preparation of Motion and affidavit re: products liability defense | .50 |
| 06/06/01 | Bentz | Review potential conflicts and preparation of motion and affidavit re: products liability defense | 2.60 |
| 06/07/01 | Bentz | Reviewing motion and affidavit regaring products liability defense per conference with J. Restivo | 2.00 |
| 06/07/01 | Restivo | Review application for approval in Grace bankruptcy | 1.00 |

172573 W. R. Grace & Co.                          Invoice Number  887600
60026  Special Asbestos Counsel                   Page   3
       August 27, 2001

| Date | Name | | Hours |
|------|------|------|-------|
| 06/09/01 | Bentz | Revising motion re: products liability defense in Grace bankruptcy | 1.50 |
| 06/11/01 | Cameron | Meet with J. Restivo and telephone conference with B. Beber regarding Grace issues for retention in bankruptcy; review Restivo Affidavit and application for appointment in bankruptcy matter. | 1.10 |
| 06/11/01 | Restivo | Telephone call with B. Beber re litigation plan | .50 |
| 06/18/01 | Restivo | Telephone conference with Beber and Finke re bankruptcy jurisdiction and subsequent call to R. Finke re same | 1.00 |
| 06/22/01 | Flatley | Call with A. Running re: Grace information with J. Bentz in response to phone message. | .80 |
| 06/25/01 | Flatley | E-mails about Grace; call with J. Restivo re: Grace; e-mails on Grace project; with S. Del Sole re: Grace project; call with K. Castel. | 1.00 |
| 06/25/01 | Restivo | Telephone call with R. Finke re attorney application and case management order | .50 |
| 06/27/01 | Flatley | With J. Restivo re: Grace | .30 |
| 06/27/01 | Restivo | Telephone conference with S. Schwartz re application to Court as Special Counsel; memo to S. Schwartz | 1.00 |
| 06/28/01 | Restivo | Grace -- review attorney submission; calls to S. Schwartz | 1.00 |
| 06/30/01 | Cameron | Review materials relating to Grace bankruptcy and retention for same; review draft memo regarding CMO. | 1.10 |

172573  W. R. Grace & Co.                          Invoice Number   887600
60026   Special Asbestos Counsel                   Page    4
        August 27, 2001


| Date | Name | | Hours |
|------|------|------|-------|

| | | | |
|------|------|------|------|
| 07/02/01 | Cameron | Meet with J. Restivo regarding Application and Affidavit; various e-mails and telephone conference with Kirkland and Ellis lawyer (S. Schwartz) regarding same; review and revise pleadings regarding same. | 2.20 |
| 07/02/01 | Restivo | Meeting with D. Cameron re application for approval and affidavit | .50 |
| 07/17/01 | Bentz | Review of Tennison action and calls to S. Schwartz; conference with J. Restivo. | .40 |
| 07/18/01 | Bentz | Review of materials provided by R. Finke. | 1.20 |
| 07/19/01 | Bentz | Review of materials forwarded by R. Finke. | 1.00 |
| 07/19/01 | Cameron | Prepare for meeting with Richard Finke and review materials from bankruptcy. | 1.20 |
| 07/19/01 | Flatley | With D. Cameron re: status; reviewing documents in preparation for R. Finke meeting. | 2.40 |
| 07/20/01 | Bentz | Meeting with R. Finke, J. Restivo, L. Flatley and D. Cameron regarding defense of attic fill cases and status of various defense efforts. | 3.30 |
| 07/20/01 | Cameron | Prepare for and attend meeting with R. Finke and Reed Smith team re:  strategy for asbestos property damage/attic insulation cases (3.9); lunch meeting with R. Finke and review Grace materials and meet with associates regarding assignment (1.9) | 5.80 |
| 07/20/01 | Flatley | Reviewing documents and preparing an agenda for R. Finke meeting (1.50); meeting to discuss strategy with R. Finke, J. Restivo, D. Cameron and J. Bentz and follow up with R. Finke, et | 5.80 |

172573 W. R. Grace & Co.                          Invoice Number  887600
60026  Special Asbestos Counsel                   Page   5
       August 27, 2001

| Date | Name | | Hours |
| -------- | ----------- | | ----- |
| | | al. (4.30) | |
| 07/20/01 | Restivo | Preparation for and strategy planning meeting with R. Finke, et al. | 4.20 |
| 07/21/01 | Cameron | Review materials from meeting with Richard Finke and prepare outline. | 1.40 |
| 07/23/01 | Cameron | Prepare for and meet with J. Restivo regarding overview of things to do and schedule meeting with bankruptcy counsel (.80); review materials provided by Richard Finke and prepare overview (1.9); telephone conference with R. Finke regarding possible meeting in Chicago (.20); meet with J. Restivo regarding open questions (.30). | 2.20 |
| 07/23/01 | Restivo | Meeting with D. Cameron re: strategic planning; begin review of all relevant pleadings and documents. | 3.70 |
| 07/24/01 | Cameron | Continue review of Bankruptcy, property damage and attic insulation materials and preparation of strategy overview. | 4.60 |
| 07/25/01 | Cameron | Review attic fill materials in preparation for strategy meetings. | 1.70 |
| 07/25/01 | Restivo | Conference re: initial review of all asbestos related bankruptcy filings and related papers. | 6.00 |
| 07/26/01 | Cameron | Review materials in preparation for meeting with J. Restivo regarding organization of defense and strategy (1.9); meet with J. Restivo regarding same (1.8); e-mails and telephone conference with R. Finke regarding meetings and information requests (.70); prepare summary of outstanding property damage claims (.90). | 5.30 |

172573  W. R. Grace & Co.                              Invoice Number  887600
60026  Special Abestos Counsel                         Page    6
       August 27, 2001

| Date | Name | | Hours |
| --- | --- | --- | --- |
| 07/26/01 | Restivo | Strategy session and planning review; memo re: same. | 2.50 |
| 07/27/01 | Bentz | Review of background brief filed with the court and materials re pending products liability litigation. | 2.00 |
| 07/27/01 | Cameron | Telephone conference with R. Finke and review materials for meeting in Chicago (1.2); review new materials received from R. Finke (i.e. informational brief, testing data) and decisions relating to expert testimony (.90); review materials relating to tremolite exposure (.70.) | 2.80 |
| 07/27/01 | DelSole | Conference with Attorney Cameron; review of Motion for Entry of Case Management Order and proposed order and case authority on vermiculite claims. | 2.50 |
| 07/27/01 | Restivo | Calls and e-mails to Shirley Pope. | .40 |
| 07/30/01 | Bentz | Review of materials re attic insulation cases and materials filed in bankruptcy court. | 1.60 |
| 07/30/01 | Cameron | Telephone conference with R. Finke and e-mails re: conference call and meeting (.3); telephone conference with J. Restivo re: same (.10); prepare outline of cases and responsibility for same (.90). | 1.30 |
| 07/30/01 | DelSole | Continued review and research of opinions and preparation of memoranda on application of Daubert with respect to plaintiff's expert testimony. | 3.00 |
| 07/31/01 | Cameron | Review documents for conference call with R. Finke and T. Hardy (1.7); review new materials received from Kirkland & Ellis and R. Finke (1.3); attend to various requests for information from Kirkland & Ellis (.90). | 3.90 |

```
172573  W. R. Grace & Co.                          Invoice Number  887600
60026  Special Asbestos Counsel                    Page    7
        August 27, 2001
```

| Date | Name | | Hours |
|------|------|---|-------|

| 07/31/01 | DelSole | Continued research and preparation of memoranda regarding Daubert issues and plaintiff's expert testimony in relation motion for case management order; conference with Attorney Cameron regarding same. | 8.00 |

```
                                             ------
                               TOTAL HOURS   126.00
```

| TIME SUMMARY | Hours | | Rate | | Value |
|--------------|-------|---|------|---|-------|
| James J. Restivo Jr. | 25.90 | at $ | 390.00 | = | 10,101.00 |
| Lawrence E. Flatley | 21.80 | at $ | 340.00 | = | 7,412.00 |
| Douglas E. Cameron | 43.80 | at $ | 325.00 | = | 14,235.00 |
| James W Bentz | 21.00 | at $ | 260.00 | = | 5,460.00 |
| Stephen J. DelSole | 13.50 | at $ | 250.00 | = | 3,375.00 |

```
                CURRENT FEES                          40,583.00


                                                    ------------
        TOTAL BALANCE DUE UPON RECEIPT              $ 40,583.00
                                                    ============
```

REED SMITH LLP
PO Box 360074M
Pittsburgh, PA  15251-6074
Tax ID# 25-0749630

W.R Grace & Co.                          Invoice Number      887600
One Town Center Road                     Invoice Date      08/27/01
Boca Raton, FL    33486                  Client Number       172573

================================================================================

Re: W. R. Grace & Co.


(60026)  Special Abestos Counsel


    Expenses                          356.92

                    TOTAL BALANCE DUE UPON RECEIPT      $ 356.92
                                                        =============

Exhibit "B"

REED SMITH LLP
PO Box 360074M
Pittsburgh, PA 15251-6074
Tax ID# 25-0749630

W.R Grace & Co.
One Town Center Road
Boca Raton, FL   33486

Invoice Number      887600
Invoice Date      08/27/01
Client Number      172573
Matter Number      60026

===============================================================================

Re: (60026)  Special Abestos Counsel


FOR COSTS ADVANCED AND EXPENSES INCURRED:

| Date | Description | Amount |
|---|---|---|
| 07/10/01 | 561-362-1533/BOCA RATON, FL/8 | 1.13 |
| 07/17/01 | 312-861-2000/CHICAGO, IL/2 | .31 |
| 07/24/01 | ATTY # 0559; 98 COPIES | 9.80 |
| 07/24/01 | ATTY # 0559; 34 COPIES | 5.10 |
| 07/24/01 | ATTY # 0559; 30 COPIES | 3.00 |
| 07/24/01 | ATTY # 0559; 130 COPIES | 13.00 |
| 07/24/01 | ATTY # 0559; 52 COPIES | 7.80 |
| 07/24/01 | ATTY # 0559; 157 COPIES | 23.55 |
| 07/24/01 | ATTY # 0559; 8 COPIES | 1.20 |
| 07/24/01 | ATTY # 0559; 2 COPIES | .30 |
| 07/24/01 | ATTY # 0559; 2 COPIES | .30 |
| 07/26/01 | ATTY # 0559; 268 COPIES | 40.20 |
| 07/27/01 | D. CAMERON 7/20/01 LUNCH W/R. FINKE | 15.98 |
| 07/27/01 | ATTY # 0559: 14 COPIES | 2.10 |
| 07/27/01 | ATTY # 0559: 5 COPIES | .75 |

```
172573 W. R. Grace & Co.                        Invoice Number  887600
60026  Special Abestos Counsel                  Page   2
       August 27, 2001
```

```
07/27/01   ATTY # 0559; 73 COPIES                      10.95

07/27/01   ATTY # 0559; 1673 COPIES                   167.30

07/27/01   ATTY # 0559; 38 COPIES                       5.70

07/27/01   ATTY # 0559; 99 COPIES                      14.85

07/27/01   ATTY # 0559; 336 COPIES                     33.60

                        CURRENT EXPENSES                356.92
                                                      ------------
             TOTAL BALANCE DUE UPON RECEIPT           $ 356.92
                                                      =============
```