# EXHIBIT B

**PITNEY, HARDIN, KIPP & SZUCH**
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(201) 966-6300

Robert G. Rose (RR 7824)

Attorneys for Defendants
W.R. Grace & Co. - Conn.
W.R. Grace, Ltd.
and ECARG, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Interfaith Community Organization, Lawrence Baker, Martha Webb Herring Margaret Web, Rev. Winston Clarke and Margarita Navas,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>AlliedSignal Inc., Roned Realty of Jersey City, Roned Realty of Union City, W.R. Grace & Co., ECARG, Inc. and W.R. Grace, Ltd.,<br><br>　　　　　　Defendants. | HONORABLE ALFRED J. LECHNER<br><br>Civil Action No. 2:95cv02097<br><br>**ANSWER AND CROSS CLAIMS OF DEFENDANTS W.R. GRACE & CO. - CONN., W.R. GRACE, LTD. and ECARG, INC.**<br><br>**CERTIFICATE OF SERVICE** |

Defendants W.R. Grace & Co., presently known as W.R. Grace & Co. - Conn., W.R. Grace, Ltd. and ECARG, Inc. (hereinafter collectively "Grace"), through their attorneys Pitney, Hardin, Kipp & Szuch, by way of answer to the Amended Complaint, say:

53220A30042996

## INTRODUCTION

1. Grace denies the allegations contained in paragraph 1 and refers to the allegations contained in the Amended Complaint for its contents thereof.

2. Grace denies the substantive allegations contained in paragraph 2 and refers to the applicable statutes for their contents thereof. Grace denies plaintiff's entitlement to the relief in the Amended Complaint.

### Definitions

3. - 8. The allegations contained in paragraphs 3 to 8 require no response since no substantive allegations are contained therein. To the extent that said paragraphs may be otherwise construed, Grace denies any and all allegations which are directed against it.

### Jurisdiction and Venue

9. Grace denies that this Court has subject matter jurisdiction of the claim brought under RCRA as set forth in the First Claim of the Amended Complaint. All other claims have been dismissed by Order of April 25, 1996 and require no answer.

10. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

   a. Grace denies the allegations contained in paragraph 10.a.

  b.-c. The allegations contained in paragraphs 10.b. and 10.c. have been dismissed by Order of April 25, 1996 and require no answer.

11. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

  a. Grace denies the allegations contained in paragraph 11.a.

  b.-c. The allegations contained in paragraphs 11.b. and 11.c. have been dismissed by Order of April 25, 1996 and require no answer.

12. Grace admits that it received a notice pursuant to the purported authority of the cited statutes and Grace refers to the notice for the allegations contained therein. Grace denies all substantive allegations contained therein.

  a. Grace denies the allegations contained in paragraph 12.a.

  b.-c. The allegations contained in paragraphs 12.b. and 12.c. have been dismissed by Order of April 25, 1996 and require no answer.

13. In so far as the allegations contained in paragraph 13 have been dismissed by Order of April 25, 1996, Grace makes no answer. Grace admits that more than 90 days passed since it was served with plaintiffs' notice. Grace denies the substantive allegations contained in the notice.

14. In so far as the allegations contained in paragraph 14 have been dismissed by Order of April 25, 1996, Grace makes no answer. Grace admits that more than 90 days passed since it was served with plaintiffs' notice. Grace denies the substantive allegations contained in the notice.

15. The allegations contained in paragraph 15 have been dismissed by Order of April 25, 1996 and require no answer.

16. The allegations contained in paragraph 16 have been dismissed by Order of April 25, 1996 and require no answer.

17. The allegations contained in paragraph 17 have been dismissed by Order of April 25, 1996 and require no answer.

18. Grace admits that venue is proper in the District of New Jersey.

### PARTIES

#### Plaintiffs

19. - 37. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19 through 37.

#### Defendants

38. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Grace admits the allegations contained in paragraph 41 except that from and after 1986, defendant W.R. Grace & Co. was renamed W.R. Grace & Co. - Conn., a corporation of the State of Connecticut with a principal place of business in Boca Raton, Florida.

42. Grace admits the allegations contained in paragraph 42.

43. Grace admits each of the allegations contained in paragraph 43 except it denies that it is an "operator" as that term is used by plaintiffs herein and that from and after 1986, W.R. Grace & Co. - Conn. was the successor, by name change, to W.R. Grace & Co.

44. Grace admits each of the allegations contained in paragraph 44 except it denies that it is an "operator" as that term is used by plaintiffs herein, and that from and after 1986, W.R. Grace & Co. - Conn. was the successor, by name change, to W.R. Grace & Co.

45. Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

## FACTS

46. - 54.   Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 46 through 54.

55. - 66.   Grace makes no response to the allegations contained in paragraphs 55 through 66 in as much as said allegations are not directed against Grace.

67.   Grace denies the allegations contained in paragraph 67 except to admit that sampling and analysis was conducted in 1983.

68.   Grace denies the allegations contained in paragraph 68 except to admit that since 1983 it has been aware of the presence of chromium bearing materials which were placed on its property by predecessors in title and for which it was not responsible.

69. - 70.   Grace makes no response to the allegations contained in paragraphs 69 and 70 in as much as said allegations are not directed against Grace.

## CLAIMS

### FIRST CLAIM

71.   Grace neither admits nor denies the allegations contained in paragraph 71 and refers to the full text of the statute cited for its language therein.

72.  Grace denies the allegations contained in paragraph 72 in so far as they are directed against Grace except to admit that Grace has been a former or present owner of certain portions of the Roosevelt Drive-In Site and Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at the other defendants.

73.  Grace denies the allegations contained in paragraph 73.

74.  Grace denies the allegations contained in paragraph 74 in so far as they are directed against Grace and Grace is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at the other defendants.

## SECOND CLAIM

75. - 79.  The allegations contained in paragraphs 75 through 79 have been dismissed by Order of April 25, 1996 and require no Answer.

## THIRD CLAIM

80. - 84.  The allegations contained in paragraphs 80 through 84 have been dismissed by Order of April 25, 1996 and require no answer.

## RELIEF

A. - I.  Plaintiffs are not entitled to any relief sought pursuant to the Second and Third Claims since said Claims have been dismissed pursuant to Order of April 25, 1996. Grace denies

that there is any factual and/or legal basis for the relief sought against Grace pursuant to the First Claim.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Amended Complaint, as modified by the Order of April 25, 1996, fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

This Court lacks subject matter jurisdiction of the First Claim in the Amended Complaint pursuant to the statutory preclusions as set forth in RCRA, 42 U.S.C. §6972(b)(2)(B)(iv) and §6972(b)(2)(C)(iii).

### THIRD SEPARATE DEFENSE

The First Claim in the Amended Complaint does not set forth a legally cognizable "case" or "controversy" and must be dismissed because such claim is not ripe for adjudication.

### FOURTH SEPARATE DEFENSE

There is no "imminent and substantial hazard" within the meaning of RCRA, 42 U.S.C. §6973(a) at the Roosevelt Drive-In Site.

### FIFTH SEPARATE DEFENSE

The injuries or damage alleged in the Amended Complaint were not caused by the Grace defendants but instead, are the responsibility of other parties or persons.

### SIXTH SEPARATE DEFENSE

Plaintiffs have suffered no lawfully cognizable injury as a result of their alleged exposure to contamination at the Roosevelt Drive-In Site and lack standing to bring this citizen's suit.

### SEVENTH SEPARATE DEFENSE

The chromium contamination as alleged in the Amended Complaint was not caused by any acts or omissions of the Grace defendants.

### EIGHTH SEPARATE DEFENSE

Plaintiffs are estopped from pursuing the First Claim in the Amended Complaint pursuant to the doctrine of laches.

WHEREFORE, the Grace defendants demand judgment against Plaintiff dismissing the Amended Complaint, together with costs of suit.

## CROSS CLAIMS

## COMMON LAW INDEMNIFICATION

While the Grace defendants deny an liability, to the extent that the Grace defendants may be found liable, for any damages in this action in any respect, which liability the Grace defendants specifically deny, such liability is imputed, vicarious and secondary and is the responsibility of defendant AlliedSignal Inc. whose liability is primary and direct and the Grace defendants are therefore entitled to common law indemnification from defendant AlliedSignal Inc. for any damages adjudged against the Grace defendants.

## CONTRIBUTION

While the Grace defendants deny any liability, to the extent that the Grace defendants may be found liable, for any damages in this action in any respect, which liability the Grace defendants specifically deny, the Grace defendants are entitled to contribution from the defendants AlliedSignal Inc., Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. pursuant to the statutory contribution laws of the State of New Jersey.

PITNEY, HARDIN, KIPP & SZUCH
Attorneys for W.R. Grace & Co. - Conn.,
W.R. Grace, Ltd. and ECARG, Inc.

By: _____
ROBERT G. ROSE
A Member of the Firm

DATED: May 10, 1996

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within Answer and Cross Claims of Defendants W.R. Grace & Co. - Conn., W.R. Grace, Ltd. and ECARG, Inc. was filed with the Clerk of the Court and was served upon counsel by regular mail, postage prepaid at Morristown, New Jersey within the time provided by the Federal Rules of Civil Procedure:

        Eric A. Bilsky, Esq.
        Terris, Pravlik & Wagner
        1121 12th Street, N.W.
        Washington, DC 20005

        Timo    Haley, Esq.
        80 Pa
        Montclair, NJ 07042

        James Stewart, Esq.
        Lowenstein, Sandler, Kohl, Fisher & Baylor
        65 Livingston Avenue
        Roseland, NJ 07068

        Edward Lloyd, Esq.
        15 Washington Street
        Room 334
        Newark, NJ 07102

                                ROBERT G. ROSE

DATED: May 10, 1996