# EXHIBIT C



ORIGINAL FILED

. . . 0 2

WILLIAM T. WALSH, CLERK

RGR 7824

PITNEY, HARDIN, KIPP & SZUCH
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(201) 966-6300

Attorneys For Defendants
W.R. Grace & Co., W.R. Grace, Ltd., and Ecarg, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al, | HONORABLE Joseph A. Greenaway, Jr. Civil Action No. 2:95CV02097 |
| Plaintiffs, | |
| v. | **AMENDED CROSSCLAIMS ON BEHALF OF DEFENDANTS W.R. GRACE & CO., W.R. GRACE, LTD., AND ECARG, INC. AGAINST DEFENDANT ALLIEDSIGNAL INC.** |
| ALLIEDSIGNAL INC., et al, | |
| Defendants. | |

Defendants, W.R. Grace & Co., W.R. Grace, Ltd. and Ecarg, Inc., by way of Amended Crossclaims against the Defendant, AlliedSignal Inc., say:

138528A01010297

## FACTS

1. Ecarg, Inc. is the owner of property located 425 Route 440, Jersey City, New Jersey, Lots 14H and 14J, Block 1290A on the Jersey City tax map (the "Property"). Ecarg, Inc. is a wholly owned subsidiary of W.R. Grace & Co. (collectively "Grace").

2. Defendant, AlliedSignal is a former owner and operator of the Property through its subsidiaries and its predecessors including the Mutual Chemical Company of America, Allied Corporation and Allied Chemical Corporation (collectively "AlliedSignal").

3. AlliedSignal owned and operated a chromate plant at the Property until it ceased operations and sold the Property in 1954.

4. The processes used by AlliedSignal generated chromium bearing waste which was discharged at the Property.

5. On information and belief, AlliedSignal continued to discharge chromium bearing waste at the Property until 1954.

6. Grace never discharged any chromium bearing waste at the Property.

7. AlliedSignal has accepted responsibility for the chromium bearing waste at the Property.

8. AlliedSignal completed interim remedial measures at the Property in 1989.

9. In addition, AlliedSignal has entered into an ACO on June 17, 1993 with the New Jersey Department of Environmental Protection to remediate the Property along with 17 other sites contaminated with chromium bearing waste from AlliedSignals' operations.

## FIRST COUNT - CERCLA LIABILITY

10. Grace repeats and makes a part hereof the allegations contained in paragraphs 1 through 9 of these Crossclaims.

11. AlliedSignal is a "person" within the meaning of §§101(21) and 107(a) of CERCLA, 42 U.S. §§9601(21) and 9607(a).

12. The Property is a "facility" within the meaning of Section 107(a) of CERCLA, 42 U.S.C. §9607(a), from which there has been a release or a threatened release of "Hazardous Substances," as those substances are defined in CERCLA.

13. AlliedSignal owned and/or operated the Property at times when Hazardous Substances were discharged, and is thereby liable, pursuant to §107(a)(2) of CERCLA, 42 U.S.C. §9607(a)(2), for all response costs.

14. As a result of the actions of AlliedSignal, a "release" or "threatened release," as those terms are defined in §101(22) of CERCLA, 42 U.S.C. §9601(22), of Hazardous Substances has occurred and is continuing to occur at the Property.

15. As a result of the release or threatened release of such Hazardous Substances, Grace, for purposes of §107(a) of CERCLA, 42 U.S.C. §9607(a), will incur necessary response costs in a manner which is consistent with the National Contingency Plan.

16. Pursuant to §107(a) of CERCLA, 42 U.S.C. §9607(a), AlliedSignal is liable for all response costs incurred by Grace in connection with the Property.

WHEREFORE, pursuant to §107(a) of CERCLA, 42 U.S.C. §9607(a), Grace demands that a declaratory judgment be entered against AlliedSignal for response costs and for all damages that Grace may incur, together with interest, attorneys fees, and costs of suit.

### SECOND COUNT - CERCLA CONTRIBUTION

17. Grace repeats and makes a part hereof the allegations contained in paragraphs 1 through 16 of these Crossclaims.

18. Section 113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under Section 9607(a) of this title, during or following any civil action under ... §9607(a) of this title."

19. Pursuant to §113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1), AlliedSignal is a person who is liable under §107(a) of CERCLA, 42 U.S.C. §9607(a).

WHEREFORE, pursuant to §113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1), Grace demands judgment be entered against AlliedSignal for response costs and for all damages that Grace may incur, together with interest, attorneys fees, and costs of suit.

### THIRD COUNT - SPILL ACT CONTRIBUTION

20. Grace repeats and makes a part hereof the allegations contained in paragraphs 1 through 19 of these Crossclaims.

138528A01010297                                 4

21. The Spill Act provides that "[a]ny person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable ... for all cleanup and removal costs no matter by whom incurred." N.J.S.A. 58:10-23.11g.c.

22. The Spill Act also provides that "[w]henever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other discharges and persons in any way responsible for a discharged hazardous substance who are liable for the cost of the cleanup and removal of that discharge of a hazardous substance." N.J.S.A. 58:10-23.11f.a.

23. Grace will or may incur future costs for the cleanup and removal of the discharge of hazardous substances at and from the Property, and is thus entitled to seek contribution from AlliedSignal.

24. AlliedSignal is a discharger or person in any way responsible for discharged hazardous substances at the Property, and is thus liable for the costs of the cleanup and removal of that discharge of hazardous substances.

WHEREFORE, Grace demands judgment against AlliedSignal pursuant to the Spill Act, N.J.S.A. 58:10-23.11f.a., for all costs incurred for the cleanup, investigation and removal of any and all hazardous substances at the Property, together with interest and costs of suit.

### FOURTH COUNT - STRICT LIABILITY

25. Grace repeats and makes a part hereof the allegations contained in paragraphs 1 through 24 of these Crossclaims.

26. The handling, storage, and/or disposal of contaminants on the Property by AlliedSignal constituted abnormally dangerous activities for which AlliedSignal is strictly liable to Grace for the resulting discharges and/or release of contaminants at and from the Property.

27. Grace has been injured as a result of the abnormally dangerous activities that: (a) resulted in the discharge and/or release of contaminants at and from the Property; (b) caused Grace to incur costs to investigate and remediate the Property; (c) subjects Grace to potential liability to the EPA, the DEP, and/or third parties for damage, injury, and/or future costs to investigate and remediate the contamination at, and within the immediate vicinity of Property; and (d) has diminished the value of the Property.

WHEREFORE, Grace demands judgment against AlliedSignal for all of its injuries and damages, together with interest, and costs of suit.

### FIFTH COUNT - NEGLIGENCE

28. Grace repeats and makes a part hereof the allegations contained in paragraphs 1 through 27 of these Crossclaims.

29. AlliedSignal owed a duty to Grace to repair and maintain the Property in good order and condition, and to handle, store, treat, dispose of, discharge, or manage any contaminants at the Property in such a manner as to prevent any harm or injury to public health and welfare, the environment, or to Grace, by controlling and preventing the discharge and/or release, or threat of discharge and/or release, of contaminants at and from the Property.

30. AlliedSignal was negligent in its operation, repair, and maintenance of the Property, including its failure to address the contamination at and from the Property.

31. The negligence of AlliedSignal has proximately caused injury to Grace by causing it to incur costs for investigating and remediating the discharge and/or release of contaminants at and from the Property, as well as future costs for investigating and remediating contamination at the Property. The negligence of AlliedSignal has also proximately caused injury to Grace in the form of diminution in value of the Property.

WHEREFORE, Grace demands judgment against AlliedSignal for all of its injuries and damages, together with interest, and costs of suit.

### SIXTH COUNT - NUISANCE

32. Grace repeats and makes a part hereof the allegations contained in paragraphs 1 through 31 of these Crossclaims.

33. AlliedSignal created and negligently permitted to remain on the Property a defective and artificial condition, i.e., contaminants in excessive amounts, which involved unreasonable risks of harm to others, and to the groundwater at and in the vicinity of the Property.

34. As owners, Grace has a legitimate possessory right in the Property.

35. As a proximate result of the artificial condition created and negligently maintained by AlliedSignal, the Property was contaminated and damaged, thereby significantly interfering with Grace's possessory right.

36. As a proximate result of the artificial condition created and negligently maintained by AlliedSignal, the groundwater in the immediate vicinity of the Property was contaminated and damaged, thereby significantly interfering with a right common to the public.

37. AlliedSignal thereby created a private and/or public nuisance at the Property, and is strictly and primarily liable to abate same.

38. Grace has suffered damages, and may in the future suffer additional damages, in connection with abating a nuisance created by AlliedSignal.

WHEREFORE, Grace demands judgment against AlliedSignal for all of its injuries and damages, together with interest, and costs of suit.

### SEVENTH COUNT - COMMON LAW INDEMNIFICATION

39. While the Grace defendants deny any liability, to the extent that the Grace defendants may be found liable to plaintiffs, for any damages in this action in any respect, which liability the Grace defendants specifically deny, such liability is imputed, vicarious and secondary and is the responsibility of defendant AlliedSignal Inc. whose liability is primary and direct and the Grace defendants are therefore entitled to common law indemnification from defendant AlliedSignal Inc. for any damages adjudged against the Grace defendants.

### EIGHTH COUNT - CONTRIBUTION

40. While the Grace defendants deny any liability, to the extent that the Grace defendants may be found liable to plaintiffs, for any damages in this action in any respect, which liability the Grace defendants specifically deny, the Grace defendants are entitled to contribution

from the defendants AlliedSignal Inc., Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. pursuant to the statutory contribution laws of the State of New Jersey.

>PITNEY, HARDIN, KIPP & SZUCH
>Attorneys for Defendants
>W.R. Grace & Co., W.R. Grace, Ltd.
>ECARG, Inc.
>
>BY: _____
>ROBERT G. ROSE
>A Member of the Firm

DATED: January 2, 1997

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within Amended Crossclaims on Behalf of Defendants W.R. Grace & Co., W.R. Grace, Ltd., and Ecarg, Inc. against Defendant AlliedSignal Inc. was served by hand delivery upon the Clerk of the United States District Court, District of New Jersey, Federal Court House in Newark and via overnight mail to the following counsel:

> David Bookbinder, Esq.
> Terris, Pravlik & Wagner
> 1121 12th Street, N.W.
> Washington, DC  20005
>
> James Stewart, Esq.
> Lowenstein, Sandler, Kohl, Fisher & Boylan
> 65 Livingston Avenue
> Roseland, NJ  07068
>
> Timothy S. Haley, Esq.
> 80 Park Street
> Montclair, NJ  07042
>
> Edward Lloyd, Esq.
> 15 Washington Street
> Room 334
> Newark, NJ  07102

EVAN M. TURTZ

DATED: January 2, 1997

## CERTIFICATION

I hereby certify that the Amended Crossclaims on behalf of defendants W.R. Grace & Co., W.R. Grace, Ltd. and Ecarg, Inc. against defendant AlliedSignal Inc. were filed within the time permitted by the Honorable Joseph A. Greenaway, Jr.'s Consent Order of December 13, 1996.

_____
EVAN M. TURTZ

DATED: January 2, 1997