# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INTERFAITH COMMUNITY )
ORGANIZATION, et al. )
)
Plaintiffs, ) HON. JOSEPH A. GREENAWAY
)
v. ) CIVIL NO. 95-2097
)
ALLIEDSIGNAL, INC., et al. )
Defendants. )
_____)

JAN 29 1997
AT 8:30 .................. M
WILLIAM T. WALSH
CLERK

ORDER

WHEREAS, this action concerns the effects on human health and the environment posed by contaminants present at the Roosevelt Drive In site in Jersey City, NJ (the "Site"), and

WHEREAS defendant AlliedSignal, Inc. ("Allied") has entered into an Administrative Consent Order ("ACO") with the New Jersey Department of Environmental Protection concerning the Site, and

WHEREAS defendants Allied, W.R Grace, Ltd., W.R. Grace & Co., Ecarg, Inc., Roned Realty of Jersey City, Inc., and Roned Realty of Union City, Inc. ("defendants") have requested that the Court stay discovery in this action during the pendency of the ACO, and

WHEREAS the Court has read the parties' submissions, and heard argument on this issue, and

WHEREAS defendants have stated that they are willing to respond to limited discovery in this matter, and

WHEREAS Allied has stated that, in accordance with the terms of its "Draft Study Area Specific Work Plan, Remedial Investigation/Feasibility Study -- Study Area 6", dated December 1994 (the "Work Plan"), Allied will begin its Remedial Investigation ("RI") of the Site by April 1, 1997, and

WHEREAS Allied has stated that it will complete (a) the "Field Investigation" and "Sample Analysis" phases of the RI by July 1, 1997, (b) the "Data Validation" phase of the RI by August 1, 1997, and (c) the "Data Evaluation" phase of the RI by October 1, 1997, and

WHEREAS Allied has stated that, with the exception of the start and completion dates for each of these phases of the RI, each of these four phases will be performed as called for by the Work Plan, the "Final Master Grouping and Scheduling Plan", dated April, 1994, and the "Final Master Project Operations Plan", dated April, 1994, (including, without limitation, the "Master Field Sampling and Analysis Plan" and the "Master Quality Assurance Project Plan"),

IT IS THEREFORE ORDERED THAT:

1. Discovery among the parties in this action is stayed pending further order of the Court, except that defendants shall respond to all document requests concerning (a) the Remedial Investigation, (b) the physical conditions and characteristics of the Site including, without limitation, the quantity and nature of all contaminants, including all solid or hazardous waste, present at the Site or which may have originated at the Site, and the effects these contaminants may have, are having or have had on human health and the environment; (c) each defendant's status as a "generator" of such contaminants, solid waste, or hazardous waste, including each defendant's liability for the acts of any predecessor "generator"; and (d) each defendant's status as an "owner or operator" of the Site, including each defendant's

2

liability for the acts of any predecessor "owner or operator". Discovery as against non-parties is not affected by this Order.

2. Plaintiffs' depositions as to the issues covered by paragraph 1 shall be limited only insofar as they may take no more than one deposition of each defendant as to the issues described in paragraph 1(c) and no more than one deposition of each defendant as to the issues described in paragraph 1(d).

3. If plaintiffs wish to conduct additional discovery of any party, they shall meet and confer with that party. If the parties cannot resolve the matter, plaintiffs may seek leave of the court to conduct such additional discovery.

3. Defendants shall give plaintiffs and their experts access to the Site upon reasonable notice.

4. Allied shall complete (a) the "Field Investigation" and "Sample Analysis" phases of the RI by July 1, 1997, (b) the "Data Validation" phase of the RI by August 1, 1997, and (c) the "Data Evaluation" phase of the RI by October 1, 1997. To the extent that documents relating to any of these phases of the RI are created or received by Allied during the RI, Allied shall promptly produce all such documents to plaintiffs, and in no event any later than ten days after that phase of the Work Plan has been completed.

5. The Court will conduct a telephone status conference on this matter on Monday, June 23, 1997 at 4:00 pm.

JOSEPH A. GREENAWAY, JR
UNITED STATES DISTRICT JUDGE

3

Copies to:

    Timothy S. Haley, Esq.
    80 Park Street
    Montclair, NJ 07042

    Robert Rose, Esq.
    Pitney, Hardin, Kipp & Szuch
    P.O. Box 1945
    Morristown, NJ 07962-1945

    James Stewart, Esq.
    Lowenstein, Sandler, Kohl, Fisher & Boylan
    65 Livingston Avenue
    Roseland, NJ 07068-1791

    David Bookbinder, Esq.
    Carolyn S. Pravlik, Esq.
    Terris, Pravlik & Wagner
    1121 12th St., NW
    Washington, DC 20005

    Edward Lloyd, Esq.
    15 Washington Street
    Room 334
    Newark, NJ 07102