# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

INTERFAITH COMMUNITY
ORGANIZATION, et al.,

Plaintiffs,

-vs.-

HONEYWELL INTERNATIONAL INC., et al,

Defendants.

Civil Action No. 95-2097 (JAG)

**DEFENDANT HONEYWELL
INTERNATIONAL INC.'S ANSWER TO
THIRD AMENDED CROSSCLAIMS OF
THE GRACE DEFENDANTS AND
HONEYWELL INTERNATIONAL INC.'S
CROSSCLAIMS AGAINST ALL OTHER
DEFENDANTS**

Defendant Honeywell International Inc. ("Honeywell" or "defendant"), by and through

its attorneys, hereby responds to the Third Amended Crossclaims of defendants W.R. Grace &

Co., W.R. Grace Ltd. and ECARG, Inc. (collectively "the Grace defendants") as follows:

## NATURE OF ACTION.

1.      Except that Honeywell admits that the Grace defendants are seeking certain relief

against it in this action, Honeywell denies all other allegations set forth in paragraph 1 of this

section of the Third Amended Crossclaims of the Grace defendants.

## JURISDICTION AND VENUE.

2.      Except that Honeywell admits that the Court has jurisdiction over certain of the

Grace defendants' claims and that requisite notice has been given prior to the institution of those

claims, Honeywell denies all other allegations set forth in paragraph 2 of this section of the Third

Amended Crossclaims of the Grace defendants.

3.    Honeywell admits the allegations set forth in paragraph 3 of this section of the Third Amended Crossclaims of the Grace defendants.

4.    Except that Honeywell admits that the Court has jurisdiction over certain of the Grace defendants' claims and that requisite notice has been given prior to the institution of those claims, Honeywell denies all other allegations set forth in paragraph 4 of this section of the Third Amended Crossclaims of the Grace defendants.

5.    Honeywell admits the allegations set forth in paragraph 5 of this section of the Third Amended Crossclaims of the Grace defendants.

6.    Except that Honeywell admits that venue is proper, Honeywell denies all other allegations set forth in paragraph 6 of this section of the Third Amended Crossclaims of the Grace defendants.

## PARTIES.

7.    Upon information and belief, Honeywell admits the allegations set forth in paragraph 7 of this section of the Third Amended Crossclaims of the Grace defendants.

8.    Honeywell admits the allegations set forth in paragraph 8 of this section of the Third Amended Crossclaims of the Grace defendants.

9.    Honeywell denies the allegations set forth in paragraph 9 of this section of the Third Amended Crossclaims of the Grace defendants.

## THE SITE.

10.    Honeywell admits the allegations set forth in paragraph 10 of this section of the Third Amended Crossclaims of the Grace defendants.

11.    Except that Honeywell admits that Mutual operated a facility adjoining the site for a period of time prior to June 1954 and that it generated certain wastes containing chromium, Honeywell denies all other allegations set forth in paragraph 11 of this section of the Third Amended Crossclaims of the Grace defendants.

12.    Except that Honeywell admits that Mutual transported certain waste containing chromium to the site, Honeywell denies all other allegations set forth in paragraph 12 of this section of the Third Amended Crossclaims of the Grace defendants.

13.    Except that Honeywell admits that the site has certain waste containing chromium, Honeywell denies the allegations set forth in paragraph 13 of this section of the Third Amended Crossclaims of the Grace defendants.

14.    Honeywell denies the allegations set forth in paragraph 14 of this section of the Third Amended Crossclaims of the Grace defendants.

15.    Honeywell denies the allegations set forth in paragraph 15 of this section of the Third Amended Crossclaims of the Grace defendants.

### HONEYWELL HAS FAILED TO CONDUCT A CLEAN-UP.

16.    Honeywell denies the allegations set forth in paragraph 16 of this section of the Third Amended Crossclaims of the Grace defendants.

17.    Except that Honeywell admits that a directive was issued to Allied Corporation on or about December 2, 1998 -- the terms of which speak for itself, Honeywell denies all other allegations set forth in paragraph 17 of this section of the Third Amended Crossclaims of the Grace defendants.

18.    Except that Honeywell admits that a directive was issued to AlliedSignal Inc. on or about April 4, 1991 -- the terms of which speak for themselves, Honeywell denies all other allegations set forth in paragraph 18 of this section of the Third Amended Crossclaims of the Grace defendants.

19.    Except that Honeywell admits that AlliedSignal, Inc. entered into an Administrative Consent Order on or about June 17, 1993 -- the terms of which speak for themselves, Honeywell denies all other allegations set forth in paragraph 19 of this section of the Third Amended Crossclaims of the Grace defendants.

20.    Honeywell denies the allegations set forth in paragraph 20 of this section of the Third Amended Crossclaims of the Grace defendants.

21.    Honeywell denies the allegations set forth in paragraph 21 of this section of the Third Amended Crossclaims of the Grace defendants.

**COUNT ONE**
**(Injunctive Relief Under RCRA)**

22.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

23.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 23 of the First Count of the Third Amended Crossclaims of the Grace defendants.

24.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 24 of the First Count of the Third Amended Crossclaims of the Grace defendants.

25.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 25 of the First Count of the Third Amended Crossclaims of the Grace defendants.

26.    Honeywell denies the allegations set forth in paragraph 26 of the First Count of the Third Amended Crossclaims of the Grace defendants.

27.    Honeywell denies the allegations set forth in paragraph 27 of the First Count of the Third Amended Crossclaims of the Grace defendants.

28.    Honeywell denies the allegations set forth in paragraph 28 of the First Count of the Third Amended Crossclaims of the Grace defendants.

## COUNT TWO
### (Cost Recovery Under CERCLA §107)

29.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

30.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 30 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

31.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 31 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

32.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 32 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

33.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 33 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

34.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 34 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

35.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 35 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

36.    To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 36 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

37.    Honeywell denies the allegations set forth in paragraph 37 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

38.    Honeywell denies the allegations set forth in paragraph 38 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

39.    Honeywell denies the allegations set forth in paragraph 39 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

40.    Honeywell denies the allegations set forth in paragraph 40 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

41.    Honeywell denies the allegations set forth in paragraph 41 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

42.     Honeywell denies the allegations set forth in paragraph 42 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

43.     Honeywell denies the allegations set forth in paragraph 43 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

44.     Honeywell denies the allegations set forth in paragraph 44 of the Second Count of the Third Amended Crossclaims of the Grace defendants.

## COUNT THREE
### (Contribution Under CERCLA §113)

45.     Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

46.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 46 of the Third Count of the Third Amended Crossclaims of the Grace defendants.

47.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 47 of the Third Count of the Third Amended Crossclaims of the Grace defendants.

48.     Honeywell denies the allegations set forth in paragraph 48 of the Third Count of the Third Amended Crossclaims of the Grace defendants.

49.     Honeywell denies the allegations set forth in paragraph 49 of the Third Count of the Third Amended Crossclaims of the Grace defendants.

50.     Honeywell denies the allegations set forth in paragraph 50 of the Third Count of the Third Amended Crossclaims of the Grace defendants.

## COUNT FOUR
### (Contribution Under New Jersey Spill Act)

51.     Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

52.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 52 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

53.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 53 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

54.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 54 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

55.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 55 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

56.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 56 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

57.     To the extent this paragraph contains any allegations which require a response, Honeywell denies the allegations set forth in paragraph 57 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

58.    Honeywell denies the allegations set forth in paragraph 58 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

59.    Honeywell denies the allegations set forth in paragraph 59 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

60.    Honeywell denies the allegations set forth in paragraph 60 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

61.    Honeywell denies the allegations set forth in paragraph 61 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

62.    Honeywell denies the allegations set forth in paragraph 62 of the Fourth Count of the Third Amended Crossclaims of the Grace defendants.

## COUNT FIVE
### (Common Law Strict Liability)

63.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

64.    Honeywell denies the allegations set forth in paragraph 64 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

65.    Honeywell denies the allegations set forth in paragraph 65 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

66.    Honeywell denies the allegations set forth in paragraph 66 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

67.    Honeywell denies the allegations set forth in paragraph 67 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

68.     Honeywell denies the allegations set forth in paragraph 68 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

69.     Honeywell denies the allegations set forth in paragraph 69 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

70.     Honeywell denies the allegations set forth in paragraph 70 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

71.     Honeywell denies the allegations set forth in paragraph 71 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

72.     Honeywell denies the allegations set forth in paragraph 72 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

73.     Honeywell denies the allegations set forth in paragraph 73 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

74.     Honeywell denies the allegations set forth in paragraph 74 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

75.     Honeywell denies the allegations set forth in paragraph 75 of the Fifth Count of the Third Amended Crossclaims of the Grace defendants.

## COUNT SIX
### (Common Law Nuisance)

76.     Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

77.     Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 77 of Count Six of the Third Amended Crossclaims.

78.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 78 of Count Six of the Third Amended Crossclaims.

79.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 79 of Count Six of the Third Amended Crossclaims.

80.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 80 of Count Six of the Third Amended Crossclaims.

81.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 81 of Count Six of the Third Amended Crossclaims.

82.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 82 of Count Six of the Third Amended Crossclaims.

83.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 83 of Count Six of the Third Amended Crossclaims.

84.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 84 of Count Six of the Third Amended Crossclaims.

85.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 85 of Count Six of the Third Amended Crossclaims.

86.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 86 of Count Six of the Third Amended Crossclaims.

87.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 87 of Count Six of the Third Amended Crossclaims.

88.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 88 of Count Six of the Third Amended Crossclaims.

89.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 89 of Count Six of the Third Amended Crossclaims.

90.    Since this Count was dismissed by Order dated September 29, 2000, Honeywell does not respond to the allegations set forth in paragraph 90 of Count Six of the Third Amended Crossclaims.

### COUNT SEVEN
### (Common Law Negligence)

91.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

92.    Honeywell denies the allegations set forth in paragraph 92 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

93.    Honeywell denies the allegations set forth in paragraph 93 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

94.    Honeywell denies the allegations set forth in paragraph 94 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

95.    Honeywell denies the allegations set forth in paragraph 95 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

96.    Honeywell denies the allegations set forth in paragraph 96 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

97.    Honeywell denies the allegations set forth in paragraph 97 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

98.    Honeywell denies the allegations set forth in paragraph 98 of Count Seven of the Third Amended Crossclaims of the Grace defendants.

## COUNT EIGHT
### (Breach Of License Agreement)

99.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

100.    Honeywell admits the allegations set forth in paragraph 100 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

101.    Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 101 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

102.   Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 102 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

103.   Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 103 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

104.   Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 104 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

105.   Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 105 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

106.   Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 106 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

107.   Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 107 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

108.   Honeywell denies the allegations set forth in paragraph 108 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

109.   Honeywell denies the allegations set forth in paragraph 109 of Count Eight of the Third Amended Crossclaims of the Grace defendants.

## COUNT NINE
### (Anticipatory Breach Of License Agreement)

110.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

111.    Except that the terms of the Licensing Agreement speak for themselves, Honeywell denies the allegations set forth in paragraph 111 of Count Nine of the Third Amended Crossclaims of the Grace defendants.

112.    Honeywell denies the allegations set forth in paragraph 112 of Count Nine of the Third Amended Crossclaims of the Grace defendants.

113.    Honeywell denies the allegations set forth in paragraph 113 of Count Nine of the Third Amended Crossclaims of the Grace defendants.

114.    Honeywell denies the allegations set forth in paragraph 114 of Count Nine of the Third Amended Crossclaims of the Grace defendants.

## COUNT TEN
### (Common Law Indemnification)

115.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

116.    Honeywell denies the allegations set forth in paragraph 116 of Count Ten of the Third Amended Crossclaims of the Grace defendants.

117.    Honeywell denies the allegations set forth in paragraph 117 of Count Ten of the Third Amended Crossclaims of the Grace defendants.

## COUNT ELEVEN
### (Contribution Under New Jersey Law)

118.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

119.    Honeywell denies the allegations set forth in paragraph 119 of Count Nine of the Third Amended Crossclaims of the Grace defendants.

## COUNT TWELVE
### (Declaratory Judgment)

120.    Honeywell repeats and realleges each and every response set forth in the preceding paragraph as if set forth at length herein.

121.    Honeywell denies the allegations set forth in paragraph 121 of Count Twelve of the Third Amended Crossclaims of the Grace defendants.

122.    Honeywell denies the allegations set forth in paragraph 122 of Count Twelve of the Third Amended Crossclaims of the Grace defendants.

123.    Honeywell denies the allegations set forth in paragraph 123 of Count Twelve of the Third Amended Crossclaims of the Grace defendants.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Grace defendants fail to state a claim against Honeywell upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Grace defendants have failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over certain claims against Honeywell.

### FOURTH AFFIRMATIVE DEFENSE

The Grace defendants' claims, in part or in whole, are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Grace defendants' damages, if any, are the result of actions of third parties over whom Honeywell has no control.

### SIXTH AFFIRMATIVE DEFENSE

The Grace defendants are barred from recovery against Honeywell because its negligence is greater than the negligence, if any, of Honeywell.

### SEVENTH AFFIRMATIVE DEFENSE

The Grace defendants' alleged injuries or damages were not caused by any product or substance manufactured by or otherwise the responsibility of Honeywell.

### EIGHTH AFFIRMATIVE DEFENSE

Without admitting any liability, if it is determined that Honeywell engaged in any of the activities alleged in the Third Amended Crossclaims, the Grace defendants are in pari delicto and, accordingly, may not recover against Honeywell.

### NINTH AFFIRMATIVE DEFENSE

The Grace defendants assumed all risks associated with the property at issue.

### TENTH AFFIRMATIVE DEFENSE

Any damages or injuries suffered by the Grace defendants, which is denied, were caused by the intervening and/or superseding acts of third parties over whom Honeywell had no control or right of control, and not by the acts or omissions of Honeywell.

### ELEVENTH AFFIRMATIVE DEFENSE

Honeywell exercised all necessary due care.

## TWELFTH AFFIRMATIVE DEFENSE

The other defendants in this case are independent entities over whom Honeywell had no power or authority to control, and Honeywell is not responsible or liable for the acts or omissions of those defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Honeywell is not responsible or liable for any acts or omissions undertaken by or at the direction of the Grace defendants over whom Honeywell exercised no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

Honeywell's activities, if any, as alleged in the Third Amended Crossclaims, were not abnormally dangerous activities, because a high degree of risk of harm to persons, land or chattels of others did not exist, there was no likelihood that harm resulting from the activity would be great, the activity was a matter of common usage in the industry and trade in which Honeywell was engaged, the activity was appropriate to the place where it was carried on, and the value of the activity outweighed any dangerous attributes of the activity.

## FIFTEENTH AFFIRMATIVE DEFENSE.

Honeywell owed no duty to the Grace defendants with respect to the subject matter of the Third Amended Crossclaims.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Third Amended Crossclaims against Honeywell is barred, or recovery from Honeywell must be reduced or eliminated, by general equitable principals, including the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Grace defendants failed to comply with all notification requirements of CERCLA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Grace defendants' response costs, if any, were not consistent with the National Contingency Plan.

## NINETEENTH AFFIRMATIVE DEFENSE

The Grace defendants' response costs, if any, were not incurred because of a release or threatened release of hazardous substances by Honeywell.

## TWENTIETH AFFIRMATIVE DEFENSE

Strict liability against Honeywell is inappropriate based on the facts as set forth in the Third Amended Crossclaims and the activities that Honeywell conducted at the property at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Grace defendants lack standing to assert the claims at issue against Honeywell.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Honeywell's contribution to the alleged harm at issue, if any, was de minimis.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

No act or omission of Honeywell caused the Grace defendants to incur any damage.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Grace defendants failed to mitigate their damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Grace defendants' claims are barred for failure to join necessary and indispensable parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event Honeywell is held either individually or collectively responsible for any acts alleged in the Third Amended Crossclaims and affirmative relief is granted against Honeywell, Honeywell's liability should be proportionately limited to its contribution to the alleged problems and/or hazards taking into account the contribution and/or negligence of the other parties and/or other persons, including defendants, the Grace defendants and/or other third parties, who contributed to the alleged problems and/or hazards.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Without admitting liability, in the event that Honeywell is held responsible for any of the alleged harm set forth in the Third Amended Crossclaims, and any affirmative releases granted against Honeywell, Honeywell demands contribution under the Uniform Contribution Among Joint Tortfeasors Act, the Comparative Negligent Act, the Comprehensive Environmental Responses Compensation and Liability Act, the New Jersey Spill Compensation and Control Act, and any other relevant provisions of federal or state law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims asserted against Honeywell are barred because the Grace defendants failed to comply with all statutory conditions precedent to any right to bring these claims, including, but not limited to acting in a manner which: (1) is cost effective, (2) does not involve reasonable expenditures, (3) is necessary to protect the public health, welfare and environment, and (4) is consistent with the National Contingency Plan, and with other requirements set forth in 42 U.S.C. §9601, et seq. and/or other applicable laws or regulations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The actions and plans of the Grace defendants with respect to the property at issue are arbitrary and capricious, and therefore costs and/or expenses resulting from those actions cannot be recovered.

## THIRTIETH AFFIRMATIVE DEFENSE

Any claims for joint and several liability are barred because to the extent any harm exists, that harm is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The response costs allegedly incurred by the Grace defendants are not necessary costs of response within the meaning of CERCLA §101(23), (24) and (25), 42 U.S.C. §9601(23), (24) and (25).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Honeywell is not liable by reason of the defenses provided in 42 U.S.C. §9607.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Honeywell denies it is liable for any claims arising out of the property at issue, but in the event it is found liable, Honeywell is entitled to an off-set against any such liability on its part for the greatest of:  (1)  any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the Third Amended Crossclaim; (2)  any amount stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Third Amended Crossclaims; or (3)  the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Third Amended Crossclaims.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Third Amended Crossclaims against Honeywell on the basis of alleged joint and several liability are barred or limited because:  (1)  the acts and omissions of all other parties were separate and distinct from those, if any, of Honeywell; (2)  neither the common law nor any federal or state statute renders Honeywell jointly and severally liable for the acts or omissions of other parties; (3)  defendants and the Grace defendants are liable for all or a portion of the relief they seek, and (4)  the injury, harm and costs that are subject of the Third Amended Crossclaims are reasonably capable of apportionment.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent any of the costs allegedly incurred by the Grace defendants represent indirect costs, they are not recoverable under 42 U.S.C. §9601 et seq.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the claims asserted in the Third Amended Crossclaims are for loss or damage to natural resources, those claims are not authorized by CERCLA. To the extent the

damages alleged occurred wholly before the enactment of CERCLA, and pursuant to provisions of CERCLA §107(f); 42 U.S.C. §9607(f), Honeywell cannot be liable under CERCLA §107(a)(c), 42 U.S.C. §9607(a)(c), for those damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Honeywell's activities at the property at issue were consistent with the state of the art and industry practice at that time, and otherwise was in compliance with prevailing legal requirements; accordingly, Honeywell cannot be held responsible for any alleged adverse impact on the public health and welfare or environment that may have occurred.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Honeywell's activities at the property at issue did not constitute or contribute to any portion of the alleged problems and/or hazards at the property.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The Grace defendants' claims are barred by the Due Process Clause of the constitution, which prevents the retroactive imposition of joint and several liability to acts and omissions of Honeywell that were in compliance with applicable state and federal laws and regulations in effect at the time such acts and omissions allegedly occurred.

## FORTIETH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Honeywell violate the Due Process Clause of the Constitution.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Any claims for punitive damages against Honeywell fail to plead sufficient facts in support of such a claim.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Honeywell adopts by reference all other defenses that are or have been asserted by other defendants in this action regardless of whether such defenses are inconsistent with the allegations or defenses set forth herein.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Honeywell reserves the right to add additional defenses as discovery reveals are appropriate.

**WHEREFORE,** defendant Honeywell International Inc. demands judgment against defendants W.R. Grace & Co., W.R. Grace, Ltd. and ECARG, Inc. to including the following relief:

1.  dismissal with prejudice of all claims set forth in the Third Amended Crossclaims;

2.  costs;

3.  attorneys fees;

4.  all other relief that the Court deems just and appropriate.

Respectfully submitted,

**LOWENSTEIN SANDLER, P.C.**
A Professional Corporation
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
Attorneys for Defendant
Honeywell International Inc.

Dated: November 13, 2000

By: _David W. Field_
David W. Field (DWF 2775)

## CROSSCLAIMS.

Defendant Honeywell International Inc. by way of Crossclaims against defendants W.R. Grace & Co., W.R. Grace, Ltd., and ECARG, Inc. and Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. (collectively "the other defendants") hereby says:

## FACTUAL BACKGROUND.

## PARTIES.

1.    Honeywell is a Delaware corporation.

2.    Upon information and belief, defendant W.R. Grace Ltd. is a foreign corporation, defendant W.R. Grace & Co. is a Delaware corporation and defendant ECARG, Inc. is a New Jersey corporation. (W.R. Grace, Ltd., W.R. Grace & co. and ECARG Inc. Are collectively referred to as "the Grace defendants".)

3.    Upon information and belief, defendants Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. are New Jersey corporations. (Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. are collectively referred to as "the Roned defendants".)

4.    The Site is located on Route 440 in Jersey City, New Jersey. It is currently owned by ECARG, Inc. and the Roned defendants. Upon information and belief, it was owned in the past at various times by all of the Grace defendants.

5.    Chromium contamination is present at the Site.

6.    On or about December 2, 1988, the NJDEP issued a directive to Alled Corporation requiring it to undertake various Interim Remedial Measures to address the Chromium Contamination at the Site.

7.    On or about April 4, 1991, the NJDEP issued another directive to AlliedSignal Inc. naming it as a party that was responsible for the chromium contamination at

the Site, assessing a civil penalty, and requiring it to fund a Remedial Investigation/ Feasibility Study of the chromium contamination at the Site.

8.   On or about June 17, 1993, AlliedSignal Inc. entered into an Administrative Consent Order ("ACO") with the NJDEP regarding the Site. The ACO required Honeywell to pay a civil penalty and conduct an investigation and feasibility study of the Chromium Contamination at the Site.

9.   Honeywell is responsible for AlliedSignal Inc.'s obligations under the Administrative Consent Order.

10.   The Grace defendants and/or the Roned defendants have refused to participate in the investigation and/or remediation of the Site.

## COUNT I
## (INJUNCTIVE RELIEF UNDER RCRA)

1.   Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

2.   Section § 7002(a 1)(B) of RCRA, 42 U.S.C. § 6972((a)(1)(B), provides that any person may commence a civil action for injunctive relief against any person who has contributed or is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

3.   While Honeywell has denied that the Site presents an imminent and substantial endangerment to human health and the environment, if it does or may present such an endangerment, then, as owners of the Site, the Grace defendants and the Roned defendants are contributing to such endangerment.

4.   The Grace defendants and Roned defendants are responsible for abating the endangerment.

## COUNT II
## (CONTRIBUTION UNDER CERCLA § 113)

5.    Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

6.    Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), any person may seek contribution from any other person who is liable or potentially liable under CERCLA § 107(a), 42 U.S.C. § 9607(a), for costs of response that are incurred in connection with a release or threatened release of a hazardous substance at a facility.

7.    Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), a person falling under one of the categories of potentially responsible persons set forth in CERCLA §§ 107(a)(1)-(a)(4), 42 U.S.C. §§ 9607(a)(l)-(a)(4), is strictly and jointly and severally liable for all necessary costs of response incurred by any other person consistent with the National Contingency Plan ("NCP") at a facility where there have been releases or threatened releases of hazardous substances.

8.    Pursuant to CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2), any person who owns or operates any facility at which there is a release or threatened release of hazardous substances is strictly liable for all response costs that are incurred by any other person at the facility.

9.    As owners, the Grace defendants and Roned defendants are liable under CERCLA §107, 42 U.s.C. §9607(a) and, therefore, liable in contribution to Honeywell under CERCLA §113(f), 42 U.S.C. §9613(f) for all necessary costs of response incurred consistent with the NCP at the Site.

## COUNT III
## (CONTRIBUTION UNDER THE NJ. SPILL ACT)

10.    Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

11.    The Spill Act provides that "[a]ny person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable... for all cleanup and removal costs no matter by whom incurred." N.JS.A. § 58:10-23.1 l.g.c.l.

12.     The Spill Act also provides that "[w]henever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance who are liable for the cost of the cleanup and removal of that discharge of a hazardous substance." N.J.S.A. § 58:10-23.1112.

13.     The Grace defendants and the Roned defendants are "persons" in any way responsible as defined in N.J.S.A. § 58:10-23.1 1b and N.J.A.C. § 7:1E-1.6.

14.     Honeywell is legally responsible for all liabilities and obligations of Mutual, including all of Mutual's liabilities and obligations relating to the Site.

15.     Chromium is a "hazardous substance" as defined in NJ.S.A § 58:10-23.1 1b and N.J.A.C. § 7:1E-1.7 and § 7:1E-10, Appx. A.

16.     The Site is a "facility" within the meaning of N.J.A.C. § 7:1 E-1.6.

17.     Honeywell has incurred costs of cleanup and removal in connection with discharges of hazardous substances at the Site.

18.     The Grace defendants and Roned defendants are liable in contribution to Honeywell for its cleanup and removal costs pursuant to N.J.S.A. 58:10-23.11.

### COUNT V
### (COMMON LAW INDEMNIFICATION)

19.     Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20.     While Honeywell denies any liability for the chromium contamination at and near the Site, to the extent that Honeywell may be found liable to plaintiffs for any costs or damages in this action, such liability would be imputed, vicarious, secondary, and the sole responsibility of the other defendants, whose liability is primary and direct.

## COUNT VI
### (CONTRIBUTION UNDER NEW JERSEY LAW)

21.    Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

22.    While Honeywell denies any liability for the chromium contamination at and near the Site, to the extent that Honeywell may be found liable to plaintiffs as a joint tort-feasor for any costs or damages in this action, such liability would be imputed, vicarious, secondary, and the sole responsibility of the other defendants, whose liability is primary and direct.

**WHEREFORE,** defendant Honeywell International, Inc. demands judgment against defendants W.R. Grace & Co., W.R. Grace, Ltd., ECARG, Inc., Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. to include the following relief:

1.    Injunctive relief under RCRA

2.    compensatory damages and contribution;

3.    costs;

4.    attorneys fees; and

5.    such other and further relief as to the Court appears just.

Respectfully submitted,

**LOWENSTEIN SANDLER, P.C.**
A Professional Corporation
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
Attorneys for Defendant
Honeywell International Inc.

Dated: November 13, 2000

By: _David W. Field_
David W. Field (DWF 2775)

-28-