# EXHIBIT K

David W. Field (DWF 2775)
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068-1791
(973) 597-2500



JAN 24 2001

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

INTERFAITH COMMUNITY
ORGANIZATION, et al.,

        Plaintiffs,

-vs-

HONEYWELL INTERNATIONAL
INC., et al,

        Defendants.

Civil Action No. 95-2097 (DMC)

## AMENDED CROSS-CLAIMS

    Defendant/Cross-Claimant Honeywell International Inc. ("Honeywell"), by way of Amended Cross-Claims against Defendants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively "the Grace Defendants"), and Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. (collectively "the Roned Defendants"), hereby says:

## NATURE OF ACTION

    1.    Honeywell lodges these cross-claims against the Grace Defendants and the Roned Defendants seeking declaratory relief and recovery of all costs and damages that Honeywell has incurred and will incur as a result of the defendants and their predecessors-in-interest handling, or arranging for the storage, transportation, treatment and/or disposal of wastes or hazardous substances containing chromium at or near the former Roosevelt Drive-In site on Route 440 in Jersey City, New Jersey (the "Site"). In Counts I and II, Honeywell seeks recovery from the Grace Defendants and the Roned Defendants pursuant to Section 113 of the Comprehensive

A3629/65
01/24/01 946060.01

Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §6913 and Section 23.11(f)(2) of the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. §58:10-23.11f.a(2), of all response costs, cleanup costs and other recoverable costs and damages Honeywell has incurred and will incur as a result of the defendants and their predecessors-in-interest actions and omissions concerning wastes and/or hazardous substances containing chromium at the Site.  In Count III, Honeywell seeks contribution from the Grace Defendants and the Roned Defendants under New Jersey law for any damages that may be assessed against Honeywell in this action.  In Count IV, Honeywell seeks a declaratory ruling that the Grace Defendants and the Roned Defendants are liable under CERCLA, and New Jersey statutory and common law for all costs and damages that Honeywell will incur in the future as a result of the defendants and their predecessors-in-interest actions and omissions concerning wastes and/or hazardous substances containing chromium at the site.

## JURISDICTION AND VENUE

2.      In this matter, the Grace Defendants have filed cross-claims against Honeywell pursuant to Section 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. §6972(a)(1)(B), Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613 and various state statutory, common law and contractual claims.

3.      The Cross-Claims asserted herein against the Grace Defendants and the Roned Defendants arise out of the same transactions and occurrences that are the subject matter of the Grace Defendants' Third-Amended Cross-Claims, Plaintiffs' Amended Complaint and Roned Defendants' Cross-Claims filed in this action.

4.      This Court has jurisdiction over the Grace Defendants and the Roned Defendants because, *inter alia*, they have entered general appearances in this action.  This Court has subject matter jurisdiction over Honeywell's CERCLA claim in Count I pursuant to 42 U.S.C. § 9613 and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Counts II, III, IV, and V pursuant to 28 U.S.C. § 1367 because each of these claims arises out of the same set of operative

facts, and thus forms part of the same case or controversy as Honeywell's CERCLA claim in Count I.

5.      Venue is appropriate pursuant to 42 U.S.C. § 9613(b) because the Site is located within this judicial district, the alleged releases and/or threatened release of hazardous substances have occurred and/or are threatened to occur in this district.

## PARTIES

6.      Honeywell is a Delaware corporation.

7.      Upon information and belief, Defendant W.R Grace Ltd. is a foreign corporation, Defendant W.R. Grace & Co. is a Delaware corporation and Defendant ECARG, Inc. is a New Jersey corporation.

8.      Upon information and belief, Defendants Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. are New Jersey corporations.

## FACTUAL BACKGROUND

9.      Mutual Chemical Company of America ("Mutual") operated a facility adjoining the Site prior to 1954 and generated certain wastes containing chromium.  Prior to 1954, Mutual transported wastes containing chromium to the Site.

10.      Amy Joy Realty Corporation ("Amy Joy") is a New Jersey corporation which, in 1954, purchased the Site from Mutual.  General Cinema Corporation ("General Cinema") is, on information and belief, a Massachusetts corporation which succeeded, by merger, to the debts, obligations and liabilities of Amy Joy sometime after 1965.

11.      Goodrich Associates ("Goodrich"), a New York partnership, in 1965 leased from Amy Joy approximately 14.7 acres of the Site.

12.      Diana Stores Corporation ("Diana"), a New York Corporation, in 1965 entered into a sublease with Goodrich for the construction and operation of a retail store on a portion of the Site.  Diana and Goodrich subsequently entered into a joint venture agreement in 1967 covering the groundlease and sublease for the Site.  On information and belief, during

construction and on subsequent dates, Goodrich and Diana arranged for the disposal of hazardous substances, including wastes containing chromium, at the Site.

13.    Goodrich Building Corp. ("Goodrich Building"), a New York Corporation, constructed and reconstructed the retail store at the Site.  On information and belief, during the construction and reconstruction of the retail store, Goodrich Building arranged for the disposal of hazardous substances, including wastes containing chromium, at the Site.

14.    At all relevant times, on information and belief, Goodrich Building was under the control of Goodrich.  Goodrich is responsible for the debts, obligations and liabilities of Goodrich Building relating to the Site.

15.    As a joint venture partner with Goodrich, Diana is responsible for the debts, obligations and liabilities of Goodrich relating to the Site.

16.    Great Eastern of Jersey City, Inc. ("Great Eastern"), a New Jersey corporation, on information and belief, is a successor-in-interest to Diana and is responsible for the debts, obligations and liabilities of Diana.  Great Eastern had a leasehold interest in the Site and operated a retail store at the Site.  On information and belief, during its operation of the Site, Great Eastern arranged for the disposal of hazardous substances, including wastes containing chromium, at the Site.

17.    On information and belief, Daylin, Inc. ("Daylin"), a Delaware Corporation, was at all relevant times the parent corporation and/or successor-in-interest to Diana and Great Eastern.  Based on its control of Diana and Great Eastern, Daylin is responsible for the debts, obligations and liabilities of Diana and Great Eastern.

18.    Daylin operated the retail store at the Site.  On information and belief, during its operation of the Site, Daylin arranged for the disposal of hazardous substances, including wastes containing chromium, at the Site.

19.    In 1979, defendant W.R. Grace & Co., a Connecticut Corporation, by merger, acquired Daylin.  On information and belief, as a result of the merger, Daylin became a subsidiary

of W.R. Grace & Co. On information and belief, in 1979, Daylin merged with Channel Home Centers, Inc. with Daylin the surviving corporation.

20.    On information and belief, in 1981, Daylin arranged for Lewis Feil to acquire the Site from General Cinema and then purchased the Site from Lewis Feil. On information and belief, during the period of its ownership, Daylin arranged for the disposal of hazardous substances, including wastes containing chromium, at the Site.

21.    In 1982, Daylin changed its name to Grace Retail Corporation. On information and belief, in a 1986 leverage buyout, Grace Retail Corporation merged with Channel Merger Company. Grace Retail Corporation, the surviving corporation, changed its name to Channel Home Centers, Inc. On information and belief, under the merger agreement, W.R. Grace & Co. remains responsible for the debts, obligations and liabilities relating to the Site.

22.    On information and belief, in 1992, Channel Home Centers, Inc. changed its name to Channel Holdings, Inc. and, in 1994, transferred ownership of the Site to Channel Home Centers Realty Corporation. Channel Home Centers Realty Corporation then transferred ownership of the Site to ECARG, Inc. ("ECARG"). ECARG is a successor-in-interest to Diana, Great Eastern, Daylin and Grace Retail Corporation, and as such is responsible for the debts, obligations and liabilities of Diana, Great Eastern, Daylin, Grace Retail Corporation, Goodrich and Goodrich Building relating to the Site.

23.    Defendant W.R. Grace & Company, a New York corporation, is the parent corporation of ECARG and was the parent corporation of Daylin and Grace Retail Corporation, and based on its control of these companies during the relevant time period, is responsible for the debts, obligations and liabilities of Diana, Great Eastern, Daylin, Grace Retail Corporation, Goodrich, Goodrich Building and ECARG relating to the Site.

24.    Roned Realty of Jersey City, Inc. or Roned Realty of Union City, Inc. is the owner and operator of a portion of the Site designated as lot 14D in Tax Block 1290A, Jersey City, New Jersey.

25.    On or about December 2, 1988, the New Jersey Department of Environmental Protection ("NJDEP") issued a directive to AlliedSignal Inc. ("AlliedSignal") requiring it to undertake various Interim Remedial Measures to address the chromium contamination at the Site.

26.    On or about April 4, 1991, the NJDEP issued another directive to AlliedSignal naming it as a party that was responsible for chromium contamination at the Site, assessing a civil penalty, and requiring it to fund a Remedial Investigation/ Feasibility Study of chromium contamination at the Site.

27.    On or about June 17, 1993, AlliedSignal entered into an Administrative Consent Order ("ACO") with the NJDEP regarding the Site.  The ACO required AlliedSignal to pay a civil penalty and conduct an investigation and feasibility study of chromium contamination at the Site.

28.    On or about December 1, 1999, Allied Signal Inc. changed its name to Honeywell International Inc.

29.    The Grace Defendants and the Roned Defendants and their predecessors-in-interest have handled, stored, transported, treated and/or disposed of or arranged for the transportation, treatment, storage or disposal of hazardous substances and/or wastes containing chromium at the Site, failed to exercise due care in handling, storing, transporting, treating, and for disposing of wastes containing chromium at the Site, and refused to assist and interfered with Honeywell's investigation and remediation of wastes containing chromium at the site.

30.    The Grace Defendants and the Roned Defendants' refusal to participate in and intentional interference with Honeywell's investigation and remediation of the Site has caused and will continue to cause Honeywell to incur substantial costs and damages.

## COUNT I
## (CONTRIBUTION UNDER CERCLA § 113)

31.    Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32.     While Honeywell has denied liability for the claims set forth in Plaintiffs' Amended Complaint, the Grace Defendants' Third Amended Cross-Claims and the Roned Defendants' Cross-Claims, Honeywell pleads as follows in the alternative.

33.     Pursuant to CERCLA §113(f), 42 U.S.C. §9613(f), any person may seek contribution from any other person who is liable or potentially liable under CERCLA §107(a), 42 U.S.C. §9607(a), for costs of response that are incurred in connection with a release or threatened release of a hazardous substance at a facility.

34.     Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), a person falling under one of the categories of potentially responsible persons set forth in CERCLA §§ 107(a)(1)-(a)(4), 42 U.S.C. §§ 9607(a) (1)-(a) (4), is strictly and jointly and severally liable for all necessary costs of response incurred by any other person consistent with the NCP at a facility where there have been releases or threatened releases of hazardous substances.

35.     Pursuant to CERCLA § 107(a)(1), 42 U.S.C. § 9607(a)(1), the owner and/or operator of a facility is strictly liable for all response costs that are incurred by any other person at the Facility.

36.     Pursuant to CERCLA § 107 (a)(2), 42 U.S.C. § 9607 (a)(2), any person who owns or operates any facility at which there is a release or threatened release of hazardous substances is strictly liable for all response costs that are incurred by any other person at the facility.

37.     The Grace Defendants and Roned Defendants are "persons" as defined in CERCLA §101(21), 42 U.S.C. §9601(21).

38.     The Site is a "facility" as defined in CERCLA §101(9), 42 U.S.C. §9601(9).

39.     The wastes containing chromium located at the Site are a "hazardous substance" as defined in CERCLA §101(14), 42 U.S.C. §9601(14).

40.     There have been "releases" and/or "threatened releases" of hazardous substances at and/or from the Site within the meaning of CERCLA §§ 101(14) and (22), 42 U.S.C. §§9601(14) and (22).

41.    The Grace Defendants and their predecessors-in-interest owned and operated the Site at the time hazardous substances were disposed of at the Site.

42.    ECARG currently owns and operates the Site.

43.    The Roned Defendants and their predecessors-in-interest owned and operated the Site at the time hazardous substances were disposed of at the Site.

44.    The Roned Defendants currently own and operate the Site.

45.    Pursuant to CERCLA §107(a), 42 U.S.C. §9607(a), the Grace Defendants and the Roned Defendants are persons that are liable or potentially liable for the costs of response that Honeywell has incurred and will incur at the Site.

46.    Honeywell has incurred, and will continue to incur, costs of response that are consistent with the National Contingency Plan ("NCP") in connection with releases and/or threatened releases of wastes containing chromium and other hazardous substances at the Site.

47.    As owners and operators of the Site and successors-in-interest to the former owners and operators of the Site, the Grace Defendants and the Roned Defendants are liable under CERCLA § 107, 42 U.S.C. §9607 (a) and, therefore, liable in contribution to Honeywell under CERCLA §113(f), 42 U.S.C. §9613(f) for all necessary costs of response incurred consistent with the NCP at the Site.

WHEREFORE, Honeywell demands judgment for an award of contribution from the Grace Defendants and the Roned Defendants pursuant to CERCLA §113(f), 42 U.S.C. §9613, for:

(i)    all past costs of response that Honeywell has incurred consistent with the NCP in connection with the Site;

(ii)    all future costs of response that Honeywell will incur consistent with the NCP in connection with the Site;

(iii)    attorneys' fees and costs;

(iv)    interest; and

(v)    such other relief as the Court may deem appropriate and just.

-8-

## COUNT II
## (CONTRIBUTION UNDER THE NJ. SPILL ACT)

48.     Honeywell repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49.     The Spill Act provides that "[a]ny person who has discharged a hazardous substance, or is in any way responsible for any hazardous substance, shall be strictly liable... for all cleanup and removal costs no matter by whom incurred." N.JS.A. § 58:10-23.11g.c.(l).

50.     The Spill Act also provides that "[w]henever one or more dischargers or persons cleans up and removes a discharge of a hazardous substance, those dischargers and persons shall have a right of contribution against all other dischargers and persons in any way responsible for a discharged hazardous substance who are liable for the cost of the cleanup and removal of that discharge of a hazardous substance." N.J.S.A. §58:10-23.11f.a(2).

51.     The Grace Defendants and the Roned Defendants are "persons" in any way responsible as defined in N.J.S.A. §58:10-23.11b and N.J.A.C. §7:1E-1.6.

52.     Honeywell is legally responsible for certain liabilities and obligations of Mutual, including all of Mutual's liabilities and obligations relating to the Site.

53.     Chromium is a "hazardous substance" as defined in NJ.S.A §58:10-23.11b and N.J.A.C. §7:1E-1.7 and §7:1E-10, Appx. A.

54.     The Site is a "facility" within the meaning of N.J.A.C. §7:1 E-1.6.

55.     Honeywell has incurred costs of cleanup and removal consistent with the NCP in connection with discharges of hazardous substances at the Site.  Honeywell received written approval from the New Jersey Department of Environmental Protection for such costs, as well as for investigative, removal and remedial activities that it conducted at the Site.

56.     The Grace Defendants and Roned Defendants are liable in contribution to Honeywell for its cleanup and removal costs pursuant to N.J.S.A. §58:10-23.11.

WHEREFORE, Honeywell demands judgment for an award of contribution from Honeywell pursuant to N.J.S.A. §58:10-23.11f.a(2) for:

(i)  all past cleanup and removal costs that Honeywell has incurred in connection with the Site;

(ii)  all future cleanup and removal costs that Honeywell will incur in connection with the Site;

(iii)  attorneys' fees and costs;

(iv)  interest; and

(v)  such other relief a the Court may deem appropriate and just.

## COUNT III
### (CONTRIBUTION UNDER NEW JERSEY LAW)

57.  Honeywell repeats  and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58.  Pursuant to the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. §2A:53A et seq., the right of contribution exists among joint tortfeasors.

59.  While Honeywell denies any liability for the chromium contamination at and or near the Site, to the extent that Honeywell may be found liable in any respect as a joint tortfeasor for any costs or damages in this action, Honeywell is entitled to contribution from the Grace Defendants and Roned Defendants pursuant to the New Jersey Joint Tortfeasors Contribution Law.

WHEREFORE, defendant Honeywell demands judgment against the Grace Defendants and the Roned Defendants for:

(i)  statutory contribution pursuant to the New Jersey Joint Tortfeasors Contribution Law;

(ii)  attorneys' fees and costs;

(iii)  interest; and

(iv)  such other relief as the Court may deem appropriate and just.

## COUNT IV
### (DECLARATORY JUDGMENT)

60.    Honeywell repeats  and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

61.    An actual controversy currently exists between the Grace Defendants and the Roned Defendants, and Honeywell with regard to the Grace Defendants' and Roned Defendants' liability under CERCLA, the Spill Act and New Jersey statutory and common law for the costs and damages that Honeywell has incurred, and will incur, in connection with the wastes containing chromium at the Site.

62.    Honeywell will continue to incur substantial costs and damages as a result of the Grace Defendants and the Roned Defendants actions and/or omissions concerning wastes containing chromium at the site.

63.    A declaratory judgment defining the Grace Defendants' and Roned Defendants' liability to Honeywell for these future costs and damages will prevent the need for multiple law suits in the future and provide a final resolution of this dispute between the parties.

WHEREFORE, Honeywell demands judgment against the Grace Defendants and the Roned Defendants pursuant to 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §9613(g)(2), and the Uniform Declaratory Judgments Law, N.J.S.A. §2A:16-50 et seq.:

(i)    declaring that the Grace Defendants and the Roned Defendants are liable to Honeywell for all of the costs and damages that Honeywell will incur in the future in connection with the wastes containing chromium at the Site;

(ii)    awarding Honeywell its attorneys' fees and costs;

(iii)    awarding Honeywell interest; and

(iv)    awarding Honeywell such other relief that the Court may deem appropriate and just.

Respectfully submitted,

David W. Field
James Stewart
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
Attorneys for Defendant
Honeywell International Inc.

Dated: January 24, 2001

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he today caused Honeywell International Inc.'s

Amended Crossclaims to be sent via regular mail to:

Carolyn Smith Pravlik, Esq.
Terris, Pravlik & Wagner
1121 12th Street, NW
Washington, DC 20005

John M. Agnello, Esq.
Carella, Byrne, Bain, Gilfillan,
 Cecchi, Stewart & Olstein
6 Becker Farm Road
Roseland, NJ 07068

William F. Mueller, Esq.
Clemente, Mueller & Tobia, P.A.
P.O. Box 1296
Morristown, NJ 07982-1296
218 Ridgedale Avenue, 2nd Floor
Cedar Knolls, NJ 07927

Angella Pelletier, Esq.
Christopher H. Marraro, Esq.
William F. Hughes, Esq.
Wallace, King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, NW
Washington, DC 20007

Edward L. Lloyd, Esq.
Room 334
15 Washington Street
Newark, NJ 07102

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject o punishment.

By: _____
Michael J. Caffrey

Dated:  January 24, 2001

A3629/65
01/23/01 955509