# EXHIBIT L

John M. Agnello (JMA0338)
CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

RECEIVED

FEB 1 3 2001

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Christopher H. Marraro
William F. Hughes
WALLACE KING MARRARO &
  BRANSON PLLC
1050 Thomas Jefferson Street, NW
Washington, D.C. 20007
(202) 204-1000

Attorneys for Defendants/Cross-Claimants
W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 95-2097 (DMC) |
| v. | ) ) ) | |
| HONEYWELL INTERNATIONAL INC., ET AL., | ) ) ) | **ANSWER TO AMENDED CROSS-CLAIMS OF HONEYWELL INTERNATIONAL, INC.** |
| Defendants. | ) ) | |

Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG,

Inc. (collectively, "Grace") hereby answer Honeywell International, Inc.'s ("Honeywell")

Amended Cross-Claims. All allegations in Honeywell's Amended Cross-Claims that are

not specifically admitted herein are hereby denied.

## NATURE OF ACTION

1.      Paragraph 1 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 1. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 1.

## JURISDICTION AND VENUE

2.      Grace admits the allegations in paragraph 2.

3.      Paragraph 3 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 3. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 3.

4.      Paragraph 4 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits that the Grace Defendants are parties to this lawsuit, and denies all other allegations regarding Grace in paragraph 4. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 4.

5.      Paragraph 5 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the Site is located within this judicial district, and that releases and/or threatened releases of hazardous substances have occurred and continue to occur at and from the Site as a result of acts and/or omissions of Honeywell and its corporate predecessors. All other allegations in paragraph 5 are denied.

## PARTIES

6.      Grace admits the allegations in paragraph 6.

7.      Grace admits the allegations in paragraph 7.

8.      Grace does not have sufficient information to admit or deny any of the allegations in paragraph 8.

## FACTUAL BACKGROUND

9.      Grace admits the allegations in paragraph 9.  However, Grace denies any allegation or suggestion in paragraph 9 that Mutual's activities were limited to "transport[ing] wastes containing chromium to the Site."  Upon information and belief, Mutual and/or other corporate predecessors of Honeywell also handled, treated, stored and/or disposed of hundreds of thousands of tons of chromium wastes at the Site from some time during the late 19th century to during or about 1954.

10.     Paragraph 10 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace admits only that Mutual owned the Site at one time, and also that in or about 1954, Mutual (at that time a wholly-owned subsidiary and/or division of Allied) appears to have executed a deed purporting to convey the Site to Amy Joy Realty Corp. ("Amy Joy").  Grace refers Honeywell to the referenced deed for its specific terms.  Grace does not have sufficient information to admit or deny any other allegations in paragraph 10.

11.     Paragraph 11 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace admits only that in or about 1965, Amy Joy and Goodrich Associates ("Goodrich") appear to have executed a document entitled "Indenture of Lease" concerning a portion of the Site.  Grace refers

Honeywell to that document for its specific terms. Grace does not have sufficient information to admit or deny any other allegations in paragraph 11.

12.    Paragraph 12 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that in or about July 1965 Diana Stores Corporation ("Diana") and Goodrich appear to have executed a document entitled Indenture of Lease concerning a portion of the Site, and also that in or about 1967, Diana and Goodrich appear to have executed a document entitled Joint Venture Agreement concerning a portion of the Site. Grace refers Honeywell to those documents for their specific terms. Grace does not have sufficient information to admit or deny any other allegations in paragraph 12.

13.    Paragraph 13 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that in or about 1966 Goodrich Building Corp. and/or other entities constructed a retail store on a portion of the Site, and that such building required repair (and ultimately had to be demolished) due to heaving and/or other structural problems caused by the chromium wastes that Mutual and/or other corporate predecessors of Honeywell disposed of at the Site. Grace does not have sufficient information to admit or deny any other allegations in paragraph 13.

14.    Paragraph 14 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 14.

4

15.    Paragraph 15 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 15.

16.    Paragraph 16 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Great Eastern had a leasehold interest and/or other interest in all or part of the Site for a period of time, and also that Great Eastern operated a retail store at the Site for a period of time. Grace does not have sufficient information to admit or deny any other allegations in paragraph 16.

17.    Paragraph 17 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Daylin, Inc. ("Daylin") was a Delaware corporation at one time. Grace does not have sufficient information to admit or deny any other allegations in paragraph 17.

18.    Grace Paragraph 18 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Daylin operated a retail store at the Site for a period of time. All other allegations in paragraph 18 are denied.

19.    Paragraph 19 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R. Grace & Co. acquired stock of Daylin in or about 1979; that Daylin was an independent and wholly-owned subsidiary of W.R. Grace & Co. for a period of time; and that Daylin entered into a merger agreement with Channel Home Centers, Inc. in or about 1979. All other allegations in paragraph 19 are denied.

20.    Paragraph 20 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Louis Feil purchased Lots 14-H and 14-J from General Cinema in or about May 1981; that Daylin purchased Lot 14-J from Louis Feil in or about June 1981; and that Daylin purchased Lot 14-H from Louis Feil in or about July 1981. All other allegations in paragraph 20 are denied.

21.    Paragraph 21 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Daylin changed its name to Grace Retail Corporation in or about 1982; that Grace Retail Corporation entered into a merger agreement with Channel Merger Company in or about 1986; and that Channel Merger Company subsequently changed its name to Channel Home Centers, Inc. All other allegations in paragraph 21 are denied.

22.    Paragraph 22 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Channel Home Centers, Inc. changed its name to Channel Holdings, Inc. in or about 1992; that Channel Holdings, Inc. executed deeds purporting to convey Lots 14-H and 14-J to Channel Home Centers Realty Corporation in or about 1994; and that Channel Home Centers Realty Corporation executed deeds purporting to convey Lots 14-H and 14-J to ECARG, Inc. in or about 1994. All other allegations in paragraph 22 are denied.

23.    Paragraph 23 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that ECARG, Inc. is a subsidiary of W.R. Grace & Co., and that Daylin and Grace Retail Corporation

were subsidiaries of W.R. Grace & Co. at one time. All other allegations in paragraph 23 are denied.

24.     Paragraph 24 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 24.

25.     Grace admits that the NJDEP issued one or more directives to AlliedSignal concerning the Site. Grace refers Honeywell to the directive referenced in paragraph 25 for its specific terms.

26.     Grace admits that the NJDEP issued one or more directives to AlliedSignal concerning the Site. Grace refers Honeywell to the directive referenced in paragraph 26 for its specific terms.

27.     Grace admits that the NJDEP and AlliedSignal entered into an ACO concerning the Site. Grace refers Honeywell to the ACO referenced in paragraph 27 for its specific terms.

28.     Grace admits the allegations in paragraph 28, and further states that Honeywell is liable for all debts, liabilities and obligations of AlliedSignal, Inc., Mutual and all of their corporate predecessors and/or successors relating to the Site.

29.     Paragraph 29 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 29. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 29.

30.     Paragraph 30 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations

7

regarding Grace in paragraph 30. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 30.

## COUNT I
## (CONTRIBUTION UNDER CERCLA § 113)

31.     Grace hereby incorporates by reference each and every response set forth in the preceding paragraphs 1-30 as if fully set forth herein.

32.     Paragraph 32 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 32.

33.     Paragraph 33 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 33.

34.     Paragraph 34 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 34.

35.     Paragraph 35 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 35.

36.     Paragraph 36 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 36.

37.     Paragraph 37 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R.

Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are corporations, and thus are "persons" as defined in 42 U.S.C. § 9601(21). Grace denies, however, that W.R. Grace & Co., W.R. Grace Ltd. or ECARG, Inc. are liable under CERCLA for any costs Honeywell allegedly has incurred, or will incur, at the Site. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 37.

38.     Paragraph 38 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the Site is a "facility" as defined in 42 U.S.C. § 9601(9) because releases and/or threatened releases of chromium and other hazardous substances have occurred and continue to occur at the Site as a result of acts and/or omissions of Honeywell and its predecessors. Grace denies any allegation or suggestion in paragraph 38 that the Site constitutes a "facility" as a result of any act or omission of Grace.

39.     Paragraph 39 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the wastes containing chromium at the Site are "hazardous substances" as defined in 42 U.S.C. § 9601(14). Grace denies any allegation or suggestion in paragraph 39 that Grace is in any way liable for any of the hazardous substances at the Site.

40.     Paragraph 40 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that there have been, and continue to be, "releases" and/or threatened "releases" of chromium and other "hazardous substances" at and/or from the Site as those terms are defined in 42 U.S.C. §§ 9601(14) and (22). However, Grace denies any allegation or suggestion in paragraph 40

that Grace is in any way liable for any such releases or threatened releases of hazardous substances at or from the Site.

41.    Paragraph 41 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 41.

42.    Paragraph 42 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that ECARG, Inc. currently holds title to Lots 14-H and 14-J, and denies all other allegations in paragraph 42.

43.    Paragraph 43 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 43.

44.    Paragraph 44 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 44.

45.    Paragraph 45 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 45. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 45.

46.    Paragraph 46 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that there have been, and continue to be, releases and threatened releases of chromium and/or other hazardous substances at and from the Site as a result of acts and omissions of Honeywell

and/or its predecessors. Grace does not have sufficient information to admit or deny any of the other allegations in paragraph 46.

47.    Paragraph 47 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 47. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 47.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

## COUNT II
### (CONTRIBUTION UNDER THE NJ SPILL ACT)

48.    Grace hereby incorporates by reference each and every response set forth in the preceding paragraphs 1-47 as if fully set forth herein.

49.    Paragraph 49 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 49.

50.    Paragraph 50 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 50.

51.    Paragraph 51 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are corporations, and thus are "persons" as that term is defined in the New Jersey Spill Act. Grace denies, however, that W.R.

Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are persons that caused or are in any way responsible for any of the discharges or threatened discharges of hazardous substances at or from the Site. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 51.

52.    Grace admits the allegations in paragraph 52, and affirmatively states that Honeywell is liable and responsible for all debts, liabilities and obligations of AlliedSignal, Inc., Mutual and all other their predecessors and successors relating to the Site.

53.    Paragraph 53 states legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the chromium at the Site is a "hazardous substance" as defined in N.J.S.A. § 58:10-23.11b and N.J.A.C. §§ 7:1E-1.7 and 7:1E-10, App. A.  Grace denies any allegation or suggestion in paragraph 53 that Grace is in any way liable or responsible for any such hazardous substances.

54.    Paragraph 54 states legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the Site is a "facility" as defined in N.J.S.A. § 7:1E-1.6 because discharges and/or threatened discharges of chromium and other hazardous substances have occurred, and continue to occur, at and from the Site as a result of acts and/or omissions of Honeywell and its corporate predecessors.  However, Grace denies any allegation or suggestion in paragraph 54 that the Site constitutes a "facility" as a result of any act or omission of Grace.

55    Paragraph 55 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace admits only that there have been, and continue to be, discharges and/or threatened discharges of chromium and other

hazardous substances at and from the Site as a result of the acts and/or omissions of Honeywell and its corporate predecessors. Grace does not have sufficient information to admit or deny any other allegations in paragraph 55.

56.    Paragraph 56 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 56. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 56.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

## COUNT III
### (CONTRIBUTION UNDER NEW JERSEY LAW)

57.    Grace hereby incorporates by reference each and every response set forth in all preceding paragraphs of this Answer as if fully set forth herein.

58.    Paragraph 58 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 58.

59.    Paragraph 59 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations regarding Grace in paragraph 59. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 59.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

## COUNT IV
## (DECLARATORY JUDGMENT)

60.    Grace hereby incorporates by reference each and every response set forth in all preceding paragraphs of this Answer as if fully set forth herein.

61.    Paragraph 61 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 61. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 61.

62.    Paragraph 62 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 62. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 62.

63.    Paragraph 63 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 63. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 63.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

WHEREFORE, except as Grace has expressly admitted an allegation in Honeywell's Amended Cross-Claims, Grace denies each and every other allegation in the Amended Cross-

Claims and each of the conclusions, assumptions and premises on which Honeywell's request for costs, damages, injunctive relief, attorneys' fees and other relief is or may be based.

### FIRST DEFENSE

Honeywell fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

Honeywell's claims are barred, in whole or in part, by the applicable statutes of limitation, statutes of repose and/or the doctrine of laches.

### THIRD DEFENSE

Grace qualifies for one or more of the defenses to liability set forth in CERCLA, the New Jersey Spill Act, and/or other applicable federal and state laws and regulations, including but not limited to the innocent landowner defense and/or any similar or equivalent defenses.

### FOURTH DEFENSE

Any harm caused by the releases and/or discharges of hazardous substances at or from the Site is divisible, in whole or in part.

### FIFTH DEFENSE

No act or omission of Grace was the actual, proximate or legal cause of any harm, damage or cost alleged by Honeywell.

### SIXTH DEFENSE

Grace did not own or operate the Site at the time of disposal of any hazardous substance.

### SEVENTH DEFENSE

Grace is not the successor-in-interest to any person or entity that caused, or is in any way responsible for any of the releases or discharges, or threatened releases or discharges, of hazardous substances at or from the Site.

### EIGHTH DEFENSE

Grace's equitable share of the response costs and other costs incurred at the Site is zero.

### NINTH DEFENSE

Honeywell has not incurred any costs that are recoverable under CERCLA or the New Jersey Spill Act. Any costs incurred by Honeywell were unreasonable, duplicative, wasteful, inconsistent with the National Contingency Plan, and/or not authorized or approved by NJDEP.

### TENTH DEFENSE

The Court does not have subject matter jurisdiction over Honeywell's claims.

### ELEVENTH DEFENSE

Honeywell's costs and damages, if any, are the result of actions of third parties over whom Grace does not have control.

### TWELFTH DEFENSE

Honeywell's claims are barred, or recovery from Grace must be reduced or eliminated, under general equitable principals, including the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

### THIRTEENTH DEFENSE

Grace's contribution to the alleged harm at issue, if any, was *de minimis*.

## FOURTEENTH DEFENSE

Honeywell failed to mitigate its costs or damages, if any.

## FIFTEENTH DEFENSE

Without admitting any liability, in the event Grace is held liable or responsible for any acts alleged in the Amended Cross-Claims, Grace's liability should be proportionately limited to its contribution to the alleged release, discharge, harm and/or hazard, taking into account the contribution and/or negligence of all other persons including Honeywell and/or other third parties who contributed to or are responsible for the alleged release, discharge, harm and/or hazard.

## SIXTEENTH DEFENSE

Honeywell cannot recover any of its costs at the Site because it failed to comply with all statutory and/or regulatory conditions precedent.

## SEVENTEENTH DEFENSE

Any claims by Honeywell for joint and several liability are barred because, to the extent any harm exists, that harm is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.

## EIGHTEENTH DEFENSE

Grace's activities were consistent with industry practice at all relevant times.

## NINETEENTH DEFENSE

To the extent third parties not named in the case are responsible for any alleged claims or damages by Honeywell, such claims against Grace are barred by Honeywell's failure to join such parties.

## TWENTIETH DEFENSE

In the License Agreement, Honeywell released, indemnified and/or agreed to hold harmless Grace from, for and/or against the costs, damages and other relief that Honeywell seeks to recover under its Amended Cross-Claims.

## TWENTY-FIRST DEFENSE

Grace fulfilled all of its duties and obligations, whether arising from common law, statute, contract, tort or otherwise.

## TWENTY-SECOND DEFENSE

Grace breached no duty or obligation of any kind, whether arising from common law, statute, contract, tort or otherwise.

## TWENTY-THIRD DEFENSE

Honeywell is estopped from asserting some or all of the claims purported to be asserted against Grace.

## TWENTY-FOURTH DEFENSE

Honeywell waived its right to assert some or all of the claims purported to be asserted against Grace.

## TWENTY-FIFTH DEFENSE

Honeywell cannot recover from Grace for any damages or costs not yet incurred.

## TWENTY-SIXTH DEFENSE

Honeywell's claims are barred, in whole or in part, because the damages and costs it seeks are too speculative or remote.

## TWENTY-SEVENTH DEFENSE

Grace is not a joint tortfeasor with regard to any of the alleged damages, costs or harm at the Site.

## TWENTY-EIGHTH DEFENSE

Honeywell failed to comply with all applicable notice requirements prior to commencing an action against Grace.

Grace hereby incorporates by reference all other defenses asserted by any other party, and hereby reserves the right to add any additional defenses that it may deem appropriate as discovery is conducted in this case.

**WHEREFORE**, Grace respectfully requests that judgment be entered in its favor:

1. dismissing the Amended Cross-Claims with prejudice;

2. awarding Grace all damages, costs, injunctive relief and attorneys' fees requested in Grace's cross-claims; and

3. awarding Grace such other and further relief as the Court deems just and proper.

19

Respectfully submitted,

John M. Agnello
CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Christopher H. Marraro
William F. Hughes
WALLACE KING MARRARO &
  BRANSON PLLC
1050 Thomas Jefferson Street, NW
Washington, D.C. 20007
(202) 204-1000

Attorneys for W.R. Grace & Co., W.R.
Grace Ltd. and ECARG, Inc.

Dated:  February 13, 2001