# EXHIBIT O

John M. Agnello (JMA0338)
CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Christopher H. Marraro
William F. Hughes
WALLACE KING MARRARO & BRANSON PLLC
1050 Thomas Jefferson Street, NW
Washington, D.C. 20007
(202) 204-1000

Attorneys for Defendants/Cross-Claimants W.R. Grace & Co.,
  W.R. Grace Ltd. and ECARG, Inc.

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INTERFAITH COMMUNITY ORGANIZATION, ET AL.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HONEYWELL INTERNATIONAL INC., ET AL.,**<br>**Defendants.** | **Civil Action No. 95-2097 (DMC)** |

## ANSWER TO HONEYWELL'S SECOND AMENDED CROSS-CLAIMS

Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc.

(collectively, "Grace") hereby answer Honeywell International, Inc.'s ("Honeywell") Second

Amended Cross-Claims. All allegations in Honeywell's Second Amended Cross-Claims that are

not specifically admitted herein are hereby denied.

### NATURE OF ACTION

1.    Paragraph 1 states various legal conclusions to which no response is required. To

the extent any response may be required, Grace denies all allegations regarding Grace in

paragraph 1.  Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 1.

## JURISDICTION AND VENUE

2.    Grace admits the allegations in paragraph 2.

3.    Paragraph 3 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 3.  Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 3.

4.    Paragraph 4 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace admits that the Grace Defendants are parties to this lawsuit, and denies all other allegations regarding Grace in paragraph 4.  Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 4.

5.    Paragraph 5 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace denies the allegations.

6.    Paragraph 6 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace admits that the matters in Count IV may properly be the subject of a declaratory judgment, but denies that Honeywell is entitled to any such judgment.  All other allegations in Paragraph 6 are denied.

7.    Paragraph 7 states various legal conclusions to which no response is required.  To the extent any response may be required, Grace admits only that the Site is located within this judicial district, and that releases and/or threatened releases of hazardous substances have occurred and continue to occur at and from the Site as a result of acts and/or omissions of Honeywell and its corporate predecessors.  All other allegations in paragraph 7 are denied.

2

## PARTIES

8.      Grace admits the allegations in paragraph 8.

9.      Grace admits the allegations in paragraph 9.

10.     Grace does not have sufficient information to admit or deny any of the allegations in paragraph 10.

## FACTUAL BACKGROUND

11.     Grace admits the allegations in paragraph 11.   However, Grace denies any allegation or suggestion in paragraph 11 that Mutual's activities were limited to "transport[ing] wastes containing chromium to the Site."   Upon information and belief, Mutual and/or other corporate predecessors of Honeywell also handled, treated, stored and/or disposed of hundreds of thousands of tons of chromium wastes at the Site from some time during the late 19th century to during or about 1954.

12.     Paragraph 12 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Mutual owned the Site at one time, and also that in or about 1954, Mutual (at that time a wholly-owned subsidiary and/or division of Allied) appears to have executed a deed purporting to convey the Site to Amy Joy Realty Corp. ("Amy Joy").   Grace refers Honeywell to the referenced deed for its specific terms. Grace does not have sufficient information to admit or deny any other allegations in paragraph 12.

13.     Paragraph 13 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that in or about 1965, Amy Joy and Goodrich Associates ("Goodrich") appear to have executed a document entitled "Indenture of Lease" concerning a portion of the Site.   Grace refers Honeywell to that document for its specific terms.   Grace does not have sufficient information to admit or deny any other allegations in paragraph 13.

3

14.    Paragraph 14 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that in or about July 1965 Diana Stores Corporation ("Diana") and Goodrich appear to have executed a document entitled Indenture of Lease concerning a portion of the Site, and also that in or about 1967, Diana and Goodrich appear to have executed a document entitled Joint Venture Agreement concerning a portion of the Site. Grace refers Honeywell to those documents for their specific terms. Grace does not have sufficient information to admit or deny any other allegations in paragraph 14.

15.    Paragraph 15 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that in or about 1966 Goodrich Building Corp. and/or other entities constructed a retail store on a portion of the Site, and that such building required repair (and ultimately had to be demolished) due to heaving and/or other structural problems caused by the chromium wastes that Mutual and/or other corporate predecessors of Honeywell disposed of at the Site. Grace does not have sufficient information to admit or deny any other allegations in paragraph 15.

16.    Paragraph 16 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 16.

17.    Paragraph 17 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 17.

18.    Paragraph 18 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Great Eastern had a leasehold interest and/or other interest in all or part of the Site for a period of time, and also that Great Eastern operated a retail store at the Site for a period of time. Grace does not have sufficient information to admit or deny any other allegations in paragraph 18.

4

19.    Paragraph 19 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Daylin, Inc. ("Daylin") was a Delaware corporation at one time. Grace does not have sufficient information to admit or deny any other allegations in paragraph 19.

20.    Paragraph 20 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Daylin operated a retail store at the Site for a period of time. All other allegations in paragraph 20 are denied.

21.    Paragraph 21 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R. Grace & Co. acquired stock of Daylin in or about 1979; that Daylin was an independent and wholly-owned subsidiary of W.R. Grace & Co. for a period of time; and that Daylin entered into a merger agreement with Channel Home Centers, Inc. in or about 1979. All other allegations in paragraph 21 are denied.

22.    Paragraph 22 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Louis Feil purchased Lots 14-H and 14-J from General Cinema in or about May 1981; that Daylin purchased Lot 14-J from Louis Feil in or about June 1981; and that Daylin purchased Lot 14-H from Louis Feil in or about July 1981. All other allegations in paragraph 22 are denied.

23.    Paragraph 23 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Daylin changed its name to Grace Retail Corporation in or about 1982; that Grace Retail Corporation entered into a merger agreement with Channel Merger Company in or about 1986; and that Channel Merger Company subsequently changed its name to Channel Home Centers, Inc. All other allegations in paragraph 23 are denied.

24.    Paragraph 24 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that Channel Home Centers, Inc.

changed its name to Channel Holdings, Inc. in or about 1992; that Channel Holdings, Inc. executed deeds purporting to convey Lots 14-H and 14-J to Channel Home Centers Realty Corporation in or about 1994; and that Channel Home Centers Realty Corporation executed deeds purporting to convey Lots 14-H and 14-J to ECARG, Inc. in or about 1994. All other allegations in paragraph 24 are denied.

25.     Paragraph 25 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that ECARG, Inc. is a subsidiary of W.R. Grace & Co., and that Daylin and Grace Retail Corporation were subsidiaries of W.R. Grace & Co. at one time. All other allegations in paragraph 25 are denied.

26.     Paragraph 26 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 26.

27.     Grace admits that the NJDEP issued one or more directives to AlliedSignal concerning the Site. Grace refers Honeywell to the directive referenced in paragraph 27 for its specific terms.

28.     Grace admits that the NJDEP issued one or more directives to AlliedSignal concerning the Site. Grace refers Honeywell to the directive referenced in paragraph 28 for its specific terms.

29.     Grace admits that the NJDEP and AlliedSignal entered into an ACO concerning the Site. Grace refers Honeywell to the ACO referenced in paragraph 29 for its specific terms.

30.     Grace admits the allegations in paragraph 30, and further states that Honeywell is liable for all debts, liabilities and obligations of AlliedSignal, Inc., Mutual and all of their corporate predecessors and/or successors relating to the Site.

31.     Paragraph 31 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in

6

paragraph 31.   Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 31.

32.    Paragraph 32 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 32.   Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 32.

### COUNT I
### (CONTRIBUTION UNDER CERCLA § 113)

33.    Grace hereby incorporates by reference each and every response set forth in paragraphs 1-32 as if fully set forth herein.

34.    Paragraph 34 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 34.

35.    Paragraph 35 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 35.

36.    Paragraph 36 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 36.

37.    Paragraph 37 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 37.

38.    Paragraph 38 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 38.

39.    Paragraph 39 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are corporations, and thus are "persons" as defined in 42 U.S.C. § 9601(21). Grace denies, however, that W.R. Grace & Co., W.R. Grace Ltd. or ECARG, Inc. are liable under CERCLA for any costs Honeywell allegedly has incurred, or will incur, at the Site.

7

Grace does not have sufficient information to admit or deny any allegations regarding the Roned

Defendants in paragraph 39.

40.      Paragraph 40 states various legal conclusions to which no response is required.

To the extent any response may be required, Grace admits only that the Site is a "facility" as

defined in 42 U.S.C. § 9601(9) because releases and/or threatened releases of chromium and

other hazardous substances have occurred and continue to occur at the Site as a result of acts

and/or omissions of Honeywell and its predecessors. Grace denies any allegation or suggestion

in paragraph 40 that the Site constitutes a "facility" as a result of any act or omission of Grace.

41.      Paragraph 41 states various legal conclusions to which no response is required.

To the extent any response may be required, Grace admits only that the wastes containing

chromium at the Site are "hazardous substances" as defined in 42 U.S.C. § 9601(14). Grace

denies any allegation or suggestion in paragraph 39 that Grace is in any way liable for any of the

hazardous substances at the Site.

42.      Paragraph 42 states various legal conclusions to which no response is required.

To the extent any response may be required, Grace admits only that there have been, and

continue to be, "releases" and/or threatened "releases" of chromium and other "hazardous

substances" at and/or from the Site as those terms are defined in 42 U.S.C. §§ 9601(14) and (22).

However, Grace denies any allegation or suggestion in paragraph 42 that Grace is in any way

liable for any such releases or threatened releases of hazardous substances at or from the Site.

43.      Paragraph 43 states various legal conclusions to which no response is required.

To the extent any response may be required, Grace denies all of the allegations in paragraph 43.

44.      Paragraph 44 states various legal conclusions to which no response is required.

To the extent any response may be required, Grace admits only that ECARG, Inc. currently holds

title to Lots 14-H and 14-J, and denies all other allegations in paragraph 44.

8

45.     Paragraph 45 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 45.

46.     Paragraph 46 states various legal conclusions to which no response is required. To the extent any response may be required, Grace does not have sufficient information to admit or deny any of the allegations in paragraph 46.

47.     Paragraph 47 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 47. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 45.

48.     Paragraph 48 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that there have been, and continue to be, releases and threatened releases of chromium and/or other hazardous substances at and from the Site as a result of acts and omissions of Honeywell and/or its predecessors. Grace does not have sufficient information to admit or deny any of the other allegations in paragraph 48.

49.     Paragraph 49 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 49. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 49.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

## COUNT II
## (CONTRIBUTION UNDER THE NJ SPILL ACT)

50.     Grace hereby incorporates by reference each and every response set forth in paragraphs 1-49 as if fully set forth herein.

51.     Paragraph 51 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 51.

52.     Paragraph 52 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 52.

53.     Paragraph 53 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are corporations, and thus are "persons" as that term is defined in the New Jersey Spill Act. Grace denies, however, that W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are persons that caused or are in any way responsible for any of the discharges or threatened discharges of hazardous substances at or from the Site. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 53.

54.     Grace admits the allegations in paragraph 54, and affirmatively states that Honeywell is liable and responsible for all debts, liabilities and obligations of AlliedSignal, Inc., Mutual and all other their predecessors and successors relating to the Site.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the chromium at the Site is a "hazardous substance" as defined in N.J.S.A. § 58:10-23.11b and N.J.A.C. §§ 7:1E-1.7 and 7:1E-10, App. A. Grace denies any allegation or suggestion in paragraph 55 that Grace is in any way liable or responsible for any such hazardous substances.

10

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that the Site is a "facility" as defined in N.J.S.A. § 7:1E-1.6 because discharges and/or threatened discharges of chromium and other hazardous substances have occurred, and continue to occur, at and from the Site as a result of acts and/or omissions of Honeywell and its corporate predecessors. However, Grace denies any allegation or suggestion in paragraph 56 that the Site constitutes a "facility" as a result of any act or omission of Grace.

57.     Paragraph 57 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that there have been, and continue to be, discharges and/or threatened discharges of chromium and other hazardous substances at and from the Site as a result of the acts and/or omissions of Honeywell and its corporate predecessors. Grace does not have sufficient information to admit or deny any other allegations in paragraph 57.

58.     Paragraph 58 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 58. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 58.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

### COUNT III
### (CONTRIBUTION UNDER NEW JERSEY LAW)

59.     Grace hereby incorporates by reference each and every response set forth in paragraphs 1-58 of this Answer as if fully set forth herein.

60.     Paragraph 60 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations in paragraph 60.

11

61.    Paragraph 61 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all of the allegations regarding Grace in paragraph 61. Grace does not have sufficient information to admit or deny any allegations regarding the Roned Defendants in paragraph 61.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

## COUNT IV
### (DECLARATORY JUDGMENT)

62.    Grace hereby incorporates by reference each and every response set forth in paragraphs 1-61 of this Answer as if fully set forth herein.

63.    Paragraph 63 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 63. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 63.

64.    Paragraph 64 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 64. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 64.

65.    Paragraph 65 states various legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace in paragraph 65. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 65.

Honeywell's prayer for relief states legal conclusions to which no response is required. To the extent any response may be required, Grace denies all allegations regarding Grace.

## COUNT V
## (INJUNCTIVE RELIEF UNDER RCRA)

66.     Grace hereby incorporates by reference each and every response set forth in paragraphs 1-65 of this Answer as if fully set forth herein.

67.     Paragraph 67 states various legal conclusions to which no response is required. To the extent any response may be required, Grace refers Honeywell to the terms of the statute cited, which speaks for itself.

68.     Paragraph 68 states various legal conclusions to which no response is required. To the extent any response may be required, Grace admits only that W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. are corporations, and thus are "persons" as defined in 42 U.S.C. § 6903(15). Grace denies, however, that Honeywell is entitled to any injunctive relief under RCRA against W.R. Grace & Co., W.R. Grace Ltd. or ECARG, Inc. Grace denies all other allegations regarding Grace in paragraph 68. Grace does not have sufficient information to admit or deny any of the allegations regarding the Roned Defendants in paragraph 68.

69.     Paragraph 69 states a legal conclusion to which no response is required. Grace denies any allegation or suggestion in paragraph 69 that Grace is in any way liable for any of the solid wastes, hazardous wastes or hazardous substances at the Site, and denies all other allegations of Paragraph 69.

70.     Grace denies the allegations of Paragraph 70.

71.     Grace denies the allegations of Paragraph 71.

72.     Grace denies the allegations of Paragraph 72.

73.     Grace admits that the chromium ore processing wastes placed at the Site by Honeywell's predecessor may pose an imminent and substantial endangerment to health or the environment, but otherwise denies the allegations of Paragraph 73.

13

WHEREFORE, except as Grace has expressly admitted an allegation in Honeywell's Second Amended Cross-Claims, Grace denies each and every other allegation in the Second Amended Cross-Claims and each of the conclusions, assumptions and premises on which Honeywell's request for costs, damages, injunctive relief, attorneys' fees and other relief is or may be based.

### FIRST DEFENSE

Honeywell fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

Honeywell's claims are barred, in whole or in part, by the applicable statutes of limitation, statutes of repose and/or the doctrine of laches.

### THIRD DEFENSE

Grace qualifies for one or more of the defenses to liability set forth in CERCLA, the New Jersey Spill Act, and/or other applicable federal and state laws and regulations, including but not limited to the third party defense and/or any similar or equivalent defenses.

### FOURTH DEFENSE

Any harm caused by the releases and/or discharges of hazardous substances at or from the Site is divisible, in whole or in part.

### FIFTH DEFENSE

No act or omission of Grace was the actual, proximate or legal cause of any harm, damage or cost alleged by Honeywell.

### SIXTH DEFENSE

Grace did not own or operate the Site at the time of disposal of any hazardous substance or waste.

14

## SEVENTH DEFENSE

Grace is not the successor-in-interest to any person or entity that caused, or is in any way responsible for any of the releases or discharges, or threatened releases or discharges, of hazardous substances or wastes at or from the Site.

## EIGHTH DEFENSE

Grace's equitable share of the response costs and other costs incurred at the Site is zero.

## NINTH DEFENSE

Honeywell has not incurred any costs that are recoverable under CERCLA or the New Jersey Spill Act. Any costs incurred by Honeywell were unreasonable, duplicative, wasteful, inconsistent with the National Contingency Plan, and/or not authorized or approved by NJDEP.

## TENTH DEFENSE

The Court does not have subject matter jurisdiction over Honeywell's claims.

## ELEVENTH DEFENSE

Honeywell's costs and damages, if any, are the result of actions of third parties over whom Grace did/does not have control.

## TWELFTH DEFENSE

Honeywell's claims are barred, or recovery from Grace must be reduced or eliminated, under general equitable principals, including the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

## THIRTEENTH DEFENSE

Grace's contribution to the alleged harm at issue, if any, was *de minimis*.

## FOURTEENTH DEFENSE

Honeywell failed to mitigate its costs or damages, if any.

15

## FIFTEENTH DEFENSE

Without admitting any liability, in the event Grace is held liable or responsible for any acts alleged in the Second Amended Cross-Claims, Grace's liability should be proportionately limited to its contribution to the alleged release, discharge, harm and/or hazard, taking into account the contribution and/or negligence of all other persons including Honeywell and/or other third parties who contributed to or are responsible for the alleged release, discharge, harm and/or hazard.

## SIXTEENTH DEFENSE

Honeywell cannot recover any of its costs at the Site because it failed to comply with all statutory and/or regulatory conditions precedent.

## SEVENTEENTH DEFENSE

Any claims by Honeywell for joint and several liability are barred because, to the extent any harm exists, that harm is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.

## EIGHTEENTH DEFENSE

Grace's activities were consistent with industry practice at all relevant times.

## NINETEENTH DEFENSE

To the extent third parties not named in the case are responsible for any alleged claims or damages by Honeywell, such claims against Grace are barred by Honeywell's failure to join such parties.

## TWENTIETH DEFENSE

In the License Agreement, Honeywell released, indemnified and/or agreed to hold harmless Grace from, for and/or against the costs, damages and other relief that Honeywell seeks to recover under its Second Amended Cross-Claims.

16

### TWENTY-FIRST DEFENSE

Grace fulfilled all of its duties and obligations, whether arising from common law, statute, contract, tort or otherwise.

### TWENTY-SECOND DEFENSE

Grace breached no duty or obligation of any kind, whether arising from common law, statute, contract, tort or otherwise.

### TWENTY-THIRD DEFENSE

Honeywell is estopped from asserting some or all of the claims purported to be asserted against Grace.

### TWENTY-FOURTH DEFENSE

Honeywell waived its right to assert some or all of the claims purported to be asserted against Grace.

### TWENTY-FIFTH DEFENSE

Honeywell cannot recover from Grace for any damages or costs not yet incurred.

### TWENTY-SIXTH DEFENSE

Honeywell's claims are barred, in whole or in part, because the damages and costs it seeks are too speculative or remote.

### TWENTY-SEVENTH DEFENSE

Grace is not a joint tortfeasor with regard to any of the alleged damages, costs or harm at the Site.

### TWENTY-EIGHTH DEFENSE

The Roosevelt Drive In Site is not a "treatment, storage or disposal facility" as that term is used in RCRA.

### TWENTY-NINTH DEFENSE

Honeywell failed to comply with all applicable notice requirements prior to commencing an action against Grace.

17

## THIRTIETH DEFENSE

Grace has not contributed to, and is not contributing to, the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste which may present an imminent and substantial endangerment to health or the environment at the Site.

## THIRTY-FIRST DEFENSE

Neither W.R. Grace & Co. nor W.R. Grace Ltd. ever owned or operated the Site.

Grace hereby incorporates by reference all other defenses asserted by any other party, and hereby reserves the right to add any additional defenses that it may deem appropriate as discovery is conducted in this case.

**WHEREFORE**, Grace respectfully requests that judgment be entered in its favor:

1. dismissing the Second Amended Cross-Claims with prejudice;

2. awarding Grace all damages, costs, injunctive relief and attorneys' fees requested in Grace's cross-claims; and

3. awarding Grace such other and further relief as the Court deems just and proper.

Dated: August 21, 2001

John M. Agnello (JMA0338)
CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Christopher H. Marraro
William F. Hughes
WALLACE KING MARRARO &
  BRANSON PLLC
1050 Thomas Jefferson Street, NW
Washington, D.C. 20007
(202) 204-1000

Attorneys for W.R. Grace & Co., W.R. Grace Ltd.
and ECARG, Inc.

18

MEF 4060
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, New Jersey  07068
(973) 994-1700

WALLACE KING MARRARO &
BRANSON, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C.  20007
(202) 204-1000

Attorneys for Defendants/Cross-Claimants
W.R. Grace & Co., W.R. Grace, Ltd.,
and ECARG, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | Civil Action No. 95-2097  (JAG) |
| Plaintiffs, |  |
| v. | **CERTIFICATE OF SERVICE** |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., |  |
| Defendants. |  |

MELISSA E. FLAX, of full age and upon her oath certifies:

1.      I am an attorney at law in the state of New Jersey and an associate with Carella, Byrne,

Bain, Gilfillan, Cecchi, Stewart & Olstein, attorneys for defendants/cross-claimants, W.R. Grace & Co.,

W.R. Grace, Ltd., and ECARG, Inc.

2.      On August 21, 2001, an original and four (4) copies of Grace Defendants' Answer to Honeywell's Second Amended Cross-Claims was forwarded, via hand delivery, for filing to William T. Walsh, Clerk, United States District Court, District of New Jersey, 50 Walnut Street, Newark, New Jersey.

3.      On August 21, 2001, I served a copy of Grace Defendants' Answer to Honeywell's Second Amended Cross-Claims via facsimile and ordinary mail on David W. Field, Esq., Lowenstein Sandler P.C., 65 Livingston Avenue, Roseland, New Jersey 07068, Carolyn Smith Pravlik, Esq., Terris, Pravlik & Millian, LLP, 1121 12th Street, NW, Washington, D.C. 20005, Edward L. Lloyd, Esq., Columbia Law School, 435 W. 116th Street, New York, New York 10027, and William F. Mueller, Esq., Clemente, Mueller & Tobia, 218 Ridgedale Avenue, P.O. Box 1296, Morristown, NJ 07962-1296.

I certify under penalty of perjury that the foregoing is true and accurate.  Executed on August 21, 2001.

MELISSA E. FLAX (MEF 4060)