# EXHIBIT P

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

WILLIAM F. HUGHES
Direct Dial 202.204.3727
bhughes@wallaceking.com

April 18, 2001

**By Facsimile and Regular Mail**

Michael Caffrey
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068-1791

Re:    *Interfaith Community Organization v. Honeywell International Inc., et al.*

Dear Michael:

On December 14, 2000, we noticed Emil Walerko's deposition. Please provide me with dates on which Mr. Walerko is available for his deposition at your earliest convenience.  I would prefer May 7, 8, 9, 10 or 11th.  The deposition may take 2 days to complete.

Very truly yours,

*Bill Hughes/ga*

William F. Hughes

cc:    All Counsel of Record

**Wallace
King
Marraro
Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

WILLIAM F. HUGHES
Direct Dial 202.204.3727
bhughes@wallaceking.com

April 23, 2001

***By Facsimile and First-Class Mail***

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

   ***Re:*** *Interfaith Community Organization, et al. v. Honeywell International et al.*

Dear David:

   In accordance with the Court's instructions at the April 20th status conference, I am sending this letter to more fully identify specific deficiencies in Honeywell's privilege log. As described herein, numerous entries on Honeywell's log do not meet the requirements of Fed.R.Civ.P. 26(b)(5) and this Court's Local Rules because they fail to provide the date, type of document, author, addressees, copyees, subject matter and/or nature of the documents Honeywell seeks to withhold from discovery. Listed below are just a few examples of the types of deficiencies that Grace has noted in the Honeywell log. These examples do not constitute the full list of deficient entries, but are merely illustrations of the kind of deficient entries found throughout the log.

1.  **Most Entries Provide Virtually No Information Regarding
   The Allegedly Privileged Documents**

   There are many entries that provide virtually *no* information whatsoever regarding the withheld documents. For example, over thirty of the entries simply state "N/A" in the author, recipient, and "cc" columns, and fail to identify the type of document. (*See, e.g.*, Honeywell log. p. 82, 4th entry, "1 [page], Undated, N/A, N/A, N/A, Marked 'Privileged & Confidential,' Subject to Attorney Work Product Doctrine, Draft report re: redevelopment strategies for RDI site;" and Honeywell log. p. 30, 4th entry – "2 [pages], Undated, N/A, N/A, N/A, Subject to Attorney Work Product Doctrine, Handwritten notes re: Jersey City Chromium litigation"). These and similar entries fail to provide the basic information required by the Federal Rules and Local Rules, and must be supplemented to provide a sufficient basis for Grace (and ultimately the Court) to assess the validity of the asserted privilege.



Wallace
King
Maduro
Branson

David Field, Esq.
April 23, 2001
Page 2

Moreover, for many of these documents the "privilege claimed" category provides nothing more than boilerplate, conclusory statements. In these cases, the privilege log provides absolutely no information from which Grace or the Court could determine the validity of the privilege. (*See, e.g.,* Honeywell log p. 15, last entry, "1 [page], Undated, N/A, N/A, N/A, Handwritten Notes re: legal strategy;" and Honeywell log p. 17, 5th entry, "15 [pages], 1/20/1984, N/A, N/A, N/A, ... Draft report re: remediation activities at the Daylin/Grace site.") Indeed, one particularly skeletal entry provides absolutely no information regarding author or recipient, stating merely, "[a]ttorney handwritten notes re: chrome issues," without any circumstantial facts to verify that the unknown author is in fact an attorney. (*See* Honeywell log p. 65, 2d entry.) Given the current state of Honeywell's log, it is impossible to determine whether any colorable claim of privilege exists as to these documents.[1]

Please provide an amended log repairing these and all similar deficiencies so that each entry fully identifies the date, type of document, author, addressees, copyees, subject matter and nature of each document for which Honeywell is asserting a privilege. *Torres v. Kuznizsz,* 936 F. Supp. 1201 (D.N.J. 1996).

## 2.    Honeywell Cannot Group All Litigation-Related Documents Into A Single Entry

For documents relating to litigation other than the *ICO* case, Honeywell simply states "*various*" to describe the number of pages, date, author, recipient and cc's, and then includes in the "privilege claimed" category the following boilerplate statement: "various correspondence among counsel ...relating to" a named lawsuit or administrative proceeding. (*See e.g.* Honeywell log at p. 112.) This is unacceptable. Apparently, instead of reviewing the files in each of these proceedings to determine which documents may or may not be privileged and specifically listing them on the log, Honeywell is asserting a blanket claim of privilege for all documents that may be in the litigation files of these cases. These entries do not identify even the volume or number of documents withheld. These claims of privilege are insufficiently established and cannot be upheld. *See, e.g.,* Comment 4 to L.Civ.R. 33.1; *Torres,* 936 at 1208-1214; *Wei v. Bodner,* 127 F.R.D. 326, 331 (D.N.J. 1990) (holding that the information required by Fed.R.Civ.P. 26(b)(5) must be provided to the party opposing privilege in order to provide a full and fair opportunity to oppose the assertion of privilege.); *American AGIP Co. v. Junell Corp.,* Civ. No. 97-4028 (D.N.J. slip op. Nov. 18, 1998) (holding that parties making the claim are "required to make express assertions of privilege, describe the privileged material in such a way as to enable the Court and their adversary to determine the validity of the asserted privilege and identify specific documents or information as to which they are asserting a privilege").

---

[1]  In contrast, where the Grace log lists documents of unknown authorship and recipients, they are described in a manner that establishes the basis for the privilege by giving factual details demonstrating counsel involvement as well as specific details regarding the subject or type of document. (*See e.g.* Grace log p. 67, Handwritten notes dated 8/10/92, "Notes of conference call with counsel quoting legal advice of counsel D. Cleary, discussing potential legal action."



Wallace
King
Marano
Branson

Although it is generally understood that parties do not need to individually list documents generated in the litigation in which the log is being prepared, this does not apply to documents from other litigation. For such documents, Honeywell must make a specific showing of the privilege, as Grace has done. (*Compare, for example,* Honeywell log at p. 112 *with* Grace log at p. 10, describing correspondence relating to UYA litigation as "9/16/83, memo, [from] Frankel, Esq. [to] Brookes et al., "Memo discussing trial date in Daylin Inc. v. Jersey City and proposed witnesses for trial").)

Please provide an amended log providing a separate entry for each document that is being withheld on a claim of privilege.

3.    **Additional Background Information Must Be Provided Regarding Documents Allegedly Marked "Privileged & Confidential"**

The third category of deficient entries is those for which Honeywell perfunctorily invokes work product or attorney-client privilege by stating that the document is "marked privileged and confidential." These entries fail to identify the author(s) of the documents or any description of the subject matter. (*See e.g.* Honeywell log p. 98, 5th entry, "8 [pages], undated, N/A, N/A, N/A, Attorney Work Product – Marked 'Privileged & Confidential,' 'Prepared at the Request of Counsel.')

Simply marking a document as "privileged and confidential" does not establish that it is privileged. As noted, the party asserting the privilege bears the burden of providing sufficient factual foundation to show that the document qualifies for privileged status, including the date, type of document, author, addressees, copyees, subject matter and nature of each document. (*See, e.g., Torres v. Kuznizsz,* 936 F. Supp. at 1201.) Moreover, if the work product protection is asserted, the party claiming the protection must show that the document was specifically prepared in anticipation of litigation and that, but for such litigation, the document would not have been prepared. (*See, e.g., Bamberger International v. Rohm and Haas Co.,* 1997 U.S. Dist LEXIS 22770 at *9 (D.N.J. 1997) (Cavanaugh, U.S.M.J.). Honeywell's log fails to include any such information. (*See e.g.,* Honeywell log p. 84, 3d entry ("4 [pages], 1982, N/A, N/A, N/A Attorney Work Product – Draft memorandum re: client expert's preliminary notes; Prepared in anticipation of litigation"); and Honeywell log p. 18, first entry (one-page document dated 11/17/83 from Potter to Reiter, cc's Van Epps, "Subject to Attorney Work Product Doctrine, Memorandum re: remedial investigation strategy").)

Please amend all such deficient entries to provide sufficient information – including the identity and/or nature of the actual or threatened litigation to which the document relates – so that Grace and the Court may determine the applicability (if any) of the asserted privilege.

4.    **Honeywell's Log Fails To Provide Sufficient Information Regarding The Subject Matter And Nature Of The Documents**


Wallace
King
Marzaro
Branson

David Field, Esq.
April 23, 2001
Page 4

Finally, the majority of the entries fail to provide the required information regarding the documents' subject matter and nature, and instead provide only a very brief and extremely vague description of the document in the "privilege" category. Skeletal descriptions such as "[l]etter rendering legal advice" and "[l]etter discussing remediation strategy"[2] do not provide sufficient information for Grace (or the Court) to determine the subject matter or nature of the document or to assess the claim of privilege. (*See, also* Honeywell log p. 25, 6th entry, "Letter rendering legal advice"; Honeywell log p. 18, 2d entry, "Memorandum re: remedial investigation strategy"; Honeywell log p. 23, "letter re legal strategy"; Honeywell log p. 26, 4th and 5th entries, "Memorandum discussing litigation strategy"; Honeywell log p. 27, 4th entry, "Letter re: legal strategy issues"; and Honeywell log p. 27, 5th entry, "Letter re ongoing litigation issues").)

Additionally, many documents on the log are described simply as involving "confidential settlement negotiations." Such entries fail to identify the party with whom the negotiations allegedly were conducted, or even the name of the litigation to which they were related. (*See e.g,* Honeywell log p. 17, 3d entry, one page document dated 6/6/84 from Fawcett to File, cc's W.M. Reiter et al., "Subject to Attorney Work Product Doctrine, Memorandum re: confidential settlement discussions with various parties"; and Honeywell log p. 21, 8th entry, 3/15/1991 from Forrow to file, "Confidential Summary Memorandum re discussions with NJDEP "). As set forth above, these descriptions do not provide adequate information for Grace or the Court to assess the validity of the claimed privilege. Grace has provided very detailed information regarding the subject matter and the privilege applicable to each document, and requests that Honeywell do the same (as is required both by the Federal Rules and by applicable case law). In this regard, please provide an amended log setting forth, for each entry, a description of the subject matter of the document as well as facts sufficient to support a claim of privilege.

I will call you on Wednesday, April 25th to discuss this matter further so that we can resolve these issues within the ten-day period provided by the Court. If you have any questions in the meantime, please feel free to call me.

Sincerely,

*Bill Hughes/BB*

William F. Hughes

cc:  Counsel of Record

---

[2] *See* Honeywell log p. 1, "6 [pages], 10/6/86, Arbesman, Stroup, Esq., "Marked 'Privileged & Confidential Attorney-Client Communication' Attorney Client Privileged.

*Fle*
*A2627-les*

**Wallace**
**King,**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC  20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

April 23, 2001

**By Facsimile and First-Class Mail**

Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068-1791

**Re:   *Interfaith Community Organization, et al v. Honeywell International et al.***

Dear Michael:

I have not received any response to my email to you (sent 4/19/01) regarding a proposed date for William Hague's deposition, which was noticed on December 12, 2000.  In my email I suggested that the deposition be held the first week in May, however, if that week is inconvenient for you or Mr. Hague, I am also available the second week in May.  It is imperative that you respond immediately with your availability so that I can plan accordingly.

Thank you in advance for your cooperation in this matter.

Sincerely,

Tamara Parker

Tamara R. Parker

cc:  All counsel of record
     John Agnello, Esq.

File
Honeywell
A3629-45

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

WILLIAM F. HUGHES
Direct Dial 202.204.3727
bhughes@wallaceking.com

April 23, 2001

*By Facsimile and First-Class Mail*

Michael Caffrey
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

Re:    *Interfaith Community Organization v. Honeywell International*
*Inc., et al.*

Dear Michael:

This is to confirm the following dates/times for the Honeywell 30(b)(6), James Wong and Emil Walerko depositions:

- Honeywell 30(b)(6) deposition on Category "A" – April 30, 2001 at 12:00 p.m. (at Carella Byrne, 6 Becker Farm Rd., Roseland, NJ);

- James Wong/Continuation of Honeywell 30(b)(6) – May 1, 2001 at 10:00 a.m. (at Carella Byrne); and

- Emil Walerko – May 15, 2001 at 10:00 a.m. (at Carella Byrne).

Very truly yours,

William F. Hughes

cc:  All Counsel of Record

File
A3629-65

**Wallace
King
Marraro
Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

April 26, 2001

**By Facsimile and First-Class Mail**

Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

> **Re:  *Interfaith Community Organization, et al v. Honeywell International et al.***

Dear Michael:

This letter is in follow-up to my phone call to you today in which you stated that you would get back to me on a date for the William Hague deposition once you heard back from your client. I agree that you need not send me letters to tell me that you are awaiting a response from your client, but as I had heard nothing in response to either of my requests to schedule the deposition next week, or the following week, I felt some contact was called for. I am trying to work out a date that is convenient for you and Mr. Hague, but I think common courtesy and professionalism required that you at least call and confirm that the dates I proposed are either tentatively acceptable, or advise me that they are unworkable so that I will not continue to hold them open on my calendar.

I realize there are many depositions being scheduled in this case, but the burden falls on both sides, and requires mutual cooperation. To this end, please respond by close of business on Monday, April 30, 2001 with two or three proposed dates for this deposition so I can plan accordingly.

Sincerely,

*Tamara Parker*

Tamara R. Parker

cc:  All counsel of record
     John Agnello, Esq.

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

CHARLES C. CARELLA
BRENDAN T BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
WALTER G LUGER
CHARLES M. CARELLA
JAMES E. CECCHI
DAVID G WHITE
NABIL N. KASSEM

HERBERT M. RINALDI
RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
MICHAEL A. GALLO, JR.
FRANCIS C. HAND
JAMES K. MCGUERIAN
OF COUNSEL

JAMES D. CECCHI (1933-1995)

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
6 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
(973) 994-1700
TELECOPIER (973) 994-1744

RAYMOND J. LILLIE
WILLIAM SQUIRE
DENNIS F. GLEASON
DAVID G. GILFILLAN
BRIAN H. FENLON
MELISSA E. FLAX
JOANNE C. GERBER
MARK D. MILLER
JUSTINE A. NICCOLLAI
ROBERT P. DONOVAN
ALAN J. GRANT*
NICOLA R.J. HADZIOSMANOVIC
JOSEPH N. MINISH
G. GLENNON TROUBLEFIELD
MICHAEL P. PASQUALE
LAURA S. MUNZER
*MEMBER N.Y. BAH ONLY

April 30, 2001

David W. Field, Esq.
Lowenstein, Sandler, Kohl, Fisher & Boylan
65 Livingston Avenue
Roseland, New Jersey 07068

> Re:   *Interfaith Community Organization, et al v. AlliedSignal Inc., et al.*
> Civil Action No. 95-2097 (JAG)
> Our File No. 734680-1

Dear David:

As you know, Judge Cavanaugh gave us ten (10) days to attempt to resolve the issue regarding your client's position with respect to the back fill/restoration requirement in the License Agreement. The ten (10) day period runs today.

Chris Marraro and I called you several times last week on this issue but have not heard back from you. Chris will be in my office this afternoon. Please confirm that you will be available at 3:00 p.m. today to speak with us so that we can then communicate with the Court.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

JOHN M. AGNELLO

JMA:li
cc:   All Counsel on Annexed List
By facsimile

*File*
*Honerie*
*A3627*
*65*

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com



RECEIVED
MAY - 4 2001
LOWENSTEIN SANDLER ETAL

May 1, 2001

*By Facsimile and First-Class Mail*

Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

*Re: Interfaith Community Organization, et al v. Honeywell International et al.*

Dear Michael:

I am writing to request that Honeywell's centralized statistical databases that contain information related to worker injuries/illnesses and/or medical environmental events, maintained on Honeywell's intranet, be searched for any documents responsive to any of Grace's requests for production of documents, and that any responsive documents be produced. Both Mr. Reese and Mr. Wong testified regarding the existence of this database, and that they were unaware of any searches of this database for responsive documents. *See,* Wong April 19, 2001 Dep. pp. 37-38; Reese April 18, 2001 Dep. pp. 83, 92-97). At a minimum, these database appear to have information responsive to Grace's First Set of Requests for Production and should have been produced pursuant to the Court's July 7, 2000 Discovery Order compelling production of various categories of health related documents. These databases may also contain information responsive to Grace's Second Request for Production of Documents as those requests specifically request data from electronic databases. As production of these documents is long overdue, it is imperative that you give this matter your immediate attention.

Sincerely,

*Tamara Parker*

Tamara R. Parker

cc: All counsel of record
    John Agnello, Esq.

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
WALTER G. LUGER
CHARLES M. CARELLA
JAMES E. CECCHI
DAVID G. WHITE
NABIL N. KASSEM

HERBERT M. RINALDI
RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
MICHAEL A. GALLO, JR.
FRANCIS C. HAND
JAMES K. MEGUERIAN
OF COUNSEL

JAMES D. CECCHI (1933-1995)

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

6 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
(973) 994-1700
TELECOPIER (973) 994-1744

RAYMOND J. LILLIE
WILLIAM SQUIRE
DENNIS F. GLEASON
DAVID G. GILFILLAN
BRIAN H. FENLON
MELISSA E. FLAX
JOANNE C. GERBER
MARK D. MILLER
JUSTINE A. NICCOLLAI
ROBERT P. DONOVAN
ALAN J. GRANT°
NICOLA R.J. HADZIOSMANOVIC
JOSEPH N. MINISH
G. GLENNON TROUBLEFIELD
MICHAEL P. PASQUALE
LAURA S. MUNZER
°MEMBER N.Y. BAR ONLY

May 4, 2001

David W. Field, Esq.
Lowenstein, Sandler, Kohl, Fisher & Boylan
65 Livingston Avenue
Roseland, New Jersey 07068

> Re:   *Interfaith Community Organization, et al v. AlliedSignal Inc., et al.*
> Civil Action No. 95-2097 (DMC)
> Our File No. 734680-1

Dear David:

I received a call from Judge Cavanaugh's law clerk, Kathy Critchley, returning my call from Monday.  I advised Ms. Critchley that we were at an impasse on the issue of the meaning of the restoration provision in the License Agreement, as well as the issues relating to the privilege log.

Ms. Critchley indicated that we should proceed by way of motion on both issues.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

JOHN M. AGNELLO

JMA:li
by fax and ordinary mail
cc:    Hon. Dennis M. Cavanaugh, U.S.D.J. (by ord. mail)
       All Counsel on Annexed List (by fax and ord. mail)

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

May 2, 2001



*By Facsimile and First-Class Mail*

Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

    *Re:  Interfaith Community Organization, et al v. Honeywell International et al.*

Dear Michael:

        I am writing to request that Honeywell produce all non-privileged documents responsive to any of Grace's requests for production that were prepared or produced in, or related to the following prior litigations:

    Hackensack Riverkeeper v. Honeywell International Inc.
    UYA et al., v. AlliedSignal, Inc., et al.
    Route 440 Vehicle Corp. v. Nicholas et al.
    Allied Signal, Inc., et al. v. Abielle-Paix Reassurances, et al
    Trum v. AlliedSignal, Inc., et al
    Kittsopolous, v. AlliedSignal, Inc., et al.
    PPG Industries, et al., v. Lawrence Construction, et al.
    New Jersey Turnpike Authority v. AlliedSignal Inc. et al.
    Settle v. PPG Indus., et al
    Bentey v. PPG Indus., et al.
    various administrative proceedings with NJDEP
    Exxon v. PPG Indus., et al.
    Hyman v. AlliedSignal, Inc., et al
    Hoffman v. Totaro et al.
    Cilino v. AlliedSignal, Inc., et al
    Newton v. AlliedSignal, Inc., et al.
    MetroPark litigation

By listing these actions on its privilege log, Honeywell has indicated that there are privileged documents responsive to Grace's requests, however, it does not appear that any


Wallace
King
Marraro
Branson

non-privileged documents from these prior litigations have been produced with the exception of some deposition transcripts, and in few instances some pleadings.

Grace specifically requested documents related to any other litigation filed or threatened related to the "material" at issue. *See* Grace's First Request For Production of Documents # 30. Honeywell's response to this request indicated that non-privileged documents from other litigation or threatened actions would be produced. In that same set of requests, Grace also sought various categories of documents related to the health effects of chromium and certain properties and impacts of chromium on the environment and structures. *See* Grace's First Request for Production, Requests 7, 8, 9, 13, 16, 17, 18, 22, 24, 57, 58. These requests were not limited to the current site. Grace's Fourth Requests also called for documents related to chromium generally, again not limited to the site now at issue.

Production of responsive, non-privileged documents from the listed litigations and actions is well past due, therefore the litigation files should be search and the documents produced in an expeditious manner. Grace believes it is highly improbable that there are no non-privileged documents from these actions responsive to any of the Grace requests for production, but if Honeywell contends that there are none, Grace demands confirmation that the litigation files have been searched for responsive, non-privileged documents and that none were found.

Sincerely,

Tamara Parker

Tamara R. Parker

cc: All counsel of record
    John Agnello, Esq.

*File*
*Honeywell*
*9/6/29 - 65*

# Wallace
# King
# Marraro
# Branson

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

May 7, 2001



**By Facsimile and First-Class Mail**

David Field, Esq.
Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

> *Re:  Interfaith Community Organization, et al v. Honeywell International et al.*

Dear David and Michael:

     Enclosed are thirteen deposition notices for Honeywell expert witnesses.  For the most part they have been noticed for each day following Honeywell's deadline to served defense expert reports under the Court's February 9, 2001 scheduling Order so as to be able to complete all depositions by the June 15, 2001 discovery cutoff.  Grace is forced by the short time period left in the discovery period to notice all of these depositions based on what categories of experts it anticipates Honeywell might designate, but obviously we will cooperate with you on scheduling whatever experts Honeywell in facts names.

     Sincerely,

*Tamara Parker*

Tamara R. Parker

cc:  All counsel of record
    John Agnello, Esq.

Enclosures

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL INC., )<br>(formerly known as AlliedSignal, Inc.), et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 95-2097 (DMC) |

## NOTICE OF DEPOSITION OF B. TOD DELANEY

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd., and

ECARG, Inc. (collectively, "Grace") wish to take the deposition of B. Tod Delaney.

Such deposition will commence on May 31, 2001, at 10:00 a.m. and continue day-to-day

until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &

Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated:  May 7, 2001

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ  07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC  20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

William F. Hughes

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al.,    )<br>   )<br>   )<br>   )<br>Plaintiffs,    )<br>   )<br>v.    )<br>   )<br>HONEYWELL INTERNATIONAL INC.,    )<br>(formerly known as AlliedSignal, Inc.), et al.,    )<br>   )<br>Defendants.    )<br>   ) | Civil Action No. 95-2097 (DMC) |

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as rebuttal experts on any heaving, geotechnical or geochemical issues or any other matters described in the expert report of Ronald Lee Schmiermund that Grace served on Honeywell on March 31, 2001. Such deposition will commence on June 4, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ 07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC 20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

_____
William F. Hughes

3

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

INTERFAITH COMMUNITY        )
ORGANIZATION, et al.,        )
                            )
            Plaintiffs,      )        Civil Action No. 95-2097  (DMC)
                            )
      v.                     )
                            )
HONEYWELL INTERNATIONAL INC.,  )
(formerly known as AlliedSignal, Inc.), et al.,  )
                            )
            Defendants.      )
                            )

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and

ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that

Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30,

2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as

rebuttal experts on any heaving, geotechnical or geochemical issues or any other matters

described in the expert report of Julio Emilio Valera that Grace served on Honeywell on

March 31, 2001.  Such deposition will commence on June 4, 2001, at 10:00 a.m. and

continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan,

Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated:  May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

> David Field
> Lowenstein Sandler PC
> 65 Livingston Ave.
> Roseland, NJ  07068
>
> Carolyn Smith Pravlik
> Terris, Pravlik & Millian, LLP
> 1121 12th Street, NW
> Washington, DC  20005
>
> William F. Mueller
> Clemente, Mueller & Tobia, P.A.
> 218 Ridgedale Ave.
> P.O. Box 1296
> Morristown, New Jersey 07962-1296

_____
William F. Hughes

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., ) ) ) )<br><br>Plaintiffs, )<br> )<br>v. )<br> )<br>HONEYWELL INTERNATIONAL INC., )<br>(formerly known as AlliedSignal, Inc.), et al., )<br> )<br>Defendants. )<br> ) | Civil Action No. 95-2097  (DMC) |

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,

Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc.

(collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell

International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of

the Court's February 9, 2001 Scheduling Order as rebuttal experts on any of the toxicological,

risk assessment, health or environmental issues or any other matters described in the expert

report of Elizabeth L. Anderson that Grace served on Honeywell on March 31, 2001. Such

deposition will commence on June 5, 2001, at 10:00 a.m. and continue day-to-day until

completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker

Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi Stewart &
Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the foregoing

Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ  07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC  20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

_____
William F. Hughes

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) ) |
| Plaintiffs, | ) )    Civil Action No. 95-2097 (DMC) |
| v. | ) ) ) |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) |
| Defendants. | ) ) ) |

## NOTICE OF DEPOSITION OF F. BRIAN JOHNSON, MAI

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd., and

ECARG, Inc. (collectively, "Grace") wish to take the deposition of F. Brian Johnson,

MAI.  Such deposition will commence on June 6, 2001, at 10:00 a.m. and continue day-

to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart

& Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ 07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC 20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

William F. Hughes

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)    Civil Action No. 95-2097  (DMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as rebuttal experts on any of the appraisal, valuation or damages issues or any other matters described in the expert report of Hugh E. McGuire that Grace served on Honeywell on March 31, 2001.  Such deposition will commence on June 6, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated:  May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ 07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC 20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

_____
William F. Hughes

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 95-2097 (DMC) |
| v. | ) ) ) |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF DEPOSITION OF HONEYWELL

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as rebuttal experts on any of the development issues or other matters described in the expert report of Richard Kanter that Grace served on Honeywell on March 31, 2001. Such deposition will commence on June 7, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

> David Field
> Lowenstein Sandler PC
> 65 Livingston Ave.
> Roseland, NJ  07068
>
> Carolyn Smith Pravlik
> Terris, Pravlik & Millian, LLP
> 1121 12th Street, NW
> Washington, DC  20005
>
> William F. Mueller
> Clemente, Mueller & Tobia, P.A.
> 218 Ridgedale Ave.
> P.O. Box 1296
> Morristown, New Jersey 07962-1296

William F. Hughes

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 95-2097 (DMC) |
| v. | ) ) ) | |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) | |
| Defendants. | ) ) | |

### NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as rebuttal experts on any of the due diligence issues or other matters described in the expert report of Phillip G. Coop that Grace served on Honeywell on March 31, 2001. Such deposition will commence on June 8, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

> David Field
> Lowenstein Sandler PC
> 65 Livingston Ave.
> Roseland, NJ 07068
>
> Carolyn Smith Pravlik
> Terris, Pravlik & Millian, LLP
> 1121 12th Street, NW
> Washington, DC 20005
>
> William F. Mueller
> Clemente, Mueller & Tobia, P.A.
> 218 Ridgedale Ave.
> P.O. Box 1296
> Morristown, New Jersey 07962-1296

William F. Hughes

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 95-2097  (DMC)

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 11, 2001 Scheduling Order as rebuttal experts on any of the remediation issues or other matters described in the expert report of Kirk W. Brown that Grace served on Honeywell on March 31, 2001. Such deposition will commence on June 11, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ  07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC  20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

William F. Hughes

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 95-2097 (DMC)

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and

ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that

Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30,

2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as

rebuttal experts on any of the ecological issues, environmental issues or other matters

described in the expert report of Peter M. Chapman that Grace served on Honeywell on

March 31, 2001.  Such deposition will commence on June 12, 2001, at 10:00 a.m. and

continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan,

Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

> David Field
> Lowenstein Sandler PC
> 65 Livingston Ave.
> Roseland, NJ  07068

> Carolyn Smith Pravlik
> Terris, Pravlik & Millian, LLP
> 1121 12th Street, NW
> Washington, DC  20005

> William F. Mueller
> Clemente, Mueller & Tobia, P.A.
> 218 Ridgedale Ave.
> P.O. Box 1296
> Morristown, New Jersey 07962-1296

_____
William F. Hughes

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 95-2097  (DMC) |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) | |
| Defendants. | ) ) | |

## <u>NOTICE OF DEPOSITION</u>

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and

ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that

Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30,

2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as

rebuttal experts on any of the health issues or other matters described in the expert report

of Max Costa that Grace served on Honeywell on March 31, 2001.  Such deposition will

commence on June 13, 2001, at 10:00 a.m. and continue day-to-day until completed at

the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm

Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated:  May 7, 2001

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ 07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC 20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

William F. Hughes

3

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 95-2097 (DMC) |
| v. | ) ) ) | |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) ) | |
| Defendants. | ) ) | |

### NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as rebuttal experts on any of the environmental issues or other matters described in the expert report of Andy Davis that Grace served on Honeywell on March 31, 2001. Such deposition will commence on June 14, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated:  May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the foregoing Notice of Deposition to be served by federal express on the following:

David Field
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ  07068

Carolyn Smith Pravlik
Terris, Pravlik & Millian, LLP
1121 12th Street, NW
Washington, DC  20005

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Ave.
P.O. Box 1296
Morristown, New Jersey 07962-1296

William F. Hughes

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HONEYWELL INTERNATIONAL INC., (formerly known as AlliedSignal, Inc.), et al., | ) ) )  ) |
| Defendants. | ) ) |

Civil Action No. 95-2097  (DMC)

## NOTICE OF DEPOSITION

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants/Cross-Claimants W.R. Grace & Co., W.R. Grace Ltd. and ECARG, Inc. (collectively, "Grace") wish to take the deposition of all persons that Defendant Honeywell International Inc. ("Honeywell") designate on or about May 30, 2001 pursuant to paragraph 1 of the Court's February 9, 2001 Scheduling Order as rebuttal experts on any of the health issues or other matters described in the expert report of Dr. Donald V. Belsito that Grace served on Honeywell on March 31, 2001.  Such deposition will commence on June 15, 2001, at 10:00 a.m. and continue day-to-day until completed at the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart  Olstein, 6 Becker Farm Road, Roseland, New Jersey.

Respectfully submitted,

Christopher H. Marraro
William F. Hughes
Angela M. Pelletier
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

John M. Agnello
Carella Byrne Baine Gilfillan Cecchi
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068
(973) 994-1700

Attorneys for W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

Dated: May 7, 2001

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2001, I caused a true and correct copy of the

foregoing Notice of Deposition to be served by federal express on the following:

> David Field
> Lowenstein Sandler PC
> 65 Livingston Ave.
> Roseland, NJ  07068
>
> Carolyn Smith Pravlik
> Terris, Pravlik & Millian, LLP
> 1121 12th Street, NW
> Washington, DC  20005
>
> William F. Mueller
> Clemente, Mueller & Tobia, P.A.
> 218 Ridgedale Ave.
> P.O. Box 1296
> Morristown, New Jersey 07962-1296

William F. Hughes

05/09/01   16:00 FAX 202 204 1002          WALLACE KING                                    ☒002



**Wallace King Marraro & Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

ANGELA PELLETIER
Direct Dial 202.204.3744
apelletier@wallaceking.com

May 9, 2001

*By Facsimile*

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

> Re: *Interfaith Community Organization, et al v. Honeywell International et al.*

Dear Mr. Field:

This letter is to notify you that documents relied upon by Grace's expert witnesses will be made available for your inspection and copying at our offices. Please contact me or Tamara Parker to arrange a date for review.

Sincerely,

*Angela Pelletier / jj*

Angela Pelletier

cc:   William Mueller
Joseph Rizzo
Steven German
John Agnello

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

May 11, 2001



*By Facsimile and First-Class Mail*

David Field, Esq.
Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

**Re:** *Interfaith Community Organization, et al v. Honeywell International et al.*

Dear David and Michael:

This letter is to confirm that Grace will take the following depositions on the dates indicated:

**May 21, 2001 at 10:00am    William Hague**
**May 22, 2001 at 10:00am    James Wong (personal and as**
**30(b)(6) deponent)**

Both depositions will be at the offices of Carella Byrne, 6 Becher Farm Rd, Roseland, NJ 07068.

Thank you for your cooperation in scheduling these depositions.

Sincerely,

*Tamara Parker*

Tamara R. Parker

cc: All counsel of record
John Agnello, Esq.

**Wallace
King
Marraro
Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

May 15, 2001

*Via Federal Express*

Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

  *Re:  Interfaith Community Organization, et al v. Honeywell International et al.*

Dear Michael:

  Enclosed are documents relied upon by Grace's expert, Hugh A. McGuire, Jr., MAI.

  As I understand it you would like us to copy and send all materials relied upon in preparation of our expert reports, and that you will reimburse us for the costs. Mr. McGuire's materials were not extensive so I did not obtain an estimate prior to having these copied and sent to you. Some of the other experts have a much larger volume of documents, including oversized items that will be more costly to reproduce. If it is agreeable with you, I will obtain an approximate cost and email it to you prior to sending them to be copied, and await your confirmation that you would like to have the entire amount copied. Generally our copy service charges from 8-15 cents per page for standard sizes, depending on the amount of handling, and they can typically complete a job order in one day, so there should not be a significant delay once you confirm that you are agreeable to the costs.

      Sincerely,

      Tamara Parker

      Tamara R. Parker

Enclosures

cc:  All counsel of record w/o enclosure
  John Agnello, Esq. W/o enclosure

04/18/01  16:28 FAX 202 204 1   _          WALLACE KING                              ☑002/002



**Wallace King Marraro & Branson, PLLC**
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007

Phone 202.204.1000
Fax 202.204.1001

William F. Hughes
Direct Dial 202.204.3727
bhughes@wallaceking.com

April 18, 2001

**By Facsimile**

Michael Caffrey
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

> **Re:  *Interfaith Community Organization v. Honeywell International Inc., et al.***

Dear Michael:

As we discussed, please provide me with a date for the continuation of Honeywell 30(b)(6) deposition. I will prefer the week of April 30, 2001.

Very truly yours,

*Bill Hughes/gr*

William F. Hughes

cc:    All Counsel of Record

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

May 18, 2001



*By Facsimile and First-Class Mail*

Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

Re: *Interfaith Community Organization, et al v. Honeywell International et al.*

Dear Michael:

I am writing regarding the tabulation of ACO costs incurred by Honeywell and submitted to NJDEP on July 17, 2000. This was not produced to Grace although it is called for in response to several of Grace's Request for Production, including Grace's First Request for Production of Documents Request 5 that specifically asks for documents related to "costs of conducting any past, present or future treatment, removal, excavation, cleanup or remediation ...", and Request 31 that calls for documents provided to NJDEP. Furthermore, as you are aware the June 1997 Licensing Agreement also requires Honeywell to provide ECARG on a continuing basis with all documents and written communications between Honeywell and its contractors, Honeywell and DEP or any other federal, state or local governmental agency, body, board, or department whatsoever relating to Honeywell's work at the Site. Honeywell's failure to provide the tabulation of ACO costs that was submitted to NJDEP to Grace therefore is a violation of the discovery obligations and yet another breach of the licensing agreement. In that this document should have been provided several months ago, I demand that it be produced immediately.

Sincerely,

*Tamara Parker*

Tamara R. Parker

cc: All counsel of record
John Agnello, Esq.

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

CHRISTOPHER H. MARRARO
Direct Dial 202.204.3720
cmarraro@wallaceking.com

May 18, 2001

***By Telecopy and U.S. Mail***

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

>    ***Re:  Interfaith Community Organization, et al. v. Honeywell International,***
>    ***Inc., et al.***

Dear David:

This letter is in reply to your correspondence of May 4, 2001, regarding privilege log issues. We have reviewed Honeywell's response and provide additional explanation for Grace's position that Honeywell's log is lacking in some instances and in others the privilege claim appears inadequate. I ask that you reconsider Honeywell's stand on certain privilege claims and/or the adequacy of the log in view of these and Grace's prior stated reasons.

First, Grace requests that Honeywell separately log documents from prior litigations. Although Honeywell produced a few documents from some of these cases, we cannot confirm that all non-privileged materials have been produced without a listing of all materials withheld from those litigations. Grace cannot determine what documents are being withheld because the log merely states that "various documents among counsel...." are being withheld. It is apparent that we did not receive all non-privileged materials from these cases because our review of Honeywell's production has disclosed instances where letters or file cover sheets indicate a particular document was attached, but that attachment is missing. There very well may be other materials in the litigation files from these prior cases that are not privileged. Grace is entitled to know for **each** withheld document the date, author, recipient, and description of the document. Grace requests that Honeywell amends its log to separately list each withheld document from these cases.

Second, certain documents are alleged to be work product, but are undated without identified recipients and appear to contain merely factual information that cannot be shielded from discovery. For example, on page 63 of the log are two documents


Wallace
King
Marzaro
Branson

David Field, Esq.
May 18, 2001
Page 2

(1/17/83 document containing 94 pages and a 3/8/95 document containing 81 pages) that appear to contain only factual information regarding the "historic operations." These documents are not authored by attorneys and have no identified recipients. To the extent there is any basis to withhold the document, the factual information in the document is subject to discovery. If need be, the factual information may be produced with any work product or privileged information redacted. We ask that Honeywell produce these two documents.

Third, there are documents that do not appear to have any attorney involvement and that also appear to be related to work that would have been performed irrespective of litigation. These documents appear to relate to required work under the Consent Orders with DEP. For example, there is an entry dated 1/20/1984 with no author or recipients that is described as a draft report on remediation activities at the Daylin/Grace site, and entries dated 1/6/84 and 12/14/83 authored by R.L. Fawcett that also are described as related to remediation investigation and strategy. Similarly, a document dated 1/1993 of unknown authorship and unknown recipients, is described as a draft from consultant containing NJDEP requirements and litigation strategy. At a minimum, the technical information is subject to discovery. These documents should be produced and any portion that is strictly litigation related may be redacted. Likewise, the 11/2/93 chromium research report by D.J. Billmaier that was sent only to non-lawyers does not appear to be protected by work product as it is not described as having been prepared for counsel for any litigation purposes and appears to be the type of document that would have an independent business use. Another undated entry with unknown authorship is described as "Memorandum re: remediation cost estimates. Prepared in anticipation of litigation." (Honeywell log p. 95). Without a date or author, it is impossible to confirm that the remediation cost estimates were in fact prepared for litigation rather than in connection with Honeywell's obligations under the Consent Order. As we have pointed out in earlier letters, only documents prepared *solely for litigation* are protected. *Bamberger International v. Rohm and Haas Co.*, 1997 U.S. Dist LEXIS 22770 at *9 (D.N.J. 1997) (Cavanaugh, U.S.M.J.), *citing First Pac. Networks v. Atlantic Mut. Ins.*, 163 F.R.D. 574, 582 (N.D. Cal. 1995). We ask that you produce those documents contained on pages 98-106 of Honeywell's log that refer to "remedial design options," "remedial design options and cost estimates," "remedial options," or "remedial design changes."

Finally, Honeywell has claimed privilege on documents where the author and recipient are unknown, some are undated as well, and the description does not provide any information to establish that they are indeed privileged. Your letter indicates that this information is not available; however, the documents themselves and the circumstances surrounding their identification are available. The descriptions of these documents do not give any detail that would indicate that they are protected by work product or privilege such as whether the documents were found in counsel's files or that the document reflects some legal advice. For example, pages 30 and 33 of Honeywell's log refer to undated


Wallace
King
Marraro
Branson

David Field, Esq.
May 18, 2001
Page 3

log provides no support that counsel authored these notes, or that they were maintained in a confidential manner. Honeywell's counsel had to have considered some information that led to the conclusion that these documents were privileged. The basis of that determination should be included in the description to support the privilege claim We ask that Honeywell either produce these documents or amend its log to provide sufficient information for Grace to ascertain the basis of the privilege.

These examples are not meant to be exhaustive. It is Grace's view that all documents that suffer these deficiencies should be produced in full, or where justified, in redacted form. As to those documents that truly are exempt from discovery, Honeywell should modify its privilege log to provide all information required by Fed.R.Civ.P. 26(b)(5).

Please advise as to whether or not you will cure these deficiencies.

Sincerely,

Christopher H. Marraro

CHM/kdc

cc: All counsel of record

**Wallace**
**King** ⟶
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

ANGELA PELLETIER
Direct Dial 202.204.3744
apelletier@wallaceking.com

May 21, 2001

**By Federal Express**

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

>    Re:    *Interfaith Community Organization, et al. v.*
>           *Honeywell International Inc., et al.*

Dear David:

Enclosed please find amended notices of deposition for the experts in this case. They have been modified only to include a document demand inadvertently omitted from the previously served notices.

Because scheduling discussions are still ongoing, these notices are set for the dates and times previously noticed. We will, however, proceed on alternate dates as agreed to by the parties.

If you have any questions please call me.

Sincerely,

Angela Pelletier

cc:  Michael Caffrey

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

CHRISTOPHER H. MARRARO
Direct Dial 202.204.3720
cmarraro@wallaceking.com

May 25, 2001

_**By Facsimile and U.S. Mail**_

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

  _**Re: Interfaith Community Organization, et al v. AlliedSignal, Inc., et al.**_

Dear David:

  The Grace Defendants hereby supplement their answers to the Responses of W.R. Grace to Allied Signal's First Set of Interrogatories. The Grace Defendants have completed their review of the document productions from Allied Signal and find that there maybe additional persons with knowledge. We do not know the extent of their knowledge from the documents nor do we know whether these individuals are alive. Grace amends its Response to Interrogatory 1 as follows:

- In documents produced by Allied Signal in the _Route 440 Vehicle Corporation v. Nicholas,_ the following General Cinema persons who may have knowledge were identified: Melvin Wintman, Robert F. Smerling, James Burke, Morris Englander, Richard Smith, William Zellen, Mayer Rabinovitz, and Raymond Keyes.

- In other _Route 440_ litigation documents produced by Allied Signal, General Cinema Corporation also identified the following persons: I.C. Lifland, Richard Smith, Robert Huff, Howard Spiess, James Ellis, James Burke, Louis DaVia, Raymond Keyes, and Morris Englander.

- In documents produced by Allied Signal relating to _PPG Industries, Inc. v. Lawrence Construction,_ the following persons were identified: Ingvald Moe (engineer for Goodrich/Daylin), Daryl Brown (Goodrich), and Morris Rayburn (Daylin, Inc.).


Wallace
King
Marraro
Branson

David Field, Esq.
May 25, 2001
Page 2

Please call if you have any questions.

Sincerely,

Christopher H. Marraro

CHM/kdc

cc:   All Counsel of Record

**Wallace
King
Marraro
Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

WILLIAM F. HUGHES
Direct Dial 202.204.3727
bhughes@wallaceking.com



May 29, 2001

*By Facsimile and First-Class Mail*

Michael Caffrey
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068-1791

> **Re:**   ***Interfaith Community Organization v. Honeywell International Inc., et al.***

Dear Mike:

As we discussed, W.R. Grace will be taking the depositions of Tod Dulany and Brian Johnson later in June or in July along with Honeywell's other experts, rather than on May 31st and June 6th as originally noticed.

Very truly yours,

William F. Hughes

cc:  All Counsel of Record

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

CHRISTOPHER H. MARRARO
Direct Dial 202.204.3720
cmarraro@wallaceking.com

May 25, 2001

***By Facsimile and U.S. Mail***

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

   Re:   *Interfaith Community Organization, et al v. AlliedSignal, Inc., et al.*

Dear David:

   We have had to reschedule three depositions because of newly discovered scheduling conflicts by our expert witnesses. The revised expert deposition dates are as follows:

   Dr. Elizabeth Anderson – Tuesday, June 19, 2001

   Dr. Peter Chapman – Tuesday, June 26, 2001

   Dr. Max Costa – Wednesday, June 27, 2001

For your reference, I enclose a copy of our expert witness deposition schedule. Please note that I have also enclosed the proposed dates for the Plaintiffs' experts. Please check with them to make sure that their expert witnesses are available on those dates.

                           Sincerely,

                           Christopher H. Marraro

CHM/kdc
Enclosure

cc:  All Counsel of Record

# ICO v. Honeywell Depositions Schedule

| Witness | Deposition Date |
|---|---|
| Hughe McGuire | Wednesday, 6/6 |
| Benjamin Ross | Thursday, 6/7 |
| Donald Belsito | Monday, 6/11 |
| Bruce Bell | Wednesday, 6/12 |
| Richard Kanter | Wednesday, 6/13 |
| Kirk Brown | Wednesday, 6/13 |
| Cheryl Montgomery | Thursday, 6/14 |
| Julio Valera | Friday, 6/15 |
| Elizabeth Anderson | Tuesday, 6/19 |
| Phil Coop | Thursday, 6/21 |
| Ronald Schmiermund | Friday, 6/22 |
| Peter Chapman | Tuesday, 6/26 |
| Max Costa | Wednesday, 6/27 |
| Andy Davis | Thursday, 6/28 |

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC  20007
Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

June 4, 2001

**By Facsimile and First-Class Mail**

Michael Caffrey, Esq.
Frank Boenning, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068-1791

    **Re:  *Interfaith Community Organization, et al v. Honeywell International et al.***

Dear Frank and Michael:

    This letter is in follow-up to my letter of May 24, 2001 requesting that the supporting documents for Honeywell's experts be produced simultaneously with the reports. As you are aware the timeframe for all expert depositions is extremely short making it imperative that we receive the supporting documents immediately. Please let me know when Honeywell will produce all of the supporting materials for experts, including any and all electronic files and computer models such as the computer model referenced in Gary Walter's report.

    Thank you in advance for your cooperation in this matter.

        Sincerely,

        Tamara Parker

        Tamara R. Parker

cc:  All counsel of record
    John Agnello, Esq.

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

WILLIAM F. HUGHES
Direct Dial 202.204.3727
bhughes@wallaceking.com

May 30, 2001

***By Facsimile And First-Class Mail***

David Field, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

     ***Re:***    ***Interfaith Community Organization v. Honeywell International Inc., et al.***

Dear David:

Enclosed are the rebuttal reports of Hugh McGuire and Gayle Koch. Related documents will be produced at a later date.

Very truly yours,

William F. Hughes

cc: All Counsel of Record

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
WALTER G. LUGER
CHARLES M. CARELLA
JAMES E. CECCHI
DAVID G. WHITE
NABIL N. KASSEM

HERBERT M. RINALDI
RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
MICHAEL A. GALLO, JR.
FRANCIS C. HAND
JAMES K. MEGUERIAN
OF COUNSEL

JAMES D. CECCHI (1933-1995)

A PROFESSIONAL CORPORATION

## COUNSELLORS AT LAW

6 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
(973) 994-1700
TELECOPIER (973) 994-1744

RAYMOND J. LILLIE
WILLIAM SQUIRE
DENNIS F. GLEASON
DAVID G. GILFILLAN
BRIAN H. FENLON
MELISSA E. FLAX
JOANNE C. GERBER
MARK D. MILLER
JUSTINE A. NICCOLLAI
ROBERT P. DONOVAN
ALAN J. GRANT°
NICOLA R.J. HADZIOSMANOVIC
JOSEPH N. MINISH
G. GLENNON TROUBLEFIELD
MICHAEL P. PASQUALE
LAURA S. MUNZER
°MEMBER N.Y. BAR ONLY

June 5, 2001

Honorable Dennis M. Cavanaugh, U.S.D.J.
Dr. Martin Luther King, Jr. Federal Building
50 Walnut Street
P.O. Box 999
Newark, New Jersey 07101-0999

> Re:    *Interfatih Community Organization, et al. v.*
> *Honeywell International Inc., et al.*
> Civil Action No. 95-9027

Dear Judge Cavanaugh:

This will confirm my telephone conversation this morning with your law clerk, Kathy Critchley, wherein Ms. Critchley advised that Your Honor has directed the parties to proceed as follows:

- The depositions of Mr. McGuire and Ms. Anderson, two of plaintiffs' experts, should proceed as scheduled.

- Honeywell should withdraw its motion *in limine* pertaining to the expert reports of Mr. McGuire and Ms. Anderson.

Honorable Dennis M. Cava.    gh, U.S.D.J.
June 5, 2001
Page 2.


- Honeywell may re-file its motion *in limine* after the conclusion of all discovery.

Thank you for your attention to and consideration of this matter.

Respectfully yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN


JOHN M. AGNELLO

JMA:li
By FedEx
cc:    All Counsel of Record (by facsimile and ordinary mail)

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
A PROFESSIONAL CORPORATION

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
WALTER G. LUGER
CHARLES M. CARELLA
JAMES E. CECCHI
DAVID G. WHITE
NABIL N. KASSEM

HERBERT M. RINALDI
RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
MICHAEL A. GALLO, JR.
FRANCIS C. HAND
JAMES K. MEGUERIAN
OF COUNSEL

JAMES D. CECCHI (1933-1995)

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
6 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
(973) 994-1700
TELECOPIER (973) 994-1744

RAYMOND J. LILLIE
WILLIAM SQUIRE
DENNIS F. GLEASON
DAVID G. GILFILLAN
BRIAN H. FENLON
MELISSA E. FLAX
JOANNE C. GERBER
MARK D. MILLER
JUSTINE A. NICCOLLAI
ROBERT P. DONOVAN
ALAN J. GRANT°
NICOLA R.J. HADZIOSMANOVIC
JOSEPH N. MINISH
G. GLENNON TROUBLEFIELD
MICHAEL P. PASQUALE
LAURA S. MUNZER
°MEMBER N.Y. BAR ONLY

June 8, 2001

TO:  ALL COUNSEL ON ANNEXED LIST

Re:   *Interfaith Community Organization, et al.  v. Honeywell, et al.*
Civil Action No. 95-2097
Our File No. 734680-1

Dear Counsel:

I received a telephone call from Judge Cavanaugh's chambers rescheduling the Status Conference for next week from Wednesday, June 13 at 10:00 a.m. to Friday, June 15 at 11:30 a.m.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

JOHN M. AGNELLO

JMA:li
Via facsimile and ordinary mail

**COUNSEL LIST**
*INTERFAITH COMMUNITY ORGANIZATION, et al.*
*vs.*
*ALLIEDSIGNAL, INC., ET AL.*
Civil Action No. 95-2097 (JAG)

| FIRM | ATTORNEY(S) FOR | TELEPHONE | FACSIMILE |
|---|---|---|---|
| David W. Field, Esq.<br>Lowenstein Sandler, PC<br>65 Livingston Avenue<br>Roseland, NJ 07068 | Defendant,<br>Honeywell<br>International, Inc. | (973) 597-2522 | (973) 597-2400 |
| Carolyn Smith Pravlick, Esq.<br>Steven J. German, Esq.<br>Damian A. Schane, Esq.<br>Kathleen L. Millian, Esq.<br>Terris, Pravlick & Millan, LLP<br>1121 Twelfth Street, NW<br>Washington, DC 20005 | Plaintiff,<br>Interfaith | (202) 682-2100 | (202) 289-6795 |
| Edward Lloyd, Esq.<br>15 Washington Street<br>Room 334<br>Newark, NJ 07102 | Plaintiff,<br>Interfaith | (973) 353-5695 | (973) 353-5537<br>(973) 353-1249 |
| William F. Mueller, Esq.<br>Clemente, Mueller & Tobia, PA<br>218 Ridgedale Avenue<br>P.O. Box 1296<br>Morristown, NJ 07962-1296 | Defendant,<br>Roned Realty<br>(Jersey City)<br>(Union City) | (973) 455-8008 | (973) 455-8118 |
| Christopher H. Marraro, Esq.<br>William Hughes, Esq.<br>Angela Pelletier, Esq.<br>Wallace King Marraro &<br>Branson, PLLC<br>1050 Thomas Jefferson St., NW<br>Washington, DC 20007 | Defendants,<br>W. R. Grace & Co.,<br>ECARG, Inc.<br>W. R. Grace, Ltd. | (202) 204-1000 | (202) 204-1001 |

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

WILLIAM F. HUGHES
Direct Dial 202.204.3727
bhughes@wallaceking.com

June 18, 2001

**By Facsimile and First-Class Mail**

Michael Caffrey
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

> **Re:     *Interfaith Community Organization v. Honeywell International Inc., et al.***

Dear Mike:

Ronald Schmiermund will not be available for a deposition this Friday, June 22nd as originally scheduled. I will provide you with alternative dates for Dr. Schmiermund as soon as I receive them.

With regard to Gayle Koch, she is available for a deposition on Tuesday, June 26th. Please let me know at your earliest convenience whether this date is acceptable.

Very truly yours,

William F. Hughes

cc: All Counsel of Record

*File*
*~oney well*
*A3~-9-05*

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
tparker@wallaceking.com

June 18, 2001



**By Facsimile and First-Class Mail**

Michael Caffrey, Esq.
Frank Boenning, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

        Re:  *Interfaith Community Organization, et al v. Honeywell International et al.*

Dear Frank and Michael:

        This is my third request that Honeywell produce supporting documentation for its expert reports. I have received no response whatsoever to my May 24, 2001 and June 4, 2001 letters asking that the supporting documents be produced simultaneously with the expert reports. It is wholly unacceptable for you to simply ignore these requests and to disregard your obligations in this regard. I must have a commitment from you by close of business tomorrow with acceptable arrangements for production. Please call so that we can discuss this matter.

                    Sincerely,

                    *Tamara Parker*

                    Tamara R. Parker

cc:  All counsel of record
      John Agnello, Esq.



File
may.ud
*WALLACE KING MARRARO & BRANSON, PLLC* A3629-6\
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007

Phone 202.204.1000
Fax 202.204.1001

TAMARA R. PARKER
Direct Dial 202.204.3743
parker@wallaceking.com

RECEIVED
JUN 20 2001
LOWENSTEIN SANDLER ETAL

June 18, 2001

**By Facsimile and First-Class Mail**

David Field, Esq.
Michael Caffrey, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

**Re:  *Interfaith Community Organization, et al v. Honeywell International et al.***

Dear David and Michael:

> Attached are additional supporting documents from Dr. Anderson. Some of these documents may already have been produced, but out of an abundance of caution, I am producing them to you.

Sincerely,

Tamara Parker

Tamara R. Parker

cc:  All counsel of record w/o attachments
John Agnello, Esq. w/o attachments

# 1

**Wallace**
**King**
**Marraro**
**Branson**

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC  20007

Phone 202.204.1000
Fax 202.204.1001

## FAX TRANSMITTAL

**DATE:**  March 21, 2001

**TO:**  Dr. Betty Anderson

**COMPANY:**

**FAX NUMBER:**  703-684-2223

**PHONE NUMBER:**  703-684-0123

**CLIENT/MATTER NO.**  54006

**FROM:**  Angela Pelletier
Direct Telephone: (202) 204.3744

**NUMBER OF PAGES:**  including this cover – 2

Attached are some sampling results that Dr. Goad asked me to fax to you.

This facsimile is intended only for the use of the persons to whom it is addressed, and may contain information that is privileged, confidential or protected under applicable law. If you are not the intended recipient, and are not authorized by the intended recipient to receive and deliver this facsimile, you are hereby notified that you are prohibited from copying, disseminating or relying on this facsimile. IF YOU RECEIVED THIS FACSIMILE IN ERROR, PLEASE CALL US COLLECT IMMEDIATELY.

# PRIVILEGED AND CONFIDENTIAL · ATTORNEY WORK PRODUCT

### Preliminary Chemistry Data for Water Samples Collected From Roosevelt Drive-In Site (North and South Swales) – March 5 – 9, 2001

| SAMPLE ID | BIOASSAY TEST CONCENTRATION % (V/V) | pH [1] | CHROMIUM (MG/L) [2] | | HEXAVALENT CHROMIUM (MG/L) [2] | |
|---|---|---|---|---|---|---|
| | | | TOTAL | DISSOLVED | TOTAL | DISSOLVED |
| NJ-W-1 (North Swale) Mar 7, 2001 | 100 | 12.1 | 2.40 | 2.27 | 2.5 | 2.5 |
| | 50 | 11.5 | - | - | - | - |
| | 10 | 9.8 | - | - | - | - |
| NJ-W-1 (North Swale) Mar 9, 2001 | 100 | 12.0 | 2.12 | 2.13 | 3.0 | 2.2 |
| | 50 | 11.5 | - | - | - | - |
| | 10 | 9.3 | - | - | - | - |
| NJ-W-2 (South Swale) Mar 9, 2001 | 100 | 10.9 | 0.401 | 0.429 | 0.44 | 0.44 |
| | 50 | 9.1 | - | - | - | - |
| | 10 | 8.0 | - | - | - | - |

1.  pH measurements performed by EVS in each test concentration at start of acute fish bioassays.
2.  Samples for chromium and hexavalent chromium analysis collected at same time as bioassay samples; analyses performed by Accutest Lab.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 1

Exposure Point Concentrations for Hexavalent Chromium in Soil at Site 115 used in the
Risk Assessment for the Incidental Soil Ingestion and Dermal Contact Pathways

| Receptor | Depth Range for Samples | 95% UCL on the Mean (mg/kg) | Maximum (mg/kg) | Reference |
|---|---|---|---|---|
| Construction Worker | 0 to 4 feet | 7,858 | 17,900 | Tetra Tech 2000, Table 6-2 |
| Utility Worker | 0 to 4 feet | 7,858 | 17,900 | Tetra Tech 2000, Table 6-2 |
| Commercial Establishment Worker | 0 to 2 feet | 7,819 | 17,900 | Tetra Tech 2000, Table 6-2 |
| Trespasser | 0 to 2 feet | 7,819 | 17,900 | Tetra Tech 2000, Table 6-2 |
| Child Resident | 0 to 2 feet | 7,819 | 17,900 | Tetra Tech 2000, Table 6-2 |
| Adult Resident | 0 to 2 feet | 7,819 | 17,900 | Tetra Tech 2000, Table 6-2 |

Exposure Point Concentrations for Hexavalent Chromium in Shallow Groundwater used in the
Risk Assessment for the Dermal Contact Pathway for Construction and Utility Workers

| Analyte | Average of Hits Only (ug/L) | Average for All Data (ug/L) | Maximum (ug/L) | Reference |
|---|---|---|---|---|
| Hexavalent Chromium, Dissolved | 14,700 | 13,600 | 23,500 | Tetra Tech 2000, Table 4-13 |
| Hexavalent Chromium, Unfiltered | 15,200 | 14,000 | 24,400 | Tetra Tech 2000, Table 4-13 |

References

Tetra Tech NUS Inc. 2000. Draft: Remedial Investigation Report, Study Area 7,
NJEDP Sites 115, 120, and 157, Jersey City, NJ. Volume 1 -- Text.
Ogden Environmental and Energy Services, Rifkin and Associates. July 2000.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 2

Exposure Point Concentrations for Hexavalent Chromium in Surface Water at Site 115
used in the Risk Assessment for the Ingestion and Dermal Contact Pathways

| Analyte | Frequency of Detection | Concentrations in ppb | | | Reference |
|---|---|---|---|---|---|
| | | Minimum | 95% UCL on Mean (a) | Maximum | |
| Hexavalent Chromium | 89 of 94 (b) | 11 | 3,700 | 19,900 | CEA 2000, Table 1 |
| Total Chromium | 86 of 94 (c) | 4 | 3,900 | 18,400 | CEA 2000, Table 1 |

A  Based on detected concentration data only.
B  4 samples treated as non detects and 1 sample with no data reported
C  3 samples treated as non detects and 5 samples with no data reported

**References**

Carpenter Environmental Associates Inc. 2000. Technical Review Comments on
Draft Remedial Investigation Report, Study Area 6. Ramsey, NJ. 5/12/00.

EPCs in Surface Water

Background and Technical Support for ...e
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

**Table 3**

**Exposure Point Concentrations for Hexavalent Chromium in Air
at Site 115 used in the Risk Assessment for the Inhalation Pathways**

**Construction Scenario**

NJ Department of Health (1966) collected airborne dust samples near dump truck loading operations associated with construction activities at Site 115. The reported concentrations were 0.03 and 0.04 mg Cr per m$^3$. Assuming the samples were for total chromium (Cr) and total suspended particulate (TSP) the samples were adjusted for use in the inhalation pathway of the risk assessment as follows.

To adjust the total Cr value to a hexavalent chromium (Cr VI) value the ratio of trivalent chromium (Cr III) to Cr VI found in the site 115 soil samples was used to estimate the average Cr VI in the sample.

|  |  |  |  |  |
|---|---|---|---|---|
| Trivalent Chromium | 46,700 | 0.72 | 23,274 | 0.75 |
| Hexavalent Chromium | 17,900 | 0.28 | 7,858 | 0.25 |
| Total | 64,600 | N/A | 31,132 | N/A |

A  Source of Data was Table 6-2 of Tetra Tech 2000.

From this analysis it was assumed that the samples contained 25% Cr VI. This the same ratio of Cr VI to total Cr as the overall average found for outdoor air samples collected from unpaved and partially paved commercial and industrial facitilies containing chromium residue (Falerios et. al, 1992).

Assuming that PM$_{10}$ is the upper size diameter relevant to the inhalation exposure, a factor of 0.6 was used to scale the assumed TSP samples to PM$_{10}$, which was the overall average ratio of respirable Cr VI to total particulate Cr VI for co-located samplers at sites in Hudson County, NJ (Falerios et al, 1992). The resulting Cr VI respirable air concentrations are then given by:

$$0.03 \text{ mg/m}^3 * 0.25 * 0.6 = 0.0045 \text{ mg/m}^3$$
$$0.04 \text{ mg/m}^3 * 0.25 * 0.6 = 0.006 \text{ mg/m}^3$$

A second method was employed to estimate the potential air concentrations for fugitive dust emissions from construction activities at Site 115. This method used the overall mean TSP concentration found at sites in Hudson County (i.e., 200 ug/m$^3$, Falerios et al. 1992), and scaled it to 120 ug/m$^3$ PM$_{10}$ using the 0.6 factor described above. Using the site 95% UCL for Cr VI in soil from 0 to 4 feet (i.e., 7,858 mg Cr VI/kg soil, Tetra Tech 2000) yields a value of 0.9 ug Cr VI per m3 for the respirable fraction.

The air concentration for the construction and utility workers was the average of these three values or 3.8 ug Cr VI per m$^3$. For residents, the worker concentration was multiplied by a dilution factor that was obtained through air modeling at Site 115 (see the file *SII Site 115 Air Modeling.OUT* for details).

**Vehicle Traffic Emissions**

For the commercial establishment worker, the vehicle traffic modeling for Site 115 in the RI was used (Tetra Tech 2000) which predicted an mean annual average PM$_{10}$ air concentration of 3.5 ug/m$^3$. This value was then scaled by the 95% UCL mean Cr VI soil concentration in the surface layer of 7,819 mg Cr VI per kg soil to obtain a respirable Cr VI air concentration of 0.0274 ug/m$^3$.

**References**

M. Falerios, K. Schild, P. Sheehan and D. Paustenbach. 1992. Airborne Concentrations of Trivalent and Hexavalent Chromium from Contaminated Soils at Unpaved and Partially Paved Commerical/Industrial Sites. J Air Waste Mgmt Assoc. 42(1):40-48.

Tetra Tech NUS Inc. 2000. Draft: Remedial Investigation Report, Study Area 7, NJEDP Sites 115, 120, and 157, Jersey City, NJ. Volume 1 -- Text. Ogden Environmental and Energy Services, Rifkin and Associates. July 2000.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 4

Human Health Toxicity Criteria Used in the Risk Assessment for Hexavalent Chromium
(Source of Data is USEPA IRIS Online Database)

| Receptor | Inhalation Cancer Slope Factor (mg/kg-day)[1] | Oral Reference Dose (RfD) (mg/kg-day) | Reference Air Concentration (RfC) (mg/m³) |
|---|---|---|---|
| Construction and Utility Worker | 42 | 8E-3 (a) | 1E-3 (b) |
| Commercial Establishment Worker | 42 | 3E-03 | 3E-4 (c) |
| Adult Resident | 42 | 3E-03 | 4E-3 (d) |
| Child Resident | 42 | 3E-03 | 7E-5 (e) |

A Modified to account for subchronic exposure (I.e., less than 7 years)
   Removed factor of 3 in uncertainty factor applied to account for subchronic study
B Modified to account for subchronic exposure at 5 days per week .
   1E-4 mg/m3 * [(7 days/week)/(5 days/week)] * 10 = 1E-3 mg/m3
C Modified to account for exposure at 5 days per week with daily inhalation rate of 10.4 m3
   1E-4 mg/m3 * [(20 m3/day)/(10.4 m3/day)]* [(7 days/week)/(5 days/week)]  = 3E-4 mg/m3
D Modified to account for exposure at 5 days per week with daily inhalation rate of 8 m3
   1E-4 mg/m3 * [(20 m3/day)/(8 m3/day)]* [(7 days/week)/(5 days/week)] * 10  = 4E-3 mg/m3
E Modified to account for difference between adult and child inhalation rate to body weight, and
   exposure at 5 days per week with a daily inhalation rate of 8 m3
   1E-4 mg/m3 * [(20 m3/day)/(70 kg)] * [(15 kg)/(10 m3/day)] = 4E-5 mg/m3
   4E-5 mg/m3 * [(10 m3/day)/(8 m3/day)]* [(7 days/week)/(5 days/week)] = 7E-5 mg/m3.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 5

Comparison of Hexavalent Chromium Exposure Point Concentrations
to Thresholds Associated with Allergic Contact Dermatitis (ACD)

Following NJDEP (1998) Guidance for calculating the alternative remediation standard (ARS) for ACD:

ARS for ACD = MET * Kd
where:

$\quad$ MET = minimum elicitation threshold
$\qquad$ = 25 mg/L (NJDEP 1998)
$\qquad$ = 1 mg/L (Belsito 2001)
$\quad$ Kd $\quad$ = soil/water partition coefficient L/kg
$\qquad$ = $136.9*(LSR)^{0.2831}$ (Tetra Tech 2000, Appendix F))
$\qquad$ = $136.9*(2)^{0.2831}$ (NJDEP 1998)
$\qquad$ = 167 L/kg

$\quad$ ARS for ACD (mg/kg) = $\quad$ 1 mg/L * 167 L/kg = 167 mg $Cr^{+6}$/kg soil
$\qquad\qquad\qquad\qquad\qquad$ 25 mg/L * 167 L/kg = 4,175 mg $Cr^{+6}$/kg soil.

### Hexavalent Chromium Exposure Point Concentrations for Soil Dermal Contact

| Receptor | 95% UCL on the Mean (mg/kg) | Maximum (mg/kg) | Lower Limit ARS (mg/kg) | Upper Limit ARS (mg/kg) |
|---|---|---|---|---|
| Construction Worker | 7,858 | 17,900 | 167 | 4,175 |
| Utility Worker | 7,858 | 17,900 | 167 | 4,175 |
| Commercial Establishment worker | 7,819 | 17,900 | 167 | 4,175 |
| Trespasser | 7,819 | 17,900 | 167 | 4,175 |
| Residents | 7,819 | 17,900 | 167 | 4,175 |

### Hexavalent Chromium Exposure Point Concentrations for Surface Water Dermal Contact

| Receptor | 95% UCL on the Mean (mg/L) | Maximum (mg/L) | Lower Limit MET (mg/L) | Upper Limit MET (mg/L) |
|---|---|---|---|---|
| Construction Worker | 3.7 | 19.9 | 1 | 25 |
| Utility Worker | 3.7 | 19.9 | 1 | 25 |
| Commercial Establishment worker | 3.7 | 19.9 | 1 | 25 |
| Trespasser | 3.7 | 19.9 | 1 | 25 |
| Residents | 3.7 | 19.9 | 1 | 25 |

### Hexavalent Chromium Exposure Point Concentrations for Shallow Groundwater Dermal Contact

| Receptor | 95% UCL on the Mean (mg/L) | Maximum (mg/L) | Lower Limit MET (mg/L) | Upper Limit MET (mg/L) |
|---|---|---|---|---|
| Construction Worker | 13.6 | 23.5 | 1 | 25 |
| Utility Worker | 13.6 | 23.5 | 1 | 25 |

References

D. Belsito. 2001. Expert Report in the Matter of Interfaith Community Organization
$\quad$ et al. v. Honeywell International, Inc. et al. March 22, 2001.

NJDEP. 1998. Summary of the Basis and Background of the Soil Cleanup Criteria
$\quad$ for Trivalent and Hexavalent Chromium. Trenton, NJ. New Jersey .
$\quad$ Department of Environmental Protection. Sep 18, 1998

Tetra Tech NUS Inc. 2000. Draft: Remedial Investigation Report, Study Area 7,
$\quad$ NJEDP Sites 115, 120, and 157, Jersey City, NJ. Volume II – Appendices.
$\quad$ Ogden Environmental and Energy Services, Rifkin and Associates. July 2000.

ACD Analysis

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 6

Soil Ingestion Pathway Deterministic Risk Assessment for a Child Resident

| Exposure Factors | Value | Units | Reference |
|---|---|---|---|
| Ingestion Rate (IR) | 200 | mg/day | USEPA 2001 |
| Conversion factor (CF) | 0.000001 | Kg/mg | USEPA 2001 |
| Bioabsorption factor (BI) | 0.1 | unitless | Paustenbach et al 1991 |
|  | 1 | unitless | USEPA 2001 |
| Exposure Frequency (EF) | 263 | days/year | 350 days/year * (9/12) |
| Exposure Duration (ED) | 6 | years | USEPA 2001 |
| Body Weight (BW) | 15 | Kg | USEPA 2001 |
| Averaging Time - Noncarcinogenic (AT) | 2190 | days | USEPA 2001 |

Chemical-Specific Factors and Risks

| Chemical | Chemical Concentration in Soil Column (CSS) mg/Kg | Average Daily Dose (ADD) (a) mg/kg-day | Non Carcinogenic Reference Dose (RFD) mg/kg-day | Non Cancer Hazard Quotient (b) |
|---|---|---|---|---|
| Hexavalent Chromium | 7.82E+03 | 7.51E-03 to 7.51E-02 | 3.00E-03 | 3 to 25 |

A  ADD = CSS x IR x CF x BI x EF x ED / (BW x AT)
B  Non Cancer Hazard Quotient  = ADD / RFD

References

D. Paustenbach, D. Meyer, P. Sheehan and V. Lau. 1991. An Assessment and Quantitative Uncertainty Analysis of the Health Risks to Workers Exposed to Chromium Contaminated Soils. Toxicol Ind Health. 7(3):159-96.

US EPA. 2001. Supplemental guidance for Developing Soil Screening Levels for Superfund Sites -- Peer Review Draft. Washington, DC. US EPA. March 2001.

**Background and Technical Support for the**
**Expert Report of Elizabeth L. Anderson in ICO v. Honeywell**

**Table 7**

**Carcinogenic Inhalation Pathway Deterministic Risk Assessment for a Construction Worker**

| Exposure Factors | Value | Units | Reference |
|---|---|---|---|
| Inhalation Rate (IR) | 20 | m3/d | USEPA 2001 |
| Exposure Frequency (EF) | 250 | days/year | USEPA 2001 |
| Exposure Duration (ED) | 1 | years | USEPA 2001 |
| Body Weight - Adult (BW) | 70 | Kg | USEPA 2001 |
| Averaging Time - Carcinogenic (AT - carc) | 25550 | days | USEPA 2001 |

## Chemical-Specific Factors and Risks

| Chemical | Chemical Concentration in Air (CA) mg/m3 | Lifetime Average Daily Dose (LADD) (a) mg/kg-day | Carcinogenic Inhalation Slope Factor (InhSF) (mg/kg-day)-1 | Cancer Risk (b) |
|---|---|---|---|---|
| Hexavalent Chromium | 3.80E-03 | 1.06E-05 | 4.20E+01 | 4E-04 |

A  LADD = CA x IR x EF x ED / (BW x AT)
B  Cancer Risk = LADD x InhSF

**References**
US EPA. 2001. Supplemental guidance for Developing Soil Screening Levels for Superfund Sites
    -- Peer Review Draft. Washington, DC. US EPA. March 2001.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 8

Carcinogenic Inhalation Pathway Deterministic Risk Assessment for a Child Resident

| Exposure Factors | Value | Units | Reference |
|---|---|---|---|
| Inhalation Rate (IR) | 3.33 | m3/d | USEPA 1997 See Note 1 |
| Exposure Frequency (EF) | 250 | days/year | Assumed See Note 2 |
| Exposure Duration (ED) | 1 | years | USEPA 2001 |
| Body Weight - Adult (BW) | 15 | Kg | USEPA 2001 |
| Averaging Time - Carcinogenic (AT - carc) | 25550 | days | USEPA 2001 |

Notes:
1  The daily inhaltion rate was scaled by 8/24 to reflect the hours per day of dust emissions.
2  The exposure frequency reflects the days per year when construction emissions could occur.

## Chemical-Specific Factors and Risks

| Chemical | Chemical Concentration in Air (CA (a)) mg/m3 | Lifetime Average Daily Dose (LADD) (b) mg/kg-day | Carcinogenic Inhalation Slope Factor (InhSF) (mg/kg-day)-1 | Cancer Risk (c) |
|---|---|---|---|---|
| Hexavalent Chromium | 1.71E-03 | 3.72E-06 | 4.20E+01 | 2E-04 |

A  Chronic air concentration estimated using the air concentration assumed at the construction
source (I.e., 3.8E-3 mg/m$^3$) and the expected dilution across the site.  Dilution factor estimated
by modeling generic 100 foot by 200 foot area source in the center of the site using a unit flux
rate, then dividing the model predicted annual average concentrations for all receptors by the
maximum predicted air concentration in the model run.  A dilution factor of 0.45 was used for the
scaling factor.  See the file *SII Site 115 Air Modeling.OUT* for details of the air modeling.
output, which shows all model inputs, assumptions and resutls has been saved as

A  LADD = CA x IR x EF x ED / (BW x AT)

B  Cancer Risk = LADD x SF

**References**

US EPA.  2001.  Supplemental guidance for Developing Soil Screening Levels for Superfund Sites
    -- Peer Review Draft.  Washington, DC.  US EPA.  March 2001.

US EPA.  1997.  Exposure Factors Handbook, Volumes I through III.
    Office of Research and Development.  August 1997.  EPA/600/P-95/002Fa.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 9

Non-carcinogenic Hexavalent Chromium Inhalation Pathway
Deterministic Risk Assessment for Construction Scenario

| | | | |
|---|---|---|---|
| Construction worker | 3.80E-03 | 1.00E-03 | 4 |
| Utility worker | 3.80E-03 | 1.00E-03 | 4 |
| Child Resident | 1.71E-03 | 7.00E-05 | 24 |

A  See Table 3, Exposure Point Concentrations in Air, for details on method to
   predict construction and utility air concentrations.  See Table 8,
   Carcinogenic Inhalation Pathway Deterministic Risk Assessment for a
   Child Resident, Footnote A, for details on the estimation of the child value.
B  See Table 4, Human Health Toxicity Data Used in the Risk Assessment for
   Hexavalent Chromium, for details on the reference air concentrations.
C  Non Cancer Hazard Quotient  = CA / RFC

Cr VI Non-Carc Inhalation

Case 01-01139-AMC Doc 928-13 Filed 08/30/01 Page 89 of 91
Background and Technical Support for
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 10

Monte Carlo Risk Assessment Inputs and Results

| Exposure Pathway and Receptor | Exposure Variable | Monte Carlo Input | Monte Carlo Results | |
|---|---|---|---|---|
| | | | Mean | 95 Percentile |
| Soi Ingestion: Child Resident | Soil concentration, hexavalent chromium in surface soil, mg/kg | Lognormal distribution, Mean = 4288, Standard Deviation = 3147 | 0.8 | 3 |
| | Ingestion rate, mg/day | Lognormal distribution, Mean = 100, Standard Deviation = 500 | | |
| | Body weight, kg | Lognormal distribution, Mean = 13.3, Standard Deviation = 4.2 | | |
| Inhalation: Carcinogenic Hexavelent Chromium: Construction Worker | Air concentration of respirable hexavalent chromium | Uniform distribution, Minimum = 5E-4 mg/m$^3$, Maximum = 6E-3 mg/m$^3$ | 3E-04 | 7E-04 |
| | Inhalation rate, m$^3$/hour | Triangular distribution, Minimum = 1.1, Likeliest = 1.3, Maximum = 3.3 | | |
| | Exposure duration, years | Triangular distribution, Minimum = 0.5, Likeliest = 0.5, Maximum = 2.0 | | |
| | Body weight, kg | Lognormal distribution, Mean = 72, Standard Deviation = 15.9 | | |
| Inhalation: Carcinogenic Hexavelent Chromium: Child Resident | Air concentration of respirable hexavalent chromium | Uniform distribution, Minimum = 5E-4 mg/m$^3$, Maximum = 6E-3 mg/m$^3$ | 4E-05 | 2E-04 |
| | Dilution factor for residential air concentrations from construction | Cummulative distribution: Dilution Factor/Percentile: 0.05/36.5%; 0.1/65.9%; 0.15/77.6%; 0.2/84.3%; 0.25/88.3%; 0.3/91.0%; 0.35/92.8%; 0.4/94.2%; 0.45/95.4%; 0.5/96.3%; 0.55/97.1%;0.6/97.7%; 0.65/98.2%;0.7/98.6%; 0.75/99.0%;0.8/99.26%; 0.85/99.34%;0.9/99.6%; 0.95/99.9%;1/100% | | |
| | Body weight | Lognormal distribution, Mean = 13.3, Standard Deviation = 4.2 | | |
| Inhalation: Non-carcinogenic Hexavelent Chromium: Construction/Utility Worker | Air concentration of respirable hexavalent chromium | Uniform distribution, Minimum = 5E-4 mg/m3, Maximum = 6E-3 mg/m3 | 3 | 6 |
| Inhalation: Non-carcinogenic Hexavelent Chromium: Child Resident | Air concentration of respirable hexavalent chromium | Uniform distribution, Minimum = 5E-4 mg/m3, Maximum = 6E-3 mg/m3 | 6 | 20 |
| | Dilution factor for residential air concentrations from construction | Same as cummulative distribution shown above for Child Resident. | | |

Monte Carlo Evaluation

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

### Table 11

### Ecological Risk Assessment for Surface Water on Site 115

The semi-permanent to permanent presence of surface water on Site 115 in swales and depressions provides a potential for direct contact and ingestion exposures to Cr VI for ecological receptors.

The surface water data described in Table 2 (EPCs in Surface Water) was used to evaluate potential risks to ecological receptors through the use of ecological benchmark toxicity levels.

**Aquatic Receptors**
**Comparison of Surface Water Data from Site 115 with Federal Ambient Water Quality Standards**

| | | | | | |
|---|---|---|---|---|---|
| Hexavalent Chromium | 11 | 19,900 | 1,592 | 3,700 | 16 | 11 |

A CMC = Criteria maximum concentration = highest concentration of a material in surface water to which an aquatic community can be exposed briefly without resulting in an unacceptable effect.

B CCC = Criterion Continuous Concentration = estimate of the highest concentration of a material in surface water to which an aquatic community can be exposed indefinitely without resulting in an unacceptable efect.

**Terrestrial and Avian Receptors**
**Comparison of Surface Water Data for Site 115 with National Academy of Science (NAS 1974)
health based recommended limit in drinking water for livestock and poultry.**

| Analyte | | | | |
|---|---|---|---|---|
| Cr VI | 11 | 19,900 | 1,592 | 3,700 | 1,000 |

### References

National Academy of Sciences. 1974. Nutrients and Toxic Substances in Water for Livestock and Poultry. Washington, DC. Subcommittee on Nutrient and Toxic Elements in Water, NAS.

US EPA. 1999. National Recommended Water Quality Criteria -- Correction. Office of Water, US EPA. April 1999. EPA 822-Z-99-001.

Background and Technical Support for the
Expert Report of Elizabeth L. Anderson in ICO v. Honeywell

Table 12

Verification of the NJDEP Proposed Soil Cleanup Criteria
for Hexavalent Chromium via the Residential Soil Ingestion Scenario

The NJ DEP (1998) has proposed a soil cleanup criteria of 240 mg/kg for
residential incidental soil ingestion of hexavalent chromium in soil.
Using the soil ingestion portion of the algorithm provided by the USEPA (2001)
for residential exposures to non-carcinogenic contaminants in soil, the soil
screening level is given by:



where:
SSL Cr VI  =  Risk based soil screening value for Cr VI for residential soil ingestion.
THQ        =  Total hazard quotient, unitless = 1
BW         =  Body weight  =  15 kg.
AT         =  Averaging time = 6 years.
RfDo       =  Oral reference dose for Cr VI  =  3E-3 mg/kg-day
EF         =  Exposure frequency  =  350 day/year
ED         =  Exposure duration  =  6 years.
IR         =  Soil incidental ingestion rate for children  =  200 mg/day.

The risk based soil screening value for Cr VI for residential soil ingestion based on the
algorithm and exposure inputs given above yields a value of ~ 240 mg/kg, which matches
the value recommended by NJDEP.

**References**
NJDEP.  1998.  Summary of the Basis and Background of the Soil Cleanup Criteria
for Trivalent and Hexavalent Chromium.  Trenton, NJ.  New Jersey .
Department of Environmental Protection.  Sep 18, 1998

US EPA.  2001.  Supplemental guidance for Developing Soil Screening Levels for Superfund Sites
-- Peer Review Draft.  Washington, DC.  US EPA.  March 2001.

NJDEP Standard