**EXHIBIT Q**

JMA (0338)
CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Christopher H. Marraro
WALLACE KING MARRARO &
BRANSON, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007
(202) 204-1000

Attorneys for Defendants,
W. R. Grace & Co., ECARG, Inc.,
W. R. Grace, LTD.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 95-2097 (DMC) |
| v. | |
| HONEYWELL INTERNATIONAL INC. (formerly known as ALLIEDSIGNAL, INC.), et al., | |
| Defendants, | ORDER |
| -AND- | |
| W.R. GRACE & CO., et al., | |
| Third-Party Plaintiffs, | |
| v. | |
| HELLER-JERSEY CITY L.L.C., et al., | |
| Third-Party Defendants. | |

FILED

FEB 13 2001

AT 8:30
WILLIAM T. WALSH
CLERK

ENTERED
ON
THE DOCKET

FEB 13 2001

WILLIAM T WALSH, CLERK
By_____
(Deputy Clerk)

This matter having been opened by the Court for a Status Conference in the presence of Terris, Pravlick & Millan, LLP (Bruce J. Terris, Esq., and Steven J. German, Esq., appearing) and Edward Lloyd, Esq., attorneys for plaintiffs, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein (John M. Agnello, Esq., appearing) and Wallace, King, Marraro & Branson (Christopher H. Marraro, Esq., appearing), attorneys for W. R. Grace & Co., ECARG, Inc. and W. R. Grace, Ltd., Lowenstein Sandler, PC (David W. Field, Esq., and Michael J. Caffrey, Esq., appearing), attorneys for Honeywell International, Inc., and for good cause shown;

It is on this ___9___ day of February, 2001,

ORDERED:

1. The Amended Scheduling Order entered by Magistrate Haneke on May 25, 2000, is modified as follows:

   - *all* Plaintiffs'/cross-claimant's expert reports are due March 31, 2001.

   - Defendants' expert reports are due May 30, 2001.

   - There shall be no rebuttal expert reports. Experts will be permitted to offer rebuttal testimony at the time of trial.

   - There shall be no new requests for discovery served by any party.

   - Only depositions which were noticed on or before the close of fact discovery on December 15, 2000, may be conducted.

   - Any party who did not serve a deposition notice on or before December 15, 2000, is precluded from noticing any deposition without further Order of the Court. Such an Order will only be granted if the party requesting the deposition can demonstrate to the Court's satisfaction, that it was prevented from issuing a deposition notice on or before December 15, 2000, because the party to whom

the deposition notice would have been directed was delinquent in responding to discovery requests.

- The Court will conduct a Status Conference on April 9, 2001, at 10:00 a.m.

DENNIS M. CAVANAUGH, U.S.D.J.