# EXHIBIT S

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, LAWRENCE BAKER, MARTHA WEBB HERRING, MARGARET WEBB, REV. WINTON CLARKE, and MARGARITA NAVAS,<br><br>Plaintiffs,<br><br>-vs-<br><br>HONEYWELL INTERNATIONAL, INC., RONED REALTY OF JERSEY CITY, INC., RONED REALTY OF UNION CITY, INC., W. R. GRACE & CO., ECARG, INC., W. R. GRACE, LTD.,<br><br>Defendants. | Civil Action No. 95-2097 (DMC) |

**BRIEF IN SUPPORT OF W.R. GRACE & CO.'S AND W.R. GRACE, LTD.'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY HONEYWELL INTERNATIONAL INC.**

CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, New Jersey 07068

WALLACE KING MARRARO &
BRANSON, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007

Attorneys for Defendants
W. R. Grace & Co., ECARG, Inc., and
W. R. Grace, Ltd.

**Date of Oral Argument: September 10, 2001**

## TABLE OF CONTENTS

                                                                                                                          **Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF UNDISPUTED FACTS .............................................................. 2

ARGUMENT ............................................................................................................. 4

POINT ONE ............................................................................................................... 4

    SUMMARY JUDGMENT IS APPROPRIATE WHERE THERE IS
    NO EVIDENCE TO SUPPORT ESSENTIAL ELEMENTS OF A CLAIM. ...... 4

POINT TWO .............................................................................................................. 5

        GRACE & CO. AND GRACE LTD. ARE NOT LIABLE UNDER
        CERCLA BECAUSE NEITHER COMPANY OWNED OR OPERATED
        THE SITE ............................................................................................................ 5

POINT THREE .......................................................................................................... 7

        GRACE & CO. AND GRACE LTD. ARE NOT LIABLE PERSONS
        UNDER THE SPILL ACT .................................................................................. 7

POINT FOUR ............................................................................................................ 9

        HONEYWELL'S CLAIM UNDER THE JOINT TORTFEASORS
        CONTRIBUTION LAW AND ITS CLAIM FOR DECLARATORY
        JUDGMENT ALSO FAIL .................................................................................. 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................5

*Aralac v. Hat Corp.*, 166 F.2d 286 (3d Cir. 1948) ...............................................................10

*Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir. 1995) ...........................4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................4, 5

*Connors v. District 5, United Mine Workers of America*, 30 F.3d 483
   (3d Cir. 1994) ...................................................................................................................5

*Erkins v. Case Power & Equipment Co.*, 164 F.R.D. 31 (D.N.J. 1995) ..............................9

*Fishbein Family P'ship v. PPG Industrial*, 871 F.Supp. 764 (D.N.J. 1994) .......................8

*Foulk v. Donjon Marine Co.*, 144 F.3d 252 (3d Cir. 1998) .................................................4

*J.F. Feeser, Inc. v. Service-A-Portion, Inc.*, 909 F.2d 1524 (3d. Cir. 1990) .......................5

*Lansford-Coaldale Joint Water Authority v. Tonolli Corp.*, 4 F.3d 1209
   (3d Cir. 1993) ...................................................................................................................6

*Lentz v. Mason*, 961 F.Supp. 709 (D.N.J. 1997) .............................................................6, 8

*Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............4

*Mijon v. Acquaire*, 144 A.2d 161 (N.J. Super. Ct. App. Dir. 1958) .................................10

*National State Bank v. Federal Reserve Bank*, 979 F.2d 1579 (3d Cir. 1992) ...................4

*N.J.D.E.P. v. Arky's Automobile Sales*, 539 A.2d 1280 (N.J. Super 1988) .......................9

*N.J.D.E.P. v. Ventron*, 468 A.2d 150 (N.J. 1983) ..............................................................8

*New Jersey Office Supply, Inc. v. Feldman*, 1990 U.S.Dist. LEXIS 6620
   (D.N.J. 1990) ..................................................................................................................10

*Padillas v. Stock Gamco, Inc.*, 186 F.3d 412 (3d Cir. 1999) ..............................................5

*Southland Corp. v. Ashland Oil*, 696 F.Supp. 994 (D.N.J. 1988) .....................................10

*Stearns & Foster Bedding v. Franklin Holding Co.*, 947 F.Supp. 790
  (D.N.J. 1996)..................................................................................................5, 8

*United States v. Bestfoods, Inc.*, 524 U.S. 51 (1998).......................................6, 7, 8


### Statutes and Regulations

CERCLA (42 U.S.C. §§ 9601 *et seq*) ....................................................................1

CERCLA § 107 (42 U.S.C. §§ 9607) ..........................................................6, 7, 10

CERCLA § 113 (42 U.S.C. § 9613) ......................................................................9

Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) ......................9

New Jersey Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11 *et seq* ..........1, 7

New Jersey Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11g.c(1) ...............8

New Jersey Spill Compensation and Control Act, N.J.S.A. § 58:10-23.11f.a.(2) ...............8

New Jersey Tortfeasor Contribution Act, N.J.S.A § 2A:53A-1 *et seq* ................9

New Jersey's Uniform Declaratory Judgments Law, N.J.S.A. §2A:16-50 *et seq*................9

<u>Other Authorities</u>

Federal Rules of Civil Procedure Rule 56 ............................................................4

## PRELIMINARY STATEMENT

Defendants W.R. Grace & Co. ("Grace & Co.") and W.R. Grace, Ltd. ("Grace Ltd.") submit this brief in support of their motion for summary judgment on the cross-claims brought against them by Honeywell International Inc. ("Honeywell"). Ironically, Honeywell seeks to hold Grace & Co. and Grace Ltd. liable for chromium contamination at a site in Jersey City, New Jersey (the "Site") under two environmental protection statutes, the Comprehensive Environmental Response, Compensation, & Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, and the New Jersey Spill Act, N.J.S.A. § 58:10-23.11 *et seq.*, despite the undisputed fact that Mutual, Honeywell's predecessor, dumped all the chromium now contaminating the Site and rendered it unusable. It is further undisputed that the sole owner of the Site is ECARG, Inc. ("ECARG"), a subsidiary of Grace & Co.

Summary judgment is appropriate because Honeywell's claims lack any legal basis. Neither Grace & Co. nor Grace Ltd. has any connection with the Site that would render them liable under the statutes at issue. Those companies never owned the Site, never conducted any operations there, and did not in any way contribute to the legacy of extensive chromium contamination Honeywell's predecessor left behind. The only connection either defendant has with the Site is that they owned stock in other companies that held title to the Site – and as demonstrated below, mere ownership of stock falls well short of the applicable standard for liability. Accordingly, summary judgment should be granted.

## STATEMENT OF FACTS[1]

In 1981, Daylin, Inc., purchased the Site at issue, unaware that it had been used for half a century by Honeywell's predecessor as a dumpsite for toxic chrome ore processing residue ("COPR"). (Declaration of John McFarland ("McFarland Decl.") ¶ 4.) When it purchased the property, Daylin's stock was owned by Grace & Co. and Grace Ltd.[2] (McFarland Decl. ¶ 5.) Although Honeywell's dumping had ceased in 1954, its toxic chromium waste remained on the Site. (A 1221-22 at 231:24 through 231:5)

In 1986, all of the stock of Daylin, then known as "Grace Retail Corporation," was sold to a wholly unrelated and independent third party, Channel Acquisition Corp. (McFarland Decl. ¶¶ 6,7.) As part of that transaction, the Site was transferred to ECARG, a subsidiary of Grace & Co. (McFarland Decl. ¶ 8.) ECARG retains ownership of the Site today. (McFarland Decl. ¶ 8.)

There is no dispute that ECARG is the only Grace defendant that has ever held title to the Site. Neither Grace & Co. nor Grace Ltd. ever owned or operated the Site, ever disposed of hazardous waste at the Site, or ever contributed to the contamination there. (McFarland Decl. ¶ 12.) Indeed, Honeywell's corporate designee was unaware of any evidence that *any* Grace defendant – including ECARG – ever disposed of any chromium waste at the Site:

---

[1] Included separately with this motion is a "Statement of Undisputed Material Facts In Support of the W.R. Grace & Co.'s and W.R. Grace Ltd.'s Motion for Summary Judgment on All Claims Asserted By Honeywell" and an Appendix in Support of the Grace Defendants' Motion for Summary Judgment." References to the Appendix are designated as "A" followed by the page number.

[2] The "W.R. Grace, Ltd." currently in existence (and therefore sued by Plaintiffs and Honeywell) is not the same corporation that owned a 20% interest in Daylin. That corporation has been dissolved and re-formed under the laws of Great Britain.

2

**MARRARO:**   Q   Did either . . . ECARG, Grace Limited or W.R. Grace and Co. dispose of any COPR on the Roosevelt Drive-In Site?

**WONG:**   A:   I don't know whether they did or not.

(A 1205 at 163: 9-13) When pressed to identify any basis under which Grace & Co. or Grace Ltd. could be liable for the chromium contamination Honeywell's predecessor caused, he identified only two: ECARG's ownership of the Site and vague, unsupported assumptions regarding "movement" of COPR during construction activities at the Site, which took place long before ECARG's ownership of the Site and with which neither Grace & Co. nor Grace Ltd. (nor, for that matter, ECARG) had any involvement. (A 1221 at 229:14 to 230:23)

When asked specifically about the bases for liability of Grace & Co. and Grace Ltd., Honeywell could not provide any evidence. *As to Grace Ltd.*, Honeywell conceded:

- It has no evidence that Grace Ltd. ever owned the Site (A 1258; A 1207 at 150:16 to 153:10)
- It has no evidence that Grace Ltd. ever conducted any operations at the Site. (A 1259; A 1202 at 153:11 to 154:7)
- It has no evidence that Grace Ltd. contributed to disposal of chromium at the Site, or, indeed, that any of the Grace defendants did. (A 1260; A 1203 at 155:10-18; A 1205 at 163:9-13)
- It has no evidence that Grace Ltd. ever took any action that contributed to the contamination at the Site or created any endangerment to the environment. (A 1262; A 1204 at 159:21 to 160:17.)
- It has no evidence that Grace Ltd. is "responsible in any way" for the contamination at the Site. (A 1263; A 1205 at 163:15 to164:7.)

*As to Grace & Co.*, Honeywell's testimony was equally clear:

- It has no evidence that Grace & Co. ever disposed of or handled chromium at the Site. (A 1220 at 223:2-18) ("How do you know it was W.R. Grace and Co. [moving chromium around the Site]?" "I don't know, that's what I'm trying to tell you.").)
- It has no evidence that Grace & Co. conducted "operations" at the Site. (A 1222 at 234:24 to 235:21) (stating "whether that was W.R. Grace and Co. or its subsidiary, I do not know").)

3

Honeywell's failure to point to any relevant, admissible evidence underscores its inability to establish that either Grace & Co. or Grace Ltd. ever owned the Site or performed any actions forming a basis for liability. Summary judgment, therefore, should be granted in favor of Grace & Co. and Grace Ltd. on all of Honeywell's claims.

## ARGUMENT

### POINT ONE

### SUMMARY JUDGMENT IS APPROPRIATE WHERE THERE IS NO EVIDENCE TO SUPPORT ESSENTIAL ELEMENTS OF A CLAIM.

A motion for summary judgment calls for the Court "to assess the proof in order to see whether there is a genuine need for a trial .... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To obtain summary judgment, the moving party must demonstrate that no genuine issue exists as to any material fact and it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56.

Where, as here, "the non-moving party bears the burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." *Foulk v. Donjon Marine Co.*, 144 F.3d 252, 258 n.5 (3d Cir. 1998); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 329 (3d Cir. 1995) (summary judgment appropriate where "nonmoving party's evidence is insufficient to carry its burden of persuasion at trial"). Significantly, "the movant has no obligation to produce evidence negating its opponent's case. The moving party merely has to point to the lack of any evidence supporting the non-movant's claim." *National State Bank v. Federal Reserve Bank*, 979 F.2d

1579, 1582 (3d Cir. 1992); *Stearns & Foster Bedding v. Franklin Holding Co.*, 947 F. Supp. 790, 796 (D.N.J. 1996) (moving party need not "'support its motion with affidavits or similar materials *negating* the opponent's claim'") (citing *Celotex*, 477 U.S. at 325).

Once the moving party demonstrates the lack of a genuine issue for trial, "the burden then shifts to the non-moving party to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Padillas v. Stock Gamco, Inc.*, 186 F.3d 412, 414 (3d Cir. 1999); *see also J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990) (non-movant "must establish the existence of each element on which it bears the burden of proof"). The opposing party may not rest upon mere allegations, but must present actual evidence that creates a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Connors v. District 5, United Mine Workers of Am.*, 30 F.3d 483, 489 (3d Cir. 1994). If the non-moving party fails to demonstrate a genuine issue of fact as to any essential element of its claim, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Here, Honeywell cannot meet its summary judgment burden of demonstrating that its claims against Grace & Co. and Grace Ltd. raise any genuine issue of material fact necessitating a trial. The undisputed facts demonstrate that Honeywell lacks evidence necessary to state a cognizable claim against either Grace & Co. or Grace Ltd. under the applicable legal standards. Thus, Honeywell's claims against those companies are ripe for summary judgment and should be dismissed.

## POINT TWO

### GRACE & CO. AND GRACE LTD. ARE NOT LIABLE UNDER CERCLA BECAUSE NEITHER COMPANY OWNED OR OPERATED THE SITE.

Honeywell's cross-claims allege that "*the Grace Defendants* owned and operated the Site at the time hazardous substances were disposed of at the Site" (A 0944 at ¶ 41; emphasis supplied), and are therefore liable to Honeywell for contribution under CERCLA, 42 U.S.C. §§ 9607(a)(1) and (2)). To meet its summary judgment burden against Grace & Co. and Grace Ltd., therefore, Honeywell must come forward with competent evidence that those companies are "owners and operators" of the site, either currently or at the time of disposal. *See* 42 U.S.C. § 9607(a); *Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1219 (3d Cir. 1993) (plaintiff must establish "owner/operator" status as part of *prima facie* case); *Lentz v. Mason*, 961 F. Supp. 709, 714-15 (D.N.J. 1997).

Critically, Honeywell's cross-claims fail to differentiate among the different Grace entities it named as defendants, and do not allege any facts demonstrating that Grace & Co. and Grace Ltd. – rather than ECARG – owned the Site. Honeywell's failure is not merely the result of inartful pleading. The undisputed facts demonstrate that neither Grace & Co. nor Grace Ltd. has ever owned or held title to the Site. McFarland Decl. ¶ 12. Honeywell has no evidence to the contrary, because none exists. Accordingly, there is no basis on which Grace & Co. or Grace Ltd. can be liable as an "owner" of the Site.

To the extent Honeywell's claims that Grace & Co. and Grace Ltd. are Site "owners" are predicated on their ownership of stock in other corporations that in turn have owned the Site, those claims are foreclosed by the United States Supreme Court's decision in *United States v. Bestfoods, Inc.*, 524 U.S. 51, 63-64 (1998). In *Bestfoods,* the Court emphasized that CERCLA did not displace the "deeply ingrained" general principle that a parent corporation "is not liable for the acts of its subsidiaries," *id.* at 61, and refused to hold a parent company liable for environmental injuries allegedly caused by a subsidiary. Here, *Bestfoods'* limitation on

6

corporate liability applies with particular force where the party responsible for massive environmental damage at the Site seeks to impose CERCLA liability on the parent of a corporation that unwittingly purchased the contaminated property. There is no basis in law or in equity for doing so.

Similarly, neither Grace & Co. nor Grace Ltd. can be held liable under CERCLA as an "operator" of the Site. *Bestfoods* precludes CERCLA "operator" liability unless the defendant itself – rather than an affiliate or subsidiary – actively participated in and exercised control over pollution-generating activities:

> To sharpen the definition [of "operator"] for purposes of CERCLA's concern with environmental contamination, an operator must manage, direct, or conduct operations specifically related to pollution, that is, operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations.

*Bestfoods*, 524 U.S. at 66-67.

The undisputed facts demonstrate that neither Grace & Co. nor Grace Ltd. carried on any business at all at the Site, let alone business that caused the contamination. Chromium disposal at the Site ceased no later than 1953 or 1954 when Honeywell's predecessor left, long before any Grace entity owned the Site. (A 1221 at 230:24-15; A 1222 at 231:1-5); *see also* McFarland Decl., ¶ 13 (no Grace entity disposed of chromium waste at site). Furthermore, Honeywell admits it lacks any evidence that *any* Grace defendant disposed of chromium at the Site. (A 1205 at 163:9-13). Summary judgment, therefore, should be granted.

## POINT THREE

### GRACE & CO. AND GRACE LTD. ARE NOT LIABLE PERSONS UNDER THE SPILL ACT

The New Jersey Spill Act, N.J.S.A. § 58:10-23.11 *et seq.*, provides that "a party who has discharged a hazardous substance, or is in any way responsible for any hazardous substance"

may be liable for contribution to another discharger who has expended cleanup or removal costs. N.J.S.A. 58:10-23.11g.c(1) (joint and several liability); N.J.S.A. 58:10-23.11f.a(2) (right of contribution). To establish Spill Act liability, therefore, Honeywell must demonstrate that Grace & Co. and Grace Ltd. are "dischargers" of the chromium or are "otherwise responsible" for the contamination at the Site. Honeywell apparently concedes that Grace & Co. and Grace Ltd. are not "dischargers," but nevertheless seeks to hold them liable in contribution as "persons in any way responsible" for the chromium contamination Honeywell left at the Site. (A 0945, ¶¶ 51, 56.)

Honeywell's failure to establish CERCLA liability, however, necessarily dooms its Spill Act claim, as this Court has consistently recognized. "In order to impose liability on a parent or sibling corporation under the Spill Act, the plaintiff must 'prove the same elements .... as under CERCLA.'" *Stearns & Foster*, 947 F. Supp. at 811 (ellipses in original); *see also Lentz*, 961 F. Supp. at 718 ("standards for liability under the Spill Act are the same as under CERCLA"); *Fishbein Family P'ship v. PPG Indus.*, 871 F. Supp. 764, 772 (D.N.J. 1994) ("New Jersey case law requires PSE&G to prove the same elements under the Spill Act as under CERCLA").

As with Honeywell's CERCLA claim, its Spill Act claim cannot be premised on Grace & Co.'s or Grace Ltd.'s ownership of ECARG or Daylin. Consistent with the Supreme Court's *Bestfoods* decision, New Jersey courts have long interpreted the Spill Act in accordance with the long-standing common law rule of limited corporate liability, and have consistently held that corporate parents or affiliates are not "responsible" under the Spill Act solely by virtue of an ownership interest in the site owner. *See, e.g., NJDEP v. Ventron*, 468 A.2d 150, 165 (N.J. 1983) (parent not liable for acts of subsidiary absent showing that subsidiary was incorporated

for an "unlawful purpose"); *N.J.D.E.P. v. Arky's Auto Sales*, 539 A.2d 1280, 1283-84 (N.J. Super. 1988) (refusing to impose liability for corporation's acts on shareholders).

But even more fundamentally, Grace & Co. and Grace Ltd. cannot be considered "persons responsible" for the contamination at the Site because Honeywell itself is entirely responsible for all of the COPR dumped at the Site, and admits that it lacks evidence that any Grace defendant ever disposed of chromium. *See* A 1233 at 276:12, 277:14; *see also* McFarland Decl. ¶ 13, (stating that no Grace defendant ever placed chromium waste at the Site). There is, therefore, no basis for holding either of these parties "responsible" under the Spill Act and Honeywell's claim should be dismissed.

## POINT FOUR

### HONEYWELL'S CLAIM UNDER THE JOINT TORTFEASORS CONTRIBUTION LAW AND ITS CLAIM FOR DECLARATORY JUDGMENT ALSO FAIL

Honeywell also seeks, in Counts III and IV of its Cross-claims, judgment against Grace & Co. and Grace Ltd. under the Joint Tortfeasors Contribution Law and a declaratory judgment, pursuant to CERCLA's declaratory judgment provision (42 U.S.C. § 9613(g)(2)), New Jersey's Uniform Declaratory Judgments Law (N.J.S.A. §2A:16-50 *et seq.*), and the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), that Grace & Co. and Grace Ltd. are liable for Honeywell's costs and damages. Because Honeywell's substantive claims fail, there is no basis for such claims against Grace Co. and Grace Ltd. and summary judgment should be granted.

A right to contribution only arises under the Joint Tortfeasors Contribution Law only when an "injury or damage is suffered ... as a result of the wrongful act, neglect or default of joint tortfeasors" and one of the joint tortfeasors pays more than his pro rata share of the damage. N.J.S.A. 2A:53A-3 (1999); *Erkins v. Case Power & Equip. Co.*, 164 F.R.D. 31, 33 (D.N.J. 1995). A contribution claimant "must allege and prove that the party against whom he makes

[the claim] is a joint tortfeasor within the meaning of the Act." *Mijon v. Acquaire,* 144 A.2d 161, 168 (N.J. App. Div. 1958); *New Jersey Office Supply, Inc. v. Feldman,* 1990 U.S. Dist. Lexis 6620, *13-14 (D.N.J. June 4, 1990) ("the onus of proof of the common burden is on the person demanding a share of the burden"). Honeywell cannot meet this burden because, as established above, there is no evidence that Grace & Co. or Grace Ltd. are tortfeasors at all, let alone "jointly" with Honeywell. Thus, Honeywell's claim for contribution (Count III) should be dismissed.

Likewise, because Honeywell cannot sustain its burden on its substantive claims, it is not entitled to a declaratory judgment. *Aralac v. Hat Corp.,* 166 F.2d 286 (3d Cir. 1948) (Declaratory Judgments Act provides no substantive rights; requirements and restrictions of underlying substantive cause of action still govern); *Southland Corp. v. Ashland Oil,* 696 F. Supp. 994, 999 (D.N.J. 1988) (party seeking declaratory judgment of CERCLA liability must prove each element of § 107 CERCLA claim, including defendant's liability as "owner," "operator," etc.). Accordingly, Count IV should be dismissed.

## CONCLUSION

For the foregoing reasons, Grace & Co. and Grace Ltd. respectfully request that Court enter summary judgment in their favor on all of Honeywell's Cross-claims.

Respectfully submitted,

Dated: June 13, 2001

John M. Agnello (JMA0338)
CARELLA BYRNE BAIN GILFILLAN
CECCHI STEWART & OLSTEIN
6 Becker Farm Road
Roseland, New Jersey 07068

Christopher H. Marraro (CHM3720)
William F. Hughes (WFH5996)
Angela M. Pelletier

10

Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, D.C. 20007

Attorneys for Defendants W.R. Grace & Co.,
W.R. Grace, Ltd., and ECARG, Inc.

By: _____
William F. Hughes (WFH5996)