# EXHIBIT BB

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INTERFAITH COMMUNITY )
ORGANIZATION, et al. )
                                     ) HON. JOSEPH A. GREENAWAY, JR.
         Plaintiffs )
                                     ) Civil No. 95-2097
v. )
                                     ) RETURN DATE: May 22, 2000
HONEYWELL INTERNATIONAL, INC. )
(formerly known as AlliedSignal, Inc., et al.) )
         Defendants )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE

BRUCE J. TERRIS (BT 9359)
CAROLYN SMITH PRAVLIK (CSP 4481)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632
(202) 682-2100

EDWARD LLOYD (EL 2633)
416 Clark Street
South Orange, New Jersey 07079
(973) 353-5695

Attorneys for Plaintiffs

April 25, 2000

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................... i

INTRODUCTION ........................................................... 1

ARGUMENT ............................................................... 2

I. THE TWO CASES ARE BASED ON SIMILAR ISSUES OF
   FACT AND LAW ....................................................... 2

   A. THE LEGAL AND FACTUAL ISSUES IN BOTH CASES ARE IDENTICAL ...... 2

   B. THE INJURIES SUFFERED BY PLAINTIFFS ARE SIMILAR ............... 4

      1. Plaintiff ICO ............................................. 4

      2. Plaintiffs Hackensack Riverkeeper, Inc. and William Sheehan ........ 6

   C. PLAINTIFFS' INJURIES WERE CAUSED BY THE
      SAME DEFENDANTS ............................................ 8

II THE TWO CASES SHOULD BE CONSOLIDATED IN THE
   INTERESTS OF JUDICIAL ECONOMY ................................... 9

CONCLUSION ............................................................ 10

## TABLE OF AUTHORITIES

**FEDERAL STATUTES**                                                                   **PAGE**

33 U.S.C. 1365 .................................................... 2
42 U.S.C. 6972(a)(1) ............................................... 2
42 U.S.C. 6972(a)(1)(B) ............................................ 2

**RULES AND REGULATIONS**

Federal Rules of Civil Procedure

Rule 42(a) ........................................................ 1

New Jersey Federal Practice Rules

Rule 42.1 ......................................................... 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, et al. ) ) ) Plaintiffs ) ) v. ) ) HONEYWELL INTERNATIONAL, INC. ) (formerly known as AlliedSignal, Inc., et al.) ) ) Defendants ) ) | HON. JOSEPH A. GREENAWAY, JR. Civil No. 95-2097 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO CONSOLIDATE**

INTRODUCTION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 42.1 of the N.J. Federal Practice Rules, plaintiffs move this Court for an order consolidating the instant action with related litigation. "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Rule 42(a) of the Federal Rules of Civil Procedure. An almost identical action, alleging the same violations by the same defendants, with an almost identical complaint (except for a description of the plaintiff), involving identical issues of fact and law, and seeking the same relief is pending in *Hackensack*

*Riverkeeper, Inc. and William Sheehan v. Honeywell International, Inc.*, D.N.J., Civ. No. 00-1451(JAG)[1].

## ARGUMENT

### I

### THE TWO CASES ARE BASED ON SIMILAR ISSUES OF FACT AND LAW

A.  THE LEGAL AND FACTUAL ISSUES IN BOTH CASES ARE IDENTICAL

In *Hackensack Riverkeeper, Inc. v. Honeywell*, plaintiffs Hackensack Riverkeeper, Inc. and William Sheehan recently instituted an action under Section 7002(a)(1)(A) of the Resource Conservation and Recovery Act (hereafter "RCRA"), 42 U.S.C. 6972(a)(1), Section 7002(a)(1)(B) of RCRA, 42 U.S.C. 6972(a)(1)(B), and Section 505 of the Federal Water Pollution Control Act (hereafter "the Water Act"), 33 U.S.C. 1365, to remedy the storage and/or disposal of hazardous waste, including hazardous chromium-bearing waste, by defendants in violation of RCRA at a site known as the Roosevelt Drive In site in Jersey City, New Jersey, and to remedy the discharge of pollutants to surface waters, namely the Hackensack River, without a permit, in violation of the Water Act. Plaintiffs in both actions seek a declaratory judgement, injunctive relief, civil penalties, and costs. These legal claims, and their underlying factual

---

[1] On or about December 1, 1999, pursuant to an Agreement and Plan of merger dated June 4, 1999, AlliedSignal, Inc. merged with Honeywell, Inc. to form Honeywell International, Inc. ("Honeywell"). Honeywell is directly responsible and liable for the debts and liabilities of AlliedSignal. Honeywell is the successor by acquisition and merger of AlliedSignal and is therefore directly or vicariously liable for the liabilities of AlliedSignal. The two companies shall hereafter be referred to jointly as "Honeywell." The matter originally captioned *Interfaith Community Organization, et al. v. Allied Signal, et al.*, D.N.J. Civ. No. 95-2097 (JAG) will be referred to as *ICO v. Honeywell*. The matter captioned *Hackensack Riverkeeper, Inc. and William Sheehan v. Honeywell International, Inc.* will be referred to as *Hackensack Riverkeeper, Inc. v. Honeywell*.

2

bases, are identical to those currently before this Court in *ICO v. Honeywell*. As a result, the motions, briefing, and legal and factual disputes in the two cases are likely to be identical or at least extremely similar.

The facts in both lawsuits are based on the effects that chromium contamination at the Roosevelt Drive In site has on human health and the environment. Consequently, discovery in *Hackensack Riverkeeper, Inc. v. Honeywell* will rely heavily, if not entirely, on discovery in *ICO v. Honeywell*. In an effort to evaluate the nature and extent of the impact of this contamination, defendants have spent many years and dollars in studies and reports. The studies, necessary for both a determination of the environmental impacts of chromium at the Roosevelt Drive In site, and for a final remediation of the site, include complex scientific matters, including geology, hydro-geology, human health risk assessments, and ecological risk assessments. Thousands of scientific samples, including, but not limited to, soil boring samples, surface water samples, monitoring well samples, and river sediment samples have been collected, analyzed, and compiled into multi-volume data reports. Plaintiffs have employed experts, including soil experts, water experts, and risk assessors, to sample many of these specimens and to report their results.

Defendant Honeywell has likewise employed experts, environmental consultants, and engineering consultants who have generated many thousands of pages of technical data, graphs, charts, and maps. These data have been compiled in multi-volume reports such as the Draft Interim Data Deliverable, the Master Grouping and Scheduling Plan, and the Remedial

Investigation Report. Defendants counsel has provided plaintiffs' counsel with many of these documents during a protracted and ongoing[2] discovery process.

Aside from the scientific analyses and reports that have been compiled, this Court has entertained various motions. including discovery motions. hearings. and conferences relating to legal disputes in this case. For example, extensive briefing and argument has taken place to determine the scope of this Court's January 29. 1997, Order. Seven depositions have already been taken, including depositions of defendant Honeywell's Project Leader and Project Manager of the Remedial Investigation of the Hudson County Chromium sites. Numerous additional depositions will be added. By consolidating these actions, this Court can save all the interested parties, as well as the Court. the time and expense associated with re-litigating these legal issues and conducting duplicative discovery and depositions.

B.    THE INJURIES SUFFERED BY PLAINTIFF ARE SIMILAR

1.    Plaintiff ICO

ICO instituted *ICO V. Honeywell* on behalf of itself, its member churches. its individual members, and the members of its member churches. Com., para. 19. Margarita Navas, Margaret Webb, Martha Webb Herring, Lawrence Baker. and Rev. Winston Clarke were also plaintiffs in *ICO v. Honeywell*. Plaintiffs are represented by Terris, Pravlik, and Millian. LLP of Washington. D.C., and Edward Lloyd of Newark, New Jersey.

ICO's interest in Hudson County's chromium problem arose from two sources. First. ICO discovered in 1988 and 1989 that the property of several members of ICO's member churches

---

[2] Plaintiffs counsel awaits the production of yet more of these technical documents in response to several outstanding discovery requests.

4

was contaminated with chromium. Since that time, dozens of members of ICO member churches in various Jersey City neighborhoods have found that they are directly and adversely affected by chromium. Some have shown elevated chromium levels in their urine and some have chromium in and under their homes.

Second, ICO attempted to construct affordable housing in Hudson County. In 1989 and 1990, ICO engaged in an ultimately unsuccessful campaign to construct 600 units of single-family affordable homes in Jersey City, New Jersey. Despite ICO's success in raising substantial low-cost financing for construction, this effort did not succeed because no large tracts of land were available in Jersey City that were not contaminated with chromium.

Since 1989, ICO has been actively engaged in efforts to solve Hudson County's chromium problem, including efforts to conduct a public health assessment of the effects of chromium exposure on Hudson County residents, the successful effort to get chromium waste excavated and removed from Metro Field in Jersey City, and a pending lawsuit seeking the clean up of Liberty State Park.

Plaintiffs Margarita Navas, Margaret Webb, Martha Webb Herring, Lawrence Baker, and Rev. Winston Clarke reside and work in the vicinity of the Roosevelt Drive In site and the Hackensack River. These plaintiffs frequently drive by the site, which is located on Route 440, a major city street, and shop at stores on and adjacent to the site. Several of these individuals have expressed health concerns arising from their exposure to chromium. In addition, the site remains a blight on the neighborhood. The discharge of pollutants, including chromium, from the site into the Hackensack River, hinders the plaintiffs' use and enjoyment of the Hackensack River and its natural surroundings. If the Roosevelt Drive In site were remediated and put to its most

probable use as a retail store or some other light commercial use, plaintiffs would seek work at the commercial establishment and/or shop at the retail store. If the discharges to the Hackensack River were remedied, plaintiffs would increase their use and enjoyment of the River.

2.   Plaintiffs Hackensack Riverkeeper, Inc. and William Sheehan

Hackensack Riverkeeper, Inc. filed *Hackensack Riverkeeper, Inc. v. Honeywell* on behalf of itself, its officers, directors, trustees, and employees. Com., para. 23. William Sheehan filed *Hackensack Riverkeeper, Inc. v. Honeywell* on behalf of himself. Com., para. 28. Plaintiffs are represented by Terris, Pravlik, and Millian, LLP of Washington, D.C., and Edward Lloyd of Newark, New Jersey. Thus, plaintiffs in both actions are represented by the same counsel.

The purpose of Hackensack Riverkeeper, Inc. is to protect, preserve, and restore the Hackensack River and its living resources and to increase public awareness of the lower Hackensack River watershed as a vital natural and recreational resource. In an effort to achieve this goal, Hackensack Riverkeeper, Inc. works in partnership with educators to develop curricula, materials, and programs to educate the public relating to this purpose.

Hackensack Riverkeeper, Inc. operates the Eco-Cruise, Eco-Walk, and the Hackensack Riverkeeper Canoe Project programs. Eco-Cruises are boat tours of the Hackensack River and Meadowlands. Eco-Walks are guided field trips to unique habitat areas within the Hackensack River watershed. The Hackensack Riverkeeper Canoe Project is a recreational canoe rental facility, which also hosts various canoeing events and competitions. The funding of Hackensack Riverkeeper, Inc. depends, in large part, on donations resulting from the Eco-Cruise, Eco-Walk, and Hackensack Riverkeeper Canoe Project programs.

The Eco-Cruise, Eco-Walk, and Hackensack Riverkeeper Canoe Project programs attract visitors who are taught about the Hackensack River. This directly increases public awareness of the lower Hackensack River watershed as a vital natural and recreational resource. The success of these programs depends on the physical, aesthetic, recreational, biological, and chemical health, viability, and safety of the river. When the River is harmed by pollution, including chromium pollution, fewer people are interested in visiting the River. Consequently, Hackensack Riverkeeper, Inc. obtains less revenues. If the discharges to the Hackensack River were remedied, this threat to the funding of Hackensack Riverkeeper Inc. would likewise be remedied. Its officers, directors, trustees, and employees would also increase their use and enjoyment of the River.

Plaintiff William Sheehan is a salaried employee of Hackensack Riverkeeper, Inc. The success of the Hackensack Riverkeeper program depends on the physical, aesthetic, recreational, biological, and chemical health, viability, and safety of the River. If the program is unsuccessful, Hackensack Riverkeeper, Inc. is likely to have severe financial problems. Mr. Sheehan therefore has a financial stake in the physical, aesthetic, recreational, biological, and chemical health, viability, and safety of the Hackensack River.

Mr. Sheehan has been a recreational user of the Hackensack River for most of his life. As a child, Mr. Sheehan visited the River for recreational purposes, including nature walks along the River. His recreational and financial uses of the River have increased to include boating, fishing, and birdwatching.

Mr. Sheehan frequently notices murky water, riverbank discharges, and foul odors while using the Hackensack River. In 1992, the New Jersey Department of Health banned the eating of

7

bluefish, striped bass, white perch, blue-clawed crabs, and various other Hackensack River species due to pollution, including heavy metal contamination. Chromium, such as that discharged from the Roosevelt Drive In Site, is a heavy metal. If it were not for this ban, and Mr. Sheehan's concern about health risks associated with the River and chromium contamination, he would continue to eat these species and to enjoy greater use of the Hackensack River. Similarly, if the water were not impacted by discharges and foul odors, Mr. Sheehan would dive and swim in the River.

Defendants' violations, the hazardous waste contamination of the Roosevelt Drive In site, and its impact on the quality of the waters of the Hackensack River have injured ICO and its members, Hackensack Riverkeeper, Inc. and its officers, directors, trustees, and employees and William Sheehan in similar ways.

C.   PLAINTIFFS' INJURIES WERE CAUSED BY THE SAME DEFENDANTS

Defendant Honeywell is a past owner of the Roosevelt Drive In site and has contributed to the past and present handling, storage, transportation, and disposal of solid and hazardous waste at the site. Defendant Honeywell has been named as a defendant for this reason in both actions. Defendant Honeywell is represented by Lowenstein, Sandler, Kohl, Fisher & Boylan of Roseland, N.J. in *ICO v. Honeywell*.

Defendants Roned Realty of Jersey City, Inc. and Roned Realty of Union City, Inc. ("Roned") are past and present owners of the Roosevelt Drive In site and have contributed to the past and present handling, storage, and disposal of solid and hazardous waste at the site. Defendant Roned has been named as a defendant for this reason in both actions. Defendants Roned is represented by Timothy S. Haley of Caldwell, N.J. in *ICO v. Honeywell*.

In *ICO v. Honeywell*, W.R. Grace & Co., Ecarg, Inc., and W.R. Grace, Ltd. (hereafter "Grace Companies") were named as defendants in their capacity as past and present owners of the Roosevelt Drive In site. Com., para. 44. During the discovery phase of *ICO v. Honeywell*, it was determined that the Grace Companies were not responsible for the day-to-day operations at the Roosevelt Drive In site. Consequently, the Grace Companies are not named as defendants in the action captioned *Hackensack Riverkeeper, Inc. v. Honeywell*.

Upon information and belief, defendant Honeywell is again represented by Lowenstein, Sandler, Kohl, Fisher & Boylan of Roseland, N.J., and defendant Roned is again represented by Timothy S. Haley of Caldwell, N.J. Thus, defendants in both actions are represented by the same counsel.

II

## THE TWO CASES SHOULD BE CONSOLIDATED IN THE INTERESTS OF JUDICIAL ECONOMY

It is in the interest of judicial economy to consolidate these cases. *ICO v. Honeywell* is nearing its sixth year of litigation. Tens of thousands of pages of discovery have already been exchanged between the parties during three years of discovery. Seven depositions have been taken. In light of the virtually identical nature of the two actions, it would be wasteful, of both time and money, to go through the discovery process again, and for the Court to entertain similar conferences, motions, depositions, and briefings. By consolidating these actions, the Court will alleviate the need for duplicative hearings and trials in the future. Furthermore, consolidation will reduce delay and confusion by streamlining these virtually identical matters into one proceeding. Finally, consolidation will reduce the costs to plaintiffs, defendants, and the Court.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court grant their motion to consolidate Civil Action Number 95-2097 (JAG) with Civil Action Number 00-1451 (JAG).

Respectfully submitted,

*[signature]*

BRUCE J. TERRIS (BT 9359)
CAROLYN SMITH PRAVLIK (CSP 4481)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632
(202) 682-2100

*[signature]*

EDWARD LLOYD (EL 2633)
416 Clark Street
South Orange, New Jersey 07079
(973) 353-5695

April 25, 2000