**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

# ORDER ESTABLISHING PROCEDURES FOR THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS

Upon the motion (the "Motion") for approval of certain procedures enabling the above-captioned debtors and debtors in possession (collectively, the "Debtors") to sell or abandon assets with a de minimis value to their estates;[2] and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as modified hereby; and it is further

ORDERED that for purposes of this Order, de minimis assets shall mean assets valued at no more than $5,000,000 (the "Maximum De Minimis Value") which, in the Debtors' judgment, are no longer necessary to the operation of their businesses (each a "De Minimis Asset" and collectively, the "De Minimis Assets"); and it is further

ORDERED that this Order shall only apply to the Debtors' Sales of De Minimis Assets outside of the ordinary course of the Debtors' businesses; and it is further

ORDERED that for purposes of determining whether the Sale Procedures (as defined herein) apply to a proposed Sale, the De Minimis Value of a De Minimis Asset shall be the dollar amount of the Original Offer; and it is further

ORDERED that the Debtors are authorized, pursuant to section 363(b) of the Bankruptcy Code and subject to the Sale Procedures, to sell De Minimis Assets in the ordinary course of business; and it is further

ORDERED that each Sale of De Minimis Asset(s) shall be free and clear of any Liens, with all valid Liens transferring and attaching to the net proceeds of the sale without further order of the Court; and it is further

ORDERED the Debtors shall abide by the following sale procedures for the Sale of De Minimis Asset(s) (the "Sale Procedures"):

    a.    The Debtors will notify (the "Notice") the following parties of a proposed Sale once the Debtors have secured a buyer for one or more De Minimis Assets held by the Debtors that offers an amount in

excess of $250,000 (the "Floor Value") but less than or equal to the Maximum De Minimis Value (the "Original Offer"):

    i. the United States Trustee;

    ii. counsel to the DIP Lender;

    iii. counsel to The Chase Manhattan Bank, as agent for the Debtors' prepetition lenders;

    iv. counsel to the Committees;

    v. any creditor(s) known by the Debtors to be asserting a Lien on any of the De Minimis Asset(s) to be sold (collectively, the "Sale Notice Parties"); and

    vi. those parties that have previously expressed an interest in purchasing the De Minimis Asset(s) to be sold pursuant to such Notice (the "Potential Bidders").

b. The Debtors shall be authorized to proceed with a Sale of De Minimis Assets for consideration less than or equal to the Floor Value without providing any prior notice to interested parties, including the Sale Notice Parties and the Potential Bidders, and without the need to seek further approval of the Court;

c. Any Notice of a proposed Sale shall set forth in reasonable detail a description of the De Minimis Asset(s) to be sold, the marketing efforts undertaken to sell the De Minimis Asset(s), the proposed sale price of each such De Minimis Asset, the basis for the Debtors' conclusion that the proposed Sale is in the best interests of their estates, including appraisal or cost information for each such De Minimis Asset(s) and a certification from an officer of the Debtors that the Debtors are receiving fair value for the proposed De Minimis Asset and that the Sale or Sales comply with the Debtors' internal management policies;

d. Any Original Offer for the Sale of De Minimis Asset(s) shall be subject to a bid (the "Alternative Offer") pursuant to section 363(k) of the Bankruptcy Code by those prepetition secured creditors of the Debtors, if any, asserting a Lien on the De Minimis Asset(s) being sold and any Potential Bidders (collectively, the "Alternative Bidders"). Any such Alternative Offer must be received by the

Debtors' counsel and the Sale Notice Parties (i) within five (5) business days after transmittal of the Notice by facsimile by the Debtors to the Sale Notice Parties and the Potential Bidders or (ii) within ten (10) business days after mailing of the Notice by the Debtors to the Sale Notice Parties and the Potential Bidders; provided, however, that any such Alternative Offer must exceed the dollar amount of the Original Offer and must contain terms that are otherwise equivalent or superior to the terms of the Original Offer, including, but not limited to, the proposed date of closing, shipment or delivery;

e. A Sale Notice Party may object to an Original Offer or an Alternative Offer, as the case may be, by making such objection in writing and serving the same on the other Sale Notice Parties, the party making the Original Offer or the Alternative Offer and on the Debtors' counsel, addressed as follows:

| | |
|---|---|
| KIRKLAND & ELLIS | Pachulski, Stang, Ziehl, Young & Jones PC |
| James H.M. Sprayregen | Laura Davis Jones |
| James W. Kapp III | 919 North Market Street, 16th Floor |
| 200 East Randolph Drive | Wilmington, Delaware 19899-8705 (Courier 19801) |
| Chicago, Illinois 60601 | (302) 652-4100 |
| (312) 861-2000 | |

within ten (10) business days of the transmittal of the Notice of such Original Offer or Alternative Offer, as the case may be;

f. If, with respect to each proposed Sale, none of the Sale Notice Parties objects to the Original Offer in accordance with the Sale Procedures set forth herein and if no Alternative Offer(s) are received by the Debtors in accordance with the Sale Procedures, then the Debtors shall be authorized to proceed with such Sale without the need to seek further approval of the Court;

g. If the Debtors receive any Alternative Offer(s) and, in their sole discretion, determine that any such Alternative Offer is superior to the Original Offer and if no Sale Notice Party objects to such Alternative Offer within ten (10) business days of the Alternative Bidder's transmittal of such an Alternative Offer in accordance with the Sale Procedures set forth herein, the Debtors (regardless of whether any Sale Notice Party has objected to the Original Offer) shall be authorized to proceed with the Sale with the Alternative Bidder without further order of the Court. In the alternative, if the Debtors,

        in their sole discretion, determine that the Original Offer is superior to any Alternative Offer(s) and no Sale Notice Party has objected to such Original Offer in accordance with the Sale Procedures, the Debtors shall proceed with the Sale to the Original Bidder without further order of the Court;

h.      If any of the Sale Notice Parties object to any Original Offer within ten (10) business days of the Debtors' transmittal of the Notice of such proposed Sale and the Debtors, in their sole discretion, still desire to conduct such proposed Sale with the Original Bidder, or if any of the Sale Notice Parties objects to any Alternative Offer(s) within ten (10) business days of the Alternative Bidder's transmittal of the Alternative Offer and the Debtors, in their sole discretion, still desire to conduct such proposed Sale with such Alternative Bidder, the Sale of the De Minimis Asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after a hearing; and

i.      Any proposed sale of assets for consideration exceeding the Maximum De Minimis Value will be authorized only upon a separate order of this Court after notice pursuant to Fed. R. Bankr. P. 2002(a)(2) and after an opportunity for a hearing; and

j.      Beginning with the period ending on September 30, 2001, and at three-month intervals thereafter, or at such other intervals that may be convenient to the Court during the pendency of the Chapter 11 Cases, the Debtors will provide a written report to this Court (the "Quarterly Reports"), with a copy to the Sale Notice Parties, no later than thirty (30) days after the end of each such period, concerning all Sales of De Minimis Assets for consideration less than or equal to the Floor Value made during such period pursuant hereto, including the names and addresses of the purchasing party and the types and amounts of the Sales; and

k.      With respect to those Sales of De Minimis Assets with a De Minimis Asset Value of $25,000 or less, the Debtors may execute such Sales (i) without prior notice to interested parties, (ii) without the need to seek further approval of the Court and (iii) with the reporting of only the dollar amount of such Sales in the Quarterly Reports; and it is further

5

ORDERED that the Debtors are authorized, pursuant to section 554(a) of the Bankruptcy Code and subject to the Abandonment Procedures, to abandon De Minimis Assets without further order of this Court; and it is further

ORDERED that the Debtors shall abide by the following Abandonment Procedures for the abandonment of assets:

  a. The Debtors will send the Notice to the Sale Notice Parties of each proposed Abandonment once the Debtors have decided to abandon any De Minimis Asset;

  b. The Debtors will provide prior notice of any proposed abandonment of any California real property owned by the Debtors not less than fourteen (14) days by mail, or ten (10) days by fax, to the California Department of Toxic Substances Control, at the following address:

    Kevin James, Deputy Attorney General
    California Department of Toxic Substances Control
    2525 Clay Street, 20th Floor
    Oakland, California 94612
    Fax: (510) 622-2270

  c. The Debtors will provide prior notice of any proposed abandonment of any real property owned by the Debtors not less than fourteen (14) days by mail, or ten (10) days by fax, to the United States Environmental Protection Agency, at the following address:

    James D. Freeman, Esq.
    Environmental Enforcement Section
    United States Department of Justice
    999 Eighteenth Street; Suite 945-NT
    Denver, CO 80202

  d. Any Notice will set forth in reasonable detail a description of the asset(s) to be abandoned, the marketing efforts undertaken to sell the asset(s) and the basis for the Debtors' conclusion that abandonment of such asset(s) is in the best interests of the estate;

  e. If none of the Sale Notice Parties, the California Department of Toxic Substances Control or the United States Environmental Protection

    Agency objects to the Notice within ten (10) business days of the Debtors' transmittal of the Notice of such abandonment, the Debtors are authorized to proceed with the abandonment without further order of this Court; and

f. If any of the Sale Notice Parties, the California Department of Toxic Substances Control or the United States Environmental Protection Agency object to the Notice in accordance with the Sale Procedures set forth herein within ten (10) business days of the Debtors' transmittal of the Notice of any such abandonment, the proposed abandonment of such asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing; and it is further

  ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

  ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware
Dated: Aug. 2, 2001

Joseph J. Farnan, Jr.
United States District Judge