c:\386\hpcgr\ppg\wr grace\denyreclamation.ans.wpd

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al,** | ) | Case Nos 01-1139-JJF |
| | ) | through 01-1200-JJF |
| Debtors in Possession. | ) | (Jointly Administered) |
| | ) | |

### OBJECTION BY PPG INDUSTRIES, INC. TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 503(b) AND 546 (c)(2) OF THE BANKRUPTCY CODE GRANTING ADMINISTRATIVE PRIORITY STATUS FOR RECLAMATION CLAIMS DEEMED VALID, AND OBJECTION TO DISALLOWANCE OF PPG INDUSTRIES. INC.'S RECLAMATION CLAIM

PPG Industries, Inc. ("PPG"), an unsecured trade creditor of the above-captioned Debtor, Borden Chemicals Plastics Operating Limited Partnership, by and through its undersigned counsel, files the following Objection to Motion of the Debtors for Entry of an Order Pursuant to Sections 503(b) and 546 (c)(2) of the Bankruptcy Code Granting Administrative Priority Status for Reclamation Claims Deemed Valid, and Objection to Disallowance of PPG's Reclamation Claim:

**The Commencement of the Bankruptcy**

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. (the "Operating Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and has thereafter continued to operate its businesses and manage its properties as debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. On April 2, 2001, an Order was entered for the procedural consolidation and joint

administration of the bankruptcy cases of the Operating Debtor and its affiliated entities, (Case Nos. 01-1139 through 01-1200).

3. The Order of Reference has been revoked by Order of Court and these Cases were re-assigned to the Honorable Joseph J. Farnan, Jr.

4. On April 13, 2001, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors of W.R. Grace and Co. (the "Committee").

5. On June 1, 2001, the Operating Debtor and its affiliates filed their respective Schedules of Assets and Liabilities and Statements of Financial Affairs.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory bases for the relief sought herein are §§105, 503(b) and 546(c) of the Bankruptcy Code.

**The Origin of PPG's Reclamation Claim**

7. PPG sold to the Operating Debtor liquid caustic soda, used in the Operating Debtor's manufacturing (the "Goods") which were delivered to the Operating Debtor within the ten (10) days immediately prior to the Petition Date.

8. All of the Goods were sold by to the Operating Debtor in the ordinary course of the Debtor's business, and without knowledge of the Debtor's insolvency.

9. The Goods are not subject to any other security interest, and accordingly, under applicable state law, PPG was clearly entitled to reclaim these goods.

10. PPG provided written notice to the Operating Debtor, demanding that these Goods be reclaimed by its letter dated April 9, 2001 (the "Reclamation Notice"),. The total

value of the Goods covered by PPG's Reclamation Notice was $263,343.19 (PPG's "Reclamation Claim").

11. Subsections (2) and (3) of §2-702 of the Uniform Commercial Code provide, in relevant part, that:

> (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after receipt . . . [but this ten day limitation does not apply if there was a written misrepresentation].
>
> (3) The seller's right to reclaim . . . is subject to the rights of a buyer in ordinary course . . .

UCC §2-702 (2), (3).

12. Pursuant to §2-702 of the Uniform Commercial Code, and 11 U.S.C. §546(c)(2), PPG was therefore entitled to reclamation of those Goods sold and delivered to the Operating Debtor within the ten (10) days preceding the Petition Date, since the Reclamation Notice was delivered within the twenty (20) day period following the Petition Date.

13. Section 546(c) of the Bankruptcy Code is intended to preserve a vendor's state law reclamation rights, but alters the remedy available to such vendors in the context of a bankruptcy case, by allowing the Court to grant such vendors an administrative expense claim for the value of each valid reclamation claim. Section 546(c)(2) specifically provides that "the court may deny reclamation to a seller with such right of reclamation that has made such a demand only if the court-(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or (B) secures such a claim by a lien." See *In re Continental Airlines, Inc.*, 125 B.R. 415, 417-18 (Bankr. D. Del. 1991) (denying reclamation of equipment and granting administrative expense claim to creditor where equipment was necessary to debtor's

reorganization).

**The Reclamation Procedures Motion and Order**

14.     On April 2, 2001, the Operating Debtor filed a Motion for an Order (A) Establishing Procedure for Treatment of Valid Reclamation Claims & (B) Prohibiting Third Parties from Interfering with Delivery of Debtor's Goods, which was disposed of by Order entered April 3, 2001 (the "Reclamation Procedures Motion"). This Reclamation Procedures Motion required the Debtor to file another Motion, on Notice to Interested Parties, within ninety (90) days of the date of the Order approving the Reclamation Procedures Motion, listing those reclamation claims the Operating Debtor deems to be valid, with all parties in interest then being entitled to object to the inclusion or omission of particular claims.

15.     The Reclamation Procedures Motion was granted by Order of Court entered May 3, 2001 (the "Reclamation Procedures Order"). The Reclamation Procedures Order provided, *inter alia,* (1) "that except to the extent the Debtors determine otherwise, the Debtors are hereby authorized, but not directed, to refuse all demands for actual reclamation and return of goods"; and (2) "that any right of reclamation for all such claims is hereby denied under the terms set forth in the Motion, effective as of the Petition Date". The Reclamation Procedures Order, in other words, meant that the Operating Debtor, in its sole and exclusive discretion, could decide whether or not to return goods to reclaiming sellers, and to the extent that the Operating Debtor elected to keep such goods, reclaiming sellers, including PPG, were automatically disenfranchised, without prior notice and hearing, from their right to repossess the goods covered by their respective reclamation claims.

16. On or about July 30, 2001, the Debtors filed a Motion for Entry of an Order Pursuant to Sections 503(b) and 546 (c)(2) of the Bankruptcy Code Granting Administrative Priority Status for Reclamation Claims Deemed Valid (the "Reclamation Allowance Motion").

17. The Reclamation Allowance Motion makes it clear that PPG's Reclamation Claim is going to be disallowed solely because at the time that the Operating Debtor received it, it had already consumed the subject Goods, so that it no longer had those Goods in its possession.

16. Case law does hold that, in order for a reclamation claim to be valid, the debtor must have possession of the subject goods at the time it receives the claim. *Compare, In re Reliable Drug Stores, Inc.*, 181 B.R. 374 (D.C.S.D.In. 1995) (debtor must have possession of goods at time of receipt of reclamation claim for claim to be valid); *In re Mayer Pollack Steel Corp.*, 157 B.R. 952 (Bankr.E.D.Pa. 1993) (stating the foregoing legal principal; issue was whether debtor had actually received goods shipped by common carrier); *In the Matter of Flagstaff Food Service Corporation*, 14 B.R. 462 (Bankr.S.D.N.Y.1981). *See also, In re Wheeling-Pittsburgh Steel Corp.*, 74 B.R. 656 (Bankr.W.D.Pa. 1987) (under the Uniform Commercial Code and Bankruptcy Code provisions governing reclamation rights, fungible goods may be reclaimed if seller can trace goods from its possession into identifiable mass that contains goods of like kinds and grades; however, where supplier had sold and delivered raw materials (low volatility coal) on credit to installment buyer, and on date written demand is made for reclamation, raw materials had been manufactured into finished product (high-volatility cole, through a process known as "coking", Uniform Commercial Code was held not to grant supplier right to reclaim finished product). This principal has been applied in Delaware cases. *See, e.g., In re Primary Health Systems, Inc.*, 258 B.R. 117 (Bankr.D.Del. 2001); *Matter of Continental*

*Airlines,* 125 B.R. 415 (Bankr.D.Del. 1991).

17. The logical reason for the requirement of debtor's possession on receipt of the reclamation claim is that, in order for a debtor to surrender possession of reclaimed goods, it must have actual, physical possession. However, as a legal and equitable matter, the fact that the Reclamation Procedures Order prevented reclaiming sellers from repossessing their goods, removed the logical underpinning of the possession requirement for valid reclamation claims, because it eviscerated all reclaiming sellers' rights under state law to obtain possession under any circumstances.

18. Accordingly, since the Court has already denied all reclaiming sellers the right to repossess the reclaimed goods, it has no alternative but to grant administrative claims to those reclaiming sellers in an amount equal to the value of the delivered goods.[1] Failure to do so protect such sellers with administrative priority claims would constitute the Reclamation Procedures Order a deprivation of reclaiming sellers' property rights in reclaimed goods without due process of law.

19. Moreover, given the Reclamation Procedures Order's having authorized the Operating Debtor to ignore all reclamation claims while it consumed its sellers' goods, reclaiming sellers' rights under Section 546(c) of the Bankruptcy Code and under UCC Section 2-702 have been violated in a manner never contemplated by the drafters of the Bankruptcy Code. The only way to fairly compensate such sellers for this taking and deprivation of their valuable property rights is to grant such sellers either a lien on property of equivalent value, or alternatively an

---

[1] Counsel for PPG has attempted to research any case discussing the impact of such first day orders as the Reclamation Procedures Order upon reclamation claims, but has been unable to do so, and therefore believes and avers that this may be a case of first impression.

administrative claim for the full value of their goods.

22.     PPG objects to its Reclamation Claim not being allowed, because by operation of the Reclamation Procedures Motion, it was denied the right it had to repossess its Goods, and this resulted in an involuntary extension of trade credit by PPG Industries, Inc. under Bankruptcy Code §364(a). For these reasons, it is clearly entitled by the interplay of the UCC §2-702, §§105, 364(a), and/or 546(c) of the Bankruptcy Code and the Reclamation Procedures Order, to have its Reclamation Claim secured by a first priority lien on other assets of the Operating Debtor, or else allowed in full and afforded administrative priority in accordance with Bankruptcy Code §503(b)(1).

23.     PPG further objects to disallowance of its Reclamation Claim, because it believes that the subject Goods were critical to the Operating Debtor's business, and incorporated through the Operating Debtor's manufacturing process into products, proceeds, inventory or other tangible assets of the Operating Debtor. To the extent that PPG was the Operating Debtor's sole source supplier of liquid caustic soda, the shipment of such Goods conferred a clear benefit upon the Operating Debtor's estate, for which PPG should be allowed an administrative claim pursuant to Bankruptcy Code §503(b)(3)(D).

24.     PPG's objection to the lack of inclusion of its Reclamation Claim as an allowed claim in the Allowance Motion was both authorized by the Reclamation Procedures Motion, and timely filed and served in accordance with the Notice of the Allowance Motion which has been served upon it by Debtors' counsel.

**WHEREFORE**, PPG Industries, Inc., respectfully requests that this Honorable Court enter an Order denying the Debtors' Reclamation Allowance Motion, or else allow PPG's

Reclamation Claim in the amount of $263,343.19, and further afford such allowed claim administrative priority pursuant to 11 U.S.C. §503. Alternatively, PPG Industries, Inc. requests the allowance of its Reclamation Claim, and that such allowed claim be secured by a first priority lien against other property of the Operating Debtor. PPG Industries, Inc. further requests such other and further relief as this Court may deem just and proper under the circumstances of this chapter 11 case.

        Respectfully submitted,

        **HARVEY, PENNINGTON, CABOT,**
        **GRIFFITH & RENNEISEN, LTD.**

Dated: August 20, 2001

        By: _/s/ John J. Winter_
        William M. Aukamp, Esquire
        John J. Winter, Esq.
        W.J. Winterstein, Esq.
        1525 Delaware Avenue, First Floor
        Wilmington, Delaware 19806
        Telephone: (302) 428-0719
        Telecopier: (302) 777-4682
        Attorneys for PPG Industries, Inc.

e:\386\hpcgr\ppg\wr grace\denyreclamation.ans.wpd

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al,** | ) | Case Nos 01-1139-JJF |
| | ) | through 01-1200-JJF |
| Debtors in Possession. | ) | (Jointly Administered) |
| | ) | |

### ORDER OF COURT SUSTAINING PPG INDUSTRIES, INC.'S OBJECTION TO DISALLOWANCE OF ITS RECLAMATION CLAIM, AND ALLOWING SUCH RECLAMATION CLAIM AS AN ADMINISTRATIVE CLAIM ENTITLED TO PRIORITY WITH RESPECT THERETO FOR THE VALUE THEREOF

AND NOW, this _____ day of _____, 2001, upon consideration of the Motion of the Debtors for Entry of an Order Pursuant to Sections 503(b) and 546(c)(2) of the Bankruptcy Code Granting Administrative Priority Status for Reclamation Claims Deemed Valid, and the Objection thereto and Objection to Disallowance of its Reclamation Claim, after notice and hearing, and good cause appearing therefore, it is hereby FOUND that:

A.  PPG Industries, Inc.'s Reclamation Claim was timely served upon the Debtors within twenty (20) days after the Petition Date;

B.  The goods covered by PPG Industries, Inc.'s Reclamation Claim were shipped to and received by the Debtors within ten (10) days prior to the Petition Date;

C.  The goods covered by PPG Industries, Inc.'s Reclamation Claim were consumed by the Debtors in their post-petition operations, and their return to PPG Industries, Inc. pursuant to the Reclamation Claim was prohibited by this Court's Order of May 3, 2001; and

D.  Under the circumstances, such Court-sanctioned consumption does not constitute a defense to PPG Industries, Inc.'s Reclamation Claim.

Accordingly, it is hereby

ORDERED that:

1.  The Objection filed by PPG Industries, Inc. to disallowance of its Reclamation Claim is SUSTAINED, and

2. PPG Industries, Inc.'s Reclamation Claim is hereby ALLOWED in the amount of $263,343.19, and is entitled to be treated as an administrative expense claim entitled to priority under 11 U.S.C. Sections 503(b) and 546(c)(2).

By the Court:

_____
Hon. Joseph J. Farnan, Jr.

Copies to Interested Parties:

William M. Aukamp, Esquire
John J. Winter, Esq.
W.J. Winterstein, Esq.
Harvey, Pennington, Cabot,
Griffith & Renneisen, Ltd.
1525 Delaware Avenue, First Floor
Wilmington, Delaware 19806
*(Attorneys for PPG Industries, Inc.)*

Neil P. Olack, Esquire
Jones, Day, Reavis & Pogue
3500 Suntrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3242
*(Counsel for Debtors)*

James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601
*(Counsel for Debtors)*

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
*(Local Counsel for Debtors)*

Lewis Kruger, Esquire
Stroock, Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
*(Counsel for the Official Committee of Unsecured Creditors)*

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*(Local Counsel for the Official Committee of Unsecured Creditors)*

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
*(Counsel for the Official Committee of Property Damage Claimants)*

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
*(Local Counsel for the Official Committee of Property Damage Claimants)*

Elihu Inselbuch, Esquire
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022
*(Counsel for the Official Committee of Personal Injury Claimants)*

Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1500
Wilmington, DE 19801
*(Local Counsel for the Official Committee of Personal Injury Claimants)*

Frank J. Perch, Esquire
Office of the United States Trustee
844 N. King Street
Wilmington, DE 19801

c:\386\hpcgr\ppg\wr grace\denyreclamation.ans.wpd

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO., et al,** | ) | Case Nos 01-1139-JJF |
| | ) | through 01-1200-JJF |
| Debtors in Possession. | ) | (Jointly Administered) |
| | ) | |

### CERTIFICATE OF SERVICE OF
### OBJECTION BY PPG INDUSTRIES, INC. TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 503(b) AND 546 (c)(2) OF THE BANKRUPTCY CODE GRANTING ADMINISTRATIVE PRIORITY STATUS FOR RECLAMATION CLAIMS DEEMED VALID, AND OBJECTION TO DISALLOWANCE OF PPG INDUSTRIES, INC.'S RECLAMATION CLAIM

The undersigned hereby certifies that on the 20th day of August, 2001, a true and correct copy of the foregoing Objection by PPG Industries, Inc. to Motion of the Debtors for Entry of an Order Pursuant to Sections 503(b) and 546(c)(2) of the Bankruptcy Code Granting Administrative Priority Status for Reclamation Claims Deemed Valid and Objection to Disallowance of PPG Industries, Inc.'s Reclamation Claim was served, by United States First Class Mail, postage prepaid, upon each of the following:

| | |
|---|---|
| James H.M. Sprayregen, Esquire<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>(also by telecopier 312-861-2200)<br>*(Counsel for Debtors)*<br><br>Laura Davis Jones, Esquire<br>Pachulski, Stang, Ziehl, Young & Jones, P.C.<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(also by telecopier 302-652-4400)<br>*(Local Counsel for Debtors)*<br><br>Lewis Kruger, Esquire<br>Stroock, Stroock & Lavan<br>180 Maiden Lane<br>New York, NY 10038-4982<br>(also by telecopier)<br>*(Counsel for the Official Committee of Unsecured Creditors)*<br><br>Michael R. Lastowski, Esquire<br>Duane, Morris & Heckscher, LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801-1246<br>(also by telecopier 302-657-4901)<br>*(Local Counsel for the Official Committee of Unsecured Creditors)*<br><br>Scott L. Baena, Esquire<br>Bilzin, Sumberg, Dunn, Baena, Price & Axelrod<br>First Union Financial Center<br>200 South Biscayne Blvd., Suite 2500<br>Miami, Florida 33131<br>(also by telecopier 305-374-7593)<br>*(Counsel for the Official Committee of Property Damage Claimants)* | Michael B. Joseph, Esquire<br>Ferry & Joseph, P.A.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899<br>(also by telecopier 302-575-1714)<br>*(Local Counsel for the Official Committee of Property Damage Claimants)*<br><br>Elihu Inselbuch, Esquire<br>Caplin & Drysdale<br>399 Park Avenue, 36th Floor<br>New York, NY 10022<br>(also by telecopier 212-644-6755)<br>*(Counsel for the Official Committee of Personal Injury Claimants)*<br><br>Matthew G. Zaleski, III, Esquire<br>Campbell & Levine, LLC<br>Chase Manhattan Centre, 15th Floor<br>1201 Market Street, Suite 1500<br>Wilmington, DE 19801<br>(also by telecopier 302-426-9947)<br>*(Local Counsel for the Official Committee of Personal Injury Claimants)*<br><br>Frank J. Perch, Esquire<br>Office of the United States Trustee<br>844 N. King Street<br>Wilmington, DE 19801<br>(also by telecopier 302-573-6497) |

Dated: August 20, 2001                              By: _____
                                                         John J. Winter, Esquire