# Exhibit B

**Blackline of October 2 Proposed Order
to October 1 Proposed Order**

d.  filed, on July 12, 2018, the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 424]; and the *Disclosure Statement for Debtors' First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 426];

e.  filed, on July 24, 2018, the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 482]; and the *Disclosure Statement for Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 484];

f.  filed, on August 1, 2018, the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* [Docket Nos. 516, 565]; and the *Disclosure Statement for Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* [Docket Nos. 518, 566];

g.  caused the Solicitation Packages and Confirmation Hearing Notice (as defined in the Disclosure Statement Order) and the deadline for objecting to Confirmation of the Plan to be distributed on August 8, 2018, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, as evidenced by, among other things, the *Affidavit of Service of Solicitation Materials* [Docket No. 588] (the "August 8 Solicitation Affidavit");

h.  caused the Confirmation Hearing Notice to be published on August 10, 2018, in the national edition of the *New York Times,* as evidenced by the *Affidavit of Publication* [Docket No. 578] (the "Publication Affidavit");

i.  filed, on September 6, 2018, the *Debtors' Motion for Entry of an Order (I) Approving Disclosure Statement Addendum, (II) Approving Amended Solicitation Procedures Solely With Respect to Class 6 and Class 8, and (III) Granting Other Related Relief* [Docket No. 724]; the *Addendum to Disclosure Statement for Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization* [Docket Nos. 724-3, 777]; that certain Plan Modification Agreement dated September 6, 2018 [Docket No. 724-4]; *Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization* [Docket Nos. 724-4, 726] (the "Fourth Amended Plan");

j.  caused the Amended Solicitation Packages and notice of the Amended Solicitation Procedures (each as defined in the Amended Solicitation Procedures Order) and the extended deadline for objecting to Confirmation of the Plan to be distributed on September 15, 2018, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Amended Solicitation Procedures Order, as evidenced by, among other things, the *Supplemental Affidavit of Service of Solicitation Materials* [Docket No. 814] and the ***Corrected** Supplemental Affidavit of Service of Solicitation Materials* [Docket No. ~~847~~**854**] (collectively with the August 8 Solicitation Affidavit and the Publication Affidavit, the "Solicitation Affidavits");

k.  filed, on September 24, 2018, the *Notice of Filing of Plan Supplement for the Debtors' Fourth Amended Joint Plan of Reorganization* [Docket No. 812] (as may be further amended and supplemented from time to time, the "Plan Supplement");

terms of the Plan, the Plan Documents (including the Plan Supplement) and all exhibits thereto, shall be effective and binding as of the Effective Date.  ~~The~~

75.     **Notwithstanding anything herein to the contrary, the** Bankruptcy Court has not been asked to approve, nor is it **authorizing,** approving **or directing** the **execution of the** Management Employment and Consulting Agreements, which agreements are not obligations of the Debtors' Estates, provided further, however, nothing herein shall alter the conditions precedent to consummation of the Plan in Article IX.B of the Plan.

**C.     Objections.**

76.     ~~75.~~ All objections to Confirmation of the Plan have been withdrawn, waived, or otherwise resolved by the Debtors prior to entry of this Confirmation Order.  To the extent that any objections (including any reservations of rights contained therein) to Confirmation of the Plan (other than the payment or amount of the cure amounts with respect to any assumed Executory Contract or Unexpired Lease) have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, are not cured by the relief granted herein, or otherwise resolved as stated by the Debtors on the record of the Confirmation Hearing, all such objections are overruled on the merits.

**D.     References to and Omissions of Plan Provisions.**

77.     ~~76.~~ References in this Confirmation Order to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.  The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated

herein by this reference, and that the Plan Supplement and all exhibits and schedules thereto, and all other agreements, instruments or other documents filed in connection with the Plan, and/or executed or to be executed in connection with the transactions contemplated by the Plan and all amendments and modifications of any of the foregoing made pursuant to the provisions of the Plan governing such amendments and modifications are approved in their entirety.

**E.    Headings.**

**78.** ~~77.~~ Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

**F.    Classifications.**

**79.** ~~78.~~ The terms of the Plan shall govern the classification of Claims and Equity Interests for purposes of the distributions to be made thereunder.  The classifications set forth on the Ballots tendered to or returned by the holders of Claims in connection with voting on the Plan:  (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims and Equity Interests under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Equity Interest as representing the actual classification of such Claim or Equity Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtors except for voting purposes.

**G.    General Settlement of Claims and Equity Interests.**

**80.** ~~79.~~ As discussed in detail in the Disclosure Statement and as otherwise provided herein, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 (as applicable), and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a

good faith compromise and settlement of Claims and Equity Interests and controversies resolved pursuant to the Plan.  Distributions made to Holders of Allowed Claims in any Class are intended to be, and shall be, final.

**81.** ~~80.~~ The transactions contemplated by the Global Settlement as detailed in the Plan Modification Agreement and incorporated into the Plan are fair and reasonable, meet the standard for approval of compromises under Bankruptcy Rule 9019 and are approved in their entirety.

**H.**     **Approval of Restructuring Transactions.**

**82.** ~~81.~~ This Confirmation Order shall and shall be deemed to, pursuant to both section 1123 and section 363 of the Bankruptcy Code, authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan.

**I.**     **New Exit ABL Facility and Approval of New Exit ABL Facility Documents.**

**83.** ~~82.~~ Confirmation of the Plan shall be deemed to constitute approval of the New Exit ABL Facility and the New Exit ABL Facility Documents, as applicable, and all transactions contemplated thereby, and all actions to be taken, undertakings to be made, and obligations to be incurred by the Reorganized Debtors in connection therewith, including the payment of all fees, indemnities, and expenses provided for therein, including payment of the ABL Deposit immediately upon Bankruptcy Court approval of the Plan, and authorization of the Reorganized Debtors to enter into and execute the New Exit ABL Facility Documents and such other documents as may be required to effectuate the treatment afforded by the New Exit ABL Facility.  If the Debtors enter into the New Exit ABL Facility on the Effective Date, then, on the Effective Date, all of the Liens and security interests to be granted in accordance with the New

Exit ABL Facility Documents (a) shall be deemed to be granted, (b) shall be legal, binding, and enforceable Liens on, and security interests in, the collateral granted thereunder in accordance with the terms of the New Exit ABL Facility Documents, (c) shall be deemed perfected on the Effective Date, subject only to such Liens and security interests as may be expressly permitted under the New Exit ABL Facility Documents, and (d) shall not be subject to recharacterization or equitable subordination for any purposes whatsoever and shall not constitute preferential transfers or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law.

**J.    Issuance of New Common Stock, New Warrants, Profits Interests and Related Documentation.**

**84.** ~~83.~~ As set forth in Article V.I.1 of the Plan, from and after the Effective Date, Reorganized Gibson shall be authorized to and shall issue the New Common Stock to certain Holders of Allowed Claims, without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity.  All Holders of Claims that receive New Common Stock under the Plan, and any Person receiving any rights exercisable into New Common Stock, in the form of the New Warrants, or pursuant to the Management Incentive Plan, or otherwise, and all transferees of such Persons (including transferees of transferees) shall be deemed to have executed the New Common Stock Agreement and shall by bound thereby without any further action by the Debtors or any other party (regardless of whether any such Person actually executes the New Common Stock Agreement).  Confirmation of the Plan shall be deemed to constitute approval of the New Common Stock Agreement, and the New Common Stock Agreement shall be deemed to be valid, binding, and enforceable in accordance with its terms.

**85.** ~~84.~~ The New Common Stock in Reorganized Gibson issued pursuant to the Plan in exchange for the DIP Facility Claims, the DIP Backstop Premium, the Exit Premium, and the Allowed Class 5 Prepetition Secured Notes Claim, shall be exempt from any registration requirements under any securities laws to the fullest extent permitted by section 4(a)(2) of the Securities Act and Rule 506 of Regulation D promulgated thereunder and by section 1145 of the Bankruptcy Code.

**86.** ~~85.~~ The Profits Interests issued pursuant to the Plan in exchange for Allowed Class 6 Claims and Allowed Class 7 ITLA Guaranty Claims shall be exempt from any registration requirements under any securities laws to the fullest extent permitted by section 4(a)(2) of the Securities Act and Rule 506 of Regulation D promulgated thereunder and by Section 1145 of the Bankruptcy Code.

**87.** ~~86.~~ The New Common Stock, New Warrants and Profits Interests issued to officers, employees and consultants of the Reorganized Debtors pursuant to the Management Employment and Consulting Agreements and the Management Incentive Plan shall be exempt from any registration requirements under any applicable securities laws to the fullest extent permitted by section 4(a)(2) of the Securities Act and Rule 506 of Regulation D and/or Rule 701 promulgated thereunder.

**88.** ~~87.~~ Without limiting the effects of section 3(a)(9) and section 4(a)(2) of the Securities Act, Rules 506 and 701 under the Securities Act, and section 1145 of the Bankruptcy Code, all financing documents, agreements, and instruments entered into and delivered on or as of the Effective Date contemplated by or in furtherance of the Plan, including the New Exit ABL Facility Documents, the New Common Stock, Profits Interests and any other agreement or document related to or entered into in connection with any of the foregoing, shall become

effective and binding in accordance with their respective terms and conditions upon the parties thereto, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity (other than as expressly required by such applicable agreement).

**89.** ~~88.~~ The New Common Stock shall constitute a single class of Equity Securities in Reorganized Gibson and, other than as contemplated by the DIP Facility, DIP Backstop Premium, the Exit Premium, the Management Employee and Consulting Agreements, and the Management Incentive Plan, there shall exist no other Equity Securities, warrants, options, or other agreements to acquire any equity interest in Reorganized Gibson as of the Effective Date. From and after the Effective Date, after giving effect to the transactions contemplated hereby, the authorized capital stock or other equity securities of Reorganized Gibson will be that number of shares of New Common Stock as may be designated in the Amended Organizational Documents.

**90.** ~~89.~~ In addition, under section 1145 of the Bankruptcy Code, the New Common Stock shall be freely tradeable by the recipients thereof, subject to (a) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act; (b) compliance with rules and regulations of the Securities and Exchange Commission, if any, applicable at the time of any future transfer of such securities or instruments; (c) the restrictions, if any, on the transferability of such securities and instruments, including those set forth in the Amended Organizational Documents; (d) the New Common Stock Agreement, and (e) applicable regulatory approval, if any.

**91.** ~~90.~~ In connection with the distribution of New Common Stock, New Warrants, and Profits Interests, the Reorganized Debtors shall take all actions reasonably necessary to

comply with applicable U.S. federal, state, local and non-U.S. tax withholding obligations, including, when applicable, withholding from distributions a portion necessary, or requiring Holders of such securities to contribute the Cash necessary, to satisfy tax withholding obligations including income, social security and Medicare taxes, and Reorganized Gibson shall pay such withheld taxes to the appropriate Governmental Unit.

**K.    Amended Organizational Documents.**

**92.**    ~~91.~~ Confirmation of the Plan shall be deemed to constitute approval of the Amended Organizational Documents.  The Amended Organizational Documents shall amend or succeed the certificates or articles of incorporation, by-laws and other organizational documents of the Debtors that are Reorganized Debtors to satisfy the provisions of the Plan and the Bankruptcy Code, and shall (i) include, among other things, pursuant to section 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the issuance of non-voting equity securities, but only to the extent required by section 1123(a)(6) of the Bankruptcy Code; (ii) authorize the issuance of New Common Stock in an amount not less than the amount necessary to permit the distributions thereof required or contemplated by the Plan; and (iii) to the extent necessary or appropriate, include such provisions as may be needed to effectuate and consummate the Plan and the transactions contemplated herein.  After the Effective Date, the Reorganized Debtors may amend and restate their certificates or articles of incorporation and by-laws, and other applicable organizational documents, as permitted by applicable law and the New Common Stock Agreement.  To the extent required under the Plan or applicable non-bankruptcy law, the Reorganized Debtors are authorized to file their respective Amended Organizational Documents with the applicable Secretaries of State or other applicable authorities in their respective states,

provinces or countries of incorporation or formation in accordance with the corporate laws of the respective states, provinces or countries of incorporation or formation.

**L.**     **Exemption from Certain Transfer Taxes and Recording Fees.**

**93.**     **92.** To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and this Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authority to forgo the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment. Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to evidence and implement the provisions of and the distributions to be made under the Plan, including the New Exit ABL Facility Documents, as applicable; (ii) the issuance of the New Common Stock and the New Warrants; (iii) the maintenance or creation of security or any Lien as contemplated by the New Exit ABL Facility Documents, as applicable; (iv) assignments executed in connection with any transaction occurring under the Plan; and (v) the Church Street Sale.

**M.**     **Directors and Officers of the Reorganized Debtors.**

**94.**     **93.** The New Board will initially consist of directors and officers who have been identified in the Plan Supplement to the extent known, and such directors and officers shall be deemed elected or appointed, as applicable, and authorized to serve as directors and officers of each of the Reorganized Debtors pursuant to the terms of the applicable Amended Organizational Documents of such Reorganized Debtor. Such appointment and designation is

hereby approved and ratified as being in the best interests of the Debtors and creditors and consistent with public policy, and such directors and officers hereby are deemed elected and appointed, as applicable, to serve in their respective capacities as of the Effective Date without further action of the Bankruptcy Court, the Reorganized Debtors, or their Equity Security holders.

**95.** ~~94.~~ Except to the extent that a member of the board of directors of a Debtor continues to serve as a director of such Reorganized Debtor on the Effective Date, the members of the board of directors of each Debtor prior to the Effective Date, in their capacities as such, shall have no continuing obligations to the Reorganized Debtors on or after the Effective Date and each such director will be deemed to have resigned or shall otherwise cease to be a director of the applicable Debtor on the Effective Date.

**N.**     **Directors and Officers Insurance Policies.**

**96.** ~~95.~~ Upon the Effective Date, the Reorganized Debtors shall have in full force and effect D&O Liability Insurance Policies for current and former directors and officers of the Debtors and the Non-Debtor Subsidiaries materially consistent with the Debtors' D&O Liability Insurance Policies as in effect immediately prior to the Petition Date.  To the extent, and as permitted by applicable law, as required to implement the preceding sentence, the Reorganized Debtors will assume all of the D&O Liability Insurance Policies pursuant to section 365(a) of the Bankruptcy Code in effect as of immediately prior to the Petition Date.  Unless previously effectuated by separate order entered by the Bankruptcy Court, entry of this Confirmation Order will constitute the Bankruptcy Court's approval of the Debtors' foregoing assumption of each of the D&O Liability Insurance Policies.  Notwithstanding anything to the contrary contained in the Plan, confirmation of the Plan will not impair or otherwise modify any rights of the Reorganized

Debtors or current and former directors and officers of the Debtors and the Non-Debtor Subsidiaries (including the Supporting Principals) under the D&O Liability Insurance Policies.

**97.** ~~96.~~ Further, on or as soon as practicable before the Effective Date, the Debtors shall purchase tail coverage for all current and former directors and officers (including the Supporting Principals) with a term of six (6) years from the Effective Date, which tail coverage shall be materially consistent with the D&O Liability Insurance Policies prior to the Petition Date (the "Tail Policy") and satisfactory to the Supporting Principals.

**98.** ~~97.~~ The Reorganized Debtors shall maintain the D&O Liability Insurance Policies (including the Tail Policy) for all current and former directors and officers of the Debtors and the Non-Debtor Subsidiaries in accordance with its terms to the maximum extent of the coverage available for the indemnitees under such policies. Upon receipt of a notice of a claim or proceeding with respect to which coverage under the Tail Policy D&O Liability Insurance Policies could apply, the Reorganized Debtors shall give prompt notice of such claim or the commencement of such proceeding to the insurer(s) in accordance with the procedures set forth in the applicable policies.

**O.**   **Corporate Action.**

**99.** ~~98.~~ Upon the Effective Date, each of the Debtors and the Reorganized Debtors, as applicable, may take any and all actions to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan and the Global Settlement thereunder, including: (i) the distribution of the Securities to be issued pursuant hereto in the name of and on behalf of the Reorganized Debtors; (ii) the execution and implementation of the Restructuring Transactions pursuant to the Plan Documents; (iii) the

issuance and administration of the Profits Interests; (iv) the funding of the Distribution Account and the Professional Fee Reserve Account; (v) the execution and Filing of the Amended Organizational Documents; (vi) the transfer of the assets of, and the liquidation of, the Excluded Debtor Subsidiaries; and (vii) the change of the corporate name of Debtor Cakewalk, Inc. to Guitar Liquidation Corporation or any similar name, the filing of all necessary corporate documents to implement the same, and the appointment of Debtor Cakewalk, Inc. as the Distribution Agent for Allowed Administrative Claims, and Class 6, 7 and 8 Allowed Claims, and in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the Security holders, officers or directors of the Debtors or the Reorganized Debtors or the Non-Debtor Subsidiaries, as applicable, or by any other Person (except for those expressly required pursuant to the Plan or the Restructuring Support Agreement).

**100.**   ~~99.~~ Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to the Plan that would otherwise require approval of the stockholders, directors, managers or members of any Debtor will be deemed to have been so approved and will be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the Security holders, directors, managers or members of such Debtors, or the need for any approvals, authorizations, actions or consents of any Person (except as expressly required pursuant to the Restructuring Support Agreement).

**101.**   ~~100.~~ All matters provided for in the Plan involving the legal or corporate structure of each Debtor, Reorganized Debtor, Excluded Debtor Subsidiary, Non-Debtor Subsidiary, or Excluded Non-Debtor Subsidiary (other than the GI Entities that are represented by a GI

**P.**    **Effectuating Documents; Further Transactions.**

**102.**    ~~101.~~ On and after the Effective Date, the Reorganized Debtors, and the officers and members of the New Board are authorized to and may issue, execute, deliver, file or record such contracts, Securities, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan, and the Securities issued pursuant to the Plan.

**Q.**    **Professional Fee Reserve Account.**

**103.**    ~~102.~~ On the Effective Date, the Debtors will establish the Professional Fee Reserve Account and fund into the Professional Fee Reserve Account Cash equal to the Professional Fee Claim Reserve Amount for the benefit of the Professionals.  The Professional Fee Reserve Account shall only be available to satisfy the Allowed Professional Fee Claims. The DIP Agent, the DIP Lenders, the Prepetition Indenture Trustee, the Prepetition Secured Noteholders, the Prepetition ABL/Term Loan Agent and the Prepetition ABL/Term Loan Lenders: (i) shall not preclude the use of the Debtors' Cash to fund the Professional Fee Reserve Account in the amount of the Professional Fee Claim Reserve Amount, (ii) shall not foreclose on the Professional Fee Reserve Account, (iii) shall subordinate their security interests, Liens, and Claims (including any superpriority Claim) in the Professional Fee Reserve Account to the payment of the Allowed Professional Fee Claims, (iv) shall only have a security interest, Lien and superpriority Claim upon and to, and the right of enforcement against, such remaining amount in the Professional Fee Reserve Account after payment of the Allowed Professional Fees, and (v) waive, and shall have no right to seek, disgorgement with respect to the payment of any Allowed Professional Fees; *provided*, *however*, that the Reorganized Debtors shall have a

reversionary interest in the excess, if any, of the amount of the Professional Fee Reserve Account over the aggregate Allowed Professional Fee Claims of the Professionals.

**104.** ~~103.~~ The Professional Fee Reserve Amount shall not be considered property of the Estates of the Debtors or the Reorganized Debtors.

**R.**     **Treatment of Executory Contracts and Unexpired Leases.**

**105.** ~~104.~~ The provisions governing the treatment of Executory Contracts and Unexpired Leases set forth in Article VI of the Plan (including the procedures regarding the resolution of any and all disputes concerning the assumption of such Executory Contracts and Unexpired Leases) are hereby approved in their entirety.

**S.**     **Contracts and Leases Entered Into After the Petition Date.**

**106.** ~~105.~~ Contracts and leases entered into after the Petition Date by any Debtor, including any Executory Contracts and Unexpired Leases assumed by such Debtor, will be performed by the Debtor or Reorganized Debtor liable thereunder in the ordinary course of its business. Accordingly, such contracts and leases (including any assumed Executory Contracts and Unexpired Leases) that have not been rejected as of the Confirmation Date will survive, subject to the occurrence of the Effective Date and the provisions of the Plan governing the assumption of Executory Contracts and Unexpired Leases.

**T.**     **Reservation of Rights.**

**107.** ~~106.~~ Neither the exclusion nor inclusion of any contract or lease in the Plan Supplement, nor anything contained in the Plan, nor the Debtors' delivery of a notice of proposed assumption and proposed cure amount to applicable contract and lease counterparties, shall constitute an admission by the Debtors that any such contract or lease is in fact an

Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.

U.    **Workers' Compensation Programs.**

**108.**    ~~107.~~ Except as otherwise provided in the Plan, as of the Effective Date, the Reorganized Debtors will continue to honor their obligations under:  (i) all applicable workers' compensation laws in states in which the Reorganized Debtors operate; and (ii) the Reorganized Debtors' written contracts, agreements, agreements of indemnity, self-insured workers' compensation bonds, and any other policies, programs, and plans regarding or relating to workers' compensation and workers' compensation insurance.   All such contracts and agreements are treated as Executory Contracts under the Plan and on the Effective Date will be assumed pursuant to the provisions of sections 365 and 1123 of the Bankruptcy Code. Notwithstanding anything to the contrary contained in the Plan, confirmation of the Plan will not impair or otherwise modify any rights of the Reorganized Debtors under any such contracts, agreements, policies, programs or plans regarding or relating to workers' compensation or workers' compensation insurance.

V.    **Distributions Under the Plan.**

**109.**    ~~108.~~ The procedures governing distributions contained in Article VII of the Plan shall be, and hereby are, approved in their entirety.

W.    **Procedures for Resolving Disputed, Contingent, and Unliquidated Claims.**

**110.**    ~~109.~~ The procedures for resolving disputed, contingent, and unliquidated claims, which procedures are contained in Article VIII of the Plan, shall be, and hereby are, approved in their entirety.

X.    **Conditions to Effective Date.**

**111.**    ~~110.~~ The Plan shall not become effective unless and until the conditions set forth in Article IX.B of the Plan have been satisfied or waived pursuant to Article IX.C of the Plan.  If the Confirmation or Consummation of the Plan does not occur prior to termination of the Restructuring Support Agreement on October 31, 2018 at 11:59 p.m. (ET), the Plan will be null and void in all respects and nothing contained in the Plan or the Disclosure Statement will: (a) constitute a waiver or release of any claims by or Claims against or Equity Interests in the Debtors; (b) prejudice in any manner the rights of the Debtors, any Holders or any other Person or Entity; (c) constitute an allowance of any Claim or Equity Interest; or (d) constitute an admission, acknowledgment, offer or undertaking by the Debtors, any Holders or any other Person or Entity in any respect.

Y.    **The Discharge, Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

**112.**    ~~111.~~ The release, exculpation, discharge, injunction, and related provisions set forth in Article X of the Plan shall be, and hereby are, approved and authorized in their entirety, including, but not limited to:

　　　a.    **Releases by the Debtors**.  The Debtor Release provisions set forth in Article X.B of the Plan are hereby approved and incorporated herein by reference.

　　　b.    **Third Party Releases**.  The Third Party Release provisions set forth in Article X.C of the Plan are hereby approved and incorporated herein by reference.

　　　c.    **Discharge of Claims**.  The discharge provisions set forth in Article X.D. of the Plan are hereby approved and incorporated herein by reference.

　　　d.    **Exculpation**.  The Exculpation provisions set forth in Article X.E of the Plan are hereby approved and incorporated herein by reference.

　　　e.    **Injunction**.  The Injunction provisions set forth in Article IX.G of the Plan are hereby approved and incorporated herein by reference.

f. **Liens**.  The release of liens provisions set forth in Article V.M of the Plan are hereby approved and incorporated herein by reference.

**Z.**     **Setoffs and Recoupment.**

**113.** ~~112.~~The Debtors and the Reorganized Debtors, as applicable, or such entity's designee (including the Distribution Agent) may, but shall not be required to, to the extent permitted under applicable law, setoff against any Allowed Claim and any distributions to be made pursuant to the Plan on account of such Allowed Claim, the claims, rights and Causes of Action of any nature that the Debtors and Reorganized Debtors may hold against the Holder of such Allowed Claim that are not otherwise waived, released or compromised in accordance with the Plan; *provided, however*, that neither such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or the Reorganized Debtors of any such claims, rights and Causes of Action that the Debtors or the Reorganized Debtors possess against such Holder.

**AA.**     **Retention of Jurisdiction.**

**114.** ~~113.~~Upon the Effective Date this Court shall retain jurisdiction over the Chapter 11 Cases and all Entities with respect to all matters related to the Chapter 11 Cases, the Debtors and the Plan as legally permissible, as set forth in Article XII of the Plan.

**BB.**     **Effect of Confirmation on Modifications.**

**115.** ~~114.~~Entry of this Confirmation Order shall be deemed approval of all modifications or amendments to the Plan since the solicitation thereof pursuant to section 1127(a) of the Bankruptcy Code and a determination that such modifications do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

CC.     **Immediate Binding Effect.**

**116.**    ~~115.~~ Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and the documents and instruments contained in the Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, and any and all Holders of Claims and Equity Interests (irrespective of whether Holders of such Claims or Equity Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases.  Entry of this Confirmation Order shall constitute a waiver of any stay of enforcement otherwise applicable, including pursuant to Bankruptcy Rule 3020(e) and 7062.

DD.     **Additional Documents.**

**117.**    ~~116.~~ Pursuant to Article XIII.I of the Plan, on or before the Effective Date, the Debtors may File with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, and such documents shall be included in the Plan Documents.  The Debtors and all Holders of Allowed Claims receiving distributions pursuant to the Plan and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

EE.    **Payment of Statutory Fees.**

**118.** ~~117.~~ All outstanding fees payable pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date.  All such fees payable after the Effective Date shall be paid prior to the closing of the Chapter 11 Cases when due or as soon thereafter as reasonably practicable.

FF.    **Notice of Entry of Confirmation Order, Occurrence of Effective Date and Related Bar Dates.**

**119.** ~~118.~~ The *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates*, substantially in the form attached hereto as **Exhibit B** (the "Notice of Effective Date") is hereby approved.   Except as otherwise provided in Article II.A of the Plan or the Claims Bar Date Order, and except with respect to Administrative Expense Claims that are Professional Fee Claims, DIP Claims, or the ABL Deposit, requests for payment of Allowed Administrative Expense Claims must be Filed and served on the Reorganized Debtors **no later than thirty (30) days after the Effective Date** or such other date as approved by order of the Court, pursuant to the procedures specified in the Notice of Effective Date; *provided*, that the Administrative Expense Claims Bar Date does not apply to Administrative Expense Claims (i) arising in the ordinary course of business or (ii) for self-insured health care expenses.

GG.    **Reservation of Rights.**

**120.** ~~119.~~ The Plan shall have no force or effect unless and until the Court enters this Confirmation Order.  None of the Filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by any Debtor with respect to the Plan, the Disclosure Statement, or the Plan Supplement shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Equity Interests prior to the Effective Date.

**HH.**    **Successors and Assigns.**

**121.**    ~~120.~~ Except as may otherwise be provided in the Plan, the rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries or guardian, if any, of each Entity.

**II.**    **Governing Law.**

**122.**    ~~121.~~ Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control), and corporate governance matters; provided that corporate governance matters relating to Debtors or Reorganized Debtors, as applicable, not incorporated in New York shall be governed by the laws of the state of incorporation of the applicable Debtor or Reorganized Debtor, as applicable.

**JJ.**    **Nonseverability of Plan Provisions Upon Confirmation.**

**123.**    ~~122.~~ This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is:  (x) valid and enforceable pursuant to its terms; (y) integral to the Plan and may not be deleted or modified without the consent of the Debtors; and (z) nonseverable and mutually dependent.

KK.    **Plan Supplement.**

**124.**    ~~123.~~ The Plan Documents, including the documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtors at the Confirmation Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Debtors and the Reorganized Debtors, are authorized when they are finalized, executed, and delivered.  Without further order or authorization of this Court, the Debtors, Reorganized Debtors, and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Documents, including the documents contained in or referenced in the Plan Supplement, and any amendments, modifications, and supplements thereto, that are consistent with the Plan.  Execution versions of the documents comprising or contemplated by the Plan Documents, including the documents contained in or referenced in the Plan Supplement, and any amendments, modifications, and supplements thereto, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all mortgages, Liens, deeds of trust, pledges, and security interests purported to be created thereby.

LL.    **Return of Adequate Assurance Deposit.**

**125.**    ~~124.~~ On the Effective Date, all funds in the Utility Deposit Account (as defined in the Utilities Order) established by the Debtors pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 150(a) and 366 (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Utility Service*

[Docket No. 158] (the "Utilities Order") shall be returned to the Debtors and vest in the Reorganized Debtors free and clear of any liens, claims, or interests.

**MM.    Dissolution of the Committee.**

**126.**    ~~125.~~ On the Effective Date, the Committee and any other statutory committee formed in connection with the Chapter 11 Cases shall dissolve automatically and all members thereof shall be released and discharged from all rights, duties and responsibilities arising from, or related to, the Chapter 11 Cases, *provided, however*, that the Committee's Professionals may prosecute any remaining interim and/or final applications for payment of Professional Fee Claims.

**127.**    ~~126.~~ On the Effective Date the Creditors' Oversight Committee shall be formed pursuant to Article XIII.B of the Plan, which Creditors' Oversight Committee shall have the consultation and approval rights and provided for under the Plan, *provided, however*, the Creditors' Oversight Committee shall bear its own costs and expenses and none of the Debtors, the Estates, or the Reorganized Debtors shall have any liability for the fees and expenses of the Creditors' Oversight Committee.

**NN.    Governmental Approvals Not Required.**

**128.**    ~~127.~~ Except as otherwise specifically provided herein, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

OO.    **Plan and Confirmation Order Mutually Dependent.**

**129.**    ~~128.~~ This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan is:  (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' consent; and (c) nonseverable and mutually dependent.

PP.    **Reversal.**

**130.**    ~~129.~~ If any of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtors, including without limitation the payment of any Administrative Expense Claims or Allowed Claims or the execution and implementation of the New Exit Facility Documents, including the payment of the ABL Deposit provided for therein.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such acts or obligations incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the Effective Date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

QQ.    **Confirmation Order Supersedes.**

**131.**    ~~130.~~ It is hereby ordered that this Confirmation Order shall supersede any Bankruptcy Court order issued prior to the Confirmation Date that expressly conflicts with this Confirmation Order.

**RR.**    **Recording.**

**132.**    ~~131.~~ The Debtors and the Reorganized Debtors hereby are authorized to deliver a notice or short form of this Confirmation Order, with the Plan attached (in a form complying with any applicable non-bankruptcy rules or regulations), to any state or local recording officer, and such officer must accept for filing such documents or instruments without charging any stamp tax, recording tax, personal property transfer tax, mortgage, or other similar tax.  Such notice (a) shall have the effect of an order of this Court and (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers.   The Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

**SS.**    **Term of Injunctions or Stays.**

**133.**    ~~132.~~ Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

**TT.**    **Documents, Mortgages, and Instruments.**

**134.**    ~~133.~~ Each federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the Plan, including the Restructuring Transactions, and this Confirmation Order.

**UU.**    **Authorization to Consummate.**

**135.** ~~134.~~ The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to the satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article IX.B of the Plan.

**VV.**    **Substantial Consummation.**

**136.** ~~135.~~ On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

**WW.**    **Closing of Chapter 11 Case**

**137.** ~~136. Prior to the Effective Date, the Debtors shall file a motion seeking entry of an order closing as of the Effective Date each of the Debtors' Chapter 11 Cases other than the case of In re Cakewalk, Inc. (Case No. 18-11028 (CSS)).~~ From and after the Effective Date, Debtor Cakewalk, Inc. shall be entitled to change its name to Guitar Liquidation Corporation or any similar name and the caption of its Chapter 11 Case shall be adjusted accordingly upon the filing of notice of such corporate name change on the Bankruptcy Court's docket.  The Reorganized Debtors shall be entitled to prosecute claims and defenses and appoint Cakewalk, Inc. as the Distribution Agent to make distributions, and attend to other wind-down affairs on behalf of each of the other prior Debtors ~~as if such Debtors' estates continued to exist solely for that purpose~~.  The Reorganized Debtors shall, promptly after the full administration of the Chapter 11 Cases, file with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Case of Cakewalk, Inc.

**XX.**    **Effectiveness of All Actions.**

**138.** ~~137.~~ All actions authorized to be taken pursuant to the Plan and the Plan Supplement shall be effective on, prior to, or after the Effective Date pursuant to this

Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or stockholders of the Debtors or Reorganized Debtors and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or stockholders.

**139.** ~~138.~~ This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and the New Exit ABL Facility, and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Documents, the Plan Supplement, the Disclosure Statement, the New Exit ABL Facility Documents, and any documents, instruments, Securities, or agreements, entered into in connection therewith, and any amendments or modifications thereto.

## YY.    Conflicts Between This Confirmation Order and the Plan.

**140.** ~~139.~~ In the event of an inconsistency between the express terms of the Plan and the Disclosure Statement, the Plan Supplement and any other instrument or document created or executed pursuant to the Plan, the express terms of the Plan shall control.  The provisions of the Plan and of the Confirmation Order shall be construed in a manner consistent with each other so as to effectuate the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any provision of the Plan and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern, and any such provisions of this Confirmation Order shall be deemed a modification of the Plan.

**ZZ.** **Waiver of Stay.**

**141.** ~~140.~~ For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

**AAA.** **Final Order.**

**142.** ~~141.~~ This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof.  In the absence of any Person obtaining a stay pending appeal, the Debtors are authorized to consummate the Plan.

**BBB.** **U.S. Department of Justice Provision**

**143.** ~~142.~~ Notwithstanding any provision to the contrary in the Plan, this Order or any other Plan Document:   As to the United States, nothing in the Plan Documents shall: (1) discharge any debt described in Section 1141(d)(6) of the Bankruptcy Code; (2) affect the rights of the United States to assert setoff and recoupment and such rights are expressly preserved; (3) require the United States to File an Administrative Expense Claim in order to receive payment for any liability described in Section 503(b)(1)(B) and (C) as provided in Section 503(b)(1)(D) of the Bankruptcy Code, if such liability exists; (4) affect or impair the exercise of the United States' police and regulatory powers against the Debtors, the Reorganized Debtors or any non-Debtor; (5) except to the extent provided in Section 1125(e) of the Bankruptcy Code, release, enjoin or discharge any non-Debtor from any claim, liability, suit or cause of action of the United States nor shall anything in the Plan Documents enjoin the United States from bringing any claim, suit, cause of action or other proceeding against any non-Debtor for any liability whatsoever; or (6) be construed as a compromise or settlement of any claim, liability, suit, cause

**Exhibit A**

**Plan**