# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **W.R. Grace & Co., et al.,**[1] ) | **Case No. 01-01139 (JJF)** |
| ) | |
| ) | **Jointly Administered** |
| **Debtors.** ) | |
| ) | Objections due: September 24, 2001 @ 4:00 p.m. Hearing date: To be scheduled, only if objections are timely filed and served. |

## SECOND APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W.R. GRACE & CO., et al., FOR INTERIM ALLOWANCE OF REIMBURSEMENT OF MEMBER EXPENSES

The Official Committee of Unsecured Creditors ("the Committee") of W.R. Grace & Co. ("Grace") and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors") in this Court, by its counsel Stroock & Stroock & Lavan LLP ("Stroock"), for its application pursuant to section 503 title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in accordance with the Administrative Fee Order (as defined below)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

for interim allowance of reimbursement of actual and necessary expenses incurred by its members, and in support hereof, the Committee respectfully represents as follows:

## INTRODUCTION

1.  By this Application, the Committee seeks a second interim allowance of reimbursement of actual and necessary expenses incurred by certain of its members and their representatives for the period from April 12, 2001 through and including May 31, 2001 (the "Request Period") in the aggregate amount of $646.00.

2.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. § 503 and Bankruptcy Rules 2002(a) and 2016.

## BACKGROUND

3.  On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.  The Debtors operate a worldwide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The

---

[2] The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the fourth quarter of 2000.

WLM\149455.1    - 2 -

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales were generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5. On April 12, 2001, the United States Trustee formed the Committee consisting of the following members: J.P. Morgan Chase & Co., ABN-AMRO Bank N.V., Bank of America, N.A., The Bank of New York, as indenture trustee, Bankers Trust Company, as indenture trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N. A., and Zhagrus Environmental, Inc. Since the date of the formation of the Committee, The Bank of New York and Bankers Trust Company have resigned from the Committee and Wells Fargo Bank Minnesota, National Association has been appointed to the Committee.

6. This is the second request the Committee has filed with the Court for allowance of reimbursement of expenses. This request is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order"), a copy of which is attached as Exhibit A.

7. Certain members of the Committee and their representatives have incurred actual, reasonable and necessary expenses in connection with meetings of the Committee held during the Request Period, and hereby request reimbursement for such expenses. Exhibit B hereto contains a summary of each Committee member's request for reimbursement, as well as a detailed itemization of travel expenses and copies of supporting receipts.

3

8.  The following Committee member representatives have submitted requests for reimbursement of expenses:

> **FIRST UNION NATIONAL BANK**
> **Widener Building – PA 4810**
> **1339 Chestnut Street**
> **Philadelphia, PA 19107 - 3579**
>
> | | |
> |---|---|
> | **Chris Heckman** | **$216.00** |
> | **Jill Akre** | **$430.00** |

9.  The costs and expenses incurred by these representatives of the Committee member in connection with these meetings were actual and necessary to the preservation of the Debtors' Chapter 11 estates and are allowable administrative expenses pursuant to §503(b) of the Bankruptcy Code.

10. The Committee seeks a second interim allowance of reimbursement of expenses in the total sum of $646.00 for actual and necessary expenses incurred by First Union National Bank, a member of the Committee, and its representatives in connection with the Committee's business during the Request Period. Several members of the Committee have not yet submitted expense reimbursement requests and, therefore, the Committee reserves the right to seek further interim allowances of reimbursement of expenses for such members at a future date.

**WHEREFORE**, Stroock respectfully requests that the Debtors be authorized and directed to make payments to First Union National Bank, a member of the Committee, in the aggregate sum of $646.00 for reimbursement of actual and necessary expenses incurred for the period April 12, 2001 through May 31, 2001 and for this Court to grant such other and further relief as it may deem just and proper.

Dated: Wilmington, DE
       September 5, 2001

**RESPECTFULLY SUBMITTED,**

*/s/ Michael R. Lastowski*

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
DUANE, MORRIS & HECKSCHER, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com

William S. Katchen, Esquire
DUANE, MORRIS & HECKSCHER, LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 424-2000
Facsimile: (973) 424-2001
E-mail: wskatchen@duanemorris.com

-and-

Lewis Kruger, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
e-mail: lkruger@Stroock.com

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.