## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

FILED

2001 AUG 27  AM 11: 38

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: )    Case No.: 01-01139 JJF

W.R. GRACE & COMPANY, et al. )    Motion number:

         Debtors. )

)

TIG Insurance Company, a California )

corporation, )

         Plaintiff, )

   vs. )

GARY SMOLKER and ALICE SMOLKER, )

         Defendants )

)

AND RELATED CROSS ACTIONS )

## MOTION FOR RELIEF FROM AUTOMATIC STAY;
## MEMORANDUM OF POINTS AND AUTHORITIES;
## DECLARATION OF ALICE SMOLKER;
## AND PROPOSED ORDER

       Moving parties and cross complainants Alice Smolker and Gary Smolker hereby move
this Court for an order granting relief from the automatic stay and allowing this action, *TIG v.
Smolker*, to proceed in California state court in Los Angeles, California against debtor W.R.
Grace and its related entity, Grace Davison (hereinafter collectively "Grace"), in the event Grace
Davison is a debtor.

       This motion is based on the following grounds: This action has been pending in
California state court for four years and is ready for trial in state court with a trial date which has

been continued to September 17, 2001; this action is a lengthy, complex case involving several non-debtor parties; Grace is represented by insurance defense counsel so that there is no adverse effect on the estate in trying this case; and trial in state court is the most efficient and economical way to liquidate this case for moving parties, Grace, the other parties to the action, and the courts.

This motion is further based on the ground that if the stay is not lifted, this case will have to be tried twice, in California state court as to the nondebtor parties and again in this Court as to Grace. After Grace removed this case to bankruptcy court, the U.S. Bankruptcy Court for the Central District of California, in Los Angeles, remanded this case to state court and ruled that the bankruptcy court has no subject matter jurisdiction over this action as to all non-debtor parties. The action against the non-debtor parties must be tried in California state court. Lifting the stay will allow the entire action to be tried once instead of twice.

Grace claims Grace Davison is another name for a debtor in this action. Accordingly, movants seek relief from the stay as to Grace Davison if Grace Davison is a debtor in this action.

This motion is based on the attached Memorandum of Points and Authorities, Declaration of Alice Smolker, and the papers on file in this action.


Dated:  August 23, 2001


By _____
Alice Graham Smolker


By _____
Gary Smolker
Cross complainants in propria persona
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA 90292
Ph: (310) 574-9880
Fax: (310) 574-9883

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

Movants Alice and Gary Smolker, husband and wife, suffered bodily injury and property damage as a result of misapplication of a dangerous chemical pesticide in their condominium unit. The product, amorphous silica gel, was manufactured by the debtor, W.R. Grace and Company and/or its business unit Grace Davison (herein collectively "Grace"); and applied by cross defendant Home Saving Termite Control, Inc. ("Termite Control") This product is not supposed to come into contact with humans due to its desiccant properties. However, in October 1996, Termite Control blasted the product under high pressure through the interior condominium walls of the Smolker home so that the chemical was blown throughout the Smolkers' living space. The Smolkers and their two young daughters, now 13 and 16, suffered effects of dehydration by inhalation and skin contact with this chemical. The Smolker family suffered with dry skin, sinus congestion, sore throats, stomach aches and other effects.

The Smolkers asked Termite Control and Grace for help, but the pesticide applicator and manufacturer did not help the Smolkers. The Smolkers asked their condominium homeowners association, Pacific Villas Homeowners Association, for help in making the building safe, but for over a year, the homeowners association did not even plug the holes that Termite Control left in the common areas of the property. When the Smolkers turned to TIG Insurance Company, their personal line insurer, for help, TIG instead sued the Smolkers for declaratory relief in July 1997 in California state court, commencing this action. Other insurers whose policies provided coverage under medical payment or other provisions refused to help the Smolkers.

The Smolkers filed their cross complaint in October 1997. The Smolkers cross complained against Grace, Termite Control, the condominium homeowners' association, the

individual homeowners, and other individuals and insurance companies. The Smolkers' fifth amended cross complaint, the operative pleading, is for equitable relief and damages for breach of contract, breach of the insurer's duty of good faith and fair dealing, strict liability, negligence, nuisance, trespass, assault and battery, wrongful eviction and waste, contribution, willful misconduct, breach of fiduciary duty and fraud. The state court's file in this intensely litigated case is 52 volumes long. The state court trial judge ordered that the case be bifurcated, with the Phase I trial continued several times over the last year and most recently set for September 17, 2001. The Phase I trial involves the Smolkers, Grace and Termite Control. Phase II involves the Smolkers' claims against the insurers. There are also several related appeals pending in the California Court of Appeal, which do not involve Grace.

After Grace filed its bankruptcy petition, Grace removed the *TIG* case to bankruptcy court in Los Angeles. The Smolkers filed a motion to remand the case to state court, and Grace filed a motion to transfer the entire case to Delaware. The bankruptcy court in Los Angeles granted the Smolker's motion to remand on the basis that the bankruptcy court has no subject matter jurisdiction over the Smolkers' action against the non-debtor parties. The court found a lack of even "related to" jurisdiction. The court denied Grace's motion to transfer venue to Delaware, ruling that the only impact of transferring the case to Delaware on the administration of the bankruptcy case would be to "further strain the limited resources of the Delaware District Court handling these bankruptcy cases." *TIG v. Smolker*, 2001 WL 800017 (Bkrtcy C.D. Cal. 2001).

Grace is represented in the *TIG* action by a California law firm as insurance defense counsel, at no cost to Grace.

## II. JUDICIAL ECONOMY AND FAIRNESS TO THE PARTIES DICTATE THAT THE AUTOMATIC STAY SHOULD BE LIFTED

The court shall grant relief from the automatic stay on request of a party in interest for cause. 11 *USC* 362(d). In this case, lifting the stay to allow this case to proceed to trial in California state court is the most efficient course for the parties and the courts.

The automatic stay should be terminated when the pending action is neither connected with nor interferes with the bankruptcy proceeding; and when the pending action does not jeopardize the bankrupt estate because the bankrupt is represented by insurance defense counsel. The interests of judicial economy dictate that this case should go forward, in that a trial date has been set in state court, this case has been pending in state court for four years, and the issues in this case do not require the expertise of the bankruptcy court. *In the Matter of Charles Holtkamp (Holtkamp v. Littlefield)* (7th Cir. 1982) 669 Fed.2d 505, 508-509.

If the stay is not lifted, this case will have to be tried twice, once in California state court and again in a Delaware district court. A bankruptcy court has already ruled that the bankruptcy court has no jurisdiction over this action as to the non-debtor parties. *TIG v. Smolker*, 2001 WL 800017 (Bkrtcy C. D. CA 2001). In this opinion, the bankruptcy court in Los Angeles granted the Smolkers' motion to remand the case to state court following Grace's removal to federal court, and denied Grace's motion to transfer the case to the Delaware bankruptcy court. Grace was represented at the hearings on these issues by both local and bankruptcy counsel. Accordingly, this decision is res judicata as to Grace. The case will go to trial against the non-debtor parties in California state court.

It would be efficient for Grace to be included in the California trial proceedings. Grace has been represented in the California action by insurance defense counsel for four years. Grace's counsel is familiar with this action. It would be inefficient for Grace to have to hire Delaware counsel, and for this Court and the new law firm to familiarize themselves with this complex 52-volume case instead of allowing the California state court to try this action once, against all parties.

It would also be burdensome for movants to try this case twice, and to have to try this case in a geographically remote courtroom in Delaware, far removed from all percipient witnesses and the injured real property which is the subject of the action.

Relief from the stay will not interfere with the bankruptcy proceeding. In fact, it will enhance effective administration of the estate. It is more efficient to try the case without delay in California to liquidate movants' claim, than to face the inevitable delay and added expense of educating new counsel and a new judge in a new courtroom in Delaware. A speedy resolution of movants' claim will allow the administration of the estate to move forward expeditiously. If applicable insurance exists, the Smolkers would like to pursue any judgment against Grace from the insurer. In the absence of insurance, the Smolkers would turn to the bankruptcy court to enforce any judgment they obtain against Grace.

Grace Davison is not listed as a bankrupt entity in this case. However, W.R. Grace claims Grace Davison is not a legal entity and is a name used "from time to time as another name for Davison Chemicals". Davison Chemicals is not listed as a debtor in this action. W.R. Grace claimed in its 1996 10-K Annual Report that Grace Davison had $732 million in sales and revenues, and employed 2,700 people worldwide. W.R. Grace's 1996 Annual Report contains a photograph of the president of Grace Davison, James R. Hyde. See Declaration of Alice Smolker attached hereto.

The Associate General Counsel and Secretary of W.R. Grace & Co. and W.R. Grace & Co.-Conn, Mark Shelnitz, filed a declaration in Bankruptcy Court in Los Angeles purporting to identify Grace Davison. However, the declaration is inconclusive. It is not clear whether Grace Davison is also a name used from time to time by one of W.R. Grace's several non-bankrupt entities. See Declaration of Alice Smolker attached hereto.

To the extent Grace Davison is or represents a bankrupt entity, movants seek relief from the automatic stay as to Grace Davison as well as W.R. Grace & Company.

This case involves state law issues, witnesses and real property located in California. The state court is familiar with this case and has set this case for trial. This is a complex, voluminous case. The state court's file is 52 volumes long. It would be a waste of both private and judicial resources to try this case separately against Grace in a Delaware court.

Due to the proximity of the trial date in California, movants request that the Court grant this motion as effective immediately, without the ten-day waiting period set forth in *FRBP* Rule 4001(a)(3).

Under these circumstances, "the lifting of the stay in this case is in complete harmony with the Code's policy of quickly and efficiently formulating plans for repayment and reorganization." *In the Matter of Charles Holtkamp, supra,* at p. 508.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully requested that this motion be granted, and the automatic stay be lifted, effective upon entry of the Court's order, so that *TIG v. Smolker* can proceed in California state court.

Dated: August 22, 2001

By _____
Alice Graham Smolker

By _____
Gary Smolker
Cross complainants in propria persona
4720 Lincoln Blvd., Ste. 280
Marina Del Rey, CA 90292
Ph: (310) 574-9880
Fax: (310) 574-9883

## DECLARATION OF ALICE SMOLKER

Alice Smolker declares:

1. I am a cross complainant and movant, as is my husband, Gary Smolker. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

2. During the course of this litigation in state court, attorney Robert Ridenour, of Borton, Petrini & Conron, the law firm that represents W.R. Grace & Company and Grace Davison (Grace) in the *TIG v. Smolker* action in California, told us that his firm was hired to represent Grace in this action by an insurer. Mr. Ridenour said this on September 12, 2000, and on other occasions. Another attorney from his firm, Brian Porter, confirmed that an insurer is providing a defense for Grace in this action.

3. *TIG Insurance Co. v. Smolker* was filed in Los Angeles Superior Court in July 1997. We filed a cross complaint in this action in October 1997, naming Grace and other parties as cross defendants.

4. This case was originally set to commence trial on July 31, 2000. After several continuances, the case was set for trial on June 11, 2001. After Grace filed for bankruptcy protection, another cross defendant, Home Saving Termite Control, Inc., moved the state court for a continuance of the trial date to have time to obtain relief from the automatic stay to take depositions of the debtor's employees. The state court responded by continuing the trial to September 17, 2001. Thereafter, Grace removed the action to U.S. bankruptcy court in Los Angeles. On July 13, 2001, the Los Angeles bankruptcy court (Hon. Sheri Bluebond, Judge), granted our motion to remand the case to state court, and denied Grace's motion to transfer venue to Delaware. Grace was represented during all proceedings before Judge Bluebond by two law firms, Borton Petrini & Conron and Kirkland & Ellis.

5. I have reviewed footnote 1 of the Amended Complaint, which purports to list the names of all debtor entities. I do not find the names Grace Davison or Davison Chemicals listed as a debtor. However, I am informed that Grace uses the name Grace Davison in reference to

one or more of its business entities. I do not know whether the entities which use the name Grace Davison are debtors.

6. The Associate General Counsel and Secretary of W.R. Grace & Company, Mark A. Shelnitz, filed a declaration with the U.S. Bankruptcy Court in Los Angeles stating in part: "Grace...conducts substantially all of its business through a direct, wholly owned subsidiary, Grace-Conn. Grace-Conn, a debtor in the Chapter 11 cases...has *76 domestic subsidiaries and affiliates, 60 of which are debtors* in the Chapter 11 cases....Grace-Conn predominately operates through two business units: Davison Chemicals and Performance Chemicals. These business units are not subsidiaries and have no separate legal identity...No legal entity exists by the name of 'Grace Davison.' The name 'Grace Davison' however, is used from time to time as another name for 'Davison Chemicals...'" See Declaration of Mark A. Shelnitz attached hereto as Exhibit A (emphasis added).

7. I do not know whether any of the sixteen non-debtor subsidiaries and affiliates uses the name Grace Davison. The Shelnitz declaration is silent as to this issue.

8. Attached hereto as Exhibit B is a true and correct copy of an excerpt of W.R. Grace & Co.'s 1996 Annual Report which I obtained from W.R. Grace & Co. It includes a photograph and quote from James R. Hyde, who is identified as the president of Grace Davison, Baltimore, Maryland.

9. Attached hereto as Exhibit C is a true and correct copy of an excerpt of W.R. Grace & Co.'s 1996 Annual Report on Form 10-K which I obtained from W.R. Grace & Co. This report state that Grace Davison's sales and revenues were $732 for the year 1996, and that Grace Davison employed approximately 2,700 people worldwide (at p. 9).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on August 23, 2001 at Marina Del Rey, California.

Alice Smolker

1    BENNETT L. SPIEGEL (SBN 129558)
**KIRKLAND & ELLIS**

2    1901 Avenue of the Stars, 16th Floor
Los Angeles, California  90067

3

   Telephone:   (310) 551-1015

4    Facsimile:   (310) 551-3059

5    Attorneys for Cross-Defendants W.R.
GRACE & CO. and GRACE DAVISON

6

7             **UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

8

| | |
|---|---|
| 9   TIG INSURANCE COMPANY, a<br>California corporation, | Case No.: 01-01139<br>[United States Bankruptcy Court for the<br>District of Delaware] |
| 10          Plaintiff, | Chapter 11 |
| 11      v. | U.S. Bankruptcy Court, Central District, Los<br>Angeles Division--Honorable S. Bluebond] |
| 12   GARY SMOLKER, an individual, and<br>ALICE SMOLKER, an individual; and<br>DOES 1-10, inclusive, | **Adv. No. AD 01-01646 BB**<br>Removed Case No. BC 173 952<br>[California Superior Court, County of Los |
| 13 | Angeles] |
| 14          Defendants. | |
| 15   GARY SMOLKER and ALICE SMOLKER, | **AMENDED DECLARATION OF MARK A.<br>SHELNITZ IN SUPPORT OF MOTION FOR<br>ORDER AMENDING: (1) ORDER ON** |
| 16         Cross-Complainants, | **MOTION OF DEFENDANTS AND CROSS-<br>COMPLAINANTS ALICE SMOLKER AND** |
| 17      v. | **GARY SMOLKER TO ABSTAIN AND<br>REMAND TO STATE COURT (ENTERED** |
| 18   HOME SAVINGS TERMITE CONTROL,<br>INC.; W.F. MORRIS; RICK THOMPSON; | **JULY 13, 2001); AND (2) MEMORANDUM<br>OF DECISION RE (1) MOTION OF** |
| 19   W.R. GRACE & CO.; GRACE DAVISON;<br>CORGIS GROUP, INC.; CORGIS | **DEFENDANTS AND CROSS-<br>COMPLAINANTS ALICE SMOLKER AND** |
| 20   INSURANCE COMPANY; CALIFORNIA<br>INSURANCE COMPANY; TRUCK | **GARY SMOLKER TO ABSTAIN OR<br>REMAND TO STATE COURT AND** |
| 21   INSURANCE EXCHANGE; TRUCK<br>UNDERWRITERS ASSOCIATION, | **(2) MOTION FOR W.R. GRACE AND<br>COMPANY AND GRACE DAVISON TO** |
| 22 | **TRANSFER VENUE OF ADVERSARY<br>PROCEEDING TO DISTRICT OF** |
| 23         Cross-Defendants. | **DELAWARE ENTERED JULY 13, 2001** |
| 24   AND RELATED CROSS ACTIONS. | Date:   **[Hearing To Be Set Only If Necessary]**<br>Time: |
| 25 | Place:   Courtroom 1475 |
| 26 |        255 East Temple Street<br>       Los Angeles, CA  90012 |
| 27 | |
| 28 | |

15848_22_P008_Amended.Shelnitz.Decl

EXHIBIT A

I, Mark A. Shelnitz, declare:

1.      I am an attorney at law duly licensed to practice law in the State of New York and, under The Maryland Code, Business Occupations and Professionals Article, Section 10-206(d), as in-house counsel in the State of Maryland.  I am the Associate General Counsel and Secretary of W. R. Grace & Co. ("Grace") and W. R. Grace & Co. - Conn. ("Grace-Conn.").

2.      I make this Declaration based upon personal knowledge, except where otherwise stated.  If called upon to testify as a witness, I could and would competently testify thereto.

3.      Grace is a corporation organized under the laws of the State of Delaware and is one of 62 entities that filed Chapter 11 Bankruptcy cases on April 2, 2001 in the United Stated Bankruptcy Court for the District of Delaware, Case No. 01-01139 (JJF).

4.      Grace is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary, Grace-Conn.  Grace-Conn., a debtor in the Chapter 11 cases, owns substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are debtors in the Chapter 11 cases.

5.      Grace-Conn. predominately operates through two business units: Davison Chemicals and Performance Chemicals.   These business units are not subsidiaries and have no separate legal identity.

6.      I understand that in the action entitled TIG Insurance Company v. Gary Smolker, Case No. BC 173952, filed in the Superior Court of the State of California for the County of Los Angeles, Gary and Alice Smolker have filed cross-complaints against, among others, "W. R. Grace & Co. and Grace Davison." No legal

entity exists by the name of "Grace Davison." The name "Grace Davison" however, is used from time to time as another name for "Davison Chemicals" which, as outlined above, is a business unit of Grace-Conn., which is a debtor in the Chapter 11 cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of August 2001, at Columbia, Maryland.

Mark A. Shelnitz

# The New Grace

W. R. Grace & Co.

1996 Annual Report



*Phonosorb*® desiccant adsorbents prevent internal condensation in insulating glass windows and assure a clear view.

Hydroprocessing catalysts improve the quality of feeds for finished refined products such as gasoline. Gasoline is produced using fluid cracking catalysts. Fluid cracking catalyst additives allow refiners to meet the challenge of reformulated gasoline. *Syloid*® silicas control gloss in the coatings that finish automotive dashboard and trim elements and leather and vinyl upholstery.

*Sylodent*® silicas enhance cleaning capabilities and thicken toothpastes. *Syloid*® silicas act as thickeners, anti-caking agents, glidants, active ingredient carriers, moisture scavengers, tabletting aids, oil absorbers and gloss reducers in pharmaceuticals and personal care products.

*Sylobloc*® silicas make plastic film easier to handle, open and fill.

**James R. Hyde** President, Grace Davison
*Baltimore, Maryland*

"In my 35 years in the business, I've never seen as many opportunities for Grace Davison. We have the right technologies, the right products, the global reach and the manufacturing flexibility to take full advantage of the opportunities before us. New applications for our silica products are virtually limitless; we're continually expanding our market reach. The changing refinery market has opened several doors for new fluid cracking catalyst applications. Escalating consumption of fuel, plastics, coatings and other consumer products due to improved quality of life in Asia Pacific should fuel growth in all our businesses."

*Daraclar*® silica adsorbents prevent beer from clouding by adsorbing proteins during chillproofing.

Papers using new *Sylojet*™ silicas for color reproduction offer excellent color "snap" and improved print resolution. They also absorb excess ink for quick drying.

*Syloid*® silicas are used to control gloss in paints and coatings. For example, they provide exceptional clarity, depth and smoothness in wood finishes.

# GRACE

**W. R. Grace & Co.**
**Annual Report on Form 10-K**

**For the year ended**
**December 31, 1996**

EXHIBIT C

# PART I

## Item 1. <u>Business</u>.

## INTRODUCTION AND OVERVIEW

W. R. Grace & Co., through its subsidiaries, is one of the world's leading packaging and specialty chemicals companies. Grace's core businesses are packaging, catalysts and other silica-based products, and construction products. It began operating these core businesses in 1954, when it acquired both the Dewey and Almy Chemical Company and the Davison Chemical Company. Grace believes that each of its core businesses is an industry leader, offers high value-added products, employs leading technology, and has a global presence. Grace's products and systems serve highly specialized market segments; accordingly, competition tends to be based primarily on technological capability, customer service, product quality, and, to a lesser extent, price. These products and systems also generally represent an important component (but a relatively small portion of the cost) of the end products or processes in which they are used. Grace believes that it provides highly differentiated, superior products and services through investments in research and development, facilities that enable Grace to take advantage of expanding global opportunities, and technology platforms capable of providing multiple products to anticipate and satisfy customer needs.

As used in this Report, the term "Company" refers to W. R. Grace & Co., a Delaware corporation, and the term "Grace" refers to the Company and/or one or more of its subsidiaries and, in certain cases, their respective predecessors. Grace's principal executive offices are located at One Town Center Road, Boca Raton, Florida 33486-1010, and its telephone number is 561/362-2000. At year-end 1996, Grace had approximately 17,400 full-time employees worldwide in its continuing operations.

Grace's Consolidated Financial Statements for the three years in the period ended December 31, 1996 ("Consolidated Financial Statements"), and certain other financial information included in the Company's 1996 Annual Report to Shareholders, are set forth in the Financial Supplement to this Report and incorporated by reference in this Report.

Information concerning the sales and revenues, pretax operating income and identifiable assets of Grace's continuing operations by geographic area for 1996, 1995 and 1994 is contained in Note 17 to the Consolidated Financial Statements.

. <u>Strategic Objectives and Actions</u>. Grace's principal strategic objective has been, and will continue to be, to increase shareholder value. In recent years, Grace has sought to achieve this objective by (a) focusing on core businesses to accelerate profitable growth; (b) upgrading financial performance, principally by disposing of noncore businesses, strengthening the balance sheet and reducing overhead; and (c) integrating

100 countries through direct sales organizations and distributors, using a network of distribution facilities located near its manufacturing facilities and major customer concentrations.

In Grace Packaging's business, the failure to have capacity sufficient to meet customer needs, or the inability to manufacture in geographic markets in which customers expand, could damage customer relationships and/or result in a loss of business. As a result of product introductions, marketing programs and improvements in global economic conditions, worldwide demand for Grace Packaging products grew at a rapid pace in 1994 and 1995, placing pressure on existing capacity. To address this matter, Grace Packaging has added capacity in all regions (including the plant in Kuantan, Malaysia, referred to above). As a result, capacity is generally sufficient to meet market demand currently and, taking planned capacity expansion into account, for the foreseeable future.

Catalysts and Other Silica-Based Products.    Grace's Davison unit ("Grace Davison"), founded in 1832, is composed of two primary product groups: (a) catalysts and (b) silica products and adsorbents. These products principally apply silica, alumina and zeolite technology and are designed and manufactured to meet the varying specifications of such diverse customers as major oil refiners, plastics and chemical manufacturers and consumer products companies. Grace Davison believes that its technological expertise provides a competitive edge, allowing it to quickly design products that meet changing customer specifications, and to develop new products that expand its existing technology. For example, Grace Davison estimates that a substantial portion of its 1996 fluid cracking catalyst sales was attributable to products introduced in the last five years.

Grace Davison produces refinery catalysts, including (a) fluid cracking catalysts used by petroleum refiners to convert crude oil into more valuable transportation fuels (such as gasoline and jet and diesel fuels), as well as other petroleum-based products, and (b) hydroprocessing catalysts that remove certain impurities (such as nitrogen, sulfur and heavy metals) from crude oil prior to the use of fluid cracking catalysts. Oil refining is a highly specialized discipline, demanding that products be tailored to meet local variations in crude oil and the refinery's changing operational needs. Grace Davison works regularly with most of the approximately 360 refineries in the world, helping to find the most appropriate catalyst formulations for the refiners' changing needs. Grace Davison's business has benefited in recent years, in part, from the use by refiners of heavier crude oils, and could be adversely affected by an increase in the availability of lighter crude oil, which generally requires less fluid cracking catalysts to refine. Competition in the refinery catalyst business is based on technology, product performance, customer service and price. Grace Davison believes it is one of the world leaders in refinery catalysts and the largest supplier of fluid cracking catalysts in the world.

Grace Davison's polyolefin catalysts and catalyst supports are essential components used in manufacturing nearly half of all high density and linear low density

polyethylene resins produced worldwide; these resins are used in products such as plastic film, high-performance pipe and household containers. The polyolefin catalyst business is technology-intensive and focused on providing products specifically formulated to meet end-user applications. Manufacturers generally compete on a worldwide basis, and competition has recently intensified due to evolving technologies, particularly the use of metallocenes. Grace believes that metallocenes represent a revolutionary development in the making of plastics, allowing plastics manufacturers to design polymers with exact performance characteristics. Grace Davison is continuing its work on the development and commercialization of metallocene catalysts.

Silica products and zeolite adsorbents produced by Grace Davison are used in a wide variety of industrial and consumer applications. For example, silicas are used in coatings as flatting agents (i.e., to reduce gloss), in plastics to improve handling, in toothpastes as thickeners and cleaners, in foods to carry flavors and prevent caking, and in the purification of edible oils. Zeolite adsorbents are used between the two panes of insulated glass to adsorb moisture and are used in process applications to separate certain chemicals from mixtures. Competition is based on product performance, customer service and price.

Grace Davison's sales and revenues were $732 million in 1996, $687 million in 1995 and $610 million in 1994; approximately 50% of Grace Davison's 1996 sales and revenues were generated in North America, 36% in Europe, 12% in Asia Pacific and 2% in Latin America. Sales of fluid cracking catalysts accounted for 11% of the total sales and revenues of Grace's continuing operations in 1996, and 10% in each of 1995 and 1994. At year-end 1996, Grace Davison employed approximately 2,700 people worldwide in 10 facilities (6 in the U.S. and 1 each in Canada, Germany, Brazil and Malaysia). Grace Davison's principal U.S. manufacturing facilities are located in Baltimore, Maryland and Lake Charles, Louisiana; its principal European manufacturing facility is located in Worms, Germany. Grace Davison has a direct selling force and distributes its products directly to over 19,000 customers, the largest of which accounted for approximately 6% of Grace Davison's 1996 sales and revenues.

Most raw materials used in the manufacture of Grace Davison products are available from multiple sources, and, in some instances, are produced or supplied by Grace Davison. Because of the diverse applications of products using Grace Davison technology and the geographic areas in which such products are used, seasonality does not have a significant effect on Grace Davison's businesses.

Construction Products. Grace's construction products business ("Grace Construction") is a leading supplier of specialty materials to the nonresidential (commercial and government) construction industry and, to a lesser extent, the residential construction industry. Grace Construction's products fall into three main groups: (a) concrete admixtures, cement additives and masonry products (principally chemicals that add

-9-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                              ) Case No.: 01-01139 JJF

W.R. GRACE & COMPANY, et al.                        ) Motion number:
        Debtors.                                  )
                                 )
_____                )

TIG Insurance Company, a California                 )
corporation,                                        )
             Plaintiff,                          )
                                 )

     vs.                                          )

GARY SMOLKER and ALICE SMOLKER,                     )
            Defendants                          )
                                 )
_____                )

AND RELATED CROSS ACTIONS                           )

### [PROPOSED] ORDER

On _____, 2001, the Motion for Relief from Automatic Stay of

moving parties Alice Smolker and Gary Smolker was heard and considered by this Court.

    Relief from the Automatic Stay is hereby granted so that movants may pursue the *TIG v.*

*Smolker* action against W.R. Grace & Company and Grace Davison, Los Angeles Superior Court

No. BC173952, in California state court; and movants may seek to enforce any resulting

judgment against an insurer of debtor, if any.  This order is effective upon the date signed below

and is not subject to the stay set forth in *Federal Rules of Bankruptcy Procedure* Rule

4001(a)(3).

Dated:


                                   _____

                                   Judge

## DECLARATION OF SERVICE BY MAIL

I, Jane Nagaishi, declare:

At the time of service hereinafter mentioned, I am over the age of 18 years and not a party to the within action. My business address is 4720 Lincoln Boulevard, Suite 250, Marina Del Rey, California 90292. I am employed in the County of Los Angeles, California.

On August 23, 2001, I served the foregoing document described as follows:

**Motion for Relief from Automatic Stay**

on the interested parties in this action, by causing a true copy thereof enclosed in a sealed envelope(s), addressed as follows, to be placed in the U. S. Mail at Marina Del Rey, California:

**SEE ATTACHED SERVICE LIST**

At the time of service, there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury that the information stated herein is true and correct under the laws of the United States of America.

Executed on August 23, 2001, at Marina Del Rey, California.

JANE NAGAISHI

DeclServ

**In Re W.R. Grace**
**USBC, District of Delaware**
**Service List**

James H.M. Sprayregen, Esq.                    Attorneys for Debtors
Kirkland & Ellis
200 E. Randolph Drive
Chicago, Ill  60601
Fax:  312-861-2200

Laura Davis Jones, Esq.                         Attorneys for Debtors
Pachulski Stang Ziehl Young & Jones PC
919 N. Market St., Ste. 1600
P.O. Box 8705
Wilmington, DE  19899-8705
Fax:  302-652-4400

Office of the United States Trustee             Trustee
ATT:  Frank J. Perch, Esq.
844 N. King St.
Wilmington, DE  19801
Fax:  302-573-6497

Scott L. Baena, Esq.                            Counsel to the Official Committee of Property
Bilzin Sumerg Dunn Baena Price & Axelrod        Damage Claimants
First Union Financial Center
200 S. Biscayne Blvd., Ste. 2500
Miami, FL  33131
Fax:  305-374-7593

Michael B. Joseph, Esq.                         Counsel to the Official Committee of Property
Ferry & Jospeh, PA                              Damage Claimants
824 Market Street, Ste. 904
P.O,. Box 1351
Wilmington, DE  19899
Fax:  302-575-1714

Elihu Inselbuch, Esq.                           Counsel to the Official Committee
Caplin & Drysdale                               of Personal Injury Claimants
399 Park Avenue, 36th Floor
New York, NY 10022
Fax:  212-644-6755

Matthew G. Zaleski III, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
Fax:  302-654-2067

Counsel to the Official Committee
of Personal Injury Claimants

Lewis Kruger, Esq.
Strook & Strook & Lavan
180 Maiden Lane
New York, NY  10038-4982
Fax:  212-806-6006

Counsel to the Official Committee
Of Unsecured Creditors

Michael R. Lastowski, Esq.
Duane Morris & Heckscher, LLP
1100 N. Market Street, Ste. 1200
Wilmington, DE  19801-1246
Fax:  302-657-4901

Counsel to the Official Committee
Of Unsecured Creditors

Rosemary Lewis, Esq.
Borton, Petrini & Conron
707 Wilshire, Blvd., 51st fl
Los Angeles, CA 90017-3613
Fax: 213-489-3930

Attorneys for debtor

Gary Yardumian, Esq. SBN 131411
Prindle Decker & Amaro
P. O. Box 22711
Long Beach, CA  90801-5511
Fax:  562-495-0564

Attorneys for Defendants
Home Saving Termite Control, Inc.
And Wayne Morris

Sherry Ruggiero Fallon #2464
Tybout, Redfearn & Pell
300 Delaware Ave., Ste. 1100
P. O. Box 2092
Wilmington, DE  19899
Fax:  302-658-6901

Attorneys for Defendants
Home Saving Termite Control, Inc.
And Wayne Morris