IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | X | |
| In re: | : | Chapter 11 |
| | | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., et al. | : | |
| Debtors. | | Jointly Administered |
| | : | |
| | | Hearing Date:  To Be Scheduled |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | X | |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF A BAR DATE, APPROVAL OF THE PROOF OF CLAIM FORMS AND APPROVAL OF THE NOTICE PROGRAM (DOCKET NO. 586)**

TO THE HONORABLE JOSEPH J. FARNAN JR.,
UNITED STATES DISTRICT COURT JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors' Committee"), by its counsel, hereby submits this Response to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (the "Debtors' Motion"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Creditors Committee generally supports the Debtors' Motion and requests that the Court expeditiously establish a bar date and a case management schedule so that the magnitude of the valid claims against the Debtors' estates can begin to be quantified and classified.

## THE RELIEF SOUGHT BY THE DEBTORS' MOTION
## IS GENERALLY APPROPRIATE

**Establishment of A Bar Date**

1.      The Debtors' Motion sought to establish April 1, 2002 as the date by which all proofs of claims were required to be properly filed against the Debtors, or the creditors holding such claims would be forever barred from voting on, or receiving distributions under, the Debtors' reorganization plan.  The proposed April 1, 2002 date appears to have been predicated on providing an eight-month time period commencing on or about August 1, 2001, during which the Debtors would utilize the first 60 days to finalize the bar date documentation and prepare service lists, and then utilize the remaining six-month period to implement their extensive notice program during which all persons would have a sufficient opportunity to prepare and file their appropriate proof of claim forms.

2.      The Creditors Committee believes that the six-month bar date process itself, as initially proposed, is more than ample.  In fact, in view of the broad experience of the Debtors' noticing agent in conducting extensive notice programs of the type proposed in these cases, of counsel for the official committees in these cases in assisting their constituents with these types of programs and processes and, to some extent, of many of the persons likely to assert claims against the Debtors in filing asbestos-related claims in other bankruptcy cases, the Creditors Committee submits that the bar date process itself could arguably occur over a several month shorter period of time and still be sufficient.  The entry of a bar date is a crucial first step in the process of defining the magnitude and types of claims needing to be evaluated and dealt with in these chapter 11 cases.  The Creditors Committee respectfully urges the Court to approve a bar date process commencing as quickly as possible and running no longer than the Debtors' proposed period of time.

**The Proof of Claim Forms Appear To Be Reasonable**

3. The Debtors have created four different proof of claim forms which must be properly filled out and filed by the Bar Date, depending on the type of claim being asserted. Three of the proposed forms are to be utilized by the three major categories of asbestos-related claimants and are identified in the Debtors' Motion as: (1) the Asbestos Property Damage Proof of Claim Form; (2) the Zonolite Attic Insulation Proof of Claim Form; and (3) the Asbestos Personal Injury Proof of Claim Form (including a section for Settled Asbestos Claims). The Creditors Committee believes that each of these forms elicits a reasonable and necessary amount of information from each such type of claimant thereby enabling the parties and this Court to properly evaluate and resolve threshold liability issues against the Debtors' estates in these cases, without any undue burden to any specific creditor. The fourth proof of claim form, currently referred to as the Non-Asbestos Proof of Claim, and intended to be used by all persons asserting claims other than the specific categories of asbestos claimants, is in substantial part Official Form No. 10.

**The Notice Program is Extensive And Appears
Reasonably Calculated to Apprise Persons of the Bar Date**

4. The Debtors' notice program is extensive and as described in the Debtors' Motion and related pleadings proposes to provide actual notice by mail to all identifiable claimants and their counsel of record, and constructive publication notice through national and geographically relevant local newspapers, trade and other print media, and national television advertising among other avenues.

5. The notice program thus appears calculated to provide both actual notice of the Bar Date to all known claimants and constructive publication notice of the Bar Date to those claimants whose identities and/or addresses are not presently known or reasonably

ascertainable.  As a result, the Creditors Committee believes that the proposed program complies with the due process requirements under the Bankruptcy Rules.

        6.    **Case Management Schedule**:  The Creditors Committee also generally supports the Debtors' proposed case management schedule.  However, while recognizing that these cases present complicated liability issues which will necessarily take time to litigate, the Creditors Committee wishes to stress that it believes that it is in the best interest of all creditors that the case management schedule be on an as accelerated a time frame as possible.  The schedule proposed by the Debtors, while certainly not as compact as the Creditors Committee would have preferred, appears reasonable and is acceptable to the Creditors Committee.  It should not be extended.

**CERTAIN MODIFICATIONS TO THE BAR DATE NOTICE
AND RELATED DOCUMENTS SHOULD BE MADE**

        7.    While the Creditors Committee generally supports all aspects of the relief sought by the Debtors' Motion as outlined above and believes it should be expeditiously approved by the Court, the Creditors Committee has identified a number of specific modifications to non-asbestos claim related aspects of the Debtors' proposed bar date notice and related documentation and processes, which it believes are necessary and appropriate.  These changes have been already raised with the Debtors and based on recent discussions with them, the Creditors Committee believes that the Debtors will be modifying the bar date documentation and processes to address virtually all of the specific concerns already raised by the Creditors Committee.  As a result, the Creditors Committee has not identified those specific issues in this Response.  The Creditors Committee is, and will be, continuing to work with the Debtors on appropriate revisions to the bar date processes and documentation as this process moves forward.

**RESERVATION OF RIGHTS**

8.     The Creditors Committee reserves its rights to supplement and/or modify this Response as appropriate and necessary.

**WHEREFORE**, the Creditors Committee respectfully requests that this Court expeditiously establish a bar date and case management schedule generally in the manner proposed by the Debtors' Motion as the same will be modified to reflect the specific modifications requested by the Creditors Committee, and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       September 10, 2001

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**
Lewis Kruger
Robert A. Raskin
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York  10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

and

**DUANE, MORRIS & HECKSCHER LLP**

/s/ Michael R. Lastowski
Michael R. Lastowski (DE I.D. No. 3892)
William S. Katchen
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Tel:    (302) 657-4900
Fax:    (302) 657-4901
Email: mlastowski@duanemorris.com

Co-Counsel for the Official Committee of Unsecured Creditors