IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION AND AGREEMENT BETWEEN**
**THE DEBTORS AND AON CONSULTING, INC.**

This Stipulation and Agreement is entered into between the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and AON Consulting, Inc., a New Jersey corporation, ("AON"), in its own capacity and as successor to Actuarial Sciences Associates, Inc.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## BACKGROUND

A.  On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), the Debtors continue to operate their businesses and manage their properties as debtors in possession.

B.  Prior to the Petition Date, W. R. Grace & Co. was a party to a Letter of Agreement with Actuarial Sciences Associates, Inc. ("ASA") dated February 16, 1998, pursuant to which ASA agreed to provide various benefit administration services to the Debtors on the terms set forth therein. In or around 2000, AON acquired ASA and has continued to serve the Debtors thereafter pursuant to the terms of the Letter of Agreement. In addition, AON and the Debtors are parties to certain other agreements, pursuant to which AON provides (i) various actuarial and other services for various of the Debtors' foreign benefit plans and (ii) other consulting work regarding executive compensation and benefits issues. Finally, AON has provided, and continues to provide, other administration and actuarial services for the Debtors as well as for The W. R. Grace Master Retirement Trust and the W. R. Grace Qualified Retirement Plans, (collectively the "Trust"), which Trust is not a debtor in these Chapter 11 Cases or in any other reorganization or insolvency proceeding.

C.  On the Petition Date, the Debtors filed the Application for Entry of an Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors'

Business (the "Ordinary Course Professional Application"). Pursuant to the Ordinary Course Professional Application, the Debtors sought authority to retain and compensate various persons and entities which the Debtors use in the ordinary course of their business, without the need for filing with the Court an application, affidavit and proposed retention order for each professional. AON was listed as an ordinary course professional in the Ordinary Course Professional Application.

D. AON and the Debtors do not consider AON to be a professional for purposes of the Chapter 11 Cases.

E. Case law interpreting the Bankruptcy Code holds that "[p]ersons in occupations ordinarily considered professions are not necessarily professionals whose retention by the estate requires court approval. For the purposes of section 327(a), 'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceedings." In the Matter of Seatrain Lines, Inc., 13 B.R. 980, 981 (Bankr. S.D. N.Y. 1981). The duties considered central to the administration of the estate include assisting in the negotiation of the debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of assets of the estate, and acquiring assets on behalf of the estate. In re Sieling Associates Ltd. Partnership, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991); see also In re Johns-Manville Corp., 60 B.R. 612, 621 (Bankr. S.D. N.Y. 1986). AON is not providing services to the Debtors which fall into any of these categories.

F. The Debtors have requested that AON continue to render the same types and levels of services which AON provided to the Debtors prior to the Petition Date, and AON is willing to do so, subject to the provisions hereof.

NOW, THEREFORE, each in consideration of the mutual promises of the other, and specifically intending to be legally bound hereby, subject only to approval by the Bankruptcy Court, the parties stipulate and agree as follows:

1.  The recitations as set forth in the Background section hereof are incorporated herein by reference.

2.  AON is not a "professional person" as that term is defined by courts interpreting the Bankruptcy Code. As a consequence, it is agreed that AON need not (i) be employed in these bankruptcy cases as a professional or (ii) file fee applications for compensation and reimbursement of expenses in these Chapter 11 Cases.

3.  Nothing herein shall be construed to amend or modify any of the agreements between and among the parties hereto, nor shall this Stipulation and Agreement be deemed to constitute an assumption or a rejection of any of the parties' agreements.

4.  Within ten (10) days following the execution hereof by the Debtors and AON, the Debtors shall provide notice of this Stipulation and Agreement to (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.

5.  This Stipulation and Agreement shall be binding upon, and inure to the benefit of, the parties hereto, their successors and assigns.

6.  This Stipulation and Agreement shall not become effective until executed by the Court.

7. This Stipulation and Agreement may be executed in counterparts and by facsimile, both of which together shall constitute the single, original instrument.

8. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Stipulation and Agreement.

IN WITNESS WHEREOF, the parties have executed this Stipulation and Agreement on the dates set forth below.

Dated: September 13, 2001

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Co-Counsel for the Debtors and Debtors in Possession

Dated: September 12, 2001

        ADELMAN LAVINE GOLD AND LEVIN, P.C.

_____
Barry D. Kleban, Esq.
Two Penn Center Plaza
Suite 1900
Philadelphia, PA 19102-1799
Telephone: (215) 568-7515
Facsimile: (215) 557-7922

Counsel to AON Consulting, Inc.

SO ORDERED THIS ____ DAY
OF _____, 2001.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge