IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JJF) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| _____ | : | |
| TIG INSURANCE COMPANY, a | : | |
| California corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GARY SMOLKER, an individual, | : | |
| and ALICE SMOLKER, an | : | |
| individual, and DOES 1-10, | : | |
| inclusive, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| AND RELATED CROSS-ACTIONS | : | |
| _____ | : | |

**DEBTORS' OPPOSITION TO THE SMOLKERS'**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (RE: DOCKET NO. 893)**

The Debtors oppose this effort by parties in one of the thousands of cases pending against the Debtors to create an exception in order to allow them to prosecute their case, notwithstanding the stay that is imposed as a result of the Debtors' bankruptcy filings. In their motion, Gary and Alice Smolker (the "Smolkers") seek relief from the stay to prosecute their claims against W. R. Grace & Co. ("Grace") for alleged personal injuries sustained as a result of alleged exposure to one of Grace's silica gel products. (TIG Insurance Co. v. Smolker, No. BC 173 952 (Cal. Sup. Ct.) (the "Smolker Action")). This motion is fatally flawed for the same reasons stated by the Debtors in their Opposition to Home Saving's Motion for Relief from the Automatic Stay in the Smolker Action. (See Grace's Opp. Brief filed on 5/29/01, NIBS Docket

No. 326) Rather than repeating those arguments here, the Debtors incorporate that brief by reference.

In brief summary, if the Smolker Action were allowed to proceed against Grace, the Debtors would suffer substantial prejudice:

- The case would be an immediate burden and distraction to Grace and its top employees who would be forced to prepare for and participate in this lawsuit;

- The significant expenditure of time and resources necessary to adequately defendant against the Smolker Action would divert the attention of key employees from the administration of these Chapter 11 cases during one of the most critical periods of the Debtors' reorganization process;

- Allowing the Smolker Action to proceed would require Grace to bear the financial burdens of discovery and a full blown trial; and

- An adverse verdict in this case may lead to more claims of like kind.

This case should not be distinguished from the myriad other claims against the Debtors and allowed to proceed. It is critical to the Debtors' successful reorganization that collateral litigation against the Debtors be shut down. Accordingly, the Smolkers' motion should be denied.

Dated: September 13, 2001

KIRKLAND & ELLIS
David Bernick
James H.M. Sprayregen
Janet Baer
Scott A. McMillin
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

/s/ David W. Carickhoff, Jr.
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

3