IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 JJF<br><br>Jointly Administered<br>**Hearing: September 20, 2001 at 10:00 a.m.**<br>**Objection Deadline: September 14, 2001 at 4:00 p.m.** |

**HONEYWELL INTERNATIONAL INC.'S LIMITED OBJECTION TO DEBTORS'
MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d)**

Honeywell International, Inc. ("Honeywell"), by its undersigned counsel, hereby submits this limited objection to the motion of W.R. Grace & Co. ("W.R. Grace") and the above captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors") dated August

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

A3629/65
09/14/2001 1095429.02

24, 2001, for entry of an order under 11 U.S.C. § 362(d) modifying the automatic stay to allow the continuation of the Debtors' cross-claims in an environmental remediation action which is presently pending in the United States District Court for the District of New Jersey, and states as follows:

## BACKGROUND

1. Honeywell is co-defendant with and cross-claimant against Debtors, W.R. Grace & Co. ("W.R. Grace") and ECARG, Ltd. ("ECARG"), and W.R. Grace, Ltd. ("Grace-England"), a nondebtor entity affiliated with W.R. Grace, in two related court proceedings pending in the United States District Court for the District of New Jersey.[2] These actions are entitled, Interfaith Community Org. v. Honeywell Int'l Inc., Case No. 95-2097 (DMC) (the "ICO" matter), and Hackensack Riverkeeper, Inc. v. Honeywell Int'l Inc., Case No. 00-1451 (JAG) (the "Riverkeeper" matter). The ICO and Riverkeeper actions both relate to environmental conditions at real property located west of Route 440 in Jersey City, New Jersey ("the Site").

2. On April 2, 2001 (the "Petition Date"), W.R. Grace and the above captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

3. Subsequent to the filing of the Debtors' bankruptcy petition, W.R. Grace and ECARG assured Honeywell that they would consensually agree to the grant of relief from the automatic stay to Honeywell and would file a motion to accomplish same. See Honeywell's Motion for the Entry of an Order Granting Relief from the Automatic Stay, dated August 30, 2001 (the "Honeywell Motion"), at ¶ 22. See Certification of Michael J. Caffrey, Esq., dated

---

2   The actions at issue here were originally filed against AlliedSignal, Inc. On or about December 1, 1999, AlliedSignal Inc. changed its name to Honeywell International, Inc.

August 29, 2001, submitted in support of the Honeywell Motion (the "Caffrey Cert."), at ¶ 32 and Exhibits U & V.  W.R. Grace and ECARG consistently encouraged Honeywell to proceed with the litigation of its claims in the ICO matter with the promise of relief from the automatic stay and Honeywell continued to engage in discovery and participate in the litigation based on those representations.  See Honeywell Motion at ¶ 22; Caffrey Cert. at ¶ 32.

4.	On April 25, 2000, plaintiffs in the ICO matter filed a Motion to Consolidate the ICO and Riverkeeper matters pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  See Caffrey Cert., Exhibit BB.  On September 5, 2001, the ICO and Riverkeeper matters were consolidated by Order entered by the Honorable Dennis M. Cavanaugh, U.S.D.J.  A copy of said Order is attached hereto as Exhibit "A".

5.	Consolidation of the ICO and Riverkeeper matters was granted with the full consent and support of W.R. Grace and ECARG.  In their Letter Brief replying to Honeywell's opposition to consolidation, the Debtors stated that:

> Grace contends that … the Motion for Consolidation should be granted because the over-arching issues in both cases involve the responsibility for the substantial pollution at the Route 440 site in Jersey City and the appropriate cleanup remedy.  All parties in the case are focused on these two issues, and it makes no sense whatsoever to have separate proceedings when both cases involve the same allegations of pollution and the same issue of appropriate remedy for that pollution.  Indeed, it is unfair to force Grace and the plaintiffs to litigate the very same issues in two separate proceedings.

A copy of said Letter Brief, dated May 26, 2000, is attached hereto as Exhibit "B".

6.	On August 24, 2001, the Debtors filed the instant Motion of the Debtors for an Order Modifying the Automatic Stay (the "Debtors' Motion").  In this Motion, the Debtors seek the modification of the automatic stay "to allow continuation of the Debtors' cross-claim in an environmental remediation action which is presently pending in the United States

District Court for the District of New Jersey." See Debtors' Motion, p. 1.  The Debtors' Motion defines the "Environmental Remediation Action" as "an action under the Resource Conservation Recovery Act ('RCRA') in the United States District Court for the District of New Jersey, captioned as Interfaith Community Organization, et. al. v. Honeywell International Inc., Roned Realty of Jersey City, Inc., Roned Realty of Union City, Inc., W.R. Grace & Co., ECARG, Inc. and W.R. Grace, Ltd., Civil Action 95-2097 (DMC)."  See Debtors' Motion, p. 1.  The Debtors' Motion fails to include any reference to the Riverkeeper matter.

7.      Furthermore, the relief sought in the Debtors' Motion applies only to W.R. Grace and ECARG's crossclaims in the ICO matter.  See Debtors' Motion, ¶ 12.  W.R. Grace and ECARG fail to seek relief on behalf of the claims brought by Honeywell in the ICO matter even though counsel for W.R. Grace and ECARG had previously assured Honeywell that such relief would be sought.  See Caffrey Cert. at ¶ 32 and Exhibits U & V.  In order to remedy this deficiency, Honeywell filed its own motion seeking relief from the automatic stay retroactive to the Petition Date to permit it to liquidate its claims in the ICO and Riverkeeper matters. Honeywell hereby incorporates its recitation of facts as set forth in its Motion and makes such recitation a part hereof.

## THE RELIEF REQUESTED

8.      Honeywell respectfully requests that this Court enter an order granting the Debtors' Motion for stay relief and also granting Honeywell's Motion for relief from the automatic stay provisions under 11 U.S.C. § 362(a) retroactive to the Petition Date to permit the United States District Court for the District of New Jersey to adjudicate Honeywell's claims against the debtors, W.R. Grace & Co. and ECARG, Ltd., in both the ICO and Riverkeeper actions.

Document #: 4224

**ARGUMENT**

9. The automatic stay of Section 362 of the Bankruptcy Code serves several purposes. Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991), reh'g granted and opinion vacated (Jan 10, 1992), opinion reinstated on reh'g (Mar 24, 1992), and reh'g denied (Mar 25, 1992). The automatic stay provides a bankrupt entity with a breathing spell from creditors and also prevents particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors. Id.

10. In effectuating these purposes, one must also keep in mind that "[t]he bankruptcy laws are intended as a shield not as a sword" for the debtor. In re Penn Central Transportation Co., 458 F. Supp. 1346, 1356 (E.D. Pa. 1978). See, e.g., Oberg v. AETNA Cas. & Sur. Co. (In re A.H. Robins Co., Inc.), 828 F.2d 1023, 1026 (4th Cir. 1987) (stating that "[o]ur system of law universally frowns on a party who would use the stay as both a sword and a shield"); Bohack Corp. v. Borden, Inc. (In re Bohack Corp.), 599 F.2d 1160, 1168 (2d Cir. 1979) (noting that courts "must be cautions to avoid a decision which could convert Rule 11-44 [pre-Code stay] from a shield into a weapon"); In re McHenry, 179 B.R. 165, 169 (B.A.P. 9th Cir. 1995) ("[t]he automatic stay afforded by section 362 is intended to be a shield, protecting debtors and their estates, and should not be used as a sword for their enrichment"); Turner Broad. Sys., Inc. v. Sanyo Elec., Inc., 33 B.R. 996, 1000 (N.D. Cal. 1989) (noting that "the stay is not designed to be an offensive weapon--a sword"); Bernstain v. IDT Corp., 76 B.R. 275, 281 (S.D.N.Y. 1987) (decrying use of stay "as a sword instead of a shield"); Drubner v. Gaslight Village, Inc. (In re Gaslight Village, Inc.), 8 B.R. 866, 870 (D. Conn. 1981) (stating that "[t]he automatic stay under Code § 362 was not intended to be used as a weapon or club to reduce secured creditors into submission").

11. The manner in which W.R. Grace and ECARG have sought stay relief is not designed to advance the purposes of § 362 but is instead a calculated attempt to use the stay as a sword and gain an advantage in the ICO and Riverkeeper litigation. Because the Debtors' Motion only applies to the W.R. Grace and ECARG's crossclaims in the ICO matter, W.R. Grace and ECARG seek, in effect, to be allowed to proceed with their claims unfettered while, at the same time, having all claims against them stayed.

12. W.R. Grace and ECARG unreasonably delayed the filing of its motion for stay relief and induced Honeywell into continued participation in the litigation. During a status conference on the ICO matter held shortly after the Petition Date, counsel for the Debtors represented that W.R. Grace and ECARG would be moving in the bankruptcy proceeding for relief from the automatic stay provision for claims asserted against the Debtors in the ICO matter. See Caffrey Cert. at ¶ 32. Counsel for W.R. Grace and ECARG continually assured Honeywell that W.R. Grace and ECARG would seek relief from the stay for the ICO matter. See Caffrey Cert., Exhibits U & V. Relying on such representations, Honeywell continued to participate in the ICO matter. As a result, Honeywell expended an enormous amount of resources in prosecuting and defending the claims at issue.

13. Honeywell now bears the risk that all of the efforts undertaken by it may be void. Such efforts were undertaken in reliance on the representations of W.R. Grace and ECARG. To void the actions of the District Court with respect to Honeywell's claims against W.R. Grace and ECARG would force the repetition of those legal proceedings and would waste the Court's resources and the Debtors' estate, as well as Honeywell's investment in the litigation.[3] W.R. Grace and ECARG do not bear such risk because, as discussed in both the

---

[3] In the Debtors' Motion, W.R. Grace and ECARG purport to balance the hardship facing the parties if the stay is lifted as part of its showing that "cause" exists to modify the stay. See Debtors' Motion at pp. 6 & 8-9 (citing American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 152 B.R. 420, 424 (D. Del. 1993)). Inexplicably, the Debtors do not evaluate the hardship that would be suffered by Honeywell if modification of the automatic stay is granted. W.R. Grace and ECARG's only statement regarding this balancing is that "ICO initiated the Environmental

Debtor's Motion and Honeywell's Motion, the automatic stay does not stay litigation brought by debtors that are under the protection of the bankruptcy courts. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Comm'r, 249 F.3d 175, 180 (3d Cir. 2001).

14. If Honeywell is not granted relief from the automatic stay retroactive to the Petition Date along with the Debtors, Honeywell and the bankruptcy estate will suffer substantial injury due to W.R. Grace and ECARG's failure to apply for relief as pledged. If relief from the automatic stay is granted to the Debtors only, the ICO matter will be split into separate proceedings that will go forward in two different courts, despite the fact that the District Court consolidated these cases. While the Debtor will be permitted to pursue its crossclaims against Honeywell in the District Court, the automatic stay will require Honeywell to begin anew in the Bankruptcy Court. Such a result will place an enormous financial burden on both parties and will likely delay the conclusion of the litigation. Additionally, if relief from the stay is not granted, it will be more difficult for Honeywell to establish the amount of any offsets it has against W.R. Grace and ECARG for the expenses incurred in remediating the Site. Failure to provide Honeywell with relief from the automatic stay may also cause inconsistent judgments with regard to the parties' liability for remediation at the Site and the delay of such remediation. Such a result is adverse to the Debtors' claim that modification of the stay with respect to their claims will allow the litigation to result in a prompt remedy of the environmental conditions at the Site. See Debtors' Motion at ¶ 12.

15. W.R. Grace and ECARG's failure to move for stay relief in the Riverkeeper matter also belies their claims that a prompt remedy is the goal of the relief motion. The Debtors in their Motion have completely ignored the existence of the Riverkeeper matter. See Honeywell's Motion at ¶¶ 23-30. This disregard is glaring when one considers that the

---

Remediation Action, and as a result, ICO should be in full support of modifying the automatic stay." See Debtors' Motion, ¶ 25. Because Honeywell is the defendant to W.R. Grace and ECARG's crossclaims, the interests of Honeywell should be examined as part of this analysis.

Debtors consented to and supported the consolidation of the ICO and Riverkeeper matters, stating that:

> … it makes no sense whatsoever to have separate proceedings when both cases involve the same allegations of pollution and the same issue of appropriate remedy for that pollution. Indeed, it is unfair to force Grace and the plaintiffs to litigate the very same issues in two separate proceedings.

See Exhibit B at p. 1. As with the ICO matter, W.R. Grace and ECARG seek to split the litigation involving the Site even though it "makes no sense" to do so. The failure to provide relief from the automatic stay in the Riverkeeper matter also runs the risk of inconsistent judgments with regard to the parties' liability for remediation at the Site and the delay of such remediation. Additionally, a failure to provide stay relief in the Riverkeeper matter will destroy the judicial efficiencies gained by the consolidation of the ICO and Riverkeeper matters. See Exhibit A. Rather than having one court adjudicate all issues with respect to the "pollution," the parties will again be required to try the issues in different courts. W.R. Grace and ECARG recognize that such a result would be "unfair." See Exhibit B.

16.   In order to remedy W.R. Grace and ECARG's actions in this matter, the Court should grant Honeywell's Motion for retroactive relief from the automatic stay in addition to the Debtors' Motion. Such relief will preserve the resources invested in these proceedings and provide the most equitable means of resolving the ICO and Riverkeeper matters. As set forth in Honeywell's companion motion, the stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted. Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 697 (3d Cir. 1989). Section 362(d) of the Bankruptcy Code provides that the bankruptcy court shall grant relief from the automatic stay "for cause." Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997); Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.), 193 B.R. 713, 718 (Bankr. D. Del. 1996).

17. In their Motion, W.R. Grace and ECARG recognize that "neither the Debtors nor the bankrupt estate will be prejudiced if the automatic stay is modified to allow the completion of the Environmental Remediation Action." See Debtors' Motion at ¶ 19. The Debtors also acknowledge that any increase in litigation cost would be minimal and "is hardly a measurable hardship for the purposes of determining whether the automatic stay should be modified." Id. at ¶ 24. As set forth in Honeywell's Motion, the ICO matter is mature litigation and is before a court that is well-versed in its factual and legal underpinnings. Accordingly, Honeywell submits that "cause" exists for the granting of Honeywell's Motion for relief from the automatic stay in the ICO and Riverkeeper matters as well as the Debtors' Motion.

## CONCLUSION

19. For the reasons set forth herein, Honeywell International Inc., respectfully requests that this Court grant W.R. Grace, ECARG, and Honeywell relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) retroactive to the Petition Date in both the ICO and Riverkeeper matters.

Respectfully submitted,

LOWENSTEIN SANDLER PC
Bruce Buechler, Esq.
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500

-and-

WALSH, MONZACK & MONACO, P.A.

/s/ Kevin J.Mangan
Kevin J. Mangan, Esq. (Bar No. 3810)
1201 North Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19899
(302) 656-8162

Dated: September 14, 2001

Document #: 4224