IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE OF THE DEBTORS TO HONEYWELL INTERNATIONAL INC.'S MOTION FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby respond (the "<u>Response</u>") to Honeywell International Inc.'s ("<u>Honeywell</u>") Motion For the Entry of an Order Granting Relief from the Automatic Stay (the "<u>Honeywell Motion</u>") Pursuant to section 362(d) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") to allow the continuation of Honeywell's cross-claims against the Debtors in two environmental remediation actions which are presently pending in the United States District Court for the District of New Jersey (the "<u>New Jersey Court</u>").  In support of this Response, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Background**

1. On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 24, 2001, the Debtors filed a Motion for an Order Modifying the Automatic Stay (the "Debtors Motion") requesting that the Court modify the automatic stay and allow the Debtors to pursue the Environmental Remediation Action which is one of the two actions addressed in the Honeywell Motion.[2]

3. On August 30, 2001, Honeywell filed the Honeywell Motion requesting that the Court grant Honeywell relief from the automatic stay to pursue its cross-claims against the Debtors with respect to the Environmental Remediation Action as well as potential cross-claims it may file against the Debtors in that certain case captioned Hackensack Riverkeeper, Inc. v. Honeywell Int'l Inc., Case No. 00-1451 (JAG) (the "Riverkeeper Matter"). The Riverkeeper Matter, along with the Environmental Remediation Action, are pending in the New Jersey Court.

4. In accordance with the scheduling orders of the New Jersey Court, fact and expert discovery is complete in the Environmental Remediation Action. A trial is scheduled in the Environmental Remediation Action for the fall of this year and motions for summary judgment are already pending before the New Jersey Court.

5. Honeywell alleges in the Honeywell Motion that the claims set forth in the Riverkeeper Matter are identical to those in the Environmental Remediation Action. The Riverkeeper Matter,

---

[2] Capitalized terms not defined herein shall have those meanings ascribed to them in the Debtors Motion.

2

however, was filed approximately 5 years after the Environmental Remediation Action. The Debtors have not yet been served as a defendant in the case, and the Debtors have no clear understanding of what types of claims will ultimately be asserted against them or other parties.

6. On September 5, 2001, after the Debtors and Honeywell both filed their motions for summary judgment with respect to the Environmental Remediation Action, the New Jersey Court entered an order consolidating it with the Riverkeeper Matter.

### Summary

7. The Debtors do not oppose the modification of the automatic stay so that the Environmental Remediation Action may proceed in its entirety. Indeed, the Debtors have moved for such relief. To the extent that the Riverkeeper Matter is, as alleged, identical to the Environmental Remediation Matter and does not raise new issues, the modification of the automatic stay will encompass the Riverkeeper Matter as well. However, the Debtors otherwise oppose modification of the automatic stay with respect to the Riverkeeper Matter and request that the Honeywell Motion be denied.

### Response

*The Environmental Remediation Action*

8. As set forth in the Debtors Motion, modification of the automatic stay to allow the continuation of the Environmental Remediation Action is in the best interests of the bankruptcy estates. If the Debtors prevail, they could be awarded tens of millions of dollars in damages, to the benefit of the bankruptcy estates, and Honeywell will be compelled to remedy the Site, the contamination of which currently impedes the Debtors' productive use of the Site.

9. Although the Debtors have requested that the Court modify the automatic stay to allow the Environmental Remediation Action to proceed, the Honeywell Motion asserts that the

Debtors Motion only applies to the Debtors' claims against Honeywell in the Environmental Remediation Action. See Honeywell Motion ¶ 22. This is not correct. Indeed, the Debtors claims against Honeywell are not stayed by the Bankruptcy Code and the Debtors Motion was filed to request the authority of the Court to allow the entire Environmental Remediation Action to proceed. Furthermore, the Draft Order that was submitted with the Debtors Motion clearly provides that the automatic stay is being modified as to the entire Environmental Remediation Action. Thus, Honeywell's Motion with respect to the Environmental Remediation Action is redundant and should be withdrawn or denied.

### *The Riverkeeper Matter*

10.    Modification of the automatic stay to allow the Riverkeeper Matter to proceed is only in the best interests of the Debtors' estates so long as it remains consolidated with the Environmental Remediation Action. Assuming, as Honeywell contends, that the Riverkeeper Matter is identical to the Environmental Remediation Action, no discovery in the Riverkeeper Matter will be permitted or necessary and thus, the cost to the Debtors' estates of allowing the Riverkeeper Matter to proceed on a consolidated basis should be negligible. In the event, however, that the Riverkeeper Matter raises new issues, and the New Jersey Court determines that those issues are separate and distinct from those raised in the Environmental Remediation Action, resulting in a need for discovery in the Riverkeeper Matter or the bifurcation of the two cases, the Debtors object to the modification of the automatic stay as to the Riverkeeper Matter.

11.    Pursuant to section 362 of the Bankruptcy Code, a movant must demonstrate sufficient "cause" to justify the lifting or modification of the automatic stay. See 11 U.S.C. § 362. "Cause for lifting the stay has no clear definition and is determined on a case-by-case basis." *Int'l Bus. Machines v. Fernstrom Storage & Van* Co., 938 F.2d 731, 735 (7th Cir. 1991) (citing *Christensen v. Tuscon*

*Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990)). Although the Bankruptcy Code does not define what constitutes cause sufficient to modify an automatic stay, "courts generally consider the policies underlying the automatic stay in addition to the competing interests of the [parties]." *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). Delaware courts specifically consider the following three factors in balancing the competing interests of the parties:

(1) the prejudice that would be suffered by the debtors or the bankruptcy estate should the stay be lifted;

(2) the balance of the hardships facing the parties; and

(3) the probable success on the merits if the stay is lifted.

*In re Continental Airlines, Inc.*, 152 B.R. at 424 (citing *Int'l Bus. Machines*, 938 F.2d at 734-47).

12. Absent the consolidation with the Environmental Remediation Action, sufficient "cause" necessary to modify the automatic stay with respect to the Riverkeeper Matter does not exist. Assuming that the Riverkeeper Matter does not remain consolidated with the Environmental Remediation Action, or new issues arise necessitating new discovery, modifying the automatic stay would result in significant prejudice to the Debtors and their bankruptcy estates both with respect to litigation costs, as well as the time of the Debtors' counsel.

13. Second, the balance of hardships do not support the modification of the automatic stay in the event new issues arise in the Riverkeeper Matter. The Debtors have not formally been served as defendants in the Riverkeeper Matter. Contrary to Honeywell's assertions in the Honeywell Motion, the Debtors do not seek to transfer venue of the Riverkeeper Matter to this Court. The Debtors also do not take the position that the Riverkeeper Matter is or should be stayed as to all parties. Quite the contrary, the Riverkeeper Matter can proceed in the New Jersey Court as to all non-Debtor parties.

14. Third, because the Riverkeeper Matter is a new matter, it is unclear whether the Riverkeeper plaintiffs will succeed on the merits.

15. Finally, modifying the automatic stay would interfere with the Chapter 11 Cases as the Debtors' management and personnel would be forced to participate in the defense of the Riverkeeper Matter, as opposed to aiding the Debtors' reorganization. Indeed, it is unclear whether the modification of the automatic stay would be at all consistent with, and in furtherance of, the policies of the automatic stay in aiding a debtor's reorganization.

16. Therefore, although the Debtors are prepared to allow the Riverkeeper Matter to proceed on a consolidated basis with the Environmental Remediation Action, this is only the case for so long as the Riverkeeper Matter and the Environmental Remediation Action are indeed identical. Otherwise, the Riverkeeper Matter must be stayed as to the Debtors in accordance with section 362 of the Bankruptcy Code.

## **Conclusion**

17. The requisite "cause" for modifying the automatic stay under section 362(d) of the Bankruptcy Code exists only with respect to the consolidated cases of the Environmental Remediation Action and the Riverkeeper Matter. Under such circumstances, modifying the automatic stay is consistent with, and will further, the policies underlying the automatic stay because it will benefit the Debtors and their estates, and will allow the Debtors to proactively and justly recover from Honeywell. Conversely, to the extent the Debtors are forced to incur additional costs to defend the Riverkeeper Matter, the modification of the automatic stay is not justified. For the foregoing reasons, the Debtors request that the automatic stay be modified to allow the Environmental Remediation Action and the Riverkeeper Matter to proceed only so long as the two cases remain consolidated in the New Jersey Court.

**WHEREFORE**, for the foregoing reasons, the Debtors respectfully request that the Debtors Motion to modify the automatic stay be granted and the Honeywell Motion to modify the automatic stay be denied.

Dated: September 14, 2001

    /s/ David W. Carickhoff, Jr.
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
Laura Davis Jones (2436)
David W. Carickhoff, Jr.(3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100


Co-Counsel for the Debtors and Debtors in Possession