IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., <u>et al;</u>,<br><br>                Debtors, | )<br>)<br>)   Chapter 11<br>)<br>)   Case No. 01-01139 (JJF)<br>)   Jointly Administered<br>)<br>)  **Objection Deadline: Sept. 13, 2001 @ 4:00 p.m.**<br>)     **(Extended by Agreement)**<br>)  **Hearing Date:  Sept. 20, 2001 @ 10:00 a.m.**<br>) |

**OBJECTION OF AMERICAN REAL ESTATE HOLDINGS, LIMITED PARTNERSHIP
TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTORS TO ASSUME, SELL AND ASSIGN
A PRIME LEASE AND THE ACCOMPANYING SUBLEASES (DOCKET NO. 817)**

American Real Estate Holdings, Limited Partnership ("AREH"), by and through its undersigned counsel, hereby objects to the Debtors' Motion (the "Motion") for Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors to Assume, Sell and Assign a Prime Lease (the "Dragon Court Lease") and the Accompanying Subleases to Atlantic Boston Construction, Inc. ("ABC").  In support of this Objection and reserving the right to supplement the same, AREH represents as follows:[1]

---

[1] The Notice of Motion accompanying the Motion stated that responsive papers were required to be filed by September 13, 2001.  On September 11, 2001, Felicia P. Buebel of AREH spoke with Samuel A. Schwartz, Esquire of Kirkland & Ellis, counsel to the Debtors, and requested an extension of time for AREH to file and serve a response.  This request was based on the tragic events of that date in New York City.  The offices of AREH's counsel, Kirpatrick & Lockhart, LLP, are in New York City and were closed and without telephone service.  Beyond that, the attention and emotions of all persons in Kirkpatrick's offices were understandably absorbed by these events.  Kirkpatrick's office remained closed on September 12th, were evacuated by a bomb threat on September 13th and are still without reliable telephone service.  Despite these

1.     The proposed assumption and assignment of the Prime Lease does not comply with the requirements of Section 365 and, therefore, cannot be approved.

2.     <u>First</u>, the Motion fails to acknowledge and provide for payment to AREH of a cure amount of not less than approximately $321,670 (the "Cure Amount") relating to tenant defaults under the Dragon Court Lease.[2] Those defaults pertain to unperformed deferred maintenance on the property that is the subject of the Dragon Court Lease and which is the responsibility of the Debtors. As properly noted in the Motion, Bankruptcy Code Section 365(b)(1)(A) requires that all defaults under an executory lease or agreement be cured or that adequate assurance of a prompt cure be provided as a condition to assumption and assignment thereof. The components of the Cure Amount are set forth in <u>Exhibit A</u> hereto, a letter and report dated April 24, 2001, from AREH to Agos Nagy, Director of Real Estate for WR Grace &Co. delivered by certified mail.

3.     <u>Second</u>, the Motion fails to provide any evidence that ABC has the capacity, financial or otherwise, to comply with the terms of the Dragon Court Lease. Other than to identify ABC as the proposed assignee of the Dragon Court Lease, the Motion provides no information whatsoever regarding ABC, its business, its financial records, or its principals. In

---

extraordinary and compelling facts, Ms. Buebel's request was initially rejected, except for a begrudging consent to a 24 hour extension.

At approximately 2:00 P.M. today, shortly before the extended deadline, counsel for the Debtors reluctantly granted another extension until September 19, 2001. As a practical matter, this second extension was only for one business day since the Jewish New Year falls on September 18 and 19 and neither AREH nor its counsel (except for its undersigned local counsel) will be working on those dates. Moreover, AREH understands that this latest extension was motivated by the fact that the Court, *sua sponte*, rescheduled the hearing originally set for September 20, 2001. Under the constraints of this schedule, Kirkpatrick nevertheless endeavored to prepare this Objection to the best of it abilities.

[2] AREH reserves the right to increase the Cure Amount should as of yet undetermined facts warrant an increase.

the absence of such information, it is not possible to determine whether ABC can perform the obligations and duties that would be imposed upon it under the Dragon Court Lease. Accordingly, the Debtors have not complied with the requirement of Bankruptcy Code Section 365(b)(1)(C) that they provide adequate assurance of future performance by ABC under the Dragon Court Lease as pre-condition to ABC taking assignment of the Debtor's rights and interests thereunder.

4.   Third, the Motion improperly seeks to excise portions of the Dragon Court Lease as a prerequisite to its assignment to ABC. The Motion cites In re Rickel Home Centers, Inc. 240 B.R. 826 (Bankr. D. Del. 1998) for the proposition that lease provisions that interfere with a debtor's ability to assign a lease will not be enforced. That is a correct statement of a well established principle that AREH does not dispute. However, Rickel does not say, despite the Debtors' contrary and egregious contention, that such provisions are permanently excised and therefore not binding on the assignee. What Rickel does say is that such provisions "remain in effect" following assignment. Rickel at 836. This is consistent with the Bankruptcy Code mandate that an executory lease or agreement can only be assumed or rejected in its entirety; it cannot be dismembered for the convenience of the debtor. Collier on Bankruptcy § 365.03[1] (15th ed.). Thus, even if the portions of the Dragon Court Lease the Debtors want to excise do inhibit its assignment by the Debtors (a point AREH does not concede), those portions will remain part of the Dragon Court Lease if and when it is assumed and assigned. They are only overlooked for the limited purpose of facilitating the assignment in bankruptcy proceedings.

3

**WHEREFORE**, AREH respectfully requests that the Motion be denied.

Dated:  September 14, 2001

                              STEVENS & LEE, P.C.


                              By:  /s/ Joseph Grey
                                Joseph Grey (I.D. No. 2358)
                              300 Delaware Avenue, Suite 800
                              Wilmington, DE  19801
                              TEL:  (302) 654-5180
                              FAX:  (302) 654-5181
                              E-MAIL:  jg@stevenslee.com

                              KIRKPATRICK & LOCKHART LLP
                              Robert N. Michaelson, Esquire
                              1251 Avenue of the Americas
                              New York, New York 10020


                              Attorneys for American Real Estate Holdings,
                                  Limited Partnership