IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CASNER & EDWARDS, LLP AS SPECIAL LITIGATION COUNSEL TO DEBTORS

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order under section 327(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to employ and retain Casner & Edwards, LLP ("Casner") as special litigation counsel for the Debtors with respect to the specified matters set forth in the Application;[2] and upon the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have those meanings ascribed to them in the Application

Murphy Affidavit submitted in support of the Application; and it appearing that the relief requested is in the best interest of the Debtors' estates and their creditors and other parties-in-interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and it appearing that Casner does not represent any interest adverse to the Debtors or their estates with respect to the matters on which Casner is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of Casner's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application; it is hereby:

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to section 327(e) of the Bankruptcy Code, the retention and employment of Casner as special litigation counsel for the Debtors for the purposes set forth in the Application is hereby approved as of the date hereof; and it is further

ORDERED that Casner shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Murphy Affidavit, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed postpetition fees and expenses of Casner shall be an administrative expense of the Debtors' estates; and it is further

ORDERED that this Order shall become effective immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Wilmington, Delaware
Dated: Sept 18, 2001

_____
Joseph J. Farnan, Jr.
United States District Judge