UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THIRD INTERIM APPLICATION OF THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR
REIMBURSEMENT OF EXPENSES TO COMMITTEE MEMBERS AND THEIR
COUNSEL FOR THE PERIOD FROM JULY 1, 2001 THROUGH JULY 31, 2001**

Pursuant to this Court's May 3, 2001 Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Administrative Order"), the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through undersigned counsel, hereby submits this Third Interim Application of the Official Committee of Asbestos Property Damage Claimants for Reimbursement of Expenses to Committee Members and Their Counsel for the Period From July 1, 2001 through July 31, 2001 (the "Application"). In support hereof, the Applicant respectfully represents as follows:

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., AI Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace AB Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Squarc Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

523530                                                             1

## I.  BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

2. On April 2, 2001, the Court entered its Order directing the joint administration of the Debtors' chapter 11 cases (the "Consolidated Cases").

3. On April 12, 2001, the Office of the United States Trustee appointed the PD Committee in this case consisting of Mr. Marco Barbanti, Princeton University, Pacific Freeholds and Prudential Insurance Company.  The PD Committee held its organizational meeting on that day and selected Mr. Marco Barbanti to serve as its Chairman.  Thereafter, the PD Committee was expanded to include Paul Price, Anderson Memorial Hospital and the Archdiocese of New Orleans.  The PD Committee subsequently elected Mr. Dan Speights, representative of Anderson Memorial Hospital, as Co-Chairman of the PD Committee.

4. The PD Committee represents the interests of the asbestos property damage claimants in the Consolidated Cases.

5. At the PD Committee's initial meeting held on April 12, 2001, at which all original PD Committee members were present, the PD Committee chose to retain Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin"), by and through Scott L. Baena, Esq., as its counsel to represent it in all matters during the pendency of the Consolidated Cases.

6. By application, dated May 22, 2001, Bilzin sought Court approval for its retention as counsel to the PD Committee nunc pro tunc to April 9, 2001. No objections were filed and a certificate of no objection was filed with the Court.

7. By order dated June 21, 2001 (the "Retention Order"), the Court authorized the PD Committee to retain Bilzin nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, on a general retainer basis, to represent the PD Committee in the Consolidated Cases. The Retention Order conditioned Bilzin's compensation on approval by this Court.

## II. RELIEF REQUESTED

8. Accordingly, the PD Committee submits this Application, pursuant to Sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Administrative Order, and in accordance with U.S. Department of Justice, Executive Office for United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "Guidelines"). The PD Committee requests reimbursement of expenses incurred by the PD Committee in the amount of $13,702.68 as reimbursement for the actual and necessary expenses incurred by the PD Committee during the Application Period.

9. This request is the PD Committee's third interim application to the Court for reimbursement of expenses.

10. The PD Committee has only applied for reimbursement of actual and necessary out-of-pocket disbursements in accordance with § 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines.

WHEREFORE, the PD Committee respectfully requests the Court to enter an order (i) awarding the PD Committee the sum of $13,702.68 as interim reimbursement for actual and

necessary expenses incurred; (ii) authorizing and directing the Debtor to pay to Bilzin such sum and directing Bilzin to distribute the appropriate amount to each member of the PD Committee and its counsel; and (iii) granting such other and further relief as the Court deems appropriate.

Dated: September 25, 2001

>BILZIN SUMBERG DUNN BAENA
>PRICE & AXELROD LLP
>Counsel to the Official Committee of Asbestos Property Damage Claimants
>2500 First Union Financial Center
>200 South Biscayne Boulevard
>Miami, Florida 33131-2385
>Telephone: (305) 374-7580
>Facsimile: (305) 374-7593
>
>
>By: /s/ Scott L. Baena
>    Scott L. Baena (Admitted Pro Hac Vice)