IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-01139 (JJF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**VERIFIED APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH LLP
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL COUNSEL TO W. R. GRACE & CO., *ET AL.*,
FOR THE MONTHLY INTERIM PERIOD FROM
JULY 1, 2001 THROUGH JULY 31, 2001**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Pitney, Hardin, Kipp & Szuch LLP ("Pitney, Hardin"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $33,349.00 for the reasonable and necessary legal services Pitney, Hardin has rendered to the Debtors and (ii) reimbursement for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

778891A01092101

the actual and necessary expenses that Pitney, Hardin incurred in the amount of $11,075.18 (the "Application"), in each case for the period from July 1, 2001 through and including July 31, 2001 (the "Fee Period"). In support of this Application, Pitney, Hardin respectfully states as follows:

### Retention of and Continuing Disinterestedness of Pitney, Hardin

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee."). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee," collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2. By this Court's order dated May 30, 2001 (the "Retention Order"), the Debtors were authorized to retain Pitney, Hardin as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention: (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R.*

*Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*[2]

3. The Retention Order authorizes the Debtors to compensate Pitney, Hardin at Pitney, Hardin's hourly rates (except with respect to the *Gloucester* matter, in connection with which Pitney, Hardin will be compensated on a contingency basis, except with regard to out-of-pocket expenses, reimbursement for which is being sought in this application), which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court. A copy of the Retention Order is attached hereto as **Exhibit "A."**

4. As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Pitney, Hardin does not hold or represent any interest adverse to the estates with respect to the matters on which Pitney, Hardin is to be employed.

5. Pitney, Hardin may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Pitney, Hardin disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Pitney, Hardin will update the Marchetta Affidavit when necessary and when Pitney, Hardin becomes aware of material new information.

---

[2] Pitney, Hardin was retained in this matter on a contingency basis, consistent with a pre-petition arrangement.

778891A01092101

6. Pitney, Hardin performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

7. Pitney, Hardin has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases.

8. Pursuant to Fed. R. Bank. P. 2016(b), Pitney, Hardin has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Pitney, Hardin, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases. This is the fourth application for monthly compensation for services rendered that Pitney, Hardin has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

**Reasonable and Necessary Services Rendered by Pitney, Hardin**

9. Pitney, Hardin submits this Application pursuant to the Retention Order seeking: (a) allowance of reasonable compensation for the professional services rendered by Pitney Hardin, as special counsel to the Debtors, in this Chapter 11 case during the Fee Period; and (b) reimbursement of actual and necessary expenses and out-of-pocket disbursements incurred in the rendition of required professional services on behalf of the Debtors during the Fee Period.

10. Pitney, Hardin has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case. Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Pitney, Hardin's practice. The individual time records were recorded by the attorney or legal assistant who rendered the particular services

4

778891A01092101

described. Annexed hereto as **Exhibit "B"** is a copy of the actual time records maintained by Pitney, Hardin for the Fee Period.

11. Pitney, Hardin also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Pitney, Hardin in connection with the performance of its services. Attached hereto as **Exhibit "C"** is a complete breakdown of all the Expenses incurred during the Fee Period.

12. Bankruptcy Code section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

13. Pitney, Hardin respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services provided by Pitney, Hardin to the Debtors during the Fee Period. Based upon an analysis of each of the foregoing, Pitney, Hardin respectfully submits that the compensation sought in this Application is reasonable.

778891A01092101

**Services Rendered**

14.   During the Fee Period, Pitney, Hardin rendered professional legal services, on an hourly basis, to the Debtors in connection with the *Intercat* and *Maryland Casualty* matters.

(a)   *Intercat:* Pitney, Hardin rendered the following services: Pitney, Hardin rendered the following services: numerous telephone conversations, including telephone conversation with J. Drake regarding Debtor's plan and Trustee's plan/sale; reviewed the Motion regarding the sale and conversed with client regarding same; received and reviewed Intercat's application (and proposed order) to retain Seitz Firm as special litigation counsel to move for stay relief and Pitney, Hardin prepared correspondence regarding same; review and analysis of Trustee's motion to establish bidding procedures and for related relief, as well as correspondence regarding same; conference on objections to sale motion; prepared for and attended Hearing on Trustee's bidding procedure motion; and

(b)   *Maryland* Casualty: Pitney, Hardin rendered the following services: reviewed letter from T. Weaver with attached proposed protective order; prepared stipulations regarding documents missing from the docket; reviewed responses of Unigard and PEIC regarding Motion to maintain sealed status; preparation and filing of stipulation to enlarge record on appeal; numerous telephone calls, including with T. Burack regarding objections to revised protective order in AE/CU reinsurance case; correspondence to and conference call with Second Circuit staff counsel.

15.   A more detailed summary of each of these matters is provided in the invoices attached hereto as **Exhibit "C."**

## Representations

16.     Pitney, Hardin believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

17.     Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Pitney, Hardin reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

18.     In summary, by the Application, Pitney, Hardin requests compensation for fees and expenses in the total amount of $44,424.18, consisting of (a) $33,349.00 for reasonable and necessary professional services rendered and (b) $11,075.18 for actual and necessary costs and expenses.

WHEREFORE, Pitney, Hardin respectfully requests (a) that an allowance be made to it, as fully described above for the (i) 80% of the reasonable and necessary professional services Pitney, Hardin has rendered to the Debtors during the Fee Period ($33,349.00) and (ii) 100% of the reimbursement of actual and necessary costs and expenses incurred by Pitney, Hardin during the Fee Period ($11,075.18); (b) that both fees and expenses are payable as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

7

778891A01092101

| | |
|---|---|
| Florham Park, New Jersey<br>Dated: September 24, 2001 | Respectfully submitted,<br>PITNEY, HARDIN, KIPP & SZUCH LLP<br><br>_____<br>Scott A. Zuber, Esq.<br>(Mail) P. O. Box 1945<br>Morristown, NJ 07962-1945<br>(Delivery) 200 Campus Drive<br>Florham Park, NJ 07932-0950 |

778891A01092101