IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
THE WEINSTEIN COMPANY HOLDINGS :  Chapter 11
LLC, et al.,                                                     :
                                                                       :  Case No. 18-10601 (MFW)
                                            Debtors.[1]        :
                                                                       :  (Jointly Administered)
                                                                       :
                                                                       :  **Re: Docket Nos. 275, 477, 478, 729 & 974**
---------------------------------------------------------------x

### ORDER AUTHORIZING THE PROTOCOL FOR PRODUCTION OF DOCUMENTS IN RESPONSE TO HARVEY WEINSTEIN'S MOTION COMPELLING DISCOVERY UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the Motion, dated April 20, 2018 by Harvey Weinstein ("**HW**") for *Entry of an Order Compelling Limited Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "**2004 Motion**"); and the Court having ruled on the 2004 Motion at the Hearing on May 8, 2018 (the "**2004 Order**"); and the Court having overruled the *Objection to Harvey Weinstein's Motion For Entry of an Order Compelling Limited Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* by Official Committee of Unsecured Creditors; and upon the record of the Hearing, and all of the proceedings had before the Court; and of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") and HW having met and conferred to develop a protocol on the production of documents pursuant to the 2004 Order (the "**Protocol Order**"); and considering that (i) counsel to the Official Committee of Unsecured

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

RLF1 19462310v.1

Creditors (the "**Committee**") (on an Attorneys' Eyes Only basis) will receive a copy of the documents produced pursuant to the Protocol Order and (ii) the Debtors, HW and the Committee (collectively, the "**Parties**") may sign a protective order governing the use, if any, of the documents produced pursuant to the Protocol Order, unless such use is otherwise provided for herein; and the Court having found and determined that the relief sought in the Protocol Order is in the best interests of the Debtors, their estates and creditors, and all the parties in interest and that the legal and factual bases set forth in the 2004 Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. <u>Production of Certain HW Company Emails.</u> Pursuant to the 2004 Order, counsel for the Debtors shall provide to counsel for HW emails by and between (i) HW's two custodial email accounts from The Weinstein Company LLC (the "**Company**"), HW375@weinsteinco.com and HW.Office@weinsteinco.com (the "**Email Accounts**") and (ii) the email address for any alleged victim of misconduct identified by counsel for HW (the "**Alleged Victims**"). The names of the Alleged Victims and the list of Alleged Victims and the email address for each Alleged Victim (the "**List**") will be marked "Highly Confidential – Attorneys' Eyes Only", and counsel for the Debtors shall keep the names of the Alleged Victims and the List strictly confidential and maintain them on an Attorneys' Eyes Only basis. It is understood that, as to the Debtors, "Attorneys' Eyes Only" includes the Debtors' paralegals and document database vendor, as reasonably necessary to comply with the Protocol Order. To the extent HW is unable to provide counsel for the Debtors with an email address for each Alleged Victim named on the List, the Debtors agree to conduct reasonable searches for such email addresses at

HW's expense. The cost of conducting reasonable searches for the email addresses of Alleged Victims shall be included in the Cost Estimate, as defined and described in Paragraph 12 below.

2. <u>Search Fields.</u> Counsel for the Debtors shall conduct a search for, and produce, all non-privileged emails from the Email Accounts, without date restriction (the "**Searches**"), where (i) either of the Email Accounts appears in the "to", "from", "cc" or "bcc" fields, *and* (i) an email address for any Alleged Victim appears in the "to", "from", "cc" or "bcc" fields.[2] The results of such Searches shall be produced in TIFF format with a corresponding load file (the "**Production**"). Counsel for the Debtors shall mark the Production "Highly Confidential".

3. <u>Production.</u> The Production shall be provided by counsel for the Debtors to counsel for HW, counsel for the Committee and HW (collectively, the "**Recipients**"). Counsel for HW and counsel for the Committee shall keep the Production strictly confidential and maintain it on an Attorneys' Eyes Only basis. HW shall keep the Production strictly confidential, and may not share or discuss the Production, any document within the Production or the substance of any document within the Production with anyone other than counsel for HW—and such counsels' paralegals and any document database vendor.

4. Should the Recipients wish to use any document obtained via the Production for any purpose, such Recipient shall provide advance notice to the Debtors and the other Recipients, and the Parties shall enter into a reasonable confidentiality and

---

[2] It is understood that certain Alleged Victims will be excluded from these search parameters based on the volume of search hits rendered thereby, and counsel for the Debtors and counsel for HW agree to meet and confer in good faith with respect to any additional and reasonably modified search terms for those Alleged Victims.

3

protective order, to be submitted to the Court for approval, which will govern the use of any document within the Production (the "**Protective Order**"); provided, however, that the Parties agree that any restriction on the use of any document in the Production as set forth and contained herein shall not prohibit or restrict dissemination of any document in the Production by counsel for HW to any criminal law enforcement and/or prosecuting authority. For the avoidance of doubt, the Production (including any document obtained via the Production or the substance of any document obtained via the Production) shall not be provided to any other person or entity or made public, except as may be expressly provided for herein or in the Protective Order. The cost of negotiating and drafting the Protective Order shall be included in the Cost Estimate, as defined and described in Paragraph 8 below.

5. Notwithstanding any reference in this Protocol Order to the Parties entering into and/or negotiating and/or agreeing to a protective order or confidentiality agreement related to documents obtained via the Production, the Parties may seek use of documents obtained via the Production pursuant to a Court order on notice to the Parties.

6. This Protocol Order does not affect the use of any document obtained by means other than via the Production, even if such document is included in the Production.

7. This Protocol Order is without prejudice to any party in interest seeking to obtain documents from any of the Parties pursuant to motion or process, except as set in the following paragraph.

8. If the Recipients receive any request, subpoena or otherwise, for the Production, any document obtained via the Production production or the substance of

4

any document obtained via the Production, the Recipients will provide reasonable notice to counsel for the Debtors of such request to allow the Debtors to respond and object to such request.

9. Nothing herein shall be deemed to limit the Debtors' use of any Company documents, including documents in the Email Accounts.

10. <u>Privilege Review.</u> Counsel for the Debtors shall conduct a review of each email rendered by the Searches for attorney-client privilege and attorney work product protection, and shall take all steps necessary to preserve such attorney-client privilege or attorney work product protection, including full or partial redaction of such privileged or work product information as appropriate (the "**Privilege Review**"). To the extent counsel for the Debtors redact any information for privilege, counsel for the Debtors shall produce to HW and the Committee a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5). The Privilege Review and preparation of the privilege log shall be included in the Cost Estimate, as defined and described in Paragraph 8 below.

11. <u>Inadvertent Production.</u> Nothing herein shall be deemed to waive any privilege of the Debtors. The Parties acknowledge and agree that the Debtors do not agree or intend to produce any privileged information by virtue of this Protocol Order. In the event the Debtors inadvertently produce privileged information in the Production, the Debtors shall promptly notify the Recipients of such inadvertent production and Recipients agree to immediately return or destroy all copies of such privileged document to Debtors and further agree not to use the document for any purpose whatsoever. The Parties further agree that the inadvertent production of any privileged information

hereunder shall not constitute a waiver of any applicable privilege, including but not limited to the attorney-client privilege, attorney work-product protection or any other privilege or protection recognized by law. Recipients expressly agree not to make any argument in any forum or any matter that a privilege or protection has been waived as a result of the Production.

12. <u>Compensation by HW for Production And Related Expenses.</u> HW shall bear the full cost of the Searches, Privilege Review, Production and all other expenses related thereto, including reasonable and necessary attorneys' fees of the Debtors in connection with the Searches, Privilege Review, Protective Order, Production and all other expenses related thereto. The Debtors shall provide to HW an estimate of the anticipated costs, fees and expenses related to running the Searches, conducting the Privilege Review and making the Production as set forth in this Protocol Order (the "**Cost Estimate**"). For the avoidance of doubt, the Cost Estimate shall include, but shall not be limited to, the costs, reasonable and necessary fees and actual expenses of negotiating and drafting this Protocol Order and determining the amount of the Cost Estimate.

13. In advance of the Production, HW shall provide to Debtors a check or wire in the amount of the Cost Estimate. For the avoidance of doubt, counsel for the Debtors shall not have any obligation whatsoever under this Protocol Order or the 2004 Order to run any Searches or to produce any emails until the advance payment has been received and cleared in full by the Debtors. The Debtors shall use the advance payment of the Cost Estimate solely to cover the actual costs of the Searches, the Privilege Review, the Protective Order and the Production, including all related expenses such as reasonable and necessary attorneys' fees, vendor fees, production costs and any other

actual costs associated with complying with the 2004 Order. Upon completion of the Production, the Debtors will return to counsel for HW the difference, if any, between the Cost Estimate and the actual costs incurred by the Debtors. To the extent the Cost Estimate is less than the actual costs incurred by the Debtors in connection with the Searches, the Privilege Review and the Production, Debtors shall require counsel for HW to promptly deposit additional funds into Debtors' account in an amount to be determined by Debtors to be a reasonable estimate to complete the Production.

14. <u>Additional Payments by HW to Debtors.</u> HW shall also be responsible for the payment of reasonable and necessary attorneys' fees and actual costs incurred by the Debtors for prior searches run at HW's request in November and December 2017. Debtors have submitted to HW an invoice for the amount of such prior searches, which HW has paid in full.

15. <u>HW's Personal Effects.</u> HW shall also be responsible for the reasonable and necessary fees, costs and actual expenses incurred by the Debtors in connection with moving HW's personal effects in December 2017. Debtors have submitted to HW an invoice for the amount of such moving expenses, which HW has paid in full.

16. <u>Additional Requests.</u> Counsel for the Debtors and counsel for HW agree to meet and confer in good faith with respect to any additional reasonable searches as may be requested by HW; provided, however, that Debtors are under no obligation to run any searches or produce any documents, other than pursuant to the 2004 Order. Counsel for the Debtors agree to consult with counsel for the Committee before agreeing

to any additional searches. Counsel for HW agrees and understands that any additional searches shall be at the sole expense of HW.

   17. <u>Disputes.</u> Any disputes relating to this Protocol Order shall be presented to this Court, which shall have sole jurisdiction over such disputes. HW has consented to such jurisdiction.

Dated: June 5, 2018
    Wilmington, Delaware

               _____
               THE HONORABLE MARY F. WALRATH
               UNITED STATES BANKRUPTCY JUDGE