IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|                                           |     |                          |
|-------------------------------------------|-----|--------------------------|
|                                           | )   | Chapter 11               |
|                                           | )   |                          |
| In re:                                    | )   | Case No. 01-01139 (JJF)  |
|                                           | )   | (Jointly Administered)   |
| W. R. GRACE & CO., et al.,                | )   |                          |
|                                           | )   |                          |
| Debtors.                                  | )   |                          |
|                                           | )   |                          |
|                                           | )   |                          |
| _____         | )   |                          |

## CERTIFICATION OF COUNSEL RE:  DOCKET NOS. 609, 882 AND 883

The undersigned hereby certifies that:

1.     On July 2, 2001, Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin"), filed its: (a) First Interim Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Asbestos Property Damage Claimants from April 9, 2001 through May 31, 2001 (Docket No. 609) (the "First Application"); (b) Second Interim Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Asbestos Property Damage Claimants from June 1, 2001 through June 30, 2001 (Docket No. 882) (the "Second Application"); and (c) First Interim Quarterly Fee Application Request of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for Approval and Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Asbestos Property Damage Claimants from April 9, 2001 through June 30, 2001 (Docket No. 883) (the "Quarterly Application"; collectively, the First Application, the Second Application and the Quarterly Application are referred to as the

"Fee Applications"), with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

2.      Pursuant to the Fee Applications, Bilzin has requested total fees in the amount of $389,683.75 and total expenses in the amount of $43,268.05.   Pursuant to the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Interim Fee Order"), dated May 3, 2001, each Professional (as defined in the Interim Fee Order) is entitled to receive 80% of fees requested and 100% of expenses requested under each fee application.   Accordingly, absent an objection, pursuant to the Interim Fee Order, Bilzin would be entitled to payments for fees in an amount equal to $311,474 and payments for expenses in an amount equal to $43,268.05.

3.      On July 25, 2001, Bilzin filed a Certificate of No Objection with respect to the First Application.   Thereafter, the Debtors remitted a payment in the amount of $184,843.91, which amount represents 80% of the fees requested ($155,662.80) and 100% of the expenses requested ($29,181.11) under the First Application.

4.      On August 27, 2001, the United States Trustee for the District of Delaware (the "UST") filed an objection to the Fee Applications.   The UST objected to $46,459.50 of fees from the First Application and $94,897 of fees in the Second Application.   In addition, the UST objected to travel expenses in the amount of $9,187.64.

5.      Therefore, pursuant to the Interim Fee Order, the amount of non-objectionable fees due to Bilzin is equal to the amount of fees requested under the Interim Application ($389,673.75) multiplied by 80% ($311,474), less the amount objected to by the UST

($141,356.60), less the amount heretofore paid to Bilzin by the Debtors ($155,662.80), totaling $14,454.60.

6.     In addition, pursuant to the Interim Fee Order, the amount of non-objectionable expenses due to Bilzin is equal to the amount of expenses requested under the Interim Application ($43,268.05), less the amount objected to by the UST ($9,187.64), less the amount heretofore paid to Bilzin by the Debtors ($29,181.11), totaling $4,899.30.

Wilmington, Delaware
Dated: October 2, 2001.                    Respectfully submitted,

BILZIN SUMBERG DUNN BAENA
    PRICE & AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)

-and-

FERRY & JOSEPH, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By: /s/ Theodore J. Tacconelli
       Michael B. Joseph
       (Del. Bar No. 392)
       Theodore J. Tacconelli
       (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

528243