IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objections due by: October 23, 2001 at 4:00 p.m.**
**Hearing Date: TBD if necessary**

### MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019 FOR COURT APPROVAL OF STIPULATION RESOLVING TAX DISPUTE BETWEEN DEBTOR AND STATE OF WASHINGTON

W. R. Grace & Co.–Conn. ("Grace"), one of the above captioned debtors and

debtors in possession (collectively, the "Debtors"), hereby moves this Court (the "Motion")

pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019(b) for approval of a certain

Stipulation and Order by and between Grace and the Department of Revenue of the State of

Washington (the "Department of Revenue") resolving certain tax disputes (the "Stipulation"). In

support of the Motion, Grace respectfully represents as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On April 2, 2001 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").  The Court has entered an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing that the Debtors' separate chapter 11 cases be procedurally consolidated and jointly administered by this Court.

3.      The Debtors continue to manage their respective properties and operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## The Tax Dispute

4.      In January 1994, Grace filed an action in the Thurston County Superior Court in the State of Washington (the "Superior Court"), seeking to enjoin collection of three tax assessments issued by the Department of Revenue covering the tax periods from January 1980 through December 1990 (the "Tax Periods").

5.      The Department of Revenue asserted, among other matters, affirmative defenses of issue preclusion and a counterclaim for the unpaid taxes, penalties, and interest

6.      The Superior Court awarded a judgment against Grace totaling

$1,311,535.00, consisting of taxes of $654,267.00 "plus [prejudgment] interest pursuant to

Chapter RCW 82.32" of $657,268.00. Order Denying Motions for Reconsideration and Fixing

Amount of Final Judgment at 1, 7 (June 20, 1997).

    7.  Grace and the Department of Revenue appealed to the Washington

Supreme Court from the orders of the Superior Court. The Washington Supreme Court did not

find it necessary to reach all issues raised in the appeals. That court decided a retroactivity issue

in favor of Grace, but rejected Grace's claims for constitutional relief, affirmed the Superior

Court on those key points, and remanded the case to the Superior Court for further action

consistent with the Washington Supreme Court's opinion.

    8.  Grace filed a petition for writ of certiorari in the United States Supreme

Court. The Department of Revenue filed a conditional cross-petition for writ of certiorari. The

United States Supreme Court denied both petitions.

    9.  On June 27, 2000, Grace paid $1,470,414.20 into the registry of the

Superior Court, an amount Grace contended was sufficient to satisfy the judgment against it plus

post-judgment interest. That money remains in the registry of the Superior Court.

    10.  The "Tax Dispute" refers to the action and proceedings described in

paragraphs 4 through 9 above, including all issues that were raised or could have been raised in

that action, and including all taxes, interest, penalties, costs, or other amounts that were, could

have been, or could be assessed, ordered, or paid for the Tax Periods.

### Relief Requested

11.    By this Motion, Grace seeks Court authority to enter into the Stipulation and Court approval of the Stipulation. A true and correct copy of the Stipulation is attached hereto as Exhibit A.

### The Stipulation

12.    The Stipulation resolves the Tax Dispute. Pursuant to the terms of the Stipulation, Grace and the Department of Revenue (collectively, the "Parties") agree to the entry of a final order in the Superior Court that (a) denies all claims of Grace on the merits, (b) awards the Department of Revenue the amount Grace has already paid into the registry of the Superior Court, and (c) discharges any claims the Department of Revenue may have against Grace for the Tax Periods (beyond the amount Grace has paid into the registry of the Superior Court), all with prejudice. The Parties agree to waive any possible right that either party may have to appeal such final order. Grace agrees that it will not commence any legal, administrative, or other claim or action of any kind to recover the sum it has paid to satisfy the judgment in this action based on taxes assessed during the Tax Period. The Department of Revenue agrees that payment of the funds in the registry of the Superior Court shall be in full satisfaction of the judgment entered against Grace and any other claim against Grace for the Tax Period.

### Basis for Relief Requested

13.    In arriving at the Stipulation, Grace was guided by the factors established by relevant case law regarding the reasonableness of such settlements. These factors include:

    a.    The probability of success in the litigation;

b.    The complexity, expense and likely duration of the litigation;

c.    All other factors relevant to making a full and fair assessment of
the wisdom of the proposed compromise; and

d.    Whether the proposed compromise is fair and equitable to the
Debtors, their creditors, and other parties in interest.

See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S.

414, 424 (1968) (hereinafter referred to as "TMT"); see also In re Martin, 91 F. 3d 389, 393 (3d.

Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate,

'[c]ompromises are favored in bankruptcy'"). Basic to the process of evaluating proposed

settlements is "the need to compare the terms of the compromise with the likely rewards of

litigation." TMT, 390 U.S. at 425. The TMT rule does not require the Court to hold a full

evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to

canvass the issues and see whether the settlement 'falls below the lowest point in a range of

reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), *quoting* In re Drexel

Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991).

        14.    When considering the merits of the Stipulation, Grace focused on the

expenses that Grace would likely incur in connection with attempting to litigate and resolve the

Tax Dispute in the Superior Court.  Grace also considered: (a) the risk that the Superior Court

might determine that the amount paid by Grace into the registry of that court was insufficient to

satisfy the judgment and accrued post-judgment interest; (b) the risk of a possible additional

judgment if the Superior Court were to grant further consideration of, and accept, the Department

of Revenue's counterclaim, affirmative defense, and related contentions that were not addressed

by the Washington Supreme Court; and (c) the unlikelihood that the Superior Court would

reduce or otherwise mitigate the existing judgment against Grace. Based on its consideration of these factors, Grace concluded that the proposed settlement is in the best interests of Grace's estate, creditors, and other parties in interest. Accordingly, Grace is confident that the Stipulation meets the standards set forth in TMT.

15.     This Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(b). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provision of this title." Providing Grace with the authority to enter into the Stipulation is clearly beneficial to Grace's estate and creditors, as it will enable Grace to avoid unnecessary litigation and will enable Grace to focus its efforts on the reorganization of its estate. Bankruptcy Rule 9019(a) provides that, on motion by a debtor, the Court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a). Accordingly, Grace respectfully requests that the Court approve the Stipulation and the compromise countenanced therein.

### Notice

16.     Notice of this Motion has been given, inter alia, to: (i) the United States Trustee for the District of Delaware, (ii) counsel for the debtor in possession lender, (iii) counsel for the official committees, and (iv) all parties that have requested such notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Grace submits that no other or further notice need be given.

17.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Grace respectfully requests that this Court enter an order, substantially in the form attached hereto, authorizing Grace to enter into the Stipulation, approving the terms and conditions of the Stipulation, and granting such other and further relief as is just and proper.

Dated: October 5, 2001                KIRKLAND & ELLIS
                                       James H.M. Sprayregen
                                       James W. Kapp III
                                       Samuel A. Schwartz
                                       Roger J. Higgins
                                       200 East Randolph Drive
                                       Chicago, Illinois 60601
                                       (312) 861-2000

                                              and

                                       PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


                                       _____
                                       Laura Davis Jones (Bar No. 2436)
                                       Hamid R. Rafatjoo (CA Bar No. 181564)
                                       David W. Carickhoff, Jr. (Bar No. 3715)
                                       919 North Market Street, 16th Floor
                                       P.O. Box 8705
                                       Wilmington, DE 19899-8705 (Courier 19801)
                                       Telephone: (302) 652-4100
                                       Facsimile:  (302) 652-4400

                                       Co-Counsel for the Debtors and
                                       Debtors in Possession