IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**STATEMENT OF THE DEBTORS
IN CONNECTION WITH THE SUPPLEMENTAL AFFIDAVIT OF ELIHU INSELBUCH
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and

through their undersigned attorneys, hereby submit this Statement (the "Statement") in connection

with the Supplemental Affidavit of Elihu Inselbuch Pursuant to Section 327(a) of the Bankruptcy

Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Supplemental Affidavit"),

and in support of their Statement respectfully represent as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Background**

2.        On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3.        On April 12, 2001, the office of the United States Trustee appointed three official committees in the Chapter 11 Cases, including the committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee").  On June 13, 2001, this Court entered an Order Authorizing the Employment of Caplin & Drysdale, Chartered as National Counsel for the Asbestos Personal Injury Committee (the "Retention Application").  The Retention Application was accompanied by the affidavit of Elihu Inselbuch containing disclosures and representations required under the section 327(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of the Bankruptcy Procedure (the "Original Affidavit").

4.        On September 10, 2001, Mr. Inselbuch filed the Supplemental Affidavit on behalf of Caplin & Drysdale, Chartered ("Caplin & Drysdale"), which disclosed that on or about August 21, 2001, Caplin & Drysdale formed a professional relationship with Professor Elizabeth Warren of the Harvard Law School, pursuant to which she would serve as a Special Bankruptcy Consultant to Caplin & Drysdale.  The Supplemental Affidavit provides that Professor Warren is not a member or an associate of Caplin & Drysdale and does not "maintain an of counsel relationship with the firm."  See the Supplemental Affidavit at 2.  In addition, the Supplemental Affidavit states that, although Professor Warren will maintain her own time records, her time entries will be incorporated in Caplin

& Drysdale's billing statement and the law firm "will bill for Professor Warren's services as part of the Caplin & Drysdale's monthly and quarterly fee applications." <u>Id.</u>

**Statement**

5.      The Supplemental Affidavit raises a number of serious issues and concerns that the Committee should be required to address before it can use the services of Professor Warren in these Chapter 11 Cases.

6.      **First**, the procedure, which Caplin & Drysdale is following for Professor Warren's engagement, is both unprecedented and contrary to the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

7.      A committee appointed under 11 U.S.C. § 1102, "with the court's approval," may "authorize the employment by such committee of one or more attorneys ... to represent or perform services for such committee." 11 U.S.C. § 1103(a). The court can approve the employment of an attorney pursuant to section 1103 of the Bankruptcy Code "only on application of the ... committee." Fed. R. Bankr. P. 2014(a). If a law firm has been retained in a particular bankruptcy case, in accordance with the Bankruptcy Code and Bankruptcy Rule 2014, "any partner, member, or regular associate" of the firm may act as an attorney "without further order of the court." Fed. R. Bankr. P. 2014(b). Neither the Bankruptcy Code nor the Bankruptcy Rules, however, authorize a professional retained in the case to employ additional professionals on its own behalf, especially without the Court's approval.

8.       Professor Warren is not a member, an associate or an of counsel of Caplin & Drysdale, as has been directly stated in the Supplemental Affidavit, and can be retained in these

Chapter 11 Cases only upon the application of the Committee filed in accordance with Bankruptcy Rule 2014, and with this Court's approval of such application.

9.      **Second**, the Committee's application to retain Professor Warren has to state (i) "the specific facts showing the necessity for the employment," (ii) "the reasons for the selection, the professional services to be rendered," and (iii) "any proposed arrangement for compensation." Fed. R. Bankr. P. Rule 2014(a).  The Supplemental Affidavit points out that Professor Warren is "a distinguished academician, with extensive teaching experience and numerous publications in the field of Bankruptcy Law." <u>See</u> the Supplemental Affidavit at 2. The Debtors, however, do not understand how Professor Warren's teaching experience is relevant to assessment of her qualifications in representing the Committee in these Chapter 11 Cases.  In particular, the Debtors recognize that Professor Warren has a distinguished academic record and is a well-recognized expert in the area of bankruptcy law, but the Committee has made no showing as to Professor Warren's specific expertise with respect to asbestos bankruptcy cases and asbestos claimants.  Therefore, putting aside all the other issues raised by the Committee's extraordinary attempt to circumvent the prescribed procedure for engaging Professor Warren, there is simply no showing as to how she will add a level of benefit to these Chapter 11 Cases that justifies incurring her additional professional fees.

10.      **Third**, no showing has been made to this Court that Professor Warren satisfies the requirements of sections 1103(b) and 328(c) of the Bankruptcy Code with respect to her disinterestedness in representing the Committee in these Chapter 11 Cases.  Section 1103(b) of the Bankruptcy Code requires that an attorney retained to represent a committee appointed in a bankruptcy case "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case."  Accordingly, Bankruptcy Rule 2014(a) requires that

the application to retain a professional should be accompanied by "a verified statement of the person to be employed," setting forth the person's connections with the parties in interest in the case. Mr. Inselbuch's statement that Professor Warren "has no connection with the Debtor, its creditors, the United States Trustee or any other party, or their respective attorneys or accountants" and that she will not "represent any other interested party in this Bankruptcy Case" does not satisfy the disclosure requirement of Bankruptcy Rule 2014(a). <u>See</u> the Supplemental Affidavit at 2.

11.    **Finally**, the Committee has previously asked this Court's approval to retain Caplin & Drysdale as the Committee's counsel in these Chapter 11 Cases based on Caplin & Drysdale's "experience in matters of this nature and character" and the firm's "substantial and well-known expertise in all areas of general commercial practice." <u>See</u> the Retention Application at 4-5. Mr. Inselbuch has represented to this Court that he and his firm "are experienced in insolvency and corporate reorganization and in complex corporate and litigated matters and are qualified to represent and assist [the Asbestos Personal Injury Committee]" in these cases "in the performance of its statutory functions under chapter 11." <u>See</u> the Original Affidavit at 2. It is impossible to discern from the Supplemental Affidavit precisely what services Professor Warren is to going provide to the Committee, and why these services cannot be provided by Caplin & Drysdale. Based on the Original Affidavit, it seems to be unnecessary for Caplin & Drysdale to engage an outside consultant to perform services as counsel to the Committee. The papers to be filed in support of Professor

Warren's retention should identify the services she is being asked to provide and explain why Caplin

& Drysdale is not providing those services to the Committee.


Dated: October 15, 2001

       KIRKLAND & ELLIS
       James H.M. Sprayregen
       James W. Kapp III
       Samuel A. Schwartz
       Roger J. Higgins
       200 East Randolph Drive
       Chicago, Illinois 60601
       (312) 861-2000

       and

       PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


       /s/ David W. Carickhoff, Jr.
       Laura Davis Jones (#2436)
       David W. Carickhoff, Jr. (#3715)
       919 North Market Street, 16th Floor
       P.O. Box 8705
       Wilmington, Delaware 19899-8705 (Courier 19801)
       (302) 652-4100

       Co-Counsel for the Debtors and Debtors in Possession