| B 104<br>(Rev. 8187) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br>MCNIC Pipeline & Processing Company | | **DEFENDANTS**<br>W.R. Grace & Co. -CONN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Henry A. Heiman, Esquire<br>Heiman, Aber, Goldlust & Baker<br>702 King Street, Suite 600<br>Wilmington, DE 19899   (302) 658-1800 | | **ATTORNEYS** (If Known)<br>Laura Davis Jones, Esquire<br>Pachulski, Stang, Ziehl, Young & Jones<br>919 North Market Street, 16th Floor<br>Wilmington, DE 19899   (302) 652-4100 |

**PARTY** (Check one box only)     ☐ 1 U.S. PLAINTIFF     ☐ 2 US. DEFENDANT     ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
MCNIC, Pipeline & Processing Company, files this Adversary Proceeding Complaint for Declaratory Judgment against W.R. Grace & Co. -CONN pursuant to the Federal Rule of Bankruptcy Proceeding 7001 and 28 U.S.C section 157.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property<br>☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property<br>☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property<br>☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan<br>☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523<br>☐ 434 To obtain an injunction or other equitable relief<br>☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☒ 456 To obtain a **declaratory** judgment relating to any of foregoing causes of action<br>☐ 459 To determine a claim or cause of action removed to a bankruptcy court<br>☐ 498 Other (specify) |

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | **NEAREST THOUSAND**<br>$159,000.00 | **OTHER RELIEF SOUGHT** | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| **NAME OF DEBTOR**<br>W.R. Grace & Co. et al. | **BANKRUPTCY CASE NO.**<br>01-1139 | |
|---|---|---|
| **DISTRICT IN WHICH CASE IS PENDING**<br>Delaware | **DIVISIONAL OFFICE**<br>New Castle County | **NAME OF JUDGE**<br>JJF |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
|---|---|---|
| **DISTRICT** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| **FILING FEE** (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| **DATE**<br>October 16, 2001 | **PRINT NAME**<br>Henry A. Heiman,(DSB#1277) | **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: )<br>)<br>W.R. GRACE & CO., et al. )<br>)<br>    Debtors. )<br>)<br>MCNIC PIPELINE & PROCESSING )<br>COMPANY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>W.R. GRACE & CO. - CONN. )<br>)<br>    Defendant/Debtor. ) | Bk. No. 01-1139 (JJF)<br>Chapter 11<br>Jointly Administered<br><br>Adv. No. _____ |

### SUMMONS AND NOTICE

YOU ARE SUMMONED and required to file a response to the attached complaint on or before _____ _____, except that the United States or an officer or agency thereof shall file a response to the complaint on or before _____. The response shall be filed with the United States Bankruptcy Court, 824 Market Street, 5th Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon plaintiffs attorney:

Henry A. Heiman, Esquire
Heiman, Aber, Goldlust & Baker
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899

YOU ARE NOTIFIED that a PRE-TRIAL CONFERENCE will be held on _____ at _____ in the United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware.

YOU ARE FURTHER NOTIFIED that a TRIAL will be held on _____ at _____ in the United States Bankruptcy Court, 824 Market Street, 6th Floor, Wilmington.

FAILURE TO RESPOND TO THE SUMMONS MAY RESULT IN THE ENTRY OF A DEFAULT JUDGMENT AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

Date:_____

_____
Deputy Clerk

## CERTIFICATE OF SERVICE

I, January L. Eaton, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made, I further certify that the service of this summons and a copy of the complaint was made

_____, 2001 by:

Mail Service:        Overnight Delivery, Federal Express, addressed to:

W.R. Grace & Co. -CONN
7500 Grace Drive
Columbia, MD 21044

Personal Service:    By Hand Delivering a copy to the defendants attorney at:

Laura Davis Jones, Esquire
Bruce Grohsgal, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899

Under penalty of perjury, I declare that the foregoing is true and correct.

_____    _____
Date                                              Signature

| Print Name: | | |
|---|---|---|
| Business Address: | | |
| City: | State: | Zip: |

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. GRACE & CO., et al.<br><br>    Debtors. | Bk. No. 01-1139 (JJF)<br>Chapter 11<br>Jointly Administered |
| MCNIC PIPELINE & PROCESSING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>W.R. GRACE & CO. - CONN.<br><br>    Defendant/Debtor. | Adv. No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT AND TURNOVER OF NON-ESTATE PROPERTY

Plaintiff MCNIC, Pipeline & Processing Company ("Plaintiff"), by its counsel, files this Adversary Proceeding Complaint for Declaratory Judgment against Defendant/Debtor, W.R. GRACE & CO. - CONN. ("Defendant"), pursuant to the Federal Rule of Bankruptcy Proceeding 7001 and 28 U.S.C. §157, and in support thereof, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §157 and venue is proper before this Court pursuant to 28 U.S.C. §1409(a).

2. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157.

3. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001(9) as a proceeding to obtain a declaratory judgment.

## GENERAL ALLEGATIONS

4. Plaintiff incorporates by reference Paragraphs 1 through 3 as if fully set forth herein.

5. Plaintiff is an oil and gas company with principal offices located in Detroit, Michigan.

6. On September 16, 1999, Plaintiff entered into a Letter of Intent with Defendant d/b/a Grace Davison Membranes for the purchase of membrane equipment. A copy of the Letter of Intent is attached and made part of this Complaint as Exhibit 1.

7. Pursuant to the Letter of Intent, Plaintiff paid Defendant an escrow deposit of $158,750, which is 25% of the Purchase Price. (Exhibit 1, Paragraph 2).

8. The purchase of the membrane equipment by Plaintiff was subject to the negotiation and execution of a definitive purchase agreement. (Exhibit 1, Paragraphs 4 and 9).

9. The parties never executed a definitive purchase agreement by the October 8, 1999 deadline. (Exhibit 1, Paragraph 3). Thereafter, the obligations of the parties terminated, except as set forth in Exhibit 1, Paragraph 5.

10. In and after November, 2000, Plaintiff requested the return of the $158,750 escrow deposit.

11. Defendant filed for relief under Chapter 11 of the Bankruptcy Code on April 2, 2001, before returning the $158,750 escrow deposit to Plaintiff.

## COUNT I - DECLARATORY JUDGMENT

12. Plaintiff incorporates by reference Paragraphs 1 through 11 as if fully set forth herein.

13. Property of the estate, as defined under 11 U.S.C. §541(a)(1), includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

14. Section 541(d) provides that "[p]roperty in which the debtor holds only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. §541(d).

15. The escrow deposit of $158,750, paid by Plaintiff to Defendant, was to be held in trust by Defendant.

16. Pursuant to 11 U.S.C. §541(b)(1), property of the estate does not include assets being held by the debtor in trust for another.

17. As the Defendant was holding the $158,750 escrow deposit in trust for the Plaintiff, this escrow deposit is not property of the estate and should be returned to the Plaintiff.

**WHEREFORE** Plaintiff MCNIC Pipeline & Processing Company respectfully requests that the Court 1) enter a declaratory ruling that the $158,750 escrow deposit is not property of the estate and constitutes the exclusive property of Plaintiff; 2) order the Defendant to immediately return the deposit to Plaintiff; and 3) grant such further relief that the Court deems equitable and just.

HEIMAN, ABER, GOLDLUST, & BAKER

Henry A. Heiman (DSB # 127)
Susan E. Kaufman (DSB # 3381)
702 King Street
Suite 600
P.O. Box 1675
Wilmington, DE 19801
(302) 658-1800

Date: October 15, 2001

# Exhibit 1

Case 01-01139-AMC   Doc 1003   Filed 10/16/01   Page 7 of 10

A subsidiary of MCN Energy Group Inc., Detroit, MI

**MCNIC Pipeline**
**& Processing Company**

150 West Jefferson Ave.    Telephone
Suite 1700                 (313) 256-5050
Detroit, Michigan 48226    (313) 256-5851 Fax

September 16, 1999

Mr. Edmundo Ashford
Manager – Business Development
PetroLink International LLC
26838 I-45 North, Suite 226
Spring, Texas 77386

Re:   Proposal for Purchase of Membrane Equipment
      PetroLink RFQ #8117

Dear Mr. Ashford:

Please allow this letter to document MCNIC Pipeline & Processing Company's ("MCNIC") desire to purchase from Grace Davison, Inc. ("Grace") and Petrolink ("Petrolink") 100% of the right, title and interest in and to gas membrane separation equipment, all as more specifically set forth on Attachment A and B attached hereto (the "Equipment"). Petrolink shall act as broker to facilitate the purchase of the Equipment and shall also provide materials and engineering, design, fabrication, equipment refurbishment, testing and loading services. The terms and conditions of the purchase of the Equipment shall be as set forth below:

1.   MCNIC agrees to purchase, subject to the conditions set forth in Section 5 of this Agreement 100% of all rights, title and interest in and to the Equipment.

2.   The price for the Equipment shall be $635,000 (the "Purchase Price"), which includes Petrolink's services to broker and refurbish the Equipment. The Purchase Price does not include individual membrane modules, which will be purchased at a later date for $3,000 each. The Purchase Price shall be payable as follows:
  - 25% down payment due with this letter of intent
  - 50% due at completion of refurbishment of equipment
  - 25% due at time of pick-up/shipping

3.   Term. This offer shall remain open through 5:00 p.m., Eastern Standard Time, on October 5, 1999, unless extended by MCNIC in writing.

4.   Definitive Agreement. Upon execution of this Letter, the parties shall begin to negotiate and draft a definitive purchase agreement. The definitive agreement shall contain representations, warranties and covenants by the parties as are customary in a transaction of this type, including a representation and warranty that the Equipment is free and clear of all liens and encumbrances and that there are no outstanding or pending liabilities or contingent liabilities which the Equipment, Grace or MCNIC are or may become subject to, including lawsuits, outstanding AFEs or expenditure commitments. The definitive agreement will also provide that the Equipment is purchased in refurbished condition and that it shall comply with the Piping and Instrument Diagrams (P& ID's) to be provided by Petrolink.

Page 2 of 3

5.  **Conditions**. The definitive agreement shall specify conditions to the obligation of the parties to close the transaction, including but not limited to the following:

   (a)  MCNIC shall be satisfied with the results of its due diligence review;

   (b)  P&ID's and Equipment List are completed to MCNIC's satisfaction;

   (c)  The representations and warranties of the parties shall be true and correct as of the closing date and the parties shall have performed or complied with all covenants and shall have performed all other obligations required to be performed or complied with by or as of the closing date; and

   (d)  The parties shall obtain all necessary consents and approvals to the transfer of the Equipment, including approvals from applicable regulatory authorities.

6.  **Access**. Petrolink and/or Grace shall provide to MCNIC and its designees access to the Equipment and to such information concerning the Equipment as MCNIC shall reasonably request, shall permit MCNIC and its designees to conduct any investigations (during which Petrolink or Grace shall be entitled to be present) at such times and upon such terms as MCNIC shall reasonably request and shall permit MCNIC access to Grace's personnel, independent engineers, third party contractors or outside advisors and any reports or summaries generated by any such party.

7.  **Closing**. The closing will take place on such mutually agreeable date as specified in the definitive agreement between the parties. The definitive agreement shall specify that such closing shall occur only after fulfillment of each of the closing conditions set forth therein.

8.  **Exclusivity**. So long as MCNIC is negotiating in good faith from the date hereof through October 8, 1999, Petrolink and MCNIC shall not, indirectly or directly, through any director, officer, agent, financial advisor, affiliate or otherwise, solicit, initiate or encourage submission of proposals of offers from any person relating to any acquisition or purchase of all or a portion of the Equipment, and shall not participate in any negotiations regarding, or furnish to any other person any information with respect to, or otherwise cooperate in any way with, or assist or participate in, facilitate or encourage, any effort or attempt by any other person to do or seek any of the foregoing.

9.  **Binding Nature**. Except for this Section and Section 6, THIS LETTER IS NOT A CONTRACT AND REFLECTS ONLY THE INTENTIONS OF THE PARTIES TO ATTEMPT TO NEGOTIATE A DEFINITIVE AGREEMENT FOR THE CONSUMMATION OF THE TRANSACTION. Except as set forth in Section 6, no party shall have any obligation to any other party hereunder and the parties shall have only those obligations, and shall make only those representations, warranties and covenants, as may be set forth in a definitive agreement which has been executed and delivered. Except as may be set forth in the definitive agreement between the parties entered into after the date of this Letter, each party shall pay its own expenses and those of its accountants, attorneys and other agents in connection with this Letter, and the definitive agreement, any other contemplated agreements and any transactions contemplated herein, whether or not the transaction is consummated.

Page 3 of 3

If you agree with the intent of this letter, please so indicate by signing a copy of this Letter in the space set forth below and returning it to me at 150 West Jefferson, Suite 1700, Detroit, Michigan 48226.

Sincerely,

*[signature: William E. Kraemer]*

William E. Kraemer
Vice President
MCNIC Pipeline & Processing Company

Accepted and agreed as of the

1 day of October, 1999

PETROLINK INTERNATIONAL LLC

*[signature]*
(Signed)

By: Edmundo Ashford
(Print Name)

Its: Manager

*GK 30 Sept 99*

~~GRACE DAVISON, INC.~~ CW 10/1/99

GRACE DAVISON MEMBRANES
W.R. GRACE & Co. - CONN.  *CRW 10/1/99*

*[signature: Craig R. Wildemuth]*
(Signed)

By: CRAIG R. WILDEMUTH
(Print Name)

Its: GENERAL MANAGER, MEMBRANES

Cc: Gary Plum, Plum Engineering
    Dennis Lamben, MCN Midstream & Supply
    Wendy Ellis, MCN Legal