UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CERTIFICATION OF COUNSEL RE: DOCKET NO. 623

1.      On July 6, 2001, the Official Committee of Property Damage Claimants (the "PD Committee") filed the Application For Order Pursuant To Sections 1103(a) and 328(a) of the Bankruptcy Code Authorizing the Retention and Employment of Conway, Del Genio, Gries & Co., LLC as the Financial Advisor and Investment Banker to the Official Committee of Property Damage Claimants, Nunc Pro Tunc to April 27, 2001 (the "Application") requesting that the Court authorize the retention of Conway, Del Genio, Gries & Co., LLC ("Conway") as financial advisor and investment banker to the PD Committee.

2.      The Official Committee of Unsecured Creditors (the "Unsecured Committee") filed an objection to the Application.

3.      The PD Committee and the Unsecured Committee were ultimately able to agree on a revised form of order.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

4.  Although the Debtors did not file an objection to the Application, the Debtors provided informal comments to the revised order granting the Application.

5.  The PD Committee has revised the proposed form of order to clarify (i) the legal basis sought to approve Conway's retention; and (ii) the fee arrangement of Conway's engagement. The revised order is attached hereto as Exhibit "A."

6.  Accordingly, the PD Committee respectfully requests that the Court enter the revised order attached hereto at the Court's earliest convenience.

Dated: October 16, 2001

> BILZIN SUMBERG DUNN BAENA
>   PRICE & AXELROD LLP
> 2500 First Union Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida 33131-2336
> Telephone: (305) 374-7580
>
> Scott L. Baena (Admitted Pro Hac Vice)
>
> and
>
> FERRY & JOSEPH, P.A.
> 824 Market Street, Suite 904
> P.O. Box 1351
> Wilmington, Delaware 19899
> Telephone: (302) 575-1555
>
> By: _____
> Michael B. Joseph
> (Del. Bar No. 392)
> Theodore J. Tacconelli
> (Del. Bar No. 2678)
>
> CO-COUNSEL FOR THE OFFICIAL
> COMMITTEE OF ASBESTOS PROPERTY
> DAMAGE CLAIMANTS

**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------)
In re                                                 )    Chapter 11
                                                      )
W. R. GRACE & CO., et al., [1]                        )    Case No. 01-01139
                                                      )    (Jointly Administered)
                                                      )
                    Debtors.                          )
                                                      )
------------------------------------------------------)
```

**ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE
BANKRUPTCY CODE AUTHORIZING THE RETENTION AND
EMPLOYMENT OF CONWAY, DEL GENIO, GRIES & CO., LLC
AS THE FINANCIAL ADVISOR AND INVESTMENT BANKER
TO THE OFFICAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS,
NUNC PRO TUNC TO APRIL 27, 2001,
<u>AND APPROVING PROPOSED TERMS OF EMPLOYMENT</u>**

Upon the application (the "Application") of the Official Committee of Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Conway, Del Genio,

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Gries & Co., LLC ("CDG"), as financial advisor and investment banker to the PD Committee and for the approval of the proposed terms of such employment set forth in the Application; and upon the Affidavit of Michael L. Gries (the "Affidavit") in support of the Application; and due notice of the Application having been given and it appearing that no other or further notice need be given; and after consideration of the Limited Objection of the Official Unsecured Creditors' Committee (the "Creditors' Committee") to the Application; and after having been advised that the Creditors' Committee and the PD Committee have resolved the issues raised in the Limited Objection by the terms of retention of CDG as set forth in this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND THAT**

    A.    CDG does not have or represent any interest materially adverse, to the interests of the Debtors or their estates, creditors or equity interest holders.

    B.    CDG is a "disinterested person" as that term is defined in section 101 (14) of the Bankruptcy Code.

    C.    The retention and employment of CDG are necessary and in the best interests of the Debtors and their estates and creditors.

    Therefore, it is hereby **ORDERED THAT**

    The Application is **GRANTED** and **APPROVED** as modified herein.

    2.    In accordance with sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules, the PD Committee is authorized to retain and employ CDG as its financial advisor and investment banker <u>nunc pro tunc</u> to April 27, 2001, for the purpose of providing financial advisory, investment banking and

other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the modified form of Engagement Letter dated as of April 27, 2001, attached as Exhibit A to this Order.

3    CDG shall render the following services to the PD Committee as its financial advisor and investment banker:

    (a)    Perform due diligence, including evaluating financial data, capital structure, operating trends and market conditions, and historical divestiture transactions;

    (b)    Evaluate claims outstanding, including current and future asbestos claims;

    (c)    Evaluate business plans and financial projections prepared by the Debtors, including any cash flow projections, long term or short term business plans;

    (d)    Assess proposals made by the Debtors or others;

    (e)    Perform valuation analyses and review of capital structure issues, including debt capacity;

    (f)    Assist the PD Committee in negotiations with various parties;

    (g)    Render expert testimony as required by the PD Committee; and

    (h)    Such other financial advisory services as may be requested by the PD Committee, from time to time.

4.    Any fees to be paid to CDG pursuant to the terms of the Application (a) shall be subject to the reasonableness standard of review provided in section 330(a) of the Bankruptcy Code and not subject to any other standard of review under section 328(a) of

the Bankruptcy Code; (b) the initial monthly advisory fee in the amount of $150,000 shall be paid for a period of six months from the date CDG first commenced providing services to the PD Committee, provided, however that the PD Committee reserves the right to request CDG to make adjustments to its Monthly Fee (as defined in the Engagement Letter) in the event that CDG's activity in connection with its retention decreases significantly during any period commencing six months from the initial date on which it was first engaged.

5.   The indemnification provisions set forth in the prior form of the Engagement Letter which was attached to the Application are not approved.

6.   Notwithstanding anything to the contrary, CDG shall seek awards of compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court, including and without limitation, the Administrative Fee Order.

7.   This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Application as modified herein, the Engagement Letter attached hereto as Exhibit A, and this Order.

Dated: Wilmington, Delaware
_____, 2001

                                _____
                                Joseph J. Farnan, Jr.
                                United States District Court Judge

EXHIBIT "A



**Conway Del Genio Gries & Co., LLC**

Olympic Tower    645 Fifth Avenue    New York, NY 10022    Tel: 212 813 1300    Fax: 212 813 0580    www.cdgco.com

April 27, 2001

Mr. Darrell W. Scott
Lukins & Akins, P.S.
1600 Washington Trust Financial Center
717 West Sprague Ave.
Spokane, WA 99201-0466

Mr. Daniel A. Speights
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, South Carolina 29924

Dear Mr. Scott and Mr. Speights:

This letter confirms the engagement of Conway, Del Genio, Gries & Co., LLC ("CDG") by the W.R. Grace Property Damage Creditors' Committee (the "Committee") to perform financial advisory services with respect to the bankruptcy cases (the "Cases") of W.R. Grace and related entities (the "Debtors").

<u>Objectives, Scope and Approach</u>

Our objective for our assignment will be to perform such financial advisory and related services as may be needed by the Committee in connection with a formal reorganization of the Debtors pursuant to Chapter 11 of the Bankruptcy Code. The scope of our engagement contemplates:

    Performing due diligence, including evaluating financial data, capital structure, operating trends and market conditions, and historical divestiture transactions;

    Working with other professionals serving the Committee in investigating and evaluating possible avoidance claims that may be available to the estate;

(c)    Evaluating claims outstanding, including current and future asbestos claims;

(d)    Evaluating business plans and financial projections prepared by the Debtors, including any cash flow projections, long term or short term business plans;

        Assessing proposals made by the Debtors or others;

(f) Performing valuation analyses and review of capital structure issues, including debt capacity;

        Evaluating the credit quality and valuation of various forms of distribution which might comprise creditor recoveries;

(h) Assisting the Committee in negotiations with various parties;

(i) Rendering expert testimony as required by the Committee; and

(j) Such other financial advisory services as may be requested by the Committee, from time to time.

CDG will not be responsible for independently verifying the accuracy of any information provided to CDG by the Debtors or its agents (the "Information") and shall not be liable for inaccuracies in any Information provided to CDG by or at the direction of the Debtors.

## Staffing

Our services will be led by Michael F. Gries, a senior member of CDG. Mr. Gries will be assisted by Gregory Boyer and Brian Fox, Managing Directors of CDG, and by other personnel possessing the requisite skills and experience necessary to achieve the objectives set forth above in the most expeditious and effective manner.

## Fees & Expenses

For CDG's financial advisory services provided pursuant to this agreement, it is agreed that the Debtors shall pay on behalf of the Committee a monthly fee of $150,000 (the "Monthly Fee") for the first six months of the engagement of CDG provided, however that the Committee reserves the right to request CDG to make adjustments to its Monthly Fee in the event that CDG's activity in connection with its retention decreases significantly during any period commencing six months from its engagement. The fees to be paid to CDG shall be subject to the standard of review provided in section 330(a) of the Bankruptcy Code and not subject to any other standard of review under section 328(a) of the Bankruptcy Code.

In addition to the foregoing, CDG will bill monthly in arrears for the reimbursement of all of its reasonable out-of-pocket expenses (including travel, telephone and facsimile, courier and copy expenses) incurred in connection with CDG's engagement hereunder.

This engagement may be terminated by either the Committee or CDG upon thirty days written notice.

If any portion of this agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this agreement shall remain in effect.

This agreement shall be governed by the internal substantive laws and not the choice of law rules of the State of New York. Any advice (written or oral) rendered by Conway, Del Genio, Gries & Co., LLC pursuant to this engagement may not be disclosed publicly without prior consent.

This engagement is important to us and we appreciate the opportunity to serve you.

Very truly yours,
Conway, Del Genio, Gries & Co., LLC

By _____
Michael F. Gries

Consented and Agreed to:

By: _____
Darrell W. Scott, Designated Representative of Co-Chairman of the Committee, Mr. Marco Barbanti

By: _____
Daniel A. Speights, Designated Representative of Co-Chairman of the Committee, Anderson Memorial Hospital

This engagement may be terminated by either the Committee or CDG upon thirty days written notice.

If any portion of this agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this agreement shall remain in effect.

This agreement shall be governed by the internal substantive laws and not the choice of law rules of the State of New York. Any advice (written or oral) rendered by Conway, Del Genio, Gries & Co., LLC pursuant to this engagement may not be disclosed publicly without prior consent.

This engagement is important to us and we appreciate the opportunity to serve you.

Very truly yours,
Conway, Del Genio, Gries & Co., LLC

By _____
Michael F. Gries

Consented and Agreed to:

_____
Darrell W. Scott, Designated Representative of Co-Chairman of the Committee, Mr. Marco Barbanti

_____
Daniel A. Speights, Designated Representative of Co-Chairman of the Committee, Anderson Memorial Hospital