IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER APPROVING AND AUTHORIZING THE RETENTION OF
RUST CONSULTING, INC. AS THE OFFICIAL CLAIMS HANDLING AGENT**

Upon the application (the "Application") of the above captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order approving and authorizing the retention of Rust Consulting, Inc. as the official Claims Handling Agent;[2] and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and upon the affidavit of Jeffrey D. Dahl (the "Affidavit"); and the Court being

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Application.

satisfied, based on the representations made in the Application and the Affidavit, that Rust represents no interest adverse to the Debtors' estates with respect to matters upon which it is to be retained, that Rust is a "disinterested person" as that term is defined under Section 104(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that Rust is authorized and approved to act as the Claims Handling Agent as of the date hereof and to perform the tasks and duties, in part, set forth in the Application, the Claims Services Agreement and the Bar Date Motion; and it is further

ORDERED that Rust be employed and compensated in accordance with the Claims Services Agreement without further Order of this Court, upon the submission of monthly invoices by Rust to the Debtors summarizing, in reasonable detail, the services for which compensation is sought; and it is further

ORDERED that notwithstanding anything to the contrary set forth in the Claims Services Agreement, Rust will not cease providing services to the Debtors without obtaining the prior approval and authority from the Court to cease such services; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware  
Dated: _____, 2001

_____  
Joseph J. Farnan, Jr.  
United States District Judge