## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtor. | ) | **Objections due by: 10/29/01 @ 4 p.m.** |
| | ) | **Hearing Date: 11/5/01 @ 2 p.m.** |

### MOTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO COMPEL DEBTORS TO COMPLY WITH 11 U.S.C. § 365(d)(10) AND FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES, OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

Caterpillar Financial Services Corporation ("Caterpillar"), by and through its undersigned counsel, hereby moves for entry of an order, inter alia, compelling W.R. Grace & Co., (the "Debtor"), to comply with 11 U.S.C. § 365(d)(10), and for allowance and payment of administrative expenses, or, in the alternative, for adequate protection and in support thereof, states the following:

### PARTIES

1.      Caterpillar is a company engaged in the business of equipment leasing.  Upon information and belief, Debtor's business involves the production of protective and speciality packaging products.

### JURISDICTION

2.      The Court has jurisdiction over the subject matter of this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding arising under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") that the Court has authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (G), and (M).

### FACTUAL BACKGROUND

3.      Debtor leases twelve (12) pieces of equipment (collectively, the "Equipment") from

Caterpillar pursuant to seven separate leases (collectively, the "Leases") for use at its Chattanooga, Tennessee and Aiken, South Carolina locations.   Pursuant to the Leases, Debtor is obligated to pay Caterpillar monthly rent and other charges, such as state taxes and late fees, as set forth below:

| Exhibit[1] | Contract Number | Equipment Description and Serial Numbers | Location | Monthly Rent and Taxes |
|---|---|---|---|---|
| A | 37935-000 | GC15 LP Caterpillar Lift Truck 2EM02731 | Chattanooga, TN | $243.00 |
| B | 98373-000 | Cat 924F Wheel Loader 5NN01158 | Aiken, SC | $1,598.90 |
| C | 116042-000 | 3422 Gene Lift Boom Lift 1527 | Chattanooga, TN | $638.78 |
| D | 123062-000 | DP25-D Caterpillar Lift Truck 5BMO1685 | Chattanooga, TN | $372.00 |
| D | 123062-001 | DP25-D Caterpillar Lift Truck 5BMO1688 | Chattanooga, TN | $355.00 |
| D | 123062-002 | DP25-D Caterpillar Lift Truck 5BMO1686 | Chattanooga, TN | $335.00 |
| D | 123062-003 | DP25-D Caterpillar Lift Truck 5BMO1687 | Chattanooga, TN | $335.00 |
| D | 123062-004 | DP25-D Caterpillar Lift Truck 5BMO1696 | Chattanooga, TN | $351.00 |
| E | 123965-000 | 924F Caterpillar Wheel Loader 5NN01587 | Aiken, SC | $1,598.84 |
| G | 133046-000 | D8R-7XM04639 | Aiken, SC | $4,211.00 |
| G | 150335-000 | DP30-D Caterpillar Lift Truck AT14C35104 | Chattanooga, TN | $421.88 |
| G | 150335-001 | GP25-LP Caterpillar Lift Truck 5AM00098 | Chattanooga, TN | $352.98 |

---

[1] Due to the voluminous nature of the Exhibits to this Motion, only counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the United States Trustee have been served with copies of the Exhibits.   All other parties wishing to obtain copies of the Exhibits may do so by contacting the undersigned counsel.

4.      On April 2, 2001 (the "Petition Date"), Debtor commenced proceedings pursuant to chapter 11 of the Bankruptcy Code.

5.      Since the Petition Date, the Debtor has fallen behind on its monthly rental payments to Caterpillar under each of the Leases.  The Debtor has failed to make the April through October monthly payments and Caterpillar anticipates that Debtor will miss November's monthly payments as well.  Additionally, the Debtor has incurred additional charges for late payments.   A chart setting forth the post-petition monthly rental payments, state taxes and additional charges for late payments for each Lease is attached hereto as Exhibit H.

6.      In total, Debtor currently owes Caterpillar **$40,572.99** for amounts due under the Leases as of October 18, 2001.

## THE RELIEF REQUESTED AND THE BASIS THEREFOR

### A.      Order Compelling Compliance with 11 U.S.C. § 365(d)(10)

7.      Section 365(d)(10) of the Bankruptcy Code provides, in pertinent part, that:

> [t]he [debtor-in-possession] shall timely perform all of the obligations of the debtor . . . first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property . . ., until such lease is assumed or rejected.

11 U.S.C. § 365(d)(10).  This provision was designed to grant the debtor "limited 'breathing room'" in which to assume or reject an unexpired lease for personal property.  In re Elder-Beerman Stores Corp., 201 B.R. 759, 764 (Bankr. S.D. Ohio 1996); H.R. No. 103-835, at 50 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3359.

8.      After the passage of the sixty-day statutory period, however, the "debtor must perform all obligations under an equipment lease." H.R. No. 103-835, at 50; see In re Elder-Beerman, 201 B.R. at 763 (stating that lessor of the personal property is automatically entitled to rental payments after the expiration of the sixty-day period). See also In re Ernst Home Center, Inc., 209 B.R. 955, 965 n.9 (Bankr. W.D. Wash. 1997) (noting that Section 365(d)(10) was created to relieve personal property lessors from the burden of petitioning the court to compel the debtor to make lease payments); In re Leisure Time Sports, Inc., 189 B.R. 511, 513 (Bankr. S.D. Cal. 1995) (stating that Section 365(d)(10) requires "timely" performance of the debtor's lease obligations).

9.      More than sixty days have elapsed since the order for relief was entered in this action. As a result, Debtor's' "breathing room" in which to avoid performing under the Leases has ended. Section 365(d)(10) therefore requires that the Debtor perform its obligations under the Leases, including (1) payment of all past due monthly rental payments and (2) payment of late charges under the Leases. In addition, Contract No. 37935-000 has now expired by its own terms. Under the terms of that lease, the Debtor must either purchase the lift truck at fair market value or return it to Caterpillar. In addition, Debtor should be required to make lease payments for the post-lease period during which Debtor has improperly retained the Equipment.

B.      **Allowance and Payment of Administrative Expenses**

10.     Section 503(b)(1)(A) of the Bankruptcy Code allows a party to recover "the actual, necessary costs and expenses of preserving the estate" as administrative expenses. Pursuant to this provision, "a debtor must pay the lessor a reasonable administrative expense for actual use of property which benefits the bankruptcy estate during the pendency of that decision to assume or reject the lease." In re Cardinal Indus., Inc., 151 B.R. 838, 841 (Bankr. S.D. Ohio 1992) (citing

N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 531 (1986); Philadelphia Co. v. Dipple, 312 U.S. 168, 174-75 (1941)).

11.     The Debtor cannot avoid the mandate of Section 365(d)(10) and extend the sixty-day period by challenging the nature of the lease.  See In re Elder-Beerman, 201 B.R. at 764 ("To allow the debtor to extend this abeyance period on commercial personal property lease obligations while bringing challenges to the nature of the leases would be to allow the debtor to circumvent the 60-day limitation built into § 365(d)(10).") See also In re: Homeplace Stores, Case No. 98-8 (PJW)(June 15, 1998 transcript at 140-44). (Exhibit I).

12.     Upon information and belief, the Debtor has used the Equipment during the post-petition period, and such use has benefitted Debtor's estate.

13.     Accordingly, Caterpillar is entitled to receive as an allowed administrative expense under 11 U.S.C. § 503(b)(1)(A) for all payments due and owing under the Leases or otherwise for the post-petition period.  See Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.), 853 F.2d 700, 707 (9th Cir. 1988) (recognizing a presumption that the payment terms of the lease are a reasonable measure of the administrative expenses to be allowed); Farber v. Wards Co., 825 F.2d 684, 689-90 (2d Cir. 1987) (same); Litho Specialties, Inc. v. Fleet Credit Corp. (In re Litho Specialties, Inc.), 154 B.R. 733, 736 (D. Minn. 1993) (finding that this presumption of reasonableness can only be rebutted by "substantial and convincing proof by the Debtor that the imposition of the lease terms would be unwarranted").  See also In re Cardinal Indus., 151 B.R. at 842-43 (noting that the debtor is not entitled to a "bargain basement" rate for compensating the lessor for actual use of the leased property).

### C.    Caterpillar Is Entitled to Adequate Protection

14.    Section 363(e) of the Bankruptcy Code provides that "at any time, on request of an entity that has an interest in property used, sold, or leased, by [the debtor-in-possession], the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).  This provision grants courts the authority to order the debtor-in-possession to take measures to protect a creditor whose property is declining in value due to its use, sale or lease while the automatic stay is in effect.  See In re Cook, 205 B.R. 437, 439 (Bankr. N.D. Fla. 1997).

15.    Since the Petition Date and attendant imposition of the automatic stay, the Debtor has not protected the Equipment as required by the Leases, and the Equipment will continue to depreciate in value during the pendency of the Debtor's bankruptcy case.

17.    As a result, Caterpillar is entitled to adequate protection of its interest in the Equipment in the form of an order permitting Caterpillar access to the Equipment to recover it.  See 11 U.S.C. § 361(1).

### D.    In the Alternative, Caterpillar is Entitled to Relief from the Automatic Stay

18.    Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

19.    Caterpillar is entitled to relief from the stay pursuant to Section 362(d)(1) of the Bankruptcy Code because Debtor has not paid for the use of the Equipment provided by Caterpillar. Further, if Debtor is no longer operating Caterpillar's Equipment, it may deteriorate from lack of use

and proper maintenance and may be subject to further damage if not properly secured. See In re Powell, No. 98-01885-TOM-13, 1998 Bankr. LEXIS 956, at 21 (Bankr. N.D. Ala. July 10, 1998) (stating that the party with an interest in the property need only establish a prima facie case of lack of adequate protection under Section 362(d)(1) in order to seek relief from the stay) (citations omitted).

WHEREFORE, Caterpillar respectfully requests that this Court enter an order (1) compelling Debtor to comply with 11 U.S.C. § 365(d)(10) of the Bankruptcy Code by performing their post-petition obligations under the Leases including paying the amounts due, and either purchasing the Equipment or returning it to Caterpillar; (2) for allowance and payment of payments due and accruing post-petition under the Lease as administrative expenses under Section 503 of the Bankruptcy Code; (3) granting Caterpillar access to the Debtor's premises if the Equipment is located there, to recover the Equipment and (4) granting Caterpillar such other relief as is just and equitable.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP


/s/ Christina M. Maycen
Brett D. Fallon (I.D. #2480)
Christina M. Maycen (I.D. #3976)
222 Delaware Avenue, 10th Floor
PO Box 2306
Wilmington DE 19899-2306
(302) 888-6800
    Attorneys for Caterpillar Financial Services
    Corporation

Dated:        October 18, 2001