IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: November 5, 2001 at 4:00 p.m.** |
| | ) | **Hearing Date: Only if Objections are Filed** |

**SUPPLEMENTAL APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR ENTRY OF AN ORDER *NUNC PRO TUNC* AS OF AUGUST 1, 2001, UNDER SECTIONS 327(a) AND 1103 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF PROFESSOR ELIZABETH WARREN AS SPECIAL BANKRUPTCY CONSULTANT TO CAPLIN & DRYSDALE, CHARTERED, NATIONAL COUNSEL FOR THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W. R. GRACE & CO., *ET AL*.**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee"), by and through its undersigned counsel, hereby applies for the entry of an order (the "Application") authorizing it to employ Professor Elizabeth Warren as Special Bankruptcy Consultant to Caplin & Drysdale, Chartered, ("Caplin & Drysdale"), National Counsel for the Committee, pursuant to sections 327(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, the Committee (i) submits the Verified Statement of Professor Elizabeth Warren in Accordance with Section 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Warren Statement"), which is attached hereto as Exhibit A and incorporated herein by reference, and (ii) respectfully represents as follows:

{D0000679:1 }

Jurisdiction

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are sections 327 and 1003 of the Bankruptcy Code and rule 2014 of the Bankruptcy Rules.

Background

2. On April 2, 2001 (the "Petition Date"), W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors") commenced these reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court.

3. Since the Petition Date, the Debtors have continued in possession of their properties and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On April 12, 2001, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5. Subsequent to its appointment and after meeting with various professionals, on April 12, 2001, the Committee selected Caplin & Drysdale, Chartered as its National Counsel.

6. On June 13, 2001, this Court entered an Order approving the Asbestos Personal Injury Claimants Committee's Application for entry of an Order Authorizing the Employment of Caplin & Drysdale as National Counsel for the Asbestos Personal Injury Claimants Committee (the "Retention Application").

7. The Retention Application was accompanied by an affidavit sworn to and executed by Elihu Inselbuch, Esquire, a member of Caplin & Drysdale.

8. As of August 1, 2001, Caplin & Drysdale has engaged Professor Elizabeth Warren, the Leo Gottlieb Professor of Law at the Harvard Law School, as a Special Bankruptcy Consultant to the firm.

9. It is anticipated that Professor Warren will provide very limited services in this Bankruptcy Case. In general her billable hours will not exceed ten hours per month and usually will be significantly less. It is contemplated that she will work with Caplin & Drysdale as a consultant in these bankruptcy cases providing advice and guidance to the Asbestos Personal Injury Claimants Committee through the Caplin & Drysdale firm, as well as in seven other asbestos-related bankruptcy cases in which Caplin & Drysdale is presently counsel to committees representing asbestos personal injury claimants. Generally, she will focus her efforts in assisting Caplin & Drysdale with respect to the Plan of Reorganization process. She may, however, be consulted by Caplin & Drysdale on other technical issues that may arise in the course of the case. She will not be involved in the day-to-day administration of the case.

10. As set forth in her *curriculum vitae*, attached to the Warren Statement, Professor Warren is a distinguished academician, with extensive teaching experience and numerous publications in the field of bankruptcy law.

11. To avoid conflicts with Caplin & Drysdale's numerous non-bankruptcy clients, Professor Warren will not be a member of the firm, an associate of the firm, or maintain an of counsel relationship with the firm.

12. Professor Warren will maintain her own time records in compliance with the Court's Administrative Order. To facilitate the administrative process and to minimize Professor Warren's administrative time, in light of her limited role, Caplin & Drysdale will incorporate her

time entries in its billing statement and will bill for Professor Warren's services as part of Caplin & Drysdale's monthly and quarterly fee applications.

13. As set forth in the Warren Statement, Professor Warren is disinterested within the meaning of section 101(14) of the Bankruptcy Code, and neither holds nor represents any interest adverse to the Debtors or the Debtors' estates.

14. Other than as noted herein, neither Caplin & Drysdale nor Professor Warren previously have represented any other entity in connection with this case, including the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee in any matter relating to the Debtors or their estates.

15. Caplin & Drysdale and Professor Warren represent no interest adverse to the Committee with respect to the matters for which Caplin & Drysdale and Professor Warren will be employed and each is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

16. Caplin & Drysdale and Professor Warren intend to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable Administrative Order, the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in this case.

17. Except as noted herein, no prior application for the relief sought has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto, authorizing and approving its employment of Professor Elizabeth Warren as Special Bankruptcy Consultant to Caplin & Drysdale in this case *nunc pro tunc* effective as of August 1, 2001 and granting such other and further relief as the Court may deem just and equitable.

CAMPBELL & LEVINE, LLC

/s/Matthew G. Zaleski, III
Matthew G. Zaleski, III (I.D. #3557)
1201 N. Market Street
15th Floor
Wilmington, DE  19899
(302) 426-1900

Counsel for the Official Committee
   of Asbestos Personal Injury Claimants

Dated: October 23, 2001