IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- )
In re                                                ) Chapter 11
                                                     )
W. R. GRACE & CO., et al.,[1]                        ) Case No. 01-01139
                                                     ) (Jointly Administered)
                                                     )
                    Debtors.                         )
                                                     )
---------------------------------------------------- )

## ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF CONWAY, DEL GENIO, GRIES & CO., LLC AS THE FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE OFFICAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO APRIL 27, 2001, AND APPROVING PROPOSED TERMS OF EMPLOYMENT

Upon the application (the "Application") of the Official Committee of Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Conway, Del Genio,

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Gries & Co., LLC ("CDG"), as financial advisor and investment banker to the PD Committee and for the approval of the proposed terms of such employment set forth in the Application; and upon the Affidavit of Michael L. Gries (the "Affidavit") in support of the Application; and due notice of the Application having been given and it appearing that no other or further notice need be given; and after consideration of the Limited Objection of the Official Unsecured Creditors' Committee (the "Creditors' Committee") to the Application; and after having been advised that the Creditors' Committee and the PD Committee have resolved the issues raised in the Limited Objection by the terms of retention of CDG as set forth in this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND THAT**

A. CDG does not have or represent any interest materially adverse, to the interests of the Debtors or their estates, creditors or equity interest holders.

B. CDG is a "disinterested person" as that term is defined in section 101 (14) of the Bankruptcy Code.

C. The retention and employment of CDG are necessary and in the best interests of the Debtors and their estates and creditors.

Therefore, it is hereby **ORDERED THAT**

1. The Application is **GRANTED** and **APPROVED** as modified herein.

2. In accordance with sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules, the PD Committee is authorized to retain and employ CDG as its financial advisor and investment banker <u>nunc pro tunc</u> to April 27, 2001, for the purpose of providing financial advisory, investment banking and

2

other related services in connection with the Debtors' chapter 11 cases in accordance with the terms of the modified form of Engagement Letter dated as of April 27, 2001, attached as Exhibit A to this Order.

3. CDG shall render the following services to the PD Committee as its financial advisor and investment banker:

(a) Perform due diligence, including evaluating financial data, capital structure, operating trends and market conditions, and historical divestiture transactions;

(b) Evaluate claims outstanding, including current and future asbestos claims;

(c) Evaluate business plans and financial projections prepared by the Debtors, including any cash flow projections, long term or short term business plans;

(d) Assess proposals made by the Debtors or others;

(e) Perform valuation analyses and review of capital structure issues, including debt capacity;

(f) Assist the PD Committee in negotiations with various parties;

(g) Render expert testimony as required by the PD Committee; and

(h) Such other financial advisory services as may be requested by the PD Committee, from time to time.

4. Any fees to be paid to CDG pursuant to the terms of the Application (a) shall be subject to the reasonableness standard of review provided in section 330(a) of the Bankruptcy Code and not subject to any other standard of review under section 328(a) of

3

the Bankruptcy Code; (b) the initial monthly advisory fee in the amount of $150,000 shall be paid for a period of six months from the date CDG first commenced providing services to the PD Committee, provided, however that the PD Committee reserves the right to request CDG to make adjustments to its Monthly Fee (as defined in the Engagement Letter) in the event that CDG's activity in connection with its retention decreases significantly during any period commencing six months from the initial date on which it was first engaged.

5. The indemnification provisions set forth in the prior form of the Engagement Letter which was attached to the Application are not approved.

6. Notwithstanding anything to the contrary, CDG shall seek awards of compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court, including and without limitation, the Administrative Fee Order.

7. This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Application as modified herein, the Engagement Letter attached hereto as Exhibit A, and this Order.

Dated: Wilmington, Delaware
       October 22, 2001

_____
Joseph J. Farnan, Jr.
United States District Court Judge