IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JJF) |
| ) | Jointly Administered |
| Debtors. | |
| TIMOTHY KANE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Motion No.: A-01-_____ |
| W.R GRACE & CO., et al., | |
| Respondent. | |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

1. Movant, Timothy Kane (hereinafter "Movant"), moves this Court for relief from the Stay Order issued by this Court in this bankruptcy proceeding.

2. Movant respectfully moves for relief from the automatic stay of Section 362(a) of the Bankruptcy Code

3. In support of his motion, Movant states that on July 19, 1999, Movant was injured at the Grand Floridian Resort in Orlando, Florida while performing scaffold erection when he slipped and fell while walking on a portion of the roof of Grand Floridian which had been covered with The Vicor Ice Water Shield. As a result of the slip and fall, Movant fell from the roof of one of the buildings at the Grand Floridian and sustained serious personal injuries

4. Movant has filed a Complaint and an Amended Complaint for damages in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The case is captioned <u>Timothy Kane v.</u>

<u>Walt Disney World Co., a Florida corporation, W.R. Grace & Co., CONN, a foreign corporation, McEnany Roofing, Inc., a Florida corporation and A/R/C Associates Incorporated, a Florida corporation</u>. This is case number CI-00-6803. A copy of Amended Complaint for Damages is attached to this Motion as Exhibit "A" and incorporated by reference.

5. Movant alleges strict liability against Defendants W.R Grace and McEnany Roofing, Inc. In addition, Movant alleges negligence against Defendants W.R. Grace, McEnany Roofing and A/R/C Associates.

6. In support of his allegations of strict product liability and negligence, Movant alleges in the Florida Action that the Vicor Ice & Water Shield was designed, manufactured, distributed and sold in a defective condition, unreasonably dangerous to foreseeable users such as the Movant. Movant likewise alleges, among other theories of relief, that these Defendants knew or should have known that the Vicor Ice Water Shield was defective and unreasonably dangerous and would be used without inspection.

7  As a direct result of the accident, Movant suffered serious personal injuries which are described at Exhibit "A"

8. As set forth above, Movant has initiated suit against the Debtor, and other parties in the State Court in Florida, "State Court Action").

9. Movant seeks relief from the Automatic Stay solely for the purpose of allowing Movant to proceed with discovery in the State Court Action. At the present time, Movant hopes to depose the following individuals who are employed by W.R. Grace:

a. Pete DiGiovanni, the individual who ran the slip resistant test, and;

b. Dr. Jenkins, the W.R. Grace employee with the most knowledge regarding the design of the roofing underlayment. The Movant would likewise request that the issue of additional discovery be left open pending the information gathering which occurs during these initial depositions.

10. None of the creditors in this proceeding will be adversely effected by the granting of Movant's Motion for Relief from Stay in that Movant only seeks to proceed with this limited discovery

11. This action is a core proceeding pursuant to 28 U.S.C §157(b)(2)(G)

12. This motion is made pursuant to 11 U.S.C. §362(d) and is governed by Federal Bankruptcy Rules 4001(a) and 9014

13. The automatic stay created by the filing of the petition for relief should be terminated pursuant to 11 U.S.C., §362(d) of the Bankruptcy Code to allow Movant to exercise his rights and remedies under non-bankruptcy by engaging in limited discovery in connection with the State Court Action.

14. The automatic stay in this bankruptcy proceeding should be terminated in this case for cause, including but not limited to the fact that:

(a) Upon information and belief prior to the filing of the Chapter 11 Petition, Debtor had in place liability insurance coverage;

(b) Allowing the Movant to continue with the litigation

in the State Court of Florida for the purpose of taking limited discovery, would, in no way, prejudice the rights of the Debtor or other creditors in this Chapter 11 proceeding;

(c  The Debtor will have no equity in connection with the litigation in the State Court of Florida;

15. By alleging specific grounds for the termination of the automatic stay under Section 361(d) of the Bankruptcy Code, Movant does not waive the requirements of Section 362(g) of the Bankruptcy Code allocating the burden of proof in hearing held on this motion.

16. If Movant is not allowed to proceed against Debtor's for the purpose of taking the limited discovery set forth above, Movant will suffer irreparable harm.

17. Nothing herein waives, elects, releases, affects, or terminates any title, claim, interest, estate, right, legal position, or remedy of Movant and this filing is made expressly subject thereto. Nor is this filing an admission of any fact or point of law. Without limiting the generality of the foregoing, this filing does not waive any other remedy that Movant may have for the acts and omissions of Debtor or other persons

### PRAYER

WHEREFORE, pursuant to 11 U.S.C. §362(d), Movant seeks to have the automatic stay lifted as to his personal injury claim against the Debtor in order to allow Movant to conduct the limited discovery described above in connection with the State of Florida litigation.

Respectfully Submitted,

AGOSTINI, LEVITSKY, ISAACS & KULESZA

_____
**NEAL J. LEVITSKY, ESQ.** (#2092)
824 N. Market Street, Ste. 810
P.O. Box 2323
Wilmington, DE  19899-2323
(302) 654-7444, ext. 3
Attorneys for Movant,
Timothy Kane