994524

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. CI-00-6803

TIMOTHY KANE,

      Plaintiff,

vs.

WALT DISNEY WORLD CO.,
a Florida corporation,
W.R. GRACE & Co.-CONN,
a foreign corporation, McENANY
ROOFING, INC., a Florida corporation
and A/R/C ASSOCIATES, INCORPORATED,
a Florida corporation,

      Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, TIMOTHY KANE, by and through his undersigned attorneys and sues the Defendants, WALT DISNEY WORLD CO. (hereinafter "DISNEY" a Florida corporation, W.R. GRACE & Co.-CONN (hereinafter "W.R. GRACE" a foreign corporation, McENANY ROOFING, INC.(hereinafter "McENANY ROOFING"), a Florida corporation, and A/R/C ASSOCIATES, INCORPORATED (hereinafter "A/R/C ASSOCIATES"), a Florida corporation and alleges as follows:

### GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages which exceed the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. The Defendant, DISNEY, is a corporation duly organized under the laws of the State of Florida, and which at all times material hereto was doing business within Orange County, Florida, therein

CASE NO. CI-00-6803

3. Defendant, W.R. GRACE, is a foreign corporation licensed to and doing business within the State of Florida, and within Orange County, Florida, therein.

4. In the alternative, Defendant, W.R. GRACE is subject to the jurisdiction of this Court by way of the Florida Long Arm Statute in that it has established minimum contacts within this State, by, among other things, placing the product which is the subject matter of this action into the stream of commerce with the reasonable expectation that such product will eventually be sold within this jurisdiction to consumers residing therein.

5. Defendant, McENANY ROOFING is a corporation duly organized under the laws of the State of Florida, and which at all times material hereto was doing business within Orange County, Florida, therein

6. Defendant, A/R/C ASSOCIATES is a corporation duly organized under the laws of the State of Florida, and which at all times material hereto was doing business within Orange County, Florida, therein

7 The personal injuries which are the subject matter of this action were sustained by TIMOTHY KANE in Orange County, Florida, and thus, venue is proper.

8. At all times material hereto, DISNEY was the owner of the Grand Floridian Resort and Spa (hereinafter "Grand Floridian" located on its premises, within its theme park in Orlando, Orange County Florida.

9. At all times material hereto, DISNEY was actively engaged in a construction project on the Grand Floridian which involved the beautification, restoration, refurbishing and maintenance of the roof exterior and interior of these premises

At all times material hereto, McENANY ROOFING was under written contract with DISNEY to:

> (a) create design plans and specifications, for the beautification, restoration, refurbishing and maintenance of the roof of the Grand Floridian as part of the above-mentioned construction project; and
>
> (b) implement those design plans and specifications through the use of contractors, subcontractors and its own personnel.

TIMOTHY KANE is in possession of this written contract, and a true and correct copy is attached hereto "EXHIBIT A."

At all times material hereto, A/R/C ASSOCIATES was under written contract with DISNEY to:

> (a) create design plans and specifications, for the beautification, restoration, refurbishing and maintenance of the roof of the Grand Floridian as part of the above-mentioned construction project; and
>
> (b) implement those design plans and specifications through the use of contractors, subcontractors and its own personnel.

13. TIMOTHY KANE is in possession of this written

-3-

contract and a true and correct copy is attached hereto as "EXHIBIT B."

14. At all times material hereto, in the performance of their roofing work on the Grand Floridian, McENANY ROOFING, A/R/C ASSOCIATES their contractors, subcontractors and personnel utilized Vycor Ice & Water Shield, a self-adhering roofing underlayment manufactured exclusively by W.R. GRACE

15. The use of Vycor Ice & Water Shield on the Grand Floridian construction project was specified by McENANY ROOFING.

16. The use of Vycor Ice & Water Shield on the Grand Floridian construction project was specified and/or approved by A/R/C ASSOCIATES

17. The use of Vycor Ice & Water Shield on the Grand Floridian construction project was specified and approved by DISNEY.

18. At all times material hereto, TIMOTHY KANE, was employed by Emery's Erection & Dismantling, Inc., an independent contractor of DISNEY, which had been hired to perform the erection and dismantling of scaffold for DISNEY as part of the aforementioned construction project.

19. On or about July 19th, 1999, TIMOTHY KANE was present on this construction project, performing scaffold erection in the course and scope of his employment with Emery's Erection & Dismantling, Inc.,

20. At the aforementioned time and place, TIMOTHY KANE while walking on a portion of the roof of the Grand Floridian which had been covered with Vycor Ice & Water Shield, slipped and fell on the

CASE NO. CI-00-6803

Vycor Ice & Water Shield, falling from the roof and sustaining the serious personal injuries hereinafter alleged.

### COUNT I - TIMOTHY KANE'S CLAIM FOR STRICT PRODUCT LIABILITY
#### AGAINST DEFENDANT W.R. GRACE

Plaintiff realleges and reavers paragraphs one through twenty of this Amended Complaint as if fully set forth herein.

The aforementioned Vycor Ice & Water Shield was designed manufactured, distributed and sold by W.R. GRACE in a defective condition, unreasonably dangerous to foreseeable users such as Plaintiff, TIMOTHY KANE, in that:

> a) Vycor Ice & Water Shield, which is specifically designed to be applied to angled, slanted or gabled roofs in the manner in which it was being applied and used on the Grand Floridian construction project, becomes dangerously slippery when wet;
>
> b) W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield without providing an adequate warning to its prospective consumers and users of the dangers presented by its tendency to become dangerously slippery when wet;
>
> c) W.R. GRACE failed to utilize existing state of the art design alternatives which were cost effective and which would have made its product less slippery when wet, and which would have prevented injuries such as those sustained by TIMOTHY KANE as described herein;

d) W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield in a hazardous condition in that W.R. GRACE failed to provide adequate instructions for the reasonably safe application and use of Vycor Ice & Water Shield;

e) W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield in a defective and unreasonably dangerous condition by failing to adequately warn TIMOTHY KANE and others like him of the dangers posed by the dangerous slipperiness of Vycor Ice & Water Shield when it is applied and used in its intended manner.

Through the defects described in paragraphs 21(a through 21(e), the aforementioned Vycor Ice & Water Shield, designed, manufactured, distributed and sold by W.R. GRACE was not reasonably fit for the purpose for which it was intended at the time of its design, manufacture, distribution or sale, by W.R. GRACE.

23. Due to the defects described in paragraphs 21(a) through 21(e), Vycor Ice & Water Shield, designed, manufactured, distributed and sold by W.R. GRACE was placed on the market in a defective or inherently dangerous condition.

24. Due to the defects described in paragraphs 21(a) through 21(e), Vycor Ice & Water Shield was unreasonably dangerous because of its design, such that the risk of danger to foreseeable users, such as DISNEY, McENANY ROOFING, A/R/C ASSOCIATES and TIMOTHY KANE, outweighed the benefits of the product

Due to the defects described in paragraphs 21(a through

21(e), W.R. GRACE's Vycor Ice & Water Shield was dangerous beyond the expectation of the ordinary user when applied and used as intended, or in a manner reasonably foreseeable to W.R. GRACE.

26. Due to the defects described in paragraphs 21(a) through 21(e), W.R. GRACE's aforementioned Vycor Ice & Water Shield unreasonably dangerous because a less dangerous alternative design and/or modifications to design were available and economically feasible to W.R. GRACE at the time it designed, manufactured, distributed sold Vycor Ice & Water Shield

27. TIMOTHY KANE was unaware of the defective unreasonably dangerous condition presented by W.R. GRACE's Vycor Ice & Water Shield.

28. W.R. GRACE knew or should have known that its Vycor & Water Shield would be used without inspection for the aforedescribed defects, and by placing it on the market, represented that it would safely do the job for which it was intended.

29. As a direct and proximate result of the defective and unreasonably dangerous condition in which W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield, TIMOTHY KANE was injured in and about his body and extremities, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of income or earning capacity, expense of hospitalization, medical and

nursing care and treatment and aggravation of a previously existing condition. These losses are either permanent and/or continuing in nature and the Plaintiff will continue to suffer them in the future.

WHEREFORE, Plaintiff, TIMOTHY KANE, demands judgment for damages against the Defendant, W.R. GRACE, his costs herein, and further demand trial by jury.

### COUNT II - TIMOTHY KANE'S CLAIM FOR STRICT PRODUCT LIABILITY AGAINST DEFENDANT, McENANY ROOFING

Plaintiff realleges and reavers paragraphs one through twenty of this Amended Complaint as if fully set forth herein

The aforementioned Vycor Ice & Water Shield was distributed and sold by McENANY ROOFING in a defective condition, unreasonably dangerous to foreseeable users such as Plaintiff, TIMOTHY KANE, in that:

> a) Vycor Ice & Water Shield, which is specifically designed to be applied to angled, slanted or gabled roofs in the manner in which it was being applied and used on the Grand Floridian construction project, becomes dangerously slippery when wet;
>
> b) McENANY ROOFING distributed and sold Vycor Ice & Water Shield without providing an adequate warning to its prospective consumers and users of the dangers presented by its tendency to become dangerously slippery when wet;
>
> c) McENANY ROOFING failed to utilize existing state of the art design alternatives which were cost effective and which would have made Vycor Ice &

Water Shield less slippery when wet, and which would have prevented injuries such as those sustained by TIMOTHY KANE as described herein;

d) McENANY ROOFING distributed and sold Vycor Ice & Water Shield in a hazardous condition in that it failed to provide adequate instructions for the reasonably safe application and use of Vycor Ice & Water Shield;

e) McENANY ROOFING distributed and sold Vycor Ice & Water Shield in a defective and unreasonably dangerous condition by failing to adequately warn TIMOTHY KANE and others like him of the dangers posed by the dangerous slipperiness of Vycor Ice & Water Shield when it is applied and used in its intended manner.

31. Through the defects described in paragraphs 30(a) through 30(e), the aforementioned Vycor Ice & Water Shield, distributed and sold by McENANY ROOFING was not reasonably fit for the purpose for which it was intended at the time of its distribution and sale, by McENANY ROOFING.

32. Due to the defects described in paragraphs 30(a) through 30(e), Vycor Ice & Water Shield, distributed and sold by McENANY ROOFING was placed on the market in a defectively or inherently dangerous condition.

33. Due to the defects described in paragraphs 30(a) through 30(e), Vycor Ice & Water Shield was unreasonably dangerous because of its design, such that the risk of danger to foreseeable users, such as

DISNEY, A/R/C ASSOCIATES and TIMOTHY KANE, outweighed the benefits of the product.

Due to the defects described in paragraphs 30(a) through 30(e), Vycor Ice & Water Shield was dangerous beyond the expectation of the ordinary user when applied and used as intended, or in a manner reasonably foreseeable to McENANY ROOFING

35. Due to the defects described in paragraphs 30(a) through 30(e), Vycor Ice & Water Shield was unreasonably dangerous because a less dangerous alternative design and/or modifications to design were available and economically feasible to McENANY ROOFING at the time it distributed and sold Vycor Ice & Water Shield

36. TIMOTHY KANE was unaware of the defective and unreasonably dangerous condition presented by Vycor Ice & Water Shield.

McENANY ROOFING knew or should have known that Vycor Ice & Water Shield would be used without inspection for the aforedescribed defects, and by placing it on the market, distributing and selling it, represented that it would safely do the job for which it was intended.

As a direct and proximate result of the defective and unreasonably dangerous condition in which McENANY ROOFING distributed and sold Vycor Ice & Water Shield, TIMOTHY KANE was injured in and about his body and extremities, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of income or earning capacity,

expense of hospitalization, medical and nursing care and treatment aggravation of a previously existing condition. These losses either permanent and/or continuing in nature and the Plaintiff will continue to suffer them in the future.

WHEREFORE, Plaintiff, TIMOTHY KANE, demands judgment damages against the Defendant, McENANY ROOFING, his costs herein, further demand trial by jury.

### COUNT III - TIMOTHY KANE'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, W.R. GRACE

The Plaintiff readopts and reavers paragraphs one through twenty of this Amended Complaint as if fully set forth herein.

39. At all times material hereto, W.R. GRACE owed a duty to TIMOTHY KANE to design, manufacture, distribute and sell Vycor Ice & Water Shield, and to provide adequate instructions and warnings to be utilized and relied upon by foreseeable users of its product such as DISNEY, McENANY ROOFING, A/R/C/ ASSOCIATES and TIMOTHY KANE, in such a manner that its product, Vycor Ice & Water Shield, would be reasonably safe for its intended use.

40. At all times material hereto, W.R. GRACE breached said duties for the reasons set forth as follows:

> a) Vycor Ice & Water Shield, which is specifically designed to be applied to slanted or gabled roofs in the manner in which it was being used on the Grand

CASE NO. CI-00-6803

Floridian construction project, becomes dangerously slippery when wet;

b) W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield without providing an adequate warning to its prospective owners and users of the dangers presented by its tendency to become extremely slippery when wet;

c) W.R. GRACE failed to utilize existing state of the art design alternatives which were cost effective and which would have made its product less slippery when wet, and which would have prevented injuries, such as those sustained by TIMOTHY KANE as described herein;

d) W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield in a hazardous condition in that W.R. GRACE failed to provide adequate instruction for the reasonably safe application and use of Vycor Ice & Water Shield;

e) W.R. GRACE designed, manufactured, distributed and sold Vycor Ice & Water Shield in a defective and unreasonably condition by failing to adequately warn TIMOTHY KANE and others like him of the dangers posed by the slipperiness of Vycor Ice & Water Shield when it is applied and used in its intended manner.

41. Through the defects described in paragraphs 40(a) through 40(e), the aforementioned Vycor Ice & Water Shield, designed, manufactured, distributed and sold by W.R. GRACE was not reasonably fit for the purpose for which it was intended at the time of its design, manufacture, distribution or sale by W.R. GRACE.

CASE NO. CI-00-6803

Due to the defects described in paragraphs 40(a) through 40(e), Vycor Ice & Water Shield, designed, manufactured, distributed and sold by W.R. GRACE was placed on the market in a defectively or inherently dangerous condition.

43. Due to the defects described in paragraphs 40(a through 40(e), Vycor Ice & Water Shield was unreasonably dangerous because of its design, so that the risk of danger to foreseeable users, such as DISNEY, McENANY ROOFING, A/R/C ASSOCIATES and TIMOTHY KANE, outweighed the benefits of the product.

Due to the defects described in paragraphs 40(a) through 40(e), W.R. GRACE's Vycor Ice & Water Shield was dangerous beyond the expectation of the ordinary user when applied and used as intended, or in a manner reasonably foreseeable to W.R. GRACE.

Due to the defects described in paragraphs 40(a) through 40(e), W.R. GRACE's aforementioned Vycor Ice & Water Shield was unreasonably dangerous because a less dangerous alternative design and/or modifications to design were available and economically feasible to W.R. GRACE

46. At all times material hereto, W.R. GRACE knew, or in the exercise of reasonable care, should have known, that its negligent acts and omissions with respect to the design, manufacture, distribution and sale of Vycor Ice & Water Shield, together with its negligent preparation and distribution of instructions and warnings for the