IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                  :   Chapter 11
                                            Case No. 01-01139 (JJF)
W. R. GRACE & CO., et al.               :
                Debtors.                    Jointly Administered
                                        :

                                        :   Hearing Date: 11/5/01 @ 2:00 p.m.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x   Objection Deadline: 10/29/01 at 4:00 p.m.
```

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE JOINT MOTION OF THE OFFICIAL COMMITTEES OF ASBESTOS PROPERTY DAMAGE CLAIMANTS AND ASBESTOS PERSONAL INJURY CLAIMANTS FOR APPROVAL OF EMPLOYMENT OF COZEN O'CONNOR AND MCKOOL SMITH AS <u>CO-SPECIAL COUNSEL TO THE ASBESTOS COMMITTEES (DOCKET NO. 1009)</u>**

TO THE HONORABLE JOSEPH J. FARNAN JR.,
UNITED STATES DISTRICT COURT JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors Committee"), by its undersigned counsel, submits this Opposition to the Joint Motion By The Official Committees Of Asbestos Property Damage Claimants And Asbestos Personal Injury Claimants (collectively, the "Asbestos Committees"), For Approval Of Employment Of Cozen O'Connor And McKool Smith As Co-Special Counsel To The Asbestos Committees (the "Retention Motion"), and respectfully represents as follows:

1.      In June 2001, the Asbestos Committees filed a joint motion seeking authority to prosecute certain Fraudulent Transfer Claims against, *inter alia*, Sealed Air Corporation and National Medical Care, Inc. on behalf of the Debtors' estates ("Fraudulent Transfer Motion"). The Creditors Committee opposed the Fraudulent Transfer Motion on the ground that an investigation should first be performed before anyone is given the authority to prosecute such claims, in order to determine whether the claims are viable prior to incurring the

expense of litigating these claims.  The Court has scheduled a hearing on the Fraudulent Transfer Motion for November 5, 2001.

      2.     By their Retention Motion, the Asbestos Committees now seek authority to retain the law firms of Cozen O'Connor and McKool Smith (the "Law Firms") as "co-special counsel to prosecute the Fraudulent Transfer Claims." (Retention Motion at 1).  This motion should be denied as premature.  Until such time, if ever, that the Fraudulent Transfer Motion is granted, any decision as to whom should be retained as special counsel to pursue the claims puts the cart before the horse.  Indeed, the Asbestos Committees recognize that they cannot pursue these claims absent Court permission, which is why they sought, *but have yet to receive*, authority form this Court to prosecute the claims.  The present Retention Motion to retain the Law Firms also ignores the fact that should the Fraudulent Transfer Claims be prosecuted, any recovery would be for the benefit of all creditors, not merely the asbestos creditors.  Accordingly, the Creditors Committee, in its opposition to the Fraudulent Transfer Motion, alternatively requested authority to prosecute the claims along with the Asbestos Committees.  If the Court agrees with the Creditors Committee, then the Creditors Committee is entitled to participate in the selection of counsel to pursue those claims.  The Asbestos Committees should not be permitted to freeze the Creditors Committee out of this process before the time that the Court decides whether and, if so, whom should prosecute the Fraudulent Transfer Claims on behalf of the estates.

      3.     The Asbestos Committees speciously argue that because the Law Firms would be retained on a pure contingent fee basis, it "ought assuage any concern that the prosecution of the Fraudulent Transfer Claims will drain resources of the debtors' estate."  Nevertheless, there are still significant costs to the estate relating to this litigation.  As the

Asbestos Committees admit, "the contemplated litigation of the Fraudulent Transfer Claims will be lively, enormously time consuming and promises to engender a substantial investment of resources by the Law Firms." (Retention Motion at 5). The estates will be responsible for the Law Firms' expenses, which promise to be substantial, and certain of the Debtors will certainly be named as defendants and forced to defend the claims. The Debtors are also obligated to defend and indemnify Sealed Air and National Medical Care in connection with such claims. Thus, it is simply disingenuous for the Asbestos Committees to argue that the assets of the debtors' estate will not be drained as a result of this litigation. The costs of this litigation should not be borne by the estates at least until an investigation is done to determine the merits of the proposed litigation.

4. Moreover, without a thorough investigation, it is impossible to evaluate whether the proposed terms of the contingency fee -- which could result, according to the Retention Motion, in a huge fee award to the Law Firms -- are in fact reasonable and in the best interests of the estates. If an investigation concludes that there are valid claims to be asserted, and the reasonably likely recoveries are as high as the Asbestos Committees suggest,[1] then paying a 10-12% contingency fee would be far more expensive to the debtors' estates than simply hiring counsel who will work on an hourly basis. It is simply impossible to make such a determination prior to the completion of an investigation of these claims.

5. It is likewise not appropriate for the Law Firms to investigate the Fraudulent Transfer Claims, to the extent that the Asbestos Committees suggest as much (contrary to the statement on the Retention Motion's first page that the Law Firms are being

---

[1] The Asbestos Committees have previously asserted that the Fraudulent Transfer Claims "may well constitute the most substantial asset of the Debtors' estate" and have argued that billions of dollars were fraudulently transferred from the Debtors estate.

proposed "as co-special counsel to prosecute" those claims). As more fully described in the Creditors Committee's opposition to the Asbestos Committees' Joint Motion to prosecute those claims, the Asbestos Committees are conflicted from performing the necessary pre-action investigation of the claims because they have already taken the position that the Fraudulent Transfer Claims should be prosecuted, and because its members are comprised, in part, of persons and counsel who previously commenced litigation on these claims in other courts. Beyond that, the proposed firm of McKool Smith suffers from this same conflict because it is counsel to plaintiffs in the Abner case, a pre-petition action (now stayed) that asserts the Fraudulent Transfer Claims. Having already invested the time and the money to commence the Abner action, there is absolutely no likelihood that the McKool Smith firm, were it to investigate the claims here, would conclude that the litigation should not be brought.

6. Accordingly, and for the reasons stated in the Creditors Committee's opposition to the Asbestos Committees' Joint Motion for Approval to Prosecute the Fraudulent Transfer Claims, the Creditors Committee respectfully requests that it be authorized to investigate the Fraudulent Transfer Claims and report to its findings and suggestions to the Court and all interested parties in a timely manner. The Creditors Committee further requests, for the reasons set forth above, that the Retention Motion to retain the Law Firms be denied.

WHEREFORE, the Creditors Committee respectfully requests that this Court deny the Motion and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
October 29, 2001

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**

Lewis Kruger
Robert A. Raskin
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York  10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

and

**DUANE, MORRIS & HECKSCHER LLP**

/s/ Michael R. Lastowski
Michael R. Lastowski (DE I.D. No. 3892)
William S. Katchen
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 657-4900
Fax: (302) 657-4901
Email: mlastowski@duanemorris.com

Co-Counsel for the Official Committee
of Unsecured Creditors