IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| AMERICAN REAL ESTATE HOLDINGS, | ) | |
| LIMITED PARTNERSHIP | ) | |
| | ) | Adv. Pro. No. _____ |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., et al., and | ) | |
| CMGI, INC. | ) | |

## COMPLAINT

American Real Estate Holdings, Limited Partnership ("AREH") makes this complaint against W.R. Grace & Co., et al. (the "Debtors") and CMGI, Inc. ("CMGI") (together, the "Defendants"). [1]

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food "N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg Inc., Five Alewife Boston Ltd., G C Limited Partners I. Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II In., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dcarborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Hornco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedico, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street

**Jurisdiction and Venue**

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant 28 U.S.C. §§ 157(b) and 1334(b) because it arises under the Debtors' Chapter 11 reorganization cases pending in this Court.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**The Parties**

4. AREH is a Delaware Limited Partnerhip.

5. The Debtors are each debtors-in-possession in cases under Chapter 11 of Title 11 of the United States Code pending in the United States Bankruptcy Court for the District of Delaware.

6. Upon information, CMGI is corporation duly authorized to do business in the Commonwealth of Massachusetts.

**Factual Background**

7. AREH is the landlord and W.R. Grace & Co., - Conn. ("Grace") is the tenant under a written lease agreement (the "Lease") dated July 22, 1981, for certain real property known as 78 Dragon Court , Woburn, Massachusetts (the "Property").

8. Under a written sublease agreement (the "Sublease") dated July 27, 1999, CMGI, Inc. ("CMGI") as successor-in-interest to iCast Corporation and ZineZone Corporation, subleases the Property.

---

Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coast Company, H-G Coal Company.

2

9. By motion dated May 24, 2001, the Debtors requested that the Court extend the statutory sixty-day period set forth in Section 365(d)(4) of the Bankruptcy Code for assumption or rejection of leases of non-residential real property for an additional eight months, to February 1, 2002 (the "Extension Motion"). Annexed to the Extension Motion was a proposed order (the "Proposed Order") granting the relief sought in the Extension Motion. .

10. AREH received notice of the Extension Motion, which informed AREH that if no objections were filed, the Court might grant the relief sought therein without further notice or hearing. Because AREH did not oppose the relief in the Extension Motion it did not file an objection to the Extension Motion.

11. CMGI, however, did file an objection (the "CMGI Objection"), dated June 13, 2001, alleging that such an extension would unduly prejudice it. CMGI claimed that the uncertainty engendered by the delay would impede its ability to assign its interest in the Sublease. AREH was not provided with notice of the CMGI Objection, as CMGI admits in its filed certificate of service.

12. Sometime during the week of June 18, 2001 (but prior to June 22), Alan D. Reese, a Vice President of AREH, was contacted by telephone by Eric Keyes and Thomas Moore, of CRF Partners ("CRF"), a broker retained by CMGI's predecessor to represent CMGI in an effort to negotiate a release of obligations under the Sublease, including the duty to attorn to AREH in the event the Lease was terminated. During that conversation, Reese told Keyes and Moore that AREH would not release CMGI from its obligations under the Sublease. In other words, AREH intended to enforce its attornment rights under the Sublease in the event the Lease was rejected.

3

13. Keyes and Moore reiterated their position in a letter dated June 22, 2001 – <u>after</u> the Court had approved the June 22 Order – asking that AREH release CMGI in exchange for a payment of $150,000. Keyes and Moore admitted that CMGI no longer had any need for the space and wanted to shed the liability. Failing agreement on the waiver, Keyes and Moore concluded that CMGI subtenant would continue its efforts to market the Sublease. No mention was made of the need for certainty or of the motion practice in this Court. Reese responded to the letter with a telephone call on or about June 25, 2001, once again making clear that AREH would not waive its rights. During the call, neither Keyes nor Moore mentioned that this Court had entered an order that could vitiate those rights

14. Apparently, the CMGI Objection was resolved between CMGI and Grace by agreement. Thus, at a hearing on June 21, 2001, those two parties submitted a proposed order to this Court that differed from the Proposed Order previously served on interested parties, including AREH. The additional language is:

> ORDERED that, unless otherwise agreed among the Debtors, American Property Investors XI ("American") [2] and CMGI, Inc. ("CMGI"), with respect to the Unexpired Lease between the Debtors and American dated July 22, 1981 (the "Overlease"): (i) the Debtors must file a motion (the "Assumption Motion") requesting the authority of the Court to assume, assume and assign or reject the Overlease on or before October 1, 2001; (ii) in the event the Debtors elect not to file the Assumption Motion as of October 1, 2001, the Unexpired Lease by and between the Debtors and CMGI, dated July 27, 1999 (the "Sublease"), shall be deemed rejected effective as of October 1, 2001; or (iii) in the event the Debtors file the Assumption Motion on or before October 1, 2001, but the Assumption Motion is denied by the Court, the Sublease shall be deemed rejected as of the date the Court denies the Assumption Motion . . .

---

[2] The predecessor to AREH

4

AREH not only was uninvolved the negotiation of this provision, it was totally unaware of it.

15. The revised Order, including the above provision, was submitted to the Court at a hearing held on June 21, 2001. Despite the fact that the June 22 Order has a direct and material effect on AREH's rights – so much so that AREH is even referenced in the June 22 Order – neither the Debtors nor CMGI provided AREH with any notice of the June 22 Order, either before or after it was entered.

16. The Debtors filed and served a motion dated August 28, 2001, seeking authority to assume and assign the Lease and Sublease to Atlantic Boston Construction, Inc. ("ABC") (the "Assumption and Assignment Motion"). AREH filed and served an objection, dated September 14, 2001, on the ground, *inter alia*, that assignment to ABC is improper because the Debtors failed to provide adequate assurance of ABC's ability to perform, as mandated by Section 365(b)(1)(C) of the Bankruptcy Code as a condition to assumption and assignment of the Lease. A hearing to consider the Assumption and Assignment Motion is scheduled for November 5, 2001, at 2:00 P.M..

17. In the course of discussions during the first week of October 2001, among the Debtors and AREH, regarding AREH's objection to the Assumption and Assignment Motion, AREH learned for the first time of the CMGI Objection and the June 22 Order. A copy of the June 22 Order was sent to AREH by the Debtors' counsel by facsimile transmission October 3, 2001.

18. AREH, by its counsel, sent a letter dated October 5, 2001, to counsel for the Debtors and CMGI complaining of the failure to provide AREH with notice of the CMGI Objection and the June 22 Order and demanding that the Debtors and CMGI acknowledge

5

CMGI's duty to attorn to AREH.  AREH received no response from CMGI.  Though it did receive a response from the Debtors' counsel date October 10, 2001, that response declined to honor AREH's demand.

## FIRST CAUSE OF ACTION
### (Injunctive Relief Pursuant to Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065 and 11 U.S.C. § 105(a))

19.     AREH repeats and realleges the averments contained in paragraphs 1 through 18 of this Complaint.

20.     CMGI's failure to provide notice of the CMGI Objection violated the notice requirements of Local Bankruptcy Rule 2002-1.

21.     The failure to provide notice of the CMGI Objection to AREH violated AREH's right to due process under the Fifth Amendment to the Constitution.

22.     A direct consequence of this denial of AREH's right to due process is that, pursuant to the June 22 Order, the Sublease will arguably terminate automatically in advance of any termination of the Lease.

23.     If the Sublease terminates prior to a termination of the Lease, AREH's contractual right to demand that CMGI attorn to AREH and become a prime tenant with respect to the Property will cease to exist.

24.     AREH's attornment rights are important property rights.  If AREH's right to demand that CMGI attorn to it ceases to exist, AREH will suffer immediate and irreparable harm by reason of the inability to charge and collect rent for the portion of the Property occupied by CMGI pursuant to the Lease.

25.     By reason of the foregoing, AREH is entitled to injunctive relief pursuant to Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065, 11 U.S.C. § 105(a), and the due process clause of

6

the Fifth Amendment to the United States Constitution, enjoining enforcement of the June 22 Order as it affects the AREH's right to demand that CMGI attorn to it.

## SECOND CAUSE OF ACTION
**(Injunctive Relief Pursuant to Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065 and 11 U.S.C. § 105(a))**

26. AREH repeats and realleges the averments contained in paragraphs 1 through 25 of this Complaint.

27. The Debtors' failure to provide notice to AREH of the June 22 Order violated the notice requirements of Fed. R. Bankr. P. 9019(a).

28. The failure to provide notice of the CMGI Objection to AREH violated AREH's right to due process under the Fifth Amendment to the Constitution.

29. A direct consequence of this denial of AREH's right to due process is that, pursuant to the June 22 Order, the Sublease will arguably terminate automatically in advance of any termination of the Lease.

30. If the Sublease terminates prior to a termination of the Lease, AREH's contractual right to demand that CMGI attorn to AREH and become a prime tenant with respect to the Property will cease to exist.

31. If AREH's right to demand that CMGI attorn to it ceases to exist, AREH will suffer immediate and irreparable harm by reason of the inability to charge and collect rent for the portion of the Property occupied by CMGI pursuant to the Lease.

32. By reason of the foregoing, AREH is entitled to injunctive relief pursuant to Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065 and 11 U.S.C. § 105(a) and the due process clause of the Fifth Amendment to the Constitution enjoining enforcement of the June 22 Order.

7

## THIRD CAUSE OF ACTION
### (Vacatur Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 7024)

33. AREH repeats and realleges the averments contained in paragraphs 1 through 32 of this Complaint.

34. CMGI's failure to provide AREH with notice of the CMGI Objection in accordance with Local Rule 2002-1 was the product of fraud, misrepresentation or other misconduct by CMGI.

35. CMGI's failure to provide AREH with notice of the CMGI Objection in accordance with Local Rule 2002-1 excuses AREH from any failure to interpose a timely response or reply to the CMGI Objection and to attend the hearing on the matter.

36. If AREH had interposed a timely response or reply to the CMGI Objection, or attended the hearing, there is strong likelihood that the June 22 Order would not have been presented and signed in its present form.

37. By reason of the foregoing, AREH is entitled to an order pursuant to Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 7024, and the due process clause of the Fifth Amendment to the Constitution, vacating the June 22 Order.

## FOURTH CAUSE OF ACTION
### (Vacatur Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 7024)

38. AREH repeats and realleges the averments contained in paragraphs 1 through 37 of this Complaint.

39. The Debtors' failure to provide AREH with notice of the June 22 Order in accordance with Fed. R. Bankr. P 9019(a) was the product of fraud, misrepresentation or other misconduct by the Debtors and CMGI.

40. The Debtors' failure to provide AREH with notice of the June 22 Order in accordance with Fed. R. Bankr. P. 9019(a) excuses AREH from any failure to interpose a timely response or objection to the June 22 Order and to attend the hearing on the matter.

41. If AREH had interposed a timely response or objection to the June 22 Order, or attended the hearing, there is strong likelihood that the June 22 Order would not have been presented and signed in its present form.

42. By reason of the foregoing, AREH is entitled to an order pursuant to Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 7024, and the due process clause of the Fifth Amendment to the Constitution, vacating the June 22 Order.

SL1 211336v1/11178.001

**WHEREFORE**, AREH requests entry of an order (i) temporarily, preliminarily, and permanently enjoining enforcement of the June 22 Order, pursuant to Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065, 11 U.S.C. § 105(a), and the due process clause of the Fifth Amendment to the Constitution, and (ii) vacating the June 22 Order pursuant to Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 7024 and the due process clause of the Fifth Amendment to the Constitution.

Dated: October 30, 2001

        KIRKPATRICK & LOCKHART, LLP
        Robert N. Michaelson
        Eugene R. Licker
        1251 Avenue of the Americas
        New York, New York 10021
        (212) 536-4098
            and

        STEVENS & LEE, P.C.


        By  /s/ Joseph Grey_____
        Joseph Grey (I.D. No. 2358)
        300 Delaware Avenue, Suite 800
        Wilmington, Delaware 19801
        (302) 654-5180
        Facsimile: (302) 654-5181
        E-mail: jg@stevenslee.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| AMERICAN REAL ESTATE HOLDINGS, | ) | |
| LIMITED PARTNERSHIP | ) | |
| | ) | Adv. Pro. No. _____ |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., et al., and | ) | |
| CMGI, INC. | ) | |

## SUMMONS AND NOTICE

YOU ARE SUMMONED and required to file a response to the attached complaint on or before _____, except that the United States or an officer or agency thereof shall file a response to the complaints on or before _____. The response shall be filed with the United States Bankruptcy Court, 824 Market Street, 5th Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon plaintiff's attorney:

>  Stevens & Lee, P.C.
>  Joseph Grey, Esquire
>  Thomas G. Whalen, Jr., Esquire
>  300 Delaware Avenue, Suite 800
>  Wilmington, DE 19801

YOU ARE NOTIFIED that a PRE-TRIAL CONFERENCE will be held on _____, at __ _.m. in the United States Bankruptcy Court, 824 Market Street 6th Floor, Courtroom # __, Wilmington, Delaware 19801.

YOU ARE FURTHER NOTIFIED that a TRIAL will be held on _____ at ___ _.m. in the United States Bankruptcy Court, 824 Market Street, 6th Floor, Courtroom # ___, Wilmington Delaware 19801.

FAILURE TO RESPOND TO THE SUMMONS MAY RESULT IN THE ENTRY OF A DEFAULT JUDGMENT AND AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

CLERK OF THE BANKRUPTCY COURT

11

12

_____        By:_____
         Date                                    Deputy Clerk

SL1 211336v1/11178.001

| **RETURN OF SERVICE** ||
|---|---|
| Service of the Summons and Complaint was made by me [3] | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| Check one box below to indicate appropriate method of service ||

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and decision than reside therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other (specify): _____
_____
_____

| **STATEMENT OF SERVICE FEES** |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                       Date                                          Signature of Server

                                                            _____

---

[3]     As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

|  | Address of Server |
|---|---|

14