# Exhibit A

**W. R. Grace & Co., et al.**
**District of Delaware, Bankruptcy Case No. 01-1139**
**Report on *De Minimis* Settlements as of October 30, 2001**

<u>Part I</u> – Settlements with a value of less than $1,000,000, but greater than $50,000

| Debtor: | Settling Party: | Description of Settlement: |
|---|---|---|
| W. R. Grace & Co.-Conn. ("Grace-Conn") | State of New York Department of Taxation and Finance Capital Region Office One Broadway Center Schenectady, N.Y. 12305-2534 | This matter involves an assessment of income tax against Grace-Conn by the State of New York in the amount of $635,071. The assessment relates to interest payments made by Grace Cocoa Associates LP, a partnership of Grace-Conn which was dissolved by the Debtors in 1998 ("Grace Cocoa"), arising from certain intercompany debt owed to Grace-Conn by Grace Cocoa. The interest payments were made between the dates of January 1, 1994 through September 23, 1996. New York law exempts from state taxation income derived from "subsidiary capital" and Grace-Conn has demonstrated to the state taxing authorities that the Grace Cocoa interest payments to Grace-Conn meet the criteria of "subsidiary capital." Accordingly, the State of New York has agreed to reduce Grace-Conn's income tax assessment from $635,071 to $110,794, or a savings of $524,277. The revised assessment also waives the imposition of tax related penalties. These taxes may be entitled to priority status in accordance with section 507(a)(8) of the Bankruptcy Code. |
| Gloucester New Communities Co., Inc. ("Gloucester") | Del Monte Corp., et al. Federal District Court for the District of New Jersey Civil Action No. 98cv2293 | This case relates to a lawsuit filed by Gloucester against certain former operators, generators and transporters (collectively, the "Defendants") of waste relating to a landfill owned by Gloucester. Gloucester filed this action seeking contribution from the Defendants for the past and future costs associated with the cleanup of the site. The landfill itself operated from 1959 through 1975 and was purchased by Gloucester in 1973. Gloucester deposited construction debris into the landfill during its operation of the site from 1973 to 1975. In the late 1990's, Gloucester, with the approval of the New Jersey Department of Environmental Protection ("NJDEP"), began the remediation process of the landfill. In June, 2000, the NJDEP issued a conditional closure of the landfill based upon Gloucester's remediation actions taken through that time. To date, Gloucester has incurred costs of approximately $1.5 Million related to the cleanup. It is anticipated that the NJDEP will render its final approval and closure of the landfill, indicating that the remediation of the site is complete, some time during the first quarter of 2002.<br><br>In 1998, Gloucester filed this action against the Defendants to recover its past and future remediation costs. In an effort to resolve the litigation, the Defendants have agreed to reimburse Gloucester for $937,500 of its costs. Gloucester estimates that these sums are more than sufficient to complete the remediation of the landfill. Accordingly, the Debtors' will receive $937,500 when this settlement becomes final. |

**Part II** – **Settlements with a value of $50,000 or less.**

| Debtor: | Settling Party: | Description of Settlement: |
|---|---|---|
| W. R. Grace & Co. ("Grace") | State of California Department of Toxic Substances Control ("DTSC") and sixty-four entities alleged to be Potentially Responsible Parties. | This matter involves resolution of claims by the State of California brought under the Federal Superfund law, 42 U.S.C. §§ 9601 et seq., in connection with the Bay Area Drum Property located at 1212 Thomas Avenue, San Francisco, California. The State sought injunctive relief for future clean-up of the site and reimbursement of approximately $4,200,000 in response costs. In order to resolve this matter without the costs of litigation and without the admission or adjudication of any issue of fact or law, Grace entered into an Internal Cash-out and Indemnity Agreement Between and Amongst Certain Members of the Bay Area Drum Ad Hoc PRP Group and also into a Settlement Agreement and Consent Decree between members of the Bay Area Drum Ad Hoc PRP Group and the DTSC in March of 2001. The Consent Decree was approved by the U.S. District Court for the Northern District of California on July 18, 2001. These agreements resolve responsibility for future remedial actions at the site and for agency response costs and Grace's allocated prepetition allowed share of the costs is $39,225.00. In addition, under the settlement, Grace does not have any additional clean-up obligations or costs, including, without limitation, removal of soils, enhancement of groundwater natural biological degradation, preparation of an Implementation Report and long-term groundwater monitoring. Accordingly, the Debtors believe that this resolution is fair and reasonable. |
| Grace | United States Environmental Protection Agency, ("EPA"), and Bray Terminals, Inc; International CMP Industries, Ltd.; Crane & Company, Inc.; Daniel Green Co.; Farrell Oil Co., Inc.; E+E (US) Inc., Kramer Chemicals Division; General Electric company; Hasbro, Inc.; Heritage Energy Co.; Mirabito Fuel Group; Monsey Products Co.; Saint-Gobain Performance Plastics (Formerly Norton Performance Plastics Corp.); Tumble Forms, Inc.; and U.S. Department of the Army, (collectively, with Grace, the "Settling Parties"). | This matter resolves action by the EPA in connection with the Bel-Fab Manufacturing Corp. Superfund Site in Halfmoon, New York. The EPA sought to recover past and projected response costs of up to $500,000 for work at this Superfund Site and the parties, in order to resolve the matter without litigation and without the admission or adjudication of any issue of fact or law, entered into an agreement to resolve this matter for the sum of $108,190.67, of which Grace's share was $3,926.60, or approximately 3.6% of the total claim. This sum was paid by the Debtors in the ordinary course of business. As an element of this settlement, the EPA agreed not to file suit against the Settling Parties for past response costs, and further agreed that the Settling Parties are entitled to contribution protection under the agreement. Grace does not have any continuing obligations under this settlement. Accordingly, the Debtors believe that this resolution is fair and reasonable. |