# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JJF) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |

## ORDER FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES OF REED SMITH LLP AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 2, 2001 THROUGH SEPTEMBER 30, 2001

Upon the application (the "First Quarterly Fee Application")[2] of the Debtors seeking the entry of an order allowing it (i) compensation in the amount of $286,500.00 for the reasonable and necessary legal services Reed Smith has rendered to the Debtors and (ii)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the First Quarterly Fee Application.

reimbursement for the actual and necessary expenses that Reed Smith incurred in the amount of $11,376.69, as Special Asbestos Products Liability Defense Counsel for the Fee Period from April 2, 2001, through September 30, 2001; and it appearing that the Court has jurisdiction to consider the First Quarterly Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this First Quarterly Fee Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the First Quarterly Fee Application having been given; and it appearing that the relief requested in the First Quarterly Fee Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the First Quarterly Fee Application is granted in its entirety on an interim basis; and it is further

ORDERED that, for the Fee Period April 2, 2001, through September 30, 2001, an administrative allowance shall be made to Reed Smith in the sum of $286,500.00, as compensation for reasonable and necessary professional services rendered to the Debtors; and it is further

ORDERED that, for the Fee Period April 2, 2001, through September 30, 2001, an administrative allowance shall be made to Reed Smith in the sum of $11,376.69 for reimbursement of actual and necessary costs and expenses incurred; and it is further

ORDERED that the Debtors be authorized and directed to pay to Reed Smith the outstanding amount of such sums as described above, less any amounts previously paid to Reed

Smith pursuant to the Applications and the procedures set forth in the Interim Compensation Order; and it is further

ORDERED that Reed Smith has the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the April through September 2001 period that are not otherwise included in the relevant Applications; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
_____, 2001

_____
Joseph J. Farnan, Jr.
United States District Court Judge