## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### APPLICATION FOR AN ORDER PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION NUNC PRO TUNC OF KLETT ROONEY LIEBER & SCHORLING, A PROFESSIONAL CORPORATION, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS

The Official Committee of Equity Holders (the "Equity Committee") of the above-captioned debtor (the "Debtors"), hereby submits this Application For An Order Pursuant To Section 1103(a) Of The Bankruptcy Code Authorizing The Employment And Retention Nunc Pro Tunc Of Klett Rooney Lieber & Schorling, A Professional Corporation, As Co-Counsel To the Official Committee of Equity Holders (the "Application"). In support of this Application, the Equity Committee respectfully represents as follows:

### Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed with this Court their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2. The Debtors continue to operate its businesses and manage its properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On June 18, 2001, the United States Trustee (the "UST") appointed the Equity Committee. On July 18, 2001, the Equity Committee met and selected the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as its bankruptcy counsel.

4. Subsequently, Kramer Levin and the Equity Committee selected Klett Rooney Lieber& Schorling as the Committee's Delaware co-counsel. Klett Rooney seeks approval of its retention as of October 26, 2001 (the "Retention Date").

5. As of the Retention Date, Teresa K.D. Currier, Esquire, a shareholder of Klett Rooney, together with attorneys from Kramer Levin, participated in representing the Equity Committee.

### Jurisdiction and Venue

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and this Application is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for this Application is 11 U.S.C. § 1103(a).

### Relief Requested

7. By this Application, the Equity Committee seeks to employ and retain Klett Rooney as its Delaware co-counsel nunc pro tunc to the Retention Date. The Equity Committee seeks to retain Klett Rooney as co-counsel because of Klett Rooney's expertise and extensive knowledge of debtor and creditor representation under the Bankruptcy Code, its frequent practice before this Court and other courts, and its extensive experience representing parties-in-interest in bankruptcy proceedings. The Equity Committee also believes that Klett Rooney is well qualified to represent it in these jointly-administered Chapter 11 cases.

8. The Equity Committee believes that it would be most efficient and in the best interest of the Debtors' estates that Klett Rooney be retained nunc pro tunc from the Retention Date, pursuant to Section 1103(a) of the Bankruptcy Code, as co-counsel to perform the legal services that will be necessary during the pendency of these jointly-administered chapter 11 cases.

9. Klett Rooney will provide various legal services to the Equity Committee in its role as co-counsel, including without limitation the following:

(a) Render legal advice with respect to the powers and duties of the Equity Committee and the other participants in the Debtors' cases;

(b) Assist the Equity Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and any other matter relevant to the Debtors' cases, as and to the extent such matters may affect the Debtors' creditors;

(c) Participate in negotiations with parties-in-interest with respect to any disposition of the Debtors' assets, plan of reorganization and disclosure statement in connection with such plan, and otherwise protect and promote the interests of the Debtors' creditors;

(d) Prepare all necessary applications, motions, answers, orders, reports and papers on behalf of the Equity Committee, and appear on behalf of the Equity Committee at court hearings as necessary and appropriate in connection with the Debtors' cases;

(e) Render legal advice and perform general legal services in connection with the foregoing; and

(f) Perform other necessary legal services in connection with these chapter 11 cases.

10. Klett Rooney has indicated a willingness to act on the Equity Committee's behalf in the capacities designated above.

11. It is necessary and essential that the Equity Committee, in order to perform faithfully its duties under the Bankruptcy Code, employ and retain Klett Rooney to render the foregoing professional services.

12. Subject to this Court's approval, Klett Rooney will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered.

13. The attorneys who will primarily represent the Equity Committee and their standard hourly rates as of October 26, 2001 will be: (a) Teresa K.D. Currier, Shareholder, $395.00 per hour; and (b) Kathleen P. Makowski, Associate, $190 per hour. Such standard hourly rates are subject to adjustment generally from time to time, as determined by Klett Rooney management. Other attorneys and support staff may provide services to the Equity Committee in connection with these bankruptcy proceedings, within the following ranges: for shareholders, from $310 to $470 per hour; for associates, from $140 to $270 per hour; and for paralegals, from $65 to $100 per hour.

14. In addition to seeking payment for such hourly charges, Klett Rooney will charge for all expenses actually incurred on behalf of the Equity Committee, consistent with its normal practices. These expenses and charges include: telephone charges, mail and express mail charges, facsimile charges, hand delivery and other delivery charges, travel expenses, computerized research, transcription costs, document processing, photocopying charges, and other expenses such as secretarial overtime.

15. To the best of the Equity Committee's knowledge, and except as disclosed herein and in the attached Affidavit of Teresa K.D. Currier, Esquire (the "Affidavit"), Klett Rooney has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

16. To the best of the Equity Committee's knowledge, and except as otherwise disclosed in the attached Affidavit, Klett Rooney does not hold or represent any interest adverse to the Equity Committee or the Debtors' estates, is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, and such employment is necessary and in the best interests of the Equity Committee and the Debtors and their estates.

17. Notice of this Application has been given to the United States Trustee and to all entities that have filed a request for service of pleadings in these jointly-administered cases. The Equity Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein need be given.

18. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Equity Committee respectfully requests the entry of an Order, in the form attached herewith, (i) authorizing the retention of Klett Rooney to represent the Equity Committee in this chapter 11 case, and (ii) granting the Equity Committee such other and further relief as is just and proper.

Dated: October 24, 2001

By: _____
Ted Weschler, Chair
Official Committee of Equity Holders