IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| W.R. GRACE & CO., et al. | ) | |
| | ) | |
| Debtors. | ) | Bk. No.  1:01-01139 |
| | ) | Jointly administered |
| | ) | |
| | ) | Chapter 11 |
| | ) | **Hearing:         January 3, 2002 at 9:30** |
| | ) | **Responses Due:  December 6, 2001.** |

**MOTION OF THE UNITED STATES INTERNAL REVENUE
SERVICE FOR RELIEF FROM THE AUTOMATIC STAY**

The United States Internal Revenue Service (United States), through undersigned counsel, moves this Court for relief from the automatic stay imposed under 11 U.S.C. § 362 to allow CCHP, Inc. (CCHP), a subsidiary of the consolidated debtor W.R. Grace & Co., and the United States to continue pre-petition litigation commenced in the Court of Federal Claims.  CCHP does not oppose this motion.

**INTRODUCTION**

1.    <u>CCHP, Inc. v. United States</u>, Fed. Cl. 99-158 T, is an action brought in the Court of Federal Claims in which CCHP seeks a refund of Federal Insurance Contributions Act (FICA) taxes and federal income tax withholding (FITW) taxes. (Declaration of George R. Stewart "Stewart Decl." ¶¶ 2-4.)

2.    CCHP is seeking a tax refund of $3,797.74.  The United States has counterclaimed for $21,807,996.56, which represents the unpaid assessed taxes and interest.  The United States' counterclaim involves the same factual and legal issues raised in CCHP's refund claim.  (Stewart Decl. ¶ 3.)

3. CCHP is an employment agency which places nurses around the country in temporary assignments. About 10,000 nurses were employed by the company during the quarters at issue, with over 13,000 separate assignments. The main issue in the case deals with whether CCHP should have withheld FICA and FITW for certain expense allowances that it gave to the nurses. The secondary issues are (1) whether in-kind lodging CCHP provided its employees constituted a working condition fringe benefit within the meaning of 26 U.S.C. § 132(a), and (2) whether CCHP had legally sufficient notice of its obligation to withhold FICA and federal income tax in these circumstances. (Stewart Decl. ¶ 4.)

4. At the time the bankruptcy action commenced, the action in the Court of Federal Claims was well-advanced. Extensive discovery had been conducted and counsel for the parties were working to prepare a factual stipulation for the purposes of moving for summary judgment. (Stewart Decl. ¶ 5.)

**BASIS FOR RELIEF**

5. Once a debtor files a bankruptcy petition, section 362(a) of the Bankruptcy Code operates to stay the continuation of all judicial proceedings against the debtor. The court may, however, lift the automatic stay for cause.[1] "Cause" is determined on a case-by-case basis.[2]

6. Courts weigh a variety of factors in considering cause for relief from stay. These include: (1) whether relief would result in a partial or complete resolution of the issues[3]; (2) lack of any connection

---

[1] 11 U.S.C. § 362(d).

[2] Trident Assocs. v. Metropolitan Life Ins. Co., 52 F.3d 127 (6th Cir.1995).

[3] In re Sonnax Industries, Inc., 907 F.2d 1280, 1286,(2nd Cir. 1990); In re Curtis, 40 B.R. 795 (Bankr.D.Utah 1984).

with or interference with the bankruptcy case; (3) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action[4]; (4) the interests of judicial economy and the expeditious and economical resolution of litigation.[5]   Here, all four factors favor lifting the stay.

7.      First, lifting the stay results in a complete resolution of the issues.  The Court of Federal Claims litigation involves CCHP's refund action and the United States' counterclaim.  Though both actions have the same legal and factual issues, only the United States' counterclaim is subject to the automatic stay.  Thus, lifting the automatic stay will completely resolve in a single proceeding issues which would, in any event, be addressed in CCHP's refund action.

8.      Second, the Court of Federal Claims' litigation will not interfere with the bankruptcy case.  The issues raised are exclusive to CCHP and would not otherwise arise in the bankruptcy action. Moreover, the Court of Federal Claims litigation has already significantly progressed.  Staying that litigation now will likely result in litigation of the United States' counterclaim in this bankruptcy case and an unnecessary duplication of discovery and briefing that has already occurred or will occur in the Court of Federal Claims.

9.      Third, the Court of Federal Claims in an appropriate forum for resolution of the litigation.  It has concurrent jurisdiction with federal district courts over tax refund claims, and has extensive experience with tax refund claims.

---

[4] In re Sonnax Industries, Inc., 907 F.2d at 1286; In re Johnson, 115 B.R. 634, 636 (D.Minn. 1989) (citing In re Lahman Manufacturing Co., Inc., 31 B.R. 195, 198 (Bankr. D.S.D. 1983)).

[5] In re Holtkamp, 669 F.2d 505, 507 (7th Cir.1982).  In re Curtis, 40 B.R. 795.

10.     Finally, lifting the stay is in the interest of expeditious resolution of the litigation.  Indeed, the parties anticipate agreeing upon a stipulation of fact and submitting the case on cross-motions for summary judgment in the near future.

CONCLUSION

For the forgoing reasons, the United States respectfully requests that this court grant its motion for relief from stay.

DATE: October 23, 2001

>Respectfully Submitted,
>
>COLM F. CONNOLLY
>United States Attorney
>
>By:  /s/ Christopher J. Kayser
>CHRISTOPHER J. KAYSER
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>P.O. Box 227
>Washington, D.C.  20044
>Telephone:  (202) 307-6555
>
>Attorneys for the United States
>Internal Revenue Service

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| W.R. GRACE & CO., et al. | ) | |
| | ) | |
| Debtors. | ) | Bk. No.  1:01-01139 |
| | ) | Jointly administered |
| | ) | |
| | ) | Chapter 11 |

**ORDER VACATING THE STAY**
**PURSUANT TO 11 U.S.C. SECTION 362**

After consideration of the Motion of the United States for Relief from the Automatic Stay, and for good cause shown, the Court concludes that cause to lift the stay exists and that the Motion ought to be granted.  Accordingly, it is this _____ day of _____, 2001,

ORDERED that the automatic stay imposed under 11 U.S.C. § 362 is lifted so that the Court of Federal Claims case <u>CCHP, Inc. v. United States</u>, Fed. Cl. 99-158 T.

_____
United States Bankruptcy Court Judge