## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

Chapter 11

**W.R. Grace & Co., et al.**

Case No. 01-01139 (JJF)

Debtors.

Jointly Administered

## SECOND QUARTERLY INTERIM APPLICATION OF
## STROOCK & STROOCK & LAVAN LLP
## FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
## <u>FROM JULY 1, 2001 THROUGH SEPTEMBER 30, 2001</u>

Name of Applicant

**Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to:

**Official Committee of Unsecured Creditors**

Date of Retention:

**April 12, 2001**

Period for which compensation and
reimbursement is sought

**July 1, 2001 – September 30, 2001**

Amount of Compensation sought as
actual, reasonable and necessary:

**$204,923.50**

Amount of Expense Reimbursement sought
as actual reasonable and necessary:

**$15,015.57**

This is an: ☒ interim  ☐ final application

This is the second quarterly application filed

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**Attachment A**

## Monthly Interim Fee Applications

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |

## Quarterly Fee Applications

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318..00 | As of the date of this Application the hearing to approve compensation has not been determined | |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**W. R. GRACE  COMPANY**
**ATTACHMENT B**
**JULY THROUGH SEPTEMBER 30, 2001**

| Summary of Hours | Hours | Rate | Amount | # of Years Position |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| | | | | |
| Greenberg, Mayer | 1.0 | 500.00 | 500.00 | 2 |
| Kruger, Lewis | 5.7 | 650.00 | 3,705.00 | 36 |
| Levy, Mark | 13.3 | 615.00 | 8,179.50 | 27 |
| Pasquale, Kenneth | 29.9 | 475.00 | 14,202.50 | 2 |
| Raskin, Robert | 42.6 | 550.00 | 23,430.00 | 8 |
| | | | | |
| **ASSOCIATES** | | | | |
| | | | | |
| Krieger, Arlene | 244.6 | 425.00 | 103,955.00 | 17 |
| Sasson, Moshe | 38.2 | 360.00 | 13,752.00 | 7 |
| Taruschio Anna | 109.1 | 245.00 | 26,729.50 | 3 |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| | | | | |
| Defreitas, Vaughn | | | | |
| Gomelskaya, Irina | 17.1 | 100.00 | 1,710.00 | 10 |
| Serrette, Rosemarie | 14.8 | 150.00 | 2,220.00 | 1 |
| | 59.9 | 150.00 | 8,985.00 | 13 |
| **Sub-Total** | | | | |
| | 576.2 | | 207,368.50 | |
| **Less 50% Travel** | | | | |
| | | | | |
| Krieger, Arlene -Associate | (2.4) | 425.00 | (1,020.00) | |
| Pasquale, Kenneth -Partner | (3.0) | 475.00 | (1,425.00) | |
| | | | | |
| **Total** | **570.8** | | **204,923.50** | |
| | **Blended Rate** | **406.48** | | |

**W R GRACE & COMPANY**
**SUMMARY OF DISBURSEMENTS**
**JULY THROUGH SEPTEMBER 30, 2001**

**Bill Disbursement Summary**

| | |
|---|---:|
| Duplicating Costs-in House | 1,546.40 |
| Duplicating Costs-Outside | 10.00 |
| Facsimile Charges | 358.00 |
| Lexis/Nexis | 8,324.82 |
| Local Transportation | 885.32 |
| Long Distance Telephone | 1,635.56 |
| Meals | 68.16 |
| O/S Information Services | 163.45 |
| Outside Messenger Service | 266.00 |
| Overtime | 240.00 |
| Postage | 10.29 |
| Process Service & Calendar Watch | 2.50 |
| Travel Expenses - Transportation | 679.00 |
| Westlaw | 508.07 |
| Word Processing | 18.00 |
| Word Processing - Logit | 300.00 |
| **Total Disbursements** | **$    15,015.57** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] , | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: To Be Determined |
| | ) | Hearing Date: To Be Determined |

**SECOND QUARTERLY INTERIM APPLICATION OF STROOCK &
STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENTOF EXPENSES AS COUNSEL TO
THE COMMITTEE OF UNSECURED CREDITORS OF
W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD
FROM JULY 1, 2001 THROUGH SEPTEMBER 30, 2001**

Pursuant to sections 1103, 330 and 331 of title 11 of the United States Code (as amended,

the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Professionals and Official Committee Members (the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a
Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.
R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc.; Gracoal II, Inc., Guanica-Caribe
Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Administrative Fee Order") and Del. Bankr. LR 2016-2, Stroock & Stroock & Lavan LLP

("Stroock"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of

W.R. Grace & Co. and its sixty-one domestic subsidiaries and affiliates that are debtors and

debtors-in-possession in this Court (the "Debtors"), hereby applies for an order allowing it (i)

compensation in the amount of $204,923.50 for professional services rendered by Stroock as

counsel for the Committee and (ii) reimbursement for the actual and necessary expenses incurred

by Stroock in rendering such services in the amount of $15,015.57 (the "Second Quarterly Fee

Application"), in each case for the interim quarterly period from July 1, 2001 through and

including September 30, 2001 (the "Second Fee Period"). In support of this Application,

Stroock respectfully states as follows:

## Background

1.     On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

2.     The Debtors operate a worldwide specialty chemicals and materials

business and employ approximately 3860 full and part-time employees. On a consolidated basis,

for the fiscal year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net

revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated

---

[2]     The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors'
non-debtor subsidiaries and affiliates.

      3.      On April 12, 2001, the United States Trustee formed the Committee.
During the first meeting of the Committee on April 12, 2001, the Committee duly selected
Stroock as its counsel to represent the Committee in all matters during the pendency of the
Debtors' Chapter 11 cases.  The Committee thereafter approved the retention of Duane, Morris
& Heckscher LLP ("DM&H") as its local Delaware counsel.

      4.      The United States Trustee also appointed two separate official committees
to represent the interests of claimants asserting asbestos-related personal injury claims and
asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim
Committees").  On June 18, 2001, the United States Trustee appointed an official committee to
represent the interests of equity security holders of the Debtors.

      5.      By application dated May 1, 2001, Stroock sought Court approval for its
retention as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an
order approving Stroock's retention as counsel to the Committee on May 30, 2001.

      6.      This is the second quarterly application Stroock has filed with the Court
for allowance of compensation and reimbursement of expenses for services rendered to the
Committee.  This application is submitted pursuant to the terms of the Administrative Order
Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement
of Expenses for Professionals and Official Committee Members, approved by the Court on May
3, 2001 (the "Administrative Fee Order").

      7.      Other than as described below, Stroock has received no payment and no
promises for payment from any other source for services rendered in connection with these

-3-

cases. There is no agreement or understanding between Stroock and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

      8.    As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "D," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

**Monthly Interim Fee Applications Covered Herein**

      9.    Pursuant to the procedures set forth in the Administrative Fee Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Administrative Fee Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized and directed to pay interim compensation of 80% of the fees and 100% of the expenses requested.

      10.    Furthermore, and also pursuant to the Administrative Fee Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a

-4-

Quarterly Fee Application is subject to this Court's final approval of all fees and expenses at a

hearing on the professional's final fee application.

   11. This is the second Quarterly Fee Application for compensation for

services rendered and reimbursement of expenses incurred that Stroock has filed with the

Bankruptcy Court in connection with its representation of the Committee in these Chapter 11

cases.

   12. Stroock has filed the following Monthly Fee Applications for interim

compensation during the Fee Period:

   a. Fourth application of Stroock & Stroock & Lavan LLP for compensation
for services rendered and reimbursement of expenses as counsel to the
Official Committee of Unsecured Creditors, for the period from July 1,
2001 through July 31, 2001, filed August 31, 2001 (the "Fourth Monthly
Fee Application"), attached hereto as Exhibit A;

   b. Fifth application of Stroock & Stroock & Lavan LLP for compensation for
services rendered and reimbursement of expenses as counsel to the
Official Committee of Unsecured Creditors, for the period from August 1,
2001 through August 31, 2001, filed October 2, 2001 (the "Fifth Monthly
Fee Application"), attached hereto as Exhibit B; and

   c. Sixth application of Stroock & Stroock & Lavan LLP for compensation
for services rendered and reimbursement of expenses as counsel to the
Official Committee of Unsecured Creditors, for the period from
September 1, 2001 through September 30, 2001, filed October 31, 2001
(the "Sixth Monthly Fee Application"), attached hereto as Exhibit C.

   13. As of the date of this Second Quarterly Fee Application, Stroock had not

yet received payment in respect of the allowance for fees and expenses sought in the Fourth

Monthly Fee Application. A certificate of no objection was filed on October 25, 2001 with

respect to the Fourth Monthly Fee Application.

   14. On July 30, 2001, Stroock filed its first quarterly interim application for

the interim period from April 12, 2001 through June 30, 2001 seeking this Court's approval of

compensation in the amount of $369,873.75 for professional services rendered as counsel to the

-5-

Committee and reimbursement for actual and necessary expenses incurred by Stroock in rendering such services in the amount of $19,318.00 (the "First Quarterly Fee Application").

15.     In accordance with the procedures established by the Administrative Fee order, Stroock has receive payment from the Debtors in the aggregate amount of $314,817.50 representing 80% of the fees and 100% of the expenses sought in the monthly applications covering the period April 12, 2001 through June 30, 2001. As of the date of this application, the Court has not yet scheduled a hearing to consider the First Quarterly Fee Application.

16.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. Stroock respectfully submits that the professional services that it has rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases. The detail for the Fee Period of the day-to-day services and the time expended in performing such services are fully set forth in each of the Fourth, Fifth and Sixth Monthly Fee Applications attached hereto as Exhibits A through C.

## Relief Requested

17.     By this Second Quarterly Fee Application, Stroock requests that the Court approve the interim allowance of compensation for professional services rendered, and the reimbursement of actual and necessary expenses incurred, by Stroock for the Fee Period, and as detailed in the Fourth, Fifth and Sixth Monthly Fee Applications, less any amounts previously paid to Stroock pursuant to the procedures set forth in the Administrative Fee Order.[3] As stated

---

[3]     Stroock reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the July through September 2001 period that are not otherwise included in the relevant Fourth, Fifth and Sixth Monthly Fee Applications.

-6-

above, the full scope of services provided and the related expenses incurred are fully described in the Monthly Fee Applications, which are attached hereto as Exhibits A through C.

## Disinterestedness

18.     As disclosed in the following affidavits:

a.     Affidavit of Lewis Kruger in Support of Application to Application to Approve Retention of Stroock & Stroock & Lavan LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of April 12, 2001 (the "Original Affidavit"), filed May 2, 2001; and

b.     Supplemental Affidavit of Lewis Kruger (the "Supplement Affidavit"), filed July 27, 2001;

Stroock does not hold or represent any interest adverse to the Debtors, the Debtors' estates, or their creditors with respect to the matters on which it is engaged, and has been, at all relevant times, a disinterested person as that term is defined in section 101(4) of the Bankruptcy Code as modified by section 1107 of the Bankruptcy Code.

19.     Stroock may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in these cases in connection with matters that are unrelated to the Debtors and these Chapter 11 cases. Stroock disclosed in the Original Affidavit and the Supplemental Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Stroock will update the Affidavits when necessary and when Stroock becomes aware of material new information.

WHEREFORE, Stroock respectfully requests that the Court enter an order, substantially in the form attached hereto

(a)     granting Stroock an interim allowance of (i) $204.923.50 as compensation for the reasonable and necessary professional services rendered by Stroock to the Committee and (ii) of $15,015.57 for reimbursement of actual and

-7-

necessary costs and expenses incurred by Stroock in connection with the rendition of those professional services, for a sum of $219, 939.07 for the Fee Period from July 1, 2001 through and including September 30, 2001;

(b)     authorizing and directing the Debtors to pay to Stroock the outstanding amount of such sum; and

(c)     granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       October 31, 2001

STROOCK & STROOCK & LAVAN LLP

By: _____
    A Member of the Firm

180 Maiden Lane
New York, NY 10004
(212) 806-5400

-8-