**Exhibit A**
**[Fourth Monthly Fee Application]**

**July 1, 2001 – July 31, 2001**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                    Chapter 11

**W.R. Grace & Co., et al.**               Case No. 01-01139(JJF)

        Debtors.                 Jointly Administered

---

**FOURTH APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM JULY 1, 2001 THROUGH JULY 31, 2001**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2001 – July 31, 2001** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$92,308.00** |
| Amount of Expense Reimbursement sought as actual reasonable and necessary: | **$5,144.37** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 42.3 hours and the corresponding compensation requested is approximately $10,742.00.[1]

This is the fourth application filed

---

[1] This is Stroock's Fourth Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

SSL-DOCS1 1115023v4

## Attachment A

**Monthly Interim Fee Applications**

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | 10,458.14 | $72,815.20 | 10,458.14 |

**Quarterly Fee Applications**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318..00 | As of the date of this Application the hearing to approve compensation has not been determined | |

Local Form 102 (Fee Application/Attachment A, pg. 1)

**W R GRACE & CO**
**JULY 1 THROUGH JULY 31, 2001**
**Attachment B**

| Summary of Hours | Position | No. of Years in Position | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Kruger, Lewis | Partner | 31 | 1.0 | 650 | $ 650.00 |
| Pasquale, Kenneth | Partner | 3 | 18.8 | 475 | $ 8,930.00 |
| Raskin, Robert | Partner | 8 | 21.2 | 550 | $ 11,660.00 |
| Krieger, Arlene | Associate | 8 | 82.4 | 425 | $ 35,020.00 |
| Sasson, Moshe | Associate | 1 | 34.0 | 360 | $ 12,240.00 |
| Taruschio Anna | Associate | 1 | 78.4 | 245 | $ 19,208.00 |
| Serrette, Rosemarie | Paralegal | 13 | 26.5 | 150 | $ 3,975.00 |
| Defreitas, Vaughn | Paralegal | 13 | 8.5 | 100 | $ 850.00 |
| Gomelskaya, Irina | Legal Research | N/A | 14.8 | 150 | $ 2,220.00 |
| **Sub-Total** | | | 285.6 | | **$ 94,753.00** |
| | | | | | |
| **Less 50% Travel** | | | | | |
| Kreiger, Arlene | Associate | | -2.4 | 425 | $ (1,020.00) |
| Pasquale, Kenneth | Partner | | -3.0 | 475 | $ (1,425.00) |
| | | | | | |
| **Total** | | | 280.2 | | **$ 92,308.00** |
| | | | | | |
| | Blended Rate | | 329.4 | | |
| | | | | | |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**FOURTH FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP,
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR
REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING
THE PERIOD FROM JULY 1, 2001 THROUGH JULY 31, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a
Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc.,
W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-
Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a fourth interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.    By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from July 1, 2001 through July 31, 2001 (the "Fourth Monthly Period") in the aggregate amount of $92,308.00, representing 230.4 hours of professional services and 53.8 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Fourth Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $5,144.37.

2.    Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.    The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

     5.     On April 12, 2001, the United States Trustee formed the Committee. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP ("DM&H") as its local Delaware counsel.

     6.     The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors.

     7.     By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

     8.     This is the fourth application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.      In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment from the Debtors in the aggregate amount of $113,115.93 representing 80% of the fees and 100% of the expenses sought in the first monthly application covering the period from April 12, 2001 through April 30, 2001. Other than that payment, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.     SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering

4

such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Fourth Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Fourth Monthly Period, their normal hourly rates, and the value of their services.

13.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.    The following summary of the services rendered during the Fourth Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

5

### (i)    Case Administration/General – Category 0002

16.      During the Fourth Monthly Period, Stroock reviewed the motions filed by the

Debtors and other parties with the Court during this period, prepared memoranda for the

Committee summarizing the relief sought, and discussed these motions with members of the

Committee and Debtors' counsel, as applicable.  Stroock also reviewed the matters scheduled to

be heard by the Court on July 19, 2001 and engaged Debtors' counsel in discussions over the

terms of the orders to be submitted to the Court.

17.      In addition, during the Fourth Monthly Period, Stroock continued to closely

monitor the items on the Court's docket for these cases to ensure that the Committee was fully

informed about all pending matters and that Stroock would be ready to timely respond on behalf

of the Committee, as might be applicable.  Stroock has expended 30.1 hours on this category for

a fee of $9,546.50.

### (ii)    Fee Application/Monthly Billing Reports – Category 0003

18.      During the Fourth Monthly Period, Stroock prepared its Third Fee Application

including a narrative section summarizing the services rendered during that period by Stroock

and compiled and attached expense schedules.  In addition, Stroock expended time preparing its

First Quarterly Fee Application for services rendered on behalf of the Committee covering the

period from April 12, 2001 through June 30, 2001, and coordinated with Debtors' counsel, local

counsel and FTI P&M the form for quarterly fee applications and the procedures to be used in

noticing and serving the same.

19.      During this Fourth Monthly Period, Stroock also completed the preparation and

filing of a supplemental affidavit which disclosed the results of additional conflicts checks

6

performed by Stroock with respect to certain of the Debtors' creditors. Stroock has expended 42.3 hours on this category for a fee of $10,742.00.

### (iii)     Review of Other Professionals Fee Applications – Category 0004

20.     During the Fourth Monthly Period, Stroock prepared and revised a summary schedule of pending compensation applications and reviewed certain of the underlying fee applications themselves. Stroock has expended 3.6 hours on this category for a fee of $1,200.00.

### (iv)     Asbestos Litigation – Category 0005

21.     The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Fourth Monthly Period, to thoroughly review the various pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those which may impact upon the process for, and determination of, the amount and validity of asbestos-related claims against the Debtors' estates.

22.     More specifically, during the Fourth Monthly Period, Stroock continued its review of the extensive motion, memorandum of law and related exhibits filed by the Debtors at the conclusion of the prior monthly period seeking entry of a case management order providing for the establishment of a proposed schedule and process to determine the validity of asbestos claims against the Debtors' estates, and entry of an order providing for the establishment of a bar date and approving special proof of claim and notice procedures to be utilized in these cases. Stroock also reviewed the pleadings filed by the asbestos committees, the Zonolite plaintiffs, the

7

United States of America, and other parties in response to the Debtors' case management/bar date pleadings.

23.    In addition, during the Fourth Monthly Period, Stroock completed its review of the joint motion filed by the asbestos property damage committee and the asbestos personal injury committee (the "Asbestos Committees' Joint Motion") seeking authority to prosecute, on behalf of the estates, fraudulent transfer claims against the Debtors. After analyzing the various issues arising with regard thereto, Stroock prepared and filed a response on behalf of the Committee in opposition to the Asbestos Committees' Joint Motion. Stroock also reviewed during this Fourth Monthly Period pleadings filed in response to the Asbestos Committees' Joint Motion by the Debtors, Sealed Air Corporation, and National Medical Care, Inc. Stroock has expended 49.2 hours on this category for a fee of $20,520.50.

(v)    **Retention of Professionals - Category 0006**

24.    During the Fourth Monthly Period, Stroock reviewed the terms of the proposed retentions by the Debtors and the asbestos committees of various professionals, including the substitution of Campbell & Levine for Ashby & Geddes, as counsel to the asbestos bodily injury committee, and the proposed retention of Conway Del Genio Gries & Co. LLC ("Conway"), as financial advisors to the asbestos property damage committee, and raised with the Debtors and the asbestos committees concerns that the Committee had with respect to the terms of such professionals' retentions.

25.    After discussions with counsel for the asbestos property damage committee did not resolve the Committee's concerns regarding the terms of the Conway retention, Stroock prepared and filed an objection to the Conway retention. Stroock has expended 21.4 hours on this category for a fee of $7,367.50.

8

(vi)    **Creditors Committee Meetings/Conferences - Category 0007**

26.    During the Fourth Monthly Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone conversations. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock thoroughly reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, for the asbestos committees, and other parties and movants, as applicable, with the Committee's concerns, and negotiated whenever and to the extent possible a consensual resolution of outstanding issues.

27.    Through its extensive correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.

28.    Stroock also continued to discuss with the Debtors and with members of the Committee a final version of the Committee's By-Laws, and prepared and circulated proposed forms thereof.

29.    Stroock has expended 58.7 hours on this category for a fee of $18,567.50.

(vii)    **Court Hearings - Category 0008**

30.    There was one omnibus hearing before the Court during the Fourth Monthly Period during which the Court was scheduled to hear argument on various matters, including the Asbstos Committees' Joint Motion to prosecute fraudulent conveyance claims against the

9

Debtors, and the motion by certain former employees seeking administrative expense claim status for certain pre and post-petition amounts arising out of pre-petition indemnification agreements with the Debtors, which motions the Committee had filed objections to. Stroock prepared for and attended the hearing before the Court.

31.     Stroock has expended 6.7 hours on this category for a fee of $3,067.50.

### (viii)   Financial Reports and Analysis – Category 0009

32.     During the Fourth Monthly Period, FTI P&M received information from the Debtors in respect of their May 2001 operations and visited with the Debtors' senior management. Stroock coordinated the circulation of the financial information to the Committee.

33.     Stroock has expended 1.1 hours on this category for a fee of $467.50.

### (ix)   Executory Contracts/License Agreements – Category 0011

34.     During the Fourth Monthly Period, Stroock completed its review of the motion of certain former employees of the Debtors seeking reimbursement from the estates, as administrative expenses, of legal fees and expenses incurred pre-petition and post-petition in defense of an administrative proceeding brought against the former employees by the United States Securities and Exchange Commission. In furtherance of the Committee's position to object to the former employees' reimbursement motion, Stroock performed research on various legal issues raised by the former employees' motion, and prepared and filed an extensive objection to the former employees' motion. The Court did not hear argument on the motion, but determined to issue a decision based on the submissions already made to the Court. No decision has yet been rendered on the motion.

35.     Stroock has expended 39.0 hours on this category for a fee of $9,534.50.

10

### (x)    Analysis of Pre-Petition Transactions – Category 0013

36.    During the Fourth Monthly Period, Stroock reviewed publicly available information with respect to the 1996 and 1998 transactions that are the subject of the fraudulent conveyance litigation against the Debtors, Sealed Air Corporation and National Medical Care, Inc.

37.    Stroock has expended 14.4 hours on this category for a fee of $5,322.00.

### (xi)    Sales of Assets – Category 0015

38.    During the Fourth Monthly Period, Stroock completed its review of the Debtors' motion seeking to establish omnibus procedures allowing them to sell or abandon assets that the Debtors deemed *de minimis*, engaged the Debtors in discussions regarding the Committee's concerns regarding the procedures sought to be established by the motion, and requested additional information.  The Committee eventually reached an agreement with the Debtors regarding modifications that would be made to the proposed procedures.

39.    Stroock has expended 8.3 hours on this category for a fee of $3,527.50.

### (xii)    Travel – Category 0025

40.    During the Fourth Monthly Period, attorneys from Stroock traveled to and from Delaware to attend the July 19, 2001 hearing before the Court, during which they prepared for the hearing and worked on other pending matters in these cases.

41.    Stroock has expended 10.8 hours on this category for a fee of $2,445.00[3].

## IV.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

42.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

---

[3]    Pursuant to Delaware Local Rule 2016-2(d)(viii), Stroock is seeking compensation for travel time in the amount of $2,445.00 (50% of the actual time incurred).

11

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts.  Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance

of the full compensation sought.

> (A)    The Time and Labor Required.  The professional services rendered by
>
> Stroock on behalf of the Committee have required the expenditure of substantial
>
> time and effort, as well as a high degree of professional competence and
>
> expertise, in order to deal with the complex issues encountered by the Committee
>
> with skill and dispatch.  Occasionally, Stroock has been required to perform these
>
> services under significant time constraints requiring work late into the evening
>
> and on weekends.  The services rendered by Stroock were performed efficiently,
>
> effectively and economically.
>
> (B)    The Novelty and Difficulty of Questions.  Novel and complex issues have
>
> already arisen in the course of these Chapter 11 cases, and it can be anticipated
>
> that other such issues will be encountered.  In this case, as in many others in
>
> which the firm is involved, Stroock's effective advocacy and creative approach
>
> have helped clarify and resolve such issues and will continue to prove beneficial.
>
> (C)    The Skill Requisite to Perform the Legal Services Properly.  Stroock
>
> believes that its recognized expertise in the area of corporate reorganization, its
>
> ability to draw from highly experienced professionals in other areas of Stroock's
>
> practice, and its creative approach to the resolution of issues, are and will
>
> continue to contribute to the maximization of the distributions to the Debtors'
>
> unsecured creditors.

12

(D)     The Preclusion of Other Employment by Applicant Due to Acceptance of
the Case. Due to the size of Stroock's insolvency department, Stroock's
representation of the Committee has not precluded its acceptance of new clients.
However, the volume of the matters needing attention on a continuing basis has
required several of the attorneys to commit significant portions of their time to
these cases.

(E)     The Customary Fee. The fee sought herein is based upon Stroock's
normal hourly rates for services of this kind.  Stroock respectfully submits that the
fee sought herein is not unusual given the magnitude and complexity of these
cases and the time expended in attending to the representation of the Committee,
and is commensurate with fees Stroock has been awarded in other cases, as well
as with fees charged by other attorneys of comparable experience.

(F)     Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of
the Bankruptcy Code, all fees sought by professionals employed under § 1103 of
the Code are contingent pending final approval by this Court, and are subject to
adjustment dependent upon the services rendered and the results obtained.

(G)     Time Limitations Imposed by Client or Other Circumstances.  As already
indicated, Stroock has been required to attend to the various issues arising in these
cases.  Occasionally, Stroock has had to perform those services under significant
time constraints requiring attorneys assigned to these cases to work evenings and
on weekends.

(H)     The Amount Involved and Results Obtained.  Through the efforts of
Stroock, the Committee has been an active participant in these Chapter 11 cases

13

from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys. Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

14

## V.    ALLOWANCE OF COMPENSATION

43.      The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

44.      With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

45.      The total time spent by Stroock attorneys and paraprofessionals during the Fourth Monthly Period was 280.2 hours. Such services have a fair market value of $92,308.00. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

46.      As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are

15

summaries of the hours expended by the attorneys and paraprofessionals during the Fourth
Monthly Period, their normal hourly rates, and the value of their services.

47.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the
rendition of the professional services to the Committee in the sum of $5,144.37 for which
Stroock respectfully requests reimbursement in full.

48.    The disbursements and expenses have been incurred in accordance with Stroock's
normal practice of charging clients for expenses clearly related to and required by particular
matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal
office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to
minimize these expenses to the fullest extent possible.

49.    Stroock's billing rates do not include charges for photocopying, telephone and
telecopier toll charges, computerized research, travel expenses, "working meals", secretarial
overtime, postage and certain other office services, because the needs of each client for such
services differ.  Stroock believes that it is fairest to charge each client only for the services
actually used in performing services for it.  Stroock has endeavored to minimize these expenses
to the fullest extent possible.

50.    Stroock charges $.10 per page for in-house photocopying services, with respect to
computerized research services Stroock charges the actual cost from the vendor, and $1.00 per
page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

51.    No agreement or understanding exists between Stroock and any other person for
the sharing of any compensation to be received for professional services rendered or to be
rendered in connection with these cases.

16

52.    Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

53.    No prior application has been made in this or in any other Court for the relief requested herein for the Fourth Monthly Period.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)    the allowance of compensation for professional services rendered to the Committee during the period from July 1, 2001 through and including July 31, 2001 in the amount of $92,308.00;

(b)    the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from July 1, 2001 through and including July 31, 2001 in the amount of $5,144.37; and

(c)    authorizing and directing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the expenses incurred by Stroock during the period from July 1, 2001 through and including July 31, 2001, subject to final payment of the full amount; and

17

(d)     granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        August 31, 2001

                                    STROOCK & STROOCK & LAVAN LLP

                                    _Lewis Kruger_
                                    Lewis Kruger (LK4512)
                                    A Member of the Firm
                                    180 Maiden Lane
                                    New York, New York 10038-4982
                                    (212) 806-5400

                                    Co-Counsel for the Official Committee of
                                    Unsecured Creditors of W. R. Grace & Co., et al.

18

SSL-DOCS1 1140221v2

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW YORK )
                           ) ss:
COUNTY OF NEW YORK )

LEWIS KRUGER, being duly sworn, deposes and says:

      1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

      2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's fourth monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from July 1, 2001 through and including July 31, 2001 in the aggregate amount of $97,452.37.

3.      All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from July 1, 2001 through and including July 31, 2001 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

LEWIS KRUGER

Sworn to before me this
21 day of August, 2001

Notary Public

ETHEL EARLEY
Notary Public, State Of New York
No. 03-4650662
Qualified In Bronx County
Commission Expires March 30, 2003

-2-

**EXHIBIT B**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

August 30, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through July 31, 2001 in
connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0002 | General Case Administration | 30.10 | 9,546.50 |
| 0003 | Fee Application/Monthly Billing Reports | 42.30 | 10,742.00 |
| 0004 | Review of Other Professionals Fee Application | 3.60 | 1,200.00 |
| 0005 | Asbestos Litigations | 49.20 | 20,520.50 |
| 0006 | Retention of Professionals | 21.40 | 7,367.50 |
| 0007 | Creditors Committee Issues/Conferences | 58.70 | 18,567.50 |
| 0008 | Court Hearings | 6.70 | 3,067.50 |
| 0009 | Financial Reports & Analysis | 1.10 | 467.50 |
| 0011 | Executory Contracts/License Agreements | 39.00 | 9,534.50 |
| 0013 | Analysis of Pre-Petition Transactions | 14.40 | 5,322.00 |
| 0015 | Sale of Assets | 8.30 | 3,527.50 |
| 0025 | Travel | 10.80 | 4,890.00 |
| | **Total** | **285.60** | **94,753.00** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW!
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

August 30, 2001
Invoice: 240462

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through July 31, 2001, including:

RE:     **General Case Administration**
        **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/02/2001 | Review proposed bar order motion (.3); telephone conference A. Krieger re: same (.2), review memo re: bar order (.4) | Raskin, R. | 0.9 |
| 07/03/2001 | Review case management brief (1.5) | Raskin, R. | 1.5 |
| 07/03/2001 | Review pending motions (.7 hrs). | Taruschio, A. | 0.7 |
| 07/06/2001 | Review and revise critical date calendar. | Serrette, R. | 0.9 |
| 07/09/2001 | Review memo re: pending motions (.7), telephone conference J. Kapp re: schedule and issues (.3). | Raskin, R. | 1.0 |
| 07/09/2001 | Telephone conference K. Pasquale re: hearing and scheduling (.2). | Raskin, R. | 0.2 |
| 07/12/2001 | Conference with A. Krieger re recently filed pleadings and research re same (.3). | Serrette, R. | 0.3 |
| 07/13/2001 | Review e-mails re: de minimus sales motions | Raskin, R. | 0.3 |
| 07/16/2001 | Documentation received from Matt Zaleski including substitution of counsel, various responses and telephone call M. Zaleski re same and agreement on revised retention order (.4); memo to KP, RAR , LK re FTI P&M scheduled visit to the Company (.1); Grace; telephone call Sam Schwartz re matters to be heard at the July 19 hearings, Debtors' response to claims | Krieger, A. | 2.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | settlement motion and status of discussions with the Asbestos Committees and review Debtors' response and current form of order (1.3); memos to K. Pasquale, L.Kruger, R. Raskin re same. | | |
| 07/16/2001 | Follow-up re case calendar (.2), review draft of debtors claims settlement motion (.2), follow-up with K. Pasquale re indemnity motion (.2), review memo re response (.3). | Raskin, R. | 0.9 |
| 07/17/2001 | Review settlement procedures file and proposed form of order (.7);  memo to and telephone call S. Schwartz re proposed form of order and comments/questions thereon (.3). | Krieger, A. | 1.0 |
| 07/17/2001 | Review and revise critical date calendar. | Serrette, R. | 0.9 |
| 07/17/2001 | Revise L. Kruger supplemental disclosure affidavit and research missing information regarding same, office conference with A. Krieger regarding same. | Taruschio, A. | 0.9 |
| 07/18/2001 | Telephone call J. Kapp re agenda for 7/19/01 hearing (.2);  Prepared materials for 7/19/01 hearing (.5). | Krieger, A. | 0.7 |
| 07/18/2001 | Office conference with RR and AK; telephone call with T. Maher regarding court agenda, status of Blackstone, fee issues for advisors, Sealed Air, fraudulent transfer issue, epidemeologist, debtors' sale of small assets and procedure. | Kruger, L. | 0.4 |
| 07/18/2001 | T/c L. Kruger re 7/19 hearing (.1), o/c A. Krieger re status of negotiations on open matters (.2), conf. call T. Maher re Conway retention and sale open issues (.4), t/c creditor re status of case (.4);  review email re sales motions (.2). | Raskin, R. | 1.3 |
| 07/19/2001 | T/c K. Pasquale re court hearing (.1),  t/c J. Kapp re Conway retention and court hearing (.2). | Raskin, R. | 0.3 |
| 07/23/2001 | Memo to Sam Schwartz re employee-benefit-related orders (.1). | Krieger, A. | 0.1 |
| 07/24/2001 | Review PPG Industries motion for administrative expense claim re: reclamation and section 546(c) of the Code (1.0). | Krieger, A. | 1.0 |
| 07/24/2001 | Review and revise contact list (.2); review critical date calendar (.1); update same (.3). | Serrette, R. | 0.6 |
| 07/25/2001 | Reviewed and updated court filed documents w/docket. | Defreitas, V. | 5.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 07/27/2001 | Reviewed and updated court filed documents. | Defreitas, V. | 3.3 |
| 07/27/2001 | Revise Conway Del Genio Committee's objection to retain motion, read through cases suggested by A. Krieger (1.1); review DA's motion to extend debtors exclusivity (.4); office conference with A. Krieger regarding filing of committee objection (.3); telephone call with local counsel regarding filing and emails regarding same (.3). | Taruschio, A. | 2.1 |
| 07/30/2001 | Office conference AT re motion to extend exclusivity and response to Debtors' request (.1); review various pleadings including certificates of no objection of fee application, third supplemental Sprayregen affidavit, USA's motion to compel Debtors to supplement statements of financial affairs (1.0). | Krieger, A. | 1.1 |
| 07/30/2001 | Review exclusivity motion by debtor. | Kruger, L. | 0.2 |
| 07/30/2001 | T/c J. Kapp re confidentiality issues and issues related to fraudulent transfer claims. | Raskin, R. | 0.4 |
| 07/30/2001 | Revise/send exclusivity period summary (.6); office conference with A. Krieger regarding same (.2); correspondence with local counsel regarding filing Conway retention objection (.2). | Taruschio, A. | 1.0 |
| 07/31/2001 | Office conference S. McLaughlin re circulation of Grace pleadings (.1). | Krieger, A. | 0.1 |
| 07/31/2001 | Review exclusivity motion and memo to committee. | Kruger, L. | 0.2 |
| 07/31/2001 | Review exclusivity motion and review draft of memo to committee re same (.4), review motion from EPA regarding schedules (.2). | Raskin, R. | 0.6 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 8.5 | $ 100 | $ 850.00 |
| Krieger, Arlene | 6.0 | 425 | 2,550.00 |
| Kruger, Lewis | 0.8 | 650 | 520.00 |
| Raskin, Robert | 7.4 | 550 | 4,070.00 |
| Serrette, Rosemarie | 2.7 | 150 | 405.00 |
| Taruschio, Anna | 4.7 | 245 | 1,151.50 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | $ 9,546.50 |
| Total for this Matter | | $ 9,546.50 |

RE:   **Fee Application/Monthly Billing Reports**
      **699842. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/06/2001 | Begin preparation for Quarterly Fee Application; conference with A.Krieger re same. | Serrette, R. | 1.0 |
| 07/10/2001 | Review time schedules and edits to same. | Serrette, R. | 1.1 |
| 07/10/2001 | Conference with paralegal at Kirkland re fee application (Quaterly) procedures and to obtain copy of order re modification of prior order re employee benefits and distribution of same. | Serrette, R. | 0.9 |
| 07/11/2001 | Review memo re: fee issues and office conference with billing department re: same. | Raskin, R. | 0.7 |
| 07/11/2001 | Further review of fee schedules; conferences with RR and Accounting and IS Team re electronic billing requesed by W. R. Grace. | Serrette, R. | 1.9 |
| 07/12/2001 | Preparation of third fee application (2.8 hrs); office conference with R. Serrette regarding same (.3 hrs). | Taruschio, A. | 3.1 |
| 07/13/2001 | Further review of fee entries and edits to same. | Serrette, R. | 1.5 |
| 07/15/2001 | Reviewed time records for June 2001 fee application. | Krieger, A. | 0.8 |
| 07/16/2001 | Fee summary edits (.8); reviewed form of Interim Fee Application to be used for Kirkland Ellis (.9); conference with A. Krieger re same (.2). | Serrette, R. | 1.9 |
| 07/17/2001 | Review draft supplemental affidavit for Lewis Kruger and office conference AT re same (.5). | Krieger, A. | 0.5 |
| 07/18/2001 | Office conference R. Serrette of first quarterly fee application and office conference RAR re same and telephone call J. Kapp re same (.6); reviewed proposed form of interim fee application (.2). | Krieger, A. | 0.8 |
| 07/18/2001 | O/c A. Krieger and R. Serrette re fee application procedure. | Raskin, R. | 0.2 |
| 07/18/2001 | Prepare narrative sections of third monthly fee applications (2.3). | Taruschio, A. | 2.3 |
| 07/23/2001 | Telephone call R. Higgins re quarterly fee applications (.2). | Krieger, A. | 0.2 |
| 07/24/2001 | Office conference A. Taruschio re draft third monthly fee application (.1); review and revise draft (3.5); office conferences RS re R. Higgins conversation re interim | Krieger, A. | 3.8 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

fee application (.2).

| | | | |
|---|---|---|---|
| 07/24/2001 | Review and revise fee and disbursement summary in preparton for fee application. | Serrette, R. | 1.0 |
| 07/24/2001 | Complete draft of fee application (2.2). | Taruschio, A. | 2.2 |
| 07/25/2001 | Complete draft of Third Monthly Fee application (1.8); prepare final form of supplemental affidavit for L.Kruger (.8); office conferences A. Taruschio re supplemental affidavit (.5); telephone call C. MacCallum re FIT P&M supplemental affidavit (.1); office conferences RS re preparation of interim fee application (.1). | Krieger, A. | 3.3 |
| 07/25/2001 | Review draft of monthly bill. | Raskin, R. | 0.3 |
| 07/26/2001 | Office conferences AT re Kruger supplemental affidavit (.2); review and revise draft first quarterly application for fees (1.0). | Krieger, A. | 1.2 |
| 07/26/2001 | Review and revise Third Interim Fee Application and exhibits thereto (2.2); draft Quarter by Fee Application for Stroock and FTI (3.5); conference with C.MacCallum re filing time line and procedures (.2). | Serrette, R. | 5.9 |
| 07/26/2001 | Phone calls to various attorneys and accounting departments regarding status of matters relating to Wells Fargo Bank and other entities (1.1); office conference with A. Krieger regarding same (.4). | Taruschio, A. | 1.5 |
| 07/27/2001 | Office conferences R. Serrette re preparation of SSL quarterly fee application, filing of certificate of no objection to SSL fees, and Krieger supplemental affidavit (.5). | Krieger, A. | 0.5 |
| 07/27/2001 | Review and edits to Quarterly fee application (3.5) prepare exhibits to same (1.0); prepare same for filing and service (.9); confs with Duane Morris re same (.3) | Serrette, R. | 5.7 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 11.1 | $ 425 | $ 4,717.50 |
| Raskin, Robert | 1.2 | 550 ** | 660.00 |
| Serrette, Rosemarie | 20.9 | 150 | 3,135.00 |
| Taruschio Anna | 9.1 | 245 | 2,229.50 |
| | | Total For Professional Services Rendered | $ 10,742.00 |
| | | Total for this Matter | $ 10,742.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**   **Review of Other Professionals Fee Application**   .
      **699842. 0004**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/17/2001 | Review of summary of professionals fee applications and related documentation and memos to RAR re same (1.4). | Krieger, A. | 1.4 |
| 07/17/2001 | Conference with A. Krieger re summary of professional fees and review of same. | Serrette, R. | 1.2 |
| 07/31/2001 | Review of fee applications received from Campbell, Levine, and Chaplin & Drysdale. | Krieger, A. | 1.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 2.4 | $ 425 | $ 1,020.00 |
| Serrette, Rosemarie | 1.2 | 150 | 180.00 |

Total For Professional Services Rendered        $ 1,200.00

**Total for this Matter**        $ 1,200.00

RE:     **Asbestos Litigations**
        **699842. 0005**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/02/2001 | Began to review exhibits to bar date motion and office conferences RAR re same and M. Sasson re same | Krieger, A. | 3.8 |
| 07/03/2001 | Continue to review bar date pleadings. | Krieger, A. | 0.9 |
| 07/03/2001 | Review news clips of Grace (.5); draft opposition to motion by Asbestos Committee; send to K. Pasquale (9.0). | Sasson, M. | 9.5 |
| 07/05/2001 | Review of various pleadings filed by Asbestos Claimant Committees and calendaring of same. | Serrette, R. | 1.7 |
| 07/09/2001 | Revised draft opposition to asbestos committees' motion to prosecute fraudulent transfer claims (2.0); attention to debtors' bar date and related motions (2.5); attention to debtors' supplemental submission in support of preliminary injunction (.5) | Pasquale, K. | 5.0 |
| 07/09/2001 | Attention to PD Committee motion for document depository (.5) | Pasquale, K. | 0.5 |
| 07/09/2001 | Review draft response to motion to commence litigation (.5), e-mail comments to draft (.3), telephone conference L. Kruger re: same (.2), telephone conference C. Sullivan re: motion to establish document depositary (.3) | Raskin, R. | 1.3 |
| 07/09/2001 | Telephone conference to S. Baena re: property damage committee motion (.2) | Raskin, R. | 0.2 |
| 07/09/2001 | Review Debtors Motion for Bar Date, Case Managment Order; prepare memo to cc re: Debtors Motions; t/c K. Pasquale, R. Raskin re: opposition to motion by Asbestos Committee; review, revise memo. | Sasson, M. | 4.8 |
| 07/10/2001 | Revisions to opposition to asbestos committees' motion to prosecute fraudulent transfer claims (1.8) | Pasquale, K. | 1.8 |
| 07/10/2001 | Review revised opposition to motion to commence litigation | Raskin, R. | 0.7 |
| 07/10/2001 | O/c K. Pasquale re: opp. to motion by Asbestos Committee; revise memo. | Sasson, M. | 1.0 |
| 07/13/2001 | Review motion filed by property damage claimants | Raskin, R. | 1.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

(.3); Review responses to motion to transfer venues (1)

| Date | Description | Name | Hours |
|---|---|---|---|
| 07/15/2001 | Review Debtors' opposition to Asbestos Committee's motion to prosecute fraudulent transfer claims (1.0); review Sealed Air Corporations objection to Asbestos' Committee's fraudulent transfer motion (.2); review limited objection of Sealed Air to Asbestos Property Damage Committee's motion for Debtors to create document repository (.1). | Krieger, A. | 1.3 |
| 07/15/2001 | Review Smolker objection to Home Saving Termite Control stay motion. | Krieger, A. | 0.1 |
| 07/16/2001 | Attention to pleadings on asbestos committees' fradulent transfer motion (.5) | Pasquale, K. | 0.5 |
| 07/16/2001 | Review draft memo to committee re fraudulent transfer issues (.2). | Raskin, R. | 0.2 |
| 07/17/2001 | Office conference M. Sasson re response deadline for care management/bar date motions and PD Committee's motion for a continuance of same (.1); review responses filed by NMC to Asbestos Committees Joint Motion (.4); reviewed USA, Medical monitoring claimants. Zonolite plaintiffs objections to case management order and in support of continuance and related pleadings (2.7). | Krieger, A. | 3.2 |
| 07/17/2001 | Review e-mails re: status filings. | Sasson, M. | 0.3 |
| 07/18/2001 | Review pleadings related to case management order and fraudulent transfer issues | Raskin, R. | 2.2 |
| 07/18/2001 | T/c K. Pasquale re: response to Case Management Order motion (.2); review other responses to Case Management Order motion (1.0); draft Committee response to Case Management Order motion (3.5). | Sasson, M. | 4.7 |
| 07/19/2001 | Revise responses to Case Management Order motion; e-mail to K. Pasquale. | Sasson, M. | 0.5 |
| 07/24/2001 | Emails with K. Pasquale re proceeding with due diligence on numerous asbestos issues. | Raskin, R. | 0.4 |
| 07/25/2001 | Office conference RAR, KP, LK re insurance coverage issues (.1). | Krieger, A. | 0.1 |
| 07/26/2001 | Communications with K. Pasquale re asbestos issues. | Raskin, R. | 0.2 |
| 07/27/2001 | Memos from KP and RR re conduct of fraudulent transfer litigation and issues in connection therewith. | Krieger, A. | 0.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 07/27/2001 | Memo to SSL team re fraudulent transfer motion (.3) | Pasquale, K. | 0.3 |
| 07/27/2001 | Review email from K. Pasquale re asbestos issues and respond to same. | Raskin, R. | 0.5 |
| 07/31/2001 | Reviewed Smolker correspondence forwarding decision by Bankruptcy Judge Bheebond denying Grace's motion to transfer venue and to remove the TIG Action to Delaware (.8). | Krieger, A. | 0.8 |
| 07/31/2001 | Review pleadings related to fraudulent transfer issues and background documents. | Raskin, R. | 1.2 |

### Summary of Hours

| | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 10.4 | $ 425 | $ 4,420.00 |
| Pasquale, Kenneth | 8.1 | 475 | 3,847.50 |
| Raskin, Robert | 8.2 | 550 | 4,510.00 |
| Sasson, Moshe | 20.8 | 360 | 7,488.00 |
| Serrette, Rosemarie | 1.7 | 150 | 255.00 |

Total For Professional Services Rendered      $ 20,520.50

**Total for this Matter**      $ 20,520.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Retention of Professionals**
      **699842. 0006**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/02/2001 | Memo from and to S. Schwartz re Ashby & Geddes retention under Section 328 and position thereon (.2). | Krieger, A. | 0.2 |
| 07/03/2001 | Memo to and from M. Lastowski re Ashby & Geddes retention and fee application and Campbell substitution (.1). | Krieger, A. | 0.1 |
| 07/03/2001 | Review documents regrding Asbestos counsel retention (.4 hrs). | Taruschio, A. | 0.4 |
| 07/05/2001 | Memo from and to S. Schwartz re proposed retention of Campbell and Levine pursuant to Section 328 of the Code (.1). | Krieger, A. | 0.1 |
| 07/12/2001 | Telephone call Matt Zaleski re pleadings to retain Campbell and Levine and drafted letter re service of pleadings and objection deadline (.6); e-mails S. Schwartz re same (.3); office conference AT re same (.1); review Property Damage Committee's motion to retain Conway, Del Genio as financial advisors and comments thereon (1.2); memos to and from M. Lastowski re Campbell & Levine retention (.1); memo to RAR re same (.1). | Krieger, A. | 2.4 |
| 07/13/2001 | Telephone call Matt Zaleski re terms of retention of Campbell and Levine, substitution for Ashby & Geddes firm and related matters (.3); memos to and from M. Lastowski re same (.2); office conference A. Taruschio re terms of Conway, DelGenio retention (.3); memos to RAR re Campbell retention order, Conway, DelGenio retention (.2); memo to and form S. Schwartz re modified Campbell and Levin retention order (.2). | Krieger, A. | 1.2 |
| 07/17/2001 | Reviewed PD Committee's objection to retention to Kinsella Communications, Ltd. (.1). | Krieger, A. | 0.1 |
| 07/19/2001 | Office conference A. Taruschio re objection to the terms of the Conway, Del Genio retention. | Krieger, A. | 0.3 |
| 07/19/2001 | t/c to S. Baena re issues related to Conway, Del Genio retention and t/c to A. Taruschio re objections (.2). | Raskin, R. | 0.2 |
| 07/19/2001 | Research and draft Conway Del Genio retention objection (2.1); office conference regarding same with | Taruschio, A. | 2.7 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWI
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

A. Krieger (.6).

| Date | Description | Name | Hours |
|---|---|---|---|
| 07/20/2001 | Email to S. Baena re Conway, Del Genio retention. | Raskin, R. | 0.2 |
| 07/24/2001 | Office conference AT re preparation of revised objection to Conway retention and extension of time regarding same (.1); office conference S. Schwartz re Conway, Del Genio agreement to remove any obligation by the Debtors to indemnify Conway and memo to RAR LK re same (.1). | Krieger, A. | 0.2 |
| 07/25/2001 | Office conference A. Taruschio re Committee's limited objection to asbestos property damage committees retention of Conway, Del Genio (.5); review and revise current draft of limited objection (1.5); review Westbrook's case (.3). | Krieger, A. | 2.3 |
| 07/25/2001 | Review and revise objection to Conway, Del Genio retention. | Raskin, R. | 0.4 |
| 07/25/2001 | Redraft Conway Del Genio objection (2.3); send same and research to A. Krieger (.6); review supplemental conflicts information, office conference with A. Krieger regarding same (1.0); office conference with A. Krieger regarding Conway Del Genio retention (.4). | Taruschio, A. | 4.3 |
| 07/26/2001 | Prepare revised draft of Committee's objection to the terms of the Conway retention by the PD committee and office conferences AT re same (2.6). | Krieger, A. | 2.6 |
| 07/26/2001 | Office conference with A. Krieger regarding CDG objection (.6); telephone call with local counsel regarding filing of same (.1); input A. Krieger changes (1.8). | Taruschio, A. | 2.5 |
| 07/27/2001 | Review revised Conway, Del Genio objection, email to S. Baena re same. | Raskin, R. | 0.3 |
| 07/30/2001 | Memos from and to RAR re PD Committee's position on retention of Conway, DelGenio and filing of objection by Creditors' Committee (.1). | Krieger, A. | 0.1 |
| 07/30/2001 | T/c S. Baena re retention of professionals. | Raskin, R. | 0.2 |
| 07/31/2001 | Review ordinary course professionals list and new affidavits (.5); o/c re same w/ A. Krieger (.1. | Taruschio, A. | 0.6 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 9.6 | $ 425 | $ 4,080.00 |
| Raskin, Robert | 1.3 | 550 | 715.00 |
| Taruschio Anna | 10.5 | 245 | 2,572.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Total For Professional Services Rendered    $ 7,367.50

**Total for this Matter**    $ 7,367.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Creditors Committee Issues/Conferences**
        **699842. 0007**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/02/2001 | Memo from and to R. Higgins re revisions to confidentiality provisions of the By-Laws. | Krieger, A. | 0.2 |
| 07/03/2001 | Office conference A. Taruschio re pending motions to be summarized (.1); office conference RS re Committee contact group modification (.1). | Krieger, A. | 0.2 |
| 07/03/2001 | Review pending motions (.7 hrs); review documents regrding asbestos counsel retention (.4 hrs); review motions and prepare summaries of same for committee (2.3 hrs). | Taruschio, A. | 3.0 |
| 07/04/2001 | Review and begin preparation of motions summaries regarding motion to compel assumptions or rejections of lease and sale and abandonment procedures. | Taruschio, A. | 3.7 |
| 07/05/2001 | Memo from and to M. Chehi re further modifications to By-Laws (.2). | Krieger, A. | 0.2 |
| 07/05/2001 | Review First Union motion compelling assumption of contract and comments to RAR and AT re same (1.2); Debtors omnibus sale motion (.7);  review draft memorandum to the Committee and prepare comments thereon and office conference A. Taruschio re revisions thereto (.6); review memo re case law on Frenville and treatment of indemnification claims arising out of contract;  review Pinnacle Brands case and office conference  Irina re same (1.2); memo to the Committee re final form of By-Laws, Acknowledgement (.8). | Krieger, A. | 2.5 |
| 07/05/2001 | Follow-up with A. Krieger re: Grace indemnity issues and pending motions. | Raskin, R. | 0.4 |
| 07/05/2001 | Office conference with A. Krieger and telephone call regarding pending motions summaries (.8 hrs); summarize pending motions, including Bar Date motion (3.5 hrs). | Taruschio, A. | 4.3 |
| 07/06/2001 | Review revised memo to the Committee and office conference AT re further modifications to pending motions memo to the Committee (1.5); office conference AT re Committee's indemnification objection to motion (.2); telephone call G. Marcus, B. Katchen re revised orders approving employee benefits (.4). | Krieger, A. | 2.1 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW! ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Name | Hours |
|---|---|---|---|
| 07/06/2001 | Office conference and telephone call with A. Krieger regarding motions summaries (.9 hrs); revise motions summaries (4.8 hrs). | Taruschio, A. | 5.7 |
| 07/09/2001 | Edit, revise and send pending motions summaries (4.8 hrs); telephone call with K. Pasquale and M. Sasson regarding same (.6 hrs). | Taruschio, A. | 5.4 |
| 07/10/2001 | Review debtors' draft response to employee indemnification claim (.7); review and edit indemnificaiton objection (2.3). | Taruschio, A. | 3.0 |
| 07/11/2001 | Review and begin preparation summary of Asbestos PD Committee's Conway retention motion. | Taruschio, A. | 0.8 |
| 07/12/2001 | Review T. Meyers correspondence (.1); review Grace news articles (1.4); telephone call and memo to Jay Kapp re revision to confidentiality provisions and Committee members acknowledgements regarding same (.3). | Krieger, A. | 1.8 |
| 07/12/2001 | Follow-up with local counsel regarding filing indemnification motion (.3 hrs); draft objections to debtors' proposed sales procedures; office conference with A. Krieger regarding same (1.8 hrs). | Taruschio, A. | 2.1 |
| 07/12/2001 | Telephone call with debtors counsel regarding First Union Lease assumption (.3 hrs); office conference and report to A. Krieger and R. Raskin regarding same (.3 hrs); prepare summary of PD Committee Financial Advisor retention (1.2 hrs); office conference with A. Krieger regarding same (.2 hrs). | Taruschio, A. | 2.0 |
| 07/13/2001 | Memo to J. Kapp re Confidentiality Provisions of By-Laws (.1); review and comment on draft FTI informational memorandum re asbestos related matters (1.8). | Krieger, A. | 1.9 |
| 07/13/2001 | Revise PD committee's financial advisor retention summary for A. Krieger. | Taruschio, A. | 0.8 |
| 07/15/2001 | Reviewed proposed FTI P&M information memorandum to the Committee (1.3); review pending motion and memorandum to the Committee re Conway, Del Genio retention, and mark changes thereto (.3); prepare memo to the Committee re summarizing Debtors and Sealed Air Corporation's respective pleadings in opposition to the Asbestos Committee's joint motion (.8). | Krieger, A. | 2.4 |
| 07/16/2001 | E-mails from and to J. Kapp re revisions to Article VIII to the By-Laws (.5); prepare memo to the Committee re By-Laws and signed Acknowledgements (.4) | Krieger, A. | 2.1 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | reviewed and revise memo to the Committee re responses to Asbestos Committee Joint Motion and underlying documentation referred to therein and e-mails to and from KP re same (1.2). | | |
| 07/16/2001 | Input A.K. changes to motion summary. | Taruschio, A. | 0.4 |
| 07/17/2001 | Review, revise further memo to the Committee re retention of Conway Del Genio (.1); memo to T. Maher re Property Damage Committee's proposed retention of Conway, DelGenio, and sale procedures motion (.2); memo from and to Jill Aykre re By-Laws Acknowledgement (.1); memo to the Committee re objection filed to former employees' motion for payment of fees, expenses based on indemnification obligations (.2); reviewed responses to indemnification motion filed by Debtors, Asbestos Committees (.7) | Krieger, A. | 1.3 |
| 07/17/2001 | Read memorandum and correspondence regarding Confidentiality Agreements, sale motion objections. | Taruschio, A. | 0.4 |
| 07/18/2001 | Prepared memorandum re Conway retention and sale motion (1.0); memorandum to and from members of the Committee re amended By-Laws and executed Acknowledgements (.9); conference call with LK, T. Maher re sale procedures motion, Conway retention (.8); office conferences RAR and then prepared revised form of memorandum to the Committee re Conway DelGenio retention (.4). | Krieger, A. | 3.1 |
| 07/18/2001 | Review and revise memo to committee re Conway, Del Genio retention (.4). | Raskin, R. | 0.4 |
| 07/18/2001 | Office conference with A. Krieger regarding pending motions and objections (.4). | Taruschio, A. | 0.4 |
| 07/19/2001 | Office conference RAR re court hearing before Judge Farnan (.2); prepare memorandum to the Committee re actions taken by the Court at hearing (1.0); conference F. Monaco re executed Acknowledgement from Zhagrus (.1). | Krieger, A. | 1.3 |
| 07/20/2001 | Office conference with R. Raskin regarding Del Genio objection deadline and draft letter regarding same. | Taruschio, A. | 0.6 |
| 07/23/2001 | Telephone call PA. Brach re executed Acknowledgement and 7/19/01 hearing (.3). | Krieger, A. | 0.3 |
| 07/24/2001 | Review Del Genio objection (.9). | Taruschio, A. | 0.9 |
| 07/25/2001 | Memorandum to T. Maher re Acknowledgements received from Committee members (.1); memorandum to J. Kapp re same (.1). | Krieger, A. | 0.2 |

| Date | Description | Professional | Hours |
|---|---|---|---|
| 07/26/2001 | Memos from and to J. Kapp re Acknowledgements of Section VIII of the By-Laws (.1). | Krieger, A. | 0.1 |
| 07/26/2001 | De minimus motion sales draft (.5); office conference with A. Krieger regarding same (.4). | Taruschio, A. | 0.9 |
| 07/27/2001 | Correspondence to Jay Kapp re executed Acknowledgements from the Committee (.3); extended telephone call S. Cunningham re confidentiality issues raised by representatives of Blackstone/Company during visit to the Company and request for financial information (.6); memo to RAR, LK re substance of conversation with S. Cunningham (.2). | Krieger, A. | 1.1 |
| 07/29/2001 | Review and summarize debtors' motion to extend exclusivity. | Taruschio, A. | 1.3 |
| 07/30/2001 | Office conference RAR re Debtors' motion to extend exclusivity, confidentiality provision issue (.1); telephone call Sam Schwartz re compromise on Debtors' motion to establish omnibus sale procedures, exclusivity motion, 8/2/01 hearings and 9/20/01 omnibus hearing date (.2); memo to RAR, KP re exclusivity motion and hearings schedule (.1); review exclusivity motion and draft memorandum to the Committee describing same and prepare revised memorandum (.6). | Krieger, A. | 1.0 |
| 07/31/2001 | Memo to R. Raskin, A. Taruschio re revised memorandum to the Committee discussing Debtors' exclusivity motion (.1). | Krieger, A. | 0.1 |
| 07/31/2001 | Review Debtors' reclamation motion (.3). | Taruschio, A. | 0.3 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 21.9 | $ 425 | $ 9,307.50 |
| Raskin, Robert | 0.8 | 550 | 440.00 |
| Taruschio Anna | 36.0 | 245 | 8,820.00 |
| Total For Professional Services Rendered | | | $ 18,567.50 |
| Total for this Matter | | | $ 18,567.50 |

RE:   **Court Hearings**
      **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/18/2001 | Memo to and from and office conference KP re 7/19/01 hearings and pleadings, and follow-up office conferences RS re pleadings for hearings (.6). | Krieger, A. | 0.6 |
| 07/18/2001 | Preparation for 7/19 omnibus hearing, including argument on fraudulent transfer and former employees' indemnication motions | Pasquale, K. | 3.5 |
| 07/19/2001 | Office conference K. Pasquale re matters to be heard by the Court (1.0); telephone call R. Raskin re substance of Kapp conversation regarding rescheduling of contested matters (.1); to Court for hearings before Judge Farnan (1.3). | Krieger, A. | 2.4 |
| 07/19/2001 | Office conference with K. Pasquale regarding results of court hearing. | Kruger, L. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 3.0 | $ 425 | $ 1,275.00 |
| Kruger, Lewis | 0.2 | 650 | 130.00 |
| Pasquale, Kenneth | 3.5 | 475 | 1,662.50 |
| Total For Professional Services Rendered | | | $ 3,067.50 |
| **Total for this Matter** | | | $ 3,067.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Financial Reports & Analysis**
      **699842. 0009**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/13/2001 | Telephone call S. Cunningham re scheduled meeting at Debtors to review operations, financials (.1). | Krieger, A. | 0.1 |
| 07/25/2001 | Telephone call C. MacCullum re May 2001 financial information and circulation of same, Company visit. | Krieger, A. | 0.2 |
| 07/26/2001 | Telephone calls Craig MacCullum re May 2001 financial reports and circulation of same to the Committee (.3); prepare memo to the committee re May 2001 financial reports (.5). | Krieger, A. | 0.8 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 1.1 | $ 425 | $ 467.50 |
| | Total For Professional Services Rendered | | $ 467.50 |
| | | **Total for this Matter** | $ 467.50 |

RE:   **Executory Contracts/License Agreements**
       **699842. 0011**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/02/2001 | Worked on revising a legal memo re: treatment of indemnification claims. | Gomelskaya, I. | 6.0 |
| 07/03/2001 | Read Westlaw cases, worked on a legal memo, revisions | Gomelskaya, I. | 4.0 |
| 07/03/2001 | Correspondence to S. Schwartz re: indemnification letters and review same (.2); office conference AT re objection to indemnification motion (.2). | Krieger, A. | 0.4 |
| 07/04/2001 | Begin review and draft reply to employee indemnification motion. | Taruschio, A. | 3.1 |
| 07/05/2001 | Legal research on 11 U.S.C. §502(e) | Gomelskaya, I. | 1.3 |
| 07/05/2001 | Review memo re case law on Frenville and treatment of indemnification claims arising out of contract; review Pinnacle Brands case and office conference Irina re same (1.2); memo to the Committee re final form of By-Laws, Acknowledgement (.8). | Krieger, A. | 2.0 |
| 07/06/2001 | West law research on 11 USC 502 (c) (2), read cases | Gomelskaya, I. | 3.5 |
| 07/07/2001 | Research and draft indemnification response. | Taruschio, A. | 3.1 |
| 07/08/2001 | Research and draft indemnification response. | Taruschio, A. | 6.1 |
| 07/09/2001 | Revise and edit indemnification objection (3.7 hrs). | Taruschio, A. | 3.7 |
| 07/10/2001 | Review and revise opposition to indemnity of officers and directors | Raskin, R. | 1.5 |
| 07/11/2001 | Office conference A. Taruschio re: indemnity issues and review and revise second mark-up of objection to motion to pay d&o claims. | Raskin, R. | 0.8 |
| 07/11/2001 | Revise and send response to former employee indemnification claim (1.9); office conference with R. Raskin regarding same (.2). | Taruschio, A. | 2.1 |
| 07/12/2001 | Memorandum from A.Taruschio re First Union motion seeking assumption and telephone call A.Taruschio re Debtors' position thereon (.3). | Krieger, A. | 0.3 |
| 07/13/2001 | Memos to and from RAR re claims settlement motion | Krieger, A. | 0.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

and agreement on the terms of same (.2); memo to
and from S. Schwartz re same and submission to the
Court on 7/16/01 (.3).

| Date | Description | Name | Hours |
|---|---|---|---|
| 07/18/2001 | Telephone call and memos to and from S. Schwartz re comments to proposed form of order approving claim settlement procedures (.5). | Krieger, A. | 0.5 |
| 07/31/2001 | Telephone call S. Schwartz re draft stipulation with First Union (.1). | Krieger, A. | 0.1 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Gomelskaya, Irina | 14.8 | $ 150 | $ 2,220.00 |
| Krieger, Arlene | 3.8 | 425 | 1,615.00 |
| Raskin, Robert | 2.3 | 550 | 1,265.00 |
| Taruschio Anna | 18.1 | 245 | 4,434.50 |
| | | Total For Professional Services Rendered | $ 9,534.50 |
| | | Total for this Matter | $ 9,534.50 |

RE:   **Analysis of Pre-Petition Transactions**
      **699842. 0013**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 07/24/2001 | Sealed Air and Fresenius transactions and public information re same (1.2) | Pasquale, K. | 1.2 |
| 07/25/2001 | Internal e-mails re: investigating fraudulent transfer actions; t/c Sam Schwartz, Scott McMillan, D. J. Baker, Lewis Rosenbloom re same. | Sasson, M. | 2.0 |
| 07/26/2001 | Library re: SEC filings of spin-offs (.2); review same (4.0); outline documents sought (1.0); t/c K. Pasquale re: same; t/c Scott McMillan re: same, Lewis Rosenbloom re: same (.5). | Sasson, M. | 5.7 |
| 07/27/2001 | Continued review of SEC filings of spin-offs; K. Pasquale re: status. | Sasson, M. | 2.0 |
| 07/30/2001 | Review of SEC filings re: sealed air transactions. | Sasson, M. | 3.5 |

| <u>Summary of Hours</u> | <u>Hours</u> | <u>Rate</u> | <u>Total</u> |
|---|---|---|---|
| Pasquale, Kenneth | 1.2 | $ 475 | $ 570.00 |
| Sasson, Moshe | 13.2 | 360 | 4,752.00 |
| | Total For Professional Services Rendered | | $ 5,322.00 |
| | **Total for this Matter** | | $ 5,322.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:   **Sale of Assets**
      **699842. 0015**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/12/2001 | Office conferences A.Taruschio re preparation of objection to Debtors' omnibus sale motion (.2); review memo to the committee re pending matters; omnibus sale motion comments and telephone conferences with Sam Schwartz re Committee's concerns re sale procedures motion (.9); review of objection to sale procedures motion filed by Property Damage Committee and First Union Commercial Corp. (.3). | Krieger, A. | 1.4 |
| 07/13/2001 | Memos from and to S. Schwartz re omnibus asset sale procedures and modifications to terms (1.3); memo to RAR re discussed modifications to sale procedures motion (.3). | Krieger, A. | 1.6 |
| 07/24/2001 | Review memo from S. Schwartz re recent asset sales and telephone call S. Schwartz re same and internal authorization procedures (.6); memo to RAR, LK re above (.1). | Krieger, A. | 0.7 |
| 07/25/2001 | Review correspondence from Sam Schwartz re Grace's corporate authority policy (.4); office conference LK re same (.1); correspondence to T. Maher re same (.2); memorandum from and to S. Schwartz re modification to sale procedures (1.50); correspondence to T. Maher re Grace policy on acquisitions and divestures (.2). | Krieger, A. | 2.4 |
| 07/26/2001 | Memo to T. Maher re proposed resolution of concerns on Debtors' motion establishing omnibus sale procedures (.3); telephone call S. Schwartz re officers' certificates and filing of quarterly reports (.3); telephone call T. Maher re same (.1). | Krieger, A. | 0.7 |
| 07/31/2001 | Telephone call S. Schwartz re additional proposed modifications to the ominibus sale procedures and prepare a memorandum to the Committee setting forth the modifications (1.5). | Krieger, A. | 1.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 8.3 | $ 425 | $ 3,527.50 |
| Total For Professional Services Rendered | | | $ 3,527.50 |
| Total for this Matter | | | $ 3,527.50 |

**RE:   Travel**
  **699842. 0025**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 07/19/2001 | Travel to court for hearings before Judge Farnan during which the agenda, Pinnacle Brands case, indemnificaton related pleadings and other matters were reviewed (2.5); travel back to SSL offices following hearings during which began to draft Committee's objection to the terms of the Asbestos Property Damage Committee's retention of Conway, Del Genio (2.3). | Krieger, A. | 4.8 |
| 07/19/2001 | Preparation for and attended court hearing on pending motions and related travel | Pasquale, K. | 6.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 4.8 | $ 425 | $ 2,040.00 |
| Pasquale, Kenneth | 6.0 | 475 | 2,850.00 |
| Total For Professional Services Rendered | | | $ 4,890.00 |
| **Total for this Matter** | | | $ 4,890.00 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

## STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

### SERVICE AND EXPENSE REMITTANCE SUMMARY

|  | |
|---|---|
| **Invoice Date:** | August 30, 2001 |
| **Invoice Number:** | 240462 |

**RE:    699842 W R Grace & Co**

| | |
|---|---|
| Total For Professional Services Rendered | 94,753.00 |
| **Total Bill** | **$ 94,753.00** |

Please return this page with your remittance and please reference
the client/matter number on all related correspondence.

Amount Paid:  $_____

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**EXHIBIT C**

**W.R.GRACE & Co.**
**Summary of Fees**
**July 1, Through July 31; 2001**

| Summary of Hours | Hours | Rate | | Amount |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Kruger, Lewis | 1.0 | 650 | $ | 650.00 |
| Pasqualen, Kenneth | 18.8 | 475 | $ | 8,930.00 |
| Raskin, Robert | 21.2 | 550 | $ | 11,660.00 |
| | | | | |
| **ASSOCIATES** | | | | |
| | | | | |
| Krieger, Arlene | 82.4 | 425 | $ | 35,020.00 |
| Sasson, Moshe | 34.0 | 360 | $ | 12,240.00 |
| Taruschio Anna | 78.4 | 245 | $ | 19,208.00 |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| | | | | |
| Defreitas, Vaughn | 8.5 | 100 | $ | 850.00 |
| Gomelskaya, Irina | 14.8 | 150 | $ | 2,220.00 |
| Serrette, Rosemarie | 26.5 | 150 | $ | 3,975.00 |
| Sub Total | 285.6 | | $ | 94,753.00 |
| | | | | |
| **Less 50% Travel** | | | | |
| Kreiger, Arlene | -2.4 | 425 | $ | (1,020.00) |
| Pasquale, Kenneth | -3.0 | 475 | $ | (1,425.00) |
| | | | | |
| **Total** | **280.2** | | $ | **92,308.00** |

**EXHIBIT D**

**W.R.GRACE**
**SUMMARY OF DISBURSEMENTS**
**JULY1, THROUGH JULY 31, 2001**

| Bill Disbursement Summary | | AMOUNT |
|---|---|---|
| Outside Messenger Service | $ | 212.70 |
| Meals | $ | 26.83 |
| Local Transportation | $ | 483.74 |
| Long Distance Telephone | $ | 1,471.72 |
| Duplicating Costs-in House | $ | 773.80 |
| Lexis/Nexis | $ | 1,146.51 |
| Facsimile Charges | $ | 249.00 |
| Travel Expenses - Transportation | $ | 292.00 |
| Westlaw | $ | 488.07 |
| | | |
| Total Disbursements | $ | 5,144.37 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

Run Date: 8/31/01 4:36 PM

Case 01-01139-AMC   Doc 1068-2   Filed 11/01/01   Page 57 of 62

W R Grace & Co
From 1/1/01 to 7/31/01

Report: SS_Disb1

Page 1

| Client.Matter | Date | Amount | Code | Description |
|---|---|---|---|---|
| 699842.0002 | 7/2/01 | 15.33 | 01 | Federal Express T#814860882339 A KRIEGER to: DENNETH PASZUALE OCEAN CITY,MD |
| 699842.0002 | 7/11/01 | 12.37 | 01 | 06/29/2001 Federal Express T#814154241658 R SERRETTE to: SHELLEY A. HOLLINGHEAD |
| 699842.0002 | 7/19/01 | 9.40 | 01 | Federal Express T#814154274226 R SERRETTE to: SHELLY ANN HAKIM LANSDOWNE,PA |
| 699842.0002 | 7/20/01 | 9.40 | 01 | Federal Express T#814154274237 R SERRETTE to: MICHAEL MACCO HUNTINGTON,NY |
| 699842.0002 | 7/25/01 | 1.92 | 01 | FedEx Log 05/29/01 R.SERETTE TO M.LASTOWSKI |
| 699842.0002 | 7/26/01 | 141.82 | 01 | VENDOR: Pacer Service Center; INVOICE#: SS0647; DATE: 6/30/01 4/1/01-6/30/01 |
| 699842.0002 | 7/31/01 | 9.40 | 01 | Federal Express 7/26/01 Shelley Hollinghead Suite 1200 Wilmington |
| 699842.0002 | 7/31/01 | 13.06 | 01 | Federal Express 7/27/01 Shelly Hollinghead Wilmington, DE |
| | Code Total | 212.70 | | |
| 699842.0002 | 7/19/01 | 21.33 | 04 | VENDOR: Petty Cash; INVOICE#: 07/10/01; DATE: 7/19/01 07/08/01  NY PETTY CASH  A.TARUSCHIO |
| 699842.0002 | 7/20/01 | 5.50 | 04 | VENDOR: Petty Cash; INVOICE#: 07/13/01; DATE: 7/20/01 07/06/01  NY PETTY CASH  R.SERRETTE |
| | Code Total | 26.83 | | |
| 699842.0002 | 5/31/01 | 74.79 | 05 | NYC Two Ways Inc. PASQUALE 05/22/01 20:53 M from 180 MAIDEN LA to NJ SUMMIT |
| 699842.0002 | 7/9/01 | 21.09 | 05 | NYC Two Ways Inc. PASQUALE 05/22/01 14:00 M from 270 PARK AVE to NO SHOW M |
| 699842.0002 | 7/9/01 | 19.71 | 05 | NYC Two Ways Inc. RASKIN 06/21/01 12:01 M from 180 MAIDEN LA to 343 7 AVE M |
| 699842.0002 | 7/9/01 | 24.60 | 05 | NYC Two Ways Inc. KRIEGER 06/25/01 20:57 M from 180 MAIDEN LA to E 80 ST M |
| 699842.0002 | 7/11/01 | 20.69 | 05 | NYC Two Ways Inc. RASKIN 06/23/01 14:02 M from 180 MAIDEN LA to 875 3 AVE M |
| 699842.0002 | 7/11/01 | 41.88 | 05 | NYC Two Ways Inc. SERRETTE 06/25/01 22:30 M from 180 MAIDEN LA to SOUTH RICHMON |
| 699842.0002 | 7/11/01 | 38.31 | 05 | NYC Two Ways Inc. SERRETTE 06/29/01 19:42 M from 180 MAIDEN LA to SOUTH RICHMON |
| 699842.0002 | 7/17/01 | 24.60 | 05 | NYC Two Ways Inc. KRIEGER 06/27/01 20:59 M from 180 MAIDEN LA to E 80 ST M |
| 699842.0002 | 7/17/01 | 38.31 | 05 | NYC Two Ways Inc. SERRETTE 07/06/01 19:30 M from 180 MAIDEN LA to SOUTH RICHMON |
| 699842.0002 | 7/19/01 | 45.00 | 05 | VENDOR: Petty Cash; INVOICE#: 07/10/01; DATE: 7/19/01 07/07 & 07/08  NY PETTY CASH  A.TARUSCHIO |
| 699842.0002 | 7/27/01 | 23.62 | 05 | NYC Two Ways Inc. TARUSCHIO 07/09/01 20:12 M from 180 MAIDEN LA to E 74 ST M |
| 699842.0002 | 7/31/01 | 19.71 | 05 | NYC Two Ways Inc. KRIEGER 07/19/01 0:55 M from 180 MAIDEN LA to 401 7 AVE M |
| 699842.0002 | 7/31/01 | 42.23 | 05 | NYC Two Ways Inc. HENNELLY 07/25/01 20:06 M from 180 MAIDEN LA to JAMAICA QU |
| 699842.0002 | 7/31/01 | 24.60 | 05 | NYC Two Ways Inc. KRIEGER 07/19/01 20:06 M from 180 MAIDEN LA to E 90 ST M |
| 699842.0002 | 7/31/01 | 24.60 | 05 | NYC Two Ways Inc. KRIEGER 07/18/01 20:40 M from 180 MAIDEN LA to E 80 ST M |
| | Code Total | 483.74 | | |
| 699842.0002 | 7/2/01 | 0.70 | 07 | VENDOR: Petty Cash; INVOICE#: 06/29/01; DATE: 7/2/01 05/19/01  NY PETTY CASH  L.KRUGER |
| 699842.0002 | 7/2/01 | 1.76 | 07 | VENDOR: Petty Cash; INVOICE#: 06/29/01; DATE: 7/2/01 04/19/01  NY PETTY CASH  L.KRUGER |
| 699842.0002 | 7/2/01 | 0.65 | 07 | EXTN.5544, TEL.302-654-5180, S.T.10:32, DUR.01:48 |
| 699842.0002 | 7/2/01 | 2.10 | 07 | VENDOR: Petty Cash; INVOICE#: 06/29/01; DATE: 7/2/01 05/08/01  NY PETTY CASH  L.KRUGER |
| 699842.0002 | 7/3/01 | 0.32 | 07 | EXTN.5634, TEL.302-657-4942, S.T.11:36, DUR.00:54 |

Run Date: 8/31/01 4:36 PM
Client Disbursement Charge Record
W R Grace & Co
Report: SS_Disb1
Case 01-01139-AMC   Doc 1068-2   Filed 11/01/01   Page 58 of 62   Page 2
From 1/1/01 to 7/31/01

| Client.Matter | Date | Amount | Code | Description |
|---|---|---|---|---|
| 699842.0002 | 7/3/01 | 0.32 | 07 | EXTN.5544, TEL.973-424-2031, S.T.16:21, DUR.00:18 |
| 699842.0002 | 7/3/01 | 0.32 | 07 | EXTN.5634, TEL.973-424-2000, S.T.11:34, DUR.00:42 |
| 699842.0002 | 7/3/01 | 0.65 | 07 | EXTN.5634, TEL.302-657-4942, S.T.15:18, DUR.01:12 |
| 699842.0002 | 7/5/01 | 0.97 | 07 | EXTN.3430, TEL.973-424-2000, S.T.11:11, DUR.03:00 |
| 699842.0002 | 7/5/01 | 0.32 | 07 | EXTN.3544, TEL.973-424-2031, S.T.16:09, DUR.00:36 |
| 699842.0002 | 7/5/01 | 0.32 | 07 | EXTN.3430, TEL.973-424-2000, S.T.11:15, DUR.00:06 |
| 699842.0002 | 7/5/01 | 0.97 | 07 | EXTN.5422, TEL.312-861-2124, S.T.16:36, DUR.02:54 |
| 699842.0002 | 7/6/01 | 0.65 | 07 | EXTN.5511, TEL.973-424-2031, S.T.10:26, DUR.01:06 |
| 699842.0002 | 7/6/01 | 0.32 | 07 | EXTN.5492, TEL.310-556-5911, S.T.12:17, DUR.00:36 |
| 699842.0002 | 7/6/01 | 0.65 | 07 | EXTN.5492, TEL.302-657-4900, S.T.11:57, DUR.01:24 |
| 699842.0002 | 7/9/01 | 0.32 | 07 | EXTN.5422, TEL.312-861-2124, S.T.16:09, DUR.00:42 |
| 699842.0002 | 7/9/01 | 3.24 | 07 | EXTN.5422, TEL.312-861-2490, S.T.16:53, DUR.09:24 |
| 699842.0002 | 7/9/01 | 0.65 | 07 | EXTN.5562, TEL.312-861-2124, S.T.11:23, DUR.01:12 |
| 699842.0002 | 7/9/01 | 0.32 | 07 | EXTN.5422, TEL.312-861-2124, S.T.15:22, DUR.00:24 |
| 699842.0002 | 7/9/01 | 0.32 | 07 | EXTN.5422, TEL.312-861-2124, S.T.10:39, DUR.00:30 |
| 699842.0002 | 7/9/01 | 0.32 | 07 | EXTN.5422, TEL.305-350-2403, S.T.10:42, DUR.00:48 |
| 699842.0002 | 7/9/01 | 0.32 | 07 | EXTN.5422, TEL.312-861-2164, S.T.15:10, DUR.00:06 |
| 699842.0002 | 7/10/01 | 0.65 | 07 | EXTN.5492, TEL.201-384-1279, S.T.11:54, DUR.02:00 |
| 699842.0002 | 7/10/01 | 1.62 | 07 | EXTN.5492, TEL.908-604-5959, S.T.11:49, DUR.04:48 |
| 699842.0002 | 7/10/01 | 1.62 | 07 | EXTN.5492, TEL.312-861-2000, S.T.11:41, DUR.04:48 |
| 699842.0002 | 7/10/01 | 0.65 | 07 | EXTN.5562, TEL.973-424-2000, S.T.17:56, DUR.01:42 |
| 699842.0002 | 7/10/01 | 0.65 | 07 | EXTN.5562, TEL.312-861-2124, S.T.16:05, DUR.01:06 |
| 699842.0002 | 7/10/01 | 0.32 | 07 | EXTN.5492, TEL.941-355-3076, S.T.15:34, DUR.00:24 |
| 699842.0002 | 7/10/01 | 0.65 | 07 | EXTN.5422, TEL.732-390-9000, S.T.11:03, DUR.01:12 |
| 699842.0002 | 7/10/01 | 0.65 | 07 | EXTN.5492, TEL.302-657-4900, S.T.11:38, DUR.01:54 |
| 699842.0002 | 7/11/01 | 0.32 | 07 | EXTN.5562, TEL.973-424-2031, S.T.09:44, DUR.00:54 |
| 699842.0002 | 7/11/01 | 0.97 | 07 | EXTN.5634, TEL.302-657-4942, S.T.10:06, DUR.02:06 |
| 699842.0002 | 7/11/01 | 0.65 | 07 | EXTN.5562, TEL.973-424-2000, S.T.09:00, DUR.01:42 |
| 699842.0002 | 7/11/01 | 0.32 | 07 | EXTN.5492, TEL.201-384-1279, S.T.12:23, DUR.00:06 |
| 699842.0002 | 7/11/01 | 0.32 | 07 | EXTN.5760, TEL.302-657-4900, S.T.15:56, DUR.00:06 |
| 699842.0002 | 7/11/01 | 0.32 | 07 | EXTN.6408, TEL.312-861-2124, S.T.15:37, DUR.00:36 |
| 699842.0002 | 7/12/01 | 1.30 | 07 | EXTN.5634, TEL.312-861-3103, S.T.10:44, DUR.03:54 |
| 699842.0002 | 7/12/01 | 0.97 | 07 | EXTN.5492, TEL.201-384-1279, S.T.09:53, DUR.02:24 |
| 699842.0002 | 7/12/01 | 0.65 | 07 | EXTN.5634, TEL.302-657-4924, S.T.15:12, DUR.01:06 |
| 699842.0002 | 7/12/01 | 0.32 | 07 | EXTN.5634, TEL.302-657-4942, S.T.11:17, DUR.00:36 |
| 699842.0002 | 7/12/01 | 0.32 | 07 | EXTN.5885, TEL.908-507-1632, S.T.09:58, DUR.00:54 |
| 699842.0002 | 7/17/01 | 0.32 | 07 | EXTN.5562, TEL.302-657-4942, S.T.17:19, DUR.00:54 |
| 699842.0002 | 7/17/01 | 0.32 | 07 | EXTN.5006, TEL.214-840-5333, S.T.16:53, DUR.00:30 |
| 699842.0002 | 7/18/01 | 0.32 | 07 | EXTN.5562, TEL.973-424-2031, S.T.14:15, DUR.00:18 |
| 699842.0002 | 7/18/01 | 0.32 | 07 | EXTN.5562, TEL.302-657-4942, S.T.14:11, DUR.00:24 |
| 699842.0002 | 7/18/01 | 2.27 | 07 | EXTN.5492, TEL.973-424-2017, S.T.16:01, DUR.06:54 |
| 699842.0002 | 7/19/01 | 1.30 | 07 | EXTN.5422, TEL.312-269-4050, S.T.14:45, DUR.03:12 |
| 699842.0002 | 7/19/01 | 0.97 | 07 | EXTN.5422, TEL.908-507-1632, S.T.17:49, DUR.02:12 |
| 699842.0002 | 7/19/01 | 0.65 | 07 | EXTN.5422, TEL.305-350-2403, S.T.17:51, DUR.01:06 |
| 699842.0002 | 7/19/01 | 0.32 | 07 | EXTN.5422, TEL.216-586-7175, S.T.18:46, DUR.00:12 |
| 699842.0002 | 7/19/01 | 0.97 | 07 | EXTN.3544, TEL.312-861-3103, S.T.16:13, DUR.02:24 |
| 699842.0002 | 7/19/01 | 0.65 | 07 | EXTN.5422, TEL.305-350-2403, S.T.10:26, DUR.01:42 |

Run Date: 8/31/01  4:36 PM
Report: SS_Disb1

W R Grace & Co
Case 01-01139-AMC   Doc 1068-2 Filed 11/01/01   Page 59 of 62
From 1/1/01 to 7/31/01
Page 3

| Client.Matter | Date | Amount | Code | Description |
|---|---|---|---|---|
| 699842.0002 | 7/19/01 | 0.65 | 07 | EXTN.5422, TEL.302-652-4100, S.T.11:28, DUR.01:54 |
| 699842.0002 | 7/19/01 | 0.97 | 07 | EXTN.5422, TEL.302-657-4942, S.T.11:31, DUR.02:06 |
| 699842.0002 | 7/20/01 | 0.32 | 07 | EXTN.5422, TEL.973-424-2031, S.T.10:27, DUR.00:30 |
| 699842.0002 | 7/20/01 | 1.94 | 07 | EXTN.5422, TEL.305-350-2403, S.T.16:37, DUR.05:06 |
| 699842.0002 | 7/20/01 | 0.32 | 07 | EXTN.5422, TEL.302-350-2403, S.T.16:37, DUR.00:06 |
| 699842.0002 | 7/20/01 | 0.97 | 07 | EXTN.5422, TEL.973-424-2031, S.T.17:56, DUR.02:36 |
| 699842.0002 | 7/20/01 | 5.18 | 07 | EXTN.5422, TEL.312-782-3939, S.T.17:05, DUR.15:30 |
| 699842.0002 | 7/23/01 | 0.32 | 07 | EXTN.5544, TEL.312-861-2160, S.T.10:51, DUR.00:42 |
| 699842.0002 | 7/24/01 | 0.97 | 07 | EXTN.5544, TEL.312-861-2130, S.T.12:05, DUR.02:06 |
| 699842.0002 | 7/24/01 | 0.32 | 07 | EXTN.3544, TEL.312-861-3103, S.T.16:23, DUR.00:30 |
| 699842.0002 | 7/24/01 | 3.39 | 07 | Cr card calls 5/01-6/01 |
| 699842.0002 | 7/24/01 | 4.44 | 07 | Cr card calls 4/01-5/01 |
| 699842.0002 | 7/24/01 | 2.92 | 07 | EXTN.5544, TEL.201-556-4039, S.T.14:48, DUR.08:06 |
| 699842.0002 | 7/25/01 | 0.65 | 07 | EXTN.3544, TEL.201-556-4039, S.T.14:29, DUR.01:06 |
| 699842.0002 | 7/25/01 | 0.32 | 07 | EXTN.6015, TEL.312-372-2000, S.T.16:27, DUR.00:54 |
| 699842.0002 | 7/25/01 | 0.32 | 07 | EXTN.6015, TEL.312-861-2000, S.T.16:06, DUR.00:48 |
| 699842.0002 | 7/25/01 | 1.24 | 07 | EXTN.5422, TEL.818-591-7100, S.T.19:51, DUR.04:36 |
| 699842.0002 | 7/26/01 | 0.32 | 07 | EXTN.6015, TEL.312-861-2366, S.T.10:56, DUR.00:24 |
| 699842.0002 | 7/26/01 | 0.32 | 07 | EXTN.5634, TEL.302-657-4942, S.T.09:41, DUR.00:54 |
| 699842.0002 | 7/26/01 | 0.32 | 07 | EXTN.5004, TEL.305-350-2403, S.T.15:52, DUR.00:48 |
| 699842.0002 | 7/26/01 | 869.04 | 07 | VENDOR: Deraventures, Inc.; INVOICE#: 07057-02201-01; DATE: 7/5/01 Telecomm. Services 6/01 |
| 699842.0002 | 7/26/01 | 521.44 | 07 | VENDOR: Deraventures, Inc.; INVOICE#: 07057-02201-01; DATE: 7/5/01 Telecomm. Services 6/01 |
| 699842.0002 | 7/26/01 | 0.65 | 07 | EXTN.3544, TEL.312-861-3103, S.T.15:30, DUR.01:24 |
| 699842.0002 | 7/26/01 | 0.32 | 07 | EXTN.5562, TEL.202-862-5065, S.T.14:27, DUR.00:18 |
| 699842.0002 | 7/26/01 | 0.65 | 07 | EXTN.5544, TEL.973-216-9505, S.T.11:29, DUR.01:42 |
| 699842.0002 | 7/26/01 | 1.30 | 07 | EXTN.5544, TEL.312-861-3103, S.T.10:06, DUR.03:36 |
| 699842.0002 | 7/27/01 | 1.62 | 07 | EXTN.5492, TEL.302-573-6972, S.T.14:24, DUR.04:48 |
| 699842.0002 | 7/27/01 | 1.94 | 07 | EXTN.5492, TEL.201-556-4039, S.T.14:29, DUR.05:06 |
| 699842.0002 | 7/27/01 | 0.65 | 07 | EXTN.5435, TEL.216-622-5610, S.T.12:11, DUR.01:30 |
| 699842.0002 | 7/27/01 | 2.27 | 07 | EXTN.3544, TEL.201-556-4039, S.T.13:33, DUR.06:06 |
| 699842.0002 | 7/27/01 | 0.97 | 07 | EXTN.5634, TEL.302-657-4942, S.T.13:36, DUR.02:54 |
| 699842.0002 | 7/27/01 | 0.65 | 07 | EXTN.5634, TEL.302-657-4924, S.T.15:16, DUR.01:06 |
| 699842.0002 | 7/30/01 | 0.32 | 07 | EXTN.5422, TEL.312-861-2124, S.T.10:14, DUR.00:36 |
| 699842.0002 | 7/30/01 | 2.92 | 07 | EXTN.5422, TEL.305-350-2403, S.T.11:19, DUR.09:00 |
| 699842.0002 | 7/30/01 | 0.32 | 07 | EXTN.5634, TEL.302-657-4924, S.T.11:30, DUR.00:30 |
| 699842.0002 | 7/30/01 | 0.32 | 07 | EXTN.5492, TEL.302-657-4900, S.T.17:24, DUR.00:36 |
| 699842.0002 | 7/30/01 | 0.65 | 07 | EXTN.5492, TEL.201-556-4039, S.T.12:08, DUR.01:48 |
| 699842.0002 | 7/31/01 | 1.30 | 07 | EXTN.5544, TEL.312-861-3103, S.T.16:22, DUR.04:00 |
| | Code Total | 1,471.72 | | |
| 699842.0002 | 7/2/01 | 23.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/2/01 | 2.40 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/7/01 | 2.10 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/9/01 | 11.40 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/9/01 | 10.00 | 09 | Duplicating Costs-in House |

Run Date: 8/31/01 4:36 PM

Case 01-01139-AMC    Doc 1068-2  Filed 11/01/01    Page 60 of 62

W R Grace & Co
From 1/1/01 to 7/31/01

Report: SS_Disb1

Page 4

| Client.Matter | Date | Amount | Code | Description |
|---|---|---|---|---|
| 699842.0002 | 7/10/01 | 6.30 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/10/01 | 0.70 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/11/01 | 7.80 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 3.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 1.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 23.70 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 19.30 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 17.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 4.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 0.70 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/12/01 | 3.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/13/01 | 6.30 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/13/01 | 0.80 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/16/01 | 96.10 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/16/01 | 0.70 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/16/01 | 22.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/16/01 | 12.90 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/17/01 | 12.90 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/17/01 | 21.30 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/17/01 | 5.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/17/01 | 30.60 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/17/01 | 0.90 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/17/01 | 0.90 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/18/01 | 1.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/18/01 | 4.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/18/01 | 1.40 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/18/01 | 9.40 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/18/01 | 2.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/18/01 | 2.40 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/19/01 | 7.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/19/01 | 42.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/19/01 | 3.90 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/19/01 | 1.30 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/20/01 | 5.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/20/01 | 8.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/24/01 | 1.40 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/24/01 | 1.80 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/24/01 | 3.70 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/24/01 | 3.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/25/01 | 2.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/25/01 | 0.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/25/01 | 1.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/25/01 | 2.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/26/01 | 2.10 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/26/01 | 12.80 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/26/01 | 11.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/26/01 | 7.10 | 09 | Duplicating Costs-in House |

Run Date: 8/31/01 4:36 PM

Client Disbursement/Charge Records

Report: SS_Disb1

Case 01-01139-AMC    Doc 1068-2    Filed 11/01/01    Page 61 of 62

W R Grace & Co
From 1/1/01 to 7/31/01

Page 5

| Client.Matter | Date | Amount | Code | Description |
|---|---|---|---|---|
| 699842.0002 | 7/26/01 | 7.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/26/01 | 10.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 48.30 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 26.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 6.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 2.90 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 23.00 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 5.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 32.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/27/01 | 1.60 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/30/01 | 2.80 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/30/01 | 72.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/30/01 | 28.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/31/01 | 4.50 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/31/01 | 0.20 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/31/01 | 4.10 | 09 | Duplicating Costs-in House |
| 699842.0002 | 7/31/01 | 12.00 | 09 | Duplicating Costs-in House |
| | Code Total | 773.80 | | |
| 699842.0002 | 7/3/01 | 48.00 | 29 | Lexis/Nexis |
| 699842.0002 | 7/4/01 | 58.08 | 29 | Lexis/Nexis |
| 699842.0002 | 7/5/01 | 58.08 | 29 | Lexis/Nexis |
| 699842.0002 | 7/6/01 | 28.11 | 29 | Lexis/Nexis |
| 699842.0002 | 7/6/01 | 40.72 | 29 | Lexis/Nexis |
| 699842.0002 | 7/7/01 | 28.07 | 29 | Lexis/Nexis |
| 699842.0002 | 7/8/01 | 28.06 | 29 | Lexis/Nexis |
| 699842.0002 | 7/9/01 | 28.89 | 29 | Lexis/Nexis |
| 699842.0002 | 7/10/01 | 58.08 | 29 | Lexis/Nexis |
| 699842.0002 | 7/11/01 | 58.11 | 29 | Lexis/Nexis |
| 699842.0002 | 7/12/01 | 28.21 | 29 | Lexis/Nexis |
| 699842.0002 | 7/13/01 | 28.13 | 29 | Lexis/Nexis |
| 699842.0002 | 7/14/01 | 28.10 | 29 | Lexis/Nexis |
| 699842.0002 | 7/15/01 | 28.06 | 29 | Lexis/Nexis |
| 699842.0002 | 7/16/01 | 28.14 | 29 | Lexis/Nexis |
| 699842.0002 | 7/17/01 | 28.15 | 29 | Lexis/Nexis |
| 699842.0002 | 7/18/01 | 28.19 | 29 | Lexis/Nexis |
| 699842.0002 | 7/19/01 | 28.10 | 29 | Lexis/Nexis |
| 699842.0002 | 7/20/01 | 28.15 | 29 | Lexis/Nexis |
| 699842.0002 | 7/21/01 | 28.08 | 29 | Lexis/Nexis |
| 699842.0002 | 7/22/01 | 28.08 | 29 | Lexis/Nexis |
| 699842.0002 | 7/23/01 | 28.11 | 29 | Lexis/Nexis |
| 699842.0002 | 7/24/01 | 28.10 | 29 | Lexis/Nexis |
| 699842.0002 | 7/25/01 | 28.12 | 29 | Lexis/Nexis |
| 699842.0002 | 7/26/01 | 88.12 | 29 | Lexis/Nexis |
| 699842.0002 | 7/27/01 | 58.09 | 29 | Lexis/Nexis |
| 699842.0002 | 7/28/01 | 28.11 | 29 | Lexis/Nexis |

| Client.Matter | Date | Amount | Code | Description |
|---|---|---|---|---|
| 699842.0002 | 7/29/01 | 28.07 | 29 | Lexis/Nexis |
| 699842.0002 | 7/30/01 | 28.08 | 29 | Lexis/Nexis |
| 699842.0002 | 7/31/01 | 88.12 | 29 | Lexis/Nexis |
| | Code Total | 1,146.51 | | |
| 699842.0002 | 7/10/01 | 4.00 | 32 | FAX # 479-6275 |
| 699842.0002 | 7/11/01 | 9.00 | 32 | FAX # 973-424-2001 |
| 699842.0002 | 7/25/01 | 8.00 | 32 | FAX # 622-3783 |
| 699842.0002 | 7/26/01 | 1.00 | 32 | FAX # 404-332-4058 |
| 699842.0002 | 7/26/01 | 35.00 | 32 | FAX # 208-336-0003 |
| 699842.0002 | 7/26/01 | 35.00 | 32 | FAX # 302-656-2769 |
| 699842.0002 | 7/26/01 | 14.00 | 32 | FAX # 570-1803 |
| 699842.0002 | 7/26/01 | 36.00 | 32 | FAX # 714-436-2800 |
| 699842.0002 | 7/26/01 | 35.00 | 32 | FAX # 201-703-4152 |
| 699842.0002 | 7/26/01 | 35.00 | 32 | FAX # 622-3783 |
| 699842.0002 | 7/26/01 | 37.00 | 32 | FAX # 404-332-4058 |
| | Code Total | 249.00 | | |
| 699842.0002 | 7/3/01 | 21.00 | 33 | VENDOR: Robert Raskin; INVOICE#: 06/25/01; DATE: 7/3/01 06/22 TRIP TO DELAWARE FOR COURT HEARING - CABFARES |
| 699842.0002 | 7/25/01 | 140.00 | 33 | VENDOR: Arlene G. Krieger; INVOICE#: 07/20/01; DATE: 7/25/01 07/19/01 TRAVEL TO WILMINGTON, DEL FOR COURT HEARING - AMTRAK |
| 699842.0002 | 7/25/01 | 5.00 | 33 | VENDOR: Arlene G. Krieger; INVOICE#: 07/20/01; DATE: 7/25/01 07/19/01 TRAVEL TO WILMINGTON, DEL FOR COURT HEARING - CABFARE |
| 699842.0002 | 7/25/01 | 126.00 | 33 | VENDOR: Ken Pasquale; INVOICE#: 07/20/01; DATE: 7/25/01 07/19 COURT HEARINGS IN WILMINGTON, DEL - AMTRAK AND PARKING |
| | Code Total | 292.00 | | |
| 699842.0002 | 7/1/01 | 30.00 | 48 | Westlaw |
| 699842.0002 | 7/2/01 | 0.00 | 48 | Westlaw |
| 699842.0002 | 7/3/01 | 30.00 | 48 | Westlaw |
| 699842.0002 | 7/6/01 | 120.00 | 48 | Westlaw |
| 699842.0002 | 7/6/01 | 30.74 | 48 | Westlaw |
| 699842.0002 | 7/8/01 | 100.75 | 48 | ; Duration 0:00:00; By LEBIEN ANNA |
| 699842.0002 | 7/8/01 | 51.66 | 48 | ; Duration 0:09:35; By SASSON MOSHE |
| 699842.0002 | 7/10/01 | 87.52 | 48 | ; Duration 0:14:24; By PASQUALE KENNETH |
| 699842.0002 | 7/19/01 | 11.18 | 48 | ; Duration 0:01:08; By LEBIEN ANNA |
| 699842.0002 | 7/26/01 | 26.22 | 48 | ; Duration 0:02:05; By LEBIEN ANNA |
| | Code Total | 488.07 | | |
| | Report Total | 5,144.37 | | |