**Exhibit B**
**[Fifth Monthly Fee Application]**

**August 1, 2001 – August 31, 2001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

W.R. Grace & Co., et al.

Debtors.

Chapter 11

Case No. 01-01139(JJF)

Jointly Administered

### FIFTH APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 1, 2001 THROUGH AUGUST 31, 2001

Name of Applicant

**Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to:

**Official Committee of Unsecured Creditors**

Date of Retention:

**April 12, 2001**

Period for which compensation and
reimbursement is sought

**August 1, 2001 – August 31, 2001**

Amount of Compensation sought as
actual, reasonable and necessary:

**$53,873.50**

Amount of Expense Reimbursement sought
as actual reasonable and necessary:

**$3,069.88**

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 37.5 hours and the corresponding compensation requested is approximately $16,295.50.[1]

This is the fifth application filed

---

[1] This is Stroock's Fifth Fee Application.  Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

SSL-DOCS1 1115023v5

**Attachment A**

**Monthly Interim Fee Applications**

|  |  | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | 10,458.14 | $72,815.20 | 10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | 5,144.37 | $73,846.40 | 5,144.37 |

**Quarterly Fee Applications**

|  |  | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318..00 | As of the date of this Application the hearing to approve compensation has not been determined | |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**W R GRACE & CO.**
**ATTACHMENT B**
**THROUGH AUGUST 31, 2001**

| Summary of Hours | Hours | Rate | Amount | No. of Years in |
|---|---|---|---|---|
| **Partners** | | | | **Position** |
| Kruger, Lewis | 0.6 | 650 | 390.00 | 31 |
| Pasquale, Kenneth | 4.7 | 475 | 2,232.50 | 3 |
| Raskin, Robert | 11.2 | 550 | 6,160.00 | 8 |
| | | | | |
| **Associates** | | | | |
| Krieger, Arlene | 89.5 | 425 | 38,037.50 | 8 |
| Taruschio Anna | 11.9 | 245 | 2,915.50 | 1 |
| | | | | |
| **Paraprofessionals** | | | | |
| Defreitas, Vaughn | 7.0 | 100 | 700.00 | 13 |
| Serrette, Rosemarie | 19.8 | 150 | 2,970.00 | 13 |
| | | | | |
| **Total** | **146.0** | | **53,873.50** | |

Blended Rate    $369.00

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

**FIFTH FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM AUGUST 1, 2001 THROUGH AUGUST 31, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a fifth interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.   INTRODUCTION

1.    By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from August 1, 2001 through August 31, 2001 (the "Fifth Monthly Period") in the aggregate amount of $53,873.50, representing 119.2 hours of professional services and 26.8 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Fifth Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $3,069.88.

2.    Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.   BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.    The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The
Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales
are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor
subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee. During the
first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its
counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter
11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP
("DM&H") as its local Delaware counsel.

6.      The United States Trustee also appointed two separate official committees to
represent the interests of claimants asserting asbestos-related personal injury claims and
asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim
Committees"). On June 18, 2001, the United States Trustee appointed an official committee to
represent the interests of equity security holders of the Debtors.

7.      By application dated May 1, 2001, Stroock sought Court approval for its retention
as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order
approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.      This is the fifth application Stroock has filed with the Court for an allowance of
compensation and reimbursement of expenses for services rendered to the Committee. This
application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and
331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]      The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
         charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.      In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment from the Debtors in the aggregate amount of $314,817.50 representing 80% of the fees and 100% of the expenses sought in the first, second and third monthly applications covering the period from April 12, 2001 through June 30, 2001. Other than those payments, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering

4

such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Fifth Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Fifth Monthly Period, their normal hourly rates, and the value of their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Fifth Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

5

### (i)    Case Administration/General – Category 0002

16.    During the Fifth Monthly Period, Stroock continued to closely monitor the items on the Court's docket for these cases to ensure that the Committee was fully informed about all pending matters and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable, and continued to engage Debtors' counsel on an on-going basis with respect to pending matters, including the status of the Debtors' request to extend their exclusive periods.

17.    Stroock has expended 13.9 hours on this category for a fee of $5,355.50.

### (ii)    Fee Application/Monthly Billing Reports –- Category 0003

18.    During the Fifth Monthly Period, Stroock prepared its Fourth Fee Application including a narrative section summarizing the services rendered during that period by Stroock and compiled and attached expense schedules. In addition, Stroock expended time preparing a second application seeking reimbursement for expenses incurred by members of the Committee, and revised forms of notices of such applications.

19.    Stroock has expended 38.8 hours on this category for a fee of $9,870.50.

### (iii)    Review of Other Professionals Fee Applications – Category 0004

20.    During the Fifth Monthly Period, Stroock revised a summary schedule of pending compensation applications and reviewed certain of the underlying monthly and interim fee applications themselves. Stroock has expended 9.3 hours on this category for a fee of $3,239.00.

### (iv)    Asbestos Litigation – Category 0005

21.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them.

6

Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Fifth Monthly Period, to thoroughly review the various pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those which may impact upon the process for, and determination of, the amount and validity of asbestos-related claims against the Debtors' estates.

22.     More specifically, during the Fifth Monthly Period, Stroock continued its review of the extensive motion, memorandum of law and related exhibits previously filed by the Debtors seeking entry of a case management order providing for the establishment of a proposed schedule and process to determine the validity of asbestos claims against the Debtors' estates, and entry of an order providing for the establishment of a bar date and approving special proof of claim and notice procedures to be utilized in these cases.  Stroock prepared a memorandum identifying its concerns with the Debtors' proposed bar date notice and related documentation and proposing modifications to be made to such documentation to satisfy such concerns.

23.     In addition, during the Fifth Monthly Period, Stroock reviewed and provided further comment in respect of a memorandum for the Committee on asbestos liabilities prepared by FTI P&M.  Stroock has expended 37.5 hours on this category for a fee of $16,295.50.

(v)     **Retention of Professionals - Category 0006**

24.     During the Fifth Monthly Period, Stroock reviewed the terms of the proposed retentions by the Debtors of the Casner & Edwards firm, and by the equity committee of Kramer Levin, and discussed with counsel for Conway Del Genio Gries & Co. LLC ("Conway"), Conway's agreement to modify the terms of its proposed employment as financial advisors to the

7

asbestos property damage committee in a manner which would satisfy the concerns raised by the Committee in its objection to the terms of such professional's retention.

25.    Stroock has expended 4.8 hours on this category for a fee of $1,776.50.

### (vi)    Creditors Committee Meetings/Conferences - Category 0007

26.    During the Fifth Monthly Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone conversations. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock thoroughly reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's concerns, and negotiated whenever and to the extent possible a consensual resolution of outstanding issues.

27.    Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.

28.    In addition during this Fifth Monthly Period, Stroock expended considerable time discussing with FTIP&M and negotiating with the Debtors the provisions of an amendment to the Confidentiality Agreement previously executed by FTIP&M in these cases.

29.    Stroock has expended 30.4 hours on this category for a fee of $12,855.50.

8

### (vii)   Court Hearings - Category 0008

30.      There was one omnibus hearing before the Court during the Fifth Monthly Period during which the Court was scheduled to hear argument on various matters, including the Debtors' motion to establish procedures for the sale or abandonment of assets of less than $5.0 million in value, and First Union Commercial Corporation's motion to compel the Debtors' assumption of the parties equipment lease. Stroock prepared for and attended the hearing before the Court.

31.      Stroock has expended 4.4 hours on this category for a fee of $2,307.50.

### (viii)   Executory Contracts/License Agreements – Category 0011

32.      During the Fifth Monthly Period, Stroock reviewed and then provided comment to the proposed form of stipulation between First Union Commercial Corporation and the Debtors to be submitted to the Court at the August 2, 2001 hearing, whereby the Debtors were agreeing to assume the parties equipment lease. Stroock has expended .6 hours on this category for a fee of $255.00.

### (ix)   Claims Analysis/Claims Objection Process – Category 0015

33.      During the Fifth Monthly Period, Stroock reviewed correspondence forwarded by the Debtors in respect of the pending chapter 11 case of Intercat, Inc, in which W.R. Grace-Conn holds an unsecured claim in an amount in excess of $22.0 million. In addition, during this period, Stroock reviewed certain of the Debtors' schedules and otherwise responded to the inquiry from a creditor. Stroock has expended 2.4 hours on this category for a fee of $470.00.

### (x)   Sales of Assets – Category 0020

34.      During the prior monthly period, Stroock completed its review of the Debtors' motion seeking to establish omnibus procedures allowing them to sell or abandon assets that the

9

Debtors deemed *de minimis*, engaged the Debtors in discussions regarding the Committee's concerns regarding the procedures sought to be established by the motion, and requested additional information. The Committee eventually reached an agreement with the Debtors regarding modifications that would be made to the proposed procedures. During the Fifth Monthly Period, Stroock reviewed the form of order circulated by the Debtors and communicated comments to the Debtors on the proposed form of order.

35.    Stroock has expended 2.6 hours on this category for a fee of $1,130.00.

## IV.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

36.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(A)    The Time and Labor Required. The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

(B)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered. In this case, as in many others in

10

which the firm is involved, Stroock's effective advocacy and creative approach
have helped clarify and resolve such issues and will continue to prove beneficial.

(C)    <u>The Skill Requisite to Perform the Legal Services Properly</u>.  Stroock
believes that its recognized expertise in the area of corporate reorganization, its
ability to draw from highly experienced professionals in other areas of Stroock's
practice, and its creative approach to the resolution of issues, are and will
continue to contribute to the maximization of the distributions to the Debtors'
unsecured creditors.

(D)    <u>The Preclusion of Other Employment by Applicant Due to Acceptance of
the Case</u>.  Due to the size of Stroock's insolvency department, Stroock's
representation of the Committee has not precluded its acceptance of new clients.
However, the volume of the matters needing attention on a continuing basis has
required several of the attorneys to commit significant portions of their time to
these cases.

(E)    <u>The Customary Fee</u>.  The fee sought herein is based upon Stroock's
normal hourly rates for services of this kind.  Stroock respectfully submits that the
fee sought herein is not unusual given the magnitude and complexity of these
cases and the time expended in attending to the representation of the Committee,
and is commensurate with fees Stroock has been awarded in other cases, as well
as with fees charged by other attorneys of comparable experience.

(F)    <u>Whether the Fee is Fixed or Contingent</u>.  Pursuant to §§ 330 and 331 of
the Bankruptcy Code, all fees sought by professionals employed under § 1103 of

11

the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)     Time Limitations Imposed by Client or Other Circumstances. As already indicated, Stroock has been required to attend to the various issues arising in these cases. Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)     The Amount Involved and Results Obtained. Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys. Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the

12

area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases.

(J)     The "Undesirability" of the Case.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship.  As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.     ALLOWANCE OF COMPENSATION

37.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

38.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate

13

compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

39.     The total time spent by Stroock attorneys and paraprofessionals during the Fifth Monthly Period was 146. hours. Such services have a fair market value of $53,873.50. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

40.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Fifth Monthly Period, their normal hourly rates, and the value of their services.

41.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $3,069.88 for which Stroock respectfully requests reimbursement in full.

42.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

43.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services

14

actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

44.    Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

45.    No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

46.    Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

47.    No prior application has been made in this or in any other Court for the relief requested herein for the Fifth Monthly Period.

WHEREFORE, Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)    the allowance of compensation for professional services rendered to the Committee during the period from August 1, 2001 through and including August 31, 2001 in the amount of $53,873.50;

(b)    the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from August 1, 2001 through and including August 31, 2001 in the amount of $3,069.88; and

(c)    authorizing and directing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the

15

expenses incurred by Stroock during the period from August 1, 2001 through and

including August 31, 2001, subject to final payment of the full amount; and

(d)   granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        September 28, 2001

STROOCK & STROOCK & LAVAN LLP


/S/ _____
Lewis Kruger (LK4512)
A Member of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

16

EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

|                        |   |                        |
|------------------------|---|------------------------|
| In re:                 | ) |                        |
|                        | ) | **Chapter 11**         |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JJF)** |
|                        | ) |                        |
| **Debtors.**           | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK    )

LEWIS KRUGER, being duly sworn, deposes and says:

　　1.　　I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

　　2.　　This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's fourth monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from August 1, 2001 through and including August 31, 2001 in the aggregate amount of $56,943.38.

3.       All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from August 1, 2001 through and including August 31, 2001 and not on behalf of any other person.

4.       In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.       In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

/S/_____
LEWIS KRUGER


Sworn to before me this
28th day of September, 2001


/S/Ethel Early_____
Notary Public

Ethel Early
Notary Public, State of New York
No. 03-4650662
Qualified In Bronx County
Commission Expires March 30, 2003


-2-

# EXHIBIT B

## STROOCK & STROOCK & LAVAN LLP
### 180 Maiden Lane
### New York, NY 10038

W R Grace & Co

September 26, 2001

**FOR PROFESSIONAL SERVICES RENDERED and**
disbursements incurred for the period through August 31, 2001 in
connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0002 | General Case Administration | 13.9 | 5,355.50 |
| 0003 | Fee Application/Monthly Billing Reports | 38.8 | 9,870.50 |
| 0004 | Review of Other Professionals Fee Application | 9.3 | 3,239.00 |
| 0005 | Asbestos Litigations | 37.5 | 16,295.50 |
| 0006 | Retention of Professionals | 4.8 | 1,776.50 |
| 0007 | Creditors Committee Issues/Conferences | 30.4 | 12,855.50 |
| 0008 | Court Hearings | 4.4 | 2,307.50 |
| 0011 | Executory Contracts/License Agreements | 0.6 | 255.00 |
| 0015 | Claims Analysis/Claims Objection Process | 2.4 | 470.00 |
| 0020 | Sale of Assets | 2.6 | 1,130.00 |
| 0022 | Exclusivity | 1.3 | 318.50 |
| | **Total** | **146.0** | **53,873.50** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038

September 26, 2001
Invoice: 243548

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

---

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through August 31, 2001, including:

RE:   **General Case Administration**
      **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/01/2001 | Office conference LK re: Debtors' motion to extend exclusivity (0.1). | Krieger, A. | 0.1 |
| 08/01/2001 | T/c A. Krieger re misc. issues. | Raskin, R. | 0.2 |
| 08/03/2001 | Review correspondence re intercat (.3). | Raskin, R. | 0.3 |
| 08/03/2001 | Review email and follow-up re reclamation issues (.2). | Raskin, R. | 0.2 |
| 08/03/2001 | Review various filings in case. | Sasson, M. | 0.5 |
| 08/06/2001 | Update Cricitical Date Calendar (.5); review of filed pleadings (.2). | Serrette, R. | 0.7 |
| 08/06/2001 | Review correspondence re: Intercat claim. | Taruschio, A. | 0.2 |
| 08/07/2001 | T/c S. Schwartz, conf. call with FTI (.2), t/c Schwartz and Kapp re same (.2). | Raskin, R. | 0.4 |
| 08/07/2001 | Edit contact list; prepare expense reimbursement form and summary (.4); e-mails to Wells Fargo (.2); review proposed order establishing case management procedures (.3). | Serrette, R. | 0.9 |
| 08/08/2001 | Office conference RR re upcoming hearing before the court (.1); prepare memorandum re reclamation claim motion and schedule of claims to be paid, those invalidated.(1.0) | Krieger, A. | 1.1 |
| 08/08/2001 | T/c J. Kapp re misc. issues (.2). | Raskin, R. | 0.2 |
| 08/09/2001 | Telephone call R. Higgins re reclamation claim motion (.3); complete draft memo and schedules re reclamation motion (1.0); reveiw corrsespondence | Krieger, A. | 4.8 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Date | Description | Professional | Hours |
|---|---|---|---|
| | from J. Baer re memo and documentation of Grace's large claim in the Intercat bankruptcy case and prepare memorandum re same (3.4); memo LK, RAR re Intercat claim (.1). | | |
| 08/09/2001 | Office conference RAR re US Trustee's comment on Grace compensation application (.1). | Krieger, A. | 0.1 |
| 08/09/2001 | T/c creditor re case status (.2). | Raskin, R. | 0.2 |
| 08/10/2001 | Prepare correspondence to Janet Baer re Intercat claim (.2). | Krieger, A. | 0.2 |
| 08/10/2001 | T/c L. Kruger re misc. issues (.2). | Raskin, R. | 0.2 |
| 08/13/2001 | O/c with A. Krieger re bar date notes. | Taruschio, A. | 0.2 |
| 08/15/2001 | T/c J. Kapp re exclusivity (.2), t/c K. Pasquale re same (.1). | Raskin, R. | 0.3 |
| 08/21/2001 | Researched at AK's request prepetition credit agreement. | Defreitas, V. | 0.2 |
| 08/30/2001 | )Review Niro motion re opposition to Debtors' reclamation motion (.3); review Debtors' motion authorizing assignment and sale of Dragon Court leases and related sublease (1.6). | Krieger, A. | 2.2 |
| 08/30/2001 | Edits to Critical Date calendar. | Serrette, R. | 0.7 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 0.2 | $ 100 | $ 20.00 |
| Krieger, Arlene | 8.5 | 425 | 3,612.50 |
| Raskin, Robert | 2.0 | 550 | 1,100.00 |
| Sasson, Moshe | 0.5 | 360 | 180.00 |
| Serrette, Rosemarie | 2.3 | 150 | 345.00 |
| Taruschio Anna | 0.4 | 245 | 98.00 |

|  | Total For Professional Services Rendered | $ 5,355.50 |
|---|---|---|
|  | Total for this Matter | $ 5,355.50 |

RE:    **Fee Application/Monthly Billing Reports**
       **699842. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/13/2001 | Review of time entries in preparation of fee application (July). | Serrette, R. | 1.0 |
| 08/14/2001 | Drafted  request of 2nd committee expense reimbursement application. | Defreitas, V. | 5.3 |
| 08/15/2001 | Office conferences RS re revised form of notices for monthly and quarterly fee applications and scheduling hearing on the quarterly fees, payment of outstanding amounts (.3). | Krieger, A. | 0.3 |
| 08/15/2001 | Prepare cover sheet to fee application. | Serrette, R. | 0.4 |
| 08/16/2001 | O/c(s) RS re preparation of SSL's July fee application, preparation of revised forms of notice for applications, payment of amounts outstanding and fee hearing (0.4). | Krieger, A. | 0.4 |
| 08/16/2001 | Conference with A. Krieger re Notice (.2); edits to form of notice (.5). | Serrette, R. | 0.7 |
| 08/16/2001 | Preparation for filing of Interim Fee Application. | Serrette, R. | 1.7 |
| 08/21/2001 | Office conference AT re preparation of fee application and reviewed time records and began to draft fee application (2.4); memo from and to RS re Duane Morris fee application (.1). | Krieger, A. | 2.5 |
| 08/21/2001 | Prepare fourth fee application (4.2); o/c with A. Krieger regarding same (.4). | Taruschio, A. | 4.6 |
| 08/22/2001 | Emails from and to Rose Serrette re review payment of SSL fee application for July 2001 (.1); continue to review draft, time entries and prepare revised fee application and office conference AT re same (3.1). | Krieger, A. | 3.2 |
| 08/22/2001 | O/c with A. Krieger regarding fee application. | Taruschio, A. | 0.3 |
| 08/27/2001 | Office conference RS re preparation of SSL fee application (.2); continue to review time records and SSL Fourth Fee Application (4.3). | Krieger, A. | 4.5 |
| 08/27/2001 | Conference with A. Krieger re fee application, notice and payments (.2);  begin draft of notice (.5). | Serrette, R. | 0.7 |
| 08/28/2001 | Edits to Notices of fee applications (.9); preparation for Fourth Interim Fee Application (July) (1.0). | Serrette, R. | 1.9 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 08/29/2001 | Memos to and from S. Schwartz re payment of SSL fees and expenses and those of Committee members (.3); telephone call S. Schwartz re payment of fees (.1); office conference RS re payment of Committee expenses and SSL fees (.1). | Krieger, A. | 0.5 |
|---|---|---|---|
| 08/29/2001 | Office conference RS re SSL application and LK's review thereof (.2); prepare revised form of fee application (.5). | Krieger, A. | 0.7 |
| 08/29/2001 | Review of time entries for edit. | Serrette, R. | 0.5 |
| 08/30/2001 | Review revised exhibits to SSL fee application (.4); review revised forms of notice for interim and quarterly fee application and office conference RS re same (.4); review second application of the committee for reimbursement of expenses and office conference RS re same (.2). | Krieger, A. | 1.0 |
| 08/30/2001 | Conference with A. Krieger re Interim fee application (.1); review of same (.3). | Serrette, R. | 0.4 |
| 08/30/2001 | Review of fee schedules and edits to same; edits to Notices and Committee expense application. | Serrette, R. | 0.9 |
| 08/31/2001 | Finalize narrative section of fee application and office conference LK re same (.7); office conference RS re finalization of application and service of same (.2). | Krieger, A. | 0.9 |
| 08/31/2001 | Edits to Committee expense reimbursement (second) (1.9); edits to Notice (.9); final preparation of Stroock Fee Application and Exhibits (4.5); conference with A. Krieger re same (.2). | Serrette, R. | 6.4 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 5.3 | $ 100 | $ 530.00 |
| Krieger, Arlene | 14.0 | 425 | 5,950.00 |
| Serrette, Rosemarie | 14.6 | 150 | 2,190.00 |
| Taruschio Anna | 4.9 | 245 | 1,200.50 |
| Total For Professional Services Rendered | | | $ 9,870.50 |
| Total for this Matter | | | $ 9,870.50 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOW
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE:     **Review of Other Professionals Fee Application**
        **699842. 0004**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/01/2001 | Memorandum re: review of Caplin & Drysdale and Campbell and Levine fee applications (0.7). | Krieger, A. | 0.7 |
| 08/02/2001 | Review Blackstone application (.8). | Krieger, A. | 0.8 |
| 08/03/2001 | Memo to RAR, LK re Blackstone interim fee application (1.0). | Krieger, A. | 1.0 |
| 08/03/2001 | Review memo re Blackstone fee application (.2). | Raskin, R. | 0.2 |
| 08/07/2001 | Review of professional fee applications and prepare professional fee summary of same (1.5); conference with  A. Krieger re same (.1). | Serrette, R. | 0.6 |
| 08/08/2001 | Office conference RS re schedule and review of monthly and first interim fee application (.2). | Krieger, A. | 0.2 |
| 08/08/2001 | Conference with A. Krieger re professional fee applications (.2); review of same (.6); conference with Duane Morris re procedures and service of same (.2). | Serrette, R. | 1.0 |
| 08/09/2001 | Review Ferry and Joseph first interim and June monthly fee applications. | Krieger, A. | 0.5 |
| 08/15/2001 | Review Debtors' motion to retain Casner Edwards as special asbestos counsel (.2); review Equity Committee motion to retain Kramer Levin as bankruptcy counsel and prepare memorandum to the Committee re same (1.5); office conferences RAR re retention and telephone call counsel regarding modification of the order (.1). | Krieger, A. | 1.8 |
| 08/16/2001 | Update Professional Fee schedule (.3). | Serrette, R. | 0.3 |
| 08/24/2001 | Review fee apps of other professionals (1.2). | Taruschio, A. | 1.2 |
| 08/28/2001 | Review Ashby & Geddes final fee application and various certificates of no objection (.4). | Krieger, A. | 0.4 |
| 08/29/2001 | Reviewed U.S. Trustee's objection to Bilzn's fee (.5); telephone call RAR re US Trustee's objection (.1). | Krieger, A. | 0.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 6.0 | $ 425 | $ 2,550.00 |
| Raskin, Robert | 0.2 | 550 | 110.00 |
| Serrette, Rosemarie | 1.9 | 150 | 285.00 |
| Taruschio Anna | 1.2 | 245 | 294.00 |

Total For Professional Services Rendered    $ 3,239.00

**Total for this Matter**    $ 3,239.00

**RE:    Asbestos Litigations**
       **699842. 0005**

| Date | Description | Name | Hours |
|---|---|---|---|
| 08/07/2001 | Review various filings, e-mails re: status. | Sasson, M. | 0.5 |
| 08/08/2001 | Attention to prior testimony, reports of prospective estimation consultant to committee | Pasquale, K. | 2.0 |
| 08/08/2001 | Obtain contact information re: asbestos expert. | Sasson, M. | 0.3 |
| 08/09/2001 | Memo from and to KP re retention of expert. | Krieger, A. | 0.2 |
| 08/09/2001 | Telephone conference with prospective estimation consultant-witness (.3) | Pasquale, K. | 0.3 |
| 08/10/2001 | Conference call re status of other asbestos bankrutpcy cases | Pasquale, K. | 1.0 |
| 08/10/2001 | Conf. call re asbestos issues (.9). | Raskin, R. | 0.9 |
| 08/13/2001 | Review draft response to Debtors' motion establishing bar date procedures,  case management order and Debtors' motion and memorandum of law (3.4). | Krieger, A. | 3.4 |
| 08/14/2001 | Extensive review of Debtors' Bar Date forms, notice plan and related documentation (4.3); e-mail from C. MacCullum re asbestos claim memo and office conferences K. Pasquale re same (.3); review revised memo (.6). | Krieger, A. | 5.2 |
| 08/15/2001 | Complete review of revised FTI memorandum re asbestos claims (.8) and office conference K. Pasquale re same (.3); further revisions to memo and telephone call C. MacCullum re same (2.6); prepare memorandum to the Committee re Hawaiian asbestos | Krieger, A. | 4.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

property action settlement (.3).

| Date | Description | Name | Hours |
|---|---|---|---|
| 08/15/2001 | Office conference RAR re Hawaiian asbestos settlement (.1). | Krieger, A. | 0.1 |
| 08/15/2001 | Office conference with A. Krieger regarding revisions to Policano report to Committee on asbestos liabilities (.4). | Pasquale, K. | 0.4 |
| 08/17/2001 | Complete review of Debtors' motion, memorandum and exhibits re: case management order and bar date process and prepare comments thereon. | Krieger, A. | 5.9 |
| 08/20/2001 | Prepare memorandum re: bar date pleading revisions (4.5); telephone conference C. MacCullum re: asbestos claims memorandum and discussions regarding the confidentiality agreement (0.2). | Krieger, A. | 4.7 |
| 08/21/2001 | Revise memorandum to RAR, KP, MAS re bar date pleading modifications (.6); office conferences RAR re same (.2); memos to and from T. Maher re modifications of the bar date documentation L. Miller, L. Ryan (Wells Fargo); re proposed revisions to bar date notice, order (.6). | Krieger, A. | 1.9 |
| 08/21/2001 | Attention to information re: possible experts for asbestos/estimation issues. | Pasquale, K. | 1.0 |
| 08/21/2001 | Review comments on bar order (.3), t/c to J. Kapp re misc. (.2). | Raskin, R. | 0.5 |
| 08/22/2001 | Prepare memorandum to Same Schwartz re case management/bar date pleadings and proposed modification thereto (2.3). | Krieger, A. | 2.3 |
| 08/22/2001 | Memos from and to then conference with Lisa Miller and Lynn Ryan re advice regarding Sealed Air's payment of amounts owing under the 8% Note Indenture, discussed impact on bar date notice, order language (.8); telephone call RAR same (.1). | Krieger, A. | 0.9 |
| 08/28/2001 | Memo from T. Maher and K. Pasquale re experts for asbestos litigation (.1). | Krieger, A. | 0.1 |
| 08/29/2001 | Telephone call Janet Baer re revisions to the bar date documentation (.4); memo re discussions with J. Baer (1.0). | Krieger, A. | 1.4 |
| 08/30/2001 | Prepare correspondence to Janet Baer re Bar Date Notice mark-up (.6). | Krieger, A. | 0.5 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN. ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 30.6 | $ 425 | $ 13,005.00 |
| Pasquale, Kenneth | 4.7 | 475 | 2,232.50 |
| Raskin, Robert | 1.4 | 550 | 770.00 |
| Sasson, Moshe | 0.8 | 360 | 288.00 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | $ 16,295.50 |
| Total for this Matter | | $ 16,295.50 |

**RE:**   **Retention of Professionals**
**699842. 0006**

| Date | Description | Name | Hours |
|---|---|---|---|
| 08/02/2001 | Schedule of ordinary course professionals (.3); review statement of payment to ordinary course professionals (.2). | Krieger, A. | 0.5 |
| 08/08/2001 | Researched at AK's request order of retention (Blackstone) | Defreitas, V. | 0.3 |
| 08/08/2001 | Office conference RAR re substance of conversation with Dan Leventhal re: modification of Conway DelGenio retention provisions (.10); forward correspondence to D. Leventhal re Blackstone Order (.5). | Krieger, A. | 0.6 |
| 08/08/2001 | T/c counsel to Conway, Del Genio re terms of retention (.2). | Raskin, R. | 0.2 |
| 08/15/2001 | Researched at AK's request re: retention order of Campbell & Levine, LLC. | Defreitas, V. | 0.2 |
| 08/16/2001 | T/c messages to and from Tom Mayer re terms of Kramer Levin's retention and Equity Committee's proposed retention of Klett Rooney firm (0.1); memo to RAR re same (0.1). | Krieger, A. | 0.2 |
| 08/17/2001 | Telephone conference Tom Mayer re: retention of Klett Rooney as local counsel and conflicts issue, retention of Kramer Levin under Section 328 and forward form of order to T. Mayer (0.6). | Krieger, A. | 0.6 |
| 08/20/2001 | Telephone conference Tom Mayer re: form of order retaining Kramer Levin and Klett Rooney contact and | Krieger, A. | 0.2 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

forward correspondence to T. Mayer (0.2).

| 08/20/2001 | Review and submit draft Casner retention summary. | Taruschio, A. | 0.7 |
| 08/21/2001 | Telephone call Tom Mayer re agreement to extend the Committee's time to respond to Equity Committee's retention of Kramer Levin and prepare correspondence confirming same (.5); telephone call Tom Mayer's office's re revised order and memo to RAR re agreement on revised form of order (.3). | Krieger, A. | 0.8 |
| 08/22/2001 | Email from and to S. Schwartz re Kramer Levin order (.1); office conference RAR re retention of Casner firm (.1). | Krieger, A. | 0.2 |
| 08/28/2001 | Memo to Sam Schwartz re form of order approving the retention of Casner & Edwards, LLP and memo to M. Lastowski re same (.2). | Krieger, A. | 0.2 |
| 08/29/2001 | Memo from S. Schwartz re Debtors' agreement to modification to Casner order (.1). | Krieger, A. | 0.1 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
| --- | --- | --- | --- |
| Defreitas, Vaughn | 0.5 | $ 100 | $ 50.00 |
| Krieger, Arlene | 3.4 | 425 | 1,445.00 |
| Raskin, Robert | 0.2 | 550 | 110.00 |
| Taruschio Anna | 0.7 | 245 | 171.50 |

Total For Professional Services Rendered      $ 1,776.50

**Total for this Matter**      $ 1,776.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

RE: **Creditors Committee Issues/Conferences**
**699842. 0007**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/01/2001 | Memorandum to the Committee re: modifications to proposed omnibus sale procedures motion (.1). | Krieger, A. | 0.1 |
| 08/02/2001 | Telephone calls Edward Ordway and S. Cunningham re conference call to discuss confidentiality issues (.1) | Krieger, A. | 0.1 |
| 08/02/2001 | T/cs regarding confidentiality and misc. issues (.3). | Raskin, R. | 0.3 |
| 08/03/2001 | Office conference RAR re reclamation and related solvency defense, memo re above (.2).; t/c Ed Ordway re confidentiality issues and conference call to discuss same (.2);memo to RAR , LK re above (.1). | Krieger, A. | 0.5 |
| 08/06/2001 | Telephone calls S. Cunningham re confidentiality issues to be resolved with the Company and reviewed memo from same (5); office conference RAR re Committee memo discussing exclusivity (.1); memo to C. MacCullum re 8/7/01/ conference call on confidentiality issues (.1). | Krieger, A. | 0.7 |
| 08/07/2001 | Conference call with S. Cunningham, LK, RAR re confidentiality issues (.5); and then conference with T. Maher and then with S. Schwartz, J. Kapp re same (.5); review and circulate memo to the Committee re Debtors' exclusivity motion (.2); memos to and from S. Schwartz re exclusivity motion (.1). | Krieger, A. | 1.3 |
| 08/07/2001 | Review Debtors' reclamation motion and prepare schedule of preliminary claim amounts being objected to and other comments (2.5). | Krieger, A. | 2.5 |
| 08/07/2001 | Office conference with R. Raskin, A. Krieger, E. Ordway, S. Cunningham and T. Maher regarding debtor's desire to restrict access to information. | Kruger, L. | 0.6 |
| 08/08/2001 | Review proposed second amendment to FTI confidentiality agreement and memos to RAR re same (.6) | Krieger, A. | 0.6 |
| 08/08/2001 | Review confidentiality revisions (.2). | Raskin, R. | 0.2 |
| 08/10/2001 | Office conference RAR re response to Debtors proposed amendment to FTI Confidentiality Agreement (.1); conference call with Sean Cunningham and Ed ordway re proposed amendment and then telephone call S. Schwartz re same (.5); | Krieger, A. | 2.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN.

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| | | | |
|---|---|---|---|
| | revise memo to the Committee re reclamation claim motion (.5); review and revise K&E Amendment to FTI Confidentiality Agreement and prepare revised draft thereof (1.5). | | |
| 08/10/2001 | Review confidentiality agreement (.2), conf. call FTI re issues raised (.3), t/c S. Schwartz re same (.3). | Raskin, R. | 0.8 |
| 08/13/2001 | Review and revise proposed revised form of second amendment to Confidentiality Agreement with FTI and office conferences with LK and RAR, re same (1.4); draft correspondence to S. Schwartz, J. Kapp re Acknowledgement to By-Laws (.2); telephone calls S. Cunningham re amendment No. 2 to FTI P&M Confidentiality Agreement (.5); memo from and to S. Schwartz re composition of the Committee and Acknowledgements forwarded to him (.2); further revisions to draft Amendment No. 2 (.4); telephone calls R. Higgins re reclamation claims motion and Debtors waiver of insolvency issues for purposes of section 546(c) determinations (.6); office conferences RAR re same and further revisions to Committee memorandum (.8); review first day motion and order in connection with same (.3). | Krieger, A. | 4.4 |
| 08/13/2001 | Review revised confidentiality agreement for financial advisor (.3), o/c A. Krieger re same (.2), review revised agreement (.2). | Raskin, R. | 0.7 |
| 08/14/2001 | Telephone call Ed Ordway and C. MacCullum re revised Amendment No. 2 to the Confidentiality Agreement and further revisions to same (.8); office conference RAR re same (.1); e-mail to S. Schwartz re Amendment (.1); memo to the Committee re Debtors motion for approval of reclamation claims (.5). | Krieger, A. | 1.5 |
| 08/14/2001 | T/c Schwartz re confidentiality agreements and court schedule (.2). | Raskin, R. | 0.2 |
| 08/16/2001 | Review correspondence from Sam Schwartz re Debtors' proposed Amendment No. 2 to the FTI Confidentiality Agreement (0.2); review correspondence from C. MacCullum re FTI's proposed revised asbestos claim memorandum (0.5). | Krieger, A. | 0.7 |
| 08/16/2001 | O/c with A. Krieger re Debtors' application for retention of Casner & Edwards as special counsel (.2); review same (.9). | Taruschio, A. | 1.1 |
| 08/17/2001 | Review memo to the Committee re: retention of Kramer Levin by the Equity Committee (0.6); memo to and from RAR re: Debtors' revised confidentiality agreement (0.1); memo to RAR re: FTI's revised | Krieger, A. | 1.0 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN

ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

asbestos claim memorandum (0.1); memo to LK re:
FTI's asbestos claim memo (0.1); telephone
conference Sam Schwartz re: revised Amendment to
the FTI confidentiality agreement (0.1).

| | | | |
|---|---|---|---|
| 08/19/2001 | Review application and draft summary for committee of debtors' application to retain Casner & Edwards as special litigation counsel. | Taruschio, A. | 1.2 |
| 08/20/2001 | Telephone conference S. Schwartz re: confidentiality agreement and status of other matters (0.5); compare drafts of confidentiality agreements and office conference RAR re: same and substance of conversation with S. Schwartz re: above (0.6). | Krieger, A. | 1.1 |
| 08/20/2001 | O/c A. Krieger re confidentiality and misc. issues. | Raskin, R. | 0.3 |
| 08/21/2001 | Review the Casner retention summary memo for the Committee (.6); memo to Ed Ordway, S. Cunningham re Amendment to the Confidentiality Agreement (.4); office conference RAR re Amendment to FTI Confidentiality Agreement and telephone call S. Schwartz re same (.5); telephone call Ed Ordway re outstanding issues on the Confidentiality Agreement Amendment (.4). | Krieger, A. | 1.9 |
| 08/21/2001 | Review revised confidentiality agreement (.2), t/c to S. Schwartz re same (.4), t/c E. Ordway and A. Krieger re confidentiality and case issues (.2). | Raskin, R. | 0.8 |
| 08/21/2001 | Revise Casner retention application summary for A. Krieger. | Taruschio, A. | 0.7 |
| 08/27/2001 | Office conference LK re P&M asbestos memorandum and financial meetings (.2); review revised form of Amendment to the P&M Confidentiality Agreement and prepare memo to S. Schwartz re further modifications thereto (.7); review draft memo to the Committee re June 2001 results of operations and comments thereon and telephone call Sean Cunningham re completion of review and Debtors' confidentiality issues (1.8). | Krieger, A. | 2.7 |
| 08/28/2001 | Telephone call C. MacCullum re Asbestos Report (.1); telephone call S. Cunningham re draft analysis on June 2001 operating results.(0.5). | Krieger, A. | 0.6 |
| 08/29/2001 | Telephone call S. Schwartz re confidentiality agreement (.2);  review Debtors' motion to lift stay to permit environmental remediation (.5). | Krieger, A. | 0.1 |
| 08/29/2001 | Telephone call S. Schwartz re confidentiality agreement (.2);  review Debtors' motion to lift stay to permit environmental remediation (.5). | Krieger, A. | 0.6 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| 08/31/2001 | Office conference LK re FTI P&M asbestos claim memorandum, confidentiality agreement (.1). | Krieger, A. | 0.1 |
| 08/31/2001 | Review pending motions (.4) | Taruschio, A. | 0.4 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
| --- | --- | --- | --- |
| Krieger, Arlene | 0.1 | $ 438 | $ 52.50 |
| Krieger, Arlene | 22.4 | 425 | 9,520.00 |
| Krieger, Arlene | 0.6 | 422 | 245.00 |
| Kruger, Lewis | 0.6 | 650 | 390.00 |
| Raskin, Robert | 3.3 | 550 | 1,815.00 |
| Taruschio Anna | 3.4 | 245 | 833.00 |

Total For Professional Services Rendered    $ 12,855.50

**Total for this Matter**    $ 12,855.50

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

**RE:**     **Court Hearings**
            **699842. 0008**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/01/2001 | Office conference RAR re: 8/2/01 hearings and prepare documentation thereon (0.5). | Krieger, A. | 0.5 |
| 08/02/2001 | Office conference RAR re Hartford Insurance companies request for direction from the court with respect to making payments to Grace under pre-petition asbestos claim settlement agreement, review same and office conference RAR re same (.3); office conference RAR re hearing before Judge Farnan (.1). | Krieger, A. | 0.4 |
| 08/02/2001 | Prepare for and attend hearing in Wilmington. | Raskin, R. | 3.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 0.9 | $ 425 | $ 382.50 |
| Raskin, Robert | 3.5 | 550 | 1,925.00 |

|  | Total For Professional Services Rendered | $ 2,307.50 |
|--|------------------------------------------|------------|
|  | **Total for this Matter** | $ 2,307.50 |

**RE:**     **Executory Contracts/License Agreements**
            **699842. 0011**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/01/2001 | Review Stipulation assuming First Union equipment lease, office conference RAR re: same and telephone conference S. Schwartz re: comments to the Stipulation (0.5); review revised form of stipulation (0.1). | Krieger, A. | 0.6 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 0.6 | $ 425 | $ 255.00 |

|  | Total For Professional Services Rendered | $ 255.00 |
|--|------------------------------------------|----------|
|  | **Total for this Matter** | $ 255.00 |

RE:    **Claims Analysis/Claims Objection Process**
       **699842. 0012**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/13/2001 | Review reclamation motion summary (.2), t/c A. Krieger re obtaining information re same (.2). | Raskin, R. | 0.4 |
| 08/28/2001 | Researched at RS request claims agent in court docket; researched at request re: schedule claim (Sherwin Alumina) in summary of schedules. | Defreitas, V. | 1.0 |
| 08/29/2001 | Review of schedules and request of creditor Sherwin Alumina (.4); telephone conference with Ms. Salinas re same (.2). | Serrette, R. | 0.6 |
| 08/30/2001 | Telephone conference with creditor Sherwin Alumna re scheduled claims (.1); review of schedules (.3). | Serrette, R. | 0.4 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Defreitas, Vaughn | 1.0 | $ 100 | $ 100.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |
| Serrette, Rosemarie | 1.0 | 150 | 150.00 |

|  |  |  |  |
|--|--|--|--|
| | Total For Professional Services Rendered | | $ 470.00 |
| | **Total for this Matter** | | $ 470.00 |

RE:    **Sale of Assets**
       **699842. 0015**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/01/2001 | Review and provide comment to S. Schwartz on proposed form of omnibus sale procedures order (1.2); review further revised form of order (.3). | Krieger, A. | 1.5 |
| 08/02/2001 | Telephone call Sam Schwartz re form of modified order approving omnibus sale procedures (.5); office conferences RAR re terms of order (.1). | Krieger, A. | 0.6 |
| 08/02/2001 | T/cs A. Krieger re sales motion (.2). | Raskin, R. | 0.2 |
| 08/03/2001 | Telephone call C. Hechman re Committee objection to the Debtors' omnibus sale procedures motion (.3). | Krieger, A. | 0.3 |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 2.4 | $ 425 | $ 1,020.00 |
| Raskin, Robert | 0.2 | 550 | 110.00 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | $ 1,130.00 |

| | | |
|---|---|---|
| **Total for this Matter** | | $ 1,130.00 |

**RE:      Exclusivity**
**699842. 0022**

| Date | Description | Name | Hours |
|---|---|---|---|
| 08/24/2001 | Tc debtors' cause and oc R. Raskin re notice of motion to extend exclusivity (1.3). | Taruschio, A. | 1.3 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Taruschio Anna | 1.3 | $ 245 | $ 318.50 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | $ 318.50 |

| | | |
|---|---|---|
| **Total for this Matter** | | $ 318.50 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | 53,873.50 |

| | | |
|---|---|---|
| **Total Bill** | | **$ 53,873.50** |

ANY DISBURSEMENT/CHARGE BALANCES SHOWN ARE COMPILED FROM ORIGINAL SOURCES AS ENTERED ON OUR RECORDS TO THE BILLING DATE SHOWN
ANY DISBURSEMENTS/CHARGES INVOICED TO US OR POSTED BY US SUBSEQUENT TO THAT DATE WILL BE REFLECTED IN FUTURE BILLINGS.

.

# EXHIBIT C

| W R GRACE & CO. | | | |
|---|---|---|---|
| **SUMMARY OF FEES** | | | |
| **THROUGH AUGUST 31, 2001** | | | |
| **Summary of Hours** | **Hours** | **Rate** | **Amount** |
| **Partners** | | | |
| Kruger, Lewis | 0.6 | 650 | 390.00 |
| Pasquale, Kenneth | 4.7 | 475 | 2,232.50 |
| Raskin, Robert | 11.2 | 550 | 6,160.00 |
| | | | |
| **Associates** | | | |
| Krieger, Arlene | 89.5 | 425 | 38,037.50 |
| Sasson, Moshe | 1.3 | 360 | 468.00 |
| Taruschio Anna | 11.9 | 245 | 2,915.50 |
| | | | |
| **Paraprofessionals** | | | |
| Defreitas, Vaughn | 7.0 | 100 | 700.00 |
| Serrette, Rosemarie | 19.8 | 150 | 2,970.00 |
| | | | |
| **Total** | **146.0** | | **$ 53,873.50** |

EXHIBIT D

### STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

**September 26, 2001**
**Invoice: 243548**

**W R Grace & Co**
**7500 Grace Drive**
**Columbia, MD 21044-4098**

## Disbursement Register

| Date | Description | Amount |
|------|-------------|--------|
| **Overtime** | | |
| 08/31/2001 | 8/7 | 240.00 |
| **Overtime Total** | | **240.00** |
| **Meals** | | |
| 08/31/2001 | VENDOR: Harry's Outgoing, Inc.; INVOICE#: 073101; DATE: 7/31/01 R Serrette 7/26 | 32.95 |
| **Meals Total** | | **32.95** |
| **Local Transportation** | | |
| 08/17/2001 | NYC Two Ways Inc. KRIEGER 07/24/01 20:21 M from 180 MAIDEN LA to 80 EAST END A | 24.60 |
| 08/17/2001 | NYC Two Ways Inc. DEFREITAS 07/27/01 21:16 M from 180 MAIDEN LA to SOUTH JAMAICA | 48.10 |
| 08/17/2001 | NYC Two Ways Inc. SERRETTE 07/26/01 22:34 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 08/17/2001 | NYC Two Ways Inc. HENNELLY 07/27/01 20:44 M from 180 MAIDEN LA to JAMAICA QU | 42.23 |
| 08/22/2001 | NYC Two Ways Inc. DEFREITAS 07/25/01 20:25 M from 180 MAIDEN LA to JEROME BX | 42.23 |
| 08/22/2001 | VENDOR: Petty Cash; INVOICE#: 08/14/01; DATE: 8/22/01 08/01/01 NY PETTY CASH R.RASKIN | 17.00 |
| **Local Transportation Total** | | **212.47** |
| **Long Distance Telephone** | | |
| 08/01/2001 | VENDOR: Petty Cash; INVOICE#: 07/25/01; DATE: 8/1/01 06/16/01 NY PETTY CASH L.KRUGER | 17.12 |
| 08/01/2001 | EXTN.5544, TEL.312-861-3103, S.T.10:43, DUR.08:30 | 2.92 |

| | | |
|---|---|---|
| 08/02/2001 | EXTN.3544, TEL.312-861-3103, S.T.09:46, DUR.19:36 | 6.48 |
| 08/02/2001 | EXTN.5544, TEL.201-556-4003, S.T.17:06, DUR.02:06 | 0.97 |
| 08/02/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:09, DUR.02:24 | 0.97 |
| 08/03/2001 | EXTN.3544, TEL.201-556-4040, S.T.15:32, DUR.01:24 | 0.65 |
| 08/03/2001 | EXTN.5544, TEL.201-556-4003, S.T.15:28, DUR.01:24 | 0.65 |
| 08/06/2001 | EXTN.3544, TEL.201-556-4040, S.T.15:45, DUR.00:54 | 0.32 |
| 08/06/2001 | EXTN.5422, TEL.312-861-3103, S.T.14:05, DUR.00:18 | 0.32 |
| 08/06/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:11, DUR.00:24 | 0.32 |
| 08/06/2001 | EXTN.5422, TEL.312-861-2000, S.T.16:04, DUR.00:18 | 0.32 |
| 08/07/2001 | EXTN.5422, TEL.312-861-3103, S.T.11:27, DUR.18:00 | 5.83 |
| 08/07/2001 | EXTN.5422, TEL.312-861-2124, S.T.16:08, DUR.00:18 | 0.32 |
| 08/08/2001 | EXTN.3760, TEL.213-830-6427, S.T.11:11, DUR.00:48 | 0.32 |
| 08/08/2001 | EXTN.5422, TEL.312-861-2124, S.T.12:14, DUR.01:12 | 0.65 |
| 08/08/2001 | EXTN.5492, TEL.973-424-2000, S.T.11:04, DUR.12:12 | 4.21 |
| 08/08/2001 | EXTN.5544, TEL.312-861-2160, S.T.16:13, DUR.00:48 | 0.32 |
| 08/08/2001 | EXTN.5760, TEL.213-830-6427, S.T.11:28, DUR.00:18 | 0.32 |
| 08/09/2001 | EXTN.5562, TEL.202-371-9770, S.T.09:31, DUR.01:36 | 0.65 |
| 08/10/2001 | EXTN.5422, TEL.201-556-4040, S.T.10:35, DUR.00:06 | 0.32 |
| 08/10/2001 | EXTN.5422, TEL.201-843-4900, S.T.10:36, DUR.06:12 | 2.27 |
| 08/10/2001 | EXTN.5422, TEL.312-861-3103, S.T.10:43, DUR.10:00 | 3.24 |
| 08/10/2001 | EXTN.5422, TEL.312-269-4050, S.T.11:41, DUR.00:12 | 0.32 |
| 08/10/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:56, DUR.00:42 | 0.32 |
| 08/10/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:09, DUR.00:06 | 0.32 |
| 08/13/2001 | EXTN.3544, TEL.201-556-4040, S.T.13:10, DUR.06:06 | 2.27 |
| 08/13/2001 | EXTN.5492, TEL.973-424-2000, S.T.15:44, DUR.01:12 | 0.65 |
| 08/13/2001 | EXTN.5544, TEL.312-861-2160, S.T.12:55, DUR.13:48 | 4.54 |
| 08/14/2001 | EXTN.3430, TEL.973-424-2000, S.T.16:46, DUR.01:06 | 0.65 |
| 08/14/2001 | EXTN.3544, TEL.201-556-4003, S.T.11:13, DUR.00:30 | 0.32 |

| | | |
|---|---|---|
| 08/14/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:44, DUR.03:06 | 1.30 |
| 08/14/2001 | EXTN.5492, TEL.302-657-4900, S.T.16:38, DUR.01:06 | 0.65 |
| 08/15/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:56, DUR.00:12 | 0.32 |
| 08/15/2001 | EXTN.5422, TEL.305-206-2005, S.T.11:27, DUR.00:30 | 0.32 |
| 08/15/2001 | EXTN.5422, TEL.312-269-4050, S.T.12:03, DUR.00:18 | 0.32 |
| 08/15/2001 | EXTN.5544, TEL.201-556-4039, S.T.17:38, DUR.46:18 | 15.23 |
| 08/16/2001 | EXTN.5760, TEL.302-573-6459, S.T.12:47, DUR.00:24 | 0.32 |
| 08/17/2001 | EXTN.5544, TEL.312-861-3103, S.T.11:57, DUR.00:36 | 0.32 |
| 08/21/2001 | EXTN.3544, TEL.312-861-3103, S.T.11:39, DUR.00:24 | 0.32 |
| 08/21/2001 | EXTN.5422, TEL.312-861-2124, S.T.10:30, DUR.01:06 | 0.65 |
| 08/21/2001 | EXTN.5422, TEL.732-441-3666, S.T.12:36, DUR.00:30 | 0.32 |
| 08/21/2001 | EXTN.5544, TEL.312-861-3103, S.T.12:41, DUR.12:30 | 4.21 |
| 08/24/2001 | EXTN.5634, TEL.312-861-3130, S.T.14:27, DUR.01:06 | 0.65 |
| 08/24/2001 | EXTN.5634, TEL.312-861-2124, S.T.14:32, DUR.00:06 | 0.32 |
| 08/27/2001 | EXTN.5492, TEL.361-777-2636, S.T.17:38, DUR.03:18 | 1.30 |
| 08/28/2001 | EXTN.5492, TEL.361-777-2636, S.T.16:23, DUR.01:18 | 0.65 |
| 08/28/2001 | EXTN.5492, TEL.361-777-2636, S.T.16:40, DUR.01:24 | 0.65 |
| 08/29/2001 | EXTN.5544, TEL.312-861-3103, S.T.14:06, DUR.05:18 | 1.94 |
| 08/29/2001 | EXTN.5544, TEL.312-861-2162, S.T.15:16, DUR.19:24 | 6.48 |
| 08/30/2001 | EXTN.5492, TEL.361-777-2636, S.T.13:40, DUR.01:42 | 0.65 |
| 08/31/2001 | EXTN.5492, TEL.973-424-2000, S.T.11:23, DUR.01:18 | 0.65 |
| 08/31/2001 | EXTN.5492, TEL.703-993-8070, S.T.14:24, DUR.04:42 | 1.62 |
| 08/31/2001 | EXTN.5492, TEL.301-390-1390, S.T.15:42, DUR.00:36 | 0.32 |
| | **Long Distance Telephone Total** | **98.39** |

**Duplicating Costs-in House**

| | | |
|---|---|---|
| 08/01/2001 | | 2.00 |
| 08/01/2001 | | 6.90 |
| 08/01/2001 | | 0.10 |

| Date | Amount |
|------|--------|
| 08/01/2001 | 12.60 |
| 08/01/2001 | 1.40 |
| 08/01/2001 | 19.00 |
| 08/01/2001 | 2.30 |
| 08/01/2001 | 0.80 |
| 08/02/2001 | 0.50 |
| 08/02/2001 | 0.40 |
| 08/02/2001 | 49.20 |
| 08/02/2001 | 13.50 |
| 08/02/2001 | 6.00 |
| 08/02/2001 | 6.70 |
| 08/02/2001 | 2.40 |
| 08/02/2001 | 0.30 |
| 08/06/2001 | 0.20 |
| 08/06/2001 | 8.00 |
| 08/07/2001 | 1.80 |
| 08/07/2001 | 1.40 |
| 08/07/2001 | 3.40 |
| 08/09/2001 | 2.40 |
| 08/13/2001 | 5.60 |
| 08/13/2001 | 1.30 |
| 08/15/2001 | 0.90 |
| 08/15/2001 | 15.70 |
| 08/15/2001 | 2.00 |
| 08/15/2001 | 0.20 |
| 08/16/2001 | 1.20 |
| 08/17/2001 | 0.60 |
| 08/20/2001 | 0.60 |

| Date | | Amount |
|---|---|---|
| 08/21/2001 | | 0.80 |
| 08/21/2001 | | 0.40 |
| 08/21/2001 | | 0.20 |
| 08/21/2001 | | 0.60 |
| 08/22/2001 | | 0.30 |
| 08/23/2001 | | 30.00 |
| 08/24/2001 | | 7.40 |
| 08/28/2001 | | 0.10 |
| 08/29/2001 | | 19.10 |
| 08/29/2001 | | 83.20 |
| 08/29/2001 | | 4.40 |
| 08/30/2001 | | 0.10 |
| 08/30/2001 | | 3.20 |
| 08/31/2001 | | 54.80 |
| 08/31/2001 | | 0.10 |
| 08/31/2001 | | 0.60 |
| 08/31/2001 | | 6.10 |
| 08/31/2001 | | 1.60 |

**Duplicating Costs-in House Total**                     **382.40**

**Duplicating Costs-Outside**
08/13/2001   VENDOR: Parcels/ Virtual Docket; INVOICE#: 3085; DATE:          10.00
             7/31/01
             U.S. bankr.ct / dist of Delaware

**Duplicating Costs-Outside Total**                      **10.00**

**Postage**
08/22/2001   Postage Charged by  on 08/13/2001                             0.34

08/22/2001   Postage Charged by  on 08/13/2001                             5.15

**Postage Total**                                        **5.49**

**O/S Information Services**
08/14/2001   VENDOR: Global Securities Information, Inc; INVOICE#:          49.80
             IN000091682; DATE: 7/31/01
             Identified and Extracted W R Grace Reorg

| | | |
|---|---|---:|
| 08/14/2001 | VENDOR: Global Securities Information, Inc; INVOICE#: IN000092687; DATE: 7/31/01 7/26/01-7/27/01 | 113.65 |

| | |
|---|---:|
| **O/S Information Services Total** | **163.45** |

**Lexis/Nexis**

| | |
|---|---:|
| 08/01/2001 | 138.12 |
| 08/02/2001 | 28.08 |
| 08/03/2001 | 28.09 |
| 08/04/2001 | 28.15 |
| 08/05/2001 | 28.18 |
| 08/06/2001 | 28.07 |
| 08/07/2001 | 88.12 |
| 08/08/2001 | 28.09 |
| 08/09/2001 | 58.15 |
| 08/10/2001 | 28.08 |
| 08/11/2001 | 28.07 |
| 08/12/2001 | 28.08 |
| 08/13/2001 | 28.12 |
| 08/14/2001 | 88.12 |
| 08/15/2001 | 213.17 |
| 08/16/2001 | 28.08 |
| 08/17/2001 | 28.10 |
| 08/18/2001 | 28.07 |
| 08/19/2001 | 108.08 |
| 08/20/2001 | 28.15 |
| 08/21/2001 | 28.64 |
| 08/22/2001 | 58.10 |
| 08/23/2001 | 58.11 |
| 08/24/2001 | 83.08 |

| | |
|---|---|
| 08/25/2001 | 58.08 |
| 08/26/2001 | 28.14 |
| 08/27/2001 | 58.08 |
| 08/28/2001 | 28.10 |
| 08/29/2001 | 28.07 |
| 08/30/2001 | 58.08 |
| 08/31/2001 | 58.08 |

**Lexis/Nexis Total**     **1,631.73**

**Facsimile Charges**

| | | |
|---|---|---|
| 08/01/2001 | FAX # 312-660-0313 | 8.00 |
| 08/03/2001 | FAX # 914-234-6843 | 7.00 |
| 08/13/2001 | FAX # 312-660-0313 | 11.00 |

**Facsimile Charges Total**     **26.00**

**Travel Expenses - Transportation**

| | | |
|---|---|---|
| 06/20/2001 | VENDOR: American Express; INVOICE#: 062001A; DATE: 6/20/01 amex law trav R Raskin NYP WIL WAS 6/20 | 170.00 |
| 08/30/2001 | VENDOR: American Express; INVOICE#: 18882A; DATE: 6/20/01 lawyers trav fee R Raskin 6/20 | 35.00 |

**Travel Expenses - Transportation Total**     **205.00**

**Westlaw**

| | | |
|---|---|---|
| 08/01/2001 | Research on 7/26/01. | 20.00 |

**Westlaw Total**     **20.00**

**Word Processing - Logit**

| | |
|---|---|
| 08/14/2001 | 42.00 |

**Word Processing - Logit Total**     **42.00**

## Bill Disbursement Summary

| | |
|---|---|
| Overtime | $ 240.00 |
| Meals | 32.95 |
| Local Transportation | 212.47 |
| Long Distance Telephone | 98.39 |
| Duplicating Costs-in House | 382.40 |
| Duplicating Costs-Outside | 10.00 |
| Postage | 5.49 |
| O/S Information Services | 163.45 |
| Lexis/Nexis | 1631.73 |
| Facsimile Charges | 26.00 |
| Travel Expenses - Transportation | 205.00 |
| Westlaw | 20.00 |
| Word Processing - Logit | 42.00 |

**Total Disbursements**          3,069.88