**Exhibit C**
**[Sixth Monthly Fee Application]**

**September 1, 2001 – September 30, 2001**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

**W.R. Grace & Co., et al.**

           Debtors.

Chapter 11

Case No. 01-01139 (JJF)

Jointly Administered

### SIXTH APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM SEPTEMBER 1, 2001 THROUGH SEPTEMBER 30, 2001

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **September 1, 2001 – September 30, 2001** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$58,742.00** |
| Amount of Expense Reimbursement sought as actual reasonable and necessary: | **$6,801.32** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 15.9 hours and the corresponding compensation requested is approximately $4,146.50.[1]

This is the sixth application filed

---

[1] This is Stroock's Sixth Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**Attachment A**

**Monthly Interim Fee Applications**

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |

**Quarterly Fee Applications**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318..00 | As of the date of this Application the hearing to approve compensation has not been determined | |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

| Summary of Hours | Hours | Rate | Amount | # of Years in Position |
|---|---|---|---|---|
| **W R GRACE & COMPANY** | | | | |
| **ATTACHMENT B** | | | | |
| **THROUGH SEPTEMBER 30, 2001** | | | | |
| | | | | |
| | | | | |
| **PARTNERS** | | | | |
| Greenberg, Mayer | 1.0 | 500 | 500.00 | 2 |
| Kruger, Lewis | 4.1 | 650 | 2,665.00 | 36 |
| Levy, Mark | 13.3 | 615 | 8,179.50 | 27 |
| Pasquale, Kenneth | 6.4 | 475 | 3,040.00 | 2 |
| Raskin, Robert | 10.2 | 550 | 5,610.00 | 8 |
| | | | | |
| **ASSOCIATES** | | | | |
| Krieger, Arlene | 72.7 | 425 | 30,897.50 | 17 |
| Sasson, Moshe | 2.9 | 360 | 1,044.00 | 7 |
| Taruschio Anna | 18.8 | 245 | 4,606.00 | 3 |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Defreitas, Vaughn | 1.6 | 100 | 160.00 | 10 |
| Serrette, Rosemarie | 13.6 | 150 | 2,040.00 | 13 |
| | | | | |
| **Total** | **144.6** | | **$ 58,742.00** | |
| | | | | |
| **Blended Rate** | | **406.2** | | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

### SIXTH FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM SEPTMER 1, 2001 THROUGH SEPTEMBER 30, 2001

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a sixth interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.      By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from September 1, 2001 through September 30, 2001 (the "Sixth Monthly Period") in the aggregate amount of $58,742.00, representing 129.4 hours of professional services and 15.2 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Sixth Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $6,801.32.

2.      Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

    5.     On April 12, 2001, the United States Trustee formed the Committee. During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

    6.     The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

Committees"). On June 18, 2001, the United States Trustee appointed an official committee to

represent the interests of equity security holders of the Debtors.

    7.     By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

    8.     This is the sixth application Stroock has filed with the Court for an allowance of

compensation and reimbursement of expenses for services rendered to the Committee. This

application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and

331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.     In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment from the Debtors in the aggregate amount of $314,817.50 representing 80% of the fees and 100% of the expenses sought in the first, second and third monthly applications covering the period from April 12, 2001 through June 30, 2001. Other than those payments, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.     SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering

4

such services and in the ordinary course of Stroock's practice, and are presented in compliance

with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation

showing the name of the attorney or paraprofessional, the date on which the services were

performed, a description of the services rendered, and the amount of time spent in performing the

services during the Sixth Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit

"C" hereto contains a summary of the hours expended by each of the attorneys and

paraprofessionals during the Sixth Monthly Period, their normal hourly rates, and the value of

their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses

incurred in connection with the rendition of its professional services, all of which are also

available for inspection. A schedule of the categories of expenses and amounts for which

reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D"

is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on

behalf of the Committee were necessary and have directly benefited the creditor constituents

represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Sixth Monthly Period

is not intended to be a detailed description of the work performed, as those day-to-day services

and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is

merely an attempt to highlight certain of these areas in which services were rendered to the

Committee, as well as to identify some of the problems and issues to which Stroock was required

to direct its attention.

5

(i)     **Case Administration/General – Category 0002**

16.     During the Sixth Monthly Period, Stroock continued to closely monitor the items on the Court's docket for these cases to ensure that the Committee was fully informed about all pending matters and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable, continued to engage Debtors' counsel on an on-going basis with respect to pending matters, and responded to creditor inquiries.

17.     Stroock has expended 12.6 hours on this category for a fee of $3,465.00.

(ii)    **Fee Application/Monthly Billing Reports -- Category 0003**

18.     During the Sixth Monthly Period, Stroock prepared its Fifth Fee Application including a narrative section summarizing the services rendered during that period by Stroock and compiled and attached expense schedules.

19.     Stroock has expended 15.9 hours on this category for a fee of $4,146.50.

(iii)   **Review of Other Professionals Fee Applications – Category 0004**

20.     During the Sixth Monthly Period, Stroock reviewed recently filed fee applications including those involving Tersigni and the Pitney Hardin firm.  Stroock has expended 2.3 hours on this category for a fee of $785.00.

(iv)    **Asbestos Litigation – Category 0005**

21.     The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Sixth Monthly Period, to thoroughly review the various pleadings filed both by and against the Debtors in these Chapter 11 cases, including those which may

6

impact on the conduct of related asbestos actions against non-debtor third parties, and those which may impact upon the process for, and determination of, the amount and validity of asbestos-related claims against the Debtors' estates.

22.     As reported in prior monthly fee applications, Stroock reviewed the extensive motion, memorandum of law and related exhibits previously filed by the Debtors seeking entry of (i) a case management order providing for the establishment of a proposed schedule and process to determine the validity of asbestos claims against the Debtors' estates, and (ii) an order providing for the establishment of a bar date and approving special proof of claim and notice procedures to be utilized in these cases, and prepared a memorandum identifying the Committee's concerns with the Debtors' proposed bar date notice and related documentation and proposing modifications to be made to such documentation to satisfy such concerns.

23.     During the Sixth Monthly Period, Stroock prepared and filed a response on behalf of the Committee to the Debtors' case management/bar date pleadings, reviewed those responses filed by each of the Asbestos Claim Committees and continued to engage the Debtors in discussions over modifying the original form of the bar date documentation to address the Committee's concerns.

24.     Stroock has expended 33.9 hours on this category for a fee of $15,019.00.

(v)     **Retention of Professionals - Category 0006**

25.     As reported in the prior monthly fee application, Stroock had discussed with counsel for Conway Del Genio Gries & Co. LLC ("Conway"), Conway's agreement to modify the terms of its proposed employment as financial advisors to the asbestos property damage committee in a manner which would satisfy the concerns raised by the Committee in its objection to the terms of such professional's retention. During the Sixth Monthly Period,

7

Stroock reviewed the proposed form of revised order approving the PD Committee's retention of Conway Del Genio, and provided comments to PD Committee counsel on the form of the order. In addition, during this period, Stroock reviewed the Debtors' proposed retention of Rust Consulting Inc.

26.     Stroock has expended 4.3 hours on this category for a fee of $1,852.50.

### (vi)     Creditors Committee Meetings/Conferences - Category 0007

27.     During the Sixth Monthly Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone conversations. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock thoroughly reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's questions and concerns, and negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders.

28.     Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.

8

29.    In addition during the Sixth Monthly Period, Stroock assisted FTIP&M in concluding negotiations with the Debtors over the provisions of an amendment to the Confidentiality Agreement previously executed by FTIP&M in these cases.

30.    Stroock has expended 34.6 hours on this category for a fee of $12,344.50.

### (vii)    Financial Reports & Analysis – Category 0009

31.    During the Sixth Monthly period, Stroock reviewed the Debtors' business plan for the 2001-2005 period and FTI P&M's analysis thereof, and had numerous conversations and a meeting with representatives of FTI P&M to discuss the business plan and related issues. Stroock expended 15.8 hours on this category for a fee of $7,435.00

### (viii)    Analysis of Pre-Petition Transactions – Category 0013

32.    The Court had scheduled a hearing for the early portion of the Sixth Monthly Period to consider the joint motion filed by the asbestos property damage committee and the asbestos personal injury committee (the "Asbestos Committees' Joint Motion") seeking authority to prosecute fraudulent transfer claims against the Debtors, the response filed by Stroock on behalf of the Committee in opposition to the Asbestos Committees' Joint Motion, and the other responses filed by the Debtors and other parties. During the Sixth Monthly Period and prior to the Court's adjournment of the hearing, Stroock began to prepare for the hearing. Stroock has expended 3.4 hours on this category for a fee of $1,802.50.

### (ix)    Lift Stay Litigation – Category 0016

33.    During the Sixth Monthly Period, Stroock reviewed the Debtors' motions seeking to modify the stay to permit two pending actions to proceed through judgment and the Debtors' response to the stay relief motion filed by the Honeywell Corporation, discussed these motions

9

with Debtors' counsel and prepared a memorandum discussing the motions. Stroock has

expended 7.3 hours on this category for a fee of $3,102.50.

### (x)   Tax Issues – Category 0018

34.   During the Sixth Monthly Period, Stroock reviewed publicly available

information with particular focus on tax-related issues and information. Stroock has expended

14.5 hours on this category for a fee of $8,789.50

## IV.   FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

35.   The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance

of the full compensation sought.

(A)   The Time and Labor Required. The professional services rendered by

Stroock on behalf of the Committee have required the expenditure of substantial

time and effort, as well as a high degree of professional competence and

expertise, in order to deal with the complex issues encountered by the Committee

with skill and dispatch. Occasionally, Stroock has been required to perform these

services under significant time constraints requiring work late into the evening

and on weekends. The services rendered by Stroock were performed efficiently,

effectively and economically.

(B)   The Novelty and Difficulty of Questions. Novel and complex issues have

already arisen in the course of these Chapter 11 cases, and it can be anticipated

that other such issues will be encountered. In this case, as in many others in

10

which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

(C)     The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

(D)     The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

(E)     The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F)     Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of

11

the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)     Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has been required to attend to the various issues arising in these cases.  Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)     The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including:  Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation.  Stroock's experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the

12

area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases, and is now utilizing the expertise of its partners and associates in the tax area.

(J)     The "Undesirability" of the Case.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship.  As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.    ALLOWANCE OF COMPENSATION

36.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

37.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title.  Id.

13

The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

38.     The total time spent by Stroock attorneys and paraprofessionals during the Sixth Monthly Period was 144.6 hours. Such services have a fair market value of $58,742.00. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

39.     As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Sixth Monthly Period, their normal hourly rates, and the value of their services.

40.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $6,801.32 for which Stroock respectfully requests reimbursement in full.

41.     The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

42.     Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services

14

actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

43.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

44.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

45.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

46.     No prior application has been made in this or in any other Court for the relief requested herein for the Sixth Monthly Period.

**WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order:

(a)     the allowance of compensation for professional services rendered to the Committee during the period from September 1, 2001 through and including September 30, 2001 in the amount of $58,742.00;

(b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from September 1, 2001 through and including September 30, 2001 in the amount of $6,801.32; and

(c)     authorizing and directing the Debtor to pay as interim compensation to Stroock 80% of the amount of the professional services rendered and 100% of the

15

expenses incurred by Stroock during the period from September 1, 2001 through and including September 30, 2001, subject to final payment of the full amount; and

(d)     granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        October __, 2001

STROOCK & STROOCK & LAVAN LLP

_____
Lewis Kruger (LK4512)
A Member of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

16

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )


LEWIS KRUGER, being duly sworn, deposes and says:

1.       I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York

10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of

the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and

sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession

before this Court.

2.       This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of

Stroock's sixth monthly application for an interim allowance of compensation and for the

reimbursement of expenses for services rendered during the period from September 1, 2001

through and including September 30, 2001 in the aggregate amount of $65,543.32.

3.    All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from September 1, 2001 through and including September 30, 2001 and not on behalf of any other person.

4.    In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.    In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
LEWIS KRUGER


Sworn to before me this
2-6 day of October, 2001

_____
Notary Public

ETHEL EARLEY
Notary Public, State Of New York
No. 03-4650662
Qualified In Bronx County
Commission Expires March 30, 200 3

-2-

**EXHIBIT B**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

October 22, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through September 30, 2001
in connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0002 | General Case Administration | 12.6 | 3,465.00 |
| 0003 | Fee Application/Monthly Billing Reports | 15.9 | 4,146.50 |
| 0004 | Review of Other Professionals Fee Application | 2.3 | 785.00 |
| 0005 | Asbestos Litigations | 33.9 | 15,019.00 |
| 0006 | Retention of Professionals | 4.3 | 1,852.50 |
| 0007 | Creditors Committee Issues/Conferences | 34.6 | 12,344.50 |
| 0009 | Financial Reports & Analysis | 15.8 | 7,435.00 |
| 0013 | Analysis of Pre-Petition Transactions | 3.4 | 1,802.50 |
| 0016 | Lift Stay Litigation | 7.3 | 3,102.50 |
| 0018 | Tax Issues | 14.5 | 8,789.50 |
| | **Total** | **144.6** | **58,742.00** |

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

October 22, 2001
Invoice: 245588

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through September 30, 2001, including:

RE:     **General Case Administration**
        **699842. 0002**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/02/2001 | Telephone call with K. Kelley regarding equity committee creation (.2); Wells Fargo Committee Membership (.2). | Kruger, L. | 0.4 |
| 08/03/2001 | Telephone call with P. Brach of Bank of America regarding debt. | Kruger, L. | 0.2 |
| 08/23/2001 | Telephone call with A. Krieger regarding FTI's draft memorandum to the committee regarding their findings and observations for June 2001. | Kruger, L. | 0.3 |
| 09/05/2001 | Review recent docket entries and office conference RS re Honeywell failure Review recent docket intries and office conference RS re Honeywell other motions. (.3). | Krieger, A. | 0.3 |
| 09/05/2001 | Download of document Motion to assume leases at A. Krieger's request (.3); conference with local counsel re revision of fee request (.2); with A. Krieger re same (.1) Prepare reimbursement checks to Committee (.5); research payments for fees(.2). Review recently filed documents (.5); distribution of same (.3). | Serrette, R. | 2.1 |
| 09/07/2001 | Conference with K. Pasquale re set up conference meeting with potential expert (.2); confirm same with Committee members (.3). | Serrette, R. | 0.5 |
| 09/08/2001 | Review amended schedules of assets and liabilities and prepare memorandum re same (1.3). | Krieger, A. | 1.3 |
| 09/10/2001 | Review and updated critical list calendar. | Defreitas, V. | 1.3 |
| 09/10/2001 | Telephone call W. Sparks re compensation of | Krieger, A. | 0.3 |

professionals and office conference RS above (.3).

| Date | Description | Professional | Hours |
|---|---|---|---|
| 09/10/2001 | Review and preparation for filing of Committee's response to Case Management Motion (1.9); conferences with A. Krieger re same(.3). | Serrette, R. | 2.2 |
| 09/14/2001 | T/c J. Kapp re misc pending matter. | Raskin, R. | 0.2 |
| 09/17/2001 | Office conference RS re 9/20 hearing adjourned, preparation of updated fee applications schedule, certificates of no objection filed for SSL applications (.2). | Krieger, A. | 0.2 |
| 09/20/2001 | Correspondence to S. Cunningham re amendment to Grace-Conn's statement of financial affairs (.5). | Krieger, A. | 0.5 |
| 09/24/2001 | Review revised form of order approving assumption and rejection of contract (.2), t/c J. Kapp re issues involving confidential information (.2). | Raskin, R. | 0.4 |
| 09/25/2001 | Memos from and to D. Clement (Foster & Sear) re case management/bar date process (.6). | Krieger, A. | 0.6 |
| 09/26/2001 | T/c A. Krieger re circulation of business plan (.2). | Raskin, R. | 0.2 |
| 09/26/2001 | Review incoming pleadings. | Serrette, R. | 0.1 |
| 09/27/2001 | Researched stip & order resolving the motion of First Union Commercial Corp. | Defreitas, V. | 0.2 |
| 09/27/2001 | Review docket and update Critical Date Calendar. | Serrette, R. | 0.9 |
| 09/28/2001 | Set up telephone connection to Committee meeting (10/2/01). | Serrette, R. | 0.4 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 1.5 | $ 100 | $ 150.00 |
| Krieger, Arlene | 3.2 | 425 | 1,360.00 |
| Kruger, Lewis | 0.9 | 650 | 585.00 |
| Raskin, Robert | 0.8 | 550 | 440.00 |
| Serrette, Rosemarie | 6.2 | 150 | 930.00 |

Total For Professional Services Rendered    $ 3,465.00

**Total for this Matter**    $ 3,465.00

**RE:    Fee Application/Monthly Billing Reports**
      **699842. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/04/2001 | Stroock fee application (.3); conference with R. Raskin re same (.1); conference with S. Hollinghead re filing of Stroock fee application (.2); prepare for electronic e-filing (.3). | Serrette, R. | 1.1 |
| 09/05/2001 | Telephone calls M. Lastowski re Committee application for reimbursement of expenses and office conference RS re same (.3). | Krieger, A. | 0.3 |
| 09/19/2001 | Review time for fee application preparation (.7); office conference with R. Serrette regarding same (.3); prepare fifth fee application (.6). | Taruschio, A. | 1.6 |
| 09/22/2001 | Review/edit time records to prepare fifth fee application (.8); draft/revise fifth fee application (2.3) | Taruschio, A. | 3.1 |
| 09/24/2001 | Review time records for August 2001 and prepare fee application for August 2001 (4.5). | Krieger, A. | 4.5 |
| 09/24/2001 | Conferences with A. Krieger re August time and preparation for fee application. | Serrette, R. | 0.6 |
| 09/26/2001 | Revise time entries in preparation for interim fee application. | Serrette, R. | 0.7 |
| 09/27/2001 | Researched Stroock's July fee app at RS's request. | Defreitas, V. | 0.1 |
| 09/27/2001 | Finalize 5th interim fee application including preparation of cover page and attachment A; edits to attachment B and exhibits (3.7); email same to local counsel.(.2) | Serrette, R. | 3.9 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Defreitas, Vaughn | 0.1 | $ 100 | $ 10.00 |
| Krieger, Arlene | 4.8 | 425 | 2,040.00 |
| Serrette, Rosemarie | 6.3 | 150 | 945.00 |
| Taruschio Anna | 4.7 | 245 | 1,151.50 |

|  | Total For Professional Services Rendered | $ 4,146.50 |
|---|---|---|
|  | **Total for this Matter** | $ 4,146.50 |

**RE:**    **Review of Other Professionals Fee Application**
         **699842. 0004**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/06/2001 | Conference with M. Lastowski re fee requests and certificates of no objection (.2); conferences with A. Krieger re same (.2); review of docket re same (.3). | Serrette, R. | 0.7 |
| 09/28/2001 | Review of recently received fee applications including Tersigni, and the Pitney Hardin Firm Rust Consulting, and office conference RS re above (1.6). | Krieger, A. | 1.6 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 1.6 | $ 425 | $ 680.00 |
| Serrette, Rosemarie | 0.7 | 150 | 105.00 |

Total For Professional Services Rendered    $ 785.00

**Total for this Matter**    $ 785.00

RE:   **Asbestos Litigations**
        **699842. 0005**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/05/2001 | Office conference M. Sasson re response to Debtors' case management/bar date motion (.8); telephone call C. MacCullum re asbestos claim memorandum to be circulated to the Committee (.1); review and revise proposed response to case management/bar date motion (2.2). | Krieger, A. | 3.1 |
| 09/05/2001 | T/c A. Krieger, K. Pasquale re: response to CMO, bar date motion (.3); draft response to same (2.0). | Sasson, M. | 2.3 |
| 09/06/2001 | Prepare revised response to Debtors' case management/bar date motion (2.4); telephone calls Jan Baer re circulation of revised bar date documentation (.2); memoranda from and to KP, RAR the fraudulent transfer litigation (.3). | Krieger, A. | 2.9 |
| 09/07/2001 | Review revised bar date documentation (.8); extended telephone call Jan Baer re bar date documentation and memo to K. Pasquale, RAR re same (.8); correspondence to J. Baer re comments to revised bar date documentation (.3); further memos form and to KP and RAR re Committee's response to case management/bar date motion (.3). | Krieger, A. | 2.2 |
| 09/07/2001 | Telephone conference potential expert re meeting and issues (.2) | Pasquale, K. | 0.2 |
| 09/07/2001 | Review and revise response to bar date motion (.5), emails re comments to AGK same (.4). | Raskin, R. | 0.9 |
| 09/10/2001 | Revise response to Debtors' case management/bar date pleadings and finalize same for service and filing (3.5). | Krieger, A. | 3.5 |
| 09/10/2001 | Preparation for meeting with potential asbestos expert. | Pasquale, K. | 0.8 |
| 09/17/2001 | Attention to PD Committee's opposition to case management, bar date motions (2.0) | Pasquale, K. | 2.0 |
| 09/19/2001 | Telephone calls. Cunningham re plan meeting (.1); memo to R. Raskin, re: plan meeting (.1); review news articles re asbestos liabilities for Libby residents, property owners (.8). | Krieger, A. | 1.0 |
| 09/20/2001 | Review correspondence from D. Bernick re subpoena received by Grace in respect of Maryland Casualty action (.1). | Krieger, A. | 0.1 |
| 09/20/2001 | Memos to and from K. Pasquale, L. Kruger re | Krieger, A. | 0.4 |

rescheduling the meeting with potential experts (.4).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/21/2001 | Review news articles re asbestos claims (1.0). | Krieger, A. | 1.0 |
| 09/21/2001 | T/c re: availability; t/c for meeting with potential expert; t/c potential expert, T. Maher, SSL team re: scheduling interview. | Sasson, M. | 0.6 |
| 09/23/2001 | Review Asbestos Committees' responses to Debtors' case management/bar date pleadings. | Krieger, A. | 4.5 |
| 09/24/2001 | Memo from M. Sasson and response re rescheduled meeting with potential expert (.2); review news articles re Grace's asbestos liability (.5); office conference DW re bar date/case management issues in the Armstrong case before Judge Farnan (.2). | Krieger, A. | 0.9 |
| 09/25/2001 | O/c A. Krieger re response of asbestos committees. | Raskin, R. | 0.3 |
| 09/26/2001 | Memos to and from K. Pasquale re corporate transactions, retention of expert and then office conference KP re same (.2). | Krieger, A. | 0.2 |
| 09/26/2001 | Attention to asbestos committees' respective responses to debtor's case management and related motions (2.5) | Pasquale, K. | 2.5 |
| 09/28/2001 | Background reading on asbestos issues. | Raskin, R. | 0.5 |
| 09/29/2001 | Review article re treatment of claims in asbestos bankruptcy cases. | Krieger, A. | 1.5 |
| 09/30/2001 | Review and redact pleadings filed by property damage committee and personal injury committee in response to the motion by the debtors for bar order. | Raskin, R. | 2.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 21.3 | $ 425 | $ 9,052.50 |
| Pasquale, Kenneth | 5.5 | 475 | 2,612.50 |
| Raskin, Robert | 4.2 | 550 | 2,310.00 |
| Sasson, Moshe | 2.9 | 360 | 1,044.00 |

Total For Professional Services Rendered    $ 15,019.00

**Total for this Matter**    $ 15,019.00

**RE:**     **Retention of Professionals**
            **699842. 0006**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/06/2001 | Review proposed revised order approving the PD Committee's employment of Conway Del Genio (.7). | Krieger, A. | 0.7 |
| 09/06/2001 | Review Conway Del Genio proposed order (.2). | Raskin, R. | 0.2 |
| 09/11/2001 | Telephone call M. Mora re comments to proposed revised Conway Del Genio rentention order. | Krieger, A. | 0.1 |
| 09/13/2001 | Review proposed Conway Del Genio order and prepare mark up to comments thereon and office conference RAR re same and then forward mark-up to M. Mora (.9). | Krieger, A. | 0.9 |
| 09/20/2001 | Review correspondence from Jason Jones re revised form of Conway Del Genio order and forwarded additional comments back to PD Committee counsel (.6); review Inselbuch affidavit regarding engagement of Elizabeth Warren and memo thereon (.5). | Krieger, A. | 1.1 |
| 09/21/2001 | Memo to and from S. Schwartz re proposed order approving PD committee retention of Conway Del Genio (.1). | Krieger, A. | 0.1 |
| 09/24/2001 | Memo to and from LK, RAR re retention of Klett Rooney firm by the Equity Committee. | Krieger, A. | 0.2 |
| 09/28/2001 | Review of Rust Consulting retention application and memorandum thereon.(1.0) | Krieger, A. | 1.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 4.1 | $ 425 | $ 1,742.50 |
| Raskin, Robert | 0.2 | 550 | 110.00 |

Total For Professional Services Rendered      $ 1,852.50

Total for this Matter      $ 1,852.50

**RE:**   **Creditors Committee Issues/Conferences**
       **699842. 0007**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 08/06/2001 | Review memo from FTI re confidentiality issues (.2), follow-up emails re same (.2). | Raskin, R. | 0.4 |
| 09/01/2001 | Review pending pleadings (.6); email re summaries of pleadings (.1) | Taruschio, A. | 0.7 |
| 09/02/2001 | Prepare draft SSL Confidentiality Agreement (2.8). | Krieger, A. | 2.8 |
| 09/03/2001 | Memo from and to A. Taruschio re preparation of memo to the Committee with respect to prime lease assumption motion and environmental litigation lift stay motion (.2). | Krieger, A. | 0.2 |
| 09/04/2001 | Follow-up re meeting with epidemiologist. | Raskin, R. | 0.3 |
| 09/04/2001 | Summarize pending motions re: patent infringement action; sale, assignment and assumption of Dragon Leases; and environmental remediation action (5.9) | Taruschio, A. | 5.9 |
| 09/05/2001 | Telephone call RAR re status of amendment to confidentiality agreement (.1); telephone calls S. Schwartz re remaining issue on proposed final draft of confidentiality agreement amendment (.7); telephone calls S. Cunningham re confidentiality agreement issues, and September 6 meeting at Blackstone offices (.5); review and revised draft SSL confidentiality agreement and memo to RAR re same (.5); memos to RAR, LK re acceptable form of confidentiality agreement for P&M with respect to Advisors Only Materials (.2). | Krieger, A. | 2.0 |
| 09/05/2001 | Revise/finalize motions summaries (2.1) | Taruschio, A. | 2.1 |
| 09/06/2001 | Telephone call S. Schwartz re assumption and assignment motions (.2); memo re adjournment of fraudulent transfer hearing and office conference LK re same (.1). | Krieger, A. | 0.3 |
| 09/06/2001 | Revise/finalize, research for motions summaries (1.5); review Honeywell's motion to lift automatic stay in cross-claim against debtors (.7). | Taruschio, A. | 2.2 |
| 09/07/2001 | Review Debtors motion for assumption and assignment of First Star/Consolidation leases (.7); telephone call Sam Schwartz re proposed assumption and assignment motions, of First Star/Consolidated leases and Dragon Court leases and terms thereto (.8). | Krieger, A. | 1.5 |
| 09/09/2001 | Draft motion summary for lease assumption and | Taruschio, A. | 3.2 |

|  |  |  |  |
|---|---|---|---|
|  | assignment (1.1) Revise/edit motion summary for Dragon Court Lease (2.1) |  |  |
| 09/10/2001 | Review and revise memo to the Committee re pending motions and review underlying pleadings thereon. | Krieger, A. | 2.8 |
| 09/10/2001 | Telephone call Ed Ordway re 9/11/01 plan strategy meeting (.3). | Krieger, A. | 0.3 |
| 09/10/2001 | Emails to/from A. Krieger re scheduling meeting with P&M (.3), email to committee (.2). | Raskin, R. | 0.5 |
| 09/10/2001 | Review of Asbestos Property Damage response to Case Management motion (.4). | Serrette, R. | 0.4 |
| 09/11/2001 | Continue to prepare memorandum to the Committee re pending motions (1.50). | Krieger, A. | 1.5 |
| 09/13/2001 | Telephone call Sam Schwartz re information on Dragon Count Lease Motion, 9/10/01 hearing adjourned, PWC retention motion, other matters (.5); telephone call Janet Baer re preparation of objection to Honeywell motion for stay relief, discussed responses received to case management/bar date motion from asbestos committee, other (.7); telephone call RAR re substance of conversation with Debtor's counsel (.1). | Krieger, A. | 1.3 |
| 09/14/2001 | Telephone calls Sam Schwartz re additional Dragon Count Lease information, Debtors' response to Honeywell motion and extension of Committee's time to respond to all pending motions (.4); review Debtors' response to Honeywell motion to lift the stay (.2). | Krieger, A. | 0.6 |
| 09/17/2001 | Office conference RAR re  Committee  memorandum, hearing status (.1); prepare revised Committee memorandum to reflect Honeywell objection, additional information from Debtors, other and forward same. (2.0) | Krieger, A. | 2.0 |
| 09/17/2001 | O/c A. Krieger re misc (.3), review memo to committee re misc. motions (.4). | Raskin, R. | 0.7 |
| 09/21/2001 | Memos to and from S. Schwartz re order approving modification of the stay to permit Zapat action to go forward and review same, order approving First Northern Lease motion (.4); review America Real Estate Holdings objection to Debtors' motion to assume/assign Dragon Count leases (.3); review Honeywell's limited objection to Debtor ICO Action stay Relief motion (.3). | Krieger, A. | 1.0 |
| 09/21/2001 | Emails re meeting with epidemiologist (.2), arrange meetings with Policano & Manzo (.2). | Raskin, R. | 0.4 |
| 09/24/2001 | Telephone call S. Cunningham re information request | Krieger, A. | 0.8 |

to Grace and business plan analysis (.3); memo from
C. Whitney re outstanding information request (.1);
memo to RAR re information request (.1); office
conferences RAR re information request and
telephone call Jay Kapp re same (.1); review revised
Zapat A stay relief order and First Northern Star lease
assignment order and memo to RAR re same (.2).

| 09/29/2001 | Review article on Rickel case and exercising of lease provisions (.7). | Krieger, A. | 0.7 |

| **Summary of Hours** | **Hours** | **Rate** | **Total** |
| --- | --- | --- | --- |
| Krieger, Arlene | 17.8 | $ 425 | $ 7,565.00 |
| Raskin, Robert | 2.3 | 550 | 1,265.00 |
| Serrette, Rosemarie | 0.4 | 150 | 60.00 |
| Taruschio Anna | 14.1 | 245 | 3,454.50 |

Total For Professional Services Rendered    $ 12,344.50

**Total for this Matter**    $ 12,344.50

**RE:**   **Financial Reports & Analysis**
          **699842. 0009**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/07/2001 | Telephone call S. Cunningham re 9/6/01 meeting with the Company and memo re same (.7). | Krieger, A. | 0.7 |
| 09/17/2001 | Telephone call S. Cunningham, re plan meeting, business plan information (.3). | Krieger, A. | 0.3 |
| 09/20/2001 | Telephone calls S. Cunningham re Debtors' 5 year business plan and analysis thereof (.6); office conference LK re assumptions for the analysis (.1); telephone call Tom Maher, LK re business plan, valuation analysis (.2). | Krieger, A. | 0.9 |
| 09/21/2001 | Review Grace 5 year business plan and memos and telephone call Tom Maher, office conference L. Kruger re plan meeting. | Krieger, A. | 3.9 |
| 09/24/2001 | Telephone call S. Cunningham re business plan and valuation analysis and memo to RAR, LK re same. | Krieger, A. | 0.8 |
| 09/25/2001 | Review FTI draft analysis (2.5) and meeting with T. Maher, RAR, S. Cunningham, others re business plan and valuation analysis (1.3). | Krieger, A. | 3.8 |
| 09/25/2001 | Conference at JP Morgan Chase with R. Raskin, A. Krieger, T. Maher, E. Ordway and S. Cunningham reviewing debtor's business plan, possible issues with it, valuation issues, asbestos view and strategy. | Kruger, L. | 3.2 |
| 09/26/2001 | Telephone call S. Cunningham re circulation of Business Plan and tax analysis (.2); memo to LK, RAR re above business analysis meeting; memos to and from M. Levy, RAR re tax issues related meeting (.3); obtain public documentation for M. Levy (.8); follow up telephone call S. Cunningham re tax analysis (.1); memo from and to C. Whitney re circulation of Business Plan (.2). | Krieger, A. | 2.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 12.6 | $ 425 | $ 5,355.00 |
| Kruger, Lewis | 3.2 | 650 | 2,080.00 |
| | Total For Professional Services Rendered | | $ 7,435.00 |
| | | Total for this Matter | $ 7,435.00 |

**RE:**    **Analysis of Pre-Petition Transactions**
            **699842. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/05/2001 | Telephone conference P. Lockwood re fraudulent transfer motion (.4) | Pasquale, K. | 0.4 |
| 09/06/2001 | Telephone conference T. Maher re fraudulent transfer issues (.2); attention to same (.3) | Pasquale, K. | 0.5 |
| 09/06/2001 | T/cs K. Pasquale re hearing on fraudulent trf litigation (.3), t/c to T. Maher re same (.1); exchange emails re committee position on fraudulent trf litigation (.3), preparation for hearing on fraudulent trf litigation (1.5). | Raskin, R. | 2.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 0.9 | $ 475 | $ 427.50 |
| Raskin, Robert | 2.5 | 550 | 1,375.00 |

|  |  |
|--|--|
| Total For Professional Services Rendered | $ 1,802.50 |

|  |  |
|--|--|
| **Total for this Matter** | $ 1,802.50 |

**RE:**    **Lift Stay Litigation**
       **699842. 0016**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/05/2001 | Telephone calls S.Scwartz re Zapat A and ESCARG lift stay motion, Dragon Court landlord's position on motion (.2). | Krieger, A. | 0.2 |
| 09/06/2001 | Telephone call J. Baer re Debtors' motions seeking to lift the stay with respect to ESCARG and Zapat A actions (.1); review Honeywell motion to lift the stay (1.5). | Krieger, A. | 1.6 |
| 09/07/2001 | Extended telephone Jan Baer re Debtors lift stay motions regarding the Interfaith Community Org litigation and related Honeywell motion, and regarding Zapat A litigation (.8). | Krieger, A. | 0.8 |
| 09/08/2001 | Prepare revised memo to the Committee describing lift stay, other pending motions (1.5). | Krieger, A. | 1.5 |
| 09/09/2001 | Continue to review and revise memo to the Committee describing Debtors and Honeywell lift stay motions, other (2.6). | Krieger, A. | 2.6 |
| 09/14/2001 | Review Debtors' response to Honeywell motion to lift the stay (.2). | Krieger, A. | 0.2 |
| 09/20/2001 | Correspondence to J. Baer re Debtors' motion to lift the say on the Zapat A action and revised form of order (.3). | Krieger, A. | 0.3 |
| 09/25/2001 | Memo to S. Schwartz re: comments to Zapat A order (.1). | Krieger, A. | 0.1 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 7.3 | $ 425 | $ 3,102.50 |
| Total For Professional Services Rendered | | | $ 3,102.50 |

**Total for this Matter**     $ 3,102.50

**RE:    Tax Issues**
**699842. 0018**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 09/25/2001 | T/c Kruger, t/c(s) Sean Cunningham, t/c(s) Raskin re issues. | Levy, M. | 1.0 |
| 09/26/2001 | Tax issues - t/c S. Cunningham, t/c(s) Raskin, review 10K and 10Q of Grace. | Levy, M. | 2.3 |
| 09/26/2001 | T/c M. Levy re tax issues (.2). | Raskin, R. | 0.2 |
| 09/27/2001 | Tax issues - t/c(s) Cunningham, review Grace 10K, business plan, etc., prep for meeting on 10/1. | Levy, M. | 5.0 |
| 09/28/2001 | Discussion with M. Levy; review materials re potential tax issues. | Greenberg, M. | 1.0 |
| 09/28/2001 | Tax issues - t/c(s) Cunningham, review Grace 10K, business plan, etc., prep. for meeting on 10/1. | Levy, M. | 5.0 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Greenberg, Mayer | 1.0 | $ 500 | $ 500.00 |
| Levy, Mark | 13.3 | 615 | 8,179.50 |
| Raskin, Robert | 0.2 | 550 | 110.00 |

| | | |
|---|---|---|
| Total For Professional Services Rendered | | $ 8,789.50 |
| **Total for this Matter** | | $ 8,789.50 |
| Total For Professional Services Rendered | | 58,742.00 |
| **Total Bill** | | **$ 58,742.00** |

**EXHIBIT C**

| W R GRACE & COMPANY | | | |
|---|---|---|---|
| SUMMARY OF FEES | | | |
| THROUGH SEPTEMBER 30, 2001 | | | |
| | | | |
| | | | |
| **Summary of Hours** | **Hours** | **Rate** | **Amount** |
| **PARTNERS** | | | |
| Greenberg, Mayer | 1.0 | 500 | 500.00 |
| Kruger, Lewis | 4.1 | 650 | 2,665.00 |
| Levy, Mark | 13.3 | 615 | 8,179.50 |
| Pasquale, Kenneth | 6.4 | 475 | 3,040.00 |
| Raskin, Robert | 10.2 | 550 | 5,610.00 |
| | | | |
| **ASSOCIATES** | | | |
| Krieger, Arlene | 72.7 | 425 | 30,897.50 |
| Sasson, Moshe | 2.9 | 360 | 1,044.00 |
| Taruschio Anna | 18.8 | 245 | 4,606.00 |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Defreitas, Vaughn | 1.6 | 100 | 160.00 |
| Serrette, Rosemarie | 13.6 | 150 | 2,040.00 |
| | | | |
| **Total** | **144.6** | | **$ 58,742.00** |
| | | | |
| | | | |

**EXHIBIT D**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

October 24, 2001
Invoice: 245588

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through September 30, 2001, including:

### Disbursement Register

| Date | Description | Amount |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 07/02/2001 | Federal Express T#814860882339 A KRIEGER to: DENNETH PASZUALE OCEAN CITY,MD | 15.33 |
| 09/10/2001 | 08/31/2001 Federal Express T#824858018329 R SERRETTE to: M LASTOWSKI WILMINGTON, | 11.33 |
| 09/26/2001 | Federal Express T#824858018226 SERRETTE to: LETICIA CHAMBERS WASHINGTON,DC | 17.24 |
| 09/27/2001 | Federal Express T#824858018248 R SERRETTE to: MICHAEL R LASTOWSKI WILMINGTON,DE | 9.40 |
| **Outside Messenger Service Total** | | **53.30** |
| **Meals** | | |
| 09/20/2001 | VENDOR: Petty Cash; INVOICE#: 09/17/01; DATE: 9/20/01 09/09/01   NY PETTY CASH   A.TARUSCHIO | 8.38 |
| **Meals Total** | | **8.38** |
| **Local Transportation** | | |
| 09/20/2001 | VENDOR: Petty Cash; INVOICE#: 09/17/01; DATE: 9/20/01 09/09/01   NY PETTY CASH   A.TARUSCHIO | 30.00 |
| 09/25/2001 | NYC Two Ways Inc. SERRETTE 08/28/01 22:44 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 09/25/2001 | NYC Two Ways Inc. KRIEGER 08/29/01 20:20 M from 180 MAIDEN LA to E 88 ST M | 24.60 |
| 09/25/2001 | NYC Two Ways Inc. SERRETTE 08/31/01 19:44 M from 180 | 48.10 |

### MAIDEN LA to SOUTH OZONE P

| 09/25/2001 | NYC Two Ways Inc V Defreitas 8/28/01 180 Maiden Lane to South Jamaica | 48.10 |
|---|---|---|

**Local Transportation Total**      **189.11**

**Long Distance Telephone**

| | | |
|---|---|---|
| 09/05/2001 | EXTN.5544, TEL.302-657-4942, S.T.10:46, DUR.00:54 | 0.32 |
| 09/05/2001 | EXTN.5544, TEL.312-861-3103, S.T.10:51, DUR.00:30 | 0.32 |
| 09/05/2001 | EXTN.5544, TEL.201-843-4900, S.T.11:03, DUR.09:00 | 2.92 |
| 09/05/2001 | EXTN.5544, TEL.312-861-3103, S.T.12:46, DUR.00:24 | 0.32 |
| 09/05/2001 | EXTN.5544, TEL.312-861-3103, S.T.15:12, DUR.05:48 | 1.94 |
| 09/05/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:25, DUR.03:06 | 1.30 |
| 09/05/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:32, DUR.00:30 | 0.32 |
| 09/05/2001 | EXTN.5562, TEL.202-371-9770, S.T.13:17, DUR.02:00 | 0.65 |
| 09/05/2001 | EXTN.5562, TEL.202-862-5065, S.T.17:09, DUR.00:30 | 0.32 |
| 09/06/2001 | EXTN.3544, TEL.201-556-4040, S.T.15:14, DUR.00:30 | 0.32 |
| 09/07/2001 | EXTN.3544, TEL.201-556-4040, S.T.17:39, DUR.02:12 | 0.97 |
| 09/07/2001 | EXTN.5544, TEL.312-861-3103, S.T.12:09, DUR.25:36 | 8.42 |
| 09/07/2001 | EXTN.5544, TEL.312-861-2162, S.T.12:53, DUR.01:00 | 0.32 |
| 09/07/2001 | EXTN.5544, TEL.201-556-4040, S.T.13:22, DUR.14:24 | 4.86 |
| 09/07/2001 | EXTN.5544, TEL.201-556-4040, S.T.13:38, DUR.00:30 | 0.32 |
| 09/07/2001 | EXTN.5562, TEL.202-371-9770, S.T.11:16, DUR.01:48 | 0.65 |
| 09/07/2001 | EXTN.5562, TEL.202-371-9770, S.T.15:36, DUR.01:48 | 0.65 |
| 09/10/2001 | EXTN.3544, TEL.201-960-1510, S.T.17:07, DUR.01:06 | 0.65 |
| 09/10/2001 | EXTN.5422, TEL.973-424-2031, S.T.10:35, DUR.04:24 | 1.62 |
| 09/10/2001 | EXTN.5422, TEL.312-861-2124, S.T.11:27, DUR.05:54 | 1.94 |
| 09/10/2001 | EXTN.5492, TEL.941-355-3076, S.T.18:59, DUR.00:12 | 0.32 |
| 09/10/2001 | EXTN.5492, TEL.610-623-5235, S.T.19:00, DUR.03:18 | 0.99 |
| 09/10/2001 | EXTN.5492, TEL.908-604-5959, S.T.19:04, DUR.06:18 | 1.73 |
| 09/10/2001 | EXTN.5492, TEL.954-583-0773, S.T.20:40, DUR.00:42 | 0.25 |

| | | |
|---|---|---|
| 09/10/2001 | EXTN.5544, TEL.201-556-4040, S.T.13:14, DUR.01:42 | 0.65 |
| 09/10/2001 | EXTN.5544, TEL.201-556-4003, S.T.13:16, DUR.01:24 | 0.65 |
| 09/10/2001 | EXTN.5885, TEL.202-371-9770, S.T.10:45, DUR.00:12 | 0.32 |
| 09/11/2001 | EXTN.5017, TEL.305-350-2414, S.T.13:06, DUR.01:12 | 0.65 |
| 09/13/2001 | EXTN.2002, TEL.312-861-2162, S.T.11:21, DUR.12:45 | 4.21 |
| 09/13/2001 | EXTN.5002, TEL.312-861-3103, S.T.12:10, DUR.10:21 | 3.56 |
| 09/14/2001 | EXTN.5015, TEL.312-861-3103, S.T.14:37, DUR.01:03 | 0.65 |
| 09/17/2001 | EXTN.3544, TEL.201-556-4040, S.T.16:41, DUR.09:42 | 3.24 |
| 09/17/2001 | EXTN.5492, TEL.954-357-7158, S.T.14:25, DUR.02:30 | 0.97 |
| 09/17/2001 | EXTN.5544, TEL.201-556-4040, S.T.11:12, DUR.00:48 | 0.32 |
| 09/18/2001 | EXTN.5492, TEL.201-384-1279, S.T.09:49, DUR.05:42 | 1.94 |
| 09/18/2001 | EXTN.5492, TEL.302-657-4900, S.T.12:20, DUR.06:54 | 2.27 |
| 09/19/2001 | EXTN.5492, TEL.302-651-8681, S.T.16:22, DUR.00:54 | 0.32 |
| 09/20/2001 | EXTN.3544, TEL.201-556-4040, S.T.15:23, DUR.04:12 | 1.62 |
| 09/21/2001 | EXTN.5544, TEL.201-556-4040, S.T.12:41, DUR.01:48 | 0.65 |
| 09/21/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:47, DUR.00:54 | 0.32 |
| 09/21/2001 | EXTN.6015, TEL.202-371-9770, S.T.11:13, DUR.03:36 | 1.30 |
| 09/24/2001 | EXTN.5006, TEL.312-861-2124, S.T.12:12, DUR.00:48 | 0.32 |
| 09/24/2001 | EXTN.5544, TEL.312-861-2124, S.T.10:52, DUR.00:42 | 0.32 |
| 09/24/2001 | EXTN.6015, TEL.202-371-9770, S.T.10:03, DUR.01:36 | 0.65 |
| 09/25/2001 | EXTN.4062, TEL.201-843-4900, S.T.17:18, DUR.02:06 | 0.97 |
| 09/26/2001 | EXTN.5006, TEL.732-390-9000, S.T.12:42, DUR.02:18 | 0.97 |
| 09/26/2001 | EXTN.5544, TEL.201-556-4040, S.T.09:48, DUR.10:00 | 3.24 |
| 09/26/2001 | EXTN.6015, TEL.202-371-9770, S.T.10:54, DUR.03:06 | 1.30 |
| 09/26/2001 | EXTN.6062, TEL.201-843-4900, S.T.10:32, DUR.00:42 | 0.32 |
| 09/28/2001 | EXTN.3492, TEL.302-657-4942, S.T.13:06, DUR.03:30 | 1.30 |
| | **Long Distance Telephone Total** | **65.45** |

**Duplicating Costs-in House**
09/04/2001                                                                                              12.20

| | |
|---|---|
| 09/04/2001 | 0.10 |
| 09/05/2001 | 0.80 |
| 09/06/2001 | 0.30 |
| 09/06/2001 | 0.30 |
| 09/06/2001 | 2.00 |
| 09/06/2001 | 54.00 |
| 09/06/2001 | 0.30 |
| 09/06/2001 | 0.10 |
| 09/06/2001 | 0.10 |
| 09/06/2001 | 5.40 |
| 09/07/2001 | 2.80 |
| 09/10/2001 | 0.60 |
| 09/10/2001 | 34.00 |
| 09/12/2001 | 9.20 |
| 09/12/2001 | 3.80 |
| 09/19/2001 | 6.10 |
| 09/20/2001 | 8.10 |
| 09/20/2001 | 1.20 |
| 09/21/2001 | 0.70 |
| 09/24/2001 | 0.40 |
| 09/24/2001 | 1.00 |
| 09/24/2001 | 2.30 |
| 09/24/2001 | 0.70 |
| 09/24/2001 | 16.00 |
| 09/26/2001 | 4.20 |
| 09/26/2001 | 5.70 |
| 09/26/2001 | 7.90 |
| 09/26/2001 | 4.50 |

| | |
|---|---|
| 09/26/2001 | 9.40 |
| 09/26/2001 | 56.70 |
| 09/26/2001 | 6.70 |
| 09/26/2001 | 18.80 |
| 09/26/2001 | 35.60 |
| 09/26/2001 | 60.90 |
| 09/27/2001 | 0.40 |
| 09/27/2001 | 15.30 |
| 09/28/2001 | 1.60 |
| **Duplicating Costs-in House Total** | **390.20** |

**Postage**

| | | |
|---|---|---|
| 09/19/2001 | Postage Charged by  on 09/06/2001 | 1.70 |
| 09/25/2001 | Postage Charged by  on 09/20/2001 | 3.10 |
| **Postage Total** | | **4.80** |

**Process Service & Calendar Watch**

| | | |
|---|---|---|
| 08/31/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 3343; DATE: 8/31/01<br>U.S. bank court | 2.50 |
| **Process Service & Calendar Watch Total** | | **2.50** |

**Word Processing**

| | | |
|---|---|---|
| 09/07/2001 | 08/15/01 | 18.00 |
| **Word Processing Total** | | **18.00** |

**Lexis/Nexis**

| | |
|---|---|
| 07/20/2001 | 27.28 |
| 07/21/2001 | 88.14 |
| 07/22/2001 | 48.09 |
| 07/23/2001 | 48.09 |
| 07/24/2001 | 28.09 |
| 07/25/2001 | 48.14 |
| 07/26/2001 | 85.63 |
| 07/27/2001 | 83.09 |

| | |
|---|---|
| 07/28/2001 | 48.13 |
| 07/29/2001 | 48.08 |
| 07/30/2001 | 28.17 |
| 07/31/2001 | 105.64 |
| 08/01/2001 | 81.56 |
| 08/02/2001 | 116.21 |
| 08/03/2001 | 258.71 |
| 08/04/2001 | 173.77 |
| 08/05/2001 | 57.05 |
| 08/06/2001 | 76.22 |
| 08/07/2001 | 113.73 |
| 08/08/2001 | 116.21 |
| 08/09/2001 | 203.76 |
| 08/10/2001 | 186.24 |
| 08/11/2001 | 93.75 |
| 08/12/2001 | 56.59 |
| 08/13/2001 | 76.21 |
| 08/14/2001 | 241.26 |
| 08/15/2001 | 131.51 |
| 08/16/2001 | 151.21 |
| 08/17/2001 | 131.23 |
| 08/18/2001 | 96.21 |
| 08/19/2001 | 96.20 |
| 08/20/2001 | 56.27 |
| 08/21/2001 | 96.28 |
| 08/22/2001 | 131.28 |
| 08/23/2001 | 133.71 |
| 08/24/2001 | 238.72 |

| | |
|---|---:|
| 08/25/2001 | 151.23 |
| 08/26/2001 | 76.18 |
| 08/27/2001 | 111.21 |
| 08/28/2001 | 133.69 |
| 08/29/2001 | 56.14 |
| 08/30/2001 | 113.71 |
| 08/31/2001 | 111.25 |
| 09/03/2001 | 28.11 |
| 09/05/2001 | 28.07 |
| 09/07/2001 | 58.12 |
| 09/08/2001 | 28.12 |
| 09/11/2001 | 28.10 |
| 09/13/2001 | 58.09 |
| 09/14/2001 | 152.38 |
| 09/14/2001 | 28.08 |
| 09/15/2001 | 187.40 |
| 09/15/2001 | 28.15 |
| 09/16/2001 | 58.08 |
| 09/17/2001 | 28.10 |
| 09/18/2001 | 28.10 |
| 09/19/2001 | 83.08 |
| 09/20/2001 | 28.35 |
| 09/21/2001 | 58.08 |
| 09/22/2001 | 28.14 |
| 09/23/2001 | 28.08 |
| 09/24/2001 | 28.08 |
| **Lexis/Nexis Total** | **5,546.58** |

**Facsimile Charges**

| | | |
|---|---|---:|
| 09/09/2001 | FAX # 570-1803 | 3.00 |
| 09/09/2001 | FAX # 570-1803 | 3.00 |
| 09/09/2001 | FAX # 570-1803 | 3.00 |
| 09/10/2001 | FAX # 202-371-6601 | 74.00 |
| | **Facsimile Charges Total** | **83.00** |

**Travel Expenses - Transportation**

| | | |
|---|---|---:|
| 09/30/2001 | AMEX RASKIN/ROBERT A NYP WIL NYP on 08/01/2001 | 182.00 |
| | **Travel Expenses - Transportation Total** | **182.00** |

**Word Processing - Logit**

| | |
|---|---:|
| 09/04/2001 | 60.00 |
| 09/06/2001 | 18.00 |
| 09/06/2001 | 66.00 |
| 09/09/2001 | 60.00 |
| 09/09/2001 | 54.00 |
| **Word Processing - Logit Total** | **258.00** |

## Bill Disbursement Summary

| | |
|---|---:|
| Outside Messenger Service | $ 53.30 |
| Meals | 8.38 |
| Local Transportation | 189.11 |
| Long Distance Telephone | 65.45 |
| Duplicating Costs-in House | 390.20 |
| Postage | 4.80 |
| Process Service & Calendar Watch | 2.50 |
| Word Processing | 18.00 |
| Lexis/Nexis | 5546.58 |
| Facsimile Charges | 83.00 |
| Travel Expenses - Transportation | 182.00 |
| Word Processing - Logit | 258.00 |

| | |
|---|---:|
| Total Disbursements/Charges | 6,801.32 |

**EXHIBIT D**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | **Case No. 01-01139 (JJF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

### AFFIDAVIT

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

KENNETH PASQUALE, being duly sworn, deposes and says:

1.    I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York

10038-4982.  Stroock has acted as counsel to and has rendered professional services on behalf of

the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's second quarterly interim verified application for compensation and for the reimbursement of expenses for services rendered during the period from July 1, 2001 through and including September 30, 2001 in the aggregate amount of $219,939.07.

3.      All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from July 1, 2001 through and including September 30, 2001 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

SSL-DOCS1 1153560v1

5.     In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

KENNETH PASQUALE

Sworn to before me this
___ day of October, 2001

Notary Public

LISA C. TAKOUDES
Notary Public, State of New York
No. 02TA6031583
Qualified In New York County
Commission Expires October 04, 2005

-3-