IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

ORDER ALLOWING COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES OF STROOCK & STROOCK &
LAVAN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF W. R. GRACE & CO., ET AL., FOR THE INTERIM
PERIOD FROM JULY 1, 2001 THROUGH SEPTEMBER 30, 2001

Upon the application (the "Second Quarterly Fee Application")[2] of Stroock & Stroock & Lavan LLP ("Stroock") seeking the entry of an order allowing Stroock (i) compensation in the aggregate amount of $204,923.50 for professional services rendered by Stroock as counsel for the Committee and (ii) reimbursement for the actual and necessary

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Second Quarterly Fee Application.

SSL-DOCS1 1153560v1

expenses incurred by Stroock in rendering such services in the aggregate amount of $15,015.57, in each case for the Fee Period from July 1, 2001, through September 30, 2001; and it appearing that the Court has jurisdiction to consider the Second Quarterly Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Second Quarterly Fee Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and that due and proper notice of the Second Quarterly Fee Application has been given; and it appearing that the relief requested in the Second Quarterly Fee Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Second Quarterly Fee Application is granted in its entirety on an interim basis; and it is further

ORDERED, that for the Fee Period July 1, 2001 through September 30, 2001, Stroock is awarded the sum of $204,923.50, as compensation for the reasonable and necessary professional services rendered to the Committee; and it is further

ORDERED, that for the Fee Period July 1, 2001 through September 30, 2001, Stroock is awarded the sum of $15,015.57 as reimbursement for the actual and necessary costs and expenses incurred by Stroock in connection with the rendition of its services; and it is further

ORDERED, that the Debtors are authorized and directed to pay to Stroock the outstanding amount of such sums as described above less any amounts previously paid to Stroock pursuant to the Fourth, Fifth and Sixth Monthly Fee Applications and the procedures set forth in the Administrative Fee Order; and it is further

SSL-DOCS1 1153560v1

ORDERED, that Stroock has the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the Second Fee Period July through September 30, 2001 that are not otherwise included in the relevant Fourth, Fifth and Sixth Monthly Fee Applications; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2001

_____
Joseph J. Farnan, Jr.
United States District Court Judge