IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION AND ORDER RESOLVING THE
MOTION OF GELCO CORPORATION**

This STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Gelco Corporation d/b/a GE Capital Fleet Services ("GECFS"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of GECFS for an Order Compelling the Debtors to Assume or Reject Master Lease Agreement and to Comply with Postpetition Lease Obligations Under Section 365(d)(10) of the Bankruptcy Code Pending Assumption or Rejection; and the Bankruptcy Court being further advised of the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

01-364563.02

A.  On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B.  On September 24, 2001, GECFS filed the Motion requesting that the Court compel the Debtors to assume or reject that certain Master Lease Agreement dated as of August 10, 1994, as amended by that certain First Amendment to Master Lease Agreement dated as of February 26, 2001, by and between GECFS and the Debtors (collectively, the "Lease") and to comply with their obligations under section 365(d)(10) of the Bankruptcy Code; and

C.  Except with respect to (i) amounts owing in the ordinary course under invoices delivered by GECFS in October, 2001 which invoices the Debtors shall pay in the ordinary course of their businesses, and (the "October Rent Charges") (ii) claims, if any, which may have arisen under the Master Lease Agreement prior to the date hereof without notice being provided to GECFS and for which GECFS has no actual knowledge ("Unknown Claims"), the Debtors and GECFS agree that the Debtors are current both pre and postpetition with respect to the Debtors' obligations arising under the Lease and no amount is past due and owing by the Debtors under the Lease as of the date hereof; and

D.  The Debtors and GECFS agree that the vehicles leased to the Debtors pursuant to the Lease are critical to the Debtors' ongoing operations;

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.  The Debtors shall be deemed to have assumed the Lease as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, GECFS or the Court.

01-364563. 02

3.  The Debtors are current both pre and postpetition with respect to their obligations under the Lease, and accordingly, GECFS waives its right to make demand for payment of any amount arising prior to the date of this Stipulation and Order related to the Debtors' obligations arising under Lease and the Debtors shall be deemed to have fully satisfied all claims for cure which may have been asserted by GECFS pursuant to section 365 of the Bankruptcy Code; provided, however, this Stipulation and Order shall not preclude GECFS from seeking allowance and payment of any and all amounts relating to the October Rent Charges and any Unknown Claims, if any.

4.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

5.  This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: Wilmington, Delaware
_____, 2001

_____
The Honorable Joseph J. Farnnan
United States District Court Judge

W. R. GRACE & CO.-CONN.

_____
By: David W. Carickhoff
Pachulski, Stang, Ziehl, Young & Jones PC
Its: Attorney
Dated: October 31, 2001

GELCO CORPORATION d/b/a
GE CAPITAL FLEET SERVICES

_____
By: Jeffrey T. Wegner
Kutak Rock LLP
Its: Attorney
Dated: October __, 2001

01-364563.02