IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objections due by: November 21, 2001 at 4:00 p.m.**
**Hearing Date: TBD if necessary (negative notice)**

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STEPTOE & JOHNSON LLP AS SPECIAL TAX COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby submit this application (the "Application") for the entry of an order pursuant

to sections 327(e) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy

Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the retention of Steptoe & Johnson, LLP ("Steptoe") as special tax counsel for the Debtors and in

support thereof, the Debtors respectfully represent as follows:

## Jurisdiction

1.     This Court has jurisdiction to entertain this application pursuant to 28

U.S.C. §§ 157 and 1334.

2.     The statutory bases for the relief requested herein are Sections 327(e) and

330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

## Background

3.     On April 2, 2001 each of the Debtors filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11

Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage

their properties as debtors in possession.

## Relief Requested

4.     The Debtors respectfully request the entry of an order pursuant to sections

327(e) and 330 of the Bankruptcy Code authorizing them to employ and retain Steptoe as special

tax counsel to perform certain tax litigation and strategic legal services they will require during

the course of these Chapter 11 Cases.  Specifically, and as more particularly described below, the

Debtors seek authorization for Steptoe, their longtime legal advisors with respect to matters of

tax law and tax litigation, to advise the Debtors' senior management, corporate counsel, and the

Debtors' Board of Directors with respect to the taxation of the Debtors' corporate-owned life

insurance policies. Such advice will include strategies involving responses to audits of the

Internal Revenue Service (the "IRS") and possible litigation with the United States Government

regarding the tax treatment of, and tax deductions with respect to, the Debtor's corporate-owned

life insurance policies. Steptoe's representations will also include such of the foregoing matters

as may arise in the formulation of a plan of reorganization for the Debtors.

### Basis For Relief Requested

5.      The Debtors have selected Steptoe as special tax counsel to advise them in

connection with all matters relating to the Debtors' corporate-owned life insurance policies,

because of Steptoe's longstanding representation of the Debtors in such matters. In addition,

because of its longstanding representation, Steptoe has intimate knowledge of the Debtors'

businesses and affairs in addition to its extensive experience and expertise in the fields of

taxation, especially taxation of life insurance products.

6.      Since 1998, Steptoe and certain of its partners and associates have

rendered legal services to the Debtors in connection with various tax related matters. Further,

Steptoe has assisted the Debtors in responding to IRS audits with respect to the Debtors'

corporate owned life-insurance policies. Anne Moran, one of Steptoe's partners, has also

represented the Debtors since 1995 on the very matters for which Steptoe is to be retained herein.

7.      As a consequence, Steptoe is intimately familiar with the complex legal

issues that have arisen and are likely to arise in connection with the tax litigation related to the

Debtors' corporate-owned life insurance policies. Moreover, Steptoe has begun extensive

document review and provided assistance to the Debtors in anticipation of litigation with the IRS

- 3 -

with respect to these matters.  The Debtors anticipate that the amounts in controversy with

respect to such litigation will exceed $20 million.  The Debtors believe that both the business

interruption and the duplicative costs associated with obtaining substitute counsel to replace

Steptoe's unique role at this juncture would be extremely harmful to the Debtors and their

estates.  Were the debtors required to retain counsel other than Steptoe in connection with the

specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and

all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate

Steptoe's ready familiarity with the intricacies of the Debtors' business operations, use of

corporate life insurance and audit strategies.

       8.     Further, Steptoe has a national reputation and extensive experience and

expertise in tax law, and the other related areas of practice as to which Steptoe's continued

representation is sought.  As such, the Debtors submit that Steptoe is well qualified and uniquely

able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases.

Thus, Steptoe's retention as special tax counsel is in the best interest of the Debtors and their

estates.

**Scope Of Proposed Retention**

       9.     The Debtors currently seek to retain Steptoe, subject to the oversight and

orders of this Court:

       a.     to advise the Debtors, their counsel, and their Board of Directors with respect to tax issues involved in the retention and use of the Debtor's corporate-owned life insurance policies, particularly in light of the IRS's nationwide audit of such insurance products and the likelihood that litigation with respect to the taxation of these insurance products will ensue;

- 4 -

b.     to act as counsel for the Debtors and any related party in litigation involving the Debtors' tax strategy and deductions in connection with corporate-owned life insurance; and

c.     such other related services as the Debtors may deem necessary or desirable.

Steptoe has indicated its willingness to render the necessary professional services described above as special tax counsel to the Debtors.

10.     The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis and Pachulski, Stang, Ziehl, Young and Jones P.C. to serve as bankruptcy and reorganization counsel to the Debtors. Steptoe will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both Steptoe and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Steptoe will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Steptoe's role as special tax counsel.

### No Adverse Interest

11.     To the best of the Debtors' knowledge, and based upon the Affidavit of Anne E. Moran (the "Moran Affidavit") filed in support of the Application and attached hereto as Exhibit A, Steptoe does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Steptoe is to be employed, except as set forth in the Moran Affidavit. Further, to the best of the Debtors' knowledge and based on the Moran

91100-001\DOCS_DE:33858.1

Affidavit, Steptoe does not have any connection with any creditors or other parties in interest, or

their respective attorneys or accountants, or the United States Trustee or any of its employees,

except as set forth in the Moran Affidavit.

### Compensation

12.    In accordance with section 330 of the Bankruptcy Code, the Debtors

propose to compensate Steptoe on an hourly basis at its customary hourly rates for services

rendered, plus reimbursement of actual, necessary expenses incurred by Steptoe.  The primary

members of Steptoe who will be handling the above matters and their current hourly rates

charged for this matter are:

| Attorney | Hourly Rate |
|----------|-------------|
| Arthur Bailey | $445 per hour |
| J. Walker Johnson | $415 per hour |
| Anne E. Moran | $350 per hour |

Based on the complexity of the issues involved and the amount of tax liability at stake, the

Debtors believe that it will necessarily require the services of experienced senior partners such as

Messrs. Bailey and Johnson and Ms. Moran.  Accordingly, the Debtors believe that the staffing

and the hourly rates set forth above are reasonable and should be approved.

13.    As set forth in the Moran Affidavit, the hourly rates described above are

subject to periodic adjustment to reflect economic and other conditions.  Other attorneys or

paralegals may from time to time serve the Debtors in the matters for which Steptoe's retention

is sought.  Steptoe's rates are set at a level designed to compensate Steptoe fairly for the work of

its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Steptoe's

- 6 -

policy to charge its clients in all areas of practice for all other expenses incurred in connection

with the client's case. The expenses charged to clients include, among other things, telecopier

toll and other charges, mail and express mail charges, special or hand delivery charges,

document processing, photocopying charges, travel expenses, expenses for "working meals,"

computerized research, messengers, couriers, postage, witness fees and other fees related to trials

and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and

other overtime. Steptoe will charge the Debtor for these expenses in a manner and at rates

consistent with charges generally made to Steptoe's other clients. Steptoe believes that is fairer

to charge these expenses to the client incurring them than to increase the hourly rates and spread

the expenses among all clients.

14.     Steptoe will submit interim and final applications for compensation in

accordance with sections 330 and 331 of the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the

Court.

### Conclusion

15.     For the reasons set forth above and in the Moran Affidavit, the Debtors'

believe that Steptoe is well qualified to act on the Debtors' behalf in light of their intimate

knowledge of the Debtors' businesses and affairs and their expertise in the field of tax law. The

Debtors further believe that the engagement of Steptoe is essential to the Debtors' successful

reorganization and that the retention of Steptoe is necessary and in the best interest of the

Debtors and their estates.

91100-001\DOCS_DE:33858.1

## Notice

16.    Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

17.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order,

substantially in the form attached hereto, authorizing the retention and employment of Steptoe as

special tax counsel for the Debtors and granting such other and further relief as is just and

proper.

Dated: November 2, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession