IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**AFFIDAVIT OF ANNE E. MORAN IN SUPPORT OF THE
APPLICATION OF THE DEBTORS TO EMPLOY
STEPTOE & JOHNSON LLP AS SPECIAL TAX COUNSEL TO DEBTORS**

DISTRICT OF COLUMBIA)
            ) ss:

I, Anne E. Moran, being duly sworn, state as follows:

1.      I am an attorney at law and a member of the bar of the District of

Columbia.  I am a partner of the law firm of Steptoe & Johnson, LLP ("Steptoe"), which

maintains an office for the practice of law at 1330 Connecticut Avenue, N.W., Washington, DC

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

20036.  I make this Affidavit in support of the Application (the "Application") of the above

captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order

authorizing the employment of Steptoe as special tax counsel for the Debtors, pursuant to

sections 327(e) and 330 of the Bankruptcy Code.  This Affidavit constitutes the statement of

Steptoe pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

2.      I am not related and, to the best of my knowledge after inquiry of Steptoe's

partners, counsel and associates, no other attorney of Steptoe is related, to any judge of the

United States Bankruptcy Court for the District of Delaware or to the United States Trustee for

this District.

3.      Except as hereinafter set forth, I do not hold or represent and, to the best of

my knowledge and information, no other attorney of Steptoe holds or represents, any interest

adverse to the Debtors or their estates with respect to any of the matters for which Steptoe's

retention is sought.  Insofar as Steptoe has been able to ascertain, neither I, nor Steptoe nor any

partner, counsel or associate thereof, has any connection with the Debtors in these cases, their

creditors, or any other party in interest, or their respective attorneys or accountants, except as

hereinafter set forth.

4.      For more than three years, Steptoe and certain of its partners and associates

have rendered legal services to the Debtors and their affiliates in connection with the taxation of

its corporate-owned life insurance policies and other related matters.  I have also represented the

Debtors since 1995 on such matters as a member of Miller & Chevalier, Chartered, before I

became a partner at Steptoe in 1998.  Steptoe's and my legal services have included the

provision of tax and strategic litigation advice in connection with the tax treatment, and audit of the Internal Revenue Service ("IRS"), of the Debtors' corporate-owned life insurance policies.

5.    The IRS has assessed tax deficiencies against the Debtors with respect to interest deductions claimed by the Debtors in connection with their corporate-owned life insurance policies in amounts in excess of $10 million for the tax years of 1990-1992. The IRS is also currently auditing the Debtors' 1993-1996 tax years, which are expected to result in deficiencies exceeding those assessed for the 1990-1992 tax years, or an aggregate amount in excess of $20 million. The appropriateness of these IRS assessments will be litigated by the Debtors and the Debtors have requested that Steptoe represent them in connection with such litigation.

6.    Steptoe will provide such services as Steptoe and the Debtors deem necessary, including but not limited to the following:

a.    to advise the Debtors, their counsel, and their Board of Directors with respect to tax issues involved in the retention and use of the Debtor's corporate-owned life insurance policies, particularly in light of the IRS's nationwide audit of such insurance products and the likelihood that litigation with respect to the taxation of these insurance products will ensue;

b.    to act as counsel for the Debtors and any related party in litigation involving the Debtors' tax strategy and deductions in connection with corporate-owned life insurance; and

c.    such other related services as the Debtors may deem necessary or desirable.

7.    Over the course of Steptoe's prepetition representation of the Debtors, Steptoe periodically received regular compensation from the Debtors for services rendered and expenses incurred through February, 2001 (including payments of $13,442 on March 30, 2001). It is anticipated that these fees will increase as the Debtors begin litigation against the United

- 3 -

States Government with respect to disallowed deductions for interest expenses related to the Debtors' corporate-owned life insurance policies. For the months of July, August and September 2001, Steptoe incurred approximately $60,687, $46,470, and $79,862 in fees and related costs due to the provision of its legal services.

8.    In matters unrelated to this case, Steptoe has in the past represented, currently represents, and likely in the future will represent, certain of the Debtors' and their affiliates' significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, sureties, lessors and customers, together with certain co-defendants and other parties to litigation with the Debtors (all as identified in the exhibits filed in support of the Debtors' application to retain Kirkland & Ellis as reorganization counsel (the "K&E Exhibits")), as well as certain attorneys, accounts and financial advisors for such entities.

9.    Steptoe has undertaken a comparison of the persons and entities identified in the K&E Exhibits against the most complete list currently available of Steptoe's clients. To the best of my knowledge and information as a result of this comparison, it appears that Steptoe maintains as an active client in certain unrelated corporate, litigation, tax, creditors' rights and other matters the entities in the K&E Exhibits listed on Schedule 1 hereto.

10.    Steptoe also from time to time has represented in unrelated matters many of the lenders in the Debtors' prepetition and debtor in possession lending groups. In particular, The Chase Manhattan Bank (now J.P. Morgan Chase & Co.), which is the Agent for the Debtors' prepetition bank credit facility, and Bank of America, N.A. are clients of Steptoe in a number of current matters unrelated to the Debtors or their Chapter 11 Cases. Steptoe also from time to time has represented many of the Debtors' other creditors, equity interest holders and other

- 4 -

parties in interest, their attorneys, accountants and financial advisors, and certain affiliates, parents and subsidiaries of the foregoing. Except as set forth below, none of such other representations, however, has in the past involved, currently involves, or in the future will involve any aspect of Steptoe's relationship with the Debtors.

11.    It should be noted that Steptoe currently represents Home Insurance Company ("Home"), in connection with a wide range of matters, including their defense of a variety of suits and potential suits arising from the manufacture and sale of asbestos products. Steptoe has advised Home, and continues to advise Home, on insurance coverage issues that may arise if the Debtors, or any potential creditors of the Debtors, seek to pursue or assign any asbestos-related insurance coverage. Steptoe has informed both Home and the Debtors about the services Steptoe has provided to each of these entities. Both the Debtors and Home have agreed to waive any conflict that could ensue as a result of this representation and allow Steptoe to represent the Debtors and Home on these unrelated matters.

12.    Steptoe intends to apply to the court for compensation for professional services rendered in connection with these cases, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and any Orders of the Court. Steptoe will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by Steptoe, which currently are $140 to $250 for paralegals, $145 to $360 for associates and $230 to $630 for partners, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs. The principal members of Steptoe who will be handling the representation and their current hourly

rates are:

| **Attorney** | | **Hourly Rate** |
|---|---|---|
| (a) | Arthur Bailey | $445 per hour |
| (b) | J. Walker Johnson | $415 per hour |
| (c) | Anne E. Moran | $350 per hour |

13.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals will from time to time serve the Debtors as well in the matters for which Steptoe's retention is sought.  Steptoe rates are set at a level designed to compensate Steptoe fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Steptoe's policy to charge its clients in all areas of practice for such additional expenses as telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  Steptoe will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Steptoe's clients.  Steptoe believes that it is fairer to charge these expenses to the client incurring them than to increase its hourly rates and spread the expenses among all clients.

14.     No promises have been received by Steptoe as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Steptoe has not entered into an agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, or (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

- 6 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Oct. 26_, 2001.

_Anne E. Moran_

Anne E. Moran

Subscribed and Sworn to before me
this 26 day of Oct., 2001

Notary Public
My Commission expires: 05/31/06

- 7 -

## SCHEDULE 1

Exhibit A
Alcoa, Inc.
Amerada Hess Corp.
Amoco Oil Co.
Angus Chemical Company
Ashland Chemical Company
Aspen Technology, Inc.
Baltimore Gas & Electric Company, Inc.
Bank of Boston
BASF Corp.
BP Amoco Chemical Company
BP Energy Ltd.
BP International Ltd.
Cargill
Chemical Specialities
Chevron USA
Ciba Specialty Chemicals Corp.
The Dow Chemical Company, Inc.
E.I. DuPont De Nemours & Co., Inc.
Eastman Chemical Company, Inc.
Entergy Corp.
Exxon Chemical Co.
Georgia Pacific (GP Gypsom) Corp.
The Goodyear Tire & Rubber Company
Great Lakes Chemical Corporation
Hercules, Inc.
Holme, Roberts & Owen L.L.P.
Kaye, Scholer, Fierman, Hays, L.L.P.
Lyondell Chemical Company, Inc.
Marsh USA, Inc.
Mobil Chemical Compapny
Mobil Oil Company
Occidental Chemical Corporation
OMG Americas, Inc.
Owens Corning Fiberglass, Inc.
Owens Corning, Inc.
Perkins Coie, L.L.P.
Phillips Petroleum Company
Rohm & Haas Company, Inc.
Union Carbide Corporation

Exhibit B
Amerada Hess Corp.
Atofina Petrochemicals, Inc.
BASF Corp.
Chevron USA
Dow Corning Corp.
E.I. Dupont De Nemours & Company, Inc.
Exxon Mobil Corp.
Goodyear Tire & Rubber Co.
Honeywell International, Inc.
Lyondell Chemical Company, Inc.
Marathon Ashland Petroleum, L.L.C.
Mobil Chemical Company
Mobil Oil Company
Owens Corning Fiberglass, Inc.
The Sherwin Williams Company, Inc.

Exhibit D(1).
Amoco Corporation
ASARCO Incorporated
Ashland Oil, Inc.
Atlantic-Richfield Company
B. P. Oil Corporation
Burrell Corporation
Chevron U.S.A., Inc.
Chevron Products Company
Dow Chemical USA
Exxon Co. USA
Mobil Oil Co.
Monsanto Company
Texaco, Inc.
Union Pacific Railroad Company
Union Carbide Corporation

Exhibit D(2).
ACandS, Inc.
Acorn Iron & Supply Co.
Amchem Products, Inc.
American Standard, Inc.
American Optical Corp.
Ametek, Inc.
Amoco Corp.
Amoco Oil Co.
Amoco Chemicals Co.
Anchor Packing Co.
Anco Insulations, Inc.
Appalachian Power Co.
Aristech Chemical Corp.
Armstrong World Industries
Asarco, Inc.
Asbestos Spray Corp.
Asbestos Product Mfg. Corp.
Asbestos Corp.
Asten Group, Inc.
Atlantic Richfield Co.
B. F. Goodrich Co.
The Babcock & Wilcox Company
Bethlehem Steel Corp.
Black & Decker Corp.
The Boc Group, Inc.
Borg Warner Security Corp.
Brown & Root, Inc.
The Budd Company
Burnham Corp.
C. E. Thurston & Sons, Inc.
CBS Corp.
Certainteed Corp.
Champion International Corp.
Chevron Corp.
Coltec Industries, Inc.
Combustion Engineering, Inc.
Consolidated Edison Co.
Cooper Industries, Inc.
Crane Co.
Crown Cork & Seal Co., Inc.
D. B. Riley, Inc.
Dana Corp.
Dow Chemical Co.
Dresser Industries, Inc.
E.I. du Pont De Nemours & Co.

Eagle Picher Industries, Inc.
Eagle, Inc.
Edison International, Inc.
Federal Mogul Corp.
Ferodo America, Inc.
Fibreboard Corporation
Figgie International
Foseco, Inc.
Foster Wheeler Corporation
GAF Corporation
Gasket Holdings, Inc.
General Motors Corp.
General Signal Corp.
General Refractories Co.
General Electric Co.
Georgia Pacific Corp.
Goodyear Tire & Rubber Co.
Graybar Electric Co.
H. B. Fuller Co.
H. H. Robertson
Hajoca Corp.

Exhibit F
Bank of America, N.A.
Citibank, N.A.
J.P.Morgan Chase & Co.

Exhibit G
American International Group, Inc.
The Hartford Financial Services Group, Inc.
St. Paul Companies, Inc.

Exhibit H
Bank of America, N.A.
First Union Bank
Bank of New York
Citibank, N.A.

Exhibit I.
The Pep Boys – Manny, Moe & Jack
Wal-Mart Stores, Inc.
Wendy's