IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' OBJECTION TO THE APPLICATION BY THE ASBESTOS PERSONAL INJURY COMMITTEE AUTHORIZING THE EMPLOYMENT OF ELIZABETH WARREN AS SPECIAL BANKRUPTCY CONSULTANT (Docket No. 1019)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),

by and through their undersigned counsel, hereby submit this objection (the "Objection") to the

Application (the "Application") by the Asbestos Personal Injury Committee (the "Committee")

Authorizing the Employment of Elizabeth Warren as Special Bankruptcy Counsel. In support of this

Objection, the Debtors respectfully represent as follows:

**Background**

1.     On April 2, 2001, each of the Debtors filed a voluntary petition for relief under

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:33965.1

chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.      On April 12, 2001, the office of the United States Trustee appointed three official committees in these Chapter 11 Cases, including the Committee. On June 13, 2001, this Court entered an Order Authorizing the Employment of Caplin & Drysdale, Chartered as National Counsel for the Committee (the "Retention Application"). The Retention Application was accompanied by the affidavit of Elihu Inselbuch containing disclosures and representations required under the section 327(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of the Bankruptcy Procedure (the "Original Affidavit").

3.      On October 23, 2001, the Committee filed the Application, which disclosed that on or about August 1, 2001, Caplin & Drysdale engaged Professor Elizabeth Warren as a special bankruptcy consultant to the firm. For the reasons set forth herein, the Application should be denied.

### Objection

4.      The Application fails to describe (a) the particular services Professor Warren is going to provide to the Committee, (b) why Professor Warren's services are necessary in these Chapter 11 Cases, (c) Professor Warren's expertise with respect to asbestos bankruptcy cases or (d) how Professor Warren's services will not be duplicative of those already provided by Caplin & Drysdale. Therefore, the Application should be denied.

5.      In order to retain Professor Warren, the Committee must set forth, in part, (i) "the specific facts showing the necessity for the employment," and (ii) "the reasons for the selection,

91100-001\DOCS_DE:33965.1                    2

the professional services to be rendered." Fed. R. Bankr. P. Rule 2014(a). The Application provides that Professor Warren is "a distinguished academician, with extensive teaching experience and numerous publications in the field of Bankruptcy Law." See the Application at 3. The Debtors, however, do not understand how Professor Warren's teaching experience is relevant to an assessment of her qualifications in representing the Committee in these Chapter 11 Cases. In particular, the Debtors recognize that Professor Warren has a distinguished academic record in the area of bankruptcy law, but the Committee has made no showing as to Professor Warren's specific expertise with respect to asbestos bankruptcy cases and asbestos claimants. Moreover, Professor Warren's curriculum vitae, attached as an exhibit to the Application, makes no reference to any asbestos related experience, particularly with respect to bankruptcies such as these Chapter 11 Cases. Therefore, there is simply no showing as to how Professor Warren will add a level of benefit to these Chapter 11 Cases that justifies the Debtors' estates incurring her additional professional fees.

6. In addition, the Committee has previously asked this Court's approval to retain Caplin & Drysdale as the Committee's counsel in these Chapter 11 Cases based on Caplin & Drysdale's "experience in matters of this nature and character" and the firm's "substantial and well-known expertise in all areas of general commercial practice." See the Retention Application at 4-5. Mr. Inselbuch has represented to this Court that he and his firm "are experienced in insolvency and corporate reorganization and in complex corporate and litigated matters and are qualified to represent and assist [the Committee]" in these cases "in the performance of its statutory functions under chapter 11." See the Original Affidavit at 2. It is impossible to discern from the Application precisely what services Professor Warren is going to provide to the Committee, and why these services cannot be provided by Caplin & Drysdale. Based on the Original Affidavit, it seems to be

unnecessary for Caplin & Drysdale to engage an outside consultant to perform services as counsel to

the Committee. Indeed, without further explanation, Professor Warren's services appear duplicative

of those already being provided by Caplin & Drysdale, and as a result, the Application should be

denied.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the

Court (i) deny the Committee's Application to retain Professor Warren and (ii) grant the Debtors

such other relief as it deems just and proper.

Dated: November 5, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession