UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 01-1139 (JJF) |
| | : | |
| W. R. GRACE & CO., et al., | : | |
| | : | Chapter 11 |
| | : | |
| Debtor | : | Jointly Administered |

Hearing Date: To be Determined

# OBJECTION OF THE UNITED STATES TRUSTEE TO SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF PROFESSOR ELIZABETH WARREN AS SPECIAL BANKRUPTCY CONSULTANT TO CAPLIN AND DRYSDALE (DOCKET # 1019)

In support of his Objection to the Supplemental Application of the Official Committee of Asbestos Personal Injury Claimants for an Order *Nunc Pro Tunc* as of August 1, 2001, Authorizing Employment of Professor Elizabeth Warren as Special Bankruptcy Consultant to Caplin & Drysdale, Chartered (the "Application"), Donald F. Walton, the Acting United States Trustee for Region 3, by and through his counsel, avers:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring applications filed under 11 U.S.C. § 327 and is given the discretion to file comments on such applications.

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to this Objection.

4. On or about October 23, 2001, the Official Committee of Asbestos Personal Injury Claimants ("Committee") filed the Application, seeking to retain Professor Elizabeth Warren ("Prof. Warren") as a "special bankruptcy consultant" to the Committee.

5. The Committee is already represented by several highly compensated professionals, including lead counsel Caplin & Drysdale which averred in its retention application that it was well qualified to represent the interests of the Committee. The Application is deficient in that it does not explain what particular expertise and knowledge Prof. Warren brings to the case that is not present elsewhere among the professionals already representing the Committee. Although Prof. Warren is a well-known and highly regarded legal scholar, her background does not indicate a significant amount of research or writing focusing on mass tort bankruptcies.

6. The Application does not set forth the basis for the proposed compensation rate of $675 per hour.

7. The Application recites that Prof. Warren will not be a member, associate or of counsel to the Caplin & Drysdale firm "to avoid conflicts with Caplin & Drysdale's numerous non-bankruptcy clients." In order to fully evaluate whether the retention of Prof. Warren is appropriate under section101(14) and 1103, and to determine whether the retention of Prof. Warren raises any issues as to the disinterestedness of Caplin & Drysdale, it is necessary for these "conflicts" to be described.

8. The Application does not indicate whether Prof. Warren is required to share any compensation with Harvard University ("Harvard") for outside engagements or whether Harvard has any other financial interest in Prof. Warren's employment, and the Application does not indicate whether Harvard has any other connection with the Debtor or the case that may have an impact on disinterestedness.

9. Caplin & Drysdale has filed similar applications to retain Prof. Warren in each of the asbestos bankruptcy cases in this District and elsewhere nationwide where Caplin & Drysdale is counsel to the asbestos claimants' committee. It is highly likely that the services to be rendered by Prof. Warren will be applicable to many or all of these cases. However, the Application does not explain how the billings for Prof. Warren's services will be allocated among the numerous cases in which Caplin & Drysdale is involved.

10 The UST objects to approval of the Application until the above-identified deficiencies are corrected and parties in interest have an opportunity to review and comment on the amended Application.

11. The UST leaves the debtors to their burden and reserves all discovery rights..

WHEREFORE the UST requests that this Court issue an order denying the Application and/or granting such other relief that this Court deems appropriate.

> Respectfully submitted,
>
> DONALD F. WALTON
> ACTING UNITED STATES TRUSTEE
>
> BY:  **/s/ Frank J. Perch, III**
> Frank J. Perch III, Esquire
> Trial Attorney
> J. Caleb Boggs Federal Building
> 844 King St., Suite 2313, Lock Box 35
> Wilmington, DE 19801
> (302) 573-6491
> (302) 573-6497 (Fax)

Dated: November 5, 2001