IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139JJF |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**SUMMARY OF FIRST QUARTERLY VERIFIED INTERIM APPLICATION OF
HOLME ROBERTS & OWEN, LLP, FOR COMPENSATION
AND FOR REIMBURSEMENT OF EXPENSES
FOR APRIL 2, 2001 THROUGH SEPTEMBER 30, 2001**

Name of Applicant:     Holme Roberts & Owen, LLP

Authorized to Provide Professional Services to:     W.R. Grace & Co., et al., Debtors and
Debtors-in Possession

Dated of Retention Order: July 18, 2001, *nunc pro tunc* April 2, 2001.

Period for Which Compensation and Reimbursement is Sought:     April 2, 2001 to September 30, 2001

Amount of Compensation Sought as Actual, Reasonable and Necessary:     $285,970.50

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: $47,668.25

This is a ____ monthly __X__ quarterly __X__ interim ____ final application

Prior Applications filed: No.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#762008 v1

As indicated above, this is the first application for compensation of services filed by HRO with the Bankruptcy Court in these cases.

The HRO attorneys who rendered professionals services in these cases during the Fee Period are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Kenneth W. Lund | Partner | Environmental | $300.00 | 383.20 | $111,810.00 |
| Lisa S. Decker | Partner | Environmental | $225.00 | 38.30 | $8,617.50 |
| Charlotte L. Neitzel | Partner | Environmental | $275.00 | 9.1 | $2,502.50 |
| Jay D. McCarthy | Partner | Environmental | $250.00 | 111.50 | $27,875.00 |
| Donald J. Hopkins | Partner | Non-Profit | $360.00 | 1.3 | $468.00 |
| Colin G. Harris | Partner | Environmental | $250.00 | 11.6 | $2,900.00 |
| Phillip R. Clark | Partner | Commercial | $325.00 | 0.30 | $97.50 |
| Katheryn J. Coggon | Sr. Associate | Environmental | $240.00 | 59.50 | $14,280.00 |
| Elizabeth K. Flaagan | Sr. Associate | Bankruptcy | $250.00 | 10.70 | $2,675.00 |
| Brent A. Tracy | Associate | Environmental | $210.00 | 155.3 | $32,613.00 |
| Roxane J. Perruso | Associate | Litigation | $210.00 | 37.00 | $7,770.00 |
| Mark R. Gordon | Associate | Litigation | $180.00 | 51.10 | $9,378.00 |
| Keith A. Trammel | Associate | Commercial | $160.00 | 7.50 | $1,200.00 |
| Arthur Mizzi | Contract Atty | Environmental | $210.00 | 14.60 | $3,066.00 |
| Edward E. Stevenson | Sr. Counsel | Environmental | $210.00 | 11.30 | $2,373.00 |
| TOTAL | | | | 902.3 | $227,625.50 |

The HRO paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Thomas W. Korver | Sr. Paralegal | Environmental | $110.00 | 90.30 | $9,933.00 |
| M. Carla Latuda | Sr. Paralegal | Environmental | $90.00 | 313.60 | $28,224.00 |
| Joan M. Sherman | Sr. Paralegal | Environmental | $110.00 | 35.10 | $3,861.00 |
| Karen L. Kinnear | Paralegal | Litigation | $110.00 | 1.00 | $110.00 |
| Loraine C. Street | Paralegal | Environmental | $85.00 | 33.50 | $2,847.50 |
| Kathleen Porter | Paralegal | Environmental | $80.00 | 10.30 | $824.00 |

#762008 v1

| Susan Haag | Paralegal | Bankruptcy | $ 85.00 | 0.50 | $42.50 |
|---|---|---|---|---|---|
| Shalizeh Nadjmi | Law Clerk | Environmental | $125.00 | 35.60 | $4,094.00 |
| Mary Beth Floyd | Info. Spec. | Environmental | $ 90.00 | 29.70 | $2,673.00 |
| Imelda Mulholland | Info. Spec. | Environmental | $ 90.00 | 25.40 | $2,286.00 |
| William E. Payne | Info. Spec. | Environmental | $ 75.00 | 42.00 | $3,150.00 |
| Matthew R. Elisha | Librarian | | $100.00 | 3.00 | $300.00 |
| **TOTAL** | | | | 620 | $58,345.00 |

The total expenses incurred by behalf of the Debtors in these cases during the Fee Period are:

| Description | April | May | June | July | August | Sept. | TOTAL |
|---|---|---|---|---|---|---|---|
| Photocopies | 347.80 | 266.20 | 606.00 | 60.60 | 1,489.60 | 1,108.40 | 3,878.60 |
| Facsimiles | 35.00 | 54.00 | 27.00 | 135.00 | 149.00 | 120.00 | 520.00 |
| Long Distance Telephone | 76.00 | 15.93 | 42.74 | 24.59 | 32.40 | 7.74 | 199.40 |
| Outside Courier | 133.29 | 31.96 | 78.41 | 0.00 | 389.33 | 0.00 | 632.99 |
| Travel Expense | 5,094.38 | 0.00 | 0.00 | 0.00 | 3,855.25 | 2,180.12 | 11,129.75 |
| Lexis | 235.07 | 73.97 | 148.21 | 197.27 | 1,545.51 | 1,114.11 | 3,314.14 |
| Westlaw | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 535.83 | 535.83 |
| Meal Expenses | 569.60 | 0.00 | 0.00 | 7.42 | 451.36 | 0.00 | 1,028.38 |
| IS Overtime | 472.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 472.50 |
| Overtime | 13,817.50 | 0.00 | 0.00 | 0.00 | 0.00 | 605.00 | 14,422.50 |
| Other Expenses | 0.00 | 0.00 | 0.00 | 1,800.00 | 187.30 | 0.00 | 1,987.30 |
| Temporary Svcs. | 9,366.26 | 0.00 | 105.00 | 0.00 | 0.00 | 0.00 | 9,471.26 |
| Color Copies | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.60 | 15.60 |
| Filing Fee | 0.00 | 0.00 | 60.00 | 0.00 | 0.00 | 0.00 | 60.00 |
| TOTALS | 30,147.40 | 442.06 | 1,067.36 | 2,224.88 | 8,099.75 | 5,686.80 | 47,668.25 |

Dated: October 31, 2001

HOLME ROBERTS & OWEN, LLP

By: *[signature]*
Elizabeth K. Flaagan, Esq.
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
(303) 861-7000

#762008 v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139JJF |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing to be Scheduled, only if objections are timely filed and served.

**FIRST QUARTERLY VERIFIED INTERIM APPLICATION OF
HOLME ROBERTS & OWEN LLP FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR APRIL 2, 2001 THROUGH SEPTEMBER 30, 2001**

Pursuant to Sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed.R.Bankr.P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order:) and Del.Bankr.LR 2016-2, the law firm of Holme Roberts & Owen LLP ("HRO"), special environmental counsel for the above-captioned debtors and debtors

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#713139 v1

in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby files this First Quarterly Verified Interim Application of Holme Roberts and Owen LLP for Compensation and Reimbursement of Expenses for April 2, 2001 through September 30, 2001 (the "Application"). By this Application, HRO seeks interim allowance of compensation in the amount of $285,970.50 and reimbursement of actual and necessary expenses in the amount of $47,668.25 for a total of $333,638.75 or 100% of all compensation and expense reimbursement requests for the period April 2, 2001 through September 30, 2001 (the "Fee Period"). In support of this Application, HRO respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On the Petition Date, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and mange their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On April 3, 2001, an Application of the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business was filed in the Chapter 11 Cases.

3. On or about May 3, 2001, this Court entered and Order granting the Application of the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business (the "OCP Order"). Initially, HRO was included among the

#713139 v1

2

professionals the Debtors sought to employ under the OCP Order. Upon further review, the Debtors determined that it would be in the best interest of the bankruptcy estates of the Chapter 11 Cases to file a separate application regarding its proposed retention of HRO. By this Court's Order dated July 18, 2001, *nunc pro tunc* April 2, 2001, the Debtors were authorized to employ HRO as special environmental counsel ("HRO Retention Order"). The HRO Retention Order authorizes the Debtors to pay HRO at hourly rates charged by HRO for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and applicable local rules and orders of this Court.

4. Prior to entry of the HRO Retention Order, HRO understood and believed that it would be compensated and reimbursed pursuant to the OCP Order as an ordinary course professional in an amount not to exceed $50,000.00 per month. Recently, HRO was informed by a representative of one of the Debtors, that the most expedient manner for approval and payment of HRO's fees and expenses incurred to date, would be for HRO to submit an interim application requesting approval of fees and expenses for the Fee Period. Hereafter, HRO will submit monthly fee applications and regular quarterly fee applications for approval of its fees and expenses incurred in representing the Debtors as special environmental counsel pursuant to the Interim Compensation Order. Accordingly, the amount of compensation and reimbursement requested in this Application represents the total amount of HRO's fees and expenses for the Fee Period, which covers the first and second quarterly fee periods.

5. Pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request for interim Court approval and allowance of the monthly fee applications filed during the quarter covered by the a quarterly fee application. If the

#713139 v1

Court grants the relief requested by a professional in its quarterly fee application, the Debtors are authorized and directly to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by any given quarterly fee application, less any amounts previously paid in connection with a monthly fee application.

6. To date, HRO has not (i) submitted any monthly fee applications, (ii) submitted a quarterly fee application, and (iii) received payment for any fees nor reimbursement for any expenses incurred, since the Petition Date. Accordingly, the Application submitted herein is a combined request for approval of all monthly and quarterly fees and expenses for services rendered by HRO to the Debtors and expenses incurred on the Debtors' behalf by HRO from the Petition Date through September 30, 2001.

### Reasonable and Necessary Services Rendered by HRO

7. The HRO attorneys who rendered professional services during the Fee Period are as follows:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Kenneth W. Lund | Partner | Environmental | $300.00 | 383.20 | $111,810.00 |
| Lisa S. Decker | Partner | Environmental | $225.00 | 38.30 | $8,617.50 |
| Charlotte L. Neitzel | Partner | Environmental | $275.00 | 9.1 | $2,502.50 |
| Jay D. McCarthy | Partner | Environmental | $250.00 | 111.50 | $27,875.00 |
| Donald J. Hopkins | Partner | Non-Profit | $360.00 | 1.3 | $468.00 |
| Colin G. Harris | Partner | Environmental | $250.00 | 11.6 | $2,900.00 |
| Phillip R. Clark | Partner | Commercial | $325.00 | 0.30 | $97.50 |
| Katheryn J. Coggon | Sr. Associate | Environmental | $240.00 | 59.50 | $14,280.00 |
| Elizabeth K. Flaagan | Sr. Associate | Bankruptcy | $250.00 | 10.70 | $2,675.00 |
| Brent A. Tracy | Associate | Environmental | $210.00 | 155.3 | $32,613.00 |
| Roxane J. Perruso | Associate | Litigation | $210.00 | 37.00 | $7,770.00 |

#713139 v1

4

| Mark R. Gordon | Associate | Litigation | $180.00 | 51.10 | $9,378.00 |
| Keith A. Trammel | Associate | Commercial | $160.00 | 7.50 | $1,200.00 |
| Arthur Mizzi | Contract Atty | Environmental | $210.00 | 14.60 | $3,066.00 |
| Edward E. Stevenson | Sr. Counsel | Environmental | $210.00 | 11.30 | $2,373.00 |
| **TOTAL** | | | | 902.3 | $227,625.50 |

8. The paraprofessionals of HRO who have rendered professional services during the Fee Period are as follows:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Thomas W. Korver | Sr. Paralegal | Environmental | $110.00 | 90.30 | $9,933.00 |
| M. Carla Latuda | Sr. Paralegal | Environmental | $90.00 | 313.60 | $28,224.00 |
| Joan M. Sherman | Sr. Paralegal | Environmental | $110.00 | 35.10 | $3,861.00 |
| Karen L. Kinnear | Paralegal | Litigation | $110.00 | 1.00 | $110.00 |
| Loraine C. Street | Paralegal | Environmental | $85.00 | 33.50 | $2,847.50 |
| Kathleen Porter | Paralegal | Environmental | $80.00 | 10.30 | $824.00 |
| Susan Haag | Paralegal | Bankruptcy | $85.00 | 0.50 | $42.50 |
| Shalizeh Nadjmi | Law Clerk | Environmental | $125.00 | 35.60 | $4,094.00 |
| Mary Beth Floyd | Info. Spec. | Environmental | $90.00 | 29.70 | $2,673.00 |
| Imelda Mulholland | Info. Spec. | Environmental | $90.00 | 25.40 | $2,286.00 |
| William E. Payne | Info. Spec. | Environmental | $75.00 | 42.00 | $3,150.00 |
| Matthew R. Elisha | Librarian | | $100.00 | 3.00 | $300.00 |
| **TOTAL** | | | | 620 | $58,345.00 |

9. HRO has advised and represented the Debtors in connection with certain environmental litigation and environmental matters or proceedings. These matters, by corresponding matter number, are as follows:

| Matter Number | Description |
|---|---|
| 00000 | General Counsel and Advice |
| 00290 | Fort Peck Indian Reservation - Defense of Administrative Order, in the Tenth Circuit Court of Appeals, concerning alleged groundwater contamination in and around the East Poplar Oil Field within the Fort Peck Indian Reservation |
| 00300 | Defense of *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM, which concerns remedial activities in and around Libby, Montana |
| 00301 | Libby Access Case - Defense of EPA's demand for access and to add penalties for denial of access to mine site. *United State of America v. W.R. Grace & Company and Kootenai Development Corporation*, Case No. CV-00-167-M-DWM |
| 00302 | Defense of Cost Recovery case regarding clean up of the Libby, Montana mine and mine site. |
| 00310 | Casmalia Superfund Site - Defense CERCLA liability assiciated with the former Casmalia Disposal Site in California. |
| 00320 | Kootenai Development- Complete Corporate Transactions |
| 00330 | Defense of Cost Recovery Claims *Samson Investment Company and Samson Hydrocarbons Company v. W.R. Grace & Co. - Conn. and Grace Energy Corporation*, Case No. 01-769, District Court, 95th Judicial District |
| 00340 | NY Hillside Litigation - Defense of Third Part Claims of Superfund Site in Los Angeles. *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM |
| 00350 | Freedom of Information Act Request - Requests for information to the EPA and other federal agencies concerning certain of W.R. Grace's general state and federal actions. |
| 00370 | Defense of CERCLA § 104(e) requests regarding information concerning the facilities in Libby, Montana as well as current and former expanding plants, along with responses concerning Attic Insulation |
| 00380 | Coloway Coal Bonds - Negotiation and investigation regarding the release of W.R. Grace from reclamation and lease bonds. |

10. The rates described in the above list of attorneys and paraprofessionals are HRO's hourly rates for services of this type. Attached as **Exhibit A**, and arranged by subject matters, is a detailed summary of the professional time and expenses for each matter, together with a

#713139 v1

6

detailed itemization and description of the services that HRO rendered on each subject matter during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $285,970.50. The HRO attorneys and paraprofessionals expended a total of 1,522.30 hours for these cases during the Fee Period. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

11.    Further, **Exhibit A** (a) summarizes the time spent by each individual and the value of those services for each month of the Fee Period, (b) summarizes the expenses incurred on for each subject matter for each month of the Fee Period, (c) identifies the individuals that rendered services in each subject matter, as defined and described herein, (d) describes each activity or services that each individual performed, and (e) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. The matters addressed in this Application are merely those for which services were rendered during this Fee Period. HRO is currently rendering services for additional matters that HRO will bill in the future.

### Actual and Necessary Expenses

12.    It is HRO's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. It is HRO's policy to charge its clients only the amount actually incurred by HRO in connection with such items. Examples of such expenses include postage, overnight mail, courier deliver, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions,

#713139 v1

7

airfare, meals and lodging. With respect to airfare expenses, all travel by individuals is billed at the coach rate with allowances for class upgrades.

13. HRO charges $.20 per page for duplication. HRO does not charge for incoming telecopier transmissions.

14. A summary of individual professional time and the value of such services rendered by HRO on the Debtors' cases during the Fee Period is attached hereto as **Exhibit B**. The total value of such services rendered during the Fee Period for which HRO is requesting approval and payment is $285,970.50.

15. A summary of expenses by type and amount incurred by HRO on the Debtors' behalf during the Fee Period is attached hereto as **Exhibit C**. All of these disbursements comprise the requested sum for HRO's out-of-pocket expenses, totaling $47,668.25.

### Representations

16. HRO believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

17. Although every effort has been made to include all fees and expenses from the Fee Period in this Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. HRO reserves the right to make further application to this Court for allowance of fees and expenses for the Fee Period not included herein.

### Requested Relief

18. By the Application, HRO requests compensation for fees and expenses in the total amount of $333.638.75, consisting of (a) $285,970.50 for reasonable and necessary professional

services rendered, and (b) $47,668.25 for actual and necessary costs and expenses incurred, from April 2, 2001 through September 30, 2001.

19. At all relevant times, HRO has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

20. All services for which compensation is requested by HRO were performed for or on behalf of the Debtors and not on behalf of any committee, creditor or other person.

21. HRO has received no payment for the services performed and expenses incurred presented in the Application.

22. Pursuant to Fed.R.Bankr.P. 2016(b), HRO has not shared, nor agreed to share, any compensation it may receive from the Debtors and/or their estates with any other party or person other than partners, counsel, associates, paralegals and employees of HRO.

23. This is the first application for interim compensation for services rendered that HRO has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

WHEREFORE, HRO respectfully requests that this Court enter in Order, substantially in the form attached hereto, providing that, for the period of April 2, 2001 through September 30, 2001, an allowance be made to HRO in the sum of $285,970.50 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $47,668.25 for

reimbursement of actual and necessary costs and expenses incurred, for a total of $333,638.75 and that the Debtors be authorized and directed to pay HRO the outstanding amount of such sums, and for such other and further relief as this Court deems proper.

Dated this 31st day of October, 2001.

HOLME ROBERTS & OWEN, LLP

By: *Elizabeth K. F*[signature]

Elizabeth K. Flaagan, Esq. (Colo. #22604)
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
(303) 861-7000

#713139 v1

10