# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**AGREED ORDER RESOLVING REQUEST FOR
DIRECTION FROM BANKRUPTCY COURT BY
INTERESTED PARTIES HARTFORD ACCIDENT AND
INDEMNITY COMPANY, FIRST STATE INSURANCE
COMPANY AND TWIN CITY FIRE INSURANCE COMPANY**

Upon consideration of the Request (the "Request") for Direction from Bankruptcy Court by Interested Parties Hartford Accident and Indemnity Company ("Hartford"), First State Insurance Company ("First State") and Twin City Fire Insurance Company ("Twin City") (collectively, the "Hartford Defendants") seeking the Bankruptcy Court's direction in connection with the Hartford Defendants' rights and obligations under a certain prepetition settlement agreement (the "Settlement Agreement") between the Hartford Defendants and debtors in possession (collectively, the "Debtors"); and due and proper notice of the Request having been

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

given; and no responses having been filed; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Settlement Agreement is an enforceable contract that is binding on the Hartford Defendants and the Debtors in accordance with the terms therein, provided however, that nothing herein shall be construed as an assumption or rejection by the Debtors of the Settlement Agreement, or that the Settlement Agreement is executory in nature; and it is further

ORDERED that the Hartford Defendants and the Debtors each agree to honor the terms of the Settlement Agreement; and it is further

ORDERED that the Hartford Defendants shall make any and all settlement payments owed to the Debtors under the Settlement Agreement in the amounts and at the times set forth therein; and it is further

ORDERED that any and all settlement payments shall be paid by the Hartford Defendants to an account or accounts designated by the Debtors; and it is further

ORDERED that the Hartford Defendants and the Debtors hereby accept the terms of this order without prejudice to and with full reservation of their respective rights and interests; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Wilmington, Delaware

Dated: November 5, 2001

Joseph J. Farnan, Jr.
United States District Judge

3