# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | Case No. 01-01139 JJF |
| Debtors. | Jointly Administered<br>**Re: Docket Nos. 809 and 828** |

**STIPULATION AND CONSENT ORDER RESOLVING MOTIONS OF THE DEBTORS AND HONEYWELL INTERNATIONAL INC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

**WHEREAS,** Honeywell International, Inc. ("Honeywell"), W.R. Grace & Co. ("Grace"), and ECARG, Inc. ("ECARG" and together with Grace, the "Debtors") are parties in two related court proceedings pending in the United States District Court for the District of New Jersey (the "New Jersey Court") entitled Interfaith Community Org., et al. v. Honeywell Int'l Inc., Roned

---

[1]   The Debtors are the following entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Realty of Jersey City, Inc., Roned Realty of Union City, Inc., W.R. Grace & Co., ECARG, Inc., and W.R. Grace, Ltd., Case No. 95-2097 (DMC) (the "ICO Action"), and Hackensack Riverkeeper, Inc. v. Honeywell Int'l Inc., Case No. 00-1451 (JAG) (the "Riverkeeper Action"); and

**WHEREAS**, fact and expert discovery is complete in the ICO Action and motions for summary judgment are pending before the New Jersey Court; and

**WHEREAS**, the Riverkeeper Action was filed approximately five (5) years after the ICO Litigation; and

**WHEREAS**, on April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, on August 24, 2001, the Debtors filed a motion seeking the modification of the automatic stay pursuant to 11 U.S.C. § 362 of the Bankruptcy Code to allow the ICO Action to proceed in its entirety (the "Debtors' Lift Stay Motion"); and

**WHEREAS**, on August 31, 2001, Honeywell filed a motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) retroactive to the Petition Date to allow it to continue to litigate its claims in the ICO Action and the Riverkeeper Action (the "Honeywell Lift Stay Motion"); and

**WHEREAS**, on September 5, 2001, the ICO Action and the Riverkeeper Action were consolidated by Order entered by the Honorable Dennis M. Cavanaugh, United States District Judge for the District of New Jersey; and

**WHEREAS**, Honeywell alleges in the Honeywell Lift Stay Motion that the claims set forth in the Riverkeeper Action are identical to those in the ICO Action; and

-2-

**WHEREAS**, the Debtors have not yet been served as a defendant in the Riverkeeper Action and, as a result, they maintain that they have no clear understanding of the types of claims which will ultimately be asserted against them or other parties; however, the Debtors have been provided a copy of the amended complaint filed in the Riverkeeper Action on or about May 31, 2001 (the "Amended Complaint"); and

**WHEREAS**, the Debtors and Honeywell have agreed to resolution of the Debtors' Lift Stay Motion and the Honeywell Lift Stay Motion:

## IT IS HEREBY AGREED AND ADJUDGED AS FOLLOWS:

1.    All parties to the ICO Action currently pending in the New Jersey Court be, and hereby are, granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d), retroactive to the Petition Date so that the ICO Action may proceed in its entirety.

2.    To the extent that the claims in the Riverkeeper Action are as set forth in the Amended Complaint (albeit with different claimants) and the Riverkeeper Action does not raise new claims which have not been raised in the ICO Action, all parties to the Riverkeeper Action currently pending in the New Jersey Court be, and hereby are, granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d), retroactive to the Petition Date so that the Riverkeeper Action may proceed in its entirety.

3.    In the event that new claims are raised in the Riverkeeper Action and such claims differ from those set forth in the Amended Complaint (albeit with different claimants), the automatic stay pursuant to 11 U.S.C. § 362(d) remains in full force and effect with respect to the Riverkeeper Action and no party may proceed against the Debtors in the Riverkeeper Action without further order of the Bankruptcy Court.

4.    Any non-Debtor party granted relief from the automatic stay pursuant to this stipulation shall be entitled relief from the automatic stay only for the purpose of obtaining

-3-

judgment against the Debtors, but cannot levy on any such judgment without further order of the

Bankruptcy Court.

     5.    The terms of this Stipulation and Order cannot be modified except in writing

agreed to by the parties and approved by Order of this Court.

We hereby consent to the form,
substance and entry of the foregoing:

**LOWENSTEIN SANDLER PC**
Bruce Buechler, Esq.
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500

    -and-

**WALSH, MONZACK & MONOCO, P.A.**

By: _____
    Kevin Mangan, Esq.
    1201 North Orange Street, Suite 400
    P.O. Box 2031
    Wilmington, DE 19899
    (302) 656-8162
    Attorneys for Honeywell International, Inc.

**PACHLUSKI, STANG, ZIEHL, YOUNG & JONES, P.C.**

By: _____
    David W. Carickhoff, Jr., Esq.
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    (302) 656-4100
    Attorneys for Debtors and Debtors in Possession

        SO ORDERED, on this ___5___ day of November, 2001

                    _____
                    Honorable Joseph J. Farnan, Jr.
                    United States District Court Judge