**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## BAR DATE NOTICE FOR ALL CLAIMS

PLEASE TAKE NOTICE THAT on _____, 2001 the Honorable Joseph J. Farnan, Jr., United States District Judge, United States District Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors" or "Grace") entered an Order (i) Fixing A Claims Bar Date, (ii) Approving The Proof Of Claim Forms (iii) Approving The Form And Manner Of Notice And (iv) Approving the Case Management Schedule ("Bar Date Order") which, among other things, set a Bar Date for filing proofs of claim against the Debtors, for **ALL CLAIMS** including but not limited to Non-Asbestos Claims, Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims and Settled Asbestos Claims, as defined on Exhibit 1 attached.

Under the Bar Date Order, the Court established _____, **2002** at 4:00 p.m. Eastern Time (the "Bar Date") as the last date and time for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have **ANY CLAIMS**, including **pre-petition** Non-Asbestos Claims and **present** Asbestos Personal Injury Claims, Asbestos Property Damage Claims or Zonolite Attic Insulation Claims or Settled Asbestos Claims to file proofs of claims against any of the Debtors or their predecessors-in-interest. A copy of the Bar Date Order setting the Bar Date for all claims is enclosed.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1. WHO MUST FILE A PROOF OF CLAIM

On April 2, 2001 (the "Petition Date"), each of the Debtors commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have **ANY CLAIM** against the Debtors including but not limited to any **pre-petition** Non-Asbestos Claim or any **present** Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim as defined in Exhibit 1. Any person or entity having such a claim or any other claim against the Debtors must file a Proof of Claim on or before _____, **2002,** the Bar Date for all claims, using the applicable Proof of Claim form approved by the Court.

**IN THE EVENT THAT PRIOR TO THE BAR DATE YOU FILED A PROOF OF CLAIM FOR AN ASBESTOS PERSONAL INJURY CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM, ZONOLITE ATTIC INSULATION CLAIM OR SETTLED ASBESTOS CLAIM, USING OFFICIAL FORM 10 OR ANY OTHER PROOF OF CLAIM FORM, YOU MUST REFILE YOUR CLAIM ON THE APPROPRIATE SPECIALIZED COURT-APPROVED PROOF OF CLAIM FORM ON OR BEFORE THE BAR DATE OR YOUR CLAIM SHALL BE BARRED AND DISALLOWED.**

In the event that prior to the bar date you filed a proof of claim for any other claim other than an asbestos personal injury claim, asbestos property damage claim, zonolite attic insulation claim or settled asbestos claim using official form 10 or any other proof of claim form, you do not need to refile your claim on the appropriate specialized court-approved proof of claim form on or before the bar date so long as you identified the appropriate debtor against whom your claim is asserted in your proof of claim form.

**Under section 101(5) of the bankruptcy code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions of the debtors that occurred before the debtors filed their chapter 11 cases on April 2, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Therefore, any creditor having a claim against the debtors, no matter how remote or contingent, must file a proof of claim before the bar date.**

As outlined herein, you must file a claim if you have a **PRE-PETITION** Non-Asbestos Claim or any **PRESENT** Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim as defined in Exhibit 1. A **PRE-PETITION** claim is a claim as of the time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001. A **PRESENT** claim is a claim as of the time

2

**IMMEDIATELY PRECEDING THE BAR DATE OF _____, 2002.**

2. **WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM**

The Bar Date and the need to file a Proof of Claim applies only to holders of pre-petition Non-Asbestos Claims against the Debtors and holders of present Asbestos Personal Injury, Asbestos Property Damage, Zonolite Attic Insulation and Settled Asbestos Claims against the Debtors. You do <u>not</u> need to file a proof of claim if you have any of the following types of claims:

A. A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is ***not*** described in the Schedules as "disputed," "contingent," or "unliquidated," *and* (iii) is in the same amount and of the same nature as set forth in the Schedules;

B. An administrative expense of any of the Debtors' Chapter 11 cases as defined in Sections 503(b) or 507(a) of the Bankruptcy Code as including the actual, necessary costs and expenses of preserving the estate.

C. A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

D. A claim that has been allowed by an order of the Court entered on or before the Bar Date;

E. A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of any personal injury claims. *However, any claims held by former or current employees that may be asserted directly against the Debtors outside of a state workers' compensation system <u>including, but not limited to, claims for pre-petition wages, salaries and benefits and deferred compensation, if any</u>, are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim or be forever barred from asserting such claim.*

F. The Chase Manhattan Bank, n/k/a JP Morgan Chase, in its capacity as administrative agent for the Banks and Purchasing Banks which are parties to one or both of the two $250 million unsecured revolving credit facilities, namely: (i) the Credit Agreement dated as of May 14, 1998, and (ii) the 364-Day Credit Agreement dated as of May 5, 1999, as each may have been amended or supplemented (collectively, the "Pre-Petition Facilities") may file proofs of claim in respect of claims for principal, interest and other amounts that arise under the two Pre-Petition Facilities on behalf of the Banks and Purchasing Banks for which it acts in lieu of or in addition to any individual proofs of claim filed by such debtholders and, accordingly, such Banks

and Purchasing Banks need <u>not</u> file proofs of claim asserting such claims; <u>provided, however</u>, that such debtholders must file individual claims against the Debtors for all other claims they seek to assert against the Debtors; and

G. Any holder of an interest in the Debtors arising solely from its ownership of the common stock or other equity securities of the Debtors need <u>not</u> file a proof of interest, but must file a proof of claim for any claim they have against the Debtors.

H. **YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE A CLAIM.**

3. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

4. **WHEN AND WHERE TO FILE**

To file a claim, do the following:

- File the claim on the appropriate court-ordered *Proof of Claim Form*, a copy of which is enclosed with this notice.

- For additional copies of the *Proof of Claim Form*:

  - Contact the **[insert Claims Processing Agent]** toll-free at **[insert toll free number]**, 9:00 a.m. - 5:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

  - Visit the Grace chapter 11 website at **[insert website]** to download a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form*.

- Return the completed *Proof of Claim Form(s)* to the **[Claims Processing Agent]** by no later than _____, **2002** at 5:00 p.m., Eastern Time. *Proof of Claim Forms* will be deemed filed only when ***actually received*** by the **[Claims Processing Agent]**. *Proof of Claim Forms* submitted by facsimile or telecopy transmission will ***not*** be accepted and will not be deemed filed. If you are returning the *Proof of Claim*

4

*Form* by mail, allow sufficient mailing time so that the *Proof of Claim Form* is received on or before _____, **2002** at 4:00 p.m., Eastern Time. *Proof of Claim Forms* that are postmarked before that date but are received thereafter will be considered late.

- *Proof of Claim Forms* must be mailed, filed in person, or hand delivered so as to be received on or before _____, **2002** at the following address:

If mailed, to:

> [MAILING ADDRESSES OF PROPOSED
> CLAIMS PROCESSING AGENT]

If hand delivered, to:

> [STREET ADDRESS OF PROPOSED
> CLAIMS PROCESSING AGENT]

(between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, on business days).

- *Proof of Claim Forms* will be deemed filed only when actually received at the address indicated above. You must include all attachments and exhibits with each Proof of Claim and the claim form must be signed by the claimant.

- Do not file or send copies of the Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors', the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Upon receipt of your claim, the claims agent will send an acknowledgment card with the appropriate claim number noted thereon.

## 5.   WHAT TO FILE

If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Claim form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Personal Injury Claim or a Settled Asbestos Claim, use the Proof of Claim form entitled "Grace Asbestos Personal Injury Proof of Claim Form." If you are filing a Proof of Claim for an Asbestos Property Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof of Claim Form". If you are filing a Proof of Claim for a Zonolite Attic Insulation Claim, use the Proof of Claim form entitled "Zonolite Attic Insulation Proof of Claim Form". If you are filing a Proof of Claim <u>for any other claim</u>, use the Proof of Claim form entitled "Grace Non-Asbestos Proof of Claim Form."

**If you have previously filed a Proof of Claim for an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim or Settled Asbestos Claim using Official Form 10 or any other Proof of Claim Form, you must refile your claim using the specialized and appropriate Court approved Proof of Claim Form or your claim may be disallowed.**

If you have previously filed a Proof of Claim for a Non-Asbestos Claim, using Official Form 10 or any other proof of claim form, you do **not** need to refile your claim so long as you have clearly identified the specific Debtor against whom your claim is asserted.

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, and (iii) indicate the Debtor against which you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

6. **PRODUCT INFORMATION**

For your information and assistance in completing the Asbestos Personal Injury Claim Form, Asbestos Property Damage Claim Form or Zonolite Attic Insulation Claim form, the Debtors mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos. One such product was Zonolite Attic Insulation, a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation.

Grace also produced and marketed vermiculite products containing added asbestos for use primarily in commercial, public and high-rise residential buildings. These products included ceiling and wall finishes, plasters, and cements. In addition, from 1959 to 1973, Grace marketed Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray-on fireproofing plaster used to provide fire protection for the enclosed steel beams such buildings. A list of the brand names under which the Debtors manufactured products that may have contained commercially added asbestos is attached as Exhibit 2.

7. **CLASS ACTION PROOFS OF CLAIM**

Several class action lawsuits (that is, lawsuits involving a class -- for example, all homeowners in a particular area which have Zonolite Attic Insulation in their homes -- rather than just one person) involving Asbestos Property Damage Claims, Zonolite Attic Insulation claims, or

Other claims have been initiated against the Debtors. Certification of classes have been requested and/or occurred in the following matters: (1) *Marco Barbanti, et al. v. W.R. Grace & Company -- Conn., et al.,* No. 00-2-01756-6 (Wa. Sup. Court, Spokane Co.); (2) *Adam Chase, et al. v. W. R. Grace Co. - Conn*, Case No. 00-2468-MJD/JGL (4th Dist, Hennepin Co, Minn); (3) *Andy Dorrington, et al. v. W. R. Grace & Company, et al.,* Case No. ADV-2000-078 (1st Dist, Lewis & Clark Co, Mont.); (4) *Kathleen A. Tennisen and L. Diane Walker, et al., v. W. R. Grace & Company, et al.,* Case No. CV-00-035M, (D.Ct. D. Mont.); (5) *Arvil Daily, et al. v. W. R. Grace & Co. - Conn*, Case No. 00L-656- (C. Ct 3rd Dist, Madison Co., IL); (6) *James and Doris McMurchie, et al. v. W. R. Grace & Company - Conn,* Case No. 00-015072 (4th Dist, Hennepin Co, Minn); (7) *In re: Zonolite Attic Insulation Products Liability Litigation,* MDL No. 1376 (D. Ct. D. Mass); (8) *William Pat Harris, et al. v. W. R. Grace & Company,* Case No. C00-4738 (D. Ct. N.D. CA); (9) *Stephen B. Walsh, et al. v. W. R. Grace & Company, et al.,* Case No. 00-CN-2486-DWF/SRN (D. Ct. D. Minn); (10) *Anderson Memorial Hospital, et al. v. W. R. Grace & Co.,* Case No. 92-CP-25-279 (Ct of Common Pleas, Hampton Co. S.C.); (11) *County of Orange, State of Texas, et al. v. National Gypsum Co, et al.,* Case No. 890803-C (260th Judicial Dist., Orange Co, Texas) (collectively, the "Class Actions").

**If you are a member of any of the classes which hold Claims against the Debtors, including but not limited to the classes referred to in the Class Actions outlined herein, you must file an INDIVIDUAL proof of claim before the Bar Date if you intend to assert a claim. Please take notice that class proofs of claim will not be allowed and you may not rely on any such class proof of claim. Unless you file an <u>individual</u> proof of claim before the Bar Date, your claim will be forever barred from asserting a claim against the Debtors.**

## 8. EFFECT OF NOT FILING A CLAIM

ANY HOLDER OF A NON-ASBESTOS CLAIM, AN ASBESTOS PERSONAL INJURY CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM, ZONOLITE ATTIC INSULATION CLAIM OR SETTLED ASBESTOS CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE THE COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE _____, 2002 FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, AFFILIATES, INSURANCE CARRIERS OR THE DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above, present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof*

*of Claim to preserve such benefits, but* **must** *file a Proof of Claim if they seek to preserve a right to proceed against the Debtors for asbestos exposure outside of the workers' compensation system or against the Debtors in respect of all Non-Asbestos Claims.*

## 9. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801.

## 10. QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney. If you have questions concerning how to complete a *Proof of Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the **[Claims Processing Agent]** toll-free at **[insert toll-free number]** between 9:00 a.m. and 4:00 p.m. (Eastern Time), Monday through Friday, *or* write to: **[Claims Processing Agent]**. You may also download a *Proof of Claim Form* and instructions at Grace's chapter 11 website, at **[insert website]**.

BY ORDER OF THE COURT

---

The Honorable Joseph J. Farnan, Jr.
United States District Judge

## CLAIMS SUBJECT TO BAR DATE

The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").

**Non-Asbestos Claim:** Non-Asbestos Claims are **ANY OTHER CLAIMS** against the Debtors as of the time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury, Asbestos Property Damage, Zonolite Attic Insulation or Settled Asbestos Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those claims **as of the time immediately preceding the Bar Date** involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite. *Notwithstanding the foregoing, present or former employees of the Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of an Asbestos Personal Injury Claim shall not be required to file a proof of claim in order to preserve their right to receive such workers' compensation benefits. However, any claims held by former or current employees that may be asserted directly against the Debtors outside of a state workers' compensation system including, but not limited to, claims for pre-petition wages, salaries and benefits and deferred compensation, if any, are included in the definition of either "Non-Asbestos Claim" or "Asbestos Personal Injury Claim," are subject to the Bar Date, and any such employees who wants to preserve their right, if any, to assert a claim directly against the Debtors outside of such state workers' compensation system must file a proof of claim by the Bar Date in order to preserve such claims or be forever barred from asserting such claim.*

**Asbestos Property Damage Claim:** Asbestos Property Damage Claims are claims **as of the time immediately preceding the Bar Date** that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and

arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

**Zonolite Attic Insulation Claim:** Zonolite Attic Insulation Claims are claims **as of the time immediately preceding the Bar Date** that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Settled Asbestos Claim:** Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

I:\SHARED\Jbaer\Grace,W.R\Pleadings\ClaimsSubjectToBarDate004-Rvsd9-5-01.wpd

4                    Exhibit 1 to Bar Date Notice

A list of the brand names under which the Debtors manufactured or distributed products which may have contained commercially added asbestos, includes, but may not be limited to, the following:

- Ari-Zonolite Board Texture (1961 - 1964);
- Ari-Zonolite Natural
- Ari-Zonolite Oyster White
- Ari-Zonolite Nu-White
- Econo-White 65 and Econo-White 70 -- Econo-White Acoustical Texture; Econo-White Super White
- Hi-Sorb Acoustical Plaster (1966 - 1973) -- XX White Hi-Sorb; Oyster White Hi-Sorb
- Perlcoustic (1966 - 1973)
- Perltex Spray Surfaces (19 ?? - 1973) -- PlasterTex; Perltex Super-40 Spray Surfacer; Perltex Super-40; Gun Coat Spray Surfacer
- Perltex Super-40 Fog (19 ?? - 1973) -- Perltex Fog (Prior to 1968)
- Perltex Super-40 Perltex (19 ?? - 1973) -- Perltex Perlite; Super-40 Perlite
- Perltex Super-40 Polycoarse -- Perltex Polycoarse (Prior to 1988)
- Perltex Super-40 SAV (19 ?? - 1973) -- Perltex SAV; Super-40 SAV
- Prep-Coat #3; Prep-Coat #5
- Satin White
- Spra-Wyt a/k/a Spra-Wyt Finish, Spra-Wyt Acoustical, Spra-Wyt Acoustical Finish
- Vermiculite Acoustical Plaster; Vermiculite Acoustical Plastic
- Versakote -- Prep Coat #4
- Z-Tex (1958 - 1962) -- EX-Tex; Z-Tex 2; Z-Tex 2 Super White
- Zono-Coustic (1960-1973) -- Zono-Coustic 1; Zonocoustic 2; Zonocoustic 3; Zonocoustic Type Z; and Zonocoustic (MK2)
- Zonolite Acoustical Plaster (1945 - 1972) -- Zonolite Acoustical Plastic; Zonolite Board of Education Texture (1962 - 1963) -- Board of Education Hard Texture
- Zonolite Finish Coat (1956 - 1970) -- Decorator's White
- Zonolite Finish Coat (1961 - 1973) -- Decorator's White Extra Hard
- Zonolite Finishing Cement
- Zonolite High Temperature Insulating Cement (1938 - 1971) -- Hi Temp Insulating Cement; Zonolite Hi-Temperature Cement; Zonolite High Temperature Cement
- Zonolite Mono-Kote (MK-1) (1958 - 1962) -- Mono-Kote (generic name)
- Zonolite Mono-Kote 3 (MK-3) (1959 - 1973) -- Mono-Kote (generic name)
- Zonolite Spra-Insulation (1959 - 1973) -- Mono-Kote (MK-2)
- Zonolite Spra-Tex -- Regular (1955 - 1972) -- Zonolite Spra-Tex EH
- Zonolite Spra Tex -- Extra Hard (1961 - 1972)

Exhibit 2 to Bar Date Notice

## CLAIMS SUBJECT TO BAR DATE

The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (herein collectively referred to as the "Debtors" or "Grace").

**Non-Asbestos Claim:** Non-Asbestos Claims are **ANY OTHER CLAIMS** against the Debtors as of the time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury, Asbestos Property Damage, Zonolite Attic Insulation or Settled Asbestos Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Settled Asbestos Claims.

**Asbestos Personal Injury Claim:** Asbestos Personal Injury Claims are those claims **as of the time immediately preceding the Bar Date** involving personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite. *Notwithstanding the foregoing, present or former employees of the Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on account of an Asbestos Personal Injury Claim shall not be required to file a proof of claim in order to preserve their right to receive such workers' compensation benefits. However, any claims held by former or current employees that may be asserted directly against the Debtors outside of a state workers' compensation system including, but not limited to, claims for pre-petition wages, salaries and benefits and deferred compensation, if any, are included in the definition of either "Non-Asbestos Claim" or "Asbestos Personal Injury Claim," are subject to the Bar Date, and any such employees who wants to preserve their right, if any, to assert a claim directly against the Debtors outside of such state workers' compensation system must file a proof of claim by the Bar Date in order to preserve such claims or be forever barred from asserting such claim.*

**Asbestos Property Damage Claim:** Asbestos Property Damage Claims are claims **as of the time immediately preceding the Bar Date** that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and

arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

**Zonolite Attic Insulation Claim:** Zonolite Attic Insulation Claims are claims **as of the time immediately preceding the Bar Date** that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Settled Asbestos Claim:** Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive payment. For purposes of the Bar Date, the defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; or (d) Non-Asbestos Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

I:\SHARED\Jbaer\Grace,W.R\Pleadings\ClaimsSubjectToBarDate004-Rvsd9-5-01.wpd

A list of the brand names under which the Debtors manufactured or distributed products which may have contained commercially added asbestos, includes, but may not be limited to, the following:

- Ari-Zonolite Board Texture (1961 - 1964);
- Ari-Zonolite Natural
- Ari-Zonolite Oyster White
- Ari-Zonolite Nu-White
- Econo-White 65 and Econo-White 70 -- Econo-White Acoustical Texture; Econo-White Super White
- Hi-Sorb Acoustical Plaster (1966 - 1973) -- XX White Hi-Sorb; Oyster White Hi-Sorb
- Perlcoustic (1966 - 1973)
- Perltex Spray Surfaces (19 ?? - 1973) -- PlasterTex; Perltex Super-40 Spray Surfacer; Perltex Super-40; Gun Coat Spray Surfacer
- Perltex Super-40 Fog (19 ?? - 1973) -- Perltex Fog (Prior to 1968)
- Perltex Super-40 Perltex (19 ?? - 1973) -- Perltex Perlite; Super-40 Perlite
- Perltex Super-40 Polycoarse -- Perltex Polycoarse (Prior to 1988)
- Perltex Super-40 SAV (19 ?? - 1973) -- Perltex SAV; Super-40 SAV
- Prep-Coat #3; Prep-Coat #5
- Satin White
- Spra-Wyt a/k/a Spra-Wyt Finish, Spra-Wyt Acoustical, Spra-Wyt Acoustical Finish
- Vermiculite Acoustical Plaster; Vermiculite Acoustical Plastic
- Versakote -- Prep Coat #4
- Z-Tex (1958 - 1962) -- EX-Tex; Z-Tex 2; Z-Tex 2 Super White
- Zono-Coustic (1960-1973) -- Zono-Coustic 1; Zonocoustic 2; Zonocoustic 3; Zonocoustic Type Z; and Zonocoustic (MK2)
- Zonolite Acoustical Plaster (1945 - 1972) -- Zonolite Acoustical Plastic; Zonolite Board of Education Texture (1962 - 1963) -- Board of Education Hard Texture
- Zonolite Finish Coat (1956 - 1970) -- Decorator's White
- Zonolite Finish Coat (1961 - 1973) -- Decorator's White Extra Hard
- Zonolite Finishing Cement
- Zonolite High Temperature Insulating Cement (1938 - 1971) -- Hi Temp Insulating Cement; Zonolite Hi-Temperature Cement; Zonolite High Temperature Cement
- Zonolite Mono-Kote (MK-1) (1958 - 1962) -- Mono-Kote (generic name)
- Zonolite Mono-Kote 3 (MK-3) (1959 - 1973) -- Mono-Kote (generic name)
- Zonolite Spra-Insulation (1959 - 1973) -- Mono-Kote (MK-2)
- Zonolite Spra-Tex -- Regular (1955 - 1972) -- Zonolite Spra-Tex EH
- Zonolite Spra Tex -- Extra Hard (1961 - 1972)

Exhibit 2 to Bar Date Notice