IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### ORDER (i) APPROVING CASE MANAGEMENT SCHEDULE (ii) ESTABLISHING BAR DATE (iii) APPROVING THE PROOF OF CLAIM FORMS AND (iv) APPROVING NOTICE PROGRAM

Upon the motion dated June 27, 2001 (the "Motion")[2] of Debtors, pursuant to Rule

3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of

case management order, (ii) establishment of a Bar Date, (iii) approval of proof of claim forms, and

(iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that (a) establishing a bar date by which creditors must assert claims against

any of the Debtors or be forever barred from asserting such claims, voting on any plan or plans of

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

1

reorganization or participating in any distributions from the Debtors' estates in accordance with the

authority granted to this Court by title 11 of the United States Code (the "Bankruptcy Code") and

the Bankruptcy Rules is necessary for the prompt and efficient administration of these Chapter 11

cases and to protect the interests of the Debtors, their creditors and other parties in interest herein;

(b) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth

herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of

their rights and obligations in connection with claims they may have against the Debtors in these

Chapter 11 cases; (c) the form and content of the Asbestos Personal Injury Proof of Claim Form,

filed as Exhibit A to the Motion, and the Asbestos Property Damage Proof of Claim Form, Zonolite

Attic Insulation Proof of Claim Form, Non-Asbestos Proof of Claim Form and accompanying

instructions as amended, filed with Debtors' Consolidated Reply In Support of their Motion For

Entry of Case Management Order, Establishment of a Bar Date, Approval of the Claim Forms and

Approval of the Notice Program (the "Debtors' Reply") as Exhibits H-J, are authorized by

Bankruptcy Rule 3001(a) and are otherwise fair and reasonable; (d) the Bar Date of August 1, 2002

is appropriate in these cases; (e) the case management schedule proposed by the Debtors, as set forth

herein, is fair and reasonable and necessary for the orderly and efficient resolution of the various

categories of asbestos-related claims the Debtors expect will be filed in these cases; and due notice

of the Motion having been provided to (i) the United States Trustee for the District of Delaware, (ii)

counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iii) the

attorneys for each of the Official Committees appointed in these cases, and (iv) all parties required

to be provided notice pursuant to Bankruptcy Rule 2002 and 9007 and Local Rule 2002-1; and it

appearing that no other or further notice need be provided, and it appearing that it is appropriate to

2

set the Bar Date, and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), the Bar Date for filing proofs of claims asserting Asbestos Personal Injury Claims, Asbestos Property Damages Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims and Non-Asbestos Claims against the Debtors, as defined on Exhibit 1 to the Bar Date Notice, is fixed as August 1, 2002 (the "Bar Date"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if *actually received* by the Debtors' Official Claims Agent on or before the Bar Date; and it is further

ORDERED that the Debtors' Official Claims Agent shall ***not*** accept proofs of claim sent by facsimile or telecopy transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the Bar Date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms and instructions filed with the Debtors' Motion as Exhibit A and Reply as Exhibits H-J, except for holders of Non-Asbestos Claims

3

who may file Official Form 10, and approved by this Court herein, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Debtors' Reply as Exhibit D (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date and all procedures and requirements in connection therewith if it is served together with one or more Proof of Claim Forms (as appropriate) by depositing same in the United States mail, first class postage prepaid, within sixty (60) days after the date of entry of this Order upon the following entities:

A.    the Office of the United States Trustee for the District of Delaware,

B.    the members of the Committees and their attorneys,

C.    all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,

D.    all Entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

E.    all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,

F.    the District Director of Internal Revenue for the District of Delaware,

G.    the Securities and Exchange Commission,

H.    all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

I.    holders of known Non-Asbestos Claims as defined on Exhibit 1 to the Bar Date Notice and their counsel, if known;

J.    all counsel of record for asbestos personal injury claims filed against Debtors *historically*;

4

K.    all residents of the Libby, Montana area; and

L.    all individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice package from the Official Claims Agent as a result of seeing the Bar Date Notice in the media;

and it is further

ORDERED that notice of entry of this Order and of the Bar Date shall be deemed good, adequate and sufficient notice of the Bar Date and all procedures and requirements in connection therewith if it is served together with the Bar Date Notice and one or more Proof of Claim Forms (as appropriate) by depositing same in the United States mail, first class postage prepaid, within thirty (30) days after the date of entry of this Order upon all counsel of record for known holders of Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims and Settled Asbestos Claims as defined on Exhibit 1 to the Bar Date Notice; and it is further

ORDERED that all counsel of record for holders of Asbestos Personal Injury Claims, Asbestos Property Damages Claims and/or Zonolite Attic Insulation Claims provide the Debtors with the following information: (1) the current names and addresses of their clients who have claims against the Debtors in these cases or who may or might have claims against the Debtors in these cases by February 1, 2002 so that the Debtors will be able to provide their clients with the Bar Date Package, **or** (2) a certification by February 1, 2002 that counsel has contacted or attempted to contact all of their clients whom they represent, provided them with the Bar Date Package and advised them regarding their rights to assert a claim against the Debtors and their need to file their proofs of claim on the court approved Proof of Claim forms by the deadlines set forth herein; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date to unknown claimants pursuant to the Debtors' Revised Notification Plan as set forth in Exhibit B filed with the Reply and the revised print and media notices in substantially the form set forth in Exhibits B 8, 9, 13, 16, 17 and 18 filed with the Debtors' Reply are hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date, and the Debtors and their professionals (including specifically Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the Notice Plan, including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this court; and it is further

ORDERED that the Asbestos Personal Injury Proof of Claim Form filed with Debtor's Motion as Exhibit A and the Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form, and Non-Asbestos Proof of Claim Form and accompanying instructions as revised and filed with the Debtors' Reply as Exhibits H-J are approved; and it is further

ORDERED that any person holding an Asbestos Personal Injury Claim, Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Settled Asbestos Claim or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Date shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization

in these cases.  Further, such parties (a) to the extent of applicable law shall be bound by the terms

of any confirmed plan of reorganization (including, without limitation, any provisions therein that

provide the Debtors, any successor or any party under a confirmed plan with a release or discharge

pursuant to 11. U.S.C. § 524(g) and 1141), and (b) shall not receive any further notice of the cases

or the matters considered in connection therewith; and it is further

ORDERED that on October 1, 2002, Debtors will make a preliminary report to the

Court and the committees, categorizing and summarizing filed claims, omnibus objections to claims,

and identifying threshold defenses for litigation, and it is further

ORDERED that on September 1, 2002, the Court will appoint a Zonolite Attic

Insulation Committee to represent claimants in the ZAI common issues litigation.  Discovery

concerning any scientific support for the allegation that ZAI poses an unreasonable risk of harm shall

occur during the period through April 1, 2003; Debtors will file omnibus objections and related

*Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the

alleged risk of harm from ZAI, on May 2, 2003; claimants will have until June 1, 2003 to file

responses; Debtors will have until June 15, 2003 to reply; a hearing on the omnibus objections and

*Daubert*/summary judgment motions with respect to ZAI will be held in July 2003; and, in the event

that the Court finds any material disputed facts, a FRCP 42 common issue bench trial with respect

to ZAI will be conducted in the third quarter of 2003 to decide the issue of unreasonable risk; and

it is further

ORDERED that as a part of its preliminary report to the Court on October 1, 2002, Debtors will identify with respect to Asbestos Property Damage Claims : (i) already pending cases that could continue to be litigated in other courts, subject to regular reporting to the Court; (ii) claims subject to statute of limitations defenses; (iii) claims subject to *res judicata* defenses; (iv) claims subject to an economic loss defense; and (v) claims subject to a *Daubert* motion, based upon the lack of a reliable scientific basis for the alleged product risk; and it is further

ORDERED that with respect to Asbestos Property Damage Claims, (i) November 1, 2002 is the deadline for submission of Debtors' summary judgment motion with respect to the (a) the issue of statute of limitations under the constructive notice doctrine and (b) *res judicata* ; and (ii) briefing shall be completed in time for a hearing in February 2003; and it is further

ORDERED that with respect to Asbestos Property Damage Claims, (i) discovery concerning the scientific support for the allegation of Monokote product risk remaining issues shall occur from January 1, 2002 through June 1, 2003; (ii) Debtors will file an omnibus objections and related *Daubert/*summary judgment motions, on July 15, 2003; and (iii) after the hearings on Debtors' omnibus objections and *Daubert/*summary judgment motions, unresolved claims with respect to Asbestos Property Damage Claims will be set for a bifurcated bench trial pursuant to FRCP 42 in the third quarter of 2003.  The first phase of the trial will resolve common issues such as statute of limitations, causation, the economic loss doctrine, and product risk and the second phase will encompass remaining issues, and will take place after any further case-specific discovery; and it is further

8

ORDERED that on November 1, 2002 the Court will appoint an Asbestos Personal Injury Litigation Committee to represent Asbestos Personal Injury Claimants in common issues litigation; and it is further

ORDERED that Debtors will file objections to exemplar claims and move for summary judgment on such claims in phases. In each phase, following ruling on the exemplar claims, the Debtor may file an omnibus objection and summary judgment motion on claims involving the same common issues. May 1, 2003 is the date for submission of Debtors' first objections and summary judgment motions; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or of any other state or nation to act in aid of and to be complementary to this Court in carrying out the terms of this Court's orders in the present adversary proceeding. In particular, this Court requests the continued cooperation and assistance of the Superior Court of Justice of Ontario and extends its appreciation to Mr. Justice James Farley of that court.

_____, 2001
Wilmington, Delaware

                                                  _____
                                                  The Honorable Joseph J. Farnan, Jr.
                                                  United States District Judge