IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) ss: | |
| COUNTY OF COOK ) | |

### SIXTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

1. I am a partner in the firm of Kirkland & Ellis ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601. I am admitted to practice in the Supreme Court of Illinois, the United States District Court for the Northern District of Illinois, the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Eastern District of Wisconsin, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

United States District Court for the Western District of Michigan, the Supreme Court of New York, the Southern District of New York, the Eastern District of New York, the United States District Court for Arizona and the Supreme Court of the United States. I am authorized to make this affidavit on K&E's behalf.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters. The following affidavits in support of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement), filed September 13, 2001; and

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the Fifth Supplement", together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement and the Fifth Supplement, the "Affidavits"), filed October 24, 2001.

4. This supplement to the Affidavits (the "Sixth Supplement") is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). K&E has continued to search on its electronic database for its connection to the entities listed on the exhibits attached to the Affidavits.

5. The Sixth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Fifth Supplement. K&E remains disinterested within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and neither holds nor represents interests adverse to the Debtors or to the Debtors' estates.

6. Except as specifically disclosed in the Affidavits, or as discussed below, to the best of my knowledge, K&E does not represent any of the Debtors' known creditors. Kirkland & Ellis, however, will continue to file Supplemental Affidavits when necessary and when K&E becomes aware of material information.

7.  Experio Solutions Corporation ("Experio") has retained K&E to represent Experio as counsel in various intellectual property matters, including, but not limited to the registration of trademarks with the U.S. Patent & Trademark Office (the "PTO"). With respect to certain trademark registration applications, K&E recently responded to office actions by the PTO in which the PTO cited the trademark application by Remedium Group, Inc. ("Remedium"), one of the Debtors, as a potential issue with respect to Experio's ability to register its trademarks. At the present time, Experio and Remedium do not have interests adverse to each other in these trademark registration matters.

8.  Furthermore, K&E has not represented and will not represent Experio with regard to any matters where Experio has interests materially adverse to the Debtors, and K&E has not represented and will not represent the Debtors with respect to any matters where the Debtors have interests materially adverse to Experio. K&E has made this position clear to both the Debtors and to Experio.

9.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
JAMES H.M. SPRAYREGEN, ESQ.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me
this 9th day of November, 2001.

_____
Notary Public
My Commission Expires:

OFFICIAL SEAL
NANCY FREEMAN SHOBEIRI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-23-2002