IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE CO., et al., | ) | Case No. 01-1139 (JJF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: Jan. 3, 2002 @ 9:30 a.m.** |
| | ) | **Objections Due By: Dec. 28, 2001 @ 4:00 p.m.** |

**MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR A PROTECTIVE ORDER**

The Official Committee of Asbestos Property Damage Claimants ("PD Committee"), by and through its undersigned counsel, hereby moves this Court for the entry of a Protective Order pursuant to Rule 7026(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 30.2 prohibiting the debtors from taking the depositions upon oral examination of Francine F. Rabinovitz and W.D. Hilton, Jr. on Thursday, November 15, 2001. In support of this Motion, the PD Committee would respectfully show as follows:

1. By this Motion, the PD Committee seeks the Court's protection from a Notice of Deposition filed by the debtors on November 12, 2001 wherein the debtors noticed the depositions of Francine F. Rabinovitz ("Rabinovitz") and W.D. Hilton, Jr. ("Hilton"), such depositions to be taken on November 15, 2001. A copy of the Notice at issue is attached hereto as Exhibit "A."[1]

[1] The Notice of Deposition also pertains to the deposition of Todd B. Hilsee. Mr. Hilsee's deposition had been previously scheduled by the parties and is not at issue in this Motion.

2. Rabinovitz and Hilton have been retained by the PD Committee as claim estimation and procedures experts. The debtors intend to depose them in connection with the upcoming hearing on the Debtor's Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 545) (the "CMO Motion"). On September 7, 2001, the PD Committee filed its Response and Memorandum relating to the CMO motion, stating its various objections. The case sat dormant until November 5, 2001 when the Court held an omnibus hearing. At the November 5 hearing, the Court set a hearing date for the CMO Motion of November 21, 2001 at 12:00 p.m.[2]

3. At the November 5 hearing, the debtors indicated their intent to file a Reply Brief.[3] Mr. Lockwood, representing the Bodily Injury Committee, commented on the short time frame leading up to the hearing and asked that the Reply Brief be submitted timely.[4] Mr. Bernick, representing the debtors, stated that the Reply Brief would be filed by that coming Friday, November 9, 2001, but neglected to inform counsel and the Court that the Reply Brief (at 83 pages not counting exhibits) would *far* exceed the page limitations of this Court. See Local Rule 7.1.3 (limiting reply briefs to 20 pages in length). Mr. Bernick further failed to mention that the Reply Brief would engender new matter, such as a completely revamped notification plan, which the PD Committee has been attempting to evaluate on this extremely attenuated notice.

---

[2]No order governing witnesses, documents or discovery has been entered in this contested matter, nor has any party sought one.

[3]Reply papers are not permitted under the Local Rules of the Bankruptcy Court unless ordered by the Court. Del. Bankr. L. R. 9006-1(d).

[4]Relevant portions of the record from the November 5 hearing are attached hereto as Exhibit "B."

4. Two days after the November 5 hearing, counsel for the PD Committee, Mr. Baena, spoke with debtors' counsel Janet Baer for the purpose of preparing for the CMO hearing. At that time, counsel coordinated the depositions of the Committee's expert witness, Mr. Hilsee, and the debtors' expert witness, Ms. Kinsella, on November 16, 2001 in Philadelphia. Mr. Baena informed Ms. Baer that the Committee would likely also call Ms. Rabinovitz and Mr. Hilton to testify at the hearing. Ms. Baer did not ask to depose them at that time.

5. Eventually, debtors' counsel asked Mr. Baena to make Ms. Rabinovitz and Mr. Hilton available for deposition. Mr. Baena responded stating that neither his schedule nor the witnesses' schedules could accommodate that request prior to the hearing date. Undeterred, the debtors filed the Notice of Deposition at issue on November 12, 2001, unilaterally choosing to depose these witnesses on November 15, 2001 despite Mr. Baena's representations that they were unavailable on that date.

6. The Notice of Deposition is improper. It violates the Rules of this Court because it does not give at least five days notice. See Local Rule 30.1. Moreover, it presents an undue burden to the deponents. Due to other professional commitments, neither witness is available on November 15 for any deposition, let alone one in Philadelphia. Ms. Rabinovitz resides in San Francisco, California. Mr. Hilton resides in Greenville, Texas. It is unreasonable to require them to cancel previous commitments for the purpose of attending these late-scheduled depositions.

7. It must be made clear that the PD Committee does not object to producing these witnesses for depositions. However, it simply cannot be done before the November 21 hearing. If the debtors believe their testimony will be so crucial that a deposition must be taken, the hearing should be adjourned until December 19 so that discovery can take place on a more reasonable schedule. It is the

debtors' desire to put this hearing on a fast track, after three months of inaction, that has created the difficulties they face. For these reasons, the PD Committee respectfully requests that the Court enter an Order vacating the Notice of Deposition as to Ms. Rabinovitz and Mr. Hilton.

8. In accordance with Local Rule 7.1.1 and Bankruptcy Rule 7026(c), counsel for the PD Committee hereby certify that they have made a reasonable effort to reach agreement with the debtors' counsel on the matters set forth in this Motion.

WHEREFORE, the PD Committee respectfully requests that the Court grant the relief requested in the Motion and grant such other and further relief as is just and proper.

FERRY & JOSEPH, P.A.

/s/Rick S. Miller
Michael B. Joseph (No. 392)
Theodore J. Tacconelli (No. 2678)
Rick S. Miller (No. 3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555

-and-

Scott L. Baena
BILZIN, SUMBERG, DUNN,
BAENA, PRICE & AXELROD, LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131
(305) 374-7580

Attorneys for the Official Committee
of Asbestos Property Damage Claimants

Dated: November 14, 2001