IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

# DEBTORS' OBJECTION TO THE MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR A PROTECTIVE ORDER

## Introduction

Promptly after learning that the PD Committee may call two previously undisclosed experts (Francine F. Rabinovitz and W. D. Hilton, Jr.) to testify at the November 21st hearing on the pending Case Management Order motions, the Debtors requested that these experts be made available for deposition, as the parties had already arranged to do for the two notice experts. Instead, the PD Committee refused to allow any deposition of their new experts unless the Debtors agreed to a one-month postponement of the November 21st hearing. When Debtors refused to agree to such a postponement, the Committee filed a motion for a protective order relieving them of their obligation to respond to the Debtors' deposition notices. Rather than requesting an expedited telephonic conference to allow this Court to rule on their protective order motion prior to the hearing, the Committee set it to be heard on January 3, 2001, five weeks after the November 21st hearing.

## Argument

Since the filing of these cases on April 2, 2001, the Debtors have tried to move them along. With their first-day filings, the Debtors also filed an Informational Brief that outlined the Debtors' historical background, their asbestos experience and their objectives for these cases. In response to the Court's May 3rd request for a case management proposal, the Debtors filed on June 27th their Motion for Entry of Case Management Order, Motion to Establish Bar Date, Motion to Approve Claim Forms and Motion to Approve Notice Program (the "CMO Motion") and asked for a prompt hearing thereon.

In response, the PD Committee has done nothing but delay. The Committee sought and received an extension of time to respond to the CMO Motion from the Debtors. Then, the Committee sought and received another extension of time to respond from the Court. In September, 2001, when the Committee finally filed their Response, they submitted no affidavits from either Francine F. Rabinovitz or W. D. Hilton, Jr. ( the "Witnesses"), nor did they even disclose their involvement in the cases.

As of November 5, 2001 when the Court set the CMO Motion for hearing on November 21, 2001, absolutely no mention had ever been made that the Committee had hired two new experts whom they intended to call as witnesses at the November 21, 2001 hearing. In fact, in response to the Court's suggesting November 21, 2001 as a date for the hearing, the Committee's counsel simply indicated that the Committee would be ready to proceed. Counsel for the PD Committee had every opportunity before or during the November 5th hearing to disclose their new experts, but elected not to do so. A few days later, over 4 ½ months after the CMO Motion

was filed, the Committee for the first time identified the Witnesses and, after prodding, described for the Debtors in only very general terms what the subject matter of the Witnesses' testimony would be. No expert reports or affidavits were provided. The Committee refused to provide the Debtors with any documents or reports that the Witnesses may rely upon at the hearing. And the Committee refused to make the witnesses available for deposition prior to the hearing, saying there is simply not enough time.

The Committee's tactics in refusing to produce the Witnesses for deposition prior to the November 21 hearing, and in refusing to provide any expert reports, affidavits or work papers, is nothing more than another attempt by the Committee to delay this case. This Court should not condone the PD Committee's stonewalling of the Debtors' legitimate requests for expert discovery. The Committee has no right to condition such basic expert discovery on a postponement of the November 21st hearing. The CMO Motion has been pending since June 27, 2001, and its resolution is vital to progress in these cases. As a result, the Debtors request that this Court deny the Committee's Motion and based on the Committee's refusal to make the Witnesses available for deposition prior to the November 21, 2001 hearing, bar the Witnesses from testifying on November 21, 2001.

**WHEREFORE**, for the foregoing reasons, the Debtors respectfully request that the Committee's Motion for a Protective Order be denied and Ms. Francine F. Rabinovitz and Mr. W.D. Hilton, Jr. be barred from testifying for the Committee at the hearing on November 21, 2001.

Dated: November 14, 2001

Respectfully submitted,

*/s/ Laura Davis Jones*

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
Laura Davis Jones (Bar No. 2436)
David Carickhoff (Bar. No. 3715)
919 North Market Street, 16th Floor
Wilmington, DE 19801
(302) 652-4100

and

KIRKLAND & ELLIS
James H.M. Sprayregen
David M. Bernick
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Co-Counsel for the Debtors and
Debtors in Possession