UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

W. R. GRACE & CO., et al.,

Debtors.

Chapter 11

Case No. 01-1139 (JJF)

Jointly Administered

Objections due by: October 15, 2001
Hearing Date: TBD if necessary (negative notice)

## MOTION OF GELCO CORPORATION, D/B/A GE CAPITAL FLEET SERVICES FOR AN ORDER COMPELLING DEBTOR TO ASSUME OR REJECT MASTER LEASE AGREEMENT AND TO COMPLY WITH POST-PETITION LEASE OBLIGATIONS UNDER SECTION 365(D)(10) OF THE BANKRUPTCY CODE PENDING ASSUMPTION OR REJECTION

Gelco Corporation, d/b/a GE Capital Fleet Services ("GECFS"), by its undersigned counsel, under Section 365 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby requests that the Court enter an Order, in the form attached hereto, compelling W. R. Grace & Co.-Conn. (the "Debtor") (i) to assume or reject the certain Master Lease Agreement to which debtor W. R. Grace & Co. - Conn. ("Grace") is a party with GECFS and to comply with post-petition obligations under such equipment lease as required by Section 365(d)(10) of the Bankruptcy Code.

In support of the relief requested by this motion, GECFS respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY AUTHORITY

1.    The Court has subject matter jurisdiction over this motion under and pursuant to 28 U.S.C. §1334.  Venue of this motion is proper before the Court under and pursuant to 28 U.S.C. §1409.

01-355995.04

2.      This is a core matter under 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(B) and (b)(2)(O).  If opposed by the Debtor or any other party in interest, the motion would be a contested matter under Federal Rule of Bankruptcy Procedure 9014.

3.      The statutory authority for the relief sought by this motion is contained in Section 365 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

4.      On April 2, 2001 (the "Petition Date"), Debtor commenced this Chapter 11 proceeding by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, Debtor has operated as debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

5.      By prior order of the Court, the above-captioned cases have been procedurally consolidated and are being jointly administered under the above case option.      The Debtor, together with the other debtors in this jointly administered proceeding shall be referred to herein as the "Debtors."

6.      In their "First-Day" pleadings filed with the Court and in their press releases regarding the bankruptcy cases Debtors make clear that the reason for the cases is for Debtors to obtain a forum in which, they assert, asbestos claims that have been and will be asserted against them can be resolved and paid in an efficient and fair manner.  Debtors have not pointed to any operational or other business issues that require their reorganization under Chapter 11.  Rather, it is the specter of asbestos litigation, and the actual or potential damage awards resulting therefrom, that has brought Debtors, and forced their non-asbestos creditors, including GECFS, to the chapter 11 process.

## FACTUAL BACKGROUND

7.      GECFS, as lessor, and Debtor, as lessee, entered into the certain Master Lease Agreement dated as of August 10, 1994 as amended by the certain First Amendment to Master Lease Agreement dated as of February 26, 2001 by and between GECFS and Debtor (collectively, the "Lease"). In the Lease the parties recite, *inter alia*, that "[GECFS] hereby agrees to lease to [Debtor] and [Debtor] hereby agrees to lease from [GECFS] certain automobiles, trucks, trailers, motor vehicles and/or equipment . . . from time to time during the term of this Agreement for use in its business." A true and correct copy of the Lease is attached hereto as Exhibit A.

8.      The term of the Lease is indefinite until canceled or terminated pursuant to the Lease with rent payments due as provided in the Lease.

9.      Debtor was current with respect to its rent payment obligations under the Lease as of the Petition Date.

10.     On information and belief, the vehicles leased by Debtor pursuant to the Lease (the "Vehicles") are essential to the Debtor's operations.

11.     On information and belief, Debtor desires to lease additional vehicles from GECFS but GECFS is not obligated to lease additional vehicles to Debtor[1] and GECFS is unwilling to extend such vehicle lease accommodations to Debtor unless the Lease is assumed.

---

[1] Section 365(c)(2) of the Bankruptcy Code provides that a debtor may not assume a contract if "such contract is a contract to make a loan, or extend other debt financing or financial accommodation, to or for the benefit of the debtor, or to issue a security of the debtor." The legislative history of section 365(c)(2) explains that its purpose is "to prevent the [debtor] from requiring new advances of money or other property. This section permits [the debtor] to use and pay for property already advanced, but is not designed to permit [the debtor] to demand new loans or additional transfers of property . . . ." House Report No. 95-595, 95th Cong., 1st Sess. 348 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 59 (1978).  As further explained by case law and commentators, "[t]he rationale of this subsection is that when the debtor files a bankruptcy petition, another party's contractual commitment to [advance new money or property] to the debtor in the future may be unfairly onerous to that party." In re Cole Bros., Inc., 154 B.R. 689, 691 (W.D. Mich. 1992) (citing treatise).

## RELIEF REQUESTED

12.     By this motion GECFS seeks an order compelling Debtor by a near date certain either to assume or reject the Lease and to comply with post-petition obligations under the Lease pending assumption or rejection.

## ARGUMENT AND AUTHORITIES

### DEBTOR MUST BE COMPELLED TO ASSUME OR REJECT THE EQUIPMENT LEASE

13.     Section 365(d)(2) of the Bankruptcy Code provides that:

> In a case under Chapter 11 ... of this title, the trustee may assume or reject an ... unexpired lease of ... personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such ... lease, may order the trustee to determine within a specified period of time whether to assume or reject such ... lease.

14.     The case law is clear that a debtor should have only a reasonable amount of time under the facts and circumstances in which to decide whether to assume or reject an executory lease or contract. *See* Theatre *Holding Corp. v. Mauro*, 681 F.2d 102, 105 (2d Cir. 1982); *Matter of Holly's, Inc.*, 140 B.R. 643, 682 (Bankr. W.D. Mich. 1992); *Matter of Dunes Casino Hotel*, 63 B.R. 939, 949 (D.N.J. 1986). Such time period is left to the discretion of the bankruptcy court. *Matter of Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983); *In re Monroe Well Service, Inc.*, 83 B.R. 317, 323 (Bankr. E.D. Pa. 1988). Involved in this determination is the non-debtor contract party's right to certainty with respect to its position in the case in connection with its property and obligations under the executory contract. *In re Physician Health Corporation*, 2001 Bankr. LEXIS 561, slip op. at 4 (Bankr. D. Del. 2001).

15.     Under the facts and circumstances here, Debtor's time to assume or reject should be shortened. GECFS is entitled to the certainty of knowing its position in this case with respect

to the Lease and the vehicles. Moreover, GECFS is entitled to know its position with respect to the Lease prior committing its capital through the leasing of additional vehicles to the Debtor. This case is not one in which the Debtor's fundamental business operations must be substantially reorganized. Rather, as set forth in Debtors' Informational Brief filed on the first day of the cases, the thrust of these cases is Debtors' attempt to handle asbestos claims. Moreover, it is clear that the vehicles are vital to the Debtor's continued operations. Compelling Debtor to assume or reject now would in no way create a situation where the Debtor was being forced to "prematurely" or "precipitously" decide whether to assume or reject a lease.

16.     Accordingly, Debtor should be compelled to assume or reject the Lease by a near date certain. GECFS requests that Debtor be compelled to assume or reject within ten (10) days of the date of an order entered by the Court with respect to this Motion.

## DEBTOR MUST COMPLY WITH THEIR SECTION 365(D)(10) OBLIGATIONS PENDING ASSUMPTION OR REJECTION

17.     Section 365(d)(10) of the Bankruptcy Code requires debtors to comply with their obligations under equipment leases from and after 60 days after the commencement of the bankruptcy case. *In re Hechinger Investment Company of Delaware, Inc.*, 2001 Bankr. LEXIS 148, slip op. at 20 (Bankr. D. Del. 2001); *In re Eastern Agri-Systems, Inc.*, 258 B. R. 352, 354 (Bankr. E. D. N. C. 2000); *Matter of Kyle Trucking, Inc.*, 239 B. R. 198, 201 (Bankr. N.D. Ind. 1999); *In re Elder-Beerman Stores Corp.*, 201 B.R. 759, 761 (Bankr. S.D. Ohio 1996).

18.     Section 365(d)(10) provides as follows:

The trustee shall timely perform all of the obligations of the Debtor, except those specified in Section 365(b)(2), first arising from or after 60 days after the order for relief in a case under Chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected notwithstanding Section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the

obligations or timely performance thereof. This subsection shall not be deemed to affect the trustee's obligations under the provision of subsection (b) or (f). Acceptance of any such performance thereof. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f). Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

19.     In *Elder-Beerman*, the Court noted that "Congress adopted Section 365(d)(10) to "shift to the debtor the burden of bringing a motion [to assume or reject the lease] while allowing the debtor sufficient breathing room after the bankruptcy petition to make an informed decision." 201 B.R. at 763, *quoting from*, 140 Cong. Rec. H10,752-01 (daily ed, October 4, 1994). The *Elder-Beerman* court also went on to hold that a debtor must perform under Section 365(d)(10) until the Court grants leave for them to do otherwise. 201 B.R. at 765.

20.     The sixtieth day of these cases occurred on May 31, 2001. After such time Debtor must comply with its obligations under the Lease and to the extent they fail to do so, must be compelled by the Court.

## NO PRIOR REQUEST/WAIVER OF MEMO OF LAW

21.     GECFS has not made any prior request for the relief sought herein. As the issues presented herein are not novel GECFS waives its right to file a separate memorandum of law in support of this motion, but reserves the right to file further pleadings in this matter as allowed by the local rules of the Court or as may be requested or allowed by the Court.

WHEREFORE, GECFS respectfully requests that the relief it seeks hereby be granted; and requests such other and further relief as the Court deems just and proper.

Dated: September 24, 2001.

**KUTAK ROCK LLP**

Jeffrey H. Wegner
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2186
(402) 346-6000
Facsimile: 402-346-1148
Email: jeffrey.wegner@kutakrock.com

*Attorneys for Gelco Corporation, d/b/a*
*GE Capital Fleet Services*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

W. R. GRACE & CO., et al.,

Debtors.

Chapter 11

Case No. 01-1139 (JJF)

Jointly Administered

**Objections due by:  October 15, 2001**
**Hearing Date:  TBD if necessary (negative notice)**

## NOTICE OF MOTION OF GELCO CORPORATION, D/B/A GE CAPITAL FLEET SERVICES FOR AN ORDER COMPELLING DEBTOR TO ASSUME OR REJECT MASTER LEASE AGREEMENT AND TO COMPLY WITH POST-PETITION LEASE OBLIGATIONS UNDER SECTION 365(D)(10) OF THE BANKRUPTCY CODE PENDING ASSUMPTION OR REJECTION

TO:     Parties required to receive notice pursuant to Del. Bankr. LR 2002-1

On September 25, 2001, Gelco Corporation, d/b/a GE Capital Fleet Services ("GECFS"),

filed the *Motion of Gelco Corporation, d/b/a GE Capital Fleet Services for an Order Compelling*

*Debtor to Assume or Reject Master Lease Agreement and to Comply with Post-Petition Lease*

*Obligations Under Section 365(d)(10) of the Bankruptcy Code Pending Assumption or Rejection*

(the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market

Street, Wilmington, Delaware 19801 (the "Bankruptcy Court").  A true and correct copy of the

Motion is attached hereto.

Objections and other responses to the relief requested in the Motion, if any, must be in

writing and be filed with the Bankruptcy Court on or before October 15, 2001.

At the same time, you must also serve a copy of the objections or responses, if any, upon

GECFS's counsel, Jeffrey T. Wegner, Kutak Rock LLP, 1650 Farnam Street, Omaha, Nebraska

68102.

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR. AT THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING STREET, WILMINGTON, DELAWARE 19801, AT THE COURT'S EARLIEST CONVENIENCE.

Dated: September 24, 2001.

**KUTAK ROCK LLP**

Jeffrey T. Wegner
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
Facsimile: 402-346-1148
Email: jeffrey.wegner@kutakrock.com

Attorneys for Gelco Corporation, d/b/a
GE Capital Fleet Services

**GE Capital**
*Fleet Services*

EXHIBIT

A

Client # 6667

Fleet # 6667

## MASTER LEASE AGREEMENT

This Master Lease Agreement (herein the "Agreement") dated as of August 10, 1994 is made and entered into by and between Gelco Corporation, a Minnesota corporation, doing business as GE Capital Fleet Services (herein the "LESSOR"), and the undersigned (herein the "LESSEE").

(1) **LEASE OF VEHICLES**: LESSOR hereby agrees to lease to LESSEE and LESSEE hereby agrees to lease from LESSOR certain automobiles, trucks, trailers, motor vehicles and/or equipment (herein "Vehicle(s)") from time to time during the term of this Agreement for use in its business.

LESSEE shall evidence its agreement to lease a Vehicle hereunder by executing a written, telephonic or electronic vehicle order for such Vehicle in the form from time to time established by LESSOR (herein "Vehicle Order"). The Vehicle Order shall set forth complete specifications as to each Vehicle including all equipment necessary to its lawful operation and the lease term of the Vehicle (herein "Lease Term"). In the event any Vehicle Order is canceled by LESSEE, LESSEE agrees to reimburse LESSOR for any expenses or losses incurred as a result of such cancellation. LESSEE's execution of a Vehicle Order shall obligate LESSEE to lease the Vehicle specified therein effective upon its delivery to LESSEE.

Upon delivery of the Vehicle, LESSOR shall prepare an exhibit to the Agreement substantially in the form of Exhibit "A" ("Units Added to Contract") attached hereto that specifically describes the Vehicle(s) leased by LESSEE and confirms the monthly rental and other information pertaining thereto which shall become a part of this Agreement. LESSEE shall take delivery within five business days of notice that the Vehicle is available for delivery. LESSEE's acceptance of a Vehicle shall constitute a warranty by LESSEE that the party accepting such Vehicle has the authority to do so on behalf of LESSEE, and that the Vehicle conforms to the Vehicle Order.

Upon acceptance of each Vehicle, LESSEE agrees that LESSEE's obligation to pay rent and other amounts hereunder with respect to such Vehicle shall be unconditional; and LESSEE shall not be entitled to any reduction of, or setoff against, such amounts (provided, however, that any payment by LESSEE shall not prejudice LESSEE's right to claim adjustment or reimbursement), nor shall this Agreement terminate or the obligations of LESSEE be affected by reason of any defect in, damage to or loss of possession, use or destruction of any Vehicle from any cause, unless such obligations have been terminated pursuant to the express terms hereof.

(2) **TERM**:

(a)     **Term of Agreement**: The term of this Agreement shall be indefinite commencing on the date hereof, and continuing until canceled in the manner set forth in this Agreement or until either party hereto terminates the same upon 30 days' written notice to the other. Even after the cancellation or termination of this Agreement, all Vehicles then leased by LESSEE shall continue to be subject to the terms, conditions and covenants contained in this Agreement, until each of such terms, conditions and covenants has been fulfilled, and no such cancellation or termination shall affect any rights or obligations in existence prior to the effective date of such cancellation or termination. Vehicles for which Vehicle Orders have been processed by LESSOR but which Vehicles have not been delivered to LESSEE as of the effective date of such cancellation or termination, at the option of LESSOR, shall be deemed leased hereunder.

(b)     **Vehicle Lease Term**: The Lease Term for each Vehicle shall be set forth in the respective Vehicle Order. With respect to any Vehicle leased pursuant to this Agreement, the minimum noncancelable term of lease for such Vehicle shall be a 12-month period commencing on the date of delivery of such Vehicle to LESSEE (herein the "Minimum Lease Term"), and thereafter shall be renewed monthly, but not beyond the last month of the Lease Term. The Lease Term shall not exceed a Maximum Lease Term of 50 months for automobiles, 72 months for light trucks and 96 months for medium and heavy duty trucks. In no event shall LESSEE keep any Vehicle beyond the Maximum Lease Term. Notwithstanding the foregoing, LESSOR will, on an individual Vehicle basis agree at the end of its

Maximum Lease Term, to a  reasonable lease extension for good faith business reasons; provided however that no Lease Term as extended, may exceed 80 percent of the Vehicle's economic useful life.

(3)     OPERATION, MAINTENANCE AND USE:  LESSEE shall use the Vehicles in the United States in a safe and lawful manner and in compliance with all federal, state and local statutes, ordinances and regulations governing the lease, use or operation of the Vehicles. LESSEE may use Vehicles permanently garaged in the United States in Canada or Mexico for continuous periods not to exceed 30 days. LESSEE may lease Vehicles for use in Puerto Rico at the pricing specified in the Schedule. As to leases of Puerto Rican Vehicles, LESSEE agrees that the obligations of LESSOR as provided in this Agreement not be satisfied either by LESSOR or one of its designated affiliates. With respect to Vehicles used in Puerto Rico, Canada or Mexico, LESSEE agrees to maintain insurance coverage at the greater of the amount provided in this Agreement or required by applicable law with an insurance company registered and/or licensed in such jurisdiction. LESSOR and LESSEE covenant and agree to cooperate and to furnish any and all information or documentation which may be reasonably necessary to comply with title, registration and tax laws or any other applicable law or regulation. LESSEE agrees to maintain and repair the Vehicles together with all accessories and related equipment in safe and good mechanical condition and in good working order and to furnish all supplies and accessories necessary for the use or operation of the Vehicles.  LESSEE shall comply and shall cause all persons operating the Vehicles to comply with such instructions concerning the operation and maintenance of the Vehicles as LESSOR may furnish from time to time, and with the manufacturers' operating procedures and consistently with warranty requirements. LESSEE agrees to operate only those Vehicles which have the insurance coverage in accordance with this Agreement and to comply with all conditions of such insurance. LESSEE shall not make any addition, alteration, or improvement to a Vehicle which materially reduces the value of the Vehicle without the prior written consent of LESSOR, which shall not be unreasonably withheld. All repairs, replacement parts, additions, alterations, or improvements made to a Vehicle become the property of LESSOR and shall be surrendered with the Vehicle at the termination or cancellation of that Vehicle's Lease Term. In no event will the Vehicles be used to transport any hazardous substances or for the transportation of persons for hire.

(4)  WARRANTIES:

(a)  Assignment of Manufacturers' Warranties: LESSOR hereby assigns to LESSEE, for and during the Lease Term of a Vehicle, any warranty of the manufacturer, expressed or implied, on such Vehicle, and hereby authorizes LESSEE to obtain the customary service furnished by the manufacturer in connection therewith, at LESSEE's expense.  LESSEE ACKNOWLEDGES AND AGREES THAT LESSOR IS NOT THE MANUFACTURER, DESIGNER OR A DISTRIBUTOR OF THE VEHICLES, AND THAT EACH VEHICLE IS OF A SIZE, DESIGN, CAPACITY AND MANUFACTURE SELECTED BY LESSEE AND SUITABLE FOR ITS PURPOSES.

(b)  LESSOR's Disclaimer: THERE ARE NO WARRANTIES OR OTHER RIGHTS PROVIDED BY LESSOR OR THE MANUFACTURER OTHER THAN THE MANUFACTURERS' WARRANTIES ASSIGNED TO LESSEE, COPIES OF WHICH LESSEE ACKNOWLEDGES HAVING PREVIOUSLY RECEIVED OR LESSOR'S WARRANTY OF QUIET ENJOYMENT AS SET FORTH HEREIN. LESSOR MAKES NO REPRESENTATION OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED, WITH RESPECT TO ANY VEHICLE, INCLUDING, BUT NOT LIMITED TO:  THE MERCHANTABILITY OF A VEHICLE OR ITS FITNESS FOR A PARTICULAR PURPOSE: THE DESIGN, QUALITY OR CAPACITY OF A VEHICLE; COMPLIANCE OF A VEHICLE WITH THE REQUIREMENTS OF ANY LAW, RULE, SPECIFICATION OR CONTRACT PERTAINING THERETO; IT BEING AGREED THAT THE VEHICLES ARE LEASED "AS IS."  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, LESSOR SHALL NOT BE LIABLE TO LESSEE, ITS CUSTOMERS, OR THIRD PARTIES FOR ANY DEFECTS, EITHER LATENT OR PATENT, IN ANY VEHICLE OR FOR ANY DIRECT, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OF ANY KIND OR NATURE DIRECTLY OR INDIRECTLY ARISING OUT OF ANY VEHICLE, OR FOR ANY DAMAGES BASED ON STRICT OR ABSOLUTE TORT LIABILITY OR NEGLIGENCE, OR FOR ANY LOSS OF USE OF ANY VEHICLE, OR FOR ANY INTERRUPTION IN LESSEE'S BUSINESS BY ITS INABILITY TO USE ANY VEHICLE FOR ANY REASON WHATSOEVER.  LESSOR SHALL HAVE NO LIABILITY WHATSOEVER FOR ANY FAILURE OF OR DELAY IN DELIVERY OF THE VEHICLES. OR FOR THE BREACH OF ANY REPRESENTATION OR WARRANTY MADE BY THE MANUFACTURER. LESSOR MAKES NO REPRESENTATION AS TO THE TREATMENT BY LESSEE OF THIS AGREEMENT FOR FINANCIAL STATEMENT OR TAX PURPOSES.

(c)  Quiet Enjoyment and Good Title. So long as LESSEE is not in default, LESSEE shall be entitled to the possession, use and quiet enjoyment of the Vehicles during the Lease Term in accordance with this Agreement. LESSOR warrants that it has good title to any Vehicle leased hereunder.

(5)  COSTS, EXPENSES, FEES AND CHARGES:  LESSEE covenants that it will pay all costs, expenses, fees, charges, fines, and taxes (other than federal income or state income taxes of LESSOR) incurred in

connection with the titling, registration, delivery, purchase, sale, re-use or operation of the Vehicles during the term of this Agreement in addition to the re...al herein provided. LESSEE shall be solely responsible for any fines or penalties assessed for violations of any statute, ordinance, or regulation of any governmental authority, as a result of the use or operation of the Vehicles by any of LESSEE's employees, agents, sublessees, subcontractors or any third party, and shall keep the Vehicles free from any liens and encumbrances. If LESSOR pays any fines, tickets, penalties or other charges related to a violation by LESSEE of any local, state or federal law or regulation, or if LESSOR is served with any legal process, LESSEE shall, upon demand from LESSOR, promptly reimburse LESSOR for the same and pay the then current administrative charge assessed by LESSOR for processing each fine, ticket, penalty, process or other such charge on behalf of LESSEE. For two years from the date of this Agreement the foregoing administrative charge shall be $25.00, and thereafter may be subject to change upon notice to LESSEE.

(6) REGISTRATION PLATES, ETC.: LESSEE shall, at its own expense, obtain in the name of LESSOR all registration plates and other plates, permits, inspections or licenses required to be obtained in connection with the Vehicles, or related to their operation and use except for the initial registration plates which LESSOR shall obtain at LESSEE's expense. LESSOR shall issue to LESSEE, for such purpose, appropriate limited powers of attorney and/or such other authority as may be necessary. LESSEE shall not, without LESSOR's written consent, permit any Vehicle to be located in a state other than the state in which such Vehicle is then titled for any continuous period of time that would subject such Vehicle to the titling or registration laws of such other state.

(7) RENTAL CHARGES: LESSEE will pay LESSOR and LESSOR will accept as payment from LESSEE, as rental for the Vehicles, charges in accordance with the Exhibits to this Agreement. All payments shall be in United States legal tender. Time is of the essence. All charges are due and payable on receipt of invoice. LESSEE shall pay to LESSOR a late payment penalty in the amount of 1 ½ % or the highest legal interest rate, whichever is less, per month or fraction thereof of any invoice the payment of which is not received by the LESSOR on the 15th day of the month (or if such 15th day falls on a weekend or holiday, then the immediately preceding business day).

Any Vehicle delivered or surrendered after the 15th day of any month will be treated as a delivery or surrender as of the first day of the following month, and any Vehicle delivered or surrendered on or prior to the 15th day of any month will be treated as a delivery or surrender as of the first day of such month; provided, however, that in the event LESSEE elects to terminate all or any material percentage of the Vehicles at the same time, such surrender shall be treated as a surrender on the last day of such month.

If the Vehicle Order specifies a Vehicle requiring modification, such that it becomes necessary or desirable for LESSOR to advance funds to pay for an incomplete Vehicle, LESSOR may pay for such incomplete Vehicle and charge LESSEE for interim financing at a rate of 1% over the prime rate which shall be payable by LESSEE at the time of delivery of the complete Vehicle for the period beginning with the advance of such funds and ending on the date of delivery of the Vehicle to LESSEE. For purposes of the foregoing, "Prime Rate" shall be defined to mean the rate quoted as the "Prime Rate" in the column entitled "Money Rates" published in the Wall Street Journal on the Delivery Date. All incomplete Vehicles thus acquired shall, with the exception of rental payments, be subject to the terms and conditions of this Agreement.

LESSEE agrees to carefully review each invoice or other statement provided by LESSOR. All invoices and statements rendered by LESSOR shall be presumed correct and accurate and constitute an account stated between LESSOR and LESSEE unless, within 60 days after receipt thereof, LESSEE shall deliver written objection thereto specifying any errors in the invoice or statement. In such event, LESSOR's sole liability and LESSEE's exclusive remedy shall be to make appropriate adjustments in LESSEE's account. All charges are based upon LESSOR's standard operating routines, computer systems capabilities, and existing business policy. Additional services and special handling required by LESSEE will be subject to separate negotiation. In no event will any charges due hereunder exceed the maximum amount permitted by law. Any excess charges will be credited to LESSEE, or if LESSEE is not in default, upon request of LESSEE, refunded. It is the intent of LESSOR that it not receive directly or indirectly any amount in excess of that amount which may be legally paid.

LESSEE may audit LESSOR's records relating to the subject matter hereof during business hours upon reasonable notice thereof at any time within the 3 calendar years subsequent to the year in which such amounts were invoiced. If LESSEE identifies errors in such review, LESSOR agrees to make proper adjustment to LESSEE's account promptly to correct errors in LESSEE's account.

(8) SURRENDER AND DISPOSITION OF VEHICLES AND TERMINAL RENTAL ADJUSTMENT:

(a) Surrender. Upon expiration of the Minimum Lease Term, LESSEE shall have the right at any time, upon reasonable written notice thereof to LESSOR, to surrender for disposition with or without replacement any Vehicles leased hereunder. Upon such election LESSEE shall at its own expense, surrender the Vehicles at a location agreed upon by LESSOR and LESSEE. At time of surrender or termination, the Vehicle shall be in good, safe and lawful operating condition, reasonable wear and tear excepted. Such surrender shall include all license plates, registration certificates, documents of title and odometer certifications and other documentation necessary to effect the sale of the Vehicle. LESSEE shall remove any personal property from the Vehicle prior to surrender. Any personal property left in a Vehicle after surrender shall be deemed abandoned and may be disposed of by LESSOR without liability. LESSOR shall sell such Vehicles within a reasonable time after the date of surrender of possession unless otherwise mutually agreed. The surrender of any Vehicle shall not be effective until LESSOR takes actual possession of such Vehicle or five business days after receipt of written notice, whichever shall first occur.

(b) Disposition. LESSOR shall, and LESSEE may, solicit from prospective purchasers in the wholesale vehicle market cash bids for surrendered Vehicles on an AS IS, WHERE IS BASIS, WITHOUT RECOURSE OR WARRANTY. Such Vehicles shall be sold in a commercially reasonable manner for cash payable in full upon delivery. If repairs to a Vehicle surrendered by LESSEE shall be deemed advisable by LESSOR before sale, LESSOR shall so notify LESSEE and LESSEE shall pay all costs for such repairs. Without limiting the generality of the foregoing, LESSOR shall have the right to sell Vehicles to any dealer or broker or any other party, including to or through companies affiliated with LESSOR. In the event LESSOR sells, at LESSEE's request, any vehicle owned by LESSEE or any third party, LESSEE shall indemnify LESSOR from all liabilities directly or indirectly related to the condition of the vehicle at the time of such sale and pay the LESSOR's then current selling fee for such a vehicle. For two years from the date of this Agreement, LESSOR's selling fee for a vehicle owned by LESSEE shall be $75.00, and thereafter may be subject to change upon notice to LESSEE.

(c) Renewal Period, Contingent Rental and Guaranteed Residual. For purposes of Subsection 3 (d) hereof, the following definitions apply:

(i) Renewal Period(s) means the month to month period or periods beginning at the end of the Minimum Lease Term during which LESSEE may continue to lease a Vehicle.

(ii) Contingent Rental means the cost incurred by LESSOR to repair or recondition Vehicles that are surrendered for sale due to excess wear and tear.

(iii) Guaranteed Residual means, in the case of a vehicle sold at the end of the Minimum Lease Term, 20% of the Capitalized Cost of the Vehicle and in the case of a Vehicle sold thereafter, 20% of the Unamortized Book Value of the Vehicle as of the end of the month preceding such Renewal Period.

(d) Terminal Rental Adjustment. As an incentive to the LESSEE to maintain the value of the Vehicle by proper maintenance, repair and careful use during the Vehicle Lease Term, the parties agree that the enhancement or diminution in value shall be compensated through a terminal rental adjustment computed as specified herein. From the proceeds realized from the sale of a surrendered Vehicle, there shall first be deducted all direct expenses paid or incurred by LESSOR in connection with such Vehicle and its sale, from time of surrender through date of sale, the balance remaining to constitute the net proceeds (herein the "Net Proceeds"). The Net Proceeds from the sale of any such Vehicle shall be payable to LESSOR.

(i) If the Net Proceeds exceed an amount equal to the capitalized cost of such Vehicle reduced by appropriate amortization (herein the "Unamortized Book Value"), LESSOR shall retain an amount equal to the Unamortized Book Value of the Vehicle sold, and LESSEE shall receive the excess as a refund of rental; provided, however, if LESSEE is in default hereunder, any such excess shall be applied to reduce the amount of default.

(ii) If the Net Proceeds are less than the Unamortized Book Value of the Vehicle sold, but equal to or greater than the Guaranteed Residual, LESSEE shall pay LESSOR, in cash, as a rental charge adjustment, the amount of the difference between the Net Proceeds and the Unamortized Book Value. If the Net Proceeds are less than the Guaranteed Residual of the Vehicle sold, then LESSEE shall pay LESSOR, as a rental charge adjustment, in cash, the difference between the Guaranteed Residual and the Unamortized Book Value plus Contingent Rentals, if any.

(iii) In addition, if LESSEE terminates a Vehicle lease prior to the expiration of the Minimum Lease Term, LESSEE shall pay to LESSOR, upon demand, a termination adjustment equal to the

Management Fee (set forth in the Schedule) that would have be    earned during the unexpired portion of the Minimum Lease Term and any other amounts due with respect to such Vehicle at the time of disposition.

(9) INSURANCE:

(a)    Prior to delivery of any Vehicle, LESSEE shall purchase from a responsible insurance company acceptable to LESSOR and shall maintain until each Vehicle is physically surrendered to LESSOR, or in the event a Vehicle is not physically surrendered to GECFS, until final disposition or sale of such Vehicle by LESSOR the following insurance coverage:

(i)    Public liability and property damage insurance (comprehensive automobile liability) insuring LESSOR, and its assigns, if any, LESSEE and any person having possession of or using a Vehicle, against any loss, damage, claims, suits, actions or liability resulting from ownership, maintenance, use or operation of a Vehicle with limits of coverage as LESSOR may require, but in no event less than $1,000,000.00 combined single limit per occurrence ($5,000,000.00 for multi-passenger or I.C.C. regulated vehicles). LESSOR shall be named as an Additional Insured. Public liability and property damage shall not be subject to a self-insured retention or deductible greater than $5,000.00.

(ii)    Comprehensive and collision insurance insuring LESSOR, and its assigns, if any, against loss and/or damage to each Vehicle arising out of any risk covered by such insurance (including without limitation, fire, theft, casualty, malicious mischief, falling objects, missiles, glass breakage, smoke, riot or civil commotion) with limits of coverage as LESSOR may require but in no event less than the Unamortized Book Value of each Vehicle. LESSOR shall be named as a Loss Payee.

LESSEE shall maintain uninsured/underinsured motorist coverage and no fault protection in amounts not less than the applicable minimum legal requirements. LESSEE shall also provide general liability insurance covering LESSEE's indemnification responsibilities hereunder.

(b)    All insurance policies required hereunder shall provide for 30 days' prior written notice to LESSOR, and its assigns, if any, of any cancellation or reduction in coverage. LESSEE shall deliver to LESSOR, prior to the commencement of the Lease Term with respect to any Vehicle, or prior to the effective date of any cancellation or expiration of such insurance as the case may be, the insurance policy, a certificate or other satisfactory evidence of the maintenance of the insurance required hereunder. LESSOR shall be under no duty to examine such policies, certificates, or other evidence of insurance, or to advise LESSEE in the event that its insurance is not in compliance with this Agreement. LESSEE, in the event of default, hereby appoints LESSOR as LESSEE's attorney-in-fact to receive payment of and endorse all checks and other documents and to take any other actions necessary to pursue insurance claims and recover payments if LESSEE fails to do so. Any expense of LESSOR in adjusting or collecting insurance shall be borne by LESSEE.

(c)    LESSEE, its drivers, employees and agents shall cooperate fully with LESSOR and the insurance carriers insuring the hazards enumerated herein in the investigation, defense and prosecution of any and all claims or suits arising from the operation of the Vehicles. LESSEE shall file all reports with respect to any accident as are legally required and maintain copies thereof.

(10)    LESSEE INDEMNIFICATION. LESSEE COVENANTS AND AGREES TO INDEMNIFY, SAVE HARMLESS AND DEFEND LESSOR, ANY EMPLOYEE OF LESSOR, AND ANY PARENT, SUBSIDIARY OR AFFILIATE OF LESSOR, AGAINST ANY AND ALL LIABILITY, CLAIM FOR LOSS, DAMAGE, OR INJURY AND FROM AND AGAINST ANY ACTIONS, OR LEGAL PROCEEDINGS OF ANY KIND BROUGHT AGAINST LESSOR FOR OR ON ACCOUNT OF ANY PERSON(S) OR LEGAL ENTITY, OR ON ACCOUNT OF ANY INJURIES RECEIVED OR SUSTAINED BY ANY PERSON(S) OR LEGAL ENTITY IN ANY MANNER, DIRECTLY OR INDIRECTLY CAUSED BY, INCIDENT TO, OR GROWING OUT OF, WHOLLY OR IN PART, THE LEASE, MAINTENANCE, USE, CONDITION (INCLUDING, BUT NOT LIMITED TO, PATENT OR LATENT DEFECTS WHETHER OR NOT DISCOVERABLE BY LESSOR OR LESSEE, PRODUCT LIABILITY CLAIMS, OR THE CONDITION OF THE VEHICLE UPON SALE OR OTHER DISPOSITION), OPERATION, RETURN OR SURRENDER OF ANY VEHICLE BETWEEN THE TIME OF DELIVERY THEREOF TO LESSEE AND THE TIME OF SURRENDER THEREOF BY LESSEE TO LESSOR FOR DISPOSITION OR AN ODOMETER DISCLOSURE VIOLATION OR THE BREACH BY LESSEE OF ANY COVENANT OR CONDITION OF THIS AGREEMENT. IN THE EVENT LESSOR SELLS ANY VEHICLE TO LESSEE, TO ANY EMPLOYEE OF LESSEE OR TO ANY PURCHASER FROM WHOM LESSEE OBTAINS AN OFFER, LESSEE'S COVENANTS OF INDEMNITY SHALL CONTINUE WITH RESPECT TO THE CONDITION OF THE VEHICLE AT THE TIME OF SALE AND WARRANTIES THAT CAN NOT BE DISCLAIMED AS A MATTER OF LAW.

LESSEE FURTHER AGREE... TO TAKE UPON ITSELF THE SETTLEM(... OF ALL SUCH CLAIMS AND THE DEFENSE OF ANY LEGAL PROCEEDINGS OF ANY KIND BROUGHT TO ENFORCE SUCH CLAIM OR CLAIMS, AND TO PAY ALL JUDGMENTS ENTERED IN SUCH LEGAL PROCEEDING AND ALL COSTS, ATTORNEYS' FEES OR OTHER EXPENSES. IN ANY INSTANCE WHERE SAID CLAIMS IN ANY WAY AFFECT LESSOR'S INTERESTS, LESSEE SHALL NOT CONSUMMATE ANY SETTLEMENT WITHOUT LESSOR'S PRIOR WRITTEN CONSENT.

THE FOREGOING LESSEE'S COVENANTS OF INDEMNITY DO NOT ENCOMPASS ANY GROSS NEGLIGENCE OR WILFUL MISCONDUCT BY LESSOR, BUT ARE OTHERWISE ABSOLUTE AND UNCONDITIONAL AND SHALL CONTINUE IN FULL FORCE AND EFFECT REGARDLESS OF WHERE, HOW OR BY WHOM ANY VEHICLE IS OPERATED, AND NOTWITHSTANDING ANY INSURANCE COVERAGE THAT LESSEE MAY CARRY OR THE TERMINATION OR CANCELLATION OF THIS AGREEMENT. THE FOREGOING PROVISIONS INCLUDE, WITHOUT LIMITATION, LIABILITY AND CLAIMS ARISING BY REASON OF NEGLIGENCE, BREACH OF WARRANTY, DEFECT IN MANUFACTURE OR MAINTENANCE AND STRICT LIABILITY.

(11)   NATURE OF AGREEMENT: THE PARTIES INTEND THIS AGREEMENT TO BE A TRUE LEASE. The parties agree that this is not an agreement of partnership or employment of LESSOR or of any of LESSOR's employees by LESSEE and that LESSOR is an independent contractor. Except as may be specifically provided in an executed power of attorney, neither LESSEE nor any employee of LESSEE shall have any authority to act on behalf of LESSOR or be deemed to be the agent, servant or employee of LESSOR. LESSEE has no right, title or interest in and to any Vehicle leased hereunder except as LESSEE, and LESSEE has no option to purchase any Vehicle. LESSOR shall have the right to receive and retain compensation related to the Vehicles from manufacturers, suppliers or other vendors. LESSOR shall have the right at any time to mark the Vehicle stating its interest as owner and LESSEE will execute such statements as LESSOR may request confirming LESSOR's ownership. In the event that, contrary to the intention of the parties hereto, this Agreement is deemed to be other than a lease, LESSEE hereby grants LESSOR a security interest in the Vehicles and all proceeds, accessions, documents, instruments, accounts, chattel paper, equipment and general intangibles related thereto to secure all of LESSEE's obligations hereunder. At LESSOR's request, LESSEE agrees to execute any financing statements or other instruments necessary or expedient for filing, recording or perfecting the interest and title of LESSOR. A photostatic copy or other reproduction of this Agreement shall be sufficient as a financing statement.

(12)   STATEMENTS AND RIGHTS OF INSPECTION: LESSOR shall have the right to inspect any Vehicle and the records of LESSEE pertaining to the Vehicles at any reasonable time upon reasonable notice. The creditworthiness of LESSEE and any guarantor is a material condition to this Agreement. LESSEE shall provide LESSOR with LESSEE's annual audited financial statements and any other financial information reasonably required by LESSOR each year this Agreement is in effect.

(13)   DEFAULT:

(a) In the event LESSEE shall fail to make the payments as herein provided or, after 10 days' written notice, shall fail to perform any of its covenants under this Agreement, or in the event LESSEE or any guarantor shall (i) make an assignment for the benefit of creditors, or suffer a receiver or trustee to be appointed, or file or suffer to be filed any petition under any bankruptcy or insolvency law of any jurisdiction; or (ii) suspend business or commit any act amounting to a business failure; or (iii) suffer an attachment or tax lien against any of its property; or (iv) make a voluntary assignment or transfer of any Vehicle or of any or all of its interest hereunder (in a manner or to a person not permitted by the terms hereof), or of all or substantially all of its property; or (v) cease its corporate or partnership existence (as the case may be), or die (if an individual); or (vi) commit or omit any act which LESSOR reasonably determines impairs LESSEE's prospect of making payments or performing any of the other covenants required by LESSEE hereunder; or (vii) be in default under any other agreement it may have with LESSOR or any parent, subsidiary or affiliate of LESSOR; or (viii) suffer a material adverse change in operation, or financial condition which impairs LESSEE's ability to perform its obligations hereunder or LESSOR's title to or rights in the Vehicles; or (ix) deliver or make any representation or warranty herein, or in any document delivered to LESSOR in connection herewith (including odometer disclosure forms), which shall prove to be false or misleading in any material respect; then in such event LESSEE shall be in default under this Agreement, and LESSOR shall have the rights and remedies hereinafter specified together with all other remedies available at law or in equity.

(b) Upon an event of default, LESSOR may, at its option: cancel this Agreement with respect to any or all of the Vehicles hereunder, in which event LESSEE shall immediately deliver, at its sole cost and expense, any and all such Vehicles to a location or locations specified by LESSOR, and LESSOR collect from LESSEE damages as provided below; or repossess any and all Vehicles hereunder wherever they may be found (and for that purpose LESSOR or its agents may enter upon any premises of or under the control

of LESSEE or any other person) without canceling this Agreement. J collect from LESSEE damages as provided below. LESSOR's rights and remedies are cumulative and not exclusive and the exercise of one remedy shall not preclude any other remedy.

(c) Notwithstanding repossession and sale made by LESSOR of any Vehicle, LESSOR shall have the right to recover from LESSEE all damages that LESSOR sustains by reason of LESSEE's default. Such damages shall include but not be limited to: the full amount of monthly rentals, then due and unpaid, if any; any and all expenses of repossession of the Vehicle(s); all other amounts of any nature due under this Agreement including, without limitation, any amounts due as terminal rental adjustments; if the default occurs during the Minimum Lease Term, an amount equal to the monthly rentals for the unexpired portion of such period; and a sum representing 15% of the total of the above in the event that LESSOR is required to refer collection of any balance to an attorney, not employed by LESSOR.

Nothing contained in this Agreement shall affect LESSOR's right to claim against any receiver or trustee or representative of debtor in bankruptcy or reorganization, or against any of the assets of the LESSEE, for sums due for any Vehicles used during the period of such bankruptcy or reorganization.

(d) In case of failure by LESSEE to comply with any provision of this Agreement, LESSOR shall have the right, but not the obligation, at its option, to effect such compliance as in LESSOR's sole discretion is appropriate, in whole or in part, and all expenses of LESSOR incurred in effecting such compliance plus LESSOR's then standard handling fee shall be immediately due and payable. Effectuation of compliance by LESSOR shall not in any way be deemed to constitute a waiver of any default by LESSEE.

(14) FORCE MAJEURE AND NO CONSEQUENTIAL DAMAGES: LESSOR shall not be liable for any failure or delay in delivering any Vehicle for any reason, or for any failure to perform any provisions hereof, resulting from fire, other casualty, riot, strike, or other labor difficulty, governmental regulation or restriction or any cause beyond LESSOR's control. In no event shall LESSOR be liable for any loss of profits or other consequential damages or any inconveniences resulting from any theft, damage to, loss of, defect in or failure of any Vehicle or the time consumed in recovering, repairing, adjusting, servicing, or replacing the same and there shall be no abatement or apportionment of rental during such time. LESSEE AGREES THAT LESSEE'S SOLE AND EXCLUSIVE REMEDY FOR ANY MATTER OR CAUSE OF ACTION RELATED DIRECTLY OR INDIRECTLY TO ANY BREACH BY LESSOR OF THIS AGREEMENT OR ANY OTHER AGREEMENT BETWEEN LESSEE AND LESSOR SHALL BE A CAUSE OF ACTION SOUNDING IN CONTRACT AND WITH DAMAGES LIMITED TO ACTUAL AND DIRECT DAMAGES INCURRED.

(15) ASSIGNMENTS: LESSOR may from time to time assign all or any part of its right, title and interest in this Agreement, including all moneys and claims for moneys due and to become due hereunder; provided, however, that LESSEE may remain in possession of any Vehicle until expiration of its respective Lease Term as long as LESSEE shall not be in default.

LESSEE SHALL NOT ASSIGN, SUBLET, LIEN, ENCUMBER, OF TRANSFER ANY INTEREST IN ANY OF THE VEHICLES OR ANY INTEREST IN THIS AGREEMENT TO ANY PARTY WITHOUT THE WRITTEN CONSENT OF LESSOR. ANY SUCH CONSENT BY LESSOR SHALL NOT RELIEVE LESSEE OF ITS OBLIGATIONS AND LIABILITIES HEREUNDER.

(16) SUBSIDIARIES, PARENTS AND AFFILIATES: Any Vehicles leased by LESSOR to or operated or used by present or future subsidiaries, parents or affiliates of LESSEE shall be within the terms and conditions of this Agreement, unless covered by a separate lease agreement with such subsidiary, parent or affiliate, and LESSEE agrees that, in the event such subsidiary, parent or affiliate does not perform according to the terms and conditions of the Agreement, LESSEE will, upon 15 days' notice of any default, perform according to the tenor of this Agreement regarding the Vehicles on lease to such subsidiary, parent or affiliate. Such performance shall be absolute and unconditional and, with respect to amounts owing, constitute a guaranty of payment.

(17) EXECUTION AND GOVERNING LAW: THIS AGREEMENT SHALL NOT BECOME EFFECTIVE UNTIL EXECUTED BY AN AUTHORIZED REPRESENTATIVE OF LESSOR. THE LAWS OF THE STATE OF MINNESOTA SHALL GOVERN ALL QUESTIONS OR DISPUTES, WHETHER SOUNDING IN TORT OR CONTRACT, RELATING TO THE INTERPRETATION, PERFORMANCE, VALIDITY, ENFORCEMENT, OR EFFECT OF THIS AGREEMENT, WITHOUT REGARD TO CHOICE OF LAW PRINCIPLES THEREOF. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL VEHICLES LEASED HEREUNDER SHALL BE SUBJECT TO MINNESOTA STATUTES §168A.17 SUBD. 1A.

(18) SEVERABILITY: If any portion of this Agreement shall be found to be illegal, invalid or contrary to public policy, the same may be modified or stricken by a court of competent jurisdiction to the extent necessary

to allow the court to enforce such provision in a manner which is as consistent with the original intent of the provision as possible. The striking or modification by the Court of any provision shall not have the effect of invalidating the Agreement as a whole.

(19) **WAIVER OF JURY TRIAL:** BOTH PARTIES TO THIS AGREEMENT HEREBY WAIVE ANY AND ALL RIGHT TO ANY TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING DIRECTLY OR INDIRECTLY HEREUNDER.

(20) **MISCELLANEOUS:** This Agreement is for the benefit of and may be enforced by the respective parties and their successors and permitted assignees and is not for the benefit of and may not be enforced by any third party. This Agreement is the product of negotiations between the parties. Each provision hereof shall be read and interpreted in accordance with its common and ordinary meaning and no ambiguity in language shall be read or interpreted in favor of or against either party.

(21) **ODOMETER DISCLOSURE STATEMENT:** Federal law (and State law, if applicable) requires that LESSEE disclose, and LESSEE shall disclose, the mileage of each Vehicle to LESSOR in connection with the transfer of ownership of the Vehicle. Failure to complete an odometer disclosure form or making a false statement may result in fines and/or imprisonment. UNTIL LESSEE PROVIDES LESSOR WITH A PROPERLY COMPLETED ODOMETER STATEMENT, NO SURRENDER SHALL OCCUR UNDER THE TERMS OF THIS AGREEMENT AND ALL OF LESSEE'S OBLIGATIONS HEREUNDER, INCLUDING THE PAYMENT OF RENT, SHALL CONTINUE. IF THE LESSEE DOES NOT PROVIDE LESSOR WITH A PROPERLY COMPLETED ODOMETER STATEMENT WITHIN 30 DAYS OF NOTICE BY LESSOR OF LESSEE'S FAILURE TO DO SO, LESSEE SHALL REIMBURSE LESSOR FOR ALL ADMINISTRATIVE AND OUT OF POCKET COSTS ASSOCIATED WITH SUCH FAILURE, INCLUDING WITHOUT LIMITATION STORAGE COSTS.

(22) **LOSS OR DAMAGE:** LESSEE shall bear all risk of loss, damage or destruction to any Vehicle, however caused and including without limitation, collision, fire, theft, flood, conversion, abandonment or unauthorized sale or concealment by agents or employees of LESSEE, or any other cause or combination of causes which may occur from delivery of the Vehicle until final disposition by LESSOR or its agent. LESSEE shall advise LESSOR of any loss, destruction or damage to a Vehicle, within three days from the occurrence thereof.

In the event a Vehicle suffers total loss, destruction or irreparable damage, LESSEE shall pay to LESSOR the Unamortized Book Value for such Vehicle upon receipt of an invoice for the same. If such casualty occurs during the Minimum Lease Term, LESSEE shall pay to LESSOR, upon demand, a termination adjustment equal to the Management Fee for the unexpired portion of the Minimum Lease Term. Upon satisfaction of LESSEE's obligations to LESSOR with respect to such Vehicle, any salvage value or other insurance proceeds attributable to such Vehicle shall be payable to LESSEE. LESSEE's obligation to pay rental and other expenses shall continue during any period of repair, and in the case of total loss or irreparable damage, until LESSOR's receipt of payment therefor. LESSEE understands that such Unamortized Book Value, plus the termination adjustment, if any, may exceed the actual cash value of the Vehicle as determined by the insurer of the Vehicle and that LESSEE remains required to pay the entire amount due hereunder.

(23) **MODIFICATIONS:** This Agreement and its Exhibits and amendments contain the entire understanding of the parties and merge all oral understandings. Any modifications, changes, or amendments may be made only in writing duly signed by LESSEE and LESSOR. Failure of either party to enforce any right granted herein shall not be deemed a waiver of such right.

LESSEE Initials _____    LESSOR Initials _____

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed by duly authorized representatives.

GELCO CORPORATION
dba GE CAPITAL FLEET SERVICES

By: _____

Title: **VICE PRESIDENT**
OCT 1 1 1994

Date: _____

Address:    Three Capital Drive
            Eden Prairie, MN 55344

W. R. GRACE & CO. - CONN (LESSEE)

By: _____

Title: _President, Grace Logistics Services, Inc_

Date: Oct 10, 1994

Principal Place    1 Town Center
of Business:       Boca Raton, Florida 33486

By: _____

## FIRST AMENDMENT TO MASTER LEASE AGREEMENT

THIS FIRST AMENDMENT TO MASTER LEASE AGREEMENT (this "Amendment") is made as of the 26th day of February, 2001 (the "Effective Date") by and between GELCO CORPORATION, a Minnesota corporation doing business as GE Capital Fleet Services ("GECFS") and W.R. Grace & Co. – Conn., a Connecticut Corporation (the "Customer").

### WITNESSETH:

WHEREAS, GECFS and Customer entered into a certain Master Lease Agreement dated August 10, 1994 and Addenda (as amended, modified, restated, consolidated or supplemented from time to time, the "Lease") pursuant to which GECFS has leased vehicles to Customer. Capitalized terms used herein and not herein defined shall have the meaning assigned to such terms in the Lease.

WHEREAS, GECFS and Customer entered into a Master Services Agreement dated October 5, 1994 and Addenda (as amended, modified, restated, consolidated, or supplemented from time to time, the "Service Agreement," the Lease and Service Agreements are sometimes collectively referred to herein as the "Agreements") pursuant to which GECFS provides service programs to the Customer. GECFS and Customer hereby agree that there are currently active service programs under the Maintenance Management Addendum, Accident Services Addendum, RapidTag Addendum, and Fleet Management Reports Addendum.

WHEREAS, W.R. Grace & Co. has announced that the company is considering filing for Chapter 11 bankruptcy protection due to a rising number of asbestos-related injury suits.

WHEREAS, GECFS and Customer desire to provide a specific method and manner of payment by Customer under the Lease to assure Customer's performance and to induce GECFS to continue performance.

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, GECFS and Customer agree as follows:

1.  Customer will provide GECFS with an executed Security Deposit Agreement in substantially the form of **Exhibit A** attached hereto along with the deposit required by such agreement.

2.  Notwithstanding any prior act of GECFS or any procedure established by GECFS with respect to the Agreements, Customer acknowledges and agrees that GECFS has not waived any of its rights or remedies or any of the duties or obligations of Customer under the Agreements. No waiver by GECFS of any covenant or condition under the Agreements shall be deemed a waiver of any subsequent breach of the same or any other covenant or condition. No covenant, term or condition of the Agreements shall be deemed waived by GECFS unless waived in writing. No failure or delay on the part of GECFS in exercising any right, power or remedy under the Agreements or hereunder

201008v01

shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or remedy preclude any other or further exercise thereof or the exercise of any other right, power or remedy under the Agreements or hereunder.

5. (a) None of the covenants, terms or conditions of this Amendment shall in any manner be altered, waived, modified, changed or abandoned, except by written instrument, duly signed and delivered by all the parties hereto.

(b) This Amendment contains the whole agreement between the parties hereto as to the subject matter hereof and there are no other terms, obligations, covenants, representations, warranties, statements or conditions, oral or otherwise, of any kind.

(c) This Amendment shall extend to, be obligatory upon and inure to the benefit of the respective successors and assigns of Customer and GECFS. No person other than the parties hereto and their permitted successors and assigns shall have any rights under this Amendment.

(d) The governing law of this Amendment shall be determined as provided in Section 21 of the Lease.

(e) This Amendment may be executed in counterparts and any set of counterparts containing the original signatures of all parties shall constitute an original for all purposes.

(f) In case any one or more of the provisions contained in this Amendment, or any application thereof, shall be invalid, illegal or unenforceable in any respect the validity, legality and enforceability of the remaining provisions contained herein, and any other application thereof, shall not in any way be affected or impaired thereby.

2

201008v01

IN WITNESS WHEREOF, GECFS and Customer have caused this First Amendment to Master Lease Agreement to be executed and delivered the day and year first above written.

**CUSTOMER**:

W.R. GRACE & CO. – CONN., a Connecticut Corporation

By: _____

Its: _SENIOR VICE PRESIDENT & CHIEF_
     _FINANCIAL OFFICER_

**GECFS**:

GELCO CORPORATION, a Minnesota corporation d/b/a GE Capital Fleet Services

By: _____
Its: _Authorized Signatory_

3

## EXHIBIT A

## SECURITY DEPOSIT AGREEMENT

This Security Deposit Agreement (the "<u>Agreement</u>") is made as of this 26th day of February, 2001, by and between W.R. GRACE & CO. ~ CONN., a Connecticut corporation (the "<u>Lessee</u>"), and GELCO CORPORATION, a Minnesota corporation d/b/a GE Capital Fleet Services ("<u>GECFS</u>").

### RECITALS

WHEREAS, GECFS and Lessee are parties to a certain Master Lease Agreement dated August 10, 1994 and certain Addenda pursuant to which GEFCS has leased vehicles to Lessee (as amended, modified, restated, consolidated or supplemented from time to time, the "<u>Lease</u>");

WHEREAS, GECFS and Lessee are parties to a certain Master Services Agreement dated October 5, 1994 and certain Addenda pursuant to which GEFCS provides certain services to Lessee (as amended, modified, restated, consolidated or supplemented from time to time, the "<u>Service Agreement</u>");

WHEREAS, Lessee has announced that it is considering filing a petition for reorganization under Chapter 11, Title 11 U.S.C. and GECFS, therefore, deems itself insecure with respect to further credit to be extended; and

WHEREAS, GECFS and Lessee desire to provide for the continuation of service under the Service Agreement at the present time and after such possible Chapter 11 filing.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.    **Deposit**.   On the date hereof, Lessee shall deposit $90,000 in cash or immediately available funds with GECFS (the "<u>Deposit</u>"). The Deposit shall serve as security for Lessee's obligations under the Service Agreement and all other documents and agreements related thereto and Lessee hereby grants GECFS a security interest therein.

2.    **GECFS Right to Draw on Deposit**.   In the event Lessee does not pay any amount due under the Service Agreement in accordance with the Service Agreement's terms, GECFS shall have the right to immediately, without notice, withdraw such amount from the Deposit and credit such amount against Lessee's obligations under the Service Agreement (a "<u>Draw</u>"), provided however, that in the event Lessee makes a filing under any bankruptcy, insolvency or similar law (a "<u>Bankruptcy Filing</u>"), GECFS's ability to make Draws with respect to services performed before such Bankruptcy Filing shall be limited in accordance with such applicable law.

3.    **Lessee's Duty to Replenish Deposit**.   Within 3 business days of a Draw, Lessee shall deposit additional funds into the Deposit so that the amount of funds in the Deposit is equal to amount of funds in the Deposit before such Draw.

4

201008v01

4.    Amendments. None of the covenants, terms or conditions of this Agreement shall in any manner be altered, waived, modified, changed or abandoned, except by written instrument, duly signed and delivered by all the parties hereto.

5.    **Entire Agreement**. This Agreement contains the whole agreement between the parties hereto as to the subject matter hereof and there are no other terms, obligations, covenants, representations, warranties, statements or conditions, oral or otherwise, of any kind.

6.    **Successors and Assigns**. This Agreement shall extend to, be obligatory upon and inure to the benefit of the respective successors and assigns of GECFS and Lessee. No person other than the parties hereto and their successors and assigns shall have any rights under this Agreement.

7.    **Choice of Law**. This Agreement has been executed by Lessee in the State of Minnesota and the governing law shall be determined as provided in Section 21 of the Lease.

8.    **Counterparts**. This Agreement may be executed in counterparts and any set of counterparts containing the original signatures of all parties shall constitute an original for all purposes.

9.    **Severability**. In case any one or more of the provisions contained in this Agreement, or any application thereof, shall be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein, and any other application thereof, shall not in any way be affected or impaired thereby.

IN WITNESS WHEREOF, GECFS and Lessee have caused this Security Deposit Agreement to be executed as of the date first set forth above.

**LESSEE:**

W.R. GRACE & CO.- CONN., a Connecticut corporation

By: _____

Its: SENIOR VICE PRESIDENT & CHIEF
       FINANCIAL OFFICER

**GECFS:**

GELCO CORPORATION, a Minnesota corporation d/b/a
GE Capital Fleet Services

By: _____
Its: Attorney a Signatory

201008v01

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al., | Case No. 01-1139 (JJF) |
| Debtors. | Jointly Administered |

**ORDER GRANTING MOTION OF GELCO CORPORATION,**
**D/B/A GE CAPITAL FLEET SERVICES FOR AN ORDER COMPELLING DEBTOR**
**TO ASSUME OR REJECT LEASE AND TO COMPLY WITH**
**POST-PETITION LEASE OBLIGATIONS UNDER SECTION 365(D)(10) OF**
**THE BANKRUPTCY CODE PENDING ASSUMPTION OR REJECTION,**

Upon consideration of the motion (the "Motion") of Gelco Corporation, d/b/a GE Capital Fleet Services ("GECFS") for an order compelling W. R. Grace & Co.-Conn., (the "Debtor") to assume or reject a certain Master Lease Agreement and to comply with its post-petition obligations under such lease pending assumption or rejection (the "Motion"), and the Court, having found that notice of the Motion and the hearing on the Motion was proper and adequate under Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure, and the Court, having found that the relief sought by the Motion is just and proper and in the best interests of the Debtors and their estates, and with all capitalized terms not defined herein having the meanings given them in the Motion, it is hereby,

ORDERED, that the Motion is GRANTED as set forth below; and it is further

ORDERED, that Debtor shall have until _____, 2001, in which to file a motion seeking either to reject, assume, or assume and assign the Lease (a "Determination Motion"); and it is further

ORDERED, that a hearing on the Determination Motion shall be held on _____; and it is further

ORDERED, that Debtor shall under Section 365(d)(10) of the Bankruptcy Code comply with all obligations under the Lease pending the Court's ruling on the Determination Motion, and it is further

ORDERED, that this Order is without prejudice to any and all other claims held by GECFS against Debtor under the Lease, relating to the vehicles or otherwise.

The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al., | Case No. 01-1139 (JJF) |
| Debtors. | Jointly Administered |

## CERTIFICATE OF SERVICE

I, Jeffrey T. Wegner, hereby certify that on the 24th day of September, 2001, I caused a

copy of the following documents to be served on the individuals on the attached service list by

U.S. mail, first-class postage prepid:

> **Motion of Gelco Corporation, d/b/a GE Capital Fleet Services for an Order Compelling Debtor to Assume or Reject Master Lease Agreement and to Comply with Post-Petition Lease Obligations Under Section 365(d)(10) of the Bankruptcy Code Pending Assumption or Rejection**

> **Notice of Motion of Gelco Corporation, d/b/a GE Capital Fleet Services for an Order Compelling Debtor to Assume or Reject Master Lease Agreement and to Comply with Post-Petition Lease Obligations Under Section 365(d)(10) of the Bankruptcy Code Pending Assumption or Rejection**

> **Order Granting Motion of Gelco Corporation, d/b/a GE Capital Fleet Services for an Order Compelling Debtor to Assume or Reject Master Lease Agreement and to Comply with Post-Petition Lease Obligations Under Section 365(d)(10) of the Bankruptcy Code Pending Assumption or Rejection**

_____
Jeffrey T. Wegner

01-359977.01

| | |
|---|---|
| James H.M. Sprayregen<br>James W. Kap III<br>Samuel A. Schwartz<br>Roger J. Higgins<br>(Counsel to Debtors and Debtors in Possession)<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, IL 60601 | Laura Davis Jones, Esquire<br>David Carickhoff, Esquire<br>(Counsel to Debtors and Debtors in Possession)<br>Pachulski, Stang, Ziehl, Young & Jones<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 |
| Hamid R. Rafatjoo, Esquire<br>(Counsel to Debtors and Debtors in Possession)<br>Pachulski, Stang, Ziehl, Young & Jones<br>10100 Santa Monica Boulevard, Suite 1100<br>Los Angeles, CA 90067-4100 | Parcels, Inc.<br>(Copy Service)<br>Attn: Vito I. DiMaio<br>10th & King Streets<br>Wilmington, DE 19801 |
| Steven M. Yoder, Esquire<br>(Local Counsel to DIP Lender)<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | Matthew G. Zaleski, III, Esquire<br>(Local Counsel to Asbestos Claimants)<br>Campbell & Levine, LLC<br>1201 N. Market Street<br>Chase Manhattan Centre, 15th Floor<br>Wilmington, DE 19801 |
| William H. Sudell, Jr., Esquire<br>Eric D. Schwartz, Esquire<br>Morris, Nichols Arsht & Tunnell<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | Mark D. Collins, Esquire<br>Deborah E. Spivack, Esquire<br>(Counsel for The Chase Manhattan Bank)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |
| Jeffrey C. Wisler, Esquire<br>Michelle McMahon, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1220 Market Street, 10th Floor<br>Wilmington, DE 19899 | Francis A. Monaco, Jr., Esquire<br>(Counsel for Ingersoll-Rand Fluid Products)<br>Walsh, Monzack and Monaco, P.A.<br>1201 N. Orange Street, Suite 400<br>P.O. Box 2031<br>Wilmington, DE 19801 |
| Frederick B. Rosner, Esquire<br>(Counsel for Ingersoll-Rand Fluid Products)<br>Walsh, Monzack and Monaco, P.A.<br>1201 N. Orange Street, Suite 400<br>Wilmington, DE 19801 | Michael B. Joseph, Esquire<br>(Counsel for Property Damage Claimants)<br>Theodore J. Tacconelli, Esquire<br>Ferry & Joseph, P.A.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899 |

| | |
|---|---|
| Bruce E. Jameson, Esquire<br>Prickett, Jones & Elliott<br>1310 King Street<br>P.O. Box 1328<br>Wilmington, DE 19899 | Mark S. Chehi<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636 |
| Joseph Grey, Esquire<br>Stevens & Lee<br>300 Delaware Avenue, Suite 800<br>Wilmington, DE 19801 | Michael R. Lastowski, Esquire<br>(Counsel to Official Committee of Unsecured Creditors)<br>Duane, Morris & Heckscher LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801-1246 |
| Laurie Selber Silverstein, Esquire<br>Monica Leigh Loftin, Esquire<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899 | Mary M. MaloneyHuss<br>Wolf, Block, Schorr and Solis-Cohen LLP<br>920 King Street, Suite 300<br>One Rodney Square<br>Wilmington, DE 19801 |
| Selinda A. Melnik, Esquire<br>Smith, Katzenstein & Furlow LLP<br>800 Delaware Avenue<br>P.O. Box 410<br>Wilmington, DE 19899 | Curtis Crowther, Esquire<br>(Counsel for Century Indemnity Company)<br>White and Williams LLP<br>824 North Market Street, Suite 902<br>P.O. Box 709<br>Wilmington, DE 19801 |
| Adam G. Landis, Esquire<br>(Counsel for Wachovia Bank, N.A.)<br>Klett Rooney Lieber & Schorling<br>1000 West Street, Suite 1410<br>Wilmington, DE 19801 | John D. Demmy, Esquire<br>(Counsel for First Union Leasing)<br>Stevens & Lee, P.C.<br>300 Delaware Avenue<br>8th Floor, Suite 800<br>Wilmington, DE 19801 |
| Aaron A. Garber, Esquire<br>(Counsel for Potash Corp.)<br>Pepper Hamilton LLP<br>1201 Market Street<br>Suite 1600<br>Wilmington, DE 19899-1709 | Eric Lopez Schnabel, Esquire<br>James H. Joseph, Esquire<br>(Counsel for Entergy Services, Inc.)<br>Klett Rooney Lieber & Schorling<br>The Brandywine Building<br>1000 West Street, Suite 1410<br>Wilmington, DE 19801 |
| William D. Sullivan, Esquire<br>(Counsel for Zonolite Attic Litigation Plaintiffs)<br>Eluzon Austin Reardon Tarlov & Mondell, P.A.<br>300 Delaware Avenue, Suite 1700<br>P.O. Box 1630<br>Wilmington, DE 19899 | Francis J. Murphy<br>John S. Spadaro<br>Chase T. Brockstedt<br>Murphy Spadaro & Landon<br>824 N. Market Street<br>P.O. Box 8989<br>Wilmington, DE 19899-8989 |

| | |
|---|---|
| Frank J. Perch, Esquire<br>Office of the United States Trustee<br>601 Walnut Street, Curtis Center,<br>Suite 950 West<br>Philadelphia, PA 19106 | Derrick Tay, Esquire<br>(Canadian counsel for Debtor)<br>Meighen Demers<br>Suite 1100, Box 11<br>Merrill Lynch Canada Tower<br>200 King Street West<br>Toronto<br>Ontario<br>Canada M5H 3T4 |
| Elihu Inselbuch, Esquire<br>Rita Tobin, Esquire<br>(Counsel for Official Committee of Personal Injury<br>Claimants)<br>Caplin & Drysdale, Chartered<br>399 Park Avenue, 36th Floor<br>New York, NY 10022 | Lewis Kruger, Esquire<br>(Counsel for Official Committee of Unsecured Creditors)<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038-4982 |
| Scott L. Baena, Esquire<br>(Counsel for Official Committee of Property Damage<br>Claimants)<br>Bilzin Sumberg Dunn Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Blvd, Suite 2500<br>Miami, FL 33131 | Thomas Moers Mayer, Esquire<br>(Counsel for Equity Committee)<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022 |
| D. J. Baker, Esquire<br>(Counsel to Sealed Air Corporation)<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036 | J. Douglas Bacon, Esquire<br>(Counsel to DIP Lender)<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 |
| Nancy Worth Davis, Esquire<br>(Counsel to Asbestos Claimants)<br>Ness, Motley, Loadhold, Richardson & Poole<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mount Pleasant, SC 29465 | Todd Meyer, Esquire<br>Kilpatrick Stockton<br>1100 Peachtree Street<br>Atlanta, GA 30309 |
| Office of Reorganization<br>Securities & Exchange Commission<br>Suite 1000<br>3475 Lenox Road, N.E.<br>Atlanta, GA 30326-1232 | District Director<br>IRS<br>409 Silverside Road<br>Wilmington, DE 19809 |
| Michael A. Berman, Esquire<br>Securities and Exchange Commission<br>450 Fifth Street, N.W. (Mail Stop 6-6)<br>Washington, D.C. 20549 | Secretary of Treasurer<br>P.O. Box 7040<br>Dover, DE 19903 |

| | |
|---|---|
| Secretary of State<br>Division of Corporations<br>Franchise Tax<br>P.O. Box 7040<br>Dover, DE 19903 | James D. Freeman, Esquire<br>U.S. Department of Justice<br>Environmental Enforcement Section<br>999 18th Street<br>Suite 945-North Tower<br>Denver, CO 80202 |
| Jon L. Heberling, Esquire<br>McGarvey, Heberling, Sullivan & McGarvey PC<br>745 South Main Street<br>Kalispel, MT 59901 | Patrick L. Hughes, Esquire<br>Haynes & Boone LLP<br>1000 Louisiana Street, Suite 4300<br>Houston, TX 77002-5012 |
| David S. Heller, Esquire<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | Charles E. Boulbol, Esquire<br>26 Broadway, 17th Floor<br>New York, NY 10004 |
| Ira S. Greene, Esquire<br>Squadron, Ellenoff, Plesent & Sheinfeld, LLP<br>551 Fifth Avenue<br>New York, NY 10176 | James A. Sylvester, Esquire<br>Intercat, Inc.<br>104 Union Avenue<br>Manasquan, NJ 08736 |
| Steven J. Johnson, Esquire<br>Gibson, Dunn & Crutcher LLP<br>1530 Page Mill Road<br>Palo Alto, CA 94304-1125 | Charlotte Klenke, Esquire<br>Schneider National, Inc.<br>P.O. Box 2545<br>3101 S. Packerland<br>Green Bay, WI 54306 |
| David S. Rosenbloom, Esquire<br>Jeffrey E. Stone, Esquire<br>Lewis S. Rosenbloom, Esquire<br>McDermott, Will & Emery<br>227 West Monroe Street<br>Chicago, IL 60606-5096 | Brad Rogers, Esquire<br>Office of the General Counsel<br>Pension Benefit Guaranty Corp<br>1200 K. Street, N. W.<br>Washington, D.C. 20005-4026 |
| Pamela Zilly<br>Richard Shinder<br>David Blechman<br>Michael Alexander<br>The Blackstone Group<br>345 Park Avenue<br>New York, NY 10154 | Josiah Rotenberg<br>Lazard Freres & Co. LLC<br>30 Rockefeller Plaza, 60th<br>New York, NY 10020 |
| Jan M. Hayden<br>William H. Patrick<br>Heller, Draper, Hayden, Patrick & Horn, L.L.C.<br>650 Poydras Street, Suite 2500<br>New Orleans, LA 70130-6103 | Joseph F. Rice<br>Ness, Motley, Loadholt, Richardson & Poole<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465 |

| | |
|---|---|
| Nancy Worth Davis<br>Ness, Motley, Loadholt, Richardson & Poole<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mt. Pleasant, SC  29465 | Steven T. Baron, Esquire<br>(Counsel for Asbestos Claimants)<br>Silber Pearlman, LLP<br>2711 North Haskell Avenue, 5th Floor, LLP<br>Dallas, TX  75204 |
| Bankruptcy Administration<br>IOS Capital, Inc.<br>1738 Bass Road<br>P.O. Box 13708<br>Macon, GA  31208-3708 | W.J. Winterstein, Jr., Esquire<br>John J. Winter, Esquire<br>(Counsel for PPG Industries, Inc.)<br>William M. Aukamp, Esquire<br>Eleven Penn Center, 29th Floor<br>1835 Market Street<br>Philadelphia, PA  19103 |
| R. Scott Williams<br>PMG Capital Corp.<br>Four Falls Corporate Center<br>West Conshohocken, PA  19428-2961 | Alan R. Brayton, Esquire<br>Brayton & Purcell<br>222 Rush Landing Road<br>Novato, CA  94945 |
| Jonathan W. Young<br>Wildman, Harrold, Allen & Dixon<br>225 West Wacker Drive, Suite 3000<br>Chicago, IL  60606-1229 | Russell W. Budd<br>Alan B. Rich<br>Baron & Budd, P.C.<br>3102 Oak Lawn Avenue, P.O. Box 8705<br>Dallas, TX  75219 |
| Shelby A. Jordan, Esquire<br>Nathaniel Peter Holzer. Esquire<br>Jordan, Hyden, Womble & Culbreth, P.C.<br>500 N. Shoreline Blvd., Suite 900<br>Corpus Christi, TX  78471 | Courtney M. Labson, Esquire<br>The Mills Corporation<br>Legal Department<br>1300 Wilson Boulevard, Suite 400<br>Arlington, VA  22209 |
| T. Kellan Grant<br>Wildman, Harrold, Allen & Dixon<br>225 West Wacker Drive, Suite 3000<br>Chicago, IL  60606-1229 | Cindy Schultz<br>Ingersoll-Rand Fluid Products<br>One Aro Center<br>P.O. Box 151<br>Bryan, OH  43506 |
| Alan Kolod, Esquire<br>Moses & Singer LLP<br>1301 Avenue of the Americas<br>40th Floor<br>New York, NY  10019-6076 | Mr. Thomas Moskie<br>Bankers Trust Company<br>Four Albany Street<br>Fourth Floor<br>New York, NY  10006 |
| John P. Dillman, Esquire<br>Linebarger Heard Goggan Blair<br>Graham Peña & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX  77253-3064 | Charles E. Gibson, III<br>Attorney at Law<br>620 North Street, Suite 100<br>Jackson, MS  39202 |

| | |
|---|---|
| Paul M. Baisier, Esquire<br>SEYFARTH SHAW<br>1545 Peachtree Street<br>Suite 700<br>Atlanta, Georgia 30309 | Kevin D. McDonald<br>Wilshire Scott & Dyer, P.C.<br>One Houston Center<br>1221 McKinney, Suite 4550<br>Houston, Texas 77010 |
| Christopher Beard, Esquire<br>Beard & Beard<br>306 N. Market Street<br>Frederick, MD 21701 | Bernice Conn, Esquire<br>Robins, Kaplan, Miller & Ciresi LLP<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067 |
| Steven R. Schlesinger, Esquire<br>Jaspan Schlesinger Hoffman LLP<br>300 Garden City Plaza<br>Garden City, NY 11530 | Steven J. Kherkher, Esquire<br>Laurence G. Tien, Esquire<br>Williams Bailey Law Firm, L.L.P.<br>8441 Gulf Freeway, Suite #600<br>Houston, Texas 77017 |
| Kimberly W. Osenbaugh<br>Preston Gates & Ellis LLP<br>701-5th Avenue<br>Suite 5000<br>Seattle, WA 98104-7078 | Lewis T. LeClair, Esquire<br>McKool Smith<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201 |
| Delta Chemical Corporation<br>2601 Cannery Avenue<br>Baltimore, MD 21226-1595 | Steven T. Hoort, Esquire<br>Ropes & Gray<br>One International Place<br>Boston, Massachusetts 02110-2624 |
| Peter Van N. Lockwood, Esquire<br>Julie W. Davis, Esquire<br>Trevor W. Swett, III, Esquire<br>Nathan D. Finch, Esquire<br>Caplin & Drysdale, Chartered<br>One Thomas Circle, N.W.<br>Washington, DC 20005 | Peter A. Chapman<br>24 Perdicaris Place<br>Trenton, NJ 08618 |
| Paul M. Matheny<br>The Law Offices of Peter G. Angelos, P.C.<br>5905 Harford Rd.<br>Baltimore, MD 21214 | Michael J. Urbis<br>Jordan, Hyden, Womble & Culbreth, P.C.<br>2390 Central Blvd, Suite G<br>Brownsville, TX 78520 |
| Mary A. Coventry<br>Sealed Air Corporation<br>Park 80 East<br>Saddle Brook, New Jersey 07663 | Meridee Moore and Kirsten Lynch<br>Farallon Capital Management, L.L.C.<br>One Maritime Plaza<br>Suite 1325<br>San Francisco, California 94111 |
| John M. Klamann<br>Klamann & Hubbard<br>7101 College Blvd., Suite 120<br>Overland Park, KS 66210 | Joseph T. Kremer, Esquire<br>Lipsiptz, Green, Fahringer, Roll, Salisbury & Cambria, LLP<br>42 Delaware Avenue, Suite 300<br>Buffalo, NY 14202 |

| | |
|---|---|
| Paul D. Henderson, Esquire<br>Dies, Dies & Henderson<br>1009 W. Green Avenue<br>Orange, TX 77630 | Robert Jacobs, Esquire<br>Maria Rosoff Eskin<br>Jacobs & Crumplar, P.A.<br>2 East 7th Street<br>P.O. Box 1271<br>Wilmington, DE 19899 |
| Elizabeth S. Kardos, Esquire<br>Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC<br>One Riverfront Plaza<br>Newark, NJ 07102-5497 | Thomas J. Noonan, Jr.<br>c/o R& S Liquidation Company<br>5 Lyons Mall PMB #530<br>Basking Ridge, NJ 07920-1928 |
| Harry Lee, Esquire<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036 | William E. Frese, Esquire<br>Attn: Sheree L. Kelly, Esquire<br>(Counsel for Public Service Electric and Gas Company)<br>80 Park Plaza, T5D<br>P.O. Box 570<br>Newark, NJ 07101 |
| William S. Katchen, Esquire<br>(Counsel for Official Committee of Unsecured Creditors)<br>Duane, Morris & Heckscher LLP<br>1 Riverfront Plaza, 2nd Floor<br>Newark, NJ 07102 | Paul G. Sumers, Esquire<br>(Counsel for Tennessee Department of Environment and<br>Conservation – Superfund)<br>TN Attorney General's Office, Bankr. Unit<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |
| Damon J. Chargois, Esquire<br>(Counsel for asbestos claimants)<br>Foster & Sear, L.L.P.<br>360 Place Office Park<br>1201 N. Watson Road, Suite 145<br>Arlington, TX 76006 | C. Randall Bupp, Esquire<br>(Counsel for Berry & Berry)<br>Plastiras & Terrizzi<br>24 Professional Center Parkway<br>Suite 150<br>San Rafael, CA 94903 |
| Anton Volovsck<br>Rt2 – Box 200 #42<br>Kamiah, Idah 83536-9229 | Peter S. Goodman, Esquire<br>Andrews & Kurth LLP<br>805 Third Avenue<br>New York, New York 10022 |
| Jonathan H. Alden, Esquire<br>Assistant General Counsel<br>3900 Commonwealth Boulevard, MS 35<br>Tallahassee, Floria 32399-3000 | Credit Lyonnais<br>1301 Avenue of the Americas<br>New York, New York 10019-0602 |
| State Library of Ohio<br>c/o Michelle T. Sutter<br>Revenue Recovery<br>101 E. Town Street, Second Floor<br>Columbus, OH 43215 | Rosa Dominy<br>Bankruptcy Administration<br>IOS Capital, Inc.<br>1738 Bass Road<br>P.O. Box 13708<br>Macon, GA 31208-3708 |

| | |
|---|---|
| Robert Jacobs, Esquire<br>Jacobs & Crumplar, P.A.<br>2 East 7th Street<br>P.O. Box 1271<br>Wilmington, DE 19899 | Greif Bros. Corp.<br>250 East Wilson Bridge Rd.<br>Suite 175<br>Worthington, OH 43085-2323 |
| Stephanie Nolan Deviney<br>(Counsel for SAP America, Inc.)<br>Brown & Connery, LLP<br>360 Haddon Avenue<br>P.O. Box 539<br>Westmont, NJ 08108 | Barbara M. Cook, County Solicitor<br>Katherine L. Taylor, Senior Assistant County Solicitor<br>Howard County Office of Law<br>George Howard Building<br>3430 Courthouse Drive<br>Ellicott City, Maryland 21043 |
| Danice Sims<br>P.O. Box 66658<br>Baton Rouge, Louisiana 70896 | M. Diane Jasinski, Esquire<br>Michael D. Hess<br>Corporation Counsel of the City of New York<br>100 Church Street, Room 6-127<br>New York, New York 10007 |
| Janet Napolitano<br>Robert R. Hall<br>Russell W. Savory<br>1275 West Washington Street<br>Phoenix, Arizona 85007-1278 | Russell W. Savory<br>Gotten, Wilson & Savory, PLLC<br>200 Jefferson Avenue, Suite 900<br>Memphis, Tennessee 38103 |
| Credit Manager<br>Belz Enterprises<br>100 Peabody Place, Suite 1400<br>Memphis, Tennessee 38103 | James P. Ruggeri<br>Scott A. Shail<br>Hogan & Harton L.L.P.<br>555 Thirteenth Street,.N.W.<br>Washington, D.C. 20004-1109 |
| Steven R. Bourne, Esquire<br>Nutter, McClennen & Fish, LLP<br>One International Place<br>Boston, MA 02110-2699 | Judy D. Thompson, Esquire<br>S. Andrew Jurs, Esquire<br>Poyner & Spruill, L.L.P.<br>100 North Tryon Street, Suite 4000<br>Charlotte, North Carolina 28202-4010 |
| Daniel H. Slate, Esquire<br>Hughes Hubbard & Reed LLP<br>350 South Grand Avenue<br>Los Angeles, CA 90071-3442 | Andrea L. Hazzard, Esquire<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482 |
| Mr. James A. Bane<br>KMCC 204029<br>P.O. Box 710<br>Keen Mountain, VA 24624 | Authur Stein, Esquire<br>1041 W. Lacey Road<br>P.O. Box 1070<br>Forked River, NJ 08731-6070 |

| | |
|---|---|
| Robert H. Rosenbaum, Esquire<br>M. Evan Meyers, Esquire<br>Meyers, Rodbell & Rosenbaum, P.A.<br>Berkshire Building<br>6801 Kenilworth Avenue, Suite 400<br>Riverdale, Maryland 20737-1385 | Maggie De La Rosa<br>Provost * Umphrey<br>Law Firm, L.L.P.<br>490 Park Street<br>Beaumont, Texas 77701 |
| Anne Marie P. Kelley, Esquire<br>Dilworth Paxson, LLP<br>LibertyView – Suite 700<br>457 Haddonfield Road<br>P.O. Box 2570<br>Cherry Hill, NJ 08034 | Richard M. Meth, Esquire<br>Herrick, Feinstein LLP<br>2 Penn Plaza, 11th Floor<br>Newark, New Jersey 07105 |
| Kevin James<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>Oakland, CA 94612-1413 | Dorine Vork, Esquire<br>Stibbe, P.C.<br>350 Park Avenue<br>New York, New York 10022 |
| Suexirda Prayaga<br>7365 MacLeod Lane<br>Ofallon, Missouri 63366 | Bart Hartman<br>Treasurer – Tax Collector<br>Attn: Elizabeth Molina<br>1600 Pacific Highway, Room 162<br>San Diego, CA 92101 |
| Mary E. Wurts<br>P.O. Box #27<br>Capache Junct, AZ 85217 | David Aelvoet, Esquire<br>Linebargerheard Goggan Blair<br>Graham Pena & Sampson LLP<br>1000 Tower Life Building<br>San Antonio, TX 78205 |
| Robert Cimino, Esquire<br>Suffolk County Attorney<br>Attn: Diane Leonardo Beckmann, Asst. County<br>H. Lee Dennison Building<br>100 Veterans Memorial Highway<br>P.O. Box 6100<br>Hauppauge, NY 11788-0099 | David Balsley, Jr.<br>535 Smithfield Street, Suite 619<br>Pittsburg, PA 15222-2302 |
| Robert T. Aulgur, Jr., Esquire<br>(Counsel for Toyota Motor Credit)<br>P.O. Box 617<br>Odessa, DE 19730 | James S. Carr, Esquire<br>Christena A. Lambrianakos, Esquire<br>(Counsel for Delco Development Company)<br>101 Park Avenue<br>New York, NY 10178 |

| | |
|---|---|
| Michael T. Kay, Esquire<br>Nancy Draves, Esquire<br>(Counsel for Dow Chemical Company,<br>Hampshire Chemical Corporation and Union<br>Carbide Corporation)<br>The Dow Chemical Company<br>2030 Dow Center<br>Midland, MI 48674 | Anne Marie P. Kelley, Esquire<br>Dilworth Paxson, LLP<br>Liberty View – Suite 700<br>457 Haddonfield Road<br>Cherry Hill, New Jersey 08002 |
| Ronald S. Beacher, Esquire<br>(Counsel for General Electric Capital Corporation)<br>Pitney, Hardin, Kipp & Szuch LLP<br>711 Third Avenue, 20th Floor<br>New York, New York 10017-4014 | Attn: Diane Stewart<br>Peoples First Community Bank<br>P.O. Box 59950<br>Panama City, Florida 32412-0950 |
| Michael B. Willey, Esquire<br>(Counsel for Commissioner of Revenue)<br>Legal Services, 27th Floor<br>312 8th Avenue North<br>Nashville, Tennessee 37243 | Jeffrey L. Glatzer, Esquire<br>Anderson, Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020-1182 |
| Thomas V. Askounis, Esquire<br>Askounis & Borst, P.C.<br>303 East Wacker Drive<br>Suite 1000<br>Chicago, IL 60601 | Attn: Ted Weschler<br>Peninsula Capital Advisors, L.L.C.<br>404 East Main Street<br>Second Floor<br>Charlottesville, VA 22902 |
| E. Katherine Wells, Esquire<br>South Carolina Department of Health and Environmental<br>Control<br>2600 Bull Street<br>Columbia, South Carolina 29201-1708 | Jeffrey Kaufman, Esquire<br>Gerald F. Ellesdorfer, Esquire<br>Kaufman & Logan LLP<br>111 Pine Street, Suite 1300<br>San Francisco, CA 94111 |
| Michael H. Pinkerson, Esquire<br>James M. Garner, Esquire<br>Sher Garner Cahill Richter Klein McAlister & Hilbert,<br>L.L.C.<br>909 Poydras Street, Suite 2800<br>New Orleans, LA 70112 | William H. Johnson, Esquire<br>Norfolk Southern Corporation<br>Law Department<br>Three Commercial Place<br>Norfolk, VA 23510-9242 |
| Pillsbury Winthrop LLP<br>Lynn M. Ryan, Esquire<br>(Counsel for Wells Fargo Bank Minnesota, National<br>Association)<br>One Battery Park Plaza<br>New York, NY 10004-1490 | Pillsbury Winthrop LLP<br>Craig Barbarosh, Esquire<br>(Counsel for Wells Fargo Bank Minnesota, National<br>Association)<br>650 Town Center Drive, 7th Floor<br>Costa Mesa, CA 92626-7122 |
| Aldine Independent School District<br>Jonathan C. Hantke, Esquire<br>Pamela H. Walters, Esquire<br>14910 Aldine-Westfield Road<br>Houston, TX 77032 | DAP Products, Inc.<br>c/o Julien A. Hecht, Esquire<br>2400 Boston Street, Suite 200<br>Baltimore, MD 21224 |

| | |
|---|---|
| Hertz, Schram & Saretsky, P.C.<br>(Counsel for Rupple K. Perry)<br>Robert S. Hertzberg, Esquire<br>Michael I. Zousmer, Esquire<br>1760 South Telegraph Road, Suite 300<br>Bloomfield Hills, MI  48302-0183 | Steven B. Flancher, Esquire<br>Assistant Attorney General<br>Department of Attorney General<br>Revenue Division<br>First Floor Treasury Building<br>Lansing, MI  48992 |
| Wilentz, Goldman & Spitzer<br>(Counsel for Asbestos Claimants)<br>Deirdre Woulfe Pacheco, Esquire<br>90 Woodbridge Center Drive<br>P.O. Box 10<br>Woodbridge, NJ  07095 | Dechert Price & Rhoads<br>(Counsel for LaVantage Solutions)<br>Matthew A. Porter, Esquire<br>Bernard J. Bonn III, Esquire<br>Ten Post Office Square South<br>Boston, MA  02109 |
| Burt Barr Havins & O'Dea, L.L.P.<br>(Counsel for Occidental Permian, Ltd.)<br>John W. Havins, Esquire<br>1001 McKinney, Suite 500<br>Houston, TX  77002 | Mark Browning, Esquire<br>Assistant Attorney General<br>(Counsel for The Texas Comptroller of Public Accounts)<br>c/o Sherri K. Simpson, Legal Assistant<br>Office of the Attorney General<br>Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, TX  78711-2548 |
| Leonard P. Goldberger, Esquire<br>(Counsel for Century Indemnity Company)<br>White & Williams LLP<br>1800 One Liberty Place<br>Philadelphia, PA  19103-7395 | Kay D. Brock, Esquire<br>(Comptroller of Public Accounts<br>of the State of Texas)<br>Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, TX  78711-2548 |
| Cynthia C. Hemme, Esquire<br>Senior Counsel<br>Nortel Networks, Inc.<br>4010 E. Chapel Hill-Nelson Hwy.<br>Research Triangle Park, NC  27709 | Daniel A. Speights, Esquire<br>(Counsel for Anderson Memorial Hospital)<br>Speights & Runyan<br>200 Jackson Avenue, East<br>P.O. Box 685<br>Hampton, SC  29924 |
| Julie Quagliano<br>(Counsel for WESCO Distribution, Inc.)<br>Quagliano & Seeger<br>3242 P Street, NW<br>Washington, DC  20007 | General Motors Acceptance Corporation<br>P.O. Box 5055<br>Troy, MI  48007-5055 |
| Judith Greenspan, Esquire<br>Associate Counsel<br>(Counsel for Amalgamated Industries and Service<br>Workers Benefit Fund)<br>The Amalgamated Industries and Service Workers Benefit<br>Fund<br>730 Broadway<br>Tenth Floor<br>New York, NY  10003-9511 | Donna J. Petrone, Esquire<br>ExxonMobil Chemical Company<br>Law Department – Bankruptcy<br>13501 Katy Freeway, Room W1-562<br>Houston, TX  77079-1398 |

| | |
|---|---|
| David W. Wirt, Esquire<br>(Counsel for Potash Corp.)<br>Winston & Strawn<br>35 West Wacker Drive<br>Chicago, IL 60601 | Alan H. Katz, Esquire<br>Entergy Services, Inc.<br>693 Loyola Avenue, Suite 2600<br>New Orleans, LA 70113 |
| Glen W. Morgan<br>Reaud, Morgan & Quinn, Inc.<br>801 Laurel<br>Beaumont, TX 77701 | Randall A. Rios<br>(Counsel for Huntsman Corporation)<br>Floyd, Isgur, Rios & Wahrlich, P.C.<br>700 Louisiana, Suite 4600<br>Houston, TX 77002 |
| Elizabeth J. Cabraser, Esquire<br>(Counsel for Zonolite Attic Litigation Plaintiffs)<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>Embacadero Center West, 30th Floor<br>275 Battery Street<br>San Francisco, CA 94111 | Thomas M. Sobol, Esquire<br>(Counsel for Zonolite Attic Litigation Plaintiffs)<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>214 Union Wharf<br>Boston, MA 02109-1216 |
| Robert M. Fishman, Esquire<br>(Counsel for Zonolite Attic Litigation Plaintiffs)<br>Shaw Gussis Domanskis Fishman & Glantz<br>1144 West Fulton Street, Suite 200<br>Chicago, IL 60607 | Scott Barker<br>Credit Manager<br>Climax Molybdenum Marketing Corporation<br>2600 N. Central Avenue<br>Phoenix, AZ 85004 |
| Coudert Brothers<br>Attn: Joseph D. Farrell, Esquire and Edward H.<br>Tillinghast, III, Esquire<br>1114 Avenue of the Americas<br>New York, NY 10036 | Margery N. Reed, Esquire<br>Duane, Morris & Heckscher LLP<br>4200 One Liberty Place<br>Philadelphia, PA 19103-7396 |
| Darrell W. Scott<br>(Counsel for Marco Barbanti)<br>Lukins & Annis, P.S.<br>1600 Washington Trust Financial Center<br>717 West Sprague Avenue<br>Spokane, WA 99201-0466 | Randall A. Rios<br>(Counsel for Huntsman Corporation)<br>Floyd, Isgur, Rios & Wahrlich, PC<br>700 Louisiana, Suite 4600<br>Houston, TX 77002 |
| William F. Taylor, Jr., Esquire<br>(Counsel for L.A. Unified School District)<br>Elzufon Austin Reardon Tarlov & Mondell, PA<br>300 Delaware Avenue, 17th Floor<br>PO Box 1630<br>Wilmington, DE 19899 | Missouri Department of Revenue<br>Bankruptcy Unit<br>Gary L. Barnhart<br>PO Box 475<br>Jefferson City, MO 65105-0475 |
| Mr. Charles C. Trascher III, Esquire<br>(Counsel for Peters, Smith & Company)<br>Snellings, Breard, Sartor, Inabnett & Trascher, LLP<br>PO Box 2055<br>Monroe, LA 71207 | James G. Damon, Esquire<br>Daniel S. Miller, Esquire<br>VOSS, COOK & THEL LLP<br>895 Dove Street, Suite 450<br>Newport Beach, CA 92660-2988 |

| | |
|---|---|
| Gary M. Becker, Esquire<br>(Counsel for The Baupost Group LLC)<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022 | Christopher R. Momjian<br>Senior Deputy Attorney General<br>I.D. No. 057482<br>Office of Attorney General<br>21 S. 12th Street, 3rd. Floor<br>Philadelphia, PA 19107-3603 |
| Susan Breymaier<br>Attorney<br>U.S. Postal Service<br>Legal Department<br>225 N. Humphreys Blvd.<br>Memphis, TN 38166-0170 | Denise A. Kuhn<br>Office of Attorney General<br>21 S. 12th Street, 3rd Floor<br>Philadelphia, PA 19107-3603 |
| Thomas J. Matz, Esq.<br>(Counsel for Snack, Inc.)<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166 | Vahe Melkonian<br>(Snack, Inc.)<br>Newco Management Company, LLC<br>6320 Canoga Avenue, Suite 1430<br>Woodland Hills, CA 91367 |
| James G. Damon, Esquire<br>Daniel S. Miller, Esquire<br>(Counsel for David T. Beauchamp)<br>Voss, Cook & Thel LLP<br>895 Dove Street, Suite 450<br>Newport Beach, CA 92660-2998 | David W. Baddley, Esquire<br>(Counsel for Mars Music)<br>Greenberg Traurig, P.A.<br>515 East Las Olas Boulevard<br>Suite 1500<br>Fort Lauderdale, FL 33301 |
| Richard B. Spector, Esquire<br>Mark M. Monachino, Esquire<br>(Counsel for W.C. Baker, E.E. Jaques, B.H. Miller, M.R.<br>Fisher, S.R. Ormsbee, M. Rea and the Fisher Trust)<br>Corbett & Steelman<br>18200 Von Karman Avenue, Suite 200<br>Irvine, CA 92612-1086 | Barry D. Kleban, Esquire<br>(Counsel for AON Consulting, Inc.)<br>Adelman Lavine Gold and Levin<br>1900 Two Penn Center Plaza<br>Philadelphia, PA 19102-1799 |
| Michael Selig<br>Westover Investments, L.L.C.<br>555 Old Garth Road<br>Charlottesville, VA 22901 | Allan H. Ickowitz, Esq.<br>(Counsel for Hearthside Residential Corp.)<br>Nossaman, Guthner, Knox & Elliott, LLP<br>445 South Figueroa Street, 31st Floor<br>Los Angeles, CA 90071 |
| Oscar B. Fears, III<br>Assistant Attorney General<br>(Counsel for Georgia Department of Natural Resources)<br>40 Capitol Square, S.W.<br>Atlanta, GA 30334 | Linebarger Heard Goggan Blair<br>(Counsel for County Of Dallas)<br>Graham Pena & Sampson, LLP<br>2323 Bryan Street, Suite 1720<br>Dallas, TX 75201-2691 |
| Philip J. Ward<br>Victoria Radd Rollins<br>Williams & Connolly LLP<br>725 Twelfth Street NW<br>Washington, DC 20005 | Ralph R. Mabey<br>Penrod W. Keith<br>LeBoeuf, Lamb, Greene & MacRae, LLP<br>1000 Kearns Building<br>Salt Lake City, UT 84101 |

| | |
|---|---|
| Kelley B. Gelb<br>700 Southeast Third Avenue<br>Suite 100<br>Fort Lauderdale, FL 33316-1186 | Margaret A. Holland<br>Deputy Attorney General<br>New Jersey Attorney General's Office<br>Divisoin of Law<br>R.J. Hughes JusticeComplex<br>P.O.Box 106<br>Trenton, NJ 08625 |
| Craig A. Slater, Esquire<br>Harter,Secrest & Emery LLP<br>One HSBC Center, Suite 3550<br>Buffalo, New York 14203-2884 | Rachel Jeanne Lehr<br>Deputy Attorney General<br>Office of the Attorney General<br>R.J.Hughes Justice Complex<br>P.O. Box 093<br>Trenton, New Jersey 08625 |
| Larry A. Feind<br>133 Peachtree Street, N.E.<br>7th Floor<br>Atlanta ,Georgia 30303 | Bryan Shapiro<br>Bear, Stearns & Co. Inc.<br>245 Park Avenue<br>New York, New York 10167 |
| Elizabeth Weller<br>Linebarger Heard Goggan Blair<br>Graham Pena & Sampson, LLP<br>2323 Bryan Street, Suite 1720<br>Dallas, TX 75201-2691 | |