**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| | : | |
| **W.R. GRACE & CO., et al.,** | : | **Case No. 01-01139 (JJF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | : | |

FOURTH APPLICATION OF THE BLACKSTONE GROUP
L.P. AS FINANCIAL ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR ACTUAL AND NECESSARY SERVICES
RENDERED AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
<u>(FOR THE PERIOD SEPTEMBER 1, 2001 THROUGH SEPTEMBER 30, 2001)</u>

### SUMMARY SHEET

Name of Applicant: THE BLACKSTONE GROUP L.P.

Authorized to Provide
Professional Services to: Debtors

Date of Retention Order: June 22, 2001, effective April 2, 2001

Period for which
Compensation and
reimbursement is sought: September 1, 2001 – September 30, 2001

Amount of compensation
sought as actual,
reasonable and necessary:

| <u>Total</u> | <u>Less Holdback (@20%)</u> |
|---|---|
| $175,000.00 | $35,000.00 |

Amount of reimbursement of
expenses sought as actual,
reasonable and necessary: $11,846.09

This is a <u>_x_</u> monthly __ interim ___ final application

Summary Table:

| Fee Application, Filing Date | Total Fees Requested | Amount of Holdback (20%) | Net Fees Requested | Total Expenses Requested | Objection Received/Deadline |
|---|---|---|---|---|---|
| First 4/2/2001 - 4/30/2001, 7/30/2001 | $169,166.67 | $33,833.33 | $135,333.33 | $0 | None |
| First 5/1/2001 - 5/31/2001, 7/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $984.00 | None |
| First 6/1/2001 – 6/30/2001, 7/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $6,679.95 | None |
| Second 7/1/2001 – 7/31/2001, 8/27/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $3,504.53 | None |
| Third 8/1/2001 – 08/31/2001, 10/15/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $16,124.84 | None |
| Fourth 9/1/2001 – 09/30/2001, | $175,000.00 | $35,000.00 | $140,000.00 | $11,846.09 | |
| **TOTAL** | $1,044,166.67 | $208,833.33 | $835,333.33 | $39,139.41 | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| | : | |
| **W.R. GRACE & CO., et al.,** | : | **Case No. 01-01139 (JJF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | : | |

FOURTH APPLICATION OF THE BLACKSTONE GROUP
L.P. AS FINANCIAL ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR ACTUAL AND NECESSARY SERVICES
RENDERED AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
(FOR THE PERIOD SEPTEMBER 1, 2001 THROUGH SEPTEMBER 30, 2001)

## I. Background

The Blackstone Group L.P. ("Blackstone") respectfully represents as follows:

1.      Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

4.      On June 22, 2001, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

5.      Pursuant to the Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members ("Procedures"), Blackstone submits this fourth application (the "Fourth Application") for the monthly period September 1, 2001 through September 30, 2001 (the "Fourth Application Period").

6.      Blackstone submits this Fourth Application (i) for allowance of reasonable compensation for actual and necessary professional services by it as financial advisor to the Debtors in these cases for the Fourth Application Period, and (ii) for reimbursement of actual and necessary expenses incurred in representing the Debtors during that same period.  This Fourth Application is made pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order and Delaware Bankruptcy Local Rule 2016-2.

7.      Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Debtors pursuant to chapter 11 of the Bankruptcy Code.  Blackstone believes it is appropriate that it be compensated for the time spent and be reimbursed for the expenses incurred in connection with these matters.

8.      For the Fourth Application Period, Blackstone has provided professional services to the Debtors and incurred fees for such services totaling $175,000.00.  This represents Blackstone's monthly fee of $175,000.00 for the period September 1, 2001 through September

30, 2001.  For the Fourth Application Period, Blackstone has incurred actual and necessary expenses in connection therewith totaling $11,846.09.  With respect to these specific amounts, Blackstone has received no payments as of the date of the Fourth Application.

9.      As was set out in the Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession (the "Retention Application"), Blackstone provided advisory services to the Debtors prior to the Petition Date.  Specifically, Blackstone served as financial advisor to the Debtors since February 2001.

## II.  The Blackstone Engagement

10.      On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to the Engagement Agreement as their financial advisor effective as of April 2, 2001, the petition date (the "Effective Date").   Specifically, Blackstone was retained as Financial Advisor to provide the following professional services:

(a) Assist in the evaluation of the Debtors' businesses and prospects;

(b) Assist in the development of the Debtors' long-term business plan;

(c) Analyze the Debtors' financial liquidity and financing requirements;

(d) Assist in the estimation of asbestos claims including the preparation of an estimation model for payments and costs and the analyses of payment and funding scenarios;

(e) Evaluate the Debtors' debt capacity and alternative capital structures;

(f) Develop valuation, debt capacity and recovery analyses in connection with developing and negotiating a potential Restructuring;

    (g) Analyze various restructuring scenarios and the potential impact of these scenarios on the value of the Debtor and the recoveries of stakeholders impacted by the Restructuring;

    (h) Develop a negotiating strategy and assist in negotiations with the Debtors' creditors and other interested parties with respect to a potential Restructuring;

    (i) Value securities offered by the Debtor in connection with a Restructuring;

    (j) Make presentations to the Debtors' Board of Directors, creditor groups or other interested parties, as appropriate;

    (k) Provide expert witness testimony, as requested; and,

    (l) Provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring, as requested and mutually agreed.

11.    Pursuant to the Engagement Agreement, the Debtors agreed to pay Blackstone the following fees in consideration for services to be rendered:

    (a) A monthly advisory fee (the "Monthly Fee") in the amount of $175,000, with the first payment of such Monthly Fee payable upon the effective date and additional installments of such Monthly Fee payable in advance on monthly anniversaries of the effective date; and

    (b) A $5,000,000 Restructuring Fee paid upon consummation of a Restructuring (as defined in the Engagement Agreement).

Furthermore, pursuant to the Engagement Agreement, the Debtors agreed to reimburse Blackstone for the reasonable and documented out-of-pocket expenses incurred by Blackstone in rendering the services to be provided under the Engagement Agreement.

12.    For financial advisory services provided to the Debtors during the Fourth Application Period, Blackstone respectfully requests (a) approval of $186,846.09 consisting of (i) monthly fees in the amount of $175,000.00 and (ii) reimbursement of out-of-pocket expenses in the amount of $11,846.09; and (b) authorization for the Debtors to pay Blackstone's approved fees and expenses in the amount of $151,846.09 consisting of (i) monthly fees in the net amount

of $140,000.00, representing total monthly fees of $175,000.00, less a 20% holdback pursuant to

the interim compensation procedures, and (ii) out-of-pocket expenses referred to in (a) above.

### III. The Blackstone Team

13.     The financial services set forth above were performed primarily by Pamela Zilly –

Senior Managing Director; Richard Shinder – Vice President; David Blechman – Associate; and

Michael Alexander – Analyst:

      (a) <u>Pamela Zilly</u>:  Pamela Zilly is a Senior Managing Director of Blackstone. Prior to joining Blackstone Ms. Zilly was a Vice President of Chemical Bank where she divided her time between the Mergers and Acquisitions Group and the Restructuring and Reorganization Group.  Since joining Blackstone, Ms. Zilly has provided services to debtors and creditors in both formal and informal restructuring engagements.

      (b) <u>Richard Shinder</u>: Richard Shinder is a Vice President of Blackstone. Prior to joining Blackstone Mr. Shinder was a Vice Presdent at Lehman Brothers in its Leveraged Finance group.  He has worked on a number of debtor and creditor restructuring engagements since joining Blackstone in 2000.

      (c) <u>David Blechman</u>: David Blechman is an Associate of Blackstone.  Mr. Blechman joined Blackstone in 2000 after receiving his M.B.A. with honors from Columbia Business School.

      (d) <u>Michael Alexander</u>: Michael Alexander is an Analyst of Blackstone.  Mr. Alexander joined Blackstone in July 1999 after graduating from the McIntire School of Commerce at the University of Virginia.

### IV. Summary – Fourth Monthly Fee Application

14.     The major services provided by Blackstone during this compensation period have

included: (i) assisting with negotiating confidentiality agreements with advisors to the Official

Unsecured Creditors' Committee, the Asbestos Property Damages Committee and the Equity

Committee; (ii) assisting with the performance of due diligence by these advisors; (iii) assisting

the Debtors in the presentation of a business plan; (iv) providing quantitative and qualitative

analysis in support of the Debtors' planned acquisitions; (v) assisting the Debtors with structuring retention and incentive compensation plans in the Chapter 11 proceedings; (vi) participation in a Board of Directors meeting; and (vii) providing general consultation and other bankruptcy and business advice.

15.     Blackstone respectfully submits that the compensation requested for the Fourth Application Period for services rendered by Blackstone to the Debtors is fully justified and reasonable based upon (a) the time and labor required during the proceedings, (b) the complexity of the issues presented, (c) the skills necessary to perform the financial advisory services properly, (d) the preclusion of other employment, (e) the customary fees charged to clients in non-bankruptcy situations for similar services rendered, (f) time constraints required by the exigencies of the case, and (g) the experience, reputation and ability of the professionals rendering services.

16.     Blackstone respectfully submits that the services it has rendered to the Debtors have been necessary and in the best interests of the Debtors and the estate and have furthered the goals of all parties in interest. Blackstone respectfully submits that under all of the criteria normally examined in Chapter 11 reorganization cases, the compensation requested by Blackstone is reasonable in light of the work performed by Blackstone to date in these cases.

17.     The amount of the fees and expenses sought in this Fourth Application and Blackstone's billing processes are consistent with market practices in a bankruptcy context. Blackstone has never billed its clients based on the number of hours expended by its professionals. Accordingly, Blackstone does not have hourly rates for its professionals, and Blackstone's professionals generally do not maintain detailed time records of the work performed for clients. In the Debtors' case, however, Blackstone has recorded time records in

one-half hour increments. Time records of the approximately 139.50 hours expended by Blackstone professionals in providing financial advisory and investment banking services to the Debtors during the Fourth Application Period are provided in Exhibit A by professional.

18. Blackstone respectfully requests allowance of its out-of-pocket expenses incurred during the Fourth Application Period in connection with its performance of services for the Debtors in the aggregate amount of $11,846.09. Due to the lag in receiving invoices from certain third-party service firms, Blackstone is unable, at this time, to account for all expenses incurred during the Fourth Application Period. Ensuing compensation periods will include certain out-of-pocket expenses incurred in the Fourth Application Period but not included in the Fourth Application for relief. Details of the expenses incurred during the Fourth Application Period are provided in Exhibit B. Blackstone's charges for expenses to the Debtors are determined in the same manner as for clients in non-bankruptcy matters. Out-of-pocket expenses incurred by Blackstone are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client. Blackstone does not factor general overhead expenses into any disbursements charged to its clients in connection with Chapter 11 cases. Blackstone has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtors as set forth below, with any exceptions specifically explained.

(a) Blackstone's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such meal-time due to extreme time constraints. Blackstone employees are permitted to order meals in the office if the Blackstone employee is required to work after 8:00 p.m. Blackstone has voluntarily capped meal expenses at $20.00 per meal.

(b) Messengers, couriers, or overnight delivery are used by Blackstone to deliver hard copy documents relating to the client matter which require receipt on an expedited basis; otherwise, Blackstone uses the regular postal system. Any

charges for either messengers, couriers, or overnight delivery are billed to a client at cost.

(c) The outside financial research category consists of charges from outside services which supply, for a fee, financial documents to Blackstone. Financial research services generally consist of the retrieval of financial documents from regulatory agencies.

(d) Blackstone bills photocopying charges at the rate of $0.15 per page.

(e) With respect to local travel, Blackstone's general policy enables employees to travel by private car service or taxi to and from meetings while rendering services to a client on a client related matter, for which the client is charged. This policy is based on Blackstone's determination that travel by private car service or taxi is the most efficient use of a professional's time. Blackstone employees are not permitted to charge personal commuting expenses to a client unless, for safety reasons, the employee is traveling after 8:00 p.m. and has been required to work late as a result of the time exigencies of that client's matters.

(f) Blackstone bills its clients for time spent by its employees on its word processing system. The word processing system automatically allocates time to a client based upon the operator's "log-in" by a client matter number. Clients are charged at the personnel cost of $70.00 per hour for the actual amount of time spent by the operator while rendering word processing services to the client; however, when word processing services are being used after normal business hours, the client is not billed for both an overtime charge and a word processing charge.

(g) Blackstone bills outgoing facsimile charges at a rate of $1.00 per page. Blackstone does not bill incoming facsimile charges.

19. Blackstone respectfully submits that the expenses for which it seeks allowance during the Fourth Application Period are necessary and reasonable both in scope and amount.

20. No prior application for the relief requested herein has been made.

21. All services for which compensation is requested by Blackstone were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

22.     No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

23.     Blackstone respectfully represents that its Fourth Application is in keeping with similar applications for the payment of administrative expenses in other cases.

Dated: New York, New York
        November 12, 2001

                                        THE BLACKSTONE GROUP L.P.
                                        Financial Advisor to
                                        W.R. Grace & Co.

                                        By: _____
                                            Pamela Zilly
                                            Senior Managing Director
                                            345 Park Avenue
                                            New York, NY 10154
                                            (212) 583-5000
                                            (212) 583-5707 (fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                    :
                                          :        **Chapter 11**
                                          :
**W.R GRACE & CO., et al.,**              :        **Case No. 01-01139 (JJF)**
                                          :
        **Debtors.**                      :        **(Jointly Administered)**
                                          :
                                          :
                                          :


### AFFIDAVIT

STATE OF NEW YORK   )

                    ) ss. :

COUNTY OF NEW YORK )

        Pamela Zilly being duly sworn, deposes and says:

        1.      I am a Senior Managing Director of the firm of The Blackstone Group L.P.

("Blackstone"), which firm maintains offices for providing financial advisory services at 345

Park Avenue, New York, New York 10154.    Blackstone is acting as Financial Advisor for the

above captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned

case.

        2.      This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2

in connection with Blackstone's Fourth Monthly Fee Application (the "Fourth Application") for

an allowance of compensation for services rendered to the Debtors for the period from

September 1, 2001 through September 30, 2001 (the "Fourth Application Period") in the amount

of (i) $175,000.00 in monthly fees and (ii) the reimbursement of expenses incurred in connection

therewith in the sum of  $11,846.09.

3.      All of the services for which compensation is sought by Blackstone were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4.      No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

5.      I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule 2016-2 and I believe that this Fourth Application fully complies with all provisions contained in said Order.

By: _____

Pamela Zilly
Senior Managing Director

Sworn to before me this
13th day of November 2001

_____
Notary Public

HOLLY B. COHEN
NOTARY PUBLIC, State of New York
No. 01CO6003607
Qualified in Bronx County
Commission Expires March 9, 20 02

**EXHIBIT A**

# THE BLACKSTONE GROUP L.P.
## SUMMARY OF HOURS FOR W.R. GRACE AND CO.
### SEPTEMBER 1, 2001 - SEPTEMBER 30, 2001

| Professional | Title | Hours |
|---|---|---|
| Pamela Zilly | Senior Managing Director | 37.5 |
| Richard Shinder | Vice President | 35.0 |
| David Blechman | Associate | 37.5 |
| Michael Alexander | Analyst | 29.5 |
| | | **139.5** |

THE BLACKSTONE GROUP L.P.
SUMMARY OF HOURS
AUGUST 1, 2001 - AUGUST 31, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Pamela Zilly | 09/01/01 | 2.0 | Review materials for presentation to Grace Board re: compensation program |
| Pamela Zilly | 09/02/01 | 1.5 | Review Business Plan presentation for comments |
| Pamela Zilly | 09/04/01 | 0.5 | Call with B. Weitzel re: Board Meeting |
| Pamela Zilly | 09/04/01 | 2.0 | Preparation of materials for participation in Grace Board Meeting |
| Pamela Zilly | 09/04/01 | 2.5 | Attend session of Grace Board Meeting |
| Pamela Zilly | 09/04/01 | 3.0 | Dinner meeting with Grace management and Board of Directors |
| Pamela Zilly | 09/04/01 | 1.5 | Revise Business Plan presentation with S. Farnsworth, D. Blechman |
| Pamela Zilly | 09/05/01 | 4.0 | Attend Business Plan review session with Board |
| Pamela Zilly | 09/05/01 | 0.5 | Follow-up meeting with B. McGowan |
| Pamela Zilly | 09/05/01 | 0.5 | Follow-up meeting with P. Norris |
| Pamela Zilly | 09/05/01 | 1.0 | Read, provided comments re: Project Chi materials |
| Pamela Zilly | 09/05/01 | 1.5 | Various meetings with Grace management re: preparation for 9/7/01 financial advisors meeting |
| Pamela Zilly | 09/06/01 | 5.0 | Attend meeting with Financial advisors |
| Pamela Zilly | 09/07/01 | 0.5 | Call with B. McGowan re: compensation consultant, next steps |
| Pamela Zilly | 09/07/01 | 0.5 | Call with D. Siegel re: business Plan meeting |
| Pamela Zilly | 09/07/01 | 1.0 | Read July monthly operating report |
| Pamela Zilly | 09/10/01 | 1.0 | Review materials re: Project Betty call |
| Pamela Zilly | 09/10/01 | 1.0 | Call with Grace management, R. Shinder and D. Blechman re: project Betty |
| Pamela Zilly | 09/10/01 | 0.5 | Call with K. Coghlan re: acquisitions |
| Pamela Zilly | 09/12/01 | 0.5 | Call with B. Tarola re: due diligence status |
| Pamela Zilly | 09/13/01 | 1.0 | Read motions re: exclusive period; automatic stay; lease rejections |
| Pamela Zilly | 09/14/01 | 1.0 | Discussion with R. Shinder re: Project Chi analysis |
| Pamela Zilly | 09/17/01 | 1.0 | Meeting with R. Shinder, D. Blechman, M. Alexander re: status of restructuring model |
| Pamela Zilly | 09/21/01 | 0.5 | Review P&M outstanding items list, proposed responses |
| Pamela Zilly | 09/21/01 | 1.5 | Call with K. Coghlan, F. Gilbert, B. Tarola, E. Napoli re: P&M due diligence |
| Pamela Zilly | 09/26/01 | 0.5 | Read motions re: case mgt order, settling claims |
| Pamela Zilly | 09/28/01 | 0.5 | Read notice, motions re: Rust Consulting, Gelco Motion |
| Pamela Zilly | 09/28/01 | 1.0 | Read, revise database re: comparable bankruptcy cases |

37.5

THE BLACKSTONE GROUP L.P.
SUMMARY OF HOURS
AUGUST 1, 2001 - AUGUST 31, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Richard Shinder | 09/02/01 | 2.0 | Reviewed Grace business plan presentation |
| Richard Shinder | 09/03/01 | 2.0 | Reviewed Grace business plan presentation/Project Chi materials/Project Betty background material |
| Richard Shinder | 09/03/01 | 2.0 | Board of Directors' meeting prep - review of compensation committee materials |
| Richard Shinder | 09/04/01 | 0.5 | Discussed Grace presentation with D. Blechman |
| Richard Shinder | 09/04/01 | 2.0 | Worked with S. Farnsworth, K. Coghlan and D. Blechman on Board presentation |
| Richard Shinder | 09/05/01 | 1.5 | Preparation for Board meeting with D. Blechman |
| Richard Shinder | 09/05/01 | 1.0 | Preparation for Business plan presentation |
| Richard Shinder | 09/05/01 | 1.0 | Preparation for Business plan presentation |
| Richard Shinder | 09/06/01 | 1.0 | Business Plan presentation prep meeting |
| Richard Shinder | 09/06/01 | 6.5 | Business Plan presentation meeting with P&M, Conway, Del Genio & Grace senior management (w/P. Zilly & D. Blechman) |
| Richard Shinder | 09/10/01 | 1.0 | Project Betty conference call with P. Zilly and D. Blechman |
| Richard Shinder | 09/10/01 | 0.5 | Call with S. Zelac and B. Dockman re: Project Chi |
| Richard Shinder | 09/14/01 | 0.5 | Call with S. Zelac and B. Dockman re: Project Chi |
| Richard Shinder | 09/14/01 | 1.0 | Discussion with P.Zilly re: project Chi analysis |
| Richard Shinder | 09/17/01 | 0.5 | Call with S. Cunningham and C. Whitney of P&M re: due diligence request list |
| Richard Shinder | 09/17/01 | 1.0 | Meeting with P. Zilly, D. Blechman, M. Alexander re: status of restructuring model |
| Richard Shinder | 09/18/01 | 2.0 | Discussion with Grace management re: P&M information request |
| Richard Shinder | 09/20/01 | 0.5 | Call with F. Gilbert re: P&M follow-up |
| Richard Shinder | 09/24/01 | 0.5 | Call with F. Gilbert re: P&M meetings scheduled for October |
| Richard Shinder | 09/25/01 | 1.0 | Call with S. Zelac and D. Blechman re: Project Chi |
| Richard Shinder | 09/26/01 | 0.5 | Call with G. Boyer re: Project Chi |
| Richard Shinder | 09/26/01 | 1.0 | Call with S. Cunningham re: information request |
| Richard Shinder | 09/26/01 | 0.5 | Call with F. Gilbert re: preparation for 10/10 meeting with P&M |
| Richard Shinder | 09/26/01 | 0.5 | Call with S. Zelac re: Project Chi preparation for call with financial advisors |
| Richard Shinder | 09/26/01 | 1.0 | Worked on fee application |
| Richard Shinder | 09/27/01 | 0.5 | Call with F. Gilbert re: 10/10 meeting with P&M and 11/1 meeting with equity committee |
| Richard Shinder | 09/27/01 | 1.0 | Worked on Project Chi preparation for 10/3 financial advisors' conference call |
| Richard Shinder | 09/27/01 | 0.5 | Call with F. Gilbert re: customer agreement concerns |
| Richard Shinder | 09/27/01 | 0.5 | Worked on confidentiality agreements and equity committee information request |
| Richard Shinder | 09/27/01 | 0.5 | Worked on Grace fee application |
| Richard Shinder | 09/28/01 | 0.5 | Call with S. Cunningham re: Project Chi information request |
| | | **35.0** | |

Page 3 of 5

**THE BLACKSTONE GROUP L.P.**
**SUMMARY OF HOURS**
**AUGUST 1, 2001 - AUGUST 31, 2001**

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| David Blechman | 09/02/01 | 1.0 | Call with S. Farnsworth re: prepared for Board meeting; and prepared package re: same |
| David Blechman | 09/02/01 | 3.0 | Revise analysis of compensation program costs |
| David Blechman | 09/04/01 | 0.5 | Discussed Grace presentation with R. Shinder |
| David Blechman | 09/04/01 | 2.0 | Worked with R. Shinder, S. Farnsworth and K. Coghlan on Board presentation |
| David Blechman | 09/04/01 | 12.0 | Prepared materials for Board meeting |
| David Blechman | 09/05/01 | 2.0 | Prepared materials for Board meeting |
| David Blechman | 09/05/01 | 1.5 | Preparation for Board meeting with R. Shinder |
| David Blechman | 09/05/01 | 6.0 | Prepared materials for Creditors Committee meeting |
| David Blechman | 09/06/01 | 6.5 | Business Plan presentation meeting with P&M, Conway, Del Genio & Grace senior management |
| David Blechman | 09/10/01 | 1.0 | Call with P. Zilly and R. Shinder re: project Betty |
| David Blechman | 09/17/01 | 1.0 | Meeting with R. Shinder, P. Zilly, M. Alexander re: status of financial model |
| David Blechman | 09/29/01 | 1.0 | Prepared fee application |

**37.5**

**THE BLACKSTONE GROUP L.P.**
**SUMMARY OF HOURS**
**AUGUST 1, 2001 - AUGUST 31, 2001**

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Michael Alexander | 09/02/01 | 1.0 | Call with S. Farnsworth, D. Blechman re: prepared for Board meeting; and prepared package re: same |
| Michael Alexander | 09/04/01 | 0.5 | Discussed Grace presentation with R. Shinder, D. Blechman |
| Michael Alexander | 09/04/01 | 2.0 | Worked with R. Shinder, D. Blechman, S. Farnsworth and K. Coghlan on Board presentation |
| Michael Alexander | 09/04/01 | 9.5 | Prepared materials for Board meeting |
| Michael Alexander | 09/05/01 | 1.0 | Discussed Board meeting materials with D. Blechman |
| Michael Alexander | 09/05/01 | 3.0 | Prepared materials for Board meeting |
| Michael Alexander | 09/05/01 | 1.5 | Preparation for Board meeting with R. Shinder, D. Blechman |
| Michael Alexander | 09/05/01 | 4.0 | Worked with D. Blechman on preparation of materials for Creditors Committee meeting |
| Michael Alexander | 09/10/01 | 1.0 | Call with P. Zilly, R. Shinder, D. Blechman re: project Betty |
| Michael Alexander | 09/17/01 | 1.0 | Meeting with R. Shinder, D. Blechman, P. Zilly re: financial model |
| Michael Alexander | 09/17/01 | 1.5 | Update bankruptcy journal |
| Michael Alexander | 09/21/01 | 2.0 | Update operating results analysis |
| Michael Alexander | 09/29/01 | 1.5 | Update retention program analysis |
| | | **29.5** | |

**EXHIBIT B**

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**September 30, 2001**
**2551-T**

**Word Processing**

| | | | | |
|---|---|---|---|---|
| Alexander | 8/1-31/01 | 22.17 | | |
| Alexander | 8/1-31/01 | 1,139.83 | | |
| Blechman | 8/1-31/01 | 129.50 | | |
| Blechman | 8/1-31/01 | 298.66 | | |
| Blechman | 8/1-31/01 | 1,029.00 | | |
| | **Subtotal - Word Processing** | | $ | **2,619.16** |

**Airfare**

| | | | |
|---|---|---|---|
| Alexander | 07/12/01 | 251.75 | |
| Shinder | 06/25/01 | 503.50 | |
| Shinder | 07/10/01 | 405.50 | |
| Shinder | 07/11/01 | 191.00 | |
| Shinder | 07/11/01 | 210.00 | |
| Shinder | 07/11/01 | 251.75 | |
| | **Subtotal - Airfare** | | **1,813.50** |

**Car Services**
**Company Car**

| | | | |
|---|---|---|---|
| Document Production | 07/31/01 | 23.46 | |
| Document Production | 07/31/01 | 44.30 | |
| Document Production | 08/01/01 | 65.06 | |
| Document Production | 08/01/01 | 68.78 | |
| Document Production | 08/07/01 | 68.78 | |
| | **Subtotal - Company Car** | | **270.38** |

**Elite**

| | | |
|---|---|---|
| Alexander | 07/17/01 | 24.47 |
| Blechman | 07/10/01 | 40.00 |
| Blechman | 07/25/01 | 26.50 |
| Blechman | 07/26/01 | 21.41 |
| Blechman | 07/27/01 | 25.49 |
| Blechman | 08/01/01 | 21.41 |
| Blechman | 08/08/01 | 21.41 |
| Blechman | 08/15/01 | 25.49 |
| Shinder | 07/31/01 | 24.47 |
| Shinder | 08/06/01 | 32.11 |

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**September 30, 2001**
**2551-T**

| | | | |
|---|---|---|---|
| Shinder | 08/08/01 | 24.47 | |
| Shinder | 08/10/01 | 66.27 | |
| Shinder | 08/16/01 | 27.01 | |
| Shinder | 08/17/01 | 37.21 | |
| Zilly | 07/25/01 | 27.52 | |
| | **Subtotal - Elite** | | **445.24** |

**Skyline**

| | | | |
|---|---|---|---|
| Blechman | 08/14/01 | 32.00 | |
| | **Subtotal - Skyline** | | **32.00** |
| | **Subtotal - Car Services** | | **747.62** |

**Travel/Local**

| | | | |
|---|---|---|---|
| Blechman | 07/27/01 | 24.00 | |
| Blechman | 07/27/01 | 34.00 | |
| Blechman | 07/27/01 | 57.00 | |
| Blechman | 08/15/01 | 12.00 | |
| Blechman | 08/16/01 | 10.00 | |
| Blechman | 08/16/01 | 22.00 | |
| Blechman | 08/16/01 | 31.00 | |
| Blechman | 08/17/01 | 4.00 | |
| | **Subtotal - Travel/Local** | | **194.00** |

**Other Auto**

| | | | |
|---|---|---|---|
| Alexander | 06/27/01 | 238.00 | |
| Alexander | 06/28/01 | 119.00 | |
| Alexander | 07/13/01 | 401.00 | |
| Blechman | 08/16/01 | 10.50 | |
| Blechman | 08/16/01 | 31.00 | |
| Shinder | 07/12/01 | (119.00) | |
| Zilly | 07/25/01 | 401.00 | |
| Zilly | 07/26/01 | 67.00 | |
| | **Subtotal - Other Auto** | | **1,148.50** |

**Meals**

| | | | |
|---|---|---|---|
| Alexander | 05/13/01 | 20.00 | |
| Alexander | 05/18/01 | 20.00 | |
| Alexander | 05/22/01 | 20.00 | |

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**September 30, 2001**
**2551-T**

| | | |
|---|---|---|
| Alexander | 06/05/01 | 20.00 |
| Alexander | 06/06/01 | 20.00 |
| Alexander | 06/08/01 | 20.00 |
| Alexander | 06/12/01 | 11.50 |
| Alexander | 06/14/01 | 20.00 |
| Alexander | 06/15/01 | 20.00 |
| Alexander | 06/16/01 | 20.00 |
| Alexander | 06/19/01 | 10.72 |
| Alexander | 07/01/01 | 15.45 |
| Alexander | 07/05/01 | 20.00 |
| Alexander | 07/06/01 | 20.00 |
| Alexander | 07/17/01 | 13.64 |
| Blechman | 05/16/01 | 20.00 |
| Blechman | 07/27/01 | 4.05 |
| Blechman | 08/16/01 | 2.64 |
| Document Production | 07/17/01 | 10.98 |
| Document Production | 07/17/01 | 20.00 |
| Document Production | 07/19/01 | 14.33 |
| Shinder | 05/17/01 | 20.00 |
| Shinder | 05/21/01 | 20.00 |
| Shinder | 06/06/01 | 20.00 |
| Shinder | 06/12/01 | 20.00 |
| Shinder | 06/18/01 | 20.00 |
| Shinder | 06/21/01 | 20.00 |
| Shinder | 08/01/01 | 15.26 |
| Shinder | 08/06/01 | 20.00 |
| Zilly | 07/10/01 | 8.09 |
| Zilly | 08/13/01 | 8.20 |
| Zilly | 08/17/01 | 7.40 |
| Zilly | 09/04/01 | 86.10 |
| Zilly | 09/04/01 | 418.73 |
| Zilly | 09/05/01 | 574.90 |
| Zilly | 09/06/01 | 692.88 |
| | **Subtotal - Meals** | **2,294.87** |

**Lodging**

| | | |
|---|---|---|
| Alexander | 06/29/01 | 240.12 |
| Shinder | 06/27/01 | 279.04 |
| Zilly | 07/26/01 | 235.64 |
| | **Subtotal - Lodging** | **754.80** |

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**September 30, 2001**
**2551-T**

**Communications**
**Fax**

| | | | |
|---|---|---|---|
| Bolger | July-01 | 20.00 | |
| Bolger | Aug-01 | 295.00 | |
| | **Subtotal - Fax** | | **315.00** |

**Federal Express**

| | | | |
|---|---|---|---|
| Blechman | 09/05/01 | 18.10 | |
| | **Subtotal - Federal Express** | | **18.10** |

**Courier - Other**

| | | | |
|---|---|---|---|
| Blechman | 08/23/01 | 14.71 | |
| De Almeida | 08/24/01 | 12.67 | |
| | **Subtotal - Courier - Other** | | **27.38** |

**Messenger - EDM**

| | | | |
|---|---|---|---|
| Alexander | 08/30/01 | 430.50 | |
| Alexander | 09/05/01 | 18.00 | |
| | **Subtotal - Messenger - EDM** | | **448.50** |

**Messenger - Other**

| | | | |
|---|---|---|---|
| Alexander | 05/17/01 | 60.50 | |
| Alexander | 09/07/01 | 25.76 | |
| | **Subtotal - Messenger - Other** | | **86.26** |
| | **Subtotal - Communications** | | **895.24** |

**Photocopying**

| | | |
|---|---|---|
| Alexander | 5/21-25/01 | 54.40 |
| Alexander | 6/18-22/01 | 137.60 |
| Blechman | 6/25-29/01 | 45.80 |
| Blechman | 6/25-29/01 | 317.60 |
| Blechman | 7/02-06/01 | 267.20 |
| Blechman | 8/20-24/01 | 21.40 |
| Blechman | 8/22-31/01 | 40.00 |
| Diggs | 7/02-06/01 | 214.00 |
| Diggs | 8/22-31/01 | 60.80 |
| Diggs | 9/03-07/01 | 86.60 |
| Zilly | 7/09-13/01 | 99.40 |

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**September 30, 2001**
**2551-T**

Zilly                          8/06-10/01                        33.60
                        **Subtotal – Photocopying**                          **1,378.40**

                        **Total Expenses**                    **$    11,846.09**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W. R. GRACE & CO., et al.,1               )    Case No. 01-1139 (JJF)
                                          )    Jointly Administered
                Debtors.                  )

## CERTIFICATE OF SERVICE

I, David W. Carickhoff, Jr., hereby certify that on the 20th day of November

2001, I caused a copy of the following documents to be served on the individuals on the attached

service list in the manner indicated:

1.      **Notice of Filing of Fourth Monthly Fee Application; and**

2.      **Fourth Application of the Blackstone Group L.P. as Financial Advisor
to the Debtors and Debtors in Possession for Allowance of Compensation for
Actual and Necessary Services Rendered and for Reimbursement of all
Actual and Necessary Expenses Incurred (for the Period September 1, 2001
Through September 30, 2001).**

David W. Carickhoff, Jr. (DE Bar No. 3715)

---

1  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace &
Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a
Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico,
Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston
Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa
Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace
Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II
Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace
Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures
Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,
Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos
Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings
Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association,
Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming,
Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross
Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Grace Fee Application Service List
Case Number: 01-1139 (JJF)
Document Number: 23451
05 – Hand Delivery
07 – Federal Express


(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
David Carickhoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

(Counsel to Debtors and Debtors in
Possession)
Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones P.C.
10100 Santa Monica Boulevard
Los Angeles, CA  90067-4100

(Parcels)
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
P.O. Box 27
Wilmington, DE  19899

**Hand Delivery**
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

**Hand Delivery**
(Local Counsel to Asbestos Claimants)
Matthew G. Zaleski, III, Esquire
Campbell & Levine, LLC
Chase Manhatten Center
1201 Market Street
15th Floor
Wilmington, DE  19899

**Hand Delivery**
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

**Hand Delivery**
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

**Hand Delivery**
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801

**Federal Express**
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

**Federal Express**
(W.R. Grace & Co.)
David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*Federal Express*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

*Federal Express*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*Federal Express*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 S. Biscayne Boulevard, Suite 2500
Miami, FL  33131

*Federal Express*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*Federal Express*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102

*Federal Express*
(Counsel to Official Committee of Equity
Holders)
Thomas Moers Mayer
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022