IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: To Be Determined |
| | ) | Hearing Date: To Be Determined |

**SECOND QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISORS TO THE COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2001 THROUGH SEPTEMBER 30, 2001**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code", Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Interim Compensation Order") and Del.Bankr.LR 2016-2, of FTI Policano & Manzo ("FTI P&M"), Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $247,231.00 for professional services rendered by FTI P&M as financial advisors for the Committee, less $57,591.60 previously paid, and (ii) reimbursement for the actual and necessary expenses incurred by FTI P&M in rendering such services in the amount of $7,992.39, less $3,871.54 previously paid, (the "Second Quarterly Fee Application"), in each case for the interim quarterly period from July 1, 2001 through September 30, 2001 (the "Fee Period"). In support of this Application, FTI P&M respectfully states as follows:

## Background

1. FTI P&M, an operating unit of FTI Consulting, Inc. ("FTI"), provides financial consulting services for restructuring matters and has its principal office at Park 80 West Plaza I, Saddle Brook, New Jersey. FTI P&M professionals have considerable expertise in restructuring consulting, having participated in more than 500 cases, including some of the largest bankruptcy proceedings and out-of-court restructurings in the country, as well as numerous middle-market cases. In particular, FTI P&M has served as advisors in a number of cases in the District of Delaware, including Camelot Music, Inc., Ernst Home Centers, Inc., APS, Inc., Purina Mills, Inc. and US Office Products Co.

2. This is the second quarterly application FTI P&M has filed with the Court for allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

3. Other than as described below, FTI P&M has received no payment and no promises for payment from any other source for services rendered in connection with these cases. There is no agreement or understanding between FTI P&M and any other person (other than members of FTI P&M) for the sharing of compensation to be received for the services rendered in these cases.

4. As stated in the Affidavit of Edwin N. Ordway, Jr., annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### Monthly Interim Fee Applications Covered Herein

5. Pursuant to the procedures set forth in the Administrative Fee Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Administrative Fee Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

6. Furthermore, and also pursuant to the Administrative Fee Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the

professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

7. This is the second Quarterly Fee Application for compensation for services rendered that FTI P&M has filed with the Bankruptcy Court in connection with the representation of the Committee in these chapter 11 cases.

8. FTI P&M has filed the following Monthly Fee Applications for interim compensation during the Fee Period:

   a. Fourth application of FTI Policano & Manzo, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses increased for the period from July 1 2001, through July 31, 2001, filed August 28, 2001, (the "Fourth Fee Application") attached hereto as <u>Exhibit B</u>.

   b. Fifth application of FTI Policano & Manzo, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses increased for the period from August 1, 2001, through August 31, 2001, filed September 28, 2001, (the "Fifth Fee Application") attached hereto as <u>Exhibit C</u>.

   c. Sixth application of FTI Policano & Manzo, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses increased for the period from September 1, 2001, through September 30, 2001, filed October 30, 2001, (the "Sixth Fee Application") attached hereto as <u>Exhibit D.</u>

9. FTI P&M has not filed any other Quarterly Fee Applications or Monthly Fee Applications for the Fee Period. FTI P&M has received payment from the Debtors in the amount of $61,463.14, representing $57,591.60 (80% of the fees requested) and $3,871.54

(100% of expenses requested) as compensation for the Fourth Fee Application. FTI P&M has not received any other payment from the Debtors in connection with the Monthly Fee Applications pertaining to the Fee Period.

10. Since being retained by the Committee, FTI P&M has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. FTI P&M respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases. The detail for the Fee Period of the day-to-day services and the time expended in performing such services are fully set forth in each of the July to September Monthly Fee Applications attached hereto as Exhibits B through D.

## Relief Requested

11. By this Second Quarterly Fee Application, FTI P&M requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by FTI P&M for the Fee Period, and as detailed in the July to September Monthly Applications, less the amounts previously paid to FTI P&M pursuant to the procedures set forth in the Administrative Fee Order.[2] As stated above, the full scope of services provided and the related expenses incurred are fully described in the July to September Monthly Applications, which are attached hereto as Exhibits B through D.

---

[2] FTI P&M reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the July through September 2001 period that are not otherwise included in the relevant July to September Monthly Applications.

## Disinterestedness

12. As disclosed in the affidavit of Edwin N. Ordway, Jr., (the "Affidavit") FTI P&M does not hold or represent any interest adverse to the estates, and had been, at all relevant times, a disinterested person as that term is defined in section 101(4) of the Bankruptcy Code as modified by section 1107 of the Bankruptcy Code.

13. FTI P&M may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the chapter 11 cases. FTI P&M disclosed in its Retention Application its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. FTI P&M will provide supplemental Affidavits when necessary and when FTI P&M becomes aware of material new information.

WHEREFORE, FTI P&M respectfully requests that the Court enter an order, substantially in the form attached hereto

(a) granting FTI P&M an allowance of (i) $247,231.00 as compensation for reasonable and necessary professional services rendered to the Committee, less $57,591.60 previously paid, and (ii) of $7,992.39 for reimbursement of actual and necessary costs and expenses incurred, less $3,871.54 previously paid, for a total of $193,760.25 owing and unpaid, for the Fee period from July 1, 2001 through September 30, 2001;

(b) authorizing and directing the Debtors to pay to FTI P&M the outstanding amount of such sums; and

(c)   granting such other and further relief as this Court may deem just and proper.

Date: 10/26/01

FTI Policano & Manzo

By /s/ Edwin N. Ordway, Jr.
Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ  07663
(201) 843-4900