IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES OF FTI POLICANO & MANZO
AS FINANCIAL ADVISORS TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF W. R. GRACE & CO., ET AL., FOR THE INTERIM
PERIOD FROM JULY 1, 2001 THROUGH SEPTEMBER 30, 2001**

Upon the application  (the "Second Quarterly Fee Application")[2] of FTI Policano

& Manzo("FTI P&M") seeking the entry of an order allowing FTI P&M (i) compensation in the

amount of $247,231.00 for professional services rendered by FTI P&M as financial advisors to

the Committee, less $57,591.60 previously paid, and (ii) reimbursement for the actual and

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Second Quarterly Fee Application.

necessary expenses incurred by FTI P&M in rendering such services in the amount of $7,992.39,

less $3,871.54 previously paid, in each case for the Fee Period from July 1, 2001, through

September 30, 2001; and it appearing that the Court has jurisdiction to consider the Second

Quarterly Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2); and it appearing that venue of this proceeding and this Second Quarterly Fee

Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Second Quarterly Fee Application having been given; and it appearing that the

relief requested in the Second Quarterly Fee Application is in the best interests of the Debtors

and their estates and creditors; and after due deliberation and sufficient cause appearing

therefore, it is hereby:

ORDERED that the Second Quarterly Fee Application is granted in its entirety on an

interim basis; and it is further

ORDERED that, for the Fee Period July 1, 2001, through September 30, 2001, an

administrative allowance shall be made to FTI P&M in the sum of $247,231.00, less $57,591.60

previously paid, as compensation for reasonable and necessary professional services rendered to

the Debtors; and it is further

ORDERED that, for the Fee Period July 1, 2001, through September 30, 2001, an

administrative allowance shall be made to FTI P&M in the sum of $7,992.39, less $3,871.54

previously paid, for reimbursement of actual and necessary costs and expenses incurred; and it is

further

ORDERED that the Debtors be authorized and directed to pay to FTI P&M the

outstanding amount of such sums as described above less any amounts previously paid to FTI

-2-

P&M pursuant to the July to September Monthly Fee Applications and the procedures set forth in the Administrative Fee Order; and it is further

ORDERED that FTI P&M has the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the July through September 2001 period that are not otherwise included in the relevant July to September Monthly Applications; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P.  6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
            _____ __, 2001

                             _____
                             Joseph J. Farnan, Jr.
                             United States District Court Judge