IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### SEVENTH MONTHLY APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim

Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the

"Administrative Order"), Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J") hereby files

this Seventh Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the

Debtors for the Period from October 1, 2001 through October 31, 2001 (the "Application"). By

this Application PSZY&J seeks a monthly interim allowance of compensation in the amount of

$13,420.75 and reimbursement of actual and necessary expenses in the amount of $8,922.92 for

a total of $22,343.67 for the period October 1, 2001 through October 31, 2001 (the "Interim

Period"). In support of this Application, PSZY&J respectfully represents as follows:

### Background

1.      On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are

continuing to operate their businesses and manage their properties and assets as debtors in

possession. Since the Petition Date, the U.S. Trustee has appointed the following committees:

Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury

Claimants, Official Committee of Asbestos Property Damage Claimants, and the Official

Committee of Equity Security Holders (collectively, the "Committees"). No trustee has been

appointed in Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11

cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated May 3, 2001, Debtors were authorized to
retain PSZY&J as their counsel, effective as of April 2, 2001, with regard to the filing and
prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The
Retention Order authorizes Debtors to compensate PSZY&J at PSZY&J's hourly rates charged
for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses
that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the
Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      On May 3, 2001, the Court entered its Administrative Order establishing
procedures for interim compensation and reimbursement of expenses of professionals. Pursuant
to the procedures set forth in that Administrative Order, professionals may request monthly
compensation and reimbursement, and interested parties may object to such requests. If no
interested party objects to a professional's request within twenty (20) days, the applicable
professional may submit to the Court a certification of no objection authorizing the interim
compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the
expenses requested, subject to the filing and approval of interim and final fee applications of the
professional.

## Compensation Paid and Its Source

6.      All Services for which PSZY&J requests compensation were performed
for or on behalf of Debtors.

7.      Except for the amounts paid to PSZY&J pursuant to previously approved
monthly interim applications for compensation and reimbursement, if any, or a retainer, PSZY&J

has received no payment and no promises for payment from any source for services rendered or

to be rendered in any capacity whatsoever in connection with the matters covered by this

Application.  There is no agreement or understanding between PSZY&J and any other person

other than the shareholders of PSZY&J for the sharing of compensation to be received for

services rendered in these cases.

## Fee Statements

8.    The fee statement for the Interim Period is attached hereto as Exhibit A.

This statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.[2]  To the best of PSZY&J's knowledge, this

Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules,

the Administrative Order, and the Local Rules of Bankruptcy Practice and Procedure for the

United States Bankruptcy Court for the District of Delaware (the "Delaware Local Rules").

PSZY&J's time reports are initially handwritten or typewritten by the attorney or paralegal

performing the described services.  The time reports are organized on a daily basis.  PSZY&J is

particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a

variety of different matters for a particular client, separate time entries are set forth in the time

reports.  PSZY&J's charges for its professional services are based upon the time, nature, extent

and value of such services and the cost of comparable services other than in a case under the

Bankruptcy Code.  PSZY&J has reduced its charges related to any non-working "travel time" to

---

[2]However, some professional time that was spent during the Interim Period will be reflected in a subsequent application, and some professional time that was spent during a period prior to the Interim Period will be reflected in this Application.

50% of PSZY&J's standard hourly rate.  To the extent it is feasible, PSZY&J attempts to work during travel.

## Actual and Necessary Expenses

9.      A summary of actual and necessary expenses incurred by PSZY&J for the Interim Period is attached hereto as part of Exhibit A.  PSZY&J customarily charges $0.15 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZY&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZY&J summarizes each client's photocopying charges on a daily basis.

10.      PSZY&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile reflects PSZY&J's calculation of the actual costs incurred by PSZY&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZY&J does not charge fax receipts to Debtors in these cases.

11.      Regarding Providers of on-line legal research (e.g., LEXIS and WESTLAW), PSZY&J charges the standard usage rates these providers charge for computerized legal research.  PSZY&J bills its clients the actual cash charged by such services, with no premium.  Any volume discount received by PSZY&J is passed on to the client.

12.      PSZY&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZY&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

13.     The shareholders and associates of PSZY&J who have rendered

professional services in these cases for which PSZY&J seeks compensation are as follows:

Laura Davis Jones, Ira D. Kharasch, Hamid R. Rafatjoo, David W. Carickhoff and Peter J.

Duhig.  The paraprofessionals of PSZY&J who provided services to these attorneys in these

cases are paralegals Laurie A. Gilbert, Karina K. Yee, Timothy M. O'Brien and Cheryl A.

Knotts.  The case management assistants are Rita M. Olivere, Violet E. Mobley and April M.

Tabor.  PSZY&J, by and through the above-named persons, has prepared and assisted in the

preparation of various pending orders submitted to the Court for consideration, advised Debtors

on a regular basis with respect to various matters in connection with these cases, and performed

all necessary professional services which are described and narrated in detail below.

## Summary of Services by Project

The services rendered by PSZY&J during the Interim Period can be grouped into

the categories set forth below.  PSZY&J attempted to place the services provided in the category

that best relates to such services.  However, because certain services may relate to one or more

categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A

91100-001\DOCS_DE:34620.1

identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Bankruptcy Litigation

This category relates to services provided in connection with litigation issues relating to Debtors' bankruptcy cases. In that regard, during the Interim Period, PSZY&J, among other things, (1) reviewed and analyzed certain procedural issues relating to pending adversary proceedings; and (2) finalized and filed Debtors' opposition to a motion for summary judgment filed by Exxon Mobil.

Fees:  $747.50;        Total hours:  3.50

### B.    Case Administration

Time billed to this category relates to administrative matters. In that regard, during the Interim Period, PSZY&J, among other things: (1) communicated with various parties interested in these cases and addressed issues regarding same; (2) maintained a current document system; and (3) assisted in coordinating the efforts of Debtors' various professionals to avoid duplication of efforts.

Fees:  $2,222.00;        Total hours:  16.30

### C.    Claims Administration/Objections

This category relates to services provided in connection with claims administration and claims objections issues. During the Interim Period, PSZY&J, among other

things:  (1) addressed issues regarding Debtors' case management motion; and (2) reviewed and addressed issues regarding Debtors' motion determining validity of reclamation claims.

Fees:  $735.00;        Total hours:  3.00

**D.**      **Compensation of Professionals**

This category relates to services provided in connection with issues related to compensation of professionals.  During the Interim Period, PSZY&J, among other things: (1) finalized PSZY&J's fourth fee application and addressed issues regarding the filing of same; (2) drafted, revised, and finalized PSZY&J's fifth fee application and addressed issues regarding the filing of same; (3) reviewed, analyzed and addressed issues regarding the filing and service of the fee applications of Debtors' other professionals; and (4) drafted PSZY&J's first quarterly fee application.

Fees:  $4,169.75;        Total hours:  18.75

**E.**      **Employee Benefits**

This category relates to services provided in connection with issues relating to employee benefits.  In that regard, during the Interim Period, PSZY&J addressed issues relating to a motion to indemnify former employees.

Fees:  $220.50;        Total hours:  .90

**F.**      **Executory Contracts**

This category relates to services provided in connection with issues related to

Debtors' executory contracts.  During the Interim Period, PSZY&J participated in a telephone conference regarding Debtors' motion to extend time within which to assume or reject leases.

Fees:  $49.00;        Total hours:  .20

### G.    Financial Filings

This category relates to services provided in connection with Debtors' schedules of assets and liabilities and statement of financial affairs and monthly operating reports.  During the Interim Period, PSZY&J, among other things, reviewed and analyzed Debtors' monthly operating reports and addressed issues relating to the filing of the same.

Fees:  $465.50;        Total hours:  1.90

### H.    Litigation (non-bankruptcy)

This category relates to services provided in connection with certain non-bankruptcy related litigation.  During the Interim Period, PSZY&J, among other things: (1) addressed issues regarding the compromise controversy with the state of Washington; (2) reviewed, analyzed and addressed issues relating to tobacco litigation pending in Mississippi; and (3) reviewed and revised a motion to approve a consent decree between Debtors and the Environmental Protection Agency and addressed issues regarding filing of same.

Fees:  $1,984.50;        Total hours:  8.10

### I.    Retention of Professionals

This category relates to services provided in connection with obtaining approval of various professionals' employment.  During the Interim Period, PSZY&J, among other things:

(1) addressed issues regarding the retention of Rust Consulting as claims agent; (2) reviewed, analyzed and addressed issues regarding Debtors' opposition to motion to retain special counsel to prosecute fraudulent transfer claims; and (3) addressed issues regarding the retention of ordinary course professionals.

Fees: $1,616.50;      Total hours: 7.50

## J.    Stay Litigation

Time listed in this category relates to services provided to Debtors in connection with automatic stay issues.  During the Interim Period, PSZY&J negotiated and drafted a stipulation for relief from stay with Honeywell International Inc.

Fees: $1,210.50;      Total Hours:  4.90

### Valuation of Services

Attorneys and paraprofessionals of PSZY&J expended a total of 65.05 hours in connection with these cases during the Interim Period, as follows:

| Name of Professional Individual | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Laura Davis Jones | $455.00 | 1.30 | $   500.50 |
| Ira D. Kharasch | $445.00 | .30 | $   133.50 |
| Hamid R. Rafatjoo | $295.00 | 6.40 | $1,888.00 |
| David W. Carickhoff | $245.00 | 36.80 | $9,016.00 |
| Peter J. Duhig | $195.00 | 2.20 | $   429.00 |
| Laurie A. Gilbert | $125.00 | 1.80 | $   225.00 |
| Karina K. Yee | $115.00 | 1.90 | $   218.50 |
| Timothy M. O'Brien | $105.00 | 4.25 | $   446.25 |
| Cheryl A. Knotts | $105.00 | .80 | $     84.00 |
| Rita M. Olivere | $ 55.00 | 3.00 | $   165.00 |
| Violet e. Mobley | $ 50.00 | 3.30 | $   165.00 |
| April M. Tabor | $ 50.00 | 3.00 | $   150.00 |

The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZY&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZY&J to Debtors during the Interim Period is $13,420.75.

In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZY&J is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, PSZY&J has reviewed the requirements of the Delaware Local Rules and believes that this Application complies with such Rules.

WHEREFORE, PSZY&J respectfully requests that the Court approve, for the period October 1, 2001, through October 31, 2001, an allowance be made to PSZY&J in the sum of $13,420.75 as compensation for necessary professional services rendered, and the sum of $8,922.92 for reimbursement of actual necessary costs and expenses, for a total of $22,343.67,

that such sums be authorized for payment pursuant to the Administrative Order; and provide

PSZY&J such other and further relief as this Court may deem just and proper.

Dated: November 27, 2001

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

91100-001\DOCS_DE:34620.1

-12-