1          IN THE UNITED STATES BANKRUPTCY COURT

2            IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

4    IN RE:                      :  Chapter 11
                                 :
5    W.R. GRACE & CO., et al.    :  No. 01-1139 (JJF)
                                 :
6                    Debtors.    :  Jointly Administered

7                          - - -

8                     Wilmington, Delaware
            Monday, November 5, 2001 at 2:00 o'clock, p.m.
9
                           - - -
10
     BEFORE:    HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.
11
                           - - -
12   APPEARANCES:

13
               PACHULSKI STANG ZIEHL YOUNG & JONES
14             BY:  DAVID W. CARICKHOFF, JR., ESQ.

15                 and

16             KIRKLAND & ELLIS
               BY:  DAVID BERNICK, ESQ., and
17                  JAMES W. KAPP, III, ESQ.

18                 Counsel for Debtors

19
               STROOCK & STROOCK & LEVAN, LLP
20             BY:  ROBERT RASKIN, ESQ., and
                    KENNETH PASQUALE, ESQ.
21
                   Counsel for Official Committee
22                 of Unsecured Creditors

23

24
                            Brian P. Gaffigan
25                          Official Court Reporter


                        ORIGINAL

1   APPEARANCES (Continued):

2

3              UNITED STATES TRUSTEE'S OFFICE
               BY:  JOSEPH J. McMAHON, JR., ESQ.

4                      Counsel for Acting United
                       States Trustee, Donald Walton
5

6              FERRY & JOSEPH, P.A.
               BY:  THEODORE J. TACCONELLI, ESQ.
7
                   and
8
               BILZIN SUMBERG
9              BY:  SCOTT BAENA, ESQ.

10                     Counsel for Official Committee of
                       Asbestos Property Damage Claimants
11

12             SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
               BY:  MARK FINK, ESQ.
13
                   and
14
               SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
15             BY:  BERT WOLFF, ESQ., and
                    HENRY WASSERSTEIN, ESQ.
16                  (New York, New York)

17                     Counsel for Sealed Air Corporation

18
               McDERMOTT WILL & EMERY
19             BY:  DAVID ROSENBLOOM, ESQ.

20                     Counsel for National Medical Care, Inc.

21
               ELZUFON AUSTIN REARDON TAYLOV & MONDELL, P.A.
22             BY:  WILLIAM F. TAYLOR, JR., ESQ.

23                     Counsel for L.A. School District

24

25

APPEARANCES (Continued):

       WALSH MONZACK & MONACO
       BY:  KEVIN J. MANGAN, ESQ.

          and

       LOWENSTEIN & SANTLER
       BY:  JOHN SHERWOOD, ESQ.

              Counsel for Honeywell Industries


       MORRIS JAMES HITCHENS & WILLIAMS
       BY:  BRETT D. FALLON, ESQ.

          and

       HALE & DORR
       BY:  GEORGE SHUSTER, ESQ.

              Counsel for MGI


       KLETT ROONEY LIEBER & SCHORLING
       BY:  TERESA K.D. CURRIER, ESQ.

          and

       KRAMER LEVIN NAFTALIS & FRANKEL, LLP
       BY:  GARY BECKER, ESQ.

              Counsel for the Equity Committee


       STEVENS & LEE
       BY:  JOEL GREY, ESQ.

          and

       KIRKPATRICK & LOCKHART, LLP
       BY:  ROBERT N. MICHAELSON, ESQ.
          (New York, New York)

              Counsel for American
              Real Estate Holdings

APPEARANCES: (Continued)

        CAMPBELL & LEVINE
        BY:  MATTHEW ZALESKI, ESQ.

          and

        CAPLIN & DRYSDALE
        BY:  PETER VAN N. LOCKWOOD, ESQ.

               Counsel for the Asbestos
               Personal Injury Committee


        ALICE SMOLKER, PRO SE
        (Los Angeles, California)

               Appearing telephonically
               on her own behalf


               - oOo -

            P R O C E E D I N G S

    (Proceedings commenced at 2:00 o'clock, p.m.)

    THE COURT:  Be seated, please.  Good afternoon.

    THE ATTORNEYS:  Good afternoon.

    THE COURT:  All right.  We're ready to proceed.

    MR. BERNICK:  Yes.  David Bernick for the
debtors, your Honor.  If you have the agenda?

    THE COURT:  I do.

    MR. BERNICK:  Items 1 through 4 have been
continued.  With regard to the uncontested matters, there
have not been any objections, and we would ask that the
Court sign the orders that are associated with those

1    different items.   I can tender them up to the Court, if

2    that is satisfactory.

3            THE COURT:   That will be fine.   Pass them to

4    the clerk, and we'll get them signed for you.

5            (Documents passed forward.)

6            MR. BERNICK:   That brings us to item 7 and

7    item 8, kind of takes us back to the beginning of the days.

8    Your Honor will recall we came in to describe the history

9    of how the debtor came to file for Chapter 11, the surgeon

10   claims that had taken place and we then identified the

11   central issues we felt had to be resolved in order for this

12   case to progress.   I believe your Honor recognized it in

13   connection with an early hearing that litigation was going

14   to be integral to this case and that the sooner there can be

15   a proposal before the Court on exactly how that litigation

16   would proceed, we could then end up with kind of a blueprint

17   for how to go forward.

18            There was the comment your Honor made at the end

19   of the hearing in May.   We took that suggestion by the Court

20   to heart and we put together very promptly a proposal for

21   each of the different tracks of litigation that we think

22   are central to this case, and we conveyed those proposals

23   to the other side and we've also had meetings along those

24   lines.   I think we actually noticed up the first hearing on

25   that for July.

1    There was then a request by the property damage
2    committee as well as the bodily injury committee to have the
3    matter put over to the early part of August, which was done,
4    but then the property damage committee asked for still more
5    time.  Your Honor, I don't know if your Honor will recall our
6    opposition to that and our desire to move forward with this
7    case and get the litigation process underway.  Your Honor
8    ultimately accommodated the request of the property damage
9    committee and the result was that this really critical
10   feature of the case was put over to a hearing that was to be
11   scheduled in October.

12       Obviously, that hearing didn't take place so
13   we're now kind of, to be blunt about it, your Honor, we're
14   kind of dead-in-the-water on moving forward on the litigation
15   side of the case so this Item No. 8 is of critical importance
16   to the debtor.  We think that the briefs that have been
17   submitted in opposition to it lay out a series of issues.
18   We're prepared to and will be addressing those issues in
19   what we think will be a very comprehensive reply brief.  And
20   I think that with those papers, your Honor, will have a very
21   comprehensive view of what the debtor believes is the proper
22   procedure envisioned for how to proceed with this case, and
23   we can take up that matter and then really end up moving
24   forward in a productive way in this case.

25       So we would ask that No. 8 be scheduled for a

1  hearing as soon as possible so that we can get on with the
2  business of litigating those issues and maybe at the end of
3  the day also reaching a plan of reorganization, but we would
4  ask for a very prompt hearing on that matter.  I think your
5  Honor asked last time how much time would be required for
6  that.  I think what we proposed was two hours.  I know that
7  we would be calling one witness on the notice issues, perhaps
8  the objectors would be calling their own witnesses, but I
9  think we can dispose of it in two hours, recognizing the
10 briefing has been very extensive.
11          THE COURT:  All right.  Does anyone else wish to
12 be heard on this schedule of Item No. 8?
13          MR. BAENA:  May it please the Court, Scott
14 Baena on behalf of the official asbestos property damage
15 committee.  Your Honor, good afternoon.
16          THE COURT:  Good afternoon.
17          MR. BAENA:  Judge, the comments by counsel
18 accurately summarize the history of this.  I do want to
19 underscore though that we have indeed now briefed the issues
20 that were framed by their original motions, and I would also
21 add that while counsel characterizes this as the litigation
22 side of the case, the case management proposals by the debtor
23 implicate fundamental bankruptcy issues as well, including
24 the establishment of the bar date and notification program
25 and issues concerning the estimation of claims.

1          At this point in time, your Honor, we are indeed
2    ready to proceed.  I'm not sure though that I share counsel's
3    optimism about being able to complete that exercise in a two
4    hour period of time.  Frankly, I think it will be more like a
5    half day, if not more.

6          THE COURT:  All right.  Does anyone else wish to
7    be heard?

8          MR. LOCKWOOD:  One very minor point, your Honor,
9    Mr. Bernick, in his presentation, mentioned that the debtors
10   had some intention of filing a reply brief.  The opposition
11   to this brief were filed on September the 10th.  It's now
12   November the 5th.  The debtors have had two months to file
13   a reply brief.  If they're going to take such a leisurely
14   approach to this, my only concern is I would like to have
15   there be a sufficient lag between the time that we have the
16   hearing and the time we get their reply brief so we could at
17   least be prepared to orally respond to it at the hearing.  So
18   if your Honor, as part of the scheduling, could set a date
19   for the filing of that reply brief that would create that
20   window for us, I think that would be appropriate and fair.
21   Thank you.

22         THE COURT:  All right.  We have available the
23   afternoon of November 21st, commencing at 12:00 noon, and we
24   also have available December the -- I wrote down the wrong
25   date, actually.  November 21st or December the 19th.  You

1   can confer with each other and pick whatever date you want,

2   whichever of the two days you would rather have.

3             MR. BERNICK:  We'd very, very much like to have

4   the November 21st date just because that would be another,

5   basically a month slippage if we went to December.  And in

6   fairness to Mr. Lockwood's point, we would be filing the

7   reply brief probably before the end of this week in any

8   event so there would be more than adequate time for him to

9   prepare his response to that.  So we would ask the Court to

10  set November 21.

11            THE COURT:  All right.  Do you agree on November

12  21st?

13            MR. BAENA:  We would be prepared, your Honor.  If

14  I may inquire?

15            THE COURT:  And you will have your half day then.

16            MR. BAENA:  Yes, sir.

17            THE COURT:  You could have your half day that

18  day.

19            MR. BAENA:  Yes, sir.  If I could just inquire

20  of the Court, there is, the case management proposal as

21  it was framed by the debtor included a separate track for

22  transfer claims which you heard about several times in the

23  course of this case.  The property damage and bodily injuries

24  committees have jointly made two motions in respect of the

25  fraudulent transfer claims and my question is whether that

1  would also be heard on the 21st.

2          THE COURT:  No.  The fraudulent transfer claims,

3  I'm taking a different view of those, and I'd like to get

4  in place the initial bar date and some of these other

5  matters, but we would hear it before the end of the year.

6          MR. BAENA:  As to who will prosecute them?

7          THE COURT:  That's correct.

8          MR. BAENA:  That's the motion that is pending?

9          THE COURT:  Yes.

10          MR. BAENA:  So we'll come back?

11          THE COURT:  And we're on the agenda for that.

12  Today, I was going to discuss it.

13          MR. BAENA:  I didn't mean to preempt you.

14          THE COURT:  No, I understand your question, but

15  we wouldn't be able to get it done on the 21st.  I think

16  there is some sequencing, at least in my mind, but we will

17  definitely get them done before the end of the year.

18          MR. BAENA:  Maybe we can use the December 19th

19  date for that.

20          THE COURT:  If you want to.

21          MR. BAENA:  Okay.  November 21st at noon.

22          MR. BERNICK:  Terrific.

23          THE COURT:  For Item 8.

24          MR. BERNICK:  Item No. 9 is the items that

25  counsel just referred to.  It's the joint motion for

1  authority to prosecute.  I think that the Item No. 10 is

2  again part and parcel of the same issue as the motion to

3  employ counsel, in connection with the same matter.

4          THE COURT:  All right.  We can put that on

5  for the 19th as counsel suggests.  And I'll set some time

6  allocations.  But if you can agree on the 19th of December,

7  we can.

8          MR. BERNICK:  No problem.

9          THE COURT:  December 19th for Items 9 and 10.

10          MR. BAENA:  Your Honor, can we have a time on

11  that one?

12          THE COURT:  We're going to start that at -- well,

13  we can do it at 9:00 or 11:00 o'clock in the morning to start

14  it.

15          (UNIDENTIFIED SPEAKER):  11:00.

16          THE COURT:  11:00.  Did somebody say 11:00?

17          (UNIDENTIFIED SPEAKER):  11:00 would be

18  appreciated, your Honor.

19          THE COURT:  11:00 o'clock.

20          MR. BAENA:  Is that an hour, judge?

21          THE COURT:  No, I'm going to set a time

22  allocation for that.  It's not an omnibus hearing.  The

23  omnibus is limited to one hour but I'll give you a time

24  allocation for the 19th, as I will for the 21st, in the order

25  I'll release setting those dates, but I'm mindful that it may

1  be a little more than the debtors two hours and a little less

2  than your half day.

3          MR. BAENA:  Thank you.

4          MR. BERNICK: I believe that brings us to Item 11.

5  Item 11 was filed roughly I think as the original request

6  for authorization to proceed with the fraudulent conveyance

7  claim.   The matters have been briefed and we're prepared to

8  take that up at an appropriate point in time.  From our point

9  in view, there is no particular urgency to it.  It basically

10  deals with the preservation of evidence.  That is something

11  we've already assured counsel is already in place as to

12  whether there is a depository created or not.  Our own view

13  is that it ought to be tied to whatever the litigation

14  procedures are that the Court ends up approving so it is

15  not a priority item from the debtors' point of view.  We are

16  nonetheless prepared to proceed with that argument at the

17  Court's convenience.

18          THE COURT:  Does anybody wish to be heard?

19          All right.  We'll get you a date on that which I

20  will issue in an order after this hearing.

21          MR. BERNICK:  Fine.  The last item, actually

22  No. 12 under this category, is the motion for relief from

23  automatic stay.  Again, to refresh the Court's recollection,

24  this is really part of a broader area that has been the

25  subject of motion practice.  We originally filed a motion

1  for preliminary injunction.  The preliminary injunction was

2  issued.  There was a request to modify the preliminary

3  injunction.  That was argued before the Court on the 21st of

4  June, and because of issues that came up with that, we filed

5  some supplementary materials on the 27th of June.  But that

6  broader motion for modification of the preliminary injunction

7  has been fully briefed, argued and has been submitted to the

8  Court.  I don't believe, I know your Honor has not yet had an

9  opportunity to turn to that and rule.

10            This particular item is one part of that broader

11  area.  And again, we're prepared to take it up at the Court's

12  convenience, although frankly we believe that the matters and

13  issues relating to the Smolkers already have been thoroughly

14  briefed and heard already.  And I think one of the Smolkers

15  may be on the telephone to address that with the Court.  It

16  is a matter of some urgency to get a decision on the motion

17  to modify with respect to the Smolkers in particular.  That

18  also is something that we'd like to have resolved at soon as

19  we possibly can.

20            THE COURT:  Does anyone wish to be heard?

21            MS. SMOLKER:  Yes, your Honor.  This is Alice

22  Smolker in Los Angeles.  Can you hear me?

23            THE COURT:  Yes.

24            MS. SMOLKER:  Hello?

25            THE COURT:  Yes.

1      MS. SMOLKER:  Hello?  Your Honor, can you hear

2  me?

3      All right.  I think the phone is going in and out

4  so please let me know if you need me to repeat something.

5      My understanding is that the motion to modify the

6  preliminary injunction should not apply to the remainder of

7  the TIG vs. Smolker action that is now ready for trial in Los

8  Angeles because the Bankruptcy Court has already ruled that

9  the Bankruptcy Court has no jurisdiction over the action that

10  applies to parties other than Grace.  So I believe what is

11  before the Court today is this motion for relief from stay as

12  it applies to the Grace entities.  I understand the agenda

13  referred to scheduling this matter, but my understanding was

14  that the hearing was to be today rather than a scheduling

15  hearing.  Am I correct in that?  May I go forward and argue

16  the motion?

17      THE COURT:  Well, you don't need to argue the

18  motion because I have it under submission, unless you wanted

19  to present evidence.  Then we have to schedule a hearing.

20  That is the issue today.

21      MS. SMOLKER:  Whether you need to schedule a

22  hearing for evidence?

23      THE COURT:  That's correct.

24      MS. SMOLKER:  I think our moving papers set forth

25  everything that we need to do.  It includes a declaration

1   which would be our evidence.

2           THE COURT:  All right.  So then there is no need

3   for this contested matter to have any further hearing and

4   we'll issue a decision.

5           MS. SMOLKER:  All right.  Thank you, your Honor.

6           THE COURT:  All right.  Thank you.

7           Do you want to move to the next item?

8           MR. BERNICK:  I think the next two items are

9   contested matters, Nos. 13 and 14.  I think Mr. Carickhoff

10  will be arguing those to the Court.

11          THE COURT:  All right.  Thank you.  Give me one

12  second, please.

13          All right.  I'm sorry.  Go ahead.

14          MR. CARICKHOFF:  Good afternoon, your Honor.

15  David Carickhoff of Pachulski Stang Ziehl Young & Jones on

16  behalf of the debtors.

17          THE COURT:  Good afternoon.

18          MR. CARICKHOFF:  Items 13 and 14 relate to lift

19  stay motions.  Item No. 13 was filed by the debtors and 14

20  was filed by Honeywell international.  Essentially, the

21  debtors and Honeywell are seeking to lift the automatic stay

22  as it relates to certain environmental remediation litigation

23  in New Jersey District Courts. Honeywell has filed a response

24  to the debtors' motion essentially seeking -- there are

25  two separate actions.  One is called, we refer to in the

1    papers as the "ICO matter" and the other we refer to as the

2    "river-keeper matter."  They have substantially similar

3    claims in both cases and each of the two matters have been

4    consolidated in the New Jersey Court.  So essentially

5    Honeywell has argued that if the debtor seeks to lift the

6    stay in the ICO matter, it should be lifted as to the

7    river-keeper matter.

8              The parties have reached a stipulation that we

9    would like to submit to the Court that essentially lifts the

10   automatic stay to allow the ICO matter to go forward in its

11   entirety and to allow the river-keeper matter to go forward,

12   to the extent that the claims in the river-keeper matter are

13   the same as those claims that are set forth in amended

14   complaint that was filed in that action.  And if I could

15   submit that stipulation to the Court?

16             THE COURT:  Yes, will you pass that up.

17             (Documents passed forward.)

18             MR. CARICKHOFF:  I don't know if your Honor has

19   any other questions.

20             THE COURT:  Not at this time.

21             MR. CARICKHOFF:  Thank you.

22             THE COURT:  Thank you.

23             All right.  Is there anything further?

24             MR. BERNICK:  No, your Honor.

25             THE COURT:  All right.  Before we recess, I

1  wanted to put on the record that in the past 30 to 40 days or

2  so, several judges as well as numerous litigants have called

3  chambers to either request what is going on in the matter or

4  to provide their view of what ought to go on in the matter

5  and to I guess get some understanding of how this case will

6  proceed beyond the issues that were on the agenda for today.

7  I haven't spoken to any of them and won't.

8        I have spoken to Judge Weiner in the Eastern

9  District of Pennsylvania, given his role as the judge assign-

10  ed all the asbestos cases in the federal courts.  I have

11  spoken to him on two occasions to have some understanding

12  of the underlying litigation that brings this debtor not

13  specifically but in a general way into Chapter 11.  I don't

14  think that there is anything about the phone calls that is

15  improper but if it's helpful to know that I won't get on

16  the phone with judges from the state courts or from other

17  jurisdictions, maybe that can go back out there.  I do

18  intend to talk with Judge Weiner at least on one additional

19  occasion, probably sometime toward the end of the year, the

20  beginning of the year of 2002.

21        And the second point I wanted to put on the

22  record is there is some question whether the case would

23  stay in the District Court or since the District Court had

24  returned the automatic stay, put the automatic stay back

25  in place, whether this case would be returned back to the

1    Bankruptcy Court.   It's been decided this case and the

2    Armstrong case will remain in the District Court and, for

3    the time being, with me.

4              Okay.  Is there anything else?

5              MR. BERNICK:  No, your Honor.

6              THE COURT:  Mr. Grey?

7              MR. GREY:  Your Honor, Joseph Grey from Stevens &

8    Lee.  Your Honor, I represent American Real Estate Holdings

9    Partnership.  We filed an adversary complaint in an emergency

10   last week.  I understood from chambers that the Court had

11   agreed to hear it at this time.

12             THE COURT:  I had told them that I would agree

13   to schedule it at this time, but I'm not prepared to hear it,

14   although I've seen the motion to shorten notice and review

15   the papers that were in.  We can get you on in short order

16   but we weren't able to do it today because we have this

17   hearing and Armstrong.  Do you want to discuss when you would

18   be available to do it?  I'm prepared to do it in short order

19   but not at today's hearing.

20             MR. GREY:  What I would like to do is turn the

21   podium over to my co-counsel, Robert Michaelson.  He is

22   with the firm, Kirkpatrick & Lockhart.  This has been done

23   quickly.  I haven't had a chance to file his pro hac papers.

24             THE COURT:  I'll grant the application.

25             Mr. Michaelson.

1    MR. MICHAELSON:  Thank you, your Honor.  We're

2  prepared on short notice to appear for this before this Court

3  and to argue the issues that were raised in our motion.   And

4  I have no particular days that are a problem for me during

5  the month of November except for November 30th.   And if we

6  could do it during the month of November, that would I think

7  be of benefit to everyone in this case.   There is a motion

8  on January 5th which relates to the property which is the

9  subject of the relief we're discussing here, and it would be

10  in everybody's interest to have this matter heard and decided

11  prior to that date.

12    THE COURT:  All right.   Yes.

13    MR. KAPP:  Your Honor, James Kapp on behalf of

14  the debtors.  We would point out counsel does speak correctly

15  the motion is set for January 3rd.  Their expedited motion,

16  basically this underlies their motion.  That motion is only

17  set for scheduling on an omnibus hearing.  Again, the debtor

18  is basically between two warring parties, the landlord and

19  the sublessee.  This gives the parties time to negotiate and

20  take things forward.  I'm not sure an expedited schedule is

21  needed.  I have a feeling that time might be helpful for the

22  parties to talk so I'm not sure this needs to be heard on an

23  expedited basis.

24    MR. MICHAELSON:  Your Honor, the only reason for

25  hearing it on an expedited basis is this goes to the root of

1  what we're here to discuss.  And I realize you have limited

2  time today so I won't take too long.

3          An order was entered on June 22nd, dated June

4  22nd of which my client did not have notice, of which were

5  mentioned in the order a very important paragraph. It affects

6  our substantive rights.  We want to make sure, given the fact

7  our due process rights were violated, that nothing happens

8  with respect to that provision of the order pending your

9  determination as to whether that was properly entered and

10 whether the question should be revisited.

11         MR. KAPP:  Your Honor, under the terms of your

12 prior order, now that we have filed our motion seeking to

13 have the lease assumed and assigned, nothing will happen

14 until that motion is heard.  So counsel's concerns are

15 protected until that motion is heard before this Court.

16         MR. FALLON:  Your Honor, Brett Fallon.  Since

17 we're talking about the landlords interest as well, I thought

18 we would jump in.  I'm going hand the podium over to George

19 Shuster of Hale & Dorr, and we have moved his admission pro

20 hac or are about to.

21         THE COURT:  All right.  Thank you, Mr. Fallon.

22         Mr. Shuster.

23         MR. SHUSTER:  Good morning, judge.

24         THE COURT:  Good morning.

25         MR. SHUSTER:  MGI, who is the sublessee in this

1  matter, shares the position of the debtor that the issue on

2  whether or not the motion to assume and assign will be

3  granted or denied is the same issue as whether or not the

4  June 22nd order should be vacated in whole or in part or

5  other relief is available to American Real Estate Holdings,

6  so we would be satisfied with putting both matters off until

7  January 3rd.

8        THE COURT:  As I understand it, with the debtors'

9  representation there will be no action under the June 22nd

10 order, you're willing to forego an expedited schedule with

11 that assurance until we hear the motion?

12       MR. SHUSTER:  That is correct, your Honor.  The

13 only caveat to that is we believe the relief we're discussing

14 here necessarily needs to be addressed prior to the motion to

15 assume and assign.  Even if it's by a moment, it still needs

16 to be addressed first.

17       THE COURT:  Okay.  Then we'll put this on for

18 January 3rd at 9:30, which is the same time as the principal

19 motion is to be heard.  And I'm not going to guarantee what

20 the order will be, but at a minimum they will be heard

21 simultaneously.  And if there is an order to the decision

22 that is required, we'll implement that.

23       MR. SHUSTER:  Thank you, your Honor.  Your Honor,

24 American Real Estate Holdings also filed an adversary

25 complaint in the matter, and I ask that you provide that the

1  adversary proceeding be stayed until such time as the January

2  3rd proceeding can go forward.

3           THE COURT:  The debtor has no objection so we'll

4  do that.

5           MR. SHUSTER:  Thank you.

6           THE COURT:  If you to submit an order that

7  accomplishes that, I'll be happy to sign that.

8           MR. SHUSTER:  I'll do that.  Thank you, your

9  Honor.

10          THE COURT:  All right.  Is there anything else?

11          This Court stands in recess.

12          (Hearing ends at 2:27 p.m.)

13

14

15

16

17                    I hereby certify that the foregoing is a true
18                    and accurate transcript from my stenographic
19                    notes in the proceeding.

20                    Official Court Reporter
                       U. S. District Court
21

22

23

24

25