IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                                    Chapter 11

W.R. GRACE & Co., et al.,                 Case No. 01-01139(JJF)
                                          (Jointly Administered)


               Debtors

------------------------------x

SEVENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001)

Type of Application: Interim __X__   Final _____

Name of Applicant:                           FTI Policano & Manzo

Authorized to Provide Professional Services to:   The Official Committee of
                                                  Unsecured Creditors

Date of Order Authorizing Employment:        June 21, 2001

Compensation Sought:
        Application Date:    November 29, 2001
        Application Period:  October 1, 2001 through October 31, 2001

|                              | Hours | Amount      |
|------------------------------|-------|-------------|
| Professional Fees (80%)      | 119.8 | $34,114.40  |
| Expense Reimbursement (100%) |       | 3,670.86    |
| Total                        |       | $37,785.26  |

Is this a first application?  Yes ___  No _X_

-1-

SEVENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001)

INDEX

APPLICATION FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES

EXHIBIT A   Affidavit of Edwin N. Ordway, Jr.

EXHIBIT B   Summary of the services performed by FTI Policano & Manzo from October 1, 2001 through October 31, 2001

EXHIBIT C   Summary of fees by professional for the period October 1, 2001 through October 31, 2001

EXHIBIT D   Detailed descriptions of services rendered by professional for the period October 1, 2001 through October 31, 2001

EXHIBIT E   Summary of expenses incurred for the period October 1, 2001 through October 31, 2001

# APPLICATION FOR ALLOWANCE OF
# INTERIM COMPENSATION AND REIMBURSEMENT
# OF EXPENSES

## I. Introduction

This is the Seventh application for allowance of interim compensation and reimbursement of expenses ("Seventh Interim Application") made by FTI Policano & Manzo ("FTI P&M" or "Applicant"), as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. et. al., (the "Company" or "Debtors") for the period October 1, 2001 through October 31, 2001 ("Seventh Interim Period"). In connection with this application, the Applicant submits as follows:

1. FTI P&M is a firm of financial advisors specializing in insolvency restructuring and related matters, and is an operating unit of FTI Consulting, Inc.

2. FTI P&M was retained by the Committee as Financial Advisors to the Committee pursuant to an order approved by the Court dated June 21, 2001 (the "Employment Order").

3. On May 3, 2001, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses for all professionals and committee members ("Interim Compensation Order").

4. The Interim Compensation Order requires each professional to submit monthly statements to various parties as stated in the Interim Compensation Order. These monthly statements include a detailed schedule of the services rendered and the expenses incurred for the related period, and are submitted on or about the 28th day of every month. Following a 20 day period for notice and resolution of objections, the Interim Compensation Order requires the Debtors to promptly pay (i) 80% of undisputed professional fees; and (ii) 100% of the undisputed expenses detailed in the monthly statement.

5. During the Seventh Interim Period, FTI P&M submitted the following monthly statements to the parties in the Interim Compensation Order:

| Period | Fees | Expenses |
|---|---|---|
| 10/1-10/31/01 | $42,643.00 | $3,670.86 |

6. Through the date of this Seventh Interim Application, FTI P&M has not been paid for the professional fees rendered nor for the expenses incurred that were included in the monthly statements for the Seventh Interim Period.

7. FTI P&M submits this Seventh Interim Application, pursuant to Section 330 and 331 of the United States Bankruptcy Code and Bankruptcy Rule 2016, for an interim

allowance for compensation for professional services rendered to the Debtors of $34,114.40, representing 80% of fees incurred, and for the reimbursement of expenses in connection therewith of $3,670.86 for the period October 1, 2001 through October 31, 2001. To date, Applicant has not been paid for the professional services rendered nor for reimbursement of expenses.

8. During the Seventh Interim Period, the Applicant rendered professional services aggregating a total of 119.8 hours in the discharge of its duties as financial advisor and bankruptcy consultant to the Committee.

9. The Applicant believes that the interim fees applied for herein for professional services rendered in performing accounting and advisory services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtor's financial accounting resources and the results obtained. Applicant has attached to this Seventh Interim Application, as Exhibit D, a complete accounting of the time expended by professionals who worked on this matter during the Seventh Interim Period. The Applicant's work during this period has been categorized into seven separate tasks, each of which is described in detail in Exhibit B. Additional task codes may be added in subsequent applications.

10. Section II below briefly discusses the history of the Company prior to its filing, issues facing the Company during the Chapter 11 period, and the major tasks performed by the Applicant during the Seventh Interim Period.

## II. Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to an Application submitted to the Court on or about May 17, 2001, and by a Court order dated June 21, 2001, FTI P&M was retained as financial advisors for the Committee, nunc pro tunc to April 20, 2001. Since its retention, FTI P&M has continuously and vigorously pursued the Committee's interests in these cases.

3. The Debtors have represented, among other things, that: (a) the Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland; (b) The Debtors predominantly operate through two business units – Davison Chemicals and Performance Chemicals; (c) the Debtors' parent company, W.R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary, W.R. Grace & Co. – Conn. ("Grace-Conn"); (d) Grace-Conn owns

substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are Debtors and Debtors-in-Possession in the Chapter 11 Cases.

4. The following summary is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit D. Rather, it is merely an attempt to highlight those areas in which services were rendered to the Committee during the Compensation Period, including (i) Financial monitoring and comparison of performance with prior periods (ii) Preparation of a report to the Committee on the five-year business plan prepared by the Debtors (iii) Preparation of a report to the Committee on a proposed acquisition (iv) Meetings and phone conferences with Debtors' management and counsel and with Committee counsel, and (v) Other Matters.

5. FTI P&M's role included the preparation and communication of various financial analyses requested by the Official Committee of Unsecured Creditors' professionals in order to assist their rapid understanding of the issues facing the Debtors.

6. For the Compensation Period, FTI P&M seeks compensation totaling $37,785.26, representing 80% of fees incurred and 100% of expenses incurred. FTI P&M expended an aggregate of 119.8 hours, substantially all of which was expended by four professionals. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. A small staff was utilized to optimize efficiencies and avoid redundant efforts. The staff of the Debtors or their advisors have been utilized where practical and prudent.

7. In addition, FTI P&M incurred out-of-pocket expenses in connection with the rendition of the professional services described above in the sum of $3,670.86 for which FTI P&M respectfully requests reimbursement in full. All expenses were billed at actual cost, exclusive of amortization of the cost of investment, equipment or capital outlay. Internal charges for outgoing out-of-town facsimile transmissions were billed at $1.25 per page for domestic transmissions. Photocopy charges were billed at actual cost for external copying and $.20 per page for internal copying. FTI P&M believes that these charges reflect its actual out-of-pocket costs.

8. The disbursements and expenses have been incurred in accordance with FTI P&M's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable FTI P&M to devote time beyond normal office hours to matters which imposed extraordinary time demands. FTI P&M has endeavored to minimize these expenses to the fullest extent possible.

9. FTI P&M's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost. In addition, FTI P&M's per diem rates for professionals of comparable experience

are 15% to 25% lower than its competitors, the "Big-Five" accounting firms and certain other nationally-recognized specialty firms.

10. Because FTI P&M's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of FTI P&M's professionals, in many instances only one or two FTI P&M representatives attended meetings or conference calls or performed specific functions.

11. Edwin N. Ordway, Jr., Managing Director in charge of this case, directed the activities of the FTI P&M team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

### III. Summary of Fees and Expenses Incurred

12. To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

13. FTI P&M's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtor.

14. In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, FTI P&M does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, FTI P&M requests reimbursement only for the amount billed to FTI P&M by such third party vendor and paid by FTI P&M to that vendor.

15. FTI P&M's policy with respect to word processing and document preparation and handling services provided by FTI P&M employees is to bill clients by the hour for such time, but only if the employees' time is clearly and exclusively devoted to work performed for that particular client, such as for the preparation, collation and binding of a report for a client. Such services are billed to the Debtor at a rate commensurate with that which would be charged by a third party provider such as a temporaries agency.

16. Annexed hereto as Exhibit B is a more comprehensive summary of the services performed by the Applicant during the Seventh Interim Period at the direction of the Committee and its Counsel.

17. Annexed hereto as Exhibit C is a summary of fees by professional and by task during the Seventh Interim Period.

18. Annexed hereto as Exhibit D are detailed descriptions of the time spent by each professional during the Seventh Interim Period.

19. Pursuant to Rule 2016, FTI P&M states that no compensation to be received in this proceeding will be shared with any person or entity outside of FTI P&M and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by FTI P&M on account of its accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

20. As stated in the Affidavit of Edwin N. Ordway, Jr. annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

21. The Debtors will give notice of the relief requested herein and of the relief requested by the other professionals in their respective applications for allowance of compensation by serving notice of this application upon all parties that have requested notice in these cases, and FTI P&M has personally served copies of the Application with exhibits to the Debtors and on the United States Trustee.

22. WHEREFORE, the Applicant respectfully requests that this Court enter an order:

   a. approving the allowance of compensation for professional services rendered to the Committee during the period from October 1, 2001 through and including October 31, 2001 in the amount of $42,643.00;

   b. approving the reimbursement of FTI P&M's out-of-pocket expenses incurred in connection with the rendering of such services during the period from October 1, 2001 through and including October 31, 2001 in the amount of $3,670.86; and

-8-

    c. authorizing the Debtor to pay as interim compensation to FTI P&M 80% of the amount of the professional services rendered and 100% of the expenses incurred by FTI P&M during the period from October 1, 2001 through and including October 31, 2001, subject to final payment of the full amount; and

    d. granting such other and further relief as this Court may deem just and proper.

Date: _November 28, 2001_

FTI Policano & Manzo

By _____
    Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ 07663
(201) 843-4900