IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139JJF |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**SUMMARY OF VERIFIED APPLICATION OF HOLME ROBERTS & OWEN, LLP
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR
THE INTERIM PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001**

Name of Applicant:     Holme Roberts & Owen, LLP

Authorized to Provide Professional Services to:     W.R. Grace & Co., et al., Debtors and Debtors-in Possession

Dated of Retention Order: July 18, 2001, *nunc pro tunc* April 2, 2001.

Period for Which Compensation and Reimbursement is Sought:     October 1, 2001 through October 31, 2001

Amount of Compensation Sought as Actual, Reasonable and Necessary:     $91,188.80 (80% of $113,986.00)

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:  $11,562.02

This is a __X__ monthly  _____ quarterly  __X__ interim  _____ final application

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#766872 v1

Prior Applications filed:

|  |  | Requested |  | Approved |  |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/07/01 | 04/02/01-09/30/01 | $285,970.50 | $47,668.25 | Pending | Pending |

The HRO attorneys who rendered professionals services in these cases during the Fee Period are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| --- | --- | --- | --- | --- | --- |
| Kenneth W. Lund | Partner | Environmental | $300.00 | 108.80 | $32,640.00 |
| Charlotte L. Neitzel | Partner | Environmental | $275.00 | 104.80 | $28,820.00 |
| Jay D. McCarthy | Partner | Environmental | $250.00 | 16.70 | $4,175.00 |
| Katheryn J. Coggon | Sr. Associate | Environmental | $240.00 | 64.90 | $15,576.00 |
| Elizabeth K. Flaagan | Sr. Associate | Bankruptcy | $250.00 | 11.10 | $2,775.00 |
| Brent A. Tracy | Associate | Environmental | $210.00 | 4.90 | $1,029.00 |
| Geoffrey M. Barry | Associate | Environmental | $210.00 | 24.20 | $5,082.00 |
| David Kunstle | Associate | Commercial | $225.00 | 0.30 | $67.50 |
| Edward E. Stevenson | Sr. Counsel | Environmental | $210.00 | 21.10 | $4,431.00 |
| **TOTAL** |  |  |  | 356.8 | $94,595.50 |

The HRO paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| --- | --- | --- | --- | --- | --- |
| Thomas W. Korver | Sr. Paralegal | Environmental | $110.00 | 10.30 | $1,133.00 |
| M. Carla Latuda | Sr. Paralegal | Environmental | $ 90.00 | 51.90 | $4,671.00 |
| Joan M. Sherman | Sr. Paralegal | Environmental | $110.00 | 4.50 | $495.00 |
| Natalie K. Aberle | Paralegal | Environmental | $100.00 | 18.30 | $1,830.00 |
| Loraine C. Street | Paralegal | Environmental | $ 85.00 | 68.10 | $5,788.50 |
| Susan Haag | Paralegal | Bankruptcy | $ 85.00 | 14.50 | $1,232.50 |
| Mary Beth Floyd | Info. Spec. | Environmental | $ 90.00 | 24.50 | $2,205.00 |
| Imelda Mulholland | Info. Spec. | Environmental | $ 90.00 | 7.20 | $648.00 |

#766872 v1

2

| William E. Payne | Info. Spec. | Environmental | $ 75.00 | 18.50 | $1,387.50 |
|---|---|---|---|---|---|
| **TOTAL** | | | | 217.8 | $19,390.50 |

Summary of expenses incurred on behalf of the Debtors in these cases during the Fee Period:

| Description | October, 2001 |
|---|---|
| Photocopies | $1,145.60 |
| Facsimiles | $203.00 |
| Long Distance Telephone | $47.54 |
| Outside Courier | $449.06 |
| Travel Expense | $4,521.90 |
| Lexis | $1,933.39 |
| Westlaw | $1,884.67 |
| Meal Expenses | $469.62 |
| Word Processing | $150.00 |
| Overtime | $467.50 |
| Other Expenses | $184.99 |
| Secretarial Support | $61.25 |
| Velo Binding | $1.00 |
| Outside Reproduction | $42.50 |
| TOTALS | $11,562.02 |

Dated: November 20, 2001

HOLME ROBERTS & OWEN, LLP

By: *Elizabeth K. F.* (signature)

Elizabeth K. Flaagan, Esq. (Colo. #22604)
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
(303) 861-7000

#766872 v1

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1], | ) | Case No. 01-01139JJF |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing to be Scheduled, only if objections are timely filed and served.

## VERIFIED APPLICATION OF HOLME ROBERTS & OWEN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001

Pursuant to Sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed.R.Bankr.P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order:) and Del.Bankr.LR 2016-2, the law firm of Holme Roberts & Owen LLP ("HRO"), special environmental counsel for the above-captioned debtors and debtors

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

#766783 v1

in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $113,986.00 for the reasonable and necessary legal services HRO has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that HRO incurred in the amount of $11,562.02 (the "Application"), for the period from October 1, 2001 through October 31, 2001 (the "Fee Period"). In support thereof, HRO states as follows:

### Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### Retention of HRO

2.  On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On the Petition Date, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and mange their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3.  By this Court's Order dated July 18, 2001, *nunc pro tunc* April 2, 2001, the Debtors were authorized to employ HRO as special environmental counsel ("HRO Retention Order"). The HRO Retention Order authorizes the Debtors to pay HRO at hourly rates charged by HRO for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and applicable local rules and orders of this Court.

#766783 v1

2

4.  As disclosed in the Affidavit Under 11 U.S.C. §327(e) by Kenneth W. Lund, filed June 7, 2001, HRO does not represent any interest adverse to the Debtors or their estates.

5.  HRO performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor or other person.

6.  HRO has received no payment for the services performed and presented in this Application and no promises for payment from any source for these services rendered or to be rendered in any capacity whatsoever in connection with these.

7.  Pursuant to Fed.R.Bankr.P. 2016(b), HRO has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, associates, paralegals, and employees of HRO, or (b) any compensation another person or party has received or may receive in connection with these cases.

8.  This is the first <u>monthly</u> fee application for interim compensation for services rendered that HRO has filed with the Bankruptcy Court in connection with these cases. However, currently pending before this Court is HRO's First Quarterly Fee Application for the period April 2, 2001 through September 30, 2001.

### Reasonable and Necessary Services Rendered by HRO - Generally

9.  The HRO attorneys who rendered professional services during the Fee Period are as follows:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Kenneth W. Lund | Partner | Environmental | $300.00 | 108.80 | $32,640.00 |
| Charlotte L. Neitzel | Partner | Environmental | $275.00 | 104.80 | $28,820.00 |
| Jay D. McCarthy | Partner | Environmental | $250.00 | 16.70 | $4,175.00 |
| Katheryn J. Coggon | Sr. Associate | Environmental | $240.00 | 64.90 | $15,576.00 |

#766783 v1

3

| Elizabeth K. Flaagan | Sr. Associate | Bankruptcy | $250.00 | 11.10 | $2,775.00 |
| Brent A. Tracy | Associate | Environmental | $210.00 | 4.90 | $1,029.00 |
| Geoffrey M. Barry | Associate | Environmental | $210.00 | 24.20 | $5,082.00 |
| David Kunstle | Associate | Commercial | $225.00 | 0.30 | $67.50 |
| Edward E. Stevenson | Sr. Counsel | Environmental | $210.00 | 21.10 | $4,431.00 |
| **TOTAL** | | | | 356.8 | $94,595.50 |

10. The paraprofessionals of HRO who have rendered professional services during the Fee Period are as follows:

| **Name of Professional Person** | **Position** | **Department** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
|---|---|---|---|---|---|
| Thomas W. Korver | Sr. Paralegal | Environmental | $110.00 | 10.30 | $1,133.00 |
| M. Carla Latuda | Sr. Paralegal | Environmental | $90.00 | 51.90 | $4,671.00 |
| Joan M. Sherman | Sr. Paralegal | Environmental | $110.00 | 4.50 | $495.00 |
| Natalie K. Aberle | Paralegal | Environmental | $100.00 | 18.30 | $1,830.00 |
| Loraine C. Street | Paralegal | Environmental | $85.00 | 68.10 | $5,788.50 |
| Susan Haag | Paralegal | Bankruptcy | $85.00 | 14.50 | $1,232.50 |
| Mary Beth Floyd | Info. Spec. | Environmental | $90.00 | 24.50 | $2,205.00 |
| Imelda Mulholland | Info. Spec. | Environmental | $90.00 | 7.20 | $648.00 |
| William E. Payne | Info. Spec. | Environmental | $75.00 | 18.50 | $1,387.50 |
| **TOTAL** | | | | 217.8 | $19,390.50 |

11.  HRO has advised and represented the Debtors in connection with certain environmental litigation and environmental matters or proceedings. These matters, by corresponding matter number, are as follows:

| Matter Number | Description |
|---|---|
| 00000 | General Counsel and Advice |
| 00290 | Fort Peck Indian Reservation - Defense of Administrative Order, in the Tenth Circuit Court of Appeals, concerning alleged groundwater contamination in and around the East Poplar Oil Field within the Fort Peck Indian Reservation |
| 00300 | Defense of *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM, which concerns remedial activities in and around Libby, Montana |
| 00301 | Libby Access Case - Defense of EPA's demand for access and to add penalties for denial of access to mine site. *United State of America v. W.R. Grace & Company and Kootenai Development Corporation*, Case No. CV-00-167-M-DWM |
| 00302 | Defense of Cost Recovery case regarding clean up of the Libby, Montana mine and mine site. |
| 00310 | Casmalia Superfund Site - Defense CERCLA liability assiciated with the former Casmalia Disposal Site in California. |
| 00320 | Kootenai Development- Complete Corporate Transactions |
| 00330 | Defense of Cost Recovery Claims *Samson Investment Company and Samson Hydrocarbons Company v. W.R. Grace & Co. - Conn. and Grace Energy Corporation*, Case No. 01-769, District Court, 95th Judicial District |
| 00340 | NY Hillside Litigation - Defense of Third Part Claims of Superfund Site in Los Angeles. *United States of America v. W.R. Grace & Co. - Conn. and Kootenai Development Corporation*, Case No. 01-72-M-DWM |
| 00350 | Freedom of Information Act Request - Requests for information to the EPA and other federal agencies concerning certain of W.R. Grace's general state and federal actions. |
| 00370 | Defense of CERCLA § 104(e) requests regarding information concerning the facilities in Libby, Montana as well as current and former expanding plants, along with responses concerning Attic Insulation |
| 00380 | Coloway Coal Bonds - Negotiation and investigation regarding the release of W.R. Grace from reclamation and lease bonds. |

12.  The rates described in the above list of attorneys and paraprofessionals are HRO's hourly rates for services of this type. Attached as **Exhibit A**, and arranged by subject matters, is a detailed summary of the professional time and expenses for each matter, together with a

detailed itemization and description of the services that HRO rendered on each subject matter during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $113,986.00. The HRO attorneys and paraprofessionals expended a total of 574.6 hours for these cases during the Fee Period. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

13.     Further, **Exhibit A** (a) identifies the individuals that rendered services in each subject matter, as defined and described herein, (b) describes each activity or services that each individual performed, and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. The matters addressed in this Application are merely those for which services were rendered during this Fee Period. HRO is currently rendering services for additional matters that HRO will bill in the future.

### Actual and Necessary Expenses

14.     It is HRO's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. It is HRO's policy to charge its clients only the amount actually incurred by HRO in connection with such items. Examples of such expenses include postage, overnight mail, courier deliver, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals and lodging. With respect to airfare expenses, all travel by individuals is billed at the coach rate with allowances for class upgrades.

#766783 v1

6

15. HRO charges $.20 per page for duplication. HRO does not charge for incoming telecopier transmissions.

16. A summary of individual professional time and the value of such services rendered by HRO on the Debtors' cases during the Fee Period is attached hereto as **Exhibit B**. The total value of such services rendered during the Fee Period for which HRO is requesting approval and payment is $113,986.00.

17. A summary of expenses by type and amount incurred by HRO on the Debtors' behalf during the Fee Period is attached hereto as **Exhibit C**. All of these disbursements comprise the requested sum for HRO's out-of-pocket expenses, totaling $11,562.02.

## Representations

18. HRO believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

19. Although every effort has been made to include all fees and expenses from the Fee Period in this Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. HRO reserves the right to make further application to this Court for allowance of fees and expenses for the Fee Period not included herein.

## Requested Relief

20. By the Application, HRO requests compensation for fees and expenses in the total amount of $125,548.02, consisting of (a) $113,986.00 for reasonable and necessary professional services rendered, and (b) $11,562.02 for actual and necessary costs and expenses incurred, from October 1, 2001 through October 31, 2001.

21. At all relevant times, HRO has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

WHEREFORE, HRO respectfully requests (a) that an allowance be made to it, as fully described above for 80% of the reasonable and necessary professional services HRO has rendered to Debtors during the Fee Period and 100% of the reimbursement of actual and necessary costs and expenses incurred by HRO during the Fee Period; that both fees and expenses are payable as administrative expenses of the Debtors' estates; and that this Court grant such further relief as is equitable and just.

Dated this 20th day of November, 2001.

HOLME ROBERTS & OWEN, LLP

By: _____
Elizabeth K. Flaagan, Esq. (Colo. #22604)
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
(303) 861-7000

#766783 v1                                             8