**Exhibit A**
April Fee Application

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al* | ) | Case No. 01-01139 (JJF) |
|  | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |

**SUMMARY COVERSHEET TO FIRST MONTHLY INTERIM APPLICATION OF
WALLACE KING MARRARO & BRANSON PLLC
FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR
APRIL 2, 2001 THROUGH APRIL 30, 2001**

| | |
|---|---|
| Name of Applicant: | Wallace King Marraro & Branson PLLC. ("WKMB") |
| Authorized to provide professional services to: | Special Litigation and Environmental Counsel to Debtors |
| Date of Retention: | April 2, 2001 |
| Period for which compensation and reimbursement is sought: | April 2, 2001 through April 30, 2001. |
| Amount of compensation sought as actual, reasonable and necessary[1]: | $173,177.20 for the period April 2, 2001 through April 30, 2001 (80% of $216,471.50 in professional fees). |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $25,282.16 for the period April 2, 2001 through April 30, 2001. |

This is a:        *Monthly interim application.*

The total time expended for fee application preparation is approximately 0 hours

and the corresponding compensation requested is approximately $0.00.

---

[1] This Application may not contain billings for all services rendered by members of Mahoney, or expenses incurred by Mahoney, to the Debtors during the Application Period. Mahoney reserves the right to seek compensation for such amounts in connection with future applications.

Prior Applications Filed:  There are no prior applications.

Summary of Compensation Requested

| Name of Professional Individual | Position, year assumed, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Christopher Marraro | Partner | $420 | 112.7 | $47,334.00 |
| Angela Pelletier | Associate | $200 | 106.7 | $21,340.00 |
| William Hughes | Counsel | $305 | 216.1 | $65,910.50 |
| Tamara Parker | Associate | $260 | 98.5 | $25,610.00 |
| Letta Sneed | Associate | $215 | 30.8 | $6,622.00 |
| Alec Zacaroli | Associate | $185 | 8.7 | $1,609.50 |
| Barbara Banks | Paralegal | $130 | 175.1 | $22,762.00 |
| Darlene Boozer | Legal Clerk | $95 | 49.5 | $4,702.50 |
| Natasha Bynum | Legal Clerk | $95 | 57.1 | $5,424.50 |
| Keith Kaider | Paralegal | $130 | 47.2 | $6,136.00 |
| Mahmoude Moasser | Paralegal | $130 | 22.1 | $2,873.00 |
| Rebecca Mitchell | Paralegal | $115 | 20.9 | $2,403.50 |
| Tonya Manago | Senior Paralegal | $130 | 20.3 | $2,639.00 |
| Reilly Smith | Paralegal | $115 | 9.6 | $1,104.00 |
|  |  |  |  |  |

Total Fees              $216,471.50

Total Hours          975.30

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Airfare | $1,283.75 |
| Copies - Outside and Internal | $8,263.32 |
| Delivery | $150.75 |
| Deposition Transcripts | $6,265.40 |
| Facsimile | $21.75 |
| Lexis | $3,222.63 |
| Meals | $1,653.25 |
| Telephone | $283.08 |
| Fedex | $598.48 |
| Parking | $14.00 |
| Postage | $15.75 |
| Temporary Services | $3,510.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
|  | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |

**VERIFIED APPLICATION OF WALLACE KING MARRARO & BRANSON FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR
THE FIRST INTERIM PERIOD FROM APRIL 2, 2001 THROUGH APRIL 30, 2001**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Wallace King Marraro & Branson PLLC ("WKMB") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $216,471.50 for the reasonable and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

necessary legal services WKMB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that WKMB incurred in the amount of $25,282.16 (the "Application"), in each case for the period from April 2, through April 30, 2001 (the "Fee Period"). In support of this Application, WKMB respectfully states as follows:

### Retention of WKMB

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee."). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee," collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2.      By this Court's order dated June 21, 2001, the Debtors were authorized to retain WKMB as their special counsel, effective as of the Petition Date, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate WKMB at hourly rates charged by WKMB for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to

this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

3. The Retention Order also allowed for a special fee arrangement with the Debtors in connection with a pending litigation matter, *Interfaith Community Organization v. Honeywell International, Inc. et al ('Honeywell litigation")*. By Agreement with the Debtors, WKMB is entitled to receive its full standard hourly rates until June 21, 2001 when its standard hourly rates billed for the Honeywell litigation will be reduced by 40% in return for an interest in the outcome of the Honeywell litigation.

4. As disclosed in the following affidavit:

> Affidavit of Christopher H. Marraro in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Wallace King Marraro & Branson as Special Litigation and Environmental Counsel for the Debtors and Debtors in Possession (the "Original Affidavit"), filed June 4, 2001;

WKMB does not represent any interest adverse to the estates.

5. WKMB does not currently represent, but could in the future represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. WKMB will update the Affidavits when WKMB becomes aware of material new information.

6. WKMB performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

7. WKMB has received no payment for the services performed and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases.

8. Pursuant to Fed. R. Bank. P. 2016(b), WKMB has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than

with the partners, counsel and associates of WKMB, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

9.      This is the first application for interim compensation for services rendered that WKMB has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

## Reasonable and Necessary Services Rendered by WKMB-- Generally

10.     The WKMB attorneys who rendered professional services during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Christopher Marraro | Partner | 18 Years | Litigation | $420.00 | 112.70 | $47,334.00 |
| Angela Pelletier | Associate | 3 Years | Litigation | $200.00 | 106.70 | $21,340.00 |
| William Hughes | Counsel | 10 Years | Litigation | $305.00 | 216.10 | $65,910.50 |
| Tamara Parker | Associate | 8 Years | Litigation | $260.00 | 98.50 | $25,610.00 |
| Letta Sneed | Associate | 4 Years | Litigation | $215.00 | 30.80 | $6,622.00 |
| Alec Zacaroli | Associate | 2 Years | Litigation | $185.00 | 8.70 | $1,609.50 |

11.     The paraprofessionals of WKMB who have rendered professional services in these cases during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in that position | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Barbara Banks | Paralegal | 4 Years | Litigation | $130.00 | 175.10 | $22,762.00 |
| Darlene Boozer | Legal Clerk | 1 Year | Litigation | $95.00 | 49.50 | $4,702.50 |
| Natasha Bynum | Legal | 1.5 Years | Litigation | $95.00 | 57.10 | $5,424.50 |

| Name of Professional Person | Position with the applicant | Number of years in that position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| | Clerk | | | | | |
| Keith Kaider | Paralegal | 4 Years | Litigation | $130.00 | 47.20 | $6,136.00 |
| Mahmoude Moasser | Paralegal | 10 Years | Litigation | $130.00 | 22.10 | $2,873.00 |
| Rebecca Mitchell | Paralegal | 1.5 Years | Litigation | $115.00 | 20.90 | $2,403.50 |
| Tonya Manago | Senior Paralegal | 5 Years | Litigation | $130.00 | 20.30 | $2,639.00 |
| Reilly Smith | Paralegal | 6 Months | Litigation | $115.00 | 9.60 | $1,104.00 |

Grand Total for Fees: $216,471.50

11.    WKMB has advised and represented the Debtors in connection with certain litigation and environmental matters. These matters include the Honeywell litigation, cost recovery litigation against other private parties and representation of the Debtors before the U.S. Environmental Protection Agency in connection with the Libby, Montana asbestos remediation matter.

12.    The rates described above are WKMB 's hourly rates for services of this type. Attached as Exhibit A is a detailed itemization and description of the services that WKMB rendered during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $216,471.50. The WKMB attorneys and paraprofessionals expended a total of 975.30 hours for these cases during this Fee Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

13.     Further, Exhibit A (a) identifies the individuals that rendered services in each Subject Matter, as defined and described below, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each numbered tab in Exhibit A corresponds to the matter number that WKMB assigned to each Subject Matter. If a Subject Matter does not appear, then WKMB did not bill time or expenses for that Subject Matter during this Fee Period, but may bill time for that Subject Matter in the future.

## Reasonable and Necessary Services Rendered by WKMB

## Categorized by Matter

14.     The professional services that WKMB rendered during the Fee Period are grouped into the numbered and titled categories of subject matters described in Paragraphs 15 herein (the "Subject Matter").

15.     Matter 6 – Honeywell litigation

(Fees: $216,471.50; Hours: 975.30)

This Subject Matter involves time spent in litigation against Honeywell International, Inc. to recover substantial costs and damages and to compel Honeywell to clean up nearly a million tons of chromium process waste disposed of by a Honeywell's predecessor, Mutual Chemical Company. Included is time preparing and filing motions, working on fact and expert discovery, undertaking factual and legal research and analysis and attending court hearings.

## Actual and Necessary Expenses

17.     It is WKMB's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is WKMB's policy to charge its

-6-

clients only the amount actually incurred by WKMB in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

18.    WKMB charges: (a) $0.15 per page for duplication and (b) $0.75 per page for outgoing telecopier transmissions (plus related toll charges). WKMB does not charge its clients for incoming telecopier transmissions. WKMB has negotiated a discounted rate for Lexis and Westlaw computer assisted legal research, which is approximately $125/hour of online use of the standard Westlaw databases and approximately $$3.00/minute for Lexis databases. Computer assisted legal research is used whenever the researcher determines that using Lexis/Westlaw is more cost effective than using traditional (non-computer-based legal research) techniques.

19.    A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by WKMB on the Debtors' behalf during the Fee Period is attached hereto as Exhibit B. All of these disbursements comprise the requested sum for WKMB out-of-pocket expenses, totaling $25,282.16 These disbursements are grouped in Exhibit B into the same numbered and titled categories of Subject Matters as the fees are grouped in Exhibit A. The numbered tabs within Exhibit B correspond to the numbers assigned to the matters described in Paragraphs ____ herein. Any missing Subject Matters merely indicate that no expenses were attributed to such Subject Matters during the Fee Period, although expenses may be attributable to such Subject Matters in the future. A summary of expenses by category for the entire Fee Period is also set forth in Exhibit B.

-7-

### Representations

20.     WKMB believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

21.     Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays.  WKMB reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

22.     In summary, by the Application, WKMB requests compensation for fees and expenses in the total amount of $241,753.66, consisting of (a) $216,471.50 for reasonable and necessary professional services rendered and (b) $25,282.16 for actual and necessary costs and expenses.

WHEREFORE, WKMB respectfully requests (a) that an allowance be made to it, as fully described above for the (i) 80% of the reasonable and necessary professional services WKMB has rendered to the Debtors during the Fee Period ($173,177.20) and (ii) 100 % of the reimbursement of actual and necessary costs and expenses incurred by WKMB during the Fee Period ($25,282.16); (b) that both fees and expenses are payable as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Washington, D.C.                          Respectfully submitted,
Dated: July 5, 2001

WALLACE KING MARRARO & BRANSON PLLC

Christopher H. Marraro
1050 Thomas Jefferson Street N.W.
Washington, D.C. 20007
(202) 204-1000

-8-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## VERIFICATION

Christopher H. Marraro, after being duly sworn according to law, deposes and

says:

1.    I am a partner with the applicant firm, Wallace King Marraro & Branson

PLLC and I am a member in good standing of the bars of the State of New Jersey and the District

of Columbia.

2.    I have personally performed certain of, and overseen the legal services

rendered by Wallace King Marraro & Branson as special litigation and environmental counsel to

the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors

by the lawyers and other persons in the firm.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.    The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Christopher H. Marraro

In the District of Columbia.
SWORN TO AND SUBSCRIBED
before me this 5th day of July 2001.

_____
Notary Public
My Commission Expires:
    Tonya Manago
    Notary Public, District of Columbia
    My Commission Expires  03-14-05

EXHIBIT A

MATTER 6 - HONEYWELL
FEES - APRIL 2001

Wallace
King
Marraro
Branson

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

July 05, 2001

W. R. Grace & Co.
Attention: Akos L. Nagy
7500 Grace Drive
Columbia, MD 21044

Invoice #12194

For Professional Services Rendered in Connection with Honeywell Litigation - Matter 6

Professional Services:

| | | | Hours |
|---|---|---|---|
| 04/02/01 | BB | Consult with Mr, Hughes and collect pertinent documents; consult with Ms. Pettetier re supplemental document production; consult with Ms. Parker re motion for sanctions; review, coordinate, prepare binders of pleadings for Ms. Pelletier in preparation for motions for sanctions; prepare case expert reports and fax to all counsel of record for Mr. Hughes; research Westlaw for pertinent code sections regarding bankruptcy stay for Mr. Hughes and prepare binder of same. | 9.80 |
| | AP | Conference with B. Banks and J. Busbea re documents produced; conference with T. Parker re discovery status; call M. Caffrey re deposition scheduling; conference with J. Agnello and B. Hughes regarding Honeywell motion to take discovery. | 4.80 |
| | MM | Continue to review various documents and finalize detailed chart re miscellaneous employees of Honeywell setting forth their | 7.90 |

W. R. Grace & Co.                                                                    Page    2

|                                                                                                                                          | **Hours** |
|---|---|
| positions, dates of employment and description of possible knowledge of pending case; forward draft copy of chart with memorandum to Ms. Parker for review; office conference with Ms. Parker re status of same. | |
| 04/02/01 LS   Confer with Bill Hughes re summary judgment motion on the RCRA claims; review RCRA legal research re summary judgment motion on the RCRA claims. | 1.10 |
| NAB   Prepare discovery exhibits for sanction motion; file case documents. | 4.00 |
| WH   Work on CERCLA motion for summary judgment; prepare for 30(b)(6) deposition on groundwater contamination issues; confer with Mr. Goad re same; coordinate service of Grace's expert reports; confer with Mr. Caffrey and Mr. German re same. | 8.80 |
| TP   Email and office conference with Ms. Banks re Honeywell log, discovery response status and preparation of a chart to show serve and response date for all Grace discovery requests; drafted letter to Mr. Caffrey re production of documents on web site; drafting background of discovery disputes for sanctions motion. | 4.70 |
| DB   Review and organize recent correspondence and pleadings as well as updating case index. | 3.50 |
| 04/03/01 NAB   Prepare duplicate discovery binder in preparation for sanction motion; file and index case documents. | 4.20 |
| BB   Research Westlaw for pertinent cases re bankruptcy for Mr. Hughes; research production databases and case files for pertinent documents for Ms. Sneed and Mr. | 8.60 |

W. R. Grace & Co.

Page    3

<u>Hours</u>

|  |  | Hughes; make arrangements for 4/16/01 depositions; create binder of case experts for Mr. Marraro; review new produced documents and deposition transcripts and distribute to attorneys; cross-reference discovery requests and responses and create discovery status chart in re preparation for motion for sanctions for Ms. Parker. |  |
|---|---|---|---|
| 04/03/01 | CHM | Begin study of Honeywell expert reports. | 2.00 |
|  | WH | Review Honeywell's expert reports re valuation and NCP consistency issues; confer with Mr. Marraro, Ms. Pelletier and Mr. Goad re rebuttal to same; search for rebuttal expert on NCP issues and review CV's etc. re same; legal research re NCP consistency of Honeywell's work on RI, interim remedial measures and bulkhead repair; further work on CERCLA summary judgment motion; work with Bill Miller on declaration re Grace's incurrence of response costs; confer with Ms. Pelletier and Mr. Miller re same and exhibits to declaration; confer with Mr. Caffrey re deposition scheduling. | 8.90 |
|  | DB | Review and organize recent correspondence and pleadings as well as updating case index. | 7.50 |
|  | LS | Draft section of summary judgment motion on the RCRA claims. | 2.80 |
|  | AP | Draft brief in opposition to motion for depositions; review Pitney Hardin correspondence and files in connection with same. | 3.00 |
| 04/04/01 | WH | Review Honeywell's motion to take depositions and exhibits to same; confer with Mr. Marraro re opposing same; prepare outline | 10.90 |

W. R. Grace & Co.                                                    Page    4

                                                                    __Hours__

of factual arguments for use by Ms. Pelletier in
opposing Honeywell's motion to take
depositions; finalize draft CERCLA summary
judgment motion for review by Mr. Marraro;
work on opposition brief re Honeywell's
motion to take depositions; confer with Mr.
Agnello and Mr. Marraro re same; confer with
potential NCP experts; work on outline of
30(b)(6) deposition re Honeywell's natural
attenuation hypothesis; review and collect
documents to be used as exhibits in same.

04/04/01 NAB    Complete discovery update; file and index case        5.90
                documents.

         DB     Organize recent correspondence and pleadings          7.50
                as well as updating case index.

         CHM    Conference with H. McGuire re Allied expert            6.50
                report; review and edit response to notice to
                take depositions out of time; conference with
                client re various issues; review plaintiffs'
                positions on discovery; review Wong
                deposition Volumes 1 and 2 from insurance
                deposition and conference with Agnello.

         ACZ    Conducted search for potential experts on NCP          3.10
                consistence under CERCLA for B. Hughes;
                research on whether NCP consistency is purely
                a question of law; research MD FOIA law and
                placed follow-up calls with MD Port
                Administration on previous FOIA.

         BB     Coordinate and prepare pertinent documents             9.00
                from 3/30/01 supplemental production for Mr.
                Hughes; arrange for court reporters for 4/16 -
                4/30/01 depositions and provide summary
                emails to office and local counsel; prepare
                cover letter and Fed Ex package to forward
                defendant's expert report to case expert; review

W. R. Grace & Co.                                                                                      Page    5

|  |  | **Hours** |
|---|---|---|
|  | site photos from expert and attorney 3/13/01 site visit and incorporate into case files; review new pleadings, correspondence and case documents, and incorporate new pleadings into case files; incorporate scheduled depositions into case calendar and distribute to attorneys and local counsel; coordinate and prepare new case documents and prepare for incorporation onto case files; create new case files; incorporate digital photos from CD re site visit into electronic case files. |  |
| 04/04/01 TP | Read cases re sanctions for sanctions motion for failure to produce good faith discovery in timely manner; email to Ms. Banks re updating discovery chart to reflect discovery responses received in the prior week. | 2.40 |
| 04/05/01 DB | Organize recent correspondence and pleadings as well as updating case index. | 7.50 |
| WH | Review documents in preparation for 30(b)(6) deposition of Honeywell on surface water and sediments issues; confer with Mr. Goad re same; review RI Report and Honeywell-DEP correspondence for exhibits to be used in Honeywell deposition; prepare outline for 30(b)(6) deposition on surface water/sediments issues; confer with Ms. Parker re sheperdizing, finalizing etc. Grace's summary judgment motions; draft statement of undisputed facts in support of CERCLA motion; confer with Mr. Marraro re Jim Wong's deposition and dispositive motions. | 8.80 |
| TP | Research and drafting motion to compel privilege log and supplemental responses to interrogatories and for sanctions; conference with Mr. Marraro re same. | 8.50 |

W. R. Grace & Co.                                                    Page    6

|  |  | Hours |
|---|---|---|
| 04/05/01 TM | Performed attorney search request; reviewed documents produced by Grace for documents to be attached as exhibits for a filing per the request of A. Pelletier; meeting with B. Banks and T. Parker regarding the remaining assignments and status of the reference chart for the discovery binders. | 2.10 |
| BB | Collect, prepare and incorporate new discovery responses into discovery binders; analyze discovery requests and responses and prepare chart in preparation for sanctions motion for Ms. Parker; research production indices, database and documents for documents pertinent to brief for Ms. Pelletier and consult with Ms. Pelletier re same; collect and prepare pertinent documents for Ms. Pelletier; incorporate new pleadings into case files; research client production database for pertinent documents for Ms. Pelletier; prepare memo of dates and Bates ranges of client document production. | 9.20 |
| NAB | File and index documents; research and analyze client responses in preparation for brief in opposition to defendants request for deposition; scan expert reports. | 7.90 |
| CHM | Prepare for Wong deposition; edit summary judgment on CERCLA liability. | 4.50 |
| AP | Draft opposition to Honeywell's motion to take depositions; review document productions and conference with B. Banks and T. Manago for supporting exhibits for brief; call with A. Grimes of CTEH regarding document index. | 13.80 |
| 04/06/01 CHM | Edit to brief on opposition to take depositions; review Volumes 3 and 4 of Wong deposition. | 5.50 |

W. R. Grace & Co.                                                                      Page        7

|  |  | | Hours |
|---|---|---|---|
| 04/06/01 | AP | Draft, review and revise brief in opposition to Honeywell's motion to take depositions; supervise compilation and duplication of exhibit packet. | 10.80 |
|  | TP | Continued drafting motion to compel and for sanctions including research and drafting argument that failure to produce privilege log results in waiver of privilege and appropriate other sanctions based on particular conduct at issue; reviewed Court Order to determine what conduct was in violation of prior discovery Order. | 8.60 |
|  | WH | Review and revise Ms. Pelletier's draft opposition brief to Honeywell's motion to take depositions; conferences with Ms. Pelletier re same; draft insert to brief re privilege log issue; review documents in preparation for 30(b)(6) deposition of Honeywell on imminent and substantial endangerment category; review RI Report, surface water sampling date, Anderson report and other documents in preparation for same; prepare outline of deposition on imminent and substantial endangerment issues; confer with Mr. Marraro re same. | 11.70 |
|  | BB | Analyze discovery responses and relevant correspondence received from defendant and QC chart of knowledge of employees identified by defendant in interrogatory answers in preparation for sanctions motion for Ms. Parker; research case files and production databases for pertinent documents for opposition brief, coordinate and prepare package of exhibits for local counsel for filing. | 13.30 |

W. R. Grace & Co.                                                                    Page      8

|            |     |                                                                                          | Hours |
|------------|-----|------------------------------------------------------------------------------------------|-------|
| 04/06/01   | NAB | Research and analyze client responses in preparation for brief in opposition to defendants' request for deposition; file and index case documents. | 14.20 |
| 04/07/01   | AP  | Review and revise brief; email and telephone conference with B. Hughes and J. Agnello re same. | 4.10  |
| 04/08/01   | AP  | Proof and finalize brief; gather and fax final version and exhibits. | 3.00  |
|            | BB  | Cross reference discovery responses and supplemental letters from defendant and updated chart of defendant's employees regarding site information and knowledge in preparation for sanctions motion for Ms. Parker. | 4.80  |
| 04/09/01   | AP  | Conference with B. Hughes, M. Flax re final changes to brief; conference with B. Hughes re implications of timing of Grace's knowledge of site contamination. | 2.50  |
|            | KK  | Office conference with Ms. Pelletier and Mr. Hughes re Grace and Daylin site chromium documents; review database for Grace and Daylin site documents re chromium and structural failures. | 2.00  |
|            | WH  | Revise opposition brief re Honeywell's motion to take depositions; confer with Mr. Marraro and Mr. Agnello re same; review documents in preparation for 30(b)(6) deposition of Honeywell on issue of Grace's alleged liability under CERCLA & Spill Act for response costs; review pre-1981 documents and other documents in preparation for same; prepare outline of deposition on category c issues in 30(b)(6) deposition notice. | 10.80 |

W. R. Grace & Co.                                                                   Page    9

|            |      |                                                                                                                                                                                                                                                                                                                    | Hours |
|------------|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 04/09/01   | NAB  | Update case files.                                                                                                                                                                                                                                                                                                  | 3.20  |
|            | BB   | Consult with Mr. Hughes re assignments in preparation for deposition; provide instruction and guidance to Ms. Mitchell re completion of discovery responses chart for Ms. Parker; read, analyze and cross reference site related emails produced in response to our request for Mr. Hughes; place calls to expert re site report pertinent to preparation for 30(b) (6) deposition. | 7.40  |
|            | CHM  | Review Volumes 1-4 of Wong documents in preparation for deposition; analyze plaintiffs' export reports; conference with client re various issues.                                                                                                                                                                     | 5.20  |
|            | RM   | Review 24 depositions for information re Honeywell and Mutual employees and consultants; update chart re knowledge of each named.                                                                                                                                                                                     | 8.90  |
|            | TP   | Drafting motion for sanctions including request for costs of discovery efforts, depositions re privilege log, history of efforts to schedule depositions; added cites to correspondence showing efforts to obtain discovery.                                                                                           | 7.90  |
| 04/10/01   | KK   | Review database of produced documents for pre-Daylin purchase; review and summarize deposition transcripts for Ms. Pelletier.                                                                                                                                                                                         | 11.80 |
|            | CHM  | Review prior depositions of witnesses in preparation for 30(b)(6) depositions and to determine need to supplement Grace's responses; conferences with experts re various issues; revise summary judgment brief; review first draft on sanctions motion.                                                                | 4.20  |

W. R. Grace & Co.                                                                Page    10

|  |  |  | **Hours** |
|---|---|---|---|
| 04/10/01 | NAB | File and index case documents. | 2.80 |
|  | BB | Analyze emails produced in response to our request, cross reference with produced reports and attachments and create summary report for Mr. Hughes; research document production database and cd's for pertinent documents; collect and prepare pertinent documents in preparation for deposition for Mr. Marraro. | 5.60 |
|  | RM | Review informative response re Honeywell employees and consultants; update re knowledge of each named. | 3.60 |
|  | TP | Proof read motion and added pinpoint cites to cases; office conference with Messrs. Marraro and Hughes and Ms. Pellitier re status of discovery, sanctions to request in motion; reviewed recently received deposition transcripts and letters asking for same; added quotes from deposition transcripts to the motion for sanctions to show violation of Court order to produce health effect documents; read brief re opposition to Honeywell's efforts to reopen discovery. | 9.90 |
|  | AP | Team meeting re experts and action items in trial preparation; draft and assist B. Hughes with finalizing exhibits for Motion for Summary Judgment on CERCLA issue; review deposition transcript of Dr. D. Billmaier. | 6.80 |
|  | WH | Begin drafting motion for partial summary judgment on Grace's RCRA imminent and substantial endangerment claim; legal research in support of same; review documents in preparation for 30(b)(6) deposition of Honeywell on site development issues; review | 8.80 |

W. R. Grace & Co.                                                                          Page    11

|  |  | **Hours** |
|---|---|---|
|  | Sladak deposition transcript and other documents in preparation for same. | |
| 04/11/01 MM | Office conference with Ms. Pelletier re various case project to be completed pertaining to various reports and their organization in a chart format. | 0.30 |
| BB | Cross reference produced emails, referenced reports and attachments, consult with Mr. Hughes re results and create summary report re discovery omissions; research case files re pertinent site license agreement drafts and negotiations correspondence and create indexed binder for Mr. Marraro; collect and prepare exhibits to 30(b)(6) deposition for Mr. Hughes; draft letter requesting additional production of reports and attachments to emails for Mr. Hughes; research production databases and CD's for documents pertinent to preparation for deposition for Mr. Marraro; place telephone calls and send emails to case expert re same. | 7.20 |
| AP | Review Grace documents for response cost invoices at request of B. Hughes; draft affidavit of B. Miller; read deposition of D. Billmaier. | 2.40 |
| KK | Review database of discovery for documents re chromium contamination at site to compile binder for attorneys. | 0.80 |
| LS | Revise draft motion for discovery sanctions at request of Mr. Marraro. | 2.80 |
| TP | Reviewing Honeywell privilege log and Grace's privilege log and making list of examples showing the difference in degree of detail provided on similar types of documents; printed out all cases in summary judgment | 8.10 |

W. R. Grace & Co.                                                                    Page    12

                                                                                    **Hours**

|  |  |  |  |
|---|---|---|---|
|  |  | motion and began checking cites for substance and adding pinpoint cites to brief. |  |
| 04/11/01 | CHM | Continue review of depositions; review license agreement file in connection with Wong deposition; review Sladak deposition transcript; meeting with team on assignments; conference with Dr. Goad re additional work for Dr. Davis; conference with experts re payment issues. | 4.60 |
|  | WH | Work on motion for partial summary judgment on Grace's RCRA claim; additional legal and factual research in support of same; confer with Mr. Marraro re motion and James Wong deposition; continue preparing for 30(b)(6) depositions; confer with Mr. German (ICO) re depositions. | 9.40 |
| 04/12/01 | LS | Continue to revise draft motion for discovery sanctions; review applicable rules for discovery sanctions; review case law in support of the motion for discovery sanctions. | 6.90 |
|  | AP | Draft outline for Dan Reese deposition. | 2.00 |
|  | KK | Review database for site documents re chromium and structural failures. | 6.80 |
|  | CHM | Review and edit summary judgment draft; review Wong documents (Vol. 4-8) for deposition; conference with plaintiffs re coordination on discovery. | 7.50 |
|  | NAB | File and index case documents. | 2.00 |
|  | TP | Office conference with Mr. Hughes and Ms. Banks re briefing rules, statement of undisputed facts, declarations, inserting cites; continued review of cases, added pinpoint | 4.70 |

W. R. Grace & Co.

| | | | Hours |
|---|---|---|---|
| | | cites, reviewed New Jersey Spill Act and checked cites to statute, general proof reading. | |
| 04/12/01 | BB | Research production database, document cd's and consult with expert for documents pertinent to depositions for Mr. Marraro; collect and prepare documents pertinent to depositions for Mr. Hughes; collect and prepare exhibits to summary judgement motion for Mr. Hughes and Ms. Parker; place follow up telephone calls to EPA Region III re FOIA request and arrangements for review of documents. | 9.20 |
| | WH | Review documents in preparation for Honeywell 30(b)(6) depositions on April 15-16; work with paralegal to prepare exhibits for deposition; work on deposition outline and questions. | 9.80 |
| | MM | Office conference with Mr. Hailu re searching Grace's databases for any and all reports relating to various sites to be produced; preliminary search and production of reports re same review miscellaneous memoranda and incorporate into file. | 2.10 |
| 04/13/01 | AP | Calls with B. Banks and A. Grimes re deposition scheduling and preparation. | 0.30 |
| | WH | Confer with Mr. Goad re sampling data and exhibits to be used on Honeywell deposition; confer with Mr. Davis re natural attenuation issues and suggested deposition questions; review documents re Honeywell's interim remedial measures for use in deposition. | 6.80 |
| | CHM | Analyze Mutual documents received in preparation for Wong deposition; work on summary judgment motion; plan deposition | 8.50 |

W. R. Grace & Co.

|  |  |  | **Hours** |
|---|---|---|---|
|  |  | schedules; review W. Hartford Vol. 3 deposition; conference with client re various matters; conference with J. Agnello re Honeywell discovery motion; work on affidavit as special counsel. |  |
| 04/13/01 | KK | Review database and spreadsheet of document production for chromium and structural damage documents for Ms. Pelletier. | 5.30 |
|  | DB | Incorporate new case documents into index and case file and create new expert files. | 7.50 |
|  | RM | Review informative responses re Honeywell employees and other parties and consultants; update chart re knowledge of each named. | 3.60 |
|  | MM | Search case material and copy of Ingvald L. Moe's deposition transcript produced by Honeywell, abstract of Mr. Moe's deposition and W.R. Grace's chronology for Mr. Marraro; office conference with Mr. Marraro re same; telephone conference with Investigator re work; search case material and produce copy of Honeywell's most recent privileged log, Honeywell RI Report for Study Area 7 and various documents relating to the 1973 lawsuit over the construction problems with the Great Eastern Department (Valley Fair) building and provide to Mr. Marraro with memorandum; telephone conference with State Shorthand Reporting Service re obtaining copies of exhibits produced at deposition for Mr. Marraro. | 3.60 |
|  | TP | Completed checking statutes, case cites and proofreading summary judgment and mailed current draft to Messrs. Marraro and Hughes; | 4.10 |

W. R. Grace & Co.                                                                    Page    15

                                                                        ___Hours___

|  |  |  |  |
|---|---|---|---|
|  |  | drafted letter to Mr. Caffrey re whether Mutual documents were withheld for privilege. |  |
| 04/14/01 | WH | Review Potter, Billmaier and Wong deposition transcripts in preparation for Wong and 30(b)(6) depositions; prepare questions and outline re same. | 5.80 |
| 04/15/01 | WH | Review Jim Wong deposition transcripts from insurance coverage case in preparation for Wong and 30(b)(6) deposition; prepare outline of questions re same. | 5.50 |
| 04/16/01 | LS | Review case law in support of the motion for discovery sanctions. | 1.10 |
|  | MM | Office conference with Ms. Banks re clarifying issues of chart reflecting various employees and their knowledge of the pending case issues; follow-up office conference with Mmes. Parker and Banks re same; review and search case material re requested back-up documents needed to edit chart accordingly; follow-up telephone conference with State Shorthand Reporting Services re status of producing deposition exhibits; follow-up telephone conference with investigator's office re status of background search on various people. | 1.30 |
|  | NAB | File and index case documents. | 3.70 |
|  | TP | Reviewed case cites in summary judgment and did additional research for motions. | 6.10 |
|  | RM | Review informative responses re Honeywell employees and other parties and consultants; update chart re knowledge of these named; confer with Ms. Banks re same. | 4.20 |

W. R. Grace & Co.                                                                        Page    16

|  |  |  | Hours |
|---|---|---|---|
| 04/16/01 | WH | Finish preparing for Honeywell 30(b)(6) deposition; travel to NJ for same. | 10.70 |
|  | DB | Create new case documents into case files; organize and update case files in file room. | 8.50 |
|  | BB | Review site documents forwarded from case expert in preparation for 4/19/01 deposition for Mr. Marraro and place follow up call to expert re same; confirm scheduled 4/18/01 deposition with court reporter, prepare confirmation letter and fax to all counsel of record for Ms. Pelletier; prepare additional deposition exhibits for Mr. Hughes and consult with Mr. Hughes re same; consult with Ms. Mitchell and Mr. Moasser re chart of defendant's interrogatory answers for Ms. Parker; review, organize case documents for incorporation into case files and create new case files. | 8.20 |
|  | KK | Review document productions for construction defects prior to Daylin purchase. | 1.70 |
|  | CHM | Prepare for Wong deposition. | 2.00 |
| 04/17/01 | LS | Review case law in support of the motion for discovery sanctions; revise draft motion for discovery sanctions. | 4.50 |
|  | WH | Take 30(b)(6) deposition on category c re bases for Grace's alleged liability for response costs under CERCLA and Spill Act; confer with Mr. Marraro and Mr. Agnello re same; prepare for continuation of deposition. | 11.80 |
|  | CHM | Prepare for Wong deposition; conference with Roned Realty re various points and conference with plaintiffs re Chapter 11 issues. | 8.50 |

W. R. Grace & Co.                                              Page    17

|            |     |                                                                                                                                                                                                                                                                                                                              | Hours |
|------------|-----|----|----|
| 04/17/01   | RM  | Locate correspondence with specific attachments for Mr. Marraro. | 0.60 |
|            | AP  | Review documents in preparation for Reese deposition. | 1.40 |
|            | TP  | Received Honeywell's letter on privilege log and drafted letter to Mr. Caffrey seeking Mutual documents that were withheld and reviewed log for any entries that indicated Mutual documents. | 1.30 |
|            | MM  | Telephone conference with Ms. Ann of State Shorthand Reporting Services re verifying that they are not in possession of various exhibits produced at deposition; forward e-mail to Mr. Marraro re status of same; follow-up telephone conference with investigator. | 0.40 |
|            | NAB | File and index discovery documents. | 3.00 |
|            | BB  | Continue preparation of exhibits to summary judgement motion for Mr. Marraro and Ms. Parker; review, analyze, organize new correspondence and case files; research production database, document CD's and production files for documents pertinent to preparation for deposition; place telephone calls and send emails to case expert re same for Mr. Marraro. | 9.00 |
|            | TM  | Organized case files, labeled red-wells; re-filed documents; meeting B. Banks regarding assist with upcoming deposition preparation; pulled and copied documents. | 3.60 |
| 04/18/01   | DB  | Prepare 13 volumes of documents for James Wong deposition. | 7.50 |

W. R. Grace & Co.                                                                 Page   18

|  |  |  | Hours |
|---|---|---|---|
| 04/18/01 | LS | Revise draft motion for discovery sanctions. | 2.20 |
|  | TM | Organized case files, re-filed documents; assisted B. Banks with deposition preparation; pulled and copied documents for C. Marraro; prepared binders indices; chroned and quality checked documents. | 4.50 |
|  | MM | Office conference with Mr. Marraro re producing clean copy of Senate Committee Substitute (Second Reprint) for Senate, No. 39 for the State of New Jersey; search State of New Jersey website and produced stated document; telephone conference with investigator re recent information relating to witness; forward e-mail to Mr. Marraro and file recent information re witness. | 1.10 |
|  | NAB | Prepare 13 volumes of documents for James Wong deposition. | 4.80 |
|  | AP | Preparation for Reese deposition; depose Dan Reese; preparation for M. Vasquez deposition. | 13.00 |
|  | KK | Prepare binder of chromium documents or Ms. Pelletier's deposition. | 1.50 |
|  | WH | Continue 30(b)(6) deposition re chromium contamination in surface water, groundwater, sediments and soil at site; return travel to DC; confer with Mr. Marraro re Wong deposition; confer with Ms. Pelletier re Reese deposition and preparation for same. | 9.80 |
|  | BB | Prepare deposition exhibits notebooks; research case files, collect and prepare deposition exhibits notebooks for Mr. Marraro; respond to telephone calls and place calls to local counsel; court reporter and plaintiff's counsel re scheduled depositions; telephone | 9.30 |

W. R. Grace & Co.

**Hours**

|  |  |  |  |
|---|---|---|---|
|  |  | consultation with Mr. Hughes and Ms. Pelletier re depositions; QC deposition exhibits notebooks and prepare Fed Ex packages to local counsel. |  |
| 04/18/01 | CHM | Prepare for Wong deposition. | 7.50 |
| 04/19/01 | WH | Confer with Ms. Pelletier re Vasquez deposition; prepare outline of questions for use by Ms. Pelletier in same; prepare letter to Mr. Caffrey re deposition scheduling issues; begin reviewing documents in preparation for deposition of Emil Walerko; confer with Ms. Parker re Hague deposition; confer with Mr. Marraro re status conference issues and status of discovery matters. | 8.70 |
|  | CHM | Prepare and attend Wong deposition; prepare post-deposition notes of same. | 10.00 |
|  | TP | Reviewed deposition notice and correspondence and email to Mr. Caffrey re scheduling Hague deposition; began review of summary of documents in Hague deposition preparation binder. | 1.30 |
|  | BB | Consult with Mr. Hughes re status of scheduling of remaining depositions and preparation of deposition materials; collect and prepare pertinent documents and send by courier to Ms. Pelletier; continue analyzing defendant's responses to the first set of interrogatories and relevant supplemental correspondence and cross-reference against chart of identified employees provided by defendant for Ms. Parker; update employee chart; respond to inquiries from case expert's office re status of needs for deposition | 9.70 |

W. R. Grace & Co.                                                              Page    20

|  |  | Hours |
|---|---|---|
|  | preparation materials and prepare updated memo and email to expert re same. |  |
| 04/19/01 AP | Review Vasquez correspondence and documents in preparation for Vasquez deposition; conference with B. Hughes re Vasquez deposition; draft deposition outline and organize exhibits. | 8.90 |
| 04/20/01 BB | Respond to telephone request for discovery status chart for Mr. Marraro and email to local counsel; continue cross-referencing entries on chart of defendants' responses to our first set of interrogatories against interrogatory responses, and update and proof chart for Ms. Parker; assist Ms. Parker in researching case files for documents pertinent to preparation for 4/23/01 letter to court. | 8.90 |
| TP | Read Wong deposition transcript (4/17/01); office conference with Mr. Hughes re letter to Honeywell counsel identifying deficiencies in log; read memo on privilege issues and Grace's opposition to protective order related to consultants' privilege logs; office conference with Ms. Bank re other correspondence re privilege log issues and reviewed that correspondence; began comparing Grace and Honeywell logs for examples of deficiencies in Honeywell log. | 5.70 |
| MM | Review various documents from the Grace production re flagging various reports relating to Sites 15, 120 and 157; office conference with Ms. Bynum re producing copies of stated reports for future use; search various databases for additional reports to be identified and produced; create file for same. | 2.40 |

W. R. Grace & Co.

|            |     |                                                                                                                                                                                                                                                                            | **Hours** |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------|
| 04/20/01   | KK  | Prepare Summation database of chromium building structural problem documents prior to Daylin's purchase.                                                                                                                                                                    | 4.50      |
|            | AP  | Preparation for Vasquez deposition; depose M. Vasquez.                                                                                                                                                                                                                      | 13.60     |
|            | WH  | Continue prep for Walerko deposition; confer with Mr. German and Mr. Goad re same; confer with Mr. Marraro re status conference and issues re Honeywell's privilege log; review Honeywell log and confer with Ms. Parker re drafting letter to Mr. Field re deficiencies in same; research in support of same. | 7.80      |
|            | NAB | Pull and duplicate documents for A. Pelletier.                                                                                                                                                                                                                              | 1.10      |
|            | CHM | Prepare and attend status conference in New Jersey; meeting with J. Agnello re strategy and prepare "to do" list.                                                                                                                                                           | 9.00      |
| 04/21/01   | TP  | Continue review of Honeywell log and made list of examples of each type of deficiency; email to Mr. Hughes and Ms. Pellitier re inability to locate prior letter on this issue.                                                                                             | 1.70      |
| 04/23/01   | BB  | Complete QCing and updating chart of defendant's responses to first set of interrogatories for Ms. Parker; research privilege log and documents for pertinent documents for Mr. Marraro; research document database, case background files and Lexis for pertinent corporate information for Mr. Marraro; prepare and fax letter re privilege log deficiencies to defendant for Mr. Hughes. | 10.20     |
|            | WH  | Review and revise Ms. Parker's draft letter to Mr. Field re deficiencies in Honeywell's privilege log; coordinate service of same; work on motion for partial summary judgment on                                                                                           | 9.20      |

W. R. Grace & Co.                                                    Page    22

|  |  | **Hours** |
|---|---|---|
|  | RCRA claim; confer with Mr. Valera re questions for deposition of Mr. Kyles on heaving/geotechnical issues; review Mueser Rutledge documents in preparation for Kyles deposition on April 30th. |  |
| 04/23/01 AP | Review correspondence; review notebook containing chrome knowledge documents; review and revise letter to D. Field re Honeywell Privilege Log. | 5.50 |
| CHM | Review and edit privilege log response letter; review documents in preparation for meeting with investigator. | 4.20 |
| KK | Scan and OCR pleading for Ms. Banks; review produced documents re chromium and structural damage prior to Daylin's purchase. | 4.50 |
| TP | Drafted letter to Mr. Field re privilege issue and office conference with Ms. Pelletier and Mr. Hughes re same; drafted letter to Mr. Caffrey re deposition schedule for Mr. Hague; continued review of summary of Hague documents and email to Ms. Banks re coding sheet for document summary; review of documents in Hague deposition preparation binders. | 7.90 |
| 04/24/01 WH | Confer with Mr. Kaider re collecting and creating summation database of key documents re geotechnical issues prior to 1981; review selected documents re same; confer with Letta Sneed re researching continuing tort and strict liability issues re depositions and summary judgment briefing; review Parsons documents in preparation for Kyles deposition on heaving issues. | 8.60 |

W. R. Grace & Co.

Page   23

| | | | Hours |
|---|---|---|---|
| 04/24/01 | BB | Collect documents for Mr. Hughes for preparation for deposition; research Lexis for pertinent corporate information for Mr. Marraro; consult with Mr. Hughes and Ms. Pelletier re results and arrange to obtain documents from Lexis Document Services for Mr. Hughes; update case calendar; arrange for deposition reporter; prepare letter to NYS Department of State re pertinent documents. | 7.20 |
| | TM | Assisted B. Banks with copying and organizing documents in preparation for deposition for Mr. Hughes; performed Lexis research; quality checked deposition prep binders. | 2.30 |
| | KK | Review privilege documents for construction defects prior to Grace purchase and incorporate into binder of materials. | 6.00 |
| | TP | Continued review of documents in Hague deposition preparation binders; read Mr. Wong deposition transcript (April 19). | 4.10 |
| | MM | Continue to review Grace's databases and flag all reports relating to Sites 15, 120, and 157 for Ms. Pelletier. | 1.20 |
| | AP | Research CERCLA allocation cases; conference with B. Hughes regarding document management. | 4.30 |
| | CHM | Meeting in NY with investigator. | 3.80 |
| | LS | Conference with B. Hughes re continuing tort theory and strict liability claim; legal research re applicability of the continuing tort theory. | 1.30 |

W. R. Grace & Co.                                                                    Page    24

|  |  |  | **Hours** |
|---|---|---|---|
| 04/25/01 | MM | Office conference with Mr. Hailu re reviewing Grace's databases for reports relating to Sites 15, 120, and 157. | 1.20 |
|  | AP | Research CERCLA allocation cases; conference with A. Zacaroli re legal research on knowlege issue. | 2.70 |
|  | WH | Prepare for Kyles and Walerko depositions; confer with Mr. Goad re technical questions in connection with same; confer with Mr. Marraro re Wong deposition issues and scheduling. | 7.90 |
|  | LS | Legal research re applicability of the continuing tort theory; cases supporting the srict liability claim. | 3.90 |
|  | BB | Scan pertinent case document; prepare memo re deposition transcripts for Messrs. Marraro and Hughes; respond to inquiry from case expert and prepare email message re arrangements for review of USEPA site FOIA documents; read, analyze, prepare and organize new case documents and incorporate into case files and create new case files; load deposition transcripts into Summation; perform research of production database and CDs for documents pertinent to 5/1/01 deposition for Mr. Hughes and consult with Mr. Hughes re same; prepare cover letter and FedEx package to case expert for Mr. Hughes; scan and prepare cover email forwarding pertinent document to case expert for comment for Mr. Hughes. | 11.50 |
| 04/26/01 | BB | Research production documents; collect and prepare pertinent documents re deposition preparation for Mr. Hughes; consult with Mr. Hughes re same; provide pertinent 3rd Circuit information to Mr. Marraro; research Westlaw | 5.20 |

W. R. Grace & Co.                                                          Page    25

|            |      |                                                                                                                                                                                                                                                                                                                                                     | **Hours** |
|------------|------|---------------------------------------------------------------------------------------------------------|-----------|
|            |      | for historical corporate information for Mr. Marraro.                                                    |           |
| 04/26/01   | RLS  | Create new labels for case files; organize the files in the case room; transfer pleadings to new binders. | 5.00      |
|            | LS   | Review cases supporting the strict liablity claim.                                                       | 0.50      |
|            | TP   | Continued reading of Mr. Wong's deposition and reviewed documents in Mr. Hague's deposition preparation binder; drafted letter to Mr. Caffrey re deposition schedule. | 2.70      |
|            | CHM  | Prepare affidavit; work on summary judgment brief; conference with experts re various issues; meeting with team re trial preparation. | 6.50      |
|            | WH   | Confer with Mr. Field re deficiencies in Honeywell's privilege log; confer with Mr. Russo re deposition; confer with Mr. Wise and Ms. Koch re NCP consistency issues; review Koch's CV and expert report from CA case; collect documents for review by NCP consistency expert; continue preparing for Kyles deposition on geotechnical/development issues; prepare outline and questions re same. | 9.60      |
|            | AP   | Conference with Mr. Kaider re documents; continue reviewing CERCLA allocation cases.                      | 0.80      |
| 04/27/01   | CHM  | Complete affidavit for retention as special counsel; work on summary judgment brief; review depositions; work with investigator. | 4.20      |
|            | MM   | Continue to review Grace databases re various reports relating to Sites 15, 120 and 157.                  | 0.60      |

W. R. Grace & Co.                                                                    Page    26

|  |  |  | Hours |
|---|---|---|---|
| 04/27/01 | BB | Collect and prepare pertinent documents in preparation for 4/30/01 deposition for Mr. Hughes; research production database for pertinent report for Mr. Hughes; research case files for site map prepared by defendant's expert and prepare for deposition for Mr. Hughes; collect and prepare deposition transcripts for Ms. Parker and consult re same. | 6.30 |
|  | TM | Assisted B. Banks with the collection of pertinent documents in preparation for 4/30/01 deposition for Mr. Hughes; pulled and copied relevant documents; searched database; re-filed documents. | 2.60 |
|  | WH | Confer with Mr. Schmiermund re geochemistry issues in connection with Kyles deposition; prepare outline of questions re heaving mechanisms and structural problems re Valley Fair building; prepare exhibits for May 30th Kyles deposition; confer with Ms. Parker re sanctions motion and other discovery issues. | 8.80 |
|  | TP | Email to Mr. Marraro re whether any letter requesting search of database mentioned in Mr. Wong's deposition has been sent; read Mr. Reese's deposition and identified pages and language related to the database. | 1.90 |
|  | AP | Draft and revise letter to court regarding status of privilege log dispute with Honeywell; conference with B. Hughes and C. Marraro re same; telephone conference with J. Agnello re letter; review CERCLA cases. | 3.00 |
|  | NAB | File case documents. | 0.30 |
|  | ACZ | Research of noncompliance penalty requirements under CERCLA for B. Hughes. | 0.50 |

W. R. Grace & Co.                                                                              Page    27

|  |  |  | **Hours** |
|---|---|---|---|
| 04/29/01 | WH | Prepare for 30(b)(6) deposition on heaving and geotechnical issues; travel to NJ for same. | 6.40 |
| | LS | Legal research re applicability of the continuing tort theory; cases supporting the strict liability claim; draft summary of research findings. | 3.70 |
| 04/30/01 | TM | Performed attorney search request; reviewed invoices used to compile damages report; per the request of A. Pelletier prepared summary of findings in a report by vendor; organized case files; re-filed documents. | 5.20 |
| | BB | Consult with Ms. Pelletier re status of projects forwarded to case expert; review and prepare remainder of case management schedule for attorneys; retrieve pertinent expert report and fax to case expert; research Wesltaw and Lexis news and state corporate history and dates for Mr. Marraro. | 5.50 |
| | WH | Take 30(b)(6) deposition of Honeywell re heaving and geotechnical issues; confer with Mr. German and Mr. Marraro re same; prepare for continuation of deposition; draft letter to Mr. Caffrey re additional 30(b)(6) witnesses. | 10.80 |
| | TP | Drafted letter to Mr. Caffrey re database searches; reviewed documents in preparation for Mr. Hague's deposition. | 6.90 |
| | RLS | Continue to transfer privilege log documents to new binders; create new labels. | 4.60 |
| | CHM | Meeting in NJ with expert (McGuire); prepare for continuation of Wong 30(b)(b) deposition. | 8.50 |

W. R. Grace & Co.                                                          Page    28

|  |  |  | **Hours** |
|---|---|---|---|
| 04/30/01 ACZ | Research of CERCLA case law on the effect of knowledge of purchaser and contamination on CERCLA allocation; research of New Jersey case law on agency and imputed knowledge; discussion with A. Pelletier re same. | | 5.10 |
| | KK | Add privilege document summaries to Summation database of pre-purchase documents showing construction defects. | 2.30 |

|  |  | **Amount** |
|---|---|---|
| Total Fees | 975.30 | $216,471.50 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Barbara Banks, Paralegal | 175.10 | 130.00 |
| Darlene Boozer, Legal Clerk | 49.50 | 95.00 |
| Natasha A. Bynum, Legal Clerk | 57.10 | 95.00 |
| William Hughes, Counsel | 216.10 | 305.00 |
| Keith Kaider, Paralegal | 47.20 | 130.00 |
| Christopher H. Marraro, Partner | 112.70 | 420.00 |
| Mahmoude Moasser, Paralegal | 22.10 | 130.00 |
| Rebecca Mitchell, Paralegal | 20.90 | 115.00 |
| Tonya Manago, Sr. Paralegal | 20.30 | 130.00 |
| Tamara Parker, Associate | 98.50 | 260.00 |
| Angela Pelletier, Associate | 106.70 | 200.00 |
| Letta Sneed, Associate | 30.80 | 215.00 |
| Reilly L. Smith, Paralegal | 9.60 | 115.00 |
| Alec C. Zacaroli, Associate | 8.70 | 185.00 |

EXHIBIT B

**BREAKDOWN OF EXPENSES FOR W. R. GRACE FOR APRIL 2001
BY CATEGORY**

| EXPENSE | TOTAL |
|---|---|
| Air Fares | $ 1,283.75 |
| Certified Copyof Documents | $ 30.00 |
| Copies - Outside | $ 4,059.72 |
| Copies- Internal | $ 4,173.60 |
| Delivery | $ 150.75 |
| Deposition Transcripts | $ 6,265.40 |
| Facsimile | $ 21.75 |
| FedEx | $ 598.48 |
| Lexis | $ 3,222.63 |
| Long Distance | $ 283.08 |
| Meals on Trips | $ 1,653.25 |
| Parking on Trips | $ 14.00 |
| Postage | $ 15.75 |
| Temporary Services | $ 3,510.00 |
| TOTAL | $ 25,282.16 |

MATTER 6 - HONEYWELL

EXPENSES - APRIL 2000

Wallace
King
Marraro
Branson

WALLACE KING MARRARO & BRANSON, PLLC
1050 THOMAS JEFFERSON STREET, N.W.
WASHINGTON, DC 20007
Phone 202.204.1000
Fax 202.204.1001

July 05, 2001

W. R. Grace & Co.
Attention: Akos L. Nagy
7500 Grace Drive
Columbia, MD 21044

Invoice #12194

For Out-of-Pocket Expenses in Connection with Honeywell Litigation - Matter 6

Disbursements:

|  | Amount |
|---|---|
| Air Fares for Travel in April 2001 | 1,283.75 |
| Copy Costs - Internal | 4,173.60 |
| Delivery Service | 150.75 |
| Deposition Transcript of Danny L. Reese | 828.75 |
| Deposition Transcript of James Sladack | 1,101.65 |
| Deposition Transcript of James Wong | 1,417.00 |
| Deposition Transcript of Manuel Vazquez | 1,276.75 |
| Deposition Transcript of Richard M. Ninesteel, P.E. | 1,641.25 |
| Facsimile Costs | 21.75 |
| FedEx Costs | 598.48 |
| LawResources - Temporary Services | 3,510.00 |
| Lexis Costs | 3,222.63 |
| Long Distance Charges | 283.08 |
| Meals on trips | 1,653.25 |
| Outside Copies | 4,059.72 |
| Parking on trips | 14.00 |
| Postage | 15.75 |
| State of NY-Certified Copies of Certificate | 30.00 |

W. R. Grace & Co.

| | **Amount** |
| --- | --- |
| Total Disbursements | $25,282.16 |