**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | |
| | : | Chapter 11 |
| W.R. GRACE & CO., *et al.* | : | |
| | : | Case Number 01-1139 (JJF) |
| Debtors | : | |
| | : | (Jointly Administered) |

Hearing Date: November 21, 2001 at Noon

**UNITED STATES TRUSTEE'S STATEMENT WITH RESPECT
TO DEBTORS' MOTION FOR ENTRY OF CASE MANAGEMENT
ORDER, ESTABLISHMENT OF A BAR DATE, APPROVAL OF PROOF
OF CLAIM FORMS AND APPROVAL OF NOTICE PROGRAM (Dkt. No. 545)**

DONALD F. WALTON, Acting United States Trustee for Region 3 (the "UST"), by undersigned counsel, submits the following Statement with respect to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of Proof Of Claim Forms and Approval of Notice Program (the "Case Management Motion").

Background

1.  To date, the UST has not taken a position as to any of the relief requested by the Case Management Motion, instead permitting the parties representing the several creditor constituencies in the case to take the lead in litigating and/or negotiating a resolution of the matter. However, certain statements in the Debtors' proposed Omnibus Reply to various objections to the Case Management Motion, which the UST received on November 13, 2001 (the "Proposed Reply"), raise issues that impact upon the UST's statutory duties and responsibilities pursuant, *inter alia*, to 11 U.S.C. § 1102(a) and 28 U.S.C. § 586(a)(3)(E).

2.  Among the elements of relief sought in the Case Management Motion is creation of a "Personal Injury Litigation Committee" ("PIL Committee") to act on behalf of asbestos

personal injury claimants in common issue threshold litigation proceedings that Debtors seek to establish via the Case Management Order. The legal status of this PIL Committee and the mechanics by which it would be selected were not spelled out in the Case Management Motion and initial supporting memorandum filed by the Debtors.

3. In the Proposed Reply, Debtors indicate for the first time that they envision the PIL Committee as having the status of an "additional committee[] of creditors" under section 1102(a)(2) of the Bankruptcy Code. *See, e.g.*, Proposed Reply at 62.

Only the UST May Appoint The Members of a Committee Under Section 1102

4. The Proposed Reply asserts that "[a] *court* is authorized to appoint [additional] committees . . . ." Proposed Reply at 62 (emphasis added). This is a misstatement of the Code. Section 1102(a)(2) provides that upon request of a party in interest "the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. *The United States trustee shall appoint any such committee*." (Emphasis added).

5. This power to order the appointment of additional committees gives the court the ability to remedy claims of inadequate representation, but relieves the court of the actual administrative task of deciding the membership of such committees. *In re Doehler-Jarvis, Inc.*, 1997 WL 827396 (D. Del.). *See also In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209, 211 (Bankr. S.D.N.Y. 1990). If the court decides that an additional committee is necessary in any particular case, the United States Trustee is still given the sole authority to appoint such committee. *See In re Hills Stores Co.*, 137 B.R. 4, 8 (Bankr.S.D.N.Y. 1992). Therefore, if the

Court determines that a PIL Committee should be appointed under section 1102, the composition of the committee must be left to the UST.

The UST Questions the Legal Status of and Authority For the Proposed PIL Committee

      6.    Although the UST must appoint the PIL Committee if such a committee is to be appointed as an additional committee under section 1102, the UST questions whether the Debtors have identified the appropriate legal authority for the creation of the entity in question. Under the Case Management Motion, the Debtors envision that the PIL Committee would collectively represent the interests of asbestos claimants targeted by the Debtors' common-issue claims objections seeking to disallow groups of claims on *Daubert*, product identification and other grounds.

      7.    A creditors' committee appointed pursuant to section 1102 of the Code does not typically represent members of its constituency on claims objection matters, and indeed, it appears that such representation is not within the scope of a committee's duties as spelled out in section 1103(c).

      8.    Therefore, the UST questions whether section 1102 provides authority for the appointment of a committee with the powers and duties envisioned by the Debtors. Inasmuch as the Debtors have not identified any other authority under the Code for the creation of a committee to represent claimants in opposing claims objections, the UST questions whether Debtors have established a basis for appointment of a PIL Committee as described in the Case Management Motion.

      9.    In light of the lack of clear authority underlying the PIL Committee proposal, the UST shares the concerns of certain objectors that Debtors are seeking, in effect, to create a

mandatory defendant class and designate who will act for the class. Although Debtors state in the Proposed Reply that appointment of a PIL Committee would not preclude individual creditors from retaining their own counsel, the Debtors have not explained who would have ultimate authority to act as counsel of record, how conflicts between the PIL counsel and individual counsel would be resolved, or how the PIL Committee would function in the face of large scale "opt-outs" from its representation. Although Debtors' desire to streamline claims litigation is understandable, the UST submits that the proposal as currently framed has not been fully thought out and could create a morass of side litigation over representation.

WHEREFORE the UST requests that this Court issue an order denying the Motion and/or granting such other relief that this Court deems appropriate.

Respectfully submitted,

**DONALD F. WALTON
ACTING UNITED STATES TRUSTEE**

Dated: November 19, 2001   BY:   /s/ Frank J. Perch, III
Frank J. Perch III, Esquire
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2313, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

4