# EXHIBIT "H"

# INSTRUCTIONS FOR COMPLETION OF
# CELOTEX ASBESTOS PROPERTY DAMAGE CLAIM FORM
# CATEGORY 1(a), 1(b), 1(c) & 2

## INTRODUCTION

**PLEASE READ THESE INSTRUCTIONS IN THEIR ENTIRITY BEFORE BEGINNING TO COMPLETE THE PD CLAIM FORM.**

On December 7, 1996, the Plan of Reorganization ("Plan") of Celotex Corporation and Carey Canada, Inc., (together, the "Debtor") was confirmed by the United States Bankruptcy Court of the Middle District of Florida, Tampa Division. The Plan, which became effective May 30, 1997, established the Celotex Asbestos Settlement Trust (the "Trust") and appointed W.D. Hilton, Jr. as Property Damage Claims Administrator (the "PDCA"). The PDCA is responsible for the liquidation, evaluation, payment, and disposition of asbestos property damage claims ("PD Claims") pursuant to the Celotex Asbestos Property Damage Claims Resolution Procedures ("APDCRP") set forth in the Plan. Pursuant to the APDCRP, all Asbestos Property Damage Claims ("PD Claims") must be submitted on the standardized Celotex Property Damage Claims Facility (the "PD Facility") Claim Form ("PD Claim Form") on or before:

| | |
|---|---|
| Category 1(a) | May 30, 1998 |
| Category 1(b) | August 30, 1998 |
| Category 1(c) | August 30, 1998 |
| Category 2 | November 30, 1998 |

The postmark date shall be considered the submission date.

These instructions and the directions on the PD Claim Form are intended to provide sufficient guidance to enable Claimants and/or Claimant Representatives to complete the required PD Claim Form. The staff of the PD Facility is available to answer questions about these Instructions on the PD Claim Form. The PD Facility staff may be reached by calling **1-800-650-4749 or 903-454-3925.**

**Completed PD Claim Forms must be mailed (i.e., postmarked) to the PD Facility on or before the applicable dates listed above, at the following address:**

**Celotex Property Damage Claims Facility**
**P.O. Box 8605**
**Greenville, TX  75404-8605**

Use of alternate express or delivery services such as Federal Express, UPS, or Airborne is acceptable. The date documented by the service as the pickup date will be used as the "postmark date". The following address should be used for submission of PD Claims via the alternate delivery service:

**Celotex Property Damage Claims Facility**
**2608 Eastland Avenue - Suite 202**
**Greenville, TX  75402**

There are two different PD Claim Forms that will be used for the submission of claims. **The PD Claim Form that accompanies this set of Instructions is to be used for the submission of Category 1(a), 1(b), 1(c), or 2 Claims. There is a different PD Claim Form and Instructions for Category 4 Claims that are clearly marked on the Instructions and on each page of the Claim Form as Category 4.** If the wrong PD Claim Form has been included with these Instructions or the Claimant has been categorized incorrectly, please write or call the PD Claims Facility. Corrected PD Claim Forms and Instructions, if needed, will be furnished.

The accompanying Category 1(a), 1(b), 1(c), and 2 Claim Form is provided both as a paper form and on diskette. You are urged to use the diskette claim form as a template of filing one or more Category 1(a), 1(b), 1(c), or 2 Claims for this Claimant. Although the use of paper Category 1(a), 1(b), 1(c), or 2 Claim Forms is acceptable, filing electronically via diskette will eliminate errors from data input at the PD Facility.

## Definitions

**Definitions used in these instructions are those included in Section IV.A.1-43 of the Celotex APDCRP.** A copy of the Celotex APDCRP is included with these Instructions.

Consistent with the following additional definitions, which are used in these Instructions and in the PD Claim Forms:

*"Abatement Project" means abatement activities resulting in Abatement Costs under the broader or more extensive of: (i) single Scope of Work, (ii) a set of specifications, (iii) a contract or series of related contracts, (iv) an in-house work order(s), or (v) a purchase order(s).*

*"Asbestos Property Damage Claims" means (a) any claim (including, but not limited to, any Claim) whenever and wherever arising or asserted against the Debtors, their predecessors, successors, subsidiaries, or Affiliates, and the present or former officers, directors or employees and (b) any debt, obligation or liability (whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured), whenever and wherever arising or asserted, of the Debtors, their predecessors, successors, subsidiaries or Affiliates, or their present or former officers, directors or employees (including, but not limited to, all thereof in the nature of or sounding in tort, contract, warranty, or any other theory of law, equity or admiralty); in either case (a) or (b) for, relating to, or arising by reason of, directly or indirectly, property damage (including, but not limited to, diminution in the value thereof) or economic loss related thereto (including, but not limited to, any claim for compensatory damages, proximate, consequential, general, special or punitive damages, reimbursement, indemnity, warranty, contribution or subrogation) caused or allegedly caused, in whole or in part, directly or indirectly, by the presence of asbestos or asbestos-containing products in or on buildings or other property, whether or not arising or allegedly arising, directly or indirectly, from acts or omissions of the Debtors, their predecessors, subsidiaries or Affiliates, or their present or former officers, directors or employees, or any other Entity for or with which the Debtors or their successors are or may be liable, including, but not limited to, Indirect Asbestos Claims arising from or relating to Asbestos Property Damage Claims.*

*"Corrective Action" means any action to maintain, remove, abate, remediate, or otherwise remedy any asbestos-containing material ("ACM").*

*"Qualified Person" means a qualified industrial or occupational hygienist, qualified engineer, qualified consultant, qualified contractor or Claimant's qualified asbestos coordinator.*

*"Untreated" means the Celotex ACM that has not been encapsulated nor enclosed prior to its removal.*

# General Instructions

## Terminology

The terminology used in the PD Claim Form and in these Instructions is as defined in the APDCRP. Section IV. of the APDCRP establishes the process for resolving PD Claims. All references to sections in the PD Claim Form or these Instructions are references to sections in the APDCRP (eg., Section IV.A.1.) which is the controlling authority.

## Claim Form

The PD Claim Form for Category 1(a), 1(b), 1(c), & 2 Claims has multiple sections. Each has a distinct role in gathering the data needed to make a final determination as to the Allowed Costs of any particular claim. These sections are:

| Section or Index | Section or Index Title | Required for Category | Information Broken Down By |
|---|---|---|---|
| Section A | Building Identification | All Categories | Building |
| Section B | Installation/Product Location | 1(a), 1(b), 1(c) & 2* | Where Celotex ACM is Installed |
| Section C-1 | Product Identification Cause of Action | 1(a), 1(b), 1(c), & 2** | Proof of Celotex Product Identification |
| Section C-2 | Product Identification Cause of Action | 1(a),1(b), 1(c), & 2** | Proof of Celotex Product Identification |
| Index C | Product Identification Index | 1(a),1(b), 1(c), & 2** | Index of Documents Relating to Product Identification |
| Section D-1 | Past Abatement Cost Documentation | 1(a),1(b), 1(c), & 2 unless Cost Model Elected | Abatement Project Documents Supporting Abatement |
| Section D-2 | Past Abatement Cost Documentation | 1(a), 1(b), 1(c), & 2 unless Cost Model Elected | Abatement Project Summary Information |
| Section E-1 | Past Non-Abatement Cost Documentation | 1(c) & 2 | Building or Area of ACM |
| Section E-2 | Past Non-Abatement Cost Documentation | 1(c) & 2 | Building or Area of ACM |
| Section F-1 | Future Non-Abatement Cost Documentation | 1(c) & 2 | Building or Area of ACM |
| Section F-2 | Future Non-Abatement Cost Documentation | 1(c) & 2 | Building or Area of ACM |
| Section G | Claim Summary Quantity & Allowed Costs | 1(a), 1(b), 1(c), & 2 | Installation of Celotex ACM |
| Section H(Past) | Cost Model Documentation Past Abatement Costs | All Claimants Electing Cost Model in lieu of Actual Past Abatement Costs | Installation of Celotex ACM |
| Section H(Future) | Cost Model Documentation Future Abatement Costs | 1(a), 1(b), 1(c), & 2 | Installation of Celotex ACM |
| Section I | Claim Form Certification | All Categories | |

*Each claim represents one installation of one Celotex ACM product.
**Product Identification for Category 1(a) was judicially established.

**Each installation of Celotex ACM must be filed as a separate claim.**

**If more than one Celotex Asbestos Containing Product ("Celotex Product") were installed concurrently in the same building, a separate PD Claim must be filed for each Celotex Product.** Each Celotex Product must be identified, its location in the building specified, and Abatement and Non-Abatement Cost information supplied for purposes of filing a claim.

**Abatement Cost must be specifically identified with and allocated to a particular installation of Celotex ACM to support a claim.** Abatement Projects may extend to more than one installation of ACM or a single installation of Celotex ACM may be abated in more than one identifiable project. It is required that Abatement Costs be apportioned accurately to the applicable installations abated since the basis for a claim is a single installation of one Celotex Product.

**A completed Section A must accompany each Claim (installation).** Section A will be substantially repetitive if a building contains more than one installation of Celotex ACM. However, each PD Claim will have a different Claim Number.

**Section B actually identifies installation and product information and, therefore, defines a PD Claim.** Each separate installation of Celotex ACM is a Claim. There will only be one Section B per claim. In Section B, the Claimant reports the location, within the building, and the square or lineal footage of Celotex ACM for the Celotex product installed during the identified installation.

**Section C-1 and C-2 and Index C are required for Category 1 & 2 Claimants to provide evidence of Product Identification ("PID") of Celotex ACM.** However, because PID was established by the Court in the Insurance Adversary Litigation for those participating PD Claimants now identified as Category 1(a) Claimants, no further proof of PID is necessary for those PD Claimants. Category 1(a) Representative Claimants are only required to answer Section C-1, Question 1 and Section C-2, Question 5.

**A separate Section D-1 and D-2 with Supporting Worksheets must be submitted for each Abatement Project whose costs are part of the claim.** There may be more than one Abatement Project per claim. The information requested is important in meeting the standard of "providing payment in a Cost-Effective, reasonable method." (APDCRP Section III.) A sample Supporting Worksheet is provided as part of these Instructions. If you elect to utilize the Cost Model to determine Total Allowed Costs in Section H(Past), you are not required to supply cost information requested in D-1 and D-2.

**Section E-1 and E-2 must be submitted if you claim compensable Past Non-Abatement Costs (primarily survey and operations & maintenance costs).** Only Category 1(c) and 2 Claimants are required to complete Section E-1 and E-2 to claim compensable Past Non-Abatement Costs. Such costs are determined within the application of the 3.3 Multiplier for Category 1(a) and 1(b) Claimants.

**Section F-1 and F-2 must be submitted if you claim compensable Future Non-Abatement Costs (primarily survey and operations & maintenance costs).** Only Category 1(c) and 2 Claimants are required to complete Section F-1 and F-2 to claim compensable Future Non-Abatement Costs. Such costs are determined within the application of the 3.3 Multiplier for Category 1(a) and 1(b) Claimants.

**Section G is a recap of the Cost Documentation provided in Section D (Abatement Cost Documentation), Section E (Past Non-Abatement Cost Documentation), and Section F (Future Non-Abatement Cost Documentation), for Category 1(a), 1(b), 1(c), and 2 Claims.** Since Abatement includes the removal, enclosure, encapsulation, or repair of ACM (APDCRP Section IV.A.1.), a claim

4

may include cost for Abatement of the same ACM more than once. As a part of the reasonableness standard, per square foot and/or lineal foot cost(s) will be examined for each type of Abatement. Section G sets forth the amount of the total claim. If you elect to choose the Cost Model to determine Total Allowed Past Abatement Costs in Section H (Past), you are not required to supply Past Removal Cost information in Section D and Section G, Lines 4a, 4b and 9b. However, you must complete (i) all requests for square or lineal footage since it is the basis for application of the Cost Model and (ii) all requests for Enclosure and Encapsulation cost information since those amounts are allowed in addition to the Past Removal Costs calculated by the Cost Model.

Category 1(a) and 1(b) Claimants are not required to complete Lines 10a and 10b (Total Allowed Costs for Non-Abatement Activity) since such costs are determined by the application of the 3.3 Multiplier.

**Section H(Past) provides additional information needed to determine Past Abatement Costs for Categories 1(a), 1(b), 1(c), & 2 Claims, if the PD Claimant elects to use the Cost Model in lieu of actual Past Removal Costs.** This information will be used by the Trust to determine the Past Removal Cost portion of Past Costs (APDCRP Section IV.A.28). By completing this Section H(Past), the Claimant elects to use the Cost Model to determine its claim for Total Allowed Cost for Past Removal Activity in lieu of the amount calculated in Section G, Line 9b of this PD Claim for Celotex ACM. Should you elect to choose the amount calculated in Section G, Line 9b, forego Section H(Past).

**Section H(Future) provides additional information needed to determine estimated Future Abatement Costs for Categories 1(a), 1(b), 1(c), & 2 Claims.** This information will be used by the Trust to determine Future Abatement Costs of remaining Celotex ACM. (APDCRP Section IV.A.24.)

**Section I is the Certification of the Claimant or the authorized Claimant Representative for each claim filed.**

**Each claim has a unique, 3-part claim number.** The first set of three numbers of the Claim Number is the pre-assigned Claimant Number.

The second set of four numbers is the Claimant's Building Number. Normally, the claimant's Building Numbers (the middle set of four numbers) would begin with 0001 and continue consecutively. However, the Claimant Representative may wish to reorder or group the Buildings of a Claimant in a particular order and may use the Building Numbers to do so. For instance, a State filing several Category 2 Claims may wish to group the claims, for print-out purposes, by agency or university. It could use the first two places in the Building Number for the agency/university designation and the last two places to identify the Building by number.

The third set of three numbers is a unique installation number which will always begin with 001 for the first installation of Celotex ACM in the building for which the PD Claim is being filed. If a Claimant's Building has, for example, three separate installations of Celotex ACM, in three different years, and under different construction contracts; then the Claimant has three PD Claims and the last set of three numbers in the Claim Number would be -001 for the first PD Claim, -002 for the second PD Claim, and -003 for the third PD Claim.

Sample Claim Number:   <u>000</u>     <u>0000</u>     <u>000</u>
                              Claimant #   Building #   Installation #

**DUPLICATE CLAIM NUMBERS WILL NOT BE ACCEPTED BY THE PD FACILITY.**

**Detailed instruction for each section of the PD Claim Form is provided in a later section of these instructions.**

Claimant information in the PD Facility database will be loaded in a diskette and printed on a sample of the PD Claim Forms. The rest of the information must be provided by the PD Claimant. The PD Facility urges all PD Claimants to create and use multiple copies of the Claim Form on the diskette (or additional diskettes) in filing PD Claims.

## Submitted Claim Forms and Documentation

Each PD Claim file must include all sections of the PD Claim Form and the supporting documentation that is required for the applicable claim category. Please do not rely upon or make reference to other PD Claim Forms or supporting documentation that is part of a different PD Claim. If a particular supporting document supports more than one PD Claim, attach a copy and properly index that document for each applicable PD Claim. If the PD Claim is submitted via diskette, please print a copy of the applicable PD Claim to be included with the supporting documentation.

All PD Claim Forms and supporting documentation must be readable. If any section of a PD Form or supporting documentation is illegible, resubmission will be required and there may be a delay in the processing of the PD Claim.

## Communications with the PD Claims Facility

Claimants or Claimant Representatives are encouraged to communicate directly with the PD Facility staff regarding the submission of PD Claim Forms and supporting documentation. The PD Claims Facility is staffed from 8 a.m. to 5 p.m. Central time Monday through Friday. The toll free number is 1-800-650-4749. Written requests may be mailed to:

**Celotex Property Damage Claims Facility**
**P.O. Box 8605**
**Greenville, TX  75404-8605**

**Or Via Facsimile 903-455-4375**

The staff of the PD Claims Facility is not permitted to change the Celotex Procedures nor the requirements of the PD Claim Form or these Instructions. If appropriate, questions requiring interpretation of the procedures may be forwarded to the Property Damage Claims Administrator by the staff of the PD Claims Facility.

# P. D. Claim Form – Section A

## Building Identification

### Category of Claim

For each PD Claim, the Claimant must make an election as to the proper qualifying category under which the PD Claim will be evaluated. Qualification is subject to the criteria contained in the Celotex APDCR Procedures and summarized below. The elected category must be designated in the space provided in the upper right portion of Section A. The Claimant should be certain that the PD Claim is being filed on the proper claim form for the elected category. Each page of the claim form includes the designation of the proper category.

The following is a summary of Claim Categories (APDCRP Section IV.B.2.):

### Category 1(a)

Shall include all those claims filed by Representative Claimants, which must be submitted within one year of the Effective Date. The filing deadline is May 30, 1998. The legal prerequisite requiring the Claimant to identify Celotex ACM as the basis for this claim has been met. Allowed Cost shall equal the Abatement Cost times 3.3 (the "Multiplier").

### Category 1(b)

Shall be those Celotex Pre-Existing Claims, which must be submitted within fifteen months of the Effective Date. The filing deadline is August 30, 1998. Category 1(b) Claimants must provide Product Identification showing the ACM on which the claim is based has been identified as Celotex ACM. Allowed Costs shall equal Abatement Cost times 3.3 (the "Multiplier").

### Category 1(c)

Shall be those Dana Pre-Existing Claims, which must be submitted within fifteen months of the Effective Date. The filing deadline is August 30, 1998. Category 1(c) Claimants must provide Product Identification showing the ACM on which the claim is based has been identified as S&K ACM qualifying as an S&K Claim. Allowed Costs shall equal all compensatory damages.

### Category 2

Shall include all other claims for which the Claimant provides Reasonable Evidence that the ACM on which the claim is based is Celotex ACM. Category 2 Claims must be submitted within eighteen months of the Effective Date. The filing deadline is November 30, 1998. Allowed Costs shall equal all compensatory damages.

### Category 3

Shall include all claims filed by the Certified Class Actions, or Pre-Existing Claims filed by States for which PID requirements may be relaxed where a prior judicial determination in an asbestos case supports alternative standards or alternative treatment. The filing deadline is August 30, 1998. Allowed Costs must be reasonably related to the relevant history of prior settlements reached by the Claimant or, in the

event that there is insufficient history, comparable Claimants in the tort system. No PD Claim form is required to be filed.

## Category 4

Shall include those claims for Discounted Payable Costs of TSI, which are filed within eighteen months of the Effective Date. The filing deadline is November 30, 1998. PID is not required. Claimants must use the Category 4 PD Claim Form.

### 1.  **Name and Street Address of the Building**

Identify the Name and Street Address of the Building for which the PD Claim is being filed.

### 2.  **Building Code**

In the box provided, enter one of the twenty-two Building Codes listed on the Claim Form that best identifies the usage for which the Building was constructed. Use "Other" only if the Building does not fit one of those specified. Describe the actual usage of the Building.

### 3.  **Claimant Representative Information**

Provide all the information requested in the box provided. All correspondence regarding this PD Claim will be directed to the Claimant Representative. The Claimant Representative must be authorized to act on behalf of the Claimant. The Claimant Representative may be an attorney, engineer, architect, other consultant, employee of the owner or operator of the building, or the owner or the operator of the building. The Claimant Representative will be the person presumed to have filed the PD Claim on behalf of the Claimant.

### 4.  **Claimant Information**

Provide all the information requested in the box provided. The Claimant may be the owner, operator, or certified class representative for the building. (APDCRP Section IV.A.16.) The Claimant shall be the person or entity on whose behalf the PD Claim is being filed and on behalf of whom the payment of the PD Claim will be made.

# P.D. Claim Form - Section B

## Installation/Product Location

### 1.  Building Name

For identification purposes this Building name must be the same as provided for in 1 of Section A.

### 2.  Original Construction Period

Include the time period in which the original construction of the Building occurred. This may or may not be the Installation Period of the Celotex ACM. Enter the Original Construction Period in the format of MM YYYY through MM YYYY with MM being the month and YYYY being the year.

### 3.  Installation Period for This Claim

Include the time period in which the Installation of the Celotex ACM occurred for which this PD Claim is filed. Enter the Installation Period for this PD Claim in the format of MM YYYY through MM YYYY with MM being the month and YYYY being the year.

### 4.  *Celotex Product Name*

List the name of the Celotex Product installed in this Building during the Installation Period in 3 above. If more than one Celotex Product was installed concurrently, the Claimant must file a separate PD Claim for each Celotex Product. Normally, concurrent installations would be under the auspices of a single contract or project, but it is imperative that a separate PD Claim be filed for each Celotex Product.

The Celotex Product Name must be confirmed by the PID submitted by Category 1(b), 1(c), & 2 Claimants.

To file a PD Claim for which there is Reasonable Evidence that the product contained asbestos fiber mined, distributed, or sold by Carey Canada, list the manufacturer and product name in 4 followed by "(CC Fiber)". All other requirements for filing are the same as for a Celotex Product except that the Reasonable Evidence of PID must also include Reasonable Evidence that Carey Canada asbestos fiber was used in the ACM for which this PD Claim is filed.

### 5.  Celotex Product Function

Specify the usage of the named Celotex Product, e.g., fireproofing, acoustical plaster, texture, roofing, ceiling tile, etc.

### 6.  Locations within this Building where Celotex ACM was installed

If necessary, divide the Celotex ACM areas, which are a part of the Installation for which the PD Claim is being filed, into no more than four areas in which the construction, installation of Celotex ACM, Abatement of Celotex ACM, or usage is similar. List the types of rooms, by usage or other designation

without regard to the floor of the Building, that are grouped under locations 1-4. For example, in a school the locations might be grouped as follows:

| Location #1 | Location #2 | Location #3 | Location #4 |
|---|---|---|---|
| Classrooms | Gym | Halls | Kitchens |
| Offices, Library | Auditorium | Restrooms | Vocational Shops |
| Conference Rooms | Band Hall | Foyers | Mechanical Rooms |
| Records Storage | Choir Room | Dressing Rooms | Concession stands |

For all of the rooms or areas included in each location listed in 6 above, calculate the square or lineal footage of Celotex Product that has been applied to the various installation surfaces, not the square footage of the floor space

**All TSI whose function is pipe insulation is to be quantified as lineal footage (LF). All TSI whose function is boiler or vessel insulation is to be quantified as square footage (SF). All other product types (fireproofing, ceiling tile, roofing materials, floor tile) are to be quantified as square footage (SF).**

7. <u>**Supporting Citations for Documentation Index**</u>

List the Document Number (C-###) of PID Documentation that supports the existence of the Celotex Product in each of the locations (1-4).

# PD Claim Form – Section C

## Product Identification

**Category 1(a) (Representative) Claimants are required to answer only Question 1 of Section C- 1 and Question 5 of Section C-2.**
PID was judicially established for Category 1(a) PD Claims.

**Category 1(b), 1(c) & 2 Claimants are required to complete Section C-1 and C-2 and Index C as part of the filing of this PD Claim.** Category 1(b), 1(c) & 2 are required to produce Reasonable Evidence that the ACM that is the subject of this PD Claim is Celotex ACM or that the Non-Celotex Product, for which PID is established, contained Carey Canada fiber. A PD claim for a Non-Celotex Product that contained Carey Canada asbestos fiber must provide Reasonable Evidence of (i) the PID of the Non-Celotex Product and (ii) Carey Canada asbestos fiber being used in its manufacture. The use of the term "Celotex ACM or Celotex Product" in these Instructions includes both Celotex ACM, as defined in the Plan, and Non-Celotex Products that used Carey Canada asbestos fiber. The PID requirements are enumerated in Section IV.d.5.b-c of the APDCRP.

# PD Claim Form – Section C-1

## Product Identification & Cause of Action

### 1.  Representative Claimants

Those Claimants whose cases were presented to the Bankruptcy Court in the adversary insurance proceeding, as identified in the Memorandum Opinion dated June 7, 1996, and who timely filed Proofs of Claim shall be considered Representative Claimants. Representative Claimants submitting a Category 1(a) Claim are only required to answer Question 1 of Section C-1 and Question 5 of Section C-2.

### 2.  Product Name

The Product Name should be one of the Celotex trade names such as *Spraycraft, Aircel Pipe Covering and Block, Asbestos Papers*, etc. If two or more Celotex Products were installed concurrently during the installation that is the subject of this PD Claim, a separate PD Claim should be filed for each Celotex Product. The Celotex Product reported in Section C should be identical to the Celotex Product listed in Section B.

If this is a PD Claim for a Non-Celotex Product that contained Carey Canada asbestos fiber, list the Non-Celotex Product by manufacturer and product name followed by "(CC Fiber)".

### 3.    Product Function

The Product Function should be acoustical plaster, fireproofing, ceiling tile or other descriptive use of the ACM. The intended use or function of the ACM must be adequately described. This is a repeat of information provided in Section B.

### 4. Classification of Evidence of Celotex ACM

Reasonable Evidence must be submitted that (i) the ACM that is the subject of this PD Claim is Celotex ACM or (ii) the identified Non-Celotex Product contained Carey Canada asbestos fiber. The Procedures provide that PID may be established by any of the following methods of proof:

> Classification (i) constituent analysis of representative bulk sample(s) showing the ACM that is the subject of the Claim is Celotex ACM:

> Classification (ii) a sworn affidavit of an individual with personal knowledge that Celotex ACM was used in the building or structure for which the claim is made, setting forth the individual's conclusion that Celotex or Carey Canada is the designer, miner, manufacturer, supplier, distributor or seller of the ACM and the factual basis for that conclusion;

> Classification (iii) documentation evidencing that Celotex ACM was used in the building or structure for which the claim is made including, without limitation, sales invoices; purchase orders; architectural specifications and records; bid documents; contracts and subcontracts; change orders; material approvals; maintenance, repair and renovation records; complaints to the contractors; installation records; advertisements; insurance claims; supplier records; documents from discovery in lawsuits; and Celotex or Carey Canada records. For this purpose, a specification without some additional substantiating proof that Celotex ACM was used may not sustain a claim; or

> Classification (iv) A prior judicial determination or stipulation entered into by Celotex that the ACM that is the subject of the claim is Celotex ACM.

The appropriate box(es) should be marked to indicate the method(s) of evidence used to provide Celotex PID. A brief description of the PID Classification Documents, particularly if Classification (iii) is used, must be provided. Also supporting documentation must be submitted with the PD Claim Form and identified in Index C with a Document Number. Mark the supporting documentation with the corresponding document number.

### 5. Describe PID Evidence If Other Than The Above Classifications

The Claimant should describe the Reasonable Evidence of PID attached to the Claim Form if such proof is different from the methods included in 4 above. If this is a Carey Canada fiber PD Claim, describe the Reasonable Evidence submitted to support the PID of the Non-Celotex Product and the Reasonable Evidence submitted to support the use of Carey Canada asbestos fiber in the Non-Celotex Product.

### 6. Evidence of ACM

The procedures provide that the PD Claim Form require copies of all existing bulk sample analysis results and/or records thereof, evidencing that the material for which the PD Claim is made contained asbestos. The bulk sample analysis technique must be polarized light microscopy or other generally accepted method, including those accepted by the United States Environmental Protection Agency. A minimum of one sample for each Homogenous Area for which Abatement Costs are claimed must have been analyzed. If the classification of PID evidence submitted is constituent analysis which identifies the bulk sample as being Celotex ACM, then no further proof the material is ACM will be required.

7. <u>Proof of Quantity of Celotex ACM</u>

The procedures require proof of the quantity of ACM that is claimed to be Celotex ACM. Such evidence of proof of quantity of ACM must be submitted with each PD Claim Form. If the PID proof submitted is constituent analysis, then the quantity of ACM and total square footage and/or lineal footage for each Homogenous Area must be established by Reasonable Evidence. If the PID proof submitted consists of an affidavit(s) or other documentation, the quantity of ACM in total square footage and/or lineal footage for the area claimed to be Celotex ACM must be proven by Reasonable Evidence. For example, Reasonable Evidence of quantity may be established by a qualified consultant's report provided that the proof submitted for quantity of Celotex ACM corresponds to the same area(s) claimed to be Celotex ACM in the PID proof which was submitted.

8. <u>Constituent Analysis</u>

The APDCRP require that if constituent analysis is the method of PID proof submitted, then the analysis must consist of one or more representative bulk samples. Each ACM bulk sample must be shown to be representative of a Homogenous Area as defined in the APDCRP. A report of a Qualified Person, who removed the sample(s) and considered them representative of the area(s) of Celotex ACM being claimed, is Reasonable Evidence that the bulk sample of ACM is representative of a Homogenous Area. Reasonable Evidence must also be offered that the ACM bulk sample reports and/or constituent analysis results submitted came from the ACM that is claimed to be Celotex ACM. This can be shown by attaching applicable chain of custody documentation for the samples.

9. <u>Pre-Existing Claimant</u>

If Pre-Existing Claimant status is asserted, answer "yes" and submit supporting documentation that is appropriately marked and included in Index C. As an example of appropriate supporting documentation, if the Claimant filed a lawsuit against Celotex or Dana prior to the Bar Date, attach a copy of the summons, complaint and proof of service. A Celotex Pre-Existing Claimant may file a Category 1(b) Claim. A Dana Pre-Existing Claimant may file a Category 1(c) Claim.

Pre-Existing Claimant status is relevant if the PDCA determines that the PD Claim may be factually timed-barred under the Statute of Limitations of the Applicable Jurisdiction as defined in the procedures because there is a presumption that Pre-Existing Claims are not factually time-barred. (Section IV.B.4.d)

10. <u>Certification That Claim is Not Barred</u>

The Plan and the APDCRP require the PDCA to disallow any PD Claim, where there is clear and convincing evidence that Celotex or Carey Canada would have been able to obtain summary judgment on the ground that the claim would have been barred as a matter of law or factually time-barred under the laws of the Applicable Jurisdiction if considered on the Petition Date, unless such claim has been revived or reinstated by reason of legislative enactment in the Applicable Jurisdiction. There is a presumption that Pre-Existing Claims are not factually time-barred. (Section IV.B.4.(d))

As an aid to the PDCA, an attorney, on behalf of the Claimant, must provide an affidavit, which identifies the applicable Statute of Limitations or similar applicable law and briefly outlines why the PD Claim is not time-barred. This presentation will assist the PDCA in the expeditious processing of the PD Claim. The PDCA reserves the right to assert that a PD Claim is barred due to the applicable Statute of Limitations or Repose or late-filed Proof of Claim in the bankruptcy case.

Complete the block of information regarding the attorney certifying that this PD Claim is not time-barred due to the Statute of Limitations or Repose. Disclose the Applicable Jurisdiction and attach the affidavit described above.

# PD Claim Form- Section C-2

## Product Identification & Cause of Action

1. <u>Asbestos Hazard Information.</u> To the extent that the information is available, provide information supporting documentation with respect to the hazard established by air monitoring.

2. <u>Corrective Action Information.</u>

   To the extent available, provide the documents or information, either internally or externally generated, that will demonstrate that corrective action was determined to be required due to:
   
   a.  A requirement of applicable law,
   b.  Disturbance, deterioration, or damage,
   c.  Raised levels of asbestos fibers in the building atmosphere, or
   d.  Other reasons.

3. <u>Discovery Date.</u> To the extent that the following information is available,

   a.  The Claimant is asked for the date that it was determined that the existence of Celotex ACM called for Corrective Action.
   b.  The Claimant is asked to provide the date the Corrective Action for this PD Claim was completed. If the Corrective Action has not been completed, the answer is "N/A".

4. <u>Types of Responsive Information.</u>

   In Index C, list the documents being provided responsive to Questions 1, 2 and 3 above. On Section C-2 of the Claim Form, check the types of documents being provided.

5. <u>Smith & Kanzler Claimant.</u>

   Smith & Kanzler claims shall be any claim relating to any asbestos containing product manufactured, sold or installed by, or actions or omissions of, Smith & Kanzler Company, a/k/a Smith & Kanzler Corporation. (See APDCRP IV.A.39. for definition of S&K Claim, APDCRP IV.c.3 for the impact of S&K Claimant status on the timing of claim payments, and Disclosure Statement 3.4 (c) for the description of the indemnification rights against Dana.)

# PD Claim Form-Index C

## Product Identification & Cause of Action Index

### Document Number

Each supporting PID document for this PD Claim should be numbered with both the Claim Number (see General Instructions, page (5) and a sequential Document Number beginning with C-001. List the documents sequentially by Document Number on the Product Identification & Cause of Action Index - Index C.

### "Type" Code

This code indicates the type of Supporting Document attached and listed. Examples include a *constituent analysis report* or *consultant's report*. A list of "type codes" is appended to these Instructions as Attachment A.

### "To Support" Code

This code indicates the part of this PD Claim the particular document is supporting. A document may be supporting more than one requirement of the PD Claim Form. For example, a *constituent analysis report* may be used to satisfy the PID criterion as well as proof that the material is, or was, ACM. A *consultant's report* may be used to prove that the constituent analysis sample(s) was representative by identifying or describing the Homogenous Areas that correspond to the same area(s) of ACM for which Celotex PID is offered, as well as proof of the quantity of the Celotex ACM (i.e., square or lineal footage calculated). A *material approval form* may be used to prove the PID as well as to give an estimate of the installation date. A list of "To Support" codes is appended to these Instructions as Attachment B.

### Author or Originator

Most documents have as an author an individual with an institutional or organizational affiliation. For example, a *consultant's report* may have the name of the person who conducted the inspection, as well as the company for which he or she works. An *invoice* may not have a person's name, but will have the name of the invoicing company. In the case of documents that do not have an individual as an author, only the organization or some other description need be included in the organization column. However, in a case where *advertising* is submitted as proof of PID because Celotex advertised that Spraycraft was used in the *ABCD School* and the PD Claim is for the *ABCD School*, the "person" would be Celotex and the organization should be used to indicate the name of the magazine. In the case of *discovery* taken in a lawsuit, the column for "person" should be used to describe briefly the document and the organization column should be used to state the lawsuit in which it was obtained.

If the documentation utilized to prove the PID is a specification, additional proof should be included to demonstrate that the specification was approved, or accepted, or some other evidence proving the materials manufactured by Celotex were actually installed.

### Date

List the date the document was filed, released or published.

# PD Claim Form - Section D

## Past Abatement Cost Documentation

**A separate Section D (Sections D-1, D-2), each with supporting Cost Documentation Worksheets, must be completed for each Abatement Project that is a part of this PD Claim.** Since Actual Abatement Costs for a PD Claim may consist of costs related to more than one Abatement Project, it is important to provide clear and concise information on a Project-by-Project basis to enable the staff of the PD Claims Facility to fully understand the Actual Abatement Costs reported in this PD Claim.

**In Section H(Past), the Claimant must elect one of two methods of calculating Past Abatement Costs.** The Claimant may choose Actual Past Abatement Costs by completing Sections D-1, D-2, and the Supporting Worksheets in their entirety for each Abatement Project and forgo completion of Section H(Past). Alternatively, the Claimant may elect to use the Cost Model to determine its claim for Total Allowed Cost for Past Removal Activity. If the Claimant elects to utilize the Cost Model to establish its claim for Total Allowed Cost for Past Removal Activity, completion of Section D-1, D-2, and the Supporting Worksheets is not required to determine the Total Amount of Past Removal Costs that are part of Net Past Abatement Costs. However, completion of D-2, Questions 1-4 except for dollar ($$) amounts, is required to support the square or lineal footage of Past Abatement that is presented in Question 4 of D-2 and totaled for all Abatement Projects that include Removal in Line 4, Column A of Section G. The latter is the quantity that will be used in the calculation of Total Allowed Costs for Past Removal Activity if the Claimant elects to use the Cost Model in lieu of Actual Past Removal Costs.

The election of the Cost Model for the calculation of Past Removal Costs does not take away the right of the Claimant to also assert its claim for Past Enclosure or Encapsulation Costs. To do so, the PD Claimant, should complete Section D-1 and D-2 and Supporting Worksheets for all Enclosure and Encapsulation Projects and appropriately include the summary of costs from Question 4 of D-2 in Lines 1a, 1b, 2a, 2b, 5a, 5b, 6a, and 6b of Section G.

# PD Claim Form – Section D-1

## Past Abatement Cost Documentation

**The objective of Section D-1 is to provide an Index for all documents related to the Actual Costs of each Abatement Project, that is a component of this PD Claim.** More than one Section D-1 Form may be used for a single Abatement Project if needed to list all relevant documents.

### 1.   Document Number

Each supporting document for this Abatement Project should be numbered with both the Claim Number (see General Instructions, pages 3-6) and a sequential Document Number. For the first Abatement Project for this PD Claim, the Document Number should begin with D-101. For the second Abatement Project of this PD Claim, a second D-1 form should be used and the Document Number should begin with D-201; and so on. This numbering system will allow the staff of the PD Claims Facility to more easily evaluate cost documents on an Abatement Project basis. List these sequential numbers on the Abatement Costs Documentation Form (Section D-1).

### 2.   Description of Document

Generally, the best description of the document will be its title and, perhaps, some other distinguishing characteristic, if there is more than one document that will be similarly described. The date of the document might be another easily identifiable distinguishing characteristic.

### 3.   "Type" Code(s)

This code indicates the type of supporting documentation attached and listed. Although there may be other types of Cost Documents in addition to those which are listed on the face of the Section D-1 Form and given code numbers, most should fit within these types of Cost Documents. Claimants may use an asterisk(s) to footnote different or additional codes for Cost Documentation, if needed.

### 4.   Locations

Enter the location(s) (1, 2, 3, or 4) of Abatement of Celotex ACM that is reported for this Abatement Project corresponding to the Location(s) of Celotex ACM listed in Section B. NOTE: Not all Location(s) listed in Section B will necessarily be part of each Abatement Project nor will each Abatement Project necessarily include all Location(s) listed in Section B.

### 5.   Unduplicated Dollar Amount of Abatement Cost

**Enter the unduplicated dollar amount, net of deductions for Abatement Costs not allowed under the APDCRP, attributable to a specific document as it relates to this Abatement Project.** There may be more than one document which supports a specific expenditure related to this Abatement Project. Every pertinent supporting document should be listed, but the cost related to a specific contract or work order should be listed only once, preferably with the document evidencing payment. This is what is meant by "unduplicated dollar amount." The clearest presentation of costs would be to group documents in the order in which they were issued, contracts signed and payments made. For example, an Abatement

Project may have one Scope of Work which details the division of responsibilities into two outside contracts and work to be performed by in-house personnel. The documents should be arranged so the Scope of Work is the first document listed, followed by one of the outside contracts and the corresponding Proof of Payment Documents. The second outside contract and corresponding Proof of Payment Documents would follow, with the in-house documentation comprising the final grouping of cost documents.

Deductions for costs not allowed under the APDCRP should be clearly presented on the accompanying Cost Documentation Worksheet. Payments to PD Claimants are based on Allowed Costs (Section IV.A.6.). Costs for surveys or operations and maintenance are specifically excluded from Abatement Costs, but may be claimed as Non-Abatement Costs in Section E-1 and E-2. A survey (or inspection) specifically for the design of the Abatement Project would be included in Allowed Abatement Costs. Eligible Abatement Costs (Section IV.A.2.) under the APDCRP are to be included as Allowed Costs. An extensive listing of examples of Abatement Costs are set forth in the definition of Abatement Costs. Costs of replacement of ACM with non-asbestos material, if the Abatement is part of a Demolition project, are not included in the definition of Abatement Costs. Also excluded from Abatement Costs and Allowed Costs are costs associated with renovation activities which are undertaken at least in principal part for reasons not related to asbestos management, control or Abatement.

## Total Amount of Net Claim Costs

Enter the total amount of unduplicated Abatement Costs, net of deductions for costs not allowed under the APDCRP, as a total of costs being claimed for this Abatement Project.

# PD Claim Form – Section D-2

## Past Abatement Cost Documentation

**Section D-2 must accompany each Section D-1 to summarize each Abatement Project that is part of this PD Claim.** Section D-2 also provides an outline of the Cost Documentation Worksheet(s) that must accompany each Section D-1 and D-2 to support the calculation of Abatement Costs. A Cost Documentation Worksheet is particularly important when in-house personnel are used to implement an Abatement Project and to clearly present the deductions taken for costs not allowed under the APDCRP.

### 1. Year(s) of this Abatement Project

Include all year(s) for which Abatement work under this project took place. For example, if a Renovation project took two years to complete, but all the asbestos maintenance portion of the project was completed in a single year, *list only the year in which the Abatement Project was performed.*

### 2. Scope of Work Performed

Briefly summarize the work performed in this Abatement Project. The description should include the following types of information:

  a.  Indicate the type(s) of Abatement performed (encapulation, enclosure, or removal),
  b.  Whether or not the ACM was replaced,
  c.  The size of the project (the entire building, a wing of the building, or a part of a large multi-building project), or
  d.  Whether or not the Abatement Project is part of a renovation project.

### 3. Location of Abatement Work

List of the location(s) (1, 2, 3, or 4 from Section B) and the Building where the Abatement Project was performed.

### 4. Summary of Abatement Costs for Celotex ACM Only

The table provided requests summary information from the Abatement Cost Documentation Worksheet. A PD Claim may have one or more Abatement Projects contributing to the costs being reported by the Claimant as Allowed Costs. These costs are limited to the costs of Abatement of Celotex ACM or Non-Celotex Products for which Reasonable Evidence has been submitted to prove that the Non-Celotex Product contained Carey Canada asbestos fiber.

Since the PD Claim may include costs for encapsulation or enclosure of Celotex ACM that is later removed, it is important to present and summarize the information in a way that can be easily understood by the members of the PD Claim Facility staff. The staff will be entering the quantity and total cost of each Abatement Project into the facility's database categorized by the type of Abatement being claimed as an Allowed Cost.

## 5. Cost Documentation Worksheet Requirements

The goal of the Cost Documentation Worksheet is to provide a method for the Claimants to communicate to the PD Claims Facility staff the detailed information that supports Section D-1 and D-2. So that the staff can better understand how the various documents fit together to demonstrate the entire Abatement Project as a part of the PD Claim, the following information should be provided on the Worksheet which details each contract or work order under which this Abatement Project was implemented:

5a.  Name of Contractor

If the Abatement work was performed with in-house personnel, so state.

5b.  Cost Document Numbers

Provide the document numbers from Section D-1 for this Abatement Project which relate to this contract or work that is performed by in-house personnel.

5c.  Itemization of Costs

List and describe all costs of this contract. Include the calculation of the proration or exclusion of cost related to the Abatement of Non-Celotex ACM (not containing Carey Canada asbestos-fiber) and costs not allowed under the APDCRP. If a single contract or purchase order covered Abatement in more than one Building or in multiple Installations in a single Building or related to renovations or other disallowed expenses: provide documentation to support the proration of Allowed Costs to this PD Claim. Documentation might include statements or affidavits from the contractor, architect, or other professional involved in the Abatement Project.

5d.  Net Claim Amount for the Contract

The total cost of this contract which the Claimant believes should be an Allowed Cost under the APDCRP. These costs are summarized in the table in Section D-2 where the costs of all contracts, that are a part of this Abatement Project, are aggregated.

5e.  Additional Information

As shown on the sample Cost Documentation Worksheets, this would include Date of Work And Scope of Work.

5f.  Linkage of Abatement Costs and Location of Celotex ACM

The Claimant is required to link the documented Abatement Costs for this Abatement Project to the Locations of Celotex ACM for which documentation has been provided.

Sample Cost Documentation Worksheets are included as Attachment D to these instructions to assist the Claimant in organizing the information in a form that will be easily understood by the PD Claims Facility staff.

# PD Claim Form - Section E-1

## Past Non-Abatement Cost Documentation

**Category 1(a) and 1(b) Claimants are not required to complete Section E-1 or E-2 since compensatory damages (Allowed Costs) are deemed to be 3.3 times Abatement Costs. (Section IV.A.6.) Category 1(c) and 2 Claimants must complete Section E-1 and E-2 to support a claim for the Past Non-Abatement Cost portion of compensatory damages.**

**The objective of Section E-1 is to provide an index for all documents related to compensable Past Non-Abatement Costs, which are a component of this PD Claim.** More than one Section E-1 Form may be used if needed to list all relevant documents.

### 1. Document Number

Each supporting document for compensable Past Non-Abatement Costs should be numbered with both the Claim Number (see General Instructions, pages 2-5) and a sequential Document Number. The first document should begin with E-801; the second document should be labeled E-802, and so forth. This number system will allow the staff of the PD Claims Facility to more easily evaluate Past Non-Abatement Cost documents. List these sequential numbers on the Past Non-Abatement Cost Documentation Form (Section E-1).

### 2. Description of Document

Generally, the best description of a document will be the title and, perhaps, some other distinguishing characteristic if there is more than one document that will be similarly described. The date of the document might be another easily identifiable distinguishing characteristic.

### 3. "Type" Code(s)

This code indicates the type of supporting Cost Documentation attached and listed. Although there may be other types of Cost Documentation in addition to those which are listed on the face of the Section E-1 Form and given code numbers, most should fit within these types of Cost Documents. Claimants may use an asterisk(s) to footnote different or additional codes for Cost Documentation, if needed.

### 4. Location(s)

List the location(s) (1, 2, 3, or 4 from Section B) in the Building where the Past Non-Abatement work was performed. NOTE: Not all Location(s) listed in Section B will necessarily have a part of a particular Past Non-Abatement Cost Document. Nor will each Past Non-Abatement cost document necessarily include all locations(s) listed in Section B.

### 5. Unduplicated Dollar Amount of Past Non-Abatement Costs

**Enter the unduplicated dollar amount, net of deductions for Past Non-Abatement Costs not allowed as Abatement Costs under the Celotex Procedures, attributable to a specific document as it relates to survey, operations maintenance and other Past Non-Abatement costs.** There may be more than one document which supports a specific expenditure. Every pertinent supporting document should be listed, but the cost related to a specific contract or work order should be listed only once, preferably with

21

the document evidencing payment. This is what is meant by "unduplicated dollar amount." The clearest presentation of costs would be to group documents in the order in which they were issued, contracts signed, or payments made. For example, a maintenance project may have one Scope of Work which details the division of responsibilities into two outside contracts and work to be performed by in-house personnel. The document should be arranged so that the Scope of Work is the first document listed, followed by one of the outside contracts and the corresponding proof of payment documents. The second outside contract and corresponding proof of payment documents will follow, with the in-house documentation comprising the final grouping of cost documents.

Deductions for costs not allowed under the procedures should be clearly presented on the accompanying Cost Documentation Worksheet. Payments to the PD Claimants are based on Allowed Costs (Section IV.A.6.). Costs for surveys or operations and maintenance are examples included as Allowed costs. Eligible Past Non-Abatement Costs under the APDCRP are to be included as Allowed Costs.

**Total Amount of Net Claim Costs**

Enter the total amount of unduplicated Past Non-Abatement Costs, net of deductions for costs not allowed under the APDCRP, as a total of costs being claimed.

# PD Claim Form - Section E-2

## Past Non-Abatement Cost Documentation

**Category 1(a) and 1(b) Claimants are not required to complete Section E-1 or E-2 since compensatory damages (Allowed Costs) are deemed to be 3.3 times Abatement Costs. (Section IV.A.6.) Category 1(c) and 2 Claimants must complete Section E-1 and E-2 to support a claim for the Past Non-Abatement Cost portion of compensatory damages.**

**A Section E-2 and a Past Non-Abatement Cost Documentation Worksheet(s) must accompany each Section E-1 to summarize and support Past Non-Abatement Cost Documentation for compensable Past Non-Abatement Costs that are part of this PD Claim.** Section E-2 also provides an outline of the Past Non-Abatement Cost Documentation Worksheet that must accompany each Section E-1 and E-2 to support the calculation of Past Non-Abatement Costs. The Past Non-Abatement Cost Documentation Worksheet(s) is particularly important when in-house personnel were used to implement operations & maintenance projects, and to clearly present the deductions taken for costs not allowed under the APDCRP.

### 1.  Year(s) of Survey, O&M or Other

Include all year(s) in which the Past Non-Abatement work claimed took place.

### 2.  Scope of Work Performed

Briefly summarize the work performed as Past Non-Abatement Projects. The description should include the following types of information:

  a.   Indicate the type(s) of Past Non-Abatement performed (survey, operations & maintenance),
  b.   The size of the projects (the entire building, a wing of the building or part of a large multi-building project), or
  c.   Whether or not these Past Non-Abatement Projects are part of a renovation project.

### 3.  Location of Abatement Work

List the locations (1, 2, 3, or 4 from Section B) in the Building where the Past Non-Abatement work was performed.

### 4.  Summary of Past Non-Abatement Costs for Celotex ACM Only

The table provided requests summary information from the Past Non-Abatement Cost Documentation Worksheet. A PD Claim may have one or more operations & maintenance projects contributing to the costs being reported by the Claimant as Allowed Costs.

It is important to present and summarize the information in a way that can be readily understood by members of the staff of the PD Claims Facility. The staff will be entering the applicable quantities and total cost of each survey and operations & maintenance project into the facility's database characterized by the type of Past Non-Abatement Costs being claimed as an Allowed Cost.

23

## 5.  Cost Documentation Worksheet Requirements

The goal of the Past Non-Abatement Cost Documentation Worksheet is to provide a method for the Claimants to communicate to the staff of the PD Claims Facility the detailed information that supports Section E-1 and E-2. So that the staff can better understand how the various documents fit together, the following information should be provided on a worksheet which details each contract or work order under which the survey, operations & maintenance, or other Past Non-Abatement Project was implemented:

5a.  Name of Contractor

If the Past Non-Abatement work was performed with in-house personnel, so state.

5b.  Cost Document Numbers

Provide the Document Numbers for the Section E-1 for this Past Non-Abatement work which relate to this contract or work that is performed by in-house personnel.

5c.  Itemization of Past Non-Abatement Costs

List and describe all costs of this contract. Include the calculation of the proration to exclude Past Non-Abatement Costs related to Non-Celotex ACM (not containing Carey Canada asbestos fiber) and Past Non-Abatement Costs not allowed under the APDCRP. If a single contract or purchase order covered Past Non-Abatement work in more than one building or in multiple installations in a single building, provide documentation to support the proration of Allowed Costs to this PD Claim. Documentation might include statements or affidavits from the contractor, architect, or other professionals involved in the project.

5d.  Net Claim Amount for the Contract

Enter the Total Past Non-Abatement Cost of this contract or project for which the Claimant believes there is an Allowed Cost under the APDCRP. These costs are summarized in the table in Section E-2 where the costs of all contracts that are part of this Past Non-Abatement Project are aggregated.

5e.  Additional Information

As shown on the sample Past Non-Abatement Cost Documentation Worksheets, this would include date of work and scope of work.

5f.  Linkage of Past Non-Abatement Costs and Location of Celotex ACM

The Claimant is required to link the documented Past Non-Abatement Costs for this Past Non-Abatement Project to the locations of Celotex ACM for which documentation has been provided.

Sample Past Non-Abatement Cost Documentation Worksheets are included as Attachment E to these instructions to assist the Claimant in organizing the information in a form that will be easily understood by the PD Claims Facility staff.

# PD Claim Form - Section F-1

## Future Non-Abatement Cost Documentation

**Category 1(a) and 1(b) Claimants are not required to complete Section F-1 or F-2 since compensatory damages (Allowed Costs) are deemed to be 3.3 times Abatement Costs. (Section IV.A.6.) Category 1(c) and 2 Claimants must complete Section F-1 and F-2 to support a claim for the Future Non-Abatement Cost portion of compensatory damages.**

**The objective of Section F-1 is to provide an index for all documents related to compensable Future Non-Abatement Costs, which are a component of this PD Claim.** More than one Section F-1 Form may be used if needed to list all relevant documents.

### 1. Document Number

Each supporting document for compensable Future Non-Abatement Costs should be numbered with both the Claim Number (see General Instructions, pages 3-6) and a sequential Document Number. The first document should begin with E-901; the second document should be labeled E-902, and so forth. This number system will allow the PD Claims Facility staff to more easily evaluate Future Non-Abatement Cost documents. List these sequential numbers on the Future Non-Abatement Cost Documentation Form (Section F-1).

### 2. Description of Document

Generally, the best description of a document will be the title and, perhaps, some other distinguishing characteristic if there is more than one document that will be similarly described. The date of the document might be another easily identifiable distinguishing characteristic.

### 3. "Type" Code(s)

This code indicates the type of supporting Cost Documentation attached and listed. Although there may be other types of Cost Documentation in addition to those which are listed on the face of the Section F-1 Form and given code numbers, most should fit within these types of Cost Documents. Claimants may use an asterisk(s) to footnote different or additional codes for Cost Documentation, if needed.

### 4. Location(s)

List the location(s) (1, 2, 3, or 4 from Section B) in the Building where the Future Non-Abatement work was performed. NOTE: Not all Location(s) listed in Section B will necessarily have a part of a particular Future Non-Abatement Cost Document. Nor will each Future Non-Abatement cost document necessarily include all locations(s) listed in Section B.

### 5. Unduplicated Dollar Amount of Future Non-Abatement Costs

**Enter the unduplicated dollar amount, net of deductions for Future Non-Abatement Costs not allowed as Abatement Costs under the Celotex Procedures, attributable to a specific document as it relates to survey, operations maintenance and other Future Non-Abatement costs.** There may be more than one document which supports a specific projected expenditure. Every pertinent supporting

document should be listed, but the cost related to a specific contract or future project should be listed only once. This is what is meant by "unduplicated dollar amount." The clearest presentation of projected costs would be to coincide with the presentation suggested for the Future Non-Abatement Cost Worksheet in 5 of F-2. It is suggested that the Worksheet be organized by Future Activity or project, recurring annual cost, non-recurring costs, number of years or times the activity will occur, total cost of each activity or project, and total Future Non-Abatement Costs.

Deductions for (i) Future Costs not allowed under the procedures should be clearly presented on the accompanying Cost Documentation Worksheet. Payments to the PD Claimants are based on Allowed Costs (Section IV.A.6.). Costs for surveys or operations and maintenance are examples included as Allowed costs. Eligible Future Non-Abatement Costs under the APDCRP are to be included as Allowed Costs.

### Total Amount of Net Claim Costs

Enter the total amount of unduplicated Future Non-Abatement Costs, net of deductions for (i) Future Costs not allowed under the APDCRP, as a total of costs being claimed.

# PD Claim Form - Section F-2

## Future Non-Abatement Cost Documentation

**Category 1(a) and 1(b) Claimants are not required to complete Section F-1 or F-2 since compensatory damages (Allowed Costs) are deemed to be 3.3 times Abatement Costs. (Section IV.A.6.) Category 1(c) and 2 Claimants must complete Section F-1 and F-2 to support a claim for the Future Non-Abatement Cost portion of compensatory damages.**

**A Section F-2 and a Future Non-Abatement Cost Documentation Worksheet(s) must accompany each Section F-1 to summarize and support Future Non-Abatement Cost Documentation for compensable Future Non-Abatement Costs that are part of this PD Claim.** Section F-2 also provides an outline of the Future Non-Abatement Cost Documentation Worksheet that must accompany each Section F-1 and F-2 to support the calculation of Future Non-Abatement Costs. The Future Non-Abatement Cost Documentation Worksheet(s) is particularly important in clearly presenting the Non-Abatement Costs to be incurred in the Future that are attributable to the installation of Celotex ACM that is the subject of this PD Claim.

### 1. Year(s) of Survey, O&M or Other

Include all year(s) in which the Future Non-Abatement costs will be incurred.

### 2. Scope of Work to be Performed

Briefly summarize the work to be performed as Future Non-Abatement Projects. The description should include the following types of information:
- a. Indicate the type(s) of Future Non-Abatement performed (survey, operations & maintenance),
- b. The size of the projects (the entire building, a wing of the building or part of a large multi-building project), or
- c. Whether or not these Future Non-Abatement Projects are part of a renovation project.

### 3. Location of Abatement Work

List the locations (1, 2, 3, or 4 from Section B) in the Building where the Future Non-Abatement work will be performed.

### 4. Summary of Non-Abatement Costs for Celotex ACM Only

The table provided requests summary information from the Future Non-Abatement Cost Documentation Worksheet. A PD Claim may have one or more operations & maintenance projects contributing to the costs being reported by the Claimant as Allowed Costs.

It is important to present and summarize the information in a way that can be readily understood by members of the PD Claims Facility staff. The staff will be entering the applicable quantities and total cost of each survey and operations & maintenance project into the facility's database characterized by the type of Future Non-Abatement Costs being claimed as an Allowed Cost.

## 5.  Cost Documentation Worksheet Requirements

The goal of the Future Non-Abatement Cost Documentation Worksheet is to provide a method for the Claimants to communicate to the PD Claims Facility staff the detailed information that supports Section F-1 and F-2. So that the staff can better understand the Future Non-Abatement Costs to be incurred, the following information should be provided on a worksheet which details each contract or future project under which the survey, operations & maintenance, or other Future Non-Abatement Project will be implemented:

Activities listed and all projected costs and number of occurrences must be based on Expert Reports (Reports of Qualified Persons). The PD Facility Staff will consider these projected activities and associated costs based on Past Non-Abatement Cost Report in E-1 and E-2.

5a.  List Future Non-Abatement activities required for safe and effective management of existing Celotex ACM.

5b.  Itemization of the annual cost of recurring Future Non-Abatement activities, including a proration to exclude Future Non-Abatement Costs related to Non-Celotex ACM and Future Non-Abatement Costs and Future Non-Abatement Costs not compensable under the Celotex PD Procedures.

5c.  Itemization of the cost of non-recurring Future Non-Abatement activities, including a proration to exclude Future Non-Abatement Costs related to Non-Celotex ACM and Future Non-Abatement Costs not compensable under the Celotex PD Procedures.

5d.  Number of years that recurring Future Non-Abatement Costs will be incurred.

5e.  Total Cost of each Future Non-Abatement Activity.

5f.  Total Future Non-Abatement Costs net of exclusions from 5b and 5c. above.

5g.  Linkage of Future Non-Abatement Costs and Location of Celotex ACM.

The Claimant is required to link the documented Future Non-Abatement Costs for this Future Non-Abatement Project to the locations of Celotex ACM for which documentation has been provided.

Sample Future Non-Abatement Cost Documentation Worksheets are included as Attachment F to these instructions to assist the Claimant in organizing the information in a form that will be easily understood by the PD Claims Facility staff.

# PD Claim Form - Section G

## Claim Summary
## Quantity & Allowed Costs

**The Claim Summary (Section G) is the aggregation of the Abatement Project Costs reported in one or more Costs Documentation Summaries (Section D-2) for this PD Claim, as well as the Non-Abatement Costs reported in the Past Non-Abatement Costs Documentation summary (Section E-2) and the Future Non-Abatement Costs Documentation summary (Section F-2).** The Claim Summary is the calculation of all Abatement quantity and costs for a particular installation of Celotex ACM. It is also the summary of all Past and Future Non-Abatement Costs. The Claim Summary is the actual PD Claim amount being filed for a particular installation of Celotex ACM, if the Claimant elects to utilize actual Past Removal Costs in lieu of the calculation results of the Cost Model. If the Cost Model is used in lieu of Actual Past Removal Costs, only those dollar amounts related to Removal Costs can be omitted. All other dollar amounts will be used in the allowances of the PD Claim.

**The Claim Summary requires the aggregation of Abatement data by:**

### A.  Total Quantity

The form asks for the total quantity in square or lineal feet of Celotex ACM. It is not asking for square footage of floor space. Information in this column will be used in the calculation of Total Allowed Costs of Past Abatement Activity if the Claimant elects to use the Cost Model in lieu of Actual Past Abatement Costs.

### B.  Locations

List the location numbers, where appropriate, for the various categories of Past Abatement activity. Use the location numbers assigned in Section B.

### C.  Past Costs

List the aggregated Incurred Cost prior to filing this PD Claim, where appropriate, for the various categories of Activity.

**The Claim Summary also requires the separate reporting of Abatement by:**

### 1.  Enclosed & Later Removed

This is limited to information for Celotex ACM that was originally enclosed and then subsequently removed. The applicable Cost for this line is only the Past Cost of enclosure.

### 2.  Encapsulated & Later Removed

This is limited to information for Celotex ACM that was originally encapsulated and then subsequently removed. The applicable Cost for this line is only the Past Cost of encapsulation.

29

### 3. Untreated & Removed

This is limited to information <u>for Celotex ACM that has not been enclosed nor encapsulated and has been removed.</u> Complete Column A (Quantity) and Column B (Location). The cost of Removal will be included in Line 4 Column C with the cost of Removal of previously enclosed or encapsulated Celotex ACM.

### 4. Total ACM Removed

This is the information for <u>all</u> Celotex ACM from this particular PD Claim that was removed. <u>This line includes previously enclosed and encapsulated Celotex ACM as well as untreated Celotex ACM that has been removed.</u> The applicable cost for this is only the Past Cost of removal.

If the Claimant elects to use the Cost Model calculation in lieu of Actual Total Allowed Cost of Past Abatement Activity, it is imperative that the square or lineal footage of Total ACM Removed be provided. This is the quantity used in the Cost Model calculation.

### 5. Enclosed & Remaining

This line asks for information regarding <u>Celotex ACM that has been enclosed but has not been removed.</u> The applicable cost for this line is only the Past Cost of enclosure of the Remaining ACM.

### 6. Encapsulated & Remaining

This line asks for information regarding <u>Celotex ACM that has been encapsulated but has not been removed.</u> The applicable cost for this line is only the Past Cost of encapsulation of the Remaining ACM.

### 7. Untreated & Remaining

This line asks for information regarding <u>Celotex ACM that has not been treated and remains in the Building.</u> The line asks only for square and/or lineal footage and location of the Remaining Untreated Celotex ACM.

### 8. Total To Be Removed – Remaining Celotex ACM

This line asks only for the <u>Total Square and/or Lineal Footage of Remaining Celotex ACM.</u> This line, the total of Column A, Lines 5, 6, and 7, will be used to calculate the Future Estimated Allowed Costs for those Claimants qualified for such payments.

### 9. Total Allowed Costs for Past Abatement Activity

Calculate the Total Allowed Costs for Past Enclosure & Encapsulation by adding lines 1a, 1b, 2a, 2b, 5a, 5b, 6a, and 6b of Column C. Calculate the Total Allowed Costs for Past Removal by adding lines 4a and 4b of Column C unless the Claimant elects to use the Cost Model in which case Line 9b is zero.

### 10. Total Allowed Costs for Non-Abatement Activity

Calculate the Total Allowed Costs for Past Non-Abatement Activity (Line 10a) by totaling all Past Non-Abatement Costs from Section E-2. Calculate the Total Allowed Costs for Future Non-Abatement Activity (Line 10b) by totaling all Future Non-Abatement Costs from Section F-2.

**11. Total Allowed Past Costs & Future Non-Abatement Costs**

For Claimants electing to use Past Actual Cost, in lieu of the Cost Model for Past Abatement Activity, in Line 11a, total lines 9a, 9b, 10a and 10b. This yields the total of all components (Enclosure, Encapsulation, and Removal) of Past Abatement Activity and both Past Non-Abatement and Future Non-Abatement activity:

If the Claimant elects to use the Cost Model for Past Removal Costs, in Line 11b, total lines 9a, 10a, and 10b. This yields the total of Past Enclosure and Encapsulation activity and Past Non-Abatement and Future Non-Abatement activity. It does not include Past Removal Costs which are calculated by the Cost Model, if it is elected for use.

Use 11a or 11b, based on the election with respect to the Cost Model for Past Abatement Activity. Do not use both.

31

# PD Claim Form- Section H(Past)

## Cost Model Documentation
## Past Abatement Costs

The information in Section H(Past) is necessary to determine Allowed Costs, in accordance with the APDCRP, if the Claimant elects to use the Cost Model to calculate the Allowed Cost of Past Removal Activity related to Celotex ACM.

By answering the "election question" affirmatively, the Claimant elects to use the Cost Model to determine its claim for Total Allowed Costs for Past Removal Activity in lieu of the amount enumerated for Removed in Section D-2 and totaled in Section G, Line 9b. Should the Claimant so elect, all twelve questions in Section H(Past) must be answered (Enter "N/A" or "O" where appropriate). The data gathered from the Claimant's answers will allow the Cost Model to determine, under fair and rational methodology, the Total Allowed Cost of Past Removal Activity. This determination is applicable for Categories 1(a), 1(b), 1(c), and 2.

# PD Claim Form- Section H(Future)

## Cost Model Documentation
## Future Abatement Costs

The information in Section H(Future) is necessary to determine Allowed Costs, in accordance with the APDCRP, for the Abatement (Removal) of Remaining Celotex ACM.

The PDCA developed the 12 questions in Section H(Future) to obtain information necessary to implement the Cost Model for PD Claims to determine Future Allowed Cost for the Abatement (Removal) of Remaining Celotex ACM. This determination is applicable for Categories 1(a), 1(b), 1(c), and 2.

All questions must be answered. (Enter "N/A" or "O" where appropriate).

## PD Claim Form - Section I

### Certification

The APDCRP state that a Property Damage Claim will be disallowed if "the Claimant did not file a timely Proof of Claim within the meaning of the Bankruptcy Code and Bankruptcy Rules". **The Claimant must provide a copy of the timely-filed Proof of Claim being relied upon for this PD Claim.**

The APDCRP require that each submitted Claim Form include executed certification. (Section IV.d.1(a)). The individual authorized to submit the Claim Form on behalf of the Claimant is required to sign the Certification Form on the "Signature:" line and complete the remainder of the requested claim form. A notary must witness this certification.

## Attachment A

### "Type" Codes

| Code | Document |
|------|----------|
| ADS | Advertisements |
| AFF | Affidavit |
| APP | Abatement or Installation Contractor's Application for Payment |
| ASP | Architectural Specification |
| BID | Bid Documents |
| BLP | Blueprints, Floor Plans or Construction Documents |
| BSR | Document Bulk Sample Report |
| CAR | Constituent Analysis Report |
| CHO | Change Order |
| COM | Complaint to Contractor |
| CON | Contract or Sub-contract |
| CRP | Consultant Report |
| CXD | Celotex Document or Record |
| DDC | Lawsuit Discovery Documents |
| DEL | Delivery Ticket |
| IDC | Internal Document |
| IHR | Industrial Hygienist Report |
| INS | Insurance Claim |
| INV | Invoices or Bills |
| OTH | Other |
| PLN | Asbestos Plan |
| PUA | Purchase Orders |
| SUR | Survey Reports |
| VOU | Purchase or Delivery Voucher |

## Attachment to B

### "To Support" Codes

| Code | Document |
|------|----------|
| ACM | Material Contains More Than 1% Asbestos |
| HMA | Material is a Single Homogenous Area |
| IND | Installation Date |
| LOC | Locations of ACM Abated or Remaining |
| PID | Product Identification Evidence |
| QTY | Quantity of ACM Abated or Remaining |
| REP | Sample(s) Used for Constituent Analysis is(are) Representative |

# Attachment D

## Example Worksheet of Past Abatement Costs

### PIKE COUNTY
### COURTHOUSE

| | |
|---|---|
| Work Performed: | Replacement of Celotex Ceiling Tile |
| Date of Work: | May 5, 1990 |
| Scope of Work: | Contractor to remove existing Asbestos Containing Ceiling Tile. In-house personnel to replace with new suspended ceiling. |
| Contractor: | ABC Abatement Co., Inc. |
| Explanation: | Apportion the abatement costs to abatement and replacement of Celotex ceiling tile and to non-Celotex ceiling tile. 1500 SF of the ACM ceiling tile was found to be manufactured by Armstrong, Inc. and 1659 SF of the ACM ceiling tile was identified as Celotex ACM (1500 SF/3159 SF = 47.4%  1659 SF/3159 SF = 52.6%) |

| Labor: | | Total | Non-Celotex | Celotex |
|---|---|---|---|---|
| | Supervisor | $ 3,263 | $ 1,547 | $1,716 |
| | 8 man crew | 23,040 | 10,921 | 12,119 |
| D-101 | Total labor for enclosure | $ 26,303 | $ 12,468 | 13,835 |

| Materials: | | | | |
|---|---|---|---|---|
| D-102 | Kilgores – Inv. # 26268 | $ 1,148 | | |
| D-103 | Kilgores – Inv. # 26301 | $ 2,266 | | |
| D-104 | Kilgores – Inv. # 26329 | $ 1,022 | | |
| | Total | $ 4,436 | $2,103 | $2,333 |
| D-105 | Check #5008 dated May 25, 1990-$ 4,436 | | | |
| | Total Past Abatement Costs | | $14,570 | **$16,169** |

## Attachment E

### Example Worksheet of Past Non-Abatement Costs

### PIKE COUNTY
### COURTHOUSE

| | |
|---|---|
| Work Performed: | Asbestos Survey |
| Date of Work: | May 1, 1990 date of Survey |
| Scope of Work: | Survey Pike County Courthouse |
| Contractor: | Keystone Testing & Cleaning Co. |

| E-101 | Invoice # 3926 | | |
|---|---|---|---|
| | dated May 2, 1990 | $ 1,500 | |
| E-102 | Check #5009 | | |
| | dated May 25, 1990- | | $ 1,500 |

---

| | |
|---|---|
| Work Performed: | Asbestos Management Plan |
| Date of Work: | May 1, 1990 date of Plan |
| Scope of Work: | Plan for Pike County Courthouse to monitor, manage in place, train personnel, and abate as required. |
| Contractor: | Keystone Testing & Cleaning Co. |

| E-104 | Invoice # 3927 | | |
|---|---|---|---|
| | dated May 2, 1990 | $ 2,500 | |
| E-105 | Check #4931 | | |
| | dated May 15, 1990- | | $ 2,500 |

---

| | |
|---|---|
| Work Performed: | Operations and Maintenance |
| Date of Work: | May 1, 1990 through May 1, 1998 |
| Scope of Work: | Monitor and clean asbestos containing dust in Pike County Courthouse |
| Contractor: | Keystone Testing & Cleaning Co. |

| E-106 | Invoice # 4001 | | |
|---|---|---|---|
| | dated May 2, 1990 | $ 5,000 | |
| E-107 | Check #5010 | | |
| | dated May 25, 1990- | | $ 5,000 |
| E-108 | Invoice # 5692 | | |
| | dated May 2, 1991 | $ 5,100 | |

| E-109 | Check #6123 | | |
| | dated May 25, 1991- | | $ 5,100 |
| E-110 | Invoice # 6699 | | |
| | dated May 2, 1992 | $ 5,202 | |
| E-112 | Check #7682 | | |
| | dated May 25, 1992 | | $ 5,202 |
| E-113 | Invoice # 8231 | | |
| | dated May 2, 1993 | $ 5,306 | |
| E-114 | Check #8856 | | |
| | dated May 25, 1993 | | $ 5,306 |
| E-115 | Invoice # 9326 | | |
| | dated May 2, 1994 | $ 5,412 | |
| E-116 | Check #9168 | | |
| | dated May 25, 1994 | | $ 5,412 |
| E-117 | Invoice # 1052 | | |
| | dated May 2, 1995 | $ 5,520 | |
| E-118 | Check #1099 | | |
| | dated May 25, 1995 | | $ 5,520 |
| E-119 | Invoice # 2693 | | |
| | dated May 2, 1996 | $ 5,630 | |
| E-120 | Check #2500 | | |
| | dated May 25, 1996 | | $ 5,630 |
| E-121 | Invoice # 3692 | | |
| | dated May 2, 1997 | $ 5,742 | |
| E-122 | Check #3066 | | |
| | dated May 25, 1997 | | $ 5,742 |
| | Total Past Operations and Maintenance | | $42,912 |

Total Past Non-Abatement Costs          $46,912

| | Total | Celotex | Non-Celotex |
| --- | --- | --- | --- |
| Square Footage | 3159 | 1659 | 1500 |
| Apportionment | 100% | 52.6% | 47.4% |
| Total Past Non-Abatement Cost | $46,912 | $24,675 | $22,237 |

Attachment F

**Example Worksheet of Future Non-Abatement Costs**

### PIKE COUNTY
### COURTHOUSE

| | |
|---|---|
| Work Performed: | Operations and Maintenance |
| Date of Work: | May 1, 1998 through May 1, 2000 |
| Scope of Work: | Monitor and clean asbestos containing dust in Pike County Courthouse |
| Contractor: | Keystone Testing & Cleaning Co. |
| Explanation: | Past operations and maintenance increased at a 2% rated per year. This rate was applied to the future operations and maintenance cost. Pike County expects to continue O&M until 2000 when the abatement is scheduled. The Future Non-Abatement Costs are supported by the documents: F-101, F-102, F-103, F-104, F-105. |

Future Invoice
dated May 2, 1998      $ 5,856

Future Invoice
dated May 2, 1999      $ 5,973

Future Invoice
dated May 2, 2000      $ 6,092


Total Future Operations and Maintenance      $17,921

Total Future Non-Abatement Costs      $17,921

| | Total | Celotex | Non-Celotex |
|---|---|---|---|
| Square Footage | 3159 | 1659 | 1500 |
| Apportionment | 100% | 52.6% | 47.4% |
| Total Future Non-Abatement Cost | $17,921 | $ 9,426 | $ 8,495 |