**Section D-2**

Attached?          Paper          Yes ☐          No ☐
                   Electronic     Yes ☐          No ☐

#1     Has year(s) of Abatement project been provided?
       Yes     ☐          Date: mm _____ yy _____
       No      ☐
       N/A     ☐          (Claimant has yet to abate ACM) – Skip to Section F-2

#2     Has "Scope of Work" been answered?

       Yes ☐          No ☐

#3     Has locations been provided?

       Yes ☐          No ☐

#4     Has the summary of this abatement project for Celotex ACM been provided?

       Yes ☐          No ☐

#5     Are the Cost Documentation Worksheets attached?

       Yes ☐          No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

**Are Past Non-Abatement Costs claimed? If "No", skip to Section F**      Yes ☐   No ☐

**Section E-1**   (one per Abatement Project)

Attached?     Paper      Yes ☐      No ☐
               Electronic   Yes ☐      No ☐

Have the supporting Documents listed been provided?

      Yes ☐           No ☐

**Section E-2**

Attached?     Paper      Yes ☐      No ☐
               Electronic   Yes ☐      No ☐

#1     Has year(s) of Abatement project been provided?
      Yes     ☐        Date: mm _____ yy_____
      No      ☐
      N/A     ☐        (Claimant has yet to abate ACM) – Skip to Section F-2

#2     Has "Scope of Work" been answered?

      Yes ☐           No ☐

#3     Has locations been provided?

      Yes ☐           No ☐

#4     Has the summary of this abatement project for Celotex ACM been provided?

      Yes ☐           No ☐

#5     Are the Cost Documentation Worksheets attached?

      Yes ☐           No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

**Are Future Non-Abatement Costs claimed? If "No", skip to Section G**     Yes ☐     No ☐

**Section F-1**

Attached?     Paper     Yes ☐     No ☐
                 Electronic     Yes ☐     No ☐

Have the supporting Documents listed been provided?

    Yes ☐            No ☐

**Section F-2**

Attached?     Paper     Yes ☐     No ☐
                 Electronic     Yes ☐     No ☐

#1     Has year(s) of Future Non-Abatement project been provided?
      Yes     ☐         Date: mm _____ yy_____
      No      ☐
      N/A    ☐

#2     Has "Scope of Work" been answered?

    Yes ☐            No ☐

#3     Has locations been provided?

    Yes ☐            No ☐

#4     Has the summary of this Future Non-Abatement project for Celotex ACM been provided?

    Yes ☐            No ☐

#5     Are the Cost Documentation Worksheets attached?

    Yes ☐            No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

Section H (Past)

Attached?    Paper      Yes ☐        No ☐
             Electronic  Yes ☐        No ☐

Has Claimant elected to use Cost Model to determine Past Abatement Cost?
    Yes ☐      No ☐
    If "No" skip to next section

#1    Square/Lineal Feet of ACSTM located 15 feet or more above floor    _____

#2    Square/Lineal Feet of ACSTM in areas that will be occupied    _____

      Is attachment HP2 attached?    Yes ☐    No ☐

#3    Will additional costs be incurred for security reasons?    Yes ☐    No ☐

      Is attachment HP3 attached?    Yes ☐    No ☐

#4    Square/Lineal Feet of ACSTM located above 3rd floor    _____

#5    Are Special Protective Coverings required?    Yes ☐    No ☐

      Is attachment HP5 attached?    Yes ☐    No ☐

#6    Square/Lineal Feet of ACSTM has been Encapsulated    _____

#7    Square/Lineal Feet of ACSTM has been Enclosed    _____

      Is attachment HP7 attached?    Yes ☐    No ☐

#8    Are there any special items that must be removed or replaced?    Yes ☐    No ☐

      Is attachment HP8 attached?    Yes ☐    No ☐

#9    Are there any areas less than 1,000 SF/LF that must be abated separately?  Yes ☐    No ☐

      Is attachment HP9 attached?    Yes ☐    No ☐

#10   Square/Lineal Feet of ACSTM located in an area with sloped floors    _____

      Is attachment HP10 attached?   Yes ☐    No ☐

#11   Is any floor covering that must be removed or replaced?    Yes ☐    No ☐

      Is attachment HP11 attached?  Yes ☐    No ☐

#12   Is the Building scheduled for demolition following Abatement?    Yes ☐    No ☐

Comments
_____
_____
_____
_____

**Section H (Future)**

Attached?   Paper        Yes ☐        No ☐
            Electronic   Yes ☐        No ☐

Is Claimant making a Claim for Future Costs?                                    Yes ☐    No ☐
If "No", skip Section HF.

#1    Square/Lineal Feet of ACSTM located 15 feet or more above floor          _____

#2    Square/Lineal Feet of ACSTM in areas that will be occupied               _____

      Is attachment HF2 attached?    Yes ☐    No ☐

#3    Will additional costs be incurred for security reasons?                  Yes ☐    No ☐

      Is attachment HF3 attached?    Yes ☐    No ☐

#4    Square/Lineal Feet of ACSTM located above 3rd floor                      _____

#5    Are Special Protective Coverings required?                               Yes ☐    No ☐

      Is attachment HF5 attached?    Yes ☐    No ☐

#6    Square/Lineal Feet of ACSTM has been Encapsulated                        _____

#7    Square/Lineal Feet of ACSTM has been Enclosed                            _____

      Is attachment HF7 attached?    Yes ☐    No ☐

#8    Are there any special items that must be removed or replaced?            Yes ☐    No ☐

      Is attachment HF8 attached?    Yes ☐    No ☐

#9    Are there any areas less than 1,000 SF/LF that must be abated separately?  Yes ☐    No ☐

      Is attachment HF9 attached?    Yes ☐    No ☐

#10   Square/Lineal Feet of ACSTM located in an area with sloped floors        _____

      Is attachment HF10 attached?   Yes ☐    No ☐

#11   Is any floor covering that must be removed or replaced?                  Yes ☐    No ☐

      Is attachment HF11 attached?   Yes ☐    No ☐

#12   Is the Building scheduled for demolition following Abatement?            Yes ☐    No ☐

Comments

_____

_____

_____

_____

## PEER REVIEW CHECKLIST

### Section I

Attached?    Paper         Yes ☐         No ☐
             Electronic    Yes ☐         No ☐

Signed and Notarized?      Yes ☐         No ☐

### Recommendations

_____ Allow Claim as is.

_____ Allow Claim at a reduced amount, explain below.

_____ Allow Claim at an increased amount, explain below.

_____ Disallow Claim in entirety, explain below.

_____ Request additional documentation, explain below.

_____ Request conference on this file.

Claim is being made for: *circle one*

| | | | |
|---|---|---|---|
| Past Actual Costs | Removed _____ sf/lf of | _____ @$ _____ |
| Past Cost Model | Removed _____ sf/lf of | _____ @$ _____ |
| Future Estimated Costs | To be Removed _____ sf/lf of | _____ |

_____ Enclosed

_____ Encapsulated

_____ Unabated

Comments:
_____

_____

_____

_____

_____

_____

Adjuster: _____    Date: _____

**Peer Review Checklist – Category 4**

**Peer Review Checklist – Category 4**

**Celotex Asbestos Property Damage Claim**
**Peer Review Checklist**
**Category 4**

Review Date _____   Claim # _____

Reviewer Name _____   Claimant _____

Building _____

**Has the electronic template been utilized?**                    Yes ☐       No ☐

# Section A

Attached?      Paper          Yes ☐          No ☐
               Electronic     Yes ☐          No ☐

Has Claimant Representative information been completed?      Yes ☐ No ☐

Has Claimant information been completed?                     Yes ☐ No ☐

Has Certifying Attorney information been completed?          Yes ☐ No ☐

Has Applicable Jurisdiction been provided?                   Yes ☐ No ☐ _____ .

# Section B

Attached?      Paper          Yes ☐          No ☐
               Electronic     Yes ☐          No ☐

Has the Claim Number been provided in the proper format?    Yes ☐ No ☐

#1   Has Building information been completed?                Yes ☐ No ☐

#2   Has a Building Code been selected?                      Yes ☐ No ☐ _____

     Was "23. Other" used?                                   Yes ☐ No ☐

#3   Was Original Construction Period provided?              Yes ☐ No ☐

     Date : mm _____ 19 _____ to mm _____ 19 _____

#4   Was Original Installation Period provided?              Yes ☐ No ☐

     Date : mm _____ 19 _____ to mm _____ 19 _____

#5   Has Product Location been provided?                     Yes ☐ No ☐

     Have footage amounts been provided?                     Yes ☐ No ☐

     Total footage Abated        _____ SF + _____ LF = _____

     Total footage Unabated      _____ SF + _____ LF = _____

## Section B-2

Attached?　　Paper　　Yes ☐　　No ☐
　　　　　　　Electronic　Yes ☐　　No ☐

#1　Has Asbestos Hazard Information been provided?　Yes ☐　No ☐

#2　Has Corrective Action Information been provided?　Yes ☐　No ☐

#3　Has Discovery Date Information been provided?　Yes ☐　No ☐

#4　Are Types of Responsive Information given?　Yes ☐　No ☐

#5　Was any TSI identified as the product of another specific manufacturer?
　　　　　　　　　　　　　　　　　　　　　　　　　　　Yes ☐　No ☐

　　Manufacturer_____　Footage_____

　　Manufacturer_____　Footage_____

## Index B

Attached?　　Paper　　Yes ☐　　No ☐
　　　　　　　Electronic　Yes ☐　　No ☐

Have the supporting Documents listed been provided?　Yes ☐　No ☐

**At least one of each of the follow support documents is required.**

　Time-Barred Affidavit　　　　　　　　　　　Yes ☐　No ☐
　Installation period　　　　　　　　　　　　　Yes ☐　No ☐

　MM _____ 19_____ to MM _____ 19_____

　Location of Principal ACM in Building　　　　Yes ☐　No ☐
　Quantity of Principal ACM Abated　　　　　　Yes ☐　No ☐

　_____SF + _____LF = _____

　Quantity of Principal ACM Unabated　　　　　Yes ☐　No ☐

　_____SF + _____LF = _____

　Asbestos Plan　　　　　　　　　　　　　　　Yes ☐　No ☐
　Bulk Sample Analysis　　　　　　　　　　　　Yes ☐　No ☐
　At least one sample per homogeneous area greater than 1% by weight.
　_____Date : mm _____19 _____ to mm _____ 19
　Asbestos Hazard Info., Corrective Action Info., Discovery Date Support
　　　　　　　　　　　　　　　　　　　　　　　Yes ☐　No ☐

Does the documentation submitted support the claim made? Yes ☐　No ☐

Comments: _____

_____

_____

INITIAL REVIEW SUMMARY

## Section C

Attached?          Paper          Yes ☐          No ☐
                   Electronic     Yes ☐          No ☐

Has a copy of Proof of Claim been attached? Yes ☐          No ☐

Signed and Notarized?          Yes ☐          No ☐

**Is the Product ACM?**          **Yes** ☐          **No** ☐

**Proof of Quantity?**          **Yes** ☐          **No** ☐

**Installation Date Provided?**          **Yes** ☐          **No** ☐

Recommendations

_____ Allow Claim as is.

_____ Allow Claim at a reduced amount, explain below.

_____ Allow Claim at an increased amount, explain below.

_____ Disallow Claim in entirety, explain below.

_____ Request additional documentation, explain below.

_____ Request conference on this file.

Total footage Abated          _____ SF + _____ LF = _____ x $1.00 = $_____

Total footage Unabated          _____ SF + _____ LF = _____ x $0.65 = $_____

Total Discounted Payable Cost                                    $_____

Comments: _____

_____

_____

_____

_____

_____

_____

Adjuster: _____          Date: _____

_____

## Product Identification

### IV.D. *Documentation*.

*Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.*

*The following documents must be supplied:*

1.  *Category 1 and 2 Claims.*

(c)   *Reasonable Evidence that ACM that is the subject of the Claim is Celotex Canada ACM, which the PDCA may confirm by any method and which confirmation shall be at the expense of the Claimant. Identification of Celotex ACM may be established by any of the following, among others:*

(i)   *constituent analysis of representative bulk sample(s) showing that the ACM that is the subject of the Claim is Celotex ACM;*

(ii)   *a sworn affidavit of an individual with personal knowledge that Celotex ACM was used in the building or structure for which the Claim is made, setting forth the individual's conclusion that Celotex or Carey Canada is the designer, miner, manufacturer, supplier, distributor or seller of the ACM and the factual basis for that conclusion;*

(iii)   *documentation evidencing that Celotex ACM was used in the building or structure for which the Claim is made including, without limitation, sales invoices; purchase orders; architectural specifications and records; bid documents; contracts and subcontracts; change orders; material approvals; maintenance, repair and renovation records; complaints to contractors; installation records; advertisements; insurance claims; supplier records; documents from discovery in lawsuits; and Celotex or Carey Canada records. For this purpose, a specification without some additional substantiating proof that Celotex ACM was used shall not sustain a Claim; or*

(iv)   *A prior judicial determination or stipulation entered into by Celotex that the ACM that is the subject of the Claim is Celotex ACM.*

# Asbestos Containing Material

*IV.D.* **Documentation.**

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.    *Category 1 and 2 Claims.*

(b)    Copies of all presently-existing bulk sample analysis results and/or records *thereof showing that abated material contained asbestos.* The bulk sample analysis technique must be polarized light microscopy or another generally acceptable method, including those acceptable to the United States Environmental Protection Agency. A minimum of one sample from each Homogeneous Area for which Abatement Costs are claimed must have been analyzed;

If the classification of PID evidence submitted is constituent analysis which identifies the bulk sample as being Celotex ACM, then no further proof the material is ACM will be required. A constituent analysis may substitute for a bulk sample analysis. However, a bulk sample analysis may <u>not</u> substitute for a constituent analysis.

## Quantity of Asbestos Containing Material

*IV.D.  Documentation.*

*Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim.  All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located.  In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted.  Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.*

*The following documents must be supplied:*

*1.    Category 1 and 2 Claims.*

*(a)    A completed Property Damage Claim Form, describing the location, type and quantity of ACM and the installation date thereof, including a certification of the information contained therein;*

*(d)    Reasonable Evidence supporting a Claim for Abatement Costs including one or more of the following:*
*(i)    a copy of a report from a Qualified Person or Asbestos Coordinator describing the type, location, and quantity of ACM, and type and scope of Abatement which was performed;*

*(e)    Claimants submitting a Claim for Future Abatement Costs must supply a copy of the report of a Qualified Person or an Asbestos Coordinator detailing information sufficient for the PDCA to apply the Cost Model based on the type, location and quantity of Celotex or ACM and type and scope of Abatement to be performed.*

## Installation Date

### *IV.D.* *Documentation.*

      *Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.*

      *The following documents must be supplied:*

      *1.*    *Category 1 and 2 Claims.*

      *(a)*    *A completed Property Damage Claim Form, describing the location, type and quantity of ACM and the installation date thereof, including a certification of the information contained therein;*

## Statute of Limitations or Repose

# CALIFORNIA

1.  **Statute of Limitations:** The statute of limitations for injury to real property is 3 years. California does not have a separate statute for products liability cases. Cal. Code Civ. Proc. Section 338. The statute of limitations begins to run when there is wrongdoing and the claimant suffers an appreciable and actual harm. In the context of asbestos-in-building cases, there is an apparent split of authority as to what threshold triggers the limitations period. One case holds that the claimant's knowledge of deterioration to its buildings caused by asbestos constitutes the infliction of appreciable harm so as to trigger the running of the 3 year limitations period. *City of San Diego v. United States Gypsum Co.*, 30 Cal. App. 4th 575. Another opinion holds that more is required: actual contamination by friable asbestos is the actual, appreciable harm that must exist before a property owner's action against an asbestos manufacturer accrues and the limitations period commences. *SFUCD v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318.

2.  **Discovery Rule:** The statute of limitations does not begin to run until the claimant either discovers the injury and its cause or could have discovered the injury and cause through the exercise of reasonable diligence. The statute of limitations is tolled until the claimant has notice of information or circumstances that would put a reasonable person on inquiry. Although the claim may have accrued (wrongdoing plus actual, appreciable harm), the discovery rule tolls the running of the limitations period until the claimant discovers the injury or should be on notice of the injury.

3.  **Statute of Repose:** The 10-year statute of repose for design/construction defects in improvements to real property (Cal. Code Civ. Proc. Section 337.15) does not apply to manufacturers of allegedly defective products. *Sevilla*, 101 Cal. App. 3d 608.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation generally do not apply against the state unless expressly made applicable by legislation. On the other hand, absent legislation to the contrary, actions by municipalities and other governmental subdivisions are not exempted from the operation of general statutes of limitation.

# ILLINOIS

1.  **Product Liability Statute of Limitations and Discovery Rule:** Plaintiff may bring a product liability action within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the property damage, if the property damage occurs within 12 years from the date of first sale or delivery by seller or within 10 years from the date of first sale or delivery to initial user/consumer, whichever period expires earlier. 735 ILCS 5/Sec. 13-213.

2.  **Product Liability Statute of Repose:** No product liability action shall be commenced more than 8 years after the date on which the property damage occurred. 735 ILCS 5/Sec. 13-213.

3.  **Construction Statutes of Limitation/Repose:** Action for an act/omission in design, planning, supervision, observation or management of construction, or construction of improvement to real property shall be commenced within 4 years from the time the claimant knew or should reasonably have known of such act or omission. Such actions must be commenced no later than 10 years after such act or omission. **NOTE:** Under Illinois case law, this statute of limitation/statute of repose does not appear to encompass asbestos manufacturers unless the manufacturer performs a role related to the construction site beyond providing its standard products generally available to the public and not custom designed for the project. Unless the manufacturer also undertakes construction-related activities, such as installation, this statute does not apply. 735 ILCS 5/Sec. 13-214.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** The common law theory of *nullum tempus*, or governmental limitations immunity, does apply in Illinois to public entities asserting rights belonging to the public at large. Unless the terms of statutes of limitation expressly include the state, county, municipality, or other governmental agencies, the statutes, so far as public rights are concerned, are inapplicable to them. The product liability statute of limitations (Sec. 13-213) does not abrogate governmental limitations immunity, so the state, counties, municipalities, school districts and other political subdivisions are exempt from statutes of limitation. *See Evergreen Park School v. Federal Insurance Co.*, 276 Ill. App. 3d 766 (Ill. Ct. App. 1995). However, they are not exempt from the construction statute of limitation/repose (Sec. 13-214), which does abrogate governmental limitations immunity.

# KENTUCKY

1. **Statute of Limitations:** Kentucky apparently does not have a statute of limitations for product liability actions. Limitation of actions for such claims is addressed by the applicable statute of repose (see below).

2. **Discovery Rule:** There is no discovery rule in Kentucky law applicable to property damage actions, either in case law or statute.

3. **Statute of Repose:** In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation do not bar the State of Kentucky, unless the State statute requires that they should do so. In the absence of statutory provisions to the contrary, the statute of limitations ordinarily runs against counties and other subdivisions of the State.

# MASSACHUSETTS

1.  **Statute of Limitations:** Tort actions shall be commenced only within three (3) years after the cause of action accrues.

2.  **Discovery Rule:** A claim does not accrue until the claimant knows or should reasonably have known that claimant was damaged as a result of defendant's conduct. Claimant has three years to ascertain whether its claims are legally supportable once claimant is put on notice of facts sufficient that it reasonably should have known that its damages were likely caused by the defendant.

3.  **Statute of Repose:** None.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Any action brought by or on behalf of any county, city, town, regional school district, housing authority or the commonwealth or any other political subdivision thereof to recover any costs associated with asbestos related corrective actions including, but not limited to, the removal and replacement of asbestos and materials containing asbestos shall be commenced only within six years next after such county, city, town, regional school district, housing authority or the commonwealth or any other political subdivision thereof knew of the presence of and the hazard or damage caused by the presence of such asbestos or material containing asbestos within its building.

# MICHIGAN

1. **Statute of Limitations:** The period of limitations is three (3) years for a products liability action. For example, the applicable limitations period for product liability actions against producers, manufacturers and distributors of asbestos-containing building materials by a school district seeking damages for abatement costs is three (3) years.

2. **Discovery Rule:** A products liability claim accrues when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered that it has a possible cause of action. Claims arises when asbestos products were originally installed. If claim is time-barred on its face, Claimant has burden to show that application of discovery rule would effectively toll the period of limitation. If Claimant, such as a school district, knows it will have to spend money on an asbestos problem (e.g., it receives warning from state to inspect building for friable asbestos) its claim has accrued and the limitations period will begin to run.

3. **Statute of Repose:** None.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation do not bar the State of Michigan. In the absence of statutory provisions to the contrary, the statute of limitations ordinarily runs against counties and other subdivisions of the State.

# NEW YORK

1. **Statute of Limitations:** An action to recover damages for an injury to property must be commenced within three years, unless the statutory discovery rule applies.  NY CLS CPLR Section 214.

2. **Discovery Rule:** Notwithstanding the statute of limitations, the three year period within which an action to recover damages for injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within property shall be computed from the date of discovery of the injury by claimant or from the date when through the exercise of reasonable diligence such injury should have been discovered by claimant, whichever is earlier.  NY CLS CPLR Section 214-c.

3. **Statute of Repose:** None.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Unless the State of New York is specifically included by legislation, statutes of limitation do not run against the State.  However, municipalities and other political subdivisions are not automatically entitled to institute an action after the time limit set forth in the applicable statute of limitations.

**Are Future Non-Abatement Costs claimed? If "No", skip to Section G**      Yes ☐      No ☐

## Section F-1

Attached?      Paper          Yes ☐          No ☐
               Electronic     Yes ☐          No ☐

Have the supporting Documents listed been provided?

    Yes ☐          No ☐


## Section F-2

Attached?      Paper          Yes ☐          No ☐
               Electronic     Yes ☐          No ☐

#1      Has year(s) of Future Non-Abatement project been provided?
    Yes ☐          Date: mm _____ yy _____
    No ☐
    N/A ☐

#2      Has "Scope of Work" been answered?

    Yes ☐          No ☐

#3      Has locations been provided?

    Yes ☐          No ☐

#4      Has the summary of this Future Non-Abatement project for Celotex ACM been provided?

    Yes ☐          No ☐

#5      Are the Cost Documentation Worksheets attached?

    Yes ☐          No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

<u>Section G</u>

Attached?   Paper        Yes ☐        No ☐
            Electronic   Yes ☐        No ☐

Has summary been completed?                          Yes ☐           No ☐

Total SF/LF of ACSTM **enclosed and encapsulated**                SF/LF _____

Costs for Enclosure and Encapsulation                            $ _____

Total SF/LF of ACSTM **removed**                                 SF/LF _____

Costs for Past Removal                                           $ _____

Past Non Abatement Costs                                         $ _____

Future Non Abatement Costs                                       $ _____

Is it correct?                                       Yes ☐           No ☐

Total SF of ACSTM remaining                                      SF _____

**Circle one**
    Enclosed           SF _____

    Encapsulated       SF _____

    Unabated           SF _____

Does SF/LF of ACSTM abated plus SF/LF of ACSTM remaining match Section B? Yes ☐        No ☐

Does Abatement Costs match those on Section D?                        Yes ☐        No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

**Section H (Past)**

Attached?        Paper        Yes ☐        No ☐
                 Electronic   Yes ☐        No ☐

Has Claimant elected to use Cost Model to determine Past Abatement Cost?
        Yes ☐        No ☐
        If "No" skip to next section

#1    Square/Lineal Feet of ACSTM located 15 feet or more above floor        _____

#2    Square/Lineal Feet of ACSTM in areas that will be occupied        _____

      Is attachment HP2 attached?    Yes ☐    No ☐

#3    Will additional costs be incurred for security reasons?        Yes ☐        No ☐

      Is attachment HP3 attached?    Yes ☐    No ☐

#4    Square/Lineal Feet of ACSTM located above 3rd floor        _____

#5    Are Special Protective Coverings required?        Yes ☐        No ☐

      Is attachment HP5 attached?    Yes ☐    No ☐

#6    Square/Lineal Feet of ACSTM has been Encapsulated        _____

#7    Square/Lineal Feet of ACSTM has been Enclosed        _____

      Is attachment HP7 attached?    Yes ☐    No ☐

#8    Are there any special items that must be removed or replaced?        Yes ☐        No ☐

      Is attachment HP8 attached?    Yes ☐    No ☐

#9    Are there any areas less than 1,000 SF/LF that must be abated separately?  Yes ☐    No ☐

      Is attachment HP9 attached?    Yes ☐    No ☐

#10   Square/Lineal Feet of ACSTM located in an area with sloped floors        _____

      Is attachment HP10 attached?   Yes ☐    No ☐

#11   Is any floor covering that must be removed or replaced?        Yes ☐        No ☐

      Is attachment HP11 attached?   Yes ☐    No ☐

#12   Is the Building scheduled for demolition following Abatement?        Yes ☐        No ☐

Comments

_____

_____

_____

_____

## Section H (Future)

Attached?   Paper    Yes ☐    No ☐
            Electronic  Yes ☐    No ☐

Is Claimant making a Claim for Future Costs?        Yes ☐   No ☐
If "No", skip Section HF.

#1    Square/Lineal Feet of ACSTM located 15 feet or more above floor    _____

#2    Square/Lineal Feet of ACSTM in areas that will be occupied    _____

       Is attachment HF2 attached?   Yes ☐   No ☐

#3    Will additional costs be incurred for security reasons?    Yes ☐   No ☐

       Is attachment HF3 attached?   Yes ☐   No ☐

#4    Square/Lineal Feet of ACSTM located above 3rd floor    _____

#5    Are Special Protective Coverings required?    Yes ☐   No ☐

       Is attachment HF5 attached?   Yes ☐   No ☐

#6    Square/Lineal Feet of ACSTM has been Encapsulated    _____

#7    Square/Lineal Feet of ACSTM has been Enclosed    _____

       Is attachment HF7 attached?   Yes ☐   No ☐

#8    Are there any special items that must be removed or replaced?    Yes ☐   No ☐

       Is attachment HF8 attached?   Yes ☐   No ☐

#9    Are there any areas less than 1,000 SF/LF that must be abated separately?  Yes ☐   No ☐

       Is attachment HF9 attached?   Yes ☐   No ☐

#10   Square/Lineal Feet of ACSTM located in an area with sloped floors    _____

       Is attachment HF10 attached?  Yes ☐   No ☐

#11   Is any floor covering that must be removed or replaced?    Yes ☐   No ☐

       Is attachment HF11 attached?  Yes ☐   No ☐

#12   Is the Building scheduled for demolition following Abatement?    Yes ☐   No ☐

Comments

_____
_____
_____
_____

## ADJUSTER EVALUATION CHECKLIST

### Section I

Attached?          Paper          Yes ☐          No ☐
                   Electronic     Yes ☐          No ☐

Signed and Notarized?          Yes ☐          No ☐

### Recommendations

_____ Allow Claim as is.

_____ Allow Claim at a reduced amount, explain below.

_____ Allow Claim at an increased amount, explain below.

_____ Disallow Claim in entirety, explain below.

_____ Request additional documentation, explain below.

_____ Request conference on this file.

Claim is being made for: *circle one*

| | | | | |
|---|---|---|---|---|
| Past Actual Costs | Removed _____ | sf/lf of _____ | @$ _____ |
| Past Cost Model | Removed _____ | sf/lf of _____ | @$ _____ |
| Future Estimated Costs | To be Removed _____ | sf/lf of _____ | |

_____ Enclosed
_____ Encapsulated
_____ Unabated

Comments: _____

_____

_____

_____

_____

_____

_____

Adjuster: _____          Date: _____

# Adjuster Review Checklist – Category 4

## Steps of Adjuster Review

Follow the Initial Review Check List, this will lead you through the Celotex Asbestos Settlement Trust Claim Form. Once completed, ask yourself the following questions:

- Has the Claimant shown a compensable injury?
- Has the Claimant shown a legally viable cause of action?

- Has the Claimant provided documentation in support of location, type, and quantity of ACM and the installation date thereof?
- Has the Claimant provided bulk sample analysis results confirming that the product claimed contains more than 1% asbestos by weight? What type of asbestos? At what level? Is the sample that was analyzed representative of the quantity claimed?

Whenever a question is in doubt, refer to the Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), or feel free to speak with either the Property Damage Claims Director or the Supervising Analyst. If it is determined that the Claimant has not provided sufficient documentation to answer each of these questions in an affirmative manner, the Claimant must be notified in writing of the file deficiencies. All file deficiencies should be addressed as well. We have a set of form letters that address common file deficiencies. Please refer to these letters, we want to be sure that we all address common issues in a uniform manner. However, each claim file is unique and individual and your letter may need to be tailored accordingly.

All file review comments should be entered in CAMS. First review comments must include all information pertinent to the procedures and claim form including but not limited to: building code, installation period, product function, laboratory that performed the analysis, number of bulk samples collected and analyzed, type and level of asbestos, quantity of ACM, type of costs claimed, and any additional information relevant to the claim. This should include any and all file deficiencies and or concerns the reviewer may have.

If the Claimant has met the requirements of the APDCRP, the CAMS comment should reflect this. The reviewer then makes all necessary adjustments to the CAMS – Adjuster Review Screen. The file is now ready for Peer Review.

## Celotex Asbestos Property Damage Claim
## Initial Review Checklist
## Category 4

Review Date _____   Claim # _____

Reviewer Name _____   Claimant _____

Building _____

**Has the electronic template been utilized?**          Yes ☐          No ☐

## Section A

Attached?      Paper      Yes ☐          No ☐
Electronic   Yes ☐          No ☐

Has Claimant Representative information been completed?          Yes ☐ No ☐

Has Claimant information been completed?          Yes ☐ No ☐

Has Certifying Attorney information been completed?          Yes ☐ No ☐

Has Applicable Jurisdiction been provided?          Yes ☐ No ☐ _____

## Section B

Attached?      Paper      Yes ☐          No ☐
Electronic   Yes ☐          No ☐

Has the Claim Number been provided in the proper format?          Yes ☐ No ☐

#1   Has Building information been completed?          Yes ☐ No ☐

#2   Has a Building Code been selected?          Yes ☐ No ☐ _____

Was "23. Other" used?          Yes ☐ No ☐

#3   Was Original Construction Period provided?          Yes ☐ No ☐

Date : mm _____ 19 _____ to mm _____ 19 _____

#4   Was Original Installation Period provided?          Yes ☐ No ☐

Date : mm _____ 19 _____ to mm _____ 19 _____

#5   Has Product Location been provided?          Yes ☐ No ☐

Have footage amounts been provided?          Yes ☐ No ☐

Total footage Abated _____ SF + _____ LF = _____

Total footage Unabated _____ SF + _____ LF = _____

## Section B-2

Attached?        Paper        Yes ☐        No ☐
                 Electronic   Yes ☐        No ☐

#1    Has Asbestos Hazard Information been provided?        Yes ☐        No ☐

#2    Has Corrective Action Information been provided?        Yes ☐        No ☐

#3    Has Discovery Date Information been provided?        Yes ☐        No ☐

#4    Are Types of Responsive Information given?        Yes ☐        No ☐

#5    Was any TSI identified as the product of another specific manufacturer?
                                                    Yes ☐        No ☐

      Manufacturer_____        Footage_____

      Manufacturer_____        Footage_____

## Index B

Attached?        Paper        Yes ☐        No ☐
                 Electronic   Yes ☐        No ☐

Have the supporting Documents listed been provided?        Yes ☐        No ☐

**At least one of each of the follow support documents is required.**

      Time-Barred Affidavit                        Yes ☐        No ☐
      Installation period                          Yes ☐        No ☐

      MM _____ 19_____ to MM _____ 19_____

      Location of Principal ACM in Building        Yes ☐        No ☐
      Quantity of Principal ACM Abated             Yes ☐        No ☐

      _____SF + _____LF = _____

      Quantity of Principal ACM Unabated           Yes ☐        No ☐

      _____SF + _____LF = _____

      Asbestos Plan                                Yes ☐        No ☐
      Bulk Sample Analysis                         Yes ☐        No ☐
      At least one sample per homogeneous area greater than 1% by weight.
      _____Date : mm ____19 _____ to mm _____ 19
Asbestos Hazard Info., Corrective Action Info., Discovery Date Support
                                                   Yes ☐        No ☐

Does the documentation submitted support the claim made? Yes ☐        No ☐

Comments: _____

_____

_____

INITIAL REVIEW SUMMARY

## Section C

Attached?    Paper    Yes ☐    No ☐
                 Electronic  Yes ☐    No ☐

Has a copy of Proof of Claim been attached? Yes ☐    No ☐

Signed and Notarized?    Yes ☐    No ☐

**Is the Product ACM?**    **Yes ☐**    **No ☐**

**Proof of Quantity?**    **Yes ☐**    **No ☐**

**Installation Date Provided?**    **Yes ☐**    **No ☐**

**Recommendations**

_____ Allow Claim as is.

_____ Allow Claim at a reduced amount, explain below.

_____ Allow Claim at an increased amount, explain below.

_____ Disallow Claim in entirety, explain below.

_____ Request additional documentation, explain below.

_____ Request conference on this file.

      Total footage Abated    _____ SF + _____ LF = _____ x $1.00 = $_____

      Total footage Unabated    _____ SF + _____ LF = _____ x $0.65 = $_____

      Total Discounted Payable Cost    $_____

Comments:

_____

_____

_____

_____

_____

_____

_____

Adjuster:    Date:

_____

# Product Identification

### IV.D. <u>Documentation</u>.

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.   <u>Category 1 and 2 Claims</u>.

(c)   Reasonable Evidence that ACM that is the subject of the Claim is Celotex Canada ACM, which the PDCA may confirm by any method and which confirmation shall be at the expense of the Claimant. Identification of Celotex ACM may be established by any of the following, among others:

(i)   constituent analysis of representative bulk sample(s) showing that the ACM that is the subject of the Claim is Celotex ACM;

(ii)   a sworn affidavit of an <u>individual with personal knowledge</u> that Celotex ACM was used in the building or structure for which the Claim is made, setting forth the individual's conclusion that Celotex or Carey Canada is the designer, miner, manufacturer, supplier, distributor or seller of the ACM and the factual basis for that conclusion;

(iii)   documentation evidencing that Celotex ACM was used in the building or structure for which the Claim is made including, without limitation, sales invoices; purchase orders; architectural specifications and records; bid documents; contracts and subcontracts; change orders; material approvals; maintenance, repair and renovation records; complaints to contractors; installation records; advertisements; insurance claims; supplier records; documents from discovery in lawsuits; and Celotex or Carey Canada records. For this purpose, a specification without some additional substantiating proof that Celotex ACM was used shall not sustain a Claim; or

(iv)   A prior judicial determination or stipulation entered into by Celotex that the ACM that is the subject of the Claim is Celotex ACM.

# Asbestos Containing Material

*IV.D.*  <u>*Documentation.*</u>

      *Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.*

      *The following documents must be supplied:*

    1.    <u>*Category 1 and 2 Claims.*</u>

      *(b)    Copies of all presently-existing bulk sample analysis results and/or records <u>thereof showing that abated material contained asbestos</u>. The bulk sample analysis technique must be polarized light microscopy or another generally acceptable method, including those acceptable to the United States Environmental Protection Agency. A minimum of one sample from each Homogeneous Area for which Abatement Costs are claimed must have been analyzed;*

If the classification of PID evidence submitted is constituent analysis which identifies the bulk sample as being Celotex ACM, then no further proof the material is ACM will be required. A constituent analysis may substitute for a bulk sample analysis. However, a bulk sample analysis may <u>not</u> substitute for a constituent analysis.

# Quantity of Asbestos Containing Material

## IV.D. Documentation.

*Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.*

*The following documents must be supplied:*

1. *Category 1 and 2 Claims.*

(a) *A completed Property Damage Claim Form, describing the location, type and quantity of ACM and the installation date thereof, including a certification of the information contained therein;*

(d) *Reasonable Evidence supporting a Claim for Abatement Costs including one or more of the following:*

(i) *a copy of a report from a Qualified Person or Asbestos Coordinator describing the type, location, and quantity of ACM, and type and scope of Abatement which was performed;*

(e) *Claimants submitting a Claim for Future Abatement Costs must supply a copy of the report of a Qualified Person or an Asbestos Coordinator detailing information sufficient for the PDCA to apply the Cost Model based on the type, location and quantity of Celotex or ACM and type and scope of Abatement to be performed.*

# Installation Date

### IV.D.  Documentation.

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim.   All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located.  In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted.  Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.     Category 1 and 2 Claims.

(a)     A completed Property Damage Claim Form, describing the location, type and quantity of ACM and the installation date thereof, including a certification of the information contained therein;

**Statute of Limitations or Repose**

# CALIFORNIA

1. **Statute of Limitations:** The statute of limitations for injury to real property is 3 years. California does not have a separate statute for products liability cases. Cal. Code Civ. Proc. Section 338. The statute of limitations begins to run when there is wrongdoing and the claimant suffers an appreciable and actual harm. In the context of asbestos-in-building cases, there is an apparent split of authority as to what threshold triggers the limitations period. One case holds that the claimant's knowledge of deterioration to its buildings caused by asbestos constitutes the infliction of appreciable harm so as to trigger the running of the 3 year limitations period. *City of San Diego v. United States Gypsum Co.*, 30 Cal. App. 4ᵗʰ 575. Another opinion holds that more is required: actual contamination by friable asbestos is the actual, appreciable harm that must exist before a property owner's action against an asbestos manufacturer accrues and the limitations period commences. *SFUCD v. W.R. Grace & Co.*, 37 Cal. App. 4ᵗʰ 1318.

2. **Discovery Rule:** The statute of limitations does not begin to run until the claimant either discovers the injury and its cause or could have discovered the injury and cause through the exercise of reasonable diligence. The statute of limitations is tolled until the claimant has notice of information or circumstances that would put a reasonable person on inquiry. Although the claim may have accrued (wrongdoing plus actual, appreciable harm), the discovery rule tolls the running of the limitations period until the claimant discovers the injury or should be on notice of the injury.

3. **Statute of Repose:** The 10-year statute of repose for design/construction defects in improvements to real property (Cal. Code Civ. Proc. Section 337.15) does not apply to manufacturers of allegedly defective products. *Sevilla*, 101 Cal. App. 3d 608.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation generally do not apply against the state unless expressly made applicable by legislation. On the other hand, absent legislation to the contrary, actions by municipalities and other governmental subdivisions are not exempted from the operation of general statutes of limitation.

# ILLINOIS

1. **Product Liability Statute of Limitations and Discovery Rule:** Plaintiff may bring a product liability action within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the property damage, if the property damage occurs within 12 years from the date of first sale or delivery by seller or within 10 years from the date of first sale or delivery to initial user/consumer, whichever period expires earlier. 735 ILCS 5/Sec. 13-213.

2. **Product Liability Statute of Repose:** No product liability action shall be commenced more than 8 years after the date on which the property damage occurred. 735 ILCS 5/Sec. 13-213.

3. **Construction Statutes of Limitation/Repose:** Action for an act/omission in design, planning, supervision, observation or management of construction, or construction of improvement to real property shall be commenced within 4 years from the time the claimant knew or should reasonably have known of such act or omission. Such actions must be commenced no later than 10 years after such act or omission. **NOTE:** Under Illinois case law, this statute of limitation/statute of repose does not appear to encompass asbestos manufacturers unless the manufacturer performs a role related to the construction site beyond providing its standard products generally available to the public and not custom designed for the project. Unless the manufacturer also undertakes construction-related activities, such as installation, this statute does not apply. 735 ILCS 5/Sec. 13-214.

4. **Applicability to schools, municipalities, states and other political subdivisions:** The common law theory of *nullum tempus*, or governmental limitations immunity, does apply in Illinois to public entities asserting rights belonging to the public at large. Unless the terms of statutes of limitation expressly include the state, county, municipality, or other governmental agencies, the statutes, so far as public rights are concerned, are inapplicable to them. The product liability statute of limitations (Sec. 13-213) does not abrogate governmental limitations immunity, so the state, counties, municipalities, school districts and other political subdivisions are exempt from statutes of limitation. See *Evergreen Park School v. Federal Insurance Co.*, 276 Ill. App. 3d 766 (Ill. Ct. App. 1995). However, they are not exempt from the construction statute of limitation/repose (Sec. 13-214), which does abrogate governmental limitations immunity.

# KENTUCKY

1. **Statute of Limitations:** Kentucky apparently does not have a statute of limitations for product liability actions. Limitation of actions for such claims is addressed by the applicable statute of repose (see below).

2. **Discovery Rule:** There is no discovery rule in Kentucky law applicable to property damage actions, either in case law or statute.

3. **Statute of Repose:** In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.

4. **Applicability to schools, municipalities, states and other political subdivisions: Statutes** of limitation do not bar the State of Kentucky, unless the State statute requires that they should do so. **In the absence of statutory** provisions to the contrary, the statute of limitations ordinarily runs against counties and other subdivisions of the State.

# MASSACHUSETTS

1. **Statute of Limitations:** Tort actions shall be commenced only within three (3) years after the cause of action accrues.

2. **Discovery Rule:** A claim does not accrue until the claimant knows or should reasonably have known that claimant was damaged as a result of defendant's conduct. Claimant has three years to ascertain whether its claims are legally supportable once claimant is put on notice of facts sufficient that it reasonably should have known that its damages were likely caused by the defendant.

3. **Statute of Repose:** None.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Any action brought by or on behalf of any county, city, town, regional school district, housing authority or the commonwealth or any other political subdivision thereof to recover any costs associated with asbestos related corrective actions including, but not limited to, the removal and replacement of asbestos and materials containing asbestos **shall be commenced only within six years next after such county, city, town, regional school district, housing authority or the commonwealth or any other political subdivision thereof knew of the presence of and the hazard or damage caused by the presence of such asbestos or material containing asbestos within its building.**

# MICHIGAN

1.  **Statute of Limitations:** The period of limitations is three (3) years for a products liability action. For example, the applicable limitations period for product liability actions against producers, manufacturers and distributors of asbestos-containing building materials by a school district seeking damages for abatement costs is three (3) years.

2.  **Discovery Rule:** A products liability claim accrues when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered that it has a possible cause of action. Claims arises when asbestos products were originally installed. If claim is time-barred on its face, Claimant has burden to show that application of discovery rule would effectively toll the period of limitation. If Claimant, such as a school district, knows it will have to spend money on an asbestos problem (e.g., it receives warning from state to inspect building for friable asbestos) its claim has accrued and the limitations period will begin to run.

3.  **Statute of Repose:** None.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation do not bar the State of Michigan. In the absence of statutory provisions to the contrary, the statute of limitations ordinarily runs against counties and other subdivisions of the State.

# NEW YORK

1.  **Statute of Limitations:** An action to recover damages for an injury to property must be commenced within three years, unless the statutory discovery rule applies.  NY CLS CPLR Section 214.

2.  **Discovery Rule:** Notwithstanding the statute of limitations, the three year period within which an action to recover damages for injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within property shall be computed from the date of discovery of the injury by claimant or from the date when through the exercise of reasonable diligence such injury should have been discovered by claimant, whichever is earlier.  NY CLS CPLR Section 214-c.

3.  **Statute of Repose:** None.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Unless the State of New York is specifically included by legislation, statutes of limitation do not run against the State.  However, municipalities and other political subdivisions are not automatically entitled to institute an action after the time limit set forth in the applicable statute of limitations.

# PENNSYLVANIA

1. **Statute of Limitations:** Claimant must commence its asbestos property-damage claim within two years of the time the claim accrues. 42 Pa. C.S. Section 5524.

2. **Discovery Rule:** The discovery rule tolls the running of the statute of limitations until such time as a reasonably intelligent person, exercising due diligence, should have reason to suspect that the cause of property damage is existence of asbestos. (This paraphrases the rule; no Pennsylvania case applying the discovery rule specifically to asbestos property-damage cases has, as yet, been found.)

3. **Statute of Repose:** None.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Where a cause of action accrues to a party in its governmental capacity, and the claim is brought to enforce strictly public rights and an obligation imposed by law, the doctrine of *nullum tempus* applies, removing the statute of limitations as a defense to the asbestos property-damage claims by political subdivisions of the state and school districts. Note, though, that community colleges may not be able to invoke *nullum tempus* doctrine.

# PUERTO RICO

1.  **Statute of Limitations:** The Puerto Rico statute of limitations for tort actions provides for a one (1) year limitation period. P.R. Laws Ann. Title 31, §5298.

2.  **Discovery Rule:** The one-year statute of limitations contains a statutory discovery rule. The one-year limitation period begins to run from "the time the aggrieved person has knowledge of the injury," P.R. Laws Ann. Title 31, §5298. The Supreme Court of Puerto Rico states that a plaintiff will be deemed to have "knowledge" of the injury when two conditions are met. A claimant is said to have "knowledge" of the injury when he has "notice of the injury, plus notice of the person who caused it". *Colon Prieto v. Geigel*, 115 P.R. Dec. 232. A detailed and rather technical explanation of the Puerto Rican discovery rule is found in the U.S. Circuit Court's opinion in *Rodriguez - Suris, et al v. Montesinos, et al*, 123 F.3d 10. A summary of that opinion can be furnished, if necessary, in a separate memorandum.

3.  **Statute of Repose:** Research of Puerto Rican law fails to find a statute of repose applicable to asbestos property damage claims.

4.  **Applicability to schools, municipalities, commonwealth and other political subdivisions:** The *nullum tempus* ("time does not run against the crown") doctrine is not found in Puerto Rican jurisprudence. This is not surprising in that the *nullum tempus* doctrine is derived from English common law, not Spanish civil law. No similar doctrine of governmental limitations immunity was found in research of Puerto Rican law. Thus, recommendation is to apply the one-year statute of limitations to property-damage claims by the Commonwealth of Puerto Rico, cities, and other political subdivisions just as you would apply it to a private claimant.

# WEST VIRGINIA

1. **Statute of Limitations:** In West Virginia the applicable statute of limitations for filing a tort action for damage to property is two years. *W. VA. Code §55-2-12(a).*

2. **Discovery Rule:** In products liability personal injury cases, the statute of limitations begins to run when the claimant knew, or by the exercise or reasonable diligence should know: (1) that claimant has been injured; (2) the identity of the maker of the product; and (3) that the product had a causal relation to claimant's injury. *Hickman v. Grover*, 178 W. Va. 249 (1987). The *Hickman* opinion applies specifically to the 2-year statute of limitations for personal injuries. W. Va. Code §55-2-12(b). The Supreme Court of West Virginia was presented the issue of whether the discovery rule applies to property damage cases in *In Re: State of West Virginia Public Building Asbestos Litigation* (see para. 4 below). The Court declined to rule on the question, although it noted that the discovery rule does apply per *Hickman* in products liability personal injury cases. Therefore, existing West Virginia law apparently extends the discovery rule to property damage actions but not to products liability property damage cases. Research finds no case applying the discovery rule to property damage cases. Therefore, on property damage claims, the statute of limitations begins to run on the date of installation.[1]

3. **Statute of Repose:** West Virginia does not have a statute of repose applicable to asbestos property damage cases.

4. **Applicability to schools, municipalities, states and other political subdivisions:** The doctrine of *nullum tempus* has been abrogated by statute in West Virginia, meaning that the 2-year statute of limitations is applicable to actions brought by the State. W. Va. Code §55-2-19. The Supreme Court of Appeals of West Virginia has specifically applied this law to a case brought against Asbestospray Corp., Pfizer, Inc., and W.R. Grace & Co. by the State of West Virginia, a municipality and a county commission. *In Re: State of West Virginia Public Building Asbestos Litigation* 193 W. Va. 119 (1994). The State and its political subdivisions sought monetary relief for the removal and/or management of asbestos from its public buildings. The W. Va. Supreme Court also holds that statutes of limitation apply to all claims brought by the state (or its subdivisions), whether the state is asserting private/proprietary rights or public rights. *State of West Virginia, et al v. Kermit Lumber, et al*, 200 W. Va. 221 (1997).

---

[1] This is the recommended rule to apply in property damage cases until the claimant can demonstrate any appellant court holding which applies the discovery rule to property damage cases.

# TEXAS

1.  **Statute of Limitations:** Claimant must bring suit for injury to the estate or property of another not later than 2 years after the day the cause of action accrues. Section 16.003(a), Tex. Civ. Prac. & Rem. Code. Generally a cause of action accrues when a wrongful act causes some legal inquiry, even if the fact of injury is not discovered until later or all resulting damages have not yet occurred. However, if the discovery rules applies, it defers accrual of the claim.

2.  **Discovery Rule:** The discovery rule applies only when the nature of the injury incurred is inherently undiscoverable and evidence of the injury is objectively verifiable. When the discovery rule applies, a cause of action does not accrue until the claimant knew, or in the exercise of reasonable diligence should have known, of the wrongful act and resulting injury. There is some authority in Texas indicating that, in some circumstances (such as the asbestos abatement context) the presence of asbestos in a building may not be inherently undiscoverable.

3.  **Statute of Repose:** No statute of repose appears to apply to manufacturers of asbestos products.

4.  **Applicability to schools, municipalities, states and other political subdivisions: A right of action of the state or a political subdivision of the state, including a county, an incorporated city or town, a navigation district, a municipal utility district, a port authority, a school district, et al, is not barred by Section 16.003 (2-year statute of limitations),** et al.

# Initial Review Deficiency Letters

If it is determined that the Claimant has not provided sufficient documentation, the Claimant must be notified in writing of the file deficiencies. All file deficiencies should be addressed as well. We have a set of form letters that address common file deficiencies. Please refer to these letters, we want to be sure that we all address common issues in a uniform manner. However, each claim file is unique and individual and your letter may need to be tailored accordingly.

# CELOTEX PROPERTY DAMAGE
# CLAIMS FACILITY
**2716 Lee Street, Suite 500**
**Greenville, TX 75401-4107**

------------------------

**OFFICE – (903) 454-3700**
**FAX – (903) 453-2169**

W. D. Hilton, Jr.                                          Mailing Address:
Property Damage Claims Administrator                       P.O. Box 1299
Direct Dial # (903) 453-2161                               Greenville, TX 75403-1299

                                    Date

Claimant Representative
Title
Firm Name
Representative Address
City, State Zip

Re:     Claimant Name          :
        Claim Number           :
        Category Claimed        :
        Building Name           :

Dear Claimant Representative:

This will confirm that the above referenced file has been assigned to me for initial review.  I have begun the review process, and have a question concerning the bulk sample analysis and the quantity claimed.  The bulk sample analysis results submitted represent only *two (2) of seven (7)* homogeneous areas claimed.  Paragraph IV.D.1.(b) of the Asbestos Property Damage Claims Resolutions Procedures ("APDCRP") requires:

> (a)     Copies of all presently-existing bulk sample analysis results and/or records thereof showing that abated material contained asbestos.  The bulk sample analysis technique must be polarized light microscopy or another generally acceptable method, including those acceptable to the United States Environmental Protection Agency.  A minimum of one sample from each Homogeneous Area for which Abatement Costs are claimed must have been analyzed;

In order to properly evaluate the quantity claimed, the Claimant must analyze a minimum of one bulk sample from each homogeneous area remaining in place. A homogenous area shall mean and refer to a section of ACM within one installation phase of a building that appears uniform in color, texture and appearance. *Document C-002 (Schedule of Colors for Kentile VAT) sets forth the following homogeneous areas:*

1. *Woodbury Brown, Kentile #1209*
2. *Olivette, Kentile #556*
3. *Bayberry Green, Kentile #519*
4. *Desert Sand, Kentile #510*
5. *Driftwood Gray, Kentile #520*
6. *Black, Kentile #533M*
7. *Windsor White, Kentile #1201*

*Both samples 38-2 and 38-3 were collected from homogeneous area 5, Driftwood Gray, and were found to contain 10% chrysotile asbestos by weight. However, sample 38-1, was collected from homogeneous area 3, Bayberry Green, for which no asbestos was detected.* Note that the test method, PLM or other generally acceptable method, was not indicated on the test results. What is the quantity of floor tile represented by sample *38-1*? Please provide bulk sample analysis reports for each homogeneous area(s) for which abatement costs are claimed.

Without this information and documentation, the PD Facility can only confirm PID for *the 14,717 SF* of material for which bulk samples were analyzed and found to contain asbestos at a level greater than 1% by weight. This request is made in accordance with Paragraph IV.E.2. of the APDCRP. Your prompt response will allow for the resumption of processing of the claim. Please feel free to contact me at 1-800-650-4749 should you have any questions or comments.

Sincerely yours,


*Initial Reviewer*
Claims Analyst

# PENNSYLVANIA

1. **Statute of Limitations:** Claimant must commence its asbestos property-damage claim within two years of the time the claim accrues. 42 Pa. C.S. Section 5524.

2. **Discovery Rule:** The discovery rule tolls the running of the statute of limitations until such time as a reasonably intelligent person, exercising due diligence, should have reason to suspect that the cause of property damage is existence of asbestos. (This paraphrases the rule; no Pennsylvania case applying the discovery rule specifically to asbestos property-damage cases has, as yet, been found.)

3. **Statute of Repose:** None.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Where a cause of action accrues to a party in its governmental capacity, and the claim is brought to enforce strictly public rights and an obligation imposed by law, the doctrine of *nullum tempus* applies, removing the statute of limitations as a defense to the asbestos property-damage claims by political subdivisions of the state and school districts. Note, though, that community colleges may not be able to invoke *nullum tempus* doctrine.