# PUERTO RICO

1.  **Statute of Limitations:** The Puerto Rico statute of limitations for tort actions provides for a one (1) year limitation period.  P.R. Laws Ann. Title 31, §5298.

2.  **Discovery Rule:** The one-year statute of limitations contains a statutory discovery rule.  The one-year limitation period begins to run from "the time the aggrieved person has knowledge of the injury," P.R. Laws Ann. Title 31, §5298.  The Supreme Court of Puerto Rico states that a plaintiff will be deemed to have "knowledge" of the injury when two conditions are met.  A claimant is said to have "knowledge" of the injury when he has "notice of the injury, plus notice of the person who caused it". *Colon Prieto v. Geigel*, 115 P.R. Dec. 232.  A detailed and rather technical explanation of the Puerto Rican discovery rule is found in the U.S. Circuit Court's opinion in *Rodriguez - Suris, et al v. Montesinos, et al*, 123 F.3d 10.  A summary of that opinion can be furnished, if necessary, in a separate memorandum.

3.  **Statute of Repose:** Research of Puerto Rican law fails to find a statute of repose applicable to asbestos property damage claims.

4.  **Applicability to schools, municipalities, commonwealth and other political subdivisions:** The *nullum tempus* ("time does not run against the crown") doctrine is not found in Puerto Rican jurisprudence.  This is not surprising in that the *nullum tempus* doctrine is derived from English common law, not Spanish civil law.  No similar doctrine of governmental limitations immunity was found in research of Puerto Rican law.  Thus, recommendation is to apply the one-year statute of limitations to property-damage claims by the Commonwealth of Puerto Rico, cities, and other political subdivisions just as you would apply it to a private claimant.

# WEST VIRGINIA

1. **Statute of Limitations:** In West Virginia the applicable statute of limitations for filing a tort action for damage to property is two years. *W. VA. Code* §55-2-12(a).

2. **Discovery Rule:** In products liability personal injury cases, the statute of limitations begins to run when the claimant knew, or by the exercise or reasonable diligence should know: (1) that claimant has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to claimant's injury. *Hickman v. Grover*, 178 W. Va. 249 (1987). The *Hickman* opinion applies specifically to the 2-year statute of limitations for personal injuries. W. Va. Code §55-2-12(b). The Supreme Court of West Virginia was presented the issue of whether the discovery rule applies to property damage cases in *In Re: State of West Virginia Public Building Asbestos Litigation* (see para. 4 below). The Court declined to rule on the question, although it noted that the discovery rule does apply per *Hickman* in products liability personal injury cases. Therefore, existing West Virginia law apparently extends the discovery rule to products liability personal injury actions but not to products liability property damage cases. Research finds no case applying the discovery rule to property damage cases. Therefore, on property damage claims, the statute of limitations begins to run on the date of installation.[1]

3. **Statute of Repose:** West Virginia does not have a statute of repose applicable to asbestos property damage cases.

4. **Applicability to schools, municipalities, states and other political subdivisions:** The doctrine of *nullum tempus* has been abrogated by statute in West Virginia, meaning that the 2-year statute of limitations is applicable to actions brought by the State. W. Va. Code §55-2-19. The Supreme Court of Appeals of West Virginia has specifically applied this law to a case brought against Asbestospray Corp., Pfizer, Inc., and W.R. Grace & Co. by the State of West Virginia, a municipality and a county commission. *In Re: State of West Virginia Public Building Asbestos Litigation* 193 W. Va. 119 (1994). The State and its political subdivisions sought monetary relief for the removal and/or management of asbestos from its public buildings. The W. Va. Supreme Court also holds that statutes of limitation apply to all claims brought by the state (or its subdivisions), whether the state is asserting private/proprietary rights or public rights. *State of West Virginia, et al v. Kermit Lumber, et al*, 200 W. Va. 221 (1997).

---

[1] This is the recommended rule to apply in property damage cases until the claimant can demonstrate any appellant court holding which applies the discovery rule to property damage cases.

# TEXAS

1.  **Statute of Limitations:** Claimant must bring suit for injury to the estate or property of another not later than 2 years after the day the cause of action accrues. Section 16.003(a), Tex. Civ. Prac. & Rem. Code. Generally a cause of action accrues when a wrongful act causes some legal inquiry, even if the fact of injury is not discovered until later or all resulting damages have not yet occurred. However, if the discovery rules applies, it defers accrual of the claim.

2.  **Discovery Rule:** The discovery rule applies only when the nature of the injury incurred is inherently undiscoverable and evidence of the injury is objectively verifiable. When the discovery rule applies, a cause of action does not accrue until the claimant knew, or in the exercise of reasonable diligence should have known, of the wrongful act and resulting injury. There is some authority in Texas indicating that, in some circumstances (such as the asbestos abatement context) the presence of asbestos in a building may not be inherently undiscoverable.

3.  **Statute of Repose:** No statute of repose appears to apply to manufacturers of asbestos products.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** A right of action of the state or a political subdivision of the state, including a county, an incorporated city or town, a navigation district, a municipal utility district, a port authority, a school district, et al, is not barred by Section 16.003 (2-year statute of limitations), et al.

## Notice of Determination

The Property Damage Facility's official determination of a Claim shall include the dollar amount of Abatement Costs. If the Property Damage Facility determines that the claim amount for Abatement Costs of a Claim, as filed, is greater than the reasonable and customary costs of the allowable action undertaken under the circumstances, it shall allow only such reasonable and customary costs. If the dollar amount allowed is less than the total amount of the Claim filed by the Claimant for any reason, the Property Damage Facility's notification shall include the reason for its determination, a response to any contention previously raised by the Claimant in support of its Claim, copies of all reports of any inspection and/or testing, and a full disclosure of the Claimant's rights to request reconsideration and binding dispute resolution. If the Claimant accepts the determination of the Property Damage Facility as to the amount of such Claimant's Allowed Claim, that decision will be final and binding on both parties and may not be reopened.

# Celotex Property Damage Claims Facility

2716 Lee Street, Suite 500, P.O. Box 1299
GREENVILLE, TEXAS 75403-1299

September 6, 2000

## NOTICE OF FINAL DETERMINATION

Claimant             : «ClmntName»
Claimant Address  : «ClmntAddrLn1»
                       «ClmntAddrLn2»
                       «ClmntCity_State_Zip»
Claim Number      : «ClaimKey»
Building Name      : «BldgName»
Category            : «CategoryID»
Installation Date   : «InstallationDate»
Product Name       : «ProductDescription»
Product Function   : «ProductFuncDescription»

Pursuant to the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), the Celotex Property Damage Claims Facility has reviewed the Claim Form and related information submitted by the Claimant identified above and has determined that the Claim shall be allowed in the amount set forth below.

| | Lineal Footage | | Square Footage | |
|---|---|---|---|---|
| ABATEMENT COST | Claimed | Allowed | Claimed | Allowed |
| Past Square/Lineal Footage of Abatement | «ALinFtC» | «ALinFtA» | «ASqFtC» | «ASqFtA» |
| Past Abatement Cost | «BLinFtC» | «BLinFtA» | «BSqFtC» | «BSqFtA» |
| Square/Lineal Footage Remaining to be Removed | «KLinFtC» | «KLinFtA» | «KSqFtC» | «KSqFtA» |
| Past Estimated Base Cost of ACM Removal | | «CLinFtA» | | «CSqFtA» |
| Past Estimated Modifier Adjustment(s) | | «DLinFtA» | | «DSqFtA» |
| Future Estimated Base Cost of ACM Removal | | «ELinFtA» | | «ESqFtA» |
| Future Estimated Modifier Adjustment(s) | | «FLinFtA» | | «FSqFtA» |
| Total Abatement Cost Allowed | | «TotalAllowedAbatCostLinFt» | | «TotalAllowedAbatCostSqFt» |
| MULTIPLIER | | | | |
| Total Abatement Cost Allowed (SF+LF) | | | | «TotalAllowedAbatC» |
| Multiplier | | | | 3.3 |
| Total Allowed Cost | | | | «TotalAllowedAbatCostMult» |

If the dollar amount allowed is less than the total amount of the claim filed by the Claimant, an explanation of the difference will be attached as Appendix I to this Notice of Final Determination.

Subject to Attachment I, attached hereto and made a part of this Notice of Final Determination, by the signature of the Claimant or the Claimant's authorized representative (the "Claimant Representative") below, or by the failure to seek reconsideration within 60 days pursuant to Section IV.E.3. of the APDCRP, the Claimant agrees to accept payment pursuant to the Total Allowed Costs set forth above and the applicable Payment Percentage in full and final settlement of any and all claims with respect to Claim Number «ClaimKey» against the Celotex Asbestos Settlement Trust and all its predecessors (the "Trust"), and releases the Trust from liability for any and all such claims. The Claimant understands and accepts that the Claims Payment will be determined by the applicable Payment Percentage of the Total Allowed Cost.

Acceptance of this Notice of Final Determination must be filed with the PDCA to trigger the PDCA's notice to the Trust of the allowance of this Claim. If the Claimant disagrees with the Total Allowed Cost contained herein, the Claimant must file a written request for reconsideration with 60 days of receipt of this Notice of Final Determination.

Total Allowed Cost is accepted.

By: _____     Title (or Firm): _____

Print Name: _____     Date: _____

## NOTICE OF FINAL DETERMINATION

NOT WITHSTANDING ANY PROVISIONS OF THE CELOTEX PLAN OF REORGANIZATION TO THE CONTRARY, NO CLAIMANT UNDER THAT PLAN IS, OR WILL BE, PURSUANT TO ORDERS ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, RECEIVING ANY SO-CALLED "DANA RIGHTS" OR "DANA LIABILITIES."

ACCORDINGLY, THE CELOTEX TRUST IS TRANSFERRING NO RIGHT OR CAUSE OF ACTION WHATSOEVER AGAINST THE DANA CORPORATION TO ANY CLAIMANT.

PURSUANT TO ORDERS OF STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, ANY ATTEMPT TO TRANSFER ANY RIGHT OR CAUSE OF ACTION, OR TO SEEK TO ENFORCE ANY SUCH RIGHT OR CAUSE OF ACTION AGAINST DANA CORPORATION CONTRARY TO THE ORDERS OF THAT COURT WILL BE DEEMED, AND SANCTIONED AS, CONTEMPT OF THAT COURT.

COPIES OF THE PERTINENT ORDERS ARE AVAILABLE ON REQUEST FROM:

JEROME C. RANDOLPH, ESQ.
KEATING, MUETHING & KLEKAMP
1800 PROVIDENT TOWER
ONE EAST 4TH STREET
CINCINNATI, OH 45202

NO CLAIM AGAINST THE TRUST SHALL BE APPROVED OR ALLOWED UNTIL A CLAIMANT, EITHER INDIVIDUALLY OR THROUGH COUNSEL, HAS, BY SIGNING A COPY HEREOF, ACKNOWLEDGED RECEIPT OF THE NOTICE AND HIS, HER, OR ITS UNDERSTANDING OF ITS TERMS.

### ACKNOWLEDGEMENT

I (WE) HAVE RECEIVED AND READ AND UNDERSTAND THE FOREGOING NOTICE, AND UNDERSTAND THAT WE HAVE NOT RECEIVED AND ARE NOT RECEIVING ANY TRANSFER OF ANY RIGHT OR CAUSE OF ACTION AGAINST THE DANA CORPORATION FROM THE CELOTEX ASBESTOS SETTLEMENT TRUST.

ON BEHALF OF: «ClmntName»

BY: _____     TITLE (FIRM): _____

PRINT NAME: _____     DATE: _____

CERTIFICATION:

I have reviewed the Notice ... .nal Determination for Claim # «ClaimKey      BldgName», and the detail of the Total Allowed Cost by building. With respect to this Claim, I make the following certifications:

1) The Total Allowed Cost is correct.
2) I am the Claimant Representative for the above Claim.
3) The proper payee for the above referenced Claims is:

    (Check one of the boxes below)

       ❑ Claimant:

       ❑ Claimant and Claimant Representative

       ❑ Claimant Representative in Trust for Claimant

       ❑ Other: _____
       **(If "Other" is the proper payee, supporting documentation must accompany the Verification Statement with Certification returned to the Celotex Property Damage Claims Facility)**

4) The proper mailing address for mailing check(s) is:

    (Check one of the boxes below and make necessary changes)

       ❑ **CLAIMANT:**

| |
|---|
| «ClmntName» |
| «ClmntAddrLn1» |
| «ClmntAddrLn2» |
| «ClmntCity_State_Zip» |

       ❑ **CLAIMANT REPRESENTATIVE:**

| |
|---|
| «RepContact» |
| «RepFirmName» |
| «RepAddr» |
| «RepCity_State_Zip» |

       ❑ **OTHER:**

| |
|---|
| |
| |
| |
| |

By: _____    Title: _____

Print Name: _____    Firm: _____

Date: _____    _____

| **THE SIGNED VERFICATION STATEMENT WITH CERTIFICATION TO BE RETURNED TO:** |
|---|
| **CELOTEX PD FACILITY**<br>**P.O. BOX 1299**<br>**GREENVILLE, TX 75403-1299**<br>**or**<br>**2716 LEE STREET**<br>**SUITE 500**<br>**GREENVILLE, TX  75401-4107** |

# Celotex  Property Damage Claims Facility

2716 Lee Street, Suite 500, P.O. Box 1299
GREENVILLE, TEXAS 75403-1299

September 6, 2000

## NOTICE OF FINAL DETERMINATION

| | | |
|---|---|---|
| Claimant | : | «ClmntName» |
| Claimant Address | : | «ClmntAddrLn1» |
| | | «ClmntAddrLn2» |
| | | «ClmntCity_State_Zip» |
| Claim Number | : | «ClaimKey» |
| Building Name | : | «BldgName» |
| Category | : | «CategoryID» |
| Installation Date | : | «InstallationDate» |
| Product Name | : | «ProductDescription» |
| Product Function | : | «ProductFuncDescription» |

Pursuant to the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), the Celotex Property Damage Claims Facility has reviewed the Claim Form and related information submitted by the Claimant identified above and has determined that the Claim shall be allowed in the amount set forth below.

| | Lineal Footage | | Square Footage | |
|---|---|---|---|---|
| ABATEMENT COST | Claimed | Allowed | Claimed | Allowed |
| Past Square/Lineal Footage of Abatement | «ALinFtC» | «ALinFtA» | «ASqFtC» | «ASqFtA» |
| Past Abatement Cost | «BLinFtC» | «BLinFtA» | «BSqFtC» | «BSqFtA» |
| Square/Lineal Footage Remaining to be Removed | «KLinFtC» | «KLinFtA» | «KSqFtC» | «KSqFtA» |
| Past Estimated Base Cost of ACM Removal | | «CLinFtA» | | «CSqFtA» |
| Past Estimated Modifier Adjustment(s) | | «DLinFtA» | | «DSqFtA» |
| *Future Estimated Base Cost of ACM Removal* | | «ELinFtA» | | «ESqFtA» |
| *Future Estimated Modifier Adjustment(s)* | | «FLinFtA» | | «FSqFtA» |
| Total Abatement Cost Allowed | | «TotalAllowedAbatCostLinFt» | | «TotalAllowedAbatCostSqFt» |
| NON-ABATEMENT COSTS | | | | |
| Past Non-Abatement Cost | | | «ClaimedPastNonAbatCosTotalCost» | «AllowedPastNonAbatCosTotalCost» |
| *Future Non-Abatement Cost* | | | «ClaimedNonAbatCosTotalFuture» | «AllowedNonAbatCosTotalFuture» |
| Total Non-Abatement Cost | | | | «AllowedNonAbatCosTotalPastFuture» |
| **Total Allowed Cost (Abatement (LF + SF) + Non-Abatement)** | | | | «TotalAllowedCost» |

If the dollar amount allowed is less than the total amount of the claim filed by the Claimant, an explanation of the difference will be attached as Appendix I to this Notice of Final Determination.

Subject to Attachment I, attached hereto and made a part of this Notice of Final Determination, by the signature of the Claimant or the Claimant's authorized representative (the "Claimant Representative") below, or by the failure to seek reconsideration within 60 days pursuant to Section IV.E.3. of the APDCRP, the Claimant agrees to accept payment pursuant to the Total Allowed Costs set forth above and the applicable Payment Percentage in full and final settlement of any and all claims with respect to Claim Number «ClaimKey» against the Celotex Asbestos Settlement Trust and all its predecessors (the "Trust"), and releases the Trust from liability for any and all such claims. The Claimant understands and accepts that the Claims Payment will be determined by the applicable Payment Percentage of the Total Allowed Cost.

Acceptance of this Notice of Final Determination must be filed with the PDCA to trigger the PDCA's notice to the Trust of the allowance of this Claim. If the Claimant disagrees with the Total Allowed Cost contained herein, the Claimant must file a written request for reconsideration with 60 days of receipt of this Notice of Final Determination.

Total Allowed Cost is accepted.

By: _____     Title (or Firm): _____

Print Name: _____     Date: _____

## ATTACHMENT I.

## NOTICE OF FINAL DETERMINATION

NOT WITHSTANDING ANY PROVISIONS OF THE CELOTEX PLAN OF REORGANIZATION TO THE CONTRARY, NO CLAIMANT UNDER THAT PLAN IS, OR WILL BE, PURSUANT TO ORDERS ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, RECEIVING ANY SO-CALLED "DANA RIGHTS" OR "DANA LIABILITIES."

ACCORDINGLY, THE CELOTEX TRUST IS TRANSFERRING NO RIGHT OR CAUSE OF ACTION WHATSOEVER AGAINST THE DANA CORPORATION TO ANY CLAIMANT.

PURSUANT TO ORDERS OF STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, ANY ATTEMPT TO TRANSFER ANY RIGHT OR CAUSE OF ACTION, OR TO SEEK TO ENFORCE ANY SUCH RIGHT OR CAUSE OF ACTION AGAINST DANA CORPORATION CONTRARY TO THE ORDERS OF THAT COURT WILL BE DEEMED, AND SANCTIONED AS, CONTEMPT OF THAT COURT.

COPIES OF THE PERTINENT ORDERS ARE AVAILABLE ON REQUEST FROM:

JEROME C. RANDOLPH, ESQ.
KEATING, MUETHING & KLEKAMP
1800 PROVIDENT TOWER
ONE EAST 4TH STREET
CINCINNATI, OH 45202

NO CLAIM AGAINST THE TRUST SHALL BE APPROVED OR ALLOWED UNTIL A CLAIMANT, EITHER INDIVIDUALLY OR THROUGH COUNSEL, HAS, BY SIGNING A COPY HEREOF, ACKNOWLEDGED RECEIPT OF THE NOTICE AND HIS, HER, OR ITS UNDERSTANDING OF ITS TERMS.

ACKNOWLEDGEMENT

I (WE) HAVE RECEIVED AND READ AND UNDERSTAND THE FOREGOING NOTICE, AND UNDERSTAND THAT WE HAVE NOT RECEIVED AND ARE NOT RECEIVING ANY TRANSFER OF ANY RIGHT OR CAUSE OF ACTION AGAINST THE DANA CORPORATION FROM THE CELOTEX ASBESTOS SETTLEMENT TRUST.

ON BEHALF OF: «ClmntName»

BY: _____     TITLE (FIRM): _____

PRINT NAME: _____     DATE: _____

CERTIFICATION:

I have reviewed the Notice of Final Determination for Claim # «ClaimKey», BldgName», and the detail of the Total Allowed Cost by building. With respect to this Claim, I make the following certifications:

1) The Total Allowed Cost is correct.

2) I am the Claimant Representative for the above Claim.

3) The proper payee for the above referenced Claims is:

(Check one of the boxes below)

❑ Claimant:

❑ Claimant and Claimant Representative

❑ Claimant Representative in Trust for Claimant

❑ Other: _____

**(If "Other" is the proper payee, supporting documentation must accompany the Verification Statement with Certification returned to the Celotex Property Damage Claims Facility)**

4) The proper mailing address for mailing check(s) is:

(Check one of the boxes below and make necessary changes)

❑ **CLAIMANT:**

| |
|---|
| «ClmntName» |
| «ClmntAddrLn1» |
| «ClmntAddrLn2» |
| «ClmntCity_State_Zip» |

❑ **CLAIMANT REPRESENTATIVE:**

| |
|---|
| «RepContact» |
| «RepFirmName» |
| «RepAddr» |
| «RepCity_State_Zip» |

❑ **OTHER:**

| |
|---|
| |
| |
| |
| |

By: _____ Title: _____

Print Name: _____ Firm: _____

Date: _____ _____

**THE SIGNED VERFICATION STATEMENT WITH CERTIFICATION TO BE RETURNED TO:**

**CELOTEX PD FACILITY**
**P.O. BOX 1299**
**GREENVILLE, TX 75403-1299**
**or**
**2716 LEE STREET**
**SUITE 500**
**GREENVILLE, TX 75401-4107**

# Celotex Property Damage Claims Facility

2716 Lee Street, Suite 500, P.O. Box 1299
GREENVILLE, TEXAS 75403-1299

September 6, 2000

## NOTICE OF FINAL DETERMINATION

Claimant                 : «ClmntName»
Claimant Address  : «ClmntAddrLn1»
                             «ClmntAddrLn2»
                             «ClmntCity», «ClmntSt»  «ClmntZip»
Claim Number       : «ClaimKey»
Building Name        : «BldgName»
Agency/Department: «BldgAgencyDept»
Category                 : 4
Installation Date      : «InstallPeriodStart» - «InstallPeriodEnd»
Product Function     : TSI – Principal ACM

Pursuant to the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), the Celotex Property Damage Claims Facility has reviewed the Claim Form and related information submitted by the Claimant identified above and has determined that the Claim shall be allowed in the amount set forth below.

|  | Square Footage (SF) | Lineal Footage (LF) |
|---|---|---|
| Footage of Abated Principal ACM Claimed | SF | LF . |
| *Footage of Abated Principal ACM Allowed* | *SF* | *LF* |
| Allowed Claim for Abated Principal ACM @$1/SF or LF |  |  |
| Footage of Unabated Principal ACM Claimed | SF | LF |
| *Footage of Unabated Principal ACM Allowed* | SF | LF |
| Allowed Claim for Unabated Principal ACM @65¢/SF or LF |  |  |
| Discounted Payable Costs | $ 0.00 | $ 0.00 |

**Total Discounted Payable Costs Claimed**
**Total Discounted Payable Costs Allowed**
**(Subject to Category 4 Fund reduction formula)**                                    $ 0.00

If the dollar amount allowed is less than the total amount of the claim filed by the Claimant, an explanation of the difference will be attached as Appendix I to this Notice of Final Determination.

Subject to Attachment I, attached hereto and made a part of this Notice of Final Determination, by the signature of the Claimant or the Claimant's authorized representative (the "Claimant Representative") below, or by the failure to seek reconsideration within 60 days pursuant to Section IV.E.3. of the APDCRP, the Claimant agrees to accept payment pursuant to the Discounted Payable Costs set forth above and the applicable pro-ration of the Category 4 Fund in full and final settlement of any and all claims with respect to Claim Number «ClaimKey» against The Asbestos Settlement Trust and all its predecessors (the "Trust"), and releases the Trust from liability for any and all such claims. The Claimant understands and accepts that the Claims Payment will be determined by the applicable Payment Percentage of the Total Allowed Cost.

Acceptance of this Notice of Final Determination must be filed with the PDCA to trigger the PDCA's notice to the Trust of the allowance of this Claim. If the Claimant disagrees with the Total Allowed Cost contained herein, the Claimant must file a written request for reconsideration with 60 days of receipt of this Notice of Final Determination.

Total Allowed Cost is accepted.

By: _____    Title (or Firm): _____

Print Name: _____    Date: _____

## ATTACHMENT I.

## NOTICE OF FINAL DETERMINATION

NOT WITHSTANDING ANY PROVISIONS OF THE CELOTEX PLAN OF REORGANIZATION TO THE CONTRARY, NO CLAIMANT UNDER THAT PLAN IS, OR WILL BE, PURSUANT TO ORDERS ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, RECEIVING ANY SO-CALLED "DANA RIGHTS" OR "DANA LIABILITIES."

ACCORDINGLY, THE CELOTEX TRUST IS TRANSFERRING NO RIGHT OR CAUSE OF ACTION WHATSOEVER AGAINST THE DANA CORPORATION TO ANY CLAIMANT.

PURSUANT TO ORDERS OF STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, ANY ATTEMPT TO TRANSFER ANY RIGHT OR CAUSE OF ACTION, OR TO SEEK TO ENFORCE ANY SUCH RIGHT OR CAUSE OF ACTION AGAINST DANA CORPORATION CONTRARY TO THE ORDERS OF THAT COURT WILL BE DEEMED, AND SANCTIONED AS, CONTEMPT OF THAT COURT.

COPIES OF THE PERTINENT ORDERS ARE AVAILABLE ON REQUEST FROM:

JEROME C. RANDOLPH, ESQ.
KEATING, MUETHING & KLEKAMP
1800 PROVIDENT TOWER
ONE EAST 4TH STREET
CINCINNATI, OH 45202

NO CLAIM AGAINST THE TRUST SHALL BE APPROVED OR ALLOWED UNTIL A CLAIMANT, EITHER INDIVIDUALLY OR THROUGH COUNSEL, HAS, BY SIGNING A COPY HEREOF, ACKNOWLEDGED RECEIPT OF THE NOTICE AND HIS, HER, OR ITS UNDERSTANDING OF ITS TERMS.

ACKNOWLEDGEMENT

I (WE) HAVE RECEIVED AND READ AND UNDERSTAND THE FOREGOING NOTICE, AND UNDERSTAND THAT WE HAVE NOT RECEIVED AND ARE NOT RECEIVING ANY TRANSFER OF ANY RIGHT OR CAUSE OF ACTION AGAINST THE DANA CORPORATION FROM THE CELOTEX ASBESTOS SETTLEMENT TRUST.

ON BEHALF OF: «ClmntName»

BY: _____     TITLE (FIRM): _____

PRINT NAME: _____     DATE: _____

**CERTIFICATION:**
I have reviewed the Notice of Final Determination for Claim # «ClaimKey», «BldgName», and the detail of the Total Allowed Cost by building. With respect to this Claim, I make the following certifications:
1) The Total Allowed Cost is correct.
2) I am the Claimant Representative for the above Claim.
3) The proper payee for the above referenced Claims is:

    (Check one of the boxes below)

    ❑ Claimant:

    ❑ Claimant and Claimant Representative

    ❑ Claimant Representative in Trust for Claimant

    ❑ Other: _____
**(If "Other" is the proper payee, supporting documentation must accompany the Verification Statement with Certification returned to the Celotex Property Damage Claims Facility)**

4) The proper mailing address for mailing check(s) is:

    (Check one of the boxes below and make necessary changes)

    ❑ **CLAIMANT:**

| |
|---|
| «ClmntName» |
| «ClmntAddrLn1» |
| «ClmntAddrLn2» |
| «ClaimKey» |

    ❑ **CLAIMANT REPRESENTATIVE:**

| |
|---|
| «ClaimKey» |
| «ClaimKey» |
| «ClaimKey» |
| «ClaimKey» |

    ❑ **OTHER:**

| |
|---|
| |
| |
| |
| |

By: _____     Title: _____

Print Name: _____     Firm: _____

Date: _____     _____

| THE SIGNED VERFICATION STATEMENT WITH CERTIFICATION TO BE RETURNED TO: |
|---|
| **CELOTEX PD FACILITY** |
| **P.O. BOX 1299** |
| **GREENVILLE, TX 75403-1299** |
| **or** |
| **2716 LEE STREET** |
| **SUITE 500** |
| **GREENVILLE, TX  75401-4107** |

**de novo
REVIEW**

# de novo Review Contents

01    de novo Review Contents

02    de novo Review Introduction

03    de novo Review Panel

04    de novo Review Checklist – Categories 1&2

05    de novo Review Checklist – Category 4

06    Product Identification

07    Asbestos Containing Material

08    Quantity of Asbestos Containing Material

09    Installation Date

10    Statute of Limitation or Repose

11    Notice of Determination After Reconsideration

## de novo Review Introduction

A Claimant shall have 60 days from the date of receipt of the Property Damage Facility's notice of its official determination to file with the Property Damage Facility a written request for reconsideration of that determination. The Claimant must state in writing the reason(s) for seeking reconsideration and include any additional materials not theretofore submitted which the Claimant wishes to be considered in connection with the reconsideration.

## de novo Review Panel

Once the Property Damage Facility has received a request for reconsideration, it shall review the Asbestos Property Damage Claim, the supporting documentation, Claimant's reason for seeking reconsideration and arguments in support thereof, any newly submitted material, the notice of determination and reasons therefor, and any other relevant material. The review shall be conducted de novo by a panel consisting of two Property Damage Facility claims analysts and one otherwise disinterested member of the PD Advisory Committee. The claims analyst who made the original determination shall not sit on the reconsideration panel. Neither the Property Damage Facility nor the panel members may raise or rely on any reasons not stated in the Notice of Determination as a basis for denying the request for reconsideration. The panel shall have 90 days from the date of receipt of Claimant's request for reconsideration to issue a final determination. If no final determination is issued within said 90-day time period, the Asbestos Property Damage Claim shall be Allowed as originally submitted.

The reconsideration panel shall issue its final determination in writing to the Claimant. The Allowed Amount shall include the amount of the Abatement Costs, if any. If the amount allowed is less that the Claim as filed by the Claimant for any reason or the Claim is disallowed in whole or in part, the final determination shall include a detailed, written statement supporting the panel's finding, including a response to any contention previously raised by the Claimant in support of its Claim, as well as a full disclosure of Claimant's right to request binding dispute resolution.

# de novo Review Checklist

# Celotex Asbestos Property Damage Claim
## De Novo Review Checklist
### Category 1 & 2

Review Date _____    Claim # _____

Reviewer Name _____    Claimant _____

Building _____

**Has the electronic template been utilized?**              Yes ☐      No ☐

### Section A

Attached?    Paper        Yes ☐        No ☐
            Electronic    Yes ☐        No ☐

Was Category provided?    Yes ☐        No ☐    _____

Was Building Code provided? Yes ☐      No ☐    _____

Was "23. Other" used?    Yes ☐        No ☐

Comments: _____

### Section B

Attached?    Paper        Yes ☐        No ☐
            Electronic    Yes ☐        No ☐

#2    Was Original Construction Period provided? Yes ☐    No ☐

Date : mm _____ 19 _____ to mm _____ 19 _____

#3    Was Original Installation Period provided?    Yes ☐    No ☐

Date : mm _____ 19 _____ to mm _____ 19 _____

#4    Was Celotex Product Name provided?    Yes ☐    No ☐ _____

#5    Was Celotex Product Function provided? Yes ☐    No ☐ _____

#6    Was Locations within the Building where Celotex ACM Product was installed provided?

Yes ☐              No ☐        _____

If "Yes", was an Installation Surface chosen?

Yes ☐              No ☐        _____

Was a SF/LF identified for the chosen Installation Surface?

Yes ☐              No ☐        SF/LF _____

Comments: _____

_____

## Section C-1

Attached?      Paper        Yes ☐        No ☐
               Electronic   Yes ☐        No ☐

#1     Representative Claimant in Celotex Insurance Adversary?         Yes ☐ No ☐

#2     Was Celotex Product Name provided?        Yes ☐      No ☐

#3     Was Celotex Product Function provided?  Yes ☐      No ☐

#4     Evidence of Product Identification
       Constituent Analysis?        ☐
       Affidavit?                   ☐
       Documentation?               ☐
       Judicially Determined?       ☐

#5     Is Other PID given?                            Yes ☐         No ☐

#6     Bulk Sample Analysis Evidence?                 Yes ☐         No ☐

#7     Evidence of Proof of Quantity attached?        Yes ☐         No ☐

#8     Constituent Analysis?                          Yes ☐         No ☐

#9     Pre-Existing Claimant?                         Yes ☐         No ☐

#10    Was it certified?                              Yes ☐         No ☐

Comments: _____

_____

## Section C-2

Attached?      Paper        Yes ☐        No ☐
               Electronic   Yes ☐        No ☐

#2 d   Is Other specified?                            Yes ☐         No ☐

#3     Are Discovery Date Information provided?        Yes ☐         No ☐

#4     Are Types of Responsive Information given?      Yes ☐         No ☐

#5     Smith & Kanzler?                               Yes ☐         No ☐

Comments: _____

_____

_____

## Index C

Attached?      Paper        Yes ☐        No ☐
               Electronic   Yes ☐        No ☐

Have the supporting Documents listed been provided?         Yes ☐         No ☐

Has an abatement job been performed? If "No", skip to Section E          Yes ☐  No ☐

**Section D-1**   (one per Abatement Project)

Attached?        Paper          Yes ☐          No ☐
                 Electronic     Yes ☐          No ☐

Has the years(s) of this Abatement Project been provided?

        Yes ☐              No ☐          Abatement Date _____

Have the supporting Documents listed been provided?

        Yes ☐              No ☐

**Worksheet Information:**

*Be sure cost documentation is sufficient to support costs claimed.*

Name of Contractor? _____

Total Contract Amount                    $_____

Total Payments to Contractor:            $_____

Total Costs applicable to ACSTM          $_____

Pro-rated costs applicable to ACSTM                        $_____

Consultant Fees                          $_____

Pro-rated costs to consultant this claim:                  $_____

Miscellaneous Fees:                      $_____

Pro-rated misc. fees this claim                            $_____

**Grand Total of Costs Applicable to This Abatement:**     $_____

Comments: _____
_____
_____
_____
_____
_____
_____
_____

**Section D-2**

Attached?      Paper       Yes ☐        No ☐
                   Electronic   Yes ☐        No ☐

#1    Has year(s) of Abatement project been provided?
       Yes    ☐         Date: mm _____ yy _____
       No     ☐
       N/A    ☐         (Claimant has yet to abate ACM) – Skip to Section F-2

#2    Has "Scope of Work" been answered?

       Yes ☐            No ☐

#3    Has locations been provided?

       Yes ☐            No ☐

#4    Has the summary of this abatement project for Celotex ACM been provided?

       Yes ☐            No ☐

#5    Are the Cost Documentation Worksheets attached?

       Yes ☐            No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

<u>Are Past Non-Abatement Costs claimed? If "No", skip to Section F</u>      <u>Yes</u> ☐  <u>No</u> ☐

<u>Section E-1</u>   (one per Abatement Project)

Attached?       Paper         Yes ☐         No ☐
                Electronic    Yes ☐         No ☐

Have the supporting Documents listed been provided?

        Yes ☐                No ☐


<u>Section E-2</u>

Attached?       Paper         Yes ☐         No ☐
                Electronic    Yes ☐         No ☐

#1      Has year(s) of Abatement project been provided?
        Yes    ☐         Date: mm _____ yy _____
        No     ☐
        N/A    ☐         (Claimant has yet to abate ACM) – Skip to Section F-2

#2      Has "Scope of Work" been answered?

        Yes ☐                No ☐

#3      Has locations been provided?

        Yes ☐                No ☐

#4      Has the summary of this abatement project for Celotex ACM been provided?

        Yes ☐                No ☐

#5      Are the Cost Documentation Worksheets attached?

        Yes ☐                No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

**Are Future Non-Abatement Costs claimed? If "No", skip to Section G**     Yes ☐     No ☐

## Section F-1

Attached?    Paper      Yes ☐      No ☐
              Electronic   Yes ☐      No ☐

Have the supporting Documents listed been provided?

     Yes ☐          No ☐

## Section F-2

Attached?    Paper      Yes ☐      No ☐
              Electronic   Yes ☐      No ☐

#1     Has year(s) of Future Non-Abatement project been provided?
       Yes     ☐      Date: mm _____ yy _____
       No      ☐
       N/A     ☐

#2     Has "Scope of Work" been answered?

       Yes ☐          No ☐

#3     Has locations been provided?

       Yes ☐          No ☐

#4     Has the summary of this Future Non-Abatement project for Celotex ACM been provided?

       Yes ☐          No ☐

#5     Are the Cost Documentation Worksheets attached?

       Yes ☐          No ☐

Comments: _____

_____

_____

_____

_____

_____

_____

_____

<u>Section G</u>

Attached?        Paper        Yes ☐        No ☐
                 Electronic   Yes ☐        No ☐

Has summary been completed?                    Yes ☐            No ☐

Total SF/LF of ACSTM **enclosed and encapsulated**            SF/LF _____

Costs for Enclosure and Encapsulation                        $ _____

Total SF/LF of ACSTM **removed**                             SF/LF _____

Costs for Past Removal                                       $ _____

Past Non Abatement Costs                                     $ _____

Future Non Abatement Costs                                   $ _____

Is it correct?                                 Yes ☐            No ☐

Total SF of ACSTM remaining                                  SF_____

***Circle one***
    Enclosed            SF_____

    Encapsulated        SF_____

    Unabated            SF_____

Does SF/LF of ACSTM abated plus SF/LF of ACSTM remaining match Section B? Yes ☐        No ☐

Does Abatement Costs match those on Section D?                Yes ☐        No ☐

Comments: _____
_____
_____
_____
_____
_____
_____
_____

**Section H (Past)**

Attached?    Paper    Yes ☐    No ☐
               Electronic  Yes ☐    No ☐

Has Claimant elected to use Cost Model to determine Past Abatement Cost?
    Yes ☐    No ☐
    If "No" skip to next section

| # | | |
|---|---|---|
| #1 | Square/Lineal Feet of ACSTM located 15 feet or more above floor | _____ |
| #2 | Square/Lineal Feet of ACSTM in areas that will be occupied | _____ |
| | Is attachment HP2 attached?  Yes ☐  No ☐ | |
| #3 | Will additional costs be incurred for security reasons? | Yes ☐  No ☐ |
| | Is attachment HP3 attached?  Yes ☐  No ☐ | |
| #4 | Square/Lineal Feet of ACSTM located above 3rd floor | _____ |
| #5 | Are Special Protective Coverings required? | Yes ☐  No ☐ |
| | Is attachment HP5 attached?  Yes ☐  No ☐ | |
| #6 | Square/Lineal Feet of ACSTM has been Encapsulated | _____ |
| #7 | Square/Lineal Feet of ACSTM has been Enclosed | _____ |
| | Is attachment HP7 attached?  Yes ☐  No ☐ | |
| #8 | Are there any special items that must be removed or replaced? | Yes ☐  No ☐ |
| | Is attachment HP8 attached?  Yes ☐  No ☐ | |
| #9 | Are there any areas less than 1,000 SF/LF that must be abated separately? Yes ☐ | No ☐ |
| | Is attachment HP9 attached?  Yes ☐  No ☐ | |
| #10 | Square/Lineal Feet of ACSTM located in an area with sloped floors | _____ |
| | Is attachment HP10 attached?  Yes ☐  No ☐ | |
| #11 | Is any floor covering that must be removed or replaced? | Yes ☐  No ☐ |
| | Is attachment HP11 attached?  Yes ☐  No ☐ | |
| #12 | Is the Building scheduled for demolition following Abatement? | Yes ☐  No ☐ |

Comments

_____

_____

_____

_____

**Section H (Future)**

| Attached? | Paper | Yes ☐ | No ☐ |
| | Electronic | Yes ☐ | No ☐ |

Is Claimant making a Claim for Future Costs?                Yes ☐    No ☐
If "No", skip Section HF.

#1    Square/Lineal Feet of ACSTM located 15 feet or more above floor        _____

#2    Square/Lineal Feet of ACSTM in areas that will be occupied            _____

    Is attachment HF2 attached?    Yes ☐    No ☐

#3    Will additional costs be incurred for security reasons?        Yes ☐    No ☐

    Is attachment HF3 attached?    Yes ☐    No ☐

#4    Square/Lineal Feet of ACSTM located above 3rd floor            _____

#5    Are Special Protective Coverings required?            Yes ☐    No ☐

    Is attachment HF5 attached?    Yes ☐    No ☐

#6    Square/Lineal Feet of ACSTM has been Encapsulated            _____

#7    Square/Lineal Feet of ACSTM has been Enclosed            _____

    Is attachment HF7 attached?    Yes ☐    No ☐

#8    Are there any special items that must be removed or replaced?        Yes ☐    No ☐

    Is attachment HF8 attached?    Yes ☐    No ☐

#9    Are there any areas less than 1,000 SF/LF that must be abated separately?  Yes ☐    No ☐

    Is attachment HF9 attached?    Yes ☐    No ☐

#10   Square/Lineal Feet of ACSTM located in an area with sloped floors        _____

    Is attachment HF10 attached?   Yes ☐    No ☐

#11   Is any floor covering that must be removed or replaced?        Yes ☐    No ☐

    Is attachment HF11 attached?   Yes ☐    No ☐

#12   Is the Building scheduled for demolition following Abatement?        Yes ☐    No ☐

Comments
_____
_____
_____
_____

# DE NOVO REVIEW CHECKLIST

## Section I

| Attached? | Paper | Yes ☐ | No ☐ |
|---|---|---|---|
| | Electronic | Yes ☐ | No ☐ |

Signed and Notarized?      Yes ☐      No ☐

## Recommendations

_____ Allow Claim as is.

_____ Allow Claim at a reduced amount, explain below.

_____ Allow Claim at an increased amount, explain below.

_____ Disallow Claim in entirety, explain below.

_____ Request additional documentation, explain below.

_____ Request conference on this file.

Claim is being made for: *circle one*

| Past Actual Costs | Removed _____ sf/lf of _____ @$ _____ |
|---|---|
| Past Cost Model | Removed _____ sf/lf of _____ @$ _____ |
| Future Estimated Costs | To be Removed _____ sf/lf of _____ |

_____ Enclosed
_____ Encapsulated
_____ Unabated

Comments:

_____

_____

_____

_____

_____

_____

Adjuster:              Date:

_____

## Celotex Asbestos Property Damage Claim
## De Novo Review Checklist
## Category 4

Review Date _____   Claim # _____

Reviewer Name _____   Claimant _____

Building _____

**Has the electronic template been utilized?**                    Yes ☐     No ☐

# Section A

Attached?     Paper         Yes ☐          No ☐
              Electronic    Yes ☐          No ☐

Has Claimant Representative information been completed?     Yes ☐ No ☐

Has Claimant information been completed?                    Yes ☐ No ☐

Has Certifying Attorney information been completed?         Yes ☐ No ☐

Has Applicable Jurisdiction been provided?                 Yes ☐ No ☐ _____

# Section B

Attached?     Paper         Yes ☐          No ☐
              Electronic    Yes ☐          No ☐

Has the Claim Number been provided in the proper format?   Yes ☐ No ☐

#1   Has Building information been completed?              Yes ☐ No ☐

#2   Has a Building Code been selected?                    Yes ☐ No ☐ _____

     Was "23. Other" used?                                Yes ☐ No ☐

#3   Was Original Construction Period provided?            Yes ☐ No ☐

     Date : mm _____ 19 _____ to mm _____ 19 _____

#4   Was Original Installation Period provided?            Yes ☐ No ☐

     Date : mm _____ 19 _____ to mm _____ 19 _____

#5   Has Product Location been provided?                   Yes ☐ No ☐

     Have footage amounts been provided?                   Yes ☐ No ☐

     Total footage Abated        _____ SF + _____ LF = _____

     Total footage Unabated      _____ SF + _____ LF = _____

## Section B-2

Attached?      Paper      Yes ☐      No ☐
              Electronic  Yes ☐      No ☐

#1      Has Asbestos Hazard Information been provided?      Yes ☐      No ☐

#2      Has Corrective Action Information been provided?      Yes ☐      No ☐

#3      Has Discovery Date Information been provided?      Yes ☐      No ☐

#4      Are Types of Responsive Information given?      Yes ☐      No ☐

#5      Was any TSI identified as the product of another specific manufacturer?
                                                              Yes ☐      No ☐

        Manufacturer_____      Footage_____

        Manufacturer_____      Footage_____

## Index B

Attached?      Paper      Yes ☐      No ☐
              Electronic  Yes ☐      No ☐

Have the supporting Documents listed been provided?      Yes ☐      No ☐

**At least one of each of the follow support documents is required.**

        Time-Barred Affidavit                              Yes ☐      No ☐
        Installation period                                Yes ☐      No ☐

        MM _____ 19_____ to MM _____ 19_____

        Location of Principal ACM in Building              Yes ☐      No ☐
        Quantity of Principal ACM Abated                   Yes ☐      No ☐

        _____SF + _____LF = _____

        Quantity of Principal ACM Unabated                 Yes ☐      No ☐

        _____SF + _____LF = _____

        Asbestos Plan                                      Yes ☐      No ☐
        Bulk Sample Analysis                               Yes ☐      No ☐
        At least one sample per homogeneous area greater than 1% by weight.
        _____Date : mm ____19 _____ to mm _____ 19
        Asbestos Hazard Info., Corrective Action Info., Discovery Date Support
                                                           Yes ☐      No ☐

Does the documentation submitted support the claim made? Yes ☐      No ☐

Comments: _____

_____

_____

# DE NOVO REVIEW SUMMARY

## Section C

Attached?        Paper        Yes ☐        No ☐
                 Electronic   Yes ☐        No ☐

Has a copy of Proof of Claim been attached? Yes ☐        No ☐

Signed and Notarized?        Yes ☐        No ☐

**Is the Product ACM?**        **Yes** ☐        **No** ☐

**Proof of Quantity?**        **Yes** ☐        **No** ☐

**Installation Date Provided?**        **Yes** ☐        **No** ☐

### Recommendations

_____Allow Claim as is.

_____Allow Claim at a reduced amount, explain below.

_____Allow Claim at an increased amount, explain below.

_____Disallow Claim in entirety, explain below.

_____Request additional documentation, explain below.

_____Request conference on this file.


Total footage Abated        _____SF + _____LF = _____ x $1.00 = $_____

Total footage Unabated        _____SF + _____LF = _____ x $0.65 = $_____

Total Discounted Payable Cost                                          $_____

Comments:

_____

_____

_____

_____

_____

_____

_____

Adjuster:        Date:

_____

# Product Identification

## IV.D. *Documentation*.

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.  *Category 1 and 2 Claims*.

(c)     Reasonable Evidence that ACM that is the subject of the Claim is Celotex Canada ACM, which the PDCA may confirm by any method and which confirmation shall be at the expense of the Claimant. Identification of Celotex ACM may be established by any of the following, among others:

(i)     constituent analysis of representative bulk sample(s) showing that the ACM that is the subject of the Claim is Celotex ACM;

(ii)     a sworn affidavit of an <u>individual with personal knowledge</u> that Celotex ACM was used in the building or structure for which the Claim is made, setting forth the individual's conclusion that Celotex or Carey Canada is the designer, miner, manufacturer, supplier, distributor or seller of the ACM and the factual basis for that conclusion;

(iii)     documentation evidencing that Celotex ACM was used in the building or structure for which the Claim is made including, without limitation, sales invoices; purchase orders; architectural specifications and records; bid documents; contracts and subcontracts; change orders; material approvals; maintenance, repair and renovation records; complaints to contractors; installation records; advertisements; insurance claims; supplier records; documents from discovery in lawsuits; and Celotex or Carey Canada records. For this purpose, a specification without some additional substantiating proof that Celotex ACM was used shall not sustain a Claim; or

(iv)     A prior judicial determination or stipulation entered into by Celotex that the ACM that is the subject of the Claim is Celotex ACM.

## Asbestos Containing Material

### IV.D. *Documentation.*

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.    *Category 1 and 2 Claims.*

(b)    Copies of all presently-existing bulk sample analysis results and/or records thereof showing that abated material contained asbestos. The bulk sample analysis technique must be polarized light microscopy or another generally acceptable method, including those acceptable to the United States Environmental Protection Agency. A minimum of one sample from each Homogeneous Area for which Abatement Costs are claimed must have been analyzed;

If the classification of PID evidence submitted is constituent analysis which identifies the bulk sample as being Celotex ACM, then no further proof the material is ACM will be required. A constituent analysis may substitute for a bulk sample analysis. However, a bulk sample analysis may not substitute for a constituent analysis.

# Quantity of Asbestos Containing Material

*IV.D.* **Documentation.**

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.    *Category 1 and 2 Claims.*

(a)    A completed Property Damage Claim Form, describing the location, type and *quantity* of ACM and the installation date thereof, including a certification of the information contained therein;

(d)    Reasonable Evidence supporting a Claim for Abatement Costs including one or more of the following:
(i)    a copy of a report from a Qualified Person or Asbestos Coordinator describing the type, location, and *quantity* of ACM, and type and scope of Abatement which was performed;

(e)    Claimants submitting a Claim for Future Abatement Costs must supply a copy of the report of a Qualified Person or an Asbestos Coordinator detailing information sufficient for the PDCA to apply the Cost Model based on the type, location and *quantity* of Celotex or ACM and type and scope of Abatement to be performed.

# Installation Date

## IV.D. Documentation.

Except as otherwise may be provided for herein, no Asbestos Property Damage Claim shall be Allowed unless the following documentation is submitted to the Property Damage Facility in support of the Asbestos Property Damage Claim. All documentation provided by a Claimant must be sufficient to constitute Reasonable Evidence as required by these APDCRP. The absence of one or more of the categories of documents set forth below shall not prejudice the allowance of, or constitute the basis for the disallowance of, a Claim if the Claimant certifies that, despite reasonable efforts, the required material could not be located. In such case, alternative documents or testimony that provides Reasonable Evidence of the necessary facts to support the Claim shall be accepted. Claimants may also use evidence submitted and determinations made by the claims processing facilities in other asbestos bankruptcies to constitute Reasonable Evidence, as appropriate, of the quantity of ACM in their buildings or structures and/or their costs of Abatement.

The following documents must be supplied:

1.    Category 1 and 2 Claims.

(a)    A completed Property Damage Claim Form, describing the location, type and quantity of ACM and the installation date thereof, including a certification of the information contained therein;

## Statute of Limitation or Repose

# CALIFORNIA

1.  **Statute of Limitations:** The statute of limitations for injury to real property is 3 years. California does not have a separate statute for products liability cases. Cal. Code Civ. Proc. Section 338. The statute of limitations begins to run when there is wrongdoing and the claimant suffers an appreciable and actual harm. In the context of asbestos-in-building cases, there is an apparent split of authority as to what threshold triggers the limitations period. One case holds that the claimant's knowledge of deterioration to its buildings caused by asbestos constitutes the infliction of appreciable harm so as to trigger the running of the 3 year limitations period. *City of San Diego v. United States Gypsum Co.*, 30 Cal. App. 4th 575. Another opinion holds that more is required: actual contamination by friable asbestos is the actual, appreciable harm that must exist before a property owner's action against an asbestos manufacturer accrues and the limitations period commences. *SFUCD v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318.

2.  **Discovery Rule:** The statute of limitations does not begin to run until the claimant either discovers the injury and its cause or could have discovered the injury and cause through the exercise of reasonable diligence. The statute of limitations is tolled until the claimant has notice of information or circumstances that would put a reasonable person on inquiry. Although the claim may have accrued (wrongdoing plus actual, appreciable harm), the discovery rule tolls the running of the limitations period until the claimant discovers the injury or should be on notice of the injury.

3.  **Statute of Repose:** The 10-year statute of repose for design/construction defects in improvements to real property (Cal. Code Civ. Proc. Section 337.15) does not apply to manufacturers of allegedly defective products. *Sevilla*, 101 Cal. App. 3d 608.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation generally do not apply against the state unless expressly made applicable by legislation. On the other hand, absent legislation to the contrary, actions by municipalities and other governmental subdivisions are not exempted from the operation of general statutes of limitation.

# ILLINOIS

1. **Product Liability Statute of Limitations and Discovery Rule:** Plaintiff may bring a product liability action within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the property damage, if the property damage occurs within 12 years from the date of first sale or delivery by seller or within 10 years from the date of first sale or delivery to initial user/consumer, whichever period expires earlier. 735 ILCS 5/Sec. 13-213.

2. **Product Liability Statute of Repose:** No product liability action shall be commenced more than 8 years after the date on which the property damage occurred. 735 ILCS 5/Sec. 13-213.

3. **Construction Statutes of Limitation/Repose:** Action for an act/omission in design, planning, supervision, observation or management of construction, or construction of improvement to real property shall be commenced within 4 years from the time the claimant knew or should reasonably have known of such act or omission. Such actions must be commenced no later than 10 years after such act or omission. **NOTE:** Under Illinois case law, this statute of limitation/statute of repose does not appear to encompass asbestos manufacturers unless the manufacturer performs a role related to the construction site beyond providing its standard products generally available to the public and not custom designed for the project. Unless the manufacturer also undertakes construction-related activities, such as installation, this statute does not apply. 735 ILCS 5/Sec. 13-214.

4. **Applicability to schools, municipalities, states and other political subdivisions:** The common law theory of *nullum tempus*, or governmental limitations immunity, does apply in Illinois to public entities asserting rights belonging to the public at large. Unless the terms of statutes of limitation expressly include the state, county, municipality, or other governmental agencies, the statutes, so far as public rights are concerned, are inapplicable to them. The product liability statute of limitations (Sec. 13-213) does not abrogate governmental limitations immunity, so the state, counties, municipalities, school districts and other political subdivisions are exempt from statutes of limitation. *See Evergreen Park School v. Federal Insurance Co.*, 276 Ill. App. 3d 766 (Ill. Ct. App. 1995). However, they are not exempt from the construction statute of limitation/repose (Sec. 13-214), which does abrogate governmental limitations immunity.

# KENTUCKY

1. **Statute of Limitations:** Kentucky apparently does not have a statute of limitations for product liability actions. Limitation of actions for such claims is addressed by the applicable statute of repose (see below).

2. **Discovery Rule: There is no discovery rule in Kentucky law applicable to property damage actions, either in case law or statute.**

3. **Statute of Repose:** In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.

4. **Applicability to schools, municipalities, states and other political subdivisions: Statutes of limitation do not bar the State of Kentucky, unless the State statute requires that they should do so. In the absence of statutory provisions to the contrary, the statute of limitations ordinarily runs against counties and other subdivisions of the State.**

# MASSACHUSETTS

1. **Statute of Limitations:** Tort actions shall be commenced only within three (3) years after the cause of action accrues.

2. **Discovery Rule:** A claim does not accrue until the claimant knows or should reasonably have known that claimant was damaged as a result of defendant's conduct. Claimant has three years to ascertain whether its claims are legally supportable once claimant is put on notice of facts sufficient that it reasonably should have known that its damages were likely caused by the defendant.

3. **Statute of Repose:** None.

4. **Applicability to schools, municipalities, states and other political subdivisions:** Any action brought by or on behalf of any county, city, town, regional school district, housing authority or the commonwealth or any other political subdivision thereof to recover any costs associated with asbestos related corrective actions including, but not limited to, the removal and replacement of asbestos and materials containing asbestos shall be commenced only within six years next after such county, city, town, regional school district, housing authority or the commonwealth or any other political subdivision thereof knew of the presence of and the hazard or damage caused by the presence of such asbestos or material containing asbestos within its building.

# MICHIGAN

1.  **Statute of Limitations:** The period of limitations is three (3) years for a products liability action. For example, the applicable limitations period for product liability actions against producers, manufacturers and distributors of asbestos-containing building materials by a school district seeking damages for abatement costs is three (3) years.

2.  **Discovery Rule:** A products liability claim accrues when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered that it has a possible cause of action. Claims arises when asbestos products were originally installed. If claim is time-barred on its face, Claimant has burden to show that application of discovery rule would effectively toll the period of limitation. If Claimant, such as a school district, knows it will have to spend money on an asbestos problem (e.g., it receives warning from state to inspect building for friable asbestos) its claim has accrued and the limitations period will begin to run.

3.  **Statute of Repose:** None.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Statutes of limitation do not bar the State of Michigan. In the absence of statutory provisions to the contrary, the statute of limitations ordinarily runs against counties and other subdivisions of the State.

# NEW YORK

1.  **Statute of Limitations:** An action to recover damages for an injury to property must be commenced within three years, unless the statutory discovery rule applies.  NY CLS CPLR Section 214.

2.  **Discovery Rule:** Notwithstanding the statute of limitations, the three year period within which an action to recover damages for injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within property shall be computed from the date of discovery of the injury by claimant or from the date when through the exercise of reasonable diligence such injury should have been discovered by claimant, whichever is earlier.  NY CLS CPLR Section 214-c.

3.  **Statute of Repose:** None.

4.  **Applicability to schools, municipalities, states and other political subdivisions:** Unless the State of New York is specifically included by legislation, statutes of limitation do not run against the State.  However, municipalities and other political subdivisions are not automatically entitled to institute an action after the time limit set forth in the applicable statute of limitations.

# PENNSYLVANIA

1. **Statute of Limitations:** Claimant must commence its asbestos property-damage claim within two years of the time the claim accrues. 42 Pa. C.S. Section 5524.

2. **Discovery Rule:** The discovery rule tolls the running of the statute of limitations until such time as a reasonably intelligent person, exercising due diligence, should have reason to suspect that the cause of property damage is existence of asbestos. (This paraphrases the rule; no Pennsylvania case applying the discovery rule specifically to asbestos property-damage cases has, as yet, been found.)

3. **Statute of Repose: None.**

4. **Applicability to schools, municipalities, states and other political subdivisions:** Where a cause of action accrues to a party in its governmental capacity, and the claim is brought to enforce strictly public rights and an obligation imposed by law, the doctrine of *nullum tempus* applies, removing the statute of limitations as a defense to the asbestos property-damage claims by political subdivisions of the state and school districts. Note, though, that community colleges may not be able to invoke *nullum tempus* doctrine.

# PUERTO RICO

1. **Statute of Limitations:** The Puerto Rico statute of limitations for tort actions provides for a one (1) year limitation period. P.R. Laws Ann. Title 31, §5298.

2. **Discovery Rule:** The one-year statute of limitations contains a statutory discovery rule. The one-year limitation period begins to run from "the time the aggrieved person has knowledge of the injury," P.R. Laws Ann. Title 31, §5298. The Supreme Court of Puerto Rico states that a plaintiff will be deemed to have "knowledge" of the injury when two conditions are met. A claimant is said to have "knowledge" of the injury when he has "notice of the injury, plus notice of the person who caused it". *Colon Prieto v. Geigel*, 115 P.R. Doc. 232. A detailed and rather technical explanation of the Puerto Rican discovery rule is found in the U.S. Circuit Court's opinion in *Rodríguez - Suris, et al v. Montesinos, et al*, 123 F.3d 10. A summary of that opinion can be furnished, if necessary, in a separate memorandum.

3. **Statute of Repose:** Research of Puerto Rican law fails to find a statute of repose applicable to asbestos property damage claims.

4. **Applicability to schools, municipalities, commonwealth and other political subdivisions:** The *nullum tempus* ("time does not run against the crown") doctrine is not found in Puerto Rican jurisprudence. This is not surprising in that the *nullum tempus* doctrine is derived from English common law, not Spanish civil law. No similar doctrine of governmental limitations immunity was found in research of Puerto Rican law. Thus, recommendation is to apply the one-year statute of limitations to property-damage claims by the Commonwealth of Puerto Rico, cities, and other political subdivisions just as you would apply it to a private claimant.

# WEST VIRGINIA

1. **Statute of Limitations:** In West Virginia the applicable statute of limitations for filing a tort action for damage to property is two years. *W. Va. Code §55-2-12(a)*.

2. **Discovery Rule:** In products liability personal injury cases, the statute of limitations begins to run when the claimant knew, or by the exercise or reasonable diligence should know: (1) that claimant has been injured; (2) the identity of the maker of the product; and (3) that the product had a causal relation to claimant's injury. *Hickman v. Grover*, 178 W. Va. 249 (1987). The *Hickman* opinion applies specifically to the 2-year statute of limitations for personal injuries. W. Va. Code §55-2-12(b). The Supreme Court of West Virginia was presented the issue of whether the discovery rule applies to property damage cases in *In Re: State of West Virginia Public Building Asbestos Litigation* (see para. 4 below). The Court declined to rule on the question, although it noted that the discovery rule does apply per *Hickman* in products liability personal injury cases. Therefore, existing West Virginia law apparently extends the discovery rule to products liability personal injury actions but not to products liability property damage cases. Research finds no case applying the discovery rule to property damage cases. Therefore, on property damage claims, the statute of limitations begins to run on the date of installation.[1]

3. **Statute of Repose:** West Virginia does not have a statute of repose applicable to asbestos property damage cases.

4. **Applicability to schools, municipalities, states and other political subdivisions:** The doctrine of *nullum tempus* has been abrogated by statute in West Virginia, meaning that the 2-year statute of limitations is applicable to actions brought by the State. W. Va. Code §55-2-19. The Supreme Court of Appeals of West Virginia has specifically applied this law to a case brought against Asbestospray Corp., Pfizer, Inc., and W.R. Grace & Co. by the State of West Virginia, a municipality and a county commission. *In Re: State of West Virginia Public Building Asbestos Litigation* 193 W. Va. 119 (1994). The State and its political subdivisions sought monetary relief for the removal and/or management of asbestos from its public buildings. The W. Va. Supreme Court also holds that statutes of limitation apply to all claims brought by the state (or its subdivisions), whether the state is asserting private/proprietary rights or public rights. *State of West Virginia, et al v. Kermit Lumber, et al*, 200 W. Va. 221 (1997).

---

[1] This is the recommended rule to apply in property damage cases until the claimant can demonstrate any appellant court holding which applies the discovery rule to property damage cases.

# TEXAS

1. **Statute of Limitations:** Claimant must bring suit for injury to the estate or property of another not later than 2 years after the day the cause of action accrues.  Section 16.003(a), Tex. Civ. Prac. & Rem. Code.  Generally a cause of action accrues when a wrongful act causes some legal inquiry, even if the fact of injury is not discovered until later or all resulting damages have not yet occurred.  However, if the discovery rules applies, it defers accrual of the claim.

2. **Discovery Rule:** The discovery rule applies only when the nature of the injury incurred is inherently undiscoverable and evidence of the injury is objectively verifiable.  When the discovery rule applies, a cause of action does not accrue until the claimant knew, or in the exercise of reasonable diligence should have known, of the wrongful act and resulting injury.  There is some authority in Texas indicating that, in some circumstances (such as the asbestos abatement context) the presence of asbestos in a building may not be inherently undiscoverable.

3. **Statute of Repose:** No statute of repose appears to apply to manufacturers of asbestos products.

4. **Applicability to schools, municipalities, states and other political subdivisions:** A right of action of the state or a political subdivision of the state, including a county, an incorporated city or town, a navigation district, a municipal utility district, a port authority, a school district, et al, is not barred by Section 16.003 (2-year statute of limitations), et al.

# Notice of Determination After Reconsideration

# Celote. Property Damage Cla. .s Facility

**2716 Lee Street, Suite 500, P.O. Box 1299**
**GREENVILLE, TEXAS 75403-1299**

September 6, 2000

## NOTICE OF FINAL DETERMINATION AFTER RECONSIDERATION

Claimant            : «ClmntName»
Claimant Address    : «ClmntAddrLn1» .
                      «ClmntAddrLn2»
                      «ClmntCity_State_Zip»
Claim Number        : «ClaimKey»
Building Name        : «BldgName»
Category            : «CategoryID»
Installation Date   : «InstallationDate»
Product Name        : «ProductDescription»
Product Function    : «ProductFuncDescription»

Pursuant to the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), the Celotex Property Damage Claims Facility has reviewed the Claim Form and related information submitted by the Claimant identified above and has determined that the Claim shall be allowed in the amount set forth below.

| | Lineal Footage | | Square Footage | |
|---|---|---|---|---|
| ABATEMENT COST | Claimed | Allowed | Claimed | Allowed |
| Past Square/Lineal Footage of Abatement | «ALinFtC» | «ALinFtA» | «ASqFtC» | «ASqFtA» |
| Past Abatement Cost | «BLinFtC» | «BLinFtA» | «BSqFtC» | «BSqFtA» |
| Square/Lineal Footage Remaining to be Removed | «KLinFtC» | «KLinFtA» | «KSqFtC» | «KSqFtA» |
| Past Estimated Base Cost of ACM Removal | | «CLinFtA» | | «CSqFtA» |
| Past Estimated Modifier Adjustment(s) | | «DLinFtA» | | «DSqFtA» |
| *Future Estimated Base Cost of ACM Removal* | | «ELinFtA» | | «ESqFtA» |
| *Future Estimated Modifier Adjustment(s)* | | «FLinFtA» | | «FSqFtA» |
| Total Abatement Cost Allowed | | «TotalAllowedAbatCostLinFt» | | «TotalAllowedAbatCostSqFt» |
| MULTIPLIER | | | | |
| Total Abatement Cost Allowed (SF+LF) | | | | «TotalAllowedAbatC» |
| Multiplier | | | | 3.3 |
| **Total Allowed Cost** | | | | «TotalAllowedAbatCostMult» |

If the dollar amount allowed is less than the total amount of the claim filed by the Claimant, an explanation of the difference will be attached as Appendix I to this Notice of Final Determination.

Subject to Attachment I, attached hereto and made a part of this Notice of Final Determination After Reconsideration, by the signature of the Claimant or the Claimant's authorized representative (the "Claimant Representative") below, or by the failure to seek reconsideration within 60 days pursuant to Section IV.E.4. of the APDCRP, the Claimant agrees to accept payment pursuant to the Total Allowed Costs set forth above and the applicable Payment Percentage in full and final settlement of any and all claims with respect to Claim Number «ClaimKey» against the Celotex Asbestos Settlement Trust and all its predecessors (the "Trust"), and releases the Trust from liability for any and all such claims. The Claimant understands and accepts that the Claims Payment will be determined by the applicable Payment Percentage of the Total Allowed Cost.

Acceptance of this Notice of Final Determination must be filed with the PDCA to trigger the PDCA's notice to the Trust of the allowance of this Claim. If the Claimant disagrees with the Total Allowed Cost contained herein, the Claimant must file a written request for reconsideration with 60 days of receipt of this Notice of Final Determination.

Total Allowed Cost is accepted.

By: _____    Title (or Firm): _____

Print Name: _____    Date: _____

## ATTACHMENT I.

## NOTICE OF FINAL DETERMINATION

NOT WITHSTANDING ANY PROVISIONS OF THE CELOTEX PLAN OF REORGANIZATION TO THE CONTRARY, NO CLAIMANT UNDER THAT PLAN IS, OR WILL BE, PURSUANT TO ORDERS ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, RECEIVING ANY SO-CALLED "DANA RIGHTS" OR "DANA LIABILITIES."

ACCORDINGLY, THE CELOTEX TRUST IS TRANSFERRING NO RIGHT OR CAUSE OF ACTION WHATSOEVER AGAINST THE DANA CORPORATION TO ANY CLAIMANT.

PURSUANT TO ORDERS OF STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, ANY ATTEMPT TO TRANSFER ANY RIGHT OR CAUSE OF ACTION, OR TO SEEK TO ENFORCE ANY SUCH RIGHT OR CAUSE OF ACTION AGAINST DANA CORPORATION CONTRARY TO THE ORDERS OF THAT COURT WILL BE DEEMED, AND SANCTIONED AS, CONTEMPT OF THAT COURT.

COPIES OF THE PERTINENT ORDERS ARE AVAILABLE ON REQUEST FROM:

JEROME C. RANDOLPH, ESQ.<br>
KEATING, MUETHING & KLEKAMP<br>
1800 PROVIDENT TOWER<br>
ONE EAST 4TH STREET<br>
CINCINNATI, OH 45202

NO CLAIM AGAINST THE TRUST SHALL BE APPROVED OR ALLOWED UNTIL A CLAIMANT, EITHER INDIVIDUALLY OR THROUGH COUNSEL, HAS, BY SIGNING A COPY HEREOF, ACKNOWLEDGED RECEIPT OF THE NOTICE AND HIS, HER, OR ITS UNDERSTANDING OF ITS TERMS.

### ACKNOWLEDGEMENT

I (WE) HAVE RECEIVED AND READ AND UNDERSTAND THE FOREGOING NOTICE, AND UNDERSTAND THAT WE HAVE NOT RECEIVED AND ARE NOT RECEIVING ANY TRANSFER OF ANY RIGHT OR CAUSE OF ACTION AGAINST THE DANA CORPORATION FROM THE CELOTEX ASBESTOS SETTLEMENT TRUST.

ON BEHALF OF: «ClmntName»

BY: _____      TITLE (FIRM): _____

PRINT NAME: _____      DATE: _____

CERTIFICATION:

I have reviewed the Notice of final Determination for Claim # «ClaimKey  .BldgName», and the detail of the Total Allowed Cost by building. With respect to this Claim, I make the following certifications:

1) The Total Allowed Cost is correct.
2) I am the Claimant Representative for the above Claim.
3) The proper payee for the above referenced Claims is:

(Check one of the boxes below)

❑ Claimant:

❑ Claimant and Claimant Representative

❑ Claimant Representative in Trust for Claimant

❑ Other: _____

**(If "Other" is the proper payee, supporting documentation must accompany the Verification Statement with Certification returned to the Celotex Property Damage Claims Facility)**

4) The proper mailing address for mailing check(s) is:

(Check one of the boxes below and make necessary changes)

❑ **CLAIMANT:**

| |
|---|
| «ClmntName» |
| «ClmntAddrLn1» |
| «ClmntAddrLn2» |
| «ClmntCity_State_Zip» |

❑ **CLAIMANT REPRESENTATIVE:**

| |
|---|
| «RepContact» |
| «RepFirmName» |
| «RepAddr» |
| «RepCity_State_Zip» |

❑ **OTHER:**

| |
|---|
| |
| |
| |
| |

By: _____    Title: _____

Print Name: _____    Firm: _____

Date: _____    _____

**THE SIGNED VERFICATION STATEMENT WITH CERTIFICATION TO BE RETURNED TO:**

**CELOTEX PD FACILITY**
**P.O. BOX 1299**
**GREENVILLE, TX 75403-1299**
**or**
**2716 LEE STREET**
**SUITE 500**
**GREENVILLE, TX  75401-4107**

# Celote  Property Damage Cla  is Facility

2716 Lee Street, Suite 500, P.O. Box 1299
GREENVILLE, TEXAS 75403-1299

September 6, 2000

## NOTICE OF FINAL DETERMINATION AFTER RECONSIDERATION

Claimant            : «ClmntName»
Claimant Address    : «ClmntAddrLn1»
                      «ClmntAddrLn2»
                      «ClmntCity_State_Zip»
Claim Number        : «ClaimKey»
Building Name        : «BldgName»
Category            : «CategoryID»
Installation Date    : «InstallationDate»
Product Name        : «ProductDescription»
Product Function    : «ProductFuncDescription»

Pursuant to the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures ("APDCRP"), the Celotex Property Damage Claims Facility has reviewed the Claim Form and related information submitted by the Claimant identified above and has determined that the Claim shall be allowed in the amount set forth below.

| | Lineal Footage | | Square Footage | |
|---|---|---|---|---|
| ABATEMENT COST | Claimed | Allowed | Claimed | Allowed |
| Past Square/Lineal Footage of Abatement | «ALinFtC» | «ALinFtA» | «ASqFtC» | «ASqFtA» |
| Past Abatement Cost | «BLinFtC» | «BLinFtA» | «BSqFtC» | «BSqFtA» |
| Square/Lineal Footage Remaining to be Removed | «KLinFtC» | «KLinFtA» | «KSqFtC» | «KSqFtA» |
| Past Estimated Base Cost of ACM Removal | | «CLinFtA» | | «CSqFtA» |
| Past Estimated Modifier Adjustment(s) | | «DLinFtA» | | «DSqFtA» |
| Future Estimated Base Cost of ACM Removal | | «ELinFtA» | | «ESqFtA» |
| Future Estimated Modifier Adjustment(s) | | «FLinFtA» | | «FSqFtA» |
| Total Abatement Cost Allowed | | «TotalAllowedAbatCostLinFt» | | «TotalAllowedAbatCostSqFt» |
| NON-ABATEMENT COSTS | | | | |
| Past Non-Abatement Cost | | | «ClaimedPastNonAbatCosTotalCost» | «AllowedPastNonAbatCosTotalCost» |
| Future Non-Abatement Cost | | | «ClaimedNonAbatCosTotalFuture» | «AllowedNonAbatCosTotalFuture» |
| Total Non-Abatement Cost | | | | «AllowedNonAbatCosTotalPastFuture» |
| Total Allowed Cost (Abatement (LF + SF) + Non-Abatement) | | | | «TotalAllowedCost» |

If the dollar amount allowed is less than the total amount of the claim filed by the Claimant, an explanation of the difference will be attached as Appendix I to this Notice of Final Determination After Reconsideration.

Subject to Attachment I, attached hereto and made a part of this Notice of Final Determination After Reconsideration, by the signature of the Claimant or the Claimant's authorized representative (the "Claimant Representative") below, or by the failure to seek reconsideration within 60 days pursuant to Section IV.E.4. of the APDCRP, the Claimant agrees to accept payment pursuant to the Total Allowed Costs set forth above and the applicable Payment Percentage in full and final settlement of any and all claims with respect to Claim Number «ClaimKey» against the Celotex Asbestos Settlement Trust and all its predecessors (the "Trust"), and releases the Trust from liability for any and all such claims. The Claimant understands and accepts that the Claims Payment will be determined by the applicable Payment Percentage of the Total Allowed Cost.

Acceptance of this Notice of Final Determination must be filed with the PDCA to trigger the PDCA's notice to the Trust of the allowance of this Claim. If the Claimant disagrees with the Total Allowed Cost contained herein, the Claimant must file a written request for binding dispute resolution with 60 days of receipt of this Notice of Final Determination After Reconsideration.

Total Allowed Cost is accepted.

By: _____    Title (or Firm): _____

Print Name: _____    Date: _____

## ATTACHMENT I.

## NOTICE OF FINAL DETERMINATION AFTER RECONSIDERATION

NOT WITHSTANDING ANY PROVISIONS OF THE CELOTEX PLAN OF REORGANIZATION TO THE CONTRARY, NO CLAIMANT UNDER THAT PLAN IS, OR WILL BE, PURSUANT TO ORDERS ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, RECEIVING ANY SO-CALLED "DANA RIGHTS" OR "DANA LIABILITIES."

ACCORDINGLY, THE CELOTEX TRUST IS TRANSFERRING NO RIGHT OR CAUSE OF ACTION WHATSOEVER AGAINST THE DANA CORPORATION TO ANY CLAIMANT.

PURSUANT TO ORDERS OF STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, ANY ATTEMPT TO TRANSFER ANY RIGHT OR CAUSE OF ACTION, OR TO SEEK TO ENFORCE ANY SUCH RIGHT OR CAUSE OF ACTION AGAINST DANA CORPORATION CONTRARY TO THE ORDERS OF THAT COURT WILL BE DEEMED, AND SANCTIONED AS, CONTEMPT OF THAT COURT.

COPIES OF THE PERTINENT ORDERS ARE AVAILABLE ON REQUEST FROM:

JEROME C. RANDOLPH, ESQ.
KEATING, MUETHING & KLEKAMP
1800 PROVIDENT TOWER
ONE EAST 4TH STREET
CINCINNATI, OH 45202

NO CLAIM AGAINST THE TRUST SHALL BE APPROVED OR ALLOWED UNTIL A CLAIMANT, EITHER INDIVIDUALLY OR THROUGH COUNSEL, HAS, BY SIGNING A COPY HEREOF, ACKNOWLEDGED RECEIPT OF THE NOTICE AND HIS, HER, OR ITS UNDERSTANDING OF ITS TERMS.

ACKNOWLEDGEMENT

I (WE) HAVE RECEIVED AND READ AND UNDERSTAND THE FOREGOING NOTICE, AND UNDERSTAND THAT WE HAVE NOT RECEIVED AND ARE NOT RECEIVING ANY TRANSFER OF ANY RIGHT OR CAUSE OF ACTION AGAINST THE DANA CORPORATION FROM THE CELOTEX ASBESTOS SETTLEMENT TRUST.

ON BEHALF OF: «ClmntName»

BY: _____     TITLE (FIRM): _____

PRINT NAME: _____     DATE: _____

CERTIFICATION:

I have reviewed the Notice o. ...al Determination for Claim # «ClaimKey», BldgName», and the detail of the Total Allowed Cost by building. With respect to this Claim, I make the following certifications:

1) The Total Allowed Cost is correct.
2) I am the Claimant Representative for the above Claim.
3) The proper payee for the above referenced Claims is:

    (Check one of the boxes below)

       ❑ Claimant:

       ❑ Claimant and Claimant Representative

       ❑ Claimant Representative in Trust for Claimant

       ❑ Other: _____

    **(If "Other" is the proper payee, supporting documentation must accompany the Verification Statement with Certification returned to the Celotex Property Damage Claims Facility)**

4) The proper mailing address for mailing check(s) is:

    (Check one of the boxes below and make necessary changes)

    ❑ **CLAIMANT:**

| |
|---|
| «ClmntName» |
| «ClmntAddrLn1» |
| «ClmntAddrLn2» |
| «ClmntCity_State_Zip» |

    ❑ **CLAIMANT REPRESENTATIVE:**

| |
|---|
| «RepContact» |
| «RepFirmName» |
| «RepAddr» |
| «RepCity_State_Zip» |

    ❑ **OTHER:**

| |
|---|
| |
| |
| |
| |

By: _____    Title: _____

Print Name: _____    Firm: _____

Date: _____    _____

| THE SIGNED VERFICATION STATEMENT WITH CERTIFICATION TO BE RETURNED TO: |
|---|
| **CELOTEX PD FACILITY** |
| **P.O. BOX 1299** |
| **GREENVILLE, TX 75403-1299** |
| **or** |
| **2716 LEE STREET** |
| **SUITE 500** |
| **GREENVILLE, TX 75401-4107** |

# BINDING DISPUTE RESOLUTION

# Binding Dispute Resolution Contents

01    Binding Dispute Resolution Contents

02    Binding Dispute Resolution Introduction

03    Binding Dispute Resolution Process

## Binding Dispute Resolution Introduction

A final determination upon reconsideration by the panel which denies either in full or in part a Claim may be submitted to an arbitrator for binding dispute resolution. A Claimant shall have 60 days from the date of receipt of the Property Damage Facility's final determination upon reconsideration to file with the Property Damage Facility a written request for binding dispute resolution.

## Binding Dispute Resolution Process

The Property Damage Facility shall maintain a list of a minimum of 15 independent arbitrators who are available to hear disputes between the Property Damage Facility and Claimants. Once a request for Binding Dispute Resolution is received by the Property Damage Facility, the Property Damage Facility shall, within 10 days of receipt of such request, send to the Claimant the names and addresses of 10 independent arbitrators which shall have been selected by a random process. Claimant shall have 30 days from the date the list is received to strike five arbitrators, and to return that information to the Property Damage Facility.

The Property Damage Facility, once it has received Claimant's choices, shall select one of the five potential arbitrators not stricken by the Claimant and then arrange a mutually acceptable date and location for the binding dispute resolution to take place. The binding dispute resolution shall be commenced within 90 days of receipt by the Property Damage Facility of Claimant's choices of arbitrators. Upon confirmation of the date that binding dispute resolution is to commence, the Property Damage Facility shall notify the Claimant in writing of the identity of the arbitrator and the date and location of commencement of the binding dispute resolution. Telephone arbitrations may be conducted by the Property Damage Facility, where requested by the Claimant.

The arbitrator shall review the Claim de novo pursuant to the standards set forth in these APDCRP. In no event shall the arbitrator's determination be an amount lower than the amount of the final determination by the Property Damage Facility upon reconsideration, unless the arbitrator determines that the Claim is a Disallowed Claim. The Property Damage Facility shall pay the arbitrators' fees, provided, however, that, in the event a Claimant fails to obtain an award in an amount equal to or greater than 125% of the Property Damage Facility's final determination of its Claim, such fees shall be borne by the Claimant.

# Payment
# Processing

# Payment Processing Contents

01    Payment Processing Contents

02    Payment Processing Introduction

03    Payment Process

04    Payment Process Flow Chart

# Payment Processing Introduction

# Payment Process

To the extent that Claims, as a part of a voluntary procedure, have not already been liquidated during these Reorganization Cases, or are not in the process of being liquidated, the PDCA shall use the these procedures to process all Claims as quickly as practicable after the Effective Date. Claims shall be processed in the following Order: Category 1(a), Category 1(b), Category 1(c), Category 2, Category 3, and Category 4.

Except where a Claimant defers its payment, claims shall be paid in the order they are processed.

In addition to their Dana Rights, holders of Category 1 and Category 2 Allowed Claims shall receive payment calculated on the basis of the same Payment Percentage for Claims as the holders of Allowed Asbestos Personal Injury Claims and as described in Section is application to IV of the APICRP. Holders of Allowed Category 1 Claims shall pay back to the Trust any monies received from Dana (after the payment of costs and attorneys' fees) which when added to payment received from the Trust for S&K Claims, shall exceed the Allowed Costs. Category 2 Claimants shall not receive payment for any S&K Claims unless, after using their best efforts, they are unsuccessful in obtaining any recovery against Dana pursuant to their Dana Rights.

In addition to their Dana Rights, Holders of Category 3 Allowed Claims shall receive payment calculated on the basis of the same Payment Percentage as is applicable to the holders of Allowed Asbestos Personal Injury Claims and as described in Section IV of the Asbestos Personal Injury Claims Resolution Procedures; provided, however, Category 3 payments must be reasonably related to the relevant history of prior settlements reached by the Claimant or, in the event that there is insufficient history, comparable Claimants in the tort system. Category 3 Claimants shall not receive payment for any S&K Claims unless they are unsuccessful in obtaining any recovery against Dana pursuant to their Dana Rights.

Category 4 Allowed Claims shall be paid their Discounted Payable Costs calculated in accordance with Exhibit 1.

Notwithstanding any other provision above, if the Claimant has previously received payment through any other lawsuit or bankruptcy case for damages that would qualify as Allowed Costs under these procedures for the same ACM for which it is now seeking payment from the Trust, the amount actually received from the Trust attributable to that ACM shall be adjusted. The payment that would otherwise have been received from the Trust shall be reduced to the extent necessary to ensure that the amount received herein, when combined with the payment received in the prior lawsuit or bankruptcy, will not allow the Claimant to receive more than 100% of its Allowed Costs for said ACM.

Nothing herein shall limit or prejudice the rights of any Claimant from recovering the full amount of its Allowed Costs for S&K against Dana. The PDCA shall use reasonable efforts to preserve a Claimant's ability to recover Allowed Costs from Dana.

## Payment Process Flow Chart

## Notice of Determination and Certification of Payee Flow Chart



Signed Notice of Determination and Certification of Payee recieved with incoming mail.

Payment Request Expandable Folder-All Notices and Certifications held for the week.

Update Pool Master List every Thursday.

Dee comments or signs and returns.

Mail folders to adjusters.

Create Claim list by Claimant and by date.

Photo copies made:
*"P. O. C.
*Claimant rep
*Claim file

Date Stamp

Mail Folder

Any overlooked Notices or Certifications given to Harry.

Generate  cover letter per claimant to Mr. Pool with Friday's date.

*Original letters mailed to Mr. Pool with copies of Notices, Certifications, & list
*Copies of letter, Notices, Certifications, & list to Claimant Representative only
*Copies of letter, list, & original signed Notices and Certifications to claim files
*Copies of letter & list to P. O. C.

Harry reviews all incoming mail and pulls all signed Notices of Determination and Certifications of Payee.

Notices and Certifications to Payment Request Folder.

*Pool Cover Letter
*List by claimant
*Notices and Certifications to Dee for review

VA - C:/c0te/c080 - PD Facility/Flow Charts/NoticeDet&Cert.vsd

# Celotex Property Damage Claims Facility
## 2608 Eastland Ave. Suite 202
## P.O. Box 8605
## GREENVILLE, TEXAS 75404-8605
### OFFICE—903/454-3925
### FAX—903/455-4375

Date

Via Federal Express

Lance A. Pool, Esq.
Chief Executive Officer
Celotex Asbestos Settlement Trust
919 Market Street, Suite 800
Wilmington, DE 19801

RE:    Claimant for Allowed Property Damage Claims
       Claimant Name        :
       Claimant Number      :

Dear Lance:

Attached is a Notice of Final Determination and a Certification of Payee for Claim number *Claim number*, *Claimant Name*. It is an Allowed Category *Number* Property Damage Claim.

The Total Allowed Cost is $            . At the initial Payment Percentage of 12%, *Claimant Name* should be paid $            . Please make this payment to the Claimant's *account, trust account, etc.,* as indicated on the Certification of Payee.

Your prompt attention to this matter is appreciated. Please send to the Property Damage Claims Facility a copy of the check and any cover letter sent to the Claimant.

Sincerely yours,

W. D. Hilton, Jr.
Property Damage Claims Administrator

WDH/mct
Enclosures

cc:    *Claimant Representative* (Claimant Representative)
       Claim File
       POC File

# Celotex Property Damage Claims Facility
**2608 Eastland Ave. Suite 202**
**P.O. Box 8605**
**GREENVILLE, TEXAS 75404-8605**
OFFICE—903/454-3925
FAX—903/455-4375

Date

Via Federal Express

Lance A. Pool, Esq.
Chief Executive Officer
Celotex Asbestos Settlement Trust
919 Market Street, Suite 800
Wilmington, DE  19801

RE:     Claimant for Allowed Property Damage Claims
        Claimant Name        :
        Claimant Number      :

Dear Lance:

Attached is a list of Claims for Claimant number *Number*, *Claimant Name*, for Allowed Category *Number* Property Damage Claims.  I have also included copies of executed Notices of Final Determination and Certifications of Payee for each of the Claims.

The Total Allowed Cost for the attached list of claims is  $          .  At the initial Payment Percentage of 12%, *Claimant Name* should be paid $          .  Please make this payment to the Claimant's *account, trust account, etc.,* as indicated on the Certification of Payee.

Your prompt attention to this matter is appreciated.  Please send to the Property Damage Claims Facility a copy of the check and any cover letter sent to the Claimant.

Sincerely yours,


W. D. Hilton, Jr.
Property Damage Claims Administrator

WDH/mct
Enclosures

cc:     *Claimant Representative,* Esq. (Claimant Representative)
        Claim Files
        POC Files

# Glossary

Abatement. "Abatement" shall mean and refer to the removal, enclosure, encapsulation or repair of ACM.

Abatement Costs. "Abatement Costs" shall mean and refer to the reasonable and customary costs of past and future Abatement, including, by way of example, costs for the Abatement itself, design, consultant and laboratory fees and costs in connection with the Abatement, on-site monitoring, insurance costs, disposal costs, and, except for Abatement upon Demolition, the reasonable costs of replacement of ACM with a non-asbestos containing material.

ACM. "ACM" or Asbestos Containing Material shall mean and refer to any material or product containing more than 1% asbestos by weight as determined pursuant to AHERA regulations.

ACM TSI. "ACM TSI" shall mean and refer to ACM that is applied to pipes, fittings, boilers, breeching, tanks, ducts, or other interior structural components to prevent heat loss or gain or water condensation, or for other purposes.

Allowed Claim. "Allowed Claim" shall mean and refer to any Claim allowed for payment under the terms of these APDCRP. An Allowed Claim shall be, and be deemed to be, a judgment against the Trust (as successor for all purposes to the liabilities of Celotex and Carey Canada in respect of Asbestos Claims), in the Allowed Amount of such Claim without regard for the Payment Percentage applicable thereto.

Allowed Costs. "Allowed Costs" shall mean and refer to the full amount of compensatory damages that the Claimant(s) would be entitled to recover in the Applicable Jurisdiction. For Category 1(a) and Category 1(b) Claims, Allowed Costs are deemed to be 3.3 times Abatement Costs. Allowed Costs do not include punitive or exemplary damages or pre-judgment or post-judgment interest except as otherwise provided herein. The Allowed Costs in respect of an Allowed Asbestos Property Damage Claim shall be the Allowed Amount of such Claim.

Applicable Jurisdiction. "Applicable Jurisdiction" shall mean and refer to the jurisdiction in which the subject building is located or, as to a Category 1 Claim, the jurisdiction where the lawsuit was or could have been filed.

Approved Laboratory. "Approved Laboratory" shall mean and refer to a laboratory competent to perform constituent analysis of bulk samples of ACM approved by the PDCA with the concurrence of the PD Advisory Committee.

Asbestos. "Asbestos" shall mean and refer to chrysotile, amosite, crocidolite, tremolite asbestos, anthophyllite asbestos, actinolite asbestos, and any of these minerals that have been chemically treated and/or altered.

Asbestos Coordinator. "Asbestos Coordinator" shall mean and refer to Claimant's employee or agent who has primary responsibility for the Claimant's asbestos abatement, management and control activities.

Carey Canada. "Carey Canada" shall mean and refer to Carey Canada Inc., a Canadian corporation, the Debtor and Debtor in Possession in Reorganization Case No. 90-10017-8B1.

Category 4 Fund. "Category 4 Fund" shall mean and refer to the sum of $10 million dollars allocated for payment of Discounted Payable Costs.

Celotex. "Celotex" shall mean and refer to The Celotex Corporation, a Delaware corporation, the Debtor and Debtor in Possession in Reorganization Case No. 90-10016-8B1.

Celotex ACM. "Celotex ACM" shall mean and refer to ACM designed, manufactured, sold or distributed by Celotex or Carey Canada, or with Asbestos sold or distributed by Carey Canada, or for which Celotex or Carey Canada may be otherwise responsible under the laws of one of the Applicable Jurisdictions.

Certified Class Actions. "Certified Class Actions" shall man and refer to the National Class Actions and the State Class Actions on behalf of whom a timely class proof of claim may be processed.

Claimant. "Claimant" shall mean and refer to the owner or operator of one or more buildings as to which a claim is made, or to the duly authorized legal agent thereof, including the class representative acting by and on behalf of a

Class Action, who is authorized to file a claim for Allowed Costs and to be paid pursuant to these APDC Procedures, regardless of the number of proofs of claim filed by a Claimant.

Class Action. "Class Action" shall mean and refer to a putative or certified class action on behalf of which a Proof of Claim has been timely filed in the Reorganization Cases.

Cost Model. "Cost Model" shall mean and refer to an appropriate model or formula developed by the PDCA with the advice and concurrence of the PD Advisory Committee for the purpose of estimating Past and Future Abatement Costs.

Dana. "Dana" shall mean and refer to Dana Corporation, a Delaware corporation.

Dana Rights. "Dana Rights" shall mean and refer to those rights to enforce the Trust's indemnity rights against Dana, which shall inure to the benefit of every PD Claimant upon the allowance of such Claimant's claim pursuant to these procedures or otherwise under the Plan, and includes the additional rights afforded to such claimants under paragraph 11.8 of the Plan. Dana rights shall automatically revert to the PDCA unless an action for enforcement is commenced within one year of the allowance of the Claim or the PDCA grants an extension in writing.

Disallowed Claim. "Disallowed Claim" shall mean and refer to any Claim that has been determined by the PDCA to not qualify for payment under these APDCRP.

Discounted Payable Costs. "Discounted Payable Costs" shall mean and refer to the Abatement Costs payable to a Category 4 Claimant calculated in accordance with Exhibit 1.

Effective Date. "Effective Date" shall mean and refer to the first (1st) Business Day immediately following the first date upon which all of the conditions to occurrence of the Effective Date contained in Article 8.2 of the Plan have been satisfied or waived pursuant to Article 8.2 of the Plan.

Future Abatement Costs. "Future Abatement Costs" shall mean and refer to estimated Abatement Costs to be incurred by the Claimant based upon the Cost Model. Future Abatement Costs shall include the Abatement Costs for removal of previously encapsulated or enclosed ACM.

Group Claimants: "Group Claimants" shall mean and refer to those groups of entities on whose behalf a single proof of claim has, or individual proofs of claim have been filed by the same duly authorized agent, including the representative of a Class Action which has not been certified as of this date.

Initial Payment Percentage. "Initial Payment Percentage" means 12% which percentage shall be applied to the Allowed Costs of Claimants which request processing and payment of their claim during such time that the Initial Payment Percentage is in effect.

National Class Actions. "National Class Actions" shall mean and refer In re Asbestos School Litigation, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 83-0268 (the "National Schools Class Action"); Central Wesleyan College v. W.R. Grace Co., et al., United States District Court for the District of South Carolina, Civil Action No. 2:87-1860-8. (the "National Universities Class Action"); and Prince George Center v. U.S. Gypsum Co., et al., Phila. C.C.P., May Term, 1986, No. 5388 (the "Federal Lessors Class Action").

Past Abatement Costs. "Past Abatement Costs" shall mean and refer to Abatement Costs actually incurred by the Claimant prior to the date of submission of its Claim to the Property Damage Facility, or, at the Claimant's option, costs for such Abatement as calculated by application of the Cost Model.

Payment Percentage. "Payment Percentage" shall mean and refer to the percentage of the Allowed Amount of all Asbestos Property Damage Claims and all present and future Asbestos Personal Injury Claims (other than the Claims of Asbestos Personal Injury Claimants who have elected the discounted payments described in Section 5.3 of the Asbestos Personal Injury Claims Resolution Procedures ("APICRP")) that the Trustees, from time to time, determine pursuant to the requirements set forth in Section 4.1 of the APDCRP.

Pre-Existing Claims. "Pre-Existing Claims" shall mean and refer to those claims on behalf of a Claimant who prior to the Bar Date filed or intervened in a lawsuit in a court of general jurisdiction against (i) Celotex or Carey Canada ("Celotex Pre-Existing Claimant) or (ii) Dana in respect of an S&K Claim ("Dana Pre-Existing Claimant").

Principal ACM. "Principal ACM" shall mean and refer to the primary type of ACM which Celotex manufactured, distributed, or sold, and for which Carey Canada supplied asbestos fiber to wit: ACM TSI

Product Identification. "Product Identification" shall mean and refer to Reasonable Evidence that the ACM which is the subject of a Claim is Celotex ACM.

Property Damage Claim Form. "Property Damage Claim Form" or "Claim Form" shall mean and refer to the form(s) and supporting instructions approved by the PDCA to be used by Claimants in the proper submission of Claims to the Property Damage Facility.

Property Damage Claims Administrator. "Property Damage Claims Administrator" ("PDCA") means that Person appointed and serving in accordance with Article 5 of the Plan and having the powers, duties and obligations set forth in the Trust Agreement.

Property Damage Facility. "Property Damage Facility" shall mean and refer to the mechanism or system established by the PDCA for the disposition and payment of Claims pursuant to these APDCRP.

Qualified Person. "Qualified Person" shall mean and refer to a trained industrial hygienist, engineer, contractor, consultant and/or asbestos coordinator who is certified, licensed and/or specially trained and experienced to identify and assess ACM and to select appropriate Abatement.

Reasonable Evidence. "Reasonable Evidence" shall mean and refer to evidence sufficient to present a jury issue under the tort system of one of the Applicable Jurisdictions.

Representative Claimants. "Representative Claimants" shall mean and refer to those Claimants whose cases were presented to the Bankruptcy Court in the adversary insurance proceedings, as identified in the Memorandum Opinion dated June 7, 1996, and which timely filed Proofs of Claim.

S&K Claim. "S&K Claims" shall mean and refer to any Claim relating to any product manufactured, sold or installed by, or actions or omissions of, Smith and Kanzler Company a/k/a Smith & Kanzler Company or any product manufactured, sold or installed by, or actions or omissions of, Smith and Kanzler Corporation, a/k/a Smith & Kanzler Corporation.

State Class Actions. "State Class Actions" shall mean and refer to those Class Actions certified by a State Court as of the Bar Date, to wit:   Board of Education of the School District for the City of Detroit, et al. v. National Gypsum Company, et al., Michigan Cir. Ct., Wayne County, No. 84-429634 NP (the "Michigan Schools Class Action"); Kirbyville Independent School District, et al v. National Gypsum Co., Tex. Dist. Ct. Jasper County, First Judicial District N. 12,301 (the "Texas School Class Action"), and The County of Orange Texas v. National Gypsum Company, Civil Action No. D-890903 (Orange County Dist. Ct. Texas) (the "Texas Political Subdivisions Class Action").[1]

States: "States" shall mean and refer to those states of the United States, the state attorneys general of which filed one or more Proofs of Claim for all public buildings owned and/or operated by such state, but does not include any entities which did not opt out of any of the Certified Class Actions.

Trust. "Trust" shall mean and refer to the trust established pursuant to the Trust Agreement, which Trust is a "qualified settlement fund" pursuant to Section 468B of the IRC and the regulations issued pursuant thereto.

Trust Agreement. "Trust Agreement" shall mean and refer to the Settlement Trust Agreement, effective as of the Confirmation of the Plan.

---

[1]The Texas Political Subdivision was incorrectly not listed as a Certified Class Action on the Notice of Last Day to File Proofs of Claim for Asbestos Property Damage and Procedure Therefor, but the Class Representative timely filed a Proof of Claim.