1

2

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

4

5

6

7

8

In re:                                                    )        MDL Docket No. 1376
                                                          )
ZONOLITE ATTIC INSULATION                                 )
PRODUCTS LIABILITY LITIGATION                             )
                                                          )
_____                  )

9

10

11

12

13

14

15

16

17

PAUL PRICE, JOHN PREBIL and                               )        Civil Action No. CV 0071-M-DWM
MARGERY PREBIL, on behalf of                              )
themselves and all others similarly situated,            )        (Transferred from the District of Montana,
                                                          )        Missoula Division)
                        Plaintiffs,                       )
                                                          )
            v.                                            )
                                                          )
W.R. GRACE & COMPANY (a Delaware                          )
corporation); W.R. GRACE & COMPANY-                       )
CONN. (a Connecticut Corporation); W.R.                   )
GRACE & CO., a/k/a GRACE, an association                  )
of business entities; SEALED AIR                          )
CORPORATION (a Delaware corporation),                     )
                                                          )
                        Defendants.                       )

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF ATTORNEY RICHARD S. LEWIS**

132 zon

City of Washington            )
                              ) ss.
District of Columbia          )

RICHARD S. LEWIS states:

1.      I am an attorney for the plaintiffs in the above-captioned matter. I have personal knowledge of the facts contained in this Affidavit, and am otherwise competent to testify to those facts.

2.      The documents designated with "Common Exhibit" numbers are common exhibits used in the personal injury actions against W.R. Grace in scores of cases in the Nineteenth Judicial District Court for the State of Montana (Lincoln County). For each of the following exhibits designated with "Common Exhibit"numbers, W.R. Grace has acknowledged a) authenticity, and b) that they are business records of W.R. Grace & Co.

3. The documents listed not designated with "Common Exhibit" numbers are true and correct copies of the documents described.

Exhibit 1 is a true and correct copy from *Barbanti v. W.R. Grace, et al.*, (Spokane Co., Case No. 00201756-6),  Order Granting Plaintiff's Motion for Class Certification Pursuant to CR23(b)(2), (December 19, 2000).

Exhibit 2 is a true and correct copy from *Barbanti v. W.R. Grace, et al.*, (Spokane Co., Case No. 00201756-6), Memorandum Decision Motion #1 (November 28, 2000).

Exhibit 3 is a true and correct copy from *Barbanti v. W.R. Grace, et al.*, (Spokane Co., Case No. 00201756-6), Memorandum Opinion Motion No. 2 (December 19, 2000).

Exhibit 4 is purposely left blank at this time. Plaintiffs have not yet received a signed copy of the Order Denying Plaintiffs' Motion for Preliminary Injunction and Emergency Notice to Class Members.

Exhibit 5 is a true and correct copy from *Barbanti v. W.R. Grace, et al.*, (Spokane Co., Case No. 00201756-6), Proposed Rule 23 (d)(2) Notice.

AFFIDAVIT OF ATTORNEY RICHARD S. LEWIS

1    Exhibit 6 (Common Exhibit 183.40) is a true and correct copy of a 1978 (dated

2    April 3, 1975(sic)) performance report of W.R. Grace's U.S. Zonolite operations documenting

3    the tonnage of milling capacity at the Libby operation.

4    Exhibit 7 is a true and correct copy of a memo to Bettacchi from Ciampa re Monthly

5    Report of insulation sales (Sept. 83).

6    Exhibit 8 (Common Exhibit 16) is a September 12, 1956 report from Benjamin Wake,

7    acting industrial hygiene engineer for the Montana Department of Environmental Quality, to

8    Dohrman H. Byers, Assistant Chief, Toxicological Section of United States Public Health

9    Service, documenting the asbestos content in the zonolite ore in its relationship to asbestos in the

10   dust in the air pertaining to vermiculite mined at Libby, Montana.

11   Exhibit 9 is a true and correct copy of memo dated 4/19/77 to Wood from Yang regarding

12   tremolite content of Zonolite products.

13   Exhibit 10 (Common Exhibit 183.12) is a true and correct copy of a memo dated May 24,

14   1977 from E.S. "Chip" Wood, Executive Vice President of Zonolite Operations, to Charles N.

15   Graf, Vice President of W.R. Grace & Co. for the Industrial Chemicals Division, with copies to

16   other high-level Grace executives including Rodney M. Vining, President of the Construction

17   Products Division. The first page of Exhibit 10 is a demonstrative exhibit created by our office

18   to highlight some of the quotations found within the memo.

19   Exhibit 11 is a true and correct copy of information obtained from the U.S. Census

20   Bureau internet site (http://www.census.gov) entitled "Expenditures for Residential

21   Improvements and Repairs by Property Type, Quarterly 1962-1998."

22   Exhibit 12 is a true and correct copy of information obtained from the U.S. Census

23   Bureau internet site (http://www.census.gov) entitled "Expenditures to Owner-Occupied

24   Properties by Type of Job: 1993 to 1998" and "Expenditures to Rental Properties by Type of Job:

25   1993 to 1998."

26

AFFIDAVIT OF ATTORNEY RICHARD S. LEWIS

ODMA\MHODMA\IMANAGE.95474.1                                                      3

1    Exhibit13 is a true and correct copy of information obtained from the U.S. Census Bureau

2    internet site (http://www.census.gov) entitled "Expenditures for Improvements and Repairs of

3    Residential Properties Second Quarter 1999" with attached Tables showing Expenditures for

4    Maintenance and Repairs and Improvement for 1988 to 1999.

5    Exhibit 14 (Common Exhibit 17) is a report dated August 8-9, 1956 by the Montana State

6    Board of Health on the Zonolite operation at Libby, Montana.

7    Exhibit 15 (Common Exhibit 26) is a July 20, 1959 report from Libby physician J.M.

8    Cairns to the manager of the Libby mine documenting 48 abnormal chest x-rays out of 130

9    people examined.

10    Exhibit 16 (Common Exhibit 33) is a letter dated June 14, 1961  from Earl Lovick,

11    manager of the Zonolite mill in Libby, Montana to C.A. Pratt, Vice President of Western Mineral

12    Products Company documenting Grace's knowledge of the large amount of asbestos dust

13    generated by vermiculite mined at Libby.

14    Exhibit 17 is a true and correct copy of a 10/6/64 Chicago Daily News article entitled

15    "Suspect Asbestos a Cancer Source."

16    Exhibit 18 (Common Exhibit 53) is a report with a cover letter dated May 11, 1964 of the

17    Montana State Board of Health regarding the asbestos problem arising out of Libby's handling of

18    vermiculite.

19    Exhibit 19 (Common Exhibit 130.4) is a study performed by Grace documenting

20    incidence of lung disease among Libby workers from 17% of the one to five year service group,

21    "climbing to 92% in the 21 to 25 year service group." Attached to this Grace document is a color

22    demonstrative exhibit graphing the data from the exhibit summary.

23    Exhibit 20 (Common Exhibits 119.3 and 122.5) consists of March 1969 memos from

24    Charles Dugan and Peter Kostic of Grace's Industrial Hygiene Department copied to high-level

25    Grace executives including Rodney Vining, President of the Construction Products Division and

26

AFFIDAVIT OF ATTORNEY RICHARD S. LEWIS

ODMA\MHODMA\IMANAGE;95474;1

1    R.W. Sterrett, Vice President of the Zonolite operations.  Attached is a color demonstrative

2    exhibit.

3          Exhibit 21 (Common Exhibit 182.142) is a March 11, 1976 memo to H.A. Brown,

4    Executive Vice President of the Zonolite Operations, and copied to Henry Eschenbach, Grace's

5    chief industrial hygienist; Rodney Vining, President of the Construction Products Division; J.W.

6    Wolter, Zonolite's vice president in charge of mining and manufacturing; and O.M. Favorito,

7    General Counsel for W.R. Grace, Industrial Chemicals Group.  This exhibit documents Grace's

8    knowledge of the excessive fiber levels generated by use of Zonolite attic fill.  Attached is a

9    color demonstrative exhibit.

10          Exhibit 22 is a true and correct copy of pages from the 10/23/91 deposition of Robert

11    Junker together with a demonstrative exhibit created therefrom.

12          Exhibit 23 is a true and correct copy of a 11/1/85 Grace memo regarding lung cancer risk

13    assessment (30,000 people).

14          Exhibit 24 is a true and correct copy of "Asbestos in Vermiculite Insulation," US EPA

15    Office of Pollution Prevention and Toxics (December 29, 2000).

16          Exhibit 25 is a true and correct copy of the Affidavit of Henry A. Anderson, M.D., (July

17    20, 2000).

18          Exhibit 26 is a true and correct copy of "Guidance for Controlling Asbestos-Containing

19    Materials in Buildings," U.S. EPA (1985) (known as the "Purple Book").

20          Exhibit 27 is a true and correct copy of "Managing Asbestos in Place," U.S. EPA (1990)

21    (known as the "Green Book").

22          Exhibit 28 is a true and correct copy of the Affidavit of Donald J. Hurst, President of

23    Fulcrum Environmental Consulting (July 19, 2000).

24          Exhibit 29 is a true and correct copy of an October 9, 2000 Region 1 EPA web page,

25    "Q&A Regarding Vermiculite Insulation."

26

AFFIDAVIT OF ATTORNEY RICHARD S. LEWIS

ODMA\MHODMA\IMANAGE.95474.1                                                        5

1     Exhibit 30 is a true and correct copy of a September 2000 Region 10 EPA Fact Sheet,

2 "Asbestos in Attic Insulation."

3     Exhibit 31 is a true and correct copy of a June 28, 2000 ATSDR web page, "Questions

4 and Answers, Exposure to Asbestos in Insulation."

5     Exhibit 32 is a true and correct copy of the Affidavit of Richard Hatfield (July 18, 2000).

6 Mr. Hatfield is a certified environmental consultant and the Senior Asbestos Consultant at

7 Materials Analytical Services.

8     Exhibit 33 is a true and correct copy of EPA Report to Congress of *Asbestos-Containing*

9 *Materials in Public Buildings*, February 1988, p. 5.

10     Exhibit 34 is a true and correct copy of OSHA Fed. Reg., Vol. 59, No. 153, August 10,

11 1994, at p. 40978.

12     Exhibit 34.1 is EPA, Asbestos-Containing Materials in Schools, Final Rule and Notice,

13 52 Fed. Reg. 41826 (Oct. 30, 1987).

14     Exhibit 35 (Common Exhibit 183.183) is a July 11, 1976 report of testing of asbestos

15 generation by simulated tests installing Zonolite attic fill conducted out of Grace's expanding

16 plant near Weedsport, New York, which report was copied to Grace's chief industrial hygienist,

17 Henry Eschenbach; Grace Executive Vice President for Zonolite, E.S. Wood; and Grace's

18 President in charge of Construction Products Division, Rodney M. Vining. Attached to Exhibit

19 35 is a color demonstrative exhibit.

20     Exhibit 36 is a true and correct copy of a 4/1/80 letter to Ray from Wood regarding

21 testing and protocols.

22     Exhibit 37 is a true and correct copy of a 3/25/80 memo to McCord from Eaton regarding

23 Consumer Products.

24     Exhibit 38 is a true and correct copy of NIOSH Pamphlet No. 81-103, *Workplace*

25 *Exposure to Asbestos* (November 1980), p. 3.

26

AFFIDAVIT OF ATTORNEY RICHARD S. LEWIS

ODMA\MHODMA\MANAGE 95474.1

1    Exhibit 39 is a true and correct copy of EPA Orange Book, Asbestos-Containing Material

2 in School Buildings:  A Guidance Document (March 1979), Part I, p. 1.

3    Exhibit 40 is a true and correct copy of the EPA, *Friable Asbestos-Containing Materials*

4 *in Schools; Proposed Identification and Notification,* 45 Fed. Reg. 182, p. 61969 dated 9/17/80.

5    Exhibit 41 is a true and correct copy of EPA Blue Book, *Guidance for Controlling*

6 *Friable Asbestos-Containing Materials in Buildings* (March 1983), p. 1-1.

7    Exhibit 42 is a true and correct copy of *EPA Airborne Asbestos Health Assessment*

8 *Update* (June 1986), p. 72.

9    Exhibit 43 (Common Exhibit 10c) is an early Zonolite brochure documenting the public

10 representations concerning the safety of Zonolite attic insulation.  Attached is color

11 demonstrative including a photograph of the front of a bag of Zonolite attic insulation.

12    Exhibit 44 (Common Exhibit 31.6 and 11) are advertisements used to market Zonolite

13 vermiculite insulation in November of 1960, and a Zonolite brochure used beginning 1950 to

14 describe how to use Zonolite attic insulation.  Attached to Exhibit 44 is a demonstrative exhibit.

15    Exhibit 45 is a true and correct copy of the Affidavit of homeowner John Holbrook (July

16 21, 2000).

17    Exhibit 46 is a true and correct copy of the Affidavit of homeowner Randy Hatch (July

18 20, 2000).

19    Exhibit 47 is a true and correct copy of the Affidavit of homeowner Ralph Busch (July

20 20, 2000).

21    Exhibit 48 is a true and correct copy of the Affidavit of homeowner Brendan King (July

22 19, 2000).

23    Exhibit 49 is a true and correct copy of Washington State Survey Summary Report

24 (October 2000).

25

26

1    Exhibit 50 is an excerpt (pages 2-6) of an EPA Action Memorandum (May 23, 2000)

2  which was attached as Attachment 1 to EPA Unilateral Administrative Order for Removal

3  Response Activities (May 24, 2000).

4

5    FURTHER THE AFFIANT SAYETH NOT.

6

7    Richard S. Lewis

8    SUBSCRIBED AND SWORN to before me this _19_ day of _January_, 2001.

9

10

11  (SEAL)

Notary Public for the District of Columbia

12  My Commission expires: _5/31/2001_

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AFFIDAVIT OF ATTORNEY RICHARD S. LEWIS

ODMA\MHODMA\IMANAGE.95474.1

8

**EXHIBIT  1**

11/02/2001 16:12 FAX 415 956 1008        LUK&B                        001

RECEIVED

DEC 2 2 2000

LEFF, DEGRAFF ____

ORIGINAL FILED

DEC 1 9 2000

SUPERIOR COURT
SPOKANE COUNTY, WA

SUPERIOR COURT. STATE OF WASHINGTON, COUNTY OF SPOKANE

MARCO BARBANTI, individually and on
behalf of a class of all others similarly situated,

                    Plaintiff,

        v.

W.R. GRACE & COMPANY-CONN (a
Connecticut corporation); W.R. GRACE &
COMPANY (a Delaware corporation); W.R.
GRACE & CO., a/k/a GRACE, an association of
business entities; SEALED AIR
CORPORATION (a Delaware corporation); and
WILLIAM V. CULVER, resident of the State of
Washington,

                    Defendants.

NO. 00-2-01756-6

CLASS ACTION

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION
PURSUANT TO CR 23(b)(2)

Motion No. 1



PLAINTIFF'S
EXHIBIT
/
MDL 1376

## 1. BASIS

THIS MATTER came before the Court for hearing on the 21st day of September, 2000, on Plaintiffs' Motion for Class Certification.  All parties were represented by counsel.

In deciding the Motion, the Court considered the oral argument of counsel together with the documents identified in the attached Memorandum Decision.

## 2. FINDINGS

This Court issued its written Memorandum Decision on this matter on November 28, 2000, and the Court hereby adopts its findings and ruling issued on that date.  The Memorandum

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2):  1
(Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99204-0466
(509) 455-9555

F:\DMS\CLIENT D\WSUB\YW4.20\OLLI\ INSULATION\PLEADINGS\Order\CLASSCERT.DOC 12/1/00

Decision is attached to this Order and fully incorporated herein by reference. In particular, the Court expressly finds:

    1). That the numerosity requirement has been met based on the evidence presented;

    2). That named plaintiff's claims present questions of law and fact common to the class;

    3). That the claims of the above-named plaintiff are typical of the claims of the class he seeks to represent;

    4). That named plaintiff and his counsel can fairly and adequately represent the interests of the class; and

    5). That the action brought by plaintiff is equitable in character and is properly certified under Civil Rule 23(b)(2).

## 3. ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion is Granted and that this action may be maintained as a class action pursuant to CR 23 and its subdivision CR 23(b)(2) with respect to the claims asserted in the Class Action Complaint against W. R. Grace & Company-Conn., W. R. Grace & Company, W. R. Grace & Co., a/k/a Grace, an association of business entities, Sealed Air Corporation, and William V. Culver. (The Court has not made a finding as to the existence or non-existence of the entity sued as "W.R. Grace & Co a/k/a Grace, an association of business entities").

The Class shall be composed of and defined as: All owners or occupiers of real property located in the state of Washington in which Zonolite Attic Insulation has been installed.

DONE IN OPEN COURT this 19th day of December , 2000.

KATHLEEN M. O'CONNOR
_____
KATHLEEN M. O'CONNOR
JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 2
(Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99204-0466
(509) 455-9555

F:\WS\CLIENT DATA\TX\1847\WA ZONOLITE INSULATION\PLEADINGS\ORDER CLASSCERT.DOC 11/1844

Presented by:

LUKINS & ANNIS, P.S.

By: _____

DARRELL W. SCOTT, WSBA# 20241
Attorneys for Plaintiff
Approved as to Form and Notice
Of Presentment Waived:

PERKINS, COIE, LLP

By: Approved telephonically by V.L. Woolston 12/19/00
V. L. Woolston, Jr., WSBA #9453
Rocco N. Treppiedi, WSBA #9137
Attorneys for Defendants Grace

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER

By: Approved telephonically by David Broom 12/19/00
Donald G. Stone, WSBA #7547
David L. Broom, WSBA #02096
Attorneys for Defendants Sealed Air Corporation

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 3
(Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

**EXHIBIT  2**

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

MARCO BARBANTI, ETAL,                    )
                                          )  Case No.: No. 00-2-01756-6
            Plaintiff,                    )
                                          )
      vs.                                 )  MEMORANDUM DECISION (MOTION #1)
                                          )
W. R. GRACE & CO. ETAL,                   )
                                          )
            Defendant                     )
                                          )

      This matter came before the court for oral argument on September 21, 2000, on Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2). The following pleadings were considered by the court:

1.  Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2)

2.  Brief in Support of Class Certification

3.  Declaration of Kristy L. Bergland

4.  Declaration of Richard S. Lewis

5.  Declaration of Allan M. McGarvey

6.  Affidavit of Darrell W. Scott

7.  Declaration of Fabrice Vincent

8.  Declaration of Edward J. Westbrook

9.  Plaintiffs' Supplemental Submission in Support of Class Certification

10. Declaration of Fabrice N. Vincent and attachments thereto

11. Grace Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)

12. Declaration of Rocco N. Treppiedi and attachments thereto

MEMORANDUM DECISION (MOT. #1): 1

PLAINTIFF'S EXHIBIT
2
MDL 1376

13. Affidavit of Donald J. Hurst (submitted by Plaintiffs in support of the application for
    Preliminary Injunction and submitted by Defendants' in support of their opposition to
    Plaintiff's Class Certification motion) and attachments thereto

14. Defendant Sealed Air Corporation's Joinder in Grace's Argument and Brief in Opposition to
    Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)

15. Plaintiffs' Reply in Support of Motion for Class Certification.

## STATEMENT OF FACTS

Plaintiff Barbanti brings this action on behalf of a purported class of all owners and occupiers of real property located in the State of Washington in which Zonolite Attic Insulation has been installed.  Defendants' are alleged to be the manufacturers of this product.  The claims asserted include product liability claims under the Washington Products Liability Act (WPLA), RCW 7.72 and violations of the Consumer Protection Act (CPA), RCW 19.86.

Plaintiffs' are seeking injunctive relief as well as compensation for property damage suffered by class members.  Plaintiffs are not seeking compensatory damages for any illness a class member may have contracted as a result of exposure to Zonolite Attic Insulation nor are they seeking to establish a medical-monitoring regime.

## DISCUSSION

In Washington the process of class certification is governed Civil Rule CR 23.  At the outset the plaintiffs must demonstrate that they meet the four requirements of CR 23(a):

> One or more members of a class may sue or be sued as representative
> parties on behalf of all only if (1) the class is so numerous that joinder
> of all members is impractical; (2) there are questions of law or fact
> common to the class; (3) the claims or defenses of the representative

MEMORANDUM DECISION (MOT. #1): 2

1   parties are typical of the claims or defenses of the class, and (4) the

2   representative parties will fairly and adequately protect the interests

3   of the class.

4   Subsection one is known as "numerosity". The only evidence presented with respect to

5   this section was plaintiffs' reference to a 1985 EPA publication which estimated Zonolite was

6   installed in 900,000 homes between 1974 and 1984. From that number plaintiffs' estimate at

7   least 18,800 Washington homes may contain this insulation. Plaintiffs' argue this is a

8   conservative number as this product was on the market for many years. The defendants' did not

9   challenge this number. The numerosity requirement has been met.

10  Subsection two is known as "commonality" and requires evidence questions of law or

11  fact common to the class. Plaintiffs' focus on a common course of conduct by the defendants

12  towards all potential class members i.e., a pattern of alleged misrepresentations in advertising the

13  product, failure to warn, etc. as meeting this requirement.

14  Also, plaintiffs' seek equitable relief for the class as a whole in the areas of warnings,

15  education, and remediation, not individual relief. Plaintiffs' do acknowledge in their

16  supplemental brief that there maybe some potential class members who are already aware of the

17  alleged problems with Zonolite Attic Insulation and have expended money to remove the

18  insulation. The injunctive relief suggested by the plaintiffs would include a defendant-funded

19  remediation program where, presumably, class members would apply for funds to remove the

20  insulation.

21  However, plaintiffs assert the fact there may be some compensation for remediation does

22  not detract from the nexus of common facts particularly with respect to the liability issues, I

23  agree. The issue of monetary damages is more properly considered in connection with the

24  analysis of whether CR 23(b)(1) or (2) or CR 23(b)(3) applies, not to commonality. The

25  commonality requirement has been met.


MEMORANDUM DECISION (MOT. #1): 3

1    Subsection three is "typicality". Does the plaintiff's complaint arise from the same

2  conduct on the part of the defendant that other putative class members may have experienced? It

3  does. Are there any unique defenses applicable to the plaintiff which would unduly prolong

4  prosecution of the case from the perspective of putative class members?  There does not appear

5  to be. A number of cases have been cited which stand for the proposition that " . . . challenging

6  the same unlawful conduct that affects both the named plaintiff and the rest of the putative class

7  usually satisfies the typicality requirement, despite disparities in individual factual scenarios."

8  *Cullen v. Whitman Med. Corp.*, 188 F.R.D.226, 230 (E.D. Pa. 1999). The typicality requirement

9  has been met.

10    Subsection four is the adequacy of representation and refers to both the class counsel and

11  the class representative(s).  Class counsel are very experienced in class action litigation and

12  defendants have not taken issue with plaintiffs' counsels' ability to provide adequate legal

13  representation.  Rather the focus is whether Mr. Barbanti, as class representative, can adequately

14  represent the class.

15    Defendants' assert Mr. Barbanti is an inadequate class representative because:  (1)  he has

16  a conflict of interest with putative class members because he alleged only limited statutory

17  claims; (2) he does not have a claim under the CPA; (3) he is engaging in "claim splitting"; (4)

18  he lacks standing to request injunctive relief because he knew Zonolite contained asbestos before

19  he began the lawsuit; and (5) he lacks credibility.

20    Plaintiff responds that a class representative is not required to assert every possible claim

21  and some claims are not suitable for a class action resolution.  This is particularly true of

22  personal injury claims.  In a class action, the concept of "claim splitting" is less of a concern than

23  it would be in an individual action.  It can be more efficient to manage some issues in a class

24  action setting, i.e. liability issues, and this will not preclude individual litigation of other claims,

25  i.e. personal injury claims.

MEMORANDUM DECISION (MOT. #1): 4

1    With respect to the "standing" argument, this court is not aware of any Washington

2  jurisdictional authority which would prohibit the court from granting plaintiffs' requested relief

3  of a warning to the public simply because Mr. Barbanti knew Zonolite may have contained

4  asbestos.

5    The issue of Mr. Barbanti's credibility was raised in connection with his personal

6  response to the discovery of Zonolite Attic Insulation in some of his properties and his alleged

7  failure to inspect all of his properties or timely warn his tenants.  This fact issue has yet to be

8  adjudicated by the court and, if true, has not precluded the plaintiffs from pressing for the

9  hearing of the Motion for Preliminary Injunction.

10    The adequacy of representation has been met.

11    After finding the initial four requirements of CR 23(a) have been met, the court next turns

12  to the applicability of CR 23(b)(1) or (2) and/or CR 23(b)(3).  Plaintiffs' assert as they are

13  primarily requesting injunctive relief, CR 23(b)(2) is appropriate.  Defendants' allege that the

14  primary purpose of this litigation is monetary, i.e. to compensate persons who remove Zonolite

15  Attic Insulation.

16    Plaintiffs' complaint indicates it is seeking injunctive relief and other equitable remedies

17  including a notification program, development of safety procedures and remediation techniques.

18  In it's Supplemental Submission plaintiffs' characterize as "incidental" requests for damages

19  some class members may make for expenses already incurred to remove Zonolite.  It also

20  acknowledges that there may be damage claims if they are successful in obtaining equitable

21  relief.

22    The question is what is the primary purpose of the litigation.  This court accepts the

23  plaintiffs' assertion that equitable relief is the primary purpose although monetary damage claims

24  would not be unexpected if plaintiffs prevail. The purpose of class action litigation is to allow

25  individuals, who have common causes of action, to pool their resources and pursue legal relief

MEMORANDUM DECISION (MOT. #1): 5

1   which would otherwise be unavailable due to the cost of litigation and the individual amount of

2   damages involved.

3        It is also a benefit to both plaintiffs and defendants that putative class members litigate

4   the class issues in one proceeding to avoid inconsistent adjudications.  Defendants have raised

5   the concern that legal actions involving Zonolite are relatively new and there is no "track record"

6   of court decisions as a reason for finding class certification is premature.  That position flies

7   squarely in the face of CR 23(b)(1)(A) which recognizes that in cases affecting substantial

8   numbers of persons, defendants should not be subjected to inconsistent standards of conduct

9   imposed by multiple court decisions.

10        Finally, defendants rightly point out that asbestos is heavily regulated by federal agencies

11  and Zonolite is under review by the EPA.  Arguably, the resources of a federal regulatory agency

12  are greater than a state superior court and this court has considered that fact.  However, federal

13  regulation does not preclude class litigation or preempt the court's ability to take jurisdiction.

14        Therefore, the plaintiff' Motion for Class Certification under CR 26(b)(2) is granted.  Ms.

15  Scott, please prepare the appropriate order, secure lead counsels' signatures and/or note the order

16  for presentment.

17        Dated this 28th day of November, 2000.

18

19

20        KATHLEEN M. O'CONNOR
          SUPERIOR COURT JUDGE

21

22

23

24

25

MEMORANDUM DECISION (MOT. #1): 6

**EXHIBIT 3**

12/21/00   THU 11:50 FAX 509 747 2323     LUKINS & ANNIS                                    ⓶⓪⓪③

1    SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE DEC 2 0 2000

2

3    MARCO BARBANTI, ET AL,                    )   Case No.: 00-2-01756-6
                                               )
4              Plaintiff,                       )   MEMORANDUM OPINION
                                               )   MOTION NO. 2 – PLAINTIFF'S MOTION
5         vs.                                   )   FOR PRELIMINARY INJUNCTION AND
                                               )   EMERGENCY NOTICE TO CLASS
6    W. R. GRACE & CO., ET AL,                  )   MEMBERS
                                               )
7              Defendant                        )
                                               )
8                                               )
                                               )
9    _____        )

10        Plaintiff's Motion for Preliminary Injunction and Emergency Notice to Class Members

11   came before the court for hearing on November 28, 2000.  In addition to the pleadings filed in

12   this matter, the court has considered the testimony of Donald Hurst; videos from Richard

13   Hatfield and Brendon King; the testimony of Ralph Busch, Don Morgan, Todd Hilsee, William

14   Huson, M.D., Dr. Richard J. Lee and Dr. Morton Korn  and 73 substantive and 19 illustrative

15   exhibits.  The exhibits include affidavits/declarations and/or deposition excerpts from Henry A.

16   Anderson, M.D., Rand Hatch, Brendon King, Rosemarie Thurman, Ernie Matthews, and Bruce

17   Hunter.

18        Just prior to commencement of the hearing, counsel received a copy of the court's

19   Memorandum Decision certifying a class action under CR 23(b)(2).  During opening statements

20   counsel for the plaintiff indicated he would focus primarily on the second part of his original

21   motion, which was filed on June 1, 2000, the necessity of an emergency notice to class members

22   under CR 23(d)(2).  After both sides concluded their opening statements, but prior to the

23   testimonial phase of the hearing, I indicated to counsel that it was likely I would require a notice

24   to class members; however, I would hold plaintiff to the standards of Civil Rule CR 65 in

25   determining the contents of that notice.

MEMORANDUM DECISION (MOT. #2) - 1

PLAINTIFF'S
EXHIBIT
3
MDL 1376

## STATEMENT OF FACTS

1

2    Counsel for both sides have devoted pages to a description of the "facts" of this case.

3  Briefly, Zonolite Attic Insulation (ZAI) has been manufactured and distributed by the defendants

4  for many years. This is a vermiculite-based product, which contains asbestos. The amount of

5  asbestos is vigorously controverted. The product was marketed as a do-it-yourself insulation

6  product for homeowners that was easy to install. The defendants discontinued sale of the

7  product in the 1980s; however, it continues to function as insulation in many homes in the State

8  of Washington. Prior to commencement of litigation in Washington and several other State

9  Courts and Federal District Courts, in 2000, this product had not been the subject of litigation in

10  an asbestos property damage case.

11    The plaintiff alleges that ZAI is harmful if disturbed and asbestos fibers become airborne.

12  Due to the age of the product and its use in home construction, it is suggested that many

13  homeowners will be remodeling older homes that are insulated with this product. The airborne

14  fibers, which can result from construction, will be a health hazard to the occupiers of the building

15  as well as any contractors/employees who may work on a project. The plaintiff argues it is

16  appropriate to advise the public of this risk.

17

18    ## DISCUSSION

19

20    As noted above, I have already indicated a notice to potential class members of the

21  existence of this litigation is appropriate even though not required when a class is certified under

22  Civil Rule CR 23(b)(2). The question is what should the notice contain?

23    In order to require the notice contain language that there is a statewide hazard, the

24  plaintiff must show.

25        (1) that he or she has a clear legal or equitable right, (2) that
         he or she has a well-grounded fear of immediate invasion of

MEMORANDUM DECISION (MOT. #2) - 2

1   that right, and (3) that the acts complained of are either
    resulting in or will result in actual and substantial injury to
2   him or her.

3   *King v. Riveland,* 125 Wn.2d 500, 515, 886 P.2d 160, 169 (1994)

4

5       Has the plaintiff demonstrated there is a statewide hazard, such that court should issue an

6   emergency notice warning citizens of actual and substantial injury that could occur, before a trial

7   on the merits has been conducted?  At this time I do not believe the plaintiff has demonstrated an

8   "emergency" which would justify the court sanctioning a notice, and in effect, prejudge the case.

9   There are factual disputes about the quantity of asbestos in vermiculite; whether or not there is

10  any threshold level of exposure, which would not be dangerous; the quantity of asbestos fibers

11  found in the air of the homes tested and the testing protocols used.  These are just the type of

12  disputes meant to be resolved by a trial, not a two-day hearing.  Therefore, the notice cannot

13  imply that the court has ruled on the merits of the plaintiff's claims.

14      However, I am also mindful of the ability of the notice to provide information to citizens

15  about governmental efforts to address issues raised in this litigation.  As long as the notice is

16  neutral, references to other sources of information about this product may be included as well.

17      Therefore, the notice to class members should include the following:

18      • Identify the subject-matter of the litigation
        • Identify the court, participants in the litigation and lead counsel
19      • Identify the criteria for members of the class
        • Identify the implications to the class of certification under CR23(b)(2)
20      • Identify how potential class members should contact plaintiffs' counsel
        • Identify how potential class members can find out information about the
21        litigation, i.e. website, newsletter, correspondence etc.
        • Identify how potential class members can access other information about the
22        issues in this case, i.e. EPA website, State of Washington Department of
          Health websites, etc.
23

24

25      There are two suggested notices as exhibits in this case.  Neither one is neutral and would

    not be acceptable to the court.  Each party may submit a suggested notice form to the court.

MEMORANDUM DECISION (MOT. #2) - 3

1    Briefly, the issue of primary jurisdiction has been argued in this case.  At this time I do

2    not believe my ruling with respect to the request for preliminary injunction and emergency notice

3    requires that I address the issue.  Whether that remains my position depends upon the course of

4    the litigation.

5    Mr. Scott, please prepare the appropriate order.  I have set this matter for presentment on

6    January 19, 2001.  A separate hearing should be set to approve the notice form.  Please consult

7    my judicial assistant with respect to that hearing.

8

9

10   Dated this 19th day of December, 2000.

11                                          KATHLEEN M. O'CONNOR

                                           SUPERIC.... JUDGE
12
                                           _____
13                                         Kathleen M. O'Connor
                                           Superior Court Judge
14

15

16

17

18

19

20

21

22

23

24

25

MEMORANDUM DECISION (MOT. #2) - 4

**EXHIBIT  4**

1
2
3
4
5
6
7                    SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8    MARCO BARBANTI, individually and on
9    behalf of a class of all others similarly situated,        NO. 00-2-01756-6
10                                    Plaintiff,                 CLASS ACTION
11        v.

12    W.R. GRACE & COMPANY-CONN (a                              ORDER DENYING PLAINTIFF'S
      Connecticut corporation); W.R. GRACE &                    MOTION FOR PRELIMINARY
13    COMPANY (a Delaware corporation); W.R.                    INJUNCTION AND EMERGENCY
      GRACE & CO., a/k/a GRACE, an association of               NOTICE TO CLASS MEMBERS
14    business entities; SEALED AIR
15    CORPORATION (a Delaware corporation); and
      WILLIAM V. CULVER, resident of the State of               Motion No. 2
16    Washington,

17                                    Defendants.

18

19                              1.  BASIS

20        THIS MATTER came before the Court for hearing on the 28th day of November, 2000, on

21    Plaintiffs' Motion for Preliminary Injunction and Emergency Notice to Class Members Pursuant to

22    Rule 65(a) or Alternatively 23(d)(2).  All parties were represented by counsel.
23
          In deciding the Motion, the Court considered the oral argument of counsel, together with
24
25    the following pleadings:

26
      ORDER DENYING PLAINTIFF'S MOTION FOR
      PRELIMINARY INJUNCTION: 1
      (Motion No. 2)

PLAINTIFF'S
EXHIBIT
4
MDL 1376

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

KSPOKANE\VOL2\DOW\RC\LIENT DW\SLIBBY\WA ZONOLITE INSULATION\PLEADINGS\ORDERPRELIMINARYINJUNCTION.DOC 12/13/01

| | *Pleading* | *Filed* |
|---|---|---|
| 1. | Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members Pursuant to Rule 65(a) or Alternatively 23(d)(2) Memorandum Of Authorities | 06/01/00 |
| 2. | Memorandum of Points and Authorities in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members Pursuant to Rule 65(a) or Alternatively 23(d)(2) | 06/01/00 |
| 3. | Affidavit of Henry A. Anderson, M.D. in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 4 | Affidavit of Ralph Busch in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 5. | Affidavit of Rand Hatch in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 6. | Affidavit of Richard Hatfield in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 7. | Affidavit of Todd B. Hilsee in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 8. | Affidavit of Donald J. Hurst in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 9. | Affidavit of Brendan King in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 10. | Declaration of Darrell W. Scott in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 11. | Declaration of Kristy L. Bergland in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 12. | Declaration of Allan McGarvey in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/01/00 |
| 13. | Declaration Of Rosemarie Thurman in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/14/00 |
| 14. | Declaration Of Ernie Matthews in Support of Plaintiff's Application for Preliminary Injunction and Emergency Notice to Class Members | 06/14/00 |
| 15. | Grace Defendants' Preliminary Witness List Regarding Plaintiffs Motion For Preliminary Injunction | 09/18/00 |
| 16. | Grace Defendants' Memorandum In Opposition To Plaintiff's Motion for Preliminary Injunction (Motion No 2) | 10/6/00 |

ORDER DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION: 2
(Motion No. 2)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

| | | | |
|---|---|---|---|
| 1 | 17. | Declaration Of Rocco Treppiedi Re Defendants' Response To Plaintiff's Motion For Preliminary Injunction (Motion No 2) | 10/6/00 |
| 2 | 18. | Sealed Air Corp's Joiner In Grace Defendants' Arguments and Brief Regarding Opposition To Plaintiffs Motion For Preliminary Injunction (Motion No 2) | 10/6/00 |
| 3 | | | |
| 4 | 19. | Errata To Declaration Of Rocco Treppiedi Regarding Defendants' Response To Plaintiff's Motion For Preliminary Injunction (Motion No 2) | 10/12/00 |
| 5 | | | |
| 6 | 20. | Plaintiff's Reply To Defendants' Opposition to Plaintiffs Motion for Preliminary Injunction and Emergency Notice to Class Members Pursuant to CR 65(a) or Alternatively to CR 23(d)(2) (Motion No 2) | 10/20/00 |
| 7 | | | |
| 8 | 21 | Declaration Of Robert Parks In Support Of Plaintiff's Application For Preliminary Injunction And Emergency Notice To Class Members *(filed as Exhibit to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction)* | 10/20/00 |
| 9 | | | |
| 10 | | | |
| 11 | 22. | Supplemental Declaration of Todd B. Hilsee | 10/20/00 |
| 12 | 23. | Affidavit of Darrell W. Scott in Support of Plaintiff's Reply To Defendants' Opposition to Plaintiffs Motion for Preliminary Injunction and Emergency Notice to Class Members Pursuant to CR 65(a) or Alternatively to CR 23(d)(2) (Motion No 2) | 10/20/00 |
| 13 | | | |
| 14 | 24. | Affidavit Of William E Longo Phd (Motion No 2) | 11/17/00 |
| 15 | 25. | Affidavit Of John M Dement (Motion No 2) | 11/17/00 |
| 16 | 26. | Affidavit Of John Prebil | 11/21/00 |
| 17 | 27. | Affidavit Of Paul Price | 11/21/00 |

18

19  The court additionally considered the testimony of Donald Hurst, video from Richard Hatfield,

20  video from Brenden King, testimony of Ralph Busch, testimony of Don Morgan, testimony of

21  Todd Hilsee, testimony of William Hughson, MD, testimony of Dr. Richard Lee and testimony of

22  Dr. Morton Corn and the exhibits referenced in the attached Memorandum Opinion.

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION: 3
(Motion No. 2)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

\\SPOKANE\WP DOCS\CLIENT DWG\18BYA\A 70\ADLIT\INSULATION\PLEADINGS\ORDER\PRELIMINARY INJUNCTION.DOC 12/12/01

## 2. FINDINGS

This Court issued its written Memorandum Decision on this matter on December 20, 2000, and the Court hereby adopts its findings and ruling issued on that date. The Memorandum Opinion is attached to this Order and fully incorporated herein by reference. In particular, the Court expressly finds that factual disputes exist that are meant to be resolved by a trial and the plaintiff has not demonstrated an "emergency" pursuant to CR 65 that would justify the court issuing a notice that would, in effect, prejudge the case or imply that the court has ruled on the merits of the plaintiff's claims. The Court, however, finds that a neutral notice to class members under CR 23(d)(2) is appropriate and that such notice should include the following:

- Identify the subject-matter of the litigation;

- Identify the court, participants in the litigation and lead counsel;

- Identify the criteria for members of the class;

- Identify the implications to the class of certification under CR 23(b)(2);

- Identify how potential class members should contact plaintiffs' counsel;

- Identify how potential class members can find out information about the litigation, i.e. website, newsletter, correspondence, etc.; and

- Identify how potential class members can access other information about the issues in this case, i.e. EPA website, State of Washington Department of Health websites, etc.

A separate hearing should be set to approve the notice form.

## 3. ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction and Emergency Notice to Class Members is denied. A notice to class members is

ORDER DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION: 4
(Motion No. 2)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

\\SPOKANE\VOLI\DWS\CLIENT DWS\LIBBY\WA\ZONOLITE INSULATION\PLEADING\ORDER\PREL-MIN\WYINJUNCTION.DOC 2/29/00

1   appropriate at this time, however, and each party may submit a suggested notice form that complies

2   with this Court's instructions, for consideration at a separate hearing to be set by the Court.

3        DONE IN OPEN COURT this _____ day of _____, 20001.

4

5

6

7                                          _____
                                           KATHLEEN M O'CONNOR
8                                          JUDGE

9   Presented by:
    LUKINS & ANNIS, P.S.
10

11

12  By:_____
        DARRELL W. SCOTT, WSBA# 20241
13      Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION: 5
(Motion No. 2)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 822-9535

G:\SPOKAAG\IVOL\NO\RCLIENT\DWELIBBY\044 ZONOLITE INELSATION\PLOADINGS-ORDER\PRELIMINARYINJUNCTION DOC 12\16\99

**EXHIBIT 5**