**24**

ORIGINAL FILED

DEC 1 9 2000

SUPERIOR COURT
SPOKANE COUNTY, WA

1

2

3

4

5

6

7                SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8    MARCO BARBANTI, individually and on
     behalf of a class of all others similarly situated,
9
                                    Plaintiff,              NO. 00-2-01756-6
10
                                                            CLASS ACTION
11        v.

12   W.R. GRACE & COMPANY-CONN (a                           ORDER GRANTING PLAINTIFF'S
     Connecticut corporation); W.R. GRACE &                 MOTION FOR CLASS CERTIFICATION
13   COMPANY (a Delaware corporation); W.R.                 PURSUANT TO CR 23(b)(2)
     GRACE & CO., a/k/a GRACE, an association of
14   business entities; SEALED AIR
     CORPORATION (a Delaware corporation); and              Motion No. 1
15   WILLIAM V. CULVER, resident of the State of
     Washington,
16
17                                  Defendants.

18

19                                 1. BASIS

20        THIS MATTER came before the Court for hearing on the 21st day of September, 2000, on

21   Plaintiffs' Motion for Class Certification. All parties were represented by counsel.

22        In deciding the Motion, the Court considered the oral argument of counsel together with the

23   documents identified in the attached Memorandum Decision.

24                                 2. FINDINGS

25        This Court issued its written Memorandum Decision on this matter on November 28, 2000,

26   and the Court hereby adopts its findings and ruling issued on that date. The Memorandum

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 1
(Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1441 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99204-0466
(509) 455-9555

F:\WS\CLIENT.DM\8L1089\WR4 ZONOLITE INSULATION\PLEADINGS\ORDICLASSCERT DOC 12/14/N

Decision is attached to this Order and fully incorporated herein by reference. In particular, the Court expressly finds:

    1). That the numerosity requirement has been met based on the evidence presented;

    2). That named plaintiff's claims present questions of law and fact common to the class;

    3). That the claims of the above-named plaintiff are typical of the claims of the class he seeks to represent;

    4). That named plaintiff and his counsel can fairly and adequately represent the interests of the class; and

    5). That the action brought by plaintiff is equitable in character and is properly certified under Civil Rule 23(b)(2).

### 3. ORDER

    THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion is Granted and that this action may be maintained as a class action pursuant to CR 23 and its subdivision CR 23(b)(2) with respect to the claims asserted in the Class Action Complaint against W. R. Grace & Company-Conn., W. R. Grace & Company, W. R. Grace & Co., a/k/a Grace, an association of business entities, Sealed Air Corporation, and William V. Culver. (The Court has not made a finding as to the existence or non-existence of the entity sued as "W.R. Grace & Co. a/k/a Grace, an association of business entities").

    The Class shall be composed of and defined as: All owners or occupiers of real property located in the state of Washington in which Zonolite Attic Insulation has been installed.

    DONE IN OPEN COURT this 19th day of *December*, 2000.


                 KATHLEEN M. O'CONNOR
                 _____
                 KATHLEEN M. O'CONNOR
                 JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 2
(Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

1

Presented by:

2   LUKINS & ANNIS, P.S.

3

4   By:

5       DARRELL W. SCOTT, WSBA # 20241
        Attorneys for Plaintiff

6   Approved as to Form and Notice
    Of Presentment Waived:

7

8   PERKINS, COIE, LLP

9

10  By:  Approved telephonically by V.L. Woolston 12/19/00

11      V. L. Woolston, Jr., WSBA #9453
        Rocco N. Treppiedi, WSBA #9137

12      Attorneys for Defendants Grace

13

    PAINE, HAMBLEN, COFFIN, BROOKE & MILLER

14

15

16  By:  Approved telephonically by David Broom 12/19/00

17      Donald G. Stone, WSBA #7547
        David L. Broom, WSBA #02096

18      Attorneys for Defendants Sealed Air Corporation

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 3
(Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-3382
(509) 455-9555

1    SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

2

3    MARCO BARBANTI, ETAL,                     )

4              Plaintiff,                       )    Case No.: No. 00-2-01756-6
                                               )
5         vs.                                   )    MEMORANDUM DECISION (MOTION #1)
                                               )
6    W. R. GRACE & CO. ETAL,                    )
                                               )
7              Defendant                        )
                                               )
8                                               )

9         This matter came before the court for oral argument on September 21, 2000, on

10   Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2).  The following pleadings were

11   considered by the court:

12   1.   Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2)

13   2.   Brief in Support of Class Certification

14   3.   Declaration of Kristy L. Bergland

15   4.   Declaration of Richard S. Lewis

16   5.   Declaration of Allan M. McGarvey

17   6.   Affidavit of Darrell W. Scott

18   7.   Declaration of Fabrice Vincent

19   8.   Declaration of Edward J. Westbrook

20   9.   Plaintiffs' Supplemental Submission in Support of Class Certification

21   10.  Declaration of Fabrice N. Vincent and attachments thereto

22   11.  Grace Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification Pursuant

23        to CR 23(b)(2) and 23(b)(3)

24   12.  Declaration of Rocco N. Treppiedi and attachments thereto

25

MEMORANDUM DECISION (MOT. #1): 1

1  13. Affidavit of Donald J. Hurst (submitted by Plaintiffs in support of the application for

2  Preliminary Injunction and submitted by Defendants' in support of their opposition to

3  Plaintiff's Class Certification motion) and attachments thereto

4  14. Defendant Sealed Air Corporation's Joinder in Grace's Argument and Brief in Opposition to

5  Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)

6  15. Plaintiffs' Reply in Support of Motion for Class Certification.

7

8  ## STATEMENT OF FACTS

9  Plaintiff Barbanti brings this action on behalf of a purported class of all owners and

10  occupiers of real property located in the State of Washington in which Zonolite Attic Insulation

11  has been installed. Defendants' are alleged to be the manufacturers of this product. The claims

12  asserted include product liability claims under the Washington Products Liability Act (WPLA),

13  RCW 7.72 and violations of the Consumer Protection Act (CPA), RCW 19.86.

14  Plaintiffs' are seeking injunctive relief as well as compensation for property damage

15  suffered by class members. Plaintiffs are not seeking compensatory damages for any illness a

16  class member may have contracted as a result of exposure to Zonolite Attic Insulation nor are

17  they seeking to establish a medical-monitoring regime.

18

19  ## DISCUSSION

20  In Washington the process of class certification is governed Civil Rule CR 23. At the

21  outset the plaintiffs must demonstrate that they meet the four requirements of CR 23(a):

22  One or more members of a class may sue or be sued as representative

23  parties on behalf of all only if (1) the class is so numerous that joinder

24  of all members is impractical; (2) there are questions of law or fact

25  common to the class; (3) the claims or defenses of the representative

MEMORANDUM DECISION (MOT. #1): 2

1       parties are typical of the claims or defenses of the class, and (4) the

2       representative parties will fairly and adequately protect the interests

3       of the class.

4       Subsection one is known as "numerosity". The only evidence presented with respect to

5 this section was plaintiffs' reference to a 1985 EPA publication which estimated Zonolite was

6 installed in 900,000 homes between 1974 and 1984. From that number plaintiffs' estimate at

7 least 18,800 Washington homes may contain this insulation. Plaintiffs' argue this is a

8 conservative number as this product was on the market for many years. The defendants' did not

9 challenge this number. The numerosity requirement has been met.

10      Subsection two is known as "commonality" and requires evidence questions of law or

11 fact common to the class. Plaintiffs' focus on a common course of conduct by the defendants

12 towards all potential class members i.e., a pattern of alleged misrepresentations in advertising the

13 product, failure to warn, etc. as meeting this requirement.

14      Also, plaintiffs' seek equitable relief for the class as a whole in the areas of warnings,

15 education, and remediation, not individual relief. Plaintiffs' do acknowledge in their

16 supplemental brief that there maybe some potential class members who are already aware of the

17 alleged problems with Zonolite Attic Insulation and have expended money to remove the

18 insulation. The injunctive relief suggested by the plaintiffs would include a defendant-funded

19 remediation program where, presumably, class members would apply for funds to remove the

20 insulation.

21      However, plaintiffs assert the fact there may be some compensation for remediation does

22 not detract from the nexus of common facts particularly with respect to the liability issues, I

23 agree. The issue of monetary damages is more properly considered in connection with the

24 analysis of whether CR 23(b)(1) or (2) or CR 23(b)(3) applies, not to commonality. The

25 commonality requirement has been met.

1     Subsection three is "typicality". Does the plaintiff's complaint arise from the same

2     conduct on the part of the defendant that other putative class members may have experienced? It

3     does. Are there any unique defenses applicable to the plaintiff which would unduly prolong

4     prosecution of the case from the perspective of putative class members? There does not appear

5     to be. A number of cases have been cited which stand for the proposition that " . . . challenging

6     the same unlawful conduct that affects both the named plaintiff and the rest of the putative class

7     usually satisfies the typicality requirement, despite disparities in individual factual scenarios."

8     *Cullen v. Whitman Med. Corp.*, 188 F.R.D.226, 230 (E.D. Pa. 1999). The typicality requirement

9     has been met.

10    Subsection four is the adequacy of representation and refers to both the class counsel and

11    the class representative(s). Class counsel are very experienced in class action litigation and

12    defendants have not taken issue with plaintiffs' counsels' ability to provide adequate legal

13    representation. Rather the focus is whether Mr. Barbanti, as class representative, can adequately

14    represent the class.

15    Defendants' assert Mr. Barbanti is an inadequate class representative because: (1) he has

16    a conflict of interest with putative class members because he alleged only limited statutory

17    claims; (2) he does not have a claim under the CPA; (3) he is engaging in "claim splitting"; (4)

18    he lacks standing to request injunctive relief because he knew Zonolite contained asbestos before

19    he began the lawsuit; and (5) he lacks credibility.

20    Plaintiff responds that a class representative is not required to assert every possible claim

21    and some claims are not suitable for a class action resolution. This is particularly true of

22    personal injury claims. In a class action, the concept of "claim splitting" is less of a concern than

23    it would be in an individual action. It can be more efficient to manage some issues in a class

24    action setting, i.e. liability issues, and this will not preclude individual litigation of other claims,

25    i.e. personal injury claims.

MEMORANDUM DECISION (MOT. #1): 4

1    With respect to the "standing" argument, this court is not aware of any Washington
2  jurisdictional authority which would prohibit the court from granting plaintiffs' requested relief
3  of a warning to the public simply because Mr. Barbanti knew Zonolite may have contained
4  asbestos.
5    The issue of Mr. Barbanti's credibility was raised in connection with his personal
6  response to the discovery of Zonolite Attic Insulation in some of his properties and his alleged
7  failure to inspect all of his properties or timely warn his tenants. This fact issue has yet to be
8  adjudicated by the court and, if true, has not precluded the plaintiffs from pressing for the
9  hearing of the Motion for Preliminary Injunction.
10    The adequacy of representation has been met.
11    After finding the initial four requirements of CR 23(a) have been met, the court next turns
12  to the applicability of CR 23(b)(1) or (2) and/or CR 23(b)(3). Plaintiffs' assert as they are
13  primarily requesting injunctive relief, CR 23(b)(2) is appropriate. Defendants' allege that the
14  primary purpose of this litigation is monetary, i.e. to compensate persons who remove Zonolite
15  Attic Insulation.
16    Plaintiffs' complaint indicates it is seeking injunctive relief and other equitable remedies
17  including a notification program, development of safety procedures and remediation techniques.
18  In it's Supplemental Submission plaintiffs' characterize as "incidental" requests for damages
19  some class members may make for expenses already incurred to remove Zonolite. It also
20  acknowledges that there may be damage claims if they are successful in obtaining equitable
21  relief.
22    The question is what is the primary purpose of the litigation. This court accepts the
23  plaintiffs' assertion that equitable relief is the primary purpose although monetary damage claims
24  would not be unexpected if plaintiffs prevail. The purpose of class action litigation is to allow
25  individuals, who have common causes of action, to pool their resources and pursue legal relief

MEMORANDUM DECISION (MOT. #1): 5

1  which would otherwise be unavailable due to the cost of litigation and the individual amount of

2  damages involved.

3       It is also a benefit to both plaintiffs and defendants that putative class members litigate

4  the class issues in one proceeding to avoid inconsistent adjudications. Defendants have raised

5  the concern that legal actions involving Zonolite are relatively new and there is no "track record"

6  of court decisions as a reason for finding class certification is premature. That position flies

7  squarely in the face of CR 23(b)(1)(A) which recognizes that in cases affecting substantial

8  numbers of persons, defendants should not be subjected to inconsistent standards of conduct

9  imposed by multiple court decisions.

10       Finally, defendants rightly point out that asbestos is heavily regulated by federal agencies

11  and Zonolite is under review by the EPA. Arguably, the resources of a federal regulatory agency

12  are greater than a state superior court and this court has considered that fact. However, federal

13  regulation does not preclude class litigation or preempt the court's ability to take jurisdiction.

14       Therefore, the plaintiff' Motion for Class Certification under CR 26(b)(2) is granted. Ms.

15  Scott, please prepare the appropriate order, secure lead counsels' signatures and/or note the order

16  for presentment.

17       Dated this 28th day of November, 2000.

18

19

20  KATHLEEN M. O'CONNOR
    SUPERIOR COURT JUDGE

21

22

23

24

25

MEMORANDUM DECISION (MOT. #1): 6

RECD
4/2/01

ANDREW J. CASNER, JR.
(1974-1999)
THOMAS D EDWARDS
(1978-1987)
HASKELL A. KASSLER
WALTER H. MAYO III
MARTIN E. GREENBLATT
CHARLES M. HAMANN
ROBERT A. MURPHY
ROBERT E. COWDEN III
JOHN H. ASHBY
DOUGLAS K. MANSFIELD
ANDREW M. HIGGINS
TERRANCE J. HAMILTON
ROBERT S. KUTNER
DAVID J. CHAVOLLA
STEPHEN M. PERRY

# CASNER & EDWARDS, LLP

ATTORNEYS AT LAW

ONE FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE
(617) 426-5900

FACSIMILE (617) 426-8810

PETER A. CARO
GARY L. HOFF
GREGG S. BLACKBURN
LINDA A. OUELLETTE
DONNA B MACKENNA
GARY L. KEMP
MATTHEW T. MURPHY
MARK W. WILLIAMSON
WILLIAM F. MCSWEENY III
JENNIFER A.N. WHITE
LAURA B. FOSTER
CHRISTOPHER P. MAFFUCCI
KATHLEEN A. BROWN-PEREZ
MATTHEW L. LUNENFELD

ANITA W. ROBBOY
OF COUNSEL

March 30, 2001

Hector D. Geribon, Esq.
Leiff, Cabraser, Heimann & Bernstein, LLP
214 Union Wharf
Boston, MA  02109-1216

Re:    Document Production at Winthrop Square – Confidentiality Stipulation

Dear Hector:

As we discussed over the telephone this morning, enclosed please find a revised Agreement of Confidentiality of Indices which reflects the changes to paragraphs 5 and 6 which you and I have previously discussed.  Please have Mr. Sobol execute the agreement and return it to me and I will forward you a copy of the fully executed version.

I have also enclosed a copy of Merrill's bill for the two copy sets of both the Attorney Review index and the Bentall list.  Your two copies of these indices will be made available to you upon payment of the enclosed invoice.

Please give me a call if you have any questions.

Sincerely,

Matthew T. Murphy

MTM:ml
Enclosures
52000.43/181153

cc:    Robert A. Murphy, Esq. (w/encls.)

## AGREEMENT OF CONFIDENTIALITY OF INDICES

The plaintiffs, who are identified as all persons represented by Lieff, Cabraser,

Heimann & Bernstein, LLP, in asbestos-related class actions pending in Federal and State

courts ("plaintiffs"), and the defendant, W.R. Grace & Co.-Conn. ("Grace"), agree to

abide by the terms of an Agreement of Confidentiality, as set forth below:

1.    Plaintiffs' counsel of record and the lawyers, paralegals, secretaries and

other employees of said counsel's offices are hereinafter referred to as "plaintiffs'

attorneys." The term "plaintiffs' attorneys" is not intended to include experts, consultants

and others who are retained by plaintiffs' counsel of record.

2.    Indices were prepared by or at the direction of retained counsel for Grace

with respect to documents maintained by the law firm of Casner & Edwards in Boston,

Massachusetts. Grace agrees to provide said indices to plaintiffs' attorney, pursuant to

the terms of confidentiality set forth in paragraphs 3-12.

3.    Plaintiffs' attorneys agree to keep the contents of the indices of documents

confidential, and shall not disclose in any manner the contents of the indices to any other

person. Furthersome, plaintiffs' attorneys agree that the production of the indices by

Grace shall not be deemed to waive either the work product or attorney-client privilege in

these cases or in any other case.

4.    The indices shall be used by plaintiffs' attorneys only for pretrial

proceedings in these cases and at the trial of these cases and shall not be used for any

other purpose.

5.    Plaintiffs' attorneys will be provided with two copies of the indices, will make no additional copy thereof, and will maintain said copies in a manner so as to prevent their disclosure to individuals other than plaintiffs' attorneys.

6.    Each person to whom the indices are to be disclosed shall be provided with a copy of this Agreement of Confidentiality prior to said disclosure. No person to whom the indices are disclosed shall divulge the contents of same to any other person except as provided herein, or shall use the indices for any purpose other than in connection with these cases.

7.    If Grace claims any document plaintiffs request contains trade secrets or commercially sensitive information, plaintiffs' attorneys shall agree to a confidentiality Order. In the event plaintiffs will not agree to such a confidentiality Order, the document will be produced to the Court under seal for resolution by appropriate Order.

8.    That portion of any deposition, interrogatory or request for admission and responses/answers thereto involving or referring to the contents of the indices shall be treated as confidential subject to the provisions of this Agreement of Confidentiality. That portion of any document involving or referring to the contents of the indices, filed with a court, shall be filed under seal and kept under seal until further order of the court.

9.    If any person or entity, private or governmental, requests or subpoenas or orders production of the indices or information contained therein, or requires testimony regarding the indices or information contained therein which plaintiffs' attorneys or any other person has obtained under the terms of this Agreement of Confidentiality, plaintiffs' attorneys or such other person shall  immediately notify Grace of such request, subpoena or order, and shall give notice to the person or entity requesting this

confidential material that the requested information is subject to this Agreement of Confidentiality.

10.    Any claim by Grace that the provisions of this Agreement of Confidentiality have been breached by plaintiffs' attorneys may be brought to the attention of the court by an appropriate Petition or Motion at which time the court will be asked to consider and determine whether a breach did, in fact, occur and the appropriate relief/sanction to be imposed for same.

11.    At the conclusion of these cases, the indices and all excerpts or summaries thereof (including but not limited to excerpts or summaries in pleadings, briefs and memoranda) shall be returned to Grace.

12.    The provisions of this Agreement of Confidentiality may be modified, amended or revised in the future upon the Motion of plaintiffs or Grace as granted by further order of the court or by agreement of the parties.

Entered this _____ day of _____, 2001.


Thomas M. Sobol, Esq.                         Robert A. Murphy, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP     Casner & Edwards, LLP
214 Union Wharf                               One Federal Street, 27th Floor
Boston, MA  02109                             Boston, MA  02110
(617) 720-5000                                (617) 426-5900

Attorney for Plaintiffs                       Attorney for W.R. Grace & Co.-Conn.

RILL
PORATION 

Location:  1240 - BOS-DMS

Any Inquiries, Call  (617) 542-0300

CASNER & EDWARDS
One Federal Street
27th Floor
Boston, MA  02110

Attn:  Matt Murphy

| | |
|---|---|
| Invoice #: | 1240-255226 |
| Invoice Date: | 03/28/01 |
| Merrill Project #: | X2756BOS01 |
| Merrill Job #: | X01BOS2761 |
| Date Rec'd: | 03/23/01 |
| Salesperson: | Anthony Santiago |
| Class: | DMS/RE |

TERMS: DUE UPON RECEIPT

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| | Billing Reference: 52,000/043 - work product Indicies for plaintiff | | |
| | Rec'd:  03/23/01 | | |
| | Del'd:  03/26/01 | | |
| 23157 | Light Litigation Copy Work (2 Sets) | $0.15 | $3,473.55 |
| 6655 | Medium Litigation Copy Work (2 Sets) | $0.185 | $1,231.18 |
| | Subtotal | | $4,704.73 |
| | 5.00% Sales tax | | $235.24 |
| | TOTAL AMOUNT DUE | | $4,939.97 |

REMIT TO:  MERRILL CORPORATION
CM-9638
ST. PAUL, MN 55170-9638

PLEASE PAY FROM THIS INVOICE
(1 5% SERVICE CHARGE PER MONTH ADDED TO PAST DUE ACCOUNTS)



ANDREW J. CASNER, JR
(1974-1999)
THOMAS D EDWARDS
(1976-1987)
HASKELL A KASSLER
WALTER H MAYO III
MARTIN E GREENBLATT
CHARLES M HAMANN
ROBERT A MURPHY
ROBERT E. COWDEN III
JOHN H. ASHBY
DOUGLAS K MANSFIELD
ANDREW M. HIGGINS
TERRANCE J HAMILTON
ROBERT S KUTNER
DAVID J CHAVOLLA
STEPHEN M. PERRY

# CASNER & EDWARDS, LLP

ATTORNEYS AT LAW

ONE FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE
(617) 426-5900

FACSIMILE (617) 426-8810

PETER A CARO
GARY L. HOFF
GREGG S. BLACKBURN
LINDA A OUELLETTE
DONNA B. MACKENNA
GARY L KEMP
MATTHEW T. MURPHY
MARK W. WILLIAMSON
WILLIAM F. MCSWEENY III
JENNIFER A.N. WHITE
LAURA B. FOSTER
CHRISTOPHER P. MAFFUCCI
KATHLEEN A. BROWN-PEREZ
MATTHEW L. LUNENFELD

ANITA W ROBBOY
OF COUNSEL

March 29, 2001

## BY FAX AND FIRST CLASS MAIL

Thomas M. Sobol, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
214 Union Wharf
Boston, MA  02109-1216

Re:    MDL 1376 - In re: Zonolite Attic Insulation Products Liability Litigation

Dear Tom:

I am writing in response to your letter dated March 19 which I received on Thursday, March 22.

The discs that will be produced on April 2 will only include invoices. The invoices will be supplied on compact discs with the images recorded in TIFF format. The images will not be linked to any database but the CD will include information identifying the bates range, the box number, the file folder identification and the clip range. This identification information will be in the ASCII delimited format.

With regard to the ledger boxes in Colorado, the EPA has not allowed us to ship them back to Boston. If you wish to review them in the near future, the review will have to take place in Colorado. There is nothing Grace can do to change that. The ledgers are not duplicative of the invoices we intend to produce on discs April 2 because the ledgers have not been put onto discs. We assume, but do not know that there could be duplication of information in the two types of documents because both invoices and ledgers track sales. Grace has not done any cross checking to determine if there is any such duplication. In addition to the ledgers in Colorado, there are approximately 60-70 boxes of potentially responsive ledgers recently identified in connection with Grace's ongoing review of dead storage materials in Cambridge. It is not known whether these ledgers are duplicative of the ledgers in Colorado but they can be made available for your immediate review in Boston at Winthrop Square.

With regard to your question about electronic imaging of documents that have been produced to the EPA, Grace began providing documents responsive to the EPA's first through fourth requests on compact disc in TIFF format in approximately mid November, 2000. Prior to that date, Grace produced paper copies of documents to the EPA. Grace is in the process of putting onto compact discs the paper copies produced to the EPA. Apart from the possibility of

CASNER & EDWARDS, LLP

Thomas M. Sobol, Esq.
March 29, 2001
Page 2

multiple file copies of the same documents, the documents which have been provided to the EPA
on disc beginning mid November, 2000 are not duplicative of the documents which were
produced before that date to the EPA.

To the extent that requests made by plaintiffs in the various state and federal class actions
and requests made by the EPA ask for similar documents, there will be duplication between what
Grace intends to produce to plaintiffs and what Grace has produced and will produce to the EPA
either in hard copy or on compact disc. During the course of its rolling production of documents,
Grace intends to produce copies of relevant, non-privileged documents that it has produced to the
EPA.

With regard to Grace's intention to produce discs as opposed to originals of documents
stored in Cambridge, I believe the concerns noted in your letter are unwarranted. While at first
blush, it may appear that your doing an "initial cut" of the hard copies of the documents would
be most effective, you should bear in mind that we are talking about a universe of something in
excess of 5,000 boxes which may or may not contain responsive documents. Grace has been
working for months to narrow the scope of the documents at issue in these cases by excluding
documents which are not responsive to any of plaintiffs' requests and believes that its decision to
produce a smaller group of responsive or potentially responsive documents, as opposed to an
overwhelming number of boxes that would include non-responsive documents, is to plaintiffs'
benefit. In addition, many of the boxes stored in Cambridge contain privileged and/or other
confidential materials and it would therefore be impossible to produce the documents "as is." As
for the questions listed in your letter on page 2 section (iii), as noted above, the images are in
TIFF format and are stored on compact disks. Grace will not be producing the images with a
linked database as the only database it has created in connection with this review is attorney
work product. However, as is also noted above, the compact discs will include information
which will identify the bates range, the box number, the file folder and the clip range for the
images provided.

Grace strongly disagrees with the implication in your letter that providing the images
without a linked database would be useless. Had the documents been produced in their original,
paper format, you would have been free to organize your copies of those documents in whatever
manner you saw fit, including but not limited to creating your own database. The images Grace
will provide to you will be identified by their source box and will contain information indicating
their original location within the source box with the exception of the invoices which will be
produced starting on April 2 and certain "unscannable materials." The "unscannable materials"
include such things as videotapes, oversized documents such as blue prints, poor quality
originals and other materials unsuitable for electronic imaging. The unscannable materials will
be made available to you in their original form but they will have been removed from their
original source box. The compact discs will contain a marker noting that specific unscannable

CASNER & EDWARDS, LLP

Thomas M. Sobol, Esq.
March 29, 2001
Page 3


materials have been removed and identifying the current location of such materials.  In choosing to produce discs versus originals, the only significant difference, apart from the benefit to plaintiffs of significantly reduced costs, is that you will receive an electronic image as opposed to a paper one.

     I believe this answers all of your questions.

                    Sincerely,

                    Robert A. Murphy

RAM:ml
cc:  Elizabeth J. Cabraser, Esq. (by First Class Mail)
     David Pastor, Esq. (by First Class Mail)
     John J. Stoia, Jr., Esq. (by First Class Mail)
     Edward J. Westbrook, Esq. (by First Class Mail)
     Sheila L. Birnbaum, Esq. (by First Class Mail)
     James R. Carroll, Esq. (by First Class Mail)
     Arlene Fickler, Esq. (by First Class Mail)
     James J. Restivo, Esq. (by First Class Mail)

52000.43/180552

27

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Objections Due By: 8/30/01 @ 4:00 p.m.** |
|  | ) | **Hearing Date: 09/07/01 @ 1:00 p.m.** |

## <u>NOTICE OF MOTION</u>

TO:    Parties required to receive notice pursuant to Del.Bankr.LR 2002-1.

The United States has filed a **Motion for an Order Compelling Debtors To Supplement Statements of Financial Affairs (and Memorandum in Support)** which requests this Court to compel Debtors to supplement their Statements of Financial Affairs by completing Question 17 of Official Bankruptcy Form 7.

You are required to file a response to the attached motion on or before **August 30, 2001 at 4:00 p.m.**

At the same time, you must also serve a copy of the response upon the Movant's attorney:

> JAMES D. FREEMAN
> Trial Attorney
> U.S. Department of Justice
> Environmental Enforcement Section
> 999 18th Street
> Suite 945-North Tower
> Denver, Colorado 80202
> Facsimile (303) 312-7331

HEARING ON THE MOTION WILL BE HELD ON **September 7, 2001 at 1:00 p.m.**

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED WITHOUT FURTHER NOTICE OR HEARING.

Date: July 20, 2001

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice


JAMES D. FREEMAN
Trial Attorney
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, Colorado 80202
(303) 312-7376


CARL SCHNEE
United States Attorney
District of Delaware

ELLEN SLIGHTS
Assistant United States Attorney
Office of United States Attorney
1201 Market Street
Suite 1100
P.O. Box 2046
Wilmington, DE 19899-2046


OF COUNSEL:

MATTHEW D. COHN
ANDREA MADIGAN
Enforcement Attorneys
U.S. EPA Region 8
999 Eighteenth Street, Suite 700
Denver, Colorado 80202

2

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due By: 8/30/01 @ 4:00 p.m.** |
| | ) | **Hearing Date: 09/07/01 @ 1:00 p.m.** |

## MOTION OF THE UNITED STATES FOR ENTRY OF AN ORDER COMPELLING DEBTORS TO SUPPLEMENT STATEMENTS OF FINANCIAL AFFAIRS

The United States respectfully requests this Court to compel Debtors to supplement their

Statements of Financial Affairs to include a complete and detailed response to Question 17 of the

Official Bankruptcy Form 7.  The United States also requests that this Court order Debtors to

examine the amendments to Official Bankruptcy Form 7, effective December 1, 2000, and

determine whether other required information was omitted from their Statements of Financial

Affairs.  A memorandum in support of this motion is attached.

Respectfully submitted,

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice

JAMES D. FREEMAN
Trial Attorney
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, Colorado 80202
(303) 312-7376


CARL SCHNEE
United States Attorney
District of Delaware

ELLEN SLIGHTS
Assistant United States Attorney
Office of United States Attorney
1201 Market Street
Suite 1100
P.O. Box 2046
Wilmington, DE 19899-2046


OF COUNSEL:

MATTHEW D. COHN
ANDREA MADIGAN
Enforcement Attorneys
U.S. EPA Region 8
999 Eighteenth Street, Suite 700
Denver, Colorado 80202

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections Due By: 8/30/01 @ 4:00 p.m.** |
| | ) | **Hearing Date: 09/07/01 @ 1:00 p.m.** |

**MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES**
**FOR AN ORDER COMPELLING DEBTORS TO**
**SUPPLEMENT STATEMENTS OF FINANCIAL AFFAIRS**

The United States respectfully requests this Court to compel W.R. Grace & Co. and affiliated entities ("Debtors") in the above-captioned cases to supplement their Statements of Financial Affairs to include a complete and detailed response to Question 17 of the required form. Debtors failed to provide responses to this required question in their Statements of Financial Affairs filed with the Court, and have thus far refused to supplement their statements.

**BACKGROUND**

Question 17 of the Statement of Financial Affairs requires debtors to disclose certain information related to environmental matters. Specifically, Question 17 requires debtors to divulge any "writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law," indicate any "notice to a governmental unit of a release of Hazardous Material," and list any "judicial or administrative proceedings, including settlements or orders, under any Environmental Law. . . ." 11 U.S.C., Official Bankruptcy Form 7.

Debtors filed their Statements of Financial Affairs in this case on June 8, 2001. Debtors' statements did not include a response to Question 17. On July 3, 2001, the United States

informed Debtors of this omission and asked that Debtors supplement their Statements of Financial Affairs as soon as possible to include the required information. (Letter from Madigan to Baer of July 5, 2001, attached at Tab 1.) At Debtors' request, the United States sent a follow-up letter on July 5, 2001 that set forth the basis for the United States' contention that Debtors' Statements of Financial Affairs were incomplete. The letter contained copies of relevant excerpts from 11 Lawrence P. King, Collier on Bankruptcy § 8.41[2] (15th ed. 2001) which discusses the history and background of the Statement of Financial Affairs (including Question 17), and the text of Question 17.

On July 13, 2001, the United States sent a second letter in response to Debtors' refusal to concede that a response to Question 17 was required (or even that Question 17 existed) and Debtors' unwillingness to specify a date certain by which they would supplement their Statements of Financial Affairs. (Letter from Freeman to Schwartz of July 13, 2001, attached at Tab 2.) This letter referred Debtors to additional authority regarding the existence of Question 17, including the collection of rules and forms (including substantial background information regarding amendments) maintained by the Federal Judiciary on the Internet at www.uscourts.gov.

## ARGUMENT

**I.      A Response to Question 17 of the Statement of Financial Affairs is Required**

Debtors must file a Statement of Financial Affairs. 11 U.S.C. § 521(1); Fed. R. Bank. P. 1007(b)(1). Debtors are required to "observe[] and use[]" the Official Forms prescribed by the Judicial Conference of the United States when preparing their Statement of Financial Affairs. Fed. R. Bankr. P. 9009; see also Fed. R. Bankr. P. 1007(b)(1) (Statement of Financial Affairs and

other disclosure documents must be "prepared as prescribed by the appropriate Official Form[].")

While Rule 9009 allows the user of the Official Forms to make "alterations as may be

appropriate," <u>see id.</u>, it does not permit debtors to ignore particular questions in their response.

The use of the Official Forms is subject to a "rule of substantial compliance." <u>See</u> 11 U.S.C.,

Official and Procedural Bankruptcy Forms, Introduction and General Instructions. As described

in the Introduction and General Instructions for the Official Forms, a document will meet the

standard of "substantial compliance" only if the document "contains the complete substance, that

is, all of the information required by the Official Form." <u>Id.</u>  Accordingly, when a debtor

prepares its Statement of Financial Affairs, the debtor must use Official Bankruptcy Form 7 and

answer all required questions in order for the statement to be complete.

     In this bankruptcy, W.R. Grace & Co and affiliated entities have not completed Question

17 of the Statement of Financial Affairs set forth in Official Bankruptcy Form 7. Debtors appear

to take the position that they were not aware of the disclosure requirement that this question

imposes. While Question 17 is a relatively recent addition to the Statement of Financial Affairs

(it was added in amendments effective December 1, 2000), it strains credulity that a high-profile

debtor with sophisticated legal and accounting assistance would be caught unawares by a change

to bankruptcy law.  Nevertheless, even assuming that Debtors were unaware of the disclosure

requirements of Question 17, the obvious remedy is to require Debtors to promptly supplement

their Statement of Financial Affairs to include the missing information, and not (as Debtors seem

to advocate) excuse them from their legal obligation to provide it.[1]

---

[1] The United States also requests that the Court order Debtors to examine other aspects of the
amendments effective December 1, 2000, determine whether any other required information was
omitted from their Statements of Financial Affairs, and, if so, supplement their statements to

## II.    The Information Elicited in Question 17 Serves an Important Governmental Purpose

Question 17 of the Statement of Financial Affairs is not a "make-work" exercise that can be disregarded at the option of a busy debtor.  The information that Question 17 elicits from debtors allows federal, state and local environmental authorities, as well as trustees and other parties in interest in the bankruptcy case to assess environmental liabilities that have existed or may exist on a debtor's properties.  Without this information it is difficult – and in some cases may be impossible – for governmental entities and parties in interest to accurately and efficiently determine the nature and extent of a debtor's environmental responsibilities in a bankruptcy case and any risks to the public posed by property of the estate.

This is particularly true in circumstances where a debtor has far-flung operations, involving multiple business units operating hundreds of distinct facilities within the jurisdiction of dozens of governmental entities.  This bankruptcy nicely illustrates the difficulties presented.  Debtors are a group of 62 companies, many of which operate in several locations across the country.  Large debtors like W.R. Grace with sophisticated environmental affairs departments are in far better position than other parties in interest to determine whether a Debtor has received notice from a State or local environmental authority that it may be in violation of an environmental law at a particular site or whether a Debtor has informed a State or local authority that there has been a release of a hazardous substances at a particular site.  Such information is critical to parties in interest understanding the environmental responsibilities and liabilities of the

include responses to this additional required information.

4

debtor. It is precisely for this reason that the Rules Committee added a requirement for environmental disclosure to the Statement of Financial Affairs.

As a result, Debtors' failure to respond to Question 17 is prejudicial to the United States and other parties in interest.

## CONCLUSION

For the foregoing reasons, the United States requests that this Court compel Debtors to supplement their Statements of Financial Affairs by completing, within thirty days, Question 17 of Official Bankruptcy Form 7 and file it with the Court.

Respectfully submitted,

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice

JAMES D. FREEMAN
Trial Attorney
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, Colorado 80202
(303) 312-7376

CARL SCHNEE
United States Attorney
District of Delaware

ELLEN SLIGHTS
Assistant United States Attorney
Office of United States Attorney
1201 Market Street
Suite 1100
P.O. Box 2046
Wilmington, DE 19899-2046

OF COUNSEL:

MATTHEW D. COHN
ANDREA MADIGAN
Enforcement Attorneys
U.S. EPA Region 8
999 Eighteenth Street, Suite 700
Denver, Colorado 80202



## UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
### REGION 8
#### 999 18TH STREET - SUITE 300
#### DENVER, CO 80202-2466
#### http://www.epa.gov/region08

Ref:8ENF-L

July 5, 2001

BY FAX - 312-861-2200 & U.S. Mail

Janet Baer
Kirkland & Ellis
200 East Randolph Street
Chicago, Illinois 60601

RE: In re W.R. Grace & Co. & Affiliated Debtors
(USBC Del) Bankruptcy Case No. 01-01139

Dear Ms. Baer:

This follows our telephone conversation of Tuesday, July 3, 2001, and your July 5, 2001, voice mail to Jim Freeman of the U.S. Department of Justice. As we discussed on Tuesday, effective last Fall, the Standing Committee on Bankruptcy Rules approved amendments to Official Bankruptcy Form 7, the Statement of Financial Affairs, to include among other things, certain environmental disclosures. Question 17 of the current version of Official Bankruptcy Form 7 requires debtors to answer questions on environmental matters. I have enclosed from 11 *Collier on Bankruptcy* §8.41 (as I cited to you in our phone call) the discussion of the 2000 amendments along with the text of Question 17.

As we also discussed, it appears that WR Grace & Co., and all of the affiliated debtors failed to include the environmental information that was required to be included in their respective Statements of Affairs. We request that each of the these debtors supplement their Statement of Affairs to include this environmental information within the next twenty (20) days.

We appreciate you attention to this matter. Please call me at (303) 312-6904 if you have any questions or wish to discuss this matter further.

Sincerely,

Andrea Madigan
Enforcement Attorney

Enclosures

Tab 1

 *Printed on Recycled Paper*

to the person filing the list and the attorney. *See* Bankruptcy Rule 4003(b). The entity, other than the clerk, transmitting a paper to the United States trustee shall promptly file as proof of such transmittal a verified statement identifying the paper and stating the date on which it was transmitted to the United States trustee. *See* Rule 5005(b)(2).

*Additional Requirements.* Consult local rules for possible additional requirements.

### [2]—Statement of Financial Affairs

### [A]—Completion of the Statement

Unless the court orders otherwise, the debtor shall file a statement of financial affairs. *See* 11 U.S.C. § 521(1) and Bankruptcy Rule 1007(b)(1). This statement is to be completed by every debtor. Questions 1-18 are to be completed by all debtors, including those filing under chapter 12 or 13. Debtors that are or have been in business also must complete questions 19-25.

The Committee Note which accompanied this official form follows:

This form consolidates questions from former Official Forms No. 7, No. 8, and No. 10. This form is to be completed by all debtors. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

The Chapter 13 Statement, former Official Form 10, has been abrogated. Chapter 13 debtors are to complete this statement and the schedules prescribed in Official Form No. 6.

All questions have been converted to affirmative directions to furnish information, and each question must be answered. If the answer is "none," or the question is not applicable, the debtor is required to so state by marking the box labeled "None" provided at each question.

*See* Committee Note to Form 2 for a discussion of the unsworn declaration at the end of this form.

The Committee Note which accompanied the 1993 amendment of this official form reads:

Official Form 7 has been amended in two ways. In the second paragraph of the instructions, the third sentence has been deleted to

clarify that only a debtor that is or has been in business as defined in the form should answer Questions 16-21, now Questions 19-25 in Form 7, as amended in 2000. In addition, administrative proceedings have been added to the types of legal actions to be disclosed in Question 4a.

The Advisory Committee Note which accompanied the 1995 amendment of Official Form 7 reads:

This form is a "document for filing" that may be prepared by a "bankruptcy petition preparer" as defined in 11 U.S.C. § 110, which was added to the Code by the Bankruptcy Reform Act of 1994; accordingly, a signature line for such preparer is added. In addition to signing, a bankruptcy petition preparer is required by section 110 to disclose the information requested.

The Advisory Committee Note accompanying the 2000 amendment of Official Form 7 reads:

The form has been amended to provide more information to taxing authorities, pension fund supervisors, and governmental units charged with environmental protection and regulation. Four new questions have been added to the form, covering community property owned by a debtor and the debtor's non-filing spouse or former spouse (Question 16), environmental information (Question 17), any consolidated tax group of a corporate debtor (Question 24), and the debtor's contributions to any employee pension fund (Question 25). In addition, every debtor will be required to state on the form whether the debtor has been in business within six years before filing the petition and, if so, must answer the remaining questions on the form (Questions 19-25). This is an enlargement of the two-year period previously specified. One reason for the longer "reach back" period is that business debtors often owe taxes that have been owed for more than two years. Another is that some of the questions already addressed to business debtors request information for the six-year period before the commencement of the case. Application of a six-year period to this section of the form will assure disclosure of all relevant information.

### [B]—Procedural Considerations

*Filing.* File an original and two copies with the clerk of the bankruptcy court. One copy is for transmission by the clerk to the United States trustee. Local rules may require additional copies.

(Matthew Bender & Co., Inc.)                                                    (Rel 77—3/01  Pub.219)

None

☐  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☐  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERN-MENTAL UNIT | DATE OF NOTICE | ENVIRONMEN-TAL LAW |
|---|---|---|---|

None

(Matthew Bender & Co., Inc.)

Pt. 8–149          COMMENCEMENT OF THE VOLUNTARY CASE          Form 8.43-1

☐ b. List the name and address of every site for which the debtor
provided notice to a governmental unit of a release of Hazardous
Material. Indicate the governmental unit to which the notice was
sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERN-MENTAL UNIT | DATE OF NOTICE | ENVIRONMEN-TAL LAW |
|---|---|---|---|

None

☐ c. List all judicial or administrative proceedings, including settle-
ments or orders, under any Environmental Law with respect to
which the debtor is or was a party. Indicate the name and address
of the governmental unit that is or was a party to the proceeding,
and the docket number.

| NAME AND ADDRESS OF GOVERNMEN-TAL UNIT | DOCKET NUMBER | STATUS OR DISPOSI-TION |
|---|---|---|

### 18. Nature, location and name of business

None

☐ a. If the debtor is an individual, list the names, addresses, taxpayer
identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was an officer,
director, partner, or managing executive of a corporation, partner-
ship, sole proprietorship, or was a self-employed professional within
the **six years** immediately preceding the commencement of this
case, or in which the debtor owned 5 percent or more of the voting
or equity securities within the **six years** immediately preceding the
commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer
identification numbers, nature of the businesses, and beginning and
ending dates of all businesses in which the debtor was a partner
or owned 5 percent or more of the voting or equity securities, within
the **six years** immediately preceding the commencement of this
case.

(Matthew Bender & Co., Inc.)

(Rel 77—3/01  Pub.219)



**U.S. Department of Justice**

Environment and Natural Resources Division

| | Environmental Enforcement Section | |
|---|---|---|
| JMG:JDF | 999 Eighteenth Street; Suite 945-NT | Telephone: (303) 312-7376 |
| 90-11-2-07106 | Denver, CO 80202 | Facsimile: (303) 312-7331 |

July 13, 2001

Samuel A. Schwartz, Esq.
Kirkland & Ellis
200 East Randolph Street
Chicago, Illinois 60601
Fax: (312) 861-2200

Re:   In re W.R. Grace & Co., et al. (Bankr. D. Del.); Case No.  01-01139

Dear Mr. Schwartz:

I would like to follow up on your telephone conversations earlier this week with Andrea Madigan of the United States Environmental Protection Agency ("EPA") regarding the failure of W.R. Grace & Co. and its affiliated debtors ("Debtors") to file complete Statements of Affairs in their respective bankruptcy cases. Specifically, Debtors' Statements of Affairs do not include responses to Question 17 of the current version of Official Bankruptcy Form 7. On July 5, 2001 we advised Janet Baer of your firm of this deficiency and requested that the Debtors supplement their respective Statements of Affairs to answer Question 17, which requires disclosure of certain environmental information. We also sent Ms. Baer relevant excerpts from Collier on Bankruptcy detailing these disclosure requirements along with the text of Question 17. You subsequently responded to Ms. Madigan that no one in your firm was aware of any obligation to provide the requested information, but said you would look into the matter. You also stated that if you determined that the requested information was required, the Debtors would not be able to supplement their respective Statements of Affairs any time soon due to the press of other bankruptcy issues. You later left Ms. Madigan a voice mail indicating that you had not been able to confirm that Debtors' Statements of Affairs were incomplete, and requested EPA to provide additional authority to support its request.

While we are not in the habit of providing bankruptcy research to debtor's counsel, we refer you to Memorandum by Hon. Adrian G. Duplantier, Chair, Advisory Committee on Bankruptcy Rules, dated May 7, 1999, to Hon. Anthony J. Scirica, Standing Committee on Rules of Practice and Procedure, Judicial Conference of the United States, and Communication for the Chief Justice, the Supreme Court of the United States, transmitting Amendments to the Federal Rules of Bankruptcy Procedure as Adopted by the Court, pursuant to 28 U.S.C. § 2075, dated May 2, 2000, 106th Cong., 2nd Sess., House Document 106-222. Both of these documents are cited in Collier on Bankruptcy. Also, please note that current versions of Official Bankruptcy Forms are available electronically at the federal judiciary's web site, www.uscourts.gov. They are also available on Westlaw.

Tab 2

July 13, 2001
Page 2

Debtors are required to use the Official Forms prescribed by the Judicial Conference of the United States. Fed. R. Bankr. P. 9009. Debtors are not permitted to pick and choose which information they would like to provide. Here, Debtors' failure to respond to Question 17 impairs the United States' ability to assess existing environmental liabilities on Debtors' properties. As a result, EPA is prejudiced in its ability to efficiently and accurately determine what claims it may have against the Debtors.

In light of Debtors' refusal to commit to provide the required information by a date certain, and Debtors' apparent unwillingness to take this matter seriously, we intend to file a motion in Bankruptcy Court to compel the Debtors to comply with Bankruptcy Rule 9009 and supplement their Statements of Affairs with the required information. I expect to file this motion as soon as practicable absent Debtors' commitment to supplement their Statements of Affairs by an agreed date certain.

Please contact me if you have any questions about this matter.

Sincerely,

James D. Freeman
Trial Attorney


cc:    Andrea Madigan, EPA

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER

Upon motion of the United States requesting an Order compelling the above-captioned Debtors to supplement their Statements of Financial Affairs to include a complete and detailed response to Question 17, as set forth in Official Bankruptcy Form 7, it is hereby:

ORDERED that Debtors shall supplement their Statements of Financial Affairs to include a complete and detailed response to Question 17, as set forth in Official Bankruptcy Form 7;

ORDERED that Debtors shall examine the amendments to Official Bankruptcy Form 7, effective December 1, 2000, to determine whether any other required information was omitted from their filed Statements of Financial Affairs; and

ORDERED that Debtors shall file revised Statements of Financial Affairs within thirty (30) days of this date.

DATED: This ____ day of _____, 2001.


BY THE COURT:


_____
Joseph J. Farnan, Jr.
United States District Court Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 20ᵗʰ day of July, 2001, I caused a copy of the **Notice of Motion**; the **Motion of the United States for an Order Compelling Debtors To Supplement Statements of Financial Affairs**; and the **Memorandum in Support of Motion of the United States for an Order Compelling Debtors To Supplement Statements of Financial Affairs** to be served via U.S. mail, postage prepaid, upon the parties-in-interest on the attached service list.


Corrine A. Christen, CLA
Paralegal Specialist
U.S. Department of Justice, ENRD
Environmental Enforcement Section

Laura Davis Jones
David W. Carickoff, Jr.
PACHULSKI, STANG, ZIEHL,
YOUNG & JONES
919 North Market St., 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo
PACHULSKI, STANG, ZIEHL,
YOUNG & JONES
10100 Santa Monica Blvd., Ste.
1100
Los Angeles, CA 90067-4100

James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601

Matthew G. Zaleski, III
CAMPBELL & LEVINE, LLC
Chase Manhattan Centre, 15th
Floor
1201 Market St., Ste. 1500
Wilmington, DE 19801

Elihu Inselbuch
Rita Tobin
CAPLIN & DRYSDALE,
CHARTERED
399 Park Avenue, 36th Floor
New York, NY 10022-4614

Peter Van N. Lockwood
Julie W. Davis
Trevor W. Swett, III
Nathan D. Finch
CAPLIN & DRYSDALE,
CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005

Michael B. Joseph
Theodore J. Tacconelli
FERRY & JOSEPH, P.A.
824 Market St., Ste. 904
P.O. Box 1351
Wilmington, DE 19899

Scott L. Baena
Richard M. Dunn
Robert W. Turken
Mindy A. Mora
Kevin Neimen
BILZIN. SUMBERG, DUNN,
BAENA, PRICE & AXELROD
2500 First Union Financial Center
200 South Biscayne Blvd.
Miami, FL 33131-2336

Lewis Kruger
Robert Raskin
Arlene G. Krieger
Kenneth Pasquale
STROOCK & STROOCK &
LAVAN
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
DUANE, MORRIS &
HECKSCHER, LLP
1100 North Market St., Ste. 1200
Wilmington, DE 19801

Richard Schepacarter
Curtis Center
Suite 950 West
601 Walnut Street
Philadelphia, PA 19106

Office of the U.S. Trustee
Attn: Frank J. Perch
844 N. King Street
Wilmington, DE 19801

Charles E. Boulbol
26 Broadway, 17th Floor
New York, NY 10004

Bruce E. Jameson
PRICKETT, JONES & ELLIOTT
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Lewis T. LeClair
MCKOOL SMITH
300 Crescent Court. Suite 1500
Dallas, TX 75201

Paul M. Matheny
Law Offices of Peter G. Angelos,
P.C.
5905 Harford Road
Baltimore, Maryland 21214

Daniel A. Speights
SPEIGHTS & RUNYAN
200 Jackson Ave., East
P.O. Box 685
Hampton, SC 29924

Jon L. Heberling
McGARVEY, HEBERLING,
SULLIVAN & McGARVEY PC
745 South Main Street
Kalispel, MT 59901

Patrick L. Hughes
HAYNES & BOONE, LLP
1000 Louisiana Street, Ste. 4300
Houston, TX 77002-5012

Russell W. Budd
Alan B. Rich
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

Keavin D. McDonald
WILSHIRE SCOTT & DYER,
P.C.
One Houston Center
1221 McKinney, Suite 4550
Houston, TX 77010

Steven J. Kherkher
Laurence G. Tien
Williams Bailey Law Firm, LLP
8441 Gulf Freeway, Suite #600
Houston, TX 77017

Robert Jacobs
Marla Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

Damon J. Chargois
Foster & Sear, LLP
360 Place Office Park
1201 N. Watson Road, Suite 145
Arlington, TX 76006

Deirdre Woulfe Pacheco
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NY 07095

Jan M. Hayden
William H. Patrick
HELLER, DRAPER, HAYDEN,
PATRICK & HORN, L.L.C.
650 Poydras St., Ste. 2500
New Orleans, LA 70130-6103

Alan Kolod
MOSES & SINGER LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street, 4th Floor
New York, NY 10006

Darrell W. Scott
Lukins & Annis, P.S.
1600 Washington Trust Financial
Center
717 West Sprague Ave.
Spokane, WA 99201-0466

C. Randall Bupp
PLASTIRAS & TERRIZZI
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903

Paul M. Baisier
SEYFARTH SHAW
1545 Peachtree Street, Ste. 700
Atlanta, GA 30309

Leonard P. Goldberger
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

Curtis J. Crowther
White and Williams LLP
824 N. Market St., Ste. 902
P.O. Box 709
Wilmington, DE 19899-0709

Mark D. Collins
Deborah E. Spivack
RICHARDS, LAYTON &
FINGER, P.A.
One Rodney Square
Wilmington, DE 19899

Stephen H. Case
Nancy L. Lazar
David. D. Tawil
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017

Scott Barker
Credit Manager
Climax Molybdenum Marketing
Corp.
2600 N. Central Ave.
Phoenix, AZ 85004

A. Jimenez
Contrarian Capital Management,
LLC
411 West Putnam Ave., Ste. 225
Greenwich, CT 06830

Joseph D. Farrell
Edward H. Tillinghast, III
Coudert Brothers
1114 Avenue of the Americas
New York, NY 10036

John P. Dillman
Linebarger Heard Goggan Blair
Graham Pena & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Anne Marie P. Kelley
Dilworth Paxon, LLP
LibertyView-Suite 700
457 Haddonfield Road
Cherry Hill, NJ 08002

Michael T. Kay
Attn: Nancy Draves
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674

Eric Lopez Schnabel
James H. Joseph
KLETT ROONEY LIEBER &
SCHORLING
The Brandywine Building
1000 West St., Ste. 1410
Wilmington, DE 19801

Alan H. Katz
Entergy Services, Inc.
693 Loyola Ave., Ste. 2600
New Orleans, LA 70113

Donna J. Petrone
ExxonMobil Chemical Co.
Law Department - Bankruptcy
13501 Katy Freeway, Rm W1-562
Houston, TX 77079-1398

Meridee Moore
Kirsten Lynch
Mark Wehrly
FARALLON CAPITAL
MANAGEMENT, LLC
One Maritime Plaza
Suite 1325
San Francisco, CA 94111

Paul Haskell
RICHARDS SPEARS KIBBE &
ORBE
One Chase Manhattan Plaza
New York, NY 10005

John D. Demmy
STEVENS & LEE, P.C.
300 Delaware Ave.
8th Floor, Suite 800
Wilmington, DE 19801

Selinda A. Melnik
Smith, Katzenstein & Furlow, LLP
800 Delaware Ave.
P.O. Box 410
Wilmington, DE 19899

Dorine Vork
Stibbe, P.C.
350 Park Ave.
New York, NY 10022

Michael J. Urbis
JORDAN, HYDEN, WOMBLE &
CULBRETH, P.C.
2390 Central Blvd., Suite G
Brownsville, TX 78520

Shelby A. Jordan
Nathaniel Peter Holzer
JORDAN, HYDEN, WOMBLE &
CULBRETH, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

Mary M. MaloneyHuss
Wolf, Block, Schorr & Solis-
Cohen, LLP
920 King Street, Suite 300
One Rodney Square
Wilmington, DE 19801

Elizabeth S. Kardos
Gibbons, Del Deo, Dolan,
Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5497

Thomas J. Noonan, Jr.
Herman's Sporting Goods in
Liquidation, Inc.
c/o R&S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

Frederick B. Rosner
WALSH, MONZACK AND
MONACO, P.A.
1201 N. Orange Street, Ste. 400
Wilmington, DE 19801

Ingersoll-Rand Fluid Products
Attn: Cindy Schultz
One Aro Center
P.O. Box 151
Bryan, Ohio 43506

James A. Sylvester
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

Ira S. Greene
SQUADRON, ELLENOFF,
PLESENT & SHEINFELD, LLP
551 Fifth Avenue
New York, NY 10176

Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Steven R. Schlesinger
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

Bernice Conn
ROBINS, KAPLAN, MILLER &
CIRESI LLP
2049 Century Park East, Suite
3700
Los Angeles, CA 90067

Daniel H. Slate
Hughes Hubbard & Reed, LLP
350 South Grand Ave.
Los Angeles, CA 90071-3442

Andrea L. Hazzard
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004-1482

Jeffrey C. Wisler
Michelle McMahon
CONNOLLY BOVE LODGE &
HUTZ, LLP
1220 Market Street, 10th Floor
P.O. Box 2207
Wilmington, DE 19899

David S. Rosenbloom
Jeffrey E. Stone
Lewis S. Rosenbloom
McDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, IL 60606-5096

William H. Sudell
Eric D. Schwartz
MORRIS. NICHOLS ARSHT &
TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Laurie Selber Silverstein
Monica Leigh Loftin
Potter Anderson & Corroon, LLP
P.O. Box 951
Wilmington, DE 19899

William H. Johnson
Norfolk Southern Corp.
Law Department
Three Commercial Place
Norfolk, VA 23510-9242

Michelle T. Sutter
Revenue Recovery Section
101 E. Town St., Second Floor
Columbus, OH 43215

Courtney M. Labson
The Mills Corporation
Legal Department
1300 Wilson Blvd., Ste. 400
Arlington, VA 22209

William D. Sullivan
ELZUFON AUSTIN REARDON
TARLOV & MONDELL, PA
P.O. Box 1630
Wilmington, DE 19899-1630

Robert M. Fishman
SHAW, GUSSIS, DOMANSKIS,
FISHMAN & GLANTZ
1144 West Fulton St., Ste. 200
Chicago, IL 60607

Thomas M. Sobol
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
214 Union Wharf
Boston, MA 02109

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Embaracadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111

Ted Weschler
Peninsula Capital Advisors, LLC
404B East Main St., 2nd Floor
Charlottesville, VA 22902

Brad Rogers
Office of the General Counsel
Pension Benefit Guaranty
Corporation
1200 K Street, N.W.
Washington, D.C. 2005-4026

W.J. Winterstein, Jr.
John J. Winter
William M. Aukamp
HARVEY, PENNINGTON,
CABOT, GRIFFITH &
RENNEISEN, LTD.
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

Aaron A. Garber
Pepper Hamilton LLP
1201 Market St., Ste 1600
Wilmington, DE 19899-1709

David W. Wirt
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

William E. Frese
Sheree L. Kelly
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, NJ 07663

D.J. Baker
Skadden, Arps, Slate, Meagher &
Flom LLP
Four Times Square
New York, NY 10036-6522

Mark S. Chehi
Skadden, Arps, Slate, Meagher &
Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

M. E. Clement, Jr.
Paul G. Sumers
Tennessee Department of
Environment and Conservation -
Superfund
c/o TN Attorney General's Office,
Bankruptcy Unit
P.O. Box 20207
Nashville, TN 37202-0207

Jonathan W. Young
T. Kellan Grant
WILDMAN, HARROLD, ALLEN
& DIXON
225 West Wacker Drive.,
Suite 3000
Chicago, IL 60606-1229

Todd C. Meyers
KILPATRICK STOCKTON, LLP
1100 Peachtree Street, Ste. 2800
Atlanta, GA 30309-4530

Peter S. Goodman
Andrews & Kurth, LLP
805 Third Ave.
New York, NY 10022

Lynn M. Ryan
Pillsbury Winthrop LLP
One Battery Park Plaza
New York, NY 10004-1490

Craig Barbarosh
Pillsbury Winthrop LLP
650 Town Center Dr., 7th Floor
Costa Mesa, CA 92626-7122

Francis A. Monaco, Jr.
WALSH, MONZACK AND
MONACO, P.A.
1201 N. Orange St., Ste. 400
P.O. Box 2031
Wilmington, DE 19899-2031

Edward J. Westbrook
Robert M. Turkewitz
Joseph F. Rice
NESS MOTLEY LOADHOLT
RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Allan M. McGarvey
Roger M. Sullivan
Jon L. Heberling
McCARVEY, HEBERLING,
SULLIVAN, & McGARVEY
745 S. Main
Kalispell, MT 59901

Joseph Grey
STEVENS & LEE
300 Delaware Ave., Ste. 800
Wilmington, DE 19801

Harry Lee
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036

Josiah Rotenberg
Lazard Freres & Co., LLC
30 Rockefeller Plaza, 60th Floor
New York, NY 10020

Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
701 - 5th Ave., Ste. 5000
Seattle, WA 98104-7078

Peter A. Chapman
24 Perdicaris Place
Trenton, NJ 08618

Christopher Beard
Beard & Beard
306 N. Market Street
Frederick, MD 21701

Margery N. Reed
Duane, Morris & Heckscher LLP
4200 One Liberty Place
Philadelphia, PA 19103-7396

District Director
IRS
409 Silverside Road
Wilmington, DE 19809

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

J. Douglas Bacon
David S. Heller
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Steven J. Johnson
Gibson Dunn & Crutcher, LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

John M. Klamann
Klamann & Hubbard
7101 College Blvd., Ste. 120
Overland Park, KS 66210

Alan R. Brayton
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

Pamela Zilly
Richard Shinder
David Blechman
Michael Alexander
The Blackstone Group
345 Park Avenue
New York, NY 10154

David B. Siegel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Derrick Tay
Meighen Demers
Suite 1100, Box 11
Merrill Lynch Can. Tower
Sun Life Center, 200 Kint St. W.
Toronto, Ontario M5H 3T4
CANADA

William S. Katchen
Duane Morris & Heckscher, LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ 07102

Anton Volovsek
Rt. 2 - Box 200 #42
Kamiah, ID 83536-9229

Steven T. Baron
Silber Pearlman LLP
2711 North Haskell Ave.
Cityplace Center East –5th Floor,
L.B. 32
Dallas, TX 75204-2911

Judith Greenspan
Associate Counsel
The Amalgamated Industries and
Service Workers Benefit Fund
730 Broadway, 10th Floor
New York, NY 10003-9511

J. Daryl Bethea
Shelley Bethea Gillette & Clark
3850 E. Baseline Road, Ste. 125
Mesa, AZ 85206

Russell W. Savory
Gotten Wilson & Savory, PLLC
200 Jefferson Ave., Ste. 900
Memphis, TN 38103

Credit Manager
Belz Enterprises
100 Peabody Place, Ste. 1400
Memphis, TN 38103

Emily W. Toler
Danice Sims
State of Louisana
P.O. Box 66658
Baton Rouge, Louisanna 70896

James P. Ruggeri
Scott A. Shail
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109

S. Martin
General Motors Acceptance Corp.
P.O. Box 5055
Troy, MI 48007-5055

Judy D. Thompson
S. Andrew Jurs
Poyner & Spruill LLP
100 North Tryon St., Ste. 4000
Charlotte, NC 28202-4010

Robert R. Hall
Assistant Attorney General
1275 West Washington Street
Phoenix, AZ 85007-1298

Michael D. Hess
M. Diane Jasinski
City of New York
100 Church St., Room 6-127
New York, NY 10007

Office of Reorganization
Securities and Exchange
Commission
3475 Lenox Road, N.E., Ste. 1000
Atlanta, GA 30326-1232

Michael A. Berman
Securities and Exchange
Commission
450 Fifth Street, N.W. (Mail Stop
6-6)
Washington, D.C. 20549

Securities & Exchange
Commission
15th & Pennsylvania Ave., N.W.
Washington, D.C. 20020

Maggie de la Rosa
Provost * Umphrey Firm, LLP
490 Park Street
Beaumont, TX 77701

Tyler P. Brown
Robert S. Westermann
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

Robert H. Rosenbaum
M. Evan Meyers
Meyers, Rodbell & Rosenbaum,
PA
Berkshire Building
6801 Kenilworth Ave., Ste. 400
Riverdale, Maryland 20727-1385

James S. Carr
Christena A. Lambrianakos
101 Park Avenue
New York, NY 10178

Richard M. Meth
Herrick Feinstein LLP
2 Penn Plaza, 11th Floor
Newark, NJ 07105

Kevin James
Deputy Attorney General
California Department of Justice
1515 Clay Street, 20th Floor
Oakland, CA 94612-1413

Robert T. Aulgur, Jr.
P.O. Box 617
Odessa, DE 19730

Michael H. Pinkerton
James M. Garner
Sher Garner Cahill Richter Klein
McAlister & Hilbert LLC
909 Poydras Street, Ste. 2800
New Orleans, LA 70112

Jeffrey L. Glatzer
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10020-1182

E. Katherine Wells
Staff Counsel
South Carolina Department of
Health and Environmental Control
2600 Bull Street
Columbia, SC 29201-1708

Ronald S. Beacher
Pitney Hardin Kipp & Szuch, LLP
711 Third Ave., 20th Floor
New York, NY 10017-4014

Thomas V. Askounis
Askounis & Borst, PC
303 E. Wacker Dr., Ste. 1000
Chicago, IL 60601

Jeffrey Kaufman
Gerald F. Ellersdorfer
Kaufman & Logan LLP
111 Pine St., Ste. 1300
San Francisco, CA 94111

Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

Steven M. Yoder
The Bayard Firm
222 Delaware Ave., Ste. 900
P.O. Box 25130
Wilmington, DE 19899

Nancy Worth Davis
Ness Motley Loadhold Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

Charlotte Klenke
Schneider National, Inc.
3101 S. Packerland
P.O. Box 2545
Green Bay, WI 54306

R. Scott Williams
PMG Capital Corp.
Four Falls Corporate Center
West Conshohocken, PA 19428-2961

Charles E. Gibson, III
Attorney at Law
620 North Street, Ste. 100
Jackson, MS 39202

Delta Chemical Corp.
2601 Cannery Ave.
Baltimore, MD 21226-1595

Steven T. Hoort
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

Joseph T. Kremer
Lipsitz Green Fahringer Roll
Salisbury & Cambria, LLP
42 Delaware Ave., Ste. 300
Buffalo, NY 14202

Paul D. Henderson
Dies, Dies & Henderson
1009 W. Green Ave.
Orange, TX 77630

Jonathan H. Alden
Assistant General Counsel
3900 Commonwealth Blvd., MS
35
Tallahassee, FL 32399-3000

Credit Lyonnais
1301 Avenue of the Americas
New York, NY 10019-0602

Greif Bros. Corp.
250 East Wilson Bride Rd., Ste.
175
Worthington, OH 43085-2323

Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont., NJ 08108

Barbara M. Cook
Katherine L. Taylor
County Solicitor
George Howard Building
3430 Courthouse Drive
Ellicott City, Maryland 21043

Steven R. Bourne
Nutter, McClennen & Fish, LLP
One International Place
Boston, MA 02110-2699

Mr. James Bane
KMCC 204029
P.O. Box 710
Keen Mountain, VA 24624

Authur Stein
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ 08731-6070

Suexirda Prayaga
7365 MacLeod Land
Ofallon, MO 63366

Bart Hartman
Treaurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA 92101

David Aelvoet
Linebargerheard Goggan Blair
Graham Pena & Sampson, LLP
1000 Tower Life Building
San Antonio, TX 78205

Robert Cimino
Attn: Diane Leonardo Beckmann
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099

David Balsley, Jr.
535 Smithfield Street, Suite 619
Pittsburgh, PA 15222-2302

Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, FL 32412-0950

Michael B. Willey
Legal Services, 27th Floor
312 8th Ave. N.
Nashville, TN 37243

Jonathan C. Hantke
Pamela H. Walters
14910 Aldine-Westfield Road
Houston, TX 77032

DAP Products, Inc.
c/o Julien A. Hecht
2400 Boston Street, Ste. 200
Baltimore, MD 21224

Robert S. Hertzberg
Michael I. Zousmer
Hertz, Schram & Saretsky, PC
1760 South Telegraph Road, Ste. 300
Bloomfield Hills, MI 48302-0183

Steven B. Flancher
Assistant Attorney General
Department of Attorney General
Revenue Division
First Floor Treasury Building
Lansing, MI 48992

Matthew A. Porter
Bernard J. Bonn, III
Ten Post Office Square South
Boston, MA 02109

John W. Havins
Burt Barr Havis & O'Dea., LLP
1001 McKinney, Ste. 500
Houston, TX 77002

Mark Browning
Assistant Attorney General
Kay D. Brock
c/o Sherri K. Simpson, Legal Assistant
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Randall A. Rios
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002