IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| W.R. GRACE & CO., et al.[1] ) | |
| ) | |
| Debtors. ) | Bk. No.  1:01-01139 |
| ) | Jointly administered |
| ) | |
| ) | Chapter 11 |

**ORDER VACATING THE STAY**
**PURSUANT TO 11 U.S.C. SECTION 362**

After consideration of the Motion of the United States Internal Revenue Service (the "United States")for Relief from the Automatic Stay dated October 23, 2001 (the "Motion") seeking entry of an order modifying the automatic stay to permit the United States to continue litigation of the counterclaim it filed in the action commenced by CCHP, Inc. ("CCHP"), one of the Debtors herein, against the United States, which is styled <u>CCHP, Inc. v. United States</u> (the "CCHP Action"), and is pending in the US Court of Claims; and due notice of the Motion having been given; and it appearing that the relief

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (Wa Grace Specialty Chemicals, Inc.), W. R. Grace, k Co.-Conn., A.1 Bit & Tool Co., Ire., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Ahny, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (flk/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, lnc-, Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc,, Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc,, W. R. Grace Capital Corporation,, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, lnc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, lnc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-DNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curling, Inc.), Southern Oil, Resin & Fiberglass, Inc.*,* Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

requested in the Motion is in the best interests of the Debtors and their estates, and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED, that the Motion be and it hereby is granted in the manner provided for herein; and it is further

ORDERED, that the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified solely to the extent necessary to permit the continuation to judgment, if any, of litigation over the counterclaim of the United States in the CCHP Action and any appeals or settlements thereof, for the limited purpose of determining the liability of CCHP or such other of the Debtors as may be appropriate, to the United States in connection with the CCHP Action; and it is further

ORDERED, that the United States, its attorneys and agents, are hereby stayed and enjoined from doing any act or commencing or continuing any action or proceeding outside of the Debtors' Chapter 11 cases to enforce against CCHP or any of the other Debtors herein, their property, or their estates, or collect on any amount in respect of, any judgment that may be obtained by the United States in the CCHP Action against CCHP or any of the other Debtors; and it is further

ORDERED, that nothing contained in this Order shall operate as a waiver or modification of the automatic stay of Section 362 of the Bankruptcy Code so as to permit any claims or counterclaims other than the counterclaim of the United States in the CCHP Action to be commenced or continued against CCHP and/or the other Debtors herein; and it is further

ORDERED, that nothing contained in this Order is intended or shall be construed to waive any defenses or objections that the Debtors may have with respect to the counterclaim of the United States in the CCPTP Action; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising

from the implementation and effectuation of this Order.

Dated:  January __, 2002
      Wilmington, Delaware

                                          _____
                                          United States Bankruptcy Court Judge