IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

Hearing date: To be scheduled, only if objections are timely filed and served.

**FIFTH VERIFIED APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001**

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P.2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Nelson Mullins Riley & Scarborough, LLP ("NMRS") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $67,906.50 for the reasonable and necessary legal services NMRS has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that NMRS incurred in the amount of $1,348.82 (the "Application"), in each case for the period from October 1, 2001 through October 31, 2001 (the "Fee Period"). In support of this Application, NMRS respectfully states as follows:

### Retention of NMRS

1.  On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee", collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2. By this Court's Order dated July 19, 2001, the Debtors were authorized to retain NMRS as their special counsel with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate NMRS at hourly rates charged by NMRS for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

3. As disclosed in the Affidavit Under 11 U.S.C. 327(e) by George B. Cauthen, filed June 8, 2001, NMRS does not represent any interest adverse to the Debtors or their estates.

4. NMRS performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

5. NMRS has received no payment for the services performed and presented in this application and no promises for payment from any source for these services rendered or to be rendered in any capacity whatsoever in connection with these.

6. Pursuant to Fed. R. Bank P. 2016(b), NMRS has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel , associates, paralegals, and employees of NMRS, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

7. This is the fifth application for interim compensation for services rendered that NMRS has filed with the Bankruptcy Court in connection with the Chapter 11

Cases. NMRS previously filed applications for interim compensation for the periods of May 1, 2001 through June 30, 2001; July 19, 2001 through July 31, 2001; August 1, 2001 through August 31, 2001 on October 16, 2001. An application for the interim period of September 1, 2001 through September 30, 2001 was filed on October 28, 2001.

### Reasonable and Necessary Services Rendered by NMRS - Generally

8. The NMRS attorneys who rendered professional services during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| George B. Cauthen | Partner | 25 years | Bankruptcy | $250.00 | 2.60 | $650.00 |
| David M. Cleary | Partner | 20 years | Environmental | $285.00 | 120.40 | $34,314.00 |
| Bernard F. Hawkins, Jr. | Partner | 11 years | Environmental | $220.00 | 33.10 | $7,282.00 |
| Mary Ellen Ternes | Of-Counsel | 6 years | Environmental | $210.00 | 22.20 | $4,662.00 |
| Kevin J. Heiser | Associate | 3 years | Bankruptcy | $170.00 | 48.90 | $8,313.00 |

9. The paraprofessionals of NMRS who have rendered professional services in these cases during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as at position | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Karen Brown | Paralegal | 28 years | Environmental | $125.00 | 98.30 | $12,287.50 |
| Laurie K. Thomas | Paralegal | 7 years | Environmental | $ 85.00 | 1.90 | $161.50 |
| Emily Fleming | Project Assistant | 6 months | Environmental | $ 55.00 | 4.30 | $236.50 |

10. NMRS has advised and represented the Debtors in connection with certain litigation and environmental matters. These matters include: General W.R. Grace Environmental Matters; Walpole Mass-CERCLA; Beaco Road Site; Enoree Site Management; DAREX, Atlanta Facility; Western Minerals Products Site; Guanica, Puerto Rico Site; Coachmen; Libby, MT General Environment; Project Allen; Li Tungsten; Charleston; Libby Expansion Plants-Newark, CA; Libby Expansion Plants-Santa Ana; Libby Expansion Plants-Phoenix; Libby Expansion Plants-Minneapolis/Residential; and Libby Expansion Plants-Glendale, AZ.

11. The rates described in the above list of attorneys and paraprofessionals are NMRS's hourly rates for services of this type. Attached as **Exhibit A**, and arranged by Subject Matter, is a detailed itemization and description of the services that NMRS rendered during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $67,906.50. The NMRS attorneys and paraprofessionals expended a total of 330.70 hours for these cases during the Fee Period. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

12. Further, **Exhibit A** (a) identifies the individuals that rendered services in each Subject Matter, as defined and described herein, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. The Subject Matters addressed in this

Fee Application are merely those for which services were rendered during this Fee Period. NMRS is currently rendering services for additional Subject Matters that NMRS may bill time for in the future.

### Reasonable and Necessary Services Rendered by NMRS Categorized by Matter

13.     The professional services that NMRS rendered during the Fee Period are grouped into the titled categories of subject matters described in Paragraph 10 herein (the "Subject Matter").

14.     It is NMRS's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is NMRS's policy to charge its clients only the amount actually incurred by NMRS in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals and lodging.

15.     NMRS charges (a) $.05 per page for duplication as Special Counsel in this case. NMRS does not charge its clients for incoming telecopier transmissions.

16.     A summary of expenses by type is attached to the corresponding Subject Matters hereto as **Exhibit A**. All of these disbursements comprise the requested sum for NMRS's out-of-pocket expenses, totaling $1,348.82.

### Representations

17.     NMRS believes that the Application is in compliance with the requirements of Del. Bankr. LR 2016-2.

18. The fees and expenses addressed in this Application have been presented to the Debtor prior to the filing of this application..

19. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. NMRS reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

20. In summary, by the application, NMRS requests compensation for fees and expenses in the total amount of $69,255.32, consisting of (a) $67,906.50 for reasonable and necessary professional services rendered and (b) $1,348.82 for actual and necessary costs and expenses.

WHEREFORE, NMRS respectfully requests (a) that an allowance be made to it, as fully described above, for 80% of the reasonable and necessary professional services NMRS has rendered to Debtors during the Fee Period and 100% of the reimbursement of actual and necessary costs and expenses incurred by NMRS during the Fee Period; that both fees and expenses are payable as administrative expenses of the Debtors' estates; and that this Court grant such further relief as is equitable and just.

Respectfully submitted,

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19889-8705 (Courier 19801)

~Doc# 5199839.01 - 12/06/01 4:05 PM~

Telephone: (302) 652-4100
Facsimile: (301) 652-4400

and

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: *[signature]*
Bernard F. Hawkins, Jr. (SC Fed. Bar No. 5310)
George B. Cauthen (SC Fed. Bar No. 81)
Post Office Box 11070
Columbia, South Carolina  29211
Telephone: (803) 799-2000
Facsimile: (803) 256-7500

Dated: 12/06/01