IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline: January 14, 2002, at 4:00 p.m.**

**Hearing Date: TBD, if necessary (Negative Notice)**

## MOTION OF DEBTORS FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court pursuant to Fed. R. Bankr. P. 9006(b) for entry of an order to further extend the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. In support of this Motion, the Debtors respectfully represent as follows:

### Background

1.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), which have been consolidated for administrative purposes only and pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession (collectively, the "Chapter 11 Cases").

2.      On June 8, 2001, the Debtors filed a motion for an order extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 (the "Removal Extension Motion"). On July 19, 2001, the Court entered an order granting the

Removal Extension Motion and extending the period within which the Debtors may remove actions until January 2, 2002 (the "Removal Extension Order"). The Removal Extension Order specifically reserved for the Debtors and the Non-Debtor Affiliates (as defined below) the right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.

## Relief Requested

3.    By this Motion, the Debtors request the entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further extending through July 2, 2002, the time periods provided by Fed. R. Bankr. P. 9027 within which the Debtors or the Non-Debtor Affiliates (as defined below), as the case may be, may file notices of removal with respect to any Actions (as defined below) that are subject to removal under 28 U.S.C. § 1452, to the extent that any such time periods expire on or before July 2, 2002. The Debtors have a number of non-debtor affiliates (the "Non-Debtor Affiliates"), including, but not limited to, non-debtor subsidiaries and certain "Affiliated Entities", as that term is defined in the Order Granting Preliminary Injunction, entered by this Court on May 3, 2001, which is attached to the Removal Extension Motion as Exhibit A.

4.    The Debtors further request that the order requested herein be without prejudice to (i) any position the Debtors or the Non-Debtor Affiliates may take regarding whether section 362(b) of the Bankruptcy Code applies to stay any Actions (as defined below); and (ii) the right of the Debtors and/or the Non-Debtor Affiliates to seek future extensions of time to remove any and all Actions.

2

## **Basis For Relief**

5.      28 U.S.C. § 1452 of the United States Code and Fed. R. Bankr. P. 9027

govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than
> a proceeding before the United States Tax Court or a civil action by a
> governmental unit to enforce such governmental unit's police or regulatory
> power, to the district court for the district where such civil action is pending,
> if such district court has jurisdiction of such claim or cause of action under
> section 1334 of this title.

28 U.S.C. § 1452(a).  Fed. R. Bankr. P. 9027(a)(2)  further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under
> the [Bankruptcy] Code is commenced, a notice of removal may be filed in the
> bankruptcy court only within the longest of (A) 90 days after the order for
> relief in the case under the Code, (B) 30 days after entry of an order
> terminating a stay, if the claim or cause of action in a civil action has been
> stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a
> chapter 11 reorganization case but not later than 180 days after the order for
> relief.

Fed. R. Bankr. P. 9027(a)(2).  With respect to postpetition actions, Fed. R. Bankr. P. 9027(a)(3)

provides that a notice of removal may be filed with the clerk:

> only within the shorter of (A) 30 days after receipt, through service of
> otherwise, of a copy of the initial pleading setting forth the claim or cause of
> action sought to be removed or (b) 30 days after receipt of the summons if the
> initial pleading has been filed with the court but not served with the
> summons.

Fed. R. Bankr. P. 9027(a)(3).

6.      Fed. R. Bankr. P. 9006(b) provides that the court may extend unexpired time

periods, such as the Debtors' removal period, without notice:

> when an act is required or allowed to be done at or within a specified period
> by these rules or by a notice given thereunder or by order of court, the court
> for cause shown may at any time in its discretion . . . with or without motion
> or notice order the period enlarged if the request therefor is made before the

3

expiration of the period originally prescribed or as extended by a previous
order.

Fed. R. Bankr. P. 9006(b)(1). Accordingly, this Court is authorized to grant the relief requested

herein. See In re Saint Joseph's Hosp., 103 B.R. 643 (Bankr. E.D. Pa. 1989) (court extended the

time period in which to seek removal of pending state court litigation); Jandous Electric Constr.

Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y. 1989)

(period in which to file motion to remove may be expanded pursuant to Fed. R. Bankr. P. 9006).

       7.     One or more of the Debtors are named defendants in approximately 65,000

asbestos-related lawsuits in various state and federal courts involving approximately 232,000

different individual claims (the "Asbestos Actions"). One or more Non-Debtor Affiliates are named

defendants in approximately eight asbestos-related fraudulent conveyance actions in various state

and federal courts that also involve large numbers of individual claims (the "Fraudulent Conveyance

Actions"). There are also numerous other lawsuits, including, but not limited to environmental

actions, in which one or more of the Debtors and/or the Non-Debtor Affiliates are named defendants

in various state and federal courts (the "Miscellaneous Actions"). Many of these Asbestos Actions,

Fraudulent Conveyance Actions and Miscellaneous Actions were filed prior to the Petition Date (the

"Prepetition Actions").

       8.     Since the Petition Date, a number of additional Asbestos Actions, Fraudulent

Conveyance Actions and Miscellaneous Actions have been filed and are continuing to be filed (the

"Postpetition Actions", collectively with the Prepetition Actions, the "Actions"). The Debtor and

the Non-Debtor Affiliates believe that these Postpetition Actions are void because they were filed

in violation of the automatic stay provisions of section 362(b) of the Bankruptcy Code and reserve

4

the right to subsequently assert such a defense in these Chapter 11 Cases or in any other appropriate forum.

9.      In the months since the Petition Date, the Debtors have attempted to address the central task in these Chapter 11 Cases, which is to determine the true scope of the Debtors' liability to asbestos claimants and then to provide for the payment of valid claims on a basis that preserves the Debtors' still-strong core business operations. At a hearing on May 3, 2001, Judge Farnan tasked the Debtors with developing a specific proposal for adjudicating asbestos-related litigation in these Chapter 11 Cases.

10.     On June 27, 2001, Debtors filed a Motion for Entry of Case Management Order, to Establish Bar Date, to Approve Claim Forms & Approval of Notice Program (the "CMO Motion"), which was set for hearing on July 19, 2001. At the request of the official committee of property damage claimants (the "Property Damage Committee") and the official committee of personal injury claimants (the "Personal Injury Committee"), the Debtors agreed to move the hearing to August 2, 2001. The Property Damage Committee asked for still more time and the matter was continued until the fall 2001. Ultimately, a hearing was scheduled for November 21, 2001 (the "November 21 Hearing"). The Property Damage Committee filed an objection to the CMO Motion on September 7, 2001, and the Personal Injury Committee filed an objection to the CMO Motion on September 10, 2001. The Debtors filed a comprehensive reply on November 10, 2001.

11.     The November 21 hearing was cancelled on November 21, 2001, when the court announced that these Chapter 11 Cases were being reassigned. A new date has not yet been set for a hearing on the CMO Motion.

12.     The CMO Motion's proposed litigation protocol will, if adopted, streamline the claims adjudication process by providing a means of resolving the common legal issues through a fair and orderly process in a single forum while preserving legitimate personal injury claimants' rights to trial. While this litigation protocol will not completely eliminate the Debtors' need to preserve the option to remove Actions to this Court, it should minimize the need to do so. Nonetheless, until the claims arising from the Actions have been resolved, whether through this litigation protocol or otherwise, the Debtors must preserve the option of removing Actions to this Court.

13.     As a result, the Debtors believe that it is both prudent and necessary to seek a further extension of the time to protect their right to remove any Actions that are discovered through the Debtors' investigation and the claims review process. The Debtors submit that the relief requested is in the best interests of the Debtors, their estates and their creditors. The extension sought will afford the Debtors and the Non-Debtor Affiliates an opportunity to make fully informed decisions concerning removal of all Actions and will assure that the Debtors and the Non-Debtor Affiliates do not forfeit valuable rights under 28 U.S.C. § 1452. Furthermore, the rights of the Debtors' adversaries will not be prejudiced by such an extension because, in the event that a matter is removed, the other parties to such Action(s) sought to be removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

## Notice

14.     Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

## No Prior Request

15.     No prior Motion for the relief requested herein has been made to this or any other Court. The Debtors submit that no further notice or a hearing is necessary for this Court to enter an order granting the relief requested by this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, further extending, through and including July 2, 2002, time periods within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452 to the extent that such time periods may expire prior to July 2, 2002.

Dated: December 27, 2001

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession