# Exhibit A

ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JJF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| W.R. GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | |
| | ) | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, et al. and JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION

This matter came on for hearing on May 3, 2001, on the motion of W.R. Grace & Co. and certain of its subsidiaries (collectively, the "Debtors"), for a Preliminary Injunction Staying All Asbestos-Related and Fraudulent Transfer Claims Against Affiliated Entities (the "Motion"). On April 2, 2001, the Debtors, as plaintiffs in this adversary proceeding, filed a Verified Complaint seeking entry of a preliminary injunction pursuant to Section 105(a) of the Bankruptcy Code and 28 U.S.C. § 1651 enjoining further prosecution of the Actions against Affiliated Entities, as defined below. On April 2, 2001, the Court entered an Order Granting Temporary Restraining Order substantially granting the requested relief. On April 12, 2001, the Court entered an Order Extending Temporary Restraining Order; and at the April 18, 2001 status hearing the Court issued a preliminary injunction extending the stay through and including a hearing on the preliminary injunction requested in the Motion.

The following terms are defined for purposes of this Order:

1. "Fresenius" means National Medical Care, Inc.; Fresenius A.G.; Fresenius, U.S.A., Inc.; Fresenius Medical Care A.G.; and Fresenius National Medical Care Holdings, Inc.

2. "Sealed Air" means Sealed Air Corporation, Sealed Air Corporation (US), and Cryovac, Inc.

3. "Merrill Lynch" means Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch").

4. "CSFB" means Credit Suisse First Boston Corporation.

5. "Insurance Carriers" means Maryland Casualty Company, Continental Casualty Company, their affiliates and any other insurer of the Debtors under the Insurance Policies who has been named as a defendant in actions pending in direct action states.

6. "Robinson" means Robinson Insulation, Co.

7. "Affiliated Entities" means Fresenius, Sealed Air, Merrill Lynch, CSFB, Insurance Carriers and Robinson.

8. The "Insurance Policies" are those insurance policies that may provide coverage for asbestos-related claims asserted against the Debtors.

9. The "Actions" includes any case filed or pending in any court as follows:

 a) against Affiliated Entities that arise from alleged exposure to asbestos indirectly or directly allegedly caused by Debtors; or

 b) for which there may be coverage under the Insurance Policies; or

 c) against Affiliated Entities alleging fraudulent transfer or fraudulent conveyance claims; or

 d) against Insurance Carriers alleging coverage for asbestos-related liabilities.

The definition of "Actions" does not include the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's police or regulatory power, as outlined in section 362(b)(4) of the Bankruptcy Code.

In support of this Order, the Court finds that:

1. Without the injunctive relief sought, the Debtors would suffer the risk of irreparable harm, including potential diminution of estate property; and

2. The injunctive relief requested is in the best interests of the Debtors and their estates, creditors and other parties in interest;

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and

4. This Order is without prejudice to the Debtors' or others' rights to seek relief pursuant to the automatic stay under 11 U.S.C. § 362.

After due deliberation and cause appearing therefore, accordingly:

IT IS HEREBY ORDERED that the prosecution of all Actions are stayed and enjoined pending a final judgment in this adversary proceeding or further order of this Court;

IT IS FURTHER ORDERED that this preliminary injunction does not apply to the pending motions to transfer venue to the District of Delaware filed in Abner v. W.R. Grace & Co., no. 01-3070(TC) (N.D. Cal.), and Woodward v. Sealed Air Corp. (US), No. 01 10547 PBS (D. Mass.);

IT IS FURTHER ORDERED that nothing in this Order shall prevent anyone from providing notice to Insurance Carriers or other appropriate persons or entities or otherwise

exercising their rights under the Insurance Policies, provided that they do not seek reimbursement or payment under any of the Insurance Policies without further order of this Court.

Dated: May 3, 2001

THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

-4-