IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JJF) |
| Debtors. | (Jointly Administered) |

**FIRST MONTHLY APPLICATION OF KLETT ROONEY LIEBER & SCHORLING,
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OCTOBER 26, 2001 THROUGH NOVEMBER 30, 2001**

Name of Applicant:      Klett Rooney Lieber & Schorling,
a Professional Corporation

Authorized to Provide
Professional Services to:      The Official Committee of Equity Holders

Date of Retention:      October 26, 2001 *nunc pro tunc*

Period for which compensation
and reimbursement is sought:      October 26, 2001 through November 30, 2001

Amount of fees to be approved
as actual, reasonable and necessary:      $5,518.00

Amount of expenses sought as
actual, reasonable and necessary:      $2,028.76

This is a(n):      _x_ interim      ___ final application.

The total time expended for the preparation of this application will be included in the next interim
fee application.

Prior Applications:

| Date Filed | Period Covered | Requested Fees/ Expenses | Approved Fees/ Expenses | Docket No. |
|---|---|---|---|---|
| N/A | | | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JJF) |
| Debtors. | (Jointly Administered) |

**FIRST MONTHLY APPLICATION OF KLETT ROONEY LIEBER & SCHORLING,
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OCTOBER 26, 2001 THROUGH NOVEMBER 30, 2001**

Klett Rooney Lieber & Schorling ("Klett Rooney"), co-counsel to the Official

Committee of Equity Holders (the "Committee"), hereby submits this first monthly application (the

"Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and

331 for legal services performed and expenses incurred during the period commencing October 26,

2001 through and including November 30, 2001 (the "Application Period") as co-counsel to the

Committee in this proceeding. In support hereof, Klett Rooney respectfully represents as follows:

**Introduction**

1.      On April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of Title 11

of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States

Bankruptcy Court for the District of Delaware (the "Court").

2.      The Debtors are continuing in possession of their respective properties and

are operating and managing their businesses as debtors-in-possession pursuant to Sections 1107 and

1108 of the Bankruptcy Code.

KRLSWIL:26279.1

3.      The Committee was appointed by the office of the United States Trustee on April 13, 2001. On July 18, 2001, the Committee selected Kramer Levin Naftalis & Frankel LLP as its counsel.

4.      By order of the Court entered on December 8, 2001, the Committee retained Klett Rooney as its co-counsel, *nunc pro tunc* to October 26, 2001.

## Jurisdiction

5.      This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (M).

6.      The statutory basis for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## TERMS AND CONDITIONS OF COMPENSATION OF KLETT ROONEY

7.      Subject to Bankruptcy Court approval, Klett Rooney seeks interim allowance of compensation for services rendered on an hourly basis, plus reimbursement of its actual and necessary expenses incurred during the Application Period pursuant to sections 330 and 331 of the Bankruptcy Code. The rates charged by Klett Rooney in these cases do not differ from the rates generally charged to Klett Rooney's non-bankruptcy clients. Klett Rooney has not received any payment or the promise of any payment from any source for services rendered or to be rendered with respect to these cases.

## SUMMARY OF SERVICES RENDERED

8.      A summary of the hours spent, the names of each Klett Rooney professional and paraprofessional rendering services to the Committee during the Application Period, the regular customary billing rates and the total value of time incurred by each professional and paraprofessional rendering services to the Committee is attached hereto as Exhibit "A." A break

down of the total time expended in the six (6) categories described below is set forth in the table annexed hereto as Exhibit "B ." A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines"), is attached hereto as Exhibit "C." A statement of the actual, necessary and reasonable out-of-pocket expenses incurred by Klett Rooney during the Application Period is attached hereto as Exhibit "D." All time entries and requested expenses are in compliance with Local Rule 2016-2[1]

9.      On May 3, 2001, this Court entered an Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Administrative Order"). Pursuant to the Administrative Order, Klett Rooney and other professionals retained in this case are authorized to file and serve upon the Debtors and parties identified in the Administrative Order fee applications every month (the "Monthly Fee Application"). Upon expiration of the 20-day objection period, Klett Rooney and other professionals may file a certificate of no objection with the Court after which the Debtors are authorized to pay Klett Rooney an amount equal to the lesser of (i) 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application and (ii) 80 percent (80%) of the fees and 100 percent (100%) of the expenses that are not subject to an objection. Thereafter, at three month intervals or at such other intervals as the Court may otherwise direct, each of the Professionals must file with the Court and serve on the Notice

---

[1]      Klett Rooney has also attempted to ensure that this Application complies with the Guidelines. To the extent the Guidelines conflict with local rules, in particular, Local Rule 2016-2, Klett Rooney has chosen to comply with such local rule. Klett Rooney will supplement this Application with additional detail or information upon request.

Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance for any unpaid amounts.

10.    Except where indicated, all services and costs for which compensation is requested by Klett Rooney in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Application Period.

## CASE STATUS

11.    Klett Rooney currently is not aware of (a) the amount of cash on hand or on deposit in the Debtors' estates; (b) the amount and nature of accrued unpaid administrative expenses; (c) the Debtors' operating profit or loss; or (d) the amount of unencumbered funds in the Debtors' estate.

12.    To the best of Klett Rooney's knowledge, the Debtors have paid to the United States Trustee all quarterly fees and have filed all monthly operating reports.

## NARRATIVE SUMMARY DESCRIPTION OF SERVICES RENDERED ON A PROJECT SUMMARY BASIS

13.    From the outset of this case, Klett Rooney has taken an active role as co-counsel to the Committee.  All of the professional services that Klett Rooney rendered to the Committee during this Application Period are set forth in detail in Exhibit "B".  These time entries constitute only a general statement of the services and time expended without description of the pressures and constraints under which Klett Rooney actually rendered those services. The categories into which Klett Rooney has segregated its time, and certain services during specific mention, are set forth and briefly described below:

(A)    Asset Disposition - (Total Hours:  .7, Total Fees: $276.50)

14. This category involves sales, leases (§365 matters), abandonment and related transaction work.

(B) <u>Business Operations</u> - (Total Hours: 1.2, Total Fees: $474.00)

15. This category includes issues relating to debtors-in-possession operating in Chapter 11.

(C) <u>Case Administration</u> - (Total Hours: 5.1, Total Fees: $1,557.00)

16. This category relates to maintaining the docket and pleadings, filings with the Court, reviewing notices of appearances, maintaining services lists and contacts with the United States Trustee and handling general creditor inquiries.

(D) <u>Claims Administration & Objections</u> - (Total Hours: .2, Total Fees: $79.00)

17. This category includes handling specific claim inquiries, drafting, reviewing and revising bar date motions, as well as analyses and allowances of claims.

(E) <u>Fee/Employment Applications</u> - (Total Hours: 7.0, Total Fees: $2,068.00)

18. This category includes preparation of employment and fee applications for Klett Rooney or others, review of fee applications submitted by other professionals retained in these cases and motions to establish interim procedures.

(F) <u>Litigation</u> - Total Hours: 2.9, Total Fees: $1,063.50)

19. This category relates to litigation and adversary proceedings.

## REIMBURSEMENT OF EXPENSES

20. During the Application Period, Klett Rooney incurred certain necessary expenses in rendering legal services to the Debtors as set forth in Exhibit "C". Telecopying expenses that were carried out in-house by Klett Rooney were charged at $0.75 per page. In order

to more efficiently handle the voluminous copying of pleadings served and filed in this case, Klett Rooney on occasion retained third-party duplication service and messenger providers. Klett Rooney seeks reimbursement only for the actual expenses charged by and owed to such third-party services. Klett Rooney seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period in the total amount of $2,028.76.

## COMPENSATION REQUESTED

21.    Klett Rooney expended 17.1 hours during the Application Period in furtherance of its efforts on behalf of the Committee. Klett Rooney requests payment of compensation in the amount of $5,518.00 for legal services rendered during the Application Period at a blended hourly rate of $322.69, and pursuant to the Administrative Order, Klett Rooney further seeks reimbursement for actual, necessary expenses during the same period in the amount of $2,028.76. None of the requested fees and expenses detailed herein have been paid.

## LEGAL STANDARD

22.    Section 330(a)(1) of the Bankruptcy Code allows the payment of:

> (a)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

> (b)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is determined by the "market-driven approach" which considers the nature, extent and value of the services provided by the professional and the cost of comparable services in non-bankruptcy contexts. See Zolfo Cooper & Co., v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d

833, 849 (3d Cir. 1994). Thus, "the baseline rule is for firms to receive their customary rates." <u>Zolfo Cooper</u>, 50 F.3d at 259.

23.     In accordance with its practice in non-bankruptcy matters, Klett Rooney has calculated its compensation requested in this Application by applying its standard hourly rates. Klett Rooney's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in other large bankruptcy cases. Accordingly, Klett Rooney's rates should be determined to be reasonable under Section 330 of the Bankruptcy Code.

24.     Klett Rooney's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity and size of the Debtors' Chapter 11 cases and Klett Rooney's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar Chapter 11 cases. Accordingly, Klett Rooney's fees are reasonable pursuant to Section 330 of the Bankruptcy Code.

25.     Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. Klett Rooney's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Debtors' estates. Klett Rooney has properly requested reimbursement only of actual, necessary and appropriate legal expenses.

26.     No agreement or understanding exists between Klett Rooney and or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

27.     Pursuant to the standards set forth in Sections 330 and 331 of the Bankruptcy Code, Klett Rooney submits that the compensation requested is for actual and necessary services

and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which Klett Rooney actually rendered these services. The considerable challenge of these cases were attended to and managed by Klett Rooney at all levels, promptly, expertly, and often to the exclusion of other matters in Klett Rooney's office. Klett Rooney submits, therefore, that its fees and expenses were actual, necessary, reasonable, and justified, and should be allowed in full.

## NOTICE

28.     Notice of this Application has been given to: (a) the United States Trustee; (b) counsel to the Debtors; (c) parties required to be given notice in the Administrative Order; and (d) those entities having filed and served requests for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Klett Rooney submits that no other or further notice is required.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, Klett Rooney respectfully requests that the Court:  (i) grant the Application; and (ii) grant such further relief as may be appropriate.

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

By: _____
   Teresa K. D. Currier (No. 3080)
   Kathleen P. Makowski (No. 3648)
   1000 West Street, Suite 1410
   Wilmington, DE  19801
   (302) 552-4200

   Co-Counsel to the Official Committee of
   Equity Holders

Dated: December 28, 2001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JJF) |
| Debtors. | (Jointly Administered) |

## CERTIFICATION

Teresa K.D. Currier, an attorney admitted to practice before the courts of the State of Delaware, certifies that:

1.      I am a shareholder of Klett Rooney Lieber & Schorling, a Professional Corporation, ("Klett Rooney"). Klett Rooney was retained by the Committee as co-counsel pursuant to an order of this Court. This certification is made in support of the First Monthly Application of Klett Rooney Lieber & Schorling, Co-Counsel to the Official Committee of Equity Holders, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 dated December 28, 2001 (the "Application") and in compliance with Local Rule 2016-2 of this Court, setting forth the Contents of Application for Compensation and Expenses (the "Guidelines").

2.      I have read the Application and I certify that the Application complies with the Guidelines.

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

By: _____
Teresa K.D. Currier (No. 3080)
1000 West Street, Suite 1410
Wilmington, DE  19801
(302) 552-4200

Co-Counsel to the Official Committee of
Equity Holders

Dated: December 28, 2001