IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & Co., et al., | ) Case No. 01-1139 (JJF) |
| | ) |
| Debtor. | ) Jointly Administered |

**NOTICE OF FOURTH MONTHLY FEE APPLICATION REQUEST OF
CAPLIN & DRYSDALE, CHARTERED FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO
THE ASBESTOS PERSONAL INJURY CLAIMANTS COMMITTEE OF
W. R. GRACE & CO., ET AL.,
FOR THE PERIOD NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001**

Name of Applicant: Caplin & Drysdale, Chartered

Authorized to Provide Professional Services to: The Asbestos Personal Injury Claimants Committee of W. R. Grace & Co., et al.

Date of Retention: June 13, 2001 nunc pro tunc to April 12, 2001

Period for which Compensation and Reimbursement is sought: November 1, 2001 through November 30, 2001

Total Amount of Compensation sought as
actual, reasonable and necessary for applicable period:           $20,302.00 (80% of $25,377.50)

Total Amount of Expense Reimbursement
sought as actual, reasonable and necessary for applicable period       $    1,297.57

Total Amount of Compensation Paid as
actual, reasonable and necessary for applicable period:                 $        -0-

Total Amount of Expense Reimbursement Paid
as actual, reasonable and necessary for applicable period:              $        -0-

Total Amount of Holdback Fees Sought for applicable period:             $        -0-

#151887

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & Co., et al. | ) | Case No. 01-1139(JJF) |
| | ) | Jointly Administered |
| Debtor. | ) | |

## FOURTH MONTHLY APPLICATION OF CAPLIN & DRYSDALE, CHARTERED, COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:                                  Caplin & Drysdale, Chartered

Authorized to Provide
Professional Services to:                           The Official Committee of Asbestos
                                                    Claimants of the above-captioned debtor and
                                                    debtor-in-possession

Date of Retention:                                  June [13], 2001, nunc pro tunc
                                                    to April 12, 2001

Application Period for which
Compensation and
Reimbursement is sought:                            November 1, 2001
                                                    through November 30, 2001

Amount of Compensation
sought as actual,
reasonable and necessary:                           $20,702.00 (80% of $25,877.50)

Amount of Expense
Reimbursement sought as
actual, reasonable,
and necessary:                                      $1,297.57

This is an:          X  interim                 ____ final application

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & Co., et al. | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtor. | ) | |

## ORDER AWARDING COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

The Court considered the Fourth Monthly Application of Caplin & Drysdale, Chartered ("Caplin & Drysdale"), For Interim Compensation And Reimbursement Of Expenses As National Counsel to the Official Committee of Asbestos Claimants (the "Application"), which Application requests allowance and payment of compensation and reimbursement of expenses in accordance with §330 and §331 of the Bankruptcy Code, and it appearing that notice of the Application was duly given in accordance with the provisions of the Bankruptcy Rules, and no further notice being necessary, and upon the record being made before this Court, and after due deliberation, and sufficient cause appearing therefore, it is hereby;

ORDERED that the Debtor is directed to pay Caplin & Drysdale $20,702.00 (80% of $25,877.50) for professional services and reimburse Caplin & Drysdale $1,297.57 for expenses (to the extent not already paid pursuant to the Administrative Order).

Dated: _____, 2001      _____
                                     Judith K. Fitzgerald
                                     United States Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & Co., et al. | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtor. | ) | |

**FOURTH MONTHLY APPLICATION OF CAPLIN & DRYSDALE, CHARTERED, COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W. R. GRACE & CO.., ET AL., FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), the law firm of Caplin & Drysdale, Chartered ("Caplin & Drysdale") hereby submits this fourth monthly application ("Fourth Monthly Application") for an Order awarding it interim compensation for professional legal services rendered as national counsel to the Official Committee of Asbestos Personal Injury Claimants (the "Committee") of the debtor, W. R. Grace & Co., et al., ("Debtor"), in an amount of 80% of $25,377.50, or $20,302.00, together with reimbursement of Caplin & Drysdale's actual and necessary expenses incurred in the amount of $1,297.57, for the period commencing November 1, 2001 through and including November 30, 2001 (the "Application Period"). In support of this Fourth Monthly Application, Caplin & Drysdale respectfully represents as follows:

**I.   JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

DOC#151881

1

## II.    BACKGROUND

2.    On April 2, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3.    From the Petition Date through the date of this Fourth Monthly Application, the Debtor has continued to operate its businesses and manage its properties as debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On April 12, 2001, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5.    On May 3, 2001 the Committee filed and served its Application For Entry Of An Order Nunc Pro Tunc As Of April 12, 2001 authorizing the employment of Caplin & Drysdale as national counsel for the Committee. On June 13, 2001, the Court entered an order, approving the retention application.

## III.    RELIEF REQUESTED

6.    Through this Fourth Monthly Application, Caplin & Drysdale seek allowance and payment of 80% of $25,377.50, or $20,302.00 in fees for services rendered during the Application Period and reimbursement of $1,297.57 for reasonable and necessary expenses incurred during the Application Period. Thus, Caplin & Drysdale seeks allowance and payment in the total amount of $21,599.57.

7.    Caplin & Drysdale has received no payment and no promises for payment from any source for services rendered during the Application Period in connection with the case. There exists no agreement or understanding between Caplin & Drysdale and any other person for the sharing of any compensation to be received for services rendered by Caplin & Drysdale in the case.

2

DOC#151881

8.  All services for which compensation is requested by Caplin & Drysdale pursuant to this Application were performed for or on behalf of the Committee in this case.

9.  This is Caplin & Drysdale's Fourth Monthly Fee Application.

## IV.  SUMMARY OF SERVICES RENDERED

10. The professionals at Caplin & Drysdale who have provided services to or for the Committee in this case and their standard hourly rates during the Application Period were as follows:

| Name | Position | Years Experience | Rate |
| --- | --- | --- | --- |
| Elihu Inselbuch (EI) | Member | 39 | $630 |
| Peter V. Lockwood (PVL) | Member | 33 | $500 |
| Julie W. Davis (JWD) | Member | 21 | $365 |
| Trevor W. Swett (TWS) | Member | 19 | $360 |
| Rita C. Tobin (RCT) | Associate | 10 | $265 |
| Kimberly N. Brown (KNB) | Associate | 7 | $265 |
| Elyssa J. Strug (EJS) | Paralegal | 5 | $125 |
| Stacie M. Evans (SME) | Paralegal | 1 | $115 |
| Robert C. Spohn (RCS) | Paralegal | 7 | $135 |
| Samira A. Taylor (SAT) | Paralegal | 1 | $115 |

11. Caplin & Drysdale has maintained detailed records of the time spent in the rendition of professional services for the Committee during the Application Period. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of the monthly billing statement prepared for the services rendered in this case by Caplin & Drysdale (the "Billing

Statement"). The Billing Statement is in the same form regularly used by Caplin & Drysdale to bill its clients for services rendered and includes the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service. In addition, attached hereto as Exhibit B and incorporated herein by reference is a summary by category of the professional services provided during the Application Period.

12. As set forth on Exhibits A and B, Caplin & Drysdale rendered 81.0 hours of professional services during the Application Period, resulting in legal fees totaling $25,877.50 and associated reasonable and necessary expenses totaling $1,297.57.

13. The total value of the services rendered by Caplin & Drysdale as shown on Exhibit B, broken down among the persons rendering the services is as follows[*]:

| Name | Hours | Hourly Rate | Value |
| --- | --- | --- | --- |
| Elihu Inselbuch | 1.4 | $630 | $ 882.00 |
| Peter V. Lockwood | 24.0 | $500 | $ 10,750.00 |
| Julie W. Davis | 24.8 | $365 | $ 9,052.00 |
| Trevor W. Swett | .3 | $360 | $ 108.00 |
| Rita C. Tobin | 2.5 | $265 | $ 662.50 |
| Kimberly N. Brown | 3.7 | $265 | $ 980.00 |
| Elyssa J. Strug | 10.0 | $125 | $ 1,250.00 |
| Robert C. Spohn | 2.4 | $135 | $ 324.00 |
| Stacie M. Evans | 7.9 | $115 | $ 908.50 |

[*] Nonworking travel time is billed at one-half the attorney's usual hourly rate. See Exhibit A, Task Code .16 for breakdown.

4

| Samira A. Taylor | 4.0 | $115 | $ | 460.00 |
|---|---|---|---|---|
| **Total** | **81.0** | | $ | **25,377.50** |

14. Set forth below are the rates for the expenses incurred by Caplin & Drysdale for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items:

   a) Copy charges: Caplin & Drysdale charges $0.15 per page for copies and such charge is based on an analysis of the cost to Caplin & Drysdale to make a copy;

   b) Computer research charges: Caplin & Drysdale passes through on an exact cost basis all computer-assisted research charges; and

   c) Out-going facsimile charges: Caplin & Drysdale charges $0.15 for each page. These charges are based on an analysis of the cost to Caplin & Drysdale to send facsimile transmissions. Caplin & Drysdale does not pass through to its client's expenses or charges related to incoming facsimile transmissions.

15. Attached hereto as Exhibit C and incorporated herein by reference is a summary by category of the expenses incurred by Caplin & Drysdale for which reimbursement is requested. This information also appears on Exhibit A hereto. Further supporting documentation is available upon request.

16. The general areas in which Caplin & Drysdale has rendered professional services to the Committee during the Application Period in the Case may be broadly characterized as follows:

   a) providing legal advice with respect to the Committee's powers and duties as an official committee appointed under section 1102 of the Bankruptcy Code;

b) preparing on behalf of the Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

c) appearing in Court to present necessary motions, applications and pleadings and otherwise protecting the interests of the Committee; and

d) performing legal services for the Committee necessary and proper in these proceedings.

17. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

18. A cumulative summary of interim applications of Caplin & Drysdale, Chartered, for services rendered and reimbursement of expenses as counsel to the Committee is attached as Exhibit D.

19. Thus, through this Fourth Monthly Application, Caplin & Drysdale seeks payment of $20,702.00 (80% of $25,877.50) in fees and $1,297.57 in expenses. A Notice of Fourth Monthly Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002.

V.  ALLOWANCE OF COMPENSATION

20. Caplin & Drysdale have endeavored to represent the Committee in the most expeditious and economical manner possible. Further, the professionals at Caplin & Drysdale have coordinated their activities with co-counsel to avoid duplication of effort on behalf of the Committee in the case whenever possible.

WHEREFORE, Caplin & Drysdale, Chartered respectfully requests that the Court enter an Order approving this Application and directing payment of $20,702.00 (80% of $25,877.50) in fees

6

and reimbursement of $1,297.57 in expenses (to the extent not already paid pursuant to the Administrative Order), and for such other and further relief as the Court deems just and proper.

          CAPLIN & DRYSDALE, CHARTERED

          _____
          Elihu Inselbuch
          Rita C. Tobin
          Caplin & Drysdale, Chartered
          399 Park Avenue, 27th Floor
          New York, NY  10022-4614
          (212) 319-7125

          National Counsel for Official Committee
          Of Asbestos Claimants

Dated:  December 14, 2001