IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: January 22, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: Only if Objections are timely filed** |

## NOTICE OF APPLICATION

TO:   PARTIES ON ATTACHED SERVICE LIST

Ferry & Joseph, P.A. has filed its Seventh Application for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Asbestos Property Damage Claimants for the Period of October 1, 2001 through November 30, 2001.

Objections or responses, if any, to the attached application must be filed on or before January 22, 2002 at 4:00 p.m., with the United States Bankruptcy Court for the District of Delaware.

At the same time, any objection or response must be served upon the undersigned counsel and the persons listed on the attached service list.

HEARING ON THE MOTION WILL BE HELD AT A TIME TO BE DETERMINED ONLY IF AN OBJECTION IS TIMELY FILED AND SERVED.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

FERRY & JOSEPH, P.A.


  /s/Rick S. Miller
Michael B. Joseph (#392)
Theodore J. Tacconelli (#2678)
Rick S. Miller (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE. 19899
(302) 575-1555
Counsel to the Official Committee of Asbestos
Property Damage Claimants

Dated: January 2, 2002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**SEVENTH APPLICATION OF FERRY & JOSEPH, P.A. FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS
PROPERTY DAMAGE CLAIMANTS FOR THE
PERIOD OF OCTOBER 1, 2001 THROUGH NOVEMBER 30, 2001**


Name of Applicant:                          Ferry & Joseph, P.A.

Authorized to provide
professional services to:                   Official Committee of Asbestos Property Damage
                                            Claimants

Date of retention:                          April 18, 2001

Period for which compensation and
reimbursement is sought:                    October 1, 2001 through November 30, 2001

Amount of compensation sought
as actual reasonable and necessary:         $16,325.00

Amount of expense reimbursement
sought as actual reasonable and
necessary:                                  $4,495.30

This is an:  X  interim ___ final application

The total time expended for fee application preparation during this fee period is approximately 16.0 hours and the corresponding compensation requested is approximately $1,596.50.

Prior Applications:

|  |  | Requested |  | Approved |  |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period | Fees | Expenses | Fees | Expenses |
| 7/10/01 | 4/18/01-4/30/01 | $1,476.00 | $26.00 | Pending | Pending |
| 7/10/01 | 5/1/01-5/31/01 | $6,276.50 | $2,708.31 | Pending | Pending |
| 7/30/01 | 6/1/01-6/30/01 | $11,251.00 | $1,643.75 | Pending | Pending |
| 09/05/01 | 7/1/01 - 07/31/01 | $11,833.00 | $2,538.98 | Pending | Pending |
| 10/01/01 | 08/01/01 - 08/31/01 | $6,068.00 | $1,391.31 | Pending | Pending |
| 10/30/01 | 09/01/01 - 09/30/01 | $6,048.00 | $2,258.87 | Pending | Pending |

ATTACHMENT B

| Name of professional person | Position of the Applicant, Number of Years in Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael B. Joseph | Partner, 25, Various, 1976, Bankruptcy | $300.00 | 0.0 | $0.00 |
| Theodore J. Tacconelli | Associate, 13, Various, 1988, Bankruptcy, Commercial Litigation | $200.00 | 50.9 | $10,180.00 |
| Rick S. Miller | Associate, 5, 1995, Various, Bankruptcy, General Litigation | 10/01/01- 10/31/01 $160.00 11/01/01 - 11/30/01 $175.00 | 24.1 | $4,129.00 |
| Lisa L. Coggins | Legal Assistant, <1 year | $80.00 | 25.2 | $2,016.00 |
| Grant Total: | | | 100.2 | $16,325.00 |
| Blended Rate: | | | | $162.92 |

COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration/General | 50.1 | $8,085.50 |
| Fee Applications | 16 | $1,596.50 |
| Litigation | 17.1 | $3,420.00 |
| Retention of Professionals | 6.5 | $1,240.00 |
| Committee Mtgs. and Teleconferences | 9.9 | $1,863.00 |
| Court Hearings | .6 | $120.00 |
| Travel Time | 0.00 | $0.00 |

EXPENSE SUMMARY

| EXPENSE CATEGORY | PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Computer Legal Research | Lexis | $78.42 |
| Facsimile ($1.00 per page) | Ferry & Joseph, P.A. | $182.00 |
| In-House Reproduction | Ferry & Joseph, P.A. | $926.55 |
| Outside Reproduction | Reliable Copy / Parcels | $1,786.71 |
| Document Service and Retrieval | Parcels | $0.00 |
| Filing/Court Fees | | $0.00 |
| Out-of-Town Travel | Hotel and Airfare | $635.17 |
| Courier & Express Carriers | Federal Express; Tri-State | $422.50 |

| Postage | | $122.13 |
|---|---|---|
| Other (Explain) | Hearing Transcript | $242.86 |
| Other (Explain) | Working Meal | $6.70 |
| Other (Explain) | Web Pacer | $92.26 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: January 22, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: Only if Objections are timely filed** |

**SEVENTH APPLICATION OF FERRY & JOSEPH, P.A. FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS
PROPERTY DAMAGE CLAIMANTS FOR THE
PERIOD OF OCTOBER 1, 2001 THROUGH NOVEMBER 30, 2001**

Ferry & Joseph, P.A. ("applicant"), counsel to the Official Committee of Asbestos Property Damage Claimants ("the PD Committee") of W.R. Grace & Co. ("Grace") and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors') in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for a seventh interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

**I. Introduction**

1. Applicant, as counsel to the PD Committee, seeks (i) an interim allowance of compensation for the professional services rendered by applicant as counsel for the PD Committee from October 1, 2001 through November 30, 2001 ("the Seventh Monthly Period") in the aggregate amount of $16,325.00 representing 100.2 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the applicant during the Seventh Monthly Period in connection with the

rendition of such professional services in the aggregate amount of $4,495.30.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## II. Background

3. On April 2, 2001, each of the debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of applicant as its local Delaware counsel.

5. By application dated June 22, 2001, applicant sought Court approval for its retention as counsel to the PD Committee *nunc pro tunc* to April 18, 2001. The Court signed the Order approving the retention on June 22, 2001.

6. This is the seventh application applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001 ("the Administrative Fee Order").

9. Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between

applicant and any other person for the sharing of compensation to be received hereunder.

10.  As stated in the Affidavit of Rick S. Miller, Esquire, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

11.  In accordance with Local Rule 2016-2 dated February 1, 2001 and the Administrative Fee Order, and to assist the Court, the debtors, the Trustee and other parties in interest in evaluating this application for compensation, the primary services performed by applicant during the Seventh Monthly Period are summarized in the Summary attached hereto as Exhibit "B."  The summary reflects certain services of major importance which required the special attention, efforts and skill of applicant. Applicant's services throughout the Seventh Monthly Period have been valuable to the PD Committee in providing advice and counsel as well as the preparation, service and filing of various administrative and substantive litigation pleadings and papers in conformity with Delaware bankruptcy practice and the Rules of this Court.

12.  In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the attorneys and paraprofessionals and their corresponding names, year of admission, hourly rates and the number of hours incurred by each is set forth on Attachment B.  The hourly rates reflect what applicant generally charges its other clients for similar services.  An itemization including identification of services performed by the attorneys sorted by date and time keeper is attached hereto as Exhibit "C," which also contains a statement of applicant's disbursements, necessarily incurred in the performance of applicant's duties as counsel to the PD Committee.

13.  Applicant has worked closely with the PD Committee's primary counsel, Bilzin Sumberg

Dunn Baena Price & Axelrod, LLP to avoid unnecessary duplication of services.

### IV. Conclusion

14. Applicant has necessarily and properly expended 100.2 hours of services in the performance of its duties as counsel to the PD Committee during the Seventh Monthly Period. Such services have a fair market value of $16,325.00. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

15. In addition, applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $4,495.30 for which it respectfully requests reimbursement in full.

16. Applicant charges $.15 per page for in-house photocopying services. Applicant charges the actual cost from the vendor for out-sourced photocopying and document retrieval, and computerized legal research. Applicant charges $1.00 per page for out-going facsimile transmissions, and does not charge for in-coming facsimiles.

17. Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this application for interim compensation complies therewith.

18. Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE applicant respectfully requests pursuant to the Administrative Fee Order:

a) the allowance of compensation for professional services rendered to the PD Committee during the period of October 1, 2001 through November 30, 2001 in the amount of $16,325.00.

b) the reimbursement of applicant's out-of-pocket expenses incurred in connection with the

rendition of such services during the period of October 1, 2001 through November 30, 2001 in the amount of $4,495.30, and.

    c) payment by the debtor as interim compensation to applicant 80% of the amount of the professional services allowed and 100% of the expenses allowed herein, subject to final payment of the full amount.

                            FERRY & JOSEPH, P.A.

                            /s/ Rick S. Miller
                            Michael B. Joseph (#392)
                            Theodore J. Tacconelli (#2678)
                            Rick S. Miller (#3418)
                            824 Market Street, Suite 904
                            P.O. Box 1351
                            Wilmington, DE. 19899
                            (302) 575-1555
                            Counsel to the Official Committee of Asbestos
                            Property Damage Claimants

Dated: January 2, 2002

## **CERTIFICATE OF SERVICE**

        I, Rick S. Miller, Esquire, hereby certify that on this 2nd day of January, 2002, I caused one copy of the Seventh Application of Ferry & Joseph, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Asbestos Property Damage Claimants for the Period of October 1, 2001 through November 30, 2001 to be served to the following persons in the indicated manner:

        SEE ATTACHED SERVICE LIST

        Upon penalty of perjury I declare that the foregoing is true and correct.

        /s/Rick S. Miller
        Rick S. Miller, Esquire (#3418)

SERVICE LIST

**By hand:**

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE 19801

Matthew G. Zaleski, III, Esquire
Campbell & Levine
Chase Manhatten Centre, 15th Flr.
1201 N. Market Street
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
Wilmington, DE 19801

Frank J. Perch, Esquire
Office of the U.S. Trustee
844 King Street, Room 2313
Wilmington, DE 19801

Teresa K.D. Currier, Esquire
Klett Rooney Leber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**By First Class Mail:**

Hamid R. Rafatjoo, Esquire
Pachulski Stang Ziehl Young & Jones
10100 Santa Monica Blvd.
Los Angeles CA 90067-4100

James H.M. Sprayregen, Esquire
James W. Kapp, III, Esquire
Kirkland & Ellis

200 East Randolph Drive
Chicago, IL 60601


Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago IL 60606

Lewis Kruger, Esquire
Stroock Stroock and Lavan
180 Maiden Lane
New York NY 10038-4982

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami FL 33131

William S. Katchen, Esquire
Duane Morris & Heckscher
1 Riverfront Plaza, 2d Floor
Newark NJ 07102

Thomas Moers Mayer, Esquire
Kramer, Levin, Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

David B. Siegel, Esquire
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia MD 21044