IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Due By: January 29, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: May 20, 2002 at 10:00 a.m. (if necessary)** |

**SECOND QUARTERLY INTERIM APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR JULY 1, 2001, THROUGH SEPTEMBER 30, 2001**

Name of Applicant:  Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J").

Authorized to Provide Professional Services to:  The above-captioned debtors and debtors-in-possession.

Date of Retention: May 3, 2001

Period for which Compensation and Reimbursement is Sought: July 1, 2001 through September 30, 2001.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation Sought as Actual, Reasonable and Necessary: $39,606.00

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $50,845.83

This is a: _____ monthly __X__ quarterly __X__ interim _____ final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 4/2/01-4/30/01 | $62,472.75 | $23,277.13 | $62,472.75 | $23,277.13 |
| 08/09/01 | 5/1/01-5/31/01 | $29,929.00 | $15,670.64 | $29,929.00 | $15,670.64 |
| 09/07/01 | 6/1/01-6/30/01 | $30,195.50 | $37,763.45 | $30,195.50 | $37,763.45 |
| 09/11/01 | 7/1/01-7/31/01 | $17,040.50 | $20,323.76 | $17,040.50 | $20,323.76 |
| 10/31/01 | 8/1/01-8/31/01 | $ 9,407.50 | $20,486.61 | $ 9,407.50 | $20,486.61 |
| 11/13/01 | 9/1/01-9/30/01 | $13,158.00 | $10,035.46 | $13,158.00 | $10,035.46 |
| 11/27/01 | 10/1/01-10/31/01 | $13,420.75 | $ 8,922.92 | $13,420.75 | $ 8,922.92 |

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $455.00 | 11.10 | $ 5,050.50 |
| Ira D. Kharasch | Shareholder 1987; Member of CA Bar, 1982 | $445.00 | 2.40 | $ 1,068.00 |
| Hamid R. Rafatjoo | Associate 2000; Member of CA Bar since 1995 | $295.00 | 15.30 | $ 4,513.50 |
| Michael R. Seidl | Associate 2000; Member of DE Bar since 2000; Member of DC Bar since 1996 | $245.00 | .40 | $ 98.00 |
| David W. Carickhoff | Associate 2000; Member of DE Bar since 1998 | $245.00 | 84.70 | $20,751.50 |
| Christopher J. Lhulier | Associate 2000; Member of DE Bar somce 1999 | $225.00 | .30 | $ 67.50 |
| Rachel S. Lowy | Associate 2000; Member of DE Bar since 1998 | $225.00 | 2.10 | $ 472.50 |
| Peter J. Duhig | Associate 2001; Member of DE Bar since 2001 | $195.00 | .90 | $ 175.50 |
| Laurie A. Gilbert | Paralegal since 1983 | $125.00 | .20 | $ 25.00 |
| Kathe F. Finlayson | Paralegal since 1986 | $120.00 | .90 | $ 108.00 |
| Karina K. Yee | Paralegal since 1996 | $115.00 | 6.20 | $ 713.00 |
| Cherie L. Hare | Paralegal since 1993 | $115.00 | 2.60 | $ 299.00 |
| Patricia E. Cuniff | Paralegal since 1998 | $105.00 | 31.00 | $ 3,255.00 |
| Amy L. Espinosa | Paralegal since 1998 | $105.00 | .60 | $ 63.00 |
| Cheryl A. Knotts | Paralegal since 2000 | $105.00 | 2.10 | $ 220.50 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 55.00 | 1.00 | $ 55.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 45.00<br>$ 55.00 | .30<br>1.50 | $ 13.50<br>$ 82.50 |
| Helen D. Martin | Case Management Assistant 2000 | $ 45.00 | 2.10 | $ 94.50 |

---

[2] Some professional time that was spent during the Interim Period is reflected in the Seventh Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period from October 1, 2001 through October 31, 2001.

| Violet E. Mobley | Case Management Assistant 2000 | $ 30.00 | 4.20 | $ 126.00 |
| | | $ 50.00 | 4.60 | $ 230.00 |
| Ashley L. Grasty | Case Management Assistant 2001 | $ 30.00 | 28.00 | $ 840.00 |
| Brian Slough | Case Management Assistant 2001 | $ 30.00 | 2.00 | $ 60.00 |

Total Fees:    $39,606.00

Total Hours:   215.90

Blended Rate: $183.45

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours (7/01/01 through 9/30/01) | Total Fees Requested (7/01/01 through 9/30/01) |
|---|---|---|
| Asset Disposition | 3.20 | $ 868.00 |
| Bankruptcy Litigation | 5.90 | $ 1,774.50 |
| Case Administration | 104.30 | $12,250.50 |
| Claims Administration/Objection | 9.00 | $ 2,410.00 |
| Compensation of Professionals | 42.60 | $10,191.50 |
| Employee Benefit/Pension | .30 | $ 88.50 |
| Executory Contracts | 2.80 | $ 658.00 |
| Financial Filings | 6.20 | $ 1,407.00 |
| Litigation (non-bankruptcy) | 8.70 | $ 2,047.50 |
| Meeting of Creditors | .50 | $ 227.50 |
| Plan & Disclosure Statement | 3.60 | $ 924.00 |
| Retention of Professionals | 18.70 | $ 4,181.50 |
| Stay Litigation | 8.40 | $ 2,098.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) (7/01/01 through 9/30/01) | Total Expenses (7/01/01 through 9/30/01) |
|---|---|---|
| Facsimile ($1.00/page) | | $ 2,401.00 |
| Reproduction ($.15 per page) | | $35,591.38 |
| Express Mail | Federal Express | $ 5,502.99 |
| Delivery/Courier Service | Parcels, Inc./TriState | $ 3,670.64 |
| Postage | U.S. Mail | $ 5,792.10 |
| Working Meals | Greenery | $ 87.97 |
| Travel Expense | Eagle | $ 238.05 |
| Transcript | Valerie J. Gunning | $ 76.87 |
| Overtime | | $ 334.83 |
| Court Imaging | U.S. Bank. Court | $ 150.00 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

**SECOND QUARTERLY INTERIM APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR JULY 1, 2001, THROUGH SEPTEMBER 30, 2001**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim

Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Administrative Order"), the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J") hereby files this Second Quarterly Interim Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation and for Reimbursement of Expenses for July 1, 2001, through September 30, 2001 (the "Second Quarterly Fee Application"). By this Second Quarterly Fee Application PSZY&J seeks the interim allowance of compensation in the amount of $39,606.00 and reimbursement of actual and necessary expenses in the amount of $50,845.83 for a total of $90,451.83, or 100% of all compensation and expense reimbursement requested, for the period July 1, 2001, through September 30, 2001 (the "Interim Period"). In support of this Second Quarterly Fee Application, PSZY&J respectfully represents as follows:

## Background

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.  By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZY&J as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZY&J at PSZY&J's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.  On May 3, 2001, the Court entered its Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. Pursuant to the procedures set forth in that Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional.

## Monthly Fee Applications Covered Herein

6. Prior to the filing of this Second Quarterly Fee Application, the April through October 2001 monthly fee applications of PSZY&J had been filed with the Court pursuant to the Administrative Order. PSZY&J has also filed the First Quarterly Interim Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation and for Reimbursement of Expenses for April 2, 2001, through June 30, 2001. The July, August, and September 2001 monthly applications are the subject of this Second Quarterly Fee Application.

7. On or about September 11, 2001, PSZY&J filed the Fourth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From July 1, 2001 through July 31, 2001 (the "Fourth Application," Docket No. 999), requesting $17,040.50 in fees and $20,323.76 in expenses. The Fourth Application is attached hereto as Exhibit A. No objections were received with respect to the Fourth Application, and a certificate of no objection was filed on 10/31/01, 2001 (Docket No. 1063). PSZY&J received a payment of $33,956.16 on the Fourth Application pursuant to the Administrative Order.

8. On or about October 31, 2001, PSZY&J filed its Fifth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From August 1, 2001 through August 31, 2001 (the "Fifth Application," Docket No. 1060), requesting $9,407.50 in fees and $20,486.61 in expenses. The Fifth Application is attached hereto as Exhibit B. No objections were received with respect to the Fifth Application, and a certificate of

no objection was filed on 11/28/01, 2001 (Docket No. 1258). PSZY&J received a payment of $28,012.61 on the Fifth Application pursuant to the Administrative Order.

9. On or about November 13, 2001, PSZY&J filed its Sixth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From September 1, 2001 through September 30, 2001 (the "Sixth Application," Docket No. 1111) requesting $13,158.00 in fees and $10,035.46 in expenses. The Sixth Application is attached hereto as Exhibit C. The period within which parties may object to the Sixth Application has not yet expired. PSZY&J has received no payment on the Sixth Application pursuant to the Administrative Order.

10. The monthly fee applications covered by this Second Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZY&J during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

### Requested Relief

11. By this Second Quarterly Fee Application, PSZY&J requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZY&J from July 1, 2001, through September 30, 2001.[2] As stated above, the full scope of the services provided and the

---

[2] PSZY&J reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

12. At all relevant times, PSZY&J has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13. All services for which compensation is requested by PSZY&J were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14. During the Interim Period, PSZY&J has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZY&J and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15. The professional services and related expenses for which PSZY&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZY&J's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZY&J's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZY&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of July 1, 2001, through September 30, 2001, an allowance be made to PSZY&J in the sum of $39,606.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $50,845.83 for reimbursement of actual and necessary costs and expenses incurred, for a total of $90,451.83, that Debtors be authorized and directed to pay to PSZY&J the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: December 28, 2001

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_/s/ Laura Davis Jones_

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession