IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUMMARY OF THE VERIFIED APPLICATION OF CASNER & EDWARDS, LLP
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL LITIGATION COUNSEL TO DEBTORS
FOR THE SECOND INTERIM PERIOD FROM
NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001**

Name of Applicant:

Casner & Edwards, LLP

Authorized to Provide Professional Services to:

W. R. Grace & Co., et al., Debtors and
Debtors-in-Possession

Date of Retention:

September 18, 2001,
effective as of September 18, 2001

Period for which compensation and
reimbursement is sought:

November 1, 2001 through November 30,
2001

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation sought as actual,      $117,210.00
reasonable, and necessary:

This is an:   X monthly    __ interim    __ final application

Prior Applications filed: Yes.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 12/04/01 | 9/18/01 through 10/31/01 | $25,904.00 | $3,139.72 | No objections served on counsel | No objections served on counsel |
| 12/31/01 | 11/01/01 through 11/30/01 | $117,210.00 | $6,571.15 | Pending | Pending |

As indicated above, this is the second application for interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases.[2]

The total time expended for the preparation of this application is approximately 11.0 hours, and the corresponding estimated compensation that will be requested in a future application is approximately $2,145.00.

The Casner attorneys and paraprofessionals who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Robert A. Murphy | Partner | 35 | Litigation | $195.00 | 38.7 | $7,546.50 |
| Matthew T. Murphy | Associate | 14 | Litigation | $165.00 | 80.4 | $13,266.00 |
| Name of Professional Person | Position with the applicant | Number of years in the position | Department | Hourly billing rate | Total billed hours | Total compensation |
| Angela R. Anderson | Paralegal | 18 | Litigation | $75.00 | 109.0 | $8,175.00 |

---

[2] Any capitalized terms not defined herein have the meaning ascribed to them in the Verified Application of Casner & Edwards LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors, for the Interim Period from November 1, 2001 through November 30, 2001.

| Joseph K. Winrich | Paralegal | 14 | Corporate | $75.00 | 1.1 | $82.50 |
|---|---|---|---|---|---|---|
| Gary R. Bellinger | Temporary Paralegal | 1 | Litigation | $75.00 | 142.0 | $10,650.00 |
| Frank O. Ashenuga | Temporary Paralegal | 6 | Litigation | $75.00 | 144.0 | $10,800.00 |
| Eugene D. Krass | Temporary Paralegal | 5 | Litigation | $75.00 | 145.0 | $10,875.00 |
| Maria Patracea Scialla | Temporary Paralegal | 2 | Litigation | $75.00 | 143.6 | $10,770.00 |
| Brian R. Hachey | Temporary Paralegal | 3 | Litigation | $75.00 | 132.0 | $9,900.00 |
| Stephen M. Scialla | Temporary Paralegal | 2 | Litigation | $75.00 | 80.0 | $6,000.00 |
| Edward K. Law | Temporary Paralegal | 3 | Litigation | $75.00 | 136.0 | $10,200.00 |
| Steven Bailey Jr. | Temporary Paralegal | 3 ½ | Litigation | $75.00 | 32.0 | $2,400.00 |
| Ariana Kushak | Temporary Paralegal | 3 | Litigation | $75.00 | 32.0 | $2,400.00 |
| James D. Leaver | Temporary Paralegal | 2 ½ | Litigation | $75.00 | 23.5 | $1,762.50 |
| Risa Peris | Temporary Paralegal | 3 | Litigation | $75.00 | 31.0 | $2,325.00 |
| Amy Preble | Temporary Paralegal | 2 | Litigation | $75.00 | 24.3 | $1,822.50 |
| Sonya Staton | Temporary Paralegal | 5 | Litigation | $75.00 | 21.0 | $1,575.00 |
| A. Brock Edmunds | Temporary Paralegal | 10 | Litigation | $75.00 | 31.3 | $2,347.50 |
| Christine DiSaia | Temporary Paralegal | 4 | Litigation | $75.00 | 27.0 | $2,025.00 |
| Danny Factor | Temporary Paralegal | 4 | Litigation | $75.00 | 30.50 | $2,287.50 |

**Total Fees:**     **$117,210.00**

Expense Summary

| Description | Amount |
|---|---|
| Telephone | $40.15 |
| Postage | $4.98 |
| Federal Express | $261.92 |
| Outside Photocopying | $5,276.50 |
| Photocopying | $604.20 |
| Miscellaneous | $383.40 |

**Total:**        **$6,571.15**

Dated:  December 31, 2001

CASNER & EDWARDS, LLP

Robert A. Murphy (BBO #363700)
One Federal Street
Boston, MA  02110
(617) 426-5900

Special Litigation Counsel

50000.0/201725

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## VERIFIED APPLICATION OF CASNER & EDWARDS, LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO DEBTORS FOR THE SECOND INTERIM PERIOD FROM NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Casner & Edwards, LLP ("Applicant" or "Casner"), Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $117,210.00 for the reasonable and necessary legal services Casner has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Casner incurred in the amount of $6,571.15 (the "Application"), for the period from November 1, 2001, through November 30, 2001 (the "Fee Period"). In support of this Application, Casner respectfully states as follows:

### Retention and Continuing Disinteredness of Casner

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 18, 2001, the Debtors were authorized by the Court to retain Casner as Special Litigation Counsel, effective as of the Petition Date ("Retention Order"). This Retention Order authorizes the Debtors to compensate Casner at Casner's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court. On May 3,

2001, this Court entered the Interim Compensation Order, pursuant to which this Fee Application is being filed.

3.    As disclosed in the Affidavit of Robert A. Murphy in Support of the Application of the Debtors to employ Casner & Edwards, LLP as Special Litigation Counsel to the Debtors, (the "Murphy Affidavit"), filed August 13, 2001, Casner does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

4.    Casner may in the past have represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Casner disclosed in the Murphy Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Casner will update the Murphy Affidavit when necessary and when Casner becomes aware of any material new information.

5.    This is the second application for interim compensation for services rendered that Casner has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

**Reasonable and Necessary Services Rendered by Casner**

6.    The Casner attorneys who rendered professional services in the Chapter 11 Cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Robert A. Murphy | Partner | 35 | Litigation | $195.00 | 38.7 | $7,546.50 |
| Matthew T. Murphy | Associate | 14 | Litigation | $165.00 | 80.4 | $13,266.00 |

3

The Casner paraprofessionals who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in the position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Angela R. Anderson | Paralegal | 18 | Litigation | $75.00 | 109.0 | $8,175.00 |
| Joseph K. Winrich | Paralegal | 14 | Corporate | $75.00 | 1.1 | $82.50 |
| Gary R. Bellinger | Temporary Paralegal | 1 | Litigation | $75.00 | 142.0 | $10,650.00 |
| Frank O. Ashenuga | Temporary Paralegal | 6 | Litigation | $75.00 | 144.0 | $10,800.00 |
| Eugene D. Krass | Temporary Paralegal | 5 | Litigation | $75.00 | 145.0 | $10,875.00 |
| Maria Patracea Scialla | Temporary Paralegal | 2 | Litigation | $75.00 | 143.6 | $10,770.00 |
| Brian R. Hachey | Temporary Paralegal | 3 | Litigation | $75.00 | 132.0 | $9,900.00 |
| Stephen M. Scialla | Temporary Paralegal | 2 | Litigation | $75.00 | 80.0 | $6,000.00 |
| Edward K. Law | Temporary Paralegal | 3 | Litigation | $75.00 | 136.0 | $10,200.00 |
| Steven Bailey Jr. | Temporary Paralegal | 3 ½ | Litigation | $75.00 | 32.0 | $2,400.00 |
| Ariana Kushak | Temporary Paralegal | 3 | Litigation | $75.00 | 32.0 | $2,400.00 |
| James D. Leaver | Temporary Paralegal | 2 ½ | Litigation | $75.00 | 23.5 | $1,762.50 |
| Risa Peris | Temporary Paralegal | 3 | Litigation | $75.00 | 31.0 | $2,325.00 |
| Amy Preble | Temporary Paralegal | 2 | Litigation | $75.00 | 24.3 | $1,822.50 |
| Sonya Staton | Temporary Paralegal | 5 | Litigation | $75.00 | 21.0 | $1,575.00 |
| A. Brock Edmunds | Temporary Paralegal | 10 | Litigation | $75.00 | 31.3 | $2,347.50 |

| Christine DiSaia | Temporary Paralegal | 4 | Litigation | $75.00 | 27.0 | $2,025.00 |
| Danny Factor | Temporary Paralegal | 4 | Litigation | $75.00 | 30.50 | $2,287.50 |

**Total Fees:**    **$117,210.00**

7.    Each of the persons who has performed service herein has kept daily time records setting forth the services and time expended in connection herewith.

8.    The rates described above are Casner's hourly rates for services of this type. Attached as Exhibit A is a detailed itemization and description of the services that Casner rendered during the Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $117,210.00 [80% = $93,768.00]. The Casner attorneys and paraprofessionals expended a total of 1,404.40 hours for these cases during the Fee Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9.    Further, Exhibit A (a) identifies the individuals that rendered the service, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

### Actual and Necessary Expenses

10.    It is Casner's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is Casner's policy to charge its clients only the amount actually incurred by Casner in connection with such items. Examples of such

expenses are postage, long-distance telephone charges, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals and lodging. With respect to airfare expense, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

11.     Casner charges: (a) $0.12 per page for duplication. Casner does not charge clients for telecopier transmissions (other than related toll charges) or for incoming telecopier transmissions.

12.     A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by Casner on the Debtors' behalf during the Fee Period is attached hereto as Exhibit B. All of these disbursements comprise the requested sum for Casner's out-of-pocket expenses, totaling $6,571.15.

<strong>Representations</strong>

13.     Casner believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

14.     The fees and expenses addressed in this Application have been presented to and reviewed by the Debtors prior to the filing of this Application.

15.     Casner performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16.     Casner has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, except to the extent that Casner has received payments from the Debtors for services rendered as ordinary course professionals.

17.    Pursuant to Fed. R. Bank. P. 2016(b), Casner has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Casner or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

18.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays.  Casner reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, for the reasons set forth above, Applicant respectfully requests this Court to enter an order allowing, authorizing and directing payment of interim compensation in the amount of $117,210.00 [80% = $93,768.00] for legal services rendered on behalf of Debtors during the period November 1, 2001 through November 30, 2001 and reimbursement of expenses incurred during the same period in the amount of $6,571.15.

Dated:  December 31, 2001

CASNER & EDWARDS, LLP

Robert A. Murphy (BBO #363700)
One Federal Street
Boston, MA  02110
(617) 426-5900

Special Litigation Counsel

50000.0/201725

7