IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| | : | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

**NOTICE OF QUARTERLY INTERIM FEE APPLICATION OF
PITNEY, HARDIN, KIPP & SZUCH LLP
FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES FOR THE 2ND INTERIM FEE
PERIOD JULY 1, 2001 THROUGH SEPTEMBER 30, 2001**

Name of Applicant:  **Pitney, Hardin, Kipp & Szuch LLP**

Authorized to Provide  **W. R. GRACE & CO., *et al*.**
Professional Services to:

Date of Retention:  **May 30, 2001 (*nunc pro tunc to
April 2, 2001*)**

Period for which compensation  **July 1, 2001 – September 30, 2001**
and reimbursement is sought:

Amount of Compensation sought  **$186,646.50**
as actual, reasonable and
necessary:

Amount of Expense  **$  30,505.83**
Reimbursement sought as
actual, reasonable and
necessary

This is a:  __monthly   **X** quarterly interim  __final application

The total time expended for fee application preparation is
approximately 25 hours and the corresponding compensation
requested is approximately $2,300.00.[1]

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |

---

[1] Applicant will apply to recover compensation relating to this Fee Application in a subsequent application.

804356A05112601

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 14, 2001 #793 CNO filed September 20, 2001 #943 | 4/2/01- 4/30/01 | $13,859.50 | $7,239.68 | Approved@ 80% ($11,087.60) | Approved @ 100% |
| August 14, 2001 #794 CNO filed September 20, 2001 #944 | 5/1/01- 5/31/01 | $37,837.50 | $10,539.48 | Approved @ 80% ($30,270.00) | Approved @ 100% |
| August 14, 2001 #795 CNO filed September 20, 2001 #946 | 6/1/01- 6/30/01 | $29,079.00 | $10,548.57 | Approved @ 80% ($23,260.30) | Approved @ 100% |
| August 14, 2001 #796 (Quarterly Fee Application) | 4/2/01 – 6/30/01 | $80,776.00 | $28,327.73 | Pending | Pending |
| September 27, 2001 #967 Amended Exhibit B October 30, 2001 #1050 CNO October 31, 2001 #1062 | 7/1/01- 7/31/01 | $33,349.00 Voluntarily Reduced to $32,429.00 | $11,075.18 | Approved @80% ($25,943.20) | Approved @ 100% |
| October 30, 2001 #1046 | 8/1/01- 8/31/01 | $60,105.00 | $ 8,715.77 | Approved @80% ($48,084.00) | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Pending | 9/1/01- 9/30/01 | $94,112.50 | $10,714.88 | | |

PITNEY, HARDIN, KIPP & SZUCH LLP

Dated:  Florham Park,
        New Jersey
        November 26, 2001

By: _Anthony J. Marchetta_ (signature)
Anthony J. Marchetta, Esq.
Scott A. Zuber, Esq.
P.O. Box 1945
Morristown, NJ 07962-1945
(973) 966-6300
Special Counsel to Debtors

804356A05112601

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| | : | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

### NOTICE OF QUARTERLY INTERIM FEE APPLICATION OF
### PITNEY, HARDIN, KIPP & SZUCH LLP
### FOR SERVICES RENDERED AND REIMBURSEMENT
### OF EXPENSES FOR THE 2ND INTERIM FEE PERIOD
### JULY 1, 2001 THROUGH SEPTEMBER 30, 2001

Name of Applicant:  **Pitney, Hardin, Kipp & Szuch LLP**

Authorized to Provide  **W. R. GRACE & CO., *et al*.**
Professional Services to:

Date of Retention:  **May 30, 2001 (*nunc pro tunc to April 2, 2001*)**

Period for which compensation  **July 1, 2001 – September 30, 2001**
and reimbursement is sought:

Amount of Compensation sought  **$186,646.50**
as actual, reasonable and
necessary:

Amount of Expense Reimbursement  **$ 30,505.83**
sought as actual, reasonable
and necessary

This is a: ___ monthly  X quarterly interim  __final application

The total time expended for fee application preparation is
approximately 25 hours and the corresponding compensation
requested is approximately $2,300.00.[1]

| | | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| Date Filed Docket No. | Period Covered | Fees | Expenses | Fees | Expenses |

---

[1] Applicant will apply to recover compensation relating to this Fee Application in a subsequent application.

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 14, 2001 #793 CNO filed September 20, 2001 #943 | 4/2/01-4/30/01 | $13,859.50 | $7,239.68 | Approved@ 80% ($11,087.60) | Approved @ 100% |
| August 14, 2001 #794 CNO filed September 20, 2001 #944 | 5/1/01-5/31/01 | $37,837.50 | $10,539.48 | Approved @ 80% ($30,270.00) | Approved @ 100% |
| August 14, 2001 #795 CNO filed September 20, 2001 #946 | 6/1/01-6/30/01 | $29,079.00 | $10,548.57 | Approved @ 80% ($23,260.30) | Approved @ 100% |
| August 14, 2001 #796 (Quarterly Fee Application) | 4/2/01 – 6/30/01 | $80,776.00 | $28,327.73 | Pending | Pending |
| September 27, 2001 #967 Amended Exhibit B October 30, 2001 #1050 CNO October 31, 2001 #1062 | 7/1/01-7/31/01 | $33,349.00 Voluntarily Reduced to $32,429.00 | $11,075.18 | Approved @80% ($25,943.20) | Approved @ 100% |
| October 30, 2001 #1046 | 8/1/01-8/31/01 | $60,105.00 | $ 8,715.77 | Approved @80% ($48,084.00) | Approved @ 100% |

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Pending | 9/1/01–9/30/01 | $94,112.50 | $10,714.88 | | |

**PITNEY, HARDIN, KIPP & SZUCH LLP**

Dated:  Florham Park,
       New Jersey
       November 26, 2001

By: /s/ Anthony J. Marchetta
Anthony J. Marchetta, Esq.
Scott A. Zuber, Esq.
P.O. Box 1945
Morristown, NJ 07962-1945
(973) 966-6300
Special Counsel to Debtors

## SUMMARY OF COMPENSATION FOR THE FEE PERIOD
## JULY 1, 2001 THROUGH SEPTEMBER 30, 2001

| Name of Professional Person | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anthony J. Marchetta | 1974 | 395.00 | 63.7 | 25,161.50 |
| Lawrence F. Reilly | 1965 | 325.00 | 6.1 | 1,982.50 |
| David W. Payne | 1985 | 295.00 | .5 | 147.50 |
| Colleen R. Donovan | 1987 | 280.00 | 1.9 | 532.00 |
| Peter A. Forgosh | 1968 | 345.00 | 1.5 | 517.50 |
| Michael E. Waller | 1991 | 265.00 | 108.5 | 28,752.50 |
| Scott A. Zuber | 1987 | 265.00 | 140.3 | 37,179.50 |
| **COUNSEL** | | | | |
| Kathy Dutton Helmer | 1981 | 250.00 | 117.2 | 29,300.00 |
| **ASSOCIATES** | | | | |
| Denise L. Buerrose | Pending | 140.00 | 18.5 | 2,590.00 |
| Meghan Ann Bennett | 1998 | 175.00 | 62.3 | 10,902.50 |
| Christopher W. Nanos | 1992 | 230.00 | 1.3 | 299.00 |
| Jeffrey T. Testa | 1999 | 185.00 | 13.4 | 2,479.00 |
| Joseph A. Clark | 1999 | 210.00 | 58.6 | 12,306.00 |
| Brian E. Moffitt | 1992 | 230.00 | 89.5 | 20,585.00 |
| William S. Hatfield | 1993 | 225.00 | 6.4 | 1,440.00 |
| Alashia L. Chan | 1994 | 220.00 | .3 | 66.00 |
| Wendy B. Green | 1999 | 220.00 | 14.1 | 3,102.00 |
| **PARAPROFESSIONALS** | | | | |
| Douglas S. Florence | N/A | 80.00 | 56.9 | 4,552.00 |
| Susan Parker | N/A | 80.00 | 21.2 | 1,696.00 |
| Deborah A. Jenkins | N/A | 80.00 | 38.2 | 3,056.00 |
| **Grand Total Time Reports (Hours and Dollars) for the Interim Fee Period July 1, 2001 through September 30, 2001** | | | **820.4 Hours**<br><br>**TOTAL** | **186,646.50** |

## COMPENSATION BY PROJECT CATEGORY FOR THE INTERIM FEE PERIOD
## JULY 1, 2001 THROUGH SEPTEMBER 30, 2001

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Telephone Calls | 29.0 | 8,496.50 |
| Correspondence Drafted | 312.2 | 73,764.50 |
| Correspondence and Pleadings Reviewed | 81.5 | 21,820.50 |
| Legal Research | 113.0 | 23,961.00 |
| Court Appearances, including preparation | 39.0 | 10,325.00 |
| Court Conference, including preparation | 0 | 0 |
| Internal Office Meetings | 58.5 | 18,294.50 |
| Out of Office Meetings, excluding Court Conference | 59.6 | 16,099.00 |
| File Review | 31.1 | 4,038.00 |
| Travel Time | 3.3 | 1,618.50 |
| Other Services | 93.2 | 8,229.00 |
| **Grand Total Time Reports for the Interim Fee Period July 1, 2001 through September 30, 2001** | **820.4 Hours** <br><br> **TOTAL** | **186,646.50** |

## SUMMARY OF EXPENSES FOR THE INTERIM FEE PERIOD
## JULY 1, 2001 THROUGH SEPTEMBER 30, 2001

| TYPE OF EXPENSE | |
|---|---:|
| Computer-Assisted Research | 623.09 |
| Document Access Facility | 17,570.64 |
| Duplicating | 1,656.88 |
| Express Delivery | 662.80 |
| Telephone | 153.48 |
| Vendor: Paid Doerner & Goldberg for services | 5,855.60 |
| Vendor: Paid Law Pros Legal Placement Services for services rendered | 45.63 |
| Vendor: Paid Treasurer of the State of New Jersey | 510.19 |
| Facility Copying Expense | 331.24 |
| Postage | 115.90 |
| Travel and Miscellaneous | 3,026.01 |
| **Grand Total Expenses for the Interim Fee Period July 1, 2001 through September 30, 2001** | **30,505.83** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.,*[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**VERIFIED APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH LLP
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL COUNSEL TO W. R. GRACE & CO., *ET AL.,*
FOR THE INTERIM PERIOD FROM
<u>JULY 1, 2001 THROUGH SEPTEMBER 30, 2001</u>**

Pursuant to sections 327, 330 and 331 of title 11 of

the United States Code (as amended, the "Bankruptcy Code"), Fed.

R. Bankr. P. 2016, the Retention Order (as defined below), the

Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and

Reimbursement of Professionals and Official Committee Members

(the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

804513A04112001

law firm of Pitney, Hardin, Kipp & Szuch LLP ("Pitney, Hardin"),
special counsel and ordinary course professional[2] for the above-
captioned debtors and debtors in possession (collectively, the
"Debtors") in their Chapter 11 cases, hereby applies for an
order allowing it:    (i)   compensation   in   the   amount   of
$186,646.50 for the reasonable and necessary legal services
Pitney,   Hardin   has   rendered   to   the   Debtors;   and   (ii)
reimbursement for the actual and necessary expenses that Pitney,
Hardin incurred, in the amount of $30,505.83, in representing
the Debtors (the "Application"), in each case for the period
from July 1, 2001 through September 30, 2001 (the "Fee Period").
In support of this Application, Pitney, Hardin respectfully
represents as follows:

## Retention   of   and   Continuing   Disinterestedness   of Pitney, Hardin

1.    On   April   2,   2001   (the   "Petition   Date"),   the
Debtors each filed voluntary petitions for relief under chapter
11 of Title 11, United States Code (collectively, the "Chapter
11 Cases").    On April 2, 2001, the Court entered an order
procedurally    consolidating    the    Chapter    11    Cases    for

---

2 Through and including the August 2001 application, Pitney, Hardin's fee requests have related only to three (3) matters for which Pitney, Hardin was retained as special counsel to the Debtors. Following discussions with the Office of the United States Trustee and counsel for Debtors, going forward Pitney, Hardin will include in its fee applications all matters in which Pitney, Hardin represents the Debtors either as special counsel or an ordinary course professional.

-2-

administrative purposes only.    Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On April 12, 2001, the office of the United States Trustee appointed:   (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants.    On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee," collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the Committees).

2.   By this Court's order dated May 30, 2001 (the Retention Order), the Debtors were authorized to retain Pitney, Hardin as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention:   (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v.*

804513A05112501

*W. R. Grace & Co.,* et al.; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*[3]

3.    The Retention Order authorizes the Debtors to compensate Pitney, Hardin at Pitney, Hardin's hourly rates (except with respect to the *Gloucester* matter, in connection with which Pitney, Hardin will be compensated on a contingency basis, except with regard to out-of-pocket expenses, reimbursement for which is being sought in this application), which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court. A copy of the Retention Order is attached hereto as **Exhibit "A."**

4.    As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Pitney, Hardin does not hold or represent any interest adverse to the Debtors' estates with

---

[3] Pitney, Hardin was retained in this matter on a contingency basis, consistent with a pre-petition arrangement.

-4-

respect to the matters on which Pitney, Hardin is to be employed.

5.    Pitney, Hardin may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.    Pitney, Hardin disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.    Pitney, Hardin will update the Marchetta Affidavit when necessary and when Pitney, Hardin becomes aware of material new information.

6.    Pitney, Hardin performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

7.    Pitney, Hardin has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases.

8.    Pursuant to Fed. R. Bank. P. 2016(b), Pitney, Hardin has not shared, nor has agreed to share:    (a) any compensation it has received or may receive with another party

-5-

or person other than with the partners, counsel and associates of Pitney, Hardin; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.   This is the second quarterly application for interim compensation for services rendered that Pitney, Hardin has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

### Reasonable and Necessary Services Rendered by Pitney, Hardin

9.    Pitney, Hardin submits this Application pursuant to the Retention Order seeking:    (a) allowance of reasonable compensation for the professional services rendered by Pitney Hardin, as special counsel to the Debtors, in this Chapter 11 case during the Fee Period; and (b) reimbursement of actual and necessary expenses and out-of-pocket disbursements incurred in the rendition of required professional services on behalf of the Debtors during the Fee Period.

10.    Pitney, Hardin has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case.    Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Pitney, Hardin's practice.    The individual time

-6-

records were recorded by the attorney or legal assistant who rendered the particular services described. Annexed hereto as **Exhibit "B"** is a copy of the actual time records maintained by Pitney, Hardin for services rendered during the Fee Period.

11. Pitney, Hardin also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Pitney, Hardin in connection with the performance of its services. Attached hereto as **Exhibit "C"** is a complete breakdown of all the Expenses incurred during the Fee Period.

12. Bankruptcy Code section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

-7-

804513A04112001

13.   Pitney, Hardin respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors.   Set forth below is a summary of the services provided by Pitney, Hardin to the Debtors during the Fee Period.   Based upon an analysis of each of the foregoing, Pitney, Hardin respectfully submits that the compensation sought in this Application is reasonable.

### Services Rendered

14.   During the Fee Period, Pitney, Hardin rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Intercat, Maryland Casualty, Ambrosia Chocolate Facility; Carteret Warehouse Subleases, Clementon Environmental; Phenix City, AL Lease; Prudential, et al. litigation; Weja, Inc., West Deptford Property; and Williams Industries.*   Because of the magnitude of the services rendered in connection with the *Intercat* and *Maryland Casualty* matters, a separate recitation of the services rendered on those matters is set forth below.   As to all other matters, Pitney, Hardin respectfully submits that the time entries on Exhibit "C" adequately describe the services rendered on those matters:

-8-

(a) *Intercat:*   Pitney, Hardin provided the following services:   review and analysis of the Chapter 11 Trustee's motion to approve bidding procedures in connection with the possible sale, as part of a plan of orderly liquidation, of the Intercat's and related entities assets (the "Bidding Procedures Motion"); review and analysis of the Trustee's *amended* Bidding Procedures Motion; preparation and prosecution of objection to amended Bidding Procedures Motion; attend meetings and hearings relative to amended Bidding Procedures Motion and moving process forward; review and analysis of Engelhard Corporation's bid to purchase Intercat's assets; review and analysis of asset purchase agreement relative to asset sale; review and analysis of Intercat's proposed (competing) plan of reorganization; prepare for client an analysis of Trustee's vs. Intercat's plans and meet with client to discuss status, strategy and options relative to competing plans and bankruptcy process; review and analysis of patent and other intellectual property issues relevant to possible sale; updating organizational indexes; quality control of document production database; and case file management; and

(b) *Maryland Casualty*:   Pitney, Hardin rendered the following services:   preparation of motion to maintain sealed

-9-

status of documents during appeal, and communications with counsel for various parties to obtain consent to same; review of District Court file for purpose of identifying documents listed on the District Court's docket, but currently missing from the District Court's files; communications with Second Circuit Staff Counsel and respondent's counsel regarding handling of missing documents, and preparation of stipulation regarding same; appearance at Judge Martin's chambers to facilitate expedited execution of stipulation enlarging record on appeal and coordination with District Court Appeals Coordinator regarding same; preparation of motion to correct or modify the record to include certain documents submitted to the District Court, but not reflected in the docket entries; communications with Staff Counsel and respondent's counsel regarding extension of time to complete record on appeal and preparation of stipulation regarding same; document and database review and analysis; review of District Court file for purpose of preparing index to the record on appeal; meetings with various clerks at District Court regarding preparation and filing of index to record on appeal, Clerk's Certificate and certified copy of the docket entries; communications with Second Circuit Staff Counsel and respondent's counsel regarding briefing schedule and potential

-10-

motion to file over-length briefs; review briefing and other submissions below and research and drafting of appellate brief; attention to strategy on appeal including preparation of outline of appellate arguments; preparation of outline of procedural history and statement of the case for inclusion in appellate brief; various communications with client regarding appeal; attention to settlement strategy as follow-up to pre-argument conference; negotiations with AE/CU counsel regarding terms of proposed protective order in related reinsurance litigation.

15.   A detailed summary of each of the above-noted matters is set forth in the invoices attached hereto as **Exhibit "C."**

### Representations

16.   Pitney, Hardin believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

17.   Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Pitney, Hardin reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

-11-

18.  In summary, by the Application, Pitney, Hardin requests compensation for fees and expenses in the total amount of $217,152.33, consisting of:  (a) $186,646.50 for reasonable and necessary professional services rendered; and (b) $30,505.83 for actual and necessary costs and expenses.

WHEREFORE, Pitney, Hardin respectfully requests:  (a) that an allowance be made to it, as fully described above, for (i) 80% of the reasonable and necessary professional services Pitney, Hardin has rendered to the Debtors during the Fee Period; and (ii) 100% of the reimbursement of actual and necessary costs and expenses incurred by Pitney, Hardin during the Fee Period; (b) that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated:  November 26, 2001

Respectfully submitted,
PITNEY, HARDIN, KIPP & SZUCH LLP

Anthony J. Marchetta, Esq.
Scott A. Zuber, Esq.
(Mail) P. O. Box 1945
Morristown, NJ 07962- 1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950

-12-

804513A05112701