IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## STIPULATION AND ORDER RESOLVING THE MOTION OF FIRST UNION COMMERCIAL CORPORATION

This STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and First Union Commercial Corporation ("First Union"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of First Union for an Order (i) Compelling the Debtors to Assume or Reject Equipment Lease and to Comply with Postpetition Lease Obligations Under Section 365(d)(10) of the Bankruptcy Code Pending Assumption or Rejection, and (ii) Allowing and Directing Payment of an Administrative Claim for First Union for Unpaid Rent Under the Equipment Lease; and the Bankruptcy Court being further advised of the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

A. On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B. On June 18, 2001, First Union filed the Motion requesting that the Court (i) compel the Debtors to assume or reject the Equipment Lease,[2] (ii) compelling the Debtors to comply with their obligations under section 365(d)(10) of the Bankruptcy Code and (iii) allow First Union an administrative expense claim under section 503(b) of the Bankruptcy Code for unpaid postpetition rent due under the Equipment Lease; and

C. The Debtors and First Union agree that the Debtors are current both pre and postpetition with respect to the Debtors' obligations arising under the Equipment Lease, no amount is owed by the Debtors under the Equipment Lease as of the date hereof and the next payment under the Equipment Lease is due on August 21, 2001; and

D. The Debtors and First Union agree that the equipment leased to the Debtors pursuant to the Equipment Lease is critical to the Debtors' ongoing operations;

---

[2] Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2. The Debtors shall be deemed to have assumed the Equipment Lease as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, First Union or the Court.

3. The Debtors are current both pre and postpetition with respect to their obligations under the Equipment Lease, and accordingly, First Union waives its right to make demand for payment of any amount arising prior to the Petition Date related to the Debtors' obligations arising under Equipment Lease and the Debtors shall be deemed to have fully satisfied all claims for cure which may have been asserted by First Union pursuant to section 365 of the Bankruptcy Code.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: Wilmington, Delaware
~~September __, 2001~~
Jan. 3, 2002

_____
The Honorable ~~Joseph J. Farnan~~
United States ~~District~~ Court Judge

W. R. GRACE & CO.-CONN.

_____
By: David W. Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young & Jones PC
Its: Attorney
Dated: September 25, 2001

FIRST UNION COMMERCIAL CORPORATION

_____
By: John D. Demmy
Stevens & Lee, P.C.
Its: Attorney
Dated: September 19, 2001

I:\Project Allen\Executory Contracts\First Union Stip2.wpd