IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

Objection Deadline: February 4, 2002, at 4:00 p.m.

Hearing Date: February 25, 2002, at 8:00 a.m.

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to section 1121(d) of title 11 of United States Code (as amended, the "Bankruptcy Code"), (a) extending the period under section 1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to file a chapter 11 plan of reorganization (the "Exclusive Filing Period") and (b) extending the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

thereof (the "Exclusive Solicitation Period"; together with the Exclusive Filing Period, the "Exclusive Periods"). In support of this Motion, the Debtors respectfully state as follows:

### Background

1.  In an order dated September 18, 2001, the Court extended the Exclusive Filing Period through and including February 1, 2002, and the Exclusive Solicitation Period through and including April 1, 2002 (six months for each), without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

### Relief Requested

2.  By this Motion, the Debtors seek to extend the Exclusive Filing Period six months from February 1, 2002, through and including August 1, 2002. The Debtors also seek to extend the Exclusive Solicitation Period six months from April 1, 2002, through and including October 1, 2002. The Debtors further request that such an order be without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Filing Period and the Exclusive Solicitation Period. For the reasons set forth herein, the Debtors submit that extending the Exclusive Filing Period and the Exclusive Solicitation Period is appropriate and warranted in these chapter 11 cases.

### Basis for Relief

3.  Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusive Periods "for cause" after notice and a hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); see also, In re McLean Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D. N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), reprinted in 1978, U.S.C.C.A.N. 5963, 6190); and In re Public

2

Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility").

4.  To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. See, e.g., In re McLean Indus., Inc., 87 B.R. at 833-34; In re Texaco Inc., 76 B.R. 322, 327 (Bankr. S.D. N.Y. 1987). The decision to extend a debtor's Exclusive Periods is committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., First American Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986).

5.  Courts have relied on a variety of factors to determine whether cause exists to extend the Exclusive Periods, each of which may provide sufficient grounds for such an extension. These factors include (1) the size and complexity of the case, (2) the necessity of sufficient time to negotiate and prepare adequate information, (3) the existence of good faith progress toward reorganization, (4) whether the debtor is paying its debts as they come due, (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (6) whether the debtor has made progress in negotiating with creditors, (7) the length of time the case has been pending, (8) whether the debtor is seeking the extension to pressure creditors and (9) whether unresolved contingencies exist. In re Express One International, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (finding cause to extend the Exclusive Periods where the debtor has been diligent in its attempts to reorganize and the extension was not sought for an indefinite period); see also, In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D. N.Y. 1989) (listing some of the above-referenced factors); In re

Grand Traverse Development Co. Ltd. Partnership, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); In re General Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D. N.Y. 1992) (same); and In re Southwest Oil Co. of Jourdanton, 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987) (same). An examination of the factors set forth above establishes that cause exists to extend the Exclusive Periods in these chapter 11 cases.

6. The Debtors submit that each of the above-described factors support extending the Exclusive Filing Period and the Exclusive Solicitation Period. In particular, these chapter 11 cases were filed as a result of mounting asbestos-related litigation liabilities rather than as a result of difficulties with the Debtors' core businesses. Defining these liabilities and then providing for the payment of valid claims on a basis that preserves the Debtors' core business operations is a complex process that is central to resolving these chapter 11 cases. Given its nature, this process could involve significant litigation that will, as the Court has recognized, take time. Until this central issue is resolved, little progress can be made towards developing a viable plan of reorganization.

7. In the months since the Petition Date, the Debtors have attempted to address this central task. At a hearing on May 3, 2001, Judge Farnan tasked the Debtors with developing a specific proposal for adjudicating asbestos-related litigation in these chapter 11 cases.

8. On June 27, 2001, the Debtors filed a Motion for Entry of Case Management Order, to Establish Bar Date, to Approve Claim Forms & Approval of Notice Program (the "CMO Motion"), which was set for hearing on July 19, 2001. At the request of the official committee of property damage claimants (the "Property Damage Committee") and the official committee of personal injury claimants (the "Personal Injury Committee"), the Debtors agreed to move the hearing to August 2, 2001. The Property Damage Committee asked for still more time and the matter was

continued until the fall 2001. Ultimately, a hearing was scheduled for November 21, 2001 (the "November 21 Hearing"). The Property Damage Committee filed an objection to the CMO Motion on September 7, 2001, and the Personal Injury Committee filed an objection to the CMO Motion on September 10, 2001. The Debtors filed a comprehensive reply on November 10, 2001.

9. The November 21 hearing was cancelled on November 21, 2001, when the court announced that these chapter 11 cases were being reassigned. Subsequently, the chapter 11 cases were reassigned to Judge Wolin for resolution of the asbestos-related issues. At a hearing on December 20, 2001, Judge Wolin announced that he would meet with the parties in January 2002, to begin a developing a process for resolving the asbestos-related litigation and claims.

10. Adopting a litigation protocol and a case management scheme to resolve the asbestos-related litigation would provide a means of resolving the common legal issues through a fair and orderly process in a single forum while preserving legitimate personal injury claimants' rights to trial. Until such a litigation protocol and case management scheme are put into place, however, and there currently is no timetable for that to occur, these chapter 11 cases cannot proceed. And, concomitantly, the Debtors submit that they cannot begin to meaningfully develop a viable plan of reorganization. The Debtors believe that, considering the strength of their businesses, they have an excellent prospect of developing such a plan of reorganization once the above-described issues are addressed.

11. At all times during the course of these chapter 11 cases, the Debtors have acted in good faith and have continued to pay their post-petition obligations. In light of these circumstances, the Debtors clearly are not seeking a further extension in order to unduly pressure creditors, nor will such an extension harm the Debtors' creditors or other parties in interest.

12. To the contrary, for the reasons discussed above, terminating the Exclusive Periods by operation of section 1121 of the Bankruptcy Code would defeat the very purpose of that section, which is to afford the Debtors a meaningful and reasonable opportunity to negotiate with their creditors and to then propose and confirm a consensual plan of reorganization. Such a termination instead would signal the Court's loss of confidence in the Debtors and their reorganization efforts, and would likely cause the Debtors' core businesses to deteriorate, thereby diminishing the value of Debtors' assets to the detriment of the Debtors, their estates and their creditors.

13. In light of the size and complexity of these chapter 11 cases and without an established time frame for resolving the case management and litigation protocol issues, the Debtors' request for an extension of six months is relatively modest. In fact, the Debtors' request is well within the range of extensions granted by this and other courts in large reorganization cases. See, e.g., In re Harnischfeger Industries, Inc., Case No. 99-2171(PJW) (Bankr. D. Del. June 7, 1999) (multiple extensions totaling 20 months); In re Loewen Group Int'l, Inc., Case No. 99-1244 (PJW) (Bankr. D. Del.) (Exclusive Periods extended for 19 months); In re Montgomery Ward Holding Corp., Case No. 97-1409 (PJW) (Bankr. D. Del.) (Exclusive Periods extended for 21 months).[2]

14. Accordingly, extending the Exclusive Periods six months as requested by the Debtors is reasonable and appropriate under the circumstances.

---

[2] See also In re Trans World Airlines, Inc., Case No. 92-115 (HSB) (Bankr. D. Del.) (exclusivity extended for approximately 20 months); In re Federated Dep't Stores, Inc., Case No. 1-90-00130 (Bankr. S.D. Ohio) (exclusivity extended for approximately two years); In re Phar-Mor, Inc., Case No. 92-41599 (Bankr. N.D. Ohio) (exclusivity extended for approximately three years); In re Perkins, 71 B.R. 294 296 (W.D. Tenn. 1987) (Exclusive Periods extended more than 22 months).

## Notice

15. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to the committees appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) extending the Debtors' Exclusive Filing Period through and including August 1, 2002, (ii) granting an extension of the Debtors' Exclusive Solicitation Period through and including October 1, 2002, (iii) without prejudice to the Debtors' rights to seek additional extensions of their Exclusive Filing Period and the Exclusive Solicitation Period and (iv) granting such other relief as may be fair and equitable.

Dated: January 18, 2002

                KIRKLAND & ELLIS
                James H.M. Sprayregen
                James W. Kapp III
                Samuel A. Schwartz
                Roger J. Higgins
                200 East Randolph Drive
                Chicago, Illinois 60601
                (312) 861-2000

                and

                PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                */s/ David W. Carickhoff*
                Laura Davis Jones (#2436)
                David W. Carickhoff, Jr. (#3715)
                919 North Market Street, 16th Floor
                P.O. Box 8705
                Wilmington, Delaware 19899-8705 (Courier 19801)
                (302) 652-4100

                Co-Counsel for the Debtors and Debtors in Possession