IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline: February 4, 2002 at 4:00 p.m.**
**Hearing Date: February 25, 2002 at 8:00 a.m.**

**MOTION OF THE DEBTORS FOR AN ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), extending the time for the Debtors to assume, assume and assign, or reject any lease, sublease or other agreement that may be considered "an unexpired lease of nonresidential real property" (the "Unexpired Leases") under section 365(d)(4) of the Bankruptcy Code through and including October 1, 2002 (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**Background**

1. In an order entered June 22, 2001, the Court extended the Debtors' time to assume, assume and assign, or reject Unexpired Leases through and including February 1, 2002, subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease (the "First Extension Order").

**Relief Requested**

2.     By this Motion, the Debtors are seeking an order further extending the Debtors' time to assume, assume and assign, or reject Unexpired Leases from February 1, 2002, until October 1, 2002 (an eight month extension). Such extension would be subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease.

**The Unexpired Leases**

3.     The Debtors are currently parties to several hundred Unexpired Leases that fall into two major categories. The first category of Unexpired Leases consists of real property leases for offices and plants throughout the United States and Puerto Rico. The second category of Unexpired Leases consists of several hundred leases where the Debtors are lessees under leases of commercial real estate, often retail stores, restaurants and other, similar facilities, most of which have been sub-leased to other tenants.

**Basis for Relief**

4.     This Motion is filed pursuant to section 365(d)(4) of the Bankruptcy Code, which permits bankruptcy courts to grant, for cause, extensions of the period to assume or assign non-residential leases enumerated therein (the "Rejection Period"). In re Channel Home Centers, Inc., 989 F.2d 682 (3d Cir. 1993), cert. denied, 114 S. Ct. 184 (1993). Congress enacted section 365(d)(4) in order "to protect lessors . . . from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." In re American Healthcare Management, Inc., 900 F.2d 827, 830 (5th Cir., 1990). Congress recognized, however, in enacting

section 365(d)(4) of the Bankruptcy Code, that the prescribed time period "will not be enough time for bankrupt lessees to decide whether to assume, assume and assign, or reject leases. In those circumstances, upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject." Id.

5. The legislative history of section 365(d)(4) of the Bankruptcy Code indicates that a debtor confronted with the task of analyzing a significant number of leases has sufficient cause to extend the Rejection Period:

> This time period [can] be extended by the court for cause, such as in exceptional cases involving large numbers of leases.

130 Cong. Rec. S8894-95, reprinted at 1984 U.S. Code Cong. & Admin. News 576, 598-601 (remarks of Sen. Hatch concerning the bill). In construing the legislative history, the bankruptcy court in In re Unit Portions of Delaware, Inc., 53 B.R. 83 (Bankr. E.D.N.Y. 1985) concluded:

> Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60 day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension of additional time to make this assessment.

Id. at 85.

6. Numerous courts have discussed what constitutes sufficient cause to extend the Rejection Period. In In re Wedtech Corp., 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the Court applied the following factors, among others, to determine whether "cause" existed to extend the Rejection Period:

      a. where the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

b. where the case is complex and involves large numbers of leases; or

c. where the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization.

Id. at 471-72. The Third Circuit Court of Appeals has endorsed the Wedtech decision:

> [N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop. Thus we agree with...In re Wedtech Corp., 72 Bankr. 464, 471-72 (Bankr. S.D.N.Y. 1987) that it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan that it is formulating.

In re Channel Home Centers, Inc., 989 F.2d at 689. Indeed, the deadline for assumption or rejection of leases contained in section 365(d)(4) is often extended for long periods of time. See, e.g., In re Ernst Home Center, Inc., 221 B.R. 243, 256 (9th Cir. B.A.P. 1998) (granting 14 month extension). Indeed, courts routinely grant multiple extensions of the Rejection Period. See e.g., In re Channel Home Centers, Inc., 989 F.2d at 688; Matter of American Healthcare Management, Inc., 900 F.2d at, 830; In re Victoria Station, Inc., 88 B.R. 231, 239 n.7 (9th Cir. B.A.P. 1988) affd. 875 F.2d 1380 (9th Cir. 1989) (multiple extensions of 365(d)(4) time period allowed).

7. The Debtors' present situation meets the requirements in Wedtech for an extension of the 365(d)(4) period to assume or reject the Leases.

8. Since the First Extension Order was entered, the Debtors' management and professionals have been consumed with the operation of the Debtors' businesses and the resolution

of a number of complex business decisions facing the Debtors in the early stages of these chapter 11 cases. In particular, the Debtors have, *inter alia*:

   a. obtained a preliminary injunction enjoining certain asbestos-related and other litigation from proceeding pending further order of the Bankruptcy Court;

   b. Developed a case management plan, as set forth in the Debtors' Motion for Entry of Case Management Order, to Establish Bar Date, to Approve Claim Forms & Approval of Notice Program;

   c. prepared their voluminous schedules and statements of financial affairs;

   d. presented evidence and documentation to and negotiate with the Committees concerning certain key employee retention programs and other wage and benefit programs;

   e. commenced the process of reconciling certain reclamation claims;

   f. reestablished communications with trade vendors, honored certain prepetition obligations to certain essential trade vendors and reestablished favorable trade terms with such essential trade vendors;

   g. reestablished communications with customers and honor certain prepetition obligations to such customers, including discounts, rebates, warranties, performance guarantees and royalty payments;

   h. stabilized their cash management operations; and

   i. retained certain key employees.

9. Furthermore, during this period, the Debtors have focused, and are continuing to focus, on the central task of these chapter 11 cases, which has been to define the mounting asbestos-related litigation liabilities that precipitated these chapter 11 cases. Defining these liabilities and then providing for the payment of valid claims on a basis that preserves the Debtors' business operations is central to resolving these chapter 11 cases. Resolution of such issues will

involve significant litigation that will, as the Court has recognized, take time. Until such issues are resolved, little progress can be made towards developing a viable plan of reorganization.

10. This lengthy process has affected the Debtors' ability to analyze their Unexpired Leases in several respects. First, the attention of the Debtors' management has been focused elsewhere, and second, the nature of the resolution of these asbestos-related claims may impact the Debtors' decisions regarding some or all of these Unexpired Leases. Finally, due to the inability of the Debtors to develop a viable plan of reorganization until the above-described issues are resolved, the Debtors have been unable to evaluate the impact that the assumption or rejection of several hundred leases would have upon any such plan of reorganization.

11. The period ending on February 1, 2002, therefore has been insufficient for the Debtors to make prudent decisions concerning the assumption or rejection of the Unexpired Leases. The size, nature and complexity of these chapter 11 cases and the Debtors' businesses, the complex legal and economic issues relating to these chapter 11 cases and the development of a plan of reorganization and the potential value of the Unexpired Leases to the ongoing operations of the Debtors all necessitate further extending the period for the Debtors to assume, assume and assign, or reject nonresidential leases. As a result, sufficient cause exists to extend this period until October 1, 2002, to allow the Debtors to progress in their detailed analysis of the Unexpired Leases in an orderly fashion.

12. The Debtors believe that they are current in all of their postpetition rent payments and other contractual obligations with respect to the Unexpired Leases. The Debtors intend to continue to timely pay all rent obligations on leases until they are either rejected or assumed and will continue to timely perform their contractual obligations with respect to the assumed leases.

As a result thereof, the continued occupation of the relevant real property by the Debtors (whether directly or by sublessees) will not prejudice the lessors of such real property or cause such lessors to incur damages that cannot be recompensed under the Bankruptcy Code.

13. For the reasons set forth herein, the Debtors respectfully submit that the time period under section 365(d)(4) of the Bankruptcy Code should be extended for the Debtors to assume, assume and assign, or reject all Unexpired Leases through and including October 1, 2002. The Debtors respectfully submit that any such extension should be granted subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease.

## Notice

14. Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the debtor in possession lenders; (iii) counsel to the official committees appointed in these chapter 11 cases; (iv) the non-Debtor parties to the Unexpired Leases; and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the time for the Debtors pursuant to section 365(d)(4) of the Bankruptcy Code to assume, assume and assign, or reject all Unexpired Leases through and including October 1, 2002, subject to and without prejudice to (a) the rights of the Debtors to request a further extension of the Rejection Period and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease, and (ii) grant such other and further relief as the Court deems appropriate.

Dated: January 18, 2002

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession