IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: February 11, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: Only if Objections are timely filed** |

**EIGHTH MONTHLY APPLICATION OF FERRY & JOSEPH, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE PERIOD OF DECEMBER 1, 2001 THROUGH DECEMBER 31, 2001**

| | |
|---|---|
| Name of Applicant: | Ferry & Joseph, P.A. |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | April 18, 2001 |
| Period for which compensation and reimbursement is sought: | December 1, 2001 through December 31, 2001 |
| Amount of compensation sought as actual reasonable and necessary: | $4,689.00 |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $885.80 |

This is a:  __X__ monthly _____ interim _____ final application

The total time expended for fee application preparation during this fee period is approximately 15 hours and the corresponding compensation requested is approximately $1200.00.

Prior Monthly Applications:

|  |  | Requested |  | Authorized |  |
| --- | --- | --- | --- | --- | --- |
| Date Filed/ Docket No. | Period Covered | Fees | Expenses | Fees | Expenses |
| 7/10/01 #577 | 4/18/01- 4/30/01 | $1,476.00 | $26.00 | $1,173.60 (80% of $1,476.00) | $26.00 |
| 7/10/01 #578 | 5/1/01- 5/31/01 | $6,276.50 | $2,708.31 | $5,021.20 (80% of $6,276.50) | $2,708.31 |
| 7/30/01 #768 | 6/1/01- 6/30/01 | $11,251.00 | $1,643.75 | $9,000.80 (80% of $11,251.00) | $1,643.75 |
| 09/05/01 #879 | 7/1/01 - 07/31/01 | $11,833.00 | $2,538.98 | $9,466.40 (80% of $11,833.00) | $2,538.98 |
| 10/01/01 #979 | 08/01/01 - 08/31/01 | $6,068.00 | $1,391.31 | $4,854.40 (80% of $6,068.00) | $1,391.31 |
| 10/30/01 #1039 | 09/01/01 - 09/30/01 | $6,048.00 | $2,258.87 | $4,838.40 (80% of $6,048.00) | $2,258.87 |
| 01/02/02 #1436 | 10/01/01 - 11/30/01 | $16,325.00 | $4,495.30 | Pending | Pending |

ATTACHMENT B

| Name of professional person | Position of the Applicant, Number of Years in Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael B. Joseph | Partner, 25, Various, 1976, Bankruptcy | $300.00 | 0.0 | $0.00 |
| Theodore J. Tacconelli | Associate, 13, Various, 1988, Bankruptcy, Commercial Litigation | $200.00 ($100.00 for travel time) | 15.1 | $2,720.00 |
| Rick S. Miller | Associate, 5, 1995, Various, Bankruptcy, General Litigation | $175.00 | 2.2 | $385.00 |
| Lisa L. Coggins | Legal Assistant, <1 year | $80.00 | 19.8 | $1,584.00 |
| Grant Total: | | | 37.1 | $4,689.00 |
| Blended Rate: | | | | $126.38 |

COMPENSATION SUMMARY BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration/General | 11.9 | $1,761.50 |
| Fee Applications | 15 | $1,200.00 |
| Litigation | 1.1 | $220.00 |
| Retention of Professionals | 0.0 | $0.00 |
| Committee Mtgs. and Teleconferences | 1.1 | $207.50 |
| Court Hearings | 5.0 | $1,000.00 |
| Travel Time | 3.0 | $300.00 |

EXPENSE SUMMARY

| EXPENSE CATEGORY | PROVIDER (if applicable) | TOTAL EXPENSES |
|---|---|---|
| Computer Legal Research | Lexis | $26.33 |
| Facsimile ($1.00 per page) | Ferry & Joseph, P.A. | $10.00 |
| In-House Reproduction | Ferry & Joseph, P.A. | $235.20 |
| Outside Reproduction | Reliable Copy / Parcels | $0.00 |
| Document Scanning, Service or Retrieval | Parcels | $353.05 |
| Filing/Court Fees | | $0.00 |
| Out-of-Town Travel | Hotel and Airfare | $0.00 |
| Courier & Express Carriers | Federal Express; Tri-State | $167.82 |
| Postage | | $45.90 |

| Other (Explain) | Hearing Transcript | $47.50 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: February 11, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: Only if Objections are timely filed** |

**EIGHTH MONTHLY APPLICATION OF FERRY & JOSEPH, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE PERIOD OF <u>DECEMBER 1, 2001 THROUGH DECEMBER 31, 2001</u>**

Ferry & Joseph, P.A. ("Applicant"), counsel to the Official Committee of Asbestos Property Damage Claimants ("the PD Committee") of W.R. Grace & Co. ("Grace") and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors') in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for an eighth monthly allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

**I.  Introduction**

1. Applicant, as counsel to the PD Committee, seeks (i) a monthly allowance of compensation for the professional services rendered by applicant as counsel for the PD Committee from December 1, 2001 through December 31, 2001 ("the Eighth Monthly Fee Period") in the aggregate amount of $4,689.00  representing 37.1 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Eighth Monthly Fee Period in connection with the rendition of such professional services in the aggregate amount of $885.80.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## II. Background

3. On April 2, 2001, each of the debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Applicant as its local Delaware counsel.

5. By application dated June 22, 2001, Applicant sought Court approval for its retention as counsel to the PD Committee *nunc pro tunc* to April 18, 2001. The Court signed the Order approving the retention on June 22, 2001.

6. This is the eighth monthly application Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001 ("the Administrative Fee Order").

9. Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received hereunder.

10. As stated in the Affidavit of Rick S. Miller, Esquire, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

11. In accordance with Local Rule 2016-2 dated February 1, 2001 and the Administrative Fee Order, and to assist the Court, the debtors, the Trustee and other parties in interest in evaluating this application for compensation, the services performed by Applicant during the Eighth Monthly Fee Period are summarized in the Compensation Summary by Project Category set forth on Attachment B. Applicant's services throughout the Eighth Monthly Fee Period have been valuable to the PD Committee in providing advice and counsel as well as the preparation, service and filing of various administrative and substantive litigation pleadings and papers in conformity with Delaware bankruptcy practice and the Rules of this Court.

12. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the attorneys and paraprofessionals and their corresponding names, year of admission, hourly rates and the number of hours incurred by each is set forth on Attachment B. The hourly rates reflect what Applicant generally charges its other clients for similar services. An itemization of detailed activity descriptions which includes a narrative description of the service performed, the date the service was performed, the professional who rendered the service, the project category and the amount of time spent, is attached hereto as Exhibit "B," which also contains a statement of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as counsel to the PD Committee.

13. Applicant has worked closely with the PD Committee's primary counsel, Bilzin Sumberg Dunn Baena Price & Axelrod, LLP to avoid unnecessary duplication of services.

## IV. Conclusion

14. Applicant has necessarily and properly expended 37.1 hours of services in the performance of its duties as counsel to the PD Committee during the Eighth Monthly Fee Period. Such services have a fair market value of $4,689.00. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

15. In addition, Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $885.80 for which it respectfully requests reimbursement in full.

16. Applicant charges $.15 per page for in-house photocopying services. Applicant charges the actual cost from the vendor for out-sourced photocopying and document retrieval, and computerized legal research. Applicant charges $1.00 per page for out-going facsimile transmissions, and does not charge for in-coming facsimiles.

17. Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this application for monthly compensation complies therewith.

18. Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE Applicant respectfully requests pursuant to the Administrative Fee Order:

a) the allowance of compensation for professional services rendered to the PD Committee during the period of December 1, 2001 through December 31, 2001 in the amount of $4,689.00.

b) the reimbursement of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the period of December 1, 2001 through December 31, 2001 in the amount of $885.80, and.

c) payment by the debtor as interim compensation to applicant 80% of the amount of the professional services allowed and 100% of the expenses allowed herein, subject to final payment of the full amount.

        FERRY & JOSEPH, P.A.

        /s/ Rick S. Miller
        Michael B. Joseph (#392)
        Theodore J. Tacconelli (#2678)
        Rick S. Miller (#3418)
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, DE. 19899
        (302) 575-1555
        Counsel to the Official Committee of Asbestos
        Property Damage Claimants

Dated: January 21, 2002