IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## EIGHTH MONTHLY APPLICATION OF
## PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
## FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS
## FOR THE PERIOD FROM NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001

Name of Applicant:   Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J").

Authorized to Provide Professional Services to:  The above-captioned debtors and debtors-in-possession.

Date of Retention:  May 3, 2001

Period for which Compensation and Reimbursement is Sought:  November 1, 2001 through November 30, 2001.

Amount of Compensation Sought as Actual, Reasonable and Necessary:  $39,991.50.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:  $22,398.11.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:38117.1

This is a:      xx monthly            _ interim            _ final application.

The total time expended for preparation of this fee application is approximately

3.00 hours and the corresponding compensation requested is approximately $850.00.[2]

Prior Applications Filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 4/2/01-4/30/01 | $62,472.75 | $23,277.13 | $62,472.75 | $23,277.13 |
| 08/09/01 | 5/1/01-5/31/01 | $29,929.00 | $15,670.64 | $29,929.00 | $15,670.64 |
| 09/07/01 | 6/1/01-6/30/01 | $30,195.50 | $37,763.45 | $30,195.50 | $37,763.45 |
| 09/11/01 | 7/1/01-7/31/01 | $17,040.50 | $20,323.76 | $17,040.50 | $20,323.76 |
| 10/31/01 | 8/1/01-8/31/01 | $9,407.50 | $20,486.61 | $9,407.50 | $20,486.61 |
| 11/13/01 | 9/1/01-9/30/01 | $13,158.00 | $10,035.46 | $13,158.00 | $10,035.46 |
| 11/27/01 | 10/1/01-10/31/01 | $13,420.75 | $8,922.92 | $13,420.75 | $8,922.92 |

---

[2] The actual number of hours expended preparing this Application and the corresponding compensation requested will be set forth in PSZY&J's subsequent fee applications.

91100-001\DOCS_DE:38117.1

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $550.00 | 5.30 | $ 2,915.00 |
| Hamid R. Rafatjoo | Associate 2000; Member of CA Bar since 1995 | $330.00 | 10.90 | $ 3,597.00 |
| Michael R. Seidl | Associate 2000 ; Member of DE Bar since 2000; Member of DC Bar since 1996 | $305.00 | .50 | $    152.00 |
| David W. Carickhoff | Associate 2001; Member of DE Bar since 1998 | $280.00 | 49.20 | $13,776.00 |
| Rachel S. Lowy | Associate 2000 ; Member of DE Bar since 1998 | $260.00 | 2.40 | $    624.00 |
| Peter J. Duhig | Associate 2000; Member of DE Bar since 2001 | $225.00 | .10 | $      22.50 |
| Laurie A. Gilbert | Paralegal since 1983 | $125.00 | 2.80 | $    350.00 |
| Patricia E. Cuniff | Paralegal since 1998 | $110.00 | 143.10 | $15,741.00 |
| Timothy M. O'Brien | Paralegal since 1998 | $105.00 | .50 | $      52.50 |
| Helen D. Martin | Case Management Assistant 2000 | $ 60.00 | 3.60 | $    216.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 55.00 | 4.30 | $    236.50 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 55.00 | 22.30 | $ 1,226.50 |
| Violet E. Mobley | Case Management Assistant 2000 | $ 50.00 | 5.50 | $    275.00 |
| April M. Tabor | Case Management Assistant 2001 | $ 50.00 | 1.40 | $      70.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 50.00 | 13.30 | $    665.00 |

---

[3] Some professional time that was spent during the Interim Period will be reflected in a subsequent application and some professional time that was spent during the previous Interim Period is reflected in this Application.

91100-001\DOCS_DE:38117.1

| Jason M. Griffith | Case Management Assistant 2001 | $ 40.00 | .50 | $ 20.00 |
| Christina M. Shaeffer | Case Management Assistant 2001 | $ 40.00 | 1.30 | $ 52.00 |

Blended Rate:  $149.78

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Bankruptcy Litigation | 10.60 | $ 2,281.00 |
| Case Administration | 157.05 | $18,182.50 |
| Claims Administration/Objections | 22.90 | $ 5,870.50 |
| Compensation of Professionals | 55.00 | $ 9,672.50 |
| Employee Benefit/Pension | .90 | $ 252.00 |
| Executory Contracts | 3.60 | $ 601.00 |
| Financial Filings | 5.50 | $ 693.00 |
| Litigation (Non-Bankruptcy) | .80 | $ 264.00 |
| Operations | .80 | $ 118.00 |
| Plan & Disclosure Statement | .80 | $ 88.00 |
| Retention of Professionals | 2.70 | $ 518.00 |
| Stay Litigation | 6.30 | $ 1,451.00 |
| TOTAL | | $39,991.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[4] (If Applicable) | Total Expenses |
|---|---|---|
| Facsimile ($1.00/page) | | $ 1,165.00 |
| Reproduction (@$.15 per page) | | $13,914.00 |
| Express Mail | Federal Express/DHL | $ 2,490.49 |
| Postage | | $ 385.63 |
| Travel Expense | Eagle | $ 64.40 |
| Transcript | Wilcox & Fetzer | $ 95.50 |
| Working Meals | Greenery | $ 358.56 |
| Delivery/Courier Services | Parcels | $ 3,020.76 |
| Legal Research | Westlaw | $ 282.80 |
| Overtime | | $ 620.97 |
| TOTAL | | $22,398.11 |

---

[4] PSZY&J may use one or more service providers. The service providers identified herein are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**EIGHTH MONTHLY APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS
FOR THE PERIOD FROM NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim

Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the

"Administrative Order"), Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J") hereby files

this Eighth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:38117.1

-1-

Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the

Debtors for the Period from November 1, 2001 through November 30, 2001 (the "Application").

By this Application PSZY&J seeks a monthly interim allowance of compensation in the amount

of $39,991.50 and reimbursement of actual and necessary expenses in the amount of $22,398.11

for a total of $62,389.61 for the period November 1, 2001 through November 30, 2001 (the

"Interim Period"). In support of this Application, PSZY&J respectfully represents as follows:

## Background

1.      On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are

continuing to operate their businesses and manage their properties and assets as debtors in

possession. Since the Petition Date, the U.S. Trustee has appointed the following committees:

Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury

Claimants, Official Committee of Asbestos Property Damage Claimants, and the Official

Committee of Equity Security Holders (collectively, the "Committees"). No trustee has been

appointed in Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11

cases be consolidated for procedural purposes only and administered jointly.

91100-001\DOCS_DE:38117.1

4.      By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZY&J as their counsel, effective as of April 2, 2001, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZY&J at PSZY&J's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      On May 3, 2001, the Court entered its Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. Pursuant to the procedures set forth in that Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional.

### Compensation Paid and Its Source

6.      All Services for which PSZY&J requests compensation were performed for or on behalf of Debtors.

7.      Except for the amounts paid to PSZY&J pursuant to previously approved monthly interim applications for compensation and reimbursement, if any, or a retainer, PSZY&J

has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZY&J and any other person other than the shareholders of PSZY&J for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

8.     The fee statement for the Interim Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.[2] To the best of PSZY&J's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Administrative Order, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Delaware Local Rules"). PSZY&J's time reports are initially handwritten or typewritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZY&J is particularly sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZY&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZY&J has reduced its charges related to any non-working "travel time" to

---

[2]However, some professional time that was spent during the Interim Period will be reflected in a subsequent application, and some professional time that was spent during a period prior to the Interim Period will be reflected in this Application.

50% of PSZY&J's standard hourly rate.  To the extent it is feasible, PSZY&J attempts to work during travel.

### Actual and Necessary Expenses

9.     A summary of actual and necessary expenses incurred by PSZY&J for the Interim Period is attached hereto as part of Exhibit A.  PSZY&J customarily charges $0.15 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZY&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZY&J summarizes each client's photocopying charges on a daily basis.

10.     PSZY&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile reflects PSZY&J's calculation of the actual costs incurred by PSZY&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZY&J does not charge fax receipts to Debtors in these cases.

11.     Regarding Providers of on-line legal research (e.g., LEXIS and WESTLAW), PSZY&J charges the standard usage rates these providers charge for computerized legal research.  PSZY&J bills its clients the actual cash charged by such services, with no premium.  Any volume discount received by PSZY&J is passed on to the client.

12.     PSZY&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZY&J believes that such charges are

91100-001\DOCS_DE:38117.1

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

13.    The shareholders and associates of PSZY&J who have rendered

professional services in these cases for which PSZY&J seeks compensation are as follows:

Laura Davis Jones, Hamid R. Rafatjoo, David W. Carickhoff, Michael R. Seidl, Rachel S. Lowy

and Peter J. Duhig.  The paraprofessionals of PSZY&J who provided services to these attorneys

in these cases are paralegals Laurie A. Gilbert, Patricia E. Cuniff, and Timothy M. O'Brien.  The

case management assistants are Helen Martin, Rita M. Olivere, Donna Crossan, Violet E.

Mobley, Sheryle L. Pitman, April M. Tabor, Jason M. Griffith and Christina M. Shaeffer.

PSZY&J, by and through the above-named persons, has prepared and assisted in the preparation

of various pending orders submitted to the Court for consideration, advised Debtors on a regular

basis with respect to various matters in connection with these cases, and performed all necessary

professional services which are described and narrated in detail below.

## Summary of Services by Project

The services rendered by PSZY&J during the Interim Period can be grouped into

the categories set forth below.  PSZY&J attempted to place the services provided in the category

that best relates to such services.  However, because certain services may relate to one or more

categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth on the attached Exhibit A. Exhibit A

identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.    Bankruptcy Litigation

This category relates to services provided in connection with litigation issues

relating to Debtors' bankruptcy cases. In that regard, during the Interim Period, PSZY&J,

among other things, (1) reviewed and analyzed certain procedural and discovery related issues

regarding pending adversary proceedings; (2) reviewed and analyze a motion to dismiss Debtors'

cases; and (3) filed and served Debtors' objection to a motion for a protective order.

Fees: $2,281.00;        Total hours: 10.60

### B.    Case Administration

Time billed to this category relates to administrative matters. In that regard,

during the Interim Period, PSZY&J, among other things: (1) communicated with various parties

interested in these cases and addressed issues regarding same; (2) maintained a current document

system and maintained and circulated memoranda setting forth the critical dates and deadlines in

Debtors' cases; (3) assisted in coordinating the efforts of Debtors' various professionals to avoid

duplication of efforts; (4) drafted and filed motions to admit professionals pro hac vice;

(5) reviewed, analyzed and addressed issues regarding the transfer of Debtors' cases to Judge

Wolin; (6) prepared and filed the notice of agenda for Debtors' omnibus hearing; and

(7) prepared for and attended the omnibus hearing.

Fees: $18,182.50;     Total hours: 157.10

**C.     Claims Administration/Objections**

This category relates to services provided in connection with claims

administration and claims objections issues.  During the Interim Period, PSZY&J, among other

things:  (1) reviewed, analyzed and addressed issues regarding Debtors' case management

motion and, in connection therewith, addressed discovery issues related thereto and attended a

hearing thereon; and (2) communicated with Debtors' creditors regarding the bar date and the

filing of proofs of claim.

Fees: $5,870.50;     Total hours: 22.90

**D.     Compensation of Professionals**

This category relates to services provided in connection with issues related to

compensation of professionals.  During the Interim Period, PSZY&J, among other things:

(1) finalized and filed PSZY&J's sixth fee application and addressed issues regarding the filing

of same; (2) drafted, reviewed and revised PSZY&J's seventh fee application; (3) finalized and

filed PSZY&J's first quarterly fee application; and (4) reviewed, analyzed and addressed issues

regarding the filing and service of the fee applications of Debtors' other professionals.

Fees: $9,672.50;     Total hours: 55.00

91100-001\DOCS_DE:38117.1

-8-

### E.    Employee Benefits

This category relates to services provided in connection with issues relating to employee benefits. In that regard, during the Interim Period, PSZY&J addressed issues relating to a motion for certain employee benefits and attended a hearing thereon.

Fees: $252.00;        Total hours: .90

### F.    Executory Contracts

This category relates to services provided in connection with issues related to Debtors' executory contracts. During the Interim Period, PSZY&J, among other things, (1) prepared and filed Debtors' motion to sell and assign a prime lease; and (2) prepared and filed Debtors' motion to assume and assign a real property lease.

Fees: $601.00;        Total hours: 3.60

### G.    Financial Filings

This category relates to services provided in connection with Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules") and monthly operating reports. During the Interim Period, PSZY&J, among other things, (1) reviewed and analyzed Debtors' monthly operating reports and addressed issues relating to the filing of the same; (2) filed and served supplemental Schedules; and (3) finalized and filed Debtors' response to a motion to compel the filing of supplements to the Schedules.

Fees: $693.00;        Total hours: 5.50

**H.**     **Litigation (non-bankruptcy)**

This category relates to services provided in connection with certain non-bankruptcy related litigation.  During the Interim Period, PSZY&J addressed issues regarding the filing of a declaration relating to Debtors' pending asbestos litigation.

Fees:  $264.00;        Total hours:  .80

**I.**     **Operations**

This category relates to services provided in connection with Debtors' business operations.  During the Interim Period, PSZY&J addressed issues relating to Debtors' motion for an order clarifying the Court's order authorizing Debtors to honor their prepetition customer practices.

Fees:  $118.00;        Total hours:  .80

**J.**     **Plan/Disclosure Statement**

This category relates to services provided relating to plan and disclosure statements issues.  During the Interim Period, PSZY&J prepared for filing and filed Debtors' motion to extend the exclusivity period.

Fees:  $88.00;        Total hours:  .80

**K.**     **Retention of Professionals**

This category relates to services provided in connection with obtaining approval of various professionals' employment.  During the Interim Period, PSZY&J, among other things: (1) filed and served the application to employ Steptoe & Johnson LLP as special tax counsel;

91100-001\DOCS_DE:38117.1

(2) reviewed and revised the objection to the retention of Professor Warren as an expert; and

(3) filed the supplemental affidavit of James H.M. Sprayregen regarding the retention of

Kirkland & Ellis.

Fees:  $518.00;        Total hours:  2.70

### L.    Stay Litigation

Time listed in this category relates to services provided to Debtors in connection

with automatic stay issues.  During the Interim Period, PSZY&J, among other things:

(1) finalized the stipulation for relief from stay with Honeywell International Inc.; (2) filed and

served stipulation for order resolving the motion of Gelco Corporation for relief from stay; and

(3) filed and served Debtors' opposition to a motion for relief from stay.

Fees:  $1,451.00;        Total Hours:  6.30

### Valuation of Services

Attorneys and paraprofessionals of PSZY&J expended a total of 267.00 hours in

connection with these cases during the Interim Period, as follows:

| Name of Professional Individual | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Laura Davis Jones | $550.00 | 5.30 | $ 2,915.00 |
| Hamid R. Rafatjoo | $330.00 | 10.90 | $ 3,597.00 |
| Michael R. Seidl | $305.00 | .50 | $    152.00 |
| David W. Carickhoff | $280.00 | 49.20 | $13,776.00 |
| Rachel S. Lowy | $260.00 | 2.40 | $    624.00 |
| Peter J. Duhig | $225.00 | .10 | $      22.50 |
| Laurie A. Gilbert | $125.00 | 2.80 | $    350.00 |
| Patricia E. Cuniff | $110.00 | 143.10 | $15,741.00 |
| Timothy M. O'Brien | $105.00 | .50 | $      52.50 |
| Helen D. Martin | $ 60.00 | 3.60 | $    216.00 |
| Rita M. Olivere | $ 55.00 | 4.30 | $    236.50 |
| Donna C. Crossan | $ 55.00 | 22.30 | $ 1,226.50 |
| Violet e. Mobley | $ 50.00 | 5.50 | $    275.00 |
| April M. Tabor | $ 50.00 | 1.40 | $      70.00 |

| Name of Professional Individual | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Sheryle L. Pitman | $ 50.00 | 13.30 | $ 665.00 |
| Jason M. Griffith | $ 40.00 | .50 | $ 20.00 |
| Christina M. Shaeffer | $ 40.00 | 1.30 | $ 52.00 |

The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.

These are PSZY&J's normal hourly rates for work of this character. The reasonable value of the

services rendered by PSZY&J to Debtors during the Interim Period is $39,991.50.

In accordance with the factors enumerated in Section 330 of the Bankruptcy

Code, it is respectfully submitted that the amount requested by PSZY&J is fair and reasonable

given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title. Moreover, PSZY&J has reviewed the requirements of the

Delaware Local Rules and believes that this Application complies with such Rules.

WHEREFORE, PSZY&J respectfully requests that the Court approve, for the

period November 1, 2001, through November 30, 2001, an allowance be made to PSZY&J in the

sum of $39,991.50 as compensation for necessary professional services rendered, and the sum of

$22,398.11 for reimbursement of actual necessary costs and expenses, for a total of $62,389.61,

that such sums be authorized for payment pursuant to the Administrative Order; and provide

PSZY&J such other and further relief as this Court may deem just and proper.

Dated:  January 22, 2002

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-counsel for Debtors and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE          :

                           :

COUNTY OF NEW CASTLE   :

David W. Carickhoff, Jr., after being duly sworn according to law, deposes and says:

a)      I am an associate with the applicant law firm Pachulski, Stang, Ziehl, Young & Jones P.C., and have been admitted to appear before this Court.

b)      I have personally performed many of the legal services rendered by Pachulski, Stang, Ziehl, Young & Jones P.C. as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZY&J.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware, and submit that the Application substantially complies with such rules.

_____
David W. Carickhoff, Jr.

SWORN AND SUBSCRIBED

before me this 21st day of January , 2002.

_____
Notary Public
My Commission Expires:  03-21-02

91100-001\DOCS_DE:38117.1

-1-