UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | X ) ) ) ) ) ) ) ) ) ) ) ) X | Chapter 11 Case Nos.: 01-1139 through 01-1200 (Jointly Administered) Objection Deadline: February 15, 2002 at 4:00 PM Hearing Date:      February 25, 2002 at 8:00 AM |
| W.R. GRACE & CO., et al., |  |  |
| Debtor. |  |  |

## MOTION OF GE CAPITAL CORPORATION
## TO COMPEL ASSUMPTION OR REJECTIN OF
## UNEXPIRED LEASES AND FOR POST-PETITION LEASE PAYMENTS

GE CAPITAL CORPORATION ("GE CAPITAL") hereby submits the following motion for an order compelling the Debtors to assume and cure all pre and post petition defaults, or reject those certain unexpired Lease Agreements dated June 26, 2000 and January 29, 1998 (hereinafter collectively referred to as the "Leases") between the Debtor and GE CAPITAL or in the alternative to pay all past due and future post-petition rental payments to GE CAPITAL until the leases are assume or rejected. Copies of the Leases are attached to the accompanying declaration of Robert Nasinka and are more fully described therein.

### I.    INTRODUCTION

1.    By the motion, GE CAPITAL seeks an order of this court compelling assumption or rejection of the Leases and payment of all past due and future post-petition rental payments thereunder to GE CAPITAL, or in the alternative compelling the debtors to make all post-petition rental payments thereunder, until the Leases are assumed or rejected.

2. The 60 day period under 11 U.S.C. §365(d)(10) expired on June 1, 2001. The Debtors have failed to pay any post-petition rental payments under the Leases to GE CAPITAL. GE CAPITAL is informed and believes and thereon alleges that the Debtors are using the equipment subject to the Leases (the "Equipment") in the operation of their business.

## II. SUMMARY OF FACTS

3. Pre-petition, the Debtor entered into the aforementioned Leases with Yale Industrial Trucks-Maryland, Inc. and Eastern Lift Truck (collectively the "Lessors"). Pursuant to the Leases, the Debtor leased various equipment from the Lessors. GE CAPITAL owns 100% of the capital sock of the Lessors. See Declaration of Robert Nasinka ("Nasinka Declaration") attached hereto as Exhibit "A".

4. On April 2, 2001, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and Orders for Relief were entered on that date.

5. Copies of the Leases are attached to the Nasinka Declaration as Exhibit "1" and "2".

6. GE CAPITAL has not received certain post-petition rental payments due under the Leases from the Debtor. See Nasinka Declaration.

7. GE CAPITAL is informed and believes and thereon alleges that the Debtor is using the Equipment in the operation of its business.

## III. ARGUMENT

A. The Court May Set A Specified Period Of Time For The Debtor To Assume Or Reject The Lease

8. 11 U.S.C. § 365(d)(10) provides in relevant part:

> In a case under Chapter ...11, ... of this title, the trustee may assume or reject an executor contract or unexpired Lease of ...personal property of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or Lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or Lease.

9. What constitutes "reasonable time" within which to affirm or reject a Lease under 11 U.S.C. § 362(d)(2) is left to the Bankruptcy Court's discretion in light of all circumstances of the case. *In re Monroe Well Services, Inc.* 83 B.R. 317 (Bankr. E.D. Penn 1988); . *In re York Deli, Ltd.* 41 B.R. 198 (Bankr. D.Ha. 1984).

10. 11 U.S.C. § 362(d)(10) provides in relevant part:

> [t]he trustee shall perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired Leases of personal property..., until such Leases are assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof.

11. The 60-day period set forth in 11 U.S.C. § 365(d)(10) expires on June 1, 2001. Further, GE CAPITAL has not received post-petition rental payments due under the Leases from the Debtors. GE CAPITAL believes that this Court should compel the Debtor to make a decision to assume or reject the Leases within 30 days of the date of the hearing on this motion or such requisite amount of time that the Court deems proper. In addition, the Debtor should be compelled to make all past due and future post-petition rental payments under the Leases to GE CAPITAL until the Leases are rejected.

12. Under § 365(d)(10) of the Bankruptcy Code, the Debtor is required to pay the contractually agreed upon rent which becomes due after the sixty (60) day period following the entry of an Order for Relief until same is rejected.

13. Furthermore, GE CAPITAL believes that the Debtors are using the Equipment subject to the leases.

### IV.   CONCLUSION

14. For the foregoing reasons, GE CAPITAL respectfully requests that this Court make and enter its order compelling the Debtor to assume or reject the Leases within 30 days of the date of the hearing on this motion or such requisite time that the Court deems proper. In addition, GE

CAPITAL respectfully requests that the Court order the Debtor to make all past and future post-petition rental payments under the Leases to GE CAPITAL until the Leases are rejected.

Dated: January 23, 2002                       WALSH MONZACK AND MONACO, P.A.

*[signature]*

Kevin J. Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
(302) 656-8162
Counsel for GE CAPITAL CORPORATION