**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 1457 & 1512**<br><br>**Obj. Deadline: No Objection Deadline**<br>**Hearing: No Hearing Scheduled** |

**SUPPLEMENTAL RESPONSE AND RESERVATION OF RIGHTS OF VISIONA ROMANTICA, INC., ET AL., TO NOTICE OF FILING OF LIST OF ASSUMED CONTRACTS PURSUANT TO SALE ORDER**

Visiona Romantica, Inc. ("Visiona"), Jackboot, Inc. ("Jackboot"), Brown 26 Productions, LLC, Supercool Manchu Too, LLC, L. Driver Productions, Inc., Cine-Manic Productions, Inc., and Quentin Tarantino ("Tarantino" and, together with the foregoing parties, the "Tarantino Parties"), by and through their undersigned counsel, hereby submit this supplemental response and reservation of rights (the "Supplemental Response") to the *Notice of Filing of List of Assumed Contracts Pursuant to Sale Order* (the "Notice") [D.I. 1457] and the *Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order* (the "Supplemental Notice") [D.I. 1512] filed on September 20, 2018, by The Weinstein Company Holdings LLC and its debtor affiliates (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned, jointly

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

61485328.1

- 2 -

administered bankruptcy cases (collectively, the "Chapter 11 Cases"). In support thereof, the Tarantino Parties respectfully submit as follows:

**BACKGROUND**

1. Tarantino is an American screenwriter and director. Over the past decades, Tarantino has written, produced, directed, and starred in some of the most iconic and successful films released in the United States, including, without limitation, Reservoir Dogs (1992), Pulp Fiction (1994), Jackie Brown (1997), the Kill Bill franchise (2003-2004), Inglourious Basterds (2009), Django Unchained (2012), and The Hateful Eight (2015).

2. Since the inception of the Debtors in or about 2005, Tarantino has worked with The Weinstein Company LLC ("TWC") and its affiliates (collectively, the "TWC Parties") on four (4) films (collectively, the "QT/TWC Films")—namely, Grindhouse/Death Proof (2007), Inglourious Basterds (2009), Django Unchained (2012), and The Hateful Eight (2015). In connection with the production of each of the QT/TWC Films, the Tarantino Parties entered into a series of agreements with the TWC Parties (collectively, the "QT/TWC Agreements"), including, without limitation, one-time licensing agreements authorizing the TWC Parties and their financing partner(s) to exploit the copyrights in the QT/TWC Films owned by the Tarantino Parties (collectively, the "Tarantino Copyrights").

3. Universal Pictures ("Universal") co-financed the production of Inglourious Basterds ("Inglourious") in association with the TWC Parties pursuant to a *Co-Financing and Distribution Agreement* (the "Co-Financing Agreement") dated on or about August 1, 2008. Following the production of Inglourious, Universal served as the international and domestic home video distributor of Inglourious and "paymaster" for the revenues derived from the exploitation of Inglourious worldwide. The TWC Parties served as the domestic distributor of Inglourious.

4.	On March 19, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code—thereby commencing the Chapter 11 Cases.  Shortly thereafter, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially all of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* (the "Sale Motion"). [D.I. 8]  By and through the Sale Motion, the Debtors sought authority to, among other things, assume and assign certain executory contracts and unexpired leases and to sell substantially all of their entertainment assets (the "Assets"), including, without limitation, the Debtors' rights under the assumed executory contracts and unexpired leases, to Lantern (the "Sale").  [*Id*.]

5.	In association with the Sale, the Debtors filed three (3) notices of potential assumption and assignment of thousands of executory contracts and unexpired leases (collectively, the "Assumption Notices").  [D.I. 216, 282, 860].  The Assumption Notices identified numerous QT/TWC Agreements.  [*Id*.]  The Tarantino Parties filed timely responses and reservations of rights to each of the Assumption Notices (collectively, the "Assumption Notice Responses"), which are incorporated herein by reference.  [D.I. 550, 713, 933]  By and through the Assumption Notice Responses, the Tarantino Parties objected to the assumption and assignment of the QT/TWC Agreements on a number of grounds, including, but not limited to, (a) that the Debtors were in default and must cure the defaults prior to assumption and assignment and (b) the Debtors could not assume or assign the QT/TWC Agreements without the consent of the Tarantino Parties

under applicable non-bankruptcy law by virtue of section 365(c) of the Bankruptcy Code. [D.I. 550, 713, 933] The agreements subject to the Assumption Notice Responses included the Co-Financing Agreement. The objections to the assumption and assignment of any agreements related to the QT/TWC Films remain unresolved.

6.	On May 9, 2018, the Court entered an order granting the Sale Motion and approving the Sale to Lantern (the "Sale Order") [D.I. 846]. The Sale Order, however, did not resolve the pending objections to the assumption or assignment of the QT/TWC Agreements. Indeed, paragraphs OO and 61 of the Sale Order expressly provide that the entry of the Sale Order shall not affect the rights of any party that filed a timely objection or response to the Assumption Notices (e.g., the Tarantino Parties), which were (and are) preserved and shall be addressed at a final hearing (the "Assumption Hearing") regarding the assumption and assignment of executory contracts and unexpired leases. [D.I. 846, pp. 17, 47] The Sale allegedly closed on July 13, 2018, without resolving the objections to the Assumption Notices. The Debtors have unilaterally adjourned the Assumption Hearing on multiple occasions. The Assumption Hearing is presently scheduled for October 16, 2018, at 10:30 a.m. ET. [D.I. 1523]

7.	On September 5, 2018, the Debtors filed the Notice. [D.I. 1457] By and through the Notice, the Debtors identified certain executory contracts and unexpired leases the Debtors intended to assume and assign to Lantern pursuant to the Sale Order. [*Id.*] The Notice did not identify any of the agreements related to the QT/TWC Films, including the Co-Financing Agreement. [*Id.*]

8.	On September 20, 2018, the Debtors filed the Supplemental Notice. [D.I. 1512] By and through the Supplemental Notice, the Debtors identified additional executory contracts that the Debtors intend to assume and assign to Lantern pursuant to the Sale Order. [*Id.*] More

precisely, the Supplemental Notice added twelve (12) executory contracts by and between TWC and Universal, including the Co-Financing Agreement. [*Id.*]

## RESPONSE

9. By and through the Supplemental Notice, the Debtors and Lantern seek to assume and assign, among other agreements, the Co-Financing Agreement pertaining to Inglourious. The Co-Financing Agreement, however, does not authorize the Debtors or Lantern to distribute, exploit or otherwise use Inglourious or the related copyrighted materials. To the contrary, the right to exploit Inglourious is governed by, among other agreements, the Term Sheet dated August 1, 2008 and Short Form License dated August 1, 2008, by and between TWC, Universal, Visiona, and Jackboot, which are identified as contract numbers 24797 and 24778, respectively, on the *Notice of Filing Final List of Potentially Assumed Contracts and Leases* filed on May 10, 2018 (the "Final Assumption Notice") [D.I. 860].

10. If the Debtors and Lantern seek to assume and assign the Universal Co-Financing Agreement for Inglourious, they also need to assume and assign the other executory contracts for Inglourious to which the Tarantino Parties are parties, subject to the satisfaction of the requirements of section 365 of the Bankruptcy Code. Without any rights to distribute or exploit Inglourious, a piecemeal approach will result in multiple violations of the Inglourious copyrights, which are owned by Visiona, and create substantial confusion. Indeed, the mere appearance of authority to distribute Inglourious that could be misconstrued from the Debtors' and Lantern's assumption and assignment of the Co-Financing Agreement will irreparably harm the Tarantino Parties and the distribution of Inglourious by suggesting that the Debtors and Lantern have the right to distribute Inglourious (and potentially other QT/TWC Films) in violation of the Tarantino Copyrights and other relevant agreements.

11. Accordingly, to the extent the Debtors seek to assume and assign any agreements related to Inglourious (or any of the other QT/TWC Films), the Tarantino Parties respectfully submit that the Court should concurrently require the Debtors to (a) satisfy the requirements of section 365 of the Bankruptcy Code and (b) assume and assign to Lantern all agreements pertaining to Inglourious, which include the following agreements previously identified by the Debtors:

| Picture | Contract No.[2] | Debtor(s) | Counter-party | Description (Ex. 1 to Notice of Assumption) |
|---|---|---|---|---|
| **Inglourious Basterds** | 12064 | TWC | Jackboot | Letter Agreement No 2 to Universal Term Sheet Agreement<br>Effective Date: 8/17/2009 |
| | 12065 | TWC | Jackboot | Short Form License<br>Effective Date: 8/1/2008 |
| | 24778 | TWC | Visiona | Short Form License<br>Effective Date: 8/1/2008 |
| | 24783 | TWC | Visiona | Term Sheet Side Letter<br>Effective Date: 8/1/2008 |
| | 24797 | TWC | Visiona | TWC/Universal Term Sheet<br>Effective Date: 8/1/2008 |

## **RESERVATION OF RIGHTS**

12. In addition to the foregoing, the Tarantino Parties file this Supplemental Response to (a) restate and preserve their rights and objections to the assumption and assignment of the QT/TWC Agreements without the consent of the Tarantino Parties and satisfying the requirements of the Bankruptcy Code and Bankruptcy Rules, including, without limitation, the provision of full and complete accountings, an audit of revenues, and the payment of any and all amounts due and owing to the Tarantino Parties under the QT/TWC Agreements, and (b) to renew and preserve

---

[2] The contract numbers listed herein refer to the contract numbers assigned to the subject agreements in the Final Assumption Notice.

- 6 -

61485328.1

their objection to the continued distribution of the QT/TWC Films by Lantern pending assumption and assignment of the QT/TWC Agreements in violation of the Tarantino Copyrights.

13.    The Tarantino Parties expressly reserve the right to amend or supplement this Supplemental Response and/or the Response and to assert any other rights, objections and remedies under and relating to any agreements by and between the Tarantino Parties, and/or their affiliates, and the TWC Parties, the Bankruptcy Code or other applicable law, including, without limitation, the rights to raise additional arguments or objections concerning the proposed treatment or disposition of any agreements by and between the Tarantino Parties, and/or their affiliates, and the TWC Parties and any resulting or related claims, and to interpose amended or further responses at a later date, as may be warranted by attendant facts and circumstances.

14.    The Tarantino Parties expressly reserve any and all rights, arguments, objections, reservations of rights or remedies asserted or sought through the Assumption Notice Responses, their response to the *Debtors' Statement Regarding Contracts to Be Transferred Pursuant to the Asset Purchase Agreement with Lantern Entertainment LLC* (the "Statement Response") [D.I. 1064], the Response, this Supplemental Response, or any of them.  The Notice and the Supplemental Notice have no bearing on and do not resolve the objections raised in the Assumption Notice Responses or Statement Response and, moreover, do not relieve or release the Debtors or Lantern of their obligations and burdens in association with the assumption or assignment of the QT/TWC Agreements, or any of them.

## CONCLUSION

15.    WHEREFORE, the Tarantino Parties respectfully request that the Court condition the entry of any order approving or ratifying the assumption or assignment of any executory contract or unexpired leased identified in the Notice or Supplemental Notice on (1) the Debtors and Lantern satisfying the requirements of section 365 of the Bankruptcy Code and assuming and

assigning all agreements related to Inglourious, and (2) the inclusion of provisions (a) expressly preserving any and all objections to the assumption and assignment of the QT/TWC Agreements, or any of them, and (b) clarifying that the reservation of rights provision of the Notice or Supplemental Notice shall not resolve any such objections or in any way limit or alter the requirements and obligations associated with the assumption and/or assignment of any of the QT/TWC Agreements by the Debtors or Lantern.

Dated: October 3, 2018
Wilmington, Delaware

*/s/ Laurel D. Roglen*
Matthew G. Summers (No. 5533)
Laurel D. Roglen (No. 5759)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone:   (302) 252-4428
Facsimile:    (302) 252-4466
Email: summersm@ballardspahr.com
         roglenl@ballardspahr.com

-and-

Howard J. Weg*
Michael T. Delaney*
ROBINS KAPLAN LLP
2049 Century Park East,
Suite 3400
Los Angeles, CA 90067
Telephone:   310 552 0130
Facsimile:    310 229 5800
Email: hweg@robinskaplan.com
         mdelaney@robinskaplan.com
(*Admitted *pro hac vice*)

*Attorneys for Visiona Romantica, Inc., Jackboot, Inc., Brown 26 Productions, LLC, Supercool Manchu Too, LLC, L. Driver Productions, Inc., Cine-Manic Productions, Inc., and Quentin Tarantino*