**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
THE WEINSTEIN COMPANY HOLDINGS            :    Case No. 18-10601 (MFW)
LLC, et al.,                              :
                                          :    (Jointly Administered)
                          Debtors.¹       :
                                          :    Re: Docket No. ___
-------------------------------------------------------------x
```

**ORDER APPROVING STIPULATION AMONG THE DEBTORS,**
**LANTERN ENTERTAINMENT LLC, CONTENT PARTNERS**
**FUND 3 SPV LP, AND CONTENT PARTNERS FUND 3 SPV1 LP**

Upon consideration of the *Stipulation Among the Debtors, Lantern Entertainment LLC,*
*Content Partners Fund 3 SPV LP, and Content Partners Fund 3 SPV1 LP* (the "Stipulation"),[2] a

copy of which is attached to this Order as **Exhibit 1**, as agreed to by and among the above-

captioned debtors and debtors-in-possession (the "Debtors"), Lantern Entertainment LLC

(together with its affiliates, "Lantern"), Content Partners Fund 3 SPV LP ("Content Partners

SPV") and Content Partners Fund 3 SPV1 LP ("Content Partners SPV1" and, together with

Content Partners SPV, "Content Partners"), dated October 3, 2018.

**IT IS HEREBY ORDERED THAT:**

1.      The Stipulation is approved in its entirety and is incorporated here by reference.

---

[1]   The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837).  The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2]   Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Stipulation.

#50357634 v1

2.      The Debtors are authorized to take any and all actions reasonably necessary to effectuate the terms of this Order and the Stipulation.

3.      The assumption and assignment of the Content Partners Agreements pursuant to and as defined in the Stipulation is made pursuant to the terms of the Sale Order, and the Content Partners Agreements are and shall be treated as Purchased Assets under the terms of the Sale Order.

4.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5.      This Court retains jurisdiction over any and all matters arising from or related to the implementation of the Stipulation and this Order.

#50357634 v1

## **EXHIBIT 1**

### **STIPULATION**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
            :

In re:                        :    Chapter 11

            :

THE WEINSTEIN COMPANY HOLDINGS   :    Case No. 18-10601 (MFW)
LLC, *et al.*,                :

            :    Jointly Administered

         Debtors.[1]      :

            :

            :
---------------------------------------------------------------x

**STIPULATION AMONG THE**
**DEBTORS, LANTERN ENTERTAINMENT LLC,**
**CONTENT PARTNERS FUND 3 SPV LP, AND CONTENT PARTNERS FUND 3 SPV1 LP**

This stipulation is made and entered into between and among (i) The Weinstein Company LLC ("TWC") and its affiliated debtors and debtors in possession (together with TWC, the "Debtors"), (ii) Lantern Entertainment LLC (together with its affiliates, "Lantern"), and (iii) Content Partners Fund 3 SPV LP ("Content Partners SPV") and Content Partners Fund 3 SPV1 LP ("Content Partners SPV1" and, together with Content Partners SPV, "Content Partners"). The Debtors, Lantern, and Content Partners may each be referred to individually as a "Party" and, collectively, be referred to herein as the "Parties."

---

[1]    The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

## RECITALS

**WHEREAS**, on March 19, 2018 (the "Petition Date"), the Debtors commenced these voluntary Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

**WHEREAS**, on March 20, 2018, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 8].

**WHEREAS**, on April 6, 2018, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* (the "Bid Procedures Order") [Docket No. 190].

**WHEREAS**, on April 13, 2018, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 13 Notice") [Docket No. 216], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the sale contemplated by the Bid

Procedures Order (the "Sale"), together with associated asserted cure amounts.  The April 13 Notice included (i) that certain Production, Financing, and Distribution Agreement, effective as of August 13, 2012, as amended thereafter, between Content Partners SPV, assignee of Walden Media LLC, and TWC (the "Giver Agreement") with respect to the motion picture entitled "The Giver" ("The Giver") and (ii) that certain Exclusive License Agreement, effective as of January 29, 2010, as amended thereafter, between Content Partners SPV1, assignee of Incentive Film Distribution, LLC, and TWC (the "Blue Valentine Agreement" and, together with the Giver Agreement, the "Content Partners Agreements") with respect to the motion picture entitled "Blue Valentine" ("Blue Valentine" and, together with The Giver, the "Pictures").

**WHEREAS**, on April 20, 2018, the Debtors filed the *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 20 Notice") [Docket No. 282], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The April 20 Notice included the Content Partners Agreements.

**WHEREAS**, on April 27, 2018, the Debtors filed the *Notice of Second Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 27 Notice") [Docket No. 482], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The April 27 Notice did not include the Content Partners Agreements.

**WHEREAS**, on April 30, 2018, Content Partners filed the *Objection of Content Partners Fund 3 SPV LP and Content Partners Fund 3 SPV1 LP to Debtors Motion for Entry of an Order*

3

*Approving Assumption and Assignment of Executory Contracts and Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts,* in which it objected to: (i) the Debtors' Proposed Cure Amount and (ii) the assumption and assignment of the Content Partners Agreements, and asserted a reservation of rights [Docket No. 571] (the "Objection").

WHEREAS, on May 9, 2018, the Court entered its *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* (the "Sale Order") [Docket No. 846], which, *inter alia*, approved the sale of substantially all of the Debtors' assets to Lantern.

WHEREAS, on May 10, 2018, the Debtors filed the *Notice of Filing of Final List of Potentially Assumed Contracts and Leases* (the "May 10 Notice") [Docket No. 860], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The May 10 Notice included the Content Partners Agreements.

WHEREAS, on July 11, 2018, the Court entered its *Order Approving Amendment to Asset Purchase Agreement Entered into by and Between the Debtors and Lantern Entertainment LLC* [Docket No. 1220].

WHEREAS, on July 17, 2018, the Debtors filed the *Notice of Closing of Sale to Lantern Entertainment LLC* [Docket No. 1247].

4

#50357662 v1

**WHEREAS**, the Parties desire to enter into this Stipulation to avoid the burden and expense associated with litigation relating to the assumption and assignment of the Content Partners Agreements and to resolve the Objection.

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2.      This Stipulation shall be effective upon (i) its execution by the Parties hereto and (ii) the entry by the Court of an Order approving this Stipulation (such date, the "Effective Date").

3.      Content Partners consents to the assumption by the Debtors and assignment to Lantern of the Content Partners Agreements, subject to the terms and conditions set forth in this Stipulation.

4.      Within ten (10) days after the Effective Date, Lantern shall pay to Content Partners (i) the sum of $1,182,837 on account of amounts owed under the Giver Agreement as of March 31, 2018 (the "Giver Cure Amount") and (ii) the sum of $249,121 on account of amounts owed under the Blue Valentine Agreement as of September 31, 2017 (the "Blue Valentine Cure Amount" and, together with the Giver Cure Amount, the "Cure Amount").  Upon receipt of payment of the Cure Amount by Content Partners, the Objection shall be deemed withdrawn by Content Partners.

5.      Lantern shall assume all obligations under the Content Partners Agreements, including, without limitation, the obligations to (i) provide Content Partners with accountings (a) with respect to The Giver in accordance with paragraph 11 of the Giver Agreement commencing with the accounting for the period April 1, 2018 through September 30, 2018 and (b) with

respect to Blue Valentine in accordance with paragraph 17 of the Blue Valentine Agreement commencing with the accounting for the period October 1, 2017 through September 30, 2018, and (ii) pay Content Partners the amounts due and owing pursuant to the accountings for (a) The Giver, in accordance with the Giver Agreement commencing with the accounting for the period April 1, 2018 through September 30, 2018, and (b) Blue Valentine, in accordance with the Blue Valentine Agreement commencing with the accounting for the period October 1, 2017 through September 30, 2018.

6.    Content Partners agrees that (i) it will forgo audit rights with respect to accountings previously delivered by TWC (or any of the other Debtors) to Content Partners and (ii) its audit rights will resume upon the delivery by Lantern to Content Partners of the first accounting statement for each film for the accounting periods ending September 30, 2018, it being understood for the avoidance of doubt that such audit rights may be asserted only against Lantern and not against the Debtors' estates.

7.    The Parties acknowledge and agree that payments arising under this Stipulation, shall solely be obligations of Lantern, and no recourse may be had by Content Partners against the Debtors' estates with respect to such payments.  The payments made under this Stipulation shall cure the Content Partners Agreements under section 365(b)(1)(A) of the Bankruptcy Code and, for the avoidance of doubt, all claims against the Debtors' estates with respect to the Content Partners Agreements are hereby fully and irrevocably waived.  For the avoidance of doubt, pursuant to section 365(k) of the Bankruptcy Code, the assumption and assignment of the Content Partners Agreements pursuant to this Stipulation relieves the Debtors and their estates from any liability for any breach of the Content Partners Agreements occurring after such assumption and assignment, including, but not limited to, any administrative expense claims.

#50357662 v1

8.      The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

[*Remainder of page intentionally blank*]

Dated: October 3, 2018

**RICHARDS, LAYTON & FINGER, P.A.**

/s/ *Zachary I. Shapiro*
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**CRAVATH , SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Plaza
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for the Debtors and Debtors in Possession*

**PEPPER HAMILTON LLP**

/s/ *Evelyn J. Meltzer*
David B. Stratton (No. 960)
David M. Fournier (No. 2812)
Evelyn J. Meltzer (No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email: stratton@pepperlaw.com
        fournierd@pepperlaw.com
        meltzere@pepperlaw.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Meredith A. Lahaie, Esq. (admitted *pro hac vice*)
Michael S. Stamer, Esq. (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: aqureshi@akingump.com
        mlahaie@akingump.com

*Attorneys for Lantern Entertainment LLC*

9

**CHIPMAN BROWN CICERO & COLE**

*/s/  William E. Chipman, Jr.*
William E. Chipman, Jr., Esq. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE  19801-6101
Telephone:  (302) 295-0191
E-Mail:  chipman@chipmanbrown.com

-and-

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

Debra A. Riley, Esq. (No. 151925)
One America Plaza, 600 West Broadway, 27th Floor
San Diego, CA 92101-0903
Telephone: (619) 235-1520
Email: driley@allenmatkins.com

*Attorneys for Content Partners*

10