IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------)
In re                                                         )   Chapter 11
                                                              )
W. R. GRACE & CO., et al.,[1]                                 )   Case No. 01-01139 (JKF)
                                                              )   (Jointly Administered)
                                                              )
                    Debtors.                                  )
                                                              )
--------------------------------------------------------------)

### AFFIDAVIT OF W. D. HILTON, JR. IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING RETENTION AND EMPLOYMENT OF W. D. HILTON, JR. AS A CONSULTANT TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO MAY 2, 2001

STATE OF TEXAS            )
                          )  ss.:
COUNTY OF HUNT            )

W. D. Hilton, Jr., being duly sworn, deposes and says:

1. I am resident of the State of Texas, and reside at 19 Mullaney Road, Greenville, Texas 75402.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. This affidavit is being submitted in support of the Application for Order Pursuant To Sections 1103(a) and 328(a) of The Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016 Authorizing the Retention and Employment of W. D. Hilton, Jr. as a Consultant to the Official Committee of Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (the "Application").

3. I have personal knowledge of the facts stated herein and, if called as a witness, could competently testify thereto.

4. I am the principal of a consulting firm that provides, among other services, analytical services focused on the analysis and resolution of claims and the development of claims facilities with regard to payments and assets of claims resolution trusts. I am well qualified to serve as the PD Committee's consultant in that, among other things, I have assisted and advised numerous chapter 11 settlement trusts in the property damage claims review, resolution and processing in several other asbestos and "mass tort" reorganizations. In particular, I have provided services to the Property Damage Claims Facility for, inter alia, the Celotex Asbestos Settlement Trust, the Eagle – Picher Property Damage Trust and the Texas Political Entities Class Action Settlement.

## TERMS OF RETENTION

5. The PD Committee anticipates that I will render consulting services for the PD Committee as needed throughout the course of the Chapter 11 Cases, including:

   (a) Reviewing and analyzing the claims facility proposed by the Debtors in comparison to claims facilities which have been established in other asbestos bankruptcies;

   (b) Analyzing and assessing of the various proof of claims forms proposed by the Debtors;

(c) Assessing the Debtors' treatment of "threshold issues";

(d) Analyzing and responding to issues relating to the establishment of a bar date regarding the filing of property damage claims;

(e) Assessing proposals made by the Debtors or other parties, including and without limitation proposals from other creditors' committees;

(f) Rendering expert testimony as required by the PD Committee; and

(g) Such other advisory services as may be requested by the PD Committee from time to time.

6. I have agreed to be compensated for my services on an hourly basis, in accordance with my normal billing practices, subject to allowance by this Court in accordance with applicable law. My current hourly rate is three hundred dollars ($300) per hour; provided, however, that depositions, arbitrations, hearings or trial testimony is billed at four hundred dollars ($400) per hour.

7. In addition, subject to allowance by this Court in accordance with applicable law, I shall bill the Debtors monthly for reimbursement of all of my reasonable out-of-pocket expenses incurred in connection with my employment.

8. No promises have been received by me as to compensation in connection with these cases other than as outlined in this affidavit and the Application in accordance with the provisions of the Bankruptcy Code. I have no agreement with any other entity to share any compensation received.

9. The terms of my employment and compensation as described in this affidavit and the Application are consistent with employment and compensation arrangements typically

entered into by me when providing such advisory services, are competitive with those arrangements entered into by other advisory firms when rendering comparable services.

## DISCLOSURE CONCERNING CONFLICTS

10. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, I do not have any connections with the Debtors, their creditors, any other parties in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows it is possible that I may hold interests in mutual funds or other investment vehicles that may own the Debtors' securities.

11. In addition to the above relationships, given the large number of unsecured creditors and other parties in interest in the Chapter 11 Cases, there may be other unsecured creditors and parties in interest that have been served by myself. While I may have provided, or may in the future provide, services to parties in interest in these cases, none of those relationships or matters have or will have any connection with the Chapter 11 Cases. I will file supplementary affidavits regarding this retention if additional relevant information is obtained.

12. I am not and was never a creditor, an equity security holder or an insider of any of the Debtors.

13. I am not and was not a director, officer or employee of any of the Debtors or provided services to any of the Debtors.

14. Accordingly, to the best of my knowledge, information and belief, I am a "disinterested person" as such term is defined by 11 U.S.C. § 101(14).

Case No. 01-01139

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of January, 2002, at Greenville, Texas.

W. D. Hilton, Jr.

Sworn to and subscribed before me this 11th day of January, 2002

Notary Public
State of Texas

PATTI SPENCER
Notary Public, State of Texas
My Commission Exp. 11-06-2004