## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. Grace & Co., et al.**[1] | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors** | ) | |
| | ) | |

### AFFIDAVIT UNDER 11 U.S.C. 327(e)
### (Firm)

| | |
|---|---|
| **STATE OF TEXAS** | ) |
| | )   **ss:** |
| **COUNTY OF HARRIS** | ) |

Christopher B. Amandes, being duly sworn, upon his oath, deposes and says:

1.     I am a Partner of Vinson & Elkins, L.L.P., located at 1001 Fannin, Suite 2300,

Houston, Texas 77002-6760 (the "Firm").

2.     The Debtors have requested that the Firm provide legal services to the Debtors,

specifically, to represent Remedium Group, Inc. with respect to a dispute with NL Industries,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Inc. concerning the implementation of a Mutual Release and Settlement Agreement effective

October 29, 1993. The Firm has consented to provide such services.

3.    The Firm may have performed services in the past and may perform services in

the future, in matters unrelated to the matters upon which the Firm has been retained in these

chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4.    As part of its customary practice, the Firm is retained in cases, proceedings and

transactions involving many different parties, some of whom may represent or be employed by

the Debtors, claimants and parties-in-interest in these chapter 11 cases. The Firm does not

perform services for any such person in connection with these chapter 11 cases, or have any

relationship with any such person, their attorneys or accountants that would be adverse to the

Debtors or their estates with respect to the matters set forth in paragraph 2 above on which the

Firm is to be employed.

5.    Neither I nor any principal of or professional employed by the Firm has agreed to

share or will share any portion of the compensation to be received from the Debtors with any

other person other than the principals and regular employees of the Firm.

6.    Neither I nor any principal of or professional employed by the Firm, insofar as I have

been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with

respect to the matters set forth in paragraph 2 above on which the Firm is to be employed.

7.    Insofar as I have been able to discern, the Debtors do not owe the Firm any

amounts for prepetition services.

8.    The Firm is conducting further inquiries regarding its retention by any creditors of

the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the

2

Firm will supplement the information contained in this Affidavit.

Executed on _17 January_, 2002
[Date of Signature]

**VINSON & ELKINS, L.L.P.**

_Christopher Bamondes_
Christopher B. Amandes
Partner

Sworn to and subscribed before me
this _17th_ day of _January_, 2002

ELIZABETH A. CORTINAS
Notary Public, State of Texas
My Commission Expires
FEBRUARY 27, 2005

_Elizabeth A. Cortinas_
Notary Public
My Commission expires: _2-27-05_

(Notarization in state where signed)

764481_1.doc