IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |

### AFFIDAVIT UNDER 11 U.S.C. 327(e)
(Firm)

| | | |
|---|---|---|
| STATE OF TEXAS | ) | |
| | ) | ss: |
| COUNTY OF HARRIS | ) | |

Christopher B. Amandes, being duly sworn, upon his oath, deposes and says:

1. I am a Partner of Vinson & Elkins, L.L.P., located at 1001 Fannin, Suite 2300, Houston, Texas 77002-6760 (the "Firm").

2. The Debtors have requested that the Firm provide legal services to the Debtors, specifically, to represent Remedium Group, Inc. with respect to a dispute with NL Industries,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

Inc. concerning the implementation of a Mutual Release and Settlement Agreement effective October 29, 1993. The Firm has consented to provide such services.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the matters upon which the Firm has been retained in these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates with respect to the matters set forth in paragraph 2 above on which the Firm is to be employed.

5. Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters set forth in paragraph 2 above on which the Firm is to be employed.

7. Insofar as I have been able to discern, the Debtors do not owe the Firm any amounts for prepetition services.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the

Firm will supplement the information contained in this Affidavit.

Executed on 17 January, 2002
[Date of Signature]

                                              **VINSON & ELKINS, L.L.P.**

                                              Christopher B. Amandes
                                              Partner

Sworn to and subscribed before me
this 17th day of January, 2002

[Notary seal: ELIZABETH A. CORTINAS, Notary Public, State of Texas, My Commission Expires FEBRUARY 27, 2005]

Elizabeth A. Cortinas
Notary Public
My Commission expires: 2-27-05

                                              (Notarization in state where signed)

764481_1.doc