IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION AND ORDER RESOLVING THE DEBTORS' MOTION FOR
THE ENTRY OF AN ORDER PURSUANT TO SECTIONS 363 AND 365 OF
THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME,
SELL AND ASSIGN A PRIME LEASE AND THE ACCOMPANYING
SUBLEASES AND THE OBJECTION AND COMPLAINT OF
AMERICAN REAL ESTATE HOLDINGS WITH RESPECT TO THE SAME**

This STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the

stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the

"Debtors"), American Real Estate Holdings, Limited Partnership ("AREH") and CMGI, Inc.

("CMGI") as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being

advised that this Stipulation and Agreed Order has been submitted in resolution of (i) the Motion (the

"Motion") of the Debtors for the entry of an order pursuant to sections 363 and 365 of title 11 of the

United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to assume and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

assign a prime lease and the accompanying subleases, (ii) the Objection (the "Objection") of AREH to the Motion and (iii) the Complaint (the "Complaint") filed by AREH with respect to the Motion and the June 22 Order (as defined in the Complaint) extending the time within which the Debtors must assume or reject unexpired leases of real property; and the Bankruptcy Court being further advised of the following:

A.    AREH, W. R. Grace & Co.-Conn., one of the Debtors ("Grace"), and CMGI are the landlord, tenant, and one of the subtenants, respectively, of a building in Woburn, Massachusetts. AREH maintains, and CMGI contests, that it has attornment rights pursuant to the Lease for the property;

B.    On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of the Bankruptcy Code and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

C.    By motion dated May 24, 2001, the Debtors requested that the Court extend the statutory sixty-day period set forth in Section 365(d)(4) of the Bankruptcy Code for assumption or rejection of leases of non-residential real property for an additional eight months, to February 1, 2002. Although AREH did not oppose the motion, CMGI did file an objection, dated June 13, 2001, alleging that such an extension would unduly prejudice CMGI;

D    The CMGI Objection was resolved between CMGI and Grace by agreement and, at a hearing on June 21, 2001, those two parties submitted a proposed order to the Court, which the Court entered (the "June 22 Order"). AREH claims that it did not receive notice of the proposed order and that the June 22 Order would vitiate its attornment rights;

E.    On August 28, 2001, the Debtors filed the Motion requesting that the Bankruptcy Court approve the Debtors' assumption, sale and assignment of each of the Dragon Court Lease (as

2

defined in the Motion), the Subleases (as defined in the Motion), the License Agreement and the Non-Disturbance Agreement to Atlantic Boston Construction, Inc. ("ABC");

F.     On September 14, 2001, AREH filed the Objection to the Motion on the basis that the assignment of the Dragon Court Lease, the Subleases, the License Agreement and the Non-Disturbance Agreement was improper because the Debtors failed to provide adequate assurance of ABC's ability to perform under the Dragon Court Lease;

G.     On October 30, 2001, AREH filed the Complaint seeking a temporary, preliminary and permanent injunction of enforcement of the June 22 Order on the ground that it was not provided with adequate notice of the June 22 Order in violation of its Constitutional right to due process;[2]

H.     As AREH is not satisfied with respect to ABC's ability to adequately perform under the Dragon Court Lease, and, in lieu of suffering additional net operating losses (as set forth in the Motion), the Debtors have decided to reject the Dragon Court Lease, the License Agreement and the Non-Disturbance Agreement;

I.     On November 13, 2001, the Bankruptcy Court entered that certain Stay Order staying the Complaint, until further order of the Court; and

---

2 The Complaint alleged that the third ordered paragraph (the "Third Ordered Paragraph") of the June 22 Order contained a provision that violated AREH's Constitutional rights  The Third Ordered Paragraph is written as follows.

"ORDERED that, unless otherwise agreed among the Debtors, American Property Investors XI ("American") and CMGI, Inc. ("CMGI"), with respect to the Unexpired Lease between the Debtors and American Property dated July 22, 1981 (the "Overlease"): (i) the Debtors must file a motion (the "Assumption Motion") requesting the authority of the Court to assume, assume and assign or reject the Overlease on or before October 1, 2001; (ii) in the event the Debtors elect not to file the Assumption Motion as of October 1, 2001, the Unexpired Lease by and between the Debtors and CMGI, dated July 27, 1999 (the "Sublease"), shall be deemed rejected effective as of October 1, 2001; or (iii) in the event the Debtors file the Assumption Motion on or before October 1, 2001, but the Assumption Motion is denied by the Court, the Sublease shall be deemed rejected as of the date of the Court denies the Assumption Motion."

June 22 Order, p. 2.

3

J.      In furtherance of the Debtors' decision to reject the Dragon Court Lease, the License Agreement and the Non-Disturbance Agreement and the agreement among the parties, the Debtors, AREH and CMGI have agreed upon the effective date of the rejection of such executory contracts and as the result thereof, the Debtors, AREH and CMGI have entered into this Stipulation and Agreed Order.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.      Immediately on the date the Bankruptcy Court executes this Stipulation and Agreed Order, the Motion, the Objection and the Complaint shall each be withdrawn in all respects and the Dragon Court Lease, the License Agreement and the Non-Disturbance Agreement shall be deemed rejected by the Debtors and terminated and AREH shall be deemed to have obtained possession of the subject property, without any further order of the Court or any further action of the Debtors, AREH or CMGI.

3.      Immediately on the date the Bankruptcy Court executes this Stipulation and Agreed Order, the Third Ordered Paragraph of the June 22 Order shall be rescinded and revoked in its entirety .

4.      Rejection of the Dragon Court Lease and rescission of the Third Ordered Paragraph of the June 22 Order shall be without prejudice to any rights that AREH and CMGI may have against one another or with regard to the Dragon Court Lease.

4

5.    The Debtors shall pay all rent and additional rent, including, without limitation, taxes, insurance and maintenance, due under the Dragon Court Lease through December 15, 2001, after which AREH agrees that (i) no additional rent or rent related charges of any kind shall be due and owing, except as set forth below in paragraphs 5 and 6 hereof and (ii) in the event any costs or expenses reasonably necessary to the maintenance or operation of the Dragon Court Lease arise after December 15, 2001, AREH shall reimburse the Debtors within ten (10) days of receipt of an invoice for such costs and expenses, to the extent such costs or expenses exceed the Sublease Rent (as defined herein).

6.    The Debtors and AREH agree that subsequent to December 15, 2001, and through the date upon which the Dragon Court Lease is rejected, the Debtors shall hold for the benefit of AREH those payments actually received by the Debtors in respect of, and in accordance with the terms of, the Subleases (the "Sublease Rent").

7.    The Debtors and AREH agree that all Sublease Rent held by the Debtors for the benefit of AREH shall be net of all of the Debtors' costs and expenses associated with the maintenance and operation of the Dragon Court Lease.

8.    Within ten business (10) days of the date of entry of the Stipulation and Agreed Order, the Debtors shall deliver to AREH all rent and additional rent owed through December 15, 2001, and any Sublease Rent owed to AREH in accordance herein.

9.    Nothing herein shall be deemed to be a waiver of AREH's right to assert a claim arising from the rejection of the Dragon Court Lease pursuant to 11 U.S.C. § 365(a) and 11 U.S.C. § 502(b)(6), and be reimbursed for such claim in accordance with the terms of the ultimate plan of reorganization approved in these chapter 11 cases

5

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order with regard to the Debtors.

11.     This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: Wilmington, Delaware
   January___, 2002

                 _____
                 The Honorable Judith K. Fitzgerald

W. R. GRACE & CO.-CONN.

By: David W Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young & Jones PC
Its: Attorney
Dated: January 31, 2002

AMERICAN REAL ESTATE HOLDINGS, LIMITED PARTNERSHIP

By: Robert N. Michaelson
Kirkpatrick & Lockhart LLP
Its: Attorney
Dated: January 29, 2002

CMGI, INC.

By: George W. Shuster, Jr.
Hale and Dorr LLP
Its: Attorney
Dated: January 29, 2002