**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| | : | |
| **W.R. GRACE & CO., et al.,** | : | **Case No. 01-01139 (JKF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

**THIRD QUARTERLY INTERIM APPLICATION OF THE
BLACKSTONE GROUP L.P. FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2001
THROUGH DECEMBER 31, 2001**

Name of Applicant: The Blackstone Group L.P.

Authorized to Provide Professional Services to: Debtors

Date of Retention Order: June 22, 2001, effective April 2, 2001

Period for Which Compensation and Reimbursement is Sought:     October 1, 2001 through
December 31, 2001

Amount of Compensation Sought as Actual, Reasonable and Necessary: $525,000.00

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: $14,653.41

This is a __ monthly     _x_ quarterly     ___interim     ___ final application

Summary of monthly fee applications filed during Third quarterly interim period:

| Fee Application, Filing Date, Docket No. (if available) | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date, Docket No. | Amount of Fees Approved (80%) | Amount of Expenses Approved (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 10/1/2001 - 10/31/2001, 11/30/2001, 1291 | $175,000.00 | $5,042.39 | 12/19/01 | $140,000.00 | $5,042.39 | $35,000.00 |
| 11/1/2001 - 11/30/2001 | $175,000.00 | $7,477.10 | | $140,000.00 | $7,477.10 | $35,000.00 |
| 12/1/2001 – 12/31/2001 | $175,000.00 | $2,133.92 | | $140,000.00 | $2,133.92 | $35,000.00 |
| **TOTAL** | $525,000.00 | $14,653.41 | | $420,000.00 | $14,653.41 | $105,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| | : | |
| **W.R. GRACE & CO., et al.,** | : | **Case No. 01-01139 (JKF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

### THIRD QUARTERLY INTERIM APPLICATION OF THE BLACKSTONE GROUP L.P. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2001 THROUGH DECEMBER 31, 2001

Pursuant to Sections 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Retention Order and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members ("Procedures"), The Blackstone Group L.P. ("Blackstone") hereby submits this third quarterly interim application for compensation and reimbursement of expenses for the period of October 1, 2001 through December 31, 2001 (the "Third Quarterly Interim Application") for services rendered as financial advisor to the debtors.

With this Third Quarterly Interim Application, Blackstone seeks interim allowance of compensation in the amount of $525,000.00 and reimbursement of actual and necessary expenses in the amount of $14,653.41 for a total of $539,653.41, or 100% of all compensation and expense reimbursement requested, for the period of October 1, 2001 through December 31, 2001 (the "Interim Period"). In support of this Third Quarterly Interim Application, Blackstone respectfully represents as follows:

**Jurisdiction**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2.     Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3.     On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

5.     On June 22, 2001, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

6.     Pursuant to the Procedures, professionals may request monthly compensation and reimbursement, and the notice parties listed in the Procedures may object to such request.  If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4

7.      Furthermore, and also pursuant to the Administrative Order, professionals are to file and serve upon the notice parties a quarterly request (the "Quarterly Interim Application") for interim Court approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Interim Application.  If the Court grants the relief requested by the Quarterly Interim Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Interim Application less any amounts previously paid in connection with the monthly fee applications.  Any payment made pursuant to the monthly fee applications or the Quarterly Interim Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

## Monthly Fee Applications Covered Herein

8.      Blackstone filed monthly fee applications for the months of October, November and December of 2001 attached hereto as Exhibits A, B and C, respectively.  As of the time of the filing of this Third Quarterly Interim Application, Blackstone has not received payment from the Debtors regarding these monthly applications.  Blackstone has not received any other payment from the Debtors in connection with the monthly fee applications pertaining to the Interim Period.

## Requested Relief

9.      With this Third Quarterly Interim Application, Blackstone requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Blackstone from October 1, 2001 through December 31, 2001.[1]  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that has already been filed with the Court and is attached hereto in Exhibits A, B and C.

---

[1] Blackstone reserves its right to seek at a later date reimbursement for expenses incurred during the application period that are not otherwise included in the relevant monthly fee application.

10.     At all relevant times, Blackstone has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

11.     All services for which compensation is requested by Blackstone were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

12.     During the Interim Period, Blackstone has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

WHEREFORE, Blackstone respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of October 1, 2001 through December 31, 2001, an allowance be made to Blackstone in the sum of $525,000.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $14,653.41 for reimbursement of actual and necessary costs and expenses incurred, for a total of $539,653.41; that the Debtors be authorized and directed to pay to Blackstone the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated:  New York, New York
        January 24, 2002

                                        THE  BLACKSTONE  GROUP  L.P.
                                        Financial Advisor to W.R. Grace & Co.

                                        By: _Pamela D. Zilly_____

                                            Pamela D. Zilly
                                            Senior Managing Director
                                            345 Park Avenue
                                            New York, NY 10154
                                            (212) 583-5000
                                            (212) 583-5707 (fax)

8

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| | : | |
| **W.R GRACE & CO., <u>et al.</u>,** | : | **Case No. 01-01139 (JKF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | : | |

**AFFIDAVIT**

STATE OF NEW YORK    )

               ) ss. :

COUNTY OF NEW YORK )

     Pamela D. Zilly being duly sworn, deposes and says:

     1.     I am a Senior Managing Director of the firm of The Blackstone Group L.P. ("Blackstone"), which firm maintains offices for providing financial advisory services at 345 Park Avenue, New York, New York 10154.   Blackstone is acting as financial advisor for the above captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned case.

     2.     This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2 in connection with Blackstone's Third Quarterly Interim Application for an allowance of compensation for services rendered to the Debtors for the period from October 1, 2001 through December 31, 2001 in the amount of (i) $525,000.00 in monthly fees and (ii) the reimbursement of expenses incurred in connection therewith in the sum of $14.653.41.

     3.     All of the services for which compensation is sought by Blackstone were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4.      No agreement or understanding exists between Blackstone and any other entity for the

sharing of compensation received or to be received for services rendered in or in connection with these

cases.

5.      I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule

2016-2 and I believe that this Third Quarterly Interim Application fully complies with all provisions

contained in said Order.

By: _____

Pamela D. Zilly
Senior Managing Director

Sworn to before me this
24 th day of January 2002

_____
Notary Public

HOLLY B. COHEN
NOTARY PUBLIC, State of New York
No. 01CO6003607
Qualified in Bronx County
Commission Expires March 9, 20 02