**EXHIBIT B**

**Sixth Monthly Fee Application for the Period**

**November 1, 2001 through November 30, 2001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                  :
                                        :       **Chapter 11**
                                        :
**W.R. GRACE & CO., et al.,**           :       **Case No. 01-01139 (JJF)**
                                        :
**Debtors.**                            :       **(Jointly Administered)**
                                        :
                                        :
                                        :

SIXTH APPLICATION OF THE BLACKSTONE GROUP
L.P. AS FINANCIAL ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR ACTUAL AND NECESSARY SERVICES
RENDERED AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
(FOR THE PERIOD NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001)

### SUMMARY SHEET

Name of Applicant:                      THE BLACKSTONE GROUP L.P.

Authorized to Provide
Professional Services to:               Debtors

Date of Retention Order:                June 22, 2001, effective April 2, 2001

Period for which
Compensation and
reimbursement is sought:                November 1, 2001 – November 30, 2001

| Amount of compensation sought as actual, reasonable and necessary: | Total | Less Holdback (@20%) |
|---|---|---|
| | $175,000.00 | $35,000.00 |

Amount of reimbursement of
expenses sought as actual,
reasonable and necessary:               $7,477.10

This is a _x_ monthly __ interim ___ final application

Summary Table:

| Fee Application, Filing Date | Total Fees Requested | Amount of Holdback (20%) | Net Fees Requested | Total Expenses Requested | Objection Received/Deadline |
|---|---|---|---|---|---|
| First 4/2/2001 - 4/30/2001, 7/30/2001 | $169,166.67 | $33,833.33 | $135,333.33 | $0 | None |
| First 5/1/2001 - 5/31/2001, 7/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $984.00 | None |
| First 6/1/2001 – 6/30/2001, 7/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $6,679.95 | None |
| Second 7/1/2001 – 7/31/2001, 8/27/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $3,504.53 | None |
| Third 8/1/2001 – 08/31/2001, 10/15/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $16,124.84 | None |
| Fourth 9/1/2001 – 09/30/2001, 11/21/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $11,846.09 | None |
| Fifth 10/1/2001 – 10/31/2001, 11/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $5,042.39 | None |
| Sixth 11/1/2001 – 11/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $7,477.10 | |
| **TOTAL** | $1,394,166.67 | $278,833.33 | $1,115,333.33 | $51,658.90 | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| | : | |
| **W.R. GRACE & CO., et al.,** | : | **Case No. 01-01139 (JJF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | : | |

SIXTH APPLICATION OF THE BLACKSTONE GROUP
L.P. AS FINANCIAL ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR ACTUAL AND NECESSARY SERVICES
RENDERED AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
(FOR THE PERIOD NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001)

## I. Background

The Blackstone Group L.P. ("Blackstone") respectfully represents as follows:

1.      Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

4.      On June 22, 2001, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

5.      Pursuant to the Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members ("Procedures"), Blackstone submits this sixth application (the "Sixth Application") for the monthly period November 1, 2001 through November 30, 2001 (the "Sixth Application Period").

6.      Blackstone submits this Sixth Application (i) for allowance of reasonable compensation for actual and necessary professional services by it as financial advisor to the Debtors in these cases for the Sixth Application Period, and (ii) for reimbursement of actual and necessary expenses incurred in representing the Debtors during that same period. This Sixth Application is made pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order and Delaware Bankruptcy Local Rule 2016-2.

7.      Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Debtors pursuant to chapter 11 of the Bankruptcy Code. Blackstone believes it is appropriate that it be compensated for the time spent and be reimbursed for the expenses incurred in connection with these matters.

8.      For the Sixth Application Period, Blackstone has provided professional services to the Debtors and incurred fees for such services totaling $175,000.00. This represents Blackstone's monthly fee of $175,000.00 for the period November 1, 2001 through November

30, 2001. For the Sixth Application Period, Blackstone has incurred actual and necessary expenses in connection therewith totaling $7,477.10. With respect to these specific amounts, Blackstone has received no payments as of the date of the Sixth Application.

9.     As was set out in the Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession (the "Retention Application"), Blackstone provided advisory services to the Debtors prior to the Petition Date. Specifically, Blackstone served as financial advisor to the Debtors since February 2001.

## II.  The Blackstone Engagement

10.     On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to the Engagement Agreement as their financial advisor effective as of April 2, 2001, the petition date (the "Effective Date"). Specifically, Blackstone was retained as Financial Advisor to provide the following professional services:

(a) Assist in the evaluation of the Debtors' businesses and prospects;

(b) Assist in the development of the Debtors' long-term business plan;

(c) Analyze the Debtors' financial liquidity and financing requirements;

(d) Assist in the estimation of asbestos claims including the preparation of an estimation model for payments and costs and the analyses of payment and funding scenarios;

(e) Evaluate the Debtors' debt capacity and alternative capital structures;

(f) Develop valuation, debt capacity and recovery analyses in connection with developing and negotiating a potential Restructuring;

(g) Analyze various restructuring scenarios and the potential impact of these scenarios on the value of the Debtor and the recoveries of stakeholders impacted by the Restructuring;

(h) Develop a negotiating strategy and assist in negotiations with the Debtors' creditors and other interested parties with respect to a potential Restructuring;

(i) Value securities offered by the Debtor in connection with a Restructuring;

(j) Make presentations to the Debtors' Board of Directors, creditor groups or other interested parties, as appropriate;

(k) Provide expert witness testimony, as requested; and,

(l) Provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring, as requested and mutually agreed.

11.    Pursuant to the Engagement Agreement, the Debtors agreed to pay Blackstone the following fees in consideration for services to be rendered:

(a) A monthly advisory fee (the "Monthly Fee") in the amount of $175,000, with the first payment of such Monthly Fee payable upon the effective date and additional installments of such Monthly Fee payable in advance on monthly anniversaries of the effective date; and

(b) A $5,000,000 Restructuring Fee paid upon consummation of a Restructuring (as defined in the Engagement Agreement).

Furthermore, pursuant to the Engagement Agreement, the Debtors agreed to reimburse Blackstone for the reasonable and documented out-of-pocket expenses incurred by Blackstone in rendering the services to be provided under the Engagement Agreement.

12.    For financial advisory services provided to the Debtors during the Sixth Application Period, Blackstone respectfully requests (a) approval of $182,477.10 consisting of (i) monthly fees in the amount of $175,000.00 and (ii) reimbursement of out-of-pocket expenses in the amount of $7,477.10; and (b) authorization for the Debtors to pay Blackstone's approved fees and expenses in the amount of $147,477.10 consisting of (i) monthly fees in the net amount

of $140,000.00, representing total monthly fees of $175,000.00, less a 20% holdback pursuant to the interim compensation procedures, and (ii) out-of-pocket expenses referred to in (a) above.

## III. The Blackstone Team

13.     The financial services set forth above were performed primarily by Pamela Zilly – Senior Managing Director; Richard Shinder – Vice President; David Blechman – Associate; and Michael Alexander – Analyst:

> (a) <u>Pamela Zilly</u>:  Pamela Zilly is a Senior Managing Director of Blackstone. Prior to joining Blackstone Ms. Zilly was a Vice President of Chemical Bank where she divided her time between the Mergers and Acquisitions Group and the Restructuring and Reorganization Group.  Since joining Blackstone, Ms. Zilly has provided services to debtors and creditors in both formal and informal restructuring engagements.

> (b) <u>Richard Shinder</u>: Richard Shinder is a Vice President of Blackstone. Prior to joining Blackstone Mr. Shinder was a Vice President at Lehman Brothers in its Leveraged Finance group.  He has worked on a number of debtor and creditor restructuring engagements since joining Blackstone in 2000.

> (c) <u>David Blechman</u>: David Blechman is an Associate of Blackstone.   Mr. Blechman joined Blackstone in 2000 after receiving his M.B.A. with honors from Columbia Business School.

> (d) <u>Michael Alexander</u>: Michael Alexander is an Analyst of Blackstone.   Mr. Alexander joined Blackstone in July 1999 after graduating from the McIntire School of Commerce at the University of Virginia.

## IV. Summary – Sixth Monthly Fee Application

14.     The major services provided by Blackstone during this compensation period have included: (i) assisting with the performance of due diligence by the advisors to the Creditors' Committee, the Personal Injury Committee, the Asbestos Property Damages Committee and the Equity Committee including the review of current operating results, legacy liabilities, and tax issues; (ii) assisting the Debtors in the presentation of a planned acquisition; (iii) providing

quantitative and qualitative analysis in support of the Debtors' planned acquisition; (iv) assisting the Debtors with structuring retention and incentive compensation plans in the Chapter 11 proceedings; (v) assisting in the development of the Debtors' restructuring model; (vi) attending a Board Meeting and operating plan review meetings; and (vii) providing general strategic and business advice in connection with the bankruptcy.

15.    Blackstone respectfully submits that the compensation requested for the Sixth Application Period for services rendered by Blackstone to the Debtors is fully justified and reasonable based upon (a) the time and labor required during the proceedings, (b) the complexity of the issues presented, (c) the skills necessary to perform the financial advisory services properly, (d) the preclusion of other employment, (e) the customary fees charged to clients in non-bankruptcy situations for similar services rendered, (f) time constraints required by the exigencies of the case, and (g) the experience, reputation and ability of the professionals rendering services.

16.    Blackstone respectfully submits that the services it has rendered to the Debtors have been necessary and in the best interests of the Debtors and the estate and have furthered the goals of all parties in interest.  Blackstone respectfully submits that under all of the criteria normally examined in Chapter 11 reorganization cases, the compensation requested by Blackstone is reasonable in light of the work performed by Blackstone to date in these cases.

17.    The amount of the fees and expenses sought in this Sixth Application and Blackstone's billing processes are consistent with market practices in a bankruptcy context. Blackstone has never billed its clients based on the number of hours expended by its professionals.  Accordingly, Blackstone does not have hourly rates for its professionals, and Blackstone's professionals generally do not maintain detailed time records of the work

(b) Messengers, couriers, or overnight delivery are used by Blackstone to deliver hard copy documents relating to the client matter which require receipt on an expedited basis; otherwise, Blackstone uses the regular postal system. Any charges for either messengers, couriers, or overnight delivery are billed to a client at cost.

(c) The outside financial research category consists of charges from outside services which supply, for a fee, financial documents to Blackstone. Financial research services generally consist of the retrieval of financial documents from regulatory agencies.

(d) Blackstone bills photocopying charges at the rate of $0.15 per page.

(e) With respect to local travel, Blackstone's general policy enables employees to travel by private car service or taxi to and from meetings while rendering services to a client on a client related matter, for which the client is charged. This policy is based on Blackstone's determination that travel by private car service or taxi is the most efficient use of a professional's time. Blackstone employees are not permitted to charge personal commuting expenses to a client unless, for safety reasons, the employee is traveling after 9:00 p.m. and has been required to work late as a result of the time exigencies of that client's matters.

(f) Blackstone bills its clients for time spent by its employees on its word processing system. The word processing system automatically allocates time to a client based upon the operator's "log-in" by a client matter number. Clients are charged at the personnel cost of $70.00 per hour for the actual amount of time spent by the operator while rendering word processing services to the client; however, when word processing services are being used after normal business hours, the client is not billed for both an overtime charge and a word processing charge.

(g) Blackstone bills outgoing facsimile charges at a rate of $1.00 per page. Blackstone does not bill incoming facsimile charges.

19.    Blackstone respectfully submits that the expenses for which it seeks allowance during the Sixth Application Period are necessary and reasonable both in scope and amount.

20.    No prior application for the relief requested herein has been made.

21.    All services for which compensation is requested by Blackstone were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

22.    No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

23.    Blackstone respectfully represents that its Sixth Application is in keeping with similar applications for the payment of administrative expenses in other cases.

Dated: New York, New York
        January 24 , 2002

                                    THE BLACKSTONE GROUP L.P.
                                    Financial Advisor to
                                    W.R. Grace & Co.


                                    By: _Pamela D Zilly_____

                                        Pamela D. Zilly
                                        Senior Managing Director
                                        345 Park Avenue
                                        New York, NY 10154
                                        (212) 583-5000
                                        (212) 583-5707 (fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **W.R GRACE & CO., <u>et al.</u>,** | : | **Case No. 01-01139 (JJF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | : | |

### AFFIDAVIT

STATE OF NEW YORK  )

             ) ss. :

COUNTY OF NEW YORK )

Pamela D. Zilly being duly sworn, deposes and says:

1.      I am a Senior Managing Director of the firm of The Blackstone Group L.P. ("Blackstone"), which firm maintains offices for providing financial advisory services at 345 Park Avenue, New York, New York 10154.   Blackstone is acting as Financial Advisor for the above captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned case.

2.      This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2 in connection with Blackstone's sixth application (the "Sixth Application") for an allowance of compensation for services rendered to the Debtors for the period from November 1, 2001 through November 30, 2001 (the "Sixth Application Period") in the amount of (i) $175,000.00 in monthly fees and (ii) the reimbursement of expenses incurred in connection therewith in the sum of $7,477.10.

3.      All of the services for which compensation is sought by Blackstone were

performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4.      No agreement or understanding exists between Blackstone and any other entity

for the sharing of compensation received or to be received for services rendered in or in

connection with these cases.

5.      I have reviewed and I understand the requirements of Delaware Bankruptcy Local

Rule 2016-2 and I believe that this Sixth Application fully complies with all provisions contained

in said Order.

By: _____

Pamela D. Zilly
Senior Managing Director

Sworn to before me this
24th day of January 2002

_____
Notary Public

HOLLY B. COHEN
NOTARY PUBLIC, State of New York
No. 01CO6003607
Qualified in Bronx County
Commission Expires March 9, 20 02

1129128.DOC

2

**EXHIBIT A**

# THE BLACKSTONE GROUP L.P.
## SUMMARY OF HOURS FOR W.R. GRACE AND CO.
### NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Title | Hours |
|---|---|---|
| Pamela Zilly | Senior Managing Director | 70.0 |
| Richard Shinder | Vice President | 43.0 |
| David Blechman | Associate | 72.5 |
| Michael Alexander | Analyst | 36.5 |
| | | **222.0** |

# THE BLACKSTONE GROUP L.P.
## SUMMARY OF HOURS
### NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Pamela Zilly | 11/01/01 | 7.5 | Meeting with Equity Committee and Tort Committee advisors: review of Business Plan |
| Pamela Zilly | 11/01/01 | 3.0 | Travel to New York |
| Pamela Zilly | 11/02/01 | 1.0 | Discussion with D. Blechman re: update to Business Plan for year end results and 2002 operating plan |
| Pamela Zilly | 11/02/01 | 1.0 | Discussion with D. Blechman, M. Alexander re: transactions in ch11 examples |
| Pamela Zilly | 11/02/01 | 0.5 | Read motion re: retention of E. Warren |
| Pamela Zilly | 11/02/01 | 2.5 | Research cases' status and preparation of remarks for Board Meeting |
| Pamela Zilly | 11/04/01 | 1.0 | Preparation of remarks for 11/7/01 meeting |
| Pamela Zilly | 11/05/01 | 0.5 | Discussion with R. Shinder re: update to Business Plan, 2002 Plan |
| Pamela Zilly | 11/05/01 | 1.0 | Review draft compensation presentation |
| Pamela Zilly | 11/06/01 | 3.0 | Reconciliation of AA presentation and Blackstone compensation analysis |
| Pamela Zilly | 11/06/01 | 3.0 | Travel to Columbia |
| Pamela Zilly | 11/06/01 | 1.0 | Review AA presentation and prepare comments |
| Pamela Zilly | 11/07/01 | 1.0 | Meeting with B. McGowan, N. Bubnovich re: compensation analysis for Board |
| Pamela Zilly | 11/07/01 | 3.5 | Attend Board Meeting |
| Pamela Zilly | 11/07/01 | 3.0 | Travel to New York |
| Pamela Zilly | 11/07/01 | 1.0 | Meeting with R. Shinder, D. Blechman re: revised comp analysis |
| Pamela Zilly | 11/08/01 | 0.5 | Read Debtors' opposition re: fraudulent claims |
| Pamela Zilly | 11/08/01 | 0.5 | Call with D. Bernick re: Board meeting |
| Pamela Zilly | 11/08/01 | 0.5 | Call with D. Siegel re: case status |
| Pamela Zilly | 11/08/01 | 0.5 | Call with B. McGowan re: workplan on compensation review |
| Pamela Zilly | 11/08/01 | 0.5 | Read motion re EPA consent decree |
| Pamela Zilly | 11/08/01 | 1.0 | Review 3rd quarter results |
| Pamela Zilly | 11/08/01 | 0.5 | Call with P. Norris re: case status |
| Pamela Zilly | 11/09/01 | 1.5 | Call with financial advisors on 3rd quarter results |
| Pamela Zilly | 11/09/01 | 0.5 | Call with K. Coghlan re: case status |
| Pamela Zilly | 11/09/01 | 0.5 | Call with R. Shinder, F. Gilbert re: foregoing call |
| Pamela Zilly | 11/09/01 | 1.0 | Discussion with R. Shinder re: outcome of conference call,  future update calls |
| Pamela Zilly | 11/09/01 | 0.5 | Read Debtors' motion re: Exxon summary judgement motion |
| Pamela Zilly | 11/09/01 | 2.0 | Calls with B. Tarola, S. Ahearn, M. Shelnitz re: Protein Genetics compromise of claims |
| Pamela Zilly | 11/12/01 | 3.0 | Reviewed material in Protein Genetics; calls with S. Ahearn re: same |
| Pamela Zilly | 11/13/01 | 1.0 | Grace RWG call |
| Pamela Zilly | 11/14/01 | 0.5 | Discussion with R. Shinder, D. Blechman  re: P&M questions |
| Pamela Zilly | 11/15/01 | 0.5 | Call with CDG re: Q3 results |
| Pamela Zilly | 11/15/01 | 1.0 | Read memo of law in support of Zonolite motion to dismiss |
| Pamela Zilly | 11/16/01 | 0.5 | Discussion with R. Shinder re: Advisors comments re: legacy liabilities |
| Pamela Zilly | 11/16/01 | 3.0 | Review financial data re: forecast, industry comps |
| Pamela Zilly | 11/19/01 | 1.5 | Discussion with D. Blechman, M. Alexander re: Committee compensation presentation |
| Pamela Zilly | 11/19/01 | 1.0 | Review Business Plan re: 2002 update |

# THE BLACKSTONE GROUP L.P.
## SUMMARY OF HOURS
### NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Pamela Zilly | 11/20/01 | 1.5 | Discussion with R. Shinder, D. Blechman re: Business Plan update |
| Pamela Zilly | 11/20/01 | 1.5 | Followup call with P&M re: 3rd quarter numbers |
| Pamela Zilly | 11/21/01 | 0.5 | Call with R. Shinder re: court developments |
| Pamela Zilly | 11/21/01 | 0.5 | Call with K. Coghlan re: Court developments |
| Pamela Zilly | 11/29/01 | 1.5 | Review financial data re: Business Plan, operating plans |
| Pamela Zilly | 11/30/01 | 1.0 | Call with P. Norris re: case status |
| Pamela Zilly | 11/30/01 | 1.0 | Call with D. Siegel re: court developments |
| Pamela Zilly | 11/30/01 | 0.5 | Call with K. Coghlan re: case status |
| Pamela Zilly | 11/30/01 | 1.0 | Review October operating report |
| Pamela Zilly | 11/30/01 | 0.5 | Discussion with M. Alexander re: research on ch11 cases |
| Pamela Zilly | 11/30/01 | 2.5 | Research re: industry transactions |
| Pamela Zilly | 11/30/01 | 2.0 | Analysis of 2002 operating plans |
| Pamela Zilly | 11/30/01 | 0.5 | Read motions, orders re: transfer of cases |
| | | **70.0** | |

THE BLACKSTONE GROUP L.P.
SUMMARY OF HOURS
NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Richard Shinder | 11/01/01 | 1.5 | Business plan presentation preparation meeting |
| Richard Shinder | 11/01/01 | 6.0 | Presentation of Grace business plan to Bodily Injury and Equity Committees |
| Richard Shinder | 11/01/01 | 3.0 | Transit to New York |
| Richard Shinder | 11/05/01 | 0.5 | Discussion with P. Zilly re: update Business Plan |
| Richard Shinder | 11/05/01 | 0.5 | Call with F. Gilbert re: quarterly update |
| Richard Shinder | 11/05/01 | 0.5 | Preparation of Chi materials for Equity Committee |
| Richard Shinder | 11/05/01 | 1.0 | Review of "settled" environmental sites material |
| Richard Shinder | 11/06/01 | 0.5 | Call with F. Gilbert re: 11/9 meeting |
| Richard Shinder | 11/07/01 | 1.0 | Call with G. Boyer re: due diligence request |
| Richard Shinder | 11/07/01 | 1.0 | Meeting with P. Zilly, D. Blechman re: revise comp analysis |
| Richard Shinder | 11/08/01 | 1.0 | Review of Grace quarterly update presentation |
| Richard Shinder | 11/08/01 | 1.5 | Review of Grace quarterly financials |
| Richard Shinder | 11/09/01 | 1.0 | Quarterly update conference call (P&M, CDG, other financial advisors) |
| Richard Shinder | 11/09/01 | 1.0 | Discussion with P. Zilly re: conference call, advisors' future updates |
| Richard Shinder | 11/09/01 | 0.5 | Call with F. Gilbert re: CDG information request/quarterly call |
| Richard Shinder | 11/09/01 | 0.5 | Call with S. Zelac re: Project Chi update |
| Richard Shinder | 11/13/01 | 1.5 | Chapter 11 update call with Grace senior management |
| Richard Shinder | 11/13/01 | 0.5 | Call with F. Gilbert re: CDG information request |
| Richard Shinder | 11/13/01 | 0.5 | Work on setting up 11/16 call |
| Richard Shinder | 11/13/01 | 1.0 | Review of incentive compensation materials |
| Richard Shinder | 11/14/01 | 1.0 | Review of P&M Q3 quarterly update call follow-up diligence request |
| Richard Shinder | 11/14/01 | 0.5 | Discussion of above with P. Zilly, D. Blechman |
| Richard Shinder | 11/16/01 | 0.5 | Call with F. Gilbert re: P&M 3Q follow-up due diligence |
| Richard Shinder | 11/16/01 | 0.5 | Call with S. Cunningham re: 3Q call, legacy liability |
| Richard Shinder | 11/16/01 | 0.5 | Discussion with P. Zilly re: same |
| Richard Shinder | 11/16/01 | 0.5 | Review of Project Chi materials for update |
| Richard Shinder | 11/16/01 | 0.5 | Call with M. Burkin re: Project Chi |
| Richard Shinder | 11/19/01 | 1.0 | Read motion to dismiss |
| Richard Shinder | 11/19/01 | 0.5 | Review of Stroock & Stroock tax request |
| Richard Shinder | 11/20/01 | 0.5 | Review of P&M legacy correspondence |
| Richard Shinder | 11/20/01 | 0.5 | Call with F. Gilbert re: P&M correspondence |
| Richard Shinder | 11/20/01 | 1.5 | 3Q financial update follow-up with P&M |
| Richard Shinder | 11/20/01 | 0.5 | Call with F. Gilbert re: logistics for OpPlan meetings without 11/26 |
| Richard Shinder | 11/20/01 | 1.5 | Discussion with P. Zilly, D. Blechman re: Business Plan update |
| Richard Shinder | 11/21/01 | 0.5 | Drafted note to S. Cunningham re: legacy liabilities |
| Richard Shinder | 11/21/01 | 5.0 | Trip to Grace hearing in Wilmington, DE |
| Richard Shinder | 11/21/01 | 0.5 | Call with P. Zilly re: Court developments |
| Richard Shinder | 11/26/01 | 1.0 | Work on fee application |

THE BLACKSTONE GROUP L.P.
SUMMARY OF HOURS
NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Richard Shinder | 11/29/01 | 1.5 | Work on Chi update for M. Berkin (L. Tersigni & Co.) |
| | | 43.0 | |

THE BLACKSTONE GROUP L.P.
SUMMARY OF HOURS
NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| David Blechman | 11/02/01 | 1.0 | Discussion with P. Zilly re: update to Business Plan |
| David Blechman | 11/02/01 | 1.0 | Discussion with P. Zilly, M. Alexander re: ch11 transactions |
| David Blechman | 11/05/01 | 1.5 | Reviewed update on other asbestos bankruptcies |
| David Blechman | 11/05/01 | 0.5 | Update meeting with R. Shinder |
| David Blechman | 11/06/01 | 1.0 | Reviewed other asbestos bankruptcies |
| David Blechman | 11/07/01 | 1.0 | Meeting with R. Shinder, D. Blechman re: comp analysis |
| David Blechman | 11/09/01 | 1.0 | Reviewed 3rd quarter financials |
| David Blechman | 11/09/01 | 1.0 | Update calls with credit advisors re: 3rd Quarter |
| David Blechman | 11/09/01 | 1.5 | Reviewed compensation plan analysis by Anderson |
| David Blechman | 11/13/01 | 1.5 | Chapter 11 update call |
| David Blechman | 11/13/01 | 1.5 | Prepared fee app |
| David Blechman | 11/14/01 | 3.0 | Reviewed compensation analysis by Anderson, revise model |
| David Blechman | 11/14/01 | 0.5 | Discussion with P. Zilly, R. Shinder re: P&M due diligence |
| David Blechman | 11/15/01 | 1.0 | Read motion to dismiss |
| David Blechman | 11/15/01 | 1.0 | Call with CDG re: Q3 results follow-up |
| David Blechman | 11/19/01 | 1.0 | Reviewed compensation plan analysis by Anderson, revise model |
| David Blechman | 11/19/01 | 1.5 | Discussion with P. Zilly, M. Alexander re: Committee compensation presentation |
| David Blechman | 11/19/01 | 1.0 | Work on fee app. |
| David Blechman | 11/20/01 | 1.0 | Reviewed materials for hearing 11/21 |
| David Blechman | 11/20/01 | 1.5 | P&M due diligence call |
| David Blechman | 11/20/01 | 2.0 | Reviewed legal filings |
| David Blechman | 11/21/01 | 2.5 | Transit to Wilmington, DE for hearing |
| David Blechman | 11/21/01 | 0.5 | Hearing cancelled |
| David Blechman | 11/21/01 | 2.5 | Transit back to NYC from hearing in Wilmington |
| David Blechman | 11/21/01 | 1.0 | Conversation with J. Paul re: comp |
| David Blechman | 11/26/01 | 3.5 | Travel to Cambridge for operations plan meeting |
| David Blechman | 11/26/01 | 9.5 | Participated in operations plan meeting |
| David Blechman | 11/27/01 | 7.5 | Participated in operations plan meeting |
| David Blechman | 11/27/01 | 3.5 | Transit from Cambridge, MA |
| David Blechman | 11/28/01 | 3.0 | Transit to Columbia, MD |
| David Blechman | 11/29/01 | 10.0 | Participated in operations plan meeting |
| David Blechman | 11/29/01 | 3.0 | Transit to New York |

72.5

THE BLACKSTONE GROUP L.P.
SUMMARY OF HOURS
NOVEMBER 1, 2001 - NOVEMBER 30, 2001

| Professional | Date | Hours | Explanation |
|---|---|---|---|
| Michael Alexander | 11/02/01 | 1.0 | Discussion with P. Zilly, D. Blechman re: transaction in ch11 |
| Michael Alexander | 11/04/01 | 3.0 | Updated bankruptcy journal for existing cases |
| Michael Alexander | 11/04/01 | 2.5 | Added new cases to bankruptcy journal |
| Michael Alexander | 11/05/01 | 3.5 | Continued work on bankruptcy journal, discussed with D. Blechman |
| Michael Alexander | 11/07/01 | 1.0 | Discussed business plan with S. Farnsworth |
| Michael Alexander | 11/07/01 | 1.5 | Revised business plan to reflect errata |
| Michael Alexander | 11/08/01 | 4.5 | Analyzed joint ventures consummated in bankruptcy and related court requirements |
| Michael Alexander | 11/09/01 | 1.0 | Update calls with creditor advisors, D. Blechman re: 3rd Quarter |
| Michael Alexander | 11/09/01 | 2.0 | Reviewed compensation plan |
| Michael Alexander | 11/13/01 | 1.5 | Chapter 11 update call |
| Michael Alexander | 11/14/01 | 2.5 | Reviewed compensation analysis |
| Michael Alexander | 11/14/01 | 1.0 | Call with CDG, D. Blechman re: 23 results follow-up |
| Michael Alexander | 11/19/01 | 1.5 | Discussion with P. Zilly, D. Blechman re: comp presentation |
| Michael Alexander | 11/20/01 | 1.5 | Reviewed materials for 11/21 hearing |
| Michael Alexander | 11/20/01 | 1.5 | P&M due diligence call |
| Michael Alexander | 11/20/01 | 2.5 | Reviewed legal filings |
| Michael Alexander | 11/30/01 | 4.5 | Analysis of CH11 cases re: transactions in bankruptcy |

36.5

**EXHIBIT B**

## W.R. GRACE
### Expense Detail
### Processed Through
### November 30, 2001
### 2635-T

**Word Processing**

| | | | |
|---|---|---|---|
| Alexander | 10/1-31/01 | 19.83 | |
| Alexander | 10/1-31/01 | 32.67 | |
| Alexander | 10/1-31/01 | 732.67 | |
| | **Subtotal - Word Processing** | | $ 785.17 |

**Car Services**
**Elite**

| | | | |
|---|---|---|---|
| Office Services | 10/25/01 | 33.64 | |
| Shinder | 10/04/01 | 24.47 | |
| Shinder | 10/11/01 | 24.47 | |
| Shinder | 10/17/01 | 24.47 | |
| Zilly | 10/10/01 | 24.98 | |
| Zilly | 10/31/01 | 20.39 | |
| Zilly | 11/08/01 | 80.54 | |
| | **Subtotal - Car Services** | | 232.96 |

**Travel/Local**

| | | | |
|---|---|---|---|
| Blechman | 09/04/01 | 5.50 | |
| Blechman | 09/05/01 | 5.00 | |
| Blechman | 09/22/01 | 6.00 | |
| Blechman | 10/22/01 | 8.00 | |
| Blechman | 10/22/01 | 9.00 | |
| Blechman | 10/22/01 | 31.00 | |
| Shinder | 10/10/01 | 5.00 | |
| Shinder | 10/10/01 | 14.50 | |
| Shinder | 10/10/01 | 35.00 | |
| Shinder | 10/22/01 | 12.50 | |
| Shinder | 10/22/01 | 13.40 | |
| Shinder | 10/25/01 | 11.80 | |
| Shinder | 10/31/01 | 15.00 | |
| Shinder | 10/31/01 | 17.00 | |
| Shinder | 10/31/01 | 32.00 | |
| Shinder | 11/01/01 | 14.20 | |
| Shinder | 11/01/01 | 18.00 | |
| | **Subtotal - Travel/Local** | | 252.90 |

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**November 30, 2001**
**2635-T**

**Travel Out-Of-Town**

| | | | |
|---|---|---|---|
| Zilly | 10/10/01 | 35.00 | |
| Zilly | 10/10/01 | 35.00 | |
| | **Subtotal - Travel Out-Of-Town** | | **70.00** |

**Travel Railroad**

| | | | |
|---|---|---|---|
| Shinder | 10/09/01 | 238.00 | |
| Zilly | 10/09/01 | 238.00 | |
| Zilly | 10/12/01 | (67.00) | |
| | **Subtotal - Travel Railroad** | | **409.00** |

**Meals**

| | | | |
|---|---|---|---|
| Alexander | 06/30/01 | 20.00 | |
| Alexander | 07/05/01 | 20.00 | |
| Alexander | 07/16/01 | 20.00 | |
| Alexander | 07/18/01 | 20.00 | |
| Alexander | 07/21/01 | 20.00 | |
| Alexander | 07/26/01 | 20.00 | |
| Alexander | 08/07/01 | 20.00 | |
| Alexander | 08/28/01 | 20.00 | |
| Alexander | 08/30/01 | 20.00 | |
| Blechman | 07/12/01 | 15.42 | |
| Blechman | 08/24/01 | 14.88 | |
| Blechman | 08/31/01 | 18.02 | |
| Blechman | 09/05/01 | 13.10 | |
| Blechman | 09/10/01 | 10.88 | |
| Otero | 09/05/01 | 10.44 | |
| Publishing Services | 10/10/01 | 7.43 | |
| Shinder | 07/17/01 | 20.00 | |
| Shinder | 07/28/01 | 20.00 | |
| Shinder | 08/30/01 | 20.00 | |
| | **Subtotal - Meals** | | **330.17** |

**Research**
**In-House**

| | | | |
|---|---|---|---|
| Alexander | 11/1-15/01 | 96.68 | |
| | **Subtotal - In-House** | | **96.68** |

## W.R. GRACE
### Expense Detail
### Processed Through
### November 30, 2001
### 2635-T

**Multex**

| | | | |
|---|---|---|---|
| Alexander | 11/1-15/01 | 188.92 | |
| Shinder | 10/1-15/01 | 17.98 | |
| | **Subtotal - Multex** | | **206.90** |

**Disclosure**

| | | | |
|---|---|---|---|
| Alexander | 11/1-15/01 | 191.54 | |
| | **Subtotal - Disclosure** | | **191.54** |

**Dow Jones**

| | | | |
|---|---|---|---|
| Alexander | 11/1-15/01 | 865.19 | |
| | **Subtotal - Dow Jones** | | **865.19** |
| | **Subtotal - Research** | | **1,360.31** |

**Communications**
**Federal Express**

| | | | |
|---|---|---|---|
| Alexander | 10/25/01 | 16.96 | |
| Alexander | 11/12/01 | 17.47 | |
| Zilly | 11/12/01 | 14.56 | |
| Zilly | 11/12/01 | 15.90 | |
| | **Subtotal - Communications** | | **64.89** |

**Photocopying**

| | | | |
|---|---|---|---|
| Alexander | 09/28/01 | 3,944.90 | |
| Alexander | 10/19-23/01 | 26.80 | |
| | **Subtotal - Photocopying** | | **3,971.70** |
| | **Total Expenses** | $ | **7,477.10** |