# **EXHIBIT A**

**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                              :   Chapter 11
:
THE WEINSTEIN COMPANY HOLDINGS      :   Case No. 18-10601 (MFW)
LLC, *et al.*,                                     :
:   (Jointly Administered)
:
Debtors.[1]                                :
:   **Re: Docket No.** ___
---------------------------------------------------------------x

## ORDER APPROVING STIPULATION BETWEEN DEBTORS, LANTERN ENTERTAINMENT LLC, AND STUDIOCANAL S.AS.

Upon consideration of the *Stipulation Between Debtors, Lantern Entertainment LLC, and Studiocanal S.A.S Regarding Assumption and Assignment of Contracts* (the "Stipulation"),[2] a copy of which is attached to this Order as **Exhibit 1**, as agreed to by and among the above-captioned debtors and debtors-in-possession (the "Debtors"), Lantern Entertainment LLC (together with its affiliates, "Lantern"), and Studiocanal S.A.S. (together with its affiliates, "Studiocanal"), dated October 16, 2018.

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved in its entirety and is incorporated here by reference.

2. The Debtors are authorized to take any and all actions reasonably necessary to effectuate the terms of this Order and the Stipulation.

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Stipulation.

#50530104 v1

3. The assumption and assignment of the Studiocanal Contracts pursuant to and as defined in the Stipulation is made pursuant to the terms of the Sale Order, and the Studiocanal Contracts are and shall be treated as Purchased Assets under the terms of the Sale Order.

4. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5. This Court retains jurisdiction over any and all matters arising from or related to the implementation of the Stipulation and this Order.

# **EXHIBIT 1**

## **STIPULATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE WEINSTEIN COMPANY HOLDINGS LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>Jointly Administered |

**STIPULATION BETWEEN DEBTORS, LANTERN ENTERTAINMENT LLC AND STUDIOCANAL S.A.S. REGARDING ASSUMPTION AND ASSIGNMENT OF CONTRACTS**

The Weinstein Company Holdings LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), Lantern Entertainment LLC (together with its affiliates, "Lantern"), and Studiocanal S.A.S. (together with its affiliates, "Studiocanal"; the Debtors, Lantern and Studiocanal may be referred to individually as a "Party" and, collectively, as the "Parties"), by and through their respective counsel, hereby enter into this stipulation (the "Stipulation") and stipulate and agree as follows:

WHEREAS, on March 19, 2018, the Debtors commenced these voluntary Chapter 11 Cases by filing petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS, on March 20, 2018, the Debtors filed the *Debtors' Motion for Entry of*

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

1

*Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* (the "Sale Motion") [Docket No. 8].

WHEREAS, the Debtors and Lantern entered into the Asset Purchase Agreement dated as of March 19, 2018, which was attached as Exhibit B to the Sale Motion (as amended by the first and second amendments thereto, the "Asset Purchase Agreement").

WHEREAS, on April 6, 2018, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* (the "Bid Procedures Order") [Docket No. 190].

WHEREAS, on April 13, 2018, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 13 Notice") [Docket No. 216], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the sale contemplated by the Bid Procedures Order (the "Sale"), together with associated asserted cure amounts.

WHEREAS, on April 20, 2018, the Debtors filed the *Notice of Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the

2

"April 20 Notice") [Docket No. 282], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.  The April 13 Notice and the April 20 Notice together included certain contracts to which Studiocanal is a counter-party related to the following motion pictures (together, the "Studiocanal Pictures"): (i) *Paddington 1*; (ii) *Macbeth*; and (iii) *My Blueberry Nights*.

WHEREAS, on April 27, 2018, the Debtors filed the *Notice of Second Supplemental Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (the "April 27 Notice") [Docket No. 482], which attached an exhibit listing certain additional contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts.

WHEREAS, on April 30, 2018, Studiocanal, along with other interested parties, filed (1) the *Limited Objection of Interested Parties Studiocanal S.A.S., Gaumont S.A., Wild Bunch, S.A., Delta Last Legion Ltd., Quinta Communications S.A. and Orange Studio (formerly Studio 37) to (A) Proposed Cure Amounts and (B) Assumption of Executory Contracts, and Reservation of Rights* (the "Assumption and Assignment Objection") [Docket 597] and (2) the *Limited Objection of Interested Parties Studiocanal S.A.S., Gaumont S.A., Wild Bunch, S.A., Delta Last Legion Ltd., Quinta Communications S.A. and Orange Studio (formerly Studio 37) to Sale of Assets and Reservation of Rights* ("Sale Motion Objection") [Docket No 533], along with various declarations in support of both of the foregoing limited objections [Docket Nos. 614, 616, 618-21, 669, 670, 673].  The Assumption and Assignment Objection and the Sale Motion Objections are referred to collectively as the "Limited Objections".

WHEREAS, on May 9, 2018, the Court entered its *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of Certain*

3

*Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* (the "Sale Approval Order") [Docket No. 846], which *inter alia* approved the sale of substantially all of the Debtors' assets to Lantern.

WHEREAS, on May 10, 2018, the Debtors filed the Notice of Final List of Potentially Assumed Contracts and Leases (the "May 10 Notice") [Docket No. 860], which attached an exhibit listing certain contracts and leases that the Debtors may potentially assume and assign as part of the Sale, together with associated asserted cure amounts. The May 10 Notice included certain contracts to which Studiocanal is a counter-party related to the Studiocanal Pictures.

WHEREAS, on July 11, 2018, the Court entered its *Order Approving Amendment to Asset Purchase Agreement Entered Into By and Between the Debtors and Lantern Entertainment LLC* [Docket No. 1220], together with the Sale Approval Order (the "Sale Order").

WHEREAS, on July 13, 2018, the Debtors and Lantern closed on the Sale of the Debtors' assets to Lantern under the Asset Purchase Agreement, as authorized by the Sale Order (the "Closing"), and on July 17, 2018, the Debtors filed the *Notice of Closing of the Sale to Lantern Entertainment LLC* [Docket No. 1247].

WHEREAS, on September 5, 2018, the Debtors filed that certain Notice of Filing List of Assumed Contracts Pursuant to Sale Order (the "September 5 Notice") [Docket No. 1457], which identifies certain potentially Assumed Contracts (as such term is defined in the Asset Purchase Agreement) that are the subject of the Limited Objections.

WHEREAS, the Parties desire to enter into this Stipulation to provide for the terms and conditions pursuant to which Studiocanal will consent to the assumption by the Debtors and assignment to Lantern of certain contracts with the Debtors related to the Studiocanal Pictures in connection with the Sale authorized by the Sale Order.

4

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation shall be effective upon its execution by the Parties hereto and the entry by the Court of an Order approving this Stipulation (such date, the "Effective Date").

3. Studiocanal consents to the assumption by the Debtors and assignment to Lantern of the contracts listed on the attached Exhibit A, which pertain to the Studiocanal Pictures (each, a "Studiocanal Contract," and collectively, the "Studiocanal Contracts") in connection with the Sale and subject in all respects to the terms and conditions set forth in the Studiocanal Contracts and this Stipulation. Lantern hereby expressly assumes all of the rights and obligations of the Debtors under the Studiocanal Contracts, including, for the avoidance of doubt, rights and obligations that arose prior to the Closing and rights and obligations arising after the Closing.

4. With respect to accounting statements associated with any of the Studiocanal Pictures, Lantern shall: (a) use reasonable diligence to respond to reasonable inquiries made by Studiocanal regarding accounting statements relating to any periods that ended prior to the Effective Date of this Stipulation; (b) in the event Lantern discovers any inaccuracies to any such accounting statements, Lantern shall use reasonable diligence to deliver an amended accounting statement to correct such inaccuracies, along with a corresponding payment, if applicable; and (c) deliver future accounting statements in accordance with the terms of the applicable Studiocanal Contracts. Studiocanal shall submit any inquiries contemplated by clause (a) of this paragraph 4 of this Stipulation to counsel to Lantern.

5. No cure amounts (the "Cure Amounts") are required to be paid by Lantern as a condition to the assumption and assignment of the Studiocanal Contracts.

6. For the avoidance of doubt, nothing in or required by this Stipulation (including, without limitation, the payment of the Cure Amounts), the Sale Order, the Asset Purchase Agreement governing the Sale, the April 13 Notice, the April 20 Notice, the April 27 Notice, the May 10 Notice, the September 5, 2018 Notice or any other order, document, or agreement relating to the assumption and assignment of the Studiocanal Contracts shall in any way diminish: (a) any payment obligations of Lantern pursuant to the Studiocanal Contracts that may come due after the Closing (including any obligations relating to or arising out of pre-Closing time periods) (which for the avoidance of doubt, include time periods from the inception of the applicable Studiocanal Contracts), all of which obligations have been assumed and shall be paid by Lantern, or (b) any audit or similar rights and/or obligations under the Studiocanal Contracts and any associated payment, set off, or recoupment rights and obligations, including with respect to audits for time periods that occurred prior to the Closing and/or the Effective Date of this Stipulation (it being understood that such audit rights may be asserted solely against Lantern following the Effective Date).

7. With respect to each Studiocanal Contract assumed and assigned in connection with the Sale pursuant to this Stipulation, such assumption and assignment shall be deemed to include all amendments and ancillary documents executed by Studiocanal and the Debtors related to each such assumed and assigned Studiocanal Contract.

8. With respect to each Studiocanal Contract assumed and assigned in connection with the Sale pursuant to this Stipulation, Lantern acknowledges and agrees that any "Gross Receipts" (as such term is defined in the applicable Studiocanal Contract) received by or credited to the account of any of the Debtors and/or Lantern (including, by way of any setoffs made by

sublicensees and/or subdistributors of any of the Studiocanal Pictures) shall be accounted for as "Gross Receipts" under the terms of the applicable Studiocanal Contracts.

9.   Upon the occurrence of the Effective Date, the Limited Objections shall be deemed to be withdrawn by Studiocanal to the extent such Limited Objections pertain to any of the Studiocanal Contracts and/or Studiocanal Pictures including, for the avoidance of doubt, Studiocanal's objections to the assumption and assignment of any sublicense agreements or subdistribution agreements derivative of the Studiocanal Contracts.   The Debtors shall not assume and assign to Lantern any sublicense agreements or subdistribution agreements that grant a third party the right to exhibit or distribute any Studiocanal Picture from and after the date of the Closing absent the assumption by the Debtors and the assignment to Lantern of the applicable Studiocanal Contract(s) associated with such Studiocanal Picture in accordance with the terms of this Stipulation.

10.   The Parties acknowledge and agree that any payments arising under this Stipulation with respect to the Studiocanal Pictures and/or the Studiocanal Contracts shall solely be obligations of Lantern, and no recourse may be had by Studiocanal against the Debtors' estates with respect to such payments arising under this Stipulation.  Without limiting the other terms of this Stipulation and subject to such terms, the defaults under the Studiocanal Contracts shall be deemed to be cured under section 365(b)(1)(A) of the Bankruptcy Code as of the Effective Date and, for the avoidance of doubt, all claims against the Debtors' estates with respect to the Studiocanal Contracts are hereby fully and irrevocably waived.  For the avoidance of doubt, pursuant to section 365(k) of the Bankruptcy Code, the assumption by the Debtors and the assignment of the Studiocanal Contracts to Lantern pursuant to this Stipulation relieves the Debtors and their estates from any liability for any breach of the Studiocanal Contracts occurring after such assumption and assignment, including, but not limited to, any administrative expense claims.

11. Notwithstanding anything in this Stipulation to the contrary, nothing in this Stipulation, express or implied, is intended to confer on any Person (as defined in the Asset Purchase Agreement) other than the Parties or their respective successors and permitted assigns, any rights, remedies, obligations or liabilities under or by reason of this Stipulation.

12. Each of the counsel signing this Stipulation hereby represents and warrants that such counsel is authorized by his/her client to sign this Stipulation on behalf of such Party.

13. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Stipulation.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the Parties hereby have caused this Stipulation to be duly executed.

Date:   October 16, 2018
        Wilmington, Delaware

ROSENTHAL MONHAIT & GODDESS, P.A.

/s/ *Norman M. Monhait*
Norman M. Monhait (No. 1040)
Edward B. Rosenthal (No. 3131)
919 Market Street, Suite 1401
Wilmington, DE  19801
Telephone:  302.656.4433
nmonhait@rmgglaw.com

and

PILLSBURY WINTHROP SHAW PITTMAN LLP
Kathy A. Jorrie (*admitted pro hac vice*)
David Minnick (*admitted pro hac vice pending*)
Jeffrey D. Wexler (*admitted pro hac vice pending*)
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  213.488.7100
kathy.jorrie@pillsburylaw.com
dminnick@pillsburylaw.com
jeffrey.wexler@pillsburylaw.com

*Attorneys for Interested Party Studiocanal S.A.S.*

RICHARDS, LAYTON & FINGER, P.A.

/s/ *Zachary I. Shanpiro*
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7701
Facsimile:  (302) 651-7701

and

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Plaza
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for the Debtors and Debtors in Possession*

[*Signature Pages Continue on Following Page*]

PEPPER HAMILTON LLP

/s/ *Evelyn J. Meltzer*
David B. Stratton (No. 960)
David M. Fournier (No. 2812)
Evelyn J. Meltzer (No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email: stratton@pepperlaw.com
      fournierd@pepperlaw.com
      meltzere@pepperlaw.com

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP
Michael S. Stamer (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
      mlahaie@akingump.com

*Attorneys for Lantern Entertainment LLC*

EXHIBIT A

STUDIOCANAL CONTRACTS

1. Exclusive License Agreement dated as of July 16, 2013 and entered into between The Weinstein Company LLC ("TWC") and Studiocanal, related to Paddington 1 and related agreements signed by Studiocanal and TWC pertaining to Paddington 1;

2. Deal Memo dated as of July 16, 2013 and entered into between TWC and Studiocanal related to Paddington 1;

3. "Paddington" – License #1 dated as of November 20, 2014 and entered into between TWC, Studiocanal and Studiocanal Films Limited regarding the license of certain rights in and to "Song" (as defined therein) used in connection with Paddington 1;

4. "Paddington" – Letter Agreement dated as of December 31, 2013 and entered into between Studiocanal and TWC related to the Macy's Agreement (as defined therein);

5. Instrument of Transfer for "Paddington" effective as of July 16, 2013, related to Paddington 1;

6. Mortgage of Copyright and Security Agreement for "Paddington" dated as of September 19, 2014, related to Paddington 1;

7. Exclusive License Agreement dated October 3, 2013 and entered into between TWC and Studiocanal, related to Macbeth;

8. Instrument of Transfer for "Macbeth" effective as of October 3, 2013 and entered into between TWC and Studiocanal, related to Macbeth;

9. Mortgage of Copyright and Security Agreement for "Macbeth" dated as of July 24, 2015, related to Macbeth;

10. Deal Memo dated as of March 10, 2013 and entered into by TWC and Studiocanal, related to Macbeth;

11. Exclusive License Agreement dated as of November 7, 2006 and entered between TWC and Studiocanal, related to My Blueberry Nights ("My Blueberry Nights License Agreement"); and

12. Amendment to My Blueberry Nights License Agreement dated as of October 15, 2007 and entered into between TWC and Studiocanal, related to My Blueberry Nights.