IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly-Administered) |
| Debtors. | ) | |

**LIMITED JOINDER OF OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION BY ZONOLITE ATTIC INSULATION CLAIMANTS TO DISMISS DEBTORS' CHAPTER 11 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §1112(b) [Docket No. 1140]**

The Official Committee of Asbestos Property Damage Claimants ("PD Committee"), by and through its undersigned counsel, hereby files this limited joinder (the "Joinder") to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Case Pursuant to 11 U.S.C. §1112(b) and the Memorandum of Law filed in support thereof (collectively, the "Motion to Dismiss").

## ARGUMENT

On April 2, 2001, the above-captioned debtors and debtors in possession (collectively, "Grace") filed for chapter 11 protection for the self-described purpose of determining "the true

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace HG Inc., Grace HG II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Squarc Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

\74817\15537\ # 547896 v 1

scope of Grace's liability to asbestos claimants and then provide for the payment of valid claims on a basis that preserves Grace's still strong core business operations." <u>See</u> Grace's Informational Brief ("Info. Brief") at 1.  Since its bankruptcy filing, Grace has repeatedly acknowledged its fiscal strength in its Informational Brief, public statements and during appearances before the Court.  While the PD Committee strongly disagrees with Grace's contention that it is solvent, for purposes of a motion to dismiss, we must accept that contention as though true.

In stark contrast to a financially distressed debtor, Grace claims it filed this case because of the failings of a tort system that exposed it to unpredictable and unjustified verdicts and judgments by runaway juries and courts; forum shopping by the plaintiffs and their lawyers; and a dwindling universe of co-defendant asbestos companies with whom to share adverse results.  Thus, relying on a distorted extrapolation of questionable authority and implicitly recognizing its own forum shopping, Grace posits, "[c]hapter 11 now affords the only solution for Grace.  Other paths to resolution have been foreclosed.  The Supreme Court has restricted class action settlements under Rule 23.  Congress has failed to enact legislation to address the problem." Info. Brief at 2.

Grace unabashedly assumes that its stated reasons for filing this case are valid; that a corporation can invoke the protection of the Bankruptcy Code simply to facilitate the defense and resolution of litigation filed against it, even if the proposed "management" of the litigation denies claimants the right to select the forums and manner in which to prosecute their claims that they otherwise would have outside of bankruptcy.  As it states in its Informational Brief and elaborates in its remarkable Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Progress, Grace

2

seeks to impose on asbestos claimants -- both known and unknown -- a series of procedures designed to "centralize" and "simplify" the resolution of asbestos claims.

Grace's attempt to use this bankruptcy for the sole purpose of "managing," nay manipulating, the litigation of these claims is questionable at best. However, its access to bankruptcy is not altogether blocked. Section 524(g) of the Bankruptcy Code does facilitate the conclusion of asbestos litigation outside of the tort system. See 11 U.S.C. §524(g)(1)(B)(i). For a self-acclaimed solvent asbestos manufacturer, Section 524(g) is arguably the only legal justification for chapter 11. Unfortunately for Grace, however, it eschews Section 524(g). On numerous occasions, including most recently in a chambers hearing held by the Honorable Alfred M. Wolin, Grace has stated it steadfastly refuses to part with equity as a means of resolving its asbestos liabilities under Section 524(g). Not only does this position defy common-sense since the strategy would require a company which claims to be solvent to forego the benefit of a Section 524(g) channeling injunction, leaving itself vulnerable to future asbestos claims that cannot be dealt with in bankruptcy, it also undermines any legitimate justification for a chapter 11 in the first instance.

As the PD Committee has previously observed, Grace has but two choices: embrace Section 524(g) as a means of getting out of the asbestos litigation business, or get out of this Court. Section 524(g) of the Bankruptcy Code is clear. Asbestos liabilities are to be liquidated by an asbestos settlement trust pursuant to uniform claims resolution procedures promulgated and approved as an integral part of a plan of reorganization. Grace's steadfast denouncement of Section 524(g) deprives it of any legitimate basis for reorganization under chapter 11.

\74817\15537\ # 547896 v 2

## **CONCLUSION**

Relying solely upon Grace's own statements and positions, Grace has no need for financial reorganization and this chapter 11 has been filed solely to "manage" its asbestos liabilities. Consequently, without resort to Section 524(g) of the Bankruptcy Code to contend with its asbestos liabilities, this chapter 11 case must be dismissed.

WHEREFORE, the Official Committee of Asbestos Property Damage Claimants joins in the Motion to Dismiss to the extent set forth above and respectfully moves the Court to dismiss these chapter 11 cases and for such other relief as the Court deems just and appropriate.

Wilmington, Delaware
Dated: February 4, 2002.

Respectfully submitted,
BILZIN SUMBERG DUNN BAENA
   PRICE & AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)
and

FERRY & JOSEPH, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555


By:/s/ Theodore J. Tacconelli
   Michael B. Joseph
   (Del. Bar No. 392)
   Theodore J. Tacconelli
   (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

4

\74817\15537\ # 547896 v 2