# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket No. 1005

### STIPULATION AND AGREED ORDER RESOLVING THE MOTION OF TOYOTA MOTOR CREDIT CORPORATION

This STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Toyota Motor Credit Corporation ( "Toyota"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of Toyota for an Order Fixing Time by which the Debtors Must Assume or Reject Unexpired Leases; or, in the Alternative, for Relief from the Automatic Stay; and the Bankruptcy Court being further advised of the following:

      A.      On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B.      On October 16, 2001, Toyota filed the Motion requesting that the Court compel the Debtors to assume or reject those certain lease agreements (collectively, the "Leases") for equipment used in the Debtors' operations; and

C.      The Debtors and Toyota agree (i) that the Debtors' prepetition debt outstanding under the Leases is $3699.72 together with prepetition late charges of $351.10  for a total due of $4,050.82. (the "Prepetition Debt") and (ii) that the Debtors are current postpetition through payments due January 11, 2002 with respect to their obligations arising under the Leases and no postpetition amounts are past due and owing by the Debtors under the Leases as of January 11, 2002; and

D.      The Debtors and Toyota agree that the equipment leased to the Debtors pursuant to the Leases is critical to the Debtors' ongoing operations;

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.      The Debtors shall be deemed to have assumed the Leases as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, Toyota or the Court. Within ten (10) days of the date of entry of this Stipulation and Agreed Order, the Debtors will forward to Toyota a payment in the amount of the Prepetition Debt in the amount of  $3,699.72 in

complete satisfaction of the Debtors' obligations to cure defaults under section 365 of the Bankruptcy Code. In the event the payment for the Prepetition debt is not made within ten (10) days of the date of entry of this Stipulation and Agreed Order, the Debtors shall also be responsible to pay the prepetition late charges of $351.10. Upon receipt of such payment (or payments, as appropriate), Toyota waives its right to make demand for payment of any amount arising prior to the date of this Stipulation and Agreed Order related to the Debtors' obligations arising under the Leases and the Debtors shall be deemed to have fully satisfied all claims for cure which may have been asserted by Toyota pursuant to section 365 of the Bankruptcy Code.

3.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

4.    This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: Wilmington, Delaware
          1/29          , 2002

_____
The Honorable Judith K. Fitzgerald
United States Bankrupcy Judge


W. R. GRACE & CO.-CONN.

_____
By: David W. Carickhoff, Jr (3715)
Pachulski, Stang, Ziehl, Young & Jones PC
Its: Attorney
Dated: January __, 2002


TOYOTA MOTOR CREDIT CORPORATION

_____
By: Kristi J. Doughty
Whittington & Aulgur
Its: Attorney
Dated: January 24, 2002


4