IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objections due by: **February 25, 2002 at 4:00 p.m.**
Hearing Date: **March 18, 2002 at 10:00 a.m., if necessary**

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
AS SPECIAL LITIGATION AND ENVIRONMENTAL COUNSEL FOR
THE DEBTORS NUNC PRO TUNC TO FEBRUARY 1, 2002**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application for the entry of an order pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("Carella Byrne") as special litigation and environmental counsel for the Debtors *nunc pro tunc* to February 1, 2002 (the "Application"). In support of the Application, the Debtors respectfully

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

represent as follows:

## Jurisdiction

1.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.	On April 2, 2001 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Court has entered an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing that the Debtors' separate chapter 11 cases be procedurally consolidated and jointly administered by this Court.

3.	The Debtors continue to manage their respective properties and operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Relief Requested

4.	The Debtors respectfully request the entry of an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code authorizing them to employ and retain Carella Byrne *nunc pro tunc* to February 1, 2002, as special litigation and environmental counsel to perform services they will require during the course of these chapter 11 cases.

## Basis for Relief Requested

5.	The Debtors have selected Carella Byrne as special litigation counsel

to advise and represent them in connection with certain environmental litigation and counseling on environmental and other related matters, as more particularly described below. In matters unrelated to these chapter 11 cases, Carella Byrne, together with Wallace King Marraro & Branson, PLLC, has represented and currently represents the Debtors in connection with the following actions currently pending in the United States District Court for New Jersey: (a) *Interfaith Community Organization v. Honeywell International, Inc et al.*, Case No. 95-2097 (the "ICO Action"); and (b) *Hackensack Riverkeeper, Inc. v. Honeywell Int'l Inc.*, Case No. 00-1451 (the "Riverkeeper Action"). On September 5, 2001, the ICO Action and the Riverkeeper Action were consolidated by an order entered by the Honorable Dennis M. Cavanaugh, United States District Judge for the District of New Jersey.

6. The ICO Action and the Riverkeeper Action primarily concern claims regarding costs and damages incurred in connection with a valuable 32-acre water front parcel owned by ECARG, Inc. in Jersey City, New Jersey. W. R. Grace & Co., W. R. Grace Ltd. and ECARG, Inc. intend to pursue their cross-claims against Honeywell International, Inc. ("Honeywell") post-petition in order to obtain injunctive relief and recover substantial costs and damages arising out of environmental contamination of the property that the Debtors allege is the responsibility of Honeywell. The Debtors and Honeywell have entered into a stipulation that provides for the lifting of the automatic stay in connection with the ICO Action and the Riverkeeper Action pursuant to the terms and conditions set forth therein (the "Stipulation"). The Stipulation was entered by this Court on or about November 9, 2001.

7. At the outset of these chapter 11 cases, Carella Byrne was retained by

the Debtors as an ordinary course professional to provide the aforementioned services. In light of the work which will be necessary to prepare the Final Pre-Trial Order and conduct the trial in the ICO Action and the Riverkeeper Action, it is clear that the legal services to be rendered by Carella Byrne will exceed the $50,000 per month/$300,000 per year limitation set by this Court's order approving the Debtors' retention of ordinary course professionals. Accordingly, the Debtors seek to retain Carella Byrne pursuant to section 327(e) and 328(a) of the Bankruptcy Code for the aforementioned services.

8. As a consequence of representing the Debtors in the ICO Action and the Riverkeeper Action, Carella Byrne is intimately familiar with the complex legal issues that have arisen and are likely to arise in connection with such litigation. The Debtors believe that both the strategic interruption and the duplicative cost involved in obtaining substitute counsel to replace Carella Byrne's unique role in the ICO Action and the Riverkeeper Action at this juncture would be extremely harmful to the Debtors and their estates. As such the Debtors submit that Carella Byrne is well qualified and uniquely able to provide the aforementioned services and that Carella Byrne's retention as special litigation and environmental counsel is in the best interest of the Debtors and their estates.

9. To the best of the Debtors' knowledge, and based upon the Affidavit of John M. Agnello (the "Agnello Affidavit") filed in support of this Application, Carella Byrne does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Carella Byrne is to be employed. Further, to the best of the Debtors' knowledge and based on the Agnello Affidavit, Carella Byrne does not have any connection with

any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Agnello Affidavit. Over the course of Carella Byrne's pre-petition representation of the Debtors, Carella Byrne regularly billed the Debtors and received payment for legal services and expenses. The Debtors owe Carella Byrne the sum of $43,443.05 for pre-petition services.

10. In accordance with section 330(a) of the Bankruptcy Code, the Debtors propose to compensate Carella Byrne on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Carella Byrne. Carella Byrne's customary rates are $75 for paralegals, $150 to $240 for associates, $235 to $300 for counsel, and $220 to $400 for partners, subject to periodic adjustments when such hourly rates are adjusted for all clients. John M. Agnello is the principal attorney at Carella Byrne who is responsible for the representation of the Debtors in the ICO Action and the Riverkeeper Action and his current hourly rate is $325. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which Carella Byrne's retention is sought. Carella Byrne's rates are set at a level designed to compensate Carella Byrne fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

11. It is Carella Byrne's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", computerized research, messengers, couriers, postage,

witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Carella Byrne will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Carella Byrne's other clients. Carella Byrne believes that it is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

12.     Carella Byrne will submit interim and final applications for compensation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and such other and further Orders as the Court may direct.

13.     The Debtors believe that the attorneys at Carella Byrne are well qualified to act on the Debtors' behalf. Carella Byrne is intimately familiar with the complex legal issues that have arisen and are likely to arise in connection with the ICO Action and the Riverkeeper Action. The Debtors believe that both the strategic interruption and the duplicative cost involved in obtaining substitute counsel to replace Carella Byrne's unique role in the ICO Action and the Riverkeeper Action at this juncture would be extremely harmful to the Debtors and their estates. As such the Debtors submit that Carella Byrne is well qualified and uniquely able to provide the aforementioned services and that Carella Byrne's retention as special litigation and environmental counsel is in the best interest of the Debtors and their estates.

## Notice

14.     Notice of this Application has been given, inter alia, to: (i) the United States Trustee for the District of Delaware, (ii) counsel for the debtor in possession lender, (iii) counsel for the official committees, and (iv) all parties that have requested such notice pursuant

to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

15. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the retention and employment of Carella Byrne as special litigation and environmental counsel for the Debtors *nunc pro tunc* to February 1, 2002, and granting them such other and further relief as is just and proper..

Dated: February 6, 2002

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*/s/ David W Carickhoff*
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO. et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**AFFIDAVIT OF JOHN M. AGNELLO IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART AND OLSTEIN AS SPECIAL LITIGATION AND ENVIRONMENTAL COUNSEL TO DEBTORS**

STATE OF NEW JERSEY  )
                                            ss:
COUNTY OF ESSEX        ):

JOHN M. AGNELLO, being duly sworn according to law, upon his oath, deposes and says:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1. I am an attorney at law and a member of the bars of the State of New Jersey, the United States District Court for the District of New Jersey, the United States Court of Appeals for the Third Circuit, the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Supreme Court of the United States. I am a member of the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart and Olstein, P.C. ("Carella Byrne"), which maintains an office for the practice of law at 6 Becker Farm Road, Roseland, New Jersey 07068. I make this Affidavit in support of the Application of W. R. Grace & Co., et al. (collectively, the "Debtors") for an order authorizing the employment of Carella Byrne as special litigation and environmental counsel for the Debtors pursuant to sections 327(e) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of Carella Byrne pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

2. I am not related and, to the best of my knowledge after inquiry of Carella Byrne's members, of counsel attorneys and associates, no other attorney of Carella Byrne is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for the District of Delaware.

3. I do not hold or represent and, to the best of my knowledge and information, no other attorney of Carella Byrne holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Carella Byrne's retention is sought. Insofar as Carella Byrne has been able to ascertain, neither I, nor Carella Byrne, nor any member, of counsel attorney or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

4. By Order of this Court dated June 22, 2001, the Debtors were authorized to retain the firm of Wallace, King, Marraro & Branson, PLLC ("Wallace King"), as special

litigation and environmental counsel. As part of its representation of the Debtors, Wallace King is counsel of record, along with our firm, in two (2) environmental cases pending in the United States District Court for the District of New Jersey, entitled *Interfaith Community Organization, et al. v. Honeywell International, Inc. et al* and *Hackensack Riverkeeper, Inc., et al. vs. Honeywell International, Inc., et al.* (collectively "the *ICO* litigation"). These matters have been consolidated and are pending before the Honorable Dennis M. Cavanaugh, U.S.D.J., under Civil Action No. 95-2097 (DMC).

5. Christopher H. Marraro, Esq. is a partner at the Wallace King firm and is the principal attorney in that firm responsible for the representation of the Debtors in the environmental action pending in the District Court of New Jersey. Over the past fifteen (15) years, I have worked with Mr. Marraro on a number of large environmental matters litigated in the Federal and State Courts in New Jersey. A significant portion of my own practice involves environmental litigation.

6. I was first retained to represent the Debtors in the *ICO* litigation in the summer of 1999. I have acted as co-counsel with Wallace King since that date.

7. In April of this year I executed an Affidavit under 11 U.S.C. 327(e) relating to the legal services my firm was providing in the *ICO* litigation, a copy of which is annexed hereto as Exhibit A.

8. In the *ICO* litigation, our firm and Wallace King are vigorously prosecuting cross-claims against Honeywell International, Inc. relating to a valuable thirty-two (32) acre waterfront parcel owned by the Debtors in Jersey City, New Jersey. This site is severely impacted by chromium ore processing residue, which Debtors allege, is the responsibility of Honeywell International, Inc. and has caused damages to the Debtors in an amount equal to approximately $25,000,000.

9. Over the course of Carella Byrne's pre-petition representation of the Debtors, Carella Byrne regularly billed the Debtors and received payment for legal services and expenses. The Debtors owe Carella Byrne the sum of $43,443.05 for pre-petition services.

10. None of the services performed by Carella Byrne have included giving advice with respect to the restructuring options available to the Debtors and none of the fees paid to Carella Byrne represent payment for legal services in connection with the preparation and filing of the within Chapter 11 cases. The Debtors' bankruptcy and reorganization counsel, Kirkland & Ellis and Paculski, Stang, Ziehl, Young and Jones, have performed those services.

11. In matters unrelated to this Chapter 11 proceeding, Carella Byrne has in the past represented, currently represents, and likely in the future will represent certain of the debtors' and their affiliates' significant current customers and unsecured creditors (as identified on Exhibit B annexed hereto). Based on a due diligent investigation of the comparison of the persons and entities identified on Exhibit B with the most complete list currently available of Carella Byrne's clients for the last 14 years, to the best of my knowledge and information, Carella Byrne's representation of these customers and creditors involves unrelated matters in which none of the Debtors or their affiliates is a party.

12. Carella Byrne has billed and been paid for post-petition legal services and expenses rendered in connection with the *ICO* litigation based upon the Affidavit under 11 U.S.C. 327(e). In light of the work which will be necessary to prepare the Final Pre-Trial Order and conduct the trial in the *ICO* litigation, it is clear that the legal services to be rendered by our firm to the Debtors will exceed the $50,000 per month/$300,000 per year limitation set by this Court's order approving the debtors' retention of ordinary course professionals.

13. Carella Byrne intends to apply to the Court for compensation for professional services rendered in connection with the *ICO* litigation, subject to the approval of

the Court and in compliance with the applicable provisions of the Bankruptcy Code and rules and orders of the Court. Carella Byrne will charge hourly rates to the Debtors in accordance with the practice followed pre-petition and post-petition to date. These hourly rates are the normal, usual and customary hourly rates charged to our clients. Carella Byrne's customary rates are $75 for paralegals, $150 to $240 for associates, $235 to $300 for of counsel and $220 to $400 for partners, subject to periodic adjustments when our hourly rates are adjusted for all clients, plus reimbursement of actual and necessary out-of-pocket disbursements. I am the principal attorney in our firm who is responsible for the representation of the Debtors in the *ICO* litigation and my current hourly billing rate is $325 per hour.

14. Other attorneys and paralegals from Carella Byrne may, from time to time, provide services to the Debtors in the *ICO* litigation for which Carella Byrne's retention is sought. Carella Byrne's rates are set at a level designed to compensate Carella Byrne fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Carella Byrne's policy to charge its clients in all areas of the firm's practice for additional expenses such as telecopy charges, postage, Federal Express and Express Mail charges, special or hand delivery charges, photocopying charges, long distance phone toll charges, travel expenses, expenses for "working meals", computerized research, messengers, couriers, witness fees and other fees related to hearings and trial proceedings, transcription costs and non-ordinary overhead expenses such as secretarial overtime. Carella Byrne will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Carella Byrne's other clients. Carella Byrne believes that it is fair to charge these expenses to the client incurring them rather than to increase its hourly rates and spread the cost of these expenses among all clients.

15. No promises have been received by Carella Byrne as to compensation in connection with this proceeding or any other proceeding involving Debtors other than in accordance with the provisions of the Bankruptcy Code. Carella Byrne has no agreement with any other entity to share any compensation in connection with any matter involving the Debtors.

_____
John M. Agnello

Sworn to before me this
17th day of January, 2002

_____
Notary

**LOIS ISAACSON**
A Notary Public of New Jersey
My Commission Expires 6/19/06