IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT OF TODD B. HILSEE IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a)
OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AND 2016
AUTHORIZING RETENTION AND EMPLOYMENT OF HILSOFT
NOTIFICATIONS (THE OPERATING UNIT OF HILSOFT, INC.),
AS CONSULTANTS TO THE OFFICIAL COMMITTEE OF
<u>PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO JULY 9, 2001</u>**

| | | |
|---|---|---|
| STATE OF PENNSYLVANIA | ) | |
| | ) | ss.: |
| COUNTY OF MONTGOMERY | ) | |

Todd B. Hilsee, being duly sworn, deposes and says:

1.  I am President of the firm of Hilsoft Notifications, the operating unit of Hilsoft, Inc., a Pennsylvania Corporation ("Hilsoft"), which maintains a Philadelphia area office at 123 E.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Broad Street, P.O. Box 64120, Souderton, PA 18964, telephone: (215) 721-2120; Fax: (215) 721-6886, Email: hilsee@hilsoft.com.

2.  This affidavit is being submitted in support of the Application for Order Pursuant To Sections 1103(a) and 328(a) of The Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016 Authorizing the Retention and Employment of Hilsoft Notifications (the operating unit of Hilsoft, Inc.) as Consultants to the Official Committee of Property Damage Claimants (the "PD Committee"), Nunc Pro Tunc to July 9, 2001 (the "Application").

3.  I have personal knowledge of the facts stated herein and, if called as a witness, could competently testify thereto.

4.  Hilsoft is a consulting firm that specializes in designing, developing, analyzing and implementing legal notification plans, including ensuring the overall effectiveness of legal notification efforts by statistically quantifying and documenting the exposure to notice among potential claimant audiences, analyzing qualitative and other measures of notice plan adequacy. In particular, Hilsoft has been a qualified expert in the area of the adequacy of legal notification programs in numerous chapter 11 and complex and "mass-tort" cases, including, In re The Babcock & Wilcox Co., et al., In re Dow Corning Corporation, In re Holocaust Victim Assets Litigation, St. John v. American Home Products (the "Fen/Phen Litigation"), and Barbanti v. W.R. Grace (the "Zonolite" Litigation).

### TERMS OF HILSOFT'S RETENTION

5.  Hilsoft will render professional scientific advisory and related services for the PD Committee as needed throughout the course of the Chapter 11 Cases, including:

    (a)  Analyzing and responding to the Debtors' proposed notification plan;

(b) Analyzing and responding to proposed notice materials, including, without limitation, print and television advertisements;

(d) Assessing proposals made by the Debtors or other parties, including and without limitation proposals from other creditors' committees;

(e) Assisting the PD Committee in negotiations with various parties;

(f) Rendering expert testimony as required by the PD Committee; and

(g) Such other advisory services as may be requested by the PD Committee from time to time.

6. Hilsoft has agreed to be compensated for its services on an hourly basis, in accordance with its normal billing practices, subject to allowance by this Court in accordance with applicable law. The current hourly rates Hilsoft charges are:

| Position | Charge Per Hour |
| --- | --- |
| President | $350 |
| Senior Planners | $275 |
| Planners | $225 |
| Administrators | $125 |
| Managers | $95 |

7. In addition, subject to allowance by this Court in accordance with applicable law, Hilsoft shall bill the Debtors monthly for reimbursement of all of its reasonable out-of-pocket expenses incurred in connection with Hilsoft's employment.

8. No promises have been received by Hilsoft as to compensation in connection with these cases other than as outlined in this affidavit and the Application in accordance with the

provisions of the Bankruptcy Code. Hilsoft has no agreement with any other entity to share any compensation received.

9. The terms of Hilsoft's employment and compensation as described in this affidavit and the Application are consistent with employment and compensation arrangements typically entered into by Hilsoft when providing such advisory services, and are competitive with those arrangements entered into by other advisory firms when rendering comparable services.

## DISCLOSURE CONCERNING CONFLICTS

10. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, the members and professionals of Hilsoft do not have any connections with the Debtors, their creditors, any other parties in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows: Hilsoft has worked with Debtors' main bankruptcy counsel, Kirkland & Ellis, to plan and implement a neutral Bar Date notice program in the Babcock & Wilcox Bankruptcy; and Hilsoft worked with PD Committee member law firms Lukins & Annis and Lieff Cabraser Heimann & Bernstein to design and plan a neutral notice program in connection with class certification in the Barbanti v. W.R. Grace case.

11. In addition to the above relationships, given the large number of unsecured creditors and other parties in interest in the Chapter 11 Cases, there may be other unsecured creditors and parties in interest that have been served by Hilsoft. While Hilsoft may have provided, or may in the future provide, services to parties in interest in these cases, none of those

relationships or matters have or will have any connection with the Chapter 11 Cases. Hilsoft will file supplementary affidavits regarding this retention if additional relevant information is obtained.

12. Hilsoft is not and was never a creditor, an equity security holder or an insider of any of the Debtors.

13. Hilsoft is not and was not, within two years before the Petition Date, a director, officer or employee of any of the Debtors or provided services to any of the Debtors.

14. Accordingly, to the best of my knowledge, information and belief, Hilsoft is a "disinterested person" as such term is defined by 11 U.S.C. § 101(14).

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6TH day of February, 2002, at Souderton, Pennsylvania.

_____
Todd B. Hilsee

Sworn to and subscribed before me
this 6TH day of February, 2002

_____
Notary Public
State of Pennsylvania

```
NOTARIAL SEAL
GEORGINE F. NEWMAN, Notary Public
Souderton Boro., Montgomery County
My Commission Expires June 4, 2005
```

\74817\15540\ # 547748 v 2                                5