UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  Only if Objections are Timely Made** |
| | ) | **Objections Deadline: February 27, 2002 at 4:00 p.m.** |

**SUMMARY OF SIXTH INTERIM APPLICATION OF BILZIN SUMBERG
DUNN BAENA PRICE & AXELROD, LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO
THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD FROM DECEMBER 1, 2001 THROUGH DECEMBER 31, 2001**

| | |
|---|---|
| Name of Applicant: | Bilzin Sumberg Dunn Baena Price & Axelrod LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Asbestos Property Damage Claimants |
| Date of Retention: | Retention order entered on June 21, 2001, Nunc Pro Tunc, to April 9, 2001 |
| Period for which compensation and Reimbursement is sought: | December 1, 2001 through December 31, 2001 |
| Amount of Compensation sought as actual, reasonable and necessary: | $34,725.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $55,174.38 |

This is an **X** interim __final application.[1]

---

[1] All capitalized terms used but not defined herein have the meanings ascribed thereto in the Sixth Interim Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Asbestos Property Damage Claimants for the Period from December 1, 2001 Through December 31, 2001.

2

## HISTORY OF FEES AND COSTS

| Interim Applications | | Requested | | Pending | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 7/2/01 | 4/9/01 – 5/31/01 | $194,578.50 | $29,181.11 | $194,578.50 | $29,181.11 |
| 8/6/01 | 6/1/01 – 6/30/01 | $195,105.25 | $14,086.94 | $195,105.25 | $14,086.94 |
| 9/25/01 | 7/1/01 - 8/31/01 | $247,980.00 | $176,063.29 | $247,980.00 | $176,063.29 |
| 11/8/01 | 9/1/01 - 9/30/01 | $49,039.50 | $6,936.85 | $49,039.50 | $6,936.85 |
| 12/13/01 | 10/1/01 - 11/30/01 | $180,750.50 | $140,465.86 | $180,750.50 | $140,750.50 |

548096                                            2

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS

| Name of Professional Person | Position of Applicant | Number of years in position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Scott L. Baena | Partner | 27 | Bankruptcy | $425.00 | 20.1 | $8,542.50 |
| Robert W. Turken | Partner | 21 | Litigation | $375.00 | 28.1 | $10,537.50 |
| Allyn S. Danzeisen | Associate | 4 | Litigation | $225.00 | 15.5 | $3,487.50 |
| Jay M. Sakalo | Associate | 3 | Bankruptcy | $225.00 | 57.6 | $12,960.00 |
| Jose L. Heredia | Paralegal | 10 | Bankruptcy | $100.00 | 1.8 | $180.00 |
| Luisa M. Flores | Paralegal | 4 | Bankruptcy | $100.00 | 15.8 | $1,580.00 |
| | | | | `Total: | 138.9 | 37,287.50 |
| | | | | LESS 50% TRAVEL DISCOUNT: | | -$2,562.50 |
| | | | | GRAND TOTAL | | $34,725.00 |
| | | | | Blended Rate: | | $250.00 |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | 39.1 | $8,240.00 |
| Debtors' Business Operations | 2.1 | $472.50 |
| Creditors' Committee | 7.1 | $2,097.50 |
| Retention of Professionals | 1.5 | $417.50 |
| Fee Applications | 14.6 | $2,862.50 |
| Court Appearances | 13.0 | $4,475.00 |
| Travel | 15.0 | $5,125.00 |
| Fraudulent Transfer Litigation | 1.7 | $722.50 |
| Litigation Consulting | 44.8 | $12,875.00 |
| **Total** | **138.9** | **$37,287.50** |
| **Less Discount 50% Travel Time** | | **-$2,562.50** |
| **Grand Total** | **138.9** | **$34,725.00** |

548096

3

## EXPENSE SUMMARY

| | | | | |
|---|---|---|---|---|
| 1. | Expert Fees | | | $40,800.77 |
| 2. | Staff Overtime | | | |
| 3. | Photocopies | | | $88.35 |
| | (a) | In-house copies @ $ 0.15 | $88.35 | |
| | (b) | Outside copies (At Cost) | | |
| 4. | Miscellaneous Costs | | | $62.00 |
| 5. | Overnight Delivery Charges (Federal Express) | | | $617.83 |
| 6. | Messenger Service | | | $19.00 |
| 7. | Long Distance Telephone Charges | | | $2,243.04 |
| 8. | Telecopies (@ $ 0.50 | | | $541.00 |
| 9. | Court Reporter | | | $2,746.60 |
| 10. | Computerized Research, PACER/Westlaw/Lexus | | | $2,073.84 |
| 11. | Travel Expenses | | | $5,981.95 |
| | (a) | Airfare | $3,725.62 | |
| | (b) | Meals | $155.44 | |
| | (c) | Parking / Mileage | $552.80 | |
| | (e) | Lodging | $1,548.09 | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | | **$55,174.38** |

539005

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  Only if Timely Objections are Made** |
| | ) | **Objections Deadline: February 27, 2002 at 4:00 p.m.** |

**SIXTH INTERIM APPLICATION OF BILZIN
SUMBERG DUNN BAENA PRICE & AXELROD LLP
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR
THE PERIOD FROM DECEMBER 1, 2001 THROUGH DECEMBER 31, 2001**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's May 3, 2001 Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Administrative Order"), the law firm of Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Applicant") hereby submits this sixth interim application (the "Application") as counsel to the Official Committee of Asbestos Property Damage Claimants (the "PD Committee").  In support hereof, the Applicant respectfully represents as follows:

I.      BACKGROUND

1.      On April 2, 2001 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage

548096                                       5

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On April 2, 2001, the Court entered its Order directing the joint administration of the Debtors' chapter 11 cases (the "Consolidated Cases").

3. On April 12, 2001, the Office of the United States Trustee appointed the PD Committee in this case consisting of Mr. Marco Barbanti, Princeton University, Pacific Freeholds and Prudential Insurance Company. The PD Committee held its organizational meeting on that day and selected Mr. Marco Barbanti to serve as its Chairman. Thereafter, the PD Committee was expanded to include Paul Price, Anderson Memorial Hospital and the Catholic Archdiocese of New Orleans. The PD Committee subsequently elected Mr. Dan Speights, representative of Anderson Memorial Hospital, as Co-Chairman of the PD Committee.

4. The PD Committee represents the interests of the asbestos property damage claimants in the Consolidated Cases.

5. At the PD Committee's initial meeting held on April 12, 2001, at which all original PD Committee members were present, the PD Committee chose to retain the Applicant, by and through Scott L. Baena, Esq., as its counsel to represent it in all matters during the pendency of the Consolidated Cases.

6. By application, dated May 22, 2001, the Applicant sought Court approval for its retention as counsel to the PD Committee nunc pro tunc to April 9, 2001. No objections were filed and a certificate of no objection was filed with the Court.

7. By order dated June 21, 2001 (the "Retention Order"), the Court authorized the PD Committee to retain the Applicant nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, on a general retainer basis, to represent the PD Committee in the Consolidated

Cases. The Retention Order conditioned the Applicant's compensation on approval by this Court.

## II.    RELIEF REQUESTED

8. Accordingly, the Applicant submits this Application, pursuant to Sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Administrative Order, and in accordance with U.S. Department of Justice, Executive Office for United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "Guidelines"). The Applicant requests an interim award of legal fees and reimbursement of expenses incurred by the Applicant as counsel to the PD Committee for the period from December 1, 2001, through December 31, 2001 (the "Application Period"), in the amount of (i) $34,725.00 for services rendered during the Application Period; and (ii) $55,174.38 as reimbursement for the actual and necessary expenses incurred by the Applicant as counsel to the PD Committee during the Application Period, as well as the fees of certain experts engaged by the PD Committee pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts.

9. This request is the Applicant's sixth interim application for compensation and reimbursement of expenses. No understanding exists between the Applicant and any other person for a sharing of the compensation sought by this Application, except among the members and regular associates of the Applicant.

10. In accordance with the Guidelines, the following exhibits are annexed to this application:

Exhibit A – Applicant's billing statement, which includes detail description of services rendered by professionals for each category, summary of fees for each category and summary of costs for each category.

Exhibit B – Certification of Scott L. Baena.

11. The Applicant has expended a total of 138.9 hours during the Application Period in rendering necessary and substantially beneficial legal services to the PD Committee. Exhibit A includes a daily description of the services rendered and the hours expended by the various attorneys and paralegals of the Applicant who performed services in the Consolidated Cases. The Applicant has prepared Exhibit A based on contemporaneous daily time records maintained by the Applicant's attorneys and paralegals who rendered services in the Consolidated Cases. In compliance with the Guidelines, the daily descriptions of the services rendered by the Applicant are categorized by activity code.

12. The Applicant has only applied for reimbursement of actual and necessary out-of-pocket disbursements in accordance with § 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines. The expenses listed on the Summary of Expenses were actual and necessary expenses incurred by the Applicant in connection with its service to the PD Committee. The Applicant would typically bill all such expenses to its non-bankruptcy clients.

13. The Applicant charges $.15 per page for in-house photocopying services and $.50 per page for out-going facsimile transmissions. The Applicant does not charge for incoming facsimiles and with respect to computerized research services, Applicant charges the actual cost incurred with any outside vendor.

### III. SUMMARY OF SERVICES RENDERED

A. <u>Case Administration</u>

This matter covers the attention given to routine motions and pleadings, and preparation of responses thereto, the preparation of summaries and analyses of such papers for the PD Committee, and meetings with the Debtors or their professionals.

The Applicant's focus on the administration of the Consolidated Cases during the Application Period continued to permit the PD Committee to remain fully informed about all on-going matters pending in the Consolidated Cases. During the Application Period, the Applicant maintained constant communication with the PD Committee's local counsel and counsel to the Debtors, the PI Committee and the Commercial Committee with respect to the transfer of the Consolidated Cases from Judge Farnan to Judge Wolin and then the subsequent referral to Judge Fitzgerald. As the transfer of the Consolidated Cases was unfolding, the Applicant continually discussed the status of the cases and the ramifications of the transfer with the members of the PD Committee. Upon carefully reviewing the various orders transferring the Consolidated Cases to Judge Wolin and the correspondence from Judge Fitzgerald to the counsels in the Consolidated Cases requesting "status" memoranda, the Applicant drafted a status letter and circulated same to the PD Committee for review and comment, and thereafter submitted the status letter to Judge Fitzgerald.

In addition to preparing the PD Committee's response to Judge Fitzgerald, the Applicant reviewed and analyzed the responses of the other constituencies in the Consolidated Cases, including the Debtors, the PI Committee and various insurance companies, and counseled the PD Committee with respect to their responses.

In addition, during the Application Period, the Applicant carefully reviewed, summarized, and provided advice and recommendations to the PD Committee, with respect to the Debtors' position as a creditor in the Intercat bankruptcy.

## B.  Debtors' Business Operations

This matter covers the attention given to review and analysis of the Debtors' statement of affairs, schedules of assets and liabilities, monthly reports of operations and their Securities and Exchange Commission filings.

During the Application Period, the Applicant expended time reviewing and provided advice to the PD Committee with respect to an analysis of the Debtors' debt structure performed by the PD Committee's financial advisors, Conway, Del Genio, Gries & Co., LLC.

## C.  Property Damage Claimants Committee

This matter covers formation, membership, and by-law issues of the PD Committee. It also covers attendance at PD Committee meetings, preparation of materials for and presentations thereon to the PD Committee, and the preparation of minutes of the meetings.

During the Application Period, the Applicant convened weekly telephonic meetings of the PD Committee. The Applicant prepared detailed agendas for each meeting, reviewed pending matters and issues in preparation therefor, and counseled the members in formulating a position on such matters and positions. Further, subsequent to the meetings the Applicant drafted, and circulated for review prior to adoption, drafts of minutes of the PD Committee meetings.

Throughout its representation of the PD Committee, the Applicant has aggressively and attentively represented the interests of the PD Committee. Assuming the role of liaison, the Applicant has continued to maintain continuous communications with the Debtors' counsel and

PD Committee members and, at times, counsel to the personal injury claimants committee and counsel to the unsecured creditors' committee. The Applicant timely and professionally relayed information to PD Committee members through in-person meetings, telephone conference calls, e-mail and correspondence.

**D.      Retention of Professionals**

This matter covers the retention of professionals by the PD Committee or the Debtors, including interviews, discussions, motions and objections.

Based upon discussions with the United States Trustee's office, at the PD Committee's direction, the Applicant finalized applications for the retention of W.D. Hilton, Jr. and Hamilton Rabinovitz & Alschuler, as experts to the PD Committee. The applications for retention of these experts were filed with this Court subsequent to the Application Period.

**E.      Fee Applications**

This matter covers time expended preparing fee applications for the Applicant, the applications for reimbursement of expenses of PD Committee members or professionals, and reviewing, and objecting if necessary, to fee applications of others.

During the Application Period, the Applicant expended time preparing, drafting and filing its fifth interim fee application and the related application for reimbursement of expenses of PD Committee members.

The Applicant also reviewed and analyzed the numerous fee applications filed by the Debtors and their special counsels, the Personal Injury Committee, and the Official Committee of Unsecured Creditors.

In addition, at the request of Judge Fitzgerald, the Applicant reviewed and analyzed the proposed amended administrative fee order circulated by the Debtors.

**F.     Court Appearances**  This matter covers preparation for and attendance at omnibus court hearings and status conferences.

During the Application Period, the Applicant prepared for, attended and actively participated in the status conference held by Judge Wolin on December 20, 2001 in Newark, New Jersey. In addition, the Applicant attended the status conferences held in Armstrong World Industries, Inc., Owens-Corning Fiber, USG Corp. and Federal-Mogul -- immediately preceding and succeeding the status conference in thee Consolidated Cases -- in order to observe Judge Wolin's treatment of similar pending issues.

**G.     Travel**

The Applicant traveled to Newark, New Jersey to attend the status conference on December 20, 2001. In accordance with Local Rule 2016-2(d)(viii), all such time is being billed at fifty percent (50%) of regular hourly rates, to the extent work was not being performed en route.

**H.     Fraudulent Transfer Litigation**

This matter covers the analysis of the fraudulent transfer claims, motions to prosecute and hearings thereon. It also covers selection of professionals for this litigation, consultation with the PD Committee, the Personal Injury Committee, and special counsel to prosecute the claims.

During the Application Period, the Applicant had several conversations with proposed counsel to prosecute the fraudulent transfer actions regarding the status of the motion for leave to prosecute such actions.

**I.**     **<u>Litigation Consulting</u>**

This matter covers the analysis of litigation claims, other than the fraudulent transfer claims, including strategic motions contemplated or conceptualized by the PD Committee.

During the Application Period, at the direction of the PD Committee, the Applicant drafted a position paper as to the PD Committee's view of case management issues in light of the transfer of the Consolidated cases to Judge Wolin and the subsequent referral to Judge Fitzgerald. At the direction of the PD Committee, the position paper has not yet been filed with the Court.

## IV.     INDEXING OF TASKS BY ACTIVITY CODES

As set forth on Exhibit A to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines. Accordingly, each of the time entries of the attorneys and paralegals of the Applicant has been indexed into the following categories, which the Applicant ordinarily uses in categorizing its time. The Applicant did not incur time in a number of these categories.

| | |
|---|---|
| **15537.** | **Case Administration** |
| **15538.** | **Debtors' Business Operations** |
| **15539.** | **Property Damage Claimants Committee** |
| **15540.** | **Retention of Professionals** |
| **15543.** | **Fee Applications** |
| **15544.** | **Court Appearances** |
| **15546.** | **Travel** |
| **15547.** | **Fraudulent Transfer Litigation** |
| **15563.** | **Litigation Consulting** |

### V. EVALUATION OF SERVICES RENDERED: FIRST COLONIAL CONSIDERATIONS

This Application presents the nature and extent of the professional services the Applicant rendered in connection with its representation of the PD Committee for which the Applicant seeks compensation. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with the case.

American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.), 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees; these standards have been adopted by most courts. See also Grant v. George Schuman Tire & Battery Company, 908 F.2d 874 (11th Cir. 1990); 2 Collier on Bankruptcy & 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); See also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). The twelve factors are:

1. The time and labor required;

2. The novelty and difficulty of the questions presented;

3. The skill required to perform the legal services properly;

4. The preclusion from other employment by the attorney due to acceptance of the case;

5. The customary fee for similar work in the community;

6. Whether the fee is fixed or contingent;

7. The time limitations imposed by the client or circumstances;

8. The amount involved and results obtained;

9. The experience, reputation and ability of the attorneys;

10. The undesirability of the case;

    11.  The nature and length of the professional relationship with the client; and

    12.  Awards in similar cases.

First Colonial, 544 F.2d at 1298-99.

  Based on the standards set forth in section 330 of the Bankruptcy Code and First Colonial, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is the total amount of $34,725.00, plus expenses of $55,174.38.

**A.**  **Time, Nature and Extent of Services Rendered and Results Obtained**

  The foregoing summary, together with Exhibit A attached hereto, details the time, nature and extent of the professional services the Applicant rendered for the benefit of the PD Committee during the period covered by this application. The total number of hours expended, 138.9, reveals the extensive time devoted to this matter by the Applicant on a vast spectrum of legal issues which have arisen in this case during the period covered by this Application.

**B.**  **Novelty and Difficulty of Questions Presented**

  The issues which have arisen in this case during the period encompassed by this Application demanded a high level of skill and perseverance of the Applicant. The Applicant spent considerable time preparing for all of the hearings associated therewith, as well as reviewing or drafting related pleadings and documentation.

**C.**  **Skill Requisite to Perform Services Properly**

  In rendering services to the PD Committee, the Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy, commercial and secured transactions and litigation. In addition, the Applicant has drawn upon and utilized the vast experience of attorneys in other areas of its firm.

D.  **Preclusion from Other Employment by Attorney Due to Acceptance of Case**

The Applicant's representation in this case did not preclude it from accepting other employment, although it has required certain attorneys to dedicate significant amounts of their time to these cases.

E.  **Customary Fee**

The hourly rates of the Applicant as set forth in Exhibit A reflect the hourly rates the Applicant bills to its clients in other bankruptcy and commercial cases in which client payment is made on a frequent, periodic basis. Other courts outside of this district, in other bankruptcy matters in which the Applicant has been involved, have approved these rates. The Applicant's hourly rates are derived from a careful and thorough analysis of its internal costs, fees charged by other attorneys in the same practice and geographic areas and the experience of the Applicant's attorneys and paraprofessionals.

F.  **Whether Fee is Fixed or Contingent**

The Applicant's compensation in this matter is subject to approval of the Court and therefore contingent. The Court should consider this factor, which militates in favor of a fee in the amount requested. The amount requested is consistent with the fee which the Applicant would charge its clients in other non-contingent, bankruptcy and commercial cases.

G.  **Time Limitations Imposed by Client or Other Circumstances**

The circumstances of this case occasionally imposed serious time constraints on the Applicant due to the necessity for rapid resolution of significant issues.

H.  **Experience, Reputation and Ability of Attorneys.**

The Applicant is an established law firm, and its members and associates working on this case are experienced in matters of this kind.

**I.      "Undesirability" of Case**

This case is not undesirable. The Applicant is privileged to have the opportunity to represent the PD Committee and appear before the Court in this proceeding.

**J.      Nature and Length of Professional Relationship with Client**

The Applicant had no prior relationships with any member of the PD Committee, nor did the Applicant represent any member of the PD Committee in any matter.

**K.      Awards in Similar Cases**

The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity. The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. The fee requested by the Applicant, $34,725.00, reflects an average hourly rate of $250.00, for 138.9 hours of service. Considering the complexity of the issues addressed during the periods covered by this application, this rate is entirely appropriate. The costs which the Applicant seeks reimbursement for were necessarily incurred as a result of this engagement. Such costs are not, therefore, implicit in the Applicant's hourly rates.

WHEREFORE, the Applicant respectfully requests the Court to enter an order (i) awarding the Applicant the sum of $34,725.00 as interim compensation for services rendered, and $55,174.38, as interim reimbursement for actual and necessary expenses incurred during the course of the Applicant's representation of the PD Committee during the Application period; (ii) authorizing and directing the Debtor to pay the Applicant the sum of $27,780.00 representing 80% of the total fees and $55,174.38 in costs sought by the Applicant herein; and (iii) granting such other and further relief as the Court deems appropriate.

Dated: February 7, 2001

**BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP**
Counsel to the Official Committee of Asbestos Property Damage Claimants
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385
Telephone: (305) 374-7580
Facsimile: (305) 374-7593


By:__/s/ Scott L. Baena_____
    Scott L. Baena (Admitted <u>Pro</u> <u>Hac</u> <u>Vice</u>)