**Exhibit B**

**Fee Application for the period**

**October 1 – October 31, 2001**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------x

In re:                                    Chapter 11

W.R. GRACE & Co., et al.,                 Case No. 01-01139(JJF)
                                          (Jointly Administered)


                        Debtors

-------------------------x


SEVENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001)

Type of Application: Interim ___X___    Final _____

Name of Applicant:                        FTI Policano & Manzo

Authorized to Provide Professional Services to:    The Official Committee of
                                                   Unsecured Creditors

Date of Order Authorizing Employment:     June 21, 2001

Compensation Sought:
        Application Date:    November 29, 2001
        Application Period:  October 1, 2001 through October 31, 2001


|  | Hours | Amount |
|---|---|---|
| Professional Fees (80%) | 119.8 | $34,114.40 |
| Expense Reimbursement (100%) |  | 3,670.86 |
| Total |  | $37,785.26 |

Is this a first application? Yes ____ No_X_

SEVENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001)

## INDEX

### APPLICATION FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES

EXHIBIT A    Affidavit of Edwin N. Ordway, Jr.

EXHIBIT B    Summary of the services performed by FTI Policano & Manzo from
October 1, 2001 through October 31, 2001

EXHIBIT C    Summary of fees by professional for the period October 1, 2001 through
October 31, 2001

EXHIBIT D    Detailed descriptions of services rendered by professional for the period
October 1, 2001 through October 31, 2001

EXHIBIT E    Summary of expenses incurred for the period October 1, 2001 through
October 31, 2001

APPLICATION FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES

I.    Introduction

This is the Seventh application for allowance of interim compensation and reimbursement of expenses ("Seventh Interim Application") made by FTI Policano & Manzo ("FTI P&M" or "Applicant"), as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. et. al., (the "Company" or "Debtors") for the period October 1, 2001 through October 31, 2001 ("Seventh Interim Period"). In connection with this application, the Applicant submits as follows:

   1. FTI P&M is a firm of financial advisors specializing in insolvency restructuring and related matters, and is an operating unit of FTI Consulting, Inc.

   2. FTI P&M was retained by the Committee as Financial Advisors to the Committee pursuant to an order approved by the Court dated June 21, 2001 (the "Employment Order").

   3. On May 3, 2001, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses for all professionals and committee members ("Interim Compensation Order").

   4. The Interim Compensation Order requires each professional to submit monthly statements to various parties as stated in the Interim Compensation Order. These monthly statements include a detailed schedule of the services rendered and the expenses incurred for the related period, and are submitted on or about the 28th day of every month. Following a 20 day period for notice and resolution of objections, the Interim Compensation Order requires the Debtors to promptly pay (i) 80% of undisputed professional fees; and (ii) 100% of the undisputed expenses detailed in the monthly statement.

   5. During the Seventh Interim Period, FTI P&M submitted the following monthly statements to the parties in the Interim Compensation Order:

| Period | Fees | Expenses |
|---|---|---|
| 10/1-10/31/01 | $42,643.00 | $3,670.86 |

   6. Through the date of this Seventh Interim Application, FTI P&M has not been paid for the professional fees rendered nor for the expenses incurred that were included in the monthly statements for the Seventh Interim Period.

   7. FTI P&M submits this Seventh Interim Application, pursuant to Section 330 and 331 of the United States Bankruptcy Code and Bankruptcy Rule 2016, for an interim

allowance for compensation for professional services rendered to the Debtors of $34,114.40, representing 80% of fees incurred, and for the reimbursement of expenses in connection therewith of $3,670.86 for the period October 1, 2001 through October 31, 2001. To date, Applicant has not been paid for the professional services rendered nor for reimbursement of expenses.

8. During the Seventh Interim Period, the Applicant rendered professional services aggregating a total of 119.8 hours in the discharge of its duties as financial advisor and bankruptcy consultant to the Committee.

9. The Applicant believes that the interim fees applied for herein for professional services rendered in performing accounting and advisory services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtor's financial accounting resources and the results obtained. Applicant has attached to this Seventh Interim Application, as Exhibit D, a complete accounting of the time expended by professionals who worked on this matter during the Seventh Interim Period. The Applicant's work during this period has been categorized into seven separate tasks, each of which is described in detail in Exhibit B. Additional task codes may be added in subsequent applications.

10. Section II below briefly discusses the history of the Company prior to its filing, issues facing the Company during the Chapter 11 period, and the major tasks performed by the Applicant during the Seventh Interim Period.

## II.    Background

1.    On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Pursuant to an Application submitted to the Court on or about May 17, 2001, and by a Court order dated June 21, 2001, FTI P&M was retained as financial advisors for the Committee, nunc pro tunc to April 20, 2001. Since its retention, FTI P&M has continuously and vigorously pursued the Committee's interests in these cases.

3.    The Debtors have represented, among other things, that: (a) the Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland; (b) The Debtors predominantly operate through two business units -- Davison Chemicals and Performance Chemicals; (c) the Debtors' parent company, W.R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary, W.R. Grace & Co. -- Conn. ("Grace-Conn"); (d) Grace-Conn owns

substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are Debtors and Debtors-in-Possession in the Chapter 11 Cases.

4.       The following summary is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit D.  Rather, it is merely an attempt to highlight those areas in which services were rendered to the Committee during the Compensation Period, including (i) Financial monitoring and comparison of performance with prior periods (ii) Preparation of a report to the Committee on the five-year business plan prepared by the Debtors (iii) Preparation of a report to the Committee on a proposed acquisition (iv) Meetings and phone conferences with Debtors' management and counsel and with Committee counsel, and (v) Other Matters.

5.       FTI P&M's role included the preparation and communication of various financial analyses requested by the Official Committee of Unsecured Creditors' professionals in order to assist their rapid understanding of the issues facing the Debtors.

6.       For the Compensation Period, FTI P&M seeks compensation totaling $37,785.26, representing 80% of fees incurred and 100% of expenses incurred.  FTI P&M expended an aggregate of 119.8 hours, substantially all of which was expended by four professionals.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The staff of the Debtors or their advisors have been utilized where practical and prudent.

7.       In addition, FTI P&M incurred out-of-pocket expenses in connection with the rendition of the professional services described above in the sum of $3,670.86 for which FTI P&M respectfully requests reimbursement in full.  All expenses were billed at actual cost, exclusive of amortization of the cost of investment, equipment or capital outlay.  Internal charges for outgoing out-of-town facsimile transmissions were billed at $1.25 per page for domestic transmissions.  Photocopy charges were billed at actual cost for external copying and $.20 per page for internal copying.  FTI P&M believes that these charges reflect its actual out-of-pocket costs.

8.       The disbursements and expenses have been incurred in accordance with FTI P&M's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable FTI P&M to devote time beyond normal office hours to matters which imposed extraordinary time demands.  FTI P&M has endeavored to minimize these expenses to the fullest extent possible.

9.       FTI P&M's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost.  In addition, FTI P&M's per diem rates for professionals of comparable experience

are 15% to 25% lower than its competitors, the "Big-Five" accounting firms and certain other nationally-recognized specialty firms.

10.    Because FTI P&M's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of FTI P&M's professionals, in many instances only one or two FTI P&M representatives attended meetings or conference calls or performed specific functions.

11.    Edwin N. Ordway, Jr., Managing Director in charge of this case, directed the activities of the FTI P&M team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

### III.    Summary of Fees and Expenses Incurred

12.    To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

13.    FTI P&M's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtor.

14.    In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, FTI P&M does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, FTI P&M requests reimbursement only for the amount billed to FTI P&M by such third party vendor and paid by FTI P&M to that vendor.

15.    FTI P&M's policy with respect to word processing and document preparation and handling services provided by FTI P&M employees is to bill clients by the hour for such time, but only if the employees' time is clearly and exclusively devoted to work performed for that particular client, such as for the preparation, collation and binding of a report for a client. Such services are billed to the Debtor at a rate commensurate with that which would be charged by a third party provider such as a temporaries agency.

16.    Annexed hereto as Exhibit B is a more comprehensive summary of the services performed by the Applicant during the Seventh Interim Period at the direction of the Committee and its Counsel.

17.    Annexed hereto as Exhibit C is a summary of fees by professional and by task during the Seventh Interim Period.

18.    Annexed hereto as Exhibit D are detailed descriptions of the time spent by each professional during the Seventh Interim Period.

19.    Pursuant to Rule 2016, FTI P&M states that no compensation to be received in this proceeding will be shared with any person or entity outside of FTI P&M and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by FTI P&M on account of its accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

20.    As stated in the Affidavit of Edwin N. Ordway, Jr. annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

21.    The Debtors will give notice of the relief requested herein and of the relief requested by the other professionals in their respective applications for allowance of compensation by serving notice of this application upon all parties that have requested notice in these cases, and FTI P&M has personally served copies of the Application with exhibits to the Debtors and on the United States Trustee.

22.    WHEREFORE, the Applicant respectfully requests that this Court enter an order:

    a.  approving the allowance of compensation for professional services rendered to the Committee during the period from October 1, 2001 through and including October 31, 2001 in the amount of $42,643.00;

    b.  approving the reimbursement of FTI P&M's out-of-pocket expenses incurred in connection with the rendering of such services during the period from October 1, 2001 through and including October 31, 2001 in the amount of $3,670.86; and

c.  authorizing the Debtor to pay as interim compensation to FTI P&M 80% of the amount of the professional services rendered and 100% of the expenses incurred by FTI P&M during the period from October 1, 2001 through and including October 31, 2001, subject to final payment of the full amount; and

d.  granting such other and further relief as this Court may deem just and proper.

Date: _November 28, 2001_

FTI Policano & Manzo

By _____
        Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ 07663
(201) 843-4900

EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW JERSEY   )
                                     ) ss:
COUNTY OF BERGEN      )

EDWIN N. ORDWAY, JR., being duly sworn, deposes and says:

1.        I am a Managing Director of FTI Policano & Manzo, ("FTI P&M"), an operating unit of FTI Consulting, Inc. ("FTI"), and I am duly authorized to make this affidavit on behalf of FTI P&M.  FTI P&M provides financial consulting services for restructuring matters and has its principal office at Park 80 West Plaza I, Saddle Brook, New Jersey.  FTI P&M has provided financial consulting services to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.        This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of FTI P&M's Seventh monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the

period from October 1, 2001 through and including October 31, 2001 in the aggregate amount of $37,785.26.

3.      All services for which compensation is requested by FTI P&M were professional services performed for and on behalf of the Committee from October 1, 2001 through and including October 31, 2001 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any employee of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any employee thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any employee of my firm.

EDWIN N. ORDWAY, JR.

Sworn to before me this
28th day of November, 2001

Patricia E. Foose
Notary Public

PATRICIA E. FOOSE
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES AUG. 6, 2006

-2-

Exhibit B

## SUMMARY OF THE SERVICES PERFORMED BY FTI POLICANO & MANZO DURING THE SEVENTH INTERIM PERIOD

**Task Code 1 – Preparation for and Participation at Meetings with the Chairman and Case Professionals and/or Creditors Committee Meetings or Conference Calls (12.3 Hours)**

We met with the Committee chairman and counsel to review our observations and findings regarding the five-year business plan and the proposed Project Chi acquisition, and to discuss the tax implications of various reorganization scenarios. Additionally, P&M had phone conversations with individual Committee members to discuss and review our reports.

**Task Code 2 – Issues Related to Chapter 11 Operating Issues, Such As Critical Vendor Motions, Reclamation Claims, Executory Contracts and Similar Issues**

No activity took place in this category during the Seventh Interim Period.

**Task Code 3 – Preparation of Monitoring and Operating Results Reports (17.0 Hours)**

During this period, we prepared and distributed number of reports and supporting schedules for the Creditors Committee, most notably a report on the Company's five-year business plan.

**Task Code 4 – Analysis of Financial Data, Including Business Plan, Projections, Forecasts, Cash Flow Forecasts and Historical Information (40.8 Hours)**

FTI P&M obtained, analyzed and discussed with Debtor management and professionals historical and current operating results by business segment, and prepared numerous analyses of key performance indicators for each business segment. FTI P&M monitored, analyzed and forecasted the Debtors' cash position and debt capacity. FTI P&M met with Debtors' management to discuss balance sheet reserves and various other business matters.

**Task Code 5 – Monthly Statement, Retention and Fee Application Preparation** (17.6 Hours)

This category represents the time expended during the Seventh Interim Period in preparing FTI P&M's Sixth Interim and Second Quarterly Interim Applications for Allowance of Compensation and Reimbursement of Expenses.

**Task Code 6 – Grace competitor profile analysis and analysis of other asbestos related Chapter 11 filings** (5.0 Hours)

FTI P&M monitored economic and industrial peer group projections and industry and trade reports relating to current asbestos litigation.

**Task Code 7 – Analysis and Evaluation of Proposed Corporate Acquisitions by the Debtor and Their Non-Filing Affiliates** (27.1 Hours)

During this period, we prepared and disseminated a report and supporting schedules and an evaluation of a proposed corporate acquisition by a non-filing overseas subsidiary. This category includes industry research in the preparation of extensive peer group comparisons and valuations relative to the acquisition target.

Exhibit C
Page 1 of 2

## W.R. GRACE & CO. ET. AL.
### Summary of Fees by Professional
#### For the period October 1, 2001 through October 31, 2001

| | Total Hours September | Billing Rate | Amount |
|---|---|---|---|
| E. Ordway | 9.6 | $475 | $ 4,560.00 |
| L. Ryan | 2.5 | $475 | $ 1,187.50 |
| S. Cunningham | 39.4 | $405 | 15,957.00 |
| J. Schwendeman | 4.0 | $325 | 1,300.00 |
| C. MacCallum | 30.8 | $295 | 9,086.00 |
| C. Whitney | 33.5 | $315 | 10,552.50 |
| | 119.8 | | $ 42,643.00 |

**Exhibit C**
**Page 2 of 2**

## W.R. GRACE & CO. ET. AL.
### Summary of Fees by Professional
For the period October 1, 2001 through October 31, 2001

| TASK CODE | TASK | E. Ordway | L.Ryan | S. Cunningham | J.Schwendeman | C. MacCallum | C. Whitney | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 1 | Meetings of Creditors | 2.9 | 2.0 | 5.5 | 0.0 | 0.4 | 1.5 | 12.3 |
| 2 | Chapter 11 Operating Issues | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| 3 | Operating Results Report Preparation | 1.5 | 0.0 | 3.3 | 0.0 | 0.7 | 11.5 | 17.0 |
| 4 | Business Analyses | 2.9 | 0.0 | 17.3 | 0.0 | 1.6 | 19.0 | 40.8 |
| 5 | Fee Application Preparation | 1.1 | 0.0 | 0.0 | 0.0 | 16.0 | 0.5 | 17.6 |
| 6 | Competitor Profile Analysis | 0.5 | 0.5 | 0.0 | 4.0 | 0.0 | 0.0 | 5.0 |
| 7 | Evaluation of Potential Acquisitions | 0.7 | 0.0 | 13.3 | 0.0 | 12.1 | 1.0 | 27.1 |
| | TOTAL | 9.6 | 2.5 | 39.4 | 4.0 | 30.8 | 33.5 | 119.8 |

Exhibit D

# W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Edwin N. Ordway, Jr.
For the period October 1, 2001 through October 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 1-Oct | 1 | Met with counsel to review 5 year business plan. | 1.0 |
| | 1 | Discussed with counsel various tax related issues related to the impact of certain reorganization scenarios affecting the Company NOL position, limitation on carryback opportunities and tax implications of cash repatriation from foreign subsidiaries. | 1.1 |
| | 4 | Reviewed/edited information request list for tax data. | 0.2 |
| 2-Oct | 3 | Reviewed draft of report on 5 year business plan and made modifications thereto. | 1.5 |
| 4-Oct | 1 | Conference call with Committee member to discuss case status. | 0.3 |
| 5-Oct | 7 | Reviewed draft of Project Chi analysis and made modifications thereto. | 0.7 |
| 9-Oct | 6 | Read and analyzed recent court motions. | 0.5 |
| | 4 | Read and analyzed current monthly financial report. | 0.6 |
| 17-Oct | 4 | Reviewed and analyzed tax data. | 0.6 |
| 18-Oct | 4 | Reviewed open information list prepared by colleague. | 0.3 |
| 24-Oct | 5 | Prepared fee application. | 1.1 |
| | 4 | Reviewed and analyzed tax data. | 0.6 |
| 26-Oct | 1 | Discussed report on 5 year plan with Committee member. | 0.5 |
| 29-Oct | 4 | Updated work plan for WR Grace for near-term activities. | 0.6 |
| | | Total Hours - October | 9.6 |

Exhibit D

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Laureen Ryan
For the period October 1, 2001 through October 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 1-Oct | 6 | Calls with team members and related research in regard to asbestos liability. | 0.5 |
| 2-Oct | 1 | Attended Steering Committee meeting at Stroock to interview asbestos consultant. | 2.0 |
| | | **Total Hours - October** | 2.5 |

# W.R. GRACE & CO. ET. AL.
## Professional Services Rendered by Sean Cunningham
### For the period October 1, 2001 through October 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 1-Oct | 1 | Met with legal and tax counsel to review results of 5 year business plan. | 1.0 |
| | 1 | Discussed with counsel various tax related issues related to the impact of certain reorganization scenarios affecting the Company NOL position, limitation on carryback opportunities and tax implications of cash repatriation from foreign subsidiaries. | 1.1 |
| | 4 | Developed an information checklist pertaining to tax detail per the above analysis. | 0.8 |
| | 7 | Prepared additional analysis of Project CHI acquisition. | 1.3 |
| 3-Oct | 7 | Participated in conference call with Grace management re: Project CHI acquisition. | 1.5 |
| | 7 | Prepared draft written analysis for unsecured committee outlining strategic, economic rationale of Project CHI. | 5.1 |
| 4-Oct | 4 | Discussed agenda for 10/10/01 meeting with Company and status of information request pertaining to the Company's 5 year plan. | 0.5 |
| | 7 | Reviewed draft of Project CHI report, prepared additional financial analysis. | 0.5 |
| | 7 | Reviewed final draft of Projedt Chi report to unsecured committee. | 0.8 |
| | 7 | Prepared additional analysis of Project CHI acquisition. | 1.7 |
| 10-Oct | 4 | Participated in meeting with senior management of WR Grace to review balance sheet reserve valuation for certain prepetition taxes, EPA, divested business liabilities and asbestos claim reserves. | 6.0 |
| | 3 | Reviewed August financial results with Grace management. | 0.5 |
| | 4 | Prepared analysis comparing reserve capital outlays as presented at management meeting with 5 year projection. | 1.5 |
| | 3 | Summarized findings of meeting with management. | 1.5 |

| 12-Oct | 1 | Updated counsel to unsecured committee regarding meeting with management and discussed Company's continued reluctance to provide sufficient supporting documentation. | 0.4 |
|---|---|---|---|
| 15-Oct | 3 | Reviewed August financial results prior to submission to unsecured committee. | 1.3 |
| 16-Oct | 7 | Reviewed final draft of report on Project CHI acquisition prior to submission to unsecured committee. | 1.8 |
| | 7 | Reviewed CHI report with counsel and chairman. | 0.6 |
| 17-Oct | 4 | Reviewed tax information for FY 2000 received from Company. Forwarded FY 2000 final return to tax counsel for committee. | 2.8 |
| | 4 | Participated in conference call with Company and Company financial advisor to review State of Washington tax settlement and open issues pertaining to open information requests. | 0.7 |
| | 1 | Discussed open information request and continued lack of detailed financial information received from Company with counsel. | 0.7 |
| 18-Oct | 4 | Reviewed FY 2000 tax and other information pertaining to 5 year plan received from Company. | 2.5 |
| 19-Oct | 1 | Participated in conference call with Company counsel, committee counsel, Blackstone to discuss continued limitation on information disseminated from Company pertaining to information requests re: Legacy Liability. | 1.3 |
| | 1 | Participated in calls with various committee members re: Project CHI and 5 year business plan analysis previously forwarded. | 1.0 |
| 29-Oct | 4 | Reviewed tax information received from Company pertaining to NOL, AMT and foreign tax credit positions. | 1.5 |
| 31-Oct | 4 | Reviewed status of open tax and legacy liability information requests with counsel. | 1.0 |
| | | **Total Hours - October** | 39.4 |

Exhibit D

## W.R. GRACE & CO. ET. AL.
### Professional Services Rendered by Jeffrey Schwendeman
### For the period October 1, 2001 through October 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 2-Oct | 6 | Analyzed recent news and industry trade reports relating to recent asbestos litigation negotiations. | 1.0 |
| 11-Oct | 6 | Analyzed recent news and industry trade reports relating to recent asbestos litigation negotiations. | 0.8 |
| 17-Oct | 6 | Analyzed recent peer group operating results and industry economic data. | 0.9 |
| 26-Oct | 6 | Analyzed economic and peer group projections of Company industry segments re: intermediate and long-term industry growth assumptions. | 1.3 |
| | | **Total Hours - October** | 4.0 |

Exhibit D

# W.R. GRACE & CO. ET. AL.
## Professional Services Rendered by Craig MacCallum
### For the period October 1, 2001 through October 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 3-Oct | 7 | Reviewed Project Chi material in preparation for conference call with Debtor. | 0.7 |
| | 7 | Participated in conference call re: Project Chi. | 1.0 |
| | 7 | Continued with preparation of draft analysis and report regarding Project CHI acquisition. | 1.3 |
| 4-Oct | 4 | Reviewed DIP agreement as to restrictions on CapEx spending. | 0.5 |
| 5-Oct | 1 | Collected and forwarded asbestos reports and literature to committee member. | 0.4 |
| 7-Oct | 7 | Incorporated colleagues' review comments and additional schedules into Project Chi report. | 1.3 |
| 8-Oct | 7 | Finalized draft of Project Chi report. | 1.3 |
| 11-Oct | 7 | Continued drafting Project Chi report | 0.5 |
| 12-Oct | 7 | Incorporated colleagues' additional comments into Project Chi report. | 1.5 |
| 14-Oct | 7 | Incorporated colleagues' additional comments into Project Chi report. | 0.5 |
| 15-Oct | 7 | Investigated open issue and prepared additional analysis for inclusion in Project Chi report based on E. Ordway's comments. | 1.9 |
| | 7 | Forwarded final project Chi report to counsel and committee chair. | 0.3 |
| 16-Oct | 7 | Incorporated committee chair's comments in Project Chi report. | 1.3 |
| | 7 | Discussed final Project Chi report with S. Cunningham and disseminated to committee members. | 0.5 |
| 17-Oct | 3 | Forwarded monthly operating reports to committee members. | 0.3 |
| 18-Oct | 5 | Began preparation of fee application and supporting schedules for the period 9/1-9/30/01. | 3.0 |
| 22-Oct | 5 | Continued with preparation of fee application and supporting schedules for the period 9/1-9/30/01. | 2.0 |

| | | | |
|---|---|---|---|
| 23-Oct | 5 | Continued with preparation of fee application and supporting schedules for the period 9/1-9/30/01. | 1.5 |
| 24-Oct | 5 | Continued with preparation of fee application and supporting schedules for the period 9/1-9/30/01. | 2.9 |
| | 4 | Followed up on inquiry by committee counsel regarding asbestos and environmental claims. | 1.1 |
| 26-Oct | 5 | Continued with preparation of fee application and supporting schedules for the period 9/1-9/30/01. | 1.9 |
| | 5 | Prepared quarterly interim fee application for the period 7/1/01-9/30/01. | 2.6 |
| 29-Oct | 5 | Finalized and forwarded to counsel monthly and quarterly fee applications for the periods ended 9/30/01. | 2.1 |
| | 3 | Read and analyzed most current monthly trustee report. | 0.4 |
| | | **Total Hours - October** | 30.8 |

Exhibit D

## W.R. GRACE & CO. ET. AL.
### Professional Services Rendered by Christy Whitney
#### For the period October 1, 2001 through October 31, 2001

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 1-Oct | 4 | Reviewed five-year plan prior to meeting. | 2.0 |
| | 4 | Attended Company presentation of five-year plan at Blackstone. | 0.5 |
| | 4 | Prepared request list re: income taxes. | 1.3 |
| 2-Oct | 1 | Attended Steering Committee meeting at Stroock to interview asbestos consultant. | 1.5 |
| | 3 | Edited report on five-year plan to reflect E. Ordway's comments. | 8.5 |
| 3-Oct | 7 | Reviewed Project Chi report. | 0.5 |
| | 7 | Phone conversation to discuss Project Chi. | 0.5 |
| 5-Oct | 3 | Finalized and distributed report on five-year plan. | 3.0 |
| 9-Oct | 4 | Reviewed items received pursuant to 9/17 schedule request. | 1.5 |
| 10-Oct | 4 | Attended meeting at Company to discuss legacy reserves. | 7.0 |
| 12-Oct | 5 | Prepared September time summary. | 0.5 |
| 15-Oct | 4 | Reviewed July Financial Reporting Package. | 3.8 |
| 18-Oct | 4 | Participated in conference call with Company to discuss tax issues. | 0.8 |
| 19-Oct | 4 | Participated in conference call with Company's attorneys to discuss tax information request. | 0.8 |
| | 4 | Reviewed tax information provided by Company and its attorneys. | 1.3 |
| | | **Total Hours - October** | 33.5 |

W.R. GRACE & CO. ET. AL.
Summary of Expenses by Type of Expense
For the period October 1, 2001 through October 31, 2001

| | | |
|---|---|---:|
| Copies: | | |
| Internal | $ | 746.60 |
| External | | - |
| Telecommunications: | | |
| Toll Charges | | 40.36 |
| Facsimile Charges | | 212.50 |
| Postage, Federal Express | | 412.30 |
| Travel Expenses: | | |
| Transportation, lodging, tolls and parking | | 1,399.51 |
| Meals | | 42.09 |
| Outside Services | | - |
| Word Processing Services | | 292.50 |
| Document Preparation and Handling Services | | 525.00 |
| | | |
| Total Expenses | $ | 3,670.86 |

## W.R. GRACE & CO. ET. AL.
Detail of Expenses by Type of Expense
For the period October 1, 2001 through October 31, 2001

| | | | | | | |
|---|---|---|---|---|---|---|
| Copies, Internal | Total for Month | 3,733 | pages @ $0.20/page: | | $ | 746.60 |
| | | | | | | |
| Facsimile Charges: | | 170 | pages @ $1.25/page: | | | 212.50 |
| | | | | | | |
| Toll Charges: | S. Cunningham | Telephone calls | | 36.16 | | |
| | C. Whitney | Telephone calls | | 4.20 | | |
| | | | Subtotal | | | 40.36 |
| | | | | | | |
| Postage, Federal Express: | | 26-Sep | Airborne | | | 412.30 |

Transportation, lodging, tolls and parking:

| | | | | | |
|---|---|---|---|---|---|
| C. Whitney | 10-Oct | Taxis | | 47.00 | |
| | 10-Oct | Air Fare | | 119.00 | |
| | 10-Oct | Hotel | | 263.20 | |
| S. Cunningham | 1-Oct | Parking, mileage, tolls | | 41.20 | |
| | 10-Oct | Taxis | | 80.00 | |
| | 10-Oct | Air Fare | | 191.75 | |
| | 11-Oct | Air Fare | | 187.00 | |
| | 11-Oct | Train fare | | 145.60 | |
| | 11-Oct | Hotel | | 324.76 | |
| | | | Subtotal | | 1,399.51 |

| | | | | | |
|---|---|---|---|---|---|
| Meals: | C. Whitney | 10-Oct | Dinner | 7.00 | |
| | S. Cunningham | 1-Oct | Breakfast | 35.09 | |
| | | | | | 42.09 |

| Word Processing Services: | Hours | Rate | | |
|---|---|---|---|---|
| 7-Oct | 0.30 | $75.00 | 22.50 | |
| 14-Oct | 0.20 | $75.00 | 15.00 | |
| 21-Oct | 2.60 | $75.00 | 195.00 | |
| 31-Oct | 0.80 | $75.00 | 60.00 | |
| | | Subtotal | | 292.50 |

| Document Preparation and Handling Services: | Hours | Rate | | |
|---|---|---|---|---|
| 5-Oct | 1.50 | $75.00 | 112.50 | |
| 12-Oct | 1.00 | $75.00 | 75.00 | |
| 19-Oct | 3.50 | $75.00 | 262.50 | |
| 31-Oct | 1.00 | $75.00 | 75.00 | |
| | | Subtotal | | 525.00 |

| | | |
|---|---|---|
| Total Expenses | $ | 3,670.86 |

IN THE UNITED STATES BANKRUPTCY COURT

· FOR THE DISTRICT OF DELAWARE

```
------------------------x
```
In re:                                          Chapter 11

W.R. GRACE & Co., et al.,                       Case No. 01-01139(JJF)
                                                (Jointly Administered)

                    Debtors

```
------------------------x
```

ORDER ALLOWING FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001)

Upon the Application, dated September 28, 2001 (the "Application"), of FTI

P&M, as Financial Advisors to the Official Committee of Unsecured Creditors (the

"Committee") for Allowance of Interim Compensation in the amount of $34,114.40 for

Actual and Necessary Services Rendered and for Reimbursement of Actual and

Necessary Expenses Incurred in the amount of $3,670.86 for the Period from October 1,

2001 through October 31, 2001 (the "Application Period"); the Court having reviewed

the Application; and finding that the Court has jurisdiction over this matter pursuant to 28

U.S.C. Sections 157 and 1334; and after notice and opportunity for a hearing to consider

the Application; and upon the record and after due deliberation thereon; and due and

proper notice of the Application having been given; and sufficient cause appearing

therefore;

IT IS HEREBY ORDERED:

1.　　The Application is GRANTED.

2.　　FTI P&M is allowed interim compensation in the amount of $34,114.40 for actual, reasonable and necessary professional services rendered on behalf of the Committee during the Application Period, and reimbursement of $3,670.86 for actual, reasonable and necessary expenses incurred during the Application Period.

3.　　The Debtors shall pay to FTI P&M the amount of $37,785.26, which is equal to the sum of FTI P&M's allowed interim compensation and expense reimbursement out of the assets of their estates.


Dated:  Wilmington, Delaware

_____ _____, 2001



_____
UNITED STATES BANKRUPTCY JUDGE