1  **LAW OFFICES OF JOHN M. O'DONNELL**
   John M. O'Donnell (CA Bar Assn. No. 142906)
2  2100 Northrop Avenue, Suite 800
   Sacramento, CA 95825
3  Telephone: (916) 563-7744

4  Attorneys for  EDYTHE KELLOGG

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.R. GRACE & CO.,          ) | CASE NO. 01-01139 |
|                            ) | |
|           Debtor.          ) | DATE: |
|                            ) | TIME: |
|                            ) | DEPT: |

### DECLARATION OF GLENN S. GUENARD IN SUPPORT OF MOTION TO ANNUL THE AUTOMATIC STAY

I, GLENN S. GUENARD, declare as follows:

1   I am an attorney duly licensed to practice law in the state of California. I am a partner in the law firm of Laskin & Guenard, counsel of record for Creditor EDYTHE KELLOGG (hereinafter "KELLOGG"), the moving party in this motion.

2.  Ms. KELLOGG's claim against the Debtor arises from an automobile accident which occurred on December 21, 2000, in Sacramento, California. One of the Debtor's employees, Wayne Lamar Nussbaum, injured the Plaintiff in a motor vehicle accident during the course and scope of his employment for the Debtor. The motor vehicle being operated by Mr. Nussbaum failed to yield the right of way to the motor vehicle being operated by Ms. KELLOGG. As a result, Mr. Nussbaum's vehicle hit Ms. KELLOGG's vehicle "broadside." As set

forth in more detail below, Ms. KELLOGG was severely injured in the accident. She was and is in need of extensive medical care.

3. There is currently pending litigation entitled <u>EDYTHE KELLOGG vs. WAYNE LAMAR NUSSBAUM and W.R. GRACE CO.</u>, Case No. 01AS07626 (hereinafter "the Litigation") now pending in the Superior Court for the county of Sacramento, California. The Litigation was commenced on December 13, 2001, which is subsequent to commencement of the Debtor's Chapter 11 proceeding. We and Ms. KELLOGG were unaware of the commencement of the Chapter 11 proceeding until so advised by the Debtor's counsel. Attached to the accompanying Motion To Annul The Automatic Stay as Exhibit "A" and incorporated herein by this reference is a copy of the Complaint For Damages (hereinafter "Complaint") filed against the Debtor and its employee on December 13, 2001. Based upon the undisputed facts of the case, this appears to be a case of clear liability. It is anticipated that the only issue of substantial dispute will be that of the damages sustained by Ms. KELLOGG. Because there is insurance coverage for damages of the type sustained by Ms. KELLOGG, it would not be anticipated to be necessary to proceed against assets of the estate to satisfy any judgment rendered.

4. Ms. KELLOGG seeks to have the automatic stay annulled with respect to commencement of the Litigation, the filing of which is rendered void by the provisions of 11 U.S.C. Sec. 362.

5. Ms. KELLOGG seeks relief from the automatic stay to permit her to proceed against the Debtor's insurance policy which covers liabilities such as that to Ms. KELLOGG. Specifically, Ms. KELLOGG seeks authorization to liquidate her claim against the Debtor in the Litigation which is pending, and enforce any rights which she may

have against the non-estate assets provided by insurance coverage. In prior conversations which I have had with attorneys for the Debtor, I have been advised that there is an insurance policy in effect which covers this liability owed by the Debtor. However, the Debtor's attorneys have refused to provide me with information regarding the name of the insurer and the policy number.

6. It will not interfere with the administration of this estate to grant Ms. KELLOGG the limited relief requested. It is our intention and need only to liquidate Ms. KELLOGG's claim in the state court system, and then proceed to enforce the liability against the Debtor's insurance policy covering this event. Because this is an insured loss, the insurance company will provide counsel for the Debtor at no cost.

7. Ms. KELLOGG's interests are subject to substantial jeopardy as a result of the continuation of the automatic stay in this case. Ms. KELLOGG is 82 years old. Ms. KELLOGG was severely injured in the automobile accident and requires 24 hour per day care and assistance in living. Ms. KELLOGG's injuries sustained as a result of the automobile accident have effectively disabled her to the extent that it is imperative that she have recourse against the Debtor's insurance policy to pay the medical bills incurred as a result of the accident.

8. The interests of Ms. KELLOGG are not adequately protected in these proceedings due to the continuation of the automatic stay upon filing of the bankruptcy with respect to the insurance policy maintained by the Debtor for coverage of liabilities such as that asserted by Ms. KELLOGG.

/ / /

9. It is necessary and appropriate for this court to enter an order immediately annulling the automatic stay to validate the filing of the Litigation and modifying the automatic stay to allow Ms. KELLOGG to exercise any and all rights she has under applicable state law against the Debtor's insurance policy coverage for this event.

I declare the foregoing of my own personal knowledge and could competently testify to the same if called to do so.

I declare the foregoing is true and correct under the penalty of perjury under the laws of the State of California. Executed this 24 day of January, 2002, at Sacramento, California.

_____
GLENN S. GUENARD