**BARROS, McNAMARA, SCANLON, MALKIEWICZ & TAYLOR**
Patrick Scanlon, Esq.
PO Box 1298
Dover, DE 19903
Telephone: (302) 734-8400

**LAW OFFICES OF JOHN M. O'DONNELL**
John M. O'Donnell (CA Bar Assn. No. 142906)
2100 Northrop Avenue, Suite 800
Sacramento, CA 95825
Telephone: (916) 563-7744

Attorneys for   EDYTHE KELLOGG

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| W.R. GRACE & CO., ) | CASE NO. 01-01139 |
| ) | |
| Debtor. ) | **OBJECTION DATE: MARCH 11, 2002** |
| ) | **HEARING DATE: MARCH 18, 2002** |
| ) | **HEARING TIME: 10:00 A.M.** |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO ANNUL THE AUTOMATIC STAY**

EDYTHE KELLOGG (hereinafter "KELLOGG") files this Memorandum of Points and Authorities in Support of Motion To Annul The Automatic Stay in the bankruptcy case filed by W.R. GRACE & CO. (hereinafter "Debtor") as follows:

1.   The automatic stay provisions of 11 U.S.C. §362(a) provide that the automatic stay applies against:

> (5)  Any act to create, perfect or enforce against property of the debtor and any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;...

2.   Absent a party requesting relief from the automatic stay, the provisions of 11 U.S.C. §362(a) terminate against any property that is not property of the Estate at the earliest of:

1      (A)   The time the case is closed;

2      (B)   The time the case is dismissed; or

3      (C)   If the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time of discharge is granted or denied.

11 U.S.C. §362(c)(2).

   3.   The automatic stay provisions of 11 U.S.C. §362(a) shall be terminated, annulled, modified or conditioned;

    (1)   For cause, including the lack of adequate protection of an interest in property of such party in interest; or

    (2)   With respect to a stay of an act against property under subsection (a) of this section, if --

       (A)   The debtor does not have an equity in such property; and

       (B)   Such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

   4.   Cause exists in the present case to immediately annul the automatic stay to validate the filing of the Litigation and modifying the automatic stay to allow KELLOGG to exercise any and all rights she has under applicable state law against the Debtor's insurance policy coverage for this event. As set forth in the Declaration of Glenn Guenard in Support of Motion To Annul the Automatic Stay (hereinafter "Guenard Declaration") which is filed and served herewith and incorporated herein by this reference, KELLOGG's interests are subject to substantial jeopardy as a result of the continuation of the automatic stay in this case. KELLOGG is 82 years old. KELLOGG was severely injured in the automobile accident and

requires 24 hour per day care and assistance in living. KELLOGG's injuries sustained as a result of the automobile accident have effectively disabled her to the extent that it is imperative that she have recourse against the Debtor's insurance policy to pay the medical bills incurred as a result of the accident.

5. The interests of KELLOGG are not adequately protected in these proceedings due to the continuation of the automatic stay upon filing of the bankruptcy with respect to the insurance policy maintained by the Debtor for coverage of liabilities such as that asserted by KELLOGG.

6. It is necessary and appropriate for this court to enter an order immediately annulling the automatic stay to validate the filing of the Litigation and modifying the automatic stay to allow KELLOGG to exercise any and all rights she has under applicable state law against the Debtor's insurance policy coverage for this event.

Dated: Feb 7, 2002

BARROS, McNAMARA, SCANLON, MALKIEWICZ & TAYLOR

By_____
Patrick Scanlon
Bar I.D. #12
Attorneys for Creditor
EDYTHE KELLOGG

-3-