## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **W. R. Grace & Co., et al.** | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

## NOTICE OF THIRD QUARTERLY INTERIM FEE APPLICATION REQUEST OF SROOCK & STROOCK & LAVAN, LLP FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD <u>OCTOBER 1, 2001 THROUGH DECEMBER 31, 2001</u>

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for Which Compensation and Reimbursement is Sought | **October 1, 2001 through December 31, 2001** |
| Total Amount of Compensation Sought as Actual, Reasonable and Necessary for the Applicable Period: | **$329,842.00** |
| Total Amount of Reimbursement Sought as Actual, Reasonable and Necessary for the Applicable Period: | **$21,880.90[1]** |

---

[1] Of this amount, $9,918.43 relates to the Committee's Asbestos Issues Expert.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**Attachment A**

**Monthly Interim Fee Applications**

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| November 26, 2001 | 10/01/01 – 10/31/01 | $101,069.00 | $5,562.09 | $80,855.20 | $4,449.67 |
| January 8, 2002 | 11/01/01 – 11/30/01 | $136,368.50 | $8,847.34 | Pending | Pending |
| February 1, 2002 | 12/01/01 – 12/31/01 | $92,404.50 | $9,471.47 | Pending | Pending |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**W R GRACE & CO.**
**DISBURSEMENTS SUMMARY**
**OCTOBER 1, 2001 THROUGH DECEMBER 31, 2001**

| | | |
|---|---|---:|
| Court Reporting Services | $ | 2,531.80 |
| Duplicating Costs-in-House | $ | 1,147.50 |
| Facsimile Charges | $ | 94.00 |
| In-House Messenger Service | $ | 48.45 |
| Lexis/Nexis | $ | 1,635.08 |
| Local Transportation | $ | 328.16 |
| Long Distance Telephone | $ | 1,015.21 |
| Meals | $ | 101.87 |
| Miscellaneous | $ | 700.00 |
| O/S Information Services | $ | 675.81 |
| Outside Messenger Service | $ | 123.38 |
| Postage | $ | 31.89 |
| Process Service & Calendar Watch | $ | 772.38 |
| Travel Expenses - Transportation | $ | 1,186.97 |
| Westlaw | $ | 1,462.00 |
| Word Processing - Logit | $ | 108.00 |
| Expert Fees and Costs | $ | 9,918.43 |
| | | |
| Total | $ | 21,880.93 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] , | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: |
| | ) | Hearing Date: May 20, 2002 at 10:00 a.m. |

## THIRD QUARTERLY INTERIM APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENTOF EXPENSES AS COUNSEL TO THE COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2001 THROUGH DECEMBER 31, 2001

Pursuant to sections 1103, 330 and 331 of title 11 of the United States Code (as amended,

the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Professionals and Official Committee Members (the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Administrative Fee Order") and Del. Bankr. LR 2016-2, Stroock & Stroock & Lavan LLP

("Stroock"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of

W.R. Grace & Co. and its sixty-one domestic subsidiaries and affiliates that are debtors and

debtors-in-possession in this Court (the "Debtors"), hereby applies for an order allowing it (i)

compensation in the amount of $329,842.00 for professional services rendered by Stroock as

counsel for the Committee and (ii) reimbursement of the actual and necessary expenses incurred

by Stroock in rendering such services in the amount of $11,962.47, as well as the fees and

expenses of the asbestos issues expert employed by the Committee (the "Committee's Expert's

Fees") pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts in the

aggregate amount of $9,918.43 (the "Third Quarterly Fee Application"), in each case for the

interim quarterly period from October 1, 2001 through and including December 31, 2001 (the

"Third Fee Period"). In support of this Application, Stroock respectfully states as follows:

## Background

1.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and has continued in the

management and operation of their businesses and property pursuant to §§1107 and 1108 of the

Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

2.      The Debtors operate a worldwide specialty chemicals and materials

business and employ approximately 3,860 full and part-time employees. On a consolidated

basis, for the fiscal year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in

---

[2]     The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

3.      On April 12, 2001, the United States Trustee formed the Committee. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP ("DM&H") as its local Delaware counsel.

4.      The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors.

5.      By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

6.      This is the third quarterly application Stroock has filed with the Court for allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order"), and in accordance with the Court's June 22, 2001 Order Authorizing the Retention of Experts.

-3-

7.      Other than as described below, Stroock has received no payment and no
promises for payment from any other source for services rendered in connection with these
cases.  There is no agreement or understanding between Stroock and any other person (other than
members of Stroock) for the sharing of compensation to be received for the services rendered in
these cases.

8.      As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit
"D," all of the services for which interim compensation is sought herein were rendered for and
on behalf of the Committee solely in connection with these cases.

## Monthly Interim Fee Applications Covered Herein

9.      Pursuant to the procedures set forth in the Administrative Fee Order,
professionals may apply for monthly compensation and reimbursement (each such application, a
"Monthly Fee Application"), and the notice parties listed in the Administrative Fee Order may
object to such request.  If no notice party objects to a professional's Monthly Fee Application
within twenty (20) days after the date of service of the Monthly Fee Application, the applicable
professional may submit to the Court a certification of no objection whereupon the Debtors are
authorized and directed to pay interim compensation of 80% of the fees and 100% of the
expenses requested.

10.     Furthermore, and also pursuant to the Administrative Fee Order,
professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee
Application") for interim Court approval and allowance of the Monthly Fee Applications filed
during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief
requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the
professional 100% of the fees and expenses requested in the Monthly Fee Applications covered
by that Quarterly Fee Application less any amounts previously paid in connection with the

-4-

Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a

Quarterly Fee Application is subject to this Court's final approval of all fees and expenses at a

hearing on the professional's final fee application.

11.     This is the Third Quarterly Fee Application for compensation for services

rendered and reimbursement of expenses incurred that Stroock has filed with the Court in

connection with its representation of the Committee in these Chapter 11 cases.

12.     Stroock has filed the following Monthly Fee Applications for interim

compensation during the Fee Period:

a.     Seventh application of Stroock & Stroock & Lavan LLP for compensation
       for services rendered and reimbursement of expenses as counsel to the
       Official Committee of Unsecured Creditors, for the period from October 1,
       2001 through October 31, 2001, filed November 26, 2001 (the "Seventh
       Monthly Fee Application"), attached hereto as Exhibit A;

b.     Eighth application of Stroock & Stroock & Lavan LLP for compensation
       for services rendered and reimbursement of expenses as counsel to the
       Official Committee of Unsecured Creditors, for the period from November
       1, 2001 through November 30, 2001, filed January 8, 2002 (the "Eighth
       Monthly Fee Application"), attached hereto as Exhibit B; and

c.     Ninth application of Stroock & Stroock & Lavan LLP for compensation
       for services rendered and reimbursement of expenses as counsel to the
       Official Committee of Unsecured Creditors, for the period from December
       1, 2001 through December 31, 2001, filed February 2, 2002 (the "Ninth
       Monthly Fee Application"), attached hereto as Exhibit C.

13.     A certificate of no objection was filed on January 4, 2002 with respect to

the Seventh Monthly Fee Application. Stroock has received payment in the amount of

$84,417.29 representing 80% of the fees and 100% of the expenses sought in the Seventh

Monthly Fee Application.

14.     As of the date of this Third Quarterly Fee Application, Stroock had not yet

received payment in respect of the allowance for fees and expenses sought in the Eighth and

Ninth Monthly Fee Applications.

-5-

15.    On July 30, 2001, Stroock filed its first quarterly interim application for the interim period from April 12, 2001 through June 30, 2001 seeking this Court's approval of compensation in the amount of $369,873.75 for professional services rendered as counsel to the Committee and reimbursement for actual and necessary expenses incurred by Stroock in rendering such services in the amount of $19,318.00 (the "First Quarterly Fee Application").

16.    In accordance with the procedures established by the Administrative Fee order, Stroock has received payment from the Debtors in the aggregate amount of $314,817.50 representing 80% of the fees and 100% of the expenses sought in the monthly applications covering the period April 12, 2001 through June 30, 2001.

17.    On November 1, 2001 Stroock filed its second quarterly interim application for the interim period from July 1, 2001, 2001 through September 30, 2001 seeking this Court's approval of compensation in the amount of $204,923.50 for professional services rendered as counsel to the Committee and reimbursement for actual and necessary expenses incurred by Stroock in rendering such services in the amount of $15,015.57 (the "Second Quarterly Fee Application").

18.    In accordance with the procedures established by the Administrative Fee order, Stroock has received payment from the Debtors in the aggregate amount of $178,954.37 representing 80% of the fees and 100% of the expenses sought in the monthly applications covering the period July 1, 2001 through September 30, 2001.

19.    A hearing to consider the First, Second and Third Quarterly Fee Applications has been scheduled by the Court for May 20, 2002 at 10:00 a.m.

20.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the

-6-

interests of the unsecured creditors of the Debtors' estates. Stroock respectfully submits that the professional services that it has rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases. The detail for the Third Fee Period of the day-to-day services and the time expended in performing such services are fully set forth in each of the Seventh, Eighth and Ninth Monthly Fee Applications attached hereto as Exhibits A through C.

## Relief Requested

21.    By this Third Quarterly Fee Application, Stroock requests that the Court approve the interim allowance of compensation for professional services rendered by Stroock, and the reimbursement of actual and necessary expenses incurred by Stroock in rendering such services, as well as the Committee's Expert's Fee's during the Third Fee Period, as detailed in the Seventh, Eighth and Ninth Monthly Fee Applications, less any amounts previously paid to Stroock pursuant to the procedures set forth in the Administrative Fee Order.[3] As stated above, the full scope of services provided and the related expenses incurred by Stroock are fully described in the Monthly Fee Applications, which are attached hereto as Exhibits A through C.

## Disinterestedness

22.    As disclosed in the following affidavits:

a.    Affidavit of Lewis Kruger in Support of Application to Application to Approve Retention of Stroock & Stroock & Lavan LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of April 12, 2001 (the "Original Affidavit"), filed May 2, 2001; and

b.    Supplemental Affidavit of Lewis Kruger (the "Supplement Affidavit"), filed July 27, 2001;

---

[3]    Stroock reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the October through December 2001 period that are not otherwise included in the relevant Seventh, Eighth and Ninth Monthly Fee Applications.

Stroock does not hold or represent any interest adverse to the Debtors, the Debtors' estates, or their creditors with respect to the matters on which it is engaged, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

23.    Stroock may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in these cases in connection with matters that are unrelated to the Debtors and these Chapter 11 cases. Stroock disclosed in the Original Affidavit and the Supplemental Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Stroock will update the Affidavits when necessary and when Stroock becomes aware of material new information.

WHEREFORE, Stroock respectfully requests that the Court enter an order, substantially in the form attached hereto

(a)    granting Stroock an interim allowance of (i) $329,842.00 as compensation for the reasonable and necessary professional services rendered by Stroock to the Committee, (ii) $11,962.47 as reimbursement of actual and necessary costs and expenses incurred by Stroock in connection with the rendition of those professional services, and (iii) $9,918.43 as payment of the Committee's Expert's Fees, for a sum of $351,722.90 for the Third Fee Period from October 1, 2001 through and including December 31, 2001;

(b)    authorizing and directing the Debtors to pay to Stroock the outstanding amount of such sum; and

(c)     granting such other and further relief as this Court may deem just and

proper.

Dated: New York, New York
     February **6**   , 2002

                   **STROOCK & STROOCK & LAVAN LLP**

                   By:_____
                      Lewis Kruger, Esq. (LK4512)
                      180 Maiden Lane
                      New York, NY 10038-4982
                      (212) 806-5400

                      Co-Counsel for the Official Committee of
                      Unsecured Creditors of W. R. Grace & Co., et al.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF NEW YORK   )

      LEWIS KRUGER, being duly sworn, deposes and says:

      1.     I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York

10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of

the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

      2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's third quarterly interim verified application for an allowance of compensation and for the reimbursement of expenses for services rendered during the period from October 1, 2001 through and including December 31, 2001 in the aggregate amount of $341,180.86 and pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts in the aggregate amount of $9,918.43 for the Committee's Expert's Fees during the Third Fee Period.

      3.      All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from October 1, 2001 through and including December 31, 2001 and not on behalf of any other person.

      4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

-2-

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

LEWIS KRUGER

Sworn to before me this
6ᵗʰ day of February , 2002

Notary Public

LISA COTTO
**Notary** Public, State of **New York**
No. 01CO6048839
**Qualified** in Nassau **County**
**Commission** Expires October 2, 2002

-3-