**Exhibit A**
**[Seventh Monthly Fee Application]**

**October 1, 2001 – October 31, 2001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

Chapter 11

**W.R. Grace & Co., et al.**

Case No. 01-01139 (JJF)

Debtors.

Jointly Administered

**SEVENTH APPLICATION OF STROOCK & STROOCK & LAVAN LLP
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001**

Name of Applicant

**Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to:

**Official Committee of Unsecured Creditors**

Date of Retention:

**April 12, 2001**

Period for which compensation and
reimbursement is sought

**October 1, 2001 – October 31, 2001**

Amount of Compensation sought as
actual, reasonable and necessary:

**$101,069.00**

Amount of Expense Reimbursement sought
as actual reasonable and necessary:

**$3,562.09**

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 20.6 hours and the corresponding compensation requested is approximately $4,875.00.[1]

This is the seventh application filed

---

[1] This is Stroock's Seventh Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

**Attachment A**

### Monthly Interim Fee Applications

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |

### Quarterly Fee Applications

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | As of the date of this Application the hearing to approve compensation has not been determined | |
| Nov. 1, 2001 | 7/01/01 – 09/30/01 | $204,923.50 | $15,105.57 | As of the date of this Application the hearing to approve compensation has not been determined | |

Local Form 102 (Fee Application/Attachment A, pg. 1)

| W R GRACE & COMPANY | | | | |
|---|---|---|---|---|
| ATTACHMENT B | | | | |
| THROUGH OCTOBER 31, 2001 | | | | |
| Summary of Hours | Hours | Rate | Amount | # of Yrs. in Position |
| PARTNERS | | | | |
| Greenberg, Mayer | 22.7 | 500 | 11,350.00 | 2 |
| Kruger, Lewis | 3.3 | 650 | 2,145.00 | 36 |
| Levy, Mark | 12.2 | 615 | 7,503.00 | 27 |
| Pasquale, Kenneth | 16.2 | 475 | 7,695.00 | 2 |
| Raskin, Robert | 12.8 | 550 | 7,040.00 | 8 |
| Speiser, Mark | 0.3 | 575 | 172.50 | 14 |
| | | | | |
| ASSOCIATES | | | | |
| Berg, Madelaine | 2.9 | 415 | 1,203.50 | 21 |
| Brandes, Ronnie H. | 16.2 | 185 | 2,997.00 | 1 |
| Eichler, Mark | 7.0 | 350 | 2,450.00 | 3 |
| Krieger, Arlene | 105.2 | 425 | 44,710.00 | 17 |
| Sasson, Moshe | 19.3 | 360 | 6,948.00 | 7 |
| | | | | |
| PARAPROFESSIONALS | | | | |
| Defreitas, Vaughn | 24.2 | 100 | 2,420.00 | 10 |
| Gomelskaya, Irina | 10.5 | 150 | 1,575.00 | 1 |
| Mohamed, David | 0.7 | 100 | 70.00 | 6 |
| Serrette, Rosemarie | 18.6 | 150 | 2,790.00 | 13 |
| | | | | |
| Total | 272.1 | | $ 101,069.00 | |
| | | | | |
| Blended Rate | | 371.4 | | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| W. R. GRACE & CO., et al.[1] | ) **Case No. 01-01139 (JJF)** |
| | ) |
| Debtors. | ) **Jointly Administered** |

## SEVENTH FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM OCTOBER 1, 2001 THROUGH OCTOBER 31, 2001

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a seventh interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.    By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from October 1, 2001 through October 31, 2001 (the "Seventh Monthly Period") in the aggregate amount of $101,069.00, representing 218.1 hours of professional services and 54.0 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Seventh Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $3,562.09.

2.    Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.    The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

6.      The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

Committees").  On June 18, 2001, the United States Trustee appointed an official committee to

represent the interests of equity security holders of the Debtors.

7.      By application dated May 1, 2001, Stroock sought Court approval for its retention

as counsel to the Committee nunc pro tunc to April 12, 2001.  The Court signed an order

approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.      This is the seventh application Stroock has filed with the Court for an allowance

of compensation and reimbursement of expenses for services rendered to the Committee.  This

application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and

331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

---

[2]     The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related
charge to earning recorded in the forth quarter of 2000.

3

Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.    In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment from the Debtors in the aggregate amount of $440,376.45 representing 80% of the fees and 100% of the expenses sought in each of the first five monthly applications covering the period from April 12, 2001 through August 31, 2001. Other than those payments, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.    As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.    Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering

4

such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Seventh Monthly Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Seventh Monthly Period, their normal hourly rates, and the value of their services.

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Seventh Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

5

### (i)    Case Administration/General – Category 0002

16.    During the Seventh Monthly Period, Stroock continued to closely monitor the items on the Court's docket for these cases to ensure that the Committee was fully informed about all pending matters and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable, continued to engage Debtors' counsel on an on-going basis with respect to pending matters and information requests, prepared revised critical date calendars and responded to creditor inquiries.

17.    Stroock has expended 49.4 hours on this category for a fee of $10,970.00.

### (ii)    Fee Application/Monthly Billing Reports -- Category 0003

18.    During the Seventh Monthly Period, Stroock prepared its Sixth Fee Application including a narrative section summarizing the services rendered during that period by Stroock and complied and attached expense schedules, and prepared its second quarterly interim application which was filed with the Court.

19.    Stroock has expended 20.6 hours on this category for a fee of $4,875.00.

### (iii)    Review of Other Professionals Fee Applications – Category 0004

20.    During the Seventh Monthly Period, Stroock reviewed recently filed fee applications including those involving the Reed Smith and Kramer Levin law firms, and those involving financial advisors The Blackstone Group and Conaway DelGenio & Gries, and the objection filed by the United States Trustee to the Bilzin Sumberg applications. Stroock has expended 7.3 hours on this category for a fee of $2,552.50.

### (iv)    Asbestos Litigation – Category 0005

21.    The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the

6

recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Seventh Monthly Period, to thoroughly review the various pleadings filed in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those which may impact upon the process for, and determination of, the amount and validity of asbestos-related claims against the Debtors' estates.

22.    As reported in prior monthly fee applications, Stroock reviewed the extensive motion, memorandum of law and related exhibits previously filed by the Debtors seeking entry of (i) a case management order providing for the establishment of a proposed schedule and process to determine the validity of asbestos claims against the Debtors' estates, and (ii) an order providing for the establishment of a bar date and approving special proof of claim and notice procedures to be utilized in these cases, and Stroock prepared and filed a response on behalf of the Committee to the Debtors' case management/bar date pleadings, reviewed those responses already filed by each of the Asbestos Claim Committees and continued to engage the Debtors in discussions over modifying the original form of the bar date documentation to address the Committee's concerns.

23.    During the Seventh Monthly Period, Stroock continued to review the Asbestos Claim Committee's extensive response in opposition to the Debtors' case management/bar date pleadings, reviewed the equity committee's response in support of the Debtors' pleadings and discussed other related issues. Stroock has expended 8.1 hours on this category for a fee of $3,992.50.

(v)    **Retention of Professionals - Category 0006**

7

24.      During the Seventh Monthly Period, two retention applications were filed which raised issues requiring consideration and response by the Committee. The Asbestos Claim Committees filed a joint motion seeking to retain two law firms as special counsel in connection with their proposed prosecution of certain fraudulent transfer claims on behalf of the estates. The second application filed by the Asbestos PI Committee itself sought to retain Professor Elizabeth Warren as special bankruptcy consultant to Caplin & Drysdale, the firm retained at the outset by the PI Committee to represent it. The PI Committee's application followed the disclosure by Caplin & Drysdale that Ms. Warren had become a consultant to their firm.

25.      Stroock reviewed the applications and, in the case of the proposed retention of Ms. Warren, the supplemental affidavit filed by Elihu Inselbuch and the Debtors' response to the Inselbuch Affidavit, prepared memoranda thereon for the Committee, reviewed the legal and factual issues raised thereby and, prior to the close of the Seventh Monthly Period prepared and filed an objection on behalf of the Committee to the Asbestos Claim Committees' special counsel retention motion.

26.      Stroock has expended 37.3 hours on this category for a fee of $15,023.00

(vi)      **Creditors Committee Meetings/Conferences - Category 0007**

27.      During the Seventh Monthly Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone conversations. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock thoroughly reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions, communicated with members of the

8

Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's questions and concerns, and negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders.

28.     Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.

29.     In addition during the Seventh Monthly Period, Stroock and the Committee interviewed and then selected an expert to assist the Committee with respect to various asbestos-related issues in these cases.  Stroock has expended 37.3 hours on this category for a fee of $16,057.50.

(vii)    **Financial Reports & Analysis – Category 0009**

30.     During the Seventh Monthly Period, Stroock reviewed analyses prepared by FTIP&M of the Debtors' five year business plan and of Grace's proposed acquisition of an overseas company, and reviewed the Debtors' August 2001 financial report and discussed the same with FTIP&M.  Stroock expended 7.1 hours on this category for a fee of $3,017.50.

(viii)   **Analysis of Pre-Petition Transactions – Category 0013**

9

31.    During the Seventh Monthly Period, Stroock reviewed publicly available historical financial and business information for the Debtors. Stroock has expended 28.1 hours on this category for a fee of $11,845.00.

### (ix)    Tax Issues – Category 0018

32.    At the outset of the Seventh Monthly Period, representatives of Stroock and FTIP&M met and prepared a comprehensive tax information request, which was thereafter forwarded to the Debtors. During the Period, Stroock reviewed the tax-related information received from the Debtors, and engaged the Debtors and FTIP&M further with respect to the requested information. In addition, during the Seventh Monthly Period, Stroock reviewed legislation pending in the United States Congress which would, if enacted, amend certain provisions of the Internal Revenue Code ("IRC") to provide some tax relief to companies with asbestos-related claims, reviewed the IRC provisions related to the pending legislation and prepared a memorandum discussing the substance and status of the legislation.

33.    Also, during the latter part of the Seventh Monthly Period, the Debtors filed a motion seeking authority to enter into a consent decree with the Environmental Protection Agency, which would settle pending litigation involving property in Libby, Montana (the "Libby Access Action") and obligate the Debtors to currently make a $2.75 million cash payment (the "SEP payment").

34.    Amongst the reasons given by the Debtors in support of the settlement was that the SEP payment would be tax deductible. In connection with analyzing the proposed settlement for the Committee, Stroock began to review IRC provisions and case law relevant to the deductibility of the proposed payment. Stroock has expended 65.8 hours on this category for a fee of $27,935.00.

10

(x)   **Environmental Issues – Category 0024**

35.   During the Seventh Monthly Period, Stroock reviewed the Debtors' motion

seeking authorization to settle the Libby Access Action, prepared a memorandum discussing the

motion, engaged Debtors' counsel to obtain additional information to evaluate the settlement and

began to assess the relevant legal issues. Stroock has expended 11.1 hours on this category for a

fee of $4,801.00.

## IV.   FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

36.   The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance

of the full compensation sought.

>   (A)   The Time and Labor Required. The professional services rendered by
>   Stroock on behalf of the Committee have required the expenditure of substantial
>   time and effort, as well as a high degree of professional competence and
>   expertise, in order to deal with the complex issues encountered by the Committee
>   with skill and dispatch. Occasionally, Stroock has been required to perform these
>   services under significant time constraints requiring work late into the evening
>   and on weekends. The services rendered by Stroock were performed efficiently,
>   effectively and economically.
>
>   (B)   The Novelty and Difficulty of Questions. Novel and complex issues have
>   already arisen in the course of these Chapter 11 cases, and it can be anticipated
>   that other such issues will be encountered. In this case, as in many others in

11

which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

(C)     The Skill Requisite to Perform the Legal Services Properly.  Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

(D)     The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

(E)     The Customary Fee.  The fee sought herein is based upon Stroock's normal hourly rates for services of this kind.  Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F)     Whether the Fee is Fixed or Contingent.  Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of

12

the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)     Time Limitations Imposed by Client or Other Circumstances.  As already indicated, Stroock has been required to attend to the various issues arising in these cases.  Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)     The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including:  Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., IWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation.  Stroock's experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the

13

area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases, and is now utilizing the expertise of its partners and associates in the tax and environmental law areas.

(J)    The "Undesirability" of the Case.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)    Nature and Length of Professional Relationship.  As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.    ALLOWANCE OF COMPENSATION

37.    The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

38.    With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person.  11 U.S.C. § 330.  Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services

14

performed, as well as the cost of comparable services other than in a case under this title.  Id.
The clear Congressional intent and policy expressed in this statute is to provide for adequate
compensation in order to continue to attract qualified and competent bankruptcy practitioners to
bankruptcy cases.

39.    The total time spent by Stroock attorneys and paraprofessionals during the
Seventh Monthly Period was 272.1 hours.  Such services have a fair market value of
$101,069.00.  The work involved, and thus the time expended, was carefully assigned in light of
the experience and expertise required for a particular task.

40.    As shown by this Application and supporting documents, Applicant spent its time
economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are
summaries of the hours expended by the attorneys and paraprofessionals during the Seventh
Monthly Period, their normal hourly rates, and the value of their services.

41.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the
rendition of the professional services to the Committee in the sum of $3,562.09 for which
Stroock respectfully requests reimbursement in full.

42.    The disbursements and expenses have been incurred in accordance with Stroock's
normal practice of charging clients for expenses clearly related to and required by particular
matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal
office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to
minimize these expenses to the fullest extent possible.

43.    Stroock's billing rates do not include charges for photocopying, telephone and
telecopier toll charges, computerized research, travel expenses, "working meals", secretarial
overtime, postage and certain other office services, because the needs of each client for such

15

services differ. Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

44.     Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

45.     No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

46.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

47.     No prior application has been made in this or in any other Court for the relief requested herein for the Seventh Monthly Period.

WHEREFORE, Stroock respectfully requests, pursuant to the Administrative Fee Order:

    (a)     the allowance of compensation for professional services rendered to the Committee during the period from October 1, 2001 through and including October 31, 2001 in the amount of $101,069.00;

    (b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from October 1, 2001 through and including October 31, 2001 in the amount of $3,562.09; and

16

(c)    authorizing and directing the Debtors to pay as interim compensation to Stroock

80% of the amount of the professional services rendered and 100% of the

expenses incurred by Stroock during the period from October 1, 2001 through and

including October 31, 2001, subject to final payment of the full amount; and

(d)    granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
         November 20, 2001

                              STROOCK & STROOCK & LAVAN LLP


                              _____
                              Lewis Kruger (LK4512)
                              A Member of the Firm
                              180 Maiden Lane
                              New York, New York 10038-4982
                              (212) 806-5400

                              Co-Counsel for the Official Committee of
                              Unsecured Creditors of W. R. Grace & Co., et al.

17

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., et al. | ) | **Case No. 01-01139 (JJF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## AFFIDAVIT

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

LEWIS KRUGER, being duly sworn, deposes and says:

1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"), which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York 10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of Stroock's seventh monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the period from October 1, 2001 through and including October 31, 2001 in the aggregate amount of $104,631.09.

3.        All services for which compensation is requested by Stroock were professional services performed for and on behalf of the Committee from October 1, 2001 through and including October 31, 2001 and not on behalf of any other person.

4.        In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.        In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
LEWIS KRUGER

Sworn to before me this
20th day of November, 2001

_____
Notary Public

ETHEL EARLEY
Notary Public, State Of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

-2-

**EXHIBIT B**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

November 12, 2001

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through October 31, 2001 in
connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0002 | General Case Administration | 49.4 | 10,970.00 |
| 0003 | Fee Application/Monthly Billing Reports | 20.6 | 4,875.00 |
| 0004 | Review of Other Professionals Fee Application | 7.3 | 2,552.50 |
| 0005 | Asbestos Litigations | 8.1 | 3,992.50 |
| 0006 | Retention of Professionals | 37.3 | 15,023.00 |
| 0007 | Creditors Committee Issues/Conferences | 37.3 | 16,057.50 |
| 0009 | Financial Reports & Analysis | 7.1 | 3,017.50 |
| 0013 | Analysis of Pre-Petition Transactions | 28.1 | 11,845.00 |
| 0018 | Tax Issues | 65.8 | 27,935.00 |
| 0024 | Environmental Issues | 11.1 | 4,801.00 |
| | **Total** | **272.1** | **$101,069.00** |

# STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

November 12, 2001
Invoice: 247683

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

FOR PROFESSIONAL SERVICES RENDERED in the captioned matter for
the period through October 31, 2001, including:

RE:     General Case Administration
        699842. 0002

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/01/2001 | E-mail to Duane Morris re Stroock and Policano fee applications (.2); prepare Stroock fee application for L. Kruger signature (.1). | Serrette, R. | 0.3 |
| 10/02/2001 | Committee meeting with potential expert regarding her possible engagement by the committee. | Kruger, L. | 0.9 |
| 10/02/2001 | Telephone conference with S. Hollinghead re Stroock fee application filing (.2); review of document to be scanned (PPF) for distribution to Committee re expert's retention (.4); review and distribution of e-filed pleadings (.5); | Serrette, R. | 1.1 |
| 10/03/2001 | Downloading efiled documents | Defreitas, V. | 1.6 |
| 10/08/2001 | T/c J Kapp re misc and email to Kruger and Krieger re same | Raskin, R. | 0.3 |
| 10/08/2001 | Review of pleadings and distribution of same (.2). | Serrette, R. | 0.2 |
| 10/09/2001 | Downloading efiled documents. | Defreitas, V. | 0.9 |
| 10/09/2001 | Office conference RAR re conduct of the case and Committee's role therein; other. | Krieger, A. | 0.7 |
| 10/09/2001 | Telephone conference with J. Aikre First Union re reimbursement of expenses (.1); research re same | Serrette, R. | 0.3 |
| 10/11/2001 | Downloading efiled documents. | Defreitas, V. | 1.3 |
| 10/11/2001 | Office conference RS re omnibus hearing dates | Krieger, A. | 0.2 |

| | scheduled by the Court and need to review docket for other hearing notices (.1); memo to KP re above (.1). | | |
|---|---|---|---|
| 10/11/2001 | Telephone call with F. Perch regarding status of committee, resignations and possible replacements. | Kruger, L. | 0.3 |
| 10/11/2001 | T/c S Schwartz re case issues 1], emails K Pasquale re terms of experts investigaton 2], email re committee membership and o/c R Serrette re same 2] | Raskin, R. | 0.5 |
| 10/11/2001 | Review order setting ominbus hearing dates (.1); distribution of same (.2). | Serrette, R. | 0.3 |
| 10/12/2001 | O/c A. Krieger re documentation issues. | Raskin, R. | 0.5 |
| 10/15/2001 | Researched docket at RS's request re: appointment of committee. | Defreitas, V. | 0.3 |
| 10/15/2001 | Review of FTI draft analysis regarding Grace's proposed overseas acquisition (project CHI) (.4); review of memo regarding FTI meeting with Blackstone (.3). | Kruger, L. | 0.7 |
| 10/16/2001 | Downloading efiled documents; drafted email notification of quarterly fee app due. | Defreitas, V. | 1.8 |
| 10/16/2001 | T/c Seth Landis re creditor inquiry re Grace business units and review of documentation (.5). | Krieger, A. | 0.5 |
| 10/16/2001 | Attention to FTI analysis/AGK memo (.5) | Pasquale, K. | 0.5 |
| 10/16/2001 | Review emails re information (.1), review memo to committee re potential new investment (.3). | Raskin, R. | 0.4 |
| 10/17/2001 | Attention to prospective expert's retentions (.3) | Pasquale, K. | 0.3 |
| 10/17/2001 | Review memo re misc. settlements (.2), t/c S. Schwartz re same (.1), review memo re tax data room and response to same (.3). | Raskin, R. | 0.6 |
| 10/18/2001 | Retrieved for R. Serrette Stroock's monthly fee applications | Mohamed, D. | 0.4 |
| 10/18/2001 | T/c L. Kruger re misc. issues (.1), t/c T. Maher re same (.2); O/c A. Krieger re information requests (.2), review memo re tax settlement (.2), review memo re documentation requests (.2), t/c J. Kapp re misc. issues (.2). | Raskin, R. | 1.1 |
| 10/18/2001 | Review docket; edits to critical date calendar. | Serrette, R. | 0.9 |
| 10/19/2001 | Downloading & distributing e-filed documents. | Defreitas, V. | 1.4 |

| 10/19/2001 | Read cases and articles re: claim valuation issues. | Gomelskaya, I. | 3.0 |
| 10/19/2001 | Conference call with debtors' counsel, F.A.'s re confidentiality issues (?) | Pasquale, K. | 0.7 |
| 10/19/2001 | T/c J. Kapp re conf. call (.1), t/c S. Cunningham review information requests (.3), conf. call with Debtors re information requests (.8). | Raskin, R. | 1.2 |
| 10/19/2001 | Update critical date calendar. | Serrette, R. | 0.9 |
| 10/22/2001 | Researched and distributed efiled documents at AK's request. | Defreitas, V. | 0.5 |
| 10/22/2001 | Downloading efiled documents. | Defreitas, V. | 1.8 |
| 10/22/2001 | Westlaw research re; claim valuation issues. | Gomelskaya, I. | 3.5 |
| 10/23/2001 | Downloading and distribute efiled documents. | Defreitas, V. | 1.6 |
| 10/24/2001 | Researched at RS's request re: Objections & reponses to motion for authority to prosecute fradulent transfer claims. | Defreitas, V. | 0.6 |
| 10/25/2001 | Researched at AK's request re: retention apps of bilzin sumberg and caplin & drysdale | Defreitas, V. | 0.3 |
| 10/25/2001 | Downloading & distributed efiled documents. | Defreitas, V. | 1.8 |
| 10/25/2001 | Memos to and from P. Brach re Bank of America's Grace debt (.3). | Krieger, A. | 0.3 |
| 10/26/2001 | Downloading and distributing efiled documents. | Defreitas, V. | 2.3 |
| 10/26/2001 | Updated and distribute critical date calendar. | Defreitas, V. | 0.8 |
| 10/26/2001 | Westlaw research and, read cases and articles on claim valuation issues (3). | Gomelskaya, I. | 4.0 |
| 10/29/2001 | Downloading and distributing court filed documents. | Defreitas, V. | 1.3 |
| 10/29/2001 | Memo from and to S. Schwartz and telephone call same re teleconference hearing with Judge McKelvie regarding former employees motion for payment of pre-petition claims (.2); memos from and to RAR and office conference KP re hearing (.2); review Committee objection to motion and attendance at conference call (.6). | Krieger, A. | 1.0 |
| 10/29/2001 | Attention to former officers' motion for indemnification and conference call with court, parties re same (.5); | Pasquale, K. | 0.7 |

telephone conference P. Lockwood re same (.2)

| 10/29/2001 | Review critical date calendar (.2); conference with V. DeFreitas and A. Krieger re scheduling conference(.2). | Serrette, R. | 0.4 |

| 10/30/2001 | Updated and distributed critical date calendar. | Defreitas, V. | 0.8 |

| 10/30/2001 | Researched and distributed re: motion for order approving consent decree with EPA. | Defreitas, V. | 0.2 |

| 10/30/2001 | Review recent docket entries and office conference RS re above (.2). | Krieger, A. | 0.2 |

| 10/30/2001 | Retrieved for A. Krieger supplemental affidavit of Elihu Inselbuch | Mohamed, D. | 0.3 |

| 10/31/2001 | Downloading & distributing efiled documents. | Defreitas, V. | 1.8 |

| 10/31/2001 | Review critical date calendar re November 5 hearings, other, and office conference V. DeFreitas re same and pleadings, orders to be obtained (.5); office conference KP re scheduling of fraudulent transfer claims motion (.1); office conferences RS re relevant documentation from Babcock & Wilcox case and review of same (.2). | Krieger, A. | 0.8 |

| 10/31/2001 | O/c AGK re: proposed environmental settlement. | Speiser, M. | 0.3 |

## Summary of Hours

| | Hours | Rate | Total |
| --- | --- | --- | --- |
| Defreitas, Vaughn | 21.1 | $ 100 | $ 2,110.00 |
| Gomelskaya, Irina | 10.5 | 150 | 1,575.00 |
| Krieger, Arlene | 3.7 | 425 | 1,572.50 |
| Kruger, Lewis | 1.9 | 650 | 1,235.00 |
| Mohamed, David | 0.7 | 100 | 70.00 |
| Pasquale, Kenneth | 2.2 | 475 | 1,045.00 |
| Raskin, Robert | 4.6 | 550 | 2,530.00 |
| Serrette, Rosemarie | 4.4 | 150 | 660.00 |
| Speiser, Mark | 0.3 | 575 | 172.50 |

Total For Professional Services Rendered    $ 10,970.00

Total for this Matter    $ 10,970.00

RE:   **Fee Application/Monthly Billing Reports**
      699842.0003

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/01/2001 | Review SSL fifth fee application and office conference RS re: finalization of same. | Krieger, A. | 0.3 |
| 10/10/2001 | Review SSL's September time records. | Krieger, A. | 1.0 |
| 10/11/2001 | Complete review of time records and office conference RS re same (.5). | Krieger, A. | 0.5 |
| 10/12/2001 | Researched various professionals fee applications/monthly bills at DW's request. | Defreitas, V. | 0.1 |
| 10/17/2001 | Prepare SSL draft fee application for September 2001 (2.5). | Krieger, A. | 2.5 |
| 10/18/2001 | Draft second quarterly fee application (1.80); review and edits to same (.3). | Serrette, R. | 2.1 |
| 10/19/2001 | Complete SSL sixth monthly fee application (1.3). | Krieger, A. | 1.3 |
| 10/23/2001 | Review draft of SSL Second quarterly interim application (1.3). | Krieger, A. | 1.3 |
| 10/23/2001 | Review and edits exhibits to sixth fee application; review and edits quarterly interim fee application. | Serrette, R. | 3.0 |
| 10/24/2001 | Review and revise Sixth Interim Fee application and second quarterly fee application. | Serrette, R. | 2.0 |
| 10/26/2001 | Edits to Exhibits to quarterly interim fee application. | Serrette, R. | 0.9 |
| 10/30/2001 | Office conference RS re SSL's second interim fee application (.1). | Krieger, A. | 0.1 |
| 10/30/2001 | Review and revise the Quarterly Fee Application and edits to Exhibits. | Serrette, R. | 1.3 |
| 10/31/2001 | Preparation of the fee app summary/quarterly fee app summary. Indexed fee applications/monthly bills. | Defreitas, V. | 2.7 |
| 10/31/2001 | E-mail sixth interim fee application for e-filing (.3); review and edit Quarterly (.3); conference with R. Raskin, Ken Pasquale re Affidavit (.2); edit to same (.2); prepare same for e-filing (.4); conference with S. Hollinghead re same (.1). | Serrette, R. | 1.5 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Defreitas, Vaughn | 2.8 | $ 100 | $ 280.00 |
| Krieger, Arlene | 7.0 | 425 | 2,975.00 |
| Serrette, Rosemarie | 10.8 | 150 | 1,620.00 |

Total For Professional Services Rendered    $ 4,875.00

**Total for this Matter**    $ 4,875.00

RE:     Review of Other Professionals Fee Application
        699842. 0004

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/01/2001 | Review of Reed Smith fee application, Bilzin Sumberg applications others and memos thereon. (3) | Krieger, A. | 3.0 |
| 10/02/2001 | Review of professional fee schedule and update same. | Serrette, R. | 0.5 |
| 10/08/2001 | Office conferences RS re: obtaining certificate of no objection relating to Bilzin applications objected to by the US Trustee and to review same (.2); Trustee's objection to Bilzin fee application (.1). | Krieger, A. | 0.3 |
| 10/09/2001 | Review Blizin certification fees and expenses, underlying applications and US Trustee's objection thereto and office conference RS re above (.6). | Krieger, A. | 0.6 |
| 10/09/2001 | Review Kramer Levin first application for fees. | Krieger, A. | 0.3 |
| 10/18/2001 | Review Blackstone Group's August 2001 fee application and preparation of a memorandum thereon (.6). | Krieger, A. | 0.6 |
| 10/24/2001 | Professional fee schedule update (.6); review of interim fee applications (.9). | Serrette, R. | 1.5 |
| 10/31/2001 | Review Conway DelGenio interim fee application (5.). | Krieger, A. | 0.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 5.3 | $ 425 | $ 2,252.50 |
| Serrette, Rosemarie | 2.0 | 150 | 300.00 |

Total For Professional Services Rendered        $ 2,552.50

Total for this Matter        $ 2,552.50

RE:    Asbestos Litigations
     699842. 0005

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/03/2001 | Further attention to asbestos committees' opposition to debtor's bar date and related motions | Pasquale, K. | 2.0 |
| 10/08/2001 | Memos to K. Pasquale re Exxon Mobile Corporation motion to excise Oklahoma action from extended non-debtor third party stay; Rust Consulting retentions (.2); memo to R. Raskin re experts for the PD Committee (.1). | Krieger, A. | 0.3 |
| 10/08/2001 | Attention to ExxonMobil motion for summary judgment in Chakarian (preliminary injunction) (.5) | Pasquale, K. | 0.5 |
| 10/24/2001 | Conference with K. Pasquale, L. Kruger others re asbestos claims litigation, future representative retention, proposed retention of E. Warren, asbestos committee's joint motion to retain special counsel to prosecute the fraudulent transfers claims and the Committee's position thereon and then conference call Tom Maher re same (1.2); telephone call Ed Ordway re fraudulent transfer litigation (.1). | Krieger, A. | 1.3 |
| 10/24/2001 | Office conference with K. Pasquale and A. Krieger regarding asbestos issues and future claims representatives (.4); telephone call with T. Maher regarding issue of future claims representative, issue of proposed fraudulent transfer litigation, contingency fee and alternatives (.4); review of memo to Committee regarding same (.2); review of contingent fee firms selected by asbestos Committee to handle fraudulent transfer litigation (.2). | Kruger, L. | 1.2 |
| 10/24/2001 | Conference call re status of asberstos bankruptcies (.5); office conference Kruger, Krieger re fraudulent transfer motions (.3); telephone conference T. Maher, Kruger, Krieger re same (.3); investigation of Cozen and McKool law firms proposed by committees (.8) | Pasquale, K. | 1.9 |
| 10/26/2001 | Attention to equity committee response to case management (.2) | Pasquale, K. | 0.2 |
| 10/26/2001 | Review equity committee response to case management motion (.4). | Raskin, R. | 0.4 |
| 10/30/2001 | Review of Equity Cornmittee's response in support of Debtors' case management bar date process. | Krieger, A. | 0.3 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 1.9 | $ 425 | $ 807.50 |
| Kruger, Lewis | 1.2 | 650 | 780.00 |
| Pasquale, Kenneth | 4.6 | 475 | 2,185.00 |
| Raskin, Robert | 0.4 | 550 | 220.00 |

Total For Professional Services Rendered     $ 3,992.50

**Total for this Matter**     $ 3,992.50

RE:    Retention of Professionals
       699842. 0006

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/01/2001 | Memos to KP, RAR re: debtors' motion to retain Rust Consulting; (0.2) | Krieger, A. | 0.2 |
| 10/11/2001 | Memo from and to KP re retention of expert by the Committee and review Court's order establishing procedures for retention of same (.5); | Krieger, A. | 0.5 |
| 10/11/2001 | Attention to expert's retention agreement | Pasquale, K. | 0.5 |
| 10/18/2001 | Review Debtors' statement in response to Inselbuch supplemental affidavit and prepare memorandum thereon (.9). | Krieger, A. | 0.9 |
| 10/22/2001 | Review Joint Asbestos Committee motion to retain McKool Smith and Cozen & O'Connor and memo re same. | Krieger, A. | 0.5 |
| 10/23/2001 | Attention to asbestos committees' motion to retain counsel to prosecute fraudulent transfer action (.8); office conference M. Sasson re opposition to same (.3) | Pasquale, K. | 1.1 |
| 10/23/2001 | Review Asbestos Committee Motion to retain Special Counsel (.8); t/c K. Pasquale, R. Raskin re: same (.5); draft objection to motion (3.0); draft memo re: same (1.0). | Sasson, M. | 5.3 |
| 10/24/2001 | Memo re supplemental application of Asbestos PI Committee to retain E. Warren (.5); case law research re basis for challenging above (.7). | Krieger, A. | 1.2 |
| 10/24/2001 | Continued drafting objection to motion and memo re: same; research proposed law firms. | Sasson, M. | 5.5 |
| 10/25/2001 | Review case law and pleadings re retention of Warren by Caplin & Drysdale. | Krieger, A. | 3.7 |
| 10/25/2001 | Attention to draft opposition to asbestos committees' motion to retain law firms on fraudulent transfer claims (2.5); revised memo to committee re same (.4); telephone conference Kirkland re asbestos committees' motion (.3) | Pasquale, K. | 3.2 |
| 10/25/2001 | Review email re retention of Warren. | Raskin, R. | 0.2 |
| 10/25/2001 | Continued drafting objection to motion and memo re: same; research proposed law firms. | Sasson, M. | 5.5 |

| 10/26/2001 | Review draft of Committee's opposition to asbestos committee's joint motion to retain special counsel and office conference M. Sasson re above (1.0); memos to T. Maher re same (.2). | Krieger, A. | 1.2 |
| 10/26/2001 | Review memo from A. Krieger re retention of counsel (.2), review Pasquale draft memo re response to same (.3). | Raskin, R. | 0.5 |
| 10/26/2001 | O/c A. Kreiger re: objection, revise same (1.0); t/c K. Pasquale, L. Kruger, R. Raskin re: objection, status (.5); review various filings (.5). | Sasson, M. | 2.0 |
| 10/29/2001 | Office conference M. Sasson re Committee opposition to special counsel motion and filing of same (.1); office conference RS re filing of objection (.1); follow-up memo to T. Maher re form of Committee opposition (.1); telephone call L. Kruger re hearing on fraudulent transfer claims motion (.1) ;office confrence re:PI Committee;s proposed retention of Warren and LK, discussions, and preparation of objection thereto (.3). | Krieger, A. | 0.7 |
| 10/29/2001 | Review correspondence re: Warren retention (.2); review supplemental application to retain Professor Warren (.2), t/c A. Krieger re scheduling conf. call (.2). | Raskin, R. | 0.6 |
| 10/29/2001 | T/c K. Pasquale, A. Kreiger re: objection, revise same; file. | Sasson, M. | 1.0 |
| 10/29/2001 | Conference with A. Krieger re filing and service of response to joint motion to employ Cozen & McKool (.2); work regarding same (.4). | Serrette, R. | 0.6 |
| 10/30/2001 | Telephone conference P. Lockwood re Warren retention motion (.3); attention to same | Pasquale, K. | 0.5 |
| 10/30/2001 | Review application to retain Professor Warren (.2), t/c S. Case re issues related to retention (.1). | Raskin, R. | 0.3 |
| 10/31/2001 | Review Debtors' objection to Asbestos Committee's retention of Special Counsel to prosecute the fraudulent transfer claims and memos to and from KP re same (.4) | Krieger, A. | 0.4 |
| 10/31/2001 | Office conference with K. Pasquale regarding objection to Elizabeth Warren retention. | Kruger, L. | 0.2 |
| 10/31/2001 | Attention to Debtors' opposition to asbestos committees' motion to retain law firms (.2); attention to Warren retention issues (.4) | Pasquale, K. | 0.6 |
| 10/31/2001 | Numerous t/css with A. Krieger and K. Pasquale re Warren retention (.3), t/c T. Maher re same (.1). | Raskin, R. | 0.4 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 9.3 | $ 425 | $ 3,952.50 |
| Kruger, Lewis | 0.2 | 650 | 130.00 |
| Pasquale, Kenneth | 5.9 | 475 | 2,802.50 |
| Raskin, Robert | 2.0 | 550 | 1,100.00 |
| Sasson, Moshe | 19.3 | 360 | 6,948.00 |
| Serrette, Rosemarie | 0.6 | 150 | 90.00 |

Total For Professional Services Rendered     $ 15,023.00

Total for this Matter     $ 15,023.00

RE:     Creditors Committee Issues/Conferences
        699842. 0007

| Date | Description | Name | Hours |
|---|---|---|---|
| 10/01/2001 | Telephone conference Lynn Ryan re: status of bar date motion and forwarded correspondence to L. Ryan (0.5) | Krieger, A. | 0.5 |
| 10/01/2001 | Preparation for meeting with prospective asbestos expert (1.0) | Pasquale, K. | 1.0 |
| 10/02/2001 | Meeting and interview with potential expert on asbestos litigation issues and follow-up conversation (2.0); prepare memo to the Committee re: proposed retention of expert (1.0); memo to the Committee re: resignation of Wells Fargo from the Committee (0.3) | Krieger, A. | 3.3 |
| 10/02/2001 | Preparation for and meeting with, prospective asbestos expert (1.5) | Pasquale, K. | 2.5 |
| 10/02/2001 | Committee meeting to interview proposed expert. | Raskin, R. | 2.0 |
| 10/02/2001 | Final preparation for Committee meeting with potential expert (.3). | Serrette, R. | 0.3 |
| 10/03/2001 | Committee's interview and telephone conference with M. Chehi re: expert for asbestos-related issues (0.3); Review Exxon's summary judgment motion re: Samson Hydro carbons' case pending in Oklahoma (0.8) | Krieger, A. | 1.1 |
| 10/11/2001 | Review motion re: proposed settlement with State of Washington and prepare memorandum discussing sasme (1.8) | Krieger, A. | 1.8 |
| 10/15/2001 | Review Debtors' proposed settlements with the State of New York and Gloucester action, and order establishing procedures for such settlement (.6); telephone call S. Schwartz and follow-up memo to and from SS re proposed settlements (.4). | Krieger, A. | 1.0 |
| 10/17/2001 | Telephone call David Carickhoff re request for additional information on proposed settlement with the State of Washington (.1); extended telephone call M. Young (Perkins firm) re information on proposed Washington State Settlement (.9); office conference RAR re proposed claims settlements involving State of New York tax audit and Gloucester/DelMonte action (.1). | Krieger, A. | 1.1 |
| 10/18/2001 | Prepare memo to the Committee re proposed settlement with the State of Washington (2.2) t/c S. Cunningham re same and request for company data | Krieger, A. | 2.8 |

(.2); o/c RAR re data requests (.2); t/c S. Cunningham
re correspondence to Debtors counsel (.2);

| | | | |
|---|---|---|---|
| 10/19/2001 | Telephone calls S. Cunningham re request for detail to legacy liabilities and conference call with Debtors' counsel and Blackstone Group representative to discuss (.2); office conference RAR re conference call (.1); review legacy liability memo (0.3); conference call with RAR and representatives for Debtors. FTI P&M, Blackstone Group re legacy liabilities and receipt of underlying detail, and follow up office conference re same (1.5); memos to and from T. Maher re proposed resolution of tax claim with the State of Washington settlement (0.1); memos to and from P. Brach (B of A) and to RAR, LK, T. Maher re advice concerning B of A's selling its debt and resignation from the Committee (.5); memo to C. MacCullum re Committee membership (.1). | Krieger, A. | 2.9 |
| 10/22/2001 | Reviewed Caterpillar motion to compel payment of post-petition rent on leased equipment and revise Toyota motion for same and alternative lift stay, adequate protection relief and began to prepare memorandum re same (1.3); telephone call S. Schwartz re same (.1). | Krieger, A. | 1.4 |
| 10/23/2001 | Prepare memorandum to the Committee re proposed settlements of NY State tax assessment claims and Gloucester litigation. | Krieger, A. | 1.2 |
| 10/24/2001 | Review and revise memo to the Committee re proposed claims settlements and memo to S. Schwartz re outstanding questions (1.3); telephone call S.Schwartz re Caterpillar and Toyota motions and status of discussions thereon (.2); review memo to the Committee re Joint Asbestos Committee motion to retain special counsel and office conference KP re same (.5). | Krieger, A. | 2.0 |
| 10/25/2001 | Telephone call C. Maycen re requested extension of time to respond to Caterpillar motion (.1); prepare memorandum to the Committee re motions by Caterpillar and Toyota compelling payment of post-petition amounts of recovery of property (1.3); office conference KP re revised memo to the Committee discussing joint motion to retain special counsel to prosecute fraudulent transfer claims and circulate same (.3). | Krieger, A. | 1.7 |
| 10/26/2001 | Review, revise memo to the Committee re Caterpillar and Toyota motions (.2); review, revise memo to the Committee re settlement of tax claims and Gloucester litigation (.3). | Krieger, A. | 1.2 |

| 10/26/2001 | Conference with A.Krieger re memo to T.Maher re response to Cozon retention (.2); work regarding same (.1); memo on Caterpillar motion to the Committee (.2). | Serrette, R. | 0.5 |
| 10/29/2001 | Memorandum to the Committee re proposed re proposed claim settlement (.2) memos from and to T. Maher re proposed claim settlement and additional information from the Debtors regarding same (.6); modify memo to reflect additional information received (.8); memorandum to T. Maher re pending tax legislation (.2). | Krieger, A. | 1.8 |
| 10/29/2001 | Memo from and to S. Schwartz re status of discussions with Toyota Motor Credit Corps and Caterpillar regarding their motions in respect of personal property. | Krieger, A. | 0.8 |
| 10/30/2001 | Memos from and to T. Maher re Debtors' proposed settlements of New York State and Gloucester matters (.2); complete revised memo to the Committee re Debtors' proposed settlements and circulate same (1.1); review Inselbuch affidavit and Asbestos PI Committee's supplemental application to employ E. Warren and prepare draft memorandum to the Committee discussing same (2.3); conference call with KP and P. Lockwood re Warren retention issues (.6); review Committee memo to reflect conference call material (.4). | Krieger, A. | 4.4 |
| 10/31/2001 | Revise memo to the Committee re proposed retention of Warren and issues in connection therewith and memos and telephone conferences to and from KP and RAR re same (1.5); memos to T. Maher and the Committee re Asbestos Committee's proposed retention of E. Warren and T. Maher's position thereon (.5). | Krieger, A. | 2.0 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 31.0 | $ 425 | $ 13,175.00 |
| Pasquale, Kenneth | 3.5 | 475 | 1,662.50 |
| Raskin, Robert | 2.0 | 550 | 1,100.00 |
| Serrette, Rosemarie | 0.8 | 150 | 120.00 |
| | Total For Professional Services Rendered | | $ 16,057.50 |
| | Total for this Matter | | $ 16,057.50 |

**RE:     Financial Reports & Analysis**
          699842. 0009

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/01/2001 | Telephone conference S. Cunningham re: expert interview; operational information from Grace and 10/10-11 meetings (0.3) | Krieger, A. | 0.3 |
| 10/05/2001 | Memo to and from C. Whitney re transmittal of FTI analysis of five year business plan to the Committee (.2); review revised analysis (.4). | Krieger, A. | 0.6 |
| 10/11/2001 | Memos from and to C. Whitney re FTI meeting with the Company, business plan analysis (.2); telephone call C. Whitney re company meeting (.1). | Krieger, A. | 0.3 |
| 10/12/2001 | Extended telephone call S. Cunningham re 10/10/01 meeting with Grace personnel (.9); office conference RAR re above (.1). | Krieger, A. | 1.0 |
| 10/14/2001 | Prepare memorandum re legacy liability information | Krieger, A. | 1.3 |
| 10/15/2001 | Review FTI analysis re project chi acquisition and office conference S. Cunningham and memo to RAR, LK re same (1.8) | Krieger, A. | 1.8 |
| 10/16/2001 | Telephone call S.Cunningham and then memo to LK, RAR re project chi review (.2). | Krieger, A. | 0.2 |
| 10/18/2001 | Review Debtors' August financial report and telephone call S. Cunningham re same (1.6). | Krieger, A. | 1.6 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 7.1 | $ 425 | $ 3,017.50 |
| | Total For Professional Services Rendered | | $ 3,017.50 |

| | | |
|--|--|--|
| **Total for this Matter** | | $ 3,017.50 |

RE:     **Analysis of Pre-Petition Transactions**
        **699842. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/12/2001 | Review Grace historical financial information. | Krieger, A. | 1.1 |
| 10/14/2001 | Review fraudulent transfer complaint. | Krieger, A. | 0.6 |
| 10/15/2001 | Review fraudulent transfer complaint (.3); review Grace web-site for business unit information (1.6). | Krieger, A. | 1.9 |
| 10/16/2001 | Review  public documentation(3.4). | Krieger, A. | 3.4 |
| 10/17/2001 | Review of historical business information. | Krieger, A. | 3.5 |
| 10/19/2001 | Continue to review historical financial information (1.2). | Krieger, A. | 1.2 |
| 10/21/2001 | Review historical business information. | Krieger, A. | 3.4 |
| 10/22/2001 | Continue to review historical business information (4.5). | Krieger, A. | 4.5 |
| 10/23/2001 | Researched prepetition documents at AK's request. | Defreitas, V. | 0.3 |
| 10/23/2001 | Continue to review historical business information. | Krieger, A. | 4.6 |
| 10/24/2001 | Review Grace historical financial/business information (2.1); telephone call C. MacCullum re pre-petition indebtedness and corporate structure (.4). | Krieger, A. | 2.5 |
| 10/25/2001 | Reviewed historical financial, business information (1.1). | Krieger, A. | 1.1 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Defreitas, Vaughn | 0.3 | $ 100 | $ 30.00 |
| Krieger, Arlene | 27.8 | 425 | 11,815.00 |

Total For Professional Services Rendered     $ 11,845.00

**Total for this Matter**     $ 11,845.00

**RE:    Tax Issues**
         **699842. 0018**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/01/2001 | Meeting w/Raskin, Ordway, Cunningham re tax issues (2.6); review corporate documents and analysis re structure (1.8); call w/M Levy re documents (.1). | Greenberg, M. | 4.5 |
| 10/01/2001 | Meeting with Ordway, Cunningham, Raskin, Greenberg et al at 767 Third re tax issues (2.5), t/c Greenberg (.1), research re 10 year carryback for asbesos claims (1.4). | Levy, M. | 4.0 |
| 10/01/2001 | Meeting with representatives of Policano & Manzo and Stroock re due diligence on tax issues, follow-up t/cs to J Kapp re due diligence | Raskin, R. | 2.5 |
| 10/03/2001 | Received assignment from M. Levy (0.1); Research re: Tax Code Section 172 about net operating losses and products liability exceptions (1.2). | Brandes, R. | 1.3 |
| 10/03/2001 | NOI (carryback, etc.) - review Sealed Air proxy material re effect on NOL. | Levy, M. | 0.4 |
| 10/04/2001 | Westlaw research on Section 172(f) and whether asbestos claims are considered tort liability or product liability for net operating loss rules & carryback provisions (1.7). | Brandes, R. | 1.7 |
| 10/04/2001 | Review draft tax information request (.2); analysis re potential additional materials (.6); d/w MAL and review revised request (.6); analysis re consolidated return issues (2). | Greenberg, M. | 2.8 |
| 10/04/2001 | Request for tax information - revise Policano and Manzo draft, o/c Greenberg. | Levy, M. | 1.0 |
| 10/05/2001 | Research Westlaw & reading Westlaw materials for law reviews & tax articles on treatment of Asbestos under Section 172(f) (2.2); meeting w/M. Levy re: status of assignment (0.4). | Brandes, R. | 2.6 |
| 10/05/2001 | Analysis re NOL related issues (.8); review authorities re same (.6). | Greenberg, M. | 1.4 |
| 10/05/2001 | Tax information request - review revised draft (.1), t/c Raskin (.1). | Levy, M. | 0.2 |
| 10/08/2001 | Research of various tax treatises under Section 172(f) (0.3); Lexis research for law reviews and journal articles on Section 172(f) and whether Asbestos claims are products liability claims (2.9). | Brandes, R. | 3.2 |

| 10/09/2001 | Meeting w/M. Levy re: results of research (0.3); Westlaw research for IRS private letter rulings, technical advice memos (0.5); Westlaw & Lexis research on tax case law & bankruptcy case law (1.2). | Brandes, R. | 2.0 |
| 10/09/2001 | Deductability of asbestos losses - office conference with R. Brandes (.2); telephone call with Raskin re: meeting of tax people (.1) | Levy, M. | 0.3 |
| 10/09/2001 | T/c M Levy re tax information 2], t/c to S Schwartz re tax meeting and information requests 2] | Raskin, R. | 0.4 |
| 10/10/2001 | NOL carrybacks - review proposed legislation on extending 10-yr. carryback for asbestos losses | Levy, M. | 0.4 |
| 10/15/2001 | Review, revise memorandum re legacy liability information  (.9); telephone calls S. Cunningham re above and tax information request (.2); memos re legacy liabilities, tax information request (.5); memo from and to M. Levy re tax information request (.1). | Krieger, A. | 1.7 |
| 10/15/2001 | review Arlene Krieger's memo re: tax and other liability issues | Levy, M. | 0.5 |
| 10/16/2001 | Telephone calls S. Cunningham re asbestos liabilities, Company's response to Tax Information Request (.6); memorandum re tax request and liabilities information (.5); memos to and from S.Schwartz re Company';s response to Tax information request (.2). | Krieger, A. | 0.4 |
| 10/17/2001 | Memos from and to S. Schwartz re data room (.2); memos to RAR, ML re response to tax information request and office conference ML re same (.3). | Krieger, A. | 0.5 |
| 10/17/2001 | Review Kirkland letter responding to our request for tax information (.2), t/c(s) and e-mail with A. Krieger re data room for tax info (.3). | Levy, M. | 0.5 |
| 10/18/2001 | O/C with M. Levy & M. Greenberg re: whether asbestos claims are liabilities incurred in the ordinary course of business for purposes of Code Sections (L)(5) (.4]; researching asbestos claims issue (1.7); o/c with M. Levy re results of asbestos claim research (.4]. | Eichler, M. | 2.5 |
| 10/18/2001 | Analysis re 382(L)(5) (0.3)Con. w/MAL re same (.2). | Greenberg, M. | 0.5 |
| 10/18/2001 | Issue whether asbestos claimants qualify as trade creditors for IRC Section 382(I)(5) - o/c Greenberg and Eichler (.2), o/c Eichler (.2). | Levy, M. | 0.4 |
| 10/19/2001 | Review tax information. | Greenberg, M. | 0.8 |

| 10/19/2001 | Prepare follow up-correspondence to Debtors' counsel re outstanding tax-information request (.9); correspondence from S. Schwartz re tax-related information and forward same (.4). | Krieger, A. | 1.3 |
|---|---|---|---|
| 10/19/2001 | Review tax information submitted by Debtor's counsel (.6). | Levy, M. | 0.6 |
| 10/22/2001 | Memos to and from M. Levy re tax information correspondence (.1); review and revise letter to S. Schwartz re tax information request (.2). | Krieger, A. | 0.3 |
| 10/22/2001 | Revise Krieger letter to Company with regard to tax information (.2).. | Levy, M. | 0.2 |
| 10/23/2001 | Review tax information forwarded by Debtor. | Greenberg, M. | 0.5 |
| 10/23/2001 | Memo from and to S. Schwartz re tax information request (.1). | Krieger, A. | 0.1 |
| 10/26/2001 | Phone message from M. Levy re: assignment (0.1); reviewed research and performed additional research for the net operating loss carryback procedures proposed new legislation re: asbestos & the Legislative History (1.9). | Brandes, R. | 2.0 |
| 10/26/2001 | Review debtor material re tax position and nol issue (.4); preliminary review of tax legislation (1.4). | Greenberg, M. | 1.8 |
| 10/26/2001 | Pending tax legislation re carryback loss for asbestos - e-mails to and from Krieger (.1), review tax legislation (.2). | Levy, M. | 0.3 |
| 10/29/2001 | Assignment received from M. Levy (0.1); additional research performed on Westlaw and Internet re: proposed Asbestos Related claims legislation (0.6); wrote memorandum on the proposed legislation (1.2). | Brandes, R. | 1.9 |
| 10/29/2001 | Review proposed legislation (.7); analysis re impact on various credit related issues (.9); analysis re impact of limitation (.8). | Greenberg, M. | 2.4 |
| 10/29/2001 | Tax legislation re NOL carryback for asbestos claims - o/c R. Brandes (.1), review legislation (.3). | Levy, M. | 0.4 |
| 10/30/2001 | Wrote memorandum on proposed asbestos related claims legislation to section 172 and section 468B (1.2); revisions to memo & cite checking (0.3). | Brandes, R. | 1.5 |
| 10/30/2001 | Con. w/MAL re legislation memo (.3); review provision and comment on memo (1.8); analysis re 468B tie in (.3); d/w RB re same (.8); review EPA material (.8). | Greenberg, M. | 4.0 |

| 10/30/2001 | Telephone call S. Schwartz re inquiry regarding timing on receipt of tax-related documentation and memo re same (.3). | Krieger, A. | 0.3 |
| 10/30/2001 | Proposed tax legislation regarding asbestos loss carrybacks - review prepaid legislation (.4), review and revise R. Brandes memo (.8), o/c M. Greenberg (.2). | Levy, M. | 1.4 |
| 10/31/2001 | Reviewing consent decree and associated motions .5]; researching whether SEP payments made pursuant to a consent decree are deductible (2.4); t/c with M.. Levy and M. Greenberg re: deductibility of SEP payments (.2); o/c with M. Greenberg same (.4). | Eichler, M. | 4.5 |
| 10/31/2001 | Review EPA materials (1.3); d/w ME re legal issues (.9) con. w/MAL re same (.3); call w/ME and MAL (.2); review legal authorities re deductibility issues and calls w/AK (1.3). | Greenberg, M. | 4.0 |
| 10/31/2001 | Memo to and from S. Schwartz re tax information request and documentation being forwarded (.2). | Krieger, A. | 0.2 |
| 10/31/2001 | Motion for Consent Decree re EPA claim in Montana/issue of deductability of payment to SEP - o/c(s) Greenberg (.3), review Motion, Consent Decree and Order and A. Krieger memo re same (.6), review case law (.5), c/c Greenberg and Eichler (.2). | Levy, M. | 1.6 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Brandes, Ronnie H. | 16.2 | $ 185 | $ 2,997.00 |
| Eichler, Mark | 7.0 | 350 | 2,450.00 |
| Greenberg, Mayer | 22.7 | 500 | 11,350.00 |
| Krieger, Arlene | 4.8 | 425 | 2,040.00 |
| Levy, Mark | 12.2 | 615 | 7,503.00 |
| Raskin, Robert | 2.9 | 550 | 1,595.00 |

Total For Professional Services Rendered    $ 27,935.00

**Total for this Matter**    $ 27,935.00

RE:    **Environmental Issues**
       699842. 0024

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 10/28/2001 | Review Debtors motion for authorization to enter into consent decree with EPA regarding USA action for entry and access to Libby, Montana property and prepare memorandum of issues, follow-up information to be obtained to evaluate same (3.8). | Krieger, A. | 3.8 |
| 10/29/2001 | Review memo on consent decree, T/C A. Krieger. | Berg, M. | 0.4 |
| 10/29/2001 | Complete memorandum re debtors' motion for approval of EPA consent agreement and extended office conference M. Berg re environmental claim, other issues. | Krieger, A. | 1.4 |
| 10/29/2001 | Review motion to approve EPA consent decree (.5); review draft memo to committee re EPA settlement and forward to environmental and tax lawyers for review (.4). | Raskin, R. | 0.9 |
| 10/30/2001 | Telephone call Jan Baer re EPA Consent Decree, request for complaint, Court's order and related documentation, discussed basis for payment deduction other (.2) ;memo to M. Levy, M.Greenberg re deductibility of payment (.1). | Krieger, A. | 0.3 |
| 10/31/2001 | Review consent decree, motion, etc., regarding EPA action regarding Libby Mine, research regarding history of mine and EPA actions, T/C A. Krieger. | Berg, M. | 2.5 |
| 10/31/2001 | Office conference M. Greenberg re EPA settlement and deductibility of SEP Fund payment (.5); telephone conferences S. Cunningham re tax issues (.2); memos to M. Greenberg re same (.3); telephone call J. Baer re deductibility of payment for tax purposes and Company tax person to discuss it with, background documentation (2); office conference M. Berg re EPA issues and review of publicly available information on the site (.3); office conference MAS re classification of EPA claims in the Third Circuit and Consent Decree provisions (.3); | Krieger, A. | 1.8 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Berg, Madelaine | 2.9 | $ 415 | $ 1,203.50 |
| Krieger, Arlene | 7.3 | 425 | 3,102.50 |
| Raskin, Robert | 0.9 | 550 | 495.00 |

Total For Professional Services Rendered      $ 4,801.00

**Total for this Matter**      $ 4,801.00

Total For Professional Services Rendered      101,069.00

**Total Bill**   $ 101,069.00

**EXHIBIT C**