RE:    **Court Hearings**
        699842. 0008

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 11/02/2001 | Office conference LK re agenda for November 5, 2001 hearings (.1); telephone call D. Carickhoff re Debtors/Honeywell discussion re ICO matter (.2). | Krieger, A. | 0.8 |
| 11/02/2001 | Preparation for 11/5 court hearings on fraudulent transfer prosecution motion; fraudulent transfer law firm motion; former officers indemnification motion | Pasquale, K. | 3.0 |
| 11/05/2001 | Preparation for and court hearing (1) omnibus hearing (2) former employees indemnification motion (6.5) | Pasquale, K. | 6.5 |
| 11/05/2001 | Preparation for and attend hearing in Delaware (2.5). | Raskin, R. | 2.5 |
| 11/20/2001 | Preparation for court hearing regarding case management (.3). | Kruger, L. | 0.3 |
| 11/20/2001 | Preparation for court hearing on CMO motion, including attention to Hilton and Rabinovitz affidavits submitted by PD Committee (3.5) | Pasquale, K. | 3.5 |
| 11/21/2001 | Preparation for hearing on case management order including review of pleadings and affidavits. | Kruger, L. | 1.5 |
| 11/21/2001 | Preparation for CMO hearing (cancelled) (4.0). | Pasquale, K. | 4.0 |
| 11/21/2001 | Preparation for hearing on case management order including review of pleadings and affidavits (1.5). | Raskin, R. | 1.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 0.8 | $ 425 | $ 340.00 |
| Kruger, Lewis | 1.8 | 650 | 1,170.00 |
| Pasquale, Kenneth | 17.0 | 475 | 8,075.00 |
| Raskin, Robert | 4.0 | 550 | 2,200.00 |
| | Total For Professional Services Rendered | | $ 11,785.00 |

**Total for this Matter**    $ 11,785.00

RE:    Analysis of Pre-Petition Transactions
       699842. 0013

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 11/02/2001 | Office conference M. Levy, KP re Sealed Air and Fresenius transaction materials received from the Debtor and review of same (1.6). | Krieger, A. | 1.6 |
| 11/08/2001 | Review Fresenius and Sealed Air transaction materials. | Krieger, A. | 2.6 |
| 11/15/2001 | Reviewed Fresenius transaction documents (3.9). | Krieger, A. | 3.9 |
| 11/16/2001 | Continue review of Fresenius transaction documentation (1.2). | Krieger, A. | 1.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 9.3 | $ 425 | $ 3,952.50 |
| | Total For Professional Services Rendered | | $ 3,952.50 |

Total for this Matter      $ 3,952.50

RE:    Tax Issues
       699842. 0018

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 11/01/2001 | Compiled research and proposed legislation for A. Krieger (0.15); phonecall from A. Krieger re: memo on proposed legislation (0.15). | Brandes, R. | 0.3 |
| 11/01/2001 | Review revised NOL schedule (.4); analysis re impact of NOLs on carryback issues (.3); analysis re impact of legislation (.4). | Greenberg, M. | 1.1 |
| 11/01/2001 | Office conferences RAR re memo describing pending tax legislation and necessary revisions thereto (.1); review tax legislation, underlying documentation, memo and revise same and office conference M. Levy re same (.8); office conferences Ronnie Brandes re tax legislation (.6); prepare memo to the Committee re same (2.3); office conference RS re IRS motion against CCHP (.1); memo from S. Schwartz re NOL carryback schedule and memo to M. Levy, M. Greenberg re same (.2). | Krieger, A. | 4.1 |
| 11/01/2001 | Proposed tax legislation re asbestos losses - t/c(s) Raskin and Krieger (.2). | Levy, M. | 0.2 |
| 11/02/2001 | Email/New memo received from A. Krieger (0.15); additional research assignment from M. Greenberg (0.05); research re: federal corporate income tax rates from 1963 thru 2001 (1.3). | Brandes, R. | 1.5 |
| 11/02/2001 | Revise memorandum re proposed legislation (1.1); d/w R. Brandes re impact of tax rates (.5). | Greenberg, M. | 1.6 |
| 11/02/2001 | Memos to and from M. Levy, M. Greenberg, S. Cunningham re tax audits (.2); memo to M.Levy, LK re tax legislation memorandum (.2); memo to S. Schwartz re inquiry with respect to receipt of other tax related materials requested (.1); review carryback schedule (.3). | Krieger, A. | 0.8 |
| 11/02/2001 | Memo on proposed tax legislation/revision (.1), e-mails re same with Krieger (.1). | Levy, M. | 0.2 |
| 11/05/2001 | Research re: time limit imposed on liquidations in Qualified Settlement Funds (1.0); Read information on federal corporate tax rates since 1963 (0.1); meeting w/M. Greenberg to discuss research results (0.3). | Brandes, R. | 1.4 |
| 11/05/2001 | Work on memorandum re proposed legislation(2.3); | Greenberg, M. | 2.7 |

| | | | |
|---|---|---|---|
| | meeting w/R. Brandes re research on tax rate impact (.4). | | |
| 11/05/2001 | Office conference M. Greenberg re tax-related information received from the Debtors. | Krieger, A. | 0.2 |
| 11/06/2001 | Revise memo re proposed legislation (1.4); analysis re alternative carryback periods (.4). | Greenberg, M. | 1.8 |
| 11/06/2001 | Review outstanding tax information requests and documentation received to date (.6); telephone call S. Cunningham re same (.1). | Krieger, A. | 0.7 |
| 11/07/2001 | Work on revise memo re legislation (2.2); d/w MAL re carryback schedule (.2). | Greenberg, M. | 2.4 |
| 11/07/2001 | Office conference M. Levy re tax information received, outstanding material and clarifications sought (.1); memo from FTI P&M re tax-related information request (.3); review USA motion to lift the stay to prosecute counterclaim against CCHP (.1); memo to M.Levy, S.Cunningham re CCHP suit (.2). | Krieger, A. | 0.7 |
| 11/07/2001 | NOL carryback calculations, etc. - review Company NOL schedule (.2), o/c M. Greenberg (.2), review tax info provided by debtor to date (.4). | Levy, M. | 0.8 |
| 11/07/2001 | Review memo re tax legislation. | Raskin, R. | 0.2 |
| 11/08/2001 | Reviewing tax language re: deductibility of SEP Fund payments in reviewing memo from Stroock to creditors committee 1]; revising language in memo 2]; conference call with M. Greenberg and T. Maynes (K&E) re: deductibility of SEP Fund payments 1]. | Eichler, M. | 0.5 |
| 11/08/2001 | Review memo from Stroock to Committee re SEP(.2); call w/ME and T. Maynes re deductibility of payments (.2); analysis re deductibility (.3); call w/MAL re NOLs (.4). | Greenberg, M. | 1.1 |
| 11/08/2001 | Memos to M. Levy, M. Greenberg re outstanding tax information (0.1); t/c S. Cunningham re same, conf/c to discuss (0.2); o/c M. Levy re outstanding information and then conf/c w/S. Cunningham, C. Whitney re outstanding tax information request and follow-up memorandum to S. Schwartz (0.6); memo to S. Cunningham re CCHP litigation (0.3). | Krieger, A. | 1.2 |
| 11/08/2001 | Memorandum on proposed tax legislation regarding asbestos claims and its effect - review and comment (.5). | Levy, M. | 0.5 |

| 11/08/2001 | Review book containing various outstanding state tax assessments and representive information from the 1999 Grace return (.8), memo to A. Krieger re state tax assessments and NOLs (.5), memo to Krieger and S. Cunningham relating to the status of tax information requested and what else is needed (.8), c/c Cunningham, Whitney, Krieger and Greenberg re same (.4), review draft memo to Creditors' Committee regarding settlement of EPA/Libby, Montana litigation deductability of settlement payment (.3). | Levy, M. | 2.8 |
| --- | --- | --- | --- |
| 11/08/2001 | Review memo re tax legislation. | Raskin, R. | 0.3 |
| 11/09/2001 | Call from M. Levy re: additional research (0.1); Research on Section 172 and NOLs and when NOLs can be carried back when corporations file consolidated returns (1.0). | Brandes, R. | 1.1 |
| 11/09/2001 | Review e-mail (.2); con. w/MAL re proposed settlement (.1); call w/Maynes re same (.3). | Greenberg, M. | 0.6 |
| 11/09/2001 | Memo to M. Levy, M. Greenberg re CCHP, Inc. action and analysis of issues (0.2); conf/c M. Levy, RAR re substance of conversation with Todd Maynes re CCHP action and bases for claims (0.2); o/cs ML re tax information received from the Company and forwarding same to FTIP&M (0.2). | Krieger, A. | 0.6 |
| 11/09/2001 | 1) Revise memo regarding our request for tax information (.8); 2) review Krieger e-mails re CCHP motion to remove stay (.2); 3) research and o/c Ronnie Brandes re whether 10-year carryback applies on a company-by-company basis (1.0). | Levy, M. | 2.0 |
| 11/09/2001 | 1) CCHP tax litigation - c/c Todd Maynes (Kirkland) and M. Greenberg re status and issues of case (.3), t/c Raskin (.1); c/c Raskin and Krieger (.1); 2) Gathering and transmitting documents to Sean Cunninghan (.4). | Levy, M. | 0.9 |
| 11/09/2001 | T/c M. Levy re issues related to tax settlement. | Raskin, R. | 0.2 |
| 11/11/2001 | Review M. Levy memo re outstanding tax information and underlying documentation in connection with and prepare correspondence to S. Schwartz re same (2.3). | Krieger, A. | 2.3 |
| 11/12/2001 | Research on carrybacks for consolidated return years (0.5); o/c to M. Greenberg re: carryback issues (0.2); file work (0.1). | Brandes, R. | 0.8 |
| 11/12/2001 | Discussion with RB re carryback issues (.2); analysis of carryback to consolidated years (.4). | Greenberg, M. | 0.6 |
| 11/12/2001 | Review, revise proposed correspondence to S. | Krieger, A. | 0.7 |

|  | Schwartz re outstanding tax materials (.6); memo to ML, MG re same (.1). |  |  |
|------------|---|---|---|
| 11/13/2001 | Email from M. Greenberg re: status of congressional bills dealing w/asbestos related claims litigation (0.1); checked status of House bill 1412 and Senate bill 1048 (0.1). | Brandes, R. | 0.2 |
| 11/14/2001 | Memo to M. Levy re proposed correspondence to Debtors' counsel (.1); office conference ML re above and COLI litigation.(0.1) | Krieger, A. | 0.2 |
| 11/14/2001 | 1) Tax audit re COLI issue and counsel retention - review Krieger memo (.1), t/c Krieger (.1); 2) Tax information request - review and revise letter to Sam Schwartz (.7). | Levy, M. | 0.9 |
| 11/15/2001 | Revise correspondence to S. Schwartz re outstanding tax information and office conference M. Levy re same (.5). | Krieger, A. | 0.5 |
| 11/16/2001 | Review memo re motion to move employment case. | Greenberg, M. | 1.2 |
| 11/16/2001 | Memo to and from M. Levy re CCHP memo from Todd Maynes (.3). | Krieger, A. | 0.3 |
| 11/19/2001 | Westlaw information re: status of Asbestos Legislation (0.3). | Brandes, R. | 0.3 |
| 11/19/2001 | Review materials re CCHP tax litigation (.7); analysis re withholding issue (.4). | Greenberg, M. | 1.1 |
| 11/20/2001 | Conversation w/M. Levy for new assignment (0.1). | Brandes, R. | 0.1 |
| 11/20/2001 | Discussion/w MAL re Motion to lift stay in CCHP action (.1); analysis re substantive merits of CCHP arguments (1.9). | Greenberg, M. | 2.0 |
| 11/20/2001 | Office conference M. Levy re CCHP information, preparation of memorandum to the committee, review of issues and position on lift stay motion (.1). | Krieger, A. | 0.1 |
| 11/21/2001 | Read CCHP's Complaint and Protest (3.5). | Brandes, R. | 3.5 |
| 11/26/2001 | Research re: Section 62 and accountable/nonaccountable plan requirements (3.7). | Brandes, R. | 3.7 |
| 11/26/2001 | Analysis re CCHP litigation and discussion/w RB re same. | Greenberg, M. | 1.1 |
| 11/27/2001 | Research on Westlaw for Revenue Procedures cited in CCHP's complaint (1.7); Discussion w/M. Levy & M. Greenberg (0.2); wrote memorandum and conduct | Brandes, R. | 7.1 |

| | | | |
|---|---|---|---|
| | additional research on accountable/nonaccountable plans (5.0); Phonecall from A. Krieger (0.2). | | |
| 11/27/2001 | Conversation w/MAL and RB re CCHP; analysis and review of court documents. | Greenberg, M. | 0.7 |
| 11/27/2001 | Memo to M. Levy re CCHP litigation analysis and preparation of a Committee memo discussing same (0.2); o/c ML re same (0.1); o/c R. Brandes re memo discussing legal issues for CCHP matter (0.2). | Krieger, A. | 0.5 |
| 11/27/2001 | Motion to lift stay re CCHP litigation - o/c Greenberg and R. Brandes (.3), t/c A. Krieger (.1), analysis of issues (.4). | Levy, M. | 0.8 |
| 11/28/2001 | Completed memorandum (2.6) ; meeting w/M. Greenberg re: memo (0.6); revisions made to memo (1.2); meeting w/M. Greenberg (0.8). | Brandes, R. | 5.2 |
| 11/28/2001 | CCHP:  discussion/w RB re memo (4); discussion/w MAL re same (.3); review memo and comment re same (.9). | Greenberg, M. | 1.6 |
| 11/28/2001 | Review draft RB memorandum re legal and factual issues in respect of the CCHP litigation and began to prepare a memorandum to the Committee addressing the lift stay motion and the underlying issues (1.5). | Krieger, A. | 1.5 |
| 11/28/2001 | CCHP/motion to lift stay re tax litigation - review and revise Brandes memo (1.0), o/c Greenberg (.2). | Levy, M. | 1.2 |
| 11/29/2001 | Revisions to memorandum from comments by M. Levy & M. Greenberg (1.1); Email from A. Krieger re: memo (0.1); Drafted responses (0.5); meetings w/M. Greenberg & A. Krieger to call Debtors' counsel in Chicago (1.3); Additional research on priority claims of withholding taxes when in bankruptcy (0.6); meeting w/M. Greenberg (0.3). | Brandes, R. | 3.9 |
| 11/29/2001 | (CCHP); review memo re Motion (.6); discussion/w RB and MAL re memo (.8); calls/w AK and conferences/w RB (1.4); analysis re priority issues (.7) | Greenberg, M. | 3.5 |
| 11/29/2001 | Memo to ML, MG, RB re CCHP litigation and legal and factual issues thereon (0.6); memo to and from S. Schwartz re outstanding tax information requests (0.2); continue to prepare memo to the Committee re CCHP action and issues (2.4); t/c C. Kayser (Dept of Justice) re IRS' position regarding Debtors' liability, lift stay motion and extension of time for the Committee to respond and prepare letter to C. Kayser confirming extension (0.6); memo to M. Levy, MG, others re C. Kayser conversation (0.3); o/c RB re issues raised and | Krieger, A. | 5.6 |

intent to call Todd Maynes (0.1); extended o/c MG, RB and then conf/c T.Maynes (K&E) re CCHP questions and documentation request and then follow-up o/c MG, RB re treatment of any allowed claim, other (1.4).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 11/29/2001 | CCHP/Motion to lift stay - review revised memo by R. Brandes (.5), o/c R. Brandes (.2), o/c Greenberg and Brandes (.2), c/c Greenberg, Krieger and Brandes (.3), review Krieger memo (.3). | Levy, M. | 1.5 |
| 11/29/2001 | Review correspondence re tax motion. | Raskin, R. | 0.3 |
| 11/30/2001 | Fax received from Debtors' attorney in Chicago (0.1); Reviewed material and distributed it to M. Levy, M. Greenberg and A. Krieger (1.1). | Brandes, R. | 1.2 |
| 11/30/2001 | Discussion/w AK re information request (.1); review letter (.3); discussion/w RB and review CCHP materials(.4). | Greenberg, M. | 0.8 |
| 11/30/2001 | Continue to prepare memo to the Committee re CCHP litigation (0.8); memos to ML, MG re conf/c with Debtors' counsel to discuss outstanding tax information requests (0.2); memo to S. Schwartz re conf/call to discuss outstanding issues (0.1); t/c S. Schwartz re outstanding tax information request (0.5); o/c MG re substance of conversation with S. Schwartz (0.2); prepare memorandum re S. Schwartz conversation (0.2); o/c M. Levy re S. Schwartz conversation, begin to review CCHP documentation (1.2). | Krieger, A. | 3.4 |
| 11/30/2001 | Request for tax information - t/c A. Krieger (.2). | Levy, M. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Brandes, Ronnie H. | 30.3 | $ 185 | $ 5,605.50 |
| Eichler, Mark | 0.5 | 350 | 175.00 |
| Greenberg, Mayer | 23.9 | 500 | 11,950.00 |
| Krieger, Arlene | 23.4 | 425 | 9,945.00 |
| Levy, Mark | 12.0 | 615 | 7,380.00 |
| Raskin, Robert | 1.0 | 550 | 550.00 |

Total For Professional Services Rendered    $ 35,605.50

Total for this Matter     $ 35,605.50

RE:   **Environmental Issues**
       **699842. 0024**

| <u>Date</u> | <u>Description</u> | <u>Name</u> | <u>Hours</u> |
|---|---|---|---|
| 11/02/2001 | T/C  A. Krieger re: Libby, Mt litigation. | Berg, M. | 0.1 |
| 11/02/2001 | Correspondence form Jan Baer re pleadings relating to EPA Libby Access litigation and office conference M. Berg, M.Levy re same (.5). | Krieger, A. | 0.5 |
| 11/04/2001 | Review USA's complaint seeking access to Libby property, Answer and related pleadings forwarded by Debtors' counsel (3.4). | Krieger, A. | 3.4 |
| 11/05/2001 | Review documents from Libby Enforcement Action. | Berg, M. | 1.2 |
| 11/05/2001 | Complete review of materials relating to Libby Property access suit by EPA (1.7). | Krieger, A. | 1.7 |
| 11/06/2001 | Continue review of Libby Mine documents, O/C  A. Krieger regarding Libby Mine, T/C  J. Baer, Kirkland & Ellis. | Berg, M. | 2.0 |
| 11/06/2001 | Prepare memo to the Committee re proposed EPA consent decree (3.7); memo to M. Berg, M. Greenberg re status of review (.2); extended office conference M. Berg re EPA settlement and then conference call with Jan Baer re additional information requested to evaluate the settlement proposed  (1.5). | Krieger, A. | 5.4 |
| 11/07/2001 | T/C  J. Baer, conference call J. Baer and Jay McCarthy, debtors' counsel, A, Krieger regarding discussion of  proposed settlement with EPA, factual and legal basis, review pleadings, review draft memo to committee regarding motion on settlement, edit memo based on information obtained during phone conference. | Berg, M. | 5.0 |
| 11/07/2001 | Review, revise Committee memo re EPA settlement (1.8); memo to and office conference M. Greenberg re additional tax information and assessment of deductibility of SEP Fund payment (.3); extended conference call with M. Berg, J.Baer and Jay McCarthy (Holm Roberts) re EPA access litigation, remediation litigation and rationale for Consent Decree (2.0); office conference M. Greenberg re K&E tax attorney contract (.1). | Krieger, A. | 4.2 |
| 11/07/2001 | T/c K. Pasquale, review pleadings, memos in Libby Mine/EPA case. | Sasson, M. | 2.0 |

| | | | |
|---|---|---|---|
| 11/08/2001 | T/C A. Krieger, review revised memo to committee. | Berg, M. | 1.0 |
| 11/08/2001 | Review, o/c M. Berg and further revise draft memo to the Committee re Debtors' proposed EPA settlement (1.3); o/c M. Sasson re EPA litigation (0.1); o/c RAR re memo comments (0.1); memo to M. Levy, M. Greenberg re tax benefits discussion for the memo (0.2); t/c J. Baer re document request, request for extension of time to respond to motion, other (0.5). | Krieger, A. | 2.4 |
| 11/08/2001 | Review memo re EPA settlement at Libby mine and discussion with A. Krieger re same (.5). | Raskin, R. | 0.5 |
| 11/08/2001 | Continued review of pleadings (1.0); summarize pleadings/litigation in Libby Mine/EPA case (1.7); t/c A. Krieger, K. Pasquale re: same, review of memo (.5). | Sasson, M. | 3.2 |
| 11/09/2001 | Review additional documentation received from Debtors' counsel regarding EPA access and remediation/cost recovery action (2.0); correspondence to S. Cunningham re above (0.2). | Krieger, A. | 2.2 |
| 11/13/2001 | T/C A. Krieger regarding memo to client, insurance issues, begin review of cost recovery action documents. | Berg, M. | 0.5 |
| 11/13/2001 | Memos to and from J. Baer re additional information requested in respect of the EPA's Libby, Montana costs recovery action and review of related material. | Krieger, A. | 1.8 |
| 11/14/2001 | Review case law re classification of environmental liability claims for clean-up/costs-recovery (1.3). | Krieger, A. | 1.3 |
| 11/15/2001 | Memos to and from J. Baer re insurance coverage for proposed EPA settlement payments. | Krieger, A. | 0.1 |
| 11/16/2001 | T/C A. Krieger regarding Libby matter - analysis of treatment of EPA cost recovery claims. | Berg, M. | 0.4 |
| 11/16/2001 | Review draft correspondance to R. Shinder and telephone call S. Cunningham re Company's third quarter earning report, detail for environmental claims (.5). | Krieger, A. | 0.5 |
| 11/16/2001 | Office conference M. Berg case law review re classification of cost recovery claims against Grace and re acquisition of Libby properties (.5); case law review re environmental claims( 1.8). | Krieger, A. | 2.3 |

| 11/17/2001 | Review case law re treatment of environmental claims (2.3). | Krieger, A. | 2.3 |
| 11/19/2001 | Review correspondence from J. Baer re USA's preliminary pretrial statement in connection with Libby, Montana cost recovery action and memo to M. Berg, S. Cunningham re same (.6). | Krieger, A. | 0.6 |
| 11/26/2001 | Memos to and from J. Baer re insurance coverage for SEP Fund payments and request for acquisition agreement (.2); memo to and from M. Berg re same (.1). | Krieger, A. | 0.3 |
| 11/27/2001 | Memos to and from M. Berg re Grace confirmation of no insurance to cover SEP Fund payment, comment period information (0.2); review EPA/Libby website (0.8). | Krieger, A. | 1.0 |
| 11/28/2001 | Review EPA website re Libby, Montana issues (.8); memo to J. Baer re inquiry regarding comments received to the consent decree (.1); memo to M. Berg re above (.1). | Krieger, A. | 1.0 |
| 11/30/2001 | Review correspondence from the NJ Attorney General regarding environmental remediation (0.1); review environmental information regarding Libby (0.7). | Krieger, A. | 0.8 |

| Summary of Hours | Hours | Rate | Total |
| --- | --- | --- | --- |
| Berg, Madelaine | 10.2 | $ 415 | $ 4,233.00 |
| Krieger, Arlene | 31.8 | 425 | 13,515.00 |
| Raskin, Robert | 0.5 | 550 | 275.00 |
| Sasson, Moshe | 5.2 | 360 | 1,872.00 |

Total For Professional Services Rendered     $ 19,895.00

Total for this Matter     $ 19,895.00

RE:    **Travel**
       699842. 0025

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 11/05/2001 | Travel re court hearings (3.0) | Pasquale, K. | 3.0 |
| 11/05/2001 | Travel time (4.5). | Raskin, R. | 4.5 |
| 11/21/2001 | Travel to and from Delaware for a court hearing. | Kruger, L. | 4.5 |
| 11/21/2001 | Attendant travel (4.2) | Pasquale, K. | 4.2 |
| 11/21/2001 | Travel to/from Delaware for court hearing (4.5). | Raskin, R. | 4.5 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Kruger, Lewis | 4.5 | $ 650 | $ 2,925.00 |
| Pasquale, Kenneth | 7.2 | 475 | 3,420.00 |
| Raskin, Robert | 9.0 | 550 | 4,950.00 |

Total For Professional Services Rendered        $ 11,295.00

**Total for this Matter**        $ 11,295.00

Total For Professional Services Rendered        142,016.00

**Total Bill**        **$ 142,016.00**

**EXHIBIT C**

## W R GRACE & COMPANY
## SUMMARY OF FEES
## THROUGH NOVEMBER 30, 2001

| Summary of Hours | Hours | Rate | Amount |
|---|---|---|---|
| PARTNERS | | | |
| Greenberg, Mayer | 23.9 | 500 | 11,950.00 |
| Kruger, Lewis | 10.7 | 650 | 6,955.00 |
| Levy, Mark | 12.0 | 615 | 7,380.00 |
| Pasquale, Kenneth | 53.6 | 475 | 25,460.00 |
| Raskin, Robert | 26.4 | 550 | 14,520.00 |
| | | | |
| ASSOCIATES | | | |
| Berg, Madelaine | 10.2 | 415 | 4,233.00 |
| Brandes, Ronnie H. | 30.3 | 185 | 5,605.50 |
| Eichler, Mark | 0.5 | 350 | 175.00 |
| Krieger, Arlene | 129.5 | 425 | 55,037.50 |
| Sasson, Moshe | 16.0 | 360 | 5,760.00 |
| | | | |
| PARAPROFESSIONALS | | | |
| Defreitas, Vaughn | 32.3 | 100 | 3,230.00 |
| Mohamed, David | 0.3 | 100 | 30.00 |
| Serrette, Rosemarie | 11.2 | 150 | 1,680.00 |
| | | | |
| Total | 356.9 | | $ 142,016.00 |

EXHIBIT D

# STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

## DISBURSEMENT REGISTER

RE:    699842 W R Grace & Co

| Date | Description | Amount |
|------|-------------|--------|
| **Outside Messenger Service** | | |
| 11/07/2001 | FedEx Log 10/03/01 L.KRUGER TO S.HOLLINGHEAD | 9.40 |
| 11/07/2001 | 10/30/2001 Federal Express T#829433679070 ROSE SERRETTE to: MICHAEL LASTOWSKI ES | 9.40 |
| 11/07/2001 | 10/31/2001 Federal Express T#829433679059 SERRETTTE to: MICHAEL LASTOWSKI WILMIN | 12.37 |
| 11/14/2001 | Federal Express T#824852619390 SERETTE to: BO CHIPMAN WASHINGTON,DC | 13.45 |
| | **Outside Messenger Service Total** | **44.62** |
| **Meals** | | |
| 11/21/2001 | VENDOR: Fisher & Levy; INVOICE#: 33895; DATE: 10/31/01 M Levy 10/1/01 | 19.24 |
| 11/21/2001 | VENDOR: Fisher & Levy; INVOICE#: 33895; DATE: 10/31/01 L Kruger 10/2/01 | 51.48 |
| | **Meals Total** | **70.72** |
| **Local Transportation** | | |
| 11/07/2001 | VENDOR: Lewis Kruger; INVOICE#: 10/15/01; DATE: 11/7/01 - 09/01   CREDITOR MTG.  - CABFARE | 9.00 |
| 11/07/2001 | NYC Two Ways Inc. SERRETTE 10/18/01 21:55 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 11/09/2001 | NYC Two Ways Inc. BRANDES 10/29/01 21:16 M from 180 MAIDEN LA to W 57 ST M | 20.69 |
| 11/12/2001 | VENDOR: Petty Cash; INVOICE#: 11/09/01; DATE: 11/12/01 - 10/07   NY PETTY CASH  M.GREENBERG | 23.00 |
| 11/13/2001 | NYC Two Ways Inc. BERG 11/07/01 19:41 M from 180 MAIDEN LA to E 42 ST M | 20.69 |

| 11/29/2001 | VENDOR: Ken Pasquale; INVOICE#: 11/20/01; DATE: 11/29/01 - 11/19   CABFARE TO MTG. | 12.00 |
|---|---|---|
| | **Local Transportation Total** | **123.69** |

**Long Distance Telephone**

| 11/01/2001 | EXTN.5492, TEL.201-384-1279, S.T.08:27, DUR.03:42 | 1.30 |
|---|---|---|
| 11/01/2001 | EXTN.5492, TEL.703-993-8070, S.T.10:41, DUR.20:36 | 6.80 |
| 11/01/2001 | EXTN.5492, TEL.201-384-1279, S.T.12:42, DUR.02:48 | 0.97 |
| 11/01/2001 | EXTN.5492, TEL.302-657-4924, S.T.15:36, DUR.02:42 | 0.97 |
| 11/02/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:39, DUR.03:30 | 1.30 |
| 11/02/2001 | EXTN.5544, TEL.302-652-4100, S.T.14:20, DUR.01:54 | 0.65 |
| 11/02/2001 | EXTN.5562, TEL.312-861-2124, S.T.12:00, DUR.01:48 | 0.65 |
| 11/02/2001 | EXTN.5562, TEL.312-861-2124, S.T.12:05, DUR.01:36 | 0.65 |
| 11/02/2001 | EXTN.5562, TEL.202-371-9770, S.T.17:29, DUR.06:00 | 1.94 |
| 11/05/2001 | EXTN.5492, TEL.703-993-8070, S.T.11:07, DUR.05:12 | 1.94 |
| 11/05/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:25, DUR.01:18 | 0.65 |
| 11/06/2001 | EXTN.5422, TEL.973-424-2031, S.T.09:53, DUR.01:06 | 0.65 |
| 11/06/2001 | EXTN.5422, TEL.302-651-7700, S.T.09:57, DUR.00:54 | 0.32 |
| 11/06/2001 | EXTN.5492, TEL.868-625-1091, S.T.13:19, DUR.11:24 | 33.23 |
| 11/06/2001 | EXTN.5492, TEL.201-384-1279, S.T.13:21, DUR.10:30 | 3.56 |
| 11/06/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:09, DUR.02:30 | 0.97 |
| 11/06/2001 | EXTN.5823, TEL.312-861-2162, S.T.17:23, DUR.25:24 | 8.42 |
| 11/07/2001 | VENDOR: Lewis Kruger; INVOICE#: 10/17/01A; DATE: 11/7/01 - 06/08 - 08/19   PHONE CHARGES | 1.80 |
| 11/07/2001 | EXTN.3544, TEL.312-861-2162, S.T.16:04, DUR.00:48 | 0.32 |
| 11/07/2001 | EXTN.5492, TEL.201-384-1279, S.T.11:13, DUR.00:54 | 0.32 |
| 11/07/2001 | EXTN.5823, TEL.312-861-2162, S.T.09:55, DUR.01:18 | 0.65 |
| 11/08/2001 | EXTN.5002, TEL.214-741-0792, S.T.11:08, DUR.00:48 | 0.32 |
| 11/08/2001 | EXTN.5002, TEL.612-667-1916, S.T.11:10, DUR.01:24 | 0.65 |
| 11/08/2001 | EXTN.5544, TEL.312-861-2162, S.T.16:48, DUR.02:42 | 0.97 |
| 11/08/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:57, DUR.12:48 | 4.21 |

| | | |
|---|---|---|
| 11/09/2001 | EXTN.4062, TEL.630-513-1416, S.T.14:01, DUR.08:12 | 2.92 |
| 11/09/2001 | EXTN.5422, TEL.312-828-7225, S.T.11:44, DUR.01:48 | 0.65 |
| 11/09/2001 | EXTN.6062, TEL.312-861-2485, S.T.12:07, DUR.01:42 | 0.65 |
| 11/12/2001 | EXTN.5422, TEL.312-904-6166, S.T.11:12, DUR.05:30 | 1.94 |
| 11/12/2001 | EXTN.5422, TEL.561-433-1441, S.T.18:45, DUR.05:06 | 1.94 |
| 11/13/2001 | EXTN.5422, TEL.302-657-4942, S.T.12:03, DUR.00:54 | 0.32 |
| 11/13/2001 | EXTN.5422, TEL.302-657-4942, S.T.12:10, DUR.01:12 | 0.65 |
| 11/13/2001 | EXTN.5562, TEL.312-861-2000, S.T.13:11, DUR.01:42 | 0.65 |
| 11/13/2001 | EXTN.5744, TEL.202-225-1772, S.T.16:00, DUR.01:18 | 0.65 |
| 11/15/2001 | EXTN.5422, TEL.314-259-2000, S.T.15:16, DUR.01:00 | 0.32 |
| 11/15/2001 | EXTN.5492, TEL.202-454-6617, S.T.13:12, DUR.01:24 | 0.65 |
| 11/15/2001 | EXTN.5562, TEL.312-861-2000, S.T.13:09, DUR.01:30 | 0.65 |
| 11/16/2001 | EXTN.5422, TEL.302-657-4942, S.T.10:15, DUR.01:30 | 0.65 |
| 11/16/2001 | EXTN.5422, TEL.302-657-4942, S.T.12:51, DUR.00:54 | 0.32 |
| 11/16/2001 | EXTN.5422, TEL.312-904-7301, S.T.16:04, DUR.07:00 | 2.27 |
| 11/19/2001 | EXTN.5544, TEL.201-556-4040, S.T.17:18, DUR.11:18 | 3.89 |
| 11/19/2001 | EXTN.6015, TEL.312-861-2162, S.T.14:55, DUR.00:54 | 0.32 |
| 11/19/2001 | EXTN.6015, TEL.312-861-2162, S.T.17:59, DUR.02:00 | 0.65 |
| 11/19/2001 | EXTN.6015, TEL.305-374-7580, S.T.18:01, DUR.04:36 | 1.62 |
| 11/20/2001 | EXTN.5422, TEL.312-861-2124, S.T.15:33, DUR.03:12 | 1.30 |
| 11/27/2001 | EXTN.5422, TEL.973-424-2031, S.T.11:29, DUR.00:54 | 0.32 |
| 11/27/2001 | EXTN.5422, TEL.732-390-9000, S.T.12:13, DUR.01:18 | 0.65 |
| 11/27/2001 | EXTN.5422, TEL.617-880-3556, S.T.12:41, DUR.00:18 | 0.32 |
| 11/27/2001 | EXTN.5544, TEL.201-556-4040, S.T.15:25, DUR.01:12 | 0.65 |
| 11/28/2001 | VENDOR: Deraventures, Inc.; INVOICE#: 11061-02201-01; DATE: 11/5/01 - Telecommunications service | 463.50 |
| 11/28/2001 | EXTN.5544, TEL.201-556-4040, S.T.10:34, DUR.01:48 | 0.65 |
| 11/29/2001 | EXTN.5544, TEL.202-307-6555, S.T.13:12, DUR.08:24 | 2.92 |

| | |
|---|---:|
| 11/29/2001    EXTN.6286, TEL.312-861-2485, S.T.15:58, DUR.05:30 | 1.94 |
| 11/30/2001    EXTN.5544, TEL.312-861-3103, S.T.13:22, DUR.23:54 | 7.78 |
| **Long Distance Telephone Total** | **575.95** |

**Duplicating Costs-in House**

| | |
|---|---:|
| 11/01/2001 | 7.90 |
| 11/01/2001 | 1.40 |
| 11/01/2001 | 3.60 |
| 11/01/2001 | 17.00 |
| 11/02/2001 | 98.70 |
| 11/02/2001 | 0.50 |
| 11/02/2001 | 14.70 |
| 11/02/2001 | 9.00 |
| 11/02/2001 | 1.00 |
| 11/02/2001 | 53.30 |
| 11/02/2001 | 160.80 |
| 11/05/2001 | 32.80 |
| 11/05/2001 | 0.40 |
| 11/06/2001 | 38.00 |
| 11/08/2001 | 3.00 |
| 11/08/2001 | 1.50 |
| 11/09/2001 | 3.80 |
| 11/09/2001 | 36.10 |
| 11/09/2001 | 7.10 |
| 11/09/2001 | 19.10 |
| 11/09/2001 | 10.90 |
| 11/09/2001 | 6.40 |
| 11/09/2001 | 0.60 |
| 11/09/2001 | 0.20 |
| 11/09/2001 | 5.20 |

| | |
|---|---|
| 11/09/2001 | 0.60 |
| 11/15/2001 | 7.80 |
| 11/15/2001 | 0.40 |
| 11/15/2001 | 1.00 |
| 11/15/2001 | 10.20 |
| 11/15/2001 | 2.00 |
| 11/16/2001 | 8.30 |
| 11/16/2001 | 10.00 |
| 11/16/2001 | 3.00 |
| 11/16/2001 | 5.30 |
| 11/16/2001 | 0.70 |
| 11/16/2001 | 6.40 |
| 11/19/2001 | 7.60 |
| 11/19/2001 | 0.20 |
| 11/19/2001 | 0.80 |
| 11/19/2001 | 5.50 |
| 11/19/2001 | 1.50 |
| 11/20/2001 | 3.00 |
| 11/20/2001 | 0.40 |
| 11/20/2001 | 17.40 |
| 11/20/2001 | 4.60 |
| 11/21/2001 | 0.40 |
| 11/21/2001 | 0.60 |
| 11/21/2001 | 5.70 |
| 11/21/2001 | 3.40 |
| 11/26/2001 | 0.10 |
| 11/26/2001 | 0.60 |
| 11/26/2001 | 5.40 |

| | | |
|---|---|---|
| 11/26/2001 | | 0.10 |
| 11/27/2001 | | 2.70 |
| 11/27/2001 | | 7.00 |
| 11/28/2001 | | 1.40 |
| 11/28/2001 | | 0.70 |
| 11/28/2001 | | 0.50 |
| 11/29/2001 | | 0.50 |
| 11/29/2001 | | 0.20 |
| 11/29/2001 | | 0.40 |
| 11/29/2001 | | 0.40 |
| | **Duplicating Costs-in House Total** | **659.80** |

**Postage**

| | | |
|---|---|---|
| 11/07/2001 | Postage Charged by  on 11/01/2001 | 0.34 |
| 11/13/2001 | Postage Charged by  on 11/09/2001 | 5.20 |
| 11/13/2001 | Postage Charged by  on 11/09/2001 | 8.50 |
| | **Postage Total** | **14.04** |

**Process Service & Calendar Watch**

| | | |
|---|---|---|
| 11/08/2001 | VENDOR: Pacer Service Center; INVOICE#: 101001A; DATE: 10/10/01 - 7/1-9/30/01 | 11.76 |
| 11/19/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 3885; DATE: 10/31/01 - U.S. bankruptcy court | 31.00 |
| 11/19/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 3885; DATE: 10/31/01 - U.S. bankruptcy court | 2.50 |
| 11/19/2001 | VENDOR: Parcels/ Virtual Docket; INVOICE#: 3885; DATE: 10/31/01 - U.S. bankruptcy court | 31.00 |
| | **Process Service & Calendar Watch Total** | **76.26** |

**O/S Information Services**

| | | |
|---|---|---|
| 11/19/2001 | VENDOR: Disclosure Incorporated; INVOICE#: 93049389; DATE: 10/31/01 - 10/17/01 | 245.75 |
| 11/19/2001 | VENDOR: Disclosure Incorporated; INVOICE#: 93049389; DATE: 10/31/01 - 10/22/01 | 283.64 |
| 11/19/2001 | VENDOR: Disclosure Incorporated; INVOICE#: 93049389; DATE: 10/31/01 - 10/17/01 | 58.46 |

| | | |
|---|---|---:|
| 11/20/2001 | VENDOR: Global Securities Information, Inc; INVOICE#: IN000099716; DATE: 10/31/01 | 16.24 |
| 11/20/2001 | VENDOR: Global Securities Information, Inc; INVOICE#: IN000099716; DATE: 10/31/01 Call on 10/1/01 | 41.95 |
| | **O/S Information Services Total** | **646.04** |

**Lexis/Nexis**

| | | |
|---|---|---:|
| 11/16/2001 | | 102.50 |
| | **Lexis/Nexis Total** | **102.50** |

**Facsimile Charges**

| | | |
|---|---|---:|
| 11/06/2001 | FAX # 201-843-8044 | 3.00 |
| 11/06/2001 | FAX # 540-755-4334 | 2.00 |
| 11/28/2001 | FAX # 570-1803 | 8.00 |
| 11/29/2001 | FAX # 202-514-6866 | 2.00 |
| 11/29/2001 | FAX # 202-514-6866 | 2.00 |
| 11/29/2001 | FAX # 202-514-6866 | 2.00 |
| 11/29/2001 | FAX # 202-514-6866 | 2.00 |
| 11/29/2001 | FAX # 202-514-6866 | 2.00 |
| 11/29/2001 | FAX # 202-514-6866 | 2.00 |
| | **Facsimile Charges Total** | **25.00** |

**Travel Expenses - Transportation**

| | | |
|---|---|---:|
| 11/29/2001 | VENDOR: Ken Pasquale; INVOICE#: 11/20/01; DATE: 11/29/01 - 11/05  COURT HEARING IN WILMINGTON, DEL.  AMTRAK & PARKING | 163.00 |
| 11/29/2001 | VENDOR: Ken Pasquale; INVOICE#: 11/20/01; DATE: 11/29/01 - 11/16  DEPOSITION OF KINSELLA & HILSEE IN PHILADELPHIA, PA - MILEAGE & PARKING | 89.97 |
| | **Travel Expenses - Transportation Total** | **252.97** |

**Westlaw**

| | | |
|---|---|---:|
| 11/09/2001 | ; Duration 0:03:30 | 17.28 |
| 11/16/2001 | ; Duration 0:00:00; By KRIEGER ARLENE G | 91.70 |
| 11/20/2001 | ; Duration 0:09:04; By KRIEGER ARLENE G | 81.43 |
| 11/26/2001 | ; Duration 0:00:00; By KRIEGER ARLENE G | 55.02 |
| 11/26/2001 | ; Duration 0:00:00 | 87.08 |

| 11/27/2001 | ; Duration 0:09:36 | 61.14 |
| 11/28/2001 | ; Duration 0:39:51; By SASSON MOSHE | 346.00 |
| 11/30/2001 | ; Duration 0:00:12 | 1.00 |

**Westlaw Total** 740.65

**Word Processing - Logit**

| 11/02/2001 | | 60.00 |
| 11/13/2001 | | 18.00 |
| 11/20/2001 | | 6.00 |

**Word Processing - Logit Total** 84.00

**Expert Fees and Costs** 5,431.10

## Bill Disbursement Summary

| Outside Messenger Service | $ 44.62 |
| Meals | 70.72 |
| Local Transportation | 123.69 |
| Long Distance Telephone | 575.95 |
| Duplicating Costs-in House | 659.80 |
| Postage | 14.04 |
| Process Service & Calendar Watch | 76.26 |
| O/S Information Services | 646.04 |
| Lexis/Nexis | 102.50 |
| Facsimile Charges | 25.00 |
| Travel Expenses – Transportation | 252.97 |
| Westlaw | 740.65 |
| Word Processing – Logit | 84.00 |
| Expert Fees and Costs | 5,431.10 |

**Total Disbursements** $8,847.34

**Exhibit C**
**[Ninth Monthly Fee Application]**

**December 1, 2001 – December 31, 2001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                    Chapter 11

**W.R. Grace & Co., et al.**              Case No. 01-01139 (JJF)

           Debtors.          Jointly Administered

### NINTH APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM DECEMBER 1, 2001 THROUGH DECEMBER 31, 2001

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **December 1, 2001 – December 31, 2001** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$92,064.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$9,471.47 (of which $4,487.33 relates to the Committee's Asbestos issues expert)** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 25.70 hours and the corresponding compensation requested is approximately $5,875.00.[1]

This is the ninth application filed

---

[1] This is Stroock's Ninth Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

## Attachment A

**Monthly Interim Fee Applications**

| | | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6.801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 | 10/1/01 – 10/31/01 | $101,069.00 | $5,562.09 | $80,855.20 | $4,449.67 |
| January 8, 2002 | 11/1/01 – 11/30/01 | $91,678.50 | $9,471.50 | | |

**Quarterly Fee Applications**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318.00 | As of the date of this Application the hearing to approve compensation has not been determined | |

**Local Form 102 (Fee Application/Attachment A, pg. 1)**

| Nov. 1, 2001 | 7/01/01 – 09/30/01 | $204,923.50 | $15,105.57 | As of the date of this Application the hearing to approve compensation has not been determined |
|---|---|---|---|---|

| W R GRACE & CO. | | | |
|---|---|---|---|
| ATTACHMENT B | | | |
| DECEMBER 1, 2001 - DECEMBER 31, 2001 | | | |
| | | | No. of Years |
| | Hours | Rate | Amount | In Position |
| **Partners** | | | | |
| Greenberg, Mayer | 24.4 | 500 | 12,200.00 | 2 |
| Kruger, Lewis | 4.8 | 650 | 3,120.00 | 36 |
| Levy, Mark | 13.1 | 615 | 8,056.50 | 27 |
| Pasquale, Kenneth | 12.3 | 475 | 5,842.50 | 2 |
| Raskin, Robert | 2.4 | 550 | 1,320.00 | 8 |
| | | | | |
| **Associates** | | | | |
| Brandes, Ronnie H | 16.6 | 185 | 3,071.00 | 1 |
| Krieger, Arlene | 95.7 | 425 | 40,672.50 | 18 |
| Sasson, Moshe | 37.1 | 360 | 13,356.00 | 7 |
| | | | | |
| **Paraprofessionals** | | | | |
| Cotto, Lisa | 7.1 | 150 | 1,065.00 | 1 |
| Defreitas, Vaughn | 20.9 | 100 | 2,090.00 | 10 |
| Serrette, Rosemarie | 9.7 | 150 | 1,455.00 | 13 |
| | | | | |
| **Library Staff** | | | | |
| Kaufman, Eric | 1.3 | 120 | 156.00 | 1 |
| | | | | |
| Subtotal | 245.4 | | 92,404.50 | |
| | | | | |
| Less 50% Travel | (0.8) | | (340.00) | |
| | | | | |
| Total | 244.6 | $ | 92,064.50 | |

Blended Rate          $376.39

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W. R. GRACE & CO., et al.[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**NINTH FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., ET AL., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM DECEMBER 1, 2001 THROUGH DECEMBER 31, 2001**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in

1. ――――――――――――――

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

accordance with the Administrative Fee Order (defined below) for a ninth interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## I.    INTRODUCTION

1.    By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from December 1, 2001 through December 31, 2001 (the "Ninth Monthly Period") in the aggregate amount of $92,064.50, representing 207.7 hours of professional services and 37.7 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Ninth Monthly Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $4,984.14 as well as the fees and expenses of the asbestos issues expert employed by the Committee pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts in the aggregate amount of $4,487.33.

2.    Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## II.    BACKGROUND

3.    On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.

4.    The Debtors operate a world-wide specialty chemicals and materials business and employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

2

year 2000, Grace reported a net loss of $89.7 million[2] from $1.59 billion in net revenues. The Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor subsidiaries and affiliates.

5.    On April 12, 2001, the United States Trustee formed the Committee. During the first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter 11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP ("DM&H") as its local Delaware counsel.

6.    The United States Trustee also appointed two separate official committees to represent the interests of claimants asserting asbestos-related personal injury claims and asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors.

7.    By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.    This is the ninth monthly application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

1.    ⸻⸻⸻⸻⸻⸻⸻⸻⸻

[2]    The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

3

of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 (the "Administrative Fee Order").

9.      In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment from the Debtors in the aggregate amount of $578,588.66 representing 80% of the fees and 100% of the expenses sought in each of the first seven monthly applications covering the period from April 12, 2001 through October 31, 2001. Other than those payments, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10.     As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

### III.    SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering

4

such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001.  A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Ninth Monthly Period is annexed hereto as Exhibit "B".  In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Ninth Monthly Period, their normal hourly rates, and the value of their services.

13.    Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection.  A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D".  Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.    Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.    The following summary of the services rendered during the Ninth Monthly Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B".  Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

5

### (i)    Case Administration/General – Category 0002

16.    As reported in the prior monthly fee application, towards the end of that
compensation period, Stroock was informed that these Chapter 11 Cases were being reassigned
to District Court Judge Alfred Wolin. A number of orders were issued during the Ninth Monthly
Period relating to the reassignment of these cases to Judge Wolin, and the reference of these
cases to Judge Judith Fitzgerald, requests for information regarding the status of pending matters,
the scheduling of a status conference on December 20, 2001 before Judge Wolin and a January
2002 hearing before Judge Fitzgerald, and the Court's directive to prepare an amended
administrative fee order.

17.    During this Ninth Monthly Period, Stroock prepared memoranda to the
Committee informing it of the reassignment and reference of these cases and other relevant
information. In addition, Stroock continued to closely monitor the items on the Court's docket
for these cases to ensure that the Committee was fully informed about all pending motions and
adversary proceedings and that Stroock would be ready to timely respond on behalf of the
Committee, as might be applicable, continued to engage Debtors' counsel on an on-going basis
with respect to pending matters and information requests, prepared revised critical date
calendars, reviewed the agenda letters and status reports prepared for Judge Wolin and Judge
Fitzgerald during this period and responded to creditor inquiries. Stroock has expended 42.5
hours on this category for a fee of $12,142.50.

### (ii)    Fee Application/Monthly Billing Reports -- Category 0003

18.    During the Ninth Monthly Period, Stroock prepared its Eighth Fee Application
including a narrative section summarizing the services rendered during that period by Stroock

6

and compiled and attached expense schedules all of which were filed with the Court. Stroock has expended 25.7 hours on this category for a fee of $5,875.00.

### (iii) Asbestos Litigation – Category 0005

19.     The Debtors state that their Chapter 11 filings were precipitated by a substantial and unexpected increase in the number of asbestos cases filed against the Debtors, as well as the recent commencement of cases asserting new theories of asbestos-related liability against them. Given the fundamental importance of the asbestos claims-related matters to these cases, Stroock attorneys continued, during the Ninth Monthly Period, to thoroughly review the various pleadings filed in these Chapter 11 cases, including those which may impact on the conduct of related asbestos actions against non-debtor third parties, and those which may impact upon the process for, and determination of, the amount and validity of asbestos-related claims against the Debtors' estates.

20.     As reported in prior monthly fee applications, Stroock reviewed the extensive motion, memorandum of law and related exhibits previously filed by the Debtors seeking entry of (i) a case management order providing for the establishment of a proposed schedule and process to determine the validity of asbestos claims against the Debtors' estates, and (ii) an order providing for the establishment of a bar date and approving special proof of claim and notice procedures to be utilized in these cases, and Stroock prepared and filed a response on behalf of the Committee to the Debtors' case management/bar date pleadings, reviewed the responses filed by each of the Asbestos Claim Committees and the equity committee and continued to engage the Debtors in discussions over modifying the original form of the bar date documentation to address the Committee's concerns.

7

21.     During the Ninth Monthly Period, Stroock reviewed the complaints filed by the Medical Monitoring plaintiffs and the Lewis plaintiffs and Stroock completed its review of the motion to dismiss the Chapter 11 Cases filed by the Zonolite Attic Insulation Claimants, underlying documentation and case law relevant to the motion, and prepared and then submitted to the Court the Committee's response in opposition to the motion.  Stroock has expended 57.1 hours on this category for a fee of $22,017.00.

### (iv)     Creditors Committee Meetings/Conferences - Category 0007

22.     During the Eighth Monthly Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone conversations.  In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock thoroughly reviewed and summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's questions and concerns, and negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders.

23.     Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the Debtors' management of these estates.  Stroock has expended 29.7 hours on this category for a fee of $12,792.50.

8

    **(v)**    **Court Hearings – Category 0008**

24.    Judge Wolin scheduled a status conference for these Chapter 11 Cases for December 20, 2001. Stroock reviewed relevant pleadings in preparation for the status conference, which was held in Newark, New Jersey. Stroock expended 15.2 hours on this category for a fee of $7,657.50.

    **(vi)**    **Analysis of Pre-Petition Transactions – Category 0013**

25.    During the Ninth Monthly Period, Stroock reviewed the Debtors' financial results for the third quarter of 2001, and discussed the same with FTI P&M, the financial adviser for the Committee. Stroock has expended 3.1 hours on this category for a fee of $1,317.50.

    **(vii)**    **Tax Issues – Category 0018**

26.    As reported in prior applications, representatives of Stroock and FTI P&M met and prepared a comprehensive tax information request, which was thereafter forwarded to the Debtors. Stroock had received certain of the tax-information requested, and with respect to such items Stroock reviewed the information, and engaged the Debtors and FTI P&M further with respect to the requested information. During the Ninth Monthly Period, Stroock reviewed additional tax-information received from the Debtors, and with representatives for FTI P&M engaged the Debtors in a lengthy conference call to obtain clarification with respect to certain of the materials received, and to obtain additional tax-related information.

27.    In addition, as previously reported, a motion was filed by the United States of America seeking to have the automatic stay lifted so that it could proceed to prosecute a $21.8 million counterclaim filed on behalf the Internal Revenue Service against CCHP, Inc., one of the Debtors, currently pending in the US Court of Claims. In order to be able to apprise the Committee with respect to the legal and factual issues in respect of the CCHP litigation, as well

9

as advise the Committee with respect to the lift stay motion, Stroock discussed the motion and the underlying tax litigation with the Debtors and counsel for the Department of Justice, obtained and then reviewed pleadings and other documentation related to the Debtors and the USA's position in respect of the litigation, reviewed legal issues raised thereby and began to prepare a comprehensive memorandum for the Committee discussing the factual and legal issues underlying the CCHP litigation and the lift stay motion. During the Ninth Monthly Period, Stroock continued to review the legal issues raised by the CCHP litigation, engaged Debtors' counsel in conversation regarding the same, requested and reviewed additional documentation relevant to the Debtors' and IRS' positions in the litigation and completed the preparation of a comprehensive memorandum on the CCHP litigation to the Committee. Stroock has expended 69.1 hours on this category for a fee of $29,752.50.

### (viii)    Environmental Issues – Category 0024

28.    As reported in prior monthly applications, Stroock reviewed the Debtors' motion seeking authorization to settle the Libby Access Action, prepared a comprehensive memorandum for the Committee discussing the motion and the terms of the Consent Decree, and engaged Debtors' counsel to obtain additional information to evaluate the settlement and assess the relevant legal issues. During the Ninth Monthly Period, Stroock continued to discuss with Debtors' counsel the status of the pending settlement. Stroock has expended 0.4 hours on this category for a fee of $170.00.

### (ix)    Travel – Category 0025

29.    As already reported, the Court scheduled a status conference in Newark, New Jersey, during the Ninth Monthly Period. Stroock traveled to Newark, New Jersey for those hearings. Stroock has expended 1.6 hours on this category for a fee of $680.00. Pursuant to the

10

Administrative Fee Order, the Applicant is requesting compensation in the amount of $340.00

representing fifty percent (50%) of the total amount billed.

## IV.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

30.    The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547

F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock

respectfully submits that a consideration of these factors should result in this Court's allowance

of the full compensation sought.

(A)    The Time and Labor Required.  The professional services rendered by
Stroock on behalf of the Committee have required the expenditure of substantial
time and effort, as well as a high degree of professional competence and
expertise, in order to deal with the complex issues encountered by the Committee
with skill and dispatch. Occasionally, Stroock has been required to perform these
services under significant time constraints requiring work late into the evening
and on weekends. The services rendered by Stroock were performed efficiently,
effectively and economically.

(B)    The Novelty and Difficulty of Questions.  Novel and complex issues have
already arisen in the course of these Chapter 11 cases, and it can be anticipated
that other such issues will be encountered. In this case, as in many others in
which the firm is involved, Stroock's effective advocacy and creative approach
have helped clarify and resolve such issues and will continue to prove beneficial.

(C)    The Skill Requisite to Perform the Legal Services Properly.  Stroock
believes that its recognized expertise in the area of corporate reorganization, its
ability to draw from highly experienced professionals in other areas of Stroock's

11

practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

(D)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

(E)    The Customary Fee. The fee sought herein is based upon Stroock's normal hourly rates for services of this kind. Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(F)    Whether the Fee is Fixed or Contingent. Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

(G)    Time Limitations Imposed by Client or Other Circumstances. As already indicated, Stroock has been required to attend to the various issues arising in these cases. Occasionally, Stroock has had to perform those services under significant

12

time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

(H)     The Amount Involved and Results Obtained.  Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

(I)     The Experience, Reputation and Ability of the Attorneys.  Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc., JWP, Inc., Planet Hollywood International and Anchor Glass Container Corporation.  Stroock's experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation and ERISA areas to perform the wide ranging scope of the legal work necessitated by these cases, and is now utilizing the expertise of its partners and associates in the tax and environmental law areas.

13

(J)     The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

(K)     Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## V.     ALLOWANCE OF COMPENSATION

31.     The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

32.     With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

14

33.    The total time spent by Stroock attorneys and paraprofessionals during the Ninth Monthly Period was 244.4 hours.  Such services have a fair market value of $92,018.50.[3]  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

34.    As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time.  Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Ninth Monthly Period, their normal hourly rates, and the value of their services.

35.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $4,984.14 for which Stroock respectfully requests reimbursement in full.

36.    The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

37.    Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it.  Stroock has endeavored to minimize these expenses to the fullest extent possible.

---

[3] Pursuant to Delaware Local Rules 2016, Stroock has reduced its total compensation amount by $340.00 representing 50% of the total amount of Travel time billed at its normal hourly rate.

15

38.   Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

39.   Further, in accordance with the Court's June 22, 2001 Order Authorizing the Retention of Experts, this application seeks payment for the fees and expenses of the asbestos issues expert engaged by the Committee, for the month of December 2001 in the aggregate amount of $4,487.33. No agreement or understanding exists between Stroock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

40.   Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

41.   No prior application has been made in this or in any other Court for the relief requested herein for the Ninth Monthly Period.

**WHEREFORE,** Stroock respectfully requests, pursuant to the Administrative Fee Order and the Court's June 22, 2001 Order Authorizing the Retention of Experts:

(a)   the allowance of compensation for professional services rendered to the Committee during the period from December 1, 2001 through and including December 31, 2001 in the amount of $92,064.50;

(b)   the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from December 1, 2001 through and including December 31, 2001 in the amount of $4,984.14;

16

(c)  the payment of the fees and expenses of the asbestos issues expert employed by the Committee in the aggregate amount of $4,487.33;

(d)  authorizing and directing the Debtors to pay as interim compensation to Stroock 80% of the amount of the professional services rendered by Stroock and 100% of the expenses sought by Stroock in this Application subject to final payment of the full amount; and

(e)  granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       January 30, 2002

STROOCK & STROOCK & LAVAN LLP

_Lewis Kruger_

Lewis Kruger (LK4512)
A Member of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

17

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                              )
                                    )      **Chapter 11**
**W.R. GRACE & CO., et al.**        )      **Case No. 01-01139 (JKF)**
                                    )
         Debtors.                   )      **Jointly Administered**

<u>**AFFIDAVIT**</u>

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

LEWIS KRUGER, being duly sworn, deposes and says:

     1.     I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),

which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York

10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of

the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and

sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession

before this Court.

     2.     This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of

Stroock's ninth monthly application for an interim allowance of compensation and for the

reimbursement of expenses for services rendered during the period from December 1, 2001

through and including December 31, 2001 in the aggregate amount of $92,064.50, and pursuant

to the Court's June 22, 2001 Order Authorizing the Retention of Experts in the aggregate amount

of $4,487.33 for the fees and costs of the asbestos issues expert employed by the Committee during the period from December 1, 2001 through December 31, 2001.

3.     All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from December 1, 2001 through and including December 31, 2001 and not on behalf of any other person.

4.     In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.     In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
LEWIS KRUGER

Sworn to before me this
30 day of January, 2002

_____
Notary Public

ETHEL EARLEY
Notary Public, State Of New York
No. 03-4650662
Qualified In Bronx County
Commission Expires March 30, 2003

-2-