**ORIGINAL**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE _____ X

In re:                                                          In Proceeding for a
                                                                Reorganization Under
W.R. GRACE & CO. _____ X                       Chapter 11
            Debtor
                                                                Case No. 01-01140

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO
### F.R.B.P. RULE 3001(E) (2)

Transferor:   Reichhold Chemicals
              2400 Ellis Road
              Durham, NC 27703
              Attn: Jeff Inman

*Your claim in the amount of $56,347.52 against the Debtors has been transferred to:*

Transferee:   Contrarian Capital Trade Claims, L.P.
              411 West Putnam Avenue, S-225
              Greenwich, CT 06830
              Attn: Alisa Minsch

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
  United States Bankruptcy Court
  District of Delaware
  824 Market Street, 5th Floor
  Wilmington, DE 19801

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE:**
  Refer to INTERNAL CONTROL No. _____ in your objection.
  If you file an objection, a hearing will be scheduled.

IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

---

FOR CLERK'S OFFICE USE ONLY:

This notice was mailed to the first party, by first class mail, postage prepaid on _____, 2001.
INTERNAL CONTROL NO. _____
Copy:  (check) Claims Agent_____  Transferee_____  Debtor's Attorney _____

                                                   _____
                                                   Deputy Clerk

TRANSFER OF CLAIM

SELLER: Reichhold Chemicals
ADDRESS: 2400 Ellis Road, Durham, NC 27703

BUYER: Contrarian Capital Trade Claims, LP
ADDRESS 411 West Putnam Avenue, Suite 225, Greenwich, CT 06830

DATE OF THIS AGREEMENT: January ___, 2002

DEBTOR: W.R. Grace & Co. – Connecticut
PETITION DATE: April 2, 2001
BANKRUPTCY COURT: District of Delaware
CHAPTER 11 CASE NO: 01-01140

SCHEDULED PRINCIPAL AMOUNT OF CLAIM: $56,347.52

PROOF OF CLAIM AMOUNT: No proof of claim has been filed.

1.  SELLER for good and valuable consideration does hereby irrevocably sell, convey, transfer and assign unto BUYER all of SELLER's right, title and interest in, to and under:

    (1) the above-referenced claim of SELLER (as defined in Section 101(5) of the Bankruptcy Code) against Debtor in the above-referenced Chapter 11 case (the "**Case**"), including, without limitation, any and all right to receive principal, interest and other amounts in respect of such claim;

    (2) all causes of action or other rights held by SELLER, whether against the Debtor or against any other party, in connection with the above referenced claim arising under or in connection with all agreements, invoices, purchase orders or other documents executed or delivered in connection with such claim;

    (3) all causes of action held by SELLER in connection with the above-referenced claim against the Debtor or any other person or entity arising under any law, including without limitation causes of action for negligence, fraud or fraudulent transfers; and

    (4) all cash, securities or other property ("**Distributions**") distributed or received on account of, or exchanged in return for, any of the foregoing;

all of the foregoing, whether against the Debtor, or any guarantor or other third party liable in respect thereof, being collectively referred to herein as the "**Claim**".

2.  The consideration paid by BUYER to SELLER for the Claim, the receipt and sufficiency of which are hereby acknowledged by SELLER, is the purchase price (the "**Purchase Price**") set forth in a certain confirmation letter to SELLER from Primeshares (New York) – Commercial Markets, LLC, dated November 26, 2001 (the "**Confirmation Letter**"). The Purchase Price represents the product of a rate of cents per dollar set forth in the Confirmation Letter (the "**Purchase Rate**") multiplied by the Scheduled Principal Amount of Claim set forth above (the "**Outstanding Amount**").

3.  SELLER represents and warrants the following: a PROOF OF CLAIM <u>HAS NOT</u> been filed in the Case. SELLER agrees to file such a claim (the "**Proof of Claim**") promptly upon request of BUYER.

4.  SELLER represents, warrants and covenants that: SELLER is duly authorized and empowered to execute and perform this Agreement; this Agreement constitutes the valid, legal and binding Agreement of SELLER, enforceable against SELLER in accordance with its terms; SELLER owns and has good and marketable

title to the Claim, free and clear of any liens, claims, security interests, participations, factoring arrangements or encumbrances ("**Liens**"); SELLER has not previously sold or assigned the Claim, in whole or in part, to any party; neither the execution, delivery or performance of this Agreement nor consummation of the transactions contemplated hereby will violate or contravene any law, rule, regulation, order or agreement affecting the SELLER or the Claim; the basis for the Claim is amounts due and owing by the Debtor in respect of goods, merchandise or services sold and actually delivered or performed by SELLER and received by Debtor; the Claim is a valid, general unsecured claim against the Debtor and is, at least to the extent of the Outstanding Amount, undisputed, liquidated and non-contingent; no objections have been filed to the Claim or, to the SELLER's knowledge, exist or are threatened with respect to the Claim; the Claim is not subject to any counterclaim, defense or claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance or subordination; no payment has been received by or on behalf of SELLER in full or partial satisfaction of the Claim; SELLER did not receive any payments, security interests or other transfers from Debtor during the 91 days prior to the Petition Date except payments made in the ordinary course of business of the SELLER and Debtor, on ordinary business terms, and in respect of indebtedness incurred in the ordinary course of business of the SELLER and Debtor; SELLER is not an insider within the meaning of 11 U.S.C. Section 101(31) and is not, and has not been, a member of any creditors' committee appointed in the Case; as of the date of this transfer, SELLER is continuing to do business with the Debtor; true and complete copies of all agreements, instruments, invoices, purchase orders, proofs of delivery, computer runs and other documents evidencing or relating to the Claim are annexed hereto as Exhibit "A"; SELLER has agreed to the Purchase Price based on its own independent investigation and credit determination and has consulted with such advisors as it believes appropriate and has not relied on any representations made by BUYER; SELLER is aware that information which may be pertinent to SELLER's decision to transfer the Claim is available to SELLER and can be obtained from the Bankruptcy Court's files or other publicly available sources; SELLER is aware that the consideration received herein for the sale of the Claim may differ both in kind and amount from any distributions made pursuant to any plan or reorganization confirmed by the Bankruptcy Court in the Case. SELLER agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as BUYER may reasonably request, promptly upon the request of BUYER, in order to effectuate the intent and purpose of, and to carry out the terms of this Agreement.

5. BUYER and SELLER each acknowledge that the other may possess material non-public information concerning the Claim and/or the Debtor. Each further acknowledges that it has not requested to receive such information and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other party arising out of the non-disclosure of such information; provided, however, that nothing in this paragraph shall limit any representation or warranty made by SELLER in Paragraph 4.

6. In the event the Bankruptcy Court enters an Allowance Order (as defined below) allowing the Claim as a general unsecured unsubordinated claim in the Case in an amount in excess of the Outstanding Amount below, or in the event the Claim is scheduled as a general unsecured unsubordinated claim in the Case that is not disputed, unliquidated or contingent and is not (according to such schedules) subject to any other objection or reservation of rights with respect to future schedules or objection (the excess so allowed or scheduled being defined as an "**Additional Allowed Amount**"), BUYER may elect, in BUYER's sole and absolute discretion, to purchase on the Additional Closing Date (as defined below) such Additional Allowed Amount for additional cash equal to the product of the Additional Allowed Amount multiplied by the Purchase Rate, whereupon the "Claim" as defined herein shall be deemed to include the Additional Amount, and the Outstanding Amount shall be increased by the Additional Amount, in each case for all purposes hereunder (including without limitation for purposes of the application of representations and warranties in Paragraph 4 and the calculation of "Impairment" in Paragraph 8. As used herein, the "**Additional Closing Date**" shall mean the seventh business day after the entry of an Allowance Order. An "**Allowance Order**" shall mean an order of the Bankruptcy Court which has not been reversed, stayed, modified or amended and as to which (a) any appeal, rehearing or other review has been finally determined in a manner that does not affect such order, or (b) the time to appeal or seek a rehearing or other review has expired and no appeal, motion for reconsideration has been timely filed.

7. SELLER further agrees that if SELLER shall hereafter receive any Distributions or any notices or other documents on account of the Claim, SELLER shall accept and hold the same on behalf of and in trust

for BUYER, and shall deliver same forthwith to BUYER in the same form received, with the endorsement of SELLER (without recourse) where necessary or appropriate, within three (3) business days.

8. IF A MOTION, COMPLAINT, APPLICATION, PLAN OF REORGANIZATION OR OTHER PLEADING IS FILED SEEKING TO DISALLOW, REDUCE OR SUBORDINATE ANY PORTION OF THE CLAIM OR TO PROVIDE DISTRIBUTIONS ON THE CLAIM WHICH ARE, PER DOLLAR OF CLAIM, LESS IN AMOUNT OR DIFFERENT IN NATURE OR TIMING THAN DISTRIBUTIONS ON UNSECURED CLAIMS GENERALLY, OR IF ANY PORTION OF THE CLAIM IS SCHEDULED BY THE DEBTOR AS UNLIQUIDATED, CONTINGENT, OR DISPUTED, OR IS SCHEDULED IN AN AMOUNT LESS THAN THE OUTSTANDING AMOUNT, OR IF BUYER IS NOT SUBSTITUTED FOR SELLER TO THE EXTENT OF THE CLAIM (ANY OF THE FOREGOING, AN "IMPAIRMENT" WITH RESPECT TO THE PORTION SO AFFECTED), SELLER SHALL REPURCHASE SUCH PORTION BY PAYING IMMEDIATELY ON DEMAND OF BUYER CASH IN AN AMOUNT EQUAL TO THE SUM OF ALL AMOUNTS PAID BY BUYER HEREUNDER MULTIPLIED BY A FRACTION, THE NUMERATOR OF WHICH SHALL BE THE PORTION OF THE CLAIM THAT IS SUBJECT TO THE IMPAIRMENT, AND THE DENOMINATOR OF WHICH SHALL BE THE TOTAL AMOUNT OF THE CLAIM, TOGETHER WITH INTEREST THEREON FROM THE DATE HEREOF TO THE DATE OF SUCH REPAYMENT AT THE PRIME RATE IN EFFECT DURING SUCH PERIOD AS SET FORTH IN THE WALL STREET JOURNAL, EASTERN EDITION, FOR THE APPLICABLE PERIOD. IN THE EVENT THAT SELLER REPURCHASES ALL OR ANY PORTION OF THE CLAIM FROM BUYER THEN BUYER SHALL EXECUTE AND DELIVER ALL DOCUMENTS REASONABLY REQUESTED BY SELLER TO EFFECTUATE SUCH REPURCHASE. SELLER FURTHER AGREES TO REIMBURSE BUYER FOR ALL LOSSES, COSTS, AND EXPENSES, INCLUDING REASONABLE LEGAL FEES AND COSTS, INCURRED BY BUYER AS A RESULT OF SUCH IMPAIRMENT.

IN THE EVENT SELLER HAS SOLD OR ASSIGNED THE CLAIM OR ANY PORTION THEREOF TO ANY PERSON OR ENTITY, SELLER SHALL, IMMEDIATELY UPON DEMAND BY BUYER PAY BUYER LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO TWICE THE SUM OF THE PURCHASE PRICE PAID HEREUNDER AND BUYER'S COSTS AND EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEY'S FEES AND EXPENSES) RELATING TO THIS AGREEMENT OR THE CLAIM.

9. SELLER hereby irrevocably appoints BUYER as its true and lawful attorney-in-fact with respect to the Claim and authorizes BUYER to act in SELLER's name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for, or on account of the Claim herein assigned, to vote the Claim and to file proofs of claim with respect thereto. SELLER hereby grants unto BUYER full authority to do all things necessary to enforce the Claim and SELLER'S rights thereunder. SELLER agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of BUYER. BUYER shall have no obligation to prove, defend, or take any affirmative action with respect to proving the validity or amount of the Claim.

10. SELLER agrees to indemnify and hold BUYER and its respective officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from (i) any act or omission by SELLER in connection with or in any way related to the Claim or (ii) SELLER'S breach of any of provision set forth herein.

11. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and shall inure to the benefit of the successors and assigns of any party hereto; provided, however, that the obligations of SELLER and BUYER contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied. This agreement shall be governed by the laws of the State of New York. Each party submits to the jurisdiction of the federal or state courts located in the City of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts. Each party hereto consents to service of process by certified mail at its address listed above. This Agreement may be

08991-00001/443430.4

executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which, together constitute one and the same instrument.

12. SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY BANKRUPTCY RULE 3001(e), AND CONSENTS TO THE SUBSTITUTION OF BUYER FOR SELLER FOR ALL PURPOSES IN THE CASE, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM. BUYER AGREES TO FILE THIS AGREEMENT OR OTHER APPROPRIATE NOTICE WITH THE BANKRUPTCY COURT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)(2).

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

REICHHOLD CHEMICALS
(SELLER)
By: _____
Name: Jeff Inman
Title: Credit Manager
Telephone: 919-990-7629

CONTRARIAN CAPITAL TRADE CLAIMS, LP
(BUYER)

By: Contrarian Capital Management, LLC,
    as General Partner

By: _____
Name: Janice Stanton
Title: Member
Telephone: 203-862-8200

08931-00001/463430.4