## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                  )    **Chapter 11**
                                        )
**W. R. GRACE & CO., et al.,**[1]        )    **Case No. 01-01139 (JKF)**
                                        )
                                        )    **(Jointly Administered)**
              **Debtors.**               )

## DEBTORS' REVISED MOTION AS TO ALL ASBESTOS PERSONAL INJURY CLAIMS FOR ENTRY OF CASE MANAGEMENT ORDER, ESTABLISHMENT OF A BAR DATE, APPROVAL OF THE PROOF OF CLAIM FORMS AND OF THE NOTICE PROGRAM

Pursuant to Judge Fitzgerald's instructions during the January 29, 2002 hearing, the Debtors are hereby submitting separate Case Management Order ("CMO"), bar date, claim form and notice program motions with respect to (1) asbestos personal injury claims (to be transferred to Judge Wolin) and (2) asbestos property damage and Zonolite Attic Insulation ("ZAI") claims (to be heard by Judge Fitzgerald). This motion addresses the second category of claims to be heard by Judge Wolin.

Debtors respectfully move the Court for entry of an Order: (1) setting the last day for which holders of asbestos personal injury claims against the Debtors must file a proof of claim in these Chapter 11 cases to be November 1, 2002 (the "Bar Date"); (2) approving Debtors' notice program; (3) approving Debtors' proposed proof of claim forms; and (4) approving Debtors' case management schedule. In support of this Motion, Debtors respectfully

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

state as follows, and also refer the Court to the relevant sections of the Debtors' Memorandum In

Support Of Motion For Entry Of Case Management Order, Motion To Establish Bar Date, And

Motion To Approve Notice Program, filed on June 27, 2001 ("June 27, 2001 Motion"), and to

Debtors' Consolidated Reply In Support of their Motion For Entry of Case Management Order,

Establishment of a Bar Date, Approval of the Claim Forms and Approval of the Notice Program

filed on November 9, 2001 ("Debtors' Reply"). For the Court's convenience, Debtors are also

filing herewith an edited version of the Debtors' Reply, limited to the portions of that brief that

pertained to the asbestos personal injury claims.

At the outset, while the Debtors are mindful of the Courts' reasons for severing

the adjudication of the personal injury claims from other asbestos claims, the Debtors hereby

move that Judge Fitzgerald and Judge Wolin jointly approve a combined notice program and Bar

Date for all claims, as proposed in the Debtors' June 27, 2001 Motion. A combined notice

program and Bar Date would save the Debtors' estates almost four million dollars (primarily in

media costs), and would avoid any potential confusion that might be created by separate

programs. In support of this request, Debtors submit the affidavit of Katherine Kinsella, the

Debtors' Notice Expert. Pursuant to Ms. Kinsella's Affidavit, the Debtors submit that separate

notice programs for Asbestos Personal Injury claims and Asbestos Property Damage and ZAI

claims would cost the estate an additional $3,951,376. ($10,026,858 for two separate notice

programs vs. $6,075,483 for a combined program.) The combined notice program proposed by

the Debtors would satisfy the due process rights of all potential claimants, while minimizing the

costs to the estates.

## I.    Setting of a November 1, 2002 Bar Date

1.    All parties whose claims are "disputed, contingent, or unliquidated" must file a proof of claim by the Bar Date in order to "be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

2.    This Court has the authority to set the Bar Date for the filing of proofs of claim. Specifically, Bankruptcy Rule 3003(c)(3) provides: "The court shall fix . . . the time within which proofs of claim or interest may be filed . . . " Fed. R. Bankr. P. 3003(c)(3).

3.    Debtors move this Court to enter an order establishing a November 1, 2002 Bar Date for the filing of all asbestos personal injury claims against the Debtors.  The Bar Date will apply to all **"Asbestos Personal Injury Claims,"** defined as: All claims against Debtors as of the time immediately preceding the Bar Date involving personal injuries or damages related to exposure to asbestos-containing products manufactured by Debtors or exposure to vermiculite mined, milled or processed by Debtors.  **"Settled Asbestos Claims,"** as used hereinafter are defined as: Asbestos Personal Injury Claims against Debtors for which the Claimant and one or more of Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of Debtors' Chapter 11 cases, but for which the Claimant has yet to receive full payment.

4.    Debtors do ***not*** seek a Bar Date and no proof of claim form should be filed for: (i) claims for administrative expenses of any of Debtors' Chapter 11 cases under section 503(b) or 507(a) of the Bankruptcy Code; (ii) future claims; and (iii) claims of present or former employees of Debtors who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system

on account of any personal injury claims, unless those employees wish to assert such claims directly against Debtors outside of a state workers' compensation system.

## II.    Approval of the Notice Program

5.      To comport with the requirements of due process under the Bankruptcy Rules, Debtors must give notice to claimants regarding the Bar Date. Fed. R. Bankr. P. 2002(a)(7). Debtors propose a two-fold notice program that will provide both actual and publication notice of the Bar Date to known claimants, and/or their counsel and publication notice to claimants whose identities and/or addresses are not presently known or reasonably ascertainable by Debtors, as explained in more detail below and in Debtors' Memorandum in Support.

6.      The Notification Plan employs four primary methods in providing notice: (i) direct notice by mail to all identifiable claimants and/or their counsel of record; (ii) broad national published notice through the use of national paid and earned media vehicles; (iii) national notice through trade publications; and (iv) direct notice by mail to third parties who are likely to have contact with personal injury claimants. By this Motion Debtors seek approval of the Notification Plan.

### *Actual Notice to Identifiable Claimants*

7.      Debtors will provide actual notice of the Bar Date (where addresses and names of claimants are known by Debtors and are reasonably retrievable) by mailing a copy of the Bar Date Notice Package, which consists of the Bar Date Notice for All Claims ("Bar Date Notice") (Exhibit A attached hereto), the Order As to All Asbestos Personal Injury Claims (i) Approving Case Management Schedule, (ii) Establishing Bar Date, (iii) Approving the Proof of Claim Forms; and (iv) Approving Notice Program (the "Bar Date Order") (filed herewith), and the appropriate proof of claim forms (Exhibit A to the June 27, 2001 Motion and Exhibits G-H to the

- 4 -

Debtors' Reply) to the parties required to receive notice pursuant to Bankruptcy Rule 2002, Local

Rule 2002-1 and all of the following readily identifiable individuals and/or entities:

- All counsel of record for known holders of Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, and Settled Asbestos Claims;

- All counsel of record for asbestos personal injury claims filed against Debtors *historically*;

- All residents of the Libby, Montana area;

- All persons and entities with pending Non-Asbestos Claims, and their counsel of record, if any;

- All individuals who call the toll-free telephone number or write and request a copy of the Bar Date notice package from the official claims agent as a result of seeing the notice in the media.

8.    In conjunction with actual notice to counsel of record for known holders of

Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Asbestos Personal Injury

Claims and Settled Asbestos Claims, counsel will also be provided a Notice to Attorneys and

Certification, attached to Debtors' Reply as Exhibits E and F.  Counsel of record will be asked to

provide the Debtor with the following information: (1) the current names and addresses of their

clients who have claims against the Debtors will be able to provide their clients with the Bar

Date Package, or (2) a certification that counsel has contacted or attempted to contact all of their

clients whom they represent, provided them with the Bar Date Package and advised them

regarding their rights to assert a claim against the Debtors and their need to file a proof of claim

on the Court-approved Proof of Claim form by the Bar Date.

### *Publication Notice to Unknown Claimants*

9.    Unknown claimants are those potential claimants for whom Debtors do not have

names, addresses or both, or as to which the names and addresses are not reasonably retrievable.

- 5 -

This category of claimants includes, among others, persons who formerly asserted a claim against Debtors that was settled and released, and former claimants whose claims were rejected. While such individuals may have held claims that were settled and released over the course of the past two decades in which Debtors settled tens of thousands of claims, it is merely speculative to believe that any such individuals would at this point in time hold "current" claims. Likewise, if a claim was rejected by Debtors and then never pursued by the claimant, Debtors have no reason to believe that such claimant holds a "current" claim.

10.    Notice to "unknown claimants" will be provided by publication notice in lieu of actual notice. Upon entry of the Bar Date Order, Debtors will implement a comprehensive publication notice program that will include providing notice to areas where claims have arisen or where potential claimants may now be located including: (I) the entire United States of America; (ii) Canada; (iii) Guam; (iv) Puerto Rico; and (v) the U.S. Virgin Islands. Publication notice will be disseminated using the following forms: (a) newspapers; (b) magazines; (c) trade and professional publications; (d) television (network and cable); and (e) web sites.

11.    Notice will also be provided directly to trade organizations in which potential claimants may be members and through other third parties who are likely to have contact with personal injury claimants.

12.    In addition, a toll-free number will be established for potential claimants to call for information and for a Court-approved proof of claim form, as described herein.

13.    The Notification Plan outlined herein (Exhibit B to Debtors' Reply) has been assembled with the advice and direction of Katherine Kinsella, the president of Kinsella Communications, Ltd. Ms. Kinsella is a leading expert in the design, preparation, and dissemination of legal notice in class actions and bankruptcies. Ms. Kinsella is a nationally-

recognized specialist in class action notification campaigns in the mass-tort and product liability arenas. By separate Application, Debtors seek the approval of the Court to retain Ms. Kinsella and implement the Notification Plan outlined herein.

14.     Debtors' Notification Plan that describes the adequacy of the publication notice program, publications to be used, target groups to be reached, frequency of reaching such groups, costs associated with the plan, and a variety of other details regarding the scope and manner in which the Notification Plan will be implemented is attached to the Debtors' Reply as Exhibit B. In addition, to the extent the Court orders separate notice plans and bar dates for Asbestos Personal Injury claims and Asbestos Property Damage and ZAI claims, notification plans for those separate programs are outlined and explained in the Kinsella Affidavit filed herewith.

15.     A copy of the form of the Bar Date Notice to be sent to known claimants is attached hereto as Exhibit A. A copy of the print notice for publication of the Bar Date is attached to Debtors' Reply as Exhibit B-9. A copy of the television notice of the Bar Date for all claims is attached to the Debtors' Reply as Exhibit B-8. (Debtors will file revised versions of the print and television notices reflecting the proposed August 1, 2002 ZAI Claim Bar Date.)

### III.    Approval of the Proof of Claim Forms

16.     Debtors move for approval to include, with the Bar Date Notice, one (or more if applicable) of four proof of claim forms, depending on the category of the claimant: (i) Asbestos Personal Injury Proof of Claim Form (including a section for Settled Asbestos Claims); (ii) Asbestos Property Damage Proof of Claim Form; (iii) Zonolite Attic Insulation Proof of Claim Form; or (iv) Non-Asbestos Proof of Claim Form. The Asbestos Personal Injury Proof of Claim form is attached to the Debtors' June 27, 2001 Motion as Exhibit A. (The remaining proof of claim forms are being submitted to Judge Fitzgerald for approval.)

- 7 -

17.    The proof of claim forms proposed by Debtors have been specifically designed to elicit information necessary in the resolution of threshold issues Grace plans to raise relating to each of the various categories of claims.

18.    Debtors move that the Asbestos Personal Injury Proof of Claim Form (including a section for Settled Asbestos Claims) filed as Exhibit A to the Debtors' June 27, 2001 Motion be approved.  The other proof of claim forms are being submitted to Judge Fitzgerald for approval.

**IV.    Approval of The Case Management Schedule**

19.    On or before January 2, 2003, Debtors will make a preliminary report to the Court and the committees, categorizing and summarizing filed claims, omnibus objections to claims, and identifying threshold defenses for litigation.

*Asbestos Personal Injury Claims Track.*

20.    Debtors will file objections in phases to exemplar claims that create different common issues.  In each phase, the Debtor may file an omnibus objection, a Rule 42 motion to consolidate all claims implicated by that issue, and a motion for summary judgment as to that issue.  The issues may include, for example: (i) the absence of exposure to Grace's products; (ii) the absence of a reliable, scientific basis for claiming that exposure to Grace's asbestos products was a substantial contributing factor in the causation of the asbestos-related disease; and/or, (iii) absence of a clinical asbestos-related illness.  Debtors propose that August 1, 2003 be the date for submission of Debtors' first objections and Rule 42 consolidation and Rule 56 summary judgment motions;

**WHEREFORE**, Debtors respectfully request that this Court enter the attached Order,

granting the relief requested herein.

Respectfully submitted,

Dated: February 12, 2002

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
Andrew R. Running
Janet Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG &
JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession