IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: March 8, 2002 at 4:00 p.m.
Hearing Date: March 18, 2002 at 10:00 a.m.

## MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO CLOSE A MANUFACTURING PLANT AND CONSOLIDATE OPERATIONS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, respectfully move this Court (the "Motion") for the entry of an order authorizing the Debtors to (i) close a manufacturing plant in Atlanta, Georgia and (ii) consolidate the related manufacturing operations in Chicago, Illinois.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

**Background**

1. On April 2, 2001, the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. The Debtors' Darex business unit manufactures sealants and coatings for food, beverage and other metal containers, sealants for bottle caps and other closures, equipment to apply sealants to cans, specialty polymer products primarily for packaging applications, and carbon dioxide absorbent materials used in surgical and other applications in the United States. Darex currently manufactures products or equipment in five locations in the United States: (a) Atlanta, Georgia; (b) Cambridge, Massachusetts; (c) Chicago, Illinois; (d) Owensboro, Kentucky; and (e) San Leandro, California.

3. In order to achieve cost synergies and improve Darex's profitability and cash flows, the Debtors' management has determined that the consolidation of Darex's main U.S. container sealant and carbon dioxide absorbent manufacturing operations primarily with its Chicago operations is in the best interests of the Debtors' estates and creditors. Under this plan, the Darex manufacturing plant in Atlanta would cease all operations. (The Cambridge, Owensboro and San Leandro plants will continue to operate.)

4. The Atlanta and Chicago plants both manufacture can sealing products. Adequate space and facilities are available in Chicago to install the Atlanta plant's production-related equipment and to produce can sealing product volumes equal to or greater than the current combined production of both plants.

5.   Darex selected Chicago as the site for production consolidation for several reasons: (a) the Chicago plant provides more room for future expansion than does the Atlanta site; (b) the Chicago plant is more centrally located in relation to Darex's U.S. customer base; and (c) continued Darex manufacturing in Chicago would provide additional consolidation opportunities with the Debtors' other businesses in the Chicago area.

6.   The Debtors anticipate approximately $2 million in annual cost savings by combining these operations. Conversely, the Debtors estimate a cash cost to complete this project of approximately $4 million over a two-year period. These costs include employee severance, personnel and equipment relocation, and the dismantling and cleanup of the Atlanta plant. These costs, however, would be offset by the proceeds of the sale of the Atlanta plant.[2]

### Relief Requested

7.   By this Motion, the Debtors seek authority to (i) cease operations at their Darex manufacturing plant in Atlanta, Georgia, and (ii) consolidate their Atlanta can sealant and carbon dioxide absorbent manufacturing operations with their Chicago manufacturing plant.

### Basis for Relief

8.   The Debtors respectfully submit that the proposed closing and consolidation of the Atlanta site satisfies the governing standards for a transaction promulgated in the Third Circuit. Under section 363(b) of the Bankruptcy Code, the debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Courts within this Circuit interpreting section 363(b) of the Bankruptcy Code have held that transactions should be approved under section 363(b) when they are supported by sound business judgment of management. See In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176

---

[2] The property will be sold in accordance with that certain Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets, dated August 2, 2001.

3

(D. Del. 1991); In re Phoenix Steel Corp., 82 B.R. 334, 335-336 (Bankr. D. Del. 1987) (judicial approval requires a showing that a good business reason exists for completing the transaction).

The Proposed Transaction is Supported by Sound Business Judgment

9. Clear business reasons exist to justify the Debtors' closing and consolidation of their Atlanta operations under section 363(b) of the Bankruptcy Code. The site is not essential to the Debtors' core business operations and the closing of the Atlanta plant coincides with the Debtors' restructuring efforts and ongoing business plans. Thus, the Debtors' management has determined in its business judgment that the site should be closed and the operations should be relocated.

10. In addition, the consolidation of production currently conducted in Atlanta into the Chicago plant will save the Debtors an estimated $2 million dollars per year. The Debtors' investment (without considering any Atlanta plant sales proceeds) would be paid back within 2 years.

11. Moreover, international consolidation among Darex's customers make it necessary for Darex to reduce the costs of producing its products and has diminished the need to maintain plants close to customer locations. The proposed plant consolidation conforms to Darex's strategy of reducing costs by increasing the overall efficiency of its manufacturing operations.

12. Finally, the Darex consolidation of the Atlanta operations into the Chicago plant maintains flexibility to create additional efficiencies with the Debtors' other businesses in the Chicago area.

:;ODMA\PCDOCS\DOCS_DE\40755\1
91100-001\DOCS_DE:40755.1

### Notice

13. Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

14. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (i) authorize the Debtors to cease operations at their Darex manufacturing plant in Atlanta, Georgia, (ii) authorize the Debtors to consolidate their Atlanta operations into their Chicago manufacturing plant; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: February 15, 2002

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession