IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: March 8, 2002 at 4:00 p.m.
Hearing Date: March 18, 2002 at 10:00 a.m.

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER APPOINTING A FEE AUDITOR IN ACCORDANCE WITH THE COURT'S DIRECTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (the "Application"), as directed by the Court, for the entry of an order appointing a fee auditor pursuant to sections 330, 331 and 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and in support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Background

1.  On April 2, 2001 each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.  On April 12, 2001, the office of the United States Trustee appointed three official committees in these Chapter 11 Cases as follows: (i) the committee of unsecured creditors (the "Creditors' Committee"); (ii) the committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee"); (iii) the committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"). On June 18, 2001, the office of the United States Trustee appointed the committee of equity security holders (the "Equity Committee"). The Creditors' Committee, the Asbestos Personal Injury Committee, the Asbestos Property Damage Committee and the Equity Committee shall collectively be referred to as the "Committees."

3.  To date, the Debtors and the Committees have each retained counsel, as well as certain financial and other advisors and experts to aid them with the administration of the Debtors' estates. In anticipation of the large number of professionals that have been retained in these Chapter 11 Cases, the Court entered that certain Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members, dated May 3, 2001 (the "Interim

- 3 -

Compensation Order").[2] The Interim Compensation Order requires professionals retained in these Chapter 11 Cases to seek interim compensation by filing monthly fee applications for services rendered during the prior month. Each party-in-interest which receives a copy of the monthly fee applications then has 20 days to object to any requests therein. If no objections to any particular professional's monthly application are timely lodged, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested in each respective monthly application. If an objection to any particular professional's monthly application is timely filed and served, the Debtors are authorized to pay 80% of such professional's fees that are not the subject of the objection and 100% of any of such professional's expenses that are not the subject of the objection. A similar process is followed each quarter, whereby each professional files a quarterly fee application with the Court. Upon the Court's approval of the quarterly applications, the unpaid 20% balance of each professionals' fees is paid by the Debtors.

4. The interim compensation scheme established by the Interim Compensation Order is essentially in the format that has been consistently adopted by consensus of the Court, the U.S. Trustee and debtors' counsel in the District of Delaware in large chapter 11 cases. As a result, the fee applications filed by the professionals retained in these cases are both numerous and lengthy, involving significant amounts of review time on a monthly basis.

5. Therefore, to aid the Court's review of the fee applications filed in these Chapter 11 Cases and in an effort to promote the Court's efficiency, the Court, at a hearing on January 29, 2002, directed the Debtors to prepare the papers necessary for the retention of a fee auditor in these Chapter 11 Cases. Specifically, the court noted that there are "so many

---

[2] In accordance with that certain Order Requiring Counsel to Submit Proposed Administrative Fee Order dated December 20, 2001, a revised administrative compensation order is currently pending before the Court. The

(Continued ...)

- 3 -

91100-001\DOCS_DE:40767.1

professionals in all of these [asbestos] cases that its quite difficult to review the [fee] applications." January 29, 2002 Hearing Transcript, at 105. The court also stated that it was "loathe" to appoint a fee auditor in these Chapter 11 Cases, but "in order to provide fair service to everyone" the court found it necessary to order the Debtors to prepare this Application. Id.

### Relief Requested

6. As directed by the Court, the Debtors respectfully request the entry of an order pursuant to sections 330, 331 and 105(a) of the Bankruptcy Code appointing Warren H. Smith & Associtates as the fee auditor (the "Fee Auditor") in these Chapter 11 Cases. Specifically, and as more fully set forth in the order attached hereto, and based upon the Affidavit of Warren H. Smith, a copy of which is attached hereto as Exhibit A, the Fee Auditor will monitor and independently review the monthly, quarterly and final fee applications of the professionals retained in these Chapter 11 Cases to promote judicial economy.

### Basis For Relief Requested

7. Section 331 of the Bankruptcy Code authorizes the Court, in its discretion, to award debtor or committee professionals interim compensation on a quarterly basis. In re American Intern. Airways, Inc., 47 B.R. 716, 722 (Bankr. E.D. Pa. 1985). Section 331 of the Bankruptcy Code then incorporates by reference the standards of section 330 for evaluating interim fee applications. In re Public Service Co. of New Hampshire, 93 B.R. 823, 826 (Bankr. D. N.H. 1988). Section 330 of the Bankruptcy Code, in turn, authorizes a bankruptcy court to award retained professionals "reasonable compensation for actual, necessary services . . . ," based on various factors, including time spent, the rate charged and the reasonableness of the

---

terms of the revised administrative compensation order, however, are substantially similar to those of the Interim Compensation Order described herein.

attorney's rate compared to that charged by comparably skilled practitioners in non-bankruptcy cases. 11 U.S.C. § 330(a)(1)(A).

8.　While a bankruptcy court has the authority to award interim compensation to professionals, the Third Circuit Court of Appeals has acknowledged that the fee application review process imposes significant, but necessary, burdens on bankruptcy judges. In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 843 (3rd Cir. 1994). Accordingly, the Third Circuit encouraged bankruptcy courts to take the steps necessary to enhance the efficiency of their review of fee applications. Id. at 844-45. Moreover, this Court has previously appointed fee auditors under section 105(a) of the Bankruptcy Code in order to discharge its responsibilities under sections 330 and 331 of the Bankruptcy Code. See In re USG Corporation, Case No. 01-2094 (RJN)(Bankr. D. Del. 2001).

9.　In light of the Court's stated need for assistance pertaining to the evaluation of fee applications, the appointment of the Fee Auditor will provide the Court with a disinterested means of identifying and reporting on problems with the fee applications filed in these Chapter 11 Cases. The Fee Auditor's reports will then enable professionals to prepare explanations and/or clarifications of any potential problems with their fee applications prior to scheduled hearings. Accordingly, in an effort to facilitate the Court's mandatory, independent review obligations under sections 330 and 331 of the Bankruptcy Code and to enhance judicial economy, the Court should exercise its equitable powers under section 105(a) of the Bankruptcy Code and order the appointment of Warren H. Smith & Associates as the Fee Auditor in these Chapter 11 Cases.

- 6 -

### Notice

10.   Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to the Committees (v) Warren H. Smith & Associates, P.C. and (vi) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

11.   No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, at the direction of the Court, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, ordering the appointment of Warren H. Smith & Associates, P.C. as the Fee Auditor in these Chapter 11 Cases, and granting such other relief as the Court deems just and proper.

Dated: February 15, 2002

KIRKLAND & ELLIS
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*/s/ David W. Carickhoff, Jr.*
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession