UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| W.R. GRACE & CO., et al., | § | Case No. 01-1139(JFK) |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | |

### AFFIDAVIT OF WARREN H. SMITH IN SUPPORT OF THE APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Warren H. Smith, being first duly sworn, deposes and says as follows:

1.      This Affidavit of Warren H. Smith is filed in support of the Application of the Debtors for the Entry of an Order Appointing a Fee Auditor in Accordance with the Court's Direction (the "Application").

2.      I am the sole director and shareholder of Warren H. Smith & Associates, P.C. ("WHS"), which has been requested, pending court approval, to act as fee auditor in the above-captioned bankruptcy proceedings, for the reasons set forth in the Application.

3.      I am licensed to practice law in the State of Texas, and am a member of the bar of the United States District Court for the Northern District of Texas.

4.      I execute this Affidavit on behalf of WHS, which maintains an office at 1201 Elm Street, Suite 3400, Dallas, Texas 75270. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

5. In preparing this Affidavit, I requested information from debtors' counsel and creditors' committee counsel regarding the parties whose fees and expenses a fee auditor would review, and I was informed that professionals employed in these cases consisted of those parties on the attached Exhibit A (the "Potential Applicants"). I also requested information regarding the debtors, and I was informed that the debtors consisted of those parties on the attached Exhibit B (the "Debtors"). I also requested information regarding the directors and officers of the debtors, and I was informed that the directors and officers of the debtors consisted of those parties on the attached Exhibit C (the "Directors and Officers"). The facts stated in this Affidavit as to the relationship between other lawyers in WHS and the Debtors, the Directors and Officers, and the Potential Applicants are based on review of Exhibit A, Exhibit B, and Exhibit C by myself, another attorney at WHS, or an employee of WHS acting under my supervision and direction.

6. Neither I, WHS, nor any counsel or associate of WHS, insofar as I have been able to ascertain, has any connection with any of the Potential Applicants, the Debtors, or the Directors and Officers, except as follows:

a. Until October 1, 2001, I was employed by Winstead Secrest & Minick and a predecessor firm, Donohoe, Jameson & Carroll, P.C. ("Winstead"). Winstead had a broad client list and may, at some time, have represented, employed, or been employed by, one or more of the Potential Applicants, Debtors, or Directors and Officers. I am not aware of any such representation or employment. I do not, however, currently have access to Winstead's client or conflict databases. Accordingly, it is possible that Winstead may have represented, employed, or been employed by, one or more of the Potential

Applicants, Debtors, or Directors and Officers while I was employed by Winstead, and that such representation or employment is not known to me. If I discover that such a representation or employment exists, I will disclose such representation or employment to the Court and all parties receiving copies of this Affidavit in a supplemental affidavit filed with the Court.

7.    WHS has a diversified legal practice which encompasses, among other things, the representation of financial institutions, commercial corporations, and creditors. Some of these entities (or affiliates of these entities) are or may be holders of claims against and/or interest in the Debtors or parties in interest in this case. Moreover, WHS, regularly represents creditors throughout the country. Thus, it is possible that certain creditors of the Debtors are creditors in other cases in which WHS represents creditors. In the ordinary course of practice of law, WHS and certain of its members, counsel and associates have, in the past, represented, currently represent, and from time to time in the future may represent entities or affiliates of such entities in matters unrelated to the Debtors' case. WHS is not currently aware of any parties in interest in this case which WHS has represented in the past or is currently representing in matters wholly unrelated to these proceedings except as disclosed in this Affidavit.

8.    WHS intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by WHS. The principal attorney designated to serve as fee auditor and their current standard hourly rates is Warren H. Smith at $275.00 per hour. The hourly rate for paralegal services range from $75.00 to $135.00 per hour. The hourly rates set forth

above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve as fee auditor in connection with the matters herein described.

9.     The hourly rates set forth above are WHS's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate WHS for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is WHS's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including without limitation, envelopes and labels) provided by WHS to outside copying services for use in mass mailings, travel expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. WHS will charge the estate for these expenses in a manner and at rates consistent with charges made generally to WHS's other clients. WHS believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rate and spread the expenses among all clients

10.     Neither I nor any member of WHS are either related to any judge of the United States Bankruptcy Court or any attorney or other employee with the United States Trustee's Office in a manner that would render my or WHS's employment improper.

11.     WHS proposes to serve as Fee Auditor in the matters described in the Application under the terms set forth therein. WHS has not agreed to share (a) any compensation it has received

<u>AFFIDAVIT OF WARREN H. SMITH IN SUPPORT OF THE</u>
<u>APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT</u>
<u>AND RETENTION OF WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR</u> - Page 4

or may receive with any other person or party other than the members, counsel and employees of WHS; or (b) the compensation any other person or party may receive.

12.    I submit this Affidavit based upon the information available to me as of the date so executed and will promptly supplement this Affidavit should it become inaccurate or incomplete.

FURTHER AFFIANT SAYETH NOT.

Dated: _03/15/02_

_Warren H. Smith_

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

SUBSCRIBED AND SWORN TO BEFORE ME, this _15th_ day of February, 2002.

_Gail G. Russell_
Notary Public, State of Texas

_GAIL G. RUSSELL_
(Typed or Printed Name of Notary)

My Commission Expires:

_March 5, 2005_

1919/0001/205445.1



GAIL G. RUSSELL
Notary Public, State of Texas
My Commission Expires 03-05-05

<u>AFFIDAVIT OF WARREN H. SMITH IN SUPPORT OF THE</u>
<u>APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT</u>
<u>AND RETENTION OF WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR</u> - Page 5

## EXHIBIT A

Employed by the Debtors:

Kirkland & Ellis
Pachulski, Stang, Ziehl, Young & Jones, P.C.
Wachtell, Lipton, Rosen and Katz
The Blackstone Group
Casner & Edwards
Holme, Roberts & Owen
Kekst and Company
Kinsella Communications, LTD
Nellson, Mullins, Riley & Scarborough, LLP
Reed Smith LLP
Rust Consulting, Inc.
Steptoe & Johnson


Employed by the Unsecured Creditors' Committee:

Strook & Strook & Lavan LLP
Duane Morris LLP
FTI Policano & Manzo


Employed by the Equity Committee:

Kramer Levin Naftalis & Frankel LLP
Klett Rooney Lieber & Schorling


Employed by the Asbestos Property Damage Committee:

Bilzin, Sumberg, Dunn, Baena Price & Axelrod LLP
Conway, Del Genio Gries & Co., LLC
Ferry & Joseph


Employed by the Asbestos Personal Injury Committee:

Caplin & Drysdale
Cambell & Levine
L. Tersigini Consulting P.C.
Legal Analysis Systems

205450.1

## EXHIBIT B

W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## EXHIBIT C

### DIRECTORS AND OFFICERS OF DEBTORS

Akos L. Nagy
Alicia Burke
Anthony G. Riddlesperger
D. F. Garvey
David B. Siegel
David M. Cleary
David Nakashige
Dudley L. Bobolts
Elyse Napoli-Filon
Fabio Tegiacchi
Gregory E. Poling
Henry C. Lyons
J. Elder
John F. Akers
John J. Murphy
Kang Hui Shen
Mark A. Shelnitz
Martin Hunter
Marye Anne Fox
Michael A. Miller
Michael N. Piergrossi

O. Mario Favorito
Paul Bettacchi
Paul J. Norris
Paul McMahon
R. H. Locke
Robert A. Maggio
Robert F. Jenkins
Robert J. Bettacchi
Robert J. Medler
Robert M. Tarola
Robert P. Turner
Ronald C. Cambre
Ruth E. Rowan
Susan E. Farnsworth
Susan Eccher
Thomas A. Vanderslice
W. Brian McGowan
William L. Baker
William L. Monroe
William M. Corcoran