IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER APPOINTING FEE AUDITOR IN
## ACCORDANCE WITH THE COURT'S DIRECTION

Upon the direction of the Court, and upon consideration of the Motion (the "Motion") of

the above captioned debtors and debtors in possession (collectively, the "Debtors") for the

appointment of a fee auditor in these Chapter 11 Cases;[2] and a hearing having previously been

held concerning the appointment of a fee auditor; and based upon the Affidavit of Warren H.

Smith, attached to the Motion as Exhibit A; and the Court having determined that the size,

complexity and duration of these Chapter 11 Cases has and will result in numerous and lengthy

---

[1] The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife  Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

written applications for payment of professional fees and reimbursement of expenses in significant amounts; and that the appointment of a fee auditor pursuant to section 105(a) of the Bankruptcy Code is in the best interests of the Debtors' estates, their creditors and all parties-in-interest as the Court seeks to fulfill its responsibility to review fee applications in accordance with sections 330 and 331 of the Bankruptcy Code in a thorough and efficient manner; and it appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that sufficient cause exists to appoint a fee auditor;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted, as provided for herein.

2.      **Employment of the Fee Auditor.**

Warren H. Smith & Associates, P.C. is hereby employed as the Fee Auditor, as described in this Order, to act as a special consultant to the Court for professional fee and expense review and analysis.

3.      **Scope of Order.**

This order applies to (i) all professionals in these cases employed or to be employed pursuant to sections 327, 328 or 1103 of the Bankruptcy Code; and (ii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court,[3] except: (a) professionals providing services pursuant to a flat monthly fee arrangement or if the order retaining a particular professional does not require the submission of fee applications; and (b) professionals retained pursuant to the court's Order pursuant to §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain

---

[3] All interested parties reserve their rights with respect to such claims.

- 2 -

Professionals Utilized in the Ordinary Course of the Debtors Business, dated May 3, 2001. The parties subject to the terms of this Order are referred to herein as "Applicants."

4.    **Purpose of Order.**

The Court has determined that, in conjunction with the appointment of the Fee Auditor, it is necessary to establish uniform procedures for the review, allowance and payment of fees and expenses of Applicants to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[4] The procedures to be followed are detailed in this Order.

5.    **Effect On Interim Compensation Procedures.**

The terms of (i) the Interim Compensation Order and (ii) that certain Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures For Interim Compensation and Reimbursement of Expenses For Professionals and Official Committee Members which is currently pending before the Court, shall not be modified by this Order, including the terms and timing of the payments to professionals and all members of the Committees authorized in such orders.

6.    **Duties of Fee Auditor and Related Procedures.**

(a)    The Fee Auditor shall review in detail monthly, interim and final fee applications (each, a "Fee Application") filed with the Court by Applicants in these cases pursuant to sections 330 and 331 of the Bankruptcy Code, and Local Rule 2016-2. To the extent reasonably practicable, the Fee Auditor shall avoid duplicative review when reviewing interim

---

[4] Such applicable rules and guidelines include the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996.

and final fee applications comprised of interim or monthly fee applications that have already been reviewed by the Fee Auditor.

(b)    During the course of its review and examination, the Fee Auditor shall consult with each Applicant concerning such Applicant's Fee Application if it notes any areas of concern regarding reasonable, actual and necessary fees and expenses.

(c)    During the course of its review, the Fee Auditor may review any filed documents in these cases and shall be responsible for being generally familiar with the docket in these Chapter 11 Cases. The Fee Auditor shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002. The Fee Auditor shall be served with all such papers.

(d)    Each Applicant shall serve on the Fee Auditor each of its Fee Applications, and shall include with each such application the fee detail, containing the time entries, in both hardcopy format and electronic format such as Excel, Microsoft Word, or WordPerfect, but not Adobe Acrobat. If any Applicant cannot reasonably convert its fee detail to one of the three electronic formats described above, the Fee Auditor will work with such Applicant to find an appropriate electronic format. Within 30 days after service of a Fee Application, the Fee Auditor shall communicate in writing to the affected Applicant concerning the Fee Auditor's findings regarding such Fee Application (the "Initial Report").

(e)    Within 15 days after the date of the Initial Report, if the Fee Auditor has noted any issues with respect to an Applicant's Fee Application in such Initial Report, the Fee Auditor shall contact the affected Applicant concerning such Initial Report, and the Fee Auditor and the affected Applicant shall engage in an informal response process. The purpose of this informal response process is to resolve matters raised in the Initial Report. The Fee Auditor shall

- 4 -

endeavor to reach consensual resolutions with each Applicant with respect to that Applicant's requested fees and/or expenses and matters raised in the applicable Initial Report.  Each Applicant may provide the Fee Auditor with such verbal or written supplemental information as the Applicant believes is relevant to the applicable Initial Report.

(f)     Within 45 days after the date of the Initial Report, the Fee Auditor shall conclude the information response process by filing with the Court a final report with respect to each Fee Application (the "Final Report").

(g)     The Fee Auditor shall serve each Final Report upon the affected Applicant, the United States Trustee, counsel to the Debtors and counsel to the Committees.  The Final Report shall be in a format designed to opine whether the requested fees of the applicable Applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2.

(h)     Within 20 days after the date of the Final Report, the subject Applicant may file with the Court a response to such Final Report.  Such response shall be served upon the persons identified in paragraph 6(g) above.  If necessary, hearings on all Final Reports for a particular interim or final Fee Application shall be scheduled by the Court in consultation with Debtors' counsel after the Fee Auditor has filed its Final Reports for all interim or final Fee Applications filed for such period.  The hearings of all Final Reports shall coincide with the hearings of the related interim or final Fee Applications, or upon such other dates as agreed among the Applicant and the Fee Auditor, or ordered by the Court.

(i)     The Fee Auditor shall be available for deposition and cross-examination by the Debtors, each of the Committees, the United States Trustee and other interested parties, consistent with Federal Rule of Evidence 706.

- 5 -

(j)     The Fee Auditor shall also review the statements of expenses filed by or on behalf of any member of any Committee and note with such Committee's counsel any areas of concern within 20 days of the date the statements of expenses are filed with the Court.

7.     **Fee and Expenses of the Fee Auditor.**

The fees and expenses of the Fee Auditor shall be subject to application and review pursuant to Federal Rule of Evidence 706(b) and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code.     The compensation of the Fee Auditor for its services in accordance with this Order shall be the lesser of (a) the ordinary hourly rate of the Fee Auditor for services of this nature or (b) 1% of the aggregate Applicant billings (fees and expenses) reviewed by the Fee Auditor that are subject to this Order.

8.     **Statutory Rights and Obligations of Interested Parties Unaffected.**

This Order does not limit the statutory rights and obligations of interested parties in these cases.

9.     **Service of This Order.**

Counsel for the Debtors shall promptly serve a copy of this Order upon the Fee Auditor, the United States Trustee, counsel to the Debtors, counsel to the Committees and each of the Applicants retained in these cases, and shall file a certificate of service upon completion of such service.

10.     **Effect of This Order and Objections to This Order.**

This Order shall be effective immediately as of date hereof and shall remain in effect unless and until the Court orders otherwise.

- 6 -

11.   **Power of the Court.**

The Court shall retain the authority to modify this Order upon notice to the Fee

Auditor, the United States Trustee, counsel to the Debtors and counsel to the Committees.  The

Court shall retain the authority and responsibility to determine whether fees and expenses

requested are reasonable and necessary fees and expenses under section 330 of the Bankruptcy

Code.

Dated: _____ , 2002

_____
Judith K. Fitzgerald
United States Bankruptcy Judge