THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: W.R. Grace & Co., et al., | ) | Chapter 11 |
| | ) | |
| Debtors, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

## DEBTORS' BRIEF REGARDING BAR DATE AND CLASS NOTICE

The concept of importing class action litigation into this Chapter 11 case has been pursued by those whose principal objective since the beginning of the case has been to revive and pursue uncertified pre-petition litigation. Immediately upon the commencement of the case, the Zonolite Attic Insulation ("ZAI") claimants asked Judge Farnan to ignore the protections afforded by Chapter 11 and simply allow the continuation of existing litigation outside of Delaware. When that effort failed, the same claimants sought (after an unexplained silence and on the eve of the hearing on Grace's CMO motions) to dismiss the Chapter 11 case outright and to certify their Rule 23 class. The fact is that the Chapter 11 case cannot thus be blinked away and its special rules and procedures ignored. While the merits of the pending certification motions are not before the Court and are not addressed in detail here, the following brief focuses specifically on the immediate issue of whether the Court is unable to approve a bar date notice and process without first deciding class certification, demonstrating that class certification can and should be dealt with down the road, after the claims have come in.

Considering class action issues now would simply forestall identification of putative claimants, and indeed could *create* litigation. To certify a class in lieu of requiring each claimant to file her proof of claim would forestall any meaningful estimation of the potential liabilities of the

estate. Not knowing who the claimants are makes it much more difficult for the parties to negotiate and the Court to approve a plan of reorganization -- the very reason these cases were filed. Furthermore, any class litigation will be prolonged and inefficient.

## I. Bar Date Notice Requirements Are Identical To Class Action Notice Requirements, So There Is Simply No Need To Consider Class Action Issues Now

Regardless of whether a notice to claimants is labeled a "bar date notice" under the Bankruptcy Rules or a "class action notice" under the Federal Rules of Civil Procedure, the content of the notice will be the same. Indeed, "notice requirements are mandated by the principle of due process which applies equally to bankruptcy cases and non-bankruptcy cases under our system of jurisprudence." In the Matter of Chapman, 265 B.R. 796, 809 (Bankr. N.D.Ill. 2001) (citing City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953)).

### A. Notice Requirements Under Both The Bankruptcy Rules and Rules of Civil Procedure Are The Same

Whether notice is disseminated pursuant to Fed.R.Bankr.P. 2002(a)(7) or Fed.R.Civ.P. 23, it must (1) be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action;" (2) "afford [interested parties] an opportunity to present their objections;" (3) "be of such a nature as reasonably to convey the required information;" and (4) "afford a reasonable time for those interested to make their appearance." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Because the requirements of a bar date notice under Fed.R.Bankr.P. 2002(a)(7) and notice of a class action under Fed.R.Civ.P. 23 arise out of the same case -- Mullane -- there is simply no need for the Court to consider class action issues now. In fact, the Court will be better able to

make an informed decision about whether class action is appropriate, or even permissible, after it can be determined through the claims process who the actual claimants are.

> **B. It Is Not Proper For Either Bar Date Notice Or Class Action Notice To Address The Merits Of A Particular Claim**

Neither a bar date notice, nor a class action notice should address the merits of a particular claim. Notice must instead be "scrupulously neutral." Grunin v. Int'l House of Pancakes, 513 F.2d 114, 122 (8th Cir. 1975); see Weinberger v. Kendrick, 698 F.2d 61, 70 (2d Cir. 1982); see also Hitt v. Nissan Motor Co., Ltd., 552 F.2d 1088, 1104 (5th Cir. 1977).

A notice warning claimants of potential hazards, which is really what the claimants seek here, would be improper. First, any such a warning would constitute a form of injunctive relief sought by the claimants. Injunctive relief requires a showing that irreparable harm would result if the injunction is not granted -- a showing these claimants failed to meet in the past and could not make now. See Barbanti et al. v. W.R. Grace & Company - Conn., No. 00-2-01756-6 (Sup. Ct., Wa. Spokane Co. Order dated Jan. 31, 2001) (refusing to permit claimants asserting exact same claims as the claimants here to send notice warning of alleged potential danger of ZAI). See also German v. Federal Home Loan Mortgage Corp., 168 F.R.D. 145, 160 (S.D.N.Y. 1996) (refusing to permit dissemination of notice warning of the danger of the presence of lead paint in public housing).

Second, "warning notices" are disfavored because they lead to the "undesirable solicitation of claims." See German, 168 F.R.D. at 161. "Seeking out and notifying sleeping

potential plaintiffs"[1] is not the purpose of the Rule 23 notification requirements. Rather, the purpose is only to apprise potential claimants of the pendency of the action. Mullane, 339 U.S. at 314.

## II.    The Court Should Address Class Certification After The Claims Have Come In

Under the approach advocated by the class claimants, the first step in the litigation would be certification of their purported classes. However, class certification should not even be considered now because the issue is not properly before the Court. As detailed below, the Third Circuit has not yet had the opportunity to address the bankruptcy class action doctrine created by the Seventh Circuit in the American Reserve case, permitting class proofs of claim. And, even if this Court were to follow the reasoning in American Reserve, a bar date would still need to be set and a class proof of claim filed. Even if the Court determines that class proofs of claim are sometimes permissible under the Code, the Court should exercise its discretion to disallow them here.

### A.    The Third Circuit Has Not Had the Opportunity To Address -- And Should Not Adopt -- The New Law Created By the Seventh Circuit In American Reserve

The Third Circuit has not yet had the opportunity to rule on the propriety of class proofs of claim, and the district courts within the Third Circuit are split on the issue. Bankruptcy

---

[1] Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 181 (1989) (J. Scalia, dissenting) (disagreeing with the majority's decision to permit courts to authorize notice to round up plaintiffs to pursue claims under the Age Discrimination in Employment Act).

law should not allow for class proofs of claim.

### 1. Neither the Bankruptcy Code Nor the Bankruptcy Rules Permits Class Proof of Claim.

The Bankruptcy Code does not expressly authorize one creditor to file a proof of claim on behalf of another creditor. See In re Allegheny Int'l, Inc., 94 B.R. 877, 878-79 (Bankr. W.D.Pa. 1988). Under the plain language rule of statutory construction, absent a clearly expressed legislative intention to the contrary, the statutory language must be regarded as conclusive. See Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3d Cir. 1998).

Section 501 of the Code states: "A creditor or an indenture trustee may file a proof of claim."[2] A "creditor" is defined under the Code as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). An entity is a "person, estate, trust, governmental unit, and United States Trustee." 11 U.S.C. § 101(15). "Nowhere in the Code is 'creditor' defined as a class or 'representative' of a group or class." Allegheny, 94 B.R. at 880. A putative class representative is simply not among those permitted to file a proof of claim under the Bankruptcy Code.

The Bankruptcy Rules provide further support for the conclusion that class proofs of claim are invalid. Under the Bankruptcy Rules, where someone other than the creditor is permitted to file a claim, there are specific requirements that must first be satisfied. For example, Rule 2019(a)

---

[2] Section 501, in relevant part, reads:
    (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
    (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
    (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file proof of such claim.

5

requires that every entity or committee representing more than one creditor file a verified statement setting forth the name and address of the claimant, the amount of the claim, and the pertinent facts relating to the claim. A class representative cannot possibly comply with Rule 2019 since many class members are unidentified and may be unidentifiable. See Allegheny, 94 B.R. at 880.[3] Rule 3001(b) permits "authorized" agents to file proofs of claim on behalf of creditors, but a self-appointed class representative is not an authorized agent. In order to comply with Rule 3001(b), a class representative would have to obtain authorization from each individual class member, thus precluding filings on behalf of unidentified claimants. See In re Standard Metals Corp., 817 F.2d 625, 631 (10th Cir. 1987). Further, Rule 3003(c)(2) allows a debtor's creditor to participate in voting and distribution of estate assets only where that creditor has filed a proof of claim. This "stringent requirement" is simply not satisfied where a class representative files a proof of claim on behalf of absent class members. See Standard Metals, 817 F.2d at 630-32.

### 2. The Seventh Circuit Created New Law When It Decided American Reserve.

The Seventh Circuit, in In re American Reserve, 840 F.2d 487 (7th Cir. 1988), held that class proofs of claim may be permissible under certain circumstances. The court reasoned that because Bankruptcy Rule 9014 permits the court to, "at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply," it could apply Bankruptcy Rule 7023 (and thus Fed.R.Civ.P. 23) at the claims-filing stage – thereby characterizing the claims-filing period as a stage in a contested matter.

---

[3] In re Peters, 90 B.R. 588, 595 (Bankr. N.D.N.Y. 1988); see also In re Vestra Industries, Inc., 82 B.R. 21, 22 (Bankr. D.S.C. 1987).

6

The Seventh Circuit's ruling that class actions are allowed in contested bankruptcy matters is not in itself problematic, and is consistent with the Rules. However, the court's determination that class proofs of claim are permissible in lieu of the filing of actual claims because the claim-filing period is a "stage" in a contested matter is not only inconsistent with Rules 9014 and 7023, but it also disregards the other Bankruptcy Rules discussed above, which circumscribe the situations in which a third party may file a claim on behalf of another. See In re Firstplus Financial, Inc., 248 B.R. 60, 69 (Bankr. N.D. Tex. 2000). The filing of an individual proof of claim by the claimant, rather than a putative class representative, is not a requirement that may be dispensed with under the Bankruptcy Rules.

### 3. The Third Circuit Has Not Adopted American Reserve

The Third Circuit has not adopted American Reserve, and at least one district court in this Circuit has declined to follow that case. See In re Appliance Store, Inc., 158 B.R. 384, 387 (Bankr.W.D.Pa. 1993).[4] Another district court in the Third Circuit held that class proofs of claim may be used in "appropriate contexts, but that such contexts should be chosen most sparingly." In re Sacred Heart Hospital of Norristown, 177 B.R. 16, 22 (Bankr.E.D.Pa. 1995).

### B.   Even Under American Reserve, Class Certification Should Be Addressed After The Bar Date

A claims bar date had been set and the time for filing such claims had passed before the court addressed the class issues in American Reserve. 71 B.R. 32, 33 (N.D. Ill. 1987).

---

[4] In re Mechem Financial, Inc., 125 B.R. 151, 153 (Bankr. W.D. Pa. 1991); In re Allegheny Int'l, Inc., 94 B.R. 877, 879-80 (Bankr. W.D. Pa. 1988).

The purported class claimants had filed a timely proof of claim in the bankruptcy case on behalf of themselves and all other policyholders of the debtor. As noted, the Seventh Circuit held that the bankruptcy court had the discretion to consider the class proof of claim, but also emphasized on remand that the bankruptcy court should consider whether sending a bar date notice and claims forms to the individual policyholders "might achieve the principal benefit of the class action device while preserving what the district court saw as the principal benefits of individual claims." 840 F.2d at 494. (Unlike Grace, the debtor in that case had refused to send the policyholders notice of the bar date.) Here, that determination can best be made after the notice program has been implemented and individual proofs of claim filed.

### C.    The Class Claimants' Approach Would Nullify The Bar Date Requirement

Pursuant to Fed.R.Bankr.P. 3003(c)(3), the Court must set a claims bar date, and all potential claimants are then required under § 501 of the Bankruptcy Code to file a proof of claim. Certification of a class prior to the bar date would nullify the bar date, and thereby forestall identification of the actual claimants and disclosure of their claims for the entire litigation. Indeed, the number of claimants and the size of the Debtors' potential liability would remain unknown until the very end of the class litigation process, when each claimant (assuming liability were established) would have to come forward to assert a claim in order to collect.

### III.    This Court Can And Should Foreclose Class Litigation

This Court clearly has the discretion under American Reserve to foreclose class litigation even before reaching any Rule 23 class certification issues, and should do so here.[5] See

---

[5] See e.g., In re First Interregional Equity Corp., 227 B.R. 358, 366 (Bankr. D.N.J. 1998) ("The court may . . .
(continued...)

8

American Reserve, 840 F.2d at 494 ("the bankruptcy judge did not recognize that he has discretion under Rule 9014 not to apply Rule 7023 -- and therefore not to apply Rule 23 -- in this 'contested matter.'")  The Debtors will briefly preview some of the arguments we would make against a class certification motion, were such a motion to be filed after the claims bar date:

### A. The Key Issues Can Be Litigated Under FRCP 42 Without A Class

As detailed in our Informational Brief and Case Management Order briefs, this Court has authority under Rule 42 to consolidate for joint hearing or trial all claims involving common questions of fact or law.  Class action litigation is simply not needed to resolve the common issues in these cases fully and efficiently.

### B. Class Litigation Would Be Lengthy And Counterproductive

Class certification litigation would necessarily delay the resolution of these cases. Discovery and a contested evidentiary hearing would be required to resolve Rule 23 class issues, such as significant individual issues arising out of the different types of homes in which ZAI is present and the different conditions in which ZAI has been installed.

The potential ZAI class claims are so large (claimants have said removal of all of the ZAI from a million homes would cost perhaps $8 billion to $10 billion) that interlocutory

---

(...continued)
exercise its discretion under Bankruptcy Rule 9014 whether to apply Rule 23 . . ."); In re Sacred Heart Hospital of Norristown, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (the cases in which class proofs of claim are used should be "chosen most sparingly."); In re Mechem Financial, Inc., 125 B.R. 151, 153 (Bankr. W.D. Pa. 1991) ("[d]ecisions holding that class proofs of claim are permissible leave to the discretion of Bankruptcy Courts whether or not to allow a class proof of claim in a particular proceeding."); Reid v. White Motor Corp., 886 F.2d 1462, 1470 (6th Cir. 1989) (bankruptcy judges have "wide discretion . . . in considering certification of class proofs of claim . . ."); In re Charter Co., 876 F.2d 866, 873 (11th Cir. 1989) (recognizing the ability of a bankruptcy judge to exercise "his discretion not to apply Rule 23"); In re Chateaugay Corp., 104 B.R. 626, 634 (S.D.N.Y. 1989) (finding that the bankruptcy court "must exercise its discretion . . . to apply or not apply Rule 7023").

appeals of any grant of class certification would be inevitable.

The delays and confusion would continue even after any appeals were concluded. Notice would have to be sent to all class members informing them of their right to opt-out of the class and pursue their claims individually. This opt-out notification likely would cause confusion among putative class members, who already would have received a bar date notice.

Moreover, giving potential class members a second chance to file a proof of claim after the initial bar date had passed would raise serious due process issues for those creditors who filed timely proofs of claim.

Only after class certification litigation, an interlocutory appeal, and notices to potential claimants, could this Court begin to adjudicate the issues common to all claimants within a particular class. That common issue adjudication is what the Debtors' approach would achieve at the very beginning.

Dated: February 15, 2002

                        Respectfully submitted,

                        KIRKLAND & ELLIS
                        David M. Bernick
                        James H.M. Sprayregen
                        Andrew R. Running
                        Kellye L. Fabian
                        200 East Randolph Drive
                        Chicago, IL 60601
                        (312) 861-2000
                        (312) 861-2200 (fax)

                        REED SMITH LLP
                        James J. Restivo, Jr.
                        Paul M. Singer
                        Douglas E. Cameron
                        435 Sixth Avenue
                        Pittsburgh, PA 15219-1886
                        (412) 288-3131

-and-

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*[signature]*

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
Wilmington, DE 19801
(302) 652-4100
(302) 652-4400 (fax)

Co-Counsel for the Debtors and
Debtors in Possession