# EXHIBIT L

FILED

[illegible stamp]

LOU ALEYSON JR CLERK

BY [illegible]

1   McGARVEY, HEBERLING, SULLIVAN & McGARVEY, P.C.
    745 South Main
2   Kalispell, MT 59901

3   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
4   Embarcadero Center West, 30th Floor
    275 Battery Street
5   San Francisco, CA 94111

6   NESS MOTLEY LOADHOLT RICHARDSON & POOLE
    151 Meeting Street, Suite 600
7   P.O. Box 1137
    Charleston, SC 29402
8
    LUKINS & ANNIS, P.S.
9   1600 Washington Trust Financial Center
    717 W Sprague Ave.
10  Spokane, WA 99201-0466

11  COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
    999 Third Avenue, Suite 3600
12  Seattle, WA 98104

13  Attorneys for Plaintiffs

14          UNITED STATES DISTRICT COURT

15             DISTRICT OF MONTANA

16               MISSOULA DIVISION

17  PAUL PRICE, JOHN PREBIL and              No.   C V  00 - 71 - M - DWM
        MARGERY PREBIL, on behalf of themselves
18  and all others similarly situated,

19                  Plaintiffs,
                                             CLASS  ACTION  COMPLAINT  FOR
20          v.                               INJUNCTIVE RELIEF AND DAMAGES

21  W.R. GRACE & COMPANY (a Delaware          JURY TRIAL DEMANDED
    corporation); W.R. GRACE & COMPANY-
22  CONN (a Connecticut corporation); W.R.
    GRACE & CO., a/k/a GRACE, an association
23  of business entities; SEALED  AIR
    CORPORATION (a Delaware corporation),
24
                  Defendants.
25

26

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

# I. INTRODUCTION

1.      Defendants mined and manufactured in Montana and sold throughout Montana and the United States Zonolite Attic Insulation knowing that this product contained dangerous levels of readily loftable tremolite and other forms of asbestos (hereinafter "asbestos"). Defendants concealed the dangerous character of Zonolite Attic Insulation from consumers, public officials, and the general public.  In the aftermath of this wrongdoing, the proposed plaintiff Class of owners and occupiers of real property throughout the United States remain unaware of substantial dangers to themselves and their properties posed by the presence of Zonolite Attic Insulation in their homes.  Class members remain unaware of important safeguards necessary to forestall future exposure to hazardous levels of asbestos contained in Zonolite Attic Insulation.  In order to protect themselves from the hazards of Zonolite Attic Insulation, Class members, further, must restrict their use and enjoyment of their real property, while implementing appropriate operations and maintenance practices to protect the health and safety of themselves and the general public.

2.      This action seeks preliminary and final injunctive and equitable relief, as well as compensatory relief, in order to advance public health and safety and to compensate property owners for harm suffered.

## II. PARTIES

3.      Plaintiff, Paul Price, is a resident of Columbia Falls, Montana, and owner of real property in which Zonolite Attic Insulation has been installed located in Montana.  Paul Price is prepared to serve as representative of the Class proposed herein.

4.      Plaintiffs, John Prebil and Margery Prebil, are residents of Helena, Montana, and owners of real property in which Zonolite Attic Insulation has been installed located in Montana.

1  John Prebil and Margery Prebil are also prepared to serve as representative of the Class proposed

2  herein.

3      5.      Defendant, W.R. Grace & Company-Conn (hereinafter "Grace Connecticut"), is a

4  corporation organized and existing under the laws of the State of Connecticut, with its principal

5  place of business in Columbia, Maryland. At all times relevant to facts alleged in this Complaint,

6

7  Grace Connecticut, or its predecessor in interest, was engaged in the business of mining

8  manufacturing, marketing, distributing, and selling Zonolite Attic Insulation throughout the

9  United States, including throughout Montana.

10     6.      Defendant, W.R. Grace & Company (Delaware) (hereinafter "Grace Delaware"),

11  is a corporation organized and existing under the laws of the State of Delaware, with its principal

12  place of business in Columbia, Maryland. Grace Delaware is an alter ego of Grace Connecticut

13  and it is a successor corporation which is liable for the actions of predecessor companies,

14  including W.R. Grace & Co.-Conn., W.R. Grace & Co., a New York corporation, Grace

15  Holding, Inc., Montana Vermiculite Company, and Zonolite Company with respect to the claims

16  and allegations of this complaint. At times relevant to facts alleged in this Complaint, Grace

17  Delaware was, de facto, a manufacturer and seller of Zonolite Attic Insulation throughout the

18  

19  United States, including Montana.

20     7.      Defendant, W. R. Grace & Co., a/k/a GRACE, is an association of corporations,

21  conglomerates, holding companies, and other business entities and persons transacting business in

22  Montana under the common name "W.R. Grace & Co." and/or "GRACE." The associated

23  persons so conducting business include Grace Holding, Inc., a Delaware corporation, W.R. Grace

24  and Co., a New York corporation, W.R. Grace & Co., a Delaware corporation, W.R. Grace and

25  

26  Co.-Conn., a Connecticut corporation, and other corporations, subsidiaries and business entities.

1   This association of business entities is hereinafter referred to as "the Grace Association".

2        8.    Defendant, Sealed Air Corporation (hereinafter "Sealed Air"), is a Delaware

3   corporation and a successor corporation which is liable for the actions of predecessor companies,

4   including W.R. Grace & Co., a Delaware corporation ("old Grace"), W.R. Grace & Co.-Conn.,

5
    W.R. Grace & Co., a New York corporation, Grace Holding, Inc., Montana Vermiculite
6
7   Company, and Zonolite Company with respect to the claims and allegations of this complaint.

8   Sealed Air's principal place of business is Saddle Brook, New Jersey.  Sealed Air was created and

9   W.R. Grace renamed "Sealed Air" in an attempt to fraudulently shield the assets of the above-

10  named defendants from anticipated liability for asbestos claims, including the claims asserted in

11  this Complaint.  Sealed Air does business in the State of Montana.

12       9.    Grace Connecticut, Grace Delaware, the Grace Association, and Sealed Air are

13  hereafter collectively referred to as "Grace."

14                        III.  JURISDICTION AND VENUE

15
         10.   This Court has subject matter jurisdiction over this civil action pursuant to 28
16
17  U.S.C. 1332.  The amount in controversy, that is the amount necessary to effectuate the claims

18  for injunctive, equitable and monetary relief, exclusive of interest and costs, exceeds $75,000.

19       11.   This Court has personal jurisdiction over each of the parties.

20       12.   Venue in this matter is proper in the Missoula division.

21                             IV.  FACTS

22       13.   Defendants are manufacturers, distributors, and sellers of Zonolite Attic Insulation.

23       14.   Zonolite Attic Insulation is chiefly composed of expanded vermiculite ore.
24
         15.   The predominant source of vermiculite ore used by Grace in the production of
25
26  Zonolite Attic Insulation was Grace's vermiculite mine located on Zonolite Mountain, near Libby,

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES                          4
C \MyFiles\ASBESTOS\CLASS ACTIONS PRICE-PREBIL CLASS ACTION\PLEADINGS\PRICE - Attic Fill Complaint wpd

1  Montana.

2  16.    Grace transported vermiculite ore from Zonolite Mountain to expansion plants

3  throughout the United States for purposes of manufacturing the finished insulation product,

4  Zonolite Attic Insulation.

5  17.    Zonolite Attic Insulation manufactured, distributed, and sold by Defendants was

6
7  purchased and installed in attics of thousands of homes, businesses, and other properties located

8  throughout the State of Montana and the United States.

9  18.    Plaintiffs are owners of real property in which Zonolite Attic Insulation

10  manufactured and sold by Defendants was installed, which insulation was manufactured from

11  vermiculite ore originating from Grace's Libby, Montana, mine.

12  19.    Zonolite Attic Insulation manufactured by Defendants from Libby vermiculite ore

13  is contaminated with asbestos, including tremolite, a rare and exceedingly deadly form of

14  asbestos.

15
16  20.    Zonolite Attic Insulation is a loose-fill type insulation.  Asbestos contained in

17  Zonolite Attic Insulation takes the form of microscopic dust that is readily suspended, re-

18  suspended, and lofted into the air upon the slightest disturbance of Zonolite Attic Insulation. Once

19  suspended, asbestos fibers maintain their fog-like airborne status for extended periods of time, are

20  readily transported by natural air currents, and represent a continuing source of exposure.

21  21.    Tremolite asbestos itself consists of sharp, microscopic needle-like fibers that are

22  readily inhaled and easily pierce and lodge in the lining of the lungs.  The lungs are unable to

23  remove tremolite asbestos that penetrates the lung tissue, and fibers are not washed out of the

24  lung tissue by blood.  As a result, the assaulted lung areas become inflamed, in time heavily

25  scarred, and ultimately fail to function.  For persons inflicted with this slow and lingering disease

26

1    process, it becomes increasingly difficult to breathe.  Ultimately, the person suffocates.

2        22.    Asbestos is a virtually indestructible substance.  There is no known safe level of

3    exposure to asbestos.

4        23.    Asbestos is a known human carcinogen.  Inhalation of asbestos fibers, either

5    through chronic exposure or one-time heavy exposure, can lead to mesothelioma (a diffuse cancer

6    which spreads over the lung lining surface), lung cancer, asbestosis, and other pulmonary diseases

7    that are progressive and often fatal.

8

9        24.    Disturbance of Zonolite Attic Insulation exposes individuals to heavy doses of

10   airborne asbestos sufficient to cause mesothelioma, lung cancer, asbestosis, and other serious

11   pulmonary diseases.

12       25.    At all times material to allegations made in this Complaint, Defendants had actual

13   knowledge that Zonolite Attic Insulation manufactured from Libby, Montana, vermiculite was

14   dangerously contaminated with asbestos.

15

16       26.    At all times material to allegations made in this Complaint, Defendants had actual

17   knowledge that exposure to Zonolite Attic Insulation in the ordinary use of that product, exposed

18   users to dangerous levels of asbestos dust.

19       27.    Zonolite Attic Insulation manufactured by Defendants has caused asbestos

20   contamination to real property in which that product has been installed.

21       28.    Individuals engaged in ordinary activities commonly associated with property

22   ownership disturb Zonolite Attic Insulation, lofting dangerous levels of asbestos into the air they

23   breathe.  Such activities include use of attic spaces for storage of personal belongings, home

24   maintenance activities that involve accessing attic space, home remodeling, installing or replacing

25   of electrical fixtures, upgrading of attic insulation, and use of attic spaces by children for play.

26

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C  MyFiles:ASBESTOS:CLASS ACTIONS:PRICE-PREBIL:CLASS ACTION:PLEADINGS:PRICE - Attic Fill Complaint.wpd

29.    Asbestos dust contained in Zonolite Attic Insulation can readily migrate from attic spaces into living spaces in homes, constituting a present threat to persons occupying those homes.

30.    Individuals engaged in their ordinary use and enjoyment of their real property in which Zonolite Attic Insulation is installed are exposed to levels of asbestos threatening to their health and safety.

31.    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that Zonolite Attic Insulation contains dangerous levels of asbestos and are unaware of the health risks associated with asbestos.

32.    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that disturbing of Zonolite Attic Insulation exposes individuals to dangerous levels of asbestos.

33.    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that Zonolite Attic Insulation has contaminated their real property.

34.    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that prudence requires limitation of activities so as to avoid exposure to asbestos dust contained in Zonolite Attic Insulation.

35.    While consumers remain essentially unaware of the substantial dangers posed by Zonolite Attic Insulation, Defendants were aware of, and engaged in an intentional pattern and practice of concealing, the dangers associated with Zonolite Attic Insulation.

36.    From approximately 1930 until 1963, Zonolite Company operated the vermiculite mining and processing plant on Zonolite Mountain.   Grace acquired the Libby vermiculite mine from Zonolite Company in 1963.  Grace had actual knowledge at the time of its purchase that the

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C.\MyFiles\ASBESTOS.CLASS ACTIONS\PRICE\PREBIL CLASS ACTION\PLEADINGS\PRICE - Attic Fill Complaint.wpd

7

1    vermiculate ore from Zonolite Mountain used to manufacture Zonolite Attic Insulation was

2    heavily contaminated with tremolite asbestos.  Grace was aware of reliable estimates that ore

3    originating from Zonolite Mountain regularly contained in excess of 20% asbestos.

4           37.    At all times material to facts alleged in this Complaint, Defendants had actual

5    knowledge that asbestos was extraordinarily dangerous and that exposure to even minuscule

6
     levels of asbestos causes potentially fatal diseases, including asbestosis, lung cancer, and
7
8    mesothelioma.

9           38.    Grace was aware of secret medical tests by Zonolite Company that demonstrated

10   that a substantial portion of Zonolite Company's workforce had contracted lung diseases as a

11   result of asbestos contained in the vermiculite used to manufacture Zonolite Attic Insulation.

12   These included the July 20, 1959 report to Raymond Bleich, an August 25, 1964 report to Joseph

13   Kelley, a January 29, 1965 report from Dr. Spicer, and a December 23, 1969 in-house study

14   showing lung disease in 92% of long term workers.
15
            39.    In the 1970's, Defendants conducted internal tests confirming high incidents of
16
17   lung disease among workers exposed to vermiculite used in the manufacture of Zonolite Attic

18   Insulation, including an in-house study reported in a May 24, 1977 memo showing these workers'

19   risk of cancer was "five times the national average."

20          40.    Despite actual knowledge of the health risks associated with Zonolite Attic

21   Insulation, Defendants continued to aggressively manufacture, promote, distribute, and sell

22   Zonolite Attic Insulation, while concealing and/or failing to disclose the substantial risks of
23
     disease associated with asbestos exposure.
24
            41.    Grace conducted secret animal tests that demonstrated an association between
25
26   tremolite asbestos and mesothelioma, including Dr. W. Smith's biological testing (final report

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C:\MyFiles\ASBESTOS\CLASS ACTIONS\PRICE\PREBIL CLASS ACTION\PLEADINGS\PRICE - Attic Fill Complaint.wpd

8

May 25, 1978). Despite these findings confirmed by its own tests, Grace publicly denied the existence of a relationship between tremolite asbestos exposure and mesothelioma, including in a letter dated May 8, 1979 to county health officer Dr. Richard Irons.

42.    Despite knowledge of the unreasonable risks to human health, Defendants intentionally chose to not warn the public of health risks associated with Zonolite Attic Insulation, including the advised decision "not to affix labels" on attic insulation products (May 24, 1977). Defendants' decision to conceal from the public such health risks was predicated on Defendants' calculation of the financial reward to Defendants should the public be kept uninformed. Written analysis of the financial consequences include a May 24, 1977 "Zonolite Profitability Impact" projecting a "10-50% reduction in sales volume that would result from a requirement to label our products as containing asbestos."

43.    Until Grace withdrew Zonolite Attic Insulation from the market in 1984, Defendants affirmatively and actively engaged in steps to conceal the toxicity and dangers of Zonolite Attic Insulation from the public and from government agencies charged with police powers to protect public health and safety.

44.    In the 1970s, state and federal officials cited various plants belonging to Grace for excessive asbestos exposure levels, including those summarized in the September 21, 1971 memo to R.M. Coquillette. Grace did not normally consider controls to abate these levels "until a citation issued" and then it proceeded to address each plant "singly as they are forced to comply."

45.    Grace falsely and/or misleadingly represented to government officials that Zonolite Attic Insulation had been treated with a binder (a substance that would prevent deadly tremolite fibers from being released into the air) while, in fact, no such binder had been successfully developed or applied to Defendants' Zonolite Attic Insulation product.

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

9

46.     Grace failed to test adequately or properly the use of a binder in preventing hazardous exposure to asbestos.

47.     Although Defendants publicly represented that Zonolite Attic Insulation posed no health hazard, internal Grace memoranda, including a May 24, 1977 memo from Wood to Brooks and Graf, demonstrate that Grace knew that Zonolite Attic Insulation posed an unreasonable risk to human health with exposure "concentrations upward of 15 f/ml," and that Grace anticipated that Zonolite Attic Insulation would "eventually be banned" by government agencies.

48.     As early as 1977, Grace drafted a press release, stating that it was "sufficiently concerned about the entire issue of asbestos and associated health hazards to discontinue this product [Zonolite Attic Insulation]."  Despite Grace's actual knowledge that Zonolite Attic Insulation posed a substantial hazard to the consuming public, Grace determined to withhold this important press release, to conceal the health hazards associated with Zonolite Attic Insulation, and to continue to aggressively sell Zonolite Attic Insulation for an additional seven years.

49.     Defendants had superior knowledge, as compared with the consuming public and government enforcement agencies, with respect to the health dangers posed by Zonolite Attic Insulation, but concealed their knowledge of the health dangers associated with their product because they believed that asbestos contained in Zonolite Attic Insulation would go undetected.

50.     As a proximate result of Defendants' conduct, there is a present, compelling, and immediate need to provide appropriate warnings to the public of the health dangers associated with Zonolite Attic Insulation.  Necessary warnings include:

A.     Warning that Zonolite Attic Insulation contains tremolite, an especially dangerous form of asbestos, and that persons should avoid exposure to Zonolite Attic Insulation.

B.     Warning that disturbing of Zonolite Attic Insulation exposes individuals to

1    hazardous levels of asbestos.

2        C.    Warning that persons should not enter or use attic spaces in properties

3    believed to contain Zonolite Attic Insulation, together with advisories on how to identify Zonolite

4    Attic Insulation.

5        D.    Warning that tests should be conducted on properties where Zonolite Attic

6    Insulation has been disturbed and that disturbance poses a threat that asbestos may have been

7    transported to living spaces of that property.

8

9        E.    Warning that property owners and occupants where Zonolite Attic

10   Insulation has been installed should not engage in remodeling or other activities that involve the

11   disturbance of Zonolite Attic Insulation until an asbestos containment plan has been established by

12   qualified asbestos abatement personnel.

13       51.    As a direct and proximate result of Defendants' conduct, real properties of

14   Plaintiffs and Class members have been contaminated with asbestos, requiring the development of,

15   and implementation of, an appropriate operations and maintenance program to limit further

16   exposure to dangerous levels of asbestos.

17

18       52.    As a direct and proximate result of Defendants' conduct, Plaintiffs and Class

19   members will incur substantial costs of property remediation, restoration, and asbestos abatement.

20       53.    As a direct and proximate result of Defendants' conduct, owners of real property

21   in which Zonolite Attic Insulation has been installed have been interfered with in their use and

22   quiet enjoyment of their real property.

23       54.    Plaintiffs and members of the Class possess property interests in claims against

24   various Grace defendants for harms arising out of conduct asserted in this Complaint.

25

26       55.    Grace defendants knowingly caused injury to the property interests of Plaintiffs

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES                        11

C:\MyFiles\ASBESTOS\CLASS ACTIONS\PRICE\PREBIL CLASS ACTION\PLEADINGS\PRICE - Attic Fill Complaint.wpd

and Class members, including through actions to fraudulently shield assets of one another for purposes of evading asbestos liability.

## V. CLASS ACTION ALLEGATIONS

56.    Plaintiffs bring this action as a class action for injunctive, equitable, and monetary relief pursuant to Rules 23(b)(1)(A), 23(b)(2) and/or 23(b)(3), F.R.Civ.P. on behalf of themselves and a defined class of similarly situated individuals.  The Class is defined as: All owners or occupiers of real property located in the United States in which Zonolite Attic Insulation has been installed.

57.    The members of the Class are so numerous that their joinder is impracticable.

58.    There are questions of law and fact common to the Class.  Members of the Class share a well-defined community of interest in the questions of law and fact that affect members of the Class, which questions predominate over questions solely affecting individual members. Illustrative common issues of law and fact include, but are not limited to:

A.    Whether Zonolite Attic Insulation designed, manufactured, and sold by Defendants is not reasonably safe in its design and/or manufacture in that it contains dangerous levels of readily airborne asbestos.

B.    Whether Defendants failed to provide adequate warnings in connection with Zonolite Attic Insulation.

C.    Whether asbestos, contained in Zonolite Attic Insulation and installed in homes, constitutes a present threat to public health and safety.

D.    Whether Zonolite Attic Insulation installed in homes constitutes a present threat to health and safety in that owners and occupants, engaged in their ordinary use and enjoyment of their properties, will be exposed to dangerous levels of asbestos.

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C :MyFiles ASBESTOS CLASS ACTIONS PRICE-PREBIL CLASS ACTION PLEADINGS PRICE - Attic Fill Complaint.wpd

12

E.    Whether owners and occupiers of properties in which Zonolite Attic Insulation are installed are unaware of, or unappreciative of, dangers posed by this product, unaware of safeguards that must be taken to avoid harmful exposure to asbestos, unaware of operations and maintenance practices appropriate to properties where Zonolite Attic Insulation is installed, and unaware of the necessity to, and prudent means by which to, engage in such activities as testing, remediation, removal, or abatement.

F.    Whether Defendants concealed from consumers and government agencies responsible for public health, material information concerning the health hazards associated with Zonolite Attic Insulation.

G.    Whether Defendants' public announcements, statements, or representations concerning Zonolite Attic Insulation were untrue, deceptive, or misleading.

H.    Whether Defendants' public announcements, statements, or representations with respect to Zonolite Attic Insulation had a capacity to deceive a substantial portion of the consuming public.

I.    Whether Grace's uniform practices of representing Zonolite Attic Insulation as asbestos free and safe constitute unfair or deceptive business practices.

J.    Whether preliminary injunctive relief is warranted, including warnings to the public regarding Zonolite Attic Insulation.

K.    Whether members of the Class have suffered harm to their property interests in that the presence of Zonolite Attic Insulation requires property owners and property occupants to restrict their use and quiet enjoyment of their property.

L.    Whether Defendants' conduct with respect to Zonolite Attic Insulation warrants punitive damages.

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C :\MyFiles\ASBESTOS CLASS ACTIONS\PRICE-PREBIL CLASS ACTION\PLEADINGS\PRICE - Attic Fill Complaint.wpd

13

59.   The claims of Plaintiffs arise from the same events and course of conduct by Defendants that give rise to the claims of the other Class members. Plaintiffs are members of the Class they seek to represent and possess the same interests and have suffered the same injuries as other Class members, making Plaintiffs' claims typical of the claims of the Class generally.

60.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions and products liability litigation.

61.   Class certification is appropriate pursuant to Rule 23(b)(1)(A) because prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Grace.

62.   Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants have acted, or refused to act, on grounds generally applicable to the Class, in that Defendants have concealed and failed to disclose hazards associated with Zonolite Attic Insulation, rendering millions of homeowners unaware of present dangers in their homes and causing harms and hardship to those who do learn of this present danger. Defendants' common course of conduct makes appropriate preliminary and final injunctive and declarative relief.

63.   Class certification is appropriate pursuant to Rule 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and class-wide adjudication of Class members' claims is superior to other available methods for the fair and efficient adjudication of this controversy.

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C :MyFiles ASBESTOS CLASS ACTIONS PRICE PREBIL CLASS ACTION PLEADINGS PRICE - Attic Fill Complaint.wpd

14

# VI. CLAIMS FOR RELIEF

64.     Plaintiffs hereby assert each and every cause of action and remedy at law or in equity supported by facts alleged in this Complaint. The causes of action and remedies at law and in equity include, but are not limited to, each of the following:

## VII. STRICT PRODUCT LIABILITY

65.     Zonolite Attic Insulation is not reasonably safe in design and not reasonably safe in its manufacture in that it contains readily-loftable asbestos, exposing owners and occupiers of property to unreasonable dangers of injury and damage.

66.     Zonolite Attic Insulation manufactured by Defendants is defective in its design and formulation in that it poses dangers beyond that contemplated by an ordinary consumer, which dangers proximately caused harm to Plaintiffs and Class members.

67.     Zonolite Attic Insulation was not accompanied by appropriate or adequate warnings and not accompanied by appropriate or adequate instructions concerning the safe use, handling, or installation of the product, proximately causing harm to Plaintiffs and Class members.

68.     Zonolite Attic Insulation manufactured by Defendants was defective due to inadequate post-marketing warnings and/or instructions in that Defendants acquired actual knowledge of risks to health posed by Zonolite Attic Insulation, but failed to provide adequate warnings to users, consumers, or the public, proximately causing harm to Plaintiffs and Class members.

69.     As a direct, proximate and legal result of defendants dangerous product as described herein, the Plaintiffs and class members have sustained and will continue to sustain injury to their property and need for the relief prayed for herein for which Defendants are strictly liable. Injuries suffered include, but are not limited to, contamination of real and personal

property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

## VIII. NEGLIGENCE

70.    Plaintiffs hereby reallege and incorporate each allegation contained in the preceding paragraphs of this complaint.

71.    Defendants had a duty to exercise reasonable care in the manufacture, testing, distribution, and sale of Zonolite Attic Insulation, including a duty to ensure that its product did not pose unreasonable risk of harm to consumers and users, and including a duty to warn consumers and users of the nature degree and consequences of exposure to Defendants' asbestos laden Zonolite Attic Insulation.

72.    Defendants failed to exercise reasonable care in the manufacture, testing, distribution, warning, and sale of Zonolite Attic Insulation.

73.    As a direct, proximate and legal result of Defendants' negligence, Plaintiffs and members of the Class sustained and continue to sustain injuries including, but not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

## IX.  DECEIT, FRAUDULENT CONCEALMENT AND FRAUD BY NONDISCLOSURE

74.    Plaintiffs hereby reallege and incorporate each allegation contained in the preceding paragraphs of this complaint.

75.    Defendants knew that the properties of the Plaintiffs and the Class members were

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C:\MyFiles\ASBESTOS CLASS ACTIONS\PRICE-PREBIL CLASS ACTION\PLEADINGS\PRICE - Attic Fill Complaint.wpd

16

1  being contaminated with asbestos from Defendants' Zonolite Attic Insulation.

2      76.    Defendants deceived, concealed material facts from, and made material

3  misrepresentations to Plaintiffs and the Class, and otherwise knowingly misled the Plaintiffs and

4  the Class members so that they were unaware of the presence and/or hazards presented by the

5  asbestos contaminating their homes.

6      77.    Defendants engaged in a practice of issuing material misrepresentations of fact

7  regarding the safety of Zonolite Attic Insulation and tremolite, including misrepresentations to

8  consumers, governmental officials, and the general public.

9

10     78.    Defendants knew that the representations regarding Zonolite Attic Insulation and

11 tremolite were untrue and/or recklessly or negligently made such representations without regard

12 to their truth or falsity.

13     79.    Standardized misrepresentations include, but are not limited to, the

14 misrepresentation that tremolite is not hazardous, that Zonolite Attic Insulation is safe, that

15 pouring and disturbing the Zonolite Attic Insulation is "clean" and presents no need for a

16 protective mask, that Zonolite Attic Insulation "contains no harmful chemicals," and that Zonolite

17 Attic Insulation is a "non-asbestos product."

18

19     80.    Defendants' misrepresentations, concealment, and suppression of facts was done

20 with the intent to induce the plaintiffs and Class members to purchase Zonolite Attic Insulation

21 and/or forbear claims for damages or remediation.

22     81.    Based on their foregoing misrepresentations, course of conduct and superior

23 knowledge regarding the hazards of Zonolite Attic Insulation, Defendants had a duty to disclose

24 to Plaintiffs and class members the fact of asbestos content and/or hazards presented by the

25 asbestos contaminating the Zonolite Attic Insulation and their homes.

26

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

82.     Plaintiffs and the class members were unaware of and unable to discover the fact of asbestos content and/or hazards presented by the asbestos contaminating the Zonolite Attic Insulation and their homes.

83.     The foregoing facts, concealed and misrepresented by Defendants, were material, in that a reasonable person would have considered them important; Plaintiffs and the class members justifiably relied upon the non-existence of the concealed facts so as to act and/or refrain from acting and thereby suffered damage.

84.     As a direct, proximate and legal result of Defendants' deceit, the Plaintiffs and Class members have sustained and will continue to sustain injury to their property including, but not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

## X. **PUNITIVE DAMAGES**

85.     Defendants conduct as alleged herein was fraudulent and malicious such that punitive damages should be assessed against the Defendants in an amount sufficient to punish, deter and make example of the wrongful conduct.

## XI. **INJUNCTIVE RELIEF**

86.     Plaintiffs and members of the Class have no complete, speedy, or adequate remedy at law with respect to present and continuing dangers to public health and safety posed by Defendants' product.

87.     Absent preliminary and final injunctive relief, Plaintiffs, Class members, and the public at large, will suffer irreparable injury, including:

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C:\MyFiles\ASBESTOS CLASS ACTIONS\PRICE-PREBIL CLASS ACTION\PLEADINGS PRICE - Attic Full Complaint.wpd

18

A.    Unknowing exposure to hazardous levels of asbestos.

B.    Risks of contracting serious and commonly fatal diseases caused by exposure to asbestos.

C.    Unknowing and inadvertent contamination of real and personal property with hazardous levels of asbestos.

D.    Risks of engaging in ordinary uses of real property that spread dangerous levels of asbestos and expose persons to hazardous levels of asbestos.

88.    Plaintiffs and Class members are entitled to preliminary and final injunctive relief appropriate to safeguarding the public and themselves from exposure to Defendants' product.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court enter an order, decree, and judgment in favor of the Class and against Defendants, and each of them, as follows:

1.    An order certifying this action as a class action, or appropriate subclasses or issues thereof pursuant to Civil Rule 23(c)(4), appointing named Plaintiffs as Class Representatives, and designating undersigned counsel as counsel for the Class;

2.    Interim and final orders establishing a Defendant-funded Court-supervised identification program which, through use of Defendants' records, sales records, publication, and other means, will identify homes and buildings containing Zonolite Attic Insulation, together with a testing program to verify the suspected existence of Zonolite Attic Insulation in homes and other buildings.

3.    Interim and final orders establishing a Defendant-funded Court-supervised notification program that issues timely and pertinent warnings and information to property owners, public and private health agencies, and members of the building trades, including:

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

      a.     Warning that Zonolite Attic Insulation contains asbestos and that persons should avoid exposure to Zonolite Attic Insulation.

      b.     Pertinent advisories regarding how to locate and identify Zonolite Attic Insulation.

      c.     Warning that disturbance of Zonolite Attic Insulation exposes individuals to hazardous levels of asbestos.

      d.     Warning that persons should not enter areas containing Zonolite Attic Insulation without taking appropriate safety precautions.

      e.     Warning that tests should be conducted on properties where Zonolite Attic Insulation has been disturbed or where asbestos dust from Zonolite Attic Insulation may have been transported into living spaces.

      f.     Warning that property owners and occupants should not engage in remodeling or other building activities that risk disturbance of Zonolite Attic Insulation, and that such remodeling and building activities should be performed only by qualified personnel and in accordance with an asbestos containment plan.

4.     A final order establishing a Defendant-funded Court-supervised health and safety research and education trust, which conducts pertinent research and disseminates relevant findings to Class members, to public and private health agencies, to professional building trades associations, and to property owners, the missions of the trust to include development of a specialized operations and maintenance program that sets forth safety procedures and remediation techniques appropriate to Zonolite Attic Insulation contamination.

5.     A final order establishing a Defendant-funded Court-supervised remediation and containment program and fund, which will provide to Class members:

      a.     Information, techniques, procedures, and protocols for safe containment of the asbestos hazards during anticipated activities of repair, remodeling, storage, or other use of attic space, venting ceiling fans, etc.

      b.     Training, equipment, funding, and other assistance necessary to ensure a safe environment in homes and other buildings during and following repair,

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

maintenance, remodeling, and other activities which disturb Zonolite Attic Insulation.

c.     Training, equipment, funding, and other assistance necessary to contain and control asbestos hazards from undisturbed Zonolite Attic Insulation so as to ensure a safe environment in homes and other buildings during normal anticipated use.

6.     A judgment in favor of the Class and against Defendants, jointly and severally, in an amount to be determined at the time of trial to compensate Class members for damages suffered;

7.     An award of punitive damages against Defendants sufficient to punish, deter and make example of the wrongful conduct;

8.     An award of attorneys' fees and costs of suit as allowed by law; and

9.     For such other relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this ___/3___ day of April, 2000.

McGARVEY, HEBERLING, SULLIVAN
&McGARVEY, P.C.

By _____

Jon L. Heberling
Roger M. Sullivan
Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN &
McGARVEY, P.C.
745 South Main
Kalispell, MT 59901
Telephone: (406) 752-5566
Facsimile: (406) 752-7124

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

C:\MyFiles\ASBESTOS\CLASS ACTIONS\PRICE-PREBIL\CLASS ACTION\PLEADINGS\PRICE - Attic Full Complaint.wpd

21

1
2
3
4
5

Darrell W. Scott, WSBA# 20241
Michael G. Black, WSBA #19218
Mischelle R. Fulgham, WSBA #22210
Tonya R. Hanson, WSBA #29398
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Cntr
717 W Sprague Ave.
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

6
7
8
9
10
11

Elizabeth J. Cabraser, CSB # 083151
Richard M. Heimann, CSB # 063607
Donald C. Arbitblit, CSB # 122744
Fabrice N. Vincent, CSB # 160780
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

12
13
14
15
16
17

Edward J. Westbrook
Robert M. Turkewitz
Edward B. Cottingham, Jr.
Frederick J. Jekel
Christy Gruenloh
NESS MOTLEY LOADHOLT RICHARDSON
& POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9440

18
19
20
21

Steven J. Toll
Tamara J. Driscoll, MSBA # 4498
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
999 Third Avenue, Suite 3600
Seattle, WA 98104
Telephone: (206) 521-0080
Facsimile: (206) 521-0166

22
23
24
25

Richard S. Lewis
COHEN, MILSTEIN, HAUSFELD & TOLL
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3934
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

26

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES