# EXHIBIT M

1

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

W.R. GRACE & CO., et al.,  : CHAPTER 11
Debtors                     : Case No. 01-01139 (JJF)
                            : Jointly Administered

- - -

Wilmington, Delaware
Thursday, May 3, 2001
8:00 o'clock, a.m.

- - -

BEFORE: HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.

- - -

APPEARANCES:

    PACHULSKI, STANG, ZIEHL, YOUNG & JONES
    BY: LAURA DAVIS JONES, ESQ.

       -and-

    KIRKLAND & ELLIS
    BY: JAMES H.M. SPRAYREGEN, ESQ.,
        DAVID BERNICK, ESQ.
        JAMES W. KAPP, III, ESQ.,
        SAMUEL A. SCHWARTZ, ESQ.
        (Chicago, Illinois)

       Counsel for Debtors

    FRANK PERCH, ESQ.
    OFFICE OF THE UNITED STATES TRUSTEE

       Counsel for the United States Trustee

            Valerie J. Gunning
            Official Court Reporter

1   matters should be placed before your Honor.
2   Finally, with regard to the futures, I hasten to
3   add it is whether the injunction ought to extend to the
4   claims. It is not property damage claims. The concern there
5   is all of these personal injury claims that seem to keep on
6   coming through the process and apparently are still coming
7   through with respect to Sealed Air. Those are personally
8   claims. They're not even the constituency that Mr. Baena
9   represents. That's where the concern lies: That people will
10  continue to pursue those future claims notwithstanding the
11  order that your Honor has issued.
12  So there is some merit to what Sealed Air has to
13  say on the personal injury claim side.
14  THE COURT: All right. Thank you.
15  Okay. With regard to this application for
16  preliminary injunction, I am going to enter an order.
17  And the order essentially is the order submitted by the
18  debtor.
19  What I am going to order is that the
20  prosecution of all actions are stayed and enjoined
21  pending a final judgment in this adversary proceeding or
22  further order of the Court, and also that the preliminary
23  injunction does not apply to pending motions for transfer and
24  the two cases cited in the proposed order, and that further
25  provide that nothing in the order will prevent anyone from

providing notice to insurance carriers or other appropriate persons or entities that would otherwise exercise their rights under the insurance policies provided they don't seek reimbursement or payment under the policies without order of the Court.

This order, by implication and expressly, will overrule any objections and deny any competing applications.

It is to be understood when the order is entered with the findings that will accompany it that the order in no way addresses any other matter.

For instance, it does not address the issue of whether or not class certification will be undertaken or -- whether it is undertaken or not, whether it will be done here or in Massachusetts. It implies nothing about the California litigation. What it simply does is enjoin, so that the Court and the interested parties can move forward to get the litigation that accompanies this bankruptcy in some sort of order.

All right. I see the Trustee has arrived.

MR. CHEHI: Your Honor, Mark Chehi for Sealed Air.

Just one quick question: Does the scope of the injunction then extend to the future filed or future --

THE COURT: Does not extend to future