purpose.

103.    As alleged herein, Defendants agreed and knowingly and willfully conspired between themselves to defraud Plaintiffs in the collection of their claims against Grace arising from contingent asbestos liability.

104.    Under this conspiracy, Defendants agreed that Grace would fraudulently transfer assets among themselves as more fully detailed above.

105.    Each of the Defendants did the acts and things herein pursuant to, and in furtherance of, the conspiracy and agreement alleged herein.

106.    As a proximate result of the wrongful acts herein alleged, Plaintiffs and the Class have been damaged.

107.    At all times mentioned herein, Defendants knew of Grace's massive asbestos liability and the experiences of other asbestos manufacturers. With intent to defraud contingent creditors such as Plaintiffs and the Class, defendants intentionally, willfully, maliciously and fraudulently did the things herein alleged to defraud and oppress Plaintiffs and the Class. Plaintiffs and the Class are therefore entitled to an award of punitive damages.

## COUNT V.

## STRICT PRODUCT LIABILITY

108.    Plaintiffs refer to and incorporate by reference all preceding paragraphs as if fully set forth herein.

109.    Zonolite Attic Insulation is not reasonably safe in design and not reasonably safe in its manufacture in that it contains readily-loftable asbestos, exposing owners and occupiers of property to unreasonable dangers of injury and damage.

31

110.     Zonolite Attic Insulation manufactured by Defendants or their predecessor corporations is defective in its design and formulation in that it poses dangers beyond that contemplated by an ordinary consumer, which dangers proximately caused harm to Plaintiffs and Class members.

111.     Zonolite Attic Insulation was not accompanied by appropriate or adequate warnings and not accompanied by appropriate or adequate instructions concerning the safe use, handling, or installation of the product, proximately causing harm to Plaintiffs and Class members.

112.     Zonolite Attic Insulation manufactured by Defendants or their predecessor corporations was defective due to inadequate post-marketing warnings and/or instructions in that Defendants or their predecessor corporations acquired actual knowledge of risks to health posed by Zonolite Attic Insulation, but failed to provide adequate warnings to users, consumers, or the public, proximately causing harm to Plaintiffs and Class members.

113.     As a direct, proximate and legal result of the dangerous product injected into the stream of commerce by Defendants or their predecessor corporations as described herein, Plaintiffs and Class members have sustained and will continue to sustain injury to their property and to require the relief prayed for herein, for which Defendants are strictly liable. Injuries suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs of hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

32

## COUNT VI.

## NEGLIGENCE

114.   Plaintiffs hereby reallege and incorporate each allegation contained in the preceding paragraphs of this Complaint.

115.   Defendants and their predecessor corporations had a duty to exercise reasonable care in the manufacture, testing, distribution, and sale of Zonolite Attic Insulation, including a duty to ensure that the product did not pose unreasonable risk of harm to consumers and users as well as a duty to warn consumers and users of the nature, degree, and consequences of exposure to asbestos-laden Zonolite Attic Insulation.

116.   Defendants and their predecessor corporations failed to exercise reasonable care in the manufacture, testing, distribution, warning and sale of Zonolite Attic Insulation.

117.   As a direct, proximate and legal result of the negligence of Defendants and their predecessor corporations, Plaintiffs and members of the Class sustained and continue to sustain injuries including, but not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

## COUNT VII.

## DECEIT. FRAUDULENT CONCEALMENT
## AND FRAUD BY NONDISCLOSURE

118.   Plaintiffs hereby reallege and incorporate each allegation contained in the

33

preceding paragraphs of this complaint.

119.    Defendants and their predecessor corporations knew or reasonably should have known that the properties of Plaintiffs and the Class members were being contaminated with asbestos from Zonolite Attic Insulation.

120.    Defendants and their predecessor corporations deceived, concealed material facts from, and made material misrepresentations to Plaintiffs and the Class, and otherwise knowingly misled Plaintiffs and the Class members so that they were unaware of the presence and/or hazards presented by the asbestos contaminating their homes.

121.    Defendants and their predecessor corporations engaged in a practice of issuing material misrepresentations of fact regarding the safety of Zonolite Attic Insulation and tremolite, including misrepresentations to consumers, governmental officials and the general public.

122.    Defendants and their predecessor corporations knew or reasonably should have known that the representations regarding Zonolite Attic Insulation and tremolite were untrue and/or recklessly or negligently made such representations without regard to their truth or falsity. Standardized misrepresentations include, but are not limited to, the misrepresentations that tremolite is not hazardous, that Zonolite Attic Insulation is safe, that pouring and disturbing the Zonolite Attic Insulation is a "clean" task and presents no need for a protective mask, that Zonolite Attic Insulation "contains no harmful chemicals," and that Zonolite Attic Insulation is a "non-asbestos product."

123.    The misrepresentations, concealment, and suppression of facts by Defendants and their predecessor corporations were done with the intent to induce the plaintiffs

34

and Class members to purchase Zonolite Attic Insulation and/or forbear claims for damages or
remediation.

124.    Based on their foregoing misrepresentations, course of conduct and
superior knowledge regarding the hazards of Zonolite Attic Insulation, Defendants and their
predecessor corporations had an ongoing duty to disclose to Plaintiffs and Class members the
fact of asbestos content and/or hazards presented by the asbestos contaminating the Zonolite
Attic Insulation in their homes.

125.    Plaintiffs and the Class members were unaware of, and unable to discover,
the fact of asbestos content and/or hazards presented by the asbestos contaminating the Zonolite
Attic Insulation and their homes.

126.    The foregoing facts, concealed and misrepresented by Defendants and
their predecessor corporations, were material, in that a reasonable person would have considered
them important; Plaintiffs and the class members justifiably relied upon the non-existence of the
concealed facts so as to act and/or refrain from acting and thereby suffered damage.

127.    As a direct, proximate and legal result of the deceit perpetrated by
Defendants and their predecessor corporations, the Plaintiffs and Class members have sustained
and will continue to sustain injury to their property including, but not limited to, contamination
of real and personal property, costs of testing, costs of property remediation, costs of asbestos
containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort
to avert harm, including interference with Class members' use and enjoyment of real property.

## COUNT VIII. PUNITIVE DAMAGES

128.    Defendants' conduct as alleged herein was fraudulent and malicious such

35

that punitive damages should be assessed against the Defendants in an amount sufficient to

punish, deter and make example of the wrongful conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs requests that this Court enter an order, decree and judgement in

favor of the Class and against Defendants, and each of them, as follows:

1.  An Order certifying this action as a class action, or appropriate subclasses

or issues thereof pursuant to Federal Rule of Civil Procedure 23(c)(4), appointing named

Plaintiffs as Class Representatives, and designating undersigned counsel and counsel for the

Class.

2.  An Order requiring each Defendant to account for all transfers of the

assets of the former W.R. Grace & Co. and any proceeds from the distribution of such assets in

connection with the 1996 and 1998 transactions.

3.  A Declaration that the 1996 and 1998 transactions constitute fraudulent

transfers and an Order rescinding those transactions.

4.  An Order requiring disgorgement of all ill-gotten gains resulting from said

transactions, including all assets transferred and all fees received in connection with those

transactions; in the alternative, an Order establishing a constructive trust on all assets transferred

in connection with the 1996 and 1998 transactions.

5.  A determination that Defendants are jointly and severally responsible for

damages equal to the full fair market value of all assets transferred in connection with the 1996

and 1998 transactions, as well as for exemplary damages.

6.  Interim and final Orders establishing a Defendant-funded Court-supervised

36

identification program which, through use of Defendants' records, sales records, publications, and other means, will identify homes and buildings containing Zonolite Attic Insulation, together with a testing program to verify the suspected existence of Zonolite Attic Insulation in homes and other buildings.

7.     Interim and final Orders establishing a Defendant-funded Court-supervised notification program that issues timely and pertinent warnings and information to property owners, public and private health agencies, and members of the building trades, including:

a.     Warning that Zonolite Attic Insulation contains asbestos and that persons should avoid exposure to Zonolite Attic Insulation.

b.     Pertinent advisories regarding how to locate and identify Zonolite Attic Insulation.

c.     Warning that disturbance of Zonolite Attic Insulation exposes individuals to hazardous levels of asbestos.

d.     Warning that persons should not enter areas containing Zonolite Attic Insulation without taking appropriate safety precautions.

e.     Warning that tests should be conducted on properties where Zonolite Attic Insulation has been disturbed or where asbestos dust from Zonolite Attic Insulation may have been transported into living spaces.

f.     Warning that property owners and occupants should not engage in remodeling or other building activities that risk disturbance of Zonolite Attic Insulation, and that such remodeling and building activities should be performed only by qualified personnel and in accordance with an asbestos containment plan.

8.     A final Order establishing a Defendant-funded, Court-supervised health and safety research and education trust, which conducts pertinent research and disseminates relevant findings to Class members, to public and private health agencies, to professional

37

building trades associations, and to property owners, the missions of the trust to include

development of a specialized operations and maintenance program that sets forth safety

procedures and remediation techniques appropriate to Zonolite Attic Insulation contamination.

9.    A final Order establishing a Defendant-funded, Court-supervised

remediation and containment program and fund, which will provide to Class members:

    a.   Information, techniques, procedures, and protocols for safe containment of the asbestos hazards during anticipated activities of repair, remodeling, storage, or other use of attic space, venting ceiling fans, etc.

    b.   Training equipment, funding, and other assistance necessary to ensure a safe environment in homes an other buildings during and following repair, maintenance, remodeling, and other activities which disturb Zonolite Attic Insulation.

    c.   Training, equipment, funding, and other assistance necessary to contain and control asbestos hazards from undisturbed Zonolite Attic Insulation to as to ensure a safe environment in homes and other buildings during normal anticipated use.

10.   A judgment in favor of the Class and against Defendants, jointly and

severally, in an amount to be determined at the time of trial to compensate Class members for

damages suffered, including actual and exemplary damages.

11.   A determination that Defendants are liable for pre- and post-judgment

interest at the highest legal rate.

12.   An award of punitive damages against Defendants sufficient to punish,

deter and make example of the wrongful conduct.

13.   A determination that the Defendants are held liable for costs of Court and

reasonable attorneys' fees and an award of such costs and fees as allowed by law.

14.   Such other and further relief as the Court may deem necessary and proper.

Dated: March 30, 2001

Respectfully submitted,

By: _____
Elizabeth J. Cabraser
As Proposed Class Counsel

Elizabeth J. Cabraser
Fabrice N. Vincent
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

and

By: _____
Thomas M. Sobol (BBO No. 471770)
As Proposed Class Counsel

Thomas M. Sobol (BBO No. 471770)
Jan R. Schlichtman
Matthew L. Tuccillo (BBO No. 643336)
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
214 Union Wharf
Boston, MA 02109-1216
Telephone: (617) 720-5000
Facsimile: (617) 720-5015

39

By: _____
John G. Stoia, Jr.,
As Proposed Class Counsel

John J. Stoia, Jr.
Timothy G. Blood
Jobeth Halper
MILBERG WEISS BERSHAD HYNES &
LERACH LLP
600 West Broadway
1800 One America Plaza
San Diego, CA 92101-5050
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

By: _____
David Pastor
As Proposed Class Counsel

David Pastor
Edward L. Manchur
John C. Martland
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850
Facsimile: (781) 231-7840

By: _____
Edward J. Westbrook,
As Proposed Class Counsel

Edward J. Westbrook
Robert M. Turkewitz
NESS MOTLEY LOADHOLT
RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9440

40

By: _____

Darrell Scott

As Proposed Class Counsel

Darrell Scott
Michael Black
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Cntr
717 W Sprague Ave.
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

By: _____

Richard Lewis

As Proposed Class Counsel

Richard Lewis
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3934
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

and

Steve Toll
Tamara Driscoll
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
999 Third Avenue, Suite 3600
Seattle, WA 98104
Telephone: (206) 521-0080
Facsimile: (206) 521-0166

41