# EXHIBIT P

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,<br><br>　　　　　　　　Debtors.<br><br>———————————————<br><br>W. R. GRACE & CO., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>-against-<br><br>MARGARET CHAKARIAN, et al. and JOHN DOES 1-1000,<br><br>　　　　　　　　Defendants. | Chapter 11<br><br>Case No. 01-01139 (___)<br>(Jointly Administered)<br><br><br><br><br><br><br><br><br>Adversary No. A-01-771 |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter having come on for hearing on April 2, 2001, on the request of W. R. Grace & Co. and certain of its subsidiaries (collectively, the "Debtors"), as Debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases, and plaintiffs in the above-captioned adversary proceeding, having filed on April 2, 2001 a complaint in this adversary proceeding seeking entry of a temporary restraining order under Fed. R. Bankr. P. 7065, Section 105(a) of the Bankruptcy Code and 28 U.S.C. § 1651 enjoining further or future prosecution of the Actions, as defined below, against Affiliated Entities, as defined below.

The following terms are defined for purposes of this Order:

1.    "Non-Debtor Affiliates" means affiliates of the Debtors that are not filing entities for purposes of these chapter 11 cases, as well as present and former officers, directors and employees of Debtors. The Non-Debtor Affiliates are listed in Exhibit A hereto.

2. "Fresenius" means National Medical Care, Inc.; Fresenius A.G.; Fresenius, U.S.A., Inc.; Fresenius Medical Care, Inc.; and Fresenius National Medical Care, Inc.

3. "Sealed Air" means Sealed Air Corporation, Sealed Air Corporation (US), and Cryovac, Inc.

4. "Affiliated Entities" means the Non-Debtor Affiliates, Fresenius and Sealed Air.

5. The "Insurance Policies" are those insurance policies that may provide coverage for asbestos-related claims asserted against the Debtors.

6. The "Actions" means pending actions and actions that have not been filed or are not pending as of the date of entry of this Order as follows:

    a) against Affiliated Entities that arise from alleged exposure to asbestos indirectly or directly allegedly caused by Debtors; or

    b) against Non-Debtor Affiliates on account of which the Non-Debtor Affiliates may be entitled to coverage under the Insurance Policies; or

    c) ~~against Sealed Air and/or Fresenius alleging fraudulent transfer or fraudulent conveyance claims~~. [any action other than the existing actions]

In support of this Order, the Court finds that:

1. Without the injunctive relief sought, the Debtors would suffer the risk of irreparable harm, including potential diminution of estate property in the form of Debtors' rights to insurance shared with Non-Debtor Affiliates; and

2. The injunctive relief requested is in the best interests of the Debtors and their estates, creditors and other parties in interest; and

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a).

4. This Order is without prejudice to the Debtors' or others' rights to seek relief pursuant to the automatic stay under 11 U.S.C. § 362.

After due deliberation and cause appearing therefore, accordingly:

IT IS HEREBY ORDERED that the prosecution and/or commencement of all Actions are temporarily restrained pending a resolution of plaintiffs' pending motion for a preliminary injunction;

IT IS FURTHER ORDERED that plaintiffs' motion for a preliminary injunction is set for hearing on April ____, 2001 at _____.

IT IS FURTHER ORDERED that nothing in this Order shall prevent any Non-Debtor Affiliate from providing notice to insurance carriers or other appropriate persons or entities or otherwise exercising their rights under the Insurance Policies, provided that no Non-Debtor Affiliate shall seek reimbursement or payment under any of the Insurance Policies without further order of this Court; and

IT IS FURTHER ORDERED that this Order does not constitute a determination of the extent to which Debtors or any Non-Debtor Affiliate are entitled to coverage under the Insurance Policies.

Dated: April 2, 2001

_Randall Newsome_
JUDGE

-3-

## AFFILIATED ENTITIES

A. Fresenius Entities.

 1. National Medical Care, Inc.
 2. Fresenius A.G.
 3. Fresenius, U.S.A., Inc.
 4. Fresenius Medical Care, Inc.
 5. Fresenius National Medical Care, Inc.

B. Sealed Air Entities.

 1. Sealed Air Corporation
 2. Sealed Air Corporation (US)
 3. Cryovac, Inc.

C. Non-Debtor Affiliates

 1. Advanced Refining Technologies LLC
 2. Advanced Refining Technologies LP
 3. Advanced Refining Technologies Management, Inc.
 4. Carbon Dioxide Slurry Systems LP
 5. Construction Products Dubai, Inc.
 6. Grace Asia Pacific, Inc.
 7. Grace Chemicals, Inc.
 8. Grace Collections, Inc.
 9. Grace Germany Holdings, Inc.
 10. Grace Foundation Inc.
 11. Grace Management Services, Inc.
 12. Grace Offshore Turnkey
 13. Grace Receivables Purchasing, Inc.
 14. Ichiban Chemical Co., Inc.
 15. Grace Canada, Inc.
 16. Debtors' current and former directors, officers and employees.