# EXHIBIT U

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: W.R. Grace & Co., et al.,[1] | ) | CHAPTER 11 |
| | ) | |
| DEBTORS | ) | BANKRUPTCY NO. 01-01139 |
| | ) | (Jointly Administered) |
| | ) | |
| MRS. JACKIE LEWIS, BONNIE LEWIS, THOMAS LEWIS, PAMELA TELLESCH, WAYNE TELLESCH, BRIDGET LOEHNER, DENNIE LOEHNER, AND MRS. JANE ZAJAC, on behalf of themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO.; W.R. GRACE & CO.-CONN; W.R. GRACE & COL., a/k/a GRACE, an association of business entities; and SEALED AIR CORPORATION, NATIONAL MEDICAL CARE, INC.; FRESENIUS A.G.; FRESENIUS U.S.A., INC. and FRESENIUS NATIONAL MEDICAL CARE, INC., a/k/a FRESENIUS MEDICAL CARE HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## MOTION OF THE DEBTORS FOR AN ORDER DISMISSING THE CLASS ACTION ADVERSARY COMPLAINT WITH PREJUDICE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order dismissing the Class Action Complaint Seeking Zonolite Insulation Relief (the "Adversary Complaint") with prejudice and for such other relief as this Court may deem just or appropriate. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicate for the relief requested is Fed.R.Bankr.P. 7012(b).

### Background

3.  On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), which cases have been consolidated for administrative purposes only (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.  Pursuant to the automatic stay provisions of section 362 of the Bankruptcy Code, the commencement of the Chapter 11 Cases stayed all litigation pending against the Debtors, including the cases encaptioned <u>Barbanti v. W.R. Grace &</u>

2

Company-Conn, et al., No. 00-2-01756-6 (Wash.), <u>Woodward v. Sealed Air Corp. et al.</u>, No. 01-10547 (D. Mass.), and the class actions and other suits consolidated in <u>In re Zonolite Attic Insulation Products Liability Litigation</u>, MDL Docket No. 1376 (D. Mass.).

   5. On June 14, 2001, the official committees of asbestos property damage claimants and asbestos personal injury claimants (the "Tort Committees", together with the official committees of unsecured creditors and equity security holders, the "Committees")2 filed a joint motion for authority to prosecute fraudulent transfer claims (the "Joint Motion"). On July 11, 2001, the Debtors filed an Opposition to the Joint Motion By The Asbestos Property Damage And Personal Injury Committees For Authority to Prosecute Fraudulent Transfer Claims (the "Opposition to Joint Motion"). The Court has not yet ruled on the Joint Motion or the Opposition to Joint Motion.

   6. Although the Court has not yet ruled on the Joint Motion or the Opposition to Joint Motion, on November 16, 2001, the Adversary Complaint was filed by the plaintiffs encaptioned therein (the "Plaintiffs").

### Relief Requested

   7. The Debtors respectfully request that the Court enter an order, pursuant to Fed.R.Bankr.P. 7012(b), (i) granting the Motion, (ii) dismissing the Adversary Complaint with prejudice and (iii) granting such other relief that this Court may deem just or appropriate.

---

2 The official committee of unsecured creditors is the "Unsecured Creditors Committee."

3

## Basis for Relief Requested

8. The bases for the Debtors' request are detailed in the attached Memorandum in Support of Debtors' Motion to Dismiss Class Action Adversary Complaint.

## Notice

9. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each Committee, (iv) counsel to the Plaintiffs and (v) those parties who requested notice in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached hereto, granting the Motion to dismiss the Adversary Complaint with prejudice and such other relief this Court may deem just or appropriate.

Wilmington, Delaware
Dated: December 17, 2001

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
James W. Kapp III
Roger J. Higgins
Kellye L. Fabian
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES PC

_____
Laura Davis Jones (#2436)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100
Co-Counsel for the Debtors and Debtors in Possession

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: W.R. Grace & Co., et al.,[1] | ) | CHAPTER 11 |
| | ) | |
| DEBTORS | ) | BANKRUPTCY NO. 01-01139 |
| | ) | (Jointly Administered) |
| | ) | |
| MRS. JACKIE LEWIS, BONNIE LEWIS, | ) | |
| THOMAS LEWIS, PAMELA TELLESCH, | ) | |
| WAYNE TELLESCH, BRIDGET | ) | |
| LOEHNER, DENNIE LOEHNER, AND | ) | |
| MRS. JANE ZAJAC, | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO.; W.R. GRACE & | ) | |
| CO.-CONN; W.R. GRACE & COL., a/k/a | ) | |
| GRACE, an association of business entities; | ) | |
| and SEALED AIR CORPORATION, | ) | |
| NATIONAL MEDICAL CARE, INC.; | ) | |
| FRESENIUS A.G.; FRESENIUS U.S.A., | ) | |
| INC. and FRESENIUS NATIONAL | ) | |
| MEDICAL CARE, INC., a/k/a FRESENIUS | ) | |
| MEDICAL CARE HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## ORDER DISMISSING THE CLASS ACTION
## ADVERSARY COMPLAINT WITH PREJUDICE

Upon the Motion[2] of the Debtors seeking entry of an order dismissing the Adversary Complaint with prejudice and such other relief as this Court may deem just or appropriate; and it appearing that this court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in the district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation; and it appearing that sufficient cause exists for granting the requested relief; and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Class Action Complaint Seeking Zonolite Attic Insulation Relief is dismissed with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
_____, 200\_

                                              Judith K. Fitzgerald
                                              United States District Judge

---

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

# NYPS-39-ABCD

Job Printed By:

DBOLL

At 2:12:41 PM

On 12/20/2001

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: W.R. Grace & Co., et al., | ) | CHAPTER 11 |
| | ) | |
| DEBTORS | ) | BANKRUPTCY NO. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| MRS. JACKIE LEWIS, BONNIE LEWIS, | ) | |
| THOMAS LEWIS, PAMELA TELLESCH, | ) | |
| WAYNE TELLESCH, BRIDGET | ) | |
| LOEHNER, DENNIE LOEHNER, AND | ) | |
| MRS. JANE ZAJAC, | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO.; W.R. GRACE & | ) | |
| CO.-CONN; W.R. GRACE & COL., a/k/a | ) | |
| GRACE, an association of business entities; | ) | |
| and SEALED AIR CORPORATION, | ) | |
| NATIONAL MEDICAL CARE, INC.; | ) | |
| FRESENIUS A.G.; FRESENIUS U.S.A., | ) | |
| INC. and FRESENIUS NATIONAL | ) | |
| MEDICAL CARE, INC., a/k/a FRESENIUS | ) | |
| MEDICAL CARE HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEBTORS'**
**MOTION TO DISMISS CLASS ACTION ADVERSARY COMPLAINT**

The Adversary Complaint[1] is the latest development in a history of efforts by certain claimants to vie for control over parts of this chapter 11 case. This particular effort violates the rules governing adversary proceedings by seeking to recover claims based upon state-law tort causes of action, money damages and equitable relief reducible to money damages.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Debtors' motion for an order dismissing the Adversary Complaint.

Such "claims" may only be pursued through the Bankruptcy Code's claims process. To the extent that the Plaintiffs also seek to assert claims based upon allegations of fraudulent conveyance, they further ignore black letter law requiring court approval for the prosecution of claims belonging to the Debtors' estate. Accordingly, this Adversary Complaint should be dismissed.

Before the case commenced, several attorneys for Plaintiffs represented the Plaintiffs and other parties who initiated suits in several cases, involving Zonolite attic insulation: Barbanti v. W.R. Grace & Company-Conn, et al., No. 00-2-01756-6 (Wash.), Woodward v. Sealed Air Corp. et al., No. 01-10547 (D. Mass.), and the class actions and other suits consolidated in In re Zonolite Attic Insulation Products Liability Litigation, MDL Docket No. 1376 (D. Mass.).[2] In addition to asserting claims of strict liability, negligence, fraud and other similar torts, these prepetition actions also sought to (i) rescind as fraudulent transfers two unrelated 1996 and 1998 sales by the Debtors of different business lines and (ii) disgorge gains from those transactions. All the prepetition actions were subsequently stayed by the Debtors' chapter 11 filing on April 2, 2001.

Nonetheless, these attorneys for the Plaintiffs sought to continue the litigation they had brought by requesting relief from the automatic stay. This relief was never granted.

On June 14, 2001, the Tort Committees filed a joint motion for authority to prosecute fraudulent transfers claims and, later, a related motion to retain counsel. The Debtors believe that the inherent bias of the Tort Committees disables them from playing any role in the investigation or prosecution of any fraudulent transfer claims. The Debtors thus filed an

---

[2] The law firms of Lieff, Cabraser, Heimann & Bernstein, LLP, Ness Motley Loadholt Richardson & Poole and Lukins & Annis, P.S., which are some of the attorneys for the Plaintiffs, each are involved in one or more of these prepetition actions. The Ness Motley law firm also represents members on each of the personal injury and property damage committees.

objection and requested that the court appoint the Unsecured Creditors' Committee to investigate any fraudulent transfer claims. These various motions have been fully briefed and await decision.

Against the backdrop of these developments, the Plaintiffs filed the Adversary Complaint on November 16, 2001, in an apparent attempt to assert control over any fraudulent conveyance litigation. In so doing, the Plaintiffs ignored both the basic rules governing adversary proceedings and the rules of standing.

Specifically, this memorandum demonstrates that the Plaintiffs' proposed adversary proceeding should be dismissed for the following three reasons:

- A creditor cannot prosecute prepetition "claims" in an adversary proceeding, including claims for (a) state-law causes of action, (b) money damages or (c) equitable relief reducible to money damages;
- The Plaintiffs have no standing to pursue the fraudulent transfer litigation; and
- The decision on the pending motions for authority to prosecute fraudulent conveyance claims will moot the Plaintiffs' Adversary Complaint.

## I. The Plaintiffs' Adversary Proceeding Directly Violates the Bankruptcy Code

### A. "Claims" Cannot Be Pursued Under the Rules Governing Adversary Proceedings

Section 101(5) of the Bankruptcy Code defines a "claim" to mean:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Courts have construed the meaning of "claims" broadly "to permit debtors to meet all of their legal obligations in bankruptcy and to enable holders of claims to participate in the bankruptcy

3

proceedings." In re Continental Airlines, 125 F.3d 120, 132 (3d Cir. 1997), citing Ohio v. Kovacs, 469 U.S. 274, 279 (1985).

Fed.R.Bankr.P. 7001, which contains the exclusive list of matters that are appropriate to pursue in the context of an adversary proceeding, does not provide for the recovery of prepetition claims against a debtor. Johns-Manville, 53 B.R. at 352. On the contrary, the "[f]iling of proofs of claim and the allowances thereof are governed by Rules 3001-3005, and the objections to claims are governed by Rule 3007." Rules Adv. Comm. Note to Fed.R.Bankr.P. 7001 (1983) (the "1983 Advisory Note"). The Bankruptcy Code provides a single claims procedure for all unsecured creditors in order to give each allowed claim an equal footing with all other allowed claims for purposes of determining the distribution of a debtor's assets. In re Johns-Manville Corp., 53 B.R. 346, 353 (Bankr. S.D.N.Y. 1985); see also In re Penney, 76 B.R. 160 (Bankr. D. Cal. 1983); see also In re Coastal Group, Inc., 100 B.R. 177 (Bankr. D. Del. 1989).

**B.    The Adversary Complaint Improperly Asserts Numerous Causes of Action That Constitute "Claims," and Therefore Cannot Be Pursued in an Adversary Proceeding**

The causes of action sounding in tort, and, more generally, the money damages sought in the Adversary Complaint are "claims" that cannot be recovered in an adversary proceeding. The law governing this issue is settled. Johns-Manville, 53 B.R. at 349, 355 (money damages are claims); Penney, 76 B.R. at 161 (state-law causes of action cannot be recovered in adversary proceedings); In the Matter of Coastal Group, Inc., 100 B.R. 177, 178 (Bankr. D. Del. 1989) (same); see also, 2 COLLIER ON BANKRUPTCY, ¶ 105.05[6] (L. King, 15 Ed. Rev. 2000) (tort causes of action constitute claims against the estate, even though they remain unliquidated and disputed).

4

So fundamental are these limitations on the scope of adversary proceedings that the Penney court characterized a creditor's adversary proceeding to recover property under a state law cause of action as "sheer nonsense" that was "motivated by sheer ignorance of bankruptcy law." Penney, 76 B.R. at 161-62. In Penney, a creditor was precluded from filing an adversary proceeding to recover property after the debtor filed a chapter 7 petition because the creditors' claims were based upon state-law causes of action that the creditor was precluded from pursuing in state court by the automatic stay provisions of section 362(a)(1) of the Bankruptcy Code. Penney, 76 B.R. at 161. Here, the Plaintiffs' attempt to misuse the Bankruptcy Code in these chapter 11 cases is even more egregious than that of the Penney creditor because the Adversary Complaint merely recites state-law causes of action cut and pasted from the prepetition actions. And, just as in Penney, the Plaintiffs cannot prosecute these state-law causes of action in an adversary proceeding.

In Johns-Manville, the creditors attempted to institute an adversary proceeding against a chapter 11 debtor that sought various forms of money damages and equitable relief. Johns-Manville, 53 B.R. at 349. The court held that the only appropriate way for a creditor to assert a claim for money damages against a debtor's estate is to file a timely proof of claim. Id. at 354. To justify its holding, the court reasoned that to allow one creditor to resolve its claims using different procedures would be fundamentally unfair to all the creditors who complied with the Bankruptcy Code's claims procedures. Id.

Just as in Johns-Manville, the Plaintiffs are improperly seeking to pursue an adversary proceeding for money damages. It would be fundamentally unfair to other, similarly situated creditors in these chapter 11 cases (all of whom must comply with the claims process to have their claims adjudicated) to permit the Adversary Complaint to proceed. Indeed, allowing

the Adversary Complaint to proceed could open a floodgate of other unsecured creditors filing adversary proceedings to recover their claims, thereby rendering the Bankruptcy Code's claims resolution procedures completely meaningless. The Adversary Complaint therefore should be dismissed.

### C. The Plaintiffs' Requests for Equitable Relief Fare No Better

The Adversary Complaint also improperly raises, through an adversary proceeding, requests for equitable relief that are easily reduced to money payments. In Ohio v. Kovacs, the Supreme Court held that, consistent with congressional intent to broadly define "claim", actions for equitable or injunctive relief reducible to money payments are claims under section 101(5)(B) of the Bankruptcy Code. Ohio v. Kovacs, 469 U.S. at 279, 281-83. More particularly, Congress intended section 101(5)(B) of the Bankruptcy Code "'to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy," making that equitable remedy susceptible to discharge in bankruptcy. Id. at 280, citing 124 Cong. Rec. 32393 (1978) (remarks of Rep. Edwards).

Likewise, in Johns-Manville, a putative class of plaintiffs sought, in addition to money damages, equitable relief in the form of restitution and a mandatory injunction requiring the debtor to perform a variety of asbestos abatement and monitoring procedures. The court determined that such equitable relief could be reduced to a money judgment, thus making it a claim that could not be pursued in an adversary proceeding. Johns-Manville, 53 B.R. at 355.

The equitable relief requests set forth in the Adversary Complaint seek a variety of remedial programs similar to the injunctive and equitable relief requested in Johns-Manville. Requests 3 through 5 of the Adversary Complaint seek the establishment of certain remedial programs for which a final judgment should be entered "in the full amount of damages suffered

6

by the Class." (Complaint at 35-37). Request 6 of the Adversary Complaint requests the establishment of a remedial program that includes funding and other assistance to owners of homes and buildings. (Complaint at 37).

By their very terms, each of the Plaintiffs' requests for equitable relief anticipates satisfaction by the payment of money. Under Johns-Manville, such alleged requests for "equitable relief" are all section 101(5)(B) claims, which are not proper subjects of an adversary proceeding because they should be adjudicated via the Bankruptcy Code's claims process. Johns-Manville, 53 B.R. at 355. Therefore, the Adversary Complaint should be dismissed.

## II. Plaintiffs Do Not Have Standing to Prosecute Their Fraudulent Transfer Claims

It is well established that authority to assert avoidance actions lies with the trustee or the debtor-in-possession. See Official Committee of Unsecured Creditors v. Chinery (In re Cybergenics Corp.), 226 F.3d 237, 240 n.3 (3d Cir. 2000) ("Only a trustee (or debtor in possession) is authorized to exercise the power to avoid certain transfers or obligations").[3] Indeed, the Bankruptcy Code provides the debtor-in-possession with explicit authority to prosecute avoidance actions. See 11 U.S.C. §§ 547 and 548. However, in limited circumstances, a creditor may pursue an avoidance action on behalf of the estate if (1) that creditor first seeks permission from the court; (2) the debtor has unjustifiably refused to prosecute the action; and (3) the creditor has asserted a colorable claim that, if successful, would benefit the estate. See Cybergenics, 226 F.3d at 240 n.3; In re Xonics Photochemical, Inc., 841 F.2d 198, 203 (7th Cir. 1988).

---

[3] See also Official Comm. Of Unsecured Creditors v. Bock (In re Walnut Equipment Leasing Co., Inc.), 2000 WL 1456951, at *1 n.2 (Bankr. E.D. Pa., Sept. 22, 2000); Carlton v. Baww, Inc., 751 F.2d 781, 785 (5th Cir. 1985); American Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.), 714 F.2d 1266, 1275 (5th Cir. 1983).

7

Here, the Plaintiffs have not obtained, or even requested, the court's permission to bring this action. Courts require interested parties to submit separate applications to act on behalf of the estate to ensure that pursuit of a particular action is in the best interests of the estate and is necessary for the fair and efficient resolution of the bankruptcy proceeding. See In re Commodore International Ltd., 262 F.3d 96, 100 (2d Cir. 2001) (creditor's committee lacked standing to bring adversary proceeding because the court had not had the opportunity to first consider whether the action was in the estate's best interest); Xonics, 841 F.2d at 203 (same). In fact, courts have determined that permitting creditors to act on the estate's behalf without court approval would cause confusion and unnecessarily complicate estate administration. See In re Curry & Sorrenson, Inc., 57 B.R. 824, 828 (9th Cir. BAP 1986).

The Plaintiffs do not have standing to assert claims on behalf of the Debtors' estate because they have not filed a separate application requesting authority to do so. Furthermore, the Tort Committees, which were specifically formed to represent those asserting asbestos claims (including the Plaintiffs), have filed a joint motion requesting the Court's permission to prosecute the same fraudulent transfer claims. The Plaintiffs' decision to pursue an adversary proceeding despite this notice cannot be justified.[4]

---

[4] Such a disregard of the established rule of law could be subject to court sanction. A court may impose sanctions on parties violating Fed.R.Bankr.P. 9011 by (i) filing papers with a court for an improper purpose, such as harassing another party, causing unnecessary delay or needlessly increasing litigation costs or (ii) making frivolous arguments or unwarranted legal contentions. The Plaintiffs have, by filing the Adversary Complaint, delayed these chapter 11 cases and harassed the Debtors, causing them to incur substantial legal costs. The Adversary Complaint alleges fraudulent transfer claims that the Plaintiffs knew were already being considered by the Court in connection with the joint motion. Indeed, the Plaintiffs are members of the Property Damage Committee, the very Committee that filed the joint motion. In addition, the Adversary Complaint brings state law causes of action for money damages in an adversary proceeding that directly contravenes the Bankruptcy Rules and well-established case law. Penney, 76 B.R. at 161-62. The Plaintiffs cite to no authority whatsoever to support their attempt to pursue state law causes of action and to recover money damages in an adversary proceeding. As a result, the Plaintiffs' actions are unquestionably subject to sanction in accordance with Fed.R.Bankr.P. 9011.

8

### III. A Pending Decision on the Pending Motions Will Moot the Adversary Complaint's Assertion Fraudulent Transfer Claims

As discussed above, the Tort Committees have filed a joint motion (and a related motion to retain counsel) for authority to prosecute fraudulent transfer claims. The Debtors filed an objection to this joint motion, which also proposed the Unsecured Creditors Committee as an alternative. These matters have been fully briefed. A decision on these motions will identify the proper party to investigate any such fraudulent transfer litigation, and, potentially pursue any such fraudulent conveyance claims and therefore will moot the Plaintiffs' effort to pursue these claims through the Adversary Complaint.

## CONCLUSION

For the reasons set forth herein, the Plaintiffs' Adversary Complaint should be dismissed.

DATED: December 17, 2001                    Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
James W. Kapp
Roger J. Higgins
Kellye L. Fabian
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession