IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| Debtors, | ) | (Jointly Administered) |
| | ) | Docket No. 1567 |
| | ) | |
| | ) | Hearing:  February 25, 2002 8:00 a.m. |

**OBJECTION OF DEBTORS TO THE APPLICATION FOR ORDER
PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY
CODE AND FED. R. BANKR. P.  2014 AND 2016 AUTHORIZING THE
RETENTION AND EMPLOYMENT OF W.D. HILTON, JR. AS CONSULTANTS TO
THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS,
NUNC PRO TUNC TO MAY 2, 2001**

The Debtors do not object to the retention by the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of W. D. Hilton as a consultant.  Pursuant to the Court's June 22, 2001 Order Authorizing The Retention of Experts (the "Expert Order"), the PD Committee has the permission to employ Mr. Hilton without the need to file an Application to do so.  However, the Debtors are concerned that Mr. Hilton only be compensated for work he specifically performs related to the Debtors' cases.

The Debtors find the description of the work Mr. Hilton is to perform for the PD Committee to be dubious.  For example, the PD Committee alleges that it seeks to employ Mr. Hilton throughout the course of the Debtors' Chapter 11 cases to, among other things, analyze and assess the various proof of claims forms proposed by the Debtors and analyze and respond to issues with respect to the establishment of a bar date.  This work is completed.  The Property Damage Proof of Claims form and Bar Date Notice have been on file for months and are set to be decided by the Court on February 25, 2002.  No more work in this regard is necessary.

The Debtors do not believe they should be compensating Mr. Hilton for time associated with educating the parties on what he did and is doing in the <u>Celotex</u> case. The Debtors believe that their Property Damage issues, especially with respect to Zonolite Attic Insulation, are very different from those facing <u>Celotex.</u> Further, since counsel for the PD Committee herein is also counsel to the PD Committee in <u>Celotex</u>, the PD Committee certainly does not need to employee a consultant to understand what is occurring in <u>Celotex</u> or explain why the PD Committee believes the <u>Celotex</u> procedures are at all relevant to the Debtors cases.

As a result, the Debtors do not object to the retention of Mr. Hilton, but reserve the right pursuant to section 330 of the Bankruptcy Code to object to the payment of any fees incurred by Mr. Hilton which are not necessary or beneficial to the Debtors' estates.

Dated: February 18, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David Bernick
James H.M. Sprayregen
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL YOUNG & JONES P.C.

/s/ David W. Carickhoff, Jr.
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Tel: (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession