UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Bankruptcy No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## ZONOLITE CLAIMANTS' INFORMATIONAL BRIEF
## RE: CLASS PROOFS OF CLAIM

### I. INTRODUCTION

Class treatment of Zonolite Attic Insulation claims, including recognition of class proofs of claim, meaningfully advances the goals of bankruptcy. Such an approach permits the economical filing of and efficient claims handling of innumerable claims having common bases that claimants individually are incapable of pursuing. This approach ensures adequate collective representation of those claims within bankruptcy and facilitates unified defense of those claims when contested.

A wholly individual proof of claim process, by contrast, as promoted by Grace, guarantees that, following great expense (and despite great expense) to the debtor's estate, the bankruptcy court will not have before it the great preponderance of Grace's actual creditors, will not have an efficient or judicially well-charted procedure for unified resolution of claims of those claimants who did individually appear, and will be proceeding under circumstances where disenfranchised Zonolite claimants, collectively remaining Grace's largest single creditor, bring in doubt the Court's ability to achieve the reorganizational benefits intended by bankruptcy.

This informational brief provides the Court guidance on the legitimacy, utility, and implications of permitting class proofs of claim as a device for recognizing and ultimately managing Zonolite Attic Insulation claims.

## II.     ARGUMENTS

### A.     Courts Recognize the Class Proof of Claim as both a Procedurally Proper and Valuable Device Augmenting Traditional Individual Proofs of Claim.

Bankruptcy intrinsically involves collectivized handling of claims and is observed to operate essentially as a statutory class action. H. Newberg & A. Conte, 2 Newberg on Class Actions §20.01, p. 20-7 (3d ed. 1992). This fact, rather than eroding the utility of traditional class action procedures within bankruptcy, renders Civil Rule 23 practices particularly amenable to bankruptcy. *In Re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) ("There is nothing unusual about representative litigation in bankruptcy cases. Quite the contrary, some of the earliest class suits were the creditors' bills that preceded the 1898 Code." 487 F.2d at 490). Thus, it has been also observed that "[t]he availability of creditor and equity holder representation in a class action constitutes a significant advance in protection for those parties, with little or no additional burden to the bankruptcy court." Newberg §20.02, p. 20-18 (1992).

Although early court treatment of the subject produced inconsistent results, recent court opinions now firmly afford class proofs of claim their rightful place as an available bankruptcy tool advancing the reorganizational objective of bankruptcy. ". . . the vast majority of courts who have recently considered the issue have concluded that class proofs of claim are now regularly permitted in a bankruptcy proceeding." *In re First Interregional Equity Corp.*, 227 B.R. 358, 366 (Bankr. D.N.J. 1998), citing *In re Zenith Labs*, 104 B.R. 659, 662 n. 2 (Bankr. D.N.J. 1989); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 370 (Bankr. S.D.N.Y. 1997); *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16 (Bankr. E.D.Pa. 1995); *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989); *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); *In re*

*Chateaugay Corp.*, 104 B.R. 626 (Bankr. S.D.N.Y. 1989); *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988).[1]

The Sixth, Seventh, Ninth, and Eleventh Circuit appellate courts have each explicitly embraced class actions as an available bankruptcy procedure. *See In re Birting Fisheries, Inc.*, 92 F.3d 939 (9th Cir. 1996). Indeed, every circuit court to consider the matter has held that class proofs of claim are permissible. *In re Trebol Motors Distributor Corp.*, 220 B.R. 500, 502, (1st Cir. 1998). Opinions from courts within the Third Circuit are in accord, one court remarking, "[a]lthough the United States Court of Appeals for the Third Circuit has not considered this issue [class proofs of claim], the policies underlying the class action and Congress' explicit provision for the application of Fed. R. Civ. P. 23 to bankruptcy proceedings support the view that the latter cases [*In re American Reserve* and progeny] set forth the better rule." *In re Zenith Laboratories, Inc.*, 104 B.R. 659, 662 (Bankr. D.N.J. 1989).

Where, as in the Zonolite class action *Barbanti v. W.R. Grace*, a class has been previously certified by another court, the court appointed class representative, as designated agent of the class, pursuant to Rule 3001, may file a class proof of claim. *In re Trebol Motors Distributor Corp.*, 211 B.R. 785, 787 (Bankr. D.Puerto Rico 1997). A previously certified class, in this regard, constitutes a single claimant. *In re Trebol Motors Distributor Corp.*, 220 B.R. 500, 503 (1st Cir. 1998).

Where a class has not been previously certified by a court, as in the case of *Price v. W.R. Grace* or its adversary counterpart, *Lewis v. W.R. Grace*, the bankruptcy court, upon motion of the party filing the class proof of claim, must consider the certifiability of the class for which the

---

[1] Those early cases that did not recognize class proofs of claim, moreover, are reconcilable with current practice. "As was the situation in every relevant case until *American Reserve*, the debtor had given individual notice to the absent class creditors. In all these prior cases, therefore, the class claim was filed in an attempt to involuntarily preserve the claims of creditors who *knowingly and voluntarily* chose not to file a proof of claim on their own behalf despite having received notice of their need to do so." Joel Rothstein Wolfson, *Class Actions in Bankruptcy: A Clash of Policies Reconciled*, 5 Bank. Dev. J. 391, 425-426 (1988).

-3-

class proof of claim was filed, upon motion to certify the class, and consider such matters as appointment of representatives and counsel for that class.

Whether previously certified or certified by the bankruptcy court, class proofs of claim and subsequent class-based representation of contested claims advance the same judicial imperative inside bankruptcy for which class actions are routinely employed outside of bankruptcy. They ensure meaningful voice to communities of similarly situated claimants who may not be cognizant (or in the case of Grace, have been assiduously kept unaware) that they have existing claims. They assure a meaningful avenue to vindicate contested claims whose monetary value, when taken individually and weighed against the burdens of individual pursuit of those claims, renders them difficult or impossible to pursue except on a collective basis. They afford a judicially efficient and constitutionally sufficient procedure for resolving disputed claims that present common predominating factual or legal issues. The superiority of a class proof of claim process with respect to Zonolite claims, as opposed to an exclusively individual proof of claim process, is seen through examination of these judicial goals.

### B. A Class Proof of Claim Facilitates Claims Filing by Unidentified but Similarly Situated Zonolite Creditors Who are Not Cognizant of Their Existing Claims.

Class proofs of claim serve an instrumental function where persons composing a creditor community are not individually known and thus cannot be given direct notice and who themselves are not cognizant that they have existing claims and thus cannot meaningfully respond to generalized bankruptcy notice. Thus, it has been observed that if unnamed class members are a group of individuals who are in large part unknown creditors, "then the class device may provide the only form of notice to such parties and be advisable to utilize." *In Re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr. D.N.J. 1998).

Zonolite claimants are archtypical of unidentified creditors whose rights can be preserved only through class proofs of claim, followed by unified representation of those contested claims. Zonolite Attic Insulation was installed in and presently contaminates between one million and

fifteen million homes nationwide, the product being purchased and installed in homes between approximately 1930 and 1985. The product was uniformly sold without warning that it was contaminated with an unusual form of non-commercial asbestos, and indeed, with product packaging information affirmatively representing that handling of the product was risk free. These circumstances have resulted in a significantly large community of unadvised homeowners whose homes are presently contaminated with asbestos-laced vermiculite and who are at risk. *See* Christopher P. Weis, United States Environmental Protection Agency Memorandum re: Amphibole Mineral Fibers in Source Materials in Residential and Commercial Areas of Libby Pose an Imminent and Substantial Endangerment to Public Health, dated December 20, 2001, attached hereto as Appendix "A."

A scientific survey conducted in Washington State confirms that homeowners remain essentially unaware of their existing claims against Grace. Despite its ubiquitous character, 85% of homeowners are unfamiliar with the product Zonolite Attic Insulation, most homeowners would not recognize the substance if they encountered it in their home, and roughly nine out of ten homeowners (88%) have not received information from any source advising them that there are asbestos dangers associated with the product. GMA Research Corporation, Washington State Survey, Summary Report, October 2000, attached hereto as Appendix "B." These statewide findings have disturbing implications for Zonolite claimants nationwide in view of the substantial attention Libby vermiculite has received from news media in Washington State.

An exclusively individual proof of claim process, as proposed by Grace, ensures that the vast majority of Zonolite claimants, collectively Grace's largest creditor, will be excluded from the bankruptcy process because they are unfamiliar with the product, of its risks, and of their claim. Permitting Zonolite class proofs of claim, by contrast, advances the purpose of bankruptcy and facilitates Grace's reorganization by assuring recognition of claims of existing similarly situated creditors whose identities are unknown and who cannot be expected to protect their own interests following notice to creditors.

Permitting Zonolite class proofs of claim also achieves significant judicial and administrative efficiencies with respect to the claims process itself. *In re Retirement Builders, Inc.*, 96 B.R. 390 (Bankr. S.D.Fla. 1988) (Permitting class proof of claim avoids the necessity of the clerk's office processing several thousand claims); *In re Livaditis*, 122 B.R. 330, 339 (Bankr. N.D.Ill., 1990) ("... as a practical matter, the preparation, filing, and processing of one proof of claim clearly is more efficient than the compilation and sending of more than 1,000 informational packages, and the filing and processing of 1,000 proofs of claim.")

Grace's offhanded suggestion that a class claim, if recognized, would involve representation only of those claimants who also file individual claims is without basis and this view has been recognized as "illogical and contrary to important class action policy consideration." *In re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr. D.N.J. 1998), *quoting In re Charter Co.*, 876 F.2d 866, 871 (11th Cir. 1989). As one court put it, requiring individual proofs of claim "effectively requires the small claimant to 'opt in.' Perhaps this perspective reflects the view that the debtor's assets are to be conserved for larger creditors. This policy, however, is utterly without support in the Code or its legislative history." *In re Zenith Laboratories, Inc.*, 104 B.R. 659, 664 (Bankr. D.N.J. 1989).[2]

## C. A Class Proof of Claim Facilitates Recognition of and Resolution of Contested Claims That Have Negative Value if Treated Individually.

Small liquidated claims are routinely processed in bankruptcy, as are small unliquidated claims that, as a practical matter, the debtor will not contest.

Where, as here, substantial numbers of similarly situated creditors have relatively small unliquidated claims, the debtor has made plain its intent to vigorously contest those claims, and creditors must bring substantial resources to bear to vindicate those claims, the traditional

---

[2] The class proof of claim process, in this regard, is to be distinguished from a situation where claimants who happen to have filed individual claims thereafter petition, on whatever basis, to have themselves certified as a class. *See* Francis M. Dougherty, *Validity of Class Proofs of Claim Under Bankruptcy Code of 1978*, 99 A.L.R. FED. 858 (1990), note 1.

-6-

individual proof of claim process misfires. In effect, bankruptcy serves as an illegitimate sanctuary from such creditors, rather than as a means for expeditiously and fairly treating such creditors. Class proofs of claim remedy this defect.

The primary purpose of the class action device is to provide a mechanism for vindicating the rights of those otherwise unable to pursue their claims. "While the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high, the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 617 (1997), (*quoting* Kaplan, A Prefatory Note, 10 B.C. Ind. & Com. L. Rev. 497 (1969)).

These same considerations weigh heavily in favor of class treatment of similar claims within bankruptcy.

> The compensatory function is as important inside bankruptcy as outside. Under §101(4)(A) there may be many "claims" of uncertain value, and holders of contingent claims . . . may not recognize their entitlement to file unless some champion appears. . . . The combination of contingent claims (which many people may not identify as something they are entitled to pursue) and the effort needed to decide whether to pursue an identified claim means that for many small claims, it is class actions or nothing.

*In Re American Reserve Corp.*, 840 F.2d 487, 489 (7th Cir. 1988).

As the District Court of New Jersey has put it: "Since there are significant opportunity costs associated with identifying and investigation claims and since many potential litigants with small claims are unaware of the full scope of their rights in bankruptcy, the class action may be the only practical means of permitting small claims to be brought. . . . To deny the use of a class claim would frustrate this policy and, as a practical matter, leave the majority of small claimants in bankruptcy proceedings without a remedy." *In re Zenith Laboratories, Inc.*, 104 B.R. 659, 662-663 (Bankr. D.N.J. 1989).

Class proofs of claim, thus, serve a critically important bankruptcy function where they facilitate recognition of creditors who would be disenfranchised if required to pursue their claims

individually. A class proof of claim "readjusts the cost-benefit analysis and ensures that smaller claims whose combined value is significant cannot be avoided by a wrongdoer merely because of their individual size." *In re Zenith Laboratories, Inc.*, 104 B.R. 659, 663 n. 3 (Bankr. D.N.J. 1989).

The claims of homeowners whose homes are contaminated with Zonolite Attic Insulation include a right to receive appropriate warnings regarding the asbestos hazard presented by this contamination, including appropriate operations and maintenance practices that they should institute to avoid further human exposure or contamination of property. The cost of ultimately removing Zonolite contaminants from the attic space of a home, based on experiences to date, ranges from $1,000 to perhaps $7,000. The unusual individual homeowner who has become aware of asbestos contamination of Zonolite Attic Insulation, who sought to confirm through testing that her home is contaminated with asbestos containing Zonolite, and who sought legal advise as to how her unliquidated and soon to be contested claim might be pursued, would expend the value of her claim well before its vindication, if not its assertion. Zonolite claimants, as a class, have claims that simply cannot be pursued individually. This fact gives reason for Grace's adamancy that Zonolite claimants file complex individual proofs of claim.

### D. Class Proofs of Claim Facilitate Unified Resolution of Contested Zonolite Claims That Present Common Questions.

Class proofs of claim also serve a valuable role where, as here, the debtor intends to contest numerous claims on grounds common to those claims. Thus, "[w]hen a unified response to objection hearings is necessary for meaningful participation in the proceedings, for example, the court may find Rule 7023 applicable and thus subject the matter to the scrutiny of Rule 23." Newberg §20.03, p. 20-19 (1992) citing *In re W.T. Grant Co.*, 24 Bankr 421 (S.D.N.Y. 1982)). Test cases, by comparison, raise possible due process concerns and leave uncertain the *stare decisis* effect of such decisions. *In re Interregional Equity Corp.*, 227 B.R. 358, 370 (Bankr. D.N.J. 1998).

Class proofs of claim followed by class treatment of Zonolite claims within bankruptcy, whether as an adversary proceeding or in a contested claims proceeding, aggregates like claims, brings to bear well-established class action jurisprudence on issues of adequacy of representation and the binding effect of decisions on the class, and assures the court of unified representation through class counsel answerable to the court.

The multiple practical benefits achieved through class proof of Zonolite claims, in sum, are seen through a contrast of that procedure with an exclusively individual proof of claim process. See Comparison Chart attached hereto as Appendix "C."

### III.  CONCLUSION

Class proofs of claim benefit the reorganizational goals of bankruptcy where numerous claimants have similar claims presenting common questions; where those claimants' identities are not individually known and claimants themselves cannot reasonably be expected act on their own behalf; where their relatively small unliquidated claims will, in fact, be contested by the debtor on grounds applicable to the class; and where resolution of those contested claims requires unified response through designated representatives having fiduciary duties to that class of claimants. Zonolite claims fit these circumstances. Recognition of a Zonolite class proof of claim would aid this Court in achieving the legitimate reorganizational goals of bankruptcy.

Dated: February 18, 2002.

Respectfully submitted,

By: _____
Darrell W. Scott

Darrell W. Scott
LUKINS & ANNIS, P.S.
717 W. Sprague, Suite 1600
Spokane, WA  99201
Telephone:  (509) 455-9555
Facsimile:  (509) 747-2323

By: _____
William D. Sullivan

William D. Sullivan
ELZUFON, AUSTIN, REARDON,
TARLOV & MONDELL, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
Telephone: (302) 428-3181
Facsimile: (302) 428-3180


Elizabeth J. Cabraser
Fabrice N. Vincent
John Low-Beer
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Thomas M. Sobol
Matthew L. Tuccillo
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
214 Union Wharf
Boston, MA 02109-1216
Telephone: (617) 720-5000
Facsimile: (617) 720-5015

John J. Stoia, Jr.
Timothy G. Blood
Jobeth Halper
MILBERG WEISS BERSHAD HYNES
& LERACH, LLP
600 West Broadway
1800 One America Plaza
San Diego, CA 92101-5050
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Edward J. Westbrook

Robert M. Turkewitz
NESS MOTLEY LOADHOLT
RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9440

Allan M. McGarvey
MCGARVEY, HEBERLING,
SULLIVAN & MCGARVEY, P.C.
745 South Main
Kalispell, MT  59904
Telephone:  (406) 752-5566
Facsimile:  (406) 752-7124

Richard Lewis
COHEN, MILSTEIN, HAUSFELD & TOLL
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005-3934
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Attorneys for Zonolite Claimants

J:\DWS\CLIENT.DWS\Grace Bankruptcy\Pleadings\Class Proof of Claim.doc