IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON FEBRUARY 25, 2002 AT 8:00 A.M.

### CONTINUED MATTERS

1.  *Complaint for Declaratory Judgment and Turnover of Non-Estate Property by MCNIC Pipeline & Processing Company against W.R. Grace & Co.-Conn. (Docket No. 1003)*

    **Related Documents:** None

    **Response Deadline:** December 13, 2001 (extended for the Debtors to April 15, 2002)

    **Responses Received:** None as of the date of this Agenda Notice

    **Status**: This matter has been continued until April 22, 2002 at 10:00 a.m.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      *Motion for the Entry of an Order Authorizing the Debtors to Acquire the Business and Substantially all of the Assets of Addiment Incorporated (Docket No. 1554)*

> **Related Documents:**
>
> a.      [Proposed] Order Authorizing the Debtors' to Acquire the Business and Substantially all of the Assets of Addiment Incorporated (Docket No. 1554)
>
> **Response Deadline:** February 13, 2002 at 4:00 p.m. (extended for the Creditors' Committee to February 20, 2002)
>
> **Responses Received:** None as of the date of this Agenda Notice.
>
> **Status:** This matter has been continued until March 18, 2002 at 10:00 a.m.

3.      *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent and Accountants and Auditors to the Debtors and Debtors in Possession (Docket No. 1488)*

> **Related Documents:**
>
> a.      [Proposed] Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors In Possession (Docket No. 1488)
>
> **Response Deadline:** January 30, 2002 at 4:00 p.m. (extended for the Creditors' Committee and Personal Injury Committee to February 8, 2002)
>
> **Responses Received:**
>
> a.      United States Trustee's Amended Objection to Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors (Docket No. 1590)
>
> b.      United States Trustee's Objection to Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors (Docket No. 1619)
>
> **Status:** This matter has been continued until March 18, 2002 at 10:00 a.m.

4.    *Motion of Caterpillar Financial Corporation to Compel Debtors to Comply with 11 U.S.C. §365(d)(10) and for Allowance and Payment of Administrative Expenses, or, in the Alternative, for Adequate Protection (Docket No. 1015)*

> **Related Documents:**
>
> a.    [Proposed] Order Compelling Debtors to Comply with 11 U.S.C. § 365(d)(10) and for Allowance and Payment of Administrative Expenses, or, in the Alternative, for Adequate Protection (Docket No. 1015)
>
> **Response Deadline:** October 29, 2001 at 4:00 p.m. (extended for the Debtors and Creditors' Committee to March 11, 2002)
>
> **Responses Received:** None as of the date of this Agenda Notice.
>
> **Status**:  This matter has been continued until March 18, 2002 at 10:00 a.m.

5.    *Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order* (Adv. Pro. No. 02-01657, Docket No. 4)

> **Related Documents:**
>
> a.    [Proposed] Order Granting Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)
>
> b.    Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)
>
> c.    Verified Complaint for Declaratory Judgment and Injunctive Relief (W. R. Grace & Co. – Conn. against National Union Fire Insurance Company of Pittsburgh, PA) (Adv. Pro. No. 02-01657, Docket No. 1)
>
> > (i)     Summons and Notice (Adv. Pro. No. 02-01657, Docket No. 2)
> >
> > (ii)    Affidavit of Jay Hughes (Adv. Pro. No. 02-01657, Docket No. 3)
>
> d.    Request for Direction from Bankruptcy Court by National Union Fire Insurance Company of Pittsburgh, PA (Docket No. 1511)
>
> e.    Third Party and Joinder Complaint for Declaratory Judgment and Injunctive Relief (National Union Fire Insurance Company of Pittsburgh, PA against Environmental Litigation Group, P.C. and Reaud, Morgan & Quinn, Inc.)(Adv. Pro. No. 02-01657, Docket No. 7)
>
> **Response Deadline:**  extended to March 8, 2002 for National Union Fire Insurance Company of Pittsburgh, PA to answer the complaint (see item "c" above)

**Responses Received:** None as of this Agenda Notice.

**Status:** This matter has been continued until March 18, 2002 at 10:00 a.m.

6.  *Motion of GE Capital Corporation to Compel Assumption or Rejection of Unexpired Leases and for Post-Petition Lease Payments (Docket No. 1538)*

> **Related Documents:**

a.  [Proposed] Order re: Docket No. 1538 (Docket No. 1538)

> **Response Deadline:** February 21, 2002 at 4:00 p.m. (extended for the Debtors to March 11, 2002)

> **Responses Received:** None as of the date of this Agenda Notice.

> **Status:** This matter has been continued until March 18, 2002 at 10:00 a.m.

## UNCONTESTED MATTERS

7.  *Motion for Entry of an Order Pursuant to Section 365(a) of the Bankruptcy Code Authorizing the Debtors to Assume, Sell and Assign Leases for Real Property (Docket No. 817)*

> **Related Documents:**

a.  [Proposed] Order Pursuant to Section 365(a) of the Bankruptcy Code Authorizing the Debtors to Assume and Assign Leases for Real Property (Docket No. 817)

b.  Complaint of American Real Estate Holdings, Limited Partnership against W. R. Grace & Co., *et al.* (Adv. Pro. No. 01-07993, Docket No. 1) (*See also* Adv. Pro. No. 01-07993, Docket No. 8 – Order Staying Adversary Proceeding)

c.  Certification of Counsel re: Docket No. 817 (Docket No. 1583)

d.  [Proposed] Stipulation and Form of Order Resolving the Debtors' Motion for the Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors to Assume, Sell and Assign a Prime Lease and the Accompanying Subleases and the Objection and Complaint of American Real Estate Holdings with Respect to the Same (Docket No. 1583)

> **Response Deadline:** September 13, 2001 at 4:00 p.m.

> **Responses Received:**

a.    Objection of American Real Estate Holdings, Limited Partnership to Debtors'
Motion for Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy
Code Authorizing the Debtors to Assume, Sell and Assign a Prime Lease and the
Accompanying Subleases (Docket No. 924)

**Status**: The Debtors have requested that the Court enter the proposed Stipulation
that was submitted to the Court under certification of counsel, as such Stipulation
has been executed by the objecting parties (see items "c" and "d" above).

8.    *Debtors' Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors'
Exclusive Periods in which to File a Chapter 11 Plan and to Solicit Votes Thereon
(Docket No. 1531)*

**Related Documents:**

a.    [Proposed] Order Pursuant to 11 U.S.C. §1121(d) Further Extending Debtors'
Exclusive Periods in which to File a Chapter 11 Plan and to Solicit Votes Thereon
(Docket No. 1531)

b.    Certification of No Objection re: Docket No. 1531 (Docket No. 1628)

**Response Deadline:** February 4, 2002 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** No objections to the motion have been filed or received by the Debtors.
Accordingly, the Debtors have filed a certificate of no objection and seek entry of
the order in the form attached to the motion.

9.    *Motion of the Debtors for an Order Extending Time to Assume, Assume and Assign, or
Reject Unexpired Leases of Nonresidential Real Property (Docket No. 1532)*

**Related Documents:**

a.    [Proposed] Order Extending Time to Assume, Assume and Assign, or Reject
Unexpired Leases of Nonresidential Real Property (Docket No. 1532)

**Response Deadline:** February 4, 2002 at 4:00 p.m. (extended for CMGI to
February 25, 2002)

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** This matter will go forward.

**CONTESTED MATTERS**

10.  *Motion to Dismiss Case Pursuant to 11 U.S.C. Section 1112(b) Filed by Zonolite Attic Insulation Class Plaintiffs (Docket No. 1140)*

      **Related Documents:**

a.  Memorandum of Law in Support of Zonolite Claimants' Motion to Dismiss the Bankruptcy Case (Docket No. 1141)

b.  Exhibits to Motion to Dismiss Case Pursuant to 11 U.S.C. Section 1112(b) Filed by Zonolite Attic Insulation Class Plaintiffs (Docket No. 1382)

      **Response Deadline:** February 15, 2002 at 4:00 p.m.

      **Responses Received:**

a.  Limited Joinder of Official Committee of Asbestos Property Damage Claimants to Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Case Pursuant to 11 U.S.C. §1112(b) (Docket No. 1614)

b.  Opposition of the Official Committee of Unsecured Creditors to the Zonolite Claimants' Motion to Dismiss the Bankruptcy Case (Docket No. 1412)

c.  Debtors' Opposition to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. Section 1112(b) (Docket No. 1673)

    (i)  Exhibit to Debtors' Opposition to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. Section 1112(b) (Docket No. 1678)

    (ii)  Exhibit to Debtors' Opposition to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. Section 1112(b) (Docket No. 1679)

    (iii)  Exhibit to Debtors' Opposition to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. Section 1112(b) (Docket No. 1680)

    (iv)  Exhibit to Debtors' Opposition to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. Section 1112(b) (Docket No. 1681)

    (v)  Exhibit to Debtors' Opposition to the Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. Section 1112(b) (Docket No. 1682)

d.      Objection of Official Committee of Equity Security Holders to Zonolite
        Claimants' Motion to Dismiss the Bankruptcy Case (Docket No. 1683)

        **Status:**  This matter will go forward.

11.     *Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and*
        *ZAI Claims for Entry of Case Management Order, Establishment of Bar Date, Approval*
        *of the Proof of Claim Forms and of the Notice Program (Docket No. 1665)*

        **Related Documents:**

a.      [Proposed] Order as to All Non-Asbestos Claims, Asbestos Property Damage
        Claims and Zonolite Attic Insulation Claims: (i) Approving Case Management
        Schedule, (ii) Establishing Bar Date; (iii) Approving Proof of Claim Forms, and
        (iv) Approving Notice Program (Docket No. 1665)

b.      Debtors' Motion for Entry of Case Management Order, Establishment of Bar
        Date, Approval of the Proof of Claim Forms and Approval of Notice Program
        (Docket No. 536)

c.      [Proposed] Order (i) Approving Case Management Schedule (ii) Establishing
        Bar Date (iii) Approving the Proof of Claim Forms and (iv) Approving Notice
        Program (Docket No. 536)

d.      Memorandum in Support of Debtors' Motion for Entry of Case Management
        Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and
        Approval of Notice Program (Docket No. 537)

e.      Exhibits to Motion for Entry of Case Management Order, Establishment of Bar
        Date, Approval of the Proof of Claim Forms and Approval of Notice Program
        and Memorandum in Support of Debtors' Motion (Docket No. 545)

f.      Debtors' Brief Regarding Bar Date and Class Notice (Docket No. 1677)

g.      Zonolite Claimants' Informational Brief Re: Class Proofs of Claim (Docket No.
        1690)

        **Response Deadline:**  July 13, 2001 at 4:00 p.m.

        **Responses Received:**

a.      United States' Response to Debtors' Motion for Entry of Case Management
        Order, Motion to Establish Bar Date, Motion to Approve Claim Forms, and
        Motion to Approve Notice Program (Docket No. 620)

b.  Medical Monitoring Claimants' Objection to Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Program (Docket No. 536); Joinder in the Motions for Continuance and Motion for Continuance; and Request for Consideration and Briefing Regarding Class Treatment (Docket No. 621)

c.  Zonolite Plaintiffs' Objection to Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, and Motion to Extend Time to Object or Respond to Such Motions; Joinder in Motion for Continuance by Official Committee of Asbestos Property Damage Claimants; Independent Motion to Continue the Hearing on Debtors' Motion; and Request for Consideration and Briefing Regarding Class Treatment (Docket No. 623)

d.  Response and Memorandum of the Official Committee of Asbestos Property Damage Claimants in Opposition to Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 900)

e.  Response to Motion Opposition of the Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program (Docket No. 902)

f.  Response to Motion For Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, Filed by Official Committee of Unsecured Creditors (Docket No. 904)

g.  Response to Motion In Support of Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Programs Filed by Official Committee of Equity Holders (Docket No. 1033)

h.  Debtors' Consolidated Reply in Support of Their Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Claim Forms and Approval of the Notice Program (Docket No. 1106)

    (i)   Debtors' Motion for Leave to File Omnibus Reply to Various Objections to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 1106)

    (ii)  Order Granting Debtors' Motion for Leave to File Omnibus Reply to Various Objections to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 1504)

**Status:**  This matter will go forward.

12.    *Debtors' Revised Motion as to All Asbestos Personal Injury Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and of the Notice Program (Docket No. 1664)*

> **Related Documents:**
>
> a.    [Proposed] Order as to All Asbestos Personal Injury Claims: (i) Approving Case Management Schedule, (ii) Establishing Bar Date; (iii) Approving Proof of Claim Forms, and (iv) Approving Notice Program (Docket No. 1664)
>
> b.    Debtors' Consolidated Reply in Support of Their Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Claim Forms With Respect to Asbestos Personal Injury Claims and Approval of Debtors' Combined Notice Program (Docket No. 1666)
>
> c.    SEE RELATED DOCUMENTS IN AGENDA ITEM 11, "b" through "e"
>
> **Response Deadline:**  July 13, 2001 at 4:00 p.m.
>
> **Responses Received:**
>
> a.    SEE RESPONSES RECEIVED IN AGENDA ITEM 11, "a" through "h"
>
> **Status:**  The Court has indicated that this matter will be transferred to Judge Wolin for adjudication.

13.    *Application for Order Pursuant to Sections 1102(a) and 328(a) of the Bankruptcy Code and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of W. R. Hilton, Jr. as a Consultant to the Official Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (Docket No. 1567)*

> **Related Documents:**
>
> a.    [Proposed] Order of Court Pursuant to Sections 1102(a) and 328(a) of the Bankruptcy Code and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of W. R. Hilton, Jr. as a Consultant to the Official Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (Docket No. 1567)
>
> **Response Deadline:** February 18, 2002 at 4:00 p.m.
>
> **Responses Received:**
>
> a.    Objection of Debtors to the Application for Order Pursuant to Sections 103(a) and 328(a) of the Bankruptcy Code and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of W.R. Hilton, Jr. as Consultants to the Official

Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (Docket No. 1684)

**Status:** This matter will go forward.

14.    *Application for an Order Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of Hamilton, Rabinovitz, & Alschuler, Inc. as Consultants to the Official Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (Docket No. 1568)*

**Related Documents:**

a.    [Proposed] Order of Court Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of Hamilton, Rabinovitz, & Alschuler, Inc. as Consultants to the Official Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (Docket No. 1568)

**Response Deadline:** February 18, 2002 at 4:00 p.m.

**Responses Received:**

a.    Objection of the Debtors to the Application for Order Pursuant to Sections 1103(a) and 328(a) of the Bankruptcy Code and Fed.R.Bankr.P. 2014 and 2016 Authorizing the Retention and Employment of Hamilton, Rabinovitz & Alschuler, Inc. as Consultants to the Official Committee of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 (Docket No. 1685)

**Status:** This matter will go forward.

15.    *Carol Gerard's Motion to Intervene (Adv. Pro. No. 01-0771, Docket No. 85)*

**Related Documents:**

a.    [Proposed] Order re: Adv. Pro. No. 01-0771, Docket No. 85 (Adv. Pro. No. 01-0771, Docket No. 85)

**Response Deadline:** February 18, 2002 at 4:00 p.m.

**Responses Received:**

a.    Debtors' Opposition to Carol Gerard's Motion to Clarify the Scope of, or in the Alternative, to Modify the Preliminary Injunction, and Response to Carol Gerard's Motion to Intervene (Adv. Pro. No. 01-0771, Docket No. 89)

**Status:** This matter will go forward.

16.    *Carol Gerard's Motion to Clarify the Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 86)*

> **Related Documents:**

> a.    [Proposed] Order re: Adv. Pro. No. 01-0771, Docket No. 86 (Adv. Pro. No. 01-0771, Docket No. 86)

> **Response Deadline:** February 18, 2002 at 4:00 p.m.

> **Responses Received:**

> a.    SEE RESPONSES RECEIVED IN AGENDA ITEM 15

> **Status:** This matter will go forward.

Dated: February 2ℓ, 2002

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
James W. Kapp III
Samuel A. Schwartz
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

David W. Carickhoff

Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-counsel for Debtors and Debtors in Possession