THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: W.R. Grace & Co., et al., | ) | CHAPTER 11 |
| | ) | |
| Debtors, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

**SUPPLEMENTAL RESPONSE TO NEW MATERIAL
IN ZONOLITE CLAIMANTS' CLASS PROOF OF CLAIM BRIEF**

Debtors briefly respond here to the two evidentiary exhibits filed by the Zonolite Claimants with their February 18, 2002, "Informational Brief Re: Class Proofs of Claim."

The Claimants' first exhibit is a December 20, 2001 internal EPA Region VIII memorandum prepared by a staff toxicologist, Christopher P. Weis, to support his recommendation "that steps be taken to further identify, quantify, minimize and/or eliminate pathways of human exposure to amphibole asbestos in the residential areas of Libby [Montana]." (App. A to Zonolite Claimant Brief, at p. 16) The Zonolite Claimants cite this memo as support for their assertion that homeowners with Zonolite Attic Insulation "are at risk." (Brief at 5) But the EPA has made no such finding, nor are the Debtors aware of any study showing an increased health risk associated with Zonolite Attic Insulation. For example, the Agency for Toxic Substances and Disease Registry's February 22, 2001 Interim Report for Community Health Planning found that those Libby residents exposed to vermiculite residential insulation had no greater incidence of chest radiograph abnormalities and no increase in restrictive abnormalities in pulmonary function than those with "no apparent exposure" to asbestos or vermiculite. (*See* Preliminary Informational Brief of Zonolite Attic Insulation Class Action Plaintiffs, Ex. C, at pp.15, 17, Tables 4 and 5) The ATSDR then performed a more sophisticated, multivariate regression analysis of its Libby health screening data, examining 18 potential exposure pathways,

including residential exposure to ZAI.  That analysis found no association between ZAI exposure and either pleural abnormalities or restrictive abnormalities in pulmonary function.  (*See* attached excerpts from ATSDR's August 23, 2001 Report, at 15-19)

The other exhibit filed by the Zonolite Claimants is an October 2000 report prepared by Donald Morgan for use in the *Barbanti* preliminary injunction hearing.  Mr. Morgan was retained by the Claimants to conduct a telephone survey of homeowners in Washington state.  Mr. Morgan testified on cross-examination in the *Barbanti* hearing that Claimants' counsel directed him to delete the questions he had prepared asking the survey respondents to identify the brand of attic insulation they had in their home.  (November 29, 2000 Hearing Transcript at 96-98)  By deleting these questions, the Claimants deliberately made it impossible to determine how many residents actually knew they had Zonolite Attic Insulation in their attics, and how many ZAI residents were aware of governmental advisories recommending that they not disturb that insulation.  Respondents who do <u>not</u> have ZAI in their homes obviously have the least interest in that product, or in advisories concerning that product, and would be most likely to "tune out" any information they receive on that subject.  By designing their telephone survey so that respondents who knew they had ZAI in their homes could not be separated from those who knew they had other brands of insulation, the Claimants maximized the percentage of homeowners who would respond that they had never heard of ZAI and who would not recall governmental advisories

concerning ZAI. Such a biased survey is entitled to no weight.

Dated: February 22, 2002

        Respectfully submitted,

        KIRKLAND & ELLIS
        David M. Bernick
        James H.M. Sprayregen
        Andrew R. Running
        Kellye L. Fabian
        200 East Randolph Drive
        Chicago, IL 60601
        (312) 861-2000
        (312) 861-2200 (fax)

        REED SMITH LLP
        James J. Restivo, Jr.
        Paul M. Singer
        Douglas E. Cameron
        435 Sixth Avenue
        Pittsburgh, PA  15219-1886
        (412) 288-3131

        -and-

        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

        _/s/ David W. Carickhoff_
        Laura Davis Jones (#2436)
        David W. Carickhoff, Jr. (#3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier
        (302) 652-4100
        (302) 652-4400 (fax)

        Co-Counsel for the Debtors and Debtors in Possession