IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| W. R. GRACE & CO. - CONN, | ) | |
| Plaintiff, | ) | |
| v | ) | Adv. Pro. No. 02-____ (JKF) |
| | ) | |
| RJR NABISCO, INC., R.J. REYNOLDS | ) | |
| TOBACCO ) COMPANY, BRITISH-AMERICAN | ) | |
| TOBACCO COMPANY LIMITED ("BAT"), | ) | |
| BROWN & WILLIAMSON TOBACCO | ) | |
| CORPORATION, PHILIP MORRIS | ) | |
| INCORPORATED, PHILIP MORRIS | ) | |
| COMPANIES, INC., LIGGETT GROUP INC., | ) | |
| LIGGETT & MYERS, INC., LORILLARD | ) | |
| TOBACCO COMPANY, BATUS, INC., BAT | ) | |
| INDUSTRIES, PLC, THE BROOKE GROUP, | ) | |
| LTD., AMERICAN BRANDS, INC., LOEWS | ) | |
| CORP., THE COUNCIL FOR TOBACCO | ) | |
| RESEARCH-U.S.A., INC., TOBACCO | ) | |
| INSTITUTE RESEARCH COMMITTEE, THE | ) | |
| TOBACCO INSTITUTE, CORR WILLIAMS | ) | |
| TOBACCO COMPANY, JACKSON CIGAR & | ) | |
| TOBACCO COMPANY, CAPITOL TOBACCO & | ) | |
| SPECIALTY COMPANY, INC., NEW DEAL | ) | |
| SUPERMARKETS, INC., J.R. SUPERMARKET, | ) | |
| AND LOCAL DISTRIBUTORS AND | ) | |
| RETAILERS A&B; BENNIE LEE RODGERS, | ) | |
| LUCIEN BULLEN, ROCHESTER SHIERS, | ) | |
| PERCY CHAMBERS, AND CHARLES | ) | |
| LEVERINGSTON, AS AN HEIR AND | ) | |
| BENEFICIARY AND REPRESENTATIVE OF | ) | |
| THE ESTATE OF SAMUEL ELLIS, DECEASED | ) | |
| Defendants. [1] | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

---

[1] The "Tobacco Companies" consist of the following defendants: RJR Nabisco, Inc., R.J. Reynolds Tobacco Company, British-American Tobacco Company Limited, Brown & Williamson Tobacco Corporation, Philip Morris Incorporated, Philip Morris Companies, Inc., Liggett Group Inc., Liggett & Myers, Inc., Lorillard Tobacco Company, Batus, Inc., BAT Industries, PLC, The Brooke Group, Ltd., American Brands, Inc., Loews Corp., The Council for Tobacco Research-U.S.A., Inc., Tobacco Institute Research Committee, The Tobacco Institute, Corr Williams Tobacco Company, Jackson Cigar & Tobacco Company, Capitol Tobacco & Specialty Company, Inc., New Deal Supermarkets, Inc., J.R. Supermarket, and Local Distributors and Retailers A&B. The "Individual Plaintiffs" consist of the following individuals: Bennie Lee Rodgers, Lucien Bullen, Rochester Shiers, Percy Chambers, and Charles Leveringston, as an heir and beneficiary and representative of the estate of Samuel Ellis, deceased.

Plaintiff W. R. Grace & Co. - Conn., as debtor and debtor in possession in one of the above-captioned chapter 11 cases (the "Plaintiff" or "Grace"), by its undersigned attorneys, alleges for its complaint, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## Introduction

1.    This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(7) and Fed. R. Bankr. P. 7065 for an injunction to stay an action captioned W. R. Grace & Co.-Conn. v. RJR Nabisco, Inc., et al., in the Circuit Court for Jefferson County, Mississippi, Cause No. 2001-58 (the "Tobacco Litigation"). Grace commenced the Tobacco Litigation on March 23, 2001, when it filed a complaint (as amended, the "Complaint") against the Tobacco Companies (as defined in footnote 1 herein) with the Circuit Court for Jefferson County, Mississippi (the "Mississippi State Court"). The co-plaintiffs with Grace in the Tobacco Litigation are the Individual Plaintiffs (as defined in footnote 1 herein). The Individual Plaintiffs are smokers and/or heirs and representatives of the estate of deceased smokers who were also occupationally exposed to asbestos. They brought claims against Grace seeking compensation for their lung injuries, and Grace has resolved their claims. Through the Tobacco Litigation, Grace seeks compensatory and punitive damages from the Tobacco Companies for the direct injury to Grace, with damages including but not limited to sums paid to resolve the personal injury claims of the Individual Plaintiffs and all other claimants who have been compensated by Grace for injuries caused, wholly or in substantial part, by tobacco products. Grace seeks recovery under a variety of legal theories, including fraud, conspiracy to defraud, fraudulent concealment, misrepresentation, unjust enrichment/restitution, and injurious combination.

2

2.     In 1998, Owens Corning filed an action against certain tobacco companies seeking relief similar to that which Grace seeks in the Tobacco Litigation in the Mississippi State Court, captioned <u>Owens Corning v. R. J. Reynolds Tobacco Company, et al.</u>, Civil Action No. 96-0065 (the "Owens Corning Action"). Indeed, Grace commenced the Tobacco Litigation to avoid a statute of limitations problem while it monitored the Owens Corning Action to determine the viability of contribution and fraud claims by asbestos manufacturers against tobacco companies before actively litigating Grace's potential claim.

3.     As set forth in more detail below, the trial judge in the Owens Corning Action granted the tobacco defendants' Motion for Summary Judgment Based Upon Improper Aggregation, dismissing Owens Corning's claims against the tobacco companies. The Owens Corning Action is currently on appeal and cross-appeal before the Supreme Court of Mississippi in <u>Owens Corning v. R. J. Reynolds Tobacco Company, et al.</u>, Case No. 2001-TS-01285 (the "Owens Corning Appeal").

4.     As the Owen Corning Appeal concerns similar issues raised in the Tobacco Litigation, final adjudication of the Owens Corning Appeal will necessarily influence Grace's determination whether to prosecute the Tobacco Litigation. Accordingly, Grace seeks to stay the Tobacco Litigation in its entirety until such time as the Owens Corning Appeal is finally adjudicated.

5.     By this complaint, Grace seeks to avoid the burden and expense to its creditors and all parties in interest in connection with prosecuting the Tobacco Litigation until such time as the Owens Corning Appeal is finally adjudicated. The attendant expenses of protracted and complex litigation against the Tobacco Companies are expected to be significant, especially as Grace anticipates that the Tobacco Companies will spare no expense in defending against the Complaint. This expense will be borne by Grace's creditors and parties in interest not

only in monetary terms, but also by the disruption and delay to Grace's reorganization efforts that will necessarily occur.

6.     The injunctive relief sought by this complaint would prevent what could be the unnecessary burden and expense incurred in connection with prosecuting the Tobacco Litigation until such time as the Owens Corning Appeal is finally adjudicated.  Quite simply, there is no reason why Grace should be forced to prosecute the Tobacco Litigation until such time as the Owens Corning Appeal is finally adjudicated.  Tthe Individual Plaintiffs' counsel has indicated to Grace's counsel that they do not oppose the relief requested herein.  Furthermore, the Tobacco Companies appear by their previous actions to not oppose the relief requested herein, and, in fact, have unsuccessfully sought other means with Grace to effectuate a stay of the Tobacco Litigation in the Mississippi State Court (such actions are more fully set forth below).

## The Parties

7.     Plaintiff is a debtor and debtor in possession in this adversary proceeding. Plaintiff is a corporation existing under the laws of Connecticut, with its headquarters located in the State of Maryland.

8.     The defendants listed in paragraphs 9 through 30 below, the Tobacco Companies, are companies that manufactured, designed, sold, marketed packaged, distributed, tested or otherwise placed into the stream of commerce throughout the United States numerous brands of cigarettes and other tobacco-containing products and/or conspired with or aided and abetted such companies concerning such products.

9.     RJR Nabisco, Inc. is a Delaware corporation with its principal place of business located at 1301 Avenue of the Americas, New York, New York 10015, which, at all

relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

10.    R.J. Reynolds Tobacco Company is a New Jersey corporation which claims its principal place of business is located in Winston-Salem, North Carolina, and which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

11.    British-American Tobacco Company Limited is a British corporation, whose registered office is in London, England, which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

12.    Brown & Williamson Tobacco Corporation is a Delaware corporation whose principal place of business is located at 1500 Brown & Williamson Tower, Louisville, Kentucky 40202, which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.  Brown & Williamson Tobacco Corporation is sued in its own right and as a successor in interest to The American Tobacco Company, which Plaintiffs are informed and believe and thereupon allege merged into Brown & Williamson Tobacco Corporation in February, 1995, and which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

13.    Batus, Inc. is a Delaware corporation with is principal place of business located at 1500 Brown & Williamson Tower, Louisville, Kentucky 40202, which, at all relevant

times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

14.     BAT Industries, PLC is a British corporation with its principal place of business located at Winsor Office, 50 Victoria Street, London, England, which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

15.     American Brands, Inc. is a New Jersey corporation with its principal place of business located at 245 Park Avenue, New York, New York 10167, which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

16.     Philip Morris Incorporated is a Virginia corporation whose principal place of business is located at 120 Park Avenue, New York, New York 10017, which, at relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

17.     Philip Morris Companies, Inc. is a Virginia corporation whose principal place of business is located at 120 Park Avenue, New York, New York 10017, which, at relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

18.     Liggett Group, Inc., is a Delaware corporation whose principal place of business is located at 700 West Main Street, Durham, North Carolina 27702, which, at relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi, and which has

6

participated in the manufacture and distribution of cigarettes and other tobacco products both individually and through its agent and alter ego Liggett & Myers, Inc.

19.     Liggett & Myers, Inc. is a Delaware corporation with its principal place of business located at Main & Fuller Station, Durham, North Carolina 27002, which, at relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

20.     The Brooke Group, Ltd. is a Delaware corporation with its principal place of business located at 300 North Duke Street, Durham, North Carolina, which at relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and /or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

21.     Lowes Corp. is a Delaware corporation with its principal place of business located at 1 Park Avenue, New York, New York 10016, which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

22.     Lorillard Tobacco Company is a Delaware corporation whose principal place of business is located at 1 Park Avenue, New York, New York 10016, which, at all relevant times, designed, developed, manufactured, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

23.     The Council for Tobacco Research-U.S.A. Inc (successor in interest to the Tobacco Institute Research Committee), is a non-profit corporation organized under the laws of the State of New York with its principal place of business located at 900 3rd Avenue, New York, New York 10022.

91100-001\DOCS_DE:40969.2

24.     The Tobacco Institute Research Committee, is a non-profit corporation organized under the laws of the State of New York with its principal place of business located at 1875 "I" Street, N.W., Suite 800, Washington, DC 2006.

25.     The Tobacco Institute, Inc., is a non-profit corporation organized under the laws of the State of New York with its principal place of business located at 1875 "I" Street N.W., Suite 800, Washington, D.C. 20006.

26.     Corr-Williams Tobacco Company is a Mississippi corporation with its principal place of business located at 44 North Mill Street, Jackson, Mississippi 38202, which, at all relevant times, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

27.     Jackson Cigar & Tobacco Company is a Mississippi corporation with its principal place of business located at 828 South Gallatin Street, Jackson, Mississippi 39204, which, at all relevant times, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

28.     Capitol Tobacco & Specialty Company, Inc. is a Mississippi corporation with its principal place of business located at 927 Wholesale Row, Jackson, Mississippi 39201, which, at all relevant times, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

29.     New Deal Supermarkets, Inc. is a Mississippi corporation whose registered agent for service of process is Cynthia Norfleet, 100 E. Monument Street, Suite H, Jackson, Mississippi 39201, which, at all relevant times, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

8

30.    J.R. Supermarket is a Mississippi corporation whose registered agent for service of process is John Green, 323 Market Street, Natchez, Mississippi 39121, which, at all relevant times, distributed, supplied, marketed, advertised, and/or sold cigarettes throughout Mississippi and in Jefferson County, Mississippi.

31.    The defendants listed in paragraph 32 below, the Individual Plaintiffs, are co-plaintiffs with Grace in the Tobacco Litigation. The Individual Plaintiffs are smokers and/or heirs and representatives of the estate of deceased smokers who were also occupationally exposed to asbestos. They brought claims against Grace seeking compensation for their lung injuries, and Grace has resolved their claims. Through the Tobacco Litigation, Grace seeks compensatory and punitive damages from the Tobacco Companies for the direct injury to Grace, with damages including but not limited to sums paid to resolve the personal injury claims of the Individual Plaintiffs and all other claimants who have been compensated by Grace for injuries caused, wholly or in substantial part, by tobacco products.

32.    Bennie Lee Rodgers is an adult resident citizen of Jefferson County, Mississippi. Lucien Bullen is an adult resident citizen of Jefferson County, Mississippi. Rochester Shiers is an adult resident citizen of Adams County, Mississippi. Percy Chambers is an adult resident citizen of Jefferson County, Mississippi. Samuel Ellis, deceased, was a resident of Jefferson County, Mississippi at the time of his death, whose estate is currently pending in Jefferson County, Mississippi. Charles Leveringston, Mr. Ellis's son, is an heir and beneficiary and the representative of Mr. Ellis's pending estate.

## Jurisdiction And Venue

33.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

34.     This adversary proceeding has been brought in accordance with Fed. R. Bankr. P. 7001(7) and Fed. R. Bankr. P. 7065.

35.     Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409.

36.     This matter is a core proceeding pursuant to 28 U. S.C. § 157(b)(2).

### Factual Allegation

37.     On April 2, 2001, Grace filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

38.     In 1998, Owens Corning commenced the Owens Corning Action. The tobacco defendants in the Owens Corning Action filed a Motion for Summary Judgment Based Upon Improper Aggregation (the "Summary Judgment Motion"). The trial judge, Judge Pickard, appointed a special master (the "Special Master") in the Owens Corning Action to review the underlying claims asserted by Owens Corning against the tobacco companies and to review the merits of the Summary Judgment Motion.

39.     On May 9, 2001, the Special Master issued the Special Master's Report and Recommendation (the "Recommendation"), recommending that the Mississippi State Court find the injuries alleged by Owens Corning to be indirect, and that under Mississippi law "and the prevailing law in virtually all jurisdictions," Owens Corning was prohibited from recovery for such injuries under the remoteness doctrine. The Special Master's Recommendation to grant the Summary Judgment Motion was adopted by Judge Pickard and Owens Corning's claims against the tobacco companies were dismissed.

91100-001\DOCS_DE:40969.2

40. The Owens Corning Action is currently on appeal and cross-appeal before the Supreme Court of Mississippi in <u>Owens Corning v. R. J. Reynolds Tobacco Company, et al.</u>, Case No. 2001-TS-01285.

41. Grace commenced the Tobacco Litigation to avoid a statute of limitations problem while it monitored the Owens Corning Action to determine the viability of contribution and fraud claims by asbestos manufacturers against tobacco companies before actively litigating Grace's potential claim. Indeed, as the Owens Corning Appeal concerns similar issues raised in the Tobacco Litigation, final adjudication of the Owens Corning Appeal will necessarily influence Grace's determination whether to prosecute the Tobacco Litigation.

42. The Tobacco Companies, apparently recognizing the inefficiency of proceeding with the Tobacco Litigation while the Owens Corning Appeal is pending before the highest court in the state of Mississippi, submitted a proposed tolling agreement to Grace which provided for the dismissal of the Complaint. Due to concerns regarding the validity of tolling agreements under Mississippi state law, Grace determined not to enter into the tolling agreement.

43. Thereafter, Grace and the Tobacco Defendants entered into a proposed stipulated order that provided for the stay of the Tobacco Litigation pending the result of the Owens Corning Appeal. The trial judge, Judge Pickard, however, refused to enter the proposed stipulated order.

44. On or about February 11, 2002, the Tobacco Companies served Grace with a notice of deposition to proceed with discovery in the Tobacco Litigation. The notice of deposition requires Grace to present a witness and certain documents in connection with such deposition on March 1, 2002. The Tobacco Companies have agreed to reschedule such deposition to March 15,

91100-001\DOCS_DE:40969.2

2002. Accordingly, Grace must now turn to the Bankruptcy Court to issue an injunction staying the Tobacco Litigation pending final adjudication of the Owens Corning Appeal.

## FIRST CAUSE OF ACTION FOR AN INJUNCTION (11 U.S.C. § 105(a))

45.    Grace repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

46.    If Grace is forced to go forward with the Tobacco Litigation at this stage, Grace will suffer irreparable harm.

47.    Grace will be forced to participate in discovery with the Tobacco Companies which will necessarily consume significant resources of Grace's estate.  The litigation would irreparably harm Grace's reorganization attempt by diverting the time and attention of some executives and other employees who are critical to the reorganization effort.  The time, energy and focus of such employees will be on the Tobacco Litigation, not Grace's reorganization.  The involvement of key personnel and attendant expense would be great.  For example, Grace's lawyers will have to be present at witness interviews and depositions, to defend witnesses and interpose privileges and objections.  Discovery and trial would severely distract key personnel of Grace from their reorganization efforts.  Their availability to Grace at this critical stage in the Chapter 11 Case will be compromised and their effectiveness in assisting Grace in formulating, negotiating and assisting in the confirmation of a plan of reorganization will be seriously diminished.

48.    Grace would suffer the risk that statements, testimony, and other evidence generated if the Tobacco Litigation were allowed to proceed would be used against it in the Chapter 11 Case and the claims resolution process therein.

49.    A related concern is that Grace's witnesses might be induced to compromise, if not waive, an important privilege.  This risk is magnified in mass tort cases because Grace's

witnesses could be involved in claims resolution process in the Chapter 11 Case regarding thousands of asbestos related claims.

50.    Grace asserts that:  (i) it is likely to succeed on the merits of its claim at the final hearing; (ii) if the Tobacco Litigation were to proceed prior to final adjudication of the Owens Corning Appeal, Grace will suffer irreparable harm and its ability to successfully reorganize under the Bankruptcy Code in the Chapter 11 Case will be threatened; (iii) Defendants will not suffer any harm if the relief sought by Grace is granted; and (iv) the public interest favors granting the requested relief.

### Prayer For Relief

WHEREFORE, Grace requests the entry of an order staying the Tobacco Litigation in its entirety pending final adjudication of the Owens Corning Appeal.

Dated: February 22, 2002

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*David W Carickhoff*

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

13

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| W. R. GRACE & CO. - CONN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Adv. Pro. No. 02-____ (JKF) |
| | ) | |
| RJR NABISCO, INC., et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JAY HUGHES

Jay Hughes, declares under penalty of perjury that the following is true and correct:

1.    I am the Senior Litigation Counsel of W. R. Grace & Co.-Conn., the plaintiff in the above-captioned adversary proceeding (the "Plaintiff" or "Grace"). I make this Affidavit in support of the Plaintiff's Complaint for Injunctive Relief and Motion for Preliminary Injunction. I am authorized to make this Affidavit on behalf of the Plaintiff.

---

[1] The Defendants consist of the following entities: (i) the "Tobacco Companies" – RJR Nabisco, Inc., R.J. Reynolds Tobacco Company, British-American Tobacco Company Limited ("BAT"), Brown & Williamson Tobacco Corporation, Philip Morris Incorporated, Philip Morris Companies, Inc., Liggett Group Inc., Liggett & Myers, Inc., Lorillard Tobacco Company, Batus, Inc., BAT Industries, PLC, The Brooke Group, Ltd., American Brands, Inc., Loews Corp., The Council for Tobacco Research-U.S.A., Inc., Tobacco Institute Research Committee, The Tobacco Institute, Corr Williams Tobacco Company, Jackson Cigar & Tobacco Company, Capitol Tobacco & Specialty Company, Inc., New Deal Supermarkets, Inc., J.R. Supermarket, and Local Distributors and Retailers A&B; and (ii) the "Individual Plaintiffs" – Bennie Lee Rodgers, Lucien Bullen, Rochester Shiers, Percy Chambers, and Charles Leveringston, as an heir and beneficiary and representative of the estate of Samuel Ellis, deceased.

2.      This Affidavit is based on personal knowledge, except for statements indicated to be made upon information and belief, which I believe to be true for the reasons set forth below.

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), Plaintiff filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). This Chapter 11 Case has been consolidated with the above-captioned chapter 11 cases for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Plaintiff continues to operate its businesses and manage its properties as debtor in possession.

### A.      The Tobacco Litigation.

4.      Grace commenced the Tobacco Litigation on March 23, 2001, when it filed a complaint (as amended, the "Complaint") against the Tobacco Companies (as defined in footnote 1 herein) with the Circuit Court for Jefferson County, Mississippi (the "Mississippi State Court"). The co-plaintiffs with Grace in the Tobacco Litigation are the Individual Plaintiffs (as defined in footnote 1 herein). The Individual Plaintiffs are smokers and/or heirs and representatives of the estate of deceased smokers who were also occupationally exposed to asbestos. They brought claims against Grace seeking compensation for their lung injuries, and Grace has resolved their claims. Through the Tobacco Litigation, Grace seeks compensatory and punitive damages from the Tobacco Companies for the direct injury to Grace, with damages including but not limited to sums paid to resolve the personal injury claims of the Individual Plaintiffs and all other claimants who have been compensated by Grace for injuries caused, wholly or in substantial part, by tobacco products. Grace seeks recovery under a variety of legal theories, including fraud, conspiracy to defraud, fraudulent concealment, misrepresentation, unjust enrichment/restitution, and injurious combination.

91100-001\DOCS_DE:41167.1                      2

**B.     The Owens Corning Action.**

5.     In 1998, Owens Corning filed an action against certain tobacco companies seeking the same relief that Grace seeks in the Tobacco Litigation in the Mississippi State Court, captioned Owens Corning v. R. J. Reynolds Tobacco Company, et al., Civil Action No. 96-0065 (the "Owens Corning Action"). The tobacco defendants in the Owens Corning Action filed a Motion for Summary Judgment Based Upon Improper Aggregation (the "Summary Judgment Motion"). The trial judge, Judge Pickard, appointed a special master (the "Special Master") in the Owens Corning Action to review the underlying claims asserted by Owens Corning against the tobacco companies and to review the merits of the Summary Judgment Motion.

6.     On May 9, 2001, the Special Master issued the Special Master's Report and Recommendation (the "Recommendation"), recommending that the Mississippi State Court find the injuries alleged by Owens Corning to be indirect, and that under Mississippi law "and the prevailing law in virtually all jurisdictions," Owens Corning was prohibited from recovery for such injuries under the remoteness doctrine. The Special Master's Recommendation to grant the Summary Judgment Motion was adopted by Judge Pickard and Owens Corning's claims against the tobacco companies were dismissed by Judge Pickard's Judgment dated July 17, 2001, a true and correct copy of which is attached hereto as Exhibit A.

7.     The Owens Corning Action is currently on appeal and cross-appeal before the Supreme Court of Mississippi in Owens Corning v. R. J. Reynolds Tobacco Company, et al., Case No. 2001-TS-01285 (the "Owens Corning Appeal").

8.     Grace commenced the Tobacco Litigation to avoid a statute of limitations problem while it monitored the Owens Corning Action to determine the viability of contribution and fraud

claims by asbestos manufacturers against tobacco companies before actively litigating Grace's potential claim.

9.      Indeed, as the Owen Corning Appeal concerns similar issues raised in the Tobacco Litigation, the result of the Owens Corning Appeal will necessarily influence whether Grace will decide to pursue the Tobacco Litigation.

10.      The Tobacco Companies, apparently recognizing the inefficiency of proceeding with the Tobacco Litigation while the Owens Corning Appeal is pending before the highest court in the state of Mississippi, submitted a proposed tolling agreement to Grace which provided for the dismissal of the Complaint. Due to concerns regarding the validity of tolling agreements under Mississippi state law, Grace determined not to enter into the tolling agreement.

11.      Thereafter, Grace and the Tobacco Defendants entered into a proposed stipulated order that provided for the stay of the Tobacco Litigation pending the result of the Owens Corning Appeal. The trial judge, Judge Pickard, however, refused to enter the proposed stipulated order.

12.      On or about February 11, 2002, the Tobacco Companies served grace with a notice of deposition to proceed with discovery in the Tobacco Litigation. The notice of deposition requires Grace to present a witness and certain documents in connection with such deposition on March 1, 2002. The Tobacco Companies, however, have agreed to re-schedule such deposition to March 15, 2002.

**C.      If The Tobacco Litigation Is Not Stayed In Its Entirety,
Grace Will Suffer Irreparable Harm.**

13.      Allowing the Tobacco Litigation to go forward at this point would further drain the
resources of Grace's estate needlessly, as it is unclear and will remain unclear whether it is in the best
interest of its estate to prosecute the Tobacco Litigation until such time as the Owens Corning
Appeal is finally adjudicated.   Grace's estate will be forced to bear the burden and expense of
protracted and complex litigation against the Tobacco Companies, who are expected to spare no
expense in the defense against the Complaint.   The litigation would irreparably harm Grace's
reorganization attempt at this crucial stage by diverting the time and attention of some executives
and other employees who are critical to the reorganization effort.   The time, energy and focus of such
employees will be on the Tobacco Litigation, not Grace's reorganization.   The involvement of key
personnel and attendant expense would be great.   For example, Grace's lawyers will have to be
present at witness interviews and depositions, to defend witnesses and interpose privileges and
objections.    Discovery and trial would severely distract key personnel of Grace from their
reorganization efforts.   Their availability to Grace at this critical time will be compromised and their
effectiveness in assisting Grace in formulating, negotiating and assisting in the confirmation of a
plan of reorganization will be seriously diminished – all while it is still unclear whether it is in the
best interest of Grace's estate to prosecute the Tobacco Litigation.

14.      Further, Grace would suffer the risk that statements, testimony, and other evidence
generated if the Tobacco Litigation were allowed to proceed would be used against it in the Chapter
11 Case and the claims resolution process therein.   A related concern is that Grace's witnesses might
be induced to compromise, if not waive, an important privilege.   This risk is magnified in mass tort

cases because Grace's witnesses could be involved in claims resolution process in the Chapter 11 Case regarding thousands of asbestos related claims.

15.     Conversely, the Tobacco Companies will not suffer any harm if the requested relief is granted. In fact, if Grace ultimately determines not to prosecute the Tobacco Litigation as a result of the final adjudication of the Owens Corning Appeal, the Tobacco Companies will have been spared the tremendous expense of defending against the Tobacco Litigation. Accordingly, the Tobacco Companies will not be harmed as a result of Grace obtaining the requested relief, and, in fact, could actually benefit.

16.     If the Tobacco Litigation is not stayed in its entirety pending final adjudication of the Owens Corning Appeal, Grace will be forced to divert valuable time and resources from its reorganization attempt, and Grace's attempt to successfully reorganize its business would be jeopardized, all of which harm would be needlessly incurred, as it remains unclear whether it is in the best interest of Grace's estate to prosecute the Tobacco Litigation and will remain unclear until such time as the Owens Corning Appeal is finally adjudicated.

17.     The circumstances described herein more than adequately demonstrate that Grace

will likely suffer irreparable harm unless this Court grants the requested relief.


Executed on _2/22/02_

Jay Hughes

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to and subscribed before me
this 22 day of FEBRUARY 2002

        PERSONALLY KNOWN ✓

_Valerie Perez_
Notary Public
My Commission expires: _11/11/02_

Valerie Perez
My Commission CC767501
Expires November 11, 2002

# Exhibit A

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI

EZELL THOMAS, ET AL. (AS TO ALL DEFENDANTS)                    **PLAINTIFFS**

and

OWENS-CORNING (AS TO TOBACCO DEFENDANTS ONLY)

VS.                                            **CIVIL ACTION NO. 96-0065**

R. J. REYNOLDS TOBACCO COMPANY, ET AL.         **TOBACCO DEFENDANTS**

and

AMCHEM PRODUCTS, INC., ET AL.                  **ASBESTOS DEFENDANTS**

### JUDGMENT

THIS MATTER, having come on for hearing, and the Court, having by separate order granted summary judgment in favor of the Tobacco Defendants as to Owens Corning's claims, does hereby find that Owens Corning's claims in this action should be, and hereby are, dismissed with prejudice, and further finds that there is no just reason for delay in the entry of this judgment and that, pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, a final and appealable judgment should be entered in favor of the Tobacco Defendants as to Owens Corning's claims.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that as a matter of Mississippi law the summary judgment granted in favor of Tobacco Defendants as to Owens Corning's claims should be entered as a final, appealable judgment, that all claims asserted by Owens Corning in the Amended Complaint should be and hereby are dismissed with prejudice, and the Clerk is directed to so enter this judgment as a final judgment in this action.

SO ORDERED, this the _____17th_____ day of July, 2001.

_____
CIRCUIT JUDGE