## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

## NOTICE OF MONTHLY FEE APPLICATION OF
## PITNEY, HARDIN, KIPP & SZUCH LLP
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
## FOR THE FEE PERIOD NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001

Name of Applicant: **Pitney, Hardin, Kipp & Szuch LLP**

Authorized to Provide **W. R. GRACE & CO., *et al*.**
Professional Services to:

Date of Retention: **May 30, 2001 (*nunc pro tunc to* April 2, 2001)**

Period for which compensation **November 1, 2001 - November 30, 2001**
and reimbursement is sought:

Amount of Compensation sought **$62,334.50**
as actual, reasonable and
necessary:

Amount of Expense **$ 7,507.05**
Reimbursement Sought as
actual, reasonable and
necessary

This is a: **X** monthly __ quarterly interim __final application

The total time expended for fee application preparation is
approximately 19 hours and the corresponding compensation
requested is approximately $1,520.00.[1]

---

[1] Applicant will apply to recover compensation relating to this Fee
Application in a subsequent application.

814999A01021502

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 14, 2001 #793 CNO filed September 20, 2001 #943 | 4/2/01 – 4/30/01 | $13,859.50 | $7,239.68 | Approved @ 80% ($11,087.60) | Approved @ 100% |
| August 14, 2001 #794 CNO filed September 20, 2001 #944 | 5/1/01 – 5/31/01 | $37,837.50 | $10,539.48 | Approved @ 80% ($30,270.00) | Approved @ 100% |
| August 14, 2001 #795 CNO filed September 20, 2001 #946 | 6/1/01 – 6/30/01 | $29,079.00 | $10,548.57 | Approved @ 80% ($23,263.20) | Approved @ 100% |
| August 14, 2001 #796 | 4/2/01 – 6/30/01 | $80,776.00 | $28,327.73 | Pending | Pending |
| September 27, 2001 #967 Amended Exhibit B October 30, 2001 #1050 CNO filed October 31, 2001 #1062 | 7/1/01 – 7/31/01 | $33,349.00 Voluntarily Reduced to $32,429.00 | $11,075.18 | Approved @ 80% ($25,943.20) | Approved @ 100% |
| October, 31, 2001 #1046 CNO filed November 28,2001 | 8/1/01 – 8/31/01 | $60,105.00 | $8,715.77 | Approved @ 80% ($48,084.00) | Approved @ 100% |

2

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| #1259 | | | | | |
| November, 30, 2001 #1292 CNO filed 12/21/01 #1419 | 9/1/01 – 9/30/01 | $94,112.50 | $10,714.88 | Approved @ 80% ($75,290.00) | Approved @ 100% |
| December 4, 2001 #1305 CNO filed 12/27/01 #1423 | 4/2/01 – 12/3/01 | $240,000.00 | $0.00 | Contin-gency Matter Approved @80% ($192,000.00) | N/A |
| December, 11, 2001 #1331 CNO filed 1/9/02 #1477 | 10/1/01 – 10/31/01 | $68,805.50 | $23,481.14 | Approved @ 80% ($55,044.40) | Approved @ 100% |
| January 9, 2002 #1481 (Objections due 1/29/02) | 7/1/01 – 9/30/02 | $186,646.50 | $30,505.83 | Pending | Pending |
| Pending | 11/1/01 – 11/30/01 | $62,334.50 | $7,507.05 | | |

**PITNEY, HARDIN, KIPP & SZUCH** LLP

Dated:    Florham Park,    By: _Marchetta_
    New Jersey    Anthony J. Marchetta, Esq.
    February 15, 2002    P.O. Box 1945
    Morristown, NJ 07962-1945
    (973) 966-6300
    Special Counsel to Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH LLP**
**FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES**
**AS SPECIAL COUNSEL AND ORDINARY COURSE PROFESSIONAL TO**
**W. R. GRACE & CO., *ET AL.*, FOR THE MONTHLY INTERIM PERIOD FROM**
**NOVEMBER 1, 2001 THROUGH NOVEMBER 30, 2001**

Pursuant to sections 327, 330 and 331 of title 11 of

the United States Code (as amended, the "Bankruptcy Code"), Fed.

R. Bankr. P. 2016, the Retention Order (as defined below), the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co.
(f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit &
Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,
CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace,
Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico,
Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy
Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc.
(f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a
Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc.,
GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B
Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace
Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc.,
Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a
Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR
Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors,
Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital
Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc.,
Guanica-Caribe Land Development Corporation, Hanover Square Corporation,
Homco International, Inc., Kootenai Development Company, L B Realty, Inc.,
Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc.,
Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe
Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA
Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a
British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.),
Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin
Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West
Coal Company, H-G Coal Company.

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Pitney, Hardin, Kipp & Szuch LLP ("Pitney, Hardin"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it: (i) compensation in the amount of $62,334.50 for the reasonable and necessary legal services Pitney, Hardin has rendered to the Debtors; and (ii) reimbursement for the actual and necessary expenses that Pitney, Hardin incurred in the amount of $7,5075.05 (the "Application"), in each case for the period from November 1, 2001 through and including November 30, 2001 (the "Fee Period") (except as noted in footnote 4). In support of this Application, Pitney, Hardin respectfully states as follows:

**Retention of and Continuing Disinterestedness of Pitney, Hardin**

1.    On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter

---

[2]    Through and including the August 2001 application, Pitney, Hardin's fee requests have related only to the three (3) matters for which Pitney, Hardin was retained as special counsel to the Debtors.  Following discussions with the Office of the United States Trustee and counsel for Debtors, going forward Pitney, Hardin has been including in its fee applications all matters in which Pitney, Hardin represents the Debtors either as special counsel or as an ordinary course professional.

11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an Order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the Office of the United States Trustee appointed: (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants. On June 18, 2001, the Office of the United States Trustee appointed a committee of equity security holders.

2.   By this Court's order dated May 30, 2001 (the "Retention Order"), the Debtors were authorized to retain Pitney, Hardin as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention: (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*[3]

3.   The Retention Order authorizes the Debtors to compensate Pitney, Hardin at Pitney, Hardin's hourly rates

---

[3] Pitney, Hardin was retained in this matter on a contingency basis, consistent with a pre-petition arrangement. This matter has now been settled.

3

(except with respect to the *Gloucester* matter, in connection with which Pitney, Hardin will be compensated on a contingency basis). In addition, the Retention Order authorizes reimbursement of actual and necessary out-of-pocket expenses that Pitney, Hardin incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court.

4. As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Pitney, Hardin does not hold or represent any interest adverse to the estates with respect to the matters on which Pitney, Hardin is to be employed.

5. Pitney, Hardin may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Pitney, Hardin disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Pitney, Hardin will update the Marchetta Affidavit when necessary and when Pitney, Hardin becomes aware of material new information.

4

6.   Pitney, Hardin performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

7.   Pitney, Hardin has received payments applied for and authorized under the Interim Compensation Order.

8.   Pursuant to Fed. R. Bank. P. 2016(b), Pitney, Hardin has not shared, nor has agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Pitney, Hardin, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.   This is the eighth application for monthly compensation for services rendered that Pitney, Hardin has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

**Reasonable and Necessary Services Rendered by Pitney, Hardin**

9.   Pitney, Hardin submits this Application pursuant to the Retention Order seeking:   (a) allowance of reasonable compensation for the professional services rendered by Pitney Hardin, as special counsel to the Debtors, in this Chapter 11 case during the Fee Period; and (b) reimbursement of actual and necessary expenses and out-of-pocket disbursements incurred in

5

the rendition of required professional services on behalf of the
Debtors during the Fee Period.

        10.   Pitney, Hardin has maintained detailed records of
the   time   expended   in   rendering   the   professional   services
performed on behalf of the Debtors in this case.   Such time
records were generated contemporaneously with the performance of
the professional services described therein and in the ordinary
course   of   Pitney,   Hardin's   practice.     The   individual   time
records were recorded by the attorney or legal assistant who
rendered the particular services described.   Annexed hereto as
**Exhibit "A"** is a copy of the actual time records maintained by
Pitney, Hardin for the Fee Period.

        11.   Pitney,   Hardin   also   maintains   records   of   all
necessary   expenses   and   disbursements   (collectively,   the
"Expenses") incurred by Pitney, Hardin in connection with the
performance of its services.   Attached hereto as **Exhibit "B"** is
a complete breakdown of all the Expenses incurred during the Fee
Period.

        12.   Bankruptcy Code section 330 authorizes bankruptcy
courts to award professionals employed by the Debtors under
Bankruptcy Code Section 327 "reasonable compensation" for actual
and   necessary   services   rendered   to   the   Debtors   by   such
professionals.     Under   Bankruptcy   Code   section   330,   the
reasonableness of the compensation sought by a professional is
determined by consideration of the nature, extent and value of

such services, taking into account, *inter alia*, the following:
(a) the time spent on such services; (b) whether the services
were performed within a reasonable amount of time commensurate
with the complexity, importance, and nature of the task; and (c)
the cost of comparable services for non-bankruptcy cases.

13. Pitney, Hardin respectfully submits that the
professional services which it has rendered and the Expenses
that it has incurred on behalf of the Debtors were necessary and
have resulted in substantial benefits to the Debtors. Set forth
below is a summary of the services provided by Pitney, Hardin to
the Debtors during the Fee Period. Based upon an analysis of
each of the foregoing, Pitney, Hardin respectfully submits that
the compensation sought in this Application is reasonable.

## Services Rendered

14. During the Fee Period, Pitney, Hardin rendered
professional legal services, on an hourly basis, to the Debtors
in connection with the following matters: *Intercat; Clementon
Environmental; Carteret Warehouse Subleases; Phenix City, AL
Leases; Weja, Inc.; Williams Industries; Gahrs, Inc., et al.;*
the *NY Superfund Action;* and *Glouster New Communities Co., Inc.
Landfill Closure Issues.*[4]   In general, Pitney, Hardin worked
closely with the Debtors and advised and assisted the Debtors

---

4 For the *Glouster New Communities Co., Inc. Landfill Closure Issues* matter,
the time and expenses are being billed from September through November of
2001.

7

with respect to litigation, bankruptcy, corporate, environmental and real estate matters and issues.

15.   A detailed summary of the services rendered as to each of these matters is provided in the invoices attached hereto as **Exhibit "A."**

## Representations

16.   Pitney, Hardin believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

17.   Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Pitney, Hardin reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

18.   In summary, by the Application, Pitney, Hardin requests compensation for fees and expenses in the total amount of $69,841.55, consisting of: (a) $62,334.50 for reasonable and necessary professional services rendered; and (b) $7,507.05 for actual and necessary costs and expenses.

WHEREFORE, Pitney, Hardin respectfully requests: (a) that an allowance be made to it, as fully described above for: (i) 80% of the reasonable and necessary professional services that Pitney, Hardin has rendered to the Debtors during the Fee Period ($49,876.60); and (ii) 100% of the reimbursement of

8

actual and necessary costs and expenses incurred by Pitney, Hardin during the Fee Period ($7,507.05); (b) that both fees and expenses be payable as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated: February 15, 2002

Respectfully submitted,
PITNEY, HARDIN, KIPP & SZUCH LLP


Anthony J. Marchetta, Esq.
(Mail) P.O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950

9