UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | x<br>:  Chapter 11<br>: |
| W.R. GRACE & CO., et al., | :  Case No. 01-1139 (JJF)<br>:<br>:  Jointly Administered |
| Debtors. | :<br>x |

## MONTHLY APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS, FOR COMPENSATION AND REIMBURSEMENT OF DISBURSEMENTS FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002

| | |
|---|---|
| Name of Applicant: | *Kramer Levin Naftalis & Frankel LLP* |
| Authorized to Provide Professional Services to: | *Official Committee of Equity Holders* |
| Date of Retention: | *As of July 18, 2001* |
| Period for which compensation and reimbursement is sought: | *January 1, 2002 through and including January 31, 2002* |
| Amount of Compensation sought as actual, reasonable and necessary: | *$23,807.50* |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | *$1,961.58* |
| This is a(n):   **X**   monthly      _   interim application | |

KL2:2142132.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | x : : : : : : : : : : x | Chapter 11 |
|  |  | Case No. 01-1139 (JJF) |
| W.R. GRACE & CO., et al., |  | Jointly Administered |
| Debtors. |  |  |

## MONTHLY APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS, FOR COMPENSATION AND REIMBURSEMENT OF DISBURSEMENTS FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002

Kramer Levin Naftalis & Frankel LLP ("Kramer Levin" or the "Applicant"), counsel to the Official Committee of Equity Holders (the "Committee") of W.R. Grace & Co., Inc. and its subsidiaries (the "Debtors"), makes this application for monthly compensation and reimbursement of disbursements, and in support thereof respectfully represents:

1. This application ( the "Application") is made for the period from January 1, 2002 through and including January 31, 2002 (the "Monthly Fee Period") pursuant to (i) 11 U.S.C. § 330, (ii) Fed. R. Bankr. P. 2016, and (iii) the Court's Administrative Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing a Procedure for Monthly and Interim Compensation and Reimbursement of Expenses of Professionals, dated April 3, 2001 (the "Administrative Order").

2. Compensation is requested in the amount of $19,046.00 representing eighty percent of actual hours (73.90) worked during the Monthly Fee Period, plus

KL2:2142132.1

reimbursement of out-of-pocket disbursements in the amount of $1,961.58[1] incurred and recorded during the Monthly Period on behalf of the Committee.

    3.     The rates charged by Applicant are identical to those charged to Applicant's non-bankruptcy clients for the same or similar services. Annexed as Exhibit A is a schedule of Applicant's billable rates, hours and time during the Monthly Fee Period, by attorney and legal assistant. Annexed as Exhibit B is a schedule of Applicant's disbursements by category. Documentation supporting these disbursements is available upon request. Annexed as Exhibit D are summaries of daily time records contemporaneously maintained by each attorney and legal assistant employed by Applicant reflecting the work performed and the time spent (subject to redaction where necessary to protect confidential information) on this case during the Monthly Fee Period. Because the Applicant's daily time is attached, the Application only provides a summary of the Applicant's principal activities during the Monthly Fee Period.

A.    <u>Case Background</u>

    4.     On April 4, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

    5.     On April 13, 2001, the United States Trustee for the District of Delaware appointed the Committee. On July 18, 2001, the Committee selected Kramer Levin to serve as the Committee's legal advisors.

---

[1]    Photocopying costs have been reduced to $0.15 per page, and facsimile charges have been reduced to $1.00 per outgoing page, with a total reduction of fees and disbursements of $3,682.54. A summary of these reductions is annexed as Exhibit C.

6. On September 25, 2001, an Order was signed approving the retention of Kramer Levin as counsel to the Committee.

B. Summary of Legal Services Rendered.

7. Applicant has maintained separate categories of services for this proceeding. Below is a summary of the matters for which compensation is requested herein.

(i) General/Case Administration

8. Activities in this billing category include: monitoring developments in the case on the Debtors' proposed case management order, analyzing pleadings filed by the Debtors and other parties-in-interest, communicating with the Committee and the Debtors, organizing and maintaining Committee files, monitoring Committee and creditor communications as well as the case docket, and maintaining the calendar of events.

(ii) Bankruptcy Motions

9. Time recorded under this matter was spent preparing and attending a hearing in connection with the case management order, reviewing other motions filed in the chapter 11 cases, and reviewing a summary analysis of other complaints filed against the Debtors.

(iii) Fee Applications

10. Time recorded under this matter was spent to draft, review and submit monthly and interim fee applications for the Applicant, to draft review and submit an application for reimbursement of Committee member expenses, as well as to review the applications submitted by other professionals retained in these cases.

      (iv)    <u>Asbestos Claim Issues</u>

11.    Time recorded under this matter includes the review and analysis of pleadings related to the Debtor's proposed case management order, as well as other materials related to the nature of asbestos claims against the Debtors, attending omnibus hearing, and drafting memorandums updating the equity committee of such.

<u>CONCLUSION</u>

12.    Applicant has been involved in a meaningful way in this reorganization proceeding and has fulfilled its duties in representing the Committee. Applicant submits that its request for compensation and reimbursement of expenses is reasonable and warranted.

13.    The legal services summarized by this Application and rendered by Applicant to the Committee during the Monthly Fee Period were substantial, highly professional and instrumental to the Committee's performance in this case.

14.    As noted above, the amounts sought by Applicant consist of the eighty percent of actual billable time during the Monthly Fee Period. The factors typically considered in determining compensation — complexity, results achieved, special expertise, magnitude of the matter, and professional standing — all militate toward the conclusion that the amount of compensation requested by Applicant is fair and reasonable.

15.    All services for which compensation is sought were performed for and on behalf of the Committee and not on behalf of any other creditor or party in interest. Applicant charges its standard hourly rates for professionals performing services in this case. Other than as

previously approved by the orders of this Court referred to on the cover sheet of this Application, no payments have heretofore been made or promised to Applicant for services rendered, or to be rendered in connection with this case. Applicant has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

16. Applicant has reviewed the requirements of Local Rule 2016-2 and this Application conforms thereto.

KL2:2142132.1

WHEREFORE, Applicant respectfully requests that this Court enter an order (i) awarding to Applicant compensation for the period from January 1, 2002 through and including January 31, 2002 in the amount of $19,046.00 representing 80% of billable time for services rendered by Applicant as counsel to the Committee, and approving the reimbursement of all expenses incurred and recorded by Applicant during the Monthly Fee Period in the amount of $1,961.58; (ii) directing payment thereof; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 28, 2002

                          KRAMER LEVIN NAFTALIS & FRANKEL LLP

                          By: _____
                               Philip Bentley
                               919 Third Avenue
                               New York, New York 10022
                               (212) 715-9100

                          Attorneys for the Official Committee of
                          Equity Holders

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | x : : | Chapter 11 |
|  | : | Case No. 01-1139 (JJF) |
| W.R. Grace & Co., et al., | : : | Jointly Administered |
|  | : |  |
| Debtors. | : : : : |  |
|  | x |  |

### AFFIRMATION PURSUANT TO BANKRUPTCY RULE 2016

STATE OF NEW YORK    )

COUNTY OF NEW YORK  )

Philip Bentley, hereby duly affirms that:

1. I am a member of the firm of Kramer Levin Naftalis & Frankel LLP (the "Applicant"), counsel to the Official Committee of Equity Holders (the "Committee") appointed in the above captioned chapter 11 case. I make this affirmation in support of the application for compensation and reimbursement of expenses for the period from January 1, 2002 through and including January 31, 2002.

2. Applicant has not shared or agreed to share any compensation with any person other than the members of this firm and it has not agreed to share in compensation received by any other person from the Debtors.

KL2:2142132.1

3. I have made no agreement prohibited by 11 U.S.C. § 504, or Federal Rule of Bankruptcy Procedure 2016 in connection with this reorganization proceeding.

_____
PHILIP BENTLEY

Affirmed before me this
25th day of February 2002

_____
Notary Public

CATHERINE E. FINNERTY
NOTARY PUBLIC, State of New York
No. 02FI6002574
Qualified in New York County
Commission Expires February 9, 2006

KL2:2142132.1