IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |
| | ) | |

**ORDER OF COURT PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF HAMILTON, RABINOVITZ, & ALSCHULER, INC. AS CONSULTANTS TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO MAY 2, 2001**

AND NOW this _20_ day of _Feb_, 2002, upon consideration of the Application For an Order Pursuant To Sections 1103(a) And 328(a) of The Bankruptcy Code And Fed. R. Bankr. P. 2014 And 2016 Authorizing The Retention and Employment of Hamilton, Rabinovitz, & Alschuler, Inc. (hereinafter "HR&A") as Consultants to the Official Committee Of Asbestos Property Damage Claimants, Nunc Pro Tunc to May 2, 2001 ( the "Application") and upon the Affidavit of Francine F. Rabinovitz (the "Affidavit"), and the Court being satisfied, based on the representations made in the Application and the Affidavit that HR&A represents no interest adverse to the Debtors' estate with respect to the matters upon which HR&A is to be engaged, that HR&A is a "disinterested person" as that term is defined under §101(14) of Title 11 of the United States Code (the "Bankruptcy Code"), and that the employment of HR&A is necessary and would be in the best interest of the Debtors, their creditors and the Debtors' estate, and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED, that the Application is granted; and it is further

ORDERED, that the Committee is authorized to employ and retain HR&A as an asbestos-

related property damage consultant, nunc pro tunc to May 2, 2001, and it is further

ORDERED, that HR&A shall be compensated in accordance with the terms stated herein, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware and the Orders of this Court.

The court will NOT approve compensation to two consulting firms for the same services. Counsel to the Property Damage Committee shall certify to the court as to each monthly application for fees that he has personally reviewed the applications and either (1) identify each entry of duplicative services or (2) state that there are no duplicative services.

Mr. Tacconelli shall serve this order upon all parties in interest and file proof of service within one week hereof.

Dated: <u>February 20, 2002</u>
       Wilmington, Delaware

cc: Theodore J. Tacconelli, Esq.

*Judith K. Fitzgerald*
UNITED STATES BANKRUPTCY COURT JUDGE