IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN AS SPECIAL LITIGATION AND ENVIRONMENTAL COUNSEL FOR THE DEBTORS**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order under sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtors to employ and retain Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("Carella Byrne") as special counsel for the Debtors with respect to the specified matters set forth in the Application; and upon the Affidavit of John M. Agnello submitted in support of the Application; and it appearing that the Court has jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334 and that this

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2

matter is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that Carella Byrne does not represent any interest adverse to the Debtors or their estates with respect to the matters on which Carella Byrne is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, and creditors; and it appearing that due notice of the Application has been given to: (i) the United States Trustee, (ii) counsel for debtor in possession lenders, (iii) counsel for the official committees, and (iv) all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and that no further notice need be given; and sufficient cause appearing therefor;

  IT IS HEREBY ORDERED THAT:

  1. The Application is GRANTED as modified hereby.

  2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the retention and employment of Carella Byrne as special litigation and environmental counsel to the Debtors for the purposes set forth in the Application is hereby approved, *nunc pro tunc* to February 1, 2002.

  3. Carella Byrne shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and such other and further Orders as the Court may direct, and shall be reimbursed for all allowed necessary, actual and reasonable expenses.

  4. Notwithstanding anything to the contrary herein or in the Application or the related Agnello Affidavit, all such compensation shall be subject to the approval of the Court

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

under a reasonableness standard.

5.     The allowed post-petition fees and expenses of Carella Byrne shall be an administrative expense of the Debtors' estates.

6.     This Order shall become effective immediately upon its entry.

7.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2002

                                                                                                                           _____
                                                                                                                            The Honorable Judith K. Fitzgerald
                                                                                                                            United States Bankruptcy Judge