IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**VERIFIED APPLICATION OF KIRKLAND & ELLIS FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL.,
FOR THE FIRST MONTHLY PERIOD FROM
JANUARY 1, 2002, THROUGH JANUARY 31, 2002,
FOR THE QUARTER OF JANUARY-MARCH, 2002**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Kirkland & Ellis ("K&E"), bankruptcy counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an allowance for (i) 80% of the amount of $439,056.00 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) 100 % reimbursement for the actual and necessary expenses that K&E incurred in the amount of $32,279.54 (the "Application"), in each case for the period from January 1, 2002, through January 31, 2002 (the "Fee Period"). In support of this Application, K&E respectfully states as follows:

### **Retention of and Continuing Disinterestedness of Kirkland & Ellis**

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court.

3.  As disclosed in the following affidavits:

   a.  Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

   b.  First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

   c.  Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement,"), filed May 2, 2001;

   d.  Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement,"), filed July 25, 2001;

   e.  Fourth Supplemental Affidavit of James H.M. Sprayregen under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001 and;

   f.  Fifth Supplemental Affidavit of James H. M. Sprayregen under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement,"), filed October 24, 2001.

   g.  Sixth Supplemental Affidavit of James H. M. Sprayregen under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement," together with the First Supplement, Second Supplement, Third Supplement, Fourth Supplement, Fifth Supplement and the Original Affidavit, the "Affidavits"), filed November 13, 2001.

K&E does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

4. K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. K&E will update the Affidavits when necessary and when K&E becomes aware of material new information.

5. This is the first interim monthly Application for interim compensation for services rendered for the period of January-March 2002, that K&E has filed with the Bankruptcy Court.

6. K&E has filed the following quarterly applications (the "Quarterly Applications") for interim compensation (K&E also has filed each of the three interim monthly applications for each quarter):

    a. First Quarterly Interim Verified Application of Kirkland & Ellis for Compensation of Services for Compensation of Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for the Interim Period from April 2, 2001, through June 31, 2001.

    b. Second Quarterly Interim Verified Application of Kirkland & Ellis for Compensation of Services for Compensation of Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for the Interim Period from July 1, 2001, through September 30, 2001.

    c. Third Quarterly Interim Verified Application of Kirkland & Ellis for Compensation of Services for Compensation of Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for the Interim Period from October 1, 2001, through December 31, 2001.

## Reasonable and Necessary Services Rendered by Kirkland & Ellis -- Generally

7. The K&E attorneys who rendered professional services in the Chapter 11 Cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of years as an attorney | Department | Hourly Billing Rate | Total billed hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet Baer | Of Counsel | 20 Years | Bankruptcy | $580.00 | 54.40 | $31,496.00 |
| James Kapp III | Partner | 8 Years | Bankruptcy | $470.00 | 116.60 | $54,802.00 |
| Roger Higgins | Associate | 6 Years | Bankruptcy | $345.00 | 38.10 | $13,144.50 |
| Samuel Schwartz | Associate | 5 Years | Bankruptcy | $390.00 | 155.70 | $60,723.00 |
| David Bernick, P.C. | Partner | 24 Years | Litigation | $665.00 | 88.80 | $59,052.00 |
| Michelle Browdy | Partner | 12 Years | Litigation | $420.00 | 66.90 | $28,098.00 |
| Kellye Fabian | Associate | 2 Years | Litigation | $265.00 | 67.10 | $17,781.50 |
| Mark Grummer | Partner | 26 Years | Environment | $420.00 | 43.60 | $18,312.00 |
| Timothy Hardy | Partner | 29 Years | Environment | $470.00 | 14.30 | $6,721.00 |
| Renee Honigberg | Partner | 7 Years | Litigation | $390.00 | 26.20 | $10,218.00 |
| Natalie Keller | Associate | 5 Years | Tax | $390.00 | 25.50 | $9,945.00 |
| Todd Maynes | Partner | 15 Years | Tax | $600.00 | 17.50 | $10,500.00 |
| Scott McMillin | Associate | 6 Years | Litigation | $350.00 | 46.90 | $17,822.00 |
| Irene Reed | Associate | 4 Years | Real Estate | $225.00 | 18.00 | $4,050.00 |
| Andrew Running | Partner | 20 Years | Litigation | $480.00 | 60.00 | $28,800.00 |
| Pratibha Shenoy | Associate | 2 Years | Tax | $235.00 | 85.60 | $20,116.00 |
| Christopher Sullivan | Partner | 7 Years | Litigation | $390.00 | 22.10 | $8,619.00 |

The paraprofessionals of K&E who have rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of years in that position | Department | Hourly Billing Rate | Total billed hours | Total Compensation |
|---|---|---|---|---|---|---|
| Sabrina Mitchell | Project Assistant | 11 Months | Bankruptcy | $85.00 | 48.00 | $4,080.00 |
| Benjamin Alke | Project Assistant | 6 Months | Litigation | $90.00 | 133.80 | $12,042.00 |

| Name of Professional Person | Position with the Applicant | Number of years in that position | Department | Hourly Billing Rate | Total billed hours | Total Compensation |
|---|---|---|---|---|---|---|
| Shirley Pope | Legal Assistant | 17 Years | Litigation | $180.00 | 126.30 | $22,734.00 |

Grand Total for Fees: $439,056.00
Blended Rate: $349.73

8. Kirkland & Ellis has advised and represented the Debtors in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession. Furthermore, K&E has prepared various pleadings, motions and other papers submitted to this Court for consideration, has appeared before this Court during hearings regarding these cases and has performed various other professional services that are described in this Application.

9. The rates described above are K&E's hourly rates for services of this type. Attached as Exhibit A is a detailed itemization and description of the services that K&E rendered during the Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $439,056.00. The K&E attorneys and paraprofessionals expended a total of 1,255.40 hours for these cases during the Fee Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10. Further, Exhibit A (a) identifies the individuals that rendered services in each Subject Matter, as defined and described below, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each

individual providing the services. Each numbered tab in Exhibit A corresponds to the matter number that K&E assigned to each Subject Matter. If a Subject Matter does not appear, then K&E did not bill time or expenses for that Subject Matter during the Fee Period, but may bill time for that Subject Matter in the future.

**Reasonable and Necessary Services Rendered by Kirkland & Ellis Categorized by Matter**

11. The professional services that K&E rendered during the Fee Period are grouped into the numbered and titled categories of subject matters described in Paragraphs 12-31 herein (the "Subject Matter(s)").

12. Matter 16 – Asset Analysis and Recovery

(Fees: $12,159.00; Hours: 30.50)

This Subject Matter describes time related to the analysis of estate assets, including acquisition and divestiture matters. This subject matter includes time spent preparing a motion for the sale of assets and attending to issues related to customer programs.

13. Matter 17 – Automatic Stay Matters/Relief from Stay Proceedings

(Fees: $4,050.00; Hours: 18.00)

This Subject Matter involves time responding to and analyzing efforts by creditors or litigants to take actions that would potentially violate the automatic stay. Included is time related to (a) responding to and analyzing efforts by creditors and litigation claimants for relief from the automatic stay, (b) analyzing actions by creditors and litigation claimants that violate or would likely violate the automatic

stay and (c) legal research on automatic stay and interrelated transfer of venue matters with respect to various ongoing litigation matters.

14. <u>Matter 20 – Case Administration</u>

(Fees: $57,208.00; Hours: 297.00)

This Subject Matter describes activities not described elsewhere under another subject matter related to, among other things, (a) administering, managing and coordinating the Chapter 11 Cases (specifically, time spent organizing pleadings and omnibus hearings), (b) organizing and maintaining the voluminous files of the Debtors, (c) complying with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules and the local rules, (d) fulfilling the Debtors' duties as debtors-in-possession and (e) complying with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Court and any other applicable law.

15. <u>Matter 21 – Claims Estimate, Objection and Resolution</u>

(Fees: $11,534.50; Hours: 25.30)

This Subject Matter describes legal services provided to the Debtors (a) to identify and evaluate claims and potential claims against the Debtors and (b) to develop strategies concerning such claims. This matter further includes time spent developing a case management plan and schedule.

16. <u>Matter 22 – Contested Matters/Adversary Proceedings</u>

(Fees: $159,635.00; Hours: 386.20)

This Subject Matter describes time spent researching and drafting pleadings, reviewing documents and preparing for the Debtors' participation in various adversary proceedings. It also includes time spent preparing for certain fraudulent conveyance actions and various issues related to venue. Finally, this matter includes time spent on asbestos litigation matters.

17. <u>Matter 24 – Creditors Committees</u>

(Fees: $1,726.00; Hours: 3.40)

This category describes time spent, in part, (a) responding to information and due diligence requests by the Committees and (b) informing the Committees about case administration and contested matters.

18. <u>Matter 25 – Creditors/Shareholders Inquiries</u>

(Fees: $5,222.00; Hours: 12.20)

This Subject Matter describes time spent responding to numerous letters and telephone inquiries from customers, creditors and their counsel for information regarding, in part, the status of the Chapter 11 Cases.

19.  Matter 27 – Employee Matters

(Fees: $2,816.00; Hours: 7.80)

This Subject Matter describes activities related to the Debtors' employment, compensation, employee benefits and employee retention issues.

20.  Matter 28 – Environmental Issues

(Fees: $27,663.00; Hours: 60.40)

This Subject Matter describes activities related to the Debtors' ongoing environmental issues and efforts to resolve those issues within the context of the Chapter 11 Cases.

21.  Matter 29 – File, Docket, Calendar Maintenance

(Fees: $2,458.00; Hours: 28.00)

This Subject Matter describes time spent organizing and distributing pleadings, motions and other court filings, and maintaining the voluminous files of the Debtors. Also included is time spent updating the Fed.R.Bankr. P. 2002 service list and preparing and updating the Debtors' research files.

22.  Matter 30 – Hearings

(Fees: $57,029.00; Hours: 116.10)

This Subject Matter describes time spent preparing for and attending hearings.

23.   Matter 32 – K&E Fee Application, Preparation of

(Fees: $8,432.00; Hours: 32.80)

This Subject Matter includes activities in connection with K&E's preparation of its interim fee applications in accordance with the procedures and standards of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Orders of this Court, Del.Bankr.LR 2016-2 and the procedures promulgated by the U.S. Trustee for the District of Delaware. Because many K&E individuals provide services in these Chapter 11 Cases, reviewing K&E's billing statement and preparing monthly and quarterly fee applications in compliance with the Bankruptcy Code, the amended Local Rules and Orders of this Court is a time consuming process.

24.   Matter 33 – Lease Rejection Claims

(Fees: $15,835.00; Hours: 39.90)

This Subject Matter describes time spent evaluating the Debtors' potential rejection of unexpired real property leases, including (a) time spent researching applicable statutory or case laws, (b) discussions with various counsel to landlords and other lessors regarding rejection procedures and other related issues and (c) responding to motions to compel assumption or rejection of specific leases.

25.   Matter 35 – Other Fee Applications

(Fees: $390.00; Hours: 1.00)

This Subject Matter includes coordinating the filing of the monthly fee applications of the separately retained professionals and analyzing and reviewing such applications.

26.   <u>Matter 37 - Reorganization Plan/Disclosure Statement</u>

(Fees: $2,721.50; Hours: 7.20)

This Subject Matter describes activities related to researching for, and drafting of, the plan of reorganization and disclosure statement.

27.   <u>Matter 38 – Retention of Professionals</u>

(Fees: $16,550.00; Hours: 38.80)

This Subject Matter includes activities in connection with the retention of professionals under section 327 of the Bankruptcy Code. Significant activities include (a) securing the Court's approval for the employment and compensation of numerous professionals for the Debtors under separate retention applications and (b) working with the Debtors concerning retention issues for all of the Debtors' professionals.

28.   <u>Matter 39 – Schedules/Statement of Financial Affairs</u>

(Fees: $332.50; Hours: 1.40)

This Subject Matter describes time spent reviewing and revising the Debtors' schedules and statements of financial affairs and meeting with representatives of, and professionals retained by, the Debtors to assist in the Debtors' development of schedules and statements of financial affairs.

29.   <u>Matter 41 – Tax Matters</u>

(Fees $351.00; Hours: 0.90)

This Subject Matter includes time spent analyzing various tax issues.

Case 01-01139-AMC    Doc 1756    Filed 03/04/02    Page 13 of 16

-13-

30. <u>Matter 42 – Travel</u>

(Fees: $12,382.50; Hours: 19.90)

This Subject Matter involves time spent traveling while representing the Debtors. K&E bills the Debtors for one-half of the total time that K&E professionals spend for non-working travel.

31. <u>Matter 46 - Tax Litigation</u>

(Fees: $40,561.00; Hours: 128.60)

This Subject Matter describes time spent on certain ongoing tax litigation and related matters.

**Actual and Necessary Expenses**

32.     It is K&E's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is K&E's policy to charge its clients only the amount actually incurred by K&E in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

33.     Kirkland & Ellis charges: (a) $0.10 per page for duplication and (b) $0.75 per page for outgoing telecopier transmissions (plus related toll charges). Kirkland & Ellis does not charge its clients for incoming telecopier transmissions. K&E has negotiated a discounted rate for Westlaw computer assisted legal research, which is approximately $125/hour of online use of the standard Westlaw databases. Computer assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer-based legal research) techniques.

34.     A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by K&E on the Debtors' behalf during the Fee Period is attached hereto as Exhibit B. All of these disbursements comprise the requested sum for K&E's out-of-pocket expenses, totaling $32,279.54. These disbursements are grouped in Exhibit B into the same numbered and titled categories of Subject Matters as the fees are grouped in Exhibit A. The numbered tabs within Exhibit B

correspond to the numbers assigned to the matters described in Paragraphs 12-31 herein. Any missing Subject Matters merely indicate that no expenses were attributed to such Subject Matters during the Fee Period, although expenses may be attributable to such Subject Matters in the future. A summary of expenses by category for the entire Fee Period is also set forth in Exhibit B.

### Representations

35. K&E believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

36. Kirkland & Ellis performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

37. Except to the extent of the advance payment retainers paid to K&E as described in the Original Affidavit, K&E has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

38. Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

39. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the

in the Application due to accounting and processing delays. Kirkland & Ellis reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, K&E respectfully requests (a) that an allowance be made to it, as fully described above for the (i) 80% of the amount of $439,056.00 for reasonable and necessary professional services K&E has rendered to the Debtors during the Fee Period ($351,244.80) and (ii) 100 % of the reimbursement of actual and necessary costs and expenses incurred by K&E during the Fee Period ($32,279.54); (b) that both fees and expenses are payable as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Wilmington, Delaware  
Dated: March 4, 2002

Respectfully submitted,

KIRKLAND & ELLIS

_____  
James H.M. Sprayregen  
James W. Kapp III  
Samuel A. Schwartz  
Roger J. Higgins  
200 East Randolph Drive  
Chicago, Illinois 60601  
(312) 861-2000