THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**UNITED STATES' OBJECTIONS TO DEBTORS' REVISED MOTION AS TO ALL
ASBESTOS PERSONAL INJURY CLAIMS FOR ENTRY OF CASE MANAGEMENT
ORDER, ESTABLISHMENT OF A BAR DATE, APPROVAL OF THE PROOF OF
CLAIM FORMS AND OF THE NOTICE PROGRAM
(DOCKET NUMBER 1664)**

The United States hereby objects to the Zonolite Attic Insulation Proof of Claim Form for

the following reasons:

1.    The Form appears to suggest that potential claimants take certain investigatory

action relating to Zonolite Attic Insulation in their homes to determine whether Zonolite Attic

Insulation is present without warning of the potential dangers of disturbing such insulation.

Failure to provide such a warning could adversely impact the public health and welfare.  The

second item under the heading "Who Should Use This Zonolite Attic Insulation Proof of Claim

Form" exemplifies this problem.  This item states that "Zonolite may be found underneath

subsequently installed insulation of other types such as rolled fiberglass insulation."  Potential

claimants could reasonably be expected to pull up fiberglass insulation in an effort to determine

whether Zonolite is below it.  If Zonolite is present, this activity could disturb the Zonolite

sufficient to release asbestos-contaminated dust into the air where it could be inhaled.

Accordingly, it is appropriate to warn potential claimants that they should take care not to disturb

the Zonolite.  The United States proposes that the following language be added as a new item

three in this section of the Form:

> NOTE:  If you examine insulation material in your home for the purpose of
> completing this Form, you should take extreme care not to disturb any Zonolite
> Attic Insulation.  If disturbed, asbestos fibers in Zonolite Attic Insulation may get
> into the air.  If asbestos fibers are inhaled they may cause diseases such as
> asbestosis, lung cancer and mesothelioma.  You are encouraged to wear a NIOSH-
> approved half-mask respirator with a P-100 filter if you conduct any activities that
> may disturb Zonolite Attic Insulation.

EPA currently provides information regarding the potential dangers of asbestos in vermiculite

insulation on its web site (see "Asbestos in Vermiculite Insulation" at

www.epa.gov/opptintr/asbestos/insulation.htm attached hereto at Exhibit 1); however, this

information should be made readily available to individuals who may investigate the presence of

Zonolite in their homes as a result of the requirement to file a proof of claim.

    2.    The Form does not contain a picture of Zonolite Attic Insulation or a picture of the

bags in which it was sold.  If a layperson is intended to determine that he or she has Zonolite

Attic Insulation in his or her home, then the description of Zonolite Attic Insulation in the second

item under the heading "Who Should Use This Zonolite Attic Insulation Proof of Claim Form" is

insufficient.  The Form should contain a picture of Zonolite Attic Insulation to better enable

potential claimants to make this determination.  The EPA web site identified above contains a

picture of Zonolite.  See Exhibit 1 at 2.  Debtors no doubt have even better pictures for assisting

in such an identification.  Inclusion of a picture would likely have the beneficial effect of

reducing the number of inadvertent claims for non-Zonolite insulation material.  A picture of a

bag of Zonolite Attic Insulation would also help potential claimants determine whether they have

Zonolite Attic Insulation in their homes.  They may recognize the packaging from their original

purchase or, if they retained the packaging to store excess product, they may realize that they have Zonolite in a household storage area.

3.     The Form's reference to Zonolite Attic Insulation containing "naturally occurring asbestos" in the second item under the heading "Who Should Use This Zonolite Attic Insulation Proof of Claim Form" may be misleading.  Potential claimants may associate "naturally occurring" with "natural" and may incorrectly think that it is less dangerous than other asbestos.  As the words "naturally occurring" are unnecessary in this context they should be deleted.

4.     The reference to "Loose granular insulation" in Question 6 is ambiguous.  It is unclear whether Grace intends claimants to include Zonolite Attic Insulation in the "Loose Granular insulation" category or whether Grace is seeking to determine what other types of insulation are present in the claimant's house in addition to Zonolite.  Accordingly, the Form should include either of the following parenthetical items after "loose granular insulation" depending on what information Grace is seeking: "(including Zonolite Attic Insulation)" or "(excluding Zonolite Attic Insulation)".

5.     Question 13 does not provide a "Do not know" option.  This question requires claimants to provide the date that they first learned of the presence of Zonolite Attic Insulation in the Property.  As some potential claimants may not recall this exact date, a "Do not know" option should be provided.  In the alternative, the question could ask claimants to provide the approximate date they learned of the presence of Zonolite in their property.  Modification of this question is particularly important due to the Form's two references to the penalties for submitting a fraudulent claim.  Potential claimants may be reticent to return the Form if they cannot recall the precise date they first learned of the presence of Zonolite in their property.

- 3 -

6.      Questions 15, 21 and 26 seek information that claimants may not know.  Each question seeks information related to past activities that may have disturbed the Zonolite Attic Insulation.  The current property owner cannot be expected to know whether a prior owner may have undertaken such activities.  Accordingly, the words "To your knowledge . . ." should be inserted at the beginning of each of these questions.  This will ensure that claimants do not inadvertently answer a question incorrectly and will help ensure that misleading conclusions are not drawn from claimants' answers to these questions.

7.      Question 26 does not refer to remodeling work outside the attic that could have impacted Zonolite Attic Insulation inside the attic.  This question appears to seek information regarding remodeling or other work that may have disturbed Zonolite.  However, by restricting such work to "inside the attic" the question misses renovations or other work done to the ceiling beneath the attic that may impact Zonolite in the attic.  EPA's investigation of asbestos exposure pathways in Libby, Montana has determined that installation of a ceiling fan in a house that contains Zonolite Attic Insulation can result in a release of asbestos into the house.  The question should be modified to insert "or in the ceiling beneath the attic (i.e. plumbing, leak repair, installation of a ceiling fan?)" at the end of the question.

Dated: March 8, 2002

                                    Respectfully submitted,


                                    THOMAS L. SANSONETTI
                                    Assistant Attorney General
                                    Environment & Natural Resources Div.
                                    U.S. Department of Justice

/s/ James D. Freeman
JAMES D. FREEMAN
Trial Attorney
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, Colorado 80202
(303) 312-7376


COLM F. CONNOLLY
United States Attorney
District of Delaware

ELLEN SLIGHTS
Assistant United States Attorney
Office of United States Attorney
1201 Market Street
Suite 1100
P.O. Box 2046
Wilmington, DE 19899-2046


OF COUNSEL:

MATTHEW D. COHN
ANDREA MADIGAN
Enforcement Attorneys
U.S. EPA Region 8
999 Eighteenth Street, Suite 700
Denver, Colorado 80202