IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | Re: Docket No. 1665 |
| Debtors. | ) | |

**OBJECTION OF THE ZONOLITE ATTIC
INSULATION CLAIMANTS TO DEBTORS' PROPOSED
ZONOLITE ATTIC INSULATION PROOF OF CLAIM FORM**

**I.        Introduction**

Pursuant to this Court's Scheduling Order dated February 27, 2002 ("Scheduling Order"), the Zonolite Attic Insulation ("ZAI") Claimants respectfully submit this Objection to Debtors' Proposed Zonolite Attic Insulation Proof of Claim Form ("Proof of Claim Objection").[1] This Proof of Claim Objection briefly spells out the ZAI Claimants' general objections to the Debtors' proposed Zonolite Attic Insulation Proof of Claim form ("Debtor Claim Form"). It then provides this Court with line-by-line objections to the Debtor Claim Form, as mandated by the Scheduling Order.

**II.       General Objections to the Debtor Claim Form**

**A.        General Objections to the Debtor Claim Form Itself**

The ZAI Claimants raise several general objections to the Debtor Claim Form.

First, it is far too onerous and much longer than any form contemplated by the

---

[1]        The ZAI Claimants continue to contend that only the use of a class proof of claim will protect persons having ZAI claims, thousands or millions of whom will be prejudiced absent use of such a class-based proof of claim device.

Bankruptcy Code or Rules.[2]  The proposed Debtor Claim Form does not "substantially comply" with the Bankruptcy Rules or the Official Form.  Rather than facilitating completion, it virtually assures that claimants will not file a proof of claim.  Moreover, Debtors propose to use the Official Form for non-asbestos claims without providing the ZAI Claimants or this Court with any reasonable argument as to why that form will not suffice for asbestos claims as well.  Instead, Debtors seek to require all ZAI claimants to complete an eight-page form, disclose extensive personal information, and provide specific proof not required by the Bankruptcy Code or Rules.

Second, the proposed form completely ignores that disturbance of asbestos-containing ZAI poses a significant health risk recognized by federal agencies warning that owners or occupants of properties containing ZAI *should not disturb* the insulation.  By not including any health and safety warning, the proposed Debtor Claim Form encourages unsafe exploration, handling, and disturbance of ZAI by persons who attempt to complete the form.

Third, the proposed Debtor Claim Form employs a variety of undefined terms and confusing language that will: (i) make many people think that the form does not apply to them, (ii) deter many people from filling it out at all, (iii) confound claimants who do attempt to complete the form, and (iv) unjustly compromise the rights of those who complete it in the format proposed.[3]

---

[2]     Federal Rule of Bankruptcy Procedure 3001(a) states, "A proof of claim is a written statement setting forth the creditor's claim.  A proof of claim shall conform substantially to the appropriate Official Form."  Official Form 10, the form for proof of claims, is a two-page document that requires the claimant to complete only one of the pages.  The form was intentionally simplified, for example to include check boxes for the claimant to state the basis of his claim, for the express purpose of helping to "facilitate completion of the form."  Fed. R. Bankr. P. Official Form 10, Advisory Committee Note.

[3]     For example, the proposed Debtor Claim Form repeatedly states that all persons with a "current claim" must file the form before the Bar Date or forever be prevented from seeking legal redress.  Debtors

**B.      General Objections to the Proposed Process, of Which the Debtor Claim Form is a Part**

Most importantly, however, the Proof of Claim process and Bar Date Notice process that Grace proposes seeks to undertake a detailed claims administration process that affects a population of well over *one million* property owners and occupants of property containing ZAI when the vast majority of these owners and occupants have no knowledge that they have a claim to present.  For reasons set forth in the objections that have been filed to Grace's proposed Case Management Order, the Proof of Claim process and Bar Date Notice process that Grace proposes are constitutionally impermissible and judicially impracticable, because they seek to put the cart before the horse with respect to ZAI claims, i.e. barring of claims (i) before knowledge of ZAI issues is publicly known and appreciated, (ii) before adequate notice that claims exist, and (iii) before Grace's liability for ZAI contamination is adjudicated.  The constitutionally permissible approach would be to first adjudicate Grace's liability, and other fundamental issues affecting ZAI claims through a class-based procedure.  A claims administration procedure, involving public education, notice, and claims processing, should be pursued only after these issues have been resolved and the class of ZAI claimants notified thereof.

**III.     Line-By-Line Objections to the Debtor Claim Form**

The ZAI Claimants raise the following specific, line-by-line objections to the Debtor Claim Form.  The ZAI Claimants will first state the text of each objected-to line, sentence, or paragraph and then the specific objection or objections that apply to it.

---

nowhere define a "current claim" and leave claimants to guess as to whether they have one.  Looking to the Proposed Direct Notice, it appears that Debtors take the position that only those non-asbestos claims that arose pre-petition must file a proof of claim form.  See Proposed Bar Date Notice for All Claims, at 2.  However, Debtors define current asbestos-related claims differently and appear to include within that definition both pre-petition claims *and* those claims that were discovered after the filing of the petition, up

**A.    Cover Page**

The current form of the Debtor Claim Form's cover page includes a box, in the lower center area, that reads as follows:

---

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for completing Proof of Claim Forms*".  The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage for the presence of Zonolite Attic Insulation in your property, THIS ZONOLITE ATTIC INSULATION PROOF OF CLAIM FORM MUST BE <u>RECEIVED</u> ON OR BEFORE 5:00 P.M. EASTERN TIME ON [BAR DATE], or you will be forever barred from asserting or receiving payment for your claim.

---

With the exception of the language beginning with the capitalized print, this instruction should be deleted in its entirety if the current form of the cover page is adopted.  The first paragraph is irrelevant for readers attempting to protect the right to have ZAI removed from a residence or property.  The second paragraph is confusing, because it uses undefined terms such as "current claim."  To a layperson, a "current claim" can mean many things or nothing.  Many people would likely think that this form does not apply to them if they do not already have a lawsuit pending, have not already filed some formal grievance, and/or have not already contacted Defendants or some regulatory agency regarding some perceived insulation deficiency.  The majority of this instruction is also redundant, as its content repeats that of the "General Instructions."

More importantly, the proposed cover page should be rejected for this reason. The Debtor Claim Form cover page should act to alert people, at a glance, as to the point

---

to the Bar Date.  <u>Id</u>.  Debtors have simply failed to state any reason, in the Bankruptcy Code or otherwise,

of the form.  The cover page should clearly state the following items:  (i) that the Debtor

Claim Form should be read by anyone who owns or occupies a residence or property with

loose-fill vermiculite attic insulation, (ii) a description and images that help readers

identify ZAI, (iii) the contentions raised in pending ZAI litigation, (iv) relevant health

and safety considerations that readers should follow in attempting to identify if ZAI is

present in their home, and (v) sources of additional information for anyone who has

questions about the Debtor Claim Form or about ZAI.  An excellent, one-page example

of a document that includes this information is the form of notice, from the Washington

state court case <u>Barbanti v. W.R. Grace</u>, attached hereto as <u>Exhibit 1</u>.

### B.    Instructions Section

#### 1.    "Who Should Use This Zonolite Attic Insulation Proof of Claim Form"

1.    This Zonolite Attic Insulation Proof of Claim Form (referred to in this document as the "Form") applies only to <u>current</u> claims against Grace by or on behalf of parties who are alleging property damage as a result of the presence of Zonolite Attic Insulation in real property owned by the party (such person is referred to in this document as the "claiming party").

This sentence, marked # 1., is confusing because it uses undefined, legal terms

such as "<u>current</u> claims," "alleging property damage," and "real property owned by the

party."  In particular, "property damage" is a confusing term with respect to ZAI.

Laypersons may think that the term refers only to visible malfunctions with the insulation

or damaged to the property visibly caused by the insulation, not knowing that ZAI's

tremolite asbestos fiber content is the source of the injury, insofar as ZAI releases those

fibers and contaminates the air and surfaces in the residence or property.  People are also

unlikely to know that these asbestos fibers are invisible to the naked eye and cannot be

detected without the use of sophisticated microscopic equipment by highly trained

---

for the differing standards that they propose with respect to "current claims."

professionals.  People are likely to believe that this form does not apply to them unless the ZAI in their home or property has permitted a fire to spread, has inadequately insulated against heat or cold, has discolored the areas in which it is installed, or has caused some visible, physical problem to the property.  Laypersons are unlikely to realize that ZAI's asbestos content alone permits a property damage claim in a legal sense.

The first sentence should be in easy-to-read, plain English, because it is the sentence by which persons unsure of their claim will decide whether they are able to, and will in fact, complete the entire form.  Terms such as "claiming party" or "the party" should be replaced simply with "you" and should not be restricted only to property owners.  The sentence should make clear that ZAI is a common product installed in millions of residences and properties, that it contains asbestos and may be hazardous, that any owner or occupant of a residence or property containing ZAI may have a legal claim for removal costs, and that this form is designed to protect that claim.

2.      Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos.  It was sold from the 1920/1930s to 1984.  Zonolite may have a glittery granular appearance.  The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast.  After years in the attic, however, the granules may darken to black or gray.  Zonolite may be found underneath subsequently installed insulation of other types such a rolled fiberglass insulation.

This series of sentences, marked # 2.,  is objectionable for three reasons.  First, when describing ZAI, the Debtor Claim Form should include information from the United States Environmental Protection Agency ("EPA") about the asbestos content of vermiculite insulation, such as ZAI.  Second, the form conceals any health or safety concern with respect to asbestos-containing ZAI.  This paragraph should help people determine whether they have ZAI in their property, but it should emphasize to readers that ZAI can pose a serious health hazard and that they should not disturb it or expose

themselves while identifying its presence.  Third, while the descriptions of ZAI contain accurate information, the absence of illustrations prevents a clear product description.

The first objection can be remedied by including information available on EPA's website.  After stating that ZAI is made from vermiculite, the form should state:

> All vermiculite is likely to contain small or trace amounts of asbestos. …One mine in the United States [owned and operated by Debtors] produced over 70 percent of the world's vermiculite before the mine was closed in 1990. Vermiculite products generated from this mine were likely to have been contaminated with asbestos.  Why is it a problem?  If disturbed, asbestos fibers in vermiculite insulation may get into the air.  These fibers can be inhaled and become trapped in the lungs where they may cause diseases such as asbestosis, lung cancer, and mesothelioma.  These diseases can develop many years after exposure to asbestos.

Asbestos in Vermiculite Insulation, available at http://www.epa.gov/asbestos/ insulation.htm.

The second objection can be remedied by including: (i) warnings about both ZAI's hazards and necessary safety precautions for readers to take in identifying ZAI in their property and (ii) the ways by which readers can obtain more information from reliable sources, including government websites.  Suitable examples, from work done in the Washington state class action, Barbanti v. W.R. Grace, are the following:



**How to get more information about Zonolite, Vermiculite and Asbestos:**

Call the Environmental Protection Agency ("EPA") at a special vermiculite insulation toll free number by calling 1-800-471-7127, or see the EPA and Washington State Department of Health asbestos and vermiculite web pages at:

http://www.epa.gov/asbestos/index.htm
http://www.epa.gov/asbestos/insulation.htm
http://www.doh.wa.gov/chp/ty/asbestosvermiculiteinsulation.html

**Safety Precautions and Options:**

Avoid disturbance of Zonolite Attic Insulation - it contains asbestos. The asbestos in Zonolite Attic Insulation can become airborne and result in exposure and contamination of your home if disturbed.

Avoid activities that disturb Zonolite Attic Insulation such as maintenance, repairs, remodeling, or storage in or use of attic spaces.

If you are uncertain whether your insulation is Zonolite Attic Insulation as pictured above, you may call or visit the website for additional product information.

You may wish to contact a qualified asbestos consultant for inspection and/or advice. Links to find these and other firms and information sources can be found at the website listed in this notice.

You may call and contact the attorneys in the class action that has been certified by this Court so you are kept informed of your legal rights.

**For More Information about Zonolite, Vermiculite and Asbestos:**

If you're not sure whether you have Zonolite or other vermiculite attic insulation, you may visit the Court's website www.zoniteclaims.com for links, information, photographs and descriptions.

The Environmental Protection Agency ("EPA") website provides detailed information about vermiculite, including their advice regarding the safe handling of vermiculite attic insulation, and the risks associated with asbestos exposure. Visit the EPA and Washington State Department of Health websites for more information by going to www.zoniteclaims.com or visit them directly at:

http://www.epa.gov/asbestos.htm
http://epa.gov/asbestos/insulation.htm
http://www.doh.wa.gov/chp/ts/asbestosvermiculiteinsulation.html

You may also call 1-800-000-0000 to contact the attorneys representing the class in this action, to be kept informed of your legal rights.

The third objection can be addressed by including photographs of typical ZAI installations, ZAI packaging, and ZAI itself, with descriptive captions to aid readers. The following is a suitable example, also from work done in the <u>Barbanti</u> case:



Zonolite Attic insulation is vermiculite shaped like a small nugget, and varies in color from silver-gold to gray-brown. It has also been described as layered with a glittery, granular appearance. The granules are small, about the size of a pencil eraser, and may have a silver, gold, translucent or brownish cast. After years in the attic, the granules may darken to black or gray. A typical individual pellet appears expanded like an accordion. The product was sold in bags prior to 1985. Note that Zonolite Attic Insulation may be found underneath subsequently installed insulation of other types, such as rolled fiberglass insulation.

3.  This form should not be used for an Asbestos Personal Injury Claim, non-Zonolite Attic Insulation Asbestos Property Damage Claim, Settled Asbestos Claim, or a Non-Asbestos Claim.  Instead, separate specialized proof of claim forms for these claims should be completed.

This series of sentences, marked # 3., (i) serves little useful purpose, (ii) unnecessarily adds to the complexity and text of the form, and (iii) is confusing insofar as it uses capitalized, non-defined terminology to deter readers from using the Debtor Claim Form for non-ZAI claims.  Instead, two points should be made toward readers who think that they have asbestos-related legal claims against Grace for any reason besides the presence of ZAI in their residence or property.  First, they should not complete this form.  Second, they should be informed of a telephone number or some other means by which they could describe their claim and obtain the correct form.

4.  If you have <u>current</u> claims against Grace as a result of the presence of Zonolite Attic Insulation in more than one (1) real property, the claiming party should complete a Zonolite Attic Insulation Proof of Claim Form for <u>each</u> property.  You may photocopy this Form (before writing on it) if additional Forms are needed.

The paragraph marked # 4. should be stricken in its entirety.  Debtors should make clear to all readers of the form (as well as to participants in these proceedings and to this Court) what claims the form seeks to curtail.

In addition, the paragraph in its current form is objectionable for a wide range of reasons.  The first sentence is terribly confusing, because it uses undefined, legal terms such as "<u>current</u> claims," "real property," "claiming party."  "Claiming party" should be replaced globally with "you," and the Debtor Claim Form should be referred to globally simply as the "Form."  Furthermore, it is onerous and redundant to require completion of separate forms for each affected property, and the instruction should be to simply indicate on one form the properties that contain ZAI.  The form should correspondingly be adjusted to receive that information.

## 2.    "General Instructions"

1.       This form must be signed by the claimant or authorized agent of the claimant.  THIS FORM
         MUST BE RECEIVED ON OR BEFORE 5:00 PM EASTERN TIME ON [Bar Date], or you
         forever will be precluded from asserting your claim(s) against or receiving payment from Grace.
         Return your completed form to the Grace Claims Processing Center, P.O. BoxXXXX, Anytown,
         XX 12345-1234
         If you are returning this form by mail, allow sufficient time so that this form is received on or
         before [Bar Date].  Forms that are postmarked before [Bar Date] but received after [Bar Date] will
         not be accepted.  Only original forms will be accepted for filing.  Forms transmitted by facsimile
         will not be accepted for filing.

The first sentence of Instruction # 1. is confusing, because it, too, uses undefined,

legal terms such as "the claimant" and "authorized agent."  Whenever possible, this

paragraph should simply use the term "you."  Forms postmarked by the Bar Date should

be accepted.  The instruction that "only original forms will be accepted" is confusing if

the apparently-conflicting instruction to "photocopy this Form if additional Forms are

needed" is included earlier in the document.

2.       If you cannot fit all information in any particular section or page, please make a copy of that page
         before filling it out and attach as many additional pages as needed.

With respect to Instruction # 2., the form should be as simple as possible and

should not require the claimant to photocopy pages or attach pages or information of any

kind.

3.       This form must be filled out completed using BLACK or BLUE ink.

| | |
|---|---|
| ?     Please print clearly using capital letters only.<br>?     Skip a box between words.<br>?     Do not write outside of the boxes or blocks. | ?     Do not use a felt tip pen.<br>?     Do not bend or fold the pages of the form. |

Instruction # 3. should be deleted in its entirety.  There are no comparable

instructions on Official Form 10.  If these instructions are included, they should be

preceded by the phrase "Wherever possible."  The message should not be conveyed to

readers whose name or address information cannot fit into the boxes provided, for

example, that they should not provide the additional information elsewhere on the page or form.

4.    Because this form will be ready by a machine, please print characters using the examples below. For optimum accuracy, please print capital letters and avoid contact with the edge of the character boxes.

Instruction # 4. provides no examples.  The entire instruction can be replaced by the phrase "please print neatly" and is redundant given previous instructions.

5.    Mark check boxes with an "X" (example at right).                    ☒

Instruction # 5. is not objectionable.

6.    Be accurate and truthful.  A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim.  The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both.  18 U.S.C. §§ 152 & 3571.

With respect to Instruction # 6., the intent of this unnecessarily strongly-worded instruction is clear:  to dissuade as many readers as possible from completing the Debtor Claim Form.  The instruction purposely omits the words "knowingly and fraudulently" and reads to a layperson as if any error made on the form could result in a substantial fine and/or prison term.  Official Form 10 includes a simple one-line penalty warning in fine print at the bottom of the form.  Instruction # 6. should be stricken.

7.    Make a copy of your completed Form to keep for your records.  Send only original Forms to the Claim Agent at the following address: _____.

While the first sentence of Instruction # 7. is a helpful reminder, the second sentence repeats earlier instructions.

8.    You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

Instruction # 8. does not define "processed" and does not state the significance of the proof of claim number.  This instruction should simply state that claimants should expect to receive an acknowledgement of the receipt of their submitted form.

C.      **"Part 1: Claiming Party Information" and "Part 2: Attorney Information"**

Both sections employ the confusing term "claiming party" instead of "you." Taken together, both sections are objectionable due to their length and the irrelevant personal information requested (a claimant's Social Security number, birth date, prior names, gender). The only information that should be requested from readers is (i) their name; (ii) their address; (iii) their telephone number; and (iv) the name, address, and telephone number of their attorney, if any.

D.      **"Part 3: Property Information"**

---

**INSTRUCTIONS FOR REAL PROPERTY INFORMATION**

- Provide information for all applicable sections.

- Failure to complete any section will be interpreted to mean that the claiming party does not have the specific conditions, circumstances, or proof addressed in that section.

---

This instruction set is objectionable in its entirety and should be removed. Failure by a claimant to provide any piece of information cannot be interpreted in any objective fashion without further investigation. Alternative reasonable explanations for the omission of any piece of information by a claimant who otherwise completes and submits a Debtor Claim Form include that the claimant was confused about the question or that the claimant was unable to verify the accuracy of the information before the Bar Date.

1.      **"A.  Real Property For Which A Claim is Being Asserted"**

This section should be re-titled so that "real property" is replaced by "residence or property." That change should also be made throughout subsequent questions.

1.     What is the address of the real property for which a claim is being asserted (referred to as the "property")?

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |

*Street Address*

| | | | | | | | | | | | | | | | |        | | |        | | | | |

*City*                                                              *State*              *Zip*
*Code*
                                                                   *(Province)*        *(Postal*
*Code)*

| | | | | | | | | | | | | | | | |

*Country*

Question # 1. is objectionable in two ways:  (i) "real property" should be replaced with "residence or property," and (ii) "for which a claim is being asserted" should be replaced with "that you think contain ZAI."

2.     Are you completing a Zonolite Attic Insulation Proof of Claim Form for any other real property other than the one listed at "1" above?

☐     Yes            ☐     No

Question # 2. should be replaced so that claimants need not complete a separate form for every property for which they wish to assert a claim.  Instead, a claimant should be asked simply whether he or she has reason to believe that one or more of the properties that he or she owns or occupies contains ZAI.

3.     Do you currently own the property listed in Question "1", above?

☐     Yes            ☐     No

Question # 3. seeks irrelevant information because both owners and non-owner occupants have a legal right to possession in the affected property, and therefore a claim for removal of ZAI.  This question is also redundant insofar as the section entitled "Who

Should Use This Zonolite Attic Insulation Proof of Claim Form" instructs readers as to who should complete the form.

4.      When did your purchase the property?      ☐☐-☐☐-☐☐☐☐

                                                             *Month  Day  Year*

Question # 4. seeks irrelevant information.

5.      What is the property used for (check all that apply)

☐      Owner occupied residence
☐      Residential rental
☐      Commercial
☐      Other
Specify:      _____

Question # 5. seeks irrelevant information.

## 2.      "B.  Insulation Information"

6.      What types of insulation are present in the property?  (Check all that apply)

☐      Roll-out insulation
☐      Blown fiber insulation
☐      Loose granular insulation
☐      Matting insulation
☐      Other
Specify:      _____

Question # 6. seeks irrelevant information.

| 7.      Is Zonolite Attic Insulation currently in the property? <br> ☐      Yes      ☐      No      ☐      Do not know | **If Yes, Attach All Documents Referring Or Relating To the Presence Of Zonolite Attic Insulation In The Property.** |
|---|---|
| | |
| • **If you answered "No" to Question No. 7 please skip to Question No. 17** | |

Question # 7. should be rephrased to ask claimants if they have "reason to believe" that ZAI is present in the residence or property.  The claimant should be required to answer simply "yes" or "no" and should not be asked to provide whatever documents they currently possess related to the presence of ZAI in one or more of their residences

properties.   This is the only question on the form that should ask claimants to attach

additional documentation, and that exercise should be optional and not mandatory.

8.    Where is Zonolite Attic Insulation present in the property?  (check all that apply)

☐    Attic
☐    Other            Specify:  ⬚

Question # 8. seeks irrelevant information.

9.    When was Zonolite Attic Insulation present in the property?
☐☐-☐☐-☐☐☐☐                    ☐    Do not know
*Month  Day  Year*

Question # 9. seeks irrelevant information.

10.    Who put Zonolite Attic Insulation in the property?

☐    Claiming party

☐    Contractor

☐    Prior Homeowner        ⬚

☐    Do not know

☐    Other

Question # 10. seeks irrelevant information, which would nonetheless be obtained

in response to Question # 7.  It also uses confusing terminology such as "Claiming

party."

11.    Do you have documentation relating to the purchase and/or installation of Zonolite Attic
Insulation for the property (e.g., invoices, receipts, other)?

☐    Yes
☐    No

Question # 11. is redundant insofar as the information it seeks would be obtained

in response to the current Question # 7.  Furthermore, it should not be conveyed to

claimants that they must submit documents in order to complete the form.

12.	Is the Zonolite Attic Insulation exposed or covered?

☐	Exposed, nothing on top of it.
☐	Covered, by:
☐	Other insulation
☐	Boarding
☐	Flooring
☐	Other

Specify: _____

Question # 12. seeks irrelevant information and should be stricken.

13.	When did your first learn of the presence of Zonolite Attic Insulation in the property?
☐☐ - ☐☐ - ☐☐☐☐
*Month  Day  Year*

Question # 13. is objectionable for several reasons.  First, a claimant may be confused as to whether the question asks for first knowledge that a ZAI-like insulation substance is present in the residence or property or for first knowledge that the substance that is present is actually ZAI (and not some other loose-fill product resembling ZAI). Second, an answer to this question alone may not be relevant, because many other factual issues are involved in the proper statute of limitations inquiry.  The information provided would not sufficiently address the statute of limitations issue; Debtors therefore seek through this question a single part of that limitations period inquiry, which when taken out of context, could be misleading.

14.	How did you first learn of the presence of Zonolite Attic Insulation in the property?

Question # 14. is objectionable for the reasons cited for Question # 13 and also because it is an onerous addition to an already-onerous proposed Debtor Claim Form.

| 15. | Has there every been an effort to remove, contain and/or abate the Zonolite Attic in the property? <br> ☐ Yes ☐ No | **If Yes, Attach All Documents Relating To the Presence Or Referring To Such Efforts.** |
|-----|-----|-----|
|  |  |  |

Question # 15. seeks irrelevant information and should be stricken.  If it is included, the term "abate" should be defined or simplified and the claimant should not be required to provide any additional documents.

16.     If yes, please specify the dates and description of such efforts?

☐☐-☐☐-☐☐☐☐      Description
*Month  Day   Year*

☐☐-☐☐-☐☐☐☐      Description
*Month  Day   Year*

☐☐-☐☐-☐☐☐☐      Description
*Month  Day   Year*

Question # 16. seeks irrelevant information and should be stricken.  Also, if included with Question # 15. in their current form, Question # 16. is objectionable because the information it seeks will be revealed in the documents provided by the claimant in response to Question # 15.

### 3.     "C.  Attic Information"

> • If you checked the "attic" box in question 8., complete this section.
> • If you did not check the "attic" box in question 8., move to section D.

This entire section is comprised of questions seeking information that is irrelevant to the submission of a proof of claim form.  The whole section should be stricken.  However, if some or all of this section is included in the final Debtor Claim Form, the instructions to this section should be simplified to request that any claimant should

complete this section only if the ZAI in his or her residence or property is found in the

attic.

      17.      Is the attic finished or unfinished?
☐      Unfinished
☐      Finished

Question # 17. seeks irrelevant information and should be stricken.

18.      What is the attic primarily used for?
☐      Not used
☐      Storage
☐      Living area (e.g. finished attic)
☐      Other

Specify:

Question # 18. seeks irrelevant information and should be stricken.

      19.      Does anyone go into the attic?
☐      Yes
☐      No

Question # 19. seeks irrelevant information and should be stricken.  Furthermore,

if included with Question # 18. in their current form, Question # 19. is redundant, and the

information it seeks should be clear from the claimant's answer to Question # 18.

      20.      How often does someone go in to the attic?
☐      Every day          ☐      Once a month
☐      Once a week       ☐      Two to three times a year

Question # 20. seeks irrelevant information and should be stricken.  If it is

included, it should be qualified with the word "Approximately" and should contain a box

marked "Other."

21.      Has the Zonolite Attic Insulation every been modified and/or disturbed?
☐      Yes
☐      No

Question # 21. seeks irrelevant information and should be stricken.  If included, it should be changed in two ways:  (i) it should begin with "To your knowledge," and (ii) it should end with "after installation."  Also, the question would make more sense if it followed Question # 15 on the Debtor Claim Form.

22.    If yes, please specify when and in what manner the Zonolite Attic Insulation was modified and/or disturbed?

☐☐-☐☐-☐☐☐☐    Description
*Month  Day  Year*

☐☐-☐☐-☐☐☐☐    Description
*Month  Day  Year*

☐☐-☐☐-☐☐☐☐    Description
*Month  Day  Year*

Question # 22. seeks irrelevant information and should be stricken.

23.    Is you attic vented?
☐    Yes
☐    No

Question # 23. seeks irrelevant information and should be stricken.  It is also objectionable insofar as "vented" is not defined.  If the question is included on the Debtor Claim Form, then an additional box marked "Don't know" should be added so that anyone confused by the question can express their confusion.

24.    Has there ever been any damage to the property's attic (e.g., fire, water, etc.)?
☐    Yes
☐    No

Question # 24. seeks irrelevant information and should be stricken.

25.    If yes, when?

☐☐-☐☐-☐☐☐☐    Specify Damage:
*Month  Day  Year*

☐☐-☐☐-☐☐☐☐    Specify Damage:
*Month  Day  Year*

Question # 25. seeks irrelevant information and should be stricken.

26      Has there ever been any remodeling or other work done inside the attic?
☐      Yes
☐      No

Question # 26. seeks irrelevant information and should be stricken.  If it is

included, it should begin with the words "To the best of your knowledge" or else an

additional answer box marked "Don't know" should be added.

27.     If yes, when?

☐☐-☐☐-☐☐☐☐      Specify Work:      
*Month  Day  Year*

☐☐-☐☐-☐☐☐☐      Specify Work:      
*Month  Day  Year*

☐☐-☐☐-☐☐☐☐      Specify Work:      
*Month  Day  Year*

Question # 27. seeks irrelevant information and should be stricken.

## 4.        "D.  Asbestos Testing"

The questions in this section all seek irrelevant information, and the section as a

whole should be deleted from the Debtor Claim Form.

| 28. | Has there every been any testing or sampling for the presence of asbestos or other particulates in our property? | |
|---|---|---|
| ☐      Yes<br>☐      No | | **If Yes, Attach All Documents Relating To the Presence Or Referring To Such Efforts.** |

Question # 28. seeks irrelevant information and should be stricken.  Furthermore,

the question is objectionable because the term "particulates" is undefined.  No claimant

should be required to provide any additional documents in response to this question, even if it is included.

29.    If yes, indicate when and by whom and the type of testing and/or sampling (e.g., air, bulk and dust sampling)?

☐☐-☐☐-☐☐☐☐          Company/Individual
*Month  Day  Year*          Type of testing:

☐☐-☐☐-☐☐☐☐          Company/Individual
*Month  Day  Year*          Type of testing:

☐☐-☐☐-☐☐☐☐          Company/Individual
*Month  Day  Year*          Type of testing:

Question # 29. seeks irrelevant information and should be stricken.  If it is included, the word "indicate" should be immediately followed by "to the best of your ability."  A claimant may have to approximate the dates of testing, and the type of testing can involve technical jargon with which an individual claimant is unfamiliar or uncomfortable.  The claimant should not be required to provide any additional documents in response to the question.

**D.    "Part 4: Signature Page"**

The Debtor Claim Form states as follows on the Signature Page:

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim.  I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION:  I hereby authorize and request all other parties with custody of any documents or information concerning my property damage or the information contained in this Form to disclose any and all records to Grace or to Grace's representative.

I hereby authorize the release of my Social Security number for use in comparing information provided separately to other asbestos trusts or claims facilities to very the completeness and accuracy of the information contained in this Form.

_____

SIGNATURE OF CLAIMANT

*The penalty of presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both.  18 U.S.C. §§ 152,3571.

The first sentence of the Signature Page text is confusing because "claims" cannot be signed and the term "claiming party" is elusive.  The sentence should be replaced by one that simply states that for this form to be considered, it must be signed.

The next two sentences, declaring the accuracy of the information in the form, is objectionable for these reasons.  First, the stated penalty omits the word "knowingly or fraudulently" and serves, quite clearly, as a deterrent for the submission of a claim.  Second, individual claimants may not be represented by an attorney and may be deterred from submitting a form that requires them to "declare under penalty of perjury" if they are unable to consult with one.  Third, if included at all, the declaration should be qualified with "to the best of my ability."  Finally, Official Form 10 includes a simple, one-line recitation of the penalty in fine print at the bottom of the page.  There is no reason to adopt any different warning in this case.

The "Consent To Release Of Records And Information" should be removed entirely.  As written, this section does not give a claimant the option to withhold consent and still submit a form.  The average claimant will likely assume, incorrectly, that giving the requested consent is a prerequisite to submission of a proof of claim form.

Furthermore, the apparently required disclosures are absolutely unreasonable and, if included in the Debtor Claim Form, will deter legitimate claimants from submitting completed forms.  The first sentence, as written, is so broad that it could waive attorney-client privilege between a claimant and his or her attorney.  By authorizing a broad release of a claimant's Social Security number to a variety of unnamed third party entities, the second sentence sets out, as an apparent requirement to submitting a claim form, a significant disclosure of personal information.

An additional objection to the signature page as a whole is that it leaves persons who believe they have ZAI in their residence or property with no information as to what steps to take going forward, from both the standpoint of personal safety measures while the ZAI remains in the property and of initiating appropriate removal steps.  This objection can be remedied by including information from EPA's website, as follows:

### What should I do if I have vermiculite insulation in my home ?

Look at the insulation without disturbing it. If it appears you have vermiculite insulation in your home, we recommend the following steps:

- If possible, leave the insulation undisturbed. Asbestos particles will not become airborne if the insulation is contained. If it's sealed behind wallboards and floorboards or is isolated in an attic that is vented outside, the best approach is to keep it in place.

- If you are planning to remodel or replace vermiculite insulation, have it tested first.

  - EPA recommends using a trained and accredited professional to conduct the tests. If you decide to remove the vermiculite home insulation, use accredited, licensed asbestos removal professionals. Use of a "negative pressure enclosure" technique will prevent asbestos fibers and dust from escaping from the attic into the rest of the home. **Do not attempt to do this yourself.** You could spread asbestos fibers throughout your home, putting you and your family at risk of inhaling asbestos fibers.

  - After the vermiculite insulation is removed, you may want to consider having air monitoring tests done in your attic and throughout the living areas of your home. This is to ensure that the concentration of asbestos fibers in the home is low or not present.

### How do I find an accredited asbestos removal professional?

An accredited asbestos inspector has undergone approved training and then taken examinations to be accredited. He or she will be able take samples of the insulation, provide information on the results, and advise about additional tests or options to consider. Inspectors can be found in the Yellow Pages under "Asbestos Consulting and Testing" or "Asbestos Abatement." Ask the inspector to provide the name of the company that trained, accredited him or her. Call that company to confirm whether a particular inspector has had the required training and has up-to-date accreditation. If your State has licensing, confirm that the inspector's license is also current. Companies that can test the air in your home will be found under the same listings.

### Where can I get more information?

Information can be found on the hotline and web sites below as it becomes available.

For current information on asbestos and health related information, contact EPA's TSCA Hotline at 1-202-554-1404 or visit EPA headquarters' Asbestos web site: www.epa.gov/asbestos

Also visit the federal Agency for Toxic Substances and Disease Registry (ATSDR) website at www.atsdr.cdc.gov.

Asbestos in Vermiculite Insulation, available at http://www.epa.gov/asbestos/

insulation.htm.

## IV.    Conclusion

The ZAI Claimants respectfully urge this Court to disregard entirely the proposed

Debtor Claim Form.  The ZAI Claimants respectfully request that this Court adopt

Official Form 10, or a proof of claim form substantially similar, for use with respect to

the ZAI Claimants.  The Debtors have proposed use of Official Form 10 with respect to

non-asbestos claims.[4]  They have not articulated any valid reason as to why Official Form

10 should not be used with respect to ZAI claims.

The ZAI Claimants alternatively ask that this Court modify the proposed Debtor

Claim Form so as to conform with the specific, line-by-line objections raised herein.

Wilmington, Delaware
Dated:  March 8, 2002

_____/s/ William D. Sullivan_____
William D. Sullivan

---

[4] See Notice of Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms And of the Notice Program.  Exhibit 1 to that document lists the "Claims Subject to Bar Date" and appends a "Grace Non-Asbestos Proof of Claim Form" that is identical to Official Form 10.

ELZUFON, AUSTIN, REARDON,
    TARLOV & MONDELL, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630
Phone: (302) 428-3181
Fax: (302) 428-3180


Thomas M. Sobol
Matthew L. Tuccillo
LIEFF, CABRASER,HEIMANN &
    BERNSTEIN, LLP
175 Federal Street, 7th Floor
Boston, MA  02110-2221
Phone:  (617) 720-5000
Fax:  (617) 720-5015

Elizabeth J. Cabraser
Fabrice N. Vincent
Jeniene Andrews-Matthews
LIEFF, CABRASER,HEIMANN &
    BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Phone:  (415) 945-1000
Fax:  (415) 945-1008

Darrell W. Scott
Burke D. Jackowich
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 West Sprague Avenue
Spokan, WA  99201-0466
Phone:  (509) 455-9555
Fax:  (509) 747-2323

Allan M. McGarvey
MCGARVEY, HEBERLING, SULLIVAN
    & MCGARVEY, P.C.
745 South Main
Kalispell, MT  59904-5399
Phone:  (406) 752-5566
Fax:  (406) 752-7124

Edward Cottingham
Robert Turkewitz
NESS, MOTLEY, P.A.
28 Bridgeside Boulevard
P.O. Box 1702
Mt. Pleasant, SC  29465
(29464 for Fed Ex)
Phone:  (843) 216-9000
Fax:  (843) 216-9450

00114786.DOC

# Exhibit 1

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

MARCO BARBANTI, individually and on behalf of a class of all others similarly situated,

Plaintiffs,

v.

W.R. GRACE & COMPANY-CONN (a Connecticut corporation); W.R. GRACE & COMPANY (a Delaware corporation); W.R. GRACE & CO., a/k/a GRACE, an association of business entities; SEALED AIR CORPORATION (a Delaware corporation); and WILLIAM V. CULVER, resident of the State of Washington,

Defendants.

Case No. 00201756-6

CLASS ACTION NOTICE

## LEGAL NOTICE TO WASHINGTON RESIDENTS:

# If your home contains loose-fill vermiculite attic insulation, this notice may affect your rights.



Zonolite Attic Insulation is vermiculite shaped like a small nugget, varying from silver-gold to gray-brown. It has been described as layered with a glittery, granular appearance that may have a silvery, gold, translucent or brownish cast. After years in the attic, the granules may darken to black or gray. Zonolite Attic Insulation may be found under installed insulation of other types such as rolled fiberglass insulation. Product Packaging you encounter may differ from the picture above.

This is a Court-ordered notice to anyone in Washington with loose-fill vermiculite insulation in their attic or walls sold as Zonolite Attic Insulation ("ZAI").

**Plaintiffs' Class:** A class action lawsuit has been certified by The Spokane County Superior Court. You are in the Class if you own or occupy real property located in the State of Washington in which ZAI has been installed. Lead class counsel is Darrell Scott, Lukins & Annis, P.S., Spokane, WA.

**Plaintiffs' Claims:** According to the Plaintiffs, ZAI contains readily airborne asbestos fibers that constitute a present threat to public health and safety if disturbed, for example through home repairs or remodeling, storage of belongings in the attic, etc. The Plaintiffs claim that ZAI is not reasonably safe in design and/or manufacture.

**Defendants' Contentions:** The defendants contend there are only trace amounts of asbestos in ZAI and that ZAI does not pose a risk to the health of homeowners, including homeowners who may occasionally disturb ZAI during the course of repairing, maintaining, remodeling or normal use of an attic space. Defendants contend that ZAI is safe and deny that homeowners need to remove ZAI. Defendants have asked the Court to reject the Plaintiffs' claims.

**The Court has not ruled on the merits of Plaintiff's claims or Defendants' positions.**

**Relief Sought:** The Plaintiffs seek the establishment of a program funded by Defendants to contain the ZAI in your home or property and/or remove it if necessary. Other equitable relief sought by the Plaintiffs include a trust to provide research and education about health effects of ZAI exposure and appropriate safety procedures. **The Plaintiffs do not seek monetary damages for persons who suffered personal injury.**

### How to get more information about Zonolite, Vermiculite and Asbestos:

*Call the Environmental Protection Agency ("EPA") at a special vermiculite insulation toll free number by calling 1-800-471-7127, or see the EPA and Washington State Department of Health asbestos and vermiculite web pages at:*

http://www.epa.gov/asbestos/index.htm
http://www.epa.gov/asbestos/insulation.htm
http://www.doh.wa.gov/chp/ts/asbestosvermiculiteinsulation.html

**Your Rights:** Class Members do not have an automatic right to exclude themselves from this Class and they will be bound by the determinations of the Court. Class Members may, however, seek to participate in this litigation through their own attorney at their own expense. For more information contact class counsel at 1-888-760-7000, or write to ZAI Notice, P.O. Box 285, Spokane, WA 99210-0285, fax to 1-509-363-2512, or send an e-mail to zonolite@lukins.com.

**DO NOT CALL OR WRITE TO THE COURT OR TO THE CLERK'S OFFICE WITH QUESTIONS ABOUT THIS LAWSUIT.**

# 1-888-760-7000
# www.zainotice.com