UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: W.R. Grace & Co., et al.,[1]<br><br>DEBTORS, | CHAPTER 11<br><br>**BANKRUPTCY NO. 01-01139**<br>**(Jointly Administered)**<br><br>**Objection Deadline: TBD**<br>**Hearing Deadline: TBD** |

## ZONOLITE CLAIMANTS' MOTION FOR CLASS PROOFS OF CLAIM

**I.    INTRODUCTION**

The Zonolite Asbestos Insulation Claimants ("Claimants"), pursuant to section 105 of Title 11 of the United States Code ("Bankruptcy Code"), and Rules 9014 and 7023 of the Federal Rules of Bankruptcy, move this Court for the entry of an order allowing a Zonolite class proof of claim. The recognition of a class proof of claim in this action would ensure the adequate collective representation of the Zonolite Asbestos Insulation ("ZAI") claims within bankruptcy and facilitate a unified defense of those claims when contested by W.R. Grace & Co., *et al.* ("Grace" or "Debtor").

In support of this motion, Claimants rely on the previously submitted material on

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecaig, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Crop., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

file with the Court which provide the factual nature of the ZAI claims. See Exhibit 1 (attached hereto) (providing a list of previously submitted pleadings and documentary evidence relating to ZAI claims).

## II. ARGUMENT

### A. Class Proofs of Claim Are a Proper Procedural Device in Bankruptcy

Recent court opinions have held that class proofs of claim in bankruptcy are permissible. See In re First Interregional Equity Corp., 227 B.R. 358, 366 (Bankr. D.N.J. 1998), citing In re Zenith Labs, 104 B.R. 659, 662 n. 2 (Bankr. D.N.J. 1989); In re Woodward & Lothrop Holdings, Inc., 205 B.R. 365, 370 (Bankr. S.D.N.Y. 1997); In re Sacred Heart Hospital of Norristown, 177 B.R. 16 (Bankr. E.D.Pa. 1995); Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir. 1989); In re Charter Co., 876 F.2d 866 (11th Cir. 1989); In re Chateaugay Corp., 104 B.R. 626 (Bankr. S.D.N.Y. 1989); In re American Reserve Corp., 840 F.2d 487 (7th Cir. 1988).

The Sixth, Seventh, Ninth, and Eleventh Circuit appellate courts have each explicitly embraced class actions as an available bankruptcy procedure. See In re Birting Fisheries, Inc., 92 F.3d 939 (9th Cir. 1996). Indeed, every circuit court to consider the matter has held that class proofs of claim are acceptable. In re Trebol Motors Distributor Corp., 220 B.R. 500, 502, (1st Cir. 1998). Opinions from courts within the Third Circuit are in accord, one court remarking, "[a]lthough the United States Court of Appeals for the Third Circuit has not considered this issue [class proofs of claim], the policies underlying the class action and Congress' explicit provision for the application of Fed. R. Civ. P. 23 to bankruptcy proceedings support the view that the latter cases [In re American Reserve and progeny] set forth the better rule." In re Zenith Laboratories, Inc., 104 B.R. 659, 662 (Bankr. D.N.J. 1989).

Here, class proofs of claim and subsequent class-based representation of contested claims will advance the same judicial imperative inside bankruptcy for which class actions are

routinely employed outside of bankruptcy.  It will ensure a meaningful voice to communities of similarly situated claimants who are not cognizant, and in the case of Grace, have been assiduously kept unaware, that they have existing claims.  Moreover, it will provide a judicially efficient and constitutionally sufficient procedure for resolving disputed claims that present common predominating factual or legal issues.  Thus, the class proof of claim process with respect to the ZAI claims is superior to the individual claims process suggested by Grace.

### B. A Class Proof of Claim Will Facilitate the Claims of Creditors Who Are Unaware of Their Existing Claims

Allowing Zonolite class proofs of claim will achieve significant judicial and administrative efficiencies with respect to the claims process itself.  In re Retirement Builders, Inc., 96 B.R. 390 (Bankr. S.D.Fla. 1988) (Permitting class proof of claim avoids the necessity of the clerk's office processing several thousand claims); In re Livaditis, 122 B.R. 330, 339 (Bankr. N.D.Ill., 1990) (". . . as a practical matter, the preparation, filing, and processing of one proof of claim clearly is more efficient than the compilation and sending of more than 1,000 informational packages, and the filing and processing of 1,000 proofs of claim.").  If unnamed class members are a group of individuals who are in large part unknown creditors, "then the class device may provide the only form of notice to such parties and be advisable to utilize."  In Re First Interregional Equity Corp., 227 B.R. at 371.

Here, Zonolite claimants are archtypical of unidentified creditors whose rights can be preserved only through class proofs of claim, followed by unified representation of those contested claims.  An exclusively individual proof of claim process, as proposed by Grace, ensures that the vast majority of Zonolite claimants, collectively Grace's largest creditor, will be excluded from the bankruptcy process because they are unfamiliar with the product, of its risks, and of their claim. Permitting Zonolite class proofs of claim, by contrast, advances the purpose of bankruptcy and facilitates Grace's reorganization by assuring recognition of claims of existing

similarly situated creditors whose identities are unknown and who cannot be expected to protect their own interests following notice to creditors.

      C.    **A Class Proof of Claim Will Facilitate the Resolution of Contested Individual Claims**

Allowing a class proof of claim will serve the critically important bankruptcy function of facilitating recognition of creditors who would otherwise be disenfranchised if required to pursue their claims individually. See In re Zenith Laboratories, Inc., 104 B.R. at 663 n.3. (holding that a class proof of claim "readjusts the cost-benefit analysis and ensures that smaller claims whose combined value is significant cannot be avoided by a wrongdoer merely because of their individual size.").

Here, substantial numbers of similarly situated creditors have relatively small unliquidated claims. As Grace has made plain its intent to vigorously contest those claims, the creditors must bring substantial resources to bear to vindicate those claims, thus causing the traditional individual proof of claim process to misfire. In effect, the bankruptcy process will serve as an illegitimate sanctuary from these creditors, rather than as a means for expeditiously and fairly treating such creditors. The Court's allowance of class proofs of claim will remedy this defect.

      D.    **A Class Proof of Claim Will Facilitate the Unified Resolution of Contested Claims That Present Common Questions**

Class proofs of claim also serve a valuable role where, as here, the debtor intends to contest numerous claims on grounds common to those claims. Thus, "[w]hen a unified response to objection hearings is necessary for meaningful participation in the proceedings, for example, the court may find Rule 7023 applicable and thus subject the matter to the scrutiny of Rule 23." Newberg §20.03, p. 20-19 (1992) citing In re W.T. Grant Co., 24 Bankr 421 (S.D.N.Y. 1982)).

Allowing class proofs of claim followed by class treatment of Zonolite claims within bankruptcy, whether as an adversary proceeding or in a contested claims proceeding, will aggregate like claims, bring to bear well-established class action jurisprudence on issues of adequacy of representation and the binding effect of decisions on the class, and assure the Court of unified representation through class counsel answerable to the Court. Thus, there are multiple practical benefits in allowing class proofs of Zonolite claims. See Comparison Chart attached as Appendix "C" to Zonolite Claimants' Informational Brief re: Class Proofs of Claim filed on February 19, 2002.

### III.     CONCLUSION

With the majority of circuit case law supporting class proofs of claim, as well as class proofs of claim furthering class action and bankruptcy policies, the benefits to these bankruptcy proceedings are clear. The Court's allowance of a class proofs of claim, followed by consolidated treatment of the merit of class members' claims for unified equitable relief, would advance the interests of the debtor and all creditors by assuring timely resolution of the class claims which have significant implications for Grace's reorganization. Accordingly, the Court should grant Claimants' motion for Zonolite class proofs of claim.

Wilmington, Delaware
Dated: March 8, 2002

                                                  */s/ William D. Sullivan*
William D. Sullivan
ELZUFON, AUSTIN, REARDON,
   TARLOV & MONDELL, P.A.
300 Delaware Avenue
Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630
Phone: (302) 428-3181
Fax: (302) 428-3180

and

Thomas M. Sobol
Matthew L. Tuccillo
LIEFF, CABRASER,HEIMANN &
  BERNSTEIN, LLP
175 Federal Street, 7th Floor
Boston, MA  02110-2221
Phone:  (617) 720-5000
Fax:  (617) 720-5015


Elizabeth J. Cabraser
Fabrice N. Vincent
Jeniene Andrews-Matthews
LIEFF, CABRASER,HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Phone:  (415) 945-1000
Fax:  (415) 945-1008


Darrell W. Scott
Burke D. Jackowich
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 West Sprague Avenue
Spokan, WA  99201-0466
Phone:  (509) 455-9555
Fax:  (509) 747-2323


Allan M. McGarvey
MCGARVEY, HEBERLING, SULLIVAN
  & MCGARVEY, P.C.
745 South Main
Kalispell, MT  59904-5399
Phone:  (406) 752-5566
Fax:  (406) 752-7124

Edward Cottingham
Robert Turkewitz
NESS, MOTLEY, P.A.
28 Bridgeside Boulevard
P.O. Box 1702
Mt. Pleasant, SC  29465
(29464 for Fed Ex)
Phone:  (843) 216-9000
Fax:  (843) 216-9450