IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON MARCH 18, 2002 AT 1:00 P.M.

### STATUS CONFERENCE

*Plaintiff's Motion for Preliminary Injunction [filed by W. R. Grace & Co.-Conn] (Adv. Pro. No. 02-2013, Docket No. 3)*

> **Related Documents:**
>
> a.    [Proposed] Order Granting Preliminary Injunction (Adv. Pro. No. 02-2013, Docket No. 3)
>
> b.    Complaint for Injunctive Relief (Adv. Pro. No. 02-2013, Docket No. 1)
>
> c.    Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction (Adv. Pro. No. 02-2013, Docket No. 4)
>
> **Status:** A status conference on this matter will go forward.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## CONTINUED MATTERS

1.    *Application of the Debtors for the Entry of an Order (i) Approving the Payment of*
      *Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of*
      *PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors*
      *and Debtors in Possession (Docket No. 1488)*

      **Related Documents:**

      a.    [Proposed] Order (i) Approving the Payment of Professional Fees and Expenses
            and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers
            LLP as Independent Accountants and Auditors to the Debtors and Debtors In
            Possession (Docket No. 1488)

            **Response Deadline:** January 30, 2002 at 4:00 p.m. (extended for the Creditors'
            Committee and Personal Injury Committee to February 8, 2002)

      **Responses Received:**

      a.    United States Trustee's Amended Objection to Debtors' Application for Order (i)
            Approving the Payment of Professional Fees and Expenses and (ii) Authorizing
            the Employment and Retention of PricewaterhouseCoopers LLP as Independent
            Accountants and Auditors to the Debtors (Docket No. 1590)

      b.    United States Trustee's Objection to Debtors' Application for Order (i)
            Approving the Payment of Professional Fees and Expenses and (ii) Authorizing
            the Employment and Retention of PricewaterhouseCoopers LLP as Independent
            Accountants and Auditors to the Debtors (Docket No. 1619)

            **Status:**  This matter is continued to the April 22, 2002 hearing at 10:00 a.m.

2.    *Motion of Caterpillar Financial Corporation to Compel Debtors to Comply with 11*
      *U.S.C. §365(d)(10) and for Allowance and Payment of Administrative Expenses, or, in*
      *the Alternative, for Adequate Protection (Docket No. 1015)*

      **Related Documents:**

      a.    [Proposed] Order Compelling Debtors to Comply with 11 U.S.C. § 365(d)(10)
            and for Allowance and Payment of Administrative Expenses, or, in the
            Alternative, for Adequate Protection (Docket No. 1015)

            **Response Deadline:** October 29, 2001 at 4:00 p.m. (extended for the Debtors and
            Creditors' Committee to April 15, 2002)

            **Responses Received:** None as of the date of this Agenda Notice.

**Status**: This matter is continued to the April 22, 2002 hearing at 10:00 a.m., however, the parties anticipate filing a stipulation in resolution of this matter prior to such hearing.

3.   *Motion of GE Capital Corporation to Compel Assumption or Rejection of Unexpired Leases and for Post-Petition Lease Payments (Docket No. 1538)*

**Related Documents:**

a.   [Proposed] Order re: Docket No. 1538 (Docket No. 1538)

**Response Deadline:** February 21, 2002 at 4:00 p.m. (extended for the Debtors to April 15, 2002)

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** This matter is continued to the April 22, 2002 hearing at 10:00 a.m., however, the parties anticipate filing a stipulation in resolution of this matter prior to such hearing.

4.   *Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)*

**Related Documents:**

a.   [Proposed] Order Granting Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)

b.   Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)

c.   Verified Complaint for Declaratory Judgment and Injunctive Relief (W. R. Grace & Co. – Conn. against National Union Fire Insurance Company of Pittsburgh, PA) (Adv. Pro. No. 02-01657, Docket No. 1)

   (i)    Summons and Notice (Adv. Pro. No. 02-01657, Docket No. 2)

   (ii)   Affidavit of Jay Hughes (Adv. Pro. No. 02-01657, Docket No. 3)

d.   Request for Direction from Bankruptcy Court by National Union Fire Insurance Company of Pittsburgh, PA (Docket No. 1511)

e.   Third Party and Joinder Complaint for Declaratory Judgment and Injunctive Relief (National Union Fire Insurance Company of Pittsburgh, PA against Environmental Litigation Group, P.C. and Reaud, Morgan & Quinn, Inc.)(Adv. Pro. No. 02-01657, Docket No. 7)

**Responses Received:**

a. National Union Fire Insurance Company of Pittsburgh, PA's Answer, Counterclaims and Amended Third-Party and Joinder Complaint for Declaratory Judgment and Injunctive Relief (Adv. Pro. No. 02-01657, Docket No. 8)

(i) National Union Fire Insurance Company of Pittsburgh, PA's Memorandum of Law in Opposition to Plaintiff W. R. Grace & Co. – Conn's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 9)

**Status:** This matter is continued to the April 22, 2002 hearing at 10:00 a.m.

## UNCONTESTED MATTERS

5. *Motion for the Entry of an Order Authorizing the Debtors to Acquire the Business and Substantially all of the Assets of Addiment Incorporated (Docket No. 1554)*

**Related Documents:**

a. [Proposed] Order Authorizing the Debtors' to Acquire the Business and Substantially all of the Assets of Addiment Incorporated (Docket No. 1554)

b. Certification of Counsel re: Docket No. 1554 (Docket No. 1798)

**Response Deadline:** February 13, 2002 at 4:00 p.m. (extended for the Creditors' Committee to March 11, 2002)

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** The Debtors have filed a certification of counsel with a revised order that addresses the change to the terms of the proposed acquisition. As no objections have been filed, the Debtors seek the entry of the revised order attached to the certification of counsel.

6. *Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein as Special Litigation and Environmental Counsel for the Debtors Nunc Pro Tunc to February 1, 2002 (Docket No. 1627)*

**Related Documents:**

a. [Proposed] Order Authorizing the Retention and Employment of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein as Special Litigation Counsel for the Debtors (Docket No. 1627)

b. Certification of Counsel re: Docket No. 1627 (Docket No. 1755)

**Response Deadline:** February 25, 2002 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** The Debtors have filed a certification of counsel with a revised order that addresses the informal comments that the Debtors received from the Creditors' Committee. As no objections have been filed and the informal response has been addressed, the Debtors seek the entry of the revised order attached to the certification of counsel.

7.    *Motion for the Entry of an Order Authorizing the Debtors to Close a Manufacturing Plant and Consolidate Operations (Docket No. 1674)*

**Related Documents:**

a.    [Proposed] Order Approving the Debtors' Closing of a Manufacturing Plant and Consolidation of Operations (Docket No. 1674)

b.    Certification of Counsel re: Docket No. 1674 (Docket No. 1792)

**Response Deadline:** March 8, 2002 at 4:00 p.m. (extended for the Creditors' Committee to March 11, 2002)

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** The Debtors have filed a certification of counsel with a revised order that addresses the informal comments that the Debtors received from the Office of the United States Trustee. As no objections have been filed and the informal response has been addressed, the Debtors seek the entry of the revised order attached to the certification of counsel.

8.    *Application for an Order Amending the Order Authorizing the Employment and Retention of Kinsella Communications, Ltd., as Notice Consultant for the Debtors and Debtors-in-Possession to Authorize the Debtors to Pay Interim Compensation to Kinsella Communications, Ltd. (Docket No. 1675)*

**Related Documents:**

a.    [Proposed] Order Amending the Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kinsella Communications, Ltd., as Notice Consultant for the Debtors and Debtors-in-Possession to Authorize the Debtors to Pay Interim Compensation to Kinsella Communications, Ltd. (Docket No. 1675)

b.    Certificate of No Objection re: Docket No. 1675 (Docket No. 1791)

**Response Deadline:** March 8, 2002 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and seek the entry of the order attached to the motion.

9.    *Application of the Debtors for the Entry of an Order Appointing a Fee Auditor in Accordance with the Court's Discretion (Docket No. 1676)*

**Related Documents:**

a.    [Proposed] Order Appointing a Fee Auditor in Accordance with the Court's Discretion (Docket No. 1676)

b.    Certificate of No Objection re: Docket No. 1676 (Docket No. 1790)

**Response Deadline:** March 8, 2002 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** No parties have objected to the relief requested in the motion. Accordingly, the Debtors have filed a certificate of no objection and seek the entry of the order attached to the motion.

## CONTESTED MATTERS

10.    *Carol Gerard's Motion to Intervene (Adv. Pro. No. 01-0771, Docket No. 85)*

**Related Documents:**

a.    [Proposed] Order re: Adv. Pro. No. 01-0771, Docket No. 85 (Adv. Pro. No. 01-0771, Docket No. 85)

**Response Deadline:** February 18, 2002 at 4:00 p.m.

**Responses Received:**

a.    Debtors' Opposition to Carol Gerard's Motion to Clarify the Scope of, or in the Alternative, to Modify the Preliminary Injunction, and Response to Carol Gerard's Motion to Intervene (Adv. Pro. No. 01-0771, Docket No. 89)

**Status:** This matter will go forward.

11.    *Carol Gerard's Motion to Clarify the Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 86)*

**Related Documents:**

a.      [Proposed] Order re: Adv. Pro. No. 01-0771, Docket No. 86 (Adv. Pro. No. 01-0771, Docket No. 86)

**Response Deadline:** February 18, 2002 at 4:00 p.m.

**Responses Received:**

a.      SEE RESPONSES RECEIVED IN AGENDA ITEM 10

b.      Carol Gerard's Reply in Support of Motion to Clarify the Scope of the Preliminary Injunction, or, in the Alternative, to Modify the Preliminary Injunction (adv. Pro. No. 01-0771, Docket No. 90)

c.      Debtors intend to file a sur reply to address the new issues raised in Carol Gerard's Reply listed above.

**Status:** This matter will go forward.

12.     *Motion to Annul the Automatic Stay [filed by Edythe Kellogg] (Docket No. 1651)*

**Related Documents:**

a.      [Proposed] Order re: Motion to Annul the Automatic Stay

**Response Deadline:** March 11, 2002 at 4:00 p.m.

**Responses Received:**

a.      Debtors' Opposition to Edythe Kelloggs' Motion to Annul the Automatic Stay (Docket No. 1785)

**Status:** This matter will go forward.

13.     *Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and of the Notice Program (Docket No. 1665)*

**Related Documents:**

a.      [Proposed] Order as to All Non-Asbestos Claims, Asbestos Property Damage Claims and Zonolite Attic Insulation Claims: (i) Approving Case Management Schedule, (ii) Establishing Bar Date; (iii) Approving Proof of Claim Forms, and (iv) Approving Notice Program (Docket No. 1665)

b.      Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program (Docket No. 536)

c.      [Proposed] Order (i) Approving Case Management Schedule (ii) Establishing Bar Date (iii) Approving the Proof of Claim Forms and (iv) Approving Notice Program (Docket No. 536)

d.      Memorandum in Support of Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program (Docket No. 537)

e.      Exhibits to Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program and Memorandum in Support of Debtors' Motion (Docket No. 545)

f.      Debtors' Brief Regarding Bar Date and Class Notice (Docket No. 1677)

g.      Zonolite Claimants' Informational Brief Re: Class Proofs of Claim (Docket No. 1690)

        (i)     Supplemental Response to New Material in Zonolite Claimants' Class Proof of Claim Brief (Docket No. 1712)

h.      Supplemental Exhibit to Docket No. 1664 (Revised Medical Monitoring Proof of Claim Form and Instructions) (Docket No. 1713)

i.      [Signed] Scheduling Order Regarding Debtors' Revised Motion as to all Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and of the Notice Program (Docket No. 1744)

        **Response Deadline:**  July 13, 2001 at 4:00 p.m.

        **Responses Received:**

a.      United States' Response to Debtors' Motion for Entry of Case Management Order, Motion to Establish Bar Date, Motion to Approve Claim Forms, and Motion to Approve Notice Program (Docket No. 620)

b.      Medical Monitoring Claimants' Objection to Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Program (Docket No. 536); Joinder in the Motions for Continuance and Motion for Continuance; and Request for Consideration and Briefing Regarding Class Treatment (Docket No. 621)

c.      Zonolite Plaintiffs' Objection to Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, and Motion to Extend Time to Object or Respond to Such Motions; Joinder in Motion for Continuance by Official Committee of Asbestos Property Damage Claimants; Independent Motion to

Continue the Hearing on Debtors' Motion; and Request for Consideration and Briefing Regarding Class Treatment (Docket No. 623)

d.    Response and Memorandum of the Official Committee of Asbestos Property Damage Claimants in Opposition to Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 900)

e.    Response to Motion Opposition of the Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of Notice Program (Docket No. 902)

f.    Response to Motion For Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program, Filed by Official Committee of Unsecured Creditors (Docket No. 904)

g.    Response to Motion In Support of Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Programs Filed by Official Committee of Equity Holders (Docket No. 1033)

h.    Debtors' Consolidated Reply in Support of Their Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Claim Forms and Approval of the Notice Program (Docket No. 1106)

    (i)    Debtors' Motion for Leave to File Omnibus Reply to Various Objections to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 1106)

    (ii)    Order Granting Debtors' Motion for Leave to File Omnibus Reply to Various Objections to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (Docket No. 1504)

i.    Response of Official Committee of Equity Security Holders in Support of Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of the Proof of Claim Forms and the Notice Program (Docket No. 1707)

**Responses to Proof of Claim Forms:**  (Due by March 8, 2002)

a.    Statement of the Official Committee of Unsecured Creditors to the Debtors' Revised Motion as to all Non-Asbestos Claims and Certain Other Claims for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim and Notice Program (Docket No. 1777)

b.    United States' Objections to Debtors' Revised Motion as to All Asbestos Personal Injury Claims for Entry of Case Management Order, Establishment of a Bar Date,

Approval of the Proof of Claim Forms and of the Notice Program (Docket No. 1779)

c.  Response and Objection of the Official Committee of Asbestos Property Damage Claimants to the Proposed Asbestos Property Damage Proof of Claim Form Filed in Support of the Debtor's Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and of the Notice Program (Docket No. 1780)

(i)  Exhibits to Response and Objection of the Official Committee of Asbestos Property Damage Claimants to the Proposed Asbestos Property Damage Proof of Claim Form Filed in Support of the Debtor's Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and of the Notice Program (Docket No. 1782)

(ii)  Supplemental Affidavit of Todd B. Hilsee on Debtors' Bar Date Notice Proposal and Alternate Notice Plan (Docket No. 1794)

(iii)  The Debtors intend to file a motion to strike the 180 page Supplemental Affidavit of Todd B. Hilsee listed above given the tardiness of its filing under this Court's scheduling order regarding the same.

d.  Objection of the Zonolite Attic Insulation Claimants to Debtors' Proposed Zonolite Attic Insulation Proof of Claim Forms (Docket No. 1781)

e.  The Debtors intend to file an omnibus reply to the above-listed objections on or before March 15, 2002.

**Status:**  This matter will go forward.

14.  *Motion to Dismiss Case Pursuant to 11 U.S.C. Section 1112(b) Filed by Zonolite Attic Insulation Class Plaintiffs (Docket No. 1140)*

**Related Documents:**

a.  Order Denying Motion by Zonolite Attic Insulation Claimants to Dismiss Debtors' Chapter 11 Bankruptcy Cases Pursuant to 11 U.S.C. § 1112(b) (Docket No. 1743)

b.  Letter of David Siegel to Clarify the Record of the February 25, 2002 Hearing (Docket No. 1796)

**Status:** While the Court has already denied the motion to dismiss these chapter 11 cases, the Debtors want to clarify the record established at the February 25, 2002 hearing and, in that regard, respectfully submit the letter of David Siegel.


Dated: March 14, 2002                    KIRKLAND & ELLIS
                                         David M. Bernick
                                         James H.M. Sprayregen, P.C.
                                         James W. Kapp III
                                         Christian J. Lane
                                         200 East Randolph Drive
                                         Chicago, Illinois 60601
                                         (312) 861-2000

                                                   and

                                         PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


                                         Laura Davis Jones (Bar No. 2436)
                                         Hamid R. Rafatjoo (California Bar No. 181564)
                                         David W. Carickhoff Jr. (Bar No. 3715)
                                         919 North Market Street, 16th Floor
                                         P.O. Box 8705
                                         Wilmington, DE 19899-8705 (Courier 19801)
                                         Telephone: (302) 652-4100
                                         Facsimile: (302) 652-4400

                                         Co-counsel for Debtors and Debtors in Possession