IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------x

In re:                                      Chapter 11

W.R. GRACE & Co., et al.,                   Case No. 01-01139 (JKF)
                                            (Jointly Administered)


                    Debtor



TENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002)

| | |
|---|---|
| Name of Applicant: | FTI Policano & Manzo |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | June 21, 2001 |
| Period for which compensation and reimbursement is sought: | January 1, 2002 through January 31, 2002 |
| Amount of Compensation sought as actual, reasonable and necessary (80% of $63,207.00): | $50,565.60 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary (100%): | $ 2,549.70 |

This is an: __X__ interim _____ final application

The total time expended for fee application preparation is approximately 43.7 hours and corresponding compensation requested is approximately $14,910.00.

This is the tenth application filed. Disclosure for prior periods is as follows:

-1-

TENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002)

**ATTACHMENT A**
**TO FEE APPLICATION**

| Date Filed (on or about) | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees (100%) | Expenses (100%) | Fees | Expenses |
| June 28, 2001 | April 20, 2001 through April 30, 2001 | $16,008.00 | $667.95 | $12,806.40 (80% of requested fees) | $667.95 |
| June 28, 2001 | May 1, 2001 through May 31, 2001 | $104,081.50 | $2,513.09 | $83,265.20 (80% of requested fees) | $2,513.09 |
| July 28, 2001 | June 1, 2001 through June 30, 2001 | $75,916.00 | $3,913.13 | $60,732.80 (80% of requested fees) | $3,913.13 |
| August 28, 2001 | July 1, 2001 through July 31,2001 | $71,989.50 | $3,871.54 | $57,591.60 (80% of requested fees) | $3,871.14 |
| September 28, 2001 | August 1, 2001 through August 31, 2001 | $70,425.00 | $1,092.45 | $56,340.00 (80% of requested fees) | $1,092.45 |
| October 30, 2001 | September 1, 2001 through September 30, 2001 | $104,816.50 | $3,028.40 | $83,853.20 (80% of requested fees) | $3,028.40 |
| November 29, 2001 | October 1, 2001 through October 31, 2001 | $42, 643.00 | $ 3,670.86 | $34,114.40 (80% of requested fees) | $3,670.86 |
| December 28, 2001 | November 1, 2001 through November 30, 2001 | $50,048.50 | $1,864.72 | $40,038.80 (80% of requested fees) | $1,864.72 |
| January 28, 2002 | December 1, 2001 through December 31, 2001 | $53,986.50 | $1,005.29 | $43,189.20 (80% of requested fees) | $1,005.29 |
| February 28, 2002 | January 1, 2002 through January 31, 2002 | $63,207.00 | $2,549.70 | $50,565.60 (80% of requested fees) | $2,549.70 |

TENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002)

**ATTACHMENT B
TO FEE APPLICATION**

| Name of Professional Person | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|
| E. Ordway | $550 | 9.6 | $5,280.00 |
| S. Cunningham | $440 | 17.5 | $7,700.00 |
| C. Whitney | $375 | 19.5 | $7,312.50 |
| L. Hamilton | $350 | 93.0 | $32,550.00 |
| J. Schwendeman | $325 | 5.0 | $1,625.00 |
| C. MacCallum | $295 | 28.1 | $8,289.50 |
| M. Hakoun | $150 | 3.0 | $450.00 |
| | | | |
| Grand Total: | | 175.7 | $63,207.00 |
| Blended Rate: | $360 | | |

**COMPENSATION BY PROJECT CATEGORY**

| Task Code | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 2 | Asbestos: Claims Analysis and Valuations | 1.9 | $617.50 |
| 8 | Asset Acquisitions/Business Combinations | 73.5 | $26,563.50 |
| 12 | Business Analysis | 32.2 | $11,849.50 |
| 16 | Corporate Finance | 10.7 | $3,800.00 |
| 17 | Committee Matters and Creditor Meetings | 5.0 | $2,060.00 |
| 18 | Compensation of Professionals | 43.7 | $14,910.00 |
| 51 | Valuation | 8.7 | $3,406.50 |
| | | | |
| | Total | 175.7 | $63,207.00 |

TENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Copies, Internal | $870.60 |
| Toll Charges | $780.00 |
| Postage, Express Delivery | $171.60 |
| Word Processing Services | $52.50 |
| Document Preparation and Handling Services | $675.00 |
|  |  |
| Total | $2,549.70 |

TENTH INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH JANUARY 31, 2002)

INDEX

APPLICATION FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES

EXHIBIT A    Affidavit of Edwin N. Ordway, Jr.

EXHIBIT B    Summary of the services performed by FTI Policano & Manzo from
January 1, 2002 through January 31, 2002

EXHIBIT C    Summary of fees by professional for the period January 1, 2002 through
January 31, 2002

EXHIBIT D    Detailed descriptions of services rendered by professional for the period
January 1, 2002 through January 31, 2002

EXHIBIT E    Summary of expenses incurred for the period January 1, 2002 through
January 31, 2002

## APPLICATION FOR ALLOWANCE OF
## INTERIM COMPENSATION AND REIMBURSEMENT
## OF EXPENSES

### I.     Introduction

This is the Tenth application for allowance of interim compensation and reimbursement of expenses ("Tenth Interim Application") made by FTI Policano & Manzo ("FTI P&M" or "Applicant"), as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. et. al., (the "Company" or "Debtors") for the period January 1, 2002 through January 31, 2002 ("Tenth Interim Period").    In connection with this application, the Applicant submits as follows:

1. FTI P&M is a firm of financial advisors specializing in insolvency restructuring and related matters, and is an operating unit of FTI Consulting, Inc.

2. FTI P&M was retained by the Committee as Financial Advisors to the Committee pursuant to an order approved by the Court dated June 21, 2001 (the "Employment Order").

3. On May 3, 2001, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses for all professionals and committee members ("Interim Compensation Order").

4. The Interim Compensation Order requires each professional to submit monthly statements to various parties as stated in the Interim Compensation Order.    These monthly statements include a detailed schedule of the services rendered and the expenses incurred for the related period, and are submitted on or about the 28th day of every month. Following a 20 day period for notice and resolution of objections, the Interim Compensation Order requires the Debtors to promptly pay (i) 80% of undisputed professional fees; and (ii) 100% of the undisputed expenses detailed in the monthly statement.

5. During the Tenth Interim Period, FTI P&M submitted the following monthly statements to the parties in the Interim Compensation Order:

| Period | Fees | Expenses |
|---|---|---|
| 1/1/02 through 1/31/02 | $63,207.00 | $2,549.70 |

6. Through the date of this Tenth Interim Application, FTI P&M has not been paid for the professional fees rendered nor for the expenses incurred that were included in the monthly statements for the Tenth Interim Period.

7. FTI P&M submits this Tenth Interim Application, pursuant to Section 330 and 331 of the United States Bankruptcy Code and Bankruptcy Rule 2016, for an interim

allowance for compensation for professional services rendered to the Debtors of $50,565.60, representing 80% of fees incurred, and for the reimbursement of expenses in connection therewith of $2,549.70 for the period January 1, 2002 through January 31, 2002. To date, Applicant has not been paid for the professional services rendered nor for reimbursement of expenses applicable to January.

8. During the Tenth Interim Period, the Applicant rendered professional services aggregating a total of 175.7 hours in the discharge of its duties as financial advisor and bankruptcy consultant to the Committee.

9. The Applicant believes that the interim fees applied for herein for professional services rendered in performing accounting and advisory services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained. Applicant has attached to this Tenth Interim Application, as Exhibit D, a complete accounting of the time expended by professionals who worked on this matter during the Tenth Interim Period. The Applicant's work during this period has been categorized into separate tasks, each of which is described in detail in Exhibit B. Additional task codes may be added in subsequent applications.

10. Section II below briefly discusses the history of the Company prior to its filing, issues facing the Company during the Chapter 11 period, and the major tasks performed by the Applicant during the Tenth Interim Period.

## II.    Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to an Application submitted to the Court on or about May 17, 2001, and by a Court order dated June 21, 2001, FTI P&M was retained as financial advisors for the Committee, nunc pro tunc to April 20, 2001. Since its retention, FTI P&M has continuously and vigorously pursued the Committee's interests in these cases.

3. The Debtors have represented, among other things, that: (a) the Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland; (b) The Debtors predominantly operate through two business units – Davison Chemicals and Performance Chemicals; (c) the Debtors' parent company, W.R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary, W.R. Grace & Co. – Conn. ("Grace-Conn"); (d) Grace-Conn owns

substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are Debtors and Debtors-in-Possession in the Chapter 11 Cases.

4.      The following summary is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit D. Rather, it is merely an attempt to highlight those areas in which services were rendered to the Committee during the Compensation Period, including (i) Financial monitoring and comparison of performance with prior periods and budgets (ii) Preparation of a report to the Committee on a Debtors' proposed asset acquisition (iii) Preparation of valuation analyses (iv) Meetings and phone conferences with Debtors' management and counsel and with Committee counsel, and  (v) Other Matters.

5.      FTI P&M's role included the preparation and communication of various financial analyses requested by the Official Committee of Unsecured Creditors' professionals in order to assist their rapid understanding of the issues facing the Debtors.

6.      For the Compensation Period, FTI P&M seeks compensation totaling $53,115.30, representing 80% of fees incurred and 100% of expenses incurred.  FTI P&M expended an aggregate of 175.7 hours, substantially all of which was expended by six professionals.   The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The staff of the Debtors or their advisors have been utilized where practical and prudent.

7.      In addition, FTI P&M incurred out-of-pocket expenses in connection with the rendition of the professional services described above in the sum of $2,549.70 for which FTI P&M respectfully requests reimbursement in full.  All expenses were billed at actual cost, exclusive of amortization of the cost of investment, equipment or capital outlay.  Internal charges for outgoing out-of-town facsimile transmissions were billed at $1.25 per page for domestic transmissions.  Photocopy charges were billed at actual cost for external copying and $.20 per page for internal copying.  FTI P&M believes that these charges reflect its actual out-of-pocket costs.

8.      The disbursements and expenses have been incurred in accordance with FTI P&M's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable FTI P&M to devote time beyond normal office hours to matters that imposed extraordinary time demands.  FTI P&M has endeavored to minimize these expenses to the fullest extent possible.

9.      FTI P&M's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost.  In addition, FTI P&M's per diem rates for professionals of comparable experience

are 15% to 25% lower than its competitors, the "Big-Five" accounting firms and certain other nationally-recognized specialty firms.

      10.     Because FTI P&M's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of FTI P&M's professionals, in many instances only one or two FTI P&M representatives attended meetings or conference calls or performed specific functions.

      11.     Edwin N. Ordway, Jr., Managing Director in charge of this case, directed the activities of the FTI P&M team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

## III.    Summary of Fees and Expenses Incurred

      12.     To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

      13.     FTI P&M's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtor.

      14.     In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, FTI P&M does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, FTI P&M requests reimbursement only for the amount billed to FTI P&M by such third party vendor and paid by FTI P&M to that vendor.

      15.     FTI P&M's policy with respect to word processing and document preparation and handling services provided by FTI P&M employees is to bill clients by the hour for such time, but only if the employees' time is clearly and exclusively devoted to work performed for that particular client, such as for the preparation, collation and binding of a report for a client. Such services are billed to the Debtor at a rate commensurate with that which would be charged by a third party provider such as a temporaries agency.

      16.     Annexed hereto as Exhibit B is a more comprehensive summary of the services performed by the Applicant during the Tenth Interim Period at the direction of the Committee and its Counsel.

17.    Annexed hereto as Exhibit C is a summary of fees by professional and by task during the Tenth Interim Period.

18.    Annexed hereto as Exhibit D are detailed descriptions of the time spent by each professional during the Tenth Interim Period.

19.    Pursuant to Rule 2016, FTI P&M states that no compensation to be received in this proceeding will be shared with any person or entity outside of FTI P&M and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by FTI P&M on account of its accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

20.    As stated in the Affidavit of Edwin N. Ordway, Jr. annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

21.    The Debtors will give notice of the relief requested herein and of the relief requested by the other professionals in their respective applications for allowance of compensation by serving notice of this application upon all parties that have requested notice in these cases, and FTI P&M has personally served copies of the Application with exhibits to the Debtors and on the United States Trustee.

22.    WHEREFORE, the Applicant respectfully requests that this Court enter an order:

    a.    approving the allowance of compensation for professional services rendered to the Committee during the period from January 1, 2002 through and including January 31, 2002 in the amount of $63,207.00;

    b.    approving the reimbursement of FTI P&M's out-of-pocket expenses incurred in connection with the rendering of such services during the period from January 1, 2002 through and including January 31, 2002 in the amount of $2,549.70; and

c.   authorizing the Debtor to pay as interim compensation to FTI P&M 80%
of the amount of the professional services rendered and 100% of the
expenses incurred by FTI P&M during the period from January 1, 2002
through and including January 31, 2002, subject to final payment of the
full amount; and

d.   granting such other and further relief as this Court may deem just and
proper.

Date: February 28, 2002

FTI Policano & Manzo

By
                    Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ  07663
(201) 843-4900

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW JERSEY    )
                                        ) ss:
COUNTY OF BERGEN       )

EDWIN N. ORDWAY, JR., being duly sworn, deposes and says:

1.        I am a Managing Director of FTI Policano & Manzo, ("FTI P&M"), an operating unit of FTI Consulting, Inc. ("FTI"), and I am duly authorized to make this affidavit on behalf of FTI P&M. FTI P&M provides financial consulting services for restructuring matters and has its principal office at Park 80 West Plaza I, Saddle Brook, New Jersey. FTI P&M has provided financial consulting services to and has rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession before this Court.

2.        This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of FTI P&M's Tenth monthly application for an interim allowance of compensation and for the reimbursement of expenses for services rendered during the

-1-

period from January 1, 2002 through and including January 31, 2002 in the aggregate amount of $53,115.30.

3.        All services for which compensation is requested by FTI P&M were professional services performed for and on behalf of the Committee from January 1, 2002 through and including January 31, 2002 and not on behalf of any other person.

4.        In accordance with Title 18 U.S.C. Section 155, neither I nor any employee of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.        In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any employee thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any employee of my firm.

EDWIN N. ORDWAY, JR.

Sworn to before me this
28 day of February, 2002

Notary Public

JEANINE LOSINO
Notary Public of New Jersey
My Commission Expires May 16, 2002

2

**Exhibit B**

**SUMMARY OF THE SERVICES PERFORMED BY FTI POLICANO & MANZO
DURING THE TENTH INTERIM PERIOD**

**Task Code 2 – Asbestos: Claims Analysis and Valuation** (1.9 Hours)

During the Tenth Interim Period, we reviewed news and industry trade reports to better understand the Debtors' asbestos litigation negotiations.

**Task Code 8 – Asset Acquisitions/Business Combinations** (73.5 Hours)

During the Tenth Interim Period we reviewed the Debtors' report and model for a proposed asset acquisition. We performed research of the industry related to the acquisition. We prepared a report and discussed the findings with the Committee and with the Debtors during various conference calls.

**Task Code 12 – Business Analysis** (32.2 Hours)

During the Tenth Interim Period, we analyzed economic and industry reports. We reviewed and analyzed the Debtors' November operating results. We prepared a draft of a report containing supporting schedules and discussed the draft of the report with counsel and Committee. We also obtained and distributed the Debtors' fourth quarter earnings to the Committee and counsel.

**Task Code 16 – Corporate Finance** (10.7 Hours)

During the Tenth Interim Period, we issued a memo to the Debtors' financial advisor and performed various follow-up procedures to obtain information related to legacy liabilities and tax issues.

**Task Code 17 – Committee Matters and Creditor Meetings** (5.0 Hours)

During the Tenth Interim Period, we participated in conference calls with the Committee on a number of issues including November results, acquisitions and pending motions. We also updated the Committee contact list.

**Task Code 18 – Compensation of Professionals** (43.7 Hours)

During the Tenth Interim Period, we prepared and filed the Eight Interim Fee Application, including new formats for the reporting of cumulative time and expenses by category. We prepared and filed the Third Quarterly Fee Application. We reviewed the revised administrative order with respect to interim fee applications. We converted our time and expense records for the interim periods in 2001 to conform to revised administrative reporting requirements.

**Task Code 51 – Valuation** (8.7 Hours)

During the Tenth Interim Period, we discussed our preliminary valuation analysis with the Committee chair and forwarded the analysis to counsel after updating it for comments.

Exhibit C
Page 1 of 3

W.R. GRACE & CO. ET. AL.
Summary of Fees by Professional
For the period January 1, 2002 through January 31, 2002

|  | Total Hours | Billing Rate | Amount |
|---|---|---|---|
| E. Ordway | 9.6 | $ 550 | $ 5,280.00 |
| S. Cunningham | 17.5 | $ 440 | 7,700.00 |
| C. Whitney | 19.5 | $ 375 | 7,312.50 |
| L. Hamilton | 93.0 | $ 350 | 32,550.00 |
| J. Schwendeman | 5.0 | $ 325 | 1,625.00 |
| C. MacCallum | 28.1 | $ 295 | 8,289.50 |
| M. Hakoun | 3.0 | $ 150 | 450.00 |
| TOTAL | 175.7 | | $ 63,207.00 |

Exhibit C
Page 2 of 3

W.R. GRACE & CO. ET. AL.
Summary of Fees by Professional
For the period January 1, 2002 through January 31, 2002

| TASK CODE | TASK | E. Ordway | S. Cunningham | C. Whitney | L. Hamilton | J. Schwendeman | C. MacCallum | M. Hacoun | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Asbestos: Claims Analysis and Valuations | $ - | $ - | $ - | $ - | $ 617.50 | $ - | $ - | $ 617.50 |
| 8 | Asset Acquisitions/Business Combinations | 2,090.00 | 5,544.00 | 2,737.50 | 12,320.00 | - | 3,422.00 | 450.00 | 26,563.50 |
| 12 | Business Analysis (primarily for accountants and financial advisors) | 1,760.00 | 572.00 | 2,625.00 | 4,410.00 | 1,007.50 | 1,475.00 | - | 11,849.50 |
| 16 | Corporate Finance (primarily for accountants and financial advisors) | - | - | 825.00 | 2,975.00 | - | - | - | 3,800.00 |
| 17 | Committee Matters and Creditor Meetings | 275.00 | 660.00 | 1,125.00 | - | - | - | - | 2,060.00 |
| 18 | Compensation of Professionals (Fee Applications of self and others) | - | - | - | 12,845.00 | - | 2,065.00 | - | 14,910.00 |
| 51 | Valuation (primarily for accountants and financial advisors) | 1,155.00 | 924.00 | - | - | - | 1,327.50 | - | 3,406.50 |
| | TOTAL | $ 5,280.00 | $ 7,700.00 | $ 7,312.50 | $ 32,550.00 | $ 1,625.00 | $ 8,289.50 | $ 450.00 | $ 63,207.00 |

Exhibit C
Page 3 of 3

## W.R. GRACE & CO. ET. AL.
Summary of Hours by Professional
For the period January 1, 2002 through January 31, 2002

| TASK CODE | TASK | E. Ordway | S. Cunningham | C. Whitney | L. Hamilton | J. Schwendeman | C. MacCallum | M. Hakoun | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Asbestos: Claims Analysis and Valuations | 0.0 | 0.0 | 0.0 | 0.0 | 1.9 | 0.0 | 0.0 | 1.9 |
| 8 | Asset Acquisitions/Business Combinations | 3.8 | 12.6 | 7.3 | 35.2 | 0.0 | 11.6 | 3.0 | 73.5 |
| 12 | Business Analysis (primarily for accountants and financial advisors) | 3.2 | 1.3 | 7.0 | 12.6 | 3.1 | 5.0 | 0.0 | 32.2 |
| 16 | Corporate Finance (primarily for accountants and financial advisors) | 0.0 | 0.0 | 2.2 | 8.5 | 0.0 | 0.0 | 0.0 | 10.7 |
| 17 | Committee Matters and Creditor Meetings | 0.5 | 1.5 | 3.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.0 |
| 18 | Compensation of Professionals (Fee Applications of self and others) | 0.0 | 0.0 | 0.0 | 36.7 | 0.0 | 7.0 | 0.0 | 43.7 |
| 51 | Valuation (primarily for accountants and financial advisors) | 2.1 | 2.1 | 0.0 | 0.0 | 0.0 | 4.5 | 0.0 | 8.7 |
| | TOTAL | 9.6 | 17.5 | 19.5 | 93.0 | 5.0 | 28.1 | 3.0 | 175.7 |

**Exhibit D**

W.R. GRACE & CO. ET.AL.
Professional Services Rendered by Edwin N. Ordway, Jr.
For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 2-Jan | 12 | Read and analyzed November financial data. | 1.2 |
| 3-Jan | 12 | Read and analyzed economic and peer group projection data. | 2.0 |
| 7-Jan | 17 | Call with Committee member regarding case status. | 0.5 |
| 14-Jan | 51 | Discussed valuation analyses with Committee chairman. | 0.4 |
| 16-Jan | 51 | Revised valuation analyses. | 1.2 |
| 17-Jan | 51 | Participated in conference call with counsel to discuss valuation data. | 0.5 |
| 22-Jan | 8 | Read and analyzed Blueberry acquisition data. | 0.6 |
| 23-Jan | 8 | Read and analyzed Blueberry acquisition data. | 1.3 |
| 29-Jan | 8 | Reviewed draft of report for Committee regarding Blueberry acquisition. | 1.1 |
| 31-Jan | 8 | Reviewed findings regarding Blueberry with counsel and Committee chairman. | 0.8 |
| | | **Total Hours - January** | **9.6** |

**Exhibit D**

## W.R. GRACE & CO. ET AL.
### Professional Services Rendered by Sean Cunningham
### For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 2-Jan | 12 | Reviewed November financial statements and related documents. | 1.3 |
| 9-Jan | 17 | Participated in conference call with counsel and Committee to discuss November results and pending motions. | 1.5 |
| 14-Jan | 51 | Discussed valuation analysis with Committee chair. | 0.3 |
| 16-Jan | 51 | Updated and finalized valuation analysis per discussion with Committee chair and forwarded it to counsel. | 0.5 |
| 17-Jan | 51 | Participated in conference call with counsel to discuss preliminary valuation work. | 1.3 |
| 21-Jan | 8 | Discussed Project Blueberry acquisition and proposed timing with Company financial advisor, Blackstone. | 0.3 |
|  | 8 | Reviewed preliminary financial overview of Project Blueberry. | 0.7 |
| 28-Jan | 8 | Reviewed financial model presented by Company pertaining to Blueberry acquisition. | 2.0 |
|  | 8 | Prepared preliminary analysis of Blueberry acquisition financial information. | 1.0 |
| 29-Jan | 8 | Prepared comparative financial data pertaining to the Blueberry acquisition. | 1.0 |
|  | 8 | Prepared financial analysis for incorporation into report to unsecured committee pertaining to the Blueberry acquisition. | 2.0 |
| 30-Jan | 8 | Reviewed Motion to acquire Blueberry. | 0.3 |
|  | 8 | Prepared and finalized report to the Committee for the Blueberry acquisition. | 3.0 |
| 31-Jan | 8 | Reviewed findings pertaining to Blueberry with counsel and Committee chair. | 0.9 |
|  | 8 | Participated in conference call with Committee and counsel to review the Blueberry acquisition. | 1.4 |
|  |  | **Total Hours - January** | 17.5 |

Exhibit D

# W.R. GRACE & CO. ET.AL.
## Professional Services Rendered by Christina Whitney
### For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 7-Jan | 12 | Reviewed November monthly financial report. | 2.8 |
| 8-Jan | 12 | Prepared analysis of November analytics, including cash position, P&L and analysis of December performance required to achieve the 2001 Latest Estimate. | 3.2 |
| 9-Jan | 17 | Drafted talking points for Committee and participated in conference call. | 3.0 |
| 22-Jan | 12 | Completed analytics regarding November results. | 1.0 |
| 23-Jan | 8 | Reviewed Blueberry acquisition report and acquisition model, prepared questions and participated in conference call with Company. | 4.5 |
| 28-Jan | 16 | Drafted memo to Blackstone regarding required follow-up on legacy liabilities and tax issues. | 1.6 |
| 30-Jan | 8 | Reviewed P&M report on Blueberry acquisition and updated report for edits. | 1.6 |
|  | 8 | Researched industry data on projected growth of masonry/paver market related to Blueberry acquisition. | 1.2 |
| 31-Jan | 16 | Prepared follow-up emails to Blackstone regarding outstanding information requests. | 0.6 |
| | | **Total Hours - January** | 19.5 |

**Exhibit D**

## W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Libby Hamilton
For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 9-Jan | 12 | Prepared summary schedule after reviewing workfiles containing company reports. | 1.3 |
| | 12 | Set-up formats for analyzing monthly financial statements. | 2.0 |
| 10-Jan | 12 | Prepared summary schedule after reviewing workfiles containing transaction reports and backup detail. | 2.0 |
| | 12 | Continued to set-up formats for analyzing monthly financial statements. | 1.7 |
| 11-Jan | 12 | Read and analyzed acquisition transaction reports. | 2.6 |
| | 12 | Read and analyzed 5 Year Plan report. | 2.4 |
| | 16 | Analyzed tax NOL data submitted by company in response to an information request. | 2.0 |
| 16-Jan | 16 | Analyzed company DIP agreement information and summarized convenants. | 6.5 |
| 17-Jan | 18 | Reviewed administrative order with respect to fee applications and modified files to comply with new requirements. | 4.0 |
| 18-Jan | 18 | Set-up formats for Eighth Interim Fee Application. | 2.5 |
| 22-Jan | 18 | Prepared Eighth Interim Fee Application. | 5.7 |
| | 18 | Set-up Third Quarterly Fee Application. | 3.3 |
| 23-Jan | 18 | Incorporated review comments into Eighth Interim Fee Application. | 1.5 |
| | 18 | Continued to prepare Third Quarterly Fee Application. | 1.9 |
| | 8 | Prepared for and participated in conference call with company related to Blueberry acquisition. | 1.1 |
| | 8 | Analyzed company model related to Blueberry acquisition. | 1.2 |
| | 8 | Prepared draft of report related to Blueberry acquisition. | 0.8 |

| | | | |
|---|---|---|---|
| 24-Jan | 8 | Analyzed industry research data related to the Blueberry acquisition. | 1.6 |
| | 8 | Continued to prepare draft of report related to Blueberry acquisition. | 3.8 |
| | 18 | Continued to prepare Eighth Interim Fee Application. | 1.6 |
| | 18 | Continued to prepare Third Quarterly Fee Application. | 1.3 |
| 25-Jan | 18 | Set-up schedules to convert 2001 fee application information to new formats. | 3.3 |
| | 18 | Reviewed new fee application procedures. | 2.0 |
| | 8 | Prepared for and participated in conference call regarding the Blueberry acquisition. | 2.7 |
| 28-Jan | 8 | Continued to prepare draft of report related to Blueberry acquisition. | 7.1 |
| | 18 | Continued to prepare Third Quarterly Fee Application. | 0.9 |
| 29-Jan | 8 | Continued to prepare draft of report related to Blueberry acquisition. | 10.2 |
| | 18 | Finalized Third Quarterly Fee Application. | 0.8 |
| 30-Jan | 8 | Continued to prepare draft of report related to Blueberry acquisition. | 5.6 |
| | 18 | Continued to prepare Eighth Interim Fee Application. | 1.9 |
| 31-Jan | 18 | Finalized Eighth Interim Fee Application. | 3.0 |
| | 8 | Analyzed and reviewed DIP loan agreement terms relative to Blueberry acquisition. | 0.3 |
| | 8 | Finalized draft of report related to Blueberry acquisition. | 0.8 |
| | 12 | Analyzed and distributed company's 4th quarter earnings press release. | 0.6 |
| | 18 | Converted 2001 interim fee application data to new format. | 3.0 |
| | | **Total Hours - January** | **93.0** |

**Exhibit D**

W.R. GRACE & CO. ET.AL.
Professional Services Rendered by Jeffrey Schwendeman
For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 2-Jan | 12 | Analyzed economic and peer group projections of construction industry segments for intermediate and long-term growth assumptions. | 2.1 |
| 16-Jan | 12 | Analyzed recent economic and industry trade reports relating to near-term industrial construction forecasts. | 1.0 |
| 24-Jan | 2 | Analyzed recent news and industry trade reports relating to asbestos litigation negotiations for W.R. Grace and for competitors. | 1.9 |
| | | **Total Hours - January** | **5.0** |

**Exhibit D**

W.R. GRACE & CO. ET. AL.
Professional Services Rendered by Craig MacCallum
For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 4-Jan | 12 | Prepared analysis of outstanding tax assessments and organized files. | 5.0 |
| 14-Jan | 18 | Analyzed and prepared memo regarding new amended administrative fee order draft. | 3.0 |
| 15-Jan | 51 | Updated and revised hypothetical recovery analysis and schedules. | 4.5 |
| 16-Jan | 18 | Reviewed procedure for preparation of fee applications with L. Hamilton. | 2.5 |
|  | 18 | Prepared fee application and supporting schedules for the period 12/1-12/31/01. | 1.5 |
| 17-Jan | 8 | Reviewed procedures for interim quarterly fee applications reflected in amended administrative order. | 0.5 |
|  | 8 | Participated in conference call with counsel to discuss draft amended administrative order for professionals' compensation and resulting changes in fee application filing procedures. | 1.0 |
|  | 8 | Continued with preparation of fee application and supporting schedules for the period 12/1-12/31/01. | 1.5 |
| 22-Jan | 8 | Continued with preparation of fee application and supporting schedules for the period 12/1-12/31/01. | 5.0 |
| 23-Jan | 8 | Reviewed quarterly interim fee application for the period 10/1/01-12/31/01. | 0.8 |
| 24-Jan | 8 | Held discussion with local counsel's paralegal regarding changes to quarterly interim fee application procedures and status of filings. | 0.5 |
| 25-Jan | 8 | Reviewed and responded to counsel's comments on proposed changes to amended administrative order. | 0.7 |
|  | 8 | Discussed status of outstanding bills with L. Hamilton. | 0.6 |
| 31-Jan | 8 | Prepared January time summary. | 1.0 |
|  |  | **Total Hours - January** | 28.1 |

**Exhibit D**

W.R. GRACE & CO. ET.AL.
Professional Services Rendered by Matt Hakoun
For the period January 1, 2002 through January 31, 2002

| Date | Task Code | Description | Hours |
|------|-----------|-------------|-------|
| 24-Jan | 8 | Gathered information on annual consumption of concrete, concrete products and forecasted growth within the industry for use in Blueberry acquisition analysis. | 2.0 |
| 25-Feb | 8 | Received and reviewed U.S. forecast on cement products used in highways, residential and commercial construction for use in Blueberry acquisition analysis. | 1.0 |
| | | **Total Hours - January** | 3.0 |

**Exhibit E**
**Page 1 of 2**

W.R. GRACE & CO. ET. AL.
Summary of Expenses by Type of Expense
For the period January1, 2002 through Januuary 31, 2001

| | | |
|---|---|---:|
| Copies: | | |
| Internal | $ | 870.60 |
| External | | - |
| Telecommunications: | | |
| Toll Charges | | 780.00 |
| Facsimile | | - |
| Postage, Federal Express | | 171.60 |
| Travel Expenses: | | |
| Transportation, lodging, tolls and parking | | - |
| Meals | | - |
| Word Processing Services | | 52.50 |
| Document Preparation and Handling Services | | 675.00 |
| | | |
| Total Expenses | $ | 2,549.70 |

Exhibit E
Page 2 of 2

## W.R. GRACE & CO. ET. AL.
Detail of Expenses by Type of Expense
For the period January 1, 2002 through January 31, 2002

| | | | | | |
|---|---|---|---|---|---|
| Copies, Internal | Total for Month | 4,353 | pages @ $0.20/page: | | $ 870.60 |
| Facsimile Charges: | | 0 | pages @ $1.25/page: | | - |
| Toll Charges: | M. DeSalvio | Online research fees | | 350.00 | |
| | M. Hakoun | Online research fees | | 430.00 | |
| | | Subtotal | | | 780.00 |
| Postage, Federal Express: | Airborne | 29-Jan | | | 171.60 |
| Transportation, lodging, tolls and parking: | | | | | - |
| Meals: | | | | | - |
| Word Processing Services: | | | | | |
| | P. Foose | 0.70 hours @ $75/hour: | | 52.50 | |
| | | Subtotal | | | 52.50 |
| Document Preparation and Handling Services: | | | | | |
| | 20-Jan | 0.5 hours @ $75/hour: | | 37.50 | |
| | 31-Jan | 2.5 " | | 187.50 | |
| | 31-Jan | 6.0 " | | 450.00 | |
| | | Subtotal | | | 675.00 |
| | Total Expenses | | | | $ 2,549.70 |