IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**DEBTORS' REPLY TO**
**OBJECTIONS TO ZAI CLAIM FORM**

The ZAI Claimants' 24-page list of objections to Grace's proposed Zonolilte Attic Insulation ("ZAI") form is merely a continuation of their efforts to thwart the filing of individual proofs of claims in these cases, in order to delay determination of the actual number of ZAI Claimants. This reply addresses the objections to the ZAI form raised by the ZAI Claimants, as well as the more limited comments made by the United States.

## I. Responses To General Objections To The ZAI Form

After rehashing their objections to filing any form that is specifically tailored to these claims, the ZAI Claimants also rehash their demand that the form include a "warning" about the alleged dangers posed by ZAI -- despite (1) clear knowledge to the contrary; (2) the

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

testimony of their own experts; and (3) the fact that such a warning was rejected by the *Barbanti* court after a contested preliminary injunction hearing.

Grace detailed the need and the precedent for a specialized ZAI form in its June 27, 2001 CMO Memorandum (at Tab 3, pp. 25-31) and in its November 9, 2001 CMO Reply Memorandum (at 75-83). In making these demands for the inclusion of a "health and safety warning," the ZAI Claimants ignore the well-settled law in the Third Circuit and elsewhere that bar date notices need not advise potential claimants of the basis for their claims, and that warning of potential dangers posed by a debtor's products is not appropriate unless the evidentiary requirements for an injunction are satisfied. The purpose of the claim form and notice program in a bankruptcy case is to advise potential claimants of the bar date and the claim filing procedures in a general and "scrupulously neutral" manner, not to solicit or encourage the filing of claims. *See* Grace's June 27, 2001 CMO Memo at Tab 4, pp. 34-36; November 9, 2001 CMO Reply, at 66-68. The ZAI Claimants' proposed "warning" language clearly crosses the line by openly soliciting claims and prejudging the merits of those claims. In fact, the Property Damage Committee's own notice expert, Todd Hilsee, testified in this case at deposition that a bar date notice directed at Zonolite claimants should not contain a warning:

> Q. In the W. R. Grace case, in the notification plan that you are dealing with right now, are you taking the position that this notice should contain a warning?
>
> A. No.

November 16, 2001 Dep. Transcript at p. 17, lines 11-16.

Equally compelling is the fact that no health or safety warning is needed. The ZAI form does not require or even request that potential claimants disturb the ZAI insulation in their homes. The form merely requires the claimant to describe the type of insulation present in the

home (Question B.6.), its location (B.8.), and to answer whether it is exposed or covered (B.12). Most homeowners presumably already know whether they have vermiculite insulation in their attics. (The ZAI Claimants do not suggest that most ZAI residents have never gone into their attics, because that would undercut their theory that the insulation poses a risk.) For those few residents who need to look in their attics before answering these questions, it is medically and scientifically unsupportable to contend that such a brief viewing would result in any harmful exposure.

Nor is there any need to include a photograph of ZAI on the form. Grace intends to include a photograph of ZAI in its published newspaper, magazine and trade ads, in its television spots, and on its web site. Grace is also willing to include a photograph in the notice package sent to those being provided actual notice and anyone requesting a claim form. Including yet another photograph on the form itself would substantially and needlessly increase the printing costs for the form.

## II.   Responses To Specific Objections To The ZAI Form

In this section, we will include for the Court's reference the specific portions of the ZAI form that are being objected to, and respond to the objections:

### A.   Cover Page & Instructions

The ZAI Claimants object that a complete listing of the Debtors is irrelevant to ZAI claims, that the reference to a "current claim" is confusing, and that the cover page should instead recite, among other things, "the contentions raised in pending ZAI litigation" and their proposed "health and safety" warnings. These objections are meritless. A reference to the complete list of debtors clarifies that the claim form applies to all debtors, not just W.R. Grace & Co. The term "current claim" is used to make it clear that claims that were or should have been discovered after the petition date but prior to the bar date must be filed before the bar date. Finally, the argument that the cover page should include the ZAI Claimants' litigation "contentions" and their "health and safety" warnings would improperly endorse their unproven, contested allegations of product risk and transform the document into a claims solicitation. *See*, *German v. Federal Home Loan Mortage Corp.*, 168 F.R.D. 145, 160-161 (S.D.N.Y. 1996)

**For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms*". The Debtors in this case are collectively referred to in this document as "Grace".**

**If you have a current claim against Grace for property damage for the presence of Zonolite Attic Insulation in your property, THIS ZONOLITE ATTIC INSULATION PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON [BAR DATE], or you will be forever barred from asserting or receiving payment for your claim.**

(warning notice found to improperly imply early liability determination before any trial on the merits and lead to the undesirable solicitation of claims.)

The ZAI Claimants argue the first paragraph of these Instructions is "confusing" because potential claimants might not understand that "property damage" includes "asbestos fibers [that] are invisible to the naked eye . . . [and] that ZAI's asbestos content alone permits a property damage claim in a legal sense." They object to the second paragraph because it does not include their proposed "warnings," and because they would exclude the "accurate" statement that vermiculite contained "naturally occurring asbestos." They object that the third paragraph "serves little useful purpose." The ZAI Claimants would delete paragraph 4 in its entirety, because they consider it "onerous and redundant" to require a claimant with more than one affected property to file a separate claim for each property.

These objections are baseless. Grace strongly disputes -- and the ZAI Claimants offer no authority or evidence to support -- their theory that the presence of trace levels of asbestos in vermiculite "alone permits a property damage claim in a legal sense." For this Court

## WHO SHOULD USE THIS ZONOLITE ATTIC INSULATION PROOF OF CLAIM FORM

1. This Zonolite Attic Insulation Proof of Claim Form (referred to in this document as the "Form") applies only to current claims made against Grace by or on behalf of parties who are alleging property damage as a result of the presence of Zonolite Attic Insulation in real property owned by the party (such person is referred to in this document as the "claiming party").

2. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation.

3. This form should not be used for claims for an Asbestos Personal Injury Claim, non-Zonolite Attic Insulation Asbestos Property Damage Claim, Settled Asbestos Claim, or a Non-Asbestos Claim. Instead, separate specialized proof of claim forms for these claims should be completed.

4. If you have current claims against Grace as a result of the presence of Zonolite Attic Insulation in more than one (1) real property, the claiming party should complete a Zonolite Attic Insulation Proof of Claim Form for each property. You may photocopy this Form (before writing on it) if additional Forms are needed.

to include such a statement on the claim form would be to solicit, and in fact judicially sanction, such disputed claims. The Claimants concede the second paragraph's description of the asbestos in vermiculite as being "naturally occurring" is accurate. The third paragraph does serve a useful purpose, since it advises persons with other (non-ZAI) types of claim to request the appropriate claims form.

Contrary to another objection raised repeatedly by the ZAI Claimants, separate forms do need to be filed for each property with ZAI, because the locations and conditions of ZAI usage may vary substantially. The suggestion that the form should just be "adjusted" to receive information about multiple properties is unworkable. It would require space for the inclusion of multiple answers for most of the questions, increasing the length and the complexity of the form. Multiple property owners would still need to provide the same information about each property if the form were expanded to accommodate them. The only additional burden created by the requirement to file separate forms is that a claimant will have to report his name, address, social security number, gender, birth date and attorney information for each additional claim. There is no reason why those few persons who own more than one building with ZAI cannot request and complete a form for each property.

The ZAI Claimants devote over two pages to a litany of objections to these general instructions. These instructions were recommended by the approved claims agent, RUST Consulting, in order to assure that the completed forms would be machine-readable, thereby

**GENERAL INSTRUCTIONS**

1. This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 5:00 PM EASTERN TIME ON [Bar Date], or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Grace Claims Processing Center, P.O. Box XXXX, Anytown XX 12345-1234.
   If you are returning this form by mail, allow sufficient time so that this form is received on or before [Bar Date]. Forms that are postmarked before [Bar Date] but received after [Bar Date] will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2. If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3. This form must be filled out completely using BLACK or BLUE ink.
   - Please print clearly using capital letters only.
   - Skip a box between words.
   - Do not write outside of the boxes or blocks.
   - Do not use a felt tip pen.
   - Do not bend or fold the pages of the form.

4. Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

5. Mark check boxes with an "X" (example at right). ☒

6. Be accurate and truthful. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

7. Make a copy of your completed Form to keep for your records. Send only original Forms to the Claims Agent at the following address: ______________________.

8. You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

saving the estate substantial claims processing costs and delays. The ZAI Claimants also object that instructing persons using the form to "be accurate and truthful," and using standard size rather than fine print to state the penalty for filing a fraudulent claim, is "unnecessarily strongly-

worded." The ZAI Claimants conclude that the entire warning against filing fraudulent claims "should be stricken." Grace responds that anyone who is deterred from filing a claim by the two sentences of paragraph 6 should not be filing a claim.

### B. Questionnaire Objections

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

*First* *Middle* *Last* *Jr/Sr/III*

**SOCIAL SECURITY NUMBER:**

\- -

**Other names by which claiming party has been known (such as maiden name or married name):**

*First* *MI* *Last*

*First* *MI* *Last*

**GENDER:** ☐ MALE ☐ FEMALE

**BIRTH DATE:**

*Month* *Day* *Year*

**Mailing Address:**

*Street Address*

*City* *State (Province)* *Zip Code (Postal Code)*

*Country*

## PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

**Name of Attorney:**

*First* *MI* *Last*

**Mailing Address:**

*Street Address*

*City* *State (Province)* *Zip Code (Postal Code)*

**Telephone:**

( ) -

*Area Code*

The ZAI Claimants object to disclosing any identifying information about the claimant other than his or her name, address, telephone number, and the name, address and telephone number of his or her attorney. Grace responds that disclosure of the claimant's Social

## PART 3: PROPERTY INFORMATION

**INSTRUCTIONS FOR REAL PROPERTY INFORMATION**

- Provide information for all applicable sections.
- Failure to complete any section will be interpreted to mean that the claiming party does not have the specified conditions, circumstances, or proof addressed in that section.

Security number, birth date, gender and prior names is needed for standard claims tracking and verification purposes, and imposes no unreasonable burden on the claimant or her counsel.

The ZAI Claimants object to any instruction warning that a failure to provide requested information will be interpreted to mean the claimant does not have the information or proof. But they fail to explain why being "confused" about any of these questions would be an "alternative reasonable explanation" for leaving the form blank, nor do they explain why someone would be unable to verify the accuracy of any of their answers before the Bar Date. The

**A. Real Property For Which A Claim Is Being Asserted**

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

*Street Address*

*City* *State (Province)* *Zip Code (Postal Code)*

*Country*

2. Are you completing a Zonolite Attic Insulation Proof of Claim Form for any other real property other than the one listed at "1" above?

☐ Yes ☐ No

3. Do you currently own the property listed in Question 1, above?

☐ Yes ☐ No

4. When did you purchase the property? *Month* - *Day* - *Year*

5. What is the property used for (check all that apply)

☐ Owner occupied residence
☐ Residential rental
☐ Commercial
☐ Other Specify:

questions are straightforward and unambiguous, and a claimant's failure to provide the requested information should lead to the conclusion that he does not have the requested information.

## B. Insulation Information

6. What types of insulation are present in the property? (Check all that apply)

☐ Roll-out insulation
☐ Blown fiber insulation
☐ Loose granular insulation
☐ Matting insulation
☐ Other Specify: ______

7. Is Zonolite Attic Insulation currently in the property?

☐ Yes ☐ No ☐ Do not know

**If Yes, Attach All Documents Referring Or Relating To The Presence Of Zonolite Attic Insulation In The Property.**

**• If you answered "No" to Question No. 7 please skip to Question No. 17**

8. Where is Zonolite Attic Insulation present in the property? (Check all that apply)

☐ Attic
☐ Other Specify: ______

9. When was Zonolite Attic Insulation put in the property? ☐☐ - ☐☐ - ☐☐☐☐ ☐ Do not know

*Month Day Year*

10. Who put Zonolite Attic Insulation in the property?

☐ Claiming party
☐ Contractor
☐ Prior Homeowner
☐ Do not know
☐ Other Specify: ______

11. Do you have documentation relating to the purchase and/or installation of Zonolite Attic Insulation for the property (e.g., invoices, receipts, other)?

☐ Yes
☐ No

**If Yes, Attach All Documents Relating Or Referring To Such Efforts.**

12. Is the Zonolite Attic Insulation exposed or covered?

☐ Exposed, nothing on top of it

☐ Covered, by:

☐ Other insulation

☐ Boarding

☐ Flooring

☐ Other Specify: [ ]

13. When did you first learn of the presence of Zonolite Attic Insulation in the property? [ ][ ] - [ ][ ] - [ ][ ][ ][ ]
*Month Day Year*

14. How did you first learn of the presence of Zonolite Attic Insulation in the property?

[ ]

15. Has there ever been an effort to remove, contain and/or abate the Zonolite Attic Insulation in the property?

☐ Yes ☐ No

**If Yes, Attach All Documents Relating Or Referring To Such Efforts.**

16. If yes, please specify the dates and description of such efforts.

[ ][ ] - [ ][ ] - [ ][ ][ ][ ] Description [ ]
*Month Day Year*

[ ][ ] - [ ][ ] - [ ][ ][ ][ ] Description [ ]
*Month Day Year*

[ ][ ] - [ ][ ] - [ ][ ][ ][ ] Description [ ]
*Month Day Year*

Grace accepts the ZAI Claimants' suggestion to replace the phrase "real property" in question 1with the phrase "residence or property." But the ZAI Claimants' objection that the form should refer to property "that you think contain [sic] ZAI" invites speculative claims by those who merely "think" they have ZAI in their homes. Their similar objection that questions 2

and 7 should only ask whether the claimant "has reason to believe that one or more of the properties that he or she owns or occupies contains ZAI" also invites speculative claims. As previously noted, Grace also opposes combining information for multiple buildings or residences onto a single form, because that would require adding space for multiple answers to most of the questions. Since only a few claimants will own more than one residence with ZAI, it is more practical to request that those claimants fill out more than one form.

It is not "irrelevant" to ask whether the claimant owns the property (question 3), when he purchased the property (question 4), what the property is used for (question 5), what types of insulation are present (question 6), where the ZAI is located (question 8), when the ZAI was present (question 9), who installed the ZAI (question 10), whether the ZAI is exposed or covered (question 12), when and how the claimant first learned of the presence of ZAI (questions 13 and 14), and whether the claimant has removed, contained or abated the ZAI (questions 15 and 16) Those questions help define the nature of the claim, the location and conditions under which ZAI is being used, and the standing of the claimant to assert remedial claims. The ZAI Claimants also give no reason why it should be "optional" for a claimant to provide documents

18. What is the attic primarily used for?
   - ☐ Not used
   - ☐ Storage
   - ☐ Living area (e.g., finished attic)
   - ☐ Other Specify: [ ]

19. Does anyone go into the attic?
   - ☐ Yes
   - ☐ No

20. How often does someone go into the attic?
   - ☐ Every day
   - ☐ Once a week
   - ☐ Once a month
   - ☐ Two to three times a year

21. Has the Zonolite Attic Insulation ever been modified and/or disturbed?
   - ☐ Yes
   - ☐ No

confirming their purchase of ZAI (question7). Claimants who have such purchase documents should provide them with their claim.

## C. Attic Information

- **If you checked the "attic" box in question 8., complete this section.**
- **If you did not check the "attic" box in question 8., move to section D.**

17. Is the attic finished or unfinished?
   - ☐ Unfinished
   - ☐ Finished

25. If yes, when?

Month - Day - Year Specify damage:

Month - Day - Year Specify damage:

26. Has there ever been any remodeling or other work done inside the attic?

☐ Yes
☐ No

22. If yes, specify when and in what manner the Zonolite Attic Insulation was modified and/or disturbed.

Month - Day - Year Description

Month - Day - Year Description

Month - Day - Year Description

23. Is your attic vented?

☐ Yes
☐ No

24. Has there ever been any damage to the property's attic (e.g., fire, water, etc.)?

☐ Yes
☐ No

The ZAI Claimants object to this entire Attic Information section as being "irrelevant." But as its name indicates, Zonolite Attic Insulation was primarily sold for use in attics. The condition of the claimant's attic (questions 17, 23-25), the frequency and nature of the use of the attic (questions 18-20), and whether the ZAI has been modified or disturbed, for example, as a result of remodeling (questions 21-22, 26-27), are all relevant questions to a determination of the claimant's risk of exposure. The United States confirms the relevance of

27. If yes, when?

| Month | Day | Year | Specify work: |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

these questions, by proposing that question 26 be expanded to include renovations or other work done to the ceiling beneath the attic, a suggestion that Grace accepts. (Grace also accepts the United States' proposal to add the phrase "To your knowledge" to questions 15, 21, and 26 and to add a "Do not know" answer box to question 13.)

The ZAI Claimants also contend that any asbestos testing by a claimant is

**D. Asbestos Testing**

28. Has there ever been any testing or sampling for the presence of asbestos or other particulates on your property?

☐ Yes

☐ No

**If Yes, Attach To This Form All Documents Related To Any Testing Of The Property.**

29. If yes, indicate when and by whom and the type of testing and/or sampling (e.g., air, bulk and dust sampling)?

| Month - Day - Year | | |
|---|---|---|
| ☐☐ - ☐☐ - ☐☐☐☐ | Company/Individual | |
| | Type of testing: | |
| ☐☐ - ☐☐ - ☐☐☐☐ | Company/Individual | |
| | Type of testing: | |
| ☐☐ - ☐☐ - ☐☐☐☐ | Company/Individual | |
| | Type of testing: | |

"irrelevant" to his or her claim, and that this section should also be "deleted." To be clear, this section does not request that claimants take any samples or perform any testing on their property. But for those claimants who have already had asbestos testing conducted on their property, disclosure of the test results is obviously relevant to a determination of the validity of their claim. The request for test results for "the presence of asbestos or other particulates" seeks the entire results of any air monitoring sampling that has already been performed, to avoid selective disclosure and to put the asbestos test results in context.

## PART 4: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.
CONSENT TO RELEASE OF RECORDS AND INFORMATION: I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form to disclose any and all records to Grace or to Grace's representative.
I hereby authorize the release of my Social Security number for use in comparing information provided separately to other asbestos trusts or claims facilities to verify the completeness and accuracy of the information contained in this Form.

______________________________

SIGNATURE OF CLAIMANT

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

The ZAI Claimants incredibly assert that the first sentence ("All claims must be signed by the claiming party") is "confusing" and "elusive."

The ZAI Claimants next object to any warning about the legal consequences of filing a fraudulent claim. They suggest that the Court should only include a "one-line recitation of the penalty in fine print at the bottom of the page." Alternatively, they propose that the penalty for perjury be described as only applying to "'knowingly or fraudulently' presenting a fraudulent claim." They would also delete the phrase, "I declare under penalty of perjury," and substitute the phrase, "I declare to the best of my ability. . ." None of these proposals to water-down or eliminate the simple declaration in the proposed form ("I declare, under penalty of perjury, that the above statements are true, correct and not misleading") has any merit.

Nor is there any reason why a ZAI claimant should not consent to the release of third-party records and information "concerning my property damage or the information contained in this form . . ." Contrary to the ZAI Claimants' objection, none of the questions in

the ZAI form or this release implicate matters protected by the attorney-client privilege. Requiring disclosure of the claimant's social security number is a reasonable measure to facilitate claims tracking and verification.

Finally, the ZAI Claimants propose that the Signature Page (as well as the Cover Page and Instructions) provide further "warnings" and describe "personal safety measures," all of which are calculated to create the false -- and certainly unproven -- impression among potential claimants that ZAI is dangerous and should be removed by "an asbestos removal professional." Such scare tactics have no place in a neutral, court-approved proof of claim form.

Dated: March 15, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
Andrew R. Running
Janet Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession