IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |
| | ) | |

**ORDER AS TO ALL NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAGE CLAIMS, ZONOLITE ATTIC INSULATION CLAIMS AND MEDICAL MONITORING CLAIMS: (I) APPROVING CASE MANAGEMENT SCHEDULE, (II) ESTABLISHING BAR DATES, (III) APPROVING PROOF OF CLAIM FORMS AND (IV) APPROVING NOTICE PROGRAM**

Upon the motion dated June 27, 2001 (the "June 27, 2001 Motion"), as revised on February 12, 2002, (the "Motion")[2] of Debtors, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of case management order, (ii)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

establishment of Bar Dates, (iii) approval of proof of claim forms, and (iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that (a) establishing bar dates by which creditors must assert any Asbestos Property Damage Claims, Zonolite Attic Insulation ("ZAI") claims, Medical Monitoring Claims and any Non-Asbestos Claims against any of the Debtors or be forever barred from asserting such claims, voting on any plan or plans of reorganization or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (the "Bankruptcy Code") and the Bankruptcy Rules is necessary for the prompt and efficient administration of these Chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein; (b) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these Chapter 11 cases; (c) the form and content of the Debtors' Asbestos Property Damage Proof of Claim Form, Zonolite Attic Insulation Proof of Claim Form, Asbestos Medical Monitoring Proof of Claim Form and Non-Asbestos Proof of Claim Form and accompanying instructions as amended, (collectively, the "Proof of Claim Forms") and are fair and reasonable; (d) a bar date of August 1, 2002 for ZAI Claims and November 1, 2002 for all other Claims required to be filed against the Debtors as provided for herein is appropriate in these cases; (e) the case management schedule proposed by the Debtors, as set forth herein, is fair and reasonable and necessary for the orderly and efficient resolution of the Asbestos Property Damage and ZAI Claims which the Debtors expect will be filed in these cases; and due notice of the Motion having been provided to (i) the United States

Trustee for the District of Delaware, (ii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iii) the attorneys for each of the Official Committees appointed in these cases, and (iv) all parties required to be provided notice pursuant to Bankruptcy Rules 2002 and 9007 and Local Rule 2002-1; and it appearing that no other or further notice need be provided; and it appearing that it is appropriate to set the bar dates, and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), August 1, 2002 is fixed as the bar date for filing proofs of claims asserting ZAI Claims and November 1, 2002 is fixed as the bar date for filing proofs of claims asserting Asbestos Property Damage Claims, Medical Monitoring Claims and Non-Asbestos Claims against the Debtors (collectively, the "Bar Dates"), as such claims are defined on Exhibit 1 to the Claims Bar Date Notice; and it is further

ORDERED that proofs of claim will be deemed timely filed only if actually received by the Debtors' Official Claims Agent at the address provided for in the Bar Date Notice on or before the applicable Bar Dates; and it is further

ORDERED that the Debtors' Official Claims Agent shall **not** accept proofs of claim sent by facsimile, telecopy or electronic transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the latter of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such

rejection occurs by expiration of time fixed by the Court, and (b) the November 1, 2002 bar date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms approved by this Court herein, except for holders of Non-Asbestos Claims who may file Official Form 10, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Dates in a form substantially similar to the notice attached to the Debtors' Reply to Objections to Property Damage Proof of Claim Form and Related Matters filed March 15, 2002 (the "POC Reply") as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Dates and all procedures and requirements in connection therewith if it is served together with this Order, the General Instructions for filing Proof of Claim Forms and the appropriate Proof of Claim Forms (the "Bar Date Notice Package") by depositing same in the United States mail, first-class postage prepaid, within sixty (60) days after the date of entry of this Order upon the following entities:

- A. the Office of the United States Trustee for the District of Delaware,
- B. the members of the Committees and their attorneys,
- C. all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,
- D. all entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,
- E. all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,
- F. the District Director of Internal Revenue for the District of Delaware,

G.  the Securities and Exchange Commission,

H.  all entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

I.  holders of known Non-Asbestos Claims as defined on Exhibit 1 to the Bar Date Notice and their counsel, if known;

J.  all current residents of the Libby, Montana area; and

K.  all individuals who call the toll-free telephone number or write and request a copy of the Bar Date Notice Package from the Official Claims Agent;

and it is further:

ORDERED that notice of entry of this Order and of the Bar Dates shall be deemed good, adequate and sufficient notice of the Bar Dates and all procedures and requirements in connection therewith if it is served together with the Bar Date Notice Package by depositing same in the United States mail, first-class postage prepaid, within thirty (30) days after the date of entry of this Order upon all counsel of record for known holders of Asbestos Property Damage Claims, Zonolite Attic Insulation Claims and Medical Monitoring Claims as defined on Exhibit 1 to the Bar Date Notice; and it is further

ORDERED that all counsel of record for holders of Asbestos Property Damages Claims, Zonolite Attic Insulation Claims and/or Medical Monitoring Claims provide the Debtors with the following information: (1) the current names and addresses of their clients who have claims against the Debtors in these cases or who may or might have claims against the Debtors in these cases, within sixty (60) days after the date of entry of this Order so that the Debtors will be able to provide their clients with the Bar Date Package no later than ninety (90) days after the date of this Order, **or** (2) a certification within sixty (60) days after the date of entry of this Order, that counsel has contacted or attempted to contact all of their clients whom they represent, provided them with the Bar Date Package and advised them regarding their rights to assert a claim against

the Debtors and their need to file their proofs of claim on the court-approved Proof of Claim forms by the deadlines set forth herein; and it is further

ORDERED that notice of the entry of this Order and of the Bar Dates to unknown claimants pursuant to the Debtors' Revised Notification Plan, as modified, shall be deemed good, adequate and sufficient notice of the Bar Dates, and the Debtors and their professionals (including but not limited to Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the Notification Plan, including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this Court; and it is further

ORDERED that the Proof of Claim Forms are approved; and it is further

ORDERED that any person holding an Asbestos Property Damage Claim, Zonolite Attic Insulation Claim, Medical Monitoring Claims or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Dates shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization in these cases. Further, such parties (a) to the extent of applicable law shall be bound by the terms of any confirmed plan of reorganization (including, without limitation, any provisions therein that provide the Debtors, any successor or any party under a confirmed plan with a release or discharge pursuant to 11. U.S.C. §§ 524(g) and 1141), and (b) shall not receive any further notice of the cases or the matters considered in connection therewith; and it is further

ORDERED that the following Case Management Schedule for ZAI Claims is hereby adopted:

A.    All discovery regarding whether ZAI poses an unreasonable risk of harm shall be conducted from June 1, 2002 through November 29, 2002. Unless that discovery deadline is extended by the Court for good cause, no ZAI discovery with a response date after November 29, 2002 will be allowed.

B.    Debtors will file on or before January 2, 2003, omnibus objections, a Rule 42 consolidation motion and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged risk of harm from ZAI. The claimants will respond to those motions on or before February 3, 2003. The Debtors' reply is due on or before February 17, 2003. A hearing on these motions will be scheduled promptly thereafter;

C.    In the event that the Court finds any material disputed facts, a FRCP 42 common issue bench trial be conducted in early 2003 to decide the unresolved issues; and it is further

ORDERED that the following Case Management Schedule for Asbestos Property Damage Claims is hereby adopted:

A.    As a part of its preliminary report to the Court on January 2, 2003, Debtors will identify with respect to Asbestos Property Damage Claims: (i) already pending cases that could continue to be litigated in other courts, subject to regular reporting to the Court; (ii) claims subject to statute of limitations defenses; (iii) claims subject to *res judicata* defenses; (iv) claims subject to an economic loss defense; and (v) claims subject

to a *Daubert* motion, based upon the lack of a reliable scientific basis for the alleged product risk;

  B. February 3, 2003 is the deadline for submission of Debtors' summary judgment motion with respect to (a) the issue of statute of limitations under the constructive notice doctrine and (b) *res judicata*; and briefing shall be completed in time for a hearing in April, 2003;

  C. Discovery concerning the scientific support for the allegation of Monokote product risk shall occur from February 2, 2003 through September 2, 2003. Debtors will file omnibus objections and related Rule 42 consolidation motions and *Daubert*/summary judgment motions, on September 15, 2003. After the hearings on Debtors' omnibus objections and *Daubert*/summary judgment motions, unresolved claims will be set for a bifurcated bench trial pursuant to FRCP 42 in the fourth quarter of 2003. The first phase of the trial will resolve common issues such as statute of limitations, causation, the economic loss doctrine, and product risk and the second phase will encompass remaining issues, and will take place after any further case-specific discovery; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of

Canada and any judicial, regulatory or administrative tribunal of any other state or nation to act in aid of and to be complementary to this Court in carrying out the terms of this Court's orders in the present adversary proceeding. In particular, this Court requests the continued cooperation and assistance of the Superior Court of Justice of Ontario and extends its appreciation to Mr. Justice James Farley of that Court.

_____, 2002
Wilmington, Delaware

                                                  The Honorable Judith K. Fitzgerald
                                                  United States Bankruptcy Judge