## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| APP WINDDOWN, LLC, *et al.*,[1] | Case No. 16-12551 (BLS) (Jointly Administered) |
| Debtors. | **Hearing Date: To Be Scheduled If Necessary** **Obj. Deadline August 20, 2018 at 4:00 p.m. (ET)** |

## COMBINED TENTH MONTHLY AND SIXTH INTERIM APPLICATION OF BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE MONTHLY PERIOD FROM MARCH 1, 2018 THROUGH APRIL 30, 2018 AND INTERIM PERIOD FROM FEBRUARY 1, 2018 THROUGH APRIL 30, 2018

| | |
|---|---|
| **Applicant** | Bayard, P.A. |
| **Name of Client** | Official Committee of Unsecured Creditors |
| **Time Period Covered by Application** | March 1, 2018 – April 30, 2018 (monthly) February 1, 2018 – April 30, 2018 (interim) |
| **Total Compensation Sought by Application** | $4,453.00 (monthly) $8,273.50 (interim) |
| **Total Expenses Sought by Application** | $86.20 (monthly) $1,086.89 (interim) |
| **Petition Date** | November 14, 2016 |
| **Date of Order Approving Employment** | January 4, 2017 (*nunc pro tunc* to November 22, 2016) |
| **Total Compensation Approved by Interim Order to Date** | $183,854.25 |
| **Total Expenses Approved by Interim Order to Date** | $6,497.47 |
| **Total Allowed Compensation Paid to Date** | $183,854.25 |
| **Total Allowed Expenses Paid to Date** | $6,497.47 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Apparel, LLC (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The Debtors' address is 747 Warehouse Street, Los Angeles, California 90021.

| | |
|---|---|
| **Blended Rate in Application for All Attorneys** | $408.47 (monthly)<br>$400.00 (interim) |
| **Blended Rate in Application for All Timekeepers** | $339.92 (monthly)<br>$347.63 (interim) |
| **Compensation Sought in Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed** | $3,056.40 |
| **Expenses Sought in Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed** | $1,000.69 |
| **Number of Professionals Included in Application** | 4 Total Professionals (1 Director Attorney, 1 Associate Attorney, 2 Paraprofessionals) (monthly)<br><br>4 Total Professionals (1 Director Attorney, 1 Associate Attorney, 2 Paraprofessionals) (interim) |
| **Number of Professionals in Application Not Included in Staffing Plan Approved by Client** | 0 |
| **Difference Between Fees Budgeted and Compensation Sought in Application** | Bayard is currently under budget for its budget period of February 1, 2018 – April 30, 2018. |
| **Number of Professionals Billing Fewer than 15 Hours** | 4 (1 Director Attorney, 1 Associate Attorney, and 2 Paraprofessionals) (monthly)<br><br>4 (1 Director Attorney, 1 Associate Attorney, and 2 Paraprofessionals) (interim) |
| **Are Any Rates Higher Than Those Approved or Disclosed in Retention Application** | Yes.  As disclosed in the *Notice of Professional Fee Hourly Rates* [D.I. 834], the hourly rates of Bayard professionals are subject to periodic adjustments.  For the year 2017, those adjustments became effective as of June 1. |

This is Bayard's tenth monthly and sixth interim fee application in these cases.

## Summary of Bayard Fee Statements

| Date & D.I. | Filing Period | Requested Fees | Requested Expenses | CNO/ Order Date | Paid Fees | Paid Expenses | Total Unpaid | Fees/Expense Disallowed or Withdrawn |
|---|---|---|---|---|---|---|---|---|
| 1/20/17 [D.I. 516] | 11/22/16 through 12/31/16 | $79,612.00 | $1,632.19 | 2/13/17 [D.I. 568] | $79,612.00 | $1,632.19 | $0.00 | $0.00 |
| 3/2/17 [D.I. 614] | 1/1/17 through 1/31/17 | $34,369.00 | $2,390.09 | 3/24/17 [D.I. 672] | $34,369.00 | $2,390.09 | $0.00 | $0.00 |
| 3/28/17 [D.I. 681] | 2/1/17 through 2/28/17 | $18,757.25 | $1,680.39 | 4/19/17 [D.I. 736] | $18,757.25 | $1,680.39 | $0.00 | $0.00 |
| 6/14/17 [D.I. 849] | 3/1/17 through 4/30/17 | $18,574.50 | $330.43 | 7/5/17 [D.I. 921] | $18,574.50 | $330.43 | $0.00 | $0.00 |
| 8/14/17 [D.I. 1021] | 5/1/17 Through 6/30/17 | $17,301.00 | $249.90 | 9/6/17 [D.I. 1056] | $17,301.00 | $249.90 | $0.00 | $0.00 |
| 10/19/17 [D.I. 1324] | 7/1/17 Through 7/31/17 | $6,482.00 | $21.40 | 11/10/17 [D.I. 1352] | $3,482.00 | $21.40 | $0.00 | $3,000.00[2] |
| 1/19/18 [D.I. 1569] | 8/1/17 Through 10/31/17 | $11,758.50 | $193.07 | 2/13/18 [D.I. 1612] | $11,758.50 | $193.07 | $0.00 | $0.00 |
| 2/28/17 [D.I. 1637] | 11/1/17 through 1/31/18 | $10,253.00 | $54.10 | 3/22/18 [D.I. 1661] | $8,202.40 | $54.10 | $2,050.60 | $0.00 |
| 4/2/18 [D.I. 1676] | 2/1/18 through 2/28/18 | $3,820.50 | $1000.69 | 2/23/18 [D.I. 1705] | $3,056.40 | $1,000.69 | $764.10 | $0.00 |
| **Cumulative Totals** | | $200,927.75 | $7,552.26 | | $195,113.05 | $7,552.26 | $2,814.70 | $3,000.00 |

---

[2] Pursuant to the *Certificate of No Objection Regarding the Combined Sixth Monthly and Third Interim Fee Application of Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Monthly Period from July 1, 2017 Through July 31 2017 and the Interim Period from May 1, 2017 Through July 31, 2017* [D.I. 1352], Bayard, P.A. agreed with the Office of the United States Trustee to reduce the amount of fees requested during the interim period from May 1, 2017 through July 1, 2017 by $3,000.00 from $23,783.00 to $20,783.00.

**Timekeeper Summary (Monthly)**

| Attorneys | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate** | **Hours** | **Amount(s)** |
| Justin R. Alberto | Director | Director since 2016.  Joined firm in 2008. Member of DE Bar since 2008.  Areas of Expertise: Bankruptcy and Litigation. | $500.00 | 2.3 | $1,150.00 |
| Gregory J. Flasser | Associate | Associate since 2016. Member of DE Bar since 2015. Area of Expertise:  Bankruptcy. | $350.00 | 3.6 | $1,260.00 |
| | | | **Totals** | **5.9** | **$2,410.00** |
| | | | **Blended Attorney Rate** | | **$408.47** |

| Paraprofessionals | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate(s)** | **Hours** | **Amount(s)** |
| Larry Morton | Paralegal | Paralegal.  Joined firm in 2010. Area of Expertise: Bankruptcy. | $295.00 | 4.5 | $1,327.50 |
| Erin Hendry | Paralegal | Paralegal. Joined firm in 2018.  Area of Expertise: Bankruptcy. | $265.00 | 2.7 | $715.50 |
| | | | **Totals** | **7.2** | **$2,043.00** |
| | | | **Blended Paraprofessional Rate** | | **$283.75** |

**Timekeeper Summary (Interim)**

| Attorneys | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate** | **Hours** | **Amount(s)** |
| Justin R. Alberto | Director | Director since 2016.  Joined firm in 2008. Member of DE Bar since 2008.  Areas of Expertise: Bankruptcy and Litigation. | $500.00 | 4.3 | $2,150.00 |
| Gregory J. Flasser | Associate | Associate since 2016. Member of DE Bar since 2015. Area of Expertise:  Bankruptcy. | $350.00 | 8.6 | $3,010.00 |
| | | | **Totals** | **12.9** | **$5,160.00** |
| | | | **Blended Attorney Rate** | | **$400.00** |

| Paraprofessionals | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate(s)** | **Hours** | **Amount(s)** |
| Larry Morton | Paralegal | Paralegal.  Joined firm in 2010. Area of Expertise: Bankruptcy. | $295.00 | 5.2 | $1,600.50 |
| Erin Hendry | Paralegal | Paralegal.  Joined firm in 2018.  Area of Expertise: Bankruptcy. | $265.00 | 5.2 | $1,513.00 |
| | | | **Totals** | **10.9** | **$3,113.50** |
| | | | **Blended Paraprofessional Rate** | | **$285.64** |

**Project Category Summary by Task Code (Monthly)**

| Project Category | Hours | Amount | Blended Rate |
|---|---|---|---|
| Litigation/Adversary Proceedings (AP) | .2 | 100.00 | $500.00 |
| Case Administration (CA) | 8.0 | $2,603.00 | $325.38 |
| Court Hearings (CH) | 0.1 | $50.00 | $500.00 |
| Bayard Fee Application (F1) | 3.2 | $1,091.00 | $340.94 |
| Other Professional Fee Applications (F2) | 1.2 | $409.00 | $340.83 |
| Trustee Reporting/Schedules (TR) | 0.4 | $200.00 | $500.00 |
| **Totals** | **13.1** | **$4,453.00** | **$339.92** |

**Project Category Summary by Task Code (Interim)**

| Project Category | Hours | Amount | Blended Rate |
|---|---|---|---|
| Litigation/Adversary Proceedings (AP) | 0.2 | $100.00 | $500.00 |
| Case Administration (CA) | 11.2 | $3,686.00 | $329.11 |
| Court Hearings (CH) | 0.2 | $100.00 | $500.00 |
| Bayard Fee Application (F1) | 6.8 | $2,318.00 | $340.88 |
| Other Professional Fee Applications (F2) | 3.9 | $1,319.50 | $338.33 |
| Trustee Reporting/Schedules (TR) | 0.8 | $400.00 | $500.00 |
| Claims, Analysis, Objections and Resolutions (PC) | 0.6 | $300.00 | $500.00 |
| Plan (PL) | 0.1 | $50.00 | $500.00 |
| **Totals** | **23.8** | **$8,273.50** | **$347.63** |

**Expense Category Summary (Monthly)**

| Expense Category | Amount |
|---|---|
| Outside Service Charges | $28.79 |
| Print Images | $25.60 |
| Postage | $11.41 |
| Pacer Document Downloads | $20.40 |
| **Totals** | **$86.20** |

**Expense Category Summary (Interim)**

| Expense Category | Amount |
|---|---|
| Outside Service Charges | $982.78 |
| Print Images | $27.80 |
| Postage | $11.41 |
| Pacer Document Downloads | $64.90 |
| **Totals** | **$1,086.89** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| APP WINDDOWN , LLC, *et al.*,[1] | Case No. 16-12551 (BLS)<br>(Jointly Administered) |
| Debtors. | **Hearing Date: To Be Scheduled If Necessary**<br>**Obj. Deadline August 20, 2018 at 4:00 p.m. (ET)** |

**COMBINED TENTH MONTHLY AND SIXTH INTERIM APPLICATION OF
BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE MONTHLY PERIOD
FROM MARCH 1, 2018 THROUGH APRIL 30, 2018 AND INTERIM PERIOD
FROM FEBRUARY 1, 2018 THROUGH APRIL 30, 2018**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and using best efforts to comply with the *U.S. Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), Bayard, P.A. ("Bayard") hereby seeks (i) reasonable compensation in the above-captioned cases of APP Winddown, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for professional legal services rendered as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $4,453.00 together with reimbursement for actual and necessary expenses incurred in the amount of $86.20 for the period commencing March 1, 2018, through

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: American Apparel, LLC (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The Debtors' address is 747 Warehouse Street, Los Angeles, California 90021.

and including April 30, 2018 (the "Monthly Compensation Period"), and (ii) interim allowance and payment of $8,273.50 in fees and $1,086.89 in expenses incurred by Bayard representing the Committee from February 1, 2018 through and including April 30, 2018 (the "Interim Compensation Period"). Pursuant to the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 263] (the "Interim Compensation Order"), Bayard seeks interim approval of its total reasonable and necessary fees incurred, in the amount of $8,273.50 together with interim approval of its actual and necessary expenses incurred in the amount of $1,086.89 for the Interim Compensation Period. In further support of this Application, Bayard respectfully represents as follows:

### Jurisdiction and Venue

1.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court.

2.    The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code.

### Background

3.    On November 14, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.    On November 22, 2016, (the "Formation Date") the United State Trustee for the District of Delaware appointed a seven (7) member Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 148], including: (i) Atalaya Asset Income Fund I LP; (ii) E&C Fashion,

Inc.; (iii) Simon Property Group; (iv) Flintfox Consulting Group, Inc.; (v) Andari Fashion, Inc.; (vi) Mediamath, Inc.; and (vii) Garden City Group, LLC.

5.      On the Formation Date, the Committee held a meeting and, subject to this Court's approval, selected Cooley LLP ("Cooley") as its lead counsel, Bayard as its co-counsel, and Emerald Capital Advisors ("Emerald") as its financial advisor in these cases.

6.      On January 4, 2017, the Court entered the *Order Authorizing Employment and Retention of Bayard, P.A. as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 22, 2016* [D.I. 425], approving the engagement of Bayard as the Committee's co-counsel in these cases.

### Relief Requested

7.      Bayard submits this Application (i) for approval and payment of reasonable compensation and expenses incurred by Bayard rendering professional services as co-counsel for the Committee during the Monthly Compensation Period and (ii) for interim approval and payment of reasonable compensation and expenses incurred by Bayard rendering professional services to the Committee during the Interim Compensation Period.  All services for which Bayard requests compensation were performed for, or on behalf of, the Committee.  This Application is made pursuant to the provisions of sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, the Interim Compensation Order, and the UST Guidelines.

8.      This Application is the tenth monthly and sixth interim fee application filed by Bayard in these cases.  In connection with the professional services rendered, by this Application Bayard seeks compensation and reimbursement of expenses incurred during the Monthly Compensation Period in the amounts of $4,453.00 and $86.20, respectively.  Bayard also seeks interim approval of its total reasonable and necessary fees and reimbursement of its actual

expenses incurred during the Interim Compensation Period in the amounts of $8,273.50 and $1,086.89, respectively.

9.      Attached hereto as <u>Exhibit A</u> is a detailed statement of hours Bayard professionals spent rendering legal services to the Committee, supporting Bayard's request of $4,453.00 in compensation for fees incurred during the Monthly Compensation Period (the "<u>Invoice</u>").  The Invoice contains detailed time entries for each timekeeper who rendered services during the Monthly Compensation Period.[2]  As has been Bayard's practice, the Invoice is arranged by Bayard's internal project categories, descriptions of which follow:[3]

> <u>Litigation/Adversary Proceedings</u> – Bayard expended minimal time reviewing settlement documents.
>
>> Total Hours: 0.2
>> Hours Budgeted: 4
>
> <u>Case Administration</u> – During the Monthly Compensation Period, Bayard professionals, among other things, maintained an internal critical dates calendar.
>
>> Total Hours: 8.0
>> Hours Budgeted: 8
>
> <u>Court Hearings</u> – Bayard expended minimal time reviewing a hearing agenda.
>
>> Total Hours: 0.1
>> Hours Budgeted: 4
>
> <u>Bayard Fee Applications</u> – Bayard incurred time drafting and filing its ninth monthly fee application [D.I. 1637].
>
>> Total Hours: 3.2
>> Hours Budgeted: 8

---

[2] Invoices related to the compensation period from February 1, 2018 through February 28, 2018 were attached to Bayard's previously filed ninth monthly fee application [D.I. 1676].

[3] As described below, Bayard's applicable budget is for the period from February 1, 2018 through and including April 30, 2018.  Also as described below, <u>Exhibit A</u> includes the identity of the timekeepers that billed to each project category and the total compensation requested for each timekeeper per project category.  The "total hours" identified in this paragraph are the hours spent by Bayard professionals during the Monthly Compensation Period.  A chart comparing the total hours spent and the hours budgeted for each task code for the Interim Compensation Period is attached hereto as <u>Exhibit E</u>.

<u>Other Professional Fee Applications</u> – Bayard incurred time filing and prosecuting the fee applications of other Committee professionals.

> Total Hours: 1.2
> Hours Budgeted: 8

<u>Trustee Reporting</u> – Bayard incurred time reviewing the Debtors' operating reports.

> Total Hours: 0.4
> Hours Budgeted: 2

10.    Also included in the Invoice attached hereto as <u>Exhibit A</u> is a breakdown of the hours billed and fees requested for services Bayard rendered to the Committee arranged by project category and a summary report reflecting the hours spent and amount of compensation requested for each Bayard professional for each project category.

11.    Attached hereto as <u>Exhibit B</u> is a detailed list of disbursements made by Bayard supporting Bayard's request of $86.20 in expense reimbursement for the Monthly Compensation Period.

12.    Given the nature and value of the services that Bayard provided to the Committee as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

13.    Bayard has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules.  There is no agreement or understanding between Bayard and any other person (other than members of Bayard) for the sharing of compensation to be received for the services rendered in these cases.

<u>**Certification and UST Guidelines Disclosures**</u>

14.    Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Bayard represents as follows

with regard to its charges for actual and necessary costs and expenses during the Monthly and Interim Compensation Periods:

    (a)    Copy, scanning and printing charges are $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

    (b)    Incoming facsimiles are not billed.

    (c)    Out-going facsimiles are billed at the rate of $0.25 per page. The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed.

15.    Pursuant to section C.3 of the UST Guidelines, Bayard's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Bayard's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. By way of example, Bayard's blended hourly rates for timekeepers included in this Application for the Monthly and Interim Compensation Periods, compared to the blended rates for Bayard's non-bankruptcy timekeepers for Bayard's preceding calendar year, is attached hereto as Exhibit C.

16.    Pursuant to section C.5 of the UST Guidelines, Bayard hereby makes the following disclosures for the Monthly and Interim Compensation Periods:

| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No. |
|---|---|

| | |
|---|---|
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the client? | Not applicable.  Bayard's fees sought in this fee application fall below the fees budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No. |
| If the fee application includes any rate increases since retention:<br>(a) Did your client review and approve those rate increases in advance?<br>(b) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | As disclosed in the *Notice of Professional Fee Hourly Rates* [D.I. 834], the hourly rates of Bayard professionals are subject to period adjustments that became effective as of June 1, 2017.  The client reviewed the rate increases and pursuant to Bayard's retention application [D.I. 350] (the "Retention Application) agreed to accept all future rate increases. |

17.     As indicated in its Retention Application, Bayard agreed to use best efforts to comply with the UST Guidelines.  Consistent with section C.6 of the UST Guidelines, attached hereto as Exhibit D is a copy of Bayard's budget and staffing report for the Interim Compensation Period.  Prior to filing this Application, Cooley discussed updated budgets with the Committee.  Throughout Bayard's engagement, the Committee members have been fully informed, provided input and approval, and were aware of the actions taken by Bayard and the Committee's other professionals.

## **Basis for Relief**

18.     The applicable standard for compensation of professionals is set forth in section

330(a) of the Bankruptcy Code which provides that a bankruptcy court may award to a

professional person employed under sections 327 or 1103 "reasonable compensation for actual,

necessary services rendered by [such] . . . attorney . . . and reimbursement of actual, necessary

expenses." 11 U.S.C. § 330(a). Further, section 330 provides certain guidelines for the Court to

consider with respect to the amount of compensation to be awarded, which include:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in this bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19.     Professional services rendered by Bayard during these cases have been itemized

by professional, noting each professional's rate and number of hours. A detailed listing of such

services provided during the Monthly Compensation Period is attached hereto as <u>Exhibit A</u> and a

detail of the expenses incurred during the Monthly Compensation Period is attached hereto as

<u>Exhibit B</u>. Additionally, the qualifications of the Bayard professionals who have been primarily

responsible for the provision of services in these cases were included with Bayard's Retention

Application.   In performing services for the Committee during the Monthly and Interim Compensation Periods, Bayard took into account both the hourly rate of the attorney providing the service, and the relative skill of the particular attorney as it related to the required tasks.  By utilizing those most skilled in a particular area, Bayard was able to provide efficient and effective representation to the Committee.

**A.**     **Reasonableness of Compensation Requested**

20.     Bayard believes that the hourly rates charged for its directors, associates, and paralegals are reasonable and competitive with the hourly rates charged by law firms of comparable size and quality with similar expertise and levels of experience as Bayard.  The hourly rate of each professional who rendered services in connection with these cases during the Monthly and Interim Compensation Periods is set forth above.

21.     Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided, and the results that have been achieved to date, allowance of the amounts requested is appropriate.  Because Bayard's fees and expenses are comparable to those incurred by counsel to similarly-situated committees in cases involving issues of commensurate complexity, Bayard's fees are "reasonable" and should be allowed in the amounts set forth herein.

**B.**     **Novelty and Difficulty of Legal Questions/Skill Requisite to
Performing Legal Services**

22.     The Debtors' capital structure, the nature of their operations, and the time-sensitive nature of the Debtors' proposed plan and the speed at which the ensuing negotiations progressed required Bayard to assist the Committee in evaluating several difficult factual and legal issues in connection with the Debtors' cases.  Further, there can be no dispute that Bayard's

attorneys have devoted significant effort to the Committee's affairs, as shown by the detailed time entries included in Exhibit A.

**C.      Experience, Reputation, and Ability of Attorneys**

23.      Bayard has an excellent reputation based upon its experienced and capable group of professionals.   Indeed, Bayard was selected as co-counsel to the Committee due to the experience and expertise of its attorneys in the areas of bankruptcy law, transactions, and other areas directly affecting these cases and the Committee.   The primary Bayard attorneys that represented the Committee have years of experience and are well recognized as accomplished professionals in their field.   Further, the primary attorneys providing services to the Committee are each highly educated, skilled, and accomplished bankruptcy and corporate professionals.

24.      In summary, all the professional services rendered on the Committee's behalf have been performed by attorneys with a high level of skill in the areas for which they have been employed.   Such experience and expertise has enabled Bayard to represent the Committee as its co-counsel in an efficient manner.

## Certification and Notice

25.      The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and a copy of this Application has been sent to the notice parties set forth in the Interim Compensation Order.

26.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the size and nature of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

WHEREFORE, Bayard requests (i) approval of $4,453.00 as the total compensation for professional services rendered during the Monthly Compensation Period and the sum of $86.20 for reimbursement of actual and necessary costs and expenses incurred by Bayard during the Monthly Compensation Period, and (ii) interim approval and payment of $8,273.50 as the total compensation for professional services rendered during the Interim Compensation Period and the sum of $1,086.89 for reimbursement of actual and necessary costs and expenses incurred by Bayard during the Interim Compensation Period.

Dated: July 30, 2018
      Wilmington, Delaware                BAYARD, P.A.

                                     */s/ Gregory J. Flasser*
                                       Justin R. Alberto (No. 5126)
                                       Evan T. Miller (No. 5364)
                                       Gregory J. Flasser (No. 6154)
                                       600 N. King Street, Suite 400
                                       Wilmington, Delaware 19801
                                       Telephone:  (302) 655-5000
                                       Facsimile:  (302) 658-6395
                                       Email: jalberto@bayardlaw.com
                                                gflasser@bayardlaw.com

                                     *Co-Counsel for the Official Committee of Unsecured Creditors*