**Exhibit 1**

**[Retention Order]**

**ORIGINAL**

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF KINSELLA COMMUNICATIONS, LTD. AS NOTICE CONSULTANT FOR THE DEBTORS AND DEBTORS IN POSSESSION

Upon consideration of the application (the "Application") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for the entry of an order authorizing the Debtors to employ and retain Kinsella Communications, Ltd. ("Kinsella") as their notice consultant, and upon the affidavit of Katharine M. Kinsella (the "Affidavit"); and the Court being satisfied, based on the representations made in the Application and Affidavit, that Kinsella represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Kinsella is a "disinterested person" as that term is defined under section 104(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.


659

the employment of Kinsella is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain Kinsella as their notice consultant, on the terms set forth in the Application (as that term is defined in the Application); and it is further

ORDERED that, without further order of this Court, the Debtors shall compensate Kinsella for services rendered as set forth in the Application and upon the submission by Kinsella to the Debtors of invoices that summarize, in reasonable detail, the services or expenses for which compensation is sought, which invoices Kinsella, at its sole discretion, shall submit to the Debtors; and it is further

ORDERED that in the event the Court directs Kinsella to provide additional notice to the Debtors' putative claimants in excess of the notice proposed by the Debtors and/or Kinsella, the Property Damage Committee may readdress, without prejudice, the terms of Kinsella's compensation as set forth in the Application; and it is further

ORDERED that if the Property Damage Committee elects to readdress Kinsella's compensation, and in the event the Property Damage Committee, Kinsella and the Debtors are unable to reach a consensual resolution, the Property Damage Committee shall file the appropriate pleadings with the Court, and serve such pleadings upon counsel for the Debtors, Kinsella, the Committees and the United States Trustee, requesting that the Court readdress Kinsella's compensation in accordance with the Court's additional notice requirements; and it is further

02/15/02 FRI 12:32 FAX 312 861 2200    KIRKLAND & ELLIS    ☒00
☒004

ORDERED that this Court shall retain jurisdiction to hear and determine all matters relating to the implementation of this Order.

Dated: July 19, 2001

Joseph J. Farnan, Jr.
United States District Judge