# Exhibit 2

## [Retention Agreement]

## Advertising and Services Agreement

This Advertising and Services Agreement ("Agreement") is entered into as of July 1, 2001 by and between Kinsella Communications Ltd. ("KCL") on one hand, and W. R. Grace and related companies ("Debtors") on the other hand (individually and collectively referred to as the "Party" and/or "Parties").

In consideration of the mutual agreements herein set forth, the Parties agree as follows:

I. Debtors hereby retain KCL to design, disseminate and implement the requisite media bar date notice *In re: W. R. Grace & Co., et al.*, Chapter 11, Case No. 01-01139(JJF).

The notice services shall include: developing and implementing a comprehensive bar date notice plan with recommendations for materials and media distribution; creating all relevant and necessary notice materials, including print and television advertisements; implementing media buys and placement; executing an affidavit or other documentation and testimony as required by the Court and/or as requested by Debtors on the notification services provided; and providing a summary and analysis of the notification activities and media placements (hereinafter "Services") as required by Debtors. Prior to delivery of such Services, KCL shall detail and outline in the Bar Date Notice Plan all contemplated work with an estimate of the associated costs and expenses, and Debtors shall promptly either authorize, modify or cancel such work, as allowed for herein.

II. Debtors agree to compensate KCL for Services provided as follows:

   A. Media fees: For the media buy a commission of 15 percent on all gross media buys as approved by Debtors. Except as provided otherwise pursuant to Section IV, or unless extended by mutual agreement of the Parties, this Agreement shall terminate on July 1, 2002.

   B. Reasonable out of pocket expenses, including long distance telephone charges, faxes, copying and travel expenses that are incurred and paid by KCL shall be reimbursed by Debtors separately on a monthly basis. Any expense in excess of $1,000, which is not in the Bar Date Notice Plan, must be approved in advance by Debtors.

   C. All bills are payable in full within 30 days from the date on the invoice provided such arrangement is approved by the Bankruptcy Court. If Debtors cancel any work in progress or terminate this Agreement, then Debtors, subject to Bankruptcy Court approval, shall pay KCL a negotiated and reasonable percentage of media fees representing completed work prior to the cancellation and necessary work required to terminate the

1

02/15/02 FRI 12:34 FAX 312 861 2200        KIRKLAND & ELLIS                                    ☒00

project as well as expenses incurred through the date of cancellation and necessary cancellation expenses. Should enforcement become necessary for any Party, the Party seeking enforcement shall be entitled to its fees and costs, including reasonable attorneys' fees, related to such collection.

D. All media fees shall be paid in advance and upon a presentation of a statement by KCL.

III. KCL shall use good faith and reasonable efforts in providing Services, including placing the notices in all vehicles selected. KCL agrees to further use its best efforts to negotiate the lowest advertising costs to execute the Bar Date Notice Plan once approved by the Court, and to obtain confirmation of the placement of the notes/advertisements. KCL shall also require of any vendors and consultants retained in connection with KCL's provision of Services to use its best efforts in all phases for which they may be retained and KCL shall solely be responsible for rendering payment to any such vendors and/or consultants, and at no time shall KCL permit or authorize any such vendors or consultants to seek payment from Debtors. Moreover, KCL agrees to maintain the appropriate records and documentation indicating that the notices/advertisements have been placed and have actually appeared. Debtors understand and agree that KCL is not, however, providing Debtors with any warranty of any type that the Bar Date Notice Plan and the actual notice will reach all potential asbestos health claimants in the litigation or that all advertisements contracted for will have run as specified. Debtors shall be entitled to any and all credits provided by the vendors for advertisements that do not run as specified.

Debtors agree that in the event of a lawsuit or the commencement of any other proceeding against KCL or its agents because of the Services provided under this Agreement, Debtors shall fully defend and indemnify and compensate KCL for any losses, damages and reasonable attorneys' fees and costs incurred thereby, except to the extent caused by KCL's gross negligence, willful misconduct or bad faith. KCL agrees to comply with all Debtors' reasonable requests for cooperation and assistance necessary to enable Debtors to defend KCL, including making potential witnesses available for deposition and trial and furnishing documents requested by Debtors. Debtors will not, however, be responsible for any claims, liabilities, losses, damages or expenses, which result from KCL's willful misconduct, bad faith or gross negligence.

IV. The Services to be provided under this Agreement may be terminated, at will:

A. By Debtors upon at least 30 calendar days' prior written notice to KCL. Debtors' obligation to pay for services or projects in progress at the time of notice of withdrawal shall continue throughout that thirty (30) day period. KCL will continue to provide Services during the period after notification and prior to termination. Debtors shall pay all statements of charges then

2

outstanding, and any future statements of charges covering Services provided prior to termination.

B. By KCL, (i) with thirty (30) calendar days' prior written notice if Debtors are not current in payment of charges under Section II above, so long as such statements are timely submitted to Debtors.

Termination of the Services shall not terminate, discharge, affect or impair the obligations of Grace under this Agreement as of the date of termination or as to any matter other than termination of Services.

V. KCL shall not, directly or indirectly, use for its own purposes or disclose or communicate to any person, firm, association, corporation or other entity in any manner whatsoever information of any kind, nature or description concerning: the business plans, trade secrets or other similar data of any kind, nature or description where tangible or intangible of the Debtors, or any other financial, statistical or other information that the Debtors designate or treat as confidential or proprietary. The agreements set forth herein shall not apply to (i) any information that at the time of disclosure or thereafter is generally available to and known by the public (other than as a result of a disclosure directly or indirectly by KCL in violation of this Agreement), (ii) any information the disclosure of which is required by law, regulation, order decree or process or is otherwise approved by Debtors or (iii) any information not treated by Debtors as confidential and which KCL had no reasonable basis to believe was confidential or proprietary.

VI. If any provision of this Agreement is, becomes or is deemed invalid, illegal, or unenforceable in any jurisdiction: (i) such provision will be deemed amended to conform to applicable laws of such jurisdiction so as to be valid and enforceable or, if it cannot be amended without materially altering the intention of the parties, it will be stricken; (ii) the validity, legality and enforceability of such provision will not in any way be affected or impaired thereby in any other jurisdiction; and (iii) the remainder of this Agreement will remain in full force and effect.

The validity, interpretation and performance of this Agreement and each of its provisions shall be governed by the laws of, and enforced in, the District of Columbia. No promises, representations or statements not expressly contained in this Agreement, or incorporated herein by reference, shall be binding upon the Parties as a warranty or otherwise.

This Agreement embodies the entire agreement between the Parties. No changes in, addition to, or waivers of, the terms and conditions of the Agreement will be binding upon any Party, unless approved in writing by such Party's authorized representative.

This agreement shall not be assignable by either Party hereto without the written consent of the other Party.

02/15/02  FRI 12:35 FAX 312 861 2200         KIRKLAND & ELLIS                                    ☒00

KCL agrees that it is an independent contractor and not an agent of Debtors. KCL will not have any authority to bind or act on behalf of Debtors or any of their affiliates except as otherwise expressly authorized by this Agreement.

To the extent permitted by applicable law, under no circumstances shall either Party be liable to the other for indirect, incidental or punitive damages–whether in tort, breach of contract or otherwise, even if that Party has been informed of the possibility of such damages. Each Party covenants not to institute or participate in any proceeding seeking to establish a contrary position.

The Parties hereto agree that any and all matters in dispute concerning this Agreement shall be subject to arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

In no event shall demand for arbitration be made under this Agreement after the date when the commencement of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations. The arbitrator's award shall be final and binding upon the Parties, and judgment may be entered upon it in accordance with applicable law.

All notices, requests, demands, payments, accounting claims or other communications which any of the parties desires or is required to give to any other party under this Agreement shall be given in writing and shall be deemed to have been given if it is sent or registered or certified mail, postage prepaid or rent by prepaid overnight courier or confirmed telecopier, and addressed to the intended recipient as set forth below:

AGREED AND ACCEPTED:

| W.R. Grace & Co. | Kinsella Communications Inc. |
|---|---|
| By: _/s/ William Corcoran_ | By: _/s/ Katherine Kinsella_ |
| Printed: William Corcoran | Printed: Katherine Kinsella |
| Title: Vice President | Title: President |
| Address: W.R. Grace<br>7500 Grace Drive<br>Columbia, MD 21044 | Address: 1920 L Street, NW<br>Suite 700<br>Washington, DC 20036 |

4