IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: April 18, 2002 at 4:00 p.m.** |

**SUMMARY OF THE VERIFIED APPLICATION OF REED SMITH LLP
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS SPECIAL ASBESTOS PRODUCT LIABILITY DEFENSE
COUNSEL TO DEBTORS FOR THE EIGHTH MONTHLY INTERIM PERIOD
FROM FEBRUARY 1, 2002 THROUGH FEBRUARY 28, 2002**

Name of Applicant:                    Reed Smith LLP

Authorized to Provide Professional Services to: W. R. Grace & Co., et al., Debtors and
                                      Debtors-in-Possession

Date of Retention:                    July 19, 2001,
                                      effective as of April 2, 2001

Period for which compensation and
reimbursement is sought:              February 1, 2002 through February 28, 2002

Amount of Compensation sought as actual,
Reasonable, and necessary:            $115,694.50

This an: X monthly    _ interim    _ final application.

Prior Applications filed: Yes.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 8/28/01 | 4/2/01 through 7/31/01 | $40,583.00 | $356.92 | No objections served on counsel | No objections served on counsel |
| 9/27/01 | 8/1/01 through 8/31/01 | $90,113.00 | $4,048.11 | No objections served on counsel | No objections served on counsel |
| 10/26/01 | 9/1/01 through 9/30/01 | $155,804.00 | $6,971.66 | No objections served on counsel | No objections served on counsel |
| 11/27/01 | 10/1/01 through 10/31/01 | $229,036.50 | $10,314.97 | No objections served on counsel | No objections served on counsel |
| 12/26/01 | 11/1/01 through 11/30/01 | $216,703.50 | $22,667.19 | No objections served on counsel | No objections served on counsel |
| 1/30/02 | 12/1/01 through 12/31/01 | $152,288.00 | $43,025.11 | No objections served on counsel | No objections served on counsel |
| 3/1/02 | 1/1/02 through 1/31/02 | $152,389.50 | $45,525.87 | No objections served on counsel | No objections served on counsel |
| 3/28/02 | 2/1/02 through 2/28/02 | $115,694.50 | $39,388.59 | Pending | Pending |

As indicated above, this is the eighth application for monthly interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases.[2]

The total time expended for the preparation of this application is approximately 15 hours, and the corresponding estimated compensation *that will be requested in a future application* is approximately $4,500.00.

---

[2] Any capitalized terms not defined herein have the meaning ascribed to them in the Verified Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Product Liability Defense Counsel to Debtors, for the Seventh Monthly Interim Period from February 1, 2002 through February 28, 2002.

The Reed Smith attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| James J. Restivo, Jr. | Partner | 30 Years | Litigation | $430.00 | 12.00 | $5,160.00 |
| Lawrence E. Flatley | Partner | 26 Years | Litigation | $400.00 | 44.70 | $17,880.00 |
| Douglas E. Cameron | Partner | 17 Years | Litigation | $385.00 | 55.20 | $21,252.00 |
| Andrew J. Trevelise | Partner | 22 Years | Litigation | $360.00 | 1.80 | $648.00 |
| James W. Bentz | Partner | 13 Years | Litigation | $300.00 | 29.45 | $8,835.00 |
| Stephen J. DelSole | Associate | 7 Years | Litigation | $275.00 | 4.00 | $1,100.00 |
| Jayme L. Butcher | Associate | 1 year | New Assoc. | $185.00 | 42.40 | $7,844.00 |
| Scott M. Cindrich | Associate | 1 year | New Assoc. | $185.00 | 33.40 | $6,179.00 |
| Bryan C. Devine | Associate | 1 year | New Assoc. | $185.00 | 13.20 | $2,442.00 |
| Andrew J. Muha | Associate | 1 year | New Assoc. | $185.00 | 52.20 | $9,657.00 |
| Lisa D. DeMarchi | Associate | 1 year | New Assoc. | $185.00 | 2.40 | $444.00 |

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| M. Susan Haines | Paralegal | 28 Years | Litigation | $150.00 | 14.70 | $2,205.00 |
| Maureen L. Atkinson | Paralegal | 25 Years | Litigation | $120.00 | 103.80 | $12,456.00 |
| John B. Lord | Paralegal | 9 Years | Litigation | $145.00 | 4.10 | $594.50 |
| Janet L. Cleversy | Paralegal | 12 Years | Litigation | $120.00 | 77.90 | $9,348.00 |
| Melody A. Jones | Paralegal | 7 Years | Litigation | $125.00 | 77.20 | $9,650.00 |

Total Fees:  $115,694.50

Expense Summary

| Description | Amount |
|---|---|
| Telephone Expense | $     104.48 |
| Telephone Expense - Outside | 199.30 |
| Duplicating/Printing | 318.00 |
| Document Charge | 30.00 |
| Postage Expense | 86.26 |
| Courier Service | 55.70 |
| Secretarial Overtime | 262.50 |
| Lodging | 5,506.25 |
| Transportation | 79.00 |
| Air Travel Expense | 7,385.49 |
| Rail Travel Expense | 872.00 |
| Taxi Expense | 423.19 |
| Mileage Expense | 83.57 |
| Travel Meals | 874.59 |
| General Expense (Document Scanning) | 23,108.26 |
| Total | $ 39,388.59 |

Dated:  March 28, 2002

REED SMITH LLP

/s/ Richard A. Keuler, Jr.
Richard A. Keuler, Jr., Esquire (No. 4108)
1201 Market Street, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575
Email:  rkeuler@reedsmith.com

and

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  412.288.3131
Facsimile:  412.288.3063

Special Asbestos Products Liability Defense
Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )    Case No. 01-01139 (JJF)
                                          )    (Jointly Administered)
                                          )
           Debtors.                       )

**VERIFIED APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS
PRODUCTS LIABILITY DEFENSE COUNSEL TO DEBTORS, FOR THE
EIGHTH MONTHLY INTERIM PERIOD FROM FEBRUARY 1, 2002 THROUGH
<u>FEBRUARY 28, 2002</u>**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Reed

Smith LLP ("Applicant" or "Reed Smith"), Special Asbestos Products Liability Defense Counsel

for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food  N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of

$115,694.50 for the reasonable and necessary legal services Reed Smith has rendered to the

Debtors and (ii) reimbursement for the actual and necessary expenses that Reed Smith incurred

in the amount of $39,388.59 (the "Application"), for the period from February 1, 2002, through

February 28, 2002 (the "Fee Period").  In support of this Application, Reed Smith respectfully

states as follows:

## RETENTION OF AND CONTINUING DISINTERESTEDNESS OF REED SMITH

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11

Cases for administrative purposes only.  Since the Petition Date, the Debtors have continued to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.      On July 19, 2001, the Debtors were authorized by the Court to retain Reed

Smith as Special Asbestos Products Liability Defense Counsel, effective as of the Petition Date

("Retention Order").  This Retention Order authorizes the Debtors to compensate Reed Smith at

Reed Smith's hourly rates charged for services of this type and to be reimbursed for actual and

necessary out-of-pocket expenses that it incurred, subject to application to this Court in

accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all

applicable local rules and orders of this Court.  On May 3, 2001 this Court entered the Interim

Compensation Order, pursuant to which this Fee Application is being filed.

3.      As disclosed in the Affidavit of James J. Restivo, Jr. in Support of the

Application of the Debtors to employ Reed Smith LLP as Special Defense Counsel for the

-2-

Debtors in Asbestos Product Liability Actions, (the "Restivo Affidavit"), filed July 2, 2001, Reed

Smith does not hold or represent any interest adverse to the estates, and is a disinterested person

as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b)

of the Bankruptcy Code.

4.      Reed Smith may have in the past represented, may currently represent, and

likely in the future will represent parties-in-interest in connection with matters unrelated to the

Debtors and the Chapter 11 Cases. Reed Smith disclosed in the Restivo Affidavit its connections

to parties-in-interest that it has been able to ascertain using its reasonable efforts. Reed Smith

will update the Restivo Affidavit when necessary and when Reed Smith becomes aware of any

material new information.

5.      This is the eighth application for monthly interim compensation for

services rendered that Reed Smith has filed with the Bankruptcy Court in connection with the

Chapter 11 Cases.

## REASONABLE AND NECESSARY SERVICES RENDERED BY REED SMITH

6.      The Reed Smith attorneys who rendered professional services in the

Chapter 11 Cases during the Fee Period are:

-3-

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| James J. Restivo, Jr. | Partner | 30 Years | Litigation | $430.00 | 12.00 | $5,160.00 |
| Lawrence E. Flatley | Partner | 26 Years | Litigation | $400.00 | 44.70 | $17,880.00 |
| Douglas E. Cameron | Partner | 17 Years | Litigation | $385.00 | 55.20 | $21,252.00 |
| Andrew J. Trevelise | Partner | 22 Years | Litigation | $360.00 | 1.80 | $648.00 |
| James W. Bentz | Partner | 13 Years | Litigation | $300.00 | 29.45 | $8,835.00 |
| Stephen J. DelSole | Associate | 7 Years | Litigation | $275.00 | 4.00 | $1,100.00 |
| Jayme L. Butcher | Associate | 1 year | New Assoc. | $185.00 | 42.40 | $7,844.00 |
| Scott M. Cindrich | Associate | 1 year | New Assoc. | $185.00 | 33.40 | $6,179.00 |
| Bryan C. Devine | Associate | 1 year | New Assoc. | $185.00 | 13.20 | $2,442.00 |
| Andrew J. Muha | Associate | 1 year | New Assoc. | $185.00 | 52.20 | $9,657.00 |
| Lisa D. DeMarchi | Associate | 1 year | New Assoc. | $185.00 | 2.40 | $444.00 |

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| M. Susan Haines | Paralegal | 28 Years | Litigation | $150.00 | 14.70 | $2,205.00 |
| Maureen L. Atkinson | Paralegal | 25 Years | Litigation | $120.00 | 103.80 | $12,456.00 |
| John B. Lord | Paralegal | 9 Years | Litigation | $145.00 | 4.10 | $594.50 |
| Janet L. Cleversy | Paralegal | 12 Years | Litigation | $120.00 | 77.90 | $9,348.00 |
| Melody A. Jones | Paralegal | 7 Years | Litigation | $125.00 | 77.20 | $9,650.00 |

Total Fees:  $115,694.50

7.      Each of the persons who has performed service herein has kept daily time records setting forth the services and time expended in connection herewith.

8.     The rates described above are Reed Smith's hourly rates for services of this type. Attached as <u>Exhibit A</u> is a detailed itemization and description of the services that Reed Smith rendered during the Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $115,694.50 [80% = $92,555.60]. The Reed Smith attorneys and paraprofessionals expended a total of 568.45 hours for these cases during the Fee Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9.     Further, <u>Exhibit A</u> (a) identifies the individuals that rendered the services, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

## ACTUAL AND NECESSARY EXPENSES

10.     It is Reed Smith's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client s case that would not have been incurred except for representation of that particular client. It is Reed Smith's policy to charge its clients only the amount actually incurred by Reed Smith in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

11.    Reed Smith charges $0.15 per page for duplication.  Reed Smith does not charge clients for outgoing telecopier transmissions (other than related toll charges) or for incoming telecopier transmissions.

12.    A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by Reed Smith on the Debtors' behalf during the Fee Period is attached hereto as Exhibit B.  All of these disbursements comprise the requested sum for Reed Smith's out-of-pocket expenses, totaling $39,388.59.

### REPRESENTATIONS

13.    Reed Smith believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

14.    Reed Smith performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15.    Reed Smith has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

16.    Pursuant to Fed. R. Bank. P. 2016(b), Reed Smith has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Reed Smith, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

17.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays.  Reed Smith reserves the

right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

18.     Reed Smith believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees. A true and correct copy of the Verification of Richard A. Keuler, Jr. is attached hereto as Exhibit C.

WHEREFORE, for the reasons set forth above, Applicant respectfully requests this Court to enter an order allowing, authorizing and directing payment of interim compensation in the amount of $115,694.50 [80% = $92,555.60] for legal services rendered on behalf of Debtors during the period: February 1, 2002 through February 28, 2002, and reimbursement of expenses incurred during the same period in the amount of $39,388.59.

Dated: March 28, 2002                              REED SMITH LLP


                                                   /s/ Richard A. Keuler, Jr.
                                                   Richard A. Keuler, Jr., Esquire (No. 4108)
                                                   1201 Market Street, Suite 1500
                                                   Wilmington, DE 19801
                                                   Telephone: (302) 778-7500
                                                   Facsimile: (302) 778-7575
                                                   Email: rkeuler@reedsmith.com

                                                           and

                                                   James J. Restivo, Jr.
                                                   Lawrence E. Flatley
                                                   Douglas E. Cameron
                                                   435 Sixth Avenue
                                                   Pittsburgh, PA 15219
                                                   Telephone: 412.288.3131
                                                   Facsimile: 412-288-3063

                                                   Special Asbestos Products Liability Defense
                                                   Counsel