## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W.R. Grace & Co., <u>et al.</u>,[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objections due: April 17, 2002 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections are timely filed and served. |

### SEVENTH MONTHLY APPLICATION OF DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH AND INCLUDING JANUARY 31, 2002

| | |
|---|---|
| **Applicant:** | **Duane Morris LLP** |
| **Authorized to Provide Professional Services To:** | **Official Committee of Unsecured Creditors** |
| **Date of Retention:** | **Effective April 17, 2001 (Order entered June 21, 2001)** |

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA  Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

| Period For Which Compensation And Reimbursement Is Sought: | January 1, 2002 through January 31, 2002 |
|---|---|
| Amount of Compensation Sought As Actual, Reasonable And Necessary: | $13,454.50 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable And Necessary: | $776.18 |

This is an interim fee application.

PRIOR APPLICATIONS:

| DATE FILED | PERIOD COVERED | FEES | EXPENSES |
|---|---|---|---|
| 8/30/01 | April 17, 2001 through June 30, 2001 (Quarterly) | $41,314.50 | $4,026.77 |
| 8/30/01 | July 1, 2001 through July 31, 2001 (Monthly) | $9,490.50 | $1,209.90 |
| 2/5/02 | August 1, 2001 through September 30, 2001 (Monthly) | $12,885.00 | $7,903.44 |
| 2/5/02 | July 1, 2001 through September 30, 2001 (Quarterly) | $22,375.50 | $9,113.34 |
| 2/11/02 | October 1, 2001 through December 31, 2001 (Monthly) | $17,349.50 | $3,436.30 |
| 2/11/02 | October 1, 2001 through December 31, 2001 (Quarterly) | $17,349.50 | $3,436.30 |

# Attachment "A"

**SUMMARY OF TIME AND THE HOURLY RATES CHARGED BY THE
APPLICANT FOR ITS ATTORNEY AND PARALEGAL TIME FOR THE PERIOD
FROM JANUARY 1, 2002 THROUGH AND INCLUDING JANUARY 31, 2002**

| | Year Admitted | Rate Per Hour | No. of Hours | Total Value |
|---|---|---|---|---|
| William S. Katchen ("WS KATCHEN") Partner | 1965 | $475 | 12.80 | $6,080.00 |
| Michael R. Lastowski ("MR LASTOWSKI") Partner | 1980 | $415 | 11.40 | $4,731.00 |
| William K. Harrington ("WK HARRINGTON") Associate | 1996 | $275 | .60 | $165.00 |
| Ralph N. Sianni ("RN SIANNI") Associate | 1996 | $245 | 2.20 | $539.00 |
| John W. Weiss ("JW WEISS") Associate | 2001 | $215 | .30 | $64.50 |
| Shelly A. Hollinghead ("SA HOLLINGHEAD") Paralegal | N/A | $125 | 15.00 | $1,875.00 |
| **GRAND TOTAL** | | | **42.30** | **$13,454.50** |
| **BLENDED RATE** | | **$318.07** | | |

## COMPENSATION BY PROJECT CATEGORY

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Asset Analysis and Recovery ("001") | 0.20 | $83.00 |
| Case Administration ("004") | 9.80 | $2,867.00 |
| Fee/Employment Applications ("007") | 17.10 | $3,512.50 |
| Litigation ("010") | 0.90 | $373.50 |
| Fee/Employment Objections ("008") | 0.20 | $83.00 |
| Plan and Disclosure Statement ("012") | 0.10 | $41.50 |
| Business Analysis ("018") | 12.50 | $5,937.50 |
| Data Analysis ("020") | 1.00 | $349.00 |
| Leases/Executory Contracts ("024") | 0.50 | $207.50 |
| **TOTAL** | **42.30** | **$13,454.50** |

## EXPENSE SUMMARY

| CATEGORIES | PROVIDER | EXPENSES |
|---|---|---|
| Printing and Duplicating | N/A | $441.10 |
| Telecopier | N/A | $63.65 |
| Messenger Service | N/A | $925.80 |
| Overnight Mail | N/A | $37.50 |
| Travel | Amtrak | $110.00 |
| Dinner - Local | N/A | $26.54 |
| Printing and Duplicating - Internal | N/A | $54.45 |
| Telephone | N/A | $63.65 |
| Travel - Local | N/A | $9.49 |
| **TOTAL** | | **$776.18** |

WLM\158088.1

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objections due: April 17, 2002 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

## SEVENTH MONTHLY APPLICATION OF DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH AND INCLUDING JANUARY 31, 2002

Duane Morris LLP (the "Applicant"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), for its Seventh Monthly Application of Duane Morris LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From January 1, 2002 Through and Including January 31, 2002 (the "Application"), respectfully represents and alleges:

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

## I. INTRODUCTION

1.       Applicant makes this Application for payment of professional services rendered

and expenses incurred in its representation of the Committee as provided under §§ 330 and 331

of title 11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules"), the applicable local rules of this Court and the

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Official Committee

Members entered by this Court on May 3, 2001 (the "Administrative Order").

2.       Applicant, in its Application, seeks an award of compensation in the amount of

$13,454.50 for 42.30 hours of professional services rendered from February 1, 2002 through and

including February 28, 2002 (the "Compensation Period"); and reimbursement of disbursements

actually and necessarily incurred in the amount of $776.18 during the Compensation Period.

## II. BACKGROUND

3.       On April 2, 2001 (the "Petition Date"), the Debtors commenced their

reorganization cases by filing voluntary petitions for relief under chapter 11 title 11 of the United

States Code, 11 U.S.C.. §§101 et seq. (the "Bankruptcy Code").

4.       The Debtors have continued in possession of their properties and have continued

to operate and manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of

the Bankruptcy Code.  Pursuant to an order of the Court, the Debtors chapter 11 cases have been

procedurally consolidated and are being jointly administered.

5.       The Debtors operate a world wide specialty chemicals and materials business

predominately through two business units, Davison Chemicals and Performance Chemicals.  The

Debtors employ approximately 3860 full-time employees.  On a consolidated basis, for the fiscal

year 2000, Grace reported a net loss of $89.7 million from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

6.      Grace, as the Debtors' parent company, is a global holding company that conducts

substantially all of its business through a direct, wholly owned subsidiary of W.R. Grace & Co.-

Conn ("Grace-Conn"). Grace-Conn owns substantially all of the assets, properties and rights of

Grace in the United States. Grace and Grace-Conn have 76 domestic subsidiaries and affiliates,

60 of which are debtors and debtors-in-possession in these chapter 11 cases and 71 foreign-

non-debtor subsidiaries and affiliates. Prior to the Petition Date, the Debtors' non-debtor foreign

subsidiaries and affiliates received credit support and loans for their operations from their

respective domestic parent companies.

7.      On April 22, 2001, the United States Trustee formed the Committee consisting of

the following members: J.P. Morgan Chase & Co., ABN AMRO Bank N.V., Bank of America,

N.A., The Bank of New York, as indenture Trustee, Bankers Trust Company, as indenture

Trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N.A., and Zhagrus

Environmental, Inc. During the first meeting of the Committee on April 22, 2001, the

Committee duly selected Stroock, Stroock & Lavan, LLP as its counsel to represent the

Committee in all matters during the pendency of the Debtors' chapter 11 cases.

8.      The Committee, thereafter, requested the assistance of William S. Katchen,

Esquire and Michael Lastowski, Esquire of Duane, Morris & Heckscher LLP,[2] with an office

located at 1100 North Market Street, Suite 1200, Wilmington, DE 19801, to act as local counsel

to the Committee during the pendency of the Debtors' chapter 11 cases.

---

[2] The law firm formerly known as Duane, Morris & Heckscher, LLP, is now known as
Duane Morris LLP.

## III. PROFESSIONAL SERVICES RENDERED

9.      Applicant is seeking compensation for services performed on behalf of or for the Committee, and not on behalf of any debtor, creditor or other person.

10.     Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received for services rendered in this case.

11.     In accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Administrative Order entered by the Court establishing the procedures for the allowance and payment of interim compensation and reimbursement of expenses for professionals, to assist the Court, the Debtor, the United States Trustee, the Official Committee of Unsecured Creditors and other parties in interest in evaluating this Application, the primary services performed by Applicant during the Compensation Period are summarized in Exhibit "A." This summary reflects the performance of certain services which were necessary and essential in assisting the Committee, all of which required the special attention, efforts and skill of the Applicant.

12.     During the Compensation Period, Applicant provided significant professional services to the Committee in connection with this chapter 11 case. These services included, among other things, assisting, advising and representing the Committee with respect to the following matters: (i) the administration of this case and the exercise of oversight with respect to the Committee; (ii) preparation and review on behalf of the Committee of applications, motions, memoranda, orders, reports and other legal papers; (iii) appearances in court and at meetings to represent the interests of the Committee; (iv) research and investigation; (v) communication with the Committee's constituents and others; and (vi) the performance of all of the Committee's

duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of

such other services as were in the interests of those represented by the Committee.

13.     In accordance with the Local Rules and the Administrative Order, a summary

sheet of the attorneys and their corresponding initials, billing rates, the number of hours incurred

by each, the services performed by each and a summary of the necessary disbursements incurred

is annexed hereto. Hourly rates reflect what Applicant generally charges its non-bankruptcy

clients for similar services.

14.     In accordance with the Local Rules and the Administrative Order, a computerized

printout of the Applicant's itemized time records and disbursements ("Time Records"),

necessarily incurred in the performance of Applicant's duties as co-counsel to the Committee, is

annexed hereto as Exhibit "B". The Applicant has ordered the entries in its Time Records into

various categories in accordance with the guidelines issued by the Office of the United States

Trustee.

15.     It is Applicant's policy to charge its clients in all areas of practice for identifiable

non-overhead expenses incurred in connection with the client's case that would not have been

incurred except for representation of that particular client. Applicant has photocopying

performed by an outside service whose rates range from $0.11 to $0.15 per page. Applicant

charges $.015 per page for internal printing and duplicating and $.95 per page for telecopy

services.

16.     Applicant has worked closely with the Debtor, the Committee, the Debtor's

advisors, and other professionals in the case to avoid unnecessary duplication of the services

charged to the Committee.

17.     A certification pursuant to Del. Bankr. LR 2016-2(f) is annexed hereto as

Exhibit "C".

## IV. CONCLUSION

18.     Applicant has necessarily and properly expended 42.30 hours of service in performance of its duties as counsel to the Committee during the Compensation Period. Accordingly, Applicant respectfully requests a fee allowance for professional services rendered in the amount of $13,454.50

19.     Applicant also respectfully requests reimbursement of disbursements actually and necessarily incurred in the amount of $776.18 during the Compensation Period.

20.     Although every effort has been made to include all fees and expenses incurred during the Compensation Period in this Application, some fees and expenses from the Compensation Period might not be included in the Application due to the delays caused by accounting and processing procedures. Applicant reserves the right to make further application to the Court for allowance of fees and expenses not included herein. As to fees and expenses incurred after February 28, 2002, Applicant will file subsequent fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the applicable local rules, the Administrative Order and any other procedures established by this Court.

**WHEREFORE**, Applicant respectfully requests an interim award of compensation for professional services rendered as counsel to the Committee during the Compensation Period in

the sum of $13,454.50, and reimbursement of disbursements actually and necessarily incurred in

the amount of $776.18 during the Compensation Period, and for such other and further relief as

this Court deems just and proper.

Dated: March 28, 2002

By: _Michael R. Lastowski_

Michael R. Lastowski (DE I.D. No. 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:     mlastowski@duanemorris.com

Co-Counsel to the Official Committee of Unsecured
Creditors