IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**SUMMARY OF THE VERIFIED APPLICATION OF STEPTOE & JOHNSON LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL TAX COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRD MONTHLY INTERIM PERIOD FROM SEPTEMBER 1, 2001 THROUGH SEPTEMBER 30, 2001, FOR THE QUARTER OF JULY - SEPTEMBER 2001**

| | |
|---|---|
| Name of Applicant: | Steptoe & Johnson LLP |
| Authorized to Provide Professional Services to: | W. R. Grace & Co., et al., Debtors and Debtors-in-Possession |
| Date of Retention: | Retention Order entered January 28, 2002, effective as of July 1, 2001. |
| Period for which compensation and reimbursement is sought: | September 1, 2001 through September 30, 2001 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $79,841.02 (-$50,000 paid) = 29,841.02 |

This is a **X** monthly **X** interim ___ final application.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The total time expended for the preparation of this application is approximately 8 hours, and the corresponding estimated compensation that will be requested in a future application is approximately $3,000.00.

This application, with the other applications described below that are being filed simultaneously with this application, is the first application for interim compensation of services filed by S&J.  Prior to the entry of the order of this Court dated January 28, 2002 S&J was compensated by the Debtor pursuant to the Court's Order of May 3, 2001 authorizing Debtors to pay professionals in the ordinary course of business. Pursuant to the Order of May 3, S&J was paid $50,000 for each of the periods July 1, 2001 through July 31, 2001 and for September 1, 2001 through September 30, 2001.  As a result, although the monthly applications now filed by S&J with this Court show fees and expenses of $60,677.72 and $79,841.02 for the months of July, 2001 and September, 2001, respectively, S&J is requesting reimbursement for the excess of those amounts over the $50,000 previously paid with respect to those months.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| Current | 7/1/01 – 7/31/01 | $57,542.50 | $3,135.22 | Pending | Pending |
| Current | 9/1/01 – 9/30/01 | $75,710.50 | $4,130.52 | Pending | Pending |
| Current | 11/1/01 – 11/30/01 | $28,941.00 | $638.26 | Pending | Pending |
| Current | 12/01/01 – 12/31/01 | $3,275.00 | $9.77 | Pending | Pending |

The applicable objection periods for the Fee Periods have not yet expired.

The S&J attorneys who rendered professional services in this case during the September 2001 Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of Years As an Attorney | Department | Hourly 2001 Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Arthur L. Bailey | Partner | Over 20 Yrs. | Tax | $445.00 | 45.00 | $20,025.00 |
| J. Walker Johnson | Partner | Over 20 Yrs. | Tax | $415.00 | 71.70 | $29,755.50 |
| Anne E. Moran | Partner | Over 20 Yrs. | Tax/Employee Benefits | $350.00 | 48.00 | $16,800.00 |
| Brian Kaufman | Associate | 7 Yrs. | Tax | $245.00 | 30.50 | $7,472.50 |

The other professionals and paraprofessionals of S&J who rendered professional services in this case during the September 2001 Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Catherine Wilkinson | Special Partner | Over 15 | Tax | $395 | .50 | $ 197.50 |
| Audrey Rupinta | Legal Asst. | 7 mos. | Support Services | $90 | 13.50 | $1,215.00 |
| S. H. McConville | Project Asst., | 6 mos. | Support Services | $70 | 3.50 | $ 245.00 |

Grand Total for Fees: $75,710.50

**Compensation by Matter**

| Matter Number | Matter | Total Hours | Total Fees Requested |
|---|---|---|---|
| 20 | Case Administration | 0 | 0 |
| 29 | File, Docket, Calendar Maintenance | 0 | 0 |
| 32 | S&J Fee Application, Preparation of | 4.90 | $ 1,715.00 |
| 38 | Retention of Professionals/Fees | 0 | 0 |
| 41 | Tax Matters | | |
| 42 | Travel | | $ 13,310.00 |
| 46 | IRS Tax Litigation | 174.80 | $ 60,685.50 |
| | Total | 212.70 | $75,710.50 |

Expense Summary – All expenses attributable to matter 46 unless otherwise indicated.

| Description | Amount |
|---|---|
| Telephone | $ 168.88 |
| Facsimile Charges | $ 28.75 |
| Copies – Matter 46 | $ 198.40 |
| Copies – Matter 32 | $0 |
| Overnight Delivery | $0 |
| Outside Messenger Service | $0 |
| Outside Copy | $0 |
| Postage | $0 |
| Court Reporter Fee/Deposition | $0 |
| Travel Meals - Matter 42 | $ 495.27 |
| Rental Car – Matter 42 | $ 301.74 |
| Airfare – Matter 42 | $ 361.50 |
| Taxi/Local Transportation – Matter 42 | $ 95.37 |
| Other Travel Expenses – Matter 42 | $ 60.95 |
| Computer Database Research | $1,049.27 |
| Library Document Procurement | $0 |
| Word Processing Overtime | $0 |
| Working Meals | $0 |
| Overtime Meals | $0 |
| Overtime Meals- Attorney | $0 |
| Overtime Transportation | $0 |
| Secretarial Overtime | $0 |
| Total | $4,130.52 |

A more detailed description of fees can be found at Exhibit A. A description of expenses can be found at Exhibit B.

As noted above, $50,000 of the total fees and expenses incurred for the month of September, 2001 was paid to S&J as fees and expenses incurred by professionals in the ordinary course of business pursuant to the May 3, 2001 order of this Court. As a result, the current request made for reimbursement from this Court for the month of September will equal the excess of that $50,000, or $79,841.02 - $50,000 or $29,841.02. For the interim period (prior to final authorization), S&J requests a reimbursement of $60,568.40 (80% of $75,710.50 of fees incurred) plus $4,130.52 of expenses, all minus $50,000, or $14,698.92.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**VERIFIED APPLICATION OF STEPTOE & JOHNSON LLP FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL TAX COUNSEL TO W. R. GRACE & CO., ET AL.,
FOR THE THIRD MONTHLY PERIOD FROM
SEPTEMBER 1, 2001, THROUGH SEPTEMBER 30, 2001,
<u>FOR THE QUARTER OF JULY – SEPTEMBER, 2001</u>**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Steptoe & Johnson LLP ("S&J"), special tax counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby applies for an allowance for (i) 80% of the amount of $75,710.50 for the reasonable and necessary legal services S&J has rendered to the Debtors and (ii) 100 % reimbursement for the actual and necessary expenses that S&J incurred in the amount

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C

of $4,130.52, minus $50,000 previously paid to S&J by the Debtor pursuant to the Court's order of May 3, 2001 authorizing Debtors to pay professionals in the ordinary course of business. (the "Application"), for the period from September 1, 2001, through September 30, 2001 (the "Fee Period"). In support of this Application, S&J respectfully states as follows:

**Retention of and Continuing Disinterestedness of Steptoe & Johnson LLP**

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated May 3, 2001, the Debtors were authorized to pay professionals (including S&J) for services rendered in the ordinary course of business.

3. By this Court's order dated January 28, 2002 ("Retention Order"), and effective July 1, 2001, the Debtors were authorized to compensate S&J as Special Tax Counsel at S&J's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court.

---

Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Doc. #1106527 v.01 03/27/02 12:49 PM

4. As disclosed in the following affidavits:

   a. Affidavit of Anne E. Moran Under 11 U.S.C. §327(e) (the "Original Affidavit"), dated May 16, 2001;

   b. Affidavit of Anne E. Moran (the "Second Affidavit"), in support of the Application of Debtors to Employ Steptoe & Johnson LLP as Special Tax Counsel, dated November 1, 2001;

   c. Supplemental Affidavit of Anne E. Moran in support of the Application of Debtors to Employ Steptoe & Johnson LLP as Special Tax Counsel, the "Supplemental Affidavit,"), dated January 10, 2002;

   d. Supplemental Affidavit of Anne E. Moran in Connection with Debtors' Employment of Steptoe & Johnson LLP as Special Tax Counsel to the Debtors, dated March 25, 2002.

S&J does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

5. S&J may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. S&J disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. S&J will update the Affidavits when necessary and when S&J becomes aware of material new information.

6. This, along with three other applications filed simultaneously, is the second interim monthly Application for interim compensation for services rendered for the period of July - September 2001, that S&J has filed with the Bankruptcy Court.

7. S&J has filed no quarterly applications for interim compensation.

- 3 -

Doc. #1106527 v.01 03/27/02 12:49 PM

## Reasonable and Necessary Services Rendered by Steptoe & Johnson LLP -- Generally

8. The S&J attorneys who rendered professional services in the Chapter 11 Cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of Years as an Attorney | Department | Hourly 2001 Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Arthur L. Bailey | Partner | Over 20 Yrs. | Tax | $ 445.00 | 18.20 | $ 8,099.00 |
| J. Walker Johnson | Partner | Over 20 Yrs. | Tax | $ 415.00 | 38.30 | $15,894.50 |
| Anne E. Moran | Partner | Over 20 Yrs. | Tax/Employee Benefits | $ 350.00 | 37.50 | $13,125.00 |
| Edward Froelich | Associate | 5 Yrs. | Tax | $ 280.00 | 2.00 | $ 560.00 |
| Brian Kaufman | Associate | 7 Yrs. | Tax | $ 245.00 | 63.80 | $ 15,631.00 |
| Susan Serling | Partner | Over 20 Yrs. | Tax | $ 415.00 | 10.20 | $ 4,233.00 |
|  |  |  |  |  | 170.00 |  |

9. The paraprofessionals of S&J who have rendered professional services in these cases during the Fee Period are

| Name of Professional Person | Position with the Applicant | Number of years in that position | Department | Hourly Billing Rate | Total billed hours | Total Compensation |
|---|---|---|---|---|---|---|
| Catherine Wilkinson | Special Partner | Over 15 Yrs. | Tax | $395 | .50 | $ 197.50 |
| Audrey Rupinta | Legal Asst. | 7 mos. | Support Services | $ 90 | 13.50 | $ 1,215.00 |
| S. H. McConville | Project Asst., | 6 mos. | Support Services | $ 70 | 3.50 | $ 245.00 |

Grand Total for Fees: $75,710.50

10. Steptoe & Johnson LLP has advised and represented the Debtors in connection with an IRS audit and potential IRS tax litigation with respect to the Debtors' previously claimed deductions for s corporate-owned life insurance policies ("COLI policies"). In this regard, S&J has responded to IRS inquiries, reviewed corporate documents, analyzed legal arguments, jurisdictional issues, and litigation strategies and has performed various other professional services that are described in this Application and Exhibits.

- 4 -

**11.** The rates described above are S&J's hourly rates for services of this type. Attached as <u>Exhibit A</u> is a detailed itemization and description of the services that S&J rendered during the Fee Period. <u>Exhibit A</u> (a) identifies the individuals that rendered services for the Debtors in connection with the COLI tax litigation, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Based on these rates and the services performed by each individual, the reasonable value of such services is $75,710.50. The S&J attorneys and paraprofessionals expended a total of 187.50 hours for these cases during the Fee Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the tax issues at hand, (b) the time expended, (c) the nature and extent of the services rendered, (d) the expertise of the attorneys involved, and the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

**12.** Further, <u>Exhibit B</u> provides a breakdown of fees incurred by Subject Matter. Since S&J's services to the Debtors are extremely specialized and focused on the tax treatment of their COLI policies and IRS litigation with respect thereto, all of S&J's fees and expenses are attributable to Subject Matter 46 (IRS Tax Litigation), unless otherwise indicated. Other Subject Matter categories used by S&J are primarily administrative, such as case administration, travel, and preparation of fee applications. If a Subject Matter does not appear, then S&J did not bill time for that Subject Matter during the Fee Period, but may bill time for that Subject Matter in the future.

**Reasonable and Necessary Services Rendered by Steptoe & Johnson LLP Categorized by Matter**

13.     The professional services that S&J rendered during the Fee Period are grouped into the numbered and titled categories of subject matters described herein (the "Subject Matter(s)").

14.     Matter 20 – Case Administration

(Fees: 0; Hours: 0)

This Subject Matter describes activities not described elsewhere under another subject matter related to, among other things, coordinating activities of the professional involved in the COLI tax litigation matter and organizing and maintaining the files of the Debtors in connection with this tax matter.

15.     Matter 32 – S&J Fee Application, Preparation of

(Fees: $1,715.00; Hours: 4.90)

This Subject matter includes activities in connection with S&J's preparation of its fee applications in accordance with the procedures and standards of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Orders of this Court, Del. Bankr. LR 2016-2 and the procedures promulgated by the U. S. Trustee for the District of Delaware. Because a number of S&J individuals provide services in this case, reviewing S&J's billing statement and preparing monthly and quarterly Fee Applications in compliance with the Bankruptcy Code, the amended local rules, and Orders of this Court, has become a time consuming process after S&J ceased to be paid as an ordinary course professional.

**16.**     Matter 42 – Travel

(Fees: $13,310; Hours: 33.00)

This Subject Matter includes non-working time spent traveling while representing the Debtors. Note that due to airport closings after September 11, three Steptoe lawyers traveled by car from Florida to Washington, DC on September 13, 2001. Each lawyer charged one-half of his non-working travel, or 8 hours, for the 16-hour trip.

**17.**     Matter 46 – Tax Litigation

(Fees: $60,685.50; Hours: 174.80)

This Subject Matter describes time spent on the review and analysis of legal issues and litigation strategies in connection with the IRS audit of the Debtors' deduction for interest on COLI policies. In includes activities related to the preliminary requirements for filing a tax litigation refund claim (i.e., filing of a protest with the IRS, administrative appeals, and administrative claim for refund) as well as research and analysis of the eventual litigation strategy for the Debtors.

**18.**     **Actual and Necessary Expenses**

It is S&J's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is S&J's policy to charge its clients only the amount actually incurred by S&J in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals, and lodging. With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate with allowances for class upgrades.

**19.** Steptoe & Johnson LLP charges: $0.20 per page for duplication; and (b) $1.15 per page for outgoing telecopier transmissions (plus related toll charges). Steptoe & Johnson LLP does not charge its clients for incoming telecopier transmissions. S&J does not charge clients for the use of certain electronic data-based services used by tax and other professionals. S&J does charge clients, including Debtors, standard rates for searching and printing charged by LEXIS and WESTLAW (with no mark-up to reflect the Firm's administrative and overhead expenses in connection with these services), with the rates dependent on the extent of the search. Fee-based legal research is used when the researcher determines that using such fee-based services is more cost effective than using either traditional (non-computer-based legal research) techniques or other subscription electronic services whose costs are not charged to the client.

**20.** A summary of expenses by type, as well as a detailed itemization and description of the disbursements made by S&J on the Debtors' behalf during the Fee Period is attached hereto as <u>Exhibit B</u>. All of these disbursements comprise the requested sum for S&J's out-of-pocket expenses, totaling $4,130.52. These disbursements are are all attributable to Subject Matter 46 (IRS Tax Litigation) unless otherwise indicated. Any missing Subject Matters merely indicate that no expenses were attributed to such Subject Matters during the Fee Period, although expenses may be attributable to such Subject Matters in the future.

**21.** **Representations**

S&J believes that the Application is in compliance with the requirements of Del. Bankr. LR 2016-2.

**22.** Steptoe & Johnson LLP performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

**23.** Except for an advance payment retainer of $50,000, described in the Supplemental Affidavit of Anne E. Moran dated March 25, 2002, which has not been applied against any fees or expenses incurred on behalf of the Debtors for any Fee Period, and except for the $50,000 paid to S&J for this Fee Period by the Debtors pursuant to this Court's order of May 3, 2001 authorizing Debtors to pay professionals in the ordinary course of business, S&J has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity to the Debtors for this Fee Period.

**24.** Pursuant to Fed. R. Bank. P. 2016(b), S&J has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of S&J or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

**25.** Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Steptoe & Johnson LLP reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

[Intentionally Left Blank]

WHEREFORE, subject to the succeeding sentence, S&J respectfully requests (a) that an allowance be made to it, as fully described above for the (i) 80% of the amount of $75,710.50 for reasonable and necessary professional services S&J has rendered to the Debtors during the Fee Period ($60,568.40) and (ii) 100 % of the reimbursement of actual and necessary costs and expenses incurred by S&J during the Fee Period ($4,130.52); (b) that both fees and expenses are payable as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.  Because S&J has already been paid $50,000 for these services, S&J respectfully requests that the Court approve the total amount of fees and expenses incurred for the Fee Period, but that payment for the interim period be $14,698.92 (this constitutes $60,568.40 (80% of fees) plus $4,130.52, all minus $50,000).  The additional 20% of fees ($11,011.58) would be paid upon final approval by the Court.

Dated: March 27, 2002

Respectfully submitted,

STEPTOE & JOHNSON LLP

*Anne E. Moran*
Anne E. Moran

1330 Connecticut Avenue NW
Washington DC 20036
202-429-6449