IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | * |
| | * Chapter 11 |
| W.R. GRACE & CO., et al., | * Case No. 01-1139 (JKF) |
| | * (Jointly Administered) |
| Debtors. | * |

**SUPPLEMENTAL FILING OF EDYTHE KELLOGG IN RESPONSE TO DEBTOR'S SUPPLEMENTAL FILING IN OPPOSITION TO HER MOTION TO ANNUL THE AUTOMATIC STAY (DOCKET NO. 1651)**

From the documents produced and the Supplemental Filing of the Debtor, it is apparent that Relief from the Stay will have no substantial effect on the Bankruptcy Estate as:

1. The entire amount of any judgment or settlement achieved in the personal injury action would be paid for by the insurance company.

2. The $250,000 "Deductible" is not a deductible in the ordinary sense of the word but a contractual duty of W. R. Grace & Co. to reimburse the insurance company for the first $250,000.

3. The $250,000 would be an unsecured claim of the insurance company against W. R. Grace & Co. That the insurance company has the security of a Letter of Credit does not make it a secured claim in the bankruptcy sense of the term since the claim is not secured by property of the Debtor but rather a line of credit.

4. If Bank of America, which issued the Letter of Credit in the amount of $2,190,000, pays the $250,000 reimbursement to the insurance company, this will merely result in an unsecured general claim by a party who chose to do business with the Debtor as opposed to a victim of a tort who did not choose to have any relationship with W. R. Grace & Co.

5. If the insurance company should choose to exercise its right of reimbursement against the Chase Manhattan Letter of Credit, such action will not create a new secured claim but rather will merely liquidate an unliquidated secured claim that existed before the Bankruptcy was filed.

Whatever assets of the Debtor are pledged as security for the Chase Letter of Credit are already pledged and cannot be used to pay general creditors until such time as its secured position is liquidated in amount. Accordingly, the liquidation of Mrs. Kellogg's claim will assist the Debtor in performing an operation that has to be done before the completion of the Bankruptcy in any event, i.e. liquidate the amount that Chase is secured for the $730,000 Letter of Credit.

6. The only party to benefit from the refusal of the Court to allow this action to proceed would be the insurance company who would be relieved of its obligation to pay this very large personal injury claim without any real benefit to the Bankruptcy Estate.

7. Nor would the refusal to grant relief from the stay accomplish anything other than delay. Mrs. Kellogg's claim would eventually have to be liquidated, the insurance company would still have to pay it and if a secured claim arose on the smaller Line of Credit, that secured claim would still have to be paid out of the assets of the Estate. Given the equities of the situation, it is much preferable to have her claim resolved now rather than many years from now, particularly given her age and medical condition.

BARROS, MCNAMARA, SCANLON,
MALKIEWICZ & TAYLOR, P.A.

BY: _____
PATRICK SCANLON
Bar I.D. #12
Attorneys for Edythe Kellogg
2 W. Loockerman Street
P.O. Box 1298
Dover, Delaware 19903

DATED: 4-15-02

P:\DWB\kellogg-supp-response