IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: May 3, 2002**
**Hearing Date: May 20, 2002 at 10:00 a.m.**

## MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN LEASES FOR REAL PROPERTY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this Motion (the "Motion") for entry of an Order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), authorizing the Debtors to assume and assign leases for real property. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for relief requested herein are sections 105(a), 363(b) and 365(a) of the Bankruptcy Code.

## Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. Prior to the filing of the Chapter 11 Cases, the Debtors owned and operated a business known as Handy City, which, along with several other of Debtors' businesses, was involved in the business of operating retail home improvement centers. One of Handy City's former stores is located at 4150 Lawrenceville Highway, Lilburn, Georgia (the "Premises"). The Debtors lease the Premises pursuant to that certain lease dated June 14, 1979 (as amended or modified from time to time, the "Prime Lease"), between the Debtors and T. J. Connolly, as successor in interest to Timothy J. Connolly, Albert M. Redd, Jr. and Wallace C. Mayne (the "Landlord").

5. The Debtors sublet a portion of the Premises to AutoZone Stores, Inc. pursuant to that certain sublease agreement dated July 17, 1992. AutoZone Stores, Inc. assigned its rights in the sublease to AutoZone Development Corporation ("AutoZone") by agreement

dated as of July 17, 1992 (the "AutoZone Sublease"). The Debtors sublet the balance of the Premises to Olympia Management pursuant to that certain sublease agreement dated September 20, 1999 (the "Olympia Management Sublease") (the AutoZone Sublease and the Olympia Management Sublease together, the "Subleases"). The Debtors are the sublessor under the Subleases pursuant to the Prime Lease.

6. Although the Debtors have sublet the entire Premises, the Debtors operate the property at a loss. The Debtors suffered a net operating loss of approximately $24,000 for 2001, and, assuming both Subleases remained in effect, the Debtors project that they will suffer an aggregate net operating loss of approximately $27,000 for the remaining current term under the Prime Lease, through January 31, 2006. In addition, the Debtors could be faced with a deferred maintenance obligation under the Prime Lease at the expiration of its term. Therefore, as a means of (i) mitigating these losses and (ii) limiting potential rejection damage claims against their estates, the Debtors approached the Landlord regarding an assignment of the Prime Lease and the Subleases (the Prime Lease and the Subleases shall be collectively referred to as the "Leases"). The Landlord has agreed to accept an assignment of the Leases pursuant to that certain assumption and assignment agreement (the "Assignment Agreement"), a copy of which is attached hereto as Exhibit A. Accordingly, the Debtors believe that it is in the best interests of their estates and creditors that the Leases are assumed and assigned in accordance with this Motion.

## Relief Requested

7. Pursuant to section 365 of the Bankruptcy Code, the Debtors request authority to assume and assign the Leases to the Landlord pursuant to the Assignment Agreement.

**Basis for Relief**

8.  Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). It is well established that the decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. See In re Taylor, 913 F.2d 102 (3d Cir. 1990); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36 (3d Cir. 1989). Additionally, pursuant to section 365(b)(1)(A) of the Bankruptcy Code "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee cures, or provides adequate assurance that the trustee will promptly cure such default." 11 U.S.C. 365 (b)(1)(A).

9.  Pursuant to the Debtors' books and records the Debtors do not believe that any cure amounts are owing related to the assumption of the Leases. Further, the assumption and assignment of the Leases will eliminate any potential rejection damages claims arising from the Debtors' rejection of either the Prime Lease or the Subleases. Additionally, pursuant to section 365(k) of the Bankruptcy Code, the Debtors will not be liable for any breach under the Leases that occurs or arises after the assumption and assignment of the Leases to the Landlord.

10. Section 365(f)(2) of the Bankruptcy Code sets forth two prerequisites for the assignment of a lease: (i) the lease is assumed in accordance with section 365 and (ii) the assignee of the lease provides adequate assurance of future performance. As the Debtors have demonstrated that assumption of the Leases satisfies the requirements of section 365 of the Bankruptcy Code and the Landlord, as assignee of the Leases, offers adequate assurance of

performance under the terms of the Leases as required by section 365(f)(2), assignment of the Leases by the Debtors to the Landlord is proper under section 365(f) of the Bankruptcy Code.

11.     Accordingly, the Debtors submit that the assumption and assignment of the Leases to the Landlord pursuant to the Assignment Agreement is in the best interest of the Debtors, their creditors and estates. As described above, the assumption and assignment of the Leases immediately limits the losses that must be borne by the Debtors. These losses are unwarranted and unnecessary, given that the Debtors do not need the use of the related premises.

## Conclusion

12.     In sum, by permitting the Debtors to assume and assign the Leases, the Debtors will relieve their estates of a long-term financial burden, thereby freeing additional moneys for the benefit of their estates and creditors as well as eliminating potential rejection damages claims. As a result, the Debtors have determined, in the exercise of their business judgment, that the assumption and assignment of the Leases is in the best interests of the Debtors' creditors and estates.

## Notice

13.     Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee, (v) the Landlord, AutoZone and Olympia Management and (vi) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Relief**

14.  No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto approving the assumption and assignment of the Leases to the Landlord pursuant to the Assignment Agreement and granting such other and further relief as is just and proper.

Dated: April 15, 2002

        KIRKLAND & ELLIS
        James H.M. Sprayregen, P.C.
        James W. Kapp III
        Christian J. Lane
        Roger J. Higgins
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

        */s/ David W. Carickhoff, Jr.*
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession