# EXHIBIT A

# THE ASSUMPTION AND ASSIGNMENT AGREEMENT

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made this 1st day of March, 2002, by and between W. R. GRACE & CO. – CONN., a Connecticut corporation having an address of 7500 Grace Drive, Columbia, Maryland 21044 ("Grace") and TIMOTHY J. CONNOLLY, an individual having an address at c/o Connolly Realty Services, Inc. 1505 Lakes Parkway, Suite 140, Lawrenceville, GA 30043 ("T. J. Connolly").

### WITNESSETH:

WHEREAS, by Lease dated June 14, 1979 (the "Lease"), Timothy J. Connolly, Albert M. Redd, Jr. and Wallace C. Mayne, as Landlord, leased to Grace (then known as W. R. Grace & Co.), as Tenant, those certain premises commonly known as 4150 Lawrenceville Highway, Lilburn, Georgia (the "Premises"), which Premises are more particularly described in the said Lease; and

WHEREAS the said Lease was amended by (i) letter dated June 29, 1979 from the Landlord thereunder to Grace, (ii) Second Amendment dated September 13, 1979 between Landlord and Grace, (iii) letter dated April 26, 1982 from the Landlord thereunder to Grace, and (iv) letter agreement dated July 29, 1993 (countersigned September 14, 1993) from the Landlord hereunder to Grace (the aforesaid Lease, as so amended, hereinafter the "Prime Lease"); and

WHEREAS T. J. Connolly is the successor in interest to Timothy J. Connolly, Albert M. Redd, Jr. and Wallace C. Mayne under the Prime Lease; and

WHEREAS, by Sublease dated July 17, 1992 between Grace, as Sublandlord, and AutoZone Stores, Inc., Grace subleased a portion of the Premises to AutoZone, Inc.; and

WHEREAS, by Assignment and Assumption of Lease dated as of July 17, 1992, AutoZone, Inc. assigned its rights and obligations under the aforesaid Sublease to AutoZone Development Corporation ("AutoZone") and AutoZone assumed such rights and obligations; and

WHEREAS, by Sublease Modification Agreement dated June 29, 2000 between Grace and AutoZone, Grace and AutoZone modified the terms of the aforesaid Sublease (the aforesaid Sublease, as so assigned and modified, hereinafter the "AutoZone Sublease"); and

WHEREAS, by Sublease dated September 20, 1999 between Grace, as Sublandlord, and Olympia Management, Grace subleased a portion of the Premises to Olympia Management, which Sublease was modified by First Amendment to Sublease

- 1 -

dated March 30, 2001 (the said Sublease, as so modified, hereinafter the "Olympia Management Sublease"); and

WHEREAS Grace filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date; and

WHEREAS Grace desires to assign to T. J. Connolly all of Grace's right, title and interest in and to the Prime Lease, the AutoZone Sublease, the Olympia Management Sublease, and the Premises, and T. J. Connolly desires to accept such assignment and assume the obligations of Grace thereunder, on the terms and conditions hereinafter set forth,

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, and the mutual covenants herein contained, the parties hereto hereby agree as follows:

1. <u>Assignment and Assumption; No Merger of Estates</u>.

   1.1. <u>Assignment</u>. Subject to the terms and conditions of Section 5 of this Agreement, Grace hereby assigns, sets over and transfers unto T. J. Connolly, to have and to hold from and after the Effective Date (as hereinafter defined), all of the right, title and interest of Grace in, to and under the Prime Lease and the leasehold estate created thereby, for the balance of the term of the Prime Lease, subject to the terms and conditions of the AutoZone Sublease and the Olympia Management Sublease, and all of the right, title and interest of Grace in, to and under the AutoZone Sublease and the Olympia Management Sublease, including, without limitation, all right, title and interest of Grace in, on or about the Premises, whether derivative of the Prime Lease or otherwise, and further including, without limitation, all personal property (if any) and/or real property of Grace in, on or about the Premises.

   1.2. <u>Assumption</u>. Subject to the terms and conditions of Section 5 of this Agreement, and in reliance upon an estoppel certificate executed by each of AutoZone and Olympia Management in favor of T. J. Connolly (together the "Estoppel Certificates"), T. J. Connolly hereby accepts such assignment and assumes the performance and observation of, and agrees to be bound by all of the terms, covenants, agreements, provisions and conditions of the Prime Lease, the AutoZone Sublease, and the Olympia Management Sublease on Grace's part to be performed and observed for the period from and after the Effective Date.

   1.3. <u>No Merger of Estates Under Prime Lease</u>. Notwithstanding the assignment of Grace's interest in the Prime Lease to T. J. Connolly, neither the Prime

-2-

Lease nor the leasehold estate created thereby shall merge with the fee title to any part of the Premises demised by the Prime Lease, and the leasehold estate and the fee simple estate shall always remain as two (2) separate and distinct estates for the balance of the term of the Prime Lease and any renewals thereof.

2. Prorations and Adjustments.

2.1 Customary Prorations. Grace and T. J. Connolly shall make all normal and customary prorations under the Prime Lease, the AutoZone Sublease, and the Olympia Management Sublease, including, without limitation, rents, real estate taxes, common area maintenance charges, and utility charges, such prorations to be made as of the Effective Date.

2.2. Security Deposit Under Olympia Management Sublease. Grace shall, upon the Effective Date, transfer the $15,000 security deposit held by Grace under the Olympia Management Sublease to T. J. Connolly.

2.3. Brokerage Commission Under Olympia Management Sublease. T. J. Connolly shall assume the obligation to pay the remaining installments of the brokerage commissions payable with respect to the Olympia Management Sublease which fall due after the Effective Date.

3. Grace Indemnification to T. J. Connolly. Grace hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold T. J. Connolly harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with Grace's failure to perform its obligations under the Prime Lease, the AutoZone Sublease, or the Olympia Management Sublease and/or with respect to Grace's ownership of the leasehold estate in the Premises arising or accruing prior to the Effective Date.

4. T. J. Connolly Indemnification to Grace. T. J. Connolly hereby unconditionally, absolutely and irrevocably agrees to indemnify and hold Grace harmless of, from and against any and all costs, claims, obligations, damages, penalties, causes of action, losses, injuries, liabilities and expenses, including, without limitation, reasonable attorneys' fees, arising by reason of or in connection with T. J. Connolly's failure to perform its obligations under the Prime Lease, the AutoZone Sublease, or the Olympia Management Sublease and/or with respect to T. J. Connolly's ownership of the leasehold estate in the Premises arising or accruing on and after the Effective Date.

5. Bankruptcy Court Approval. This Agreement shall not become effective unless approved by the Bankruptcy Court. Grace shall use its good faith diligent efforts to pursue Bankruptcy Court approval of this Agreement and the transaction which is the subject hereof. As used in the provisions of this Agreement, the "Effective Date" shall be the third business day following the date on which the order entered by the Bankruptcy Court authorizing and approving this Agreement and the

transaction which is the subject hereof (the "Bankruptcy Court Order") becomes final. The Bankruptcy Court Order shall not be deemed final until the time to appeal has expired without any appeal having been filed or as to which there has been no entry of any stay pending appeal prohibiting or preventing Grace from proceeding herewith. Either party shall have the right to terminate this Agreement, by notice to the other, if the Effective Date shall not have occurred on or before May 22, 2002.

      6. <u>Estoppel Certificates</u>. Grace hereby agrees to use its good faith diligent efforts to obtain from AutoZone and Olympia Management the Estoppel Certificates referred to in Section 1.2 hereinabove. In the event Grace is unsuccessful in obtaining and delivering the Estoppel Certificates by the date on which the Bankruptcy Court Order has been issued, T. J. Connolly shall have the right to terminate this Agreement by notice to Grace given within ten (10) days thereafter, whereupon both parties shall be relieved of all obligations hereunder. If T. J. Connolly does not exercise his right to terminate this Agreement, he shall be deemed to have waived his right to receive the Estoppel Certificates.

      7. <u>Miscellaneous</u>.

      7.1. <u>No Broker</u>. Grace and T. J. Connolly each warrants and represents to the other that no broker, agent or finder has been retained by it in connection with this Agreement or any transaction contemplated hereby, and each agrees to indemnify and hold the other harmless from all losses or claims based on or arising out of any assertion by any such party that it is entitled to any fee or compensation due to an agreement made by such party and the indemnitor in violation of the foregoing.

      7.2. <u>Counterparts</u>. This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.

      7.3. <u>Time of the Essence</u>. Time is of the essence with respect to all provisions of this Agreement.

      7.4. <u>Entire Agreement</u>. This Agreement constitutes the entire Agreement between the parties hereto with respect to the subject matter hereof, and supersedes any and all written or oral agreements with respect hereto. This Agreement may be amended or modified only by instrument signed by both of the parties hereto.

      7.5. <u>Rules of Construction</u>. Grace and T. J. Connolly have each been represented by legal counsel in the preparation of this Agreement, and the rule of construction that documents be construed against the drafter shall not apply to this Agreement.

      7.6. <u>Governing Law</u>. The parties agree that the Bankruptcy Court has exclusive jurisdiction to enforce the provisions of this Agreement and to decide any

claims or disputes which may arise or result from or be connected with this Agreement, any breach or default hereunder, or the transaction contemplated thereby.

       IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as a sealed instrument as of the day and year first above written.

            W. R. GRACE & CO. – CONN.

By: _____
       Akos L. Nagy
       Director of Real Estate and
       Authorized Representative

_____
TIMOTHY J. CONNOLLY

Consented to by:
WACHOVIA BANK OF
GEORGIA, N.A.

By: _____
Name: C. Robert Carter II
Title: VP

- 5 -