IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: May 3, 2002**
**Hearing Date: May 20, 2002 at 10:00 a.m.**

## APPLICATION OF THE DEBTORS PURSUANT TO FED. R. BANKR. P. 2014(A) FOR THE ENTRY OF AN ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF BANKRUPTCY MANAGEMENT CORPORATION AS CLAIMS RECONCILIATION AND SOLICITATION CONSULTANT *NUNC PRO TUNC*

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned attorneys, hereby apply (the "Application") for the entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the retention of Bankruptcy Management Corporation ("BMC") as claims reconciliation and solicitation consultant (the "Claims Consultant") for the Debtors *nunc pro*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:44839.1

*tunc* to the Execution Date (as hereinafter defined). In support of this Application, the Debtors respectfully state as follows:

### **Jurisdiction**

1.  This Court has jurisdiction over this Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code.

### **Background**

3.  On April 2, 2001, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.  These Chapter 11 Cases were prompted by the mass of asbestos lawsuits and claims asserted against the Debtors, coupled with recent increases in settlement demands. Currently, the Debtors have tens of thousands of asbestos personal injury lawsuits and claims pending against their estates.

5.  The Debtors anticipate the number of proofs of claim filed in these Chapter 11 Cases will be in the tens of thousands. Additionally, the Debtors have submitted three proof of claim forms designed to compile information regarding the claimant's exposure to asbestos, existence of co-obligors and the nature and extent of claimant's injuries or illness. Therefore, considering the

significant volume of claims and claim information expected in the Chapter 11 Cases, the retention of BMC is necessary for the efficient reconciliation of the claims.

### Relief Requested

6.  Pursuant to sections 327(a) of the Bankruptcy Code and in the interest of judicial economy and the efficient administration of the Debtors' estates, the Debtors request that the Court authorize the retention of BMC as Claims Consultant for the Debtors *nunc pro tunc* to the Execution Date (as hereinafter defined).

7.  BMC has the necessary experience to properly coordinate and supervise the reconciliation of a large volume of proofs of claim in these Chapter 11 Cases. The Debtors submit that the appointment of BMC (i) will help assure the orderly administration of the Debtors' estates and (ii) is consistent with the practices employed in other complex cases. See In re Armstrong World Industries, Inc., Case No. 00-4471 (JJF) (Bankr. D. Del. 2000); In re Celotex Corp., Case No. 90-10016-8BI (M.D. Fla Tampa Div. 1996); see also In re Babcock & Wilcox, Case No. 00-10992 (Bankr. E. La. 1999) (JRB).

### Scope of Services

8.  BMC will provide such services as BMC and the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of the Chapter 11 Cases, including but not limited to the following:

    a.  Assistance with noticing, reconciliation and solicitation requirements as required by the Bankruptcy Rules;

    b.  Management of the claims noticing process including coordination among assigned agents;

    c.  Management and performance of reconciliation and resolution of claims;

91100-001\DOCS_DE:44839.1

  d. Act as information and tabulation agent in connection with the solicitation and confirmation of any proposed plan;

  e. Preparation of reports, exhibits, and schedules for use by Debtors or to be delivered to the Court, the Clerk of the U.S. Bankruptcy Court, the Office of the U.S. Trustee, Debtors' counsel or third parties;

  f. Provision of other technical and document management services as requested; and

  g. Other such activities that may arise during the claims reconciliation process

9. BMC shall undertake any other actions and procedures that may be reasonably required in connection with claims reconciliation, information management, technical and document management support and noticing services in the Chapter 11 Cases. BMC will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

## Statement of Disinterestedness

10. To the best of the Debtor's knowledge, information and belief, BMC does not represent any interest adverse to the Debtors or their estates with respect to the services to be performed by BMC described herein. See the Affidavit of Sean Allen, President of Bankruptcy Management Corporation, attached as Exhibit A hereto. BMC qualifies as a disinterested person pursuant to section 101(14) of the Bankruptcy Code and as required by section 327(a).

## Terms of Retention

11. Attached as Exhibit B hereto is the compensation agreement between the Debtors and BMC (the "BMC Services Agreement") dated as of April 4, 2002 (the "Execution Date"). The Debtors believe that the fees to be charged by BMC are well within the range of reasonableness considering the services to be rendered in such a large and complex case.

91100-001\DOCS_DE:44839.1

12.     BMC will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001.

13.     Therefore, for the reasons set forth herein, the Debtors request that the Court approve the retention of BMC in these Chapter 11 Cases.

## Notice

14.     Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

91100-001\DOCS_DE:44839.1

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing the Debtors' retention of BMC to perform claims reconciliation and solicitation services and granting such other relief as the Court deems just and proper.

Dated: April 15, 2002

    KIRKLAND & ELLIS
    James H.M. Sprayregen
    James W. Kapp III
    Christian J. Lane
    Roger J. Higgins
    200 East Randolph Drive
    Chicago, Illinois 60601
    (312) 861-2000

    and

    PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

    */s/ David W. Carickhoff*
    Laura Davis Jones (#2436)
    David W. Carickhoff, Jr. (#3715)
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, Delaware 19899-8705 (Courier 19801)
    (302) 652-4100

    Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:44839.1