IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. _____ |

**ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
BANKRUPTCY MANAGEMENT CORPORATION AS CLAIMS RECONCILIATION
AND SOLICITATION CONSULTANT NUNC PRO TUNC**

Upon consideration of the application (the "Application") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for the entry of an order authorizing the Debtors to employ and retain Bankruptcy Management Corporation ("BMC") to perform claims reconciliation, information management, technical and document management support and noticing services for the Debtors, and upon the affidavit of Sean Allen (the "Affidavit"); and the Court being satisfied, based on the representations made in the Application and Affidavit, that BMC represents no interest adverse to the Debtors' estates with respect to the matters

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:44838.1

upon which they are to be engaged, that BMC is a "disinterested person" as that term is defined under section 104(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of BMC is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted, *nunc pro tunc* to the Execution Date; and it is further

ORDERED that BMC will provide such services as BMC and the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of the Chapter 11 Cases, including but not limited to the following:

- a. Assistance with noticing, reconciliation and solicitation requirements as required by the Bankruptcy Rules;

- b. Management of the claims noticing process including coordination among assigned agents;

- c. Management and performance of reconciliation and resolution of claims;

- d. Act as information and tabulation agent in connection with the solicitation and confirmation of any proposed plan;

- e. Preparation of reports, exhibits, and schedules for use by Debtors or to be delivered to the Court, the Clerk of the U.S. Bankruptcy Court, the Office of the U.S. Trustee, Debtors' counsel or third parties;

- f. Provision of other technical and document management services as requested; and

- g. Other such activities that may arise during the claims reconciliation process; and it is further

91100-001\DOCS_DE:44838.1

ORDERED that, BMC shall undertake any other actions and procedures that may be reasonably required in connection with claims reconciliation, information management, technical and document management support and noticing services in the Chapter 11 Cases; and it is further

ORDERED that, BMC will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters relating to the implementation of this Order.

Dated: _____, 2002

                                                The Honorable Judith K. Fitzgerald
                                                United States Bankruptcy Judge