IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: May 3, 2002**
**Hearing Date: May 20, 2002 at 10:00 a.m.**

## AMENDED APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328 AND FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS AUDITORS AND TAX CONSULTANTS TO THE DEBTORS AND DEBTORS IN POSSESSION NUNC PRO TUNC TO NOVEMBER 11, 2001

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this amended application (the "Amended Application") for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bankr. P. 2014(a), 2016 and 5002 authorizing the employment and retention of PricewaterhouseCoopers LLP ("PwC") as auditors and tax consultants to the Debtors nunc pro tunc to 60 days prior to the date of the Original Application Date (as

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

hereinafter defined), November, 11, 2001. In support of this Amended Application, the Debtors state as follows:[2]

## Jurisdiction

1.      The Court has jurisdiction over this Amended Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this Amended Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a).

## Background

2.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these Chapter 11 Cases filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3.      On January 10, 2002 (the "Original Application Date"), Debtors submitted an application for the entry of an order (i) approving the payment of professional fees and expenses pursuant to section 503(b) of the Bankruptcy Code and (ii) authorizing the employment and retention of PwC in the ordinary course of business, as independent accountants and auditors to the Debtors. The Debtors sought this relief, as opposed to an order authorizing retention under section 327 of the Bankruptcy Code, because of a potential conflict of interest relating to the

---

[2]    The facts and circumstances supporting this Motion are set forth in the Affidavit of David B. Siegel, Senior Vice President and General Counsel of W. R. Grace & Co., in Support of First Day Motions, filed on the Petition Date.

liquidation of one of the Debtors' foreign subsidiaries. Specifically, by way of an agreement dated February 9, 1998, W.R. Grace & Co. -Conn. ("Grace-Conn.") agreed, among other things, to indemnify Colin Graham Bird and Anthony Victor Lomas (both partners in PwC) against claims brought against them in connection with the voluntary liquidation of Chasmbridge Limited (the "Chasmbridge Liquidation"), a United Kingdom subsidiary of Grace-Conn. The United States Trusee (the "Trustee") filed its objection to the Debtors' application on January 30, 2002.

4.      Negotiations between PwC and the Debtors had been ongoing to resolve this potential conflict. Recently, PwC agreed to waive any and all claims for indemnity against the Debtors related to the Chasmbridge Liquidation. Therefore, Debtors now seek to retain PwC as auditors and tax consultants under sections 327 and 328 of the Bankruptcy Code and to withdraw without prejudice their request to retain PwC as Ordinary Course Professionals. The Debtors believe this Amended Application should resolve the Trustee's concerns about retaining PwC on a going forward basis in their Chapter 11 Cases.

### Relief Requested

5.      By this Amended Application, the Debtors seek to employ and retain PwC pursuant to section 327 and 328 of the Bankruptcy Code during the Chapter 11 Cases, as more fully described below.

6.      The Debtors' management believes that PwC is well qualified to act on their behalf, given their extensive knowledge and expertise in audit services as well as their familiarity with the Debtors' operations.

7.      Such auditing services are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. PwC has indicated a willingness to act on behalf of the Debtors and to subject itself to the jurisdiction and supervision of the Court.

**PwC's Disinterestedness**

8.     To the best of the Debtors' knowledge, and as disclosed herein on the affidavit of W. Larry Farmer, a partner in PwC, attached hereto as Exhibit A (the "Farmer Affidavit"), (a) PwC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which PwC is to be employed and (b) PwC has no connection to the Debtors, their creditors or their related parties herein except as disclosed in the Farmer Affidavit.

9.     PwC will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new facts or relationships are discovered, PwC will supplement its disclosure to the Court.

**Scope of Services**

10.     PwC will provide such auditing services as PwC and the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of the Chapter 11 Cases, including but not limited to the following:

    a.     **Audit Services**.

        i.     Audit the financial statements of the Debtors as may be required from time to time, and advise and assist in the preparation and filing of financial statements and disclosure documents required by the Securities and Exchange Commission including Forms 10-K and 10-Q as required by applicable law or as requested by the Debtors;

        ii.     Audit any benefit plans as may be required by the Department of Labor or the Employee Retirement Income Security Act, as amended;

        iii.     Review the unaudited quarterly financial statements of the Debtors as required by applicable law or as requested by the Debtors; and

        iv.     Perform other audit-related services for the Debtors as may be necessary or desirable.

    b.    **Tax Services**.

        i.     Assist the Debtors in preparing for and undergoing existing and future IRS examinations relating to prior tax work performed by PwC; and

        ii.    Rendering any and all other tax assistance as may be requested from time to time.

11.    PwC, at the request of the Debtors, also may render additional related support deemed appropriate and necessary to the benefits of the Debtors' estates. The audit and tax services enumerated above are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. The Debtors believe that PwC's audit and tax services will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals may provide to the Debtors in the Chapter 11 Cases. PwC will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

## Terms of Retention

12.    PwC has agreed to provide audit services to the Debtors pursuant to a fixed fee arrangement. PwC's fees in connection with this engagement will be based upon the estimated time that PwC will necessarily spend in providing its audit services to the Debtors. The fixed fee for the 2001 audit of the Debtors' financial statements is $700,000, which was reviewed with the Audit Committee of the Debtors' Board of Directors, and approved in July of 2001. In addition, PwC audits certain benefit plans sponsored by the Debtors. The 2001 fixed fees associated with such audits, in the aggregate, are $100,000, but the Debtors are reimbursed for such fees by the specific benefit plan trust. PwC had also agreed to provide the Debtors with tax compliance services for a fixed fee of $25,000 per month under an agreement which expired

in October of 2001. These compliance services included assistance with any reviews of the

Debtors' tax returns instituted by the Internal Revenue Service. Although the Debtors'

management now performs most tax compliance matters in-house, the Debtors may request that

PwC perform certain tax compliance matters in the future. In the event the Debtors request PwC

perform any tax related services, it is anticipated by the parties that such services would be

performed upon terms similar to those set forth in the October, 2001 agreement, or upon such

other terms as the parties may agree. These fees are adjusted from time to time.

13.    PwC's fees in connection with certain additional tax services will be based

upon the time that PwC necessarily spends in providing its tax services to the Debtors, multiplied

by its hourly rates. The normal hourly rates charged by PwC personnel are as follows:

a.    Partner/Managing Director – $490-$575;

b.    Director/Manager – $325-$515;

c.    Sr. Associate/Associate – $165-$325;

d.    Administrative/Paraprofessional – $75-$140.

These hourly rates are adjusted from time to time.

14.    PwC will seek compensation and reimbursement of expenses in

accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local

Bankruptcy Rules and any orders of this Court, including without limitation, the Administrative

Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Professionals and Official Committee Members, dated May

3, 2001, effective as of April 2, 2001. Pursuant to section 328(a) of the Bankruptcy Code,

however, the Court may not allow PwC's compensation on terms different from those described

herein unless such compensation "prove[s] to have been improvident in light of developments

not capable of being anticipated at the time" this Amended Application was originally approved. 11 U.S.C. § 328(a).

16. PwC will maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services

16. PwC has received $250,000 in retainers for services related to the Chapter 11 Cases and has been paid $506,029.56 for prepetition services rendered related to preparations for the filing of the Chapter 11 Cases. The payments have been applied to outstanding balances for prepetition services related to the filing of the bankruptcy petitions. The Debtors have agreed that any portion of the retainer not used to compensate PwC for its prepetition services and expenses ultimately will be used by PwC to apply against its postpetition billings and will not be placed in a separate account.

17. As of the date hereof, PwC is currently owed (i) $700,000[3] related to its audit services and (ii) $200,000[4] for its tax services for the period from the Original Application Date through the date hereof (the "Fee Period") and $54,012.77 for its actual and necessary expenses incurred while rendering such services during the Fee Period. Notwithstanding anything to the contrary contained herein, PwC reserves the right to seek compensation for these services in accordance with the Bankruptcy Code (including, without limitation, sections 327, 328 and 503), the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court.

---

[3] In accordance with the terms of its retention with the Debtors, PwC is reimbursed for audit and review services of the Debtors' consolidated financial statements based upon a fixed annual fee of $700,000. PwC's request for reimbursement herein of $700,000 reflects the completion of the 2001 audit.

[4] In accordance with the terms of its retention with the Debtors, PwC is reimbursed for its tax compliance services based upon a fixed monthly fee of $25,000 per month. The tax compliance retention agreement between the parties expired, however, in October of 2001. PwC is also reimbursed by the Debtors for its tax consulting services. PwC's fees for tax compliance and consulting services provided to the Debtors incurred since the Petition Date are estimated to be $200,000 ($175,000 compliance and $25,000 consulting).

## Notice

18.    Notice of this Amended Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

19.    No prior Motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of PwC as auditors and tax consultants pursuant to the terms of the PwC Agreement nunc pro tunc to November 11, 2001; and grant such further relief as is just and proper.

Dated:  April 15, 2002

> KIRKLAND & ELLIS
> James H.M. Sprayregen, P.C.
> James W. Kapp III
> Christian J. Lane
> Roger J. Higgins
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
>
> Laura Davis Jones (Bar No. 2436)
> David W. Carickhoff, Jr. (Bar No. 3715)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile:  (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession