UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : |  |
|  | : | Chapter 11 |
| W.R. GRACE & CO., *et al.* | : |  |
|  | : | Case Number 01-1139 (JKF) |
| Debtors | : |  |
|  | : | (Jointly Administered) |

Hearing Date: April 22, 2002 at 10:00 am

**UNITED STATES TRUSTEE'S STATEMENT IN SUPPORT OF, AND REQUESTING SUPPLEMENTATION OF, MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO CORRECT THE COURT'S ORDER TRANSFERRING CERTAIN ASBESTOS PERSONAL INJURY CLAIM MATTERS TO THE HONORABLE ALFRED M. WOLIN, D.N.J. (Dkt. No. 1902)**

DONALD F. WALTON, Acting United States Trustee for Region 3 (the "UST"), by undersigned counsel, submits the following Statement in support of the Motion of the Official Committee of Asbestos Personal Injury Claimants to Correct the Court's Order Transferring Certain Asbestos Personal Injury Claim Matters to the Honorable Alfred M. Wolin, D.N.J. (the "Motion"), and requesting supplementation of the relief sought thereby to add to the transferred record the UST's pleading filed with respect to the underlying motion at issue. In support hereof the UST says as follows:

1. Initially, the UST did not take a position as to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (D.I. 902) (the "Case Management Motion").

2. However, certain statements in the Debtors' Proposed Omnibus Reply to various objections to the Case Management Motion (D.I. 1106, later amended at D.I. 1666), which the UST received on November 13, 2001 (the "Proposed Reply"), raised issues for the first time that

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : |  |
|  | : | Chapter 11 |
| W.R. GRACE & CO., *et al.* | : |  |
|  | : | Case Number 01-1139 (JKF) |
| Debtors | : |  |
|  | : | (Jointly Administered) |

Hearing Date: April 22, 2002 at 10:00 am

**UNITED STATES TRUSTEE'S STATEMENT IN SUPPORT OF, AND REQUESTING SUPPLEMENTATION OF, MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO CORRECT THE COURT'S ORDER TRANSFERRING CERTAIN ASBESTOS PERSONAL INJURY CLAIM MATTERS TO THE HONORABLE ALFRED M. WOLIN, D.N.J. (Dkt. No. 1902)**

DONALD F. WALTON, Acting United States Trustee for Region 3 (the "UST"), by undersigned counsel, submits the following Statement in support of the Motion of the Official Committee of Asbestos Personal Injury Claimants to Correct the Court's Order Transferring Certain Asbestos Personal Injury Claim Matters to the Honorable Alfred M. Wolin, D.N.J. (the "Motion"), and requesting supplementation of the relief sought thereby to add to the transferred record the UST's pleading filed with respect to the underlying motion at issue. In support hereof the UST says as follows:

1. Initially, the UST did not take a position as to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and Approval of the Notice Program (D.I. 902) (the "Case Management Motion").

2. However, certain statements in the Debtors' Proposed Omnibus Reply to various objections to the Case Management Motion (D.I. 1106, later amended at D.I. 1666), which the UST received on November 13, 2001 (the "Proposed Reply"), raised issues for the first time that

impact upon the UST's statutory duties and responsibilities pursuant, *inter alia*, to 11 U.S.C. § 1102(a) and 28 U.S.C. § 586(a)(3)(E).

3. As a result, the UST filed and served on November 19, 2001, the United States Trustee's Statement With Respect to the Debtors' Motion for Entry of Case Management Order, Establishment of a Bar Date, Approval of Proof Of Claim Forms and Approval of Notice Program (the "UST Response"), which is docketed at D.I. 1308.

4. For reasons that have never been explained, the UST Response has never been included in any of the agenda letters submitted by Debtors with respect to the various dates on which the Case Management Motion has been calendared but not heard.

5. The UST Response was not included in the listing of pleadings with respect to the Case Management Motion transferred to the Honorable Alfred M. Wolin by this Court's Order of March 15, 2002 (the "Transfer Order") which is the subject of the instant Motion. The UST believes that the omission of the UST Response from the Transfer Order is inadvertent and stems from the Debtor's failure to acknowledge the UST Response in its previous agenda letters on the Case Management Order.

6. The UST supports the Motion and further requests, in order to ensure that a complete record is transmitted to Judge Wolin, that the relief requested in the Motion be supplemented by including the UST Response, D.I. 1308, among the items transferred.

WHEREFORE the UST requests that this Court issue an order granting the Motion as supplemented hereby.

                              Respectfully submitted,

                              **DONALD F. WALTON**
                              **ACTING UNITED STATES TRUSTEE**

Dated: April 18, 2002        BY:   **/s/ Frank J. Perch, III**
                                          Frank J. Perch III, Esquire
                                          Trial Attorney
                                          J. Caleb Boggs Federal Building
                                          844 King Street, Suite 2313, Lockbox 35
                                          Wilmington, DE 19801
                                          (302) 573-6491
                                          (302) 573-6497 (Fax)