IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AMENDED ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING REVISED PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* at the direction of the Court. This Order amends the *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee*

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Members* entered by this Court on May 3, 2001 (Docket No. 198) (the "Existing Administrative Order")[2] and establishes revised procedures by which professionals specifically retained pursuant to an order of the Court in these chapter 11 cases (each a "Professional" and collectively, the "Professionals") may seek the interim payment of compensation and reimbursement of expenses and official committee members (the "Committee Members") may seek the reimbursement of expenses (the "Revised Compensation Procedures").

NOW THEREFORE, IT IS HEREBY:

ORDERED that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it is further

ORDERED that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it is further

ORDERED that just cause exists for the relief granted herein; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all Professionals in these chapter 11 cases shall seek interim payment of compensation and reimbursement of expenses in accordance with the following Revised Compensation Procedures:

A. No earlier than the 28th day of each month (the "Fee Filing Date") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation shall file with the Court a summary of its monthly fee application (a "Summary"), substantially in the form as Local Form 101 – Fee Application Cover

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Existing Administrative Order.

Sheet, together with its monthly invoice that shall include a fee and expense detail that describes the fees and expenses incurred by such Professional in detail (a "Fee Detail" and together with the Summary, a "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. The relevant objection deadline shall be placed in the caption of the Summary. A copy of the Monthly Fee Application shall be served upon:

a) the Debtors, via hard copy to 7500 Grace Drive, Columbia, MD 21044, Attn: David B. Siegel, Senior Vice President and General Counsel, and via e-mail in PDF format to william.sparks@grace.com ;

b) co-counsel for the Debtors, James H.M. Sprayregen, Esq., Kirkland & Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax 312-861-2200), and Laura Davis Jones, Esq., Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax 302-652-4400) via e-mail in PDF format to james_kapp@chicago.kirkland.com and dcarickhoff@pszyj.com ;

c) co-counsel to the debtor-in-possession lender, J. Douglas Bacon, Esq., Latham & Watkins, Sears Tower, Suite 5800, Chicago, IL 60606 (fax 312-993-9767), and Steven M. Yoder, Esq., The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899 (fax 302-658-6395) via e-mail in PDF format to syoder@bayardfirm.com ; david.heller@lw.com and carol.hennessey@lw.com ;

d) Counsel to the Committees (when and if appointed by the United States Trustee), including those already appointed consisting of: (A) counsel for the Official Committee of Unsecured Creditors, Lewis Kruger, Esq., Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (fax 212-806-6006), and Michael R. Lastowski, Esq., Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246

(fax 302-657-4901); (B) counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L. Baena, Esq., Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph, Esq., Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899 (fax 302-575-1714); (C) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esq., Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, NY 10022 (fax 212-644-6755), and Matthew G. Zaleski, III, Esq., Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street, Suite 1500, Wilmington, DE 19801 (fax 302-426-9947); and (D) the Official Committee of Equity Holders, Philip Bentley, Esq., Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Teresa K.D. Currier, Esq., Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, Wilmington, DE 19801 (fax 302-552-4295), via e-mail in PDF format to rserrette@stroock.com , mlastowski@duanemorris.com , jsakalo@bilzin.com , ttacconelli@ferryjoseph.com , pvnl@capdale.com , mgz@del.camlev.com , pbentley@kramerlevin.com , currier@klettrooney.com , and jwaxman@klettrooney.com ;

e) the fee auditor (the "Fee Auditor") via hard copy to Warren H. Smith, Warren H. Smith and Associates, 900 Jackson Street, 120 Founders Square, Dallas, TX 75202 and via e-mail in an electronic format such as Excel, Microsoft Word, or WordPerfect, but not in PDF format to whsmith@whsmithlaw.com ;[3]

f) the Office of the United States Trustee, via hard copy to Frank J. Perch, Esq., 844 King Street, Suite 2311, Wilmington, DE 19801 (collectively, the "Notice Parties").

B. Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to review the Monthly Fee Application and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional shall file or cause to be filed a certificate with the Court stating whether any objection(s) has been filed with the

[3] If a Professional cannot reasonably convert its Fee Detail to one of the three electronic formats set forth in subparagraph "e", the Fee Auditor will work with such Professional to find an appropriate electronic format.

Court relative to that Professional's Monthly Fee Application, after which the Debtors are authorized and required to pay each Professional an amount (the "Actual Interim Payment") equal to:

a) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment"), if no objections have been filed, or

b) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph C below, if an objection has been filed.

C. If any Notice Party objects to the Monthly Fee Application of a Professional (the "Affected Professional"), it must file with the Court on or before the Objection Deadline a written statement of its objection, setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (collectively, the "Objection") and serve the Objection on the Affected Professional and each of the Notice Parties. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve an Objection within 20 days after the service of the Objection, the Affected Professional may either:

a) file its response to the Objection with the Court together with a request for the payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the Affected Professional (the "Incremental Amount") or request a hearing of the Court; or

b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if so requested by the parties.

D. Professionals may submit their respective Monthly Fee Applications under the Revised Compensation Procedures with respect to any monthly period as to which they heretofore have not filed Monthly Fee Applications, and such Monthly Fee Applications shall be governed by the Revised Compensation Procedures. With respect to each Monthly Fee Application filed prior to the entry of this Order, such Monthly Fee Applications shall be governed by the procedures set forth in the Existing Administrative Order.

E. Professionals shall provide a copy of all Monthly Fee Applications filed prior to the date hereof, to the Fee Auditor within fifteen (15) business days of the entry of this Order via hard copy and shall provide all relevant Fee Details via e-mail in an electronic format such as Excel, Microsoft Word, or WordPerfect, but not in PDF format to whsmith@whsmithlaw.com within fifteen (15) business days of the entry of this Order.[4]

F. Beginning with the three-month period commencing on January 1, 2002 and ending on March 31, 2002, and at three-month intervals thereafter (each, an "Interim Fee Period"), each Professional shall file with the Court and serve via hard copy on the Notice Parties within 45 days of the end of such Interim Fee Period a request (a "Quarterly Fee Application") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such Interim Fee Period. The Quarterly Fee Application must include a summary of the Monthly Fee Applications that are the subject of the request, a

[4] If a Professional cannot reasonably convert its Fee Detail to one of the three electronic formats set forth in subparagraph "E", the Fee Auditor will work with such Professional to find an appropriate electronic format.

cumulative summary of fees by project category, a cumulative summary of expenses by category, and any other information required by the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") or requested by the Court.

G. Quarterly Fee Applications covering the Interim Fee Period of January 1, 2002 through and including March 31, 2002, and each Interim Fee Period thereafter, and any Quarterly Fee Application covering an Interim Fee Period prior to January 1, 2002 but not yet filed as of the entry of this Order shall be governed by the Revised Compensation Procedures. Any Professional that fails to file a Quarterly Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Revised Compensation Procedures until such time as the Professional submits an appropriate Quarterly Fee Application.

H. With respect to any Quarterly Fee Applications filed prior to the entry of this Order covering the quarterly periods prior to January 1, 2002, such Quarterly Fee Applications shall be governed by the Existing Administrative Order.

I. Professionals shall serve a copy of all Quarterly Fee Applications filed prior to the entry of this Order on the Fee Auditor within fifteen (15) business days of the entry of this Order (*i.e.*, the date that this Order is both signed and docketed by the Court) via hard copy and shall provide all relevant Fee Details via e-mail in an electronic format such as Excel, Microsoft Word, or WordPerfect, but not in PDF format to whsmith@whsmithlaw.com within fifteen (15) business days of the entry of this Order.[5] The Fee Auditor shall review such

[5] If a Professional cannot reasonably convert its Fee Detail to one of the three electronic formats set forth in subparagraph "I", the Fee Auditor will work with such Professional to find an appropriate electronic format.

Quarterly Fee Applications within one hundred twenty (120) days following the Fee Auditor's receipt of such Quarterly Fee Applications.

J. The Debtors shall request that the Court schedule a hearing on the pending Quarterly Fee Applications every three months. The Quarterly Fee Application hearings previously scheduled for 2002 have been revised to occur as follows: August 26, 2002 at 10:00 a.m. Eastern Time (for Quarterly Fee Applications covering the Interim Fee Period of January 1, 2002 through March 31, 2002), September 23, 2002 at 10:00 a.m. Eastern Time (for Quarterly Fee Applications covering the Interim Fee Periods prior to January 1, 2002), and November 25, 2002 at 10:00 a.m. Eastern Time (for Quarterly Fee Applications covering the Interim Fee Period of April 1, 2002 through June 30, 2002).

K. The pendency of an Objection to a Monthly Fee Application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Revised Compensation Procedures; and it is further

ORDERED that neither (1) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Revised Compensation Procedures nor (2) the filing of or the failure to file an Objection will bind any party in interest or bind the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals; and it is further

deleted 4/17/02

ORDERED that all fees and expenses paid to Professionals under the Revised Compensation Procedures are subject to disgorgement until final allowance by the Court; and it is further

ORDERED that pursuant to the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business, dated May 3, 2001 (the "OCP Order"), professionals that are retained and employed in the ordinary course of the Debtors' business, whose fees and disbursements exceed the cap(s) contained in the OCP Order, shall seek payment of compensation and reimbursement of expenses in accordance with the Revised Compensation Procedures. Payments made to the ordinary course professionals in accordance with the Revised Compensation Procedures shall not be included in the calculation of the total amount of payments to ordinary course professionals in any given month and will not be included in the quarterly accounting filed with the Court and served on the Notice Parties reporting on payments to ordinary course professionals; and it is further

ORDERED that each member of any Committee (when and if appointed) be permitted to submit statements of expenses (including individual Committee Member's counsel expenses, but excluding such counsel's fees) and supporting vouchers to counsel to any such Committee, which shall collect and submit the Committee Members' requests for reimbursement in accordance with the Revised Compensation Procedures; and it is further

ORDERED that notice of the Monthly Fee Applications shall be served only on the Notice Parties as set forth in subparagraph "A" of this Order; and it is further

ORDERED that notice of Quarterly Fee Applications and final fee applications shall be served on the Notice Parties and all parties that have filed a request for such documents pursuant to Bankruptcy Rule 2002. The Notice Parties shall be entitled to receive both the

Quarterly Fee Applications and final fee applications and the notice of hearing thereon (the "Hearing Notice"), and all other parties entitled to notice shall be entitled to receive only the Hearing Notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules. Any party that fails to timely object to a properly noticed Quarterly Fee Application shall be prohibited from objecting to any amounts sought that were previously approved by this Court pursuant to such Quarterly Fee Application; and it is further

ORDERED that all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that the Debtors shall include in their monthly operating reports all payments to Professionals in accordance with the Revised Compensation Procedures detailed so as to state the amount paid to each of the Professionals; and it is further

ORDERED that the Existing Administrative Order is amended and superseded to the extent expressly provided herein. To the extent that the Existing Administrative Order is not so amended and superseded, such order shall remain in full force and effect; and it is further

Ordered that the fee auditor shall file, at least one week prior to the fee hearings, (*)

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order. (**)

Dated: 4/17, 2002.

JK Fitzgerald
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

(*) a spreadsheet showing all fees & expenses paid, by category, to each professional and committee member, in each quarterly period and cumulatively; and further

(**) Note the deletion of a paragraph on page 8 of this Order.

**MOVANT SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES IN INTEREST AND FILE PROOF OF SERVICE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TEN (10) DAYS HEREOF**