*Re agenda #3*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Bench Filed on 4/22/02

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Re: Docket No. 1538 |
| Debtors. | ) | (Jointly Administered) |

### STIPULATION AND AGREED ORDER RESOLVING THE MOTION OF GENERAL ELECTRIC CAPITAL CORPORATION

This STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and General Electric Capital Corporation ("GE Capital"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of that certain Motion (the "Motion") of GE Capital to Compel Assumption Or Rejection Of Unexpired Lease And For Post-Petition Lease Payments; and the Bankruptcy Court being further advised of the following:

A. On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B.   On January 23, 2002, GE Capital filed the Motion requesting that the Court compel the Debtors to assume or reject those certain unexpired Lease Agreements dated June 26, 2000 and January 29, 1998, described in the Motion (collectively, the "Leases") and to comply with the debtors' obligations under 11 USC § 365(d)(10); and

C.   The Debtors and GE Capital agree that the Debtors are current post-petition with respect to the Debtors' obligations arising under the Leases and $2,901.12 is currently past due and owing pre-petition by the Debtors under the Leases as of the date hereof; and

D.   The Debtors and GE Capital agree that the vehicles leased to the Debtors pursuant to the Leases are necessary to the Debtors' ongoing operations;

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.   The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.   The Debtors shall be deemed to have assumed the Leases as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, GE Capital, or the Court.

3.   Within ten (10) days of the date the Court executes this Stipulation and Agreed Order, the Debtors will pay the sum of $2,901.12 to GE Capital (the "Cure Payment"). Accordingly, GE Capital waives its right to make demand for payment of any amount, other than

the Cure Payment, arising prior to the date of this Stipulation and Agreed Order related to the Debtors' obligations arising under Leases, and upon payment of the Cure Amount, the Debtors shall be deemed to have fully satisfied all claims for cure which may have been asserted by GE Capital pursuant to 11 USC § 365 of the Bankruptcy Code.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

5. This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: Wilmington, Delaware
        4/22 , 2002

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

W. R. GRACE & CO. and its debtor affiliates

_____
By: David W. Carickhoff, Jr.
Pachulski, Stang, Ziehl, Young & Jones P.C.
Their: Attorney
Dated: April __, 2002

GENERAL ELECTRIC CAPITAL CORPORATION

_____
By: Kevin J. Mangan
Walsh Monzack and Monaco, P.A.
Its: Attorney
Dated: April 10, 2002

MOVANT SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES IN INTEREST AND FILE PROOF OF SERVICE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TEN (10) DAYS HEREOF.

3