IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
In re:                                                 :    Chapter 11
                                                       :    Case No. 01-01139 et seq.
                                                       :
W. R. GRACE & CO., et al.,                             :    Jointly Administered
                                                       :
                       Debtors,                        :
                                                       :
------------------------------------------------------ x
OFFICIAL COMMITTEE OF ASBESTOS                         :
PERSONAL INJURY CLAIMANTS et al.                       :
                                                       :
                       Plaintiffs                      :
                       vs.                             :    Adv. No. 02-2210
                                                       :    LEAD DOCKET
SEALED AIR CORPORATION, et al.,                        :
                                                       :
                       Defendants,                     :
------------------------------------------------------ x
OFFICIAL COMMITTEE OF ASBESTOS                         :
PERSONAL INJURY CLAIMANTS et al.                       :    Adv. No. 02-2211
                                                       :
                       Plaintiffs                      :
                       vs.                             :
                                                       :
FRESENIUS MEDICAL CARE HOLDINGS                        :    Affects Dockets 02-2210 and 02-2211
  INC., et al.,                                        :
                                                       :
                       Defendants.                     :
------------------------------------------------------ x
```

## RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO DEBTORS' MOTION TO INTERVENE

The Official Committee of Equity Security Holders (the "Equity Committee") of W.R.

Grace & Co. (the "Debtor") hereby supports the Debtor's motion to intervene in the above-

captioned adversary proceedings.

1.      Bankruptcy Code Section 1109(b) expressly provides that any "party in interest, including the debtor, . . . a creditors' committee [or] an equity security holders committee . . ., may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. §1109(b). The Third Circuit has unequivocally and repeatedly held that this provision gives debtors and official committees the <u>absolute</u> right to intervene in adversary proceedings related to the bankruptcy case, as well as in contested matters. <u>See</u> <u>In re Marin Motor Oil, Inc.</u>, 689 F.2d 445 (3d Cir. 1982); <u>Phar-Mor Inc. v. Coopers & Lybrand</u>, 22 F.3d 1228 (3d Cir. 1994); <u>see also</u> <u>United States v. State St. Bank & Trust Co. (In re Scott Cable Comms.)</u>, 2002 Bankr. LEXIS 183 (Bankr. D. Del., March 3, 2002).[1]

2.      In the face of this settled and controlling authority, the principal argument advanced by the two Asbestos Committees -- that the Debtor's intervention would serve no purpose because the Asbestos Committees supposedly already represent the estate's interests adequately -- is simply beside the point. The Debtor's right to intervene is absolute, regardless of what effects it will have.

3.      In any event, it is clear in the present case that the Debtor's intervention serves a valuable, indeed crucial, function. The Asbestos Committees' overriding interest is to maximize recovery to asbestos claimants, by obtaining as high a valuation as possible of the Debtor's asbestos liabilities. In direct contrast, the Debtor, its stockholders and all creditors other than asbestos claimants share an interest in seeking to ensure that the Debtor's asbestos liabilities are

---

[1] Pursuant to D.Del.L.R. 7.1.3(a)(G), a copy of the decision is attached hereto as Exhibit "<u>A</u>."

not valued at excessive amounts. The Debtor's intervention will help ensure that this vital

interest is represented in these two adversary proceedings.

### Conclusion

For the reasons set forth above, the Equity Committee urges the Court to grant the

Debtor's motion to intervene.

Dated: April 30, 2002

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By: _____

Teresa K. D. Currier (ID No. 3080)
Jeffrey R. Waxman (ID No. 4159)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware  19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gary M. Becker
919 Third Avenue
New York, New York  10022
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

Attorneys for the Official Committee of
Equity Security Holders