**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | |
| | : | Chapter 11 |
| W.R. GRACE & CO., *et al.* | : | |
| | : | Case Number 01-1139 (JKF) |
| Debtors | : | |
| | : | (Jointly Administered) |

Hearing Date: May 20, 2002 at 10:00 a.m.
Objection Deadline: May 3, 2002 at 4:00 p.m.

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' AMENDED APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS AUDITORS AND TAX CONSULTANTS NUNC PRO TUNC TO NOVEMBER 11, 2001 (Docket No. 1934)**

In support of his Objection to the Amended Application of the Debtors for an Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants Nunc Pro Tunc to November 11, 2001 (the "Amended Application"), Donald F. Walton, the Acting United States Trustee (UST) for Region 3, by undersigned counsel, avers:

**INTRODUCTION**

1. This Court has jurisdiction to hear the above-captioned Objection.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-captioned Objection.

4. On or about January 10, 2002, Debtor filed an application (the "First Application"), seeking (i) authority to pay PricewaterhouseCoopers LLC ("PwC") for certain fees and expenses incurred from inception of the case to date and (ii) retention of PwC as accountants and auditors for the Debtors going forward.

5. The First Application admitted PwC has a conflict. *See* First Application at ¶ 6 and accompanying Affidavit at ¶¶ 4-6. Thus, PwC admitted that it does not meet the standard of "disinterested person" for purposes of sections 101(14) and 327 of the Code.

6. PwC had knowledge of the conflict since before the commencement of the case. *See* Affidavit accompanying the First Application at ¶¶ 4-6. Nevertheless, PwC did not disclose the conflict for nearly ten months.

7. In the First Application, PwC rendered services while they had a conflict, and therefore were not retained and could not have been retained, and that the conflict then still existed. Nevertheless, they asked to be paid anyway.

8. In the First Application PwC asked the Court to overlook their conflict on the basis that (i) they can get paid anyway under section 503(b)(3) or 503(b)(1) of the Bankruptcy Code, and (ii) they are not professionals with respect to the work they propose to do going forward. Both of these positions are wholly contrary to the plain language of the Code and to settled law in this Circuit and elsewhere. PwC's arguments in the First Application are not supported by any pertinent authority and border on the frivolous.

9. On January 30, 2002, the UST filed an objection and an amended objection to the First Application.

10. Debtor and PwC took the First Application off calendar twice and then, in late March 2002, more than two months after it was filed, advised the UST that they would not be going forward with the First Application, but that they had "resolved" the conflict and would seek to retain PwC on a going-forward basis.

11.     As the Amended Application indicates, PwC's lack of disinterestedness arose from an indemnity agreement between one of the Debtors and PwC relating to a liquidation matter in the United Kingdom.  *See* Amended Application at ¶3.

12.     The Application indicates at ¶ 4 that "recently" PwC agreed to waive its indemnity claim against the Debtors.  The Affidavit of Larry Farmer attached to the Amended Application recites that "as of the date hereof," which is April 15, 2002, the indemnity claim has been waived.

13.     Notwithstanding the sworn statement of Mr. Farmer that the indemnity agreement was waived effective April 15, 2002, PwC seeks retention nunc pro tunc to November 15, 2001. The Amended Application is devoid of any evidence supporting a finding that PwC was disinterested at any time prior to April 15, 2002.

14.     PwC's request for nunc pro tunc employment is directly contrary to controlling Third Circuit authority.  In *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 105 (3d Cir. 1988), the Court of Appeals enunciated a two part test for approving nunc pro tunc retentions: first, the applicant must have been disinterested and thus capable of being retained as of the proposed retroactive date, and second, the applicant must show extraordinary circumstances justifying the delay.

15.     Neither prong of *F/S Airlease* is satisfied here.  PwC admits in the Amended Application that it was not disinterested prior to April 15, 2001.  Thus, it could not have been retained prior to that date.  Additionally, PwC advances no colorable reason for the five month delay from the proposed effective date of the retention.  The filing of the First Application, which

PwC has tacitly admitted was baseless by withdrawing it, should not be allowed as a justification. It merely served to waste time and money of the parties and the Court.

16. Provided that PwC and Debtors confirm that the waiver of the indemnity claim is final, complete and unconditional, and provided further, to implement a letter agreement between the UST and Debtor's counsel, that any retention order provide that the retention order does not constitute approval of or any finding or evidence regarding PwC's entitlement to any compensation for services prior to April 15, 2002, the UST would not object to an appropriate order authorizing the retention of PwC as of April 15, 2002.

WHEREFORE the UST requests that this Court issue an order denying the Application, or allowing the Application only on a modified basis consistent herewith, and/or granting such other relief that this Court deems appropriate.

Respectfully submitted,

**DONALD F. WALTON**
**ACTING UNITED STATES TRUSTEE**

Dated: May 3, 2002        BY:    /s/ Frank J. Perch, III
                                                Frank J. Perch III, Esquire
                                                Trial Attorney
                                                J. Caleb Boggs Federal Building
                                                844 King Street, Suite 2313, Lockbox 35
                                                Wilmington, DE 19801
                                                (302) 573-6491
                                                (302) 573-6497 (Fax)