IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
|  | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al. | ) ) |  |
| Debtors. | ) ) |  |
|  | ) ) | Hearing Date: TBD |
| _____ | ) ) | **Ref: Docket No. 1963** |

**MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR LEAVE TO APPEAL ORDER AS TO ALL NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAGE CLAIMS, AND MEDICAL MONITORING CLAIMS: (I) ESTABLISHING BAR DATE, (II) APPROVING PROOF OF CLAIM FORMS AND (III) APPROVING NOTICE PROGRAM [Docket No. 1963]**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), by and through its undersigned counsel, pursuant to 28 U.S.C. §158(a)(3) and Fed.R.Bankr.P. (the "Bankruptcy Rules") 8003, moves for leave to appeal the Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program [Docket No. 1963] (the "Bar Date Order") and in support thereof states:

**STATEMENT OF FACTS**

1. On April 1, 2001, the Debtors commenced these chapter 11 cases by filing their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On April 12, 2001, the Office of the United States Trustee (the "UST") appointed the PD Committee, the Official Committee of Unsecured Creditors and the Official Committee of Asbestos Claimants.

3. On June 27, 2001, as revised on February 12, 2002, the Debtors, pursuant to Bankruptcy Rule 8003, filed a Motion (the "Bar Date Motion") for (i) entry of case management, (ii) establishment of Bar Dates, (iii) approval of proof of claim forms, and (iv) approval of the notice program, all as more fully set forth in the Bar Date Motion.

4. The Bar Date Motion was heard by the Bankruptcy Court on April 22, 2002. On April 25, 2002, the Bar Date Order was entered granting the Bar Date Motion and establishing March 31, 2003 as the date by which all traditional asbestos property damage claims ("PD Claims") must be filed.[1] Significantly, there is no bar date order which applies to other asbestos claimants, including asbestos personal injury claimants ("PI Claimants") or Zonolite Attic Insulation claimants.

5. Additionally, the Bar Date Order requires that all holders of PD Claims ("PD Claimants") file a proof of claim (the "PD Proof of Claim Form") that substantially exceeds an Official Form 10.

**STATEMENT OF QUESTIONS PRESENTED AND RELIEF SOUGHT**

6. The questions to be presented upon appeal are:

   a. Whether the Bankruptcy Court erred in issuing the Bar Date Order in light of the fact that no bar date order has been issued in respect of other asbestos claimants; and

   b. Whether the PD Proof of Claim Form exceeds permissible bounds.

---

[1] A copy of the Bar Date Order is attached as Exhibit 1 hereto.
\74817\15537\ # 566220 v 2

7. The relief sought by the PD Committee is the issuance of an order vacating the Bar Date Order as follows:

    a. to the extent that it imposes a bar date on PD Claimants before the determination by the District Court of whether a bar date will be required for all asbestos claimants; and

    b. to the extent that it requires the PD Proof of Claim Form.

## REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED

8. Pursuant to 28 U.S.C. §158(a), final orders of a bankruptcy court are subject to mandatory review. Interlocutory orders, however, are subject to the discretion of the federal district court and may be heard "with leave of court" as provided in 28 U.S.C. §158(a)(3). Bankruptcy Rule 8003 directs a putative appellant in the manner in which a motion for leave to appeal is to be filed.

9. Neither the Bankruptcy Code nor the Bankruptcy Rules set forth the applicable standard for leave to appeal an interlocutory order by a federal district court. Some courts look to 28 U.S.C. §1292(b) -- the statute governing appeals from the district courts to the courts of appeals -- for guidance. See In re Delaware and Hudson Ry. Co., 96 B.R. 472 (D. Del. 1989), aff'd, 884 F.2d 1383 (3rd Cir. 1989); See also First Am. Bank of New York v. Southwest Gloves, 64 B.R. 963 (D. Del. 1986); In re Hooker Investments, Inc., 122 B.R. 659 (S.D.N.Y. 1991). Section 1292(b) permits appeal where the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

10. The Bar Date Order meets the requirements of Section 1292(b).

11. By imposing a bar date on PD Claimants, without a corresponding bar date applicable to other asbestos claimants, the Bar Date Order treats PD Claimants differently than other asbestos claimants by subjecting their claims to a rigorous proof of claim process within an inordinately short period of time to file proofs of claim while, for example, the claims of PI Claimants are subject of mere conjecture. As a consequence, by example, collectively, PI Claimants may attain economic advantage by the sheer size of the speculated value of their claims. There is no justification for this disparate treatment; to the extent that a bar date is not required of other asbestos claimants, it should not be imposed upon PD Claimants.

12. The Bar Date Order is also subject to interlocutory appeal as the PD Proof of Claim Form required by the Order impermissibly exceeds the requirements of applicable law. The PD Proof of Claim Form is overly burdensome, unduly complex and designed solely to support the Debtors' stated objections to all PD Claims. Contrary to the purpose of Official Form 10 which is to facilitate the filing of claims, the PD Proof of Claim Form may likely have the opposite result and discourage the filing of PD Claims.

## **CONCLUSION**

WHEREFORE, the PD Committee respectfully requests that pursuant to 28 U.S.C. §158(a)(3) and Bankruptcy Rule 8003, the District Court grant leave to appeal the Bar Date Order.

BILZIN SUMBERG DUNN BAENA
PRICE & AXELROD LLP

Scott L. Baena (admitted pro hac vice)
Jay M. Sakalo (admitted pro hac vice)
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
(305) 374-7580

-and-

FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

/s/ Theodore J. Tacconelli
Michael B. Joseph
(Del. Bar No. 392)
Theodore J. Tacconelli
(Del. Bar No. 2678)

Counsel for the Official Committee of Asbestos Property Damage Claimants

Dated: May 6, 2002

\74817\15537\ # 566220 v 2