# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **W. R. GRACE & CO., et al.,**[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| **Debtors.** ) | |
| ) | Objection Deadline: June 3, 2002 at 4:00 p.m. |
| ) | Hearing Date: August 26, 2002 at 10:00 a.m. |

**THIRD QUARTERLY INTERIM VERIFIED APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2002 THROUGH MARCH 31, 2002**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## SUMMARY OF THE THIRD QUARTERLY INTERIM VERIFIED APPLICATION OF REED SMITH LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ASBESTOS PRODUCTS LIABILITY DEFENSE COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2002 THROUGH MARCH 31, 2002

| | |
|---|---|
| Name of Applicant: | **Reed Smith LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered July 19, 2001, effective as of April 2, 2001.** |
| Period for which compensation and reimbursement is sought: | **January 1, 2002 through March 31, 2002** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$363,701.50** |

This is a: ___ monthly  x  quarterly application.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| November 27, 2001 | 10/1 - 10/31/01 | $229,036.50 | $10,314.97 | Yes | Yes |
| December 26, 2001 | 11/1 - 11/30/01 | $216,703.50 | $22,667.19 | Yes | Yes |
| January 30, 2002 | 12/1 - 12/31/01 | $152,288.00 | $43,025.11 | Yes | Yes |
| March 1, 2002 | 1/1 – 1/31/02 | $152,389.50 | $45,525.87 | Yes | Yes |
| March 28, 2002 | 2/1 – 2/28/02 | $115,694.50 | $39,388.59 | Yes | Yes |
| May 2, 2002 | 3/1 – 3/31/02 | $95,617.50 | $49,224.63 | pending | Pending |

Reed Smith has filed certificates of no objection with the Court with respect to the above Applications because no objections were filed with the Court within the objection period.

The Reed Smith attorneys who rendered professional services in these cases during the Fee Period are:[2]

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| James J. Restivo, Jr. | Partner | 30 Years | Litigation | $380.00 | 28.10 | $12,083.00 |
| Lawrence E. Flatley | Partner | 26 Years | Litigation | $340.00 | 67.80 | $27,120.00 |
| Douglas E. Cameron | Partner | 17 Years | Litigation | $325.00 | 169.70 | $65,334.50 |
| Andrew J. Trevelise | Partner | 22 Years | Litigation | $325.00 | 7.40 | $2,664.00 |
| James W. Bentz | Partner | 13 Years | Litigation | $260.00 | 64.75 | $19,425.00 |
| Stephen J. DelSole | Associate | 7 Years | Litigation | $250.00 | 9.20 | $2,530.00 |
| Traci Sands Rea | Associate | 6 Years | Litigation | $240.00 | 6.10 | $1,616.50 |
| Richard Keuler | Associate | 3 Years | Litigation | $240.00 | .40 | $96.00 |
| Patricia E. Antezana | Associate | 2 Years | Litigation | $180.00 | 2.70 | $540.00 |
| Jayme L. Butcher | Associate | 1 Year | New Assoc. | $180.00 | 117.20 | $21,682.00 |
| Scott M. Cindrich | Associate | 1 Year | New Assoc. | $180.00 | 207.70 | $38,424.50 |
| Bryan C. Devine | Associate | 1 Year | New Assoc. | $180.00 | 112.80 | $20,868.00 |
| Jeffrey A. McDaniel | Associate | 1 Year | New Assoc. | $180.00 | 1.10 | $203.50 |

---

[2] Any capitalized terms not defined herein have the meaning ascribed to them in the Third Quarterly Interim Verified Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002.

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Andrew J. Muha | Associate | 1 Year | New Assoc. | $180.00 | 181.70 | $33,614.50 |
| Lisa D. DeMarchi | Associate | 1 Year | New Assoc. | $180.00 | 55.10 | $10,193.50 |

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| M. Susan Haines | Paralegal | 28 Years | Litigation | $135.00 | 139.40 | $20,910.00 |
| Maureen L. Atkinson | Paralegal | 25 Years | Litigation | $110.00 | 253.10 | $30,372.00 |
| John B. Lord | Paralegal | 9 Years | Litigation | $130.00 | 15.80 | $2,291.00 |
| Valerie Slade | Paralegal | 18 Years | Litigation | $130.00 | 71.10 | $9,243.00 |
| Janet L. Cleversy | Paralegal | 10 Years | Litigation | $120.00 | 188.40 | $22,608.00 |
| Melody A. Jones | Paralegal | 7 Years | Litigation | $125.00 | 173.30 | $21,662.50 |
| Karen Hindman | Lit. Support | 2 Years | Litigation | $110.00 | 2.00 | $220.00 |

Total Fees:  $363,701.50

Expense Summary

| Description | Amount |
|---|---|
| Telephone Expense | $ 370.05 |
| Telephone Expense - Outside | 734.40 |
| Duplicating/Printing | 1,630.55 |
| Duplicating – Outside | 1,020.26 |
| Documentation Charge | 239.98 |
| Postage Expense | 92.56 |
| Courier Service | 452.35 |
| Express Mail Service | 120.00 |
| Secretarial Overtime | 3,525.00 |
| Lodging | 14.960.20 |
| Transportation | 361.00 |
| Air Travel Expense | 19,986.47 |
| Rail Travel Expense | 1,966.00 |
| Taxi Expense | 1,576.44 |
| Mileage Expense | 453.13 |
| Travel Meals | 3,025.79 |
| General Expenses (including Document Scanning) | 83,624.91 |
| Total | $134,139.09 |

Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Reed Smith LLP ("Applicant" or "Reed Smith"), Special Asbestos Products Liability Defense Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $363,701.50 for the reasonable and necessary legal services Reed Smith has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Reed Smith has incurred in the amount of $134,139.09 (the "Third Quarterly Fee Application"), for the interim quarterly period from January 1, 2002, through March 31, 2002 (the "Fee Period"). In support of this Application, Reed Smith respectfully states as follows:

## Background

### Retention of Reed Smith

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated July 19, 2001, the Debtors were authorized to retain Reed Smith as Special Asbestos Products Liability Defense Counsel, effective as of the Petition Date, (the "Retention Order"). The Retention Order authorizes the Debtors to compensate Reed Smith at Reed Smith's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in

accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court. On May 3, 2001, this Court entered the Interim Compensation Order pursuant to which this Fee Application is being filed.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the third Quarterly Fee Application for compensation for services rendered that Reed Smith has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of the Petition Date through March 31, 2002, encompassing the months of January through March 2002.

6. Reed Smith has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   1. Verified Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the Seventh Monthly Interim Period From January 1, 2002 Through January 31, 2002, filed March 1, 2002, (the "January Fee Application") attached hereto as Exhibit A.

   2. Verified Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the Eighth Monthly Interim Period From February 1, 2002 Through February 28, 2002, filed March 28, 2002, (the "February Fee Application") attached hereto as Exhibit B.

   3. Verified Application of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses as Special Asbestos Products Liability Defense Counsel to Debtors, for the Ninth Monthly Interim Period From March 1, 2002 Through March 31, 2001, filed May 2, 2002, (the "March Fee Application") attached hereto as Exhibit C (collectively, the January Application, the February Application and the March Application are the "Applications").

7. The periods for objecting to the fees and expense reimbursement requested in the January and February Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested in the January and February Fee Applications. The period for objecting to the fees and expense reimbursement requested in the March Fee Application has not yet expired.

-4-

8.  Reed Smith has advised and represented the Debtors in connection with the Asbestos Products Liability Actions and has performed various professional services that are described in the Applications.

### Requested Relief

9.  By this Third Quarterly Fee Application, Reed Smith requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Reed Smith for the Fee Period, which is from January 1, 2002, through March 31, 2002, as detailed in the Applications, less any amounts previously paid to Reed Smith pursuant to the Applications and the procedures set forth in the Interim Compensation Order.[2] As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

### Disinterestedness

10. As disclosed in the Affidavit of James J. Restivo, Jr. in Support of the Application of the Debtors to employ Reed Smith LLP as Special Defense Counsel for the Debtors in Asbestos Product Liability Actions, (the "Restivo Affidavit"), filed July 2, 2001, Reed Smith does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is

---

[2] Reed Smith reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the January through March 2002 period that are not otherwise included in the relevant Applications.

defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11. Reed Smith may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Reed Smith disclosed in the Restivo Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Reed Smith will update the Restivo Affidavit when necessary and when Reed Smith becomes aware of any material new information.

## Representations

12. Reed Smith believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13. Reed Smith performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14. During the Fee Period, Reed Smith has received no payment, nor has it received any promises for payment, from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15. Pursuant to Fed. R. Bank. P. 2016(b), Reed Smith has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Reed Smith, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Reed Smith reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, Reed Smith respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, January 1, 2002, through March 31, 2002, an administrative allowance be made to Reed Smith in the sum of (i) $363,701.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $134,139.09 for reimbursement of actual and necessary costs and expenses incurred, for a total of $497,840.59, (b) that the Debtors be authorized and directed to pay to Reed Smith the outstanding amount of such sums less any sums previously paid to Reed Smith pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Wilmington, Delaware  
Dated: May 9, 2002

Respectfully submitted,

/s/ Richard A. Keuler, Jr.  
Richard A. Keuler, Jr., Esquire (No. 4108)  
1201 Market Street, Suite 1500  
Wilmington, DE  19801  
Telephone:  (302) 778-7500  
Facsimile:  (302) 778-7575  
Rkeuler@reedsmith.com  
    and  
James J. Restivo, Jr.  
Lawrence E. Flatley  
Douglas E. Cameron  
435 Sixth Avenue  
Pittsburgh, PA  15219  
Telephone:  412.288.3131  
Facsimile:  412-288-3063

Special Asbestos Products Liability Defense Counsel