IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AMENDED NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON MAY 20, 2002 AT 10:00 A.M.[2]

### CONTINUED MATTERS

1. *Complaint for Declaratory Judgment and Turnover of Non-Estate Property by MCNIC Pipeline & Processing Company against W.R. Grace & Co.-Conn. (Docket No. 1003)*

    **Related Documents:** None.

    **Response Deadline:** December 13, 2001 (extended for the Debtors to May 31, 2002)

    **Responses Received:** None as of the date of this Agenda Notice.

    **Status:** This matter is continued to the June 18, 2002 omnibus hearing.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] For the Court's convenience, to extent that any items on this Amended Agenda Notice were not included on the Final Agenda Notice, or to the extent that any status of a matter has changed from the Final Agenda Notice, the Debtors have set forth such changes in boldface type.

91100-001\DOCS_DE:46670.1
05/14/02 10:09 AM

## STATUS CONFERENCE

2. *Plaintiff's Motion for Preliminary Injunction [filed by W. R. Grace & Co.-Conn.] (Adv. Pro. No. 02-2013, Docket No. 3)*

   **Related Documents:**

   a. [Proposed] Order Granting Preliminary Injunction (Adv. Pro. No. 02-2013, Docket No. 3)

   b. Complaint for Injunctive Relief (Adv. Pro. No. 02-2013, Docket No. 1)

   c. Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction (Adv. Pro. No. 02-2013, Docket No. 4)

   d. Certification of Counsel Re: Debtors' [Proposed] Order Regarding Plaintiff's Complaint for Injunctive Relief (Adv. Pro. No. 02-2013, Docket No. 15)

   e. [Signed] Scheduling Order Regarding Plaintiff's Complaint for Injunctive Relief (Adv. Pro. No. 02-2013, Docket No. 16)

   **Responses Received:**

   a. Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss (Adv. Pro. No. 02-2013, Docket No. 17)

      (i) [Proposed] Order (Adv. Pro. No. 02-2013, Docket No. 17)

      (ii) Defendant R.J. Reynolds Tobacco Company's Memorandum in Support of its Motion to Dismiss (Adv. Pro. No. 02-2013, Docket No. 18)

   b. Plaintiff W. R. Grace & Co.-Conn.'s Opposition to Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss (Adv. Pro. No. 02-2013, Docket No. 21)

   c. Defendant R.J. Reynolds Tobacco Company's Reply to Plaintiff's Opposition to Motion to Dismiss (Adv. Pro. No. 02-2013, Docket No. 22)

   **Status:** A status conference on this matter will go forward.

## UNCONTESED MATTERS

3. *Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)*

   **Related Documents:**

   a. [Proposed] Order Granting Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)

b. Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 4)

c. Notice of Stipulation and Agreed Order By and Among W. R. Grace & Co.-Conn, National Union Fire Insurance Company of Pittsburgh, PA, Reaud, Morgan & Quinn, Inc., and Environmental Litigation Group, P.C. (Adv. Pro. No. 02-01657, Docket No. 17)

   (i) [Proposed] Stipulation and Agreed Order By and Among W. R. Grace & Co.-Conn., National Union Fire Insurance Company of Pittsburgh, PA, Reaud, Morgan & Quinn, Inc., and Environmental Litigation Group, P.C. (Adv. Pro. No. 02-01657, Docket No. 17)

d. Verified Complaint for Declaratory Judgment and Injunctive Relief (W. R. Grace & Co. – Conn. against National Union Fire Insurance Company of Pittsburgh, PA) (Adv. Pro. No. 02-01657, Docket No. 1)

   (i) Summons and Notice (Adv. Pro. No. 02-01657, Docket No. 2)

   (ii) Affidavit of Jay Hughes (Adv. Pro. No. 02-01657, Docket No. 3)

e. Request for Direction from Bankruptcy Court by National Union Fire Insurance Company of Pittsburgh, PA (Docket No. 1511)

f. Third Party and Joinder Complaint for Declaratory Judgment and Injunctive Relief (National Union Fire Insurance Company of Pittsburgh, PA against Environmental Litigation Group, P.C. and Reaud, Morgan & Quinn, Inc.)(Adv. Pro. No. 02-01657, Docket No. 7)

g. Certificate of No Objection re: Docket No. 17 (Adv. Pro. No. 02-01657, Docket No. 18)

**Responses Received:**

a. National Union Fire Insurance Company of Pittsburgh, PA's Answer, Counterclaims and Amended Third-Party and Joinder Complaint for Declaratory Judgment and Injunctive Relief (Adv. Pro. No. 02-01657, Docket No. 8)

   (i) National Union Fire Insurance Company of Pittsburgh, PA's Memorandum of Law in Opposition to Plaintiff W. R. Grace & Co. – Conn's Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 9)

b. Reud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C.'s Answer to Third Party Complaint and Original Counterclaims (Adv. Pro. No. 02-01657, Docket No. 12); Exhibits thereto (Adv. Pro. No. 02-01657, Docket Nos. 11 and 13)

c. Plaintiff's Reply in Support of Motion for Preliminary Injunction and Temporary Restraining Order (Adv. Pro. No. 02-01657, Docket No. 15)

d. Plaintiff's Answer to Defendant's Counterclaims (Adv. Pro. No. 02-01657, Docket No. 14)

e. National Union Fire Insurance Company of Pittsburgh, PA's Reply to Third Party Counterclaim of Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. (Adv. Pro. No. 02-01657, Docket No. 16)

**Status:** The parties have resolved the *Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order* through the execution of a proposed stipulation (see Related Document "c(i)" above). The deadline to object to the proposed stipulation has expired and no objections have been filed. Accordingly, the Debtors have filed a Certificate of No Objection requesting the entry of the proposed stipulation.

4. *Motion of Caterpillar Financial Corporation to Compel Debtors to Comply with 11 U.S.C. §365(d)(10) and for Allowance and Payment of Administrative Expenses, or, in the Alternative, for Adequate Protection (Docket No. 1015)*

   **Related Documents:**

   a. [Proposed] Order Compelling Debtors to Comply with 11 U.S.C. § 365(d)(10) and for Allowance and Payment of Administrative Expenses, or, in the Alternative, for Adequate Protection (Docket No. 1015)

   b. Certification of Counsel re: Docket No. 1015 (Docket No. 2042)

   **Response Deadline:** October 29, 2001 at 4:00 p.m. (extended for the Debtors and Creditors' Committee to May 3, 2002)

   **Responses Received:** None as of the date of this Agenda Notice.

   **Status:** The parties have resolved the motion pursuant to the terms set forth in the proposed stipulation attached to the Certification of Counsel listed above.

5. *Motion for Entry of an Order Pursuant to Section 365(a) of the Bankruptcy Code Authorizing the Debtors to Assume and Assign Leases for Real Property (Docket No. 1932)*

   **Related Documents:**

   a. [Proposed] Order Pursuant to Section 365(a) of the Bankruptcy Code Authorizing the Debtors to Assume and Assign Leases for Real Property (Docket No. 1932)

   b. Certification of No Objection re: Docket No. 1932 (Docket No. 2015)

    c.    [Signed] Order Pursuant to Section 365(a) of the Bankruptcy Code Authorizing the Debtors to Assume and Assign Leases for Real Property (Docket No. 2022)

        **Response Deadline:** May 3, 2002 at 4:00 p.m.

        **Responses Received:** None as of the date of this Agenda Notice.

        **Status:** The Court has entered an Order approving the motion pursuant to the Certification of No Objection filed by the Debtors.

6. *Application of the Debtors Pursuant to Fed.R.Bankr.P. 2014(a) for the Entry of an order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Bankruptcy Management Corporation as Claims Reconciliation and Solicitation Consultant Nunc Pro Tunc (Docket No. 1933)*

    **Related Documents:**

    a.    [Proposed] Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Bankruptcy Management Corporation as Claims Reconciliation and Solicitation Consultant Nunc Pro Tunc (Docket No. 1933)

    b.    Certification of No Objection re: Docket No. 1933 (Docket No. 2014)

    c.    [Signed] Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Bankruptcy Management Corporation as Claims Reconciliation and Solicitation Consultant Nunc Pro Tunc (Docket No. 2021)

    **Response Deadline:** May 3, 2002 at 4:00 p.m.

    **Responses Received:** None as of the date of this Agenda Notice.

    **Status:** The Court has entered an Order approving the motion pursuant to the Certification of No Objection filed by the Debtors.

7. *Amended Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and 328 and Fed.R.Bankr.P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to November 11, 2001 (Docket No. 1934)*

    **Related Documents:**

    a.    [Proposed] Order Pursuant to 11 U.S.C. §§327(a) and 328 and Fed.R.Bankr.P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to November 11, 2001 (Docket No. 1934)

    b.    Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent and Accountants and Auditors to the Debtors and Debtors in Possession (Docket No. 1488)

    c.    United States Trustee's Amended Objection to Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors (Docket No. 1590)

    d.    United States Trustee's Objection to Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors (Docket No. 1619)

    **Response Deadline:** May 3, 2002 at 4:00 p.m.

    **Responses Received:** None as of the date of this Agenda Notice.

    a.    United States Trustee's Objection to Debtors' Amended Application for Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants *Nunc Pro Tunc* to November 11, 2001 (Docket No. 2012)

    b.    Joint Reply of Debtors and PricewaterhouseCoopers LLP to United States Trustee's Objection to Debtors' Amended Application for Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants *Nunc Pro Tunc* to November 11, 2001 (Docket No. 2041)

    **Status:** This matter is continued to the June 18, 2002 omnibus hearing.

## CONTESTED MATTERS

8.    *Carol Gerard's Motion to Clarify the Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 86)*

    **Related Documents:**

    a.    [Proposed] Order re: Adv. Pro. No. 01-0771, Docket No. 86 (Adv. Pro. No. 01-0771, Docket No. 86)

    b.    [Signed] Order Vacating Oral Decision of March 18, 2002, to take Carol Gerard's Motion Under Advisement, (2) Resetting Response Date on Motion of Carol Gerard to Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction and Requiring Renoticing, and (3) Requiring all Pleadings, Correspondence and other Documents to be Electronically Filed with the Clerk and not Transmitted to Chambers Unless Specifically Ordered (Adv. Pro. No. 01-0771, Docket No. 96)

**Response Deadline:** February 18, 2002 at 4:00 p.m. (Extended by the Court until May 9, 2002)

**Responses Received:**

a. Debtors' Opposition to Carol Gerard's Motion to Clarify the Scope of, or in the Alternative, to Modify the Preliminary Injunction, and Response to Carol Gerard's Motion to Intervene (Adv. Pro. No. 01-0771, Docket No. 89)

b. Carol Gerard's Reply in Support of Motion to Clarify the Scope of the Preliminary Injunction, or, in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 90)

c. Notice of Completion of Briefing [filed by Carol Gerard] (Adv. Pro. No. 01-0771, Docket No. 91)

d. Debtors' Sur-Reply to Carol Gerard's Reply in Support of Her Motion to Clarify the Scope of, Or in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 92)

e. Continental Casualty Company's Response to Gerard Motion and Opposition to Modification of Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 99)

f. Objection of Maryland Casualty Company to Carol Gerard's Motion to Clarify the Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 100)

g. Debtors' Notice with Respect to Additional Information Relevant to Carol Gerard's Motion to Clarify the Scope of, or in the Alternative, to Modify the Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 101)

h. Carol Gerard's Reply to Maryland Casualty and Continental Casualty (Adv. Pro. No. 01-0771, Docket No. 102)

i. **Continental Casualty Company's Response to Gerard Reply and Further Opposition to Modification of Preliminary Injunction (Adv. Pro. No. 01-0771, Docket No. 104)**

**Status:** This matter will go forward.

9. *Debtors' Notice of ZAI Claim Filings and of Hearing* (Docket No. 1981)

**Related Documents:**

a. [Proposed] Order Setting Initial Schedule for Litigation Concerning Alleged Zonolite Attic Insulation Product Risk (Docket No. 1981)

b. [Signed] Order Requiring Counsel for the Debtor to Submit Copies of Proofs of Claim Filed by Debtor (Docket No. 1964)

c. Debtors' Letter Regarding ZAI Test Group for Purposes of <u>Daubert</u> Trials (Docket No. 1920)

d. Debtors' Filing of Proof of Claim on Behalf of Marco Barbanti

e. Debtors' Filing of Proof of Claim on Behalf of Ralph Busch

f. Debtors' Filing of Proof of Claim on Behalf of William Pat Harris

g. Debtors' Filing of Proof of Claim on Behalf of Jan Hunter

h. Debtors' Filing of Proof of Claim on Behalf of Edward M. Lindholm

i. Debtors' Filing of Proof of Claim on Behalf of James and Doris McMurchie

j. Debtors' Filing of Proof of Claim on Behalf of John and Margery Prebil

k. Debtors' Filing of Proof of Claim on Behalf of Paul Price

l. Debtors' Filing of Proof of Claim on Behalf of John Sufnarowski

m. Debtors' Filing of Proof of Claim on Behalf of Stephen B. Walsh

**Response Deadline:** May 13, 2002 at 4:00 p.m.

**Responses Received:**

a. **Claimant's Motion to Strike Proofs of Claim and Response to Debtors' Proposed Order Setting Initial Schedule for Litigation Concerning Zonolite Attic Insulation Product Risk (Docket No. 2045)**

**Status:** This matter will go forward.

Dated: May 14, 2002

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*/s/ David W. Carickhoff*
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession