**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R.GRACE CO., et al. | : Case No. 01-1139 (JKF), et seq. |
| | : |
| Debtor. | : Jointly Administered |
| | : Hearing Date: June 18, 2002 @ 1:00 p.m. |
| | : Objections Due: May 31, 2002 @ 4:00 p.m. |

## NOTICE OF MOTION

To:  Laura Davis Jones, Esquire
     919 North Market St., 16th Floor
     Wilmington, DE 19801

    You are required to file a response to the attached motion on or before May 31, 2002 at 4:00 p.m.

At the same time, you must also serve a copy of the response upon movants attorney:

    William W. Erhart, Esq.
    300 Delaware Avenue, Suite 1130
    P.O. Box 234
    Wilmington, DE 19899-0234

    HEARING ON THE MOTION WILL BE HELD ON June 18, 2002 at 1:00 p.m.

    IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

                                             /s/
                                  William W. Erhart (#2116)
                                  300 Delaware Ave., Suite 1130
                                  PO Box 234
                                  Wilmington, DE 19899-0234
                                  (302) 651-0113

Date:  May 14, 2002                      Attorney for Wesconn Co., Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R.GRACE CO., et al. | : Case No. 01-1139 (JKF), et seq. |
| | : |
| Debtor. | : Jointly Administered |
| | : Hearing Date: June 18, 2002 @ 1:00 p.m. |
| | : Objections Due: May 31, 2002 @ 4:00 p.m. |

**MOTION OF WESCONN CO., INC.**
**FOR RELIEF FROM STAY REGARDING**
**CERTAIN CONSTRUCTION CONTRACTS**

Wesconn Co., Inc., ("Wesconn"), through its undersigned counsel, hereby files this motion for relief from stay to permit it to file suit against W.R. Grace Co.- CONN ("Debtor") for various breach of warranty and negligence claims arising out of various construction projects in the State of Connecticut, in support thereof respectfully shows the following:

**Introduction**

1.    On April 2, 2001, the Debtors filed voluntary petitions under chapter 11 of the United States Bankruptcy Code.

2.    On the same day, the Debtors various chapter 11 cases were administratively consolidated pursuant to this Court's Order.

3.    The Debtors continue to operate their business and manage their assets as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.    Wesconn sprays fireproofing materials onto the surface of structural steel frames in construction projects. Wesconn has been in business for twenty-five years and for approximately twenty years purchased non-asbestos gypsum or cement base material from Debtor. These gypsum or cement materials contain various additives designed to enhance adhesion, flow ability, flexibility, mold inhibitors, and include accelerators and retardants. The

material can be varied by Debtors depending on the application, the specific material, the hours of fire protection required, etc.

5. Debtor delivers the material to the Wesconn worksites in truckloads of eight to nine hundred bags per trailer. It is fed into a hopper, mixed and sprayed onto the steel surfaces through a system of hoses and fittings. Under normal circumstances the product will clog, approximately every four to six weeks usually due to a specific situation.

6. Beginning in June 2000, Wesconn began to experience clogs in the application of Debtor's product two to four times a day.

7. When confronted with this problem, Debtor sent several technical experts to examine the Wesconn projects. These included George Quaci, Debtor's technical representative, Jack Grimaldi, Debtor's field technician, and Michael Richardson, Debtor's quality control manager at Debtor's respective manufacturing facility.

8. According to the Debtor its assembly line was altered during a facility modification project by attaching the retardant hopper to another batch hopper instead of being on independent stands. Each hopper has a vibrating device allowing material to flow with known quantity and rate. Because each hopper and vibrator were no longer operating independent from the other, each influenced the other with the result that some product received more additives and some received less with degrees of variance because of the faulty manufacturing process. Debtor's inspection at the factory failed to detect the error.

9. Depending upon whether the defective product had too much or too little retardant or too much or too little accelerator, the product either will not set for several hours or it will set in a few minutes. This caused the numerous clogged lines and resulting construction delays, other trade conflicts, increased costs, delay claims, etc. in the amount of $418,000.00.

10.    Section 362(d)(1) of the Bankruptcy Code provides in relevant part that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>     (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

**Grounds for Relief From Automatic Stay**

11.    Under 11 U.S.C. § 362(d)(1) the Bankruptcy Court is authorized to grant relief from the automatic stay "for cause." "Cause" is not defined in the Bankruptcy Code, however, and whether "cause" exists must be determined on a case-by-case basis. *Izzarelli v. Rexene Products (In re Rexene Products)*, 141 B.R. 574, 576 (D.Del. 1992); *Household Finance Corp. v. Adams (In re Adams)*, 27 B.R. 582, 585 (D. Del. 1983). The Debtor carries the burden of proof to show that "cause" does not exist to lift the automatic stay. 11 U.S.C. § 362(g)(2). Generally, the courts look at the "totality of the circumstances" on each particular case to determine "cause." See, *Baldino v. Wilson (In Re Wilson)*, 116 F.3d, 87, 90 (3rd Cir. 1997).

12.    Given this Court's caseload, it is likely that litigation will proceed more quickly in the state court than in bankruptcy proceedings. *Id* at 91.

13.    There is no rigid test for deciding whether sufficient cause exists to modify the automatic stay. *American Airlines v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D.Del. 1993). Lift-stay motions are in the nature of reverse injunctions, and in deciding them courts generally consider three factors: (i) the prejudice that might be visited upon interested parties should the stay be lifted; (ii) the balance of hardships facing the parties;

and (iii) whether the movant is likely to succeed on the merits of its action (if applicable) should the stay be lifted.  Id.  These are discussed below.

14. At the time Debtor filed Bankruptcy proceedings, the Debtor and Wesconn were negotiating the claim.

15. The imposition of the automatic stay has delayed action in the Movants' ability to initiate a lawsuit or to start discovery proceedings to identify additional defendants.

> A number of courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses and crowded court dockets contribute to these hardships. The opinions reflect that the courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.

*In re: Bock Laundry Machine Company*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

> The courts have not, however ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel. See for example, *Matter of Holtkamp*, [669 F.2d 505 (7th Cir.1982)]. This position has been sustained despite the fact the debtor was uninsured and was required to assume the costs of his own defense. *In re Terry*, [12 B.R. 578 (Bankr. E.D. Wis. 1981)], *In re McGraw*, [18 B.R. 140 (Bankr. W.D. Wis. 1982)].

*Id*. at 567.  Apparently, the Third Circuit Court of Appeals concurs with this position:

> The Court of Appeals for the Third Circuit has declared that litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation against the Debtor. *In re Davis*, 691 F.2d 176, 178 (3rd. Cir. 1982), quoting *Younger v. Harris*, 401 U.S. 37, 46, 27 L.Ed. 2d 669, 91 S.Ct. 746 (1971).

*Matter of Nicholas, Inc., (Nicholas v. National Labor Relations Board)*, 55 B.R. 212, 217 (Bankr. N.J. 1985).

## A. PREJUDICE AND THE BALANCE OF HARDSHIPS

16. There is little prejudice to Debtors since there is likely insurance coverage for this claim. To the extent there is insurance there is no effect upon the estate.

17. Additionally, Movants seek relief from the automatic stay for the purposes of taking discovery in order to identify additional defendants other than the Debtors.

18. This incident occurred beginning in June 2000. Movants need immediate relief on this mater in order to preserve their action against potential defendants.

19. By contrast, declining to lift the stay will cause Wesconn substantial prejudice, since such a ruling would (i) deprive Wesconn of material rights under a bargained-for contract, (ii) cause Wesconn to continue to suffer considerable financial loss, and (iii) deprive Wesconn of the ability to preserve evidence and identify other possible defendants.

20. Movants believe Debtors have insurance coverage for this claim based upon conversations and representations of various Debtor representatives over the years. Indeed, current representatives of Debtor have told Wesconn Debtors are insured for various matters. (None of Wesconn's discussion or dealing with Debtor were made in connection with asbestos). Therefore Wesconn seeks relief from the stay to liquidate the claim against and to take discovery in order to ascertain additional defendants and sources of recovery . This is equitable and just under these circumstances.

## B. THE LIKELIHOOD OF SUCCESS ON THE MERITS

21. If the stay is lifted, Wesconn will be entitled to proceed to establish Debtors liability under applicable state law. As set for the above, based upon the statements of Debtors technical and field representatives, Wesconn has a strong case for proving Debtors manufactering process was faulty and is likely to prevail on the merits.

22. "Where the plaintiff carries its burden of proving that the automatic stay is not necessary for the protection of the debtor or to prevent unfair advantage by a creditor, 'cause' for relief from stay has been shown." *Gov't Nat'l Mortgage Corp. v. Adana Mortgage Bankers, Inc. (In re Adana Mortgage Bankers, Inc.)*, 12 B.R. 977, 988 (Bankr. N.D. Ga. 1980).

23. Here, the automatic stay is plainly not necessary for the Debtors' protection as the Debtors since there is both insurance and the Debtor estate is unlikely to be seriously effected by this claim.

24. Movant therefore requests that the automatic stay imposed by 11 U.S.C. § 362 be lifted as to Movant and that Movant be permitted to pursue and exercise all remedies to achieve the above goals in equity, contract, statute or tort in state court.

**WHEREFORE**, Wesconn prays for an order of this Court granting it relief from the stay to pursue its claims in state court.

                                                                        /s/
                                        William W. Erhart (#2116)
                                        300 Delaware Avenue, Suite 1130
                                        P.O. Box 234
                                        Wilmington, DE 19899-0234
                                        (302) 651-0113
Dated: May 14, 2002                       Attorney for Wesconn Co., Inc.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R.GRACE CO., et al. | : Case No. 01-10903 (JKF), <u>et</u> <u>seq</u>. |
| | : |
| Debtor. | : Jointly Administered |
| | : Hearing Date: June 18, 2002 @ 1:00 p.m. |
| | : Objections Due: May 31, 2002 @ 4:00 p.m. |

**ORDER MODIFYING STAY**

Upon motion of Wesconn Co., Inc. for relief from the automatic stay; an adequate notice of the Motion given; and this court being fully advised thereof:

**IT IS HEREBY ORDERED** that the Motion is granted and the automatic stay is hereby modified to permit Wesconn to pursue its claims against the Debtor thereunder immediately upon the entry of this Order.

Dated: _____  _____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R.GRACE CO., et al. | : Case No. 01-1139 (JKF), et seq. |
| | : |
| Debtor. | : Jointly Administered |
| | : Hearing Date: June 18, 2002 @ 1:00 p.m. |
| | : Objections Due: May 31, 2002 @ 4:00 p.m. |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2002, I served by electronic mail, the Motion of Wesconn Co., Inc. for Relief from Stay Regarding Certain Construction Contracts on the parties noted on the attached service list. Service was also made via hand delivery and/or first class mail, as indicated on the service list.

Under penalty of perjury, I declare that the foregoing is true and correct.

                                            WILLIAM W. ERHART, P.A.
                                            /s/
                                            William W. Erhart (#2116)
                                            300 Delaware Ave., Suite 1130
                                            P.O. Box 234
                                            Wilmington, DE 19899-0234
                                            (302) 651-0113
                                            Attorney for Movant.

SERVICE LIST

**HAND DELIVERED to:**

Matthew G. Zaleski, III, Esquire
Campbell & Levine
1201 N. Market Street, 15th Floor
Wilmington, DE 19801

Frank J. Perch, Esquire
Office of the United States Trustee
844 N. King St.
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane Morris LLP
1100 North Market St., Suite 1200
Wilmington, DE 19801

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehlt Young & Jones
919 North Market St., 16th Floor
Wilmington, DE 19899-8705

Teresa K.D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph
824 Market St.
Wilmington, DE 19899

**FIRST CLASS MAIL to:**

James H.M. Sprayregen, Esquire
Kirklad & Ellis
200 East Randolph Drive

Chicago, IL 60601

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

W.R. Grace
Attn: David B. Siegel
Senior VP and General Counsel
7500 Grace Drive
Columbia, MD 21044

Warren H. Smith & Associates, P .C.
1201 Elm Street, Suite 3400
Dallas, TX 75270

Scott L. Baena, Esquire/Richard M. Dunn, Esquire
Bilzin Surnberg Dunn Baena Price & Axelrod
2500 First Union Fin. Center
200 South Biscayne Blvd.
Miami, FL 33131-2336

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

Peter Van N. Lockwood, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N. W.
Washington, DC 20005