IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### DEBTORS' RESPONSE IN OBJECTION TO THE MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR LEAVE TO APPEAL BAR DATE ORDER

Since June 27, 2001 when the Debtors filed their initial Case Management Motion and request for bar date, the Property Damage Committee (the "Committee") has engaged in a course of conduct that has had the constant effect of delay. The Committee's Motion for Leave to Appeal the Court's Bar Date Order (the "Motion") continues this same pattern.

The Bar Date Order does not involve *any* controlling questions of law or issues for which there are any grounds for difference of opinion. The Bar Date Order establishes a bar date for certain claims - something bankruptcy courts do on a daily basis. Further, it approves the use of Proof of Claim forms which are other than Official Form 10 - also something

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

bankruptcy courts do every day. The Motion is just another delay tactic. As the Court stated on March 18, 2001:

> "And despite everything, you [Mr. Baena] and Mr. Lockwood continue [sic] argue to me, and you continue to lose this argument, and you're not going to fare any better today, there will be proofs of claim filed in this case somewhere, somehow by somebody. It's not going to be an issue that's going to be left to a trust to resolve. We're going to know how many claims there are before this case gets to plan confirmation."

At that time, Committee counsel responded:

> MR. BAENA: "We've resigned ourselves to that fact, Judge. And, we're working on that basis."

(March 18, 2002 Hearing Transcript at p. 77). The Committee's statements to the Court were less than candid. The Committee clearly has no intention of working with the Debtors or the Court with respect to the Bar Date.

Both issues addressed in the Motion, namely setting of a bar date and the proof of claim forms, have been before this Court since June, 2001. These issues were before the Court and fully briefed when the 3rd Circuit reassigned these chapter 11 cases to Judge Wolin. Likewise, they were at issue when the cases were then bifurcated by Judge Wolin whereby he retained PI Claims and the Fraudulent Transfer matters and referred the remaining matters to this Court. They were also at issue when this Court transferred the PI portion of the Debtors' Case Management Motion back to Judge Wolin. At no time did the Committee object to the bifurcation of the matters nor did the Committee ever suggest that Judge Wolin should decide all bar date issues. If the Committee did not object to that "disparate treatment" how can they in good faith now allege that the Court which is hearing their claims is being discriminatory?

## Standard for Review of Interlocutory Orders

The Committee cites section 1292(b) of the U.S. Code for guidance in determining the applicable standard for leave to appeal interlocutory orders. That section provides that an interlocutory order may be appealed if the Court is of the opinion that such order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Debtors agree that the standard set forth in section 1292(b) provides appropriate guidance. However, the appellant must also establish "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Matter of Magic Restaurants, Inc.*, 202 B.R. 24, 26 (D. Del 1996) (citing *First Am. Bank of New York v. Century Glove*, 64 B.R. 958, 961-62. (D. Del 1986), citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

The Committee has stated no grounds for appeal of the Bar Date Order. The Bar Date Order involves no controlling questions of law whatsoever. Further, an appeal of the Bar Date Order will not advance the ultimate resolution of these chapter 11 cases. As the Court indicated on March 18, 2002, before these cases may go to confirmation or, in fact, before a plan can even be proposed, the Debtors must determine the universe of claims that will be asserted against them. Additionally, the Committee offers no evidence of the exceptional circumstances required to justify allowing the interlocutory appeal to proceed.

### Setting Of The Bar Date Does Not Involve A Controlling
### Question Of Law Or Exceptional Circumstances

The Committee argues that imposing a bar date on Property Damage ("PD") Claimants without a corresponding bar date applicable to other asbestos claimants constitutes disparate treatment. Not surprisingly, the Committee cites no authority for this proposition. It is a ridiculous charge. There is nothing in the Bankruptcy Code or case law which requires a Court set *one* bar date for all claims in a chapter 11 case.

A bar date serves the important purpose of "enabl[ing] a debtor and his creditors to know, reasonably promptly, what parties are making claims against the estate and in what general amounts." *In re Kolstad,* 928 F.2d 171, 173 (5th Cir. 1991), *cert. denied,* 502 U.S. 958 (1991). *In re Hooker Investments, Inc.,* 937 F.2d 833, 840 (2d Cir. 1991); *In re Keene Corp.,* 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).

Bankruptcy courts in mass tort cases have recognized that progress can be made with respect to certain claims by setting a bar date for those claims, while awaiting other matters to resolve themselves before setting additional bar dates. As a result, in the following cases, to name just a few, multiple bar dates have been set or bar dates have been set for some, but not all of the anticipated unsecured claims which may be asserted in the cases: *Dow Corning Corporation, 95-20512* (Bankr. E.D. MI 1995) (different bar dates set for domestic and foreign tort claims); *In re The Babcock & Wilcox Company.,* 00-10992 (Bankr. E.D. LA 2000) (bar date for PI and PD but not Non-Asbestos claims); *Armstrong World Industries, Inc.* 00-4471 (Bankr. D. Del. 2000) (bar date for PD and Non-Asbestos claims but not PI Claims); *Owens Corning Corporation,* 01-3837 (Bankr. D. Del. 2001) (bar date for PD and Non-Asbestos Claims but not PI claims); and *In the matter of Thomas McKinnon, Inc.,* 90 B 10914 (Bankr. S.D.N.Y. 1990) (two separate bar dates set at two separate times, one for customers and one for other creditors).

The setting of such bar dates is not discriminatory and will aid in the progress of very complicated, mass tort, chapter 11 cases.

The Debtors also note that the Committee only objected with respect to a bar date being set for PD Claims in light of the failure to set a bar date for PI Claims. The Bar Date Order also sets a Bar Date for Medical Monitoring Claims and Non-Asbestos Claims. The Committee has not objected to that portion of the Bar Date Order and neither the Official Committee of Unsecured Creditors which supported the Bar Date Order nor counsel for the Medical Monitoring claimants, have filed an Appeal of the Bar Date Order or leave to appeal. Presumably, these parties do not find the Bar Date Order discriminatory.

### Approving The Proof Of Claim Forms Does Not Involve A Controlling Question Of Law Or Exceptional Circumstances

The Committee also objects to the PD Proof of Claim form approved by the Court as part of the Bar Date Order. The Committee argues that the form is "overly burdensome, unduly complex and designed solely to support the Debtors' stated objections to all PD Claims." The Committee, once again, is trying to delay progress in this case. There is no authority that provides that a claimant must use Official Form 10 in filing a proof of claim. In fact, Federal Rule of Bankruptcy Procedure 3001(a) only requires that "[a] proof of claim shall conform substantially to the appropriate Official Form" and Federal Rule of Bankruptcy Procedure 9009 allows that Official Forms "shall be observed and used with alterations as may be appropriate" to "permit economics in their use." *See In re I.G. Services Ltd.*, 244 B.R. 377, 389-90 (Bankr. W.D. Tex 2000) (noting that Rule 3001 "anticipates that courts may, on a case-by-case basis, alter the format for proofs of claim when the facts of a case so require.")

As the Court is well aware, many prior mass tort bankruptcy cases have, in fact, used specialized proof of claim forms. *See, e.g. In re Dow Corning Corp.*, 250 B.R. 298, 310

(Bankr. E.D. Mich. 2000) (discussing use of modified proof of claim form); *In re The Babcock & Wilcox Co.*, 2000 WL 422372 at 5 (E.D. La. 2000) (modified form recognized as assisting in facilitating a ruling on "motions for summary judgment on threshold liability issues"); *In re A.H. Robbins Co.*, 862 F.2d 1092 (4th Cir. 1988) (approving required questionnaire accompanying official claim form); *In re Eagle-Picher Indus. Inc.*, 158 B.R. 713 (Bankr. S.D. Ohio 1993); *In re Celotex Corp.*, 204 B. R. 586, 593 (Bankr. M.D. Fla 1996).

There is nothing novel about the use of specialized proof of claim forms and no controlling question of law exists with respect to the permissibility of approving such a form in the context of a bar date.

## Conclusion

The Motion is just another in the long series of actions taken by the Committee to delay progress in these cases. The Bar Date Order does not involve any unique issues or controlling questions of law. For the Committee to so argue is disingenuous. As this Court so appropriately indicated on March 18, 2002: "We're going to know how many claims there are before this case gets to plan confirmation." The time to begin this process is now, through the Bar Date Order. Accordingly, the Motion must be denied.

Dated: May 16, 2002

          KIRKLAND & ELLIS
          David M. Bernick, P.C.
          James W. Kapp III
          Janet S. Baer
          Christian J. Lane
          200 East Randolph Drive
          Chicago, Illinois 60601
          (312) 861-2000

          and

          PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

          */s/ David W. Carickhoff, Jr.*
          Laura Davis Jones (Bar No. 2436)
          David W. Carickhoff, Jr. (Bar No. 3715)
          919 North Market Street, 16th Floor
          P.O. Box 8705
          Wilmington, DE 19899-8705 (Courier 19801)
          Telephone: (302) 652-4100
          Facsimile: (302) 652-4400

          Co-Counsel for the Debtors and Debtors in Possession