**EXHIBIT B**

Ninth Monthly Fee Application for the Period

February 1, 2002 through February 28, 2002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | Case No. 01-01139 (JJF) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

NINTH APPLICATION OF THE BLACKSTONE GROUP
L.P. AS FINANCIAL ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR ACTUAL AND NECESSARY SERVICES
RENDERED AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
(FOR THE PERIOD FEBRUARY 1, 2002 THROUGH FEBRUARY 28, 2002)

### SUMMARY SHEET

Name of Applicant:                            THE BLACKSTONE GROUP L.P.

Authorized to Provide
Professional Services to:                     Debtors

Date of Retention Order:                      June 22, 2001, effective April 2, 2001

Period for which
Compensation and
reimbursement is sought:                      February 1, 2002 – February 28, 2002

Amount of compensation
sought as actual,                             Total           Less Holdback (@20%)
reasonable and necessary:                     $175,000.00          $35,000.00

Amount of reimbursement of
expenses sought as actual,
reasonable and necessary:                     $1,719.69

This is a _x_ monthly __ interim ____ final application

Summary Table:

| Fee Application, Filing Date | Total Fees Requested | Amount of Holdback (20%) | Net Fees Requested | Total Expenses Requested | Objection Received/Deadline |
|---|---|---|---|---|---|
| First 4/2/2001 - 4/30/2001, 7/30/2001 | $169,166.67 | $33,833.33 | $135,333.33 | $0 | None |
| First 5/1/2001 - 5/31/2001, 7/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $984.00 | None |
| First 6/1/2001 – 6/30/2001, 7/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $6,679.95 | None |
| Second 7/1/2001 – 7/31/2001, 8/27/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $3,504.53 | None |
| Third 8/1/2001 – 08/31/2001, 10/15/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $16,124.84 | None |
| Fourth 9/1/2001 – 09/30/2001, 11/21/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $11,846.09 | None |
| Fifth 10/1/2001 – 10/31/2001, 11/30/2001 | $175,000.00 | $35,000.00 | $140,000.00 | $5,042.39 | None |
| Sixth 11/1/2001 – 11/30/2001, 01/31/2002 | $175,000.00 | $35,000.00 | $140,000.00 | $7,477.10 | None |
| Seventh 12/1/2001 - 12/31/2001, 01/31/2002 | $175,000.00 | $35,000.00 | $140,000.00 | $2,133.92 | None |
| Eighth 01/1/2002 - 01/31/2002 | $175,000.00 | $35,000.00 | $140,000.00 | $5,140.26 | |
| Ninth 02/1/2002 - 02/28/2002 | $175,000.00 | $35,000.00 | $140,000.00 | $1,719.69 | |
| TOTAL | $1,919,166.67 | $383,833.33 | $1,535,333.33 | $60,652.77 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| | : | |
| W.R. GRACE & CO., <u>et al.</u>, | : | **Case No. 01-01139 (JJF)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | |

NINTH APPLICATION OF THE BLACKSTONE GROUP
L.P. AS FINANCIAL ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR ACTUAL AND NECESSARY SERVICES
RENDERED AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED
<u>(FOR THE PERIOD FEBRUARY 1, 2002 THROUGH FEBRUARY 28, 2002)</u>

## I. <u>Background</u>

The Blackstone Group L.P. ("Blackstone") respectfully represents as follows:

1.     Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2.     On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

4.      On June 22, 2001, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

5.      Pursuant to the Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members ("Procedures"), Blackstone submits this ninth application (the "Ninth Application") for the monthly period February 1, 2002 through February 28, 2002 (the "Ninth Application Period").

6.      Blackstone submits this Ninth Application (i) for allowance of reasonable compensation for actual and necessary professional services by it as financial advisor to the Debtors in these cases for the Ninth Application Period, and (ii) for reimbursement of actual and necessary expenses incurred in representing the Debtors during that same period.  This Ninth Application is made pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order and Delaware Bankruptcy Local Rule 2016-2.

7.      Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Debtors pursuant to chapter 11 of the Bankruptcy Code.  Blackstone believes it is appropriate that it be compensated for the time spent and be reimbursed for the expenses incurred in connection with these matters.

8.      For the Ninth Application Period, Blackstone has provided professional services to the Debtors and incurred fees for such services totaling $175,000.00.  This represents Blackstone's monthly fee of $175,000.00 for the period February 1, 2002 through February 28,

2002. For the Ninth Application Period, Blackstone has incurred actual and necessary expenses in connection therewith totaling $1,719.69. With respect to these specific amounts, Blackstone has received no payments as of the date of the Ninth Application.

9.    As was set out in the Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of the Blackstone Group L.P. as Financial Advisor to the Debtors and Debtors in Possession (the "Retention Application"), Blackstone provided advisory services to the Debtors prior to the Petition Date. Specifically, Blackstone served as financial advisor to the Debtors since February 2001.

## II.  The Blackstone Engagement

10.    On April 2, 2001, the Debtors applied to the Court for an order authorizing them to retain Blackstone pursuant to the Engagement Agreement as their financial advisor effective as of April 2, 2001, the petition date (the "Effective Date"). Specifically, Blackstone was retained as Financial Advisor to provide the following professional services:

      (a) Assist in the evaluation of the Debtors' businesses and prospects;

      (b) Assist in the development of the Debtors' long-term business plan;

      (c) Analyze the Debtors' financial liquidity and financing requirements;

      (d) Assist in the estimation of asbestos claims including the preparation of an estimation model for payments and costs and the analyses of payment and funding scenarios;

      (e) Evaluate the Debtors' debt capacity and alternative capital structures;

      (f) Develop valuation, debt capacity and recovery analyses in connection with developing and negotiating a potential Restructuring;

    (g) Analyze various restructuring scenarios and the potential impact of these scenarios on the value of the Debtor and the recoveries of stakeholders impacted by the Restructuring;

    (h) Develop a negotiating strategy and assist in negotiations with the Debtors' creditors and other interested parties with respect to a potential Restructuring;

    (i) Value securities offered by the Debtor in connection with a Restructuring;

    (j) Make presentations to the Debtors' Board of Directors, creditor groups or other interested parties, as appropriate;

    (k) Provide expert witness testimony, as requested; and,

    (l) Provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring, as requested and mutually agreed.

11.    Pursuant to the Engagement Agreement, the Debtors agreed to pay Blackstone the following fees in consideration for services to be rendered:

    (a) A monthly advisory fee (the "Monthly Fee") in the amount of $175,000, with the first payment of such Monthly Fee payable upon the effective date and additional installments of such Monthly Fee payable in advance on monthly anniversaries of the effective date; and

    (b) A $5,000,000 Restructuring Fee paid upon consummation of a Restructuring (as defined in the Engagement Agreement).

Furthermore, pursuant to the Engagement Agreement, the Debtors agreed to reimburse Blackstone for the reasonable and documented out-of-pocket expenses incurred by Blackstone in rendering the services to be provided under the Engagement Agreement.

12.    For financial advisory services provided to the Debtors during the Ninth Application Period, Blackstone respectfully requests (a) approval of $171,719.69 consisting of (i) monthly fees in the amount of $175,000.00 and (ii) reimbursement of out-of-pocket expenses in the amount of $1,719.69; and (b) authorization for the Debtors to pay Blackstone's approved fees and expenses in the amount of $141,719.69 consisting of (i) monthly fees in the net amount

of $140,000.00, representing total monthly fees of $175,000.00, less a 20% holdback pursuant to

the interim compensation procedures, and (ii) out-of-pocket expenses referred to in (a) above.

## III. The Blackstone Team

13.    The financial services set forth above were performed primarily by Pamela Zilly –

Senior Managing Director; David Blechman – Associate; and Michael Alexander – Analyst:

(a) <u>Pamela Zilly</u>:  Pamela Zilly is a Senior Managing Director of Blackstone. Prior to joining Blackstone in 1991, Ms. Zilly was a Vice President of Chemical Bank where she divided her time between the Mergers and Acquisitions Group and the Restructuring and Reorganization Group. Since joining Blackstone, Ms. Zilly has provided financial advisory services to debtors and creditors in in-court and out-of-court restructuring engagements

(b) <u>Richard Shinder</u>:  Richard Shinder is a Managing Director of Blackstone. Prior to joining Blackstone Mr. Shinder was a Vice President at Lehman Brothers in its Leveraged Finance group. He has worked on a number of debtor and creditor restructuring engagements since joining Blackstone 2000.

(c) <u>David Blechman</u>: David Blechman is an Associate of Blackstone. Mr. Blechman joined Blackstone in 2000 after receiving his M.B.A. with honors from Columbia Business School.

(d) <u>Michael Alexander</u>: Michael Alexander is an Analyst of Blackstone. Mr. Alexander joined Blackstone in July 1999 after graduating from the McIntire School of Commerce at the University of Virginia.

## IV. Summary – Ninth Monthly Fee Application

14.    The major services provided by Blackstone during this compensation period have

included: (i) assisting with the performance of due diligence by the advisors to the Official

Unsecured Creditors' Committee, the Asbestos Property Damages Committee and the Equity

Committee; (ii) providing quantitative and qualitative analysis in support of the Debtors' planned

acquisitions; (iii) assisting the Debtors with structuring retention and incentive compensation

plans in the Chapter 11 proceedings; (iv) assisting in the development of the Debtors'

restructuring model; (v) performing analysis regarding 2002 operating plans, and (vi) providing strategic and business advice in connection with the bankruptcy.

15.    Blackstone respectfully submits that the compensation requested for the Ninth Application Period for services rendered by Blackstone to the Debtors is fully justified and reasonable based upon (a) the time and labor required during the proceedings, (b) the complexity of the issues presented, (c) the skills necessary to perform the financial advisory services properly, (d) the preclusion of other employment, (e) the customary fees charged to clients in non-bankruptcy situations for similar services rendered, (f) time constraints required by the exigencies of the case, and (g) the experience, reputation and ability of the professionals rendering services.

16.    Blackstone respectfully submits that the services it has rendered to the Debtors have been necessary and in the best interests of the Debtors and the estate and have furthered the goals of all parties in interest. Blackstone respectfully submits that under all of the criteria normally examined in Chapter 11 reorganization cases, the compensation requested by Blackstone is reasonable in light of the work performed by Blackstone to date in these cases.

17.    The amount of the fees and expenses sought in this Ninth Application and Blackstone's billing processes are consistent with market practices in a bankruptcy context. Blackstone has never billed its clients based on the number of hours expended by its professionals. Accordingly, Blackstone does not have hourly rates for its professionals, and Blackstone's professionals generally do not maintain detailed time records of the work performed for clients. In the Debtors' case, however, Blackstone has recorded time records in one-half hour increments. Time records of the approximately 201.5 hours expended by

Blackstone professionals in providing financial advisory and investment banking services to the Debtors during the Ninth Application Period are provided in Exhibit A by professional.

18.     Blackstone respectfully requests allowance of its out-of-pocket expenses incurred during the Ninth Application Period in connection with its performance of services for the Debtors in the aggregate amount of $1,719.69.  Due to the lag in receiving invoices from certain third-party service firms, Blackstone is unable, at this time, to account for all expenses incurred during the Ninth Application Period.  Ensuing compensation periods will include certain out-of-pocket expenses incurred in the Ninth Application Period but not included in the Ninth Application for relief.  Details of the expenses incurred during the Ninth Application Period are provided in Exhibit B.  Blackstone's charges for expenses to the Debtors are determined in the same manner as for clients in non-bankruptcy matters.  Out-of-pocket expenses incurred by Blackstone are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client.  Blackstone does not factor general overhead expenses into any disbursements charged to its clients in connection with Chapter 11 cases.  Blackstone has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtors as set forth below, with any exceptions specifically explained.

    (a) Blackstone's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such meal-time due to extreme time constraints.  Blackstone employees are permitted to order meals in the office if the Blackstone employee is required to work after 8:00 p.m.  Blackstone has voluntarily capped meal expenses at $20.00 per meal.

    (b) Messengers, couriers, or overnight delivery are used by Blackstone to deliver hard copy documents relating to the client matter which require receipt on an expedited basis; otherwise, Blackstone uses the regular postal system. Any charges for either messengers, couriers, or overnight delivery are billed to a client at cost.

(c) The outside financial research category consists of charges from outside services which supply, for a fee, financial documents to Blackstone. Financial research services generally consist of the retrieval of financial documents from regulatory agencies.

(d) Blackstone bills photocopying charges at the rate of $0.15 per page.

(e) With respect to local travel, Blackstone's general policy enables employees to travel by private car service or taxi to and from meetings while rendering services to a client on a client related matter, for which the client is charged. This policy is based on Blackstone's determination that travel by private car service or taxi is the most efficient use of a professional's time. Blackstone employees are not permitted to charge personal commuting expenses to a client unless, for safety reasons, the employee is traveling after 9:00 p.m. and has been required to work late as a result of the time exigencies of that client's matters.

(f) Blackstone bills its clients for time spent by its employees on its word processing system. The word processing system automatically allocates time to a client based upon the operator's "log-in" by a client matter number. Clients are charged at the personnel cost of $70.00 per hour for the actual amount of time spent by the operator while rendering word processing services to the client; however, when word processing services are being used after normal business hours, the client is not billed for both an overtime charge and a word processing charge.

(g) Blackstone bills outgoing facsimile charges at a rate of $1.00 per page. Blackstone does not bill incoming facsimile charges.

19.   Blackstone respectfully submits that the expenses for which it seeks allowance during the Ninth Application Period are necessary and reasonable both in scope and amount.

20.   No prior application for the relief requested herein has been made.

21.   All services for which compensation is requested by Blackstone were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

22.   No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

Dated: New York, New York
        April 3 , 2002

                                THE BLACKSTONE GROUP L.P.
                                Financial Advisor to
                                W.R. Grace & Co.


                                By: *Pamela D Zilly*
                                    Pamela D. Zilly
                                    Senior Managing Director
                                    345 Park Avenue
                                    New York, NY 10154
                                    (212) 583-5000
                                    (212) 583-5707 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                  :
                                        :        Chapter 11
                                        :
W.R GRACE & CO., et al.,                :        Case No. 01-01139 (JJF)
                                        :
            Debtors.                    :        (Jointly Administered)
                                        :
                                        :
                                        :

## AFFIDAVIT

STATE OF NEW YORK     )

                      ) ss. :

COUNTY OF NEW YORK )

        Pamela D. Zilly being duly sworn, deposes and says:

        1.      I am a Senior Managing Director of the firm of The Blackstone Group L.P.

("Blackstone"), which firm maintains offices for providing financial advisory services at 345

Park Avenue, New York, New York 10154.    Blackstone is acting as Financial Advisor for the

above captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned

case.

        2.      This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2

in connection with Blackstone's ninth application (the "Ninth Application") for an allowance of

compensation for services rendered to the Debtors for the period from February 1, 2002 through

February 28, 2002 (the "Ninth Application Period") in the amount of (i) $175,000.00 in monthly

fees and (ii) the reimbursement of expenses incurred in connection therewith in the sum of

$1,719.69.

3.      All of the services for which compensation is sought by Blackstone were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4.      No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

5.      I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule 2016-2 and I believe that this Ninth Application fully complies with all provisions contained in said Order.

By: _____

Pamela D. Zilly
Senior Managing Director

Sworn to before me this
3 rd th day of April 2002

_____
Notary Public

Joelle Geisler
Notary Public, State of New York
No. 01GE6047624
Qualified in New York County
Commission Expires September 5, 2002

EXHIBIT A

THE BLACKSTONE GROUP L.P.

SUMMARY OF HOURS RE: W.R. GRACE AND COMPANY

FEBRUARY 1, 2002 - FEBRUARY 28, 2002

| Professional | Title | Hours |
|---|---|---|
| Pamela Zilly | Senior Managing Director | 67.5 |
| Richard Shinder | Managing Director | 32.0 |
| David Blechman | Associate | 52.5 |
| Michael Alexander | Analyst | 49.5 |
| Total | | 201.5 |

THE BLACKSTONE GROUP L.P.
HOURLY DETAIL FOR THE PERIOD OF
FEBRUARY 1, 2002 - FEBRUARY 28, 2002

| Professional | Date | Hours | Category | Explanation |
|---|---|---|---|---|
| Pamela Zilly | 02/01/02 | 0.5 | Employee Matters | Call with B. McGowan, N. Bubnovich re: scheduling |
| Pamela Zilly | 02/01/02 | 1.0 | Employee Matters | Reviewed compensation presentation |
| Pamela Zilly | 02/01/02 | 1.0 | Case Administration | Read Court issued orders |
| Pamela Zilly | 02/01/02 | 1.5 | Employee Matters | Meeting with D. Blechman and M. Alexander re: comp plan |
| Pamela Zilly | 02/01/02 | 0.5 | Employee Matters | Call with B. McGowan and N. Bubnovich re: compensation presentation |
| Pamela Zilly | 02/01/02 | 1.0 | Business Analysis | Call with B. Corcoran re: EPA Meeting |
| Pamela Zilly | 02/01/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Review industry materials re: possible acquisition |
| Pamela Zilly | 02/02/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Review LOB results re: possible acquisition |
| Pamela Zilly | 02/04/02 | 1.0 | Compensation of Professionals | Meeting with R. Shinder, D. Blechman and M. Alexander re: amended order concerning interim compensation procedures |
| Pamela Zilly | 02/04/02 | 1.0 | Business Analysis | Review information requests, information provided |
| Pamela Zilly | 02/04/02 | 1.0 | Business Analysis | Call with Grace management re: P&M requests on legacy items |
| Pamela Zilly | 02/04/02 | 0.5 | Business Analysis | Discussion regarding Addiment transaction |
| Pamela Zilly | 02/05/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Two calls with S. Cunningham re: various motions |
| Pamela Zilly | 02/05/02 | 1.0 | Business Analysis | Read and provided comments on Darex plant closing motion |
| Pamela Zilly | 02/05/02 | 1.0 | Business Analysis | Review final charts for Wolin, EPA meetings |
| Pamela Zilly | 02/05/02 | 0.5 | Business Analysis | review of charts of peer performance |
| Pamela Zilly | 02/05/02 | 1.0 | Case Administration | call with D. Siegel re: case issues |
| Pamela Zilly | 02/06/02 | 0.5 | Business Analysis | Review revised peer charts |
| Pamela Zilly | 02/06/02 | 0.5 | Business Analysis | Call with J. Kapp re: Committee's motion review process |
| Pamela Zilly | 02/06/02 | 1.0 | Business Analysis | Call with S. Farnsworth and F. Gilbert re: 2002 operating plan |
| Pamela Zilly | 02/06/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Discussions with Ahern, Others re: Addiment transaction |
| Pamela Zilly | 02/07/02 | 1.0 | Business Analysis | Call with R. Tarola re: case issues |
| Pamela Zilly | 02/07/02 | 1.0 | Employee Matters | Revised comp presentation; meeting with D. Blechman re: same |
| Pamela Zilly | 02/07/02 | 2.0 | Asset Dispositions, Sales, Uses and Leases | Read revised Addiment purchase agreement |
| Pamela Zilly | 02/07/02 | 0.5 | Asset Dispositions, Sales, Uses and Leases | Discussions regarding equity Committee and Addiment w/S. Ahern |
| Pamela Zilly | 02/07/02 | 1.0 | Business Analysis | Analysis of revised compensation analysis |
| Pamela Zilly | 02/08/02 | 2.0 | Business Analysis | Review 2002 operating plan analysis |
| Pamela Zilly | 02/08/02 | 1.5 | Business Analysis | Meeting with D. Blechman re: 2002 operating plan and presentation format |
| Pamela Zilly | 02/08/02 | 0.5 | Case Administration | read revised Darex motion |
| Pamela Zilly | 02/10/02 | 3.5 | Business Analysis | Review December operating results |
| Pamela Zilly | 02/11/02 | 1.5 | Employee Matters | Analysis of revised compensation materials |
| Pamela Zilly | 02/11/02 | 1.0 | Business Analysis | Call with Grace management re: P&M re: 4Q operating results |
| Pamela Zilly | 02/11/02 | 1.0 | Business Analysis | Call with Grace management re: 4Q operating results |
| Pamela Zilly | 02/11/02 | 1.5 | Asset Dispositions, Sales, Uses and Leases | Calls w/ P. Hanlon re: Addiment transaction motion |
| Pamela Zilly | 02/11/02 | 0.5 | Case Administration | Review Court filing |
| Pamela Zilly | 02/12/02 | 2.0 | Employee Matters | Analysis of revised compensation material |
| Pamela Zilly | 02/13/02 | 1.0 | Employee Matters | Revision of comp presentation |
| Pamela Zilly | 02/14/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Calls with P. Hanlon re: Addiment transaction |
| Pamela Zilly | 02/14/02 | 3.5 | Employee Matters | Calls / meeting with D. Blechman, M. Alexander, B. McGowan, N. Bubnovich re: compensation analysis |
| Pamela Zilly | 02/14/02 | 2.0 | Case Administration | Update R. Shinder re: Addiment, Darex, compensation |
| Pamela Zilly | 02/14/02 | 2.5 | Employee Matters | Call re: comp with J. Kapp, N. Bubnovich, D. Blechman and M. Alexander |
| Pamela Zilly | 02/14/02 | 1.5 | Asset Dispositions, Sales, Uses and Leases | Read Addiment analysis : re change in purchase price |
| Pamela Zilly | 02/15/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Update discussion with R. Shinder re: Addiment, and Darex plant closure |
| Pamela Zilly | 02/22/02 | 0.5 | Employee Matters | Calls with M. Hunter and D. Blechman re: P&M due diligence |
| Pamela Zilly | 02/24/02 | 1.5 | Employee Matters | review revised compensation presentation |
| Pamela Zilly | 02/24/02 | 1.0 | Employee Matters | review hearing agenda |
| Pamela Zilly | 02/25/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Discussion with R. Shinder re: status of Addiment transactions, other issues |
| Pamela Zilly | 02/26/02 | 1.0 | Employee Matters | Call with P. Norris and D. Siegel re: 2/25/02 hearing |
| Pamela Zilly | 02/26/02 | 0.5 | Employee Matters | Meeting with D. Blechman re: hearing |

THE BLACKSTONE GROUP L.P.
HOURLY DETAIL FOR THE PERIOD OF
FEBRUARY 1, 2002 - FEBRUARY 28, 2002

| Professional | Date | Hours | Category | Explanation |
|---|---|---|---|---|
| Pamela Zilly | 02/26/02 | 1.5 | Business Analysis | Reviewed '02 op plan materials; meeting with D. Blechman and M. Alexander re: same |
| Pamela Zilly | 02/26/02 | 0.5 | Case Administration | Read motions |
| Pamela Zilly | 02/26/02 | 0.5 | Employee Matters | Read agenda for hearing |
| Pamela Zilly | 02/26/02 | 1.0 | Case Administration | Read Zonolite Claimants informational brief |
| Pamela Zilly | 02/26/02 | 1.0 | Case Administration | Read Debtors revised Motion re: Case Management order; |
| Pamela Zilly | 02/26/02 | 0.5 | Business Analysis | Read Debtors consolidated reply brief |
| Pamela Zilly | 02/26/02 | 0.5 | Business Analysis | Read debtors brief re: bar date and class notice |
| Pamela Zilly | 02/26/02 | 0.5 | Business Analysis | Read Darex motion |
| Pamela Zilly | 02/27/02 | 3.0 | Business Analysis | review of 2002 operating plan presentation analysis |
| Pamela Zilly | 02/28/02 | 2.0 | Business Analysis | Meeting with D. Blechman and M. Alexander re: op plan '02 |

67.5

THE BLACKSTONE GROUP L.P.
HOURLY DETAIL FOR THE PERIOD OF
FEBRUARY 1, 2002 - FEBRUARY 28, 2002

| Professional | Date | Hours | Category | Explanation |
|---|---|---|---|---|
| Richard Shinder | 02/02/02 | 1.0 | Compensation of Professionals | Meeting with P. Zilly, D. Blechman and M. Alexander re: amended order concerning interim compensation procedures |
| Richard Shinder | 02/04/02 | 1.0 | Business Analysis | Call re: P&M legacy liabilities with D. Siegel, R. Tarola, E. Napoli-Filtov |
| Richard Shinder | 02/04/02 | 0.5 | Business Analysis | Call with P&M re: legacy liabilities (with P. Zilly) |
| Richard Shinder | 02/10/02 | 3.5 | Business Analysis | Review December operating results |
| Richard Shinder | 02/14/02 | 2.0 | Asset Dispositions, Sales, Uses and Leases | Update discussion with P. Zilly re: Addiment transaction, Darex, compensation analysis |
| Richard Shinder | 02/15/02 | 2.0 | Business Analysis | Review December operating results, 2002 operating plan |
| Richard Shinder | 02/15/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Update discussion with P. Zilly re: Addiment, and Darex plant closure |
| Richard Shinder | 02/18/02 | 1.0 | Case Administration | Reviewed of Darex motion |
| Richard Shinder | 02/19/02 | 2.0 | Employee Matters | Discussions with D. Blechman and M. Alexander re: Addiment status, and compensation proposal |
| Richard Shinder | 02/19/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Reviewed of Addiment presentation, motion and development of revisions |
| Richard Shinder | 02/19/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Call re: Addiment with S. Farnsworth, P. Hanlon and F. Gilbert |
| Richard Shinder | 02/19/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Call with M. Shelnitz re: Addiment PSA schedules, presentation revisions |
| Richard Shinder | 02/19/02 | 1.5 | Asset Dispositions, Sales, Uses and Leases | Review of Addiment acquisition analysis |
| Richard Shinder | 02/20/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Call with S. Cunningham re: acquisitions, operating plan presentation |
| Richard Shinder | 02/20.02 | 1.0 | Business Analysis | Revision to 2002 operating plan presentation format |
| Richard Shinder | 02/20/02 | 3.0 | Employee Matters | Reviewed of severance, retention and LTIP materials |
| Richard Shinder | 02/20/02 | 0.5 | Asset Dispositions, Sales, Uses and Leases | Call with S. Ahern re: Addiment PSA schedules/CC disclosure |
| Richard Shinder | 02/21/02 | 0.5 | Asset Dispositions, Sales, Uses and Leases | Call with S. Farnsworth re: Addiment |
| Richard Shinder | 02/21/02 | 2.0 | Case Administration | Read P1, P4, Zonolite related motions |
| Richard Shinder | 02/22/02 | 0.5 | Asset Dispositions, Sales, Uses and Leases | Call with S. Zehe re: acquisitions |
| Richard Shinder | 02/22/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Worked on Addiment presentation |
| Richard Shinder | 02/22/02 | 0.5 | Asset Dispositions, Sales, Uses and Leases | Calls re: Addiment transaction |
| Richard Shinder | 02/22/02 | 1.5 | Asset Dispositions, Sales, Uses and Leases | Prepared and distributed revised Addiment presentation |
| Richard Shinder | 02/24/02 | 1.0 | Employee Matters | review hearing agenda |
| Richard Shinder | 02/25/02 | 1.0 | Business Analysis | Discussion with P. Zilly re: status of Addiment, compensation material 2002 operating plan |

32.0

Page 3 of 5

THE BLACKSTONE GROUP L.P.
HOURLY DETAIL FOR THE PERIOD OF
FEBRUARY 1, 2002 - FEBRUARY 28, 2002

| Professional | Date | Hours | Category | Explanation |
|---|---|---|---|---|
| David Blechman | 02/01/02 | 1.0 | Employee Matters | Review Revised compensation analysis |
| David Blechman | 02/01/02 | 1.5 | Employee Matters | Meeting with P. Zilly and M. Alexander re: comp plan |
| David Blechman | 02/01/02 | 1.0 | Employee Matters | Conference call with Anderson, McGowan and M. Alexander re: comp plan |
| David Blechman | 02/01/02 | 1.5 | Employee Matters | Reviewed revised presentation and distributed same to Andersen |
| David Blechman | 02/01/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Review industry materials re: possible acquisition |
| David Blechman | 02/02/02 | 1.0 | Compensation of Professionals | Meeting with P. Zilly, R. Shinder and M. Alexander re: amended order concerning interim compensation procedures |
| David Blechman | 02/04/02 | 1.5 | Employee Matters | review Anderson comparable material |
| David Blechman | 02/05/02 | 1.0 | Asset Dispositions, Sales, Uses and Leases | Read and provided comments on Darex plant closing motion |
| David Blechman | 02/06/02 | 1.0 | Business Analysis | Call with S. Farnsworth, M. Alexander and others re: '02 plan |
| David Blechman | 02/06/02 | 0.5 | Employee Matters | Call with N. Bubrovich re comp |
| David Blechman | 02/06/02 | 2.0 | Asset Dispositions, Sales, Uses and Leases | read Additment agreement |
| David Blechman | 02/07/02 | 1.0 | Business Analysis | Revised comp presentation; meeting with P. Zilly re: same |
| David Blechman | 02/07/02 | 3.0 | Business Analysis | review 2002 operating plan, 2001 Business Plan comparison analysis |
| David Blechman | 02/08/02 | 1.5 | Business Analysis | Meeting with P. Zilly re: 2002 operating plan presentation |
| David Blechman | 02/08/02 | 2.0 | Business Analysis | Reviewed Q4 results |
| David Blechman | 02/11/02 | 1.5 | Business Analysis | Q4 update: call with M. Alexander and P&M |
| David Blechman | 02/11/02 | 1.0 | Business Analysis | Q4 update: call with M. Alexander and CDG |
| David Blechman | 02/12/02 | 1.0 | Business Analysis | Arranged tax call with E. Napoli and P&M |
| David Blechman | 02/12/02 | 2.5 | Employee Matters | Review and revise compensation analysis |
| David Blechman | 02/14/02 | 3.5 | Employee Matters | Calls re: comp with J. Kapp, N. Bubrovich, P. Zilly and M. Alexander |
| David Blechman | 02/14/02 | 0.5 | Employee Matters | Call with B. McGowan re: same |
| David Blechman | 02/15/02 | 0.5 | Employee Matters | Call with McGowan re: comp |
| David Blechman | 02/15/02 | 1.0 | Business Analysis | Calls with advisors re: Additment |
| David Blechman | 02/15/02 | 1.0 | Case Administration | Reviewed court filings |
| David Blechman | 02/19/02 | 2.0 | Employee Matters | Revise compensation presentation |
| David Blechman | 02/19/02 | 2.0 | Employee Matters | Discussions with R. Shinder and M. Alexander re: Additment status, and compensation proposal |
| David Blechman | 02/21/02 | 1.0 | Business Analysis | Calls with S. Farnsworth, M. Alexander and advisors re: March meetings |
| David Blechman | 02/22/02 | 0.5 | Business Analysis | Calls with M. Hunter and P. Zilly re: P&M due diligence |
| David Blechman | 02/22/02 | 0.5 | Business Analysis | Calls with advisors re: scheduling March Meetings |
| David Blechman | 02/24/02 | 1.0 | Employee Matters | review hearing agenda |
| David Blechman | 02/25/02 | 1.0 | Business Analysis | Calls re: scheduling operating plan distribution |
| David Blechman | 02/25/02 | 1.5 | Compensation of Professionals | Worked on fee application |
| David Blechman | 02/26/02 | 1.0 | Business Analysis | Calls re: meeting scheduling |
| David Blechman | 02/26/02 | 2.5 | Business Analysis | Reviewed Q4 results; responded to due diligence request by CDG |
| David Blechman | 02/26/02 | 1.5 | Business Analysis | Reviewed '02 op plan materials; meeting with P. Zilly and M. Alexander re: same |
| David Blechman | 02/26/02 | 1.0 | Business Analysis | Call with F. Gilbert re: '02 op plan presentation |
| David Blechman | 02/26/02 | 0.5 | Business Analysis | Meeting with P. Zilly re: 2002 re: hearing |
| David Blechman | 02/27/02 | 0.5 | Business Analysis | Calls with F. Gilbert re: '02 op plan |
| David Blechman | 02/28/02 | 1.0 | Business Analysis | Calls with F. Gilbert re: '02 op plan |
| David Blechman | 02/28/02 | 2.0 | Business Analysis | Meeting with P. Zilly and M. Alexander re: op plan '02 |

52.5

THE BLACKSTONE GROUP L.P.
HOURLY DETAIL FOR THE PERIOD OF
FEBRUARY 1, 2002 - FEBRUARY 28, 2002

| Professional | Date | Hours | Category | Explanation |
|---|---|---|---|---|
| Michael Alexander | 02/01/02 | 1.5 | Employee Matters | Meeting with P. Zilly and D. Blechman re: comp plan |
| Michael Alexander | 02/01/02 | 1.0 | Employee Matters | Conference call with D. Blechman and Andersen & McGowan re: comp plan |
| Michael Alexander | 02/01/02 | 4.0 | Employee Matters | Updated and compared comparable compensation programs |
| Michael Alexander | 02/02/02 | 1.0 | Compensation of Professionals | Meeting with P. Zilly, R. Shinder and D. Blechman re: amended order concerning interim compensation procedures |
| Michael Alexander | 02/04/02 | 1.5 | Employee Matters | review Anderson comps vs TBG analysis |
| Michael Alexander | 02/05/02 | 3.0 | Employee Matters | review of charts of peer performance, analysis of comparable companies |
| Michael Alexander | 02/06/02 | 1.0 | Business Analysis | Call with S. Farnsworth, D. Blechman and others re: '02 plan |
| Michael Alexander | 02/06/02 | 2.0 | Business Analysis | Read 4Q results; comparison to Plan |
| Michael Alexander | 02/06/02 | 0.5 | Employee Matters | Call with N. Bubnovich and D. Blechman re comp |
| Michael Alexander | 02/11/02 | 1.5 | Business Analysis | Q4 update call with D. Blechman and P&M |
| Michael Alexander | 02/11/02 | 1.0 | Business Analysis | Q4 update call with D. Blechman and CDG |
| Michael Alexander | 02/12/02 | 1.5 | Employee Matters | Reviewed compensation analysis |
| Michael Alexander | 02/12/02 | 4.5 | Employee Matters | Revised compensation presentation |
| Michael Alexander | 02/14/02 | 3.5 | Employee Matters | Call re: comp with J. Kapp, N. Bubnovich, P. Zilly and D. Blechman |
| Michael Alexander | 02/15/02 | 1.0 | Business Analysis | Calls with advisors re: Additment |
| Michael Alexander | 02/15/02 | 3.0 | Business Analysis | Reviewed recent events in other tort bankruptcies |
| Michael Alexander | 02/15/02 | 4.5 | Business Analysis | Updated bankruptcy log with new information |
| Michael Alexander | 02/19/02 | 2.0 | Employee Matters | Discussions with R. Shinder and D. Blechman re: Additment status, and compensation proposal |
| Michael Alexander | 02/21/02 | 1.0 | Business Analysis | Calls with S. Farnsworth, D. Blechman and advisors re: March meetings |
| Michael Alexander | 02/26/02 | 1.0 | Business Analysis | Reviewed Q4 results |
| Michael Alexander | 02/26/02 | 1.5 | Business Analysis | Reviewed '02 op plan materials; meeting with P. Zilly and D. Blechman re: same |
| Michael Alexander | 02/26/02 | 1.0 | Business Analysis | Call with F. Gilbert, D. Blechman re: '02 op plan presentation |
| Michael Alexander | 02/27/02 | 3.0 | Business Analysis | Compile information for asbestos bankruptcy log |
| Michael Alexander | 02/28/02 | 2.0 | Business Analysis | Update asbestos bankruptcy log |
| Michael Alexander | 02/28/02 | 2.0 | Business Analysis | Meeting with P. Zilly and D. Blechman re: '02 op plan |

49.5

**EXHIBIT B**

W.R. GRACE
Expense Detail
Processed Through
February 28, 2002
2737-T

### Word Processing

| | | | |
|---|---|---|---|
| Blechman | 1/1-31/02 | 305.67 | |
| | Subtotal - Word Processing | | $ 305.67 |

### Car Services
#### Skyline

| | | | |
|---|---|---|---|
| de Almeida | 12/17/01 | 53.00 | |
| de Almeida | 01/10/02 | 50.00 | |
| | Subtotal - Car Services | | 103.00 |

### Travel - Local

| | | | |
|---|---|---|---|
| Blechman | 01/31/02 | 9.00 | |
| Shinder | 11/05/01 | 13.60 | |
| Shinder | 11/13/01 | 13.00 | |
| Shinder | 11/20/01 | 12.20 | |
| Shinder | 11/21/01 | 6.50 | |
| Shinder | 11/21/01 | 13.70 | |
| | Subtotal - Travel - Local | | 68.00 |

### Travel Railroad

| | | | |
|---|---|---|---|
| Shinder | 11/20/01 | 233.00 | |
| Shinder | 12/20/01 | (57.00) | |
| | Subtotal - Travel Railroad | | 176.00 |

### Meals

| | | | |
|---|---|---|---|
| Alexander | 08/21/01 | 20.00 | |
| Alexander | 09/05/01 | 20.00 | |
| Blechman | 08/23/01 | 20.00 | |
| Blechman | 01/07/02 | 20.00 | |
| de Almeida | 10/23/01 | 20.00 | |
| Shinder | 08/17/01 | 20.00 | |
| Shinder | 09/05/01 | 20.00 | |
| Shinder | 10/02/01 | 20.00 | |
| Shinder | 10/15/01 | 20.00 | |
| Zilly | 01/24/02 | 7.80 | |
| Zilly | 01/30/02 | 6.70 | |
| | Subtotal - Meals | | 194.50 |

**W.R. GRACE**
**Expense Detail**
**Processed Through**
**February 28, 2002**
**2737-T**

Research
In-House

| | | | |
|---|---|---|---|
| Alexander | 1/16-31/02 | 4.57 | |
| | Subtotal - In-House - Research | | 4.57 |

Communications
Federal Express

| | | | |
|---|---|---|---|
| Blechman | 02/08/02 | 13.27 | |
| Shinder | 01/24/02 | 14.49 | |
| Zilly | 01/22/01 | 15.59 | |
| | Subtotal - Federal Express - Communications | | 43.35 |

Photocopying

| | | | |
|---|---|---|---|
| Blechman | 1/29-2/1/02 | 0.60 | |
| Blechman | 1/29-2/1/02 | 1.60 | |
| Blechman | 1/29-2/1/02 | 6.00 | |
| Blechman | 1/29-2/1/02 | 8.40 | |
| Blechman | 1/29-2/1/02 | 9.00 | |
| Blechman | 1/29-2/1/02 | 9.00 | |
| Blechman | 1/29-2/1/02 | 9.80 | |
| Blechman | 1/29-2/1/02 | 17.80 | |
| Blechman | 1/29-2/1/02 | 21.80 | |
| Blechman | 1/29-2/1/02 | 30.20 | |
| Blechman | 1/29-2/1/02 | 76.60 | |
| Blechman | 1/29-2/1/02 | 633.80 | |
| | Subtotal - Photocopying | | 824.60 |
| | Total Expenses | $ | 1,719.69 |