## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., <u>et al.</u>,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Objections due: June 5, 2002 at 4:00 p.m. |
| | | Hearing date: August 26, 2002 at 10:00 a.m. |

## FOURTH QUARTERLY FEE APPLICATION OF DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD <u>FROM JANUARY 1, 2002 THROUGH AND INCLUDING MARCH 31, 2002</u>

| Applicant: | Duane Morris LLP |
|---|---|
| **Authorized to Provide Professional Services To:** | **Official Committee of Unsecured Creditors** |
| **Date of Retention:** | **Effective April 17, 2001 (Order entered June 21, 2001)** |

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

WLM\160292.1

-3-

| Period For Which Compensation And Reimbursement Is Sought: | January 1, 2002 through March 31, 2002 |
|---|---|
| Amount of Compensation Sought As Actual, Reasonable And Necessary: | $38,759.50 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable And Necessary: | $5,113.59 |

This is an interim fee application.


**PRIOR APPLICATIONS:**

| DATE FILED | PERIOD COVERED | FEES | EXPENSES |
|---|---|---|---|
| 8/30/01 | April 17, 2001 through June 30, 2001 (Quarterly) | $41,314.50 | $4,026.77 |
| 8/30/01 | July 1, 2001 through July 31, 2001 (Monthly) | $9,490.50 | $1,209.90 |
| 2/5/02 | August 1, 2001 through September 30, 2001 (Monthly) | $12,885.00 | $7,903.44 |
| 2/5/02 | July 1, 2001 through September 30, 2001 (Quarterly) | $22,375.50 | $9,113.34 |
| 2/11/02 | October 1, 2001 through December 31, 2001 (Monthly) | $17,349.50 | $3,436.30 |
| 2/11/02 | October 1, 2001 through December 31, 2001 (Quarterly) | $17,349.50 | $3,436.30 |

| 3/28/02 | January 1, 2002 through January 31, 2002 (Monthly) | $13,454.50 | $776.18 |
| 5/16/02 | February 1, 2002 through February 28, 2002 (Monthly) | $16,428.50 | $3,859.31 |
| 5/16/02 | March 1, 2002 through March 31, 2002 (Monthly) | $8,876.50 | $478.10 |

# Attachment  "A"

## SUMMARY OF TIME AND THE HOURLY RATES CHARGED BY THE APPLICANT FOR ITS ATTORNEY AND PARALEGAL TIME FOR THE PERIOD <u>FROM JANUARY 1, 2002 THROUGH AND INCLUDING MARCH 31, 2002</u>

|  | Year Admitted | Rate Per Hour | No. of Hours | Total Value |
|---|---|---|---|---|
| William S. Katchen ("WS KATCHEN") Partner | 1965 | $475 | 23.40 | $11,115.00 |
| Michael R. Lastowski ("MR LASTOWSKI") Partner | 1980 | $415 | 42.40 | $17,596.00 |
| Ancela R. Nastasi ("AR NASTASI") Counsel | 1992 | $395 | .20 | $79.00 |
| William K. Harrington ("WK HARRINGTON") Associate | 1996 | $275 | .60 | $165.00 |
| Ralph N. Sianni ("RN SIANNI") Associate | 1996 | $245 | 22.80 | $5,586.00 |
| John W. Weiss ("JW WEISS") Associate | 2001 | $215 | .30 | $64.50 |
| Carolyn B. Fox ("CB FOX") Paralegal | N/A | $125 | .5 | $62.50 |

WLM\160292.1                              -5-

| | | | | |
|---|---|---|---|---|
| Shelly A. Hollinghead ("SA HOLLINGHEAD") Paralegal | N/A | $125 | 28.80 | $3,600.00 |
| Alison T. Ash ("AT ASH") Paralegal | N/A | $125 | 4.2 | $453.50 |
| Cate M. Dooley ("CM DOOLEY") Library Assistant | N/A | $95 | .40 | $38.00 |
| **GRAND TOTAL** | | | **123.60** | **$38,759.50** |
| **BLENDED RATE** | | **$313.58** | | |

## COMPENSATION BY PROJECT CATEGORY

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Asset Analysis and Recovery ("001") | 0.20 | $83.00 |
| Case Administration ("004") | 44.90 | $14,489.00 |
| Fee/Employment Applications ("007") | 49.40 | $11,313.00 |
| Litigation ("010") | 8.10 | $3,299.50 |
| Fee/Employment Objections ("008") | 0.20 | $83.00 |
| Plan and Disclosure Statement ("012") | 0.20 | $83.00 |
| Business Analysis ("018") | 12.70 | $6,032.50 |
| Data Analysis ("020") | 1.00 | $349.00 |
| Leases/Executory Contracts ("024") | 1.00 | $415.00 |
| Claims Administration and Objections ("005") | 2.60 | $1,079.00 |
| Pre/Review of US Trustee Report ("013") | 0.20 | $95.00 |
| Asset Disposition ("002") | 2.40 | $1,122.00 |
| Creditors Committee ("026") | 0.70 | $316.50 |
| **TOTAL** | **123.60** | **$38,759.50** |

## EXPENSE SUMMARY

| CATEGORIES | PROVIDER | EXPENSES |
|---|---|---|
| Printing and Duplicating | N/A | $3,098.24 |
| Telecopier | N/A | $138.70 |
| Messenger Service | N/A | $285.74 |
| Overnight Mail | N/A | $980.55 |
| Travel | Amtrak | $197.00 |
| Dinner - Local | N/A | $26.54 |
| Printing and Duplicating - Internal | N/A | $63.90 |
| Telephone | N/A | $9.49 |
| Travel - Local | N/A | $32.45 |

| | | |
|---|---|---|
| Deposition Transcripts | N/A | $174.25 |
| Lexis Legal Research | N/A | $58.50 |
| Miscellaneous Refund (Tri-State Courier) | Tri-State Courier | ($52.50) |
| Postage | N/A | $7.00 |
| **TOTAL** | | **$5,113.59** |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Objections due: June 5, 2002 at 4:00 p.m.** |
| | | **Hearing date: August 26, 2002 at 10:00 a.m.** |

## FOURTH QUARTERLY APPLICATION OF DUANE MORRIS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 1, 2002 THROUGH AND INCLUDING MARCH 31, 2002

Duane Morris LLP (the "Applicant"), co-counsel to the Official Committee of Unsecured

Creditors (the "Committee"), for its Fourth Quarterly Application of Duane Morris LLP for

Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official

Committee of Unsecured Creditors for the Period From January 1, 2002 Through and Including

March 31, 2002 (the "Application"), respectfully represents and alleges:

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

## I. INTRODUCTION

1.      Applicant makes this Application for payment of professional services rendered and expenses incurred in its representation of the Committee as provided under §§ 330 and 331 of title 11 of the United States Code ("Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the applicable local rules of this Court and the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members entered by this Court on April 17, 2002 (Docket No. 1949) (the "Administrative Order").

2.      Applicant, in its Application, seeks an award of compensation in the amount of $38,759.50 for 123.60 hours of professional services rendered from January 1, 2002 through and including March 31, 2002 (the "Compensation Period"); and reimbursement of disbursements actually and necessarily incurred in the amount of $5,113.59 during the Compensation Period.

## II. BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 title 11 of the United States Code, 11 U.S.C.. §§101 et seq. (the "Bankruptcy Code").

4.      The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  Pursuant to an order of the Court, the Debtors chapter 11 cases have been procedurally consolidated and are being jointly administered.

5.      The Debtors operate a world wide specialty chemicals and materials business predominately through two business units, Davison Chemicals and Performance Chemicals.  The Debtors employ approximately 3860 full-time employees.  On a consolidated basis, for the fiscal

year 2000, Grace reported a net loss of $89.7 million from $1.59 billion in net revenues. The
Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales
are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor
subsidiaries and affiliates.

6.     Grace, as the Debtors' parent company, is a global holding company that conducts
substantially all of its business through a direct, wholly owned subsidiary of W.R. Grace & Co.-
Conn ("Grace-Conn"). Grace-Conn owns substantially all of the assets, properties and rights of
Grace in the United States. Grace and Grace-Conn have 76 domestic subsidiaries and affiliates,
60 of which are debtors and debtors-in-possession in these chapter 11 cases and 71 foreign-
non-debtor subsidiaries and affiliates. Prior to the Petition Date, the Debtors' non-debtor foreign
subsidiaries and affiliates received credit support and loans for their operations from their
respective domestic parent companies.

7.     On April 22, 2001, the United States Trustee formed the Committee consisting of
the following members: J.P. Morgan Chase & Co., ABN AMRO Bank N.V., Bank of America,
N.A., The Bank of New York, as indenture Trustee, Bankers Trust Company, as indenture
Trustee, First Union National Bank, Sealed Air Corporation, Wachovia Bank N.A., and Zhagrus
Environmental, Inc. During the first meeting of the Committee on April 22, 2001, the
Committee duly selected Stroock, Stroock & Lavan, LLP as its counsel to represent the
Committee in all matters during the pendency of the Debtors' chapter 11 cases.

8.     The Committee, thereafter, requested the assistance of Duane Morris LLP,[2] with
an office located at 1100 North Market Street, Suite 1200, Wilmington, DE 19801, to act as local
counsel to the Committee during the pendency of the Debtors' chapter 11 cases.

------

[2] Duane Morris LLP was formerly known as Duane, Morris & Heckscher, LLP.

### III. PROFESSIONAL SERVICES RENDERED

9.      Applicant is seeking compensation for services performed on behalf of or for the Committee, and not on behalf of any debtor, creditor or other person.

10.     Applicant has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received for services rendered in this case.

11.     In accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Administrative Order, to assist the Court, the Debtor, the United States Trustee, the Official Committee of Unsecured Creditors and other parties in interest in evaluating this Application, the primary services performed by Applicant during the Compensation Period are summarized in Exhibit "A." This summary reflects the performance of certain services which were necessary and essential in assisting the Committee, all of which required the special attention, efforts and skill of the Applicant.

12.     During the Compensation Period, Applicant provided significant professional services to the Committee in connection with this chapter 11 case. These services included, among other things, assisting, advising and representing the Committee with respect to the following matters: (i) the administration of this case and the exercise of oversight with respect to the Committee; (ii) preparation and review on behalf of the Committee of applications, motions, memoranda, orders, reports and other legal papers; (iii) appearances in court and at meetings to represent the interests of the Committee; (iv) research and investigation; (v) communication with the Committee's constituents and others; and (vi) the performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as were in the interests of those represented by the Committee.

13.     In accordance with the Local Rules and the Administrative Order, a summary sheet of the attorneys and their corresponding initials, billing rates, the number of hours incurred by each, the services performed by each and a summary of the necessary disbursements incurred is annexed hereto. Hourly rates reflect what Applicant generally charges its non-bankruptcy clients for similar services.

14.     In accordance with the Local Rules and the Administrative Order, a computerized printout of the Applicant's itemized time records and disbursements ("Time Records"), necessarily incurred in the performance of Applicant's duties as co-counsel to the Committee, is annexed to each of the Monthly Fee Applications (as defined in the Administrative Order). The Applicant has ordered the entries in its Time Records into various categories in accordance with the guidelines issued by the Office of the United States Trustee.

15.     It is Applicant's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Applicant has photocopying performed by an outside service whose rates range from $0.11 to $0.15 per page. Applicant charges $0.15 per page for internal printing and duplicating and $.95 per page for outgoing telecopy services.

16.     Applicant has worked closely with the Debtor, the Committee, the Debtor's advisors, and other professionals in the case to avoid unnecessary duplication of the services charged to the Committee.

17.     A certification pursuant to Del. Bankr. LR 2016-2(f) is annexed hereto as Exhibit "B."

## IV. CONCLUSION

18.      Applicant has necessarily and properly expended 123.60 hours of service in performance of its duties as counsel to the Committee during the Compensation Period. Accordingly, Applicant respectfully requests a fee allowance for professional services rendered in the amount of $38,759.50

19.      Applicant also respectfully requests reimbursement of disbursements actually and necessarily incurred in the amount of $5,113.59 during the Compensation Period.

20.      Although every effort has been made to include all fees and expenses incurred during the Compensation Period in this Application, some fees and expenses from the Compensation Period might not be included in the Application due to the delays caused by accounting and processing procedures. Applicant reserves the right to make further application to the Court for allowance of fees and expenses not included herein. As to fees and expenses incurred after March 31, 2002, Applicant will file subsequent fee applications in accordance with the Bankruptcy Code, the Bankruptcy Rules, the applicable local rules, the Administrative Order and any other procedures established by this Court.

**WHEREFORE**, Applicant respectfully requests an interim award of compensation for professional services rendered as counsel to the Committee during the Compensation Period in

the sum of $38,759.50, and reimbursement of disbursements actually and necessarily incurred in the amount of $5,113.59 during the Compensation Period, and for such other and further relief as this Court deems just and proper.

Dated: May 16, 2002

Michael R. Lastowski (DE I.D. No. 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:      mlastowski@duanemorris.com

Co-Counsel to the Official Committee of Unsecured Creditors