IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors | ) | Jointly Administered |

**Hearing Date:  May 20, 2002 at 10:00 a.m.**

# DEBTORS' REPLY TO ZAI CLAIMANTS MOTION TO STRIKE PROOFS OF CLAIM AND RESPONSE TO DEBTORS' PROPOSED ORDER SETTING INITIAL SCHEDULE FOR LITIGATION CONCERNING ZAI PRODUCT RISK

The ZAI Claimants completely misapprehend the purpose of this Court's decision to schedule a science trial on ZAI.  The science trial is the critical first step in case management with respect to ZAI Claims.  As stated by the Court at the April 22, 2002 hearing: "If there is no scientific basis for an injury of what ever nature, it doesn't matter whether your theory is that this sounds as a tort or whatever the consumer protection statute breach would sound in…It doesn't matter how the claim arises if there's no scientific evidence to substantiate that there's liability." (April 22, 2002 transcript at p. 25.)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ›N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The purpose of the science trial is to establish a foundation for the management of the ZAI Claims. This Court's decision to proceed first with a science trial was made in the context of the Debtors requesting a bar date for ZAI Claims and the ZAI Claimants request to certify a ZAI class. The Court appropriately recognized that before it could decide what the appropriate content of any bar date notice would be for ZAI Claimants or whether it would be appropriate to certify a class of ZAI Claimants, the Court had to know whether "there is some scientific evidence that shows that Zonolite really is creating some sort of a problem…" (March 18, 2002 transcript at p. 92)

As the Court stated so clearly at the March 18, 2002 hearing in this matter: "…there has been no test of the scientific side by way of an adjudication before this bankruptcy was filed, the debtor should know whether it is subject to liability on that score, and so should the creditor. And I think that piece ought to be determined before we alarm a lot of potential people who have Zonolite in their attics that there may or may not be some detriment as it turns out." (March 18, 2002 transcript at. p. 87)

The Debtors proposed Order setting forth an initial schedule for addressing the ZAI science issue poses two questions for the Court.  First, is it appropriate for the Debtors to file Proofs of Claim for the ZAI Claimants in order to bring the ZAI science issues before this Court?  The answer is clearly yes.  Second, is the schedule proposed by the Debtors for addressing the ZAI science issue reasonable?  Again, the answer is clearly yes.  All of the other issues raised by the ZAI Claimants in their Motion and Response are premature and completely irrelevant at this early stage in these cases.

**THE ZAI CLAIMANTS MISAPPREHEND THE PURPOSE OF THE SCIENCE TRIAL**

For the ZAI Claimants to raise issues with respect to the propriety of a class action or whether their consumer fraud or negligence allegations will be sustained, demonstrates that the

ZAI Claimants completely misapprehend the purpose of the science trial. The Court has not made any rulings with respect to the dispositive nature of the science trial. The decision to proceed with the science first was in the context of the Debtors' request for a bar date. The Court appropriately determined that before it could make any decisions with respect to the content of a bar date notice to potential ZAI Claimants or for that matter if a class should be certified for ZAI Claimants, the Court had to first decide whether ZAI poses any danger. All of the other issues raised by the ZAI Claimants are premature until that initial issue is addressed.

The Scheduling Order was submitted by the Debtors at the request of the Court as the critical first step in case management with respect to ZAI claims. Certainly the Debtors contend that the science issue is a dispositive issue in these cases. If ZAI is not dangerous, then there is no basis for ZAI claims. The ZAI Claimants, on the other hand, wrongfully assume away the science issue, state that ZAI is hazardous, and, based on that assumption, allege that the Court cannot address the science issue alone.

The fallacy of the ZAI Claimants' position is that all or most of their alleged "other" claims require a finding that ZAI is hazardous. No such finding has ever been made. The allegation has thus far not been tested anywhere, is very much disputed by the Debtors and cannot be assumed away by the ZAI Claimants. If ZAI is not hazardous, all of the ZAI Claimants other issues will fall away, e.g. there is nothing to warn about, no basis for a fraud claim, no breach of warranty, no unjust enrichment, etc.

The science trial is the linchpin to the ZAI Claims and the Court is precisely right to try that issue, and only that issue, first. It is the first step in managing the ZAI Claims. There may be numerous issues that will ultimately be relevant in deciding the ZAI Claims. Debtors do not seek to limit whatsoever the ZAI Claimants' right to assert those issues. All the Court has

suggested is that the science be addressed first because it could be both dispositive of certain matters and provide significant guidance with respect to how to proceed with ZAI Claims and the associated issues of notice and bar dates.

The ZAI Claimants dedicate the majority of their Motion and Response to setting forth an alleged factual history for the Court and then setting forth in detail the various issues that the ZAI Claimants believe are relevant to ZAI Claims. The Debtors do not agree with the accuracy of the ZAI Claimants recitation of history. Likewise, the Debtors disagree with the issue recitation outlined in the Motion and Response. However, that is the beauty of the Court's suggested approach to ZAI. We do not need to address and decide any of these matters at the present time. Such issues are premature and currently irrelevant.

### THE ZAI CLAIMS PROVIDE THE APPROPRIATE PLATFORM TO TEST THE SCIENCE

The ZAI Claimants argue that the Debtors, by filing the ZAI Proofs of Claim are attempting to co-opt their rights to define and file their claims. The ZAI Claimants are seeing a conspiracy where none exists. The Debtors have picked up on a concept formulated by this Court that takes a very complex set of claims and *begins* to assign some sort of order to approaching the claims. As the Court stated in the March hearing: "if we would simply get them [the ZAI Claimants] to file the proofs of claim and litigate the [science] issue in that context, or have the debtor file the proof of claim for them and then litigate the issue in that context, I think we could get to it in sort of a mini trial." (March 18, 2002 transcript at p. 88).

The ZAI Claims have been filed by the Debtors pursuant to section 501(c) of the Bankruptcy Code which permits Debtors to file proofs of claims for creditors who have not filed timely claims. The ZAI Claimants oppose the filing of the ZAI Claims, arguing that the Debtors seek to abuse the bankruptcy process by strategically segregating out for litigation claims of its

own choosing. The claimants "picked" by the Debtors were the only ZAI Claimants known to the Debtors – the named parties in the pending ZAI class actions. However, as the Court pointed out, ZAI counsel "represent[s] a whole lot of plaintiffs who can join in this action by simply filing a proof of claim. So, if [counsel] want more people to share that load [or participate in the process]… that opportunity is here. You file a proof of claim. And we still get to the common issue trial." (April 22, 2002 transcript at p. 30).

The ZAI Claimants argue that the Debtors' conduct in filing the ZAI Proofs of Claims is violative of section 501(c) and the statute's intent. The ZAI Claimants are simply wrong. Apparently unable to cite any case authority to support their challenge, the ZAI Claimants attempt to invoke the legislative history of the Bankruptcy Code to modify the plain meaning of section 501(c). As the Supreme Court has repeatedly held in interpreting the Bankruptcy Code, "when the statute's language is plain, the sole function of the courts at least where the disposition required by the text is not absurd is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 120 S.Ct. 1942 (2000) citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241(1989) (internal quotations omitted).

The meaning of section 501(c) could not be more clear: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The clarity of this language has been recognized by a number of courts. See *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 800 (D. Va. 1985) ("The language of 501(c) is clear and unambiguous. It enables the debtor to file a proof of claim for a creditor who fails to do so."); *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751, 752 (Bankr. M.D. Pa. 1983) ("We think that the logical meaning of [section 501(c)'s] language is clear. After a creditor fails to file a timely proof of claim, the debtor may file on behalf of a tardy creditor."); *In re Teichman*, 29 B.R. 323, 323-

C:\My Documents\Pachulski Work\Grace ZAI Reply.doc

24 (Bankr. E.D.N.Y. 1983) ("The language of [section 501(c)] is clear and unambiguous. It permits the trustee to file a claim on behalf of a creditor if and when the creditor fails to do so."). Section 501(c) plainly allows a debtor to file a proof of claim for any creditor who fails to timely file a proof of claim on its own behalf. There is no other reasonable reading of the statute and thus no basis for seeking a different meaning in the legislative history.[2]

The only possible issue in interpreting section 501(c) is what constitutes "timely" filing. However, as the ZAI Claimants recognize, the Bankruptcy Rules "determine whether claims are timely or tardily filed." (Motion to Strike and Response at p. 13, n.10). Bankruptcy Rule 3004 is as clear as section 501(c):

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of the creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.

The Debtors are not attempting to use Rule 3004 to enlarge any rights accorded to them under section 501(c), despite the naked assertion of the ZAI Claimants.[3] (Motion to Strike and Response at p. 13, n.10). Rule 3004 merely defines what constitutes a "timely" filing of a proof of claim and sets a time limit for a debtor (or trustee) to exercise its right under section 501(c) to file a proof of claim on behalf of a creditor who failed to timely file its own proof of claim.

---

[2] The Debtors recognize that in a few cases courts have denied the right to file a proof of claim under section 501(c) where the court found a chapter 7 trustee was filing proofs of claim in an effort to increase his fee. See, e.g., *In re Nettles,* 251 B.R. 899 (Bankr. M.D. Fla. 2000); *In re Mustelier,* 65 B.R. 59 (Bankr. S.D. Fla. (1986). However, the Debtors were unable to find any case where a court disallowed a dischargeable claims filed under 501(c) for strategic purposes, despite the ZAI Claimants unsupported assertion that such claims have been disallowed.

[3] In fact, the Advisory Committee Note to Rule 3004 specifically addresses two issues raised by the ZAI Claimants with respect to the interplay of section 501(c) and Rule 3004: (i) non-dischargeable claims ("the option accorded the Debtor by [section 501(c) of] the Code does not depend on the nondischargeability of the claim") and (ii) abridgement of the rights of creditors ("No serious administrative problems and no unfairness to creditors seemed to develop from adoption of . . . the forerunner to § 501.").

Further, despite the ZAI Claimants' assertion that application of Rule 3004 violates the Rules Enabling Act, case law addressing this issue has held that Rule 3004 in not inconsistent with section 501(c), specifically noting that Rule 3004 is authorized by the Rules Enabling Act. See *Matter of Danielson*, 981 F.2d 296, 298 (7th Cir. 1992). As the ZAI Claimants put it, this Court should decline the invitation to rewrite the Bankruptcy Code. The Debtors' filing of the ZAI Proofs of Claim was appropriate and must be sustained.

## **THE DEBTORS' PROPOSED SCHEDULING ORDER IS REASONABLE**

The Debtors' proposed Scheduling Order was filed at the Court's request and direction. It was drafted to set forth a procedure for addressing the science issue. The Scheduling Order sets forth dates for written discovery, depositions, disclosures and dispositive motions. The schedule outlined in the Scheduling Order was initially proposed to the ZAI Claimants by way of a letter in early April. The ZAI Claimants responded with one suggested change, which the Debtors incorporated into the Scheduling Order. The ZAI Claimants have raised no further issues with respect to the proposed schedule.

**CONCLUSION**

By filing the ZAI Proofs of Claim, the Debtors have brought before the Court a sample of ZAI Claims so that the Court may address the "science issue" that is core for proceeding in these cases. The Debtors propose a litigation schedule that outlines a reasonable approach for conducting the science trial. The ZAI Committee has stated no grounds for striking the ZAI Proofs of Claim and no grounds for denying the Debtors' request for entry of the Scheduling Order. The Debtors' Scheduling Order should be entered forthwith so that a trial on the ZAI science issue can proceed and the ZAI Claimants' Motion to Strike must be denied.

Dated: May 16, 2002

        KIRKLAND & ELLIS
        David Bernick
        James W. Kapp III
        Janet S. Baer
        Christian J. Lane
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

        <u>/s/  David W. Carickhoff, Jr.</u>
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile:  (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession