IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                        :   Chapter 11
                                              :   Case No. 01-01139 et seq.
                                              :
W. R. GRACE & CO., et al.,                    :   Jointly Administered
                                              :
                     Debtors,                 :
---------------------------------------------------------------- x

**REPLY OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
TO THE ZAI CLAIMANTS' MOTION TO STRIKE PROOFS OF CLAIM
[Docket No. 2045]**

The Official Committee of Equity Security Holders (the "Equity Committee"), by its undersigned counsel, hereby submits this Reply to the ZAI Claimants' Motion To Strike Proofs Of Claim dated May 10, 2002 (the "Motion"). For the reasons more fully set forth below, the Motion should be denied and the Debtor's proposed Order setting a schedule for litigating the filed ZAI claims should be adopted.

A.  **The Debtor has an absolute right to file proofs of claim
    on behalf of selected ZAI claimants.**

The ZAI claimants suggest in their Motion that the Debtor must wait until after a court-established claims bar to file claims on behalf of a creditor. In light of the plain and unambiguous language of 11 U.S.C. § 510(c) and Fed. R. Bankr. P. 3004, this assertion is entirely unfounded. Section 501(c) simply states that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file such proof of claim." Neither Section 501(c), nor the similarly worded Section 501(b), addresses the question of when the debtor may proceed to do so. That question is expressly answered by Rule 3004, which provides that "[i]f a

creditor fails to file a proof of claim on or before the first day set for the meeting of creditors called pursuant to Section 341(a) of the Code, the debtor or the trustee may do so in the name of the creditor within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." In this case, the applicable rule is Rule 3003(c), which provides that the court shall fix a bar date for filing proofs of claim.

A reading of Section 501(c) together with Rules 3003(c) and 3004 mandates the following schedule governing who may file proofs of claim when: 1) before the Section 341(a) meeting of creditors, only the creditor may file; 2) during the period between the Section 341(a) meeting and the bar date established under Rule 3003(c), either the creditor or the debtor may file; and 3) for 30 days after the Rule 3003(c) bar date, only the debtor may file. *See In re Kolstad*, 928 F.2d 171, 173 n.4 (5th Cir. 1991).

Rule 3004 also provides that "[a] proof of claim filed by a creditor pursuant to Rule 3002 or 3003(c), shall supersede the proof filed by the debtor or the trustee." The ZAI claimants' position -- that a debtor must wait until after the bar date to file a proof of claim -- would effectively nullify this portion of Rule 3004: after the bar date, creditors may no longer file claims and would therefore *never* be able to supersede claims filed by the debtor. Indeed, Judge Bentz rejected the interpretation now advanced by the ZAI claimants for this very reason. *See In re Snyder*, 156 B.R. 759, 760-61 (Bankr. W.D. Pa. 1993). It is a fundamental maxim of statutory construction that an interpretation that vitiates portions of a statute or renders them superfluous should be avoided.

2. **A common trial on scientific issues will prove useful regardless of the variety of legal causes of action asserted by the ZAI claimants.**

The fact that the ZAI claimants have asserted myriad legal theories under which Grace allegedly is liable to them does not preclude a bench trial of the scientific issues. While the ZAI claimants correctly point out that the elements of the various legal theories differ, *all* theories proceed from the common assumption that ZAI is hazardous to human health. If ZAI is not hazardous, Grace was not negligent (under any of the five standards asserted in the Motion) to have sold it, there was no duty to warn, the product did not violate any warranties and its sale did not constitute an unfair trade practice. The trial of this issue will be to the Court alone, not to a jury. Accordingly, there should be no fear that the differing legal standards will result in confusion; the Court is eminently capable of applying the various legal standards to the factual findings to determine whether any claims survive.

KL2:2155775.1

## Conclusion

The Equity Committee respectfully requests that the ZAI claimants' Motion be denied and that the Debtor's proposed scheduling order be approved.

Dated: May 17, 2002

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By: _____
Teresa K. D. Currier (ID No. 3080)
Jeffrey R. Waxman (ID No. 4159)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gary M. Becker
919 Third Avenue
New York, New York 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Attorneys for the Official Committee of
Equity Security Holders