## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

### EIGHTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

1.      I am a partner in the firm of Kirkland & Ellis ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601. I am admitted to practice in the Supreme Court of Illinois, the United States District Court for the Northern District of Illinois, the United States

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Court of Appeals for the Seventh Circuit, the United States District Court for the Eastern District

of Wisconsin, the United States District Court for the Western District of Michigan, the Supreme

Court of New York, the Southern District of New York, the Eastern District of New York, the

United States District Court for Arizona and the Supreme Court of the United States.  I am

authorized to make this affidavit on K&E's behalf.

2.      On April 2, 2001 (the "Petition Date"), each of the above-captioned

debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the

"Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code (as

amended, the "Bankruptcy Code").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors have continued to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      By this Court's order, dated May 3, 2001, the Debtors were authorized to

retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and

prosecution of the Chapter 11 Cases and all related matters.  The following affidavits in support

of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

I:\Project Allen\Postpetition Motions\Supplemental Affidavits\Sprayregen Eighth Affidavit-4-16-02.ver2.doc

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement") filed October 24, 2001;

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement") filed November 13, 2001; and

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed April 11, 2002 (the Seventh Supplement", together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement and the Sixth Supplement, the "Affidavits")

4.    This Eighth Supplement to the Original Affidavit is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). K&E has continued to search on its electronic database for its connection to the entities listed on the exhibits attached to the Affidavits.

5.    The Eighth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Seventh Supplement. K&E remains disinterested within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and neither holds nor represents interests adverse to the Debtors or to the Debtors' estates.

6.    Except as specifically disclosed in the Affidavits, or as discussed below, to the best of my knowledge, K&E does not represent any of the Debtors' known creditors. Kirkland & Ellis, however, will continue to file Supplemental Affidavits when necessary and when K&E becomes aware of material information.

7.    K&E has in the past represented and continues to represent the General Motors Corporation ("GM") on various corporate and general litigation matters. Recently,

3

K&E's representation was expanded and it was retained by GM to represent it as counsel in various asbestos litigation matters. Specifically, K&E has been retained by GM to represent it in the Federal Mogul bankruptcy case with respect to asbestos litigation against GM which it believes is derivative of Federal Mogul's asbestos liability, and which it is seeking to have removed and transferred to the Federal Mogul proceedings.

8.      General Motors Acceptance Corporation ("GMAC"), a subsidiary of GM, has filed a proof of claim against W. R. Grace & Co. - Conn., one of the Debtors, for approximately $11,177 for unpaid prepetition lease payments on an automobile that are purportedly secured by that automobile. With respect to this claim (and any other claims for which the parties may become adverse) against the Debtors, K&E has not represented and will not represent GM or GMAC, and K&E has not represented and will not represent the Debtors with respect to any claims against GM or GMAC. K&E has made this position clear to both the Debtors and to GM and GMAC.

9.      In addition, K&E has represented in the past and continues to represent Cable Design Technologies ("CDT") in various corporate and general litigation matters. Recently, K&E's role was expanded to represent CDT in a state court asbestos-related personal injury suit, Genolio v. Raybestos-Manhattan, Inc., et al., Case No. 01-307714 (Cal. Super. Ct., Cty. of San Francisco) in which Grace is a named defendant. CDT itself is not a named defendant. Instead, CDT purchased the assets of Dearborn Wire & Cable, L.P. ("DWC, LP"). The general partner of DWC, LP is Dearborn Wire & Cable, Inc. ("DWC, Inc. 1"). The summons named DWC, Inc., which is not the same entity as DWC, Inc. 1, but is nevertheless related through various corporate restructurings (hereinafter "DWC, Inc. 2") because one of the named defendants, Lenz Electric Manufacturing, Co. ("Lenz") had its operating assets purchased by a company that later sold those assets to DWC, Inc. 2. The summons asserted successor

4

liability by DWC, Inc. 2 on behalf of Lenz Electric.  CDT tendered the defense of the lawsuit to the owners of DWC, Inc. 1, which filed a motion to quash that was granted on January 11, 2002.

10.    K&E has not, and will not, advise CDT in connection with the merits of this litigation in any fashion that is adverse to any of the Debtors in these Chapter 11 Cases. K&E has made this position clear to both the Debtors and to CDT.

11.    K&E will continue to periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Fed. R. Bankr. P. 2014(a) requires.

I:\Project Allen\Postpetition Motions\Supplemental Affidavits\Sprayregen Eighth Affidavit-4-16-02.ver2.doc

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

_____
JAMES H.M. SPRAYREGEN, ESQ.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me
this 23rd day of May, 2002.

_____
Notary Public
My Commission Expires:

> "OFFICIAL SEAL"
> Nancy Freeman Shobeiri
> Notary Public, State of Illinois
> My Commission Expires March 14, 2006