**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ──────────────────────────x | |

**MOTION OF ANTHONY JAMES McMAHON AND THOMAS ALEXANDER RIDDELL OF KPMG, IN THEIR CAPACITY AS SCHEME ADMINISTRATORS OF ENGLISH AND AMERICAN INSURANCE CO. LIMITED, FOR AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016**

Anthony James McMahon and Thomas Alexander Riddell of KPMG, in their capacity as scheme administrators (the "Scheme Administrators") of English and American Insurance Co. Limited ("EAIC"), for its motion seeking entry of an order pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling production of documents by the above captioned debtors ("Debtors"),[1] by the undersigned attorneys, respectfully represent as follows:

───────────────────

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc., (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, (continued…)

**INTRODUCTION**

1. The Scheme Administrators are entrusted with protecting the rights of creditors of the EAIC estate. As discussed more fully below, in order to fulfill their duties to EAIC's creditors, the Scheme Administrators need to perform a limited investigation of certain transactions involving the Debtors because such transactions may have had the effect of depriving EAIC's creditors of certain assets.

    A.    **EAIC's Insolvency Proceedings**

2. EAIC is insolvent and subject to a Scheme of Arrangement with its creditors, as approved by the required majorities of creditors of EAIC on December 15, 1994 and sanctioned by an order of the High Court of Justice in England on January 25, 1995 (the "Original Scheme"). As stated in the Original Scheme at section 1.4.1, its purposes are: (a) to enable EAIC's liabilities to be established in the normal course; (b) to provide for the payment of dividends to EAIC's creditors; and (c) to provide for the retention of sufficient cash assets to enable EAIC to pay dividends to creditors whose claims become established at a later date.

3. On January 31, 1995, the United States Bankruptcy Court for the Southern District of New York issued a permanent injunction under section 304 of the Bankruptcy Code enforcing the terms of the Original Scheme against creditors of EAIC in the United States (the "Permanent Injunction").

4. A further Scheme of Arrangement between EAIC and its creditors was approved by the required majorities of creditors of EAIC on July 5, 2000 and sanctioned by an order of the High Court of

---

(continued…)

    Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corporation, Inc. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Justice in England on July 24, 2000, which amended certain provisions of the Original Scheme (as amended, the "Restated Scheme"). On July 26, 2000, the United States Bankruptcy Court for the Southern District of New York issued an Order Amending And Re-Affirming the Permanent Injunction Order, which enforces the Restated Scheme against creditors of EAIC in the United States.

### B.   The Debtors' Proceedings

5.   On April 2, 2001 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code as amended (the "Bankruptcy Code"). Since that time, the Debtors have continued to operate and manage their respective businesses and properties as debtors-in-possession.

6.   The Debtors engage in specialty chemicals and materials businesses, operating on a worldwide basis, with their corporate headquarters located in Columbia, Maryland. See Affidavit of David B. Siegel, Senior Vice President and General Counsel of W.R. Grace & Co. In Support of First Day Motions ("Siegel Affidavit") [Docket #7], ¶ 2. The Debtors' parent company, W.R. Grace & Co. ("Grace"), is a global holding company that conducts substantially all of its business through a direct, wholly owned subsidiary W.R. Grace & Co.-Conn. ("Grace-Conn"). Id. Grace-Conn owns substantially all of the assets, properties and rights of Grace in the United States and has 76 domestic subsidiaries and affiliates, 60 of which are debtors and debtors in possession. Id. Grace's businesses are managed globally from a strategic operating standpoint. Id.

### C.   EAIC's Relationship With the Debtors

7.   EAIC is an insurance company incorporated in England. In the 1970s and early 1980s, Grace obtained excess and umbrella liability coverage for its business from a number of insurers, including EAIC (the "London Market Insurers"). Specifically, EAIC participated in certain of the policies through a fronting account arranged with C.T. Bowring & Co. (Insurance) Ltd. (the "Subject Policies"). EAIC's exposure to Grace under the Subject Policies was reinsured 100% by Gerling Global General & Reinsurance Co., Ltd. and Gerling Kunzern Allegemeine Versch (collectively, "Gerling").

8. Pursuant to the terms of the Subject Policies, Grace is required to submit covered claims to EAIC and the other participating insurers. The submission of claims by Grace triggers EAIC's ability to submit claims to Gerling under the reinsurance policies.

9. In the early 1990s, Grace sued all of its London Market Insurers to recover amounts it owed to thousands of bodily injury and property damage claimants. In 1995, certain London Market Insurers entered into a settlement agreement with Grace and Grace-Conn to provide a procedure for the handling of claims and allocating defense costs and indemnity payments regarding the resolution of asbestos-related claims and non-asbestos product liability claims (the "Settlement Agreement").

10. In October 1998, EAIC entered into a supplemental agreement with Grace and Grace-Conn to confer upon the parties all the rights and burdens contained in the Settlement Agreement (the "Supplemental Agreement", and together with the Settlement Agreement, the "Agreements"). Significantly, the Supplemental Agreement makes clear that insolvent EAIC has the same rights as the solvent London Market Insurers under the Settlement Agreement.

    **D.**    **Lack of Submission of Claims Under the Subject Policies And Agreements**

11. By October of 1998, Grace had submitted twelve (12) claim billings to EAIC pursuant to the Agreements. Since October 1998, Grace has not submitted any claim billings to EAIC, however, the Scheme Administrators have learned that Grace continued to submit claim billings to its other London Market Insurers.

12. Absent the submission of claims from Grace, EAIC is unable to submit claims to Gerling. Consequently, the Scheme Administrators are concerned that, while they know that these claims exist (given that the rest of the London Market Insurers have received billings), they are not able to properly inform EAIC's reinsurers by way of updating them on potential losses, which could also jeopardize the ability of the Scheme Administrators to collect under the reinsurance policies.

13. Grace's only contractual relationship is with EAIC. Under the Subject Policies and Agreements, Grace is required to submit claims to EAIC. Grace is not in contractual privity with Gerling; as a matter of law, Grace has no claim to the reinsurance proceeds. However, the Scheme Administrators

are concerned that Grace may have entered into a "cut-through" arrangement with Gerling under which Gerling would pay some portion of the reinsurance proceeds otherwise payable to EAIC directly to Grace. From EAIC's perspective, the cut-through arrangement would have the effect of depriving EAIC's creditors of assets, i.e., the payments due from Gerling.

**RELIEF REQUESTED**

14. The Scheme Administrators seek entry of an order, pursuant to Rules 2004 and 9016 of the Bankruptcy Rules, directing the production of documents by the Debtors as identified in the Schedule annexed hereto as Exhibit A (the "Documents").

15. By way of motion "of any party in interest," Bankruptcy Rule 2004(b) provides for an inquiry ranging broadly over any "acts, conduct, or property [of the debtor] or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  See In re ECAM Productions, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a [Bankruptcy] Rule 2004 examination is so broad it can be in the nature of a 'fishing expedition'.") Pursuant to Bankruptcy Rule 2004(c), the production of documentary evidence may be compelled in the manner provided in Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial. Bankruptcy Rule 9016 incorporates Federal Rule of Civil Procedure 45, which provides for a subpoena to be issued commanding each person to whom it is directed to produce documents at a time and place therein specified.

16. Despite the Scheme Administrators' attempts to obtain information from the Debtors through informal means, the Debtors have not been forthcoming.  As a result, the Scheme Administrators have been left with no choice but to proceed under Bankruptcy Rules 2004 and 9016 in order to fulfill their duties to EAIC's creditors by investigating, among other things, whether Grace has failed to submit claims to EAIC and whether a cut-through arrangement has been entered into between Grace and Gerling. Depending upon what is discovered from reviewing the Documents, the Scheme Administrators may have claims against Grace and/or Gerling.

5

00092968

17. The Scheme Administrators are acutely aware of the demands made upon debtors in insolvency proceedings. Consequently, the document requests are not overbroad or burdensome; instead, there are only four (4) document requests seeking limited information. Accordingly, the Scheme Administrators ask this Court to enter an order, substantially in the form attached hereto, pursuant to Bankruptcy Rules 2004 and 9016, authorizing the service of subpoenas seeking the Documents.

18. No prior application or motion for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Scheme Administrators respectfully request that this Court enter the annexed Order and grant such other and further as may be just and proper.

Dated:    Wilmington, Delaware
             May 29, 2002

CLIFFORD CHANCE ROGERS & WELLS LLP
John S. Mairo, Esquire
200 Park Avenue
New York, NY 10166
(212) 878-8000

MURPHY SPADARO & LANDON

/s/ Francis J. Murphy
Francis J. Murphy (#  223  )
824 Market Street
Suite 700
Wilmington, DE  19801
Telephone: (302) 654-4600
Facsimile: (302) 654-4775
FMurphy@msllaw.com
Attorneys for Anthony James McMahon and Thomas Alexander Riddell of KPMG, in their capacity as Scheme Administrators of English And American Insurance Co. Limited

00092968