EXHIBIT A

**SCHEDULE OF DOCUMENTS TO BE PRODUCED BY THE DEBTORS**

**DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "Claims" means any and all claims covered by the Subject Policies, the Settlement Agreement and/or the Supplement Agreement.

2. "Concerning" means relating to, referring to, describing, evidencing and constituting.

3. "Debtors" means, individually and collectively, the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co. – Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc., (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace

JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corporation, Inc. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

4. "Document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any written, printed, recorded, taped, electronically or digitally encoded, graphic or other information, including originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found not on the originals. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans, audit work papers, books, books of account, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, electronic mail (e-mail), estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, principals' and employees' personnel files, principals' and employees' review check lists, permanent files, photographs, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers and sheets or things similar to any of the foregoing however denominated. The term "document" further means any document now or at any time in the possession, custody, or control of the entity or entities to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the

00093144

term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof.

5.  "Gerling" means Gerling Global General & Reinsurance Co., Ltd. And Gerling Kunzern Allegemeine Versch and any of its present or former parents, subsidiaries and affiliates, and any attorney, agent or representative currently or formerly acting on behalf of Gerling.

6.  "Grace" means W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), a Delaware corporation, and any of its present or former parents, subsidiaries and affiliates, and any attorney, agent or representative currently or formerly acting on behalf of Grace.

7.  "London Market Insurers" means those insurance companies that Grace obtained excess and liability coverage from in the 1970s and early 1980s for Grace's business.

8.  "Settlement Agreement" means the agreement executed by Grace, Grace–Conn and certain London Market Insurers on November 17, 1995 in the resolution of asbestos – related claims and non-asbestos related claims against Grace.

9.  "Subject Policies" means those insurance policies involving Grace in which EAIC participated in through a fronting account arranged with C.T. Bowring & Co. (Insurance) Ltd.

10. "Supplemental Agreement" means the agreement executed by Grace, Grace–Conn (on its own behalf and as attorney-in-fact for W.R. Grace & Co., a New York corporation) and EAIC (by one of its Scheme Administrators) on October 15, 1998 to confer upon the parties thereto all of the rights and burdens contained in the Settlement Agreement.

00093144

## INSTRUCTIONS

A.    The documents covered by this request include all documents in the Debtors' possession, custody or control.  Unless otherwise indicated, this request covers all documents generated or received during the period from January 1, ____ through and including the date of production.

B.    Each request for the production of documents shall be deemed to be continuing in nature.  If at any time additional documents come into the Debtors' possession, custody or control or are brought to the Debtor's attention, prompt supplementation of the Debtors' response to these requests is required.

C.    The Debtors shall produce all documents in the manner in which they are maintained in the usual course of their business and or they shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

D.    Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

E.    Any document withheld from production based on privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document, including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.  The nature of each claim of privilege shall be set forth.

F.    Documents attached to each other should not be separated.

00093144

G.    Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents, which are called for by this discovery request.

H.    If any document within the scope of this request has been destroyed, that document shall be identified including identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date, and subject matter. The circumstances of such destruction shall be set forth, and any documents relating to such destruction shall be produced.

I.    The fact that a document is produced by another party does not relieve the Debtors of the obligation to produce a copy of the same document, even if the two documents are identical.

J.    In producing documents and other materials, the Debtors are requested to furnish all documents or things in their possession, custody or control, regardless of whether such documents or materials are possessed directly by them or their directors, officers, agents, employees, representatives, managing agents, affiliates, accountants, investigators or attorneys.

K.    All documents produced shall be bate-stamped by the Debtors in numerical order.

L.    If the Debtors object to any part of any request, they shall state fully the nature of the objection. Notwithstanding any objections, they shall nonetheless comply fully with the other parts of the request not objected to.

M.    Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

N.    The terms "all" and "each" shall be construed as "all and each."

00093144

O.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.    The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

## DOCUMENT REQUESTS

1.    All documents concerning the submission of Claims to the London Market Insurers by Grace or any of the other Debtors after September 1, 1998.

2.    All documents concerning the reporting of Claims information by Grace or any of the other Debtors directly to Gerling.

3.    All documents concerning any agreement between Grace or any of the other Debtors and Gerling relating to any actual or proposed agreement for the payment of Claims directly by Gerling to Grace or any of the other Debtors.

4.    All documents concerning payments by Gerling to Grace or any of the other Debtors relating to the Claims.

00093144