IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 1968 |

Hearing Date: June 18, 2002 at 1:00 p.m.

### DEBTORS' RESPONSE TO EDYTHE KELLOGG'S MOTION FOR RECONSIDERATION (DOCKET NO. 1968)

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, respectfully submit this response to Edythe Kellogg's Motion for Reconsideration (the "Motion"). The Debtors respectfully represent as follows:

### Background

On or about February 7, 2002, Edythe Kellogg ("Kellogg") filed a motion (the "Motion") seeking relief from the automatic stay to pursue an action captioned Kellogg v. Wayne Lamar Nussbaum and W.R. Grace Co., Case No. 01AS07626, (Sup. Ct. Sacramento, CA) (the "Kellogg Action") for alleged personal injuries suffered when one of the Debtors' employees allegedly injured Kellogg in a motor vehicle accident.

The Debtors maintain automobile liability insurance through an insurance contract (the "Policy") with certain affiliates of American International Group, Inc. (collectively, the "Insurers"). The Policy provides for a deductible in the amount of $250,000.00 per accident (the "Deductible"). The Insurers have provided the Debtors with a Deductible Coverage Endorsement (the "Endorsement") which obligates the Insurers to make initial payment of all sums which the Insurers are obligated to pay up to the Policy limit, subject to the Debtors' obligation to repay the Deductible (the "Deductible Reimbursement") within fifteen (15) days

91100-001\DOCS_DE:47813.1

after receipt of an invoice for the Deductible Reimbursement from the Insurers. The Debtors have provided the Insurers with two letters of credit (the "Letters of Credit") as security for the Deductible Reimbursement. If the Debtors do not make the Deductible Reimbursement within the required time, the Insurers may draw on the Letters of Credit. One of the Letters of Credit is issued by Chase Manhattan Bank ("Chase") and is secured by cash collateral. Chase may draw on the cash collateral if the Insurers draw on the Chase Letter of Credit.

At the hearing before this Court on April 22, 2002 (the "Omnibus Hearing"), the Court denied the Kellogg's Motion to Annul the Automatic Stay, stating that "because of the fact that the Debtor has to reimburse the insurance company, [the Kellogg Action] really is a suit against the Debtor for the first $250,000 of proceeds." (Transcript of April 22 Hearing at page 81). After Kellogg proposed filing a proof of claim for $250,000 and proceeding against the Insurers only, the Court stated "I have my doubts that it would work that way to the extent that Chase has a right to go against cash collateral. I don't think that your client filing a proof of claim for the first 250,000 would solve that issue." (Transcript at 82). The Court allowed Kellogg "to file a motion for reconsideration within ten days in the event that [the Court is] not aware of all of the facts that [Kellogg] believe[s] [the Court] should be aware of." (Transcript at 84).

On or about April 25, 2002, Kellogg filed the Motion in which Kellogg proposes waiving any claim to the first $250,000.00 of any judgment entered in the Kellogg Action. The proposed waiver apparently is an effort to release the Debtors from their obligation to make the Deductible Reimbursement. The Motion, however, fails to present any new facts (or any facts whatsoever) pertaining to the Debtors' obligations under the Policy that were not already before the Court at the Omnibus Hearing.

## Discussion

As recognized by the Court at the Omnibus Hearing, Kellogg's proposed waiver does not eliminate the risk that the Debtors' estates will expend assets if the automatic stay is modified to allow the Kellogg Action to proceed. In particular, the terms of the Policy obligate the Debtors to pay the Deductible, notwithstanding any waiver from Kellogg. If the Insurers pay any amount related to the Kellogg Action, the Deductible Reimbursement obligation applies to the first $250,000.00 paid out by the Insurers to Kellogg, regardless of the total paid to Kellogg. Moreover, Kellogg does not, and cannot, point to any provision of the Policy that indicates that Kellogg's proposed waiver would release the Debtors from their obligation to make the Deductible Reimbursement. Thus, allowing the Kellogg Action to proceed could result in a draw on the assets of the Debtors' estates and thereby provide Kellogg with improper preferential treatment with respect to other similarly situated unsecured creditors.

Moreover, even if the Debtors agreed with Kellogg that the waiver would release the Debtors from the Deductible Reimbursement obligation, there is no guarantee that the Insurers would also agree. If the Kellogg Action were allowed to proceed, there is nothing to prevent the Insurers from subsequently objecting to the waiver or seeking to draw down on the Letters of Credit. Neither Kellogg nor the Debtors have the ability to enforce Kellogg's waiver of the Reimbursement Obligation against the Insurers. As the Court noted at the Omnibus Hearing: "in all probability the insurance company will deny coverage until the Debtor does make whatever reimbursement is necessary and we're right back into collateral litigation anyway, which is what I'm trying to avoid." (Transcript at 83).

### Conclusion

Kellogg has not proposed a resolution that ensures that allowing the Kellogg Action to proceed will not create a draw on the assets of the Debtors' estates. Nor has Kellogg presented any facts not before the Court at the Omnibus Hearing. Despite the Court allowing for reconsideration "in the event that [the Court is] not aware of all of the facts that [Kellogg] believe[s] [the Court] should be aware of," the Motion is a mere restatement of previously presented facts and a repackaging of an offer made at the Omnibus Hearing. (Transcript at 84). For these reasons and the reasons set forth in Debtors' Response, the Motion should be denied.

Dated:  May 30, 2002

        KIRKLAND & ELLIS
        David M. Bernick
        James W. Kapp, III
        Christian J. Lane
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

        */s/ David W. Carickhoff*
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile:  (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession