Objection Date: July 1, 2002 at 4:00 p.m.
Hearing Date: July 22, 2002 at 10:00 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE | ) | Case No. 1:01-01139 |
| | ) | |
| DEBTOR | ) | |

NOTICE OF MOTION OF GENERAL ELECTRIC RAILCAR CORPORATION
FOR (i) RELIEF FROM STAY TO TERMINATE LEASES AND RECOVER
RAILROAD CARS; (ii) ADEQUATE PROTECTION; (iii) AN ORDER
REQUIRING THE DEBTOR TO ASSUME OR REJECT LEASES;
(iv) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIMS;
AND (v) FOR AN ORDER REQUIRING AN ACCOUNTING

TO:   The Debtors, The United States Trustee, and all other parties receiving notice of this motion:

General Electric Railcar Corporation ("Railcar") filed a motion for (i) relief from stay to terminate leases and recover railroad cars; (ii) adequate protection; (iii) an order requiring the debtor to assume or reject leases; (iv) allowance and payment of administrative claims; and (v) for an order requiring an accounting (the "Motion") in the United States Bankruptcy Court for the District of Delaware.

Responses to the Motion, if any, must be filed with the Clerk, U.S. Bankruptcy Court for the District of Delaware, 824 N. Market Street Wilmington, Delaware 19801 on or before July 1, 2002 at 4:00 p.m.

At the same time, you must also serve a copy of the response upon creditor's attorney:

Martin J. Weis, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103

A HEARING ON THE MOTION WILL BE HELD ON July 22, 2002 at 10:00 a.m. before the Honorable Mary F. Walrath, U.S. Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 5, 2002        BY:    /s/ Martin J. Weis
                                  Counsel to General Electric Railcar Services
                                  Corporation

453918_1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE | ) | Case No. 1:01-01139 |
| | ) | |
| Debtors | ) | |

**Motion of General Electric Railcar Services Corporation for (i) Relief from Stay to Terminate Leases and Recover Railroad Cars; (ii) Adequate Protection; (iii) an Order Requiring the Debtor to Assume or Reject Leases; (iv) Allowance and Payment of Administrative Claims; <u>and (v) for an Order Requiring an Accounting</u>**

General Electric Railcar Services Corporation ("Railcar"), a creditor and party-in-interest in the above-referenced bankruptcy case, hereby requests that this Court enter an Order granting it relief from the automatic stay to terminate its unexpired leases with W.R. Grace & Company ("W.R. Grace" or the "Debtor"); permitting Railcar to recover railroad cars; providing adequate protection; requiring the Debtor to make a determination to assume or reject its leases with Railcar; providing for the allowance and payment of an administrative expense claim; and requiring an accounting; and, in support thereof, avers as follows:

1. On or about April 20, 2001, W.R. Grace filed Chapter 11 bankruptcy in the District of Delaware.

2. Railcar is the holder of a prepetition unsecured claim in the amount of $8,317.38. Railcar is in the business of, among other things, providing railcars for a broad range of industries, including agriculture, forest products, utilities, petrochemicals/chemicals, auto, steel and consumer goods. In addition, Railcar repairs, maintains and provides administrative support services for its customers.

3. Since the filing of the bankruptcy, W.R. Grace continues to possess and use Railcar's railroad cars.

452453_1

4. This is a contested matter in which the Court has jurisdiction pursuant to 28 U.S.C. §1334, 28 U.S.C. §157 and the standing order of reference in this district. Venue is proper in this district pursuant to 28 U.S.C. §1409(a). The statutory predicates for this motion are 11 U.S.C. §§361, 362, 365, 704, 1106 and 1107.

5. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G), (O).

## Leases

6. Prior to the filing of the bankruptcy case, the Debtor entered into two lease agreements[*] with Railcar for two hundred railroad cars.

7. A schedule of outstanding railroad cars is attached hereto as Exhibit "A" and incorporated by reference.

## Post-Petition Activity

8. Since the filing of the bankruptcies, W.R. Grace has, upon information and belief, continued to use the railroad cars in connection with its business.

9. The use of the railroad cars has conferred an actual and necessary benefit to the Debtor's estate.

10. Since the filing of the bankruptcy, W.R. Grace has not made the required payments to Railcar for the use of the railroad cars.

11. The Debtor continues to accrue thousands of dollars of obligations for the railroad cars.

---

* Copies of the leases are in possession of the Debtor. Additional copies will be made available upon request to counsel for Railcar.

12. As of April, 2002, the Debtor owed $118,584.02 for post-petition use of the railroad cars. See Aging Invoice attached as Exhibit "B".

13. Since the Filing Date, the Debtor has not sought approval to assume or reject the leases.

## Relief From Stay

14. Railcar requests that relief from the automatic stay be granted in order to take all steps necessary to terminate its lease arrangements with the Debtor and, to the extent necessary, reclaim the 200 railroad cars.

15. In its pertinent part, Section 362(d) of the Bankruptcy Code provides:

> (d) On request of a party-in-interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>     (a) the debtor does not have any equity in such property; and,
>     (b) such property is not necessary to an effective reorganization.

11 U.S.C. §362(d)(1), (2).

16. Among other things, Railcar is not adequately protected because the Debtor has failed to make the required payments to Railcar post-petition.

17. In addition, the Debtor does not have any equity in the leased or rented railroad cars and, upon information and belief, these railroad cars are not necessary to an effective reorganization.

18. Cause exists for granting relief from stay or, in the alternative, requiring the Debtor to provide adequate protection to Railcar.

19. In this case, adequate protection must include payments of all sums due under the lease agreements and a prompt determination whether to assume or reject the leases.

### Adequate Protection

20. Railcar's lease agreements with the Debtor did not expire prepetition.

21. Pursuant to Section 365 of the Bankruptcy Code, a debtor-in-possession is required to perform under any unexpired lease until such time as the debtor has assumed or rejected the lease. See 11 U.S.C. §365(d)(3), (10).

22. Here, W.R. Grace is obligated to make all payments when due if it wants the leases to remain in effect.

23. To the extent that these railroad cars can be returned by W.R. Grace in short order, Railcar may be able to mitigate its damages and a potentially large administrative claim may be avoided. To the extent the Court is unwilling to lift the automatic stay to allow termination of the lease, Railcar requests that this Court order that the Debtor provide the following as adequate protection:

   a. W.R. Grace shall pay Railcar the sum of $118,584.02 representing the amounts due as of April 3, 2002. This amount shall be paid on or before June 15, 2002;

   b. Thereafter W.R. Grace shall pay all monthly invoices when due pursuant to the terms of the lease and rental agreements; and

   c. On or before July 31, 2002, the Debtor shall file and pursue a motion to either assume or reject the leases with Railcar. To the extent that the Debtor determines that it will be rejecting the leases, the Debtor shall surrender all railroad cars for repossession by Railcar. In the event that the Debtor fails to file a motion to assume the lease(s) by June 20, 2002, the leases shall be deemed rejected and the Debtor shall consent to the surrender of the railroad cars.

### Railcar's Administrative Expense Priority Claim

24. Section 503(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, "there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after commencement of the case." When a debtor continues to use leased personal property prior to rejection of lease, the debtor is liable for the rental payments accruing during the period of use, and that obligation is treated as a Section 503 post-petition administrative expense. In re Trans World Airlines, Inc., 145 F.3d 124 (3rd Cir. 1998).

25. Subsequent to the enactment of the 1994 Amendments to the Bankruptcy Code, the required performance of the debtor under an unexpired lease of personal property is bifurcated into two periods of time. During the initial 59 days of the case, the debtor is required to pay according to its actual use and occupancy of the personalty. See In re Russell Cave Co., Inc., 247 B.R. 656, 659 (Bankr. E.D. KY 2000). It is presumed that the appropriate rate for the debtor's use and occupancy is the contract rate. See In re Braniff Airways, Inc., 783 F.2d 1283, 1286 (5th Cir. 1986).

26. During the period following the initial 59 days of the filing, the debtor's obligation to pay rent at the contract rate is absolute. See Russell Cave, 247 B.R. at 659; 11 U.S.C. §365(d)(10).

27. This obligation continues until the debtor terminates its obligations under the lease either by rejection or assumption and assignment.

28. Since the Debtor has utilized the railroad cars and is still responsible for them pursuant to the leases, the Debtor should be required to promptly pay all outstanding post petition amounts due Railcar.

## Accounting

29.     The Debtor has utilized Railcar's railroad cars in the course of its businesses.

30.     Pursuant to 11 U.S.C. §704, a trustee is required to furnish information concerning the estate and the estate's administration as is requested by a party in interest. 11 U.S.C. §704(7).

31.     This duty evolves to the debtor-in-possession in a Chapter 11 case. 11 U.S.C. §§1106(a)(1) and 1107(a).

32.     Hence, the Debtor should be required to provide Railcar with all information regarding the condition, location and utilization of the railroad cars identified in this motion.

WHEREFORE, for the foregoing reasons General Electric Railcar Services Corporation, respectfully requests that this Court enter an Order granting relief from stay to allow it to take all steps to terminate its lease and arrangements and reclaim its railroad cars, or, in the alternative,

requiring that the Debtor assume or reject the unexpired leases within a period of time and, in the interim, make all post-petition lease payments due and adequate protection payments to Railcar.

          By:   /s/ Martin J. Weis
                 Martin J. Weis, Esquire
                 Pa. I.D. No. 51379
                 D. Sam Anderson, Esquire
                 Pa. I.D. No. 85991
                 Dilworth Paxson LLP
                 3200 Mellon Bank Center
                 Philadelphia, PA 19103-7595
                 (215) 575-7000

                 and

                 Peter C. Hughes, Esquire
                 I.D. No. 4180
                 First Federal Plaza
                 Suite 500
                 Wilmington, DE 19801
                 (302) 571-9800

                 Attorneys for General Electric Railcar Services Corporation

EXHIBIT A

444831_1

*List of Applicable Leases*

**WR Grace #1822**

| Rider # | Expiration Date | # cars on billing | Car Type | Rate | |
|---|---|---|---|---|---|
| 2 | 8/31/03 | 6 | HOPPER GRAV 100-125T 5700 | $ | 505.00 |
| 7 | 6/30/03 | 6 | HOPPER GRAV 100-125T 5700 | $ | 530.00 |
| 8 | 8/31/03 | 6 | HOPPER PNEUM 100-125 5820 | $ | 550.00 |
| 9 | 2/28/03 | 8 | HOPPER GRAV 100-125T 4500 | $ | 400.00 |
| 10 | 4/30/03 | 7 | HOPPER PD 100-125T 4900 | $ | 745.00 |
| 11 | 5/31/03 | 12 | HOPPER GRAV 100-125T 4500 | $ | 395.00 |
| 14 | 6/30/02 | 6 | TANK MULTI-CMP OR SPECIAL | $ | 615.00 |
| 15 | 12/31/02 | 4 | TANK MULTI-CMP OR SPECIAL | $ | 485.00 |

**WR Grace # 3224**

| Rider # | Expiration Date | # cars on billing | Car Type | Rate | |
|---|---|---|---|---|---|
| 1 | 8/31/05 | 13 | HOPPER PD 4900 | $ | 780.00 |
| 3 | 6/30/03 | 8 | HOPPER PD 4900 | $ | 795.00 |
| 6 | 7/31/02 | 15 | HOPPER PD 4900 | $ | 815.00 |
| 7 | 1/31/02 | 11 | HOPPER PD 4900 | $ | 815.00 |
| 8 | 3/31/02 | 8 | HOPPER PD 4900 | $ | 815.00 |
| 12 | 11/30/01 | 5 | HOPPER PD 4900 | $ | 815.00 |
| 13 | 7/31/03 | 24 | HOPPER PD 4900 | $ | 795.00 |
| 14 | 11/30/02 | 12 | HOPPER PD 4900 | $ | 745.00 |
| 15 | 11/30/02 | 4 | HOPPER PD 4900 | $ | 745.00 |
| 16 | 5/31/03 | 2 | HOPPER PD 4900 | $ | 745.00 |
| 17 | 2/28/03 | 23 | HOPPER PD 4900 | $ | 780.00 |
| 18 | 1/31/02 | 10 | HOPPER PD 4900 | $ | 745.00 |
| 19 | 4/30/04 | 10 | HOPPER PD 4900 | $ | 745.00 |

# EXHIBIT B

444831_1

A/R

**WR Grace # 3224**

| Invoice | Date Due | Gross Amount | Open Amount | | |
|---|---|---|---|---|---|
| 455993 | 05/01/99 | $ (1,563.75) | $ (1,563.75) | $ | (1,563.75) |
| 492513 | 05/03/00 | $ 1,183.95 | $ 1,183.95 | $ | 1,183.95 |
| 498667 | 07/04/00 | $ 62.66 | $ 62.66 | $ | 62.66 |
| 65107 | 02/07/02 | $ 49.74 | $ 49.74 | | |
| 70424 | 03/31/02 | $ 742.00 | $ 742.00 | | |
| 69082 | 04/01/02 | $ 1,490.00 | $ 1,490.00 | | |
| 69083 | 04/01/02 | $ 74,395.47 | $ 74,395.47 | | |
| 69084 | 04/01/02 | $ 16,390.00 | $ 16,390.00 | | |
| | | $ 92,750.07 | $ 92,750.07 | | |

**WR Grace #1822**

| Invoice | Date Due | Gross Amount | Open Amount | | |
|---|---|---|---|---|---|
| 20411 | 11/01/00 | $ 3,219.22 | $ 3,219.22 | | 3,219.22 |
| 22998 | 12/01/00 | $ 2,190.68 | $ 2,190.68 | | 2190.68 |
| 25826 | 01/01/01 | $ 3,224.62 | $ 3,224.62 | | 3224.62 |
| 68732 | 04/01/02 | $ 25,516.81 | $ 25,516.81 | | |
| | | $ 34,151.33 | $ 34,151.33 | $ | 8,317.38 |

8,317.38 Total due pre-petition
Date of filing was 04/20/01
$118,584.02 Post-Petition, include 04/02 which