IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES OF WALLACE, KING, MARRARO & BRANSON, PLLC AS SPECIAL ENVIRONMENTAL AND LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2002 THROUGH MARCH 31, 2002**

Upon the application (the "Fourth Quarterly Fee Application")[2] of the Debtors seeking the entry of an order allowing it (i) compensation in the amount of $50,671.90 for the reasonable and necessary legal services WKMB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that WKMN incurred in the amount of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Fourth Quarterly Fee Application.

$8,576.72 in each case for the Fee Period from January 1, 2002, through March 31, 2002; and it appearing that the Court has jurisdiction to consider the Fourth Quarterly Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Fourth Quarterly Fee Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fourth Quarterly Fee Application having been given; and it appearing that the relief requested in the Fourth Quarterly Fee Application is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Fourth Quarterly Fee Application is granted in its entirety on an interim basis; and it is further

ORDERED that, for the Fee Period January 1, 2002 through March 31, 2002, an administrative allowance shall be made to Wallace, King, Marraro & Branson, PLLC in the sum of $50,671.90, as compensation for reasonable and necessary professional services rendered to the Debtors; and it is further

ORDERED that, for the Fee Period January 1, 2002, through March 31, 2002, an administrative allowance shall be made to Wallace, King, Marraro & Branson, PLLC in the sum of $8,576.72 for reimbursement of actual and necessary costs and expenses incurred; and it is further

ORDERED that the Debtors be authorized and directed to pay to WKMB the outstanding amount of such sums as described above, less any amounts previously paid to

WKMB pursuant to the Applications and the procedures set forth in the Interim Compensation Order; and it is further

ORDERED that WKMB has the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the January through March 2002 period that are not otherwise included in the relevant Applications; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2002

_____
The Honorable Judith K. Fitzgerald