IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------)
In re                                              )    Chapter 11
                                                   )
W. R. GRACE & CO., et al.,                         )    Case No. 01-01139 (JKF)
                                                   )    (Jointly Administered)
                                                   )
                          Debtors.                 )    **Hearing Date: July 22, 2002 at 10:00 a.m.**
                                                   )    **Objection Deadline: July 8, 2002 at 4:00 p.m.**
---------------------------------------------------------)

# THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS' RESPONSE AND MOTION PURSUANT TO SECTION 503 OF THE BANKRUPTCY CODE TO RETAIN SPECIAL COUNSEL FOR THE PURPOSE OF DEFENDING OBJECTIONS TO ZONOLITE ATTIC INSULATION PROOFS OF CLAIM

TO:     THE HONORABLE JUDITH K. FITZGERALD,
        UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through undersigned counsel, respectfully files this response and motion (the "Motion") seeking entry of an order pursuant to section 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") authorizing the retention of special counsel ("Special Counsel") for purposes of defending objections to Zonolite Attic Insulation ("ZAI") proofs of claim. In support of the Motion, the PD Committee represents as follows.

## INTRODUCTION

1.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On the Petition Date, the Court entered an order of joint administration pursuant to Rule 1015(b) of the

\74817\15563\ # 571366 v 3

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of these cases and for their consolidation for procedural purposes only. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On April 12, 2001, the United States Trustee appointed the PD Committee. At the PD Committee's original organizational meeting, it selected Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") as its bankruptcy counsel.

3. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On or about April 22, 2002, pursuant to section 501(c) and Bankruptcy Rule 3003, the Debtors filed proofs of claim on behalf of ten Zonolite Attic Insulation claimants (the "ZAI Claimants")[1] with the intent of commencing a contested claims process with respect to such claimants.

5. Thereafter, on or about May 10, 2002, counsel for certain of the ZAI Claimants[2] filed a Motion to Strike Proofs of Claim and Response to Debtors' Proposed Order Setting Initial Schedule for Litigation Concerning Zonolite Attic Insulation Product Risk (the "Motion to Strike").

6. At the May 20, 2002 omnibus hearing, the Court denied the Motion to Strike without prejudice to the ZAI Claimants "amending them [the proofs of claim filed by the Debtors], substituting them, to refilling them …". See May 20, 2002 Trans. at 93, lines 20-24.[3]

---

[1] As set forth in the Debtors' Notice of ZAI Claim of Filings and of Hearing, the Debtors filed proofs of claim on behalf of Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, Edward M. Lindholm, John Sufnarowski, James and Doris McMurchie, John and Margery Prebil and Paul Price, Stephen B. Walsh.
[2] Counsel for Marco Barbanti, Ralph Busch, John and Margery Prebill, and Paul Price.
[3] The relevant portions of the May 20, 2002 Transcript are attached hereto as Exhibit "A".

\74817\15563\ # 571366 v 3        2

To the knowledge of the PD Committee, as of the date of this Motion, John and Margery Prebil, Paul Price, Marco Barbanti and Ralph Busch filed amended proofs of claim on or about May 30, 2002.

7. Further, at the May 20, 2002 hearing, the Court ruled that the Debtors' estates would be responsible for the fees and expenses of counsel for the ZAI Claimants in defending the objections to the ZAI proofs of claim. See May 20, 2002 Trans., at 70, lines 3-6. The Court directed the PD Committee to either (a) inform the Court that Bilzin would be counsel to the ZAI Claimants in defense of the Debtors' objections to their proofs of claim or (b) submit an application to retain Special Counsel. Id. at 105, lines 3-6; Id. at 68, lines 9-13.

8. The Court, having determined the necessity of determining the "science" of ZAI prior to moving forward with a determination on class certification, bar date and notice programs issues with respect to ZAI claims, ruled that if the PD Committee engaged Special Counsel to ZAI Claimants for purposes of defending objections to the ZAI Claimants' proof of claims, such counsel would be entitled to an administrative claim under section 503 of the Bankruptcy Code for benefiting the Debtors' estates. Id. at 68, lines 14-18.

9. The PD Committee (and its counsel), which was formed under section 1103 of the Bankruptcy Code, is unable to represent the interests of individual claimants. As an 1103 committee, the PD Committee is charged with representing the interests of asbestos property damage claimants ("PD Claimants") generally, and thus, has a fiduciary duty to all PD Claimants and the Court. See In re Mesta Machine Co., 67 B.R. 151, 157 (W.D. Pa. 1986). Conversely, counsel to any particular claimant owes a duty only to that claimant. However, given the Court's alternative that the PD Committee act as "gatekeeper" in facilitating the ZAI "science" trial, the PD Committee has designated the Special Counsel set forth below to serve as counsel to the ZAI

Claimants in the ZAI "science" trial, expressly without waiving the substantive rights of any single claimant that does not participate in the trial.

10. Accordingly, the PD Committee hereby submits this motion to retain Special Counsel.

## RELIEF REQUESTED

11. At the direction of the Court, by this Motion, the PD Committee respectfully requests that the Court enter an order authorizing the retention of Special Counsel to defend objections to the ZAI Claimants' proofs of claim, the compensation of such Special Counsel pursuant to section 503 of the Bankruptcy Code, and granting such further and other relief as this Court deems just and proper.

## THE PD COMMITTEE IS UNABLE TO UNDERTAKE THE REPRESENTATION OF INDIVIDUAL CLAIMANTS

12. The Court has ruled that only the ZAI Claimants, or any other claimants with ZAI Claims that filed proofs of claim by May 30, 2002, would be entitled to participate in the ZAI "science" trial. See May 20, 2002 Transcript, at 78-79, 83. Although the process that the Court has set in place may well be illuminating on class certification, bar date and notice program issues with respect to ZAI claims generally, the fact remains that the process only implicates, at most, claims of a limited number of specific ZAI Claimants. Consequently, the PD Committee is legally powerless to undertake representation of such a cause.

13. However, the Court gave the PD Committee an alternative -- select Special Counsel to defend objections to the ZAI Claimants' proofs of claim, subject to each Claimants' right to engage his or her own counsel -- to serve as a "gatekeeper" of sorts to ensure that the Court's directive that there be a ZAI "science" trial is facilitated. To further facilitate the "science trial," the Court, recognizing the inherent unfairness of requiring some ten ZAI

\74817\15563\ # 571366 v 3               4

Claimants to "bear the brunt" of litigating the "science" trial, ordered, subject to the approval of the Court of a budget, that the Debtors' estates would be responsible for the costs of the trial for the ZAI Claimants' counsel. See Id., at 68.

14. The PD Committee is prepared to serve in the role of "gatekeeper," expressly without waiving the substantive rights of any particular property damage claimant. To that end, the PD Committee has designated the law firms set forth below nominated by the ZAI Claimants to serve as Special Counsel for the limited purposes described in this Motion. The PD Committee will leave it to Special Counsel to designate who will be "Lead Counsel" among them.

## SPECIAL COUNSEL'S QUALIFICATIONS

15. Special Counsel specialize in the areas of product liability and consumer protection litigation, with a particular expertise in toxic torts, including asbestos. The lawyers who will be principally responsible for the matters set forth herein have served as lead or co-lead counsel in numerous Federal or State certified class actions. Special Counsel serve as counsel in a certified Washington State class action, Barbanti v. W.R. Grace, and in the consolidated Federal Multi-District Litigation (pending certification at the time of filing of the Debtors' bankruptcy) related to ZAI, pending in the United States District Court for the District of Massachusetts (In re Price, MDL 1376). Special Counsel have been actively involved in litigating claims related to ZAI for two years prior to the Debtors' bankruptcy.

## SERVICES TO BE PROVIDED BY SPECIAL COUNSEL

16. The PD Committee anticipates that Special Counsel will provide services to the ZAI Claimants as needed throughout the course of the "science" trial with respect to ZAI, including:

(a)  representation of the ZAI Claimants with respect to all aspects of the ZAI "science trial" (including representation of the ZAI Claimants in any ensuing appeals);

(b)  selection of experts and consultants; and

(c)  such other services as are necessary during the course of the ZAI "science" trial.

## SPECIAL COUNSEL'S COMPENSATION

17.  Special Counsel has agreed to accept as compensation for its services in this case such sums as may be allowed by this Court, based upon the services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

18.  Special Counsel has agreed to be compensated for its services on an hourly basis, in accordance with its normal billing practices, subject to allowance by this Court in accordance with the Court's Administrative Fee Order governing compensation of professionals and reimbursement of expenses, as amended (the "Fee Order").  The current hourly rates of Special Counsel are as follows:

| **Firm** | **Charge Per Hour** |
|---|---|
| Lukins & Annis, PS<br>- Darrell Scott<br>- Burke Jacowich | $300<br>$130 |
| Lieff, Cabraser, Heimann & Bernstein, LLP<br>- Elizabeth Cabraser<br>- Thomas Sobol<br>- Jeniene Matthews | $650<br>$550<br>$300 |
| Richardson, Patrick, Westbrook, Brickman<br>- Ed Westbrook | $650 |
| Ness, Motley, Loadholt, Richardson & Pole<br>- Robert Turkewitz | $400 |

\74817\15563\ # 571366 v 3

6

| | |
|---|---|
| McGarvey, Heberling, Sullivan & McGarvey, P.C.<br>- Allan McGarvey | $200 |

19. In addition, also subject to allowance by this Court in accordance with the Fee Order, Special Counsel shall bill the Debtors for reimbursement of all of its reasonable out-of-pocket expenses incurred in connection with their employment for the purposes stated herein.

20. Special Counsel submits, for purposes of approval of their retention, that the aggregate amount of fees and expenses that they expect to incur during the course of their representation of the ZAI Claimants with respect to defending objections to their claims will not exceed $4,229,000, as more particularly described on the budget attached hereto as Exhibit "B".

## DISCLOSURE CONCERNING CONFLICTS

21. Upon information and belief, none of the firms comprising Special Counsel represents or holds any interest adverse to the Debtors' estates or their creditors in the matters upon which such firms are to be engaged, except to the extent set forth in the annexed affidavit of a member from each firm (the "Special Counsel Affidavits").[4] However, each firm is a multi-lawyer firm with a national practice and may represent or may have represented certain of the Debtors' creditors or equity holders in matters unrelated to these Chapter 11 Cases.

## NOTICE

22. Proper notice of this Application has been given and the PD Committee submits that no further notice be given.

---

[4] Two Affiants of the Special Counsel law firms were unexpectedly unavailable to execute their respective affidavits prior to filing of this Motion. As a result, these affidavits will be filed with the Court early next week.

\74817\15563\ # 571366 v 3           7

**Case No. 01-01139**

## WAIVER OF MEMORANDUM OF LAW

23. As there are no novel issues of law presented herein, the PD Committee waives its right to file a memorandum of law in support of the Application, pursuant to Rule 7.1.2(a) of the Local Rules, incorporated by reference into the Local Bankruptcy Rules by General Order #9D.

## PRIOR REQUEST FOR RELIEF

24. No previous application for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the PD Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit "B" pursuant to section 503 of the Bankruptcy Code (a) authorizing the retention of Special Counsel pursuant to the terms outlined in this Motion and (b) granting such further and other relief as this Court deems just and proper.

Dated: June 7, 2002

    BILZIN SUMBERG DUNN BAENA
      PRICE & AXELROD LLP

    Scott L. Baena (admitted pro hac vice)
    Jay M. Sakalo (admitted pro hac vice)
    2500 First Union Financial Center
    200 South Biscayne Boulevard
    Miami, Florida 33131-2336
    (305) 374-7580

    and

    FERRY, JOSEPH & PEARCE, P.A.
    824 Market Street, Suite 904
    P.O. Box 1351
    Wilmington, Delaware 19899
    Telephone: (302) 575-1555

    By: /s/ Theodore J. Tacconelli
        Michael B. Joseph
        (Del. Bar No. 392)
        Theodore J. Tacconelli
        (Del. Bar No. 2678)

    Counsel for the Official Committee of Asbestos
    Property Damage Claimants