IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., et al., | ) (Jointly Administered) <br> ) |
| Debtors. | ) Response Due: July 1, 2002 <br> ) Hearing: July 22, 2002 at 10:00a.m. |

### DEBTORS' SUGGESTION OF A PROPOSED BUDGET FOR PROSECUTION OF ZAI CLAIMANTS' CASE IN THE "SCIENCE" TRIAL

Debtors, pursuant to the May 20, 2002 hearing, subsequent communication from the Court's Clerk to counsel, and the proposed Order with respect to ZAI lodged with the Court on June 6, 2002 but not yet entered, submit this suggestion for a budget for prosecution of the ZAI claimants' case relating to the "science" determination.

### I.    ASSUMPTIONS

Any litigation budget necessarily must be based on assumptions concerning the yet to be developed litigation. In addition, in this particular matter, it is understood that the Court and the claimants are concerned that claimants' costs to litigate this matter be provided for. Debtors' budget is based upon the experience of Debtors' Special Asbestos Counsel in the six-month period June through November of 2000 in connection with the discovery and preliminary injunction hearing in Barbanti v. W.R. Grace & Co., No. 00-2-01756-6 (Superior Court, State of Washington, County of Spokane) and related proceedings, including In re: Zonolite Attic Insulation Products Liability Litigation, MDL Docket No. 1376 (D. Mass.). Based upon that experience and the involvement of many, if not all, of the law firms representing individual ZAI claimants here, Debtors' suggested budget is based upon the following assumptions:

    1.    The discovery taken in Barbanti, to the extent relevant to these proceedings, would be admissible in these proceedings.

    2.    The ZAI claimants will utilize the services of six to eight expert witnesses.

3. Each expert deposition will be approximately eight hours long, but in no event more than 16 hours long.

4. The number of fact witness depositions will be few because the current proceedings are limited to the "science" aspects of ZAI and relatively short due to the prior discovery in Barbanti and related cases. This budget assumes the number of claimant and fact witness depositions for all parties to be in the range of 15 to 20 depositions. Depositions of fact witnesses will be no more than eight hours long, absent good cause shown.

5. From the beginning of discovery to the conclusion of a bench trial, if one is necessary, will involve approximately 9-12 months, unless the Court accelerates discovery even more than outlined in the Debtors' most recent proposed scheduling order.

6. In order to have the "science" issues decided, ZAI claimants must prosecute their "science" case. But such individual claimants are concerned about incurring liability for expenses as well as compensating their attorneys. Therefore, the Court has suggested and the Debtors will agree that out-of-pocket expenses will be paid by the Debtors' estates and some provision will be made to assure that counsel's costs to prosecute the case are covered.

7. Asbestos property damage and bodily injury claims are generally litigated by counsel on a contingent fee basis, not on an hourly basis.

8. It would be unfair and not in the best interests of the Debtors' estates or its creditors for the Debtors to pay ZAI claimant's attorneys their full hourly rates to attempt to prove liability against the Debtors while Debtors have to pay their own attorneys to defeat that very same liability.

9. There will likely be a need for some attorney fee compensation in order for the claimants to retain counsel to prosecute the "science" case on claimants' behalf.

10. The debtors do not know the current fee or expense structure of the law firm which the ZAI claimants seek to retain, their current hourly rates or the fee arrangements they currently may have with the claimants.

11. The parties have not had an opportunity to discuss with each other the potential fee arrangements or to discuss the precise issues to be prosecuted in the "science" matter and the true scope of the discovery necessary to litigate the "science" matter.

## II. **PROPOSED BUDGET**

12. The Debtors will pay reasonable out-of-pocket expenses of the ZAI claimants not to exceed $250,000.

13. The Debtors will pay professional fees to lawyers and paralegals representing the ZAI claimants at the rate of 75% of their standard hourly rates but not to exceed $100 per hour.

14. The professionals representing the ZAI claimants will be entitled to the remaining 25% of their standard hourly rates or the excess of the fees over the $100 per hour fee cap, plus an additional 10% of their standard hourly rates (for total compensation of 110% of their standard hourly rates) in the event that the ZAI claimants are successful in prevailing in the "science" matter.

Dated: June 7, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
Andrew R. Running
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
Telephone: 312.861.2000
Facsimile: 312.861.2200

and

REED SMITH LLP
James J. Restivo, Jr.
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

/s/ David W. Carickhoff
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 9801)
Telephone: 302.652.4100
Facsimile: 302.652.4400

Co-Counsel for Debtors and Debtors in Possession