IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Response due: July 10, 2002 |

### DEBTORS' OMNIBUS OBJECTION TO THE
### ZONOLITE ATTIC INSULATION PROOFS OF CLAIM

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby object to the various Zonolite Attic Insulation ("ZAI") Proofs of Claim filed by the Debtors and certain Amended ZAI Proofs of Claim filed by certain Claimants and request that the Court enter an Order disallowing the claims, as set forth below. In support of this Objection, the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory basis for the relief requested herein is section 502 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. On April 12, 2002 the Debtors, pursuant to section 501(c) of the Bankruptcy Code, filed ten unsecured ZAI Claims (collectively, the "Claims") on behalf of the following individual claimants: Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, James and Doris McMurchie, Edward M. Lindholm, John Sufnarowski, Stephen B. Walsh, John and Margery Prebil, and Paul Price (collectively, the "Claimants").

5. The Claims were filed as disputed Claims.

6. The stated bases for the Claims include, but are not necessarily limited to the following: product liability associated with the ZAI product, negligence, deceit, fraudulent concealment, fraud by non-disclosure, breach of warranty, unfair and deceptive business practices and violations of various consumer fraud statutes, as outlined in the various complaints filed by the Claimants against the Debtors. The Claims did not include any class allegations as made by the Claimants in their various complaints.

7. No amount was stated in the Claims, as none was stated in the complaints.

8.  On May 20, 2002, at an Omnibus hearing in the Chapter 11 Cases, the Court denied certain Claimants' motion to strike certain of the Claims, directed that the Claimants file amended Proofs of Claim within 10 days, and directed that the Debtors file objections to the Claims and any amended claims, 10 days after the filing of the amended claims, if any. An Order outlining the Court's ruling in this regard was submitted to the Court on June 6, 2002, but as of the date of the filing of this Objection, the Order had not been entered.

9.  At the May 20, 2002 hearing, the Court also indicated that it would not take up any issues with respect to class claims or the certification of a ZAI class in the Chapter 11 Cases until after the Court conducts a "science trial" with respect to ZAI.

10.  On May 30, 2002, the following claimants filed Amended Proofs of Claim related to ZAI: Marco Barbanti, Ralph Busch, John and Margery Prebil and Paul Price (collectively, the "Amended Claims"). In the Amended Claims, the claimants make certain allegations with respect to ZAI contamination on their property and damage to the property. The legal bases alleged for the Debtors' liability in the Amended Claims includes strict product liability, negligence, deceit, fraudulent concealment, fraud by non-disclosure, and unfair and deceptive business practices.

11.  The Amended Claims allege a total amount of claim as of the Petition Date of between Ten Thousand dollars ($10,000) and Forty Thousand dollars ($40,000).

### The Objections and Requested Relief

12.  By this Objection, the Debtors seek disallowance of the Claims and the Amended Claims, pursuant to section 502(b)(1) of the Bankruptcy Code, because the Claims and Amended Claims do not state any legal bases on which the Debtors have any liability to the Claimants.

13.  There is no scientifically reliable evidence that ZAI poses an unreasonable risk of harm to the occupants of homes.

14. Scientific analysis has repeatedly shown that ZAI contains trace amounts of respirable asbestos fibers (between $1/100^{th}$ and $1/1,000^{th}$ of 1% by weight).

15. There is no scientifically reliable evidence that the mere presence of ZAI in an attic creates any airborne asbestos fibers.

16. Due to the manner in which ZAI is utilized in homes, including the location of the product and the infrequency of disturbances, ZAI does not result in exposure to biologically significant amounts of asbestos fibers.

17. There is no scientifically reliable evidence that the limited frequency or duration of potential disturbances of ZAI result in hazardous levels of airborne asbestos fibers.

18. Neither epidemiological data nor scientific studies have established that such low level, sporadic non-occupational exposures to products with trace amounts of asbestos cause an increased incidence of disease to building occupants and, as a result, the ZAI allegedly placed in Claimants' homes does not represent a legally recognizable risk to occupants of the homes.

19. The theoretical risk of disease, if any, allegedly resulting from the ZAI is lower than the risk associated with many every day activities which individuals accept as a necessary part of daily life.

20. The ZAI which Claimants chose to place in their homes poses no legally recognizable risk to anyone and, therefore, such alleged risk cannot outweigh the utility of the alleged products.

21. To the extent that the Debtors were on notice of any alleged hazard for which Claimants seek relief, which Debtors deny, Claimants also had, or reasonably should have had, such notice and are, therefore, barred from recovery.

22. To the extent that ZAI was used or installed as set forth in the Claims or Amended Claims, those claims are barred because the ZAI manufactured and sold by the Debtors at the time of sale conformed to the state-of-the-art applicable to such products at the time of the sale.

23. To the extent ZAI was used or installed as set forth in the Claims or Amended Claims, Claimants are barred because the ZAI manufactured and sold by the Debtors at the time of sale complied with applicable codes, standards or regulations adopted or promulgated.

24. The Debtors assert that the Claims and Amended Claims do not contain sufficient information to establish whether and to what extent Claimants actually suffered any damages for which the Debtors are liable. The Debtors accordingly deny that they are liable to Claimants for the damages set forth in the Claims and Amended Claims.

25. The Debtors assert that the Claims and Amended Claims fail to state a claim upon which relief may be granted.

26. Upon information and belief, the Debtors assert that the Claims and Amended Claims are barred by the applicable statute of limitation and/or statute of repose.

27. Upon information and belief, the Debtors assert that the Claims and Amended Claims are barred by the doctrine of laches.

28. To the extent that Claimants have sustained any of the damages alleged in the Claims or Amended Claims, which Debtors deny, such damages constitute only economic loss which is not recoverable in negligence or strict liability.

29. To the extent that Claimants have sustained any of the damages alleged in the Claims or Amended Claims, which Debtors deny, such damages were the proximate and direct result of the acts of third parties unknown to Debtors and over whom Debtors have and had no control.

30. To the extent that Claimants have sustained any of the damages alleged in the Claims or Amended Claims, which Debtors deny, such damages were the result of the sole and contributory negligence of Claimants and/or their agents, and any recovery should be precluded by the negligence of Claimants.

31. To the extent that Claimants have sustained any of the damages alleged in the Claims or Amended Claims, which Debtors deny, such damages resulted from the comparative fault of Claimants and/or their agents, which fault is greater than any fault of Debtors, and any recovery should be precluded or reduced accordingly.

32. To the extent that Claimants have incurred damages, which Debtors deny, Claimants have failed to mitigate such damages.

33. Claimants are not entitled to recover for damages which may or may not be incurred in the future.

34. The Debtors reserve the right to file additional objections to the Claims and the Amended Claims upon conclusion of the science trial or at any other appropriate time.

### Notice

35. Notice of this Objection has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to all official committees appointed by the United States Trustee, and (iv) counsel for the ZAI Claimants. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) disallowing the Claims and the Amended Claims, and (ii) granting such other relief as the Court deems just and proper.

Dated: June 10, 2002

    KIRKLAND & ELLIS
    David M. Bernick
    Andrew R. Running
    James W. Kapp III
    Janet S. Baer
    200 East Randolph Drive
    Chicago, Illinois 60601
    (312) 861-2000

    REED SMITH LLP
    James J. Restivo, Jr.
    Paul M. Singer
    435 Sixth Avenue
    Pittsburg, PA 15219
    (412) 288-3131

    and

    PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

    /s/ David W. Carickhoff, Jr.
    Laura Davis Jones (#2436)
    David W. Carickhoff, Jr. (#3715)
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, Delaware 19899-8705 (Courier 19801)
    (302) 652-4100

    Co-Counsel for the Debtors and Debtors in Possession