IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## AFFIDAVIT OF EDWARD J. WESTBROOK

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) ss. |
| COUNTY OF CHARLESTON | ) |

Edward J. Westbrook, Esq., being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the State of South Carolina, among other jurisdictions and courts. I am a member of the firm Richardson, Patrick, Westbrook & Brickman, LLC ("RPW&B"), which maintains offices in Barnwell, South Carolina, Charleston, South Carolina and Mt. Pleasant, South Carolina. My office is currently located at 28 Bridgeside Boulevard, Mt. Pleasant, South Carolina 29464. I am familiar with the matters set forth herein and make this affidavit in support of the response and motion of the Official Committee of Asbestos-Related Property Damage Claimants (the "PD Committee") of the above captioned debtors (the "Debtors") seeking to retain specified lawyers and law firms, effective as of June 7, 2002, as Special Counsel to the Zonolite Asbestos Insulation claimants ("ZAI Claimants") pursuant to 11 U.S.C. §§ 1103(a).

2. To the best of my knowledge and information, except in connection with certain asbestos property damage claimants individually represented, RPW&B neither

holds nor represents any interest adverse to the PD Committee, the Debtors, their creditors or other parties in interest or their respective attorneys in this case. In order to make this determination, I requested that a search be made of the firm's clients to determine if it represents or has represented: (i) the Debtor, W.R. Grace & Co., or the 62 entities affiliated with W.R. Grace & Co., as they appear in the chapter 11 petition of W.R. Grace & Co.; (ii) the members of the Official Committee of Unsecured Creditors; (iii) the Officiate Committee of Asbestos Personal Injury Claimants; (iv) significant stockholders of the Debtors' parent company; (v) senior officers and directors of the Debtors; (vi) other estate professionals retained in the cases; and (vii) the Debtors insurers.

3. Based upon information currently available to me, other than as set forth above, RPW&B has no connection with the Debtors, their creditors, or any other party in interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the office of the United States Trustee, except that from time to time, RPW&B may have represented certain creditors and other parties in interest, or interests adverse to such creditors or parties in interest in matters unrelated to the Debtors' chapter 11 cases. Unless otherwise noted, (a) none of the past or present clients disclosed represent in excess of one tenth of one percent of the Firm's annual revenue, and (b) engagements concluded five or more years ago are excluded

4. In addition to the foregoing, due to the size and diversity of its practice, RPW&B may have represented or otherwise dealt with, and may now be representing or otherwise dealing with various persons (and their attorneys and accountants) who are or may consider themselves creditors, equity security holders or parties in interest in these

cases but who are not presently identified as creditors or equity security holders. However, such representations or involvement, if any, do not relate to the Debtors or their estates.

5. No agreement exists, nor will any be made, to share any compensation received by RWP&B for its services in this engagement with any other person or firm.

6. RPW&B is willing to be retained by the Property Damage Committee as Special Counsel to the ZAI Claimants and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with section 503 of Title 11, the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and any Orders of the Court entered in these cases.

_____
Edward J. Westbrook, Esquire

Sworn to before me this
7th day of June, 2002

_Kimberly Anderson_
Notary Public

My commission expires: March 31, 2004