8/16/01
mbe

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al.,[1] ) | Case No. 01-0____ (____) |
| ) | Jointly Administered) |
| Debtors. ) | |

### AFFIDAVIT UNDER 11 U.S.C. 327(e)

STATE OF NEW HAMPSHIRE    )
                                              )  ss:
COUNTY OF MERRIMACK       )

I, Gregory H. Smith, being duly sworn, upon my oath, depose and say:

1. I am a Director of McLane, Graf, Raulerson and Middleton, Professional Association, located at 900 Elm Street, P.O. Box 326, Manchester, NH 03105-0326 (the "Firm").

2. The Debtors have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.); W.R. Grace & Co.-Conn.; A-1 Bit & Tool Co., Inc.; Alewife Boston Ltd.; Alewife Land Corporation; Amicon, Inc.; CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.); CCHP, Inc.; Coalgrace, Inc.; Coalgrace II, Inc.; Creative Food 'N Fun Company; Darex Puerto Rico, Inc.; Del Taco Restaurants, Inc.; Dewey and Almy, LLC (f/k/a Dewey and Almy Company); Ecarg, Inc.; Five Alewife Boston Ltd.; G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.); G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.); GEC Management Corporation; GN Holdings, Inc.; GPC Thomasville Corp.; Gloucester New Communities Company, Inc.; Grace A-B, Inc.; Grace A-B II Inc.; Grace Chemical Company of Cuba; Grace Culinary Systems, Inc.; Grace Drilling Company; Grace Energy Corporation; Grace Environmental, Inc.; Grace Europe, Inc.; Grace H-G Inc.; Grace H-G II Inc.; Grace Hotel Services Corporation; Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.); Grace Offshore Company; Grace PAR Corporation; Grace Petroleum Libya Incorporated; Grace Tarpon Investors, Inc.; Grace Ventures Corp.; Grace Washington, Inc.; W.R. Grace Capital Corporation; W.R. Grace Land Corporation; Gracoal, Inc.; Gracoal II, Inc.; Guanica-Caribe Land Development Corporation; Hanover Square Corporation; Homco International, Inc.; Kootenai Development Company; L B Realty, Inc.; Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grave JVH, Inc., Asbestos Management, Inc.); Monolith Enterprises, Incorporated; Monroe Street, Inc.; MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation); MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.); MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.); Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidation Corp., Emerson & Cuming, Inc.); Southern Oil, Resin & Fiberglass, Inc.; Water Street Corporation; Axial Basin Ranch Company; CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company; H-G Coal Company.

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 cases, for persons that are parties-in-interest in the Debtors' Chapter 11 cases. In addition, the Firm represents an entity which performed services to a Debtor pre-bankruptcy, which is owed amount for such services, and which continues to provide services and has advised the client and continues to advise the client about its rights to payment and related matters. The client, however, is not involved in the matter in which the Debtors seeks to employ the Firm and therefore the Firm does not hold an interest adverse to the Debtors on the matter in which the Debtors seeks to retain the Firm.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these Chapter 11 cases. Other than as noted in Paragraph 3 of this Affidavit, the Firm does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, their attorneys or accountants, that would be adverse to the Debtors or their estates.

5. Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

7. The Debtors owe the Firm $5,881.86 for prepetition services.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Executed on *August 16*, 2001.

_____
Gregory H. Smith

Sworn to and subscribed before me
this *16th* day of *August*, 2001

_____
Shirley Raymond

Notary Public of the State of New Hampshire
My Commission Expires

MY COMMISSION EXPIRES
DECEMBER 6, 2005