IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. _____ |

### ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN A PRIME LEASE AND THE ACCOMPANYING SUBLEASE

Upon the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order under sections 105(a), 363(b) and 365(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to assume and assign the Leases and the Sublease;[2] and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

91100-001\DOCS_DE:49213.1

this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all parties-in-interest; and it being found that pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtors have cured all defaults arising under the Leases and the Sublease; and that the terms and conditions of the Assignment Agreement are fair and reasonable; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to assume and assign the Leases and the Sublease to the Landlord in all respects; and it is further

ORDERED that the Debtors are authorized to pay the Transfer Payment to the Landlord and perform such other obligations as required under the Assignment Agreement; and it is further

ORDERED that the Debtors do not waive any claims they may have against the counterparties under the Leases or the Sublease arising prior to the effective date of the assignment, whether or not related to the Leases or the Sublease; and it is further

ORDERED that the counterparties to the Leases and the Sublease are hereby barred from asserting any claims against the Debtors related to the curing of defaults under section 365(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED that in accordance with section 365(k) of the Bankruptcy Code, the Debtors are hereby relieved from any liability for any breach arising under or related to the Leases and the Sublease and occurring after the date of assignment of the Leases and the Sublease; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that the stay of order authorizing the assignment of an executory contract or unexpired lease provided for in Fed. R. Bank. Proc. 6006(d) shall not apply to this Order, and this Order is hereby immediately effective and enforceable; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____ , 2002

                                        The Honorable Judith K. Fitzgerald
                                        United States Bankruptcy Judge