## COUNT IV - TIMOTHY KANE'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, McENANY ROOFING

CASE NO. CI-00-6803

duty to TIMOTHY KANE to:

> (a) prepare design plans and specifications for its roofing work at the Grand Floridian construction project in such a manner so that TIMOTHY KANE, who would be performing work pursuant to those design plans and specifications, would not be unreasonably endangered thereby;
>
> (b) to implement those design plans and specifications through the use of its own employees, contractors and sub-contractors in such a manner so that TIMOTHY KANE, who would be performing work pursuant to those design plans and specifications, would not be unreasonably endangered thereby.

50. At all times material hereto, McENANY ROOFING also owed a duty to TIMOTHY KANE to distribute and sell Vycor Ice & Water Shield, and to provide adequate instructions and warnings to be utilized and relied upon by foreseeable users of Vycor Ice & Water Shield such as TIMOTHY KANE, in such a manner that Vycor Ice & Water Shield, would be reasonably safe for its intended use.

51. At all times material hereto, McENANY ROOFING breached said duties for the reasons set forth as follows:

> a) McENANY ROOFING created design plans and specifications for the roofing work to be performed on the Grand Floridian construction project which provided for the use of Vycor Ice & Water Shield as a roofing underlayment, when McENANY ROOFING knew, or in the exercise of reasonable care, should have known, that this product would become dangerously slippery when wet;

-15-

b) McENANY ROOFING created design plans and specifications for the roofing work to be performed on the Grand Floridian construction project which provided for the use of Vycor Ice & Water Shield as a roofing underlayment, but then failed to adequately warn TIMOTHY KANE of the unreasonable danger presented to him by working in the same area as this product, which becomes dangerously slippery when wet;

c) McENANY ROOFING created design plans and specifications for the roofing work to be performed on the Grand Floridian construction project which provided for the use of Vycor Ice & Water Shield as a roofing underlayment, but then failed to provide adequate safety measures to protect TIMOTHY KANE and others performing work on the roof of the Grand Floridian from the latent hazard presented by this product, when McENANY ROOFING knew or should have known through the exercise of reasonable care of the existence of the hazard;

d) McENANY ROOFING distributed and sold Vycor Ice & Water Shield without providing an adequate warning to its prospective owners and users of the dangers presented by its tendency to become extremely slippery when wet;

e) McENANY ROOFING failed to utilize existing state of the art design alternatives which were cost effective and which would have made its product less slippery when wet, and which would have prevented injuries, such as those sustained by TIMOTHY KANE as described herein;

f) McENANY ROOFING distributed and sold Vycor Ice & Water Shield in a hazardous condition in that McENANY ROOFING failed to provide adequate instruction for the

-16-

reasonably safe application and use of Vycor Ice & Water Shield;

g) McENANY ROOFING distributed and sold Vycor Ice & Water Shield in a defective and unreasonably condition by failing to adequately warn TIMOTHY KANE and others like him of the dangers posed by the slipperiness of Vycor Ice & Water Shield when it is applied and used in its intended manner.

(h) Failed to adequately supervise its employees, contractors and sub-contractors to assure that the work which was to be performed pursuant to the aforementioned plans and specifications was so performed;

(i) Failed to adaquatly supervise its employees, contractors and sub-contractors to ensure that they were able to perform work pursuant to the aforementioned plans and specifications without having to traverse unauthorized areas of the roof, or otherwise be exposed to the unreasonable danger of working in the area where Vycor Ice & Water Shield was being used by it as a roofing underlayment.

52. At all times material hereto, McENANY ROOFING knew, or in the exercise of reasonable care, should have known, that its negligent acts and omissions with respect to: 1 the creation of design plans and specifications; (2) its implementation of those plans and specifications; and (3) the distribution and sale of Vycor Ice & Water Shield, together with its negligent preparation and distribution of instructions and warnings for the application and use of this

-17-

COUNT V - TIMOTHY KANE'S CLAIM FOR NEGLIGENCE AGAINST

DEFENDANT, A/R/C ASSOCIATES

those design plans and specifications, would not be unreasonably endangered thereby

In the alternative, at all times material hereto, A/R/C ASSOCIATES owed a duty to TIMOTHY KANE to accept and approve design plans and specifications submitted to it for roofing work at the Grand Floridian construction project in such a manner so that TIMOTHY KANE who would be performing work pursuant to those design plans and specifications, would not be unreasonably endangered thereby

At all times material hereto, A/R/C ASSOCIATES also owed a duty to TIMOTHY KANE to oversee and supervise the roofing work being done on the Grand Floridian construction project in such a manner that TIMOTHY KANE, who was performing work on this construction project, would not be unreasonably endangered by any safety risk associated with the roofing work of which it was aware, or should have been aware through the exercise of reasonable care.

At all times material hereto, A/R/C ASSOCIATES breached said duties for the reasons set forth as follows:

> a) A/R/C ASSOCIATES created design plans and specifications providing for the use of Vycor Ice & Water Shield for the roofing work to be performed on the Grand Floridian construction project when A/R/C ASSOCIATES knew, or in the exercise of reasonable care, should have known, that this product would become dangerously slippery when wet;
>
> b) A/R/C ASSOCIATES accepted and approved design plans and specifications for the roofing work to be performed on the Grand

-19-

Floridian construction project which provided for the use of Vycor Ice & Water Shield as a roofing underlayment, when A/R/C ASSOCIATES knew, or in the exercise of reasonable care, should have known, that this product would become dangerously slippery when wet;

c) A/R/C ASSOCIATES failed to adequately oversee and supervise the roofing work being done on the Grand Floridian construction project by:

>(1) failing to identify a specific safety risk associated with the use of Vycor Ice & Water Shield as a roofing underlayment; to wit: its propensity to become dangerously slippery when wet, and allowing TIMOTHY KANE and others to perform roof work on this construction project without adequately warning of its propensity to become dangerously slippery when wet.
>
>(2) failing to provide adequately safety precautions to TIMOTHY KANE and others performing work on this construction project to protect them from falling on Vycor Ice & Water Shield, despite the fact that it knew or should have known through the exercise of reasonable care that this product becomes dangerously slippery when wet;
>
>(3) failing to adequately warn TIMOTHY KANE and others performing work on this construction project that Vycor Ice & Water Shield would become dangerously slippery when wet, despite the fact that it knew

CASE NO. CI-00-6803

or should have known through the exercise of reasonable care of this propensity of the product.

(4) failing to provide adequate safety personnel to warn TIMOTHY KANE and others performing work on this construction project that Vycor Ice & Water Shield would become dangerously slippery when wet, despite the fact that it knew or should have known through the exercise of reasonable care of this propensity of the product.

At all times material hereto, A/R/C ASSOCIATES knew, or in the exercise of reasonable care, should have known, that its negligent acts and omissions with respect to the creation and/or acceptance of design plans and specifications, and its implementation of those design plans and specifications, would result in injuries to workers on this construction project who would come into contact with Vycor Ice & Water Shield, such as TIMOTHY KANE.

The negligent acts and omissions of A/R/C ASSOCIATES alleged herein directly and proximately caused TIMOTHY KANE to be injured in and about his body and extremities, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of income or earning capacity, expense of hospitalization, medical and nursing care and treatment and aggravation of a previously existing condition

-21-

These losses are either permanent and/or continuing in nature and the Plaintiff will continue to suffer them in the future.

WHEREFORE, Plaintiff, TIMOTHY KANE, demands judgment damages against the Defendant, A/R/C ASSOCIATES, his costs herein, and further demand trial by jury.

### COUNT VI - TIMOTHY KANE'S CLAIM FOR NEGLIGENCE
### AGAINST DEFENDANT, DISNEY

The Plaintiff realleges and reavers paragraphs one through twenty of this Amended Complaint as if fully set forth herein.

60. At all times material hereto, DISNEY, as the owner of premises upon which this construction project was taking place, owed a duty to TIMOTHY KANE to:

> a) Exercise reasonable care and diligence in the course of its inspection and supervision of this construction project for the protection of TIMOTHY KANE and others like him who might foreseeably and with reasonable certainty be injured by its failure to do so;
>
> b) Exercise reasonable care and diligence in the creation of its design plans and specifications for this construction project for the protection of TIMOTHY KANE and others like him who might foreseeably and with reasonable certainty be injured by its failure to do so;
>
> c) Exercise reasonable care and diligence in the approval of its design plans and specifications for this construction project for the protection of TIMOTHY KANE and others like him who might

-22-

      foreseeably and with reasonable certainty be injured by its failure to do so;

      d) Provide a safe working environment on this construction project for TIMOTHY KANE, free of any unreasonably dangerous working conditions of which it was aware, or should have been aware through its exercise of reasonable care, but which with reasonable certainty would be unknown to TIMOTHY KANE;

      e) Warn TIMOTHY KANE and others like him of any unreasonably dangerous condition on this construction project, the existence of which was known to DISNEY, or should have been known to DISNEY through the exercise of reasonable care in its inspection and oversight of this construction project;

      f) Exercise reasonable care in the retention and hiring of contractors for the planning and performance of work on this construction project for the protection of TIMOTHY KANE and others like him who might foreseeably and with reasonable certainty be injured by its failure to do so;

      g) To provide TIMOTHY KANE with a safe place to work by ensuring that all applicable safety regulations were followed on the construction project.

61.   On July 19th, 1999, DISNEY breached these duties owed to TIMOTHY KANE, by the following negligent acts of commission/omission:

      a) By creating design plans and specifications for this construction project calling for the use of Vycor Ice & Water Shield when it knew or should have known through the exercise of reasonable care that this product becomes dangerously slippery when wet;

-23-

b) By approving the design plans and specification for this construction project calling for the use of Vycor Ice & Water Shield when it knew or should have known through the exercise of reasonable care that this product becomes dangerously slippery when wet;

c) By retaining contractors for the planning and performance of work on this construction project who failed to adequately apprise it of the safety risks associated with the use of the products specified in those design plans, to wit: Vycor Ice & Water Shield;

d) By specifying the use of Vycor Ice & Water Shield for this construction project and thereafter allowing TIMOTHY KANE and other workers on this construction project to walk upon this product, despite the fact that it knew or should have known this through the exercise of reasonable care without that this product becomes dangerously slippery when wet and that this would be unknown to TIMOTHY KANE;

e) By failing to warn TIMOTHY KANE of the unreasonable dangers presented to him by allowing him, and others like him, to work in the area where a defective product, to wit: Vycor Ice & Water Shield, was being used pursuant to DISNEY's own plans and specifications.

f) By negligently failing to provide sufficient supervision and/or oversight of this construction project to ensure that TIMOTHY KANE and others like him were adequately warned of the unreasonable dangers presented to them through the use of Vycor Ice & Water Shield.

CASE NO. CI-00-6803

As a direct and proximate result of the negligence of DISNEY, TIMOTHY KANE was injured in and about his body and extremities, suffered bodily injury that is permanent within a reasonable degree of medical probability, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of income or earning capacity, expense of hospitalization, medical and nursing care and treatment and aggravation of a previously existing condition. These losses are either permanent and/or continuing in nature and the Plaintiff will continue to suffer them in the future

WHEREFORE, Plaintiff, TIMOTHY KANE, demands judgment for damages against the Defendant, DISNEY, his costs herein, and further demand trial by jury

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23rd day of August, 2001, to: Reinald Werrenrath III, Esq., P.O. Box 712, Orlando, Florida 32802 and Mark Ragusa, Esq., 401 E. Jackson Street, Suite 2700, Tampa, Florida 33602.

CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.
Attorneys for the Plaintiff
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
954-961-1400

BY: _____
STUART F. COHEN, ESQ.
Fla.Bar#986178