IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 2045 |

### ORDER (A) DENYING CLAIMANTS' MOTION TO STRIKE PROOFS OF CLAIM FILED BY THE DEBTORS ON BEHALF OF ZAI CLAIMANTS; AND (B) SCHEDULING MATTERS IN CONNECTION WITH ZAI PROOFS OF CLAIM

The Claimants' Motion to Strike Proofs of Claim filed by the Debtors on behalf of ZAI Claimants (the "Motion to Strike") (Docket No. 2045) having come before this Court at the May 20, 2002 omnibus hearing in these above-captioned chapter 11 cases for a hearing; the Debtors' proposal to address ZAI proofs of claim filed by the Debtors (the "ZAI Proofs of Claim") having come before this Court at the April 22, 2002 and May 20, 2002 omnibus hearings in these above-captioned chapter 11 cases for a hearing, and sufficient cause appearing therefore;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion to Strike is denied.

IT IS FURTHER ORDERED THAT THE FOLLOWING SCHEDULE SHALL CONTROL MATTERS IN CONNECTION WITH THE ZAI PROOFS OF CLAIM FILED BY THE DEBTORS:

2. The claimants for whom the Debtors filed the ZAI Proofs of Claim in these chapter 11 cases (the "Claimants"), and any other claimants wishing to submit ZAI Proofs of Claim and participate in the science trial referred to herein, shall have through and including May 30, 2002, to amend such claims or file their own claims.

3. The Debtors (or any other party) shall have through and including June 10, 2002, to file objections to the ZAI Proofs of Claim and amendments thereto.

4. The Claimants shall have through and including July 10, 2002, to file and serve any response to such objections of the Debtors (or any other party) to the ZAI Proofs of Claim and amendments thereto.

5. The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") shall have through and including June 7, 2002, to file an application with the Court seeking to retain special counsel to represent the Claimants in the "science trial" or to notify the Court that counsel for the PD Committee will be lead counsel in the "science trial" on the Claimants' behalf. Any application filed by the PD Committee to retain special counsel shall describe the fee arrangement between the PD Committee and its special counsel.

6. The Debtors and the PD Committee shall have through and including June 7, 2002, to file and serve a proposed budget in connection with representing the Claimants in the "science trial." *Debtor and any committee that anticipates active parties —* Such budgets should break down the anticipated fees and costs in detail.

7. The parties shall have through and including July 8, 2002, to file and serve a response to the other's proposed budget.

8. If the PD Committee files an application to retain special counsel to represent the Claimants in the "science trial" on or before June 7, 2002, the Debtors *and any other party in interest* shall have through and including July 1, 2002, to object and/or respond to such retention application.

9. Counsel for the Debtors and counsel for the PD Committee (and/or special counsel selected to represent the Claimants in the "science trial") shall meet *or confer* on or before ~~June 30~~, *July 5*, 2002, to discuss their respective budget proposals and other litigation issues in connection with the anticipated "science trial."

10. The Court shall conduct a pretrial and status conference regarding the "science trial" on July 22, 2002 at 10:00 a.m. At such hearing the Court will enter an order approving a budget for lead counsel to the Claimants for the "science trial" and scheduling matters in connection with the "science trial."

*parties (i.e., anything more than monitoring this litigation) shall submit a litigation budget by June 24, 2002.*

3

11. This Court shall retain jurisdiction to hear and determine all matters arising from or in connection with the implementation, enforcement and interpretation of this Order.

Dated: 6/18 , 2002.

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge