IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al., <br><br> Debtors. <br><br> _____ | ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) <br> ) <br> ) **Re: Docket Nos. 1909 & 1963** <br> ) <br> ) **Hearing Date: July 22, 2002 at 10:00 a.m.** <br> ) **Obj. Deadline: July 5, 2002 at 4:00 p.m.** <br> ) |

**MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS (A) FOR MODIFICATION OF THE COURT'S ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES AND HEARING SCHEDULE (B) CLARIFICATION OF ORDER AS TO ALL NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAGE CLAIMS, AND MEDICAL MONITORING CLAIMS: (I) ESTABLISHING BAR DATE, (II) APPROVING PROOF OF CLAIM FORMS AND (III) APPROVING NOTICE PROGRAM AND, (C) TO EXTEND OR ABATE DEADLINES FOR SUBMISSION OF INFORMATION OR CERTIFICATION BY "COUNSEL OF RECORD" UNTIL <u>CLARIFICATION THEREOF</u>**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") through its undersigned counsel, hereby files this Motion (A) for Modification of the Court's Order Establishing Case Management Procedures and Hearing Schedule [Docket No. 1909] (B) for Clarification of Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program [Docket No. 1963] (the "Bar Date Order") and, (C) to Extend or Abate Deadlines for Submission of Information or Certification by "Counsel of Record" Until Clarification Thereof (the "Motion"), and respectfully submits as follows:

## **Introduction**

1. On April 1, 2001, the Debtors commenced these chapter 11 cases by filing their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the above-captioned debtors (the "Debtors") have continued to operate and manage their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On April 12, 2001, the Office of the United States Trustee (the "UST") appointed the PD Committee, the Official Committee of Unsecured Creditors and the Official Committee of Asbestos Claimants.

3. On June 27, 2001, as revised on February 12, 2002, the Debtors, pursuant to Bankruptcy Rule 8003, filed a Motion (the "Bar Date Motion") for (i) entry of case management, (ii) establishment of Bar Dates, (iii) approval of proof of claim forms, and (iv) approval of the notice program, all as more fully set forth in the Bar Date Motion.

4. The Bar Date Motion was heard by the Bankruptcy Court on April 22, 2002. On April 25, 2002, the Court entered the Bar Date Order which established a bar date for Asbestos Property Damage Claims, Medical Monitoring Claims, and general unsecured claims; approved the forms of proofs of claims to be filed by the holders of such claims; and approved a program for giving holders of such claims notice of the bar date.

5. To facilitate giving actual, as opposed to constructive, notice of the bar date, the Bar Date Order provides as follows:

> ORDERED that all counsel of record for holders of Asbestos
> Property Damage Claims and/or Medical Monitoring Claims

\74817\15537\ # 574018 v 1

> provide the Debtors with the following information: (1) the current names and addresses of their clients who have claims against the Debtors in these cases or who may or might have claims against the Debtors in these cases, within sixty (60) days after the date of entry of this Order so that the Debtors will be able to provide their clients with the Bar Date Package no later than ninety (90) days after the date of this Order, or (2) a certification within sixty (60) days after the date of entry of this Order, that counsel has contacted or attempted to contact all of their clients whom they represent, provided them with the Bar Date Package and advised them regarding their rights to assert a claim against the Debtors and their need to file their proofs of claim on the court-approved Proof of Claim forms by the deadlines set forth herein; ...

Bar Date Order at p. 5.

6.      The sixty (60) day deadlines set forth in the foregoing provision of the Bar Date Order is June 24, 2002.[1] With the deadlines approaching, counsel for the PD Committee has received inquiries from counsel to asbestos property damage claimants concerning the obligations of such counsel under the Bar Date Order and the effect of compliance or non-compliance, which the PD Committee's counsel is unable to answer with certainty. However, the inquiries posed do raise significant issues and conceivable practical infirmities of the Bar Date Order which the PD Committee believes warrants clarification of this aspect of the Bar Date Order by the Court.

## Discussion

### I.      Modification of Case Management Order

7.      The PD Committee seeks modification of this Court's Case Management Order dated April 24, 2002 ("CMO") to permit this Motion to be considered timely filed to be heard on

---

[1]  Although the "Notice to Attorneys" and "Certification" delivered to certain counsel as part of the Bar Date Package indicates June 21, 2002 is the deadline by which to deliver the applicable document to the Debtors, the Bar Date Order expressly states that the deadline is "sixty (60) days after the date of entry of this Order". The Bar Date Order was entered on April 25, 2002 and thus, the actual deadline is June 24, 2002.

\74817\15537\ # 574018 v 1

the July 22, 2002 omnibus hearing date. Pursuant to the CMO, this Motion would otherwise have to have been filed on or before June 20, 2002 (service is by hand delivery to local counsel) to be heard at the July 22, 2002 omnibus hearing. The modification of the CMO requested herein would permit this Motion to filed only one (1) day late, with no conceivable prejudice to the debtors or any other party-in-interest. Indeed, but for the CMO, this Motion would be timely filed under this Court's Local Rules. The PD Committee submits that the soonest possible consideration of the merits of this Motion is necessary and in the best interests of the parties.

**II.     Clarification of the Bar Date Order.**

8.     Firstly, the Bar Date Order is directed to "all counsel of record for holders of Asbestos Property Damage Claims . . ." but does not specify whether the reference to counsel of record in litigation pending at the Petition Date, counsel of record in these chapter 11 proceedings, or both. The confusion associated with that ambiguity is only compounded by the fact that the Bar Date Order identifies such counsel's clients as "clients who have claims against the Debtors in these cases <u>or who may or might have</u> claims against the Debtors in these cases." (emphasis added).

9.     Moreover, the reference to "clients who . . . may or might have claims" may well intrude upon principles of attorney-client relations and privileged communications. That is, the fact that a decision may not have as yet been made to file a claim may engender legal considerations between counsel and its clients such that the requirement that counsel disclose the identity of those clients of itself invades privileged communications.

10.     Additionally, at best, the juxtaposition of the "counsel of record" and the "who may or might have" language in the Bar Date Order would appear to be internally inconsistent

\74817\15537\ # 574018 v 1

or, at worst, such language imposes upon "counsel of record" the undue obligation to determine whether any of its clients -- in addition to those it is representing in pending litigation or in these chapter 11 proceedings -- "may or might have" claims against the Debtors.  Similarly, the alternative requirement that "counsel of record" provide a certification as to "all of their clients whom they represent" could arguably entail notification by counsel to its entire stable of clients, whether or not such counsel represents those clients in litigation against the Debtors or in this bankruptcy.

    11.    The real issue engendered by this aspect of the Bar Date Order is what the effect would be of the failure of counsel to file either the specified notice or the specified certification. The Bar Date Order simply fails to address that critical point.  Presumably, the only effect would be that counsel's clients will not receive actual notice of the bar date or the approved proof of claim form.  Surely, such omission by counsel would not preclude a client from otherwise obtaining and filing a proof of claim or serve as grounds for the disallowance of a claim or the disqualification of counsel.  Were it otherwise, this feature of the Bar Date Order would have the practical effect of a bar date.  Again, we seriously doubt the Court ever intended such a result, but the PD Committee is nonetheless presently unable to provide that assurance to property damage claimants and their counsel.

    12.    While we might agree that some of the concerns raised by this provision of the Bar Date Order are more remote than others, the PD Committee nonetheless raises them because it is acutely aware that from the beginning, the Debtors have repeatedly endeavored to utilize the proof of claim and bar date processes to erect barriers to the inclusion of property damage

\74817\15537\ # 574018 v 1

claimants in these reorganization proceedings.[2] Thus, the PD Committee has been conditioned to expect the worse. Counsel for the Debtors is far too capable to be accused of poor draftsmanship.

13. In short, the subject decretal provision of the Bar Date Order engenders serious concerns that require clarification by the Court. As the deadlines imposed by such provision upon counsel for property damage claimants are imminent, it is also appropriate to extend or abate such deadlines until after the Court clarifies the Bar Date Order.

---

[2] The PD Committee accepts responsibility for not having realized the stated infirmities of the Bar Date Order until brought to its attention by counsel for asbestos property damage claimants. While the subject provision of the Bar Date Order may well have been proposed by the Debtors early on, its substance was not the subject of considerable argument and its significance was camouflaged by seminal issues such as the need for a bar date, the proof of claim form and the notice program.

\74817\15537\ # 574018 v 1

WHEREFORE, the PD Committee respectfully moves for (a) clarification of the Bar Date Order; (b) extension or abatement of the deadlines imposed in the subject decretal provision of such Order; and (c) such other and further relief as the Court may deem appropriate.

Dated:  June 21, 2002

Respectfully submitted,
BILZIN SUMBERG DUNN BAENA
    PRICE & AXELROD
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

and

FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By:  /s/Theodore J. Tacconelli
    Theodore J. Tacconelli (Bar No. 2678)
    Rick S..Miller (Bar No. 3418)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS

\74817\15537\ # 574018 v 1