IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-1139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| | Re: Docket No. 2242 |

**DEBTORS' ESTIMATED LITIGATION
BUDGET FOR THE ZAI SCIENCE TRIAL**

The Debtors, pursuant to the Court's Order (A) Denying Claimants' Motion to Strike Proofs of Claim filed by the Debtors on behalf of the ZAI claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim, dated June 18, 2002, submit this estimated litigation budget for the ZAI science trial.

## I.   ASSUMPTIONS

Any litigation budget necessarily must be based on assumptions concerning the yet to be developed litigation. With any budget, there are aspects that are out of the control of a particular party and incapable of precise estimation. For example, with the precise scope of the "science" trial not yet determined, it is difficult to predict the number of fact and expert depositions that will be taken and defended. In addition, it is difficult to estimate expenses such as travel, lodging, expert fees and costs, without, inter alia, knowledge of the number of or identity of the expert witnesses to be used by the parties, the extent of the discovery that the ZAI claimants will pursue and other unknown factors. Once those issues and factors are known, a more reliable budget can be created.

Debtors' budget is based, in part, upon the experience of Debtors' Special Asbestos Counsel, Reed Smith LLP, in connection with the matter of Barbanti v. W.R. Grace & Co., No. 00-2-01756-6 (Superior Court, State of Washington, County of Spokane) and related

proceedings, including In re Zonolite Attic Insulation Products Liability Litigation, MDL Docket No. 1376 (D. Mass.)  Based upon that experience, Debtors' suggested budget is based upon the following assumptions:

1.     The fact and expert discovery, pre-trial motions, trial preparation and trial activities will be conducted by attorneys from Reed Smith LLP, previously approved as special asbestos counsel, and Kirkland & Ellis, Debtors' bankruptcy counsel.  Reed Smith's retention as special asbestos counsel and Kirkland & Ellis' retention as bankruptcy counsel include work with respect to asbestos-related issues that are not directly related to the ZAI "science" trial (i.e., traditional asbestos-in-buildings or asbestos property damage claims, asbestos personal injury claims, and consultation with respect to certain asbestos issues in the EPA cost recovery action). The estimated budget only applies to the hours and expenses directly related to the discovery, preparation for and trial of the issues related to science aspects of ZAI, beginning on August 1, 2002.  To the extent the issues with respect to the science trial expand beyond those contemplated by the Debtors, the budget would have to be revised accordingly.  While this budget combines the time of Reed Smith and Kirkland & Ellis, Reed Smith and Kirkland & Ellis will maintain their time and expenses for the ZAI science trial matter separately.

2.     The discovery taken or deemed taken in Barbanti, to the extent relevant to these proceedings, would be deemed taken in these proceedings.

3.     The parties will utilize the services of numerous yet to be identified expert witnesses.  The Committee's budget estimates 14 experts at $200 per hour average for 80 hours each.  The Debtors do not believe 14 experts will be necessary but do believe 6-10 experts could be utilized in the ZAI science trial.

4.  Each expert deposition will be approximately eight hours long and in no event more than 16 hours in total.

5.  The number of fact witness depositions should be few because the current proceedings are limited to the "science" aspects of ZAI and should be relatively short due to the prior discovery in Barbanti and related cases. This budget assumes the number of claimant and fact witness depositions for all parties to be in the range of 15 to 20 depositions. Depositions of fact witnesses will be no more than eight hours long, absent good cause shown.

6.  The time period from the beginning of discovery to the conclusion of a bench trial, if one is necessary, will be approximately 9-12 months, unless the Court accelerates discovery even more than outlined in the Debtors' most recent proposed Scheduling Order. Based upon Reed Smith's six-month experience in Barbanti and the assumptions outlined herein, it is estimated that the number of lawyer and paralegal hours which will be spent through a trial, will be in the range of 7,000 to 7,500.

7.  Hourly rates for the lawyers who will be involved are included in the monthly fee applications filed by Reed Smith and Kirkland & Ellis and range from $185 to $650. For purposes of this budget, Debtors will assume a blended rate of $350 per hour, with the exception of document review and organization, the bulk of which would be conducted more by junior attorneys and paralegals and, thus, a blended rate of $200 will be used.

## II. PROPOSED BUDGET

A.  The following is a breakdown of the estimated fees that will be incurred for various aspects of the ZAI science trial:

Additional Document Review and Organization            $ 300,000
    1,500 hours @ $200

| | |
|---|---|
| Fact Witness Meetings, Depositions<br>    (Preparation, taking and defending)<br>    1,300 hours @ $350 | $ 455,000 |
| Expert Witness Meetings, Depositions<br>    (Preparation, taking and defending)<br>    1,200 hours @ $350 | $ 420,000 |
| Daubert/Pre-Trial Motions, Briefing Argument<br>    750 hours @ $350 | $ 262,500 |
| Trial Preparation and Trail<br>    1,800 hours @ $350 | $ 630,000 |
| Client Consultation (Meetings, conference calls, etc.)<br>    500 hours @ $350 | $ 175,000 |
| | $2,242,500 |

      B.    The following is an estimate of expenses:

| | |
|---|---|
| Expert Costs (Testing, reports, surveys, inspections, witness fees for depositions, trial, etc.) | $ 300,000 |
| Miscellaneous Expenses (including travel, lodging, copying and scanning documents, deposition, transcription costs) | $ 300,000 |
| | $ 600,000 |
| **TOTAL FEES AND EXPENSES** | **$2,842,500** |

                        Respectfully submitted,

Dated: June 24, 2002

                        David M. Bernick, P.C.
                        James H.M. Sprayregen, P.C.
                        Christopher Sullivan
                        Janet S. Baer
                        KIRKLAND & ELLIS
                        200 East Randolph Drive
                        Chicago, IL  60601
                        Telephone: 312/861-2000
                        Facsimile: 312/861-2200

and

James J. Restivo, Jr.
Douglas Cameron
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412/288-3131
Facsimile: 412/288-3063

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*[signature]*

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302/652-4100
Facsimile: 302/652-4400

Co-Counsel for Debtors and Debtors-in-Possession