IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections Deadline:  To Be Determined |
| | | Hearing Date:  August 26, 2002, at 10:00 am  EDST |

**SUMMARY OF THE FIRST QUARTERLY INTERIM VERIFIED
APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM
PERIOD FROM JANUARY 1, 2002 THROUGH MARCH 31, 2002**

Name of Applicant: **Nelson Mullins Riley & Scarborough, L.L.P.**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **July 19, 2001**

Period for which compensation and
reimbursement is sought: **January 1, 2002 through March 31, 2002**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation sought as actual,
reasonable, and necessary:                        **$62,909.00**

Amount of expense reimbursement sought as
actual, reasonable, and necessary:                **$322.04 for the period**

This is a ___ monthly _x_ quarterly ___ final application.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| May 1, 2002 | January 1, 2002-January 31, 2002 | $21,009.00 | $147.52 | $16,807.20 | $147.52 |
| June 18, 2002 | February 1, 2002-February 28, 2002 | $24,897.00 | $122.30 | Pending | Pending |
| June 18, 2002 | March 1, 2002-March 31, 2002 | $17,003.00 | $52.22 | Pending | Pending |

Nelson Mullins Riley & Scarborough, L.L.P. has filed certificate of no objection with the

Court with respect to the Application for January 2002 because no objections were filed with the

Court within the objection period. The Quarterly Application for the interim period from January 1,

2002 through March 31, 2002 has been scheduled for hearing on August 26, 2002.

The Nelson Mullins Riley & Scarborough, L.L.P. attorneys who rendered professional

services in these cases during the Fee Period are:

| Name | Position | Years | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Rose-Marie T. Carlisle | Of-Counsel | 18 years | Environmental | $220.00 | 40.40 | $8,888.00 |
| George B. Cauthen | Partner | 25 years | Bankruptcy | $270.00 $250.00 | 5.20 .70 | $1,404.00 $175.00 |
| David M. Cleary | Partner | 20 years | Environmental | $290.00 | 14.60 | $4,234.00 |
| Bernard F. Hawkins, Jr. | Partner | 11 years | Environmental | $240.00 | 142.30 | $34,152.00 |
| Kevin J. Heiser | Associate | 3 years | Bankruptcy | $180.00 | 3.30 | $594.00 |
| E. D. Barnhill | Partner | 23 years | Bankruptcy | $260.00 | 0.20 | $52.00 |
| Mary Ellen Ternes | Of-Counsel | 6 years | Environmental | $220.00 | 20.20 | $4,444.00 |
| Newman J. Smith | Partner | 23 years | Environmental | $250.00 | 4.70 | $1,175.00 |

The Nelson Mullins Riley & Scarborough, L.L.P. paraprofessionals who rendered professional services in these cases during the Fee Period are:

| Karen Brown | Paralegal | 13 years | Environmental | $125.00 | 39.30 | $4,912.50 |
| Doug B. Green | Paralegal | 2 years | Bankruptcy | $ 85.00 | .10 | $8.50 |
| Lisa D. McInnis | Paralegal | 2 years | Bankruptcy | $ 95.00 | 1.20 | $114.00 |
| | | | | $ 85.00 | .60 | $51.00 |
| Laurie K. Thomas | Paralegal | 7 years | Environmental | $ 95.00 | 15.50 | $1,472.50 |
| Martha V. Waddell | Paralegal | 8 months | Environmental | $ 85.00 | 14.50 | $1,232.50 |

Grand Total for Fees: $62,909.00
Blended Rate:          $207.76

## Compensation by Matter

| Matter | Name | Total Hours | Total Fees Requested |
|---|---|---|---|
| 02399/06000 | General | 57.70 | 10,632.00 |
| 02399/06003 | Beaco Road Site | 5.70 | 1,096.00 |
| 02399/06005 | Bill Johns Waste Oil Site-FL | .80 | 100.00 |
| 02399/06009 | Refuse Hideaway Landfill | 1.00 | 113.00 |
| 02399/06011 | Enoree Site Management | 48.30 | 10,992.00 |
| 02399/06012 | Owensboro Site Management | 46.50 | 10,962.00 |
| 02399/06017 | Sierra Facility | .20 | 52.00 |
| 02399/06023 | Libby, MT – General Environmental | 3.90 | 558.50 |
| 02399/06027 | Project Allen | 18.20 | 3,293.50 |
| 02399/06030 | Aiken-Title V Permit App. Iss. | 12.50 | 2,799.50 |
| 02399/06031 | Li Tungsten | 14.10 | 2,193.00 |
| 02399/06032 | Charleston | 84.90 | 18,610.50 |
| 02399/06035 | Easthampton, MA Expanding Plant | 2.70 | 672.00 |
| 02399/06047 | Libby Expansion Plants/Phoenix | 2.80 | 346.00 |
| 02399/06089 | FOIA Request | 3.50 | 489.00 |
| TOTAL | | 302.80 | $62,909.00 |

## Expense Summary

3

| Description | Amount |
|---|---|
| Telephone | $ 87.87 |
| Standard Copies | 74.75 |
| Outside Copy Service | 1.60 |
| Lexis | 11.24 |
| Outside Delivery Service | 69.51 |
| Outside Services | 70.88 |
| Postage | 6.19 |
| Total | $ 322.04 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | | **Objection Deadline: July 16, 2002 at 4:00 p.m.** |
| | | **Hearing Date: August 26, 2002 at 10:00 a.m.** |

**FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2002 THROUGH MARCH 31, 2002**

Pursuant to sections 327, 330 and 331 of title II of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order 4as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Nelson Mullins Riley & Scarborough, L.L.P. ("NMRS"), special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $62,909.00 for the reasonable and necessary legal services NMRS has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that NMRS has incurred in the amount of $322.04, for the interim quarterly period from January 1, 2002, through March 31, 2002 (the "Fee Period"). In support of this Application, NMRS respectfully states as follows:

## BACKGROUND

### Retention of NMRS

1.    On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee", collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2.    By this Court's Order dated July 19, 2001, the Debtors were authorized to retain NMRS as their special counsel with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate NMRS at hourly rates charged by NMRS for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

### Monthly Interim Fee Applications Covered Herein

3.    Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a-professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.    Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly  Fee Application less any amounts previously paid in connection with the

Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.    This is the First Quarterly Fee Application for compensation for services rendered that NMRS has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of the Petition Date through March 31, 2002, encompassing the months of January through March 2002.

6.    NMRS has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

1.    Verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the first interim period from January 1, 2002, through January 31, 2002, filed May 1, 2002, (the "January 2002 Fee Application") attached hereto as Exhibit A.

2.    Second verified application of for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the second interim period from February 1, 2002, through February 28, 2002, filed June 13, 2002, (the "February 2002 Fee Application") attached hereto as Exhibit B.

3.    Third verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the third interim monthly period from March 1, 2002 through March 31, 2002, filed June

13, 2002, (the "March 2002 Fee Application") attached hereto as <u>Exhibit</u> <u>C</u>.

7.    The period for objecting to the fees and expense reimbursement requested in January passed without any objections being filed, whereupon the Debtors filed certificate of no objection with the Court and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

8.    Nelson Mullins Riley & Scarborough L.L.P. has advised and represented the Debtors in connection with environmental and litigation matters.

## REQUESTED RELIEF

9.    By this First Quarterly Fee Application, NMRS requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by NMRS for the Fee Period, which is from January 1, 2002 through March 31, 2002 as detailed in the Applications, less any amounts previously paid to NMRS pursuant to the Applications and the procedures set forth in the Interim Compensation Order.[2]    As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

10.    NMRS may have in the past represented., may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. NMRS disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. NMRS will update the Affidavits when necessary and when NMRS becomes aware of material new information.

## REPRESENTATION

11.     NMRS believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

12.     Nelson Mullins Riley & Scarborough L.L.P. performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

13.     NMRS has received no payments for the three fee applications for January, February, and March 2002.

14.     Pursuant to Fed. R. Bankr. P. 2016(b), NMRS has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of NMRS, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.


WHEREFORE, NMRS respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, January 1, 2002 through March 31, 2002, an administrative allowance he made to Nelson Mullins Riley & Scarborough L.L.P in the sum of (i) $62,909.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $322.04 for reimbursement of actual and necessary costs and expenses incurred, for a total of $63,231.04, (b) that the Debtors be authorized and directed to pay to NMRS the outstanding amount of such sums less any sums previously paid to NMRS pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _____
Newman Jackson Smith (SC Fed. Bar No. 4962 )
151 Meeting Street – Suite 600
Charleston, South Carolina  29401
Telephone: (843) 534-4309
Facsimile: (843) 722-8700

Dated: 6/13/02