IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| _____/ | Hearing Date:  TBD |
| | **Ref:  Docket No. 2242** |

**MOTION OF ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS. BARBANTI, BUSCH, PRICE, PREBIL AND MCMURCHIE FOR LEAVE TO APPEAL ORDER (A) DENYING CLAIMANTS' MOTION TO STRIKE PROOFS OF CLAIM FILED BY THE DEBTORS ON BEHALF OF ZAI CLAIMANTS; AND (B) SCHEDULING MATTERS IN CONNECTION WITH ZAI PROOFS OF CLAIM [DOCKET NO. 2242]**

The Zonolite Attic Insulation Property Damage Claimants[1] ("ZAI Claimants"), by and

through their undersigned counsel, pursuant to 28 U.S.C. §158(a)(3) and Fed.R.Bankr.P. (the

"Bankruptcy Rules") 8003, move for leave to appeal the Order (A) Denying Claimants' Motion

to Strike Proofs of Claim Filed by The Debtors on Behalf of ZAI Claimants; and (B) Scheduling

Matters in Connection With ZAI Proofs of Claim [Docket No. 2242] ("Order Denying Motion to

Strike") and in support thereof states:

**STATEMENT OF FACTS**

1.      On April 1, 2001, the Debtors commenced these chapter 11 cases by filing their

voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

_____

[1] Marco Barbanti, Ralph Busch, John and Margery Prebil, Paul Price and James and
Doris McMurchie all bring this Motion.

"Bankruptcy Code").   Since that time, the Debtors have continued to operate and manage their

businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.      Prior to the Debtors filing of the voluntary petition of relief,  a class of ZAI

Property Damage Claimants had been duly certified by the Honorable Judge Kathleen O'Conner

on December 19, 2000.  Both Marco Barbanti and Ralph Busch are class representatives for this

certified class.[2]

3.      On April 12, 2002, the Debtors, W.R. Grace & Co., et al., ("W.R. Grace") filed

Proofs of Claims for ten individual creditors[3] pursuant to 11 U.S.C. §501(c).   The individual

creditors were not served with these Proofs of Claim until April 26, 2002.

4.      On May 10, 2002, the individuals, in whose names W.R. Grace filed proofs of

claims, filed a Motion to Strike Proofs of Claim ("Motion to Strike") with the Bankruptcy Court.

5.      The Bankruptcy Court heard the Motion to Strike on May 20, 2002 and denied the

ZAI Claimants' motion.  The Court afforded the ZAI Claimants 10 days to file amended Proofs

of Claims, and did not allow the Zonolite Claimants to withdraw the Proofs of Claim filed by

W.R. Grace.

6.      On May 30, 2002, moving parties Barbanti, Busch, Price, and Prebil,  under

protest, and in the absence of an order from which to appeal, filed amended Proofs of Claim to

mitigate harm to themselves.

7.      On June 18, 2002, the Court entered the Order Denying Motion to Strike, which

the moving parties presently appeal.

### STATEMENT OF QUESTIONS PRESENTED AND RELIEF SOUGHT

9.      The questions to be presented upon appeal are:

---

[2] <u>Barbanti v. W.R. Grace et al.</u>, Cause No. 00-2-01756-6, Washington State Superior Court, Spokane County.

a.       Whether the Bankruptcy Court erred in affording the Debtor a right to file

dischargeable and contested proofs of claim under 11 U.S.C. §501(c) in the name of the creditor,

that claim being filed prior to notice to creditors, prior to the establishment of a bar date, and

prior to the lapse of a bar date?

b.       Whether the Bankruptcy Court erred by permitting the Debtor to exile

court appointed class representatives from their representative capacity and class responsibilities,

arising from a pre-bankruptcy certified class, by filing proofs of claim in the individuals' names

only and excluding from that claim the claims of the class that the creditors represents?

c.       Whether the Bankruptcy Court's reading of Bankruptcy Rule 3004

violates the plain language and legislative intent of 11 U.S.C. §501(c) and is in violation of the

Rules Enabling Act 28 U.S.C. § 2075?

d.       Whether ZAI Claimants due process rights under the United States

Constitution were infringed by the Bankruptcy Court's recognition of the Debtor's Proofs of

Claim?

10.     The relief sought by the Zonolite Claimants is an order vacating the Court's Order

and providing as follows:

a.       Striking Debtor's Proofs of Claim and any amendments to those Claims;

b.       Directing that the Bankruptcy Court lift stay for purposes of removal and

resolution of the ZAI Property Damage Claims, should the Court find that litigation and

liquidation of those Claims would be of aid to the Court.

---

[3] The ten individual claimants include Marco Barbanti, Ralph Busch, John and Margery Prebil, Paul Price, Jan

### REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED

11.    Pursuant to 28 U.S.C. §158(a), final orders of a bankruptcy court are subject to mandatory review.  Interlocutory orders, however, are subject to the discretion of the federal district court and may be heard "with leave of court" as provided in 28 U.S.C. §158(a)(3). Bankruptcy Rule 8003 directs a putative appellant in the manner in which a motion for leave to appeal is to be filed.

13.    Neither the Bankruptcy Code nor the Bankruptcy Rules set forth the applicable standard for leave to appeal an interlocutory order by a federal district court.  Some courts look to 28 U.S.C. §1292(b) -- the statute governing appeals from the district courts to the courts of appeals -- for guidance.  See  In re Delaware and Hudson Ry. Co., 96 B.R. 472 (D. Del. 1989), aff'd, 884 F.2d 1383 (3rd Cir. 1989); See also First Am. Bank of New York v. Southwest Gloves, 64 B.R. 963 (D. Del. 1986); In re Hooker Investments, Inc., 122 B.R. 659 (S.D.N.Y. 1991). Section 1292(b) permits appeal where the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. §1292(b).

14.    The Order Denying the Motion to Strike meets the requirements of Section 1292(b).

15.    The Bankruptcy Court's recognition of the subject Proofs of Claim filed by the Debtor for the purposes of imposing upon Debtor-selected Creditors the burdens of litigating a "science trial" as to ZAI generally, unreasonably compels ten individuals to bear litigation burdens dwarfing the values of their claims by a multiple of a thousand or more.

---

Hunter, Pat Harris, Edward M. Lindholm, James and Doris McMurchie, John Sufnarowski, and Stephen B. Walsh.

16.     Further, by allowing W.R. Grace to involuntarily deprive court appointed class representatives of their representative capacities through the slight of a proof of claim, the Court has constructed a proof of claims process that is in violation of due process.

17.     Significant judicial economies would be achieved through review of the Bankruptcy Court's Order Denying the Motion to Strike at this time.

## CONCLUSION

WHEREFORE, ZAI Claimants Barbanti, Busch, Prebil, Price, and McMurchie respectfully request that pursuant to 28 U.S.C. §158(a)(3) and Bankruptcy Rule 8003, the District Court grant leave to appeal the Order Denying the Motion to Strike Proofs of Claims.

Dated:  June 28, 2002

ELZUFON AUSTIN REARDON,
TARLOV & MONDELL, P.A.


 /s/ Charles J. Brown, III
William D. Sullivan, Esq. #2820
Charles J. Brown, III, Esq. #3368
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181

-and-

Darrell Scott
Burke D. Jackowich
Lukins & Annis PS
717 W. Sprague Ave. Suite 1600
Spokane WA 99201
Telephone: (509) 455-955
Facsimile:  (509) 747-2323

-and-

Elizabeth J. Cabraser
Fabrice N. Vincent
Lieff, Cabraser, Heimann & Bernstein, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008


        -and-


Thomas Sobol
Hagens Berman
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel. 617-482-3700
Fax 617-482-3003
        -and-


Edward J. Westbrook
Richardson,Patrick, Westbrook & Brickman
28 Bridgeside Blvd
Mt Pleasant  SC 29464
843-216-9113


        -and-


Robert M. Turkewitz
Ness Motley Loadholt Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile:  (843) 216-9440


        -and-

Allan M. McGarvey
McGarvey, Heberling, Sullivan &
McGarvey, P.C.
745 South Main
Kalispell, MT  59901
Telephone:  (406) 752-5566
Facsimile:  (406) 752-7124

-and-

Harvey N. Jones, Esq.
Sieben, Polk, LaVerdiere, Jones & Hawn
999 Westview Drive
Hastings, MN  55033

Counsel for the Zonolite Claimants,
Barbanti, Busch, Prebil, Price and
McMurchie