IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | **Objection Deadline: 7/1/02 at 4:00 p.m.** |
| | ) | **Hearing Date: 7/22/02 at 10:00 a.m.** |
| | ) | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS' RESPONSE AND MOTION PURSUANT TO SECTION 503 OF THE BANKRUPTCY CODE TO RETAIN SPECIAL COUNSEL FOR THE PURPOSE OF DEFENDING OBJECTIONS TO ZONOLITE ATTIC INSULATION PROOFS OF CLAIM [D.I. # 2189].**

The Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee"), by and through its undersigned counsel, hereby objects (the "Objection") to the Official Committee of Asbestos Property Damage Claimants' Response and Motion Pursuant to Section 503 of the Bankruptcy Code to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim [D.I. # 2189] (the "Motion"). In support of the Objection, the P.I. Committee respectfully represents as follows:

**BACKGROUND**

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors in the above-captioned cases (the "Debtors") commenced these proceedings by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. On the Petition Date, the Court entered an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing for the joint administration of these cases for procedural purposes only.

{D0003231:1 }

2.      Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession since the Petition Date.

3.      On April 12, 2001, the Office of the United States Trustee (the "U.S. Trustee") appointed the P.I. Committee, the Official Committee of Asbestos Property Damage Claimants (the "P.D. Committee"), and the Official Committee of Unsecured Creditors, pursuant to Section 1102 of the Bankruptcy Code.  On June 18, 2001, the U.S. Trustee appointed the Official Committee of Equity Security Holders.  No trustee or examiner has been appointed in these cases.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction to hear the Motion and the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## OBJECTION

5.      On or about April 22, 2002, the Debtors filed, pursuant to Section 501(c) of the Bankruptcy Code and Bankruptcy Rule 3003, proofs of claim on behalf of ten Zonolite Attic Insulation claimants.  The proofs of claims were filed on behalf of Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, Edward M. Lindholm, John Sufnarowski, James and Doris McMurchie, John and Margery Prebil, Paul Rice, and Steven B. Walsh (collectively, the "ZAI Claimants").

6.      On or about May 10, 2002, counsel for certain of the ZAI Claimants filed a Motion to Strike Proofs of Claim and Response to Debtors' Proposed Order Setting Initial Schedule for Litigation Concerning Zonolite Attic Insulation Product Risk (the "Motion to

Strike"). At the May 20, 2002 Omnibus Hearing, the Court denied the Motion to Strike, without prejudice to the ability of the claimants to amend the proofs of claim filed by the Debtors. Amended proofs of claim were later filed on behalf of John and Margery Prebil, Paul Price, Marco Barbanti and Ralph Busch. In addition, the Court ruled that the Debtors' estates would be responsible for the fees and expenses of Special Counsel for the ZAI Claimants in defending the objections that the Debtors would later file to the ZAI proofs of claims. The fees and expenses of Special Counsel would be reviewed as an administrative expense under Section 503 of the Bankruptcy Code for benefiting the Debtors' estates.

7. In order to move forward with the ZAI 'science' trial, the P.D. Committee filed the Motion, pursuant to Section 503 of the Bankruptcy Code, seeking the retention of Special Counsel. The proposed Special Counsel include Darrell Scott and Burke Jacowich of Lukins & Annis, PS; Elizabeth Cabraser, Thomas Sobol and Jeniene Matthews of Lieff, Cabraser, Heimann & Bernstein, LLP; Ed Westbrook of Richardson, Patrick, Westbrook, Brickman; and Allan McGarvey of McGarvey, Heberling, Sullivan & McGarvey, P.C. ("McGarvey, Heberling")[1].

8. The P.I. Committee objects to the Motion to the extent that it proposes to retain McGarvey, Heberling as Special Counsel for the ZAI Claimants. Royce N. Ryan is a member of the P.I. Committee who has authorized McGarvey, Heberling to act as his attorney in fact for purposes of participation in the P.I. Committee.[2] As a result of that representation and the

---

[1] The P.I. Committee has been informed that the law firm of Ness, Motley, Loadholt, Richardson & Pole is no longer seeking appointment as Special Counsel to the P.D. Committee.

[2] The American Bar Association Model Rules of Professional Conduct Rule 1.7 may also operate to preclude McGarvey, Heberling from serving as Special Counsel to the P.D. Committee. Model Rules of Professional Conduct Rule 1.7 states:
    (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

corresponding fiduciary duties owed to all personal injury creditors generally, McGarvey, Heberling is apparently conflicted from serving as Special Counsel for the P.D. Committee.

9. Section 1103(b) of the Bankruptcy Code provides that:

> [a]n attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

10. "The term 'adverse interest' is not defined by the Code and whether one exists is determined on a case by case basis. An 'adverse interest' takes the form of a competing economic interest tending to diminish estate values or to create a potential or actual dispute in which the estate is a rival claimant." *In re Caldor, Inc.*, 193 B.R. 165, 171 (S.D. New York 1996) (citations omitted).

11. To hold an adverse interest means:

> for two or more entities (1) to possess or assert mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between the rival claimants as to which, if any, of them the disputed right or title to the interest in question attaches under valid and applicable law; or (2) to possess a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.

*In re Caldor, Inc.*, 193 B.R. 165, 172 (S.D. New York 1996).

---

      (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
      (2) each client consents after consultation.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
      (1) the lawyer reasonably believes the representation will not be adversely affected; and
      (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

12.     *In the Matter of Whitman*, 101 B.R. 37 (N.D. Indiana 1989), the Court was confronted with the issue as to whether a law firm could serve as counsel for the unsecured creditors committee while simultaneously representing an entity that held both secured and unsecured claims.  In concluding that these representations were precluded as a matter of law by Section 1103(b), the Court stated that "[e]very dollar by which the amount of the secured claim is increased and every dollar which must be paid on account of that secured claim, either upon confirmation or over time, will of necessity diminish the assets available for distribution on account of unsecured claims." *Id.*, at 39.

13.     The question as to whether McGarvey, Heberling is able to serve as Special Counsel to the P.D. Committee is answered by an analysis as to whether the P.D. Committee (and the individual ZAI Claimants) have an "adverse interest" to either Mr. Ryan or the asbestos personal injury creditors generally.  In this matter, such an adverse interest appears to exist due the competing financial interests between the Mr. Ryan by and through the P.I. Committee and the individual constituents of the Committee and the P.D. Committee.

14.     The adverse interest at issue in this matter is similar to the one that prevented the law firm in *Whitman* from representing both the unsecured creditors committee and an individual creditor.  To the extent that McGarvey, Heberling is successful in assisting the individual ZAI Claimants achieve a successful result in the ZAI 'science trial,' McGarvey, Heberling will directly impact the ability of all of the asbestos personal injury claimants to maximize their recovery from the estates' limited resources.  "To urge a position on behalf of one will automatically result in some abdication of the interests of the other." *Id.* at 39.

15.     The P.I. Committee submits that Section 1103(b) of the Bankruptcy Code prohibits McGarvey, Heberling from serving as Special Counsel to the P.D. Committee unless

and until the apparent conflict is resolved. The only exception to the prohibition of Section 1103(b) is where the representation is of "one or more creditors *of the same class* as represented by the committee. . ." (Emphasis supplied). That exception does not appear to apply in this case because McGarvey, Heberling does not represent one or more creditors of the same class. Specifically, McGarvey, Heberling represents a member of the P.I. Committee and is proposed to serve as Special Counsel to the P.D. Committee. These creditors are not only members of different classes of claimants, they are competing for the same limited pool of resources as the ZAI Claimants.

## CONCLUSION

WHEREFORE, the P.I. Committee respectfully requests that the Court deny the Motion to the extent it seeks the retention of McGarvey, Heberling, Sullivan & McGarvey, P.C. as Special Counsel to the P.D. Committee, unless and until the conflict described herein is fully addressed, and grant such other and further relief as the Court deems just and equitable.

CAMPBELL & LEVINE, LLC

/s/Mark T. Hurford
Matthew G. Zaleski, III (No. 3557)
Mark T. Hurford (No. 3299)
Chase Manhattan Centre
1201 N. Market Street, 15th Floor
Wilmington, DE 19801
(302) 426-1900

-and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, New York 10022-4614
(202) 319-7125

{D0003231:1 }                                6

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, D.C., 20005
(202) 862-5000

Counsel to the Official Committee
of Asbestos Personal Injury Claimants

Dated:  June 28, 2002