UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                              . Case No.   01-1139(JFK)
                                    .
                                    .
                                    .
  W.R. GRACE & CO., et al.,         .
                                    . 5414 USX Tower Building
                                    . Pittsburgh, PA 15222
                 Debtors.           .
                                    . April 22, 2002
. . . . . . . . . . . . . . . . . . . 10:05 a.m.

                   TRANSCRIPT OF HEARING
        BEFORE HONORABLE JUDITH K. FITZGERALD
        UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:                 Kirkland & Ellis
                                By:  DAVID M. BERNICK, ESQ.
                                     JAMES KAPP, ESQ.
                                     JANET S. BAER, ESQ.
                                200 East Randolph Dr.
                                Chicago, IL 60601

For the Environmental           U.S. Department of Justice
Protection Agency:              Environment and Natural Resources
                                  Division
                                By:  JAMES D. FREEMAN, ESQ.
                                (Telephonically)

For Edythe Kellogg:             Scanlon, Sessums, Parker
                                  & Dallas, P.L.L.C.
                                By:  PAT H. SCANLON, ESQ.
                                1650 Mirror Lake Plaza
                                2829 Lakeland Drive
                                Jackson, MS 39208
                                (Telephonically)

Audio Operator:                 Cathy Younker

Proceedings recorded by electronic sound recording, transcript
          produced by transcription service.

_____

            J&J COURT TRANSCRIBERS, INC.
                 268 Evergreen Avenue
             Hamilton, New Jersey 08619
             E-mail:  jjcourt@optonline.net

         (609) 586-2311  Fax No.  (609) 587-3599



#2057

28

1  will result in an appeal because Mr. Barbanti cannot --

2         THE COURT:  Look, no matter which way I do this,

3  folks, you all say you're going to appeal.  No matter what way

4  I do it, you're going to appeal.  So, fine, appeal.  I don't

5  care.  Let's at least get the issue determined so you have

6  something to appeal on.  I mean it would make a lot more sense

7  that we get the fundamentals down and then worry about whether

8  you're going to file an appeal.

9      MR. SCOTT:  Well, as I say, the issues I think will be

10 before the Court at the next Omnibus hearing.  There will be

11 apparently -- a claim has already been filed.  There will be a

12 motion to strike the proofs of claims and there will be a

13 motion to lift stay and to transfer.  The Court will make

14 rulings and then the litigation process will I guess take its

15 natural course.  But what I was trying to do was to expedite a

16 hearing on the liability issue and put this Court in a position

17 where it could avoid the certification issue and Grace's

18 proposal I think just cast the Court right into the --

19        THE COURT:  Number one --

20        MR. SCOTT:  It cast the Court into the certification

21 issue, I'm sorry.

22        THE COURT:  Number one, I don't know that I either

23 can or should avoid the certification issue at the appropriate

24 time.  The problem is I think it's premature.  There is no

25 point going to certification issues if, in fact, there isn't

1  going to be any liability determination. If there is going to

2  be a liability determination, then I think we need to look at

3  the scope. You've already got the class action certified in

4  the state court. That's not going anywhere. So I'm not sure

5  why at this point that whole thing has to come into this court.

6  And if it does, okay, do it that way, I don't really care. I

7  want to get to the liability side so we can see --

8          MR. SCOTT: I do too.

9          THE COURT: -- what it is that this debtor might be

10 subjected to and to whom it may owe and what at some point.

11         MR. SCOTT: I agree, Your Honor.

12         But I guess the point I would like to leave the Court

13 with is, classes are typically certified and almost invariably

14 uncertified. Certified on the liability issue and not on the

15 damages issue. The Court is doing it the other way around.

16 One of the reasons that the Washington court certified the

17 Barbanti case is because trial of the liability issue could not

18 be done even in Washington by a single claimant or a few

19 claimants standing alone. That is as true in Delaware as it is

20 -- or Pittsburgh as it is in Washington, and so rather than

21 avoiding an issue and getting swiftly to the liability trial, I

22 fear we'll really run sort of run into a procedural nightmare

23 that will set off --

24         THE COURT: But I think what you're saying is simply

25 that whatever the claimants, and I don't know who they are that

30

1  the debtors have picked, may not be able to afford the cost of

2  the litigation on the science side.  Is that what you're

3  telling me?  Because if that's the case --

4          MR. SCOTT:  That at least, yes.

5          THE COURT:  All right.  If that's the case, you

6  represent a whole lot of plaintiffs who can join in this action

7  simply by filing a proof of claim.  So if you want more people

8  to share that load, it seems to me that the opportunity is

9  here.  You file a proof of claim.  And we still get to the

10 common issue trial.

11         Pardon me.  Somebody on the phone, I don't know if

12 you're writing or typing or what you're doing next to your

13 microphone, but it's coming across here and it's very difficult

14 to hear.  Could you please do whatever it is, maybe put your

15 phone on mute or something until you're ready to speak.

16         Thank you.

17         MR. SCOTT:  And that is probably one of the

18 procedures that happens.  Mr. Barbanti, who is a representative

19 of the State of Washington, will file a class proof of claim,

20 and off we go.

21         THE COURT:  Well, I still think that we're putting

22 the car before the horse in this instance.  I truly do.  And

23 I'm not sure why we want to complicate what should be, I think,

24 a pretty much cut and dried battle of experts on the liability

25 side by adding to it the issues of a class certification.  I'm

31

1  really not.

2      Now, I'm not saying that the experts are going to

3  agree. I don't mean to minimize the complexity of the

4  evidence. But I'm not sure that we have to go there yet. And

5  why do we want to if, in fact, it turns out that there is no

6  proof of liability, we're not going anywhere with class

7  certifications. And if there is liability, we've got a whole

8  different horse to deal with.

9      MR. SCOTT: Your Honor, it is because individuals

10  with small claims are powerless to litigate a liability issue,

11  which in this case will be in the neighborhood of a half a

12  million dollars of expert witness fees only. That is the

13  circumstances under which classes are typically certified and a

14  failure to certify a class, the parties are powerless to pursue

15  their claims absent certification, isn't -- gives them an

16  automatic right of appeal. So we're --

17      THE COURT: Number one, I don't know that there is

18  going to be an automatic right of appeal when it's

19  discretionary in a Bankruptcy Court. I haven't seen any cases

20  that say the class certifications are mandatory in Bankruptcy

21  Courts.

22      Number two, in Bankruptcy Courts typically almost

23  everyone who has a claim, and obviously there are exceptions

24  when you paint with this broad a brush, but most people who

25  file claims have small claims. They bear the burden of that

32

1  litigation.   There is an Unsecured Creditors Committee already

2  appointed who can handle this litigation.   They're there to

3  deal with issues like property damage claims.   They have

4  counsel.   They can hire experts.   This group of people can very

5  well be represented by that Unsecured Creditors Committee and I

6  don't see how they're going to be disenfranchised from their

7  power to litigate by virtue of not having a class proof of

8  claim certified at this stage.

9            Now, having said that, it's entirely possibly that if

10 there's liability, again the universe may change.   And at that

11 point it may be appropriate to take a look at a different class

12 issue and perhaps do something different from the unsecured

13 creditors.   But I see no reason why this is anything other than

14 a typical unsecured claim that the Creditors Committee can

15 handle.

16            So I have to disagree.   They've got the power.

17 They've got the professional fees in place.   They certainly

18 have the power to retain experts, and I can't see how they're

19 losing rights in this process at this stage.

20            MR. SCOTT:   Well, actually we have a disagreement

21 that any official Committee has the power to litigate the

22 claims of individuals who are members of that claim and Civil

23 Rule 23 is not discretionary in the 7000 rules, an adversary

24 proceeding, which is why the Lewis adversary proceeding was

25 filed.   The dismissal of the Lewis adversary proceeding was

33

1  conditioned on a transfer and removal of cases which was the

2  position Grace took last time.

3          And so I understand what the Court is saying and I

4  started --

5          THE COURT:  No, you don't, Mr. Scott, because I'm not

6  suggesting that the Unsecured Creditors Committee is going to

7  litigate a particular claim.  But when you're looking at the

8  concept of whether the debtor bears liability based on some

9  scientific evidence to, when I use this word "class" I don't

10 mean for Rule 23 purposes --

11         MR. SCOTT:  Sure.

12         THE COURT:  -- but to a component of a creditor body,

13 a class of creditors in that sense.  I don't see any reason why

14 the Unsecured Creditors Committee cannot handle that type of an

15 issue.

16         So I really don't see why a common issues trial

17 doesn't work first.  But I see, as I said, if there is

18 liability, I think at that point in time there are some serious

19 issues with respect to class certification.  But I think we're

20 putting the cart before the horse in this bankruptcy context.

21         MR. SCOTT:  Well, I hope I at least helped the Court

22 in understanding what the issues are.  I'm certain I haven't

23 helped the Court in resolving issues.  And I guess these will

24 be formally presented at the next omnibus hearing.

25         THE COURT:  All right.