IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )    **Chapter 11** |
| W. R. GRACE & CO., et al. | )    **Case No. 01-01139 (JKF)** |
| | ) |
| Debtors. | )    **Jointly Administered** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE RESPONSE AND MOTION OF
THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS TO RETAIN SPECIAL COUNSEL FOR
THE PURPOSE OF DEFENDING OBJECTIONS TO
ZONOLITE ATTIC INSULATION PROOFS OF CLAIM (DOCKET NO. 2189)**

TO:    THE HONORABLE JUDITH K. FITZGERALD
       UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors' Committee"), by its undersigned counsel, submits this limited objection to the response and motion filed by the Asbestos Property Damage Claimants Committee (the "PD Committee") seeking entry of an order pursuant to Section 503 of the Bankruptcy Code authorizing the retention of special counsel ("Special Counsel") for purposes of defending objections to the proofs of claim filed by or on behalf of Zonolite Attic Insulation Claimants ("ZAI") (the "Retention Motion"), and respectfully states as follows:

1. During the course of the May 20, 2002 hearing before this Court, there was discussion with respect to the prosecution of the ZAI science trial and more specifically, the retention of Special Counsel by the PD Committee to render services in connection with the defense of the objections to be filed by the Debtors to the ZAI Claims, if PD Committee counsel did not themselves take on that role.

WLM\162666.1

2. After commenting that the budget for the fraudulent conveyance litigation before Judge Wolin is "horrific" as a result of "three different law firms all saying that they're lead counsel on different issues" in such litigation (Transcript of the May 2, 2002 hearing at page 106) the Court stated:

> The Court: Well let me make it easy. There's going to be one lead counsel, it's on a science trial, it's for a limited purpose. It's to do nothing else, so there will be <u>one firm.</u>" (5/20/02 - Transcript at page 106)[1] (emphasis added).

x x x

> The Court: So one attorney, one lead counsel. (5/20/02 - Transcript at page 106).

3. Notwithstanding the Court's clear position on this point, the PD Committee's Retention Motion has identified five different law firms to serve as Special Counsel and states further that "[t]he PD Committee will leave it to Special Counsel to designate who will be 'Lead Counsel' among them." (Retention Motion at paragraph 14).

4. The Creditors' Committee has no objection to an appropriate utilization of counsel already familiar with the facts and legal issues relevant to the ZAI claims asserted against the Debtors' estates, and welcomes a cost effective and efficient conduct of the science trail by all parties.[2] The Creditors' Committee does object, however, to the purported utilization of five separate law firms as Special Counsel for the PD Committee as requested by the Retention Motion.

---

[1] Herein after the transcript is referred to as, the "5/20/02 – Transcript").

[2] The deadline for the Creditors' Committee and other parties to object to the litigation budgets for the ZAI science trial submitted to the Court has not yet passed.

WLM\162666.1

5. The Retention Motion is totally devoid of any explanation to support the extraordinary proposed retention by the PD Committee of so many law firms, and there does not appear to be any reasonable justification for authorizing so many firms to so participate and be compensated for their services by the Debtors' estates.[3]

6. Not only does the Retention Motion totally fail to reveal the necessity for each proposed law firm, but it also fails to inform the Court, and all parties-in-interest to these chapter 11 cases, in any manner whatsoever, as to how the five firms are going to partition and coordinate discovery and conduct the trial so as to avoid what almost surely will result in significant redundancy and needless inefficiency in the staffing by the PD Committee of the ZAI litigation at excessive and unnecessary cost to these estates. The Creditors' Committee respectfully submits that leaving the future designation of "lead counsel" and all related issues to Special Counsel is unacceptable and not in keeping with Rule 2014 of the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 2014, a retention application must state, among other items, (i) "the specific facts showing the necessity for the employment" and (ii) "the reasons for the selection [and] the professional services to be rendered." Fed. R. Bankr. P. 2014(a).

7. The Creditors' Committee submits that a focused delineation of responsibilities and participation of the proposed firms, in addition to their collective necessity, in the various aspects of the ZAI science trial must be required of the PD Committee prior to this Court even considering approval of the relief sought in the Retention Motion. Accordingly, the Retention

---

[3] The Creditors' Committee would have no objection to counsel's participation in the science trial on behalf of their respective clients where counsel would be compensated solely by their clients and not by the Debtors' estates.

-3-

WLM\162666.1

Motion should be denied at this time without prejudice to the PD Committee modifying and supplementing the motion with information responsive to the concerns raised by this Objection.

**WHEREFORE**, the Creditors' Committee respectfully requests that this Court deny the Retention Motion without prejudice to the PD Committee modifying and supplementing it with information responsive to the concerns raised herein, and grant such other and further relief as may be just and proper.

Dated: New York, New York
July 1, 2002

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**
Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

and

**DUANE MORRIS LLP**

Michael R. Lastowski (DE I.D. No. 3892)
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 657-4942
Facsimile: (302) 657-4901
Email: mlastowski@duanemorris.com

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.