IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :    Case No. 01-01139 et seq.
                                                             :
W. R. GRACE & CO., et al.,                                   :    Jointly Administered
                                                             :
                                     Debtors,                :    **Hearing Date:  July 22, 2002 at 10:00 am**
------------------------------------------------------------ x

### RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF REVISED COMPENSATION PROGRAMS [Docket No. 2230]

The Official Committee of Equity Security Holders (the "Equity Committee"), by its undersigned counsel, hereby submits this Response in Support of the Debtors' Motion for an Order Authorizing, but not Requiring, the Implementation of Revised Compensation Programs dated June 17, 2002 [Docket No. 2230] (the "Motion"), and respectfully represents as follows:

1.      The Equity Committee has conferred with both the Debtors and the Official Committee of Unsecured Creditors regarding the relief sought in the Motion.  Based on those conversations, as well as its own examination of the circumstances, the Equity Committee believes that allowing the Debtors the flexibility to implement revised compensation programs is in the best interests of the Debtors' estate.  Among other things, the revisions to the compensation programs described in the Motion will allow the Debtor to more closely tailor its incentives to individual employees, thereby providing it with an enhanced ability to retain the talented employees necessary to run the Grace businesses.

KL2:2165283.1

2.      Incentive and retention programs serve a valuable role in ensuring that a company can recruit and retain talented employees. For companies in chapter 11, these programs are particularly necessary, given the economic uncertainty surrounding debtors. Without the ability to offer meaningful monetary incentives to valued employees, the Debtors' competitive position may suffer, to the detriment of all parties in interest.

3.      The terms and conditions of the incentive programs described in the Motion do not appear unreasonable under the circumstances, nor do they represent a major departure from the terms and conditions of the incentive programs previously approved by the Court for these Debtors.

4.      The Equity Committee submits that the contemplated revisions to the employee compensation and retention programs comport with the standards for sound business judgment elucidated in In re Lionel Corp., 722 F.2d 1063, 1072 (2d Cir. 1983), and subsequently adopted by the Third Circuit in In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 145-47 (3d Cir. 1986), in that they appears to bring significant benefits to the Debtors at a fair price and on reasonable terms.

## Conclusion

The revisions to the employee compensation and retention programs contemplated by the Motion represent a sound exercise of the Debtors' business judgment, and the Equity Committee therefore requests that the Motion be granted.

Dated:  July 2, 2002

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By:  _____
Teresa K. D. Currier (ID No. 3080)
Jeffrey D. Waxman (ID No. 4159)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware  19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gary M. Becker
919 Third Avenue
New York, New York  10022
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

**Attorneys for the Official Committee of Equity Security Holders**

KL2:2165283.1