IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-001139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 2174 |

Hearing Date: July 22, 2002 - 10:00 a.m.

## DEBTORS' RESPONSE TO MOTION OF THE ASBESTOS PROPERTY DAMAGE COMMITTEE FOR CLARIFICATION OF THE BAR DATE ORDER, EXTENDING OR ABATING DEADLINES AND MODIFICATION OF THE BAR DATE ORDER

The Asbestos Property Damage Committee's Motion for clarification, modification and

extension or abatement of certain deadlines set forth in the Court's Bar Date Order (the

"Motion") is without merit and unnecessary. The Bar Date Order is very clear. The procedures

questioned by the Committee are designed to give the best *actual notice* possible to all holders of

claims represented by counsel that may be affected by the Bar Date Order ("Claimants"). In

further support of this Response, the Debtors state as follows:

---

[1]
The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.      The Bar Date Order at p. 5 provides the following:

> ORDERED that all counsel of record for holders of Asbestos Property Damage
> Claims and/or Medical Monitoring Claims provide the Debtors with the following
> information: (1) the current names and addresses of their clients who have claims
> against the Debtors in these cases or who may or might have claims against the
> Debtors in these cases, within sixty (60) days after the date of entry of this Order
> so that the Debtors will be able to provide their clients with the Bar Date Package
> no later than ninety (90) days after the date of this Order, or (2) a certification
> within sixty (60) days after the date of entry of this Order, that counsel has
> contacted or attempted to contact all of their clients whom they represent,
> provided them with the Bar Date Package and advised them regarding their rights
> to assert a claim against the Debtors and their need to file their proofs of claim on
> the court-appointed Proof of Claim forms by the deadlines set forth herein.

A copy of the Bar Date Order is attached as Exhibit 1.

2.      The Notice to Attorneys ("Notice") sent to counsel with the Bar Date Package

further provides the following:

> The Debtors' records indicate that you are the attorney for individuals or entities
> who may or might have a current claim against the Debtors relating to Asbestos
> Property Damage or Medical Monitoring, or who may or might have other claims
> against the Debtors for which a Bar Date has been set in the cases.  The Debtors
> do not have addresses for your clients; therefore, your clients have NOT been sent
> the court-approved  Bar Date Notice, Proof of Claim Forms or Bar Date Order.
> The Bar Date Notice, applicable blank Proof of Claim Forms and the Bar Date
> Order are enclosed.

A copy of the Notice is attached as Exhibit 2.

3.      The Notice to Attorneys also explains the Bar Date Order procedure for providing

address information or alternatively, the Certification of Counsel.

4.      The procedure set forth in the Bar Date Order and the Notice have remained

unchanged since the draft Bar Date Order and form Notice was filed with the Court as part of the

Debtors' Consolidated Reply in Support of their Motion for entry of Case Management Order on

November 9, 2001.  Until now, the Committee has been silent with respect to the procedures and

the language set forth in the Bar Date Order and Notice.

5.      There is nothing devious or underhanded about the procedures set forth in either the Bar Date Order or the Notice.  As outlined in the Notice, the procedures were designed to address a very practical problem.  The Debtors know that there are thousands of Claimants that may hold claims against the Debtors who are represented by counsel ("Counsel").  The names of some of these Claimants are known to the Debtors because the names are contained on prepetition Complaints filed by the Claimants.  However, those Complaints do not generally state anything more than the Claimant's names, at best.  They do not contain address information for the Claimants.  The one piece of identifying information the Complaints do contain is the name of Claimants' counsel.

6.      Likewise, the Debtors are aware that hundreds of Counsel represent current as well as potential Claimants who hold or believe they have claims against the Debtors but who have not filed lawsuits against the Debtors.  Many of these Claimants likely have claims that will be affected by the Bar Date.  The Debtors do not have either name or address information for these Claimants.  However, the Debtors are certain these Claimants exist and are certain that Counsel known to the Debtors represent many of these Claimants.

7.      These facts lead to the basic issue of how the Debtors can best serve Claimants with *actual notice* of the Bar Date when the Debtors do not have address and even perhaps name information.  The Bar Date Order (at pp. 4-5) provides that "notice of the entry of this Order and of the Bar Date to unknown claimants pursuant to the Debtors' Bar Date Notice Plan ...shall be deemed good, adequate and sufficient notice of the Bar Date."  However, by proposing the Notice and Certification procedure, the Debtors sought to do better than Publication Notice when it came to Claimants who are represented by Counsel.

8.    The Debtors have given Claimants represented by Counsel, the opportunity to receive *actual notice* of the Bar Date. Either Counsel for such Claimants may provide the Debtors with address information for the Claimants so that the Debtors can provide such *actual notice* of the Bar Date, or Counsel themselves can provide the Claimants such *actual notice* and Bar Date Packages (which the Debtors will supply) and simply certify to the Debtors that such notice of the Bar Date has been provided to the Claimants.

9.    The purpose of the procedures set forth in the Bar Date Order is to provide the broadest *actual notice* possible. However, in the event *actual notice* is not possible, the Debtors will rely upon the Publication Notice to argue that any holder of an Asbestos Property Damage Claim, Medical Monitoring Claim or Non-Asbestos Claim who does not file a Proof of Claim by the Bar Date shall be barred from later asserting a claim.

10.    The PD Committee asserts that there is an ambiguity in the phrase "counsel of record for holders of Asbestos Property Damage Claims " as outlined on page 4 of the Bar Date Order. The Committee argues that the Debtors do not specify whether the reference is to counsel of record in litigation pending at the Petition Date, counsel of record in these chapter 11 cases, or both. The Committee further asserts that the ambiguity is compounded by the Order which goes on to describes counsel's clients as "clients who have claims against the Debtors in these cases or who may or might have claims against the Debtors in these cases." (See the Committee's Motion at ¶ 7).

11.    The phrase "counsel of record" was intended by the Debtors to mean counsel of record in litigation pending at the Petition Date <u>and</u> counsel of record in these chapter 11 cases. The Debtors sent the Bar Date Notice to all Counsel known to the Debtors who have identified

themselves to the Debtors as representing a Claimant or potential Claimant with a claim against

the Debtors which the Debtors believe may be affected by the Bar Date.

12.     The language with respect to "claims" in the Order was intended to be consistent

with the definitions of Asbestos Property Damage Claims, Medical Monitoring Claims and Non-

Asbestos Claims contained in Exhibit 1 to the Bar Date Notice and Section 101 (5) of the

Bankruptcy Code.  Section 101(5) of the Bankruptcy Code is described in the Bar Date Notice as

defining claims to include "a right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

equitable, secured, or unsecured."  The Bar Date Notice goes on to explain that "[b]ecause of this

broad definition, acts or omissions of the Debtors that occurred before the Debtors filed their

Chapter 11 cases on April 2, 2001 may give rise to claims against them notwithstanding that

such claims may not have matured or become fixed or liquidated prior to such date.  Therefore,

any creditor having a claim against the Debtors, no matter how remote or contingent, must file a

proof of claim before the Bar Date."  (See the Bar Date Notice attached as Exhibit 3, p. 3).

13.     The Bar Date Notice materials are clear.  If a Claimant has a claim as defined

very broadly in the Bankruptcy Code, they need to file a claim by the Bar Date or that claim will

be barred.  The Bar Date Order provides that, since the Debtors do not have address information

for all of such Claimants but know that Counsel for such Claimants do have such address

information, Counsel for such Claimants need to either give the Debtors the address information

so the Debtors can send out the Bar Date Packages or Counsel may do so and let the Debtors

know that they have done so.

14.     The Bar Date Order does not require Counsel to disclose "attorney-client relations

and privileged communications."  (Motion ¶ 8).  If Counsel do not want to disclose to the

Debtors who their client's are, they need not do so. Instead, they should give their own clients notice of the Bar Date and simply certify to the Debtors that they have done so.

15.     The Committee argues that the Order "imposes upon counsel of record the undue obligation to determine whether any of its clients -- in addition to those it is representing in pending litigation in these chapter 11 proceedings -- may or might have claims against the Debtors." (Motion ¶ 9). The Committee's reaction to this obligation is enlightening and disappointing. Yes, it does impose an obligation on Counsel. Counsel must determine if any of their clients may have claims against the Debtors that will be affected by the Bar Date. What is the undue burden? Is the Committee really suggesting that Counsel would not otherwise make this determination and give their clients who might have claims against the Debtors notice of the Bar Date?

16.     The Committee further argues that the requirement that Counsel provide a Certification as to "all of their clients whom they represent" could arguably entail notification by Counsel to its entire stable of clients whether or not such Counsel represents those clients in litigation against the Debtors or in this bankruptcy. (Motion ¶ 9). This assertion is ridiculous. The provision very clearly relates to clients whom Counsel represents that may have claims against the Debtors as explicitly described in the Bar Date Order and Notice.

17.     The Committee next raises what it identifies as the "real issue engendered by this aspect of the Bar Date Order." (Motion ¶ 10). That issue is described as "what the effect would be of the failure of counsel to file either the specified notice or the specified certification." (Motion ¶ 10). The answer is obvious. If Counsel fails to provide the address information, the Debtors will be unable to send Bar Date Packages to Counsel's clients. If Counsel fails to file the Certification, the Debtors will have to assume that Counsel has not notified their clients of

the Bar Date and has not provided their clients with the Bar Date Packages. Of course, such omission would not preclude a Claimant from otherwise filing a claim or obtaining a Bar Date Package. Failure of Counsel to provide the address or Certification would also not serve as grounds for disallowance of a claim or the disqualification of Counsel.

18.    What the failure to follow the procedures in the Bar Date Order does mean, however, is that Claimants may not get *actual notice* of the Bar Date and a Bar Date Package from the Debtors. Theoretically, this increases the risk that such Claimants may miss the Bar Date and if the Bar Date is missed, late claims will be disallowed. With a Publication Notice Program of approximately $4 million, the risks are low that Claimants will not be aware of the Bar Date and miss its deadline. Even so, the Debtors are trying to do all that they have in their power to provide *actual notice*.

19.    Finally, the Committee requests that the Court extend or abate the deadline by which counsel for Claimants must provide the address information or Certification until the Court "clarifies" the Bar Date Order. The Debtors strongly object to abatement of the requirements in the Bar Date Order. The Bar Date has been set for March 31, 2003 and the Debtors are doing everything in their power to send out *actual notice* of the Bar Date to all holders of claims affected by the Bar Date Order. Abating the requirement that Counsel provide address information or the Certification could have a detrimental affect on Claimants. On the other hand, if Counsel needs additional time to provide the address information or the Certification, the Debtors do not object. However, the Debtors must note that the Committee's request for an extension of the deadlines could potentially harm Claimants by providing them with less time in which to review the Bar Date Materials and file their Proofs of Claim.

WHEREFORE, the Debtors respectfully request that the Committee's Motion to Clarify the Bar Date Order, extend or abate the deadlines for submission of information or Certification and for modification of the Bar Date Order be denied.

Respectfully submitted

KIRKLAND & ELLIS
David M. Bernick PC
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Tel:  (312) 861-2000
Fax:  (312) 861-2200

and

PACHULSKI, STANG, ZIEHL YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Tel:  (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession