IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------)
In re                                    )    Chapter 11
                                         )
W. R. GRACE & CO., et al.,               )    Case No.  01-01139 (JKF)
                                         )    (Jointly Administered)
                                         )
                    Debtors.             )    Hearing Date:  July 22, 2002 at 10:00 a.m.
                                         )    Re: Docket No. 2189
--------------------------------------------------------)
```

## REPLY OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS' TO OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPONSE AND MOTION PURSUANT TO SECTION 503 OF THE BANKRUPTCY CODE TO RETAIN SPECIAL COUNSEL FOR THE PURPOSE OF DEFENDING OBJECTIONS TO ZONOLITE ATTIC INSULATION PROOFS OF CLAIM

TO:        THE HONORABLE JUDITH K. FITZGERALD,
           UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through undersigned counsel, respectfully files this reply (the "Reply") to the Objection (the "Objection") of the Official Committee of Personal Injury Claimants (the "PI Committee") to the PD Committee's response and motion (the "Motion") seeking entry of an order pursuant to section 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") authorizing the retention of special counsel ("Special Counsel") for purposes of defending objections to Zonolite Attic Insulation ("ZAI") proofs of claim.  In support of the Reply, the PD Committee represents as follows:

## INTRODUCTION

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").   On the Petition Date, the Court entered an order of joint administration pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of these cases and for their consolidation for procedural purposes only.   Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On April 12, 2001, the United States Trustee appointed the PD Committee.   At the PD Committee's original organizational meeting, it selected Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") as its bankruptcy counsel.

3. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On or about April 22, 2002, pursuant to section 501(c) and Bankruptcy Rule 3003, the Debtors filed proofs of claim on behalf of ten Zonolite Attic Insulation claimants (the "ZAI Claimants")[1] with the intent of commencing a contested claims process with respect to such claimants.

5. Thereafter, on or about May 10, 2002, counsel for certain of the ZAI Claimants[2] filed a Motion to Strike Proofs of Claim and Response to Debtors' Proposed Order Setting Initial

---

[1]   As set forth in the Debtors' Notice of ZAI Claim of Filings and of Hearing, the Debtors filed proofs of claim on behalf of  Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, Edward M. Lindholm, John Sufnarowski, James and Doris McMurchie, John and Margery Prebil and Paul Price, Stephen B. Walsh.

[2]   Counsel for Marco Barbanti, Ralph Busch, John and Margery Prebil, and Paul Price.

\74817\15537\ # 577541 v 1

Schedule for Litigation Concerning Zonolite Attic Insulation Product Risk (the "Motion to Strike").

6.        At the May 20, 2002 omnibus hearing, the Court denied the Motion to Strike without prejudice to the ZAI Claimants "amending them [the proofs of claim filed by the Debtors], substituting them, to refiling them …". <u>See</u> May 20, 2002 Trans. at 93, lines 20-24.[3] To the knowledge of the PD Committee, John and Margery Prebil, Paul Price, Marco Barbanti and Ralph Busch filed amended proofs of claim on or about May 30, 2002.

7.        Further, at the May 20, 2002 hearing, the Court ruled that the Debtors' estates would be responsible for the fees and expenses of counsel for the ZAI Claimants in defending the objections to the ZAI proofs of claim. <u>See</u> May 20, 2002 Trans., at 70, lines 3-6. The Court directed the PD Committee to either (a) inform the Court that Bilzin would be counsel to the ZAI Claimants in defense of the Debtors' objections to their proofs of claim or (b) submit an application to retain Special Counsel on behalf of the ZAI Claimants. <u>Id.</u> at 105, lines 3-6; <u>Id.</u> at 68, lines 9-13.

8.        The Court, having determined the necessity of determining the "science" of ZAI prior to moving forward with a determination on class certification, bar date and notice programs issues with respect to ZAI claims, ruled that Special Counsel to ZAI Claimants engaged for purposes of defending objections to the ZAI Claimants' proof of claims would be entitled to an administrative claim under section 503 of the Bankruptcy Code for benefiting the Debtors' estates. <u>Id.</u> at 68, lines 14-18.

---

[3]   The relevant portions of the May 20, 2002 Transcript were attached as Exhibit "A" to the Motion.

## REPLY TO OBJECTION

9.      The thrust of the Objection is that because one of the proposed Special Counsel currently is authorized to act as attorney in fact for a member of the PI Committee for purposes of participation in the PI Committee, such Special Counsel is conflicted from serving as  Special Counsel for the PD Committee.  (emphasis added) (Objection at ¶¶ 8, 15).

10.      The purported conflict raised by the PI Committee simply does not exist.  Special Counsel is not being sought to be retained under section 1103 of the Bankruptcy Code as special counsel to the PD Committee.  Rather, Special Counsel is being engaged as Special Counsel to the ZAI Claimants whose claims have been objected to by the Debtors and are subject of the "science" trial.  The Motion made this point very clear.  Thus, the concerns raised by the PI Committee about the ability of a particular Special Counsel to represent the ZAI Claimants at the same time it represents a member of the PI Committee are unfounded.  Moreover, as Judge Fitzgerald stated during the May 20, 2002 hearing, "[a]s special counsel, they don't need to be disinterested . . ."  See May 20, 2002 Trans., at 68, lines 11-13.

11.      The PD Committee (and its counsel), which was formed under section 1103 of the Bankruptcy Code, is unable to represent the interests of individual claimants -- including the ZAI Claimants -- whether directly or through the engagement of special counsel.  As an 1103 committee, the PD Committee is charged with representing the interests of asbestos property damage claimants ("PD Claimants") generally, and thus, has a fiduciary duty to all PD Claimants and the Court.  See In re Mesta Machine Co., 67 B.R. 151, 157 (W.D. Pa. 1986).  Conversely, counsel to any particular claimant owes a duty only to that claimant.  However, given the Court's alternative that the PD Committee act as "gatekeeper"  -- a role that it has accepted -- in facilitating the  ZAI "science" trial, the PD Committee sought to designate the Special Counsel

set forth in the Motion to serve as Special Counsel to the ZAI Claimants, expressly without waiving the substantive rights of any single claimant that does not participate in the trial.

## CONCLUSION

12.     As the PD Committee is not representing the interests of the ZAI Claimants individually and Special Counsel's engagement is for the purpose of representing the ZAI Claimants in the "science" trial, the Objection should be overruled because no conflict exists.

WHEREFORE, the PD Committee respectfully requests that the Court: (a) deny the Objection; (b) enter an order, substantially in the form attached as Exhibit "B" to the Motion authorizing the retention of Special Counsel pursuant to the terms outlined in the Motion; and (c) granting such further and other relief as this Court deems just and proper.

Dated:  July 12, 2002

BILZIN SUMBERG DUNN BAENA
   PRICE & AXELROD LLP

Scott L. Baena (admitted pro hac vice)
Jay M. Sakalo (admitted pro hac vice)
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
(305) 374-7580

and

FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555


By: /s/ Theodore J. Tacconelli
     Michael B. Joseph
     (Del. Bar No. 392)
     Theodore J. Tacconelli
     (Del. Bar No. 2678)

Counsel for the Official Committee of Asbestos
Property Damage Claimants