IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 2242, 2300 |

**DEBTORS' OBJECTION TO THE MOTION OF THE ZAI PROPERTY DAMAGE CLAIMANTS BARBANTI, BUSCH, PRICE, PREBIL AND MCMURCHIE FOR LEAVE TO APPEAL ORDER (A) DENYING CLAIMANTS' MOTION TO STRIKE PROOFS OF CLAIM FILED BY THE DEBTORS ON BEHALF OF ZAI CLAIMANTS; AND (B) SCHEDULING MATTERS IN CONNECTION WITH ZAI PROOFS OF CLAIM**

The ZAI Claimants continue to misapprehend the purpose of the "Science Trial" and the proofs of claim the Debtors have filed on behalf of the ZAI Claimants (the "Proofs of Claim"). The ZAI Claimants' Motion (the "Motion") for Leave to Appeal the Order (A) Denying Claimants' Motion to Strike Proofs of Claim Filed by the Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (the "June 18 Order") has no merit. The June 18 Order does not involve *any* controlling questions of law or issues for

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

which there are any grounds for difference of opinion. The portion of the June 18 Order the ZAI Claimants seek to appeal simply denies a motion to strike the Proofs of Claim. The Proofs of Claim were clearly filed in accordance with 11 U.S.C. 501 and Fed. R. Bankr. Proc. 3004. Further, the filing of the Proofs of Claim in no way prejudices the ZAI Claimants.

## Standard for Review of Interlocutory Orders

The ZAI Claimants cite section 1292(b) of Title 28 the U.S. Code for guidance in determining the applicable standard for leave to appeal interlocutory orders. That section provides that an interlocutory order may be appealed if the Court is of the opinion that such order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Debtors agree that the standard set forth in section 1292(b) provides appropriate guidance. However, the appellant must also establish "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Matter of Magic Restaurants, Inc.*, 202 B.R. 24, 26 (D. Del 1996) (citing *First Am. Bank of New York v. Century Glove*, 64 B.R. 958, 961-62. (D. Del 1986), citing *Coopers & Lybrand v. Livesay* 437 U.S. 463, 475 (1978)).

The ZAI Claimants present four issues to be presented on appeal: (i) whether the Court erred in allowing the Debtor to file the Proofs of Claim; (ii) whether the Court erred in allowing the Debtor to file the Proofs of Claim in the names of individuals; (iii) whether the Court erred in its reading of Fed. R. Bankr. P. 3004, contrary to 11 U.S.C. § 501(c) and 28 U.S.C. § 2075; and (iv) whether recognition of the Proofs of Claim infringes on the ZAI Claimants' due process rights.

The ZAI Claimants have stated no grounds for appeal of the June 18 Order. The June 18 Order involves no controlling questions of law whatsoever. Further, an appeal of the June 18

Order will not advance the ultimate resolution of these chapter 11 cases. As the Court indicated on March 18, 2002 and again on May 20, 2002, before these cases may go to confirmation or, in fact, before a plan can even be proposed, the Debtors must determine the universe of claims that will be asserted against them. The Proofs of Claim will aid that process. Additionally, the ZAI Claimants offer no evidence of the exceptional circumstances required to justify allowing the interlocutory appeal to proceed. None of the four issues raised by the ZAI Claimants meets any of the three parts of the standard: the June 18 Order does not (i) involve a controlling question of law; (ii) concern issues where there is substantial ground for difference of opinion among courts; and (iii) concern issues where an immediate appeal from the order may materially advance the ultimate termination of the litigation.

### The Proofs of Claim were Appropriately Filed

The ZAI Claimants argue that the Debtors are attempting to co-opt their rights to define and file their claims. The ZAI Claimants are seeing a conspiracy where none exits. The Debtors have picked up on a concept formulated by this Court which takes a very complex set of claims and *begins* to assign some sort of order to approaching the claims. As the Court stated in the March hearing: "if we would simply get them [the ZAI Claimants] to file the proofs of claim and litigate the [science] issue in that context, or have the debtor file the proof of claim for them and then litigate the issue in that context, I think we could get to it in sort of a mini trial." (March 18, 2002 transcript at p. 88).

### The Proofs of Claim do not Impose Unreasonable Burdens on the Individual ZAI Claimants

The ZAI Claims have been filed by the Debtors pursuant to section 501(c) of the Bankruptcy Code which permits Debtors to file proofs of claims for creditors who have not filed timely claims. The ZAI Claimants oppose the filing of the Claims, arguing that the Debtors seek

to abuse the bankruptcy process by strategically segregating out for litigation claims of its own choosing. The claimants "picked" by the Debtors were the only ZAI Claimants known to the Debtors-the named parties in the pending ZAI class actions. However, as the Court pointed out, ZAI counsel "represent[s] a whole lot of plaintiffs who can join in this action by simply filing a proof of claim. So, if [counsel] want more people to share that load [or participate in the process]...the opportunity is here. You file a proof of claim. And we still get to the common issue trial." (April 22, 2002 transcript at p. 30).

Further, at the May 20, 2002 hearing, the Court made clear that the individual ZAI Claimants did not lose any of their rights or incur any additional burden when the Debtors filed the Proofs of Claim. First, with respect to the any alleged prejudice arising from the Debtors filing the Proofs of Claim, the Court stated, "That, in my view, is pure nonsense. The [ZAI] Claimants can always amend their claims, they can file their own claims to supercede the [Proofs of Claim]." (May 20, 2002 transcript at p. 73). Second, the filing of the Proofs of Claim do not prevent the filing of class proofs of claim: "[T]hey can file a class proof of claim. I've already said, they can file whatever they want." (May 20, 2002 transcript at p. 91). Third, the purpose of the Proofs of Claim is to frame the issues for the Science Trial, not to segregate individual claims for claim objection: "I'm not setting a bar date that bars people from filing proofs of claim in the future. But to get into [the Science Trial], you've got ten days. . . . [T]hereafter the Debtor's going to file objections to them, and we're going." (May 20, 2002 transcript at p. 90). Finally, the individual ZAI Claimants named on the Proofs of Claim are not burdened by the potential costs of the Science Trial, as the Debtors will be paying for the ZAI Claimants costs: "[I]t seems to me that this estate is quite simply going to have to bear the costs [of the ZAI Claimants for the Science Trial]" (May 20, 2002 transcript at p. 67).

## The Court's Reading of Rule 3004 is Consistent
## with Section 501(c) and the Rules Enabling Act

The ZAI Claimants argue that the Debtors conduct is violative of section 501(c) and the statute's intent. The ZAI Claimants are simply wrong. The ZAI Claimants would like the Court to look to the legislative history of the Bankruptcy Code to modify the plain meaning of section 501(c). As the Supreme Court has repeatedly held in interpreting the Bankruptcy Code "when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 120 S.Ct. 1942 (2000) citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241(1989) (internal quotations omitted).

The meaning of section 501(c) could not be more clear: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The clarity of this language has been recognized by a number of courts. See *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 800 (D. Va. 1985) ("The language of 501(c) is clear and unambiguous. It enables the debtor to file a proof of claim for a creditor who fails to do so."); *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751, 752 (Bankr. M.D. Pa. 1983) ("We think that the logical meaning of [section 501(c)'s] language is clear. After a creditor fails to file a timely proof of claim, the debtor may file on behalf of a tardy creditor."); *In re Teichman*, 29 B.R. 323, 323-24 (Bankr. E.D.N.Y. 1983) ("The language of [section 501(c)] is clear and unambiguous. It permits the trustee to file a claim on behalf of a creditor if and when the creditor fails to do so.").

Section 501(c) plainly allows a debtor to file a proof of claim for any creditor who fails to timely file a proof of claim on its own behalf. There is no other reasonable reading of the statute.[2]

The only possible issue in interpreting section 501(c) is what constitutes "timely" filing. However, as the ZAI Claimants recognize, the Bankruptcy Rules "determine whether claims are timely or tardily filed." (Motion to Strike and Response at p. 13, n.10). Bankruptcy Rule 3004 is as clear as section 501(c):

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of the creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.

The clear interpretation of "timely" under Rule 3004 has been explicitly recognized by at least one court: ". . .Rule 3004 does not preclude an earlier filing. Such a preclusion would be inconsistent with the intent of the draftsmen of the Code. There is no logical reason to disallow a claim filed . . . on behalf of a creditor because it was filed to early." *Snyder v. Gaertner*, 156 B.R. 759 (Bankr. W.D. Pa. 1993).

Rule 3004 cannot reasonably be read to enlarge any rights accorded a debtor under section 501(c), despite the previous assertion of the ZAI Claimants.[3] (Motion to Strike and Response at p. 13, n.10). Rule 3004 merely defines what constitutes a "timely" filing of a proof

---

[2] The Debtors recognize that in a few cases courts have denied the right to file a proof of claim under section 501(c) where the court found a chapter 7 trustee was filing proofs of claim in an effort to increase his fee. See, e.g., *In re Nettles*, 251 B.R. 899 (Bankr. M.D. Fla. 2000); *In re Mustelier*, 65 B.R. 59 (Bankr.S.D.Fla.1986). However, the Debtors were unable to find any case where a court disallowed a dischargeable claim filed under 501(c) for strategic purposes, despite the ZAI Claimants unsupported assertion that such claims have been disallowed.

[3] In fact, the Advisory Committee Note to Rule 3004 specifically addresses two issues raised by the ZAI Claimants with respect to the interplay of section 501(c) and Rule 3004 regarding (i) non-dischargeable claims ("the option accorded the Debtor by [section 501(c) of] the Code does not depend on the nondischargeability of the claim.") and (ii) abridgement of the rights of creditors ("No serious administrative problems and no unfairness to creditors seemed to develop from adoption of . . . the forerunner to § 501.").

of claim and sets a time limit for a debtor (or trustee) to exercise its right under section 501(c) to file a proof of claim on behalf of a creditor who failed to timely file its own proof of claim. Further, despite the ZAI Claimants assertion that application of Rule 3004 violates the Rules Enabling Act, at least one court has held that Rule 3004 is not inconsistent with section 501(c), specifically noting that Rule 3004 is authorized by the Rules Enabling Act. See *Matter of Danielson*, 981 F.2d 296, 298 (7th Cir. 1992).

### The Proofs of Claim do not Impugn Due Process

The ZAI Claimants blindly argue that, by allowing the Proofs of Claim to be filed, the individual ZAI Claimants due process rights are violated. This assertion simply does not stand up to the facts. The process established moves the Debtors' chapter 11 cases forward while protecting the ZAI Claimants' rights by allowing the filing of amended or superceding claims and by requiring the Debtors to bear the financial burdens of the Science Trial. The Court has already held that the claim process does not violate due process: "There is no due process problem. There's no violation of the rules. It's getting the things teed up . . . to do the Science Trial first." (May 20, 2002 transcript at p. 93). The only basis presented by the ZAI Claimants for this asserted violation of due process is that the appointed representatives are deprived of their representative capacities. This is simply false. As the Court stated: "[T]he class certification issues . . .[are] not permanently delayed, they're simply being put on hold until I get the liability issues determined." (May 20, 2002 transcript at p. 108-09).

### Conclusion

The ZAI Claimants have stated no legitimate grounds for an interlocutory appeal of the June 18 Order. The June 18 Order involves no controlling questions of law whatsoever. Further, an appeal of the June 18 Order will not advance the ultimate resolution of these Chapter 11 cases. As the Court indicated on March 18, 2002, before this case may go to confirmation or, in

fact, before a Plan can even be proposed, the Debtors must determine the universe of claims that will be asserted against them. Additionally, the ZAI Claimants offer no evidence of the exceptional circumstances required to justify allowing the interlocutory appeal to proceed. The ZAI Claimants' Motion must be denied.

Dated: July 15, 2002

        KIRKLAND & ELLIS
        David M. Bernick, P.C.
        James W. Kapp III
        Janet S. Baer
        Christian J. Lane
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*/s/ David W. Carickhoff*

Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession