# EXHIBIT "A"

FILED

UNITED STATES BANKRUPTCY COURT MAR 27 PM 12: 12
DISTRICT OF DELAWARE

US BANK CLERK

IN RE:                          . Case No. 01-BANKRUPTCY COURT
                                . Chapter 11              OF DELAWARE
W.R. GRACE, et al.,             .
                                . Bankruptcy Courtroom No. 2
                                . 824 Market Street
              Debtors.          . Wilmington, Delaware 19801
                                .
                                .
                                . March 18, 2002
. . . . . . . . . . . . . . . .  . 1:07 P.M.

            TRANSCRIPT OF OMNIBUS HEARING
        BEFORE HONORABLE JUDITH H. WIZMUR
          UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:              Kirkland & Ellis
                          By:  DAVID M. BERNICK, ESQ.
                          200 East Randolph Drive
                          Chicago, Illinois 60601

                          Pachulski Stang Ziehl Young & Jones
                          By:  DAVID CARICKHOFF, JR., ESQ.
                          919 North Market Street, 16th Floor
                          Post Office Box 8705
                          Wilmington, Delaware 19899-8705

For Asbestos P.I.         Campbell & Levine
Claimants:                By:  MATTHEW ZALESKI, ESQ.
                          1201 Market Street, 15th Floor
                          Wilmington, Delaware 19801

                          Caplin & Drysdale
                          By:  PETER LOCKWOOD, ESQ.

Audio Operator:           Rachel Bello

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

---

## TRANSCRIPTS PLUS
435 Riverview Circle, New Hope, Pennsylvania 18938
e-mail courttranscripts@aol.com

215-862-1115   (FAX) 215-862-6639



1  quite correct, in this issue where there has been no test of
2  the scientific side by way of an adjudication before this
3  bankruptcy was filed, the debtor should know whether it is
4  subject to liability on that score, and so should the creditor.
5  And I think that piece ought to be determined before we alarm a
6  lot of potential people who have Zonolite in their attics that
7  there may or may not be some detriment as it turns out.  I
8  don't know what the answer will be, but either way, it doesn't
9  make much sense to alarm them until we know that there is
10 reason to do it.  And right now, as I sit here, there seems to
11 be a big challenge as to whether there is reason to alarm them.
12 So, we ought to figure that piece out.

13         And then if there is, we ought to structure a notice
14 program that makes sense to advise people about what the
15 potential risks are and how they can minimize the risk and what
16 they need to do in order to finish filing a claim here.

17         At that point, I think we can determine whether it's
18 necessary to do a lot of individual claims or look at a class
19 certification.  But I think we need to get to that science
20 first.  I think to do everything else is putting sort of the
21 cart before the horse and --

22         MR. BAENA:  So, we are not determining individual
23 versus class proof of claims --

24         THE COURT:  Right.

25         MR. BAENA:  -- at this point in time.

1         THE COURT: No, I would think we would not need to do
2 that until the science is decided. Once the science is
3 decided, then we're right back in the seat that we're in today.

4         MR. BAENA: Do you think you need a class proof of
5 claim though to bring on the scientific issue?

6         THE COURT: Well, that's what I was suggesting
7 earlier. I'm not sure we do, though, to the extent that either
8 -- for example, the named plaintiffs in the Washington suit
9 that Barbanti plaintiffs, for example, if we would simply get
10 them to file the proofs of claim and litigate the issue in that
11 context, or have the debtor file the proof of claim for them
12 and then litigate the issue in that context, I think we could
13 get to it in sort of a mini trial.

14         MR. BAENA: Again, as a class proof of claim?

15         MR. BERNICK: No --

16         THE COURT: Well, it's not really a class proof of
17 claim. It's the consolidated trial as to any of those
18 plaintiffs who have filed proofs of claim.

19         MR. BERNICK: It is --

20         MR. BAENA: As to the class representatives then.

21         THE COURT: Yes.

22         MR. BAENA: Their proof of claims.

23         THE COURT: Yes.

24         MR. BERNICK: But in this practical matter, the only
25 thing that we would really have to do to bring those claims

89

1  before the Court, as Your Honor has indicated is that those
2  lawsuits have been pending against Grace. We can simply import
3  to this Court those underlying lawsuits. There doesn't even
4  have to be a proof of claim.

5          THE COURT: That's true, too. And that eliminates
6  somewhat with your issue and Mr. Lockwood's issue at the moment
7  about filing the proofs of claim.

8          MR. LOCKWOOD: Your Honor, could I interject
9  something here? I hate to sound like a technical nitpicker,
10 but I'm getting a little bit concerned about the interplay
11 between the bar dates to the class determinations. First,
12 you've got a motion to dismiss an adversary proceeding,
13 adversary proceedings technically are not the way to present
14 claims. I think that's probably right.

15         We also have something called a motion for permission
16 to file a class proof of claim. I don't think we need --

17         FEMALE SPEAKER: Mr. Lockwood, would you step up to
18 the microphone?

19         MR. LOCKWOOD: I don't think you need permission to
20 file a proof of claim. You can file -- anybody can file a
21 proof of claim. It may get objected to, and it may get thrown
22 out on any one of a number of grounds, but people come in, they
23 file proofs of claims.

24         And, indeed, that's what Judge Newsome determined in
25 connection with the class proof of claim issue in the Armstrong