# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF DELAWARE

IN RE:
)
)
)              Bankruptcy Action
W. R. GRACE & CO.,          )     Case No. 01-01139(JKF)
et al,                      )
)              Chapter 11
Debtors,      )     Wilmington, DE
)              May 20, 2002
)

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            DAVID BERNICK, ESQUIRE
                           JANET BAER, ESQUIRE
                           JAMES W. KAPP, III, ESQUIRE
                           Kirkland & Ellis
                           200 East Randolph Drive
                           Chicago, Illinois 60601

                           JAMES RESTIVO, ESQUIRE
                           Reed, Smith, LLP
                           1201 North Market Street
                           Wilmington, DE  19899

                           DAVID W. CARICKHOFF, JR., ESQUIRE
                           Pachulski, Stang, Ziehl, Young &
                           Jones, P.C.
                           919 North Market Street, 16th Floor
                           P.O. Box 8705
                           Wilmington, DE 19899

For Maryland Casualty      JEFFREY WISLER, ESQUIRE
                           Connolly, Bove, Lodge & Hutz
                           1220 N. Market Street
                           Wilmington, DE 19899

For Continental Casualty
Co.                        ELIZABETH DELUSTOFICO, ESQUIRE
                           Ford

#2162

Ruling                                      Page 66

1   I believe it's covered to the extent that parties have the

2   opportunity to seek a leave from that preliminary injunction.

3   There is a mechanism built in, and if that's appropriate, it's

4   appropriate.  I don't think it's going to work for Ms. Gerard

5   in this action against Maryland Casualty.

6            I haven't looked at it with respect to Continental.

7            MR. PARKER:  Thank you, very much, Your Honor.

8            THE COURT:  All right.  Mr. Bernick, did your office

9   prepare an order?

10           MR. BERNICK:  Yes.  The next item is the last item,

11  Item 9, and this relates to the CAI claims filings process.

12  And, again, I want to just review a little bit of where we've

13  been on this and the two developments that have taken place

14  since the last hearing.  That will bring the Court up to speed.

15  We're obviously now coming up on the anniversary, the first

16  anniversary, of our motion to set a bar date with respect to

17  these claims.

18           We made that motion, actually, in July of last year.

19  And so this is -- obviously is something that's important to

20  the debtor.  We did it right off and we still are not quite

21  there.  Although I think that two hearings ago, the Court did

22  identify a sound case management path.  Under that path, the

23  Court was going to defer consideration of the bar date and the

24  bar date notice and defer consideration of class issues and

25  hold a science trial first, so that the science trial could

1   inform Your Honor's discussions and deliberations and decisions

2   with regard to those ultimate decisions.  And, in fact, at page

3   92 of the transcript, you said that the real purpose of looking

4   at this is to see, (a) what type of notice we're going to

5   bring, and (b) what type of class.  So if we get the science

6   decided first, then we know either more -- then we know whether

7   either or both of these makes sense, whether they make sense,

8   and we have a whole lot more information with which to

9   determine the type of certification.

10         THE COURT:  Mr. Bernick, let me cut some of this

11   off --

12         MR. BERNICK:  Sure.

13         THE COURT:  -- because this has gone on for three

14   months.  I've read all the pleadings.  It seems to me that

15   that's still the right approach.  The issue seems to be how to

16   get the claimants who need counsel in order to defend an

17   objection to their claim, to be able to do that.

18         And it seems to me that this estate is quite simply

19   going to have to bear the costs.  I don't know any other way

20   around it, in order not to have to get into the class

21   certification issues.

22         There are -- you filed, I think, ten claims.  They

23   purport to be on behalf of the named plaintiffs in the various

24   actions that are there.  It seems to me that the appropriate

25   thing to do -- well one of two things are appropriate at this

Colloquy                          Page 68

1   point.  Either I direct U.S. Trustee's Office to appoint a

2   separate committee, which, frankly, I'm loath to do.  I'm not

3   sure it's necessary.

4           Or I simply define these to be what the parties have

5   defined them to be, property damage claims that are within the

6   subject matter of the property damage committee in the case and

7   require the property damage committee to pick up the

8   litigation.

9           Now having said that, if they need special counsel, I

10  think it's appropriate to hire special counsel.  There are

11  certainly counsel who have been very active in the case.  As

12  special counsel, they don't need to be disinterested, so if the

13  property damage committee wanted to use them, I think they can.

14          My reason for this is twofold.  Number one, I believe

15  under 503, this litigation is essential for this estate to know

16  how it's going to wrap itself up at some point in time.

17          And I think that there would be an entitlement to a

18  503 administrative expense for having benefitted the estate,

19  because it has to be done.  There just -- it doesn't make

20  logical sense not to do the science trial first in some

21  fashion.  It needs to be done, both to find out whether there

22  really is potential liability for the estate.  And if there is

23  that liability, to define how the notices should be created and

24  go forward.

25          So I think long and short of it, in order to defer

Colloquy                              Page 69

1    the class issue, which I think are appropriate, I do not see

2    the need to push the class certification issues until we find

3    out whether there is some science basis for liability.  We have

4    to get it done.

5           Each of these individual claimants obviously has the

6    right to their own counsel.  And if they want to bring their

7    own counsel involved in this case, there's certainly nothing

8    that this Court would do to prohibit it.

9           MR. BERNICK:  Would we have to pay for it, though?

10          THE COURT:  No, not for their individual counsel.

11   But for committee counsel for them the pick up in this case and

12   represent it, yes.

13          Otherwise, I don't see a way that this is going to go

14   forward.  I'm reading between the lines, Mr. Bernick, I don't

15   think this is really an issue about the fact that the science

16   trial should go forward first.  It's really an issue about how

17   the people who will be out of pocket are going to get

18   compensated.

19          And it isn't a fair burden, I think, to pick ten

20   individuals and say, you're going to bear the brunt of this

21   entire science trial.

22          MR. BERNICK:  Well I, you know, if they had their

23   class certified and they were going down the road to a trial

24   they would do exactly that --

25          THE COURT:  But they aren't, and you're asking that I

1   not go there.  If you prefer that I get into the class --

2              MR. BERNICK:  Obviously I do not.

3              THE COURT:  -- I will do that.  I will do it.  But it

4   seems to me that the best way around this, is simply to

5   recognize that this estate's going to have to -- in order to

6   get this issue of time, the estate should bear this expense.  I

7   want a budget.  Because I'm not going to permit a budget to be

8   exceeded.

9              I realize I'm taking money out of one pot,

10  essentially, and requiring it to be put into another.  But I

11  think it's necessary to the progress of this case.

12             MR. BERNICK:  Can I -- I appreciate that, Your Honor.

13  Obviously we're very, very anxious to proceed and we think that

14  the course that the Court has indicated is the proper course.

15             If Your Honor would enter the order that we've asked

16  to be entered that sets up the schedule, we can go forward.

17  With regard to the particular issue of funding, that is who

18  gets funded and in what respect, I think that I, and my client,

19  I know, would like to have a little bit of time to think about

20  that, because it may have some texture to it that's worth

21  exploring a little bit.

22             So if you could give us some time, maybe the next

23  seven days, to make whatever submission we would like to make,

24  if we make a submission on that subject, following up on Your

25  Honor's statements today, I think that that would be

Colloquy                              Page 71

1    appropriate and beneficial to the estate, so that we can get

2    the order entered and get the process underway.

3           Very little time will pass before we will express our

4    views and see if there are any issues at all.

5           THE COURT:  Well I think the -- I think I may need to

6    have you both looking at the issue of funding, but I think we

7    need the committee to decide whether it's going to pick up this

8    action or retain special counsel too.

9           MR. BERNICK:  Okay.

10          THE COURT:  So I think I need two pieces before

11   I'm --

12          MR. BERNICK:  Sure.

13          THE COURT:  -- content giving you an outside bar date

14   on the science side.  I'd like to get this going too, Mr.

15   Bernick.  Because the longer it gets delayed, I don't see that

16   there's much benefit.  But I also don't want to act

17   precipitously and get started on discovery.  It would not be an

18   appropriate party getting -- having representation.

19          Here's the difficulty procedurally that I see.  I now

20   have the objection -- I now have the claims that debtor has

21   filed --

22          MR. BERNICK:  Right.

23          THE COURT:  And the debtor indicates that they're

24   disputed.  But I think in order to frame the pleading, I need

25   the debtor to file an objection to the claims, so that we frame

Colloquy                          Page 72

1    the issues.

2            MR. BERNICK:  Yes.

3            THE COURT:  Because the other problem that I'm

4    facing, and frankly I don't think it's going to be a major one,

5    but, today is the way that the committee or -- I'm sorry, I've

6    forgotten who's filed the response, but the one that identifies

7    the issues at the end of the pleading --

8            MR. BERNICK:  Right.

9            THE COURT:  -- have articulated the issues and the

10   way the debtor articulated the issues are somewhat different.

11   Frankly, I don't think we need to get into, at this early

12   stage --

13           MR. BERNICK:  Exactly.

14           THE COURT:  -- all of those later issues.  I think

15   what we need to do is find out whether there is a hazardous

16   product.

17           MR. BERNICK:  Correct.

18           THE COURT:  And now that's a broad term, hazardous

19   product.  And you folks, I think, need to get together to

20   decide what the parameters of that is.  That what -- are I

21   guess is the plural word, are.  What hazardous means in this

22   context, and I don't necessarily want to interpose anything

23   with respect to that issue today.

24           But I think to set the stage, the debtor now needs to

25   file an objection to that claim.

Colloquy                          Page 73

1          MR. BERNICK:  Okay.

2          THE COURT:  I read with interest the response that

3    says that somehow or other these claimants are being prejudiced

4    from filing a claim, because the debtor filed a claim for it.

5    That, in my view, is pure nonsense.  The claimants can always

6    amend their claims, they can file their own claims to supercede

7    the debtor's claims.

8          MR. BERNICK:  Right.

9          THE COURT:  There hasn't been a bar date set.

10         MR. BERNICK:  Right.

11         THE COURT:  The purpose of the bar date is to fix the

12   final date by which to file a proof of claim, not the first

13   date by which you file a proof of claim.

14         MR. BERNICK:  Right.

15         THE COURT:  So I see no prejudice to anyone.  And,

16   frankly, I think the debtor's filing the claim in the fashion

17   that it did set the stage that needs to be set.  But I need the

18   next piece.

19         MR. BERNICK:  Yeah.  So we will file the objections.

20   We will submit a paper to the Court.  If counsel for the

21   other -- on the other side is going to be making a proposal

22   with regard to the handling of fees, experience says that

23   that's probably going to take a couple of weeks to put

24   together.

25         So why don't we have them exchanged in 14 days.  What

Colloquy                                Page 74

1    I would like to get to, though, is a very, very prompt

2    determination, so that it's not -- we can really continue to go

3    forward with this --

4           THE COURT:  Well I think -- I mean, it seems that

5    there was sort of an agreement -- it seems that there was,

6    basically, an agreement about the content of the discovery

7    order.  So I think it may be appropriate just to re-craft that

8    discovery order, but push the dates out a little bit so the

9    debtor can take a look at the issue of funding, and the

10   committee can take a look at the issue of counsel.

11          You have to get the objections anyway, then I need a

12   response.  And that's a required, mandatory 30 day notice

13   period before I can have a hearing under the Rule.

14          MR. BERNICK:  Okay.  But what if we simply submitted

15   a new form of order that pushed all of the dates out 30 days,

16   thereby giving us the opportunity to get to the next hearing

17   with regard to who is going to be representing the claimants

18   and on what kind of basis?

19          THE COURT:  Well --

20          MR. BERNICK:  The issue being that nobody should have

21   to spend money to comply with the activities that are required

22   by the order --

23          THE COURT:  Right.

24          MR. BERNICK:  -- until that's been clarified.

25          THE COURT:  Right.

Colloquy                           Page 75

1        MR. BERNICK:  So if we created a 30 day window before

2   any substantive activities are required, and during that period

3   of time we can hash out who is going to be paying what, that

4   might be the way to go.

5        THE COURT:  Okay.  That's fine.  I think that's

6   necessary.  I really -- I don't lightly impose costs against

7   the estate, but I think in this instance it's just not going to

8   get off the ground unless I do it.  And I think the debtor's

9   just going to have to bear the brunt of this litigation.

10       I know it's odd to be paying for litigation against

11  yourself, but I don't know how else, in this instance, to get

12  this done.

13       MR. BERNICK:  If we go back -- just an observation

14  and suggestion, but if we go back to the class context,

15  typically class counsel and the named representatives,

16  everybody knows it's class counsel, bears the full cost of

17  prosecuting a class action.

18       THE COURT:  But they also get the upside.  And the

19  problem --

20       MR. BERNICK:  Well, but see, if they're correct, if

21  they're correct about their contentions here, they will get the

22  upside.

23       And you don't get -- you get the upside subject to

24  the ultimate approval of the Court with regard to the

25  contribution they've made to the case.

Colloquy                              Page 90

1          THE COURT:  I just put that in by saying that the
2     committee is going to hire special counsel to defend these
3     objections that the debtor is going to file.  If these
4     claimants want to file proofs of claim, or if they want to file
5     on behalf of additional claimants so that they join, they've
6     got ten days just for the purpose of getting them into the
7     science class.
8          I'm not setting a bar date that bars people from
9     filing proofs of claim in the future.  But to get into this
10    science side, you've got ten days.  Within ten days thereafter
11    the debtor's going to file objections to them, and we're going.
12         MR. BERNICK:  And in the event -- in any event, we
13    will file objections to the claims that already had been
14    brought here, in the event that they're not superceded by
15    another claim.
16         So one way or another, within 20 days, we will have
17    objected to claims that we can be working with in the case.
18         MR. SOBEL:  If I may, again, Your Honor.  What I
19    would suggest, before we start moving down this track, because
20    there might be a way to avoid the adversarial nature of,
21    frankly, the Zonolite claimants' objection to this process that
22    is before you, is to have a cooling off period where we can see
23    if we can find out who the lawyers are going to be, find out
24    how they're going to get paid, then tee these issues up.
25         Otherwise, what I am confronted with is a situation

1    where the Court, with all due respect, is purporting to

2    exercise jurisdiction over ten individuals, no one of which I

3    know for certain has been served any pleading, personally.

4    They have been given documents to their lawyers and the lawyers

5    have been asked in this order to please hand this to somebody,

6    because you might have to go to court, thousands of miles away

7    from Minnesota or Massachusetts, or --

8              THE COURT:  That's what happens when a debtor files

9    bankruptcy.  You file your claim where the debtor is.

10             MR. SOBEL:  That's right.  But what most of these

11   people would do would be file a class proof of claim.

12             THE COURT:  Fine, they can file a class proof of

13   claim.  I've already said, they can file whatever they want.

14   I'm not getting to the class certification issues until after

15   the science side has been decided.  The debtor specifically

16   didn't attempt to file class proofs of claim --

17             MR. SOBEL:  Right.

18             THE COURT:  -- specifically so that we don't have to

19   address the class issues, but we have representative

20   plaintiffs.

21             But they don't have a claim against this estate.  I

22   don't know why they're representing the plaintiffs in a class

23   action.

24             MR. SOBEL:  I guess all I can say, Your Honor, is I'm

25   more than happy, and in fact, I'm willing to meet with Mr.

Colloquy                              Page 92

1    Bernick and go through a process in conjunction with the

2    property damage creditors committee, for us to be able to

3    figure out if there's a way to organize this in a manner that

4    it works.

5           THE COURT:  All right.

6           MR. SOBEL:  In the meantime, okay, what I would

7    suggest is that we either hold, or simply you can rule upon the

8    objection that the claimants have filed, because I do think

9    that as a function of formalities, if you will, Your Honor, in

10   making sure that the position of the claimants as it currently

11   stands is articulated.

12           Our position is that the process is flawed in terms

13   of having Mr. Bernick file the claims, having Mr. Bernick do

14   the objecting, having Mr. Bernick try to frame the issues for

15   trial, having Mr. Bernick frame what issues will go into

16   discovery and won't go -- what will or won't be a subject of

17   discovery.

18           THE COURT:  Fine.  I don't think that's a fair

19   recitation, from my understanding, of what's gone on in prior

20   hearings here.  Yes, the estate filed proofs of claim, because

21   certain individuals haven't done it.  And, yes, the estate or

22   any creditor has the right to object to those proofs of claim.

23   And, yes, those claimants have the right to amend the proofs of

24   claim, to file superceding proofs of claim, other claimants

25   have the right to file proofs of claim.

Colloquy                                Page 93

1       There is no due process problem.  There's no

2   violation of the rules.  It's getting the things teed up the

3   way everybody at the April hearing, I believe, agreed to get it

4   teed up, which is to do the science trial first.  We need a

5   vehicle.  This is the appropriate -- is an, not necessarily

6   the, but an appropriate vehicle.

7       If you have a better idea, then let's hear it.

8       MR. BERNICK:  But, Your Honor, this is the difficulty

9   is that back in March, Mr. Sobel and Mr. Scott were both

10  present.  Mr. Scott and I exchanged correspondence.  We went

11  through all of these different things.  In April, Mr. Scott was

12  here and Mr. Sobel was not.  And we went through all of these

13  different things.

14      All the arguments that he's making about the

15  appropriateness of the claim procedures, I think Your Honor has

16  aptly stated, are just contrary to what the rules are.  And we

17  briefed that, and they moved to strike the claims, they've

18  moved to strike the claims.  We have responded to that motion,

19  and that motion should be denied.

20      THE COURT:  The motion to strike the claims is

21  denied.  I thought that this record was clear enough, to the

22  extent that I didn't say it affirmatively, the motion to strike

23  the claims is denied.  It's denied without prejudice to

24  amending them, substituting them, to refiling them, to having

25  other people file their own proofs of claim, as I stated on the

1          THE COURT:  So you're to have a meeting not later

2     than --

3          MR. SOBEL:  July 1.

4          THE COURT:  July -- I'm sorry, June the 30th.

5          MR. BERNICK:  Right.

6          THE COURT:  You're to meet to discuss the budget and

7     litigation issues, not later than June 30.  If you come up with

8     some better process than this objection to claim process, more

9     power to you.  I'm happy to hear it.  Otherwise, these are the

10    dates I expect to go through with this.

11         MR. BERNICK:  When you say that, I'm just -- we're

12    not opening up again the whole question of whether individual

13    claims are going to be --

14         THE COURT:  No.  No.  I'm trying to make this clear.

15    I want to avoid having to worry about the class certifications

16    until I find out whether there is a reason to certify class.

17    The way to do that is to look at the science issue.  I want to

18    get the science issue tried at the trial.  If the debtor loses

19    that trial, then the next thing I'm doing will be a class

20    certification issue.

21         If the debtor wins, then I'm going to look at the

22    class certification issues anyway, but probably with a

23    different view than I might have otherwise.  So the class

24    certification issues will be then, they're not permanently

25    delayed, they're simply being put on hold until I get the

Colloquy                              Page 109

1    liability issues determined.

2            MR. BERNICK:  I'd like to make one statement and

3    correction here, if I could for just a moment, unless there's

4    something else that Your Honor wanted to take up.

5            Mr. Sobel said that there was a very dramatic

6    announcement that the EPA was requiring the removal of ZAI from

7    800 homes in Libby.  And that's absolutely false, it was a

8    misrepresentation that was made to the Court.  What happened

9    was that there was a request for the EPA to act on an emergency

10   public health basis to do so, and it was declined.

11           The EPA decided not to do that.  What the EPA has

12   said, is that given the totality of other sources of airborne

13   asbestos, or asbestos in the area in Libby, from the mine and

14   the like, that they would make themselves available to

15   residents that wanted it, to take the ZAI out of their homes.

16   There was no finding that ZAI in their homes constituted a

17   health risk, a problem, or a defect.

18           Simply it's an undertaking that was made ancillary to

19   the other different problems that the residents of Libby had.

20           THE COURT:  Okay.  As I said earlier, you know, there

21   are other parties who want to get involved in this, I'm sure

22   I'll be hearing from them, Mr. Bernick.  Otherwise, I think

23   we've got a project in place that will work.  It's not elegant,

24   but it would work.

25           MR. BERNICK:  I think that's all that the debtor has.