IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AMENDED NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON JULY 22, 2002 AT 10:00 A.M.

### CONTINUED MATTERS

1. *Motion to Lift Automatic Stay for Cause [filed by Timothy Kane] (Docket No. 2234)*

   **Related Documents:**

   a. Exhibits re: Docket No. 2234 (Docket No. 2234)

   **Response Deadline:** July 15, 2002 (extended for Debtors to August 9, 2002)

   **Reponses Received:** None as of the date of this Agenda Notice.

   **Status:** This matter has been continued until August 26, 2002 at 10:00 a.m.

2. *Complaint for Declaratory Judgment and Turnover of Non-Estate Property by MCNIC Pipeline & Processing Company against W.R. Grace & Co.-Conn. (Docket No. 1003)*

   **Related Documents:** None.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Response Deadline:** December 13, 2001 (extended for the Debtors until August 9, 2002)

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** This matter has been continued until August 26, 2002 at 10:00 a.m.

3. *Amended Motion of General Electric Railcar Services Corporation for (i) Relief from Stay to Terminate Leases and Recover Railroad Cars; (ii) Adequate Protection; (iii) an Order Requiring the Debtor to Assume or Reject Leases; (iv) Allowance and Payment of Administrative Claims; and (v) for an Order Requiring an Accounting (Docket No. 2200)*

   **Related Documents:**

   a. Motion of General Electric Railcar Services Corporation for (i) Relief from Stay to Terminate Leases and Recover Railroad Cars; (ii) Adequate Protection; (iii) an Order Requiring the Debtor to Assume or Reject Leases; (iv) Allowance and Payment of Administrative Claims; and (v) for an Order Requiring an Accounting (Docket No. 2170)

   b. [Proposed] Order re: Docket No. 2200 (Docket No. 2200)

   **Response Deadline:** July 8, 2002 (extended for Debtors to August 9, 2002)

   **Reponses Received:** None as of the date of this Agenda Notice.

   **Status:** This matter has been continued until August 26, 2002 at 10:00 a.m.

## UNCONTESTED MATTERS

4. *Motion of the Debtors' for an Order Authorizing, But Not Requiring, the Implementation of Revised Compensation Program (Docket No. 2230)*

   **Related Documents**

   a. [Proposed] Order Authorizing, But Not Requiring, the Implementation of Revised Compensation Program (Docket No. 2230)

   **Response Deadline:** July 5, 2002 at 4:00 p.m.

   **Responses Received:**

   a. Response of Official Committee of Equity Security Holders in Support of Debtors' Motion for an Order Authorizing, But Not Requiring, the Implementation of Revised Compensation Programs (Docket No. 2317)

    b.    Response and Objection of the Official Committee of Asbestos Property Damage Claimants to Motion of the Debtors for an Order Authorizing, But Not Requiring, the Implementation of Revised Compensation Programs (Docket No. 2333)

    c.    Debtors' Response to the Objection of the Official Committee of Asbestos Property Damage Claimants to Motion of the Debtors for an Order Authorizing, But Not Requiring, the Implementation of Revised Compensation Programs (Docket No. 2370)

**Status:** This matter will go forward.

5. *Debtors' Motion for Entry of an Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors to Assume and Assign a Prime Lease and the Accompanying Sublease (Docket No. 2231)*

**Related Documents:**

    a.    [Proposed] Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors to Assume and Assign a Prime Lease and the Accompanying Sublease (Docket No. 2231)

    b.    Certification of Counsel Re: Docket No. 2231 (Docket No. 2372)

**Response Deadline:** July 5, 2002 at 4:00 p.m.

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** The Debtors did not receive any written objections to the motion, but did receive informal comments from the Creditors' Committee. The comments of the Creditors' Committee have been incorporated into a revised proposed form of order approving the motion that is attached to the Certification of Counsel listed in subsection "b" above. Accordingly, the Debtors seek entry of the revised proposed order attached thereto.

6. *Debtors' Estimated Litigation Budget for ZAI Science Trial (Docket No. 2277)*

**Related Documents:**

    a.    Order (A) Denying Claimant's Motion to Strike Proofs of Claim Filed by the Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (Docket No. 2242)

**Response Deadline:** July 8, 2002

**Responses Received:** None as of the date of this Agenda Notice.

**Status:** This matter will go forward.

**CONTESTED MATTERS**

7. *Motion of Wesconn Co., Inc. for Relief from Stay Regarding Certain Construction Contracts (Docket No. 2048)*

    **Related Documents:**

    a. [Proposed] Order Modifying Stay [Docket No. 2048]

    **Response Deadline:** May 31, 2002 (extended for the Debtors to July 5, 2002)

    **Responses Received:**

    a. Debtors' Objection to Wesconn Co., Inc.'s Motion for Relief from Stay Regarding Certain Construction Contracts (Docket No. 2330)

    **Status:** This matter will go forward.

8. *The Official Committee of Asbestos Property Damage Claimants' Response and Motion Pursuant to Section 503 of the Bankruptcy Code to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim (Docket No. 2189)* [AS PER RETENTION REQUEST]

    **Related Documents:**

    a. [Proposed] Order of Court Pursuant to Section 503 of the Bankruptcy Code Authorizing the Retention of Special Counsel for the Purpose of Defending Objections to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim (Docket No. 2189)

    b. Affidavit of Edward J. Westbrook (Docket No. 2203)

    c. Affidavit of Allen McGarvey (Docket No. 2203)

    d. Order (A) Denying Claimant's Motion to Strike Proofs of Claim Filed by the Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (Docket No. 2242)

    **Response Deadline:** July 1, 2002

    **Responses Received:**

    a. Objection of the Official Committee of Asbestos Personal Injury Claimants to the Official Committee of Asbestos Property Damage Claimants' Response and Motion Pursuant *to Section* 503 of the Bankruptcy Code to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim (Docket No. 2308)

b.   Debtors' Objection to the Property Damage Committee's Motion to Retain Special Counsel for the ZAI Science Trial (Docket No. 2311)

c.   Limited Objection of the Official Committee of Unsecured Creditors to the Response and Motion of Official Committee of Asbestos Property Damage Claimants to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim (Docket No. 2312)

d.   Amended Limited Objection of the Official Committee of Unsecured Creditors to the Response and Motion of the Official Committee of Asbestos Property Damage Claimants to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation (Docket No. 2331)

e.   Reply of the Official Committee of Asbestos Property Damage Claimants' to Objection of the Official Committee of Asbestos Personal Injury Claimants to Response and Motion Pursuant to Section 503 of the Bankruptcy Code to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim (Docket No. 2366)

**Status:** This matter will go forward.

9.   *The Official Committee of Asbestos Property Damage Claimants' Response and Motion Pursuant to Section 503 of the Bankruptcy Code to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim (Docket No. 2189)* [AS PER PROPOSED BUDGET]

**Related Documents:**

a.   Order (A) Denying Claimant's Motion to Strike Proofs of Claim Filed by the Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (Docket No. 2242)

**Response Deadline:** July 8, 2002

**Responses Received:**

a.   Debtors' Suggestion of a Proposed Budget for Prosecution of ZAI Claimants' Case in the "Science" Trial (Docket No. 2190)

b.   Debtors' Objections to the Property Damage Committee's Budget for the ZAI Science Trial (Docket No. 2348)

**Status:** This matter will go forward.

10.  *Motion of the Anthony James McMahon and Thomas Alexander Riddell of KPMG, in Their Capacity as Scheme Administrators of English and American Insurance Co. Limited, for an Order Compelling the Production of Documents Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016(Docket No. 2122)*

**Response Deadline:** June 18, 2002 (extended for Debtors to July 1, 2002)

**Responses Received:**

a. Debtors' Response to the Motion of Anthony James McMahon and Thomas Alexander Riddell of KPMG, in their Capacity as Scheme Administrators of English and American Insurance Co. Limited, for an Order Compelling the Production of Documents Pursuant To Federal Rules of Bankruptcy Procedure 2004 and 9016 (Docket No. 2313)

**Status:** This matter will go forward.

11. *Motion of Zonolite Attic Insulation Property Damage Claimants Barbanti, Busch, Price, Prebil and McMurchie for Leave to Appeal Order (A) Denying Claimants' Motion to Strike Proofs of Claim Filed By Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (Docket No. 2300)*

**Related Documents:**

a. Order (A) Denying Claimants' Motion to Strike Proofs of Claim Filed By Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (Docket No. 2242)

b. Notice of Appeal (Docket No. 2299)

c. Order Requiring a Response to the Motion for Leave to Appeal the Order Dated June 18, 2002 and Setting a Date for Argument (Docket No. 2307)

**Response Deadline:** July 15, 2002

**Responses Received:**

a. **Debtors' Objection to the Motion of the ZAI Property Damage Claimants Barbanti, Busch, Price, Prebil and McMurcie for Leave to Appeal Order (A) Denying Claimants' Motion to Strike Proofs of Claim Filed by the Debtors on Behalf of ZAI Claimants; and (B) Scheduling Matters in Connection with ZAI Proofs of Claim (Docket No. 2376)**

**Status:** This matter will go forward.

12. *Motion of the Official Committee of Asbestos Property Damage Claimants (A) for Clarification of Order as to All Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program, (B) to Extend or Abate Deadlines for Submission of Information or Certification By "Counsel of Record" Until Clarification Thereof and, (C) for Modification of the Court's Order Establishing Case Management Procedures and Hearing Schedule (Docket No. 2274)*

**Related Documents:**

a.  [Proposed] Order re: Docket No. 2269 (Docket No. 2274)

**Response Deadline:** July 5, 2002 at 4:00 p.m. (extended to July 9, 2002 for Debtors)

**Responses Received:**

a.  Debtors' Response to Motion of the Asbestos Property Damage Committee for Clarification of the Bar Date Order, Extending or Abating Deadlines and Modification of the Bar Date Order (Docket No. 2347)

**Status:** The movant acknowledges that the Motion was filed beyond the date allowed by the Case Management Order in order to be heard at this omnibus hearing; however, the movant requests in its Motion that the Court hear the Motion at this omnibus hearing date.

## ADDITIONAL MATTERS

13.  *Debtors' Omnibus Objection to the Zonolite Attic Insulation Proofs of Claim (Docket No. 2193)*

    **Related Documents:**

    a.  [Proposed] Order Granting the Relief Sought in Debtors' Omnibus Objection to the Zonolite Attic Insulation Proofs of Claim (Docket No. 2193)

    b.  **[Proposed] Order Setting Initial Schedule for Litigation Concerning Zonolite Attic Insulation Science Issues (Docket No. 2375)**

    **Response Deadline:** July 10, 2002 at 4:00 p.m.

    **Responses Received:**

    a.  **Response of Zonolite Attic Insulation Property Damage Claimants to Debtors' Objections to the Zonolite Attic Insulation Proofs of Claim (Docket No. 2363)**

**Status:** A scheduling conference will be held on this matter and the ZAI science trial.

Dated: July 17, 2002

KIRKLAND & ELLIS
David M. Bernick, P.C.
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession