**Hearing Date: July 22, 2002 – 10:00 a.m.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |

### REPLY OF SCHEME ADMINISTRATORS' ANTHONY JAMES McMAHON AND THOMAS ALEXANDER RIDDELL OF KPMG TO DEBTORS' RESPONSE TO THE SCHEME ADMINISTRATORS' MOTION FOR AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016

Anthony James McMahon and Thomas Alexander Riddell of KPMG, in their capacity as scheme administrators (the "Scheme Administrators") of English and American Insurance Co. Limited ("EAIC"), reply to the above captioned debtors' ("Debtors") response to their motion seeking entry of an order pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure compelling production of documents by the Debtors (the "Motion").

### SUMMARY

1.       As discussed more fully in the Motion, the Scheme Administrators are entrusted with protecting the rights of creditors of the EAIC estate.  In order for the Scheme Administrators to fulfill their duties to EAIC's creditors, the Scheme Administrators need to review certain documents relating to transactions involving certain Debtors because such transactions may: (1) have had the effect of depriving EAIC's creditors of certain assets; and (2) provide a basis for the Scheme Administrators to assert claims against the Debtors.

2.       On July 1, 2002, the Debtors filed a response to the Motion (the "Objection").  The Objection makes the following arguments:  (1)  discovery is not appropriate until the bar date for filing

proof of claims passes and the Debtors object to claims (the "Premature Argument"); and (2) most of the documents which the Scheme Administrators have requested are subject to a confidentiality provision prohibiting "Grace" (the Debtors do not define the term "Grace" in the Objection) from producing the requested documents without the consent of Gerling-Lonzern Allegemeine Versicherungs – AG ("Gerling"), which has not consented (the "Confidential Argument").  See Objection, ¶¶ 1-2.  Neither the Premature Argument, nor the Confidential Argument have any merit; accordingly, the Court should enter an order approving the Motion.

**ARGUMENT**

3.  The Debtors did not cite to the language of Rule 2004 in support of their Premature Argument because Rule 2004 does not provide that it can only be utilized after the bar date for filing proof of claims has passed.  Not surprisingly, the Debtors did not cite any cases in support of their Premature Argument.  Indeed, the caselaw concerning Rule 2004 supports the conclusion that Rule 2004 should be invoked by parties prior to the claims bar date so that parties, such as the Scheme Administrators, can investigate and better understand their possible claims against a debtor.  See In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (in granting Rule 2004 motion over the objections of the debtor and the creditors' committee, court noted that "[i]t is not the debtors' or committees' function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants… The more knowledge [a party] has about its claims, the better it, [the debtor,] and the committees will be able to resolve the claims process in this case.").

4.  Similarly, the Debtors did not provide any support for their Confidential Argument.  Instead, the Debtors seek to violate the Bankruptcy Code's policy of full disclosure by relying upon an alleged confidentiality provision involving Gerling.  See In re PRS Insurance Group, Inc., 274 B.R. 381, 385 (Bankr. D. Del. 2001)("The Bankruptcy Code is designed to bring the debtor's affairs to light, not to hide them.").  The Court must reject the Confidential Argument and require the Debtors to seek a

protective order under Rule 9018[1] if the Debtors believe there are valid grounds (which there are none) for limiting the dissemination of the information requested by the Scheme Administrators.

## CONCLUSION

WHEREFORE, the Scheme Administrators respectfully request that the Court grant the Motion and award such other and further relief as may be just and proper.

Dated:  Wilmington, Delaware
July 18, 2002

MURPHY SPADARO & LANDON

By:    /s/ Francis J. Murphy
Francis J. Murphy (#223)
824 Market Street
Suite 700
Wilmington, DE  19801
Telephone:   (302) 654-4600
Facsimile:    (302) 654-4775

- and -

CLIFFORD CHANCE ROGERS & WELLS LLP
200 Park Avenue
New York, NY 10166
(212) 878-8000

Attorneys for Anthony James McMahon and Thomas Alexander Riddell of KPMG, in their capacity as Scheme Administrators of English And American Insurance Co. Limited

---

[1] Rule 9018, entitled "Secret, Confidential, Scandalous, or Defamatory Matter," provides in pertinent part:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation….

Fed.R.Bankr.P. 9018.