IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF THE DEBTORS' MOTION FOR
AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION
OF REVISED COMPENSATION PROGRAMS [DOCKET No. 2230]**

**TO THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors (the "Creditors' Committee"), by its undersigned counsel, submits this response in support of the Debtors' motion seeking authorization to implement certain revised compensation programs (the "Debtors' Motion"), and respectfully states as follows:

1. By motion dated June 17, 2002, the Debtors have sought the Court's authorization to implement four revised and/or new compensation programs: (i) a revised long term incentive program for 2001-2003 (the "Revised 2001-2003 LTIP"), (ii) a new long term incentive program for 2002-2004 (the "New LTIP Program"), (iii) a revised severance pay program (the "Revised Severance Program"), and (iv) a new general retention program for the two-year period 2003-2004 (the "2003-2004 General Retention Program") (collectively, the "Revised Compensation Programs").

2. The Debtors and their financial advisors first engaged the Creditors' Committee and its financial advisors in discussions over the Debtors desire to implement revised compensation programs for their key management personnel and the proposed terms of those

WLM\163297.1

programs several months prior to the motion date. While the Creditors' Committee recognized the benefits to be gained by Grace's continuing to maintain the employment of its key "first line" managers, who run the day to day operations, and by incentivizing such employees to work towards achieving ever greater profitability for Grace, the Creditors' Committee had a number of concerns and objections to the programs as proposed.

3. Over the intervening months, the parties and/or their representatives have met and discussed the programs on numerous occasions. The terms of the Revised Compensation Programs reflect modifications already made to the Debtors' earlier proposals with respect to such programs which address in substantial part the concerns and objections the Creditors' Committee raised to such programs.

4. In addition, the Creditors' Committee had requested that the order the Debtors submit to the Court for approval be modified from the form of the proposed order annexed to the Debtors' motion, to clarify, among other points, that (i) the Debtors' maximum pay out amount (excluding Mr. Norris) will be (a) $6.7 million annually in the aggregate under the Revised Retention Program, and (b) $11.8 million in the aggregate under the 2—2-2004 LTIP Program where the 6% EBIT annual target growth rate has been met, and (ii) the Change in Control Severance Program proposed to be incorporated into the terms of the Revised Severance Program will reflect, to the extent it does not already reflect, modifications required for such severance program by a prior order of this Court dated June 22, 2001, which order authorized and approved certain key retention programs. The proposed modified form of the order to be submitted to the Court for approval encompassing such changes was previously circulated by Debtors' counsel to counsel for the Creditors' Committee counsel, and is annexed hereto.

5.  When viewed in the overall context of these cases, the Creditors' Committee supports the Court's entry of a revised form of Order, substantially in the form of that annexed hereto, authorizing, but not directing, the Debtors to implement the Revised Compensation Programs.

**WHEREFORE,** the Creditors' Committee respectfully requests that this Court grant the Debtors' motion and enter a modified form of order substantially in the form of that annexed hereto, and grant such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
July 18, 2002

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**
Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York 10038-4982
Telephone:   (212) 806-5400
Facsimile:   (212) 806-6006

and

**DUANE MORRIS LLP**

_____
Michael R. Lastowski (DE I.D. No. 3892)
William S. Katchen
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 657-4942
Facsimile:   (302) 657-4901
Email:       mlastowski@duanemorris.com

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.