IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Response Deadline: August 9, 2002
Hearing Date: August 26, 2002 at 10:00 a.m.

## DEBTORS' OBJECTION TO CLAIM OF EDYTHE KELLOGG

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, file this Objection to Claim of Edythe Kellogg (the "Objection"); and in support thereof, state the following:

### Background

1. On or about April 25, 2002, Edythe Kellogg ("Kellogg") filed a proof of claim against W. R. Grace & Co. ("Grace") in the amount of $2,500,000 (the "Kellogg Claim"). The Kellogg Claim is based on claims against the Debtors for alleged personal injuries suffered on December 21, 2000 when one of the Debtors' employees allegedly injured the Plaintiff in a

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

motor vehicle accident. In violation of the automatic stay provisions of section 362 of the Bankruptcy Code, Kellogg improperly commenced litigation postpetition on December 13, 2001, captioned Kellogg vs. Wayne Lamar Nussbaum and W. R. Grace Co., Case No. 01AS07626, (Sup. Ct. Sacramento, California) (the "Kellogg Action"), upon which the Kellogg Claim is apparently based.

2.  On or about February 7, 2002, Kellogg filed her motion for relief from stay (the "Motion"). The Debtors, in opposing the Motion, argued that no collateral litigation against the Debtors should be allowed to take place in their chapter 11 cases. The whole reason that the Debtors were forced into bankruptcy was the morass of asbestos litigation mounting against them. The main challenge of these chapter 11 cases is to develop a comprehensive litigation plan to deal with these thousands of cases and to develop a plan of reorganization. Allowing collateral litigation such as the Kellogg Action to proceed is a distraction that prevents the Debtors from focusing on their reorganization plans.

3.  At the hearing before this Court on April 22, 2002, the Court denied the Motion, but allowed Kellogg to file a motion for reconsideration (the "Reconsideration Motion"). On or about April 25, 2002, Kellogg filed the Reconsideration Motion. At the hearing before this Court on June 18, 2002, the Court denied the Reconsideration Motion. In the Court's Order entered on June 19, 2002, the Court required the Debtors to commence any objection to the Kellogg Claim within 30 days of the Order.

## The Objection

4.   By this Objection, the Debtors seek the disallowance and expungement of the Kellogg Claim for the reasons, and to the extent, described herein.

5.   The Debtors object to the Kellogg Claim, pursuant to section 502(b)(1) of the Bankruptcy Code, because the Kellogg Claim is not based on valid or otherwise enforceable obligations of the Debtors. In particular, the underlying claims upon which the Kellogg Claim is based are groundless and completely without merit. In addition, the Kellogg Claim is disputed, unliquidated and contingent. Therefore, the Kellogg Claim should be disallowed in full and expunged.

6.   In addition, the Debtors object to the Kellogg Claim, pursuant to section 502(b)(1) of the Bankruptcy Code, because the underlying support for the Kellogg Claim is incomplete or otherwise materially deficient so as to not identify a basis for asserting a claim against the Debtors. Therefore, the Kellogg Claim should be disallowed in full and expunged.

7.   The Debtors object to the Kellogg Claim because the Kellogg Claim is not based upon valid obligations of the individual Debtor against which the Kellogg Claim was asserted. The Kellogg Claim was asserted against W. R. Grace & Co.; however, the employee allegedly involved in the motor vehicle accident was employed by W. R. Grace & Co.-Conn. Therefore, the Debtors' request that the Kellogg Claim be reclassified as a claim against W. R. Grace & Co.-Conn.

## Miscellaneous

8.  The Debtors will serve copies of this Objection on the (i) Edythe Kellogg, (ii) the Office of the United States Trustee, (iii) the official committee of unsecured creditors, (iv) counsel to the Debtors' post-petition lender, and (v) any other parties that have requested, pursuant to Federal Rule of Bankruptcy Procedure 2002, that they be served with all pleadings filed in the Debtors' chapter 11 cases. The Debtors submit that notice of this Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

9.  No previous request for the relief set forth herein has been made to this or any other court.

10. The Debtors hereby reserve the right to amend, modify and/or supplement this Objection, including, without limitation, to object to (i) amended claims and newly-filed claims, (ii) reclassified claims and (iii) claims for which releases have been obtained to the extent any releasing party disputes such release.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Kellogg Claim be disallowed and expunged, and that the Debtors be granted such other and further relief as the Court deems just and proper.

Dated: July 19, 2002

        KIRKLAND & ELLIS
        David M. Bernick, P.C.
        James H.M. Sprayregen, P.C.
        James W. Kapp III
        Christian J. Lane
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

        _/s/ David W. Carickhoff_
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, DE 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession