IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) ss: | |
| COUNTY OF COOK ) | |

### NINTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

1. I am a partner in the firm of Kirkland & Ellis ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601. I am admitted to practice in the Supreme Court of Illinois, the United States District Court for the Northern District of Illinois, the United States

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Court of Appeals for the Seventh Circuit, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Western District of Michigan, the Supreme Court of New York, the Southern District of New York, the Eastern District of New York, the United States District Court for Arizona and the Supreme Court of the United States. I am authorized to make this affidavit on K&E's behalf.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters. The following affidavits in support of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement") filed October 24, 2001;

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement") filed November 13, 2001;

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the Seventh Supplement") filed April 11, 2002; and

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed May 23, 2002, (the "Eighth Supplement", together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement and the Seventh Supplement, the "Affidavits").

4. This Ninth Supplement to the Original Affidavit is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). K&E has continued to search on its electronic database for its connection to the entities listed on the exhibits attached to the Affidavits.

5. The Ninth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Eighth Supplement. K&E remains disinterested within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and neither holds nor represents interests adverse to the Debtors or to the Debtors' estates.

6. Except as specifically disclosed in the Affidavits, or as discussed below, to the best of my knowledge, K&E does not represent any of the Debtors' known creditors.

Kirkland & Ellis, however, will continue to file Supplemental Affidavits when necessary and when K&E becomes aware of material information.

7.  Matthew Byrne, an associate in K&E's Chicago office, was formerly employed as an associate at Schopf & Weiss, where he represented Occidental Chemical or Cities Service as defendants in over 60 asbestos-related personal injury actions, in some of which actions W. R. Grace may be a co-defendant. Although K&E believes that there is no conflict of interest or other disqualifying circumstance in this matter, out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Byrne from any contact with any matters in the Chapter 11 Cases.

8.  K&E has also been asked to represent Constellation Energy Group ("Constellation") and its affiliates in a number of matters completely unrelated to K&E's representation of the Debtors, including, but not limited to a debt restructuring of one of Constellation's affiliates. The Original Affidavit lists one of Constellation's affiliates, Baltimore Gas & Electric Company ("BGE"), as one of the Debtors' vendors. Furthermore, K&E has not represented and will not represent BGE or Constellation with respect to any claims against the Debtors, and K&E has not represented and will not represent the Debtors with respect to any claims against Constellation, BGE or any of Constellation's other affiliates. K&E has made this position clear to both the Debtors and Constellation.

9.  Finally, K&E has been asked to represent Lloyds Development Capital, Ltd., ("Lloyds"), an affiliate of Lloyds Bank - Dubai, with respect to certain acquisitions that Lloyds intends to make in the near future. Lloyds Bank - Dubai is listed as a creditor of the Debtors. K&E's representation of Lloyds is completely unrelated to any matters involving the Debtors or these Chapter 11 Cases. Furthermore, K&E has not represented and will not represent Lloyds or Lloyds Bank - Dubai with respect to any claims against the Debtors, and

4

J:\Project Allen\Postpetition Motions\Supplemental Affidavits\Sprayregen Ninth Affidavit-7-9-02 v-3.doc

K&E has not represented and will not represent the Debtors with respect to any claims against Lloyds Bank - Dubai or any of its affiliates. K&E has made this position clear to both the Debtors and Lloyds.

10. K&E will continue to periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Fed. R. Bankr. P. 2014(a) requires.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
JAMES H.M. SPRAYREGEN, P.C.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me
this 16th day of July, 2002.

_____
Notary Public
My Commission Expires:

"OFFICIAL SEAL"
Nancy Freeman Shobeiri
Notary Public, State of Illinois
My Commission Expires March 14, 2006