IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Date: August 1, 2002 @4:00 p.m.** |
| | ) | **Hearing Date: TBD, if necessary.** |
| | ) | |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF
THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 5003-1(b)
AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE COURT,
TO FILE UNDER SEAL THE CASE MANAGEMENT PROPOSAL OF THE
OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS**

The Official Committee of Asbestos Personal Injury Claimants (the

"Committee"), by and through its undersigned counsel, hereby moves (the "Motion") for

the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 5003-1(b) of the Local Rules of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the

Committee, and directing the Clerk of the Court, to file under seal the Case Management

Proposal of the Official Committee of Asbestos Personal Injury Claimants (the "Brief")

and its Appendices.  In support of this Motion, the Committee respectfully represents as

follows:

**JURISDICTION**

1.      The Court has jurisdiction over these proceedings, the parties and property

affected thereby, and the Application, pursuant to 28 U.S.C. §§157(b) and 1334.  Venue

is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

pursuant to 28 U.S.C. §157(b).  The statutory predicates for the relief requested in the

Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules,

and Rule 5003-1(b) of the Local Rules.

## BACKGROUND

2.      On or about April 1, 2001 (the "Petition Date"), W.R. Grace & Co. and

certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11

of the Bankruptcy Code with the Clerk of this Court.  The Debtors continue to be in

possession of their respective properties and are operating and managing their respective

businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of

the Bankruptcy Code.  The proceedings are being jointly administered, for procedural

purposes, pursuant to an Order of this Court.

3.      No Trustee or examiner has been appointed in the Debtors' chapter 11

cases. On April 13, 2001, the Office of the United States Trustee appointed the Official

Committee of Unsecured Creditors, the Official Committee of Asbestos Property

Damage Claimants, and the Committee pursuant to Section 1102(a)(1) of the Bankruptcy

Code.

4.      On July 22, 2002, the Committee filed the Brief and its Appendices.  The

Brief and its Appendices recite information provided to the Committee by the Debtors

and designated confidential by the Debtors.  Therefore, the Committee seeks to have this

Court enter an Order permitting the filing of the Brief and its Appendices under seal so as

to protect the Debtors' interest in the confidential, commercial information and the

Committee's agreement to maintain the confidentiality of the information.

**RELIEF REQUESTED**

5.      By this Motion, the Committee requests authority to file the Brief and its

Appendices and its Appendices under seal for *in camera* review by this Court.

6.      In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the
bankruptcy court's own motion, the bankruptcy court may--

        (1)     protect an entity with respect to a trade secret or
confidential research development, or commercial information;

7.      Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may
make any order which justice requires (1) to protect the estate or any
entity in respect of a trade secret or other confidential research,
development, or commercial information, (2) to protect any entity against
scandalous or defamatory matter contained in any paper filed in a cased
under the Code, or (3) to protect governmental matters that are made
confidential by statute or regulation. If an order is entered under this rule
without notice, any entity affected thereby may move to vacate or modify
the order, and after a hearing on notice the court shall determine the
motion.

8.      The protective order sought herein is the least intrusive means of

achieving the goal of protecting the integrity of the judicial process, protecting legitimate

confidential commercial information, and fostering the creation of a full and fair record

for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr.

W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting

both a full inquiry and assuring the protection of the asset the cause of action represents.).

9.      It is a long-standing practice in the federal courts for relevant evidence to

be received at trial *in camera*, so as to protect the non-public character of qualified

material while allowing the Court to perform its adjudicative functions. *See John T. Lloyd

Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir.1942) (trial

court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.,* 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

10.     The Committee submits that it is necessary to file the Brief and its Appendices under seal as it contains confidential information relating to the Debtors' policies regarding the settling and/or litigating of asbestos personal injury claims and the history of personal injury judgments against the Debtors.  Additionally, as noted, the information contained in the Brief and its Appendices was provided to the Committee by the Debtors upon agreement to maintain the confidentiality of the information.  The Committee recognizes the Debtors' interest in preventing the information from becoming known to its competitors and thereby jeopardizing the Debtors' reorganization efforts. Consequently, the Committee seeks relief.


**NOTICE AND NO PRIOR REQUEST**

11.     Pursuant to Bankruptcy Rule 9018, a motion to protect confidential information may be made "with or without notice." Accordingly, the Committee is only providing notice of this Motion to the United States Trustee, counsel to the Debtors, counsel to the agents of the prepetition lenders, counsel to the agent of postpetition lenders, and the counsel for each Official Committee.  The Committee submits that no other or further notice need be provided.

12.     No previous motion for relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests entry of an order authorizing

the Committee, and directing the Clerk of the Court, to file under seal the Brief and its

Appendices and granting other and further relief as is just and equitable.


CAMPBELL & LEVINE, LLC

/s/ Matthew G. Zaleski, III
Matthew G. Zaleski, III (No. 3557)
Aileen F. Maguire (No. 3756)
Chase Manhattan Centre, 15th Floor
1201 N. Market Street
Wilmington, DE  19899
(302) 426-1900

   -and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY  10022-4614
(212) 319-7125

   -and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

Counsel to the Official Committee of
   Asbestos Personal Injury Claimants

Dated: July 22, 2002