## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FOURTH INTERIM QUARTERLY FEE APPLICATION OF
## FERRY, JOSEPH & PEARCE, P.A.

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fourth Interim Quarterly Fee Application of Ferry, Joseph & Pearce, P.A. (the "Application").

### BACKGROUND

1.      Ferry, Joseph & Pearce, P.A. ("Ferry Joseph") was retained as counsel to the official committee of asbestos property damage claimants.  In the Application, Ferry Joseph seeks approval of fees totaling $22,724 and costs totaling $9,421.63 for its services from January 1, 2002, through March 31, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application.   We reviewed the Application for compliance with 11 U.S.C. 330, the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We sent Ferry Joseph an initial report based on our analysis, and received from Ferry Joseph a letter in response to our initial report.

## DISCUSSION

### General Issues

3.    In our initial report we noted that the time entries were generally adequately detailed and devoid of lumping, although there were some instances of inadequate detail for TJT, LLC, and RSM.  While we do not recommend any reduction at this time with respect to these time entries, we requested Ferry Joseph to advise these professionals to be more consistent in providing detailed descriptions of their activities in the future.

4.    In our initial report we noted that the Application does not have a separate category for Ferry Joseph's own fee application preparation.  Guidelines Rule, II.D.1. states "[a] separate project category should be used for ... fee application preparation."  Thus in initial report we requested that in the future Ferry Joseph use a separate project category for time devoted to seeking its own compensation, and its letter to us Ferry Joseph said it would do so.

### Specific Fee and Expense Entries

5.    In the initial report we noted that the Application's fee detail includes a number of instances of apparently duplicate time entries.  For 3/18/02, the following time entry appeared twice:

| Mar-18-02 | TJT | *Litigation/Fraudulent Conveyance* - Teleconference with J. Sakalo re: Fraudulent Transfer Complaints | 0.10 |

For 3/19/02, the following time entry appeared three times:

| Mar-19-02 | TJT | *Retention of Professionals* - Review e-mail from J. Sakalo re: Hilsoft Retention Order | 0.10 |
|---|---|---|---|

For 3/20/02, the following time entry appeared twice:

| Mar-20-02 | TJT | *Litigation/Fraudulent Conveyance* - Teleconference with M. Zaleski re: Notices of Withdrawal of reference | 0.10 |
|---|---|---|---|

For 3/22/02, the following time entry appeared twice:

| Mar-22-02 | TJT | *Asbestos: Claims Litigation* - Review e-mail from J. Sakalo re: revised PD Proof of Claim form | 0.10 |
|---|---|---|---|

In our initial report we recognized the possibility that these entries may reflect the performance of the same nominal activity more than once on the same day, and thus we requested that Ferry Joseph advise us whether these entries related to discrete instances of a repeated activity or, instead, represented duplicate billing of the same time. In its letter to us Ferry Joseph stated that: "[t]he entries from the 18th, 19th, 20th and 22nd of March, 2002 which appear to be duplicate are actually not duplicate entries, as they were separate instances of a repeated activity." Thus, we do not recommend any reduction for these time entries.

6.       In the initial report we noted the following almost identical time entries for 01/02/02, which were found in two different project categories:

| 01/02/02 | Confer w/ J. Sakalo re: 01/03/02 hearing *Case Administration* | .50 | $100.00 |
|---|---|---|---|
| 01/02/02 | Confer w/ J. Sakalo re: 01/03/02 hearing *Litigation/General* | .50 | $100.00 |

In our initial report we recognized the possibility that there was a one-hour conference whose substance was divided between two project categories, but stated that we could not make this

assumption absent clarification, and requested clarification on this point.  In its letter to us Ferry Joseph stated that: "[t]he entries from January 2, 2002 were from a one-hour conference which was broken down into two entries with different project categories to reflect the various issues discussed."  Thus, we do not recommend any reduction for these time entries.

7.    In our initial report we noted that the Application contains two sizable unexplained expense entries:

| | | |
|---|---|---|
| Feb-08-02 | Cost Advance - Theodore J. Tacconelli | 713.38 |
| Mar-05-02 | Cost Advance - Writer's Cramp, Inc. | 670.00 |

We noted that the information available to us was insufficient to enable us to assess the reasonableness of these charges, and we requested that Ferry Joseph explain the nature of these expenditures.  In its letter to us Theodore Tacconelli of Ferry Joseph stated that: "[t]he expense entry on February 8, 2002 as a cost advance to myself, in the amount of $713.38, was for reimbursement of my travel expenses (air fare, hotel, working meals, etc.) incurred in connection with attending the January 2, 2002 hearing in Pittsburgh.  The expense entry on March 5, 2002 as a cost advance to Writer's Cramp, Inc. in the amount of $670.00 for a transcript from the February 25, 2002 hearing."  Thus, we do not recommend any reduction for these expense entries.

## CONCLUSION

8.    Thus, we recommend approval of fees totaling $22,724.00 and costs totaling $9,421.63 for Ferry Joseph's services from January 1, 2002, through March 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050
        Mark W. Steirer
        Texas State Bar No. 19139600

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 29th day of July, 2002.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

### The Applicant

Michael B. Joseph, Esq.
Theodore J. Tacconelli, Esq.
Rick S. Miller, Esq.
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, De 19899

### The Debtors

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

### Counsel for the Debtors

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

### Counsel for the Official Committee of Unsecured Creditors

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

### Counsel to the Official Committee of Property Damage Claimants

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

### Counsel to the Official Committee of Personal Injury Claimants

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801