## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FOURTH INTERIM QUARTERLY FEE APPLICATION OF
### KRAMER, LEVIN, NAFTALIS & FRANKEL, L.L.P.

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fourth Interim Quarterly Fee Application of Kramer, Levin, Naftalis & Frankel, L.L.P. (the "Application").

### BACKGROUND

1.        Kramer, Levin, Naftalis & Frankel, L.L.P. ("Kramer Levin") was retained as counsel to the official committee of equity holders.  In the Application, Kramer Levin seeks approval of fees totaling $92,765.00 and costs totaling $6,963.66 for its services from January 1, 2002, through March 31, 2002.

2.        In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application.  We reviewed the Application for compliance with 11 U.S.C. §330, the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We sent Kramer Levin an initial report based on this review, and received a response from Kramer Levin.

## DISCUSSION

### General Issues

3.        In our initial report we noted that the time entries were generally adequately detailed and devoid of lumping, but we noted that timekeepers Finnerty and Bentley occasionally lumped their time, and timekeepers Mangual and Bentley occasionally provided insufficiently detailed descriptions of their activities. Paragraph II.D.5. of the Guidelines provides that "[s]ervices should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry...." While we do not recommend any reduction at this time for these time entries, in our initial report we asked Kramer Levin to please advise these timekeepers to be more consistent in providing detailed descriptions of his activities, and Kramer Levin responded that it would do so.

### Specific Time Entries

4.        In our initial report we noted that on 1/2/02, 1/3/02, and 2/24/02, time entries for Gary Becker ($400 per hour) suggest that non-working travel time was billed at the full hourly rate. The total travel time was 6.50 hours for a total of $2,600 in fees.

| | | | | | | |
|---|---|---|---|---|---|---|
| BECKER, GARY M. | 01/02/02 | ......; prepare for hearing and travel to Pittsburgh (2.5) | 3.30 | 1,320.00 | 3987483 | 01/24/02 |
| BECKER, GARY M. | 01/03/02 | ......; return to New York (2.0);..... | 10.70 | 4,280.00 | 3987482 | 01/24/02 |
| BECKER, GARY M. | 02/24/02 | Travel to Wilmington and prepare for hearing on 2/25 (2.0) | 2.00 | 800.00 | 4083362 | 03/27/02 |

Pursuant to Local Rule 2016-2(d)(viii), travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates.  As the first and third entries above are a bit ambiguous, they do not rule out the possibility that they refer to working travel time, and thus we asked Kramer Levin to provide us with clarification regarding this matter.

Gary Becker of Kramer Levin responded:

> My time entry for 01/02/02 showing 2.5 hours for "prepare for hearing and travel to Pittsburgh" reflects time spent working on the plane, including reviewing pleadings for the upcoming hearing and preparing my remarks and arguments.  Similarly, the time entry for 2/24/02 showing 2.0 hours for "travel to Wilmington and prepare for hearing on 2/25" reflects actual work time.  By contrast, the entry for 01/03/02 showing 2.0 hours for "return to New York" was non-working travel time that should have been billed at 50% of normal rates.  Accordingly, $400 should be deducted.

Thus, we recommend a reduction of $400.00 in fees.

    5.    In our initial report we noted that on 1/18/02, a line item for Kathleen Mangual ($175 per hour) seeks compensation for .90 hour of her time, but the time entry describing her activities, however, ascribes just .40 hour to the services provided.

| MANGUAL, KATHLEEN | 01/18/02 | Update Index for Grace Adv. Proc (Chakarian, National Union Fire Insurance) (.40) | 0.90 | 157.50 | 3998971 | 01/29/02 |
|---|---|---|---|---|---|---|

Thus we asked Kramer Levin to please explain this time entry.  Kramer Levin responded that: "[t]he time entry for Kathleen Mangual had a typographical error in the description.  The parenthetical time entry should be "(0.9)"."  We accept this explanation, and do not recommend any reduction for this time entry.

    6.    In our initial report we noted that for 2/24/02 and 2/25/02, we noted two pairs of entries identical in all respects other than the index number:

| BECKER, GARY M. | 02/24/02 | Travel to Wilmington and prepare for | 2.00 | 800.00 | 4083361 | 03/27/02 |
|---|---|---|---|---|---|---|

| | | hearing on 2/25 (2.0) | | | | |
|---|---|---|---|---|---|---|
| BECKER, GARY M. | 02/24/02 | Travel to Wilmington and prepare for hearing on 2/25 (2.0) | 2.00 | 800.00 | 4083362 | 03/27/02 |
| BECKER, GARY M. | 02/25/02 | Prepare for and participate in court Omnibus hearing (1.75) | 1.75 | 700.00 | 4083363 | 03/27/02 |
| BECKER, GARY M. | 02/25/02 | Prepare for and participate in court Omnibus hearing (1.75) | 1.75 | 700.00 | 4083364 | 03/27/02 |

We asked Kramer Levin to explain whether it agreed that the second entry in each pair is redundant.

Kramer Levin responded: "[w]e agree with you that these are erroneous identical entries and that one of each should be removed. Apparently, there was an error in our time entry computer system that caused this to occur. This will result in a reduction of $1500." Thus, we recommend a reduction of $1,500.00 in fees.

7.      In our initial report we noted that on 2/25/02 and 3/18/02, it appears that two attorneys attended the same omnibus hearings, for a total cost in fees of $14,590.00:

| | | | | | | |
|---|---|---|---|---|---|---|
| BENTLEY, PHILIP | 02/24/02 | Review pleadings filed in support of and in response to debtor's CMO motion; Prepare for tomorrow's hearing and travel to Delaware for hearing (including prep. en route). | 4.80 | 2,280.00 | 4044317 | 03/04/02 |
| BENTLEY, PHILIP | 02/25/02 | Attend omnibus hearing, return trip To New York (including review of Pleadings en route). | 5.20 | 2,470.00 | 4044324 | 03/04/02 |
| BECKER, GARY M. | 02/24/02 | Travel to Wilmington and prepare for hearing on 2/25 (2.0) | 2.00 | 800.00 | 4083361 | 03/27/02 |
| BECKER, GARY M. | 02/24/02 | Travel to Wilmington and prepare for hearing on 2/25 (2.0)[1] | 2.00 | 800.00 | 4083362 | 03/27/02 |
| BECKER, GARY M. | 02/25/02 | Prepare for and participate in court Omnibus hearing (1.75) | 1.75 | 700.00 | 4083363 | 03/27/02 |
| BECKER, GARY M. | 02/25/02 | Prepare for and participate in court Omnibus hearing (1.75)[2] | 1.75 | 700.00 | 4083364 | 03/27/02 |

---

[1]  Note that this entry is questioned as apparently redundant in paragraph 6 above; *i.e.*, these fees are subject to two separate objections. For purposes of the payment recommendation that will be stated in the Final Report, this $800 will not be double-counted.

[2]  Note that this entry is questioned as apparently redundant in paragraph 6 above; *i.e.*, these fees are subject to two separate objections. For purposes of the payment recommendation that will be stated in the Final Report, this $700 will not be double-counted.

| | | | | | | |
|---|---|---|---|---|---|---|
| BENTLEY, PHILIP | 03/18/02 | Attend omnibus hearing in Delaware, travel to and from hearing, and review pleadings and other case materials enroute. | 10.40 | 4,940.00 | 4073104 | 03/21/02 |
| BECKER, GARY M. | 03/18/02 | Prepare for and appear at omnibus court hearing and return (6.5); travel time (2.0) | 8.50 | 3,400.00 | 4118463 | 04/19/02 |

Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Thus in the initial report we requested that Kramer Levin explain why it was necessary for two attorneys to participate at these hearings.  Kramer Levin responded:

> For the sake of efficiency we have generally avoided having two attorneys at most court hearings. However, the attendance by two attorneys at the 2/25/02 and 3/18/02 entries was warranted by the importance of the matters that came before the court on those hearing days.  These matters implicated some of the most fundamental issues in the case regarding the dispositions of various types of asbestos claims against the estate.  Due to the need to rapidly comprehend, and brief as necessary, complex issues raised during the hearings, we believed it important that Phil Bentley and I both attend.  In that manner, we could both be aware of the nuances of the courtroom discussion, nuances that may not come through in a second hand report or review of a hearing transcript (the wait for which also inevitably causes delay).  Given the circumstances and the complexity of the matters addressed, the extensive debriefing and/or review of a hearing transcript that would have been necessitated if only one of us had attended might very well have swamped any potential savings.

While we believe we understand this explanation, we believe that it only explains why it was convenient to have two attorneys at this hearing, not why it was necessary, and thus we recommend a reduction of ½ of the fees billed for this matter, $7,295.00.

8.      In our initial report we noted that the expense detail lists a $297.00 charge for "Manuscript Service" between 2/11/02 and 2/28/02.  There is no further description, and this charge sounds like it may relate to library acquisitions.  Paragraph II.E.7. of the Guidelines provides that "[o]verhead includes word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephone and monthly car phone

charges, lighting, heating and cooling, and library and publications charges." Thus we asked Kramer

Levin to explain the nature of this charge.  Kramer Levin responded: "[t]he $297.00 charge for

"Manuscript Service" represents secretarial overtime necessary to file time-sensitive pleadings.

While reserving our right to contest such issues in the future, we agree to a deduction of this

amount." Thus, we recommend a reduction of $297.00 in expenses.

     9.     In our initial report we noted that on 2/25/02, employee D. Pelletier recorded the

following expense in the amount of $1,410.25 within the category of "Committee & Creditor

Corresp.":

LEGAL SEARCH FEES     0935     PELLETIER, D.     02/25/02 $1,410.25     5421380 71938     02/25/02
     TDI LIBRARY SERVICES, IN
     LEGAL SEARCH FEES - VENDOR-
     TDI LIBRARY SERVICES, INC.

We noted that the Application does not list D. Pelletier as a professional who has billed time on this

matter, nor do time entries for other professionals indicate research activities corresponding to this

date, aside from a 0.60-hour entry for Kathleen Mangual relating to Pacer research. We noted that

since D. Pelletier is not listed as an attorney or paralegal, it seems reasonable to infer that Pelletier

is a librarian and that this charge may relate to non-reimbursable overhead under Paragraph II.E.7.

of the Guidelines.  Thus we asked that Kramer Levin explain the nature of this charge.  Kramer

Levin responded: "[t]he 2/25/02 charge for $1410.25 represents the cost for external research to

obtain copies of professional articles published by the asbestos committees' expert witness, Mark

Peterson.  This information will be crucial to prepare for a contested asbestos claims process."  We

believe that this explanation satisfies our concern, and we do not recommend any reduction because

of this matter.

## CONCLUSION

10.     Thus, we recommend approval of fees totaling $83,570.00 ($92,765.00 minus $9,195.00) and costs totaling $6,666.66 ($6,963.66 minus $297.00) for Kramer Levin's services from January 1, 2002, through March 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050
    Mark W. Steirer
    Texas State Bar No. 19139600

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 29th day of July, 2002.

_____
                Warren H. Smith

## SERVICE LIST

Notice Parties

### The Applicant

Philip Bentley, Esq.
Kramer, Levin, Naftalis & Frankel, L.L.P.
919 Third Avenue
New York, NY 10022

### The Debtors

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

### Counsel for the Debtors

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

### Counsel for the Official Committee of Unsecured Creditors

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

### Counsel to the Official Committee of Property Damage Claimants

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

### Counsel to the Official Committee of Personal Injury Claimants

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**<u>Official Committee of Equity Holders</u>**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

## Exhibit A

| | | | |
|---|---|---|---|
| 03/04/02 | DRG | 5.10 | 918.00 | Document review in Boca Raton with Jay Sakalo (5.0); conference with Bob Turken and Jay Sakalo regarding same (.10). |
| 03/04/02 | JMS | 8.80 | 2,068.00 | Telephone conference with R. Turken, M. Widom, T. Swett re fraudulent transfer issues (.8); conferences with R. Turken, M. Widom regarding fraudulent transfer case strategy (2.5); telephone conference with R. Turken, S. Baena regarding fraudulent transfer strategy (.5); visit Grace document repository with D. Green (5.0). |
| 03/07/02 | MEW | 8.00 | 2,800.00 | Review and mark documents at depository at Grace regarding Wachtell documents. |
| 03/07/02 | DRG | 8.50 | 1,530.00 | Document review with Mitch Widom in Boca Raton. |
| 03/13/02 | JVM | 10.50 | 1,680.00 | Conducted document review at Grace building in Boca Raton. |
| 03/13/02 | SLB | 0.80 | 360.00 | Telephone call from F. Rabinovitz regarding information needs (.5); interoffice conference with J. Sakalo regarding results of discovery meetings (.3). |
| 03/13/02 | DRG | 10.50 | 1,890.00 | Attend document review in Boca Raton. |
| 03/13/02 | JMS | 12.40 | 2,914.00 | Continue review of documents at document depository in Boca Raton (10.5); conference call with all parties involved regarding document scanning project (.5); conference with S. Baena regarding results of conference call, results from class claim, review of documents (.3); review docket (.4); review letters to J. Fitzgerald filed by the Debtors (.4); review order re fraudulent transfer (.3). |
| 03/14/02 | JVM | 10.50 | 1,680.00 | Conducted document review at Grace building in Boca Raton. |
| 03/14/02 | DRG | 8.50 | 1,530.00 | Attend document review in Boca Raton (left early). |
| 03/14/02 | JMS | 10.50 | 2,467.50 | Continue review of document depository at Grace in Boca Raton (10.5). |
| 03/15/02 | JVM | 10.50 | 1,680.00 | Conducted document review at Grace building in Boca Raton. |
| 03/19/02 | DRG | 10.50 | 1,890.00 | Document review at Grace's office in Boca Raton. |
| 03/20/02 | MEW | 10.50 | 3,675.00 | Attend document review at depository in Boca Raton. |
| 03/20/02 | JVM | 10.50 | 1,680.00 | Conduct document review of Grace files in Boca Raton. |
| 03/20/02 | DRG | 10.50 | 1,890.00 | Document review at Grace's office in Boca Raton. |
| 03/21/02 | JVM | 8.50 | 1,360.00 | Conduct document review of Grace files in Boca Raton. |
| 03/21/02 | DRG | 8.50 | 1,530.00 | Document review at Grace's office in Boca Raton. |
| 03/22/02 | DRG | 4.50 | 810.00 | Document review at Grace. |
| 03/22/02 | JMS | 6.60 | 1,551.00 | Meeting at Document Depository (4.5); telephone conferences with G. Kitchen regarding requests for production (.4); email to D. Speights, D. Scott thereon (.2); review document list for scanning and direct revisions thereto (.8); review jury trial memoranda (.5); conference with M. Widom regarding status of document production (.2). |