**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FOURTH INTERIM QUARTERLY FEE APPLICATION OF
## KLETT ROONEY LIEBER & SCHORLING

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Fee Application of Klett Rooney Lieber & Schorling.

## BACKGROUND

1.      Klett Rooney Lieber & Schorling ("Klett Rooney") was retained as co-counsel to the official committee of equity holders.  In this application, Klett Rooney seeks approval of fees totaling $27,033.50 and costs totaling $3,724.25 for its services from January 1, 2002, through March 31, 2002.

2.      As an initial matter, we note that the copy of the application served on us was lacking in detail and lacking the necessary exhibits.  Thus, to review the fees sought by Klett Rooney, we went back to the monthly fee applications that covered the same time period covered by the application, and in our review we will refer to the quarterly fee application and the monthly fee applications collectively as the Application.

3.      In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application.  We reviewed the Application for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Klett Rooney based on our review, and received a response from Klett Rooney.

## DISCUSSION

### General Issues

3.      For the application period, Klett Rooney's combined charges for Case Administration and Fee/Employment Applications total $22,016.50, or 81% of the total fees requested.   Klett Rooney's services in these project categories are primarily reviewing the pleadings filed by others, and seeking Klett Rooney's own compensation.  The U.S. Trustee Guidelines Rule, I.E. states "[i]n evaluating fees for professional services, it is relevant to consider ... whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed".  Thus in our initial report we asked Klett Rooney to please explain the necessity and reasonableness for Klett Rooney's monitoring and fee application activities in the two categories discussed above.   Klett Rooney's response failed to address this issue.  We recommend a reduction of 10% of the fees involved to

resolve these issues, for a reduction of $2,201.65 in fees.

4.    We note that Klett Rooney does not have a separate project category for its own fee application preparation.  Work done on its own application as well as work concerning other applications is categorized as Fee/Employment Applications.  Guidelines Rule, II.D.1. states "[a] separate project category should be used for ... fee application preparation."  Thus, in our initial report we asked Klett Rooney to please use a separate category for Klett Rooney's fee application preparation in the future, and Klett Rooney responded that it would do so.

5.    We note that VJD, MMZ, and JRW tend to lump their time entries.  Paragraph II.D.5. of the Guidelines states that "[s]ervices should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry".  Thus in our initial report we asked Klett Rooney to please advise these professionals to avoid such lumped entries in the future, and Klett Rooney responded that it would do so.

6.    We note that VJD, JRW, LM and RTT often did not include sufficient detail in their time entries.  Local Rule 2016-2(d) provides that "activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary".  Thus in our initial report we asked Klett Rooney to please advise these professionals to provide sufficient detail in the future.  Klett Rooney failed to address this issue in its response.  To account for this insufficient detail we recommend a reduction of 10% of the fees charged by VJD, JRW, LM, and RTT, for a reduction of $1,681.20 in fees.

7.    Regarding expenses, we looked to the expense summaries attached to the monthly applications.  We note that although the cover sheet for Klett Rooney's third monthly application (January 2002) asks for expenses in the amount of $1,275.80, the monthly invoice provided to us

does not contain any entries for expenses. Paragraph II.E. of the Guidelines states that "[f]actors

relevant to a determination that the expense is proper include ... [w]hether applicant has provided

a detailed itemization of all expenses including the date incurred, description of expense ... and,

where relevant, the name of the person incurring the expense and purpose of the expense". Thus in

our initial report we asked Klett Rooney to please provide an itemization of expenses for the month

of January 2002. Klett Rooney provided this information and this satisfies our concern.

<u>Specific Time and Expense Entries</u>

8.    In our initial report we noted that there appears to be a duplication of time entries

on 01//25/02, as follows.

| 01/25/02 | TC | REVIEWED AGENDA NOTICE FOR HEARING ON 1/29 | .40 |
| 01/25/02 | TC | REVIEWED AGENDA NOTICE FOR HEARING ON 1/29 | .40 |

Thus in our initial report we asked  Klett Rooney to please explain these entries. Klett Rooney

did not address this issue in its response, and we recommend a reduction of $158.00 in fees to

address this duplicative entry.

9.    In our initial report we noted that on 03/07/02 JRW and TC attended a

meeting/conference call for a total of 2.8 hours and $777.00 in fees, in the following time entries:

| 03/07/02 | JRW | Committee conference call | 1.40 |
| 03/07/02 | TC | Attended Committee meeting | 1.40 |

According to Paragraph II.D.5. of the Guidelines, "[i]f more than one professional from the applicant

firm attends a hearing or conference, the applicant should explain the need for multiple attendees."

Thus in our initial report we asked Klett Rooney to please explain the necessity for both

professionals' participation in this conference. Terri Currier of Klett Rooney responded:

Jeff Waxman and I attend conference calls together, which you questioned in your report. Please be

advised that Jeff is a new associate in our firm, and we always staff Committee cases with one partner (that's me) and at least one associate, in this case, Jeff. In order to serve the Equity Committee needs, we both need to attend our rare telephonic meetings.

We do not believe that this response adequately explains why it is necessary for both professionals to participate in this conference call, and thus we recommend a reduction of ½ of the fees charged, for a reduction of $388.50 in fees.

10.    In our initial report we noted that on 03/02/02, RTT at $180.00 per hour billed .60 hours totaling $72.00 for tasks which appear ministerial in nature, in the following time entries:

| | | | |
|---|---|---|---|
| 03/22/02 | RTT | Review service list updated Trustee's address | .20 |
| 03/22/02 | RTT | Review several notice of appearances and update service list | .40 |

In our initial report we asked Klett Rooney to please explain why it was appropriate to bill the estate for RTT's time for these tasks.  Klett Rooney did not address this issue in its response, and we recommend a reduction of $72.00 in fees to address this ministerial task.

11.    In our initial report we noted that the February application contains the following entry for employee expenses:

| | | |
|---|---|---|
| 02/22/02 | EMPLOYEE EXPENSES | 41.63 |

Paragraph II.E. of the Guidelines states that "[f]actors relevant to a determination that the expense is proper include ... [w]hether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense ... and, where relevant, the name of the person incurring the expense and purpose of the expense".  Thus in our initial report we asked Klett Rooney to please provide more detail as to the nature of this expense.  Klett Rooney failed to address this issue in its response, and we recommend a reduction of $41.63 in expenses for this issue.

**CONCLUSION**

19.     Thus, we recommend approval of fees totaling $22,532.15 ($27,033.50 minus

$4,501.35) and expenses totaling $3,682.62 ($3,724.25 minus $41.63) for Klett Rooney's services

from  January 1, 2002, through March 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

Warren H. Smith
State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First
Class United States mail to the attached service list on this 29th day of July, 2002.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Teresa K. D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**<u>Official Committee of Equity Holders</u>**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801