**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § § | Chapter 11 |
| W.R. GRACE & CO., et al., | § § § | Jointly Administered<br>Case No. 01-01139 (JKF) |
| Debtors. | § § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FOURTH INTERIM FEE APPLICATION OF**
**CONWAY, DEL GENIO, GRIES & CO., LLC**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fourth Interim Fee Application of Conway, Del Genio, Gries & Co., LLC (the "Application").

**BACKGROUND**

1.	The Conway, Del Genio, Gries & Co., LLC ("Conway"), was retained as financial advisers to the official committee of asbestos property damage claimants. In the Application, Conway seeks approval of fees totaling $450,000.00 and costs totaling $4,809.71 for its services from January 1, 2002, through March 31, 2002.

2.	In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Conway an initial report based on our review, and received a response from Conway, portions of which response are quoted herein.

## DISCUSSION

3. Conway was retained pursuant to an engagement agreement providing for Conway to be paid a flat monthly fee of $150,000 during the first 12 months. The Order Appointing Fee Auditor in Accordance with the Court's Direction (the "Fee Auditor Order") provides that

> [t]his order applies to (i) all professionals in these cases employed or to be employed pursuant to sections 327, 328 or 1103 of the Bankruptcy Code; and (ii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court, except: (a) professionals providing services pursuant to an order that does not require submission of fee applications; and (b) professionals retained pursuant to the Court's Order pursuant to §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors Business, dated May 3 2001.

Fee Auditor Order at 2 (internal footnote omitted). Accordingly, we have reviewed the Application to determine compliance with the requirements of section 330.

4. In our initial report we noted that during the period covered by the Application, Conway professionals spent a total of 735.00 hours on the activities for which fees totaling $450,000 are sought, and thus the effective hourly rate calculates to $612.24. Regarding this calculation, Conway stated in its response:

> as you may or may not be aware, CDG does not bill its clients on an hourly basis. It is also worth noting that a review of the average hourly billing rate in each of the four fee applications submitted since our engagement yields a range from $484 to $660 an hour.

5. In our initial report we noted that Conway recorded its time entries in one-half hour

increments, contrary to paragraph II.D.5. of the Guidelines, which provides that "[t]ime entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour". We asked Conway to please comply with this convention in the future. In its response, Conway stated:

> CDG does not, in the ordinary course, keep time records on its engagements but instead bills its clients a flat monthly fee. For the benefit of the Court, CDG has maintained time records in the W.R. Grace matter and CDG has chosen to record time detail in round, one-half hour increments. Moreover, CDG has provided services in several bankruptcy cases before the United States Bankruptcy Court, District of Delaware, and, when asked to provide time detail to the Court, has done so in one-half hour increments. However, given the Fee Auditor's request, CDG will make every effort to comply with this guideline in the future. Upon receipt of your report, CDG began to record time detail by the tenth of the hour. For time detail recorded prior to receipt of your report, CDG only kept time in half-hour increments and therefore will only be able to report its time in half-hour increments for the period of April 2002 through mid-July 2002.

We appreciate Conway's cooperation.

6.      The Expense Summary in the Application seeks reimbursement of $2,122.49 of expenses characterized as "Administrative - Other". In our initial report we asked Conway to please provide a more detailed description of these expenses. Conway responded that these expenses "are pass-through costs charged by third party vendors and billed to CDG", and Conway provided the following schedule (which includes a breakdown of the charge of $64.78 for meals that is listed under "Administrative-Meals" under the expense summary) :

**Meals**
| | |
|---|---|
| On March 4, 2002 – refreshments for meeting in CDG office | $ 25.30 |
| On March 13, 2002 – lunch for meeting in CDG office | 39.48 |

**Printing & Duplicating**
| | |
|---|---|
| On March 5, 2002 – copies made at Kinko's | 131.04 |

**Research**
| | |
|---|---|
| On December 5, 2001 – Investext search | 248.73 |
| On December 18, 2001 – Investext search | 631.39 |
| On December 31, 2001 – Dow Jones search | 123.71 |
| On January 18, 2002 – Securities Data/Domestic M&A search | 312.84 |
| On January 18, 2002 – Investext search | 562.20 |
| On January 23, 2002 – Securities Data/Domestic M&A search | 75.78 |

On January 31, 2002 – Dow Jones search                               27.06
On March 4, 2002 – Lexus/Nexus search                                 9.74

Total Other Administrative Expense                                $2,187.27

Thus we have no objection to these charges.

7.  In the initial report we noted that Conway spent 300.5 hours drafting and revising reports on historical asset divestitures in connection with the fraudulent transfer litigation. While the narrative portion of the Application referenced a "second comprehensive report", it was difficult for us to evaluate the services performed, so we asked Conway for more detail. Conway responded:

> During the Compensation Period, CDG prepared two substantial reports for the Property Damage Claimants' Committee. One report was on the Sealed Air transaction (consummated in 1998) and the other report was on the Fresenius Medical Care transaction (consummated in 1996). For each transaction, CDG reviewed all documents filed with the Securities and Exchange Commission that we deemed to be related to the transactions (meaning those documents filed within a period of time either before or after each transaction). Such documents included, but were not limited to, purchase agreements, bank agreements, S-4 filings, 10K and 10Q filings, and press releases. In addition, we performed ancillary research for other pertinent transaction information including security analyst reports and various other items. In CDG's reports, CDG provided the Committee a detailed explanation of each transaction's structure, prepared various valuation analyses, and presented a preliminary review of solvency and value received. All analyses were based upon publicly available information.
>
> The complexity of CDG's analyses and work performed was the result of 1) the complex nature of the "spin-off/merger" transactions, 2) the multiple transaction which W.R. Grace initiated over the relevant periods which made it difficult to have comparable financial information, 3) the quarterly and annual restatement by W.R. Grace of its historical financial results during the relevant periods which made it difficult to have comparable financial dates, and 4) only having access to public information which provides limited financial information and did not present information in a consistent manner.
>
> These reports allowed the Property Damage Claimants' Committee initially to understand the transactions. In addition, the reports were used by the Committee for the purpose of developing specific litigation strategies. The relevance, necessity, and benefit of the analyses performed was further highlighted by the fact that Counsel for the Property Damage Claimants' Committee shared CDG's work with both Counsel for the Personal Injury Claimants' Committee and Litigation Counsel (Milberg Weiss Bershad Hynes & Lerach LLP or "Milberg"). In addition, the work performed by CDG led Milberg, the firm selected by both asbestos claimants' committees to pursue the fraudulent conveyance litigation, to ask CDG to prepare certain additional analyses, which may be relied upon in litigation currently being pursued.
>
> In addition to the fraudulent conveyance work performed, CDG has reviewed, analyzed and reported to the Committee on W.R. Grace's current operating results, potential acquisitions, the employee retention and benefit plans, and has actively participated on weekly committee conference calls with

the Property Damage Committee. CDG actively keeps the committee apprised of all business issues and activities of W.R. Grace.

We appreciate this explanation, and have no objection to Conway's fees.

## CONCLUSION

8. Thus, we recommend approval of fees totaling $450,000.00 and costs totaling $4,809.71 for Conway's services for the period from January 1, 2002, through March 31, 2002.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 31st day of July, 2002.

                                                                        Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Gregory S. Boyer
Conway, Del Genio, Gries & Co., LLC
c/o
Michael B. Joseph, Esq.
Theodore J. Tacconelli, Esq.
Rick S. Miller, Esq.
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801