**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § § | Chapter 11 |
| W.R. GRACE & CO., et al., | § § § | Jointly Administered<br>Case No. 01-01139 (JKF) |
|     Debtors. | § § | |

**AMENDED FEE AUDITOR'S FINAL REPORT REGARDING**
**FOURTH INTERIM QUARTERLY FEE APPLICATION OF**
**CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fourth Interim Quarterly Fee Application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein[1] (the "Application").

### BACKGROUND

1.     Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("Carella") was retained as special litigation and environmental counsel to the Debtors. In the Application, Carella seeks approval of fees totaling $14,892.50[2] and costs totaling $1,601.57 for its services from March 1, 2002, through March 31, 2002.

---

[1] We note that Carella styled the Application as its "First Quarterly" fee application because this is the first such application it has filed in the case. To promote consistency and to avoid confusion in the fee audit process, we have referred to the Application as the "Fourth Interim Quarterly" fee application because it relates to the fourth quarter for which such applications have been submitted in the case.

[2] Our original final report had erroneously stated that the amount sought by Carella was $11,914. While we had reviewed all $14,892.50 in fees sought by Carella, in drafting the initial and final reports we had erroneously picked up the amount sought from a cover sheet to the monthly interim application, and this error was not discovered by us or Carella until after the filing of the original final report, thus necessitating the filing of this amended final report.

**AMENDED FEE AUDITOR'S FINAL REPORT** - Page 1
Amended Final report re Carella - Fourth Quarterly covering Jan - Mar 2002.wpd

2.   In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application. We reviewed the Application for compliance with 11 U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Carella, and received a response from Carella, portions of which are quoted herein.

## DISCUSSION

### General Issues

3.   In our initial report we noted that the Application does not have a separate category for Carella's own fee application preparation. Guidelines Rule, II.D.1. states "[a] separate project category should be used for ... fee application preparation." Thus, we asked Carella to in the future please use a separate project category for time devoted to seeking its own compensation, and in its response Carella stated that it would do so.

4.   In our initial report we noted that JMA and MEF often did not include sufficient detail in their time entries, including a number of instances in which JMA did not indicate the subject matter of telephone calls. Local Rule 2016-2(d) provides that "activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is

actual, reasonable, and necessary", and Paragraph II.D.5. of the Guidelines provides that "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." Thus in our initial report we asked Carella to please advise these professionals to provide sufficient detail in the future, and in its response Carella stated that it would do so.

5. In our initial report we noted that although the Application contains a summary of professionals and a summary of expenses, it does not contain a summary by project category, which is to be prepared in accordance with the Local Rules and Local Form 102 (Fee Application/Attachment B). According to the Delaware Local Rule 2016-2(c) (ii), fee applications "shall include Local Form 102 and the information requested therein." Thus we asked Carella to please provide a Form 102, and Carella provided this form, and we have no objection to the information in this form.

Specific Time and Expense Entries

6. In the initial report we noted that in the expense detail of the Application, there is a travel expense in the amount of $1,386.98 for 3/31/02. The time entries do not indicate that any professionals traveled on that date, and the expense entry does not provide any further explanation. This expense detail provides, in full:

03/31/02        Travel Expense                                               1386.98

Paragraph II.E. of the Guidelines provides that "[f]actors relevant to a determination that the expense is proper include the following: ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate,

destination)...." Thus in the initial report we asked Carella to please provide the details for this expense. Carella responded:

> The travel related expense which was posted to the March 2002 bill, was incurred on March 18 and 19, 2002. On March 18, 2002, John M. Agnello, Esq. traveled to Florida for the purpose of meeting with Christopher H. Marraro, Esq., Richard A. Senftleben, Esq. and H. Pierson in connection with trial preparation in the *ICO* matter. On March 19, 2002, John M. Agnello traveled back to Newark, New Jersey from Florida.
> Our review of our firm's accounting records revealed an error in the amount posted to the March 2002 bill for the trip to Florida. The error arose because the airfare for the March 18-19 trip was changed from $435.00 to $555.00 due to a change in departure time. Two bills were received by the firm's accounting office. However, the bill for $555.00 superceded the $435.00 bill. The posting of both bills was a mistake. The total expense for the March 18-19 trip should be $951.98, consisting of airfare in the amount of $555.00, hotel in the amount of $333.88, and car/taxi fare in the amount of $63.10. Back-up for these expenses are attached hereto.
> Accordingly, the expenses in the March application should be reduced in the amount of $435.00 and we have adjusted our billing records accordingly.

We have reviewed the backup that Carella provided, and we have no objection to the reduced charge. Thus we recommend a reduction in expenses, as acknowledged by Carella, of $435.00.

## CONCLUSION

7. Thus, we recommend approval of fees totaling $14,892.50 and costs totaling $1,166.57 ($1,601.57 minus $435.00) for Carella's services from March 1, 2002, through March 31, 2002.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 2nd day of August, 2002.

_____
Warren H. Smith

# SERVICE LIST

## Notice Parties

**The Applicant**

John M. Agnello, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
6 Becker Farm Road
Roseland, NJ 07068

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801