IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 2242 |

## DEBTORS' REVISED ESTIMATED LITIGATION
## BUDGET FOR THE ZAI SCIENCE TRIAL

Debtors, pursuant to the Court's Order of July 22, 2002, submit this revised

estimated litigation budget for the ZAI Science trial.

### I.    ASSUMPTIONS

Any litigation budget necessarily must be based on assumptions concerning the

yet to be developed litigation.  With any budget, there are aspects that are out of the control of a

particular party and incapable of precise estimation.  For example, with the precise scope of the

"science" trial not yet determined, it is difficult to predict the number of fact and expert

depositions that will be taken and defended.  In  addition, it is difficult to estimate expenses such

as travel, lodging, expert fees and costs, without, inter alia, knowledge of the number of or

identity of the expert witnesses to be used by the parties (although the Court has limited the

number to 10 total experts), the extent of the discovery that the ZAI claimants will pursue and

other unknown factors.  Once those issues and factors are known, a more reliable budget can be

created.

Debtors' budget is based, in part, upon the experience of Debtors' Special

Asbestos Counsel, Reed Smith LLP, in connection with the matter of Barbanti v. W.R. Grace &

Co., No. 00-2-01756-6 (Superior Court, State of Washington, County of Spokane) and related

proceedings, including In re Zonolite Attic Insulation Products Liability Litigation, MDL Docket

No. 1376 (D. Mass.)  Based upon that experience, Debtors' suggested budget is based upon the following assumptions:

       1.     The fact and expert discovery, pre-trial motions, trial preparation and trial activities will be conducted by attorneys from Reed Smith LLP, previously approved as special asbestos counsel, and Kirkland & Ellis, Debtors' Bankruptcy counsel. Reed Smith's retention as special asbestos counsel and Kirkland & Ellis' retention as Bankruptcy counsel include work with respect to asbestos-related issues that are not directly related to the ZAI "science" trial (i.e., traditional asbestos-in-buildings or asbestos property damage claims, asbestos personal injury claims, and consultation with respect to certain asbestos issues in the EPA cost recovery action). The estimated budget only applies to the hours and expenses directly related to the discovery, preparation for and trial of the issues related to science aspects of ZAI, beginning on August 1, 2002. To the extent the issues and the scope of the "science" trial expand beyond those contemplated by the Debtors, the budget would have to be revised accordingly. While this budget combines the time of Reed Smith and Kirkland & Ellis, and while both of those firms are involved with asbestos-related issues that relate to other aspects of the bankruptcy, Reed Smith and Kirkland & Ellis will maintain their time and expenses for the ZAI science trial matter separately.

       2.     The discovery taken or deemed taken in <u>Barbanti</u>, to the extent relevant to these proceedings, would be deemed taken in these proceedings.

       3.     The parties will utilize the services of numerous yet to be identified expert witnesses. The Committee's original budget estimated 14 experts at $200 per hour average for 80 hours each. The Debtors do not believe 14 experts will be necessary but do believe 6-10

experts could be utilized in the case. At the July 22, 2002 hearing, the Court limited the parties

to a total of 10 experts. Debtors have assumed five experts per side.

4.    Each expert deposition will be approximately eight hours long and in no

event more than 16 hours in total.

5.    The number of fact witness depositions should be few because the current

proceedings are limited to the "science" aspects of ZAI and relatively short due to the prior

discovery in Barbanti and related cases. This budget assumes the number of claimant and fact

witness depositions for all parties to be in the range of 15 to 20 depositions. Depositions of fact

witnesses will be no more than eight hours long, absent good cause shown.

6.    From the beginning of discovery to the conclusion of a bench trial, if one

is necessary, will involve approximately 9-12 months. Based upon Reed Smith's six-month

experience in Barbanti and the assumptions outlined herein, it was originally estimated that the

number of lawyer and paralegal hours which will be spent through a trial, will be in the range of

7,000 to 7,500 which the Debtors believe is reasonable. However, to adjust the budget to fit

within the Court's statements at the July 22, 2002 hearing that the fee budget is not to exceed

$1,500,000, Debtors' budget is based on estimated hours of approximately 4,700.

7.    Hourly rates for the lawyers who will be involved are included in the

monthly fee applications filed by Reed Smith and Kirkland & Ellis and range from $185 to $650.

For purposes of this budget, Debtors will assume a blended rate of $350 per hour, with the

exception of document review and organization, the bulk of which would be conducted more by

junior attorneys and paralegals and, thus, a blended rate of $200 will be used.

## II.    PROPOSED BUDGET

A.    The following is a breakdown of the estimated fees that will be incurred

for various aspects of the ZAI science trial:

| | |
|---|---|
| Additional Document Review and Organization<br>　　1,000 hours @ $200 | $ 200,000 |
| Fact Witness Meetings, Depositions<br>　　(Preparation, taking and defending)<br>　　1,000 hours @ $350 | $ 350,000 |
| Expert Witness Meetings, Depositions<br>　　(Preparation, taking and defending)<br>　　1,000 hours @ $350 | $ 350,000 |
| Daubert/Pre-Trial Motions, Briefing Argument<br>　　500 hours @ $350 | $ 175,000 |
| Trial Preparation and Trial<br>　　1,215 hours @ $350 | $  425,000 |
| | $1,500,000 |

      B.     The following is an estimate of expenses:

| | |
|---|---|
| Expert Costs (Testing, reports, surveys, inspections,<br>witness fees for depositions, trial, etc.) | $ 275,000 |
| Miscellaneous Expenses (including travel, lodging,<br>copying and scanning documents, deposition,<br>transcription costs) | $  225,000 |
| | $  500,000 |

**TOTAL FEES AND EXPENSES**           **$2,000,000**


Respectfully submitted,

Dated:  August 6, 2002

　　　　　　　　　KIRKLAND & ELLIS
　　　　　　　　　David M. Bernick, P.C.
　　　　　　　　　James H.M. Sprayregen, P.C.
　　　　　　　　　Christopher Sullivan
　　　　　　　　　Janet S. Baer
　　　　　　　　　200 East Randolph Drive
　　　　　　　　　Chicago, IL  60601
　　　　　　　　　Telephone:  312/861-2000
　　　　　　　　　Facsimile:  312/861-2200

and

REED SMITH LLP
James J. Restivo, Jr.
Douglas Cameron
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  412/288-3131
Facsimile:  412/288-3063

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302/652-4100
Facsimile:  302/652-4400

Co-Counsel for Debtors and Debtors-in-Possession

C:\WINDOWS\Temporary Internet Files\OLK5002\0985768.doc