IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x

In re:                                            :    Chapter 11
                                                  :    Case No. 01-01139 et seq.
                                                  :
W. R. GRACE & CO., et al.,                        :    Jointly Administered
                                                  :
                          Debtors.                :
--------------------------------------------------------- x

**OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS'**
**BRIEF REGARDING PROPOSALS FOR A CASE MANAGEMENT ORDER**
**GOVERNING ASBESTOS PERSONAL INJURY CLAIMS [D.I. 2275 & 2421**

       The Official Committee of Equity Security Holders (the "Equity Committee"), by

its undersigned counsel, hereby submits this brief in response to the proposals for resolution of

asbestos personal injury claims submitted by W.R. Grace & Co. ("Grace" or the "Debtor") on

June 21, 2002 and by the Official Committee of Asbestos Personal Injury Claimants (the "PI

Committee") on July 22, 2002.

       The Equity Committee supports Grace's proposal for the immediate establishment

of a bar date for personal injury claims, followed by consolidated litigation of threshold liability

issues.  Should the Court wish to address liability issues in advance of a bar date, the Equity

Committee supports Grace's alternative proposal, under which all pre-petition personal injury

claims would be promptly brought before the Court and would be subject to omnibus objections,

summary judgment motions and *Daubert* proceedings, with a personal injury claims bar date to

follow the Court's rulings on these threshold issues.

       In the Equity Committee's view, the most critical consideration is that *any*

approach the Court may adopt for resolution of personal injury claims -- whether it be a

litigation-based approach as Grace has proposed or, instead, an estimation-based approach as the

PI Committee has proposed (and as the Debtors in the *USG* bankruptcy have proposed) -- must provide a full and adequate opportunity for Grace and its shareholders to challenge the legal viability of claims that lack merit as a matter of law and undisputed fact. It appears that such claims account for the vast majority of all claims filed against Grace: As explained in Grace's June 21, 2002 brief ("Grace Br."), a review of randomly selected claim files from Grace's 1997 and 2000 filings indicates that as many as 90% of these claims provide no satisfactory evidence of impairment. Grace Br. at 7-9; *see also* Deborah Hensler, *et al.*, *Asbestos Litigation in the U.S.: A New Look at an Old Issue*, 29 (RAND Inst. of Civil Justice Aug. 2001) (as many as 90% of all present and future asbestos claims will be non-malignant). An *independent* defect of the claims against Grace is that more than 85% of the reviewed claims were filed by claimants who appear never to have worked as construction workers and who therefore are highly unlikely ever to have been exposed to Grace's products. Grace Br. at 9-10.

Plainly, an estimation that compelled Grace to pay hundreds of millions, or even billions, of dollars to claimants who were never exposed to Grace products, or who have suffered no legally cognizable impairment, would be a serious miscarriage of justice. As discussed in Point A below, such a result would contravene the clear language of Bankruptcy Code § 502(c), as well as established estimation principles. Moreover, as discussed in Point B below, any plan of reorganization based on such an estimation could not be confirmed over the objection of Grace's shareholders.

**ARGUMENT**

A.    **The Estimation Provisions of Bankruptcy Code § 502(c)
Cannot Be Used to Pay Claims That Lack Merit as a
Matter of Law and Undisputed Fact**

It is a bedrock principle, set forth in Bankruptcy Code  § 502(b)(1), that a claim

"unenforceable against the debtor . . . under . . . applicable [non-bankruptcy] law" is not

allowable in bankruptcy.  11 U.S.C. § 502(b)(1); *see generally*  4 COLLIER ON

BANKRUPTCY ¶ 502.03[2][b][iii], at 502-25.  Grace's proposal seeks to enforce this principle

by asserting threshold legal defenses that may eliminate many thousands of meritless claims filed

by, among others, unimpaired persons and those whose history does not show exposure to Grace

products.  By contrast, the PI Committee asks the Court to ignore the legal deficiencies of such

claims and, pursuant to the estimation powers granted by Bankruptcy Code § 502(c), to pay

potentially billions of dollars on account of claims that may lack merit as a matter of law and

undisputed fact.

But Code § 502(c) does *not* authorize estimation of claims that lack merit as a

matter of law and undisputed fact.  Code § 502(c) authorizes the Court to estimate contingent or

unliquidated claims whose liquidation "would unduly delay administration of the case."  11

U.S.C. § 502(c)(1).  T*he "undue delay" that is the statutory predicate for estimation simply is

not present as to claims that lack merit as a matter of law and undisputed fact*.  Such claims can

and should be dismissed on motion, prior to trial.  Because no evidentiary hearing is needed as to

such claims, there is no prospect of "undue delay" and no statutory basis for estimating the

claims through a mini-trial of the sort contemplated by § 502(c).

And even if the Court were to invoke the statutory estimation power to resolve the

claims of the unimpaired and those who cannot show exposure to Grace products, that still would

not insulate these claims from scrutiny for legal defects.  As the Third Circuit Court of Appeals

has held, a court -- *even when estimating* -- "is bound by the legal rules which may govern the value of the claim." *Bittner v. Borne Chemical Co., Inc.*, 691 F.2d 134, 135 (3d Cir. 1982). Where those governing legal rules compel dismissal of a claim as a matter of law and undisputed fact, that claim must be estimated at zero.

**B.      A Plan of Reorganization That Proposed to Pay Claims Unenforceable Under State Law Could Not Be Confirmed Over the Objection of Grace's Shareholders**

One of the most fundamental rules governing confirmation of plans of reorganization is that, absent the consent of *every* junior class of creditors and equity holders, "'[n]o class may be paid more than in full.'" 7 COLLIER ON BANKRUPTCY ¶ 1129.04[4][a], at 1129-90 (quoting H.R. 8200, 95th Cong., 1st Sess. 203-04, § 1129(b) (July 1997)); *see also id.* at 1129-89 ("A major component of the 'fair and equitable' requirement [of Bankruptcy Code § 1129(b)(1)] is that no creditor of interest holder [may] be paid a 'premium' over the allowed amount of its claim. Once the participant receives or retains property equal to its claim it may receive no more.").

It follows that a plan of reorganization that proposed to pay *anything* on account of claims unenforceable under state law would run afoul of the "fair and equitable" requirement of Bankruptcy Code § 1129(b)(1), unless Grace's shareholders voted to accept the plan. Such claims -- including the claims of unimpaired persons and those who cannot show exposure to Grace products -- are entitled to no recovery under state law. Any payments to such claimants under a plan would therefore constitute an impermissible premium, defeating confirmation.

<u>Conclusion</u>

Grace's proposal for the resolution of asbestos personal injury claims (and its alternative proposal, should the Court wish to address liability issues in advance of a bar date) is

KL2:2169598.2

sound and should be adopted. Most critically, *any* approach the Court may adopt -- including one that utilizes the estimation powers granted by Code § 502(c) -- must provide a full and adequate opportunity for Grace and its shareholders to challenge the legal viability of claims that lack merit as a matter of law and undisputed fact.

Dated: August 6, 2002

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By: **/s/ Kathleen P. Makowski**
Teresa K. D. Currier (ID No. 3080)
Kathleen P. Makowski (ID No.3648)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gary M. Becker
919 Third Avenue
New York, New York 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Attorneys for the Official Committee of
Equity Security Holders

WILM36394.1