**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FOURTH INTERIM FEE APPLICATION OF**
**CAMPBELL & LEVINE, LLC**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fourth Interim Fee Application of Campbell & Levine, LLC (the "Application").

**BACKGROUND**

1.      Campbell & Levine LLC  ("Campbell") was retained as counsel to the official committee of asbestos personal injury claimants.  In the Application, Campbell seeks approval of fees totaling $35,484.00 and costs totaling $6,577.30 for its services from January 1, 2002, through March 31, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We sent an initial report to Campbell, and

received a response from Campbell, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.       In our initial report we noted that Campbell does not have a separate category for its

own fee application preparation.  Work done on its own application as well as work concerning other

applications is categorized as Fee/Employment Applications.  The Guidelines, Rule II.D.1. states "[a]

separate project category should be used for ... fee application preparation."  Thus in our initial report

we asked Campbell to, in the future, please use a separate project category for time devoted to

seeking its own compensation, and Campbell responded that it would do so.

### Specific Time and Expense Entries

4.       In our initial report we noted that for two of the time entries the total time billed is

greater than the sum of the subparts of the entries, as set forth below:

| | | | | |
|---|---|---|---|---|
| 01/03/02 | CJB | Telephone Conference with MGZ re: A. Krieger's comments re: proposed form of order for Warren retention and forward same to P. Milch (.2); finish preparation of Campbell & Levine's fifth monthly fee application (.5); prepare notice for same (.2); prepare certificate of service and service lists for same (.1); electronically file and serve application (.4); prepare hard copy service of same (.2); update fee/expense calendar (.1) | 2.40 | 300.00 |

The subparts add up to 1.70 hours, not 2.40 hours.

| | | | | |
|---|---|---|---|---|
| 03/14/02 | SLP | Review pleadings and electronic filing notices (.2); preparation and distribution of daily memo (.2); docketing (.2) | 0.70 | 63.00 |

The subparts add up to .60 hours not .70 hours.  In our initial report we asked Campbell to please explain these discrepancies.  Campbell responded that these were due to clerical errors, and that it agreed to a reduction for the discrepancy, and thus we recommend a reduction of $96.50 in fees.

5.      In our initial report we noted that DAC occasionally lumped his time entries. According to the Guidelines, Rule II.D.5., "Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour.  Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; however, tasks performed in a project which total a de minimis amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate."  Thus in our initial report we asked Campbell to advise this professional to avoid such lumped entries in the future, and Campbell responded that it has done so.

6.      In our initial report we noted that on 02/12/02, both MGZ and PEM participated in a conference call with the Committee for a total of 1.70 hours and $468.00.

| | | | | |
|---|---|---|---|---|
| 02/12/02 | MGZ | Participate in Telephonic committee Meeting | 0.70 | 203.00 |
| 02/12/02 | PEM | Conference call re: WR Grace with committee | 1.00 | 265.00 |

The Guidelines, Rule II.D.5. state in part:  ". . .If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Thus we asked Campbell to please explain the need for both professionals at this conference.

Matthew G. Zaleski of Campbell responded:

> Two attorneys from my Firm participated in a telephonic meeting of the Committee.  This was necessary due to the fact that I, MGZ, had a schedule conflict and could not be present for the entire meeting.  Ordinarily, I participate in the calls for three fundamental purposes: (a) take the minute of the meeting; (b) provide the Committee with information/insight as to the Delaware practice and procedures that apply to the proceedings; and (c) be available, as necessary, to answer questions/issues concerning recent developments in the day-to-day progression of the case.  Because I was not going to be available for the entirety of the call, and in fact I was uncertain as to how much of the call I could be available for, PEM was asked to participate in the call.  PEM was primarily responsible for taking the Meeting Minutes.  Although quite experienced in cases of this type, he does not have the day-in day-out experience with the case that I do and does not regularly practice in Delaware.  Consequently, I initiated my participation as soon as possible so as to perform my other two ordinary duties.

We accept this explanation and do not recommend any reduction for this issue.

## CONCLUSION

7.      Thus we recommend approval of fees totaling $35,387.50 ($35,484.00 minus $96.50)  and  costs totaling $6,577.30 for Campbell's services from January 1, 2002, through March 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:

Warren H. Smith
State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served
First Class United States mail to the attached service list on this 8th day of August, 2002.

Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Matthew G. Zaleski, III Esq.
Campbell & Levine, LLC
1201 N. Market Street, 15th Floor
Wilmington, DE 19899

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022


Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801