IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO. et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**SUMMARY COVERSHEET TO FIFTH[1] QUARTERLY INTERIM VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR APRIL 1, 2002 THROUGH JUNE 30, 2002**

| Name of Applicant: | Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") |
|---|---|
| Authorized to provide professional services to: | Special Litigation and Environmental Counsel to Debtors |
| Date of Retention: | February 1, 2002 |
| Period for which compensation and reimbursement is sought | April 1, 2002 through June 30, 2002 |
| Amount of compensation sought as actual, reasonable and necessary | $38,999.26 for the quarterly period April 1, 2002 through June 30, 2002 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $2,076.93 for the period of April 1, 2002 through June 30, 2002 |

This is a:                           Fifth Quarterly Interim Verified Application

---

[1] So as to avoid any confusion, Carella Byrne has entitled this application the Fifth Quarterly Interim Application, although this is Carella Byrne's second quarterly application, since it is the fifth such application in this matter.

Prior Applications filed:    Yes

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 05/02 | 03/01/02 through 03/31/02 (for the quarterly period of 01/01/02 to 03/31/02) | $14,892.50 | $1,601.67 | Unpaid | Unpaid |

As indicated above, this is the fifth quarterly interim verified application for interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases.

Summary of Compensation Requested

| Name of Professional Individual | Position, year assumed, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John M. Agnello | Partner | $325 | 144.10 | $46,832.50 |
| Jan Alan Brody | Partner | $325 | 1.00 | $325.00 |
| Melissa E. Flax | Partner | $215 | 85.20 | $18,318.00 |
| Laura S. Munzer | Associate | $150 | 0.80 | $120.00 |
| Jake Kubert | Law Clerk | $75.00 | 0.40 | $30.00 |

 

Total Fees     $65,625.50

Total Hours    231,50

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
| --- | ---: |
| Copies – Internal and Outside | $363.00 |
| Westlaw | $46.15 |
| Telephone | $38.97 |
| FedEx | $73.65 |
| Travel | $634.70 |
| Messenger | $227.50 |
| Faxes | $1318.00 |
| Depository Account – NJ Dept. of Treasury | $10.00 |
| Additional Staff Time | $20.17 |
| Transcripts | $145.20 |
| | |
| Total | $2,877.34 |

## ATTACHMENT B
## TO FEE APPLICATION

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John M. Agnello | Partner –23 yrs | $325 | 144.10 | $46,832.50 |
| Jan Alan Brody | Partner –25 yrs | $325 | 1.00 | $325.00 |
| Melissa E. Flax | Partner –10 yrs | $215 | 85.20 | $18,318.00 |
| Laura S. Munzer | Associate–19 yrs | $150 | 0.80 | $120.00 |
| Jake Kubert | Law Clerk | $75.00 | 0.40 | $30.00 |

| | |
|---|---|
| Grand Total: | $65,625.50 |
| Blended Rate: | |

### COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis | | |
| Asset Disposition | | |
| Business Operations | | |
| Case Administration | | |
| Claims Administration and Objections | | |
| Employee Benefits/Pensions | | |
| Fee/Employment Applications | | |
| Fee/Employment Objections | 14.10 | $344.00 |
| Financing | | |
| Litigation | 217.40 | $65,281.50 |
| Plan and Disclosure Statement | | |
| Relief from Stay Proceedings | | |
| Tax Issues | | |
| Valuation | | |
| Other (Explain) | | |

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Assisted Legal Research | Westlaw | 46.15 |
| Facsimile (with rates) | | 1318.00 ($0.25 per page) |
| Long Distance Telephone | | 38.97 |
| In-House Reproduction | | 363.00 ($0.25 per page) |
| Outside Reproduction | | |
| Outside Research | | |
| Filing/Court Fees | | |
| Court Reporting | Charles P. McGuire | 145.20 |
| Local Travel | | |
| Out-Of-Town Travel<br>    airfare<br>    car/taxi service<br>    hotel | Continental Airlines<br>My Limo | 508.50<br>390.20<br>(264.00)<br>634.70 |
| Courier & Express Carriers (e.g. Federal Express) | | 73.65 |
| Postage | | |
| Other (Explain) – Corporate record search | State of New Jersey Department of Treasury | 10.00 |
| Messenger | | 227.50 |
| Additional Staff Time | | 20.17 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO. et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**FIFTH QUARTERLY VERIFIED APPLICATION OF CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE FIRST INTERIM PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2002**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount $38,999.26 for the reasonable and necessary legal services CBBG has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that CBBG incurred in the amount of $2,076.93 (the "Application"), for the interim quarterly period from April 1, 2002 through June 30, 2002 (the "Fee Period"). In support of this Application, CBBG states as follows:

### Retention of CBBG

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated March 18, 2002, the Debtors were authorized to retain CBBG as their special counsel, effective as of February 1, 2002, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate CBBG at hourly rates charged by CBBG for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Application filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professionals 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the second Quarterly Fee Application for compensation for services rendered that CBBG has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of April 1, 2002 through June 30, 2002.

6. CBBG has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of April 1, 2002 through April 30, 2002 (the "April Fee Application"), attached hereto as Exhibit A.

(b) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of May 1, 2002 through May 31, 2002 (the "May Fee Application"), attached hereto as Exhibit B.

(c) Verified application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for compensation for services and reimbursement of expenses as special counsel to W.R. Grace & Co., et al., for the interim period of June 1, 2002 through June 30, 2002 (the "June Fee Application"), attached hereto as Exhibit C.

7. The period for objecting to the fees and expense reimbursement requested in the April Fee Application and May Fee Application have expired and no objections have been filed. The period for objection to the fees and expense reimbursement requested in the June Fee Application will not expire until August 23, 2002 at which time if no objections are filed, the Debtors will file a certificate of no objection with the Court.

8. CBBG has advised and represented the Debtors in connection with environmental and litigation matters.

**Requested Relief**

9. By this Fifth Quarterly Fee Application, CBBG requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by CBBG for the Fee Period, which is from April 1, 2002 through June 30, 2002, as detailed in the Application, less any amounts previously paid to CBBG pursuant to the Application and the procedures set forth in the Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Application, which are attached as Exhibits A, B and C.

10. CBBG may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. CBBG disclosed in the Affidavits its connection to parties-in-interest that it has been able to ascertain using its reasonable efforts. CBBG will update the Affidavits when necessary and when CBBG becomes aware of material new information.

### Representations

11. CBBG believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

12. CBBG performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

13. CBBG has received payment for the April Fee Application in the amount of $19,045.21, representing 80% of services and 100% of expenses incurred during that fee period. The total amount outstanding from the April fee application period is $4,561.20. CBBG has received payment for the May Fee Application in the amount of $10,333.50, representing 60%[2] of services and 100% of expenses. The total amount outstanding from the May fee application period is $4,714.56. CBBG has not yet received any payment for the June Fee Application. The total amount requested in the June Fee Application was $23,903.67. The total amount outstanding from the June Fee Application, including the $23,903.67, is $29,848.37.

14. Pursuant to Fed. R. Bank. P. 2016(b), CBBG has not shared, nor has agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of CBBG, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

---

[2] Although Carella Byrne's Monthly Fee Application for the Interim Period of May 1, 2002 through May 31, 2002, sought 80% of services and 100% of expenses incurred during that time period, the Certification of No Objection

WHEREFORE, CBBG respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, April 1, 2002 through June 30, 2002, an administrative allowance be made to CBBG in the sum of (i) $38,999.26 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $2,076.93 for reimbursement of actual and necessary costs and expenses incurred, for a total of $41,076.19, (b) that the Debtors be authorized and directed to pay CBBG the outstanding amount of such sums less any sums previously paid to CBBG pursuant to the Applications and the procedures set forth in the Interim Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Roseland, New Jersey
Dated: August 6, 2002

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

_____
John M. Agnello
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

---

that was filed with the Court erroneously requested 80% of the 80% of services. As such, Carella Byrne seeks the additional 20% that should have been included in that certification.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO. et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## VERIFICATION

JOHN M. AGNELLO, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein and I am a member in good standing of the bars of the State of New Jersey, the United States District Court for the District of New Jersey, the United States Court of Appeals for the Third Circuit, the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Supreme Court of the United States.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. -Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (Ma Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G_ C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. I have personally performed certain of, and overseen the legal services rendered by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein as special litigation and environmental counsel to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
John M. Agnello

In the State of New Jersey

SWORN TO AND SUBSCRIBED
before me this 6th day of August, 2002

_____
Notary Public

My Commission Expires:

LOIS ISAACSON
A Notary Public of New Jersey
My Commission Expires 6/19/06