`IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## SUMMARY OF THE QUARTERLY VERIFIED FEE APPLICATION OF CASNER & EDWARDS, LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE FIFTH INTERIM PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2002

Name of Applicant: **Casner & Edwards, LLP**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **September 18, 2001, effective as of September 18, 2001**

Period for which compensation and reimbursement is sought: **April 1, 2002 through June 30, 2002**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation sought as actual,
reasonable, and necessary:                                **$614,567.00**

Amount of Expense Reimbursement sought as
actual, reasonable, and necessary:                        **$59,120.55**

This is a:  __ monthly  **X** quarterly application.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 6/4/02 | 4/1/02 through 4/30/02 | $222,932.00 | $29,238.08 | yes | yes |
| 7/12/02 | 5/1/02 through 5/31/02 | $246,778.00 | $14,876.86 | yes | yes |
| 8/6/02 | 6/1/02 through 6/30/02 | $144,857.00 | $15,005.61 | Pending | Pending |

Counsel to Debtors and Debtors-in-Possession has filed certificates of no objection with the Court with respect to the Applications for April 2002 and May 2002 because no objections were filed with the Court within the objection period.

The Casner attorneys and paraprofessionals who rendered professional services in these cases during the Interim Fee Period are[2]:

---

[2] Any capitalized terms not defined herein have the meaning ascribed to them in the Quarterly Verified Fee Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al. for the Fifth Interim Period from April 1, 2002 through June 30, 2002.

| Name of Professional Person | Position with the applicant | Number of years in the position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Robert A. Murphy | Partner | 35 | Litigation | $210.00 | 64.60 | $13,566.00 |
| Robert S. Kutner | Partner | 25 | Litigation | $190.00 | 0.30 | $57.00 |
| Donna B. MacKenna | Partner | 18 ½ | Litigation | $190.00 | 15.00 | $2,850.00 |
| Matthew T. Murphy | Associate | 14 | Litigation | $180.00 | 360.30 | $64,854.00 |
| Angela R. Anderson | Paralegal | 18 | Litigation | $80.00 | 440.10 | $35,208.00 |
| Joseph K. Winrich | Paralegal | 14 | Corporate | $80.00 | 7.20 | $576.00 |
| Gary R. Bellinger | Temporary Paralegal | 1 | Litigation | $80.00 | 507.50 | $40,600.00 |
| Frank O. Ashenuga | Temporary Paralegal | 6 | Litigation | $80.00 | 606.50 | $48,520.00 |
| Eugene D. Krass | Temporary Paralegal | 5 | Litigation | $80.00 | 460.00 | $36,800.00 |
| Maria Patracea Scialla | Temporary Paralegal | 2 | Litigation | $80.00 | 422.70 | $33,816.00 |
| Edward K. Law | Temporary Paralegal | 3 | Litigation | $80.00 | 517.00 | $41,360.00 |
| James D. Leaver | Temporary Paralegal | 2 ½ | Litigation | $80.00 | 475.50 | $38,040.00 |
| Amy Preble | Temporary Paralegal | 2 | Litigation | $80.00 | 511.30 | $40,904.00 |
| A. Brock Edmunds | Temporary Paralegal | 10 | Litigation | $80.00 | 328.10 | $26,248.00 |
| Christine DiSaia | Temporary Paralegal | 4 | Litigation | $80.00 | 333.90 | $26,712.00 |
| Joshua D. Paulin | Temporary Paralegal | 4 | Litigation | $80.00 | 336.90 | $26,952.00 |
| W. Doug Hoey | Temporary Paralegal | 1 | Litigation | $80.00 | 467.80 | $37,424.00 |
| Chris Brown | Temporary Paralegal | 3 ½ | Litigation | $80.00 | 452.40 | $36,192.00 |
| Tom Mountain | Temporary Paralegal | 5 | Litigation | $80.00 | 274.20 | $21,936.00 |

| Christian Homsi | Temporary Paralegal | 5 ½ | Litigation | $80.00 | 241.40 | $19,312.00 |
| John Forgione | Temporary Paralegal | 1 | Litigation | $80.00 | 283.00 | $22,640.00 |
| TOTALS | | | | | 7,105.70 | $614,567.00 |

**Total Fees:**    **$614,567.00**

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Interim Period | Total Hours from the Petition Date | Total Fees for the Interim Period | Total Fees from the Petition Date |
|---|---|---|---|---|
| Asbestos: Other | 3.70 | 180.80 | $620.00 | $18,094.00 |
| Asbestos: Claims Litigation | 7,081.60 | 17,569.40 | $609,675.00 | $1,455,693.50 |
| Compensation of Professionals | 20.40 | 61.40 | $4,272.00 | $12,392.00 |
| TOTAL | 7,105.70 | 17,811.60 | $614,567.00 | $1,486,179.50 |

## CUMULATIVE EXPENSE SUMMARY

| Expense Category | Total Expenses for the Interim Period | Total Expenses from the Petition Date |
|---|---|---|
| Telephone (amount reflects related toll charges only and includes outgoing facsimile transmissions) | $120.12 | $282.66 |
| Postage | $16.01 | $106.85 |
| Federal Express | $492.48 | $1,581.77 |
| Other Delivery Services | $1,252.50 | $5,816.00 |
| Travel | $0.00 | $69.48 |
| Outside Photocopying | $4,443.13 | $16,546.06 |
| Photocopying ($.012/page) | $362.40 | $1,478.16 |

| | | |
|---|---|---|
| Pacer Online Search | $135.10 | $287.77 |
| Rent Reimbursement | $49,579.11 | $137,867.08 |
| Miscellaneous | $2,719.70 | $4,910.02 |
| TOTAL | $59,120.55 | $168,945.85 |

Dated:  August 12, 2002

CASNER & EDWARDS, LLP

*Robert A. Murphy*

Robert A. Murphy (BBO #363700)
303 Congress Street
Boston, MA  02210
(617) 426-5900

Special Litigation Counsel

219310

5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## QUARTERLY VERIFIED FEE APPLICATION
## OF CASNER & EDWARDS, LLP FOR COMPENSATION
## FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS
## SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL.,
## FOR THE FIFTH INTERIM PERIOD FROM
## APRIL 1, 2002 THROUGH JUNE 30, 2002

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Revised Compensation Procedures") and Del.Bankr.LR 2016-2, the law

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

firm of Casner & Edwards, LLP ("Applicant" or "Casner"), Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $614,567.00 for the reasonable and necessary legal services Casner has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Casner incurred in the amount of $59,120.55 (the "Quarterly Fee Application"), for the fifth interim period from April 1, 2002, through June 30, 2002 (the "Interim Fee Period"). In support of this Application, Casner respectfully states as follows:

**Background**

**Retention of Casner**

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated September 18, 2001, the Debtors were authorized to retain Casner as Special Litigation Counsel, effective as of the Petition Date (the "Retention Order"). The Retention Order authorizes the Debtors to compensate Casner at Casner's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court. On April 19, 2002, this Court entered the Revised Compensation Procedures, pursuant to which this Fee Application is being filed.

2

**Monthly Fee Applications Covered Herein**

      3.    Pursuant to the procedures set forth in the Revised Compensation Procedures, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Revised Compensation Procedures may object to such request.  If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certificate of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

      4.    Furthermore, and also pursuant to the Revised Compensation Procedures, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

      5.    This is the third Quarterly Fee Application for compensation for services rendered that Casner has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the fifth Interim Fee Period of April 1, 2002 through June 30, 2002, encompassing the months of April through June 2002.

6.      Casner has filed the following Monthly Fee Applications for interim compensation during this Interim Fee Period:

      1.      Summary of the Seventh Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from April 1, 2002 through April 30, 2002, filed June 4, 2002, (the "April Fee Application") attached hereto as Exhibit A.

      2.      Summary of the Eighth Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from May 1, 2002 through May 31, 2002, filed July 12, 2002, (the "May Fee Application") attached hereto as Exhibit B

      3.      Summary of the Ninth Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from June 1, 2002 through June 30, 2002, filed August 6, 2002, (the "June Fee Application") attached hereto as Exhibit C (collectively, the April Application, the May Application and the June Application are the "Applications").

7.      Casner has not filed any other Quarterly Fee Applications or Monthly Fee Applications during this Interim Fee Period.  The periods for objecting to the fees and expense reimbursement requested in the April and May Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested in the April Fee Application.  There have been no objections filed with respect to the May Fee Application, but Debtors have not yet paid.  The period for objecting to the fees and expense reimbursement requested in the June Fee Application has not yet expired.

8.      Casner has advised and represented the Debtors in connection with litigation strategy, in particular, asbestos bodily litigation and with respect to the maintenance and operation of

the Debtors' document repository and any future production of documents from the repository to plaintiffs. Casner has performed various professional services that are described in the Applications.

### Requested Relief

9.      By this Third Quarterly Fee Application, Casner requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Casner for the Fifth Interim Fee Period, which is from April 1, 2002 through June 30, 2002, as detailed in the Applications, less any amounts previously paid to Casner pursuant to the Applications and the procedures set forth in the Revised Compensation Procedures.[2]  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

### Disinterestedness

10.      As disclosed in the Affidavit of Robert A. Murphy in Support of the Application of the Debtors to employ Casner & Edwards, LLP as Special Litigation Counsel to the Debtors, (the "Murphy Affidavit"), filed August 13, 2001, Casner does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

---

[2] Casner reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the April 1, 2002 through June 30, 2002 period that are not otherwise included in the relevant Applications.

11.    Casner may in the past have represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Casner disclosed in the Murphy Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Casner will update the Murphy Affidavit when necessary and when Casner becomes aware of any material new information.

### Representations

12.    Casner believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13.    Casner performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.    Casner has received a payment for 80% of fees and 100% of expenses for the services performed and expenses incurred in April, 2002, presented in the application in the amount of $207,583.68.

15.    Pursuant to Fed. R. Bank. P. 2016(b), Casner has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Casner, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16.    Although every effort has been made to include all fees and expenses from the Interim Fee Period in the Application, some fees and expenses from the Interim Fee Period might not be included in the Application due to accounting and processing delays. Casner reserves the right to make further application to the Court for allowance of fees and expenses for the Interim Fee Period not included herein.

WHEREFORE, Casner respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Interim Fee Period April 1, 2002 through June 30, 2002, an administrative allowance be made to Casner in the sum of (i) $614,567.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $59,120.55 for reimbursement of actual and necessary costs and expenses incurred, for a total of $673,687.55, (b) that the Debtors be authorized and directed to pay to Casner the outstanding amount of such sums less any sums previously paid to Casner pursuant to the Applications and the procedures set forth in the Revised Compensation Procedures and (c) that this Court grant such further relief as is equitable and just.

Dated:  August 12, 2002

CASNER & EDWARDS, LLP

Robert A. Murphy (BBO #363700)
303 Congress Street
Boston, MA  02210
(617) 426-5900

Special Litigation Counsel

219310

7