IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**FIFTH QUARTERLY INTERIM FEE APPLICATION REQUEST OF THE
BLACKSTONE GROUP L.P. FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES TO THE DEBTORS
FOR THE PERIOD APRIL 1, 2002 THROUGH JUNE 30, 2002**

SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | The Blackstone Group L.P. |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | June 22, 2001, effective April 2, 2001 |
| Period for which compensation and reimbursement is sought: | April 1, 2002 – June 30, 2002 |
| Amount of Compensation sought as actual, reasonable and necessary: | $525,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $3,953.17 |

This is a __ monthly  _x_ interim  ___ final application

The total time expended for fee application preparation is approximately 10 hours and the corresponding compensation requested is $0.00.

## CUMULATIVE SUMMARY OF INTERIM APPLICATIONS OF THE BLACKSTONE GROUP L.P. FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS FOR THE PERIOD APRIL 1, 2002 TO JUNE 30, 2002

| Fee Application, Filing Date, Docket No. (if available) | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date, Docket No. | Amount of Fees Paid (80%) | Amount of Expenses Paid (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 04/01/2002 - 04/30/2002, 07/24/2002 Doc No. 2437 | $175,000.00 | $2,703.36 | NA | $0.00 | $0.00 | $0.00 |
| 05/01/2002 - 05/31/2002 | 175,000.00 | 516.61 | NA | 0.00 | 0.00 | 0.00 |
| 06/01/2002 - 06/30/2002 | 175,000.00 | 733.20 | NA | 0.00 | 0.00 | 0.00 |
| Total | $525,000.00 | $3,953.17 | | $0.00 | $0.00 | $0.00 |

2

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Interim Period | Total Fees for the Interim Periods[1] | Total Fees from the Petition Date[2] |
|---|---|---|---|
| Asset Acquisitions | 13.0 | NA | NA |
| Asset Dispositions | 18.0 | NA | NA |
| Business Analysis | 82.5 | NA | NA |
| Business Operations | 9.0 | NA | NA |
| Case Administration | 24.0 | NA | NA |
| Claims Analysis | 13.5 | | |
| Committee Matters & Meetings | 45.5 | NA | NA |
| Compensation of Professionals | 8.0 | NA | NA |
| Creditor Inquiries | 16.5 | NA | NA |
| Employee Matters | 57.5 | | |
| Non-Working Travel Time | 17.5 | NA | NA |
| Plan/Disclosure Statement | 133.5 | NA | NA |
| Strategic Initiatives | 0.5 | NA | NA |
| Tax/General | 29.5 | NA | NA |
| Tax/Audit | 2.0 | NA | NA |
| Valuation | 167.5 | NA | NA |

---

[1] Blackstone does not bill by the hour; therefore, a calculation of total fees by hour, by category is not applicable.

3

## CUMULATIVE EXPENSE SUMMARY ($)

| Expense Category | Total Expenses for the Interim Period | Total Expenses from the Petition date |
|---|---|---|
| Airfare/Railroad/Travel Local | $1,751.63 | $22,552.31 |
| Meal and Lodging | 612.37 | 9,992.49 |
| Research | 639.39 | 4,500.72 |
| Communication | 122.13 | 1,227.37 |
| Word Processing[2] | 0.00 | 15,374.94 |
| Photocopying | 187.65 | 7,009.55 |
| Other[2] | 640.00 | 2,832.14 |

---

[2] Word processing charges are reduced from amounts previously billed to the Debtors by $581.01 to reflect adjustments to the charges for the Fourth Quarterly Interim Period and the April 2002 invoice pursuant to the Fee Auditor Final Report. Other charges are reduced from amounts previously billed to the Debtors by $1,200 to reflect adjustments to the charges for the Fourth Quarterly Interim Application. Blackstone will remit such amount to the Debtors.

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

FIFTH QUARTERLY INTERIM APPLICATION OF THE
BLACKSTONE GROUP L.P. FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES FOR
APRIL 1, 2002 THROUGH JUNE 30, 2002

Pursuant to Sections 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Retention Order and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members ("Procedures"), The Blackstone Group L.P. ("Blackstone") hereby submits this fifth quarterly interim application (the "Fifth Quarterly Interim Application") for compensation and reimbursement of expenses for the period of April 1, 2002 through June 30, 2002 for services rendered as financial advisor to the debtors.

With this Fifth Quarterly Interim Application, Blackstone seeks interim allowance of compensation in the amount of $525,000.00 and reimbursement of actual and necessary expenses in the amount of $3,953.17 for a total of $528,953.17, or 100% of all compensation and expense reimbursement requested, for the period of April 1, 2002 through June 30, 2002 (the "Interim

5

Period"). In support of this Fifth Quarterly Interim Application, Blackstone respectfully represents as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. Background

2. Blackstone is financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 2, 2001, the Debtors applied to this Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

5. On June 22, 2001, this Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

6. Pursuant to the Procedures, professionals may request monthly compensation and reimbursement, and the notice parties listed in the Procedures may object to such request. If no

notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

7. Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request (the "Quarterly Interim Application") for interim approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Interim Application. If this Court grants the relief requested in the Quarterly Interim Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that Quarterly Interim Application less any amounts previously paid in connection with the monthly fee applications. Any payment made pursuant to the monthly fee applications or the Quarterly Interim Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

### III. Monthly Fee Applications Covered Herein

8. Blackstone filed monthly fee applications for the months of April, May and June of 2002 attached hereto as Exhibits A, B and C, respectively. As of the time of the filing of this Fifth Quarterly Interim Application, Blackstone has not received payment from the Debtors regarding these monthly applications. Blackstone has not received any other payment from the Debtors in connection with the monthly fee applications pertaining to the Interim Period.

## IV. Narrative Description of Blackstone's Activities for the Interim Period.

9. The financial services provided by Blackstone to the Debtors during this period included:

(a) Advising the Debtors with respect to presentation materials and the content of a meeting with the Official Unsecured Creditors Committee and its financial and legal advisors. The Committee represents the holders of the Debtors' pre-petition bank debt of approximately $500 million. The meeting was held to inform the Committee and its advisors of recent operating results, expected business trends and current projections, the Debtors' proposed employee compensation plan, contemplated business transactions and future motions and to answer any questions of the Committee.

(b) Advising the Debtors with respect to the divestiture of Grace Bioremediation Technologies including the (i) the preparation and review of documents explaining the reason for and terms of the transaction to be presented to the four Committees, and (ii) the discussion of the transaction with the Committees' legal and financial advisors.

(c) Advising the Debtors with respect to the Debtors' motion to consolidate certain service centers of Grace Performance Chemicals and the payment of stay bonuses in connection therewith including the (i) the review of documents outlining the cost of the program, (ii) the discussions regarding the proposed action with the Committees' legal and financial advisors and the dissemination of information in response to their questions regarding cost savings and other requested financial information.

(d) The preparation of a preliminary analysis regarding a business valuation model, the consideration of relevant factors such as insurance, tax attributes, and the analysis of comparable companies for valuation purposes.

(e) The preliminary development of a draft model that incorporates the Debtors' financial projections and various restructuring alternatives of its liabilities subject to compromise.

(f) Advising the Debtors with respect to issues surrounding other Liabilities Subject to Compromise such as tax claims, pension issues, environmental obligations.

(g) Advising the Debtors with respect to the IRS audit issues, possible chapter 11 ramifications on net operating losses, and the dispute with regard to it corporate owned life insurance.

(h) Advising the Debtors with respect to the formulation of a revised retention program, incentive compensation program, and severance program including (i) the analysis of employee data, (ii) the review of other comparable programs, (iii) discussions with the Committee advisors, (iv) the preparation of a presentation outlining the proposed programs, (iv) the presentation of such material to the Committees' financial advisors, and (v) the drafting and review of the motion filed in the Court.

(i) Advising the Debtors with respect to the presentation of recent operating results including (i) the reviews of such results, (ii) the preparation an analyses comparing such results to the Business Plan, (iii) the participation in phone calls with the Committees' financial advisors discussing such results, and (iv) the preparation and dissemination of materials with respect to the Committees' follow-up requests for additional detail.

(j) Providing quantitative and qualitative analysis in support of the Debtors' potential acquisition, joint venture or other business combination with various businesses in three situations

(k) Participating in the Debtors' strategic planning review of it businesses in order to have a current understanding of the businesses of the Debtors and the value of the estate.

(l) Providing strategic and business advice in connection with the bankruptcy.

### IV. Requested Relief

10. With this Fifth Quarterly Interim Application, Blackstone requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Blackstone from April 1, 2002 through June 30, 2001.[3] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that has already been filed with this Court and is attached hereto in Exhibits A, B and C.

---

[3] Blackstone reserves its right to seek at a later date reimbursement for expenses incurred during the Interim Period that are not otherwise included in the relevant monthly fee application.

11. At all relevant times, Blackstone has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

12. All services for which compensation is requested by Blackstone were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

13. During the Interim Period, Blackstone has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

**WHEREFORE**, Blackstone respectfully requests that this Court enter an order, substantially in the form attached hereto, providing that, for the period of April 1, 2002 through June 30, 2002, an allowance be made to Blackstone in the sum of $525,000.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $3,953.17 for reimbursement of actual and necessary costs and expenses incurred, for a total of $528,953.17 and that the Debtors be authorized and directed to pay to Blackstone the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: New York, New York
      August _15_, 2002

THE BLACKSTONE GROUP L.P.
Financial Advisor to W.R. Grace & Co.

By: _/s/ Pamela D. Zilly_

Pamela D. Zilly
Senior Managing Director
345 Park Avenue
New York, NY 10154
(212) 583-5000
(212) 583-5707 (fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R GRACE & CO., et al., | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |

### AFFIDAVIT

STATE OF NEW YORK  )

               ) ss. :

COUNTY OF NEW YORK )

Pamela D. Zilly being duly sworn, deposes and says:

1. I am a Senior Managing Director of the firm of The Blackstone Group L.P. ("Blackstone"), which firm maintains offices for providing financial advisory services at 345 Park Avenue, New York, New York 10154. Blackstone is acting as financial advisor for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned case.

2. This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2 in connection with Blackstone's Fifth Quarterly Interim Application for an allowance of compensation for services rendered to the Debtors for the period from April 1, 2002 through June 30, 2002 in the amount of (i) $525,000.00 in monthly fees and (ii) the reimbursement of expenses incurred in connection therewith in the sum of $3,953.17.

3. All of the services for which compensation is sought by Blackstone, were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4. No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

5. I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule 2016-2 and I believe that this Fifth Quarterly Interim Application fully complies with all provisions contained in said Order.

By: *Pamela D. Zilly*

Pamela D. Zilly
Senior Managing Director

Sworn to before me this
15th day of August 2002

*Holly B. Cohen*
Notary Public

HOLLY B. COHEN
NOTARY PUBLIC, State of New York
No. 01CO6003607
Qualified in Bronx County
Commission Expires March 9, 2006

2