UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                      :     Chapter 11
                            :     Case Nos. 01-1139 through 01-1200
W.R. GRACE & CO., et al.,:
                            :
          Debtors.          :     **MEMORANDUM OPINION**
------------------------

     This matter has been opened before the Court upon the motion

of the Official Committee of Asbestos Property Damage Claimants,

("Property Damage Claimants") for leave to appeal an Order of the

Bankruptcy Court: 1) Establishing a bar date for property claims,

2) Approving Proof of Claim Forms and 3) Approving a Notice

Program.  The Order was entered on April 25, 2002.  The Property

Damage Claimants seek leave to appeal pursuant to 28 U.S.C. § 158

(a)(3) and Federal Bankruptcy Rule of Procedure 8003.  The motion

has been decided upon the written submissions of the parties.

For the reasons set forth below, the Court finds that the

standards required to warrant interlocutory appeal have not been

met and therefore denies the Property Damage Claimants'

application for leave to appeal.


                         **BACKGROUND**

     This is one of several asbestos-related Chapter 11 filings

assigned to this Court.  The Court has referred substantial parts

of these cases to the Bankruptcy Court, retaining primarily

matters involving asbestos personal injury.  Property damage and

medical monitoring claims, among others, were delegated to the
Bankruptcy Court.  In that context, the instant motions were
argued before the Honorable Judith K. Fitzgerald, U.S.B.J., and
she rendered an Order dated April 22, 2002.  That Order
established a March 31, 2003 bar date for property damage claims
and approved Proof of Claim forms.  Other issues were decided
which are not subject to this Motion.  The Property Damage
Claimants assert that the setting of a Bar Date for property
damage claimants without addressing the bar date issue for
personal injury claims and the approving the Proof of Claim Form
present substantial errors requiring leave to appeal.  The debtor
opposes the application for leave to appeal.

## DISCUSSION

1.  **Interlocutory Review**

Unlike mandatory review of final Orders of the Bankruptcy
Court, 28 U.S.C. § 158 (2), Interlocutory Orders of the
Bankruptcy Court are reviewed at the discretion of the District
Court.  28 U.S.C. § 158 (a)(3); Fed. R. Bankr. P. 8003.  While
neither the Bankruptcy Code nor the Bankruptcy Rules set forth a
specific standard for leave to appeal, the parties in their
briefs both recognize 28 U.S.C. § 1292(b) as setting forth the
applicable standard.  That section provides that an interlocutory
appeal may be granted when the order ". . . involves a

controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal

from that order may materially advance the ultimate termination

of the litigation."  See In re Delaware & Hudson Ry. Co. , 96

B.R. 472 (D. Del.), aff'd, 884 F. 2d 1383 (3d Cir. 1989).

Applications for leave to appeal interlocutory Orders are subject

to a long standing policy of judicial reluctance to interfere

with ongoing proceedings before final judgment.  In order to give

effect to that principle, courts have required would-be

appellants to establish exceptional circumstances to justify a

review prior to final judgment.  Matter of Magic Restaurants,

Inc., 202 B.R. 24, 26 (D. Del. 1996).


## 2.   The Bar Date Issue

The Property Damage Claimants argue that setting a bar date

for property damage claims in the absence of one set for personal

injury claimants was prejudicial, reversible error.  Their claim

is grounded on the supposition that personal injury claimants may

attain an economic advantage in an approved reorganization plan

by virtue of the later resolution of their claims.

In general the establishment of a bar date assists the Court

and all parties to properly identify claimants and make some

reasonable evaluation of the amount of claims.  In re Kolstad,

928 F. 2d 171, (5th Cir.), cert. denied, 502 U.S. 958 (1991).

While general principles are easily enunciated, their application
in the context of mass tort asbestos matters must necessarily be
flexible.  The chapter 11 cases before the Court present a myriad
of divergent claims which, by definition, cannot be dealt with in
identical fashion.  One size does not fit all.  The participants
in the instant matters are well aware of the complexities and
challenges inherent in the attempted resolution of mass tort
asbestos liabilities as they are now being played out in the
bankruptcy arena.  Recognizing the multiple issues arising from
the diverse types of claims before them, courts have frequently
established multiple bar dates.  In re Celotex Corp., 204 B.R.
586, 592 (Bankr. M.D. Fla. 1996) (different bar dates set for
general claims, asbestos property damage claims and asbestos
personal injury claims); In re Babcock & Wilcox Co., 00-10992
(Bankr. E.D. La., Oct. 30, 2000) (bar date for asbestos personal
injury and property damage claims but not non-asbestos claims);
In re Armstrong World Indus., Inc., 00-4471 (Bankr. D. Del.,
April 18, 2000) (bar date for property damage and non-asbestos
claims but not personal injury claims); In re Owens Corning
Corp., 01-3837 (Bankr. D. Del., Nov. 27, 2001) (bar date for
property damage and non-asbestos clams but not personal injury
claims).  Different bar dates for different claims, absent
identifiable immediate prejudice, do not rise to the level of
exceptional circumstances.

It is noted that other portions of the Order below, setting
bar dates for medical monitoring claims and unsecured creditors,
have not been subject to an application for leave to appeal.
This further undermines the movants' claim that different bar
dates for different claims is per se prejudicial.  Given the
nature of these proceedings and the necessity to deal with the
challenge of asbestos liability in an efficient and equitable
manner, the Court concludes that the Property Damage Claimants
have failed to establish a deviation from controlling principles
of law or exceptional circumstances necessary to warrant leave to
appeal the interlocutory Order governing the bar date for
Property Damage Proof of Claims.

3.    **The Proof of Claim Issue**

The Property Damage Claimants challenge the approved Proof
of Claim Form asserting that its deviation from Official Form 10
as well as its several demands for specific information creates
an inherent inequity and will unduly burden Property Damage
Claimants creditors to the benefit of the debtor.  The Property
Damage Claimants asserts in general terms that the approved proof
of claim form is "overly burdensome, unduly complex and designed
solely to support the Debtor's stated objection to all PD
claims."  The Committee contends that the nature of the form and
the information it requires would tend to discourage rather then

facilitate the filing of property damage claims.  At the outset

this Court notes that the discretion of the Bankruptcy Court in

this area should not lightly be disturbed.  While the Bankruptcy

Court obviously cannot know what proofs lie in Property Damage

Claimants' files, it clearly may make an informed judgment as to

what is necessary to properly evaluate a particular type of

claim.  This Court finds that slavish adherence to Official Form

10 is not required.  See Fed. Bankr. R. 3001(a), 9009.  In the

context of ongoing mass tort bankruptcy matters, flexibility in

proof of claim forms has been the rule rather then the exception.

See In re Dow Corning Corp., 250 B.R. 298, 310 (Bankr. E.D. Mich.

2000) (discussing use of modified proof of claim form); In re The

Babcock & Wilcox Co., 2000 WL 422372 at *5 (E.D. La. 2000)

(modified form recognized as facilitating a ruling on "motions

for summary judgment on threshold liability issues"); In re A.H.

Robbins Co., 862 F.2d 1092 (4th Cir. 1988) (approving required

questionnaire accompanying official claim form).

This Court determines that given the nature of the issues

before the Bankruptcy Court, its approval of the instant Proof of

Claim form does not constitute a deviation from controlling

principles or an exceptional circumstance warranting leave to

appeal the Order on this interlocutory issue.

**CONCLUSION**

For the reasons set forth above, the Court finds that the movants have failed to sustain their burden of establishing a substantial ground for difference of opinion regarding a controlling issue of law embodied in the Bankruptcy Court's Order of April 25, 2002. The Court parenthetically notes the absence of a viable argument that granting "an immediate appeal from the Order [might] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Therefore, the motion for leave to appeal will be denied.

An appropriate Order is attached.

Dated:  August 16, 2002

ALFRED M. WOLIN, U.S.D.J.