## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          Chapter 11

**W.R. Grace & Co., et al.**                     Case No. 01-01139 (JKF)

                    Debtors.                     Jointly Administered

---

**FIFTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK
& LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM APRIL 1, 2002 THROUGH JUNE 30, 2002**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **April 1, 2002 – June 30, 2002** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$245,259.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$6,784.97** |
| Fees and Expenses of the Asbestos Issues Expert | **$167,629.78** |

This is an: ☒ interim  ☐ final application

This is the fourth quarterly application filed

**Attachment A**

## Monthly Interim Fee Applications

| Date Filed | Period Covered | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| July 2, 2002 | 05/01/02 – 05/31/02 | $74,910.75 | $2,9154.43 (Stroock) $43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002 | 06/01/02 – 06/30/02 | $73,096.75 | $2,054.05 (Stroock) $114666.72 (Chambers) | $58,477.4011 | $116,720.77 |

**Quarterly Fee Applications**

| | | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01-6/30/01 | $369,873.75 | $19,318..00 | September 23, 2002 at 10:00 a.m. | |
| November 1, 2002 | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | September 23, 2002 at 10:00 a.m. | |
| February 8, 2002 | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90[1] | September 23, 2002 at 10:00 a.m. | |
| May 15, 2002 | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60 | August 26, 2002 at 10:00 a.m. | |

---

[1] Of this amount $9,918.43 relates to the Committee's Asbestos Issues Expert.

| W R GRACE & CO. ATTACHMENT B APRIL 1, 2002 THROUGH JUNE 30, 2002 | | | | |
|---|---|---|---|---|
| Summary of Hours | Hours | Rate | Amount | No. of Years |
| **Partners** | | | | |
| Kruger, Lewis | 33.6 | 695 | 23,352.00 | 36 |
| Pasquale, Kenneth | 53.9 | 495 | 26,680.50 | 3 |
| Winter, Mark | 9.0 | 595 | 5,355.00 | 20 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 0.7 | 415 | 290.50 | 22 |
| Brandes, Ronnie H. | 0.9 | 185 | 166.50 | 1 |
| Keppler, Alley | 3.0 | 450 | 1,350.00 | 14 |
| Krieger, Arlene | 230.4 | 475 | 109,440.00 | 18 |
| Sasson, Moshe | 137.3 | 395 | 54,233.50 | 8 |
| | | | | |
| **Paraprofessionals** | | | | |
| Bowen, Mark | 11.0 | $175 | 1,925.00 | 3 |
| Calvo, Fernando | 1.8 | 135 | 243.00 | 1 |
| Cotto, Lisa | 14.6 | 170 | 2,482.00 | 1 |
| Defreitas, Vaughn | 45.4 | 100 | 4,540.00 | 14 |
| Frantz, Andrew | 1.0 | 75 | 75.00 | 1 |
| Indelicato, Lisa | 3.9 | 170 | 663.00 | 3 |
| Mariano, Christine | 22.3 | 155 | 3,456.50 | 6 |
| Mohamed, David | 13.7 | 100 | 1,370.00 | 13 |
| Parra, Rebecca E. | 10.6 | 160 | 1,696.00 | 1 |
| Peters, Angelina | 3.0 | 70 | 210.00 | 2 |
| Serrette, Rosemarie | 60.0 | 170 | 10,200.00 | 14 |
| **Subtotal** | **656.1** | | **247,728.50** | |
| | | | | |
| Less: 50% Travel Time | (5.2) | | (2,469.50) | |
| | | | | |
| **Total** | **650.9** | | **245,259.00** | |
| **Blended Rate** | | $    376.80 | | |

| Matter Code | WR Grace & Co. Compensation By Project Category April 1, 2002 – June 30, 2002 | Hours | Fees |
|---|---|---|---|
| 2 | Asbestos: Claims Analysis and Valuations | 1.2 | 592.00 |
| 3 | Asbestos: Claims Litigation | 31.1 | 14,302.50 |
| 7 | Asbestos: Others | 4.5 | 2,047.50 |
| 13 | Business Operations | 2.5 | 1,187.50 |
| 14 | Case Administration | 86.5 | 13,904.50 |
| 15 | Claims Analysis/Objections/Administration (Non-Asbestos) | 16.1 | 4,475.50 |
| 17 | Committee Matters and Creditor Meetings | 110.9 | 54,777.50 |
| 18 | Fee Applications of Self | 53.7 | 13,182.00 |
| 19 | Creditor Inquires | 0.3 | 142.50 |
| 20 | Fee Applications of Others | 16.8 | 3,036.50 |
| 21 | Employee Matters | 25.2 | 12,375.00 |
| 22 | Environmental Matters/Regulations/Litigation | 1.3 | 575.50 |
| 32 | Litigation (Non-Bankruptcy/General) | 0.6 | 285.00 |
| 34 | Litigation/Fraudulent Conveyance | 233.0 | 88,440.00 |
| 35 | Non-Working Travel Time | 10.2 | 4,939.00 |
| 37 | Preparation for and Attendance at Hearings | 57.4 | 31,447.00 |
| 40 | Retention of Professionals | 3.3 | 1,567.50 |
| 41 | Stay Litigation (Section 362) | 0.6 | 285.00 |
| 47 | Tax/General | 0.9 | 166.50 |
|  |  |  |  |
|  | Subtotal | 656.1 | 247,728.50 |
|  | Less Adjustment for Travel Time | (5.2) | (2,469.50) |
|  | Total | 650.9 | 245,259.00 |

| WR GRACE & CO. DISBURSEMENT SUMMARY APRIL 1, 2002 – JUNE 30, 2002 | |
|---|---:|
| Outside Messenger Service | 460.02 |
| Overtime | (4.91) |
| Meals | 413.52 |
| Local Transportation | 711.32 |
| Long Distance Telephone | 437.15 |
| Duplicating Costs | 1,139.80 |
| Postage | 40.73 |
| Miscellaneous | 450.00 |
| Word Processing | 60.00 |
| In House Messenger Service | 54.95 |
| Lexis/Nexis | 166.21 |
| Facsimile Charges | 301.00 |
| Travel Expenses - Transportation | 1,132.30 |
| Westlaw | 1,404.88 |
| Word Processing - Logit | 18.00 |
| Chambers Associates Incorporated | 167,629.78 |
| | $ 174,414.75 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W. R. GRACE & CO., et al.**[2] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

**FIFTH QUARTERLY FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., et al., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2002**

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

---

[2]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## INTRODUCTION

1.      By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from April 1, 2002 through June 30, 2002 (the "Compensation Period") in the aggregate amount of $245,259.00 representing 465.3 hours of professional services and 185.6 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Compensation Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $6,784.97 as well as the fees and expenses of the asbestos issues expert employed by the Committee pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts (the "Asbestos Issues Expert") for the period from April 1, 2002 through and including June 30, 2002 in the aggregate amount of $167,629.78.

2.      Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

8

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code. Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees. On a consolidated basis, for the fiscal

year 2000, Grace reported a net loss of $89.7 million[3] from $1.59 billion in net revenues. The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee. During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases. The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

6.      The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

Committees"). On June 18, 2001, the United States Trustee appointed an official committee to

represent the interests of equity security holders of the Debtors.

---

[3]      The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earning recorded in the forth quarter of 2000.

7.    By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

8.    This is the fifth quarterly interim application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 as amended by order dated April 19, 2002 (collectively, the "Administrative Fee Order").

9.    In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment from the Debtors in the aggregate amount of $[769,195.93] representing 80% of the fees and 100% of the expenses sought in each of the first [nine] monthly applications covering the period from April 12, 2001 through [December 31, 2001]. Stroock also received payment from the Debtors in the amount of [$9,918.83] representing fees and expenses of the Asbestos Issues Expert for the months of [October, November and December 2001]. Other than those payments, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

SSL-DOCS1 1250160v2

10.    As stated in the Affidavit of Lewis Kruger, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

11.    Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.    Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

11

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

**Asbestos: Claims Analysis and Valuations – Category 0002**

16.     During the Compensation Period, Stroock reviewed the proofs of claim filed by the Debtors on behalf of the named plaintiffs in each of the zonolite attic insulation ("ZAI") purported class actions pending in state and federal courts and continued to review asbestos claims-related materials. Stroock has expended 1.2 hours on this category for a fee of $592.00.

**Asbestos: Claims Litigation – Category 0003**

12

17.    During the Compensation Period, a primary topic of the several extended hearings before Judge Fitzgerald was the issue of how the ZAI claims could and should be determined by the Court. In the course of these hearings, Judge Fitzgerald concluded that there should be a limited trial to determine whether there is scientific evidence that ZAI poses an unreasonable risk of harm before other issues are considered, including issues in respect of class certification, and bar date processes and notices. In connection with the conduct of the science trial, the parties discussed, among other issues, how to get the ZAI claims before the Court, the choice of counsel to represent the ZAI claimants, the budget for the science trial litigation, and the scope of the litigation.

18.    In order to properly advise the Committee of these issues, Stroock reviewed each of the pleadings filed in connection with the ZAI claims-related matters including, but not limited to, the ZAI claimants' motion to strike the proofs of claim filed by the Debtors, (ii) the asbestos property damage committee's (the "PD Committee") motion to retain counsel to represent the ZAI claimants (the "ZAI Counsel Retention Motion") and its proposed budget in connection therewith, (iii) Debtors' statements of their proposed budget and in response to the PD Committee's proposed budget and proposed retention of counsel, (iv) Debtors' objection to the ZAI proofs of claim, and (v) proposed orders denying ZAI claimants' motion to strike and establishing litigation schedules and procedures and, to the extent appropriate, reviewed legal issues raised thereby.

19.    The Committee authorized Stroock to file an objection to the ZAI Counsel Retention Motion which sought to retain five separate law firms to represent the ZAI claimants

13

in the litigation, and during the end of this Compensation Period, Stroock began to prepare an objection to the PD Committee's motion.

20.    In addition during this Compensation Period, Stroock reviewed the PD Committee's motion for leave to appeal the Court's order establishing a bar date for such asbestos claims and related pleadings.

21.    Also during this Compensation Period, the Debtors sought Court approval of a stipulation they had negotiated with National Union Fire Insurance Company relating to payments to be made under a pre-petition settlement protocol in respect of asbestos personal injury claims. Stroock reviewed the underlying documents and agreements and engaged Debtors' counsel in respect of the terms of the settlement. Stroock has expended 31.1 hours in this category for a fee of $14,302.50.

### Asbestos: Other – Category 0007

22.    During the Compensation Period, Stroock held conferences to discuss the status of the pending ZAI and fraudulent transfer litigation. Stroock has expended 4.5 hours on this category for a fee of $2,047.50.

### Business Operations – Category 0013

23.    During the Compensation Period, Stroock reviewed the Debtors' February 2002 operating reports and the analyses prepared by the Committee's financial advisor, FTI Policano & Manzo (FTI P&M) with respect to the fourth quarter 2001 and fiscal year 2002 operating results of the Company and discussed the same with representatives of FTI P&M. Stroock has expended 2.5 hours on this category for a fee of $1,187.50.

14

## Case Administration – Category 0014

24.    As reported in prior monthly fee applications, towards the end of the November 2001 compensation period, Stroock was informed that these chapter 11 cases were being reassigned to District Court Judge Alfred Wolin. A number of orders were issued during the month of December 2001 relating to the reassignment of these cases to Judge Wolin and the reference of these cases to Judge Judith Fitzgerald.

25.    During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases, as well as those dockets relating to each of the adversary proceedings pending in these chapter 11 cases, to ensure that the Committee was fully informed about all pending motions and adversary proceedings and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable. Stroock continued to engage Debtors' counsel and FTI P&M on an on-going basis with respect to pending matters and information requests, prepared and continuously updated critical date calendars, reviewed the scheduling, and case management, and other orders issued by Judge Wolin and Judge Fitzgerald, the agenda letters and status reports prepared for Judge Wolin and Judge Fitzgerald during this Compensation Period, and prepared and filed certificates of no objection, notices and other pleadings, as necessary, with the Court. In addition, during this Compensation Period, the United States Trustee's office received a request to appoint another asbestos claims committee; this one on behalf of claimants evidencing malignancy and other serious impairment claims. Stroock reviewed correspondence from the United States Trustee's office, discussed the matter with the Committee and prepared a response reflecting the Committee's position thereon. Stroock has expended 86.5 hours on this category for a fee of $13,904.50.

15

## Claim Analysis/Objections/Administration – Category 0015

26.     During the Compensation Period, Stroock reviewed the proposed final form of the bar date notice, order and related forms, reviewed the Debtors' proposed stipulation with Caterpillar Leasing and in connection with Debtors' request for authority to settle outstanding insurance-related issues arising out of a lease of premises previously occupied by the Debtors, reviewed additional documentation requested from the Debtors and engaged Debtors' counsel in discussions regarding the relief sought. In addition, during this period, the Debtors filed a motion seeking authorization to assume and assign a prime lease and several subleases relating to premises formerly occupied by the Debtors. Stroock reviewed the motion, discussed the same with Debtors' counsel and prepared a memorandum to Debtors' counsel requesting additional information.

27.     A substantial portion of the time rendered in this category was spent by Stroock responding to the over [100] calls we received from unsecured creditors and others following the Debtors' service to known creditors and publication of the Court-approved bar date notice and related forms. Stroock has expended 16.1 hours on this category for a fee of $4,475.50.

## Committee Matters and Creditor Meetings - Category 0017

28.     During the Compensation Period, Stroock communicated with the members of the full Committee through numerous memoranda and telephone conversations, one extended meeting of the full Committee during which representatives of the Debtors made presentations on various topics to the Committee, and one conference call meeting of the full Committee. In order to keep the Committee fully informed of all of the pending matters in these cases, and thus enable the Committee to take informed positions on issues, Stroock thoroughly reviewed and

16

summarized each of the motions filed by the Debtors and other parties in interest in these cases, raised issues the Committee should be aware of, and made recommendations to the Committee concerning appropriate actions to be taken with regard to the motions, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's questions and concerns, and negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders. In addition during this Compensation Period, Stroock continued to keep the Committee informed with respect to the hearings and conferences held by Judge Fitzgerald and Judge Wolin addressing various adversarial proceedings in these cases including those in connection with the fraudulent transfer litigation, and with respect to the ZAI claims and other asbestos-claims related matters.

29.     Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues which have already arisen in these cases and to monitor closely the pending fraudulent transfer and ZAI claims science litigation and the management of these estates. Stroock has expended 110.1 hours on this category for a fee of $54,777.50.

### Compensation of Professionals (Fee Applications of Self -- Category 0018

30.     During the Compensation Period, Stroock prepared its Thirteenth, Fourteenth and Fifteenth Fee Statements, including time detail setting forth the professional services rendered during those periods by Stroock, and compiled and attached expense schedules. Stroock also prepared its fourth quarterly interim fee application covering the January 1, 2002 through March 31, 2002 period, including a narrative section summarizing the services rendered during

17

that period by Stroock and all requisite expense schedules, as required by the amended administrative fee order entered by the Court. Stroock has expended 53.7 hours on this category for a fee of $13,182.00.

### Compensation of Professionals/Fee Application of Others --- Category 0020

31.     During the Compensation Period, Stroock discussed with FTI P&M the impact of the Court's amended administrative fee order on the preparation, service and notice of FTI P&M's fourth quarterly fee application and reviewed other fee applications filed during this period by the professionals retained in these cases. Stroock has expended 16.8 hours on this category for a fee of $3,036.50.

### Employee Matters - Category 0021

32.     During the early portion of the Compensation Period, the Debtors informed the Committee that it would be seeking authorization to implement several new and/or revised employee benefit programs. Throughout the course of the period, Stroock reviewed the Debtors' initial and all subsequent proposals with respect to these programs, had numerous discussions regarding the proposals with FTI P&M and communications with the Committee, reviewed FTI P&M's analyses thereof, and with FTI P&M prepared detailed responses to the Debtors' proposals.

33.     Towards the close of the Period, the Debtors filed their motion seeking the Court's authorization to implement four revised and/or new compensation benefit programs. Stroock prepared a comprehensive memorandum to the Committee which, along with an

18

analyses from FTI P&M, provided a full analyses of the benefit proposals. Stroock expended 25.2 hours in this category for a fee of $12,375.00.

### Environmental Matters/Regulations/Litigation – Category 0022

34.     During this Compensation Period, Stroock reviewed materials prepared by the Committee's asbestos issues expert regarding the status of the Debtors' asbestos-related environmental liabilities. Stroock has expended 1.3 hours on this category for a fee of $575.50.

### Litigation/Fraudulent Conveyance – 0034

35.     During the Compensation Period, Stroock continued to review the documents produced, all correspondence forwarded and all pleadings filed in connection with the pending fraudulent transfer litigation, prepared numerous memoranda for the Committee discussing, among other matters, decisions rendered by the Court and legal issues raised thereby, and prepared, on behalf of the Committee, correspondence to Judge Wolin raising issues with respect to the structure of the retention and compensation of the firm proposed to prosecute the litigation for the plaintiffs and following plaintiffs' joint motion for authority to retain and compensate the Milberg Weiss firm and other law firms in the litigation, an objection to the joint motion, a motion seeking to have the Committee intervene in the litigation and then following a conference with the Court, an amended motion to appear and be heard in the litigation. Stroock also participated in numerous discussion with interested parties to the litigation in respect of the conduct of and issues raised by the litigation. Stroock consulted with Chambers Associates, the Committee's asbestos claims expert, concerning Grace's asbestos liabilities at issue in the litigation.   Stroock expended 233.0 hours in this category for a fee of $88,440.00.

### Non-Working Travel Time – Category 0035

19

36.     Judge Fitzgerald held three hearings during the Compensation Period, one held in Pittsburgh, Pennsylvania, and two others in Wilmington, Delaware, and Judge Wolin held [four] hearings/conferences with counsel for the Committee in Newark, New Jersey. Stroock traveled to and from Pittsburgh, Pennsylvania, Wilmington, Delaware and Newark, New Jersey for those hearings and conferences. Stroock expended 10.2 hours on this category for a fee of $4,939.00. Pursuant to the Administrative Fee Order, Stroock is requesting compensation in the amount of $2,969.50 representing fifty percent (50%) of the total amount billed.

### Preparation for and Attendance at Hearings – Category 0037

37.     During the Compensation Period, Judge Fitzgerald held three hearings during which the Court considered, among other matters, the process to move the ZAI claims forward toward resolution, ultimately determining neither to establish a bar date at the present time for such claims, nor to presently take up class certification issues, but rather to first conduct a science trial on liability issues. During the Compensation Period, Judge Wolin held five hearings/conferences during which the Court considered how to determine the asbestos personal injury claims, and issues in respect of the prosecution of the fraudulent transfer litigation, including, among other matters, the scope of the September 30 trial and related discovery parameters, the conduct of the litigation by various counsel, intervention motions by the Debtors, the USA on behalf of the EPA, and the Committee, and legal issues raised thereby. Stroock reviewed the agenda notices, proposed orders submitted to the Court for approval, and all relevant pleadings and case law in preparation for the hearings and conferences. Stroock expended 57.4 hours on this category for a fee of $31,447.00.

### Retention of Professionals - Category 0040

20

38.     As previously reported, during the prior compensation period, the Debtors filed an

application seeking authorization to compensate PricewaterhouseCoopers for services

PricewaterhouseCoopers had already provided to the Debtors and to employ

PricewaterhouseCoopers, but solely for purported non-bankruptcy related services. Stroock had

reviewed the application and the objection filed by the U.S. Trustee thereto, discussed the

application and objection with Debtors' counsel, and reviewed case law relevant to the issues

raised by the Debtors' application and cited to by the U. S. Trustee's objection.

39.     During this Compensation Period, the Debtors filed an amended application

seeking to retain PWC. Stroock reviewed the application, the limited objection filed by the U.S.

Trustee thereto, and the joint reply filed by the Debtors and PWC to the U.S. Trustee's limited

objection and Stroock discussed those pleadings, as well as modifications to be made to the

proposed form of order, with Debtors' counsel. Stroock has expended 3.3 hours on this category

for a fee of $1,567.50.

### Stay Litigation (Section 362) – Category 0041

40.     During the Compensation Period, Stroock reviewed the stay relief motion filed by

Wesconn Co. Inc., and the proposed order modifying the prior stipulation entered into with

Honeywell and discussed the same with Debtors' counsel. Stroock has expended 0.6 hours on

this category for a fee of $285.00.

### Tax/General – Category 0047

41.     As reported in prior applications, representatives of Stroock and FTI P&M met

and prepared a comprehensive tax information request, which was thereafter forwarded to the

Debtors. Stroock had received certain of the tax-information requested, and with respect to such

21

items Stroock reviewed the information, and engaged the Debtors and FTI P&M in further discussion with respect to the requested information.

42.    During the Compensation Period, Stroock conducted some additional research in respect of net operating loss carrybacks. Stroock has expended 0.9 hours on this category for a fee of $166.50.

### FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

43.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

> The Time and Labor Required. The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

> The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other

22

such issues will be encountered. In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly. Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

The Customary Fee. The fee sought herein is based upon Stroock's normal hourly rates for services of this kind. Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

23

Whether the Fee is Fixed or Contingent. Pursuant to §§ 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under § 1103 of the Code are contingent pending final approval by this Court, and are subject to adjustment dependent upon the services rendered and the results obtained.

Time Limitations Imposed by Client or Other Circumstances. As already indicated, Stroock has been required to attend to the various issues arising in these cases. Occasionally, Stroock has had to perform those services under significant time constraints requiring attorneys assigned to these cases to work evenings and on weekends.

The Amount Involved and Results Obtained. Through the efforts of Stroock, the Committee has been an active participant in these Chapter 11 cases from the very first days of its formation, and its assistance, as well as constructive criticism, has greatly contributed to the efficient administration of these cases.

The Experience, Reputation and Ability of the Attorneys. Stroock has one of the largest and most sophisticated insolvency practices in the nation and has played a major role in numerous cases of national import including: Acme Metals, Inc., Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel, Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation, Allis-Chalmers Corporation, The Charter Company, Federated Department Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc., Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc.,

24

JWP, Inc., Flushing Hospital and Medical Center, Planet Hollywood International, Anchor Glass Container Corporation, Beloit Corporation in the Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings. Stroock's experience enables it to perform the services described herein competently and expeditiously. In addition to its expertise in the area of corporate reorganization, Stroock has already frequently called upon the expertise of its partners and associates in the litigation, ERISA, tax and environmental law areas to perform the wide ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of the attorneys assigned hereto.

Nature and Length of Professional Relationship. As described above, Stroock has been actively rendering services on behalf of the Committee as necessary and appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

44.    The professional services rendered by Stroock required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically,

25

and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole
and the Debtors' estates.

45.     With respect to the level of compensation, § 330 of the Bankruptcy Code
provides, in pertinent part, that the Court may award to a professional person (including
attorneys for a creditors' committee): "Reasonable compensation for actual necessary services
rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the
court should take into consideration, <u>inter alia</u>, the nature, extent, and value of services
performed, as well as the cost of comparable services other than in a case under this title. <u>Id.</u>
The clear Congressional intent and policy expressed in this statute is to provide for adequate
compensation in order to continue to attract qualified and competent bankruptcy practitioners to
bankruptcy cases.

46.     The total time spent by Stroock attorneys and paraprofessionals during the
Compensation Period was 656.1 hours. Such services have a fair market value of $245,259.00[4]
The work involved, and thus the time expended, was carefully assigned in light of the experience
and expertise required for a particular task.

47.     As shown by this Application and supporting documents, Applicant spent its time
economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are
summaries of the hours expended by the attorneys and paraprofessionals during the
Compensation Period, their normal hourly rates, and the value of their services.

---

[4]       Pursuant to Delaware Local Rules 2016, Stroock has reduced its total compensation amount by $2,969.50
representing 50% of the total amount of non-working travel time billed at its normal hourly rate.

26

48.    In addition, Stroock incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of $6,784.97 for which Stroock respectfully requests reimbursement in full.

49.    The disbursements and expenses have been incurred in accordance with Stroock's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Stroock to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Stroock has endeavored to minimize these expenses to the fullest extent possible.

50.    Stroock's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals", secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. Stroock believes that it is fairest to charge each client only for the services actually used in performing services for it. Stroock has endeavored to minimize these expenses to the fullest extent possible.

51.    Stroock charges $.10 per page for in-house photocopying services, with respect to computerized research services Stroock charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Stroock does not charge for incoming facsimiles.

52.    Further, in accordance with the Court's June 22, 2001 Order Authorizing the Retention of Experts, this application seeks payment for the fees and expenses of the asbestos issues expert engaged by the Committee, for the months of April, May and June 2002 in the aggregate amount of $167,629.78. No agreement or understanding exists between Stroock and

27

any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

53.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

54.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

        **WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order and the Court's June 22, 2001 Order Authorizing the Retention of Experts:

        (a)     the allowance of compensation for professional services rendered to the Committee during the period from April 1, 2002 through and including June 30, 2002 in the amount of $245,259.00;

        (b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 1, 2002 through and including June 30, 2002 in the amount of $6,784.97;

        (c)     the payment of the fees and expenses of the asbestos issues expert employed by the Committee for the months of April, May and June 2002 in the aggregate amount of $167,629.78;

28

(d)  authorizing and directing the Debtors to pay to Stroock each of the

amounts set forth in (a) (b) and (c) of this WHEREFORE clause (to the

extent not already paid pursuant to the Administrative Fee Order); and

(e)  granting such other and further relief as this Court may deem just and

proper.

Dated:  New York, New York
            August 16, 2002                           STROOCK & STROOCK & LAVAN LLP

Kenneth Pasquale
A Member of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

29

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW YORK    )

                     ) ss:

COUNTY OF NEW YORK  )

KENNETH PASQUALE, being duly sworn, deposes and says:

1.     I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),
which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York
10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of
the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and
sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession
before this Court.

2.     This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of
Stroock's tenth monthly application for an interim allowance of compensation and for the
reimbursement of expenses for services rendered during the period from April 1, 2002 through
and including June 30, 2002 in the aggregate amount of $252,043.00, and pursuant to the Court's
June 22, 2001 Order Authorizing the Retention of Experts in the aggregate amount of

$167,629.78 for the fees and costs of the asbestos issues expert employed by the Committee during the three month period from April 1, 2002 through and including June 30, 2002.

3.      All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from April 1, 2002 through and including June 30, 2002 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
KENNETH PASQUALE

Sworn to before me this
16th day of August, 2002

_____
Notary Public, State of New York
No. 03-4650662
Qualified in Bronx County
Commission Expires March 30, 2003

-2-

SSL-DOCS1 1250160v2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **W.R. Grace & Co., et al.** | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

**THIRTEENTH MONTHLY FEE APPLICATION OF STROOCK & STROOCK
& LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM APRIL 1, 2002 THROUGH APRIL 30, 2002**

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **April 1, 2002 – April 30, 2002** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$97,251.50 (80% - $77,801.20)** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$1,816.49 (Stroock)**<br>**$9,772.37 (Chambers)** |

This is an: ☒ interim ☐ final application

The total time expended for fee application preparation is approximately 10.2 hours and the corresponding compensation requested is approximately $2,649.00.[1]

This is the thirteenth application filed

---

[1] This is Stroock's thirteenth Fee Application. Time expended for the preparation of this Fee Application will be reflected in the next Fee Application.

**Attachment A**

**Monthly Fee Applications**

| Date Filed | Period Covered | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |

| W.R. GRACE ATTACHMENT B THROUGH APRIL 30, 2002 | | | | |
|---|---|---|---|---|
| Summary of Hours | Hours | Rate | Amount | No. of Years Admitted |
| **PARTNERS** | | | | |
| Kruger, Lewis | 9.4 | 695 | 6,533.00 | **36** |
| Pasquale, Kenneth | 2.0 | 495 | 990.00 | **2** |
| Wintner, Mark | 8.0 | 595 | 4,760.00 | **20** |
| | | | | |
| **ASSOCIATES** | | | | |
| Berg, Madelaine | 0.7 | 415 | 290.50 | **22** |
| Brandes, Ronnie H. | 0.9 | 185 | 166.50 | **1** |
| Keppler, Abbey | 3.0 | 450 | 1,350.00 | **14** |
| Krieger, Arlene | 114.5 | 475 | 54,387.50 | **18** |
| Sasson, Moshe | 53.8 | 395 | 21,251.00 | **3** |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Bowen, Mark | 9.1 | 175 | 1,592.50 | **3** |
| Calvo, Fernando | 0.8 | 135 | 108.00 | **1** |
| Cotto, Lisa | 12.2 | 170 | 2,074.00 | **1** |
| Defreitas, Vaughn | 9.8 | 100 | 980.00 | **10** |
| Mariano, Christine | 15.9 | 155 | 2,464.50 | **6** |
| Serrette, Rosemarie | 4.7 | 170 | 799.00 | **13** |
| **Subtotal** | **246.5** | | **$97,916.50** | |
| Less: 50% Non- Working Travel Time | (1.4) | | (665.00) | |
| **Total** | **245.1** | | **$97,251.50** | |
| **Blended Rate** | | 397.23 | | |

| Matter Code | COMPENSATION BY PROJECT CATEGORY | Hours | Fees |
|---|---|---|---|
| 0003 | Asbestos: Claims Litigation | 7.9 | 3,660.50 |
| 0013 | Business Operations | 2.4 | 1,140.00 |
| 0014 | Case Administration | 28.3 | 6,228.00 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 1.8 | 855.00 |
| 0017 | Committee Matters and Creditor Meetings | 78.3 | 38,818.50 |
| 0018 | Fee Applications of Self | 10.2 | 2,649.00 |
| 0020 | Fee Applications of Others | 0.8 | 227.50 |
| 0021 | Employee Matters | 9.4 | 4,750.00 |
| 0022 | Environmental Matters/Regulations/Litigation | 1.1 | 480.50 |
| 0034 | Litigation/Fraudulent Conveyance | 87.0 | 30,201.00 |
| 0035 | Non-Working Travel Time | 2.8 | 1,330.00 |
| 0037 | Preparation for and Attendance at Hearings | 15.1 | 7,172.50 |
| 0040 | Retention of Professionals | 0.1 | 47.50 |
| 0041 | Stay Litigation (Section 362) | 0.4 | 190.00 |
| 0047 | Tax/General | 0.9 | 166.50 |
| | **Subtotal** | **246.5** | **97,916.50** |
| | **Less: Adjustment for Non-Working Travel Time** | **-1.4** | **(665.00)** |
| | **Total** | **245.1** | **$97,251.50** |

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

SERVICE AND EXPENSE REMITTANCE SUMMARY

| | |
|---|---|
| **Invoice Date:** | May 28, 2002 |
| **Invoice Number:** | 261851 |

RE:     **699843 W R Grace & Co**

| | |
|---|---|
| Total For Professional Services Rendered | 97,916.50 |
| **Total Bill** | **$ 97,916.50** |

Please return this page with your remittance and please reference
the client/matter number on all related correspondence.

Amount Paid: $_____

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

W R Grace & Co

May 28, 2002

**FOR PROFESSIONAL SERVICES RENDERED** and
disbursements incurred for the period through April 30, 2002 in
connection with the following matters:

| Matter Code | | Hours | Fees |
|---|---|---|---|
| 0003 | Asbestos: Claims Litigation | 7.9 | 3,660.50 |
| 0013 | Business Operations | 2.4 | 1,140.00 |
| 0014 | Case Administration | 28.3 | 6,228.00 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 1.8 | 855.00 |
| 0017 | Committee Matters and Creditor Meetings | 78.3 | 38,818.50 |
| 0018 | Fee Applications of Self | 10.2 | 2,649.00 |
| 0020 | Fee Applications of Others | 0.8 | 227.50 |
| 0021 | Employee Matters | 9.4 | 4,750.00 |
| 0022 | Environmental Matters/Regulations/Litigation | 1.1 | 480.50 |
| 0034 | Litigation/Fraudulent Conveyance | 87.0 | 30,201.00 |
| 0035 | Non-Working Travel Time | 2.8 | 1,330.00 |
| 0037 | Preparation for and Attendance at Hearings | 15.1 | 7,172.50 |
| 0040 | Retention of Professionals | 0.1 | 47.50 |
| 0041 | Stay Litigation (Section 362) | 0.4 | 190.00 |
| 0047 | Tax/General | 0.9 | 166.50 |
| | **Total** | **246.5** | **$97,916.50** |

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

May 28, 2002
Invoice: 261851

W R Grace & Co
7500 Grace Drive
Columbia, MD 21044-4098

**FOR PROFESSIONAL SERVICES RENDERED** in the captioned matter for
the period through April 30, 2002, including:

RE:     **Asbestos: Claims Litigation**
        **699843. 0003**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/05/2002 | Memo to J. Kapp re status of Grace's removal of "test" claims and causes of action, and of litigation schedule (.1). | Krieger, A. | 0.1 |
| 04/08/2002 | Memo to and from J. Baer re status of agreement on the bar date forms and programs. | Krieger, A. | 0.2 |
| 04/19/2002 | Review pleadings in Nat. Union litigation, o/c A. Kreiger re: same; t/c A. Running (1.5). | Sasson, M. | 1.5 |
| 04/23/2002 | Telephone call Mike Davis (AIG) re National Union settlement terms and outstanding issues (.3). | Krieger, A. | 0.3 |
| 04/24/2002 | Extended telephone conference with Jay Kapp re National Union settlement (.5); review Texas, Alabama protocols and related documentation (1.6); further telephone conference Jay Kapp re insurance settlements (.1); office conference DW re insurance litigation before Judge Wolin (.3). | Krieger, A. | 2.5 |
| 04/24/2002 | Memos to and from LK, KP, MS re outstanding matters including ZAI litigation, Milberg Weiss budget, National Union settlement, intervention (.3) extended conferences KP, MS re National Union, ZAI matter and April 22, 2002 hearing, fraudulent conveyance litigation, other (1.5). | Krieger, A. | 1.8 |
| 04/24/2002 | Office conference A. Krieger, M. Sasson re status of | Pasquale, K. | 1.4 |

case (ZAI, fraudulent transfer, Nat'l Union ) (1.4)

| 04/25/2002 | Memo to and from J. Kapp re National Union settlement (.1). | Krieger, A. | 0.1 |
|---|---|---|---|

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Krieger, Arlene | 5.0 | $ 475 | $ 2,375.00 |
| Pasquale, Kenneth | 1.4 | 495 | 693.00 |
| Sasson, Moshe | 1.5 | 395 | 592.50 |
| Total For Professional Services Rendered | | | $ 3,660.50 |

| Total for this Matter | $ 3,660.50 |
|---|---|

RE:     **Business Operations**
        **699843. 0013**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/01/2002 | Telephone call C. Whitney Troger re comment to FTI analysis of the Company's Fourth Quarter and fiscal year 2001. | Krieger, A. | 0.1 |
| 04/04/2002 | Review February financial report. | Krieger, A. | 1.0 |
| 04/12/2002 | Review FTI business plan analysis and telephone conference C. Whitney Troyer re same (1.3). | Krieger, A. | 1.3 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 2.4 | $ 475 | $ 1,140.00 |
|  | | Total For Professional Services Rendered | $ 1,140.00 |

**Total for this Matter**     $ 1,140.00

RE:    **Case Administration**
       **699843. 0014**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/01/2002 | Telephone calls R. Serrette re comments to the administrative fee order (.8). | Krieger, A. | 0.8 |
| 04/01/2002 | Conference with A. Krieger re amended administrative order (.1); review same and comments to A. Krieger (.8). | Serrette, R. | 0.9 |
| 04/02/2002 | Memo to and from D. Carickhoff, W. Smith re amended administrative fee order and correspondence to D.Carickhoff same (.5); review updated docket (.1); memo from and to J. Baer re Gulf Pacific Lease documentation and further extension of time to respond to the authority sought (.1). | Krieger, A. | 0.6 |
| 04/03/2002 | Office conference V. DeFreitas re review of the docket. | Krieger, A. | 0.1 |
| 04/05/2002 | Review various pleadings for assignment of central file categories in preparation for addition to filesurf database. | Defreitas, V. | 2.7 |
| 04/09/2002 | Receive and review administrative fee order; draft memo and summary of order and forward to R. Serrette and then o/c with R. Serrette discussing procedures. | Cotto, L. | 3.0 |
| 04/09/2002 | Download recently filed bankruptcy documents. | Defreitas, V. | 0.4 |
| 04/09/2002 | Office conference RS re asbestos committee's motion regarding docketing mistakes (.1); memo to M. Wintner, A. Keppler re revised client matter number information (.1); review PD asbestos committee motion to correct the docket to Judge Wolin and office conference RS re same (.2). | Krieger, A. | 0.4 |
| 04/10/2002 | Download recently filed bankruptcy case pleadings. | Defreitas, V. | 0.7 |
| 04/11/2002 | Download recently filed bankruptcy case pleadings. | Defreitas, V. | 1.0 |
| 04/11/2002 | Attended to F. Perch letter re request that a separate committee for asbestos claimants asserting malignancy claims be appointed, and memo to LK, KP re same (.3); office conference DW and KP re Committee's position on separate committee and then telephone conference LK re same (.4); memo to J. Kapp, J. Baer re Perch letter (.2). | Krieger, A. | 0.9 |

| | | | |
|---|---|---|---|
| 04/11/2002 | Telephone calls with A. Krieger regarding meeting schedule with debtor, in light of Judge Wolin's conference (.2); and issue of additional committee of injured asbestos plaintiffs (.2). | Kruger, L. | 0.4 |
| 04/12/2002 | Office conferences D. Mohammed re pleadings filed in the fraudulent transfer litigation cases (.2); memoranda to and from Jay Kapp re Debtors' position on separate committee request and memo to LK , KP re same (.3). | Krieger, A. | 0.5 |
| 04/12/2002 | Download from the Court's website and e-mailed to Stroock's internal distribution list the following adversary proceedings: Official Committee of Asbestos Property Damage Claimants v. Sealed Air Corp. (Case No. 02-2210) and Official Committee of Asbestos Property Damage Claimants v. Fresenius Medical Care Holding (Case No. 02-2211) documents re: Motion to intervene and related douments. | Mohamed, D. | 1.4 |
| 04/12/2002 | Respond to request from A. Krieger for Objection of US Trustee to Zonloeite proof of claim. | Mohamed, D. | 0.3 |
| 04/15/2002 | T/c with R. Serrette re: conference call (.1) ; t/c with Deracom re: status of conference call (.2); notify A. Krieger of status (.1). | Cotto, L. | 0.4 |
| 04/15/2002 | Download recently filed bankruptcy case pleadings. | Defreitas, V. | 0.7 |
| 04/16/2002 | Office conferences LK re Perch letter (.3); telephone call Jay Kapp re same and conference call to discuss (.2); attended to materials for local counsel (.1). | Krieger, A. | 0.6 |
| 04/18/2002 | Download and distribute recently file bankruptcy case pleadings; updated critical date calendar and distribute same to working group. | Defreitas, V. | 1.6 |
| 04/18/2002 | Memo to and from D. Carickhoff re status of amended administrative fee order and office conference RS re same (.1). | Krieger, A. | 0.1 |
| 04/18/2002 | O/C w/A. Kreiger (.2); F. McGovern comments (.2). | Kruger, L. | 0.4 |
| 04/19/2002 | T/c with R. Serrette re: directions to court in PA. (.1); review docket for agenda and read agenda (.1); t/c with counsel and court in Delaware  re: location of courthouse and then check courthouses website for address and phone number and then call court for directions (.5); draft memo and deliver same to A. Krieger re: directions (.2). | Cotto, L. | 0.9 |
| 04/19/2002 | Emails with S. Hollinghead re: prepare 11th fee | Cotto, L. | 0.4 |

|  |  |  |  |
|---|---|---|---|
|  | application for sending via email and then send email same with request to file it and then further emails re: discuss Amended Administrative Order and the new procedure of filing the fee application (.4) |  |  |
| 04/19/2002 | Office conference LC re Pittsburgh hearing on 4/22/02 (.1); office conference V. DeFreitas re additional pleading for hearing (.1). | Krieger, A. | 0.2 |
| 04/19/2002 | Conference with A. Krieger re Claims process and billing (.3). | Serrette, R. | 0.3 |
| 04/22/2002 | email with S. Hollinghead re:status of filing fee application. | Cotto, L. | 0.1 |
| 04/22/2002 | Review docket; Email S. Hollinghead re: request filing of certificate of no-objection. | Cotto, L. | 0.2 |
| 04/23/2002 | Per A. Krieger, determine if the Pittsburgh-Corning and Kaiser Aluminum bankrutcy cases have been moved to Judge Wolin's. | Calvo, F. | 0.8 |
| 04/23/2002 | Download recently filed bankruptcy case pleadings. | Defreitas, V. | 0.8 |
| 04/23/2002 | Telephone call Bill Katchen re 4/22/02 hearing and transfer of additional asbestos cases to Judge Wolin. | Krieger, A. | 0.3 |
| 04/24/2002 | Download recently filed bankruptcy case pleading. | Defreitas, V. | 0.2 |
| 04/24/2002 | Review latest docket entries and office conference V. DeFreitas re same (.2); office conference MW re April 22, 2002 hearings (.4); office conference LK re outstanding matters (.2); telephone calls B. Katchen re asbestos cases before Judge Wolin (.2); | Krieger, A. | 1.0 |
| 04/25/2002 | Receive and review signed amended administrative fee order; o/c R. Serrette re: same. | Cotto, L. | 1.0 |
| 04/25/2002 | Respond to LC's request for quarterly fee applications | Defreitas, V. | 0.1 |
| 04/25/2002 | Conferences with A. Krieger to compare billing rates of Stroock that of Special Counsel (.2); research re same (.8). | Serrette, R. | 1.0 |
| 04/25/2002 | Review of Administrative Fee Order and prepare for delivery of quarterly fee application (.4); conference with L. Cotto re same (.2); prepare memo re administrative order (.3). | Serrette, R. | 0.9 |
| 04/26/2002 | Email to S. Hollinghead re: request certificate of no-objection be filed. | Cotto, L. | 0.1 |
| 04/29/2002 | Download recently filed asbestos bankruptcy case | Defreitas, V. | 0.8 |

pleadings.

| 04/29/2002 | Attended to MS memo re Judge Wolin (.1); attended to order issued by the Court from the Bench on April 22, 2002 (.1). | Krieger, A. | 0.2 |
| 04/30/2002 | Download recently filed asbestos bankruptcy case pleadings; update list of key professionals | Defreitas, V. | 0.8 |
| 04/30/2002 | Telephone call B. Katchen re Insurance litigation (.2); reviews update to docket (.1). | Krieger, A. | 0.3 |

| Summary of Hours | Hours | Rate | Total |
|---|---|---|---|
| Calvo, Fernando | 0.8 | $ 135 | $ 108.00 |
| Cotto, Lisa | 6.1 | 170 | 1,037.00 |
| Defreitas, Vaughn | 9.8 | 100 | 980.00 |
| Krieger, Arlene | 6.0 | 475 | 2,850.00 |
| Kruger, Lewis | 0.8 | 695 | 556.00 |
| Mohamed, David | 1.7 | 100 | 170.00 |
| Serrette, Rosemarie | 3.1 | 170 | 527.00 |

Total For Professional Services Rendered  $ 6,228.00

Total for this Matter  $ 6,228.00

RE:    **Claims Analysis/Objections/Administration (Non-Asbestos)**
       **699843. 0015**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/02/2002 | Memo from and to J. Baer re Gulf Pacific Lease documentation and further extension of time to respond to the authority sought (.1). | Krieger, A. | 0.1 |
| 04/12/2002 | Telephone call C. Lane re GE stipulation. | Krieger, A. | 0.1 |
| 04/16/2002 | Attended to revised bar date pleadings (.3). | Krieger, A. | 0.4 |
| 04/18/2002 | Review final Bar Date pleadings. | Krieger, A. | 1.0 |
| 04/19/2002 | Reviewed correspondence from Gulf Pacific counsel re rejection damage claims (.2). | Krieger, A. | 0.2 |

| Summary of Hours | Hours | Rate | Total |
|------------------|-------|------|-------|
| Krieger, Arlene | 1.8 | $ 475 | $ 855.00 |
| | Total For Professional Services Rendered | | $ 855.00 |

| | | |
|---|---|---|
| | **Total for this Matter** | $ 855.00 |

RE:     **Committee Matters and Creditor Meetings**
         **699843. 0017**

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/01/2002 | Telephone call Sean Cunningham, C. Whitney re meeting with the Debtors and agenda items, memo to LK, KP re above and office conference LK re above (.4); follow up office conference Tom Maher and Sean Cunningham re Committee meeting and agenda (.3); telephone conference L.Hamilton re distribution of February operating results to the Committee (.1); telephone calls S. Cunningham re valuation analysis, agenda for Committee meeting with the Company (.4); attended to pleadings authorizing financial institutions to trade in a debtors' securities (1.6). | Krieger, A. | 2.8 |
| 04/01/2002 | Prepare revised memo to the Committee re Gulf Pacific matter (2.0). | Krieger, A. | 2.0 |
| 04/01/2002 | Telephone call with T. Maher regarding agenda and locale of company meeting with committee (.2). | Kruger, L. | 0.2 |
| 04/02/2002 | Memo to and from Tom Maher re proposed memo discussing the Gulf Pacific matter and revise memo (.5). | Krieger, A. | 0.5 |
| 04/03/2002 | Review, lease, sublease, correspondence received from Debtors' counsel re Gulf Pacific and prepare a revised memorandum to the committee discussion same (3.0); memorandum to J. Baer re additional questions for the Debtors re the Gulf Pacific matter (.5). | Krieger, A. | 3.6 |
| 04/04/2002 | Finalize memorandum to the committee re Gulf Pacific matter and office conference LK re same. | Krieger, A. | 1.0 |
| 04/04/2002 | Attended to memorandum to the Committee re Gulf Pacific proposal (.2). | Krieger, A. | 0.2 |
| 04/05/2002 | Memo to and from Jan Baer re responses to Gulf Pacific inquiry. | Krieger, A. | 0.1 |
| 04/05/2002 | T/c S.Cunningham re Committee meeting with the Debtors, agenda therefor including Paul Norris presentation on KERP, LTIP programs (.5); conference call Ed Ordway, S. Cunningham,KP re valuation analysis (3.); office conferences LK re 4/15/02 committee meeting (.2); prepare memorandum to the Committee re April 15 meeting and agenda (.8); memorandum to KP re Debtor | Krieger, A. | 4.0 |

presentation at the April 15 Meeting (.2); prepare
proposed agenda (.6); began to prepare
memorandum to the Committee re status of the
fraudulent transfer litigation, case management other
(1.0); memos from and to members of the Committee
re Committee meeting (.4).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/08/2002 | Prepare memorandum to the Committee re status of fraudulent transfer, case management, other matters (4.0); review FTI analysis re KERP, LTIP, severance programs (1.0); memo to M. Sasson re preparation of Committee memo (.1). | Krieger, A. | 5.1 |
| 04/08/2002 | Memos to and from J. Baer re outstanding information requests re Gulf Pacific matter (.2). | Krieger, A. | 0.2 |
| 04/09/2002 | Memorandum to the Committee re 4/15/02 Committee meeting (.2); memorandum from S. Cunningham and T. Maher re proposed agenda for the meeting and the memorandum to Jay Kapp re agenda for Grace presentations (.3); memoranda from and to W. Katchen re Committee meeting (.2); telephone call S. Cunningham re Blackstone discussion regarding Committee meeting (.2); office conferences RS re Committee meeting (.2); memoranda to KP, LK re Chambers Associates (.2); office conference M.Sasson re preparation of insert for Committee memorandum (.1); review and revise memorandum to the Committee re bar dates and fraudulent transfer litigation and forward same to KP (1.1); memorandum from and to members of the Committee re meeting (.2). | Krieger, A. | 2.7 |
| 04/10/2002 | Review response to outstanding inquiries on Gulf Pacific and telephone call Jan Baer re same and Committee's position on settlement (.3). | Krieger, A. | 0.3 |
| 04/10/2002 | Memos from and to KP re memorandum to the Committee describing fraudulent conveyance and claims matters (.1); office conference LK re Chambers attendance at Committee meeting (.1); began to prepare proposed confidentiality agreement for Chambers (.3); telephone calls Tom Maher re Chambers and Committee meetings (.3); telephone calls C. Whitney Troyer re Debtors' presentations (.4); telephone call S. Cunningham re Committee memorandum re KERP, LTIP (.1); review insert for Committee memorandum re fraudulent conveyance litigation (.4); prepare memorandum to the Committee re April 15 meeting (.8); memos from and to R. Douglas re confidentiality agreement (.1). | Krieger, A. | 2.6 |
| 04/11/2002 | Office conference M.Sasson re preparation of revised memorandum to the Committee (.2); attended to memorandum to the Committee (1.3); memo to C. | Krieger, A. | 4.5 |

SSL-DOCS1 1226226v2

Whitney re Committee meeting information (.1); telephone conferences counsel to debt holder re trading securities order (.2); conference call Tom Maher re Committee meeting, and contact from debt holder re trading order and appointment to the Committee and F. Perch correspondence (.2); forward follow-up memorandum to the Committee re April 15 Meeting and Agenda therefor (.5); t/c R. Douglas re: confidentiality agreement (.2); telephone conference C. Whitney Troyer re Blackstone financial materials for the meeting (.1); telephone conference S. Cunningham re business plan analysis (.1); correspondence to Committee members re confidentiality agreement and related form of Acknowledgement (1.0); correspondence to C. Lane (K&E) re executed Acknowledgement (.4); memos from and to Members of the Committee re Committee meeting (.3).

| Date | Description | Name | Hours |
|------|-------------|------|-------|
| 04/12/2002 | Prepare final form of memorandum for the Committee re fraudulent transfer, bar date, other matters, forward memo to the Committee (1.0); memos to and from members of the Committee re April 15 meeting (.9); telephone conferences C. Whitney re April 15 meeting (.6); telephone conferences counsel to debt holder re Chinese/ethical wall for securities' trading authority and attend to correspondence to and from same (3.); telephone conferences C. Lane re Confidentially Agreement and forward same (.8). | Krieger, A. | 3.6 |
| 04/12/2002 | Consider U.S. Trustee letter inquiry regarding cancer committee. | Kruger, L. | 0.2 |
| 04/14/2002 | To SSL for preparation for 4/15/02 Creditors' Committee meeting. | Krieger, A. | 2.3 |
| 04/15/2002 | Prepared for, and then attendance at Creditors' Committee meeting (5.2); office conference LK re response to Frank Perch correspondence on Malignancy Claim Committee (.1). | Krieger, A. | 5.3 |
| 04/15/2002 | Attend Creditors' Committee meeting with Debtor to review business plan, KERP and asbestos issues (4.2). | Kruger, L. | 4.2 |
| 04/15/2002 | Prepare for, attend Creditors Committee meeting, presentation by debtors. | Sasson, M. | 4.5 |
| 04/15/2002 | Attend Creditors' Committee meeting (5.0). | Wintner, M. | 5.0 |
| 04/16/2002 | Telephone call counsel re bank holder's interest in appointment to the Committee (.3); extended telephone call R. Douglas re 4/15/02 Committee meeting (.6); correspondence  to Committee Members | Krieger, A. | 2.9 |

re Grace business plan materials (.3); prepare
memorandum to the Committee re Committee's
position on formation of another separate asbestos'
committee (1.3); telephone call R. Douglas re
confidentiality agreement, materials for bank group
(.2); office conference LK re discussion with bank debt
holder regarding Committee appointment (.2).;

| Date | Description | Name | Hours |
|---|---|---|---|
| 04/16/2002 | Memo from J. Baer re Gulf Pacific correspondence. (.1). | Krieger, A. | 0.1 |
| 04/16/2002 | Office conference with A. Krieger and telephone call with T. Maher regarding response to U.S. Trustee regarding additional committee (.3); telephone call with P. Lockwood regarding same (.2). | Kruger, L. | 0.5 |
| 04/17/2002 | Memo from and to T. Maher re Committee position on formation of a separate Committee (.1); finalized same for the Committee (.5); office conference LK re same, Judge Wolin meeting and intervention by the Committee (.1); prepare correspondence to F. Perch re Committee position on separate malignancy Committee and telephone calls J. Kapp re same and correspondence to T. Maher re same (2.8); telephone call Tom Maher re Perch response and office conference LK re same (.2); memo from M. Chehi re Committee position on request for separate malignancy committee (.1); attended to memo from KP re Debtors' position on request for separate malignancy committee (.1); memo to R. Douglas re Committee By Laws (.3). | Krieger, A. | 4.2 |
| 04/17/2002 | Review of letter from proposed cancer committee (.2); office conference with A. Krieger regarding same and regarding response to U.S. Trustee (.2); review of letter to U.S. Trustee (.2). | Kruger, L. | 0.6 |
| 04/18/2002 | Finalize letter to F. Perch (.3); telephone call Jay Kapp re Committee's position on malignancy claimants' committee (.2); telephone call R. Douglas re April 12 memo (.1); prepare memorandum re 4/15/02 fraudulent transfer conference and related matters and office conference LK re same (2.5). | Krieger, A. | 3.1 |
| 04/18/2002 | Office conference with A. Krieger regarding memo to committee on results of meeting with Judge Wolin (.4); issues for court hearing on April 22, 2002; telephone call with T. Maher regarding Milberg Weiss fees(.2) | Kruger, L. | 0.6 |
| 04/19/2002 | Telephone call R. Douglas re confidentiality agreement, 4/17/02 order of the court (.2). | Krieger, A. | 0.2 |
| 04/24/2002 | Memo from and to Jan Baer re Gulf Pacific. | Krieger, A. | 0.5 |

SSL-DOCS1 1226226v2