# EXHIBIT A

```
                    UNITED STATES BANKRUPTCY COURT

                    EASTERN DISTRICT OF LOUISIANA

                              NEW ORLEANS
```

* * * * * * * * * * * * * * * *
                                  *   CASE NO. 00-10992
IN THE MATTER OF:                 *   through   00-10995
                                  *   (Jointly Administered)
THE BABCOCK & WILCOX CO., ET AL,  *
                                  *   SECTION "B"
        DEBTORS.                  *
                                  *   CHAPTER 11
* * * * * * * * * * * * * * * *   *
                                  *   ADVERSARY NO. 01-1155
THE ASBESTOS CLAIMANTS'           *
COMMITTEE, ET AL,                 *
                                  *
     PLAINTIFF-INTERVENORS,       *
                                  *
VERSUS                            *
                                  *
BABCOCK & WILCOX INVESTMENT       *
COMPANY, ET AL,                   *
                                  *
        DEFENDANTS.               *
                                  *
* * * * * * * * * * * * * * * *

                           MORNING SESSION

        Transcript of the proceedings taken in the above-captioned matter on **Monday**, October 22, 2001, the Honorable Jerry A. Brown, United States Bankruptcy Judge, presiding.

AUDIO OPERATOR:    Demond Smith

TRANSCRIPTIONIST:  Dorothy Bourgeois

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

1  APPEARANCES:

2

      Baldwin & Haspel, L.L.C.
3        By:  Dennis M. LaBorde, Esquire
      By:  Monica T. Surprenant, Esquire
4        1100 Poydras Street, Suite 2200
      New Orleans, Louisiana 70163-2200

5
      and
6
      Caplin & Drysdale
7        By:  Nathan D. Finch, Esquire
      By:  Walter B. Sloccombe, Esquire
8        One Thomas Circle, NW
      Suite 1100
9        Washington, D.C. 20005

10       and

11       Caplin & Drysdale
      By:  Elihu Inselbuch, Esquire
12       399 Park Avenue
      New York, New York 10022
13
        Representing the Asbestos Claimants' Committee
14

15       Steffes & MacMurdo, LLP
      By:  William E. Steffes, Esquire
16       201 St. Charles Street
      Baton Rouge, Louisiana 70802
17
      and
18
      Blakeley & Blakeley
19       By:  Bradley D. Blakeley, Esquire
      230 Main Street, Suite 540
20       Irvine, California 92614

21         Representing the Unsecured Creditors Committee

22
      Law Office of Elizabeth Wall Magner
23       By:  Elizabeth Wall Magner, Esquire
      228 St. Charles Avenue, Suite 1110
24       New Orleans, Louisiana 70130

25         Representing the Unofficial Asbestos Committee


```
 1  APPEARANCES (Cont'd.):

 2      Young, Conaway, Stargett & Taylor, LLP
        By:  James L. Patton, Jr., Esquire
 3      By:  Richard Morse, Esquire
        By:  Edwin J. Harron, Esquire
 4      11th Floor, Rodney Square North
        Wilmington, Delaware 19899-0391
 5
        and
 6
        Sessions, Fishman & Nathan
 7      By:  J. David Forsyth, Esquire
        By:  Melissa M. Savoie, Esquire
 8      201 St. Charles Avenue, 35th Floor
        New Orleans, Louisiana 70170-3500
 9
            Representing Future Asbestos Claimants
10
        Kirkland & Ellis
11      By:  David M. Bernick, Esquire
        By:  John Donley, Esquire
12      By:  David Zott, Esquire
        By:  Paul Brown, Esquire
13      By:  Jason Zakia, Esquire
        By:  Ellis Leibenstein, Esquire
14      By:  Wayne Murphy, Esquire
        200 East Randolph Drive
15      Chicago, Illinois 60601

16      and

17      Heller, Draper, Hayden, Patrick & Horn, L.L.C.
        By:  William H. Patrick, III, Esquire
18      By:  Jan M. Hayden, Esquire
        By:  Warren Horn, Esquire
19      650 Poydras Street, Suite 2500
        New Orleans, Louisiana 70130-6103
20
            Representing The Babcock & Wilcox Company
21

22

23

24

25
```

4

1   APPEARANCES (Cont'd.):
2
3       Adams & Reese
        By:  John M. Duck, Esquire
4       One Shell Square, Suite 4500
        New Orleans, Louisiana 70139
5
        and
6
        Jenner & Block
7       By:  Daniel R. Murray, Esquire
        By:  Joel Africk, Esquire
8       One IBM Plaza
        Chicago, Illinois 60611
9
            Representing McDermott, Inc.,
10          Babcock & Wilcox Investments, et al
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1

# I N D E X

2

3  PAUL DAVID McKNIGHT

4  DIRECT EXAMINATION BY MR. FINCH. . . . . . . . . . . . . . 58

5

6

7

8  EXHIBITS:                                              OFFERED      RECEIVED

9  (ACC)

10 Nos. 500        Quarterly Reports                         93           --
   thru 532B

11
   Nos. 777        Databases                                 98           99
12 and  787

13

14

15

16

17

18

19

20

21

22

23

24

25

Opening Statements

1   And, we will have a financial analyst briefly
2   describe to Your Honor why we believe that is the proper
3   measure of the assets, rather than what might be stated on the
4   books or the book value of the assets, which do not
5   necessarily reflect their fair value as of the time in
6   question.
7   Now, to assess the amount of the asbestos
8   liabilities, we will present two witnesses. We'll present
9   David McKnight, who has been subpoenaed to appear here this
10  morning; and Dr. Mark Peterson. Mr. McKnight is a fact
11  witness; Dr. Peterson is an expert witness.
12  What the Court will learn is that Mr. McKnight has
13  spent his entire career evaluating, resolving and settling and
14  defending personal injury corp claims, working first for
15  The Travelers Company -- and it's a large insurance company,
16  which was Babcock & Wilcox's primary carrier -- and then,
17  after The Travelers primary insurance ran out, for a company
18  created and titled Worldwide Services, created for the purpose
19  of administering, resolving, investigating and settling the
20  personal injury claims against Babcock & Wilcox.
21  When he worked at The Travelers, he first worked on
22  claims filed against the Manville Corporation, until
23  Manville went into Chapter 11 in 1982, and since that time
24  his principal job has been to review, resolve and deal with
25  the asbestos personal injury claims that have been brought

1  against Babcock & Wilcox. And, he did that continuously fr
2  that time until the company went into Chapter 11, in 2000.
3      He will be able to describe to the Court what the
4  nature of Babcock & Wilcox's exposure to claims was; how
5  Babcock & Wilcox, working with its insurers, developed the
6  strategy to deal with those claims, alternative strategies
7  that they considered, and how, from time to time, the
8  management of Babcock & Wilcox and the insurers reviewed the
9  implementation of that strategy by Mr. McKnight, and the
10 lawyers and risk managers involved.
11     Simply stated, you will hear that that strategy was
12 one of determining, when claims were filed, whether they met
13 the requisites for a plaintiff in the tort system to withst
14 a Motion for Summary Judgment.
15     The strategy, as it was designed, was not to engage
16 in litigation and accept the cost of litigation, the risks of
17 litigation defeats, and the risks of discovery in litigation,
18 which could well -- as it has with other asbestos companies --
19 raise the risks of punitive damage claims, but, rather, to
20 negotiate with lawyers throughout the country -- a methodology
21 by which Babcock & Wilcox would not be sued.
22     Claims would be submitted that satisfied Babcock &
23 Wilcox's criteria of demonstrating an asbestos-related injury,
24 diagnosed by a doctor, and exposure to asbestos at a site with
25 Babcock & Wilcox product there, making the nexus between the