# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No.: 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 1981 |

## ORDER SETTING INITIAL SCHEDULE FOR LITIGATION CONCERNING ZONOLITE ATTIC INSULATION SCIENCE ISSUES

The Court having heard argument from counsel for the Debtors, the Property Damage Committee and certain counsel representing Zonolite Attic Insulation ("ZAI") claimants as to the scheduling and management of claims concerning the Debtors' ZAI product during the regularly scheduled omnibus hearings on March 18, 2002, April 22, 2002, May 20, 2002, June 18, 2002 and July 22, 2002 and having given counsel of record for those individuals who filed ZAI claims prior to the petition date of April 2, 2001 the opportunity to appear and be heard at the May 20, 2002 hearing and thereafter, hereby orders that:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1.    Claims litigation concerning the Debtors' ZAI product shall be limited initially to the 10 individual claims filed by the Debtors on April 12, 2002 as amended by certain claimants on May 30, 2002 and objected to on June 10, 2002 on behalf of the following individuals claimants, all of whom filed ZAI product liability claims against the Debtors prior to the petition date: Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, Edward M. Lindholm, James and Doris McMurchie, John and Margery Prebil, Paul Price, John Sufnarowski, and Stephen B. Walsh. These 10 individual claimants shall hereinafter be referred to as the "ZAI Claimants."

2.    The Court hereby sets the following schedule to litigate the ZAI science issue:

A.    Fact discovery shall be limited to the issue of what science demonstrates regarding the health risks of exposure to ZAI and will be conducted from the date of this Order through December 31, 2002. Unless the discovery cutoff is extended by the Court for good cause, no fact discovery with a response date after December 31, 2002 shall be allowed. Motions to the Court for extensions of the time provided by the Federal Rules of Civil Procedure for responses to document requests, interrogatories, and inspections and testing of property shall be granted only for good cause shown. Unless good cause is shown for an extension, fact depositions shall be limited to eight hours of questioning per side, not including questioning time in depositions taken prior to the bankruptcy filing;

B.    The ZAI Claimants shall serve their FRCP 26(a)(2) expert disclosures on or before January 15, 2003. Grace shall serve its expert disclosures on or before January 31, 2003. Depositions of the ZAI Claimants' expert(s) shall be conducted from February 3, 2003 - February 28, 2003. Depositions of Grace's expert(s) shall be conducted from March 3, 2003 - March 31, 2003;

C.  Debtors shall file on or before April 30, 2003, a Rule 42 consolidation motion and related *Daubert*/summary judgment motions, based upon the absence of a reliable scientific basis for the alleged actionable risk of harm to the individual claimants from ZAI. The ZAI Claimants' response is due on or before May 26, 2003, and Debtors' reply is due on or before June 6, 2003. A hearing on these motions would be scheduled for June 30 and July 1, 2003 in Pittsburgh, PA;

D.  In the event that the Court finds any material disputed facts, an FRCP 42 common issue bench trial would be conducted as soon as the Court's schedule allows to decide the unresolved issues. The Court shall, if necessary, set the date for the final pretrial conference at the conclusion of the hearing on the *Daubert*/summary judgment motions;

E.  The Court hereby postpones further consideration of matters relating to class certification until the conclusion of the proceedings outlined above.

_____, 2002
Wilmington, Delaware

                                                                       The Honorable Judith K. Fitzgerald
                                                                       United States Bankruptcy Court Judge