IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>      Debtors.<br><br>_____/ | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br><br><br>Ref:  Docket No. 1981 |

**ORDER SETTING INITIAL SCHEDULE FOR LITIGATION CONCERNING ZONOLITE ATTIC INSULATION SCIENCE ISSUES**

The Court having heard argument from counsel for the Debtors, the Property Damage Committee and certain counsel representing Zonolite Attic Insulation ("ZAI") claimants as to the scheduling and management of claims concerning the Debtors' ZAI product during the regularly scheduled omnibus hearings on March 18, 2002, April 22, 2002, May 20, 2002, June 18, 2002, July 22, 2002 and August 26, 2002 and having given counsel of record for those individuals who filed ZAI claims prior to the petition date of April 2, 2001 the opportunity to appear and be heard at the May 20, 2002 hearing and thereafter, hereby orders that:

    1.    Discovery and evidence regarding science issues involving ZAI may include but are not limited to the 10 claims filed by the Debtors on April 12, 2002 as amended by certain claimants on May 30, 2002 and objected to on June 10, 2002 on behalf of the following individuals claimants, all of whom filed ZAI product liability claims against the Debtors prior to the petition date:  Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, Edward M. Lindholm, James and Doris McMurchie, John and Margery Prebil, Paul Price, John Sufnarowski, and Stephen B. Walsh. Discovery and evidence may also include other facts and circumstances relating to ZAI, to the extent a party deems such evidence relevant to ZAI science issues.

2.  Discovery for the science trial shall be limited to the issue, as discussed at the July 22, 2002 hearing (Tr. 78-92) of what science says about whether ZAI causes, in the context of a property damage claim, an unreasonable risk of harm.

3.  The Court hereby sets the following schedule to litigate the ZAI science issue:

    A.  Fact discovery will be conducted from July 22, 2002 through December 31, 2002. Unless the discovery cutoff is extended by the Court for good cause, no fact discovery with a response date after December 31, 2002 shall be allowed. Motions to the Court for extensions of the time provided by the Federal Rules of Civil Procedure for responses to document requests, interrogatories, and inspections and testing of property shall be granted only for good cause shown. Unless good cause is shown for an extension, fact depositions shall be limited to eight hours of questioning per side, not including time in deposition taken prior to the bankruptcy filing. Good cause for extending the discovery period against a party shall include any period of delay by that party in responding to legitimate discovery requests, or any dilatory conduct by that party;

    B.  The ZAI Claimants shall serve their FRCP 26(a)(2) expert disclosures on or before January 15, 2003. Grace shall serve its expert disclosures on or before January 31, 2003. Depositions of the ZAI Claimants' expert(s) shall be conducted from February 3, 2003 – February 28, 2003. Depositions of Grace's expert(s) shall be conducted from March 3, 2003 to March 31, 2003;

    C.  The ZAI Claimants or the Debtors may file on or before April 30, 2003 Rule 42 consolidation motions or <u>Daubert</u>/summary judgment motions, based upon an asserted absence of reliable scientific basis to maintain or oppose an actionable claim for property damage from ZAI. The responding Parties' opposition to such motion(s) is due on or before May 26, 2003. The propounding Parties' reply is due on or before June 6, 2003. A hearing on any such motions will be held on June 30 and July 1, 2003.

    D.  If the parties elect not to file <u>Daubert</u> motions following discovery, they shall notify the Court on or before April 30, 2003. The Court will proceed to schedule a common issues trial as soon thereafter as the Court's schedule allows.

      E.      If one or more of the Parties files a <u>Daubert</u> motion pursuant to the above schedule, the Court will set a common issues trial as soon as the Court's schedule allows following its decision on the <u>Daubert</u> motions.

      F.      The Court hereby postpones further consideration of matters relating to class certification until the conclusion of the proceedings outlined above.

_____, 2002
Wilmington, Delaware

 

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Court Judge