

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case Nos. 01-1139 through |
| | : | 01-1200 |
| W.R. GRACE & CO., | : | |
| et al., | : | |
|     Debtors. | : | |
| ZONOLITE CLAIMANTS- | : | Delaware Civ. No. 02-MC-94 |
| BARBANTI, BUSCH, | : | |
| REBIL, PRICE & | : | |
| MCMURCHIE, | : | |
| | : | |
|     Appellants, | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| W.R. GRACE & CO., | : | |
| et al., | : | |
| | : | |
|     Appellee. | : | |

This mater is opened before the Court upon the motion of the Zonolite Attic Insulation Property Damage Claimants ("ZAI Claimants"), pursuant to 28 U.S.C. § 158(A)(3) and Federal Rule of Bankruptcy Procedure 8003, for leave to appeal an Order of the Bankruptcy Court, Honorable Judith K. Fitzgerald, U.S.B.J., denying the motion of the ZAI Claimants to strike Proofs of Claim filed by the debtors on behalf of such claimants and others. The Order appealed from is procedural, but with potentially substantive effect on the underlying bankruptcy. The issues governing the propriety of the Order have been fully briefed on this motion, and the Court will treat the briefs on the motion for leave to appeal as merit briefs on the underlying issue.

The motion for leave to appeal will be granted and the Order

of the Bankruptcy Court will be affirmed.

**PROCEDURAL BACKGROUND**

On April 1, 2001, the sixty-two W.R. Grace debtors filed their petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code. They have operated and managed their business as debtors-in-possession, pursuant to 11 U.S.C. §§ 1107(a) and 1108. Prior to the filing of the petition, the ZAI Property Damage Claimants had been certified as a class on December 19, 2000, in the Washington State Superior Court, Spokane County. On April 12, 2002, at the invitation of Judge Fitzgerald, the debtors filed proofs of claim for ten individual ZAI creditors, including the class representatives and named plaintiffs previously certified as the ZAI Property Damage Claimants. As explained by the debtors, they included the named members of the class, as well as any other ZAI claimants known to the debtors. To that date, there had been no proofs of claim filed by the class representatives or named members of the class, nor by any other ZAI claimants.

The Bankruptcy Court suggested to debtors that in order to reach issues central to the case, debtors could exercise their rights pursuant to 11 U.S.C. § 501(c) and file proofs of claim on behalf of these ten creditors, who were served with the proofs of claim two weeks after the filing. Two weeks thereafter, the

individuals in whose names the debtors had filed, moved to strike the proofs of claim. On May 20, 2002, the Bankruptcy Court heard and denied the motions to strike, but afforded the claimants ten days to file amended proofs of claim. Thereafter, some of the claimants, under protest, filed amended proofs of claim, asserting that they did so to mitigate harm to themselves. The Bankruptcy Court filed the formal Order here under review on June 18, 2002.

## STANDARD OF REVIEW

The ZAI Claimants and debtors agree that although there is no express standard provided for review on an interlocutory appeal from the Bankruptcy Court, 28 U.S.C. § 1292(b) (relating to certification of interlocuory appeals from a district court) provides guidance to determine the applicable standard of review here. This Court agrees. The Court may grant leave to appeal if the motion involves:

> a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). The appearing party must establish "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." Matter of Magic Restaurants, Inc., 202 B.R. 24, 26 (D. Del. 196) (citing First Am. Bank of New York v. Century Glove, 64 B.R. 958, 961-62 (D. Del. 1986), citing Coopers Lybrand

v. Livesay, 437 U.S. 463, 475 (1978)).

### APPLICABILITY OF 11 U.S.C. § 501(c)

Title 11, section 501(c) of the United States Code provides that, "if a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

In this case, the debtors, by virtue of the Washington State Court proceeding, were aware of a class designation for the ZAI Claimants, yet no claim on their behalf had been filed in these Chapter 11 proceedings. Judge Fitzgerald properly determined that the resolution of science issues attendant upon all of the Zonolite Attic Insulation claims could resolve a vital threshold issue. Such resolution could remove the uncertainty surrounding the alleged defective nature of the Zonolite product, and the consequent necessity either for the product's removal or at least for a definition of the deleterious effect it might have on the value of the real estate in which the product had been installed. The failure of the potential claimants to have filed proofs of claim in these proceedings had prevented early consideration of this threshold issue. Section 501(c) provides an appropriate vehicle to present this matter to the Bankruptcy Court.

**REPRESENTATION OF THE CLAIMANTS**

Judge Fitzgerald's Order permitting the debtors to file proofs of claim on behalf of the ZAI Claimants and other Zonolite Attic Insulation potential claimants, all allegedly represented by the class representatives designated in the Washington State action, in no way deprived these claimants of their rights to counsel of their choice. Nor are they precluded from presenting the claim to the Bankruptcy Court in a form acceptable to the claimants. The forms the debtors filed were the approved proof of claim forms recently upheld by this Court by Order and Opinion dated August 16, 2002.

Moreover, Judge Fitzgerald permitted the individual claimants or claim representatives to amend the claims as they and their counsel saw fit; and, in fact, several of the claimants have done so. Any additional claimants are free to file proofs of claim and be heard on the science issues, as well as other matters that will come before the Bankruptcy Court. Judge Fitzgerald, at pages 67-69 of the May 20, 2002 record clearly protected the right of any claimant to be represented by counsel of his or her choice. She also properly chose between the two available remedies of directing the U.S. Trustee's Office to appoint a separate committee or permitting the claims to be filed by the debtor as authorized by the bankruptcy rules. Furthermore, she authorized the retention of special counsel at

5

the cost of the estate, but noted that individual counsel should be compensated by the individual clients. The choices made by Judge Fitzgerald advanced the goal of a speedy and just resolution of this case. By taking the action she did, she squarely placed these claims as "property damage claims that are within the subject matter of the property damage committee in the case." (T. 68-5 to 6).

There is no question that 11 U.S.C. § 501(c) permits a debtor to create an actual controversy by filing a claim on behalf of a creditor and then opposing the claim it has filed. In re Kilen, 129 B.R. 538, 547 (Bkrptcy. N.D. Ill. 1991). The court in Kilen established a two-part test: (1) fitness of the issue for court determination, and (2) the hardship on the parties if the decision were to be withheld. (Id. at 548-49). In Judge Fitzgerald's words:

> [I]t doesn't make logical sense not to do the science trial first in some fashion. It needs to be done, both to find out whether there really is potential liability for the estate. And if there is that liability, to define how the notices should be created and go forward.

(T. 68-19 to 24). This statement, which the Court finds eminently reasonable and correct, addressees both the fitness of the issue for resolution by the Bankruptcy Court and the hardship of presenting claims in an unknown scientific environment. Thus, both prongs of Kilen, which this Court adopts, were properly implemented by Judge Fitzgerald's Order of June 18, 2002.

## CONCLUSION

This Court has taken the unusual step of granting leave to appeal and determining the appeal on the moving papers so that the parties may proceed with a science trial, knowing that there is no procedural impediment either to the isolation of this issue for trial, or to the representation of the claimants. Judge Fitzgerald's Order of June 18, 2005, Docket No. 2242, will be affirmed substantially for the reasons stated by her on the record, as supplemented by this Memorandum Opinion.

An appropriate Order is attached.

Dated:   August 30, 2002

ALFRED M. WOLIN, U.S.D.J.