IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**FIFTH INTERIM QUARTERLY FEE APPLICATION REQUEST
OF BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF APRIL 1, 2002 THROUGH JUNE 30, 2002**

| | |
|---|---|
| Name of Applicant: | Bilzin Sumberg Dunn Baena Price & Axelrod LLP |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | April 9, 2001 |
| Period for which compensation and reimbursement is sought: | April 1, 2002 through June 30, 2002 |
| Amount of compensation sought as actual reasonable and necessary: | $230,759.40[1] |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $69,271.20 |

This is an: X interim ___ final application

If this is not the first quarterly application filed, disclose the following for each prior application:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period | Fees | Expenses | Fees | Expenses |
| 8/6/01 | 4/12/01-6/30/01 | $389,683.75 | $43,268.05 | Pending | Pending |

---

[1] Pursuant to Judge Wolin's July 10, 2002 Order withdrawing the reference from the Bankruptcy Court with respect to all fees and expenses related to the fraudulent transfer actions against Sealed Air Corporation and Frecenius Medical Care, Inc., the Applicant is concurrently herewith filing a fee application in the District Court for the fees and expenses incurred in such actions for the months of May and June, 2002. Fees and expenses incurred in connection with such actions for the month of April, 2002 were filed prior to the Order and these are included in this Application.

567050                                    1

| 11/8/01 | 7/1/01-9/30/01 | $297,019.50 | $183,000.14 | Pending | Pending |
| 2/6/02 | 10/1/01 - 12/31/01 | $215.475.50 | $195,640.24 | Pending | Pending |
| 6/4/02 | 1/1/02 - 3/31/02 | $281,179.50 | $79,962.62 | Pending | Pending |

583126

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS

| Name of Professional Person | Position of Applicant | Number of years in Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Scott L. Baena | Partner | 28 | Bankruptcy | $450.00 | 117.0 | $52,650.00 |
| Robert W. Turken | Partner | 23 | Litigation | $390.00 | 100.9 | $39,351.00 |
| Mitchell E. Widom | Partner | 17 | Litigation | $350.00 | 74.7 | $26,145.00 |
| Matthew P. Coglianese | Partner | 17 | Environmental Litigation | $350.00 | 6.1 | $2,135.00 |
| Raquel M. Gonzalez | Associate | 7 | Litigation | $260.00 | 66.9 | $17,394.00 |
| Jay M. Sakalo | Associate | 4 | Bankruptcy | $235.00 | 240.84 | $56,597.40 |
| Matthew E. Kaplan | Associate | 2 | Bankruptcy | $160.00 | 3.6 | $576.00 |
| Jordan Keusch | Associate | 6 | Litigation | $260.00 | 78.7 | $20,462.00 |
| Scott G. Klein | Associate | 3 | Bankruptcy | $180.00 | 6.2 | $1,116.00 |
| Heather M. Zorn | Associate | 2 | Litigation | $170.00 | 1.4 | $238.00 |
| Brian Greenspoon | Law Clerk | | Bankruptcy | $140.00 | 3.1 | $434.00 |
| Barry Lapides | Law Clerk | | Bankruptcy | $140.00 | 13.1 | $1,834.00 |
| Luisa M. Flores | Paralegal | | Bankruptcy | $100.00 | 48.5 | $4,850.00 |
| Silvia J. Anderson | Paralegal | | Bankruptcy | $100.00 | 31.4 | $3,140.00 |
| Obed Del Amo | Paralegal | | Bankruptcy | $100.00 | .4 | $40.00 |
| Anthony D. Box | Paralegal | | Bankruptcy | $100.00 | .2 | $20.00 |
| Nicolas Pelleya | Project Asst. | | Bankruptcy | $60.00 | 10.4 | $624.00 |
| Emma Gutierrez | Project Asst. | | Bankruptcy | $50.00 | 1.5 | $75.00 |
| Brad Baena | Paralegal | | Bankruptcy | $60.00 | 51.3 | $3,078.00 |
| | | | | **Total:** | 856.24 | $230,759.40 |
| **TOTAL INCLUDES 50% DISCOUNT FOR ALL NON-WORKING TRAVEL TIME** | | | | | | |
| | | | | | **GRAND TOTAL - $230,759.40** | |
| | | | | | **Blended Rate: $269.51** | |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | 149.64 | $30,023.90 |
| Debtors' Business Operations | 14.5 | $3,068.50 |
| Creditors' Committee | 26.1 | $7,370.50 |
| Retention of Professionals | .6 | $114.00 |
| Fee Applications | 65.8 | $9,529.00 |
| Fee Application of Others | 4.8 | $736.50 |
| Court Appearances | 34.0 | $12,290.00 |
| Travel | 66.3 | $24,027.50 |
| Fraudulent Transfer Litigation | 427.9 | $124,434.00 |
| Litigation Consulting | 66.6 | $19,165.50 |
| **Grand Total** | **856.24** | **$230,759.40** |

583126

## EXPENSE SUMMARY

| 1. | Staff Overtime | | $204.31 |
|---|---|---|---|
| 2. | Court Reporter | | |
| 3. | Messenger Services | | $6.50 |
| 4. | Photocopies | | $4,669.12 |
| | (a)    In-house copies @ .15 | 2,084.85 | |
| | (b)    Outside copies (at cost) | 2,584.27 | |
| 5. | Postage | | $8.57 |
| 6. | Overnight Delivery Charges | | $956.09 |
| 7. | Long Distance Telephone Charges | | $4,548.33 |
| 8. | Telecopies | | $1,238.00 |
| 9. | Computerized Research | | $558.87 |
| 10. | Expert Fees and Costs | | $25,969.59 |
| 11. | Travel Expenses | | $31,111.82 |
| | (a)    Airfare | $25,094.25 | |
| | (b)    Meals | $1,218.06 | |
| | (c)    Parking & Mileage | $1,485.97 | |
| | (d)    Lodging | $3,313.54 | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | $69,271.20 |

4

583126

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: September 30, 2002 at 4:00 pm** |
| | ) | **Hearing Date: November 25, 2002 at 10:00 a.m.** |

**FIFTH INTERIM QUARTERLY FEE APPLICATION REQUEST
OF BILZIN SUMBERG DUNN BAENA PRICE & AXELROD LLP FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
<u>FOR THE PERIOD OF APRIL 1, 2002 THROUGH JUNE 30, 2002</u>**

Bilzin Sumberg Dunn Baena Price & Axelrod LLP (the "Applicant"), counsel to the Official Committee of Asbestos Property Damage Claimants ("PD Committee") of the above-captioned debtors (the "Debtors') in this Court, hereby submits its fifth interim quarterly fee application request (the "Request") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

**I.  Introduction**

1.  Applicant, as counsel to the PD Committee, seeks (i) approval and allowance, pursuant to Section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as counsel for the PD Committee from April 1, 2002 through June 30, 2002 (the "Fifth Interim Quarterly Fee Period") in the aggregate amount of $230,759.40 representing 856.24 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Fifth Interim Quarterly Fee Period in

5

583126

connection with the rendition of such professional services in the aggregate amount of $69,271.20.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of the Applicant as its counsel.

5. By order dated June 21, 2001 (the "Retention Order"), the Court authorized the PD Committee to retain the Applicant nunc pro tunc to April 9, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, on a general retainer basis, to represent the PD Committee in the Consolidated Cases. The Retention Order conditioned the Applicant's compensation on approval by this Court.

6. This is the fifth interim quarterly fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001 as amended by the Court's order of April 17, 2002 (collectively, "the Administrative Fee Order"). Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court three Fee Applications that are the subject of this Request, which are summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Objections |
|---|---|---|---|---|
| 6/24/02 | 4/1/02 - 4/30/02 | $155,122.00 | $47,064.53 | NONE |
| 8/7/02 | 5/1/02 - 5/31/02 | $44,590.40 | $14,629.10 | PENDING |
| 8/15/02 | 6/1/02 - 6/30/02 | $31,047.00 | $7,577.57 | PENDING |
| **Totals** | | **$230,759.40** | **$69,271.20** | |

9. Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received hereunder.

10. As stated in the Certification of Jay M. Sakalo, Esquire, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

11. In accordance with Local Rule 2016-2 dated December 12, 1996 and the Administrative Fee Order, and to assist the Court, the Debtors, the Trustee and other parties in interest in evaluating this Request, the primary services performed by Applicant during the Fifth Interim Quarterly Fee Period are summarized in the Summary attached hereto as Exhibit "B." The summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant. Applicant's services throughout the Fifth Interim Quarterly Fee Period have been valuable to the PD Committee in providing advice and counsel.

12. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the attorneys and their corresponding names, year of admission, hourly rates and the number of hours incurred by each is set forth on Attachment B. The hourly rates reflect what Applicant generally charges its other clients for similar services. An itemization including identification of services performed by the attorneys sorted by date and time keeper is attached hereto as Exhibit "C," which also contains a statement of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as counsel to the PD Committee.

583126

13.  Applicant has worked closely with the PD Committee's local counsel, Ferry & Joseph, P.A., to avoid unnecessary duplication of services.

### IV. Conclusion

14.  Applicant has necessarily and properly expended 856.24 hours of services in the performance of its duties as counsel to the PD Committee during the Fifth Interim Quarterly Fee Period.  Such services have a fair market value of $230,759.40.[2]  The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

15.  In addition, Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $69,271.20 for which it respectfully requests reimbursement in full.

16.  Applicant charges $.15 per page for in-house photocopying services.  Applicant charges the actual cost from the vendor for out-sourced photocopying and document retrieval, and computerized legal research.  Applicant charges $.50 per page for out-going facsimile transmissions, and does not charge for in-coming facsimiles.

17.  Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this application for interim compensation complies therewith.

18.  Applicant has made no prior application in this or any other Court for the relief sought herein.

---

[2] Pursuant to Local Rule 2016 Applicant has reduced its total compensation amount by $24,027.50 representing 50% of the total amount of travel time billed at its normal hourly rate.

583126

WHEREFORE, Applicant respectfully requests pursuant to the Administrative Fee Order: a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Fifth Interim Quarterly Fee Period of April 1, 2002 through June 30, 2002 in the amount of $230,759.40; b) the approval and allowance of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the Fifth Interim Quarterly Fee Period of April 1, 2002 through June 30, 2002 in the amount of $69,271.20; and c) such other relief as the Court deems just.

Dated:  September 10, 2002

        BILZIN SUMBERG DUNN BAENA PRICE &
        AXELROD LLP
        Counsel to the Official Committee of Asbestos Property Damage Claimants
        2500 First Union Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2385
        Telephone:  (305) 374-7580
        Facsimile: (305) 374-7593


        By:_____/s/ Jay M. Sakalo_____
            Scott L. Baena (Admitted Pro Hac Vice)
            Jay M. Sakalo (Admitted Pro Hac Vice)

583126