# EXHIBIT B

FILED

2002 SEP -9 AM 11:20

US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                              :    Chapter 11
                                    :
W.R. Grace & Co., et al.,           :
                                    :
     Debtor(s).                     :    Bankruptcy #01-01139 (JKF)

Wilmington, DE
August 26, 2002
10:00 a.m.

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                         David Bernick, Esq.
                                    Kirkland & Ellis
                                    200 E. Randolph Drive
                                    Chicago, IL 60601

                                    Janet S. Baer, Esq.
                                    Kirkland & Ellis
                                    200 E. Randolph Drive
                                    Chicago, IL 60601

                                    David W. Carickhoff, Jr., Esq.
                                    Pachulski, Stang, Ziehl,
                                    Young & Jones
                                    919 North Market Street
                                    Wilmington, DE 19801

                                    Paula A. Galbraith, Esq.
                                    Pachulski, Stang, Ziehl,
                                    Young & Jones
                                    919 North Market Street
                                    Wilmington, DE 19801

Writer's Cramp, Inc.
Certified Court Transcribers
732-329-0191

1          THE COURT:  And there is none attached to this
2  motion.  Correct?
3          MR. WESTBROOK:  The Order that I handed up was the
4  Order, Your Honor.
5          THE COURT:  Okay.  Well, I can give you this back.
6          MR. WESTBROOK:  Okay.
7          THE COURT:  I've seen this.  But I'd like to get --
8  when can I expect to get that from you, Mr. Westbrook?
9          MR. WESTBROOK:  We can get it to you this afternoon,
10 Your Honor.
11         THE COURT:  All right, that'd be fine.  Okay.
12         MR. BERNICK:  Item 9, I'm not quite sure what there
13 really is to do with respect to this.  We filed an Omnibus
14 objection.  But I think that basically we're involved now in
15 the pre-trial process on the Science trial.  Mr. Cameron's on
16 the phone in case there are any questions the Court has.  I
17 know that some discovery's been served, and the process is
18 beginning to unfold.  But I'm not sure if there's any matter
19 that has to be raised with the Court today, unless there is
20 something that Your Honor would like to take up.
21         THE COURT:  Well, I was waiting for an Order that
22 memorialized what -- well, actually I think this is what
23 happened.  I signed a modified Order in Court that set the
24 discovery schedule.
25         MR. BERNICK:  Right.

1  THE COURT: And apparently it's among the missing. I
2  think what happened, but I'm not really sure, is that I signed
3  the Order and made the modifications on the one that was in
4  the bench book. And then the bench book must have been given
5  back to counsel for the Debtor. And I don't know if he
6  destroyed it or kept it or what. If you have it, that Order
7  may be in there.
8  MR. BERNICK: Okay.
9  THE COURT: That's the only other place I know to
10  look, because the --
11  MR. BERNICK: The Order --
12  THE COURT: -- Court doesn't seem to have it. Do you
13  have it?
14  MS. BAER: Your Honor, we don't have your signed
15  Order, but we prepared a new one and submitted to you with
16  Certification of Counsel on Thursday.
17  THE COURT: Yeah, I brought that. But then I also
18  brought something, I think, from the Property Damage Committee
19  or you, Mr. Westbrook. I'm not really sure at this point who
20  submitted it. But the two Orders weren't identical. And I
21  don't know at what point they were submitted. So I don't know
22  whether the property damage was submitted before the last
23  hearing. It seemed to be something that came in after that.
24  MR. WESTBROOK: Your correct, Your Honor. We
25  submitted ours on August 6th, which I thought was the date for

those to come in. I haven't seen Grace's Order. But our Order attempted to track what happened at the last hearing. And the Order I have from Grace, which I now understand is to be superseded by another Order, was -- had been superseded by events at the hearing with respect to dates and two or three other issues. And perhaps we can discuss what may be points of difference in that proposed Order. Although I haven't seen it, they may still have the same differences tracked in there.

THE COURT: Well, I think the dates were the same. Both of you picked out the dates that we put on the record. But the issue was, I think, whether or not the 10 Plaintiffs were only the Plaintiffs who could participate in the case. And there was a bit of a difference -- I'm not sure it's really significant -- in defining if those were for trial.

MR. BERNICK: That's correct.

(Pause in proceedings)

MR. BERNICK: I believe Your Honor entered an Order. This is --

THE COURT: I did.

MR. BERNICK: -- the same thing. Yeah. So the only question should then be retrieving --

THE COURT: That Order.

MR. BERNICK: -- a copy of what Your Honor entered. And I believe that this is it. But in order to make absolutely sure, we will endeavor to find where that Order is.

1  I'm very loathe to go back over it now to compare the language
2  of something that's -- there should not be any difference at
3  this point. We've gone over this ad nauseam.
4      MR. WESTBROOK: I don't know that that's correct,
5  Your Honor. When I left the hearing I wasn't under the
6  impression that the Court had signed that Order, because we
7  had changed the dates, we had discussions about the language,
8  and then also just for instance the Order that I had on
9  record, which apparently is not the Order that he has now to
10 give me, said in the scheduling that only Grace could file
11 Dalbert motions. And we thought it should be mutual, that we
12 may have some problems with their science, that there should
13 be a mutual opportunity to file Dalbert motions.
14     THE COURT: Well, let me check my notes. Let's see.
15 My notes clearly say that I entered an Order that day. It
16 says, "Modified Order entered on Item 13." That was the
17 agenda item for this. And -- the record is I quote particular
18 dates because to the extent that there was going to be an
19 argument on the Dalbert motions that were going to be in
20 Pittsburgh June 30 and July 1. So I definitely signed an
21 Order.
22     MR. BERNICK: I think.
23     THE COURT: I don't have it.
24     MR. BERNICK: I have a copy of it in the office with
25 your handwritten interlineations --

*Writer's Cramp, Inc.*
*Certified Court Transcribers*
732-329-0191

MR. WESTBROOK: Right.

MR. BERNICK: -- if that's the one we're talking about.

THE COURT: That's the one, yes.

MR. BERNICK: I have a copy.

THE COURT: Will you fax a copy to me?

MR. BERNICK: Absolutely.

MR. WESTBROOK: And that's the one I don't have either, Your Honor. So we're both in the same --

MS. BAER: I must have a copy of Your Honor's --

MR. BERNICK: That's where it went, Your Honor.

(Laughter)

MR. BERNICK: Now we found out where it went.

(Pause in proceedings)

THE COURT: All right. Now, I do agree, Mr. Westbrook, however -- the one point I really do agree with is that if your Plaintiffs want to file a Dalbert motion, then they ought to have the ability to do that. I don't see why it should be restricted to the Debtor. And I am happy to modify the Order on that point, because I think it should be either side. The rest of it though I think I'd like to see the Order that I entered first.

MR. WESTBROOK: Okay. And I'd like just to alert the Court one other point is that the original Order that I saw, what I'll call the old Order, said the evidence would be

1  limited to the 10 Claimants. And we think the Court is
2  looking for the best evidence on the ZAI Science. And if
3  there are other buildings in which testing on ZAI is relevant,
4  the Court would like to see that. So our Order -- and that
5  may be a distinction from Grace's Order -- said that evidence
6  is not necessarily limited to those 10 Claimants, that the
7  Court can -- that we can bring forth whatever evidence we
8  believe is relevant, and the Court will rule.
9          THE COURT: Well, here's the problem. If this were
10 in the nature of a class action, or if I had other claims of
11 record for which the Debtor filed objections, I'd be happy to
12 do that. The problem is at the moment the way this proceeding
13 is coming before me, there are objections to -- or there are
14 proofs of claim, and then there are objections stated. So if
15 you're going to do that, I set a date by which anybody who
16 wanted to join the proceeding could, so that I didn't have to
17 address this issue at the last minute. If you need a very
18 brief extension to get some claims on record so that the
19 Debtor can object to them, so that we can expand the scope,
20 I'll do it now before discovery starts. But I'm not going to
21 do it at the last moment, because I don't know how to prepare
22 for a trial on that claim.
23         MR. WESTBROOK: We may be talking about a little
24 different thing, Your Honor. For instance, when -- years ago
25 before there was ever any thought of bankruptcy, there was

1  some testing done on ZAI in homes. And that's historical
2  testing. It's from Grace records. Our view would be that
3  that evidence if it's otherwise relevant should be able to
4  come before the Court.
5      THE COURT: Well, I'll rule on the relevancy of
6  various issues when I see the context in which it's offered at
7  trial. But in terms of looking at what Claimants are actually
8  involved in the case as main Defendants to the Debtor's
9  actions to object to claims, the only ones I know that I have
10 are those 10. Because I'd be happy to expand the universe.
11 I'd like to get everybody in here so we only have to do this
12 once clearly, and combine everybody for sure, without any
13 appellant issues on those points. But I don't think that's
14 the way I can rule given the context of this trial.
15     MR. WESTBROOK: Your Honor, Mr. Bernick points out
16 that his language specifically is that claims litigation is
17 limited. But that is not necessarily a limitation on the
18 evidence. So we may not have a problem.
19     MR. BERNICK: I think --
20     THE COURT: Okay.
21     MR. BERNICK: -- that's a very good point. The Order
22 so reads. What the scope of the evidence is that my company
23 Grace has filed is certainly something that we can take up.
24 But I had the same recollection as Your Honor, which is that
25 we have an open invitation for anybody to come and file a

1  claim that would want to. They really ought to be here if
2  their buildings gonna get litigated.
3          THE COURT: Yeah, that's what I think. If they want
4  in, then I'm happy to put them in. But it has to be done in a
5  fashion that permits everybody to get involved in the
6  discovery on those same buildings.
7          MR. WESTBROOK: And just for instance, Your Honor,
8  there may be buildings that Grace has done some testing in
9  which are not buildings of these 10 Claimants. But we may
10 discover something in discovery about that testing that we'd
11 like to bring before the Court.
12         THE COURT: You may.
13         MR. WESTBROOK: Okay.
14         THE COURT: And as I said, with respect to relevancy
15 I can't issue rulings on relevancy until I hear the context in
16 which the evidence is brought. So I simply can't address that
17 now.
18         MR. WESTBROOK: Thank you, Your Honor. May I confer
19 with Mr. Bernick for a minute?
20         THE COURT: Yes.
21    (Pause in proceedings)
22         MR. BERNICK: Your Honor, all the other entries on
23 the agenda pertain to quarterly fee applications. And I don't
24 know what the Court's pleasure is with respect to them.
25         THE COURT: Why don't we take a minute and get caught

1  up --

2       MR. BERNICK:  Sure.

3       THE COURT:  -- with this issue first, Mr. Bernick?
4  All right.  I'm going to get from Mr. Baena a copy of the
5  Order that I entered.  And then compare it to the other two
6  Orders, I guess, that have been presented.  And I will modify
7  it to add the ability of the Property Damage to file their
8  motions if they choose.  I don't think I need to do anything
9  with respect to the Claimants if it's an evidentiary
10 principle.  Is that everything, Mr. Westbrook?

11      MR. WESTBROOK:  From memory, Your Honor, the only
12 other differences following the hearing when we submitted our
13 Order, we've framed the issue as it says in the context of a
14 property damage case, whether ZAI presents an unreasonable
15 risk, we tried to track the language from the transcript.  And
16 the Court will see that when it compares our Order with
17 Grace's Order.

18      MR. BERNICK:  That is a sore subject, because we've
19 been over that like nine times, and argued that very issue
20 very specifically, and then negotiated it out.

21      THE COURT:  Well, hopefully I did it myself within
22 the context of the hearing.  If I didn't, then I'll take a
23 look at that.  I was trying very hard not to set the parameter
24 for what the issues would be until the discovery is done.  I
25 think the appropriate place to look at that is at the pre-

1   trial conference.
2         MR. BERNICK: We can live with that.
3         THE COURT: Okay. Because I think after discovery we
4   may be able to frame the issue a little bit better than we can
5   now anyway. Okay. All right, fee applications.
6         MR. BERNICK: Fee applications. I've not done this
7   with the Court before, and I don't know what your preferred
8   procedure is. There are quite a number of them. And --
9         THE COURT: Well, with respect to -- first of all, my
10  preferred procedure is to get from somebody -- I don't know if
11  this is gonna be Mr. Smith or you, Mr. Bernick, but one Order
12  that will address all the fees in an Omnibus Order so that I
13  can get them addressed by period. So you or Mr. Smith can
14  work out how that will be proffered. But I would like to get
15  one Order after I get through the allowance process. For
16  today's purposes I have not had any objections to Mr. Smith's
17  report with respect to #10 -- these are agenda items -- #10,
18  #12 through 18, #20 through 31, I believe. I think I need
19  hearings on 11 -- I'm sorry, I thought -- 16 I believe I did
20  get a response in. I'm sorry. I have a different issue with
21  16. I literally cannot read it. The print is too small. And
22  I literally cannot read Mr. Smith's final report because he
23  incorporates some responses that he got from whomever's
24  application that is. And the way they're put into the report,
25  the print is too small. I can't read it. As a result, I have