IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Case No. 01-01139 (JKF) |
| : | |
| : | Jointly Administered |
| W. R. GRACE & CO., et al., : | |
| : | Chapter 11 |
| : | |
| Debtors. : | Hearing Date: October 28, 2002 at 12:00 p.m. |
| : | Objection Date: September 30, 2002 at 4:00 p.m. |

## MOTION OF BANK OF AMERICA, N.A. FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO ENABLE SETOFF OF DE MINIMIS DEPOSIT ACCOUNT BALANCES AGAINST OUTSTANDING LETTER OF CREDIT OBLIGATIONS

Bank of America, N.A., ("Bank of America"), a national banking association organized under the laws of the United States, hereby moves the Court pursuant to sections 362(b) and 553 of the Bankruptcy Code for entry of an order allowing Bank of America to set off a *de minimis* pre-petition deposit account owned by W.R. Grace & Co. – Conn. ("Grace-Conn."), one of the Debtors in these jointly administered bankruptcy cases against certain pre-petition letter of credit obligations of Grace-Conn. In support of this motion, Bank of America represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and of this matter in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

### Background

2. On April 2, 2001 (the "Petition Date"), W. R. Grace & Co., Grace-Conn. and 60 other affiliated entities (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The

RLF1-2505165-2

Debtors continue to operate their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

    3.    Prior to the Petition Date, Bank of America provided certain commercial banking services to Grace-Conn., including without limitation issuing three outstanding standby letters of credit for the account of Grace-Conn. These three letters of credit (the "Letters of Credit") support insurance in favor of the Debtors for asbestos claims, environmental claims, and automobile claims. The Letters of Credit may be summarized as follows:

| Letter of Credit Number | Face Amount | Drawn Amount | Issuance Date | Expiry Date |
|---|---|---|---|---|
| 7404289 | $10,439,830 | $ 9,729,720 | 10/17/00 | 10/17/02 |
| 7404163 | $ 6,000,000 | $ 0 | 09/15/00 | 09/15/02 |
| 7403968 | $ 2,190,000 | $ 0 | 07/30/00 | 07/31/03 |
| **Total:** | **$18,629,830** | **$ 9,729,720** | | |

True copies of each of these Letters of Credit are attached hereto as Exhibit "A".

    4.    On or about June 4, 2002, Bank of America received a sight draft from National Union Fire Insurance Co. of Pittsburgh, PA *et al.* under letter of credit 7404289 in the amount of $9,729,720. A true copy of this sight draft is attached hereto as Exhibit "B". Bank of America paid this sight draft on or about June 6, 2002. In addition to the reimbursement obligations currently owed by Grace-Conn. as a result of this drawing under letter of credit 7404289, Grace-Conn. is also currently obligated to Bank of America for accrued and unpaid standard fees and commissions incurred with respect to the Letters of Credit (collectively with the outstanding reimbursement obligations, the "Letter of Credit Obligations").

    5.    On March 1, 2001, prior to the Petition Date, Grace-Conn. deposited $200,000 into a Bank of America deposit account, bearing account no. 8188713168 (the

"Deposit Account").[1] The Deposit Account was opened as a corporate checking account. There has been no activity in the Deposit Account since the Petition Date, with no deposits or withdrawals being made by Grace-Conn.

6. Bank of America seeks authority pursuant to 11 U.S.C. §§ 362 and 553 to setoff the balance in the Deposit Account against the Letter of Credit Obligations. Section 553 of the Bankruptcy Code provides in pertinent part that:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

To offset a debt pursuant to section 553, the creditor must show that (i) the debtor owes a debt to the creditor which arose prior to the commencement of the bankruptcy case; (ii) the debtor holds a claim against the creditor which arose prior to the commencement of the case; and (iii) the debt and the claim are mutual (*i.e.*, the debts are in the same right and between the same parties, standing in the same capacity). *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54 (3rd Cir. 1990).

7. There is no dispute that (i) Grace-Conn. owes Bank of America the Letter of Credit Obligations and that these obligations arose pre-petition; (ii) by virtue of the Deposit Account, Bank of America owes Grace-Conn. an obligation equal to $200,000, the aggregate balance in the Deposit Account. Because Bank of America and Grace-Conn. are the identical parties, standing in the same capacities with respect to both the Deposit Account and the Letter of Credit Obligations, the mutuality requirement is readily satisfied. Accordingly, Bank of America has a valid and enforceable right of setoff with respect to the balance in the Deposit

---

[1] This cash collateral was originally deposited to secure another letter of credit, no. 7404829, but this letter of credit expired undrawn.

RLF1-2505165-2

3

Account.

8. The enforcement of a bank's right of setoff against deposits is expressly subject to the automatic stay. 11 U.S.C. §§ 362(a)(7) and 553(a). Section 362(d) specifies the bases upon which relief from the automatic stay shall be granted:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . .
>
> (1) or cause, including the lack of adequate protection of an interest in property of such party in interest; [and]
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>     A) the debtor does not have any equity in such property; and
>     B) such property is not necessary for an effective reorganization.

Bank of America is entitled to relief from stay "for cause"; the failure to grant Bank of America such relief will defeat its state law rights of setoff with respect to the Deposit Account. *See, e.g., In re Orlinski*, 140 B.R. 600 (Bankr. S.D.Ga. 1991); *In re Coleman*, 52 B.R. 1 (Bankr. S.D.Ohio 1985). Bank of America is also entitled to relief from stay because Grace-Conn. does not have any equity in the Deposit Account and the funds represented by the account are not necessary for the Debtors' effective reorganization.

9. Due to the tremendous imbalance between the obligations represented by the Deposit Account and the Letter of Credit Obligations, Grace-Conn. does not have any "equity" in the Deposit Account. Moreover, the balance of $200,000 in the Deposit Account is a relatively *de minimis* sum which is not necessary to the Debtors' overall reorganization efforts within the meaning of section 362(d)(2). Bank of America is therefore entitled to limited relief from stay for the sole purpose of applying the balance in the Deposit Account against the Letter of Credit Obligations.

WHEREFORE, Bank of America respectfully requests that the Court grant limited relief from the automatic stay to allow Bank of America to setoff the balance in the Deposit Account against Grace-Conn's reimbursement obligations, and for such other and further relief as is necessary and appropriate.

Dated: September 12, 2002
      Wilmington, Delaware

Mark D. Collins (No. 2981)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

MOORE & VAN ALLEN, PLLC
David S. Walls
100 North Tryon Street, 47th Floor
Charlotte, North Carolina 28202-4003
(704) 331-1000

Attorneys for Bank of America, N.A.