## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) **Chapter 11** |
| | ) |
| **W. R. GRACE & CO., et al.,**[1] | ) **Case No. 01-01139 (SKF)** |
| | ) **(Jointly Administered)** |
| | ) |
| **Debtors.** | ) |

### AFFIDAVIT UNDER 11 U.S.C. 327(e)

STATE OF <u>Massachusetts</u>    )
                                )    ss:
COUNTY OF <u>Suffolk</u>        )

 <u>Paul J. Kingston</u>        , being duly sworn, upon his/her oath, deposes and says:

1.    I am a partner of  <u>Rubin and Rudman</u>      , located at  <u>50 Rowes Wharf, Boston, MA  02110</u>      (the Firm ).

2.    The Debtors have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.    The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4.    As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases.    The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates. *

5.    Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.    Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.*

7.    The Debtors owe the Firm $ 1,309.10   for prepetition services.

*See attached.

8.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Executed on [August 8,    ], 2002.

_Paul J. Kingston_

Paul J. Kingston

_____

Sworn to and subscribed before me
this ___ day of ___, 2002

_____
Notary Public
My Commission expires: _____

**PAUL G. GITLIN**
NOTARY PUBLIC
My Commission Expires
January 24, 2003

## ATTACHMENT

One of my partners represents the Massachusetts Bay Transportation Authority (MBTA) in a matter involving the City of Cambridge. There is potential litigation relative to a claim made by the City of Cambridge that W.R. Grace and the MBTA could be named as defendants and potentially responsible parties for contamination on property owned by the City of Cambridge (i.e. Russell Field). The potential conflict could arise relative to the apportionment of liability amongst defendants should litigation be brought.

The second matter involves the Schaeffer landfill, a superfund site in Billerica, Massachusetts. W.R. Grace and the MBTA, and many other parties, were defendants in an action brought by the federal government which led to the entry of a consent decree for cleanup of the landfill. My partner represents the MBTA in that matter as well. My understanding is that W.R. Grace has paid its share, as have the other defendants and the cleanup is underway; there would appear to be no conflict because the matter is essentially resolved by the consent decree. There could be a problem if cleanup costs exceed what has been presently budgeted, but the engineer states that cleanup costs are on budget.