## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WACCAMAW'S HOMEPLACE, et al. | ) | Case No. 01-0181 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## SIXTH QUARTERLY APPLICATION OF PARKER POE ADAMS & BERNSTEIN L.L.P. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2002

Name of Applicant:    Parker Poe Adams & Bernstein L.L.P.

Authorized to Provide Professional Services to:    The above-captioned debtors and debtors in possession.

Period for which Compensation and Reimbursement is Sought: April 1, 2002 through and including June 30, 2002.

Amount of Compensation Sought as Actual, Reasonable and Necessary:

$7,113.00

Amount of Expense Reimbursement Sought as Actual, Reasonable, and

Necessary:

$254.67

This is a:    ___ monthly    _X_ quarterly    ___final application.

Prior Applications Filed:    Five

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WACCAMAW'S HOMEPLACE, et al.,[1] | ) | Case No. 01-0181 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### SIXTH QUARTERLY APPLICATION OF PARKER POE ADAMS & BERNSTEIN L.L.P. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2002

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedure for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Interim Fee Order"), Parker Poe Adams & Bernstein L.L.P. ("Parker Poe") hereby submits this Sixth Quarterly Application for Allowance of Compensation and Reimbursement of Expenses for the period from April 1, 2002 through June 30, 2002 (the "Application"). By this Application Parker Poe seeks a quarterly allowance of compensation in the amount of $7,113.00 and reimbursement of actual and necessary expenses in the amount of $254.67 for the period April 1, 2002 through June 30, 2002 (the "Quarterly Period"). In support of this Application, Parker Poe respectfully represents as follows:

---

1 The Debtors are the following entities: HomePlace of America, Inc.; HomePlace Management, Inc.; HomePlace Stores, Inc.; and HomePlace Stores Two, Inc.

## Background

1.      On January 16, 2001 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court. Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Court has jurisdictions over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On January 17, 2001, the Court ordered that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      Debtors' retention of Parker Poe as counsel to Debtors was approved effective as of January 16, 2001, by this Court's Order entered February 26, 2001 (the "Retention Order"). The Retention Order authorized Parker Poe to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

5.      On January 17, 2001, the Court entered the Fee Order. Pursuant to the procedures set forth in the Fee Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party serves an objection to a professional's request within twenty (20) days, the Debtors are authorized and directed to promptly pay 80% of the fees and 100% of the expenses requested.

## Compensation Paid and Its Source

6.      All services for which Parker Poe requests compensation were performed

for or on behalf of Debtors.  Pursuant to the Fee Order procedures, Parker Poe has

requested monthly compensation and reimbursement of expenses for the sixth quarterly

period as follows:

| Date Filed | Period Covered | Requested Fee | Requested Expense | Payment Received from Debtor * |
|---|---|---|---|---|
| June 10, 2002 | April 1 – April 30, 2002 | $2,442.50 | $116.47 | $1,766.02 |
| July 24, 2002 | May 1 – June 30, 2002 | $4,670.50 | $138.20 | $ |

        *Fees paid at 80%; Expenses at 100%

No interested party has objected to any Parker Poe monthly request.  Consequently, the

Debtors have remitted payments to Parker Poe as shown in the foregoing chart.

7.      There is no agreement or understanding between Parker Poe and any other

person other than the partners of Parker Poe for the sharing of compensation to be

received for services rendered in these cases.

## Fee Statements

8.      Parker Poe's fee statement for the Quarterly Period is attached hereto as

Exhibit A.  This statement contains daily time logs describing the time spent by each

attorney and paraprofessional during the Quarterly Period.[2]  To the best of Parker Poe's

knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the

---

[2] It is possible that some professional time spent during the Quarterly Period was not captured by the billing system; if so, it will be reflected in a subsequent application.

Fee Order. Parker Poe's time reports are initially handwritten or entered into the billing system by the attorney or paralegal performing the described services. The majority of the time reports are organized on a daily basis. Parker Poe is particularly sensitive to issues of "lumping," and unless time was spent in one time frame or on a variety of different matters for a particular client, separate time entries are set forth in the time reports. Parker Poe's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses

9.      A summary and an itemization of the actual and necessary expenses incurred by Parker Poe for the Quarterly Period are attached hereto as Exhibit A. Parker Poe customarily charges $0.10 per page for photocopying expenses. Parker Poe's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. Parker Poe summarizes each client's photocopying charges on a daily basis. Whenever feasible, Parker Poe send large copying projects to an outside copy service that charges a reduced rate for photocopying.

10.      Parker Poe charges $0.15 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile reflects Parker Poe's calculation of the actual costs incurred by Parker Poe for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside

vendors who provide similar services. Parker Poe does not charge fax receipts to the Debtors in these cases.

11.    Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), Parker Poe charges the standard usage rate these providers charge for computerized legal research. Parker Poe bills its clients the actual cash charged by such services, with no premium. Any volume discount received by Parker Poe is passed on to the Debtors.

12.    Parker Poe believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Parker Poe believes that such charges are in accordance with the American Bar Association ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

13.    A summary of the actual and necessary expenses for the Quarterly Period is as follows:

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|------------------|------------------|----------------|
| Telephone Calls | In House | $48.28 |
| Photocopies | In House | 37.70 |
| On-Line Legal Research | Pacer Service Center | 66.36 |
| Legal Research | Westlaw | 91.39 |
| Overnight Mail Service | Federal Express | 10.94 |
| | **TOTAL:** | **$254.67** |

## Summary of Services Rendered

14.     The attorneys of Parker Poe who have rendered professional services in these cases for which Parker Poe seeks compensation are as follows:  Fred C. Thompson, Jr., J. William Porter, and Kiah T. Ford .  The Paralegals who provided services to these attorneys in these cases are Elizabeth G. Helms and Cindy H. Patterson.

15.     Parker Poe, by and through the above-named persons, has advised Debtors on a regular basis with respect to various matters involving corporate and securities matters, litigation and employment/employee matters.

## Summary of Services by Project

The services rendered by Parker Poe during the Quarterly Period can be grouped into the categories set forth below.  Parker Poe attempted to place the services provided in the category that best relates to such services.  Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A, which also identifies the attorneys and paraprofessionals who rendered services related to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     Corporate and Securities Issues**

This category relates to services provided in connection with general corporate and securities issues.  In that regard, during the Quarterly Period, Parker Poe, among other things:  (1) reviewed, analyzed and addressed issues regarding the HomePlace Board of Directors; (2) reviewed, analyzed and addressed issues regarding a pending

litigation matter; and (3) reviewed and finalized Parker Poe's Sixteenth and Seventeenth Monthly Fee Applications.

Fees:   $6,859.50                    Total Hours:   25.20

## B.    <u>Litigation</u>

Time billed to this category relates to conferences and correspondence regarding various issues pertaining to pre-petition litigation matters.  During the Quarterly Period, Parker Poe spent minimal time relating to such tasks.

Fees:   $253.50                    Total Hours:   1.30

| COMPENSATION BY PROJECT CATEGORY | | |
| --- | --- | --- |
| Project Category | Total Hours | Total Fees Requested |
| Corporate Law Issues/ Securities | 25.20 | $6,859.50 |
| Litigation | 1.30 | 253.50 |
| Total : | 26.50 | $7,113.00 |

## <u>Valuation of Services</u>

Attorneys and Paraprofessionals of Parker Poe expended a total of 26.50 hours in connection with these cases during the Quarterly Period. The nature of work performed by these persons is fully set forth in <u>Exhibit A</u>.  These are Parker Poe's normal hourly rates for work of this character.  The reasonable value of the services rendered by Parker Poe to the Debtors during the Quarterly Period is $7,113.00.

| Name of Professional Individual | Position, year assumed, prior relevant experience, year of obtaining relevant license to practice, area of expertise | Total Hours Billed (April+May+June) | Hourly Billing Rate | Total Compensation (April +May+June) |
|---|---|---|---|---|
| Fred C. Thompson | Partner 1978; Member of NC Bar since 1974; Corporate Group | 14.4 | $385 | $5,544.00 |
| J. William Porter | Partner 1982; Member NC Bar since 1977; Bankruptcy Group | 2.30 | 275 | 632.50 |
| Kiah T. Ford IV | Partner 2001; Member NC Bar since 1994; Commercial Contracts Group | 1.30 | 195 | 253.50 |
| Elizabeth G. Helms | Paralegal; Practicing since 1978; Corporate Group | .70 | 140 | 98.00 |
| Cindy H. Patterson | Paralegal; Practicing since 2001; Commercial Contracts Group | 7.80 | 75 | 585.00 |
| | Total Hours Billed | 26.50 | | |
| | Total Compensation | | | $7,113.00 |

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Parker Poe is fair and reasonable give (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

Dated: August 22, 2002

PARKER POE ADAMS & BERNSTEIN, L.L.P.

J. William Porter
Three Wachovia Center
401 S. Tryon Street, Ste. 3000
Charlotte, North Carolina 28202
Telephone:    704-372-9000
Facsimile:    704-334-4706
Special Corporate Counsel for Debtors and Debtors in Possession