# ATTACHMENT 3

# ReedSmith

| | | | |
|---|---|---|---|
| **TO** | Edward J. Westbrook, Esq. | **FROM** | James W. Bentz |
| Company | Richardson, Patrick, Westbrook & Brickman, LLC | Phone | 412-288-4048 |
| Fax | **843-727-6688** | Fax | 412-288-3063 |
| Phone | 843-727-6513 | Date | August 26, 2002 |

**Total Number of Pages Including Cover Page** _32_

**Original will follow via:** ☒ Regular Mail   ☐ Overnight Delivery   ☐ Messenger   ☐ None

**COPIES TO:**

| Name | Company | Fax | Time Sent |
|---|---|---|---|
| | | | / |
| | | | / |
| | | | / |
| | | | / |
| | | | / |

**NOTES:**

**If you do not receive all of the pages, please call Sherry Kinslow at 412-288-4049.**

Please Transmit Before:   ☐ 9  ☐ 10  ☐ 11 a.m.   ☐ 12  ☐ 1  ☐ 2  ☐ 3  ☐ 4  ☐ 5  ☐ 6  ☐ 7  ☐ 8 p.m.

Client Number: _172573_                   Matter Number: _60026_          Attorney Number: _1185_
Transmission Time: _____ a.m./p.m.    Finish Time: _____ a.m./p.m.
Operator: _____

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is

435 Sixth Avenue
Pittsburgh, PA 15219-1886
412.288.3131
Fax 412.288.3063

Delaware
New Jersey
New York
Pennsylvania
United Kingdom
Virginia
Washington, DC

"ReedSmith" refers to Reed Smith LLP and related entities.

r e e d s m i t h . c o m

# ReedSmith

James W. Bentz ▪ 412.288.4048 ▪ jbentz@reedsmith.com

## _Via Telecopier & Regular Mail_

August 26, 2002

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook &
  Brickman, LLC
174 East Bay Street
Charleston, SC 29401

Re:    W.R. Grace ZAI Science Trial

Dear Ed:

Enclosed please find the following materials:

1.    Debtors' Answers and Objections to ZAI Claimants' First Set of Interrogatories to Debtors;

2.    Debtors' Objections and Responses to ZAI Claimants' First Set of Requests for Production to Debtors; and

3.    Debtors' Objections and Responses to ZAI Claimants' First Set of Requests for Admissions to Debtors.

Very truly yours,

REED SMITH LLP

By: _____
       James W. Bentz

JWB:slk
Enclosures
cc (w/enc.):    James J. Restivo, Jr., Esq.
                Lawrence E. Flatley, Esq.
                Douglas E. Cameron, Esq.

435 Sixth Avenue
Pittsburgh, PA 15219-1886
412.288.3131
Fax 412.288.3063

Delaware
New Jersey
New York
Pennsylvania
United Kingdom
Virginia
Washington, DC

2

reedsmith.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                   )    Chapter 11
                                         )
W. R. GRACE & CO., et al.,               )    Case No. 01-01139 (JKF)
                                         )    (Jointly Administered)
                                         )
                Debtors.                 )

## DEBTORS' ANSWERS AND OBJECTIONS TO ZAI CLAIMANTS' FIRST SET OF INTERROGATORIES TO DEBTORS

Debtors W.R. Grace & Co., et al. ("Debtors") by and through their undersigned

counsel, hereby answer, object and respond to ZAI Claimants' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.      Debtors object to Claimants' Interrogatories to the extent that they purport

to require more of Debtors than is required under the Federal Rules of Civil Procedure as made

applicable here through the Federal Rules of Bankruptcy Procedure and other applicable law.

2.      Debtors object to Claimants' Interrogatories to the extent that they seek

discovery of information and documents which are protected from disclosure by the attorney-

client privilege, or the attorney work product doctrine and/or are otherwise subject to privilege.

3.      Debtors object to Claimants' Interrogatories to the extent that they seek

information and/or documents which are not relevant or reasonably calculated to lead to the

discovery of admissible evidence in the Zonolite Attic Insulation ("ZAI") Science Trial and are

therefore beyond the scope of applicable discovery.

4.      Debtors object to Claimants' Interrogatories to the extent that they seek

disclosure of confidential trade secrets, business and/or proprietary information.

3

5.      Debtors object to Claimants' Interrogatories to the extent that they call for responses from persons or entities other than the Debtors.

6.      Debtors object to Claimants' Interrogatories to the extent that they are overly broad or unduly burdensome.

7.      Debtors object to Claimants' Interrogatories to the extent that they seek disclosure of information and documentation generated by any expert whose testimony is expected to be proffered by Debtors in the ZAI Science Trial. Any and all such non-privileged information and documentation will be produced during the expert discovery phase of pretrial proceedings in the ZAI Science Trial in accordance with the schedule to be set by the Court.

8.      Debtors object to Claimants' Interrogatories to the extent that they seek public information and/or documentation previously submitted to the Environmental Protection Agency ("EPA") or any other government agency and, as such, is now publicly available and may be obtained from the Administrative Record for the Libby, Montana Asbestos Site and Supplements.

## SPECIFIC ANSWERS AND OBJECTIONS

In addition to the general objections set forth above, which are incorporated into each and every response by Debtors to Claimants' Interrogatories, and without prejudice to and without in any way waiving the same, the following specific objections and responses to the specific interrogatories are set forth as follows:

1.      Identify all fact witnesses Grace intends to call at the "Science Trial" and give a summary of their expected testimony.

**RESPONSE:**

**Debtors have made no decision as to the fact witnesses, if any, they intend to call in the ZAI Science Trial. Debtors will disclose such information in accordance with the pre-trial schedule to be set by the Court.**

4

2.    Identify all tests done on the Libby documents that were provided to the EPA to determine if they were contaminated with asbestos.

**RESPONSE:**

Debtors object to this Interrogatory on the grounds that it seeks information which has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial.

3.    Identify all cleaning procedures undertaken with respect to the Libby documents to remove asbestos contamination from them.

**RESPONSE:**

Debtors response to Interrogatory No. 2 is incorporated by reference as if fully set forth herein.

4.    Identify all tests of fiber release from expanded vermiculite, including ZAI, during installation. For each test, please give the date of the test, the location where the test was conducted, identify all individuals who participated in the test, identify the laboratory that analyzed samples from the test and give the results of the test.

**RESPONSE:**

To the extent that this interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in the ZAI Science Trial. The information requested in this Interrogatory regarding ZAI can be derived or ascertained from the Debtors' records that are being produced pursuant to Debtors' Objections and Responses to ZAI Claimants First Set of Requests for Production to Debtors.

5.    Identify all tests of fiber release from expanded vermiculite, including ZAI, during disturbance for renovation. For each test, please give the date of the test, the location where the test was conducted, identify all individuals who participated in the test, identify the laboratory that analyzed samples from the test and give the results of the test.

**RESPONSE:**

Debtors' response to Interrogatory No. 4 is incorporated by reference as if fully set forth herein.

6.    Identify all tests of fiber release from expanded vermiculite, including ZAI, during demolition of a facility containing the material. For each test, please give the date of the test, the location where the test was conducted, identify all individuals who participated in the test, identify the laboratory that analyzed samples from the test and give the results of the test.

**RESPONSE:**

Debtors' response to Interrogatory No. 4 is incorporated by reference as if fully set forth herein.

7.    Identify all cases of mesothelioma reported to date among Libby employees, household contacts of Libby employees or Libby area residents.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Insofar as this Interrogatory requests that Debtors identify cases of mesothelioma attributable to ZAI, Debtors are not aware of any such case.

8.    Identify all air testing done in conjunction with the EPA investigation at Libby.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Insofar as this Interrogatory requests the identification of air testing done on ZAI "in conjunction with the EPA investigation at Libby", Debtors did no such testing. Testing done by the EPA can be identified in the Administrative Record for the Libby, Montana Asbestos Site and Supplements which is publicly available.

9.    Identify all air tests done at Libby after the mine was closed.

**RESPONSE:**

To the extent that this Interrogatory seeks information or documentation on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the Zonolite Science Trial. Insofar as this Interrogatory calls for the identification of air tests on ZAI "done at Libby after the mine was closed", Debtors are not aware of any such tests done by Debtors. Testing done by the EPA may be identified in the Administrative Record for the Libby, Montana Asbestos Site and Supplements which is publicly available.

10.     Identify all tests of settled dust conducted by Grace or of which Grace is
        aware that were done (a) at Libby, (b) on dust from Libby vermiculite, or (c)
        on dust from products made from Libby vermiculite.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials
other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably
calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Insofar as
this Interrogatory requests identification of tests of settled dust from ZAI "conducted by
Grace", Debtors are not aware of any such tests.  Tests conducted by the EPA would be
included in the Administrative Record for the Libby, Montana Asbestos Site and Supplements
and therefore are publicly available.

11.     Identify all reentrainment tests concerning asbestos-containing dust done by
        Grace other than specifically for the Zonolite science trial.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials
other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably
calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Subject to
and without waiver of the foregoing objections and Debtors' General Objections, non-
privileged materials produced by Debtors to Claimants' counsel in litigation prior to Debtors'
bankruptcy filing may be responsive to this Interrogatory. Debtors object to again producing
materials previously provided to Claimants' counsel.

12.     Identify all testing of settled dust for asbestos done by Grace other than
        specifically for the Zonolite science trial.

**RESPONSE:**

**Debtors incorporate their response to Interrogatory No. 10 as if fully set forth
herein.**

13.     Identify all lawsuits brought against Grace alleging asbestos disease from
        exposure to Grace's expanded vermiculite, including ZAI.

**RESPONSE:**

Debtors object to this Interrogatory on the grounds that information requested
by this interrogatory has no relevance to, and cannot lead to the discovery of admissible
evidence on, the issues to be litigated in the ZAI Science Trial. By way of further objection,
the mere filing of a lawsuit, or the disposition of that lawsuit, does not constitute evidence
relevant to the issues to be decided in the ZAI Science Trial.

7

14.    Identify all cases settled by Grace that alleged asbestos disease from exposure to Grace's expanded vermiculite, including ZAI.

**RESPONSE:**

**Debtors incorporate their response to Interrogatory No. 13 as if fully set forth herein. By way of further objection, evidence regarding settlements is inadmissible under Fed. R. Evid. 408.**

15.    Has Grace conducted any type of study to determine the potential number of homes with ZAI? If so, please provide the details of the study and its results.

**RESPONSE:**

**Debtors object to this Interrogatory on the grounds that the information requested by this Interrogatory has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial.**

16.    While selling expanded vermiculite, including ZAI, did Grace ever calculate the number of asbestos fibers (or a range of such fibers) in any given volume (e.g. cubic centimeter of ZAI, bag of ZAI, etc.) If so, state when, who performed the test and provide the results.

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 13 as if fully set forth herein.**

17.    Did Grace ever apply a dust suppressing agent to expanded vermiculite, including ZAI? If so, provide details.

**RESPONSE:**

**Yes. By way of further response, Debtors' response to Interrogatory No. 4 is incorporated by reference as if fully set forth herein.**

18.    Did Grace ever perform any testing on any binding agent designed to prevent the release of asbestos fibers from expanded vermiculite, including ZAI? If so provide details.

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 4 as if fully set forth herein.**

8

19.    Identify all types of asbestos that you or your consultants have identified in Libby vermiculite.

**RESPONSE:**

To the extent that this request seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. The information requested in this Interrogatory regarding ZAI can be derived or ascertained from the Debtors' records that are being produced. Further potentially responsive information provided by the Debtors to the EPA may be found in the Libby Administrative Record for the Libby, Montana Asbestos Site and Supplements and is therefore publicly available.

20.    Identify all tests of asbestos fiber release into the air during the expansion of Libby vermiculite.

**RESPONSE:**

Debtors incorporate their response to Interrogatory No. 15 as if fully set forth herein.

21.    While selling ZAI, did Grace ever inform installers of ZAI or homeowners receiving ZAI, that ZAI contained any asbestos fibers?

**RESPONSE:**

Debtors incorporate their response to Interrogatory No. 15 as if fully set forth herein.

22.    Identify all locations where vermiculite-related documents are stored by Grace.

**RESPONSE:**

To the extent that this Interrogatory seeks information on the location of documents on products or materials other than ZAI it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Subject to and without waiver of the foregoing objections, potentially responsive documents regarding ZAI may be located at: Debtors' Winthrop Square Document Repository in Boston, Massachusetts; the offices of W.R. Grace's Construction Products Division in Cambridge, Massachusetts; the facilities of an off-site storage company used by Debtors and located in Dedham, Massachusetts; Debtors' offices or facilities in Boca Raton, Florida, Columbia, Maryland, and Libby, Montana; the offices of Debtors' counsel, Holme Roberts & Owen LLP in Boulder, Colorado; and the facilities of off-site storage company Iron Mountain in Denver, Colorado.

23.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust at Libby?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

24.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust at the expanding plants?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

25.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust during installation of expanded vermiculite, including ZAI?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

26.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust after installation of expanded vermiculite, including ZAI?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

27.    What precautions does Grace recommend today to individuals who contact Grace about ZAI in their homes?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.  Subject to and without waiver of the foregoing, Debtors' web-site currently advises with respect to ZAI that:**

> "We believe now, as we did during the time we sold the product, that there is no unreasonable risk of injury or illness associated with the presence of the insulation in homes. Homeowners who have Zonolite Attic Insulation in their homes should leave it in place."

The web-site invites homeowners who have questions about ZAI to contact Debtors.

Debtors recommend that homeowners moving or removing ZAI for small remodeling projects or other reasons should:

1.    Wear an appropriate dust respirator.

2.    Lightly mist the insulation with water to minimize dust.

3.    Scoop up and place in trash bags

4.    For remaining dust or particles, use a high efficiency vacuum with a HEPA filter.

5.    Dispose as you would other construction debris in accordance with local waste removal requirements.

28.    Does Grace believe any precautions are necessary when performing work that may disturb ZAI? If so, please describe the precautions.

**RESPONSE:**

**Debtors incorporate their response to Interrogatory No. 27 as if fully set forth**

**herein.**

RESPECTFULLY SUBMITTED

REED SMITH LLP

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz

By _____

435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

SPECIAL ASBESTOS COUNSEL
FOR DEBTORS

12

## VERIFICATION

I, John Port, Controller of Legal Services Group for Debtors, state that I am duly authorized to execute this Verification on their behalf and that the facts contained in the foregoing Debtors' Answers and Objections to ZAI Claimants' First Set of Interrogatories to Debtors are true and correct to the best of my knowledge, information and belief.

_____

John Port

Date _August 23, 2002_

13

-11-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Debtors' Answers and Objec tions to ZAI Claimants' First Set of Interrogatories to Debtors was served this 26th day of Augu st, 2002, via Telecopier and First-Class mail, postage prepaid to:

> Edward J. Westbrook, Esq.
> Richardson, Patrick, Wesbrook &
>   Brickman, LLC
> 174 East Bay Street
> Charleston, SC  29401

Lead Counsel for ZAI Claimants

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
)
W. R. GRACE & CO., et al., ) Case No. 01-01139 (JKF)
) (Jointly Administered)
)
Debtors. )

## DEBTORS' OBJECTIONS AND RESPONSES TO ZAI CLAIMANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEBTORS

Debtors W.R. Grace & Co., et al. ("Debtors") by and through their undersigned counsel, hereby object and respond to ZAI Claimants' First Set of Requests for Production as follows:

## GENERAL OBJECTIONS

1.      Debtors object to Claimants' Requests to the extent that they purport to require more of Debtors than is required under the Federal Rules of Civil Procedure, as made applicable here through the Federal Rules of Bankruptcy Procedure, and other applicable law.

2.      Debtors object to Claimants' Requests to the extent that they seek discovery of information and/or documents which are protected from disclosure by the attorney-client privilege, or the attorney work product doctrine and/or are otherwise subject to privilege.

3.      Debtors object to Claimants' Requests to the extent that they seek information and documents which are not relevant or reasonably calculated to lead to the discovery of evidence admissible in the Zonolite Attic Insulation ("ZAI") Science Trial and are therefore beyond the scope of applicable discovery.

4.      Debtors object to Claimants' Requests to the extent that they seek disclosure of confidential trade secrets, business and/or proprietary information.

5.      Debtors object to Claimants' Requests to the extent that they call for responses from persons or entities other than the Debtors.

6.      Debtors object to Claimants' Requests to the extent that they are overly broad or unduly burdensome.

7.      Debtors object to Claimants' Requests to the extent that they seek disclosure of information and documentation generated by any expert whose testimony is expected to be proffered by Debtors in the ZAI Science Trial. Any and all such non-privileged information and documentation will be produced during the expert discovery phase of pretrial proceedings in the ZAI Science Trial in accordance with the pretrial schedule to be set by the Court.

8.      Debtors object to Claimants' Requests to the extent that they seek public information and/or documentation previously submitted to the Environmental Protection Agency ("EPA") or any other government agency and, as such, is now publicly available and may be obtained from the Administrative Record for the Libby, Montana Asbestos Site and Supplements.

## SPECIFIC RESPONSES

In addition to the general objections set forth above, which are incorporated into each and every response by Debtors to Claimants' Requests, and without prejudice to and without in way waiving the same, the following specific objections and responses to the specific requests are set forth as follows:

1.    Produce all documents referenced in response to any of the accompanying interrogatories served on Grace.

**RESPONSE:**

Debtors' incorporate by reference their Answers and Objections to ZAI Claimants' First Set of Interrogatories as if fully set forth herein. Subject to and without waiver of the foregoing objections, documents referenced in such answers and objections as responsive to ZAI Claimants' interrogatories have been or will be produced to Claimants' counsel.

2.    Produce all documents (including pleadings) produced by any party in <u>Maryland Casualty v. W.R. Grace</u> that dealt with or mentioned vermiculite.

**RESPONSE:**

Debtors object to this request on the grounds it is overly broad, unduly burdensome and seeks information that has no relevance to, and is not reasonably calculated to lead to the discovery of admissible evidence in the ZAI Science Trial. To the extent that any documents properly responsive to other requests are documents that may have been produced in <u>Maryland Casualty v. W.R. Grace</u>, said documents will be produced.

3.    Produce all documents concerning testing of vermiculite to determine if it released asbestos fibers under conditions of foreseeable use.

**RESPONSE:**

Debtors object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial to the extent that it seeks information on products or materials other than ZAI. Debtors will produce responsive documents regarding ZAI. Although many of these documents were made available for inspection and copying to Claimants' counsel in litigation predating Debtors' bankruptcy filing, Claimants' counsel will again be granted access to Debtors' Winthrop Square document repository in Boston, Massachusetts. Claimants' counsel will also be provided non-privileged documents regarding ZAI not previously produced or made available in Debtors' document repository. In addition, counsel for Debtors are in the process of identifying additional documents which are not in said repository and any non-privileged documents regarding ZAI will be produced on a rolling basis, as they are identified and reviewed.

4.     Produce all documents produced to EPA in connection with its investigation of the Libby, Montana situation.

**RESPONSE:**

   **Debtors object to this request on the grounds that it is overly broad, unduly burdensome, and seeks information which has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI science trial. To the extent that any documents properly responsive to other requests are documents that may have been produced to the EPA, said documents will be produced.**

5.     Produce any documents in which Grace discussed the relative toxicity of different types of asbestos fibers.

**RESPONSE:**

   **Debtors incorporate by reference their response to Request No. 3 as if fully set forth herein.**

6.     Produce all documents relating to Grace's acquisition of the Zonolite Company that mention (a) any form of asbestos; (b) dust or fiber; or (c) vermiculite contamination.

**RESPONSE:**

   **Debtors object to this request on the grounds that it is overly broad, unduly burdensome, and seeks information which has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial.**

7.     Produce all computerized indices of vermiculite-related documents that concern to any collection of such documents to which Grace has or had access.

**RESPONSE:**

   **Debtors object to this request on the grounds that it calls for information and/or documentation that is protected by the attorney-client privilege, the work product doctrine and/or is otherwise privileged.**

8.    Produce all Libby-related documents that were previously located in Denver, regardless of their current location.

**RESPONSE:**

**Debtors object to this request on the grounds that it is overly broad, unduly burdensome and seeks information which has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial. To the extent that any documents properly responsive to other requests are documents that may have previously been located in Denver, said documents will be produced.**

9.    Identify all air testing, settled dust testing and fiber release testing conducted by any third party on expanded vermiculite, including ZAI, of which you are aware.

**RESPONSE:**

**Debtors object on the basis that Item 9 is an interrogatory, not a request for production. Debtors further object to this item to the extent that it seeks information or documentation previously provided by counsel for Claimants to Debtors in litigation predating Debtors' bankruptcy filing. Subject to and without waiver of the foregoing objections, Debtors incorporate by reference their response to Request No. 3 as if fully set forth herein.**

10.    Produce all documents relating to patents for vermiculite products or processing.

**RESPONSE:**

**Debtors incorporate by reference their response to Request No. 6 as if fully set forth herein.**

11.    Produce all documents regarding the availability of vermiculite without asbestos during the 1950s to 1980s when expanded vermiculite, including ZAI, from Libby was being sold.

**RESPONSE:**

**Debtors incorporate by reference their response to Request No. 6 as if fully set forth herein.**

12.     Produce all documents from the files of Julie Yang that address
vermiculite, tremolite, other contaminants of vermiculite, any type of
testing on any of the foregoing, Grace's plans to address the potential
hazards of vermiculite or its contaminants, or Grace's contact with
government agencies concerning those hazards.

**RESPONSE:**

        To the extent that this Request seeks information and/or documentation on
products or materials other than ZAI, it is objected to as overly broad, unduly burdensome
and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI
Science Trial. Subject to and without waiver of the foregoing objections, Debtors will
produce non-privileged documents, if any, regarding ZAI that may have been contained in
the requested files of the individual.

13.     Produce all documents from the files of Elwood Wood that address
vermiculite, tremolite, other contaminants of vermiculite, any type of
testing on any of the foregoing, potential hazards of any of the foregoing,
Grace's plans to address the potential hazards of vermiculite or its
contaminants, or Grace's contact with government agencies concerning
those hazards.

**RESPONSE:**

        Debtors incorporate by reference their response to Request No. 12 as if fully
set forth herein.

14.     Produce all documents from the files of H. C Duecker that address
vermiculite, tremolite, other contaminants of vermiculite, any type of
testing on any of the foregoing, Grace's plans to address the potential
hazards of vermiculite or its contaminants, or Grace's contact with
government agencies concerning those hazards.

**RESPONSE:**

        Debtors incorporate by reference their response to Request No. 12 as if fully
set forth herein.

15.     Produce all documents from the files of H. A. Eschenbach that address
vermiculite, tremolite, other contaminants of vermiculite, any type of
testing on any of the foregoing, Grace's plans to address the potential
hazards of vermiculite or its contaminants, or Grace's contact with
government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

    16.    Produce all documents from the files of F. W. Eaton that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

    17.    Produce all documents from the files of W. R. Hanlon that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

    18.    Produce all documents from the files of R. M. Vining that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

    19.    Produce all documents from the files of B. R. Williams that address vermiculite, tremolite, other contaminants of vermiculite, any type of

testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

20.     Produce all documents from the files of J. W. Wolter that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

21.     Produce all documents from the files of C. C. Ou that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

22.     Produce all documents from the files of S. C. Vaughn that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

23. Produce all documents from the files of O. M. Favorito that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

**Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.**

24. Produce all documents from the files of R. C. Ericson that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

**Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.**

25. Produce all documents from the files of W. F. McCord that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

**Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.**

26. Produce all documents from the files of R. Locke that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

27.    Produce all documents from the files of L. Rosenblatt that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

28.    Produce all documents from the files of B. A. Blessington that address vermiculite, tremolite, other contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants, or Grace's contact with government agencies concerning those hazards.

**RESPONSE:**

> Debtors incorporate by reference their response to Request No. 12 as if fully set forth herein.

29.    Produce any documents from the chronological file with J. Peter Grace that concern Libby, vermiculite, tremolite, or any potential hazards of any of the foregoing.

**RESPONSE:**

        Debtors incorporate by reference their response to Request No. 12 as i`` fully set forth herein.

                        RESPECTFULLY SUBMITTED

                        REED SMITH LLP

                        James J. Restivo, Jr.
                        Lawrence E. Flatley
                        Douglas E. Cameron
                        James W. Bentz

                        By_____

                        435 Sixth Avenue
                        Pittsburgh, PA 15219
                        Telephone: 412.288.3131
                        Facsimile: 412.288.3063
                        SPECIAL ASBESTOS COUNSEL
                        FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Debtors' Objections and Re:ponses to ZAI Claimants' First Set of Requests for Production to Debtors was served this 26th day of August, 2002, via Telecopier and First-Class mail, postage prepaid to:

Edward J. Westbrook, Esq.
Richardson, Patrick, Wesbrook &
 Brickman, LLC
174 East Bay Street
Charleston, SC 29401

Lead Counsel for ZAI Claimants

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                      )    Chapter 11
                                            )
W. R. GRACE & CO., et al.,                  )    Case No. 01-01139 (JKF)
                                            )    (Jointly Administered)
                                            )
                       Debtors.             )

## DEBTORS' OBJECTIONS AND RESPONSES TO ZAI CLAIMANTS' FIRST SET OF REQUESTS FOR ADMISSION TO DEBTORS

Debtors W.R. Grace & Co., et al. ("Debtors") by and through their undersigned counsel, hereby object and respond to ZAI Claimants' First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS

1.      Debtors object to Claimants' Requests to the extent that they purport to require more of Debtors than is required under the Federal Rules of Civil Procedure, as made applicable here through the Federal Rules of Bankruptcy Procedure, and other applicable law.

2.      Debtors object to Claimants' Requests to the extent that they seek discovery of information which is protected from disclosure by the attorney-client privilege, or the attorney work product doctrine and/or is otherwise subject to privilege.

3.      Debtors object to Claimants' Requests to the extent that they seek information which is not relevant or reasonably calculated to lead to the discovery of evidence admissible in the Zonolite Attic Insulation ("ZAI") Science Trial  and is therefore beyond the scope of applicable discovery.

27

4.      Debtors object to Claimants' Requests to the extent that they seek disclosure of confidential trade secrets, business and/or proprietary information.

5.      Debtors object to Claimants' Requests to the extent that they call for responses from persons or entities other than the Debtors.

6.      Debtors object to Claimants' Requests to the extent that they are overly broad or unduly burdensome.

7.      Debtors object to Claimants' Requests to the extent that they seek disclosure of information and/or documentation generated by any expert whose testimony is expected to be proffered by Debtors in the ZAI Science Trial. Such non-privileged information and/or documentation will be produced during the expert discovery phase of pretrial proceedings in the ZAI Science Trial in accordance with the schedule to be set by the Court.

8.      Debtors object to Claimants' Requests to the extent that they seek information and/or documentation previously submitted to the Environmental Protection Agency ("EPA") or any other government agency and, as such, is now publicly available and may be obtained from the Administrative Record for the Libby, Montana Asbestos Site and Supplements.

## SPECIFIC RESPONSES

In addition to the general objections set forth above, which are incorporated into each and every response by Debtors to Claimants' Requests, and without prejudice to and without in way waiving the same, the following specific objections and responses to the specific requests are set forth as follows:

1.      Asbestos in ZAI cannot be seen with the naked eye.

**RESPONSE:**

Debtors object to this request on the ground that whether asbestos in ZAI can be seen with the naked eye is irrelevant to, and cannot lead to the discovery of admissible evidence on, the issues to be tried in the ZAI Science Trial. Without waiver of and subject to the foregoing objection, this request is denied as stated.

2. Grace has never located a home in which ZAI was installed where no asbestos was found in the settled dust in the vicinity of ZAI.

**RESPONSE:**

Debtors object to this Request on the basis that it improperly and incorrectly infers that Debtors have looked for or sought "a home in which ZAI was installed where no asbestos was found in the settled dust in the vicinity of ZAI." As Debtors have never made such a search, they cannot respond and therefore object to this request.

3. Tremolite in ZAI served no utilitarian purpose.

**RESPONSE:**

Debtors object to this request on the ground that whether the alleged fact in this request is admitted or denied has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial.

4. Tremolite in ZAI was referred to by Grace as a "tramp" mineral.

**RESPONSE:**

Debtors incorporate their response to Request No. 3 as if fully set forth herein.

5. Grace desired to sell vermiculite without tremolite.

**RESPONSE:**

To the extent that this request applies to products or materials other than ZAI, it is objected to as overly broad. By way of further response, Debtors incorporate their response to Request No. 3 as if fully set forth herein.

6.    Grace was never able to sell vermiculite from Libby that had all the asbestos removed.

**RESPONSE:**

**Debtors incorporate their response to Request No. 3 as if fully set forth herein.**

7.    Grace closed its Libby mining operation while the location still contained large quantities of vermiculite because of Grace's concern about the asbestos contamination of the vermiculite.

**RESPONSE:**

**Debtors incorporate their response to Request No. 3 as if fully set forth herein.**

8.    Grace replaced the vermiculite in its previously vermiculite-based products with perlite that is not contaminated with asbestos.

**RESPONSE:**

**Debtors incorporate their response to Request No. 3 as if fully set forth herein.**

9.    Asbestos in the vermiculite at Libby has caused death and disease.

**RESPONSE:**

Request No. 9 is denied as stated. **Debtors admit only that long term exposures to large concentrations of asbestos encountered during the mining and processing of ore at Libby has been identified as causing or contributing to asbestos-related disease.**

RESPECTFULLY SUBMITTED

REED SMITH LLP

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz

By _____

435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063
SPECIAL ASBESTOS COUNSEL
FOR DEBTORS

31

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Debtors' Objections and Responses to ZAI Claimants' First Set of Requests For Admission to Debtors was served this 26th day of August, 2002, via Telecopier and First-Class mail, postage prepaid to:

> Edward J. Westbrook, Esq.
> Richardson, Patrick, Wesbrook &
>   Brickman, LLC
> 174 East Bay Street
> Charleston, SC 29401

Lead Counsel for ZAI Claimants

32