# ATTACHMENT 4

Law Offices
# RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

JAMES C. BRADLEY
MICHAEL J. BRICKMAN
J. DAVID BUTLER
WILLIAM M. CONNELLY (AZ, IL, SC, TX, WI, WV & MO)
JERRY HUDSON EVANS
NINA H. FIELDS
THOMAS P. GRESSETTE, JR.
H. BLAIR HAHN
DANIEL S. HALTIWANGER
CHRISTIAN H. HARTLEY (SC, DC & MN)
GREGORY A. LOFSTEAD
DANIEL O. MYERS (MI & SC)
KARL E. NOVAK
KEVIN L. OUFNAC (SC & LA)
CHARLES W. PATRICK, JR.
TERRY E. RICHARDSON, JR.
A. HOYT ROWELL, III
T. CHRISTOPHER TUCK (SC & WI)
ROBERT M. TURKEWITZ (SC & NY)
NICHOLAS J. VOGELZANG (IL ONLY)
KIMBERLY S. VROON
EDWARD J. WESTBROOK (DC & SC)
KENNETH J. WILSON (FL, GA & SC)
ROBERT S. WOOD

174 EAST BAY STREET
CHARLESTON, SOUTH CAROLINA 29401
POST OFFICE BOX 879
CHARLESTON, SOUTH CAROLINA 29402
843.727.6500    FAX # 843.216.6509

1750 JACKSON STREET, 2nd Floor
POST OFFICE BOX 1368
BARNWELL, SOUTH CAROLINA 29812
803.259.9900    FAX # 803.541.9625

Of Counsel:
JAMES H. FYFON, JR.(GA & SC)

Reply to:
EDWARD J. WESTBROOK
CHARLESTON OFFICE
843.727.6513
FAX: 843.727.6688

Email:
ewestbrook@rpwb.com

August 30, 2002

Via Facsimile – (412) 288-3063
James W. Bentz, Esq.
Reed Smith Shaw & McClay
435 Sixth Avenue
P.O. Box 2009
Pittsburgh, PA 15219-1886

     Re:    W.R. Grace ZAI Science Trial

Dear James:

     Thank you for your letter of August 26 enclosing Grace's answers to ZAI Claimants' First Set of Interrogatories, Requests for Production and Requests for Admission. We believe a number of your responses are deficient and would like to ask you to reconsider your responses:

### Interrogatories

     **Interrogatory Nos. 2 and 3**: These interrogatories ask Grace to identify tests done on the documents it provided to EPA from Libby to determine if they were contaminated with asbestos and inquire about any cleaning procedures for those documents. Grace has objected on the grounds they seek information that has "no relevance to, and cannot lead to the discovery of admissible evidence" on issues to be litigated in the ZAI Science Trial. We disagree. Issues of asbestos contamination, measuring for asbestos contamination and procedures necessary to deal with asbestos contamination are relevant to the ZAI proceedings. We ask that you reconsider your response and provide a substantive answers to these two interrogatories.

     **Interrogatory Nos. 4, 5 and 6**: These interrogatories request identification of testing performed for fiber release from expanded vermiculite including ZAI during installation, renovation and demolition. Grace has objected to the extent an interrogatory "seeks information on products or materials other than ZAI". We believe this limitation to be unreasonable. As you know, ZAI is a Grace designation for one of its commercial expanded vermiculite products. Grace also sold expanded vermiculite for other uses such as masonry fill, horticultural use. Regardless of the commercial name Grace gave to expanded vermiculite, we believe that testing

on expanded vermiculite for fiber release is relevant to this case. Please reconsider your unilaterally imposed limitation on your responses.

**Interrogatory No. 7**: This interrogatory requests information concerning mesothelioma cases among Libby employees, household contacts of Libby employees or Libby area residents. Again, you have limited your answer only to ZAI and said that Grace knows of no such cases of mesothelioma. Since Libby vermiculite was the source for the vast majority of ZAI, we believe cases of disease from exposures to Libby vermiculite are relevant. We ask that you reconsider.

**Interrogatory No. 10**: Interrogatory No. 10 requests the identification of settled dust testing conducted by Grace or of which Grace is aware at Libby, on Libby vermiculite dust or on dust from products made from Libby vermiculite. Again, you have limited your response to ZAI and stated that Grace has not done any such tests. To the extent that Grace has done settled dust tests on vermiculite or vermiculite products other than ZAI, we ask that you reconsider your refusal to respond for the same reason outlined in my discussion of Interrogatory Nos. 2 and 3. In addition, we believe that settled dust testing done by Grace has independent relevance with respect to the techniques employed by Grace, the reason Grace conducted such tests and the results of such tests in light of Grace's standard position that dust testing has little or no scientific value. We ask that you reconsider your response.

**Interrogatory No. 11**: This interrogatory seeks information concerning re-entrainment tests conducted by Grace on asbestos-containing dust. Again, Grace has objected to answering for any re-entrainment tests "on products or materials other than ZAI". For the same reasons previously discussed, we believe that Grace's techniques, methods and measurements during re-entrainment tests on asbestos-containing dust may well be relevant in the ZAI trial either as support for the scientific value of plaintiffs' testing techniques and results, or in impeachment of testing done by Grace for the ZAI Science Trial. We ask that you reconsider your refusal to respond to this interrogatory beyond ZAI itself. With respect to the ZAI tests, we ask that you identify those "non-privileged materials produced by Debtors to Claimants' counsel in litigation prior to Debtors' bankruptcy filing" that you say "may be responsive to this interrogatory". We do not think we should have to guess as to which materials you previously produced you believe may be responsive. Obviously, someone on your side has reviewed those materials, determined there are some documents that may be responsive and can identify such documents with little effort.

**Interrogatory No. 12**: For the same reasons discussed with respect to Interrogatory No. 10, we ask that you reconsider your limitation of your responses to this interrogatory concerning settled dust testing to ZAI alone.

**Interrogatory No. 13**: We have asked you to identify lawsuits brought against Grace alleging asbestos disease from exposure to expanded vermiculite including ZAI. You have refused to provide that information. We believe that once we have the identity of such lawsuits against Grace, we may well be able to discover relevant evidence through independent investigation and ask that you identify those lawsuits.

**Interrogatory No. 14**: For the same reasons discussed with respect to Interrogatory No. 13, we ask that you reconsider your refusal to provide us with the identity of the cases Grace settled that alleged disease from exposure to expanded vermiculite including ZAI. Obviously, while Grace may not like it, those cases could provide fertile investigatory ground on the potential hazards of expanded vermiculite including ZAI.

**Interrogatory 16:** This interrogatory asks whether Grace ever calculated the number of asbestos fibers in a given volume of ZAI. Grace has objected on the grounds that this interrogatory "has no relevance to, and cannot lead to the discovery of admissible evidence" on ZAI science issues. We believe this objection to be totally unfounded since calculation of how many asbestos fibers are in a given volume of ZAI clearly sets the baseline for the amount of asbestos that could potentially be disturbed.

**Interrogatory Nos. 17 and 18:** These interrogatories ask whether Grace ever applied a dust suppressing agent to expanded vermiculite or performed testing on binding agents. Again, we ask that you not artificially limit your response to ZAI as you have done. Additionally, we expect that Grace will identify which documents are responsive to this interrogatory, since it has employed the option to produce documents instead of answering specifically.

**Interrogatory No. 22**: This interrogatory asks about the locations where vermiculite-related documents are stored by Grace. We ask once again that Grace not artificially limit its responses to ZAI documents. Please identify all locations where vermiculite-related documents are strored.

**Interrogatory No. 26**: This interrogatory asks whether Grace ever recommended precautions to anyone who might disturb asbestos-contaminated dust after installation of expanded vermiculite including ZAI. Grace has refused to answer the interrogatory on the grounds of relevance. We believe that Grace's statements concerning precautions upon disturbance of ZAI could well be relevant in the Science Trial and cannot understand your refusal to respond.

### Requests for Production

**Request No. 1:** This response states that all documents responsive to the interrogatories (as interpreted as Grace) "have been or will be produced to claimants counsel". In response to Interrogatory No. 22, you have identified a number of locations in Massachusetts, Maryland, Florida, Montana and Colorado where Grace is storing vermiculite-related documents. Please let me know when these facilities will be made available to us for document review. Obviously, time is of the essence.

**Request No. 2:** We have asked for documents produced in the Maryland Casualty case that mention vermiculite. Although it is not entirely clear from your response, one interpretation is that Grace is withholding any documents not specifically related to ZAI. For the reasons previously stated, we ask that you produce all vermiculite-related documents.

3

**Request No. 3:** Again we ask that you not limit your production of documents to ZAI, but produce all documents concerning testing of vermiculite to determine if it released asbestos fibers under conditions of foreseeable use. With respect to the documents Grace says it will produce, Grace states it will make the Winthrop Square Repository available and we will be "also be provided non-privileged documents regarding ZAI not previously produced or made available in Debtors' document repository". Please send us such documents immediately. Further, with respect to documents you are in the process of identifying which you state are not in the repository, please produce those documents "on a rolling basis" as you state you will. Do you have any documents to roll out now?

**Request No. 5:** This item requests documents in which Grace discusses the relative toxicity of different types of asbestos fibers. You respond by incorporating your response to Request No. 3. If that means you are going to produce such documents, fine. But if it means that you are not going to produce such documents because of the one of the limitations Grace has imposed on its answers, we need to know that specifically. We again ask that you now impose a "ZAI only" limitation on your answers.

**Request No. 7:** This item requests all computerized indices of vermiculite-related documents to which Grace has access. You have objected on the grounds that these computerized indices are protected by work product or other privilege. We believe that in the context of this action, where the ZAI claimants have been put on a tight time schedule, while Grace has been working during its bankruptcy to computerize documents, production of your computer indices is warranted and that the Court has already so indicated. Please reconsider your refusal to produce these computerized indices.

**Request No. 8:** Please let us know where the responsive documents are now located.

**Request No. 9:** Again, we object to your artificial limitation of your response to ZAI-specific documents, to the extent you have done so. If you are not so limiting your response, please let me know.

**Request No. 10:** This request asks for documents relating to patents for vermiculite products or processing. You refused to produce any such documents on the grounds of relevance. To the extent that patents may discuss the nature of the vermiculite products, their propensity to dust, etc., we believe that such patents certainly can be relevant. Please reconsider your refusal to produce them.

**Request Nos. 11-29:** These requests ask for documents addressing vermiculite, tremolite, contaminants of vermiculite, any type of testing on any of the foregoing, Grace's plans to address the potential hazards of vermiculite or its contaminants and Grace's contact with government agencies concerning those hazards. Grace has artificially limited its response to ZAI. We ask that you reconsider your refusal for the reasons set forth repeatedly in this letter.

I would appreciate your giving prompt and careful consider to our requests so that we may attempt to move discovery along without unduly involving the Court.

We are ready to begin our document review for those documents Grace has agreed to produce, without waiving our position that other documents should also be produced. We do not wish to delay our review of the documents Grace is willing to let us see while Grace ponders whether to give us access to additional documents. Therefore, please let me know when we can visit the Boston Repository and all other locations where Grace has responsive documents.

Finally, would you please serve my associate special counsel, Darrell Scott, with all correspondence, pleadings, etc.

I look forward to working with you and my old friends at Reed Smith again.

Sincerely,

Edward J. Westbrook
ewestbrook@rpwb.com

EJW/kag
cc: Robert Turkewitz, Esq.
    Darrell Scott, Esq.

Law Offices
# RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

JAMES C. BRADLEY
MICHAEL J. BRICKMAN
DAVID BUTLER
WILLIAM M. CONNELLY (AZ, IL, SC, TX, WI, WV & MO)
RRY HUDSON EVANS
NA H. FIELDS
THOMAS P. GRESSETTE, JR.
H. BLAIR HAHN
DANIEL S. HALTIWANGER
CHRISTIAN H. HARTLEY (SC, DC & MN)
GREGORY A. LOFSTEAD
DANIEL O. MYERS (MI & SC)
KARL E. NOVAK
KEVIN L. OUFNAC (SC & LA)
CHARLES W. PATRICK, JR.
TERRY E. RICHARDSON, JR.
THOMAS D. ROGERS
A. HOYT ROWELL, III
T. CHRISTOPHER TUCK (SC & WI)
ROBERT M. TURKEWITZ (SC & NY)
NICHOLAS J. VOGELZANG (IL ONLY)
KIMBERLY S. VROON
EDWARD J. WESTBROOK (DC & SC)
KENNETH J. WILSON (FL, GA & SC)
ROBERT S. WOOD

174 EAST BAY STREET
CHARLESTON, SOUTH CAROLINA 29401
POST OFFICE BOX 879
CHARLESTON, SOUTH CAROLINA 29402
843.727.6500   FAX # 843.216.6509

1750 JACKSON STREET, 2nd Floor
POST OFFICE BOX 1368
BARNWELL, SOUTH CAROLINA 29812
803.259.9900   FAX # 803.541.9625

of counsel:
JAMES H. RION, JR.(GA & SC)

Reply to:
Robert M. TURKEWITZ
CHARLESTON OFFICE
843.727.6672
FAX: 843.727.6509

Email:
rturkewitz@rpwb.com

September 6, 2002

Via Facsimile – (412) 288-3063
James W. Bentz, Esq.
Reed Smith Shaw & McClay
435 Sixth Avenue
P.O. Box 2009
Pittsburgh, PA 15219-1886

Re:  W.R. Grace ZAI Science Trial

Dear Jim:

This is confirm our telephone conversation earlier this morning. In his August 30th letter, Ed Westbrook asked to review the documents that Grace has agreed to produce. The request was made without waiving our position that other documents requested should also be produced. You called and left a message Wednesday offering to produce certain documents on September 9th at Grace's Winthrop Square repository in Boston. Ed Westbrook left you a message affirming that we will proceed with our review on September 9th, and relayed a number of questions about Grace's document production. Since then, you and Ed have been leaving messages for one another.

In our telephone conversation today, we discussed a number of issues and I made a number of requests as follows:

1. I confirmed that we will be in Boston this Monday, September 9th, to begin our review of vermiculite-related documents being produced by Grace in response to our discovery requests. Since our conversation, I spoke with Matt Murphy and firmed up our time of arrival and where we should meet this Monday to review the documents at the repository.

2. I asked about the volume of vermiculite-related documents being produced by Grace at the Winthrop Square repository and the source of the documents. You mentioned that Grace will be producing all of the records that are generally maintained by Grace at Winthrop

6

Square. This includes documents relating to Monokote and acoustical plaster. In addition, boxes of ledger books and possibly other types of documents will be moved from Grace's Cambridge facility and produced at the Winthrop Square repository. I asked you to let us know what other types of documents are being transferred from Cambridge and will be produced. Matt Murphy indicated that Grace is transferring 63 boxes of ledger books, 10-15 boxes of microfilmed invoices, and a number of miscellaneous unscannable materials. Mr. Murphy also mentioned that there are several hundred additional boxes of ledger books in dead storage that are being transferred to Winthrop Square. We are concerned that no effort has been made to identify the vermiculite-related documents out of the universe of documents in the Boston repository. We believe Grace has an obligation to do so.

3. I asked whether the documents being produced will be segregated to coincide with our requests. You indicated that Grace has not segregated the documents and that we are welcome to review the entire repository and identify any ZAI documents to the extent they exist. I asked whether Grace has a detailed index to the documents in the repository. You indicated that to the extent such an index exists, it would be considered privileged and will not be produced.

4. I asked whether Grace has other documents responsive to our requests. You indicated that Grace has documents on compact disks that it will be producing sometime in the future. You did not know how many disks, the number of documents on those disks, or the original sources of the documents. You indicated that the documents on disk are not separated by the subjects set forth in our discovery requests. I asked if Grace had a detailed index for the documents on disk, and you indicated that any index would be considered privileged and would not be produced. I also asked to review the original documents. You said you do not know where the original documents are being maintained and that Grace will only agree at this time to produce the compact disks. Without waiving our request for the original documents and an index to the documents, we request that the disks be produced immediately so we can begin our review. We do not want a dispute over seeing the original documents to delay commencement of our review.

5. In addition to the documents being produced at Winthrop Square and the documents on disk, you stated that the only other responsive documents are approximately 365 boxes of ledger books, which are similar to the ledger books from Cambridge. These documents are either at Boulder or Denver, Colorado, and are not organized to coincide with our discovery requests. I asked you to determine when those records can be made available for our review. Please reconsider this statement with your answer to Interrogatory No. 22, where you identified vermiculite documents in other locations such as Boca Raton, Florida and Columbia, Maryland.

6. I asked whether Grace has a privilege log for all of the documents being produced. You indicated that there is a privilege log for the documents in the Winthrop Square repository, but you did not know if such a log exists for all the other records being produced. We would request that you produce a privilege log for all of the documents being produced.

7

I appreciate your responding to our questions as soon as soon as possible. Please let me know if I have in any way mischaracterized Grace's positions on any of the matters above.

With kindest regards, I am

Sincerely,

Robert M. Turkewitz

cc: Edward J Westbrook, Esq.
Darrell W. Scott, Esq.
Matthew T. Murphy, Esq.

# ReedSmith

|  |  |  |  |
|---|---|---|---|
| Company | Robert M. Turkewitz, Esq.<br>Richardson, Patrick, Westbrook & Brickman, LLC | **FROM** | James W. Bentz |
| Fax | 843-727-3103 | Phone | 412-288-4048 |
| Phone | 843-727-6509 | Fax | 412-288-3063 |
|  |  | Date | September 11, 2002 |

**Total Number of Pages Including Cover Page** 3

**Original will follow via:** ☒ Regular Mail  ☐ Overnight Delivery  ☐ Messenger  ☐ None

**COPIES TO:**

| Name | Company | Fax | Time Sent |
|---|---|---|---|
| Edward J. Westbrook, Esq. | (please copy) |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**NOTES:**

**If you do not receive all of the pages, please call Sherry Kinslow at 412-288-4049.**

**Please Transmit Before:** ☐9 ☐10 ☐11 a.m. ☐12 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 p.m.

Client Number: 172573   Matter Number: 60028   Attorney Number: 08___
Transmission Time: ___:___ a.m./p.m.   Finish Time: ___:___ a.m./p.m.
Operator: _____

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is

435 Sixth Avenue
Pittsburgh, PA 15219-1886
412.288.3131
Fax 412.288.3063

Delaware
New Jersey
New York
Pennsylvania
United Kingdom
Virginia
Washington, DC

reedsmith.com

"Reed Smith" refers to Reed Smith LLP and related entities.

PGHLIB-1003965-
September 11, 2002 4:18 PM

# ReedSmith

James W. Bentz • 412.288.4048 • jbentz@reedsmith.com

<u>*Via Telecopier (843) 727-6509 and Regular Mail*</u>

September 11, 2002

Robert M. Turkewitz, Esq.
Richardson, Patrick, Westbrook
 & Brickman, LLC
174 East Bay Street
Charleston, S.C. 29401

Re:   W.R. Grace ZAI Science Trial

Dear Rob:

I am in receipt of your letter of September 6, 2002 and write in order to clarify certain points and provide you with some additional information that I did not have on Friday.

With respect to your assertion that Grace has an obligation to "identify the vermiculite-related documents out of the universe of documents in the Boston repository," we disagree. First, as you know, we believe that your requests for all vermiculite-related documents are overly broad to the extent that they request documents other than those regarding ZAI. Also, for more than 15 years now, Grace has produced documents in asbestos litigation as they are kept in the usual course of business by making files and records available in its repository. Production in that manner is permissible under the rules and appropriate here. Since our conversation on Friday, I have been advised that written work-product indices to the repository have been made available to your former firm and others in the past under the terms of a confidentiality/non-waiver agreement. I understand that those written indices have now been made available to you subject to the same confidentiality/non-waiver agreement.

As I mentioned, in an effort to make an enormous amount of material available expeditiously, additional documents regarding ZAI will be produced to you on compact disks. We anticipate providing approximately 500,000 pages of non-privileged ZAI documents in this manner. Subject to some unanticipated logistical difficulties that we are working out, approximately 400,000 pages of these documents will be copied onto disks that we intend to provide to you over the next 3 to 4 weeks. We are still in the process of reviewing the other approximately 100,000 pages of ZAI documents and anticipate producing additional compact disks containing them on a rolling basis going forward. Notwithstanding this effort, you have requested that Grace also produce the originals of all these documents. We believe your request is unreasonable and, in any event, we would not be able to produce the originals in a timely or expeditious manner. As I understand Matt Murphy has now explained to you, the process by which these voluminous documents were reviewed and scanned precludes us from producing the original documents. Those originals are maintained in the original boxes, as kept in the usual course of business,

435 Sixth Avenue        Delaware
Pittsburgh, PA 15219-1886    New Jersey
412.288.3131        New York
Fax 412.288.3063    Pennsylvania
                    United Kingdom
                    Virginia
                    Washington, DC

reedsmith.com

09/11/2002 WED 16:17  [TX/RX NO 6478]  ☒002

and thus contain privileged documents, Grace's work product, and non-responsive documents. In the event that a question arises with respect to the original of a particular document, e.g., legibility of marginalia, Grace will make that original available for your inspection.

With respect to additional materials to be brought to and produced at Grace's Winthrop Square repository, I understand that Mr. Murphy advised you that approximately 63 boxes of ledgers were already at the Winthrop Square repository and that producing any additional ledger boxes quickly is not possible because Grace's Cambridge facility is in the middle of transferring all of the boxes in one dead storage area to an off-site facility. I understand that you advised that you would probably only have time on this visit to look at the 63 boxes at Winthrop Square. I also understand that Mr. Murphy agreed to provide you with a box or two of microfilmed invoices as examples, for your review on this initial visit.

With respect to additional boxes of ledgers in Denver, I understand that Mr. Murphy has made available to you a "Sample Ledger Page Index" which contains examples of all the various types of ledgers in the Denver collection. To the extent that you would like to review the approximately 328 boxes of ledgers in Denver, I understand that those documents can be made available for your review at an Iron Mountain facility in the Denver area upon several days notice. Please advise as to whether you are still interested in reviewing those ledgers and, if so, when.

To the extent that your letter requests that documents be made available for your review in Boca Raton, Florida and Columbia, Maryland, please be advised that all non-privileged documents regarding ZAI from those locations have been scanned and will be made available to you on compact disks.

We have no objection to providing a privilege log and will do so as soon as we can.

Finally, we understand that you would like us to provide copies of documents that ZAI claimants' counsel, Thomas Sobol and his colleagues, requested upon visiting the Winthrop Square Repository prior to the bankruptcy. We have no objection to providing you with a copy of that set of documents.

Very truly yours,

REED SMITH, LLP

By: _____
James W. Bentz

JWB/slk
cc: Edward J. Westbrook, Esq.
    Darrell W. Scott, Esq.