# ATTACHMENT 8

IN THE CIRCUIT COURT FOR MADISON COUNTY, ALABAMA

HUNTSVILLE CITY BOARD OF      )
EDUCATION,                    )
                              )
    Plaintiff,                )
                              )
VS.                           )      CIVIL ACTION NO. **CV**83-325L
                              )
NATIONAL GYPSUM COMPANY,      )
et al.,                       )
                              )
    Defendants.               )
_____)


### O R D E R


    The above-styled cause came on for hearing by the Court pur-
suant to special order of this Court at 10:00 AM on Wednesday,
27 May 1987, on all outstanding motions.  Upon consideration of
the pleadings, the motions, and arguments & contentions of counsel,
it is **ORDERED, ADJUDGED, and DECREED** as follows:


    (1)  Plaintiff's "Motion for Joinder of Parties Under Rules
15, 17, 21 & 24" is GRANTED;  and all defense motions in opposition
to such motion for joinder are overruled and denied.


    (2)  Plaintiff's "Motion to Compel Defendant DAVIS-SPEAKE
& ASSOCIATES, INC. to Produce" documents designated for copying
by plaintiff's counsel on 28 October 1985, and to respond to other


-1-

outstanding discovery is GRANTED; and said defendant is allowed
twenty (20) days from this date within which to comply.

(3)   The motion for summary judgment filed by defendant DAVIS-
SPEAKE & ASSOCIATES, INC. is held in ABEYANCE, pending such de-
fendant's compliance with the foregoing discovery order. If de-
fendant complies in good faith with the foregoing discovery order,
such motion shall be heard and ruled upon at the July motion docket
specified hereinafter.

(4)   Plaintiff's "Motion for Sanctions Against Defendant
U.S. GYPSUM COMPANY" is held in ABEYANCE until the end of trial,
and shall be decided at least in part upon such defendant's com-
pliance with the outstanding (and forthcoming, if any) discovery
by plaintiff, and, counsel's arguments concerning the fundamental
question of whether this (or any) Court should sanction said de-
fendant's knowingly false answers to plaintiff's initial interroga-
tories.

(5)   The "Motion of ... Defendant W.R. GRACE COMPANY for
Sanctions in Accordance with Rule 37 of the Ala.R.Civ.P." is over-
ruled and denied.

(6)   All other motions filed prior to this date by plaintiff
or any defendant are overruled and denied.

(7)   All parties must supplement prior responses to interroga-
tories, requests for admissions, and requests for production within
twenty (20) days of this date.   In responding to interrogatories
and other discovery, the parties must bear in mind that the allegedly
dangerous product in question is asbestos.   In that regard, when
responding to interrogatories, answers should not limit information
to specific brand names and products used at specific locations.

(8)   The "Scheduling Order" rendered & entered by this Court
on 24 April 1987 is RESCINDED, and the following schedule is sub-
stituted:

> **FRIDAY, 3 JULY 1987, 10:00 AM**:   Motion docket
> for hearing & ruling on any outstanding discovery
> motions.

> **FRIDAY,   24 JULY 1987**:

>> (a)   Plaintiff's counsel must certify
>>       service of a copy of proposed pre-
>>       trial order on all opposing counsel;
>>       and,

-4-

(b)  Defense counsel must certify service of any
     motions for summary judgment, motions to dis-
     miss, motions for judgment on pleadings, or
     motions in limine upon oppsoing counsel on
     this same date.  No similar motions will be
     allowed after this date, except upon a showing
     of evidence discovered subsequent to this
     date.

**FRIDAY, 31 JULY 1987**:  Any objections that
any defense counsel may have to any portion
of plaintiff's proposed pre-trial order must
be reduced to writing, and copies certified
as served upon opposing counsel by this date;
otherwise, such to be deemed waived.

**FRIDAY, 7 AUGUST 1987, 10:00 AM**:  Pre-Trial
Conference.  On this date, all parties must
exchange lists of witnesses, grouped by fact/
occurrence witnesses on the one hand, and,
expert witnesses on the other.

**MONDAY, 31 AUGUST 1987**:  Discovery cut-off.
No discovery may be initiated after this date,
except for good cause shown.

-5-

**FRIDAY, 4 SEPTEMBER 1987:**  Last date to supplement lists of witnesses exchanged at pre-trial conference, but only upon good cause shown and/or of newly discovered evidence.

**MONDAY, 5 OCTOBER 1987, 1:30 PM:**  Jury selection shall commence in Courtroom # 1 (<u>i.e.</u>, the Courtroom of Presiding Judge of this Circuit), Madison County Courthouse, Huntsville, Alabama.

**DONE and ORDERED** this ___11th___ day of June, 1987.

_____
Circuit Judge

<u>Distribution</u>:

Attached.

HUNTSVILLE CITY BOARD OF EDUCATION v.
NATIONAL GYPSUM CO., ET AL
ATTORNEYS

Attorneys for Plaintiff
Mr. J. R. Brooks
FORD, CALDWELL, FORD & PAYNE
P. O. Drawer 527
Huntsville, AL 35804
205/533-5030

Mr. Edward J. Westbrook
BLATT & FALES
P. O. Box 1137
Charleston, SC 29402
803/577-6747

Mr. Daniel A. Speights
P. O. Box 685
Hampton, SC 29924
803/943-4444

Attorney for W. R. Grace Co.:
Mr. J. Glynn Tubb
EYSTER, EYSTER, KEY & TUBB
P. O. Box 1607
Decatur, AL 35602
205/353-6761

Attorney for United States Gypsum Co.:
Mr. Harold F. Herring
LANIER, SHAVER & HERRING
404 Madison Street, South
Huntsville, AL 35801
205/533-5920

Attorney for Davis Speake & Assoc.:
Mr. Bibb Allen
RIVES & PETERSON
1700 Financial Center
Birmingham, AL 35203
205/328-8141

Attorney for Owens-Corning Fiberglass:
Mr. James. L. Clark
LANGE, SIMPSON, ROBINSON & SOMERVILLE
1700 First Alabama Bank Building
Birmingham, AL 35203
205/250-5000

Attorney for National Gypsum Co.:
Mr. L. Tennent Lee, III
CLEARY, LEE, MORRIS, EVANS & ROWE
P. O. Box 68
Huntsville, AL 35804
205/533-9025