**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                            :
In re:                                      :    Case No. 01- 01139
                                            :    thru 01200 (AMW)
                                            :
W. R. GRACE & CO., et al.,                  :    Chapter 11
                                            :
    Debtors.                                :    Jointly Administered
                                            :
                                            :    **Hearing Date: October 28, 2002 at 10:00 a.m.**
                                            :    **Objections Due: October 11, 2002 at 4:00 p.m.**
_____:

**MOTION OF WACHOVIA BANK NATIONAL**
**ASSOCIATION FOR RELIEF FROM THE**
**AUTOMATIC STAY IN ORDER TO EFFECT SETOFF**

COMES NOW Wachovia Bank National Association ("Wachovia"), a creditor and party in interest herein, by and through its attorneys, and hereby moves this Court for the entry of an Order pursuant to 11 U.S.C. §§ 362 and 553 granting relief from the automatic stay to effect the setoff of funds held by Wachovia in a pre-petition demand deposit account owned by debtor W. R. Grace & Co.-Conn. ("Grace-Conn") against certain obligations of Grace-Conn to Wachovia pursuant to various letters of credit issued pre-petition by Wachovia for the account of Grace-Conn. In support of the Motion, Wachovia respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background and Procedural History**

2. On April 2, 2001 (the "Petition Date"), Grace-Conn, W. R. Grace & Co., and other affiliated entities (collectively referred to as the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the

ATLLIB01 1409852.4

Petition Date, the Debtors have continued in possession of their assets and in control of their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, on May 20, 1971, Grace-Conn established a Demand Deposit Account, account number 8619-039102 (the "DDA") in North Carolina with Wachovia.

4. On the Petition Date, Wachovia administratively froze the DDA. On such date, the balance in the DDA was $612,622.86 (the "DDA Balance"), which balance remains intact as of the date hereof.

5. Prior to the Petition Date, Wachovia issued various stand-by letters of credit for the account of Grace-Conn (the "Letters of Credit"), thereby creating a pre-petition contingent claim for reimbursement by Wachovia against Grace-Conn in the amount of any subsequent draws under the Letters of Credit.

6. Subsequent to the Petition Date, draws in the aggregate amount of $783,429.00 (the "Draws") were made under certain of the Letters of Credit, as follows:

| LC# | Effective Date | Prepetition LC Balance | Unreimbursed Draw | Date of Draw | Expiry Date | Beneficiary |
|---|---|---|---|---|---|---|
| LC870-091344 | 12/02/97 | $23,260,360 | $558,739 | 05/15/02 | 12/02/02 | Chase Manhattan Bank |
| LC870-122413 | 07/13/00 | $12,775,500 | $224,700 | 01/23/02 | 07/05/03 | Fireman's Fund Insurance Company |
| **Total:** | | | **$783,439** | | | |

## Argument

7. Wachovia placed an administrative freeze on the DDA Balance after the Petition Date. See Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 21 (1995) (holding that creditor

with valid right of setoff may place administrative hold on funds in debtor's deposit account without violating automatic stay).

8.  Wachovia now seeks relief from the automatic stay of section 362 of the Bankruptcy Code in order to exercise its state law right of setoff of the DDA Balance against a portion of Grace-Conn's non-contingent obligations to Wachovia under the Letters of Credit.[1]

9.  Once the automatic stay of section 362 has taken effect, a creditor must, prior to exercising its rights of setoff, obtain relief from the automatic stay. See 11 U.S.C. § 362(a)(7); see also Lessig Const., Inc. v. Schnabel Assoc., Inc. (In re Lessig Const., Inc.), 67 B.R. 436, 443 (Bankr. E.D. Pa. 1986) ("[W]e point out that the automatic stay, in any event, bars the Defendant from setting off any claims against the Debtor without first obtaining relief from the stay.").

10. However, relief from the automatic stay should be granted, for cause, when a creditor has a state law right of setoff and the requirements of section 553 are satisfied. See In re Nuclear Imaging Sys., Inc., 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000) ("Courts have generally concluded that the existence of mutual obligations subject to setoff constitutes sufficient 'cause' to meet the creditor's initial evidentiary burden in seeking relief from the automatic stay."); In re Firestone, 179 B.R. 148, 148 (Bankr. D. Neb. 1995) ("A right to setoff under § 553 establishes a prima facie case of cause to lift the automatic stay.") (emphasis in original).

11. The Bankruptcy Code does not create a right of setoff; rather, subject to certain limitations, it preserves the pre-existing common law right of setoff under state law. See Cohen v. Savings Building & Loan Co. (In re Bevill, Bresler & Schulman Asset Mgmt. Corp.), 986

---

[1] Even after such setoff, Wachovia would still retain a non-contingent claim against Grace-Conn for the amount of the Draws in excess of the DDA Balance, and a contingent claim for all undrawn amounts under the Letters of Credit.

F.2d 54, 57 (3d Cir. 1990) ("Section 553 incorporates and preserves in bankruptcy law the right of setoff available at common law.").

12. Under section 553 of the Bankruptcy Code, setoff will be permitted where, as here, the following conditions are met: (1) the creditor's claim against the debtor arose pre-petition; (2) the creditor also owes a debt to the debtor that arose pre-petition; (3) the claim and debt are "mutual;" and (4) the claim and debt are valid and enforceable under state law. See id.; see also Collier on Bankruptcy ¶ 553.03[3][b], p. 553-58 (15th rev. ed.).

13. Grace-Conn's obligations to Wachovia under the Letters of Credit arose prior to the Petition Date, when the Letters of Credit were issued, and Wachovia has a non-contingent claim against Grace-Conn in the amount of the Draws made thereunder, or $783,429. The DDA Balance of $612,622.86 represents a pre-petition obligation of Wachovia to Grace-Conn in that amount. Therefore, the claim and the debt are between the same two parties in the same capacity, and the claim and the debt are, therefore, "mutual."

14. At common law, as well as under North Carolina statutory law, banks have a right to setoff matured debts their depositors owe them against amounts on deposit in the debtor's account. See N.C. Gen. Stat. § 54C-169(a) (2002); see also Continental Trust Co. v. Spencer, 138 S.E. 124, 124 (N.C. 1927) ("'If the depositor becomes bankrupt, his deposit becomes security for the payment of his debt to the bank. . . . [T]he bank may retain possession of the deposit until such time as the probable indebtedness shall be ascertained, when the deposit may be set off against it.'") (citations omitted); North Carolina v. Lawrence, 378 S.E.2d 207, 208-09 (N.C. Ct. App. 1989) ("As debtors of their general depositors banks have long had the right to setoff against the deposits any matured debts the depositors owe them.") (citation omitted).

15. The requirements for setoff in this case are satisfied. Grace-Conn owes to Wachovia the amount of the Draws (in addition to its contingent obligation for undrawn amounts). Wachovia owes to Grace-Conn the amount of the DDA Balance. These debts each arose pre-petition. The debts are mutual in that the debts are owed between the same parties and the parties are acting in the same capacity. Both Wachovia and Grace-Conn have valid claims arising from debts owed to each other. Thus, the elements of setoff are established and relief from the automatic stay should be granted to Wachovia to exercise its setoff rights.

16. Furthermore, because the balance in the DDA is less than the amount of Wachovia's non-contingent claim in this case, Wachovia is an undersecured creditor. Grace-Conn does not have any equity in the DDA, and the funds in the DDA are not necessary to an effective reorganization.

17. Wachovia is therefore entitled to relief from the automatic stay of section 362(d)(1), for cause, based upon Wachovia's state law right of setoff against the DDA. Wachovia is also entitled to relief from the automatic stay under section 362(d)(2) due to Grace-Conn's lack of equity in the DDA, and the fact that the DDA is not necessary to Grace-Conn's effective reorganization.

WHEREFORE, Wachovia respectfully requests that the Court enter an Order:

A. Granting this Motion;

B. Terminating the automatic stay as to Wachovia in order that Wachovia may effect a setoff of the DDA Balance against its non-contingent claim against Grace-Conn arising from the Draws; and

C.	Granting such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted,

**MCCARTER & English LLP**

Dated: September 20, 2002

\_\_/s/ Thomas D. Walsh_____
Thomas D. Walsh, Esquire (Del. # 3783)
919 North Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 984-6300
Fax: (302) 984-6399

and

**KILPATRICK STOCKTON LLP**
Todd C. Meyers
Georgia Bar No. 503756
Kathleen M. O'Connell
Georgia Bar No. 548909
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Fax: (404) 815-6555

Attorneys for Wachovia Bank National Association