IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-001139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 2704 and 2710 |

### DEBTORS' OBJECTIONS TO THE ZAI CLAIMANTS' MOTION TO COMPEL

Debtors object to the ZAI Claimants ("Claimants") Motion to Compel Production (the "Motion to Compel") filed on September 18, 2002. The discovery issues raised by the Motion to Compel do not constitute an emergency justifying the need to have the Debtors and the Court respond and hear this matter in a period of two business days. The Motion to Compel should be denied as premature or set for hearing before the Court in a reasonable period of time after the parties have had the opportunity to meet and confer and Debtors have had a meaningful opportunity to respond. Alternatively, Debtors request that the Motion to Compel be denied as meritless. In support of these objections, the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Statement of Facts

1. On July 26, 2002, the ZAI Claimants served the Debtors with their first written discovery requests.

2. On August 26, 2002, the Debtors timely served their responses on the Claimants. Generally speaking, the Debtors took the position that they would only produce information and documents regarding ZAI, the product at issue in the ZAI Science Trial. The Debtors also advised the Claimants that Debtors would produce for inspection responsive documents already in Grace's Winthrop Square document repository and would produce, on compact disks, additional ZAI documents not in the repository.

3. In an August 30, 2002 letter to Reed Smith, LLP, Debtors' Special Asbestos Litigation Counsel, Claimants' counsel asked Debtors to reconsider their responses to some of the interrogatories and almost all of the requests for production. At the end of that letter, Claimants made the specific request that they be permitted to begin reviewing documents while Debtors considered whether they would produce additional documents.

4. After trading calls for several days with Claimants' counsel, Debtors' counsel finally spoke to Claimants' counsel on Friday, September 6, 2002. In that conversation, Debtors arranged for Claimants' immediate review of documents beginning on Monday, September 9, 2002. The review is continuing to date. In that conversation, counsel only discussed logistics and how Debtor intended to conduct the production. Claimants' counsel faxed Debtors' counsel a letter the afternoon of September 6, 2002 purporting to memorialize the conversation.

5. On Wednesday, September 11, 2002, Debtors' counsel faxed a letter to Claimants' counsel clarifying points raised in the September 6, 2002 letter and providing additional information concerning the ongoing document production that Debtors' counsel did not have on the previous Friday.

6. During the week following September 11, 2002, Claimants continued reviewing documents at the repository without responding to Debtors' letter or otherwise contacting Debtors' counsel.

7. On Wednesday evening, September 18, 2002, Debtors' Bankruptcy counsel received the Motion to Compel and Motion to Expedite Hearing which it forwarded to Debtors' Special Asbestos Litigation Counsel. This is the first word of any kind that Debtors' counsel had received on the document production since its September 11, 2002 letter.

Argument -- The Motion to Compel Should Be Denied

8. Claimants' Motion to Compel is both premature and without merit.

9. Claimants' Motion to Compel gives the false impression that Claimants are starting from scratch and that Debtors have, to date, precluded them from beginning a meaningful review of documents. This is not true.

10. Debtors recognize that the parties may have unresolved issues regarding the manner and scope of production. However, the Debtors have not held up the Claimants in any way from proceeding with a meaningful document review. In fact, the Claimants are now in the second full week of such document review.

11. The Claimants' document review began on September 9, 2002 in Debtors' Winthrop Square document repository. Far from Claimants' suggestion that they are unfamiliar with or unable to use the repository, Claimants' counsel has been to the repository on approximately 15 prior occasions in 14 prior cases.

12. Claimants not only ignore the fact that they start with the knowledge that comes from having previously reviewed Debtors' documents regarding asbestos, vermiculite and Libby on many prior occasions, but also ignore the specific ZAI documents that were produced to Claimants' counsel during the Barbanti litigation prior to bankruptcy.

C:\Documents and Settings\sem\Local Settings\Temporary Internet Files\OLK3\1008325.doc

13.     Moreover, after the Barbanti preliminary injunction hearing but before the bankruptcy filing, Plaintiffs' counsel in the ZAI Class Action litigation spent weeks in the repository with a team of 8 people and selected more than 52,400 pages for copying. Debtors have already made those documents available to Claimants' counsel and copies will be provided to Claimants' counsel shortly. Thus, in addition to the documents that Claimants' counsel have analyzed previously, some of which have been attached to pleadings in this case, they can be analyzing numerous additional documents almost immediately. Further, when they arrived at the repository almost two weeks ago, Debtors directed Claimants' counsel to 61 particular boxes most likely to have documents on asbestos, vermiculite, ZAI and Libby. Debtors also have directed Claimants' counsel to several boxes of ZAI advertising materials. Claimants tagged over 4,000 pages for copying during their first week of review.

14.     The Debtors set forth their position on the proper scope of the ZAI Science Trial discovery in their August 26, 2002 discovery responses. The Claimants set forth their position in their August 30, 2002 letter. The parties have not had a "meet and confer" on the issues. As a result, Claimants' Motion to Compel is premature and potentially unnecessary.

15.     If the outstanding discovery issues were a real emergency, the Claimants presumably would have filed their Motion to Compel on September 12, 2002, just after receiving Debtors' letter clarifying the document production, so that it would comply with the Court's rules, the Court would be able to review the issues in a reasonable manner and the Debtors would have a meaningful opportunity to respond. Rather than being prompted by a genuine emergency, Claimants' late filing of their motion to compel appears to be calculated to preclude Debtors from having a meaningful opportunity to fully respond to the issues raised.

16. At the very least, the Court should deny the Claimants' Motion to Compel as premature, provide a reasonable period for the parties to meet and confer on the matters raised in the Motion to Compel and set the Motion to Compel for a hearing thereafter, providing Debtors the opportunity to meaningfully respond to the Motion to Compel, if necessary.

WHEREFORE, the Debtors respectfully request that the Claimants' Motion to Compel be denied and the Court grant such further relief as the Court deems appropriate.

September 20, 2002

Respectfully submitted,

REED SMITH LLP
James J. Restivo, Jr.
Douglas Cameron
James W. Bentz
435 Sixth Avenue
Pittsburg, PA 15219

KIRKLAND & ELLIS
David Bernick
James W. Kapp III
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200

*Scotta E. McFarland*

PACHULSKI, STANG, ZIEHL YOUNG & JONES PC
Laura Davis Jones (#2436)
Scotta E. McFarland. (#4184)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Tel: (302) 652-4100
Co-Counsel for the Debtors and Debtors in Possession