IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections Deadline:  To Be Determined |
| | | Hearing Date:  September 23, 2002, at 10:00 am |

## SUMMARY OF THE FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2002

Name of Applicant: **Nelson Mullins Riley & Scarborough, L.L.P.**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **July 19, 2001**

Period for which compensation and reimbursement is sought: **April 1, 2002 through June 30, 2002**

Amount of Compensation sought as actual, reasonable, and necessary: **$60,393.50**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of expense reimbursement sought as
actual, reasonable, and necessary:          **$701.74 for the period**

This is a ___ monthly _x_ quarterly ___ final application.

Prior fee applications:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| October 17, 2001 | July 19, 2001 – July 31, 2001 | $28,316.50 | $234.68 | $22,653.20 | $234.68 |
| October 17, 2001 | August 1, 2001-August 31, 2001 | $69,119.50 | $1,196.84 | $55,295.00 | $1,196.84 |
| October 17, 2001 | May 1, 2001-June 30, 2001 | $113,762.50 | $2,155.05 | $113,762.501 | $2,155.05 |
| December 19, 2001 | October 1, 2001–October 31, 2001 | $67,906.50 | $1,348.82 | $54,325.20 | $1,348.82 |
| January 23, 2001 | November 1, 2001-November 30, 2001 | $26,792.00 | $168.41 | $21,433.60 | $168.41 |
| February 26, 2002 | December 1, 2001-December 31, 2001 | $24,895.00 | $673.51 | $19,916.00 | $673.51 |
| May 1, 2002 | January 1, 2002-January 31, 2002 | $21,009.00 | $147.52 | $16,807.20 | $147.52 |
| June 18, 2002 | February 1, 2002-February 28, 2002 | $24,897.00 | $122.30 | $19,917.60 | $122.30 |
| June 18, 2002 | March 1, 2002-March 31, 2002 | $17,003.00 | $52.22 | $13,602.40 | $52.22 |
| June 25, 2002 | September 1, 2001-September 30, 2001 | $31,625.50 | $488.83 | $25,300.40 | $488.83 |
| June 25, 2002 | April 1, 2002-April 30, 2002 | $17,827.00 | $345.71 | $14,261.60 | $345.71 |
| July 2, 2002 | May 1, 2002-May 31, 2002 | $27,070.00 | $177.64 | $21,656.00 | $177.64 |
| June 26, 2002 | January 1, 2002-March 31, 2002 | $62,909.00 | $322.04 | $62,909.00 | $322.04 |
| August 14, 2002 | June 1, 2002-June 30, 2002 | $15,674.89 | $177.39 | $12,397.20 | $177.39 |
| August 29, 2002 | July 1, 2002 – July 31, 2002 | $14,785.20 | $225.82 | Pending | Pending |
| September 3, 2002 | July 19, 2001-September 30, 2001 | $129,061.50 | $1,920.35 | Pending | Pending |
| September 3, 2002 | October 1, 2001 – December 31, 2001 | $119,593.50 | $2,190.74 | Pending | Pending |

The Nelson Mullins Riley & Scarborough, L.L.P. attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| George B. Cauthen | Partner | 25 years | Bankruptcy | $270.00 | 1.70 | $729.00 |
| David M. Cleary | Partner | 20 years | Environmental | $290.00 | 40.80 | $11,832.00 |
| Karen Crawford | Partner | 20 years | Environmental | $275.00 | .20 | $55.00 |
| Bernard F. Hawkins, Jr. | Partner | 11 years | Environmental | $240.00 | 70.20 | $16,848.00 |
| Rose-Marie T. Carlisle | Of-Counsel | 18 years | Environmental | $220.00 | 51.70 | $11,374.00 |
| Kevin J. Heiser | Associate | 3 years | Bankruptcy | $180.00 | 24.90 | $4,482.00 |
| Newman Jackson Smith | Partner | 23 years | Environmental | $250.00 | 5.20 | $1,300.00 |
| Mary Ellen Ternes | Of-Counsel | 6 years | Environmental | $220.00 | 4.00 | $880.00 |

The Nelson Mullins Riley & Scarborough, L.L.P. paraprofessionals who rendered professional services in these cases during the Fee Period are:

| Karen Brown | Paralegal | 13 years | Environmental | $125.00 | 85.80 | $10,475.00 |
|---|---|---|---|---|---|---|
| D. B. Green | Paralegal | 2 years | Bankruptcy | $85.00 | 1.00 | $85.00 |
| Kelly K. Smith | Paralegal | 5 years | Environmental | $100.00 | .30 | $30.00 |
| Laurie K. Thomas | Paralegal | 7 years | Environmental | $95.00 | 23.80 | $2,261.00 |
| Martha Waddell | Paralegal | 8 months | Environmental | $85.00 | .50 | $42.50 |

Grand Total for Fees: $60,393.50
Blended Rate:          $194.75

## Compensation by Matter

| Matter Number | Matter | Total Hours | Total Fees Requested |
|---|---|---|---|
| 02399/01501 | Rock Hill Chemical Superfund Site | .50 | 85.00 |
| 02399/06003 | Beaco Road Site | 6.40 | 1,741.00 |
| 02399/06011 | Enoree Site Management | 65.80 | 14,160.50 |
| 02399/06012 | Owensboro Site Management | 20.50 | 4,960.00 |
| 02399/06023 | Libby, MT – General Environment | 1.60 | 464.00 |
| 02399/06027 | Project Allen | 79.80 | 11,984.50 |
| 02399/06030 | Aiken – Title /v Permit App. Iss. | 4.00 | 930.00 |
| 02399/06031 | Li Tungsten | 1.70 | 428.00 |
| 02399/06032 | Charleston | 82.20 | 18,175.00 |
| 02399/06033 | Weedsport, NY | .60 | 174.00 |
| 02399/06034 | Expanding Plant – Trenton, NJ | .60 | 174.00 |
| 02399/06042 | Libby Expansion Plants-Newark, CA | 1.00 | 125.00 |
| 02399/06049 | Aqua-Tech | 1.80 | 472.00 |
| 02399/06046 | Libby Expansion Plants-Dallas | 6.20 | 759.00 |
| 02399/06086 | Libby Expansion Plants-Wilder, KY | .50 | 145.00 |
| 02399/06089 | FOIA Request | .80 | 76.00 |
| 02399/06090 | Vydac, CA | 2.50 | 600.00 |
| 02399/06091 | Fee Applications | 39.80 | 5,834.50 |
| TOTAL | | 310.10 | $60,393.50 |

## Expense Summary

| Description | Amount |
|---|---|
| Telephone | $   39.01 |
| Standard Copies | 183.05 |
| Outside Services | 356.14 |
| Federal Express | 32.74 |
| Postage | 7.50 |
| Travel | 83.30 |
| Total | $701.74 |

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections due:  To Be Determined |
| | | Hearing date:  September 23, 2002 at 10:00 a.m. |

**FOURTH QUARTERLY INTERIM VERIFIED APPLICATION OF NELSON
MULLINS RILEY & SCARBOROUGH, LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE
& CO., ET AL., FOR THE INTERIM PERIOD FROM
APRIL 1, 2002 THROUGH JUNE 30, 2002**

Pursuant to sections 327, 330 and 331 of title II of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order as defined

below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Revised Procedures for Interim Compensation and Reimbursement of Professionals and

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Official Committee Members (the "Amended Order") and Del. Bankr. LR 2016-2, the law firm of Nelson Mullins Riley & Scarborough, L.L.P. ("NMRS"), special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $60,393.50 for the reasonable and necessary legal services NMRS has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that NMRS has incurred in the amount of $701.74, for the interim quarterly period from April 1, 2002 through June 30, 2002 (the "Fee Period"). In support of this Application, NMRS respectfully states as follows:

## BACKGROUND

### Retention of NMRS

1.    On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security

2

Holders' Committee", collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2.    By this Court's Order dated July 19, 2001, the Debtors were authorized to retain NMRS as their special counsel with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate NMRS at hourly rates charged by NMRS for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3.    Pursuant to the procedures set forth in the Amended Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.    Furthermore, and also pursuant to the Amended Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional

3

100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.    This is the Fourth Quarterly Fee Application for compensation for services rendered that NMRS has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of April 1, 2002 through June 30, 2002 (the "Fourth Quarterly Fee Application").

6.    NMRS has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

1.    Verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the first interim period from April 1, 2002 through April 30, 2002 filed June 25, 2002 (the "April 2002 Fee Application") attached hereto as Exhibit A.

2.    Second verified application of for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the second interim period from May 1, 2002 through May 31, 2002 filed July 2, 2002, (the "May 2002 Fee Application") attached hereto as Exhibit B.

3.    Fourth verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as

4

bankruptcy counsel to W. R. Grace & Co., et al., for the third interim monthly period from June 1, 2002 through June 30, 2002 filed August 14, 2002 (the "June 2002 Fee Application") attached hereto as Exhibit C.

7.    The periods for objecting to the fees and expense reimbursement requested in all Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court for April 2002, May 2002 and June 2002 and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.  The period covered by the Fourth Quarterly Fee Application has been scheduled for hearing on November 25, 2002.

8.    Nelson Mullins Riley & Scarborough L.L.P. has advised and represented the Debtors in connection with environmental and litigation matters.

### Previous Quarterly Fee Applications

9.    Nelson Mullins Riley & Scarborough L.L.P. has previously filed the following Quarterly Fee Applications:

a.  First Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002, filed June 26, 2002 (the "First Quarterly Fee Application").

b.  Second Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from July 19, 2001 through September 30, 2001, filed September 3, 2002.

5

c. Third Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from October 2, 2001 through December 31, 2001, filed September 3, 2002.

10.     There have been no objections filed with respect to the Quarterly Applications.   The hearing for the First Quarterly Interim Verified Application was held August 26, 2002.  The Second and Third Quarterly Interim Verified Applications are scheduled for hearing on September 23, 2002.  The Debtors have filed certificates of no objection with respect to all Fee Applications related to the Quarterly Applications and will be paid 80% of the compensation requested for fees and reimbursed 100% of the expenses.

## **REQUESTED RELIEF**

11.     By this Fourth Quarterly Fee Application, NMRS requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by NMRS for the Fee Period, which is from April 1, 2002 through June 30, 2002 as detailed in the Applications, less  any amounts previously paid to NMRS pursuant to the Applications and the procedures set forth in the Amended Order.   As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

12.     NMRS may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the

6

Debtors and the Chapter 11 Cases. NMRS disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. NMRS will update the Affidavits when necessary and when NMRS becomes aware of material new information.

## REPRESENTATION

13.    NMRS believes that the Application is in compliance with the requirements of Del. Bankr. LR 2016-2.

14.    Nelson Mullins Riley & Scarborough L.L.P. performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15.    NMRS has received payments for the April 2002 fee application.

16.    Pursuant to Fed. R. Bankr. P. 2016(b), NMRS has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of NMRS, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, NMRS respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, April 1, 2002 through June 30, 2002, an administrative allowance be made to Nelson Mullins Riley & Scarborough L.L.P in the sum of (i) $60,393.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $701.74 for reimbursement of actual and necessary costs and expenses incurred, for a total of $61,095.24, (b) that the

7

Debtors be authorized and directed to pay to NMRS the outstanding amount of such sums less any sums previously paid to NMRS pursuant to the Applications and the procedures set forth in the Amended Order and (c) that this Court grant such further relief as is equitable and just.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _____
Newman Jackson Smith (SC Fed. Bar No. 4962 )
151 Meeting Street – Suite 600
Charleston, South Carolina  29401
Telephone: (843) 534-4309
Facsimile: (843) 722-8700

Dated: _9/12/02_____

8

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections due: July 10, 2002 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections are |
| | | timely filed and served. |

## SUMMARY OF THE ELEVENTH MONTHLY VERIFIED
## APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. FOR
## COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
## AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM
## PERIOD FROM APRIL 1, 2002 THROUGH APRIL 30, 2002

Name of Applicant:                              **Nelson Mullins Riley & Scarborough,**
                                                **L.L.P.**

Authorized to Provide Professional Services to:  **W. R. Grace & Co., et al., Debtors and**
                                                **Debtors-in-Possession**

Date of Retention:                              **July 19, 2001**

Period for which compensation and
reimbursement is sought:                        **April 1, 2002 through April 30, 2002**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation sought as actual,
reasonable, and necessary:                         **$14,261.60  (80% of $17,827.00)**

Amount of expense reimbursement sought as
actual, reasonable, and necessary:                 **$345.71 for the period**

This is a __x__ monthly ___ interim ___ final application.

    The total time expended for the preparation of this application is approximately __6.0__
hours, and the corresponding estimated compensation *that will be requested in a future application*
is approximately $ __900.00__ .

    Prior fee applications:

| Date Filed | Period Covered | Requested Fees | Expenses | Approved Fees | Expenses |
|---|---|---|---|---|---|
| October 17, 2001 | July 19, 2001 – July 31, 2001 | $28,316.50 | $234.68 | $22,653.20 | $234.68 |
| October 17, 2001 | August 1, 2001 – August 31, 2001 | $69,119.50 | $1,196.84 | $55,295.60 | $1,196.84 |
| October 17, 2001 | May 1, 2001 – June 30, 2001 | $13,762.50 | $2,155.05 | $11,010.00 | $2,155.05 |
| December 19, 2001 | October 1, 2001 – October 31, 2001 | $67,906.50 | $1,348.82 | $54,325.20 | $1,348.82 |
| January 23, 2002 | November 1, 2001 – November 30, 2001 | $26,792.00 | $168.41 | $21,433.60 | $168.41 |
| February 26, 2002 | December 1, 2001 – December 31, 2001 | $24,895.00 | $673.51 | $19,916.00 | $673.51 |
| May 1, 2002 | January 1, 2002 – January 31, 2002 | $21,009.00 | $147.52 | $16,807.20 | $147.52 |
| June 14, 2002 | February 1, 2002 – February 28, 2002 | $24,897.00 | $122.30 | Pending | Pending |
| June 14, 2002 | March 1, 2002 – March 31, 2002 | $17,003.00 | $52.22 | Pending | Pending |
| June 14, 202 | January 1, 2002 – March 31, 2002 | $62,909.00 | $322.04 | Pending | Pending |
| June 17, 2002 | September 1, 2001 – September 30, 2001 | $31,625.50 | $488.83 | Pending | Pending |

    The Nelson Mullins Riley & Scarborough, L.L.P. attorneys who rendered professional
services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Rose-Marie T. Carlisle | Of-Counsel | 18 years | Environmental | $220.00 | 11.90 | $2,618.00 |
| George B. Cauthen | Partner | 25 years | Bankruptcy | $270.00 | 1.10 | $297.00 |
| David M. Cleary | Partner | 20 years | Environmental | $290.00 | 8.00 | $2,320.00 |
| Bernard F. Hawkins, Jr. | Partner | 11 years | Environmental | $240.00 | 36.80 | $8,832.00 |
| Mary Ellen Ternes | Of-Counsel | 6 years | Environmental | $220.00 | .60 | $132.00 |
| Kevin J. Heiser | Associate | 3 years | Bankruptcy | $180.00 | 6.70 | $1,206.00 |

Grand Total for Fees:  $15,405.00
Blended Rate:              $236.64

The Nelson Mullins Riley & Scarborough, L.L.P. paraprofessionals who rendered professional services in these cases during the Fee Period are:

| Karen Brown | Paralegal | 13 years | Environmental | $125.00 | 7.40 | $925.00 |
|---|---|---|---|---|---|---|
| D. B. Green | Paralegal | 2 years | Bankruptcy | $ 85.00 | .40 | $34.00 |
| Laurie K. Thomas | Paralegal | 7 years | Environmental | $ 95.00 | 15.40 | $1,463.00 |

Grand Total for Fees: $ 2,422.00
Blended Rate:              $105.30

3

## Compensation by Matter

| Matter Number | Matter | Total Hours | Total Fees Requested |
|---|---|---|---|
| 02399/06003 | Beaco Road Site | 5.00 | 1,365.00 |
| 02399/06011 | Enoree Site Management | 18.80 | 3,587.00 |
| 02399/06012 | Owensboro Site Management | 14.60 | 3,504.00 |
| 02399/06023 | Libby, MT – General Environmental | .50 | 145.00 |
| 02399/06027 | Project Allen | 16.60 | 2,732.00 |
| 02399/06030 | Aiken-Title V Permit App. Iss. | 4.00 | 930.00 |
| 02399/06032 | Charleston | 27.80 | 5,352.00 |
| 02399/06033 | Weedsport, NY | .60 | 174.00 |
| 02399/06089 | FOIA Request | .40 | 38.00 |
| TOTAL | | 88.30 | $17,827.00 |

## Expense Summary

| Description | Amount |
|---|---|
| Telephone | $   14.34 |
| Standard Copies | 61.55 |
| Outside Services | 235.59 |
| Federal Express | 32.74 |
| Postage | 1.49 |
| Total | $   345.71 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections due: July 10, 2002 at 4:00 p.m. |
| | | Hearing date: To be scheduled, only if objections |
| | | are timely filed and served. |

## ELEVENTH VERIFIED APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2002 THROUGH APRIL 30, 2002

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P.2016, the Retention Order (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del. Bankr. LR 2016-2, the law firm of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Nelson Mullins Riley & Scarborough, LLP ("NMRS") as special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, "Debtors") in connection with their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $17,827.00 for the reasonable and necessary legal services NMRS has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that NMRS incurred in the amount of $345.71 (the "Application"), in each case for the period from April 1, 2002 through April 30, 2002 (the "Fee Period"). In support of this Application, NMRS respectfully states as follows:

## Retention of NMRS

1.     On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.   Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee", collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2.     By this Court's Order dated July 19, 2001, the Debtors were authorized to retain NMRS as their special counsel with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate NMRS at hourly rates charged by NMRS for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

3.     As disclosed in the Affidavit Under 11 U.S.C. 327(e) by George B. Cauthen, filed June 8, 2001, NMRS does not represent any interest adverse to the Debtors or their estates.

4.     NMRS performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

5.     NMRS has received no payment for the services performed and presented in this application and no promises for payment from any source for these services rendered or to be rendered in any capacity whatsoever in connection with these.

6.     Pursuant to Fed. R. Bank P. 2016(b), NMRS has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel , associates, paralegals, and employees of NMRS, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

7.     This is the eleventh application for interim compensation for services rendered that NMRS has filed with the Bankruptcy Court in connection with the Chapter 11

Cases. NMRS previously filed applications for interim compensation for the periods of May 1, 2001 through June 30, 2001; July 19, 2001 through July 31, 2001; and August 1, 2001 through August 31, 2001 on October 17, 2001; October 1, 2001 through October 31, 2001 on December 19, 2001; November 1, 2001 through November 30, 2001 on January 23, 2002; December 1, 2001 through December 31, 2001 on February 26, 2002; January 1, 2002 through January 31, 2002 on May 1, 2002; February 1, 2002 through February 28, 2002; March 1, 2002 through March 31, 2002; and First Quarterly Fee Application for the Fee Period January 1, 2002 through March 31, 2002 on June 14, 2002; and September 1, 2001 through September 30, 2001 on June 17, 2002.

### Reasonable and Necessary Services Rendered by NMRS - Generally

8.    The NMRS attorneys who rendered professional services during this Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Rose-Marie T. Carlisle | Of-Counsel | 18 years | Environmental | $220.00 | 11.90 | $2,618.00 |
| George B. Cauthen | Partner | 25 years | Bankruptcy | $270.00 | 1.10 | $297.00 |
| David M. Cleary | Partner | 20 years | Environmental | $290.00 | 8.00 | $2,320.00 |
| Bernard F. Hawkins, Jr. | Partner | 11 years | Environmental | $240.00 | 36.80 | $8,832.00 |
| Mary Ellen Ternes | Of-Counsel | 6 years | Environmental | $220.00 | .60 | $132.00 |
| Kevin J. Heiser | Associate | 3 years | Bankruptcy | $180.00 | 6.70 | $1,206.00 |

9.   The paraprofessionals of NMRS who have rendered professional services in these cases during this Fee Period are:

| Karen Brown | Paralegal | 13 years | Environmental | $125.00 | 7.40 | $925.00 |
| D. B. Green | Paralegal | 2 years | Bankruptcy | $ 85.00 | .40 | $34.00 |
| Laurie K. Thomas | Paralegal | 7 years | Environmental | $ 95.00 | 15.40 | $1,463.00 |

NMRS has advised and represented the Debtors in connection with certain litigation and environmental matters. These matters include: Beaco Road Site; Enoree Site Management; Owensboro Site Management; Libby, MT General Environment; Project Allen; Aiken-Title V Permit App. Iss.; Charleston; Weedsport, NY; and FOIA Request.

10.   The rates described in the above list of attorneys and paraprofessionals are NMRS's hourly rates for services of this type. Attached as **Exhibit A,** and arranged by Subject Matter, is a detailed itemization and description of the services that NMRS rendered during this Fee Period. Based on these rates and the services performed by each individual, the reasonable value of such services is $17,827.00. The NMRS attorneys and paraprofessionals expended a total of 88.30 hours for these cases during the Fee Period. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

11.   Further, **Exhibit A** (a) identifies the individuals that rendered services in each Subject Matter, as defined and described herein, (b) describes each activity or service that each individual performed and (c) states the number of hours (in increments of one-tenth of an

hour) spent by each individual providing the services. The Subject Matters addressed in this Fee Application are merely those for which services were rendered during this Fee Period. NMRS is currently rendering services for additional Subject Matters that NMRS may bill time for in the future.

### Reasonable and Necessary Services Rendered by NMRS Categorized by Matter

12.    The professional services that NMRS rendered during the Fee Period are grouped into the titled categories of subject matters described in Paragraph 10 herein (the "Subject Matter").

13.    It is NMRS's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is NMRS's policy to charge its clients only the amount actually incurred by NMRS in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, out-going facsimile transmissions, airfare, meals and lodging.

14.    NMRS charges (a) $.05 per page for duplication as Special Counsel in this case. NMRS does not charge its clients for incoming telecopier transmissions.

15.    A summary of expenses by type is attached to the corresponding Subject Matters hereto as **Exhibit A**. All of these disbursements comprise the requested sum for NMRS's out-of-pocket expenses, totaling $345.71.

### Representations

16.    NMRS believes that the Application is in compliance with the requirements of Del. Bankr. LR 2016-2.

17.    The fees and expenses addressed in this Application have been presented to the Debtor prior to the filing of this application.

18.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. NMRS reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

19.    In summary, by the application, NMRS requests compensation for fees and expenses in the total amount of $18,172.71 consisting of (a) $17,827.00 for reasonable and necessary professional services rendered and (b) $345.71 for actual and necessary costs and expenses.

WHEREFORE, NMRS respectfully requests (a) that an allowance be made to it, as fully described above, for 80% of the reasonable and necessary professional services NMRS has rendered to Debtors during the Fee Period and 100% of the reimbursement of actual and necessary costs and expenses incurred by NMRS during the Fee Period; that both fees and expenses are payable as administrative expenses of the Debtors' estates; and that this Court grant such further relief as is equitable and just.

Respectfully submitted,

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (California Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
Wilmington, DE 19889-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (301) 652-4400

and

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By

Newman Jackson Smith (SC Fed. Bar No. 4962 )
151 Meeting Street – Suite 600
Charleston, South Carolina  29401
Telephone: (843) 534-4309
Facsimile: (843) 722-8700

Dated:  6 - 17 - 0 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139(JKF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

## VERIFICATION

David M. Cleary, after being duly sworn according to law, deposes and says as

follows:

1.     I am a partner with the applicant firm, Nelson Mullins Riley &

Scarborough, L.L.P and I am a member in good standing of the bars of the State of South

Carolina and the State of New York.

2.     I have personally performed certain of, and overseen the legal services

rendered by Nelson Mullins Riley & Scarborough, LLP as special litigation and environmental

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

counsel to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

3.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
David M. Cleary

SWORN to and subscribed before me

this _17_ day of _June_____, 2002

_____(L.S.)
Notary Public for South Carolina

My Commission Expires: _____

NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires July 9, 2006