

# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C. )

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970

NIT. 860.032.959-5

Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

Bogotá D. C., 12 de agosto de 2002

Oficio No. **0434**

Honorable Juez
**JOSEPH J. FARNAN JR.**
Distrito de Delaware
Estados Unidos.

**Referencia:** Proceso de Reorganización de la Compañía W-R- GRACE & CO.

Los suscritos ERNESTO FORERO VARGAS apoderado y FORTUNATO LOZANO DUARTE Representante Legal de la Confederación de Pensionados de Colombia como Apoderado y Vocero de los Extrabajdores de la Grace Line, denominada así durante su permanencia en Colombia, hoy llamada Compañía W-R- GRACE & CO., nos dirigimos al Señor Juez JOSEPH FARNAN para solicitarle que en cumplimiento del **Artículo 11 de la Ley de quiebra** que ejerce en los Estados Unidos, sean tenidos en cuenta los Pasivos Laborales y Pensionales de los Extrabajadores, adquiridos por la Sucursal de dicha Compañía, durante el tiempo que permaneció en Colombia.

Le hacemos saber que en Colombia los costos de esos pasivos se vienen tramitando en los Juzgados Laborales del Departamento del Valle a través de demandas en donde el vocero de la GRACE LINE en Colombia Sr. JOSE VICENTE CHAUX E HIJOS quienes se han negado a concurrir a las diferentes citaciones. Es por ello que como voceros de estos extrabajadores, recurrimos a usted para que dentro del Proceso de Reorganización de la Compañía se tengan en cuenta los Derechos y Costos Laborales pendientes en este País.

Estas personas se encuentran desprotegidas y por no poseer los medios económicos no se han podido presentar ante el Distrito de Delaware en Estados Unidos en donde se adelanta el proceso de Reorganización de la Compañía W-R- GRACE & CO.

En prueba de las diferentes diligencias tramitadas en Colombia, se adjunta a la presente en fotocopias, los siguientes documentos:



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C. )

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970

NIT. 860.032.959-5

Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

2

1. Oficio de la C.P.C. de 24 de mayo de 2002, dirigido a la Embajada Americana.

2. Oficio 019487 de mayo 6 de 2002 procedente del Ministerio de Relaciones Exteriores.

3. Copia de Documento # 0426 recibido el 13 de noviembre de 2001 "IN THE UNITED STATES BANKCRUPTCY COURT FOR THE DISTRICT OF DELAWARE".

4. Oficio dirigido el 6 de Nov./2001 al Ministerio de Relaciones Exteriores – Dr. GUILLERMO FERNANDEZ DE SOTO.

5. Oficio dirigido a la Sra. Embajadora de los Estado Unidos ANN PATTERSON de fecha 6 de Nov./2001.

6. Oficio de fecha 13 de septiembre de 2001, proveniente de la "Embassy of the United States of America".

7. Oficio 0164 de fecha 26 de julio de 2001, dirigido a la Procuraduría General de la Nación, Ministro de Trabajo y Seguridad Social y Corte Constitucional.

8. Oficio 0160 de fecha 24 de julio de 2001, dirigido al Dr. RODRIGO AYERBE MUÑOZ.

9. Oficio 0255 dirigido al Sr. FORTUNATO LOZANO DUARTE Presidente de la Confederación de Pensionados de Colombia. Con fecha Julio 12/2001.

10. Oficio del Dr. RODRIGO AYERBE MUÑOZ de fecha Junio 21/2001, dirigido al CITIBANK.

11. Resolución del Ministerio de Trabajo No. 0000885 de mayo 22/2001.

12. Oficio 0005281 del Ministerio de Trabajo y Seguridad Social, dirigido al Representante Legal del CITIBANK, con fecha 15 de mayo de 2001.

13. Oficio 0093 de la C.P.C., dirigido al Dr. HECTOR GUILLEMO BANGUERO con fecha 21 de abril de 2001.



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C. )

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970

NIT. 860.032.959-5

Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

3

14. Oficio 003788 de abril 17 de 2001, de la Inspectora de Trabajo Regional del Valle, dirigido al CITIBANK.

15. Oficio de fecha Marzo 16 de 2001, dirigido a la Dra. MARIELA LOZANO MURILLO.

16. Oficio 0002797 del 8 de marzo de 2001 proveniente del Ministerio de Trabajo Regional del Valle.

17. Oficio AC-AN 002 de fecha 9 de enero de 2001 firmado por la Directora de Asuntos Consulares del Ministerio de Relaciones Exteriores.

18. Oficio 034504 de Nov./2000, dirigido por el Dr. GUILLERMO BANGUERO.

19. Oficio 31184 de fecha 31 de octubre de 2000, del Jefe de la Oficina Jurídica del Ministerio de Relaciones Exteriores.

20. Oficio 126 de julio 8 de 1998, dirigido por el CITIBANK al Inspector Nacional del Trabajo.

21. Oficio No 199 de 29 de marzo de 1983 del Ministerio de Trabajo, dirigido al Jubilado PEDRO H. CASTILLO.

22. Este documento se anexa por que lleva el listado de los Extrabajadores a quienes se les debe los Pasivos Laborales y Pensionales.

Atentamente,

**FORTUNATO LOZANO DUARTE**
Presidente C.P.C.

**BENICIO RIASCOS R.**
Presidente ASOJUPAR

**ERNESTO FORERO VARGAS**
Abogado ASOJUPAR.

Transversal 6ª No. 27-10 Piso 6º • Teléfonos: 284 56 09 - 284 57 25 Fax: 566 60 46 Bogotá, D.C.



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C. )

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970
NIT. 860.032.959-5
Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

Bogotá D. C. 24 de mayo de 2002

Oficio No. 0380

Señores
**EMBAJADA AMERICANA**
Aten.- Brad S. Parker
Oficial Político
Bogotá – Colombia

Los suscritos FORTUNATO LOZANO DUARTE Presidente de la Confederación de Pensionados de Colombia y ERNESTO FORERO VARGAS Apoderado de los extrabajadores jubilados y pensionados de la W.R. GRACE & CO, nos dirigimos a la Embajada Americana para recordar nuestra solicitud hecha el 6 de noviembre de 2001, en que pedimos su valiosa intervención ante el Departamento de Trabajo – Estado Marylan, con el fin de que esa entidad represente a los extrabajadores colombianos que laboraron para esa Empresa que se encuentra en proceso de liquidación para garantizarles el pago de sus mesadas y los pasivos laborales adeudados.

En razón a que han transcurrido más de seis meses sin obtener ninguna respuesta, es así como nuevamente insistimos en su valiosa intervención para que en la liquidación de esa empresa, se asignen los recursos para garantizar el pago de las pensiones y los pasivos laborales que cursan en juzgados laborales de la ciudad de Cali – Colombia.

En espera de su pronta respuesta, nos suscribimos atentamente,


FORTUNATO LOZANO DUARTE
Presidente

ERNESTO FORERO VARGAS
Abogado Laboralista

A la presente se anexa documentación.
F.L.D./mc.

AMERICAN EMBASSY
BOGOTA - COLOMBIA
2 8 MAYO 2002

1



**República de Colombia**
**Ministerio de Relaciones Exteriores**

CPR 3155

Bogotá, D.C., 6 de Mayo de 2002

0.19487

20 19487

1 8 MAY 2002

Doctor
GUILLERMO BANGUERO
Director General de Prestaciones Económicas y
Servicios Sociales Complementarios
Ministerio de Trabajo y Seguridad Social
Ciudad

REF: Asesoría sobre pensiones

Señor Director:

De manera atenta aviso recibo de su solicitud del 2 de agosto de 2001 y sobre el particular
me permito informarle que el Consulado de Colombia en Washington a través del oficio C-
0192/182 del 20 de marzo del presente año puso en conocimiento el resultado del estudio
realizado por los asesores jurídicos de la Sede Consular, en el siguiente sentido:

" Según surge de la información acompañada la compañía W.R. GRACE CIA ( Colombia )
fue liquidada años atrás, pero se acordó que los trabajadores de la misma tendrían derecho a
recibir pensiones, las cuales serían solventadas por W.R. GRACE & CO, una compañía
norteamericana. Recientemente, los beneficiarios de las pensiones fueron informados que
W.R. GRACE & CO había solicitado la reorganización de sus negocios con base en el
Capítulo 11 de la Ley de Quiebras de los Estados Unidos y que por lo tanto el pago de sus
pensiones podría suspenderse para el futuro. Para proteger sus derechos se recomendaba
que los beneficiarios se presentaran mediante apoderado ante el juez que tramitaba la
reorganización de los negocios de W.R. GRACE & CO en el Estado de Delaware, Estados
Unidos.

El objeto del exhorto bajo estudio parecería ser la obtención de asistencia legal en este
asunto para los reclamantes. En este sentido es necesario establecer que el Consulado no
puede actuar como apoderado de los mismos por cuanto se encuentra fuera de su
competencia proveer asistencia legal directamente a cualquier reclamante. El Consulado
puede sin embargo brindar una orientación general sobre los pasos que deberían seguir los
reclamantes.

Con la información provista es posible asumir que los reclamantes no se han presentado
ante el juez que entiende en la reorganización, por lo que la orientación que se proveerá en
este escrito se enmarca dentro de dicho contexto. En términos generales, el Capítulo 11 de
la Ley de Quiebras de los Estados Unidos permite a una corporación solicitar una

2.



*República de Colombia*
*Ministerio de Relaciones Exteriores*

reorganización de sus obligaciones financieras mientras continúa con la operación del negocio. Este proceso por lo tanto es diferente del que se sigue cuando existe quiebra y posterior liquidación de una corporación. Este proceso de reorganización puede ser solicitado voluntariamente por una compañía, en cuyo casto ésta debe presentar un plan de reorganización dentro de los siguientes 120 días. Una vez presentada la solicitud, la compañía presenta una lista de sus acreedores a fin de que éstos sean notificados de la existencia del proceso y se presenten a reclamar sus deudas. Si un acreedor queda incorporado en la lista no es necesario que presente prueba de la existencia de la deuda. En el caso que no se encuentre incorporado en la misma, sin embargo, el acreedor deberá presentarse en el proceso y demostrar por escrito que es acreedor de la compañía sujeta a reorganización.

A continuación se realiza una reunión de los acreedores, quienes interrogan al deudor bajo juramento. Para el caso que el número de acreedores sea muy significativo se crea un comité de acreedores que representa al resto. Una vez que la compañía presenta un plan de reorganización se notifica a los acreedores a fin de que obtengan la información necesaria para votar en favor o en contra del plan. Además de la votación de los acreedores debe existir una audiencia de confirmación con el tribunal de quiebras que tramita la reorganización. Si el plan resulta confirmado por el tribunal, los términos del mismo reglamentan las relaciones entre deudor y acreedor para el futuro. Por otro lado la confirmación del plan puede significar que aquellas deudas que no han sido reclamadas oportunamente se consideran extinguidas para el futuro.

Con posterioridad a la confirmación la compañía en reorganización debe cumplir con los términos del mismo y reportar al tribunal a cargo los pasos que se están dando para alcanzar esa meta. Finalmente, una vez que se cumpla con el plan , la compañía puede solicitar que el tribuna dicte una orden final que cierre el proceso de reorganización bajo el Capítulo 11 de la Ley de Quiebras.

En el caso bajo análisis, según consta en la información que se acompaña, el proceso de reorganización de la compañía W-R- GRACE & CO continúa pendiente ante el Juez Joseph J. Farnan, Jr., del distrito de Delaware. También surge que ha existido una reunión de acreedores según lo dispone la sección 341 de la Ley Federal de Quiebras de los Estados Unidos, pero que aparentemente todavía no ha tenido lugar la audiencia para confirmar el plan de reorganización de la compañía. No obstante no haberse cerrado el proceso, los reclamantes deberían determinar si todavía se encuentran en tiempo para presentarse como acreedores ante el tribunal que procesa la reorganización. Para ello resulta de suma importancia que los mismos obtengan los servicios de un profesional en Delaware que los represente en dicho proceso.

En conclusión, recomiendan al Consulado indicar a los peticionarios que éste carece de competencia para actuar como apoderados de éstos en el proceso de reorganización de la



*República de Colombia*
*Ministerio de Relaciones Exteriores*

compañia        W.R. GRACE & CO y que por lo tanto, deberian obtener los servicios profesionales de un abogado que determine si tienen éstos todavia derecho a presentarse en el proceso como acreedores. A tal fin se acompañan datos de las siguientes instituciones que pueden brindar este tipo de asistencia a los reclamantes:

Delaware State Bar Association
301 North Market Street
wilmington, Delaware 19801
Teléfono (302) 658-279
Fax (302) 658-5212

Pro Bono and Legal Services Organizations ( brinda servicios profesionales gratuitos en ciertos casos )
Legal Aid Society of Mid- New York, Inc.
Serving Delaware and Otsego Counties
45 Dietz Street
Oneonta, New York 13820
Telephone (607) 433-2600
Fax (607) 433-1433

Cordialmente,

CARLOS IVAN PLAZAS HERRERA
Coordinador Grupo de Asistencia a Connacionales y
Promoción de Comunidades Colombianas en el Exterior

8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                        )
                                              )
**W.R. GRACE & CO., et al.,**[1]              )    Chapter 11
                                              )    Case No. 01-01139 (JJF)
_____Debtors._____ )    (Jointly Administered)
W.R. GRACE & CO., et al.,          )        Adversary No. A-01-771
                   Plaintiffs.     )
                                   )    Objection Deadline: April 25, 2001
       - against -                 )        at 4:00 p.m.
                                   )
MARGARET CHAKARIAN, et al.         )    at 9:00 a.m. Eastern Time    Hearing Date: May 3, 2001
and JOHN DOES 1-1000,              )
                                   )
_____Defendants._____ )

CONFEDERACIÓN DE PENSIONADOS DE COLOMBIA
Fecha de Recibe Nov 13 No. 0426
Contestado Fecha_____ No._____

## NOTICE OF FILING OF ADVERSARY COMPLAINT
## AND HEARING ON PLAINTIFF'S MOTION
## FOR A PRELIMINARY INJUNCTION STAYING ALL
## ASBESTOS-RELATED AND FRAUDULENT TRANSFER CLAIMS

On April 2, 2001, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). At the same time, the Debtors, as Plaintiffs, also filed a verified Complaint for Declaratory and Injunctive Relief (the "Complaint") and the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction Staying All Asbestos-Related and Fraudulent Transfer Claims Against Affiliated Entities (the "Motion"), seeking a temporary restraining order and a preliminary injunction staying all asbestos-related actions and fraudulent transfer claims against certain affiliated entities. Copies of the Complaint, Motion and supporting documents have been filed with the Bankruptcy Court and are available from Debtor's counsel outlined below upon request.

On April 2, 2001, the Bankruptcy Court entered an Order Granting Temporary Restraining Order, effectively staying all parties from filing any asbestos-related actions against certain affiliated entities (the "TRO"). Thereafter, on April 12, 2001, the Honorable Joseph J. Farnan, Jr. entered an Order Extending Temporary Restraining Order, extending the TRO through and including April 24, 2001. At the April 18, 2001 status hearing in the Debtors' chapter 11 cases, the Honorable Joseph J. Farnan, Jr. granted the Debtors a preliminary injunction further staying all parties from filing any asbestos-related actions against certain

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GPC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), MonoHK Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation, MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3

affiliated entities through and including a hearing on the preliminary injunction requested in the Motion (the "Preliminary Injunction).

A HEARING ON THE PRELIMINARY INJUNCTION WILL BE HELD BEFORE THE HONORABLE JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT COURT JUDGE, ON MAY 3, 2001 AT 8:00 A.M. AT THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 844 N. KING STREET, COURTROOM 2A, WILMINGTON, DE 19801.

Objections and other responses to the Preliminary Injunction, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. Eastern Time on April 25, 2001. Objections or other responses to the Preliminary Injunction, if any, must also be served so that they are received not later than April 25. 2001 at 4:00 p.m. Eastern Time, by (i) co-counsel for the Debtors at the addresses outlined below; (ii) the Office of the United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, DE 19801 (fax no. 302-573-6497); (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Esquire, Bilzin, Sumberg, Dunn, Baena, Price Axelrod, First Union Financial Center, 200 S. Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax no. 305-374-7593); (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399 Park Avenue, 36th Floor, New York, New York 10022 (fax no. 212-644-6755); and (v) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, New York 10038-4982 (fax no. 212/806-6006).

If no objections are timely filed and served in accordance with this Notice, the Court may grant the Preliminary Injunction without further notice or hearing.

Dated: April 18, 2001

**KIRKLAND & ELLIS JONES, P.C.**
James H.J. Sprayregen
James W. Kapp III
Samuel A. Schwartz
Roger J. Higgins
200 E. Randolph Drive
Chicago, IL 60601
Telephone: 312/861-2000
Fax: 312/861-2200

**PACHULSKI, STANG, ZIEHL, YOUNG &**
Laura Davis Jones (Bar No. 2436)
Hamid R. Rafatjoo (CA Bar No. 181564)
David W. Carickhoff, Jr. (Bar No. 3715)
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302/652-4100
Fax: 302/652-4400

Co-Counsel for the Debtors and Debtors in Possession

2

Señor
MINISTRO DE RELACIONES EXTERIORES
Dr. GUILLERMO FERNANDEZ DE SOTO
Ciudad

MINISTERIO DE RELACIONES EXTERIORES
AREA DE COMUNICACIONES
RECEPCION DE CORRESPONDENCIA
0 6 NOV. 2001

Los suscritos, presidente de la Confederación de Pensionados de Colombia y apoderado de la Asociación de Jubilados Particulares "ASOJUPAR", nos dirigimos a usted, respetuosamente con el fin de que se nos colabore con el Gobierno Americano, para defender los derechos pensionales de todos los firmantes que en anexo adjunto enviamos, los cuales son extrabajadores de la W. R. GRACE & Co.

Nuestra inquietud va a que el estado colombiano nos colabore ante el Departamento de Trabajo de los Estados Unidos, con sede en el estado de Maryland, a fin de que las justas reclamaciones de quienes prestaron los servicios a la GRACE sean tenidas en cuenta por parte del liquidador o grupo de liquidadores de dicha compañia en los Estados Unidos.

Para mayor información del señor Ministro le adjuntamos las comunicaciones y las reclamaciones que se han hecho anteriormente tanto a la GRACE como las solicitudes de apoyo que se han pedido a la Embajada Americana y a ese Ministerio.

Recibimos notificación en la Avenida Jiménez N° 8-49, oficina 1003 de la ciudad de Bogotá.

Atentamente,


FORTUNATO LOZANO
Presidente C.P.C.


ERNESTO FORERO VARGAS
Abogado ASOJUPAR

Señores
EMBAJADA AMERICANA
Atn. Sra. Embajadora Ann Patterson
Ciudad

Los suscritos, presidente de la Confederación de Pensionados de Colombia y apoderado de la Asociación de Jubilados Particulares "ASOJUPAR", nos dirigimos a usted, respetuosamente con el fin de que se nos colabore con el Gobierno Americano, para defender los derechos pensionales de todos los firmantes que en anexo adjunto enviamos, los cuales son extrabajadores de la W. R. GRACE & Co.

Nuestra inquietud va a que la señora Embajadora por intermedio del Departamento de Trabajo en el estado de Maryland, nos colabore para que dicha entidad represente el querer de los extrabajadores colombianos en torno a que se les tenga en cuenta en el proceso de liquidación de dicha sociedad toda vez que, en primer término no nos es fácil trasladarnos a dicho país a hacer presencia dentro del proceso liquidatorio, y en segundo lugar, no se tienen los medios económicos para poder nombrar un apoderado en ese país.

Como quiera que en carta que le dirigió el señor Brad S. Parker, al señor Benicio Riascos, éste les informa que se deben dirigir a unas entidades americanas para que se nos solucione el problema, pero como quiera que en Colombia la persona más indicada es la señora Embajadora, es por lo que le solicitamos su colaboración en este aspecto.

Le adjuntamos las reclamaciones que se han hecho anteriormente tanto a la GRACE como las solicitudes de apoyo que se han pedido a esa Embajada.

Recibimos notificación en la Avenida Jiménez N° 8-49, oficina 1003 de la ciudad de Bogotá.

Atentamente,

FORTUNATO LOZANO
Presidente C.P.C.

ERNESTO FORERO VARGAS
Abogado ASOJUPAR



*Embassy of the United States of America*

Bogotá, D.C., Colombia

13 de septiembre de 2001

| CONFEDERACION DE PENSIONADOS DE COLOMBIA |
| --- |
| Fecha de Recibo SEP.18 No. 0365 |
| Contestado Fecha_____ No._____ |

Señores
Benecio Riascos R.- Presidente
Emiliano Niño- Secretario
Asociación de Jubilados Particulares - "Asojupar"
Barrio el Firme
Buenaventura- Valle del Cauca

Respetados Señores Riascos y Niño:

La presente tiene como propósito contestar su comunicación de fecha 12 de julio del presente, respecto a su solicitud de información sobre los derechos y remedios de pensión disponibles para un ciudadano colombiano, empleado por una empresa estadounidense, cuando la empresa americana ha sido declarada insubsistente en los Estados Unidos. Dirigida a la señora Embajadora Patterson quien me ha solicitado responder en su nombre.

Un colombiano puede reclamar sus prestaciones de un plan de pensiones registrado bajo la Ley de Ingresos de Jubilación de los Empleados en Retiro ("ERISA"). Según las disposiciones de la mencionada ley, un plan organizado bajo ERISA debe tener establecido un procedimiento para la presentación de reclamos y para notificar a los participantes del plan. Sin embargo, existe una salvedad importante, que ERISA no cubra planes de jubilación que "estén organizados fuera de los límites de los Estados Unidos, principalmente para las prestaciones de personas que en su mayoría sean extranjeros no residentes". Si el plan de referencia encaja dentro de esta descripción, no tendrá jurisdicción la ERISA y no aplicarán las reglas de la ERISA respecto a la presentación y adjudicación de reclamos.

El primer paso a seguir, asumiendo que el plan de referencia esté organizado bajo la ERISA, será que los presuntos beneficiarios soliciten (si ya no lo han hecho) copia de la Descripción en Resumen del Plan (Summary Plan Description "SPD"). Dicho documento explica los derechos y deberes de cada participante del plan, cómo se determinan las prestaciones, y en el evento de una disputa, los procedimientos para la presentación de un reclamo.

No existe ningún foro de quejas gubernamental donde se pueda apelar la negación de un reclamo por prestaciones. En el caso de una disputa con el plan, según la ley estadounidense, el participante tiene derecho a presentar una demanda ante la corte federal. No obstante, primero el participante debe agotar todo procedimiento de resolver disputas, frecuentemente las cortes no interfieren con la decisión tomada por el plan, a menos que la decisión en sí, parezca arbitraria.

6

Si se les dificulta a los participantes comunicarse con el administrador del plan, o no pueden obtener los documentos necesarios, pueden solicitar ayuda en el Departamento de Trabajo de los Estados Unidos. Siendo que W. R. Grace & Co. tiene su sede en el estado de Maryland, la sucursal apropiada del Departamento de Trabajo a contactar será la de Silver Spring, Md., su número de teléfono es (301) 713-2000.

Adicionalmente, podrá encontrar ayuda en el Website del Departamento de Trabajo. La sub-agencia encargada de pensiones se llama la Administración de Pensiones y Beneficios de Bienestar (Pension and Welfare Benefits Administration). Su Website tiene información que podrá ser de utilidad.

Circular Sobre Cómo Presentar Reclamos
http://www.dol.gov/dol/pwba.public.pubs.fileclaim/fileclaim.htm

Circular Sobre el Efecto de Insolvencia del Empleador
http://www.dol.gov/dol/pwba/public/pubs/bkrupts.htm

Si requiere de mayor asistencia, sugerimos que contacte directamente al Departamento de Trabajo. Para asistencia general llame a su número de teléfono: 202-219-8776.

Se espera que esta información sea de utilidad para ustedes.

Atentamente,

Brad S. Parker
Oficial Politico



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C.)

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970
NIT. 860.032.959 - 5
Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

Bogotá D.C., 26 de Julio de 2001

Oficio No. 0164

Señor Presidente
CORTE CONSTITUCIONAL
Palacio de Justicia
E.   S.   D.

CORTE CONSTITUCIONAL
CORRESPONDENCIA

RECIBIDO

Respetado Doctor:

La Confederación de Pensionados de Colombia a nombre de sus filiales le presenta un cordial saludo a la vez que le hace llegar copia del oficio No. 0160 dirigido al Doctor RODRIGO AYERVE MUÑOZ Abogado de la Multinacional GRACE LINE quien aparece como Representante Legal de esa Empresa, pero se viene negando a comparecer ante los Juzgados Laborales y la Dirección del Trabajo del Departamento del Valle argumentando que él no es el Representante Legal pero en la práctica es él quien autoriza el pago de las pensiones y la sustitución de las mismas.

Por ser Constitucionales y Fundamentales los Derechos de los Trabajadores y Pensionados, le solicitamos su valiosa colaboración para que la Corte intervenga ante ese Abogado y así lograr el arreglo de los pasivos sociales y pensionales a los extrabajadores de la GRACE LINE Empresa que se liquido desde hace 25 años y no ha pagado los pasivos laborales, ni ha reconocido las Pensiones de Jubilación.

Sin otro particular atentamente,

COMITÉ EJECUTIVO C.P.C.

FORTUNATO LOZANO DUARTE
Presidente

ORLANDO RESTREPO PULGARIN
Secretario General

Se anexa: Oficio No 0160 de Julio del



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C.)

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970
NIT. 860.032.959 - 5
Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP

Bogotá D.C., 26 de Julio de 2001

Oficio No. 0164

**MINISTERIO DE TRABAJO S.S**

Doctor
ANGELINO GARZON     2001 AGO - 1   A 9: 45     **032805**
Ministro de Trabajo y Seguridad Social
E.         S.          D.   **CALLE 32**

Respetado Doctor:

La Confederación de Pensionados de Colombia a nombre de sus
filiales le presenta un cordial saludo, a la vez que le
hace llegar copia del oficio No. 0160 dirigido al Doctor
RODRIGO AYERVE MUÑOZ Abogado de la Multinacional GRACE LINE
quien aparece como Representante Legal de esa Empresa, pero
se viene negando a comparecer ante los Juzgados Laborales y
la Dirección del Trabajo del Departamento del Valle
argumentando que él no es el Representante Legal, pero en
la práctica es él quien autoriza el pago de las pensiones y
la sustitución de las mismas.

Por ser Constitucionales y Fundamentales los Derechos de
los Trabajadores y Pensionados, le solicitamos su valiosa
colaboración para que el Ministerio a su cargo intervenga
ante ese Abogado y así lograr el arreglo de los pasivos
sociales y pensionales a los extrabajadores de la GRACE
LINE Empresa que se liquido desde hace 25 años y no ha
pagado los pasivos laborales, ni ha reconocido las
Pensiones de Jubilación.

Sin otro particular atentamente,

COMITÉ EJECUTIVO C.P.C.

FORTUNATO LOZANO DUARTE              ORLANDO RESTREPO PULGARIN
Presidente                          Secretario General



# CONFEDERACION DE PENSIONADOS DE COLOMBIA ( C.P.C.)

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970
NIT. 860.032.959 - 5
Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

Bogotá D.C., 26 de Julio de 2001

Oficio No. 0164

Doctor
EDGARDO MAYA VILLAZON
Procurador General de la Nación
E.     S.     D.

PROCURADURIA GENERAL FECHA:02-08-2001     10:37:52
PARA INFORMACION, SOLICITAR : No. RAD:     119011
PASE A:

Respetado Doctor:

La Confederación de Pensionados de Colombia a nombre de sus
filiales le presenta un cordial saludo, a la vez que le
hace llegar copia del oficio No. 0160 dirigido al Doctor
RODRIGO AYERVE MUÑOZ Abogado de la Multinacional GRACE LINE
quien aparece como Representante Legal de esa Empresa, pero
se viene negando a comparecer ante los Juzgados Laborales y
la Dirección del Trabajo del Departamento del Valle
argumentando que él no es el Representante Legal, pero en
la práctica es él quien autoriza el pago de las pensiones y
la sustitución de las mismas.

Por ser Constitucionales y Fundamentales los Derechos de
los Trabajadores y Pensionados, le solicitamos su valiosa
colaboración para que la Procuraduría intervenga ante ese
Abogado y así lograr el arreglo de los pasivos sociales y
pensionales a los extrabajadores de la GRACE LINE Empresa
que se liquido desde hace 25 años y no ha pagado los
pasivos laborales, ni ha reconocido las Pensiones de
Jubilación.

Sin otro particular atentamente,

COMITÉ EJECUTIVO C.P.C.

C. P. C.

FORTUNATO LOZANO DUARTE                    ORLANDO RESTREPO PULGARIN
Presidente                                 Secretario General



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C.)

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970
NIT. 860.032.959 - 5
Afiliada a la Confederaciòn Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

Bogotá D.C., 24 de julio de 2001

Oficio No. 0160

Doctor
**RODRIGO AYERVE MUÑOZ**
Abogado Intermediario de la
GRACE LINE
Cali    -   Valle

Respetado Doctor:

La Confederación de Pensionados de Colombia, como entidad de Tercer Grado a nombre de su filial "ASOJUPAR" solicita de usted, se arreglen o concilien los diversos Procesos Laborales que cursan en los Juzgados de Cali contra la GRACE LINE.

Esta solicitud la hace esta Central, debido al tiempo que ha transcurrido desde la fecha en que la GRACE LINE entró en Liquidación, pese a los graves perjuicios y abandono en que se encuentran los extrabajadores, después de Treinta (25) Años no ha habido ninguna definición o reconocimiento a quienes entregaron su fuerza de trabajo y juventud al servicio de esa empresa.

Doctor AYERVE, usted como profesional sabe que los Derechos de los Trabajadores, Pensionados, son Constitucionales y Fundamentales que deben cumplirse y respetarse. Por ello la C.P.C. recurre a usted para que de igual forma como se viene dirigiendo al CITIBANK girando y ordenando el pago de las pensiones, lo haga ante la multinacional, pidiendo autorización de conciliar las demandas y arreglar los Pasivos Laborales, conmutando las pensiones con el Instituto de Seguros Sociales –ISS.- o una Fiduciaria, tal como lo ordena la Ley.

En espera de una pronta y positiva respuesta, atentamente;

## COMITÉ EJECUTIVO C.P.C.

FORTUNATO LOZANO DUARTE
Presidente

ORLANDO RESTREPO PULGARIN
Secretario General

## *ASOCIACION DE JUBILADOS PARTICULARES*

### **"ASOJUPAR"**

Personería Jurídica No. 0865 del 3 de Marzo de 1969
BUENAVENTURA - VALLE

CONFEDERACION DE PENSIONADOS DE COLOMBIA
Fecha de Recibo Jul. 16 No. 0255
Contestado Fecha _____ No. _____

Buenaventura, Julio 12 del 2001

Doctor:
**FORTUNATO LOZANO DUARTE**
Presidente de la C.P.C
Santa fe de Bogota DC

Cordial saludo

con todo respeto nos dirigimos a Usted, como jubilados de la empresa
**GRACE Y CIA COLOMBIA S.A.**

Engañados por medios fraudulentos por los entonces representantes
de esta empresa.

Rogamos a usted, como máxima autoridad laboral de este País para
que nuestros derechos no sigan siendo negados.

Señor Ministro; en octubre 3 del 2000 nos dirigimos a usted, por medio
de un oficio y nos envió respuesta por medio del oficio 034504. por lo
tanto se nos designa a la Dirección General del Trabajo de la ciudad de
Cali – Valle.

Estamos anexando oficio que esta oficina nos dirige y al representante
de la empresa **GRACE** también.

Diligencia administrativa **GIV – MLM 0005281**.

**REF: OFICIO 125356 / OFICIO** Julio 3 del 98 **CITIBANK** Bogota,
Julio 8 / 98 **CITIBANK** Señor **HELMER ANTONIO RESTREPO** oficio
al señor **BENICIO RIASCOS RIASCOS** Cali, Abril 11/97 **CITIBANK**
Cali, Abril 16/97
Resolución No. **0038 26** de Octubre de 1.971
Resolución No. **0000885** Mayo 22/2001
**CITIBANK** Cheque No. **909434**.
Anexamos  Documentos Dr **RODRIGO AYERBE** 6 copias
**OF 00022   Ref 157546    OF 0000788**

## ASOCIACION DE JUBILADOS PARTICULARES
### "ASOJUPAR"
Personería Jurídica No. 0865 del 3 de Marzo de 1969
BUENAVENTURA - VALLE

Señor: Ministro; Como es posible que el señor **RODRIGO AYERBE MUÑOZ,** nieguen que no es el representante de la empresa **GRACE** y siendo él también Jubilado de dicha empresa.

Como el **CITIBANK** guarda silencio a la **INSPECTORA DEL TRABAJO** de la Ciudad de Cali y negándole a ella el desconocimiento de este.

Como el señor **RODRIGO** se niega a presentarse a los Juzgados donde cursan la demandas en números de 70 activados.

Estimado Ministro, rogamos el favor se nos atiendan e investigue y se nos haga justa Justicia, son 31 años que estamos luchando para que se nos restablezca lo que justa causa adquirimos.

Anexos copia de acta de Conciliación del señor **LUIS A. MORENO.**

Como también copias de este mismo oficio a los siguientes despachos.
- **MINISTRO DEL TRABAJO.**
- **EMBAJADA DE LOS EE.UU**
- **PROCURADURIA DE LA NACIÓN**
- **FISCALIA DE LA NACIÓN**
- **DR. ERNESTO FORERO VARGAS** ( nuestro representantes)

Atentamente,

**BENECIO RIASCOS R.**
Presidente.

**EMILIANO NIÑO**
Secretario.

# AYERBE
### A B O G A D O S
FUNDADA EN 1,941

*JOSE V. AYERBE CH. (†)*
*·RODRIGO AYERBE M.*
*FELIPE AYERBE M.*
*ANDRES R. FLOREZ R.*
*CLAUDIA ROMERO E.*
*MARIA F. MUÑOZ M.*
*GUILLERMO GONZALEZ R.*

● *OFICINA CALI-COLOMBIA*
 *CALLE 7 OESTE No. 2-63*
 *APARTADO AEREO 2057*
 *TELS.:(T.B.X.) 892 6717*
 *FAX:         892 6772*
 *E-MAIL.: ayerbec@norma.net*
● *OFICINA BOGOTA, D.C.*
 *CARRERA 7 No. 73-55 OFICINA 11-02*
 *TELS.:(T.B.X.) 312 4088*
 *FAX:         312 1225*
 *E-MAIL: ayerbeab@colomsat.net.co*

Junio 21/01

Señores
**CITIBANK**
*At. Sras. Magda de Velasco y Liliana Villegas Ortiz*
Operaciones y Servicios Administrativos
CALI·

Ref: Jubilados de W.R. Grace & Co.

Estimadas señoras:

Estamos anexando nuestro cheque por la suma de $4.257.771 girado a
favor del Citibank.

Este cheque cubre el pago de las pensiones de seis (6) jubilados a cargo
de W.R. Grace & Co., por el mes de Junio del 2001, más la prima de
pensionados de 30 dias que les corresponde de acuerdo con la Ley
100/93 Artículo 142.

La pensionada Aura Regina Abello de Abello, falleció en la ciudad de
Barranquilla el pasado primero de Junio y por lo tanto en esa fecha
terminó la obligación pensional a cargo de W.R. Grace & Co. Esta
persona devengaba una pensión de $382.895 mensuales.

El cheque que se remite corresponde a lo siguiente:

| PENSIONADOS | PENSIONES | PRIMAS |
|---|---|---|
| Josefa Gonzalez de Figueron | 287.175 | 287.175 |
| Milciades Preciado | 403.740 | 403.740 |

\10

| Casimiro Riascos R. | 347.235 | 347.235 |
| Alicia del Castillo de Riascos | 286.000 | 286.000 |
| Marina Urbano Riascos | 348.753 | 348.753 |
| Cecilia Angulo vda. De Angulo | 329.601 | 329.601 |
| SUBTOTAL 1 | 2.002.504 | 2.002.504 |
| SUBTOTAL 2 | | 4.005.008 |
| 3 x 1.000 | | 12.015 |
| Contribución Iss | | 200.748 |
| Comisión Citibank | | 40.000 |
| TOTAL | | $4.257.771 |

Hemos sido informados que W. R. Grace & Co. se ha acogido a la Ley de Quiebras de los Estados Unidos, y por tanto es probable que a partir de la fecha, se suspenda el pago de los pensionados en Colombia.

Como ustedes bien saben, nosotros sólo somos intermediarios para el pago y no estamos obligados a pagar mientras Grace no nos envíe los fondos con qué hacerlo.

Les rogamos informar a los pensionados de esta situación, de acuerdo a la circular que se anexa.

Sírvase devolver copia firmada de la presente carta en señal de recibo.

Cordial y atento saludo,

RODRIGO AYERBE MUÑOZ

Anexo: Cheque por $4.257.771

Marzo 16/01

Señores
**MINISTERIO DEL TRABAJO Y SEGURIDAD SOCIAL**
**DIRECCION SECCIONAL VALLE DEL CAUCA**
At. Dra. Mariela Lozano Murillo
INSPECTORA DEL TRABAJO
CALI

Ref: Su Oficio 125356 del 8 de Marzo/01. Grace Line S.A.

Estimada doctora Lozano:

En relación con su citación de la referencia, le manifiesto que el suscrito no asistió a ella, debido a que yo no soy el representante legal de la empresa Grace Line & Cia.

Respetuosamente le informo que Grace Line & Cia. S.A. fue liquidada en el año 1976 como consta en la Escritura Pública 1550 del 19 de Mayo de ese mismo año, otorgada en la Notaría Catorce de Bogotá.

Por lo tanto Grace Line & Cia. S.A. ya no tiene negocios en Colombia y tampoco tiene representante legal.

De su despacho, respetuosamente,

RODRIGO AYERBE MUÑOZ
Apartado Aéreo 2057 – Cali

REPUBLICA DE COLOMBIA
MINISTERIO DE TRABAJO Y SEGURIDAD SOCIAL
DIRECCION TERRITORIAL TRABAJO DEL VALLE DEL CAUCA
GRUPO DE TRABAJO, EMPLEO Y SEGURIDAD SOCIAL

RESOLUCION NO. 0000885 DE MAYO 22 DEL 2001
POR MEDIO DE LA CUAL SE INSCRIBE UNA JUNTA DIRECTIVA

NOTIFICACION PERSONAL-. Hoy en Santiago de Cali, Treinta y uno de
Mayo del 2001, se notifica personalmente del contenido de la
presente resolución el Señor BENICIO RIASCOS RIASCOS identificado
con la cédula de ciudadanía No. 2,494,208 de Buenaventura Valle en
calidad de Presidente de la Organización denominada: ASOCIACION DE
JUBILADOS PARTICULARES "ASOJUPAR". Una vez enterado, firma y se le
hace entrega de copia de la presente resolución, advirtiéndole que
contra esta providencia proceden los recursos de reposición y en
subsidio el de apelación interpuestos dentro de los cinco (5) días
siguientes a la notificación.

BENICIO RIASCOS RIASCOS
Notificado.

CONSUELO RENDON MONTOYA
Secretaria Ejecutiva 5040-15



*TERIO DE TRABAJOMINIS*
*-RIDAD SOCIAL — Y SEC*

*REPUBLICA DE COLOMBIA*
*DIRECCION TERRITORIAL DEL VALLE DEL CAUCA*
*GRUPO INSPECCION VIGILANCIA Y CONTROL*
*Cali. Calle 15  No. 5-57 Ofic. 201*

GIV- MLM        **0 0 0 5 2 9 1**          *CORREO CERTIFICADO*

*Santiago de Cali,*       1 5 MAY 200

Señor
**REPRESENTANTE LEGAL**
**CITIBANK**
**Carrera 9 No. 99-02**
**Santafé de Bogotá**

*Cordial Saludo.*

*Nuevamente y en forma comedida, solicitó se sirva informar dentro de los cinco días siguientes al recibo del presente. si dicha entidad actualmente efectúa en su condición de intermediaria financiera. los pagos de los pensionados de la empresa GRACE Y CIA COLOMBIA S.A., e informar en este momento quien actúa en representación de la referida empresa.*

*Atentamente,* -

**MARIELA LOZANO MURILLO**
*Inspectora de Trabajo*

*Nelsner H.*

05-15-01
3 P.M.

12.



# CONFEDERACION DE PENSIONADOS DE COLOMBIA

( MINISTERIO DE TRABAJO
Y SEGURIDAD SOCIAL
PERSONERIA JURIDICA No. 1918 de junio 9 de 1970
NIT. 860.032.959-5
Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

2001 ABR 24 A 10: 39

017651

Bogotá D.C., 21 de abril de 2001

Oficio No. <u>0093</u>

GRUPO DE
CORRESPONDENCIA
RECIBIDA

CALLE 32

Doctor
**HECTOR GUILLERMO BANGUERO**
Director de Prestaciones Económicas y Sociales
**MINISTERIO DE TRABAJO Y SEGURIDAD SOCIAL**
E.          S.          D.

Respetado Doctor:

En atención a que usted fue delegado por el señor Ministro de Trabajo, para que colaborara al Comité Ejecutivo de la C.P.C. para resolver algunos problemas que se vienen presentando a nivel Nacional, los que ya se han venido tratando en las reuniones que se han realizado quedando pendientes algunos temas como el de las EMPOS, la Triple A de Barranquilla, el tema de la Representación de los pensionados en CAJANAL y lo relacionado con la GRACE LINE.

Es así como a través de la presente le estamos haciendo llegar fotocopias de oficios de respuesta del Ministerio de Hacienda a reclamaciones hechas sobre el Auxilio Funerario de los pensionados de las EMPOS y un oficio dirigido por el Ministerio de Hacienda al Doctor HERNAN VELANDIA SALCEDO Jefe de la División Financiera del Ministerio de Trabajo, oficio del Ministerio de Hacienda dirigido al Doctor RODRIGO ALBERTO CASTILLO SARMIENTO Vicepresidente de Pensiones del ISS. Oficios que se refieren al mismo tema y no han tenido una respuesta oficial.

Asimismo le hacemos llegar fotocopia de oficios relacionados con la GRACE LINE así:

a-    Oficio del CITIBANK dirigido al Inspector Nacional del Trabajo de Buenaventura.

b-    Oficio de julio 3/98 del CITIBANK dirigido al Doctor RODRIGO AYERBE MUÑOZ Representante de la GRACE LINE.

c-    Oficio de marzo 16 de 2001, dirigido por el Abogado de la GRACE LINE Doctor RODRIGO AYERBE MUÑOZ a la Doctora MARIELA LOZANO MURILLO Inspectora del Trabajo Seccional Valle del Cauca.

13



# CONFEDERACION DE PENSIONADOS DE COLOMBIA
## ( C.P.C. )

PERSONERIA JURIDICA No. 1913 de Junio 19 de 1970

NIT. 860.032.959-5

Afiliada a la Confederación Latinoamericana de trabajadores Jubilados y Pensionados - CLATJUP -

2

d-     Fotocopia de Acta de audiencia efectuada el 20 de marzo en la Regional Territorial del Valle del Cauca.

e-     Oficio de la Inspectora del Trabajo del Valle dirigida al Presidente de la Asociación de Jubilados Particulares.

f-     Oficio del Dr. GUILLERMO BANGUERO Director de Prestaciones Económicas y Servicio Sociales Complementarios del Ministerio de Trabajo.

Nota: El Dr. RODRIGO AYERBE MUÑOZ no es representante legal de la GRACE LINE pero es Abogado de esa Empresa, que de todas formas debe responder.

Sin otro particular atentamente,

FORTUNATO LOZANO DUARTE                    ORLANDO RESTREPO PULGARIN
Presidente                                 Secretario General

Se adjuntan los documentos enunciados.
F.L.D./mc.

Carmen J.

REPUBLICA DE COLOMBIA
MINISTERIO DE TRABAJO Y SEGURIDAD SOCIAL
DIRECCIÓN TERRITORIAL DEL VALLE DEL CAUCA
GRUPO INSPECCIÓN, VIGILANCIA Y CONTROL DEL TRABAJO

Santiago de Cali,     **17 ABR 2001**

**0 0 0 3 7 8 8**

CORREO CERTIFICADO

Señor
Representante legal
CITIBANK COLOMBIA
CALLE 11 No. 3-50
Cali

Cordial Saludo:

Comedidamente le solicito informar a este Despacho ubicado en la
calle 15 No. 5_57 oficina 202 , si esa entidad tiene conocimiento
quien es el actual Representante legal de GRACE Y COMPAÑIA COLOMBIA
S.A. y si poseen algún documento que así lo acredite; teniendo en
cuenta que esa entidad Bancaria es quien cancela al personal de la
mencionada Compañia.

Lo anterior con el fin de allegar a expediente que contiene
solicitud del señor Benicio Riascos, Presidente de la Asociación de
Jubilados.

Esta información se requiere con carácter urgente.

Atentamente,

MARIELA LOZANO MURILLO
Inspectora de Trabajo

Carmen J.



Marzo 16/01

Señores
**MINISTERIO DEL TRABAJO Y SEGURIDAD SOCIAL**
**DIRECCION SECCIONAL VALLE DEL CAUCA**
At. Dra. Mariela Lozano Murillo
INSPECTORA DEL TRABAJO
CALI

Ref: Su Oficio 125356 del 8 de Marzo/01. Grace Line S.A.

Estimada doctora Lozano:

En relación con su citación de la referencia, le manifiesto que el suscrito
no asistirá a ella, debido a que yo no soy el representante legal de la
empresa Grace Line & Cía.

Respetuosamente le informo que Grace Line & Cía. S.A. fue liquidada en
el año 1976 como consta en la Escritura Pública 1550 del 19 de Mayo de
ese mismo año, otorgada en la Notaría Catorce de Bogotá.

Por lo tanto Grace Line & Cía. S.A. ya no tiene negocios en Colombia y
tampoco tiene representante legal.

De su despacho, respetuosamente,

RODRIGO AYERBE MUÑOZ
Apartado Aéreo 2057 – Cali

R/ cauuens Pauua.
3-16-01- 9:20 an

15

REPÚBLICA DE COLOMBIA
MINISTERIO DE TRABAJO Y SEGURIDAD SOCIAL
DIRECCIÓN TERRITORIAL DEL VALLE DEL CAUCA
GRUPO INSPECCIÓN, VIGILANCIA Y CONTROL DEL TRABAJO

CORREO CERTIFICADO

Oficio No

**0 0 0 2 7 9 7**

Santiago de Cali 8 MAR 2001

· 125368

Señor
REPRESENTANTE LEGAL'
ASOCIACION DE JUBILADOS PARTICULARES "ASOJUPAR".
Transversal 15 Carrera 16 No. 3-16
Barrio el Firme
Buenaventura

Sírvase comparecer a esté despacho ubicado en la calle 15 No. 5-57
oficina 202 de cali, el día 20 de Marzo de 2001, a 1s 2:00 p.m.,
con el fin de realizar diligencia administrativa laboral,
relacionada con queja interpuesta por usted en representación de
"ASOJUPAR" el día 16 de Enero de 2001 sobre incumpliminto en el
pago de las mesadas pensionales de los jubilados de la empresa
GRACE LINE Y CIA

En la fecha y hora señalada deberá acreditar:

1. Documento de identidad
2. Representación Legal

**ADVERTENCIA:** El no comparecer a esta citación, le acarreará una
sanción de uno (1) a cien (100) salarios mínimos legales mensuales
vigentes, conforme al art. 20 numeral 2° de la Ley 584 de 2000

Atentamente

MARIELA LOZANO MURILLO
INSPECTORA DE TRABAJO

Carmen J.



*República de Colombia*
*Ministerio de Relaciones Exteriores*

**AC/AN 002**

Bogotá, D, C. 9 de Enero de 2001

Señor
**BENICIO RIASCOS RIASCOS**
ASOJUPAR – Buenaventura Valle
**Trasv. 15 Carrera 16 No. 3 – 16**
**Barrio el Firme – Buenaventura**

### REF.: Su solicitud de octubre 3/2000.

Señor Riascos:

Doy respuesta a su comunicación del 3 de octubre de 2000, mediante la cual eleva una queja por el incumplimiento en el pago de las mesadas pensiónales a los jubilados de la empresa GRACE LINE Y CIA, desde el pasado 5 de abril de 1994.

Sobre el particular, me permito informarle que esta Dirección General, elevo su petición con oficio AC/AN 5518 del 20 de octubre/2000, al Ministerio de Trabajo y Seguridad Social de Colombia, el cual manifestó mediante comunicación 20-41001 de noviembre 7/2000, haber dado respuesta a su solicitud con oficio 20-33754 del 2 de noviembre de 2000, informando que su nota fue remitida a la oficina de la Doctora **SANDRA ISABEL RIZO**, Directora Territorial de Trabajo y Seguridad Social del Departamento del Valle del Ministerio de Trabajo y Seguridad Social, quien es la encargada de tratar este tipo de casos.

Agradezco la atención que se le de al presente, me suscribo muy atentamente,

**MELBA MARTINEZ LOPEZ**
Directora General de Asuntos Consulares y
Comunidades Colombianas en el Exterior

**AVR-Asist.**

17



**REPÚBLICA DE COLOMBIA**
**MINISTERIO DE TRABAJO**
**Y SEGURIDAD SOCIAL**

MINISTERIO DE TRABAJO
Y SEGURIDAD S.

11122000
2000 NOV Bogotá DOC09          0 3 4 5 0 4

GRUPO DE
CORRESPONDENCIA          CALLE 3?
DESPACHADA

Señor
BENICIO RIASCO RIASCO
Transversal 15 Cra 16 N° 3-16 Barrio el Firme
Buenaventura- Valle

Respetado Señor:

Acuso recibo de su comunicación 230240 de fecha 3 de octubre del año en curso,
relacionada con los pensionados de la compañía GRACE & CIA COLOMBIA S.A, al
respecto me permito informarle este Despacho observa  que en la documentación
que anexa hay algunos procesos que cursan en los  Juzgado Laborales de Cali
según nota dirigida a usted por el Dr. Alvaro Sepúlveda Franco  el 18 de enero /2000,
donde le informa que los procesos se encuentran para notoficación y se espera la
primera audiencia de conciliación. Ante este hecho es necesario esperar los
pronunciamientos de la Justicia  Ordinaria Laboral, e igualmente es del caso señalar
que de conformidad con lo establecido en el artículo 41 del Decreto 2351/65, los
funcionarios públicos de este Ministerio no son competentes para declarar derechos
individuales y dirimir controversias cuya solución esta atribuida a los Jueces de la
República, por lo tanto este Ministerio se abstiene de hacer pronunciamientos al
respecto.

Cordialmente,

GUILLERMO BANQUERO
Director General de Prestaciones Económicas y
Servicios Sociales Complementarios

DAA          que me llame hable con el sr. Benicio

18

REPUBLICA DE COLOMBIA
MINISTERIO DE RELACIONES EXTERIORES
OFICINA JURIDICA

O.J.N.C. 31184

Bogotá, D.C.   31 de octubre de 2000

Señor
**BENICIO RIASCOS RIASCOS**
Transversal 15 Cra 16 No. 3 – 16
Barrio el Firme
Buevaventura

Señor Riascos Riascos

De manera atenta, hago referencia a su comunicación de fecha 3 de octubre de 2000, radicada en la Oficina Jurídica el 20 de octubre siguiente, mediante la cual describe la situación entre los jubilados de la empresa GRACE LINE Y CIA y su representante legal.

El Ministerio de Relaciones Exteriores, y concretamente la oficina jurídica según lo dispuesto en el numeral 7 del artículo 5 del Decreto 2126 de 1992, tramita las reclamaciones de carácter laboral que presenten los ciudadanos colombianos que laboren en misiones diplomáticas y consulados acreditados en territorio colombiano.

En el presente caso, se advierte, que la comunicación remitida no involucra a una misión diplomática o consulado acreditado en Colombia, motivo por el cual el Ministerio de Relaciones Exteriores no es competente para pronunciarse sobre lo remitido.

Por lo anterior se procederá a enviar su comunicación al Ministerio de Trabajo.

Atentamente,

HECTOR ADOLFO SINTURA VARELA
Jefe oficina Jurídica

19

SantaFe de Bogotá, Julio 8 de 1998

**CITIBANK**

Señores
**HELMER ANTONIO RESTREPO**
**Inspector Nacional de Trabajo**
**Buenaventura**

Referencia :  Jubilados de la Grace y Compania Colombia S.A.

Respetado Sr.,

Hemos recibido su comunicación para comparecer ante su despacho para atender asunto
relacionado con los Jubilados de Grace y Compania Colombia S.A. Queremos manifestarle
que Citibank Colombia actúa solo como intermediario financiero entre el Doctor Rodrigo
Ayerbe Munoz , quien es el representante de La Grace y Compania Colombia S.A. y
Jubilados de la misma empresa.

El Doctor Rodrigo Ayerbe Munoz nos suministra los valores a pagar por un periodo
determinado y los nombre de los Jubilados a los que hay que hacerles el pago.

Hemos trasladado su requerimiento al Doctor Rodrigo Ayerbe Munoz , según copia de la
carta enviada por el Citibank Colombia  el dia 3 de Julio ,que adjuntamos a la presente.

Cordialmente

Vicente Russo Duarte
Vicepresidente Asistente

20

NIT. 860.051.135-4

72

10780

*Ministerio de Trabajo y Seguridad Social*

SECCION LEGAL
JEFATURA

NUMERO  199

BOGOTA,   2 8 MAR. 1983
          29 MAR 1983

Señor
PEDRO H. CASTILLO
Carrera 8a. No. 967 - 967 Calle Valencia
Buenaventura - Valle.-

REF: Su oficio de Febrero 7/83, so-
bre Conciliación y Transacción
de Pensión de Jubilación.-

En relación al caso expuesto a este Despacho y que trata de
la conciliación del derecho a la pensión de jubilación de
parte suya, y de otra la liberación del pago de la presta-
ción de parte de la Empresa GRACE Y CIA (COLOMBIA) S.A., nos
permitimos manifestarle lo siguiente:

El Código Sustantivo del Trabajo en su Artículo 14 consagra
la irrenunciabilidad de los derechos y prerrogativas conce-
didas por la Ley, y en concordancia con el Artículo 15 del
mismo Código, dispone que no es válida la transacción cuan-
do se trate de derechos ciertos e indiscutibles, y el - -
Artículo 260 del Código Sustantivo del Trabajo señala su - -
forma de pago.

De tal suerte, que siendo la pensión de jubilación un dere-
cho cierto e indiscutible, la conciliación que se haga de -
este derecho carece de validez.

En consecuencia, usted puede solicitar a la Empresa el res-
tablecimiento de su derecho, si es que ésta existe.

Atentamente,

LUCY PATIÑO OCAMPO
JEFE DE LA SECCION LEGAL

MINISTERIO DE TRABAJO Y SEGURIDAD SOCIAL

# ASOCIACION DE JUBILADOS PARTICULARES
## "ASOJUPAR"
Personería Jurídica No. 0865 del 3 de Marzo de 1969
BUENAVEMNTURA.

Buenaventura. Octubre 26 de 2001.

Señores:

**MINISTERIO DE RELACIONES EXTERIORES**

Santafe de Bogotá, D. C.

Cordial Saludo:

Los abajo firmantes, nos dirigimos a Usted, respaldando el oficio encabezado por nuestro Representante, el Doctor Ernesto Forero Vargas y el Presidente de la Confederación de Pensionados de Colombia (C. P. C.), el Doctor Fortunato Lozano Duarte, sobre nuestros reclamos que se están llevando a cabo a la empresa Americana W. GRACE Y Co. Anteriormente (Grace Line).

Por nuestros derechos adquiridos que son pensión de jubilación y mesadas dejadas de pagar.

| NOMBRE | CEDULA | FIRMA |
|---|---|---|
| TOMAS ANTONIO PEDROZA | 2.495.430 B/tura | |
| BENICIO RIASCOS | 2,494.208 B/ | |
| GILBERTO CEREZO | 2,496.907 | |
| LUIS A MORENO | 2,487.652 | |
| SALOMON CORTES CORTES | 2,492.316 | |
| VIRGILIO CAGIGAS | 2,490.367 | |
| CESAR HUMBERTO SAMORANO | 24,097.616 | |
| MANUEL T ANGULO | 29,206.798 | |
| ERNESTO VALENCIA MOSQUERA | 6,149.850 | |
| CUPERTINO ESTUPIÑAN | 29,205.344 | |
| HIPOLITO CAICEDO CALABRINO | 6,153.952 | |

# ASOCIACION DE JUBILADOS PARTICULARES
## "ASOJUPAR"
Personeria Juridica No. 0865 del 3 de Marzo de 1969
BUENAVEMNTURA.

| | | |
|---|---|---|
| JUSTO SALLA | 2,488.624 | |
| FRANCISCO GALLEGO | 2,486.834 | |
| JOSE SEGUNDO PRADO | 29,212.345 | |
| FOLO MOSQUERA VALENCIA | 6,148.322 | |
| BENTURA RISO | 7,543.10 | |
| ULDARICO GAMBOHA CICEDO | 29,210.288 | |
| GILLERMO CASTRO A | 2,494.258 | |
| JORGE ARMANDO CORTES | 38,968.333 | |
| OSCAR CORTES ORTIZ | 2,491.204 | |
| MARCIANO SALAZAR YESQUEN | 6,149.023 | |
| CARLOS VALENCIA CORDOBA | 29,207.308 | |
| ABEL RAMIREZ PRADO | 2,496.922 | |
| JESUS ANTONIO VERA | 2,490.356 | |
| ARTURO GARCIA ALOMIA | 2,488.962 | |
| PEDRO HELIODORO CASTILLO | 2,492.096 | |
| MIGHEL ANTONIO HURTADO | 6,152.987 | |
| CARLOS MORENO POSO | 2,490.272 | |
| MANUEL PAZ GARCIA | 29,204.543 | |
| MANUEL ALFREDO CAICEDO | 29,217.287 | |
| RAIMUNDO BENITEZ HURTADO | 2,496.129 | |
| ABELARDO LUCINDO ALIAS R | 29,206.533 | |
| JESUS A MURILLO | 29,210.183 | |
| RICARDO SANCHES HURTADO | 29,213.359 | |
| INDULFO MOSQUERA ARBOLEDA | 6,148.503 | |
| DENNYS EDUAR | 2.26364 Bogota | |

# ASOCIACION DE JUBILADOS PARTICULARES
## "ASOJUPAR"
Personeria Juridica No. 0865 del 3 de Marzo de 1969
BUENAVEMNTURA.

| Nombre | Documento | Firma |
|---|---|---|
| ANIVAL ESTUPIÑAN | 2,481.741 | |
| HUGO SALOMON CASTRO | 29,211.347 | |
| JOSE ABEL RUBIANO T | 81997 Bogota | |
| DIOMEDES SEVILLANO MEJIA | 29,214.744 | |
| CLEMENTE CASTRO HURTADO | 2,487.727 | |
| MANUEL J CUERO | 29,212.334 | |
| FAUSTINO AGUDELO | 29,213.273 | |
| HELIODORO CAMPAZ SEGURA | 29,206.925 | |
| ESPIRITU SANTO VIAFARA | 29,205.660 | |
| SIMON HURTADO | 2,490.168 | |
| MANUEL ANTONIO PAZ REINA | 29,204.310 | |
| MARCELINO HURTADO ANGULO | 29,213.143 | |
| VALENTIN VALENCIA RODRIGUES | 2,486.879 | |
| ABELINO POSU | 6,151.118 | |
| MANUEL ANTONIO CAMPAS C | 2,490.758 | |
| EMILIO GONZALES CASTILLO | 1,046.807 | |
| CARLOS M CAICEDO LARGACHA | 2,497.689 | |
| ARTURO TAYLOR POSSO | 2.490.200 | |
| HILARIO JOSE HERMANN | 2.490.857 | |
| ABSALON PORTOCARRERO BRAVO | 2.491.769 | |
| ARQUIMEDES TRUQUE CASELLAS | 2.491.857 | |
| SEBASTIAN VALLEJO CASTRILLON | 2.489.834 | |
| CECILIA RODRIGUEZ DE VALENZUELA | 29.210.133 | |
| ANDREA BRAVO DE HERMANN | 29.204.837 | |



Esposa del Fallecido ANDRES DIAZ ALEGRIA.

Telefono

Casa 2138220
Oficina. 2636417



Extrabajador de la GRACE LINE.



# NOTARIA SEGUNDA

CIRCULO DE BUENAVENTURA
CALLE 3ª No. 1A-07 TELEFONO 24 22169. TELEFAX 24 26097

## CERTIFICADO DE SUPERVIVENCIA

En Buenaventura, a los Ventiseis ( 26 ) dias del mes de Agosto del año

Dos Mil Dos (2.002), a las 8:15 Am, ante mi, JOSE MANUEL CANTERO RECIO, Notario

Segundo ( 2°.) Interino del Círculo de Buenaventura, compareció El (La) Señor (a),

Emiliano Niño Zabala _____ identificado (a)

con la cédula de ciudadanía No. 2.496.402 expedida en Pereira _____

residenciado (a) en Alfonso Lopez Calle 3 con el fin de acreditar
#72-29
su "SUPERVIVENCIA" la cual se expide con destino a: Grace Line _____

EL COMPARECIENTE                    INDICE DEL MENOR
(Indice)

*[sello: REPUBLICA DE COLOMBIA / NOTARIA SEGUNDA DEL CIRCULO DE BUENAVENTURA / FE DE VIDA / JOSE MANUEL CANTERO RECIO]*

EL NO

JOSE MANUEL CANTERO RECIO
NOTARIO SEGUNDO INTERINO DE BUENAVENTURA

ORGANIZACION ELECTORAL
REGISTRADURIA NACIONAL DEL ESTADO CIVIL

CONTRASEÑA

IMPRESION DACTILAR

*[sello: CORRESPONDE A LA PRESENTE COPIA / 26 AGO 2002 / Dada En Buenaventura]*

NUMERO DE IDENTIFICACION
2,496,402

DUPLICADO
NIÑO ZABALA
EMILIANO
LUGAR DE PREPARACION
PEREIRA-RISARALDA
LUGAR Y FECHA DE NACIMIENTO
DAGUA-(VALLE)
07MAR1927                    RH B+

* 12865351 *