IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## DEBTORS' OBJECTION TO CLAIMS OF WESCONN CO., INC. AND FUS, INC.

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, file this Objection to Claims of Wesconn Co., Inc. and FUS, Inc. (the "Objection"); and in support thereof, state the following:

### Background

1. On or about July 29, 2002, Wesconn Co., Inc. ("Wesconn") filed a proof of claim against W. R. Grace & Co.--Conn. ("Grace") in the amount of $395,091.00 (the "Wesconn Claim"). On or about July 29, 2002, FUS, Inc. ("FUS") filed a proof of claim against Grace in the amount of $83,088.00 (the "FUS Claim") (the FUS Claim and the Wesconn Claim together

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

referred to as the "Disputed Claims"). The Disputed Claims are based on claims against the Debtors alleging that a particular batch of spray-on fireproofing coatings (the "Product") produced by the Debtors caused problems with Wesconn's equipment, including an increase in the frequency of the normal and expected clogging of its equipment.

2. On or about May 14, 2002, Wesconn filed its motion for relief from stay (the "Motion"). The Debtors, in opposing the Motion, argued that no collateral litigation against the Debtors should be allowed to take place in their chapter 11 cases. The whole reason that the Debtors were forced into bankruptcy was the morass of asbestos litigation mounting against them. The main challenge of these chapter 11 cases is to develop a comprehensive litigation plan to deal with these thousands of cases and to develop a plan of reorganization. Allowing collateral litigation such as the Kellogg Action to proceed is a distraction that prevents the Debtors from focusing on their reorganization plans.

3. At the hearing before this Court on July 22, 2002, the Court denied the Motion, but required the Debtors to file any objection to the Disputed Claims by September 30, 2002.

## The Objection

4. By this Objection, the Debtors seek the disallowance and expungement of the Disputed Claims for the reasons, and to the extent, described herein.

5. The Debtors object to the Disputed Claims, pursuant to section 502(b)(1) of the Bankruptcy Code, because the Disputed Claims are not based on valid or otherwise enforceable obligations of the Debtors. In particular, the underlying claims upon which the Disputed Claims are based are groundless and completely without merit. In addition, the Disputed Claims are disputed, unliquidated and contingent.

6. In addition, the Debtors object to the Disputed Claims, pursuant to section 502(b)(1) of the Bankruptcy Code, because the underlying support for the Disputed Claims is incomplete or otherwise materially deficient so as to not identify a basis for asserting a claim against the Debtors. Therefore, the Disputed Claims should be disallowed in full and expunged.

**Miscellaneous**

7. The Debtors will serve copies of this Objection on (i) Wesconn and FUS, (ii) the Office of the United States Trustee, (iii) the official committee of unsecured creditors, (iv) counsel to the Debtors' post-petition lender, and (v) any other parties that have requested, pursuant to Federal Rule of Bankruptcy Procedure 2002, that they be served with all pleadings filed in the Debtors' chapter 11 cases. The Debtors submit that notice of this Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

8. No previous request for the relief set forth herein has been made to this or any other court.

9. The Debtors hereby reserve the right to amend, modify and/or supplement this Objection, including, without limitation, to object to (i) amended claims and newly-filed claims, (ii) reclassified claims and (iii) claims for which releases have been obtained to the extent any releasing party disputes such release.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Disputed Claims be disallowed and expunged, and that the Debtors be granted such other and further relief as the Court deems just and proper.

Dated: September 30, 2002

                KIRKLAND & ELLIS
                David M. Bernick, P.C.
                James H.M. Sprayregen, P.C.
                James W. Kapp III
                Christian J. Lane
                200 East Randolph Drive
                Chicago, Illinois 60601
                (312) 861-2000

                and

                PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                _____
                Laura Davis Jones (Bar No. 2436)
                Scotta McFarland (Bar No. 4184)
                919 North Market Street, 16th Floor
                P.O. Box 8705
                Wilmington, DE 19899-8705 (Courier 19801)
                Telephone: (302) 652-4100
                Facsimile:  (302) 652-4400

                Co-Counsel for the Debtors and Debtors in Possession