# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:

                                                Chapter 11

W.R. GRACE & CO., et al.              Case No. 01-01139 (JKF)

                                                (Jointly Administered)

          Debtor.

                                    **Hearing Date: October 28, 2002 at 10:00 a.m.**

-------------------------------------------------------x

**TO:   THE HONORABLE JUDITH K. FITZGERALD**
       **UNITED STATES BANKRUPTCY JUDGE**

### OBJECTION TO MOTION OF THE DEBTORS FOR AN ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY [Docket No. 2694]

       Jay Peak LLC, (the "Objecting Landlord") by its counsel, Jaspan Schlesinger Hoffman, LLP, as and for its objection to the motion (the "Motion") of W.R. GRACE & CO., et al. ("Debtors") for an Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Non Residential Real Property respectfully states as follows:

### OBJECTION TO THE RELIEF REQUESTED

       1.      The Debtors request a six (6) month extension of the period in which they may assume or reject unexpired leases. The Debtors' time to assume or reject leases has previously been extended by order of the Court entered February 25, 2002.  The Objecting Landlord finds this extension to be unreasonable given the facts and circumstances surrounding the landlord tenant relationship between the Objecting Landlord and the Debtors.

       2.      The Objecting Landlord concedes that in the context of the number of leases that the Debtors must review, the Debtors have set forth sufficient grounds to warrant an extension of their time to assume or reject nonresidential leases on the whole.  However, the Objecting Landlord has been

attempting to have the Debtors make a decision with respect to its lease for over six months.  The

relationship between the Debtors and the Objecting Landlord is not conventional and the lease between

the parties provides minimal to no benefit to the Debtors' estates.

3.       On November 8, 1978, Debtor and William Street Realty Co., the previous owner of

the property, entered into a lease (the "Lease").  The Lease is a "nonresidential lease" as defined by the

Bankruptcy Code.  The Lease is for the premises known as 5020 S. Cleveland Avenue, Fort Meyers,

Florida 33912 (the "Premises").  On or about December 17, 1998, the Objecting Landlord assumed

the Lease as the landlord and new owner of the Premises.

4.       The Lease will expire, unless renewed, on November 7, 2003 (the "First Period.  The

annual base rent for the First Period is$121,550,28.  The Lease provides for three option periods.  The

first option period runs from 2003 to and including December 31, 2008. The second option period runs

from January 1, 2009 through and including December 31, 2013.  The third option period runs from

January 1, 2014 to and including December 31, 2019.

5.       The Debtor is not in possession of Premises.  The Objecting Landlord is also the

subtenant, not in possession, of the Premises pursuant to a lease assumption agreement dated June 30,

2000 (the "Sublease").  The term of the Sublease runs concurrent with the term of the Lease and

includes all options contained in the sublease.  The annual rent payable to the Debtor pursuant to the

terms of the Sublease is $143,1000. Thus, the Lease is generating approximately $21,549.79 in annual

gross revenue to the Debtors.[1]  The lease of the actual subtenant in possession of the Premises is due to

---

[1]It is possible that the Lease may generate more revenue if the gross sales of the subtenant in
possession increased to a level that would require the subtenant to pay percentage rent.  The subtenant
is presently not meeting the minimum amount of gross sales necessary ($3,870,000.00) to pay
percentage rent.

expire on December 30, 2004 and there are no options to renew this lease.

6.      The Debtor was substantially current on its pre-petition rental obligations (subject to

Base and Additional Rent as may have been owing for the month of filing and unpaid as of the Petition

Date).   The Debtors have been substantially current in its payment of post petition rent as well.

## POTENTIAL HARM TO THE OBJECTING LANDLORD
## IF THE EXTENSION IS  GRANTED

7.      The Property is encumbered by senior indebtedness in the original principal amount of

approximately $660,000.00 (the "Senior Debt").   The Senior Debt matures on May 2, 2003.   The

Objecting Landlord  is exploring sources of refinancing.   The refinancing of the Senior Debt will depend

on the Property's value.   The Lease is a significant component of the Property's value. Thus, the amount

of available financing for the Property will depend in significant part on the Lease value. However, the

Objecting Landlord anticipates that potential lenders will be reluctant to value the Lease at a substantial

amount if it has neither been assumed or rejected. Thus, if the relief sought in the Motion were granted, it

will impede the Objecting Landlord's  ability to obtain sufficient financing to refinance the Senior Debt by

its maturity. The Objecting Landlord has already, as a result of the Debtors' bankruptcy filing, been forced

to extend the maturity date of the Senior Debtor from May 2, 2002 to May 2, 2003 at a rate of 13.25%.

This rate is no less than 8% more than the Objecting Landlord should be paying if he were free to refinance

the Premises without the cloud of the Debtors' bankruptcy.   The increased interest rate alone, costs the

Objecting Landlord approximately $50,000 in additional costs a year.

8.      Forcing the Objecting Landlord to continue to pay above market rates on its financing, or

possibly loose its financing in the entirety,  while the Debtors receive minimal to no economic benefit from

the Lease is disproportionately unfair to the Objecting Landlord.

9.      Given the minimal benefit that the Lease has to the estate, the Debtors have had ample opportunity to determine if the assumption of the Lease is in the best interests of the Debtors' estates.

## LEGAL STANDARD

10.     Section 365(d)(4) initially requires a chapter 11 debtor in a voluntary case to assume or reject an unexpired nonresidential lease within 60 days of the petition date. If the debtor does neither, the lease is deemed rejected. 11 U.S.C §365 (d)(4). The Court, though may within that 60-day period extend that time "for cause."

11.     The standards for determining whether cause exists to extend the initial 60-day period, and for how long to extend it, are set forth at length in In re Enron, 279 B.R. 695, 703 (Bankr. S.D.N.Y.2002) and need not be repeated at length. Suffice it to say that the length of extension that is reasonable is a decision committed to the Court's discretion. Enron, supra, 279 B.R. at 702.

12.     The first factor listed in Enron, though, is "the damage the non-debtor will suffer beyond the compensation available under the Bankruptcy Code." Enron, supra, 279 B.R. at 702. That damage to the Objecting Landlord if the requested extension is granted is the potential inability to obtain financing. That inability could cause the Objecting Landlord a loss far beyond what damages it may incur should the Debtors reject the Lease.

13.     Presumably the Debtors will be reviewing these unexpired leases and executory contracts over time and will not be waiting until the spring of 2003 to commence the review.  Indeed, prudence suggests that the Debtors should have already commenced their review of leases given the fact that this is not the Debtors' first request for an extension.  Moreover, the Debtors should be aware of the issues as they relate to the Objecting Landlord because the Objecting Landlord has been in contact with the Debtors' counsel regarding these issues since the filing date.  Accordingly, given the

potential harm to the Objecting Landlord and the minimal benefit to be obtained by the Debtors form

the Leases, it is respectfully requested that this Court require the Debtors to either assume or reject the

Lease by no later than November 15, 2002.

**WHEREFORE**, Jay Peak LLC respectfully request that the Court deny the Debtors' Motion

to the extent that it seeks to grant the Debtors a six (6) month extension of the time to assume or reject

the Lease together with such other and further relief as this Court deems just and proper .

Dated: Garden City, New York
October 7, 2002

Jaspan Schlesinger Hoffman, LLP
Attorneys for Objecting Landlord

By:    s/Lisa M. Golden
Lisa M.  Golden, Esq.  (LMG 2148)
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

Frederick B. Rosner, Esq.
1201 North Orange Street
Suite 1001
Wilmington, DE 19801
(302) 351-8000