IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Objection Deadline: 10/11/02 at 4:00 p.m. |
| | ) | Hearing Date:  10/28/02 at 12:00 p.m. |

**RESPONSE AND OBJECTION TO MOTION
FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO
A SETTLEMENT AGREEMENT WITH THE INTERNAL REVENUE SERVICE
IN CONNECTION WITH INTEREST DEDUCTIONS CLAIMED
WITH RESPECT TO CORPORATE OWNED LIFE INSURANCE [D.I. # 2737].**

The Official Committee of Asbestos Personal Injury Claimants hereby responds and objects to the Debtor's Motion for Entry of An Order Authorizing the Debtors to Enter Into a Settlement Agreement with the Internal Revenue Service in Connection with Interest Deductions Claimed with Respect to Corporate Owned Life Insurance (the "Motion"), and seeks clarification regarding the proposed settlement agreement, as follows:

**RESPONSE AND OBJECTION**

1. The Official Committee of Asbestos Personal Injury Claimants does not object to the statement of the grounds for the Motion and agrees that the Court should enter an order authorizing the Debtors to enter the "80-20 settlement" of the corporate owned life insurance ("COLI") issue with the IRS described in the Motion.  The Official Committee of Asbestos Personal Injury Claimants merely seeks clarification with respect to two aspects of the Motion and modification of the proposed order accordingly.

2. First, as the Motion itself makes clear (see paragraphs 18-24), other corporations that are presently unrelated to the Debtors (e.g., Fresenius National Medical Care Holdings, Inc. and Sealed Air Corporation, and/or certain subsidiaries) are severally liable with the Debtors for the tax liabilities for various of the years at issue.  See also Treas. Reg. § 1.1502-6(a).

{D0005147:1 }

Consequently, any order entered by the Court in response to the Motion should clearly state that the Court is making no determination as to which entity is liable for the tax at issue or which entity will actually pay the tax liabilities at issue.

3.      Further, as the Motion notes (paragraph 7), the Debtors paid $21.2 million to the IRS in 2000 as payment with respect to tax years 1990, 1991, and 1992, all of which appears to be related to the COLI issue and thus subject to the proposed 80-20 settlement. It would therefore appear that roughly 20% of that $21.2 million (or nearly $4.3 million), plus statutory interest under section 6611 of the Internal Revenue Code, 26 U.S.C. § 6611, would be refundable to the Debtors when the 80-20 settlement agreement is applied to the 1990-92 tax years.[1] That refundable amount should not be setoff against other potential tax liabilities for any period that have not yet been assessed and are the subject of the IRS's proof of claim in this matter. Nor should the 80-20 settlement agreement permit the IRS to setoff the refundable amount, e.g., by immediately assessing the tax resulting from the settlement agreement in the other tax years at issue and applying the funds to those new assessments. Otherwise, the Debtors will in effect be achieving a priority payment of taxes to that extent of the setoff funds. Any order entered by the Court in response to the Motion should therefore make it clear that the refundable amount is property of the Debtors' estate that should be returned to the estate by the IRS.

---

[1] Although we recognize that the actual amount that would be refundable may vary depending on the exact computations.

{D0005147:1 }

**CONCLUSION**

Wherefore, the Official Committee of Asbestos Personal Injury Claimants urges the court to grant the Motion, but only subject to the foregoing conditions. The proposed order submitted with the Motion should be modified accordingly.

**CAMPBELL & LEVINE, LLC**

Date: October 10, 2002    /s/ Mark T. Hurford
Marla Rosoff Eskin (I.D. No. 2989)
Mark T. Hurford (I.D. No. 3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone:    (302) 426-1900
Telefax:    (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
399 Park Avenue, 36th Floor
New York, NY 10022
Telephone:    (212) 319-7125
Telefax:    (212) 644-6755

Peter Van N. Lockwood
Albert G. Lauber
Nathan D. Finch
Max C. Heerman
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone:    (202) 862-5000
Telefax:    (202) 429-3301

Counsel for the Official Committee of
Asbestos Personal Injury Claimants