IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              :   Chapter 11
                                                    :   Case No. 01-01139 et seq.
                                                    :
W. R. GRACE & CO., et al.,                          :   Jointly Administered
                                                    :
                          Debtors,                  :   **Hearing Date: October 28, 2002 at 12:00 pm**
---------------------------------------------------------------- x   **(EST)**

## RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE AMENDMENT OF THE EMPLOYMENT CONTRACT OF PAUL J. NORRIS AS CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER [DOCKET NO. 2736]

The Official Committee of Equity Security Holders (the "Equity Committee"), by its undersigned counsel, hereby submits this Response in Support of the Debtors' Motion for an Order Authorizing the Amendment of the Employment Contract of Paul J. Norris as Chairman, President and Chief Executive Officer dated September 23, 2002 (the "Motion"), and respectfully represents as follows:

   1.   The Equity Committee has carefully monitored the performance of the Debtor's business over the course of this chapter 11 proceeding and has been pleased with that performance. Notwithstanding a business climate that might be charitably characterized as difficult, the Debtor has been able to maintain its margins, and income to the estate has been healthy.

   2.   A chapter 11 debtor requires a strong and effective chief executive, and based on the performance of the company to date, Mr. Norris has provided that leadership at

KL2:2179386.1

W.R. Grace. He has been able to maintain good morale among his executives and employees amidst the strains and uncertainty of chapter 11. Under his leadership, Grace has pursued effective policies to expand and realign its business operations to maximize revenues and minimize expenses. The Equity Committee believes that continued leadership of the caliber provided by Mr. Norris is essential to achieving resolution of the case.

3. It is well known that the business uncertainty and employment insecurity surrounding a company in chapter 11 places a strain on executives. Opportunities to work at non-bankrupt companies, where job security may be better, are a constant temptation to skilled and experienced executives like Mr. Norris. In order to retain and motivate an executive in his position, any company, in or out of bankruptcy, needs to provide a competitive incentive and bonus package.

4. The Equity Committee has reviewed the terms of the proposed amendments to Mr. Norris's employment contract and, in light of the continued benefits to the estate expected to result from Mr. Norris's retention, finds them to be reasonable. The increased flexibility provided by the modification to the termination provisions is valuable to Mr. Norris and does not appreciably harm the company, as Mr. Norris will still be required to provide six-months' notice of his intent to resign. Moreover, by making his bonus payable in arrears on December 31st, the amendments give him an incentive to stay until the end of the year. The amount of the proposed yearly bonuses to Mr. Norris do not appear unreasonable for a company of Grace's size and performance, particularly in light of Mr. Norris's demonstrated abilities and value to the company. The bonus percentages are comparable to those provided for other Grace executives in the compensation and retention program recently approved by this Court.

KL2:2179386.1

5.  The Equity Committee submits that the contemplated amendments to Mr. Norris' employment contract comport with the standards for sound business judgment elucidated in <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1072 (2d Cir. 1983), and subsequently adopted by the Third Circuit in <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143, 145-47 (3d Cir. 1986), in that they appear to bring significant benefits to the Debtors at a fair price and on reasonable terms.

## Conclusion

The amendments to the Norris employment contract contemplated by the Motion represent a sound exercise of the Debtor's business judgment, and the Equity Committee therefore requests that the Motion be granted.

Dated: October 11, 2002

        Respectfully submitted,

        KLETT ROONEY LIEBER & SCHORLING

        By: _____
            Teresa K. D. Currier (ID No. 3080)
            Jeffrey D. Waxman (ID No. 4159)
        The Brandywine Building
        1000 West Street, Suite 1410
        Wilmington, DE 19801
        Telephone: (302) 552-4200
        Facsimile: (302) 552-4295

        - and -

        KRAMER LEVIN NAFTALIS & FRANKEL LLP
            Philip Bentley
            Gary M. Becker
        919 Third Avenue
        New York, NY 10022
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000

        **Attorneys for the Official Committee of Equity Security Holders**