# EXHIBIT 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
: Chapter 11
In re: : Case No. 01-01139 (JJF)
: Jointly Administered
W.R. GRACE & CO., *et al.*, :
: Objections due by: 7/11/01 @ 4:00 p.m.
Debtors. : Hearing Date: 7/19/01 @ noon
------------------------------x

FILE COPY

### RESPONSE OF SEALED AIR CORPORATION TO JOINT MOTION OF ASBESTOS PROPERTY DAMAGE AND ASBESTOS PERSONAL INJURY CLAIMANTS FOR AUTHORITY TO PROSECUTE FRAUDULENT TRANSFER CLAIMS

Sealed Air Corporation files this response to the joint motion of the Asbestos Property Damage and Asbestos Personal Injury Committees for authority to prosecute certain fraudulent transfer claims on behalf of the Debtors' estates. As set forth below, Sealed Air presently takes no position as to whether fraudulent transfer claims should be prosecuted by the two Committees. While Sealed Air believes that such claims are wholly without merit, it does not believe that it is in any party's interest to delay resolution of these issues, provided that such resolution takes place before this Court.

## Background

1. On March 31, 1998 a complex corporate transaction closed which involved Sealed Air Corporation, a long-time maker of protective packaging including Bubble Wrap® packaging, Debtors, and Debtor W.R. Grace & Co.-Conn.'s Cryovac food packaging business.[1]

2. Over the last year and a half, Sealed Air has been named in numerous actions alleging that Sealed Air is responsible for Debtors' asbestos liabilities as a result of this transaction. While most of these actions appear to allege a theory of common law successor liability, a small number of actions contend that the 1998 transaction constituted a fraudulent transfer. No document production or substantive motion practice has taken place regarding the fraudulent transfer claims in any of these actions.

3. The fraudulent transfer actions are stayed by the preliminary injunction issued by this Court on May 3, 2001. By the instant motion, the two Committees representing the interests of asbestos claimants in this bankruptcy case have requested permission to prosecute fraudulent transfer claims, on behalf of the Debtors' estates, against Sealed Air and certain unrelated entities that engaged in a similarly structured, but unconnected, transaction in 1996.

---

[1] The Committees' motion, including their description of the 1998 corporate transaction, contains several factual errors and misstatements which, for purposes of the current motion, are not material. For the sake of brevity, Sealed Air will not address these errors here, but will address them at the appropriate time.

2

### Response To The Committees' Request

4. Sealed Air believes that the allegations that the 1998 transaction constitutes a fraudulent transfer are wholly without merit and therefore welcomes the opportunity to have these claims litigated as soon as reasonably possible.

5. Regardless of which entity is granted permission to prosecute these claims, the claimants will be unable to meet their burden of proof that the 1998 transaction constituted an actual or constructive fraudulent transfer. Among other things, the 1998 transaction was not an actual fraudulent transfer because it was not conducted with the intent to hinder, delay or defraud any of the Debtors' creditors, and was not a constructive fraudulent transfer because Debtors were, and remained, solvent at and after the 1998 transaction. Indeed, the Debtors continued normal business operations for three years after the transaction prior to declaring bankruptcy.

6. Debtors' Informational Brief explains that unforeseen circumstances, including a litigation environment that Debtors believed was manageable until it spiraled out of control in 2000 and 2001 (over 81% more claims were filed in 2000 than 1999), led to their bankruptcy filing. See Debtors' Informational Brief at 38-40. Moreover, the Debtors suggest that they are solvent today if the pending asbestos claims are properly evaluated under established legal principles. Id. at 33, 53.

7. For these and other reasons, Sealed Air is confident that it will ultimately prevail. Nevertheless, it concurs in the Committees' view that the fraudulent transfer claims should be promptly and efficiently resolved. Therefore, Sealed Air has no present objection to a party in interest being granted the authority to litigate such claims on behalf of the Debtors' estates. Sealed Air presently takes no position as to which party or parties in interest should be granted such authority.

3

8. The Debtors, on whose behalf the fraudulent transfer claims will be prosecuted, believe that such claims must be prosecuted in this Court, where their bankruptcy cases are pending. As the Debtors explained in their memorandum in support of their proposed case management order, the Committees have asserted that the fraudulent transfer claims may be the most significant assets of the estates and that even though Debtors disagree with that assessment, it demonstrates the importance of the litigation remaining in this Court. See Debtors' Memorandum in Support of Motion For Entry of Case Management Order at 51-52 (the relevant pages of Debtors' Memorandum are annexed hereto as Exhibit A). Moreover, as Debtors point out, the fraudulent transfer claims are "interwoven" into the bankruptcy cases. Id. at 52. Indeed, it is obvious that the witnesses, documents and issues involved in any fraudulent transfer litigation will overlap with the core issues involved in the Debtors' bankruptcy cases and that discovery with respect to the alleged fraudulent transfers will focus on the Debtors' financial condition and the magnitude of the asbestos liabilities. As a result, such discovery will have to be coordinated with the Debtors' other activities that are and will be occurring in this Court. Moreover, Delaware is a convenient forum for nearly all of the parties. Id. at 52-53.

9. Accordingly, the efficient administration of the Debtors' reorganization cases and the fraudulent transfer litigation dictate that such litigation should occur in this Court.

## **CONCLUSION**

For the foregoing reasons, Sealed Air has no present objection to a party in interest in this case being granted permission to prosecute fraudulent transfer claims against it, provided that such litigation occurs in this Court.

Dated: July 11, 2001
Wilmington, Delaware

                                          Respectfully submitted,

                                          SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP

                                          Kevin F. Brady (I.D. No. 2248)
                                          Cheryl Siskin (I.D. No. 3437)
                                          One Rodney Square
                                          P.O. Box 636
                                          Wilmington, DE 19899-0636
                                          Telephone: (302) 651-3000

                                          and

                                          Sheila L. Birnbaum
                                          Henry P. Wasserstein
                                          Bert L. Wolff
                                          Shmuel Vasser
                                          4 Times Square
                                          New York, NY 10036-6522
                                          Telephone: (212) 735-3000

                                          Counsel for Sealed Air Corporation

5

## CERTIFICATE OF SERVICE

I, Cheryl Siskin, Esquire, hereby certify that on the 11th day of July, 2001, I caused the foregoing Response of Sealed Air Corporation to Joint Motion of Asbestos Property Damage and Asbestos Personal Injury Claimants for Authority to Prosecute Fraudulent Transfer Claims to be served in the manner indicated on the attached service list.

Cheryl Siskin