# EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: W.R. GRACE & CO., : Chapter 11
et al., : Case Nos. 01-1139 through
: 0-1200
  Debtors. :
- - - - - - - - - - - - - - - - - - - - - -

**ORDER RE: FRAUDULENT CONVEYANCE PROCEEDINGS -**
**1) AUTHORIZATION TO PROSECUTE;**
**2) APPOINTMENT OF SPECIAL MASTER; AND**
**3) CASE MANAGEMENT SCHEDULE**

This matter having been opened in part upon the Court's own motion, in part upon the joint motion of the Asbestos Property Damage Claimants Committee and the Asbestos Personal Injury Claimants Committee for authorization to prosecute certain fraudulent transfer claims (the "Motion for Authorization"), and in part upon the joint application of the all interested parties for a case management order governing the prosecution of the fraudulent transfer claims; and the Court having considered the written submissions of counsel and decided the Motion for Authorization based upon them pursuant to Federal Rule of Civil Procedure 78; and the Court having held a case management conference on February 20, 2002, at which counsel for all parties were given an opportunity to be heard; and the Court having given all parties an opportunity to object to the entry of this Order, including without limitation any objection based upon Bankruptcy Rule 9031, or otherwise be deemed to have waived any further objection to it; and no objection being heard (except for the

objections already received to the Motion for Authorization); and the parties having further manifested their assent, per the Certification of David W. Carickhoff, Jr., Esq., by the filing of a joint proposed order substantially in accord with the following Order; and good cause appearing

It is this 12th day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of this case to the Bankruptcy Court, Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to the Motion for Authorization and any further proceedings that may take place concerning the fraudulent transfer claims that are the subject of the Motion for Authorization, including without limitation any adversary proceeding that may be filed (hereinafter collectively the "Fraudulent Conveyance Proceedings") and it is further

ORDERED that the Motion for Authorization is granted, and it is further

ORDERED William A. Drier, Esq., of Norris, McLaughlin & Marcus, Bridgewater, New Jersey, is hereby appointed Special Master in the Fraudulent Conveyance Proceedings, and it is further

ORDERED that the Special Master shall hear disputes arising out of discovery matters only, subject to further Order of the Court, and it is further

ORDERED that practice before the Special Master shall be governed by such rules as he may direct, provided however that

1. Counsel shall confer among themselves in good faith to resolve any dispute before presenting it to the Special Master.

2. The Special Master may hear testimony and the arguments of counsel by any means he may deem appropriate, including without limitation by telephone conference, and announce his ruling orally, which announcement shall start the time within which any objection must be filed as further set forth in this Order.

3. The ruling of the Special Master shall be final and binding on the parties unless a party whose rights are affected by that ruling files a written objection with the Court within five (5) calendar days of its announcement, provided however that any party intending to object must first contact the chambers of the Court by telephone for further instructions on how to proceed.

4. The Special Master shall, as soon as practicable following the announcement of a ruling, prepare a written report to the Court setting forth those findings of fact and conclusions of law upon which that ruling is based, provided however that the parties may waive the necessity of a written report should no objection be forthcoming.

5. Upon the objection of any party filed in conformance

with this Order, this Court shall review the ruling and report of the Special Master de novo; and it is further

ORDERED that, to the extent this Order may be inconsistent with Bankruptcy Rule 9031, that rule is suspended, and it is further

ORDERED that discovery in the Fraudulent Conveyance Proceedings shall proceed on the following schedule:

| | |
|---|---|
| 3/4/02 | A document depository was established by the debtor at its offices at 5400 Broken Sound Blvd., N.W., Suite 300, Boca Raton Florida to house documents produced in this action. All parties to these proceedings shall have access at such times and in accordance with such procedures as is reasonable and mutually agreed by the parties. |
| 3/18/02 | The Asbestos Property Damage Claimants Committee and the Asbestos Personal Injury Claimants Committee (hereinafter "Plaintiffs") shall file their complaint or complaints as authorized by this Order. Requests for discovery may be served on or after this date. |
| 4/1/02 | Answers to the complaint and any counter-claims and cross-claims shall be served and filed. |
| 4/15/02 | All parties shall designate witnesses and individuals likely to have discoverable information and make such further disclosure as required by Federal Rule of Civil Procedure 26(a)(1)(A). Answers to any counter-claims and cross-claims shall be served and filed. |
| 5/1/02 | Depositions upon oral examination may commence on or after this date, except for depositions of expert witnesses. |
| 7/15/02 | Plaintiffs shall disclose their expert witnesses, including without limitation reports by those expert witnesses, in the manner and making such further disclosure as required by Federal Rule of |

4

|          |                                                                                                                                                                                                                                                                                                                                                                        |
|----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          | Civil Procedure 26(a)(2).                                                                                                                                                                                                                                                                                                                                              |
| 8/1/02   | The parties shall supplement their designation of witnesses and individuals with discoverable information with a designation of any additional witnesses and other individuals of which the parties may have learned. The parties shall file with the Court a stipulation setting forth the agreed choice of law or laws to govern the Fraudulent Conveyance Proceedings or notify the Court by letter that the parties have been unable to agree on the choice of law. |
| 8/5/02   | All parties except plaintiffs shall disclose their expert witnesses, including without limitation reports by those expert witnesses, in the manner and making such further disclosure as required by Federal Rule of Civil Procedure 26(a)(2).                                                                                                                         |
| 8/16/02  | Plaintiffs shall disclose any opinions of their expert witnesses rebutting the opinions of the expert witness disclosed by any other party, by providing a report in the form set forth in Federal Rule of Civil Procedure 26(a)(2)(B).                                                                                                                                |
| 8/19/02  | Depositions of expert witnesses may commence on or after this date.                                                                                                                                                                                                                                                                                                    |
| 8/30/02  | All parties shall make pre-trial disclosures as set forth in Federal Rule of Civil Procedure 26(a)(3)(A)(trial witnesses) and (B)(trial exhibits).                                                                                                                                                                                                                     |
| 9/9/02   | The parties shall designate deposition testimony they intend to introduce as evidence at trial ("Will Call" testimony) and make a separate designation of deposition testimony which they may wish to introduce as evidence at trial, but which they do not then intend to introduce at trial ("May Call" testimony).                                                  |
| 9/16/02  | No further discovery will be permitted after this date. The parties shall make their objections to Will Call testimony designated by another party. The parties shall designate any further deposition testimony they believe should be                                                                                                                                |

5

|         | |
|---------|---|
|         | required to be introduced into evidence at trial pursuant to Federal Rule of Civil Procedure 32(a)(4). |
| 9/20/02 | The parties shall make their objections to trial exhibits designated by any other party. |
| 9/23/02 | The parties shall make their objections to further designations of deposition testimony pursuant to Federal Rule of Civil Procedure 32(a)(4). The parties shall file with the Court a five-page statement of the law governing the dispute between them. |
| 9/30/02 | Trial begins. |

and it is further

ORDERED that discovery shall be conducted pursuant to the Federal Rules of Civil Procedure except as modified by the schedule set forth in this Order and by the following general provisions:

1. Requests for production: Parties shall have fifteen (15) days to respond to document requests, including objections. Parties shall produce documents on a rolling basis, to be completed within thirty (30) days from service of the request. Interrogatories/ Requests to Admit: Parties shall have fifteen (15) days from service to interpose objections to those requests for which the party will provide no substantive answers but only objections, and thirty (30) days from service to otherwise interpose objections and respond. All document discovery shall be produced into the document depository and may also be produced among the parties directly as they may agree among themselves.

6

2. No obligation to provide discovery or make other disclosures as set forth in this Order shall supersede or limit any party's obligation to supplement disclosures and responses pursuant to and as further set forth in Federal Rule of Civil Procedure 26(e).

3. The use at trial of any deposition testimony designated by a party pursuant to this Order is subject to the limitations set forth in Federal Rule of Civil Procedure 32 and any further Order of the Court.

4. No deposition testimony designated as "May Call" pursuant to this Order shall be used at trial except with leave of Court granted on a showing of cause why that testimony was not designated "Will Call" within the time periods specified by this Order.

5. The specification in this Order of a date on which a party shall perform an act shall be construed to permit the party to perform the act on or before the date specified.

6. In addition to and without limitation of the specification of the contents of reports of expert witnesses set forth in this Order and Federal Rule of Civil Procedure 26, expert reports shall include data, computer models, programs and output, spreadsheets and calculations relied upon by the experts in forming their opinion(s). The software necessary to read or understand any portion of an expert's report shall also be made

7

available by the experts.

7.  No dispositive motions shall be filed without leave of Court and all potentially dispositive motions previously filed are deemed withdrawn without prejudice.

8.  Any disclosure, designation or objection required or permitted by this Order shall be in a writing served on all parties to this action and not filed with the Court, except where the Order expressly directs filing the writing with the Court in which case the writing shall be both served and filed.  Service pursuant to this Order shall be by overnight courier and shall be effective upon delivering the documents to be served to the overnight courier by close of business, local time, on the date of service.

9.  The deadlines specified in this Order may not be altered except by the Special Master and/or by Order of the Court for good cause shown.

_____
ALFRED M. WOLIN, U.S.D.J.