# EXHIBIT 18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 |
| | ) | |
| -against- | ) | |
| | ) | |
| SEALED AIR CORPORATION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | **W. R. GRACE & CO.-CONN'S** |
| Plaintiffs, | ) | **MOTION TO INTERVENE** |
| | ) | |
| -against- | ) | |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | [This Motion applies to both of the |
| HOLDINGS, INC. and | ) | consolidated adversary proceedings.] |
| NATIONAL MEDICAL CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.  W. R. Grace & Co.-Conn ("Grace" or "Debtor") has a right to intervene in these adversary proceedings for three reasons. First, Grace has an absolute right to intervene under Fed. R. Civ. P. 24(a)(1) and 11 U.S.C. § 1109(b) because these proceedings are related to its bankruptcy case. Second, Grace can intervene as of right under Fed. R. Civ. P. 24(a)(2) because disposition of these proceedings without Grace may impair its interests. Third, Grace should be allowed to permissively intervene under Fed. R. Civ. P. 24(b) because there are common issues of law and fact between these proceedings and issues on which it desires to be heard.

2.  **First**, as Debtor in this chapter 11 case, Grace has an absolute right to intervene in the two adversary proceedings seeking to "undo" the Sealed Air and Fresenius transactions as fraudulent transfers. Section 1109(b) of Chapter 11 specifically provides that the Debtor has the right to raise and be heard on any issues pertaining to a case arising under chapter 11. 11 U.S.C. § 1109(b). The Third Circuit has held that the absolute right of the Debtor to intervene extends to non-core adversary proceedings "related to" the bankruptcy case that are pending in federal court. See Marin Motor Oil, Inc. v. Official Unsecured Creditors' Committee (Matter of Marin Motor Oil, Inc.), 689 F.2d 445 (3rd Cir. 1982); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228 (3rd Cir. 1994). There can be no dispute that plaintiffs' adversary complaints purport to assert claims under 11 U.S.C. § 544(b) to recover property for the benefit of Debtors' bankruptcy estates. (Sealed Air Compl. ¶ 10; Fresenius Compl. ¶ 9.) Because this adversary proceeding is related to Debtors' chapter 11 cases, Grace has an absolute right to intervene under § 1109(b), and Grace's motion to intervene should be granted.

3.  **Second**, even if Grace did not have an absolute right to intervene – which

2

it does – it should be allowed to intervene as of right under Fed. R. Bankr. P. 7024 and Fed. R. Civ. P. 24(a)(2) because it has an interest in the transactions that are at issue and the adjudication of the proceedings without its presence may impede its ability to protect those interests. The central issues in these adversary proceedings – including whether Grace was solvent at the time of the Sealed Air and Fresenius transactions or was rendered insolvent as a result of the transactions, and the contemporaneous estimation of Grace's liabilities, including asbestos defense and indemnity costs – are, under the plaintiffs' theory of these chapter 11 cases, tied to central issues of solvency and asbestos valuation in Grace's bankruptcy case. In order to allow Grace to adequately defend its interests on these issues, and to prevent any prejudice that might result from adjudication of these issues without Grace's presence, Grace should be allowed to intervene in this action with respect to these issues.

4.  **Third**, Grace should be allowed to permissively intervene under Fed. R. Civ. P. 24(b). As described above, the core issues to be adjudicated in these adversary proceedings, including Grace's solvency and the estimation of Grace's liabilities, may overlap with critical issues in Grace's underlying bankruptcy case. As a result, Grace meets the standard for permissive intervention under 24(b).

5.  Pursuant to Fed. R. Civ. P. 24(c), Grace submits the accompanying Pleading in Intervention and states that it currently seeks to intervene with respect to any and all claims relating to (1) Grace's solvency, (2) the estimation of Grace's liabilities, including asbestos liabilities, and (3) the nature of the Sealed Air and Fresenius transactions. If needed, Grace may seek to intervene to broaden the scope of its intervention at a later date.

WHEREFORE, W.R. Grace & Co.-Conn respectfully requests that its motion to intervene be granted. In support of these claims, Grace also submits an accompanying Memorandum In Support of Its Motion to Intervene and an accompanying Pleading in Intervention.

Dated: April 1, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Michelle H. Browdy
Scott A. McMillin
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

_____
Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession