# EXHIBIT 19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 |
| | ) | |
| -against- | ) | |
| | ) | |
| SEALED AIR CORPORATION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | **W. R. GRACE & CO.-CONN'S** |
| Plaintiffs, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **ITS MOTION TO INTERVENE** |
| -against- | ) | |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | [This Motion applies to both of the |
| HOLDINGS, INC. and | ) | consolidated adversary proceedings.] |
| NATIONAL MEDICAL CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      I.     As Debtor In The Above-Titled Chapter 11 Case, Grace Has An Absolute Right
To Intervene In This Adversary Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      II.    Mandatory Intervention Under Fed. R. Civ. P. 24(a)(2) Should Be Granted
Because Grace Has An Interest In The Subject Matter Of This Proceeding And Its
Rights May Be Impaired If It Is Not Made A Party . . . . . . . . . . . . . . . . . . . . . . . 5

      III.   Permissive Intervention Under Fed. R. Civ. P. 24(b) Should Be Granted . . . . . . . 9

      IV.   Claims And Defenses For Which Intervention Is Sought . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

## TABLE OF AUTHORITIES

**Cases**

Allentown Cement Co., Inc., A.C.C. v. Hong Sung Industries Co., Ltd.
(In re United Minerals and Grains Corp.), 76 B.R. 991 (E.D. Pa. 1987) . . . . . . . . . . . . . 11

Brody By and Through Sugzdinis v. Spang, 957 F.2d 1108 (3rd Cir. 1992) . . . . . . . . . . . . . . . . 9

Gleason v. Commonwealth Continental Health Care,
(In re Golden Glades Regional Medical Center, Ltd.),
147 B.R. 813 (S.D. Fla. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Bicoastal Corp., 122 B.R. 771 (M.D. Fla. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re First Interregional Equity Corp., 218 B.R. 731 (Bankr. D. N.J. 1997) . . . . . . . . . . . . . 9-11

Kleissler v. United States Forest Service, 157 F.3d 964 (3rd Cir. 1998) . . . . . . . . . . . . . . . . . . . 5

Marin Motor Oil, Inc. v. Official Unsecured Creditors' Committee
(Matter of Marin Motor Oil, Inc.), 689 F.2d 445 (3rd Cir. 1982) . . . . . . . . . . . . . . . . 1, 3, 4

Mountain Top Condominium Assn v. Dave Stabbert Master Builder, Inc.,
72 F.3d 361 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Official Committee of Unsecured Creditors of Allegheny
International, Inc. v. Mellon Bank, N.A.,
(In re Allegheny International, Inc.), 107 B.R. 518 (W.D. Pa. 1989) . . . . . . . . . . . . . . . 4

Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . 1, 3, 4

United States v. State Street Bank and Trust Co.,
No. ADV A-01-04605, 2002 WL 417013
(Bankr. D. Del. Mar. 4, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

11 U.S.C. § 1109(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-5

11 U.S.C. § 544(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Fed. R. Bankr. P. 2018 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Bankr. P. 7024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

Fed. R. Civ. P. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

Fed. R. Civ. P. 24(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Fed. R. Civ. P. 24(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 9

Fed. R. Civ. P. 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 11

Fed. R. Civ. P. 24(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**INTRODUCTION**

W. R. Grace & Co.-Conn ("Grace" or "Debtor") has a right to intervene in these adversary proceedings for three reasons. First, Grace has an absolute right to intervene under Fed. R. Civ. P. 24(a)(1) and 11 U.S.C. § 1109(b) because these proceedings are related to its bankruptcy case. Second, Grace can intervene as of right under Fed. R. Civ. P. 24(a)(2) because disposition of these proceedings without Grace may impair its interests. Third, Grace should be allowed to permissively intervene under Fed. R. Civ. P. 24(b) because there are common issues of law and fact between these proceedings and issues on which it desires to be heard.

**First,** as Debtor in this chapter 11 case, Grace has an absolute right to intervene in the two adversary proceedings seeking to "undo" the Sealed Air and Fresenius transactions as fraudulent transfers. Section 1109(b) of Chapter 11 specifically provides that the Debtor has the right to raise and be heard on any issues pertaining to a case arising under chapter 11. 11 U.S.C. § 1109(b). The Third Circuit has held that the absolute right of the Debtor to intervene extends to non-core adversary proceedings "related to" the bankruptcy case that are pending in federal court. See Marin Motor Oil, Inc. v. Official Unsecured Creditors' Committee (Matter of Marin Motor Oil, Inc.), 689 F.2d 445 (3rd Cir. 1982); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228 (3rd Cir. 1994). There can be no dispute that plaintiffs' adversary complaints purport to assert claims under 11 U.S.C. § 544(b) to recover property for the benefit of Debtors' bankruptcy estates. (Sealed Air Compl. ¶ 10; Fresenius Compl. ¶ 9.) Because this adversary proceeding is related to Debtors' chapter 11 cases, Grace has an absolute right to intervene under § 1109(b), and Grace's motion to intervene should be granted.

1

**Second,** even if Grace did not have an absolute right to intervene – which it does – it should be allowed to intervene as of right under Fed. R. Bankr. P. 7024 and Fed. R. Civ. P. 24(a)(2) because it has an interest in the transactions that are at issue and the adjudication of the proceedings without its presence may impede its ability to protect those interest. The central issues in these adversary proceedings – including whether Grace was solvent at the time of the Sealed Air and Fresenius transactions or was rendered insolvent as a result of the transactions, and the contemporaneous estimation of Grace's liabilities, including asbestos defense and indemnity costs – are, under plaintiffs' theory of these chapter 11 cases, tied to central issues of solvency and asbestos valuation in Grace's bankruptcy case. In order to allow Grace to adequately defend its interests on these issues, and to prevent any prejudice that might result from adjudication of these issues without Grace's presence, Grace should be allowed to intervene in this action with respect to these issues.

**Third,** Grace should be allowed to permissively intervene under Fed. R. Civ. P. 24(b). As described above, the core issues to be adjudicated in these adversary proceedings, including Grace's solvency and the estimation of Grace's liabilities, may overlap with critical issues in Grace's underlying bankruptcy case. As a result, Grace meets the standard for permissive intervention under 24(b).

For these reasons and the grounds stated more fully below, Grace's motion to intervene in these two adversary proceedings should be granted.

2

## ARGUMENT

I.    **As Debtor In The Above-Titled Chapter 11 Case, Grace Has An Absolute Right To Intervene In This Adversary Proceeding.**

Pursuant to Fed. R. Bankr. P. 7024[1] and Fed. R. Civ. P. 24(a)(1), Grace has an absolute right to intervene in this adversary proceeding. Fed. R. Civ. P. 24(a)(1) confers a right to intervene on a party "when a statute of the United States confers an unconditional right to intervene[.]" Fed. R. Civ. P. 24(a)(1). In this case, 11 U.S.C. § 1109(b) confers an unconditional right on the Debtor to intervene in any proceeding relating to its bankruptcy case.

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b).

In interpreting this provision, the Third Circuit has held that it confers upon a "party in interest" an absolute right to intervene in any adversary proceeding relating to a chapter 11 case. In Marin Motor Oil, Inc. v. Official Unsecured Creditors' Committee (Matter of Marin Motor Oil, Inc.), 689 F.2d 445 (3rd Cir. 1982), the trustee had filed two adversary proceedings to recover assets of the estate and to bring related entities into the bankruptcy case. The unsecured creditors committee moved to intervene in the adversary proceedings, arguing that § 1109(b) conferred upon it an absolute right to intervene. The Third Circuit held that the word "case" in § 1109(b) was not limited to the underlying bankruptcy case, but extended to all adversary proceedings relating to the underlying bankruptcy case. Id. at 450-53. Accordingly, the Third Circuit held that the unsecured creditors committee had an absolute right to intervene in

---

[1]Fed. R. Bankr. P. 7024 incorporates Fed. R. Civ. P. 24 for all adversary proceedings.

3

adversary proceedings brought by the trustee. The Third Circuit reaffirmed this holding in Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228 (3rd Cir. 1994). In Phar-Mor, the Third Circuit held that the absolute right to intervene extended to non-core adversary proceedings "related to" the bankruptcy case that were pending in federal court. Id. at 1241.

A Debtor, like the creditors committees in Marin and Phar-Mor, is a "party in interest" with an absolute right to intervene in adversary proceedings "relating to" its bankruptcy case under § 1109(b). In United States v. State Street Bank and Trust Co., No. ADV A-01-04605, 2002 WL 417013 (Bankr. D. Del. Mar. 4, 2002), Judge Walsh held that § 1109(b) conferred upon the Debtor an absolute right to intervene in adversary proceedings relating to its bankruptcy case. In State Street Bank, the United States commenced an adversary proceeding against a class of junior note holders seeking to recharacterize their notes as equity or to subordinate the notes to all administrative claims. Id. at *1. The Court explained the Third Circuit's holding in Marin that § 1109(b) confers an absolute right to intervene on a creditors' committee and that "[t]he Court also stated that '[s]ection 1109(b) of course gives the right to appear and be heard to parties other than creditors' committees.'" Id. at *2 (quoting Marin). Judge Walsh concluded:

> [I]t is clear that the Third Circuit recognizes that all of the parties listed in § 1109(b) have the absolute right to intervene 'and be heard on any issue in a case under" chapter 11. As such, I find that Debtor, as a party in interest "specifically listed in § 1109(b)," has an absolute right to intervene in the instant adversary proceeding.

Id. at *2 (citations omitted). See also Official Committee of Unsecured Creditors of Allegheny International, Inc. v. Mellon Bank, N.A., (In re Allegheny International, Inc.), 107 B.R. 518, 525 (W.D. Pa. 1989) (finding that equity committee had absolute right to intervene under § 1109(b)).

4

There can be no dispute that the instant adversary proceeding is related to Grace's chapter 11 cases. In this proceeding, the *Asbestos Committees* seek to avoid several of the Debtors' transactions as fraudulent transfers and seek to recover assets for Debtors' estates. The Asbestos Committees specifically allege that their complaint is being brought under 11 U.S.C. § 544(b) to recover property for the benefit of Debtors' bankruptcy estates. (Sealed Air Compl. ¶ 10; Fresenius Compl. ¶ 9.) Because this adversary proceeding is related to Debtors' chapter 11 cases, Grace has an absolute right to intervene under § 1109(b) and Fed. R. Civ. P. 24(a)(1). Accordingly, Grace's motion to intervene should be granted.

**II.     Mandatory Intervention Under Fed. R. Civ. P. 24(a)(2) Should Be Granted Because Grace Has An Interest In The Subject Matter Of This Proceeding And Its Rights May Be Impaired If It Is Not Made A Party.**

Grace should also be allowed to intervene as of right under Fed. R. Civ. P. 24(a)(2) because it has an interest in the "transaction which is the subject of the action" and "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest[.]" Fed. R. Civ. P. 24(a)(2). The Third Circuit has interpreted Rule 24(a)(2) to require proof of four elements – all of which are satisfied in this case – in order to allow intervention as of right:

> [F]irst, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation.

Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3rd Cir. 1998); see Mountain Top Condominium Assn v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3rd Cir. 1995).

5

Point 1: Timeliness. Grace is filing its motion to intervene only two weeks after the complaint was filed in this matter, and on the same date as responsive pleadings are due. Clearly, Grace's motion to intervene is timely.

Points 2 and 3: Interest in the litigation that will be impaired if Grace does not participate. Grace has a significant interest in these adversary proceedings because the key issues to be litigated -- including Grace's solvency and the valuation of Grace's asbestos liabilities at the time of the Sealed Air and Fresenius transactions -- may, under plaintiffs' theory of these chapter 11 cases, overlap with critical issues in Grace's bankruptcy. Rulings on these issues in these adversary proceedings may impact Grace's interests in the bankruptcy going forward.

*First*, Grace's solvency itself is an issue that will be litigated both in the adversary proceedings and in Grace's underlying bankruptcy case. If in the adversary proceedings Grace is found insolvent as of 1996 or 1998 – which Grace does not believe is the case – the Asbestos Committees will certainly argue that this impacts Grace's ability to litigate the issue of its solvency in 2001 when it filed for bankruptcy. In order to protect its interests, Grace must be allowed to intervene in these proceedings.

*Second*, the solvency analysis in this fraudulent transfer litigation hinges on the legitimacy and magnitude of the asbestos-related claims pending against Grace at that time as well as Grace's and its advisors' then-estimates of future asbestos claims. Plaintiffs allege that Grace "was insolvent by reason of its massive asbestos liabilities" at the time of the Sealed Air transaction. (Sealed Air Compl. ¶ 30.) It is these very same asbestos claims that drove Grace into bankruptcy and that are the subject of intensive, ongoing litigation in the bankruptcy case. In these adversary proceedings, the Asbestos Committees will put on an estimation case that is likely based on the same methodology they will use in arguing what Grace's total asbestos

6

liabilities are in the bankruptcy case itself. Because this Court will have to address the validity of that methodology in this proceeding, Grace should be allowed to intervene in order to examine witnesses and present evidence to challenge that methodology. Grace thus needs to participate in these proceedings to protect its interests in the proper methodology for valuation of Grace's asbestos liabilities.

*Third*, and related, plaintiffs allege that Grace was insolvent at the time of the Fresenius transaction, "if its Zonolite liability was of the order of magnitude alleged in the litigation now pending." (Fresenius Compl. ¶ 28.) The validity and magnitude of the Zonolite attic insulation claims is one of the hotly contested issues being litigated in Debtors' bankruptcy proceeding. Debtors maintain that there is no merit whatsoever to the purported Zonolite claims. Because Grace has an interest in litigating this issue which would be impaired if it were not present, it should be allowed to intervene.

*Fourth*, Grace has an interest in insuring that an accurate factual record is developed in these adversary proceedings. Grace, as the party that negotiated and structured the Sealed Air and Fresenius transactions, is in the best position to adduce accurate evidence concerning what occurred, when and why. Grace has an interest in ensuring that the factual record developed in this proceeding concerning the estimation of its asbestos liabilities, its solvency at the time of the two transactions, the conduct of Grace witnesses and the steps taken to effect the transactions, is accurate. As a party with significant information on these issues, if Grace is not allowed to intervene, its interests will be impaired.

Point 4: Adequacy of Representation. None of the current parties to these adversary proceedings will adequately protect Grace's interests in this litigation.

7

***First***, the Asbestos Committees do not represent Grace's interests. To the contrary, the Asbestos Committees are committed to maximizing the purported value of Grace's asbestos liabilities for the benefit of their own constituents. This is directly opposed to Grace's interests in its bankruptcy case and is an issue on which Grace has been actively litigating against the Asbestos Committees. Likewise, Grace's solvency is an issue on which the Grace and the Asbestos Committees have clashed. Because the Asbestos Committees and Grace have diametrically opposed interests on these issues, these Committees cannot possibly represent Grace's interests in these proceedings.

***Second***, Sealed Air and Fresenius cannot adequately represent Grace's interests. These companies' interests will be focused solely on defeating the specific claims brought in the adversary proceedings. Grace, on the other hand, is concerned about the impact that findings in the fraudulent transfer litigation may have on its overall bankruptcy and its ability to create a successful plan of reorganization -- issues that Sealed Air and Fresenius have no incentive to take into account. Further, Sealed Air and Fresenius do not have the same ability to address these claims as Grace does. For example, as the company that manufactured and sold Zonolite attic insulation, Grace is in a much better position to address Zonolite allegations than are Fresenius or Sealed Air. In addition, any Grace witnesses that may be necessary for the adjudication of these claims are outside of Fresenius or Sealed Air's control. For these reasons, Sealed Air and Fresenius will not be able to adequately defend Grace's interest in this proceeding.

In State Street Bank, 2002 WL 417013, at *3, Judge Walsh held that "[e]ven if the Debtor did not have the right to intervene under Rule 24(a)(1) as a 'party in interest' under § 1109(b), which it does, I find that Debtor also has a right to intervene under Rule 24(a)(2)." There, it was the debtors' conduct in issuing the junior notes that was at issue, and the debtor had

8

information relating to the status of the notes that would be relevant to the litigation. Judge Walsh held that "Debtor can only be assured that its interests will be adequately protected if it is permitted to intervene and defend its conduct on its behalf." Id. Grace should similarly be allowed to intervene in the Sealed Air and Fresenius fraudulent transfer litigation.

For these reasons, Grace's motion to intervene under Fed. R. Civ. P. 24(a)(2) should be granted.

## III.    Permissive Intervention Under Fed. R. Civ. P. 24(b) Should Be Granted.

Finally, Grace should be allowed to permissively intervene under Fed. R. Civ. P. 24(b) because the claims and defenses upon which it seeks to intervene have questions of law or fact in common with the claims against Sealed Air and Fresenius. Fed. R. Civ. P. 24(b) provides that "[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).[2]  Where permissive intervention is sought, "[t]he Court must consider 'whether the intervention will unduly delay or prejudice the adjudication of rights of the original parties." Brody By and Through Sugzdinis v. Spang, 957 F.2d 1108 (3rd Cir. 1992). Thus, courts analyze three factors when ruling on motions for permissive intervention: (1) the timeliness of the application, (2) whether there are common issues of law or fact between the main action and the intervenor's claims or defenses, and (3) whether the original parties would be prejudiced by

---

[2]In addition to Fed. R. Civ. P. 24(b), the bankruptcy rules contain another permissive intervention provision. Fed. R. Bankr. P. 2018 provides: "*Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.*" Courts generally have held that Fed. R. Bankr. P. 7024 which incorporates Fed. R. Civ. P. 24 intervention requirements for adversary proceedings applies to intervention motions in adversary proceedings, whereas Fed. R. Bankr. P. 2018 applies to permissive intervention in the bankruptcy case itself. See, e.g., In re Bicoastal Corp., 122 B.R. 771, 774 (M.D. Fla. 1990).

9

the intervention. <u>See</u> <u>In re First Interregional Equity Corp.</u>, 218 B.R. 731, 735 (Bankr. D. N.J. 1997).

Point 1: Timeliness. As explained above, Grace's motion to intervene is timely as the complaint was only filed two weeks ago.

Point 2: Common issues of law or fact. As explained below, Grace seeks to intervene to protect its interests in the bankruptcy proceeding on the issues of Grace's solvency and the evaluation of its liabilities, including asbestos liabilities. Issues in common with the pending claims against Sealed Air and Fresenius include: (1) whether Grace was solvent at the time of each transaction or was rendered insolvent as a result of the transaction (which plaintiffs will likely claim impact the determination of Grace's solvency in the bankruptcy proceeding), and (2) the magnitude of and methodology for determining Grace's asbestos liabilities (which plaintiffs claim may impact the determination of Grace's asbestos liability in the bankruptcy). These issues go to the very core of plaintiffs' fraudulent transfer claims.

Point 3: Potential prejudice. Because Grace is moving to intervene only two weeks after the complaint has been filed, there is no prejudice to the original parties to this proceeding. In addition, plaintiffs will suffer no prejudice because Grace is not seeking to raise new issues by its intervention; it is only seeking to intervene on issues that have already been raised.

Courts have not hesitated to allow permissive intervention in similar circumstances. In <u>In re First Interregional Equity Corp.</u>, 218 B.R. at 735, for instance, the SEC brought a Security Investors Protection Act ("SIPA") lawsuit against a chapter 11 debtor, seeking to protect investors in the debtor's allegedly fraudulent sale of investments. The chapter 11 trustee and creditors' committee sought to permissively intervene in the SIPA lawsuit. Judge

10

Gambardella granted the motion for permissive intervention because the SIPA investors were likely the largest group of creditors in the bankruptcy and the adjudication of the lawsuit brought on their behalf would have a significant effect on the extent of their claims in the bankruptcy. Id. at 736-37. See also Allentown Cement Co., Inc., A.C.C. v. Hong Sung Industries Co., Ltd. (In re United Minerals and Grains Corp.), 76 B.R. 991, 1000 (E.D. Pa. 1987) (allowing creditors to intervene because common questions of law or fact existed in dispute between debtor and other creditors who were already parties to the proceeding); Gleason v. Commonwealth Continental Health Care, (In re Golden Glades Regional Medical Center, Ltd.), 147 B.R. 813, 815-16 (S.D. Fla. 1992) (allowing unsecured creditor to permissively intervene to assist debtor in prosecuting adversary proceeding where defendants could show no prejudice from proposed intervention).

For these reasons, Grace's motion to intervene under Rule 24(b) should be granted.

## IV.    Claims And Defenses For Which Intervention Is Sought.

Pursuant to Fed. R. Civ. P. 24(c), Grace states that it currently seeks to intervene with respect to any and all claims relating to (1) Grace's solvency, (2) the estimation of Grace's liabilities, including asbestos liabilities, and (3) the nature of the Sealed Air and Fresenius transactions. If needed, Grace may seek to broaden the scope of its intervention at a later date.

## CONCLUSION

For these reasons, Grace's motion to intervene in these adversary proceedings

should be granted.

Dated: April 1, 2002                    Respectfully submitted,

                                        KIRKLAND & ELLIS
                                        David M. Bernick, P.C.
                                        Michelle H. Browdy
                                        Scott A. McMillin
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        (312) 861-2000

                                        and

                                        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                                        Laura Davis Jones (#2436)
                                        David W. Carickhoff, Jr. (#3715)
                                        919 North Market Street, 16th Floor
                                        P.O. Box 8705
                                        Wilmington, Delaware 19899-8705 (Courier 19801)
                                        (302) 652-4100

                                        Co-Counsel for the Debtors and Debtors in Possession