**EXHIBIT 22**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing in behalf of The Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Adv. No. 02-02210 [LEAD DOCKET] |
| -v- | ) ) | |
| SEALED AIR CORPORATION, and CRYOVAC, INC., | ) ) ) | |
| Defendants. | ) ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing in behalf of The Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | Adv. No. 02-02211 |
| Plaintiffs, | ) ) ) | **UNITED STATES' MOTION TO INTERVENE** |
| -v- | ) ) | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC. | ) ) ) ) | [This Motion applies to Adv. No. 02-02210 of the consolidated adversary proceedings] |
| Defendants. | ) ) | |

1. The United States of America, for and on behalf of the U.S. Environmental Protection Agency, seeks to appear and be heard, and participate as a party in the limited capacity described below, in Adv. No. 02-02210 pursuant to Fed. R. Civ. P. 24(a) and (b)(incorporated into the Bankruptcy Rules by Fed. R. Bank. P. 7024). To that end, a Complaint in Intervention accompanies this motion which conforms with Fed. R. Civ. P. 7, 8, and 9 (incorporated into the Bankruptcy Rules by Fed. R. Bankr. P. 7007, 7008, and 7009), and which states the claims upon which intervention is sought as required by Fed. R. Civ. P. 24(c). The United States is specifically interested in assuring that environmental liabilities are fairly valued for purposes of the solvency analysis central to the constructive fraud phase of this case.

2. The United States seeks to intervene in order to: (a) assist Plaintiffs in preparing a case as to the fair valuation of the environmental liabilities of W.R. Grace & Co. -- Conn. ("Grace-Conn.") or its parent corporation at the time of the allegedly fraudulent transfers, and (b) brief related legal issues for the benefit of the Court. Specifically, the United States would coordinate efforts with the Plaintiffs as to the identification and fair valuation of liabilities at environmental sites, assemble and provide information to the parties about environmental liabilities at specific sites, and independently brief legal issues in an amicus-type capacity for the benefit of the Court.

3. A memorandum brief in support of the United States' position accompanies this brief, and a proposed Order.

4. Counsel for the United States has contacted counsel for the Plaintiffs and Defendants in Adv. No. 02-02210 regarding the United States' intervention in this case. Plaintiffs do not oppose this Motion. Defendants Sealed Air Corporation and Cryovac, Inc., at the time this

Motion is filed, have indicated to the government's counsel that as yet they have no position whether the United States should permitted to intervene in this matter.

WHEREFORE the United States respectfully requests that the Court grant this motion allowing the United States to intervene as a party in Adv. No. 02-02210.

Dated: May 22, 2002

>Respectfully submitted,

>/s/ Jerry Ellington
>JEREL ("JERRY") L. ELLINGTON
>JAMES D. FREEMAN
>Attorneys
>U.S. Department of Justice
>Environmental Enforcement Section
>999 18th Street; Suite 945-North Tower
>Denver, Colorado 80202
>(303) 312-7321

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing in behalf of The Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Adv. No. 02-02210 [LEAD DOCKET] |
| -v- | ) ) | |
| SEALED AIR CORPORATION, and CRYOVAC, INC., | ) ) ) | |
| Defendants. | ) ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing in behalf of The Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) ) ) ) ) ) ) | Adv. No. 02-02211 |
| Plaintiffs, | ) ) ) | **UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE** |
| -v- | ) ) | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC. | ) ) ) | [This Brief applies to Adv. No. 02-02210 of the consolidated adversary proceedings] |
| Defendants. | ) ) ) | |

## INTRODUCTION

The United States of America, for and on behalf of the U.S. Environmental Protection Agency, seeks to appear and be heard, and participate as a party in the limited capacity described below, in Adv. No. 02-02210 pursuant to Fed. R. Civ. P. 24(a) and (b) (incorporated into the Bankruptcy Rules by Fed. R. Bank. P. 7024). To that end, a Complaint in Intervention accompanies this motion which conforms with Fed. R. Civ. P. 7, 8, and 9 (incorporated into the Bankruptcy Rules by Fed. R. Bankr. P. 7007, 7008, and 7009), and which states the claims upon which intervention is sought as required by Fed. R. Civ. P. 24(c). The United States is interested in assuring that environmental liabilities are fairly valued for purposes of the solvency analysis central to the constructive fraud phase of this case.

## BACKGROUND

This Court has authorized the Official Committee of Asbestos Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants of Debtor W.R. Grace & Co. to prosecute fraudulent conveyance claims on behalf of the bankruptcy estate. Docket No. 1789 (Case No. 01-1139). Counts I, II, III, and IV of Plaintiffs' Original Complaint (Docket No. 1 in Adv. No. 02-02210) also support claims under the Federal Debt Collection Procedures Act, and in particular 28 U.S.C. § 3304(a) and (b)(1), which only the United States can aver. The Complaint in Intervention which accompanies this motion states those claims.

## ARGUMENT

I.  **The United States has a Right To Intervene in This Adversary Proceeding under Fed. R. Civ. P. 24(a)(1) and (2).**

Rule 24(a), Fed. R. Civ. P., incorporated by reference into the Bankruptcy Rules by Fed.

R. Bankr. P. 7024, provides that anyone may, upon timely application, be permitted to intervene in an action:

> (1) when a statue of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Both circumstances are met in this case.[1]

### A.    As a Creditor, the United States has a Right to Intervene Pursuant to 11 U.S.C. § 1109(b).

A statute of the United States confers a right upon the United States, as a creditor,[2] to intervene in this case. 11 U.S.C. § 1109(b) provides that: "[a] party in interest, including . . . a creditor" may appear and be heard on any issue in a case arising under chapter 11. The Third Circuit has held that such right to intervene extends to non-core adversary proceedings related to the bankruptcy case. See In re Marin Motor Oil, Inc., 689 F.2d 445, 454-55 (3d Cir. 1982), cert. denied sub nom., Michaels v. Official Unsecured Creditor's Comm., 459 U.S. 1206 (1983), and cert. denied sub nom., Marin Motor Oil, Inc. v. Official Unsecured Creditor's Comm., 459 U.S. 1207 (1983); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1240-41 (3d Cir. 1994). This proceeding is clearly "related to" the Debtor's chapter 11 case. Id. At issue is whether the allegedly fraudulent transfers of assets worth billions of dollars will be set aside, and the value

---

[1] The timeliness of the United States' motion, and the impact of the United States' intervention in this case at this time, are separately addressed below.

[2] The debtors have listed the United States, and for purposes of this matter in particular EPA, as a creditor on Schedule F to various Statements of Financial Affairs in the principal bankruptcy case.

thereof brought back into the bankruptcy estate for the benefit of all creditors, including the United States.

The amount of the environmental liabilities is also significant. The debtors' disclosure of environmental sites at which they have received notice from a governmental unit, including EPA, that it is or may be liable under or in violation of an environmental law is cumulatively 99 pages long, and lists hundreds of such sites.[3] At the time the "old" W.R. Grace & Co. undertook the intra-corporate split and associated transfers which the Court has been asked to set aside, the company's financial statements measured environmental liabilities in hundreds of millions of dollars. The SEC Form 10-K405/Annual Report of W.R. Grace & Co. for the year ending December 31, 1997 (filed on March 30, 1998 which was contemporaneous with the allegedly fraudulent transfers which are at issue) indicated that the company had accrued $230.2 million for "environmental liability for investigatory and remediation costs related to continuing and discontinued operations." As stated in the United States' Complaint in Intervention, the United States is informed and believes that the environmental liabilities, under a fair valuation standard, were actually much greater.

As a creditor, with an interest in environmental claims which are substantial and may be material to the court's solvency determination, the United States has a statutory right to intervene pursuant to Fed. R. Civ. P. 24(a)(1).

---

[3] See Docket No. 824 (Notice of Amendment of Schedules of Assets and Liabilities and Statements of Financial Affairs, Statement 17(A)), as amended by Docket Nos. 1451 and 1459, in Case No. 01-1139.

**B.     The United States has an interest in the transactions at issue and the adjudication of the proceedings without its presence may impede its ability to protect those interests, and the government is uniquely situated to identify and assist in the "fair valuation" of environmental liabilities.**

Counts I, II, III, and IV of the Plaintiffs' Original Complaint assert constructive and actual fraud. The allegations supporting those claims also support claims by the United States under the Federal Debt Collection Procedures Act. Pursuant to 28 U.S.C. § 3304(a), a transfer is fraudulent as to a debt to the United States which arises before the transfer if the debtor is insolvent or rendered insolvent by the transfer, and the transfer is made without an exchange of reasonably equivalent value. 28 U.S.C. § 3304(a). Pursuant to 28 U.S.C. § 3304(b)(1), a transfer is fraudulent as to a debt to the United States which arises before or after the transfer if either (a) the transfer is made with actual intent to hinder, delay, or defraud the United States, or (b) without receiving a reasonably equivalent value in exchange for the transfer and the debtor was left either undercapitalized or unable to pay debts as they became due.

The United States has an interest in the transactions at issue within the meaning of Fed. R. Civ. P. 24(a)(2). The government has substantial claims for environmental liabilities to be paid out of the bankruptcy estate. If the fraudulent conveyance claims are prosecuted successfully the value of the bankruptcy estate would dramatically increase. Because of the similarity of issues, the outcome of this case will surely effect the claims of the United States. The United States therefore has a direct and substantial interest in the adjudication of this case.

The government's interests will not be adequately protected unless it participates as a party. As stated above and in the accompanying motion, the government has one fundamental objective: ensuring that the court is fully informed of the extent of the debtor's environmental

liabilities at the time of the allegedly fraudulent transfers. The United States, and EPA, has specialized expertise in this area. EPA is uniquely situated to be able to identify numerous environmental sites at which liability, whether fixed or contingent, existed in 1998. The Plaintiffs do not have the same access to information as does EPA, and would be forced in large part to accept the information provided to them through discovery from the debtor and others. While the United States does not question the intentions of the Plaintiffs to diligent prosecute the claims in this case, the United States respectfully suggests that the government can assist them in more adequately addressing the full extent, and fair valuation of, environmental liabilities. The United States has therefore met the minimal showing that the representation of its interests merely "may" not be adequate. See Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, n.10 (1972).

For these reasons, the United States has a right to intervene under Fed. R. Civ. P. 24(a)(2).

## II. The United States Should be Permitted To Intervene in This Adversary Proceeding under Fed. R. Civ. P. 24(b).

Fed. R. Civ. P. 24(b) provides, in pertinent part, that:

> When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.

The question whether the corporation was insolvent at the time of, or immediately after, the allegedly fraudulent conveyances, will require a comparison of its assets and liabilities at a fair valuation. The corporation's environmental liabilities at that time, as explained above, was

by its own accounting at least $230.2 million. The United States contends that the corporation's environmental liabilities, "fairly valued," were substantially greater. The environmental liabilities are predicated, in large part, upon federal statutes, such as the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), which are administered by EPA.

The United States, and EPA, has specialized expertise as to the application, interpretation and enforcement of federal environmental statutes, including CERCLA. Some of the environmental sites on the debtor's Statement 17(A) include sites at which EPA has issued administrative orders, brought enforcement actions, or which were the subject of various types of judicial consent decrees. The United States should be permitted to explain, in briefs and argument to the Court, the application and interpretation of these laws, the scope and limitations of administrative orders and consent decrees, and the associated implications of these matters as pertains to a "bottom line" fair valuation of the company's total environmental liabilities.

The court has discretion to permit the United States to intervene on the basis of EPA's special expertise and the uniqueness of the input that the United States may have to the full and fair valuation of environmental liabilities in this case. See 6 James Wm. Moore et al., Moore's Federal Practice § 24.03[5][a] (3d ed. 2002). "Courts are particularly willing to grant permissive intervention in complex litigation where the applicant may be able to provide unique input that may be of value to the court." Id., § 24.10[2][b] at p. 24-58. Moreover, "[a]s a policy matter, 'courts should welcome unique input . . . , especially on subjects within the special expertise of the intervenor.'" Id., quoting Edward Brunet, *The Efficiency of Federal Intervention Criteria*, 12 Ga. L. Rev. 701, 730 (1978).

In granting permissive intervention under Fed. R. Civ. P. 24(b), the Court should also be satisfied that the intervention will not unduly delay or prejudice the adjudication of the case or the rights of the parties in the proceeding. As explained more below, the intervention by the United States at this time will not unduly prejudice Plaintiffs or Defendants, and will not result in any delay in the trial of this case. If anything, the participation by the United States, and the additional expertise and information made available by EPA, will expedite this matter.

### III. The United States Should be Permitted to Participate in the Limited Capacity it Proposes.

The limited role the United States seeks to have in this case is affirmatively set forth in the accompanying Motion to Intervene, and in the introductory statement to this brief. Specifically, the United States would coordinate efforts with Plaintiffs as to the identification and fair valuation of liabilities of W.R. Grace & Co. (and related entities) at environmental sites, assemble and provide to the parties information about environmental liabilities at specific sites, and independently brief legal issues in an amicus-type capacity for the benefit of the Court. The United States would not participate in the valuation of assets or non-environmental liabilities, or related discovery. The government would also assess the status of the case after the constructive fraud phase is completed, and at that time notify the court by motion what role, if any, the United States would like to take in any subsequent proceedings regarding the intent to defraud claims.

The Court has discretion to grant the limited level of participation sought by the United States. See 6 James Wm. Moore et al., Moore's Federal Practice § 24.33[1] (3d ed. 2002). Such a reasoned approach is also consistent with Third Circuit precedent interpreting and applying 11 U.S.C. § 1109(b), which generally confers a right upon an interested party, including a creditor, a

-8-

right to appear and be heard on any issue pertaining to a case arising under chapter 11. See Marin Oil, 689 F. 2d at 454-57; Phar-Mor, Inc., 22 F.3d at 1240.

## IV. The United States' Motion to Intervene is Timely

Both intervention as a matter of right and by permission of the Court, are predicated upon a "timely application." The timeliness of a motion needs to be determined by a court in its sound discretion in the context of all the circumstances of an individual case. See 6 James Wm. Moore et al., Moore's Federal Practice § 24.21[1] (3d ed. 2002). The Third Circuit has recognized three factors to be considered in determining timeliness: (1) the stage of the proceeding, (2) whether parties might be prejudiced by delay, and (3) the reason for the delay in intervention. Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369-70 (3d Cir. 1995).

The intervention by the United States, especially on the limited basis proposed by the United States, will cause no delay, and therefore no party will be prejudiced. Furthermore, factual discovery is only recently underway, and the discovery has to date only included document discovery. Finally, while the United States endeavored to make a decision whether to seek to intervene earlier, the United States was simply unable to do so for several reasons. First, the transactions at issue are extremely complicated. The United States, prior to filing a pleading conforming with Fed. R. Civ. P. 7, 8, and 9, needed to conduct its own investigation and due diligence to satisfy itself as to the merits of the claims. Second, the United States needed to consult with Plaintiffs' counsel. As this Court knows, less than a month ago new special counsel was appointed as lead counsel for Plaintiffs. Third, the magnitude of the matters at issue in this case required that the United States carefully and judiciously consider what role, if any, it

considered appropriate to take in this matter. The United States has fashioned what it considers a fair and reasonable level of participation in this matter which, under the circumstances, is now timely presented to the court.

## CONCLUSION

For these reasons, the Court should grant the United States' Motion to Intervene in this adversary proceeding so that the United States can participate as a party in the limited role described above.

Dated: May 22, 2002

Respectfully submitted,

/s/ Jerry Ellington
JEREL ("JERRY") L. ELLINGTON
JAMES D. FREEMAN
Attorneys
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street; Suite 945-North Tower
Denver, Colorado 80202
(303) 312-7321