# EXHIBIT 24

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 |
| | ) | |
| -against- | ) | |
| | ) | |
| SEALED AIR CORPORATION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | **W.R. GRACE & CO.-CONN'S** |
| Plaintiffs, | ) | **RENEWED MOTION TO INTERVENE** |
| | ) | |
| -against- | ) | |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | [This Motion applies to both of the |
| HOLDINGS, INC. and | ) | consolidated adversary proceedings.] |
| NATIONAL MEDICAL CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.  W.R. Grace & Co.-Conn ("Grace" or "Debtor") moves to intervene in this proceeding to protect the interests of its bankruptcy estates. Grace has an obligation to represent all of the constituencies of its estate – equity holders, non-tort claimants, the ongoing businesses, etc. The Asbestos Committees only represent certain tort claimants, and their interest is solely in enhancing the value of those tort claims. Grace, on the other hand, has an obligation as debtor-in-possession to represent all of the estate's other constituencies, many of whom do not share the interest in enhancing the value of the tort claims, and who actually have an interest in minimizing the value of those claims. Clearly, Grace should be allowed to intervene to protect these interests.

2.  Further, the mere fact that this adversary proceeding is a potential claim by which assets may be returned to Debtor's estate does not mean that it is in the estate's best interest to pursue these claims or that it would present a conflict of interest to oppose these claims. Grace has conducted an extensive investigation into potential fraudulent transfer claims and made the judgment that given the negligible likelihood of success, it is not in the estate's interest to pursue these claims.

3.  Further, the Third Circuit held unequivocally in Marin Motor Oil, Inc. v. Official Unsecured Creditors' Committee (Matter of Marin Motor Oil, Inc.), 689 F.2d 445 (3rd Cir. 1982), that the debtor, as a party in interest, has an absolute right to intervene in an adversary proceeding related to its bankruptcy case. In Marin, the Third Circuit also expressly rejected the proposition that allowing a party in interest to participate as an *amicus curiae* would satisfy the requirements of 11 U.S.C. § 1109(b). "The language of the statute seems clearly to require *more than mere participation as an amicus* be allowed." Id. at 454 (emphasis added). Moreover,

2

forcing Grace to participate in the diminished role of an *amicus* would, in effect, require it to litigate with one arm tied behind its back while at the same time facing serious risk of collateral estoppel for issues resolved in the litigation. Accordingly, Grace must be allowed to intervene as a party in order to protect its estate's interests in this proceeding.

4. In order to ensure that there is no concern about the role that Grace would play in this proceeding or the recoverability of Grace's fees and costs, Grace will limit its participation to (1) responding to discovery, (2) the presentation of witnesses who were involved in the events and liabilities at issue, (3) the presentation of witnesses regarding Grace's solvency and estimates of its liabilities, including asbestos and environmental liabilities, and (4) the cross examination of plaintiffs' experts on these issues. These issues are squarely within the interests of Grace's estate.

5. In accordance with Fed. R. Civ. P. 24(c), Grace seeks to intervene as a defendant. A copy of Grace's proposed Answer in Intervention is attached.

WHEREFORE, Grace respectfully requests that its Renewed Motion to Intervene be granted. In support of these claims, Grace also submits an accompanying Memorandum In Support of Its Motion to Intervene and an accompanying Answer in Intervention.

Dated: June 20, 2002          Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Michelle H. Browdy
Scott A. McMillin
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession