Exhibit 24A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 |
| | ) | [LEAD DOCKET] |
| -against- | ) | |
| | ) | |
| SEALED AIR CORPORATION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | Adv. No. 02 - 2211 |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | **W.R. GRACE & CO.-CONN'S** |
| Plaintiffs, | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES** |
| -against- | ) | |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | **Affects Dockets 02-2210 and 02-2211** |
| HOLDINGS, INC. and | ) | |
| NATIONAL MEDICAL CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEBTOR
## W.R. GRACE & CO.-CONN TO PLAINTIFFS' ORIGINAL COMPLAINT

W.R. Grace & Co.-Conn ("Grace" or "Debtor"), by its attorneys, for its Answer and Affirmative Defenses to plaintiffs' Original Complaint (the "Complaint"), responds as follows:

1.     Grace admits that this is an action to set aside fraudulent transfers, but denies that the claims have any merit. The second sentence of Paragraph 1 is denied, except that Debtor admits that, at certain times in the past, Grace manufactured and sold certain asbestos-containing products. The remainder of Paragraph 1 is denied, except that Debtor admits that Grace is currently a defendant in thousands of (currently stayed) asbestos-related lawsuits, including putative state or federal class actions related to Zonolite Attic Insulation.

2.     Paragraph 2 is denied, except that Grace admits that it transferred the assets of its packaging division to its subsidiary, Cryovac, Inc., and distributed the shares of Cryovac, Inc. to its then parent, W.R. Grace & Co. (occasionally referred to herein as "Grace-1996"), the parent holding company created in 1996, which is now known as Sealed Air Corporation (occasionally referred to herein as "new" Sealed Air).

3.     Paragraph 3 is denied.

4.     Paragraph 4 is denied.

5.     Paragraph 5 is admitted, except that Paragraph 5 incorrectly refers to Grace Specialty Chemicals, Inc. as W.R. Grace Specialty Chemicals Inc.

6.     Paragraph 6 is admitted.

7.     Paragraph 7 is admitted.

2

8.    Paragraph 8 is admitted, except that Grace denies that all of the asbestos plaintiffs have suffered personal injuries, wrongful death or property damage caused by asbestos-containing products.

9.    Grace admits that Plaintiffs were authorized by the Court's "Order re Fraudulent Conveyance Proceedings" to prosecute fraudulent transfer claims arising out of the Sealed Air transaction. Grace denies the remaining allegations in Paragraph 9.

10.    Grace admits that Plaintiffs purport to bring this action pursuant to 11 U.S.C. § 544(b) and other applicable law for the purpose of avoiding the Transfers, but denies that the claims have any merit.

11.    Paragraph 11 is admitted.

12.    Grace admits that Cryovac, Inc. is a Delaware corporation, but denies the remaining allegations in Paragraph 12.

13.    Grace is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies them, except that Grace admits that thousands of lawsuits have been filed alleging injuries arising from exposure to asbestos.

14.    Grace admits that asbestos litigation has been going on for decades and that certain companies have declared bankruptcy based, at least in part, on asbestos litigation. Grace denies the remaining allegations in Paragraph 14.

15.    Grace admits that prior to the 1998 Transaction, Grace-1996 was a publicly traded holding corporation, which owned 100% of the shares of Grace-Conn, which was an operating company with separate divisions including a Construction Products Division, Specialty Chemicals Division, Container Division, and Packaging Division. Grace denies the remaining allegations in Paragraph 15.

3

16.    Paragraph 16 is denied.

17.    Paragraph 17 is denied.

18.    Grace admits that the Packaging Division was one of its largest divisions in 1998 in terms of revenues, but denies the remaining allegations in Paragraph 18.

19.    Paragraph 19 is denied.

20.    Grace admits that before the 1998 Transaction, Grace-1996 was a publicly traded holding company that was created in 1996. Grace-1996 owned the shares of Grace-Conn, an operating company with separate divisions including a Construction Products Division, Specialty Chemicals Division, Container Division, and Packaging Division. In order to accomplish the Sealed Air Transaction in a tax-free manner, the assets of the Packaging Division were transferred to Cryovac, Inc., a Grace-Conn subsidiary. Cryovac was then transferred from Grace-Conn to Grace-1996 by distributing Cryovac's shares from Grace-Conn to Grace-1996. The non-packaging businesses remained a part of Grace-Conn. Thereafter, the shares of Grace-Conn were contributed by Grace-1996 to Grace Specialty Chemicals, Inc., a subsidiary of Grace-1996 that had been incorporated to facilitate the transaction. Grace-1996 and Cryovac borrowed more than $1.2 billion, providing the proceeds to Grace-Conn and Grace Specialty Chemicals. This amount was used to pay off substantially all of Grace-Conn's debt, and was not used for the benefit of Grace-1996 or Cyrovac as Plaintiffs allege. Indeed, Grace-1996 and Cryovac assumed more than $1.2 billion in debt they would not otherwise have incurred. Grace Specialty Chemicals was subsequently spun off to the shareholders of Grace-1996 and renamed W.R. Grace & Co. (a Delaware corporation) ("new" Grace Delaware). The "old" Sealed Air then merged into a merger subsidiary of Grace-1996, and was renamed Sealed Air Corporation (US), while Grace-1996, then owning both packaging companies, was renamed Sealed Air Corporation (i.e., "new" Sealed Air). After the close of the

4

Sealed Air Transaction, "new" Grace Delaware was the publicly-traded Grace entity and sole owner of Grace-Conn, which continued to own and operate the non-packaging businesses. Grace denies the remaining allegations in Paragraph 20.

21.   Grace admits that its financial advisors valued the Packaging Business in the range of $3.4 - $4.5 billion before the Sealed Air Transaction.

22.   Grace admits that the consideration that was paid for the Sealed Air Transaction included the assumption of more than $1.2 billion in debt by Grace-1996 and Cryovac, and the issuance of approximately 36 million shares of Sealed Air's convertible preferred stock, and 40.9 million shares of Sealed Air common stock, and that, based on "old" Sealed Air's stock price at the close of business on August 13, 1997, this consideration had an aggregate value of approximately $4.9 billion. Grace denies the remaining allegations in Paragraph 22.

23.   Paragraph 23 is denied.

24.   Paragraph 24 is denied.

25.   Grace admits that Plaintiffs selectively quote a portion of the Form S-4 that Grace filed on February 13, 1998. Grace denies the remaining allegations in Paragraph 25.

26.   Grace admits that Plaintiffs accurately quote a selective portion of the Form S-4 that Grace filed on February 13, 1998. Grace further states that this quote is taken out of context. Grace denies the remaining allegations in Paragraph 26.

27.   Grace admits that its asbestos reserve was $855.9 million in its 1997 Form 10-K, but denies the remaining allegations in Paragraph 27.

28.   Grace admits that it reported in its 2000 Form 10-K that it was a defendant in approximately 61,395 asbestos related lawsuits involving 124,907 claims for personal injury, but denies the remaining allegations in Paragraph 28.

29.    Grace admits that Plaintiffs purport to refer to Grace's 2000 Form 10-K, but denies the inferences drawn therefrom and the remaining allegations in Paragraph 29. Grace further states that the status of its asbestos litigation as of December 31, 2000 – nearly three years after the close of the Sealed Air Transaction – is irrelevant to the issues in this proceeding.

30.    Paragraph 30 is denied.

31.    Paragraph 31 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 31 is denied.

32.    Paragraph 32 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 32 is denied.

33.    Paragraph 33 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 33 is denied.

## AS TO COUNT I
## CONSTRUCTIVE FRAUDULENT TRANSFER

34.    Grace incorporates by reference its responses to Paragraphs 1 through 33 of the Complaint with the same legal force and effect as if fully set forth at length herein.

35.    Paragraph 35 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 35 is denied.

36.    Paragraph 36 is denied.

37.    Paragraph 37 is denied.

## AS TO COUNT II
## CONSTRUCTIVE FRAUDULENT TRANSFER

38.    Grace incorporates by reference its responses to Paragraphs 1 through 37 of the Complaint with the same legal force and effect as if fully set forth at length herein.

39.    Paragraph 39 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 39 is denied.

40.    Paragraph 40 is denied.

41.    Paragraph 41 is denied.

## AS TO COUNT III
## CONSTRUCTIVE FRAUDULENT TRANSFER

42.    Grace incorporates by reference its responses to Paragraphs 1 through 41 of the Complaint with the same legal force and effect as if fully set forth at length herein.

43.    Paragraph 43 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 43 is denied.

44.    Paragraph 44 is denied.

45.    Paragraph 45 is denied.

## AS TO COUNT IV
## TRANSFER MADE WITH INTENT TO HINDER, DELAY OR DEFRAUD

46.    Grace incorporates by reference its responses to Paragraphs 1 through 45 of the Complaint with the same legal force and effect as if fully set forth at length herein.

47.    Paragraph 47 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 47 is denied.

48.    Paragraph 48 is denied.

49.    Paragraph 49 is denied.

50.    Paragraph 50 is denied.

## AS TO COUNT V
### SUCCESSOR LIABILITY

51.    Grace incorporates by reference its responses to Paragraphs 1 through 50 of the Complaint with the same legal force and effect as if fully set forth at length herein.

52.    Paragraph 52 is denied.

53.    Paragraph 53 is denied.

54.    Paragraph 54 is denied.

## AS TO COUNT VI
### PIERCING THE CORPORATE VEIL

55.    Grace incorporates by reference its responses to Paragraphs 1 through 54 of the Complaint with the same legal force and effect as if fully set forth at length herein.

56.    Paragraph 56 is denied.

57.    Paragraph 57 is denied.

58.    Paragraph 58 is denied.

59.    Paragraph 59 is denied.

## AS TO COUNT VII
### BREACH OF FIDUCIARY DUTY

60.    Grace incorporates by reference its responses to Paragraphs 1 through 59 of the Complaint with the same legal force and effect as if fully set forth at length herein.

61.    Paragraph 61 purports to state a legal conclusion, to which no response is required. To the extent a response is required, paragraph 61 is denied.

62.    Paragraph 62 is denied.

63.    Paragraph 63 is denied.

## AS TO COUNT VIII
## AVOIDANCE OF TRANSFER TO INSIDERS
## RECEIVED IN BREACH OF FIDUCIARY DUTY

64.     Grace incorporates by reference its responses to Paragraphs 1 through 63 of the

Complaint with the same legal force and effect as if fully set forth at length herein.

65.     Paragraph 65 is denied.

66.     Paragraph 66 is denied.

67.     Paragraph 67 is denied.

68.     Paragraph 68 is denied.

69.     Paragraph 69 is denied.

## AS TO COUNT X [sic]
## PUNITIVE DAMAGES

70.     Grace incorporates by reference its responses to Paragraphs 1 through 69 of the

Complaint with the same legal force and effect as if fully set forth at length herein.

71.     Paragraph 71 is denied.

## AS TO PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' prayer for relief is denied in its entirety.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

limitations and of repose.

### SECOND DEFENSE

The Complaint, and each and every cause of action therein contained, is barred by the

doctrine of unclean hands and laches.

9

### THIRD DEFENSE

If W.R. Grace & Co. and W.R. Grace & Co.-Conn are now insolvent, then such insolvency is the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Debtors, were not foreseeable, and for which Debtors are not liable.

### FOURTH DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, as well as applicable provisions of state constitutions.

### FIFTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs lack standing with respect to some or all of the causes of action asserted in the Complaint.

### DEFENSES RESERVED

Grace hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves the right to amend this Answer and to assert any such defense.

WHEREFORE, Grace requests that the Court dismiss the Complaint with prejudice, that Plaintiffs recover nothing herein, and that Grace recover its costs and such further relief as the Court deems proper.

Dated:  June 20, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Michelle H. Browdy
Scott A. McMillin
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (#2436)
David W. Carickhoff, Jr. (#3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

11