IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | |
| | : | |
| Debtors. | : | Bankruptcy No.  01-1139 (JKF) |
| | : | Jointly Administered |

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS | : | |
| PERSONAL INJURY CLAIMANTS and | : | Adv. No. 02-2210 |
| OFFICIAL COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE CLAIMANTS, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SEALED AIR CORPORATION and | : | |
| CRYOVAC, INC., | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES TRUSTEE'S SUPPLEMENTAL MEMORANDUM
WITH RESPECT TO THE PARTIES' ANTICIPATED MOTIONS
ADDRESSING THE IMPACT OF THE *CYBERGENICS* DECISION**

Donald F. Walton, Acting United States Trustee for Region III, by and through

undersigned counsel (the "UST"), submits this supplemental memorandum in accordance with

the Court's October 7, 2002 directive.[1]

The UST understands that various parties' motions will present to the Court the following

alternatives: (i) a motion for an order directing appointment of a trustee, (ii) a motion to appoint

an examiner with expanded powers or a special purpose trustee with duties limited to this action,

(iii) dismissal of the action, and (iv) proceeding forward with the trial keeping the current

---

[1]      The UST is docketing this Memorandum simultaneously in the main case as well as under the
docket of the Sealed Air adversary proceeding.

alignment of the parties.  The UST does not have any different alternatives to propose.[2]

Therefore, in this Memorandum the UST will comment upon the options presented by the above

menu of alternatives.

**Dismissal of the Action**

The UST believes that the issues relating to dismissal of the action are best addressed on

the merits by the interested plaintiff and defendant parties.  An order dismissing the action is, of

course, appealable as of right, whereas an order denying a motion to dismiss would be

interlocutory and appealable only permissively.  It would be important to resolve any appeal from

an order on a motion to dismiss prior to April 2, 2003, at which time the two-year limitations

period under section 546(a)(1)(A) of the Bankruptcy Code will run.

**Proceeding with the Action as Currently Postured**

With respect to the option of proceeding forward with the matter as presently postured,

this could occur either on the basis that *Cybergenics* is held to apply prospectively only to actions

commenced after its issuance, or it could represent simply a determination to proceed with the

trial pending the possible outcome of the petition for rehearing filed in *Cybergenics*.  It is

reasonable to anticipate that so long as *Cybergenics* has not been vacated or modified, Sealed Air

will seek immediate appellate review of any decision permitting the trial to go forward with the

---

[2]    The Court's power under Section 105(a) of the Bankruptcy Code to "issue any order . . . that is
necessary or appropriate to carry out the provisions of this title" would support the entry of an Order
compelling Debtors to fulfill their fiduciary duties and to protect creditor interests by pursuing
appropriate avoidance actions for the benefit of the estate.  Such an Order was entered on October 3,
2002 by Judge Fitzgerald in *Owens Corning*, No. 00-3837.  Although the UST believes this to be a
preferable course of action in most cases, the UST recognizes that this option appears to be unavailable
or at least unrealistic under the facts and circumstances of this matter.

Committees as plaintiffs.  Thus, the finality of this option is dependent on an expedited interlocutory appeal.

**Appointment of an Examiner or a Special Purpose Trustee**

The UST incorporates by reference his Memorandum Response to Order to Show Cause, filed October 4, 2002, as well as the UST's remarks before the Court on October 7.  For the reasons stated therein, the UST believes that the Bankruptcy Code does not authorize the appointment of a special purpose trustee, and that the small number of cases in which such an appointment was ordered were wrongly decided.

Furthermore, the creation of a "limited scope trustee" is inconsistent with the principle that a Chapter 11 trustee is vested, on appointment, with broad discretion to operate the debtor's business. *See Illinois Dept. of Revenue v. Schechter*, 195 B.R. 380, 384 (N.D.Ill. 1996) ("A bankruptcy trustee in a reorganization case has the discretionary authority to exercise his business judgment in operating the debtor's business similar to the discretionary authority to exercise business judgment given to an officer or director of a corporation").  As a result, the court may not engage in micro-management of a trustee's decisions within the scope of his statutory authority. *In re Curlew Valley Assocs.*, 14 B.R. 506 (Bankr.D.Utah 1981) (denying debtor's application to enjoin the trustee from substituting hay baling for hay cubing in operation of debtor's farming business).  Under section 1108 of the Bankruptcy Code, the trustee is presumed to have authority to operate the debtor's business.  The court can order the trustee to shut the business down (an option which no one suggests is under consideration here), but short of a cease-operations order, the Code "does not express or imply a power in the court to condition the trustee's management of the estate." *Id.* at 509. *Accord U.S. ex rel. Harrison v. Deutscher*, 115

B.R. 592, 597 (M.D.Tenn. 1990). Section 1108 "indicates Congressional intent to limit court involvement in business decisions by a trustee. . . . [It] does not provide a court with authority to require a trustee to make particular decisions relating to the conduct of the debtor's business." *In re Airlift International*, 18 B.R. 787, 798 (Bankr.S.D.Fla. 1982). The designation of a trustee as a "limited purpose" trustee is nothing more than an attempt to delimit and control in advance the trustee's performance of his or her duties, and thus is inconsistent with the intent of the Bankruptcy Code to vest that discretion in the trustee.

With respect to the appointment of an examiner with designated powers to pursue the action, it is not clear whether this alternative falls within the scope of the *Cybergenics* decision. While it is true that section 1106(b) permits an examiner to perform duties of the trustee that the court orders the debtor in possession not to perform, it is an open question whether the concept of appointing an examiner who is <u>directed</u> to take over as plaintiff in an action that is already filed and ready for trial is consistent with the fundamental purpose of an examiner under sections 1104 and 1106, as distinguished from a trustee who is given express statutory capacity to sue and be sued.

On the distinction between examiners and trustees, the Court of Appeals for the Third Circuit noted in *In re Marvel Entertainment Group*, 140 F.3d 463, 4374 (3d Cir. 1998), that even if cause does not exist under Section 1104(a)(1), a court can direct the appointment of a trustee pursuant to Section 1104(a)(2) if the Court determines that the only way to get the case successfully through Chapter 11 is for a trustee to be appointed. The Third Circuit also agreed with the district court's decision not to appoint an examiner, since a trustee can perform all the duties of an examiner. "An examiner is not a substitute for a trustee." *Id*. at 475. The Third

Circuit cited *In re Patton's Busy Bee Disposal Serv., Inc.*, 182 B.R. 681, 685 (Bankr. W.D.N.Y. 1995), wherein the court stated "The position of examiner is not a device to circumvent the appointment of a trustee." Thus, prior decisions of the Third Circuit call into question whether the Court of Appeals would, or should, view an examiner as a stand-in for a trustee. Because of this uncertainty, the appointment of an examiner under the facts of this case would not provide the finality and certainty that is sought here.

**Appointment of a Trustee (without limitation on the trustee's powers)**

The consideration of a motion for an order directing appointment of a trustee, without attempting to circumscribe his or her authority, is the alternative that is most clearly consistent with *Cybergenics* and therefore is most likely to serve the interests of finality and clarity.

As a result of certain discussions on the record on October 7 and in the papers filed prior thereto, the UST wishes to clarify the procedures for appointing a Chapter 11 trustee, if the appointment of a trustee is ordered. Section 1104(d) of the Bankruptcy Code provides that "[i]f the court orders the appointment of a trustee . . ., then the United States trustee, after consultation with parties in interest, shall appoint, subject to the court's approval, one disinterested person other than the United States trustee to serve as trustee . . . ."

Thus, the power to appoint the trustee rests in the first instance with the UST, but the UST is required first to consult with parties in interest. The phrase "subject to the court's approval" in section 1104(d) has been repeatedly held to grant only a very narrowly defined scope of review of the UST's appointment decision. Indeed, this precise issue has been addressed by this Court, in *In re Federowicz*, 1989 WL 200942 (D.N.J. Aug. 7, 1989), *aff'd,* 897 F.2d 521 (3d Cir. 1990) (table). In that case the debtor objected to the UST's reappointment of

the Chapter 7 trustee as Chapter 11 trustee, after conversion to Chapter 11.  This Court stated

that, although the UST must consult with parties in interest, 11 U.S.C. § 1104 "does not state,

however, that the U.S. Trustee is compelled to abide by the interested party's wishes." 1989 WL

200942 at * 3.  As this Court further explained, "[t]he bankruptcy judge should consider three

factors when reviewing the U.S. Trustee's appointment: (1) whether the U.S. Trustee has

consulted with parties in interest; (2) whether the appointed trustee is a disinterested person; and

(3) whether the U.S. Trustee has abused his or her discretion." *Id.*   This Court found that the

trustee appointment met this standard and therefore affirmed the bankruptcy court's approval of

the appointment. *Id.* at *4.

This Court's decision in *Federowicz* is consistent with the only Court of Appeals decision

on the subject, *In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820 (1st Cir. 1990). In that

case the district court ordered the UST to submit three names so that the district court could

appoint one as trustee. The district court also provided that it would review the candidates

suggested by "any party in interest." *Id*. at 823. The district court ended up appointing a candidate

suggested by a creditor. *Id.* at 824.

The First Circuit reversed.  The court first acknowledged that Section 1104 expressly

provides that the UST, and not the Court, appoints trustees. *Id*. at 827.  The First Circuit then

reviewed the legislative history of the Bankruptcy Code, which expressly shifted the power of

appointment from judges to the UST. *Id*. at 828.  With respect to the court's approval power, the

First Circuit cited H.R. Rep. No. 595, which expressly stated that "[t]he court's approval should

in most cases be perfunctory, and is available mainly as a safeguard against impropriety on the

part of the United States trustee." *Id*. at 828-29.  The First Circuit also analyzed decisions that

have addressed the court's approval power, and found that the court's equitable powers do not

enable it to appoint trustees. Instead, the First Circuit held that "the court's power is limited to

ensuring that the U.S. Trustee carries out his duties under the statute." *Id*. at 831.  Thus, the First

Circuit noted that the court had the power to order the UST to appoint a trustee, and to direct the

UST "to consult further with creditors if it had found that the degree of consultation undertaken

by the [UST] was inadequate under the statute." *Id*. at 831.  The district court could also have

ordered the UST's appointee to appear at a hearing so that his credentials and disinterestedness

could be explored.  However, "neither the statute nor the case law imposes upon the U.S. Trustee

any duty to appoint as trustee the individual who is the first choice of one or more of the

creditors." *Id*. at 831 n.18.  The First Circuit found that, as "the U.S. Trustee was plainly willing

to appoint a trustee, it was an ultra vires act for the district court to supplant the U.S. Trustee in

appointing a trustee." *Id*. at 832. There was no finding of cronyism or other impropriety on the

part of the UST -- and even if there had been, "the court could only act within the confines of its

authority, i.e., it could refuse to approve the appointment for this valid reason, but could not itself

usurp the power of appointment." *Id*. at 832-33.

In light of the *Plaza de Diego* decision, it is clear that Congress intended the UST to

appoint trustees, and the bankruptcy court to approve the UST's selection unless some

impropriety on the part of the UST is shown.  The Court is not empowered under section 1104(d)

to disapprove the UST's appointment because the Court or an interested party would prefer

someone else.

Creditors and other interested parties do have a remedy if they wish to seek appointment

of a trustee other than the UST's designee.  Under section 1104(b), any party in interest can

request the UST to convene a meeting of creditors for the purpose of electing a trustee. Such a

request must be made within 30 days after the court directs appointment of a trustee. However,

until a new trustee is elected, the trustee appointed by the UST continues to serve.

### Conclusion

In the event the Court determines not to dismiss the action and does not rule that

*Cybergenics* is prospective only, the Court should proceed with the action in a manner that is

consistent with the Bankruptcy Code and is least likely to be subject to an expensive and time

consuming later challenge. Therefore, in that event, consideration of an order directing the UST

to appoint a trustee would be appropriate.

Respectfully submitted,

**DONALD F. WALTON**
**ACTING UNITED STATES TRUSTEE, REGION III**

BY:    /s/ Frank J. Perch, III
       Frank J. Perch, III
       Robert J. Schneider
       Trial Attorneys
       J. Caleb Boggs Federal Building
       844 King Street, Room 2313, Lockbox 35
       Wilmington, DE  19801
       (302) 573-6491
       (302) 573-6497 (Fax)

OF COUNSEL:

**JOSEPH A. GUZINSKI**
**GENERAL COUNSEL**
**EXECUTIVE OFFICE**
**FOR U.S. TRUSTEES**
 P. Matthew Sutko

Executive Office for U.S. Trustees
901 E Street, N.W., Suite 780
Washington, D.C.  20530

Dated: October 11, 2002