**Announcement 2002-96**

Termination of Appeals Settlement Initiative For Corporate Owned Life Insurance (COLI) Cases

2002 IRB LEXIS 445; 2002-43 I.R.B. 1; **Announcement 2002-96**

October 4, 2002

[*1] October 28, 2002

The Internal Revenue Service announces that the Appeals settlement initiative with respect to broad-based leveraged COLI plans purchased after June 20, 1986, will be terminated, and that the Internal Revenue Service and the Department of Justice will vigorously defend or prosecute all future COLI litigation.

## APPEALS SETTLEMENT INITIATIVE FOR COLI CASES

In August 2001, Appeals implemented a coordinated settlement initiative for broad-based COLI cases that generally permitted taxpayers to settle if they agreed to concede 80% of the interest deductions claimed with respect to their COLI plans.

To date, the Service has successfully litigated three cases involving broad-based COLI transactions. See Winn-Dixie Stores, Inc. v. Commissioner, 113 T.C. 254 (1999), aff'd, 254 F.3d 1313 (11th Cir. 2001), cert. denied, ___ U.S. ___, 122 S.Ct. 1537 (2002); IRS v. CM Holdings, Inc., 254 B.R. 578 (D. Del. 2000), aff'd, 301 F.3d 96 (3d Cir. 2002), petition for reh'g en banc filed, Sept. 27, 2002; and American Electric Power v. United States, 136 F. Supp. 2d 762 (S.D. Ohio 2001), [*2] appeal filed, No.01-3495 (6th Cir. Apr. 20, 2001). In all three cases, the courts denied the claimed interest deductions on the ground that the COLI plans lacked economic substance. In CM Holdings, the appellate court also sustained the application of accuracy-related penalties for the understatement of income resulting from the claimed interest deductions.

As a consequence, the Service has determined that the Appeals COLI settlement initiative will be terminated, subject to a 45-day window within which taxpayers will be permitted to enter into the current settlement arrangement.

## PROCEDURES FOR TERMINATION OF APPEALS SETTLEMENT INITIATIVE

Formal notification of the Service=s termination of the settlement initiative has been made by letter to taxpayers identified with COLI Plans by the Large and Mid-Size Business (LMSB) Operating Division or by the Appeals Office having jurisdiction over the taxpayer's case. In order for taxpayers to qualify for the settlement initiative, a written offer to settle must be mailed or delivered to the Service within 45 days after the date of the letter. The written

offer to settle must include the following:

1. Taxpayer's offer to concede [*3] 80% of the claimed COLI interest deductions; and

2. Taxpayer's offer to sign a closing agreement providing that no amount disallowed as an interest deduction shall be allowable as a deduction under any other provision of the Internal Revenue Code, nor allowed as an adjustment to the taxpayer's investment in the contract (basis) under section 72, nor allowed as an adjustment to the taxpayer's basis in any other asset, in any year.

Detailed instructions for opting into the settlement initiative are set forth in the Service's letter to each affected taxpayer.

Qualifying taxpayers who do not receive such a letter by October 18, 2002, and who want to make an offer to settle under this Announcement should notify the Appeals ACI Coordinator for COLI in writing at the address listed below on or before November 18, 2002.

Under the procedures outlined above, Appeals will continue to accommodate taxpayers who wish to surrender their COLI policies by entering into closing agreements that finalize the tax consequences of such surrender transactions.

## PAPERWORK REDUCTION ACT

The collection of information contained in this announcement has been reviewed and approved by the Office of Management [*4] and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. § 3507) under control number 1545-1802. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid OMB number.

The collection of information in this announcement is in the section titled PROCEDURES FOR TERMINATION OF APPEALS SETTLEMENT INITIATIVE. This information is required to inform the Internal Revenue Service of a respondent's desire to participate in the settlement initiative. The likely respondents are businesses or other for-profit institutions, small businesses or organizations, and individuals.

The estimated total annual reporting burden is 200 hours.

The estimated annual burden per respondent varies from 3 hours to 7 hours, depending on individual circumstances, with an estimated average of 5 hours. The estimated number of respondents is 40.

The estimated frequency of responses is one time per respondent.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue [*5] law. Generally tax returns and tax return information are confidential, as required by 26 U.S.C. § 6103.

## MISCELLANEOUS

In the event that a taxpayer fails to comply with the offer procedures set forth above or the detailed instructions contained in the Service's notification letter, Appeals will not entertain further settlement discussions with that taxpayer relative to its COLI interest deductions. Furthermore, the Service and the Department of Justice will vigorously defend or prosecute all future COLI litigation that may be initiated.

For further information regarding this notice you may contact Nell Regberg, Appeals ACI Coordinator for COLI at (513) 263-4823 (not a toll-free call). Mr. Regberg may also be reached by fax at (513) 263-4800 and by mail at the following address: 312 Elm Street, Suite 2330, P.O. Box 2026, Cincinnati, OH 45202-2763.