IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO ENTER INTO A SETTLEMENT AGREEMENT WITH THE INTERNAL REVENUE SERVICE IN CONNECTION WITH INTEREST DEDUCTIONS CLAIMED WITH RESPECT TO CORPORATE OWNED LIFE INSURANCE**

Upon the motion (the "<u>Motion</u>")[2] of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order authorizing the Debtors to enter a settlement agreement with the Internal Revenue Service ("<u>IRS</u>") in connection with interest deductions claimed with respect to corporate owned life insurance; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing

---

[1] The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; it is hereby

ORDERED that the Debtors are authorized to enter into a settlement of COLI Interest Deductions by which the IRS would concede 20% of the amount of the aggregate COLI Interest Deductions and Grace would concede 80% of the aggregate COLI Interest Deductions for the taxable years at issue and W.R. Grace & Co.-Grace-Conn. ("Grace-Conn.) would surrender the COLI Polices and satisfy the Policy Loans and incur gross income as a result thereof, with the particular terms and means of implementation thereof to be included in a closing agreement finalizing the settlement with the IRS on issues related to COLI, substantially in the form of the closing agreement attached hereto as Exhibit A [to be provided prior to the hearing], to be executed by the Debtors; and it is further

ORDERED that none of the Debtors, or any officer, employee, or agent of the Debtors, shall execute any such closing agreement or other document finalizing such COLI settlement with the IRS on behalf of Fresenius, Sealed Air, or any other non-Debtor entity, under powers of attorney or otherwise; it being acknowledged by the Debtors that each of Fresenius and Sealed Air individually shall determine their own acceptance of and agreement to the terms of any COLI settlement and shall signify any such acceptance and agreement by executing such closing agreement finalizing such COLI settlement in their own names and in their own behalf; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____ , 2002

							_____
							The Honorable Judith K. Fitzgerald
							United States Bankruptcy Judge

CHI99 4000307-1.052942.0046