**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Chapter 11** |
| W.R. GRACE & CO., et al | § | **Jointly Administered** |
| | § | **Case No. 01-1139 (JJF)** |
| Debtors | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**APPLICATION OF CAMPBELL & LEVINE, L.L.C. FOR**
**THE FIRST, SECOND AND THIRD INTERIM PERIODS**

This is the final report of Warren H. Smith & Associates ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the First, Second and Third Interim Fee Application Requests of Campbell & Levine, L.L.C. (the "Applications").

**BACKGROUND**

1. Campbell & Levine, L.L.C. ("Campbell Levine") was retained as Delaware and Associated Counsel to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Campbell Levine seeks approval of fees totaling $102,942.00 and costs totaling $16,069.03 for its services from June 16, 2001 through December 31, 2001.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996,(the Guidelines"), as well as for consistency with precedent established

in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Campbell Levine an initial report that was based on our review, and received a response from Campbell, Levine, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report we noted that Campbell Levine professionals MGZ, DAC, MK, CJB, SLPC tended to lump their time entries. Thus we asked Campbell Levine to please advise these professionals to avoid lumping in the future.

### Specific Time and Expense Entries

4.      We note that between July 19, 2001 and July 20, 2001, Campbell Levine billed 8.80 hours for a cost to the bankruptcy estate of $3,124.74 in fees and expenses for meetings, hearings, and teleconferences where multiple professionals attended, as follows:

| Date | Prof | Description | Hours | Amount |
|---|---|---|---|---|
| 07/19/01 | DAC | Attend omnibus hearings | 1.00 | 300.00 |
| 07/19/01 | MGZ | Attend omnibus hearing | 0.80 | 220.00 |
| 07/19/01 | MGZ | Travel to NY from Wilmington re: attendance at Asbestos Claimants Conference | 0.30 | 82.50[1] |
| 07/19/01 | MGZ | Attend asbestos claimants counsel conference | 0.30 | 82.50 |
| 07/19/01 | MGZ | Meeting with P. Lockwood re: calendaring issues and case status | 0.10 | 27.50 |
| 07/19/01 | DAC | Attendance at meetings and sessions with committee members re: claims issues; review prepared materials | 1.00 | 300.00 |
| 07/19/01 | DAC | Travel related to NYC meeting | 0.50 | 150.00[2] |
| 07/20/01 | MGZ | Attend meeting of Asbestos Claimants Committees re: Global issues | 2.00 | 550.00 |
| 07/20/01 | MGZ | Review and hand out materials and Section 524 re: preparation for asbestos claimants conference | 0.30 | 82.50 |
| 07/20/01 | DAC | Review materials and participate in NYC conference with Committee re: claims | 1.50 | 450.00 |

---

[1] Travel billed at 100% of standard rate. *See* Paragraph 6.

[2] Ibid.

**FEE AUDITOR'S FINAL REPORT**- Page 2
wrg fr re Campbell Levine 1int 6-12.01.wpd

| | | | | |
|---|---|---|---|---|
| 07/20/01 | DAC | Travel from NYC meeting | 1.00 | 300.00[3] |
| | | | 8.80 | 2,792.50 |
| | | Lodging Expenses for D. Campbell | | 297.21 |
| | | (7/19/01 hearings in Wilmington-Courtyard Marriott) | | |
| | | Cab Fare (To and from airport and hotel) | | 35.00 |

While we note that DAC appeared to bill this time in blocks of ½ hour, we also note that Paragraph II.D.5 of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Thus we asked Campbell Levine to please advise why multiple professionals were necessary at each of these meetings. Campbell Levine responded:

> This committee meeting took place early in the case. The issues raised were of great significance. It was important to have two attorneys present to sort out these issues and to make a determination as to how the various issues were to be delegated among attorneys in our office. Additionally, this meeting took place when Mr. Zaleski first joined Campbell & Levine. We felt it was necessary for another attorney to have an understanding of what was happening in this case. The omnibus hearing which both lawyers attended took place before the committee meeting and involved issues to be discussed at the meeting.

We accept this explanation and have no objection to these fees.

5. We note that Campbell Levine bills its professionals' travel time at 100% of their standard billing rate. In addition to the $532.50 in travel time set forth in paragraph 4, above, the Application contained the following $110.00 in travel time entries:

| | | | | |
|---|---|---|---|---|
| 12/20/01 | MGZ | .2 | $55.00 | ($275 hr) Travel to Newark, NJ re: attendance at multi-case conference with Judge Wolin |
| 12/20/01 | MGZ | .2 | $55.00 | ($275 hr) Return travel from Newark, NJ to Wilmington |

Local Rule 2016-2(d)(viii) states "Travel time during which no work is performed shall be

---

[3] Ibid.

**FEE AUDITOR'S FINAL REPORT**- Page 3
wrg fr re Campbell Levine 1int 6-12.01.wpd

separately described and may be billed at no more than 50% of regular hourly rates." Thus in our initial report we asked Campbell Levine regarding this matter, and it responded that: "[t]he time spent for traveling was mistakenly billed at 100%. We agree it should be billed at 50% of the regular hourly rate." Thus we recommend a reduction of $321.25 in fees.

6. We note that Campbell Levine bills the estate a substantial amount of time for the preparation of a "daily memo" and a "weekly recommendation report". The U.S. Bankruptcy Code § 330 (4)(A)(i), states, [e]xcept as provided in subparagraph (B), the court shall not allow compensation for – (i) unnecessary duplication of services; . . ." Thus in our initial report we asked Campbell Levine to please provide details as to the specific nature of these documents, and Campbell Levine responded:

> Daily memo - The daily memo is a summary listing of all pleading filed in a particular case that day. The memo includes the docket number, date and description of pleading. This memo is distributed to the attorneys both at Campbell & Levine and at Caplin & Drysdale for their review, so that they are updated on the filings for the day. The pleadings are copied and distributed to the attorney or attorneys working on that matter. This memo is created by Campbell & Levine only. Weekly recommendation report - This report is generated once a week. It provides a status of all upcoming objections and hearings. The report provides a description of the motion and identification of the issues, counsels' recommendation as to the matter and the status. It is initially drafted by attorneys at Campbell & Levine. It is then forwarded to Caplin & Drysdale for their review and revisions, before it is sent to the committee members. Caplin & Drysdale does not create this report, however, it is modified by their office.

We accept this explanation and have no objection to these fees.

## CONCLUSION

7. Thus we recommend approval of fees totaling $102,620.75 ($102,942.00 minus $321.25) and costs totaling $16,069.03 for Campbell Levine's services from June 16, 2001 through December 31, 2001.

        Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES**

By: _____
    Warren H. Smith
    State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 18th day of October, 2002.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Matthew G. Zaleski, III Esq.
Campbell & Levine, LLC
1201 N. Market Street, 15th Floor
Wilmington, DE 19899

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**FEE AUDITOR'S FINAL REPORT**- Page 6
wrg fr re Campbell Levine 1int 6-12.01.wpd

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801