UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re: §
 §  Chapter 11
W.R. GRACE & CO., et al § Jointly Administered
 § Case No. 01-1139 (JJF)
Debtors §

## FEE AUDITOR'S FINAL REPORT REGARDING
## FIRST INTERIM APPLICATION OF CASNER & EDWARDS, L.L.P.

This is the final report of Warren H. Smith & Associates ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the First Interim Fee Application Request of Casner & Edwards, L.L.P. (the "Application").

### BACKGROUND

1. Casner & Edwards, L.L.P. ("Casner") was retained as Special Litigation Counsel for Debtors. In the Application, Casner seeks approval of fees totaling $289,916.00 and costs totaling $13,794.15 for its services from September 18, 2001 through December 31, 2001.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996,(the Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

We served on Casner an initial report that was based on our review, and received a response from Casner, portions of which are quoted herein.

## DISCUSSION

3.      In our initial report we noted that Holme Roberts & Owen, L.L.P., as Special Environmental Counsel for Debtors has billed over 1,433.5 hours[1] for a cost to the bankruptcy estate of $136,481.00 conducting document reviews at the Cambridge/Winthrop storage site. Much the same, Casner spent more than 3,187.60 hours[2] for a cost to the bankruptcy estate of $239,070.00 conducting document reviews at the Cambridge/Winthrop storage site. We were concerned that there may have been duplication of efforts, but we also noted meetings between paralegals for the two firms referring to the document review and scanning process. Thus, we asked Casner to please advise us regarding the efforts made to coordinate and avoid duplication of efforts.  Casner responded:

> I described, in some detail, in one of our telephone conferences and later in my email of July 3, 2002, the very extensive document review that has been undertaken in connection with litigation in the ongoing bankruptcy cases and to respond to requests for information from the EPA. Please note that reference is made to a "Cambridge/Winthrop storage site" in paragraph 4 of your Report.  That is not correct.  The long time Grace document repository is in the basement of a building at Winthrop Square which is in Boston.  Other documents are stored in the basement of a Grace office building in Cambridge, Massachusetts, several miles from Boston. The document review took place in both of those locations, as well as in Boulder, Colorado.  Paralegals from this firm, Holme Roberts & Owen and Reed Smith Shaw & McClay were involved in the review from reviewing documents to functioning as supervisors or coordinators.  In general, Angela

---

[1] We only highlight the paralegal time due to its ease of segregation on this project.

[2] This figure represents only that time which could be asserted without a full secondary review of the application. We have chosen to highlight the paralegal time only due to its ease of segregation on this project. These figures do not include the associated travel expenses or associate time entries.  Therefore, these figures represent only a fraction of the total expense.

**FEE AUDITOR'S FINAL REPORT**- Page 2
wrg fr re Casner 1int 9-12.01.wpd

Anderson (ARA) of this firm was at Winthrop Square and paralegals from Holme Roberts were in Cambridge. The supervising paralegals had periodic meetings and telephone conversations to coordinate the reviews, solve problems and insure consistency. There was no duplication of efforts.

We believe this explanation adequately addresses our concerns.

### Specific Time and Expense Entries

4.      In our initial report we noted that between September 24, 2001 and December 26, 2001, RAM ($195) billed 2.8 hours for $546.00 for reading documents in other bankruptcy cases.

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 10/02/01 | RAM | 0.1 | $19.50 | Read notices of court in a few dozen Mass. Asbestos cases. |
| 10/17/01 | RAM | 0.1 | $19.50 | Read many clerk's notices and court orders in Mass. Asbestos cases. |
| 09/24/01 | RAM | 1.0 | $195.00 | Read selected pleadings and documents filed in bankruptcy court. |
| 09/25/01 | RAM | 0.4 | $78.00 | Read selected pleadings and documents filed in bankruptcy court. |
| 09/27/01 | RAM | 1.0 | $195.00 | Read selected pleadings and documents filed in bankruptcy court. |
| 12/03/01 | RAM | 0.1 | $19.50 | Read notices of court action in several MA cases. |
| 12/26/01 | RAM | 0.1 | $19.50 | Read pleadings in several MA cases. |

Thus, we asked Casner to please advise as to the benefit to the bankruptcy estate for these services. Casner responded:

> I did not spend any time reading documents in other bankruptcy cases. All but .4 of the 2.8 hours noted in paragraph 5 of your Report was spent reading documents such as Orders, motions and memoranda in this bankruptcy proceeding. The .1 hour entries on 10/2, 10/17, 12/3 and 12/26 were spent reading Court Notices or other documents in personal injury asbestos cases in Massachusetts. Let me explain. Before Grace filed for bankruptcy protection, it was a defendant in over 1,400 asbestos bodily injury cases pending in Massachusetts. This firm was Grace's defense counsel in all of those cases. Subsequent to Grace filing for bankruptcy protection, we filed Suggestions of Bankruptcy on behalf of Grace in all the pending cases. Nevertheless, this firm continued to receive hundreds of Notices or copies of pleadings in the cases. Periodically, I quickly reviewed or skimmed the accumulated documents to make sure that no Order, Notice or pleading implicated Grace. I have not charged any time for this type of review since June of this year.

We believe this explanation adequately addresses our concerns.

5.      We noted that between November 5, 2001 and November 28, 2001, Casner billed 31.7 hours for a cost to the bankruptcy estate of $4,330.50 for meetings, hearings, and teleconferences where multiple professionals attended. Thus we asked Casner to please advise why multiple professionals were necessary at each of these meetings. Casner's response is provided below each meetings time entries.

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 11/05/01 | MTM | 5.5 | $907.50 | Meeting with firm's paralegals and Reed Smith and Holme Roberts' paralegals re: resumption of review at Winthrop Square (5.5); . . . |
| 11/05/01 | ARA | 5.5 | $412.50 | . . .; meeting/training session with temporary paralegals, MTM and Reed Smith (5.5); . . . |
|  |  | 11.0 | $1,320.00 |  |

11/5/01 - MTM and ARA - This was the first day of the resumption of the document review after it had been interrupted because of Grace's bankruptcy filing. Matthew Murphy (MTM), is the attorney at Casner & Edwards who was directly involved in supervising the document review. He lead the training at this meeting of seven paralegals who were hired to conduct the review. Angela Anderson (ARA), as I mentioned in my email of July 3, 2002, is the "resident custodian" at Grace's document repository at Winthrop Square and the day to day on site supervisor of the review. New procedures and new items on target sheets used in the document review were discussed, as well as use of a new scanning vendor.

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 11/28/01 | MTM | 2.2 | $363.00 | . . .; meeting with two new paralegals for orientation (2.2); . . . |
| 11/28/01 | ARA | 1.5 | $112.50 | Meet with new temporary paralegals; supply them with training information materials; explain project (1.5); . . . |
|  |  | 3.7 | $475.50 |  |

11/28/01 - MTM and ARA - Two more paralegals started this day. First, ARA provided them with an orientation and then introduced them to MTM who went through the sets of materials (memos, instructions, etc.) given to each new person.

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 11/13/01 | RAM | 4.5 | $877.50 | Prepare for and meet with in-house counsel, attorneys from Reed Smith and Kirkland Ellis, MTM and former employee (3.5); also discuss issues relating to document review and other matters (1.0); ... |
| 11/13/01 | MTM | 4.5 | $742.50 | Attend meeting in Cambridge with in-house counsel, attorneys from Reed Smith and Kirkland Ellis and RAM re: document issues (1.0); Conference call with former Grace employee |

|  |  |  | (3.5); . . . |
|---|---|---|---|
|  | 9.0 | $1,620.00 |  |

11/13/01 - RAM and MTM - This meeting at Grace's facility in Cambridge was arranged by William Sparks, an in-house counsel at Grace. One purpose of the meeting was for Matthew Murphy and me to brief a lawyer from Kirkland Ellis, Grace's bankruptcy counsel, and two lawyers from Reed Smith, Grace's Special Asbestos Products Liability Defense Counsel, about Grace's document repository, the status of the document review that had been restarted after being interrupted by the bankruptcy filing, and other related issues. Another purpose of the meeting was for me to brief the lawyers about Herman Duecker, former head of Research for Grace's Construction Products Division. I had reviewed historical testimony of Dr. Duecker, selected and summarized such testimony prior to the meeting of November 13. (You may recall that beginning in 1984, this firm served as national counsel to Grace in defending asbestos related bodily injury cases. As such, one of my tasks was to prepare Grace employees for trial and deposition testimony and to defend their testimony. Consequently, this firm has a "library" of trial and deposition transcripts.) All of this was done in preparation for an extended telephone interview of Dr. Duecker which occurred on November 13. Matthew Murphy participated in all facets of the meeting.

| 11/27/01 | MTM | 3.5 | $577.50 | Conduct orientation for new temporary paralegals at Winthrop Square (3.5); . . . |
| 11/27/01 | ARA | <u>4.5</u> | <u>$337.50</u> | . . .; training session with new temporary paralegals; answer questions re: training packet information (4.5); . . . |
|  |  | 8.0 | $915.00 |  |

11/27/01- MTM and ARA - Seven additional paralegals started working on the project this day. Training of them, as described above on 11/5/01, was provided by MTM and ARA. The additional time recorded by ARA was spent answering questions of the new paralegals.

We believe these explanations adequately address our concerns.

## CONCLUSION

6.  Thus, we recommend approval of fees totaling $289,916.00 and costs totaling $13, 794.15 for Casner's services from September 18, 2001 through December 31, 2001.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES**

By: _____
    Warren H. Smith
    State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 18th day of October, 2002.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Robert A. Murphy, Esq.
Casner & Edwards, L.L.P.
303 Congress St., 2nd Floor
Boston, MA 02210

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801