# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

## ORDER AUTHORIZING THE DEBTORS TO ENTER INTO A SETTLEMENT AGREEMENT WITH THE INTERNAL REVENUE SERVICE IN CONNECTION WITH INTEREST DEDUCTIONS CLAIMED WITH RESPECT TO CORPORATE OWNED LIFE INSURANCE

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to enter a settlement agreement with the Internal Revenue Service ("IRS") in connection with interest deductions claimed with respect to corporate owned life insurance; and it appearing that this

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; it is hereby

ORDERED that the Motion is granted ~~in its entirety~~**as modified herein**; and it is further

ORDERED that the Debtors are authorized to enter into ~~the 80/20~~**settlement negotiations with respect to the contested COLI Interest Deductions with the objective of obtaining a settlement with the IRS consistent with the COLI** Settlement ~~Proposal~~, which is defined as follows: the government would concede 20% of the aggregate amount of the COLI Interest Deductions and Grace would ~~owe an amount of federal income tax and interest on the remaining~~**concede** 80% of the aggregate **amount of the** COLI Interest Deductions; and it is further

**ORDERED that this Order does not constitute a determination by the Court as to (i) which entity (whether the Debtors, Fresenius, Sealed Air or any of their respective subsidiaries) is liable for any tax owed as a result of this Order, (ii) which entity (whether the Debtors, Fresenius, Sealed Air or any of their respective subsidiaries) will actually pay any tax owed (iii) the treatment of any tax liabilities in these Chapter 11 Cases or (iv) the timing of any such payment; and it is further**

**ORDERED that, as to any closing agreement or other document finalizing the settlement with the IRS on issues related to the COLI Settlement, each of Fresenius, Sealed**

**Air and the Debtors will individually determine whether or not to accept and agree to be bound by the terms of the COLI Settlement and signify any such acceptance and agreement to be bound by executing such closing agreement or other document in their own name and on their own behalf (and their respective subsidiaries); and it is further**

**ORDERED that any agreement reached between the Debtors and the IRS shall be subject to prior Court approval before it is effective, including, but not limited to the disposition of any overpayments (if any) arising from the implementation of the COLI Settlement; and it is further**

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2002

_____<br>
The Honorable Judith K. Fitzgerald<br>
United States Bankruptcy Judge