IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON OCTOBER 28, 2002 AT 10:00 A.M.

## CONTINUED MATTERS

1.      Complaint for Declaratory Judgment and Turnover of Non-Estate Property by MCNIC
        Pipeline & Processing Company against W.R. Grace & Co.-Conn. (Docket No. 1003)

        **Related Documents:** None.

        **Response Deadline:** December 13, 2001 (extended for the Debtors)

        **Responses Received:** None as of the date of this Agenda Notice.

        **Status**: This matter has been continued until November 25, 2002 at 10:00 a.m.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## UNCONTESTED MATTERS

2.      Motion of Bank of America, N.A. for Limited Relief from the Automatic Stay to Enable
        Setoff of De Minimis Deposit Account Balances Against Outstanding Letter of Credit
        Obligations (Docket No. 2683)

        **Related Documents:**

        a.      [Proposed] Order Granting Bank of America Limited Relief from the Automatic
                Stay to Setoff Certain De Minimis Deposit Account (Docket No. 2683)

        b.      Certification of No Objection [Re: Docket No. 2683] (Docket No. 2766)

        c.      Notice of Withdrawal of Certification of No Objection [Re: Docket No. 2766]
                (Docket No. 2767)

        d.      Certification of No Objection [Re: Docket No. 2683] (Docket No. 2811)

        **Response Deadline:** September 30, 2002 at 4:00 p.m.

        **Responses Received:** None as of the date of this Agenda Notice.

        **Status:** A Certification of No Objection was filed with the proposed order for the Court's
        consideration.

3.      Motion of Wachovia Bank National Association for Relief from the Automatic Stay in
        Order to Effect Setoff (Docket No. 2714)

        **Related Documents:**

        a.      [Proposed] Order Granting Wachovia Bank National Association Relief from the
                Automatic Stay in Order to Effect Setoff Pursuant to 11 U.S.C. §553 (Docket No.
                2714)

        b.      Certification of No Objection Regarding Docket No. 2714 (Docket No. 2820)

        **Response Deadline:** October 11, 2002 at 4:00 p.m.

        **Responses Received:** None as of the date of this Agenda Notice.

        **Status:** A Certification of No Objection was filed with the proposed order for the Court's
        consideration.

4.    Motion of the Debtors for an Order Authorizing the Amendment of the Employment Contract of Paul J. Norris as Chairman, President and Chief Executive Officer (Docket No. 2736)

**Related Documents:**

a.    [Proposed] Order Authorizing the Amendment of the Employment Contract of Paul J. Norris as Chairman, President and Chief Executive Officer (Docket No. 2736)

b.    Certification of No Objection Regarding Docket No. 2736 (Docket No. 2814)

c.    Amended Certification of No Objection Regarding Docket No. 2736 (Docket No. 2846)

**Response Deadline:** October 11, 2002 at 4:00 p.m.

**Responses Received:**

a.    Response of Official Committee of Equity Security Holders in Support of the Debtors' Motion for an Order Authorizing the Amendment of the Employment Contract of Paul J. Norris as Chairman, President and Chief Executive Officer (Docket No. 2801)

**Status:** An Amended Certification of No Objection was filed with the proposed order for the Court's consideration.

## CONTESTED MATTERS

5.    Motion of the Debtors for an Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 2694)

**Related Documents:**

a.    [Proposed] Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 2694)

**Response Deadline:** October 7, 2002 at 4:00 p.m.

**Responses Received:**

a.    Objection to Motion of the Debtors for an Order Extending Time to Assume, Assume and Assign, or Reject Unexpired Leases of Nonresidential Real Property [filed by Jay Peack LLC] (Docket No. 2785)

**Status:** The parties have resolved the objections and the Debtors intend to file a Certification of Counsel with a revised proposed order for the Court's consideration.

6.    Motion for the Entry of an Order Authorizing the Debtors to enter Into a Settlement
      Agreement with the Internal Revenue Service In Connection with Interest Deductions
      Claimed with Respect to Corporate Owned Life Insurance (Docket No. 2737)

      **Related Documents:**

      a.    [Proposed] Order Authorizing the Debtors to Enter Into a Settlement Agreement
            with the Internal Revenue Service in Connection with Interest Deductions
            Claimed With Respect to Corporate Owned Insurance (Docket No. 2737)

      b.    Certification of Counsel Regarding Order Authorizing The Debtors To Enter Into
            A Settlement Agreement With The Internal Revenue Service In Connection With
            Interest Deductions Claimed With Respect To Corporate Owned Life Insurance
            (Re: Docket No. 2737 And Agenda Item No. 6 From The 10/28/02 Hearing)
            (Docket No. 2842)

      **Response Deadline:**  October 11, 2002 at 4:30 p.m.

      **Responses Received:**

      a.    Response and Objection to Motion for Entry of an Order Authorizing the Debtors
            to Enter into a Settlement Agreement with the Internal Revenue Service in
            Connection with Interest Deductions Claimed With Respect to Corporate owned
            Life Insurance (Docket No. 2798)

      b.    Response and Limited Objection of Fresenius Medical Care Holdings, Inc. to
            Debtors' Motion for the Entry of an Order Authorizing the Debtors to Enter Into a
            Settlement Agreement with the Internal Revenue Service In Connection with
            Interest Deductions Claimed with Resect to Corporate Owned Life Insurance
            (Docket No. 2812)

      **Status:** The parties have resolved the objections and a Certification of Counsel was
      submitted with a revised proposed order for the Court's consideration.

7.    Motion of Carol Gerard, Alfred V. Pennock, et al., and Billie Schull, et al., to Require
      Posting of a Sufficient Bond or Other Financial Security Under Bankruptcy Rule 7065
      and Federal Rule of Civil Procedure 65(c) to the Extent Injunction is Maintained for the
      Benefit of Maryland Casualty Company (Adv. Pro. No. 01-771, Docket No. 121)

      **Related Documents:**

      a.    [Proposed] Order Respecting Financial Security Under Bankruptcy 7065 (Adv.
            Pro. No. 01-771, Docket No. 121)

      b.    [Proposed] Stipulation Regarding Scheduling of Briefing on Motion of Carol
            Gerard, et al., to Require Posting of a Bond (Adv. Pro. No. 01-771, Docket No.
            132)

**Responses Deadline:** None.

**Responses Received:**

a.      Debtors' Reply to Motion of Carol Gerard; Alfred Pennock, et al.; and Billie Schull, et al. to Require Posting of a Sufficient Bond or Other Financial Security Under Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65(c) to the Extend Injunction is Maintained for the Benefit of Maryland Casualty Company (Adv. Pro. No. 01-771, Docket No. 128)

b.      Response and Opposition to Motion of Gerard, et. al., to Require a Posting of a Sufficient Bond or Other Financial Security Under Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65(c) to the Extent Injunction is Maintained for the Benefit of Maryland Casualty Company (Adv. Pro. No. 01-771, Docket No. 130) (filed by Maryland Casualty Company)

c.      Reply of Carol Gerard, Alfred V. Pennock, et al., and Billie Schull, et al., to Objections by Debtors and Maryland Casualty to the Motion to Require Posting of a Bond By Maryland Casualty Company (Adv. Pro. No. 01-771, Docket No. 134)

**Status:** The Court previously heard this matter and requested that it be scheduled  for ruling at the October omnibus hearing if no order was entered before that time.

## STATUS MATTERS

8.      Debtors' Business Plan

**Status:** On Wednesday, October 9, 2002 the Debtors provided the Court, for the Court's eyes only, various materials with respect to its Business Plans.  Theses materials were previously provided to the advisors to the various Official Committees under Confidentiality Agreements.

9.    Determination of Future Hearing Dates and Other Scheduling Matters as Necessary


Dated: October 21, 2002                    KIRKLAND & ELLIS
                                           David M. Bernick, P.C.
                                           James H.M. Sprayregen, P.C.
                                           James W. Kapp III
                                           Janet S. Baer
                                           200 East Randolph Drive
                                           Chicago, Illinois 60601
                                           (312) 861-2000

                                                   and

                                           PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.


                                           Laura Davis Jones (Bar No. 2436)
                                           Scotta E. McFarland (Bar No. 4184)
                                           919 North Market Street, 16th Floor
                                           P.O. Box 8705
                                           Wilmington, DE 19899-8705 (Courier 19801)
                                           Telephone: (302) 652-4100
                                           Facsimile: (302) 652-4400

                                           Co-counsel for Debtors and Debtors in Possession