# EXHIBIT B



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | |
| | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | **Re: Docket No. _____** |

### ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion of the above captioned debtors and debtors in possession (collectively, the "Debtors") for an order extending the time to assume, assume and assign, or reject unexpired leases of nonresidential real property (the "Motion"); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' time to elect to assume, assume and assign, or reject the Unexpired Leases is extended pursuant to section 365(d)(4) of the Bankruptcy Code through and including April 1, 2003; and it is further

[**ORDERED that with respect to that certain lease dated November 8, 1978 (as amended and assigned, the "Lease") for those certain premises commonly known as 5020 South Cleveland Avenue, Fort Meyers, Florida 33912, the Debtors are authorized to assume the Lease in all respects, the Debtors being current both pre-petition and post-petition with respect to their obligations under the Lease;**]

ORDERED that entry of this Order shall be subject to and without prejudice to (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease; and it is further

ORDERED that pending assumption or rejection of the Unexpired Leases, the Debtors shall timely perform all of their obligations under such Unexpired Leases in accordance with the terms thereof and the provisions of section 365(d)(3) of Bankruptcy Code; and it is further

ORDERED, that, by this Order, the Debtors have not waived any claims they may have against any of the counterparties to the Unexpired Leases, whether or not related to the Unexpired Leases; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

**[Wilmington, Delaware]**
Dated: _____ {_____}, 2002

[_____
]
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge