**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| W.R. GRACE & CO., et al | § | Jointly Administered |
| | § | Case No. 01-1139 (JKF) |
| Debtors | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**INTERIM APPLICATION OF DUANE MORRIS LLP**
**FOR THE FIRST, SECOND, AND THIRD INTERIM PERIODS**

This is the final report of Warren H. Smith & Associates ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Application of Duane Morris LLP for the First, Second, and Third Interim Periods (the "Application").

**BACKGROUND**

1.      Duane Morris LLP ("Duane Morris") was retained as counsel to the official committee of unsecured creditors. In the Application, Duane Morris seeks approval of fees totaling $81,039.50 and expenses totaling $16,576.41 for its services from April 17, 2001, through December 31, 2001.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application. We reviewed the Application for compliance with the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States

District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Duane Morris an initial report based on our review and received a response from Duane Morris, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.     In our initial report, we noted that timekeeper Katchen did not consistently provide adequate detail in their time entries.  We asked Duane Morris to advise these professionals to provide more information in their time entries in the future.  Duane Morris responded that Mr. Katchen has been advised to provide a greater level of detail in future time entries.

4.     In our initial report, we noted lumping of time entries by Duane Morris professionals Melvin and Hollinghead.  We asked Duane Morris to advise these professionals not to lump their time entries in the future.  Duane Morris responded that Ms. Melvin has left the firm and that Mr. Hollinghead will be advised to avoid lumping in the future.  In any event, the lumping is not serious enough to warrant a recommendation of a reduction in fees.

### Specific Time and Expense Entries

5.     In our initial report, we noted that on December 20, 2001, Duane Morris billed 8.4 hours for a cost to the bankruptcy estate of $2,714 in fees for two attorneys to attend the same hearing.

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 12/20/01 | Riley | 1.5 | 435.00 | Travel to/from bankruptcy court for the District of New Jersey (Newark, New Jersey) (billed at ½ time) |
| 12/20/01 | Riley | 0.8 | 232.00 | Preparation for case conference before Judge Wolin. |
| 12/20/01 | Riley | 2.0 | 522.00 | Attending general case conference for all asbestos related bankruptcy before Judge Wolin. |
| 12/20/01 | Riley | 2.0 | 580.00 | Attending case conference before Judge Wolin related to W.R. Grace. |
| 12/20/01 | Katchen | 2.1 | 945.00 | Attend status conf in court with L. Kruger (2.1), . . . |

We asked Duane Morris to explain why it was necessary for multiple professionals to attend this hearing.  Duane Morris responded that

> This hearing was attended by Richard Riley, as Delaware counsel, and by William Katchen, as New Jersey counsel. The order establishing this hearing stated explicitly that all counsel of record were required to attend. Further, at that time, it was unclear as to how Judge Wolin and Judge Fitzgerald would divide responsibilities in the case. It was reasonable to have Mr. Riley, who is familar with Delaware pracrtice, and Mr. Katchen, who is familiar with New Jersey practice, both to attend. It should be noted that, since that initial hearing, we have not had two attorneys attend hearings before Judge Wolin or Judge Fitzgerald.

We accept this explanation and recommend no reduction in this regard.

6.      In our initial report, we noted that between April 24, 2001, and November 19, 2001, Duane Morris billed 24.5 hours for a cost to the bankruptcy estate of $2,729 for tasks which appear to be ministerial in nature.  See Exhibit A.  We asked Duane Morris to explain why these costs should be borne by the estate.  Duane Morris responded that "[w]ith regard to the entries you highlighted, [your] points are well-taken."  We interpret that to indicate agreement with our characterization.  We thus recommend a reduction of $2,729 in fees.

7.      In our initial report, we noted that between April 30, 2001, and May 15, 2001, Duane Morris billed 68.4 hours for a cost to the bankruptcy estate of $9,064 in connection with conflict checks.  See Exhibit B.  Duane Morris responded that

> It is our understanding that we may be compensated in connection with resolving retention issues and that this time is compensable. Specifically, we were required to establish our disinterestedness within the meaning of Section 327 of the Bankruptcy Code. To do so, we had to perform a massive search of our client data base and contact many lawyers in our firm to assure that we were qualified to be retained.

We understand the necessity of the conflict-check process, but it is our opinion that such activities inure primarily to the benefit of the applicant rather than the estate and that such

activities, accordingly, are noncompensable under the strictures of 11 U.S.C. § 330(a)(4)(A)(ii).

We thus recommend a reduction of $9,064 in fees.

8.  In our initial report, we noted that between May 14, 2001, and July 18, 2001, Duane Morris billed 5.5 hours for a cost to the bankruptcy estate of $870 for proofreading, which is deemed non-compensable under the Guidelines. See Exhibit C. Duane Morris responded that

> Many of the items on your exhibit are ministerial. However, with regard to my time, my reviewing and revising ouir retention papers, which were signed under oath, should be compensable.

We accept this explanation regarding these 5.5 hours of time entries and recommend no reduction in this regard.

9.  In our initial report, we noted that on May 3, 2001, Duane Morris billed 4.6 hours for a cost to the bankruptcy estate of $1,725.00 for an entry which appears to constitute 'education' of Duane Morris professionals. We asked Duane Morris to explain why this time is compensable.

| 5/3/01 | Lastowski | 4.6 | 1,725.00 | Review First Day binder to obtain background of case. |

Duane Morris responded that

> The Debtors filed their petitions on April 2, 2001. . Duane Morris was retained on April 17. In order to fulfill our role as counsel to the official committee of unsecured creditors, it was necessary to determine what had happened in the case. Part of this process included determining what happened at the so-called First Day Hearing, when many motions that determined the course of the initial phase of the case were decided.

We accept this explanation and recommend no reduction.

10. In our initial report, we noted that on July 30, 2001, Duane Morris billed 4.4 hours for a cost to the bankruptcy estate of $880 for items which appear to be duplicate entries.

| 07/30/01 | Sianni | 0.2 | 40.00 | Prepare Notice of Application for Fee Application. |
| 07/30/01 | Sianni | 0.2 | 40.00 | Prepare Notice of Application for Fee Application. |

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR re Duane 1-3int 4-12.01.wpd

| | | | | |
|---|---|---|---|---|
| 07/30/01 | Sianni | 0.2 | 40.00 | Prepare Certificate of Service for Fee Application. |
| 07/30/01 | Sianni | 0.2 | 40.00 | Prepare Certificate of Service for Fee Application. |
| 07/30/01 | Sianni | 0.6 | 120.00 | Revise Fee Application and prepare same for filing. |
| 07/30/01 | Sianni | 0.6 | 120.00 | Revise Fee Application and prepare same for filing. |
| 07/30/01 | Sianni | 0.6 | 120.00 | Revise Fee Application and prepare same for filing. |
| 07/30/01 | Sianni | 0.6 | 120.00 | Revise Fee Application and prepare same for filing. |
| 07/30/01 | Sianni | 0.6 | 120.00 | Revise Fee Application and prepare same for filing. |
| 07/30/01 | Sianni | 0.6 | 120.00 | Revise Fee Application and prepare same for filing. |

We asked Duane Morris to explain whether these entries are redundant and, if they are, to make the appropriate reductions. Duane Morris responded that

> [t]hese are not actually duplicate entries. Mr. Sianni has involved with the preparation of three (3) separate fee applications on July 30, 2001: (a) the First Quarterly applicatioin of Stroock Stroock and Lavan (Docket No. 770); (b) the First Quarterly Application of FTI Policano & Manzo (Docket No. 776) and the Third Monthly Application of FTI Policano & Manzo (Docket No. 778).

We accept this explanation with respect to the two sets of duplicate entries above, but the response explains only three of the six sextuplicate entries. We note that this confusion can be avoided in the future if Mr. Sianni provides descriptions that indicate which fee application the time relates to, as other Duane Morris professionals have done in their time entries. We recommend a reduction of $360 in fees.

## CONCLUSION

11. Thus, we recommend approval of fees totaling $68,886.50 ($81,039.50 minus $12,153.00) and costs totaling $16,576.41 for Duane Morris's services from April 17, 2001, through December 31, 2001.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050
     Mark W. Steirer
     Texas State Bar No. 19139600

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 25th day of October 2002.

_____
     Warren H. Smith

# SERVICE LIST
Notice Parties

**The Applicant**

Michael R. Lastowski
**Duane Morris LLP**
1100 North Market Street
Wilmington, DE 19801-1246

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

**Exhibit A Ministerial**

| Date | Person | Description | Hours | Amount |
|---|---|---|---|---|
| 4/24/2001 | Melvin | Open pleadings and correspondence files for this case. | 0.5 | $55.00 |
| 4/26/2001 | Katchen | Coordinate filing pleadings with Delaware. | 0.1 | $45.00 |
| 4/27/2001 | Melvin | Duplicate and forward a filed copy of the Motion for Preliminary Injunction to R. Serrette via facsimile. | 0.2 | $22.00 |
| 5/2/2001 | Melvin | Forward correspondence in this case to M. Lastowski for W. Katchen. | 0.3 | $33.00 |
| 5/4/2001 | Hollinghead | Copies of motion re: retention/reconsideration/amended appearance to M. Melvin. | 0.2 | $22.00 |
| 5/17/2001 | Hollinghead | Prepare FedEx labels for service. | 0.7 | $77.00 |
| 5/18/2001 | Hollinghead | Verify service from Lason. | 0.1 | $11.00 |
| 5/24/2001 | Hollinghead | Update 2002 service list/labels; edit and reformat 2002 list/labels per M. Lastowski. | 2.2 | $242.00 |
| 5/25/2001 | Hollinghead | Continued reformatting/creation of service list/labels. | 1.6 | $176.00 |
| 5/31/2001 | Melvin | Prepare file folders for W.R. Grace documents; organize and assemble documents into file. | 1 | $110.00 |
| 5/31/2001 | Melvin | Integrate correspondence into the main file. | 0.5 | $55.00 |
| 6/1/2001 | Melvin | Integrate pleadings and correspondence into the main file. | 0.8 | $88.00 |
| 6/1/2001 | Hollinghead | Created short service list and short labels; made corrections to 2002 list and labels. | 1.2 | $132.00 |
| 6/4/2001 | Hollinghead | Setup file for pleadings/correspondence/misc items. Research docket for pleading numbers and file pleadings already received. File all other items as well. | 2.9 | $319.00 |
| 6/7/2001 | Melvin | Prepare pleadings board and index for the main case and the adversary proceeding. | 2.5 | $275.00 |
| 6/8/2001 | Melvin | Integrate pleadings chronologically into the pleadings clip. | 0.3 | $33.00 |
| 6/8/2001 | Hollinghead | Organize e-mails from A. Krieger to M. Lastowski; put in correspondence file. | 0.1 | $11.00 |
| 6/11/2001 | Melvin | Integrate correspondence into the main file. | 0.2 | $22.00 |
| 6/11/2001 | Hollinghead | Create/open notebook for case matters. | 0.1 | $11.00 |
| 6/13/2001 | Hollinghead | Review docket and file pleadings received in mail. | 0.5 | $55.00 |
| 6/26/2001 | Hollinghead | Refile pleadings into file for later retrieval. | 0.1 | $11.00 |
| 6/26/2001 | Hollinghead | Copy of administrative order for interim compensation for J. Weiss. | 0.1 | $11.00 |
| 7/3/2001 | Hollinghead | . . .; place in file. | 0.1 | $11.00 |
| 7/5/2001 | Hollinghead | File pleadings returned from Parcels. | 0.1 | $11.00 |
| 7/5/2001 | Hollinghead | . . .; place copy in file; . . . | 0.3 | $33.00 |

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 7/8/2001 | Melvin | integrate correspondence into the main file. | 0.3 | $33.00 |
| 7/12/2001 | Melvin | Integrate pleadings and correspondence into the main file. | 0.4 | $44.00 |
| 7/12/2001 | Hollinghead | Review list/labels to ensure accuracy, print labels; . . . | 1 | $110.00 |
| 7/13/2001 | Melvin | Integrate pleadings and correspondence into the main file. | 0.6 | $66.00 |
| 7/16/2001 | Melvin | Integrate pleadings and correspondence into the main file. | 0.4 | $44.00 |
| 7/19/2001 | Melvin | Integrate pleadings and correspondence into the main file. | 0.2 | $22.00 |
| 7/30/2001 | Melvin | Integrate pleadings and correspondence into the main file. | 0.3 | $33.00 |
| 7/30/2001 | Hollinghead | Refile pleadings for future retrieval. | 0.1 | $11.00 |
| 8/2/2001 | Melvin | Integrate pleadings into the main file. | 0.4 | $44.00 |
| 8/2/2001 | Melvin | Update service list. | 0.3 | $33.00 |
| 8/3/2001 | Hollinghead | File original pleading for future retrieval. | 0.1 | $11.00 |
| 8/9/2001 | Hollinghead | . . .; organize/file pleadings. | 0.2 | $22.00 |
| 8/13/2001 | Melvin | Integrate pleadings into main file. | 0.6 | $66.00 |
| 8/13/2001 | Melvin | Integrate correspondence into the main file. | 0.3 | $33.00 |
| 9/6/2001 | Hollinghead | Copy first quarterly application for compensation for DM&H; first monthly application for compensation for DM&H, Fourth application for compensation for Stroock; and Second Committee Application for Expenses and forward to R. Serrette and M. Melvin. | 1 | $110.00 |
| 10/2/2001 | Hollinghead | . . .; prepare list/labels (.4). | 0.4 | $44.00 |
| 10/31/2001 | Hollinghead | Prepare service list/labels for Sixth Fee Application of Stroock & Stroock. | 0.2 | $22.00 |
| 11/1/2001 | Hollinghead | Prepare list/labels for service of Second Quarterly Fee Application of Stroock & Stroock. | 0.2 | $22.00 |
| 11/18/2001 | Hollinghead | Reviewing and maintenance of interoffice pleadings. | 0.5 | $55.00 |
| 11/19/2001 | Hollinghead | Review 1st day binders and dispose of secondary copy of pleadings. | <u>0.3</u> | <u>$33.00</u> |
| | | | 24.5 | $2,729.00 |

## Exhibit B Conflicts

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 4/30/2001 | Melvin | Print conflicts check from Stroock and Stroock, received by e-mail, for W. Katchen's review. | 0.1 | $11.00 |
| 5/1/2001 | Melin | Input names (approximately 1000 names) to run a conflicts check on the W.R. Grace & Co., et al bankruptcy case for W. Katchen | 6.5 | $715.00 |
| 5/1/2001 | Rowan | Prepare conflict search for W. Katchen re: WR Grace litigation. | 2.5 | $275.00 |
| 5/4/2001 | Melvin | Begin to review conflict check | 1.3 | $143.00 |
| 5/7/2001 | Mako | Conference with W. Greenhalgh and B. Katchen re conflicts of interest check for WR Grace; review conflict of interest report; telephone calls to assigned attorneys re same. | 5 | $900.00 |
| 5/7/2001 | Melvin | Continue reviewing conflicts check and calling attorneys whose clients came up as a potential conflict to obtain their approval of our representation of the Official Committee of Unsecured Creditors. | 6.5 | $715.00 |
| 5/8/2001 | Mako | Telephone calls from assigned attorneys re WR Grace involvement; conference with W. Greenhalgh re same. | 1.9 | $342.00 |
| 5/8/2001 | Melvin | Continue to work on conflicts check for W.R. Grace & Co., et al. by telephoning attorneys for clients that showed up in the firm's conflicts memo. | 4 | $440.00 |
| 5/9/2001 | Mako | Review conflict of interest report; telephone call to assigned attorneys regarding potential conflicts of interest | 3.7 | $666.00 |
| 5/9/2001 | Melvin | Work on telephoning attorneys whose names and clients turned up in the conflicts check to screen potential conflicts in this case. | 4 | $440.00 |
| 5/9/2001 | Melvin | Telephone call to M. Lastowski re: the conflicts issue. | 0.2 | $22.00 |
| 5/9/2001 | Melvin | Telephone call to D. Abrams re: the conflicts check on W.R. Grace. | 0.2 | $22.00 |
| 5/10/2001 | Mako | Telephone call from assigned and billing attorneys re conflict check. | 2 | $360.00 |
| 5/10/2001 | Melvin | Continue to work on conflicts check on the W.R. Grace case; telephone attorneys whose clients came up in the conflicts check as a hit to discern if there is a conflict or not. | 5.2 | $572.00 |
| 5/11/2001 | Mako | Review conflict of interest report; conference with W. Katchen and M. Melvin re same; preparation of affidavit. | 7.5 | $1,350.00 |
| 5/11/2001 | Melvin | Continue to perform conflicts check by calling attorneys whose clients turned up as a potential conflict. | 6.5 | $715.00 |
| 5/14/2001 | Melvin | Continue working on the conflicts check and making calls to attorneys within the firm who may have potential conflicts. | 2 | $220.00 |

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 5/14/2001 | Melvin | Review e-mails from DM&H attorneys on the W.R. Grace conflicts check; discuss with W. Katchen as to which list their clients fall under in the categories of the conflicts check. | 0.4 | $44.00 |
| 5/15/2001 | Melvin | Multiple revisions to the affidavit of W. Katchen and application of pleadings for the retention of Duane Morris and continued review of conflicts check. | 4.5 | $495.00 |
| 5/16/2001 | Mako | Conference with M. Melvin re conflict check; review conflict of interest report; preparation of list of active and non-active clients. | 1.9 | $342.00 |
| 5/16/2001 | Melvin | Continue to go through the conflicts check for this bankruptcy case. | <u>2.5</u> | <u>$275.00</u> |
| | | | 68.4 | $9,064.00 |

## Exhibit C Proofing

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 5/14/2001 | Melvin | Forward various drafts of W. Katchen's affidavit to D. Sykes at DM&H in Philadelphia for review and comment; forward revised draft of the application for the retention of DM&H to D. Sykes for review and comment. | 0.8 | $88.00 |
| 5/15/2001 | Melvin | Forward revised affidavit of W. Katchen and application for retention of Duane Morris to D. Sykes for review and comment. | 0.2 | $22.00 |
| 5/15/2001 | Melvin | Forward draft copy of W. Katchen's affidavit to L. Kruger, R. Raskin and K. Kelley for review and comment. | 0.4 | $44.00 |
| 5/16/2001 | Melvin | . . .; forward revised draft affidavit to R. Raskin, L. Kruger, A. Krieger and K. Kelley for review and comment (.4); forward same to D. Sykes and M. Lastowski for review and comment (.3); forward the application, notice of application and order to the parties for review and comment (.6) . . . | 1.3 | $143.00 |
| 5/16/2001 | Lastowski | Review retention application. | 0.3 | $112.50 |
| 5/17/2001 | Melvin | . . .; forward pleadings several times to T. Maher, A, Krieger, M. Lastowski, K. Kelley for review and comment or approval (1.0). | 1 | $110.00 |
| 5/17/2001 | Lastowski | Review and revised retention papers. | 0.5 | $187.50 |
| 5/17/2001 | Lastowski | Review and revise retention application. | 0.2 | $75.00 |
| 7/18/2001 | Melvin | Forward supplemental affidavit of W. Katchen re: the retention of DM&H to A. Krieger, M. Reed and T. Gewertz for review and approval or comment. | 0.4 | $44.00 |
| 7/18/2001 | Melvin | Forward supplemental affidavit of W. Katchen re: the retention of DM&H to A. Krieger, M. Reed and C. Maccallum for review and approval or comment. | <u>0.4</u> | <u>$44.00</u> |
| | | | 5.5 | $870.00 |