**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

# FEE AUDITOR'S FINAL REPORT REGARDING FEE APPLICATION OF KRAMER, LEVIN, NAFTALIS & FRANKEL, L.L.P. FOR THE FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth Interim Quarterly Fee Application of Kramer, Levin, Naftalis & Frankel, L.L.P. (the "Application").

## BACKGROUND

1. Kramer, Levin, Naftalis & Frankel, L.L.P. ("Kramer Levin") was retained as counsel to the official committee of equity holders. In the Application, Kramer Levin seeks approval of fees totaling $73,418.50 and costs totaling $5,356.96 for its services from April 1, 2002, through June 30, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Kramer Levin an initial report based on our review, and received a response from Kramer Levin, portions of which response are quoted herein.

**DISCUSSION**

General Issues

3. We noted in our initial report that the time entries were generally adequately detailed and devoid of lumping, but we noted that timekeepers Clark and Bentley occasionally lumped their time, and timekeepers Becker and Bentley occasionally provided insufficiently detailed descriptions of their activities in April and May. We further noted that their time entries became more detailed in June. Paragraph II.D.5. of the Guidelines provides that “[s]ervices should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry....”. In our initial report we commended the improvement made on the inadequate detail issues, and we asked Kramer Levin to please advise timekeepers Clark and Bentley to avoid lumping their time entries in the future, to which Kramer Levin responded that it would do so.

4. We noted in the initial report that timekeeper Becker is generally billed at $400 per hour, however, in the May invoice, Schedule of Time Charges and Rates, his hourly rate was listed as $374.00. We further noted that in the project category summaries his hourly rate calculates to $400 per hour, except in the project entitled Asbestos Claim Issues, where it calculates to $331.25 per hour. We requested Kramer Levin to please advise us regarding this confusion in Mr. Becker’s hourly rate. Gary M. Becker of Kramer Levin responded as follows:

> The correct hourly rate for Gary Becker is $400 per hour. The listing in the May invoice of $374 per hour was a mistake. With respect to the imputed rate of $331.25, which you derived from the entries in the Asbestos Claims Issues matter, we believe the inconsistency may be caused by non-working travel time, which is listed at the full amount of time but billed at one-half the normal rate, resulting in a blended rate lower than $400. With the new system of recording non-working travel time under a separate matter number, this type of discrepancy should disappear.

This response addresses our concerns and thus we have no objection to these fees.

Specific Time Entries

5. We noted in our initial report that in professional Gary Becker's($400) time entries for 04/21/02 and 04/22/02 there appears to be a miscalculation in either the time or dollar amounts. The 04/21/02 travel time to Pittsburgh is 4.0 hours and is calculated at 50% of Becker's hourly rate. The 04/22/02 travel time from Pittsburgh is 6 hours and the hourly rate cannot be determined. The time entries are provided below.

| | | | | |
|---|---|---|---|---|
| 04/21/02 | Becker | Travel time to omnibus hearing in Pittsburgh (4.0) | 2.00 | 800.00 |
| 04/22/02 | Becker | Prepare for and attendance at omnibus hearing in Pittsburgh (5.0); travel time returning from hearing (6.0). | 5.50 | 2,200.00 |

We requested that Kramer Levine please provide us with clarification regarding the correct dollar and hourly amounts as well as the correct travel time between Pittsburgh and New York. In its response, Kramer Levine stated the following:

> The time entry for 4/21/02 appears correct in all respects. As 4 hours non-working travel time, it is billed at one half of the normal $400 rate, for a total of $800 (4 hrs. x $400 x 1/2). With respect to the 4/22/02 entry, it appears that we actually undercharged the estate by $1000. This time entry consists of 5 hours of time for preparation and attendance at the hearing, billed at the full $400 hourly rate, for a subtotal of $2000 (5 hrs x $400), *plus* 6 hours of non-working travel time, billed at one half the normal $400 hourly rate, for a subtotal of $1200 (6 hrs. x $400 x 1/2), thereby giving a total of $3200. It appears, however, that our accounting department

> simply charged the entire 11 hour time entry at one half the normal rate, resulting in a charge of $2200 (11 hrs x $400 x 1/2). Accordingly, our fees should be increased by $1000.
>
> If the issue is the difference in travel time between going to Pittsburgh on 4/21 (4 hrs) and returning from Pittsburgh on 4/22 (6 hrs), I am sure you recognize that travel time may vary based on a number of factors, such as the airport from which one flies, the amount of traffic to and form the airport, the length of time needed to clear security and wait for a flight, delays on the ground and, indeed, actual flight conditions. It would be highly unlikely for the length of the two trips to be identical. In any event, the time charged was the actual time spent traveling.

We understand and agree with this response and, accordingly, because of this mathematical error, we accept Kramer's request for an increase of $1,000.00 in fees.

6. We noted in our initial report that for the application period, Kramer's fees for Case Administration total approximately 32% of the total fees requested. A large amount of Kramer's services in this project category are reviewing new pleadings as well as organizing and indexing pleadings. Several time entries are listed below as examples of these fees.

| | | | | |
|---|---|---|---|---|
| 04/16/02 | Mangual, Kathleen | organization of documents for purposes of sending to records | 4.10 | 717.50 |
| 04/04/02 | Becker, Gary M | Screen new pleadings | 0.50 | 200.00 |
| 05/30/02 | Temp, Paralegal | Review/organization of pleadings and other documents for purposes of filing and indexing per K. Mangual | 2.70 | 432.00 |
| 06/05/02 | Mangual, Kathleen | update pleadings index and and correspondence | 1.70 | 297.50 |
| 06/03/02 | Becker, Gary M. | Review new pleadings(.6) | 0.60 | 240.00 |

Kramer's co-counsel Klett Rooney Lieber & Schorling ("Klett Rooney") also spends time on similarly described administrative matters. We stated our concern regarding a possible duplication of effort among the co-counsels and accordingly requested Kramer Levin to explain the division and allocation of responsibilities between firms as well as what procedures are in place to avoid such

duplication. In its response, Kramer Levin stated the following:

> Each day, numerous case pleadings are received in our office. I, or another lawyer in my absence, typically review those pleadings, determine if action is required and by whom, and arrange for the appropriate Kramer Levin team members to receive the documents. Only certain documents are kept for the files. These documents are sent to our paralegal, Kathleen Mangual, who actually maintains the file. She, or a paralegal working with her, periodically organizes and indexes the file documents. You will observe that, over the course of our retention, we have actually reduced the paralegal time spent organizing and indexing documents as we have come to rely more heavily on the electronic documents available from the court. The 5/30/02 time entry by a temporary paralegal does not represent the same review of documents that I conduct, but is merely part of the process of organizing and indexing the documents. In order to fulfill their duties as local counsel, Klett Rooney also must maintain a file and at least cursorily review the pleadings it receives in this case, so that it may remain generally aware of what is occurring in the case. However, unless we discuss it with them first, they do not take a substantive role in responding to specific pleadings. We do not believe that there is any unnecessary duplication of effort.

We accept this response and thus we have no objection to these fees.

## CONCLUSION

7. Thus we recommend approval of fees totaling $74,418.50 ($73,418.50 plus $1,000.00) and costs totaling $5,356.96 for Kramer Levine's services from April 1, 2002, through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:______________________________
Warren H. Smith
Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 31st day of October, 2002.

______________________________
Warren H. Smith

**SERVICE LIST**

Notice Parties

**The Applicant**
Philip Bentley, Esq.
Kramer, Levin, Naftalis & Frankel, L.L.P.
919 Third Avenue
New York, NY 10022

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin, Esq.
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801