# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH, LLP
## FOR THE FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth Interim Quarterly Fee Application of Pitney, Hardin, Kipp & Szuch, LLP[1] (the "Application").

### BACKGROUND

1.  Pitney, Hardin, Kipp & Szuch, LLP ("Pitney Hardin"), was retained as special counsel for the Debtors. In the Application, Pitney Hardin seeks approval of fees totaling $72,578.50 and costs totaling $14,272.54 for its services from April 1, 2002, through June 30, 2002 (the "Application Period").

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

---

[1] We note that Pitney Hardin provided this office with monthly applications/invoices, but not an application covering the fifth interim period. Therefore, for the purposes of this report, we refer to this collection of monthly invoices as the Application.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Pitney 5Q 4-6.02.wpd

Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Pitney Hardin an initial report based on our review, and received a response from Pitney Hardin, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. We noted in our initial report that the Application did not have a separate category for Pitney Hardin's own fee application preparation. Guidelines Rule, II.D.1. states "[a] separate project category should be used for ... fee application preparation." This defect was brought up in our initial and final reports for the previous period. We asked Pitney Hardin to please use a separate project category for time devoted to seeking its own compensation in the future and Pitney Hardin responded that it would do so.

4. We noted in our initial report that the Application did not contain a summary by project category. The <u>Amended Administrative Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members</u> (the "Amended Administrative Order") in this case requires such a summary to facilitate our preparation of "a spreadsheet showing all fees and expenses paid, by category to each professional and committee member, in each quarterly period. . . ". We asked Pitney Harding to please include a summary by project category in future applications and

Pitney Harding responded that it would do so.

5. We noted in our initial report that lumped time entries were a significant problem with all Pitney Hardin timekeepers. Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." Likewise, Paragraph II.D.5. of the Guidelines states that ". . . [s]ervices should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; . . ." We further noted that the lumping of time entries in this Application was unusually severe and needed immediate attention. This issue was discussed, in some detail, in our previous initial and final reports and Pitney Hardin responded that it would address the problem, however, we see no improvement. We asked Pitney Hardin to again, please advise its professionals to avoid such lumped entries in the future and Pitney Hardin, or a recommendation for a reduction in fees may be necessary. Pitney Hardin responded that it would do so.

6. We noted in the initial report that the Application has a summary of expenses but fails to provide a list of expense details. Of special concern were the travel and miscellaneous expenses. The Guidelines Rule II. E. provides that "[f]actors relevant to a determination that the expense is proper include the following: . .3. Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), . . .". We asked Pitney Hardin to please provide detailed expense entries with regard to those expenses for which they wished reimbursement. In response, Pitney Hardin provided invoices for all expenses for which they requested reimbursement. Said invoices are attached hereto as Response Exhibit 1. Additionally, Pitney Hardin stated that it would provide detailed expense entries in all future applications. Thus, we do not recommend a reduction for expenses at this time.

Specific Time and Expense Entries

7. We noted in our initial report that on April 4, 2002, professionals Rose($350) and Hatfield($240) prepared for and attended the same hearing for a total of 23.40 hours and a total expense to the bankruptcy estate of $7,057[2]. The time entries are provided below.

| | | | |
|---|---|---|---|
| 04/03/02 | Rose | 5.80 | Prepare for closing summation. |
| 04/03/02 | Hatfield | 3.30 | . . .Prepare for closing arguments. |
| 04/04/02 | Rose | 7.30 | Travel to Hudson County Court House, present closing summation. |
| 04/04/02 | Hatfield | 7.00 | Appearance in court - Final Closing Arguments before Judge McLaughlin |

The Guidelines, Rule, II.D.5. states ". . .[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We further noted that the fee detail did not provide the reason for two professionals attending this hearing nor did it explain each professional's role. We asked Pitney Hardin to please explain the area of expertise and role of each participant at this hearing. Pitney Hardin responded that:

> Mr. Rose and Mr. Hatfield were involved in a summation which was specially requested by the trial judge in this environmental remediation case. The matter had been tried two years earlier and the court felt that it was necessary to have a summation in April 2002 before rendering its final opinion. Mr. Rose is a litigation partner who directed the trial of the case. Mr. Hatfield is a Counsel in our environmental department who prepared all the briefing and trial testimony on the various environmental issues. The trial of this case was heavily centered on the nature of the remediation efforts at the site. As a result, the efforts of both Mr. Hatfield as our environmental specialist and Mr. Rose as the litigation partner were required.

Thus we have no objection to these fees.

---

[2] Because of the lumping issues mentioned in paragraph 5, the exact time and dollar amount cannot be determined.

## CONCLUSION

8. Thus we recommend approval of fees totaling $72,578.50 and costs totaling $14,272.54 for Pitney Hardin's services from April 1, 2002, through June 30, 2002.

> Respectfully submitted,
>
> **WARREN H. SMITH & ASSOCIATES, P.C.**
>
> By: _/s/ Warren H. Smith_
> Warren H. Smith
> Texas State Bar No. 18757050
>
> 900 Jackson Street
> 120 Founders Square
> Dallas, Texas 75202
> 214-698-3868
> 214-722-0081 (fax)
> whsmith@whsmithlaw.com
>
> **FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 31st day of October, 2002.

> _/s/ Warren H. Smith_
> Warren H. Smith

# SERVICE LIST

Notice Parties

**The Applicant**

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp & Szuch, LLP
P.O. Box 1945
Morristown, NJ 07962-1945

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801