## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING FEE APPLICATION
### OF NELSON MULLINS RILEY& SCARBOROUGH, LLP
### FOR THE FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its

capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth Interim

Fee Application of Nelson Mullins Riley & Scarborough, LLP (the "Application").

### BACKGROUND

1.      Nelson Mullins Riley & Scarborough, LLP ("Nelson Mullins"), was retained as

special litigation and environmental counsel for the Debtors.  In the Application, Nelson Mullins

seeks approval of fees totaling $60,393.50 and costs totaling $701.74 for its services from April 1,

2002 through June 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time entries

included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, the Local Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Nelson Mullins an initial report based on our review, and received a response from Nelson Mullins, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We noted in our initial report that the categories provided by Nelson Mullins are not appropriate for the purpose of this fee audit. We also noted that the Application does not have a separate category for  Nelson Mullins' own fee application preparation for the months of April & May 2002. Instead  these time entries are in the "Project Allen" category.   However, this was corrected in the Application for June, 2002.

4.      We noted in our initial report that the time entries were generally adequately detailed and devoid of lumping, but we asked that Nelson Mullins continue to advise timekeeper Cleary to avoid lumping time entries in the future.

### Specific Time and Expense Entries

5.      We noted in our initial report that, on two occasions during the application period, multiple professionals participated in the same meetings for a total of 6.6 hours and a total expense to the estate of $1,782.00. The time entries are provided below.

May 28, 2002: Smith and Cleary 1.8 hours and $486.00

05/28/02      Meet with Mr. Nagy, Attorney Cleary and Attorney Barnhill at site, discuss clean up, stormwater and development issues, view conditions, surrounding industrial development and possible alternatives for clean up, schedule with DHEC.

|  | NJ Smith | 0.90 hrs | 250.00/hr | $225.00 |

| 05/28/02 | . . .site visit with Mr.Nagy (0.9). | | | |
|  | DM Cleary | 1.90 hrs. | 290.00/hr | $551.00 |

May 29, 2002: Smith and Cleary, 4.8 hours and $1,296.00.

| 05/29/02 | Office conference with Mr. Andrade, Attorney Cleary and Mr. Nagy regarding potential buyer of site, incentives, assistance with DHEC and related issues, discuss financial and clean up issues following Mr. Andrade's departure. | | | |
|  | NJ Smith | 2.40 hrs | 250.00/hr | $600.00 |

| 05/29/02 | Attend meeting with Mr. Nagy and Charleston official regarding development potential of the area, and potential for sale of Charleston property (2.4); . . . | | | |
|  | CM Cleary | 5.20 hrs | 290.00/hr | $1,508.00 |

Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested Nelson Mullins to please explain why it was necessary for both attorneys to participate in each of these meetings and the different role or area of expertise each contributed. In response, Nelson Mullins stated that:

> The requirement from the Guidelines cited by the Auditor does not appear to be applicable, as the requirement for an explanation relates to attendance at "*court hearings or conferences*" [my emphasis], neither of which were involved in the meeting at issue. Notwithstanding this potential misinterpretation, the following explanation is provided: Attorney Smith attended the meeting to lend unique expertise regarding local economic development and land use issues.

While we believe we understand this explanation regarding attorney Smith, we disagree regarding Nelson Mullins' interpretation of the Guidelines. We stand by our interpretation of the quote set forth above. In addition, to provide further support for our inquiry, Local Rule 2016(d)(ix) requires "[t]he activity descriptions shall individually identify all *meetings* and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." [emphasis added]. While we accept

the explanation that justifies Attorney Smith's presence at these meetings, Nelson Mullins did not offer an explanation as to Attorney Cleary's participation with regard to these meetings. Thus we recommend a reduction of $957.00 in fees for Attorney Cleary's unexplained participation in these two meetings.

6.      We noted in our initial report that during the application period, timekeeper K. Brown spent 29.5 hours for a total expense to the bankruptcy estate of $3,697.50 on tasks which appear to be related to bookkeeping, collection of fees and reconciling checks received. (See Exhibit A). Paragraph II.E.7. of the Guidelines indicates that nonreimbursable overhead "includes word processing, proofreading, secretarial and other clerical services". We noted that the tasks appeared to be related to Nelson Mullins' internal bookkeeping, and therefore benefitting the applicant, not the bankruptcy estate. As such, we requested Nelson Mullins to please explain why these tasks should not be considered nonreimbursealble overhead and how they are of benefit to the estate. Nelson Mullins responded that:

> . . . The cited tasks performed by Paralegal Brown are performed solely for this client and the Court, and are neither continuous nor "general costs incident to the operation of the applicant's office". The complex rules and record keeping as well as approval and billing issues concerning this client are unique and attributable solely to this client. . .

While we accept that these tasks are performed solely for this client, this response does not establish that the tasks set forth in Exhibit A are different in nature than the bookkeeping tasks that are required to keep track of receivables from any other client, and thus we recommend a reduction of $3,697.50 in fees.

## CONCLUSION

7.      Thus, recommend approval of fees totaling $55,739.00 ($60,393.50 minus $4,654.50)

and costs totaling $701.74 for Nelson Mullin's services from April 1, 2002, through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:

          Warren H. Smith
          Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 1st day of November 2002.

Warren H. Smith

Case 01-01139-AMC    Doc 2917    Filed 10/31/02    Page 6 of 10
# SERVICE LIST

## Notice Parties

**The Applicant**

Newman Jackson Smith, Esq.
Nelson Mullins Riley & Scarborough, LLP
151 Meeting Street, Suite 600
Charleston, SC 29401

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

wrg FR Nelson 5Q 4-6.02.wpd

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

EXHIBIT A

04/03/02          Email correspondence to Ms. Gettier, Attorneys Cleary and Hawkins, and
                  Administrative Assistant Johnson regarding the status of the outstanding invoices.
                  K. BROWN                        0.20 hrs.        125.00/hr          $25.00

04/10/02          Review correspondence regarding status of outstanding invoices/ prepare
                  correspondence and e-mail same to M. Gettier, Ms. Duff, Mr. Emmett, and
                  Attorneys Cleary and Hawkins, and Administrative Assistant Johnson requesting
                  assistance in determining the status of the payment for the outstanding invoices.
                  K. BROWN                        0.30 hrs.        125.00/hr          $37.50

04/15/02          Prepare correspondence regarding status of October and November approved
                  payment and inquire on the payment status for July and September which were
                  previously approved by the court and environmental attorneys and e-mail to Ms.
                  Gettier and Attorney Cleary.
                  K. BROWN                        0.40 hrs.        125.00/hr          $50.00

04/17/02          Review correspondence regarding outstanding invoices.
                  K. BROWN                        0.20 hrs.        125.00/hr          $25.00

04/18/02          Review revised spreadsheet of outstanding invoices dating July through December
                  2001.
                  K. BROWN                        0.30 hrs.        125.00/hr          $37.50

04/23/02          Review correspondence from Attorney Hawkins regarding checks without invoice
                  and/or matter number and discuss with Administrative Assistant Johnson (0.3); e-
                  mail same to Attorney Cleary (0.1); telephone conference with A/R Specialist
                  regarding checks without invoice reference and/or matter number (0.2); meet with
                  Attorney Cleary to discuss same (0.2); review fax from A/R Specialist and prepare
                  correspondence to Ms. Bartley requesting assistance in obtaining the missing
                  information for the two checks (0.3).
                  K. BROWN                        1.10 hrs.        125.00/hr          $137.50

05/01/02          Review correspondence files and approved by the court to reconcile outstanding
                  approved payments against payments received.
                  K. BROWN                        1.90 hrs.        125.00/hr          $237.50

05/01/02          Meet with Attorneys Cleary and Smith to discuss the process that will be
                  undertaken to determine the status of other outstanding approved payments.
                  K. BROWN                        0.30 hrs.        125.00/hr          $37.50

| 05/01/02 | Prepare spreadsheets reflecting outstanding approved fees for company codes 001, 063, and 032. | | | |
|---|---|---|---|---|
| | K. BROWN | 4.20 hrs. | 125.00/hr | $525.00 |
| 05/02/02 | Prepare correspondence regarding status of outstanding approved September fees and expenses to Ms. Gettier; and e-mail same. | | | |
| | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |
| 05/02/02 | Meet with Attorney Cleary to discuss reconciling checks received with approved outstanding payments for services rendered in July, September, October, and November. | | | |
| | K. BROWN | 0.70 hrs. | 125.00/hr | $87.50 |
| 05/06/02 | Review A/R excel spreadsheet of outstanding invoices; edit spreadsheet to include columns for 80% of fees, approved expenses, approved fees, and payment information columns. | | | |
| | K. BROWN | 1.00 hrs. | 125.00/hr | $125.00 |
| 05/10/02 | Review outstanding invoices spreadsheet against actual invoices. | | | |
| | K. BROWN | 3.70 hrs. | 125.00/hr | $462.50 |
| 05/13/02 | Continue to compare outstanding invoices spreadsheet to actual invoices. | | | |
| | K. BROWN | 1.10 hrs. | 125.00/hr | $137.50 |
| 05/17/02 | Compare actual invoices to outstanding invoices spreadsheet. | | | |
| | K. BROWN | 0.50 hrs. | 125.00/hr | $62.50 |
| 05/20/02 | Discuss with Attorney Cleary the status of reconciling the outstanding invoices spreadsheet (0.3)... | | | |
| | K. BROWN | 0.70 hrs. | 125.00/hr | $87.50 |
| 05/21/02 | Meet with Attorney Cleary to discuss the status of the collection efforts and reconciliation of outstanding payments. | | | |
| | K. BROWN | 0.40 hrs. | 125.00/hr | $50.00 |
| 05/23/02 | Continue to audit outstanding invoices spreadsheet against actual invoices and fee applications. | | | |
| | K. BROWN | 6.20 hrs. | 125.00/hr | $775.00 |
| 05/27/02 | Review payment checks and compare with outstanding invoices spreadsheet (1.5); compare payment checks with actual invoices (2.0); edit outstanding invoices spreadsheet (2.6). | | | |
| | K. BROWN | 6.10 hrs. | 125.00/hr | $762.50 |

| 05/28/02 | Meet with Attorney Cleary to discuss the status of the auditing of invoices and payments. | | | |
|---|---|---|---|---|
| | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |