UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF CASNER & EDWARDS, LLP
FOR THE FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Casner & Edwards, LLP for the Fifth Interim Period (the "Applicant").

BACKGROUND

1.      Casner & Edwards, LLP ("Casner") was retained as special litigation counsel to the Debtors. In the Application, Casner seeks approval of fees totaling $614,567.00 and costs totaling $59,120.55 for its services from April 1, 2002, through June 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Casner an initial report based on our review, and received a response from Casner, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report we noted that, in the Application, the project categories utilized in the fee details were (1)Work in Connection With General Asbestos Matters; (2)Work in Connection with Ch. 11 Cases; and (3)Work in Connection With Preparation of Fee Applications. Paragraph II.D.1. of the Guidelines states that "[t]o facilitate effective review of the application, all time and service entries should be arranged by project categories.... A separate project category should be used for administrative matters and, if payment is requested, for fee application preparation."

4. We also noted that the Application contained a summary by project category listing (1)Asbestos: Other; (2)Asbestos: Claims Litigation and Compensation of Professionals as project categories. The Amended Administrative Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Administrative Order") in this case, requires such a summary in order to provide the court with "a spreadsheet showing all fees and expenses paid, by category to each professional and committee member, in each quarterly period...." However, the categories used by Casner were not in keeping with the Court's instruction and should be adjusted accordingly. These categories did not correspond to the categories used in the fee detail portion of the Application. Thus we asked Casner to insure that the categories utilized in the summary and the

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Casner 5int 4-6.02.wpd

fee details were the same and to refer to the Guidelines, the Delaware Local Rules, and both the fee auditor retention order and the Amended Administrative Order when preparing subsequent fee applications. Casner responded as follows:

> Separate project categories corresponding to the revised project categories requested by your office have been established for the work performed by this firm beginning with fee details filed for the period August 1, 2002 and later. Generally, the project categories used by this firm since then are : (1) Litigation and Litigation Consulting, (2) Fee Applications, Applicant, and (3) ZAI Science Trial. If the nature of our work changes, additional project categories will be added.
>
> As noted in paragraph 3, above, project categories conform to the revised project categories requested by your office. On October 2, 2002, we provided your office with a revised cumulative compensation summary for the 5th interim period reflecting the revised project categories, however, we did not revise the fee details that had been prepared previously as we did not understand that we were required to do so. In future filings, we will ensure that the categories on the invoices that make up the fee detail correspond to the revised project categories used in the fee summary.

We appreciate Casner's compliance.

5.     In our initial report we noted that the time entries were generally adequately detailed and devoid of lumping, with the occasional instance of inadequate detail from ARA and DBM and occasional instance of lumping by timekeeper DBM. Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ." In addition, Rule 2016-2(d)(vii) requires that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." These issues had been raised in previous reports and we had advised certain professionals to provide more detailed time entries and to avoid lumped time entries. We again asked that Casner continue to advise all of its professionals regarding this matter and Casner stated that it would do so.

Specific Time and Expense Entries

6.      In our initial report we noted that the bulk of the fee application's time and expense was devoted to a large-scale document production. We also noted that the majority of time billed to this project was paralegal time rather than attorney time. We are in complete accord with this appropriate use of personnel.

7.      While we agreed that most of the staffing was appropriate and cost effective with regard to this project, we noted that professional MTM($180) spent a total of 230.70 hours for a total expense to the estate of $41,526.00 working on this document review. The vast majority of the time entries at issue simply stated "work on document review" or some variation thereof. We observed that MTM($180) appeared to be doing the same or similar tasks as ARA($80.00). While we appreciate the necessity of a higher level professional overseeing a project of this magnitude, the entries regarding such oversight were void of detail sufficient to understand the tasks that were being performed or the necessity of the time spent. The U.S. Trustee Guidelines Rule, I.E. states "[i]n evaluating fees for professional services, it is relevant to consider . . .whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered". Thus we asked Casner to define the role MTM had in the document review process and the necessity of his time spent on the same. Casner responded as follows:

> The responsibilities of MTM and ARA were discussed briefly in paragraph 6 of my September 18th Response to your Initial Report Regarding our First Interim Application. They do not perform the same tasks. Nevertheless, I understand your concern that we provide a more detailed description of the work that Matthew Murphy does and we will do that in future fee applications. I have reviewed your comments with Mr. Murphy concerning time already billed and offer the following additional information. This firm and others that were participating in the document review for the Chapter 11 and EPA cases had a deadline to complete the review of documents and get them to the scanner. Initially the deadline was the end of May but

because of the volume of documents to be reviewed, the deadline slipped into the first few days of July 2002. This deadline required that MTM spend a lot of time during this period, more than in previous months, at Winthrop Square or Cambridge working more "hands on" and more closely with our paralegals and with attorneys and paralegals from other participating firms to solve problems and make sure the job got done.  Among the day to day tasks performed by MTM during this period, described generally as "work on document review", were: answer questions from paralegals concerning how to categorize particular documents; quality control unusual or difficult boxes at the request of paralegals; assess progress of the review and note the number and type of boxes remaining to be reviewed; (May and June) draft weekly status reports to other firms defending the Debtor; (May and June) pre-review boxes from Winthrop Square to determine sources of the boxes and whether their contents were responsive to the purposes of the review; review inventories of boxes to/from Cambridge and Winthrop Square and to/from the scanning vendor to insure all were being scanned on schedule; follow up on various specific issues raised by paralegals or cooperating firms (e.g., track particular missing boxes, locate files from a specific person, etc.).

 Mr. Murphy also spent a little over 12 hours on April 2, 3, 10 and 23 reviewing 56 boxes of documents from Grace's vermiculite mine and mill in Libby, Montana that were shipped to us by the law firm of Hoyle Morris to compare their contents to prior inventories, identify which boxes contained either redacted copies, redacted originals, or privileged documents. This work was done to determine which boxes of documents required detailed review by paralegals and which were ready to be sent to the scanning vendor.

We accept this response and thus we have no objection to these fees.

## CONCLUSION

8.     Thus, we recommend approval of fees totaling $614,567.00 and costs totaling $59,120.55 for Casner's services from April 1, 2002, through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 4th day of November, 2002.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Robert A. Murphy
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801