**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF CARELLA, BYRNE,**
**BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
<u>**FOR THE FIFTH INTERIM PERIOD**</u>

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for the Fifth Interim Period</u>.

**BACKGROUND**

1.    Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") was retained as special litigation and environmental counsel to Debtors. In the Application, CBBG seeks approval of fees totaling $38,999.26 and costs totaling $2,076.93 for its services from April 1, 2002, through June 30, 2002.

2.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on CBBG an initial report based on our review, and received a response from CBBG, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We noted in our initial report that the Application contains a summary by project category. The Amended Administrative Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Administrative Order") in this case, requires such a summary in order to provide the court with "a spreadsheet showing all fees and expenses paid, by category to each professional and committee member, in each quarterly period...." We further noted that the categories used by CBBG are in keeping with the Court's instruction.

4.      We noted in our initial report that timekeepers JMA, LSM and MEF often did not include sufficient detail in their time entries. Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ." This issue has been raised in previous reports and we have previously advised certain professionals to provide more detailed time entries in the future. We again asked that CBBG continue to advise its professionals regarding this matter and CBBG responded that it would do so.

5.      We noted in our initial report that timekeepers JMA, MEF and LSM often tended to lump their time entries. Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be

lumped – each activity shall have a separate description and a time allotment." We asked CBBG to please advise these professionals to avoid lumping their time entries in the future and CBBG responded that it would do so.

### Specific Time and Expense Entries

6. We noted in our initial report that, on seven separate occasions, more than one professional from CBBG prepared for and participated in conferences for a total of 67.1 hours and a total expense to the bankruptcy estate of $18,111.00. See Exhibit A, attached hereto, for a listing of these entries. Local Rule 2016-2(d)(ix) provides "[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  Also, paragraph II.D.5. of the Guidelines states that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked CBBG to please explain the need for more than one professional at these conferences.  CBBG's response is attached hereto as Response Exhibit 1.  We accept this response with regard to all of the meetings listed and, thus, we have no objection to these fees.

### CONCLUSION

7. Thus, we recommend approval of fees totaling $38,999.26 and costs totaling $2,076.93 for CBBG's services from April 1, 2002, through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 4th day of October, 2002.

_____
Warren H. Smith

# SERVICE LIST

Notice Parties

**The Applicant**

John M. Agnello
CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068-1700

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

EXHIBIT A

\*        April 16, 2002, JMA and MEF, 14.00 hours and $3,780.00

| | | | | |
|---|---|---|---|---|
| 4/16/02 | JMA | 7.00 | 2,275.00 | Conference with C. Marraro and MEF re: finalize Grace Answer to Riverkeepers' Second Amended Complaint, revisions to Grace Cross-Claims in Riverkeepers action, commence preparation of Answer to Honeywell's Cross-Claims in Riverkeeper's action. |
| 4/16/02 | MEF | 7.00 | 1,505.00 | Conference with JMA and C. Marraro regarding answer to Riverkeeper complaint, cross claims, answer to Honeywell cross claims. |

\*        April 24, 2002, JMA and MEF, 3.2 hours and $852.50

| | | | | |
|---|---|---|---|---|
| 4/24/02 | JMA | 1.50 | 487.50 | Conference with MEF and C. Marraro re: amendments to Grace Answer-Riverkeepers; preparation of Answer to crossclaims- Riverkeepers . . .; conference with JMA and C. Marraro regarding revisions to answer to complaint and answer to Honeywell cross claims. |
| 4/24/02 | MEF | 1.70 | 365.00 | |

\*        May 7, 2002, JMA and MEF, 4.00 hours and $1,080.00

| | | | | |
|---|---|---|---|---|
| 05/07/02 | JMA | 2.00 | 650.00 | Conference with C. Marraro and MEF re: trial strategy issues |
| 05/07/02 | MEF | 2.00 | 430.00 | Conference with JMA and C. Marraro regarding trial preparation |

\*        May 15, 2002, JMA and MEF, 14.50 hours and $3,997.50

| | | | | |
|---|---|---|---|---|
| 05/15/02 | JMA | 8.00 | 2,600.00 | Conference with C. Marraro and MEF re: facts for Pretrial Order |
| 05/15/02 | MEF | 6.50 | 1,397.50 | Conference with JMA and C. Marraro regarding final pretrial preparation |

\*        June 5, 2002, JMA and MEF, 9.40 hours and $2,461.00

| | | | | |
|---|---|---|---|---|
| 06/05/02 | JMA | 4.00 | 1,300.00 | . . . conference with C. Marraro and MEF regarding preparation of material facts for final pretrial order |
| 06/05/02 | MEF | 5.40 | 1,161.00 | Conference with JMA and C. Marraro regarding final |

pretrial; . . .

\*        June 12, 2002 JMA and MEF, 16.00 hours and $4,320.00

| | | | | |
|---|---|---|---|---|
| 06/12/02 | JMA | 8.00 | 2,600.00 | . . . conference with C. Marraro and MEF regarding preparation of Grace Final Pretrial Order - Material facts |
| 06/12/02 | MEF | 8.00 | 1,720.00 | Conference with C. Marraro and JMA regarding Final Pretrial Order - Statement of Facts, . . . |

\*        June 21, 2002, JMA and MEF, 6.00 hours and $1,620.00

| | | | | |
|---|---|---|---|---|
| 06/21/02 | JMA | 3.00 | 975.00 | Conference with C. Marraro and MEF regarding preparation for Status Conference before Judge Cavanaugh; . . . |
| 06/21/02 | MEF | 3.00 | 645.00 | Conference with JMA and C. Marraro regarding preparation for conference before Judge Cavanaugh conference with JMA regarding Honeywell RCRA claim |

RESPONSE EXHIBIT 1

(a)  April 16, 2002 and April 24, 2002 Conferences:

The purpose of these two meetings was to (1) analyze the factual allegations contained in the Hackensack Riverkeepers' Second Amended Complaint regarding W.R. Grace & Co.'s alleged alter ego liability; (2) analyze the Hackensack Riverkeepers' legal theory of alter ego liability; (3) draft and finalize the Grace Defendants' answer to the Hackensack Riverkeepers' Second Amended Complaint; (4) analyze the factual allegations contained in Honeywell International, Inc.'s ("Honeywell") cross-claims in the Hackensack Riverkeepers case; (5) analyze Honeywell's RCRA theory of liability in the Hackensack Riverkeepers case; and (6) draft and finalize the Grace Defendants' answer to Honeywell's cross-claims in the Hackensack Riverkeepers action.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in the preparation, content and finalization of all of the Grace Defendants' pleadings in the ICO and Hackensack Riverkeepers litigation is essential to the presentation of the Grace Defendants' claims and defenses, and to their trial strategy.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation in these two meetings was necessary because MEF is familiar with the documents and other information produced in discovery and the trial court's prior rulings in this case, all of which information was necessary to prepare and finalize the Grace Defendants' (i) answer to the Hackensack Riverkeepers' Second Amended Complaint and (ii) answer to Honeywell's cross-claims in the Hackensack Riverkeepers case. MEF also provided research on the Hackensack Riverkeepers' alter ego theory and Honeywell's RCRA theory of liability which was used to prepare the aforementioned answers. MEF's attendance at these two meetings was also required inasmuch as MEF was responsible for the preparation and filing of the final versions of the Grace Defendants' answers.

(b)  May 7, 2002, May 15, 2002, June 5, 2002, and June 12, 2002 Conferences:

These four meetings included analyzing documents produced in discovery, privilege logs, interrogatory answers, deposition transcripts, pleadings, attorney notes, court rulings, etc. in connection with the preparation of the Grace Defendants' 329 proposed stipulated facts for inclusion in the Final Pretrial Order. These meetings also included the drafting, re-drafting and revision of the Grace Defendants' proposed stipulated facts for inclusion in the Final Pretrial Order with respect to both liability and damage issues.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in the preparation and content of all portions of the Final Pretrial Order is essential to the presentation of the Grace Defendants' claims and defenses, and to their trial strategy.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation in these four meetings was necessary because MEF is familiar with the documents and other information produced in discovery and the trial court's rulings in this case, all of which information was necessary to prepare the Grace Defendants' proposed stipulated facts for inclusion

in the Final Pretrial Order. MEF is also primarily responsible for the Grace Defendants' damage claim proofs. In addition, MEF is responsible for the coordination and preparation of the Final Pretrial Order document to be submitted to the court on behalf of all parties, including the incorporation of all parties' proposals, objections and responses. MEF's input into the Final Pretrial Order is essential to the presentation of the Grace Defendants' claims and defenses, and to their trial strategy.

(c)     June 21, 2002 Conference:

The purpose of this meeting was to prepare for the status conference to be conducted by the court later that day, including the formulation of the Grace Defendants' position with respect to the timetable for the preparation of the Final Pretrial Order, appearing before the court for the Final Pretrial Conference, the submission of trial briefs and proposed findings of fact and conclusions of law, and the commencement of the trial. In addition, this meeting was used to prepare a list of all open issues for discussion with the court, including the impact of the court's recent summary judgment decisions on the trial and the potential impact at trial of the court's resolution of the summary judgment motions pending before it.

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's participation in this meeting regarding the position to be taken by the Grace Defendants at the June 21, 2002 status conference was essential to the presentation of the Grace Defendants' claims and defenses, and to their trial strategy.

MEF is part of the litigation trial team. As part of the litigation trial team, MEF's participation in this meeting was necessary because MEF is familiar with the documents and other information produced in discovery, the trial court's prior rulings, and the potential impact of the then-pending summary judgment motions on the issues to be tried. In addition, MEF is responsible for the coordination and preparation of the Final Pretrial Order document to be submitted to the court on behalf of all parties, including the incorporation of all parties' proposals, objections and responses. MEF's participation was essential to the formulation of the Grace Defendants' position to be presented at the status conference before the court later that day.

In the future, Carella Byrne's quarterly interim fee applications will contain an explanation in a format similar to that set forth above whenever more than one attorney from Carella Byrne attends a meeting or conference.