UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re: §
§ Chapter 11
W.R. GRACE & CO., et al § Jointly Administered
§ Case No. 01-1139 (JJF)
Debtors §

FEE AUDITOR'S FINAL REPORT REGARDING
APPLICATION OF THE OFFICIAL COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS
FOR THE FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Application of the Official Committee of Asbestos Personal Injury Claimants for the Fifth Interim Period (the "Application").

BACKGROUND

1.   The Official Committee of Asbestos Personal Injury Claimants (the "Committee") was appointed by the United States Trustee to represent the interests of the asbestos personal injury claimants in the Consolidated Cases. In the Application, the Committee seeks approval of costs totaling $8,040.83 for reimbursement of expenses incurred between May 2001 through April 30, 2002, consisting of $2,326.39 in expenses soughgt by Cooney & Conway, $1,435.05 in expenses sought by Kazan, McCalin, Edises, Abrams, Fernandez, Lyons & Farrise, $2,871.82 in expenses sought by McGarvey, Heverling, Sullivan & McGarvey, P.C. and $1,407.57 in expenses sought by Goldberg, PePersky, Jennings & White P.C.

2.   In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with the Local Rule 2016-2 of the Local

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR re PI Comm 5th int 4-6.02.wpd

Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Campbell & Levine, counsel to the Committee, an initial report based on this review, and received a response from Marla Eskin, Esq. of that firm addressing the issues we had raised in that report, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.	We noted that none of the travel-related expenses included sufficient detail so as to discern whether they were reasonable expenses.  Thus we asked the Committee to provide such information as range of dates of travel, reason for travel, name of hotel, class of service for airfare, etc, and we received and reviewed that information.

### Specific Expense Issues

4.	Upon review of this information, we noted several instances in which the hotel rates seemed out of line with what would normally be charged to a bankruptcy estate. Mr. Cooney had charges attributable to the Peninsula Hotel on 12/14/02, 12/21/02, and The Breakers on 1/16/02.  Mr. Kazan had charges attributable to The Peninsula on 04/4-5/02    The room rates for these hotels appear to be excessive.  Although we understand that these charges are allocated between several bankruptcy cases, the Guidelines II.E.1., states ". . .[f]actors relevant to a determination that the expense is proper include the following: 1.  Whether the expense is

reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." We asked the Committee to please explain why less expensive accommodations could not be obtained. In its response the Committee stated that:

> Peninsula Hotel - The committee members stayed at this hotel, as this was the location of the meeting. This hotel was chosen for the meeting, in part, as it could provide accommodations for the meeting. It makes sense for the committee members to stay at the same location as the meeting. To do otherwise might create other expenses, such as a need for taxis. Further, I believe that a review of hotel rates in New York during that season will demonstrate that this hotel rate is in line with reasonable accommodations for that city. The bill for the Peninsula, which was included for Mr. Kazan, demonstrates that the taxes alone for a room in New York were $46.57. The committee members seek the lowest rate for the hotels, and book a regular room, unless there are no other rooms available. Mr. Cooney uses the American Express travel service, which books at the lowest available rate for the room. This lowest rate varies based upon factors determined by the hotel, such as when the room is booked and how many rooms they leave available at a certain rate. Thus, all rooms booked by Mr. Cooney are booked at the lowest rate available.

> Breakers Hotel - Mr. Cooney stayed at the Breakers, as that is the hotel where the committee meeting took place. This meeting occurred in Palm Beach, Florida in January. This nightly room charge of approximately $433.00, which does include a tax, is in line with charges for hotels in Palm Beach during that time of year. Mr. Cooney booked this room using a travel service which guarantees the lowest rate available for the hotel.

We appreciate the Committee's response, but we note that these hotel accommodations are advertised and known as "luxurious accommodations" to travel agencies and the public that uses them. The Trustee's Guidelines clearly prohibit first class and luxury accommodations unless other economical accommodations are not available. We also point out that, although "Mr. Cooney stayed at the Breakers, as that is the hotel where the committee meeting took place", it is our experience that the Committee, guided by counsel, chooses where to meet, and thus could choose to stay at less luxurious accommodations. Therefore, we recommend a reduction of ½ of these hotel expenses.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR re PI Comm 5th int 4-6.02.wpd

## CONCLUSION

5. Thus, we recommend that for the period of May 2001 through April 30, 2002, Cooney & Conway be reimbursed $2,075.29 ($2,326.39 minus $251.10), Kazan, McCalin, Edises, Abrams, Fernandez, Lyons & Farrise be reimbursed $1,371.05 (1,435.05 minus $64.00), McGarvey, Heberling, Sullivan & McGarvey PC  be reimbursed  $2,871.82, and Goldberg, Persky, Jennings & White PC be reimbursed $1,407.57.

Respectfully submitted,

WARREN H. SMITH & ASSOCIATES, P.C.

By:_____
   Warren H. Smith
   State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 4th day of November, 2002.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Official Committee of Asbestos Personal Injury Claimants
Campbell & Levine
Marla Eskin, Esq.
1201 N. Market Street
15th Floor
Wilmington, DE 19899

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801