**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP**
<u>**FOR THE FIFTH INTERIM PERIOD**</u>

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fifth Interim Fee Application of Stroock & Stroock & Lavan, LLP</u> (the "Application").

**BACKGROUND**

1. Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the official committee of unsecured creditors. In the Application, Stroock seeks approval of fees totaling $245,259.00 and costs totaling $6,784.97 for its services from April 1, 2002, through June 30, 2002, as well as $167,629.78 for the fees and expenses of Chambers Associates Incorporated ("Chambers"), an asbestos issues expert.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 5Q 4-6.02.wpd

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Stroock an initial report based on our review, and received a response from Stroock, portions of which response are quoted herein.

### DISCUSSION

#### General Issues

3. We noted in our initial report that the time entries were generally adequately detailed and devoid of lumping, although we requested Stroock please advise timekeeper A. Krieger to avoid lumping her time entries in the future.

4. We noted in our initial report that Stroock is seeking compensation with regard to Chambers Associates Incorporated ("Chambers"), an asbestos issues expert, in the amount of $167,629.78 for fees and expenses, as a "pass through" expense, attributable, on page 8 of the Application, to the "fees and expenses of the asbestos issues expert employed by the Committee pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts . . . .", and referenced again on pages 27 and 28 of the Application. We have reviewed the Order Authorizing the Retention of Experts, entered June 22, 2001, (the "Expert Retention Order") and under our interpretation of this order and the Order Appointing Fee Auditor in Accordance with the Court's Direction (the "Fee Auditor Order"), we have no authority to review the reasonableness of the fees of an expert retained under the Expert Retention Order, since such fees were generated by "professionals providing services pursuant to an order that does not require submission of fee applications". Fee Auditor Order, p. 2. Thus, we believe that while we should verify the amount

billed by the asbestos issues expert, we should offer no opinion regarding the reasonableness of the $167,629.78 billed for Chambers. Thus in our initial report we asked Stroock about these invoices from Chambers.

5.      Stroock's response regarding Chambers, set forth herein as Response Exhibit 1, states that it attaches three invoices from Chambers, for the three months of April, May and June, 2002, and that these invoices total $167,629.78. However, we note that the invoices for the three months of April, May, and June actually total only $157,857.41, and that Stroock actually attached the invoices for the four months of March, April, May, and June 2002, copies of which invoices are attached hereto as Response Exhibit 2. We note that the invoice for March, which is outside the period covered by the Application, is in the amount of $9,772.37, and that this invoice brings the total of these invoices up to $167,629.78.

Time and Expense Entries

6.      We noted in our initial report that on 4/15/02, AK (475.00) and LK (695.00), MS (395.00) and MW (595.00) spent a total of 31.1 hours for a total expense to the bankruptcy estate of $15,980.50, discussing, preparing and attending the same Creditors Committee meeting. In the category of "Committee Matters and Creditor Meetings", we noted that A. Krieger ($475.00) spent 22.5 hours preparing for this meeting. We also noted that L. Kruger spent only 0.2 hours in preparation and M. Sasson and M. Wintner had no discernable time entries for preparation. (See Exhibit A). Pursuant to the U. S. Trustee Guidelines I.E. states: ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of , the case at the time they were rendered". In addition, Rule II.D.5. states:

"If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  We asked Stroock to please explain why it was necessary for four professionals to attend this meeting and what role or area of expertise each brought.  Stroock's response is attached hereto as Response Exhibit 3.  We accept this response and have no objection to these fees.

## CONCLUSION

7.    Thus, we recommend approval of fees totaling $245,259.00 and costs totaling $6,784.97 for Stroock's services from April 1, 2002, through June 30, 2002, as well as $167,629.78 for the fees and expenses of Chambers.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
       Warren H. Smith
       Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com
**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 4th day of October, 2002.

_____
Warren H. Smith

# SERVICE LIST

Notice Parties

**The Applicant**
Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR Stroock 5Q 4-6.02.wpd

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A.

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 04/01/2002 | Telephone call Sean Cunningham, C. Whitney re meeting with the Debtors and agenda items, memo to LK, KP re above and office conference LK re above (.4); follow up office conference Tom Maher and Sean Cunningham re Committee meeting and agenda (.3); . . . telephone calls S. Cunningham re valuation analysis, agenda for Committee meeting with the Company (.4); . . . | Krieger, A. | 2.8 |
| 04/01/2002 | Telephone call with T. Maher regarding agenda and locale of company meeting with committee (.2). | Kruger, L. | 0.2 |
| 04/05/2002 | T/c S.Cunningham re Committee meeting with the Debtors, agenda therefor including Paul Norris presentation on KERP, LTIP programs (.5); . . . office conferences LK re 4/15/02 committee meeting (.2); prepare memorandum to the Committee re April 15 meeting and agenda (.8); memorandum to KP re Debtor presentation at the April 15 Meeting (.2); prepare proposed agenda (.6); . . . memos from and to members of the Committee re Committee meeting (.4). | Krieger, A. | 4. |
| 04/09/2002 | Memorandum to the Committee re 4/15/02 Committee meeting (.2); memorandum from S. Cunningham and T. Maher re proposed agenda for the meeting and the memorandum to Jay Kapp re agenda for Grace presentations (.3); memoranda from and to W. Katchen re Committee meeting (.2); telephone call S. Cunningham re Blackstone discussion regarding Committee meeting (.2); office conferences RS re Committee meeting (.2); memoranda to KP, LK re Chambers Associates (.2); office conference M. Sasson re preparation of insert for Committee memorandum (.1); . . . memorandum from and to members of the Committee re meeting (.2). | Krieger, A. | 2.7 |
| 04/10/2002 | . . . office conference LK re Chambers attendance at Committee meeting (.1); . . . telephone calls Tom Maher re Chambers and Committee meetings (.3); telephone calls C. Whitney Troyer re Debtors' presentations (.4); . . . prepare | Krieger, A. | 2.6 |

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| | memorandum to the Committee re April 15 meeting (.8); . . . | | |
| 04/11/2002 | . . . memo to C. Whitney re Committee meeting information (.1); . . . conference call Tom Maher re Committee meeting, and contact from debt holder re trading order and appointment to the Committee and F. Perch correspondence (.2); forward follow-up memorandum to the Committee re April 15 Meeting and Agenda therefor (.5); . . .telephone conference C. Whitney Troyer re Blackstone financial materials for the meeting (.1); . . . memos from and to Members of the Committee re Committee meeting (.3). | Krieger, A. | 4.5 |
| 04/12/2002 | . . . memos to and from members of the Committee re April 15 meeting (.9); telephone conferences C. Whitney re April 15 meeting (.6); . . . | Krieger, A. | 3.6 |
| 04/14/2002 | To SSL for preparation for 4/15/02 Creditors' Committee meeting. | Krieger, A. | 2.3 |
| 04/15/2002 | Prepared for, and then attendance at Creditors' Committee meeting (5.2); . . . | Krieger, A. | 5.3 |
| 04/15/2002 | Attend Creditors' Committee meeting with Debtor to review business plan, KERP and asbestos issues (4.2). | Kruger, L. | 4.2 |
| 04/15/2002 | Prepare for, attend Creditors Committee meeting, presentation by debtors. | Sasson, M. | 4.5 |
| 04/15/2002 | Attend Creditors' Committee meeting (5.0). | Wintner, M. | 5.0 |

RESPONSE EXHIBIT 1

The Report comments that the Application also seeks, as a "pass through", allowance of the aggregate amount of $167,629.78 representing the fees and expenses of the asbestos issues expert employed by the Creditors' Committee pursuant to the Court's June 22, 2001 Order. The procedures established by the June 22 Order did not require that the Application specifically identify the expert, describe in detail the services rendered by such expert during that period, or that the invoices received by Stroock from Chambers Associates Incorporated ("Chambers"), the Creditors' Committee expert, be annexed to each applicable application. A copy of the three invoices for services rendered by Chambers for the months of April 2002, May 2002 and June 2002, in the amounts of $9,772.37, $43,190.69 and $114,666.72, respectively, are annexed hereto. The Fee Auditor will observe that each of the invoices provides details for the following three separate categories: (i) Professional Fees, (ii) Support Services, and (iii)Expenses, and also provides detail identifying the timekeeper, the time spent and the per hour rate for each such timekeeper's services. It had been Stroock's intention to provide copies of these invoices with the Application, but they were inadvertently omitted. Further, while in response to the Prior Report we previously provided the time-record like detail describing the services rendered for each timekeeper, in addition to the invoices, neither Chambers nor Stroock expected or anticipated that the Fee Auditor would take the detail and make it publicly available. As Chambers regards such information to be privileged, and believed that only Stroock would review it, we have not provided the underlying detail.

RESPONSE EXHIBIT 3

The Report comments that on April 19, 2002 four attorneys, Arlene Krieger, Lewis Kruger, Moshe Sasson and Mark Wintner billed an aggregate of $15,980.50 for 31.1 hours of time in connection with discussing, preparing and attending a Creditors' Committee Meeting. (See Report at page 5). The Report further states that pursuant to the United States Trustee's Guidelines, if more than one professional from a firm attends a hearing or conference, the application must explain the need for multiple attendees.

At the Report observes, on April 15, 2002, the Creditors' Committee held a meeting in New York in which several attorneys from the firm were present; Ms. Krieger, Mr. Kruger, Mr. Wintner and Mr. Sasson. Mr. Kruger attended part of the meeting by telephone. The April 15 Meeting was lengthy, involved a full presentation from the Debtors and advisers on a number of matters including the Debtors' business operations and most recent business plan, on the fraudulent transfer litigation before Judge Wolin and the zonolite attic insulation related issues before Judge Fitzgerald, other asbestos-related and environmental liability issues, and the Debtors' chapter 11 asbestos claims case management strategy. In addition, the Debtors made presentations to the Creditors' Committee on their proposal to revise several of their key employee retention and compensation programs. Following the Debtors' presentation, the Creditors' Committee held internal discussions regarding, among other matters, its position with respect to various pending and upcoming motions, as well as bankruptcy litigation strategy going forward. In fact, Judge Wolin was holding a hearing in the afternoon of April 15, 2002 in Newark, New Jersey that Mr. Kruger traveled to attend, while participating on the Committee meeting by telephone. It is Stroock's position that each of Messrs.

Kruger, Sasson and Wintner, and Ms. Krieger play distinct roles in these proceedings from each other, and bring different and necessary expertise to the Committee. Consequently, Stroock submits these services are not duplicative. As reflected by the time records generally, and as we noted in our response to the Fee Auditor's initial report to Stroock's fourth interim fee application (the "Prior Response"), Mr. Kruger, a senior partner in the bankruptcy department while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long-term plan and chapter 11 strategy and emergence-related issues. Mr. Sasson is an associate in the litigation department, who has been working on the asbestos claim issues, in respect of both personal injury and property damage claims, the fraudulent transfer claim issues and litigation and other related litigation. Mr. Wintner is a partner in the firms ERISA law and employee benefit group. Mr. Wintner's presence and participation was required at this Creditors' Committee meeting in order to hear the Debtors' presentation on their proposal to modify four of the Debtors' employee benefit retention and compensation-related programs, and then assist the Committee in evaluating and then responding to the proposal. Ms. Krieger is a senior associate in the bankruptcy department responsible for the day to day bankruptcy issues, including a review of all motions and pleadings filed in these chapter 11 cases before Judge Fitzgerald, as well as being knowledgeable about the substantive pleadings and decisions filed in, or issued from, the District Court by Judge Wolin, and would be expected to participate in the preparation of any memoranda or pleadings necessitated by the meeting. Given the multitude of asbestos personal injury and property damage claims, the fraudulent transfer and ZAI litigation-related issues, along with the panoply of chapter 11 and reorganization issues, it is imminently understandable why, attorneys from several different disciplines with specific expertise would be required at the April 15 Committee Meeting in order to

properly meet the needs of the Creditors' Committee.

While the Creditors' Committee and its professionals are very cognizant of concerns regarding professional fees incurred in these cases, and makes every effort to avoid duplication of services, it is Stroock's position in summary that there are often times when multiple attendance by lawyers from Stroock are required and justified by the circumstances and matters being addressed, and that the full Creditors' Committee meetings where the Debtors will be making presentations addressing a wide-range number of matters is but one such circumstance. Stroock believes that the attendance of all of the counsel present at the April 15 Meeting was appropriate and that allowance of the compensation sought with respect to such services should be granted in their entirety. Stroock refers the Fee Auditor to the case law in support of Stroock's position that was cited to in Stroock's Prior Response.