**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Chapter 11** |
| W.R. GRACE & CO., et al | § | **Jointly Administered** |
| | § | **Case No. 01-1139 (JJF)** |
| Debtors | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF LEGAL ANALYSIS SYSTEMS, INC.**
**FOR THE FIFTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Application of Legal Analysis Systems, Inc. for the Fifth Interim Period (the "Application").

**BACKGROUND**

1.  Legal Analysis Systems, Inc. ("LAS") was retained as Asbestos-Related Bodily Injury Consultant to the Official Committee of Asbestos Personal Injury Claimants. In the Application, LAS seeks approval of fees totaling $159,537.50 and expenses totaling $6,689.72 for its services from February 1, 2002[1] through June 30, 2002.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective

---

[1] We note that LAS' first interim application covered the time period April 12, 2001 through January 31, 2002. LAS's second interim application covered the time period that falls within the fifth interim period (April through June of 2002). Because we did not receive an interim fee application that included the months of February and March, they have not been previously audited, and, as such, we used monthly invoices to cover the months of February and March and included these months in the current final report. We request that Legal Analysis please refer to the Amended Administrative Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members and to please submit fee applications containing the appropriate time entries in the future.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR re Legal Analysis 5Q 4-6.02.wpd

February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on LAS an initial report based on our review, and received a response from LAS, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. We noted in our amended initial report that all LAS professionals consistently did not provide adequate detail in their time entries. Local Rule 2016-2(d) Information Requirements Relating to Compensation Requests provides "[s]uch motion shall include activity descriptions which shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary". We have previously advised LAS's professionals to provide more information in this regard and we again asked that LAS advise its professionals to comply with this rule in future applications. LAS did not respond to this issue.

4. We noted in our amended initial report that all LAS professionals consistently lump their time entries. Paragraph II.D.5. of the Guidelines states that "[s]ervices should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; however, tasks performed in a project which total a de minimis amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate." We had previously advised LAS regarding this issue and again requested LAS to advise its professionals to avoid lumping their time entries in the future. LAS did not respond in this regard.

Specific Time and Expense Entries

5.       We noted in our amended initial report that in the Application, LAS had submitted an expense entry for "coding" which appeared to be a task that was clerical in nature.

*Coding Asbestos Verdict Data*               $517.49

Paragraph II.E.7. of the Guidelines indicates that nonreimbursable overhead "includes word processing, proofreading, secretarial and other clerical services". We asked LAS to please explain why this expense should not be considered nonreimbursable overhead. LAS responded that:

> The cited entry involved an extensive research project to collect, electronically enter and analyze data on asbestos personal injury trial verdicts. This was not a routine clerical process but rather a step in this research project. Trained and experienced data entry consultants reviewed descriptions of trials in Mealey's Asbestos Report and extracted and summarized information from these reports. This specialized task is neither "word processing, proofreading, secretarial [nor] other clerical services". Rather, it is the first step in a specialized and technical empirical research project that is at the heart of empirical research that Legal Analysis Systems undertook as consultants and experts on matters of asbestos personal injury claims and liabilities.

We accept this explanation and have not objection to this charge.

6.       In the initial report we noted that the total amount of travel expenses pertaining to Peterson is listed as $6,019.91, but that the individual trip subtotals add up to $5,908.14, as set forth in Exhibit A, for a difference of $111.77. Thus we asked LAS to please address this issue, and LAS stated that it agreed with our calculations. Thus we recommend a reduction of $111.77 in expenses.

## CONCLUSION

7.       Thus, we recommend approval of fees totaling $159,537.50 and expenses totaling $6,577.95 ($6,689.72 minus $111.77) for LAS's services for February 1, 2002 through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 5th day of November, 2002.

_____
                      Warren H. Smith

Exhibit A

Date: 05/02/02          Legal Analysis Systems, Inc.
 Time: 7:00am                                                          Page 29

           W. R. Grace (continued)


    Total Expenses    $8,965.18

       FedEx (Peterson)          $34.11
       Travel (Peterson)      $6,019.91
       Fedex (Relles)           $80.00
       Travel (Relles)       $2,792.95
       Copying (Ebener)         $38.21


  Travel (Peterson) Thousand Oaks-Washington DC  May 5-7    $1,781.65

       Airfare  (1/2 coach)     $1,252.25
       Hotel                       257.05
       Meals                        91.10
       Cabs, roundtrip Dulles       50.00
       Car service, roundtrip LAX  131.25


  Travel (Peterson) Thousand Oaks-New York, May 14-15    1,490.29

       Airfare  (1/2 coach)     $1,128.75
       Hotel    (1/2)              134.07
       Meals                        46.22
       Cabs, roundtrip JFK Airport  50.00
       Car service, roundtrip LAX  131.25


  Travel (Peterson) Thousand Oaks-Chicago,  June 3-7    $41.85
        (split with several projects)

       Airfare                $  509.46
       Hotel                      241.62
       Telephone                   86.84
       Airfone                      5.09
       Meals                       36.71
       Cabs, O'Hare roundtrip      12.86
       Car service, LAX roundtrip  37.50



  Travel (Peterson) Thousand Oaks-New York    July 16-   $1,706.12
        (split with other project)

       Airfare                $1,212.33
       Hotel                      344.86
       Meals                       31.01
       Telephone                    0.42
       Cab, from JFK               30.00
       Car service, LAX roundtrip  87.50


  Travel (Relles) Santa Monica-New York, June 19-20    $2,792.95

      LAX-NYC       half the cost of a Los Angeles to NYC

```
                      coach fare--had to change for return    1132.50
NYC taxi              JFK to mid-town hotel                      45.00
NYC hotel             Hotel Elysee NYC                          281.46
NYC hotel             Hotel Elysee NYC restaurant charge
                      (dinner meeting with Nate Finch)           58.19
NYC taxi              One Penn Plaza to JFK                      34.40
NYC-LAX               return coach fare to Los Angeles         1221.50
LAX parking           parking LAX                                19.90
```

## SERVICE LIST
Notice Parties

**The Applicant**
Mark A. Peterson
**Legal Analysis Systems, Inc.**
970 Calle Arroyo
Thousand Oaks, CA 91360

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

**FEE AUDITOR'S FINAL REPORT** - Page 7
wrg FR re Legal Analysis 5Q 4-6.02.wpd

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801