**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF DUANE MORRIS LLP**
**FOR THE FIFTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its

capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth

Interim Quarterly Fee Application of Duane Morris LLP (the "Application").

**BACKGROUND**

1.      Duane Morris LLP ("Duane Morris") was retained as counsel to the official

committee of asbestos property damage claimants.  In the Application, Duane Morris seeks

approval of fees totaling $50,323.00 and costs totaling $4,181.96 for its services from April 1,

2002 through June 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations

contained herein, we reviewed in detail the Application in its entirety, including each of the time

entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, the

Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the

United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

We served on Duane Morris an initial report based on our review and received a response from

Duane Morris, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report we noted that although the Application divided the individual

time entries by codes, it did not identify these codes.  Pursuant to the Guidelines Rule II.D. (1)

"[t]o facilitate effective review of the application, all time and service entries should be arranged

by project categories."  Thus we asked Duane Morris to use and identify the appropriate codes

when preparing future fee applications.

4.      In our initial report we noted that Duane Morris did not provide a summary of fees

by project category.  The Amended Administrative Order Under 11 U.S.C. §§ 105 (a) and 331

Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members (the "Amended Administrative Order") in this

case, requires such a summary in order to provide the court with  "a spreadsheet showing all fees

and expenses paid, by category to each professional and committee member, in each quarterly

period...."  Thus we asked Duane Morris to provide such a summary in the future.

5.      In our initial report we noted that the time entries were generally adequately

detailed and devoid of lumping.  However,  we noted several instances of lumping by timekeeper

WS Katchen.  Paragraph II.D.5. of the Guidelines provides that "[s]ervices should be noted in

detail and not combined or 'lumped' together, with each service showing a separate time entry."

We mentioned WS Katchen's problem with lumping in our previous interim report and while we

do not recommend any reduction with respect to these time entries, we asked Duane Morris to

continue to advise WS Katchen to be more consistent in providing detailed descriptions of

activities in the future.

<u>Specific Expense Entries</u>

6.      In our initial report we noted that throughout the application period, AT Ash and

SA Hollinghead billed a total of 10.00 hours and $1,225.00 for "maintenance of interoffice

pleadings".  A sample time entry is provided below.

5/28/02 014      AT ASH          MAINTENANCE OF INTEROFFICE PLEADINGS 1.30      $162.50

This task appeared to be clerical in nature.  Paragraph II.E.7. of the Guidelines indicates that

nonreimbursable overhead "includes word processing, proofreading, secretarial and other clerical

services".  Thus we asked Duane Morris to explain why these fees should not be considered

nonreimbursable overhead.  Duane Morris responded that it would not contest our

recommendation with regard to this time.  Thus we recommend a reduction of $1,225.00 in fees.

**CONCLUSION**

7.      Thus, we recommend approval of fees totaling $49,098.00 ($50,323.00 minus

$1,225.00) and costs totaling $4,181.96 for Duane Morris' services from April 1, 2002, through

June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____

      Warren H. Smith
      Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of November, 2002.

_____
        Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Michael R. Lastowski, Esq.
DUANE MORRIS LLP
1100 Market Street, Suite 1200
Wilmington, DE 19801-1246

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801


**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801