## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF L. TERSIGNI CONSULTING P.C.
## FOR THE FIFTH INTERIM PERIOD

This is the initial report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth Interim Fee Application of L. Tersigni Consulting P.C. (the "Application").

### BACKGROUND

1.  L. Tersigni Consulting P.C. ("Tersigni") was retained as accountant and financial advisor for the official committee of asbestos personal injury claimants. In the Application, Tersigni seeks approval of fees totaling $117,542.50 and costs totaling $955.19 for its services from April 1, 2002, through June 30, 2002.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Tersigni an initial report based on our review and received a response from Tersigni, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report we noted Tersigni's professionals bill in time increments other than tenths of an hour. This issue was addressed in our previous report. According to Paragraph II.D.5. of the Guidelines, "[t]ime entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour." We again advised these professionals to please bill their time in tenths of hours, in subsequent fee applications.

### Specific Time and Expense Entries

4.      In our initial report we noted that on 05/24/02, M. Berkin, S. Plotzky and L. Tersigni prepared for and attended a meeting for a total of 3.95 hours and $1,547.5. The time entries are provided below.

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 5/24/02 | M. Berkin | 1.30 | $425. | $552.50 | Preparation for discussion with Grace financial adviser related to compensation. |
| 5/24/02 | M. Berkin | .70 | $425. | $297.50 | Discussion with Grace financial advisor related to proposed incentive. |
| 5/24/02 | S. Plotzky | .50 | $320 | $160.00 | Preparation for meeting with Blackstone on exec comp recommendations. |
| 5/24/02 | S. Plotzky | .75 | $320 | $240.00 | Discuss exec comp recommendations. |
| 5/24/02 | L. Tersigni | .70 | $425 | $297.50 | Conference call with Blackstone regarding proposed amendments to executive compensation plans and ACC objections. |

5. We also noted that on 05/15/02 L. Tersigni and M. Berkin attended the same meeting for a total of 1.0 hours and $425.00. The time entries are provided below.

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 05/15/02 | L. Tersigni | 0.50 | $425 | $212.5 | Meeting with ACC counsel to review engagement status. |
| 05/15/02 | M.. Berkin | 0.50 | $425 | $212.50 | Participation in status meeting with counsel to ACC and subsequent summarization. |

According to Paragraph II.D.5. of the Guidelines, "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We realize that there are occasions when each professional brings a distinct area of expertise to a meeting. However, in the instances cited above, the detail provided did not clarify each participants role. Thus we asked Tersigni to please explain the necessity for the professionals' attendance at these meetings. Tersigni responded as follows:

> Discussion: General Issues- point 4
> Preparation and TeleConference Meeting held May 24, 2002
>
> Mr.Berkin and Mrs. Plotzky both have experience and expertise with the structure and provisions of Key Executive Retention Programs/Long Term Incentive Plans, particularly as it relates to entities that have filed for bankruptcy. Mr. Berkin, a Managing Director, was assigned overall responsibilities for this assignment and Mrs. Plotzky, a Director, was assigned specific areas to review and analyze under Mr. Berkin's direction and supervision. The review and analysis responsibilities were allocated in an effort to expedite the L.Tersigni Consulting response and recommendation to the ACC.
> The review and analysis covered many aspects, a) the existing versus new proposed Long Term Incentive Plan elements    b) the existing versus new proposed Key Executive Retention Program elements    c) the existing versus new proposed Severance Plan elements. Together on May 24th Mr. Berkin ( 1.30 hours ) and Mrs. Plotzky ( 0.50 + 0.75 hours) met and consolidated their research to develop the list of questions and key elements of the L.Tersigni Consulting recommendation, counter proposals, that would be discussed during the planned teleconference later in the day and reported to the ACC in a final report on May 28th, 2002. Mr. Tersigni specifically reviewed and analyzed any possible impact of the new proposal to the valuation of Stock Options issued to Senior Executives. Mr. Tersigni and Mr. Berkin

participated in the teleconference ( 0.70 hours each), Mrs. Plotzky did not. Mr. Berkin presented and discussed the list of questions resulting from analysis executed by himself and Mrs. Plotzky. Mr. Tersigni lead the discussion regarding the ACC objections and L.Tersigni Consulting proposed recommendations, counter proposals. The tasks performed by each associate did not duplicate and the time expended was commensurate with the tasks performed.

Discussion: General Issues- point 5
Meeting held May 15, 2002

Mr. Tersigni and Mr. Berkin met with counsel to the Official Committee of Asbestos Claimants to review the overall status of projects performed on behalf of the ACC. It was necessary for Mr. Tersigni and Mr. Berkin to attend this meeting because each has principal responsibility for projects that were in progress at this time. The primary topics discussed during this 0.50 hour meeting were the project status report regarding the review, analysis and recommendations of the proposed amendments to the Executive Compensation Plans which was presented by Mr. Berkin. Mr. Tersigni discussed the status of consulting services provided in connection with the fraudulent transfer litigation. In addition, Mr. Tersigni has the overall responsibility for this engagement and accordingly is responsible for reporting on strategic issues affecting the interests of the ACC and recommendations thereof. Mr. Berkin is responsible for the day-to-day timely performance and review of specific projects being performed for the ACC and reporting on the observations and comments related thereto.

We believe we understand these explanations and thus have no objection to these fees.

## CONCLUSION

6.   Thus, we recommend approval of fees totaling $117,542.50 and costs totaling $955.19 for Tersigni's services from April 1, 2002, through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of November, 2002.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Loreto T. Tersigni
L. Tersigni Consulting P.C.
2001 West Main Street, Suite 220
Stamford, CT 06902

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801