
IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Due By: November 22, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: November 25, 2002, 2002 at 10:00 a.m.** |

**FIFTH QUARTERLY INTERIM APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR APRIL 1, 2002, THROUGH JUNE 30, 2002**

Name of Applicant:   Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J").

Authorized to Provide Professional Services to:  The above-captioned debtors and debtors-in-possession.

Date of Retention:  May 3, 2001

Period for which Compensation and Reimbursement is Sought:  April 1, 2002 through June 30, 2002.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation Sought as Actual, Reasonable and Necessary: $124,876.50

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $76,888.61

This is a: \_\_\_\_ monthly __X__ quarterly __X__ interim \_\_\_\_ final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 4/2/01-4/30/01 | $62,472.75 | $23,277.13 | $62,472.75 | $23,277.13 |
| 08/09/01 | 5/1/01-5/31/01 | $29,929.00 | $15,670.64 | $29,929.00 | $15,670.64 |
| 09/07/01 | 6/1/01-6/30/01 | $30,195.50 | $37,763.45 | $30,195.50 | $37,763.45 |
| 09/11/01 | 7/1/01-7/31/01 | $17,040.50 | $20,323.76 | $17,040.50 | $20,323.76 |
| 10/31/01 | 8/1/01-8/31/01 | $ 9,407.50 | $20,486.61 | $ 9,407.50 | $20,486.61 |
| 11/13/01 | 9/1/01-9/30/01 | $13,158.00 | $10,035.46 | $13,158.00 | $10,035.46 |
| 11/27/01 | 10/1/01-10/31/01 | $13,420.75 | $ 8,922.92 | $13,420.75 | $ 8,922.92 |
| 1/22/02 | 11/1/01-11/30/01 | $39,991.50 | $22,398.11 | $39,991.50 | $22,398.11 |
| 01/30/02 | 12/01/01 – 12/31/01 | $35,017.00 | $13,575.07 | $35,017.00 | $13,575.07 |
| 04/02/02 | 01/01/02 – 01/31/02 | $48,356.50 | $38,671.08 | $48,356.50 | $38,671.08 |
| 05/31/02 | 02/01/02 – 02/28/02 | $46,611.50 | $25,627.01 | $46,611.50 | $25,627.01 |
| 06/03/02 | 03/01/02 – 03/31/02 | $45,055.00 | $29,280.21 | $45,055.00 | $29,280.21 |
| 06/28/02 | 04/01/02 – 04/30/02 | $49,562.00 | $25,475.46 | $49,562.00 | $25,475.46 |
| 07/12/02 | 05/01/02 – 05/31/02 | $42,495.50 | $21,543.54 | $42,495.50 | $21,543.54 |
| 08/13/02 | 06/01/02 – 06/30/02 | $32,819.00 | $29,869.61 | $32,819.00 | $29,869.61 |
| 10/01/02 | 07/01/02 – 07/31/02 | $22,630.00 | $17,187.01 | $22,630.00 | $17,187.01 |
| 10/01/02 | 08/01/02 – 08/31/02 | $34,536.00 | $45,540.43 | Pending | Pending |

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $550.00 | 7.10 | $ 3,905.00 |
| Ira D. Kharasch | Shareholder 1987; Member of CA Bar, 1982 | $480.00 | 5.00 | $ 2,400.00 |
| Alan J. Kornfeld | Shareholder 1996; Member of CA Bar since 1987 | $405.00 | 2.00 | $ 810.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since, 1976 | $390.00 | 15.30 | $ 5,967.00 |
| Harry D. Hochman | Of Counsel 1989; Member of CA Bar since 1987 | $380.00 | .50 | $ 190.00 |
| Hamid R. Rafatjoo | Associate 2000; Member of CA Bar since 1995 | $330.00 | 5.20 | $ 1,716.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $325.00 | 21.60 | $ 7,020.00 |
| Michael R. Seidl | Associate 2000; Member of Delaware Bar since 2000; Washington, D.C. Bar since 1996 | $305.00 | .10 | $ 30.50 |
| David W. Carickhoff | Associate 2000; Member of DE Bar since 1998 | $280.00<br>$140.00 | 233.50<br>11.00 | $65,380.00<br>$ 1,540.00 |
| Gillian N. Brown | Associate 2000; Member of CA Bar since 1999 | $235.00 | 22.10 | $ 5,193.50 |
| Laurie A. Gilbert | Paralegal since 1983 | $125.00 | 2.80 | $ 350.00 |
| Karina K. Yee | Paralegal since 1996 | $125.00 | 2.30 | $ 287.50 |
| Patricia E. Cuniff | Paralegal since 1998 | $120.00 | 175.80 | $21,096.00 |
| Cheryl A. Knotts | Paralegal since 2000 | $120.00 | 11.00 | $ 1,320.00 |
| Helen D. Martin | Case Management Assistant 2000 | $ 60.00 | 6.50 | $ 390.00 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 55.00 | 46.60 | $ 2,563.00 |

---

[2] Some professional time that was spent during the Interim Period may be reflected in future Applications of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors.

| Rita M. Olivere | Case Management Assistant 2001 | $ 55.00 | 2.40 | $ 132.00 |
|---|---|---|---|---|
| Violet E. Mobley | Case Management Assistant 2000 | $ 50.00 | .10 | $ 5.00 |
| Kate A. Crossan | Case Management Assistant 2001 | $ 50.00 | 11.50 | $ 575.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 50.00 | 9.00 | $ 450.00 |
| Christina M. Shaeffer | Case Management Assistant 2001 | $ 40.00 | 61.90 | $ 2,476.00 |
| Jason M. Griffith | Case Management Assistant 2001 | $ 40.00 | 18.00 | $ 720.00 |
| Andrea R. Paul | Case Management Assistant | $ 40.00 | 9.00 | $ 360.00 |

Total Fees:    $124,876.50
Total Hours:        680.30
Blended Rate:  $    183.56

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours (4/01/02 through 6/30/02) | Total Fees Requested (4/01/02 through 6/30/02) |
|---|---:|---:|
| Asset Disposition | 3.30 | $   764.00 |
| Appeals | 4.00 | $   918.00 |
| Bankruptcy Litigation | 136.00 | $34,854.50 |
| Case Administration | 239.80 | $18,263.50 |
| Claims Administration/Objection | 37.70 | $ 8,584.00 |
| Compensation of Professionals | 121.60 | $23,018.50 |
| Employee Benefit/Pension | 5.20 | $ 1,232.00 |
| Executory Contracts | 6.00 | $ 1,328.00 |
| Fee/Employment Application | 43.30 | $12,446.00 |
| Financial Filings | 4.40 | $   964.50 |
| Litigation (non-bankruptcy) | 53.60 | $16,226.50 |
| Operations | 1.20 | $   336.00 |
| Plan & Disclosure Statement | .50 | $    60.00 |
| Retention of Professionals | 15.90 | $ 4,017.00 |
| Stay Litigation | 7.80 | $ 1,864.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) (4/01/02 through 6/30/02) | Total Expenses (4/01/02 through 6/30/02) |
|---|---|---:|
| Air Fare | | $ 1,667.00 |
| Auto Travel Expense | Eagle Limo/Taxi | $ 1,053.65 |
| Conference Call | Genesys | $   195.68 |
| Delivery/Courier Service | Parcels, Inc./TriState | $10,241.43 |
| Express Mail | Federal Express/DHL | $ 2,961.39 |
| Facsimile ($1.00/page) | | $ 4,995.40 |
| Filing Fee | | $    75.00 |
| Guest Parking | | $    10.00 |
| Hotel Expense | | $   249.17 |
| In House Attorney Service | | $   480.00 |
| In House Messenger Service | | $    70.00 |
| Legal Research | Pacer/Westlaw | $   565.18 |
| Overtime | | $ 1,720.24 |
| Postage | U.S. Mail | $ 2,696.30 |
| Reproduction ($.15 per page) | | $49,216.65 |
| Transcript | Doman Transcribers | $   111.00 |
| Travel Expense | Attorney Travel Service | $   254.00 |
| Working Meals | Cavanaughs/Grotto's | $   326.52 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

**FIFTH QUARTERLY INTERIM APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR APRIL 1, 2002, THROUGH JUNE 30, 2002**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski, Stang, Ziehl, Young & Jones P.C. ("PSZY&J") hereby files this Fifth Quarterly Interim Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation and for Reimbursement of Expenses for April 1, 2002, through June 30, 2002 (the "Fifth Quarterly Fee Application"). By this Fifth Quarterly Fee Application PSZY&J seeks the interim allowance of compensation in the amount of $124,876.50 and reimbursement of actual and necessary expenses in the amount of $76,888.61 for a total of $201,765.11, or 100% of all compensation and expense reimbursement requested, for the period April 1, 2002, through June 30, 2002 (the "Interim Period"). In support of this Fifth Quarterly Fee Application, PSZY&J respectfully represents as follows:

## **Background**

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.  By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZY&J as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZY&J at PSZY&J's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.  On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and

final fee applications of the professional. The professional is also to file a quarterly interim fee application.

## Monthly Fee Applications Covered Herein

6. Prior to the filing of this Fifth Quarterly Fee Application, the April through June 2002 monthly fee applications of PSZY&J had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. PSZY&J has also filed the First, Second, Third and Fourth Quarterly Interim Applications of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation and for Reimbursement of Expenses for April 2, 2001 through June 30, 2001, July 1, 2001 through September 30, 2001, October 1, 2001 through December 31, 2001, and January 1, 2002 through March 31, 2002, respectively. The April, May, and June 2002 monthly applications are the subject of this Fifth Quarterly Fee Application.

7. On or about June 28, 2002, PSZY&J filed the Thirteenth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From April 1, 2002 through April 30, 2002 (the "Thirteenth Application," Docket No. 2303), requesting $49,562.00 in fees and $25,475.46 in expenses. The Thirteenth Application is attached hereto as Exhibit A. No objections were received with respect to the Thirteenth Application, and a certificate of no objection was filed on July 19, 2002 (Docket No. 2407).

8. On or about July 12, 2002, PSZY&J filed its Fourteenth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From May 1, 2002

through May 31, 2002 (the "Fourteenth Application," Docket No. 2369), requesting $42,495.50 in fees and $21,543.54 in expenses. The Fourteenth Application is attached hereto as Exhibit B. No objections were received with respect to the Fourteenth Application and a certificate of no objection was filed on August 2, 2002 (Docket No. 2487).

On or about August 13, 2002, PSZY&J filed its Fifteenth Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From June 1, 2002 through June 30, 2002 (the "Fifteenth Application," Docket No. 2530) requesting $32,819.00 in fees and $29,869.61 in expenses. The Fifteenth Application is attached hereto as Exhibit C. No objections were received with respect to the Fifteenth Application and a certificate of no objection was filed on September 5, 2002 (Docket No. 2657).

8. The monthly fee applications covered by this Fifth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZY&J during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

### Requested Relief

9. By this Fifth Quarterly Fee Application, PSZY&J requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZY&J from April 1, 2002,

through June 30, 2002.[2] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

10. At all relevant times, PSZY&J has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

11. All services for which compensation is requested by PSZY&J were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

12. During the Interim Period, PSZY&J has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZY&J and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

13. The professional services and related expenses for which PSZY&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZY&J's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZY&J's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

---

[2] PSZY&J reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

WHEREFORE, PSZY&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of April 1, 2002, through June 30, 2002, an allowance be made to PSZY&J in the sum of $124,876.50 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $76,888.61 for reimbursement of actual and necessary costs and expenses incurred, for a total of $201,765.11, that Debtors be authorized and directed to pay to PSZY&J the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: November 8, 2002

                              PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                              /s/ Laura Davis Jones
                              Laura Davis Jones (Bar No. 2436)
                              Scotta E. McFarland (Bar No. 4184)
                              919 North Market Street, 16th Floor
                              P.O. Box 8705
                              Wilmington, DE 19899-8705 (Courier 19801)
                              Telephone: (302) 652-4100
                              Facsimile: (302) 652-4400

                              Co-counsel for Debtors and Debtors in Possession