## Exhibit A

**Third Amendment**

## THIRD AMENDMENT
## TO
## AGREEMENT FOR SALE OF REAL PROPERTY

THIS THIRD AMENDMENT TO AGREEMENT FOR SALE OF REAL PROPERTY (this "Third Amendment") is made and entered into this ___ day of November, 2002 by and between AXIAL BASIN RANCH COMPANY, a Delaware general partnership ("ABR") and H-G COAL COMPANY, a Delaware general partnership ("H-G"; ABR and HGR being hereinafter collectively referred to as the "Seller"), and PEABODY DEVELOPMENT COMPANY, a Delaware corporation ("Buyer").

### Recitals

This Third Amendment is made with respect to the following facts:

A.       Buyer and Seller are parties to that certain Agreement for Sale of Real Property dated August 2, 1995 (the " Original Agreement"), as amended by First Amendment to Agreement for Sale of Real Property dated September 18, 1995 (the "First Amendment") and Second Amendment to Agreement for Sale of Real Property dated _____, 1995 (the "Second Amendment"; the Original Agreement, as amended by the First Amendment and the Second Amendment being hereinafter referred to as the "Agreement"). All terms used hereinbelow with initial capital letters shall have the meanings ascribed to them in the Agreement.

B.       The Original Agreement provided for Seller to convey to Buyer approximately 14,200 acres of land located in Routt County, Colorado (the "Property"). A portion of the Property, containing approximately 1,280 acres, was referred to therein as the "Mined Land." Pursuant to Paragraph 2 of the First Amendment, Paragraph 9 of the Original Agreement ("Paragraph 9") was amended and restated to provide for Seller not to convey to Buyer the Mined Land at Closing, but to retain title until completion of certain Reclamation Obligations, all as more particularly set forth therein.

C.       As contemplated by the Agreement, Closing on the purchase and sale of the Property (excluding the Mined Land) was consummated on October 2, 1995. At Closing, Buyer paid the Purchase Price for the entire Property, including the Mined Land.

D.       Buyer and Seller now wish to further amend Paragraph 9 to provide for Seller to convey the Mined Land to Buyer prior to Seller's completion of all of the Reclamation Obligations, and for Buyer to assume Seller's outstanding Reclamation Obligations, on the terms and conditions set forth herein.

## Agreement

NOW, THEREFORE, in consideration of the Agreement and the obligations of the parties set forth therein, and in consideration of the promises and agreements of the parties set forth herein, the sufficiency of which is hereby acknowledged by the parties hereto, Buyer and Seller do hereby promise and agree as follows:

1.    Reclamation Obligations.    The fifth sentence of Paragraph 9 (which commences in line 38 of Paragraph 2 of the First Amendment) is hereby deleted and the following is substituted in its place:

For purposes of this Agreement, the "Release Date" shall be the date on which Buyer notifies Seller that it has successfully accomplished the following events: (a) Reclamation Permit #C-80-003, issued by the Colorado Division of Mines & Geology (the "CDMG"), shall have been assigned by Seller to Buyer or its assignee, with the approval of the CDMG, (b) Buyer or its assignee shall have posted its own reclamation bond with CDMG, and (c) Buyer shall have obtained any and all consents and approvals from the CDMG and all other governmental and quasi-governmental bodies with jurisdiction over the Reclamation Obligations that are necessary for the release of the existing bond and the assignment of the Reclamation Obligations.  From and after the Release Date, Buyer shall assume all remaining Reclamation Obligations and hold Seller harmless therefrom.

2.    Deeds.  Each of the deeds for the Mined Land to be delivered by Seller pursuant to Paragraph 9 shall, pursuant to the request of Buyer, name the grantee thereunder as Hayden Gulch Terminal, Inc., a Delaware corporation, which is an affiliate of Buyer.  As set forth in Paragraph 9, the deeds shall be delivered on the fifth (5th) business day after the Release Date.

3.    Bankruptcy Court Approval.  The parties acknowledge that Seller filed a voluntary petition for reorganization relief pursuant to Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 2, 2001 (the "Filing Date"), and has operated its business as a debtor-in-possession (as defined in Section 1101 of the Bankruptcy Code), as authorized by Sections 1107 and 1108 of the Bankruptcy Code since the Filing Date.  This Third Amendment shall not become effective unless approved by the Bankruptcy Court.  Seller shall use its good faith diligent efforts to pursue Bankruptcy Court approval of this Third Amendment and the transaction which is the subject hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Third Amendment as of the day and year first above written.

SELLER:

AXIAL BASIN RANCH COMPANY, a Delaware general partnership

By:    Grace A-B Inc., a Delaware corporation, General Partner

By:    _W Brian McGowan_
W. Brian McGowan, President

By:    Grace A-B II, Inc., a Delaware corporation, General Partner

By:    _W Brian McGowan_
W. Brian McGowan, President

H-G COAL COMPANY, a Delaware general partnership

By:    Coalgrace, Inc., a Delaware corporation, General Partner

By:    _W Brian McGowan_
W. Brian McGowan, President

By:    Coalgrace II, Inc., a Delaware corporation, General Partner

By:    _W Brian McGowan_
W. Brian McGowan, President

BUYER:

PEABODY DEVELOPMENT COMPANY, a Delaware corporation

By:    _J. C. Severn_
J. C. Severn,  Vice President