## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF WALLACE, KING, MARRARO & BRANSON, PLLC
### FOR THE FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its

capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth Interim

Fee Application of Wallace, King Marraro & Branson, PLLC (the "Application").

### BACKGROUND

1.        Wallace, King, Marraro & Branson, PLLC ("Wallace King") was retained as special

litigation and environmental counsel to the Debtor.  In the Application, Wallace King seeks approval

of fees totaling $233,627.60[1] and costs totaling $19,992.42 for its services from April 1, 2002,

through June 30, 2002.

2.        In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time entries

included in the exhibits to the Application for compliance with 11 U.S.C. § 330, Local Rule 2016-2

---

[1]We note that while the time entries total $380,902.00, Wallace King takes a 40%
reduction in its fees relating to the "Honeywell litigation" and the Application reflects this
adjusted amount.  However, for the purpose of this audit, all of the fees and expenses were
reviewed.

of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on Wallace King an initial report

based on our review, and received a response from Wallace King, portions of which response are

quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report, we noted that during this interim period, CHM often did not

include sufficient detail in his time entries.  See Exhibit A.  Rule 2016-2(d) of the Delaware Local

Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine

whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ."  This issue has

been raised in previous reports and we have advised this professional to provide more detailed time

entries in the future.  We would again ask that Wallace King continue to advise its professionals

regarding this matter.  Wallace King responded as follows:

> This case has a trial date of January 7, 2002. The Debtor's adversaries in the ICO
> litigation have used the Bankruptcy Court's docket as a source of discovery. Because
> the fee application and billing invoices are a matter of public record, we have chosen
> to provide general descriptive categories (eg "work on pre trial preparation") as
> opposed to specific detail in describing the tasks billed so that our adversaries do not
> obtain or cannot discern our work product.  Please advise how we should proceed in
> the future to provide acceptable detail while not revealing our litigation strategy.

We appreciate Wallace King's explanation and would not suggest that it compromise its

confidentiality.  We agree that time entries such as "work on pre trial preparation" are adequate given the circumstances.  However, we observed numerous time entries such as "case management" and "conference with client" which could be augmented sufficiently and still maintain the required privacy.

4.        In our initial report, we noted that the Application does not contain a summary by project category.  The <u>Amended Administrative Order Under 11 U.S.C. §§ 105 (a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members</u> (the "Amended Administrative Order") in this case, requires such a summary in order to provide the court with  "a spreadsheet showing all fees and expenses paid, by category to each professional and committee member, in each quarterly period...." Thus we asked Wallace King to please provide such a summary in the future.  Wallace King responded that it would do so.

<u>Specific Time and Expense Entries</u>

5.        In our initial report, we noted that on two separate occasions during the interim period,  multiple professionals attended the same meetings for a total of 17.5 hours and a total expense to the estate of $6,899.00.  See Exhibit A.  According to Local Rule 2016-2(d)(ix), "[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  The matter of multiple professionals, is also addressed in the Guidelines, Paragraph II.D.5.:  "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  We realize that there are occasions when each professional brings a distinct area of expertise to a meeting.  However, in the instances cited, the detail

provided did not clarify each participants role.  Thus we asked Wallace King to review Exhibit A

and explain the need for multiple professionals at the meetings listed.  Wallace King responded

as follows:

> As of this date, two attorneys from this firm have not attended Court hearings or
> conferences.  As to litigation preparation meetings listed in Exhibit A, Mr.
> Marraro is trial counsel and attends all important meetings involving litigation
> strategy or meetings affecting the strategy.  Additionally, Mr. Marraro is
> responsible for certain health experts in the case.  Mr. Hughes has responsibility
> for geo technical expert issues as well as CERCLA and remedy issues.  The 4/23
> meeting with plaintiffs focused on health and geo technical issues.  Mr. Hughes
> only attended those aspects of the meeting relating to his issues.  The 5/2 meeting
> involved all the experts.  Thus, both Mr. Marraro and Mr. Hughes were required
> for the meeting with the experts.

We accept Wallace King's explanation and thus we have no objection to these fees.

6.    In our initial report, we noted that on several time entries, there is a miscalculation

in the addition of the parentheticals for 4.6 additional hours and an additional expense to the

estate of $1,839.00.  See Exhibit B.  Thus we asked Wallace King to review Exhibit B and advise

us as to these calculations.  Wallace King responded as follows:

> Mr. Marraro  has advised and instructed all professionals and all timekeepers to
> ensure that their time is correctly summed.  Wallace will in the future double
> check all entries before the statement are sent.

We thus recommend a reduction of $1,839.00 in fees.

7.    In our initial report, we noted that in the April 2002 invoice there are hotel

charges for three separate occasions.  These entries are provided below.

Hotel in NYC - 2/16/02                          431.35

Hotel in Newark, NJ - 1/25/02                   360.64

Hotel in Newark, NJ for 11/15/01 Trip           434.89

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Wallace 5th int 4-6.02 .wpd

 The Guidelines II.E.1., states ". . .[f]actors relevant to a determination that the expense is proper include the following: 1.  Whether the expense is reasonable and economical.  For example, first class and other luxurious travel mode or accommodations will normally be objectionable."   Thus we asked Wallace King to review the entries and provide the number of nights per stay so that we could assess the reasonableness of these charges.  Wallace King responded as follows.

NYC - 2/16/02 - $431.35 - C. Marraro for 1 Night

Newark- 1/25/02 -$360.64 - C. Marraro for 2 Nights

Newark - 11/15/01 - $434.89 - C. Marraro for 2 Nights

We appreciate Wallace King's response.  While we understand that accommodations in New York City are costly, we believe a night's stay can be arranged for $300.00, and thus recommend a reduction of $131.35 in expenses.

8.      In our initial report, we noted that in the June invoice, $1,447.17 is charged for out of town meals.  The entry is provided below.

Meals in FL with clients and co-counsel 2/28, 3/5, 6 and 15                1447.17

Thus we asked Wallace King to provide a breakdown of the amount spent on each of these occasions as well as the number of people in attendance, so that we could assess the reasonableness of the charges.  Wallace King responded as follows:

These meals included experts, and clients and were attended at restaurants chosen by the client.  The meal on 2/28 was also in lieu of a hotel charge.

3/5/02 - Chris Marraro and 3 other people for a total of 4 - $326.75
3/6/02 - Chris Marraro and 3 other person for a total of 3- $288.65
2/27/02 - Chris Marraro and 3 other people for a total of4- $350.56
2/28/02 - Chris Marraro and 3 other people for a total of 4 - $481.21

We appreciate Wallace King's response.  However, the Guidelines paragraph II.E.1., states ". .

.[f]actors relevant to a determination that the expense is proper include the following: 1.

Whether the expense is reasonable and economical.  For example, first class and other luxurious

travel mode or accommodations will normally be objectionable."  We note that the cost of these

meals ranges from $81.00 to $120.00 per person, per meal.  We believe that $35.00 is a

reasonable charge per person, per meal, and thus we recommend a reduction of $922.17 in

expenses.

## CONCLUSION

9.      Thus, we recommend approval of fees totaling $231,788.60 ($233,627.60 minus

$1,839.00) and costs totaling $18,938.90 ($19,992.42 minus $1,053.52) for Wallace King's

services from April 1, 2002, through June 30, 2002.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

       Warren H. Smith
       Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 15th day of November, 2002.

Warren H. Smith

Exhibit A

On 4/23/02, CHM and WH attended a "meeting with Mr. Agnello re pre-trial preparation in D.C. ."  The time spent was 11.9 for a total of $4,669.00.

| 4/23/02 | CHM | Meeting with plaintiff in D.C. (2.5 hrs.); meeting with Mr. Agnello re pre-trial preparation in D.C. (5.6 hrs.). | 8.10 |
| | WH | Meeting with counsel for Riverkeepers (1.3 hrs.); conferences with Messrs. Agnello and Marraro re answer, cross-claims and other matters in connection with Riverkeepers case (6.3 hrs.); confer with Ms. Pelletier re corporate reorganization issues and research re same (.8 hrs.). | 8.40 |

On 5/2/02, CHM and WH attended the same meeting or meetings in New Jersey.  The time spent was 5.6 hours for a total of $2,230.00.

| 05/2/02 | CHM | Attend meeting in New Jersey (2.5 hrs.); review notes for J.C. meetings (.6 hrs); conference with client (.5 hrs); prepare letter to Lowenstein regarding supplemental interrogatories (.2 hrs.). | 6.00 |
| 05/2/02 | WH | Conferences with Mr. Marraro and ICO attorneys re ICO-NJDEP meeting (.6 hrs.); conferences with non-testifying expert re NJDEP site visit and related sampling issues (.8 hrs.); conferences with remediation expert re trial prep issue (.8 hrs.); conferences with Ms. Banks and non-testifying expert re production of additional site photos (.4 hrs.); draft letter to counsel for Honeywell re discovery issue (.5 hrs.); work on draft fact stipulations (4.5 hrs.). | 7.60 |

## Exhibit B

| | | |
|---|---|---|
| 05/2/02 CHM | Attend meeting in New Jersey (2.5 hrs.); review notes for J.C. meetings (.6 hrs); conference with client (.5 hrs); prepare letter to Lowenstein regarding supplemental interrogatories (.2 hrs.). | 6.00 |

*(The parentheticals add up to 3.8)*

| | | |
|---|---|---|
| 5/3/02  WH | Telephone conferences with non-testifying expert re NJDEP site visit and follow-up issues re same (1.2 hrs.); review surface water sampling results and confer with expert re same (.4 hrs.); conference with groundwater expert re surface water and groundwater contamination issues (.5 hrs.); review FOIA materials re chromium site and confer with Mr. Golliday re same (1.4 hrs.); review portions of Gary Walter's deposition transcript and exhibits thereto re surface and groundwater contamination issues in preparation for telephone conference with expert (2.5 hrs.); work on collecting trial exhibits and other pretrial matters (2.1 hrs.). | 8.40 |

*(The parentheticals add up to 8.1)*

| | | | |
|---|---|---|---|
| 06/13/01 | BB | 6.60 | Continue preparation of excerpts from 1992 depositions of certain witnesses from Allied Signal v. Abeille-Paix Reassurances case for Mr. Hughes' review (.9 hrs.); collect and prepare produced NJDEP/Honeywell email for Mr. Hughes (.2 hrs.); research production documents and CDs to identify author of pertinent letter, download, coordinate and prepare identified sources of information (2.6 hrs.) prepare email memo of research results to Mr. Hughes (.7 hrs.); create new case files of same (.8 hrs.); continue incorporating new correspondence and case documents into indexed case files and electronic files (1.4 hrs.). |

*(The parentheticals add up to 6.60)*

10.    On June 17, 2002, NAB has a time entry listed as 6.70 hours for a total of $670.00. The points only add up to 6.50 for a total of $650.00.  Difference $20.00.

| | | | |
|---|---|---|---|
| 06/17/02 | NAB | 6.70 | Scan case documents into electronic files (.7 hrs.); e-mail same to Ms. Banks (.1 hrs.); continue review and indexing of Honeywells Supplemental production documents (5.7 hrs.). |

*(The parentheticals add up to 6.50)*

06/18/02      WH    6.60      Review results of groundwater sampling and related docs and confer
                              with consultant re same (.8 hrs.); review new documents produced
                              by Honeywell (.9 hrs.); conferences with experts re   site remediation
                              issue (.6 hrs.); prepare letter to Honeywell requesting privilege log
                              (.3 hrs.); review Mr. Marraro's redraft of the motion to amend and
                              confer with him re same and other assignments (.9 hrs.); work on
                              stipulations and trial exhibits (2.1 hrs.).
*(The parentheticals add up to 5.60)*


06/29/02      BB    3.50      Complete and quality check table of invoices (1.4 hrs.); review data
                              on table and identify issues and process for resolutions (.6 hrs.);
                              review, sort and organize new correspondence (.7 hrs.).
*(The parentheticals add up to 2.70)*

**SERVICE LIST**

Notice Parties

**The Applicant**

Christopher H. Marraro, Esq.
Wallace King Marraro & Branson PLLC
1050 Thomas Jefferson St. N.W.
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801