**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et. al.* | : | (Jointly Administered) |
| | : | |
| Debtors | : | **Hearing Date: March 17, 2003 @ 12 noon** |
| | : | **Objections Due: 12/5/02 at 4:00 p.m.** |

**FIRST, SECOND, AND THIRD QUARTERLY FEE APPLICATIONS OF PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX CONSULTANTS FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES</u>**

TO:   THE HONORABLE JUDITH K. FITZGERALD

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its First, Second, and Third Quarterly Fee Applications for Allowance of Compensation and Reimbursement of Expenses (collectively, the "Applications") incurred during the periods January 10, 2002 and March 31, 2002; April 1, 2002 and June 30, 2002; and July 1, 2002 and September 30, 2002 (the "First Period," the "Second Period," and the "Third Period," respectively) (collectively, the "Interim Periods").  PwC respectfully requests the entry of an order, substantially in the form attached as Exhibit "A," granting compensation and reimbursement of expenses in the amounts requested.  In support of these Applications, PwC respectfully represents as follows:

**I.      COMPENSATION REQUESTED**

1.      As set forth below, Applicant is requesting an interim allowance of fees in the aggregate amount of $495,442.11; expenses in the aggregate amount of $11,962.48; and compensation for the time and effort dedicated to the preparation of these Fee Applications in the amount of $5,086.22.  These amounts represent the fees generated and expenses incurred by PwC during the First, Second, and Third Interim Periods, as defined in the Court's *Amended Administrative Order Under 11 U.S.C. §§ 105(a) And 331 Establishing Revised Procedures For Interim Compensation And Reimbursement Of Expenses For Professionals And Official Committee Members* (the "Amended Interim Procedures Order").

2.       As explained more fully below, the Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application").  A copy of the Original Retention Application is attached as Exhibit "B."

3.      The Original Retention Application was contested, and it was not until June 18, 2002 that the Court entered its *Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP As Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to January 10, 2002* (the "Retention Order").  Because of the late date of its retention, PwC has not yet filed any applications for compensation or reimbursement of expenses.

4.      While the Amended Interim Procedures Order requires a professional to file a Monthly Fee Application no later than the 28th day of each month for which compensation is sought, PwC has not filed Monthly Fee Applications because of the late date of its retention.  PwC's attorneys, Morgan, Lewis & Bockius, LLP, spoke to Warren Smith of Warren H. Smith & Associates, P.C., the fee auditor in this bankruptcy proceeding, on November 1, 2002.  Mr. Smith advised Morgan Lewis that, due to the unusual circumstances surrounding PwC's retention, he would not object if PwC did not file the Monthly Fee Applications and instead advised PwC to file one Application covering the three Interim Fee Periods that have passed since PwC's retention.

5.      Accordingly, PwC herein requests compensation and reimbursement of expenses for the First, Second, and Third Interim Periods.  The amounts requested in connection with those three Interim Periods are:

|  | Fees | Expenses |
|---|---|---|
| January 10-March 31, 2002 : | $291,774.94 | $7,575.78 |
| April 1- June 30, 2002 : | $104,915.25 | $1,734.67 |
| July 1- September 30, 2002 : | $98,751.92 | $2,652.03 |

A table showing the names of all professionals and paraprofessionals who rendered services during the Interim Periods, together with the billing rates of such persons and the number of hours charged by such persons during the Interim Periods, is set forth on the cover sheet to these Applications.

## II.     INTRODUCTION AND PROCEDURAL BACKGROUND

6.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their

businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 10, 2002, the Debtors filed the Original Retention Application, seeking to retain PwC as their independent accountants and auditors. The United States Trustee filed its *Amended Objection to the Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors* (the "Objection to the Original Retention Application") on January 31, 2002. A copy of the Objection to the Original Retention Application is attached as Exhibit "C."

8. On April 15, 2002, the Debtors filed the *Amended Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and 328 and the Fed. R. Bank. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to November 11, 2001* (the "Amended Retention Application"). A copy of the Amended Retention Application is attached as Exhibit "D." The United States Trustee filed its *Objection to the Amended Application for Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants Nunc Pro Tunc to November 11, 2001* (the "Objection to the Amended Retention Application") on May 3, 2002. A copy of the Objection to the Amended Retention Application is attached as Exhibit "E."

9. On June 18, 2002, the Court entered the Retention Order. A copy of the Retention Order is attached as Exhibit "F."

Relief Requested.

10. By these Applications, PwC respectfully requests the entry of an Order, substantially in the form attached as Exhibit "A," allowing on an interim basis $291,774.94 in compensation and $7,575.78 in reimbursement of expenses for the First Interim Period; $104,915.25 in compensation and $1,734.67 in reimbursement of expenses for the Second Interim Period; and $98,751.92 in compensation and $2,652.03 in reimbursement of expenses for the Third Interim Period. PwC submits the time records attached hereto as Exhibit "G" in the support of these Applications and the expenses summaries attached hereto as Exhibit "H."

11. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

12. All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

13. Applicant's hourly rates for its auditors and other professionals charged in connection with Applicant's services for the Debtors were commensurate with the rates Applicant customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered.

14. In this case, the hourly rates PwC charged the Debtors for its professionals' services were based on the fixed fees that the audit committee of the board of directors of

W.R. Grace & Co. approved in advance for PwC's 2001 and 2002 audit work. PwC examined the number of hours it actually spent on the 2001 audit work in light of the fixed fee approved in advance by W.R. Grace & Co.'s audit committee, and calculated a billing rate for each of its professionals based on the these factors.

15. For the 2002 audit work, the hourly rates were based upon the approved fixed fee and the estimated hours expected to be incurred. PwC will adjust the estimated hourly rate to the actual hourly rate at the conclusion of the 2002 audit work, and will adjust its final bill if necessary.

16. PwC would have calculated the billing rates for each of its professionals in this fashion whether the audit work were performed for a client in a bankruptcy matter or in a non-bankruptcy matter.

17. By order dated April 17, 2002 (the "Amended Administrative Order"), the Court has adopted procedures (the "Procedures") for all applications for interim compensation and reimbursement of expenses in this bankruptcy proceeding. In accordance with the Procedures, Applicant has submitted a cumulative summary of fees by project category and a cumulative summary of expenses by category. To the extent that the Procedures require Applicant to submit additional information required by the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Applicant has filed concurrently herewith the *Motion of PricewaterhouseCoopers LLP, Auditors and Tax Consultants for Debtors, For Limited Wavier of The Requirements Of Local Rule 2016-2(d)*.

18. Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

19. None of the amounts requested have been paid.  No payments have been made or promised to Applicant for the audit services described herein and for which PwC seeks compensation and reimbursement of expenses in these Fee Applications.  No agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

20. Pursuant to the Amended Administrative Order, PwC served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the United States Trustee.

### III.    SERVICES RENDERED DURING THE INTERIM PERIODS

21. The nature of the work performed by PwC during the Interim Periods included the following.

22. Audit Services.  The Applicant provided the following audit services:

  (i) audited the 2001 financial statements of the Debtors, advised and assisted in the preparation and filing of financial statements and disclosures required to be filed with the Securities and Exchange Commission on Form 10-K;
  (ii) reviewed the 2002 unaudited quarterly financial statements of the Debtors required to be filed with the Securities and Exchange Commission on Forms 10-Q;

  (iii)  commenced the planning and coordination of the audit of the 2002 financial statements of the Debtors.

23. <u>Retention and Fee Matters</u>.  Applicant also seeks compensation and reimbursement of expenses for the preparation of these Applications.

## IV. **ALLOWANCE OF COMPENSATION**

24. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

25. In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.  11 U.S.C. § 330(a)(3)(A).  As described throughout these Applications, PwC has satisfied the relevant criteria to support the requested award of compensation.

26. In general, the "baseline rule is for firms to receive their customary rates." <u>Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.</u>, 50 F.3d 253, 259 (3d Cir. 1995).  The compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

27. Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields. PwC is one of the largest and most well-respected accounting firms in the country, and its rates are commensurate with its level of expertise.

28. The time and effort dedicated to the preparation of a fee application is also an actual and necessary service compensable under the Bankruptcy Code. See, e.g., In re ACT Mfg., Inc., 281 B.R. 468 (Bankr. D. Mass. 2002); Kelsey v. Great Lakes Higher Educ. Corp. (In re Kelsey), 272 B.R. 830 (Bankr. D. Vt. 2002); In re Gillett Holdings, Inc., 137 B.R. 475 (Bankr. D. Colo. 1992); In re Kreidle, 85 B.R. 573 (Bankr. D. Colo. 1988). Applicant, therefore, requests compensation in the amount of $5,086.22 for the time and effort it dedicated to the preparation of these Applications. PwC submits the time records attached hereto as Exhibit "I" in support of this request.

29. No prior application for the relief requested herein as been made.

**WHEREFORE**, PwC respectfully requests interim allowance of compensation in the amount of $495,442.11, reimbursement of expenses in the amount of $11,962.48, and compensation in the amount of $5,086.22 for the time and effort it dedicated to the preparation of the Fee Applications, together with such other and further relief as this Court deems just and proper.

Dated: November 15, 2002

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen Miller (I.D. No.2898)
The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 1980)
Telephone: 302.652.8400
Telecopy: 302.652.8405
E-mail: Kmiller@skfdelaware.com

Attorneys for Applicant
PricewaterhouseCoopers LLP

OF COUNSEL:
John C. Goodchild, III
Christine M. Lipski
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000