**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et. al.* | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | **Hearing Date: January 27, 2003 @12:00 noon** |
| | : | **Objections Due: January 10, 2003 @ 4:00 p.m.** |

**MOTION OF PRICEWATERHOUSECOOPERS LLP, AUDITORS
AND TAX CONSULTANTS FOR DEBTORS, FOR LIMITED WAIVER OF
<u>THE REQUIREMENTS OF LOCAL RULE 2016-2(D)</u>**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for the Debtors in the above-captioned bankruptcy proceeding, hereby moves this Court for an order, substantially in the form attached as Exhibit "A," granting a limited waiver of the information requirements of Rule 2016-2(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rule") in connection with the *First, Second, and Third Quarterly Fee Applications of PricewaterhouseCoopers LLP, Auditors and Tax Consultants For Debtors, For Allowance of Compensation and Reimbursement of Expenses* (the "Fee Applications"), filed contemporaneously herewith, and permitting PwC to support the Fee Applications by reference to existing time records indicating the name of the PwC professional performing work on the Debtors' audit, the rates at which such PwC professionals would be billed to the Debtors for their work on the Debtors' audits, and the number of hours recorded by such PwC professionals for their work on the Debtors' audits.  These time records are attached to the Fee Applications as Exhibit "G."  For all interim fee applications filed by PwC for the period commencing on or after October 1, 2002, PwC will comply with the Local Rule.  In support of this Motion, PwC states:

{KMM3334.DOC}

1.	PwC is filing contemporaneously herewith the Fee Applications. The Local Rule creates information requirements governing motions for compensation and expenses.[1] Because of the unique circumstances surrounding PwC's retention in this case, requiring PwC to support the Fee Applications with time records providing the level of specificity required by the Local Rule would create undue burden.

2.	PwC is the Debtors' independent auditor and accountant. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors submitted an application to retain PwC on January 10, 2002 (the "Original Retention Application"). The Debtors sought in the Original Retention Application to retain PwC on terms different from those on which PwC was

---

[1] Specifically, the Local Rule requires any motion of a professional person employed under 11 U.S.C. § 327 to include activity descriptions sufficiently detailed to allow the Court to determine whether the time spent on given tasks is actual, reasonable, and necessary. The Local Rule enumerates ten categories of information that must be included, namely:

(i)	All activity descriptions shall be divided into general project categories of time.

(ii)	All motions shall include complete and detailed activity descriptions.

(iii)	Each activity description shall include a time allotment.

(iv)	Activities shall be billed in increments of one-tenths of an hour (six minutes).

(v)	Each activity description shall include the type of activity (e.g., phone call, research)

(vi)	Each activity description shall include the subject matter (e.g., exclusivity motion, 341 meeting)

(vii)	Activity descriptions shall not be lumped—each activity shall have a separate description and time allotment.

(viii)	Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates.

(ix)	The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role.

(x)	Activity descriptions shall be presented chronologically, or chronologically within each project category.

ultimately retained.[2]  See Affidavit of W. Larry Farmer, a partner in PwC, attached hereto as "Exhibit B" (the "Farmer Affidavit") at ¶¶ 2-4.

3. PwC, in accordance with accounting industry standards, typically charges a fixed fee for audit work, rather than billing its clients by the hour for the time its accountants and auditors spend working on an engagement.  This convention was followed in PwC's work for the Debtors.  See Farmer Aff. at ¶¶ 6-7.  PwC negotiated a fixed fee up front for its audit work.  PwC required its professionals to submit time and expense reports via the firm's electronic time and expense system software twice per month.  While the time and expense reports submitted through the software are charged to a specific engagement on a daily basis, the aggregation of time and expenses charged to specific engagement codes is only summarized on a semi-monthly basis via the firm's billing system.  See Farmer Aff. at ¶¶ 8-9.  PwC professionals working on an engagement submitted the number of hours they worked on the project, PwC multiplied the number of hours worked by the professional's billing rate, and PwC used this figure to calculate the amount of compensation owed it by the Debtor.  Because of the flat fee arrangement under which it believed it would be working, PwC professionals recorded their time based on the number of hours spent working on the engagement each day and not based on the nature of the task being performed at a specific time.  See Farmer Aff. at ¶ 10.

4. The United States Trustee filed an objection to the Original Retention Application on January 31, 2002 (the "Objection to the Original Retention Application").  See Farmer Aff. at ¶ 11.

---

[2] Specifically, the Debtors initially sought to retain PwC under section 363 of the Bankruptcy Code as auditors in the ordinary course of business.  PwC, however, was ultimately retained under section 327(a) of the Bankruptcy Code.

5. In response to the Objection to the Original Retention Application, the Debtors voluntarily withdrew, without prejudice, the Original Retention Application and submitted on April 15, 2002 an amended application seeking authorization, pursuant to sections 327(a) and 328, to employ and retain PwC nunc pro tunc to November 11, 2001 (the "Amended Retention Application").  See Farmer Aff. at ¶ 12.

6. After another round of objections and responses, during a hearing held on June 18, 2002, the Court entered an order authorizing PwC's employment and retention under sections 327(a) nunc pro tunc to January 10, 2002.  See Farmer Aff. at ¶ 13.

7. PwC, meanwhile, had continued its audit work on behalf of the Debtors while the legal proceedings surrounding its retention continued.  PwC professionals also continued to record their time as they had been all along:  recording the number of hours they spent on the engagement, not breaking out their time by the nature of the tasks performed. See Farmer Aff. at ¶ 14.

8. PwC has begun to record its time in a manner that provides the level of specificity required under the Local Rule.  See Farmer Aff. at ¶ 17.  However, due to the significant time lapse between the commencement of PwC's audit work and its retention, PwC is unable, without significant burden, to provide time records containing the level of specificity required by the Local Rule for the time period of January 10, 2002 through September 30, 2002.  See Farmer Aff. at ¶ 16.  If PwC were required to provide time records containing this level of specificity, each PwC professional who worked on the engagement would have to review his or her time entries from January 10, 2002 through September 30, 2002 and identify the nature and duration of each task performed on each day.

9.  PwC has worked diligently on behalf of the Debtors throughout this bankruptcy, and has done so without compensation for over a year. PwC takes its duties under the Local Rule seriously, and intends to be in a position to provide time records containing the level of specificity required by the Local Rule going forward. Due to the unique circumstances of the case, however, PwC respectfully requests relief from the Local Rule in connection with the Fee Applications, to permit it to support its Applications by reference to existing time records indicating the number of hours spent by its professionals on the Debtors' audit, the rates at which these professional would be billed, and the amount of compensation owed it by the Debtors.

10.  All fee applications filed for the period October 1, 2002 forward will be submitted with time records that comply with the Local Rule. See Farmer Aff. at ¶ 18.

WHEREFORE, PwC respectfully requests that the Court grant a limited waiver of the requirements of the Local Rule in connection with the Fee Applications and to enter an order, substantially in the form attached hereto as Exhibit "A," to that effect.

Dated: November 15, 2002    Respectfully submitted,

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (ID No. 2898)
The Corporate Plaza
800 Delaware Avenue, 7th Fl
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone:  302.652.8400
Telecopy:  302.652.8405
E-mail:  Kmiller@skfdelaware.com

Attorneys for PricewaterhouseCoopers LLP

OF COUNSEL:
John C. Goodchild, III
Christine M. Lipski
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000