UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et. al.* | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | |
| | : | |

**Hearing Date: TBD**
**Objection Deadline: December 5, 2002 at 4:00 p.m.**

SUPPLEMENTAL AFFIDAVIT OF W. LARRY FARMER IN SUPPORT OF
MOTION OF PRICEWATERHOUSECOOPERS LLP, AUDITORS
AND TAX CONSULTANTS FOR DEBTORS, FOR LIMITED
WAIVER OF THE REQUIREMENTS OF LOCAL RULE 2016-2(D)

STATE OF

COUNTY OF

W. LARRY FARMER, being duly sworn, deposes and says:

1. I am a partner in PricewaterhouseCoopers LLP ("PwC"), an accounting and financial services firm that maintains offices at numerous locations around the world, and I make this Affidavit on behalf of PwC (the "Supplemental Affidavit"). I submit this Affidavit in support of the *Motion of PricewaterhouseCoopers LLP, Auditors and Tax Consultants for Debtors, For Limited Waiver of the Requirements of Local Rule 2016-2(D)*, filed contemporaneously herewith. Except as otherwise noted, I have personal knowledge of the matter set forth herein.

2. PwC is the Debtors' auditor and accountant.

3. On April 2, 2001, the Debtors filed their voluntary positions for relief under Chapter 11 of the Bankruptcy Code.

4. By application dated January 10, 2002, the Debtors sought to retain PwC as auditors in the ordinary course of business (the "Original Retention Application").

5. I have knowledge of practices and standards prevalent in the accounting industry.

6. Audit work, by accounting industry practice and standard, is typically performed on a fixed fee basis. Under this arrangement, firms typically charge a fixed fee for audit work, rather than billing its clients by the hour for the time its professionals spend on an engagement.

7. PwC follows this industry practice and standard, and did so in its work for the Debtors.

8. PwC required its professionals to submit time and expense reports via the firm's electronic time and expense software system twice per month.

9. While the time and expense reports submitted through the software are charged to a specific engagement on a daily basis, the aggregation of time and expenses charged to specific engagement codes is only summarized on a semi-monthly basis via the firm's billing system.

10. In recording time spent on their work for the Debtors, PwC professionals were only required to submit the number of hours per day they spent on the Debtors' audit and were not required to break out the hours spent based on the nature and duration of specific tasks performed.

11. On January 31, 2002, the United States Trustee filed an objection to the Original Retention Application.

12. PwC withdrew the Original Retention Application and submitted an amended retention application on April 15, 2002.

13. The court, however, did not approve PwC's retention until June 18, 2002 (the "Retention Order").

14. PwC professionals continued to record their time in the manner herein described throughout the period between the date of the Original Retention Application and the date of the Retention Order.

15. Because of the time keeping practices described herein, PwC is unable, without significant burden and expense, to provide time records detailing the exact nature and duration of every task each of its professionals performed each day between January 10, 2002 and September 30, 2002.

16. Existing time records for the period January 10, 2002 through September 30, 2002 summarize how many hours each PwC professional worked on the Debtors' audits on a semi-monthly basis and at what rate the Debtors would be billed for each of these PwC professionals. These records do not show, however, the exact nature and duration of each specific task each professional performed each day.

17. PwC now requires its professionals to record time based on the nature and duration of each specific task they perform each day.

18. For the period October 1, 2002 going forward, PwC will submit with its fee applications time records detailing the exact nature and duration of every task each of its professionals performed each day.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on Nov. 14, 2002.

*W. Larry Farmer* (signature)
W. Larry Farmer

Subscribed and Sworn to before me
this 14th day of Nov., 2002

*Dawn S. Conner* (signature)
Notary Public
My Commission expires: March 31, 2005

DAWN S. CONNER
Commonwealth of Virginia, Notary Public  DSC
My Commission Expires ~~August~~, 2005
       March 31,