IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtor. | ) | **Objection is due: 11/29/02 @ 4:00 p.m.** |
| | ) | **Hearing date: 12/16/02 @ 10:00 a.m.** |

**MOTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSES AND FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION**

Caterpillar Financial Services Corporation ("Caterpillar"), by and through its undersigned counsel, hereby moves this Honorable Court for an order, compelling W.R. Grace & Co., (the "Debtor") to pay administrative expenses pursuant to 11 U.S.C. § 503(b) and granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) or alternatively providing adequate protection.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1304 and 157.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. On April 2, 2001 (the "Petition Date"), Debtor commenced proceedings pursuant to Chapter 11 of the Bankruptcy Code.

5. Prior to the petition date, Debtor leased twelve (12) pieces of equipment (collectively, the "Equipment") from Caterpillar pursuant to seven separate leases (collectively, the "Leases") for use at its Chattanooga, Tennessee and Aiken, South Carolina locations.

1

JWX/100712-0014/835601/1

Pursuant to the Leases, the Debtor is obligated to pay Caterpillar monthly rent and other charges, such as state taxes and late fees, as set forth below:

| Exhibit[1] | Contract Number | Equipment Description and Serial Numbers | Location | Monthly Rent and Taxes |
|---|---|---|---|---|
| A | 37935-000 | GC15 LP Caterpillar Lift Truck 2EM02731 | Chattanooga, TN | $243.00 |
| B | 98373-000 | Cat 924F Wheel Loader 5NN01158 | Aiken, SC | $1,598.90 |
| C | 116042-000 | 3422 Gene Lift Boom Lift 1527 | Chattanooga, TN | $638.78 |
| D | 123062-000 | DP25-D Caterpillar Lift Truck 5BMO1685 | Chattanooga, TN | $372.00 |
| D | 123062-001 | DP25-D Caterpillar Lift Truck 5BMO1688 | Chattanooga, TN | $355.00 |
| D | 123062-002 | DP25-D Caterpillar Lift Truck 5BMO1686 | Chattanooga, TN | $335.00 |
| D | 123062-003 | DP25-D Caterpillar Lift Truck 5BMO1687 | Chattanooga, TN | $335.00 |
| D | 123062-004 | DP25-D Caterpillar Lift Truck 5BMO1696 | Chattanooga, TN | $351.00 |
| E | 123965-000 | 924F Caterpillar Wheel Loader 5NN01587 | Aiken, SC | $1,598.84 |
| F | 133046-000 | D8R-7XM04639 | Aiken, SC | $4,211.00 |
| G | 150335-000 | DP30-D Caterpillar Lift Truck AT14C35104 | Chattanooga, TN | $421.88 |
| G | 150335-001 | GP25-LP Caterpillar Lift Truck 5AM00098 | Chattanooga, TN | $352.98 |

---

[1] Due to the voluminous nature of the Exhibits to this Motion, only counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the United States Trustee have been served with copies of the Exhibits. All other parties wishing to obtain copies of the Exhibits may do so by contacting the undersigned counsel.

JWX/100712-0014/835601/1

6. On October 18, 2001, Caterpillar filed a motion to compel the Debtor to comply with the terms of the Leases and comply with their obligations under §365(d)(10) of the Bankruptcy Code.

7. Subsequent to the motion, on or about May 10, 2002, Debtor and Caterpillar entered into a stipulation (the "Stipulation") under which the Debtor "shall be deemed to have assumed the Leases pursuant to Section 365 of the Bankruptcy Code as of the date of entry of this Stipulation" and the Debtor "shall be required to perform their obligations pursuant to the terms of the Leases." A copy of the Stipulation is attached hereto as Exhibit H. Pursuant to the Stipulation, the Debtor cured its defaults under the Leases.

8. However, subsequent to the assumption of the Leases pursuant to the Stipulation, the Debtor quickly fell behind in its payments. As of November 14, 2002, Debtor owes Caterpillar in the amount of $51,349.82 for rents due under the Leases. A copy of the invoices showing the amounts due is attached hereto as Exhibit I.

## ARGUMENT

### I. Caterpillar Is Entitled To Administrative Payments For Amounts Due Under the Leases Pursuant to §§ 503(b)

9. §503(b)(1)(A) provides that: "there shall be allowed administrative expenses…the actual, necessary costs and expenses of preserving the estate." The status of an administrative claim is determined by a two-part test: (1) a post-petition transaction and (2) a post-petition benefit on the estate. *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 532 (3rd Cir. 1999). In the context of an executory contract, if the debtor elects to assume the executory contract, it assumes the contract *cum onere* and "the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate" under 11 U.S.C. § 503(b)(1)(A). *NLRB v. Bildisco*, 465 U.S. 513, 531 (1984); *In re Monroeville*

3

*Dodge, Ltd.*, 166 B.R. 264, 267 (W.D. Penn Bankr. 1994) (holding that obligations arising under an executory contract are payable as an administrative priority expense if and when the contract has been properly assumed); *In re Mushroom Transportation Company, Inc.*, 78 B.R. 754, 759 (E.D. Penn. Bankr. 1987) (holding that if a lease is assumed, the estate is liable for the full performance of the lease and any subsequent postpetition breach of the lease creates an administrative expense claim).

10. Caterpillar is entitled to the payment of administrative expense because Debtor has properly assumed the Leases pursuant to the Stipulation. The Stipulation provides that the Debtor "shall be deemed to have assumed the Leases pursuant to Section 365 of the Bankruptcy Code" and "shall be required to perform their obligations pursuant to the terms of the Leases."

11. By assuming the Leases, Debtor is required to provide Caterpillar the full benefit of its bargain. The Leases require Debtor to pay rents for the Equipment according to a payment schedule and Debtor failed to meet its obligations. The failure of Debtor to comply with the assumed Leases gives rise to an administrative expense.

### II. Caterpillar Is Entitled To A Relief From the Automatic Stay To Repossess the Equipment Or Alternatively Entitled To An Adequate Protection Pursuant to 11 U.S.C. § 362(d)(1)

12. § 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the stay "for cause." "Cause" is not defined by the Bankruptcy Code. Consequently, a Bankruptcy Court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In re Rexene Products Company*, 141 B.R. 574, 576 (Bankr. D. Del. 1992), *citing In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

13. Lack of adequate protection constitutes a sufficient "cause" for a relief from the stay. 11 U.S.C. 362(d)(1); *United Savings Association of Texas v. Timber of Inwood Forest*

*Associates, Ltd.*, 484 U.S. 365, 365 (1988). Therefore, Caterpillar is entitled to a relief from the automatic stay because Caterpillar is not adequately protected. Debtor is not able to fulfill its obligations under the Leases. As of November 15, 2002, Debtor owes Caterpillar $51,349.82 for rents due under the Leases. Moreover, the Equipment continues to depreciate under the control of the Debtor and Caterpillar is not compensated for the decrease of value. Because the Debtor has assumed the Leases, Caterpillar should be entitled to the benefits of the remedies under its Leases which, outside of Bankruptcy court, would include self-help, repossession and a Court order requiring Debtor to return the Equipment to Caterpillar. See Leases at ¶12. *In re Robert Heinzeroth*, 40 B.R. 518, 520 (E.D. Penn. 1984).

14.    In addition, Caterpillar should be compensated for its attorney fees expended in bringing this motion to enforce its rights under the Leases. Under paragraph 12 of the Leases, the Debtor is required to reimburse Caterpillar for all costs and expenses, including attorney's fees that it incurs in enforcing the terms of the Leases; *In re Muma Services, Inc.*, 279 B.R. 478, 489 (D. Del. 2002) (holding that equipment lessor was entitled to an administrative expense claim for attorney fees undertaken to enforce lessor's right under leases).

WHEREFORE, Caterpillar respectfully requests that the Court enter an Order (1) compelling Debtor to pay administrative expenses for the rents due under the Leases in full; (2) granting a relief from automatic stay to allow Caterpillar to repossess the Equipment; and (3) attorney fees and any further relief the Court deems appropriate.

JWX/100712-0014/835601/1

Dated: November 15, 2002

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_____
Brett D. Fallon (# 2480)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6888
Facsimile: (302) 571-1750
E-Mail: bfallon@morrisjames.com
Attorneys for Caterpillar Financial
Services Corporation

6

JWX/100712-0014/835601/1