# Exhibit H

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**STIPULATION AND AGREED ORDER RESOLVING THE MOTION
OF CATERPILLAR FINANCIAL SERVICES CORPORATION (RE: D.I. 1015)**

THIS STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Caterpillar Financial Services Corporation ("Caterpillar"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of Caterpillar for an Order to Compel the Debtors to Comply with Section 365(d)(10) of the Bankruptcy Code and for Allowance and Payment of Administrative Expenses, or, in the Alternative, for Adequate Protection; and the Bankruptcy Court being further advised of the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

A. On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B. On October 18, 2001, Caterpillar filed the Motion requesting that the Court compel the Debtors to (i) comply with the terms of those certain seven leases (collectively, the "Leases") for equipment used in the Debtors' operations and (ii) comply with their obligations under section 365(d)(10) of the Bankruptcy Code; and

C. The Debtors and Caterpillar agree that the Leases constitute unexpired leases under Section 365 of the Bankruptcy Code and that the equipment leased to the Debtors pursuant to the Leases is critical to the Debtors' ongoing operations.

D. The Debtors and Caterpillar agree that Debtors shall cure all claims under the Leases by paying all amounts due pre-petition and post-petition under the Leases within ten (10) days of entry of an order approving this Stipulation.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2. The Debtors shall be deemed to have assumed the Leases pursuant to Section 365 of the Bankruptcy Code as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, Caterpillar or the Court. The Debtors and Caterpillar shall be required to perform their obligations pursuant to the terms of the Leases.

3. Pursuant to section 365 of the Bankruptcy Code, the Debtors shall cure all claims under the Leases within ten (10) days of the date of entry of this Stipulation and Order. The Debtor agrees to pay Caterpillar the cure amount of $23,890.60[2] (the "Cure Payment") with respect to the Leases, the contract numbers of which are set forth on Exhibit A to this Stipulation and Order. This amount represents all amounts due and owing the Leases through April 30, 2002. Accordingly, except for those amounts that accrue under the Leases after April 30, 2002, Caterpillar waives its right to make demand for payment of any amount, other than the Cure Payment, arising prior to the date of this Stipulation and Agreed Order related to the Debtors' obligations arising under Leases, and upon payment of the Cure Amount, the Debtors shall be deemed to have fully satisfied all claims for cure which may have been asserted by Caterpillar pursuant to 11 USC § 365 of the Bankruptcy Code.[3]

4. The Debtor shall be obligated to promptly obtain Court approval. This Stipulation shall be effective (the "Effective Date") upon Debtor's payment of the $23,890.60

---

[2] The Cure Payment consists of approximately $3,261.04 in pre-petition amounts due and $20,629.56 in post-petition amounts due.

[3] Caterpillar's waiver of its right to make demand for payment of any amount, other than the Cure Payment, arising prior to the date of this Stipulation and Agreed Order related to the Debtors' obligations arising under Leases is conditioned upon the Court's approval of this Stipulation. In the event Court approval is not obtained prior to March 31, 2003 (the "Bar Date"), Caterpillar shall retain the right to file a proof of claim demanding payment of any amount, including the Cure Payment, arising prior to the date of this Stipulation.

payment provided for herein within ten (10) days after Court approval thereof. In the event the $23,890.60 payment is not made, this stipulation shall be null and void.

5.  The ten day stay of Fed. R. Bankr. P. 4001(a)(3) shall not apply to the instant Stipulation and/or any order approving this Stipulation.

6.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

7.  This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: _____ , 2002

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Judith K. Fitzgerald
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

PACHULSKI, STANG, ZIEHL,
YOUNG & JONES, P.C.

_____
David W. Carickhoff, Jr. (No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899
Telephone: (302) 652-4100
Telecopier: (302) 652-4400
Attorneys for W.R. Grace & Co., et al.

MORRIS, JAMES, HITCHENS &
WILLIAMS LLP

*/s/ Christina M. Maycen*

~~Brett D. Fallon~~ (No. 2480)
Christina M. Maycen (No. 3976)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Telecopier: (302) 571-1750
Attorneys for Caterpillar Financial Services, Inc.