## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JJF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| W.R. GRACE & CO., | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | |
| | ) | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, et al. | ) | |
| and JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **Re: Docket No. 138 (Debtor's Motion)** |

### DEBTORS' REPLY TO THE OBJECTION BY EDYTHE KELLOGG TO THE DEBTORS' MOTION TO DIRECT THE STATE COURT TO HONOR THE PRELIMINARY INJUNCTION (DOCKET NO. 142)

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned counsel, respectfully submit this reply (the "Reply") to the Objection by Edythe Kellogg to the Debtors' Motion to Direct the State Court to Honor the Preliminary Injunction (the "Objection"). The Debtors respectfully represents as follows:

### BACKGROUND

1.  On October 21, 2002, the Debtors filed a motion (the "Motion") requesting this Court direct the State Court[1] to honor the Preliminary Injunction and stay the Kellogg Action as against

---

[1] Any capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

one of the Debtors' employees, Wayne Nussbaum ("Nussbaum"), as an individual as well as against the Debtors. As set forth in the Motion, the Debtors request for enforcement of the Preliminary Injunction is based on the plain language of the Preliminary Injunction. In addition, allowing the Kellogg Action to proceed against Nussbaum individually will have the same ultimate effect as allowing the Kellogg Action to proceed directly against the Debtors.

2. On or about November 7, 2002, Kellogg filed her Objection. The Objection presents two basic arguments: first, that the Preliminary Injunction does not apply to Nussbaum and second, that permitting the Kellogg Action to proceed against Nussbaum individually will not have a significant impact on the Debtors.

## DISCUSSION

3. As was set forth in the Motion, the Preliminary Injunction clearly applies to actions against the Debtors' employees arising out of their employment with the Debtors. (See Preliminary Injunction, page 3, ¶ 10.e. and page 4, ¶ a.). Kellogg does not argue that Nussbaum's actions were taken outside the scope of his employment with the Debtors and thus are not covered by the Preliminary Injunction. Rather, Kellogg argues that the Preliminary Injunction was not intended to cover auto negligence claims (Response at ¶ 9).

4. Kellogg is simply incorrect. The Preliminary Injunction was intended to and specifically enjoins all collateral litigation from proceeding which, if not enjoined, would prejudice the Debtors' estates if the Debtors did not participate and defend. The prosecution of the Kellogg Action against Nussbaum individually is litigation which would prejudice the Debtors' estates and thus is the type of litigation the Preliminary Injunction was intended to enjoin.

5. Kellogg's second argument, that the Kellogg Action would have a "minimal impact on the Debtors" (Response at ¶ 11) and that the secured claim potentially arising out of the Deductible Reimbursement is a "remote and indirect detriment to the Debtors" (Response at ¶ 12), is nothing more than a reiteration of Kellogg's argument for relief from the automatic stay which the Court twice denied.

6. As the Court will recall, the Debtors maintain automobile liability insurance through an insurance contract (the "Policy,") with certain affiliates of American International Group, Inc. (collectively, the "Insurers"). The Policy provides for a deductible in the amount of $250,000.00 per accident (the "Deductible"). The Insurers have provided the Debtors with a Deductible Coverage Endorsement (the "Endorsement") which obligates the Insurers to make initial payment of all sums which the Insurers are obligated to pay up to the Policy limit, subject to the Debtors' obligation to repay the Deductible (the "Deductible Reimbursement") within fifteen (15) days after receipt of an invoice for the Deductible Reimbursement from the Insurers. The Debtors have provided the Insurers with two letters of credit (the "Letters of Credit") as security for the Deductible Reimbursement. If the Debtors do not make the Deductible Reimbursement within the required time, the Insurers may draw on the Letters of Credit. One of the Letters of Credit is issued by Chase Manhattan Bank ("Chase") and is secured by cash collateral. Chase may draw on the cash collateral if the Insurers draw on the Chase letter of credit.

7. The Court denied both of Kellogg's requests for relief from the stay because of the potential that allowing the Kellogg Action to proceed would lead to the creation of a secured claim against the Debtors' estate due to the existence of the Chase Letter of Credit. Allowing the Kellogg Action to proceed against Nussbaum individually may also lead to the creation of that same secured claim. The Insurers are also defending Nussbaum individually in the Kellogg

Action under the Policy. Thus, permitting the Kellogg Action to proceed against Nussbaum individually would circumvent the effect of this Court's orders denying Kellogg's request for relief from stay.

8. The Preliminary Injunction applies to the prosecution of the Kellogg Action against Nussbaum individually. A judgment in the Kellogg Action against Nussbaum would both effectively liquidate Kellogg's claim against the Debtors and could create a secured claim against the Debtors' estates.

## CONCLUSION

For these reasons and the reasons set forth in the Motion, the Motion should be granted and the State Court should be directed to honor the Preliminary Injunction and stay the entire Kellogg Action, including Kellogg's claims against Nussbaum individually.

Dated: November 15, 2002

KIRKLAND & ELLIS
David M. Bernick
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession