## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### AMENDED FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF HAMILTON, RABINOVITZ
### & ALSCHULER, INC. FOR THE FIFTH INTERIM PERIOD

This is the amended final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Hamilton, Rabinovitz & Alschuler, Inc. for the Fifth Interim Period (the "Application")

## BACKGROUND

1.     Hamilton, Rabinovitz & Alschuler, Inc. ("HR&A") was retained as consultants to the official committee of asbestos property damage claimants.  In the Application, HR&A seeks approval of fees totaling $42,535.00 and costs totaling $5,473.05 for its services from April 1, 2002 through June 30, 2002.

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on HR&A an initial report based on our review, and received a response from HR&A portions of which are quoted herein.

## DISCUSSION

### General Issues

3.     We noted in our initial report that within the fee detail of the Application, the individual time entries were not divided by category but chronologically by timekeeper.  Paragraph II.D.1. of the Guidelines states that "[t]o facilitate effective review of the application, all time and service entries should be arranged by project categories.. . .[a] separate project category should be used for administrative matters and, if payment is requested, for fee application preparation."  We asked HR&A to please refer to the Guidelines, as well as the Delaware Local Rules when preparing future fee applications and HR&A responded that it would do so.

4.     We noted in our initial report that timekeepers Rabinovitz, Silvern and Sims often did not include sufficient detail in their time entries.  Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ."  We asked HR&A to please  advise these professionals to provide more detailed time entries in the future and HR&A responded that it would do so.

### Specific Time and Expense Entries

5.     We noted in our initial report that the Application has a summary of expenses but

failed to provide a list of expense details.  Of special concern were the travel expenses.  The Guidelines Rule II. E. provides that "[f]actors relevant to a determination that the expense is proper include the following: . .3. Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), . . .".  Thus, we requested HR&A to please provide detailed expense entries with regard to those expenses for which they wished to be reimbursed.  HR&A responded that:

> HR&A provides all details of its travel and other expenses in the monthly invoices submitted to Bilzin Sumberg Dunn Baena Price & Axelrod LLP, but these details may not have been attached to the invoice excerpts that were included in the Application.  A summary of these expenses by type was included, however, in the Application.  A copy of the expenses section of each HR&A invoice covered by the Application is attached as Exhibit B to this letter.

We reviewed these expense details, but we believe that there are certain invoices for which a reduction is in order, the receipts for which are set forth in Response Exhibit 1.  With regard to the per-room rate charge of $329.00 for 3 rooms at the Mandarin Oriental, Miami, a hotel which boasts its luxury accommodations, we recommend a reduction of $79.00 per night per room, making the rate $250.00 per night, and thus for this hotel charge we recommend a reduction of $237.00 in expenses.

We also recommend a reduction for the purchase of a book and a newspaper, for a reduction of $15.93 in expenses.

Finally, on April 22, 2002, professional Rabinovitz charged the estate for $206.00 for a dinner with Dr. Rabinovitz, Dr. Sims and Paul Silvern, which calculates to $68.66 per person.  As we believe that a reasonable charge per person is $35.00, we recommend a reduction of $101.00 in expenses.

6.      We noted in our initial report that professionals FFR, PJS and RHS prepared for, traveled to, and participated in a Committee meeting in Miami, Florida for a total of 135.20 hours and a total expense to the bankruptcy estate of $22,795.00.  (See Exhibit A).  According to Local Rule 2016-2(d)(ix), "[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  The matter of multiple professionals, is also addressed in the Guidelines, Paragraph II.D.5.:  "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  The fee detail did not provide the reason for multiple professionals at this meeting nor did it explain each professional's role.   Thus, we requested HR&A to please explain the need for multiple professionals at this meeting including, but not limited to, the area of expertise and role of each participant.  HR&A responded that:

> It was necessary for all three HR&A staff to attend the meeting because each professional plays a distinctly different role in the delivery of the services for which HR&A was retained.   Dr. Francine F. Rabinovitz, HR&A's Executive Vice President, is responsible for all of the case-related services provided by HR&A, and provides expertise in scientific methods used to analyze asbestos property damage claims liability.  Paul J. Silvern, an HR&A Partner, has day-to-day responsibility for managing the delivery of HR&A's services in this case, and has special expertise in building design and construction that are central to an understanding of asbestos property damage liability.  Dr. Robert H. Sims is HR&A's chief economist and an expert in the application of statistical methods used to estimate asbestos property damage claims liability.  The subjects discussed at the meeting required the presence of all three HR&A professionals.

Thus, we have no objections to these fees.

7.      We noted in our initial report that during the Application period professional FFR spent a total of 5.0 hours for a total expense to the estate of $1,875.00 on the "notice program".  The entries are provided below.

| 05/10/02 | FFR | 1.00 | 375.00 | Cat. 12. Case Administration and Consulting. Talk w. committe[e] chair about notice program. |
| 05/22/02 | FFR | 2.00 | 750.00 | Cat. 12. Case Administration and Consulting. Review notice program |
| 05/23/02 | FFR | 0.70 | 262.50 | Cat. 12. Case Administration and Consulting. Further work on notice program |
| 05/24/02 | FFR | 2.00 | 750.00 | Cat. 12. Case Administration and Consulting. Continue work on notice program |

Local Rule 2016-2(d) requires that "motion[s] shall include activity descriptions which shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary". We further noted that neither the narrative nor the individual time entries provided enough information for a proper analysis of this project. As such, we asked HR&A to please augment the entries listed and provide additional information with regard to the type of project this was, as well as its benefit to the estate. HR&A responded that:

> The specific time entries questioned by the Fee Auditor concern the responses of Dr. Rabinovitz to questions posed by the Chair of the Property Damage Committee about whether the Debtor's program for providing notice to potential property damage claimants about the substantive requirements and time limits for filing property damage claims for consideration in the bankruptcy proceedings is likely to reach all potential claimants, and the design of a scientifically valid method for testing the adequacy of the program in that regard.

Thus, we have no objection to these fees.

## CONCLUSION

8.    Thus we recommend approval of fees totaling $42,535.00 and costs totaling $5,119.12 ($5,473.05 minus $353.93) for HRA's services from April 1, 2002, through June 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 19TH day of November, 2002.

_____
          Warren H. Smith

# SERVICE LIST

Notice Parties

**The Applicant**

Paul Silvern
Hamilton, Rabinovitz and Alschuler, Inc
6033 West Century Blvd, Suite 890
Los Angeles, CA 90045-6419

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**<u>Official Committee of Equity Holders</u>**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

EXHIBIT A

| 04/12/02 | FFR | 2.30 | 862.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare answers to questions re various subjects of 4/23 meeting. |
|---|---|---|---|---|
| 04/15/02 | FFR | 4.30 | 1612.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Continue preparation for 4/23 meeting of subcommittee. |
| 04/16/02 | FFR | 6.30 | 2362.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Continue preparation for 4/23 meeting of subcommittee. |
| 04/17/02 | FFR | 3.30 | 1237.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Continue preparation for 4/23 meeting. |
| 04/17/02 | PJS | 1.80 | 585.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare for meeting with PD Sub-committee members. |
| 04/18/02 | PJS | 1.00 | 325.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare for meeting with PD Sub-committee members. |
| 04/19/02 | PJS | 2.30 | 747.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare for meeting with PD Sub-committee members. |
| 04/20/02 | PJS | 1.50 | 487.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare for meeting with PD Sub-committee members. |
| 04/21/02 | PJS | 6.00 | 1950.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare for meeting with PD Sub-committee members. |
| 04/22/02 | FFR | 4.00 | 1500.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Working travel to meeting of subcommittee |
| 04/22/02 | PJS | 5.00 | 1625.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Prepare for meeting with PD Sub-committee members. |
| 04/22/02 | RHS | 4.50 | 1237.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Travel to Miami for property damage subcommittee meeting; review ARPC and related PD and BI estimates. |
| 04/23/02 | FFR | 8.00 | 3000.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Participate in Subcommittee Meeting |
| 04/23/02 | PJS | 6.50 | 2112.50 | Cat. 2. Asbestos: Claims Analysis & Valuation. Meeting with PD Sub-committee. |
| 04/23/02 | RHS | 6.00 | 1650.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Meet |

| | | | | |
|---|---|---|---|---|
| | | | | with PD                    Committee |
| 04/24/02 | FFR | 4.00 | 1500.00 | Cat. 2. Asbestos: Claims Analysis & Valuation. Working return travel.  Read materials distributed. |