## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: § | |
| § | Chapter 11 |
| W.R. GRACE & CO., et al § | Jointly Administered |
| § | Case No. 01-1139 (JKF) |
| Debtors § | |

### AMENDED FEE AUDITOR'S FINAL REPORT REGARDING INTERIM APPLICATION OF L TERSIGNI CONSULTING P.C. FOR THE FIRST, SECOND AND THIRD INTERIM PERIODS

This is the amended final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Application of L Tersigni Consulting P.C. for the First, Second and Third Interim Periods (the "Application").

### BACKGROUND

1. L Tersigni Consulting P.C. ("Tersigni") was retained as Accountant and Financial Advisor to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Tersigni seeks approval of fees totaling $99,785.75 and expenses totaling $5,978.36 for its services from April 12, 2001, through December 31, 2001.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application. We reviewed the Application for compliance with the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Tersigni an initial report based on our review and received a response from Tersigni, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that there are minor instances of Tersigni professionals not providing adequate detail in their time entries. We asked Tersigni to advise all professionals to consistently provide adequate information in their time entries in the future.

4. In our initial report, we noted note that there are minor instances of Tersigni professionals lumping their time entries. We asked Tersigni to advise all professionals not to lump their time entries in the future.

5. In our initial report, we noted that fee entry details are provided chronologically by timekeeper instead of chronologically by category. We also note that Tersigni does not utilize categories. We asked Tersigni to provide the fee entry details in a chronological manner by category in the future.

6.   In our initial report, we noted that Tersigni professionals Collins, Wysocki, Kim and Cortes include time entries billed in a manner other than the required tenth-of-an-hour increment. We asked Tersigni to advise these professionals to calculate their time in only in tenth-of-an-hour increments.

Specific Time and Expense Entries

7.   In our initial report, we noted that on three occasions between June 15, 2001, and November 19, 2001, Tersigni billed an aggregate of 35.5 hours for a cost to the bankruptcy estate of $13,927.50 in fees and $1,889.00 in expenses for multiple professionals to prepare for and attend the same meeting.

| Date | Professional | Hours | Amount | Description |
|---|---|---|---|---|
| 06/15/01 | Tersigni | 2.00 | 790.00 | Preparation and meeting with L. Ordentlich and counsel to discuss executive compensation programs. |
| 06/15/01 | Ordentlich | 2.00 | 790.00 | Preparation and meeting with L. Tersigni and counsel to discuss executive compensation programs. |
| 10/30/01 | Berkin | 3.0 | 1,185.00 | Review W. R. Grace 2001-5 Business Plan in preparation for meeting on 11/1/01 to discuss the aforementioned plan. |
| 10/31/01 | Tersigni | 4.5 | 1,777.50 | Review business plan in preparation for meeting with representatives of debtor on November 1st. |
| 11/1/01 | Tersigni | 10.0 | 3,950.00 | Meeting with W.R. Grace management and The Blackstone Group to discuss 2001-5 detailed business plan. |
| 11/1/01 | Berkin | 10.0 | 3,950.00 | Meeting with W.R. Grace management and The Blackstone Group to discuss 2001-5 detailed business plan. |
| Airfare (Tersigni and Berkin) | | | 1,753.50 | |
| Car mileage . . . | | | 28.80 | |
| Taxi | | | 74.00 | |

| | | | | |
|---|---|---|---|---|
| 11/19/01 | Tersigni | 1.50 | 592.50 | Meeting with counsel and ACC representatives to discuss valuation and other financial matters. |
| 11/18/01 | Berkin | 1.00 | 395.00 | Preparation for status meeting with ACC. |
| 11/19/01 | Berkin | 0.50 | 197.50 | Status meeting with ACC. |
| 11/19/01 | Rubsam | 1.00 | 300.00 | Review memo with counsel. |

| | |
|---|---|
| Transportation: Taxi . . . | 13.55 |
| Transportation: Train . . . | 15.00 |
| Parking . . . | 4.15 |

We asked Tersigni to explain why it was necessary for multiple professionals to attend each of these meetings. Tersigni provided the following response:

> Meeting held June 15, 2001
>
> Mr. Ordentlich was specifically responsible for reviewing and analyzing the valuation of Stock Options being issued to Senior Executives of W.R.Grace in accordance with the Black Scholes valuation methodology. Mr. Ordentlich presented his findings at this meeting and addressed associated questions during the discussion with counsel. Mr. Tersigni was responsible and presented findings associated with 'other elements' of the compensation and retention plan. Mr. Tersigni specifically addressed Senior Executive base salary, annual bonus and retention payment issues during the June 15th, 2001 meeting. Each associate presented unique areas of review associated with the planned W.R. Grace Compensation and Retention Plan during this two hour meeting.
>
> Preparation 10/30/01 & 10/31/01 and Meeting held November 1, 2001
>
> Both Mr. Tersigni and Mr. Berkin were requested to attend this meeting by Senior Management of W.R.Grace with the agenda established to cover W.R.Grace Senior Management presentation of 1) current operating results 2) 2001-2005 Business Plan 3) Open Discussion and Question Session. Mr. Tersigni's involvement in this meeting pertained to his expertise in enterprise valuation, debt capacity analysis and NOL valuation. In addition, as President of L.Tersigni Consulting, Mr. Tersigni is responsible for reporting on the overall status of our retention, respective task

scheduling and project deliverables that are in progress in the relation to the objectives of the Official Committee of Asbestos Claimants in the W.R.Grace matter. Mr. Berkin's involvement, as Managing Director, pertained to his expertise in compensation analysis, forensic accounting and due diligence review and analysis. It was necessary for each of the L.Tersigni Consulting associates to be present in order to obtain financial data first hand from Senior Management of the company to establish the foundation for each associates area of responsibility going forward. We believe that this forum saved the estate additional expense because alternatively Mr. Tersigni and Mr. Berkin would have had to meet individually to obtain the same information and access to W.R.Grace Senior Management staff.

Preparation 11/18/01 and Meeting held November 19, 2001

Mr. Tersigni (1.50 total hours) presented the updated status and lead the discussion with counsel and Asbestos Claimant Committee representatives regarding the due diligence report produced by L.Tersigni Consulting, the valuation report being produced by L.Tersigni Consulting as well as other general financial matters relating to W.R.Grace & Co. Mr. Berkin was directly responsible for the analysis and updating of the LTC due diligence report. He was present at this meeting for a period of time (30 minutes) to discuss specific elements and respond to questions uniquely related to the due diligence report. Mr. Rubsam was directly responsible for the detailed analysis and preparation of the LTC valuation report. Mr. Rubsam was present at this meeting for a period of time (1.0 hour only), separate from Mr. Berkin's attendance, to discuss the detailed status of the valuation report, preliminary findings and to address specific questions relating to the valuation report status and methodology. The tasks performed by each associate did not duplicate and the time expended was commensurate with the tasks performed.

We accept these explanations and recommend no reduction in this regard.

8.      In our initial report, we noted that for the August 2001 billing period Tersigni seeks payment of $2,447.04 for expenses which, absent clarification, appear to be office supplies:

Report reproduction, binding, binders, xerox, technology, etc.            $2,447.04

We asked Tersigni to explain why these costs should be borne by the estate.

Tersigni responded that

[t]he Expense incurred and reported in August 2001 is for the reproduction and distribution of the Due Diligence Report prepared by L.Tersigni Consulting. The notebooks (the actual 3 ring binder), indexes and numeric Tab divider sets enclosed in each notebook were purchased specifically for the distribution of the W.R.Grace & Co. Due Diligence Report. Copies of the Due Diligence Report were produced for distribution to members of the 'Official Committee of Asbestos Claimants Players List' involved in this matter and their counsel. These materials were **not** purchased as office supplies; these materials were ordered and utilized specifically for this client.

Expense breakdown:

| | |
|---|---|
| Allied Office Products   - Binders  8/02/01 | $135.60 |
| MLM/Allied Office Products   - Paper  8/13/01 | $201.53 |
| Continental Corp. Engravers/Report Covers – 8/15/01 | $487.82 |
| Allied Office Products – Indexes and Dividers -  8/10/01 | $ 74.06 |
| Report printing and binding charges from Kinko's | $1,183.56 |
| Shipping (via FedX) of the Due Diligence Report Binders to 26 individuals on the Players List (avg. $12.08 per shipment) | $314.08 |
| TOTAL | $2,396.65 |

We accept this explanation regarding the itemized $2,396.65, which leaves $50.39 unaccounted for.

We thus recommend a reduction of $50.39 in expenses.

## CONCLUSION

9.      Thus, we recommend approval of fees totaling $99,785.75 and costs totaling $5,927.97 ($5,978.36 minus $50.39) for Tersigni's services from April 12, 2001, through December 31, 2001.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050
Mark W. Steirer
Texas State Bar No. 19139600

900 Jackson Street
120 Founders Square
Dallas, Texas 75202

214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 20th day of November 2002.

_____
Warren H. Smith

# SERVICE LIST
Notice Parties

**The Applicant**

Loreto T. Tersigni
**L Tersigni Consulting P.C.**
1 Dag Hammarskjold Plaza
New York, NY 10017

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801