UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: § | |
| § | Chapter 11 |
| W.R. GRACE & CO., et al § | Jointly Administered |
| § | Case No. 01-1139 (JJF) |
| Debtors § | |

### AMENDED FEE AUDITOR'S FINAL REPORT REGARDING
### INTERIM APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, LLP
### FOR THE SECOND AND THIRD INTERIM PERIODS

This is the amended final report of Warren H. Smith & Associates ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Application of Nelson Mullins Riley & Scarborough LLP for the Second and Third Interim Periods (the "Application").

### BACKGROUND

1. Nelson Mullins Riley & Scarborough LLP ("Nelson") was retained as Special Litigation and Environmental Counsel to the Debtors. In the Application, Nelson seeks approval of fees totaling $248,655.00 and expenses totaling $4,111.09 for its services from July 19, 2001 through December 31, 2001.[1]

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries

---

[1] We note that by an Order entered July 19, 2001, Nelson's retention changed from that of ordinary course professional to standard hourly. Therefore, this report only considers time and expenses billed by Nelson as of the date of the Order.

**AMENDED FEE AUDITOR'S FINAL REPORT** - Page 1
wrg fr re amended Nelson 2-3int 7-12.01.wpd

included in the exhibits to the Application for compliance with the Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Nelson an initial report based on our review, and received a response from Nelson portions of which are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report we noted that although every multiple task fee entry during the July 19, 2001 through July 31, 2001 billing period was lumped, Nelson began correctly allotting each separate task with its own time increment beginning in the August, 2001 billing period. We also noted that very few instances of lumping occurred after August, 2001.

### Specific Time and Expense Entries

4. In our initial report we noted that on July 19, 2001, Nelson billed 3.0 hours for a cost to the bankruptcy estate of $500.00 for conflict checks which are not a recoverable item.

| | | | | |
|---|---|---|---|---|
| 07/19/01 | Review files for information needed to prepare conflict check requests. | | | |
| | K. BROWN | 2.20 hours | 125.00/hr | $275.00 |
| 07/19/01 | Prepare, edit and e-mail correspondence to administrative assistants, paralegal, and Attorneys Cleary and Hawkins requesting conflict checks on additional expansion plants. | | | |
| | K. BROWN | 1.80 hours | 125.00/hr | $225.00 |

**AMENDED FEE AUDITOR'S FINAL REPORT** - Page 2
wrg fr re amended Nelson 2-3int 7-12.01.wpd

Thus we asked Nelson to please explain why an exception to this rule is justified. Nelson responded as follows:

> Paragraph 4 requests advice regarding an exception to the rule regarding billing details relating to conflict checks. Although no specific rule was cited, due to the passage of time, no clear determination of the circumstances regarding the cited details can be made, and NMRS will credit or refund the Debtor the amount of $500.00.

Thus we recommend a reduction of $500.00 in fees.

5. In our initial report we noted that between August 6, 2001 and October 11, 2001, Nelson billed 13.2 hours for a cost to the bankruptcy estate of $1,590.00 for Extranet development. *See* Exhibit A. It appeared, by the fee entry detail, that this was an overhead expense of the firm and should not be borne by the estate. Thus we asked Nelson to please provide additional information on these fees. Nelson responded as follows.

> Paragraph 5 addresses the work involved modifying Grace's Extranet site. These modifications were particularly attributable to the benefit of the Debtor's cases and were not continuous administrative costs incident to the operation of the office in general. In contrast, the cost of software changes that were requested and made were considered overhead and were not billed to the Debtor.

We believe that this explanation adequately addresses our concern and thus, we have no objection to these fees.

6. In our initial report we noted that on August 24, 2001, Nelson billed 8.2 hours for a cost to the bankruptcy estate of $1,804.00 for time which included traveling to and from a meeting. The time entry is provided below.

| | |
|---|---|
| 08/24/01 | Travel to Greenville, attend meeting with PRP group to discuss the Group's filing a lawsuit against Mr. Groce, Groce Labs, et al. and to discuss Owens Corning approach to bankruptcy and return to Columbia.<br>B.F. HAWKINS    8.20 hrs.    220.00/hr    $1,804.00 |

There is no indication that any non-working travel time was reduced by the required 50%. Thus we asked Nelson to please explain why an exception to this rule is justified. Nelson responded as follows:

> Typically, Mr. Hawkins uses travel time on behalf of clients to prepare for meetings for which he is traveling or performs other work on behalf of the client. Mr. Hawkins believes that this was the case when the traveled to Greenville for the August 24, 2001 meeting. However, in the absence of specific contemporaneous records on this point, NMRS agrees to credit or refund to the Debtor the amount of $330.00 (1.5 hours).

Thus we recommend a reduction of $330.00 in fees.

7.    In our initial report, we noted that between September 18, 2001 and September 20, 2001, Nelson billed 26.9 hours for a cost to the bankruptcy estate of $5,654.00 for two professionals to prepare for and attend the same meeting. *See* Exhibit B. Thus we asked Nelson to please explain why both professionals attended this meeting. Nelson responded as follows:

> The meeting took place on September 20, 2001 with Grace in-house counsel, Grace project management, and members of the consulting firm that had been involved in technical aspects of the Charleston site. Mr. Hawkins has provided advice to the client on this particular site for several years. Ms. Carlisle worked extensively on complex issues specifically related to surface water and ground water at the site. The multiple subjects covered in the meeting required the expertise of both Ms. Carlisle and Mr. Hawkins, therefore both attorneys attended.

We believe this explanation adequately answers our concerns and thus, we have no objection to these fees.

**AMENDED FEE AUDITOR'S FINAL REPORT** - Page 4
wrg fr re amended Nelson 2-3int 7-12.01.wpd

## CONCLUSION

8.  Thus, we recommend approval of fees totaling $247,578.50 (248,655.00 minus $1,076.50) and costs totaling $4,111.09 for its services from July 19, 2001 through December 31, 2001.

        Respectfully submitted,

        **WARREN H. SMITH & ASSOCIATES**

By: _____
        Warren H. Smith
        State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 20th day of November, 2002.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Bernard F. Hawkins, Jr.
Nelson Mullins Riley & Scarborough LLP
P.O. Box 11070
Columbia, South Carolina 29211

David M. Cleary
Newman Jackson Smith, Esq.
Nelson Mullins Riley & Scarborough, LLP
151 Meeting Street, Suite 600
Charleston, SC 29401

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine

Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

## EXHIBIT "A"

| Date | Description | | | |
|---|---|---|---|---|
| 08/06/01 | Telephone conference with Paralegal Thomas regarding status of the scanning and filing of documents from the Memphis office and the modification to the Extranet. | | | |
| | K. BROWN | 0.20 hrs. | 125.00/hr | $25.00 |
| 08/07/01 | Review Director of Information Technology changes to the site home link on the Extranet (1.0); edit same (2.9). | | | |
| | K. BROWN | 3.90 hrs. | 125.00/hr | $487.50 |
| 08/09/01 | Forward correspondence to Attorneys Cleary and Hawkins regarding site home link modifications on the Extranet (0.4); review and discuss with Administrative Assistant the differences with the Docs Open profile sheet document types and the Extranet document types (0.7); discuss with Attorney Cleary the status of the Extranet modifications (0.4). | | | |
| | K. BROWN | 1.50 hrs. | 125.00/hr | $187.50 |
| 08/15/01 | Telephone conference with Paralegal Thomas regarding status of Extranet modifications. | | | |
| | K. BROWN | 0.50 hrs. | 125.00/hr | $62.50 |
| 08/16/01 | Search files for the Consent Decree for Woburn (0.3); telephone conference with Ms. Antar regarding same (0.4); discuss with Attorney Cleary the recent Extranet modifications (2.4); e-mail in multiple parts the Consent Decree (0.4); review, profile and organize files (0.3). | | | |
| | K. BROWN | 3.80 hrs. | 125.00/hr | $475.00 |
| 10/01/01 | Telephone conference with Attorney Cleary regarding Extranet modifications (0.1); telephone conference with Paralegal Thomas regarding modifications to Extranet (06); e-mail Director of Information Technology requesting status on Extranet modifications and additional workstation (.1), review modified Extranet link (.1). | | | |
| | K. BROWN | 0.90 hrs. | 125.00/hr | $112.50 |
| 10/01/01 | Review issues with Paralegal Brown on Extranet modification and navigation through Extranet site. | | | |
| | K. BROWN | 0.60 hrs. | 125.00/hr | $51.00 |
| 10/09/01 | Telephone conference with Paralegal Thomas regarding modifications to Extranet link and site diagram. | | | |
| | K. BROWN | 0.50 hrs. | 125.00/hr | $62.50 |
| 10/09/01 | Telephone conference with Paralegal Brown regarding modifications to the Extranet link and site diagram. | | | |
| | L.K. THOMAS | 0.50 hrs. | 85.00/hr | $42.50 |
| 10/11/01 | Telephone conference with Paralegal Thomas regarding modifications to Extranet link. | | | |
| | K. BROWN | 0.40 hrs. | 125.00/hr | $50.00 |
| 10/11/01 | Telephone conference with Paralegal Brown regarding modifications to the Extranet link and site diagram. | | | |
| | L.K. THOMAS | 0.40 hrs. | 85.00/hr | $34.00 |

EXHIBIT "B"

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 09/18/01 | Hawkins | 1.2 | $264.00 | Begin preparation for RMT meeting on Thursday concerning issues to be addressed in responding to DHEC on proposed feasibility study. |
| 09/19/01 | Hawkins | 2.8 | $616.00 | Prepare for meeting on feasibility study. |
| 09/19/01 | Carlisle | 3.5 | $700.00 | Prepare for meeting tomorrow by reviewing research conducted to date and review CERCLA provisions relating to requirements for ARARs and guidance documents pertinent to ARARs for groundwater and surface water (2.6); review industrial landfill regulation analysis (.3); confer with Attorney Hawkins regarding reclassification of groundwater and problems with DHECs analysis in denying reclassification for Chevron (.3); review notes on application of tap water standards to surface water (.3). |
| 09/20/01 | Hawkins | 9.7 | $2,134.00 | Complete preparations for meeting in Greenville at RMT with Ms. Duff, Mr. Bucens, Ms. Saucier, Attorney Carlisle, and RMT representatives concerning feasibility study alternatives, ARARs and state and local requirements that could impact the cleanup options that are required to be listed for the site in the Feasibility Study (1.2); participate in meeting on above issues and return to Columbia with follow-up discussions with Attorney Carlisle (8.5). |
| 09/20/01 | Carlisle | 9.7 | $1,940.00 | Prepare for and participate in meeting with Ms. Duff, Mr. Bucens, Mr. Obradovic, Attorney Hawkins and RMT representatives (8.5); follow-up discussion with Attorney Hawkins regarding action items (1.2). |