## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                    Chapter 11

**W.R. Grace & Co., et al.**              Case No. 01-01139 (JKF)

       Debtors.               Jointly Administered

### SIXTH QUARTERLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 1, 2002 THROUGH SEPTEMBER 30, 2002

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2002 – September 30, 2002** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$280,471.77** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$28,358.07** |
| Fees and Expenses of the Asbestos Issues Expert | **$17,814.45** |

This is an: ☒ interim ☐ final application

This is the sixth quarterly application filed

**Attachment A**

**Monthly Interim Fee Applications**

| Date Filed | Period Covered | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 | 04/01/02-04/30/02 | $97,251.50 | $1,816.40 (Stroock) $9,772.37 (Chambers) | $77,801.20 | $11,588.86 |

| | | | | | |
|---|---|---|---|---|---|
| July 2, 2002 | 05/01/02 – 05/31/02 | $74,910.75 | $2,9154.43 (Stroock) $43,190.69 (Chambers) | $59,928.60 | $46,105.12 |
| August 5, 2002 | 06/01/02 – 06/30/02 | $73,096.75 | $2,054.05 (Stroock) $114,666.72 (Chambers) | $58,477.4011 | $116,720.77 |
| September 20, 2002 | 07/01/02 – 07/31/02 | $90,903.27 | $1,250.79 (Stroock) $11,996.25 (Chambers) | $72,722.61 | $13,274.04 |
| October 24, 2002 | 08/01/02 – 08/31/02 | $93,151.25 | $11,539.51 (Stroock) $5,046.70 (Chambers) | | |
| November 13, 2002 | 09/01/020- 09/30/02 | $96,613.25 | $15,567.77 (Stroock) $771.50 (Chambers) | | |

## Quarterly Fee Applications

| | | Payment Requested | | Payment Received | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| July 30, 2001 | 4/12/01- 6/30/01 | $369,873.75 | $19,318..00 | November 25, 2002 at 10:00 a.m. | |
| November 1, 2002 | 7/1/01 – 9/31/01 | $204,923.50 | $15,015.57 | November 25, 2002 at 10:00 a.m. | |
| February 8, 2002 | 10/1/01 – 12/31/01 | $329,842.00 | $21,880.90 $9,918.43* | November 25, 2002 at 10:00 a.m. | |
| May 15, 2002 | 01/01/02 – 03/31/02 | $267,170.20 | $6,149.76 $36,352.60* | $266,865.70 | $6,144.85 (Stroock) $22,002.76 (Chambers) |
| August 16, 2002 | 04/01/02 – 06/30/02 | $245,259.00 | $6,784.97 $167,629.78* | November 25, 2002 at 10:00 a.m. | |

---

* This amount relates to the Committee's Asbestos Issues Expert.

| WR GRACE | | | |
|---|---|---|---|
| **ATTACHMENT B** | | | |
| **JULY 1, 2002 - SEPTEMBER 30, 2002** | | | |
| | | | **No. of Years** |
| | **Hours** | **Rate** | **Amount** | **In Position** |
| **Partners** | | | | |
| Greenberg, Mayer | 1.9 | $ 525.00 | $ 997.50 | 4 |
| Kruger, Lewis | 17.2 | $ 695.00 | $ 11,954.00 | 32 |
| Levy, Mark | 1.0 | $ 650.00 | $ 650.00 | 26 |
| Pasquale, Kenneth | 94.4 | $ 495.00 | $ 46,728.00 | 3 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 0.2 | $ 500.00 | $ 100.00 | 18 |
| Brandes, Ronnie H. | 1.7 | $ 245.00 | $ 416.50 | 8 |
| Krieger, Arlene | 266.2 | $ 475.00 | $126,452.02 | 2 |
| Sasson, Moshe | 124.5 | $ 395.00 | $ 49,177.50 | 8 |
| Taruschio Anna | 37.5 | $ 285.00 | $ 10,687.50 | 2 |
| | | | | |
| **Paraprofessionals** | | | | |
| Bertuglia Lyons, Jessica | 6.2 | $ 155.00 | $ 961.00 | 4 |
| Defreitas, Vaughn | 36.1 | $ 100.00 | $ 3,610.00 | 14 |
| Giaquinto, Christine | 3.9 | $ 155.00 | $ 604.50 | 1 |
| Holzberg, Ethel | 9.1 | $ 170.00 | $ 1,547.00 | 30 |
| Horn, Meredith | 13.5 | $ 155.00 | $ 2,092.50 | 2 |
| Mariano, Christine | 60.5 | $ 155.00 | $ 9,377.50 | 6 |
| Marseille, Stephen B. | 4.3 | $ 160.00 | $ 688.00 | 1 |
| Mohamed, David | 5.0 | $ 100.00 | $ 500.00 | 13 |
| Peters, Angelina | 1.3 | $ 70.00 | $ 91.00 | 2 |
| Schoenfeld, Benjamin | 58.0 | $ 155.00 | $ 8,990.00 | 1 |
| Serrette, Rosemarie | 46.6 | $ 170.00 | $ 7,922.00 | 14 |
| **Subtotal** | | 789.1 | | $ 283,546.52 |
| | | | | |
| **Less 50% Travel** | | -6.3 | | $ (3,073.75) |
| | | | | |
| **Total** | | 782.8 | | $ 280,471.77 |

| | WR GRACE | | |
|---|---|---|---|
| | **COMPENSATION BY PROJECT CATEGORY** | | |
| | **JULY 1, 2002 - SEPTEMBER 30, 2002** | | |
| **MATTER CODE** | **PROJECT CATEGORY** | **HOURS** | **TOTAL FEES ($)** |
| 0001 | Asset Analysis and Recovery | 3.5 | $1,669.52 |
| 0005 | Claim Analysis Objection, Resolution & Estimation (Asbestos) | 105.4 | $46,034.00 |
| 0003 | Business Operations | 3.1 | $1,477.50 |
| 0004 | Case Administration | 129.1 | $37,785.50 |
| 0006 | Claims Analysis/Objections/Resolution (Non-Asbestos) | 0.9 | $427.50 |
| 0007 | Creditors' Committee Matters and Meetings | 39.8 | $18,811.00 |
| 0011 | Fee Applications of Applicant | 43.4 | $12,170.50 |
| 0012 | Fee Applications of Others | 9.9 | $3,665.50 |
| 0008 | Employee Benefits Pension | 14.8 | $7,074.00 |
| 0015 | Litigation and Litigation Consulting (Non-Asbestos) | 382.2 | $125,439.50 |
| 0020 | Travel – Non-Working | 12.5 | $6,147.50 |
| 0014 | Hearings | 39.9 | $20,474.50 |
| 0017 | Relief from Stay Proceedings | 2.0 | $950.00 |
| 0018 | Tax Issues | 2.6 | $1,420.00 |
| | **Subtotal** | **789.1** | **$  283,546.52** |
| | **Less 50% Travel** | **-6.3** | **$(3,073.75)** |
| | **Total** | **782.8** | **$280,471.77** |

| WR GRACE | | |
|---|---|---|
| **DISBURSEMENT SUMMARY** | | |
| **JULY 1, 2002 - SEPTEMBER 30, 2002** | | |
| | | |
| Outside Messenger Service | $ | 200.27 |
| Meals | $ | 93.48 |
| Local Transportation | $ | 506.75 |
| Long Distance Telephone | $ | 797.18 |
| Duplicating Costs-in House | $ | 1,163.30 |
| Duplicating Costs-Outside | $ | 12,661.98 |
| Court Reporting Services | $ | 8,890.55 |
| Postage | $ | 15.84 |
| Process Service & Calendar Watch | $ | 901.39 |
| In House Messenger Service | $ | 10.75 |
| O/S Information Services | $ | 14.08 |
| Facsimile Charges | $ | 30.25 |
| Facsimile Charges | $ | 164.00 |
| Travel Expenses - Transportation | $ | 599.95 |
| Travel Expenses - Meals | $ | 6.00 |
| Westlaw | $ | 1,852.30 |
| Word Processing - Logit | $ | 450.00 |
| | | |
| **Total** | | **$28,358.07** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W. R. GRACE & CO., et al.[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## SIXTH QUARTERLY FEE APPLICATION BY STROOCK & STROOCK & LAVAN LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W. R. GRACE & CO., et al., FOR INTERIM COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JULY 1, 2002 THROUGH SEPTEMBER 30, 2002

Stroock & Stroock & Lavan LLP ("Stroock" or "Applicant"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co. ("Grace") and its

sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

"Debtors") in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for interim allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

## INTRODUCTION

1.      By this application, Stroock seeks (i) an interim allowance of compensation for the professional services rendered by Stroock as counsel for the Committee for the period from July 1, 2002 through September 30, 2002 (the "Compensation Period") in the aggregate amount of $280,667.77[2] representing 538.3 hours of professional services and 246.0 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Stroock during the Compensation Period in connection with the rendition of such professional services and paraprofessional services in the aggregate amount of $28,358.07 as well as the fees and expenses of the asbestos issues expert employed by the Committee pursuant to the Court's June 22, 2001 Order Authorizing the Retention of Experts (the "Asbestos Issues Expert") for the period from July 1, 2002 through and including September 30, 2002 in the aggregate amount of $17,814.45.

2.      Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a) and 2016.

---

2       Stroock has volunteered to reduce its fees for the period covered by this Sixth Quarterly Fee Application by $195.00, which represents fees incurred by paraprofessionals whose time expended for the Fee Period totals 1.0 hours or less.

8

## BACKGROUND

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed voluntary

petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the

management and operation of their businesses and property pursuant to §§ 1107 and 1108 of the

Bankruptcy Code.  Pursuant to an order of the Court, the Debtors' Chapter 11 cases have been

procedurally consolidated and are being jointly administered.

4.      The Debtors operate a world-wide specialty chemicals and materials business and

employ approximately 3860 full and part-time employees.  On a consolidated basis, for the fiscal

year 2000, Grace reported a net loss of $89.7 million[3] from $1.59 billion in net revenues.  The

Debtors' bankruptcy filings report that in fiscal year 2000, on a consolidated basis, Grace's sales

are generated approximately 50% by the Debtors and 50% by the Debtors' non-debtor

subsidiaries and affiliates.

5.      On April 12, 2001, the United States Trustee formed the Committee.  During the

first meeting of the Committee on April 12, 2001, the Committee duly selected Stroock as its

counsel to represent the Committee in all matters during the pendency of the Debtors' Chapter

11 cases.  The Committee thereafter approved the retention of Duane, Morris & Heckscher LLP

("DM&H") as its local Delaware counsel.

6.      The United States Trustee also appointed two separate official committees to

represent the interests of claimants asserting asbestos-related personal injury claims and

asbestos-related property damage claims against the Debtors (collectively, the "Asbestos Claim

---

[3]      The Debtors' pleadings further report that this net loss results in part from a $294.0 million asbestos-related charge to earnings recorded in the fourth quarter of 2000.

Committees"). On June 18, 2001, the United States Trustee appointed an official committee to represent the interests of equity security holders of the Debtors.

      7.     By application dated May 1, 2001, Stroock sought Court approval for its retention as counsel to the Committee nunc pro tunc to April 12, 2001. The Court signed an order approving Stroock's retention as counsel to the Committee on May 30, 2001.

      8.     This is the sixth quarterly interim application Stroock has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, approved by the Court on May 3, 2001 as amended by order dated April 19, 2002 (collectively, the "Administrative Fee Order").

      9.     In accordance with the procedures established by the Administrative Fee Order, Stroock has received payment as of the date hereof from the Debtors in the aggregate amount of $73,973.41 representing 80% of the fees and 100% of the expenses sought in the first of the monthly fee applications encompassing the Compensation Period. Stroock also received payment from the Debtors in the amount of $11,996.25 representing the fees and expenses of the Asbestos Issues Expert for the month of July 2002. Other than those payments, applicant has received no payment and no promises for payment from any source for services rendered in connection with these cases for the months encompassing this Compensation Period. There is no agreement or understanding between the Applicant and any other person (other than members of Stroock) for the sharing of compensation to be received for the services rendered in these cases.

10

10.     As stated in the Affidavit of Kenneth Pasquale, Esq. annexed hereto as Exhibit "A," all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

## SUMMARY OF SERVICES RENDERED

11.     Since being retained by the Committee, Stroock has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. The variety and complexity of these cases and the need to act or respond on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by personnel from several legal disciplines, on an as-needed basis, including in certain instances, working into the evening and on weekends.

12.     Stroock maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services to the Committee. Such time records were made contemporaneously with the rendition of services by the person rendering such services and in the ordinary course of Stroock's practice, and are presented in compliance with Delaware Local Rule 2016-2(d) amended effective as of February 1, 2001. A compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is annexed hereto as Exhibit "B". In addition, Exhibit "C" hereto contains a summary of the hours expended by each of the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

11

13.     Stroock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A schedule of the categories of expenses and amounts for which payment is requested is annexed hereto as Exhibit "D". Also included within Exhibit "D" is an itemization of each expense incurred within each category.

14.     Stroock respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

15.     The following summary of the services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit "B". Rather, it is merely an attempt to highlight certain of these areas in which services were rendered to the Committee, as well as to identify some of the problems and issues to which Stroock was required to direct its attention.

### Claim Analysis, Objection & Resolution (Asbestos) – Category 0005

16.     During the prior quarterly compensation period (the "Prior Compensation Period"), Judge Wolin had directed the Debtors and the Official Committees to submit briefs on the case management process to be used by the Court with respect to asbestos personal injury claims. Stroock reviewed the briefs filed by the Debtors and the Asbestos Claims Committees, consulted with Chambers Associates, and prepared a brief on behalf of the Committee setting forth its position on this issue and responding to the proposals filed by other parties. Stroock

12

also reviewed the briefs filed by the equityholders' committee and by the unofficial committee of select asbestos claimants.

17.     As previously reported, a primary topic of the several extended hearings before Judge Fitzgerald during the Prior Compensation Period was the issue of how the Zonolite Attic Insulation (the "ZAI") claims could and should be determined by the Court. In the course of these hearings, Judge Fitzgerald concluded that there should be a limited trial to determine whether there is scientific evidence that ZAI poses an unreasonable risk of harm before other issues are considered, including issues in respect of class certification, and bar date processes and notices. In connection with the conduct of the science trial, the parties discussed, among other issues, how to get the ZAI claims before the Court, the choice of counsel to represent the ZAI claimants, the budget for the science trial litigation, and the scope of the litigation.

18.     In order to continue to properly advise the Committee of these issues, Stroock reviewed each of the pleadings filed or still pending during the Compensation Period in connection with the ZAI claims-related matters including, but not limited to, (i) the asbestos property damage committee's (the "PD Committee") motion to retain special counsel to represent the ZAI claimants (the "ZAI Counsel Retention Motion"), and the revised special counsel designation and litigation budget subsequently proposed thereby, (ii) Debtors' statements of their proposed budget and in response to the PD Committee's revised proposed budget and retention of counsel, and (iii) the Debtors' and the ZAI claimants', respective, proposed forms of orders establishing litigation schedules and procedures for the ZAI science trial.

13

19.     During the Prior Compensation Period, the Committee authorized Stroock to file an objection to the ZAI Counsel Retention Motion, which sought to retain five separate law firms to represent the ZAI claimants in the litigation. During the beginning of this Compensation Period, Stroock completed preparation of an objection on behalf of the Committee to the PD Committee's motion. Also during the Compensation Period, Stroock reviewed the objections filed by the Debtors and other parties-in-interest to the ZAI claimants' Counsel Retention Motion and to the ZAI revised special counsel designation and litigation budget.

20.     In addition during this Compensation Period, Stroock reviewed the ZAI claimants' motion for leave to appeal Judge Fitzgerald's June 18, 2002 order denying the ZAI claimants'motion to strike the proofs of claim filed by the Debtors and related relief, and the subsequent order issued by Judge Wolin dated August 30, 2002 granting the motion for leave to appeal and affirming Judge Fitzgerald's June 18 Order.

21.     Also during this Compensation Period, Stroock reviewed the decision rendered by the Court in another pending chapter 11 case denying the PD Committee's action seeking class certification, as well as pleadings filed in that case seeking a declaration from the Court that unimpaired asbestos claims have no present right to payment and no right to vote on a reorganization plan. Stroock has expended 105.4 hours in this category for a fee of $46,034.00.

### Asset Analysis and Recovery – Category 0001

22.     During the Compensation Period, Stroock reviewed and discussed with FTI P&M, the analysis prepared by FTI P&M discussing the proposed acquisition of certain technology by a joint venture consisting of Grace and an unrelated third party. Stroock also reviewed and discussed with Debtors' counsel underlying documentation and the proposed form of order in

14

respect of the Debtors' pending motion for authorization to assume and assign a prime lease and several subleases and then requested modifications be made to the proposed form of order. Stroock has expended 3.5 hours in this category for a fee of $1,669.52.

### Business Operations – Category 0003

23.     During the Compensation Period, Stroock reviewed the analysis prepared by FTI P&M with respect to Grace's second quarter 2002 operating results and discussed the same with representatives of FTI P&M. In addition, Stroock reviewed and discussed with FTI P&M the analysis it prepared relating to the Debtors' divestiture of a non-Debtor entity. Stroock has expended 3.1 hours on this category for a fee of $1,477.50.

### Case Administration – Category 0004

24.     As reported in prior monthly fee applications, towards the end of the November 2001 compensation period, Stroock was informed that these chapter 11 cases were being reassigned to District Court Judge Alfred Wolin. A number of orders were issued during the month of December 2001 relating to the reassignment of these cases to Judge Wolin and the reference of these cases to Judge Judith Fitzgerald.

25.     During this Compensation Period, Stroock continued to closely monitor the items on the Court's general chapter 11 docket for these cases, as well as those dockets relating to each of the adversary proceedings pending in these chapter 11 cases, to ensure that the Committee was fully informed about all pending motions and adversary proceedings and that Stroock would be ready to timely respond on behalf of the Committee, as might be applicable. Stroock continued to engage Debtors' counsel and FTI P&M on an on-going basis with respect to pending matters and information requests, reviewed the scheduling, and case management, and other orders

15

issued by Judge Wolin and Judge Fitzgerald, the agenda letters prepared for Judge Wolin and

Judge Fitzgerald during this Compensation Period, prepared and filed certificates of no

objection, notices and other pleadings, as necessary, with the Court, and responded to numerous

inquiries from unsecured creditors with respect to the status of these cases generally and the

various decisions issued which impact on, among other matters, the fraudulent transfer litigation.

In addition, during this Compensation Period, Stroock responded to the initial report prepared by

Warren H. Smith & Associates, the Fee Auditor appointed in these cases, to Stroock's Fourth

Quarterly Fee Application, and engaged the Fee Auditor in discussions over establishing

modified fee matter categories, as directed by the Court.  Stroock has expended 129.1 hours on

this category for a fee of $37,785.50.

### Claim Analysis, Objection & Resolution (Non-Asbestos) – Category 0006

26.    During the Compensation Period, Stroock reviewed the Debtors' proposed

stipulation with MCNIC, and discussed with Debtors' counsel the status of resolving several

other matters that had been pending before the Court for some time.  Stroock has expended 0.9

hours on this category for a fee of $427.50.

### Creditors' Committee Matters and Meetings -- Category 0007

27.    During the Compensation Period, Stroock communicated with the members of the

full Committee through numerous memoranda and telephone conversations.  In order to keep the

Committee fully informed of all of the pending matters in these cases, and thus enable the

Committee to take informed positions on issues, Stroock thoroughly reviewed and summarized

the motions filed by the Debtors and other parties in interest in these cases, raised issues the

Committee should be aware of, and made recommendations to the Committee concerning

16

appropriate actions to be taken with regard to the motions, communicated with members of the Committee regarding the positions to be taken, engaged counsel for the Debtors, and other parties and movants, as applicable, with the Committee's questions and concerns, and negotiated whenever and to the extent possible consensual resolutions of outstanding issues and acceptable forms of proposed orders and stipulations. During this Compensation Period, Stroock continued to keep the Committee informed with respect to the hearings and conferences held by Judge Fitzgerald and Judge Wolin and the decisions and orders issued by the Court in connection with the various adversary proceedings in these cases, including those in connection with the fraudulent transfer litigation and with respect to the ZAI claims and other asbestos-claims related matters. Stroock also continued to keep the Committee informed with respect to pleadings filed in, and decisions issued by, this and other Courts, in respect of other chapter 11 cases, which have particular relevance to these cases, such as the decision rendered by the Third Circuit in the Cybergenics case and certain of those bearing on the resolution of asbestos property damage claims in the Armstrong World Industries case.

28.    Through its correspondence and communication with the Committee, Stroock has assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the issues which have already arisen in these cases and to monitor closely the pending fraudulent transfer and ZAI claims science litigation and the management of these estates. Stroock has expended 39.8 hours on this category for a fee of $18,811.00.

### Fee Applications of Applicant -- Category 0011

29.    During the Compensation Period, Stroock prepared its Fifteenth and Sixteenth Monthly Fee Application, and began to prepare its Seventeenth Monthly Fee Application,

17

including time detail setting forth the professional services rendered during those periods by Stroock, and compiled and attached expense schedules. Stroock also prepared its fifth quarterly fee application covering the April 1, 2002 through June 30, 2002 period, including a narrative section summarizing the services rendered during that period by Stroock and all requisite expense schedules, as required by the Administrative Fee Order entered by the Court. Stroock has expended 43.4 hours on this category for a fee of $12,170.50.

### Fee Application of Others -- Category 0012

30.     During the Compensation Period, Stroock reviewed and discussed with FTI P&M such professionals response to the Fee Auditor's initial report on FTI P&M's fourth quarterly fee application, reviewed invoices from Chambers Associates, and reviewed other fee applications filed during this period by professionals rendering services in these cases. Stroock has expended 9.9 hours on this category for a fee of $3,665.50.[4]

### Employee/Benefits Pension Matters -- Category 0008

31.     As reported in the Prior Compensation Period, the Debtors informed the Committee that it would be seeking authorization to implement several new and/or revised employee benefit programs. Towards the close of the Prior Compensation Period, the Debtors filed their motion seeking the Court's authorization to implement four revised and/or new compensation benefit programs. Stroock reviewed the Debtors' motion, had numerous discussions with FTI P&M regarding further changes to the benefit programs provided for by the motion, and engaged Debtors' counsel with respect to modifying the proposed form of order

---

[4]      This category includes 0.7 hours of services for a fee of $332.50, which were inadvertently identified in Stroock's Seventeenth Monthly Fee Application in the Retention of Professionals' category.

18

approving the motion. Stroock prepared a comprehensive memorandum to the Committee which, along with an analyses from FTI P&M, provided a full analysis of the modified benefit proposals described in the motion. Stroock also reviewed the PD Committee's objection to the Debtors' motion, the Debtors' response thereto, the PD Committee's supplemental objections thereto and prepared additional memoranda to the Committee discussing these additional pleadings and the status of this matter.   Stroock expended 14.8 hours in this category for a fee of $7,074.00.

## Litigation and Litigation Consulting (Non-Asbestos) – Category 0015

32.     There were substantial services rendered in this matter category during the Compensation Period as the trial on the Sealed Air fraudulent transfer litigation was scheduled to commence on September 30, 2002. During the Compensation Period, Stroock continued to review the documents produced, all correspondence forwarded and all pleadings filed in connection with the litigation, the deposition testimony of witnesses and all expert reports produced. Stroock attended all hearings and conferences held by the Court and also prepared numerous memoranda for the Committee discussing, among other matters, decisions rendered by the Court including, the Court's (i) July 29, 2002 opinion and order (the "July 29 Order") ruling on the Asbestos Claims Committees' motion to have the Court determine the choice of law to be used in the trial and the solvency standard to be applied, (ii) memorandum decision and order denying the subsequent motion for leave to appeal the Court's July 29 Order filed by defendants' Sealed Air and Cryovac, Inc., to which Stroock, on behalf of the Committee, filed a joinder, (iii) decision denying the Debtors' motion seeking to withdraw as an intervenor to the litigation, and (iv) decisions and orders issued in response to the decision issued by the Third Circuit in the

19

In re Cybergenics case, which held that a creditors' committee could not prosecute a fraudulent transfer claim on behalf of a bankruptcy estate. In connection with the solvency decision, Stroock conducted legal research in respect of a number of issues including under the UFTA, the statute found by the Court to govern the trial. In connection with the potential ramifications of the Cybergenics decision, Stroock conducted legal research in respect of the application of the decision to already pending cases, and the ability of other parties, such as an examiner or limited purpose trustee, to prosecute fraudulent transfer claims for a bankruptcy estate in lieu of the Debtors. Stroock also prepared, on behalf of the Committee, pleadings and correspondence to Judge Wolin setting forth the Committee's positions as necessary and appropriate in connection with these matters. Stroock participated in numerous discussions with interested parties to the litigation in respect of the conduct of and issues raised by the litigation, and consulted with Chambers Associates, the Committee's asbestos issues expert, concerning Grace's asbestos liabilities at issue in the litigation. During the Compensation Period, Stroock also reviewed the motion filed by KPMG seeking to compel the production of documents in respect to insolvency proceedings pending in England involving a former Grace entity. Stroock expended 382.2 hours in this category for a fee of $125,439.50.

## Travel Non-Working – Category 0020

33.     Judge Fitzgerald held three hearings during the Compensation Period in Wilmington, Delaware, and Judge Wolin held over half a dozen hearings/conferences in Newark, New Jersey. Stroock traveled to and from Wilmington, Delaware and Newark, New Jersey for those hearings and conferences. Stroock expended 12.5 hours on this category for a fee of

20

$6,147.50. Pursuant to the Administrative Fee Order, Stroock is requesting compensation in the amount of $3,073.75 representing fifty percent (50%) of the total amount billed.

### Hearings – Category 0014

34.    During the Compensation Period, Judge Fitzgerald held three hearings during which the Court considered, among other matters, Debtors' motion to modify certain employee benefit programs, and the scope and litigation budget for, counsel to be retained for and related issues with respect to the science trial to be conducted by the Court in respect of ZAI liability issues. During the Compensation Period, Judge Wolin held at least six hearings/conferences during which the Court considered numerous issues in respect of the conduct and prosecution of the fraudulent transfer litigation, including, among other matters, the choice of law and legal standards to be applied to determine the Debtors' solvency, and related discovery parameters, the Debtors' motion to withdraw as an intervening party, the impact of the Cybergenics decision and continuation of the trial notwithstanding this decision, and legal issues raised thereby. Stroock reviewed all relevant pleadings and case law in preparation for the hearings and conferences and, as necessary and appropriate, filed pleadings with, and submitted letters to, the Court, setting forth the Committee's positions and concerns. Stroock expended 39.9 hours on this category for a fee of $20,474.50.

### Relief From Stay Proceedings – Category 0017

35.    During the Compensation Period, Stroock reviewed the stay relief motions filed respectively by Wachovia Bank and the Bank of New York, reviewed the proposed stipulation resolving the BMW motion, and discussed the same with Debtors' counsel including legal issues

21

and case law raised thereby. Stroock has expended 2.0 hours on this category for a fee of $950.00

### Tax Issues -- Category 0018

36.     During the Compensation Period, Stroock began to review the Debtors' motion seeking authorization to settle certain tax issues in dispute with the Internal Revenue Service. Stroock has expended 2.6 hours on this category for a fee of $1,420.00.

### FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

37.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), reh'g denied, 547 F.2d 573, cert. denied, 431 U.S. 904; these standards have been adopted by most courts. Stroock respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

> The Time and Labor Required. The professional services rendered by Stroock on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the complex issues encountered by the Committee with skill and dispatch. Occasionally, Stroock has been required to perform these services under significant time constraints requiring work late into the evening and on weekends. The services rendered by Stroock were performed efficiently, effectively and economically.

22

The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of these Chapter 11 cases, and it can be anticipated that other such issues will be encountered. In this case, as in many others in which the firm is involved, Stroock's effective advocacy and creative approach have helped clarify and resolve such issues and will continue to prove beneficial.

The Skill Requisite to Perform the Legal Services Properly. Stroock believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Stroock's practice, and its creative approach to the resolution of issues, are and will continue to contribute to the maximization of the distributions to the Debtors' unsecured creditors.

The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Due to the size of Stroock's insolvency department, Stroock's representation of the Committee has not precluded its acceptance of new clients. However, the volume of the matters needing attention on a continuing basis has required several of the attorneys to commit significant portions of their time to these cases.

The Customary Fee. The fee sought herein is based upon Stroock's normal hourly rates for services of this kind. Stroock respectfully submits that the fee sought herein is not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and is commensurate with fees Stroock has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

23

Whether the Fee is Fixed or Contingent. Pursuant to §§ 330 and 331 of the

Bankruptcy Code, all fees sought by professionals employed under § 1103 of the

Code are contingent pending final approval by this Court, and are subject to

adjustment dependent upon the services rendered and the results obtained.

Time Limitations Imposed by Client or Other Circumstances. As already

indicated, Stroock has been required to attend to the various issues arising in these

cases. Occasionally, Stroock has had to perform those services under significant

time constraints requiring attorneys assigned to these cases to work evenings and

on weekends.

The Amount Involved and Results Obtained. Through the efforts of Stroock, the

Committee has been an active participant in these Chapter 11 cases from the very

first days of its formation, and its assistance, as well as constructive criticism, has

greatly contributed to the efficient administration of these cases.

The Experience, Reputation and Ability of the Attorneys. Stroock has one of the

largest and most sophisticated insolvency practices in the nation and has played a

major role in numerous cases of national import including: Acme Metals, Inc.,

Hillsborough Holdings Corporation, Laclede Steel Company, Gulf States Steel,

Inc. of Alabama, The LTV Corporation, Wheeling-Pittsburgh Steel Corporation,

Allis-Chalmers Corporation, The Charter Company, Federated Department

Stores, G. Heileman Brewing Company, Inc., Burlington Motor Holdings, Inc.,

Metallurg, Inc., Forstmann & Company, Inc., Barneys, Inc., Fruehauf Trailer

Corporation, Levitz Furniture Incorporated, The Columbia Gas System, Inc.,

24

JWP, Inc., Flushing Hospital and Medical Center, Planet Hollywood

International, Anchor Glass Container Corporation, Beloit Corporation in the

Harnischfeger Industries Chapter 11 Cases, RSL COM U.S.A. Inc, USG

Corporation, Formica Corp. Galey & Lord, Inc. and DESA Holdings. Stroock's

experience enables it to perform the services described herein competently and

expeditiously. In addition to its expertise in the area of corporate reorganization,

Stroock has already frequently called upon the expertise of its partners and

associates in the litigation, ERISA, tax and environmental law areas to perform

the wide ranging scope of the legal work necessitated by these cases.

The "Undesirability" of the Case. These cases are not undesirable, but as already

indicated, have required a significant commitment of time from several of the

attorneys assigned hereto.

Nature and Length of Professional Relationship. As described above, Stroock has

been actively rendering services on behalf of the Committee as necessary and

appropriate from April 12, 2001 through to the present.

## ALLOWANCE OF COMPENSATION

38.    The professional services rendered by Stroock required a high degree of

professional competence and expertise so that the numerous issues requiring evaluation and

determination by the Committee could be addressed with skill and dispatch and have, therefore,

required the expenditure of substantial time and effort. It is respectfully submitted that the

services rendered to the Committee were performed efficiently, effectively and economically,

25

and the results obtained to date have benefited the Debtors' unsecured creditor body as a whole and the Debtors' estates.

39.      With respect to the level of compensation, § 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person (including attorneys for a creditors' committee): "Reasonable compensation for actual necessary services rendered by [such] . . . professional person. 11 U.S.C. § 330. Section 330 further states that the court should take into consideration, inter alia, the nature, extent, and value of services performed, as well as the cost of comparable services other than in a case under this title. Id. The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

40.      The total time spent by Stroock attorneys and paraprofessionals during the Compensation Period was 789.1 hours. Such services have a fair market value of $283,546.52[5] The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

41.      As shown by this Application and supporting documents, Applicant spent its time economically and without unnecessary duplication of time. Attached hereto as Exhibit "C" are summaries of the hours expended by the attorneys and paraprofessionals during the Compensation Period, their normal hourly rates, and the value of their services.

---

[5]      Pursuant to Delaware Local Rules 2016, Stroock has reduced its total compensation amount by $3,073.75 representing 50% of the total amount of non-working travel time billed at its normal hourly rate.

42.     In addition, Stroock incurred actual out-of-pocket expenses in connection with the

rendition of the professional services to the Committee in the sum of $28,358.07 for which

Stroock respectfully requests reimbursement in full.

43.     The disbursements and expenses have been incurred in accordance with Stroock's

normal practice of charging clients for expenses clearly related to and required by particular

matters.  Such expenses were often incurred to enable Stroock to devote time beyond normal

office hours to matters, which imposed extraordinary time demands.  Stroock has endeavored to

minimize these expenses to the fullest extent possible.

44.     Stroock's billing rates do not include charges for photocopying, telephone and

telecopier toll charges, computerized research, travel expenses, "working meals", secretarial

overtime, postage and certain other office services, because the needs of each client for such

services differ.  Stroock believes that it is fairest to charge each client only for the services

actually used in performing services for it.  Stroock has endeavored to minimize these expenses

to the fullest extent possible.

45.     Stroock charges $.10 per page for in-house photocopying services, with respect to

computerized research services Stroock charges the actual cost from the vendor, and $1.00 per

page for out-going facsimile transmissions.  Stroock does not charge for incoming facsimiles.

46.     Further, in accordance with the Court's June 22, 2001 Order Authorizing the

Retention of Experts, this application seeks payment for the fees and expenses of the asbestos

issues expert engaged by the Committee, for the months of July, August and September 2002 in

the aggregate amount of $17,814.45.  No agreement or understanding exists between Stroock and

27

any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

47.     Stroock has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for interim compensation and reimbursement of expenses is fully in compliance with the rules set forth therein.

48.     No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period other than as set forth herein.

        **WHEREFORE**, Stroock respectfully requests, pursuant to the Administrative Fee Order and the Court's June 22, 2001 Order Authorizing the Retention of Experts:

> (a)     the allowance of compensation for professional services rendered to the Committee during the period from July 1, 2002 through and including September 30, 2002 in the amount of $280,471.77;

> (b)     the reimbursement of Stroock's out-of-pocket expenses incurred in connection with the rendering of such services during the period from July 1, 2002 through and including September 30, 2002 in the amount of $28,358.07;

> (c)     the payment of the fees and expenses of the asbestos issues expert employed by the Committee for the months of July, August and September 2002 in the aggregate amount of $17,814.45;

28

(d) authorizing and directing the Debtors to pay to Stroock each of the
amounts set forth in (a) (b) and (c) of this WHEREFORE clause (to the
extent not already paid pursuant to the Administrative Fee Order); and

(e) granting such other and further relief as this Court may deem just and
proper.

Dated:  New York, New York
     November 18, 2002

STROOCK & STROOCK & LAVAN LLP

Kenneth Pasquale
A Member of the Firm
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

29

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., <u>et al.</u> | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

### AFFIDAVIT

STATE OF NEW YORK     )

                                       ) ss:

COUNTY OF NEW YORK  )

KENNETH PASQUALE, being duly sworn, deposes and says:

1.      I am a member of the firm of Stroock & Stroock & Lavan LLP ("Stroock"),
which firm maintains offices for the practice of law at 180 Maiden Lane, New York, New York
10038-4982. Stroock has acted as counsel to and has rendered professional services on behalf of
the Official Committee of Unsecured Creditors (the "Committee") of W. R. Grace & Co., and
sixty-one of its domestic subsidiaries and affiliates which are debtors and debtors-in-possession
before this Court.

2.      This affidavit is submitted pursuant to Bankruptcy Rule 2016(a) in support of
Stroock's sixth quarterly application for an interim allowance of compensation and for the
reimbursement of expenses for services rendered during the period from July 1, 2002 through
and including September 30, 2002 in the aggregate amount of $280,667.77, and pursuant to the
Court's June 22, 2001 Order Authorizing the Retention of Experts in the aggregate amount of

$17,814.45 for the fees and costs of the asbestos issues expert employed by the Committee during the three month period from July 1, 2002 through and including September 30, 2002.

3.      All of the professional services performed by Stroock for which compensation is requested were performed for and on behalf of the Committee from July 1, 2002 through and including September 30, 2002 and not on behalf of any other person.

4.      In accordance with Title 18 U.S.C. Section 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party-in-interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

5.      In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these cases, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me or any partner or associate of my firm.

_____
KENNETH PASQUALE

Sworn to before me this
18th day of November, 2002

_____

**MICHAEL MAGZAMEN**
**Notary Public, State of New York**
**No. 01MA6055692**
**Qualified in Nassau County**
**Commission Expires March 5, 20 03**

-2-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re        )  Chapter 11
          )
W. R. Grace & Co. et al.[1];   )  Case No. 01-01139(JKF)
          )  Jointly Administered
     Debtors.  )

**Objection Deadline:**
**October 10, 2002 at 4:00 p.m.**

## NOTICE OF FILING OF MONTHLY FEE APPLICATION

To:  (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; and (7) Counsel to the Debtors-in-Possession Lenders (8) the Fee Auditor:

Stroock & Stroock & Lavan LLP ("Stroock"), counsel to the Official Committee of

Unsecured Creditors (the "Committee") of the above captioned debtor and debtors in possession in the

above-captioned chapter 11 cases, filed and served the Sixteenth Monthly Fee Application of Stroock &

Stroock & Lavan LLP for Interim Compensation and for Reimbursement of Expenses for the services

rendered during the period July 1, 2002 through July 31, 2002, seeking compensation in the amount of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

$90,903.27, reimbursement for actual and actual and necessary expenses in the amount of $1,250.79 and

payment of the July 2002 invoice of Chambers Associates Incorporated in the amount of $11,996.25 (the

"Monthly Fee Application").

Objections or responses to the Monthly Fee Application, if any, must be made in writing

and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza,

824 Market Street, 6th Floor, Wilmington, Delaware 19801, on or before **October 10, 2002 at 4:00 p.m.**

At the same time you must also serve a copy of the objections or responses, if any, upon

the following: (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland & Ellis, 200

East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura Davis Jones,

Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street, Suite 1600, P.O. Box

8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-4400); (ii) co-counsel to the

Official Committee of Unsecured Creditors, Lewis Kruger, Esquire, Stroock & Stroock & Lavan LLP,

180 Maiden Lane, New York, New York 10038-4982 (fax number 212-806-6006), and Michael R.

Lastowski, Esquire, Duane, Morris LLP, 1100 N. Market Street, Suite 1200, Wilmington, Delaware

19801-1246 (fax number 302-657-4901); (iii) co-counsel to the Official Committee of Asbestos Property

Damage Claimants, Scott L. Baena, Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First

Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number

305-374-7593), and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O.

Box 1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) co-counsel to the Official

Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale, 399

Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755) and Matthew G.

Zaleski, III, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th Floor, 1201 Market Street,

Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-9947); (v) co-counsel to the DIP Lender,

J. Douglas Bacon, Esquire, Latham & Watkins , Sears Tower, Suite 5800, Chicago, Illinois 60606 (fax

number 312-993-9767), and Steven M. Yoder, Esquire, The Bayard Firm, 222 Delaware Avenue, Suite

900, P.O. 25130, Wilmington, Delaware 19899 (fax number 302-658-6395); (vi) counsel to the Official

Committee of Equity Holders, Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP,

919 Third Avenue, New York, New York 10022 (fax number 212-715-8000); and (vii) the Office of the

United States Trustee, Attn: Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801

(fax number 302-573-6497); and (viii) the Fee Auditor, to Warren H. Smith, Warren H. Smith and

Associates, 900 Jackson Street, 120 Founders Square, Dallas, TX 75202.

Dated:  Wilmington, DE
       September __, 2002

**RESPECTFULLY SUBMITTED,**

                         /s/
                _____
                Michael R. Lastowski, Esq. (DE I.D. No. 3892)
                DUANE MORRIS LLP
                1100 North Market Street, Suite 1200
                Wilmington, DE 19801
                Telephone:    (302) 657-4900
                Facsimile:     (302) 657-4901
                E-mail:        mlastowski@duanemorris.com

                William S. Katchen, Esquire
                DUANE MORRIS LLP
                One Riverfront Plaza
                Newark, New Jersey 07102
                Telephone:    (973) 424-2000
                Facsimile:     (973) 424-2001
                E-mail:        wskatchen@duanemorris.com

and

                Lewis Kruger, Esquire
                STROOCK & STROOCK & LAVAN LLP
                180 Maiden Lane
                New York, New York 10038-4982
                Telephone:    (212) 806-5400
                Facsimile:     (212) 806-6006
                e-mail:        lkruger@Stroock.com

                Co-Counsel for the Official Committee of Unsecured Creditors of W.
                R. Grace & Co., et al.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                  Chapter 11

**W.R. Grace & Co., et al.**             Case No. 01-01139 (JKF)

        Debtors.              Jointly Administered

---

### SIXTEENTH MONTHLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 1, 2002 THROUGH JULY 31, 2002

| | |
|---|---|
| Name of Applicant | **Stroock & Stroock & Lavan LLP** |
| Authorized to Provide Professional Services to: | **Official Committee of Unsecured Creditors** |
| Date of Retention: | **April 12, 2001** |
| Period for which compensation and reimbursement is sought | **July 1, 2002 – July 31, 2002** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$90,903.27 (80% - $72,722.61)** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$1,250.79 (Stroock)** **$11,996.25 (Chambers)** |

This is an: ☒ interim ☐ final application

The total time expended for the preparation of the Fourteenth Monthly Fee Statement and the Fifteenth Monthly Fee Statement  is approximately 7.1 hours and the corresponding compensation requested is approximately $1,765.50.

**Local Form 101 (Fee Application/Attachment A, pg. 1)**

Attachment A

**Monthly Fee Applications**

| Date Filed | Period Covered | Requested | | Approved for Payment | |
| | | Fees | Expenses | Fees | Expenses |
|---|---|---|---|---|---|
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 | 04/01/02 – 04/30/02 | $97,251.50 | $11,588.86 | $77,801.20 | $11,588.86 |
| July 3, 2002 | 05/01/02-05/31/02 | $71,910.75 | $46,105.12 | $59,918.60 | $46,105.12 |

| August 5, 2002 | 06/01/02 – 06/30/02 | $73,097.75 | $116,720.77 | $58,477.40 | $116,720.77 |
| --- | --- | --- | --- | --- | --- |

| W R GRACE & COMPANY ATTACHMENT B JULY 1, 2002 - JULY 31, 2002 | | | | |
|---|---|---|---|---|
| | | | | No. of Years |
| | Hours | Rate | Amount | In Position |
| **Partners** | | | | |
| Greenberg, Mayer | 1.7 | 525 | $ 892.50 | 4 |
| Kruger, Lewis | 6.1 | 695 | $ 4,239.50 | 32 |
| Pasquale, Kenneth | 26.4 | 495 | $13,068.00 | 3 |
| | | | | |
| **Associates** | | | | |
| Brandes, Ronnie H. | 1.7 | 245 | $ 416.50 | 1 |
| Krieger, Arlene | 98.9 | 475 | $46,984.52 | 18 |
| Sasson, Moshe | 46.3 | 395 | $18,288.50 | 8 |
| | | | | |
| **Paraprofessionals** | | | | |
| Defreitas, Vaughn | 6.0 | 100 | $ 600.00 | 14 |
| Mariano, Christine | 26.3 | 155 | $ 4,076.50 | 6 |
| Serrette, Rosemarie | 20.3 | 170 | $ 3,451.00 | 14 |
| | | | | |
| **Subtotal** | 233.7 | | $92,017.02 | |
| | | | | |
| **Less 50% Travel** | (2.30) | | $ (1,113.75) | |
| | | | | |
| **Total** | 231.4 | | $90,903.27 | |

# STROOCK

### COMPENSATION BY PROJECT CATEGORY

| MATTER CODE | PROJECT CATEGORY | HOURS | TOTAL FEES ($) |
|---|---|---|---|
| 0002 | Asbestos: Claims Analysis and Valuations | 31.2 | $ 12,393.50 |
| 0003 | Asbestos: Claims Litigation | 19.2 | $ 9,177.00 |
| 0007 | Asbestos: Other | 6.6 | $ 2,895.00 |
| 0014 | Case Administration | 42.7 | $ 16,008.00 |
| 0017 | Committee Matters and Creditor Meetings | 16.1 | $ 7,443.00 |
| 0018 | Fee Applications of Self | 7.1 | $ 1,765.50 |
| 0019 | Creditor Inquiries | 5.0 | $ 2,009.00 |
| 0020 | Fee Applications of Others | 6.9 | $ 2,240.50 |
| 0021 | Employee Matters | 7.1 | $ 3,416.50 |
| 0023 | Executory Contracts/Unexpired Leases (Assumption and Rejection) | 2.2 | $ 1,052.02 |
| 0032 | Litigation (Non-Bankruptcy/General) | 1.1 | $ 522.50 |
| 0034 | Litigation/Fraudulent Conveyance | 70.3 | $ 24,964.00 |
| 0035 | Non-Working Travel Time | 4.5 | $ 2,227.50 |
| 0037 | Preparation for and Attendance at Hearings | 13.6 | $ 5,902.00 |
| | **Subtotal** | 233.7 | $ 92,017.02 |
| | **Less: Adjustment for Travel Time** | -2.3 | $ (1,113.75) |
| | **TOTAL** | 231.45 | $ 90,903.27 |

# STROOCK

## INVOICE

| | |
|---|---|
| DATE | September 20, 2002 |
| INVOICE NO. | 268954 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |

FOR PROFESSIONAL SERVICES RENDERED in the captioned matter for the period through July 31, 2002, including:

| | |
|---|---|
| RE | Asbestos: Claims Analysis and Valuations |
| | 699843 0002 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/08/2002 | Telephone conference L. Kruger, L. Chambers re p.i. values (.3) | Pasquale, K. | 0.3 |
| 07/15/2002 | T/c L. Chambers re: briefing schedule, issues (.2). | Sasson, M. | 0.2 |
| 07/16/2002 | Outline response to debtors proposed estimation hearings (5.0). | Sasson, M. | 5.0 |
| 07/17/2002 | Begin drafting response to debtors proposed estimation hearings (3.5). | Sasson, M. | 3.5 |
| 07/19/2002 | Attention to recent filings (ZAI counsel response to fee; proposed order; reply motion to compel; letter to Wolin re: discovery) (.5). | Sasson, M. | 0.5 |
| 07/22/2002 | Attention to filing of motion under seal (.2); t/c A. Krieger re: same (.1); research, drafting response to case management proposal (6.0). | Sasson, M. | 6.3 |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

# STROOCK

PAGE: 2

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/23/2002 | Attention to filings under seal (.2); correspondence re: same (.1). | Sasson, M. | 0.3 |
| 07/24/2002 | T/C L. Chambers office re: estimation brief (.2); T/C A. Krieger re: ACC brief under seal (.1). | Sasson, M. | 0.3 |
| 07/25/2002 | T/C L. Chambers office re: estimation brief (.2); continued drafting response brief to debtors case management proposal (6.0). | Sasson, M. | 6.2 |
| 07/28/2002 | Review ACC brief/affidavit in response to debtors motion (3.0); research cases cited therein (2.0). | Sasson, M. | 5.0 |
| 07/31/2002 | Draft inserts for brief re: PI injury claims (3.5); attention to filings (ZAI Interrogatories) (.2). | Sasson, M. | 3.7 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 0.3 | $ 495 | $ 148.50 |
| Sasson, Moshe | 31.0 | 395 | 12,245.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 12,393.50 |
|---|---|

| TOTAL FOR THIS MATTER | $ 12,393.50 |
|---|---|

# STROOCK

| RE | Asbestos: Claims Litigation |
|---|---|
| | 699843 0003 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2002 | Review, revise and continue to prepare Committee's objection to the PD Committee's motion to retain counsel for the ZAI litigation (1.8); memo to and from T. Maher re Committee objection to PD Committee's motion to retain special counsel (.2); office conference LK re Committee response (.2); office conferences RS re filing and service of Committee response (.2); memo to and from MS re Committee's objection (.1). | Krieger, A. | 2.5 |
| 07/01/2002 | Review objection to ZAI claimants motion to retain special counsel. | Sasson, M. | 0.2 |
| 07/01/2002 | Conference with A. Krieger and M. Lastowski re filing of response to PD motion to retain special counsel (.2); prepare Committee response for filing and service (.4). | Serrette, R. | 0.6 |
| 07/02/2002 | Reviewed amended proofs of claim filed by Barbanti (.2); amended proof of claim filed by Ralph Busch (.1); amended proof of claim filed by Paul Price (.1); amended proof of claim of J&M Prebil (.1); review motion of ZAI claimants Barbanti, Busch, Price Prebil and McMurchie for leave to appeal court's 6/18/02 order (.3); review related correspondence to the Court and order entered by the Court re appeal/briefing on ZAI order (.3); memo to and from J. Baer re Debtors/PD committee meeting to discuss ZAI litigation (.2). | Krieger, A. | 1.3 |
| 07/03/2002 | Telephone call Jan Baer re conference call with PD Asbestos Committee to discuss budget (.2); began to review Debtors' supplemental brief regarding procedures for litigation of personal | Krieger, A. | 1.7 |

# STROOCK

| PAGE: 4 | | | |
|---|---|---|---|
| DATE | DESCRIPTION | NAME | HOURS |
| | injury liability issues (1.5). | | |
| 07/08/2002 | Telephone call J. Baer re Debtors' discussion with ZAI, PD Committee to discuss ZAI litigation (.3); memorandum to LK, KP re above and Committee's response to PD Committee's proposed ZAI budget (.5); office conference LK re same (.1). | Krieger, A. | 0.9 |
| 07/08/2002 | Conference with Judge Wolin regarding issues in asbestos cases and possible strategy to conclude cases (.7); telephone call with L. Chambers regarding asbestos claims (.2). | Kruger, L. | 0.9 |
| 07/08/2002 | Attention to objections to ZAI special counsel retention motion (.6) | Pasquale, K. | 0.6 |
| 07/09/2002 | Attention to debtors' objection to ZAI budget (.3) | Pasquale, K. | 0.3 |
| 07/12/2002 | Complete review of Debtors' supplemental brief regarding procedures for litigation of common personal liability issues (1.5); review debtors response to PD Committee's motion for clarification of the bar date order (.3); review Debtors objection to the PD Committee's proposed ZAI litigation trial budget (.6). | Krieger, A. | 2.4 |
| 07/15/2002 | Review PD Committee's reply to PI Committee objection to Special Counsel retention motion (.3); review ZAI Claimants response to Debtors' objection to ZAI proofs of claim (.8). | Krieger, A. | 1.1 |
| 07/16/2002 | Review Debtors' objection to claimants' motion for leave to appeal court order (1.0); review Debtors' proposed order re schedule for ZAI litigation (.1). | Krieger, A. | 1.1 |
| 07/22/2002 | Review ZAI response to Debtors' proposed budget for ZAI litigation and choice of counsel (.4); ZAI claimants proposed order re litigation schedule (.3); memos to KP re above (.5); office conference LK re court's ruling on special counsel and the ZAI litigation budget | Krieger, A. | 1.4 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | (.1); memo to LK re court's ruling on litigation schedule (.1). | | |
| 07/24/2002 | Memo from and to KP re PI Committee's pleadings in respect of case management proposal (.2); telephone call M. Zaleski re request to file under seal and Committee's access to documents (.3); review PI Committee's pleadings re motion and order (.5); memo to KP, LK re substance of Matt Zaleski discussion (.5); memos to and from J. Baer re transmittal of unredacted pleadings to the Creditors' Committee (.3). | Krieger, A. | 1.8 |
| 07/24/2002 | Attention to P.I. Committee submission on case management issues (2.0) | Pasquale, K. | 2.0 |
| 07/25/2002 | Memo from and to J. Baer re unredacted asbestos PI Committee pleadings and confidential materials to be forwarded (.1); telephone call Jay Sakalo re discussion re unredacted pleadings (.1). | Krieger, A. | 0.2 |
| 07/26/2002 | Office conference MS re preparation of Committee's brief on PI process (.2). | Krieger, A. | 0.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 14.6 | $ 475 | $ 6,935.00 |
| Kruger, Lewis | 0.9 | 695 | 625.50 |
| Pasquale, Kenneth | 2.9 | 495 | 1,435.50 |
| Sasson, Moshe | 0.2 | 395 | 79.00 |
| Serrette, Rosemarie | 0.6 | 170 | 102.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 9,177.00 |
|------------------------------------------|------------|

| TOTAL FOR THIS MATTER | $ 9,177.00 |
|-----------------------|------------|

# STROOCK

# STROOCK

| RE | Asbestos: Other |
|---|---|
| | 699843 0007 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/03/2002 | Review report issued by the Agency for Toxic Substances and Disease Registry re Libby, MO asbestos levels (1.0) | Krieger, A. | 1.0 |
| 07/08/2002 | Office conference DW re Judge Newsome's decision denying class certification in the Armstrong World Industries case and prepare a memorandum summarizing same (1.5). | Krieger, A. | 1.5 |
| 07/09/2002 | Complete draft of memorandum re Newsome decision and applicability to Grace cases. | Krieger, A. | 0.8 |
| 07/16/2002 | Review statements by Senator Murray re asbestos legislation and legislative information. | Krieger, A. | 0.3 |
| 07/17/2002 | Review PI Committee's prior filing in B&W case and cases cited therein (2.5) | Sasson, M. | 3.0 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene | 3.6 | $ 475 | $ 1,710.00 |
| Sasson, Moshe | 3.0 | 395 | 1,185.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 2,895.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 2,895.00 |
|---|---|

# STROOCK

| RE | Case Administration |
|----|---------------------|
|    | 699843  0014        |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2002 | Office conference DW re response to Warren Smith's initial report on SSL quarterly fee application (.1); briefly review W. Smith's initial report and notes thereon (.8); memo to MS re review of initial report and preparation of a response thereto (.1); office conferences RS re preparation of a response to W. Smith (.2). | Krieger, A. | 1.2 |
| 07/01/2002 | Review of fee auditors report (.3). | Serrette, R. | 0.3 |
| 07/02/2002 | Assignment received from Mark Levy and Mayer Greenberg; phone conversation with Arlene Krieger about how to account for questions raised in Fee Auditor's Report. | Brandes, R. | 0.1 |
| 07/02/2002 | Review and cross-reference motion with outline court docket. | Defreitas, V. | 1.5 |
| 07/02/2002 | Memo to M.Levy re preparation of response to fee auditors report (.2); memo to M. Sasson re same (.2); memo to K. Pasquale re same (.1); review agenda notices for hearings referred to in auditor's report and time records in preparation for drafting response (.5); memos to and from V. DeFreitas re new pleadings and objections (.8); office conference R. Brandes re response to Fee Auditor's initial report (.1). | Krieger, A. | 1.9 |
| 07/03/2002 | Drafted response to Fee Auditor's Initial Report regarding Stroock's fees. | Brandes, R. | 0.3 |
| 07/03/2002 | Download recently filed case pleadings. | Defreitas, V. | 0.5 |
| 07/03/2002 | Office conference LK re preparation of amended limited objection clarifying author of | Krieger, A. | 1.4 |

# STROOCK

PAGE: 9

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | comments (.1); review objection (.1); office conference RS re same (.2); memo to and telephone call M. Lastowski re same and cover letter identifying change (.4); office conference RS re Chambers invoices for the Fee Auditor and preparation of SSL's response (.3); memos from and to M. Sasson re response to Fee Auditor (.3). | | |
| 07/03/2002 | Review of fee auditor's report (.3); review time and disbursement entries in question and draft reply (.6). | Serrette, R. | 0.9 |
| 07/08/2002 | Drafted email response to Fee Auditor's Report (0.4); submitted response to M. Greenberg for review (0.1); made M. Greenberg's suggested changes to response for Arlene Krieger (0.2). | Brandes, R. | 0.7 |
| 07/08/2002 | Attention to fee auditor report re KP references (.5) | Pasquale, K. | 0.5 |
| 07/09/2002 | Wrote and sent email response to Arlene Krieger; Mayer Greenberg and Mark Levy (0.3); incorporated Mark Levy's comments into email response to Fee Auditor's Report (.3). | Brandes, R. | 0.6 |
| 07/09/2002 | Research brief re standard of "insolvency" (.5);download and distribute same (.3). | Serrette, R. | 0.8 |
| 07/10/2002 | Review language re fees. | Greenberg, M. | 0.4 |
| 07/10/2002 | Began to prepare draft response to W. Smith, reviewing underlying fee applications and materials in connection therewith (7.5); office conference RS re same (.2). | Krieger, A. | 7.7 |
| 07/11/2002 | Discussion with MAL re: write-up, revisions to same. | Greenberg, M. | 0.5 |
| 07/11/2002 | Continue to prepare draft response to W. Smith; review and revise same (8.0); office conference RS re same (.2); office conference D. Murtha (accounting) re Westlaw charges (.2). | Krieger, A. | 8.4 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/12/2002 | Complete preparation of response to W. Smith (2.5). | Krieger, A. | 2.5 |
| 07/12/2002 | Review of Fee Auditors Interim Report on Stroock's fees (.6); confs with A. Krieger re response (.2); research re same (.9). | Serrette, R. | 1.7 |
| 07/15/2002 | Review various case file pleadings to assign to file surf database. | Defreitas, V. | 0.7 |
| 07/15/2002 | Memo to and from KP re proposed response to Fee Auditor's initial response on SSL Application (.1); revise SSL response to reflect KP's comments (.8); memo to LK re revised response to Fee Auditor (.1); finalize response and exhibits and forward to W.Smith (.8). | Krieger, A. | 1.8 |
| 07/15/2002 | Attention to draft response to fee examiner (.3) | Pasquale, K. | 0.3 |
| 07/16/2002 | Memos to V. DeFreitas re docketed pleadings to be obtained from the docket (.2); office conference V. DeFreitas re ZAI, Sealed Air fraudulent transfer pleadings (.5); office conference RS re Asbestos Committees' motion regarding choice of law; insolvency standards (.1); review updated general case docket & adversary proceeding docket (.3). | Krieger, A. | 1.1 |
| 07/17/2002 | Conference with counsel (Milberg Weiss) to obtain copy of Special Master's Order and Report (1); review same (.2). | Serrette, R. | 0.3 |
| 07/18/2002 | Confs with A. Krieger re agenda (.2); further review of agenda (.3). | Serrette, R. | 0.5 |
| 07/18/2002 | Conf with A. Krieger to prepare for filing of Response to Compensation (.2); prepare response for filing and service, including e-mails to Duane Morris (.4). | Serrette, R. | 0.6 |
| 07/18/2002 | Review responses filed to various ZAI motions of July 22 calendar (.3). | R. | 0.3 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/22/2002 | Download recently filed pleadings into central database. | Defreitas, V. | 0.8 |
| 07/22/2002 | Attended to files (.5). | Krieger, A. | 0.5 |
| 07/24/2002 | Download recently filed pleadings into database. | Defreitas, V. | 0.5 |
| 07/24/2002 | Memo from and to W. Smith re inquiry regarding Chambers' invoices and SSL Fourth Quarterly Application (.1); office conferences RS re same and response (.3); memo to W. Smith re response to inquiry (.1); telephone call W. Smith re SSL response and fee auditor's position on same (.1); memo to LK, RS re substance of telephone conversation with W. Smith (.1); memo to V. DeFreitas, R. Serrette re Peterson affidavit and related pleadings (.2). | Krieger, A. | 0.9 |
| 07/29/2002 | Review Fee Auditors Final Report on SSL fees for the period 1/02 - 3/02 (.3). | Serrette, R. | 0.3 |
| 07/30/2002 | Download recently filed case pleadings. | Defreitas, V. | 1.3 |
| 07/31/2002 | Download recently filed case pleadings. | Defreitas, V. | 0.7 |
| 07/31/2002 | Telephone call with E. Ordway regarding prior role of PWC's restructuring group with WR Grace and disclosure (.2). | Kruger, L. | 0.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Brandes, Ronnie H. | 1.7 | $ 245 | $ 416.50 |
| Defreitas, Vaughn | 6.0 | 100 | 600.00 |
| Greenberg, Mayer | 0.9 | 525 | 472.50 |
| Krieger, Arlene | 27.4 | 475 | 13,015.00 |
| Kruger, Lewis | 0.2 | 695 | 139.00 |
| Pasquale, Kenneth | 0.8 | 495 | 396.00 |
| Serrette, Rosemarie | 5.7 | 170 | 969.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 16,008.00 |
|-------------------------------------------|-------------|

# STROOCK

| TOTAL FOR THIS MATTER | $ 16,008.00 |
|---|---|

# STROOCK

| RE | Committee Matters and Creditor Meetings |
|---|---|
| | 699843 0017 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2002 | Review memo to the Committee Timothy Kane's motion for stay relief (.2); memo to and from C. Lane re Debtors' response to Timothy Kane (.2). | Krieger, A. | 0.4 |
| 07/02/2002 | Draft memo to committee re: debtors' proposed case management. | Sasson, M. | 2.8 |
| 07/09/2002 | Memos from and to T. Maher re dissemination of financial information (.2); prepare memorandum to the Committee re dissemination of financial information to signatories (1.0); memos to and from R. Douglas re signatories to agreement (.3); review memo to the Committee re PD Committee response to Debtors' motion (1.0); memo to LK re memorandum discussing PD Committee's objection to compensation benefits motion (.4). | Krieger, A. | 2.9 |
| 07/10/2002 | Telephone call R. Douglas re confidentiality agreement signatories and Grace acknowledgement. | Krieger, A. | 0.2 |
| 07/11/2002 | Memo from R. Douglas re status of Grace's execution of confidentiality agreement, as signed by the Signatory Banks (.1). | Krieger, A. | 0.1 |
| 07/12/2002 | Revise memorandum to the Committee re confidentiality agreement and transmittal of documentation (.2); telephone call S. Cunningham re Committee position on KERP (.1). | Krieger, A. | 0.3 |
| 07/15/2002 | Memo from and to R. Douglas re correspondence from Debtors' counsel | Krieger, A. | 0.9 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | confirming Graces agreement and acknowledgement of four Signatory Banks to the Confidentiality Agreement (.4); memos from and to KP re Armstrong decision and completion of proposed memo to the Committee discussing same (.1); telephone call R. Douglas re Grace's acknowledgement of transmittal of authority to the Signatory Banks on Schedule A (.1); review and revise memo to the Committee re Committee response to Debtors motion for authorization to implement modified compensation programs (.3) | | |
| 07/15/2002 | Continued draft memo to Committee re: debtors' proposed case management (2.5) | Sasson, M. | 1.4 |
| 07/16/2002 | Correspondence from R. Douglas re Debtors' execution of correspondence to which Schedule A of confidentiality agreement appended (.1). | Krieger, A. | 0.1 |
| 07/17/2002 | Prepare draft response of the Committee in support of the Debtors' motion regarding authority to implement revised compensation programs (3.3); prepare revised memorandum to the Committee re discussing Debtors' compensation programs' motion, and the Committee's response thereto (1.0); memo to LK, S. Cunningham and W. Gilligan re proposed draft Committee response in support of the Debtors' motion (.2); memo to the Committee re compensation motion and subsequent pleadings thereon (.1). | Krieger, A. | 4.6 |
| 07/18/2002 | Telephone call LK re Committee response to Debtors' compensation motion (.1); memos to and from W. Gilligan and S. Cunningham re Committee response (.2); correspondence from R. Douglas re Grace execution of Confidentiality Agreement (.1); memo to R. Douglas re same (.1); memo from and to M. Chehi re Committee's response to Debtors' compensation programs motion (.2); memo to T. Maher re Committee response (.1); finalized | Krieger, A. | 1.2 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | response (.1); office conference RS re finalization of response and service of same (.2); memos to and from C. Lane re proposed order (.1). | | |
| ~ 07/24/2002 | Prepare memorandum to the Committee re fraudulent transfer litigation related rulings, reports (.6). | Krieger, A. | 0.6 |
| 07/31/2002 | Review memo to Committee regarding Judge Wolin's decision (.2); telephone calls with creditors - Goldman Sachs (.1), King Street Capital (.2); Lefco (.1) regarding court decision. | Kruger, L. | 0.6 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 11.3 | $ 475 | $ 5,367.50 |
| Kruger, Lewis | 0.6 | 695 | 417.00 |
| Sasson, Moshe | 4.2 | 395 | 1,659.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 7,443.50 |
|------------------------------------------|-----------|

| TOTAL FOR THIS MATTER | $ 7,443.50 |
|-----------------------|-----------|

# STROOCK

| RE | Fee Applications of Self |
|----|--------------------------|
|    | 699843  0018             |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2002 | Further edits to May bill (.2) | Serrette, R. | 0.2 |
| 07/02/2002 | Edits to monthly fee application for May (.6); conference with R. Sianni re filing (.1); prepare same for filing and service (.7); service of same (.5). | Serrette, R. | 1.9 |
| 07/08/2002 | Call with RB re tax time; review file | Greenberg, M. | 0.5 |
| 07/09/2002 | Call with RB re memo; review same | Greenberg, M. | 0.3 |
| 07/12/2002 | Initial review of June time entries (.8). | Serrette, R. | 0.8 |
| 07/17/2002 | Further review of June time entries (.4); conference with M. Sasson re entries (.1). | Serrette, R. | 0.5 |
| 07/22/2002 | Further review of time entries and edits to same (.4). | Serrette, R. | 0.4 |
| 07/24/2002 | Office conference RS re review of June 2002 time detail (.1). | Krieger, A. | 0.1 |
| 07/26/2002 | Draft CNO for 14th Interim Fee application (.8); confs with R. Siani re same (.2); prepare same for filing and service (.4). | Serrette, R. | 1.4 |
| 07/28/2002 | Review June 2002 time detail. | Krieger, A. | 0.8 |
| 07/30/2002 | Review A. Krieger's mark of June time entries. | Serrette, R. | 0.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Greenberg, Mayer | 0.8 | $ 525 | $ 420.00 |

# STROOCK

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene | 0.9 | 475 | 427.50 |
| Serrette, Rosemarie | 5.4 | 170 | 918.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 1,765.50 |
|---|---|

| TOTAL FOR THIS MATTER | $ 1,765.50 |
|---|---|

# STROOCK

PAGE: 18

| RE | Creditor Inquiries<br>699843 0019 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/19/2002 | Tel conf with creditors (former employees) re POC and pension protection (.4). | Serrette, R. | 0.4 |
| 07/22/2002 | Creditor inquiries from former employees regarding POC package (.4). | Serrette, R. | 0.4 |
| 07/24/2002 | Office conference KP re creditor inquiry on Babcock case, plan terms and on-going docket review (.1) office conference RS re above (.1); memo to KP re above (.1). | Krieger, A. | 0.3 |
| 07/25/2002 | Review Babcock Wilcox 5/20 amended plan in response to creditors inquiries (1.5); prepare memorandum to LK, KP re plan terms (2.0) | Krieger, A. | 3.5 |
| 07/29/2002 | Telephone conference with former employees re pension benefits and bar date notice (.4). | Serrette, R. | 0.4 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene | 3.8 | $ 475 | $ 1,805.00 |
| Serrette, Rosemarie | 1.2 | 170 | 204.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 2,009.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 2,009.00 |
|---|---|

# STROOCK

PAGE: 19

| RE | Fee Applications of Others |
|----|----|
|    | 699843 0020 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2002 | Review draft response of FTI P&M to W.Smith's initial report (1.3). | Krieger, A. | 1.3 |
| 07/02/2002 | Complete review of FTI P&M draft response to Fee Auditor (.8); memoranda to and from L. Hamilton re same (.1); office conferences RS re review of FTI P&M draft response (.2); office conference RS re FTI P&M response (.1); telephone call L. Hamilton re comments to FTI P&M response to Fee Auditor (.2). | Krieger, A. | 1.4 |
| 07/02/2002 | Prepare FTI monthly fee application for May for filing and service (.5); review of FTI's response to fee auditors comments (.3); service of same (.5); draft correspondence to Chambers re payment of invoice (.3). | Serrette, R. | 1.6 |
| 07/16/2002 | Review memorandum re initial compensation requests by Special Master Dreier and other consultants appointed by Judge Wolin and office conference DW re same (.3). | Krieger, A. | 0.3 |
| 07/22/2002 | Review Fee Auditors monthly fee and expense invoice (.3); memo to V. DeFreitas re notice for July 2002 services (.1); review Debtors' statement of amounts paid to ordinary course professionals and order entered on another proceeding (.1). | Krieger, A. | 0.5 |
| 07/26/2002 | Draft CNO to 14th interim Fee Application and prepare for e-filing and serve (FTI). | Serrette, R. | 0.8 |
| 07/29/2002 | Conference with S. Hollinghead to prepare CNO on FTI's 13th Interim Fee Application (.2); prepare CNO for e-mailed for filing (.5). | Serrette, R. | 0.7 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/30/2002 | Conf with Libby Hamilton (FTI) re fee auditors final fee report (.3). | Serrette, R. | 0.3 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 3.5 | $ 475 | $ 1,662.50 |
| Serrette, Rosemarie | 3.4 | 170 | 578.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 2,240.50 | |
|------------------------------------------|------------|--|

| TOTAL FOR THIS MATTER | $ 2,240.50 |
|-----------------------|------------|

# STROOCK

| RE | Employee Matters |
|----|------------------|
|    | 699843 0021 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/01/2002 | Telephone call G. Becker re Committee's position on Debtors' motion for approval of revised compensation programs (.2); memo from and to J. Kapp re comments to compensation motion (.1); review of underlying documentation and then telephone call to C. Lane re Committee comments on the compensation programs (.6); memo to S. Cunningham, W. Gilligan re conversation with Debtors' counsel re outstanding points on compensation motion (.2). | Krieger, A. | 1.1 |
| 07/02/2002 | Telephone call C. Lane re order modifications, and outstanding issues on compensation motion (.2) | Krieger, A. | 0.3 |
| 07/03/2002 | Prepared memo to C. Lane re proposed modifications to the memos and  form of order approving revised compensation programs (.6); telephone call W. Gilligan re same (.2); memo from C. Lane re proposed revised order (.1). | Krieger, A. | 0.9 |
| 07/08/2002 | Memos from and to W. Gilligan re straight line determination of LTIP awards (.2); review proposed revised form of order (.2); review PD Committee objection to Motion for approval of revised compensation programs, and prepare memorandum to the Committee re same (2.5); memorandum to FTI P&M re same (.1); | Krieger, A. | 3.0 |
| 07/09/2002 | Telephone call S. Cunningham re PD Committee's response to Debtors' revised compensation motion and Committee's response thereto (.4). | Krieger, A. | 0.4 |
| 07/15/2002 | Review memo re KERP. | Kruger, L. | 0.2 |

# STROOCK

PAGE: 22

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/16/2002 | Review Debtors' response to PD Committee's objection to Debtors' motion authorizing implementation of revised compensation programs (.8); memo to S. Cunningham re Debtors' response (.2). | Krieger, A. | 1.0 |
| 07/17/2002 | Memos from and to W. Gilligan re Debtors' compensation motion inquiries (.2). | Krieger, A. | 0.2 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 6.9 | $ 475 | $ 3,277.50 |
| Kruger, Lewis | 0.2 | 695 | 139.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 3,416.50 | |
|---|---|---|

| TOTAL FOR THIS MATTER | $ 3,416.50 | |
|---|---|---|

# STROOCK

| RE | Executory Contracts/Unexpired Leases (Assumption and Rejection) 699843 0023 |
|---|---|

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 07/01/2002 | Review Carteret prime leases (.9). | Krieger, A. | 0.9 |
| 07/02/2002 | Review proposed order re Debtors' motion re assignment of Carteret Leases (.5); memo to C. Lane re proposed modifications to the order (.3) | Krieger, A. | 0.8 |
| 07/08/2002 | Review revised proposed form of order (.2); memo to C. Lane re additional comment thereto (.1); review Debtors' objection to WESCONN Co. motion for relief from the stay (.2). | Krieger, A. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|---|---|---|---|
| Krieger, Arlene | 0.8 | $ 484 | $ 387.02 |
| Krieger, Arlene | 1.4 | 475 | 665.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 1,052.02 |
|---|---|

| TOTAL FOR THIS MATTER | $ 1,052.02 |
|---|---|

# STROOCK

RE      Expenses
          699843  0024

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 0.00 |
|---|---|

## MATTER DISBURSEMENT SUMMARY

| | |
|---|---|
| Outside Messenger Service | $ 55.71 |
| Meals | 68.09 |
| Local Transportation | 74.72 |
| Long Distance Telephone | 482.89 |
| Duplicating Costs-in House | 228.00 |
| Postage | 12.82 |
| Facsimile Charges | 77.00 |
| Travel Expenses - Transportation | 89.95 |
| Westlaw | 131.61 |
| Word Processing - Logit | 30.00 |

| TOTAL DISBURSEMENTS/CHARGES | $ 1,250.79 |
|---|---|

| TOTAL FOR THIS MATTER | $ 1,250.79 |
|---|---|

# STROOCK

| RE | Litigation (Non-Bankruptcy/General) 699843 0032 |
|----|-------------------------------------------------|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/02/2002 | Review KPMG motion to compel document production re English and American Insurance Company matter (.1). | Krieger, A. | 0.6 |
| 07/22/2002 | Review Scheme Administrators response to Debtors re Production of documents (.1); review of PRS Insurance Group case (using Westlaw) re production of documentation notwithstanding confidentiality issues (.4). | Krieger, A. | 0.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 1.1 | $ 475 | $ 522.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 522.50 |
|------------------------------------------|----------|

| TOTAL FOR THIS MATTER | $ 522.50 |
|-----------------------|----------|

# STROOCK

| RE | Litigation/Fraudulent Conveyance<br>699843 0034 |
|----|---|

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/02/2002 | Reviewed 6/28/02 correspondence from D. Rosenbloom re fraudulent conveyance production (.2); 6/25/02 correspondence to Judge Wolin re Sealed Air/Asbestos Committees' issues (.1); 6/17/02 correspondence to Judge Dreier re "Eye's Only" discovery issues (.9); review Judge Wolin's 5/21/02 protective order and order to compel (.3); opposition to the Motion to compel (.1); review May 14, 2002 correspondence from Milberg Weiss to all counsel re privilege waiver issues (.3); review 6/3/02 correspondence to Judge Dreier (.2); review USA response to Sealed Air Motion on short notice to compel (.2); review PI Committee's objection to PD Committee's motion to retain special counsel (.2); review Debtors' objections to PD Committee's motion to retain special counsel (.4). | Krieger, A. | 2.9 |
| 07/08/2002 | Review Sealed Air's motion to strike USA witness disclosure and related pleadings in connection with USA's intervention and discovery (.5). | Krieger, A. | 0.5 |
| 07/08/2002 | Review recently filed pleadings (1.0); Update file to include all recent decisions and pleadings (1.3) | Mariano, C. | 2.3 |
| 07/08/2002 | Attention to recent discovery correspondence (.4); attention to plaintiffs' brief re solvency standard (1.5) | Pasquale, K. | 1.9 |
| 07/09/2002 | Memo to and from KP re insolvency issue brief (.2); office conferences RS re brief and review of the Adversary Proceeding docket (.3); | Krieger, A. | 2.5 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | review 7/3/02 correspondence from Milberg Weiss to Judge Wolin re Grace discovery issues and request for sanctions (1.2); review Equity Committee motion to intervene (.1); review other discovery-related documents (.7). | | |
| 07/10/2002 | Attention to lengthy Grace letter re discovery issues (.3); attention to solvency briefs (1.1) | Pasquale, K. | 1.4 |
| 07/12/2002 | Office conference RS re asbestos committees' motion to determine the choice of law, insolvency standard (.1); office conference V. DeFreitas re same (.2); review memorandum of asbestos committee in support of motion (1.0). | Krieger, A. | 1.3 |
| 07/12/2002 | Obtain copies of depositions (.4), review (.5) and index all exhibits (.4) - load transcripts into database- Livenote (.4), review for accuracy (.9), compare indexes to find overlapping exhibits (.9), and revise indexes to reflect duplicate exhibits (1.0) | Mariano, C. | 4.5 |
| 07/15/2002 | Complete review of asbestos committee's memorandum of law in support of motion re choice of law standard for insolvency analysis (.6); review Seal Air's response (.7); review asbestos committee's reply memorandum on insolvency standard issues (1.5); review defendants' motion to strike portion of USA's witness disclosure statement and limit expert opinions (.6); review USA's response to Debtors' motion to strike (.3); review plaintiffs' opposition to defendants' motion to strike (.2). | Krieger, A. | 3.9 |
| 07/15/2002 | Conference call with Judge Dreier, all parties re expert witness issues (2.0) | Pasquale, K. | 2.0 |
| 07/15/2002 | Attention to recent filings (answer to USA complaint in intervention; motion to strike US expert disclosure and response thereto; motions re: compensation program; objections to ZAI litigation budget; legal standards in FT action; review motion to intervene under 1109(b); equity committees motion to intervene) and | Sasson, M. | 3.0 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | correspondence related thereto. | | |
| 07/16/2002 | Office conference LK re insolvency standard issues and discovery disputes (.2); memo to and from KP re meeting with LK, KP to discuss Committee's postion on intervention, insolvency standards issues and preparation of correspondence to Judge Wolin (.6); review Judge Wolin's order on objection to Special Masters Order and Report (.1). | Krieger, A. | 0.9 |
| 07/16/2002 | Office conference with K. Pasquale and A. Krieger, telephone call with D. Bernick regarding Judge Wolin's response to Judge Dreier's decision allowing discovery of post Sealed Air transfer facts. | Kruger, L. | 0.4 |
| 07/16/2002 | Obtain pleadings from Bankruptcy (.3), print (.4) and file accordingly (.5) | Mariano, C. | 1.2 |
| 07/16/2002 | Office conference Kruger, Krieger re court's rulings and issues concerning post-transfer information(.5) | Pasquale, K. | 0.5 |
| 07/16/2002 | T/C K. Pasquale re: standards briefs, letter to Wolin (.2); review letter to Wolin (.2). | Sasson, M. | 0.4 |
| 07/17/2002 | Review and revise correspondence to Judge Wolin (.6); office conferences MS re arguments in the brief on insolvency determination standards (.3); memos to and from KP re correspondence to Judge Wolin (.5); review Special Master's Order and Report dated June 13, 2002 (.2); review 7/16/02 correspondence by Sealed Air to Judge Dreier (.2); review 7/15/02 correspondence to Judge Dreier (.4); further revisions to finalize correspondence to Judge Wolin (.2). | Krieger, A. | 2.4 |
| 07/17/2002 | Review of letter to Judge Wolin regarding standard for insolvency in fraudulent transfer issue and impact on claims. | Kruger, L. | 0.3 |
| 07/17/2002 | Obtain copies of transcripts and begin indexing | Mariano, C. | 1.7 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | deposition exhibits. | | |
| 07/17/2002 | Review solvency briefs filed by parties (1.5); t/c A. Krieger re: briefs, letter to Wolin (.3); review Dreier order re: standards (.2). | Sasson, M. | 2.0 |
| 07/18/2002 | Office conference LK re Judge Wolin letter (.1); memo and telephone calls W. Katchen re letter to Judge Wolin (.3); memo to LK and KP re telephone conference with W. Katchen with respect to letter to Judge Wolin (.1); further office conference KP re Wolin letter (.1); memo to KP, LK re Wolin letter (.1); correspondence to W. Katchen re Judge Wolin's order and Judge Dreier's order and report (.1). | Krieger, A. | 0.8 |
| 07/18/2002 | Continue indexing deposition exhibits (1.7) Obtain copies of documents, including pleadings, correspondence and additional exhibits from Moshe Sasson, organize and file (1.9) | Mariano, C. | 3.6 |
| 07/22/2002 | Reviewed Sealed Air's reply in further support of motion to compel USA to produce documents (.1); review correspondence from Travelers Casualty to Judge Wolin re request for entry of order confirming non-binding effect of ruling in the fraudulent transfer litigation (.3); review 6/14/02 transcript from USA motion to intervene, solvency determination issues (1.4). | Krieger, A. | 1.8 |
| 07/22/2002 | Obtain depositions, review, create indexes for all depositions and load transcripts into Livenote. | Mariano, C. | 3.5 |
| 07/23/2002 | Review of W.L. Ross' memo regarding fraudulent transfer. | Kruger, L. | 0.3 |
| 07/23/2002 | Attention to court's 6/17 opinion re solvency issue (.3); attention to supplemental briefs of parties re solvency issue (.8) | Pasquale, K. | 1.1 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/23/2002 | Attention to filings (Wolin order, supplemental briefs re: standards issue (.6); sur-reply re: standards issue; transcript of 7/10 hearing) (.4). | Sasson, M. | 1.0 |
| 07/24/2002 | Office conference LK re Ross expert report (.2); office conference LK re Court hearing on solvency standards (.1);memos to and from KP re solvency brief and hearing (.2); review Judge Wolin's memorandum opinion (.4); review Ross expert report (.5); review asbestos committees' supplemental memorandum of law re solvency standards (5.); review Debtors' supplemental brief (.5); Westlaw review RML case, other (.4); reviewed Sealed Air's sur-reply brief (.6). | Krieger, A. | 3.4 |
| 07/24/2002 | Obtain several e-mails from Bankruptcy dept (.3), review (.5) and print all documents with attachments (1.2), sort documents (.3) and file accordingly (1.2) | Mariano, C. | 3.5 |
| 07/24/2002 | Attention to Ross expert report (1.5) | Pasquale, K. | 1.5 |
| 07/25/2002 | Telephone call S. Cunningham re solvency analysis, asbestos liabilities, WL Ross Expert Report (.5); memo from KP re hearing before Judge Wolin today on solvency issues (.1); memo to LK, KP re discussion with S. Cunningham (.1). | Krieger, A. | 0.7 |
| 07/25/2002 | Obtain copies of e-mails from Bankruptcy (.2), print all documents and attachments (1.0) and file documents (.9) | Mariano, C. | 2.1 |
| 07/25/2002 | Preparation for (1.0) and hearing before Judge Wolin on solvency issue (2.0) | Pasquale, K. | 3.0 |
| 07/26/2002 | Grace: review Ross expert report (.3). | Sasson, M. | 0.3 |
| 07/29/2002 | Review SA memo re: federal law (.2); t/c M. Lyman re: ACC response brief (.2). | Sasson, M. | 0.5 |
| 07/30/2002 | Review of Judge Wolin's decision regarding fraudulent transfer standard. | Kruger, L. | 0.6 |

# STROOCK

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/30/2002 | Obtain correspondence from M. Sasson (2.), review (.3), sort (.4) and file (.3) | Mariano, C. | 1.2 |
| 07/31/2002 | Obtain pleadings from Bankruptcy (.3), print (4.), review (.3) and file accordingly (1.7) | Mariano, C. | 2.7 |
| 07/31/2002 | Attention to J. Wolin decision on solvency standard (1.5); memo to Committee re same (.5) | Pasquale, K. | 2.0 |
| 07/31/2002 | Review Wolin opinion/memo to committee re: same. | Sasson, M. | 0.7 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 21.1 | $ 475 | $ 10,022.50 |
| Kruger, Lewis | 1.6 | 695 | 1,112.00 |
| Mariano, Christine | 26.3 | 155 | 4,076.50 |
| Pasquale, Kenneth | 13.4 | 495 | 6,633.00 |
| Sasson, Moshe | 7.9 | 395 | 3,120.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 24,964.50 |
|------------------------------------------|-------------|

| TOTAL FOR THIS MATTER | $ 24,964.50 |
|-----------------------|-------------|

# STROOCK

| RE | Non-Working Travel Time |
|----|-------------------------|
|    | 699843  0035 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/22/2002 | Travel re omnibus hearing (3.0) | Pasquale, K. | 3.0 |
| 07/25/2002 | Travel re court hearing in Newark (1.5) | Pasquale, K. | 1.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Pasquale, Kenneth | 4.5 | $ 495 | $ 2,227.50 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 2,227.50 |
|-------------------------------------------|------------|

| TOTAL FOR THIS MATTER | $ 2,227.50 |
|-----------------------|------------|

# STROOCK

| RE | Preparation for and Attendance at Hearings |
|----|---|
|    | 699843  0037 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| 07/09/2002 | Telephone call with W. Katchen regarding court hearing on 7/10/02 (.2); preparation for hearing on issues before court (.2). | Kruger, L. | 0.4 |
| 07/10/2002 | In court before Judge Wolin regarding discovery issues, scheduling and intervention issues. | Kruger, L. | 2.2 |
| 07/16/2002 | Review agenda notice for July 22 hearings before Judge Fitzgerald. | Krieger, A. | 0.7 |
| 07/17/2002 | Memo from KP and then office conference RS re documentation for KP for 7/22/02 hearings before Judge Fitzgerald. | Krieger, A. | 0.2 |
| 07/17/2002 | Review of agenda for 7/22 hearing (.3); conference with A. Krieger and V. DeFreitas re items on agenda (.2); begin preparation of Hearing Binder (3.5). | Serrette, R. | 4.0 |
| 07/18/2002 | Preparation of documents for hearings before Judge Fitzgerald (.5); office conference RS re above (.5); memo to V. DeFreitas re review of docket for hearing preparation (.1); memo to KP re documents for hearing (.2); office conference KP re hearing (.3). | Krieger, A. | 1.6 |
| 07/22/2002 | Preparation for (2.0) and participated in omnibus court hearing (2.5) | Pasquale, K. | 4.5 |

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Krieger, Arlene | 2.5 | $ 475 | $ 1,187.50 |

SSL-DOCS1 1260037v1

# STROOCK

PAGE: 34

| SUMMARY OF HOURS | HOURS | RATE | TOTAL |
|------------------|-------|------|-------|
| Kruger, Lewis | 2.6 | 695 | 1,807.00 |
| Pasquale, Kenneth | 4.5 | 495 | 2,227.50 |
| Serrette, Rosemarie | 4.0 | 170 | 680.00 |

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 5,902.00 |
|---|---|

| TOTAL FOR THIS MATTER | $ 5,902.00 |
|---|---|

| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 92,017.02 |
|---|---|

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown.
Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

# STROOCK

| DATE | September 20, 2002 |
|---|---|
| INVOICE NO. | 268954 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |

FOR EXPENSES INCURRED for the period through July 31, 2002:

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| **Outside Messenger Service** | | |
| 06/24/2002 | VENDOR: Federal Express Corporation; INVOICE#: 4-251-00397; DATE: 6/10/02 - FEDEX LOG   05/20 Herb Mondross  Wilmington DE | 10.42 |
| 07/02/2002 | Federal Express T#814154274936 ROSE SERRETTE to: DAVID SIEGAL COLUMBIA,MD | 9.00 |
| 07/02/2002 | Federal Express T#814154274947 ROSE SERETTE to: WARREN SMITH DALLAS,TX | 10.99 |
| 07/02/2002 | Federal Express T#814154274958 ROSE SERETTE to: FRANK J PERCH WILMINGTON,DE | 9.00 |
| 07/18/2002 | Federal Express T#824841041159 LEWIS KRUGER to: ALFRED M WOLIN NEWARK,NJ | 9.00 |
| 07/30/2002 | FedEx Log 07/02/02 R SERETTE TO WARREN SMITH | 5.83 |
| 07/30/2002 | FedEx Log 07/02/02 R SERETTE TO FRANK J PERCH | 1.47 |
| | **Outside Messenger Service Total** | **55.71** |
| **Meals** | | |
| 07/11/2002 | VENDOR: Harry's Outgoing, Inc.; INVOICE#: 062802; DATE: 6/28/02 -  Rose Serrettte 6/25 | 23.11 |
| 07/11/2002 | VENDOR: Harry's Outgoing, Inc.; INVOICE#: 053102; DATE: 5/31/02   05/28  Rose Serrette | 22.49 |
| 07/12/2002 | VENDOR: Harry's Outgoing, Inc.; INVOICE#: 053102; DATE: R Serrette 5/28 | 22.49 |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | **Meals Total** | **68.09** |
| **Local Transportation** | | |
| 07/11/2002 | VENDOR: Petty Cash; INVOICE#: 07/02/02; DATE: 7/11/02 - 06/14/02    NY PETTY CASH  L.KRUGER | 7.20 |
| 07/16/2002 | NYC Two Ways Inc. SERRETTE 06/25/02 22:02 M from 180 MAIDEN LA to SOUTH RICHMON | 38.31 |
| 07/24/2002 | NYC Two Ways Inc. KRUGER 07/10/02 14:03 M from W 31 ST M to 180 MAIDEN LA | 19.71 |
| 07/30/2002 | VENDOR: Lewis Kruger; INVOICE#: 07/19/02; DATE: 7/30/02 - 07/08  LUNCH WITH JUDGE WOLIN - TRAIN FARE | 3.00 |
| 07/30/2002 | VENDOR: Lewis Kruger; INVOICE#: 07/19/02; DATE: 7/30/02 - 07/10   ATTEND COURT HEARING IN NEWARK - CAB & TRAIN FARE | 6.50 |
| | **Local Transportation Total** | **74.72** |
| **Long Distance Telephone** | | |
| 07/01/2002 | EXTN.3544, TEL.312-861-2124, S.T.13:24, DUR.01:42 | 0.65 |
| 07/01/2002 | EXTN.5492, TEL.302-654-1888, S.T.11:27, DUR.03:18 | 1.30 |
| 07/01/2002 | EXTN.5492, TEL.201-384-1279, S.T.12:41, DUR.06:00 | 1.94 |
| 07/01/2002 | EXTN.5492, TEL.941-355-3076, S.T.13:16, DUR.25:48 | 8.42 |
| 07/01/2002 | EXTN.5492, TEL.302-657-4918, S.T.15:56, DUR.01:30 | 0.65 |
| 07/01/2002 | EXTN.5492, TEL.302-657-4918, S.T.18:01, DUR.08:18 | 2.92 |
| 07/01/2002 | EXTN.5492, TEL.954-583-0773, S.T.18:14, DUR.04:24 | 1.62 |
| 07/01/2002 | EXTN.5492, TEL.757-575-0584, S.T.19:26, DUR.00:12 | 0.25 |
| 07/02/2002 | EXTN.5492, TEL.302-657-4918, S.T.09:56, DUR.03:48 | 1.30 |
| 07/02/2002 | EXTN.5492, TEL.302-657-4918, S.T.14:48, DUR.05:00 | 1.62 |
| 07/02/2002 | EXTN.5492, TEL.757-575-0584, S.T.19:14, DUR.00:06 | 0.25 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/02/2002 | EXTN.5492, TEL.757-575-0584, S.T.19:36, DUR.00:12 | 0.25 |
| 07/02/2002 | EXTN.5492, TEL.757-575-0584, S.T.19:58, DUR.00:36 | 0.25 |
| 07/02/2002 | EXTN.5544, TEL.201-556-4021, S.T.14:04, DUR.09:18 | 3.24 |
| 07/03/2002 | EXTN.5492, TEL.757-575-0584, S.T.08:33, DUR.14:24 | 4.86 |
| 07/03/2002 | EXTN.5492, TEL.954-722-1300, S.T.13:23, DUR.05:42 | 1.94 |
| 07/03/2002 | EXTN.5492, TEL.201-384-1279, S.T.13:31, DUR.01:12 | 0.65 |
| 07/03/2002 | EXTN.5492, TEL.954-722-1300, S.T.14:07, DUR.07:12 | 2.59 |
| 07/03/2002 | EXTN.5492, TEL.201-384-1279, S.T.14:16, DUR.02:54 | 0.97 |
| 07/03/2002 | EXTN.5492, TEL.201-384-1279, S.T.16:26, DUR.00:36 | 0.32 |
| 07/03/2002 | EXTN.5544, TEL.201-556-4039, S.T.09:58, DUR.01:30 | 0.65 |
| 07/03/2002 | EXTN.5544, TEL.302-657-4942, S.T.10:48, DUR.01:24 | 0.65 |
| 07/03/2002 | EXTN.5544, TEL.847-668-6695, S.T.12:16, DUR.00:42 | 0.32 |
| 07/08/2002 | EXTN.5430, TEL.202-371-9770, S.T.16:45, DUR.10:36 | 3.56 |
| 07/08/2002 | EXTN.5431, TEL.312-606-5387, S.T.11:02, DUR.02:00 | 0.65 |
| 07/08/2002 | EXTN.5492, TEL.201-384-1279, S.T.13:12, DUR.02:24 | 0.97 |
| 07/08/2002 | EXTN.5492, TEL.868-638-5235, S.T.18:08, DUR.00:24 | 2.77 |
| 07/08/2002 | EXTN.5492, TEL.954-583-0773, S.T.18:54, DUR.32:36 | 8.61 |
| 07/08/2002 | EXTN.5492, TEL.868-632-5235, S.T.21:11, DUR.00:12 | 2.77 |
| 07/08/2002 | EXTN.5492, TEL.301-614-9599, S.T.21:15, DUR.00:12 | 0.25 |
| 07/08/2002 | EXTN.5562, TEL.202-371-9770, S.T.15:53, DUR.06:36 | 2.27 |
| 07/08/2002 | EXTN.5760, TEL.973-424-2000, S.T.10:14, DUR.00:54 | 0.32 |
| 07/08/2002 | EXTN.6605, TEL.570-426-1319, S.T.19:50, DUR.02:24 | 0.74 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/09/2002 | EXTN.5492, TEL.868-625-4411, S.T.09:02, DUR.15:36 | 44.31 |
| 07/09/2002 | EXTN.5492, TEL.941-355-3076, S.T.09:19, DUR.00:12 | 0.32 |
| 07/09/2002 | EXTN.5492, TEL.941-355-3076, S.T.09:24, DUR.27:36 | 9.07 |
| 07/09/2002 | EXTN.5492, TEL.757-575-0584, S.T.12:23, DUR.06:24 | 2.27 |
| 07/09/2002 | EXTN.5492, TEL.570-426-1319, S.T.17:29, DUR.01:24 | 0.65 |
| 07/09/2002 | EXTN.5544, TEL.201-556-4040, S.T.12:00, DUR.20:48 | 6.80 |
| 07/10/2002 | EXTN.5492, TEL.570-426-1319, S.T.08:58, DUR.12:24 | 4.21 |
| 07/10/2002 | EXTN.5492, TEL.954-731-1035, S.T.09:31, DUR.24:36 | 8.10 |
| 07/10/2002 | EXTN.5492, TEL.201-384-1279, S.T.12:43, DUR.01:06 | 0.65 |
| 07/10/2002 | EXTN.5492, TEL.757-575-0584, S.T.17:21, DUR.00:54 | 0.32 |
| 07/10/2002 | EXTN.5492, TEL.757-575-0584, S.T.17:24, DUR.00:12 | 0.32 |
| 07/11/2002 | EXTN.5492, TEL.201-384-1279, S.T.08:52, DUR.03:06 | 1.30 |
| 07/11/2002 | EXTN.5492, TEL.570-426-1319, S.T.10:01, DUR.04:12 | 1.62 |
| 07/12/2002 | EXTN.5492, TEL.570-426-1319, S.T.10:37, DUR.01:54 | 0.65 |
| 07/12/2002 | EXTN.5544, TEL.201-556-4040, S.T.10:06, DUR.00:24 | 0.32 |
| 07/12/2002 | EXTN.5544, TEL.214-698-3868, S.T.15:36, DUR.01:30 | 0.65 |
| 07/12/2002 | EXTN.5544, TEL.214-698-3868, S.T.16:57, DUR.02:36 | 0.97 |
| 07/15/2002 | EXTN.6015, TEL.202-371-9770, S.T.17:28, DUR.09:12 | 3.24 |
| 07/16/2002 | VENDOR: Lewis Kruger; INVOICE#: 07/01/02; DATE: 7/16/02 - 06/16/02   TELEPHONE CHARGES | 1.40 |
| 07/16/2002 | EXTN.3430, TEL.312-861-2248, S.T.17:00, DUR.00:06 | 0.32 |
| 07/16/2002 | EXTN.3430, TEL.312-861-2248, S.T.17:10, DUR.06:48 | 2.27 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/16/2002 | EXTN.5492, TEL.201-384-1279, S.T.13:39, DUR.03:06 | 1.30 |
| 07/16/2002 | EXTN.5492, TEL.570-426-1319, S.T.18:52, DUR.05:24 | 1.94 |
| 07/16/2002 | EXTN.5492, TEL.757-575-0584, S.T.19:28, DUR.00:12 | 0.25 |
| 07/16/2002 | EXTN.6682, TEL.404-344-4632, S.T.10:22, DUR.46:24 | 15.23 |
| 07/17/2002 | EXTN.5492, TEL.868-625-4411, S.T.09:28, DUR.00:48 | 2.77 |
| 07/17/2002 | EXTN.5492, TEL.868-638-5235, S.T.09:30, DUR.00:18 | 2.77 |
| 07/18/2002 | EXTN.5492, TEL.201-384-1279, S.T.16:46, DUR.00:06 | 0.32 |
| 07/18/2002 | EXTN.5492, TEL.954-731-1035, S.T.18:10, DUR.11:12 | 3.89 |
| 07/18/2002 | EXTN.5544, TEL.201-556-4039, S.T.10:49, DUR.00:42 | 0.32 |
| 07/18/2002 | EXTN.5544, TEL.973-424-2031, S.T.10:51, DUR.03:00 | 0.97 |
| 07/19/2002 | EXTN.5492, TEL.757-575-0584, S.T.16:39, DUR.00:12 | 0.32 |
| 07/19/2002 | EXTN.5760, TEL.973-424-2031, S.T.12:33, DUR.01:42 | 0.65 |
| 07/22/2002 | EXTN.5492, TEL.201-556-4021, S.T.12:56, DUR.03:06 | 1.30 |
| 07/22/2002 | EXTN.5492, TEL.201-384-1279, S.T.13:00, DUR.06:12 | 2.27 |
| 07/22/2002 | EXTN.5492, TEL.201-384-1279, S.T.14:24, DUR.02:12 | 0.97 |
| 07/22/2002 | EXTN.5492, TEL.570-426-1319, S.T.19:24, DUR.00:30 | 0.25 |
| 07/22/2002 | EXTN.6015, TEL.202-371-9770, S.T.11:01, DUR.03:36 | 1.30 |
| 07/23/2002 | EXTN.5492, TEL.732-341-8253, S.T.13:29, DUR.00:54 | 0.32 |
| 07/24/2002 | VENDOR: At&T Teleconference Services; INVOICE#: 070102; DATE: 7/1/02 - 07/02 Firm Teleconferencing  Ken Pasquale | 271.79 |
| 07/24/2002 | EXTN.5430, TEL.973-424-2031, S.T.16:55, DUR.01:06 | 0.65 |
| 07/24/2002 | EXTN.5431, TEL.973-645-2580, S.T.10:01, DUR.02:12 | 0.97 |
| 07/24/2002 | EXTN.5492, TEL.954-731-1035, S.T.11:50, DUR.08:30 | 2.92 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/24/2002 | EXTN.5492, TEL.954-731-1035, S.T.13:39, DUR.01:48 | 0.65 |
| 07/24/2002 | EXTN.5544, TEL.302-426-1900, S.T.10:42, DUR.01:12 | 0.65 |
| 07/24/2002 | EXTN.6015, TEL.202-371-9770, S.T.14:00, DUR.02:12 | 0.97 |
| 07/25/2002 | EXTN.5431, TEL.973-424-2031, S.T.10:13, DUR.00:18 | 0.32 |
| 07/25/2002 | EXTN.6015, TEL.202-371-9770, S.T.14:47, DUR.01:36 | 0.65 |
| 07/26/2002 | EXTN.6015, TEL.202-371-9770, S.T.16:56, DUR.01:36 | 0.65 |
| 07/29/2002 | EXTN.5492, TEL.201-384-1279, S.T.10:52, DUR.04:48 | 1.62 |
| 07/29/2002 | EXTN.5492, TEL.954-731-1035, S.T.20:23, DUR.02:48 | 0.74 |
| 07/29/2002 | EXTN.5760, TEL.973-424-2031, S.T.16:57, DUR.01:06 | 0.65 |
| 07/30/2002 | EXTN.5492, TEL.201-556-4021, S.T.10:51, DUR.13:48 | 4.54 |
| 07/30/2002 | EXTN.5492, TEL.732-271-1999, S.T.14:43, DUR.10:00 | 3.24 |
| 07/30/2002 | EXTN.5492, TEL.954-722-1445, S.T.14:55, DUR.04:36 | 1.62 |
| 07/31/2002 | EXTN.3430, TEL.201-843-4900, S.T.11:44, DUR.01:12 | 0.65 |
| 07/31/2002 | EXTN.6015, TEL.202-454-6624, S.T.18:54, DUR.06:42 | 2.19 |
| | **Long Distance Telephone Total** | **482.89** |

**Duplicating Costs-in House**

| | | |
|------|---|------|
| 07/01/2002 | | 1.10 |
| 07/02/2002 | | 0.40 |
| 07/02/2002 | | 20.70 |
| 07/03/2002 | | 2.80 |
| 07/09/2002 | | 0.60 |
| 07/10/2002 | | 13.60 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| PAGE: 7 | | |
| 07/10/2002 | | 0.10 |
| 07/11/2002 | | 0.60 |
| 07/12/2002 | | 0.10 |
| 07/12/2002 | | 0.80 |
| 07/12/2002 | | 2.30 |
| 07/15/2002 | | 1.50 |
| 07/15/2002 | | 5.20 |
| 07/16/2002 | | 3.60 |
| 07/16/2002 | | 15.10 |
| 07/17/2002 | | 1.80 |
| 07/17/2002 | | 3.60 |
| 07/18/2002 | | 4.60 |
| 07/18/2002 | | 2.20 |
| 07/18/2002 | | 0.90 |
| 07/18/2002 | | 0.60 |
| 07/19/2002 | | 2.20 |
| 07/19/2002 | | 10.60 |
| 07/22/2002 | | 7.20 |
| 07/22/2002 | | 5.20 |
| 07/22/2002 | | 0.50 |
| 07/22/2002 | | 4.30 |
| 07/22/2002 | | 0.30 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/22/2002 | | 6.60 |
| 07/23/2002 | | 6.90 |
| 07/23/2002 | | 24.10 |
| 07/24/2002 | | 0.10 |
| 07/24/2002 | | 4.60 |
| 07/24/2002 | | 0.70 |
| 07/26/2002 | | 48.50 |
| 07/26/2002 | | 12.20 |
| 07/30/2002 | | 8.40 |
| 07/30/2002 | | 2.10 |
| 07/30/2002 | | 0.60 |
| 07/31/2002 | | 0.70 |
| | **Duplicating Costs-in House Total** | **228.00** |

**Postage**

| | | |
|------|-------------|--------|
| 05/13/2002 | Postage Charged by  on 05/06/2002 | 12.45 |
| 07/09/2002 | Postage Charged by  on 07/01/2002 | 0.37 |
| | **Postage Total** | **12.82** |

**Facsimile Charges**

| | | |
|------|-------------|--------|
| 07/12/2002 | FAX # 799-1349 | 24.00 |
| 07/19/2002 | FAX # 868-1229 | 4.00 |
| 07/19/2002 | FAX # 305-374-7593 | 4.00 |
| 07/19/2002 | FAX # 907-463-3567 | 4.00 |
| 07/31/2002 | FAX # 474-3700 | 41.00 |

# STROOCK

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | **Facsimile Charges Total** | **77.00** |
| | | |
| | **Travel Expenses - Transportation** | |
| 07/30/2002 | VENDOR: Ken Pasquale; INVOICE#: 07/23/02; DATE: 7/30/02 - 07/22   TRIP TO WILMINGTON, DE FOR COURT HEARINGS - MILEAGE &  PARKING CHARGES | 89.95 |
| | | |
| | **Travel Expenses - Transportation Total** | **89.95** |
| | | |
| | **Westlaw** | |
| 07/17/2002 | ; Duration 0:10:01; By SASSON MOSHE | 57.11 |
| 07/22/2002 | ; Duration 0:00:00; By KRIEGER ARLENE G | 45.25 |
| 07/24/2002 | ; Duration 0:00:00; By KRIEGER ARLENE G | 29.25 |
| | **Westlaw Total** | **131.61** |
| | | |
| | **Word Processing - Logit** | |
| 07/03/2002 | | 30.00 |
| | **Word Processing - Logit Total** | **30.00** |

| TOTAL DISBURSEMENTS/CHARGES | $ 1,250.79 |
|-----------------------------|------------|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re                                    )    Chapter 11
                                         )
W. R. Grace & Co. et al.[1];             )    Case No. 01-01139(JKF)
                                         )    Jointly Administered
                Debtors.                 )
                                         )
                                              **Objection Deadline:**
                                              **November 13, 2002 at 4:00 p.m.**

## NOTICE OF FILING OF MONTHLY FEE APPLICATION

To:  (1) The Debtors; (2) Counsel to the Debtors; (3) The Office of the United States Trustee; (4) Counsel to the Official Committee of Asbestos Personal Injury Claimants; (5) Counsel to the Official Committee of Asbestos Property Damage Claimants; (6) Counsel to the Official Committee of Equity Holders; and (7) Counsel to the Debtors-in-Possession Lenders (8) the Fee Auditor:

Stroock & Stroock & Lavan LLP ("Stroock"), counsel to the Official Committee of

Unsecured Creditors (the "Committee") of the above captioned debtor and debtors in possession

in the above-captioned chapter 11 cases, filed and served the Seventeenth Monthly Fee

Application of Stroock & Stroock & Lavan LLP for Interim Compensation and for

Reimbursement of Expenses for the services rendered during the period August 1, 2002 through

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

August 31, 2002, seeking compensation in the amount of $93,522.50, reimbursement for actual

and actual and necessary expenses in the amount of $11,539.51 and payment of the August 2002

invoice of Chambers Associates Incorporated in the amount of $5,046.70 (the "Monthly Fee

Application").

Objections or responses to the Monthly Fee Application, if any, must be made in writing

and filed with the United States Bankruptcy Court for the District of Delaware, Marine Midland

Plaza, 824 Market Street, 6th Floor, Wilmington, Delaware 19801, on or before **November 13,**

**2002 at 4:00 p.m.**

At the same time you must also serve a copy of the objections or responses, if any, upon

the following:  (i) co-counsel for the Debtors, James H.M. Sprayregen, Esquire, Kirkland &

Ellis, 200 East Randolph Drive, Chicago, Illinois 60601 (fax number 312-861-2200), and Laura

Davis Jones, Esquire, Pachulski, Stang, Ziehl, Young & Jones P.C., 919 North Market Street,

Suite 1600, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (fax number 302-652-

4400); (ii) co-counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Esquire,

Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (fax

number 212-806-6006), and Michael R. Lastowski, Esquire, Duane, Morris LLP, 1100 N.

Market Street, Suite 1200, Wilmington, Delaware 19801-1246 (fax number 302-657-4901);

(iii) co-counsel to the Official Committee of Asbestos Property Damage Claimants, Scott L.

Baena, Esquire, Blizin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center,

200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (fax number 305-374-7593),

and Michael B. Joseph, Esquire, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box

1351, Wilmington, Delaware 19899 (fax number 302-575-1714); (iv) co-counsel to the Official

Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch, Esquire, Caplin & Drysdale,

399 Park Avenue, 36th Floor, New York, New York 10022 (fax number 212-644-6755) and

Matthew G. Zaleski, III, Esquire, Campbell & Levine, LLC, Chase Manhattan Centre, 15th

Floor, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801 (fax number 302-426-

9947); (v) co-counsel to the DIP Lender, J. Douglas Bacon, Esquire, Latham & Watkins , Sears

Tower, Suite 5800, Chicago, Illinois 60606 (fax number 312-993-9767), and Steven M. Yoder,

Esquire, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. 25130, Wilmington, Delaware

19899 (fax number 302-658-6395); (vi) counsel to the Official Committee of Equity Holders,

Thomas Moers Mayer, Esquire, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New

York, New York 10022 (fax number 212-715-8000);  and (vii) the Office of the United States

Trustee, Attn:  Frank J. Perch, Esquire, 844 N. King Street, Wilmington, Delaware 19801

(fax number 302-573-6497); and (viii) the Fee Auditor, to Warren H. Smith, Warren H. Smith

and Associates, 900 Jackson Street, 120 Founders Square, Dallas, TX 75202.

Dated:  Wilmington, DE
   October 24, 2002

**RESPECTFULLY SUBMITTED,**

        /s/

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:  mlastowski@duanemorris.com

William S. Katchen, Esquire
DUANE MORRIS LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 424-2000
Facsimile: (973) 424-2001
E-mail:  wskatchen@duanemorris.com

and

Lewis Kruger, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
e-mail:  lkruger@Stroock.com

Co-Counsel for the Official Committee of
Unsecured Creditors of W. R. Grace & Co., et al.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          Chapter 11

**W.R. Grace & Co., et al.**                    Case No. 01-01139 (JKF)

                        Debtors.                Jointly Administered

## SEVENTEENTH MONTHLY FEE APPLICATION OF STROOCK & STROOCK & LAVAN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM AUGUST 1, 2002 THROUGH AUGUST 31, 2002

Name of Applicant                               **Stroock & Stroock & Lavan LLP**

Authorized to Provide
Professional Services to:                        **Official Committee of Unsecured Creditors**

Date of Retention:                              **April 12, 2001**

Period for which compensation and              **August 1, 2002 – August 31, 2002**
reimbursement is sought

Amount of Compensation sought as               **$93,522.50 (80% - $74,818.00)**
actual, reasonable and necessary:

Amount of Expense Reimbursement sought         **$11,539.51 (Stroock)**
as actual, reasonable and necessary:           **$5,046.70 (Chambers)**

This is an: ☒ interim ☐ final application

The total time expended for the preparation of the Sixteenth Monthly Fee Statement and the Fifth Quarterly Fee Application  is approximately 19.9 hours and the corresponding compensation requested is approximately $6,982.00.

**Attachment A**

**Monthly Fee Applications**

| Date Filed | Period Covered | Requested | | Approved for Payment | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 30, 2001 | 4/12/01-4/30/01 | $138,926.00 | $1,975.13 | $111,140.80 | $1,975.13 |
| July 2, 2001 | 5/1/01 – 5/31/01 | $139,928.75 | $6,884.73 | $111.943.00 | $6,884.73 |
| July 30, 2001 | 6/1/01 – 6/30/01 | $91,019.00 | $10,458.14 | $72,815.20 | $10,458.14 |
| August 31, 2001 | 7/1/01-7/31/01 | $92,308.00 | $5,144.37 | $73,846.40 | $5,144.37 |
| October 2, 2001 | 8/1/01 8/31/01 | $53,873.50 | $3,069.88 | $43,098.80 | $3,069.88 |
| October 31, 2001 | 9/1/01 – 9/30/01 | $58,742.00 | $6,801.32 | $46,993.60 | $6,801.32 |
| November 26, 2001 | 10/1/01 – 10/31/01 | $101,069.00 | $3,562.09 | $80,855.20 | $3,562.09 |
| January 8, 2002 | 11/1/01 – 11/30/01 | $136,368.50 | $8,847.34 | $109,094.80 | $8,847.34 |
| February 1, 2002 | 12/01/01 – 12/31/01 | $92,064.50 | $9,471.47 | $73,651.60 | $9,471.47 |
| March 14, 2002 | 01/01/02 – 01/31/02 | $100,231.50 | $14,675.58 | $80,185.20 | $14,675.58 |
| April 22, 2002 | 02/01/02 – 02/28/02 | $88,974.50 | $16,863.97 | $71,179.60 | $16,863.97 |
| May 8, 2002 | 03/01/02 – 03/31/02 | $77,964.25 | $1,190.44 | $62,371.40 | $1,190.44 |
| June 3, 2002 | 04/01/02 – 04/30/02 | $97,251.50 | $11,588.86 | $77,801.20 | $11,588.86 |

| July 3, 2002 | 05/01/02-05/31/02 | $71,910.75 | $46,105.12 | $59,918.60 | $46,105.12 |
| August 5, 2002 | 06/01/02 – 06/30/02 | $73,097.75 | $116,720.77 | $58,477.40 | $116,720.77 |
| September 20, 2002 | 07/01/02 – 07/31/02 | $90,903.27 | $13,274.04 | $72,722.61 | $13,274.04 |

| WR GRACE & CO | | | | |
|---|---|---|---|---|
| ATTACHMENT B | | | | |
| AUGUST 1, 2002 - AUGUST 31, 2002 | | | | |
| | | | | No. of Years |
| | Hours | Rate | Amount | In Position |
| **Partners** | | | | |
| Kruger, Lewis | 8.6 | $ 695.00 | $ 5,977.00 | 32 |
| Pasquale, Kenneth | 26.3 | $ 495.00 | $ 13,018.50 | 3 |
| | | | | |
| **Associates** | | | | |
| Berg, Madelaine | 0.2 | $ 500.00 | $ 100.00 | 22 |
| Krieger, Arlene | 98.9 | $ 475.02 | $ 46,977.50 | 18 |
| Sasson, Moshe | 38.7 | $ 395.00 | $ 15,286.50 | 8 |
| Taruschio Anna | 17.3 | $ 285.00 | $ 4,930.50 | 2 |
| | | | | |
| **Paraprofessionals** | | | | |
| Bertuglia Lyons, Jessica | 6.2 | $ 155.00 | $ 961.00 | 4 |
| Calvo, Fernando | 0.5 | $ 135.00 | $ 67.50 | 1 |
| Defreitas, Vaughn | 14.2 | $ 100.00 | $ 1,420.00 | 14 |
| Kaufman, Eric | 0.2 | $ 120.00 | $ 24.00 | 4 |
| Mariano, Christine | 16.9 | $ 155.00 | $ 2,619.50 | 6 |
| Schoenfeld, Benjamin | 3.5 | $ 155.00 | $ 542.50 | 1 |
| Serrette, Rosemarie | 9.4 | $ 170.00 | $ 1,598.00 | 14 |
| | | | | |
| **Subtotal** | 240.9 | | $ 93,522.50 | |
| | | | | |
| **Less 50% Travel** | -0.8 | | $ (371.25) | |
| | | | | |
| **Total** | 240.1 | | $ 93,151.25 | |

| | WR GRACE & CO | | |
|---|---|---|---|
| | COMPENSATION BY PROJECT CATEGORY | | |
| | AUGUST 1, 2002 - AUGUST 31, 2002 | | |
| | | | |
| Matter Code | Project Category | Hours | Total Fees ($) |
| 0002 | Asbestos: Claims Analysis and Valuations | 37.9 | $ 16,731.50 |
| 0008 | Asset Acquisitions/Business Combinations | 1.3 | $ 617.50 |
| 0013 | Business Operations | 0.9 | $ 432.50 |
| 0014 | Case Administration | 31.2 | $ 8,928.50 |
| 0015 | Claims Analysis/Objections/Administration (Non-Asbestos) | 0.6 | $ 285.00 |
| 0017 | Committee Matters and Creditor Meetings | 14.5 | $ 6,887.50 |
| 0018 | Fee Applications of Self | 19.9 | $ 6,982.00 |
| 0020 | Fee Applications of Others | 2.3 | $ 1,092.50 |
| 0021 | Employee Matters | 6.3 | $ 2,992.50 |
| 0034 | Litigation/Fraudulent Conveyance | 110.2 | $ 39,190.00 |
| 0035 | Non-Working Travel Time | 1.5 | $ 742.50 |
| 0037 | Preparation for and Attendance at Hearings | 12.9 | $ 7,975.50 |
| 0040 | Retention of Professionals | 0.7 | $ 332.50 |
| 0041 | Stay Litigation (Section 362) | 0.7 | $ 332.50 |
| | | | |
| | Subtotal | 240.9 | $ 93,522.50 |
| | | | |
| | Less 50% Travel | -0.8 | $ (371.25) |
| | | | |
| | Total | 240.2 | $ 93,151.25 |

STROOCK & STROOCK & LAVAN LLP • NEW YORK • LOS ANGELES • MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1273490v1

# STROOCK

## SERVICE AND EXPENSE REMITTANCE SUMMARY

| | |
|---|---|
| DATE | October 23, 2002 |
| INVOICE NO. | 271613 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |
| RE | 699843 W R Grace & Co |

| | |
|---|---|
| TOTAL FOR PROFESSIONAL SERVICES RENDERED | $ 93,522.50 |
| TOTAL DISBURSEMENTS/CHARGES | $ 11,539.51 |
| TOTAL BILL | $ 105,062.01 |

Please return this page with your remittance and please reference the client/matter number on all related correspondence.

| AMOUNT PAID | $ |
|---|---|

Any disbursement balances shown are compiled from original sources as entered on our records to the billing date shown. Any disbursements/charges invoiced to us or posted by us subsequent to that date will be reflected in future billing.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1273490v1

# STROOCK

| DATE | October 23, 2002 |
|------|------------------|
| INVOICE NO. | 271613 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |
| RE | 699843 W R Grace & Co |

FOR PROFESSIONAL SERVICES RENDERED and disbursements incurred for the period through August 31, 2002 in connection with the following matters:

|  | FEES | DISBURSEMENTS | TOTAL |
|---|---|---|---|
| 0002 Asbestos: Claims Analysis and Valuations | 16,731.50 | 0.00 | 16,731.50 |
| 0008 Asset Acquisitions/Business Combinations | 617.50 | 0.00 | 617.50 |
| 0013 Business Operations | 432.50 | 0.00 | 432.50 |
| 0014 Case Administration | 8,928.50 | 0.00 | 8,928.50 |
| 0015 Claims Analysis/Objections/Administration (Non-Asbestos) | 285.00 | 0.00 | 285.00 |
| 0017 Committee Matters and Creditor Meetings | 6,887.50 | 0.00 | 6,887.50 |
| 0018 Fee Applications of Self | 6,982.00 | 0.00 | 6,982.00 |
| 0020 Fee Applications of Others | 1,092.50 | 0.00 | 1,092.50 |
| 0021 Employee Matters | 2,992.50 | 0.00 | 2,992.50 |
| 0024 Expenses | 0.00 | 11,539.51 | 11,539.51 |
| 0034 Litigation/Fraudulent Conveyance | 39,190.00 | 0.00 | 39,190.00 |
| 0035 Non-Working Travel Time | 742.50 | 0.00 | 742.50 |
| 0037 Preparation for and Attendance at Hearings | 7,975.50 | 0.00 | 7,975.50 |
| 0040 Retention of Professionals | 332.50 | 0.00 | 332.50 |
| 0041 Stay Litigation (Section 362) | 332.50 | 0.00 | 332.50 |
| TOTAL | 93,522.50 | 11,539.51 | 105,062.01 |

# STROOCK

## INVOICE

| | |
|---|---|
| DATE | October 23, 2002 |
| INVOICE NO. | 271613 |
| CLIENT | W R Grace & Co |
| | 7500 Grace Drive |
| | Columbia, MD 21044-4098 |

FOR PROFESSIONAL SERVICES RENDERED in the captioned matter for the period through August 31, 2002, including:

| | |
|---|---|
| RE | Asbestos: Claims Analysis and Valuations |
| | 699843 0002 |

| DATE | DESCRIPTION | NAME | HOURS |
|---|---|---|---|
| 08/01/2002 | M. Sasson - Research and obtain 3rd Circ. decision in re: Federal Mogul | Kaufman, E. | 0.2 |
| 08/01/2002 | Review Chambers response to ACC brief, incorporate into brief (3.0); obtain and review Federal Mogul decision by 3rd Circuit (.8); e-mails, t/c K. Pasquale re: use in brief same (.3). | Sasson, M. | 4.1 |
| 08/02/2002 | Attention to Committee's draft brief on case management issues (5.0) | Pasquale, K. | 5.0 |
| 08/02/2002 | Review Chambers response to ACC brief, incorporate into brief (3.0); o/c K. Pasquale re: same (.2); review SA memo re: federal (.1); t/c M. Lyman re: ACC response brief (.2). | Sasson, M. | 3.5 |
| 08/05/2002 | Memos to and from K. Pasquale re draft brief on PI asbestos claims case management (.1); review draft committee brief (.8); office conference KP re same (.2); review recently filed discovery-related pleadings in the ZAI | Krieger, A. | 1.8 |

| DATE | DESCRIPTION | NAME | HOURS |
|------|-------------|------|-------|
| | litigation (.6); Judge Fitzgerald July 22 Order re ZAI motion of leave to appeal (.1). | | |
| 08/05/2002 | Further attention to Committee's draft case management brief (2.0); telephone conference T. Maher re same (.1) | Pasquale, K. | 2.1 |
| 08/05/2002 | Review comments from Chambers, K. Pasquale, revise brief (2.0); finalize, t/c and e-mail to local counsel (.2). | Sasson, M. | 2.2 |
| 08/06/2002 | Review Equity Committee brief regarding pi case management (.2). | Krieger, A. | 0.2 |
| 08/06/2002 | Revise/finalize CMO brief (.3); attention to filing/service issues (t/c J. Greenberg, R. Riley, B. Ketchum, K. Pasquale re: same; review dockets for associated filintgs) (1.5); attention to filings (equity committee brief; transcript of 7/22/02 hearing (1.5). | Sasson, M. | 3.3 |
| 08/07/2002 | Reviewed proposed order setting ZAI litigation schedule (.3) and review other recent pleadings; memorandum of unofficial committee of select asbestos claimants re case management process (.3). | Krieger, A. | 0.6 |
| 08/07/2002 | Review ZAI CMO (.2); review SAC reply/exhibits to estimation motions and exhibits (.8); review equity committee case management proposal (.5). | Sasson, M. | 1.5 |
| 08/08/2002 | Review Debtor's revised ZAI budget (.2).. | Krieger, A. | 0.2 |
| 08/08/2002 | Review unofficial committee of select asbestos claimants' memorandum re pi claims management proposals (.7). | Krieger, A. | 0.7 |
| 08/12/2002 | Review equity security holders brief re case management proposals (.2). | Krieger, A. | 0.2 |
| 08/12/2002 | Attention to filings/memos (memo re: class certification decision in Armstrong; settlement info re: B&W). | Sasson, M. | 0.4 |
| 08/13/2002 | Review ZAI claimants revised special counsel designation and litigation budget for trial (.2). | Krieger, A. | 0.2 |
| 08/13/2002 | Attention to case management brief submitted by Unofficial Select Asbestos Claimants | Pasquale, K. | 1.2 |

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM
SSL-DOCS1 1273490v1