**RPWB** RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC

EDWARD J. WESTBROOK
Direct: 843.727.6513
Fax:    843.727.6688
Email: ewestbrook@rpwb.com

James C. Bradley
Michael J. Brickman
J. David Butler
William M. Connelly
Jerry Hudson Evans
Nina H. Fields
Thomas P. Gressette, Jr.
H. Blair Hahn
Daniel S. Haltiwanger
Christian H. Hartley
Kimberly S. Keevers
Gregory A. Lofstead
Daniel O. Myers
Karl E. Novak
Kevin L. Oufnac
Charles W. Patrick, Jr.
Terry E. Richardson, Jr.
Thomas D. Rogers
A. Hoyt Rowell, III
T. Christopher Tuck
Robert M. Turkewitz
Nicholas J. Vogelzang (IL Only)
James L. Ward, Jr.
Edward J. Westbrook
Kenneth J. Wilson
Robert S. Wood

Of Counsel:
Timothy E. Eble
James H. Rion, Jr.

November 22, 2002

Via Facsimile – (412) 644-5448
Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, W.E.PA
5490 US Steel Tower
Pittsburgh, PA  15219

Re:  In Re: W.R. Grace Case No. 01-01139 (JKF) (ZAI Science Trial)

Dear Judge Fitzgerald:

Grace and the ZAI Claimants have been working diligently during the fact discovery portion of the ZAI Science Trial preparation. Fact discovery is currently scheduled to end on December 31, 2002. Last week, Grace produced 12,582 documents on CDs in addition to the 25,574 documents produced on October 24, 2002. Further, to avoid a controversy regarding the Grace document index for its Boston repository, the parties have compromised with Grace agreeing to produce approximately 3,200 more documents in the near future.

In addition to producing documents, Grace has also produced, pursuant to Court order, rolling privilege logs on August 22, 2002 and November 15, 2002. The ZAI claimants are reviewing these logs and conferring with Grace to narrow any privilege disputes. The parties have also been exchanging interrogatories, requests for production and requests for admissions.

As the process has unfolded, the parties have conferred concerning the schedule. At the September 23, 2002 status conference, the Court recognized that with the extensive document production that was expected at that time (and has since taken place), the discovery schedule might have to be extended somewhat. September 23, 2002 Tr. at 71. The parties have been mindful of the Court's desire to proceed with the ZAI science proceedings expeditiously and have endeavored to do so. Considering the volume of documents produced and the need to assimilate the information therein before filing expert reports and taking depositions as necesary, the parties have agreed that a modest extension of the schedule, subject to Court approval, is in order.

Attached hereto is an Amended Scheduling Order the parties have worked out subject to approval of the Court. It basically moves the deadlines back approximately 60 days while keeping the time periods for responses and replies to motions intact. We understand that the Court has recently inquired about moving the motions hearing date due to the Court's schedule. The proposed amendment may accommodate the Court's schedule better as well, since it moves the motions hearing date.

Honorable Judith K. Fitzgerald
November 22, 2002
Page Two of Two

The parties will be prepared to answer any questions from the Court concerning their agreed-upon proposed Order at the status conference on Monday, November 25, 2002.

Respectfully,

*[signature]*

Edward J. Westbrook

EJW/kag
Attachment
cc: James Restivo, Esq. – Counsel for W.R. Grace

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related to Dkt. #2193, 2375 |
| | ) | Related to July 22, 2002, Agenda No. 13 |

## AMENDED ORDER

AND NOW, this _____ of November, 2002,

WHEREAS this Court held several hearings, including one on July 22, 2002, on the above captioned Agenda No. 13 and entered a scheduling order which modified the order Debtors' counsel presented in the hearing binder;

WHEREAS a modified scheduling order entered at the July 22, 2002, hearing on Agenda No. 13 was not docketed and cannot be located by the Court or the parties;

WHEREAS the Court has reviewed the transcripts concerning Agenda No.13, and the proposed orders submitted by various parties;

NOW, THEREFORE, IT IS ORDERED that the scope of discovery will be limited to what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm. Any discovery disputes shall be handled in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court for the District of Delaware, the procedures of this Court and any orders entered by this Court.

It is FURTHER ORDERED that the discovery schedule is as follows:

(1)　Fact discovery ends February 28, 2003;

(2)　ZAI claimants' expert reports are due March 21, 2003;

(3) Debtors' expert reports are due April 11, 2003;

(4) Depositions of ZAI claimants' experts are to be conducted from April 14, 2003 to May 9, 2003;

(5) Depositions of Debtors' experts are to be conducted from May 12, 2003 to June 6, 2003;

(6) Debtors shall file and ZAI claimants may file a Rule 42 consolidation motion together with related Daubert/summary judgment motions by July 7, 2003;

(7) Responses are due August 8, 2003;

(8) Replies are due August 18, 2003.  Replies are limited to 10 pages;

(9) Argument will be in Pittsburgh, Pennsylvania, Courtroom A, 5490 US Steel Tower, 600 Grant Street, at a date to be set by the Court on or after September 8, 2003, at 9:00 a.m. at which time the Court will address further pretrial matters.

**IT IS FURTHER ORDERED** that consideration of matters relating to class certification is postponed until further Order.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge