**EXHIBIT "B"**

**SUMMARY OF PRINCIPAL SERVICES RENDERED FOR THE PERIOD**
JULY 1, 2002 THROUGH SEPTEMBER 30, 2002

1.    Case Administration – 15537 – 85.7 hours ($18,334.50)

This matter covers the attention given to routine motions and pleadings, and preparation of responses thereto, the preparation of summaries and analyses of such papers for the PD Committee, and meetings with the Debtors or their professionals.

The Applicant's focus on the administration of the Consolidated Cases during the Application Period continued to permit the PD Committee to remain fully informed about all on-going matters pending in the Consolidated Cases.

During the Application Period, the Applicant spent time keeping track of developments in other pending asbestos bankruptcy cases that implicate property damage claims, including the class certification hearing in the Armstrong World Industries case.

In addition, during the Application Period, the Debtors and Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") filed their respective proposals and counter-proposals with respect to case management procedures for personal injury claims.  The Applicant carefully reviewed and analyzed each of the proposals and provided advice and recommendations to the PD Committee with respect thereto.  The Applicant also reviewed and analyzed the responses filed by the Equity Committee and the Official Committee of Unsecured Creditors.

In addition, during the Application Period, the Applicant fielded phone calls from potential property damage claimants.  The Applicant explained the history of the Consolidated Cases to these claimants as well as the process that they must follow in order to participate in these Consolidated Cases.

2.      Debtors' Business Operations – 15538 – 19.8 hours ($5,015.00)[1]

This matter covers the attention given to review and analysis of the Debtors' statement of affairs, schedules of assets and liabilities, monthly reports of operations and their Securities and Exchange Commission filings.

Prior to the Application Period, the Applicant participated in a brief discussion with the PD Committee's financial advisors, Conway, Del Genio, Gries & Co., LLC ("CDG") regarding a meeting they had with the Debtors' financial advisors concerning a proposed revised key employee retention program. Thereafter, after receiving the Debtors' motion to revise the existing key employee retention program, the Applicant discussed the contents thereof with CDG and the PD Committee. During the Application Period, the Applicant drafted an objection to the Debtors' motion. During the initial hearing on the motion, the Court granted the Applicant authority to take discovery of the Debtors with respect to the requests made in the motion. Thereafter, the Applicant deposed two executives of the Debtors and one consultant. The Applicant then filed a supplemental objection to the motion and argued its objection at the next omnibus hearing.

In addition, the Applicant reviewed the Debtors' quarterly reports of *de minimus* asset sales and settlements. The Applicant also reviewed the Debtor's 10-Q filed in August 2002 and the Debtor's monthly operating reports filed during the Application Period.

3.      Creditors Committee – 15539 – 16.3 hours ($4,909.00)

This matter covers formation, membership, and by-law issues of the PD Committee. It also covers attendance at PD Committee meetings, preparation of materials for and presentations thereon to the PD Committee, and the preparation of minutes of the meetings.

---

[1] Please note that the description set forth in this category also includes a narrative of time entered in the "Employee Benefits" matter for August and September 2002. The "Employee Benefits" matter was not opened by the Applicant

During the Application Period, the Applicant convened weekly telephonic meetings of the PD Committee.  The Applicant prepared detailed agendas for each meeting, reviewed pending matters and issues in preparation therefor, and counseled the members in formulating a position on such matters and positions.  Further, subsequent to the meetings the Applicant drafted, and circulated for review prior to adoption, drafts of minutes of the PD Committee meetings.

Throughout its representation of the PD Committee, the Applicant has aggressively and attentively represented the interests of the PD Committee.  Assuming the role of liaison, the Applicant has continued to maintain continuous communications with the Debtors' counsel and PD Committee members and, at times, counsel to the personal injury claimants committee and counsel to the unsecured creditors' committee.  The Applicant timely and professionally relayed information to PD Committee members through in-person meetings, telephone conference calls, e-mail and correspondence.

4.    Court Appearances – 15544 – 43.4 hours ($7,520.00)

This matter covers preparation for and attendance at omnibus court hearings and status conferences.

During the Application Period, the Applicant prepared for, attended, and actively participated in each of the omnibus hearings held during the Application Period.  The July 22, 2002 hearing was attended by Mr. Scott L. Baena and Mr. Jay M. Sakalo, the attorneys who have principally handled all issues related to case management issues.  During the hearing, Mr. Baena presented the PD Committee's arguments on its motion to clarify the bar date order (filed during the prior application period) and on its application to retain special counsel with respect to the

until August.  Thus, for ease of convenience, the Applicant has included the narrative under this matter number.

ZAI science trial.  Mr. Sakalo argued the PD Committee's objection to the Debtor's motion to revise the key employee retention program.

The August 26, 2002 hearing was also attended by both Mr. Baena and Mr. Sakalo.  Mr. Baena argued the response of the Applicant to the Fee Auditor's final report on the Applicant's fourth fee application.  Mr. Sakalo argued the PD Committee's supplemental objection to the Debtors' motion to revise the key employee retention program.

5.      Fee Applications – 15543 – 69.3 hours ($12,147.00)

This matter covers time expended preparing fee applications for the Applicant, the applications for reimbursement of expenses of PD Committee members or professionals, and reviewing, and objecting if necessary, to fee applications of others.

During the Application Period, the Applicant expended time preparing, drafting and filing its eleventh, twelfth and thirteenth interim fee applications, and fifth quarterly fee application, and the related application for reimbursement of expenses of PD Committee members.

In addition, the Applicant prepared its response to the Fee Auditor's final report for the fourth quarterly period, and the first through third quarterly period.

The Applicant also assisted the PD Committee's financial advisors, CDG, and the PD Committee's asbestos claims expert, HR&A, with finalizing their respective fee applications during the Application Period.

6.      Travel – 15546 – 15.8 hours ($6,060.00)

The Applicant traveled to Wilmington, Delaware to attend the omnibus hearings in July and August, 2002.  In addition, the Applicant traveled to Chicago, Illinois and Columbia, Maryland to take the depositions in connection with the objection to the motion to revise the key

employee retention program.  In accordance with Local Rule 2016-2(d)(viii), all such time is being billed at fifty percent (50%) of regular hourly rates, to the extent work was not being performed en route.

7.    Claims Analysis, Objection, Resolution and Estimation (Asbestos) – 15545 – 16.0 hours ($2,728.50)

This matter covers the review and analysis of asbestos claims filed against the estates and objections thereto.

During the Application Period, the Applicant coordinated with the Debtors' claims agent, Rust Consulting, to obtain copies of all property damage proofs of claim filed in the Consolidated Cases.  Thereafter, the Applicant reviewed the weekly "data dumps" of property damage claims filed.

8.    ZAI Science Trial – 27905 – 36.6 hours ($ 9,729.50)

This matter covers all issues related to the "ZAI Science Trial" scheduled by the Court.

During the February omnibus hearing, the Debtors informed the Court that they had filed proofs of claim on behalf of all of the named plaintiffs in all pending Zonolite Attic Insulation lawsuits ("ZAI").  Thereafter, counsel for the ZAI claimants filed a motion to strike the proofs of claim.  The Applicant carefully monitored and analyzed these papers and provided advice to the PD Committee with respect thereto.  In addition, the Applicant researched the decisional and statutory law governing the filing of proofs of claim by a debtor on behalf of contingent, unliquidated unsecured creditors in order to provide advice and recommendations to the PD Committee.

Prior to the Application Period, the Court ruled on the permissibility of the filing of the proofs of claim by the Debtors, concluding that it was permissible.  Thereafter, the Court ruled

that a "science" trial would be held and that the ZAI claimants would be represented in such trial by either Special Counsel or the PD Committee, and that the Debtors would be responsible for bearing the fees and costs of such counsel, subject to the approval of a budget by the Court. Thereafter, the Applicant convened a meeting of the PD Committee to discuss the issues related to the Court's ruling.  Since the PD Committee is barred from representing individual claimants in the Consolidated Cases, the decision was made that Special Counsel would be necessary to represent the ZAI claimants.  Thereafter, the Applicant, on behalf of the PD Committee, and at the Court's direction, drafted a motion to retain the Special Counsel that were proposed by the ZAI claimants on whose behalf the Debtors filed proofs of claim.

During the Application Period, the Applicant finalized all retention papers related to the retention of Special Counsel to represent the ZAI claimants.  Thereafter, upon Court approval of Special Counsel, the Applicant monitored the progress of the ZAI Science Trial.

9.      Relief From Stay – 15564 – 6.6 hours ($ 1,614.00)

This matter covers attention to requests for relief from the automatic stay; objections thereto, and related court hearings.

During the Application Period, the Applicant carefully reviewed and analyzed the motions of Wachovia and Bank of America for relief from the automatic stay to effectuate setoff. Upon reasoned analyses, including a review of relevant decisional law and discussions with the Debtors, no objections to the motions were filed.

10.     Litigation Consulting – 15563 – 3.1 hours ($835.50)

This matter covers the analysis of all litigation claims (other than fraudulent transfer and ZAI) other than those for which a special billing matter has been established.