# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | **Objection Deadline: December 17, 2002 at 4:00 p.m.** |
| | ) | **Hearing Date: March 17, 2003 at 12:00 p.m.** |

## SUMMARY OF THE SIXTH QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2002 THROUGH SEPTEMBER 30, 2002

| | |
|---|---|
| Name of Applicant: | **Kirkland & Ellis** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered May 3, 2001, effective as of April 2, 2001.** |
| Period for which compensation and reimbursement is sought: | **July 1, 2002 through September 30, 2002** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$918,624.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$135,434.17** |
| This is a: __ monthly  x quarterly application. | |

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| May 29, 2001 | 4/2 - 4/30/01 | $626,079.00 | $32,439.84 | pending | pending |
| June 29, 2001 | 5/1 - 5/31/01 | $567,151.00 | $77,487.86 | pending | pending |
| July 31, 2001 | 6/1 - 6/30/01 | $560,569.50 | $45,466.13 | pending | pending |
| July 31, 2001 | April - June, 2001 | $1,753,799.50 | $155,393.83 | pending | pending |
| August 28, 2001 | 7/1-7/31/01 | $476,582.50 | $25,312.13 | pending | pending |
| September 28, 2001 | 8/1-8/31/01 | $472,334.50 | $29,022.59 | pending | pending |
| October 30, 2001 | 9/1-9/30/01 | $443,617.50 | $27,147.47 | pending | pending |
| November 7, 2001 | July - September, 2001 | $1,392,534.50 | $81,482.19 | pending | pending |
| December 11, 2001 | 10/1-10/31/01 | $493,074.00 | $27,724.54 | pending | pending |
| December 29, 2001 | 11/1-11/30/01 | $524,980.00 | $29,678.21 | pending | pending |
| January 31, 2002 | 12/1-12/31/01 | $405,278.50 | $27,276.95 | pending | pending |
| February 7, 2002 | October-December, 2001 | $1,423,332.50 | $84,679.70 | pending | pending |
| March 4, 2002 | 1/1-1/31/02 | $439,056.00 | $32,279.54 | Interim approval[2] | Interim approval |
| March 27, 2002 | 2/1-2/28/02 | $412,304.00 | $18,475.64 | Interim approval | Interim approval |
| May 2, 2002 | 3/1-3/31/02 | $430,342.50 | $51,759.20 | Interim approval | Interim approval |
| June 10, 2002 | January-March, 2002 | $1,281,702.50 | $102,514.38 | $1,281,702.50 | $101,656.38 |
| June 10, 2002 | 4/1-4/30/02 | $410,702.50 | $25,286.05 | pending | pending |
| July 2, 2002 | 5/1-5/31/02 | $335,280.50 | $25,556.83 | pending | pending |
| August 8, 2002 | 6/1-6/30/02 | $243,127.00 | $16,326.36 | pending | pending |
| September 3, 2002 | April-June, 2002 | $989,110.00 | $67,169.24 | pending | pending |
| September 11, 2002 | 7/1-7/31/02 | $335,129.00 | $28,504.48 | pending | pending |
| October 2, 2002 | 8/1-8/31/02 | $344,619.00 | $86,047.20 | pending | pending |
| October 30, 2002 | 9/1-9/30-02 | $238,876.50 | $20,882.49 | pending | pending |

K&E has filed certificates of no objection with the Court with respect to the Applications for July, August and September, 2002, because no objections were filed with the Court within the objection period. The Quarterly Application for the interim period from July 1, 2002, through September 30, 2002, has been scheduled for hearing on March 18, 2003.

---

[2]    The fees and expenses requested in the January-March, 2002, interim monthly Applications were approved on an interim basis pursuant to the order entered by this Court on October 9, 2002.

2

The K&E attorneys who rendered professional services in these cases during the Fee Period are:[3]

| Name of Professional Person | Position with the Applicant | Number of Years as an Attorney | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Theodore L. Freedman | Partner | 30 Years | Bankruptcy | $640.00 | 3.70 | $2,368.00 |
| Janet S. Baer | Of Counsel | 20 Years | Bankruptcy | $580.00 | 283.30 | $164,314.00 |
| James W. Kapp | Partner | 8 Years | Bankruptcy | $470.00 | 154.20 | $72,474.00 |
| Roger J. Higgins | Associate | 6 Years | Bankruptcy | $390.00 | 217.80 | $84,942.00 |
| Christian J. Lane | Associate | 5 Years | Bankruptcy | $410.00 | 270.20 | $110,782.00 |
| David M. Bernick, P.C. | Partner | 24 Years | Litigation | $665.00 | 95.90 | $63,773.50 |
| Michelle H. Browdy | Partner | 12 Years | Litigation | $420.00 | 9.20 | $3,864.00 |
| David A. Codevilla | Associate | 6 Years | Environmental | $365.00 | 30.70 | $11,205.50 |
| Lisa G. Esayian | Partner | 12 Years | Litigation | $430.00 | 43.30 | $18,619.00 |
| Kellye L. Fabian | Associate | 2 Years | Litigation | $295.00 | 30.40 | $8,968.00 |
| Mark E. Grummer | Partner | 26 Years | Environmental | $420.00 | 108.10 | $45,402.00 |
| Timothy S. Hardy | Partner | 30 Years | Environmental | $470.00 | 5.00 | $2,350.00 |
| Nicholas O. Isaacson | Associate | 5 Years | Corporate/SEC/ Vent Cap | $365.00 | 19.50 | $7,117.50 |
| Natalie H. Keller | Associate | 5 Years | Taxation | $415.00 | 48.20 | $20,003.00 |
| Elli Leibenstein | Partner | 11 Years | Litigation | $430.00 | 1.10 | $473.00 |
| Todd F. Maynes | Partner | 15 Years | Taxation | $600.00 | 54.90 | $32,940.00 |
| Scott A. McMillin | Associate | 7 Years | Litigation | $385.00 | 2.40 | $924.00 |
| Linda Potapova | Associate | 2 Years | Taxation | $210.00 | 11.00 | $7,014.00 |
|  |  |  |  | $280.00 | 16.80 |  |
| Andrew R. Running | Partner | 20 Years | Litigation | $480.00 | 101.80 | $48,864.00 |
| Pratibha J. Shenoy | Associate | 2 Years | Taxation | $280.00 | 150.70 | $42,196.00 |
| S. Jonathan Silverman | Partner | 10 Years | Litigation | $430.00 | 67.10 | $28,853.00 |
| Douglas G. Smith | Associate | 7 Years | Litigation | $385.00 | 18.70 | $7,199.50 |
| Nara Sugino | Associate | 1 Year | Taxation | $280.00 | 59.60 | $16,688.00 |
| Christopher B. Sullivan | Partner | 7 Years | Litigation | $390.00 | 77.30 | $30,147.00 |
| David J. Zott | Partner | 16 Years | Litigation | $475.00 | 36.30 | $17,242.50 |

---

[3]    Any capitalized terms not defined herein have the meaning ascribed to them in the Sixth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W. R. Grace & Co., et al., for July 1, 2002 through September 30, 2002.

The paraprofessionals of K&E who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the Applicant | Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Elizabeth Cox Arnold | Legal Assistant | 13 Years | Bankruptcy | $180.00 | 22.80 | $4,104.00 |
| Rhonda A. Bledsoe | Legal Assistant | 11 Years | Bankruptcy | $200.00 | 63.50 | $12,700.00 |
| Toni L. Wallace | Legal Assistant | 1 Year | Bankruptcy | $145.00 | 47.10 | $6,829.50 |
| Bertha Serrano | Legal Assistant | 1 Year | Bankruptcy | $140.00 | 14.20 | $1,988.00 |
| Aletheia V. Anderson | Project Assistant | 1 Year | Bankruptcy | $95.00 | 27.40 | $2,603.00 |
| Sabrina M. Mitchell | Project Assistant | 1 Year | Bankruptcy | $85.00 | 73.00 | $6,205.00 |
| Seth B. Kutnick | Project Assistant | 8 Months | Bankruptcy | $90.00 | 4.00 | $360.00 |
| Miriam Geraghty | Project Assistant | 3 Months | Bankruptcy | $85.00 | 55.90 | $4,751.50 |
| Stephanie R. Cashman | Project Assistant | 5 Months | Litigation | $90.00 | 20.00 | $1,800.00 |
| Megan K. Coleman | Project Assistant | 2 Years | Litigation | $90.00 | 3.10 | $279.00 |
| Michael Geiser | Law Clerk | 3 Months | Litigation | $150.00 | 9.00 | $1,350.00 |
| Gayle M. Lodygowski | Case Assistant | 13 Years | Litigation | $75.00 | 3.00 | $225.00 |
| Lauren Mitchell-Dawson | Legal Assistant | 13 Years | Environmental | $200.00 | 6.30 | $1,260.00 |
| Shirley A. Pope | Legal Assistant | 17 Years | Litigation | $180.00 | 139.70 | $25,146.00 |
| Charisma J. Starr | Technology Services | 1 Year | Litigation | $120.00 | 2.50 | $300.00 |

Grand Total for Fees: $918,624.50
Blended Rate:        $381.38

4

## Compensation by Matter

| Matter Number | Matter | Total Hours | Total Fees Requested |
|---|---|---|---|
| 17 | Relief from Stay | 58.90 | $25,158.00 |
| 18 | Other | 0.40 | $232.00 |
| 19 | Claim Analysis Objection & Resolution (Non-Asbestos) | 15.00 | $6,067.00 |
| 20 | Case Administration | 369.70 | $79,640.00 |
| 21 | Claim Analysis Objection & Resolution (Asbestos) | 56.50 | $29,309.00 |
| 23 | Business Operations | 1.10 | $487.00 |
| 24 | Committee, Creditors', Noteholders' or Equity Holders' | 8.70 | $2,483.00 |
| 26 | Financing | 3.40 | $1,598.00 |
| 27 | Employee Benefits/Pension | 228.70 | $103,324.00 |
| 28 | Litigation and Litigation Consulting | 650.30 | $294,775.00 |
| 30 | Hearings | 55.90 | $28,289.50 |
| 31 | Asset Disposition | 17.10 | $7,005.00 |
| 32 | Fee Applications, Applicant | 348.00 | $110,321.00 |
| 35 | Fee Applications Others | 11.30 | $3,287.00 |
| 37 | Plan and Disclosure Statement | 6.40 | $2,648.00 |
| 38 | Employment Applications, Others | 11.00 | $5,064.50 |
| 41 | Tax Issues | 48.90 | $17,720.50 |
| 42 | Travel non-working | 35.90 | $19,420.00 |
| 46 | Tax Litigation | 353.10 | $127,706.50 |
| 51 | ZAI Science Trial | 117.10 | $51,662.50 |
| 53 | Valuation | 11.00 | $2,310.00 |
| 54 | Employment Applications, Applicant | 0.30 | $117.00 |
|  | **Total** | **2,408.70** | **$918,624.50** |

**Expense Summary**

| Description | Amount |
|---|---|
| Telephone | $9,202.01 |
| Facsimile Charges | $6,574.64 |
| Standard Copies | $14,381.20 |
| Binding | $78.75 |
| Tabs/Indexes/Dividers | $51.00 |
| Color Copies | $286.50 |
| Scanned Images | $213.00 |
| CD-ROM Duplicates | $90.00 |
| Postage | $48.80 |
| Overnight Delivery | $5,275.75 |
| Overnight Delivery - Refund | $(45.51) |
| Outside Messenger Services | $41.46 |
| Local Transportation | $69.44 |
| Travel Expense | $4,550.88 |
| Airfare | $15,453.26 |
| Transportation to/from airport | $1,276.00 |
| Travel Meals | $441.03 |
| Other Travel Expenses | $173.02 |
| Court Reporter Fee/Deposition | $20,803.98 |
| Appearance Fees | $50.00 |
| Calendar/Court Services | $80.00 |
| Process Server Fees | $68.00 |
| Witness Fees | $159.00 |
| Outside Paralegal Assistance | $19.80 |
| Outside Copy/Binding Services | $38,033.50 |
| Working Meals/K&E Only | $110.48 |
| Working Meals/K&E and Others | $1,529.10 |
| Information Broker Doc/Svcs | $549.19 |
| Library Document Procurement | $10.00 |
| Computer Database Research | $7,618.78 |
| Overtime Transportation | $993.40 |
| Overtime Meals | $207.00 |
| Overtime Meals - Attorney | $340.15 |
| Secretarial Overtime | $6,648.53 |
| Miscellaneous Office Expenses | $52.03 |
| **Total** | **$135,434.17** |

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### SIXTH QUARTERLY INTERIM VERIFIED APPLICATION OF KIRKLAND & ELLIS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JULY 1, 2002 THROUGH SEPTEMBER 30, 2002

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Reimbursement of Expenses for Professionals and Official Committee Members (The "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Kirkland & Ellis ("K&E"), bankruptcy counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $918,624.50 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that K&E has incurred in the amount of $135,434.17 (the "Sixth Quarterly Fee Application"), in each case for the interim quarterly period from July 1, 2002, through September 30, 2002 (the "Fee Period"). In support of this Application, K&E respectfully states as follows:

## Background

### Retention of Kirkland & Ellis

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

2

**Monthly Interim Fee Applications Covered Herein**

3.      Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request.  If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the sixth Quarterly Fee Application for compensation for services rendered that K&E has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, and covers the Fee Period of July 1, 2002, through September 30, 2002 (the "Sixth Quarterly Fee Application").

3

6.     K&E has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

    a.     Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the First Monthly Period from July 1, 2002, through July 30, 2002, for the Quarter of July-September, 2002, filed September 11, 2002, (the "July Fee Application") attached hereto as <u>Exhibit A</u>.

    b.     Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the First Monthly Period from August 1, 2002, through August 31, 2002, for the Quarter of July-September, 2002, filed October 2, 2002, (the "August Fee Application") attached hereto as <u>Exhibit B</u>.

    c.     Summary Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the First Monthly Period from September 1, 2002, through September 30, 2002, for the Quarter of July-September, 2002, filed October 30, 2002, (the "September Fee Application") (collectively, the July Fee Application, the August Fee Application and the September Fee Application are the "Applications") attached hereto as <u>Exhibit C</u>.

7.     The periods for objecting to the fees and expense reimbursement requested in the Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested. The period covered by the Sixth Quarterly Fee Application has been scheduled for hearing on March 18, 2003.

8.     Kirkland & Ellis has advised and represented the Debtors in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the period covered by the Sixth Quarterly Fee Application. Furthermore, K&E has prepared various pleadings, motions and other papers submitted to this Court for consideration, has appeared before this Court during hearings regarding these cases and has performed various other professional services that are described in the Applications.

4

**Previous Quarterly Fee Applications**

9.      K&E has previously filed the following Quarterly Fee Applications:

a.      First Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from April 2, 2001 through June 30, 2001, filed August 2, 2001, (the "First Quarterly Fee Application").

b.      Second Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from July 1, 2001 through September 30, 2001, filed November 7, 2001, (the "Second Quarterly Fee Application").

c.      Third Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from October 1, 2001 through December 31, 2001, filed February 7, 2002, (the "Third Quarterly Fee Application") (the "Third Quarterly Fee Application ").

d.      Fourth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002, filed June 10, 2002 (the "Fourth Quarterly Fee Application").

e.      Fifth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2002 through June 30, 2002, filed September 30, 2002 (the "Fifth Quarterly Fee Application") (collectively, the First Quarterly Fee Application, the Second Quarterly Fee Application, the Third Quarterly Fee Application, the Fourth Quarterly Fee Application and the Fifth Quarterly Fee Application are the "Quarterly Applications")

10.      There have been no objections filed with respect to the Quarterly Applications. The First, Second, Third and Fifth Quarterly Fee Applications are scheduled for hearing on November 25, 2002. The Sixth Quarterly Fee Application is scheduled for hearing on March 18, 2003. The Debtors have filed certificates of no objection with respect to each of the three monthly Fee Applications related to the above-listed Quarterly Applications and have paid,

in each case, 80% of the compensation requested for fees and reimbursed 100% of the expenses

requested in the First, Second, Third and Fifth Quarterly Fee Applications. The Fourth Quarterly

Fee Application was heard on August 26, 2002 and an order was entered on October 9, 2002,

granting interim compensation and reimbursement of expenses requested in the Fourth Quarterly

Fee Application.

## Requested Relief

11.    By this Sixth Quarterly Fee Application, K&E requests that the Court

approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by K&E for the Fee Period, which is

from July 1, 2002, through September 30, 2002, as detailed in the Applications, less any amounts

previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim

Compensation Order.  As stated above, the full scope of services provided and the related

expenses incurred are fully described in the Applications, which are attached hereto as Exhibits

A through C.

## Disinterestedness

12.    As disclosed in the following affidavits:

a.    Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

b.    First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

c.    Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

6

d.      Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 24, 2001;

e.      Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

f.      Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

g.      Sixth Supplemental Affidavit of James H.M. Sprayregen under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

h.      Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Seventh Supplement"), filed April 11, 2002;

i.      Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

j.      Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Ninth Supplement"), filed July 19, 2002; and

k.      Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Tenth Supplement"), (together with the First Supplement, Second Supplement, Third Supplement, Fourth Supplement, Fifth Supplement, Sixth Supplement, Seventh Supplement, Eighth Supplement, Ninth Supplement and the Original Affidavit are the "Affidavits"), filed September 18, 2002.

K&E does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13.     K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E disclosed in the Affidavits its connections to parties-in-interest

7

that it has been able to ascertain using its reasonable efforts.  K&E will update the Affidavits when necessary and when K&E becomes aware of material new information.

### Representations

14.     K&E believes that the Sixth Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15.     Kirkland & Ellis performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16.     During the Fee Period, K&E has received no payment, nor has it received any promises for payment, from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

17.     Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

8

WHEREFORE, K&E respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, July 1, 2002, through September 30, 2002, an administrative allowance be made to Kirkland & Ellis in the sum of (i) $918,624.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $135,434.17 for reimbursement of actual and necessary costs and expenses incurred, for a total of $1,054,058.60 (b) that the Debtors be authorized and directed to pay to K&E the outstanding amount of such sums less any sums previously paid to K&E pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated: November **25**th, 2002

Respectfully submitted,

KIRKLAND & ELLIS

James H.M. Sprayregen
James W. Kapp III
Christian J. Lane
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

9