# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., et al., ) | Chapter 11 |
| ) | |
| ) | Case No. 01-01139 (JJF) |
| Debtors. ) | (Jointly Administered) |

Re: Docket Nos. 138, 142, 144
Hearing Date : December 16, 2002 at 10:00 a.m. Eastern
Objection Deadline: December 12, 2002

## DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT OF LITIGATION AND CLAIM

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to Bankruptcy Rule 9019, hereby seek to settle the claim filed against the Debtors' estates by Edythe Kellogg ("Kellogg") and the related state court litigation entitled <u>Kellogg v. Wayne Lamar Nussbaum and W.R. Grace Co.</u>, Case No. 01AS07626, (Sup. Ct. Sacramento, CA) (the "Kellogg Action"). In support of this request, the Debtors respectfully represent as follows:

1. On December 13, 2001, in violation of the automatic stay, Kellogg commenced the Kellogg Action in the state court in California. Kellogg alleged personal injuries suffered when one of the Debtors' employees, Wayne Nussbaum ("Nussbaum"), allegedly injured Kellogg in a motor vehicle accident during the course of Nussbaum performing his duties as an employee of the Debtors.

2. On or about February 7, 2002, Kellogg filed a motion in this Court (the "Kellogg Motion") seeking relief from the automatic stay to pursue the Kellogg Action in the state court.

3. The Debtors maintain automobile liability insurance through an insurance contract with certain affiliates of American International Group, Inc. (collectively, the "Insurers"). The Policy provides for a deductible in the amount of $250,000.00 per accident (the "Deductible"). The Insurers have provided the Debtors with a Deductible Coverage Endorsement (the "Endorsement") which obligates the Insurers to make initial payment of all sums which the Insurers are obligated to pay up to the Policy limit, subject to the Debtors' obligation to repay the Deductible (the "Deductible Reimbursement") within fifteen (15) days after receipt of an invoice for the Deductible Reimbursement from the Insurers. The Debtors have provided the Insurers with two letters of credit (the "Letters of Credit") as security for the Deductible Reimbursement. If the Debtors do not make the Deductible Reimbursement within the required time, the Insurers may draw on the Letters of Credit. The first Letter of Credit was issued by Bank of America and is unsecured (the "Unsecured Letter of Credit"). The second Letter of Credit was issued subsequently by Chase Manhattan Bank ("Chase") and is secured by cash collateral. Chase may draw on the cash collateral if the Insurers draw on the Chase letter of credit.

4. At the hearing before this Court on April 22, 2002, on the Kellogg Motion, the Court denied the Motion. The Court held that the Kellogg Action was void as it was filed in violation of the automatic stay. The Court also held that the motion must be denied in that the

Kellogg Action was directed to at least $250,000 of the Debtors assets as a result of the Deductible outlined above. The Court suggested that Kellogg should file a Proof of Claim against the Debtors' estates if she wished to assert her claim.

5. On or about April 25, 2002, Kellogg filed a Proof of Claim in the Debtors' cases, in the amount of $2,500,000 (the "Kellogg Claim"). The Debtors objected to the Kellogg Claim alleging, among other things, that the Kellogg Action was filed in violation of the automatic stay provision of section 362 of the Bankruptcy Code. The Debtors also objected to the Kellogg Claim alleging that is not based on a valid or otherwise enforceable obligation of the Debtors and is contingent and unliquidated.

6. On or about June 18, 2002, the Court denied Kellogg's motion to reconsider her Motion to lift the stay, noting again that the Kellogg Action was initiated in violation of the automatic stay.

7. On August 20, 2002, seeking to proceed against Nussbaum alone, Kellogg brought a motion in the Kellogg Action for trial setting preference in light of Kellogg's advanced age and deteriorating medical status. Counsel for Nussbaum presented the State Court with the Preliminary Injunction (the "Preliminary Injunction") entered by this Court on January 22, 2002 and requested that the entire Kellogg Action be stayed. The Preliminary Injunction stays, among other things, "the commencement and/or prosecution of all Actions" pending further order of the Court. The Preliminary Injunction defines Actions to include pending and future actions "against current or former officers, directors or employees of Debtors that arise out of such officer's, employee's or director's employment or relationship with Debtors." The State Court

granted Kellogg's motion with respect to a trial date but held that the Kellogg Action could only proceed against Nussbaum in his capacity <u>as an individual</u> as the Preliminary Injunction applied to the Kellogg Action to prevent any action against Nussbaum in his capacity as the Debtors' employee.

8. On October 21, 2002, the Debtors filed a Motion to Direct the State Court to Honor the Preliminary Injunction. In the Motion, the Debtors sought an Order of this Court directing the State Court in the Kellogg Action to stay the Kellogg Action against Nussbaum individually because Nussbaum was still being defended by the Debtors' Insurers and any judgment that would be entered against Nussbaum individually would still be paid for by the Debtors' Insurers under the Policy and implicate the Letters of Credit.

9. On November 19, 2002, unbeknownst to the Debtors, the Kellogg Action proceeded to Mediation in the state court. As a result of the Mediation, Nussbaum agreed to settle the Kellogg Action for the sum of $900,000 (the "Settlement Amount"). A copy of the Stipulation for Settlement (the "Settlement Agreement") is attached hereto as Exhibit A. The Insurers participated in the Mediation and signed the Settlement Agreement. In addition, the Settlement Agreement provides for a Release for the Debtors.

10. The Settlement Agreement implicates the Policy and the Letters of Credit. Specifically, under the Settlement Agreement, the Insurers are obligated to pay the $900,000 Settlement Amount. The Insurers are then entitled to and have indicated that they will seek Reimbursement of the $250,000 Deductible from the Debtors under the Deductible

Endorsement. If the Debtors do not pay the $250,000 to the Insurers within 15 days of demand, the Insurers have the right to and will drawn on one of the Letters of Credit.

11.    The Settlement Agreement was negotiated and agreed to without the participation of the Debtors. Given that the Settlement Amount will be paid by the Debtors' Insurers out of the Debtors' Policy and will trigger a request for reimbursement of the Deductible by a draw on one of the Letters of Credit, the Settlement Agreement was entered into in violation of the automatic stay of section 362 of the Bankruptcy Code, as well as the Preliminary Injunction.

12.    The Debtors have discussed this matter with its Insurers and counsel for the Debtors and Nussbaum in the Kellogg Action and have determined that the Settlement Agreement is in the best interest of all parties. It will settle a $2,500,000 claim against the Debtors' estates for $900,000, only $250,000 of which will constitute a direct claim against the Debtors through the Deductible Reimbursement.

13.    The Policy has a per accident limit of $7,500,000. The Policy has no total aggregate limit. Until the bar date of March 31, 2003 passes, the Debtors will not know how many other claims may be asserted against the Policy and how may other times the Deductible Endorsement may be triggered. However, to the best of the Debtors' knowledge, it is extremely unlikely that a significant number of other claims will be filed.

14.    In addition, to address the concerns previously expressed by the Court with respect to the Letters of Credit, the Insurers have agreed that with respect to the Kellogg Action and the Settlement Agreement, they will draw the first Letter of Credit issued, which is

the Unsecured Letter of Credit, to reimburse the Deductible. A draw on the Unsecured Letter of Credit will not constitute a default under the Debtors' DIP Financing Agreement. As a result, if the Settlement Agreement is approved by this Court, the Kellogg Claim may be fully satisfied by a $900,000 payment by the Insurers, the Insurers will have no claim against the Debtors' estates and the Deductible Reimbursement will simply become a $250,000 unsecured claim of the issuing bank against the Debtors' estates.

15. Thus, the Debtors believe it is in the best interests of their estates to seek the authority pursuant to Bankruptcy Rule 9019 to enter into the Settlement Agreement with Kellogg and the Insurers, and to further agree that upon payment of the Settlement Amount by the Insurers, the Kellogg Claim shall be withdrawn and expunged and the Insurers shall be permitted to draw the Unsecured Letter of Credit in order to obtain the Deductible Reimbursement which the Debtors are obligated to pay under the Deductible Endorsement.

## CONCLUSION

For all of the forgoing reasons, the Debtors respectfully request that the Court (i) grant this Motion, (ii) enter an order permitting the parties to complete the Settlement of the Kellogg Action (iii) direct that upon payment of the Settlement Amount, the Kellogg Claim be withdrawn and expunged (iv) permit the Insurers to draw the Unsecured Letter of Credit in order

to obtain the Deductible Reimbursement which the Debtors are obligated to pay under the Deductible Endorsement and (v) grant such other and further relief as is just and proper.

Wilmington, Delaware

Dated: December 2, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Janet S. Baer
James M. Kapp, III
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES PC

*/s/ Scotta E. McFarland*
Laura Davis Jones (#2436)
Scotta McFarland (#4184)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession