# EXHIBIT A

## STIPULATION FOR SETTLEMENT

```
Kellogg, Edyth                  )   CASE NO. 01AS07626
                                )
              Plaintiff(s),     )   REF. NO.1130001737
                                )
vs.                             )
                                )   STIPULATION FOR SETTLEMENT
Nussbaum, Wayne, et al          )   C.C.P. § 664.6
                                )
              Defendant(s)      )
                                )
_____/
```

This case having come before James S. Crawford Esq. for mediation at the offices of JAMS, and the parties having conferred, it is hereby stipulated that this matter is deemed settled pursuant to the following terms and conditions:

1. _American Home Assurance Co._ shall pay to plaintiff(s) _Edythe Kellogg_ and to his/her/their attorney _Glenn Guenard + Jim Henderson_ the total sum of $ _900,000_ in full settlement and compromise of this action and in release and discharge of any and all claims and causes of action made in this action, and in release and discharge of any and all claims and causes of action arising out of the events or incidents referred to in the pleadings in this action.

2. Plaintiff(s) agree to accept said sum in full settlement and compromise of the action and agree that such payment shall fully and forever discharge and release all claims and causes of action, whether now known or now unknown, which plaintiff(s) has against any and all of the defendants in that action arising out of the incident.

This settlement includes an express waiver of Civil Code § 1542, which states:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3. Plaintiff(s) further agree to sign, acknowledge and deliver to defendants a standard form of a

Release of all such claims and causes of action and to sign and deliver to defendants a standard form of Dismissal with Prejudice of the action.

4. Plaintiff(s) shall protect and indemnify the defendants in said action, (and his/her/their liability insurance carrier(s)) against any and all liens, subrogation claims and other rights that may be asserted by any person against the amount paid in settlement of the action or against any recovery by the plaintiff(s) in the action.

5. Counsel for each of the parties to this agreement represents that he/she has fully explained to his/her client(s) the legal effect of this agreement and of the Release and Dismissal with Prejudice provided for herein and that the settlement and compromise stated herein is final and conclusive forthwith, and each attorney represents that his/her client(s) has freely consented to and authorized this agreement.

6. Payment of the stated settlement amount shall be made by as soon as reasonably possible.

7. Unless otherwise stated herein, each party will bear its own attorneys' fees and court costs.

8. Other terms and conditions:

a. THE RELEASE WILL INCLUDE W.R. GRACE + CO.;
b. π WILL SET ASIDE $200,000 IN TRUST TO SATISFY ALL LIENS.

9. Any provisions of Evidence Code §§1115 - 1128 notwithstanding, this agreement may be enforced by any party hereto by a motion under Code of Civil Procedure §664.6 or by any other procedure permitted by law in the Superior Court of __SACRAMENTO__ County.

10. The provisions of the confidentiality agreement signed by the parties relative to this mediation are waived for purposes of enforcing this agreement as set forth above.

Date: __11-19-02__

_____  _____
Glenn S. Guenard Esq.              Edyth Kellogg
Guenard & Bozarth

_____  _____
P/ Christian Scheley Esq.          Edyth Kellogg
Clapp, Moroney, Bellagamba, et al.

_____  _____
James Collingsworth Henderson Esq.  Wayne Nussbaum
L/O Jim Henderson

_____  _____
Richard C. Creeggan Esq.           Edyth Kellogg
McDonald, Saeltzer, Morris, et al.

                                    _____
                                    Wayne Nussbaum

_____
Authorized Representative
American Home Assurance Co.