IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT WITH MCNIC PIPELINE & PROCESSING COMPANY, PURSUANT TO FED. R. BANKR. P. 9019

W. R. Grace & Co. - Conn., as debtor and debtor in possession in the above-caption chapter 11 case (the "Defendant" or "Grace") and defendant in the adversary proceeding entitled MCNIC Pipeline & Processing Company v. W.R. Grace & Co – Conn., adv. case no. 01-7666 (the "Adversary Proceeding"), by and through the undersigned attorneys, hereby moves the Court for entry of an order approving the Stipulation[2] by and between Grace

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The stipulation is annexed as Exhibit A.

and MCNIC Pipeline & Processing Company's (the "Plaintiff" or "MCNIC") (each a "Party" and, together, the "Parties") resolving MCNIC's Complaint for Declaratory Judgment and Turnover of Non-Estate Property under Fed. R. Bankr. P. 7065 and Section 105(a) of the Bankruptcy Code in the Adversary Proceeding (the "Complaint"). In support of this Motion, Grace respectfully states as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue of these cases and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)and (O). The basis for this Motion is rule 9019 of the Federal Rules of bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2.     On or about September 16, 1999, MCNIC, Grace and Petrolink International, LLC ("Petrolink") entered into a letter of intent (the "Letter of Intent") for the purchase of certain membrance equipment. The Letter of Intent provided for, among other things, (a) the payment by MCNIC of $158,750, representing 25% of the agreed purchase price, upon execution of the Letter of Intent and (b) an October 8, 1999 deadline for execution of a definitive agreement.

3.     Contemporaneous with execution of the Letter of Intent, MCNIC delivered $158,750 (the "Disputed Funds") to Grace. Grace subsequently paid $85,000 of the Disputed Funds to Petrolink (the "Petrolink Funds"). No definite agreement was ever executed

among MCNIC, Grace and Petrolink. In late 2000, MCNIC requested return of the entire amount of the Disputed Funds from Grace.

4.      On or about November 15, 2001, MCNIC filed the Complaint alleging that Grace holds the Disputed Funds as an escrow deposit pursuant to the Letter of Intent. The Complaint seeks the turnover to MCNIC from Grace of the entire amount of the Disputed Funds as non-estate assets. As Grace did not retain the Petrolink Funds, Grace holds only $73,750 of the Disputed Funds.

5.      In the time since MCNIC filed the Complaint, Grace has engaged MCNIC in an effort to settle the Complaint. After extensive, arms-length negotiations, the Parties agreed to settle the Complaint pursuant to the Stipulation,[3] a copy of which is attached hereto as Exhibit A. The Stipulation provides that, upon Court approval, Grace will turnover $50,000 of the Disputed Funds to MCNIC in full and final satisfaction of all claims asserted against Grace in the Complaint. The Stipulation further provides that, upon the Court's approval, the Complaint shall be dismissed in its entirety, with prejudice.

## RELIEF REQUESTED

6.      By this Motion, Grace seeks Court approval of the Stipulation, pursuant to Bankruptcy Rule 9019.

---

[3] If there are any inconsistencies between the summary of the Stipulation in this Motion and the Stipulation itself, the language in the Stipulation shall control.

## LEGAL BASIS FOR RELIEF

7.      Bankruptcy Rule 9019 authorizes this Court to approve a compromise settlement entered into by a debtor.  The decision whether to accept or reject a compromise lies within the sound discretion of the Bankruptcy Court.  In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986).  Approval of a compromise settlement is appropriate if it is in the "best interests of the estate."  Id.

8.      In determining whether a compromise settlement is in the best interests of a debtor's estate, courts in the Third Circuit have considered the following four factors:

   a)     the probability of success in the litigation;

   b)     the difficulties, if any, to be encountered in the matter of collection;

   c)     the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

   d)     the paramount interest of the creditors.

Id.  See also In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

9.      The settlement need not be the best that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities."  In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979).  In making its determination, a court should not substitute its own judgment for that of the debtor.  Neshaminy Office, 62 B.R. at 803.  Moreover,

it is not necessary for the court to conduct a "mini trial" of the facts or the merits underlying the dispute. Grant Broadcasting, 71 B.R. at 396. See also In re A & C Properties, 784 F.2d 1377, 1384 (9th Cir.), cert. denied, 479 U.S. 854 (1986). Rather, the court need only consider those facts that are necessary to enable it to evaluate the settlement and to make an informed and independent judgment about the settlement. Penn Central, 596 F.2d at 1114; In re Energy Cooperative, Inc., 886 F.2d 921, 924-25 (7th Cir. 1989).

## THE STIPULATION SHOULD BE APPROVED

10.    Grace has analyzed the facts and law related to the allegations made in the Complaint and has determined that there is significant uncertainty as to the likely outcome of the issues implicated by the Complaint. Further, Grace anticipates that litigating such issues could require an expenditure on legal fees which would approach or possibly exceed the actual amount in dispute. Given the uncertainty of the outcome and balancing of the cost of the litigation against the amount of the settlement, Grace determined, in its business judgment, that entering into the Stipulation is in the best interests of its estates and creditors.

## NOTICE

11.    Notice of this Motion has been given to (i) counsel for MCNIC, and (ii) those parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. Grace submits that no further notice is necessary.

WHEREFORE, Grace respectfully requests that the Court grant this Motion and such other and further relief as is just and proper.

Wilmington, Delaware
Dated:  December /2, 2002

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
James H.M. Sprayregen, P.C.
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  312-861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG &
JONES PC,

Laura Davis Jones (#2436)
Scotta E. McFarland (#4184)
919 North Market Street
16th Floor
Wilmington, Delaware 19801
Telephone: 302-652-4100
Facsimile:  302-652-4400

Co-Counsel for the Debtors and Debtors in
Possession