## EXHIBIT A

## STIPULATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| MCNIC Pipeline & Processing Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No.: 01-7666 |
| | ) | |
| W. R. GRACE & CO. -Conn., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND AGREED ORDER BY AND BETWEEN MCNIC PIPELINE & PROCESSING COMPANY AND W. R. GRACE & CO.,--CONN.

WHEREAS, MCNIC Pipeline & Processing Company ("MCNIC"), as plaintiff in the above-captioned adversary proceeding, filed a Complaint for Declaratory Judgment and Turnover of Non-Estate Property under Fed. R. Bankr. P. 7065 and Section 105(a) of the Bankruptcy Code in the above-captioned adversary proceeding (the "Complaint"); and

WHEREAS, the Complaint demands the turnover of $158,750.00 (the "Disputed Funds") from W.R. Grace & Co., (the "Debtors"); and

WHEREAS, the Disputed Funds were delivered by MCNIC as a deposit pursuant to a letter of intent, one-half to the Debtors and one-half to Petrolink International, LLC ("Petrolink"); and

WHEREAS, the Debtors and MCNIC have reached an agreement to resolve the Complaint as set forth herein.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED

HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.    Upon the Court's approval of this Stipulation and Agreed Order, the Debtors shall refund to MCNIC $50,000.00 in full and final settlement of the Complaint and all claims asserted against the Debtors in the Complaint.  Accordingly, MCNIC waives its right to make demand against the Debtors for payment of any amount, other than as provided herein, arising prior to the date of this Stipulation and Agreed Order related to the Disputed Funds, and upon payment of the $50,000.00, the Debtors shall be deemed to have fully satisfied all claims which may have been asserted by MCNIC against the Debtors with respect to the Disputed Funds.

3.    Upon the Court's approval of this Stipulation and Agreed Order, the Complaint shall be dismissed in its entirety, with prejudice.

4.    This Stipulation and Agreed Order is effective only against Debtor.  Nothing herein shall be deemed to affect in any way MCNIC's rights with respect to pursuing any and all claims MCNIC may have against Petrolink.

5.    This court shall retain jurisdiction to hear and determine all matters related to the entry of this Stipulation.

6.    This Stipulation is subject to the approval of this Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

7.    Each of the undersigned counsel represents that he is authorized to execute this

2

Stipulation on behalf of his respective client.

8.    This Stipulation may be executed in multiple facsimile or original counterparts, each

of which shall be deemed an original, but all of which shall constitute one and the same instrument.

So stipulated and agreed this **3ʳᵈ** day of ~~November~~ *December*, 2002.

W. R. GRACE & CO.-CONN.

By: _(signature)_

Kirkland & Ellis
Its: Attorney
Dated: ~~November~~ **3**, 2002
*December*

MCNIC PIPELINE & PROCESSING COMPANY

By: _Molley Chua_

Foster, Swift, Collins & Smith, P.C.
Its: Attorney
Dated: November 29, 2002

SO APPROVED AND ORDERED this ___ day of _____, 2002

_____

Judith K. Fitzgerald
United States Bankruptcy Judge

3