UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470<br>(Jointly Administered) |
| Debtors. | |
| IN RE: W. R. GRACE & Co., et al., | Chapter 11<br>Case Nos. 01-1139 through 01-1200<br>(Jointly Administered) |
| Debtors. | |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al., | Chapter 11<br>Case Nos. 01-10578, et al.<br>(Jointly Administered) |
| Debtors. | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | Chapter 11<br>Case Nos. 01-2094 through 01-2104<br>(Jointly Administered) |
| Debtors. | |
| IN RE: OWENS CORNING, et al., | Chapter 11<br>Case Nos. 00-3837 through 00-3854<br>(Jointly Administered) |
| Debtors. | |
| | Hearing date set only if objections are timely filed |

**FIRST APPLICATION OF D. R. GROSS & ASSOCIATES, LLC
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES ON BEHALF OF DAVID R. GROSS
AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM
SEPTEMBER 1, 2002 THROUGH NOVEMBER 7, 2002**

**TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:**

{00275172.DOC}                                       1

Pursuant to 11 U.S.C. § 330 and § 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, D. R. Gross & Associates, LLC ("Gross & Associates") hereby moves this Honorable Court on behalf of David R. Gross for an Order awarding an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in David R. Gross's capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $49,118.00 and reimbursement of related expenses of $236.80 for the period of September 1, 2002 through November 7, 2002.

In support of this Application, Gross & Associates respectfully represents as follows:

1. On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330. The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On December 28, 2001, the Court appointed David R. Gross and several other persons as Court Appointed Advisors ("Advisors") to assist the Court as set forth in that Order, and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to David R. Gross. A copy of this Order is annexed hereto as Exhibit A.

3. By its Order dated March 19, 2002, the Court withdrew the reference to the bankruptcy Court for any application for allowance of fees and/or costs by the

Advisors and gave leave to the Advisors to file interim fee applications in accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This application is the first such application by Gross & Associates on behalf of David R. Gross.

4. For the compensation period from September 1, 2002 through November 7, 2002, there was no agreement or understanding between David R. Gross and any other person, other than the members, associates and employees of Gross & Associates, of which David R. Gross is a member, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.[1]

5. No agreement exists with any person or entity regarding the rate or amount of compensation David R. Gross shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of David R. Gross's experience rendering services such as those involved with his appointment as an Advisor. The hourly rate of $160.00 is reasonable and customary for an attorney of Whitney R. Chelnik's experience rendering services such as those involved in this matter.

6. David R. Gross and other professionals associated with Gross & Associates have expended a total of 126.10 hours totaling $49,118.00, in rendering professional services related to David R. Gross's position as a Court Appointed Advisor. The time spent and the services rendered were reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and

---

[1] Since November 11, 2002, Mr. Gross has become a member of Saiber, Schlesinger, Satz & Goldstein, L.L.C., One Gateway Center, 13th Floor, Newark, NJ 07102. However, throughout the entire compensation period covered by this application, September 1, 2002 through November 7, 2002, he was a member of only D. R. Gross & Associates, L.L.C.

{00275172.DOC}                                            3

necessary to the administration of the debtors' estates. An overall billing statement is annexed hereto as Exhibit C setting forth the total hours spent by David R. Gross and other professionals associated with Gross & Associates related to all five consolidated bankruptcies.

7. The billing statement annexed hereto as Exhibit C presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8. In addition to the time expended in rendering services, Gross & Associates incurred out-of-pocket expenses in connection with David R. Gross's appointment as a Court Appointed Advisor in the amount of $236.80. These expenses were reasonable in relation to the size and complexity of the matters handled, not duplicative of other expenses incurred, and necessary to the administration of the debtors' estates.

9. Gross & Associates, on behalf of David R. Gross, respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period September 1, 2002 through November 7, 2002, the size and complexity of the cases, the time, labor and special expertise brought to bear on the questions and other related factors.

10. David R. Gross, having reviewed Local Rule 2016-2 regarding compensation and reimbursement of expenses, certifies that this application complies with the requirements of Local Rule 2016-2.

11. A proposed form of Order is submitted herewith.

**WHEREFORE**, David R. Gross respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in

{00275172.DOC}                                4

the amount of $49,354.80 subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

**WHEREFORE**, David R. Gross further respectfully requests that the interim allowance of Gross & Associates' fees and costs be allocated evenly among the debtors as to all consolidates proceedings as set forth in Exhibit C for a total amount of $49,354.80, resulting in each debtor paying $9,870.96. The sum of fees and costs allowed against each debtor pursuant to this interim allowance shall therefore total $9,870.96 against Federal-Mogul Global, Inc.; $9,870.96 against W. R. Grace & Co.; $9,870.96 against Armstrong World Industries, Inc.; $9,870.96 against Owens Corning; and $9,870.96 against U.S.G. Corporation.

DAVID R. GROSS
Court Appointed Advisor
D. R. GROSS & ASSOCIATES, LLC
C/o Saiber, Schlesinger, Satz & Goldstein
One Gateway Center
13th Floor
Newark, New Jersey 07102
(973) 622-3333

DATED: December 4, 2002