UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : : | Chapter 11<br>Case Nos. 00-4471, 00-4469,<br>00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : : | Chapter 11<br>Case Nos. 01-1139 through<br>0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11<br>Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : : | Chapter 11<br>Case Nos. 01-2094 through<br>01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : : | Chapter 11<br>Case Nos. 00-3837 through<br>00-3854 |
| Debtors. | : | |

**ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS**

This matter having been opened by the Court upon its own motion in each of the above-captioned Chapter 11 cases; and the interested parties having been put on notice by the Court at the joint case management conference held on December 20, 2001, that the Court anticipated appointing special masters and/or case

---

[1] See attached list.

management consultants to whom the Court may from time to time delegate certain authority to hear matters and to advise the Court on issues that may arise in these five large Chapter 11 cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases identified in the caption of this Order and to all cases filed as related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq., C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern are hereby designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually, and it is further

ORDERED that the parties are on notice that the Court may, without further notice, appoint any of the Court Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed Special Master in the matter of In re W.R. Grace & Co., Bankruptcy No. 01-1139 through 01-1200, to hear all disputed matters in that Chapter 11 case for which the Court's Order of

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 00-4471, 00-4469, 00-4470 |
| IN RE: W.R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 01-1139 through 0-1200 |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 01-10578, et al.[1] |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 01-2094 through 01-2104 |
| IN RE: OWENS CORNING, et al., <br><br> Debtors. | Chapter 11 <br> Case Nos. 00-3837 through 00-3854 |

**ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS**

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power; and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1] See attached list.

certain of these Advisors having been designated Special Masters to hear and report on matters specifically delegated to them by the Court as set forth in those Orders; and it appearing that the Advisors are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106; and the Bankruptcy Code and Rules providing for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of their direct appointment by the Court, occupying a unique position in the above-captioned cases not shared by other persons employed in these cases; and the Court having determined that the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and the estates in bankruptcy and that the debts of the estates as specified in 11 U.S.C. § 1104(c)(2) exceed $5,000,000; and for good cause shown

IT IS this 19th day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of these cases to the Bankruptcy Court, Judge Randall J. Newsome and Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to any application for an allowance of fees filed by any of the Advisors, and it is further

2

ORDERED that the Advisors may make application for the allowance of their fees and expenses from the debtors' estates directly to this Court in the first instance, requesting that such applications be reviewed and approved by the Court pursuant to the substantive standards set forth in 11 U.S.C. § 330, and it is further

ORDERED that any application for the allowance of fees and expenses shall set forth how the applicant believes the fees and expenses should be allocated between the debtors, and it is further

ORDERED that, although by its terms local bankruptcy rule 2016-2 does not apply to applications for the allowance of fees and expenses by the Advisors, local rule 2016-2(d) governing information requirements relating to compensation requests is hereby incorporated by reference and made applicable to applications by the Advisors pursuant to this Order, and it is further

ORDERED that the Advisors may make interim applications for the allowance of fees and expenses pursuant to 11 U.S.C. § 331, on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and expenses pursuant to this Order shall not set forth a hearing date for the application and no hearing will be held unless written objection is filed with the Court no later than ten days

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

_____
ALFRED M. WOLIN, U.S.D.J.

## IN RE: FEDERAL-MOGUL GLOBAL, INC.
### Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re: FEDERAL MOGUL PRODUCTS, INC., et al., 

Debtor.

Bankruptcy Case No. 01-10578

DRESSER INDUSTRIES, INC.,

Plaintiff,

v.

FEDERAL MOGUL PRODUCTS, INC., et al.,

Defendants.

Adv. Civ. No. 01-09018

O R D E R

The Court having directed John E. Keefe, Sr., Esq., to hold a conference with the parties in the above-referenced matter on September 24, 2002; and counsel for the parties having appeared at the conference and consented to the case management provisions set forth in the letter of Mr. Keefe, dated September 27, 2002, and attached to this Order, including without limitation that Mr. Keefe serve as Special Master for the purposes of ruling on discovery disputes in the manner set forth in the letter; and no post-conference objection having been received as provided for by Mr. Keefe in the last paragraph of his letter; and for good cause shown

It is on this 7TH day of October, 2002

ORDERED that John E. Keefe, Sr., Esq., is hereby appointed Special Master for the above-captioned matter and all disputes

arising out of discovery are hereby referred to him for resolution in accordance with the procedures set forth in the letter of John E. Keefe, Sr., Esq., attached hereto, except as modified by this Order, and it is further

ORDERED that the letter of John E. Keefe, Sr., Esq., is adopted and incorporated into this Order as the Order of the Court, provided however that:

1. Paragraph one is modified to provide that courtesy copies of any paper filed with the Court, including without limitation any paper directed to be filed or forwarded to the Court by this Order and the letter incorporated hereto, shall be delivered by hand, courier or mail, and not by facsimile transmission or e-mail except on special permission granted with respect to the particular submission at issue.

2. Paragraph number 3 is modified to provide that the Notice to be serve by a party wishing to appeal a recommendation of the Special Master shall consist of one page and shall state only the specific Order appealed from and that the party wishes to appeal. Simultaneously with serving the Notice, the appellant shall forward a copy of the Notice to the Court and contact chambers by telephone for further instructions on how to proceed.

3. Paragraph 3 is further modified to provide that the period for a party to appeal a recommendation of the Special Master shall commence upon the first oral or written indication

that the motion is granted or denied.

and it is further

ORDERED that to the extent this Order is inconsistent with Federal Rule of Bankruptcy Procedure 9031, that rule is suspended for these proceedings with the consent of the parties.

                                    _____
                                    ALFRED M. WOLIN, U.S.D.J.

3

**JOHN E. KEEFE, SR.**
Lynch Martin
830 Broad Street
Shrewsbury, New Jersey 07702
Telephone: 732-224-9400
Facsimile: 732-224-9494

### ASBESTOS MANAGEMENT COMMITTEE
Billing rate $450/hr

**MARCH to OCTOBER 31, 2002**

| Date | Description | | Hours |
|---|---|---|---|
| 5/15/02 | Review documents in preparation for meeting | | 2.50 |
| 5/17/02 | Attendance at meeting - Judge Wolin's chambers | | 3.25 |
| | 5.75 HOURS @ $450.00 PER HOUR | $2,587.50 | |

**TRAVEL TIME @ $225.00 PER HOUR**

| Date | Description | | Hours |
|---|---|---|---|
| 5/17/02 | Meeting in Judge Wolin's chambers | | 1.75 |
| | 1.75 HOURS @ $225.00 PER HOUR | $393.75 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| Tolls: 5/17/02 | | $5.25 |
| Parking: 5/17/02 | | $8.75 |
| Indiana Law Review: | | $ 6.40 |
| TOTAL DISBURSEMENTS | | $20.40 |
| **TOTAL FEES** | **$3,001.65** | |

JOHN E. KEEFE, SR.
Lynch Martin
830 Broad Street
Shrewsbury, New Jersey 07702
Telephone: 732-224-9400
Facsimile: 732-224-9494

## FEDERAL MOGUL V. CCR

|         |                                                                                                      | HOURS |
|---------|------------------------------------------------------------------------------------------------------|-------|
| 3/11/02 | Review of documents in court's file                                                                  | 2.25  |
| 3/22/02 | Review case management order & lead file order                                                       | .30   |
| 4/12/02 | Review confidentiality order                                                                         | .10   |
| 4/13/02 | Review Sidley Austin motion to amend confid. order                                                   | .40   |
| 4/16/02 | Review USG motion re CCR interrogatories                                                             | 1.00  |
| 4/20/02 | Review CCR response, Safeco & Creditor comm joinder, USG reply, and preparation for argument         | 4.25  |
| 4/21/02 | Telephone hearing on motion                                                                          | .75   |
| 4/22/02 | Review consent order presented by Sidley Austin and draft opinion re April 21 argument.              | 1.50  |
| 4/23/02 | Review opinion in Berlier v. AP Green                                                                | .10   |
| 4/25/02 | Correspondence with court re Sidley Austin order                                                     | .20   |
| 5/2/02  | Review of motions by Fed Mogul (subsequently w/d)                                                    | 1.25  |
| 5/28/02 | Review renewed motion by Fed Mogul, Safeco, & AWI For more specific answers to CCR interrogs. CCR reply | 3.00  |
| 5/30/02 | Review movants' replies and draft opinion                                                            | 2.00  |
| 6/10/02 | Draft amended opinion                                                                                | .25   |
| 6/11/02 | Attendance at Case Management Conference                                                             | 1.50  |
| 6/27/02 | Preparation for Motion                                                                               | 1.00  |
| 6/19/02 | Conference call Re: schedule for July depositions                                                    | .40   |
| 6/28/02 | Motion (via telephone)                                                                               | .75   |

| Date | Description | Hours |
|---|---|---|
| 7/8/02 | Conference call - discovery matters | .30 |
| 7/28-29/02 | Preparation of opinion and recommendation | 1.50 |

**22.80 HOURS AT $450.00 PER HOUR**     $10,260.00

**HOURS**

**TRAVEL TIME @ $225 PER HOUR**

| | | |
|---|---|---|
| 6/11/02 | Attendance at Case Management conference | 1.75 |

**1.75 HOURS @ $225/HOUR**     $393.75

**DISBURSEMENTS**

Tolls:
  6/11/02                                                                              $5.85

Parking: (Newark Federal Court House)
  6/11/02                                                                              $8.95

**TOTAL DISBURSEMENTS**                                                   $14.80

**TOTAL FEES**         $10,668.55