IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: General Asbestos | Chapter 11 |
| | Case Nos. 00-4471, 00-4469, <br> 00-4470, <br> 01-1139 through 01-1200 <br> 01-10578, et al. <br> 01-2094 through 01-2104 <br> 00-3837 through 00-3854 |

**SECOND APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON BEHALF OF C. JUDSON HAMLIN FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM MARCH 1, 2002 THROUGH OCTOBER 28, 2002**

| | |
|---|---|
| Name of Applicant: | C. Judson Hamlin |
| Authorized to Provide Professional Services to: | Alfred M. Wolin, U.S.D.J. |
| Date of Order: | December 28, 2001 |
| Period for which Compensation and Reimbursement Are Sought: | March 1, 2002 through October 28, 2002 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 14,760.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 41.95 |

This is an: X  interim    ___final application

The total time expended for fee application preparation is approximately hours and the corresponding compensation requested is approximately $___N/A[1]___

If this is not the first application filed, disclose the following for each prior application:

---

[1] C. Judson Hamlin's First Fee Application was prepared entirely by Budd Larner Gross Rosenbaum Greenberg & Sade, P.C ("Budd Larner"). To avoid duplication, the time expended and compensation requested appears only on Budd Larner's Second Fee Application.

{00274296.DOC}

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 5/3/2002 | 1/1/02 – 2/28/02 | $11,160.00 | $14.20 | $11,160.00 | $14.20 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

{00274296.DOC}

## ATTACHMENT B
## TO FEE APPLICATION

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| C. Judson Hamlin | Admitted to Practice in 1963 | $450.00 | 33.8 | $14,760.00 |
|  |  |  |  |  |
|  |  |  |  |  |
| Grand Total: |  | $450.00 |  | $14,760.00 |
| Blended Rate: |  |  |  |  |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Asbestos Advisor | 6.3 | $2,835.00 |
| W.R. Grace | 6.0 | $2,700.00 |
| USG Corporation | 4.0 | $1,800.00 |
| Armstrong World Industries | 8.0 | $3,600.00 |
| Owens Corning | 7.0 | $3,150.00 |
| Federal Mogul Global | 0.5 | $225.00 |
| Travel Time | 2.0 | $450.00 |

{00274297.DOC}

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Assisted Legal Research | | |
| Facsimile (with rates) | $0.25 per page | $1.50 |
| Telephone, Postage, Photocopying | | |
| Outside Reproduction | | |
| Outside Research | | |
| Filing/Court Fees | | |
| Court Reporting | | |
| Travel Expenses | Parking | $26.85 |
| Courier & Express Carriers | Federal Express | $13.60 |
| Other (explain) | | |

Local Form 102 (Fee Application/Attachment B)

{00274297.DOC}

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470<br>(Jointly Administered |
| IN RE: W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-1139 through 01-1200<br>(Jointly Administered |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-10578, et al<br>(Jointly Administered |
| IN RE: USG CORPORATION, a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-2094 through 01-2104<br>(Jointly Administered |
| IN RE: OWENS CORNING, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 00-3837 through 00-3854<br>(Jointly Administered<br>Hearing date set only if objections are timely filed |

IN RE:    GENERAL ASBESTOS

**SECOND APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ON BEHALF OF C. JUDSON HAMLIN AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM MARCH 1, 2002 THROUGH OCTOBER 28, 2002**

{00274295.DOC}

**TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:**

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the General Rules of Bankruptcy Procedure, Purcell, Ries, Shannon, Mulcahy & O'Neill ("Purcell Ries") hereby moves this Honorable Court on behalf of C. Judson Hamlin for an Order awarding an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in C. Judson Hamlin's capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $14,760.00 and reimbursement of related expenses of $41.95 for the period of March 1, 2002 through October 28, 2002.

In support of this Application and pursuant to Bankruptcy Rule 2016, C. Judson Hamlin respectfully represents as follows:

1. On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of U.S.C. §§101-1330. The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 (a) and 1108 of the Bankruptcy Code.

2. On December 28, 2001, the Court appointed Mr. Hamlin and several other persons as "Court Appointed Advisors" to assist the Court, as set forth in that Order and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to Mr. Hamlin. A copy of this Order is annexed hereto as Exhibit A.

3. By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in

{00274295.DOC}2

accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This Application is the second such application by C. Judson Hamlin.

4. There is no agreement or understanding between Mr. Hamlin and any other person, other than the members, associates and employees of the law firm of Purcell Ries of which Mr. Hamlin is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

5. No agreement exists with any person or entity regarding the rate or amount of compensation Mr. Hamlin shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of Mr. Hamlin's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

6. Mr. Hamlin has expended a total of 33.8 hours in rendering professional services as a Court Appointed Advisor. The time spent and the services rendered were reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtors' estates. An overall billing statement is attached as Exhibits C setting forth the total hours spent by Mr. Hamlin related to all five consolidated bankruptcies.

7. The billing statement attached as Exhibits C presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8. In addition to the time expended in rendering services, C. Judson Hamlin incurred out-of-pocket expenses in connection with his appointment as a Court Appointed Advisor in the amount of $41.95, as set forth in Exhibit C. These expenses were reasonable in relation to the size and complexity of the matters handled, not duplicative of other expenses incurred, and necessary to the administration of the debtor's estates.

9.  C. Judson Hamlin respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period March 1, 2002 through October 28, 2002, the size and complexity of the case, the time, labor and special expertise brought to bear on the questions, and other related factors.

10. C. Judson Hamlin, having reviewed Local Rule 2016-2 regarding compensation and reimbursement of expenses, certifies that this application complies with the requirements of Local Rule 2016-2.

11. A proposed form of order is submitted herewith.

**WHEREFORE**, C. Judson Hamlin respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount of $14,801.95, subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

**WHEREFORE**, C. Judson Hamlin further respectfully requests that the interim allowance of his fees and costs be allocated among the debtors as follows:

1.  Evenly among the debtors as to all consolidated proceedings as set forth in Exhibit C for a total amount of $3,326.95, resulting in each debtor paying $665.39;

2.  Plus the additional sums of $2,700.00 as to the debtor W.R. Grace; $1,800.00 as to the debtor USG Corporation; $3,600.00 as to the debtor Armstrong World Industries; $3,150.00 as to the debtor Owens Corning; and $225.00 as to the debtor Federal Mogul.

The sum of fees and costs allowed against each debtor pursuant to this interim allowance shall total $890.39 against Federal-Mogul Global, Inc.; $3,365.39 against W. R. Grace & Co.; $4,265.39 against Armstrong World Industries, Inc.; $3,815.39 against Owens Corning; and

$2,465.39 against U.S.G. Corporation.

_____
C. JUDSON HAMLIN
Court Appointed Advisor

Dated: 12/3/02, 2002