IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*[1], | ) | Case No. 01-01139JJF |
| | ) | (Jointly Administered) |
| Debtors | ) | |

### AFFIDAVIT OF GARY H. LEVIN IN SUPPORT OF
### APPLICATION OF THE DEBTORS TO EMPLOY
### WOODCOCK WASHBURN LLP
### AS SPECIAL COUNSEL FOR THE DEBTORS

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) ss. |
| COUNTRY OF PHILADELPHIA | ) |

I, GARY H. LEVIN, being duly sworn, states as follows:

1. I am an attorney at law and a member of the bars of the Commonwealth of Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania. I am a partner in the law firm of Woodcock Washburn LLP ("Woodcock") which maintains an office for the practice of law at One Liberty Place –

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f//k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

46th Floor, Philadelphia, Pennsylvania 19103. I make this Affidavit in support of the Application of W.R. Grace & Co., *et al.* (collectively, the "Debtors") for an order authorizing the employment of Woodcock as special counsel on certain intellectual property matters for the Debtors pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code (the "Application"). This Affidavit constitutes the statement of Woodcock pursuant to Federal Rules of Bankruptcy Procedures 2014(a) and 2016.

2. I am not related and, to the best of my knowledge after inquiry of Woodcock's members, counsel, and associates, no other attorney of Woodcock is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

3. I do not hold or represent and, to the best of my knowledge and information, no other attorney of Woodcock holds or represents, any interest adverse to the Debtors or their estates. Insofar as I have been able to ascertain, neither I, nor Woodcock, nor any member, counsel or associate thereof, has any connection with the Debtors' equity security holders, insiders, creditors, or any other party in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as hereinafter set forth.

4. Prior to the filing of the Debtors' Chapter 11 cases, certain attorneys at Woodcock rendered legal services to the Debtors in connection with intellectual property matters, including patent litigation and counseling. Woodcock's legal services have primarily included responding to and managing patent litigation matters in federal courts and opinion work and counseling related to patent and trade secret matters. None of Woodcock's representations on behalf of Debtors have related to these chapter 11 cases.

5. Specifically, in the last ten years, Woodcock has represented the Debtors in connection with the following:

a. Defense of a patent infringement filed against W.R. Grace and Co. by DuPont Company for alleged infringement of a patent directed to a method of making photopolymerizable sheet materials used for production of printing plates. (*E.I. du Pont de Nemours & Co. v. W.R. Grace and Co.-Conn.*, CA No. 92-576 (JJF), United States District Court for the District of Delaware).

b. A patent infringement action against Intercat, Inc. related to Intercat's infringement of a patent directed to a catalytic additive used in fluid catalytic cracking ("FCC") processes. (*W.R. Grace and Co.-Conn. v. Intercat, Inc. and Conoco, Inc.*, CA No. 93-522 (LON), United States District Court for the District of Delaware). The subject matter of this past infringement action is related to that of the particular action for which application is being made to have Woodcock retained as special counsel for Debtors. The latter action is also related to FCC processes.

c. A patent infringement action against ZapatA Industries, originating as a declaratory judgment action by ZapatA, for infringement of a patent directed to sealing compositions containing oxygen scavenging materials for use in beer bottling. (*ZapatA Industries, Inc v. W.R. Grace and Co.-Conn.*, No. 95-CV-2420-DMM, United States District Court for the Southern District of Florida.

d. Numerous matters relating to analysis and rendering of opinions of third-party patents, where such patents have had the possibility of affecting Debtors' actual or proposed operations, and analysis of possible infringement of Debtors' patents or misappropriation of Debtors' trade secrets. Several such analyses are currently being

conducted on behalf of Debtors. None of these analyses involves or has involved parties-in-interest in the Debtors' chapter 11 cases.

6. Over the course of Woodcock's pre-petition representation of the Debtors, Woodcock has periodically received regular compensation from the Debtors for services and expenses incurred through March 2001. Woodcock has no pre-petition claim for services or expenses. None of the fees paid to Woodcock represents payments for legal services in connection with preparation or filing of these Chapter 11 cases.

7. Except as noted below, Woodcock has not previously represented, or represented in the past, and of the Debtors' (or affiliates') significant current vendors, unsecured creditors, lenders, letter of credit issuers, equity holders, underwriters, indenture trustees, lessors, lessees, or customers, (as listed in the exhibits filed in support of the Debtors' application to retain Kirkland & Ellis as reorganization counsel filed in these cases) (the "K&E Exhibits").

8. Woodcock has undertaken a comparison of the persons and entities identified in the K&E Exhibits against the most complete list currently available of Woodcock's clients for the past ten years. To the best of my knowledge and information from this comparison, Woodcock has represented only the Sealed Air Corporation (a member of the Unsecured Creditors' Committee, as identified in the K&E Exhibits). Woodcock represented Sealed Air in a patent infringement action, has provided opinions on patent matters to Sealed Air in areas, and currently represents Sealed Air in the prosecution of several patent applications before the United States Patent and Trademark Office. None of these matters was/is adverse to Debtors or their affiliates, and none

```
```

was/is related to or involves or has involved a party-in-interest in the Debtors' chapter 11 cases.

9.  To the best of my knowledge, only one Woodcock attorney is a shareholder or bondholder of any of the Debtors, owning fewer than 5000 shares of W.R. Grace & Co. common stock.

10. Woodcock intends to apply to the Court for compensation for professional services rendered in connection with the proposed representation, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures and any Orders of this Court. Woodcock will charge hourly rates to the Debtors that are consistent with customary hourly rates charged by Woodcock, which currently are $ 75 to $150 for paralegals, $190 to $325 for associates, and $340 to $455 for partners, subject to periodic adjustments, plus reimbursement of actual and necessary expenses and other charges that the firm incurs. The principal attorneys and paralegals of Woodcock who are currently expected to handle the proposed representation, and their expected hourly rates beginning January 2003 are:

|    | Attorney/Paralegal | Hourly Rate     |
|----|--------------------|-----------------|
| a. | Gary H. Levin      | $ 435 per hour  |
| b. | David R. Bailey    | $ 360 per hour  |
| c. | Frank T. Carroll   | $ 250 per hour  |
| d. | Karen M. Whitney   | $ 190 per hour  |
| e. | Cathy Branka       | $ 145 per hour  |

11. As described in the Application, Woodcock's representation will be that of special counsel to represent the Debtors in certain patent-related litigation and counseling

matters, which are expected to include primarily, but may not be limited to, the particular, currently-pending, infringement action identified in paragraph 5 of the Application.

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors as well in the matters for which Woodcock's retention is sought. Woodcock's rates are set at a level designed to compensate Woodcock fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Woodcock's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, hotel expenses, airfare, expenses for "working meals," computerized research, messengers, and other non-ordinary overhead expenses. Woodcock will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Woodcock's other clients.

13. No promises have been received by Woodcock as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Woodcock has no agreement with any other entity to share (a) any compensation it has received or may receive for services rendered in connection with this case with another party or person, and (b) any compensation another party or person has received or may receive for services rendered in connection with this case.

14. If, at any time during the period of its retention, Woodcock should discover any facts bearing on the matters described herein, Woodcock will supplement the information contained in this Affidavit.

*Gary H. L——*
Gary H. Levin

Subscribed and sworn to before me this 20th day of December, 2002, by Gary H. Levin.

Witness my hand and official seal.

My commission expires: JAN 29, 2005

*[signature]*
Notary Public

> Notarial Seal
> Noreen A. Garonski, Notary Public
> Philadelphia, Philadelphia County
> My Commission Expires Jan. 29, 2005
> Member, Pennsylvania Association of Notaries