IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WOODCOCK WASHBURN LLP AS SPECIAL LITIGATION COUNSEL TO INTERVENE IN LITIGATION

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking the entry of an order pursuant to Sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing the Debtors to retain Woodcock Washburn LLP ("Woodcock") as special litigation counsel for the Debtor with

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:61253.1

respect to the specified matters set forth in the Application; and upon the Affidavit of Gary H. Levin submitted in support of the Application; and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates and their creditors and other parties in interest; and it appearing that this is a core proceeding under 28 U.S.C. § 157; and it appearing that Woodcock does not represent any interest adverse to the Debtors or their estates with respect to the matters for which Woodcock is to be employed; and that Woodcock meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of Woodcock's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Application is GRANTED; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the retention and employment of Woodcock as special litigation counsel for the Debtors for the purposes set forth in the Application is hereby approved; and it is further

ORDERED that Woodcock shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of Gary H. Levin in support of the Application, and shall be reimbursed for all postpetition allowed necessary, actual and reasonable expenses; and it is further

91100-001\DOCS_DE:61253.1                                2

ORDERED that the allowed postpetition fees and expenses of Woodcock shall be administrative expenses of the Debtors' estates; and it is further

ORDERED that this Order shall become effective immediately upon its entry; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Wilmington, Delaware
Dated: _____, 2003

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge