IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JJF) |
| W. R. GRACE & CO., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

NOTICE OF SPECIAL FEE APPLICATION OF
PITNEY, HARDIN, KIPP & SZUCH LLP
FOR SERVICES RENDERED TO DEBTOR, GLOUCESTER NEW COMMUNITIES,
INC., PURSUANT TO PREVIOUSLY APPROVED CONTINGENCY FEE AGREEMENT

| | |
|---|---|
| Name of Applicant: | Pitney, Hardin, Kipp & Szuch LLP |
| Authorized to Provide Professional Services to: | W. R. GRACE & CO., *et al.* |
| Date of Retention: | May 30, 2001 (*nunc pro tunc* to April 2, 2001) |
| Period for which compensation and reimbursement is sought: | April 2, 2001 – December 3, 2001 |
| Amount of Compensation sought as actual, reasonable and necessary: | $240,000.00 |
| Amount of Expense Reimbursement Sought as actual, reasonable and necessary | $0 |

This is a: ___ monthly ___ quarterly interim _X_ final application[1]

The total time expended for fee application preparation is approximately 15 hours. Compensation for the preparation of this fee application may be included in a subsequent fee

---

[1] Pitney, Hardin reserves the right to seek allowance of any fees "heldback" in accordance with fee application procedures established by the Court.

809217A01120301

application.

                                        PITNEY, HARDIN, KIPP & SZUCH LLP

                                        By: _____
                                        Scott A. Zuber, Esq.
                                        P.O. Box 1945
                                        Morristown, NJ 07962-1945
                                        (973) 966-6300
                                        Special Counsel to Debtors

Dated:     Florham Park, New Jersey
            December 3, 2001

809217A01120301

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

SPECIAL FEE APPLICATION OF
PITNEY, HARDIN, KIPP & SZUCH LLP
FOR SERVICES RENDERED TO DEBTOR, GLOUCESTER NEW COMMUNITIES,
INC., PURSUANT TO PREVIOUSLY-APPROVED CONTINGENCY FEE AGREEMENT

Pursuant to sections 327, 328, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

809503A01120301

Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Pitney, Hardin, Kipp & Szuch LLP ("Pitney, Hardin"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing Pitney, Hardin compensation in the amount of $240,000.00 for the reasonable and necessary legal services rendered by Pitney, Hardin to and on behalf of debtor, Gloucester New Communities, Inc. ("GNCC"), pursuant to a previously-approved contingency fee agreement between Pitney, Hardin and GNCC (the "Application"). In support of the Application, Pitney, Hardin respectfully represents as follows:

### Retention and Terms of Compensation of Pitney, Hardin

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the

2

809503A01120301

office of the United States Trustee appointed: (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants. On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

2. By this Court's order dated May 30, 2001 (the "Retention Order"), the Debtors were authorized to retain Pitney, Hardin as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention (the "Pitney, Hardin Retention Application"): (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al* (the "GNCC Matter").

3. As set forth in the Pitney, Hardin Retention Application, and approved by the Retention Order, the GNCC Matter was to be handled by Pitney, Hardin on a contingency basis, pursuant to an agreement between GNCC and Pitney, Hardin, whereby Pitney, Hardin would be paid 30% of the amount recovered from the defendants, whether as a result of settlement or payment of a judgement entered against the defendants, with the

total fee not to exceed $240,000.00, exclusive of engagement costs.[2]

4. After significant litigation, and extensive settlement negotiations, GNCC and the defendants reached a settlement of the GNCC Matter.

5. On or about October 12, 2001, in accordance with procedures established by the Court for the settlement of certain claims and causes of action brought by or against the Debtors, the Debtors filed and served a Claims Settlement Notice regarding, *inter alia*, the GNCC Matter (the "Settlement Notice"). In short, the settlement provides that the defendants will pay GNCC the sum of $937,500.00 on account of past and future remediation costs associated with cleanup of a landfill owned by GNCC. Pitney, Hardin submits that the settlement has resulted in a substantial benefit to GNCC.

6. Objections to the proposed settlement of the GNCC Matter were due by November 1, 2001. No objections to the settlement were filed, and a "certification of no objection" was filed by the Debtors on or about November 15, 2001.

## Nature of Services Rendered and Legal Authority

7. Bankruptcy Code section 330 authorizes bankruptcy courts to award professionals employed by debtors under

---

[2] Pitney, Hardin has been paid substantially all of its engagement costs in connection

4

Bankruptcy Code Section 327, subject to, *inter alia*, Bankruptcy Code Section 328, "reasonable compensation" for actual and necessary services rendered to the debtors by such professionals.

8. Under Bankruptcy Code Section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

9. In the GNCC Matter, Pitney, Hardin has expended approximately 2,833.3 hours of legal time. If this matter were billed on an hourly basis, utilizing the hourly rates of the specific professionals that worked on the matter, the fee would be $575,555.00. Accordingly, Pitney, Hardin respectfully submits that a fee request of $240,000.00 is reasonable in all respects.

10. Bankruptcy Code Section 328(a) provides, in substance, for the employment of professionals on any reasonable terms and conditions, including, as in the GNCC Matter, on a contingency fee basis. Section 328(a) also provides that, notwithstanding the terms and conditions of retention, the court

---

with the GNCC Matter.

5

809503A01120301

may allow compensation different from the compensation provided if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions. Pitney, Hardin respectfully submits that the terms and conditions of retention in the GNCC Matter were not improvident in any manner and, accordingly, Pitney, Hardin should be compensated in accordance with the previously approved contingency fee agreement.

### Continuing Disinterestedness of Pitney, Hardin

11. As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Pitney, Hardin does not hold or represent any interest adverse to the estates with respect to the matters on which Pitney, Hardin is to be employed.

12. Pitney, Hardin may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Pitney, Hardin disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Pitney, Hardin will update the Marchetta Affidavit when

necessary and when Pitney, Hardin becomes aware of material new information.

13. Pitney, Hardin performed the services for which it is seeking compensation on behalf of or for GNCC and its estate, and not on behalf of any committee, creditor or other person.

14. Pitney, Hardin has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases, except the payment of engagement costs pursuant to previously submitted monthly applications.

15. Pursuant to Fed. R. Bank. P. 2016(b), Pitney, Hardin has not shared, nor has agreed to share, any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Pitney, Hardin.

## Summary

16. In summary, by the Application, Pitney, Hardin requests compensation for fees in the total amount of $240,000.00, consistent with the previously approved contingency fee agreement between GNCC and Pitney, Hardin.

WHEREFORE, Pitney, Hardin respectfully requests: (a) that an allowance be made to Pitney, Hardin, as set forth above, for 80% of $240,000.00 ($192,000.00), with Pitney, Hardin reserving the right to seek payment of the remaining 20% ($48,000.00) in accordance with the omnibus procedures previously approved by the Court; (b) that such fee be payable as an administrative expense of the Debtors' estates; and (c) that this Court grant Pitney, Hardin such further relief as is equitable and just.

Respectfully submitted,
PITNEY, HARDIN, KIPP & SZUCH LLP

_____
Scott A. Zuber, Esq.
(Mail) P.O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950

Florham Park, New Jersey
Dated: December 3, 2001

8