# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket No. 1934 |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328 AND FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS AUDITORS AND TAX CONSULTANTS TO THE DEBTORS AND DEBTORS IN POSSESSION NUNC PRO TUNC TO NOVEMBER 11, 2001**

*For the reasons expressed on the record and* Upon consideration of the application (the "Amended Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ and retain PricewaterhouseCoopers LLP ("PwC") auditors and tax consultants to the Debtors nunc pro tunc to ~~November 11, 2001~~ *Jan. 10, 2002*, and upon the affidavit of W. Larry Farmer (the "Affidavit"), *and the representations that PwC waives all and* (4) and the Court being satisfied, based on the representations made in the Amended Application and Affidavit, that PwC represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that PwC is a

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Amended Application.

(4) *any claim(s) to an indemnity re the Cambridge Litigation and all other prepetition claims,*

91100-001\DOCS_DE:44842.1

"disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PwC is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Amended Application is granted; and it is further

*ORDERED that the requirement to employ PwC as a disinterested (\*\*)*

and further ORDERED that the Debtors are authorized to employ and retain PwC as auditors and tax consultants on the terms set forth in the Amended Application and the PwC Agreement (as defined in the Amended Application) nunc pro tunc to ~~November 11, 2001~~ *Jan. 10, 2002*; and it is further *Ordered that the issue of nunc pro tunc beyond 1/10/02 + fees for services in that time (as a profession at) are presented*

ORDERED that PwC will provide such auditing and tax services as PwC and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the course of the Chapter 11 Cases, including but not limited to the following:

    a. **Audit Services.**

        i. Audit the financial statements of the Debtors as may be required from time to time, and advise and assist in the preparation and filing of financial statements and disclosure documents required by the Securities and Exchange Commission including Forms 10-K and 10-Q as required by applicable law or as requested by the Debtors;

        ii. Audit any benefit plans as may be required by the Department of Labor or the Employee Retirement Income Security Act, as amended;

        iii. Review the unaudited quarterly financial statements of the Debtors as required by applicable law or as requested by the Debtors; and

        iv. Perform other audit-related services for the Debtors as may be necessary or desirable.

*(+) Debtor having set forth sufficient reasons why nunc pro tunc authorization to employ PwC as of 1/10/02 is appropriate in this case, and*

*(\*\*) professional is met and PwC is retained as a professional under §327-330 and NOT under §363 as an "ordinary course" employee*

91100-001\DOCS_DE:44842.1

b. <u>Tax Services</u>.

i. Assist the Debtors in preparing for and undergoing existing and future IRS examinations relating to prior tax work performed by PwC; and

ii. Rendering any and all other tax assistance as may be requested from time to time.

ORDERED that PwC may render audit and tax related support deemed appropriate and necessary to the benefits of the Debtors' estates; and it is further

ORDERED that PwC shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001; and it is further

ORDERED that PwC shall be compensated for fees accrued during the Fee Period in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: __6/18__, 2002

*signature*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge