## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |
| | ) | |
| | ) | |

## CLAIMS BAR DATE NOTICE

PLEASE TAKE NOTICE THAT on April 22, 2002 the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors" or "Grace") entered an Order As to All Non-Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring Claims: (I) Approving Case Management Schedule, (II) Establishing Bar Date, (III) Approving Proof Of Claim Forms and (IV) Approving Notice Program ("Bar Date Order") which, among other things, sets a Bar Date for filing proofs of claim against the Debtors, for Non-Asbestos Claims,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Asbestos Property Damage Claims and Medical Monitoring Claims, as defined on Exhibit 1 attached.

Under the Bar Date Order, the Court established the following Bar Date:

**March 31, 2003** at 4:00 p.m. Eastern Time as the last day and time for all persons an entities, including without limitation, each individual, partnership, joint venture, corporation estate, trust and governmental unit who have **Claims**, including **pre-petition** Non-Asbesto Claims and **present** Asbestos Property Damage Claims or Medical Monitoring Claims agains any of the Debtors or their predecessors-in-interest, to file proofs of claim.

A copy of the Bar Date Order setting the Bar Date is enclosed.

## 1.    WHO MUST FILE A PROOF OF CLAIM

On April 2, 2001 (the "Petition Date"), each of the Debtors commenced a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have a **CLAIM** against the Debtors including bu not limited to any **pre-petition** Non-Asbestos Claim or any **present** Asbestos Property Damage Claim or Medical Monitoring Claim as defined in Exhibit 1. Any person or entity having such a claim against the Debtors must file a Proof of Claim on or before the Bar Date, using the applicable Proof of Claim form approved by the Court.

**The Bar Date does <u>not</u> apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims as defined in Exhibit 1. Asbestos Personal Injury Claims, Settled Asbestos Claims and Zonolite Attic Insulation Claims will be subject to a separate claim submission process and should not be filed at this time.**

The Bar Date does apply to derivative asbestos claims and asbestos-related claims for contribution, indemnity, reimbursement or subrogation. The Bar Date also applies to personal injury and/or wrongful death claims which are not asbestos-related.

**IN THE EVENT THAT PRIOR TO THE BAR DATE YOU FILED A PROOF OF CLAIM FOR AN ASBESTOS PROPERTY DAMAGE CLAIM OR MEDICAL MONITORING CLAIM USING OFFICIAL FORM 10 OR ANY OTHER PROOF OF CLAIM FORM, YOU MUST REFILE YOUR CLAIM ON THE APPROPRIATE SPECIALIZED COURT-APPROVED PROOF OF CLAIM FORM ON OR BEFORE THE BAR DATE OR YOUR CLAIM SHALL BE BARRED AND DISALLOWED.**

In the event that prior to the Bar Date you filed a proof of claim for any claim **other than** an Asbestos Property Damage Claim or Medical Monitoring Claim using Official Form 10 or any other proof of claim form, you do **not** need to refile your claim on the appropriate specialized court-approved proof of claim form on or before the Bar Date so long as you identified the appropriate Debtor against which your claim is asserted in your proof of claim form.

Under Section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions of the Debtors that occurred before the Debtors filed their Chapter 11 cases on April 2, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Therefore, any creditor having a claim against the Debtors, no matter how remote or contingent, must file a proof of claim before the Bar Date.

As outlined herein, you must file a claim if you have a **PRE-PETITION** Non-Asbestos Claim or any **PRESENT** Asbestos Property Damage Claim or Medical Monitoring Claim as defined in Exhibit 1. A **PRE-PETITION** claim is a claim as of the time **IMMEDIATELY PRECEDING THE COMMENCEMENT OF THE CHAPTER 11 CASES ON APRIL 2, 2001.** A **PRESENT** claim is a claim as of the time **IMMEDIATELY PRECEDING THE BAR DATE.**

## 2.    WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM

The Bar Date and the need to file a Proof of Claim applies only to holders of pre-petition Non-Asbestos Claims against the Debtors and holders of present Asbestos Property Damage Claims and Medical Monitoring Claims against the Debtors. You do not need to file a proof of claim if you have any of the following types of claims:

A.    **An Asbestos Personal Injury Claim, Settled Asbestos Claim or Zonolite Attic Insulation Claim;**

B.    A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is not described in the Schedules as "disputed," "contingent," or "unliquidated," and (iii) is in the same amount and of the same classification as set forth in the Schedules;

C.    An administrative expense of any of the Debtors' Chapter 11 cases as defined in Sections 503(b) or 507(a) of the Bankruptcy Code as including the actual, necessary costs and expenses of preserving the estate;

D.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

E.    A claim that has been allowed by an order of the Court entered on or before the Bar Date;

F.    A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on

account of any personal injury claims. *However, any claims held by former or current employees that may be asserted directly against the Debtors outside of a state workers' compensation system including, but not limited to, claims for pre-petition wages, salaries and benefits and deferred compensation, if any, are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim or be forever barred from asserting such claim;*

G.   The Chase Manhattan Bank, n/k/a JP Morgan Chase, in its capacity as administrative agent for the Banks and Purchasing Banks which are parties to one or both of the two $250 million unsecured revolving credit facilities, namely: (i) the Credit Agreement dated as of May 14, 1998, and (ii) the 364-Day Credit Agreement dated as of May 5, 1999, as each may have been amended or supplemented (collectively, the "Pre-Petition Facilities") may file proofs of claim in respect of claims for principal, interest and other amounts that arise under the two Pre-Petition Facilities on behalf of the Banks and Purchasing Banks for which it acts in lieu of or in addition to any individual proofs of claim filed by such debtholders and, accordingly, such Banks and Purchasing Banks need not file proofs of claim asserting such claims; provided, however, that such debtholders must file individual claims against the Debtors for all other claims they seek to assert against the Debtors; and

H.   Any holder of an interest in the Debtors arising solely from its ownership of the common stock or other equity securities of the Debtors need not file a proof of interest, but must file a proof of claim for any claim they have against the Debtors.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OF IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE A CLAIM.**

3.   **ASBESTOS PERSONAL INJURY CLAIMS, ZONOLITE ATTIC INSULATION CLAIMS**

*The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims.* Asbestos Personal Injury Claims, Settled Asbestos Claims and Zonolite Attic Insulation Claims will be subject to a separate claims process, to be established by the Court, and should not be filed at this time.

4.   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of

an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

## 5.    WHEN AND WHERE TO FILE

To file a claim, do the following:

- *File the claim on the appropriate Court-ordered* Proof of Claim Form, *a copy of which is enclosed with this notice.*

- *For additional copies of the* Proof of Claim Form:

  - Contact Rust Consulting, Inc., the Claims Processing Agent, toll-free at **1-800-432-1909**, 9:00 a.m. - 4:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

  - Visit the Grace chapter 11 website at **www.graceclaims.com** to request a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form.*

- *For **ALL CLAIMS**, return the completed* Proof of Claim Form(s) *to the Claims Processing Agent by no later than **March 31, 2003** at 4:00 p.m. Eastern Time.*

- Proof of Claim Forms *will be deemed filed only when actually received by the **Claims Processing Agent**.* Proof of Claim Forms *submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed. If you are returning the* Proof of Claim Form *by mail, allow sufficient mailing time so that the* Proof of Claim Form *is received on or before the Bar Date.* Proof of Claim Forms *that are postmarked before that date but are received thereafter will be considered late.*

- Proof of Claim Forms *must be mailed, filed in person, or hand delivered so as to be received on or before the Bar Date at the following address:*

If mailed, to:

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

If hand delivered, to:

Rust Consulting, Inc.
Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN 55021

(between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, on business days).

- *Proof of Claim Forms will be deemed filed only when actually received at the addr indicated above. You must include all attachments and exhibits with each Proof Claim and the claim form must be signed by the claimant.*

- *Do not file or send copies of the Proof of Claim to the Debtors, counsel for 1 Debtors, the Official Committee of Unsecuritee Creditors, the Official Committee Asbestos Personal Injury Claimants, the Official Committee of Asbestos Prope. Damage Claimants, the Official Committee of Equity Security Holders, or su Committees' counsel. Upon receipt of your claim, the Claims Processing Agent v send an acknowledgment card with the appropriate claim number noted thereon.*

## 6.   WHAT TO FILE

If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Cla form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Prope Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof Claim Form". If you are filing a Proof of Claim for a Medical Monitoring Claim, use the Pro of Claim form entitled "Asbestos Medical Monitoring Proof of Claim Form." If you are filin; Proof of Claim for any other claim subject to the Bar Date outlined herein, use the Proof Claim form entitled "Grace Non-Asbestos Proof of Claim Form."

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) denominated in lawful currency of the United States, and (iii) indicate the Debtor against whi you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YO MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLA: AGAINST THE APPROPRIATE DEBTOR.

## 7.   PRODUCT INFORMATION

For your information and assistance in completing the Asbestos Property Damage Cla Form, the Debtors mined vermiculite and produced and marketed vermiculite products, some which may have contained naturally occurring asbestos. Grace also produced and market vermiculite products containing added asbestos for use primarily in commercial, public and hig rise residential buildings. These products included ceiling and wall finishes, plasters, a cements. In addition, from 1959 to 1973, Grace or its predecessor marketed Mono-Kote 3 (M 3), an asbestos-containing, wet, spray-on fireproofing plaster used to provide fire protection 1 the enclosed steel beams in such buildings. A list of the brand names under which the Debt( manufactured products that may have contained commercially added asbestos is attached Exhibit 2.

## 8.   CLAIMS AGAINST MULTIPLE DEBTORS/OTHER NAMES

If you assert claims against more than one Debtor, you must file a separate Proof Claim Form against each applicable Debtor. The case number of each Debtor is listed on t

attached Exhibit 1 and the General Instructions for filing Proof of Claim Forms. If you file a single Proof of Claim Form asserting a claim against more than one Debtor, your claim will be deemed to have been filed against the first Debtor identified only. All additional identified Debtors will be disregarded.

If you believe you have a claim against the Debtors' estates but you are not sure which Debtor to assert your claim against, attached as part of Exhibit 1 to this Bar Date Notice is also a list of "other names" used by the Debtors' main operating entity, W. R. Grace & Co. - Conn., case no. 01-1179. Any Claims you wish to assert against one of these "other names" should be filed against W. R. Grace & Co. - Conn.

If you need additional Proof of Claim Form(s), you may obtain additional forms by: (a) calling the Claims Processing Agent toll free at **1-800-432-1909**; or (b) requesting such forms via the website at **www.graceclaims.com**.

9.    **EFFECT OF NOT FILING A CLAIM**

ANY HOLDER OF A NON-ASBESTOS CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM OR MEDICAL MONITORING CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE A COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, INSURANCE CARRIERS OR THE DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS, THEIR PROPERTY OR THEIR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above, present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof of Claim to preserve such benefit but must file a Proof of Claim if they seek to preserve a right to proceed against the Debtors in respect of all Non-Asbestos Claims.*

10.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street,

Wilmington, Delaware 19801 or you may request a copy of the portion of the Schedules tl
pertains to your claim from the Claims Processing Agent at P.O. Box 1620, Faribault, M
55021-1620.

## 11.    QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a Proof of Clai
you should consult your attorney.  If you have questions concerning how to complete a *Proof*
*Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Cla*
*Form*, contact the **Claims Processing Agent** toll-free at **1-800-432-1909** between 9:00 a.m. a
4:00 p.m. (Eastern Time), Monday through Friday, or write to:  **Claims Processing Agent, F**
**W. R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN  55021-1620.** You may a
request a *Proof of Claim Form* and instructions via Grace's chapter 11 website,
**www.graceclaims.com**.

BY ORDER OF THE COURT

/c/ Judith K. Fitzgerald

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## DEFINITIONS OF CLAIMS SUBJECT TO BAR DATE

The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), case no. 01-1139, W. R. Grace & Co.-Conn., case no. 01-1179, A-1 Bit & Tool Co., Inc., case no. 01-1140, Alewife Boston Ltd., case no. 01-1141, Alewife Land Corporation, case no. 01-1142, Amicon, Inc., case no. 01-1143, CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), case no. 01-1144, CCHP, Inc., case no. 01-1145, Coalgrace, Inc., case no. 01-1146, Coalgrace II, Inc., case no. 01-1147, Creative Food 'N Fun Company, case no. 01-1148, Darex Puerto Rico, Inc., case no. 01-1149, Del Taco Restaurants, Inc., case no. 01-1150, Dewey and Almy, LLC (f/k/a Dewey and Almy Company), case no. 01-1151, Ecarg, Inc., case no. 01-1152, Five Alewife Boston Ltd., case no. 01-1153, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), case no. 01-1154, G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), case no. 01-1155, GEC Management Corporation, case no. 01-1156, GN Holdings, Inc., case no. 01-1157, GPC Thomasville Corp., case no. 01-1158, Gloucester New Communities Company, Inc., case no. 01-1159, Grace A-B Inc., case no. 01-1160, Grace A-B II Inc., case no. 01-1161, Grace Chemical Company of Cuba, case no. 01-1162, Grace Culinary Systems, Inc., case no. 01-1163, Grace Drilling Company, case no. 01-1164, Grace Energy Corporation, case no. 01-1165, Grace Environmental, Inc., case no. 01-1166, Grace Europe, Inc., case no. 01-1167, Grace H-G Inc., case no. 01-1168, Grace H-G II Inc., case no. 01-1169, Grace Hotel Services Corporation, case no. 01-1170, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), case no. 01-1171, Grace Offshore Company, case no. 01-1172, Grace PAR Corporation, case no. 01-1173, Grace Petroleum Libya Incorporated, case no. 01-1174, Grace Tarpon Investors, Inc., case no. 01-1175, Grace Ventures Corp., case no. 01-1176, Grace Washington, Inc., case no. 01-1177, W. R. Grace Capital Corporation, case no. 01-1178, W. R. Grace Land Corporation, case no. 01-1180, Gracoal, Inc., case no. 01-1181, Gracoal II, Inc., case no. 01-1182, Guanica-Caribe Land Development Corporation, case no. 01-1183, Hanover Square Corporation, case no. 01-1184, Homco International, Inc., case no. 01-1185, Kootenai Development Company, case no. 01-1186, L B Realty, Inc., case no. 01-1187, Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), case no. 01-1188, Monolith Enterprises, Incorporated, case no. 01-1189, Monroe Street, Inc., case no. 01-1190, MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), case no. 01-1191, MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), case no. 01-1192, MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), case no. 01-1193, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), case no. 01-1194, Southern Oil, Resin & Fiberglass, Inc., case no. 01-1195, Water Street Corporation, case no. 01-1196, Axial Basin Ranch Company, case no. 01-1197, CC Partners (f/k/a Cross Country Staffing), case no. 01-1198, Hayden-Gulch West Coal Company, case no. 01-1199, H-G Coal Company, case no. 01-1200, (herein collectively referred to as the "Debtors" or "Grace").

W. R. Grace & Co. - Conn. is the Debtors' main operating entity. Attached hereto is a list of "other names" used by W. R. Grace & Co. - Conn. in the last 6 years. If you assert a claim against any of these "other names", your claim should be filed against W. R. Grace & Co. - Conn., case no. 01-1179.

**Non-Asbestos Claim:** Non-Asbestos Claims are all other claims against the Debtors **as of the time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001** other than Asbestos Property Damage, Zonolite Attic Insulation, Asbestos Personal Injury, Settled Asbestos or Medical Monitoring Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed

Exhibit 1 to Bar Date Notice

by one or more of the Debtors and arising or allegedly arising directly or indirectly, from act:
omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligation
liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "l
Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbe
Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; (d) Zon
Attic Insulation Claims; or (e) Medical Monitoring Claims.

**Asbestos Property Damage Claim**: Asbestos Property Damage Claims are claims **as of the t
immediately preceding the Bar Date** that relate, for example, to the cost of removal, diminutior
property value or economic loss caused by asbestos in products manufactured by the Debtors or f
vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Dam
Claims are those claims against, or any debt, obligation or liability of, one or more of the Debt
whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity
relating to or arising by reason of, directly or indirectly, property damage, including, but not limitec
diminution in the value thereof, or environmental damage or economic loss caused or allegedly cau
directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produc
specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermici
mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, f
acts or omissions of one or more of the Debtors, including, but not limited to, all claims, de
obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date,
defined term "Asbestos Property Damage Claim" is not intended to include those claims separa
defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Set
Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such cla
may or may not arise directly or indirectly as a result of claims for property damage relating to asbesto
vermiculite.

**Medical Monitoring Claim**: Medical Monitoring Claims are those claims by or on behalf of those \
have not as of the Bar Date suffered any personal injury but who are alleging that Grace wrongfi
caused them to be significantly exposed to hazardous asbestos fibers, that this exposure significal
increased the claimant's risk of contracting a serious latent disease, that medical monitoring co
reasonably be expected to result in early detection of the onset and mitigation of the severity of s
disease, and that because of this exposure it is necessary for the claimant to be examined by a physicia
receive medical testing more often than he or she otherwise would.

**As outlined in the Claims Bar Date Notice, the Bar Date does not apply to Asbestos Personal Inj
Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims <u>will be subjec
a separate claims submission process and should not be filed at this time</u>. Those claims are defi
as follows:**

**Asbestos Personal Injury Claim**: Asbestos Personal Injury Claims are those claims involving persc
injuries or damages related to exposure to asbestos containing products manufactured by the Debtor:
exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Persc
Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding
tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, dire
or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly cau
directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sc
supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debt
or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allege
arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but
limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss
consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proxime
consequential, general and special damages and punitive damages. "Asbestos Personal Injury Claim'

Exhibit 1 to Bar D:

not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Settled Asbestos Claim**: Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive full payment. "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Zonolite Attic Insulation Claim**: Zonolite Attic Insulation Claims are claims that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors.  Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. The defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

Exhibit 1 to Bar Date Notice

## OTHER NAMES USED BY W. R. GRACE & CO.-CONN. CASE NO. 01-1179 IN LAST 6 YEA

ABS
ABS Specialty Genetics
Adtec
Agracetus
Airmold
Ambrosia Chocolate
American Breeders Service
American Café
Amicon
Amicon, Inc.
Aquatec Chemical
Assignment America
Auragen
Baker & Taylor
Beltronix Systems, Inc.
Camet
Canonie, Inc.
Canonie Environmental Services
Canonie Ventures
Caswell Massey
Century Café
CC Partners
CCHP
Chomerics
Circe Biomedical
Coast Café
Colowyo Coal Company
Composite Materials
Construction Products Division
Cormix
Creative Food And Fun
Crosfield Catalysts
Cross Country Healthcare Personnel
Cross Country Healthcare Professionals
Cross Country Staffing
Cryovac
Cypress Packaging
Darex
Darex Container Products
Darex Puerto Rico
Davison
Davison Catalysts
Davison Chemical
Davison Silicas
Dean & Deluca

Dearborn
Dearborn Chemicals
Del Taco, Inc.
Del Taco Restaurants
Dewey & Almy
Dewey & Almy Chemicals
Dialysis Services Division
Diamonite
Duncan Lagnese & Assoc., Inc.
Emerson & Cuming
Endura
Environmental Litigation Management
Erika, Inc.
Flex-Light
Formpac
Geniva
Gloucester New Communities Co.
GN Holdings
Grace Biomedical
Grace Biopesticides
Grace Bioremediation Technologies
Grace Cocoa
Grace Cocoa Associates, L.P.
Grace Composite Materials
Grace Construction Products
Grace Container Products
Grace Culinary Systems
Grace Davison
Grace Drilling
Grace Energy
Grace Healthcare
Grace Hotel Services Corporation
Grace Logistics Services
Grace Membrane Systems
Grace Microwave
Grace Packaging
Grace Performance Chemicals
Grace Petroleum Company
Grace-Sierra
Grace Specialty Businesses
Grace Specialty Polymers
Grace Tec Systems
Grace Transportation Services
Grace Washington, Inc.

Gracoal
Harold's
Home Nutritional Servic
Homecare Division
Hotel Services Corporati
Huthnance
LB Realty
Las Brisas
Las Brisas Restaurant
Lifechem, Inc.
Lighting Systems Interna
Marine Culture Enterpris
Medalliance
Medical Products Divisic
Merckens Chocolate
Metreon
Minico
Monolith Enterprises
National Medical Care
NMC
PJ McKenzie's
Propal
Protocare
Reg
Restaurant Enterprises Gr
Remedium Group, Inc.
Secret Harbor Bistro
Sourgas
Southern Flow Companie
Stantrans, Inc.
STS
Support Transport Service
Tec Systems
Veratex Corporation
Visiting Nurses

-4-

Exhibit 1 to Bar Dat

A list of the brand names under which the Debtors manufactured or distributed products which may have contained commercially added asbestos, includes, but may not be limited to, the following:

-   Ari-Zonolite Board Texture (1961 - 1964);
-   Ari-Zonolite Natura
-   Ari-Zonolite Oyster White
-   Ari-Zonolite Nu-White
-   Econo-White 65 and Econo-White 70 -- Econo-White Acoustical Texture; Econo-White Super White
-   Hi-Sorb Acoustical Plaster (1966 - 1973) -- XX White Hi-Sorb; Oyster White Hi-Sorb
-   Perlcoustic (1966 - 1973)
-   Perltex Spray Surfaces (19 ?? - 1973) -- PlasterTex; Perltex Super-40 Spray Surfacer; Perltex Super-40; Gun Coat Spray Surfacer
-   Perltex Super-40 Fog (19 ?? - 1973) -- Perltex Fog (Prior to 1968)
-   Perltex Super-40 Perltex (19 ?? - 1973) -- Perltex Perlite; Super-40 Perlite
-   Perltex Super-40 Polycoarse -- Perltex Polycoarse (Prior to 1988)
-   Perltex Super-40 SAV (19 ?? - 1973) -- Perltex SAV; Super-40 SAV
-   Prep-Coat #3; Prep-Coat #5
-   Satin White
-   Spra-Wyt a/k/a Spra-Wyt Finish, Spra-Wyt Acoustical, Spra-Wyt Acoustical Finish
-   Vermiculite Acoustical Plaster; Vermiculite Acoustical Plastic
-   Versakote -- Prep Coat #4
-   Z-Tex (1958 - 1962) -- EX-Tex; Z-Tex 2; Z-Tex 2 Super White
-   Zono-Coustic (1960-1973) -- Zono-Coustic 1; Zonocoustic 2; Zonocoustic 3; Zonocoustic Type Z; and Zonocoustic (MK2)
-   Zonolite Acoustical Plaster (1945 - 1972) -- Zonolite Acoustical Plastic; Zonolite Board of Education Texture (1962 - 1963) -- Board of Education Hard Texture
-   Zonolite Finish Coat (1956 - 1970) -- Decorator's White
-   Zonolite Finish Coat (1961 - 1973) -- Decorator's White Extra Hard
-   Zonolite Finishing Cement
-   Zonolite High Temperature Insulating Cement (1938 - 1971) -- Hi Temp Insulating Cement; Zonolite Hi-Temperature Cement; Zonolite High Temperature Cement
-   Zonolite Mono-Kote (MK-1) (1958 - 1962) -- Mono-Kote (generic name)
-   Zonolite Mono-Kote 3 (MK-3) (1959 - 1973) -- Mono-Kote (generic name)
-   Zonolite Spra-Insulation (1959 - 1973) -- Mono-Kote (MK-2)
-   Zonolite Spra-Tex -- Regular (1955 - 1972) -- Zonolite Spra-Tex EH
-   Zonolite Spra Tex -- Extra Hard (1961 - 1972)

Exhibit 2 to Bar Date Notice

Bar Date Notice Package   Page 14

This page intentionally left blank.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                    )     **Chapter 11**
                                          )
W. R. GRACE & CO., et al.,[1]             )     **Case No. 01-01139 (JKF)**
                                          )     **(Jointly Administered)**
                    **Debtors.**          )
                                          )
                                          )

### ORDER AS TO ALL NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAGE CLAIMS, AND MEDICAL MONITORING CLAIMS: (I) ESTABLISHING BAR DATE, (II) APPROVING PROOF OF CLAIM FORMS AND (III) APPROVING NOTICE PROGRAM

Upon the motion dated June 27, 2001 (the "June 27, 2001 Motion"), as revised on February 12, 2002 (the "Motion")[2] of Debtors, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of case management order, (ii) establishment of Bar Dates (iii) approval of proof of claim forms, and (iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having jurisdiction to consider

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; a

appearing that (a) establishing a bar date by which creditors must assert any Asbestos Pro

Damage Claims, Medical Monitoring Claims and any Non-Asbestos Claims against any c

Debtors or be forever barred from asserting such claims, voting on any plan or plar

reorganization or participating in any distributions from the Debtors' estates in accordance

the authority granted to this Court by title 11 of the United States Code (the "Bankruptcy C

and the Bankruptcy Rules is necessary for the prompt and efficient administration of t

Chapter 11 cases and to protect the interests of the Debtors, their creditors and other parti

interest herein; (b) notification of the relief granted by this Order in the manner proposed b

Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and p

notice to all creditors of their rights and obligations in connection with claims they may

against the Debtors in these Chapter 11 cases; (c) the form and content of the Debtors' Asb

Property Damage Proof of Claim Form, Asbestos Medical Monitoring Proof of Claim Forn

Non-Asbestos Proof of Claim Form and accompanying instructions as amended (collectively

"Proof of Claim Forms") are fair and reasonable; and (d) a bar date of **March 31, 2003** f

Claims required to be filed against the Debtors as provided for herein is appropriate in

cases; and due notice of the Motion having been provided to (i) the United States Trustee fc

District of Delaware, (ii) counsel to The Chase Manhattan Bank as agent for the Deb

prepetition lenders, (iii) the attorneys for each of the Official Committees appointed in

cases, and (iv) all parties required to be provided notice pursuant to Bankruptcy Rules 200%

9007 and Local Rule 2002-1; and it appearing that no other or further notice need be prov

and it appearing that it is appropriate to set the bar date; and the Court having determined th;

relief sought in the Motion is in the best interests of the Debtors, their creditors and all part;

interest; and upon the Motion and all of the proceedings had before the Court; and after

deliberation and sufficient cause appearing therefore, it is:

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), **March 31, 2003** is fix

the bar date for filing proofs of claims asserting Asbestos Property Damage Claims, Me

Monitoring Claims and Non-Asbestos Claims against the Debtors (the "Bar Date"), as

claims are defined on Exhibit 1 to the Claims Bar Date Notice; and it is further

ORDERED that proofs of claim will be deemed timely filed only if actually received by the Debtors' Claims Processing Agent at the address provided for in the Claims Bar Date Notice on or before the Bar Date; and it is further

ORDERED that the Debtors' Claims Processing Agent shall *not* accept proofs of claim sent by facsimile, telecopy or electronic transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the **March 31, 2003** bar date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms approved by this Court herein, except for holders of Non-Asbestos Claims who may file Official Form 10, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Date in a form substantially similar to the notice filed herewith (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date and all procedures and requirements in connection therewith if it is served together with this Order, the General Instructions for filing Proof of Claim Forms and the appropriate Proof of Claim Forms (the "Bar Date Notice Package") by depositing same in the United States mail, first-class postage prepaid, within sixty (60) days after the date of entry of this Order upon the following entities:

A.    the Office of the United States Trustee for the District of Delaware,

B.    the members of the Committees and their attorneys,

C.    all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,

D.    all entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

E.      all counter-parties to executory contracts and unexpired leases listed on
        Schedules at the addresses stated therein,

F.      the District Director of Internal Revenue for the District of Delaware,

G.      the Securities and Exchange Commission,

H.      all entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry
        this Order,

I.      holders of known Non-Asbestos Claims as defined on Exhibit 1 to the Bar D
        Notice and their counsel, if known, and

J.      all current residents of the Libby, Montana area.

and it is further

ORDERED that notice of entry of this Order and of the Bar Date shall be deemed go
adequate and sufficient notice of the Bar Date and all procedures and requirements in connecti
therewith if it is served together with the Bar Date Notice Package by depositing same in 1
United States mail, first-class postage prepaid, within thirty (30) days after the date of entry
this Order upon all counsel of record for known holders of Asbestos Property Damage Clai
and Medical Monitoring Claims as defined on Exhibit 1 to the Bar Date Notice; and it is furthe

ORDERED that all counsel of record for holders of Asbestos Property Damage Clai
and/or Medical Monitoring Claims provide the Debtors with the following information: (1) 1
current names and addresses of their clients who have claims against the Debtors in these ca
or who may or might have claims against the Debtors in these cases, within sixty (60) days af
the date of entry of this Order so that the Debtors will be able to provide their clients with 1
Bar Date Package no later than ninety (90) days after the date of this Order, **or** (2) a certificati
within sixty (60) days after the date of entry of this Order,   that counsel has contacted
attempted to contact all of their clients whom they represent, provided them with the Bar D
Package and advised them regarding their rights to assert a claim against the Debtors and th
need to file their proofs of claim on the court-approved Proof of Claim forms by the deadlines
forth herein; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date to unkno
claimants pursuant to the Debtors' Bar Date Notice Plan For Asbestos Property Damage Clai
and Other Claims (the "Notice Plan"), as modified, and filed on April 12, 2002, shall be deem

good, adequate and sufficient notice of the Bar Date, and the Debtors and their professionals (including but not limited to Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the Notice Plan including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this Court; and it is further

ORDERED that the Proof of Claim Forms as revised and filed on April 12, 2002 are approved; and it is further

ORDERED that any person holding an Asbestos Property Damage Claim, Medical Monitoring Claim or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Date shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization in these cases. Further, such parties (a) to the extent of applicable law shall be bound by the terms of any confirmed plan of reorganization (including, without limitation, any provisions therein that provide the Debtors, any successor or any party under a confirmed plan with a release or discharge pursuant to 11 U.S.C. §§ 524(g) and 1141, and (b) shall not receive any further notice of these cases or the matters considered in connection therewith; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of

Canada and any judicial, regulatory or administrative tribunal of any other state or nation to
in aid of and to be complementary to this Court in carrying out the terms of this Court's order
the present adversary proceeding. In particular, this Court requests the continued coopera
and assistance of the Superior Court of Justice of Ontario and extends its appreciation to
Justice James Farley of that Court.

April 22, 2002
Wilmington, Delaware

/c/ Judith K. Fitzgerald
_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## GENERAL INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM FORMS
## FOR THE BAR DATE

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

**THE BAR DATE, AS DEFINED HEREIN, DOES NOT APPLY TO ASBESTOS PERSONAL INJURY CLAIMS, SETTLED ASBESTOS CLAIMS OR ZONOLITE ATTIC INSULATION CLAIMS, AS DEFINED BELOW. THOSE CLAIMS WILL BE SUBJECT TO A SEPARATE CLAIM SUBMISSION PROCESS AND SHOULD NOT BE FILED AT THIS TIME.**

## – GENERAL DEFINITIONS –

*"Bar Date"* is the date set by the Court as the date by which all persons and entities who have claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

*"Debtor"* is the person, corporation, or other entity that has filed a bankruptcy case.

*"Creditor"* is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

*"Proof of Claim"* is a form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the claims agent described below.

## – THE DEBTORS –

The Bar Date for filing Proofs of Claim shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest as of the time immediately preceding the applicable Bar Date except for Non-Asbestos Claims which are claims as of the date immediately preceding the filing of the Chapter 11 cases on April 2, 2001: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), case no. 01-1139, W. R. Grace & Co.-Conn., case no. 01-1179, A-1 Bit & Tool Co., Inc., case no. 01-1140, Alewife Boston Ltd., case no. 01-1141, Alewife Land Corporation, case no. 01-1142, Amicon, Inc., case no. 01-1143, CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), case no. 01-1144, CCHP, Inc., case no. 01-1145, Coalgrace, Inc., case no. 01-1146, Coalgrace II, Inc., case no. 01-1147, Creative Food 'N Fun Company, case no. 01-1148, Darex Puerto Rico, Inc., case no. 01-1149, Del Taco Restaurants, Inc., case no. 01-1150, Dewey and Almy, LLC (f/k/a Dewey and Almy Company), case no. 01-1151, Ecarg, Inc., case no. 01-1152, Five Alewife Boston Ltd., case no. 01-1153, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), case no. 01-1154, G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), case no. 01-1155, GEC Management Corporation, case no. 01-1156, GN Holdings, Inc., case no. 01-1157, GPC Thomasville Corp., case no. 01-1158, Gloucester New Communities Company, Inc., case no. 01-1159, Grace A-B Inc., case no. 01-1160, Grace A-B II Inc., case no. 01-1161, Grace Chemical Company of Cuba, case no. 01-1162, Grace Culinary Systems, Inc., case no. 01-1163, Grace Drilling Company, case no. 01-1164, Grace Energy Corporation, case no. 01-1165, Grace Environmental, Inc., case no. 01-1166, Grace Europe, Inc., case no. 01-1167, Grace H-G Inc., case no. 01-1168, Grace H-G II Inc., case no. 01-1169, Grace Hotel Services Corporation, case

no. 01-1170, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, 1 case no. 01-1171, Grace Offshore Company, case no. 01-1172, Grace PAR Corporation, cas 01-1173, Grace Petroleum Libya Incorporated, case no. 01-1174, Grace Tarpon Investors, case no. 01-1175, Grace Ventures Corp., case no. 01-1176, Grace Washington, Inc., case no 1177, W. R. Grace Capital Corporation, case no. 01-1178, W. R. Grace Land Corporation, no. 01-1180, Gracoal, Inc., Gracoal II, Inc., case no. 01-1181, Guanica-Caribe 1 Development Corporation, case no. 01-1184, Hanover Square Corporation, case no. 01-1 Homco International, Inc., case no. 01-1185, Kootenai Development Company, case no. 1186, L B Realty, Inc., case no. 01-1187, Litigation Management, Inc. (f/k/a GHSC Hol Inc., Grace JVH, Inc., Asbestos Management, Inc.), case no. 01-1188, Monolith Enterpr Incorporated, case no. 01-1189, Monroe Street, Inc., case no. 01-1190, MRA Holdings C (f/k/a Nestor-BNA Holdings Corporation), case no. 01-1191, MRA Intermedco, Inc. (1 Nestor-BNA, Inc.), case no. 01-1192, MRA Staffing Systems, Inc. (f/k/a British Nur Association, Inc.), case no. 01-1193, Remedium Group, Inc. (f/k/a Environmental Liat Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), case no. 01-1 Southern Oil, Resin & Fiberglass, Inc., case no. 01-1195, Water Street Corporation, case no. 1196, Axial Basin Ranch Company, case no. 01-1997, CC Partners (f/k/a Cross Cou Staffing), case no. 01-1198, Hayden-Gulch West Coal Company, case no. 01-1199, H-G ( Company, case no. 01-1200, (herein collectively referred to as the "Debtors" or "Grace").

## – SPECIFIC DEFINITIONS –

The Debtors have created specialized Proof of Claim forms for the following claims:  N Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring Claims.  S claims are defined as follows:

*"Non-Asbestos Claims"* are any claims against the Debtors **as of the time immedia preceding the commencement of the Chapter 11 cases** on April 2, 2001 other than Asbe Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Clai Settled Asbestos Claims or Medical Monitoring Claims.  More specifically, Non-Asbe Claims are those claims against one or more of the Debtors, whether in the nature of or soun in tort, contract, warranty or any other theory of law or equity for, relating to or arising by rea of, directly or indirectly, any injury, damage or economic loss caused or allegedly cau directly or indirectly by any of the Debtors or any products or materials manufactured, s supplied, produced, specified, selected, distributed or in any way marketed by one or more of Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of on more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities compensatory and punitive damages.  For purposes of the Bar Date, the defined term "N Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbe. Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulat Claims; (d) Settled Asbestos Claims; or (e) Medical Monitoring Claims.

*"Asbestos Property Damage Claims"* are claims **as of the time immediately preceding the I Date** that relate, for example, to the cost of removal, diminution of property value or econor loss caused by asbestos in products manufactured by the Debtors or from vermiculite min milled, or processed by the Debtors.  More specifically, Asbestos Property Damage Claims those claims against, or any debt, obligation or liability of, one or more of the Debtors, whet in the nature of or sounding in tort, contract, warranty or any other theory of law or equity relating to or arising by reason of, directly or indirectly, property damage, including, but limited to, diminution in the value thereof, or environmental damage or economic loss caused

2

allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

*"Medical Monitoring Claims"* are claims by or on behalf of those who have not as of the Bar Date suffered any personal injury but who are alleging that Grace wrongfully caused them to be significantly exposed to hazardous asbestos fibers, that this exposure significantly increased the claimant's risk of contracting a serious latent disease, that medical monitoring could reasonably be expected to result in early detection of the onset and mitigation of the severity of such disease, and that because of this exposure it is necessary for the claimant to be examined by a physician or receive medical testing more often than he or she otherwise would.

**As outlined in the Claims Bar Date Notice, the Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claims submission process and should not be filed at this time.** Those claims are defined as follows:

*"Asbestos Personal Injury Claims"* are claims that involve personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or by the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. The defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

*"Settled Asbestos Claims"* are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001 , but for which the Claimant has yet to receive full payment. The defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c)

*Bar Date Notice Package - Page 24*

Zonolite Attic Insulation Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Cla even though such claims may or may not arise directly or indirectly as a result of exposur asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

*"Zonolite Attic Insulation Claims"* are claims that relate, for example, to the cost of remc diminution of property value or economic loss caused by the Zonolite Attic Insula manufactured by the Debtors. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite h attic insulation, which may contain naturally occurring asbestos.   It was sold from 1920/1930s to 1984.  Zonolite may have a glittery granular appearance.  The granules are sh like a small nugget and expanded like an accordion and may have a silvery, gold translucer brownish cast.  After years in the attic, however, the granules may darken to black or g Zonolite may be found underneath subsequently installed insulation of other types such as rc fiberglass insulation.  Zonolite Attic Insulation Claims are those claims against, or any c obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in contract, warranty or any other theory of law or equity, relating to or arising by reason directly or indirectly, property damage, including, but not limited to, diminution in the v thereof, or environmental damage or economic loss caused or allegedly caused, directl indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selec distributed or in any way marketed by one of the Debtors -- and arising or allegedly aris directly or indirectly, from acts or omissions of one or more of the Debtors, including, but limited to, all claims, debts, obligations or liabilities for compensatory and punitive dama The defined term "Zonolite Attic Insulation Claim" is not intended to include those cl. separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Dan Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitc Claims even though such claims may or may not arise directly or indirectly as a result of cl. for property damage relating to Zonolite Attic Insulation.

**The Bar Date for filing NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAC CLAIMS AND MEDICAL MONITORING CLAIMS is March 31, 2003 at 4:00 p.m. Eastern Time.**

*Be sure to date the claim and place original signature of claimant or person making clain creditor where indicated at the bottom of the claim form.  Please type or print nam individual under the signature.  Be sure all items are answered on the claim form.  If applicable, insert "Not Applicable".*

**RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWINC CLAIMS AGENT FOR THE DEBTORS:**

Claims Processing Agent
Re:  W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN  55021-1620

4

This page intentionally left blank.