IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: January 28, 2003 at 4:00 p.m.
Hearing Date: February 24, 2003 at 10:00 a.m. (only if objections are received)

## DEBTORS' FOURTH MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(b) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move the Court pursuant to Fed. R. Bankr. P. 9006(b) for entry of an order to further extend the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and Fed. R. Bankr. P. 9027 through and including June 30, 2003. In support of this Motion, the Debtors respectfully represent as follows:

## Background

1. On April 2, 2001, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), which have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession (collectively, the "Chapter 11 Cases").[2]

2. On June 8, 2001, the Debtors filed a motion for an order extending the period (the "Removal Period") within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 (the "Removal Extension Motion"). On July 19, 2001, the Court entered an order granting the Removal Extension Motion and extending the Removal Period until January 2, 2002 (the "Removal Extension Order"). The Removal Extension Order specifically reserved for the Debtors and the Non-Debtor Affiliates (as defined herein) the right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.

3. On December 27, 2001, the Debtors filed a second motion for an order to further extend the Removal Period through and including July 2, 2002 (the "Second Removal

---

[2] Any capitalized terms not defined herein shall have the meaning ascribed to them in either the Removal Extension Motion and Second Removal Extension Motion (as defined herein), as the case may be.

Extension Motion"). On January 28, 2002, the Court entered an order granting the Second Removal Extension Motion (the "Second Removal Extension Order"). The Second Removal Extension Order also specifically reserved for the Debtors and the Non-Debtor Affiliates the right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.

4.      On June 28, 2002 the Debtors filed a third motion for an order to further extend the Removal Period through and including January 10, 2003 (the "Third Removal Extension Motion"). On August 2, 2002, the Court entered an order granting the Third Removal Extension Motion (the "Third Removal Extension Order"). The Third Removal Extension Order also specifically reserved for the Debtors and the Non-Debtor Affiliates the right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.

### Relief Requested

5.      By this Motion, the Debtors request the entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further extending through and including June 30, 2003, the Removal Period, within which the Debtors or the Non-Debtor Affiliates, as the case may be, may file notices of removal with respect to any Actions that are subject to removal under 28 U.S.C. § 1452, to the extent that any such time periods expire on or before June 30, 2003. The Debtors have a number of non-debtor affiliates (the "Non-Debtor Affiliates"), including, but not limited to, non-debtor subsidiaries and certain "Affiliated Entities", as that term is defined in the Order

Granting Preliminary Injunction, entered by this Court on May 3, 2001, which is attached to the Removal Extension Motion as Exhibit A.

6.  The Debtors further request that the order requested herein be without prejudice to (i) any position the Debtors or the Non-Debtor Affiliates may take regarding whether section 362(b) of the Bankruptcy Code applies to stay any Actions; and (ii) the right of the Debtors and/or the Non-Debtor Affiliates to seek future extensions of time to remove any and all Actions.

## Basis For Relief

7.  28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Fed. R. Bankr. P. 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Fed. R. Bankr. P. 9027(a)(3) provides that a notice of removal may be filed with the clerk:

> only within the shorter of (A) 30 days after receipt, through service of otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (b) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

8.  Fed. R. Bankr. P. 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1). Accordingly, this Court is authorized to grant the relief requested herein. See In re Saint Joseph's Hosp., 103 B.R. 643 (Bankr. E.D. Pa. 1989) (court extended the time period in which to seek removal of pending state court litigation); Jandous Electric Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Fed. R. Bankr. P. 9006).

9.  One or more of the Debtors are named defendants in approximately 65,000 asbestos-related lawsuits in various state and federal courts involving approximately 232,000 different individual claims (the "Asbestos Actions"). One or more Non-Debtor Affiliates also are named defendants in approximately eight asbestos-related fraudulent

conveyance actions in various state and federal courts that also involve large numbers of individual claims (the "Fraudulent Conveyance Actions"). There are also numerous other lawsuits, including, but not limited to environmental actions, in which one or more of the Debtors and/or the Non-Debtor Affiliates are named defendants in various state and federal courts (the "Miscellaneous Actions"). Many of these Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions were filed prior to the Petition Date (the "Prepetition Actions").

10. Since the Petition Date, a number of additional Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions have been filed and are continuing to be filed (the "Postpetition Actions", collectively with the Prepetition Actions, the "Actions"). The Debtor and the Non-Debtor Affiliates believe that these Postpetition Actions are void because they were filed in violation of the automatic stay provisions of section 362(a) of the Bankruptcy Code and reserve the right to subsequently assert such a defense in these Chapter 11 Cases or in any other appropriate forum.

11. The Debtors have worked diligently in conjunction with a number of constituencies in these Chapter 11 Cases to advance the Chapter 11 Cases, and, as a result, substantial progress has been made in establishing a framework within which to resolve the Actions and various other claims against the Debtors. Indeed, since the Third Removal Extension Motion was filed on June 28, 2002, there have been a number of developments regarding the "Science Trial," a forum established by this Court to resolve factual questions about the scientific risks of Zonolite attic insulation ("ZAI") and whether it may lead to liability

in these Chapter 11 Cases. In particular, on June 18, 2002, this Court entered a Science Trial scheduling order, revised by the modified scheduling order entered on July 22, 2002. On November 25, 2002, at the request of the ZAI claimants, this Court further amended the Science Trial schedule in its Amended Order (the "November 25 Order").

12. As set forth in the November 25 Order, fact discovery for the Science Trial now ends on February 28, 2003. The ZAI claimants' expert reports are due on March 21, 2003, and the Debtors' expert reports are due on April 11, 2003. Depositions of the ZAI claimants' experts will be conducted from April 14, 2003, through May 9, 2003, and depositions of the Debtors' experts will be conducted from May 12, 2003, through June 6, 2003. The parties may file Rule 42 consolidation motions together with related Daubert/summary judgment motions by July 7, 2003. Responses are due on August 8, 2003, and replies (limited to 10 pages) are due on August 18, 2003. A hearing on the motions is currently scheduled to commence on September 16, 2003.

13. By another order dated April 25, 2002, this Court also has set a claims bar date of March 31, 2003, for all other claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims.

14. Other progress has also been made in these Chapter 11 Cases since the Third Removal Extension Motion was filed. In particular, on November 27, 2002, the parties in the fraudulent transfer actions filed by the official asbestos committees in these Chapter 11 Cases (Adversary Proceeding Nos. 02-2210 and 02-2211) have reached a settlement. A Personal Injury Claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case

management motions also remain unresolved. The Debtors and other constituents have briefed Judge Wolin on how best to resolve the Personal Injury Claims and the procedures for doing so.

15. The litigation described above should streamline the claims adjudication process. While this litigation will not completely eliminate the Debtors' need to preserve the option to remove Actions to this Court, it should minimize the need to do so. Nonetheless, until the claims arising from the Actions have been resolved, whether through this litigation protocol or otherwise, the Debtors must preserve the option of removing Actions to this Court.

16. The Debtors submit that further extending the Removal Period through and including June 30, 2003, to protect their right to remove any Actions that are discovered through the Debtors' investigation and the claims review process is both prudent and necessary and in the best interests of the Debtors, their estates and their creditors. This extension will afford the Debtors and the Non-Debtor Affiliates an opportunity to make fully informed decisions concerning removal of all Actions and will assure that the Debtors and the Non-Debtor Affiliates do not forfeit valuable rights under 28 U.S.C. § 1452. Furthermore, the rights of the Debtors' adversaries will not be prejudiced by such an extension because, in the event that a matter is removed, the other parties to such Action(s) sought to be removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

### Notice

17. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee

appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

## No Prior Request

18.     No prior Motion for the relief requested herein has been made to this or any other Court.  The Debtors submit that no further notice or a hearing is necessary for this Court to enter an order granting the relief requested by this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including June 30, 2003, to the extent that such time periods may expire prior to June 30, 2003.

Dated: January 10, 2003

                               KIRKLAND & ELLIS
                               James H.M. Sprayregen, P.C.
                               James W. Kapp III
                               Christian J. Lane
                               Roger J. Higgins
                               200 East Randolph Drive
                               Chicago, Illinois 60601
                               (312) 861-2000

                               and

                               PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

                               */s/ Paula A. Galbraith*
                               Laura Davis Jones (Bar No. 2436)
                               Scotta E. McFarland (Bar No. 4184)
                               Paula A. Galbraith (Bar No. 4258)
                               919 North Market Street, 16th Floor
                               P.O. Box 8705
                               Wilmington, DE 19899-8705 (Courier 19801)
                               Telephone: (302) 652-4100
                               Facsimile: (302) 652-4400

                               Co-Counsel for the Debtors and Debtors-in-Possession