IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Objection Deadline: February 5, 2003, at 4:00 p.m.
Hearing Date: February 24, 2003, at 12:00 p.m. (only if objections are received).

## DEBTORS' FOURTH MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON

The above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") hereby move the Court for entry of an order, pursuant to section 1121(d) of title 11 of

United States Code (as amended, the "Bankruptcy Code"), (a) extending the period under section

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to file a chapter 11 plan of reorganization (the "Exclusive Filing Period") and (b) extending the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period"; together with the Exclusive Filing Period, the "Exclusive Periods"). In support of this Motion, the Debtors respectfully state as follows:

### Background

1. In an order dated September 18, 2001, the Court extended the Exclusive Filing Period through and including February 1, 2002, and the Exclusive Solicitation Period through and including April 1, 2002, (six months for each) without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

2. In an order dated February 25, 2002, the Court further extended the Exclusive Filing Period through and including August 1, 2002, and the Exclusive Solicitation Period through and including October 1, 2002, (six months for each) without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

3. In an order dated September 12, 2002, the Court granted the Debtors' motion (the "Third Exclusive Period Motion") requesting a further extension of the Exclusive Filing Period through and including February 1, 2003, and the Exclusive Solicitation Period through and including April 1, 2003, (six months for each) without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

## Relief Requested

4.     By this Motion, the Debtors seek to extend the Exclusive Filing Period six months through and including August 1, 2003.  The Debtors also seek to extend the Exclusive Solicitation Period six months, through and including October 1, 2003.  The Debtors further request that such an order be without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Filing Period and the Exclusive Solicitation Period.  For the reasons set forth herein, the Debtors submit that extending the Exclusive Filing Period and the Exclusive Solicitation Period is appropriate and warranted in these chapter 11 cases.

## Basis for Relief

5.     Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusive Periods "for cause" after notice and a hearing.  Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); see also, *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), reprinted in 1978, U.S.C.C.A.N. 5963, 6190); and *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility").

6.     To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  See, e.g., *McLean Indus.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327

(Bankr. S.D.N.Y. 1987). The decision to extend a debtor's Exclusive Periods is committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., *First American Bank of New York v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

7. Courts have relied on a variety of factors to determine whether cause exists to extend the Exclusive Periods, each of which may provide sufficient grounds for such an extension. These factors include (1) the size and complexity of the case, (2) the necessity of sufficient time to negotiate and prepare adequate information, (3) the existence of good faith progress toward reorganization, (4) whether the debtor is paying its debts as they come due, (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (6) whether the debtor has made progress in negotiating with creditors, (7) the length of time the case has been pending, (8) whether the debtor is seeking the extension to pressure creditors and (9) whether unresolved contingencies exist. *In re Express One International, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (finding cause to extend the Exclusive Periods where the debtor has been diligent in its attempts to reorganize and the extension was not sought for an indefinite period); see also, *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989) (listing some of the above-referenced factors); *In re Grand Traverse Development Co. Ltd. Partnership*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); *In re General Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) (same); and *In re Southwest Oil Co. of Jourdanton*, 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987) (same). An examination of the factors set forth above establishes that cause exists to extend the Exclusive Periods in these chapter 11 cases.

8.  The Debtors submit that each of the above-described factors support extending the Exclusive Filing Period and the Exclusive Solicitation Period. In particular, these chapter 11 cases were filed as a result of mounting asbestos-related litigation liabilities rather than as a result of difficulties with the Debtors' core businesses. Defining these liabilities and then providing for the payment of valid claims on a basis that preserves the Debtors' core business operations is a complex process that is central to resolving these chapter 11 cases. Given its nature, this process involves significant litigation that is, as the Court has recognized, taking time to resolve. Nonetheless, until the central issue of the magnitude of the Debtors' asbestos-related liabilities is resolved, little progress can be made towards developing a viable plan of reorganization.

9.  To that end the Debtors have worked diligently in conjunction with a number of constituencies to advance the chapter 11 cases, and, as a result, substantial progress has been made in establishing a framework within which to resolve the mounting asbestos-related litigation liabilities and various other claims against the Debtors. Indeed, since the Third Exclusive Period Motion was filed on July 31, 2002, there have been a number of developments regarding the "Science Trial," a forum established by this Court to resolve factual questions about the scientific risks of Zonolite attic insulation ("ZAI") and whether it may lead to liability in these chapter 11 cases. In particular, on November 25, 2002, (the "November 25 Order") this Court entered its Amended Order revising the modified Science Trial scheduling order, which had been entered on July 22, 2002.

10. As set forth in the November 25 Order, fact discovery for the Science Trial now ends on February 28, 2003. The ZAI claimants' expert reports are due on March 21, 2003, and the Debtors' expert reports are due on April 11, 2003. Depositions of the ZAI claimants' experts will be conducted from April 14, 2003, through May 9, 2003, and depositions of the Debtors' experts will be conducted from May 12, 2003, through June 6, 2003. The parties may file Rule 42 consolidation motions together with related Daubert/summary judgment motions by July 7, 2003. Responses are due on August 8, 2003, and replies (limited to 10 pages) are due on August 18, 2003. A hearing on the motions is currently scheduled to commence on September 16, 2003.

11. By another order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003, for all other claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims.

12. Other progress also has been made in these chapter 11 cases since the Debtors filed their Third Exclusive Period Motion. In particular, on November 27, 2002, the parties in the fraudulent transfer actions filed by the official asbestos committees in these chapter 11 cases (Adversary Proceeding Nos. 02-2210 and 02-2211) reached a settlement. A Personal Injury Claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case management motions also remain unresolved. The Debtors and other constituents have briefed Judge Wolin on how best to resolve the Personal Injury Claims and the procedures for doing so.

13. The litigation described above streamlines the claims adjudication process and provides a means of resolving the common legal issues through a fair and orderly process in a single forum while preserving legitimate personal injury claimants' rights to trial. The Debtors submit, however, that further progress is necessary before the Debtors can meaningfully develop a viable plan of reorganization.

14. For example, the issues pending in the Science Trial are significant to determining the scope of a currently unknown body of potential liability that could have to be dealt with in any plan of reorganization developed by the Debtors. The ZAI Claimants have alleged that as many as approximately 30 million homes in the United States may contain ZAI, thus creating potential liability for the Debtors. The Debtors, however, believe that they ultimately will be found to have no liability for the ZAI Claims. Therefore, the outcome of the Science Trial could greatly influence the Debtors' financial picture and the availability of assets to satisfy the claims of the Debtors' various constituencies. Likewise, the outcome of the process to resolve Personal Injury Claims will be similarly determinative.

15. These circumstances alone warrant extending the Exclusive Periods well into late 2003, after the Science Trial concludes and after a Personal Injury Claims bar date has passed. Nonetheless, once these issues have been resolved, the Debtors believe that, considering the strength of their businesses, they have an excellent prospect of promptly developing such a plan of reorganization because the parties will finally have a common understanding of the Debtors' financial picture.

16.     At all times during the course of these chapter 11 cases, the Debtors have acted in good faith and have continued to pay their post-petition obligations. In light of these circumstances, the Debtors clearly are not seeking a further extension in order to unduly pressure creditors, nor will such an extension harm the Debtors' creditors or other parties in interest.

17.     To the contrary, for the reasons discussed above, terminating the Exclusive Periods by operation of section 1121 of the Bankruptcy Code would defeat the very purpose of that section, which is to afford the Debtors a meaningful and reasonable opportunity to negotiate with their creditors and to then propose and confirm a consensual plan of reorganization. Such a termination instead would signal the Court's loss of confidence in the Debtors and their reorganization efforts, and would likely cause the Debtors' core businesses to deteriorate, thereby diminishing the value of Debtors' assets to the detriment of the Debtors, their estates and their creditors.

18.     In light of the size and complexity of these chapter 11 cases and in light of the current time frame for resolving the case management and litigation protocol issues, the Debtors' request for an extension of six months is relatively modest. In fact, the Debtors' request is well within the range of extensions granted by this and other courts in large reorganization cases, especially in those cases involving extensive litigation. *See, e.g., In re Loewen Group Int'l, Inc.*, Case No. 99-1244 (PJW) (Bankr. D. Del. June 1, 1999) (Exclusive Periods extended for 25 months because of ongoing litigation complicated resolution of chapter 11 case). Indeed, even when delaying complications such as complex litigation was not key to resolving chapter 11 cases, courts have routinely granted extensive Exclusive Period extensions.

*See, e.g., In re Phar-Mor, Inc.*, Case No. 92-41599 (Bankr. N.D. Ohio) (Exclusive Periods extended approximately three years); *In re Integrated Health Services, Inc.*, Case No. 00-389 (MFW) (Bankr. D. Del. Feb. 2, 2000) (Nine extensions totaling approximately 23 months); *In re Mariner Health Group, Inc.*, Case No. 00-00215 (MFW) (Bankr. D. Del. Jan. 18, 2000) (multiple extensions of exclusive periods for 21 months, including one extension of 14 months); *Acme Metals Inc., et al.*, Case No. 98-2179 (RJN) (Bankr. D. Del. Sep. 28, 1998) (Multiple extensions totaling approximately 30 months); *In re Harnischfeger Industries, Inc.*, Case No. 99-2171(PJW) (Bankr. D. Del. June 7, 1999) (multiple extensions totaling 20 months); *In re Montgomery Ward Holding Corp.*, Case No. 97-1409 (PJW) (Bankr. D. Del.) (Exclusive Periods extended for approximately 21 months).

19. Accordingly, extending the Exclusive Periods a further six months as requested by the Debtors is reasonable and appropriate under the circumstances.

### Notice

20. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the committees appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) extending the Debtors' Exclusive Filing Period through and including August 1, 2003, (ii) granting an extension of the Debtors' Exclusive Solicitation Period through and including October 1, 2003, (iii) without prejudice to the Debtors' rights to seek additional extensions of their Exclusive Filing Period and the Exclusive Solicitation Period and (iv) granting such other relief as may be fair and equitable.

Wilmington, Delaware
Dated: January 16, 2003

Respectfully submitted,

KIRKLAND & ELLIS
James H.M. Sprayregen, P.C.
James W. Kapp III
Christian J. Lane
Roger J. Higgins
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

*[signature]*

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
Paula A. Galbraith (Bar No. 4258)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession