UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF ASHBY & GEDDES, P.A.
FOR THE SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Final Fee Application of Ashby & Geddes, P.A. (the "Application").

## BACKGROUND

1. Ashby & Geddes, P.A. ("Ashby & Geddes") was retained as Delaware counsel to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Ashby & Geddes seeks approval of fees totaling $27,614.00 and costs totaling $7,145.41 for its services from April 12, 2001 through June 15, 2001.[1]

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

---

[1] This is the first and final application of Ashby & Geddes and covers the period from April 12, 2001 through June 15, 2001. Effective June 16, 2001, Campbell & Levine began serving as Delaware counsel to the Asbestos Claimants Committee.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Ashby 6int7-9.02.wpd

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Ashby & Geddes an initial report based on our review and received a response from Ashby & Geddes, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.  In our initial report, we noted that the time entries were generally adequately detailed and devoid of lumping, with the occasional exception of lumped entries by RP.

### Specific Time and Expense Entries

4.  In our initial report, we noted that on April 19 and May 7, 2001, BK ($100) spent a total of .70 hours and $70.00 on tasks that may be considered nonreimbursable overhead. The entries are shown below.

| | | | |
|---|---|---|---|
| 04/19/01 | BK | ...convert 2002 service list to Microsoft Word label format (.5); | .50 hrs |
| 05/07/01 | BK | Obtain, duplicate and forward to co-counsel document regarding Chase Manhatten motion for reconsideration; | .20 hrs |

Paragraph II. E. 7. of the Guidelines states "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ." We asked Ashby & Geddes to explain why these activities should not be considered nonreimbursable overhead. Ashby & Geddes responded as follows:

>    Two charges by BK for .70 hours and $70.00 on nonreimbursable
>    overhead.
>>    We withdraw the request for allowance of these fees.

We appreciate Ashby & Geddes' response, and thus we recommend a reduction of $70.00 in fees.

    5.    In our initial report, we noted that the time entry of RP ($230) on May 4, 2001 contains a miscalculation.

| 05/04/01 | RP | Office conference with Matt Zaleski regarding retention application; review conflicts checks; draft notice of application and retention application (2.7); | 2.90 hrs |
|---|---|---|---|

The time billed is .20 greater than the time shown in the fee detail for a difference of $46.00.

We asked that Ashby & Geddes advise as to this miscalculation. Ashby & Geddes responded as follows:

>    Miscalculation on time entry by RP on 5/4/01.
>>    We withdraw the request for allowance of the additional
>    0.2 hours and $46.

We appreciate Ashby & Geddes' response, and thus we recommend a reduction of $46.00 in fees.

    6.    We further noted that in the same entry RP billed time for reviewing conflict checks.[2]

| 05/04/01 | RP | Office conference with Matt Zaleski regarding retention application; review conflicts checks; draft notice of application and retention application (2.7); | 2.90 hrs |
|---|---|---|---|

Bankruptcy Code § 330 (4)(A)(ii)(I) provides that "(4)(A) Except as provided in subparagraph

---

[2] With the lumping in the entry it is not possible to know the exact amount of time devoted to reviewing conflict checks.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Ashby 6int7-9.02.wpd

(B), the court shall not allow compensation for – ... (ii) services that were not – (I) reasonably likely to benefit the debtor's estate;...". Conflict checks would appear to benefit the applicant and not the bankruptcy estate. We asked Ashby & Geddes to explain how the estate benefitted from these conflict checks. Ashby & Geddes responded as follows:

> Conflict check performed by RP for 2.9 hours and $667.00
> We withdraw the request for allowance of these fees.

We appreciate Ashby & Geddes' response, and thus we recommend a reduction of $667.00 in fees.

      7.      In our initial report, we noted that on April 25, 2001 there is an expense entry that lacks sufficient detail. The entry is shown below.

| Date | Description | Amount |
|---|---|---|
| 04/25/01 | Costs Advanced (Patsy's Restaurant - Dinner, New York 4/24/01) | 200.00 |

With regard to expenses, the Guidelines, Paragraph II. E. 3. states "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ." We asked Ashby & Geddes to provide the necessary detail for this expense entry, including the number of people participating in the dinner. Ashby & Geddes responded as follows:

> Expense entry for $200
> The attorney that submitted this item has left our firm and, thus, we cannot provide the requested back up. We withdraw the request for reimbursement of these expenses.

We appreciate Ashby & Geddes' response and thus recommend a reduction of $200.00 in expenses.

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Ashby 6int7-9.02.wpd

8. In our initial report, we noted that on June 15, 2001 there is an expense entry for secretarial overtime.

06/15/01        Secretarial Overtime                                                87.55

Paragraph II. E. 7. of the Guidelines states "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ." We asked Ashby & Geddes to explain why this expense should not be considered nonreimbursable overhead. Ashby & Geddes replied as follows:

> Secretarial overtime for $87.55
>     We withdraw the request for reimbursement of these expenses.

We appreciate Ashby & Geddes' response, and thus we recommend a reduction of $87.55 in expenses.

## CONCLUSION

9. Thus, we recommend approval of fees totaling $26,831.00 ($27,614.00 minus $783.00) and costs totaling $6,857.86 ($7,145.41 minus $287.55) for Ashby & Geddes' services from April 12, 2001, through June 15, 2001.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of February, 2003.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

ASHBY & GEDDES
William P. Bowden
Christopher S. Sontchi
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-498

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801