**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**INTERIM FEE APPLICATION OF THE BLACKSTONE GROUP L.P.**
**FOR THE SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its

capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee

Application of the Blackstone Group L.P. for the Sixth Interim Period  (the "Application").

**BACKGROUND**

1.      The Blackstone Group L.P. ("Blackstone") was retained as financial advisers to

the Debtors.  In the Application, Blackstone seeks approval of fees totaling $525,000.00 and

costs totaling $7,762.82 for its services from July 1, 2002, through September 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations

contained herein, we reviewed in detail the Application in its entirety, including each of the time

entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the

Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January

30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United

States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Blackstone an initial

report based on our review, and received a response from Blackstone, portions of which response

are quoted herein.

## DISCUSSION

### General Issues

3.        While Blackstone was retained pursuant to an engagement agreement providing

for Blackstone to be paid a flat monthly fee of $175,000, its fees remain subject to the provisions

of 11 U.S.C. § 330.  The Order Appointing Fee Auditor in Accordance with the Court's

Direction (the "Fee Auditor Order") provides that:

> [t]his order applies to (i) all professionals in these cases employed or to be
> employed pursuant to sections 327, 328 or 1103 of the Bankruptcy Code; and (ii)
> any claims for reimbursement of professional fees and expenses under section
> 503(b) of the Bankruptcy Code to the extent permitted by the Court, except: (a)
> professionals providing services pursuant to an order that does not require
> submission of fee applications; and (b) professionals retained pursuant to the
> Court's Order pursuant to §§ 1107(a) and 1108 Authorizing the Debtors to
> Employ and Compensate Certain Professionals Utilized in the Ordinary Course of
> the Debtors Business, dated May 3 2001.

Fee Auditor Order at 2 (internal footnote omitted).  Accordingly, we have reviewed the

Application to determine compliance with the requirements of section 330.

4.        In our initial report, we noted that Blackstone professionals spent a total of 801

hours on the activities for which fees totaling $525,000 are sought.  The effective hourly rate is

thus $655.43.

5.        The Application states that "Blackstone's professionals generally do not maintain

detailed time records of the work performed for clients.  In the Debtors' case, however,

Blackstone has recorded time records in one-half hour increments." This practice is at odds with paragraph II.D.5. of the Guidelines, which provides that "[t]ime entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour". This issue was noted in our previous report, and we would again request compliance with this convention in the future.

Specific Entries

6.      In our initial report, we noted a $249.33 meal expense incurred by Pamela Zilly on July 29, 2002, for which no further detail was provided. We asked Blackstone to provide such detail, including the number of persons dining. Blackstone responded as follows:

> The meal expense for 7/29/02 was a dinner meeting with Mr. Paul Norris, CEO
> of W.R.Grace, David Blechman of Blackstone and myself. Mr. Norris was in New
> York for meetings and wished to get together to discuss certain analyses the
> CFO of Grace and Blackstone had prepared regarding the future cash flows of
> Grace and the possible treatment of liabilities subject to compromise.

The Guidelines prohibit first-class and luxury accommodations unless more economical accommodations are not available. We interpret paragraph II.E.1 of the Guidelines to apply to meal expenses as well as travel accommodations. Although the Guidelines do not specify a standard for dining expenditures, it is our opinion that dinner charges in excess of $35 per person should not be borne by the estate. Applying this standard, we recommend a reduction of $144.33 in expenses.

7.      In our initial report, we noted that while the expense detail was generally quite good, certain meal and local travel expenses were ascribed to "Publishing Services", as opposed to specific Blackstone employees. We asked Blackstone to explain these charges. Blackstone responded as follows:

Expenses ascribed to Publishing Services are expenses incurred by
individuals who work in the document production/word processing areas of
Blackstone while working on a project for the W.R.Grace engagement and
conforming to the Blackstone policy regarding the charging of meals and car
fares as set forth in the Interim Application.  The record of expenses is
kept by individual but since the names would be meaningless to anyone
looking at the fee applications (as opposed to the names of the Blackstone
professionals which appear each time), Blackstone generally identifies such
expenses as related to Publishing Services.

We accept this explanation and recommend no reduction in this regard.  We would, however, ask

Blackstone to provide such employees' names in future invoices.

### CONCLUSION

8.      Thus, we recommend approval of fees totaling $525,000.00 and costs totaling

$7,618.49 ($7,762.82 minus $144.33) for Blackstone's services from July 1, 2002, through

September 30, 2002.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of February 2003.

Warren H. Smith

## SERVICE LIST

**The Applicant**

Pamela D. Zilly
Senior Managing Director
The Blackstone Group L.P.
345 Park Avenue
New York, NY 10154

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801