## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF CARELLA, BYRNE,
### BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
### FOR THE SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for the Sixth Interim Period</u>.

### BACKGROUND

1.     Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") was retained as Special Litigation and Environmental Counsel to Debtors.  In the Application, CBBG seeks approval of fees totaling **$106,768.00** and costs totaling **$5,833.93** for its services from **July 1, 2002, through September 30, 2002.**

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on CBBG an initial report based on

our review, and received a response from CBBG, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report, we noted that timekeeper MEF often did not include sufficient

detail in her time entries.  Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions

. . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion

thereof, is actual, reasonable, and necessary . . ."  This issue has been raised in previous reports and

we have advised certain professionals to provide more detailed time entries in the future.  We  again

asked that CBBG continue to advise its professionals regarding this matter.  CBBG responded that

it would do so.

4.      In our initial report, we noted that JMA and MEF consistently lumped their time

entries.  Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each

activity shall have a separate description and a time allotment."  We asked that CBBG advise these

professionals to avoid lumping their time entries in the future.  CBBG responded that it would do

so.

5.      In our initial report, we noted that between July 2, 2002, and September 27, 2002,

JMA ($325) and MEF ($215) spent a combined total of 197.60 hours and $53,870.00 to prepare for

and participate in meetings and telephone calls involving more than one professional. Local Rule

2016-2(d)(ix) provides "[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Also, Paragraph II.D.5., of the Guidelines, states ". . . [i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We further noted that CBBG has addressed and adequately answered these concerns in paragraphs nine through 17 of the Application. We appreciate and accept CBBG's explanations of the need for more than one professional to participate in the meetings and telephone conferences detailed in the Application.

<u>Specific Time and Expense Entries</u>

6.      In our initial report, we noted that in the monthly invoice for September in the project category "Travel Non-Work", time entries for MEF ($215) and JMA ($325) reflect a total of 8.5 hours and $2,366.50. This time appears to have been billed at each professional's full hourly rate. The entries are provided below.

| 09/24/02 | MEF | 1.60 | 344.00 | Travel - (non-work) To Washington, D.C. |
| 09/25/02 | JMA | 2.40 | 780.00 | Travel - non-work - New Jersey to Washington, DC, for meeting with C. Marraro |
| 09/26/02 | MEF | 2.00 | 430.00 | Travel to NJ (non-work) |
| 09/26/02 | JMA | 2.50 | 812.50 | Travel - non-work - Washington, DC to New Jersey return from meeting |

Local Rule 2016-2(d)(viii) provides that "[t]ravel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked CBBG to explain why this travel time was billed at full hourly rates. CBBG responded as follows:

JMA and MEF were billed at their respective full hourly rates because the

software program which CBBG's billing systme uses automatically bills each attorney at his/her full hourly rate.  CBBG has reviewed Local Rule 2016-2(d)(viii) which limits compensation for travel non-work to 50% of the professional's billing rate.  In the future, CBBG will ensure that travel non-work time is billed at 50%.  CBBG agrees that its fees for the month of September 2002 should be reduced by $1,183.25.  This adjustment will result in travel time for MEF ($215) and JMA ($325) being reduced 50% of their billing rate in accordance with Local Rule 2016-2(d)(viii).

We accept CBBG's response and thus recommend a reduction of $1,183.25 in fees.

7.    In our initial report, we further noted the same issue on August 22 and 23, 2002.

Time entries for MEF ($215) and JMA ($325) indicate that travel time was again billed at full hourly rates.  Because of lumping, it is impossible to determine how much travel time is contained in the fee detail. However, the "Compensation by Project Category" summary shows 12.80 hours and $3,412.00 in the project category "Travel - non-working."   This would also indicate that the travel time was billed at full hourly rates.   The total time for the listed entries is 53.80 hours for $14,427.00.  They are shown below.

| 08/22/02 | JMA | 13.00 | 4225.00 | Travel to Washington, DC; attend conference with C. Marraro, B. Hughes and MEF re: preparation of stipulations of fact and trial exhibits for final pretrial order; trial strategy; phone - plaintiffs' counsel |
| 08/22/02 | MEF | 13.80 | 2967.00 | Travel to and attend meeting in Washington D.C. with JMA, C. Marraro and W. Hughes regarding Final Pretrial Stipulations |
| 08/23/02 | JMA | 13.00 | 4225 | Attend conference with C. Marraro, B. Hughes and MEF re: preparation of trial exhibit list and stipulations of fact; trial strategy; travel to New Jersey |
| 08/23/02 | MEF | 14.00 | 3010.00 | Meeting with JMA, C. Marraro and W. Hughes regarding final pretrial order stipulations and exhibits; travel to NJ |

Local Rule 2016-2(d)(viii) provides that "[t]ravel time during which no work is performed shall be

separately described and may be billed at no more than 50% of regular hourly rates." We again

asked CBBG to explain why this travel time was billed at full hourly rates. CBBG responded as

follows:

> The lumping together of time with respect to travel on August 22 and 23,
> 2002 and work performed on those dates was inadvertent. Attorney notes reflect the
> actual amount of time spent on travel and in participating in the meetings that were
> conducted on August 22 and 23, 2002. CBBG was able to ascertain the amount of
> time for ravel non-work" for inclusion in the Project Category based upon the
> attorney notes. In September 2002, CBBG was advised of the revised project
> category designations which professionals are required to submit with their fee
> application. Lumping of time will be avoided in the future.
>
> JMA and MEF were billed at their respective full hourly rates because the
> software program which CBBG's billing system uses automatically bills each
> attorney at his/her full hourly rate. CBBG has reviewed Local Rule 2016-2(d)(viii)
> which limits compensation for travel non-work to 50% of the professional's billing
> rate. In the future, CBBG will ensure that travel non-work time is billed at 50%.
> CBBG agrees that its fees for the month of August 2002 should be reduced by
> $1,706.00. This adjustment will result in travel time for MEF ($215) and JMA
> ($325) being reduced 50% of their billing rate in accordance with Local Rate 2016-
> 2(d)(viii).

We accept CBBG's explanation and thus recommend a reduction in fees of $1,706.00.

## CONCLUSION

8.      Thus, we recommend approval of fees totaling $103,878.75 ($106,768.00 minus

$2,889.25) and costs totaling $5,833.93 for CBBG's services from July 1, 2002, through

September 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
          Warren H. Smith
          Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 4th day of February 2003.

_____
          Warren H. Smith

# SERVICE LIST

Notice Parties

## The Applicant

John M. Agnello
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068-1700

## The Debtors

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

## Counsel for the Debtors

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

## Counsel for the Official Committee of Unsecured Creditors

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

## Counsel to the Official Committee of Property Damage Claimants

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

## Counsel to the Official Committee of Personal Injury Claimants

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**FEE AUDITOR'S FINAL REPORT** - Page 7
wrg FR CBBG 6int 7-9.02.wpd

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801