# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING FEE APPLICATION
## OF LUKINS & ANNIS, P.S.
## FOR THE SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Lukins & Annis, P.S. for the Sixth Interim Period[1] (the "Application").

## BACKGROUND

1.      Lukins & Annis, P.S. ("Lukins"), was retained as counsel for the Zonolite Attic Insulation Claimants.  In the Application, Lukins seeks approval of fees totaling $37,691.00 and costs totaling $3,422.38 for its services from July 21, 2002, through September 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

---

[1]This is the first application by Lukins & Annis, P.S. since its appointment on July 22, 2002 as Additional Special Counsel for ZAI Science Trial, but for sake of consistency with the other applications we will refer to this application as the application for the sixth interim period.

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Lukins an initial report

based on our review and received a response from Lukins, portions of which response are quoted

herein.

## DISCUSSION

### General Issues

3.      In our initial report we noted that time entries were adequately detailed and devoid

of lumping, with the exception of lumped entries by DWS and BDJ.  The Guidelines Rule II.D.5.

provides that "[s]ervices should be noted in detail and not combined or "lumped" together, with each

service showing a separate time entry".  We asked that Lukins advise these professionals to avoid

lumping time entries in the future.  Lukins responded that it would do so.

4.      We noted that time was not consistently kept  in tenths of an hour by timekeepers

BAO, KLB, BDJ, and DWS.  Paragraph II.D.5. of the Guidelines states, "Time entries should be

kept contemporaneously with the services rendered in time periods of tenths of an hour."  We asked

that Lukins advise these timekeepers to report their time entries in tenths of an hour.  Lukins

responded that it would do so.

5.      We further noted that although Lukins provided a summary of fees by project

category, the individual time entries were listed chronologically but  not chronologically by project

category.  Local Rule 1016-2(d)(i) states, "All activity descriptions shall be divided into general

project categories of time."  We requested that Lukins adhere to this rule in future applications.

Lukins responded as follows:

> With regard to Paragraph 4 of the Initial Report, we are providing the Fee Auditor by spreadsheet via email the individual time entries listed chronologically by project category. We will divide activity descriptions into project categories of time in future applications.

We appreciate Lukins' response.

<u>Specific Time and Expense Entries</u>

6.     In our initial report, we noted that Lukins seeks reimbursement in the amount of $2,285.00 for airfare. However, the expense entries for this travel appear confusing. These entries are provided below.

| | | | |
|---|---|---|---|
| 08/26/02 | Darrell W. Scott Plane Fare to Philadelphia for 8/26/02 Grace hearing in Wilmington, DE | $ | 2,202.00 |
| 08/26/02 | Darrell W. Scott Plane Fare from Seattle for 8/26/02 Grace hearing in Wilmington, DE | $ | 83.00 |

The Guidelines Rule II.E.I., states, "[f]actors relevant to a determination that the expenses is proper include the following: Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." We asked Lukins to explain the disparity in cost between these two fares. Additionally, we asked for assurances that only coach class fares were purchased by Lukins in connection with this case.

Lukins responded as follows:

> With regard to Paragraph 6 of the Initial Report, a request was made for explanation of two plane fare entries for the August 26, 2002, hearing in Philadelphia. Darrell Scott resides in Spokane, Washington, but was in Seattle, Washington, prior to departure for this hearing. The first entry represents the round-trip fare from Seattle to Philadelphia. The second entry represents the one-way fare from Seattle to Spokane for the return leg home. The revised expense entries, with this added explanation, are as follows:
>
> 8/26/02     Darrell W. Scott Plane Fare to Philadelphia for 8/26/02  $2,202.00

|          |                                             |          |
|----------|---------------------------------------------|----------|
|          | Grace hearing in Wilmington, DE, round-trip coach fare from Seattle to Philadelphia and return |          |
| 8/26/02  | Darrell W. Scott Plane Fare for 8/26/02 Grace hearing in Wilmington, DE, one-way return coach fare from Seattle to Spokane, Washington. | $ 83.00 |

Only coach class fares are purchased by Lukins & Annis in connection with this case.

We accept Lukins' response and thus have no objection to these expenses.

7.    We noted that Lukins is requesting fees of $1,650.00 for work and travel time prior to its retention on July 22, 2002. These time entries are provided below.

| 07/21/02 | DWS | Travel to Delaware regarding bankruptcy hearing on appointment of counsel (billed at half rate). | 9.00 | 150.00 | $1,350.00 |
| 07/21/02 | DWS | Preparation for bankruptcy hearing. | 1.00 | 300.00 | $ 300.00 |

The Application states that Lukins' date of Appointment is July 22, 2002. We asked Lukins to explain why compensation should be allowed for services performed prior to the date of retention.

Lukins responded as follows.

> With regard to Paragraph 7 of the Initial Report, a request was made for an explanation as to why fees totaling $1,650.00 are being requested by Lukins & Annis for time on July 21, 2002, since this is one day prior to its retention on July 22, 2002. Darrell Scott resides in Spokane, Washington, which is on Pacific Standard Time. Due to this time difference, flight schedules, and length of flight time, it is not possible to travel to Philadelphia on the same day as the hearing. Accordingly, in order to attend the hearing on July 22, Darrell Scott had to travel on July 21, 2002. Because this hearing involved ZAI Science Trial issues, including the appointment of Special Counsel, the travel time to the hearing is being requested.

Because there is no indication of a nunc pro tunc declaration in Lukins' retention order, it is our interpretation of 11 U.S.C.§ 330 that any fees incurred before the appointment order of July 22, 2002, would not be compensable by the Debtor. Therefore, in the absence of a nunc pro tunc retention order, we recommend a reduction of $1,650.00 in fees.

**CONCLUSION**

8.    Thus, we recommend approval of fees totaling $36,041.00 ($37,691.00 minus $1,650.00) and costs totaling $3,422.38 for Lukins' services from July 22, 2002 through September 30, 2002.

Respectfully submitted,
**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 5th day of February 2003.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

Darrell W. Scott, Esq.
Lukins & Annis, P.S.
717 W. Sprague Avenue, Suite 1600
Spokane, WA 77201

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Matthew G. Zaleski, III, Esq.
Campbell & Levine
Chase Manhattan Centre, 15th Floor
1201 Market Street, Suite 1200
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801