IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------- x
In re:                                            :    Chapter 11
                                                  :
W. R. GRACE & CO., et al.,                        :    Case No. 01-01139 (JKF)
                                                  :
                    Debtors.                      :    (Jointly Administered)
                                                  :
------------------------------------------------- x    Hearing Date: February 24, 2003 at 12:00 pm
```

**RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN
SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO
11 U.S.C. §1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO
FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

The Official Committee of Equity Security Holders (the "Equity Committee"), by

its undersigned counsel, hereby submits this Response in Support of the Debtors' Motion for an

Order Pursuant To 11 U.S.C. §1121(D) Extending Debtors' Exclusive Periods in Which to File a

Chapter 11 Plan and Solicit Votes Thereon dated January 16, 2003 (the "Motion"), and

respectfully represents as follows:

      1.     The Equity Committee has carefully monitored the course of this chapter

11 proceeding and believes that the Debtor properly has been performing its duties as debtor in

possession. As the Debtor notes in the Motion, during the past seven months the Debtor, in

conjunction with the other constituencies, has taken significant steps to determine the various

asbestos-related claims against the estate. These efforts have included participation in, and

ultimately settlement of, the Sealed Air and Fresenius fraudulent conveyance litigation, as well

as continued discovery in preparation for a "science trial" of the Zonolite Attic Insulation claims.

In addition, the Court has established a bar date for traditional asbestos property damage claims,

and Judge Wolin has taken submissions on establishing a procedure for fixing the amount of

asbestos personal injury claims.

2.    The Equity Committee believes that resolution of the asbestos related claims is the *sine qua non* for a plan of reorganization in this chapter 11 case. Without such resolution of asbestos issues, neither the Debtor nor any other party can propose a plan of reorganization unless it is fully consensual. Absent such a consensual plan, the issues will remain to be litigated during the confirmation process. If, ultimately, the plan cannot be confirmed, the time and expense of solicitation and voting will have been wasted. The Equity Committee respectfully submits that, rather than compelling the Debtor to file a plan of reorganization prematurely, the Court should extend the exclusivity period to accommodate the ongoing efforts to resolve asbestos issues.

3.    In light of the Debtor's active steps to move this case forward and the inevitable delays inherent in a case this large and complex, the Equity Committee believes the request for an extension of the exclusivity periods is appropriate. Under the circumstances, a six month extension of the exclusive periods, as requested by the Debtor, is reasonable and will work no injustice to any party.

KRLSWIL:42963.1

## Conclusion

The Debtors request for a six-month extension of the exclusive periods is reasonable in light of all the circumstances, and the Equity Committee therefore requests that the Motion be granted.

Dated: February 5, 2003

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

By:: _Teresa K. D. Currier by permission_ mm
Teresa K. D. Currier (ID No. 3080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gary M. Becker
919 Third Avenue
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

**Attorneys for the Official Committee of
Equity Security Holders**