## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF HAMILTON, RABINOVITZ
## & ALSCHULER, INC. FOR THE SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Hamilton, Rabinovitz & Alschuler, Inc. for the Sixth Interim Period (the "Application").

### BACKGROUND

1. Hamilton, Rabinovitz & Alschuler, Inc. ("HR&A") was retained as consultants to the Official Committee of Asbestos Property Damage Claimants. In the Application, HR&A seeks approval of fees totaling $21,435.00 and costs totaling $58.57 for its services from July 1, 2002 through September 30, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on HR&A an initial report based on our review and received a response from HR&A, portions of which response are quoted herein.

### DISCUSSION

#### General Issues

3. In our initial report, we noted that timekeepers JEH, JEM and JC often did not include sufficient detail in their time entries. Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ." We asked HR&A to advise these professionals to provide more detailed time entries in the future, and HR&A responded it has done so.

4. We noted that timekeepers PH, RHS and JEH consistently lumped their time entries. Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." We asked HR&A to advise these professionals to avoid lumping their time entries in the future, and HR&A responded it has done so.

#### Specific Time and Expense Entries

5. We noted that between August 7, 2002, and September 30, 2002, JEH ($400) spent a total of 10.4 hours and $4,160.00 to perform tasks which may be characterized as administrative overhead, or may be more appropriate for a professional with a lower hourly rate. The entries are shown below.

| | | | | |
|---|---|---|---|---|
| 08/07/02 | JEH | 2.1 | 840.00 | Administrative file management getting files organized. |
| 08/21/02 | JEH | 2.5 | 1000.00 | Prepare files for subpoena request. |
| 09/03/02 | JEH | 4.1 | 1640.00 | Organize project files. |
| 09/25/02 | JEH | 0.5 | 200.00 | Invoice preparation. |
| 09/30/02 | JEH | 1.2 | 480.00 | Invoice preparation. |

Paragraph I.E., of the Guidelines, states ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following:  the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . .".  We asked HR&A to explain why these tasks should not be considered administrative overhead, or why a professional with a lower rate could not have performed these tasks.  HR&A's response is provided below:

> The files management task entries in question were performed by HR&A Partner James E. Hass, because he is the only full-time employee in the firm's Washington, D.C office.  The files organization tasks performed on August 7, 2002 and September 9, 2002 had to be performed on the date by Mr. Hass personally as part of his preparation for meetings with counsel for the Property Damage Committee regarding his expert reports and testimony on behalf of the Committee in the Fraudulent Transfer litigation.  The preparation of files for the subpoena that was performed by Mr. Hass on August 21 could not have been performed by administrative staff, because: (1) there is no such person in the firm's Washington, D.C. office; and (2) Mr. Hass was the HR&A professional charged with ensuring that the documents were responsive to the subpoena request.  As to the time spent by Mr. Hass on September 25 and 30, 2002 to prepare his portion of the HR&A monthly invoices, he is the only full-time HR&A staff person in the firm's Washington, D.C. office, and the time was spent preparing his own time record detail.

We appreciate HR&A's response, and we are sensitive to the situation described.  However, we believe that since Mr. Hass was the only full-time employee in the firm's Washington, D.C. office, it was incumbent upon him to bill at the appropriate task level rather than billing every activity at

his standard partner rate. On the issue of adjusting rates downward for routine tasks, the Third Circuit seems fond, in the bankruptcy context, of quoting its opinion in Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983) that "[r]outine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." We would suggest $125.00 per hour as a more appropriate billing rate for the tasks at issue here. Thus, we recommend a reduction of $2,860.00 in fees.

6. In our initial report, we noted that on July 29, 2002, under the project category "Case Administration", JEH ($400) and JEM ($150) spent 2.20 hours for a total of $605.00 to perform the same task. The entries are shown below.

| | | | | |
|---|---|---|---|---|
| 07/29/02 | JEH | 1.10 | 440.00 | Project administration, file, and other administrative tasks. |
| 07/29/02 | JEM | 1.10 | 165.00 | Project administration, file, and other administrative tasks. |

U.S. Bankruptcy Code § 330 (4)(A)(i), states, [e]xcept as provided in subparagraph (B), the court shall not allow compensation for – (i) unnecessary duplication of services; . . .". Additionally, Paragraph I.E., of the Guidelines, states " [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We also note that JEH's billing rate is over twice that of JEM's. Thus, we asked HR&A to explain why JEH apparently performed the same tasks as JEM at such disparate hourly rates. HR&A responded as follows:

> The work in the time detail was inadvertently referred to as "administrative."

**FEE AUDITOR'S FINAL REPORT** - Page 4
 wrg FR Hamilton 6int 7-9.02.wpd

> In fact, the tasks performed by Mr. Hass and Jill E. McClain on the dates in question were related to reviewing and organizing extensive documentation provided by W.R. Grace in response to litigation-related discovery so that they could be used by Mr. Hass in preparing his expert reports on behalf of the Property Damage Committee in the Fraudulent Transfer litigation. Ms McClain assisted Mr. Hass in preparing those reports and had to review the same documentation in order to provide that assistance. The cost of Mr. Hass's time is based on his standard hourly billing rate ($400 per hour), per HR&A's fee schedule. The cost of Ms McClain's time is based on her hourly billing rate ($165 per hour), also per HR&A's fee schedule, and reflects her status as an economics analyst.

We accept HR&A's explanation and thus have no objection to these fees.

   7.  We noted that on August 22, 2002, JEH ($400) and PJS ($350) spent a total of 0.8 hour and $300.00 to participate in a conference call. The entries are shown below.

| | | | | |
|---|---|---|---|---|
| 08/22/02 | JEH | 0.4 | 160.00 | PD Committee weekly conference call. |
| 08/22/02 | PJS | 0.4 | 140.00 | Participate in PD Committee call re: case status. |

Paragraph II.D.5., of the Guidelines, provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked HR&A to explain why it was necessary for more than one professional to participate in this conference call. HR&A's response is provided below:

> ...more than one HR&A staff member sometimes participates in meetings and conference calls because each professional plays a distinctly different role in the delivery of the services for which HR&A was retained by the Property Damage Committee. Paul J. Silvern, an HR&A Partner, has day-to-day responsibility for managing the delivery of HR&A's services in this case, and has special expertise in building design and construction that are central to an understanding of asbestos property damage liability. James E. Hass, who was added to HR&A's project team during the relevant Interim Period is an economist who was selected by the Property Damage Committee to be a testifying expert for the Fraudulent Transfer litigation. The subjects discussed during the referenced conference call required the participation of both HR&A professionals.

We accept HR&A's explanation and thus have no objection to these fees.

## CONCLUSION

8.  Thus we recommend approval of fees totaling $18,575.00 ($21,435.00 minus $2,860.00) and costs totaling $58.57 for HR&A's services from July 1, 2002 through September 30, 2002.

>   Respectfully submitted,
>
>   **WARREN H. SMITH & ASSOCIATES, P.C.**
>
>   By: _____
>   Warren H. Smith
>   Texas State Bar No. 18757050
>
>   900 Jackson Street
>   120 Founders Square
>   Dallas, Texas 75202
>   214-698-3868
>   214-722-0081 (fax)
>   whsmith@whsmithlaw.com
>
>   **FEE AUDITOR**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 6th day of February 2003.

_____
Warren H. Smith

# SERVICE LIST

Notice Parties

**The Applicant**

Paul J. Silvern
Hamilton, Rabinovitz & Alschuler, Inc.
6033 West Century Blvd., Suite 890
Los Angeles, California 90045

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801