# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF PACHULSKI, STANG, ZIEHL,
## YOUNG & JONES P.C. FOR THE SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for the Sixth Interim Period.

## BACKGROUND

1.      Pachulski, Stang, Ziehl, Young & Jones P.C. ("Pachulski") was retained as local counsel to the debtors.  In the Application, Pachulski seeks approval of fees totaling $90,024.50 and costs totaling $96,041.23 for its services from July 1, 2002, through September 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Pachulski an initial report based on our review, and received a response from Pachulski, portions of which response are quoted herein.

### DISCUSSION

<u>General Issues</u>

3.      In our initial report, we noted that timekeepers CMS, KAC, SLP, DCC, JMG and HDM occasionally did not include sufficient detail in their time entries. Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ." This issue has been raised in previous reports and we have advised certain professionals to provide more detailed time entries in the future. We asked that Pachulski continue to advise all of its timekeepers regarding this matter.

<u>Specific Time and Expense Entries</u>

4.      We noted that between August 23-26, 2002, DCW ($280), PAG ($215), and SEM ($395) prepared for and attended a hearing. The total time spent in preparation and attendance was 14.40 hours for $4,214.00. See Exhibit A. Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We realize that there are occasions when each professional brings a distinct area of expertise to a hearing. However, in the instance cited, the detail provided does not clarify each participant's role. We asked Pachulski to review Exhibit A and explain why it was necessary for three professionals to attend this hearing. Pachulski responded as

follows:

> During the time period cited by the Fee Auditor there was a change in the team of PSZYJW attorneys assigned to the Debtors' representation. PSZYJW has reviewed the questioned fees and believes that many of the charges were for non-duplicative tasks, necessary for hearing preparation. PSZYJW acknowledges that some of the charges may have been unnecessarily duplicative due to the transition and should not be borne by the estate. Accordingly, PSZYJW will voluntarily reduce its fees by $1,862.00 for the following charges:

| 08/26/02 | SEM | Conference with J. Baer regarding preparation for today's hearing. 0.20 hours for a total of $ 79.00. |
|---|---|---|
| 08/26/02 | SEM | Attending omnibus hearing for purpose of transitioning case from David W. Carickhoff. 2.50 hours for a total of $987.50. |
| 08/26/02 | PAG | Meet with D. Carickhoff and J. Baer to review matters for hearing. 0.30 hours for a total of $ 64.50. |
| 08/26/02 | PAG | Attend hearing before J. Fitzgerald and post meeting to discuss follow up.     3.40 hours for a total of $ 731.00. |

We accept Pachulski's response and thus recommend a reduction of $1,862.00 in fees.

5.    We noted that on September 6 & 19, 2002, SEM ($395) and PAG ($215) participated in two separate conference calls. The total time spent for these conference calls was 1.80 hours for $585.00. Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." These entries are provided below.

•    On September 6, 2002, professionals SEM ($395) and PAG ($215) spent a total of .60 hours for a total expense of $219.00 for this telephone conference.

| 09/06/02 | SEM | Telephone conference with W. Smith and Paula A. Galbraith regarding letter to professionals regarding recategorization of fees. | 0.50 | 395.00 | $ 197.50 |
|---|---|---|---|---|---|
| 09/06/02 | PAG | Discuss with W. Smith report format as addition to letter to | 0.10 | 215.00 | $  21.50 |

professionals.

•     On September 19, 2002, SEM ($395) and PAG ($215) spent a total time of 1.20 hours for a total expense of $366.00 for this telephone conference.

| | | | | | |
|---|---|---|---|---|---|
| 09/19/02 | SEM | Telephone conference with J. Baer, J. Kapp and Paula A. Galbraith  regarding case administration matters. | 0.60 | 395.00 | $ 237.00 |
| 09/19/02 | PAG | Phone conference with S. McFarland, J. Kapp and J. Baer regarding case administration issues. | 0.60 | 215.00 | $ 129.00 |

In the instances cited, the fee detail does not provide the reason for multiple professionals on these phone conferences nor does it explain each professional's role.  We asked Pachulski to explain the need for multiple professionals on these conference calls.  Pachulski responded as follows:

The 9/06/02 entries cited were for two separate telephone calls.  The entry for SEM was a call regarding the general outline and other issues related to the preparation of a letter on the application and audit processes for professional fees.  Two attorneys were necessary as the information being disseminated in the letter was significant and the views on the information to be set forth in the letter somewhat varied.  It was determined to be more efficient to have the three individuals involved in the preparation of the letter on the call, rather than to exchange numerous e-mail and telephone calls in order to reach a consensus and cover all issues.  The entry for PAG was a follow up call regarding an addition to the letter requested by W. Smith.

The 9/19/02 entries were for a call that took place to discuss (1) the flow of information between co-counsel to the Debtors and (2) to discuss improvements to the various processes used for filing documents, both to increase the efficiency of the attorneys and staff assigned to the case.  It was necessary to have both attorneys on the call to ensure that all issues were addressed and to eliminate any confusion that would typically result from second hand communication of the outcome of the meeting.

We believe we understand Pachulski's explanation, and thus we have no objection to these fees.

    6.    In our initial report, we noted that professionals SEM ($395) and PAG ($215) spent a total of .90 hours for a total expense to the estate of $247.50 on tasks that appear to be ministerial

or inappropriate for professionals of their level.  The time entries are provided below.

| 08/31/02 | SEM | Follow up on ordering hearing transcripts. | 0.10 | 395.00 | $ 39.50 |
| 09/03/02 | PAG | Call to court regarding transcripts for hearing. | 0.10 | 215.00 | $ 21.50 |
| 09/03/02 | PAG | Follow up on transcript request for hearing. | 0.20 | 215.00 | $ 43.00 |
| 09/05/02 | PAG | Inquire into status of transcripts from August hearing. | 0.10 | 215.00 | $ 21.50 |
| 09/17/02 | SEM | Arranging conference call with J. Kapp and J. Baer to discuss case administration issues. | 0.20 | 395.00 | $ 79.00 |
| 09/20/02 | PAG | Coordinate conference call with V. Hutchinson. | 0.10 | 215.00 | $ 21.50 |
| 09/20/02 | PAG | Coordinate with V. Hutchinson regarding phone conference for 9/23 hearing (.10);... | 0.20 | 215.00 | $ 43.00 |

The U.S. Trustee Guidelines Rule, I.E. states "[i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary t o the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . .".  We asked Pachulski to explain why these professionals performed seemingly ministerial tasks, or tasks inappropriate for their level, at their full hourly rate.  Pachulski responded as follows:

> Time entries for SEM:
> 8/31/02 Follow up on ordering hearing transcripts. 0.10 hours for a total of $ 39.50. The task included directing staff regarding the need for transcripts. PSZYJW will voluntarily reduce its fees by $39.50 for this item.
>
> 09/17/02 Arranging conference call with J. Kapp and J. Baer to discuss case administration issues. 0.20 hours for a total of $ 79.00.  This task included correspondence by e-mail with J. Kapp and J. Baer to explain the request for the

meeting and to suggest and confirm available dates for the call to take place.

Time entries for PAG:
09/03/02 Call to court regarding transcripts for hearing. 0.10 hours for a total of $ 21.50.  This task included inquiring into the process of obtaining transcripts for the hearing.  As the need for the inquiry was directly related to the attorney transition, PSZYJW will voluntarily reduce its fees by $21.50 for this item.

09/03/02 Follow up on transcript request for hearing. 0.20 hours for a total of $ 43.00.  This task was a follow up to the entry noted above.  PSZYJW will voluntarily reduce its fees by $43.00 for this item.

09/05/02 Inquire into status of transcripts from August hearing. 0.10 hours for a total of $ 21.50.  This task included follow up with support staff regarding the status of a transcript that was needed in order to complete time sensitive matters.  PSZYJW will voluntarily reduce its fees by $21.50 for this item.

09/20/02 Coordinate conference call with V. Hutchinson. 0.10 hours for a total of $ 21.50.  This task included instructing support staff regarding the details of the conference call to be set up for telephone participation at the next omnibus hearing.

09/20/02 Coordinate with V. Hutchinson regarding phone conference for 9/23 hearing.  0.10 hours for a total of $ 21.50.  This task included answering the questions of support staff regarding the details of the previously mentioned conference call.

We appreciate Pachulski's response and recommend a reduction of $125.50 in fees.

7.      In our initial report we noted that on July 10, 2002, CMG ($40) has a time entry for

file room training.  The time entry is provided below.

07/10/02      CMG   Training procedures for file room duties.     3.50    40.00   $140.00

 The training of professionals and paraprofessionals appears to be a fundamental expense for which

the estate may not be responsible.  Thus we asked Pachulski to explain why the bankruptcy estate

should be charged for this training.  Pachulski stated that, "This item was inadvertently charged and

PSZYJW will voluntarily reduce its fees by $140.00 for this item."  We appreciate Pachulski's

response and thus recommend a reduction of $140.00 in fees.

8.      We noted that Pachulski seeks reimbursement in the amount of $520.00 for In-House Attorney Service–Overtime.  These expense entries are provided below.

07/01/2002     IHAS   In-House Attorney Service– Overtime 10.0 hrs. [E107]      $400.00

09/01/2002     IHAS   In-House Attorney Service– Overtime 3.0 hrs. [E107]       $120.00

Paragraph II.E.3. of the Guidelines states,  "Whether applicant has provided a detailed itemization of all expenses including date incurred, descriptions of expenses...name of the person incurring the expense and purpose of the expense...Unusual items require more detailed explanations and should be allocated, where practicable, to specific projects."  We asked Pachulski to explain what this in-house attorney service consists of, why this service was used, and why overtime was needed to complete this project.  Pachulski responded as follows:

> In House Attorney Service provides copy services for PSZYJW.  The overtime costs were inadvertently charged and PSZYJW will voluntarily reduce its fees by $520.00 for this item.

We appreciate Pachulski's explanation, and thus recommend a reduction of $520.00 in expenses.

9.      In our initial report, we noted that Pachulski seeks reimbursement for secretarial overtime in the amount of $2,524.86 for this interim period.  See Exhibit B. Paragraph II.E.7. of the Guidelines, discussing nonreimbursable overhead, provides that, "[o]verhead includes word processing, proofreading, secretarial and other clerical services...."  In the absence of further explanation, it appears that this secretarial overtime constitutes nonreimbursable overhead.  We asked Pachulski to review Exhibit B and explain why an exception should be made for these expenses.  Pachulski responded as follows:

> PSZYJW acknowledges that if such services were only required to be performed during normal business hours, such services would constitute "overhead."  Indeed, PSZYJW does not seek reimbursement for "overhead" incurred during regular business hours.  The overtime worked by secretaries and paralegals in the chapter 11

cases should not be characterized as "overhead." Given the fact that the chapter 11 cases are unusually large involving an extraordinary number of filings and services, often time such filings could not be completed in a standard workday, and, therefore, overtime for non-attorneys is appropriate. Additionally, in certain instances, PSZYJW will receive time sensitive filings after normal business hours, thereby necessitating overtime to timely file and serve such pleadings. Further, it is necessary to have secretaries and paralegals work overtime to prepare for client meetings and hearings. These circumstances are not within the control of PSZYJW. Overtime is charged to all clients. All of the overtime requested was for work performed by secretaries and paralegals after hours for one of the tasks set forth above. Accordingly, such charges should not be considered "overhead" but should be reimbursable for PSZYJW.

We believe we understand Pachulski's explanation, and thus we have no objections to this expense.

10.    With regards to the above-referenced secretarial overtime, we also noted that V.

Preston has apparent duplicate entries for an additional expense to the estate of $453.03.

| | | | |
|---|---|---|---|
| 07/09/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/09/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/17/2002 | SO | Secretarial Overtime– V. Preston | $18.20 |
| 07/17/2002 | SO | Secretarial Overtime– V. Preston | $48.20 |
| 07/22/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/22/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 09/12/2002 | SO | Secretarial Overtime– V. Preston | $73.33 |
| 09/12/2002 | SO | Secretarial Overtime– V. Preston | $48.20 |
| 09/17/2002 | SO | Secretarial Overtime– V. Preston | $72.30 |
| 09/17/2002 | SO | Secretarial Overtime– V. Preston | $48.20 |

We asked Pachulski to review the entries above and verify whether these expense entries had been

improperly duplicated. Pachulski responded as follows:

In reviewing the charges in question, errors in billing were noted in two instances,

7/17 and 9/17.  PSZYJW will voluntarily reduce its fees by $60.38 for these billing

errors.

We appreciate Pachulski's response, and recommend a reduction of $60.38 in expenses.

11.    We noted that Pachulski seeks reimbursement for Business Meal expenses in the

amount of $158.75.  These expense entries are provided below.

| | | | |
|---|---|---|---|
| 05/14/2002 | BM | Business Meal–Healy's Cafe (LDJ) [E111] | $67.00 |
| 07/22/2002 | BM | Business Meal– Greenery (LDJ) [E111] | $91.75 |

While these expenses do not, in and of themselves, normally draw objection, failure to adequately

detail the entries is inappropriate. We observed that both of these entries fail to provide how many

people attended these business meals.  Thus we asked Pachulski to provide further information

regarding the number of diners for each meal so that we could determine the reasonableness of these

business expenses.  Pachulski responded as follows:

05/14/02  BM  Business Meal – Healy's Café (LDJ)[E111]  $67.00
          This item was incorrectly billed due to a coding error.  PSZYJW will reduce its expenses by
$67.00 for this charge.

7/22/02  BM  Business Meal – Greenery (LDJ)[E111]  $91.75
          This was a catered meal brought into a PSZYJW conference to feed approximately 4 persons
(including attorneys DW Carickhoff, J. Kapp, J. Baer, and a client representative) preparing for the
hearing on that date or meeting after such hearing.

We appreciate Pachulski's explanation and recommend a reduction of $67.00 in expenses.

## CONCLUSION

12.    Thus we recommend approval of fees totaling $87,897.00 ($90,024.50 minus

$2,127.50) and expenses totaling $95,393.85 ($96,041.23 minus $647.38), for Pachulski's services

from July 1, 2002, through September 30, 2002

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of February 2003.

_____
        Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

Laura Davis Jones
Paula Galbraith
Patty Cuniff
PACHULSKI, STANG, ZIEHL, YOUNG &
JONES P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier
19801)

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

### EXHIBIT A

| | | | | | |
|---|---|---|---|---|---|
| 08/23/02 | SEM | Telephone conference with Paula A. Galbraith regarding preparations for hearing on Monday (8/26). | 0.10 | 395.00 | $ 39.50 |
| 08/23/02 | SEM | Telephone conferences (2) with Paula A. Galbraith regarding telephonic appearances for hearing on 8/26 (.20); review email regarding persons who want to appear telephonically at hearing and forward to Paula A. Galbraith. | 0.40 | 395.00 | $ 158.00 |
| 08/25/02 | DWC | Prepare for hearing on 8/26 | 1.00 | 280.00 | $ 280.00 |
| 08/25/02 | PAG | Prepare for hearing. | 0.10 | 215.00 | $ 21.50 |
| 08/26/02 | SEM | Conference with P. Cuniff regarding affidavit that was left off agenda for today's hearing. | 0.10 | 395.00 | $ 39.50 |
| 08/26/02 | SEM | Review agenda for hearing. | 0.20 | 395.00 | $ 79.00 |
| 08/26/02 | SEM | Conference with J. Baer regarding preparation for today's hearing. | 0.20 | 395.00 | $ 79.00 |
| 08/26/02 | SEM | Conference with Paula A. Gralbraith regarding assembling needed on orders and pleadings for today's hearing. | 0.20 | 395.00 | $ 79.00 |
| 08/26/02 | SEM | Attending omnibus hearing for purpose of transitioning case from David W. Carickhoff. | 2.50 | 395.00 | $ 987.50 |
| 08/26/02 | SEM | Conference with J. Baer regarding outcome of hearing today. | 0.20 | 395.00 | $ 79.00 |
| 08/26/02 | DWC | Prepare for today's hearing and meet with J. Baer re: same | 2.20 | 280.00 | $ 616.00 |
| 08/26/02 | DWC | Attend hearing. | 3.20 | 280.00 | $ 896.00 |

| 08/26/02 | PAG | Meet with D. Carickhoff and J. Baer to review matters for hearing. | 0.30 | 215.00 | $  64.50 |
| 08/26/02 | PAG | Prepare documents and exhibits for the hearing. | 0.30 | 215.00 | $  64.50 |
| 08/26/02 | PAG | Attend hearing before J. Fitzgerald and post meeting to discuss followup. | 3.40 | 215.00 | $ 731.00 |

<u>EXHIBIT B</u>

| | | | |
|---|---|---|---|
| 07/01/2002 | SO | Secretarial Overtime–V. Preston | $36.15 |
| 07/03/2002 | SO | Secretarial Overtime | $78.33 |
| 07/09/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/09/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/10/2002 | SO | Secretarial Overtime– S. Rutigliano | $15.40 |
| 07/11/2002 | SO | Secretarial Overtime– V. Preston | $48.20 |
| 07/12/2002 | SO | Secretarial Overtime– R. Stewart | $26.54 |
| 07/15/2002 | SO | Secretarial Overtime– V. Preston | $27.11 |
| 07/16/2002 | SO | Secretarial Overtime– V. Preston | $27.11 |
| 07/17/2002 | SO | Secretarial Overtime– V. Preston | $18.20 |
| 07/17/2002 | SO | Secretarial Overtime– V. Preston | $48.20 |
| 07/19/2002 | SO | Secretarial Overtime– R. Stewart | $13.27 |
| 07/22/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/22/2002 | SO | Secretarial Overtime– V. Preston | $36.15 |
| 07/22/2002 | SO | Secretarial Overtime–R. Stewart | $26.54 |
| 07/24/2002 | SO | Secretarial Overtime–R. Stewart | $13.27 |
| 07/25/2002 | SO | Secretarial Overtime– V. Preston | $96.40 |
| 07/26/2002 | SO | Secretarial Overtime– Vanessa Preston | $24.10 |
| 07/30/2002 | SO | Secretarial Overtime– Vanessa Preston | $24.10 |
| 07/31/2002 | SO | Secretarial Overtime–Rasheda Stewart | $19.91 |
| 08/02/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |
| 08/06/2002 | SO | Secretarial Overtime– Vanessa Preston | $63.26 |
| 08/07/2002 | SO | Secretarial Overtime– Vanessa Preston | $66.28 |
| 08/12/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |
| 08/13/2002 | SO | Secretarial Overtime– Vanessa Preston | $108.45 |
| 08/14/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |
| 08/15/2002 | SO | Secretarial Overtime– Rasheda Sewart | $26.54 |
| 08/20/2002 | SO | Secretarial Overtime– Vanessa Preston | $54.23 |
| 08/21/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |
| 08/21/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 08/22/2002 | SO | Secretarial Overtime– Rasheda Stewart | $13.27 |
| 08/22/2002 | SO | Secretarial Overtime– Vaness Preston | $120.50 |
| 08/23/2002 | SO | Secretarial Overtime– Vanessa Preston | $144.60 |
| 08/23/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 08/26/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 08/28/2002 | SO | Secretarial Overtime– Vanessa Preston | $48.20 |
| 09/05/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |
| 09/06/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/06/2002 | SO | Secretarial Overtime– Vanessa Preston | $18.08 |
| 09/09/2002 | SO | Secretarial Overtime– Vanessa Preston | $72.30 |
| 09/09/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/10/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |

| | | | |
|---|---|---|---|
| 09/11/2002 | SO | Secretarial Overtime– Vanessa Preston | $36.15 |
| 09/11/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/12/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/12/2002 | SO | Secretarial Overtime– Vanessa Preston | $73.33 |
| 09/12/2002 | SO | Secretarial Overtime– Vanessa Preston | $48.20 |
| 09/13/2002 | SO | Secretarial Overtime– Vanessa Preston | $84.35 |
| 09/13/2002 | SO | Secretarial Overtime– Charmaine Miller | $70.65 |
| 09/16/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/17/2002 | SO | Secretarial Overtime–Rasheda Stewart | $26.54 |
| 09/17/2002 | SO | Secretarial Overtime– Vanessa Preston | $72.30 |
| 09/17/2002 | SO | Secretarial Overtime– Vanessa Preston | $48.20 |
| 09/20/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/25/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/26/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/30/2002 | SO | Secretarial Overtime– Rasheda Stewart | $26.54 |
| 09/30/2002 | SO | Secretarial Overtime– Vanessa Preston | $54.23 |
| 09/30/2002 | SO | Secretarial Overtime– Charmaine Miller | $42.39 |