**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF L. TERSIGNI CONSULTING P.C.
FOR THE SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Sixth Interim Fee Application of L. Tersigni Consulting P.C. (the "Application").

**BACKGROUND**

1. L. Tersigni Consulting P.C. ("Tersigni") was retained as accountant and financial advisor for the official committee of asbestos personal injury claimants. In the Application, Tersigni seeks approval of fees totaling $390,222.50 and costs totaling $3,456.84 for its services from July 1, 2002, through September 30, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Tersigni an initial report based on our review and received a response from Tersigni, portions of which response are quoted herein.

## DISCUSSION

Specific Time and Expense Entries

3.     In our initial report, we noted that on July 5, 2002 professionals L. Tersigni, Rapp and Cavanaugh prepared for and attended a meeting for a total of 24.75 hours and a total expense to the bankruptcy estate of $10,518.75. The time entries are provided in Exhibit A attached hereto. Paragraph II.D.5. of the Guidelines provides "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We realize that there are occasions when each professional brings a distinct area of expertise to a meeting. However, in the instance cited in Exhibit A, the detail provided does not clarify each participants' role. We asked Tersigni to explain the need for multiple professionals at this meeting. Tersigni's response is provided below:

> The July 5th 2002 meeting was the first meeting requested by counsel to discuss issues related to the fraudulent transfer litigation and to identify specific objectives/work scope and timing with each of the LTC associates in attendance. Also during the meeting we discussed the range of services needed by counsel, the objectives of counsel and enabled counsel to meet LTC associates and establish an understanding of the area of expertise, years of experience and responsibilities held by Mr. Tersigni, Mr. Rapp and Mr. Cavanaugh. Mr. Tersigni was in attendance not only as President of L Tersigni Consulting establishing the introductions and presenting the full range of services available through LTC but also based on his experience in litigation consultation and solvency issues & analysis. Mr. Rapp was in attendance at the July 5th meeting because his direct area of expertise and experience related to enterprise valuations. Mr. Cavanaugh was in attendance at the July 5th meeting because his direct area of expertise and experience relate to

investment/capital structures and related issues. The information presented and representation by each associate was not duplicative and the time expended was commensurate with the tasks performed.

We accept Tersigni's explanation and thus have no objection to these fees.

4.     Similarly, we noted that on July 26, 2002 professionals Rapp and Cavanaugh attended the same meeting for a total of 14.50 hours and a total expense to the estate of $6,162.50. The time entries are provided below.

| Date | Prof | Hours | Amount | Description |
|---|---|---|---|---|
| 07/26/02 | BR | 5.00 | 2,125.00 | Meeting with counsel regarding enterprise valuation, solvency issues and analysis of W.R. Grace |
| 07/26/02 | BR | 2.50 | 1,062.50 | One-half of round-trip travel time from Allentown, PA to New York City for meeting with counsel. |
| 07/26/02 | BC | 1.50 | 637.50 | One-half of round-trip travel time from Mendham, N.J. to New York City for meeting with counsel |
| 07/26/02 | BC | 5.50 | 2,337.50 | Meeting with counsel regarding enterprise valuation, solvency issues and analysis of W.R. Grace |

Again, we asked Tersigni to explain the need for multiple professionals at this meeting. Tersigni responded as follows:

> Both Bradley Rapp and Brian Cavanaugh were in attendance at the July 26th meeting with counsel relating to litigation consultation to present their findings and conclusions through that date. Mr. Rapp's involvement pertained to his expertise and responsibility relating to the enterprise valuation. A sample of the range of components analyzed in the development of an enterprise valuation that Mr. Rapp addressed during this meeting include historical financial condition and operating performance, valuation methodology, liquidity analysis and industry environment & competitors. Mr. Cavanaugh's involvement pertained to his expertise relating to fraudulent transfer and solvency matters. Mr. Cavanaugh presented his findings and conclusions regarding relevant business plan and financial forecast reviews and analysis. In addition, Mr. Cavanaugh assumed the responsibility and managed the litigation consultation role on behalf of L Tersigni Consulting. The information presented, the range of expertise made available to counsel and the representation by each associate addressing issues in great depth and detail was not duplicative and the time expended was commensurate with the tasks performed. In addition, at this

meeting Mr. Rapp and Mr. Cavanaugh discussed with counsel the additional work scope going forward based on the issues discussed and a related timetable for the completion of the next work phase.

We accept Tersigni's explanation and thus have no objection to these fees.

5.We noted that during the Application period, professionals E. Tersigni and Rubsam spent a total of 11.75 hours for a total expense to the bankruptcy estate of $2,713.75 inputting data. The fee details are provided in Exhibit B attached hereto. The U.S. Trustee Guidelines Rule, I.E. states ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked Tersigni to explain why professionals of this level were performing seemingly ministerial tasks at their full hourly rates. Tersigni's response is provided below:

> The 4 hours expended by Mr. Rubsam were directly related to the development of the historical comparable companies data to be utilized in the creation of enterprise valuation model. The 'comparable companies' data is an essential element within the valuation model and execution of various phases require the level of experience and expertise of an associate at Mr. Rubsam's Director level. Mr. Rubsam reviewed, tested for reasonableness and normalized the data compiled by Miss Tersigni prior to entering all elements to the model for computation. The 7.75 hours expended by Elizabeth Tersigni, under the direction of Mr. Rubsam and at a rate significantly lower than that of Mr. Rubsam-a Director, relate directly to research and preparation of the foundation data that is critical and necessary to support Mr. Rubsam in his development of the 'comparable companies' element utilized in the valuation model. Miss Tersigni's work was directed to researching and compiling data for over fifteen companies defined by Mr. Rubsam as meeting the 'comparable companies' criteria relating to the W.R.Grace matter. A sample of the data compiled by Miss Tersigni for the defined 'comparable companies' is as follows; name, ticker symbol, exchange, market price, income statement-balance sheet-statement of operations-cash flow report extracts ( i.e.: revenue, assets ), EBITDA, EBIT and EBITDA less Capex

..all statistics for the last 12 months, 3 year average and 5 year average. We apologize if the description of work performed suggested that the tasks were ministerial and we will endeavor, in the future, to provide more accurate descriptions of the work preformed. However, we strongly disagree that the tasks performed over this specific timeframe by Mr. Rubsam, Director, and Miss Tersigni, Senior Consultant, are seemingly ministerial tasks at their full hourly rate. The 'comparable companies' analysis is a significant and essential component, and the detail of research and accuracy of data is crucial to the development of an enterprise valuation.

We appreciate Tersigni's explanation and thus have no objection to these fees.

## CONCLUSION

6. Thus we recommend approval of fees totaling $390,222.50 and costs totaling $3,456.84 for Tersigni's services from July 1, 2002 through September 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of February 2003.

                                                Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Loreto T. Tersigni
L. Tersigni Consulting P.C.
2001 West Main Street, Suite 220
Stamford, CT 06902

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

## EXHIBIT A

Loreto Tersigni:

7/5/02  Meeting with counsel to review financial analysis performed to date and financial issues related to fraudulent transfer litigation (relating to specific areas of Loreto Tersigni's expertise)
      33    3.75    $425.00    $1,593.75

7/5/02  One half travel time to from Connecticut to New York in connection with meeting with counsel to review issues related to fraudulent transfer litigation.    35    1.50    $425.00    $637.50

Bradley Rapp:

7/5/02  One-half of round-trip travel time from Allentown, PA to New York City for meeting with counsel    35    2.70    $425.00    $1,147.50

7/5/02  Preparation for meeting w/ counsel to discuss questions and issues related to fraudulent transfer litigation    33    2.30    $425.00    $977.50

7/5/02  Meeting with counsel to review financial analysis performed to date and financial issues related to fraudulent transfer litigation (relating to specific areas of Brad Rapp's expertise)
      33    4.00    $425.00    $1,700.00

Brian Cavanaugh:

7/3/02  Review of transcript of Hickey deposition and related materials in preparation for meeting with counsel    33    3.25    $425.00    $1,381.25

7/5/02  One-half of round-trip travel time from Mendham, N.J. to New York City for meeting w/counsel    35    1.75    $425.00    $743.75

7/5/02  Review of materials in preparation of meeting with counsel  33    2.00    $425.00    $850.00

7/5/02  Meeting with counsel to review financial analysis performed to date and financial issues related to fraudulent transfer litigation (relating to specific areas of Brian Cavanaugh's expertise)
      33    3.50    $425.00    $1,487.50

## EXHIBIT B

Peter Rubsam:

| Date | Description | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/7/02 | Reviewed historical 10K's for 6 comparable companies- began input of historical financial data | 33 | 2.00 | $320.00 | $640.00 |
| 7/7/02 | Input revenue, EBITDA and EBIT calculations for historical comparable companies | 33 | 2.00 | $320.00 | $640.00 |

Elizabeth Tersigni:

| Date | Description | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/3/02 | Input LTM, 3yr avg, and 5 yr avg for revenues, for comparable companies into market multiples analysis matrix | 33 | 0.75 | $185.00 | $138.75 |
| 7/3/02 | Input LTM, 3yr avg, and 5yr avg for EBIT, for comparable companies into market multiples analysis matrix | 33 | 1.50 | $185.00 | $277.50 |
| 7/3/02 | Input LTM, 3 yr avg, and 5 yr avg for EBITDA for Engelhard, Fuller and Lubrizol, into market multiples analysis matrix | 33 | 0.50 | $185.00 | $92.50 |
| 7/12/02 | Input size ratio's for last twelve months:assets, revenues, and EBITDA, for comparable companies and W.R. Grace in risk analysis rankings matrix | 33 | 0.75 | $185.00 | $138.75 |
| 7/12/02 | Input profit performance ratio's for last twelve months: gross profit margin, EBITDA margin, and EBIT margins, for comparable companies and W.R.Grace in risk analysis rankings matrix | 33 | 0.50 | $185.00 | $92.50 |
| 7/15/02 | Input value ratios for last twelve months: sales growth, EBITDA growth and EBIT growth for comparable companies and W.R.Grace in risk analysis rankings matrix | 33 | 0.25 | $185.00 | $46.25 |
| 7/15/02 | Input return on assets ratios for last twelve months: EBITDA/Total Tangible assets, and EBIT/Total tangible assets for comparable companies and W.R.Grace | 33 | 0.25 | $185.00 | $46.25 |
| 7/15/02 | Input leverage ratios for last twelve months: debt/equity, debt/total capital, and debt/EBITDA for comparable companies and W.R.Grace | 33 | 0.25 | $185.00 | $46.25 |
| 7/15/02 | Input activity ratios for last 12 months for days in payables, receivable, inventory turnover and total asset turnover for comparable companies and W.R.Grace | 33 | 0.50 | $185.00 | $92.50 |
| 7/15/02 | Input liquidity ratios for last 12 months for quick, current and working capital for comparable companies | 33 | 0.25 | $185.00 | $46.25 |

| Date | Description | | | | |
|---|---|---|---|---|---|
| | and W.R.Grace | | | | |
| 7/15/02 | Input 3 yr average size ratios for total assets, revenue, and EBITDA for comparable companies and W.R.Grace for risk analysis rankings matrix | 33 | 0.25 | $185.00 | $46.25 |
| 7/15/02 | Input 3 yr average profit performance ratios for gross profit, EBITDA, and EBIT margins for comparable companies and W.R.Grace, for risk analysis rankings matrix | 33 | 0.25 | $185.00 | $46.25 |
| 7/15/02 | Input 3 yr average return on assets ratios for EBITDA/total tangible assets and EBIT/total tangible assets for comparable companies and W.R.Grace | 33 | 0.25 | $185.00 | $46.25 |
| 7/15/02 | Input 3 yr average leverage ratios for debt/equity, debt/total capital, and debt/EBITDA for comparable companies and W.R.Grace | 33 | 0.50 | $185.00 | $92.50 |
| 7/15/02 | Input 3 year average for activity ratios for days in payables, receivables, inventory turnover and total asset turnover for comparable companies and W.R.Grace | 33 | 0.50 | $185.00 | $92.50 |
| 7/15/02 | Input 3 year average for liquidity ratios for quick, current and working capital | 33 | 0.50 | $185.00 | $92.50 |