## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF FTI POLICANO & MANZO
### FOR THE SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its

capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Sixth Interim

Quarterly Fee Application of FTI Policano & Manzo</u> (the "Application").

### BACKGROUND

1.      FTI Policano & Manzo ("FTIPM") was retained as financial adviser to the official

committee of unsecured creditors.  In the Application, FTIPM seeks approval of fees totaling

**$145,067.00** and costs totaling $1,781.28 for its services from July 1, 2002 through September 30,

2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time entries

included in the exhibits to the Application,  for compliance with 11 U.S.C. 330, Local Rule 2016-2

of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on FTIPM an initial report based on

our review and received a response from FTIPM, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We note that the time entries were generally adequately detailed and devoid of

lumping, with the occasional exception of lumped entries by Nancy Backer.  Paragraph II.D.5. of the

Guidelines provides that "[s]ervices should be noted in detail and not combined or "lumped"

together, with each service showing a separate time entry."  Thus in our initial report we asked

FTIPM to advise this timekeeper to avoid lumped time entries in the future.  FTIPM responded as

follows:

> It should be noted that, in general, some of the tasks performed by timekeeper
> Backer, a paraprofessional, can often take several hours and cannot always be split
> into minute pieces. It is our belief that timekeeping entries for these activities are not
> actual incidences of "lumping." . . . FTI P&M will endeavor to continue to comply
> with the guidelines with regard to "lumping" and will endeavor to have timekeeper
> Backer provide more specific time entries in the future.

We appreciate FTIPM's cooperation.

### Specific Time and Expense Entries

4.      We note that on two separate occasions, multiple professionals participated in

conference calls.  See Exhibit A.  The total time spent for preparation and participation in these

conference calls was 14.70 hours amounting to $5,640.50.  Paragraph II.D.5. of the Guidelines states,

"[i]f more than one professional from the applicant firm attends a hearing or conference, the

applicant should explain the need for multiple attendees." The Delaware Local Rules also addresses this issue in Rule 2016-2(d)(ix) where it states "[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role. Thus in our initial report we asked FTIPM to review Exhibit A and to explain each participant's role in the conference calls listed, as well as the necessity for multiple attendees. FTIPM's response is provided as Response Exhibit 1. We appreciate FTIPM's response and have no objection to these fees.

     5.     In our initial report, we noted that professional **Matt Hakoun** ($150) spent 1.50 hours for a total expense of $225.00 on tasks that appear to be noncompensable. These entries are provided below.

| 9-Jul | MH | Continued updating virtual database along with printing and distributing selected filings | 0.5 |
| 30-Jul | MH | Updated virtual database, printed and distributed selected docket filings. | 1.0 |

We asked FTIPM to review the entries above and explain why these tasks should be compensable.

FTIPM responded as follow:

> The work described as "updated virtual data base" is an on-going activity which involves acquiring web-access to the court docket system, reading entries and retrieving selected docket items. The selected case docket items are read and analyzed and the information disseminated to certain case team members to ensure their current and timely knowledge of case issues. Though the overall activity is on-going or "continuous," the work performed by timekeeper Hakoun and others is specific and directly attributable to this case. The database of reference items described is limited to the case at hand.
>
> In past fee audits, it was noted that this task, combined with analysis of the docket items to determine if any action needs to be taken on our part to fulfill our duties and responsibilities to our Committee, was being performed by highly-compensated professional staff. While it is our belief that this task had been appropriately assigned to professional staff, in response to the Fee Auditor's past comments, whenever possible, portions of the task have now been assigned to lower fee staff such as

timekeeper Hakoun.

We appreciate FTIPM's cooperation and have no objection to these fees.

## CONCLUSION

6.     Thus we recommend approval of fees totaling $**145,067.00** and costs totaling

$1,781.28 for FTIPM's services from July 1, 2002 through September 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

Warren H. Smith
Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 10th day of February 2003.

_____

Warren H. Smith

EXHIBIT A

•       Between August 6-8, 2002, Sean Cunningham ($440), Walter Gilligan ($375), and Libby Hamilton ($350) prepared for and participated in a conference call. The total time spent was **14.30** hours for **$5,482.50**.

| 6-Aug | SC | Prepared questions for conference call with Debtors. | 1.0 |
|---|---|---|---|
| 8-Aug | SC | Participated in conference call with Debtors' management regarding 2nd quarter financial results. | 1.5 |
| 6-Aug | WG | Analyzed 2nd quarter performance by reviewing monthly financial reports and business plan data and prepared list of questions for conference call. | 5.4 |
| 7-Aug | WG | Continued to analyze 2nd quarter performance and prepare list of questions for conference call. | 3.2 |
| 8-Aug | WG | Participated in 2nd quarter performance conference call with Debtors. | 1.5 |
| 6-Aug | LH | Prepared questions for conference call regarding 2nd quarter results of operations based on review of Debtors' report. | 1.2 |
| 8-Aug | LH | Participated in conference call with Debtors' management regarding 2nd quarter results of operations. | 0.5 |

•       On July 9, 2002, Sean Cunnimgham ($440) and Libby Hamilton ($350) participated in a conference call. The total time spent was 0.40 hours for **$158.00**.

| 9-Sept | SC | Discussed divestiture of business unit with counsel. | 0.2 |
|---|---|---|---|
| 9-Sept | LH | Discussed divestiture of business unit with counsel. | 0.2 |

## SERVICE LIST

Notice Parties

**The Applicant**

Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ 07663

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

RESPONSE EXHIBIT 1

i.  In general, given the complexity, scope and size of the business and the number of significant issues to be covered at meetings, hearings and/or conference calls, FTI P&M may assign more than one case team staff member to attend the meeting, hearing and/or conference call, each of whom has an understanding of the overall consolidated operations, of the divisional operations of the Company and of specific issues such as Company acquisitions, divestments and compensation and incentive plans, asbestos litigation and fraudulent conveyance issues.

ii.  Specifically, we would like to address attendance at the meetings cited by the Fee Auditor, as follows:

a.      Timekeeper Cunningham was in attendance at these meetings as the senior manager assigned to the case.  His experience and expertise derived from many bankruptcy cases as well as his specific case knowledge in this case as a senior manager dictated his attendance at the meeting.

b.      In the August 8th conference call, the Debtors presented and discussed the 2nd quarter results of operations.  Prior to the meeting, timekeeper Gilligan prepared various preliminary analyses of the operating results compared to plan. Timekeeper Gilligan had also prepared FTI reports to Committee on the results of operations for prior quarters.  For these reasons, the senior manager included timekeeper Gilligan in the meeting.

c.      Timekeeper Hamilton prepared and analyzed portions of the 2nd quarter data in order to prepare additional questions and background information for use in the August 8th conference call. Timekeeper Hamilton had also prepared a number of reports to Committee, especially with regard to asbestos issues, acquisitions and divestitures. In addition, senior manager Cunningham planned to have timekeeper Hamilton prepare FTI's report to Committee on the 2nd quarter results. For these reasons, the senior manager included timekeeper Hamilton in the meeting.

d.      Timekeeper Cunningham, acting in his capacity as senior manager on the case, attended the brief conference call with counsel regarding a specific issue concerning certain licenses that were associated with the business divestiture. Timekeeper Hamilton had investigated the financial impact of the transfer of certain divestiture-related technology licenses.

We respectfully submit the above explanation of the roles of the attendees at these meetings in order to satisfy the inquiry of the Fee Auditor