**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF KRAMER, LEVIN, NAFTALIS**
**& FRANKEL, L.L.P. FOR THE SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kramer, Levin, Naftalis & Frankel, L.L.P. for the Sixth Interim Period</u> (the "Application").

**BACKGROUND**

1. Kramer, Levin, Naftalis & Frankel, L.L.P. ("Kramer Levin") was retained as counsel to the official committee of equity holders. In the Application, Kramer Levin seeks approval of fees totaling $87,266.50 and costs totaling $10,070.69 for its services from July 1, 2002 through September 30, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Kramer Levin an initial report based on our review and received a response from Kramer Levin, portions of which response are quoted herein.

## DISCUSSION

### Specific Time Entries

3. In our initial report, we noted that on September 11, 2002, Philip Bentley ($475) and Gary M. Becker ($415) prepared for and participated in a conference call. The total time spent in preparation and participation was 3.50 hours for $1,578.50.

| | | | | |
|---|---|---|---|---|
| BENTLEY, PHILIP | 09/11/02 | Prepare for tomorrow's committee call. | 0.40 | 190.00 |
| BENTLEY, PHILIP | 09/12/02 | Committee conference call, prepare for same and discs. TW and Voicemail re same. | 1.70 | 807.50 |
| BECKER, GARY M. | 09/12/02 | Prepare for and participate in conf. call with Committee (1.4). | 1.40 | 581.00 |

Paragraph II.D.5. of the Guidelines states, "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Kramer Levin to explain why it was necessary for more than one professional to participate in this conference call. Kramer Levin responded as follows:

> The conference call was one of the quarterly status and strategy calls for the Equity Committee. During this time, there was significant activity in the case, particularly related to the imminent start of the Sealed Air fraudulent conveyance lawsuit and the Equity Committee's motion to intervene in it. As the partner in charge of this matter, Philip Bentley led the discussion and briefed the committee members in the progress of the case in general and the overall efforts to establish all the asbestos claims against the estate. Gary Becker briefed the committee on the Sealed Air trial and

legal issues related to fraudulent conveyance. Due to the wide-ranging nature of the issues discussed, it was necessary to have both attorneys participate.

We accept Kramer Levin's explanation and thus have no objection to these fees.

    4.    We noted that Kathleen Mangual ($175), Lauren Fontein ($175), and Steven Stein ($75) performed tasks which could be considered noncompensable overhead. The total time spent was 5.20 hours for $860.00.

| | | | |
|---|---|---|---|
| STEIN, STEVEN | 07/10/02 Dup. and dist. adv pro hearing transcript per K. Mangual (.5) | 0.50 | 37.50 |
| FONTEIN, LAUREN | 08/15/02 . . .file new correspondence (.1). | 0.30 | 52.50 |
| MANGUAL, KATHLEEN | 08/03/02 obtain and dup Judge Wolin's opinion on adv pro per P. Bentley (.30) | 0.30 | 52.50 |
| MANGUAL, KATHLEEN | 08/29/02 obtain invoices in word format from accounting and email same to W. Smith (.30) | 0.30 | 52.50 |
| MANGUAL, KATHLEEN | 09/17/02 preparation of files to have sent to records, organization of such (4.0) | 4.00 | 700.00 |

In defining overhead, Paragraph II. E. 7. of the Guidelines states, " . . . [o]verhead includes word processing, proofreading, secretarial . . ." We asked Kramer Levin to explain why these activities should be considered compensable. Kramer Levin responded as follows:

> Without waiving our right to contest those items in the future, we agree to reduce our fees by $90.00 for the time entries of Lauren Fontein and Steven Stein Kathleen Mangual's first entry is legal research that she had been asked to do by an attorney, the second entry is a task that is required by the fee auditor in order to complete the proper procedures for monthly billing. Because space is limited, whenever possible the paralegals are asked to send documents to our Records Department to make room for recent incoming pleadings and correspondence. Without waiving our right to contest those items in the future we agree to reduce our fees by $90.00.

We accept Kramer Levin's explanation, and thus we recommend a reduction of $90.00 in fees.

5.  In our initial report, we noted that on July 21, 2002, James C. McCarroll ($350) billed .40 hours for a total of $140.00 making travel arrangements. The time entry is provided below.

MCCARROLL, JAMES C.   07/21/02  Arrange for travel to DE tomorrow.             0.40    140.00

This appears to be a ministerial task unbefitting a $350-an-hour professional. The U.S. Trustee Guidelines Paragraph, I.E. states ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary t o the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked Kramer Levin to explain why another professional billing at a lower hourly rate was not asked to perform this task. Kramer Levin responded as follows:

> We agree to reduce our fee's by $140.00 for this item.

We appreciate Kramer Levin's response and recommend a reduction a $140.00 in fees.

6.  We noted that on July 2, 2002, Gary M. Becker ($400) appears to have a miscalculated time entry. The subparts (taking into account ½ of the travel time) add up to 3.70 hours not 3.80 hours for a monetary difference of $40.00. The time entry is provided below.

BECKER, GARY M.       07/02/02  Conf. with local counsel re               3.80    1,520.00
                                filing motion to intervene
                                (0.3); Conf. with Debtor's counsel
                                re Florence deposition  (0.1);
                                prepare for Florence deposition (1.1);
                                nonworking travel time to Washington
                                for Florence deposition - to be billed at

           50% normal rate (4.3).

We asked Kramer Levin to advise us as this apparent miscalculation. Kramer Levin responded as follows:

> When we recalculated the time charge to properly account for non-working travel time, we determined that it should have been $1460.00, rather than $1,520.00, reflecting a reduction of $60.00, rather than the $40.00 you requested.

We appreciate Kramer Levin's response and thus recommend a reduction of $60.00 in fees.

  7.  In our initial report, we noted that in the August monthly invoice Gary Becker ($400.00) billed 2.0 hours of non-working travel time at what appears to be his full hourly rate. The time entry is provided below.

BECKER, GARY M.  08/26/02  non-working travel time:  2.00  800.00
            bill at ½ normal rate (2.0).

According to Delaware Local Rules, Rule 2016-2(d)(viii) "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked Kramer Levin to explain why the 50% reduction was not applied for this travel. Kramer Levin responded as follows:

> Gary Becker's non-working travel time was inadvertently billed at 100% of his rate. We agree to a $400.00 reduction to account for this.

We accept Kramer Levin's explanation and recommend a reduction of $400.00 in fees.

  8.  We noted that the application requests reimbursement for office supplies which would normally be considered firm overhead. These items are provided below.

| 0816 | VELOBINDINGS | 09/13/02 | 09/13/02 | 45.00 |
|------|--------------|----------|----------|-------|
| 0817 | TABS         | 09/13/02 | 09/23/02 | 24.00 |
| 0817 | TABS         | 08/15/02 | 08/15/02 | 32.00 |
| 0816 | VELOBINDINGS | 07/17/02 | 07/17/02 | 7.50  |

0817    TABS              07/17/07    07/17/07    28.00

The Guidelines Paragraph, II. E 7.. "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes . . . rent, utilities, office equipment and furnishings, insurance, taxes, local telephone and monthly car phone charges, lighting, heating and cooling, and library and publications charges. We asked Kramer Levin to explain why an exception should be made for these expenses. Kramer Levin responded as follows:

> While we believe these charges are appropriate, we agree to reduce our charges by $135.50 to account for these items.

We accept Kramer Levin's explanation and thus recommend a reduction of $135.50 in expenses.

9.      We noted that in the July monthly invoice, Kramer Levin seeks reimbursement for cab fare in the amount of $198.00. This expense entry is provided below.

```
CAB FARES           0940
MARIANNE FERGUSON, CASHI  BENTLY, P   07/26/02 198.00 566076 80337 07/29/02
CAB FARES - VENDOR-MARIANNE FERGUSON, CASHIER
                                0940 CAB FARES Total:          198.00
```

With regard to expenses, the Guidelines, Paragraph II. E. 3. states "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ." Without additional information, we are unable to discern the reasonableness of this expense. We asked Kramer Levin to provide further details, including but not limited to, date, destination, passenger, and number of trips

included in above amount. Kramer Levin responded as follows:

> We agree to reduce our charges by $198.00 for this item, because we are unable to locate the backup materials within the time you have requested for our reply.

We appreciate Kramer Levin's response and thus recommend a reduction of $198.00 in expenses.

## CONCLUSION

10. Thus we recommend approval of fees totaling $86,576.50 ($87,266.50 minus $690.00) and costs totaling $9,737.19 ($10,070.69 minus $333.50) for Kramer Levin's services from July 1, 2002 through September 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 10th day of February 2003

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Philip Bentley, Esq.
Kramer, Levin, Naftalis & Frankel, L.L.P.
919 Third Avenue
New York, NY 10022

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801