**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING FEE APPLICATION**
**OF NELSON MULLINS RILEY & SCARBOROUGH, LLP**
**FOR THE SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Sixth Interim Fee Application of Nelson Mullins Riley & Scarborough, LLP (the "Application").

**BACKGROUND**

1. Nelson Mullins Riley & Scarborough, LLP ("Nelson Mullins"), was retained as special litigation and environmental counsel for the Debtors. In the Application, Nelson Mullins seeks approval of fees totaling $39,958.50 and costs totaling $615.50 for its services from July 1, 2002, through September 30, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Nelson Mullins an initial report on our review and received a response from Nelson Mullins, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.  In our initial report, we noted that the time entries were generally adequately detailed and devoid of lumping.

### Specific Time and Expense Entries

4.  We noted that on two occasions BFH ($240) and MET ($220) participated in the same conference calls. The aggregate time spent was 1.80 hours for a total of $412.00. The time entries are provided below.

On September 11, 2002, BFH ($240) and MET ($220) participated in the same conference call. The time spent was 1.0 hours for a total of $230.00.

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 09/11/02 | BFH | .90 | 216.00 | Discussion with Mr. Fishel, Mr. Emmett and Attorney Ternes to recommend strategy for responding to DHEC on Title V compliance certification issues, to provide insight on how agencies are likely to respond to legal position researched, including special legal research questions addressed by Attorney Ternes on NSPS requirements and malfunction, upset, startup and shutdown events, and to discuss interpretation of permit conditions based on historic involvement in negotiations with DHEC (0.5);... |
| 09/11/02 | MET | 1.90 | 418.00 | Conference call with Mr. Emmett, Mr. Fishel, Attorney Hawkins to answer specific NSPS, visible emission logging and observation requirements, and |

>permit provision ambiguity questions regarding research on Title V compliance certification (0.5);...

On September 13, 2002, BFH ($240) and MET ($220) participated in the same conference call. The time spent was .80 hours for a total of $182.00.

| | | | | |
|---|---|---|---|---|
| 09/13/02 | BFH | .30 | 72.00 | Follow-up concerning submission of Title V compliance certification with qualifications. |
| 09/13/02 | MET | .50 | 110.00 | Contact Mr. Fishel to discuss Title V compliance certification. |

The Guidelines, Paragraph II.D.5. states, "...[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." The fee detail does not provide the reasons for two professionals participating in the same calls, nor does it explain each professional's role. We asked Nelson Mullins to explain the necessity for both professionals participating in these conference calls. Nelson Mullins responded as follows:

> Attorney Hawkins has overall responsibility for providing Grace with legal advice regarding air pollution matters. Attorney Ternes attended the meeting in question in order to lend her expertise regarding some highly technical air pollution control issues.

We accept Nelson Mullins' response and have no objection to these fees.

5.  We noted that during the application period, timekeeper K. Brown ($125) spent 33.0 hours and $4,125.00 on tasks which appear to be related to bookkeeping, collection of fees and reconciling checks received. See Exhibit A. Paragraph II.E.7. of the Guidelines states that overhead, "...includes word processing, proofreading, secretarial and other clerical services". We asked Nelson Mullins to explain why these bookkeeping tasks should not be considered clerical and therefore noncompensable. Nelson Mullins responded as follows:

> Paragraph 5 requests an explanation for why cited tasks performed by Paralegal Brown should not be considered non-reimbursable overhead. The Guideline

> citation provided by the Auditor states specifically that overhead consists of "continuous administrative or general costs incident to the operation of the applicant's office" and are "not particularly attributable to an individual client or case". We submit that the cited tasks performed by Paralegal Brown fall in neither category. The cited tasks performed by Paralegal Brown are performed solely for this client and the Court, and are neither continuous nor "general costs incident to the operation of the applicant's office". The complex rules and recordkeeping as well as approval and billing issues concerning this client are unique and attributable solely to this client. Unlike many special counsel, NMRS performs duties on multiple projects for Grace which requires payments from multiple payment centers within Grace. Since payments are generally not keyed to the many invoices, there is a unique and extraordinary confusion in the payment tracking process, requiring specific knowledge and understanding of both the Grace payment process as well as the matters billed to them. As stated previously, as the number of matters we handle for Grace is reduced, we anticipate that time spent on such tasks will be reduced significantly in the near future, barring any further changes to the present billing procedures.

While we accept that these tasks are performed solely for this client, this response does not establish that the tasks set forth in Exhibit A are different in nature than the bookkeeping tasks that are required to keep track of receivables from any other client, and thus we recommend a reduction of $4,125.00 in fees.

6.      We further noted that timekeeper Brown ($125) had two entries that, while not purely of a bookkeeping nature, appear to be clerical and therefore noncompensable. The time spent was 1.50 hours for a total of $187.50. The time entries are provided below.

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 06/27/02 | Proof the 2nd and 3rd summary and verified fee applications for the periods September 2001 and December 2001. | | | |
| | K. BROWN | 1.00 | 125.00/hr | $125.00 |
| 08/23/02 | Burn CD containing September 2001 Quarterly Filing and December 2001 Quarterly Filing and federal express to Mr. Carickhoff, Jr. | | | |
| | K. BROWN | 0.50 | 125.00/hr | $62.50 |

Paragraph II.E.7. of the Guidelines states that nonreimbursable overhead, "...includes word processing, proofreading, secretarial and other clerical services". We asked Nelson Mullins to explain why these tasks should be considered compensable. Nelson Mullins responded as follows:

> We submit that the term proofing in this case is proofing to insure compliance with the Court's procedures, and that this is a valid role for Paralegal Brown to be billing for. However, regarding the second line item cited, we agree that the time taken to burn and send a CD, absent extraordinary circumstances, is reasonably attributable to overhead. The amount of $62.50 should be credited back to Grace.

We accept Nelson Mullins' explanation and thus recommend a reduction of $62.50 in fees.

## CONCLUSION

7.      Thus we recommend approval of fee totaling $35,771.00 ($39,958.50 minus $4,187.50) and costs totaling $615.50 for Nelson Mullins services from July 1, 2002, through September 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas  75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 11th day of February 2003.

                                                                          Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Newman Jackson Smith, Esq.
Nelson Mullins Riley & Scarborough, LLP
151 Meeting Street, Suite 600
Charleston, SC 29401

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

EXHIBIT A

| Date | Description | | | |
|---|---|---|---|---|
| 06/29/02 | Continue to compare actual payments received against outstanding invoices (1.5); edit outstanding invoices spreadsheet (1.5). | | | |
| | K. BROWN | 3.00 hrs. | 125.00/hr | $375.00 |
| 06/30/02 | Continue to reconcile the outstanding invoices with actual payments. | | | |
| | K. BROWN | 2.80 hrs. | 125.00/hr | $350.00 |
| 07/04/02 | Compare actual payments to the outstanding invoices spreadsheet and note payments for each invoice. | | | |
| | K. BROWN | 2.00 hrs. | 125.00/hr | $250.00 |
| 07/05/02 | Prepare correspondence containing detailed payment information for checks received for October and November 2001 and e-mail same to A/R Specialist, Attorney Cleary and Administrative Assistant Johnson. | | | |
| | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |
| 07/09/02 | Review and modify outstanding invoices database. | | | |
| | K. BROWN | 5.00 hrs. | 125.00/hr | $625.00 |
| 07/11/02 | ...prepare correspondence requesting status of January 2002 payment and e-mail to Mrs. Eller, Gettier, Duff and Mr. Port, Attorney Cleary and Administrative Assistant Johnson (0.5);...prepare correspondence containing prior filings fee detail (electronic invoices) for July 2001, August 2001, September 2001, October 2001, November 2001, December 2001 and January 2001 and e-mail to Messrs. Smith and Steirer and Attorney Cleary (1.0). | | | |
| | K. BROWN | 8.30 hrs. | 125.00/hr | $1,037.50 |
| 07/12/02 | ...prepare correspondence to Accounting Specialist regarding February and March 2002 invoices (0.3); review and organize documents and invoices (0.9). | | | |
| | K. BROWN | 3.00 | 125.00/hr | $375.00 |
| 07/15/02 | ...meet with Attorney Cleary to discuss collection efforts and status (0.4). | | | |
| | K. BROWN | 1.00 | 125.00/hr | $125.00 |
| 07/15/02 | ...meet with Attorney Cleary to discuss the discrepancy in January 2002 requested payment (0.3);...prepare correspondence regarding January 2002 approved payments and e-mail to Ms. Duff, Mr. Emmett, Mr. Port, Ms. Getter, Attorney Cleary and Administrative Assistant Johnson (0.3); ... prepare | | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | correspondence containing February, March, April, and May 2002 invoices and e-mail to Mr. Smith, Mr. Sterier and Attorney Cleary (0.5);... | | | |
|  | K. BROWN | 3.20 hrs. | 125.00/hr | $400.00 |
| 07/16/02 | Meet with A/R Specialist to discuss how to disburse check payments for October and November 2001 (0.3); e-mail October 2001 and November 2001 outstanding invoice payments sheet (0.2). | | | |
|  | K. BROWN | 0.50 hrs. | 125.00/hr | $62.50 |
| 07/17/02 | Prepare correspondence to A/R specialist requesting a copy the check received July 8, 2002. | | | |
|  | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |
| 07/17/02 | Edit Grace Billing Report and outstanding invoices database to reflect recent payment. | | | |
|  | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |
| 07/22/02 | Prepare correspondence regarding June invoices and e-mail same to Attorney Cleary. | | | |
|  | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |
| 07/22/02 | ...revised outstanding invoices database (0.3); meet with Attorney Cleary to discuss the recent filings and recent payments (0.4). | | | |
|  | K. BROWN | 1.00 hrs. | 125.00/hr | $125.00 |
| 07/26/02 | Edit outstanding invoices database. | | | |
|  | K. BROWN | 1.10 hrs. | 125.00/hr | $137.50 |
| 07/28/02 | Prepare correspondence to Ms. Duff and Mr. Emmett regarding June 2002 invoices and e-mail to Attorney Cleary for his review. | | | |
|  | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |
| 07/28/02 | Modify outstanding invoices database by including June 2002 invoices. | | | |
|  | K. BROWN | 1.00 hrs. | 125.00/hr | $125.00 |
| 08/05/02 | ...review invoices and prepare June 2002 Monthly Fee Application documents (1.4). | | | |
|  | K. BROWN | 4.00 hrs. | 125.00/hr | $500.00 |
| 08/07/02 | Prepare correspondence regarding posting of payments and e-mail to A/R Specialists. | | | |
|  | K. BROWN | 0.30 hrs. | 125.00/hr | $37.50 |

| | | | | |
|---|---|---|---|---|
| 08/07/02 | Review Mr. Port's detailed payment spreadsheet and edit the outstanding invoices database. | | | |
| | K. BROWN | 1.30 hrs. | 125.00/hr | $162.50 |
| 08/20/02 | Review correspondence regarding July 2002 invoices (0.3); draft correspondence regarding July 2002 invoices (0.3); organize and file invoices (0.4). | | | |
| | K. BROWN | 1.00 hrs. | 125.00/hr | $125.00 |
| 09/03/02 | ...edit outstanding invoices database (0.5); review billing report (0.3). | | | |
| | K. BROWN | 1.10 hrs. | 125.00/hr | $137.50 |
| 09/04/02 | Meet with Attorney Cleary to discuss the status of the outstanding payments (0.5); telephone conference with Administrative Assistant Johnson regarding CMS Cash Receipt Alert (0.3). | | | |
| | K. BROWN | 0.80 hrs. | 125.00/hr | $100.00 |
| 09/08/02 | Review and edit outstanding invoices database against recent payment received for $49,212.90 from Remedium. | | | |
| | K. BROWN | 1.00 hrs. | 125.00/hr | $125.00 |
| 09/09/02 | Modify outstanding invoices database to recent payment received for $49,212.90. | | | |
| | K. BROWN | 2.00 hrs. | 125.00/hr | $250.00 |
| 09/09/02 | Prepare correspondence to Accounting Specialist regarding what invoices to apply the recent payment attaching a detailed worksheet and e-mail same to Accounting Specialist. | | | |
| | K. BROWN | 0.40 hrs. | 125.00/hr | $50.00 |
| 09/10/02 | Prepare correspondence inquiring on the status of payments for May 2002, June 2002 fee applications and January 1, 2002 through March 31, 2002 quarterly fee application and e-mail same to Mr. Port, Ms. Duff and Attorney Cleary. | | | |
| | K. BROWN | 0.50 hrs. | 125.00/hr | $62.50 |
| 09/23/02 | Meet with Attorney Cleary to discuss August 2002 invoices (0.3); review correspondence containing electronic invoices (0.2); prepare final electronic August 2002 invoices (0.5). | | | |
| | K. BROWN | 1.00 hrs. | 125.00/hr | $125.00 |
| 09/24/02 | Prepare and review draft transmittal letters to Ms. Duff and Mr. Emmett regarding August 2002 billing. | | | |
| | K. BROWN | 0.40 hrs. | 125.00/hr | $50.00 |

| 09/24/02 | Compile final packet together, executed transmittal and invoices for distribution. | | | |
|---|---|---|---|---|
| | K. BROWN | 0.30 hrs. | 125.00/hr | 37.50 |