UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP
FOR THE SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of PricewaterhouseCoopers LLP for the Sixth Interim Period[1] (the "Application").

BACKGROUND

1.      PricewaterhouseCoopers LLP ("PwC") was retained as independent accountants and auditors for the Debtors and Debtors in Possession. In the Application, PwC seeks approval of fees totaling $500,528.33 and costs totaling $11,962.48 for its services from January 10, 2002, through September 30, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

---

[1] PricewaterhouseCoopers' application is entitled First, Second, and Third Quarterly Fee Applications of Pricewaterhouse Coopers LLP, Auditors and Tax Consultants for Debtors, but it covers the sixth interim period.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR PwC 6int 7-9.02.wpd

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on PwC an initial report based on our review and received a response from PwC, portions of which response are quoted herein.

### DISCUSSION

### General Issues

3. In our initial report, we noted that the Application contains no fee detail for accounting/auditing services. On November 15, 2002, PwC filed a motion with the Court for limited waiver of the requirements of Local Rule 2016-2(d).  In the motion PwC argues that "...Because of the unique circumstances surrounding PwC's retention in this case, requiring PwC to support the Fee Applications with time records providing the level of specificity required by the Local Rules would create undue burden." The motion was granted by order dated January 27, 2003, a copy of which is attached hereto as Exhibit A.

4. We noted that in the Application there are numerous expense detail issues as well. None of the travel expenses incurred were itemized by date or description of expense.  Entries for airfare, lodging and transportation did not provide such information as destination, purpose, duration of stay, room rate and other details necessary to fairly assess if the expenses were reasonable and economical.  The Guidelines, Paragraph II. E. states, "[f]actors relevant to a determination that the expense is proper include the following: . .3. Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), . . . ."  As the motion for limited waiver appears to apply only to the fee portion

of the Application, we asked PwC to review all travel expenses therein and provide the necessary supporting documentation for those costs for which it sought to be reimbursed. PwC responded by submitting a detailed expense report, which is attached hereto as Response Exhibit 1. From PwC's response, we have noted below two expense entries for which we recommend reductions.

Specific Time and Expense Entries

5. We noted an entry for a working dinner billed at $64.55. The entry is provided below.

01/22/02    Audit Partner   64.55   Working dinner - during audit meeting trip

The Guidelines Paragraph I.E. states "...[i]n evaluating fees for professional services, it is relevant to consider...[w]hether the expense is reasonable and economical." The entry would appear to indicate that the meal was for only one person. We believe $35.00 per person to be a reasonable standard for dinner and thus recommend a reduction of $29.55 in expenses.

6. We further noted an expense for publications that appears to be nonreimbursable overhead. The entry is provided below.

5/10/2002    Audit Manager    154.15 Accounting Trends and Techniques Publications

The Guidelines Paragraph, II. E 7.. "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes . . . rent, utilities, office equipment and furnishings, insurance, taxes, local telephone and monthly car phone charges, lighting, heating and cooling, and library and publications charges." Thus, we recommend a reduction of $154.15 in expenses.

## CONCLUSION

7.  Thus, we have no recommendation regarding approval of fees totaling $500,528.33, since those fees could not be reviewed. We recommend approval of costs totaling $11,778.78 ($11,962.48 minus $183.70) for PwC's services from January 10, 2002 through September 30, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

900 Jackson Street
120 Founders Square
Dallas, Texas 75202
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 11th day of February 2003.

_____
Warren H. Smith

# SERVICE LIST

Notice Parties

**Counsel for the Applicant**

John C. Goodchild, III
Christine M. Lipski
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Kathleen M. Miller
Smith, Katzenstein & Furlow, LLP
The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of**

**Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801