UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & COMPANY, *et al.*,<br><br><br>Debtors | Chapter 11<br><br>Case No. 01-1139 (JKF)<br><br><br>Jointly Administered |

*OBJECTION DEADLINE: FEBRUARY 14, 2003*
*RELATED TO DOCKET ITEM 3316*

**LIMITED OBJECTION OF KENT HOLDING, LLC**
**TO DEBTORS' UNEXPIRED LEASE REJECTION NOTICE**

Kent Holding, LLC ("Kent"), by its counsel, hereby objects to the *Unexpired Lease Rejection Notice* (Docket Item 3316) (the "Notice") filed by the debtors, W. R. Grace & Company (the "Debtors"). Kent requests that the Court enter an order authorizing rejection of the lease in question only after the Debtors have properly surrendered the premises to Kent. In support hereof, Kent respectfully represents as follows:

**BACKGROUND**

1.  Kent, as landlord, and W. R. Grace & Company ("Grace"), as tenant, are parties to a non-residential real property lease dated March 20, 1979 (the "Lease") for premises located at, and commonly known as, 1424 Marks Church Road, Augusta, Georgia (the "Premises").

2.  Debtors commenced these cases on April 2, 2001 (the "Petition Date").

3. Debtors filed the Notice on February 4, 2003. Debtors request that the rejection of the Lease be effective as of the date of filing the Notice -- February 4, 2003.

4. However, prior to the filing of the Notice, Debtors had not provided any written or unequivocal notice whatsoever to Kent of their intent to definitely reject the Lease as of a specific date. Rather, the only indication that Kent had received prior to February 4th was Debtors' oral statement that it may at some point in the bankruptcy seek to reject. Further, the Notice itself does not contain a statement that the Debtors' decision to reject is unequivocal.

5. Moreover, as of the date of this limited objection, the Debtors have not surrendered possession of the Premises to Kent. Debtors' subtenant has made keys available to Kent for limited access purposes but Kent has not been made to understand by anyone that it has full possession of the Premises. Kent also is unaware whether Debtors have terminated the sub-lease in existence with respect to the Premises. In such regard Kent demands that it be provided with a copy of whatever agreement exists, if any, providing for termination of the sublease. Further, Kent is unaware whether all of the Debtors' (and/or their sub-tenant's) property has been removed from the Premises as required by the Court's April 2, 2001 order approving lease rejection procedures.

6. In addition, Debtors are in default of their obligation to pay post-petition real estate taxes for the calendar year 2002 with respect to the Premises, as required by the Lease, in the amount of $18,559.50 (which amount includes penalties and interest). After February 28, 2003, additional penalties and interest will accrue on the 2002 tax due. Real estate taxes from

January 1, 2003 at the per diem rate of $46.03 also have accrued and will continue to accrue through the effective date of rejection of the Lease as well.[1]

**OBJECTION; RELIEF REQUESTED**

7. Debtors may reject leases under Section 365(a) of the Bankruptcy Code. Ordinarily, a rejection is effective as of the date the Court enters an order authorizing the debtor's request to reject. However, sometimes the effective date of a rejection can precede the Court's approval thereof if certain conditions are met. They are:

>   (a)   that Debtors surrender the premises (including the keys) to the landlord;
>
>   (b)   that Debtors' unequivocally state their intention to reject;
>
>   (c)   that a statement is included with the rejection notice that the Committee agrees to the rejection; and
>
>   (d)   that Debtors state they have no right to withdraw the rejection.

*In re Namco Cybertainment, Inc*., Case No. 98-173 (Judge Walsh Bench Order; April 15, 1998) (*See* Exhibit A attached hereto). *Accord In re Worths Stores Corp*., 130 B. R. 531 (Bankr. E. D. Mo. 1991).

8. Debtors have failed to comply with the requirements set forth above. Most importantly, the Premises have not been properly surrendered to Kent. Accordingly, rejection of the Lease cannot be as of February 4, 2003. Rather, rejection can only occur, at the earliest,

---

[1] Debtors should, assuming a closing on their agreement to terminate the sub-lease, should have sufficient funds to pay all post-petition amounts due to Kent as, on information and belief, Debtors will receive $200,000 from the sub-tenant in connection with the termination of the sublease.

SL1 329377v1/00000.000

when Debtors have satisfied the *Namco Cybertainment* requirements, including a complete and proper surrender of the Premises, or the date on which the Court should authorize a rejection.

9. Kent submits that a full surrender cannot occur until Kent has complete and unfettered possession of the Premises, including without limitation, a return of all keys to the Premises and removal of all property therefrom.

10. This limited objection is without prejudice to all of Kent's rights to assert claims for pre-and post-petition rent, real estate taxes, insurance and any and all other amounts due in connection with the Lease and the Premises and is not a waiver of any rights Kent may have in connection with the condition of the Premises and any property located thereat. Kent fully reserves all its rights with respect to, and to assert any and all claims it may have in connection with, the foregoing.

WHEREFORE, Kent requests that the Court deny the Debtors' request for the Lease to be rejected as of February 4, 2003, and instead requests that the Lease be deemed rejected only as of such time that Debtors have fully and appropriately surrendered the Premises to Kent. Kent further requests such other relief as the Court deems just and proper.

Dated: February 14, 2003        STEVENS & LEE, P.C.

                                                       */s John D. Demmy*
John D. Demmy (No. 2802)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-5180
Facsimile: (302) 654-5181
Email: jdd@stevenslee.com

*Attorneys for Kent Holding, LLC*