# EXHIBIT A

SL1 118656v1/99999.852

```
                                                              1

             IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                          )
                                )
KAMCO ENTERTAINMENT, INC.,      )   Case No. 98-173 (PJW)
                                )
              Debtor,           )
                                )



                          United States Bankruptcy Court
                          Courtroom No. 2
                          Sixth Floor
                          824 North Market Street
                          Wilmington, Delaware  19801

                          Wednesday, April 15, 1998
                          4:00 p.m.


BEFORE:  HONORABLE PETER J. WALSH
         United States Bankruptcy Judge



                   TRANSCRIPT OF PROCEEDINGS



                       WILCOX & FETZER
         1330 King Street - Wilmington, Delaware  19801
                       (302) 655-0477
```

```
                                                    14
 1   ay for every one of them.
 2              As soon as we got the last set of
 3   eys turned in, we put together a motion. We filed it.
 4   hat's all. That's the reason we waited a few weeks.
 5              But it was the date that we turned
 6   ver the keys, not the date we filed the motion. The
 7   andlords knew as a practical matter in this case that
 8   e weren't going to do anything with this--we weren't
 9   oing to be able to market these leases and that we
10   are rejecting them.
11              THE COURT: Does the committee have a
12   osition on this?
13              MR. GALARDI: No, Your Honor, we have
14   o position.
15              THE COURT: Okay. Well, it does seem
16   o me that where it is patently clear that the lease is
17   oing to be rejected that as a matter, some equity
18   elief ought to be granted.
19              And I think the role that I am
20   nclined to adopt--and I'm not going to apply it in
21   his case because for the reasons I mentioned--I
22   elieve that if the premises are surrendered with an
23   nequivocal statement to the landlord that the debtor
24   s abandoning and thereafter the debtor files a motion
```

WILCOX & FETZER LTD.
Registered Professional Reporters

```
                                                              35
 1   to reject, then I believe that it would be equitable to
 2   allow the rejection date to be effective on the date
 3   that that motion is served, provided that the motion
 4   contains a representation that the committee agrees
 5   with the motion; because if that representation were in
 6   the motion, then I can't conceive of the circumstances
 7   under which the motion would be denied.
 8                 And if a landlord wants--I'm sorry.
 9   If the debtor wants a rejection date prior to the
10   hearing date, then to the extent it seeks that date,
11   then a part of my rule would be that the debtor cannot
12   change its mind.
13                 So, if you want a rejection date
14   prior to the hearing, it seems to me that it could be
15   done in the circumstances where (a) prior to the filing
16   of the motion, the keys were surrendered, the premises
17   surrendered with an unequivocal statement to the
18   landlord of abandonment; (b) the motion is served and
19   filed on the landlord; (c) the motion states that the
20   committee agrees with the motion; and (d) that the
21   debtor acknowledges that it will not have the right to
22   withdraw that motion prior to the hearing. Given those
23   situation--given those factors, I would permit the
24   rejection effective as of service of the motion.
```

WILCOX & FETZER LTD.
Registered Professional Reporters

                                                                    36

1    You don't have those facts in this
2    case. So, I wouldn't apply the rule in this case.
3            However, it does seem to me that
4    there was an objection deadline of April 6th, 1998.
5    Nobody objected to the rejection. And it certainly
6    seems to me that a rejection date of April 6 would be
7    appropriate under these circumstances. So, I'll sign
8    an order authorizing the rejection as of April 6.
9            MR. VOORHEES: Your Honor, we will
10   modify our order and submit it to Your Honor.
11           Your Honor, the final matter before
12   the Court today is a preliminary matter with respect to
13   our motion to sell the Magic Edge facility that Namco
14   owns out in California. We're not asking Your Honor to
15   approve the sale today. What we're asking is that we
16   allow the prospective purchaser to go in and operate
17   the premises to preserve its going-concern value.
18           We close--this is a center that's a
19   little different than the other operations Namco has.
20   It's a flight simulator combination restaurant, flight
21   simulator facility, that just hasn't done particularly
22   well.
23           Namco tried to market it for some
24   time, both before the case was filed and since. In the