IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Due By: March 5, 2003 at 4:00 p.m.** |
| | ) | **Hearing Date: June 17, 2003 at 12:00 noon** |

### SEVENTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002

Name of Applicant:   Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W").

Authorized to Provide Professional Services to:  The above-captioned debtors and debtors-in-possession.

Date of Retention:  May 3, 2001

Period for which Compensation and Reimbursement is Sought:  October 1, 2002 through December 31, 2002.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation Sought as Actual, Reasonable and Necessary: $61,726.00.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $69,686.84.

This is a: ____ monthly __X__ quarterly __X__ interim ____ final application.

Prior Applications filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 4/2/01-4/30/01 | $62,472.75 | $23,277.13 | $62,472.75 | $23,277.13 |
| 08/09/01 | 5/1/01-5/31/01 | $29,929.00 | $15,670.64 | $29,929.00 | $15,670.64 |
| 09/07/01 | 6/1/01-6/30/01 | $30,195.50 | $37,763.45 | $30,195.50 | $37,763.45 |
| 09/11/01 | 7/1/01-7/31/01 | $17,040.50 | $20,323.76 | $17,040.50 | $20,323.76 |
| 10/31/01 | 8/1/01-8/31/01 | $ 9,407.50 | $20,486.61 | $ 9,407.50 | $20,486.61 |
| 11/13/01 | 9/1/01-9/30/01 | $13,158.00 | $10,035.46 | $13,158.00 | $10,035.46 |
| 11/27/01 | 10/1/01-10/31/01 | $13,420.75 | $ 8,922.92 | $13,420.75 | $ 8,922.92 |
| 1/22/02 | 11/1/01-11/30/01 | $39,991.50 | $22,398.11 | $39,991.50 | $22,398.11 |
| 01/30/02 | 12/01/01 – 12/31/01 | $35,017.00 | $13,575.07 | $35,017.00 | $13,575.07 |
| 04/02/02 | 01/01/02 – 01/31/02 | $48,356.50 | $38,671.08 | $48,356.50 | $38,671.08 |
| 05/31/02 | 02/01/02 – 02/28/02 | $46,611.50 | $25,627.01 | $46,611.50 | $25,627.01 |
| 06/06/02 | 03/01/02 – 03/31/02 | $45,055.00 | $29,280.21 | $45,055.00 | $29,280.21 |
| 06/28/02 | 04/01/02 – 04/30/02 | $49,562.00 | $25,475.46 | $49,562.00 | $25,475.46 |
| 07/12/02 | 05/01/02 – 05/31/02 | $42,495.50 | $21,543.54. | $42,495.50 | $21,543.54 |
| 08/13/02 | 06/01/02 – 06/30/02 | $32,819.00 | $29,869.61 | $32,819.00 | $29,869.61 |
| 10/01/02 | 07/01/02 – 07/31/02 | $22,630.00 | $17,187.01 | $22,630.00 | $17,187.01 |
| 10/30/02 | 08/01/02 – 08/31/02 | $34,536.00 | $45,540.43 | $34,536.00 | $45,540.43 |
| 11/14/02 | 09/01/02 – 09/30/02 | $32,858.50 | $33,313.79 | $32,858.50 | $33,313.79 |

| 12/30/02 | 10/01/02-10/31/02 | $19,370.50 | $24,488.86 | $19,370.50 | $24,488.86 |
|---|---|---|---|---|---|
| 01/21/02 | 11/01/02-11/30/02 | $25,948.50 | $31,181.03 | $61,726.00 | $69,686.84 |

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $550.00 | 4.20 | $ 2,310.00 |
| Ira D. Kharasch | Shareholder 1987; Member of CA Bar, 1982 | $495.00<br>$480.00 | .20<br>.50 | $    99.00<br>$   240.00 |
| Scotta E. McFarland | Of Counsel 2000; Member of DE Bar since 2001; Member of CA Bar since 1993 | $395.00 | 30.50 | $12,047.50 |
| Hamid R. Rafatjoo | Associate 2000; Member of CA Bar since 1995 | $330.00 | .10 | $    33.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $375.00<br>$325.00 | 11.20 | $ 4,200.00 |
| David W. Carickhoff | Associate 2000; Member of DE Bar since 1998 | $280.00 | 5.40 | $ 1,512.00 |
| Kathleen M. DePhillips PA Bar No. 85004 | Associate 2000; PA Bar, 2000; NJ Bar, 2000 | $225.00 | 2.80 | $   630.00 |
| Paula A. Galbraith | Associate 2002; Member of Illinois Bar since 2000; Member of DE Bar 2002 | $215.00 | 52.80 | $11,352.00 |
| Laurie A. Gilbert | Paralegal since 1983 | $125.00 | 4.40 | $   550.00 |
| Patricia E. Cuniff | Paralegal since 1998 | $120.00 | 183.90 | $22,068.00 |
| Amy L. Espinosa | Paralegal since 1998 | $120.00 | 9.80 | $ 1,176.00 |
| Cheryl A. Knotts | Paralegal since 2000 | $120.00 | 3.20 | $   384.00 |
| Timothy M. O'Brien | Paralegal since 1997 | $110.00 | .10 | $    11.00 |
| Helen D. Martin | Case Management Assistant 2000 | $ 60.00 | 9.40 | $   564.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 55.00 | 2.50 | $   137.50 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 55.00 | 20.00 | $ 1,100.00 |
| Christina M. Shaeffer | Case Management Assistant 2001 | $ 40.00 | 28.70 | $ 1,148.00 |

---

[2] Some professional time that was spent during the Interim Period may be reflected in future Applications of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors.

| Jason M. Griffith | Case Management Assistant 2001 | $ 40.00 | 2.30 | $ 92.00 |
|---|---|---|---|---|
| Andrew H. Seiler | Case Management Assistant 2001 | $ 40.00 | 3.10 | $ 124.00 |
| Arthur W. Cross | Case Management Assistant 2002 | $ 40.00 | 5.70 | $ 228.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 40.00 | 43.0 | $ 1,720.00 |

Total Fees:    $61,726.00
Total Hours       423.80
Blended Rate:  $    145.64

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours (7/01/01 through 9/30/01) | Total Fees Requested (7/01/01 through 9/30/01) |
|---|---:|---:|
| Analyze Debtor's Documents | .80 | $ 180.00 |
| Asset Analysis and Recovery | .90 | $ 164.00 |
| Asset Disposition | 6.20 | $ 1,149.50 |
| Case Administration | 159.60 | $12,856.50 |
| Claims Analysis Objection & Resolution (Asbestos) | 2.10 | $ 412.50 |
| Claims Analysis Objection & Resolution (Non-Asbestos) | 10.60 | $ 2,209.50 |
| Compensation of Professionals | .40 | $ 50.00 |
| Employee Benefits/Pension | 2.70 | $ 426.50 |
| Employment Application, Others | 3.00 | $ 417.00 |
| Executory Contracts | .10 | $ 39.50 |
| Fee Applications, Applicant | 44.10 | $13,635.50 |
| Fee Applications, Others | 94.00 | $15,559.50 |
| Hearings | 83.90 | $11,279.00 |
| Litigation (Non-Bankruptcy) | 9.50 | $ 2,143.00 |
| WRG Other | .20 | $ 43.00 |
| Operations | 3.10 | $ 399.50 |
| Stay Litigation | .40 | $ 140.00 |
| Tax Issues | .50 | $ 115.00 |
| ZAI Science Trial | 1.50 | $ 427.50 |
| ZAI Science Trial – Exp. | .20 | $ 79.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) (10/01/01 through 12/31/01) | Total Expenses (10/01/01 through 12/31/01) |
|---|---|---:|
| Delivery/Courier Service | Parcels, Inc./TriState | $ 8,951.12 |
| Express Mail | DHL/Federal Express | $ 3,483.12 |
| Facsimile ($1.00/page) | | $ 3,134.00 |
| Legal Research | Pacer/Westlaw | $ 1,336.30 |
| In House Attorney Service | | $ 300.00 |
| Overtime | | $ 1,197.05 |
| Postage | U.S. Mail | $ 4,851.25 |
| Reproduction ($.15 per page) | | $46,322.15 |
| Working Meals | Cavanaughs/Grotto's | $ 111.85 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[2] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Due By: March 5, 2003 at 4:00 p.m.** |
| | ) | **Hearing Date: June 17, 2003 at noon** |

### SEVENTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

---

[2] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grac e International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W") hereby files this Seventh Quarterly Interim Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation and for Reimbursement of Expenses for October 1, 2002 through December 31, 2002 (the "Seventh Quarterly Fee Application"). By this Seventh Quarterly Fee Application PSZYJ&W seeks the interim allowance of compensation in the amount of $61,726.00 and reimbursement of actual and necessary expenses in the amount of $69,686.84 for a total of $131,412.84, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2002 through December 31, 2002 (the "Interim Period"). In support of this Seventh Quarterly Fee Application, PSZYJ&W respectfully represents as follows:

### Background

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injurcy Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4. By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZYJ&W (specifically, the predecessor of PSZYJ&W) as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZYJ&W at PSZYJ&W's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and

final fee applications of the professional. The professional is also to file a quarterly interim fee application.

## Monthly Fee Applications Covered Herein

6.  Prior to the filing of this Seventh Quarterly Fee Application, the October through December 2002 monthly fee applications of PSZYJ&W had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. PSZYJ&W has also filed the First, Second, Third, Fourth, Fifth and Sixth Quarterly Interim Applications of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation and for Reimbursement of Expenses for April 2, 2001 through June 30, 2001, July 1, 2001 through September 30, 2001, October 1, 2001 through December 31, 2001, January 1, 2002 through March 31, 2002, April 1, 2002 through June 30, 2002, and July 1, 2002 through September 30, 2002, respectively. The October, November, and December 2002 monthly applications are the subject of this Seventh Quarterly Fee Application.

7.  On or about December 30, 2002, PSZYJ&W filed the Nineteenth Monthly Application of Pachulski, Stang, Ziehl, Young, & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From October 1, 2002 through October 31, 2002 (the "Nineteenth Application," Docket No.3205), requesting $19,370.50 in fees and $24,488.86 in expenses. The Nineteenth Application is attached hereto as Exhibit A. No objections were received with respect to the Nineteenth Application, and a certificate of no objection was filed on January 30, 2003 (Docket No.3205).

8.      On or about January 21, 2003, PSZYJ&W filed its Twentieth Monthly Application of Pachulski, Stang, Ziehl, Young, & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From November 1, 2002 through November 30, 2002 (the "Twentieth Application," Docket No. 3263), requesting $25,948.50 in fees and $31,181.03 in expenses. The Twentieth Application is attached hereto as Exhibit B.

9.      On or about January 30, 2003, PSZYJ&W filed its Twenty-First Monthly Application of Pachulski, Stang, Ziehl, Young & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From December 1, 2002 through December 31, 2002 (the "Twenty-First Application," Docket No. 3297) requesting $16,407.00 in fees and $14,016.95 in expenses. The Twenty-First Application is attached hereto as Exhibit C.

10.     The monthly fee applications covered by this Seventh Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZYJ&W during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

### Requested Relief

11.     By this Seventh Quarterly Fee Application, PSZYJ&W requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZYJ&W from October 1, 2002

through December 31, 2002.[3] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as <u>Exhibits A</u>, <u>B</u>, and <u>C</u>.

12. At all relevant times, PSZYJ&W has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13. All services for which compensation is requested by PSZYJ&W were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14. During the Interim Period, PSZYJ&W has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZYJ&W and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15. The professional services and related expenses for which PSZYJ&W requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZYJ&W's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZYJ&W's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

---

[3] PSZYJ&W reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

WHEREFORE, PSZYJ&W respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of October 1, 2002 through December 31, 2002, an allowance be made to PSZYJ&W in the sum of $61,726.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $69,686.84 for reimbursement of actual and necessary costs and expenses incurred, for a total of $131,412.84, that Debtors be authorized and directed to pay to PSZYJ&W the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: February 17, 2003

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession