IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Re: Docket No. 3198 & 1305, 1/27/03 Agenda Item No. 1

### ORDER APPROVING SPECIAL FEE APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH LLP FOR SERVICES RENDERED TO DEBTOR, GLOUCESTER NEW COMMUNITIES, INC., PURSUANT TO PREVIOUSLY APPROVED CONTINGENCY FEE AGREEMENT

Upon the Special Fee Application of Pitney, Hardin, Kipp & Szuch LLP for

Services Rendered to Debtor, Gloucester New Communities, Inc., Pursuant to Previously

Approved Contingency Fee Agreement (the "Application")[2] for the period of April 2, 2001

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this order shall have the meaning ascribed to them in the Interim Compensation Order.

through December 3, 2001, (the "Compensation Periods") pursuant to sections 327, 328 330 and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the

Rentention Order and the Amended Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members (the "Interim Compensation Order"); and it appearing that the

Court has jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and these

Applications is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Application having been given; and it appearing that the relief requested in

the Applications is in the best interests of the Debtors and their estates and creditors; and after

due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Application is granted; and it is further

ORDERED that Pitney, Hardin is allowed $240,000.00 as compensation for

services rendered from April 2, 2001 through December 3, 2001; and it is further

ORDERED that the Debtors are authorized and directed to make payment to

Pitney, Hardin 100% of any and all fee that have not yet been paid pursuant to the Interim

Compensation Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Wilmington, Delaware

Dated: ~~February~~ 3/3, 2003

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

**MOVANT SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES IN INTEREST AND FILE PROOF OF SERVICE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TEN (10) DAYS HEREOF.**