IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------)
In re                                              )    Chapter 11
                                                   )
W. R. GRACE & CO., et al., [1]                     )    Case No. 01-01139 (JKF)
                                                   )    (Jointly Administered)
                                                   )
                Debtors.                           )    Hearing Date: Only if Timely Objections Are Made
                                                   )    Objection Deadline: March 24, 2003 at 4:00 p.m.
---------------------------------------------------)

**SUPPLEMENTAL APPLICATION FOR ORDER PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF W. D. HILTON, JR. AS A CONSULTANT TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS**

TO:     THE HONORABLE JUDITH K. FITZGERALD,
        UNITED STATES DISTRICT COURT JUDGE:

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through undersigned counsel, hereby files this supplemental application (the "Application") seeking entry of an order pursuant to sections 1103 (a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), amending the order (Docket No. 1736) authorizing the retention and employment of W. D. Hilton, Jr. ("Mr. Hilton") as a consultant to

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Squarc Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C

the PD Committee. In support of this Application, the PD Committee relies upon the Supplemental Affidavit of W. D. Hilton, Jr. (the "Supplemental Affidavit"), attached hereto as Exhibit A, and represents as follows.

## INTRODUCTION

1.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On the Petition Date, the Court entered an order of joint administration pursuant to Federal Rule of Bankruptcy Procedure 1015(b) providing for the joint administration of these cases and for their consolidation for procedural purposes only. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.      On April 12, 2001, the United States Trustee appointed the PD Committee. At a scheduled meeting on May 2, 2001, at which a majority of its members were present, the PD Committee selected Mr. Hilton to provide consulting services to it during the pendency of the Chapter 11 Cases.

3.      This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      On June 4, 2001, the Debtors filed the Motion of the Debtors for the Entry of an Order Authorizing the Retention of Experts (the "Experts Retention Motion") wherein the Debtors sought an order approving the retention by the Debtors (and any official committee appointed in the Chapter 11 Cases) of certain experts (the "Experts"), without requiring the

submission of separate retention applications for such experts, arguing, among other things, that the Experts were not "professional persons" under 11 U.S.C. § 327. The types of Experts identified in the Experts Retention Motion include experts engaged to assist with the litigation of threshold tort liability issues and with proceedings concerning the allowance/disallowance, estimation and liquidation of claims.

5.    On or about January 29, 2002, the PD Committee filed its initial application (the "Initial Application") to retain Mr. Hilton as a consultant to the PD Committee. On or about February 20, 2002, the Court entered an order approving the Initial Application (the "Hilton Retention Order"). Pursuant to the Hilton Retention Order, Mr. Hilton has rendered services to the PD Committee as described in the Initial Application.

### RELIEF REQUESTED

6.    Out of an abundance of caution, by this Application, the PD Committee seeks an order modifying the scope of Mr. Hilton's continued retention. More particularly, the PD Committee will require the following modified services related to the Debtors' insurance coverage and policies for asbestos-related claims. Specifically, the PD Committee anticipates that Mr. Hilton will consult with the PD Committee on issues that draw upon Mr. Hilton's extensive experience with insurance issues in asbestos-related bankruptcy cases. The PD Committee anticipates that Mr. Hilton will render additional consulting services (the "Additional Services") for the PD Committee as needed throughout these Chapter 11 Cases, including:

   (a)    reviewing and analyzing certain strategic issues related to asbestos property damage claims and asbestos personal injury claims, and the extent of insurance related thereto;

   (b)    reviewing and analyzing insurance-related and asbestos-related applications, operating reports, schedules and other materials filed and to be filed with this Court by the Debtors or other interested parties in these Chapter 11 Cases;

    (c)    communicating with the Debtors and their professionals regarding the insurance-related issues raised in these Chapter 11 Cases; and

    (d)    such other insurance advisory services as may be requested by the PD Committee from time to time.

7.    By this Application, the PD Committee respectfully requests that the Court enter an order pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules amending the retention of Mr. Hilton as a consultant to include the Additional Services in these Chapter 11 Cases, and granting such further and other relief as this Court deems just and proper.

## HILTON'S QUALIFICATIONS

8.    Mr. Hilton has substantial expertise related to asbestos insurance issues, including, *inter alia*, asbestos-related liability and insurance coverage issues and the treatment of such issues in the context of a chapter 11 bankruptcy. Mr. Hilton is well-qualified to serve as the PD Committee's insurance consultant in that, among other things, Mr. Hilton has (i) negotiated over (a) $320 million of insurance-related settlements for Asbestos Claims Management Corporation ("ACMC"); and (b) $200 million of insurance-related settlements in the Fuller-Austin bankruptcy; (ii) managed litigation and mediated insurance-related disputes for ACMC and in the Fuller-Austin case; and (iii) served as the member and chairperson of multiple insolvent insurers.

## MR. HILTON'S COMPENSATION

9.    Mr. Hilton's compensation for the Additional Services will remain in accordance with the rates and upon the terms and conditions approved by the Hilton Retention Order.

10.    In addition, also subject to allowance by this Court in accordance with applicable law and the Court's administrative order approving interim compensation for professionals in the

Chapter 11 Cases, Mr. Hilton shall bill the Debtors for reimbursement of all of his reasonable out-of-pocket expenses incurred in connection with Hilton's employment.

## DISCLOSURE CONCERNING CONFLICTS AND PREPETITION PAYMENTS

11.    Mr. Hilton has informed the PD Committee that, except as described in the Supplemental Affidavit, Hilton (i) does not have or represent any interest materially adverse to the interests of the Debtors or their estates, creditors or equity interest holders, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Moreover, the retention and employment of Mr. Hilton is necessary and in the best interests of the PD Committee, the Debtors and their estates and creditors.

12.    As set forth in the Affidavit, Mr. Hilton has not shared or agreed to share any of its compensation with any other person, other than a managing director, professional or employee of Mr. Hilton, as permitted by section 504 of the Bankruptcy Code.

## NOTICE

13.    Notice of this Application has been given to (i) the Office of the United States Trustee; (ii) counsel to the Agent for the postpetition lender for the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Asbestos Personal Injury Claimants; (v) counsel to the Official Committee of Equity Security Holders; and (vi) parties who have requested notice pursuant to Fed.R.Bankr.P. 2002.  The PD Committee respectfully submits that such notice is sufficient in light of the nature of the relief requested.

WHEREFORE, the PD Committee respectfully requests that the Court enter an order, substantially in the form attached hereto pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Bankruptcy Rules (a) authorizing the retention and employment of Mr. Hilton to include the Additional Services and (b) granting such further and other relief as this Court deems just and proper.

Wilmington, Delaware
Dated: March 4, 2003

Respectfully submitted,

BILZIN SUMBERG BAENA
PRICE & AXELROD
Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336
Telephone: (305) 374-7580

and

FERRY, JOSEPH & PEARCE, P.A.


 /s/ Lisa L. Coggins
Michael B. Joseph (#392)
Theodore J. Tacconelli (#2678)
Lisa L. Coggins (#4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE. 19899
(302) 575-1555


CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS