**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:  W.R. GRACE & CO., et al., <br><br> Debtors, | Chapter 11 <br><br> Bankruptcy No. 01-01139 (JFK) <br><br> (Jointly Administered) |

**SUMMARY OF THE SECOND INTERIM QUARTERLY APPLICATION OF**
**ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A., FOR**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES AS DELAWARE COUNSEL TO THE ZONOLITE ATTIC**
**INSULATION CLAIMANTS FOR THE INTERIM PERIOD FROM**
**OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002**

**Name of Applicant:**                          Elzufon Austin Reardon Tarlov & Mondell, P.A.

**Authorized to provide**
**Professional services to:**                   Zonolite Attic Insulation Claimants

**Date of retention:**                          July 22, 2002

**Period for which compensation**              October 1, 2002 through
**and reimbursement is sought:**               December 31, 2002

**Amount of compensation sought**
**as actual reasonable and necessary:**        $ 7,800.50

**Amount of expense reimbursement**
**sought as actual reasonable and**
**necessary:**                                  $ 2,547.87

This is a:      __ ___ Monthly      __X__ Quarterly      _____Final Application

**Prior Application Filed:**     Yes.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11/18/02 | 7/23/02 through 9/30/02 | $5,738.00 | $692.54 | Pending | Pending |
| 12/12/02 | 10/1/02 through 10/30/02 | $ 1,998.00 | $ 171.59 | Pending | Pending |
| 2/10/2003 | 11/1/02 through 11/30/02 | $ 3,994.00 | $ 1,808.50 | Pending | Pending |
| 2/12/2003 | 12/1/2002 through 12/31/2002 | $ 1,808.50 | $ 500.47 | Pending | Pending |

As indicated above, this is the Second quarterly application for interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases and covers the time period of October 1, 2002 through December 31, 2002.

The total time expended for the preparation of this application is approximately 5 hours, and the corresponding estimated compensation *that will be requested in a future application* is approximately $ 750.00

The Elzufon Austin Reardon Tarlov & Mondell, P.A., attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly Billing Rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| William D. Sullivan | Partner | 13 | Bankruptcy | $220.00 | 26.3 | $     5,786.00 |
| Charles J. Brown | Associate | 10 | Bankruptcy | $190.00 | 6.3 | $     1,197.00 |
|  |  |  |  |  |  |  |
| TOTALS |  |  |  |  | 32.3 | $ 6,983.00 |

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in position | Department | Hourly Billing Rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Michael Young | Paralegal | 1 | Bankruptcy | $75.00 | 10.6 | $795.00 |
| Reney Veney[1] | Paralegal | 2 | Bankruptcy | $75.00 | .3 | $ 22.50 |
| TOTALS |  |  |  |  | 10.9 | $817.50 |

---

[1] Ms. Veney is now an attorney licensed to practice in the state of Delaware and will according bill as an attorney in future applications.

## Compensation by Project Category

| Category | Total Hours | Total Fees |
|----------|------------|-----------|
| 14-Hearings | 10.1 Hours | $2,041.50 |
| 22-ZAI Science Trial | 33.4 Hours | $5,759.00 |
| TOTALS | 43.5 Hours | $7,800.50 |

## 23-ZAI Science Trial Expenses

| Description | Amount |
|-------------|--------|
| Computer Assisted Legal Research | |
| Telephone Expense | |
| Telephone Expense – Outside | |
| Facsimile ($1.00 per page) | |
| Postage Expense | $13.26 |
| Courier & Express Carriers | $364.65 |
| In-House Duplicating / Printing ($.15 per page) | $559.35 |
| Outside Duplicating / Printing | $1,610.61 |
| Lodging | |
| Transportation | |
| Air Travel Expense | |
| Taxi Expense | |
| Mileage Expense | |
| Travel Meals | |
| Parking | |
| General Expense | |
| Expert Services | |
| Books/Videos | |
| Total: | $2,547.87 |

Dated: Wilmington, Delaware
      March 5, 2003

ELZUFON, AUSTIN, REARDON,
TARLOV & MONDELL, P.A.


   */s/ William D. Sullivan*
William D. Sullivan, Esq. (No. 2820)
Charles J. Brown, III, Esq. (No. 3368)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630
Phone: (302) 428-3181
Fax: (302) 777-7244

Delaware Counsel to ZAI Claimants

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Hearing Date: June 17, 2003 @ 12:00 PM** |
| | | **Objections Due: March 25, 2003** |

### SECOND INTERIM QUARTERLY APPLICATION OF ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A., FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS DELAWARE COUNSEL TO THE ZAI CLAIMANTS FOR THE INTERIM PERIOD FROM OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Elzufon Austin Reardon Tarlov & Mondell, P.A., ("Applicant" or "EARTM"), Delaware Counsel to the ZAI Claimants, hereby applies for an order allowing it: (i) compensation in the amount of $ 7,800.50 for the reasonable and necessary legal services EARTM has rendered; and (ii) reimbursement for the actual and necessary expenses EARTM has incurred in the amount of $ 2,547.87 (the "Second Interim Quarterly Fee Application"), for the interim quarterly period from October 1, 2002 through December 31, 2002 (the "Fee Period"). In support of this Application, EARTM respectfully states as follows:

**Background**

**Retention of EARTM**

1.      On April 2, 2001 (The "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order effective as of July 22, 2002, EARTM was appointed as Delaware Counsel on behalf of the ZAI Claimants to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against Debtors' position (the "Appointment Order").  The Appointment Order authorizes a total budget for ZAI Counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which EARTM may be compensated for legal services at its regular hourly rates, and for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court.  On May 3, 2001, this Court entered the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002.

**Monthly Interim Fee Applications Covered Herein**

3.      Pursuant to the procedures set forth in the Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee

Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Order.  If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.      Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This is the Second Interim Quarterly Fee Application that EARTM has filed with the Bankruptcy Court in connection with these Chapter 11 Cases.

6.      EARTM has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

1.      Second Monthly Application of Elzufon Austin Reardon Tarlov & Mondell, P.A., for Compensation for Services and Reimbursement of Expenses as Delaware Counsel to the ZAI Claimants for the Interim

Period from October 1, 2002 through October 31, 2002, filed December 13, 2002, (the "October Fee Application" or "Application") attached hereto as Exhibit A.

2.    Third Monthly Application of Elzufon Austin Reardon Tarlov & Mondell, P.A., for Compensation for Services and Reimbursement of Expenses as Delaware Counsel to the ZAI Claimants for the Interim Period from November 1, 2002 through November 30, 2002, filed February 10, 2003, (the "November Fee Application" or "Application") attached hereto as Exhibit B.

3.    Fourth Monthly Application of Elzufon Austin Reardon Tarlov & Mondell, P.A., for Compensation for Services and Reimbursement of Expenses as Delaware Counsel to the ZAI Claimants for the Interim Period from December 1, 2002 through December 31, 2002, filed February 12, 2003, (the "December Fee Application" or "Application") attached hereto as Exhibit C.

7.    The period for objecting to the fees and expense reimbursement requested in the October and November Fee Applications has expired, and a Certificate of No Objection for each Application has been filed with the court. The period for objecting to the fees and reimbursement requested in the December Fee Applications has not yet expired.

8.    During the Fee Period, EARTM has prepared for the ZAI Science Trial as detailed in the Application.

**Requested Relief**

9.    By this Second Interim Quarterly Fee Application, EARTM requests that the

- 7 -

Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by EARTM for the Fee Period as detailed in the Application, less any amounts previously paid to EARTM pursuant to the Application and the procedures set forth in the Compensation Order.  The full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

10.    With the exception of its representation of ZAI claimants, EARTM does not hold or represent any interest adverse to the Debtors' estates.

11.    In addition, EARTM may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.

**Representations**

12.    EARTM believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13.    EARTM performed the services for which it is seeking compensation under its Court Appointment effective as of July 22, 2002.

14.    During the Fee Period, EARTM has received no payment, nor has it received any promises for payment, from any other source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15.    Pursuant to Fed. R. Bank. P. 2016(b), EARTM has not shared, nor has it agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of EARTM; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays.  EARTM reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, EARTM respectfully requests that the Court enter an order providing: (a) that for the Fee Period an administrative allowance be made to EARTM in the sum of (i) $7,800.50 as compensation for reasonable and necessary professional services, and (ii) $2,547.87 for reimbursement of actual and necessary costs and expenses incurred (for a total of $10,348.37); (b) that the Debtors be authorized and directed to pay to EARTM the outstanding amount of such sums less any sums previously paid to EARTM pursuant to the Application and the procedures set forth in the Compensation Order; and (c) that this Court grant such further relief as is equitable and just.


Dated: Wilmington, Delaware                ELZUFON AUSTIN REARDON
       March 5, 2003                       TARLOV & MONDELL, P.A.

                                           */s/ William D. Sullivan*
                                           William D. Sullivan (No. 2820)
                                           Charles J. Brown, III (No. 3368)
                                           300 Delaware Ave., Suite 1700
                                           P.O. Bow 1630
                                           Wilmington, DE 19801
                                           (302) 428-3181

                                           Delaware Counsel for ZAI Claimants

## <u>CERTIFICATE OF SERVICE</u>

I, William D. Sullivan, Esquire, hereby certify that on March 5, 2003, service of

the foregoing

- **Second Interim Quarterly Application of Elzufon, Austin, Reardon, Tarlov & Mondell, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Delaware Counsel to the Zonolite Attic Insulation Claimants for the Interim Period from October 1, 2002 through December 31, 2002**

was made upon the attached Service List via hand delivery and first class mail.

Dated:  Wilmington, Delaware
             March 5, 2003

*/s/ William D. Sullivan*
WILLIAM D. SULLIVAN

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, Young & Jones
10100 Santa Monica Boulevard
Los Angeles, CA 90067-4100

David M. Bernick, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

David B. Seigel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD   21044

Michael R. Lastowski, Esquire
Duane Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

William S. Katchen, Esquire
Duane, Morris & Heckscher LLP
One Riverfront Plaza, 2nd Floor
Newark, NJ  07102

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena
   Price & Axelrod, LLP
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL  33131

Matthew G. Zaleski, III, Esquire
Campbell & Levine
800 King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY  10022

Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE  19801

Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022

Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Lockbox 35
Wilmington, DE  19801

Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

James J. Restivo, Jr., Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219-1886

William J.A. Sparks, Esquire
W.R. Grace & Company
919 N. Market, Suite 460
Wilmington, DE  19899