IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-1139 (JKF) |
| Debtors. | (Jointly Administered) <br> **Objections Due: March 28, 2003 @ 4:00 p.m.** <br> **Hearing Date: April 15, 2003 @ 9:30 a.m.** |

### MOTION OF DK ACQUISITION PARTNERS, L.P. FOR AN ORDER PERMITTING TRADING IN THE DEBTORS' BANK DEBT

DK Acquisition Partners, L.P. ("DK") hereby submits this motion (the "Motion") for entry or an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), (i) determining that DK will not violate fiduciary duties it may have to the class of creditors represented by the Committee and, therefore, will not subject its claims to possible disallowance, subordination, or other adverse treatment solely by virtue of purchasing Bank Debt (as defined below) from another holder of Bank Debt or selling Bank Debt to another holder of Bank Debt or other eligible assignee of the Bank Debt during the pendency of the Cases; provided that, DK follows the disclosure procedures set forth herein relating to the purchase and sale of Bank Debt, and (ii) granting DK such other and further relief as is just and proper. In support of the Motion, DK respectfully represents as follows:

#### Background

1. On April 2, 2001 (the "Petition Date") each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

CMM/99999-8888/859766/1

2. The Debtors have continued to manage their properties and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By order of the Court, the Debtors' chapter 11 cases are being jointly administered for procedural purposes only.

3. On April 13, 2001, pursuant to section 1102(a)(1) of the Bankruptcy Code, the United States Trustee for the District of Delaware appointed nine entities[1] to the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' Chapter 11 proceedings (the "Cases"), certain of which entities are the holders of bank debt (the "Bank Debt") issued by the Debtors under (a) that certain credit facility titled the 364-Day Credit Agreement by and among W.R. Grace & Co. – Conn., Bank of America National Trust and Saving Association, as documentation agent, Chase Manhattan Bank, as administrative agent for the banks therein, and Chase Securities, Inc., as book manager, and/or (b) that certain credit facility titled Credit Agreement, by and among W.R. Grace & Co., W.R. Grace & Co. – Conn., Chase Manhattan Bank, as administrative agent, and Chase Securities, Inc., as arranger.

4. On May 31, 2001, the United States Trustee, pursuant to an Amended Notice of Appointment of Official Committee of Unsecured Creditors, replaced The Bank of New York, as Indenture Trustee, on the Committee with Wells Fargo Corporate Trust Services. Since then, the following four entities have resigned from the Committee and they have not been replaced on the Committee by the United States Trustee: Bank of America, ABN Amro Bank, N.V., Wells Fargo Corporate Trust Services and Bankers Trust Company, as Indenture Trustee.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue in this district is proper

---

[1] The nine entities initially appointed to the Committee were: J.P. Morgan Chase & Co., Wachovia Bank, N.A., Bank of America, First Union National Bank, ABN Amro Bank, N.V., The Bank of New York, as Indenture Trustee, Bankers Trust Company, as Indenture Trustee, Sealed Air Corporation and Zhagrus Environmental, Inc.

-2-

pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought by this Motion is section 105 of the Bankruptcy Code.

**Relief Requested**

6.      The Committee has indicated that it would be beneficial to the Committee and to the Debtors and their estates if additional large holders of Bank Debt would become members of the Committee due to their experience in financial restructuring and reorganizations. In particular, the Committee has indicated to DK that it would welcome DK's membership and participation in the Committee.

7.      DK, however, is reluctant to become a member of the Committee unless an order is entered confirming that the purchase of Bank Debt by DK from another holder of Bank Debt or the sale of Bank Debt by DK to another holder of Bank Debt or other eligible assignees permitted under the Bank Debt would not, in and of itself, be a breach of any fiduciary duty owed by DK, as a member of the Committee, to the class of creditors represented by the Committee.

8.      Accordingly, by this Motion, DK requests entry of an order determining that DK will not violate fiduciary duties it may have to the class of creditors represented by the Committee and, therefore, will not subject its claims to possible disallowance, subordination, or other adverse treatment solely by virtue of purchasing Bank Debt from another holder of Bank Debt or selling Bank Debt to another holder of Bank Debt or other eligible assignee during the pendency of the Cases; provided that, DK (a) discloses its status as a member of the Committee to its counterparty in the trade prior to the consummation of any trade and (b) the counterparty acknowledges and agrees in the purchase and sale agreement that (i) it is aware that DK is a

Committee member and that as such a Committee member is the purchaser or seller, as applicable, (ii) it is aware that DK, as a Committee member, may have access to information not available to such counterparty and (iii) notwithstanding the above, the counterparty is prepared to consummate the purchase or sale of Bank Debt with DK.

9. DK, as a regular part of its business, trades in debt instruments and has the financial expertise and experience that would be useful to the Committee. In addition, as one of the Debtors' larger creditors, DK will devote substantial time and resources necessary to facilitate the Committee's activities and participation in the Cases.

10. These Cases are unique in that the non-asbestos creditor body herein is made up almost entirely of holders of Bank Debt and trade creditors. The only securities issued by the Debtors are $2,000,000 of public bonds (which have been paid by Sealed Air Corporation, a guarantor under the bonds) and common stock. By this Motion, DK is not seeking authorization to purchase or sell any of the Debtors' securities.

11. Moreover, all holders of Bank Debt to date (whether or not they are on the Committee) have been given the opportunity and will continue to be given the opportunity to have access to a subset of the company information being disseminated to the Committee (the "Confidential Information"). Holders of Bank Debt may obtain access to the Confidential Information by executing the confidentiality agreement executed by each member of the Committee and the Debtors. Upon information and belief, to date four holders of Bank Debt have executed the confidentiality agreement to obtain access to the Confidential Information.

12. Accordingly, the procedures outlined above are sufficient and provide adequate safeguards in light of the unique facts in these Debtors' Cases and the Court has equitable powers under Section 105(a) of the Bankruptcy Code to grant the relief requested herein.[2]

13. Counsel for DK has consulted with the Committee and the Debtors concerning the relief sought by this Motion, and the Committee and the Debtors have indicated that they will not object to the relief requested herein, as set forth in the proposed Order submitted herewith.

14. There are no novel issues of law raised by this Motion and the Motion sets forth the relevant authority. No previous motion for the relief requested herein has been made to this Court or any other court.

---

[2] Although the facts are not exactly analogous to the ones herein, Bankruptcy Courts have a long history of entering orders authorizing members of unsecured creditors committees to trade the debtor's stocks, notes, bonds, debentures, participations in, or derivatives based upon or relating to the debtor's debt obligations or equity interests pursuant to certain information blocking policies and procedures that are approved by the Office of the United States Trustee. See, e.g., In re Worldcom, Inc., et al., No. 02-13533 (AJG) (Bankr. S.D.N.Y. August 6, 2002); In re Enron Corp., et al., No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 27, 2002); In re Dairy Mart Convenience Stores, Inc., et al., No. 01-42400, (AJG) (Bankr. S.D.N.Y. Dec. 20, 2002); In re Flag Telecom Holdings Ltd., et al., Nos. 02-11732 through 02-11736 and 02-11975 through 02-11979 (ALG) (Bankr. S.D.N.Y. July 22, 2002); In re Global Crossing Ltd., et al., Nos. 02-40187 through 02-40241 (REG) (Bankr. S.D.N.Y. Mar. 25, 2002); In re The Finova Group, Inc., No. 01-0697 (PJW) (Bankr. D. Del. Apr. 12, 2001); In re GST Telecom, Inc., No. 00-1982 (GMS) (Bankr. D. Del. Oct. 19, 2000); In re Vista Eyecare, Inc., No. A00-65214 (JEM) (Bankr. D. Ga. June 1, 2000); In re Sun Healthcare Group, Inc., No 99-3657 (Bankr. D. Del. Dec. 11, 1999); In re Iridium Operating LLC, No. 99-45005 (CB) (Bankr. S.D.N.Y. Nov. 3, 1999); In re Federal Dep't Stores, Inc., No. 1-90-00130, 1991 Bankr. LEXIS 288 (Bankr. S.D. Ohio Mar. 7, 1991).

CMM/99999-8888/859766/1

WHEREFORE, DK requests that the Court enter an order (i) determining that DK will not violate fiduciary duties it may have to the class of creditors represented by the Committee and, therefore, will not subject its claims to possible disallowance, subordination, or other adverse treatment solely by virtue of purchasing Bank Debt from another holder of Bank Debt or selling Bank Debt to another holder of Bank Debt or other eligible assignee during the pendency of the Cases; provided that, DK follows the disclosure procedures set forth herein relating to the purchase and sale of Bank Debt, and (ii) granting DK such other and further relief as is just and proper.

Dated: March 6, 2003                             MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                                                 /s/ Christina M. Maycen
                                                 Brett D. Fallon (ID #2480)
                                                 Christina M. Maycen (ID #3976)
                                                 222 Delaware Avenue, 10th Floor
                                                 P.O. Box 2306
                                                 Wilmington, Delaware 19801
                                                 Telephone: (302) 888-6800
                                                 Telecopy: (302) 571-1750
                                                 Email: bfallon@morrisjames.com
                                                 Email: cmaycen@morrisjames.com

                                                          -and-

                                                 Michael Friedman, Esquire
                                                 RICHARDS SPEARS KIBBE & ORBE LLP
                                                 One World Financial Center
                                                 New York, New York 10281
                                                 Telephone: (212) 530-1800
                                                 Telecopy: (212) 530-1801
                                                 Email: mfriedman@rsko.com

                                                 ATTORNEYS FOR DK ACQUISITION
                                                 PARTNERS, L.P.