IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: March 26, 2003 at 4:00 p.m**. |
| | ) | **Hearing Date: June 17, 2003 @ 12:00 p.m.** |

**SEVENTH INTERIM FEE APPLICATION REQUEST OF FERRY, JOSEPH & PEARCE, P.A. FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE <u>PERIOD OF OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002</u>**

| | |
|---|---|
| Name of Applicant: | <u>Ferry, Joseph & Pearce, P.A.</u> |
| Authorized to provide professional services to: | <u>Official Committee of Asbestos Property Damage Claimants</u> |
| Date of retention: | <u>April 18, 2001</u> |
| Period for which compensation and reimbursement is sought: | <u>October 1, 2002 through December 31, 2002</u> |
| Amount of compensation sought as actual reasonable and necessary: | <u>$13,491.00</u> |
| Amount of expense reimbursement sought as actual reasonable and necessary: | <u>$3,512.76</u> |

This is a: _____ monthly __X__ interim/quarterly _____ final application

## ATTACHMENT B

### PRIOR INTERIM APPLICATIONS:

|  |  | Requested | | Authorized | |
|---|---|---|---|---|---|
| Date Filed/ Docket No. | Period Covered | Fees | Expenses | Fees | Expenses |
| 7/30/01 #767 | 05/18/01 - 06/30/01 | $19,003.50 | $4,378.06 | $19,003.50 | $4,378.06 |
| 10/31/01 #1056 | 07/01/01- 09/30/01 | $23,948.00 | $6,189.16 | $23,948.00 | $6,189.16 |
| 01/31/02 #1586 | 10/01/01- 12/31/01 | $21,014.00 | $5,381.10 | $21,014.00 | $5,381.10 |
| 05/23/02 #2100 | 01/01/02- 03/31/02 | $22,724.00 | $9,421.63 | $22,724.00 | $9,421.63 |
| 09/12/02 #2681 | 04/01/02- 06/30/02 | $26,113.00 | $10,994.77 | $26,013.00 | $10,994.77 |
| 11/27/02 #3080 | 07/01/02- 09/30/02 | $20,551.50 | $8,125.92 | Pending | Pending |

### CUMULATIVE SUMMARY OF MONTHLY APPLICATIONS FOR THE PERIOD JULY 1, 2002 THROUGH SEPTEMBER 30, 2002:

| Date Filed; Docket No. | Total Fee Requested | Total Expenses Requested | Cert. of No Objection Date Filed; Docket No. | Amount of Fees Paid/ To Be Paid (80%) | Amount of Expenses Paid/To Be Paid (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 01/10/03 #3229 | $5,531.00 | $1,235.50 | 01/31/03 #3300 | $4,424.80 | $1,235.50 | $1,106.20 |
| 01/14/03 #3243 | $6,033.00 | $929.00 | 02/04/02 #3309 | $4,826.40 | $929.00 | $1,206.60 |
| 02/10/03 #3361 | $1,927.00 | $1,348.26 | 03/04/03 #3452 | $1,541.60 | $1,348.26 | $385.40 |
| **Total:** | **$13,491.00** | **$3,512.76** |  | **$10,792.80** | **$3,512.76** | **$2,698.20** |

## CUMULATIVE SUMMARY OF COMPENSABLE TIME OF PROFESSIONALS:

| Name of professional person | Position of the Applicant, Number of Years with Firm, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael B. Joseph | Partner, 25, Various, 1976, Bankruptcy | $300.00 | 0.0 | $0.00 |
| Theodore J. Tacconelli | Partner, 13, Various, 1988, Bankruptcy, Commercial Litigation | $200.00 | 35.0 | $7,000.00 |
| Rick S. Miller | Partner, 6, 1995, Various, Bankruptcy, General Litigation | $175.00 | 5.0 | $875.00 |
| Lisa L. Coggins | Associate,1, 2002, Bankruptcy, General Practice | $130.00 | 43.2 | $5,616.00 |
| Grant Total: | | | 83.2 | $13,491.00 |
| Blended Rate: | | | | $162.15 |

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY:

| Project Category | Total Hours for the Interim Period | Total Hours from the Petition Date | Total Fees for the Interim Period | Total Fees from the Petition Date |
|---|---|---|---|---|
| Case Administration | 24.1 | 250.6 | $4,540.50 | $42,481.75 |
| Committee, Creditors', Noteholders' or Equity Holders' | 7.2 | 102.5 | $1,367.50 | $19,185.00 |
| Fee Applications, Applicant | 20.8 | 165.9 | $2,959.50 | $18,869.00 |
| Fee Applications, Others | 28.2 | 85.9 | $4,050.50 | $11,233.00 |
| Litigation and Litigation Consulting | 0.9 | 205.3 | $180.00 | $38,181.75 |
| ZAI Science Trial | 0.5 | 2.6 | $93.00 | $508.00 |
| Travel/Non-working | 0.0 | 29.3 | $0.00 | $2,752.50 |

| Hearings | 1.5 | 46.9 | $300.00 | $9,254.50 |
|---|---|---|---|---|
| Employment Applications, Others | 0.0 | 27.4 | $0.00 | $3,935.50 |
| Employment Applications, Applicant | 0.0 | 2.4 | $0.00 | $444.00 |
| **Total:** | **83.2** | **918.8** | **$13,491.00** | **$146,845.00** |

**CUMULATIVE EXPENSE SUMMARY:**

| Expense Category | Total Expenses for the Interim Period | Total Expenses from the Petition Date |
|---|---|---|
| Computer Legal Research | $0.00 | $324.53 |
| Facsimile ($1.00 per page) | $3.00 | $2,115.00 |
| In-House Reproduction | $1,008.05 | $5,608.83 |
| Outside Reproduction | $1,759.09 | $23,113.37 |
| Document Scanning, Service or Retrieval | $0.00 | $2,042.04 |
| Filing/Court Fees | $0.00 | $500.00 |
| Out-of-Town Travel | $0.00 | $4,678.06 |
| Courier & Express Carriers | $220.59 | $3,507.45 |
| Postage | $118.25 | $678.70 |
| Web Pacer | $3.78 | $214.34 |
| Hearing transcripts | $400.00 | $4,933.23 |
| Other (Working Meals) | $0.00 | $287.85 |
| **Total** | **$3,512.76** | **$48,003.40** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ) | | Chapter 11 |
| ) | | |
| W.R. Grace & Co., *et al.*, ) | | Case No. 01-01139 (JKF) |
| ) | | (Jointly Administered) |
| Debtors. ) | | |
| ) | | **Objection Deadline: March 26, 2003 at 4:00 p.m**. |
| ) | | **Hearing Date: June 17, 2003 @ 12:00 p.m.** |

**SEVENTH INTERIM FEE APPLICATION REQUEST OF FERRY, JOSEPH & PEARCE, P.A. FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR THE PERIOD OF OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002**

Ferry, Joseph & Pearce, P.A. ("Applicant"), counsel to the Official Committee of Asbestos Property Damage Claimants ("the PD Committee") of W.R. Grace & Co. ("Grace") and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors') in this Court, for its application pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for its seventh interim fee application request for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith (the "Application"), respectfully represents as follows:

**I. Introduction**

1. Applicant, as counsel to the PD Committee, seeks (i) approval and allowance, pursuant to Section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as counsel for the PD Committee from October 1, 2002 through December 31, 2003 ("the Seventh Interim Fee Period") in the aggregate amount of $13,491.00 representing 83.2 hours of professional services and (ii) reimbursement of actual and necessary

expenses incurred by the Applicant during the Seventh Interim Fee Period in connection with the rendition of such professional services in the aggregate amount of $3,512.76.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Applicant as its local Delaware counsel.

5. By application dated June 22, 2001, Applicant sought Court approval for its retention as counsel to the PD Committee *nunc pro tunc* to April 18, 2001. The Court signed the Order approving the retention on June 22, 2001.

6. This is the seventh interim fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This Application is submitted pursuant to the terms of the Amended Administrative Order Under §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on April 17, 2002 ("the Administrative Fee Order"). During the Seventh Interim Fee Period, in accordance with the Administrative Fee Order, the Applicant has filed with the Court three Monthly Fee Applications that are the subject of this

Request.

7.  The Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding between the Applicant and any other person for the sharing of compensation to be received hereunder.

8.  As stated in the Affidavit of Theodore J. Tacconelli, Esquire, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9.  In accordance with Local Rule 2016-2 dated February 1, 2001 and the Administrative Fee Order, and to assist the Court, the Debtors, the Trustee and other parties in interest in evaluating this Application, the services performed by the Applicant during the Seventh Interim Fee Period are summarized in the Compensation Summary by Project Category set forth on Attachment B. The Applicant's services throughout the Seventh Interim Fee Period have been valuable to the PD Committee in providing advice and counsel as well as the preparation, service and filing of various administrative and substantive litigation pleadings and papers in conformity with Delaware bankruptcy practice and the Rules of this Court.

10. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the attorneys and their corresponding names, year of admission, hourly rates and the number of hours incurred by each is set forth on Attachment B. The hourly rates reflect what the Applicant generally charges its other clients for similar services. An itemization including identification of services performed by the attorneys sorted by date and time keeper during the

Seventh Interim Fee Period is attached hereto as Exhibits "B-1", "B-2" and "B-3", which also contain a statement of the Applicant's disbursements, necessarily incurred in the performance of the Applicant's duties as counsel to the PD Committee.

11.  The Applicant has worked closely with the PD Committee's primary counsel, Bilzin Sumberg Baena Price & Axelrod, LLP to avoid unnecessary duplication of services.

### IV. Conclusion

12.  The Applicant has necessarily and properly expended 83.2 hours of services in the performance of its duties as counsel to the PD Committee during the Seventh Interim Fee Period. Such services have a fair market value of $13,491.00. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

13.  In addition, the Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $3,512.76 for which it respectfully requests reimbursement in full.

14.  The Applicant charges $.15 per page for in-house photocopying services. The Applicant charges the actual cost from the vendor for out-sourced photocopying and document retrieval, and computerized legal research. The Applicant charges $1.00 per page for out-going facsimile transmissions, and does not charge for in-coming facsimiles.

15.  The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Application for interim compensation complies therewith.

16.  The Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE The Applicant respectfully requests pursuant to the Administrative Fee Order:

a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Seventh Interim Fee Period of October 1, 2002 through December 31, 2002 in the amount of $13,491.00,

b) the approval and allowance of the Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the Seventh Interim Fee Period of October 1, 2002 through December 31, 2002 in the amount of $3,512.76, and

c) such other relief as the Court deems just.

FERRY, JOSEPH & PEARCE, P.A.

 /s/ Lisa L. Coggins
Michael B. Joseph (#392)
Theodore J. Tacconelli (#2678)
Lisa L. Coggins (#4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE. 19899
(302) 575-1555
Counsel to the Official Committee of Asbestos
Property Damage Claimants

Dated: March 6, 2003