## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## CLAIMS BAR DATE NOTICE MATERIALS

PLEASE TAKE NOTICE THAT pursuant to the Order of Bankruptcy Judge Judith K. Fitzgerald, the Bar Date for filing Non-Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring claims against W. R. Grace & Co. and certain of its affiliates (collectively, "Debtors" or "Grace") is **MARCH 31, 2003** at 4:00 p.m. Eastern Time.

### Contents

Claims Bar Date Notice .................................................................................................. Page 1

Order As To All Non-Asbestos Claims, Asbestos Property Damage Claims, And Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof Of Claim Forms And (III) Approving Notice Program ........................................................................................... Page 15

General Instructions For Completing Proof Of Claim Forms For The Bar Date ................. Page 21

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This page intentionally left blank.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |
| | ) | |

## <u>CLAIMS BAR DATE NOTICE</u>

PLEASE TAKE NOTICE THAT on April 22, 2002 the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the Chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors" or "Grace") entered an Order As to All Non-Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring Claims: (I) Approving Case Management Schedule, (II) Establishing Bar Date, (III) Approving Proof Of Claim Forms and (IV) Approving Notice Program ("Bar Date Order") which, among other things, sets a Bar Date for filing proofs of claim against the Debtors, for Non-Asbestos Claims,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Asbestos Property Damage Claims and Medical Monitoring Claims, as defined on Exhibit 1 attached.

Under the Bar Date Order, the Court established the following Bar Date:

**March 31, 2003** at 4:00 p.m. Eastern Time as the last day and time for all persons and entities, including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have **Claims**, including **pre-petition** Non-Asbestos Claims and **present** Asbestos Property Damage Claims or Medical Monitoring Claims against any of the Debtors or their predecessors-in-interest, to file proofs of claim.

A copy of the Bar Date Order setting the Bar Date is enclosed.

## 1.    WHO MUST FILE A PROOF OF CLAIM

On April 2, 2001 (the "Petition Date"), each of the Debtors commenced a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code.")

You MUST file a Proof of Claim if you have a **CLAIM** against the Debtors including but not limited to any **pre-petition** Non-Asbestos Claim or any **present** Asbestos Property Damage Claim or Medical Monitoring Claim as defined in Exhibit 1. Any person or entity having such a claim against the Debtors must file a Proof of Claim on or before the Bar Date, using the applicable Proof of Claim form approved by the Court.

**The Bar Date does <u>not</u> apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims as defined in Exhibit 1. Asbestos Personal Injury Claims, Settled Asbestos Claims and Zonolite Attic Insulation Claims will be subject to a separate claim submission process and should not be filed at this time.**

The Bar Date does apply to derivative asbestos claims and asbestos-related claims for contribution, indemnity, reimbursement or subrogation. The Bar Date also applies to personal injury and/or wrongful death claims which are not asbestos-related.

**IN THE EVENT THAT PRIOR TO THE BAR DATE YOU FILED A PROOF OF CLAIM FOR AN ASBESTOS PROPERTY DAMAGE CLAIM OR MEDICAL MONITORING CLAIM USING OFFICIAL FORM 10 OR ANY OTHER PROOF OF CLAIM FORM, YOU MUST REFILE YOUR CLAIM ON THE APPROPRIATE SPECIALIZED COURT-APPROVED PROOF OF CLAIM FORM ON OR BEFORE THE BAR DATE OR YOUR CLAIM SHALL BE BARRED AND DISALLOWED.**

In the event that prior to the Bar Date you filed a proof of claim for any claim **other than** an Asbestos Property Damage Claim or Medical Monitoring Claim using Official Form 10 or any other proof of claim form, you do **not** need to refile your claim on the appropriate specialized court-approved proof of claim form on or before the Bar Date so long as you identified the appropriate Debtor against which your claim is asserted in your proof of claim form.

Under Section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Because of this broad definition, acts or omissions of the Debtors that occurred before the Debtors filed their Chapter 11 cases on April 2, 2001 may give rise to claims against them notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Therefore, any creditor having a claim against the Debtors, no matter how remote or contingent, must file a proof of claim before the Bar Date.

As outlined herein, you must file a claim if you have a **PRE-PETITION** Non-Asbestos Claim or any **PRESENT** Asbestos Property Damage Claim or Medical Monitoring Claim as defined in Exhibit 1. A **PRE-PETITION** claim is a claim as of the time **IMMEDIATELY PRECEDING THE COMMENCEMENT OF THE CHAPTER 11 CASES ON APRIL 2, 2001.** A **PRESENT** claim is a claim as of the time **IMMEDIATELY PRECEDING THE BAR DATE.**

## 2.    WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM

The Bar Date and the need to file a Proof of Claim applies only to holders of pre-petition Non-Asbestos Claims against the Debtors and holders of present Asbestos Property Damage Claims and Medical Monitoring Claims against the Debtors. You do not need to file a proof of claim if you have any of the following types of claims:

A.    **An Asbestos Personal Injury Claim, Settled Asbestos Claim or Zonolite Attic Insulation Claim;**

B.    A claim that (i) is listed on the Debtors' Schedules (as defined below), (ii) is not described in the Schedules as "disputed," "contingent," or "unliquidated," and (iii) is in the same amount and of the same classification as set forth in the Schedules;

C.    An administrative expense of any of the Debtors' Chapter 11 cases as defined in Sections 503(b) or 507(a) of the Bankruptcy Code as including the actual, necessary costs and expenses of preserving the estate;

D.    A claim of a Debtor or a subsidiary of a Debtor against another Debtor or another subsidiary of a Debtor;

E.    A claim that has been allowed by an order of the Court entered on or before the Bar Date;

F.    A claim of a present or former employee of the Debtors who is currently receiving, currently has the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system on

account of any personal injury claims. *However, any claims held by former or current employees that may be asserted directly against the Debtors outside of a state workers' compensation system* <u>*including, but not limited to, claims for pre-petition wages, salaries and benefits and deferred compensation, if any,*</u> *are subject to the Bar Date and such employees who want to preserve their right, if any, to assert a claim directly against the Debtors outside of a state workers' compensation system must file a Proof of Claim by the Bar Date in order to preserve such claim or be forever barred from asserting such claim;*

G.   The Chase Manhattan Bank, n/k/a JP Morgan Chase, in its capacity as administrative agent for the Banks and Purchasing Banks which are parties to one or both of the two $250 million unsecured revolving credit facilities, namely: (i) the Credit Agreement dated as of May 14, 1998, and (ii) the 364-Day Credit Agreement dated as of May 5, 1999, as each may have been amended or supplemented (collectively, the "Pre-Petition Facilities") may file proofs of claim in respect of claims for principal, interest and other amounts that arise under the two Pre-Petition Facilities on behalf of the Banks and Purchasing Banks for which it acts in lieu of or in addition to any individual proofs of claim filed by such debtholders and, accordingly, such Banks and Purchasing Banks need not file proofs of claim asserting such claims; provided, however, that such debtholders must file individual claims against the Debtors for all other claims they seek to assert against the Debtors; and

H.   Any holder of an interest in the Debtors arising solely from its ownership of the common stock or other equity securities of the Debtors need not file a proof of interest, but must file a proof of claim for any claim they have against the Debtors.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OF IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE A CLAIM.**

## 3.   ASBESTOS PERSONAL INJURY CLAIMS, ZONOLITE ATTIC INSULATION CLAIMS

*The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims.* Asbestos Personal Injury Claims, Settled Asbestos Claims and Zonolite Attic Insulation Claims will be subject to a separate claims process, to be established by the Court, and should not be filed at this time.

## 4.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim on or before the later of (a) 30 days after service of

an order of the Court approving such rejection or 30 days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, or (b) the Bar Date.

5.   **WHEN AND WHERE TO FILE**

To file a claim, do the following:

- *File the claim on the appropriate Court-ordered* Proof of Claim Form, *a copy of which is enclosed with this notice.*

- *For additional copies of the* Proof of Claim Form:

  - Contact Rust Consulting, Inc., the Claims Processing Agent, toll-free at **1-800-432-1909**, 9:00 a.m. - 4:00 p.m., Eastern Time, Monday through Friday. Claimants will not be charged for this call.

  - Visit the Grace chapter 11 website at **www.graceclaims.com** to request a *Proof of Claim Form* and instructions for completing the *Proof of Claim Form.*

- *For ALL CLAIMS, return the completed* Proof of Claim Form(s) *to the Claims Processing Agent by no later than **March 31, 2003** at 4:00 p.m. Eastern Time.*

- Proof of Claim Forms *will be deemed filed only when actually received by the **Claims Processing Agent**. Proof of Claim Forms submitted by facsimile, telecopy or other electronic transmission will* **not** *be accepted and will* **not** *be deemed filed. If you are returning the* Proof of Claim Form *by mail, allow sufficient mailing time so that the* Proof of Claim Form *is received on or before the Bar Date.* Proof of Claim Forms *that are postmarked before that date but are received thereafter will be considered late.*

- Proof of Claim Forms *must be mailed, filed in person, or hand delivered so as to be received on or before the Bar Date at the following address:*

If mailed, to:

    Claims Processing Agent
    Re: W. R. Grace & Co. Bankruptcy
    P.O. Box 1620
    Faribault, MN 55021-1620

If hand delivered, to:

    Rust Consulting, Inc.
    Claims Processing Agent
    Re: W. R. Grace & Co. Bankruptcy
    201 S. Lyndale Avenue
    Faribault, MN 55021

(between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, on business days).

- Proof of Claim Forms *will be deemed filed only when actually received at the address indicated above. You must include all attachments and exhibits with each Proof of Claim and the claim form* must *be signed by the claimant.*

- *Do not file or send copies of the Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Upon receipt of your claim, the Claims Processing Agent will send an acknowledgment card with the appropriate claim number noted thereon.*

## 6.    WHAT TO FILE

If you file a Proof of Claim, you must use the appropriate court-ordered Proof of Claim form supplied with this notice. If you are filing a Proof of Claim for an Asbestos Property Damage Claim, use the Proof of Claim form entitled "Grace Asbestos Property Damage Proof of Claim Form". If you are filing a Proof of Claim for a Medical Monitoring Claim, use the Proof of Claim form entitled "Asbestos Medical Monitoring Proof of Claim Form." If you are filing a Proof of Claim for any other claim subject to the Bar Date outlined herein, use the Grace Non-Asbestos Proof of Claim Form."

If you file a proof of claim, your filed proof of claim must (i) be written in English, (ii) be denominated in lawful currency of the United States, and (iii) indicate the Debtor against which you are asserting a claim.

IF YOU HAVE A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS YOU MUST FILE A SEPARATE PROOF OF CLAIM ASSERTING EACH SUCH CLAIM AGAINST THE APPROPRIATE DEBTOR.

## 7.    PRODUCT INFORMATION

For your information and assistance in completing the Asbestos Property Damage Claim Form, the Debtors mined vermiculite and produced and marketed vermiculite products, some of which may have contained naturally occurring asbestos. Grace also produced and marketed vermiculite products containing added asbestos for use primarily in commercial, public and high-rise residential buildings. These products included ceiling and wall finishes, plasters, and cements. In addition, from 1959 to 1973, Grace or its predecessor marketed Mono-Kote 3 (MK-3), an asbestos-containing, wet, spray-on fireproofing plaster used to provide fire protection for the enclosed steel beams in such buildings. A list of the brand names under which the Debtors manufactured products that may have contained commercially added asbestos is attached as Exhibit 2.

## 8.    CLAIMS AGAINST MULTIPLE DEBTORS/OTHER NAMES

If you assert claims against more than one Debtor, you must file a separate Proof of Claim Form against each applicable Debtor. The case number of each Debtor is listed on the

attached Exhibit 1 and the General Instructions for filing Proof of Claim Forms. If you file a single Proof of Claim Form asserting a claim against more than one Debtor, your claim will be deemed to have been filed against the first Debtor identified only. All additional identified Debtors will be disregarded.

If you believe you have a claim against the Debtors' estates but you are not sure which Debtor to assert your claim against, attached as part of Exhibit 1 to this Bar Date Notice is also a list of "other names" used by the Debtors' main operating entity, W. R. Grace & Co. - Conn., case no. 01-1179. Any Claims you wish to assert against one of these "other names" should be filed against W. R. Grace & Co. - Conn.

If you need additional Proof of Claim Form(s), you may obtain additional forms by: (a) calling the Claims Processing Agent toll free at **1-800-432-1909**; or (b) requesting such forms via the website at **www.graceclaims.com**

## 9.    EFFECT OF NOT FILING A CLAIM

ANY HOLDER OF A NON-ASBESTOS CLAIM, ASBESTOS PROPERTY DAMAGE CLAIM OR MEDICAL MONITORING CLAIM WHO IS REQUIRED TO FILE A PROOF OF CLAIM AND USE A COURT APPROVED PROOF OF CLAIM FORM AND WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE FOR ANY CLAIMS SUCH CLAIMANT HOLDS AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, INSURANCE CARRIERS OR THE DEBTORS' PROPERTY, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS, THEIR PROPERTY OR THEIR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES. *As noted above, present or former employees of the Debtors receiving or having a right to elect to receive workers' compensation benefits on account of asbestos exposure do not need to file a Proof of Claim to preserve such benefit but must file a Proof of Claim if they seek to preserve a right to proceed against the Debtors in respect of all Non-Asbestos Claims.*

## 10.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one of more Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules may be examined by interested parties between the hours of 9:00 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, Sixth Floor, 824 Market Street,

Wilmington, Delaware 19801 or you may request a copy of the portion of the Schedules that pertains to your claim from the Claims Processing Agent at P.O. Box 1620, Faribault, MN 55021-1620.

**11.     QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM**

If you have any questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney. If you have questions concerning how to complete a *Proof of Claim Form* or for additional information regarding this Notice or to obtain a *Proof of Claim Form*, contact the **Claims Processing Agent** toll-free at **1-800-432-1909** between 9:00 a.m. and 4:00 p.m. (Eastern Time), Monday through Friday, or write to:  **Claims Processing Agent, Re: W. R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN  55021-1620.** You may also request a *Proof of Claim Form* and instructions via Grace's chapter 11 website, at **www.graceclaims.com.**

BY ORDER OF THE COURT

/c/ Judith K. Fitzgerald

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

-8-

### DEFINITIONS OF CLAIMS SUBJECT TO BAR DATE

The Bar Date shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), case no. 01-1139, W. R. Grace & Co.-Conn., case no. 01-1179, A-1 Bit & Tool Co., Inc., case no. 01-1140, Alewife Boston Ltd., case no. 01-1141, Alewife Land Corporation, case no. 01-1142, Amicon, Inc., case no. 01-1143, CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), case no. 01-1144, CCHP, Inc., case no. 01-1145, Coalgrace, Inc., case no. 01-1146, Coalgrace II, Inc., case no. 01-1147, Creative Food 'N Fun Company, case no. 01-1148, Darex Puerto Rico, Inc., case no. 01-1149, Del Taco Restaurants, Inc., case no. 01-1150, Dewey and Almy, LLC (f/k/a Dewey and Almy Company), case no. 01-1151, Ecarg, Inc., case no. 01-1152, Five Alewife Boston Ltd., case no. 01-1153, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), case no. 01-1154, G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), case no. 01-1155, GEC Management Corporation, case no. 01-1156, GN Holdings, Inc., case no. 01-1157, GPC Thomasville Corp., case no. 01-1158, Gloucester New Communities Company, Inc., case no. 01-1159, Grace A-B Inc., case no. 01-1160, Grace A-B II Inc., case no. 01-1161, Grace Chemical Company of Cuba, case no. 01-1162, Grace Culinary Systems, Inc., case no. 01-1163, Grace Drilling Company, case no. 01-1164, Grace Energy Corporation, case no. 01-1165, Grace Environmental, Inc., case no. 01-1166, Grace Europe, Inc., case no. 01-1167, Grace H-G Inc., case no. 01-1168, Grace H-G II Inc., case no. 01-1169, Grace Hotel Services Corporation, case no. 01-1170, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), case no. 01-1171, Grace Offshore Company, case no. 01-1172, Grace PAR Corporation, case no. 01-1173, Grace Petroleum Libya Incorporated, case no. 01-1174, Grace Tarpon Investors, Inc., case no. 01-1175, Grace Ventures Corp., case no. 01-1176, Grace Washington, Inc., case no. 01-1177, W. R. Grace Capital Corporation, case no. 01-1178, W. R. Grace Land Corporation, case no. 01-1180, Gracoal, Inc., case no. 01-1181, Gracoal II, Inc., case no. 01-1182, Guanica-Caribe Land Development Corporation, case no. 01-1183, Hanover Square Corporation, case no. 01-1184, Homco International, Inc., case no. 01-1185, Kootenai Development Company, case no. 01-1186, L B Realty, Inc., case no. 01-1187, Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), case no. 01-1188, Monolith Enterprises, Incorporated, case no. 01-1189, Monroe Street, Inc., case no. 01-1190, MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), case no. 01-1191, MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), case no. 01-1192, MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), case no. 01-1193, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), case no. 01-1194, Southern Oil, Resin & Fiberglass, Inc., case no. 01-1195, Water Street Corporation, case no. 01-1196, Axial Basin Ranch Company, case no. 01-1197, CC Partners (f/k/a Cross Country Staffing), case no. 01-1198, Hayden-Gulch West Coal Company, case no. 01-1199, H-G Coal Company, case no. 01-1200, (herein collectively referred to as the "Debtors" or "Grace").

W. R. Grace & Co. - Conn. is the Debtors' main operating entity. **Attached hereto is a list of "other names" used by W. R. Grace & Co. - Conn.** in the last 6 years. If you assert a claim against any of these "other names", your claim should be filed against W. R. Grace & Co. - Conn., case no. 01-1179.

**Non-Asbestos Claim:** Non-Asbestos Claims are all other claims against the Debtors **as of the time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 than Asbestos Property Damage, Zonolite Attic Insulation, Asbestos Personal Injury, Settled Asbestos or Medical Monitoring Claims.** More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed

lot intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Settled Asbestos Claim**: Settled Asbestos Claims are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001, but for which the Claimant has yet to receive full payment. "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

**Zonolite Attic Insulation Claim**: Zonolite Attic Insulation Claims are claims that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the presence of Zonolite Attic Insulation manufactured by the Debtors. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. The defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**Bar Date Notice Package - Page 12**

## OTHER NAMES USED BY W. R. GRACE & CO.-CONN. CASE NO. 01-1179 IN LAST 6 YEARS

ABS
ABS Specialty Genetics
Adtec
Agracetus
Airmold
Ambrosia Chocolate
American Breeders Service
American Café
Amicon
Amicon, Inc.
Aquatec Chemical
Assignment America
Auragen
Baker & Taylor
Beltronix Systems, Inc.
Camet
Canonie, Inc.
Canonie Environmental Services
Canonie Ventures
Caswell Massey
Century Café
CC Partners
CCHP
Chomerics
Circe Biomedical
Coast Café
Colowyo Coal Company
Composite Materials
Construction Products Division
Cormix
Creative Food And Fun
Crosfield Catalysts
Cross Country Healthcare Personnel
Cross Country Healthcare Professionals
Cross Country Staffing
Cryovac
Cypress Packaging
Darex
Darex Container Products
Darex Puerto Rico
Davison
Davison Catalysts
Davison Chemical
Davison Silicas
Dean & Deluca

Dearborn
Dearborn Chemicals
Del Taco, Inc.
Del Taco Restaurants
Dewey & Almy
Dewey & Almy Chemicals
Dialysis Services Division
Diamonite
Duncan Lagnese & Assoc., Inc.
Emerson & Cuming
Endura
Environmental Litigation
Management
Erika, Inc.
Flex-Light
Formpac
Geniva
Gloucester New Communities Co.
GN Holdings
Grace Biomedical
Grace Biopesticides
Grace Bioremediation Technologies
Grace Cocoa
Grace Cocoa Associates, L.P.
Grace Composite Materials
Grace Construction Products
Grace Container Products
Grace Culinary Systems
Grace Davison
Grace Drilling
Grace Energy
Grace Healthcare
Grace Hotel Services Corporation
Grace Logistics Services
Grace Membrane Systems
Grace Microwave
Grace Packaging
Grace Performance Chemicals
Grace Petroleum Company
Grace-Sierra
Grace Specialty Businesses
Grace Specialty Polymers
Grace Tec Systems
Grace Transportation Services
Grace Washington, Inc.

Gracoal
Harold's
Home Nutritional Services
Homecare Division
Hotel Services Corporation
Huthnance
LB Realty
Las Brisas
Las Brisas Restaurant
Lifechem, Inc.
Lighting Systems International
Marine Culture Enterprises
Medalliance
Medical Products Division
Merckens Chocolate
Metreon
Minico
Monolith Enterprises
National Medical Care
NMC
PJ McKenzie's
Propal
Protocare
Reg
Restaurant Enterprises Group
Remedium Group, Inc.
Secret Harbor Bistro
Sourgas
Southern Flow Companies
Stantrans, Inc.
STS
Support Transport Services
Tec Systems
Veratex Corporation
Visiting Nurses

Exhibit 1 to Bar Date Notice

A list of the brand names under which the Debtors manufactured or distributed products which may have contained commercially added asbestos, includes, but may not be limited to, the following:

- Ari-Zonolite Board Texture (1961 - 1964);
- Ari-Zonolite Natura
- Ari-Zonolite Oyster White
- Ari-Zonolite Nu-White
- Econo-White 65 and Econo-White 70 -- Econo-White Acoustical Texture; Econo-White Super White
- Hi-Sorb Acoustical Plaster (1966 - 1973) -- XX White Hi-Sorb; Oyster White Hi-Sorb
- Perlcoustic (1966 - 1973)
- Perltex Spray Surfaces (19 ?? - 1973) -- PlasterTex; Perltex Super-40 Spray Surfacer; Perltex Super-40; Gun Coat Spray Surfacer
- Perltex Super-40 Fog (19 ?? - 1973) -- Perltex Fog (Prior to 1968)
- Perltex Super-40 Perltex (19 ?? - 1973) -- Perltex Perlite; Super-40 Perlite
- Perltex Super-40 Polycoarse -- Perltex Polycoarse (Prior to 1988)
- Perltex Super-40 SAV (19 ?? - 1973) -- Perltex SAV; Super-40 SAV
- Prep-Coat #3; Prep-Coat #5
- Satin White
- Spra-Wyt a/k/a Spra-Wyt Finish, Spra-Wyt Acoustical, Spra-Wyt Acoustical Finish
- Vermiculite Acoustical Plaster; Vermiculite Acoustical Plastic
- Versakote -- Prep Coat #4
- Z-Tex (1958 - 1962) -- EX-Tex; Z-Tex 2; Z-Tex 2 Super White
- Zono-Coustic (1960-1973) -- Zono-Coustic 1; Zonocoustic 2; Zonocoustic 3; Zonocoustic Type Z; and Zonocoustic (MK2)
- Zonolite Acoustical Plaster (1945 - 1972) -- Zonolite Acoustical Plastic; Zonolite Board of Education Texture (1962 - 1963) -- Board of Education Hard Texture
- Zonolite Finish Coat (1956 - 1970) -- Decorator's White
- Zonolite Finish Coat (1961 - 1973) -- Decorator's White Extra Hard
- Zonolite Finishing Cement
- Zonolite High Temperature Insulating Cement (1938 - 1971) -- Hi Temp Insulating Cement; Zonolite Hi-Temperature Cement; Zonolite High Temperature Cement
- Zonolite Mono-Kote (MK-1) (1958 - 1962) -- Mono-Kote (generic name)
- Zonolite Mono-Kote 3 (MK-3) (1959 - 1973) -- Mono-Kote (generic name)
- Zonolite Spra-Insulation (1959 - 1973) -- Mono-Kote (MK-2)
- Zonolite Spra-Tex -- Regular (1955 - 1972) -- Zonolite Spra-Tex EH
- Zonolite Spra Tex -- Extra Hard (1961 - 1972)

Exhibit 2 to Bar Date Notice

**This page intentionally left blank.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |
| | ) | |

### ORDER AS TO ALL NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAGE CLAIMS, AND MEDICAL MONITORING CLAIMS: (I) ESTABLISHING BAR DATE, (II) APPROVING PROOF OF CLAIM FORMS AND (III) APPROVING NOTICE PROGRAM

Upon the motion dated June 27, 2001 (the "June 27, 2001 Motion"), as revised on February 12, 2002 (the "Motion")[2] of Debtors, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for (i) entry of case management order, (ii) establishment of Bar Dates (iii) approval of proof of claim forms, and (iv) approval of the notice program, all as more fully set forth in the Motion; and the Court having jurisdiction to consider

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

-1-

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that (a) establishing a bar date by which creditors must assert any Asbestos Property Damage Claims, Medical Monitoring Claims and any Non-Asbestos Claims against any of the Debtors or be forever barred from asserting such claims, voting on any plan or plans of reorganization or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (the "Bankruptcy Code") and the Bankruptcy Rules is necessary for the prompt and efficient administration of these Chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein; (b) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these Chapter 11 cases; (c) the form and content of the Debtors' Asbestos Property Damage Proof of Claim Form, Asbestos Medical Monitoring Proof of Claim Form and Non-Asbestos Proof of Claim Form and accompanying instructions as amended (collectively, the "Proof of Claim Forms") are fair and reasonable; and (d) a bar date of **March 31, 2003** for all Claims required to be filed against the Debtors as provided for herein is appropriate in these cases; and due notice of the Motion having been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iii) the attorneys for each of the Official Committees appointed in these cases, and (iv) all parties required to be provided notice pursuant to Bankruptcy Rules 2002 and 9007 and Local Rule 2002-1; and it appearing that no other or further notice need be provided; and it appearing that it is appropriate to set the bar date; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is:

ORDERED, that, pursuant to Bankruptcy Rule 3003(c)(3), **March 31, 2003** is fixed as the bar date for filing proofs of claims asserting Asbestos Property Damage Claims, Medical Monitoring Claims and Non-Asbestos Claims against the Debtors (the "Bar Date"), as such claims are defined on Exhibit 1 to the Claims Bar Date Notice; and it is further

ORDERED that proofs of claim will be deemed timely filed only if actually received by the Debtors' Claims Processing Agent at the address provided for in the Claims Bar Date Notice on or before the Bar Date; and it is further

ORDERED that the Debtors' Claims Processing Agent shall *not* accept proofs of claim sent by facsimile, telecopy or electronic transmission; and it is further

ORDERED that any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease with any of the Debtors must file a proof of claim based upon such rejection on or before the later of (a) thirty (30) days after service of an order of the Court approving such rejection or thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of time fixed by the Court, and (b) the **March 31, 2003** bar date; and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States, (iii) conform substantially with the specialized Proof of Claim Forms approved by this Court herein, except for holders of Non-Asbestos Claims who may file Official Form 10, and (iv) indicate the Debtor against which the creditor is asserting a claim; and it is further

ORDERED that notice of entry of this Order and of the Bar Date in a form substantially similar to the notice filed herewith (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice of the Bar Date and all procedures and requirements in connection therewith if it is served together with this Order, the General Instructions for filing Proof of Claim Forms and the appropriate Proof of Claim Forms (the "Bar Date Notice Package") by depositing same in the United States mail, first-class postage prepaid, within sixty (60) days after the date of entry of this Order upon the following entities:

A.   the Office of the United States Trustee for the District of Delaware,

B.   the members of the Committees and their attorneys,

C.   all holders of prepetition debt issued by or on behalf of the Debtors, but only to the extent the identity of such holders is known to the Debtors,

D.   all entities listed on the Schedules as having Claims or potential Claims, at the addresses stated therein,

E.      all counter-parties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein,

F.      the District Director of Internal Revenue for the District of Delaware,

G.      the Securities and Exchange Commission,

H.      all entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order,

I.      holders of known Non-Asbestos Claims as defined on Exhibit 1 to the Bar Date Notice and their counsel, if known, and

J.      all current residents of the Libby, Montana area.

and it is further

ORDERED that notice of entry of this Order and of the Bar Date shall be deemed good, adequate and sufficient notice of the Bar Date and all procedures and requirements in connection therewith if it is served together with the Bar Date Notice Package by depositing same in the United States mail, first-class postage prepaid, within thirty (30) days after the date of entry of this Order upon all counsel of record for known holders of Asbestos Property Damage Claims and Medical Monitoring Claims as defined on Exhibit 1 to the Bar Date Notice; and it is further

ORDERED that all counsel of record for holders of Asbestos Property Damage Claims and/or Medical Monitoring Claims provide the Debtors with the following information: (1) the current names and addresses of their clients who have claims against the Debtors in these cases or who may or might have claims against the Debtors in these cases, within sixty (60) days after the date of entry of this Order so that the Debtors will be able to provide their clients with the Bar Date Package no later than ninety (90) days after the date of this Order, **or** (2) a certification within sixty (60) days after the date of entry of this Order,   that counsel has contacted or attempted to contact all of their clients whom they represent, provided them with the Bar Date Package and advised them regarding their rights to assert a claim against the Debtors and their need to file their proofs of claim on the court-approved Proof of Claim forms by the deadlines set forth herein; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date to unknown claimants pursuant to the Debtors' Bar Date Notice Plan For Asbestos Property Damage Claims and Other Claims (the "Notice Plan"), as modified, and filed on April 12, 2002, shall be deemed

-4-

good, adequate and sufficient notice of the Bar Date, and the Debtors and their professionals (including but not limited to Kinsella Communications, Ltd.) are hereby authorized and directed to take any and all actions necessary to fully implement the Notice Plan including the making of expenditures necessary to implement the plan from estate funds, the placement of the advertisements contemplated in the plan, the payment for advertisements including commissions to advertising agencies and the employment of and payment to a 1-800 response company, all without further notice, hearing or order of this Court; and it is further

ORDERED that the Proof of Claim Forms as revised and filed on April 12, 2002 are approved; and it is further

ORDERED that any person holding an Asbestos Property Damage Claim, Medical Monitoring Claim or Non-Asbestos Claim who does not file a completed Proof of Claim Form on or before the Bar Date shall be forever barred to the extent of applicable law from (a) participating in the Debtors' estates; (b) voting with respect to any plan of reorganization filed in these cases; and (c) receiving any distribution from the Debtors or any entity created pursuant to or in connection with any confirmed plan of reorganization in these cases. Further, such parties (a) to the extent of applicable law shall be bound by the terms of any confirmed plan of reorganization (including, without limitation, any provisions therein that provide the Debtors, any successor or any party under a confirmed plan with a release or discharge pursuant to 11 U.S.C. §§ 524(g) and 1141, and (b) shall not receive any further notice of these cases or the matters considered in connection therewith; and it is further

ORDERED that the Debtors are authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with the claims they may have against the Debtors in these chapter 11 cases in satisfaction of due process; and it is further

ORDERED that this Court requests the aid and recognition of any court or judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of

Canada and any judicial, regulatory or administrative tribunal of any other state or nation to act in aid of and to be complementary to this Court in carrying out the terms of this Court's orders in the present adversary proceeding. In particular, this Court requests the continued cooperation and assistance of the Superior Court of Justice of Ontario and extends its appreciation to Mr. Justice James Farley of that Court.

April 22, 2002
Wilmington, Delaware

/c/ Judith K. Fitzgerald

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# GENERAL INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM FORMS FOR THE BAR DATE

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

**THE BAR DATE, AS DEFINED HEREIN, DOES NOT APPLY TO ASBESTOS PERSONAL INJURY CLAIMS, SETTLED ASBESTOS CLAIMS OR ZONOLITE ATTIC INSULATION CLAIMS, AS DEFINED BELOW. THOSE CLAIMS WILL BE SUBJECT TO A SEPARATE CLAIM SUBMISSION PROCESS AND SHOULD NOT BE FILED AT THIS TIME.**

## – GENERAL DEFINITIONS –

*"Bar Date"* is the date set by the Court as the date by which all persons and entities who have claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

*"Debtor"* is the person, corporation, or other entity that has filed a bankruptcy case.

*"Creditor"* is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

*"Proof of Claim"* is a form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the claims agent described below.

## – THE DEBTORS –

The Bar Date for filing Proofs of Claim shall apply to persons and entities having claims within section 101(5) of the Bankruptcy Code against any or all of the following entities or their predecessors-in-interest as of the time immediately preceding the applicable Bar Date except for Non-Asbestos Claims which are claims as of the date immediately preceding the filing of the Chapter 11 cases on April 2, 2001: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), case no. 01-1139, W. R. Grace & Co.-Conn., case no. 01-1179, A-1 Bit & Tool Co., Inc., case no. 01-1140, Alewife Boston Ltd., case no. 01-1141, Alewife Land Corporation, case no. 01-1142, Amicon, Inc., case no. 01-1143, CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), case no. 01-1144, CCHP, Inc., case no. 01-1145, Coalgrace, Inc., case no. 01-1146, Coalgrace II, Inc., case no. 01-1147, Creative Food 'N Fun Company, case no. 01-1148, Darex Puerto Rico, Inc., case no. 01-1149, Del Taco Restaurants, Inc., case no. 01-1150, Dewey and Almy, LLC (f/k/a Dewey and Almy Company), case no. 01-1151, Ecarg, Inc., case no. 01-1152, Five Alewife Boston Ltd., case no. 01-1153, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), case no. 01-1154, G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), case no. 01-1155, GEC Management Corporation, case no. 01-1156, GN Holdings, Inc., case no. 01-1157, GPC Thomasville Corp., case no. 01-1158, Gloucester New Communities Company, Inc., case no. 01-1159, Grace A-B Inc., case no. 01-1160, Grace A-B II Inc., case no. 01-1161, Grace Chemical Company of Cuba, case no. 01-1162, Grace Culinary Systems, Inc., case no. 01-1163, Grace Drilling Company, case no. 01-1164, Grace Energy Corporation, case no. 01-1165, Grace Environmental, Inc., case no. 01-1166, Grace Europe, Inc., case no. 01-1167, Grace H-G Inc., case no. 01-1168, Grace H-G II Inc., case no. 01-1169, Grace Hotel Services Corporation, case

no. 01-1170, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), case no. 01-1171, Grace Offshore Company, case no. 01-1172, Grace PAR Corporation, case no. 01-1173, Grace Petroleum Libya Incorporated, case no. 01-1174, Grace Tarpon Investors, Inc., case no. 01-1175, Grace Ventures Corp., case no. 01-1176, Grace Washington, Inc., case no. 01-1177, W. R. Grace Capital Corporation, case no. 01-1178, W. R. Grace Land Corporation, case no. 01-1180, Gracoal, Inc., Gracoal II, Inc., case no. 01-1181, Guanica-Caribe Land Development Corporation, case no. 01-1184, Hanover Square Corporation, case no. 01-1184, Homco International, Inc., case no. 01-1185, Kootenai Development Company, case no. 01-1186, L B Realty, Inc., case no. 01-1187, Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), case no. 01-1188, Monolith Enterprises, Incorporated, case no. 01-1189, Monroe Street, Inc., case no. 01-1190, MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), case no. 01-1191, MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), case no. 01-1192, MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), case no. 01-1193, Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), case no. 01-1194, Southern Oil, Resin & Fiberglass, Inc., case no. 01-1195, Water Street Corporation, case no. 01-1196, Axial Basin Ranch Company, case no. 01-1997, CC Partners (f/k/a Cross Country Staffing), case no. 01-1198, Hayden-Gulch West Coal Company, case no. 01-1199, H-G Coal Company, case no. 01-1200, (herein collectively referred to as the "Debtors" or "Grace").

## – SPECIFIC DEFINITIONS –

The Debtors have created specialized Proof of Claim forms for the following claims: Non-Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring Claims. Such claims are defined as follows:

*"Non-Asbestos Claims"* are any claims against the Debtors **as of the time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001** other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Non-Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Zonolite Attic Insulation Claims; (d) Settled Asbestos Claims; or (e) Medical Monitoring Claims.

*"Asbestos Property Damage Claims"* are claims **as of the time immediately preceding the Bar Date** that relate, for example, to the cost of removal, diminution of property value or economic loss caused by asbestos in products manufactured by the Debtors or from vermiculite mined, milled, or processed by the Debtors. More specifically, Asbestos Property Damage Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or

allegedly caused, directly or indirectly, by asbestos in products or materials, manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or from vermiculite mined, milled, or processed by the Debtors and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. For purposes of the Bar Date, the defined term "Asbestos Property Damage Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to asbestos or vermiculite.

"Medical Monitoring Claims" are claims by or on behalf of those who have not as of the Bar Date suffered any personal injury but who are alleging that Grace wrongfully caused them to be significantly exposed to hazardous asbestos fibers, that this exposure significantly increased the claimant's risk of contracting a serious latent disease, that medical monitoring could reasonably be expected to result in early detection of the onset and mitigation of the severity of such disease, and that because of this exposure it is necessary for the claimant to be examined by a physician or receive medical testing more often than he or she otherwise would.

**As outlined in the Claims Bar Date Notice, the Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claims submission process and should not be filed at this time. Those claims are defined as follows:**

*"Asbestos Personal Injury Claims"* are claims that involve personal injuries or damages related to exposure to asbestos containing products manufactured by the Debtors or exposure to vermiculite mined, milled or processed by the Debtors. More specifically, Asbestos Personal Injury Claims are those claims against one or more of the Debtors, whether in nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, physical, emotional or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, by the exposure to, asbestos containing products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors or the exposure to vermiculite mined, milled or processed by the Debtors, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general and special damages and punitive damages. The defined term "Asbestos Personal Injury Claim" is not intended to include those claims separately defined herein as (a) Asbestos Property Damage Claims; (b) Zonolite Attic Insulation Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

*"Settled Asbestos Claims"* are those Asbestos Personal Injury Claims against the Debtors for which the Claimant and one or more of the Debtors entered into a fully-effective and binding settlement agreement, for a liquidated amount, as of the commencement of the Debtors' chapter 11 cases on April 2, 2001 , but for which the Claimant has yet to receive full payment. The defined term "Settled Asbestos Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c)

Zonolite Attic Insulation Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of exposure to asbestos or asbestos-containing products or the mining, milling or processing of vermiculite.

*"Zonolite Attic Insulation Claims"* are claims that relate, for example, to the cost of removal, diminution of property value or economic loss caused by the Zonolite Attic Insulation manufactured by the Debtors. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold, translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. The defined term "Zonolite Attic Insulation Claim" is not intended to include those claims separately defined herein as (a) Asbestos Personal Injury Claims; (b) Asbestos Property Damage Claims; (c) Settled Asbestos Claims; (d) Non-Asbestos Claims; or (e) Medical Monitoring Claims even though such claims may or may not arise directly or indirectly as a result of claims for property damage relating to Zonolite Attic Insulation.

**The Bar Date for filing NON-ASBESTOS CLAIMS, ASBESTOS PROPERTY DAMAGE CLAIMS AND MEDICAL MONITORING CLAIMS is March 31, 2003 at 4:00 p.m. Eastern Time.**

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

This page intentionally left blank.

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | **GRACE NON-ASBESTOS PROOF OF CLAIM FORM** |
|---|---|---|
| Name of Debtor:[1] | Case Number | **Exhibit 2** |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| Name of Creditor (The person or other entity to whom the Debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent: | | |
| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☐ Other_____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #:_____ _____ _____<br>Unpaid compensation for services performed<br>from _____ to _____ (date) |
|---|---|
| 2. **Date debt was incurred:** | 3. **If court judgment, date obtained:** |

4. **Total Amount of Claim at Time Case Filed:**     $_____

    If all or part of your claim is secured or entitled to priority, also complete Item 5 below.

    ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)<br><br>Brief Description of Collateral:<br><br>☐ Real Estate     ☐ Other (Describe briefly)<br>    _____<br><br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim above, if any: $_____<br><br>Attach evidence of perfection of security interest<br><br>☐ UNSECURED NONPRIORITY CLAIM<br><br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.<br><br>☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(_____). |
|---|---|

| 6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | This Space is for Court Use Only |
|---|---|
| 7. **Supporting Documents:** <u>*Attach copies of supporting documents,*</u> such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>8. **Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form. | |
| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |

---

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

## SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have **Non-Asbestos Claims** against any of the Debtors. **Non-Asbestos Claims** are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, **Non-Asbestos Claims** are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses**: Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim**: A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim**: If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim**: Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor**: Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1.  **Basis for Claim**: Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2.  **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3.  **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4.  **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5.  **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

    **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6.  **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7.  **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

> Claims Processing Agent
> Re: W. R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN 55021-1620

**The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.**

Exhibit 3

# W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms.* The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product (*other than Zonolite Attic Insulation*), THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.



## INSTRUCTIONS FOR FILING THE W.R. GRACE & CO. ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

## WHO SHOULD USE THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM

1.  This Asbestos Damage Proof of Claim Form (referred to in this document as the "Form") applies only to current claims made against Grace by or on behalf of parties who are alleging property damage with respect to asbestos in real property owned by the party (such person is referred to in this document as the "claiming party") from a Grace asbestos-containing product or as a result of one of Grace's vermiculite mining, milling, or processing facilities.

2.  The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3.  This form should not be used for Medical Monitoring Claims or Non-Asbestos Claims. Instead, separate specialized proof of claim forms for these claims should be completed.

4.  If you are alleging current claims against Grace with respect to asbestos in more than one (1) real property, the claiming party should complete an Asbestos Property Damage Proof of Claim Form for each property. You may request additional forms by calling the Claims Processing Agent at 1-800-432-1909.

## GENERAL INSTRUCTIONS

1.  This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault, MN 55021-1620.
    If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  If you are unable to provide any of the information required by the proof of claim form, please so specify, as well as provide a short statement describing why such information is unavailable. If you are in the process of obtaining such information at the time you file your proof of claim, please so advise and indicate that the same shall be provided when obtained.

4.  This form must be filled out completely using BLACK or BLUE ink or may be typewritten.
    • Please print clearly using capital letters only.          • Do not use a felt tip pen.
    • Skip a box between words.          • Do not bend or fold the pages of the form.
    • Do not write outside of the boxes or blocks.

5.  Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

6.  Mark check boxes with an "X" (example at right).   ☒   NAME HERE

7.  Be accurate and truthful. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

8.  Make a copy of your completed Form to keep for your records. Send only original Forms to the Claims Processing Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
    PO Box 1620
    Faribault, MN 55021-1620.

9.  You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**     **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*                    *MI*   *Last*

*First*                    *MI*   *Last*

**GENDER:**  ☐ MALE   ☐ FEMALE   ■

**Mailing Address:**

*Street Address*

*City*                                                      *State (Province)*   *Zip Code (Postal Code)*

*Country*

# PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

**Name of Attorney:**

*First*                    *MI*   *Last*

**Mailing Address:**

*Street Address*

*City*                                                      *State (Province)*   *Zip Code (Postal Code)*

**Telephone:**

( )   -   ■

*Area Code*

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

Street Address

City                                                                                    State        Zip Code
                                                                                        (Province)   (Postal Code)

Country

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☐ Yes        ☐ No

3. Do you currently own the property listed in Question 1, above?

   ☐ Yes        ☐ No

4. When did you purchase the property?   ☐☐ – ☐☐ – ☐☐☐☐
                                          Month   Day   Year

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☐ Commercial
   ☐ Industrial    Specify: _____
   ☐ Other         Specify: _____

6. How many floors does the property have?   ☐☐

7. What is the approximate square footage of the property?   ☐☐☐☐☐☐☐

8. When was the property built?
   ☐ Before 1969
   ☐ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☐ Steel beam/girder
   ☐ Other         Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☐ Yes        ☐ No

9276102                        1011499

239276-2-2/3

## A.    Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| | | |
|---|---|---|
| Year | Description | |

| | | |
|---|---|---|
| Year | Description | |

| | | |
|---|---|---|
| Year | Description | |

11.  To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes        ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | | |
|---|---|---|
| Year | Description | |

| | | |
|---|---|---|
| Year | Description | |

| | | |
|---|---|---|
| Year | Description | |

## B.    Claim Category

12.  For which category are you making a claim on the property?

☐ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C
- If you checked Category 2 in question 12, complete section D

## C.    Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property

13.  For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☐ Other        Specify: 

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14.  When did you or someone on your behalf install the asbestos containing product(s) in the property?

| | | |
|---|---|---|
| Year | ☐ I did not install the product(s) | |

15.  If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | | |
|---|---|---|
| Year | ☐ Don't know. | |

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes ☐ No

· If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☐ Yes ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes ☐ No

9276104

1011499

239276-2-3/3

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | | | | | Description | |
|--|--|--|--|--|--|--|
*Year*

| | | | | | Description | |
|--|--|--|--|--|--|--|
*Year*

| | | | | | Description | |
|--|--|--|--|--|--|--|
*Year*

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☐ Yes        ☐ No        **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes        ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | | | | Company/Individual | |
|--|--|--|--|--|--|
*Year* | | | | Type of testing: |

| | | | | Company/Individual | |
|--|--|--|--|--|--|
*Year* | | | | Type of testing: |

| | | | | Company/Individual | |
|--|--|--|--|--|--|
*Year* | | | | Type of testing: |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☐ Yes        ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | | | | | Description | |
|--|--|--|--|--|--|--|
*Year*

| | | | | | Description | |
|--|--|--|--|--|--|--|
*Year*

| | | | | | Description | |
|--|--|--|--|--|--|--|
*Year*

**D. Category 2 Claim:  Allegation With Respect To One of Grace's Vermiculite Mining, Milling Or Processing Operations**

32. What is the business address or location of the Grace operation which has led to your claim?

*Business Name*

*Street Address*

*City*                                                                      *State (Province)*    *Zip Code (Postal Code)*

*Country*

33. If your claim relates to a personal residence, does (or did) anyone living in the household work for Grace?

☐ Yes        ☐ No

34. If yes, specify the following for each such individual:

| Name of Individual Working at Grace Operation | Name of Individual Working at Grace Operation |
|---|---|
| **Date of Birth** | **Date of Birth** |
| ☐☐ - ☐☐ - ☐☐☐☐ | ☐☐ - ☐☐ - ☐☐☐☐ |
| *Month  Day   Year* | *Month  Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:        To: | From:        To: |
| *Year*        *Year* | *Year*        *Year* |
| **Name of Individual Working at Grace Operation** | **Name of Individual Working at Grace Operation** |
| **Date of Birth** | **Date of Birth** |
| ☐☐ - ☐☐ - ☐☐☐☐ | ☐☐ - ☐☐ - ☐☐☐☐ |
| *Month  Day   Year* | *Month  Day   Year* |
| **Occupation(s) of Individual** | **Occupation(s) of Individual** |
| **Dates Worked at Operation** | **Dates Worked at Operation** |
| From:        To: | From:        To: |
| *Year*        *Year* | *Year*        *Year* |

35. When did you first know of the presence of asbestos on your property?

*Year*

9276106                                              1011499

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

41. If you responded Yes to question 38. or question 40. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

42. Have you or anyone on your behalf conducted any other testing or sampling for the presence of asbestos on your property?

☐ Yes          ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

43. If you do not have any documents relating or referring to any other such testing or sampling for the presence of asbestos on your property, explain why not and indicate who may have possession or control of such documents with respect to the property.

44. If you or someone on your behalf did not conduct any other testing or sampling for the presence of asbestos on your property, to the best of your knowledge, did anyone else conduct such testing or sampling?

☐ Yes          ☐ No

45. If you responded Yes to question 42. or question 44. and you have not supplied related documents, please specify the dates and descriptions of any such efforts.

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

| | | | | Description | |
|---|---|---|---|---|---|
*Year*

46. Were you aware of the presence of asbestos on your property when you purchased your property?

☐ Yes          ☐ No

47. If you have sold the property, were you aware of the presence of asbestos on your property when you sold your property?

☐ Yes          ☐ No          ☐ Not Applicable, have not sold the property

9276108                                    1011499

## PART 4. ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No

   ☐ Yes – lawsuit

   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption

   b. Court where suit **originally filed**:
   *County/State*      Docket No.:

   c. Date filed:
   *Month   Day   Year*

   a. Caption

   b. Court where suit **originally filed**:
   *County/State*      Docket No.:

   c. Date filed:
   *Month   Day   Year*

   a. Caption

   b. Court where suit **originally filed**:
   *County/State*      Docket No.:

   c. Date filed:
   *Month   Day   Year*

(Attach additional pages if necessary.)

9276109                    1011499

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐ ■
              *Month*  *Day*  *Year*

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
               *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
              *Month*  *Day*  *Year*        ■

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
               *Name of Entity*

---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
              *Month*  *Day*  *Year*

   c. Name of entity to whom claim was submitted:
     ☐ Grace
     ☐ Other
               *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

                                                              ☐☐ - ☐☐ - ☐☐☐☐

SIGNATURE OF CLAIMANT                                   *Month*  *Day*  *Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

1011499

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

# W.R. GRACE & CO.
# ASBESTOS MEDICAL MONITORING
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for medical monitoring, but not personal injury, due to alleged significant exposure to hazardous asbestos fibers as a result of the acts or omissions of Grace, THIS ASBESTOS MEDICAL MONITORING PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson MM243847-2    65432    Printed in U.S.A.    Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

**INSTRUCTIONS FOR FILING THE W. R. GRACE & CO.
ASBESTOS MEDICAL MONITORING PROOF OF CLAIM FORM**

## WHO SHOULD USE THIS ASBESTOS MEDICAL MONITORING PROOF OF CLAIM FORM

1.  This Asbestos Medical Monitoring Proof of Claim Form (referred to in this document as the "Form") applies only to claims being made against Grace by or on behalf of those who have not as of the Claim Bar Date suffered any personal injury but who are alleging that Grace wrongfully caused them to be significantly exposed to hazardous asbestos fibers, that this exposure significantly increased the claimant's risk of contracting a serious latent disease, that medical monitoring could reasonably be expected to result in early detection of the onset and mitigation of the severity of such disease, and that because of this exposure it is necessary for the claimant to be examined by a physician or receive medical testing more often than he or she otherwise would.

2.  The Bar Date does not apply to Asbestos Personal Injury Claims, Settled Asbestos Claims or Zonolite Attic Insulation Claims. Those claims will be subject to a separate claim submission process and should not be filed at this time.

3.  This form should not be used for claims for an Asbestos Property Damage Claim or a Non-Asbestos Claim. Instead, separate specialized proof of claim forms for these claims should be completed.

4.  Please do not distribute this form to others. Please call the Claims Processing Agent at 1-800-432-1909 to request additional forms if they are needed.

### GENERAL INSTRUCTIONS

1.  This form must be signed by the claimant or authorized agent of the claimant. THIS FORM MUST BE RECEIVED ON OR BEFORE 4:00 PM EASTERN TIME ON MARCH 31, 2003, or you forever will be precluded from asserting your claim(s) against or receiving payment from Grace. Return your completed form to the Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy, P.O. Box 1620, Faribault MN 55021-1620. If you are returning this form by mail, allow sufficient time so that this form is received on or before March 31, 2003. Forms that are postmarked before March 31, 2003 but received after March 31, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile will not be accepted for filing.

2.  If you cannot fit all information in any particular section or page, please make a copy of that page before filling it out and attach as many additional pages as needed.

3.  This form must be filled out completely using BLACK or BLUE ink or may be typewritten.

    - Please print clearly using capital letters only.     • Do not use a felt tip pen.

    - Skip a box between words.     • Do not bend or fold the pages of the form.

    - Do not write outside of the boxes or blocks.

4.  Because this form will be read by a machine, please print characters using the examples below. For optimum accuracy, please print in capital letters and avoid contact with the edge of the character boxes.

5.  Mark check boxes with an "X" (example at right).   ☒     |N|A|M|E| |H|E|R|E|

6.  Be <u>accurate</u> and <u>truthful</u>. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both. 18 U.S.C. §§ 152 & 3571.

7.  Make a copy of your completed Form to keep for your records. <u>Send</u> only <u>original</u> Forms to the Claims Agent at the following address: Claims Processing Agent, Re: W.R. Grace & Co. Bankruptcy
    P.O. Box 1620
    Faribault MN 55021-1620.

8.  You will receive written notification of the proof of claim number assigned to this claim once it has been processed.

## PART I. CLAIMANT IDENTIFICATION

**NAME:**

*First*  *Middle*  *Last*  *Jr/Sr/III*

**GENDER:** ☐ MALE  ☐ FEMALE  ■

**SOCIAL SECURITY NUMBER:**

**BIRTH DATE:**

*Month  Day  Year*

**Residential Address:**

*Street Address*

*City*  *State /Province*  *Zip Code /Postal Code*

*Country (if not U.S.)*

**Day Time Telephone**

( )  -

*Area Code*

## PART II. ATTORNEY INFORMATION

*If an attorney is representing this claimant or the representative of this claimant, complete this section.*
*(You do not need to be represented by an attorney to submit a claim.)*

**Law Firm Name**

**Attorney Name**

*First*  *MI*  *Last*

**Mailing Address for Claim-Related Correspondence**

*Street Address*

*City*  *State /Province*  *Zip Code /Postal Code*

*Country (if not U.S.)*

**Telephone Number**  **Fax Number**

( )  -  ( )  -  ■

*Area Code*  *Area Code*

**E-Mail Address**

2005338

# PART III: Questions Applicable To Persons Claiming Exposure To Asbestos In The Libby, Montana Area (Lincoln County, Montana)

## A.  RESIDENCE/EMPLOYMENT INFORMATION

1.  **Were you ever a resident of Lincoln County, Montana?**

    ☐ Yes        ☐ No                                          ■

    During what period of time?   What was/were your residential address(es) during each such period of time?

**Start Date**            **End Date**

☐☐ - ☐☐☐☐         ☐☐ - ☐☐☐☐
Month  Year               Month   Year

**Residential Address:**

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
Street Address

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐          ☐☐☐☐☐
City                                                                    Zip Code
                                                                        /Postal Code

**2.** **List your jobs, employers and employment locations during each period of time in which you lived in Lincoln County.**

**1.** **Employment Dates:**

From ☐☐ - ☐☐☐☐      To ☐☐ - ☐☐☐☐

Month  Year                  Month  Year

**2.** **Occupation:**

description

**3.** **Claimant's Employer**

**4.** **Employment Location:**

Street Address

City                                                                                          Zip Code
                                                                                             /Postal Code

**1.** **Employment Dates:**

From ☐☐ - ☐☐☐☐      To ☐☐ - ☐☐☐☐

Month  Year                  Month  Year

**2.** **Occupation:**

description

**3.** **Claimant's Employer**

**4.** **Employment Location:**

Street Address

City                                                                                          Zip Code
                                                                                             /Postal Code

Continue on next page > > >

3847103

2005338

2.    continued...



3.    Were you or any member(s) of your household an employee of W.R. Grace while you lived in Lincoln County?

☐ Yes        ☐ No

4.    If you were an employee of W.R. Grace, did you work:

   a. In the mining of vermiculite ore?

☐ Yes        ☐ No

If yes, during what time period?    What jobs did you perform?

Start Date        End Date

☐☐ - ☐☐☐☐        ☐☐ - ☐☐☐☐
*Month   Year*        *Month   Year*

Occupation: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

*description*

Continue on next page > > >

**4.  continued...**

**b. In the milling or screening of vermiculite ore?**

☐ Yes      ☐ No

**If yes, during what time period?    What jobs did you perform?**

**Start Date**                    **End Date**

☐☐ – ☐☐☐☐          ☐☐ – ☐☐☐☐
Month    Year                 Month    Year

Occupation: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

*description*

**c. In the vermiculite expansion plant?**

☐ Yes      ☐ No

**If yes, during what time period?    What jobs did you perform?**

**Start Date**                    **End Date**

☐☐ – ☐☐☐☐          ☐☐ – ☐☐☐☐
Month    Year                 Month    Year

Occupation: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

*description*

**d. If employed at any other W.R. Grace location, please specify.    What jobs did you perform?**

**Site Name:**

**Site Owner:**

**Site Address:**

*Street Address*

*City*                                                              *Zip Code /Postal Code*

Occupation:

*description*

## B. OTHER CLAIMS OR LITIGATION

**Have you ever brought or filed any worker's compensation claims against Grace?**

☐ Yes      ☐ No

If yes, answer this section.

1. **Describe the injury for which you sought compensation.**

2. **When was the claim filed?**  Date

   [   ] - [       ]
   Month    Year

3. **What was the result of the claim?**
   - ☐ Claim Paid          ☐ Pending
   - ☐ Claim Denied        ☐ Other (please describe)

**Have you ever filed any other claims or lawsuits against Grace?**

☐ Yes      ☐ No

If yes, answer this section.

1. **Please describe the claim or lawsuit.**

2. **When was the claim or lawsuit filed?**  Date

   [   ] - [       ]
   Month    Year

3. **Where was the claim or lawsuit filed (court or other claims authority)?**
   Court or Claims Authority:

   [                                        ]
   Name

   [                                    ]   [   ]
   City                                  State /Province

4. **What was the result of the lawsuit or claim?**
   - ☐ Judgement or Verdict Entered   ☐ Settled Not Paid   ☐ Other (please describe)
   - ☐ Settled and Paid                ☐ Pending

2005338

## C. RELATED PARTY MEDICAL MONITORING CLAIM

*If you claim exposure to asbestos brought into your household by a family member who worked for Grace, list each Grace employee in your household and describe the time period of each such exposure, their job(s) and employment location(s).*

Grace Employee Name:

First Name     Middle Name     Last Name

1. **Asbestos Exposure dates:**

From     To

Month  Year     Month  Year

2. **Grace Employee Occupation:**

description

3. **Employment Location:**

Grace Employee Name:

First Name     Middle Name     Last Name

1. Asbestos Exposure dates:

From     To

Month  Year     Month  Year

2. Grace Employee Occupation:

description

3. Employment Location:

## D. ZONOLITE ATTIC INSULATION EXPOSURE (LINCOLN COUNTY, MT)

**Do you or did you have Zonolite Attic Insulation in your home during any period of time in which you lived in Lincoln County?**

☐ Yes    ☐ No

**Where was/is it located in your home?** ☐ Attic    ☐ Other (specify)

**Did you personally install that insulation?**    ☐ Yes    ☐ No

**Has the Zonolite Attic Insulation ever been moved and/or disturbed by you?**

☐ Yes    ☐ No

**If yes, specify when and in what manner the Zonolite Attic Insulation was moved and/or disturbed.**

| Date | Description |
|------|-------------|
| Month - Year | |

**For incidents in which the Zonolite Attic Insulation was moved and/or disturbed, how long did you stay in close proximity to the insulation after you disturbed it?**

☐ Less than 1 hour    ☐ 5-8 hours
☐ 1-4 hours    ☐ Other (please specify)

## E. ASBESTOS TESTING

**Has there ever been any testing or sampling for the presence of asbestos on the property at which you reside or resided in Lincoln County?**

☐ Yes    ☐ No

**If yes, provide when, by whom, the type of testing or sampling, and the results (e.g. air, bulk and dust sampling).**

**If Yes, when?**

**Date:**

Month - Day - Year

**Sample Location:**

**Who took the sample:**

**Sample results:**

Continue on next page > > >

3847108

2005338J

**E.  continued...**

**Date:**

| | | - | | | | | | |
|-|-|-|-|-|-|-|-|-|

*Month*   *Day*   *Year*

**Sample Location:**

**Who took the sample:**

**Sample results:**

```

```

---

**If Yes, Attach To This Form All
Documents Related To Any Testing
Of The Property**

---

## PART IV: QUESTIONS APPLICABLE TO FORMER WORKERS AT W.R. GRACE EXPANSION PLANTS (OTHER THAN IN LIBBY, MONTANA)

**Have you ever worked at a W.R. Grace vermiculite expansion plant other than in Libby, Montana?
If yes, answer the questions in this Part.**

**Name of Plant:**

**Plant Address:**

*Street Address*

*City*                                                    *State /Province*   *Zip Code /Postal Code*

**Employment Dates at this Plant:**

From                    To

| | | - | | | |     | | | - | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|

*Month*   *Year*        *Month*   *Year*

**Occupation at this Plant:**

Continue on next page > > >

**IV. continued...**

Name of Plant:

Plant Address:

Street Address

City

State/Province

Zip Code/Postal Code

Employment Dates at this Plant

From

To

Month    Year    Month    Year

Occupation at this Plant

**Have you ever brought or filed any worker's compensation claims against Grace?**

☐ Yes    ☐ No

If yes, answer this section.

1. Describe the injury for which you sought compensation.

2. When was the claim filed?    Date

    ☐☐ - ☐☐☐☐
    Month    Year

3. What was the result of the claim?    ☐ Claim Paid    ☐ Claim Denied    ☐ Pending    ☐ Other (please describe)

**PART V: Questions Applicable To Persons Who Were Employed As Commercial Installers or Removers of Zonolite Attic Insulation**

*This section should be completed by claimants who allege significant exposure to Zonolite Attic Insulation as a result of installing or removing that product in residences while employed by insulation contractors or construction businesses.*

**Have you ever personally installed or removed Zonolite Attic Insulation as an employee of a commercial insulation business or other construction business?**

☐ Yes    ☐ No    ■

**If yes, answer the questions in this Part:**

| During what time period(s) did you install or remove Zonolite Attic Insulation? | From [ ] - [ ][ ][ ][ ]  Month   Year | To [ ] - [ ][ ][ ][ ]  Month   Year |
| | From [ ] - [ ][ ][ ][ ]  Month   Year | To [ ] - [ ][ ][ ][ ]  Month   Year |
| | From [ ] - [ ][ ][ ][ ]  Month   Year | To [ ] - [ ][ ][ ][ ]  Month   Year |

**List your employer(s) and job(s) and employment location(s) during each time period in which you installed or removed Zonolite Attic Insulation.**

1. **Employment dates:**

From [ ][ ] - [ ][ ][ ][ ]    To [ ][ ] - [ ][ ][ ][ ]
Month   Year                  Month   Year

2. **Occupation:**

description

3. **Employer's Name:**

4. **Employer's Address:**

Street Address

City                              State /Province    Zip Code /Postal Code

Country (if not U.S.)

**List the percentage of time during that period that you personally installed or removed Zonolite Attic Insulation.**

**For each employer for whom you installed or removed Zonolite Attic Insulation, describe the protective equipment you used while working in proximity to the Zonolite Attic Insulation.**

**Percentage of time:**

[ ][ ] %

**Protective equipment used:**

☐ respirator    ☐ face mask    ☐ special clothing    ☐ other protective equipment    ☐ none

■

*Continue on next page > > >*

**V.  continued...**

**1.  Employment dates:**

From [ ][ ] - [ ][ ][ ][ ]    To [ ][ ] - [ ][ ][ ][ ]
*Month    Year*              *Month    Year*

**2.  Occupation:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*description*

[                                                                                    ]

**3.  Employer's Name:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

**4.  Employer's Address:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*Street Address*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*City*                                                        *State         Zip Code*
                                                             */Province      /Postal Code*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   [ ][ ]   [ ][ ][ ][ ]

*Country (if not U.S.)*

List the percentage of time during that period that you personally installed or removed Zonolite Attic Insulation.

For each employer for whom you installed or removed Zonolite Attic Insulation, describe the protective equipment you used while working in proximity to the Zonolite Attic Insulation.

**Percentage of time:**  [ ][ ]%  **Protective equipment used:**
☐ respirator  ☐ face mask  ☐ special clothing  ☐ other protective equipment  ☐ none

**1.  Employment dates:**

From [ ][ ] - [ ][ ][ ][ ]    To [ ][ ] - [ ][ ][ ][ ]
*Month    Year*              *Month    Year*

**2.  Occupation:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*description*

[                                                                                    ]

**3.  Employer's Name:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

**4.  Employer's Address:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*Street Address*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

*City*                                                        *State         Zip Code*
                                                             */Province      /Postal Code*

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   [ ][ ]   [ ][ ][ ][ ]

*Country (if not U.S.)*

List the percentage of time during that period that you personally installed or removed Zonolite Attic Insulation.

For each employer for whom you installed or removed Zonolite Attic Insulation, describe the protective equipment you used while working in proximity to the Zonolite Attic Insulation.

**Percentage of time:**  [ ][ ]%  **Protective equipment used:**
☐ respirator  ☐ face mask  ☐ special clothing  ☐ other protective equipment  ☐ none

## PART VI. Other Exposures To Asbestos Materials or Products

*This section should be completed by all claimants. It asks for information about any additional exposure to asbestos or asbestos-containing products you have had in your lifetime. DO NOT repeat any of the information requested in the previous sections of this form.*

**List all of the asbestos product(s) or material(s) you have been exposed to, describe how you were exposed to that product or material, and identify the time period of each exposure. A supplemental form is provided if you have been exposed to more than one additional asbestos product or material:**

**Asbestos product or material:**

**Manufacturer or Source of the product or material:**

**Describe how exposure occurred:**

**If the exposure occurred while you were working, list your occupation, employer, and job location:**

**Occupation**

**Employer**

**Job location**

**If exposure occurred from work-related application of asbestos products, how close were you to the application or removal of the product?**

**Time period(s) of the exposure:**

From — Month / Year     To — Month / Year          From — Month / Year     To — Month / Year

**Have you ever made a claim relating to this exposure?**

☐ Yes    ☐ No

**If yes, answer this section:**

**a.  Please describe the claim or lawsuit.**

**b.  When was the claim or lawsuit filed?  Date:** ☐☐ - ☐☐☐☐  *Month  Year*

**c.  Where was the claim or lawsuit filed (court or other claims authority)?**
**Court or Claims Authority:**

*Name:*

*City:*                                                                              *State/Province:*

**d.  What was the result of the lawsuit or claim?**

☐ Judgement or Verdict Entered    ☐ Settled Not Paid    ☐ Other (please describe)
☐ Settled and Paid                ☐ Pending

*Continue on next page > > >*

Did your additional exposure occur because you shared a household with an occupationally exposed person (such as a spouse or a parent who worked in proximity to asbestos)?

☑ Yes    ☐ No

If yes, list the time period of that household exposure:   From [ ] [ ] - [ ] [ ] [ ] [ ]   To [ ] [ ] - [ ] [ ] [ ] [ ]
                                                                Month   Year              Month   Year

List the name of the occupationally exposed household member:

[ ] First Name   [ ] Middle Name   [ ] Last Name

List his or her occupation, employer and employment location, and describe how that person brought asbestos from the workplace into your household:

Occupation: [ ]

Employer: [ ]

Employment location: [ ]

How it was brought home
[ ]

## PART VII: SIGNATURE

**All claims must be signed by the claimant or the person filing on his/her behalf
(such as the personal representative or attorney).**

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. To the best of my knowledge, the information is accurate and complete.

[ ]   [ ] - [ ] - [ ]
      Month  Day  Year

SIGNATURE OF CLAIMANT,
REPRESENTATIVE, OR ATTORNEY

Name of Signatory, if not the claimant
[ ]

Relationship of Signatory to Claimant
[ ]

IF THE SIGNATURE IS NOT THAT OF THE CLAIMANT,
PLEASE PRINT THE NAME OF THE SIGNATORY ABOVE AND INDICATE THE
RELATIONSHIP TO THE CLAIMANT

## THE PENALTY FOR SUBMITTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 3571