IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 11, 2003.**
**Hearing Date: April 28, 2003 at 12:00 p.m., only if objections are received.**

## MOTION OF THE DEBTORS FOR AN ORDER EXTENDING TIME TO ASSUME, ASSUME AND ASSIGN, OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
hereby move the Court for entry of an order, pursuant to section 365(d)(4) of title 11 of the
United States Code (as amended, the "Bankruptcy Code"), extending the time for the Debtors to
assume, assume and assign, or reject any lease, sublease or other agreement that may be
considered "an unexpired lease of nonresidential real property" (the "Unexpired Leases") under
section 365(d)(4) of the Bankruptcy Code through and including October 1, 2003 (the
"Motion"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R.
Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical,
Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex
Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five
Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a
Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New
Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems,
Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace
H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.),
Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace
Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc.,
Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc.,
Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc.,
Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA
Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing
Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson &
Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a
Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### Background

1.      In an order entered October 25, 2002, the Court extended the Debtors' time to assume, assume and assign, or reject Unexpired Leases through and including April 1, 2003, subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease (the "Extension Order").

2.      The Debtors are currently parties to several hundred Unexpired Leases that fall into two major categories.  The first category of Unexpired Leases consists of real property leases for offices and plants throughout the United States and Puerto Rico.  The second category of Unexpired Leases consists of several hundred leases where the Debtors are lessees under leases of commercial real estate, often retail stores, restaurants and other, similar facilities, most of which have been sub-leased to other tenants.

### Relief Requested

3.      By this Motion, the Debtors are seeking an order further extending the Debtors' time to assume, assume and assign, or reject Unexpired Leases from April 1, 2003, until October 1, 2003 (a six month extension).  This extension would be subject to and without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject the Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease.

### Basis for Relief

4.      This Motion is filed pursuant to section 365(d)(4) of the Bankruptcy Code, which permits bankruptcy courts to grant, for cause, extensions of the period to assume or assign non-residential leases enumerated therein (the "Rejection Period").  In re Channel Home Centers,

Inc., 989 F.2d 682 (3d Cir. 1993), cert. denied, 114 S. Ct. 184 (1993).  Congress enacted section

365(d)(4) in order "to protect lessors ... from delay and uncertainty by forcing a trustee or a

debtor in possession to decide quickly whether to assume unexpired leases."  In re American

Healthcare Management, Inc., 900 F.2d 827, 830 (5th Cir., 1990).  Congress recognized,

however, in enacting section 365(d)(4) of the Bankruptcy Code, that the prescribed time period

"will not be enough time for bankrupt lessees to decide whether to assume, assume and assign, or

reject leases.  In those circumstances, upon adequate demonstration of cause, bankruptcy courts

may grant lessees extensions of time in which to assume or reject."  Id.

> 5.     The legislative history of section 365(d)(4) of the Bankruptcy Code

indicates that a debtor confronted with the task of analyzing a significant number of leases has

sufficient cause to extend the Rejection Period:

> This time period [can] be extended by the court for cause,
> such as in exceptional cases involving large numbers of
> leases.

130 Cong. Rec. S8894-95, reprinted at 1984 U.S. Code Cong. & Admin. News 576, 598-601

(remarks of Sen. Hatch concerning the bill).  In construing the legislative history, the bankruptcy

court in In re Unit Portions of Delaware, Inc., 53 B.R. 83 (Bankr. E.D.N.Y. 1985) concluded:

> Congress recognized that there may be times when it is not
> possible for the trustee to make a careful and informed
> assessment of the benefits and burdens of the lease within
> this 60 day period.  Accordingly, it empowered the court to
> grant a trustee who demonstrates cause for an extension of
> additional time to make this assessment.

Id. at 85.

> 6.     Numerous courts have discussed what constitutes sufficient cause to

extend the Rejection Period.  In In re Wedtech Corp., 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the

Court applied the following factors, among others, to determine whether "cause" existed to extend the Rejection Period:

     a.    where the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

     b.    where the case is complex and involves large numbers of leases; or

     c.    where the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization.

Id. at 471-72.

     d.    The Third Circuit Court of Appeals has endorsed the Wedtech decision:

> [N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop. Thus we agree with...In re Wedtech Corp., 72 Bankr. 464, 471-72 (Bankr. S.D.N.Y. 1987) that it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan that it is formulating.

In re Channel Home Centers, Inc., 989 F.2d at 689.

     7.    Indeed, the deadline for assumption or rejection of leases is often extended for long periods of time. See, e.g., In re Ernst Home Center, Inc., 221 B.R. 243, 256 (9th Cir. B.A.P. 1998) (granting 14 month extension). Indeed, courts routinely grant multiple extensions of the Rejection Period. See e.g., In re Channel Home Centers, Inc., 989 F.2d at 688; Matter of American Healthcare Management, Inc., 900 F.2d at, 830; In re Victoria Station, Inc., 88 B.R. 231, 239 n.7 (9th Cir. B.A.P. 1988) affd. 875 F.2d 1380 (9th Cir. 1989) (multiple extensions of 365(d)(4) time period allowed).

     8.    The Debtors' present situation meets the requirements in Wedtech for an extension of the 365(d)(4) period to assume or reject the Unexpired Leases. Since the Extension Order was entered, the Debtors' management and professionals have been consumed with the

operation of the Debtors' businesses and the complex task of resolving these chapter 11 cases, which were filed as a result of mounting asbestos-related litigation liabilities rather than as a result of difficulties with the Debtors' core businesses. Defining these liabilities and then providing for the payment of valid claims on a basis that preserves the Debtors' core business operations is a complex process that is central to resolving these chapter 11 cases. Given its nature, this process involves significant litigation that is, as the Court has recognized, taking time to resolve.

9.     To that end the Debtors have worked diligently, in conjunction with a number of constituencies, to advance the chapter 11 cases, and, as a result, substantial progress has been made in establishing a framework within which to resolve the mounting asbestos-related litigation liabilities and various other claims against the Debtors. Indeed, since the most recent rejection period extension motion was filed on September 17, 2002, there have been a number of developments regarding the "Science Trial," a forum established by this Court to resolve factual questions about the scientific risks of Zonolite attic insulation ("ZAI") and whether it may lead to liability in these chapter 11 cases. In particular, on November 25, 2002, (the "November 25 Order") this Court entered its Amended Order revising the modified Science Trial scheduling order, which had been entered on July 22, 2002.

10.     As set forth in the November 25 Order, fact discovery for the Science Trial now ends on February 28, 2003. The ZAI claimants' expert reports are due on March 21, 2003, and the Debtors' expert reports are due on April 11, 2003. Depositions of the ZAI claimants' experts will be conducted from April 14, 2003, through May 9, 2003, and depositions of the Debtors' experts will be conducted from May 12, 2003, through June 6, 2003. The parties may file Rule 42 consolidation motions together with related Daubert/summary judgment

motions by July 7, 2003. Responses are due on August 8, 2003, and replies are due on August 18, 2003. A hearing on the motions is currently scheduled to commence on September 16, 2003.

11.    By another order dated April 25, 2002, this Court also set a claims bar date of March 31, 2003, for all other claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims.

12.    Other progress also has been made in these chapter 11 cases since the Debtors filed their last rejection period extension motion. In particular, on November 27, 2002, the parties in the fraudulent transfer actions filed by the official asbestos committees in these chapter 11 cases (Adversary Proceeding Nos. 02-2210 and 02-2211) reached a settlement. A Personal Injury Claims bar date, however, has yet to be set, and other related issues raised by the Debtors' case management motions also remain unresolved. The Debtors and other constituents have briefed Judge Wolin on how best to resolve the Personal Injury Claims and the procedures for doing so.

13.    The litigation described above streamlines the claims adjudication process and provides a means of resolving the common legal issues through a fair and orderly process in a single forum while preserving legitimate personal injury claimants' rights to trial. The Debtors submit, however, that further progress is necessary before the Debtors can meaningfully develop a viable plan of reorganization.

14.    This lengthy process has affected the Debtors' ability to analyze their Unexpired Leases in several respects. First, the attention of the Debtors' management has been focused elsewhere, and second, the nature of the resolution of these asbestos-related claims may impact the Debtors' decisions regarding some or all of these Unexpired Leases. Finally, due to the inability of the Debtors to develop a viable plan of reorganization until the above-described

issues are resolved, the Debtors have been unable to evaluate the impact that the assumption or rejection of several hundred leases would have upon any such plan of reorganization.

15.    The period ending on April 1, 2003, therefore has been insufficient for the Debtors to make prudent decisions concerning the assumption or rejection of the Unexpired Leases. The size, nature and complexity of these chapter 11 cases and the Debtors' businesses, the complex legal and economic issues relating to these chapter 11 cases and the development of a plan of reorganization and the potential value of the Unexpired Leases to the ongoing operations of the Debtors all necessitate further extending the Rejection Period. As a result, sufficient cause exists to extend the Rejection Period until October 1, 2003.

16.    The Debtors believe that they are current in all of their postpetition rent payments and other contractual obligations with respect to the Unexpired Leases. The Debtors intend to continue to timely pay all rent obligations on leases until they are either rejected or assumed and will continue to timely perform their contractual obligations with respect to the assumed leases. As a result thereof, the continued occupation of the relevant real property by the Debtors (whether directly or by sublessees) will not prejudice the lessors of such real property or cause such lessors to incur damages that cannot be recompensed under the Bankruptcy Code. Furthermore, these lessors will not be prejudiced because they retain the right under section 365(d)(7) of the Bankruptcy Code to request that the period to assume or reject be shortened with respect to particular leases.

17.    For the reasons set forth herein, the Debtors respectfully submit that the time period under section 365(d)(4) of the Bankruptcy Code should be extended for the Debtors to assume, assume and assign, or reject all Unexpired Leases through and including October 1, 2003. The Debtors respectfully submit that any such extension should be granted subject to and

without prejudice to: (a) the rights of the Debtors to request a further extension of the time to assume, assume and assign, or reject Unexpired Leases and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease.

## Notice

18.    Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the debtor in possession lenders; (iii) counsel to the official committees appointed in these chapter 11 cases; (iv) the non-Debtor parties to the Unexpired Leases; and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the Rejection Period through and including October 1, 2003, subject to and without prejudice to (a) the rights of the Debtors to request a further extension of the Rejection Period and (b) the rights of any lessor to request that the extension be shortened as to a particular Unexpired Lease, and (ii) grant such other and further relief as the Court deems appropriate.

Dated:  March 24, 2003

KIRKLAND & ELLIS

James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (#2436)
Scotta E. McFarland (#4184)
Paula A. Galbraith (#4258)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession