| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|

| Name of Debtor:[1] W.R. Grace & Company | Case Number 01-01139 | COPY |
|---|---|---|

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| Name of Creditor (The person or other entity to whom the Debtor owes money or property):<br><br>Wayne Morris | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY<br><br>MAR 2 5 2003 |
|---|---|---|
| Name and address where notices should be sent:<br>Prindle, Decker & Amarro<br>c/o Gary E. Yardumian<br>310 Golden Shore, 4th Floor<br>Long Beach, CA 90802 | | |
| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☒ Other  Indemnity Claim | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #:_____<br>Unpaid compensation for services performed<br>from _____ to _____ (date) |
|---|---|
| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
| 4. Total Amount of Claim at Time Case Filed:<br>If all or part of your claim is secured or entitled to priority, also complete Item 5 below.<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | $_____ |

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)<br><br>Brief Description of Collateral:<br><br>☐ Real Estate    ☐ Other (Describe briefly)<br>_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim above, if any: $ not applicable<br><br>Attach evidence of perfection of security interest<br><br>☐ UNSECURED NONPRIORITY CLAIM<br><br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☒ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.<br><br>☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(_____). |
|---|---|

| 6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | This Space is for Court Use Only |
|---|---|
| 7. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form. | |
| Date<br>3-5-03 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Gary E. Yardumian | |

REC'D MAR 18 2003

---
[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

**DECLARATION OF GARY E. YARDUMIAN**

I, Gary E. Yardumian, declare as follows:

1. I am an attorney, duly licensed to practice law in all the courts of the State of California. I am a partner with the firm of Prindle, Decker & Amaro, LLP, attorneys of records for Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS (hereinafter "Moving Parties"). I am the attorney primarily responsible for handling the state court action entitled HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS TIG Insurance Company v. Gary Smolker, et al., Case No. BC 173952. As such, I am readily familiar with the facts of this case and have personal knowledge of the facts set forth in this declaration. If called upon as a witness, I could, and would, testify competently as follows:

2. I have retained the services of SHERRY RUGGIERO FALLON of TYBOUT, REDFEARN & PELL, a member of the bar of this court to represent HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS at the hearing in this action, and assist my firm in obtaining admission pro hac vice. Enclosed, herein under separate cover is a copy of Moving Parties Motion and Order for Admission Pro Have Vice.

3. The aforementioned state court action arises out of an October 15, and 16, 1996 incident in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home Saving") applied the product Syloid 244 to GARY SMOLKER and ALICE SMOLKER'S (hereinafter "the

Smolkers") condominium unit for the purpose of eradicating termites. The Smolkers allege they have sustained personal injuries as a result of exposure to Syloid 244.

4.  Syloid 244 was manufactured and distributed by Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor").

5.  On or about July 2, 1997, TIG Insurance Company filed a declaratory relief actions against the Smolkers seeking a declaration that TIG Insurance Company is not required to pay for any insurance proceeds to the Smolkers. Thereafter, in October of 1997, the Smolkers filed a cross-complaint against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY, and numerous other parties alleging 31 causes of action, including but not limited to a strict products liability cause of action against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE & COMPANY.

6.  The gravamen of the Smolkers' cross-complaint is that Syloid 244 is a defective product and was negligently applied by Home Saving. The state court action was filed in the Los Angeles Superior Court Central District.

7.  Shortly after the Smolkers filed their cross-complaint Moving Parties and Debtor entered into a joint defense agreement to defend against the Smolkers' claims. One of the provisions of the joint defense agreement provided neither Moving Parties nor Debtor would file a cross-complaint against each other.

Further, the joint defense agreement provided each party would assist in defense costs, and provide cooperation and assistance in discovery and at trial.

8. On or about April 2, 2001, Debtor filed Chapter 11 petition for bankruptcy relief. Said bankruptcy petition, entitled <u>In Re W.R. GRACE & COMPANY</u>, bears the case number 01-01139, and is currently pending before this court.

9. Moving Parties bring the instant Proof of Claim in order to preserve their rights to indemnity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 5th day of March, 2003

_____
GARY E. YARDUMIAN, Declarant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| W. R. GRACE & COMPANY, | Case No. 01-01139-JJF |
| Debtor. | |
| TIG INSURANCE COMPANY, a California corporation, | |
| Plaintiff, | |
| v. | Reference No. _____ |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | |
| Defendant. | |
| AND RELATED CROSS-ACTIONS CONCERNING HOME SAVING TERMITE CONTROL, INC. and W.F. MORRIS | |

**MOTION PURSUANT TO LOCAL DISTRICT COURT
RULE 83.5(C) FOR ADMISSION *PRO HAC VICE***

Sherry Ruggiero Fallon (the "Movant"), a member in good standing of the Bar of the State of Delaware, an attorney admitted to practice before the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit, and a partner in the firm of Tybout, Redfearn & Pell, hereby moves this Court for entry of an order permitting GARY E. YARDUMIAN, of the law firm of PRINDLE, DECKER & AMARO, LLP, 310 Golden Shore, Fourth Floor, Long Beach, California 90801-5511 (the "Admittee"), to practice *pro hac vice* before the United States Bankruptcy Court for the District of Delaware, to represent HOME

SAVING TERMITE CONTROL, INC. and W.F. MORRIS, pursuant to Local Rule 83.5(c) of the United States District Court for the District of Delaware. In support of the Motion, the Movant states as follows:

1. Mr. Gary E. Yardumian is a member in good standing of the Bar of the State of California. In addition, there are no disciplinary actions against him.

2. Attached as Exhibit A is the certificate of the Admittee pursuant to Local Rule 83.6(i) of the United States District Court for the District of Delaware.

3. Movant requests that the Court allow this Motion so that Mr. Yardumian may file pleadings and appear and be heard at hearings in these chapter 11 cases.

4. No previous motion for relief sought herein has been made to this or any other court.

WHEREFORE, it is respectfully requested that the Court enter an Order substantially in the form attached hereto, (i) permitting GARY E. YARDUMIAN to appear *pro hac vice* in association with the Movant as counsel to Home Saving Termite Control, Inc. and W. F. Morris in these chapter 11 cases, and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

PRINDLE, DECKER & AMARO, LLP
Gary E. Yardumian
310 Golden Shore
Fourth Floor
Long Beach, CA 90801-5511
Telephone Number: (562)436-3946
Telecopy Number: (562) 492-0564

and

TYBOUT REDFEARN & PELL

_____
SHERRY RUGGIERO FALLON
I.D. Number: 2464
300 Delaware Avenue
Suite 1100
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901

Counsel to Home Saving Termite
Control, Inc. and W. F. Morris

1       The Admittee certifies that he is eligible for admission pro hac vice to this Court, is admitted to
2   practice and in good standing in the jurisdiction shown in the paragraph above, submits to the
3   disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the course of, or in
4   the preparation of, this action, and has access to, or has acquired, a copy of the local Rules of this Court
5   and is generally familiar with such Rules.

                                                                         GARY E. YARDUMIAN, ESQ.
                                                                          PRINDLE, DECKER & AMARO
                                                                          310 Golden Shore, 4th Floor
                                                                          Long Beach, California 90802

MOTION GRANTED.

DATED:_____                                                                     _____
                                                                                      UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| W. R. GRACE & COMPANY, | : | Case No. 01-01139 JJF |
| Debtor. | : | |
| TIG INSURANCE COMPANY, a California corporation, | : | |
| Plaintiff, | : | |
| v. | : | Reference No. _____ |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | : | |
| Defendant. | : | |
| AND RELATED CROSS-ACTIONS CONCERNING HOME SAVING TERMITE CONTROL, INC. and W.F. MORRIS | : | |

**ORDER PURSUANT TO LOCAL DISTRICT COURT
RULE 83.5(C) FOR ADMISSION *PRO HAC VICE***

Upon consideration of the foregoing Motion for Admission *Pro Hac Vice*, it is hereby

ORDERED that Gary E. Yardumian may appear and be heard at hearings in this chapter 11 case and any and all proceedings arising therein.

Dated: Wilmington, Delaware
5-8-01

_____
Judge

**CERTIFICATE OF SERVICE**

I, SHERRY RUGGIERO FALLON, hereby certify that I have had deposited in the mailbox at 300 Delaware Avenue, Wilmington, Delaware, on this 3 day of May, 2001, true and correct copies of the attached document(s) addressed to be served on the parties:

Laura Davis Jones, Esquire
David Carickoff, Esquire
Pachulski, Stang, Ziehl et al.
919 N. Market St., Suite 1600
Post Office Box 8705
Wilmington, DE 19899-8705

Hamid R. Rafatjoo, Esquire
Pachulski, Stang, Ziehl, et al.
10100 Santa Monica Blvd.
Los Angeles, CA 90067-4100

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
P.O. Box 25130
Wilmington, DE 19899

Frank J. Perch, Esquire
Office of United State Trustee
601 Walnut St., Room 950 West
Philadelphia, PA 19106

Scott L. Baena, Esquire
Member
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131

David B. Siegel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Robert N. Ridenour, Esquire
Borton, Petrini & Conron
707 Wilshire Blvd., 51st Floor
Los Angeles, CA 90017-3613

James H. M. Spraygeren, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY 10022

TYBOUT, REDFEARN & PELL

*[signature]*
SHERRY RUGGIERO FALLON
I.D. Number: 2464
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, DE 19899

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Chapter 11 |
| W. R. GRACE & COMPANY, | Case No. 01-01139 JJF |
| Debtor. | |
| TIG INSURANCE COMPANY, a California corporation, | |
| Plaintiff, | |
| v. | **DOCUMENTS OFFERED IN SUPPORT OF PROOF OF CLAIM** |
| GARY SMOLKER, an individual, and ALICE SMOLKER, an individual, and DOES 1-10, inclusive, | |
| Defendant. | |
| AND RELATED CROSS-ACTIONS CONCERNING HOME SAVING TERMITE CONTROL, INC. and W.F. MORRIS | |

COMES NOW, Creditors, HOME SAVING TERMITE CONTROL, INC. AND WAYNE MORRIS, hereby submit the following Memorandum of Points and Authorities and Declaration of Gary E. Yardumian in support of proof of claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF REASONS IN SUPPORT OF CLAIM**

There is currently pending before this Court a Petition for Relief under 11 U.S.C. §§ 1101. et seq., relating to the affairs of Debtor, W.R. GRACE & COMPANY (hereinafter "Debtor". Said Petition

entitled <u>In Re W.R. Grace & Company</u> bears the case number 01-01139. Debtor is a cross-defendant and alleged manufacture of a product in a state strict liability action entitled TIG INSURANCE v. GARY SMOLKER, et al., and related cross-actions, California Case No. BC 173952. Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS, are also cross-defendants to the same strict products liability action. However, Moving Parties only applied Debtor's product and never manufactured or supplied the product. Therefore, Moving parties have a potential claim for indemnity against Debtor if a trier of facts finds Moving Parties liable under strict products liability theory.

More specifically, the potential indemnity cross-complaint against Debtor arises out of an incident on October 15 and 16, 1996, in which HOME SAVING TERMITE CONTROL, INC. (hereinafter "Home Saving, Inc."), a termite control company owned and operated by WAYNE MORRIS (hereinafter "Morris"), applied the product Syloid 244 to the condominium unit owned by GARY SMOLKER and ALICE SMOLKER (Hereinafter "the Smolkers"). The Smolkers allege they have sustained personal injuries as a result of exposure to Syloid 244. Syloid 244 was manufactured and distributed by the Debtor, W.R. GRACE & COMPANY. On or about July 2, 1997, TIG INSURANCE COMPANY filed a declaratory relief action against the Smolkers seeking a declaration that TIG INSURANCE COMPANY is not responsible to pay any insurance proceeds to the Smolkers. Therafter, in October of 1997, the Smolkers filed a cross-complaint against HOME SAVING

TERMITE CONTROL, INC., WAYNE MORRIS, W.R. GRACE & COMPANY and numerous other parties alleging 31 causes of action, including by not limited to a strict products liability cause of action against HOME SAVING TERMITE CONTROL, INC., WAYNE MORRIS, and W.R. GRACE & COMPANY.  This state court action, entitled TIG INSURANCE v. GARY SMOLKER, et al., and related cross-actions, Case No. BC 173952, was filed in the Los Angeles Superior Court, Central District.

The state court action referenced above to set to commence trial on June 11, 2001.  Moving Parties are forced to pay if a trier of fact finds the Smolkers sustained personal injuries as a result of a defective product manufactured and supplied by Debtor, W.R. GRACE & COMPANY.  Moving Parties have yet to file the cross-complaint against Debtor because prior to the bankruptcy petition, Moving Parties and Debtor have maintained a joint defense agreement in the <u>TIG Insurance v. Gary Smolker</u> action in which parties agreed to cooperate and not file cross-complaints against each other.

On or about April 2, 2001, Debtor filed a Chapter 11 Bankruptcy Petition in this Court.  As a result, Moving Parties were forced to bring this proof of claim.

## II.

### CONCLUSION

Based upon the foregoing, Moving Parties, HOME SAVING TERMITE CONTROL, INC. and WAYNE MORRIS, have a claim against Debtor in the form of a state court indemnity cross-complaint against the Debtor.

DATED:

March 5, 2003

PRINDLE, DECKER & AMARO, LLP

_____
GARY E. YARDUMIAN
Attorney for Cross-Defendants, HOME SAVINGS TERMITE CONTROL, INC., W.F. MORRIS and RIKK THOMPSON