UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE: W.R GRACE & CO., ET AL.        )
                                       )
                                       )   BANKRUPTCY NO. 01-01139(JKF)
                                       )   CHAPTER 11
                                       )   (Jointly Administered)
            DEBTORS.                   )
                                       )

### STIPULATION AND ORDER PERMITTING PENSION BENEFIT GUARANTY CORPORATION TO FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

W.R. Grace & Co. and its debtor subsidiaries (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that PBGC will be permitted to file consolidated proofs of claim on its own behalf and on behalf of the Debtors' defined benefit pension plans (the "Pension Plans"), which will be deemed to have been filed in each of the Debtors' cases, as applicable, for the reasons and on the terms and conditions set forth below:

RECITALS:

A.  The Debtors filed voluntary petitions under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), on April 2, 2001. The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 01-01139 (JKF).

B.  On April 22, 2002, the Court entered an order (the "Bar Date Order") fixing, among other things, March 31, 2003 as the deadline for filing proofs of claim against the

Debtors. The Bar Date Order and the Notice of Claims Bar Date distributed by the Debtors specifically require that a claimant with claims against more than one of the Debtors file a separate proof of claim in the case of each Debtor against whom that claimant asserts a claim.

C. PBGC is a wholly-owned United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461 (1994 & Supp. IV 1998). The Pension Plans are covered under Title IV of ERISA. Each of the Debtors either sponsors one of the Pension Plans or is a member of such sponsors' controlled group.

D. PBGC has concluded that it must file separate claims against each of the Debtors, representing the claims for which the Debtors are jointly and severally liable to the Pension Plans and PBGC under 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a). Therefore, literal compliance with the Bar Date Order and Notice of Claims Bar Date would require PBGC to file 3,162 separate proofs of claim. These multiple claims would impose a significant administrative burden on the Debtors, PBGC, the Court and the Debtors' claims agent.

AGREEMENT:

1. Notwithstanding anything to the contrary set forth in the Bar Date Order, Notice of Claims Bar Date, Bankruptcy Code, Federal Rules of Bankruptcy Procedure and/or local bankruptcy rules that would otherwise require PBGC to file separate proofs of claim against more than one of the Debtors on account of each claim against such Debtors, it is expressly agreed herein that the filing of a proof of claim or proofs of claim by PBGC on its own behalf or on behalf of the Pension Plans in Chapter 11 Case No. 01-01139 (JKF) shall be deemed to constitute the filing of such proof of claim or proofs of claim in Case No. 01-01139 (JKF) and in

each of the other Debtors' Chapter 11 cases, as relevant. Consequently, with respect to the Pension Plans, PBGC shall be permitted to file claims in these cases, each of which will represent claims asserted as the result of PBGC's allegations of joint and several liability under 29 U.S.C. §§ 1082(c)(11), 1307(3)(2), 1362(a). The Debtors acknowledge that each proof of claim filed on or before the Bar Date shall be deemed timely filed for all purposes under the Bar Date Order and Notice of Claims Bar Date.

2. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights of the Debtors, PBGC or any other party in interest.

3.  The above-noted procedure shall also apply to any amendments as to amount that PBGC may make with respect to any proof of claim against any of the Debtors.

Respectfully submitted,

Dated: March 26, 2003

*Paula A. Galbraith*

LAURA DAVIS JONES (#2436)
SCOTTA E. MCFARLAND (#4184)
PAULA A. GALBRAITH (#4258)
PACHULSKI, STANG, ZIEHL, YOUNG & JONES PC
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(301) 652-4100
Co-counsel for for Debtors and Debtors in Possession

Dated: March 24, 2003

*Brad Rogers*

JAMES J. KEIGHTLEY
General Counsel
JEFFREY B. COHEN
Deputy General Counsel
CHARLES FINKE
Assistant General Counsel
BRAD ROGERS
Attorney
PENSION BENEFIT GUARANTY
  CORPORATION
Office of the General Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Tel: (202) 326-4020
Fax: (202) 326-4112
Attorneys for the Pension Benefit Guaranty Corporation

SO ORDERED this ___ day of
_____, 2003:

_____
UNITED STATES BANKRUPTCY JUDGE