**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF BILZIN SUMBERG DUNN BAENA**
**PRICE & AXELROD LLP FOR THE SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for the Seventh Interim Period.

**BACKGROUND**

1. Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin Sumberg") was retained as counsel to the official committee of asbestos property damage claimants. In the Application, Bilzin Sumberg seeks approval of fees totaling $44,816.50 and costs totaling $2,047.87[1] for its services from October 1, 2002, through December 31, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

---

[1] In its interim application, Bilzin describes a cost credit of $2,673.50, resulting in a request for expense reimbursement of $2,047.87. Actual expenses reviewed total $4,721.37.

**FEE AUDITOR'S INITIAL REPORT** - Page 1
wrg FR Bilzin 7int 10-12.02.wpd

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Bilzin Sumberg an initial report based on our review and received a response from Bilzen Sumberg, portions of which are quoted herein.

## DISCUSSION

### General Issues

3.     In our initial report, we noted that the Application was generally adequately detailed and devoid of lumping.

### Specific Time and Expense Entries

4.     In our initial report, we noted that throughout the Application period, LMF ($100) billed time to the fraudulent transfer litigation matter. The total time billed was 4.0 hours for $400.00. The entries are provided below.

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 10/09/02 | LMF | 0.80 | 80.00 | ...provide bills on fraudulent transfer matter for Bilzen, Hamilton, Rabinovitz and W.D. Hilton (.3). |
| 10/10/02 | LMF | 1.90 | 190.00 | ...redact July and August invoices regarding the fraudulent transfer litigation for Hamilton, Rabinovitz and revise notices and summaries for same (.9); review with J. Sakalo (.1); submit invoices and notices for fraudulent transfer litigation to local counsel for filing and serving (.2)... |
| 11/01/02 | LMF | 1.30 | 130.00 | ...redact fraudulent transfer statement (.5). |
| 11/21/02 | LMF | 1.80 | 180.00 | Draft First Quarter application for Hamilton Rabinovitz regarding the fraudulent transfer matter (1.4); telephone conference with J. Sakalo regarding |

|            |     |      |       | same (.1)... |
|------------|-----|------|-------|--------------|
| 12/09/02   | LMF | 0.20 | 20.00 | Emails between J. Sakalo, L. Flores and L. Coggins regarding fraudulent transfer invoice for October for Hamilton Rabinovitz (.2). |
| 12/11/02   | LMF | 0.30 | 30.00 | Finalize and send letter with unredacted fraudulent transfer invoice to UST for Hamilton Rabinovitz (.3). |

On July 10, 2002, Judge Wolin entered an order dealing with the Sealed Air fraudulent transfer litigation fees in which he withdrew his reference of that matter from the bankruptcy court, requiring District Court approval for all fees involved in said litigation matters. We realize that some of these entries may reflect billings prior to the date Judge Wolin entered the order; however, it seems obvious from the fee detail that some do not. We asked Bilzin Sumberg to explain why fees for matters regarding fraudulent transfer would still be billed for consideration in this bankruptcy court. Bilzen Sumberg replied as follows:

> Fee Auditor has inquired why the Ms. Flores's time for matters regarding the Fraudulent Transfer matters was included in our Application. Please note that the subject entries all related to "Fee Application" issues in respect of the Fraudulent Transfer. Ms. Flores's time was included in the main bankruptcy case fee application because no fee category existed in the Fraudulent Transfer matter. Should the Fee Auditor desire for us to move the subject fees to the Fraudulent Transfer matter, we certainly can do so.

We appreciate Bilzen's response and concur that because all of the entries at issue relate to the fee application, there is little point in spending time and effort to separate them further. We therefore have no objection to these fees.

5. We further noted an entry by JMS ($235) on November 25, 2002, in which non-working travel time seems to have been billed at the full hourly rate. The entry is provided below.

| 11/25/02 | JMS | 4.00 | 940.00 | Non-working travel time to Miami (4.0) |
|----------|-----|------|--------|----------------------------------------|

Rule 2016-2(d)(viii) states, "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked Bilzen Sumberg to explain why this time was billed at the regular hourly rate. Bilzen Sumberg replied as follows:

> Fee Auditor correctly points out that the four-hour time entry for Mr. Sakalo on November 25, 2002 was incorrectly billed at full rate for non-working travel and not at a reduced 50% of his regularly hourly rate. Accordingly, we agree to a reduction of $470 which equals 50% of the charged amount of $940.

We accept Bilzen Sumberg's explanation and thus recommend a reductions of $470.00 in fees.

6.  Thus we recommend approval of fees totaling $44,346.50 ($44,816.50 minus $470.00) and costs totaling $2,047.87 for Bilzen Sumberg's services from October 1, 2002, through December 31, 2002.

                   Respectfully submitted,

                   **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _/s/ Warren H. Smith_
       Warren H. Smith
       Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 1st day of April, 2003.

                                            Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG DUNN BAENA PRICE
& AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022