# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 11** |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) |
| | ) **Jointly Administered** |
| | ) |
| | ) Objection Deadline: May 12, 2003 at 4:00 p.m. |
| **Debtors.** | ) Hearing Date: May 19, 2003 at 12:00 p.m. |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EXTENDING THE TIME WITHIN WHICH AVOIDANCE ACTIONS MAY BE BROUGHT AND STAYING THE LIMITATIONS DEADLINE PENDING A DECISION ON THIS MOTION

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), through its counsel, hereby submits this motion for entry of an order (i) extending the time set forth in Section 546 of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings. Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

Bankruptcy Code within which Avoidance Actions (as defined below) maybe commenced by or on behalf of the Debtors' estates, and (ii) pending the Court's decision on such extension, staying the current April 2, 2003 deadline under Section 546(a) from running in respect to these chapter 11 cases. In support of this motion, the Creditors' Committee states as follows:

### Preliminary Statement

As set forth below, the deadline by which Avoidance Actions are required to be brought under Section 546 of the Bankruptcy Code will run April 2, 2003. As a result of inherent conflicts and the uncertainty in the Third Circuit on the standing of creditors' committees to commence and prosecute Avoidance Actions, the Creditors' Committee, by this Motion, seeks to preserve for the Debtors' estates to a later date the ability to prosecute Avoidance Actions and recover monies for the estates.

### Background

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their business and property.

2. Section 546(a) of the Bankruptcy Code requires an action or proceeding under sections 544, 545, 547, 548 or 553 (collectively, the "Avoidance Actions") to be commenced after the earlier of (x) the later of (A) two (2) years after the entry of the order for relief, or (B) one year after the appointment or election of the first trustee under Section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (y) the time the case is closed or dismissed.

3. In anticipation of the upcoming deadline, the Debtors conducted a review of their books and records looking generally, among other matters, at those payments made within the ninety day period prior to the Petition Date (the "90 Day Period") for potential preference

-2-

WLM\171827.1

determination purposes, and at those asset transfer transactions effected during the five-year period prior to the Petition Date for potential fraudulent transfer transaction analysis purposes. The Debtors have informed the Creditors' Committee and each of the asbestos committees appointed in these cases that the Debtors' books and records reflect that the Debtors made approximately 45,000 payments during the 90 Day Period totaling over $300 million. Of those payments, over 44,000 of them were for amounts of less than $50,000.

4. With respect to potential preference action alone, if one looks just at payments made within the 90 Day Period in amounts of more than $50,000, and without considering any and all defenses that may be applicable, the Debtors' records reflect that approximately 650 preference actions representing in excess of $200 million could be brought by or on behalf of the Debtors' estates, in respect of payments made to vendors, employees, professionals and asbestos-related claimants under settlements.

5. The successful prosecution of each preference action as well as any fraudulent transfer action brought under a constructive fraud theory, requires a finding that the Debtors were insolvent during the applicable 90 Day Period and other extended periods applicable to fraudulent transfers (collectively, the "Applicable Avoidance Period").

### Relief Sought

6. By this motion, the Creditors' Committee seeks an order of the Court granting an extension of the period set forth in Section 546 of the Bankruptcy Code by which Avoidance Actions must be brought by or on behalf of the Debtors' estates, and staying the period from running on April 2, 2003, the current deadline, until the Court enters a further order in connection with rendering a decision on whether to grant an extension of the Section 546 time period.

7.  The Creditors' Committee submits that the unique circumstances of these chapter 11 cases warrants the Court granting the relief sought. Whether the Debtors were insolvent during the Applicable Avoidance Period prior to the Petition Date or any other pre-petition period has not yet been determined by this Court and is not able to be determined until litigation in respect of asbestos claims against the Debtors' estates have been concluded. As this Court is well aware, the discovery phase of the litigation pending before Judge Fitzgerald to determine what science demonstrates with regard to whether ZAI (Zonolite Attic Insulation) creates an unreasonable risk of harm (the "ZAI Litigation") is on-going and, in the absence of a settlement of the issues, is not scheduled for argument until September 2003. Further, while there has been extensive briefing by the Debtors, the asbestos committees, the Creditors' Committee and other parties setting forth their respective views on case management proposals to determine, whether through Daubert hearings, estimation proceedings or otherwise, the magnitude of asbestos personal injury claims against these estates, these matters remain pending without decision before Judge Wolin. As a result, any determination by the Court of the solvency or insolvency of the Debtors during the time periods applicable to Avoidance Actions is not imminent.

8.  Further, until such time as the Third Circuit Court of Appeals renders a decision in In re Cybergenics, the case law in the Third Circuit will remain uncertain at best as to whether avoidance actions may be prosecuted by the official committees appointed in a chapter 11 case, or whether such actions may only be brought by the debtor-in-possession or trustee. While the Third Circuit vacated its earlier decision In re Cybergenics, No. 01-3805, issued September 20, 2002, and the matter was reargued before the Third Circuit at the end of February 2003, no decision has as yet been issued.[2]

---

[2] A petition to the Supreme Court of the United States from the Third Circuit's decision on reargument would, of course, prolong yet further, the uncertainty of whether official committees could prosecute avoidance actions.

9. Support for the extraordinary relief requested hereby is clear and obvious. These chapter 11 estates stand to lose the potential to recover millions of dollars on hundreds of preference actions as well as recover on fraudulent transfer actions, if applicable, in the event there is a determination that the Debtors were insolvent during the Applicable Avoidance Period.

10. In the absence of a determination by this Court on the Debtors' solvency during the Applicable Avoidance Period, the Debtors, which continue to maintain they are and were solvent at all relevant times, are inherently conflicted and unwilling to commence such actions.[3]

11. Meanwhile the Creditors' Committee and the asbestos committees appointed in these cases, notwithstanding whatever their respective views are on whether the Debtors were solvent during the Applicable Avoidance Period, are being effectively precluded from commencing and prosecuting potential Avoidance Actions until the law in this circuit is settled. The Hobson's Choice of perhaps unnecessarily commencing the many potential Avoidance Actions at great expense and disruption to these estates, or letting the Section 546 time period lapse and thereby lose the potential for recoveries to the estates is patent. Failure to grant the relief sought herein will cause these estates to lose the potential ability to recover millions of dollars on Avoidance Actions should the Court ultimately render an insolvency determination with respect to the Debtors.

12. The Creditors' Committee, therefore, respectfully submits that this Court should utilize its inherent power under Section 105 and enter an order extending the period under Section 546 by which Avoidance Actions may be brought. As the Creditors' Committee has no way of knowing when, or if there will be a solvency determination by the Court relevant to the Applicable Avoidance Period, the Creditors' Committee suggests that the period be extended to

---

[3] The Debtors have also informed the Creditors' Committee of additional reasons why they do not intend to prosecute avoidance actions.

WLM\171827.1

the earlier of (a) 60 days after the Court issues an order determining the Debtors' solvency during the Applicable Avoidance Period and (b) the date on which an order of the Court confirming reorganization plans for the Debtors (the "Confirmation Order") becomes final and non-appealable.

13. Further, because the time period provided by Section 546 will expire on April 2, 2003 in the absence of an order of the Court extending the period, the Creditors' Committee hereby requests that the Court stay the Section 546 period from running until further order of the Court ruling on this Motion.

14. This Motion is being filed with the Bankruptcy Court for the District of Delaware, and concurrently served on District Court Judge Alfred M. Wolin for the District Court for the District of Delaware. While virtually all inherently bankruptcy-related matters, including the commencement and prosecution of avoidance actions, have been referred to the Bankruptcy Court, the District Court has not referred to the Bankruptcy Court, but has retained jurisdiction over, all matters relating to asbestos personal injury claims in these chapter 11 cases. Given that any determination on the Debtors' solvency during the period applicable to potential avoidance actions is directly related to findings on the magnitude of asbestos personal injury claims against these estates, whether or not the Debtors are found to have liability to ZAI claimants, the Creditors' Committee is filing the motion with both Judge Fitzgerald and Judge Wolin and seeks the Courts' guidance as to which Judge will hear and render a decision on the relief requested.

## Notice

15. Notice of this Motion has been given by facsimile transmission to (i) the Debtors' counsel, (ii) counsel to the asbestos committees and the equity committee appointed in these chapter 11 cases, and (iii) the United States Trustee, and by mail to (iv) all parties who have

requested notice pursuant to Rule 2002 of the Bankruptcy Rules. The Creditors' Committee submits that such notice is adequate and proper.

16. No prior motion seeking the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Creditors' Committee respectfully requests that the Court (i) enter an order, substantially in the form of that annexed hereto, (a) extending until the earlier of the 60th day after the Court issues an order determining the Debtors' solvency during the Applicable Avoidance Period and the seventh day after the Confirmation Order becomes final and non-appealable, and (b) staying the Section 546 period from running on April 2, 2003 until the entry of a further Order of the Court ruling on this Motion, and (ii) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
April 2, 2003

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
(212) 806-5400
Lewis Kruger, Esq.
Kenneth Pasquale, Esq.

-and-

**DUANE MORRIS LLP**

By: *[signature]*
Michael R. Lastowski, Esq. (DE ID. No. 3892)
William S. Katchen, Esq. (Admitted in NJ Only)
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Telephone:   (302) 657-4942
Facsimile:    (302) 657-4901

Co-Counsel for the Official Committee
of Unsecured Creditors

WLM\171827.1