UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING FEE APPLICATION
OF LUKINS & ANNIS, P.S.
FOR THE SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Seventh Interim Fee Application of Lukins & Annis, P.S. (the "Application").

**BACKGROUND**

1. Lukins & Annis, P.S. ("Lukins"), was retained as counsel for Zolonite Attic Insulation Claimants. In the Application, Lukins seeks approval of fees totaling $88,506.00 and costs totaling $2,620.96 for its services from October 1, 2002, through December 31, 2002.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Lukins an initial report based on our review and received a response from Lukins, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that time entries were adequately detailed and devoid of lumping.

4. We also noted that time was not consistently kept in tenths of an hour by timekeeper KLB. Paragraph II.D.5. of the Guidelines states, "Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour." This issue was addressed in a previous report. We asked that Lukins advise this timekeeper to report time entries in tenths of an hour. Lukins responded as follows:

> With regard to Paragraph 4 of the Initial Report, we received the Fee Auditor's Report for the Sixth Interim Period, which advised us initially of the need to keep time in tenths of an hour, after we had already submitted our Monthly Fee Applications for October, November, and December. Timekeepers have since been advised to keep their time in tenths of an hour and this will be reflected on future billings.

We appreciate the response.

### Specific Time and Expense Entries

5. In our initial report, we noted a rental car charge of $132.00 on October 3, 2002. The entry is provided below.

| | | |
|---|---|---|
| 10/03/02 | Rental Car-Darrell W. Scott for 10/03/02 meeting with ZAI Calimant | $132.00 |

Paragraph II.E.1. of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: Whether the expense is reasonable and economical..." We asked Lukins to explain why this one-day car rental was so much higher than normal. The response is provided below.

> With regard to Paragraph 5 of the Initial Report, a request has been made for an explanation as to why a one-day car rental of $132.00 was so expensive. Counsel has attached a receipt of that car rental from National Car Rental. The car rented was an Intermediate Level Car (Toyota Corolla) and was rented from the Seattle Airport location.

We appreciate the explanation and have no objection to this expense.

6.   We further noted a conference call charge of $431.71 on December 27, 2002. The entry is provided below.

12/27/02    Conference Call                                          $431.71

Paragraph II.E.1. of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: Whether the expense is reasonable and economical..." We asked Lukins to explain why this conference call was so expensive. Lukins' response is provided below.

> With regard to Paragraph 6 of the Initial Report, a request has been made for an explanation as to why a conference call on 12/27/02 was $431.71. This conference call charge was actually 5 separate conference calls totaling $431.71. One invoice was received in our accounting department and the total of the invoice was posted as one entry as opposed to individual entries. The revised entries are as follows:
>
> | Date | Description | Amount |
> |---|---|---|
> | 10/15/02 | Conference Call | $17.13 |
> | 10/22/02 | Conference Call | $196.76 |
> | 10/29/02 | Conference Call | $32.04 |
> | 11/05/02 | Conference Call | $87.00 |
> | 11/06/02 | Conference Call | $98.78 |
> |  | **TOTAL** | **$431.71** |
>
> A copy of the invoice is attached. All Conference Call invoices on future applications will be broken down into individual entries.

We appreciate the explanation and have no objection to this expense.

## CONCLUSION

7. Thus, we recommend approval of fees totaling $88,506.00 and costs totaling $2,620.96 for Lukins' services from October 1, 2002, through December 31, 2002.

        Respectfully submitted,

        **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of April 2003.

_____
        Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

Darrell W. Scott, Esq.
Lukins & Annis, P.S.
717 W. Sprague Avenue, Suite 1600
Spokane, WA 77201

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801