**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH, LLP**
**FOR THE SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Seventh Interim Fee Application of Pitney, Hardin, Kipp & Szuch, LLP (the "Application").

**BACKGROUND**

1.      Pitney, Hardin, Kipp & Szuch, LLP ("Pitney Hardin"), was retained as special counsel for the Debtors. In the Application, Pitney Hardin seeks approval of fees totaling $75,625.50 and costs totaling $13,915.34 for its services from October 1, 2002, through December 31, 2002 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

**FEE AUDITOR'S INITIAL REPORT** - Page 1
wrg FR Pitney 7int 10-12.02.wpd

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Pitney Hardin an initial report based on our review and received a response from them, portions of which are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that there were occasional instances of inadequate detail listed in the time entries of Marchetta, Hatfield and Patel. For future applications, we asked Pitney Hardin to advise these timekeepers to provide sufficient detail regarding each task.

4. We further noted that by our calculations, $9,677.00, 12.8% of the total fees requested, was spent in preparing Pitney Hardin's own fee applications during this interim period. This figure does not include the general billing oversight hours listed for A. Marchetta. We asked Pitney Hardin to advise us as to why their own fee application took so much time to prepare. Pitney Hardin responded as follows:

> The Quarterly fee application encompasses time incurred for the preparation of Pitney Hardin's monthly fee applications for August, September, October and November, as well as for the preparation of Pitney Hardin's quarterly fee application for July - September, 2002. Each time entry on the monthly fee applications are reviewed to make certain there is adequate description and no lumping of time entries. Additionally, fees were incurred for attending the court's fee hearing on November 25, 2002. Also, fees were incurred to review materials prepared by the Fee Auditor prior to their submission to court and to review the Fee Auditor's interim reports and respond to same.

We appreciate Pitney Hardin's response; however, while the reasons cited in the response in justification of the time spent on fee applications are all valid, they are no different from those

expected and claimed by all applicants in the case. Though there is no fee application percentage cap in this case, we believe it is incumbent upon each applicant to hold that percentage as low as reasonably possible in order to most benefit the estate. We urge Pitney Hardin to continue to seek ways to lower charges for fee application as a percentage of overall fees.

## Specific Time and Expense Entries

5.    In our initial report, we noted that between October 16 and October 18, 2002, three attorneys and one paraprofessional prepared for a hearing, with two of the attorneys actually attending the hearing on October 18. The total time spent was 15.1 hours for $4,494.00. See Exhibit A. Paragraph II.D.5.of the Guidelines states, "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Pitney Hardin to explain why it was necessary for multiple professionals to prepare for and attend this hearing. Pitney Hardin responded as follows:

> This matter is an environmental cost recovery action filed on behalf of the debtor in 1995 for monies expended in the remediation of a contaminated site in Jersey City, New Jersey. The case was litigated for nearly five years and was tried over a seven week period in February-March 2000. After multiple submissions of post-trial briefs and proposed findings of fact and conclusions of law to the court in 2000-2002, a hearing was held and the court issued its opinion on October 18, 2002.
>
> The Seventh Interim Fee Application for the Weja matter includes 15.1 hours expended to prepare for and to attend the final hearing. Because of the length and complex nature of the case, the final hearing required the attendance of both of the attorneys that tried the matter and the assistance of the paralegal who was involved in the trial to assist in preparations for the hearing. The two attorneys that attended the final hearing were Mr. Rose, the lead trial attorney, and Mr. Hatfield, the environmental specialist at the trial.

We appreciate and accept Pitney Hardin's explanation and thus have no objection to these fees.

6.      We noted an August 15, 2002, expense of $227.30 for a publication. The entry is provided below.

08/15/02       A.M. BEST Publication for insurance info. for reply brief.        227.30

Paragraph, II. E. 7 of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes . . . rent, utilities, office equipment and furnishings, insurance, taxes, local telephone and monthly car phone charges, lighting, heating and cooling, and library and publications charges." We asked Pitney Hardin to explain why this publications charge should be compensable. Pitney Hardin responded as follows:

> The amount paid to A.M. Best, $227.30, was not payment for a publication, but for financial research regarding Continental Casualty Company ("CNA") to rebut assertions and arguments CNA raised in their opposition to Grace's appeal. Specifically, we required financial and rating information regarding CNA for the period it issued the relevant insurance coverage to Grace, 1973 to 1984. In early August 2002, we contacted research assistants at the A.M. Best Company to request the historic financial and rating information regarding CNA that we required. The charges represent the time A.M. Best personnel spent in searching for the information we required and in forwarding us the relevant information. The information provided was specifically used and cited in Grace's reply brief.

We appreciate the response and have no objection to this expense.

## CONCLUSION

7.      Thus we recommend approval of fees totaling $75,625.50 and costs totaling $13,915.34 for Pitney Hardin's services from October 1, 2002, through December 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of April, 2003.

_____
Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp & Szuch, LLP
P.O. Box 1945
Morristown, NJ 07962-1945

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

| | |
|---|---|
| Teresa K.D. Currier, Esq.<br>Klett Rooney Lieber & Schorling<br>1000 West Street, Suite 1410<br>Wilmington, DE 19801 | **United States Trustee**<br><br>Office of the United States Trustee<br>Frank J. Perch, Esq.<br>844 King Street, Suite 2311<br>Wilmington, DE 19801 |

EXHIBIT A

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 10/16/02 14 | Prepare for opinion by court regarding damages issues for case and review. | W. Hatfield | 0.3 | 72.00 |
| 10/16/02 14 | Direct S. Purrington on materials necessary for hearing. | W. Hatfield | 0.2 | 48.00 |
| 10/16/02 7 | Confer with W. Hatfield regarding documents needed for 10/18 court date. | S. Purrington | 0.4 | 40.00 |
| 10/17/02 3 | Discuss preparations for court appearance with B. Hatfield; review post-trial submissions in preparation for same. | R. Rose | 1.8 | 630.00 |
| 10/17/02 14 | Telephone calls regarding court hearing. | A. Marchetta | 0.4 | 164.00 |
| 10/18/02 3 | Prepare for hearing | R. Rose | 1.0 | 350.00 |
| 10/18/02 3 | Attend hearing in Jersey City regarding reading of Opinion by court into record. | R. Rose | 5.0 | 1,750.00 |
| 10/18/02 14 | Prepare for hearing; review damages charts and Attorneys fees case; meeting with R. Rose on matter | W. Hatfield | 1.0 | 240.00 |
| 10/18/02 14 | Appearance in Jersey City Court before Judge McLaughlin. | W. Hatfield | 5.0 | 1,200.00 |