UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF FTI POLICANO & MANZO
FOR THE SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Seventh Interim Quarterly Fee Application of FTI Policano & Manzo (the "Application").

**BACKGROUND**

1.  FTI Policano & Manzo ("FTIPM") was retained as financial advisers to the official committee of unsecured creditors. In the Application, FTIPM seeks approval of fees totaling **$133,591.00** and costs totaling $1,116.41 for its services from October 1, 2002, through December 31, 2002.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on FTIPM an initial report based on our review and received a response from FTIPM, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.　In our initial report, we noted that the fee detail is arranged in chronological order by timekeeper and not by project category as set forth in Paragraph II.D.1 of the U.S. Trustee Guidelines which states, "To facilitate effective review of the application, all time and service entries should be arranged by project categories." We also noted that the Application does not have a separate category for FTIPM's own fee application preparation. Paragraph II.D.1. of the Guidelines states, "[a] separate project category should be used for ... fee application preparation." We have noted these issues in previous reports. In its response, FTIPM indicated that its "internal systems are set up to report time chronologically, not by category. Therefore, such a change will require either a considerable financial investment in a different timekeeping system or additional time to manually re-compile the time entries each month". We stated in earlier reports that we did not believe that it would be cost-effective for FTIPM to manually re-compile time entries each month. Furthermore, we did not believe it was our position to require an applicant to make such a change. However, we feel obliged to inform the court regarding such matters. We further noted that FTIPM has made a substantial effort to separate and summarize the time spent in preparing its own fee application. FTIPM's response to these issues is provided below.

　　　The Fee Auditor has noted that FTI P&M reports time chronologically by timekeeper

>and not by project category. This issue was also raised in the audit of the 5th and 6th interim periods and discussed with the Fee Auditor. We thank the Court for not imposing a change in our timekeeping system. In order to further clarify time entries, an additional schedule that summarizes tasks performed by category is included in the monthly fee applications beginning in October 2002.
>The Fee Auditor has noted that the application does not have a separate category for FTIP&M's own fee application preparation. In this case, FTI P&M prepares only its own fee application and no other. Thus, all the fees in this category relate only to the preparation of FTI P&M's fee applications and related tasks.

We appreciate FTIPM's response.

4.     In our initial report, we noted that FTIPM spent a total of 65 hours and $19,072.50 in preparing its own fee applications. This represents 14.2% of the total fees requested. We further noted that the bulk of this preparation time was expended in October, and that both the hours spent and the total cost for fee preparation appear to be trending down. Thus, we have no objection to these charges.

Specific Time and Expense Entries

5.     In our initial report, we noted that on November 12 and 13, 2002, Cunningham ($525), Whitney ($375) and Hamilton ($350) prepared for and participated in the same conference call. The time spent was 7.2 hours for $2,927.50. The entries are provided below.

| Date | Name | Description | Hours |
|---|---|---|---|
| 13-Nov | Cunningham | Reviewed third quarter financials in preparation for conference call with Debtors. | 1.9 |
| 13-Nov | Whitney | Read and analyzed Debtors' presentation document pertaining to 3rd quarter 2002 performance and identified issues to raise during the conference call with the Debtors. | 2.2 |
| 13-Nov | Whitney | Participated in a conference call with the Debtors' to discuss 3rd quarter 2002 performance and performance expectations for the remainder of 2002. | 0.8 |
| 12-Nov | Hamilton | Read and analyzed various documents in preparation | |

|        |          |                                                                    |     |
|--------|----------|--------------------------------------------------------------------|-----|
|        |          | for conference call with Debtors on Q3 results.                    | 1.3 |
| 13-Nov | Hamilton | Participated in conference call with Debtors Regarding Q3 operating results. | 1.0 |

Paragraph II.D.5.of the Guidelines states ". . .[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked FTIPM to explain why it was necessary for more than one professional to participate in this conference call. FTIPM's response is provided as Response Exhibit 1. We accept FTIPM's explanation and thus have no objection to these fees.

6.   We further noted that on December 3, 2002, Ordway ($550), Cunningham ($525) and Hamilton ($350) prepared for and participated in the same conference call. The time spent was 2.9 hours for $1,392.50. The entries are provided below.

| 3-Dec | Ordway     | Prepared for conference call with Committee.                        | 0.5 |
| 3-Dec | Ordway     | Participated in conference call with Committee regarding case status. | 0.6 |
| 3-Dec | Cunningham | Participated in Committee call regarding the Sealed Air settlement. | 0.9 |
| 3-Dec | Hamilton   | Participated in conference call with counsel Regarding Sealed Air settlement. | 0.9 |

Paragraph II.D.5.of the Guidelines states ". . .[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked FTIPM to explain why it was necessary for more than one professional to participate in this conference call. The response is provided as Response Exhibit 2. We accept

FTIPM's explanation and have no objection to these fees.

## CONCLUSION

7. Thus, we recommend approval of fees totaling $133,591.00 and costs totaling $1,116.41 for FTIPM's services from October 1, 2002, through December 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of April, 2003.

_____
Warren H. Smith

Response Exhibit 1

i. In general, given the complexity, scope and size of the business and the number of significant issues to be covered at meetings, hearings and/or conference calls, FTI P&M may assign more than one case team staff member to attend the meeting, hearing and/or conference call, each of whom has an understanding of the overall consolidated operations, of the divisional operations of the Company and of specific issues such as Company acquisitions, divestments and compensation and incentive plans, asbestos litigation and fraudulent conveyance issues.

ii. Specifically, we would like to address attendance at the meeting cited by the Fee Auditor, as follows:

> Timekeeper Cunningham was not actually a participant in this conference call, however, he is the senior manager assigned to the case. His experience and expertise derived from many bankruptcy cases as well as his specific case knowledge in this case as a senior manager dictated his review of material to be discussed during the conference call.
>
> In the November 13th conference call, the Debtors presented and discussed the 3rd quarter results of operations. Prior to the meeting, timekeeper Whitney prepared various preliminary analyses of the operating results compared to plan. Timekeeper Whitney had also prepared FTI reports to Committee on the results of operations for prior quarters. For these reasons, the senior manager included timekeeper Whitney as a participant in the conference call.
>
> Timekeeper Hamilton also prepared and analyzed portions of the 3rd quarter data in order to prepare additional questions and background information for use in the November 13th conference call. Timekeeper Hamilton has prepared a number of reports to Committee, especially with regard to asbestos issues, acquisitions and divestitures. In addition, senior manager Cunningham planned to have timekeeper Hamilton prepare FTI's report to Committee on the 3rd quarter results. For these reasons, the senior manager included timekeeper Hamilton in the meeting.

We respectfully submit the above explanation of the roles of the attendees at these meetings in order to satisfy the inquiry of the Fee Auditor

Response Exhibit 2

ii. Again and in general, given the complexity, scope and size of the business and the number of significant issues to be covered at meetings, hearings and/or conference calls, FTI P&M may assign more than one case team staff member to attend the meeting, hearing and/or conference call, each of whom has an understanding of the overall consolidated operations, of the divisional operations of the Company and of specific issues such as Company acquisitions, divestments and compensation and incentive plans, asbestos litigation and fraudulent conveyance issues.

iii. Specifically, we would like to address participation in the conference calls cited by the Fee Auditor, as follows:

a. Timekeeper Ordway was a participant in conference call on December 3rd that was separate from the conference call in which timekeepers Cunningham and Hamilton participated. Timekeeper Ordway prepared for and participated in a conference call with members of the Committee regarding overall status of various case issues. We apologize for not stating this distinction more clearly in our time descriptions.
b. On December 3rd, timekeepers Cunningham and Hamilton participated in a conference call with counsel to the Committee regarding the proposed fraudulent conveyance case settlement by Sealed Air. Timekeeper Hamilton had prepared various memoranda and reports concerning this major case issue and timekeeper Cunningham, as the senior manager on the case, directed the conversation with counsel. For these reasons both timekeeper Cunningham and timekeeper Hamilton participated in the conference call.

We respectfully submit the above explanation of the roles of the attendees at these meetings in order to satisfy the inquiry of the Fee Auditor

## SERVICE LIST
Notice Parties

**The Applicant**

Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ 07663

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801