# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Combustion Engineering, Inc., | ) | Case No. 03-10495 (JKF) |
| | ) | |
| Debtor. | ) | [April 1, 2003 Status Conference Agenda |
| | ) | Item No. 3; Docket No. 18] |

**ORDER AUTHORIZING RETENTION OF
CONNECTICUT VALLEY CLAIM SERVICE COMPANY INC.
AS SPECIAL ASBESTOS LITIGATION CONSULTANT FOR THE DEBTOR**

Upon consideration of the foregoing: (a) Application (the "Application") of Combustion Engineering, Inc. (the "Debtor") for an Order Authorizing Retention of Connecticut Claim Service Company ("CVCSC"), as Special Asbestos Litigation Consultant, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq., as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure[1]; (b) the Verified Statement of Ralph C. Pizzuti Pursuant to Bankruptcy Rule 2014(a) In Support of the Application for Retention of Connecticut Valley Claim Services Company As Special Asbestos Litigation Consultant for the Debtor (the "Verified Statement"); and (c) the Supplemental Affidavit of John Dickhoff (the "Supplemental Affidavit"); and the Court being satisfied based on the representations made in the Application, Verified Statement and Supplemental Affidavit that said consultants represent no interest adverse to the Debtor's estate with respect to the specified matters enumerated in the Application upon which CVCSC is to continue to be engaged; and that CVCSC's employment is necessary and would be in the best interests of the

---

[1] As set forth on the record during the March 17, 2003 omnibus hearing before the Court, the retention of CVCSC is pursuant to section 363 of the Bankruptcy Code.

15252-001\DOCS_DE:68053.1

Debtor's estate and its creditors; and finding that adequate notice of the Application has been given; and it appearing that no further or other notice is required; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED** that pursuant to section 363 of the Bankruptcy Code, the Debtor is hereby authorized to employ and retain CVCSC as special asbestos litigation consultant on an interim basis to provide the services upon the terms and conditions as detailed in the Application, Verified Statement and Supplemental Affidavit effective *nunc pro tunc* as of the Petition Date; and it is further

**ORDERED** that CVCSC shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, as may be applicable from time to time, and shall submit invoices to the Debtor and file fee applications with this Court at such intervals as provided for in any Order of this Court or the Bankruptcy Code; and it is further

**ORDERED** that nothing in this Order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive; and it is

**ORDERED** that, as noted on the record by the Court at the April 1, 2003 Status Conference, all parties who have previously objected to the Debtor's Application may file an objection to the interim appointment of CVCSC on or before April 4, 2003 and such objections shall be served on (1) co-counsel for the Debtor, (2) the Office of the United States Trustee and (3) any counsel requesting notice thereof; and it is further

**ORDERED** that a hearing on such objections shall be scheduled, date to be determined, pursuant to a case management order to be entered.

Dated: April __, 2003

_____
The Honorable Judith K. Fitzgerald,
United States Bankruptcy Judge

3

15252-001\DOCS_DE:68053.1