IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly-Administered) |
| | ) | |

**SUPPLEMENTAL ORDER OF COURT PURSUANT TO SECTIONS 1103(a) AND 328(a) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF W. D. HILTON, JR. AS A CONSULTANT TO THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS, NUNC PRO TUNC TO MAY 2, 2001**

AND NOW this _17_ day of _April_, 2003, upon consideration of the Supplemental Application for Order Pursuant To Sections 1103(a) and 328(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and 2016 Authorizing The Retention and Employment of W. D. Hilton, Jr. ("Mr. Hilton") as a Consultant to the Official Committee of Asbestos Property Damage Claimants ( the "Supplemental Application") and upon the Supplemental Affidavit of W.D. Hilton, Jr. (the "Supplemental Affidavit"), and the Court being satisfied, based on the representations made in the Supplemental Application and the Supplemental Affidavit that Mr. Hilton represents no interest adverse to the Debtors' estate with respect to the additional matters upon which Hilton is to be engaged, that Hilton is a "disinterested person" as that term is defined under §101(14) of Title 11 of the United States Code (the "Bankruptcy Code"), and that the expanded employment of Mr. Hilton is necessary and would be in the best interest of the Debtors, their creditors and the Debtors' estate, and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED, that the Supplemental Application is granted; and it is further

ORDERED, that the retention and employment of Mr. Hilton is hereby authorized to include the additional services as described in the Supplemental Application, and it is further

ORDERED, that Mr. Hilton shall continue to be compensated and his expenses reimbursed in accordance with the terms stated herein, subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware and the Orders of this Court.

The Court will NOT approve compensation to two consulting firms for the same services. Counsel to the Property Damage Committee shall certify to the Court as to each monthly application for fees that they have personally reviewed the applications and either (1) identify each entry of duplicative services or (2) state that there are no duplicative services.

Local Counsel for the Property Damage Committee shall serve this order upon all parties in interest and file proof of service within one week hereof.

Dated: 4/17, 2003
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY COURT JUDGE

MOVANT SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES IN INTEREST AND FILE PROOF OF SERVICE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TEN (10) DAYS HEREOF.