IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

RE: Docket Nos. 3395
+3316 -

**STIPULATION AND AGREED ORDER RESOLVING**
**THE LIMITED OBJECTION OF KENT HOLDING, LLC TO**
**THE DEBTORS' UNEXPIRED LEASE REJECTION NOTICE**

THIS STIPULATION AND AGREED ORDER is before the Bankruptcy Court

on the stipulation and agreement of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") and Kent Holding, LLC ("Kent"), as evidenced and indicated by the

signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed

Order has been submitted in resolution of the Limited Objection (Docket No. 3395) (the

"Objection") of Kent to the Debtors' Unexpired Lease Rejection Notice (Docket No. 3316) (the

"Notice"); and the Bankruptcy Court being further advised of the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

A.     On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.     On April 2, 2001, the Court entered the Order Pursuant to Sections 365 and 554 of the Bankruptcy Code (i) Authorizing and Approving a Procedure for the Rejection of Certain Unexpired Leases of Non-Residential Real Property and (ii) Authorizing the Debtors to Reject Certain Unexpired Leases of Non-Residential Real Property and Executory Contracts (the "Rejection Procedures Order").

C.     On February 4, 2003, pursuant to the terms of the Rejection Procedures Order, the Debtors filed the Notice with respect to that certain lease (the "Lease") for the premises at 1420 Marks Church Road, Augusta, GA (the "Premises") and provided notice as required by the Rejection Procedures Order.

D.     On February 14, 2003, Kent filed the Objection.  Among Kent's objections was that the Premises had not been properly surrendered by the Debtors and that the Debtors had failed to pay the 2002 real estate taxes as required under the Lease.

E.     The keys to the Premises were delivered to Kent by the Debtors' former subtenant at the Premises, Office Depot, on February 21, 2003, and as of March 14, 2003, substantially all of the Office Depot property at the Premises had been removed.

F.     In addition, Kent has paid the 2002 real estate taxes to the taxing authority and has provided the Debtors with a copy of the invoice from the 2002 real estate taxes.

2

G.      The Debtors have paid to Kent Minimum Rent (as defined in the Lease) through February 28, 2003.

H.      The Debtors and Kent have negotiated a resolution to the Objection.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.      The Debtors shall be deemed to have rejected the Lease pursuant to Section 365 of the Bankruptcy Code as of February 28, 2003 without further action by the Debtors, Kent or the Court.

3.      The Debtors shall reimburse Kent in connection with the 2002 real estate taxes due in the amount of $18,559.50, within five (5) business days of Court approval and entry of this Stipulation and Agreed Order on the Court's docket

4.      This Stipulation and Agreed Order shall be without prejudice to, and Kent fully reserves its right to, assert any and all claims, whether general unsecured, secured, or administrative, that it has or may have under the Lease and/or applicable law against the Debtors, or any non-Debtors, including without limitation, Debtors' former subtenant, for any pre-petition or post-petition amounts due or that my hereafter come due under the Lease or under applicable law, with the exception of Minimum Rent through February 28, 2003 and, upon payment by the Debtors, 2002 real estate taxes.  Debtors hereby reserve their right to object to any such claims asserted by Kent.

3

5.   Notwithstanding the terms of the Rejection Procedures Order and the Notice, Kent shall have thirty (30) days after the date of this Stipulation to file its rejection damages claim, if any.

6.   Debtors immediately shall provide Kent with a copy of the agreement terminating their former subtenant's tenancy at the Premises.

7.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implantation of this Stipulation and Agreed Order.

8.   This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterparts signature pages, all of which taken together shall constitute one and the same agreement.   Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterparts and each of such counterparts shall for all purposes be deemed to be an original.

4

IN WITNESS WHEREOF, the parties, by their authorized counsel, have set their hands in agreement as of the dates written below.

W. R. GRACE & CO.-CONN.

By: Christian J. Lane
Kirkland & Ellis
Its: Attorney
Dated: April 3, 2003


Dated: _4/17_, 2003

KENT HOLDING, LLC

By: John Demmy
Stevens & Lee
Its: Attorney
Dated: April 4, 2003


The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge


MOVANT SHALL IMMEDIATELY SERVE A COPY OF THIS ORDER ON ALL PARTIES IN INTEREST AND FILE PROOF OF SERVICE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TEN (10) DAYS HEREOF.

I:\Project Allen\Real Estate\Rejection Notices\Augusta GA\Kent-Stip-final.doc