## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF CARELLA, BYRNE,
## BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
## FOR THE SEVENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for the Seventh Interim Period.

### BACKGROUND

1.      Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") was retained as Special Litigation and Environmental Counsel to Debtors.   In the Application, CBBG seeks approval of fees totaling **$146,723.00**[1] and costs totaling **$13,785.15**[2] for its services from **October 1, 2002, through December 31, 2002.   CBBG has indicated to us that they are also seeking approval for previously unfiled fees and expenses associated with services rendered in February 2002.   At their request we have reviewed those February fees and expenses.**

---

[1] Includes $10,458.50 in compensation for services rendered during the period February 1, 2002, through February 28, 2002.

[2] Includes $1,005.19 in expenses incurred during the period February 1, 2002 through February 28, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on CBBG an initial report based on our review, and received a response from CBBG, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report, we noted that JMA and MEF consistently lumped their time entries.  Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped –  each activity shall have a separate description and a time allotment."  This has been noted in previous reports, but with these two timekeepers, the situation seems to be worsening rather than improving.  We again asked that CBBG strongly advise these professionals to avoid lumping their time entries in the future.  CBBG's explanation is provided as Response Exhibit 1.  We appreciate the response and CBBG's commitment to avoid lumping time entries whenever possible.

### Specific Time and Expense Entries

4.      In our initial report, we noted that on October 9, 2002, MEF ($215) spent a total of 1.0 hour and $215.00 to perform tasks that appear to represent a duplication of entries.  The entries

are provided below.

| 10/9/02 | MEF | Review letter from J. Kelly with Grace expert reports for inclusion in the final pretrial order | .30 | 64.50 |
|---------|-----|---|---|---|
| 10/9/02 | MEF | Review letter from J. Kelly with Grace expert reports for inclusion in final pretrial order | .30 | 64.50 |
| 10/9/02 | MEF | Telephone call with C. Marraro regarding final pretrial order | .20 | 43.00 |
| 10/9/02 | MEF | Telephone call with C. Marraro regarding final pretrial order | .20 | 43.00 |

U.S. Bankruptcy Code § 330 (4)(A)(i), states, ". . . [e]xcept as provided in subparagraph (B), the court shall not allow compensation for – (i) unnecessary duplication of services; . . .". We asked CBBG to confirm that the cited entries are duplicative. CBBG replied as follows:

> We have reviewed the handwritten timesheets of MEF for October 9, 2002 and note that there should only be one time entry at 0.30 hours and one time entry at 0.20 hours. The duplication was due to a time entry error by administrative staff. The amount sought by Carella Byrne in the Seventh Quarterly Fee Application should be reduced by $107.50.

We accept this explanation and recommend a reduction of $107.50 in fees.

    5.    In our initial report, we noted that on December 19, 2002, JMA ($325) and MEF ($215) both attended an oral argument. Total time spent was 5.0 hours for $1,515.00. The entries are provided below.

| 12/19/02 | JMA | Attend oral argument on in limine motions | 4.00 | 1300.00 |
|----------|-----|---|---|---|
| 12/19/02 | MEF | Attendance at oral argument regarding motions in limine | 1.00 | 215.00 |

Paragraph II.D.5. of the Guidelines states, ". . . [i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked CBBG to explain why it was necessary for more than one professional to attend the oral argument. Further, we asked CBBG to explain why it was necessary for JMA to attend for four hours, while MEF attended for only one. CBBG's response is provided below.

> Both JMA and MEF attended oral argument with respect to the motions *in limine*. JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson. As co-lead trial counsel, JMA's attendance at oral argument was essential to the presentation of the Grace Defendants' claims and defenses, and to their trial strategy.
>
> MEF is part of the litigation trial team. As part of the litigation trial team, MEF's attendance at oral argument was necessary because MEF was responsible for preparing two (2) of the Grace Defendants seven (7) motions *in limine* that were to be orally argued. MEF was to assist JMA in the oral argument of those motions.The reason JMA billed four hours for attendance at oral argument and MEF billed one hour is due to the fact that MEF stayed only for the two motions that she prepared. The Grace Defendants filed seven motions *in limine*, Honeywell International, Inc. filed three motions *in limine* and plaintiffs filed one motion *in limine*. MEF's attendance at oral argument for the motions *in limine* in which she did not prepare was unnecessary and therefore, she remained only for one hour.

We accept this explanation and have no objection to these fees.

      6.     In our initial report, we noted a hotel travel expense of $368.16 dated October 31, 2002, that may be excessive. The entry is provided below.

10/31/02        Travel Expense JMA AMEX 10/21-10/22 (HOTEL)      368.16

Paragraph II.E.1. of the Guidelines states, ". . .[f]actors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable."

From the entry it is not possible to know whether the hotel stay was one or two nights.  We asked CBBG to forward the necessary documentation showing the length of stay.  CBBG's response is provided below.

> Attached hereto as Exhibit A is a copy of JMA's hotel receipt for his travel on October 21-22, 2002.  As can be seen from the receipt, two entries should have been deleted so that the client was only charged for the hotel room.  Inadvertently, a charge in the amount of $20.53 was included in this expense.  The correct expense amount is $347.63, not $368.16.  This expense should, accordingly, be reduced by $20.53. The stay was for one night to attend a dinner meeting with the client on October 21, 2002 and a status update meeting with senior management on October 22, 2002.

We appreciate the explanation and the correction of $20.53.  However, we still believe the expense to be excessive based on a reasonable ceiling of $250.00 per night for hotel stay.  We therefore recommend a reduction of $118.16 in costs.

7.      We further noted a travel expense for meals dated December 16, 2002, that may be excessive.  The entry is provided below.

12/16/02        Meals   JMA    LIV.  DELI 12/13 #378051                              47.97

Paragraph II.E.1. of the Guidelines states, ". . .[f]actors relevant to a determination that the expense is proper include the following: 1.  Whether the expense is reasonable and economical..."  We asked that CBBG forward the necessary documentation detailing the number of meals and/or the number of people referenced in the entry.  The response is detailed below.

> On December 13, 2002, in preparation for trial, a meeting was conducted at Carella Byrne's office.  The participants at that meeting were JMA, Christopher H. Marraro, Esq. (co-lead counsel), Phil Goad (Grace's consultant), Andy Davis (Grace's expert in fate and transport of groundwater contamination), and Julie Middlesworth, Andy Davis' assistant.  The attendees at the meeting worked through lunch and, therefore, lunch was provided for them.  The average cost per person was $9.60.

We appreciate the explanation and have no objection to this expense.

## CONCLUSION

8.      Thus, we recommend approval of fees totaling $146,615.50 ($146,723.00 minus $107.50) and costs totaling $13,666.99 ($13,785.15 minus $118.16) for CBBG's services from October 1, 2002, through December 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
            Warren H. Smith
            Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 21st day of April 2003.

_____
                          Warren H. Smith

Response Exhibit 1

In Carella Byrne's Seventh Quarterly Verified Application for Compensation for Services and Reimbursement of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Interim Period from October 1, 2002 through December 31, 2002, Carella Byrne addressed the issue of "lumping" of time at pages 11 to 12, explaining as follows:

One of the issues that the Fee Auditor has raised with respect to previous quarterly fee applications is that of "lumping" of time. In connection with the preparation of the Final Pretrial Order and the trial in the *ICO* matter, multiple tasks are being performed simultaneously which makes it difficult, if not impossible in some cases, to ascertain precisely how much time was spent on a particular task. For instance, with the preparation of the Final Pretrial Order, there are various sections including, stipulated facts, contested facts, witness lists (both fact and expert), legal issues, contemplated motions, and trial exhibit lists. Not only must the parties review their respective sections, but also must review and analyze the corresponding sections submitted by their adversaries. The review normally entails either telephone calls and/or emails. The task itself is the preparation of the Final Pretrial Order. The general task of "Final Pretrial Order" therefore included multiple sub-tasks as identified in CBBG's fee detail. *See* MEF (10/1, 10/2. 108, 10/10. 10/11. 10/12, 10/14, 10/15, 10/24, 11/4, 11/6) and JMA (10/2, 10/15 (2 entries), 10/16).

With respect to the motions *in limine*, the task is either (a) preparation of motion papers, (b) review of adversaries' motion papers, (c) review of opposition to motions, and/or (d) preparation of responses. The Grace Defendants filed seven (7) motions *in limine*. Honeywell filed three (3) motions *in limine* plus a motion to strike. *ICO* filed one motion *in limine*. Undertaking the task of preparation of papers or review of papers includes sub-tasks as identified in CBBG's fee detail. *See* MEF (11/4, 11/6, 11/10, 11/11, 11/13, 11/15, 11/25, 11/26, 12/2, 12/13, 12/19) and JMA (10/15, 11/22, 11/26, 12/5 (2 entries), 12/6, 12/9).

With respect to trial preparation, the task includes preparation of witnesses, preparation of trial exhibits, preparation of subpoenas, and a multitude of other sub-tasks that arise in the course of preparing for trial. The sub-tasks performed are identified in the fee detail. Since numerous issues arise during the

course of trial preparation it is difficult, if not impossible in some
cases, to ascertain the precise amount of time spent on a specific
sub-task.  *See* MEF (12/12, 12/13, 12/30) and JMA (12/27. 12/29
(2 entries), 12/30).

As set forth above, JMA and MEF's time entries have included specific
detail relating to the specific task – *i.e.* preparation of Final Pretrial Order; trial
preparation; preparation of motions *in limine*.  In order to justify the number of
hours spent on, for example, trial preparation in any given day, all of the items
that were performed relating to trial preparation have been set forth in the time
entry.  JMA and MEF will avoid "lumping" of time in the future for tasks which
are capable of being recorded in discrete time intervals.  Again, the
simultaneous/consecutive performance of multiple tasks sometimes makes it
impossible to avoid lumping.

## SERVICE LIST
Notice Parties

**The Applicant**

John M. Agnello, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi,
Stewart & Olstein
6 Becker Farm Road
Roseland, N.J. 07068-1700

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq.
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**<u>Official Committee of Equity Holders</u>**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801