## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF WALLACE, KING, MARRARO & BRANSON, PLLC
### FOR THE SEVENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Seventh Interim Fee Application of Wallace, King Marraro & Branson, PLLC (the "Application").

### BACKGROUND

1.      Wallace, King, Marraro & Branson, PLLC  ("Wallace King") was retained as special litigation and environmental counsel to the Debtor.  In the Application, Wallace King seeks approval of fees totaling $629,450.00[1] and costs totaling $177,459.68 for its services from October 1, 2002, through December 31, 2002.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

---

[1]Although the Application requests $629,450.00 in fees for this period, this amount reflects a 40% reduction, $404,076.00, for time spent with regard to the Honeywell litigation. Notwithstanding this discount, the actual amount of fees reviewed is $1,033,526.00.

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Wallace King an initial report based on our review and received a response from Wallace King, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.       In our initial report, we noted that professionals SCD, WH, MM, BB, CHM, RLS and NAB often did not include sufficient detail in their time entries.  Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ."  This issue has been raised in previous reports and we have advised certain professionals to provide more detailed time entries in the future.  We again asked that Wallace King continue to advise its professionals regarding this matter.  Wallace King responded as follows:

> In prior conferences with the Fee Auditor we agreed that our billing descriptions would be general because our adversaries were reviewing our invoices as filed with the Court in the bankruptcy proceedings and detailed information would divulge our trial strategy and other privileged information.  The trial concluded on February 11, 2003 and Findings of Fact and conclusions of Law were filed with the District Court on April 14, 2003.  As of this date our next filings will be more detailed.

We appreciate the response.

4.      In our initial report, we noted that professionals WH, MM, TP, BB, CHM and TM often tended to lump time entries. Local Rule 2016-2(d)(vii) requires "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." We asked that Wallace King advise these professionals to avoid such lumped time entries in the future. Wallace King's response is provided below.

> We have been careful not to "block bill" time on invoices. However, we will inform all time-keepers again and continue to review each bill carefully to ensure that the Court's rule is carefully followed.

We appreciate the response.

<u>Specific Time and Expense Entries</u>

5.      In our initial report, we noted that throughout the Application period, TM ($135), RM ($120), BB ($135), NAB ($100), MM ($135), RLS ($175), ACZ ($210) and TP ($270) spent a total of 402.80 hours and $51,220.50 for activities which may not be compensable. See Exhibit A. Paragraph II. E.7.of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ." We asked Wallace King to review Exhibit A and to explain why these activities should be considered compensable. Wallace King's response is included as Response Exhibit 1. We accept the explanation and have no objection to these fees.

6.      In our initial report, we noted that from October 1, 2002, through October 31, 2002, SCD ($270), RLS ($175), and WH ($350) spent a total of 30.10 hours and $7,732.00 on tort research and drafting memos regarding tort issues. The entries are provided below.

10/01/02        SCD                     Research re tort issues (7.6 hrs.);...              7.80

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Wallace 7int 10-12.02.wpd

| 10/03/02 | SCD | Research re tort issues (3.9 hrs.); drafting of memo re same (1.2 hrs.) | 5.10 |
| 10/04/02 | SCD | Research re tort issues (3.7 hrs.); draft memo re same and send to Mr. Marraro (4.6 hrs.). | 8.30 |
| 10/05/02 | SCD | Research re tort issues (3.1 hrs.) | 3.10 |
| 10/11/02 | RLS | Research tort issues (5.0 hrs.) | 5.00 |
| 10/16/02 | WH | ...;legal research re tort issues (1.0 hrs.);... | 10.10 |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked Wallace King to explain what tort issues were being researched, how they related specifically to this case and why these activities took so much time. After discussion with Wallace King, it was agreed that only a general explanation was required here because of sensitivity surrounding numerous trial issues. That explanation is provided below.

> In general, the torts involve strict liability and negligence, including failure to warn. Honeywell is the sucessor in interest to Mutual Chemical Company who disposed of approximately 1.5 million tons of toxic chromium on property now owned by ECARG. Honeywell raised defenses of assumption of the risk, World War II governmental involvement and statute of limitations.

We accept this explanation and thus have no objection to these fees.

7.      We further noted that from October 6 through October 11, 2002, TM ($135) spent a total of 40.40  hours and $5,454.00 preparing an index of invoices.  The entries are provided below.

| 10/06/02 | TM | Prepare index of invoices for damages binders (8.5 hrs.) | 8.50 |
| 10/07/02 | TM | ...; prepare index of invoices for damages binders (5.9 hrs.) | 6.30 |
| 10/08/02 | TM | Continue to prepare index of invoices for damages binders (9.6 hrs.) | 9.60 |
| 10/09/02 | TM | Continue to prepare index of invoices for damages binders (7.2 hrs.) | 7.20 |
| 10/10/02 | TM | ...; continue to prepare index of invoices for damages claims binders (8.1 hrs.);... | 9.00 |
| 10/11/02 | TM | ...; continue to prepare index of invoices for damages claims binders (1.1 hrs.) | 18.00 |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ."  We asked Wallace King to explain why preparing this index took so much time. Wallace King replied as follows:

> Please see response to No. 5, above.  The invoices referred to were damage exhibits covering over 20 years.  She had to review each invoice and make a preliminary relevancy determination.  In many cases the invoices had to be matched up with checks, which was a very time consuming process.

We accept the response and have no objection to these fees.

8.      In our initial report, we noted that throughout the Application period MM ($135)and BB ($135) spent time traveling in-town for business purposes.  The time spent was 13.5 hours for a total of $1,822.50.  See Exhibit B. While it is arguable that these were routine clerical tasks and therefore completely noncompensable, at best the travel time involved appears to fall into the category of non-working travel.     Rule 2016-2(d)(viii) states, "[t]ravel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates."  We asked Wallace King to review the time entries and explain why the time was charged at full hourly rates. Wallace King responded as follows:

> The in town travel was the work related activity in itself.  The in-town travel was not
> to attend meetings.  For example, the task was to make late night FedEx where a
> filing had to be at the Court the next day and no messenger service was available at
> the time the package had to be delivered.  However, MM 's. entries for10/15, 11/11
> and 12/10 should only have been billed at 50%.

We accept Wallace King's explanation, as well as the voluntary reduction of 50% for the three entries cited in the response.  Thus, we recommend a reduction of $310.50 in fees.

9.      In our initial report, we noted that between November 1 and December 18, 2002, four professionals billed time for research regarding *Daubert*.  The total time expended was 36.80 hours for $5,446.00.  The entries are provided below.

| 11/01/02 | TP  | Research re *Daubert* issue (7.8) | 7.80 |
| 11/01/02 | ACZ | Research re *Daubert* issue in conjunction with Honeywell motion re Dr. Belsito(4.6 hrs.) | 4.60 |
| 11/01/02 | RLS | Draft motion to exclude invoices produced in violation of scheduling order (2.8 hrs.); research *Daubert* issue (4.3 hrs) | 7.10 |
| 11/04/02 | RLS | Research re Daubert issue (3.1 hrs); draft motion in limine to exclude invoices (5.7 hrs.) | 8.80 |

| 11/13/02 | NAB | ...legal research in connection with *Daubert* Motions on "fit" issue (.8 hrs). | 11.80 |
| 12/17/02 | RLS | Research whether court may exclude expert testimony without Daubert hearing (4.0 hrs); research Daubert testing - may court exclude expert testimony because expert did not follow suggested methodology (4.1 hrs). | 8.10 |
| 12/18/02 | RLS | Research whether court may exclude expert testimony without Daubert hearing (3.8 hrs.); research case law whether witness qualifications fit Daubert expert standards (4.3 hrs.). | 8.10 |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." Without further explanation, there appears to be a duplication of effort regarding the research. We asked Wallace King to explain why this research required four professionals and to address the specific contribution of each. Wallace King's response is provided below.

> There has been no duplication of effort. *Daubert* is a complicated legal issue and has a four-part test to challenge expert testimony depending on the facts. Each of the attorneys was working on different motions *in limine* where an aspect of *Daubert* was an issue. Each attorney was working on distinct *Daubert* issues where different lines of cases were at issue. *Daubert* was a short hand reference in the invoices to describe the specific issue they were working on. All involved *Daubert* but each involved different aspects of *Daubert* with different case lines at issue. ACZ was working on the motion with TP. NAB is not an attorney and the attorney who is actually listed in the invoice in connection with the research is WH not NAB. WH worked on different *Daubert* issues than TP, ACZ or RLS.

We accept the explanation and have no objection to these fees.

10.    In our initial report, we noted that for the Application period, Wallace King seeks reimbursement in the amount of $10,841.56 for secretarial overtime and $2,452.50 for facilities management personnel overtime.  Paragraph II. E. 7. of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ."  In the absence of accompanying detail, it is not possible to know whether these overtime expenses should be compensable.  We asked Wallace King to provide the necessary documentation and explanation to support the request for overtime compensation for both secretarial and facilities management personnel.  Wallace King replied as follows:

> As noted in the response to No. 5, the period in which the secretarial overtime and facilities management charges were incurred was during the preparation of the pre-trial order, pre trial brief and 13 *in limine* motions.  This was a period of extremely high pre trial activity with very tight deadlines that required an extraordinary resource commitment.  Extraordinary secretarial overtime was required to make timely filings. Word processing assistance (secretarial overtime) was required many nights after mid night in order to complete the work. Facilities management services are a direct cost to the firm for on-site services and were required for the pre trial order and accompanying exhibits.

We accept Wallace King's explanation and have no objection to these expenses.

## CONCLUSION

11.    Thus, we recommend approval of fees totaling $629,139.50 ($629,450.00 minus $310.50) and costs totaling $177,459.68 for Wallace King's services from October 1, 2002 through December 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 21st day of April, 2003.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Christopher H. Marraro, Esq.
Wallace King Marraro & Branson PLLC
1050 Thomas Jefferson St. N.W.
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| | | | |
|---|---|---|---|
| 10/01/02 | TM | Review lists, collect, copy and prepare binders of invoices cited in Honeywell's stipulation exhibits (10.1 hrs.). | 10.10 |
| | RM | Scan and email Mr. Hughes Grace's draft deposition designations (.3 hrs.). | 0.30 |
| | BB | …; continue preparation of deposition designations and exhibit list, scan and prepare email message to counsel of record re same (1.4 hrs.);… | 14.80 |
| 10/02/02 | TM | …; continued to review lists, collect, copy and prepare binders of invoices cited in Honeywell's stipulation exhibits (7.7 hrs.). | 12.50 |
| 10/03/02 | TM | Continued to review lists, collect, copy and prepare binders of invoices cited in Honeywell's stipulation exhibits (6.7 hrs.). | 13.50 |
| 10/04/02 | TM | …; continued to review lists, collect, copy and prepare binders of invoices cited in Honeywell's stipulation exhibits (9.2 hrs.). | 14.50 |
| 10/05/02 | TM | Review lists, collect, copy and prepare binders of invoices cited in Honeywell's stipulation exhibits in preparation for Gayle Koch's damages review (8.5 hrs.). | 8.50 |
| 10/07/02 | NAB | …; scan and incorporate case documents into electronic files and (3.2 hrs.); | 7.80 |
| 10/09/02 | NAB | …; scan and incorporate case documents into electronic files (2.3 hrs.). | 5.70 |
| 10/10/02 | NAB | Produce labels for new documents to be produced (2.1 hrs.); scan and incorporate case documents into electronic files (2.5 hrs.);… | 9.00 |
| 10/16/02 | NAB | Scan and incorporate case documents into electronic files (7.5 hrs.). | 7.50 |

| 10/17/02 BB | Scan and email pertinent document to Mr. Hughes (.4 hrs.); … | 9.00 |
| 10/18/02 BB | …; scan pertinent document into Word, OCR and email to Mr. Hughes (.5 hrs.). | 9.30 |
| 10/23/02 MM | …; review recent photos from experts and produce copies of same to all parties (.4 hrs.); | 12.10 |
| 10/29/02 NAB | Scan and incorporate case documents into electronic files (7.5 hrs.). | 7.50 |
| 10/30/02 BB | …; scan and forward requested exhibits to plaintiff per Mr. Hughes' request (.6 hrs.);… | 9.00 |
| 10/30/02 NAB | Scan and incorporate case documents into electronic files (5.5 hrs.). | 5.50 |
| 11/01/02 | BB | ...prepare letter and Federal Express shipment of same (1.2 hrs.);... | 7.50 |
| 11/04/02 | BB | ... incorporate new correspondence, court filing and case documents, into indexed case files and electronic files (5.3 hrs.). | 9.10 |
| 11/05/02 | BB | ... prepare cover letter and FedEx package to expert for Mr. Hughes (.7 hrs.);...proof and update database and quality check document binders (2.5 hrs.) | 10.3 |
| 11/11/02 | RLS | Edit and cite-check various motions in limine to be filed 11/15/02 (7.2 hrs.);.... | 8.20 |
| 11/12/02 | RLS | Edit and cite-check various motions in limine to be filed 11/15/02 (7.0 hrs.);.... | 8.00 |
| 11/13/02 | RLS | Edit and cite-check various motions in limine to be filed 11/15/02 (12.7 hrs.). | 12.70 |
| 11/14/02 | BB | ...prepare materials for FedEx (1.3 hrs.); | 11.30 |
| 11/14/02 | NAB | Assist with filing of in limine motions (8.5 hrs.). | 8.50 |

| 11/14/02 | ACZ | Proofread and edit trial brief for Mr. Marraro (1.4 hrs.). | 1.40 |
|----------|-----|------------------------------------------------------------|------|
| 11/14/02 | MM | ...in final preparation for filing all motions and declaration, assist with the compiling of all motions, declarations and duplicating numerous sets of exhibits to be forwarded via FedEx to Ms. Flax for filing (5.8 hrs.). | 13.8 |
| 11/15/02 | BB | ...sort, coordinate and scan motion in limine materials received by fax from Lowenstein, scan and email to case attorneys (2.0 hrs.);... | 10.50 |
| 11/20/02 | BB | Scan and OCR Honeywell's exhibit list (1.8 hrs.) | 11.20 |
| 11/21/02 | MM | ...review and scan Honeywell's filed trial exhibit list, part II (.8 hrs.); review and scan ICO's filed trial exhibits list (.9 hrs.);... | 11.70 |
| 11/22/02 | MM | ...review ICO and Honeywell final trial exhibits list and scan them both for future trial use (.8 hrs.); .... | 11.60 |
| 11/24/02 | TP | Proof, revise brief and Belsito declaration, prepare cover Page and email completed pleading to Mr. Marraro and expert (2.1) | 2.10 |
| 11/25/02 | TP | ...review and proof brief (.3 hrs.). | 1.30 |
| 11/25/02 | MM | Prepare various depositions to be copied to be scanned and placed on CD for trial use (.2 hrs.); follow-up with FedEx re status of package sent to Ms. Flax (.3 hrs.);...continue to scan various depositions to be placed on CD for trial use (1.6 hrs.);... | 11.40 |
| 11/26/02 | MM | ...continue to scan various depositions to be placed on CDs in preparation for trial (.6 hrs.);... | 9.60 |
| 11/27/02 | MM | ... review, organize and scan all parties briefs and opposition briefs and forward to team for review (.9 hrs.);review and duplicate all briefs and opposition briefs and their supporting documents for Mr. Hughes review (1.3 hrs.); ...continue to scan various depositions to be placed on CDs in | 9.30 |

preparation for trial (1.8 hrs); ...

| | | | |
|---|---|---|---|
| 12/01/02 | TM | Assist with preparing and quality checking Grace exhibit binders to be exchanged to opposing counsel for trial (5.0 hrs.). | 5.00 |
| 12/02/02 | MM | ... finalize the review and scanning of various selective depositions to be used at trial and prepare all to be placed on CD (1.1 hrs.);... | 10.80 |
| 12/02/02 | NAB | Prepare and quality check Grace exhibit binders to be sent to counsel (8.5 hrs.). | 8.50 |
| 12/02/02 | TM | ...continue to assist with preparing and quality checking Grace exhibit binders to be exchanged to opposing counsel for trial (4.0 hrs.). | 9.70 |
| 12/03/02 | TM | ...scan selected depositions onto CD per the request of Mr.Moasser (.7 hrs.). | 6.70 |
| 12/03/02 | NAB | Prepare and quality check Grace exhibit binders to be sent to counsel (7.5 hrs.). | 7.50 |
| 12/03/02 | TP | ... review recent correspondence and pleadings and organize by party and type for future reference and analysis (1.3 hrs.);... | 7.70 |
| 12/05/02 | NAB | Prepare and quality check Grace exhibit binders to be sent to counsel (8.0 hrs.). | 8.00 |
| 12/06/02 | BB | ...prepare letter and FedEx package to experts (.8 hrs.); .... | 10.50 |
| 12/09/02 | NAB | Prepare and quality check Grace exhibit binders to be sent to counsel (11.5 hrs.). | 11.50 |
| 12/09/02 | BB | ...make arrangements with copy service for duplication of exhibits (.6 hrs.); assist in preparation of shipment to parties (1.4 hrs.) | 11.50 |
| 12/09/02 | RM | Create CD's of exhibit (1.9 hrs.). | 1.90 |

| 12/10/02 | MM | ...at Home Depot to obtain material needed for site visit (.3 hrs.). | 7.90 |
| 12/10/02 | TM | Quality checked and inserted tabs into Grace trial exhibit binders (8.8 hrs.). | 8.80 |
| 12/10/02 | NAB | Quality check trial exhibit binders in preparation for trial (8.0 hrs.). | 8.00 |
| 12/11/02 | BB | Review new correspondence and case documents, coordinate, organize and prepare for incorporation into indexed case files (3.6 hrs.); ...prepare cover letter and documents for shipment to case expert (.8 hrs.);create new files and incorporate new documents into indexed case files (2.7 hrs.); prepare FedEx package (.5 hrs.);.... | 10.80 |
| 12/11/02 | NAB | Quality check trial exhibit binders in preparation for trial (9.5 hrs.). | 9.50 |
| 12/11/02 | RM | Create CDs of exhibits (.9 hrs.). | 0.90 |
| 12/12/02 | BB | ... prepare FedEx package of same (.4 hrs.); | 10.00 |
| 12/13/02 | TM | Continue quality checking and inserting tabs into Grace exhibit binders (6.5 hrs.). | 6.50 |
| 12/13/02 | BB | ... prepare and incorporate new documents into indexed case files and create new files (2.1 hrs.); download pertinent photographs and prepare for Mr. Marraro (2.4 hrs.). | 12.00 |
| 12/14/02 | MM | receive, review and quality control copies of Grace trial exhibits received from IKON (4.1hrs.). | 4.50 |
| 12/15/02 | MM | Continue to review and quality control Grace trial exhibits received from IKON (5.0 hrs.). | 5.00 |
| 12/17/02 | MM | Continue to review and quality control additional Grace trial exhibits to be used at trial that were received from IKON (9.8 hrs.);... | 15.70 |
| 12/17/02 | BB | ...review and quality check Grace exhibit | 10.90 |

|  |  | binders for case expert and prepare for shipment (4.0 hrs.);... |  |
|---|---|---|---|
| 12/18/02 | MM | ...review and finalize copy of Grace trial exhibits and forward to Ms. Flax for their files and forward via FedEx (2.1 hrs.); continue to review and quality control additional Grace trial exhibits to be used at trial that were received from IKON (7.2 hrs.).... | 13.20 |
| 12/19/02 | MM | ....continue to review and quality control additional Grace trial exhibits to be used at trial that were received from IKON (9.2 hrs.);... | 15.20 |
| 12/19/02 | BB | ...review, coordinate,prepare and incorporate new correspondence into indexed case files and electronic files (5.2 hrs.); ... | 10.00 |
| 12/20/02 | MM | ...finalize the review and quality control additional Grace trial exhibits to be used at trial that were received from IKON (10.9 hrs.);... | 12.70 |
| 12/23/02 | BB | ...quality check and prepare deposition transcripts for Mr. Agnello FedEx packages (3.8 hrs. ). | 8.80 |
| 12/26/02 | NAB | Scan case pleadings and burn same out to CD for use at trial (6.5 hrs.). | 6.50 |
| 12/27/02 | BB | ...prepare and quality check documents and material binders for trial for Mr. Agnello (11.1 hrs.). | 14.30 |
| 12/27/02 | NAB | Scan case pleadings and burn same out to CD for use at trial (6.8 hrs.). | 6.80 |
| 12/27/02 | TM | ... copy deposition transcripts per the request of co-counsel (6.0 hrs.). | 17.00 |
| 12/28/02 | NAB | Scan case pleadings and burn same out to CD for use at trial (8.5 hrs.). | 8.50 |

| 12/29/02 | NAB | Scan case peadings and burn same out to CD for use at trial (8.4 hrs.); .... | 13.00 |
|----------|-----|------------------------------------------------------------------------------|-------|
| 12/30/02 | NAB | Scan case pleadings and filings and burn same out to CD for use at trial (7.5 hrs.). | 7.50 |
| 12/31/02 | NAB | Scan case pleadings and burn same out to CD for use at trial (4.7 hrs.). | 4.70 |
| 12/12/02 | BB | Prepare FedEx package to Mr. Hogan in Buffalo and deliver same to after hours FedEx office at Dupont Circle (1.3 hrs.). | 1.30 |
| 12/27/02 | MM | ...assist Ms. Banks in   preparing several depositions to be sent out to Ms. Flax's office for trial preparation (3.7 hrs.); | 19.10 |
| 12/28/02 | TM | ....copy deposition transcripts per the request of co-counsel (3.0 hrs.). | 12.00 |
| 12/27/02 | MM | ...organize and pack all Grace original trial exhibits and courtroom versions in preparation for trial (2.3 hrs.); pack all trial supplies and label boxes (1.2 hrs.);.... | 19.10 |
| 12/28/02 | TM | Grace trial preparation sort Grace exhibits by category and place into binders (9.0 hrs.); ....copy deposition transcripts per the request of co-counsel (3.0 hrs.). | 12.00 |
| 12/28/02 | MM | ...continue to box various case files to be used at trial (5.4 hrs.); .... | 18.50 |
| 12/29/02 | TM | Grace trial preparation; sort Grace Exhibits by category and place into binders (11.0 hrs.); box case material and prepare lables for documents being shipped to New Jersey for trial (2.0 hrs.). | 13.00 |
| 12/30/02 | TM | Assist Ms. Banks with the collection and preparation of witness designations and court filing materials and documents for trial (6.0 hrs.). | 6.00 |

| 12/31/02 | TM | Assist Ms. Banks with the continued preparation of witness and trial issue materials for transport to trial (5.9 hrs.). | 5.90 |
|---|---|---|---|

Exhibit B

| | | | |
|---|---|---|---|
| 10/15/02 | MM. | ..travel to Lowenstein's office in New Jersey re reviewing and gathering stated missing Honeywell's exhibits(.3) | 12.80 |
| 10/23/02 | MM | ...travel to and from FedEx, Dulles office re dropping off stated packages (1.5 hrs.). | 12.10 |
| 11/05/02 | BB | ...make trip to after hours FedEx office at Dulles Airport to ship packages to expert (1.1 hrs.). | 10.30 |
| 11/11/02 | MM | ...travel to and from MHI Communication re producing stated still photos (3.1 hrs.); .... | 10.40 |
| 11/14/02 | BB | ...make trip to after hours FedEx office at Dulles. Airport (1.1 hrs.). | 11.30 |
| 12/06/02 | BB | ... make trip to after hours FedEx office at Dulles (.9 hrs.). | 10.50 |
| 12/09/02 | BB | ...make trip to after hours to FedEx office at Dulles Airport (.8 hrs.). | 11.50 |
| 12/10/02 | MM | ...return to site for additional planning (1.2 hrs.); | 7.90 |
| 12/11/02 | BB | ...make trip to after hours FedEx office at Dupont Circle (.4 hrs.);.... | 10.80 |
| 12/12/02 | BB | ...deliver same to after hours FedEx at Dulles Airport (.8 hrs.); ...make trip to after hours FedEx at Dupont Circle (.4 hrs.). | 10.00 |
| 12/28/02 | MM | ... telephone conference with IKON re producing copies of all photo trial exhibits and travel to IKON to drop documents off for duplication (.6 hrs.);.... | 13.00 |
| 12/12/02 | BB | Prepare FedEx package to Mr. Hogan in Buffalo and deliver same to after hours FedEx office at Dupont Circle (1.3 hrs.). | 1.30 |

Response Exhibit 1

The overwhelming work questioned was in connection with the preparation of the pre trial order that included the exhibits. Over 5500 multi page exhibits were listed by the parties. We were directed by Judge Cavanaugh to avoid duplications and to streamline the exhibit lists. In order to complete the work, we had the enormous task of assembling each exhibit from each parties list, preparing binders, reviewing each exhibit, discussing the exhibits with adversaries to determine if we could agree on a joint list, preparing a summary and ultimately preparing an exhibit list for the pretrial order. The two other major tasks involved preparing and responding to 13 motions *in limine* and preparing and filing the Grace Defendants Pre Trial Brief. This work was time critical and was undertaken at the same time pre-trial preparation was occurring. TP, an attorney was deeply involved in preparing certain *in limine* motions. Her work included working with experts to prepare declarations in support of the motions. To the extent her entries appear clerical in nature, they are not. She prepared her own briefs in support of the motions and as any capable attorney, she reviewed her product to assure that it was professionally prepared. ACZ is also an attorney who was assisting in the preparation of the pre trial brief. His one entry regarding proof reading was for the final preparation of the part of the brief that he researched and prepared. RLS, an attorney was also very involved in preparing several motions *in limine* and responding to certain such motions of the Grace Defendant's adversaries. Again, her work was not clerical but was her final preparation of her work product to be submitted to the Court. The balance of the Exhibit A entries are for paralegal work in connection with the exhibits and pre trial work described above. For example, TM's entry on 10/02 regarding the preparation of binders of invoices related to her work to assemble the voluminous damage documents into chronological order (over 20 years of relevant exhibits), match checks with invoices , account for missing invoices or checks, prepare an exhibit list of damage documents and arrange the exhibits for review by the attorneys.