## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. Grace & Co., <u>et al.</u>**[1] | ) | **Case No. 01-1139** |
| | ) | **(Jointly Administered)** |
| **Debtors** | ) | |
| | ) | |

## <u>SUPPLEMENTAL AFFIDAVIT UNDER 11 U.S.C. 327(e)</u>
### (Bryan Cave LLP)

**DISTRICT OF COLUMBIA)**     **ss:**

Richard A. Cohn, being duly sworn, upon his oath, deposes and says:

1.      I am a partner of Bryan Cave LLP, located at 700 13th Street, N.W., Suite 700,

Washington, D.C. 20005, (the "Firm").

2.      The Debtors have requested that the Firm provide legal services to the Debtors,

and the Firm has consented to provide such services.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4.      As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.  As indicated in a prior similar Affidavit dated on or about May 14, 2001, certain clients of the Firm as of such date may have been among the creditors or their affiliates listed in the Debtors' Consolidated Lit of Creditors Holding 20 Largest Unsecured Claims.  A copy of the prior Affidavit is attached as Exhibit A.

5.      Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.      Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

7.      The Debtors owe the Firm approximately $55,685.84 for prepetition services as reflected in the proof of claim attached as Exhibit B.

2

8.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Executed on April 9, 2003

BRYAN CAVE LLP

Richard A. Cohn
Partner

DISTRICT OF COLUMBIA) ss:

Sworn to and subscribed before me this 9th day of *April*, 2003.

Notary Public

My Commission expires: 6/30/03

**EXHIBIT A TO SUPPLEMENTAL AFFIDAVIT DATED APRIL 9, 2003.**

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **W. R. Grace & Co., et al.**[1] | ) | **Case No. 01-1139** |
|  | ) | **(Jointly Administered)** |
| **Debtors** | ) |  |
|  | ) |  |

## AFFIDAVIT UNDER 11 U.S.C. 327(e)
### (Bryan Cave LLP)

**DISTRICT OF COLUMBIA)**    **ss:**

Richard A. Cohn, being duly sworn, upon his oath, deposes and says:

1.    I am a partner of Bryan Cave LLP, at 700 13th Street, N.W., Suite 700 Washington, D.C. 20005 with other offices located in various domestic and overseas locations (the "Firm").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The Debtors have requested that the Firm provide legal services to the Debtors primarily in connection with real estate matters and asbestos related litigation, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4.      As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases. Exhibit A lists certain clients of the Firm that may be among the creditors or their affiliates listed in the Debtors' Consolidated List of Creditors Holding 20 Largest Unsecured Claims. However, the Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

5.      Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.      Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

7.      The Debtors owe the Firm approximately $53,716.94 for fees and expenses outstanding as of April 2, 2001 (billed and reported work in progress) for prepetition services.

8.    The Firm is conducting further inquiries regarding its retention by any creditors of

the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the

Firm will supplement the information contained in this Affidavit.

Executed on May 14, 2001

                                                BRYAN CAVE LLP


                                                _____
                                                Richard A. Cohn
                                                Partner


DISTRICT OF COLUMBIA) ss:


        Sworn to and subscribed before me this 14th day of May, 2001.

                                    _____
                                                Notary Public


My Commission expires: 6/30/03

**Exhibit A to Affidavit of Richard A. Cohn (Bryan Cave LLP) Under 11 U.S.C. 327(e)**

E. I. du Pont de Nemours & Co.
Bank of America
Ingersoll-Rand Company
CNA Insurance Company
J.P. Morgan Chase & Co.
Chase Manhattan Bank
Chase Manhattan Private Bank

**EXHIBIT B TO SUPPLEMENTAL AFFIDAVIT DATED APRIL 9, 2003.**

# EXHIBIT B

B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: W. R. GRACE & CO. | Case Number: Case No. 01-1139 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Bryan Cave LLP | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent: Thomas C. Walsh, Esq. Bryan Cave LLP One Metropolitan Square 211 North Broadway, Suite 3600 St. Louis, MO 63102 Telephone number: (314) 259-2000 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: C09412 | Check here ☐ replaces if this claim ☐ amends a previously filed claim, dated: _____ |

**1. Basis for Claim**
- ☐ Goods sold
- ☒ Services performed and expenses incurred
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

Your SS #: _____ _____ _____

Unpaid compensation for services performed

from _____ to _____
　　　　(date)　　　　　　　　(date)

| **2. Date debt was incurred:** 04/02/01 | **3. If court judgment, date obtained:** |
|---|---|

**4.** Total Amount of Claim at Time Case Filed:　　　　$55,685.84

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate　　☐ Motor Vehicle

☐ Other _____

Value of Collateral:　$_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, Salaries, or commissions (up to $4,300)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other Specify applicable paragraph of 11 U.S.C. § 507(a).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. If the documents are voluminous, attach a summary. See Exhibits A and B attached hereto and incorporated herein by reference.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date 7/11/01 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *[signature]* Thomas C. Walsh, Partner |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (4/98) (Reverse)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on the property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before a bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (IF NOT ALREADY FILLED IN)

**Court, Name of Debtor, and Case Number:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority, if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**7. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

## EXHIBIT A
## ADDENDUM TO PROOF OF CLAIM

1.       Claimant specifically reserves its right to file a claim or request for payment pursuant to Section 503(b) or Section 507(a) of the United States Bankruptcy Code and generally to make requests for payment of administrative expenses.

2.       In executing and filing this Proof of Claim, Claimant does not waive any right to any security held by it or for its benefit or any right to claim specific assets or any other rights of action that Claimant has or may have against the Debtor or any other person or persons, and expressly reserves such rights.

3.       Claimant reserves the right to amend and/or supplement this Proof of Claim in any respect.

4.       All relevant documents, not otherwise attached hereto as Exhibits, will be made available upon request by the Court, Debtor or any other party in interest.

5.       Claimant reserves the right to object to this Court's subject matter jurisdiction.

6.       This Claim is, and is filed as, a fixed unsecured claim in the amount of $55,685.84 and a contingent unsecured claim in amounts which are not yet ascertainable.

7.       This Claim shall serve as a claim against any guarantor, if any, of the obligations hereunder to the extent said guarantor is a debtor in these proceedings.

1308106

# BRYAN CAVE LLP

EMPLOYER IDENTIFICATION NUMBER: 43-0602162

ST. LOUIS, MISSOURI
WASHINGTON, D.C.
NEW YORK, NEW YORK
KANSAS CITY, MISSOURI
JEFFERSON CITY, MISSOURI
OVERLAND PARK, KANSAS
PHOENIX, ARIZONA
LOS ANGELES, CALIFORNIA
IRVINE, CALIFORNIA

RIYADH, SAUDI ARABIA
KUWAIT CITY, KUWAIT
ABU DHABI, UNITED ARAB EMIRATES
DUBAI, UNITED ARAB EMIRATES
HONG KONG
SHANGHAI, PEOPLE'S REPUBLIC OF CHINA
IN ASSOCIATION WITH BRYAN CAVE,
A MULTINATIONAL PARTNERSHIP.
LONDON, ENGLAND

W.R.Grace & Co.
Attn:  Jay W. Hughes, Jr.
5400 Broken Sound Blvd, NW
Boca Raton, Florida  33487

July 10, 2001
Invoice

## STATEMENT OF ACCOUNT

Re:      St. Louis Bodily Injury Litigation

For professional services rendered and expenses
incurred in connection with W.R. Grace & Co.
through April 2, 2001:

$51,518.01

**INVOICE DUE UPON RECEIPT**

PLEASE RETURN REMITTANCE ADVICE WITH PAYMENT IN THE ENCLOSED ENVELOPE AND MAIL TO
BRYAN CAVE LLP, P.O. BOX 503080, ST. LOUIS, MO 63150-3089
OR WIRE TRANSFER FUNDS TO BANK OF AMERICA, N.A., ROUTING #081000032. ACCOUNT #100101007976
PLEASE INCLUDE REFERENCE TO INVOICE NUMBER. THANK YOU.

1308377

# BRYAN CAVE LLP

EMPLOYER IDENTIFICATION NUMBER: 43-0602162

ST. LOUIS, MISSOURI
WASHINGTON, D.C.
NEW YORK, NEW YORK
KANSAS CITY, MISSOURI
JEFFERSON CITY, MISSOURI
OVERLAND PARK, KANSAS
PHOENIX, ARIZONA
LOS ANGELES, CALIFORNIA
IRVINE, CALIFORNIA

RIYADH, SAUDI ARABIA
KUWAIT CITY, KUWAIT
ABU DHABI, UNITED ARAB EMIRATES
DUBAI, UNITED ARAB EMIRATES
HONG KONG
SHANGHAI, PEOPLE'S REPUBLIC OF CHINA
IN ASSOCIATION WITH BRYAN CAVE,
A MULTINATIONAL PARTNERSHIP,
LONDON, ENGLAND

W.R.Grace & Co.
Attn:  Richard A. Senftleben, Esq.
Senior Litigation Counsel
5400 Broken Sound Blvd, NW
Boca Raton, Florida  33487

July 10, 2001
Invoice

## STATEMENT OF ACCOUNT

Re:     Hunter v. W.R. Grace & Co., et al.

For professional services rendered and expenses
incurred in connection with W.R. Grace & Co.
through April 2, 2001:

$2,166.21

**INVOICE DUE UPON RECEIPT**

# BRYAN CAVE LLP

EMPLOYER IDENTIFICATION NUMBER: 43-0602162

ST. LOUIS, MISSOURI
WASHINGTON, D.C.
NEW YORK, NEW YORK
KANSAS CITY, MISSOURI
JEFFERSON CITY, MISSOURI
OVERLAND PARK, KANSAS
PHOENIX, ARIZONA
LOS ANGELES, CALIFORNIA
IRVINE, CALIFORNIA

RIYADH, SAUDI ARABIA
KUWAIT CITY, KUWAIT
ABU DHABI, UNITED ARAB EMIRATES
DUBAI, UNITED ARAB EMIRATES
HONG KONG
SHANGHAI, PEOPLE'S REPUBLIC OF CHINA
IN ASSOCIATION WITH BRYAN CAVE,
A MULTINATIONAL PARTNERSHIP,
LONDON, ENGLAND

W.R.Grace & Co.
Attn: Richard A. Senftleben, Esq.
Senior Litigation Counsel
5400 Broken Sound Blvd, NW
Boca Raton, Florida 33487

July 10, 2001
Invoice

## STATEMENT OF ACCOUNT

Re:    Daily, et al. v. W. R. Grace & Co.-Conn.

For professional services rendered and expenses
incurred in connection with W.R. Grace & Co.
through April 2, 2001:

$1,896.59

PLEASE RETURN REMITTANCE ADVICE WITH PAYMENT IN THE ENCLOSED ENVELOPE AND MAIL TO
BRYAN CAVE LLP, P.O. BOX 503089, ST. LOUIS, MO 63150-3089
OR WIRE TRANSFER FUNDS TO BANK OF AMERICA, N.A., ROUTING #081000032, ACCOUNT #100101007976
PLEASE INCLUDE REFERENCE TO INVOICE NUMBER. THANK YOU.

1308377

# BRYAN CAVE LLP

EMPLOYER IDENTIFICATION NUMBER: 43-0602162

ST. LOUIS, MISSOURI
WASHINGTON, D.C.
NEW YORK, NEW YORK
KANSAS CITY, MISSOURI
JEFFERSON CITY, MISSOURI
OVERLAND PARK, KANSAS
PHOENIX, ARIZONA
LOS ANGELES, CALIFORNIA
IRVINE, CALIFORNIA

RIYADH, SAUDI ARABIA
KUWAIT CITY, KUWAIT
ABU DHABI, UNITED ARAB EMIRATES
DUBAI, UNITED ARAB EMIRATES
HONG KONG
SHANGHAI, PEOPLE'S REPUBLIC OF CHINA

IN ASSOCIATION WITH BRYAN CAVE,
A MULTINATIONAL PARTNERSHIP,
LONDON, ENGLAND

W.R.Grace & Co.
Attn: Vicki B. Finkelstein
7500 Grace Drive
Columbia, Maryland 21044

July 10, 2001
Invoice

## STATEMENT OF ACCOUNT

Re:     Acquisition of Vydac

For professional services rendered and expenses
incurred in connection with W.R. Grace & Co.
through April 2, 2001:                                                          $105.03

**INVOICE DUE UPON RECEIPT**

PLEASE RETURN REMITTANCE ADVICE WITH PAYMENT IN THE ENCLOSED ENVELOPE AND MAIL TO
BRYAN CAVE LLP, P.O. BOX 503069, ST. LOUIS, MO 63150-3069
OR WIRE TRANSFER FUNDS TO BANK OF AMERICA, N.A., ROUTING #081000032. ACCOUNT #100101007976
PLEASE INCLUDE REFERENCE TO INVOICE NUMBER. THANK YOU.

1308377