**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF L. TERSIGNI CONSULTING P.C.**
**FOR THE SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Seventh Interim Fee Application of L. Tersigni Consulting P.C. (the "Application").

**BACKGROUND**

1.  L. Tersigni Consulting P.C. ("Tersigni") was retained as accountant and financial advisor for the official committee of asbestos personal injury claimants. In the Application, Tersigni seeks approval of fees totaling $85,998.25 and costs totaling $425.03 for its services from October 1, 2002, through December 31, 2002.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Tersigni an initial report based on our review and received a response from Tersigni, portions of which response are quoted herein.

## DISCUSSION

### Specific Time and Expense Entries

3.      In our initial report, we noted that between October 10, 2002, and November 18, 2002, BC($425), BR($425), and LT($425) spent time researching and reviewing materials associated with a valuation analysis. The total time spent was 48.6 hours for $20,655 in fees. See Exhibit A. The U.S. Trustee Guidelines, Rule I.E. states, ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; ...whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . . ." We asked Tersigni to review Exhibit A and explain why so much time was needed for research and review on this project and why it was necessary for three professionals to participate. Tersigni's response is provided below.

> All three LTC associates were involved directly with Ms. Rachel Fleishman providing litigation consultation services. Ms. Fleishman, a lawyer with the law firm of Milberg Weiss Bershad Hynes & Lerach, was the attorney involved in the prosecution of the fraudulent transfer litigation against Sealed Air relating to the transfer of W.R. Grace Cryovac division to Sealed Air in 1998. The nature of the assignment necessitated that individuals with the expertise and experience of both Mr. Rapp and Mr. Cavanaugh review, research, evaluate and opine on the specific issues involved in this fraudulent transfer litigation matter. Due to the sheer volume of materials to be reviewed and researched (over 20 Xerox size boxes of documents), and the time requirements of deliverables based on court schedule dates, the services of both gentleman was required to meet counsel's needs. Mr. Tersigni's involvement, during this interim time frame, was limited to 3.40 hours of the 48.60 being discussed. Mr. Tersigni's expertise was called upon relating to the specific

issue of the discount rate to be used in the calculation of W.R. Grace's liability. Mr. Rapp and Mr. Cavanaugh directed their efforts to specific topics under the direction and upon the request of Ms. Fleishman. The service rendered, the range of expertise made available to counsel and the representation by each associate addressing issues in great depth and detail was not duplicative and the time expended was commensurate with the tasks performed. The conclusion of this litigation resulted in a settlement to the Estate in excess of $800 million dollars.

We appreciate the explanation and have no objection to these fees.

## CONCLUSION

4.  Thus, we recommend approval of fees totaling $85,998.25 and costs totaling $425.03 for Tersigni's services from October 1, 2002, through December 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 1st day of May 2003.

                                                           Warren H. Smith

## SERVICE LIST

Notice Parties

**The Applicant**

Loreto T. Tersigni
L. Tersigni Consulting P.C.
2001 West Main Street, Suite 220
Stamford, CT 06902

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| 10/28/02 | BC | Review of Goldin Memo regarding appropriate discount reate for asbestos liabilities and control valuation standard | 16 | 0.8 | $425 | $340.00 |
|---|---|---|---|---|---|---|
| 11/5/02 | BC | Review of SFA Concept #7 in preparation for analysis of Preston memo regarding the appropriate discount rate for asbestos liabilities | 16 | 3.50 | $ 425 | $ 1,487.50 |
| 11/5/02 | BC | Review and analysis of issues relating to the appropriate discount rate and valuation standard for WRG | 16 | 2.00 | $ 425 | $850.00 |
| 11/6/02 | BC | Review of court cases where the discount rate for certain liabilities was decided in order to advise counsel | 16 | 2.80 | $ 425 | $ 1,190.00 |
| 11/7/02 | BC | Further analysis of valuation literature regarding valuation standards in order to advise counsel | 16 | 1.60 | $ 425 | $680.00 |
| 10/28/02 | BR | Research of valuation literature for proper means of determining present value of liabilities in the context of fraudulent conveyances at the request of counsel. | 16 | 3.4 | $ 425 | $ 1,445.00 |
| 10/28/02 | BR | Review and analysis of Order of Estimation of asbestos liabilities in Chapter 11 proceedings for purpose of ascertaining method of discounting asbestos liabilities. | 16 | 2.2 | $ 425 | $935.00 |
| 10/28/02 | BR | Review of certain accounting literature references provided by counsel in connection with fraudulent transfer litigation | 16 | 3.3 | $ 425 | $ 1,402.50 |
| 10/31/02 | BR | Review of valuation literature to ascertain the appropriate discount rate to be used in valuing the asbestos obligations for purposes of fraudulent conveyance actions. | 16 | 2.1 | $ 425 | $892.50 |
| 11/5/02 | BR | Research on control premiums in the Business Valuation Resources database at request of counsel | 16 | 3.90 | $ 425 | $1,657.50 |
| 11/5/02 | BR | Research on discount rates and valuation methodologies used in fraudulent conveyance litigation at request of counsel | 16 | 3.20 | $ 425 | $1,360.00 |
| 11/6/02 | BR | Review and analysis of control premium articles in Business Valuation Review for purposes of fraudulent conveyance litigation at the request of counsel | 16 | 2.80 | $ 425 | $1,190.00 |
| 11/6/02 | BR | Preparation of comments for counsel regarding control premiums for purposes of assisting counsel in fraudulent conveyance litigation | 16 | 1.80 | $ 425 | $765.00 |
| 11/6/02 | BR | Review of four case opinions provided by counsel relating to the appropriate discount rate to be used in determining the present value of asbestos claims | 16 | 1.40 | $ 425 | $595.00 |
| 11/14/02 | BR | Research in online Business Valuation Library relating to appropriate methodology for determining the residual value in a discounted cash flow valuation at the request of counsel | 16 | 3.00 | $ 425 | $ 1,275.00 |
| 11/14/02 | BR | Review of income approach and residual value techniques in Shannon Pratt"s Valuing A Business at | 16 | 1.50 | $ 425 | $637.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | the request of counsel | | | | |
| 11/16/02 | BR | Review of income approach and residual value techniques in Al Rappaport''s Creating Shareholder Value at request of counsel | 16 | 1.10 | $ 425 | $467.50 |
| 11/16/02 | BR | Review of income approach and residual value techniques in Copland''s Valuation at request of counsel | 16 | 2.10 | $ 425 | $892.50 |
| 11/18/02 | BR | Research of valuation literature re specific issues identified by counsel in preparation for meeting with counsel to discuss the same | 16 | 2.70 | $ 425 | $1,147.50 |
| 11/5/02 | LT | Research regarding discount rate to be used in calculation of Grace's liability | 16 | 3.40 | $ 425 | $1,445.00 |
| | | | | 48.6 | | 20655.00 |