**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FIFTH, SIXTH & SEVENTH INTERIM QUARTERLY FEE APPLICATIONS OF**
**CONWAY, DEL GENIO, GRIES & CO., LLC**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fifth, Sixth and Seventh Interim Quarterly Fee Applications of Conway, Del Genio, Gries & Co., LLC (the "Application").

**BACKGROUND**

1. Conway, Del Genio, Gries & Co., LLC ("CDG"), was retained as financial advisor to the official committee of asbestos property damage claimants. In the Application, CDG seeks approval of fees totaling $64,215.87 and costs totaling $3,774.49 for its services from April 1, 2002, through December 31, 2002.[1]

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application. We reviewed the Application for compliance with 11

---

[1] Because Conway did not file applications in the Fifth or Sixth Interim Periods, we agreed with Conway to review all requested fees and expenses for those periods as well as those requested for the Seventh Interim Period. We have treated the three applications as a single application for purposes of this report.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Conway 7int 10-12.02.wpd

U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on CDG an initial report based on our review, and received a response from CDG, portions of which are quoted herein.

## DISCUSSION

### General Issues

3.    We note that while CDG was being paid on a flat fee basis, only a portion of those fees were attributable to the bankruptcy case, and it is this portion, in the amount of $64,215.87 in fees and $3,774.49 in costs, for which CDG seeks approval in the three interim applications considered here.   In footnote 1 to paragraph 14 of its sixth interim application, and again in footnote 1 to paragraph 15 of its seventh interim application, CDG explains that its fees billed to the general bankruptcy case have been separated from those billed to the fraudulent conveyance adversary proceedings, as follows:

> CDG was engaged by the PD Committee at a flat fee of $150,000 per month for the first 12 months (plus expenses) beginning on May 27, 2001.  Prior to May 27, 2001, CDG was paid expenses only. Thereafter, CDG was to be paid a flat fee of $100,000 per month (plus expenses).  For the Compensation Period, total fees for services provided are $300,000. However, on July 10, 2002, an order was entered separating the fees paid in the general bankruptcy case from those fraudulent conveyance adversary proceedings.  Despite the fact that CDG does not charge for its services on an hourly basis, we were instructed by our clients to allocate our fees between the

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Conway 7int 10-12.02.wpd

bankruptcy case and the fraudulent conveyance adversary proceeding, based on hours dedicated to performing services related to each. . . .

4.      We note that the three interim fee applications contained the following information regarding how much of the $100,000 flat fee was devoted to the bankruptcy case (rather than the fraudulent conveyance adversary proceeding):

**5th Interim** - April 1 - June 30, 2002
CDG rendered 140.0 hours of services in connection with the bankruptcy case.

**6th Interim** - July 1 - September 30, 2002
CDG rendered 147.1 hours of services in connection with the bankruptcy case.

**7th Interim** - October 1 - December 31, 2002
CDG rendered 67.7 hours of services in connection with the bankruptcy case.

We note that CDG states that it does not bill in fixed hourly rates, but we calculate that CDG's $64,215.87 in fees, divided by the 354.8 hours of services in connection with the bankruptcy case, yields an effective hourly rate for services billed to the bankruptcy case between April 1, 2002 and December 31, 2002, of $180.99 per hour.

5.      In our initial report, we noted that the fraudulent conveyance adversary proceedings have been settled, and that it was our understanding that beginning with the Eighth Interim Period (January 1 through March 31, 2003) CDG's services would be devoted exclusively to the bankruptcy case of W.R. Grace, and that all relevant CDG interim applications henceforth would be filed with the Bankruptcy Court. In our initial report we asked CDG to verify that understanding and/or explain any anticipated variances. CDG responded as follows:

> in Paragraph 5 of the Report, the fee examiner states "The fraudulent conveyance adversary proceedings have been settled," and requests verification that "all relevant CDG interim application henceforth will be filed with the Bankruptcy Court." While a proposed settlement agreement in the fraudulent conveyance adversary proceeding related to the defendant Sealed Air has been structured, to date, it has not been

executed. Hence, CDG cannot definitively state that there will be no future requests from the Official Committee of Property Damage Claimants or the Official Committee of Personal Injury Claimants for services related to the fraudulent conveyance adversary proceeding. Moreover, during the period from January 1, 2003 through March 31, 2003, CDG professionals have been engaged in compiling time detail and assembling the related fee applications in connection with the fraudulent conveyance adversary proceeding for the District Court. Therefore, for purposes of clarification, CDG's request for fees and expenses in its Eighth Interim Fee Application (January 1, 2003 through March 31, 2003) to be filed with the Bankruptcy Court will likely not reflect all fees and expenses owed; the request for fees and expenses for the period January 1, 2003 through March 31, 2003, will likely be divided between the Bankruptcy Court and the District Court in a fashion similar to that utilized in the Application.

We appreciate the clarification set forth in this response.

## CONCLUSION

6. Thus, we recommend approval of fees totaling $64,215.87 and costs totaling $3,774.49 for CDG's services from April 1, 2002, through December 31, 2002.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _/s/ Warren H. Smith_
   Warren H. Smith
   State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 12th day of May, 2003.

                                                  Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**

Stephanie L. Jones
Associate
Conway, Del Genio, Gries & Co., LLC
645 Fifth Avenue, 11th Floor
New York, New York 10022

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801