IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: May 30, 2003
Hearing Date: June 17, 2003 at 12:00 p.m., only if objections are received

### DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT WITH BSFS EQUIPMENT LEASING AND DALEEN TECHNOLOGIES, INC., PURSUANT TO FED. R. BANKR. P. 9019

W. R. Grace & Co.-Conn., as debtor and debtor in possession in the above-captioned chapter 11 case ("Grace"), by and through the undersigned attorneys, hereby moves the Court for entry of an order authorizing Grace to execute and consummate the Stipulation[2] by and among Grace, BSFS Equipment Leasing (the "Lessor") and Daleen Technologies, Inc. ("Daleen") (each a "Party" and, together, the "Parties") terminating that certain Lease No.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The stipulation is annexed as Exhibit A.

6744795001 dated April 27, 1998 between Grace and the Lessor (the "Lease") and resolving the related claims of the Lessor and Daleen as described more fully herein. In support of this Motion, Grace respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue of these cases and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

### Background

2. W. R. Grace & Co.-Conn. ("Grace") leased certain telephone equipment (the "Equipment") pursuant to the Lease with the Lessor. The original term of the Lease expires on August 1, 2003 and the monthly rent payable thereunder is presently $5,227.57, including taxes (the "Rent"). The Equipment is located in the premises commonly known as 1750 Clint More Road, Boca Raton, Florida (the "Premises"). Grace leased the Premises from Tyco International (US), Inc. pursuant to a lease dated June 1, 1998 (the "Real Estate Lease").

3. Grace subsequently subleased the Premises together with the Equipment to Daleen pursuant to a sublease dated August 2, 1999 (the "Sublease"). Among other things, the Sublease provided for the Lease to be assigned to Daleen and for Grace to pay $3,000.00 of the cost of the Lease to Daleen (the "Equipment Subsidy"). The Lessor did not at any time consent to the terms of the Sublease. Although an agreement assigning the Lease was drafted, the agreement was not fully executed and the assignment never took effect.

4. On or about May 30, 2001, Grace filed with this Court a lease rejection notice with respect to the Real Estate Lease and the Sublease (the "Rejection Notice"). No objections to the Rejection Notice were filed and the rejection of the Real Estate Lease and the

Sublease were deemed effective as of May 25, 2001. Grace ceased paying the Equipment Subsidy in December 2001, and in or about March 2002, Daleen ceased making payments of Rent under the Lease.

5. In March 2003, Grace was notified by the Lessor of continuing payment defaults under the Lease. The last payment the Lessor received under the Lease was in February 2002. As of the filing of this Stipulation, the accrued unpaid balance of Rent payable by Grace under the Lease for the post-petition period exceeds $70,000.

6. Both the Lessor and Daleen have filed claims against Grace and other of the above-captioned debtors and debtors in possession (the "Debtors"). Daleen's claim (Claim No. 751) ("Daleen's Claim") is in the amount of $72,000 and constitutes a rejection damages claim related to the Sublease. The Lessor's claim (Claim No. 750)[3] is in the amount of $156,696.31, of which $83,838.39, plus the return of the Equipment, relates to the Lease ("Lessor's Claim"; together with Daleen's Claim, the "Lease Claims"). The Lessor's Claim is for Rent due under the Lease after the Petition Date.

7. Grace has engaged the Lessor and Daleen in negotiations in an effort to settle the Lease Claims and terminate the Lease. The Parties agreed to settle the Lease Claims and terminate the Lease pursuant to the Stipulation, a copy of which is attached hereto as Exhibit A in substantially final form. Among other things, the Stipulation provides that Grace will pay $45,000 to the Lessor in full and final satisfaction of all claims the Lessor and Daleen have asserted or may assert against Grace related to the Lease and the Lessor and Grace agree to terminate the Lease effective as of May 31, 2003.

---

[3] The Lessor has filed two identical claims—Claim No. 750 and Claim No. 865.

8.   The Stipulation resolves Grace's obligations under the Lease and claims against the Debtors totaling in excess of $155,000. Upon payment of the $45,000.00 to the Lessor, Grace will be relieved of all obligations related to the Lease and the Lease Claims. Given the continuing expenses related to the Lease and the costs related to claims resolution process, Grace believes that this settlement represents the best possible resolution for its estate and its creditors.

### Relief Requested

9.   By this Motion, Grace seeks Court approval of the Stipulation, pursuant to Bankruptcy Rule 9019.

10.   In full and final settlement of the Lease Claims and all claims potentially asserted against Grace related to the Lease, upon the Court's approval of the Stipulation[4], the Parties agree that Grace shall pay to the Lessor the sum of $45,000.00.

### Legal Basis for Relief

11.   Bankruptcy Rule 9019 authorizes this Court to approve a compromise settlement entered into by a debtor. The decision whether to accept or reject a compromise lies within the sound discretion of the Bankruptcy Court. In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986). Approval of a compromise settlement is appropriate if it is in the "best interests of the estate." Id.

12.   In determining whether a compromise settlement is in the best interests of a debtor's estate, courts in the Third Circuit have considered the following four factors:

   a)   the probability of success in the litigation;

---

[4] If there are any inconsistencies between the summary of the Stipulation in this Motion and the Stipulation itself, the language in the Stipulation shall control.

b)   the difficulties, if any, to be encountered in the matter of collection;

c)   the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

d)   the paramount interest of the creditors.

Id. See also In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

13.   The settlement need not be the best that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 62 B.R. at 803. Moreover, it is not necessary for the court to conduct a "mini trial" of the facts or the merits underlying the dispute. Grant Broadcasting, 71 B.R. at 396. See also In re A & C Properties, 784 F.2d 1377, 1384 (9th Cir.), cert. denied, 479 U.S. 854 (1986). Rather, the court need only consider those facts that are necessary to enable it to evaluate the settlement and to make an informed and independent judgment about the settlement. Penn Central, 596 F.2d at 1114; In re Energy Cooperative, Inc., 886 F.2d 921, 924-25 (7th Cir. 1989).

### The Stipulation Should Be Approved

14. Grace has determined that resolving its obligations under the Lease and Lease Claims is in the best interests of the Debtors. The Debtor is not presently using the Equipment and therefore the Equipment is not necessary for effective reorganization of the Debtors' estates and the Lease constitutes a continuing liability and drain on the Debtors estates. Moreover, Grace has determined that entering into the Stipulation is in the best interests of its estates and creditors. In particular, the Stipulation terminates Grace's obligations under the Lease and resolves claims totaling in excess of $155,000 for $45,000.

15. Further, if this Stipulation is not approved, the Debtors estates would incur the continued cost of the Lease and would also incur additional expenses related to a contested resolution of the Lease Claims. No matter what the outcome of the claims resolution process, Grace would be expending additional estate funds to reach a result which Grace considers likely to be less favorable to the Debtors' estates than the result represented by the Stipulation. It is the Debtors' business judgment that the Stipulation represents the most cost-efficient resolution of the Lease Claims and the termination of the Lease.

### Notice

16. Notice of this Motion has been given to (i) counsel for the Lessor, (ii) counsel for Daleen and (iii) those parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. Grace submits that no further notice is necessary.

WHEREFORE, Grace respectfully requests that the Court grant this Motion and such other and further relief as is just and proper.

Wilmington, Delaware
Dated: May 13, 2003

    Respectfully submitted,

    KIRKLAND & ELLIS
    David M. Bernick, P.C.
    James H.M. Sprayregen, P.C.
    James W. Kapp III
    Christian J. Lane
    200 East Randolph Drive
    Chicago, Illinois 60601
    Telephone: 312-861-2000

    and

    PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

    */s/ Paula A. Galbraith*
    Laura Davis Jones (#2436)
    Scotta E. McFarland (#4184)
    Paula A. Galbraith (#4258)
    919 North Market Street, 16th Floor
    P.O. Box 8705
    Wilmington, Delaware 19899-8705 (Courier 19801)
    (302) 652-4100

    Co-Counsel for the Debtors and Debtors in Possession