UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al* | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: June 4, 2003 at 4:00 p.m.** |
| | ) | **Hearing Date: September 22, 2003 at 12:00 p.m.** |

**SUMMARY COVER SHEET TO EIGHTH QUARTERLY INTERIM VERIFIED APPLICATION OF WALLACE KING MARRARO & BRANSON PLLC FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JANUARY 1, 2003 THROUGH MARCH 31, 2003**

| Name of Applicant: | Wallace King Marraro & Branson PLLC. ("WKMB") |
|---|---|
| Authorized to provide professional services to: | Special Litigation and Environmental Counsel to Debtors |
| Date of Retention: | April 2, 2001 |
| Period for which compensation and reimbursement is sought: | January 1, 2003 through March 31, 2003. |
| Amount of compensation sought as actual, reasonable and necessary | $121,874.22 for the quarterly period January 1, 2003 through March 31, 2003 (20% of $609,371.10 after $397,183.40 40% deduction for Matter 6 - Honeywell Litigation, in professional fees). |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $196,098.40 for the period January 1, 2003 through March 31, 2003 |

This is a Eighth Quarterly Interim Verified Application.

91100-001\DOCS_DE:35603.7

Prior Applications filed: Yes.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 7/5/01 | 4/2/01 through 4/30/01 | $216,471.50 | $25,282.16 | Paid 100% | Paid 100% |
| 7/5/01 | 5/1/01 through 5/31/01 | $244,726.00 | $26,594.89 | Paid 100% | Paid 100% |
| 8/9/01 | 6/1/01 through 6/20/01 | $186,977.91 | $90,104.66 | Paid 100% | Paid 100% |
| 8/28/01 | 7/1/01 through 7/31/01 | $176,930.10 | $52,387.36 | Paid 100% | Paid 100% |
| 10/18/01 | 8/1/01 through 8/31/01 | $107,153.50 | $56,387.04 | Paid 80% | Paid 100% |
| 11/5/01 | 9/1/01 through 9/30/01 | $83,202.70 | $24,668.50 | Paid 100% | Paid 100% |
| 1/13/01 | 10/1/01 through 10/31/01 | $95,842.90 | $10,019.91 | Paid 100% | Paid 100% |
| 1/2/02 | 11/1/01 through 11/30/01 | $76,484.30 | 13,513.96 | Paid 100% | Paid 100% |
| 2/12/02 | 12/1/01 through 12/31/01 | $58,693.50 | $17,510.89 | Paid 100% | Paid 100% |
| 2/21/02 | 1/1/02 through 1/31/02 | $79,379.36 | $2,260.41 | Paid 100% | Paid 100% |
| 3/25/02 | 2/1/02 through 2/28/02 | $67,957.20 | $3,160.68 | Paid 100% | Paid 100% |
| 4/24/02 | 3/1/02 through 3/31/02 | $55,351.04 | $3,155.63 | Paid 100% | Paid 100% |
| 5/12/02 | 4/1/02 through | $63,704.72 | $6,584.60 | Paid 100% | Paid 100% |

| | 4/30/02 | | | | |
|---|---|---|---|---|---|
| 6/27/02 | 5/1/02 through 5/31/02 | $57,060.32 | $4,946.79 | Paid 100% | Paid 100% |
| 7/24/02 | 6/1/02 through 6/30/02 | $66,137.04 | $8,461.57 | Paid 100% | Paid 100% |
| 8/27/02 | 7/1/02 through 7/31/02 | $72,492.64 | $20,490.51 | Paid 100% | Paid 100% |
| 9/24/02 | 8/1/02 through 8/31/02 | $94,828.80 | $23,851.10 | Paid 80% | Paid 100% |
| 10/25/02 | 9/1/02 through 9/30/02 | $124,578.96 | $18,424.27 | Paid 80% | Paid 100% |
| 11/25/02 | 10/1/02 through 10/31/02 | $167,191.12 | $36,979.60 | Paid 80% | Paid 100% |
| 1/2/03 | 11/1/02 through 11/30/02 | $157,634.40 | $25,921.79 | Paid 80% | Paid 100% |
| 2/13/03 | 12/1/02 through 12/31/02 | $178,734.48 | $114,558.29 | No Objections Served on Counsel | No Objections Served on Counsel |
| 4/18/03 | 1/1/03 through 1/31/03 | $275,466.40 | $159,839.86 | No Objections Served on Counsel | No Objections Served on Counsel |
| 5/6/03 | 2/1/03 through 2/28/03 | $123,758.48 | $25,803.22 | No Objections Served on Counsel | No Objections Served on Counsel |
| 5/7/93 | 3/1/03 through 3/31/03 | $88,272.00 | $10,455.86 | No Objections Served on Counsel | No Objections Served on Counsel |

As indicated above, this is the eighth quarterly interim verified application for interim compensation of services filed with the Bankruptcy Court in the Chapter 11 Cases

Summary of Compensation Requested

| Name of Professional Individual | Position, year assumed, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Christopher Marraro | Partner | $440 | 751.2 | $330,528.00 |
| William Hughes | Counsel | $350 | 720.5 | $252,175.00 |
| Tamara Parker | Associate | $290 | 19.2 | $5,568.00 |
| Steven C. Dubuc | Associate | $270 | .7 | $189.00 |
| David Dorsen | Counsel | $350 | .4 | $140.00 |
| Rebecca L. Schuller | Associate | $180 | 102.7 | $18,486.00 |
| Michael L. Williams | Associate | $225 | 348.9 | $78,502.50 |
| Barbara Banks | Paralegal | $135 | 889.8 | $120,123.00 |
| Natasha Bynum | Legal Clerk | $100 | 131.9 | $13,190.00 |
| Mahmoude Moasser | Paralegal | $135 | 663.6 | $89,586.00 |
| Rebecca Mitchell | Paralegal | $120 | 4.3 | $516.00 |
| Keith Kaider | Paralegal | $135 | 127.0 | $17,145.00 |
| Tonya Manago | Senior Paralegal | $135 | 595.6 | $80,406.00 |

|  |  |
|---|---|
| Total Fees | $1,006,554.50 |
| Less 40% Discount on Matter 6 | $ (397,183.40) |
|  | $609,371.10 |
| Total Hours | 4,355.8 |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Air Fares | $22,651.11 |
| Hotels | $56,493.86 |
| Rental Cars | $7,235.10 |
| Copies- Internal and Outside | $20,896.09 |
| Facsimile | $70.50 |
| Meals on Trips and at Trial (broken down on statements) | $11,697.28 |
| Lexis/Westlaw | $12,198.32 |
| Telephone | $3,356.87 |
| FedEx | $5,824.71 |
| Overtime Transportation | $4,350.76 |
| Consultant/Expert (Witness Fee) | $1,486.00 |
| Tolls at Trial | $145.45 |
| Trial Transcripts | $9,676.80 |
| Overtime Meals - Secretarial/Paralegal | $1,681.61 |
| Secretarial Overtime | $25,091.16 |
| Litigation Support Venders | $973.15 |
| Outside Delivery (including Surway Delivery for delivery of files, etc. to NJ for use at Trial) | $5,879.72 |
| Parking on Trips | $748.44 |
| Car Service | $544.70 |
| Mileage | $164.89 |
| Taxis | $16.00 |
| Amtrak | $223.00 |
| Gas for Rental Car at Trial | $209.68 |
| Tips at Hotel for Deliveries, etc. | $781.25 |
| Trial Expenses (Supplies -Binders/Labels/Tabs, etc. | $3,702.49 |
| | |
| TOTAL DUE | $196,098.94 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Objection Deadline: To Be Determined |
| | ) Hearing Date: To Be Determined |

## EIGHTH QUARTERLY INTERIM VERIFIED APPLICATION OF WALLACE, KING MARRARO & BRANSON, PLLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION AND ENVIRONMENTAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Wallace, King, Marraro & Branson, PLLC ("WKMB"), special litigation and environmental counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $609,371.10 for the reasonable and necessary legal services WKMB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that WKMB has incurred in the amount of $196,098.94 ,for the interim quarterly period from January 1, 2003, through March 31, 2003 (the "Fee Period"). In support of this Application, WKMB respectfully states as follows:

### Background

### Retention of Wallace, King. Marraro & Branson, PLLC

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated June 21, 2001, the Debtors were authorized to retain WKMB as their special counsel, effective as of the Petition Date, with regard to environmental and litigation matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate WKMB at hourly rates charged by WKMB for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to

-2-

application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3.  Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.  Furthermore, and also pursuant to the Interim Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.  This is the Eighth Quarterly Fee Application for compensation for services rendered that WKMB has filed with the Bankruptcy Court in connection with the Chapter 11 Cases,

which covers the Fee Period of the Petition Date through March 31, 2003, encompassing the months of January through March 2003.

6. WKMB has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   1. Verified application of Wallace, King, Marraro & Branson, PLLC for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the twenty second interim period from January 1, 2003, through January 31, 2003, filed April 18, 2003, (the "January 2003 Fee Application") attached hereto as Exhibit A.

   2. Second verified application of Wallace, King, Marraro & Branson, PLLC for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the twenty third interim period from February 1, 2003, through February 28, 2003, filed May 6, 2003, (the "March 2003 Fee Application") attached hereto as Exhibit B.

   3. Third verified application of Wallace, King, Marraro & Branson, PLLC for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the twenty-fourth interim monthly period from March 1, 2003 through March 31, 2003, filed May 7, 2003, (the "March 2003 Fee Application") (collectively, the January Application, the February Application and the March Application are the "Applications") attached hereto as Exhibit C.

7. WKMB has filed seven other Quarterly Fee Application. The periods for objecting to the fees and expense reimbursement requested in the January, February and March 2003 Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

8. Wallace, King, Marraro & Branson, PLLC has advised and represented the Debtors in connection with environmental and litigation matters.

**Requested Relief**

9. By this Eighth Quarterly Fee Application, WKMB requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by WKMB for the Fee Period, which is from January 1, 2003, through March 31, 2003, as detailed in the Applications, less any amounts previously paid to WKMB pursuant to the Applications and the procedures set forth in the Interim Compensation Order.[2] As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

10. WKMB may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. WKMB disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. WKMB will update the Affidavits when necessary and when WKMB becomes aware of material new information.

### Representations

11. WKMB believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

12. Wallace, King, Marraro & Branson, PLLC performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

---

[2] WKMB reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the January through March 2003 period that are not otherwise included in the relevant Applications.

13.    WKMB has received no payments for the fee applications for January, February and March 2003.

14.    Pursuant to Fed. R. Bank. P. 2016(b), WKMB has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of WKMB, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, WKMB respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, January 1, 2003, through March 31, 2003, an administrative allowance be made to Wallace, King, Marraro & Branson, PLLC in the sum of (i) $121,974.22 (20% of $609,371.10) after 40% discount for Allied) as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $196,098.94 for reimbursement of actual and necessary costs and expenses incurred, for a total of $317,973.16, (b) that the Debtors be authorized and directed to pay to WKMB the outstanding amount of such sums less any sums previously paid to WKMB pursuant to the Applications and the procedures set forth in the Interim Compensation Order and (c) that this Court grant such further relief as is equitable and just.

Washington, D.C.  
Dated: May 8, 2003

Respectfully submitted,

WALLACE KING MARRARO & BRANSON, PLLC

_____  
Christopher H. Marraro  
1050 Thomas Jefferson Street, N. W.  
Suite 500  
Washington, D.C. 20007  
(202) 204-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## **VERIFICATION**

Christopher H. Marraro, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Wallace King Marraro & Branson, PLLC and I am a member in good standing of the bars of the State of New Jersey and District of Columbia.

2. I have personally performed certain of, and overseen the legal services rendered by Wallace King Marraro & Branson PLLC as special litigation and environmental counsel

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Christopher H. Marraro

In the District of Columbia

SWORN TO AND SUBSCRIBED
before me this 8th day of May 2003.

_____
Notary Public

My Commission Expires:

BRENDA SELF
Notary Public
District of Columbia
My Comm. Expires January 1, 2008

-2-