IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------x

In re:                                       Chapter 11

W.R. GRACE & Co., et al.,                    Case No.  01-01139 (JKF)
                                             (Jointly Administered)

                        Debtor               Objection Deadline: To be Determined
                                             Hearing Date: To be Determined

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH  MARCH 31, 2003)**

Name of Applicant:                           FTI Policano & Manzo

Authorized to Provide Professional Services to:    The Official Committee of
                                             Unsecured Creditors

Date of Retention:                           June 21, 2001

Period for which compensation and            January 1, 2002 through
reimbursement is sought:                     March 31, 2002

Amount of Compensation sought
as actual, reasonable and necessary
during the Quarter (100%):                   $297,288.50

Amount of Expense Reimbursement sought
as actual, reasonable and necessary during
the Quarter (100%):                          $  3,865.37

This is an: __X___ interim _____ final application

This is the Eighth Quarterly application filed.  Disclosure for all periods is as follows:

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED <u>(FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH  MARCH 31, 2003)</u>**

**ATTACHMENT A**

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees | Expenses |
|---|---|---|---|---|---|
| June 28, 2001 | April 20, 2001 through April 30, 2001 | $16,008.00 | $667.95 | $12,806.40 (80% of requested fees) | $667.95 |
| June 28, 2001 | May 1, 2001 through May 31, 2001 | $104,081.50 | $2,513.09 | $83,265.20 (80% of requested fees) | $2,513.09 |
| July 28, 2001 | June 1, 2001 through June 30, 2001 | $75,916.00 | $3,913.13 | $60,732.80 (80% of requested fees) | $3,913.13 |
| | | | | | |
| **Totals First Quarterly** | **April 20, 2001 through June 30, 2001** | **$196,005.50** | **$7,094.17** | | |
| | | | | | |
| August 28, 2001 | July 1, 2001 through July 31,2001 | $71,989.50 | $3,871.54 | $57,591.60 (80% of requested fees) | $3,871.14 |
| September 28, 2001 | August 1, 2001 through August 31, 2001 | $70,425.00 | $1,092.45 | $56,340.00 (80% of requested fees) | $1,092.45 |
| October 30, 2001 | September 1, 2001 through September 30, 2001 | $104,816.50 | $3,028.40 | $83,853.20 (80% of requested fees) | $3,028.40 |
| | | | | | |
| **Totals Second Quarterly** | **July 1, 2001 through September 30, 2001** | **$247,231.00** | **$7,992.39** | | |
| | | | | | |

2

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003)**

**ATTACHMENT A**

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees | Expenses |
|---|---|---|---|---|---|
| November 29, 2001 | October 1, 2001 through October 31, 2001 | $42,643.00 | $ 3,670.86 | $34,114.40 (80% of requested fees) | $3,670.86 |
| December 28, 2001 | November 1, 2001 through November 30, 2001 | $50,048.50 | $1,864.72 | $40,038.80 (80% of requested fees) | $1,864.72 |
| January 28, 2002 | December 1, 2001 through December 31, 2001 | $53,986.50 | $1,005.29 | $43,189.20 (80% of requested fees) | $1,005.29 |
| | | | | | |
| **Totals Third Quarterly** | **October 1, 2001 through December 31, 2001** | **$146,678.00** | **$6,540.87** | | |
| | | | | | |
| February 28, 2002 | January 1, 2002 through January 31, 2002 | $63,207.00 | $2,549.70 | $50,565.60 (80% of requested fees) | $2,549.70 |
| March 28, 2002 | February 1, 2002 through February 28, 2002 | $27,249.50 | $1,874.43 | $21,799.60 (80% of requested fees) | $1,874.43 |
| April 28, 2002 | March 1, 2002 through March 31, 2002 | $106,680.50 | $1,919.09 | $85,344.40 (80% of requested fees) | $1,919.09 |
| | | | | | |
| **Totals Fourth Quarterly** | **January 1, 2002 through March 31, 2002** | **$197,137.00** | **$6,343.22** | | |
| | | | | | |

3

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003)**

### ATTACHMENT A

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees | Expenses |
|---|---|---|---|---|---|
| May 28, 2002 | April 1, 2002 through April 30, 2002 | $102,314.00 | $ 4,657.40 (less adjustment of $126.55 per Exhibit G) | $81,851.20 (80% of requested fees) | $4,530.85 |
| June 28, 2002 | May 1, 2002 through May 31, 2002 | $50,027.00 | $2,207.14 | $40,021.60 (80% of requested fees) | $2,207.14 |
| July 28, 2002 | June 1, 2002 through June 30, 2002 | $43,359.00 | 1,381.59 | $34,687.20 (80% of requested fees) | $1,381.59 |
| | | | | | |
| **Totals Fifth Quarterly** | **April 1, 2002 through June 30, 2002** | **$195,700.00** | **$8,119.58** | | |
| | | | | | |
| August 31, 2002 | July 1, 2002 through July 31, 2002 | $23,895.50 | $473.91 | $19,116.40 (80% of requested fees) | $473.91 |
| September 30, 2002 | August 1, 2002 through August 31, 2002 | $76,092.50 | $1,264.23 | $60,874.00 (80% of requested fees) | $1,264.23 |
| October 31, 2002 | September 1, 2002 through September 30, 2002 | $45,079.00 | $43.14 | $36,063.20 (80% of requested fees) | $43.14 |
| | | | | | |
| **Totals Sixth Quarterly** | **July 1, 2002 through September 30, 2002** | **$145,067.00** | **$1,781.28** | | |

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003)**

## ATTACHMENT A

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees | Expenses |
|---|---|---|---|---|---|
| November 30, 2002 | October 1, 2002 through October 31, 2002 | $46,633.50 | $256.76 | $37,306.80 (80% of requested fees) | $256.76 |
| December 31, 2002 | November 1, 2002 through November 30, 2002 | $44,622.50 | $824.96 | $35,698.00 (80% of requested fees) | $824.96 |
| January 31, 2003 | December 1, 2002 through December 31, 2002 | $42,335.00 | $34.69 | $33,868.00 (80% of requested fees) | $34.69 |
| **Totals Seventh Quarterly** | **October 1, 2002 through December 31, 2002** | **$133,591.00** | **$1,116.41** | **$106,872.80** | **$1,116.41** |
| February 28, 2003 | January 1, 2003 through January 31, 2001 | $71,517.00 | $831.54 | $57,213.60 | $831.54 |
| March 31, 2003 | February 1, 2003 through February 28, 2003 | $131,416.50 | $2,264.79 | $105,133.20 | $2,264.79 |
| April 30, 2003 | March 1, 2003 through March 31, 2003 | $94,355.00 | $769.04 | $75,484.00 | $769.04 |
| **Totals Eighth Quarterly** | **January 1, 2003 through March 31, 2003** | **$297,288.50** | **$3,865.37** | **$237,830.80** | **$3,865.37** |

5

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO,
FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
(FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003)**

**ATTACHMENT B**

| Name of Professional Person | Hourly Billing Rate (including changes) | Total Billed Hours during the Quarter | Total Compensation for the Quarter |
|---|---|---|---|
| E. Ordway | $595 | 57.6 | $34,272.00 |
| S. Cunningham | $550 | 114.1 | $62,755.00 |
| C. Whitney | $425 | 231.1 | $98,217.50 |
| J. Turbedsky | $375 | 2.1 | $787.50 |
| L. Hamilton | $375 | 212.0 | $79,500.00 |
| J. Schwendeman | $350 | 13.0 | $4,550.00 |
| M. DeSalvio | $190 | 28.0 | $9,100.00 |
| E. Ebbert | $325 | 8.3 | $1,577.00 |
| M. Hakoun | $165 | 19.3 | $3,184.50 |
| N. Backer | $75 | 44.6 | $3,345.00 |
|  |  |  |  |
| Grand Total: |  | 730.1 | $297,288.50 |
| Blended Rate: | $407 |  |  |

**COMPENSATION BY PROJECT CATEGORY**

| Task Code | Project Category | Total Hours for the Quarter | Total Fees for the Quarter |
|---|---|---|---|
| 2 | Business Analysis | 208.7 | $93,207.00 |
| 3 | Corporate Finance | 49.5 | $71,647.00 |
| 4 | Data Analysis | 354.4 | $96,582.50 |
| 8 | Case Administration | 26.5 | $1,260.00 |
| 9 | Claims Analysis/Objections/Administration (asbestos) | 12.4 | $5,139.00 |
| 11 | Creditors Committee | 26.1 | $14,139.00 |
| 12 | Employee Benefits/Pension | 10.3 | $4,691.00 |
| 16 | Fee Applications, Applicant | 42.2 | $10,623.00 |
|  |  |  |  |
|  | Total | 730.1 | $297,288.50 |

6

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH  MARCH 31, 2003)**

**EXPENSE SUMMARY**

| Expense Category | Total Expenses for the Quarter |
|---|---|
| Copies | $1,075.50 |
| Facsimile Charges | $63.00 |
| Telecommunications | $920.16 |
| Postage, Express Delivery | $33.59 |
| Travel Expenses | $1,773.12 |
|  |  |
| Total | $3,865.37 |

7

**EIGHTH QUARTERLY INTERIM APPLICATION OF FTI POLICANO & MANZO, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003)**

## APPLICATION

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code", Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amendment to the Administrative Order effective April 17, 2002 (the "Amendment") and Del.Bankr.LR 2016-2, of FTI Policano & Manzo ("FTI P&M"), Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $297,288.50 for professional services rendered by FTI P&M as financial advisors for the Committee, less $0.00 previously paid, and (ii) reimbursement for the actual and necessary expenses incurred by FTI P&M in rendering such services in the amount of $3,865.37, less $0.00 previously paid, (the "Eighth Quarterly Fee Application"), in each case for the interim quarterly period from January 1, 2003 through March 31, 2003 (the "Fee Period").  In support of this Application, FTI P&M respectfully states as follows:

### Monthly Interim Fee Applications Covered Herein

1.  Pursuant to the procedures set forth in the Administrative Fee Order and Amendment, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Administrative

Fee Order and Amendment may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

2.  Furthermore, and also pursuant to the Administrative Fee Order and Amendment, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

3.  Pursuant to an Application submitted to the Court on or about May 17, 2001, and by a Court order dated June 21, 2001 (the "Retention Order"), FTI P&M was retained as financial advisors for the Committee, nunc pro tunc to April 20, 2001. Since its retention, FTI P&M has continuously and vigorously pursued the Committee's interests in these cases.

4.  FTI P&M is a firm of financial advisors specializing in insolvency restructuring and related matters, and is an operating unit of FTI Consulting, Inc. Since being retained by the Committee, FTI P&M has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the

Debtors' estates.  FTI P&M respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

5.   This is the Seventh Quarterly Fee Application for compensation for services rendered that FTI P&M has filed with the Bankruptcy Court in connection with the representation of the Committee in these chapter 11 cases.

6.   FTI P&M has filed the following Monthly Fee Applications for interim compensation during the Fee Period:

> a.   Twenty-second application of FTI Policano & Manzo, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses incurred for the period from January 1, 2003, through January 31, 2003, filed on or about February 28, 2003, (the "Twenty-second Fee Application") attached hereto as Exhibit D.

> b.   Twenty-third application of FTI Policano & Manzo, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses incurred for the period from February 1, 2003, through February 28, 2003, filed on or about March 31, 2003, (the "Twenty-third Fee Application") attached hereto as Exhibit E.

> c.   Twenty-fourth application of FTI Policano & Manzo, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses incurred for the period from March 1,2003, through March 31, 2003, filed on or about April 30, 2003, (the "Twenty-fourth Fee Application") attached hereto as Exhibit F.

FTI P&M has not filed any other Quarterly Fee Applications or Monthly Fee Applications for the Fee Period.  FTI P&M has not received any payments from the Debtors for any of the applications that are part of this quarterly period.

**Description of Services, Fees and Expenses**

7. During the Eighth Quarterly Interim Period, the Applicant rendered professional services

   aggregating a total of 730.1 hours in the discharge of its duties as financial advisor and

   bankruptcy consultant to the Committee.  The Applicant is seeking an interim allowance for

   compensation of professional services rendered to the Debtors of $297,288.50, representing

   100% of fees incurred, and reimbursement of expenses in connection therewith of $3,865.37.

   The Applicant, respectfully, submits the following:

   a) The Applicant believes that the interim fees applied for herein for professional services
      rendered in performing accounting and advisory services for the Committee in this
      proceeding are fair and reasonable in view of the time spent, the extent of work
      performed, the nature of the Debtors' capitalization structure and financial condition, the
      Debtors' financial accounting resources and the results obtained.

   b) All expenses were billed at actual cost, exclusive of amortization of the cost of
      investment, equipment or capital outlay.  Internal charges for outgoing out-of-town
      facsimile transmissions were billed at $1.00 per page for domestic transmissions.
      Photocopy charges were billed at actual cost for external copying and $.15 per page for
      internal copying.  FTI P&M believes that these charges reflect its actual out-of-pocket
      costs.

   c) The disbursements and expenses have been incurred in accordance with FTI P&M's
      normal practice of charging clients for expenses clearly related to and required by
      particular matters.  Such expenses were often incurred to enable FTI P&M to devote time
      beyond normal office hours to matters that imposed extraordinary time demands.  FTI
      P&M has endeavored to minimize these expenses to the fullest extent possible.

   d) FTI P&M expended an aggregate of 730.1 hours, substantially all of which was expended
      by the professional staff of FTI P&M.  The work involved, and thus the time expended,
      was carefully assigned in light of the experience and expertise required for a particular
      task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The
      staff of the Debtors or their advisors has been utilized where practical and prudent.

   e) FTI P&M's approach is to utilize senior, experienced personnel and to encourage the
      Debtors to provide the staff-level support and analysis to minimize total cost.  In addition,
      FTI P&M's per diem rates for professionals of comparable experience are 10% to 15%

11

lower than its competitors, the "Big-Four" accounting firms and certain other nationally-recognized specialty firms.

f)  Because FTI P&M's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of FTI P&M's professionals, in many instances only one or two FTI P&M representatives attended meetings or conference calls or performed specific functions.

g)  Edwin N. Ordway, Jr., SeniorManaging Director in charge of this case, directed the activities of the FTI P&M team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

h)  To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

i)  FTI P&M's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtors.

j)  In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, FTI P&M does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, FTI P&M requests reimbursement only for the amount billed to FTI P&M by such third party vendor and paid by FTI P&M to that vendor.

k)  Annexed hereto as Exhibit B is a summary of fees by professional and by task during the Eighth Quarterly Interim Period.

l)  Annexed hereto as Exhibit C is a summary of expenses for the Eighth Quarterly Interim Period.

m)  Annexed hereto as Exhibit D, Exhibit E and Exhibit F are the monthly interim applications that include the detail of the services performed by the Applicant during the each monthly period at the direction of the Committee and its Counsel.

n)  Pursuant to Rule 2016, FTI P&M states that no compensation to be received in this proceeding will be shared with any person or entity outside of FTI P&M and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by FTI P&M on account of its

accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

o)  As stated in the Affidavit of Edwin N. Ordway, Jr. annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

8.  The detail of services provided by FTI P&M during the Fee Period is included in the monthly fee applications attached as Exhibit D, Exhibit E, and Exhibit F.  A brief summary of the services provided by FTI P&M during the Fee Period is provided as follows:

   a)      Task Code 2 – Business Analysis (208.7 Hours)

   During the Fee Period, we read and analyzed the Debtors' 5 year business plan and historical financial results in preparation for our meeting with management to discuss the 2003 operating plan.  We analyzed EBITDA, EBIT, sales, pension and other costs with respect to the preparation of our 2003 Business Plan report to the Committee.

   b)      Task Code 3 – Corporate Finance (49.5 Hours)

   During the Fee Period, we read and analyzed information in the Debtors' November monthly operating report and responded to questions thereon from counsel.  We analyzed two proposed acquisitions by the Debtors and prepared reports for the Committee.

   c)      Task Code 4 – Data Analysis (354.4 Hours)

   During the Fee Period, we prepared various analyses including, The Sealed Air settlement, the Libby, MT summary court judgment, EPA liabilities and various other court docket issues.  We also analyzed the Debtors' Q4 2002 results compared to plan and reviewed  and analyzed related competitor data.  Additionally, we analyzed the Debtors' 3 year cash flow projections concerning the DIP facility and prepared a report thereon for the Committee.  We also analyzed certain fraudulent conveyance settlements and data concerning working capital relationships.

   d)      Task Code 8 – Case Administration (26.5 Hours)

   During the Fee Period approximately 26.5 hours was spent by a paraprofessional to organize and distribute case materials to the Committee, as well as downloading and distributing various docket items to case team members for further review.  In addition, the paraprofessional continued to maintain our case-specific database of reports and court docket items.

e)      Task Code 9 – Claims Analysis (asbestos) (12.4 Hours)
During the Fee Period we read and analyzed a report on asbestos exposure and discussed the analysis with counsel.

f)      Task Code 11 – Creditors Committee (26.1 Hours)

During the Fee Period we discussed various case issues with Committee members and counsel including, Q4 and 2002 results of operations, the Sealed Air settlement, the Curtis Bay pension motion and the 2003 Business Plan.

We also discussed with Committee members and counsel case issues including the de minimis asset sales, the Sealed Air settlement, recovery analyses and other items.

g)      Task Code 12 – Employee Benefits/Pension (10.3 Hours)

During the Fee Period we read and analyzed information regarding the Curtis Bay pension motion and prepared a report to counsel.  Additionally, we read and analyzed the Debtors' motion to extend its Long-term Incentive Plan.

h)      Task Code 16 – Fee Applications, Applicant (42.2 Hours)

During the Fee Period we spent approximately 7.9 hours preparing and presenting information related to the Fee Auditor's reports for the Sixth and Seventh Interim Periods.

Professional timekeepers spent approximately 16.2 hours to prepare and file fee applications for the October, November and December interim periods as well as the 6th interim quarterly fee application.  A paraprofessional spent approximately 18.1 hours assisting in the preparation of various fee applications.


## **Relief Requested**

9.   By this Eighth Quarterly Fee Application, FTI P&M requests that the Court approve the

interim allowance of compensation for professional services rendered and the reimbursement

of actual and necessary expenses incurred by FTI P&M for the Fee Period, and as detailed in

the January to March Monthly Applications, less the amounts previously paid to FTI P&M

pursuant to the procedures set forth in the Administrative Fee Order and Amendment.[1] As stated above, the full scope of services provided and the related expenses incurred are fully described in the January to March Monthly Applications, which are attached hereto as Exhibits D, E and F.

## Disinterestedness

10. As disclosed in the affidavit of Edwin N. Ordway, Jr., (the "Affidavit") FTI P&M does not hold or represent any interest adverse to the estates, and had been, at all relevant times, a disinterested person as that term is defined in section 101(4) of the Bankruptcy Code as modified by section 1107 of the Bankruptcy Code.

11. FTI P&M may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the chapter 11 cases. FTI P&M disclosed in its Retention Application its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. FTI P&M will provide supplemental Affidavits when necessary and when FTI P&M becomes aware of material new information.

WHEREFORE, FTI P&M respectfully requests that the Court enter an order, substantially in the form attached hereto,

a) granting FTI P&M an allowance of (i) $297,288.50 as compensation for reasonable and necessary professional services rendered to the Committee, less $0.00 previously

---

[1] FTI P&M reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the January through March 2003 period that are not otherwise included in the relevant January to March Monthly Applications.

paid, and (ii) of $3,865.37 for reimbursement of actual and necessary costs and expenses incurred, less $0.00 previously paid, for a total of $301,153.87 owing and unpaid, for the Fee period from January 1, 2003 through March 31, 2003;

b)  authorizing and directing the Debtors to pay to FTI P&M the outstanding amount of such sums; and

c)  granting such other and further relief as this Court may deem just and proper.

Date: <u>May 13, 2003</u>

FTI Policano & Manzo

By _____
      Edwin N. Ordway, Jr.

FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ  07663
(201) 843-4900

16