## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,<br><br>_____ Debtors. | : : : : | **Chapter 11**<br>**Case Nos. 00-4471, 00-4469, 00-4470**<br>**(Jointly Administered)** |
| IN RE: W. R. GRACE & CO., et al.,<br><br>_____ Debtors. | : : : : : | **Chapter 11**<br>**Case Nos. 01-1139 through 01-1200**<br>**(Jointly Administered)** |
| IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,<br><br>_____ Debtors. | : : : : : | **Chapter 11**<br>**Case Nos. 01-10578, et al**<br>**(Jointly Administered)** |
| IN RE: USG CORPORATION, a Delaware Corporation, et al.,<br><br>_____ Debtors. | : : : : : | **Chapter 11**<br>**Case Nos. 01-2094 through 01-2104**<br>**(Jointly Administered)** |
| IN RE: OWENS CORNING, et al.,<br><br>_____ Debtors. | : : : : | **Chapter 11**<br>**Case Nos. 00-3837 through 00-3854**<br>**(Jointly Administered)**<br><br>Hearing date set only if objections are timely filed |

## NOTICE OF FILING OF THIRD FEE APPLICATION

TO:    The Parties listed on Exhibit 1 hereto.

**PLEASE TAKE NOTICE** that Purcell, Ries, Shannon, Mulcahy & ONeill has filed this

Notice of Third Fee Application on behalf of C. Judson Hamlin as a Court Appointed Advisor

for an Allowance of Compensation of Fees for Actual and Necessary services Rendered and for

{00274298.DOC}

Reimbursement of Expenses Incurred for the Period from November 1, 2002 through March 31, 2003.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the aforementioned Fee Application must be timely filed with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon and received by (i) C. Judson Hamlin, Purcell, Ries, Shannon, Mulcahy & O'Neill, One Pluckemin Way, P.O. Box 754, Bedminster, New Jersey 07921; and (ii) Frank J. Perch, Esq., Office of the United States Trustee, 844 King Street, Lockbox 35, Room 2311, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections to the Application are filed, a hearing will be scheduled at the convenience of the Court.

**PLEASE TAKE FURTHER NOTICE** that, in the absence of timely filed objections, the Court may enter an Order approving the aforementioned Fee Application on an interim basis without further notice or hearing.

Dated: _____, 2003

C. JUDSON HAMLIN
COURT APPOINTED ADVISOR
Purcell, Ries, Shannon, Mulcahy &
O'Neill
One Pluckemin Way
P.O. Box 754
Bedminster, New Jersey 07921
(908) 658-3800

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re: General Asbestos

Chapter 11

Case Nos.  00-4471, 00-4469,
               00-4470,
               01-1139 through 01-1200
               01-10578, et al.
               01-2094 through 01-2104
               00-3837 through 00-3854

## THIRD APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON BEHALF OF C. JUDSON HAMLIN FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS A COURT APPOINTED ADVISOR FOR THE PERIOD OF NOVEMBER 1, 2002 THROUGH MARCH 31, 2003

| | |
|---|---|
| Name of Applicant: | C. Judson Hamlin |
| Authorized to Provide Professional Services to: | Alfred M. Wolin, U.S.D.J. |
| Date of Order: | December 28, 2001 |
| Period for which Compensation and Reimbursement Are Sought: | March 1, 2002 through October 28, 2002 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 3,447.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 30.21 |

This is an: __X__ interim ____final application

The total time expended for fee application preparation is approximately hours and the corresponding compensation requested is approximately $___N/A[1]___

If this is not the first application filed, disclose the following for each prior application:

---

[1] C. Judson Hamlin's Third Fee Application was prepared entirely by Saiber Schlesinger Satz & Goldstein, L.L.C., ("SSS&G") and Norris, McLaughlin & Marcus, L.L.C., ("NMM"). To avoid duplication, the time expended and compensation requested appears only on SSS&G's First & NMM's Second Fee Application.

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 5/3/2002 | 1/1/02 - 2/28/02 | $11,160.00 | $14.20 | $11,160.00 | $14.20 |
| 12/5/2002 | 3/1/02- 10/28/02 | $14,760.00 | $41.95 | $14,760.00 | $41.95 |
| | | | | | |
| | | | | | |
| | | | | | |

## ATTACHMENT B
## TO FEE APPLICATION

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| C. Judson Hamlin | Admitted to Practice in 1963 | $450.00 | 5 | $2,250.00 |
| Lynn Citrino | Paralegal, N/A | $ 95.00 | 12.6 | $1,197.00 |
| Grand Total: | | $545.00 | 17.6 | $3,447.00 |
| Blended Rate: | | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Asbestos Advisor | 5.10 | $ 484.50 |
| W.R. Grace | .60 | $ 57.00 |
| USG Corporation | 0.9 | $ 85.50 |
| Armstrong World Industries | 1.2 | $ 114.00 |
| Owens Corning | 1.8 | $ 171.00 |
| Federal Mogul Global | 0.8 | $ 2,535.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

{00274297.DOC}

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Assisted Legal Research | | |
| Facsimile (with rates) | | |
| Telephone, Postage, Photocopying | | |
| Outside Reproduction | | |
| Outside Research | | |
| Filing/Court Fees | | |
| Court Reporting | | |
| Travel Expenses | | |
| Courier & Express Carriers | Federal Express | $30.21 |
| Other (explain) | | |

Local Form 102 (Fee Application/Attachment B)

{00274297.DOC}

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| **IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,** | : : : | **Chapter 11**<br>**Case Nos. 00-4471, 00-4469, 00-4470**<br>**(Jointly Administered)** |
| Debtors. | : | |
| | : | |
| **IN RE: W. R. GRACE & CO., et al.,** | : : : | **Chapter 11**<br>**Case Nos. 01-1139 through 01-1200**<br>**(Jointly Administered)** |
| Debtors. | : | |
| | : | |
| **IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,** | : : : | **Chapter 11**<br>**Case Nos. 01-10578, et al**<br>**(Jointly Administered)** |
| Debtors. | : : | |
| | : | |
| **IN RE: USG CORPORATION, a Delaware Corporation, et al.,** | : : : | **Chapter 11**<br>**Case Nos. 01-2094 through 01-2104**<br>**(Jointly Administered)** |
| Debtors. | : | |
| | : | |
| **IN RE: OWENS CORNING, et al.,** | : : : | **Chapter 11**<br>**Case Nos. 00-3837 through 00-3854**<br>**(Jointly Administered)** |
| Debtors. | : : | Hearing date set only if objections are timely filed |

**IN RE:**    **GENERAL ASBESTOS**

**THIRD APPLICATION OF PURCELL, RIES, SHANNON, MULCAHY & O'NEILL FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ON BEHALF OF C. JUDSON HAMLIN AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM NOVEMBER 1, 2002 THROUGH MARCH 31, 2003**

{00274295.DOC}

**TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:**

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the General Rules of Bankruptcy Procedure, Purcell, Ries, Shannon, Mulcahy & O'Neill ("Purcell Ries") hereby moves this Honorable Court on behalf of C. Judson Hamlin for an Order awarding an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in C. Judson Hamlin's capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $3,447.00 and reimbursement of related expenses of $30.21 for the period of November 1, 2002 through March 31, 2003.

In support of this Application and pursuant to Bankruptcy Rule 2016, C. Judson Hamlin respectfully represents as follows:

1.     On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of U.S.C. §§101-1330. The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 (a) and 1108 of the Bankruptcy Code.

2.     On December 28, 2001, the Court appointed Mr. Hamlin and several other persons as "Court Appointed Advisors" to assist the Court, as set forth in that Order and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to Mr. Hamlin. A copy of this Order is annexed hereto as Exhibit A.

3.     By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in

accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This Application is the third such application by C. Judson Hamlin.

4.    There is no agreement or understanding between Mr. Hamlin and any other person, other than the members, associates and employees of the law firm of Purcell Ries of which Mr. Hamlin is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

5.    No agreement exists with any person or entity regarding the rate or amount of compensation Mr. Hamlin shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of Mr. Hamlin's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

6.    Mr. Hamlin and other professionals associated with Purcell Ries expended a total of 5 hours in rendering professional services related to C. Judson Hamlin's position as a Court Appointed Advisor. The time spent and the services rendered were reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtors' estates.   Overall billing statements are attached as Exhibit C setting forth the total hours spent by Mr. Hamlin and his associates related to all five consolidated bankruptcies.

7.    The billing statements attached as Exhibit C presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8.    In addition to the time expended in rendering services, Purcell Ries incurred out-of-pocket expenses in connection with C. Judson Hamlin's appointment as a Court Appointed Advisor in the amount of $30.21, as set forth in Exhibit C.  These expenses were reasonable in relation to the size and complexity of the matters handled, not duplicative of other expenses

{00274295.DOC} 3

incurred, and necessary to the administration of the debtor's estates.

9.    C. Judson Hamlin respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period November 1, 2002 through March 31, 2003, the size and complexity of the case, the time, labor and special expertise brought to bear on the questions, and other related factors.

10.    C. Judson Hamlin, having reviewed Local Rule 2016-2 regarding compensation and reimbursement of expenses, certifies that this application complies with the requirements of Local Rule 2016-2.

11.    A proposed form of order is submitted herewith.

**WHEREFORE,** C. Judson Hamlin respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount of $3,447.20, subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

**WHEREFORE,** C. Judson Hamlin further respectfully requests that the interim allowance of his fees and costs be allocated among the debtors as follows:

1.    Evenly among the debtors as to all consolidated proceedings as set forth in Exhibit C for a total amount of $514.70, resulting in each debtor paying $102.90;

2.    Plus the additional sums of $57.00 as to the debtor W.R. Grace; $85.50 as to the debtor USG Corporation; $114.00 as to the debtor Armstrong World Industries; $171.00 as to the debtor Owens Corning; and $2535.00 as to the debtor Federal Mogul.

**WHEREFORE,** the sum of fees and costs allowed against each debtor pursuant to this interim allowance shall total $2,637.90 against Federal-Mogul Global, Inc.; $159.50 against W.

R. Grace & Co.; $216.90 against Armstrong World Industries, Inc.; $273.90 against Owens Corning; and $188.40 against U.S.G. Corporation.

C. JUDSON HAMLIN
Court Appointed Advisor


Dated: _____, 2003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11 Case Nos. 00-4471, 00 4469, 00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

## ORDER DESIGNATING COURT APPOINTED CONSULTANTS AND SPECIAL MASTERS

This matter having been opened by the Court upon its own motion in each of the above-captioned Chapter 11 cases; and the interested parties having been put on notice by the Court at the joint case management conference held on December 20, 2001, that the Court anticipated appointing special masters and/or case

_____

[1]See attached list.

management consultants to whom the Court may from time to time
delegate certain authority to hear matters and to advise the
Court on issues that may arise in these five large Chapter 11
cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases
identified in the caption of this Order and to all cases filed as
related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq.,
C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor
Francis E. McGovern are hereby designated as Court Appointed
Consultants to advise the Court and to undertake such
responsibilities, including by way of example and not limitation,
mediation of disputes, holding case management conferences, and
consultation with counsel, as the Court may delegate to them
individually, and it is further

ORDERED that the parties are on notice that the Court may,
without further notice, appoint any of the Court-Appointed
Consultants to act as a Special Master to hear any disputed
matter and to make a report and recommendation to the Court on
the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed
Special Master in the matter of In re W.R. Grace & Co.,
Bankruptcy No. 01-1139 through 01-1200, to hear all disputed
matters in that Chapter 11 case for which the Court's Order of

Reference may be withdrawn from the Honorable Judith K.
Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and
Special Master(s) shall be borne by the debtors in such manner
and apportionment as this Court or the Bankruptcy Courts may
hereinafter direct.

_____
ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |
| IN RE: W.R. GRACE & CO., et al., | : : : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |
| IN RE: OWENS CORNING, et al., | : : : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

**ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING
APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT
APPOINTED ADVISORS**

This matter being opened upon the Court's own motion pursuant

to the authority granted in 11 U.S.C. § 105(a) and the Court's

inherent power; and the Court, pursuant to its Order of December

28, 2001, having appointed certain persons as Court Appointed

Advisors ("Advisors") and in that Order and in subsequent Orders

_____

[1]See attached list.

certain of these Advisors having been designated Special Masters to hear and report on matters specifically delegated to them by the Court as set forth in those Orders; and it appearing that the Advisors are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106; and the Bankruptcy Code and Rules providing for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of their direct appointment by the Court, occupying a unique position in the above-captioned cases not shared by other persons employed in these cases; and the Court having determined that the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and the estates in bankruptcy and that the debts of the estates as specified in 11 U.S.C. § 1104(c)(2) exceed $5,000,000; and for good cause shown

IT IS this 14th day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of these cases to the Bankruptcy Court, Judge Randall J. Newsome and Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to any application for an allowance of fees filed by any of the Advisors, and it is further

2

ORDERED that the Advisors may make application for the allowance of their fees and expenses from the debtors' estates directly to this Court in the first instance, requesting that such applications be reviewed and approved by the Court pursuant to the substantive standards set forth in 11 U.S.C. § 330, and it is further

ORDERED that any application for the allowance of fees and expenses shall set forth how the applicant believes the fees and expenses should be allocated between the debtors, and it is further

ORDERED that, although by its terms local bankruptcy rule 2016-2 does not apply to applications for the allowance of fees and expenses by the Advisors, local rule 2016-2(d) governing information requirements relating to compensation requests is hereby incorporated by reference and made applicable to applications by the Advisors pursuant to this Order, and it is further

ORDERED that the Advisors may make interim applications for the allowance of fees and expenses pursuant to 11 U.S.C. § 331, on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and expenses pursuant to this Order shall not set forth a hearing date for the application and no hearing will be held unless written objection is filed with the Court no later than ten days

3

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950-14554-007 CJH

HON. ALFRED WOLIN
U.S. DISTRICT COURT, NJ


CASE CAPTION:    U.S. DISTRICT COURT BANKRUPTCY MATTERS
OUR TAX I.D.:    22-2017766

Balance forward as of bill number 005 dated 01/31/03              $ 2,688.29

FOR PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 03/10/03 LC | Review file and create case index (.6); identify, analyze and index documents for case index update (.7) integrate correspondence and pleadings (A1) into index (.7) and update case index (.5) | 2.50 hrs | 95 /hr | 237.50 |
| 03/26/03 LC | Identify, analyze and index documens for summation update | .50 hrs | 95 /hr | 47.50 |
| 03/27/03 LC | Continue to identify, analyze and index documents for summation update. | .60 hrs | 95 /hr | 57.00 |
| 04/09/03 LC | Identify, analyze and index documents for case index update. | .50 hrs | 95 /hr | 47.50 |
| 04/10/03 LC | Preparation of documents for preliminary index re: testimony before the Senate (.4); update case index (.2); review and analysis of documents for case index update and inegrate documents into index (.4). | 1.00 hrs | 95 /hr | 95.00 |
| | LYNN CITRINO | 5.10 hrs | 95 /hr | 484.50 |
| | | 5.10 hrs | | |

DISBURSEMENTS

| | | |
|---|---|---|
| Federal Express from C. J. Hamlin to Whitney Chelnik, Esq. | | 11.48 |
| Federal Express from C. J. Hamlin to E. Evans Wohlforth, Jr. | | 18.73 |
| Total disbursements for this matter | $ | 30.21 |

BILLING SUMMARY

| | |
|---|---|
| LYNN CITRINO | 484.50 |
| TOTAL FEES | $  484.50 |

HON. ALFRED WOLIN
Client #        0950-14554-007 CJH

TOTAL DISBURSEMENTS                      $      30.21

TOTAL CHARGES FOR THIS BILL              $     514.71

UNPAID BALANCE                           $  2,688.29

TOTAL BALANCE                            $  3,203.00

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way      P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3890

April 17, 2003

Billed through 04/10/03

Client #          0950/A-14554-001 CJH

OWENS CORNING

CASE NAME:    OWENS CORNING
OUR TAX I.D.:  22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/03/03 LC | Continue organization of documents for database entry for Owens Corning. | .40 hrs |
| 02/03/03 LC | Review, index and update database correspondence, discovery and pleadings for Owens Corning. | .30 hrs |
| 02/04/03 LC | Retrieve and prepare documents re: Opinions for Owens Corning. | .10 hrs |
| 03/10/03 LC | Identify, analyze and index documents for case index update for Owens Corning. | 1.00 hrs |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | 1.80 hrs | 95 /hr | 171.00 |
| TOTAL FEES | 1.80 hrs | $ | 171.00 |
| | | | |
| TOTAL CHARGES FOR THIS BILL | | $ | 171.00 |

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/B-14554-001 CJH

W.R. GRACE

CASE NAME:        W.R. GRACE
OUR TAX I.D.#     22-2017766

FOR PROFESSIONAL SERVICES RENDERED

03/31/03 LC     Identify, analyze and index documents for case
                index update general file, W.R. Grace              .60 hrs

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | .60 hrs | 95 /hr | 57.00 |
| TOTAL FEES | .60 hrs | $ | 57.00 |
| TOTAL CHARGES FOR THIS BILL | | $ | 57.00 |

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/C-14554-001 CJH

ARMSTRONG

CASE NAME:        ARMSTRONG
OUR TAX I.D.:     22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/03/03 LC | Continue organization of documents for database entry for Armstrong. | .30 hrs |
| 02/03/03 LC | Review, index and update database pleadings for Armstrong. | .50 hrs |
| 02/03/03 LC | Review, index and update database correspondence, discovery and pleadings for Armstrong. | .30 hrs |
| 02/04/03 LC | Retrieve and prepare documents re: Opinions for Armstrong. | .10 hrs |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | 1.20 hrs | 95 /hr | 114.00 |
| TOTAL FEES | 1.20 hrs | $ | 114.00 |
| TOTAL CHARGES FOR THIS BILL | | $ | 114.00 |

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/D-14554-001 CJH

FEDERAL MOGUL

CASE NAME:      FEDERAL MOGUL
OUR TAX I.D.:   22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/03/03 LC | Continue organization of documents for database entry for Federal Mogul. | .30 hrs |
| 02/03/03 LC | Review, index and update database pleadings for Federal Mogul. | .50 hrs |
| 02/03/03 LC | Review, index and update database correspondence, discovery and pleadings for Federal Mogul. | .40 hrs |
| 02/06/03 LC | Search Internet - United State Bankruptcy Court, Delaware for opinion by Judge Randall Newsome for appeal for Federal Mogul. | .80 hrs |
| 02/17/03 CJH | Research and drafting memorandum for the court re: issues in CSI appeal in Federal Mogul. | 4.00 hrs |
| 02/18/03 CJH | Final edit of memorandum for District Court re: CSI appeal in Federal Mogul matter. | 1.00 hrs |
| 02/19/03 LC | Draft cover explanatory note forwarding CSI v. Federal Mogul original documents to E. Evans Wohlforth. | .50 hrs |
| 03/31/03 LC | Identify, analyze and index documents for case index update general file, Federal Mogul. | .50 hrs |

BILLING SUMMARY

| | | | | | | |
|---|---|---|---|---|---|---|
| C. JUDSON HAMLIN | CJH | COUNSEL | 5.00 hrs | 450 /hr | 2,250.00 |
| LYNN CITRINO | | | 3.00 hrs | 95 /hr | 285.00 |
| TOTAL FEES | | | 8.00 hrs | | $ 2,535.00 |

TOTAL CHARGES FOR THIS BILL                              $ 2,535.00

Purcell, Ries, Shannon, Mulcahy & O'Neill, Esqs.
Crossroads Business Center
One Pluckemin Way        P O Box 754
Bedminster, NJ 07921-0754
(908) 658-3800

April 17, 2003

Billed through 04/10/03

Client #        0950/E-14554-001 CJH

U.S. GYPSUM

CASE NAME:    U.S. GYPSUM
OUR TAX I.D.:    22-2017766

FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| 02/04/03 LC | Retrieve and prepare documents re: Opinions for U.S. Gypsum. | .20 hrs |
| 03/31/03 LC | Identify, analyze and index documents for case index update general file, U.S. Gypsum | .50 hrs |
| 04/10/03 LC | Update U.S. Gypsum case index. | .20 hrs |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| LYNN CITRINO | .90 hrs | 95 /hr | 85.50 |
| TOTAL FEES | .90 hrs | $ | 85.50 |
| TOTAL CHARGES FOR THIS BILL | | $ | 85.50 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | : | |
| IN RE: ARMSTRONG WORLD | : | Chapter 11 |
| INDUSTRIES, INC., et al., | : | Case Nos. 00-4471, 00-4469, 00-4470 |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| IN RE: W. R. GRACE & CO., | : | Chapter 11 |
| et al., | : | Case Nos. 01-1139 through 01-1200 |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| IN RE: FEDERAL MOGUL | : | Chapter 11 |
| GLOBAL, INC., T & N | : | Case Nos. 01-10578, et al |
| LIMITED, et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| IN RE: USG CORPORATION, | : | Chapter 11 |
| a Delaware Corporation, | : | Case Nos. 01-2094 through 01-2104 |
| et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |
| IN RE: OWENS CORNING, | : : | Chapter 11 |
| et al., | : | Case Nos. 00-3837 through 00-3854 |
| | : | (Jointly Administered) |
| Debtors. | : | |

IN RE:    GENERAL ASBESTOS

## THIRD INTERIM ORDER AWARDING FEES AND EXPENSES TO PURCELL, RIES, SHANNON, MULCAHY & O'NEILL ON BEHALF OF THE COURT APPOINTED ADVISOR C. JUDSON HAMLIN

This matter having been opened before the Court upon the third application of Purcell,

Ries, Shannon, Mulcahy & O'Neill on behalf of the Court Appointed Advisor C. Judson Hamlin;

and the Court having by previous Order withdrawn the reference to the Bankruptcy Court with

respect to such applications and granted leave to the Court Appointed Advisors to make interim

applications for the allowance of fees and expenses incurred in the course of their appointment by the Court; having received no opposition to the application; and the Court having found that the fees and expenses are reasonable and that the services rendered were necessary for the administration of the debtors' estates and not duplicative of any other services rendered and for other good cause shown

IT IS on this _____ day of _____, 2003

ORDERED that the third application of Purcell, Ries, Shannon, Mulcahy & O'Neill on behalf of C. Judson Hamlin for an interim allowance of fees and expenses is hereby granted and fees and expenses are allowed on an interim basis in the amount of $3,477.20; and it is further

ORDERED that the interim fees and expenses allowed pursuant to this Order are to be allocated among the debtors as follows:

$2,637.90 in fees and expenses against Federal Mogul, Inc.;

$159.90 in fees and expenses against W.R. Grace & Co.;

$216.90 in fees and expenses against Armstrong World Industries, Inc.;

$273.90 in fees and expenses against Owens Corning; and

$188.40 in fees and expenses against U.S.G. Corporation; and it is further

ORDERED that the debtors are authorized and directed to pay to Purcell, Ries, Shannon, Mulcahy & O'Neill the amounts as set forth herein; and it is further

ORDERED that amounts received pursuant to this interim Order may be subject to disgorgement as may be provided in the final Order of allowance of fees and expenses at the conclusion of the above-captioned Chapter 11 cases.

_____
ALFRED M. WOLIN, U.S.D.J.