## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,** | : : : | **Chapter 11**<br>**Case Nos. 00-4471, 00-4469, 00-4470**<br>**(Jointly Administered)** |
| Debtors. | : : | |
| **IN RE: W. R. GRACE & CO., et al.,** | : : : | **Chapter 11**<br>**Case Nos. 01-1139 through 01-1200**<br>**(Jointly Administered)** |
| Debtors. | : : | |
| **IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,** | : : : : | **Chapter 11**<br>**Case Nos. 01-10578, et al**<br>**(Jointly Administered)** |
| Debtors. | : : | |
| **IN RE: USG CORPORATION, a Delaware Corporation, et al.,** | : : : : | **Chapter 11**<br>**Case Nos. 01-2094 through 01-2104**<br>**(Jointly Administered)** |
| Debtors. | : : | |
| **IN RE: OWENS CORNING, et al.,** | : : : | **Chapter 11**<br>**Case Nos. 00-3837 through 00-3854**<br>**(Jointly Administered)** |
| Debtors. | : : | Hearing date set only if objections are timely filed |

## NOTICE OF FILING OF THIRD FEE APPLICATION

TO:    The Parties listed on Exhibit 1 hereto.

**PLEASE TAKE NOTICE** that Lynch Martin has filed this Notice of Third Fee

Application on behalf of John E. Keefe, Sr. as a Court Appointed Advisor for Allowance of

Compensation of Fees for Actual and Necessary services Rendered and for Reimbursement of Expenses Incurred for the Period from August 1, 2002 through April 30, 2003.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the aforementioned Fee Application must be timely filed with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon and received by (i) John E. Keefe, Sr., Lynch Martin, 830 Broad Street, Shrewsbury, New Jersey 07702; and (ii) Frank J. Perch, Esq., Office of the United States Trustee, 844 King Street, Lockbox 35, Room 2311, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that in the event that timely objections to the Application are filed, a hearing will be scheduled at the convenience of the Court.

**PLEASE TAKE FURTHER NOTICE** that, in the absence of timely filed objections, the Court may enter an Order approving the aforementioned Fee Application on an interim basis without further notice or hearing.

Dated: __May 16__, 2003

JOHN E. KEEFE, SR.
COURT APPOINTED ADVISOR
Lynch Martin
830 Broad Street
Shrewsbury, NJ 07702
(732) 224-9400

{00292590.DOC}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re: General Asbestos

Chapter 11

Case Nos.  00-4471, 00-4469,
            00-4470,
            01-1139 through 01-1200
            01-10578, et al.
            01-2094 through 01-2104
            00-3837 through 00-3854

**THIRD APPLICATION OF LYNCH MARTIN ON BEHALF OF JOHN E. KEEFE, SR.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS A COURT APPOINTED ADVISOR
FOR THE PERIOD FROM AUGUST 1, 2002 THROUGH APRIL 30, 2003**

| | |
|---|---|
| Name of Applicant: | John E. Keefe, Sr. |
| Authorized to Provide Professional Services to: | Alfred M. Wolin, U.S.D.J. |
| Date of Order: | December 28, 2001 |
| Period for which Compensation and Reimbursement Are Sought: | August 1, 2002 through April 30, 2003 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $17,572.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $28.20 |

This is an: X_ interim ___final application

The total time expended for fee application preparation is approximately ___ hours and the corresponding compensation requested is approximately $__N/A[1]___

If this is not the first application filed, disclose the following for each prior application:

---
[1] Mr. Keefe's Fee Applications are prepared entirely by Saiber, Schlesinger, Satz & Goldstein, L.L.C., ("SSSG") and Norris, McLaughlin & Marcus, L.L.C., ("NMM"). To avoid duplication, the time expended and compensation requested appears only on SSSG's and NMM's Fee Applications.

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 5/3/2002 | 1/1/02 - 2/28/02 | $13,781.25 | $38.65 | $13,781.25 | $38.65 |
| 12/5/2002 | 3/1/02- 10/31/02 | $13,635.00 | $35.20 | $12,645.00 | $35.20 |
| | | | | | |
| | | | | | |

### ATTACHMENT B
### TO FEE APPLICATION

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John E. Keefe, Sr. | Admitted to Practice in 1965 | $450.00 $225.00 | 35.35 3.0 | $15,907.50 $675.00 |
| | | | | |
| | | | | |
| Grand Total: | | $450.00 | | $16,582.50 |
| Blended Rate: | | | | |

### COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Special Master  Dresser v. Federal Mogul | 25.45 | $11,452.50 |
| Special Master  Armstrong, et al. v. CCR | 9.9 | $ 4,455.00 |
| Travel Time  Dresser v. Federal Mogul | 3.0 | $   675.00 |
| Additional Compensation inadvertently left off of Second Interim Order  Dresser v. Federal Mogul | | $   990.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
| --- | --- | --- |
| Computer Assisted Legal Research | | |
| Facsimile (with rates) | | |
| Telephone, Postage, Photocopying | | |
| Outside Reproduction | | |
| Outside Research | | |
| Filing/Court Fees | | |
| Court Reporting | | |
| Travel Expenses | Tolls, Parking | $28.20 |
| Courier & Express Carriers (e.g., | | |
| Federal Express) | | |
| Other (explain) | | |

Local Form 102 (Fee Application/ Attachment B)

{00292587.DOC}

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,** | : | **Chapter 11** |
| | : | **Case Nos. 00-4471, 00-4469, 00-4470** |
| | : | **(Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| **IN RE: W. R. GRACE & CO., et al.,** | : | **Chapter 11** |
| | : | **Case Nos. 01-1139 through 01-1200** |
| | : | **(Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| **IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al.,** | : | **Chapter 11** |
| | : | **Case Nos. 01-10578, et al** |
| | : | **(Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| **IN RE: USG CORPORATION, a Delaware Corporation, et al.,** | : | **Chapter 11** |
| | : | **Case Nos. 01-2094 through 01-2104** |
| | : | **(Jointly Administered** |
| **Debtors.** | : | |
| | : | |
| **IN RE: OWENS CORNING, et al.,** | : | **Chapter 11** |
| | : | **Case Nos. 00-3837 through 00-3854** |
| | : | **(Jointly Administered** |
| **Debtors.** | : | |
| | : | Hearing date set only if objections are timely filed |

IN RE:    **GENERAL ASBESTOS**

**THIRD APPLICATION OF LYNCH MARTIN FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES ON BEHALF OF JOHN E. KEEFE, SR. AS A COURT APPOINTED ADVISOR FOR THE PERIOD FROM AUGUST 1, 2002 THROUGH APRIL 30, 2003**

{00293232.DOC}

**TO THE HONORABLE ALFRED M. WOLIN, U.S.D.J.:**

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the General Rules of Bankruptcy Procedure, Lynch Martin hereby moves this Honorable Court on behalf of John E. Keefe, Sr. for an Order awarding an interim allowance of reasonable compensation with respect to the five above-captioned Chapter 11 cases for professional services rendered in John E. Keefe, Sr.'s capacity as a Court Appointed Advisor in connection with the Court's management of these very large, mass-tort bankruptcy cases, in the amount of $17,572.50 and reimbursement of related expenses of $28.20 for the period of August 1, 2002 through April 30, 2003.

In support of this Application and pursuant to Bankruptcy Rule 2016, John E. Keefe, Sr. respectfully represents as follows:

1.      On various dates, the debtors in the above-captioned cases filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of U.S.C. §§101-1330. The debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 (a) and 1108 of the Bankruptcy Code.

2.      On December 28, 2001, the Court appointed Mr. Keefe and several other persons as "Court Appointed Advisors" to assist the Court, as set forth in that Order and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy cases and to undertake such duties as the Court has and may in the future assign to Mr. Keefe. A copy of this Order is annexed hereto as Exhibit A.

3.      By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This Application is the second such application by John E. Keefe, Sr.

{00293232.DOC}

4.    By its Order dated October 7, 2002, the Court also appointed Mr. Keefe to serve as Special Master[1] in Dresser Industries, Inc., v. Federal Mogul Products, Inc., Adv. Pro. No. 01-9018, for purposes of ruling on all disputes arising out of discovery.  A copy of this Order is annexed hereto as Exhibit C.

5.    By its Order dated February 27, 2002, the Court also appointed Mr. Keefe to serve as Special Master[2] in the consolidated adversary proceedings Armstrong World Industries, Inc. v. CCR, Inc, Safeco Insurance Co. of America v. CCR, Inc., Federal Mogul Corp. et al. v. CCR, Inc. et al, and U.S.G. Corp. v. CCR, Inc. et al, Adv. Pro. Nos. 01-01160, 01-00175, 01-8885 and 01-08932, for purposes of hearing disputes arising out of discovery matters.  A copy of this Order is annexed hereto as Exhibit D.

6.    There is no agreement or understanding between Mr. Keefe and any other person, other than the members, associates and employees of the law firm of Lynch Martin of which Mr. Keefe is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

7.    No agreement exists with any person or entity regarding the rate or amount of compensation Mr. Keefe shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of Mr. Keefe's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

8.    Mr. Keefe has expended a total of 38.35 hours in rendering professional services as a Court Appointed Advisor.  The time spent and the services rendered were reasonable in relation to the size and complexity of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtors' estates.  Overall billing statements are attached as Exhibits E and F.  Exhibit E sets forth the total time spent by Mr. Keefe in his

---

[1] All costs accrued in Mr. Keefe's work on this matter are attributed to the debtor Federal Mogul only.
[2] All costs accrued in Mr. Keefe's work on this matter are divided equally among the debtors Armstrong World Industries, Federal Mogul and U.S.G.
{00293232.DOC}

position as Special Master in <u>Dresser v. Federal Mogul</u> amounting to 28.45 hours. Exhibit F sets

forth the total time spent by Mr. Keefe in his position as Special Master in <u>Armstrong et al v.</u>

<u>CCR</u> amounting to 9.9 hours.

9.      The billing statements attached as Exhibits E and F present the hours expended in

increments of one-tenth of an hour, with a description of the service rendered for each entry.

10.     In addition to the time expended in rendering services, John E. Keefe, Sr. incurred

out-of-pocket expenses in connection with his appointment as Court Appointed Advisor in the

amount of $28.20.  The expenses were incurred in association with his position as Special Master

in <u>Dresser v. Federal Mogul</u> as set forth in Exhibit E. These expenses were reasonable in relation

to the size and complexity of the matters handled, not duplicative of other expenses incurred, and

necessary to the administration of the debtor's estates.

11.     John E. Keefe, Sr. respectfully submits that the compensation for services and

reimbursement of expenses requested is consistent with the nature and extent of the services

rendered for the period August 1, 2002 through April 30, 2003, the size and complexity of the

case, the time, labor and special expertise brought to bear on the questions, and other related

factors.

12.     In addition to the compensation requested above, Mr. Keefe further requests $990

for services rendered in his capacity as Special Master in <u>Dresser v. Federal Mogul</u> during the

Second Interim Application Period, March 1, 2002 through October 31, 2002.  This amount,

which was requested in the Second Application, was inadvertently left out of the amount

requested on the Second Interim Order.  Therefore, the sum has been added to this application.[3]

13.     John E. Keefe, Sr., having reviewed Local Rule 2016-2 regarding compensation

and reimbursement of expenses, certifies that this application complies with the requirements of

---

[3] For further explanation, please see pages 4 through 5 of Second Application of Lynch Martin for Compensation for
Services Rendered and Reimbursement of Expenses on behalf of John E. Keefe, Sr., As a Court Appointed Advisor
for the Period from March 1, 2002 through October 31, 2002, filed on December 5, 2002.
{00293232.DOC}

Local Rule 2016-2.

14.  A proposed form of order is submitted herewith.

**WHEREFORE**, John E. Keefe, Sr. respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount of $17,600.70, subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

**WHEREFORE**, John E. Keefe, Sr. further respectfully requests that the interim allowance of his fees and costs be allocated among the debtors as follows:

1.  Evenly among the debtors Armstrong World Industries, Federal Mogul and USG costs set forth in Exhibit F for a total amount of $4,455.00, resulting in each debtor paying $1,485.00;

2.  Plus $12,155.70 as to the debtor Federal Mogul, as set forth in Exhibit E.

3.  Plus $990.00 as to the debtor Federal Mogul, as set forth previously in paragraph 12.

The sum of fees and costs allowed against each debtor pursuant to this interim allowance shall total $14,630.70 against Federal-Mogul Global, Inc.; $1,485.00 against Armstrong World Industries, Inc.; and $1,485.00 against U.S.G. Corporation.

_____
JOHN E. KEEFE, SR.
Court Appointed Advisor

Dated: _5 · 16_____, 2003

*Exhibit A*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., et al., | : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |

| | | |
|---|---|---|
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |

| | | |
|---|---|---|
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |

| | | |
|---|---|---|
| IN RE: OWENS CORNING, et al., | : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

ORDER DESIGNATING COURT APPOINTED CONSULTANTS
AND SPECIAL MASTERS

This matter having been opened by the Court upon its own
motion in each of the above-captioned Chapter 11 cases; and the
interested parties having been put on notice by the Court at the
joint case management conference held on December 20, 2001, that
the Court anticipated appointing special masters and/or case

---

[1]See attached list.

management consultants to whom the Court may from time to time delegate certain authority to hear matters and to advise the Court on issues that may arise in these five large Chapter 11 cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases identified in the caption of this Order and to all cases filed as related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq., C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern are hereby designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually, and it is further

ORDERED that the parties are on notice that the Court may, without further notice, appoint any of the Court-Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed Special Master in the matter of In re W.R. Grace & Co., Bankruptcy No. 01-1139 through 01-1200, to hear all disputed matters in that Chapter 11 case for which the Court's Order of

Reference may be withdrawn from the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and Special Master(s) shall be borne by the debtors in such manner and apportionment as this Court or the Bankruptcy Courts may hereinafter direct.

_____
ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-10724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD | : | Chapter 11 |
| INDUSTRIES, INC., et al.,: | | Case Nos. 00-4471, 00-4469, |
| | : | 00-4470 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., | : | Chapter 11 |
| et al., | : | Case Nos. 01-1139 through |
| | : | 0-1200 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: FEDERAL-MOGUL | : | Chapter 11 |
| GLOBAL, INC., T&N | : | Case Nos. 01-10578, et al.[1] |
| LIMITED, et al., | : | |
| | : | |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: USG CORPORATION, | : | Chapter 11 |
| a Delaware Corporation, | : | Case Nos. 01-2094 through |
| et al., | : | 01-2104 |
| | : | |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: OWENS CORNING, | : | Chapter 11 |
| et al., | : | Case Nos. 00-3837 through |
| | : | 00-3854 |
| Debtors. | : | |

---

**ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING
APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT
APPOINTED ADVISORS**

This matter being opened upon the Court's own motion pursuant

to the authority granted in 11 U.S.C. § 105(a) and the Court's

inherent power; and the Court, pursuant to its Order of December

28, 2001, having appointed certain persons as Court Appointed

Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1]See attached list.

certain of these Advisors having been designated Special Masters to hear and report on matters specifically delegated to them by the Court as set forth in those Orders; and it appearing that the Advisors are functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§ 1104, 1106; and the Bankruptcy Code and Rules providing for the compensation of examiners, officers and professional persons pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of their direct appointment by the Court, occupying a unique position in the above-captioned cases not shared by other persons employed in these cases; and the Court having determined that the continued employment of the Advisors in their various capacities is necessary for the efficient administration of these very large mass-tort chapter 11 cases and in the best interests of the creditors, equity holders and the estates in bankruptcy and that the debts of the estates as specified in 11 U.S.C. § 1104(c)(2) exceed $5,000,000; and for good cause shown

IT IS this 14th day of March 2002

ORDERED that pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of these cases to the Bankruptcy Court, Judge Randall J. Newsome and Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to any application for an allowance of fees filed by any of the Advisors, and it is further

2

ORDERED—that the Advisors may make application for the
allowance of their fees and expenses from the debtors' estates
directly to this Court in the first instance, requesting that
such applications be reviewed and approved by the Court pursuant
to the substantive standards set forth in 11 U.S.C. § 330, and it
is further

ORDERED that any application for the allowance of fees and
expenses shall set forth how the applicant believes the fees and
expenses should be allocated between the debtors, and it is
further

ORDERED that, although by its terms local bankruptcy rule
2016-2 does not apply to applications for the allowance of fees
and expenses by the Advisors, local rule 2016-2(d) governing
information requirements relating to compensation requests is
hereby incorporated by reference and made applicable to
applications by the Advisors pursuant to this Order, and it is
further

ORDERED that the Advisors may make interim applications for
the allowance of fees and expenses pursuant to 11 U.S.C. § 331,
on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and
expenses pursuant to this Order shall not set forth a hearing
date for the application and no hearing will be held unless
written objection is filed with the Court no later than ten days

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

IN RE: FEDERAL-MOGUL GLOBAL, INC.
## Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

*Exhibit C*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re: FEDERAL MOGUL PRODUCTS, :     Bankruptcy Case No. 01-10578
INC., et al.,                 :

      Debtor.            :
----------------------------------     Adv. Civ. No. 01-09018
DRESSER INDUSTRIES, INC.,      :

       Plaintiff,         :

v.                          :     O R D E R

FEDERAL MOGUL PRODUCTS, INC., :
et al.,                  :

      Defendants.       :

The Court having directed John E. Keefe, Sr., Esq., to hold a conference with the parties in the above-referenced matter on September 24, 2002; and counsel for the parties having appeared at the conference and consented to the case management provisions set forth in the letter of Mr. Keefe, dated September 27, 2002, and attached to this Order, including without limitation that Mr. Keefe serve as Special Master for the purposes of ruling on discovery disputes in the manner set forth in the letter; and no post-conference objection having been received as provided for by Mr. Keefe in the last paragraph of his letter; and for good cause shown

It is on this 7th day of October, 2002

ORDERED that John E. Keefe, Sr., Esq., is hereby appointed Special Master for the above-captioned matter and all disputes

arising out of discovery are hereby referred to him for resolution in accordance with the procedures set forth in the letter of John E. Keefe, Sr., Esq., attached hereto, except as modified by this Order, and it is further

ORDERED that the letter of John E. Keefe, Sr., Esq., is adopted and incorporated into this Order as the Order of the Court, provided however that:

1.  Paragraph one is modified to provide that courtesy copies of any paper filed with the Court, including without limitation any paper directed to be filed or forwarded to the Court by this Order and the letter incorporated hereto, shall be delivered by hand, courier or mail, and not by facsimile transmission or e-mail except on special permission granted with respect to the particular submission at issue.

2.  Paragraph number 3 is modified to provide that the Notice to be serve by a party wishing to appeal a recommendation of the Special Master shall consist of one page and shall state only the specific Order appealed from and that the party wishes to appeal. Simultaneously with serving the Notice, the appellant shall forward a copy of the Notice to the Court and contact chambers by telephone for further instructions on how to proceed.

3.  Paragraph 3 is further modified to provide that the period for a party to appeal a recommendation of the Special Master shall commence upon the first oral or written indication

2

that the motion is granted or denied.

and it is further

ORDERED that to the extent this Order is inconsistent with
Federal Rule of Bankruptcy Procedure 9031, that rule is suspended
for these proceedings with the consent of the parties.

ALFRED M. WOLIN, U.S.D.J.

3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC., | : | Adv. Pro. No. 01-01160 |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CENTER FOR CLAIMS RESOLUTION, INC. and SAFECO INSURANCE CO. OF AMERICA, | : | |
| | : | |
|         Defendants. | : | |

----------------------------

| | | |
|---|---|---|
| SAFECO INSURANCE CO. OF AMERICA, | : | Adv. Pro. No. 01-00175 |
| | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CENTER FOR CLAIMS RESOLUTION, INC., | : | |
| | : | |
|         Defendant. | : | |

----------------------------

| | | |
|---|---|---|
| FEDERAL-MOGUL CORP., T&N LIMITED, GASKET HOLDING, INC. and FERODO AMERICA, INC., | : | Adv. Pro. No. 01-8885 |
| | : | |
|         Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CENTER FOR CLAIMS RESOLUTION, SAFECO INSURANCE CO. OF AMERICA, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, and NATIONAL FIRE INSURANCE CO. OF HARTFORD and CONTINENTAL CASUALTY CO., | : | |
| | : | |
|         Defendants. | : | |

----------------------------

```
USG CORP. and UNITED STATES    :    Adv. Pro. No. 01-08932
GYPSUM,                        :
                               :
          Plaintiffs,          :
                               :
v.                             :
                               :
THE CENTER FOR CLAIMS          :
RESOLUTION, INC. and SAFECO    :
INSURANCE CO. OF AMERICA,      :
                               :
          Defendants.          :
```

### ORDER: (1) CONSOLIDATING ADVERSARY PROCEEDINGS and (2) APPOINTING A SPECIAL MASTER

This matter having been opened by the Court on its own motion; and the Court having held a case management conference on February 25, 2002 at which counsel for all interested parties in the above-captioned matters were present and heard by the Court; and the Court having discussed with counsel the need for certain case management provisions in the substance set forth in this Order for the efficient management of these complex proceedings within the several very large, mass-tort chapter 11 cases pending before the Court; and the Court having given all parties an opportunity to object to the entry of this Order or otherwise be deemed to have waived any further objection to it; and no party having objected to the entry of this Order; and for good cause shown

It is on this 27TH day of February, 2002

ORDERED that the above-captioned adversary proceedings are hereby consolidated for purposes of discovery and for trial, and

2

it is further

ORDERED that John E. Keefe, Sr., Esq., of Lynch, Martin &
Kroll, Red Bank, New Jersey, is hereby appointed Special Master
in these consolidated adversary proceedings, and it is hereby

ORDERED that the Special Master shall hear disputes arising
out of discovery matters only, subject to further Order of the
Court, and it is further

ORDERED that practice before the Special Master shall be
governed by such rules as he may direct, provided however that

1.   Counsel shall confer among themselves in good faith to
resolve any dispute before presenting it to the Special Master;

2.   The Special Master may hear testimony and the arguments
of counsel by any means he may deem appropriate, including
without limitation by telephone conference, and announce his
ruling orally, which announcement shall start the time within
which any objection must be filed as further set forth in this
Order;

3.   The ruling of the Special Master shall be final and
binding on the parties unless a party whose rights are affected
by that ruling files a written objection within five calendar
days of its announcement, provided however that any party
intending to object must first contact the chambers of the Court
by telephone for further instructions on how to proceed;

3

4.   The Special Master shall, as soon as practicable following the announcement of a ruling, prepare a written report to the Court setting forth those findings of fact and conclusions of law upon which that ruling is based, provided however that the parties may waive the necessity of a written report should no objection be forthcoming;

5.   Upon the objection of any party filed in conformance with this Order, this Court shall review the ruling and report of the Special Master de novo; and it is further

ORDERED that, to the extent this Order may be inconsistent with Bankruptcy Rule 9031, that rule is suspended.

ALFRED M. WOLIN, U.S.D.J.

4

Exhibit P

## Dresser Industries Inc. v. Federal Mogul Products, Inc.
### First Interim Bill

| 2002 | | | Hours |
|---|---|---|---|
| August | 20 | Review complaints, conference with Evan Wohforth, communicate with counsel. | 2.25 |
| September | 24 | Conduct Rule 26F Conference. | 1.75 |
| | 24 | Letter counsel concerning. | 0.50 |
| November | 26 | Case Management Conference. | 2.25 |
| December | 03 | Letter to court regarding discovery matters. | 0.50 |

**2003**

| | | | |
|---|---|---|---|
| January | 17 | Oral arguments on discovery applicant in and review of documents regarding same. | 1.25 |
| | 24 | Opinion letter regarding motions. | 0.25 |
| February | 10 | Preparation for case management session. | 1.25 |
| | 11 | Case management session. | 3.50 |
| | 26-27 | Review of insurers 30b(6) notices and proposed interrogatories, the parties' briefs in support and opposition. Oral argument by telephone. | 5.75 |
| | 28 | Review of notes for February 27, 2003 argument and preparation of opinion letter. Correspond with counsel. | 1.80 |
| March | 04 | Review Dresser motion and brief to amend complaint | 0.40 |
| | 07 | Review of opposition to my proposed case management order | 1.15 |
| | 11 | Review proposed consent order and letter to Judge Wolin. | 0.40 |
| | 14 | Review of counsel's proposed agreed upon changes. Review of material for purpose of ruling on remaining contested issues. Preparation of case management order. | 1.25 |
| | 18 | Preparation of order of disposition. | 0.80 |
| | 25 | Review of e-mails regarding supplement for above order. Prepare supplemental order. | 0.40 |

**Total Hours** 25.45
25.45 hours @ $450/hour $11,452.50

**Travel time**

| November | 26 | Attendance at Case Management conference | 1.5 |
|---|---|---|---|
| | 1.5 hours @ $225/hour | | $337.50 |

| February | 11 | Attendance at Case Management conference | 1.5 |
| | | 1.5 hours @ $225/hour | $337.50 |
| Total | | | $675.00 |

Disbursements

| November | 26 | Parking - Newark Federal Court | $8.25 |
| | | Tolls | $5.85 |
| February | 11 | Parking - Newark Federal Court | $8.25 |
| | | Tolls | $5.85 |
| | | | 28.20 |

| TOTAL | | | $ 12,155.70 |

## Federal Mogul v. CCR
### Third Interim Bill

2002

| | | | Hours |
|---|---|---|---|
| December | 14 | Review of all motion papers on motion to amend pleadings | 3.75 |

2003

| January | 15 | Review CCR's Opposition Brief | 1.15 |
| | 25 | Review reply briefs | 1.75 |
| | 27-28 | Prepare report and recommendations to Judge Wolin | 2.50 |
| April | 08 | Receipt and review of Judge Wolin's opinion on phase one partial summery Judgement | 0.75 |

Total Hours

9.90 hours @ $450/hour

9.90

$4455.00

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE: ARMSTRONG WORLD**<br>**INDUSTRIES, INC., et al.,** | **Chapter 11**<br>**Case Nos. 00-4471, 00-4469, 00-4470**<br>**(Jointly Administered)** |
| Debtors. | |
| **IN RE: W. R. GRACE & CO.,**<br>**et al.,** | **Chapter 11**<br>**Case Nos. 01-1139 through 01-1200**<br>**(Jointly Administered)** |
| Debtors. | |
| **IN RE: FEDERAL MOGUL**<br>**GLOBAL, INC., T & N**<br>**LIMITED, et al.,** | **Chapter 11**<br>**Case Nos. 01-10578, et al**<br>**(Jointly Administered)** |
| Debtors. | |
| **IN RE: USG CORPORATION,**<br>**a Delaware Corporation,**<br>**et al.,** | **Chapter 11**<br>**Case Nos. 01-2094 through 01-2104**<br>**(Jointly Administered)** |
| Debtors. | |
| **IN RE: OWENS CORNING,**<br>**et al.,** | **Chapter 11**<br>**Case Nos. 00-3837 through 00-3854**<br>**(Jointly Administered)** |
| Debtors. | |

**IN RE: GENERAL ASBESTOS**

### THIRD INTERIM ORDER AWARDING FEES AND EXPENSES TO
### LYNCH MARTIN ON BEHALF OF THE COURT APPOINTED ADVISOR
### JOHN E. KEEFE, SR.

This matter having been opened before the Court upon the third application of Lynch

Martin on behalf of the Court Appointed Advisor John E. Keefe, Sr.; and the Court having by

previous Order withdrawn the reference to the Bankruptcy Court with respect to such

applications and granted leave to the Court Appointed Advisors to make interim applications for

the allowance of fees and expenses incurred in the course of their appointment by the Court;

having received no opposition to the application; and the Court having found that the fees and expenses are reasonable and that the services rendered were necessary for the administration of the debtors' estates and not duplicative of any other services rendered and for other good cause shown

IT IS on this _____ day of _____, 2003,

ORDERED that the third application of Lynch Martin on behalf of John E. Keefe, Sr. for an interim allowance of fees and expenses is hereby granted and fees and expenses are allowed on an interim basis in the amount of $17,600.70; and it is further

ORDERED that the interim fees and expenses allowed pursuant to this Order are to be allocated among the debtors as follows:

$14,630.70 in fees and expenses against Federal Mogul, Inc.;

$1,485.00 in fees and expenses against Armstrong World Industries, Inc.; and

$1,485.00 in fees and expenses against U.S.G. Corporation; and it is further

ORDERED that the debtors are authorized and directed to pay to Lynch Martin the amounts as set forth herein; and it is further

ORDERED that amounts received pursuant to this interim Order may be subject to disgorgement as may be provided in the final Order of allowance of fees and expenses at the conclusion of the above-captioned Chapter 11 cases.

_____
ALFRED M. WOLIN, U.S.D.J.