IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: June 23, 2003 |
| | | Hearing Date: September 22, 2003 @ 12:00 PM |

**SUMMARY OF THE EIGHTH INTERIM QUARTERLY APPLICATION OF
RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ZAI
LEAD SPECIAL COUNSEL FOR THE INTERIM PERIOD FROM
JANUARY 1, 2003 THROUGH MARCH 31, 2003[1]**

| | |
|---|---|
| Name of Applicant: | Richardson Patrick Westbrook & Brickman, LLC |
| Authorized to Provide Professional Services to: | Zonolite Attic Insulation Claimants |
| Date of Appointment: | Appointment Order effective As of July 22, 2002 |
| Period for which compensation and Reimbursement is sought: | January 1, 2003 through March 31, 2003 |
| Amount of Compensation sought as actual, Reasonable, and necessary: | $ 608,141.50 |
| Amount of Expenses Reimbursement: | $ 166,979.50 |

This is a: _ monthly   X quarterly application

Prior Application filed: Yes

---

[1] RPWB became counsel in this matter over a year after it was filed. To conform with the titles of the quarterly applications being filed by the firms who have been in the case since its inception, RPWB is titling this the "Eighth" Interim Quarterly Application, (although it is actually RPWB's third such application).

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| October 31, 2002 | 7/22/02 – 9/30/02 | $170,069.50 | $44,005.38 | $170,069.50 | $42,828.33 |
| December 2, 2002 | 10/01/02- 10/31/02 | $163,682.00 | $35,319.00 | CNO Filed; Awaiting Hearing | CNO Filed; Awaiting Hearing |
| January 8, 2003 | 11/01/02- 11/30/02 | $115,319.00 | $5,714.09 | CNO Filed; Awaiting Hearing | CNO Filed; Awaiting Hearing |
| February 17, 2003 | 12/01/02- 12/31/02 | $104,018.00 | $32,439.18 | CNO Filed; Awaiting Hearing | CNO Filed; Awaiting Hearing |
| March 12, 2003 | 01/01/03- 01/31/03 | $142,944.50 | $68,022.89 | CNO Filed; Awaiting Hearing | CNO Filed; Awaiting Hearing |
| April 8, 2003 | 02/01/03- 02/28/03 | $217,149.00 | $31,928.29 | CNO Filed; Awaiting Hearing | CNO Filed; Awaiting Hearing |
| May 16, 2003 | 03/01/03- 03/31/03 | $248,048.00 | $66,978.32 | Pending | Pending |

With the exception of the Application for March, 2003, RPWB has filed certificates of no objections with the Court with respect to the above Applications because no objections were filed with the Court within the objection period. The objection deadline for the RPWB Monthly Application for fees and expenses incurred from March 1, 2003 through March 31, 2003 has not yet passed.

The Richardson Patrick Westbrook & Brickman attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Edward J. Westbrook | Partner | 25 | Litigation | $650 | 238.6 | $152,717.50 |
| Robert M. Turkewitz | Partner | 17 | Litigation | $400 | 431.8 | $169,240.00 |
| James L. Ward | Associate | 5 | Litigation | $265 | 343.5 | $84,985.50 |
| Robert S. Wood | Associate | 3 | Litigation | $240 | 188.7 | $41,400.00 |
| TOTALS | | | | | 1,202.6* | $448,343.00 |

This number is .3 higher than what was recorded in the monthly applications because of a typographical error in the February, 2003 application. The February time report showed the correct number of hours billed but the February application stated a total .3 lower than the actual hours billed. The fee amount was correct.

The paraprofessionals who rendered professional service in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years in position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|

| Name | Role | | Project | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| Kim Carr | Paralegal | 13 | Litigation | $125 | 189.2 | $23,650.00 |
| Janet Bakst* | Paralegal | 10 | Litigation | $125 | 472.3 | $59,037.50 |
| Lizzie Kerrison | Paralegal | 17 | Litigation | $125 | 161.6 | $20,200.00 |
| Carrie Hughes | Paralegal | 23 | Litigation | $125 | 379.6 | $47,450.00 |
| Kim Garcia | Lit. Support | 8 | Litigation | $75 | 32.0 | $2,400.00 |
| Linda Hambleton | Lit. Support | 2 | Litigation | $75 | 63.3 | $4,747.50 |
| Sally Hollings | Lit. Support | 4 | Litigation | $75 | 4.0 | $300.00 |
| Ann Crouse | Lit. Support | 5 | Litigation | $75 | 22.3 | $1,672.50 |
| Ian Jones | Comp. Tech | 5 | Litigation | $110 | 3.1 | $341.00 |
| TOTALS | | | | | 2,530.0 | $608,141.50 |

* Mrs. Bakst is a licensed attorney who has not yet taken the South Carolina Bar exam and is accordingly working as a senior paralegal and being billed as such.

## Compensation by Project Category

| Category | Total Hours | Total Fees |
|---|---|---|
| 11-Fee Applications, Applicant | 34.8 | $4,435.00 |
| 20-Travel-Non-working | 95.4 | $13,410.00 |
| 22-ZAI Science Trial | 2,398.8* | $589,646.50 |
| TOTALS | 2,530.0 | $608,141.50 |

* As stated previously in the attorney hour breakdown, this total hour number is .3 higher than what was filed in the monthly applications. See explanation above.

## ZAI Science Trial Expenses (Category 23)

| Description | Amount |
|---|---|
| Duplicating / Printing – Internal | $1,523.70 |
| Courier Service/Federal Express | $1,663.11 |
| Outside Duplicating | $16,346.45 |
| Lodging | $3,187.78 |
| Air Travel Expense | $12,019.50 |
| Taxi Expense | $1,102.40 |
| Mileage Expense | $72.46 |
| Travel Meals | $867.86 |
| Parking | $164.00 |
| Expert Services | $108,898.61 |
| Reference Materials | $17.49 |
| Outgoing Faxes | $497.00 |
| Contract Labor | $5,558.51 |
| Westlaw Research | $153.44 |
| Witness Location Fee | $2,788.18 |
| Car Rental Expense | $73.58 |
| Court Reporter Services | $12,041.96 |
| Misc. Office Supplies | $3.47 |
| Total | $166,979.50 |

Dated:  June 2, 2003

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.


*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899
Phone: (302) 428-3181
FAX: (302) 777-7244

DELAWARE COUNSEL FOR ZAI CLAIMANTS

-and-

Edward J. Westbrook, Esq.
Robert M. Turkewitz, Esq.
Robert S. Wood, Esq.
Richardson Patrick Westbrook
 & Brickman
174 East Bay Street
Charleston, SC 29401
Phone: (843) 727-6513
FAX: (843) 727-6688

LEAD COUNSEL FOR ZAI CLAIMANTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: June 23, 2003** |
| | | **Hearing Date: September 22, 2003 @ 12:00 PM** |

### EIGHTH INTERIM QUARTERLY APPLICATION OF RICHARDSON PATRICK WESTBROOK & BRICKMAN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ZAI LEAD SPECIAL COUNSEL FOR THE INTERIM PERIOD FROM JANUARY 1, 2003 THROUGH MARCH 31, 2003[1]

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Richardson Patrick Westbrook & Brickman ("Applicant" or "RPWB"), ZAI Lead Special Counsel, hereby applies for an order allowing it: (i) compensation in the amount of $608,141.50 for the reasonable and necessary legal services RPWB has rendered; and (ii) reimbursement for the actual and necessary expenses RPWB has incurred in the amount of $ 166,979.50 (the "Eighth Interim Quarterly Fee Application"), for the interim quarterly period

---

[1] RPWB became counsel in this matter over a year after it was filed. To conform with the titles of the quarterly applications being filed by the firms who have been in the case since its inception, RPWB is titling this the "Eighth" Interim Quarterly Application, (although it is actually RPWB's third such application).

from January 1, 2003 through March 31, 2003 (the "Fee Period"). In support of this Application, RPWB respectfully states as follows:

## Background

### Retention of RPWB

1.  On April 2, 2001 (The "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  By this Court's order effective as of July 22, 2002, RPWB was appointed as ZAI Lead Special Counsel to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against Debtors' position (the "Appointment Order"). The Appointment Order authorizes a total budget for ZAI Counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which RPWB may be compensated for legal services at its hourly rates as specified to the Court, and for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court[2]. On May 3, 2001, this Court entered

---

[2] The rates billed by RPWB are within the range of rates previously identified to the Court. The rates of the two principal RPWB partners involved here, Edward J. Westbrook ($650) and Robert M. Turkewitz ($400) were provided in the June 7, 2002 filing, "The Official Committee of Asbestos Property Damage Claimants' Response and Motion Pursuant to Section 503 of the Bankruptcy Code to Retain Special Counsel for the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim" (at 6-7). Other RPWB lawyers and professionals are being billed at rates commensurate with their experience and in the same range as other firms are billing in this bankruptcy (i.e. $150-$340 for associates and $75 to $125 for paralegals).

the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Order. If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the third Interim Quarterly Fee Application that RPWB has filed with the Bankruptcy Court in connection with these Chapter 11 Cases. (See Footnote 1)

6. RPWB has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   1. Application of Richardson, Patrick, Westbrook & Brickman, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Special Lead Counsel for the Interim Period from January 1, 2003 through January 31, 2003 filed March 19, 2003, (the "January Application") attached hereto as Exhibit A.

   2. Application of Richardson, Patrick, Westbrook & Brickman, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Special Lead Counsel for the Interim Period of February 1, 2003 through February 28, 2003 filed April 9, 2003, (the "February Application") attached hereto as Exhibit B.

   3. Application of Richardson, Patrick, Westbrook & Brickman, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Special Lead Counsel for the Interim Period of March 1, 2003 through March 31, 2003 filed May 16, 2003, (the "March Application") attached hereto as Exhibit C.

7. The period for objecting to the fees and expense reimbursement requested in the March Fee Application has not yet expired.

8. During the Fee Period, RPWB has prepared for the ZAI Science Trial as detailed in the Application.

**Requested Relief**

9. By this Eighth Interim Quarterly Fee Application, RPWB requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by RPWB for the Fee Period as

detailed in the Application, less any amounts previously paid to RPWB pursuant to the Application and the procedures set forth in the Compensation Order.

**Disinterestedness**

10. With the exception of its representation of asbestos claimants, RPWB does not hold or represent any interest adverse to the estates as stated in the Affidavit of Edward J. Westbrook in Support of the Application of the Asbestos Property Damage Committee to Retain Special Counsel, filed June 7, 2002.

11. In addition, RPWB may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.

**Representations**

12. RPWB believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13. RPWB performed the services for which it is seeking compensation under its Court Appointment effective as of July 22, 2002.

14. During the Fee Period, RPWB has received no payment, nor has it received any promises for payment, from any other source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15. Pursuant to Fed. R. Bank. P. 2016(b), RPWB has not shared, nor has it agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of RPWB; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. RPWB reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, RPWB respectfully requests that the Court enter an order providing: (a) that for the Fee Period an administrative allowance be made to RPWB in the sum of (i) $608,141.50 as compensation for reasonable and necessary professional services, and (ii) $166,979.50 for reimbursement of actual and necessary costs and expenses incurred (for a total of $775,121.00); (b) that the Debtors be authorized and directed to pay to RPWB the outstanding amount of such sums less any sums previously paid to RPWB pursuant to the Application and the procedures set forth in the Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Dated: June 2, 2003

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
Charlie J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899
Phone: (302) 428-3181
FAX: (302) 777-7244

DELAWARE COUNSEL FOR ZAI CLAIMANTS

-and-

Edward J. Westbrook, Esq.
Robert M. Turkewitz, Esq.
Robert S. Wood, Esq.
Richardson Patrick Westbrook

&amp; Brickman
174 East Bay Street
Charleston, SC 29401
Phone: (843) 727-6513
FAX: (843) 727-6688

LEAD COUNSEL FOR ZAI CLAIMANTS

## VERIFICATION

STATE OF SOUTH CAROLINA    )
                           )
COUNTY OF CHARLESTON       )

Edward J. Westbrook, after being duly sworn according to law, deposes and says:

a) I am counsel with the applicant law firm Richardson, Patrick, Westbrook & Brickman, and have been admitted to appear before this Court.

b) I have personally performed many of the legal services rendered by Richardson, Patrick, Westbrook & Brickman and am thoroughly familiar with the other work performed on behalf of the ZAI Claimants by the lawyers and paraprofessionals of Richardson, Patrick, Westbrook & Brickman.

c) I have reviewed the foregoing application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

Edward J. Westbrook, Esq.

SWORN AND SUBSCRIBED
Before me this 22nd day of May, 2003.

Kimberly M. Anderson
Notary Public for South Carolina
My Commission Expires: March 31, 2004