IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | Objection Deadline: July 8, 2002 at 4:00 p.m. |
| | | Hearing Date: September 22, 2003 at 12:00 p.m. |

### SUMMARY OF THE FIRST QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO W.R. GRACE & CO., ET AL., FOR THE EIGHTH QUARTERLY INTERIM PERIOD OF JANUARY – MARCH, 2003

| | |
|---|---|
| Name of Applicant: | **Woodcock Washburn LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retention Order entered January 22, 2003** |
| Period for which compensation and reimbursement is sought | **January 1, 2003, through March 31, 2003** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$ 54,990.25** |
| Amount of Expense Reimbursement sought as | **$ 1,515.75** |

---

[2] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

actual, reasonable and necessary:

This is a quarterly application.

The following fee applications have been previously filed:

| Date Filed | Period Covered | Requested Fees | Requested Disbursements | Approved Fees | Approved Disbursements |
|---|---|---|---|---|---|
| March 10, 2003 | 1/1 – 1/31/03 | $11,423.35 | $184.10 | Pending | Pending |
| April 4, 2003 | 2/1 – 2/28/03 | $29,216.00 | $684.22 | Pending | Pending |
| April 28, 2003 | 3/1 – 3/31/03 | $14,351.00 | $647.43 | Pending | Pending |

Each of these monthly fee applications is currently pending. The Quarterly Application for the interim period January 1, 2003, through March 31, 2003, has been scheduled for hearing September 22, 2003.

The Woodcock attorneys who rendered professional services in connection with the specific matter for which Woodcock was retained as special litigation counsel are:

| Name of Professional Person | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $435.00 | 29.15 | $12,680.25 |
| David R. Bailey | Partner | 1990 | IP Litigation | $360.00 | 47.20 | $16,992.00 |
| Chad E. Ziegler | Associate | 1998 | IP Litigation | $265.00 | 41.60 | $11,024.00 |
| Frank T. Carroll | Associate | 1998 | IP Litigation | $250.00 | 30.50 | $7,625.00 |
| Karen M. Whitney | Associate | 2001 | IP Litigation | $190.00 | 35.10 | $6,669.00 |

Total Fees: $54,990.25
Blended Rate: $ 299.59

All fees and expenses for which reimbursement is sought were in the category "Litigation and Litigation Counseling," except for fees totaling $217.50 for "Travel Time" (representing billing at half-time) and fees totaling $1,000.50 in the category "Fee Applications, Applicant."

Expenses incurred are as follows:

| Summary Total of Expenses/Disbursements ||
|---|---|
| Postage & Delivery | $28.95 |
| Telefax, Telephone | $433.15 |
| Photocopying (Standard Copies) | $295.70 |
| Computer Search | $643.10 |
| Travel & Expenses | $254.85 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline: July 8, 2003 at 4:00 p.m.** |
| | | **Hearing Date: September 22, 2003** |

**FIRST QUARTERLY APPLICATION OF WOODCOCK WASHBURN
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS SPECIAL LITIGATION COUNSEL TO W.R. GRACE & CO.,
ET AL., FOR THE EIGHTH QUARTERLY INTERIM PERIOD
OF JANUARY 1, 2003 – MARCH 31, 2003**

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (The "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (The "Amended Interim Compensation Order") and

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special litigation counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $54,990.25 for the reasonable and necessary legal service Woodcock has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Woodcock has incurred in the amount of $1,515.75 for the interim quarterly period from January 1, 2003 through March 31, 2003 (the "Fee Period"). In support of this Application, Woodcock respectfully states as follows:

## Background

### Retention of Woodcock Washburn

1. By this Court's order dated January 22, 2003, (the "Retention Order"), the Debtors were authorized to retain Woodcock as special litigation counsel to represent Debtor W.R. Grace & Co.-Conn. In order to intervene as a defendant in *Bartholic and Intercat, Inc. v. Nol-Tech Systems, Inc.*, civil action 2:02CV408JM (N.D. Ind.) (the "Intercat suit"). The Retention Order authorizes the Debtor to compensate Woodcock at Woodcock's hourly rates charged for services of this kind and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders to this Court.

### Monthly Interim Fee Applications Covered Herein

2. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for

monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

3.  Furthermore, and also pursuant to the Amended Interim Compensation Order, after the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.  This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the first Quarterly Fee Application for compensation for services rendered that Woodcock has filed with the Bankruptcy Court and covers the Fee Period of January 1, 2003, through March 31, 2003.

5.  Woodcock has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.  Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the First Monthly Period from January 1, 2003 through January 31, 2003, for the Quarter of January-March 2003, filed March 10, 2003 (the "January Fee Application"), attached hereto as <u>Exhibit A</u>.

b.  Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Second Monthly Period from February 1, 2003, through February 28, 2003, for the Quarter of January-March 2003, filed April 4, 2003 (the "February Fee Application"), attached hereto as <u>Exhibit B</u>.

c.  Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for the Third Monthly Period from March 1, 2003, through March 31, 2003, for the Quarter of January-March 2003, filed April 28, 2003 (the "March Fee Application"), attached hereto as <u>Exhibit C</u>.

6.  The January, February, and March Fee Applications are pending. The period covered by this Quarterly Fee Application has been scheduled for hearing on September 22, 2003.

7.  In its role as special litigation counsel during this Fee Period, Woodcock has advised and represented W.R. Grace & Co.-Conn. in connection with matters relating

to its business as affected by the Intercat suit and in connection with Grace's motion to intervene in that suit as a defendant.

**Requested Relief**

8. By this Quarterly Fee Application, Woodcock requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Woodcock for the Fee Period January 1, 2003, through March 31, 2003, as detailed in the Applications, less any amount actually paid to Woodcock pursuant to the Applications during the pendency of this Quarterly Fee Application. The scope of services provided and the related expenses incurred are described in the Monthly Applications (attached as Exhibits A, B, and C).

**Disinterestedness**

9. Woodcock does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. Woodcock disclosed in its Application for Appointment as Special Litigation Counsel any connection it had to that it had been able to ascertain using its reasonable efforts. Woodcock will update the disclosures when necessary and when Woodcock becomes aware of material new information.

**Representations**

10. Woodcock believes that its First Quarterly Fee Application complies with the requirements of Del.Bankr.LR2016-2 and the Amended Interim Compensation Order.

11. Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

12. During the Fee Period, Woodcock has received no payment, nor has it received any promises for payment, from any source for services rendered during the Fee Period or to be rendered in any capacity whatsoever in connection with its acting as special litigation counsel.

13. Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Woodcock, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an order providing (a) that, for the Fee Period, January 1, 2003, through March 31, 2003, an administrative allowance be made to Woodcock in the sum of (i) $54,990.25 as compensation for reasonable and necessary professional services rendered in the Debtors and (ii) in the sum of $1,515.75 for reimbursement of actual and necessary costs and expenses incurred, for a total of $56,506.00, (b) that the Debtors be authorized and directed to pay to Woodcock the outstanding amount of such sums less any sums

- 7 -

previously paid to Woodcock pursuant to the Applications and the procedures set forth in the Interim Compensation Order, and (c) that this Court grant such further relief as is equitable and just.

                                                  Respectfully submitted

Date:  June 17, 2003

                                                  Gary H. Levin
David R. Bailey
Woodcock Washburn LLP
One Liberty Place – 46th Floor
Philadelphia, PA  19103
(215) 568-3100
Levin@woodcock.com