IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | **Chapter 11** |
| W. R. Grace & Co., <u>et al.</u>,[1] | **Case No. 01-01139 (JKF)** |
| Debtors. | **(Jointly Administered)** |
| | Hearing Date: September 22, 2003 @ 12:00 PM<br>Objection Deadline: July <u>3</u>, 2003 at 4:00 p.m. |

**SECOND SUMMARY INTERIM VERIFIED APPLICATION OF
WACHTELL, LIPTON, ROSEN & KATZ FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL
CORPORATE COUNSEL TO THE DEBTORS FOR THE INTERIM PERIOD
FROM OCTOBER 1, 2002 THROUGH MARCH 31, 2003**

| | |
|---|---|
| Name of Applicant: | Wachtell, Lipton, Rosen & Katz ("Applicant") |
| Authorized to Provide Professional Services to: | The above captioned debtors and debtors in possession |
| Date of Retention: | May 3, 2001 (<u>nunc pro tunc</u> to April 2, 2001) |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.) CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation , Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation , Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc. ), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc., ), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a/ Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Company.

Period for which compensation and reimbursement is sought:

October 1, 2002 through March 31, 2003 (the "Second Summary Fee Period"

Amount of Compensation sought
as actual, reasonable, and necessary:

$41,304.75

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:

$1,803.52

This is a        ____Monthly        __X__Quarterly        ____Final Applications

Prior Applications filed:

| Date Application Filed; Docket Num. | Period Covered | Certificate of No Objection Date Filed; Docket Num. | Fees Requested | Expenses Requested | Fees Approved By Auditor | Expenses Approved By Auditor |
|---|---|---|---|---|---|---|
| November 19, 2002 # 3031 | April 2, 2001 – September 30, 2002 | December 11, 2002 # 3141 | $147,341.50 | $24,879.53 | $145,541.50[1] | $24,060.24 |
| April 11, 2003 # 3655 | October 1, 2002 – October 31, 2002 | May 6, 2003 # 3745 | $1,775.00 | $87.60 | pending | pending |
| April 11, 2003 # 3656 | November 1, 2002 – November 30, 2002 | May 6, 2003 # 3746 | $15,011.25 | $251.91 | pending | pending |
| April 11, 2003 # 3657 | December 1, 2002 – December 31, 2002 | May 6, 2003 # 3747 | $19,270.50 | $771.14 | pending | pending |
| April 11, 2003 # 3658 | January 1, 2003 – January 31, 2003 | May 6, 2003 # 3748 | $743.75 | $61.13 | pending | pending |
| May 9, 2003 # 3764 | March 1, 2003 – March 31, 2003[2] | pending[3] | $4,504.25 | 631.74 | pending | pending |

This is Applicant's Second Quarterly application for interim compensation of services and reimbursement of expenses filed with the Bankruptcy Court in these chapter 11 cases. This application covers the time period beginning October 1, 2002 through and including March 31, 2003. Because Applicant was trying to minimize its time spent preparing fee applications, it did not submit a separate quarterly application for the period beginning October 1, 2002 through and including December 31, 2002. Accordingly, this Second Summary Fee Application provides the information required for both the October through December 2002 period and the January

---

[1] The Fee Auditor filed the Fee Auditor's Final Report Regarding Fee Application of Wachtell, Lipton, Rosen & Katz for the Sixth Interim Period, dated February 11, 2003, in which the Auditor recommended reduction of Applicant's fees and expenses as set forth in the Table. Applicant received two checks from the Debtors totaling $169,602.14, which is .40 more than recommended by the fee auditor.

[2] Applicant determined not to file for time spent during the month of February, 2003. Such time was spent rectifying certain delays with filing fee applications. In respect to time spent drafting fee applications, Applicant has requested fees incurred only with respect to those fee applications actually filed as set forth more fully in Exhibit A hereof.

[3] The period of objection has run on this application and will be filed by co-counsel shortly.

through March 2003 period.  Henceforth, Applicant will abide by the protocols established in this case, filing monthly applications and quarterly summaries.

| Name of Professional or Paraprofessional Person | Position with the Applicant and Number of Years in That Position; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Peter C. Canellos | Tax Partner since 1977/ 26 years at Applicant/ admitted to Bar in 1967 | $750 | 4.30 | $3,225.00 |
| Harold S. Novikoff | Creditors Rights Partner since 1981/ 28 years at Applicant/Admitted to Bar in 1976 | $675 | 1.20 | $810.00 |
| Deborah L. Paul | Tax Partner since 2001/5 years at Applicant/admitted to Bar in 1991 | $425 | 54.75 | $23,268.75 |
| Margaret Garnett | Creditors' Rights Associate/2 years at Applicant/admitted to Bar in 2001 | $275 | 1.00 | $275.00 |
| David J. Passey | Tax Associate/1 year at Applicant/admitted to Bar in 2000 | $330 | 28.50 | $9,405.00 |
| Joshua A. Feltman | Creditors Rights Associate since 2002/8 months at Applicant/admitted to N.J. Bar in 2003; admission to NY pending | $230 | 5.60 | $1,288.00 |
| Beth M. Polebaum | Independent Contractor[4]/ admitted to Bar in 1984 | $300 | 7.00 | $2,100.00 |
| Robinson Strauss | Creditors' Rights Paralegal/2 years at Applicant/NA | $125 | 6.40 | $800.00 |
| Elizabeth Grunwald | Reference Librarian/5 years at Applicant/NA | $95 | 1.40 | $133.00 |
| | Total: | | 110.15 | $41,304.75 |
| | Blended Rate: | | | $394.46 per hour |

---

[4] Ms. Polebaum was formerly associated with Applicant for 3 years and has been employed on a matter by matter basis for an additional 3 years.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees | Total Disbursements |
|---|---|---|---|
| Tax Issues<br>    Category 18 | 89.70 | 36,200.50 | 1,046.82 |
| Fee Applications<br>    Category 11 | 13.65 | 3,006.25 | 113.98 |
| Litigation and Litigation Consulting<br>    Category15 | 6.80 | 2,098.00 | 642.72 |
| Total | 110.15 | $41,304.75 | $1,803.52 |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Telecopy | 3.00 |
| Courier Service | 74.43 |
| Duplicating/Scanning Imaging | 13.40 |
| Duplicating | 99.90 |
| Duplicating/Doc Boundries | 0.80 |
| Telecopy—Satellite Stations | 22.00 |
| Local Travel—Attorneys | 152.17 |
| Local Travel—Staff | 10.30 |
| Travel—Night Word Processing | 55.40 |
| Proofreading | 70.00 |
| Westlaw Recovery | 510.21 |
| Lexis Research | 522.06 |
| Meals—Attorneys | 99.10[5] |
| Meals—Paralegals | 34.00 |
| O/S Library | 3.25 |
| O/S Temps—Word Processing | 43.50 |
| Attorney Dinners—In House | 90.00 |
| **TOTAL** | **$1,803.52** |

---

[5] Applicant is charging less than its actual costs in order to remain within the $30 per meal guideline.

Dated:    New York, New York
          June 16, 2003

                                        WACHTELL, LIPTON, ROSEN & KATZ

                                        By
                                           Harold S. Novikoff
                                           A Member of the Firm
                                           51 West 52nd Street
                                           New York, New York  10019
                                           (212) 403-1000

                                        Special Corporate Counsel to the Debtors

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) **Chapter 11** |
| | ) |
| W. R. Grace & Co., et al.,[1] | ) **Case No. 01-01139 (JKF)** |
| | ) |
| | ) **(Jointly Administered)** |
| Debtors. | ) |
| | ) **Objection Deadline: July 8, 2003 at 4:00 p.m.** |
| | ) **Hearing Date: September 22, 2003 at 12:00 p.m.** |

**SECOND SUMMARY INTERIM VERIFIED APPLICATION OF
WACHTELL, LIPTON, ROSEN & KATZ FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL
CORPORATE COUNSEL TO THE DEBTORS FOR THE INTERIM PERIOD
FROM OCTOBER 1, 2002 THROUGH MARCH 31, 2003**

TO THE HONORABLE JUDITH K. FITZGERALD,
UNITED STATES BANKRUPTCY JUDGE:

The application of Wachtell, Lipton, Rosen & Katz respectfully represents:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.) CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a/ Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation , Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation , Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc. ), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc., ), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a/ Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Company.

-1-

1.      Wachtell, Lipton, Rosen & Katz ("Applicant"), as special counsel to debt-

ors and debtors in possession in the above-captioned cases (the "Debtors"), hereby makes appli-

cation to this Court pursuant to Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule

2016 and the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee Mem-

bers, dated May 3, 2001 (the "Interim Compensation Order") and the Amended Administrative

Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compen-

sation and Reimbursement of Expenses for Professionals and Official Committee Members,

dated April 17, 2002 (the "Amended Compensation Order" and, collectively with the Interim

Compensation Order, the "Compensation Orders), for (a) interim approval and allowance of

compensation in the amount of $41,304.75 for 110.15 hours of professional services rendered to

the Debtors during the period commencing on October 1, 2002 and ending on March 31, 2003

(the "Second Summary Fee Period") and (b) reimbursement of $1,803.52 for actual and neces-

sary out-of-pocket expenses incurred by Applicant in connection with the rendition of such

services.

## Background

2.      On April 2, 2001 (the "Filing Date"), the Debtors filed with this Court

their voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code.  By order

of this Court, dated April 2, 2001, the cases are being jointly administered for procedural pur-

poses only.

3.      The Debtors each remain in possession of their assets and continue to op-

erate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bank-

ruptcy Code.

4.      By order of this Court dated May 3, 2001, Applicant's retention by the Debtors as special corporate counsel was authorized nunc pro tunc to April 2, 2001.

5.      Pursuant to the procedures set forth in the Compensation Orders, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Orders.  If no objection is filed to a Monthly Fee Application within twenty days after the date of service of each such Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

6.      Pursuant to the Compensation Orders, professionals are to file and serve upon the Notice Parties a quarterly request (a "Quarterly Fee Application") for interim court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application .  If the Court grants the relied requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay  the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

7.      This is Applicant's Second Summary Fee Application and covers the time period beginning with October 1, 2002 through March 31, 2003. As a result of Applicant's efforts to minimize its time spent preparing fee applications because of the limited nature of its role in these cases, it did not submit a separate quarterly application for the period beginning October

1, 2002 through and including December 31, 2002.  Accordingly, this Second Summary Fee Application provides the information required for both the October through December 2002 period and the January through March 2003 period.  Henceforth, Applicant will abide by the protocols established in this case, filing monthly applications and quarterly summaries.

   8.  Applicant has filed the following Monthly Fee Applications for interim compensation during this fee period.  Applicant did not file a Monthly Fee Application for February 2003 and is not seeking compensation for such period.

    a.  Second Monthly Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period from October 1, 2002 through October 31, 2002;

    b.  Third Monthly Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period from November 1, 2002 through November 30, 2002;

    c.  Fourth Monthly Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period from December 1, 2002 through December 31, 2002;

    d.  Fifth Monthly Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period from January 1, 2003 through January 31, 2003; and

    e.  Sixth Monthly Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period from March 1, 2003 through March 31, 2003.

9.      The period for objecting to the fees and expense reimbursement requested in each of these applications has expired and a Certificate of No Objection for each Application has been filed with the Court.

**Exhibits**

10.     Exhibit A to this Application is the spreadsheet depicting Applicant's categorization of its time for this Second Summary Fee Period as well as cumulative payment requests in this matter.

11.     Exhibit B is a summary setting forth the name of each professional and paraprofessional who worked on this matter during the Second Summary Fee Period, the position with Applicant and the year of admission of each such professional, the aggregate number of hours for each professional of Applicant that represents services to the Debtors during the Second Summary Fee Period, together with the hourly rate and aggregate time charges of such professionals for such services. Exhibit A also breaks down the time spent by each attorney in each project category as described in Paragraphs 15 through 17 below.

12.     Exhibit C to this Application is a detailed breakdown of actual and necessary out-of-pocket expenses incurred by Applicant during the Second Summary Fee Period in connection with the rendition of professional services to the Debtors. Reimbursement of some expenses incurred during the Second Summary Fee Period but not included in Exhibit B may be sought in future applications, because bills for such expenses were not received or Applicant was otherwise unable to process such expenses through its internal accounting procedures before the end of the Second Summary Fee Period. Individual disbursement slips are available for inspection upon request.

- 11 -

13.     Exhibit D to this Application consists of a compilation of daily time records prepared by such professionals showing individually the hours expended and the nature of the professional services rendered to the Debtors by Applicant during the Second Summary Fee Period.

### Professional Services

14.     The services rendered by Applicant during the Second Summary Fee Period can be grouped in the project categories set forth below. Due to the nature of the services provided, Applicant's activities may meet the criteria of more than one project category. Applicant will use its best efforts to be consistent in its use of project categories. In addition, with respect to more significant matters and issues, Applicant's activities for or on behalf of the Debtors during the Second Summary Fee Period are highlighted in narrative form below. The following is not intended to be a complete description of the professional services so rendered by Applicant, but is intended solely to identify certain of the more significant issues and matters. Reference is made to Exhibit D to this Application for a more detailed daily description of professional services rendered.

### A.     Fee/Employment Applications

Fees: $3,006.25;  Total Hours: 13.65;  Expenses: $113.98

15.     This category includes time spent on employment related issues. This category encompasses the time spent drafting and filing Applicant's First Fee Application, filed on November 11, 2002. Applicant's retention during this period, which comprised seventeen months (April 2, 2001 – September 30, 2002) of professional services, required substantial expenditures of time to analyze and categorize Applicant's work during this period. During the

Second Summary Fee Period, Applicant also prepared Monthly Fee Applications for October, 2002 through March, 2003.

**B.     Litigation and Litigation Counseling**

Fees: $2,098.00; Total Hours: 6.80; Expenses: $642.72

16.     This category includes time spent on director and officer insurance matters and research related thereto.

**C.     Tax Issues**

Fees: $36,200.50; Total Hours: 89.70; Expenses: $1,046.82

17.     Our tax work on this matter included the potential tax characterization of payments made by Sealed Air and Fresenius in settlement of asbestos liabilities. In addition, we analyzed a number of potential alternative transactions that would enable the parties to make the settlement payments on a more tax efficient basis. Applicant's advice assisted the estate in properly characterizing, for federal income tax purposes, settlement payments expected to total in excess of $500 million.

18.     Representation of the Debtors during the Second Summary Fee Period has required a high level of skill and experience in the handling of chapter 11 matters. Applicant respectfully submits that it has represented the Debtors with the requisite skill and expertise and that its representation of the Debtors has been of substantial benefit to the creditors represented by the Debtors.

19.     Applicant has at all times been cognizant of the need for economy in this chapter 11 case so as to protect the interests of all creditors. In this regard, Applicant has refrained from expending substantial amounts of time in connection with issues which have arisen in this case unless such matters materially affected the interests of creditors of the Debtors. In

addition, Applicant has avoided duplication of attorney services and has not filed unnecessary objections or responses. Where possible, Applicant has communicated the Debtors' views on pending issues to other parties in interest informally and attempted to resolve differences out of court. Moreover, when in-court hearings have been necessary, Applicant has in most cases relied upon local counsel to attend such hearings thereby obviating the need to send Applicant's attorneys from New York to represent the Debtors' interest.

20.     This Application is submitted pursuant to the Compensation Orders. Applicant is requesting interim approval and allowance of compensation in the amount of $41,304.75 and reimbursement in the amount of $1,803.52 for actual and necessary out-of-pocket expenses incurred during the Second Summary Fee Period.

21.     Applicant has expended 110.15 hours during the Second Summary Fee Period in rendering professional services to the Debtors. As set forth in Exhibit B to this Application, the aggregate time charges accrued by the attorneys who rendered services to the Debtors during the Second Summary Fee Period total $41,304.75. Applicant is herein requesting interim approval and allowance in respect of this amount, with all sums subject to a final fee application to be made at such time as the Court may direct.

22.     Applicant also seeks allowance of reimbursement for actual and necessary out-of-pocket expenses set forth in Exhibit C to this Application in the amount of $1,803.52 incurred by it in connection with the rendition of professional services during the Second Summary Fee Period. Applicant's summary of out-of-pocket expenses is itemized by category of expenses, including, but not limited to, telecopy toll and other charges, mail, messenger services, courier services, conference call operator services, duplicating, travel expenses, "working meals," and computer assisted legal research (CALR). Applicant represents that during the Sec-

ond Summary Fee Period its rate for duplication is $.15 per page[2] and, in accordance with its customary policy, its rate for facsimile transmissions is $1.00 per page (outgoing transmissions only; Applicant does not charge for incoming transmissions). In accordance with Applicant's customary policy, CALR is charged by Applicant at cost, i.e., is limited by the actual amounts billed to, or paid by, Applicant. Costs incurred by Applicant for secretarial overtime, word processing overtime and proofreading overtime are not included in Applicant's normal hourly billing rates and are therefor included — at cost — in Applicant's expenses for which it seeks reimbursement. In accordance with Applicant's customary policy, Applicant's expenses include actual costs for "working meals," which are capped at $30.00 per meal. In this matter, travel time during which work is performed will indicate that fact and will be billed by Applicant at 100%. Travel time during which no work is performed will be separately described and billed at 50%. In this matter Applicant will either not use first class mode of travel or accommodation or will not seek reimbursement for that portion of the travel expenses which exceed coach travel or standard accommodation. In accordance with Applicant's customary policy, costs for car and other services ("local travel") which are incurred by Applicant for its professionals and support staff who are required to work overtime, are billed at cost.

23.    Time spent preparing this fee application is not included within the time for which compensation is sought herein. Allowance of compensation for such time will be sought in subsequent fee applications. No previous allowance has been made to Applicant for the services rendered or expenses incurred in the Second Summary Fee Period as heretofore set forth, nor has Applicant made any previous application therefor to this or any other Court. This is Applicant's Second Summary interim fee application.

---

[2]    Applicant customarily charges its non-bankruptcy clients $.16 per page.

24.     Except as disclosed in Applicant's retention application, no payments have heretofore been made or promised to Applicant for services rendered or to be rendered in any capacity whatsoever in connection with these cases.  Applicant has not shared with any person, or entered into any agreement or understanding to share with any person, compensation received or to be received for services rendered in or in connection with these cases.  No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by Applicant.

25.     The undersigned hereby certifies that he has reviewed the requirements of Del.Bankr.LR 2016-2 and that this Application substantially complies with that Rule.

WHEREFORE, Applicant respectfully requests (i) interim approval and allowance of compensation in the amount of $41,304.75 for professional services rendered to or on behalf of the Debtors during the Second Summary Fee Period and reimbursement of its actual and necessary out-of-pocket expenses in the amount of $1,803.52, (ii) authorization for the Debtors to pay Applicant such sums as permitted pursuant to the Compensation Orders; (iii) authority to seek compensation for preparing this Application in subsequent applications for compensation and (iv) such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
June 16, 2003

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
    Harold S. Novikoff
    A Member of the Firm
    51 West 52nd Street
    New York, New York  10019
    (212) 403-1000

    Special Corporate Counsel to the Debtor