## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re:                                              Chapter 11

    W.R. Grace & Co., et al.                    Case No. 01-01139
                                              **Jointly Administered**
                                              **Objections due by:   July 11, 2003**
                                                **Hearing Date:        July 28, 2003**

## MOTION OF ROBERT COSTA
## AND RONALD THORNBURG FOR RELIEF FROM STAY
## UNDER 11 U.S.C. § 362 OF THE BANKRUPTCY CODE

Robert Costa and Ronald Thornburg ("Costa and Thornburg"), creditors and parties in

interest in the above captioned cases, hereby requests that this Court enter an order granting it

relief from the automatic stay.  In support of this Motion, the Debtors respectfully represent as

follows:

### Jurisdiction

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2).

2.   The statutory predicate for the relief requested herein is section 362 of the

Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

### Background

### A.        The False Claims Act Action

3.   In 1995, Robert Costa and Ronald Thornburg filed a qui tam lawsuit in the United

States District Court for the Northern District of California against W. R. Grace & Co. --

500169_1

1

Connecticut ("W.R. Grace") (a bankruptcy petitioner in this proceeding) and Baker & Taylor,

Inc. (a corporation – not seeking bankruptcy protection – that was formed in 1992 when its

predecessor, Baker & Taylor was spun off from W.R. Grace and sold)[1] under the federal and

California False Claims Acts, alleging that W.R. Grace -- Connecticut (through one of its

divisions, Baker & Taylor, a book wholesaler) and, later, Baker & Taylor, Inc. (the spin-off

successor to Baker & Taylor) had defrauded public libraries and the federal government by

knowingly overcharging public entities for the purchase of books.  Costa and Thornburg's

complaint alleged that defendants engaged in a pattern of fraud that began at Baker & Taylor

prior to 1985 and that was continued by Baker & Taylor, Inc. after it spun off from W.R. Grace

in 1992.  In separate orders, first Thornburg and then Costa were dismissed from the False

Claims Act action they initiated on procedural grounds.  Although they petitioned the district

court to grant them opportunity pursuant to Federal Rule of Civil Procedure 54(b) to immediately

appeal of their dismissals, their request was rejected.  Consequently, their right to appeal will not

become ripe until final judgment has been entered on all claims as to all parties.

    4.  In 2000, after Costa was dismissed from the action, defendants W.R. Grace and Baker

& Taylor, Inc. reached settlement with the United States and California as to all liabilities that

flowed between the defendants and the government entities on whose behalf Costa and

Thornburg originally filed suit.  Pursuant to those settlement agreements, W.R. Grace and Baker

---

[1] The False Claims Act case is captioned United States of America ex rel. Robert Costa
and Ronald Thornburg and State of California ex rel. Robert Costa and Ronald Thornburg v.
Baker & Taylor, Inc., d/b/a Baker & Taylor Books ("Baker & Taylor") and W.R. Grace & Co. --
Connecticut ("W.R. Grace"), CIVIL NO. 95-1825(vrw).  Costa and Thornburg sued Baker &
Taylor and W.R. Grace on behalf of the United States and the State of California. Although the
caption appears as if it is two cases, it is one action filed in Federal District Court.

& Taylor, Inc. have already satisfied all financial terms of their commitments to the United

States and California. Defendants refused, however, to sign the settlement agreements that they

negotiated with the governments until it was clear that a federal criminal investigation against

them that had arisen as a result of the False Claims Act lawsuit was closed. As a result, the

federal False Claims Act lawsuit remained pending, and Costa's and Thornburg's right to file an

appeal without leave of the district court never became established.

    5.  Before final notice of settlement was provided to the district court, W.R. Grace filed

its petition for bankruptcy. On June 25, 2001, upon learning that a bankruptcy petition had been

filed, the district court responsible for the False Claims Act lawsuit <u>sua</u> <u>sponte</u> entered a stay of

all proceedings associated with the False Claims Act lawsuit. As a result, Costa and Thornburg's

procedural right to appeal has never become ripe, notwithstanding the fact that – for all intents

and purposes – issues of defendants' liability to all of the remaining plaintiffs in that action were

long ago full settled and paid.

    **B.    The Relationship of the False Claims Act Defendants to This Bankruptcy
            Proceeding.**

    6.  Prior to 1991, Baker & Taylor conducted its book wholesaling business as an

unincorporated division of W.R. Grace, Connecticut (a petitioner in the current bankruptcy).

Until that time, the acts of Baker & Taylor were thus also the acts of it parent company, W.R.

Grace. In March, 1992, shortly after Baker & Taylor, Inc. became separately incorporated so

that it could be sold, the company was sold by W.R. Grace to the Carlyle Group and members of

Baker & Taylor Book's prior management. Since March, 1992, Baker & Taylor, Inc. thus has

been liable as an independent and distinct company for the fraud it committed against the United

States and the State of California, in continuation of schemes that were initiated by the original

Baker & Taylor.

### C.    The False Claims Act Case Settled Almost Four Years Ago.

7.    Both the debtor, W.R. Grace & Co. -- Connecticut, and the non-debtor co-defendant,

Baker & Taylor, Inc., have already paid settlements to the United States and to the State of

California.  In 1999, the United States and Baker & Taylor, Inc., settled the False Claims Act

lawsuit brought by Costa and Thornburg on behalf of the United States.  Baker & Taylor, Inc.,

paid the United States of America three million dollars ($3,000,000.00).   See Exhibit 1, United

States Department of Justice Press Release dated June 28, 1999 announcing settlement of

allegations of overcharging schools and libraries for books.

8.    In August, 2000, the State of California and Baker & Taylor, Inc., and its former

owner W.R. Grace & Co., settled the lawsuit brought by Costa and Thornburg on behalf of the

State of California.  W.R. Grace and Baker & Taylor paid the State of California four million

dollars ($4,000,000) to settle the claims of that state.  See Exhibit 2, State of California Office of

the Attorney General Press Release dated August 2, 2000 announcing settlement involving Baker

& Taylor's fraudulent book pricing scheme.    In addition, W.R. Grace agreed to pay the United

States three million dollars ($3,000,000) to settle its own liability to the federal government.

Both the United States and the State of California have been paid the agreed settlement amounts.

9.    Although Baker & Taylor and W.R. Grace settled the False Claims Act cases and

paid the United States and California (as well as the sixteen other state plaintiffs), the case was

never dismissed because W.R. Grace and Baker & Taylor refused to sign a settlement agreement

until the threat of criminal prosecution for their fraud had passed.  W.R. Grace and Baker &

Taylor, Inc. likewise refused to pay attorneys fees and expenses due Relators Costa and

Thornburg under the federal and state False Claim Acts, because Costa and Thornburg had been

dismissed by the district court and had not yet been able to appeal.  Thereafter, W.R. Grace

declared bankruptcy, and all remaining claims against it and Baker & Taylor, Inc. have since

been stayed.

10. For almost four years, Costa and Thornburg have been prevented from filing an

appeal due to the lack of a final judgment and the automatic stay entered pursuant to 11 U.S.C.

§362.

### **Relief Requested**

11. Costa and Thornburg request that the automatic stay entered pursuant to 11 U.S.C. §

362 be lifted as to the False Claims Act action that they filed so that final judgment may be

entered in a federal False Claims Act action in which they are parties, thus permitting them to

appeal their improper dismissal from that action and establish their statutory right to recover their

attorneys' fees and expenses in bringing that action on behalf of the United States and California

(which have already been fully paid by the defendants).   Specifically, lifting of the stay will

permit Costa and Thornburg to pursue an appeal of their dismissal from that otherwise settled

action and, if successful, to pursue collection against the non-bankrupt defendant and to fix the

amount owed them by the bankruptcy petitioner in this action, W.R. Grace – Connecticut.

12. So that their own claim to be paid statutory attorneys' fees and expenses under the

False Claims Act does not continue to be unfairly delayed, Costa and Thornburg seek a lifting of

the bankruptcy stay as it applies to the False Claims Act action.   The requested relief will permit

Costa and Thornburg to ask the district court to enter final judgment in the False Claims Act

500169_1

matter so that they can perfect their right to appeal their own interest in that matter vis-a-vis both

W.R. Grace and Baker & Taylor Books, Inc. to the United States Court of Appeals for the Ninth

Circuit

### Basis for Relief

A.    **FALSE CLAIMS ACT CASES ARE EXEMPT FROM THE AUTOMATIC STAY**

13. As stated in U.S. ex rel. Doe v. X, Inc., 246 B.R. 817, 818 (E.D. Va. 2000):

The automatic stay provision of 11 U.S.C. §362(b), states, in pertinent part, that the automatic stay does not apply to:
"the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's ... police or regulatory power."

A False Claims Act lawsuit fits within this exception because it is a proceeding by a government

unit to enforce that unit's "police and regulatory power." Id; see also, In re Universal Life

Church, Inc., 128 F.3d 1294, 1298 (9th Cir. 1997) (a civil suit brought pursuant to the Federal

False Claims Act is sufficient to satisfy the section 362(b)(4) exception), citing United States v.

Commonwealth Cos. (In Re Commonwealth Cos.), 913 F.2d 518 (8th Cir.1990) (stating that a

False Claims Act suit is a substantial and legitimate exercise of the government's police power

which is exempt from the automatic stay.); United States ex rel. Doe v. X, Inc., 246 B.R. at 820

(E.D. Va. 2000)(stating that False Claims Act suit is brought by a governmental unit for the

purposes of  § 362(b)(4)'s police powers exception even when the United States has not made its

intervention election.).

14. The police power exception exempts Costa and Thornburg's False Claims Act case

from the automatic stay.  The reason that no plaintiff government entity has asked for relief from

the automatic stay is not surprisingly -- each such plaintiff has already been paid.  (The district

court did not enter the automatic stay until eight months after Baker & Taylor, Inc. and W.R.

Grace Co. paid $18.5 million dollars to settle their claims with the United States, California and

16 other states.)   As stated above, the initial reason that Costa and Thornburg have not been able

to appeal is because a final judgment is lacking as a result of W.R. Grace's and Baker & Taylor,

Inc.'s refusal to sign their settlement agreement with the United States until the threat of criminal

prosecution for their fraud has passed.   In addition to their refusal, both Baker & Taylor, Inc.

and W.R. Grace and have been able to further avoid completion of this case due to the automatic

stay that the district court entered <u>sua</u> <u>sponte</u> once W.R. Grace filed for bankruptcy.

15. Under both the federal and state False Claim Acts, Costa and Thornburg are entitled

to reasonable attorney's fees, costs, and expenses in connection with their False Claim Act case.

In <u>U.S. ex rel. Marcus v. NBI, Inc.</u>, 142 B.R. 1 (D.D.C.,1992,) the court lifted the stay and

granted the relator's application for reasonable attorneys' fees, costs and expenses in connection

with a false claims act case.  The court held that:

> "... a governmental action to fix reasonable attorneys' fees, costs and expenses falls
> within the § 362(b)(4) exception to the automatic stay provision of the Bankruptcy Code,
> 11 U.S.C. § 362(a), provided the action is pursuant to the police or regulatory powers of
> that governmental unit. In addition, when an action is brought by a private plaintiff, the
> action is excepted from the automatic stay so long as the action is a "continuation" of and
> integral to a proceeding that is excepted from the automatic stay."

142 B.R. at 4.


**B.    LIFTING OF THE STAY WILL ALLOW COSTA AND THORNBURG TO
        PROCEED AGAINST A  SOLVENT CO-DEFENDANT.**

16. "It is well established that stays pursuant to §362(a) are limited to debtors and do not

encompass non bankrupt codefendants." <u>Teachers Ins. & Annuity Ass'n of America v. Butler</u>, 803 F.2d 61, 65 (2d Cir.1986).  "In the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants." <u>In re Delta Airlines</u>, 310 F.3d 953, 956 (6th Cir. 2002), *citing* <u>Parry v. Mohawk Motors of Michigan, Inc.</u>, 236 F.3d 299, 314 (6th Cir.2000), *cert. denied,* 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001).

17. Under the False Claims Act, Baker & Taylor, Inc., a solvent codefendant, is jointly <u>and</u> severally liable for their continuation of the fraud since they were incorporated in 1992.  As explained in <u>United States ex rel. Wiser v. Geriatric Psychological Services, Inc.</u>:

> "Where one or more persons have committed a fraud upon the government in violation of the [False Claims Act], each is jointly and severally liable for the ... statutory penalty." <u>Mortgages, Inc. v. United States District Court for the District of Nevada</u>, 934 F.2d 209, 212 (9th Cir.1991); see also <u>United States v. Cabrera-Diaz</u>, 106 F.Supp.2d 234, 242 (D.P.R.2000) (citing cases).
> . . .
> Joint and several liability always poses a risk of unfair or uneven treatment of defendants. However, joint and several liability not only exists under the False Claims Act, <u>but defendants have no right of contribution or indemnification under the False Claims Act despite the potential unfairness they may suffer without such rights</u>. 934 F.2d at 212- 14.

<u>United States ex rel. Wiser v. Geriatric Psychological Services, Inc.</u>,  2001 WL 286838,  (D.Md.) (emphasis added.)   If the automatic stay is lifted and Baker & Taylor, Inc. has to pay the reasonable attorneys' fees, expenses and costs of Relators Costa and Thornburg, Baker & Taylor, Inc. will not have a right of contribution or indemnification from W.R. Grace.

## C.    LIFTING OF THE STAY WILL <u>NOT</u> ALLOW COSTA AND THORNBURG TO SEEK COLLECTION FROM W.R. GRACE – CONNECTICUT.

18. Costa and Thornburg are <u>not</u> requesting in this motion that their right actually to collect payment of attorneys' fees and expenses from W.R. Grace & Co. – Connecticut be exempted from these bankruptcy proceedings.  Rather, with respect to W.R. Grace & Co. –

500169_1

Connecticut, it is their current objective merely to ensure that they be given an opportunity to establish on appeal the validity of their claim to such payment and, in accordance with the decision of the district court in  U.S. ex rel. Marcus v. NBI, Inc. , supra, to fix the appropriate amount of that liability.  Granting the relief Costa and Thornburg request thus will not only insure that Baker & Taylor, Inc. cannot continue to evade claims against it as a result of a co-defendant's bankruptcy.  It will also ensure that W.R.. Grace cannot later complain that, because it was not a party to any appeal, it should not be bound by the outcome on liability issues of the appeal Costa and Thornburg are seeking.

WHEREFORE, to the extent that the automatic stay is applicable, for all the reasons set forth above, Costa and Thornburg respectfully request that the automatic stay be lifted in the matter of  United States of America ex rel. Robert Costa and Ronald Thornburg and State of California ex rel. Robert Costa and Ronald Thornburg v. Baker & Taylor, Inc., d/b/a Baker & Taylor Books ("Baker & Taylor") and W.R. Grace & Co. -- Connecticut ("W.R. Grace"), CIVIL NO. 95-1825(vrw), so that they can pursue their appeal, collect from the non-bankrupt co-defendant Baker & Taylor, Inc., and establish the validity and extent of their claim in bankruptcy against W.R. Grace & Co. – Connecticut.

Dated: June 20, 2003

Dilworth Paxson LLP

By:    /s/ Martin J. Weis
       Martin J. Weis (DE No. 4333)
       Derrick A. Dyer (WI 10238)
       First Federal Plaza
       Suite 500
       Wilmington, DE 19801
       (302) 571-9800

and

PHILLIPS & COHEN, LLP


Peter W. Chatfield
Phillips & Cohen LLP
2000 Massachusetts Avenue, NW
Washington, D.C.  20036
(202) 833-4567
(202) 833-1815 Fax

500169_1