**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**NOTICE OF EIGHTH INTERIM VERIFIED FEE APPLICATION OF**
**WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR FOR ALLOWANCE**
**OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Warren H. Smith & Associates, P.C. |
| Authorized to Provide Services: | As Fee Auditor to the Estates |
| Date of Retention: | March 18, 2002 |
| Period for Which Compensation and Reimbursement is Sought: | January 1, 2003 through March 31, 2003 |
| Amount of Compensation Requested: | $102,962.00 |
| Amount of Expense Reimbursement Requested: | $   1,631.18 |
| Amount of Compensation Requested Less Holdback: | $ 82,369.60 |
| Amount of Compensation Paid For Applicable Period: | $       0.00 |
| Amount of Expenses Reimbursed For Applicable Period: | $       0.00 |
| Total Amount of Holdback Fees in Aggregate: | $ 92,299.60 |

**CUMULATIVE SUMMARY OF INTERIM APPLICATIONS OF WARREN H. SMITH & ASSOCIATES, P.C. FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2003 THROUGH MARCH 31, 2003:**

| Filing Date; Docket No. | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date; Docket No. | Amount of Fees Paid (80%) | Amount of Expenses paid (100%) | Amount of % Hold back Fees Sought |
|---|---|---|---|---|---|---|
| 2/17/03 3416 | $44,241.50 | $623.83 | 3/21/03 3538 | $35,393.20 | $623.83 | $8,848.00 |
| 3/21/03 3537 | $39,854.50 | $930.68 | 04/14/03 3663 | $31,883.52 | $930.68 | $7,970.90 |
| 4/18/03 3682 | $18,866.00 | $76.67 | 05/28/03 3835 | $15,092.80 | $76.67 | $3,773.20 |
| Total | $102,962.00 | $1,631.18 | | $82,369.52 | $1,631.18 | $20,592.40 |

**CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY:**

| Project Category | Total Hours For The Period 1/1/03 through 3/31/03 | Total Hours from the Petition Date | Total Fees For The Period 1/1/03 through 3/31/03 | Total Fees From The Petition Date |
|---|---|---|---|---|
| Accounting/Auditing | 802.60 | 3,284.20 | $102,896.00 | $480,575.92 |
| Fee Application | 0.6 | 9.0 | $66.00 | $922.10 |
| Total | 803.20 | 3,293.20 | $102,962.00 | $481,498.20 |

**CUMULATIVE EXPENSE SUMMARY:**

| Expense Category | Total Expenses for the Period 01/1/03 through 03/31/03 | Total Expense From The Petition Date |
|---|---|---|
| Copying Cost | $195.60 | $2,238.15 |
| Long Distance | $6.71 | $42.81 |
| Third Party Copies & Document Mailing | $995.56 | $2,653.38 |
| Postage | $70.85 | $801.22 |
| PACER Research | $362.46 | $960.75 |
| **TOTAL** | **$1,631.18** | **$6,696.31** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**EIGHTH INTERIM VERIFIED FEE APPLICATION OF**
**WARREN H. SMITH & ASSOCIATES, P.C. AS FEE AUDITOR FOR ALLOWANCE**
**OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

Pursuant to 11 U.S.C. ′′ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, dated November 30, 2000 (the AAdministrative Order@), and the Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Allowance of Payment of Compensation and Reimbursement of Expenses of Applicants and Consideration of Fee Applications, dated March 18, 2002 (the AFee Auditor Order@), the law firm of Warren H. Smith & Associates, P.C. ("WHS") hereby files this Eight Interim Verified Fee Application of Warren H. Smith & Associates, P.C. as Fee Auditor for Allowance of Compensation and for Reimbursement of Expenses (the AApplication@). By this Application, WHS seeks that this Honorable Court award it reasonable compensation for professional legal services rendered as fee auditor for the estates of W. R. Grace & Co., et al. ("Debtors") in the amount of $102,962.00, together with reimbursement for actual and necessary expenses incurred in the amount of $1,631.18, for the period commencing January 1, 2003 through March 31, 2003 (the "Interim Period"). In support of its Application, WHS respectfully states as follows:

**Background**

1. On April 2, 2001, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Code"), 11 U.S.C. ' ' 101 et. seq., as amended. The Debtors continued in possession of their assets and were authorized to operate and manage their respective businesses pursuant to Bankruptcy Code ' ' 1107 and 1108.

2. On March 18, 2002, this Court signed the Fee Auditor Order, approving the retention of WHS as fee auditor for the Debtors. The Fee Auditor Order authorized WHS to be compensated: "the lesser of (a) the ordinary hourly rate of the Fee Auditor for services of this nature or (b) 1% of the aggregate Applicant billings (fees and expenses) reviewed by the Fee Auditor that are subject to this Order over the life of these Chapter 11 Cases."

**Compensation Paid and its Source**

3. All services for which compensation is requested by WHS were performed for or on behalf of the bankruptcy estate and the Debtors and not on behalf of any committee, creditor or other person.

4. Other than interim payments from the Debtors set forth in the notice, above, WHS has received no payment or promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases, and there is no agreement or understanding between WHS and any other person other than members of the firm for the sharing of compensation to be received for services rendered in these cases.

**Summary of Services**

5. Attached hereto as Exhibit B are WHS=s billing statements for the Interim Period. These statements contain detailed daily time logs describing the time expended by each attorney and para-professional for the Interim Period.

6.      To the best of WHS=s knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of thee United State Trustee, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the Administrative Order.

7.      During the Interim Period, WHS spent 0.60 hours of time for $66.00 in fees seeking its own compensation.  The professionals of WHS whom have rendered professional services to the Debtors during the Interim Period are Warren H. Smith, Mark Steirer, Gloria Garcia, Yolanda Guzman, Brian Duff and Amber Willingham.  The para-professionals of WHS whom have rendered professional services to the Debtors in these cases during the Interim Period are James Wehrmann, LaVern Ferdinand, Cheryl McKinnon, Colleen Canion, Doreen Williams, Kristi Young, Alexa Parnell, Charles Shanks, Steve Bossay and Jeff Allgood.

## Disbursements

8.      WHS has incurred $1,631.18 in disbursements for the Interim Period for copies, postage, long distance, Pacer research and third party copies and document mailing expenses.

## Valuation of Services

9.    The rates charged by each professional during the Interim Period are set forth in Exhibit A.  These rates are equal to or below WHS's normal hourly rates of compensation for work of this character.  Attorneys and para-professionals of WHS have expended a total of 803.20 hours in connection with this matter during the Interim Period.  The reasonable value of the services rendered by WHS for the Interim Period in these cases under Chapter 11 is $102,962.00.

10.   In accordance with the factors enumerated in 11 U.S.C. ' 330, the amount of fees and expenses requested by WHS is fair and reasonable given (a) the complexity of these cases, (b) the

time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, WHS has reviewed the requirements of Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and believes that this application complies with that rule.

WHEREFORE, WHS respectfully requests that an allowance be made to it in the amount of $102,962.00 as compensation for necessary professional services rendered, and the sum of $1,631.18 as reimbursement of actual necessary costs and expenses, for a total of $104,593.18, for the period commencing January 1, 2003 through March 31, 2003, that such sums be authorized for payment, and for such other and further relief as this Court may deem just and proper.

Dated:   June 23, 2003

WARREN H. SMITH & ASSOCIATES, P.C.

_____
Warren H. Smith

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
(214) 698-3868
(214) 722-0081 FAX
whsmith@whsmithlaw.com

## CERTIFICATE OF SERVICE

  I, Warren H. Smith, caused the preceding report to be served by <u>First Class United States mail</u> on the persons on the service list attached to the original on file, this 23rd day of June 2003. Copies of the service list may be obtained by contacting the undersigned.

*[signature]*

--------

           Warren H. Smith

# **V**E**RI**F**ICA**T**I**O**N**

| | |
|---|---|
| STATE OF TEXAS | ' |
| | '   SS: |
| COUNTY OF DALLAS | ' |

Warren H. Smith, after being duly sworn according to law, deposes and says:

1. I am the principal in the applicant firm, Warren H. Smith & Associates, P.C., and have been admitted to the bar of the Supreme Court of Texas since 1987.

2. I have personally performed many of the services rendered by Warren H. Smith & Associates, P.C. as fee auditor in these cases and am thoroughly familiar with all other work performed by the professionals in the firm.

3. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and submit that the Application substantially complies with such rule.

Warren H. Smith

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, on the 23rd day of June 2003.

Notary Public, State of Texas
My commission expires: 03/29/04

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**ORDER APPROVING EIGHTH INTERIM**
**VERIFIED FEE APPLICATION OF WARREN H. SMITH & ASSOCIATES, P.C.**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this _____ day of _____, 2003, upon the Eighth Interim Verified Fee Application of Warren H. Smith & Associates, P.C. for Allowance of Compensation and Reimbursement of Expenses (the "Application") dated June 23, 2003, the Court having been satisfied that the interim compensation and reimbursement requested therein is reasonable and justified given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services and (e) the costs of comparable services in cases other than cases under Title 11, and after notice and a hearing;

IT IS HEREBY ORDERED that the Application is approved and that the Debtors, or their successors in interest, are authorized and directed to pay to Warren H. Smith & Associates, P.C. the sum of $102,962.00 as compensation for necessary professional services rendered for the period January 1, 2003 through March 31, 2003, and the sum of $1,631.18 for reimbursement of actual and necessary costs and expenses incurred for the same period.

_____
United States Bankruptcy Judge

Service List

**The Debtors**
David B. Siegel, Esquire
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia MD 21044

**The Judge**
Honorable Judith K. Fitzgerald
590 US Steel Tower
600 Grant Street
Pittsburg, PA 15219

**Co-Counsel for the Debtors**
James H.M. Sprayregen, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Laura Davis Jones, Esquire
David Carickhoff, Esquire
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 Market Street, Suite 1600
Wilmington, DE  19801

**Co-Counsel to the Debtor-in-Possession**

J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago IL 60606

Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue
Wilmington, DE 19801

**Counsel to the Official Committee of Unsecured Creditors**

Lewis Kruger, Esquire
Stroock Stroock and Lavan
180 Maiden Lane
New York NY 10038-4982
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE  19801-1246

**Counsel to the Official Committee of Asbestos Property Damage Claimants**

Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami FL 33131

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P. O. Box  1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 36th Floor
New York, NY  10022

Matthew G. Zaleski, III, Esquire
Campbell & Levine
Chase Manhatten Centre, 15th Floor.
1201 N. Market Street, Suite 1500
Wilmington, DE  19801

**The Official Committee of Equity Holders**
Philip Bently, Esquire
Kramer, Levin, Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esquire
Klett Rooney Leber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 1980

**The Office of the United States Trustee**

Frank J. Perch, Esquire
Office of the U.S. Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**Exhibit A**

| Name of Professional | Position, No. of Years in that Position, Year Licensed | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Warren H. Smith | Principal of firm formed in 2001. Member Texas Bar since 1987, Illinois Bar since 1979 | $275 | 24 | $6,600.00 |
| Mark W. Steirer | Member of Texas Bar since 1991 | $200 | 6.1 | $1,220.00 |
| Amber Willingham | Member of Oklahoma Bar since 1995 | $190 | 25.40 | $4,826.00 |
| Doreen T Williams | Legal Assistant since 1982. | $135 | 69.00 | $9,315.00 |
| James Wehrmann | Legal Assistant since 1989 | $135 | 32.80 | $4,428.00 |
| LaVern Ferdinand | Paralegal since 1998 | $150 | 109.60 | $16,440.00 |
| Gloria F. Garcia | Member of Texas Bar since 2002 | $125 | 52.7 | $6,587.50 |
| Colleen Canion | Legal Assistant since 1987 | $120 | 4.0 | $480.00 |
| Steve Bossay | Legal Assistant since 2002 | $110 | 390.10 | $42,911.00 |
| Alexa Parnell | Legal Assistant since 1984 | $135 | .60 | $81.00 |
| Kristi R. Young | Legal Assistant since 1992 | $100 | 18.60 | $1,860.00 |
| Kevin Wright | Legal Assistant since 2002 | $125 | 16.80 | $2,100.00 |
| Yolanda Guzman | Member of Texas Bar since 2002 | $150 | 17.70 | $2,655.00 |
| Cheryl McKinnon | Legal Assistant since 1994 | $110 | 2.60 | $286.00 |
| Charles Shanks | Paralegal since 2002 | $125 | 11.90 | $1,487.50 |
| Jeff Allgood | Law Clerk since 2000 | $40 | 11.50 | $460.00 |
| Brian Duff | Member of Texas Bar since 1992 | $125 | 9.80 | $1,225.00 |
|  |  |  | 803.20 | $102,962.00 |

Total Hours            803.20

Total Fees            $ 102,962.00

Blended Rate          $128.19

# Exhibit B

**(see attached)**