IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: July 11, 2003 at 4:00 p.m.**
**Hearing Date: July 28, 2003 at 12:00 p.m.**

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(B) FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027

The above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") hereby move the Court pursuant to Fed. R. Bankr. P. 9006(b) for entry of an order to

further extend the period within which the Debtors may remove actions pursuant to 28 U.S.C.

§ 1452 and Fed. R. Bankr. P. 9027 through and including January 31, 2004. In support of this

Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Background

1.      On April 2, 2001, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), which have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession (collectively, the "Chapter 11 Cases").[2]

2.      On January 10, 2003 the Debtors sought authority to further extend the period (the "Removal Period") within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 through and including June 30, 2003 (the "Fourth Removal Extension Motion").  On March 3, 2003, the Court entered an order granting the Fourth Removal Extension Motion (the "Fourth Removal Extension Order").  The Fourth Removal Extension Order also specifically reserved for the Debtors and the Non-Debtor Affiliates the right to seek further extensions of time within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions.

## Relief Requested

3.      By this Motion, the Debtors request the entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further extending through and including January 31, 2004, the Removal Period, within which the Debtors or the Non-Debtor Affiliates, as the case may be, may

---

[2]  Any capitalized terms not defined herein shall have the meaning ascribed to them in either the Removal Extension Motion and Second Removal Extension Motion (as defined herein), as the case may be.

file notices of removal with respect to any Actions that are subject to removal under

28 U.S.C. § 1452, to the extent that any such time periods expire on or before January 31, 2004.

The Debtors have a number of non-debtor affiliates (the "Non-Debtor Affiliates"), including, but

not limited to, non-debtor subsidiaries and certain "Affiliated Entities", as that term is defined in

the Order Granting Preliminary Injunction, entered by this Court on May 3, 2001.

   4.  The Debtors further request that the order requested herein be without

prejudice to (i) any position the Debtors or the Non-Debtor Affiliates may take regarding

whether section 362(b) of the Bankruptcy Code applies to stay any Actions; and (ii) the right of

the Debtors and/or the Non-Debtor Affiliates to seek future extensions of time to remove any and

all Actions.

### Basis For Relief

   5.  Section 1452 of Title 28 of the United States Code and Fed. R. Bankr. P.

9027 govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a
> civil action by a governmental unit to enforce such governmental
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of
> this title.

28 U.S.C. § 1452(a).  Fed. R. Bankr. P. 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed only within the longest of (A) 90 days after
> the order for relief in the case under the Code, (B) 30 days after
> entry of an order terminating a stay, if the claim or cause of action
> in a civil action has been stayed under § 362 of the Code, or (C) 30

> days after a trustee qualifies in a chapter 11 reorganization case but
> not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Fed. R. Bankr. P. 9027(a)(3)

provides that a notice of removal may be filed with the clerk:

> only within the shorter of (A) 30 days after receipt, through service
> or otherwise, of a copy of the initial pleading setting forth the
> claim or cause of action sought to be removed, or (B) 30 days after
> receipt of the summons if the initial pleading has been filed with
> the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

6.      Fed. R. Bankr. P. 9006(b) provides that the court may extend unexpired

time periods, such as the Debtors' removal period, without notice:

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1). Accordingly, this Court is authorized to grant the relief requested

herein. See In re Saint Joseph's Hosp., 103 B.R. 643 (Bankr. E.D. Pa. 1989) (court extended the

time period in which to seek removal of pending state court litigation); Jandous Electric Constr.

Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y.

1989) (period in which to file motion to remove may be expanded pursuant to

Fed. R. Bankr. P. 9006).

7.      One or more of the Debtors are named defendants in approximately

65,000 asbestos-related lawsuits in various state and federal courts involving approximately

232,000 different individual claims (the "Asbestos Actions"). One or more Non-Debtor

4

Affiliates also are named defendants in approximately eight asbestos-related fraudulent conveyance actions in various state and federal courts that also involve large numbers of individual claims (the "Fraudulent Conveyance Actions"). There are also numerous other lawsuits, including, but not limited to environmental actions, in which one or more of the Debtors and/or the Non-Debtor Affiliates are named defendants in various state and federal courts (the "Miscellaneous Actions"). Many of these Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions were filed prior to the Petition Date (the "Prepetition Actions").

        8.      Since the Petition Date, a number of additional Asbestos Actions, Fraudulent Conveyance Actions and Miscellaneous Actions have been filed and are continuing to be filed (the "Postpetition Actions", collectively with the Prepetition Actions, the "Actions"). The Debtor and the Non-Debtor Affiliates believe that these Postpetition Actions are void because they were filed in violation of the automatic stay provisions of section 362(a) of the Bankruptcy Code and reserve the right to subsequently assert such a defense in these Chapter 11 Cases or in any other appropriate forum.

        9.      The Debtors have worked diligently in conjunction with a number of constituencies in these Chapter 11 Cases to advance the Chapter 11 Cases, and, as a result, substantial progress has been made in establishing a framework within which to resolve the Actions and various other claims against the Debtors. Indeed, since the Fourth Removal Extension Motion was filed on January 10, 2003, there have been a number of developments regarding the "Science Trial," a forum established by this Court to resolve factual questions

about the scientific risks of Zonolite attic insulation ("ZAI") and whether it may lead to liability

in these Chapter 11 Cases. In particular, on June 18, 2002, this Court entered a Science Trial

scheduling order, revised by the modified scheduling order entered on July 22, 2002. On

November 25, 2002, at the request of the ZAI claimants, this Court further amended the Science

Trial schedule in its Amended Order (the "November 25 Order").

   10. As set forth in the November 25 Order, fact discovery for the Science

Trial ended on February 28, 2003. Both the ZAI claimants' expert reports and the Debtors'

expert reports have been completed and served. Depositions of the ZAI claimants' experts and

depositions of the Debtors' experts were completed recently. The parties may file Rule 42

consolidation motions together with related Daubert/summary judgment motions by July 7,

2003. Responses are due on August 8, 2003, and replies (limited to 10 pages) are due on August

18, 2003. A hearing on the motions is currently scheduled to commence on September 16, 2003.

   11. By another order dated April 25, 2002, this Court also has set a claims bar

date of March 31, 2003 (the "Bar Date"), for all claims relating to asbestos property damage,

non-asbestos claims (including all governmental claims) and medical monitoring claims. Over

15,000 claims were filed by the Bar Date. With the Bar Date having passed, the Debtors and

their professionals are in the process of reviewing the filed claims and preparing claims

objections. A Personal Injury Claims bar date, however, has yet to be set, and other related

issues raised by the Debtors' case management motions also remain unresolved. The Debtors

and other constituents have briefed Judge Wolin on how best to resolve the Personal Injury

Claims and the procedures for doing so.

12.    Other progress has also been made in these Chapter 11 Cases since the

Fourth Removal Extension Motion was filed.  In particular, the parties in the fraudulent transfer

actions filed by the official asbestos committees in these Chapter 11 Cases (Adversary

Proceeding Nos. 02-2210 and 02-2211) have expended substantial time and effort negotiating

agreements memorializing the settlements with Sealed Air Corporation and Fresenius Medical

Care AG ("Fresenius") reached on November 29, 2002.  The parties, including Grace, have

executed the settlement agreement with Fresenius.  The motion seeking approval of the Fresenius

settlement was filed on April 15, 2003 in Adversary Proceeding 02-2211 (Docket No. 16) and a

certificate of no objection was filed on May 20, 2003 (Docket No. 17).  The parties are still

negotiating the terms of the Sealed Air settlement agreement.

13.    The litigation described above should streamline the claims adjudication

process.  While this litigation will not completely eliminate the Debtors' need to preserve the

option to remove Actions to this Court, it should minimize the need to do so.  Nonetheless, until

the claims arising from the Actions have been resolved, whether through this litigation protocol

or otherwise, the Debtors must preserve the option of removing Actions to this Court.

14.    The Debtors submit that further extending the Removal Period through

and including January 31, 2004, to protect their right to remove any Actions that are discovered

through the Debtors' investigation and the claims review process is both prudent and necessary

and in the best interests of the Debtors, their estates and their creditors.  This extension will

afford the Debtors and the Non-Debtor Affiliates an opportunity to make fully informed

decisions concerning removal of all Actions and will assure that the Debtors and the Non-Debtor

Affiliates do not forfeit valuable rights under 28 U.S.C. § 1452. Furthermore, the rights of the

Debtors' adversaries will not be prejudiced by such an extension because, in the event that a

matter is removed, the other parties to such Action(s) sought to be removed may seek to have the

action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

## Notice

15.     Notice of this Motion has been given to (i) the Office of the United States

Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee

appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R.

Bankr. P. 2002.

## No Prior Request

16.     No prior motion for the relief requested herein has been made to this or

any other Court. The Debtors submit that no further notice or a hearing is necessary for this

Court to enter an order granting the relief requested by this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, further extending the Removal Period, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions pursuant to 28 U.S.C. § 1452, through and including January 31, 2004, to the extent that such time periods may expire prior to January 31, 2004.

Dated: June 23, 2003

> KIRKLAND & ELLIS
> David M. Bernick, P.C.
> Janet S. Baer
> James W. Kapp III
> Christian J. Lane
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
> WEINTRAUB P.C.
>
>
> Laura Davis Jones (Bar No. 2436)
> Scotta McFarland (Bar No. 4184)
> Paula A. Galbraith (Bar No. 4258)
> 919 North Market Street, 16th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Re: Docket No. _____

**ORDER PURSUANT TO FED. R. BANKR. P. 9006(b)**
**FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY**
**REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

Upon the motion of the above captioned debtors and debtors-in-possession

(collectively, the "Debtors")[2] for entry of an order pursuant to Fed. R. Bankr. P. 9006(b) further

extending the period within which Debtors may remove actions pursuant to 28 U.S.C. § 1452

and Fed. R. Bankr. P. 9027 (the "Motion"); and it appearing that this Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Any capitalized term not defined in this Order shall have the meaning ascribed to it in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and

this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been given; and after due deliberation and it appearing that

sufficient cause exists for granting the requested relief and that the relief requested under the

Motion is in the best interests of the Debtors' estates and creditors; it is hereby

ORDERED that, to the extent that any time periods provided by Fed. R. Bankr. P.

9027, within which the Debtors and the Non-Debtor Affiliates may remove any and all Actions,

expire on or before January 31, 2004, such time periods are enlarged and extended through and

including January 31, 2004; it is further

ORDERED that this Order shall be without prejudice to any position the Debtors

or the Non-Debtor Affiliates may take regarding whether section 362 of the Bankruptcy Code

applies to stay any Actions; and it is further

ORDERED that this Order shall be without prejudice to the right of the Debtors

and the Non-Debtor Affiliates to seek further extensions of the time within which the Debtors

and the Non-Debtor Affiliates may remove any and all Actions; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from or relating to this Order.

Dated: _____, 2003

                                     _____

                                      The Honorable Judith K. Fitzgerald
                                      United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | )SS |
| COUNTY OF NEW CASTLE | ) |

Patricia E. Cuniff, being duly sworn according to law, deposes and says that she is

employed by the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., co-

counsel for the Debtors, in the above-captioned action, and that on the 23rd day of June, 2003 she

caused a copy of the following document(s) to be served upon the attached service list(s) in the

manner indicated:

1.   **NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT
     TO FED. R. BANKR. P. 9006(B) FURTHER EXTENDING THE
     PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE**

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:69393.8