IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Due By: July 14, 2003 at 4:00 p.m. |
| | ) | Hearing Date: September 22, 2003 at 12:00 p.m. |

## EIGHTH QUARTERLY INTERIM APPLICATION OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JANUARY 1, 2003 THROUGH MARCH 31, 2003

Name of Applicant:  Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W").

Authorized to Provide Professional Services to:  The above-captioned debtors and debtors-in-possession.

Date of Retention:  May 3, 2001

Period for which Compensation and Reimbursement is Sought:  January 1, 2003 through March 31, 2003.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Compensation Sought as Actual, Reasonable and Necessary: $59,932.00.

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $58,237.47.

This is a:  ____ monthly  __X__ quarterly  __X__ interim  ____ final application.

Prior Applications Filed:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 04/02/01-04/30/01 | $62,472.75 | $23,277.13 | $62,472.75 | $23,277.13 |
| 08/09/01 | 05/01/01-05/31/01 | $29,929.00 | $15,670.64 | $29,929.00 | $15,670.64 |
| 09/07/01 | 06/01/01-06/30/01 | $30,195.50 | $37,763.45 | $30,195.50 | $37,763.45 |
| 09/11/01 | 07/01/01-07/31/01 | $17,040.50 | $20,323.76 | $17,040.50 | $20,323.76 |
| 10/31/01 | 08/01/01-08/31/01 | $ 9,407.50 | $20,486.61 | $ 9,407.50 | $20,486.61 |
| 11/13/01 | 09/01/01-09/30/01 | $13,158.00 | $10,035.46 | $13,158.00 | $10,035.46 |
| 11/27/01 | 10/01/01-10/31/01 | $13,420.75 | $ 8,922.92 | $13,420.75 | $ 8,922.92 |
| 01/22/02 | 11/01/01-11/30/01 | $39,991.50 | $22,398.11 | $39,991.50 | $22,398.11 |
| 01/30/02 | 12/01/01 – 12/31/01 | $35,017.00 | $13,575.07 | $35,017.00 | $13,575.07 |
| 04/02/02 | 01/01/02 – 01/31/02 | $48,356.50 | $38,671.08 | $48,356.50 | $38,671.08 |
| 05/30/02 | 02/02/02 – 02/28/02 | $46,611.50 | $25,627.01 | $46,611.50 | $25,627.01 |
| 06/06/02 | 03/01/02 – 03/31/02 | $44,145.00 | $29,280.21 | $44,145.00 | $29,280.21 |
| 06/28/02 | 04/01/02 – 04/30/02 | $49,562.00 | $25,475.46 | $49,562.00 | $25,475.46 |
| 07/12/02 | 05/01/02 – 05/31/02 | $42,495.50 | $21,543.54. | $42,495.50 | $21,543.54 |
| 08/13/02 | 06/01/02 – 06/30/02 | $32,819.00 | $29,869.61 | $32,819.00 | $29,869.61 |
| 10/01/02 | 07/01/02 – 07/31/02 | $22,630.00 | $17,187.01 | $22,630.00 | $17,187.01 |
| 10/30/02 | 08/01/02 – 08/31/02 | $34,536.00 | $45,540.43 | $34,536.00 | $45,540.43 |
| 11/14/02 | 09/01/02 – 09/30/02 | $32,858.50 | $33,313.79 | $32,858.50 | $33,313.79 |

| | | | | | |
|---|---|---|---|---|---|
| 12/30/02 | 10/01/02 – 10/31/02 | $19,370.50 | $24,488.86 | $19,370.50 | $24,488.86 |
| 01/21/03 | 11/01/02 – 11/30/02 | $25,948.50 | $31,181.03 | $25,948.50 | $31,181.03 |
| 01/30/03 | 12/01/02 – 12/31/02 | $16,407.00 | $14,016.95 | $16,407.00 | $14,016.95 |
| 03/18/03 | 01/01/03 – 01/31/03 | $25,984.50 | $19,035.00 | $25,984.50 | $19,035.00 |
| 04/23/05 | 02/01/03 – 02/28/03 | $18,094.50 | $23,616.14 | $18,094.50 | $23,616.14 |
| 06/17/03 | 03/01/03 – 03/31/03 | $15,853.00 | $15,586.33 | Pending | Pending |

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Shareholder 2000; Joined Firm 2000; Member of DE Bar since 1986 | $560.00 | 2.10 | $ 1,176.00 |
| Ira D. Kharasch | Shareholder 1987; Member of CA Bar since 1982 | $495.00 | 2.20 | $ 1,089.00 |
| Scotta E. McFarland | Of Counsel 2000; Member of DE Bar since 2002; Member of CA Bar since 1993 | $415.00 | 22.90 | $ 9,503.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $375.00 | 20.60 | $ 7,725.00 |
| Rosalie L. Spelman | Of Counsel 2000; Member of DE Bar since 2001; Member of NY Bar since 1981 | $315.00 | 1.30 | $ 409.50 |
| David W. Carickhoff | Associate 2001; Member of DE, PA and NJ Bars since 1998 | $300.00 | 3.40 | $ 1,020.00 |
| Paula A. Galbraith | Associate 2002; Member of IL Bar since 2000; Member of DE Bar 2002 | $235.00 | 80.00 | $18,800.00 |
| Michael P. Migliore | Associate 2001; Member of DE Bar since 2002 | $235.00 | .80 | $ 188.00 |

---

[3] Some professional time that was spent during the Interim Period may be reflected in a subsequent application and some professional time that was spent during the previous Interim Period may be reflected in this Application.

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[3] | Total Compensation |
|---|---|---|---|---|
| Kathleen M. DePhillips | Associate 2000; Member of DE Bar since 2002; Member of NJ Bar since 2000 | $245.00 | .40 | $ 98.00 |
| Laurie A. Gilbert | Paralegal since 1983 | $135.00 | 2.80 | $ 378.00 |
| Bruce D. Campbell | Paralegal since 1995 | $130.00 | .60 | $ 78.00 |
| Patricia E. Cuniff | Paralegal since 1998 | $130.00 | 106.50 | $13,845.00 |
| Marlene S. Chappe | Paralegal since 1997 | $125.00 | 1.60 | $ 200.00 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 70.00 | 14.50 | $ 1,015.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 70.00 | 5.10 | $ 357.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 65.00 | 4.00 | $ 260.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 55.00 | 42.50 | $ 2,337.50 |
| Christina M. Shaeffer | Case Management Assistant 2001 | $ 55.00 | 9.80 | $ 539.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 55.00 | 9.70 | $ 533.50 |
| Donna N. Morton | Case Management Assistant 2003 | $ 40.00 | 9.50 | $ 380.00 |

Total Fees:    $59,932.00
Total Hours:       340.40
Blended Rate: $    176.06

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours (7/01/01 through 9/30/01) | Total Fees Requested (7/01/01 through 9/30/01) |
|---|---|---|
| Asset Analysis and Recovery | .90 | $ 211.50 |
| Asset Disposition | 5.50 | $ 1,061.00 |
| Bankruptcy Litigation | .40 | $ 191.50 |
| Case Administration | 124.50 | $11,965.50 |
| Claims Analysis Objection & Resolution (Asbestos) | 7.90 | $ 1,895.50 |
| Claims Analysis Objection & Resolution (Non-asbestos) | 8.90 | $ 1,587.50 |
| Compensation of Professionals | 2.70 | $ 1,453.50 |
| Employee Benefits/Pension | 5.40 | $ 1,101.00 |
| Employment Application, Others | 2.40 | $ 403.50 |
| Fee Applications, Applicant | 50.20 | $15,453.00 |
| Fee Applications, Others | 45.70 | $ 8,648.50 |
| Financing | 7.40 | $ 1,797.50 |
| Hearings | 54.60 | $ 7,753.50 |
| Litigation & Litigation Consulting | 11.70 | $ 2,620.50 |
| Operations | 8.20 | $ 2,953.00 |
| Plan and Disclosure Statement | 3.70 | $ 752.50 |
| Tax Issues | .20 | $ 83.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) (10/01/01 through 12/31/01) | Total Expenses (10/01/01 through 12/31/01) |
|---|---|---|
| Delivery/Courier Service | Parcels, Inc./TriState | $ 5,756.17 |
| Express Mail | DHL/Federal Express | $ 5,752.12 |
| Facsimile ($1.00/page) | | $ 2,782.00 |
| Legal Research | Pacer | $ 1,021.09 |
| In House Attorney Service | | $ 210.00 |
| Overtime | | $ 620.19 |
| Postage | U.S. Mail | $ 4,277.08 |
| Reproduction ($.15 per page) | | $37,499.69 |
| Working Meals | Grotto's | $ 125.56 |
| Conference Call | AT&T | $ 70.07 |
| Travel Expense | Eagle | $ 103.50 |
| Filing Fee | | $ 20.00 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[2] ) | Case No. 01-1139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Objection Due By: July 14, 2003 at 4:00 p.m. |
| ) | Hearing Date: September 22, 2003 at 12:00 p.m. |

**EIGHTH QUARTERLY INTERIM APPLICATION OF
PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
FOR COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR JANUARY 1, 2003 THROUGH MARCH 31, 2003**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

---

[2] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grac e International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W") hereby files this Eighth Quarterly Interim Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation and for Reimbursement of Expenses for January 1, 2003 through March 31, 2003 (the "Eighth Quarterly Fee Application"). By this Eighth Quarterly Fee Application PSZYJ&W seeks the interim allowance of compensation in the amount of $59,932.00 and reimbursement of actual and necessary expenses in the amount of $58,237.47 for a total of $118,169.47, or 100% of all compensation and expense reimbursement requested, for the period January 1, 2003 through March 31, 2003 (the "Interim Period"). In support of this Eighth Quarterly Fee Application, PSZYJ&W respectfully represents as follows:

## Background

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4. By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZYJ&W (specifically, the predecessor of PSZYJ&W) as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZYJ&W at PSZYJ&W's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and

final fee applications of the professional. The professional is also to file a quarterly interim fee application.

### Monthly Fee Applications Covered Herein

6.  Prior to the filing of this Eighth Quarterly Fee Application, the January through March 2003 monthly fee applications of PSZYJ&W had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. PSZYJ&W has also filed the First, Second, Third, Fourth, Fifth, Sixth and Seventh Quarterly Interim Applications of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation and for Reimbursement of Expenses for April 2, 2001 through June 30, 2001, July 1, 2001 through September 30, 2001, October 1, 2001 through December 31, 2001, January 1, 2002 through March 31, 2002, April 1, 2002 through June 30, 2002, July 1, 2002 through September 30, 2002, and October 1, 2002 through December 31, 2002, respectively. The January, February, and March 2003 monthly applications are the subject of this Eighth Quarterly Fee Application.

7.  On or about March 18, 2003, PSZYJ&W filed the Twenty-Second Monthly Application of Pachulski, Stang, Ziehl, Young, & Jones P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From January 1, 2003 through January 31, 2003 (the "Twenty-Second Application," Docket No. 3525), requesting $25,984.50 in fees and $19,035.00 in expenses. The Twenty-Second Application is attached hereto as <u>Exhibit A</u>. No objections were received with respect to the Twenty-Second Application, and a certificate of no objection was filed on April 8, 2003 (Docket No. 3638).

8. On or about April 24, 2003, 2003, PSZYJ&W filed its Twenty-Third Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From February 1, 2003 through February 28, 2003 (the "Twenty-Third Application," Docket No. 3710), requesting $18,094.50 in fees and $23,616.14 in expenses. The Twenty-Third Application is attached hereto as Exhibit B. No objections were received with respect to the Twenty-Thire Application, and a certificate of no objection was filed on May 15, 2002 (Docket No. 3796).

9. On or about June 17, 2003, PSZYJ&W filed its Twenty-Fourth Monthly Application of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From March 1, 2003 through March 31, 2003 (the "Twenty-Fourth Application," Docket No. 3904 requesting $15,853.00 in fees and $15,586.33 in expenses. The Twenty-Fourth Application is attached hereto as Exhibit C.

10. The monthly fee applications covered by this Eighth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZYJ&W during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

### Requested Relief

11. By this Eighth Quarterly Fee Application, PSZYJ&W requests that the

Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZYJ&W from January 1, 2003 through March 31, 2003.[3] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as <u>Exhibits</u> <u>A</u>, <u>B</u>, and <u>C</u>.

12. At all relevant times, PSZYJ&W has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13. All services for which compensation is requested by PSZYJ&W were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14. During the Interim Period, PSZYJ&W has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZYJ&W and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15. The professional services and related expenses for which PSZYJ&W requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZYJ&W's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZYJ&W's services have

---

[3] PSZYJ&W reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZYJ&W respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of January 1, 2003 through March 31, 2003, an allowance be made to PSZYJ&W in the sum of $59,932.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $58,237.47 for reimbursement of actual and necessary costs and expenses incurred, for a total of $118,169.47, that Debtors be authorized and directed to pay to PSZYJ&W the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: 6|20, 2003

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-counsel for Debtors and Debtors in Possession