# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

CHAMBERS OF
ALFRED M. WOLIN
JUDGE

MARTIN LUTHER KING JR. FEDERAL BUILDING
50 WALNUT ST., ROOM 4069
P.O. BOX 999
NEWARK, NJ 07101-0999
(973)645-2580

June 17, 2003

LETTER OPINION - NOT FOR PUBLICATION
ORIGINAL FILED WITH THE CLERK OF THE COURT

All Counsel in the Captioned Case

    RE:    W.R. Grace & Co., et al., Debtors
           Chapter 11, Case Nos. 01-1139 thru 01-1200
           Official Committee of Asbestos Personal Injury
           Claimants, et al., v. Sealed Air Corporation, et al.
           Adv. No. 02-2210
           Official Committee of Asbestos Personal Injury
           Claimants, et al., v. Fresenius Medical Care
           Holdings, Inc., et al.
           Adv. No. 02-2211

Dear Counsel:

    This matter is opened before the Court upon its own motion. The Court has received a proposed Order approving the payment of professional fees to Professor Francis E. McGovern and Mr. David R. Gross for services rendered in connection with the mediation and ultimate settlement of the above-captioned adversary proceedings. This submission is obviously not the typical motion for approval of fees received and adjudicated by this Court and the Bankruptcy Courts in this and other chapter 11 cases. For the reasons set forth in this letter opinion, the Court will make the necessary provisions for notice and opportunity for parties-

at-interest to be heard in connection with the proposed order. Notwithstanding the departure from normal procedures, the Court is satisfied that the Order filed herewith will satisfy the requirements of fairness and legality that are the end purpose of the standing Orders of the Court and the Bankruptcy Rules.

As the Court has chronicled in the course of many Opinions and Orders, these consolidated adversary proceedings were important factors in the reorganization of the debtors. They were hotly contested by the parties over the course of several months of accelerated discovery and motion practice. The settlement, whose consummation is expected shortly, will represent a very substantial recovery for the estate.

As the parties are aware, McGovern and Gross were appointed as advisors to the Court by an Order dated December 28, 2001. They have been functioning in that role since and submitting applications for compensation in the usual course. With respect to these proceedings, by agreement of the non-debtor parties, Sealed Air Corporation, and Fresenius Medical Care Holdings, Inc., they acted as mediators and their fees were to be borne by the non-debtors. Obviously, where the parties agree and there is no suggestion of conflict of interest or otherwise, the Court has no role in approving the payment of fees by non-debtors in such a situation.

However, since the settlement of the adversary proceedings

in late November 2002, the parties have negotiated with the debtor and the debtor has agreed that it would be fair for it to bear some of the cost of McGovern's and Gross's fees. Plainly, this makes the Court's involvement inevitable. The Court must review all such expenditures on professional services to ensure that they are necessary, fair and proportionate to the benefit provided. 11 U.S.C. § 330. Likewise, this requires that the parties be given notice and opportunity to be heard. Id.

The situation is complicated by the fact that the bills originally submitted to Sealed Air and Fresenius were not in the detailed form required by the Local Bankruptcy Rules of the District of Delaware. On the contrary, they are in the form of traditional "services rendered" bills, listing generally the activities undertaken and the subjects to which those activities were directed. It is difficult to find fault with the professionals themselves for the form of their bills in light of the evolution of this matter from a private one between themselves and the non-debtors to one requiring the supervision of the Court.

To obviate any difficulties in the situation, the Court will enter an Order attaching the proposed order and giving all parties an opportunity to object. At the close of the stated period for objections, the Court will rule on the propriety of the proposed order and either enter it as drafted or modify it.

The Court will base its ruling on any objections received and upon its own knowledge, gained first-hand in the course of engineering the settlement of the adversary proceedings, of the performance of McGovern and Gross. The parties should be aware that any Order granting compensation shall be subject to final approval at the conclusion of the chapter 11 case, including the possibility of disgorgement should it appear that compensation was improvidently granted. 11 U.S.C. § 328. The parties should also be aware that the only portion of the Order to which they may object is that portion governing compensation by the debtor.

Very truly yours,

ALFRED M. WOLIN
U.S.D.J.