IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**JOINT MOTION OF DEBTORS AND ZAI CLAIMANTS**
**TO INCREASE BUDGET FOR ZAI SCIENCE TRIAL**

Debtors W. R. Grace & Co., et al. ("Debtors") and ZAI Claimants, by and through their respective counsel, move this Court for an order increasing the litigation budget to allow for additional work necessary to complete the ZAI Science Trial and state the following in support of their motion:

1. During the Omnibus Hearing on July 22, 2002, some eleven months ago, this Court set an initial litigation budget of $1.5 million of attorneys fees and $500,000 of expenses (including expert witness costs) per side.

2. By Order dated October 21, 2002, this Court set forth a discovery and pretrial schedule in the ZAI Science Trial and subsequently enlarged that schedule by Order dated November 25, 2002.

3. To date, counsel for Debtors and the ZAI Claimants have undertaken very substantial amounts of work in successfully meeting this Court's deadlines for completion of fact discovery, completion and submission of all expert reports, and completion of the depositions of fact witnesses, expert witnesses and the ZAI Claimants.

4.  Counsel for the parties have, for example, spent vast amounts of time and resources engaging in and completing the following:

  a.  Several massive productions of documents from Debtors to ZAI Claimants including the production of approximately 500,000 pages of documents produced electronically via compact disc and multiple productions of the Debtors' repository of asbestos-related documents. These document productions have required, among other things: (1) the Debtors' electronic organization of data to allow ZAI Claimants the benefit of Debtors' search capabilities without disclosing Debtors' counsel's work product; (2) work of counsel and outside vendors in ensuring proper coordination and electronic transfer of documents and data; (3) Debtors' Counsel's generation of privilege logs; (4) ZAI Claimants' Counsel's extensive review of thousands of documents; (5) facilitation of review of materials through procurement and use of microfilm readers and other necessary equipment; and (6) conversion of old films onto videotape.

  b.  Both serving and responding to multiple sets of written discovery requests including interrogatories, requests for admissions and requests for production of documents.

  c.  The depositions of five former employees of the Debtors in: Naples, Florida; Charleston, South Carolina; Boston, Massachusetts; Cambridge, Massachusetts; and San Francisco, California.

d. The depositions of thirteen individuals listed by ZAI Claimants as fact witnesses, including eleven homeowners and a contractor and former contractor, in: Spokane, Washington; Waterloo, New York; Tacoma, Washington; Minneapolis, Minnesota; Virginia Beach, Virginia; Washington, D.C.; Charleston, South Carolina; and St. Johnsberry, Vermont.

e. Extensive negotiations by and between counsel that resulted in the deferral and/or elimination of numerous additional requested fact depositions without intervention by the Court.

f. ZAI Claimants' submission of expert reports and voluminous materials from the following: Dr. William Longo; Richard Hatfield; William Ewing; Ronald Gobbell; Steven Hays; Dr. Henry Anderson; and John Kilpatrick.

g. Debtors' submission of expert reports and voluminous materials from the following: Dr. Elizabeth Anderson; Dr. Morton Corn; Dr. Ed Ilgren; Dr. William Hughson; and Dr. Richard Lee.

h. The depositions of ZAI Claimants' seven expert witnesses in: Atlanta, Georgia; Madison, Wisconsin; and Seattle, Washington.

i. The parties have also recently completed the depositions of Debtors' five expert witnesses and three witnesses involved with Debtors' testing activities. Those depositions took place in Pittsburgh, Philadelphia, Baltimore, San Diego, Chicago and Tampa.

5. Counsel have also engaged in extensive negotiations necessary to the successful resolution, without court intervention, of issues relating to the scope of discovery, the production of original materials versus hard copies and/or electronic copies, numerous documents withheld on the basis of privilege, and the Debtors' work product regarding the document repository, among other things.

6. The parties' mutual effort to get the facts efficiently on both sides without protracted motion practice has both kept trial preparation on schedule and reduced the cost in time and delay that numerous motions to compel would have required.

7. The parties further contemplate completion of the ZAI Science Trial in accordance with the Court's November 25, 2002 Order including the submission of any Rule 42 consolidation motions together with any related Daubert/summary judgment motions by July 7, 2003, responsive briefing in August, 2003 and argument scheduled for September, 2003.

8. Despite counsel's efforts to keep costs down by continually negotiating limitations on requests for materials, information and depositions, and, where possible, scheduling multiple depositions for one location, the amount of work necessary to timely complete fact discovery and the extensive work with expert witnesses has exceeded expectations.

9. Through May, 2003, Debtors have incurred attorneys fee of approximately $1.5 million and expenses of approximately $261,000 in the ZAI Science Trial, not including substantial expert witness fees incurred but not paid in May. Through March, 2003, ZAI Claimants have incurred attorneys fees of approximately $1.49 million and expenses of approximately $400,000. Significant bills for the recently completed expert depositions are not all included in these figures.

10. Counsel for both sides have submitted their monthly and quarterly fee

applications to the respective service parties and fee auditor. No service party has objected to any application and the fee auditor has required only minor modifications in the submitted bills.

11. The parties have concluded expert depositions and will be next marshalling their evidence for preparation of the motions due on July 7 and in preparation for the oppositions and replies due thereafter, followed by witness preparation and exhibit organization for the Science Trial scheduled for Mid-September, 2003.

12. In order to timely complete the ZAI Science Trial in a manner that properly presents the relevant facts, witnesses, evidence and advocacy, Debtors and ZAI

Claimants anticipate that each will need an additional $950,000 for attorneys fees and expenses.

WHEREFORE, the Debtors and ZAI Claimants move this Court for an Order increasing the litigation budget in the ZAI Science Trial by $950,000 per side for additional attorneys fees and expenses.

RESPECTFULLY SUBMITTED

RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

Edward J. Westbrook
Robert M. Turkewitz
James L. Ward, Jr.

By ______________________
1037 Chuck Dawley Boulevard
Building A
Mt. Pleasant, SC 29464

LEAD COUNSEL FOR ZAI CLAIMANTS

REED SMITH LLP

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz

435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

SPECIAL ASBESTOS PRODUCTS LIABILITY COUNSEL FOR DEBTORS

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Scotta E. McFarland
Paula A. Galbraith

By ______________________
919 Market Street
Suite 1600
Wilmington, DE 19801
Telephone: 302.652.4100
Facsimile: 302.652.4400

CO-COUNSEL FOR DEBTORS