**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF HOLME ROBERTS & OWEN, LLP**
**FOR THE EIGHTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Holme Roberts & Owen, LLP for the Eighth Interim Period.

**BACKGROUND**

1. Holme Roberts & Owen, LLP ("HRO") was retained as special environmental counsel to the Debtors. In the Application, HRO seeks approval of fees totaling $519,196.00 and costs totaling $53,414.58 for its services from January 1, 2003 through March 31, 2003.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Holme 8int 1-3.03.wpd

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on HRO an initial report based on our review, and received a response from HRO, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.  In our initial report, we noted that KJC, JDM, EES, NKA and LB lumped a number of their time entries, primarily in association with trial preparation. Paragraph II.D.5. of the Guidelines states, "... Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; ..." We asked HRO to advise these professionals to avoid lumping their time entries. HRO responded as follows:

> In compliance with the Report and Local Rule 2016-2(d), HRO has instructed all timekeepers, including timekeepers identified as KJC, JDM, EES, NKA and LB, to avoid lumping their time entries and to be more consistent in providing greater detail in their respective time entries.

We appreciate the response.

### Specific Time and Expense Entries

4.  In our initial report, we noted that between January 19 and 23, 2003, RT ($375) spent 17.40 hours for a total of $6,525.00 researching and preparing a memorandum analyzing appeal deadlines. The entries are provided below.

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 01/19/03 | RT | 3.30 | 1,237.50 | Draft memo to LBrown and KJCoggon, with research of rules for filing appeals in 9th Circuit including 9th Circuit Rules of Appellate Procedure. |
| 01/20/03 | RT | 3.70 | 1.387.50 | Research and write memorandum analyzing appeal deadlines. |
| 01/21/03 | RT | 6.70 | 2,512.50 | Research and write memo summarizing appeal |

|            |    |      |          |                                                                                                                                                                                              |
|------------|----|------|----------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    |      |          | deadlines including review of 9th Circuit Rules.                                                                                                                                           |
| 01/22/03   | RT | 3.60 | 1,350.00 | Research and revise memo analyzing appeal deadlines and procedures (3.4); conference with KJCoggon re comments on memo re appeal deadlines (.2)                                              |
| 01/23/03   | RT | 0.10 | 37.50    | Research cases in support of memorandum analyzing appeal deadlines.                                                                                                                          |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked HRO to address the reasons the research and memorandum required this much time, as well as explaining why it was appropriate for a partner rather than an associate to research this subject. HRO's response is provided below.

> Robert Tuchman ("RT") prepared a thorough and detailed memorandum analyzing the law relating to appeal of the summary judgment decision issued by Judge Molloy. No final judgment had yet been rendered (closing arguments took place in April 2003) and the question at issue was whether the summary judgment decision could have been or was required to be appealed absent final judgment on the case. The answer was critical to the client's defense in this matter. Resolution required high level attention and the ability to interpret complex case law on the subject and apply it to the circumstances of this case. The client required a quick and absolutely accurate answer. Moreover, at the time Mr. Tuchman did the work, the HRO trial team anticipated that if an immediate appeal was necessary, Mr. Tuchman would do most of the appeal work since the trial team was still engaged in ongoing requirements from the Court. An appeal of this magnitude necessarily requires the attention of a very experienced attorney.

We appreciate this explanation and thus have no objection to these fees.

     5.     We further noted that from January 2 to 9, 2003, five (5) professionals attended a trial in Missoula. The total trial time spent including travel time was 125.60 hours for a total of $34,811.00. (See Exhibit A). While we understand that the personnel needs for a trial of this

potential magnitude differ significantly from those required for a meeting or conference, we nonetheless feel compelled to ascertain the specific roles of the players. Rule 2016-2(d)(ix) states, "The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." We asked HRO to examine Exhibit A and explain each attending professional's role in this trial. HRO responded as follows:

> Linnea Brown (LB) was the lead trial attorney for the WRGrace team. She gave the opening statement, cross-examined two of plaintiff's witnesses, and directed the examination of one defense witness.
>
> Jay McCarthy (JDM) cross-examined three of plaintiff's witnesses and assisted in the preparation for examination of one defense witness.
>
> Katheryn Coggon (KJC) cross-examined one of plaintiff's witnesses after negotiating the settlement of issues related to three other witnesses, assisted in the preparation of three defense witnesses, conducted all conferences with opposing counsel, and managed evidentiary issues.
>
> Ed Stevenson (EES) assisted in the preparation of one defense witness and development of cross examination of four plaintiff's witnesses. He brought specialized expertise in the areas of accounting and expert testimony.
>
> Natalie Aberle (NKA) was the trial paralegal responsible for revising all exhibit and witness lists, locating exhibits for continued revisions to examination and cross examination outlines, tracking all exhibits offered and accepted at trial, and providing myriad other assistance to the trial lawyers.

We appreciate the response and thus have no objection to these fees.

      6.     In our initial report, we noted that on February 27, 2003, SH has a time entry listed for 4.30 hours for a total fee of $451.50. The parenthetical entries total 3.30 hours for $346.50. The difference is $105.00. We asked HRO to explain this apparent miscalculation. HRO's response is provided below.

> HRO agrees that the time entry of SH on February 27, 2003, contained an addition error. Accordingly, HRO agrees to a reduction of HRO's requested award for fees by $105.00.

In accordance with the response, we thus recommend a reduction of $105.00 in fees.

7.  Finally, we noted two expenses for a HRO Social Room in connection with the trial in Missoula. One reflects the hotel charge for the room and the other reflects attendant costs, presumably for food and beverages. The total cost is $1,793.47. The entries are provided below.

HRO Social Room, 7 nights @ $92.56/night, total $647.92

HRO SOCIAL ROOM 1/3/03 - $95.50, 1/4/03 - $103.50, 1/5/03 - $135.00, 1/6/03 - $216.40,

1/7/03 - $214.50, 1/8/03 - $203.15, 1/9/03 - $177.50 (total $1,145.55)

Paragraph II.E. of the Guidelines states, "[a]ny expense for which reimbursement is sought must be actual and necessary and supported by documentation as appropriate." We asked HRO to explain why it is appropriate that the estate reimburse HRO for these "social" expenses. HRO's response is provided below.

> The HRO "Social" Room was a misnomer. "War" room is a more common term. We rented a 3 room suite to set up an office with working computer stations, fax, copier, conference table, and the like. The trial team spent virtually all their waking hours not at trial in this multi-purpose room, including most meals. The costs reflect both meals (daily lunches plus some additional beverage service) and phone/fax/internet connection fees (we negotiated a deal to minimize those fees).

We appreciate the response and thus have no objection to these expenses.

## CONCLUSION

8.  Thus, we recommend approval of fees totaling $519,091.00 ($519,196.00 minus $105.00) and costs totaling $53,414.58 for HRO's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 1st day of July 2003.

_____
Warren H. Smith

Exhibit A

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 01/02/03 | LB | 8.10 | 3,240.00 | Travel from Denver to Missoula (1.00)(1.00 N/C)(NWT 50%);.......... |
| 01/02/03 | JDM | 10.50 | 3,150.00 | .........; travel from Denver to Missoula (1.00)(1.00 N/C)(NWT 50%). |
| 01/02/03 | KJC | 9.00 | 2,475.00 | .........; travel from Denver to Missoula (1.00)(1.00 N/C)(NWT 50%). |
| 01/02/03 | EES | 10.90 | 3,052.00 | .........; travel from Denver to Missoula (1.00)(1.00 N/C)(NWT 50%);........... |
| 01/02/03 | NKA | 7.00 | 770.00 | .........; travel from Denver to Missoula (1.00)(1.00 N/C)(NWT 50%). |
| 01/06/03 | LB | 17.70 | 7,080.00 | ........; attend trial (7.50). |
| 01/06/03 | JDM | 17.50 | 5,250.00 | .........; attend trial (8.5);........ |
| 01/06/03 | KJC | 14.50 | 3,987.50 | Attend trial (7.50);........... |
| 01/06/03 | EES | 15.20 | 4,256.00 | Attend trial (7.50);........ |
| 01/06/03 | NKA | 17.10 | 1,881.00 | Attend trial (7.50);........ |
| 01/07/03 | LB | 19.60 | 7,840.00 | ........; attend trial (8.50). |
| 01/07/03 | JDM | 12.00 | 3,600.00 | .........; attend trial (8.5);........ |
| 01/07/03 | KJC | 13.00 | 3,575.00 | Attend trial (8.50);........... |
| 01/07/03 | EES | 14.40 | 4,032.00 | Attend trial (7.50);........ |
| 01/07/03 | NKA | 15.30 | 1,683.00 | Attend trial (7.50);........ |
| 01/08/03 | LB | 10.20 | 4,080.00 | Attend trial (7.20);................ |
| 01/08/03 | JDM | 9.50 | 2,850.00 | .........; attend trial (7.0);........ |
| 01/08/03 | KJC | 11.70 | 3,217.50 | Attend trial (7.20);........... |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 01/08/03 | EES | 7.20 | 2,016.00 | Attend trial (7.20). |
| 01/08/03 | NKA | 7.50 | 825.00 | Attend trial (5.50);........ |
| 01/09/03 | LB | 1.00 | 400.00 | Return travel from Missoula to Denver (1.00)(1.00 N/C)(NWT 50%). |
| 01/09/03 | JDM | 3.50 | 1,050.00 | Return travel from Missoula to Denver (1.00)(1.00 N/C)(NWT 50%). |
| 01/09/03 | KJC | 1.00 | 275.00 | Return travel from Missoula to Denver (1.00)(1.00 N/C)(NWT 50%). |
| 01/09/03 | EES | 1.00 | 280.00 | Return travel from Missoula to Denver (1.00)(1.00 N/C)(NWT 50%). |
| 01/09/03 | NKA | 1.00 | 110.00 | Return travel from Missoula to Denver (1.00)(1.00 N/C)(NWT 50%). |

## SERVICE LIST
<u>Notice Parties</u>

**The Applicant**

Elizabeth K. Flaagan, Esq.
HOLME ROBERTS & OWEN, LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801