# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ
## <u>FOR THE EIGHTH INTERIM PERIOD</u>

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of Wachtell, Lipton, Rosen &Katz for the Eighth Interim Period</u> (the "Application").

## BACKGROUND

1.     Wachtell, Lipton, Rosen & Katz   ("Wachtell") was retained as special corporate counsel to the Debtors.  In the Application, Wachtell seeks approval of fees totaling $41,304.75 and costs totaling $1,803.52 for its services from October 1, 2002, through March 31, 2003[1].

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

---

[1] Wachtell did not submit a separate application for the Seventh Interim, but combined the time for the seventh period and eighth period into the Application, and thus we have combined the requested fees and expenses from October 1, 2002, through March 31, 2003, into a single Eighth Interim report.

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of

Delaware, and the Third Circuit Court of Appeals.  We served on Wachtell an initial report based

on our review, and received a response from Wachtell, portions of which response are quoted herein.

## DISCUSSION

### Specific Time and Expense Entries

3.    In our initial report, we noted an entry on December 11, 2002, by E. Grunwald ($95)

for .70 hours and $66.50 for work that may not be compensable.  The entry is provided below.

| | | | | |
|---|---|---|---|---|
| 12/11/2002 | Elizabeth Grunwald | 0.70 | 66.50 | Printed 1996 Income Tax Regulations Containing section 502 on consolidated returns, arranged for hard copy of same. (Passey) |

Paragraph, II.  E.  7. of the Guidelines states,  "[f]actors relevant to a determination that the expense

is proper include the following:  .  .  Whether the expenses appear to be in the nature of

nonreimbursable overhead . . .  Overhead includes word processing, proofreading, secretarial and

other clerical services, . . ."   We asked Wachtell to explain why this task should not be viewed as

generally clerical and the time charged for it therefore not compensable.  Wachtell's response is

provided below.

> Ms. Grunwald is an experienced reference librarian.  At
> the request of an attorney, she researched and printed
> for the attorney's use specific 1996 tax regulations that
> were relevant to W.R. Grace tax matters.  The use of a
> librarian for this kind of research is a way in which
> WLR&K reduces the cost of legal services, because Ms.
> Grunwald's hourly rate is far below the cost of any
> attorney who would be used to research tax regulations.
> This does not appear to be the kind of overhead item

`contemplated by the guidelines.`

We appreciate the response and thus have no objection to these fees.

    4.    We further noted an entry on December 14, 2002, by A. Shapiro for 2.00 hours and $70.00 for proofreading.  The entry is provided below.

12/14/2002    Adam Shapiro  2.00   35.00  70.00  Proofreading

Paragraph, II. E. 7. of the Guidelines states,  "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes word processing, proofreading, secretarial and other clerical services, . . ."  We asked Wachtell to explain why time for this task should be viewed as compensable.  Wachtell's response is provided below.

> `Mr. Shapiro was a proofreader employed by the firm.  In`
> `its normal billing practices, WLR&K does not treat`
> `proofreading of this kind as an overhead item.`

We believe we understand Wachtell's response, and, as we understand that Wachtell always charges for this expense, we have no objection to this charge.

## CONCLUSION

    5.    Thus, we recommend approval of fees totaling $41,304.75 and costs totaling $1,803.52 for Wachtell's services from October 1, 2002, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
            Warren H. Smith
            Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 2nd day of July, 2003.

_____
            Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**

Harold S. Novikoff
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801