UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF WOODCOCK WASHBURN LLP
FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Eighth Interim Quarterly Fee Application of Woodcock Washburn LLP (the "Application").

BACKGROUND

1. Woodcock Washburn LLP ("Woodcock") was retained as special litigation counsel to the Debtor. In the Application, Woodcock seeks approval of fees totaling $54,990.25 and costs totaling $1,515.75 for its services from January 1, 2003, through March 31, 2003.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Woodcock an initial report based on our review, and received a response from Woodcock, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that the time entries were generally devoid of lumping and provided adequate detail, with only occasional lumping by KMW and CEZ and inadequate detail by KMW. Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." Furthermore, Local Rule 2016-2(d) directs fee applicants to "include activity descriptions which shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary". Paragraph II.D.5. of the Guidelines, moreover, provides that "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." We asked Woodcock to advise these professionals to avoid lumping and to provide adequate detail in their future time entries.

4. We further noted that timekeepers KMW and GHL occasionally billed in increments other than tenths of an hour. Paragraph II.D.5. of the Guidelines requires that "Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour." We asked Woodcock to advise all of the timekeepers to comply with this guideline in future applications.

5. In our initial report, we noted that the Application and the monthly invoices have a summary of expenses but fail to provide any detail. With regard to expenses, Paragraph II.E.3. of

the Guidelines states: "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ." We asked Woodcock to provide detailed expense entries with regard to those expenses for which it wished to be reimbursed. The details should include the name of the person incurring each expense, the date the expense was incurred, the class of fare for airfares, the origin and destination of each trip, the number of nights per hotel stay, the hotel location, any other hotel charges, the number of days per car rental, the type of meal (i.e. breakfast, lunch or dinner) for meal expenses, the number of meals or diners per meal expense, the reason for each trip and any other information that may be necessary and useful in explaining the expense. Woodcock subsequently provided the requested information and agreed to provide said detail in future applications.

6. We further noted that certain billing policies of Woodcock are not provided in the narrative of the interim application. Local Rule 2016-2(c)(iii) states: "[t]he narrative portion of the motion shall inform the Court of circumstances which are not apparent from the activity descriptions . . ." Rule 2016-2(e)(iii) provides that "[t]he motion shall state the requested rate for copying charges (which shall not exceed $.15 per page), computer assisted legal research charges (which shall not be more than the actual cost), and out-going facsimile transmission charges (which shall not exceed $1 per page, with no charge for incoming facsimile charges)." We asked Woodcock to provide this required information in future applications. Woodcock responded as follows:

> I can confirm that computer-assisted legal research is billed at no higher than actual cost, out-going fax charges for the period were $1/page (with no charge for incoming faxes), and copying charges have been billed at $0.15/page.

We appreciate the response.

Specific Time and Expense Entries

7.  In our initial report, we noted that Woodcock seeks reimbursement for $234.85 of travel expenses that are not adequately detailed. The expense entry is provided below:

[March] Disbursements:
Travel & Expenses                                     234.85

With regard to expenses, the Guidelines Rule, II. E. 3. states "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ." We asked Woodcock to provide additional information regarding these travel-related expenses so that we might assess the reasonableness of the charges. Woodcock's response is provided below.

> To address the question of the issue regarding the travel expenses identified in the fee application for March 2003, the breakdown is as follows:
>
> Round-trip Amtrack fare between Phila and BWI $ 152.00
> Round trip cab fare between BWI and Grace offices in Columbia, Md 62.00
> Auto mileage round-trip to Philadelphia Amtrack Station ($0.325/mi) 5.85
> Parking, Philadelphia Amtrack Station 15.00
>
> These expenses are for travel on February 13, 2003, by Gary Levin to Grace's offices in Columbia, Maryland, to meet with Grace representatives regarding strategy for proceeding with the defense in the Intercat litigation, and then to meet with Intercat representatives to discuss possible settlement options.

We are satisfied with this explanation and thus have no objection to these expenses.

## CONCLUSION

8. Thus, we recommend approval of fees totaling $54,990.25 and costs totaling $1,515.75 for Woodcock's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 2nd day of July, 2003.

_____
Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**The Applicant**

Gary H. Levin
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

## United States Trustee

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801