IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**DEBTORS' MOTION TO CONSOLIDATE THE**
**ACTIONS OF ZAI CLAIMANTS PURSUANT TO RULE 42**

Debtors W.R. Grace & Co., et al. ("Debtors") by and through their counsel, move this Court for an order consolidating the actions of the ZAI Claimants[1] pursuant to Fed. R. Civ. P. 42(a) for purposes of determining the common question of "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm," and state the following in support of their motion:

1.    This motion is made pursuant to the Court's directive, as set forth in its Order of November 25, 2002, that the "Debtors shall file and ZAI Claimants may file a Rule 42 consolidation motion together with related Daubert/summary judgment motions by July 7, 2003."

2.    By way of background, upon filing bankruptcy the Debtors proposed that the claims of homeowners with ZAI in their properties be adjudicated through the filing of

---

[1] The "ZAI Claimants" include homeowners Marco Barbanti, Ralph Busch, Paul Price, John and Margery Prebil, William Harris, Jan Hunter, Edward Lindholm, John Sufnarowski, James and Doris McMurchie and Stephen Walsh on whose behalf proofs of claims alleging property damage from Zonolite Attic Insulation ("ZAI") have been filed in the instant bankruptcy.

individual proofs of claims prior to a bar date to be set by the Court. (See W.R. Grace & Company's Informational Brief, dated April 2, 2001, at 56).

3. Counsel for the homeowners argued that individual proofs of claims were unnecessary and argued for a single proof of claim to be litigated on behalf of a class of homeowners with ZAI in their attics. (See Transcript of April 22, 2002 Hearing Before Hon. Judith K. Fitzgerald, United States Bankruptcy Court Judge, at 64-66.)

4. Debtors filed proofs of claims on behalf of the approximately ten ZAI Claimants. (See April 12, 2002 Proofs of Claims filed on behalf of Marco Barbanti, Ralph Busch, Paul Price, John and Margery Prebil, William Harris, Jan Hunter, Edward Lindholm, John Sufnarowski, James and Doris McMurchie and Stephen Walsh.)

5. Counsel for the ZAI Claimants moved to strike these proofs of claims and the Court denied their motion at a May 20, 2002 Hearing. (See Claimants' Motion To Strike Proofs of Claim and Response to Debtors' Proposed Order Setting Initial Schedule for Litigation Concerning Zonolite Attic Insulation Product Risk (May 10, 2002); Transcript of May 20, 2002 Hearing Before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court Judge, at 93.

6. Debtors then filed objections to the ZAI Claimants' proofs of claims and ZAI Claimants filed a response asserting the purported validity of their claims. (See Debtors' Omnibus Objection to the Zonolite Attic Insulation Proofs of Claim (May 13, 2002); Response of Zonolite Attic Insulation Property Damage Claimants to Debtors' Objections to the Zonolite Attic Insulation Proofs of Claim (July 10, 2002)).

7. Rather than immediately compelling all homeowners with ZAI in their properties to file individual proofs of claims (which would have required, among other things, approval of the requisite proof of claim forms) or permitting the homeowners' claims to proceed as a class action, the Court decided to first address the fundamental threshold issue of whether ZAI poses an unreasonable risk of harm to human health. Accordingly, on October 21, 2002 the Court entered an Order (in what has become known as the "ZAI Science Trial") providing "that the scope of discovery will be limited to what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm."

8. The Court's October 21 Order further set the initial schedule for the ZAI Science Trial and directed that "Debtors shall file . . . a Rule 42 consolidation motion together with related Daubert/summary judgment motions by April 30, 2003."

9. By Order of November 25, 2002, the Court enlarged the schedule in the ZAI Science Trial, reaffirmed that "the scope of discovery will be limited to what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm," and directed that "Debtors shall file . . . a Rule 42 consolidation motion together with related Daubert/summary judgment motions by July 7, 2003."

10. Consolidation of the ZAI Claimants' actions for purposes of determining the single common question of whether ZAI creates an unreasonable risk of harm, in accordance with the plan for the ZAI Science Trial set forth by the Court, is permissible and appropriate under Fed. R. Civ. P. 42(a).

1. Rule 42(a) liberally provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

2. Rule 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964), *cert. denied*, 382 U.S. 812 (1965). *See also In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (Rule 42(a) contains a "broad grant of authority," which "has been applied liberally.").

11. The trial court's managerial power is "especially strong and flexible" in matters of consolidation. *In re Air Crash Disaster*, 549 F.2d at 1013. Judges have been "urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Id.*

12. Consolidation in this case is appropriate because it will "eliminate unnecessary repetition" in the resolution of the single common issue of whether ZAI creates an unreasonable risk of harm and will help expedite resolution of the bankruptcy proceedings. *See Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471 (5th Cir. 1986) (recognizing that there may be "group-wide" determination of common issues in asbestos suits); *In re Fibreboard Corp.*, 893 F.2d 706, 708 (5th Cir. 1990) (considering "a single consolidated trial proceeding under Rule 42(a)" deciding state-of-the-art and punitive damages issues).

Case 01-01139-AMC    Doc 4010    Filed 07/07/03    Page 5 of 6

-5-

13. As the Court has indicated, each of the ZAI Claimants' actions share the common and threshold question of whether the product ZAI "creates an unreasonable risk of harm."

14. Debtors submit that a consolidated disposition of this issue, as contemplated by the Court, will avoid unnecessary costs and delay associated with separate adjudications of the same threshold issue.

WHEREFORE, the Debtors move this Court for an Order consolidating the actions of ZAI Claimants, Marco Barbanti, Ralph Busch, Paul Price, John and Margery Prebil,

William Harris, Jan Hunter, Edward Lindholm, John Sufnarowski, James and Doris McMurchie and Stephen Walsh, pursuant to Fed. R. Civ. P. 42(a), for purposes of determining the common question of "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm."

Date: July 7, 2003

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

David W. Carickhoff (3715)
Scotta E. McFarland
Paula A. Galbraith
919 Market Street, 16th Floor
Wilmington, DE 19801
Telephone: 302.652.4100
Facsimile: 302.652.4400
Co-Counsel For Debtors

REED SMITH LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063
Special Asbestos Counsel For Debtors