IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**MEMORANDUM IN SUPPORT OF DEBTORS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY
ALLEGED DAMAGES FROM THE ZAI SCIENCE TRIAL**

Through their submission of the report of a purported expert in real estate valuation, John A. Kilpatrick of Mundy Associates, LLC, (the "Kilpatrick Report"), ZAI Claimants have indicated that they will seek to offer evidence of damages they allegedly have or could suffer from alleged diminution of property values. Evidence of damages, including diminution of property values, is outside the scope of the ZAI Science Trial and irrelevant to the issues to be decided by the Court. It should therefore be excluded from any hearing in the ZAI Science Trial. For the same reason, any references to alleged damages in ZAI Claimants' moving or opposition papers should be stricken.

1. The purpose of the ZAI Science Trial is to determine as a threshold issue what science demonstrates as to whether ZAI poses an unreasonable risk of harm to human health. Absent properly credible and scientifically reliable evidence that the existence of ZAI in a property presents an unreasonable risk of harm to occupants of the property, ZAI Claimants'

actions against Debtors fail.[1] Accordingly, the Court entered an Order dated October 21, 2002 providing "that the scope of discovery will be limited to what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm." Can ZAI Claimants come forth with sufficient credible, reliable and admissible evidence that ZAI poses a hazard to humans? That is the question to be answered in the ZAI Science Trial. The ZAI Science Trial was and is intended to be an abbreviated proceeding which allows for a prompt determination on this threshold issue without the very substantial delays that could be caused by litigating potentially time consuming general liability issues (such as what Debtors knew and when) and damages issues.[2]

    2. ZAI Claimants are nevertheless attempting to launder damages evidence into the ZAI Science Trial by having their valuation expert purport to address the question: "does ZAI create an 'unreasonable risk of harm' to the value of [residential] dwellings?" (See, March 14, 2003 cover letter to Kilpatrick Report). That is not a question asked by the Court or to be addressed in the ZAI Science Trial.

I. **Evidence Of Alleged Economic Damages Of The ZAI Claimants Should Be Excluded Because It Is Not Relevant To The Single Determination To Be Made In The ZAI Science Trial.**

    3. Relevant evidence is generally admissible while "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

---

[1] See Brief of W.R. Grace & Co. in Support of Motion for Summary Judgment, at 16-38.

[2] Because of these limitations on the ZAI Science Trial, the Debtors have not submitted the expert report of any valuation or damages expert. Should this Court determine that it will hear damages evidence in the ZAI Science Trial, Debtors reserve the right to seek leave to submit evidence and/or expert testimony rebutting the opinions set forth in the Kilpatrick Report.

action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. The determination to be made in the ZAI Science Trial is whether ZAI poses an unreasonable risk of harm to human health. Kilpatrick's testimony regarding alleged diminution of property values, or any evidence of damages for that matter, is of no consequence to this determination.

4.   As might be expected of a real estate valuation expert, Kilpatrick has no formal training and no expertise that could bear on the issue of whether ZAI presents an unreasonable risk of harm to human health. According to his *curriculum vitae*, Kilpatrick holds a bachelors degree in business administration (accounting), a masters degree in business administration and a Ph.D. in finance (real estate). More important is the training that Mr. Kilpatrick does <u>not</u> have. He is not, and has not been trained as, a: medical doctor; industrial hygienist; microscopist; epidemiologist; or bio-statistician. As such, he is not qualified to testify as to either the potential release of asbestos fibers from ZAI or the risks to human health of any potential level of exposure to asbestos fibers.

5.   Kilpatrick readily admitted at his deposition that his proposed testimony in the ZAI Science Trial is limited to "value questions." May 6, 2003 Deposition of John A. Kilpatrick ("Kilpatrick Dep."), at 14.

> Q.   . . . I take it you're not testifying about harm to, say, the occupants of these buildings?
>
> A.   No.
>
> Q.   And you're not testifying as to whether it's safe for the occupants to stay in these buildings?
>
> A.   I'm not testifying as to public health issues, no.

> Q. And you're not testifying – since you're not a microscopist, you're not testifying as to the nature of any alleged fiber release caused by the ZAI; right?
>
> A. Not from that perspective, no.
>
> \* \* \*
>
> Q. Is there a perspective that your are?
>
> A. I mean, to the extent those fiber releases have impact on value, I'm testifying to. But my testimony is limited to value questions.
>
> Q. And, in other words, you're not going to testify as to whether, in fact, there are any releases of fiber from the ZAI?
>
> A. No. I'm not testifying as to that.

(Kilpatrick Dep. at 14-15).

6. Mr. Kilpatrick further conceded that the only "science" that his report in this matter relates to is the "science of real estate valuation." (Kilpatrick Dep., at 16). The "science of real estate valuation," insofar as it even is a science, is not the science at issue in the ZAI Science Trial. In short, Kilpatrick has no business attempting to proffer any opinion in the ZAI Science Trial.

## II. Evidence of Damages Is Secondary To The Threshold Issue of Whether ZAI Poses An Unreasonable Risk of Harm and Therefore, at Best, Premature.

7. Insofar as ZAI Claimants are contending through the Kilpatrick Report that they are damaged by the mere perception that ZAI is harmful, the Kilpatrick Report is still not relevant here. Should, for example, this Court conclude that science shows that ZAI does not pose an unreasonable risk of harm, any alleged decrease in property values would necessarily be based upon an erroneous perception that ZAI is harmful. To the extent that such an erroneous public perception exists, it has been created by the actions and statements of others, such as the

media, EPA and plaintiffs' counsel. Regardless of precisely whose actions created such an erroneous perception, they were not the Debtors' actions and Debtors cannot be held liable for them.

8.     Because one cannot logically reach damages issues before determining the issue of whether the product actually poses an unreasonable risk of harm, the Kilpatrick Report and evidence of damages are, at best, premature.

9.     For the reasons set forth herein, this Court should exclude any evidence of alleged damages proffered by ZAI Claimants, preclude Kilpatrick from testifying in the ZAI Science Trial and strike any references to his report that may appear in ZAI Claimants' moving and/or opposition papers.

Date:  July 7, 2003

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

/s/ David W. Carickhoff
David W. Carickhoff (3715)
Scotta E. McFarland
Paula A. Galbraith
919 Market Street, 16th Floor
Wilmington, DE 19801
Telephone: 302.652.4100
Facsimile: 302.652.4400
Co-Counsel For Debtors

REED SMITH LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063
Special Asbestos Counsel For Debtors