UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF STEPTOE & JOHNSON, LLP
FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Steptoe & Johnson, LLP for the Eighth Interim Period.

## BACKGROUND

1. Steptoe & Johnson, LLP ("Steptoe") was retained as special tax counsel to the Debtors. In the Application, Steptoe seeks approval of fees totaling $78,744.50 and costs totaling $2,822.27 for its services from January 1, 2003, through March 31, 2003.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Steptoe an initial report based on our review, and received a response from Steptoe, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that the time entries were generally devoid of lumping and provided adequate detail, with only occasional lumping by Johnson. Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." We asked Steptoe to advise this professional to avoid lumping in his future time entries.

4. We further noted that J.W. Johnson spent most of his billable time during the period preparing for a Remedium tax presentation to the IRS. Included in these time entries were activities which appear could have been performed by a professional billing at a lower hourly rate. An example of these time entries is provided below:

02/27/03     J.W. Johnson   4.50   2,227.50     Prepare response to Andersen's procedure for viewing Remedium files; organize documents to produce to IRS regarding Remedium.

The U.S. Trustee Guidelines Rule, I.E. states ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; . . ." We recognize that J.W. Johnson's area of expertise may have required him to work on this project; however, we asked Steptoe to explain why the activities such as organizing documents and research on this project could not have been performed by a professional billing at a lower hourly rate. Steptoes's response is provided as Response Exhibit 1. We appreciate the response and have no objection to these fees.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Steptoe 8int 1-3.03.wpd

## CONCLUSION

5.    Thus, we recommend approval of fees totaling $78,744.50 and costs totaling $2,822.27 for Steptoe's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
   Warren H. Smith
   Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of July, 2003.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Anne E. Moran
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

You expressed concern that Mr. Johnson, a partner in the firm, spent time organizing and assembling documents with respect to the presentation to the IRS on the Remedium issue, and suggested that such tasks could be done by a paralegal.

Most importantly, please note that the physical organization and assembly of the documents was done by Mr. Johnson's secretary and that time was not billed to W. R. Grace.

Mr. Johnson's time was spent creating and organizing the Remedium presentation to the IRS. This presentation was made during an initial, "kick off" meeting with the IRS to open the audit of this tax issue, which involves a claimed $128.6 million loss. The IRS views the Remedium transaction as a very important issue, to which the IRS is devoting substantial resources. The meeting was attended by <u>nine</u> IRS attorneys and agents, many of whom traveled to the meeting from out of state, and several of whom were highly placed within the IRS. Grace's intent was to influence the IRS's approach to the audit of the Remedium transaction through a complete and thorough presentation. The references to "organizing" and "assembling" documents by Mr. Johnson actually referred to the task of preparing the oral presentation, and also reviewing and analyzing numerous documents in order to (1) prepare a detailed and accurate presentation, and (2) determine how best to present an argument to the IRS Appeals Office regarding a transaction which that Office has challenged as a sham for tax purposes. This task was more like writing a brief with supporting exhibits than assembling a set of documents. It included an analysis of which documents provided the best proof of the argument, and how that proof could best be explained. Because the matter at issue here is a technical one -- the use of a separate entity for particular corporate purposes, and the interpretation of several corporate tax provisions -- it is not easy to explain the transaction without careful thought and preparation. The issue in contention is one that is dependent on facts and circumstances, and the order and manner in which these factual circumstances are explained are presented involve a great deal of professional judgment.