UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF FTI POLICANO & MANZO
FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Eighth Interim Quarterly Fee Application of FTI Policano & Manzo (the "Application").

BACKGROUND

1.      FTI Policano & Manzo ("FTIPM") was retained as financial advisers to the official committee of unsecured creditors. In the Application, FTIPM seeks approval of fees totaling $297,288.50 and costs totaling $3,865.37 for its services from January 1, 2003, through March 31, 2003.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30,

1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on FTIPM an initial report based on our review, and received a response from FTIPM, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that Hamilton occasionally fails to provide adequate detail in her time entries. FTIPM responded as follows:

> The Fee Auditor has noted that timekeeper Hamilton occasionally fails to provide adequate detail in her time entries. Though the Fee Auditor has not provided any specific examples, in the future, we will endeavor to have timekeeper Hamilton provide more detailed time descriptions.

We appreciate the response.

### Specific Time and Expense Entries

4. In our initial report, we noted that between January 24, 2003, and March 12, 2003, there were three meetings in which two or more firm members participated. The total time spent including preparation time was 43.4 hours for $21,329.50. See Exhibit A. Paragraph II.D.5. of the Guidelines states, ". . .[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked FTIPM to explain why it was necessary for more than one firm professional to attend these meetings. FTIPM's explanation is provided as Response Exhibit 1. We appreciate the depth of the response and have no objection to these fees.

5. We further noted that throughout the Application, various expense items totaling $1,573.75 are listed but lack any supporting detail. The entries at issue are provided below.

| | | | |
|---|---|---|---|
| 26-Jan | S. Cunningham | Parking | 37.00 |
| 31-Jan | C.. Whitney | Parking | 44.00 |
| 31-Jan | E. Ordway | Parking | 39.00 |
| 20-Feb | C. Whitney | Train | 448.00 |
| 23-Feb | L. Hamilton | Train | 427.00 |
| 28-Feb | S. Cunningham | Mileage | 195.00 |
| 28-Feb | S. Cunningham | Lodging | 318.75 |
| 23-Mar | S. Cunningham | Parking | 65.00 |

With regard to expenses, Paragraph II. E. 3. of the Guidelines states "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ."  We asked FTIPM to forward the necessary supporting documentation and/or explanation for these expenses.  FTIPM's response is provided as Response Exhibit 2.  We appreciate the response and have no objection to these expenses.

## CONCLUSION

6.      Thus, we recommend approval of fees totaling **$297,288.50** and costs totaling $3,865.37 for FTIPM's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of July, 2003.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Edwin N. Ordway, Jr.
FTI Policano & Manzo
Park 80 West, Plaza I
Saddle Brook, NJ 07663

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

i. In general, given the complexity, scope and size of the business and the number of significant issues to be covered at meetings, hearings and/or conference calls, FTI P&M may assign more than one case team staff member to attend the meeting, hearing and/or conference call, each of whom has an understanding of the overall consolidated operations, of the divisional operations of the Company and of specific issues such as Company acquisitions, divestments and compensation and incentive plans, asbestos litigation and fraudulent conveyance issues.

ii. Specifically, we would like to address attendance at the meetings cited by the Fee Auditor, as follows:

a. Timekeeper Cunningham was in attendance at all of these meetings as the primary managing director assigned to the case. His experience and expertise derived from many bankruptcy cases as well as his specific case knowledge in this case as a managing director dictated his attendance at the meetings.

b. In the January 24th meeting, the Committee chair and counsel met with senior FTI P&M members involved with the case, E. Ordway, Senior Managing Director and S. Cunningham, Managing Director. A variety of significant case issues were discussed, including FTI P&M's most recent recovery analysis, current tax audit issues, status of fraudulent conveyance actions and pension funding issues. The meeting was to determine the timetable and next steps required by the Committee regarding these issues. C. Whitney prepared the discussion documents used in the meeting. It was anticipated that timekeeper Whitney would prepare any "follow-on" analyses required as a result of the meeting and thus the managing director determined that she should attend the meeting.

c. In addition to S. Cunningham, timekeepers Hamilton and Whitney, also attended the February 20th meeting with the Debtors. This meeting was held by the Debtors to present the 2003 Business Plan and to discuss pension-related issues and the extension of the DIP facility. Both timekeeper Hamilton and timekeeper Whitney have in the past and were expected in the future to prepare periodic monitoring reports, all of which require a thorough understanding of the Debtors' Business Plan. In addition, both timekeepers are involved in in-depth analyses from time to time and as required by the Committee. It was anticipated that production of the analyses related to pensions and to the DIP facility would be shared by these timekeepers. For these reasons, the senior manager included both timekeeper Hamilton and timekeeper Whitney in the meeting.

d. Timekeeper Ordway and timekeeper Cunningham, as the senior FTI P&M members associated with the case and at the behest of the Committee, attended a formal presentation of the 2003 Business Plan by the Debtors, including pre- and post-presentation meetings with certain Committee members.

We respectfully submit the above explanation of the roles of the attendees at these meetings in order to satisfy the inquiry of the Fee Auditor.

Response Exhibit 2

a. Parking expenses are reimbursed to timekeepers on an actual receipt basis. Timekeepers Ordway, Cunningham and Whitney are employed at the Saddle Brook, NJ office of FTI P&M. The parking expenses were incurred in conjunction with their attendance at meetings in New York City, and we believe them to be necessary and reasonable.
b. Train fares were incurred by timekeepers Hamilton and Whitney in conjunction with the Debtors' 2003 Business Plan meeting on February 20, 2003, held at their headquarters in Columbia, MD. The round-trip, full fare, single day returns were purchased in order to avoid the additional cost of hotel and meals. Travel was required outside of normal business hours in order to avoid these additional costs and, in accordance with our policy, non-productive travel time was not charged to the Debtors. As such, we believe the train fares represent reasonable costs for attendance at this meeting.
c. Timekeeper Cunningham also attended the February 20, 2003 Business Plan meeting and due to scheduling requirements drove to the meeting from New Jersey and incurring mileage and hotel expenses for one night. Mileage is reimbursed to employees at .375 cents per mile. We believe that the expenses incurred were reasonable and necessary in order for timekeeper Cunningham to attend this meeting.