UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case Nos. 01-1139 through 01-1200 |
| W. R. GRACE & CO., et al., | : | |
| | : | |
| Debtors. | : | |
| ------------------------------------------ | : | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing in behalf of the Chapter 11 Bankruptcy Estate of W. R. GRACE & CO., et al., | : | Adv. No. 02-2210<br>[LEAD DOCKET] |
| Plaintiffs, | : | |
| v. | : | |
| SEALED AIR CORPORATION And CRYOVAC, INC., | : | |
| Defendants. | : | |
| ------------------------------------------ | : | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing in behalf of the Chapter 11 Bankruptcy Estate of W. R. GRACE & CO., et al., | : | Adv. No. 02-2211 |
| Plaintiffs, | : | |
| v. | : | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE INC., | : | ORDER AWARDING COMPENSATION TO COURT APPOINTED CONSULTANTS DAVID R. GROSS AND FRANCIS R. MCGOVERN |
| Defendants. | : | |

{00295866.DOC}

{00295866.DOC}

This matter having been opened by the Court upon its own motion in the above-captioned Chapter 11 case and adversary proceedings; and the Court having by previous Order appointed Professor Francis E. McGovern and David R. Gross, Esq. as Court Appointed Consultants to advise the Court and undertake certain responsibilities including, but not limited to, mediation of disputes and consultations with counsel; and having directed that their fees shall be borne by the debtors in such manner and apportionment as this Court may instruct; and the Court having found that the fees and expenses requested by Professor Francis E. McGovern and David R. Gross, Esq. are reasonable and necessary to the administration of the debtor W. R. Grace & Company's estate; and for other good cause shown

IT IS on this 7TH day of JULY, 2003,

ORDERED that fees and expenses are hereby granted to Professor Frances E. McGovern in the amount of $500,000 for services rendered during the months of August, 2002, through and including December, 2002; and it is further

ORDERED that fees and expenses are hereby granted to D.R. Gross & Associates, L.L.C. on behalf of David R. Gross, Esq. in the amount of $200,000 for services rendered during the months of September, 2002 through and including October, 2002 and to Saiber, Schlesinger, Satz & Goldstein, L.L.C. on behalf of David R. Gross, Esq. in the amount of $100,000 for services rendered during the month of November, 2002; and it is further

ORDERED that the fees and expenses allowed by this Order are to be allocated as follows: 50% of the fees borne by W. R. Grace & Company, 25% of the fees borne by Sealed Air Corporation, and 25% of the fees borne by Fresenius Medical Care Holdings, Inc.; and it is further

ORDERED that W. R. Grace & Company is authorized and directed to pay:

$250,000 in fees and expenses to Professor Francis E. McGovern;

$100,000 in fees and expenses to D. R. Gross & Associates, L.L.C.; and

$50,000 in fees and expenses to Saiber, Schlesinger, Satz & Goldstein, L.L.C., and it is further

ORDERED that Sealed Air Corporation is authorized and directed to pay:

$125,000 in fees and expenses to Professor Francis E. McGovern;

{00295866.DOC}

$50,000 in fees and expenses to D. R. Gross & Associates, L.L.C.; and

$25,000 in fees and expenses to Saiber, Schlesinger, Satz & Goldstein, L.L.C.; and if is further

ORDERED that Fresenius Medical Care Holdings, Inc. is authorized and directed to pay:

$125,000 in fees and expenses to Professor Francis E. McGovern;

$50,000 in fees and expenses to D. R. Gross & Associates, L.L.C.; and

$25,000 in fees and expenses to Saiber, Schlesinger, Satz & Goldstein, L.L.C; and it is further

ORDERED that the amounts received by Professor Francis E. McGovern and David R. Gross, Esq. pursuant to this Order may be subject to disgorgement by them as may be provided in the final Order of allowance of fees and expenses at the conclusion of the above-captioned Chapter 11 case.

_____
ALFRED M. WOLIN, U.S.D.J.