UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF PITNEY, HARDIN, KIPP & SZUCH, LLP
FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Eighth Interim Fee Application of Pitney, Hardin, Kipp & Szuch, LLP (the "Application").

BACKGROUND

1. Pitney, Hardin, Kipp & Szuch, LLP ("Pitney Hardin"), was retained as special counsel to the Debtors. In the Application, Pitney Hardin seeks approval of fees totaling $120,028.00 and costs totaling $10,873.52 for its services from January 1, 2003, through March 31, 2003.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Pitney Hardin an initial report based on our review, and received a response from Pitney Hardin, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that there were occasional instances of inadequate detail listed in the time entries of Marchetta and Scordo. For future applications, we asked that Pitney Hardin advise these timekeepers to provide sufficient detail regarding each task.

### Specific Time and Expense Entries

4. In our initial report, we noted that on January 14, 2003, AM ($450) and MW ($320) spent 15.50 hours for $6,000.00 in fees preparing for and participating in a hearing. The time entries are provided below:

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 01/14/03 | A. Marchetta | 8.0 | 3,600.00 | Prepare for and participate in argument before the Court of Appeals for the Second Circuit. |
| 1/14/03 | M. Waller | 7.5 | 2,400.00 | Work with A. Marchetta on Second Circuit appellate argument and participate in same. |

Rule 2016-2(d)(ix) states, "The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Further, Paragraph II.D.5. of the Guidelines states, ". . .[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked Pitney Hardin to explain why it was necessary for multiple professionals to prepare for and attend this hearing, as well as explaining each professional's role. Pitney Hardin

responded as follows:

> The appeal at issue involved five complex insurance coverage rulings made by the District Court for the Southern District of New York and factual issues arising from approximately twelve years of litigation. Anthony Marchetta was the senior partner and supervising attorney on this matter during the litigation for insurance coverage related to hundreds of environmental sites. Michael Waller was first involved as a senior associate responsible, in part, for the day-to-day litigation activities and, later, as a partner involved in actively litigating this matter. These two attorneys have the most complete and comprehensive understanding of the legal and factual issues involved in the appeal. Mr. Marchetta and Mr. Waller worked together to prepare for the appeal, which was argued by Mr. Marchetta. Mr. Waller was present at the hearing to consult and work with Mr. Marchetta for final preparation and assist during oral argument, in particular to assist in preparation of rebuttal arguments and refer the court to many of the appendix references. As a result of their efforts, the Court of Appeals for the Second Circuit vacated and remanded one of the key rulings by the District Court thereby permitting Grace to pursue recovery of defense costs associated with approximately 200 claims.

We appreciate the response and have no objection to these fees.

5.    We further noted that during the Application period, WH ($275), DM ($180), LJ ($160), BM ($280) and MW ($320) spent a combined total of 17.00 hours and $4,187.00 on activities which, without further explanation, appear more appropriate for a professional with a lower hourly rate, or a nonprofessional. The time entries are provided below:

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 01/31/03 | W. Hatfield | 0.2 | 55.00 | Follow up on delivery to Court. |
| 01/07/03 | L. Jordan | 4.2 | 672.00 | Shepardized briefs. |
| 01/08/03 | B. Moffitt | 2.4 | 672.00 | Index joint appendix references for use at oral argument before Second Circuit. |
| 01/09/03 | B. Moffitt | 3.6 | 1,008.00 | Index joint appendix references for use at oral argument before Second Circuit. |
| 01/10/03 | B. Moffitt | 4.5 | 1,260.00 | Index additional joint appendix references for use at oral argument before Second Circuit. |
| 01/13/03 | M. Waller | 0.8 | 256.00 | Researching basis for various rulings by lower court to assist A. Marchetta prepare for oral argument. |
| 01/16/03 | B. Moffitt | 0.3 | 84.00 | Attention to obtaining record of oral argument and preparation of letter requesting same. |
| 02/23/03 | D. McKillop | 1.0 | 180.00 | Shepardize motion for reconsideration and |

retrieve and review case law for W. Hatfield.

Paragraph I.E., of the Guidelines, states ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . .". We asked Pitney Hardin to explain why a professional with a lower rate, or a nonprofessional, could not have performed these tasks. Pitney Hardin's response is provided below.

> Please see previous paragraph. Grace's reply brief in support of its appeal was 45 pages long, cited 36 cases and was prepared over several months. Just prior to submittal of the brief, L. Jordon, a first year associate, was responsible to Shepardize the cases cited in the brief and to ensure that cases cited supported each specific legal proposition. That task was appropriate for a first year associate given the number of legal opinions cited, complexity of the issues, and importance of the brief. The January 8, 9, and 10, 2003 entries pertaining to preparation of an index of "joint appendix references for use at oral argument before Second Circuit" refers to the process by which B. Moffitt, a senior associate, reviewed and analyzed the factual citations in CNA's brief and located contrary facts, both in the documents cited by CNA and in other documents contained within the record. This evidence was needed by A. Marchetta for use during oral argument before the Second Circuit, and an index of key documents was prepared so that the documents could be located immediately in response to questions posed by the Second Circuit Judges. That task was appropriate for a senior associate given the number and complexity of the factual arguments cited. Because Mr. Moffitt has been involved in this case since 1997, was responsible for compiling the record on appeal and joint appendix, and prepared portions of Grace's initial appellate brief, he was already familiar with the factual and legal arguments, allowing him to perform the task more efficiently than a junior associate less familiar with the issues. As for the referenced task performed by M. Waller in paragraph 6, please see the previous paragraph. Because of Mr. Waller's experience with the opinions involved, it was efficient for him to prepare the referenced decisions and brief those for Mr. Marchetta in preparation for oral argument on the appeal.

We believe we understand Piney Hardin's response, and we have no objection to these fees.

6.      In our initial report, we note two instances where SZ ($340) spent 9.70 hours for a cost of $3,298.00 traveling to and from Wilmington, DE and where the time entries do not describe any work performed. The non-working travel appears to have been billed at the full hourly rate. The time entries are provided below:

| | | | | |
|---|---|---|---|---|
| 01/27/03 | S. Zuber | 5.0 | 1,700.00 | Travel to and from court in Wilmington, DE for hearing on PHK&S's Special Fee Application. |
| 03/17/03 | S. Zuber | 4.7 | 1,598.00 | Travel to and from Wilmington, DE for hearing on PHK&S's Sixth Interim Fee Application (hearing canceled by court; notice did not hit docket until today, while SAZ was en route to hearing). |

Rule 2016-2(d)(viii) provides that "[t]ravel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked Pitney Hardin to provide further information on the billing rate for these time entries and to explain why a 50% reduction should not be taken. Pitney Hardin responded as follows:

> We have reduced the hourly rate for S. Zuber's travel to and from Wilmington on 1/27/03 by 50% as required. Therefore, we will accept a reduction of $1,649.00 from our invoice for that period.

We concur with the response, and thus we recommend a reduction of $1,649.00 in fees.

7.      We also noted several travel-related expense entries in the month of January totaling $51.78 which lack sufficient detail to properly review. The entries are provided below:

| | | |
|---|---|---|
| 01/14/03 | PD TRAVEL EXPENSES; BEM; UH 1/31/03 | 13.68 |
| 01/14/03 | PD TRAVEL EXPENSES; BEM; UH 1/31/03 | 20.00 |
| 01/14/03 | PD TRAVEL EXPENSES; BEM; UH 1/31/03 | 16.60 |
| 01/14/03 | PD TRAVEL EXPENSES; BEM; UH 1/31/03 | 1.50 |

With regard to expenses, the Guidelines Rule, II. E. 3. states "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed

itemization of all expense including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ." We asked Pitney Hardin to explain the nature of these charges so that we might assess their reasonableness. Pitney Hardin's response is provided below.

> The referenced expenses were incurred by B. Moffitt in traveling to and from the Second Circuit Court of Appeals in Manhattan. Mr. Moffitt's time was not billed even though he was present at oral argument and assisted A.Marchetta and M. Waller. The charges are as follows: $13.68 for automobile mileage from Florham Park, New Jersey to Penn Station, in Newark New Jersey; $20.00 for parking in Newark, New Jersey; $16.60 for train and cab fare from Newark' Penn Station to the Second Circuit Court of Appeals in New York City.

We appreciate the response and have no objection to these expenses.

## CONCLUSION

8.	Thus, we recommend approval of fees totaling $118,379.00 ($120,028.00 minus $1,649.00) and costs totaling $10,873.52 for Pitney Hardin's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 10th day of July, 2003.

_____
      Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Anthony J. Marchetta, Esq.
Pitney, Hardin, Kipp & Szuch, LLP
P.O. Box 1945
Morristown, NJ 07962-1945

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801