# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., ET AL.,[1] | ) | CASE NO. 01-01139 (JKF) |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |

### STIPULATION AND AGREED ORDER RESOLVING
### THE MOTION OF SUMMIT VENTURES, LLC (RE: D.I. 3943)

THIS STIPULATION AND AGREED ORDER is before the Bankruptcy Court on the stipulation and agreement of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Summit Ventures, LLC ("Summit"), as evidenced and indicated by the signatures hereto; and the Bankruptcy Court being advised that this Stipulation and Agreed Order has been submitted in resolution of the Motion (the "Motion") of Summit to Compel the Debtors to Assume Executory Contracts Pursuant to Section 365(d)(2) of the Bankruptcy Code; and the Bankruptcy Court being further advised of the following:

A.  On April 2, 2001, the Debtors filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and are continuing in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners 1, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the management of their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

B. On June 23, 2003, Summit filed the Motion requesting that the Court compel the Debtors to assume or reject an Option and Sale Agreement for Land (as amended) and three contracts (as amended) related to water and sewer services necessary for the development of land owned by one of the Debtors, Gloucester New Communities Co., Inc. (as more fully described in the Motion) (collectively, the "Contracts"); and

C. The Contracts provide a continuing income stream for the Debtors and the Debtors management believe that the assumption of the Contracts is in the best interests of the Debtors' estates and their creditors; and

D. The Debtors and Summit agree that, as of the date of this Stipulation and Agreed Order, the Debtors are current with respect to all provisions of the Contracts and that no amounts are due either pre-petition or post-petition under the Contracts.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2. The Debtors shall be deemed to have assumed the Contracts pursuant to Section 365 of the Bankruptcy Code as of the date of entry of this Stipulation and Agreed Order without any further action by the Debtors, Summit or the Court. The Debtors and Summit shall be required to perform their obligations pursuant to the terms of the Contracts.

3.  The Debtor and Summit agree that there is no cure amount due with respect to the Contracts. Accordingly, Summit releases the Debtors with regard to any claim, and waives its right to make demand for payment of any amount, arising prior to the date of this Stipulation and Agreed Order related to the Debtors' obligations arising under the Contracts, and the Debtors shall be deemed to have fully satisfied all claims for cure which may have been asserted by Summit pursuant to 11 U.S.C. § 365 of the Bankruptcy Code.

4.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

5.  This Stipulation and Agreed Order may be executed in any number of counterparts by the parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the parties hereto may execute this Stipulation and Agreed Order by signing any such counterpart and each of such counterparts shall for all purposes be deemed to be an original.

Dated: _____, 2003

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

GLOUCESTER NEW COMMUNITIES
COMPANY, INC., one of the Debtors

By: Christian J. Lane
Kirkland & Ellis, LLP
Its: Attorney
Dated: July 11, 2003

SUMMIT VENTURES, LLC

By: William L. Mueller
Ballard Spahr Andrews & Ingersoll, LLP
Its: Attorney
Dated: July 11, 2003

3