# EXHIBIT C

DOCS_DE:74982.1



```
                                FILED
                              AUG 1 8 2000
                            RICHARD W. WIEKING
                           CLERK, U.S. DISTRICT COURT
                         NORTHERN DISTRICT OF CALIFORNIA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel</u> ROBERT COSTA and STATE OF CALIFORNIA, <u>ex rel</u> ROBERT COSTA<br><br>Plaintiffs,<br><br>v<br><br>BAKER & TAYLOR, INC d/b/a BAKER & TAYLOR BOOKS and W.R. GRACE & CO-CONNECTICUT,<br><br>Defendants. | No. C-95-1825-VRW<br><br>ORDER.<br><br>RECEIVED<br>AUG 2 1 2000<br>PERKINS COIE |

  Before the court are former qui tam plaintiffs Costa and Thornburg's motion for attorney fees and costs and motion for entry of a FRCP 54(b) certification permitting immediate appeal. The United States filed a counter-motion to strike certain statements in defendants' opposition briefs. The court finds the matter suitable for adjudication without oral argument. See Civil LR 7-1(b). The hearing scheduled for August 24, 2000, is, therefore, VACATED. For the reasons stated below, the court DENIES the qui tam plaintiffs' motions.

Baker & Taylor, formerly owned by WR Grace, is a book wholesaler. This action originated as a qui tam action, filed by Costa, a librarian and Thornburg, a former employee of Baker & Taylor. The lawsuit alleges that Baker & Taylor engaged in fraudulent practices in selling books to libraries, universities and other government institutions. These activities are described in detail in the court's previous orders and need not be repeated here. The United States, the State of California and fourteen other states intervened as plaintiffs. The court previously dismissed the qui tam plaintiffs, ruling that Thornburg's action was barred by the statute of limitations and that Costa was not himself a source of information leading to the lawsuit and was, therefore, barred by 31 USC § 3730(e)(4)(A). See March 20, 1998 and March 9, 1999 Orders. The United States settled with defendant Baker & Taylor for $3,000,000. The remaining parties notified the court on December 10, 1999 that they have also agreed to settle.

The qui tam plaintiffs seek FRCP 54(b) certification so that they can appeal the court's dismissal of them as qui tam plaintiffs without having to wait until final judgment in this matter. Rule 54(b) permits the court to direct final entry of judgment as to some claims before the entry of judgment of all the claims of all parties. Because it is generally preferable to have one appeal rather than splitting a case for separate determinations, Rule 54(b) certification is granted only in exceptional circumstances. See Morrison-Knudsen Co v Archer, 655 F2d 962, 965 (9th Cir 1981). Certification requires the court to find that "there is no just reason for delay" in entering judgment. FRCP 54(b).

The qui tam plaintiffs argue that they merit an immediate appellate determination because their rights are compromised while the lawsuit proceeds without them. Given that the United States Attorney and the attorneys general of fifteen states are still ably pursuing the matter against the defendants, this argument is unpersuasive. The governments have been assiduously prosecuting the matter and the participation of the qui tam parties is not necessary, especially in light of the parties' recent announcement that they are near settlement. The court finds that there are no compelling reasons to permit Thornburg and Costa to seek appellate review at this juncture. This matter is approaching conclusion and allowing separate appeals would be inefficient.

The qui tam plaintiffs also request that the court award them attorney fees and costs. They contend that since the lawsuit resulted in a settlement for the United States, they should be entitled to participate in the recovery. The United States has already agreed to pay them $450,000 from its settlement with Baker & Taylor. The defendants dispute the legality of the United States' action. The qui tam plaintiffs argue that because the United States believes that they deserve to participate in the settlement proceeds, the court should also reward them by bestowing on them the fees and costs due successful qui tam plaintiffs pursuant to the statute. But a qui tam plaintiff must be a valid relator before he is entitled to recovery. The ultimate success of the United States in recovering does not compel the court to reward dismissed parties.

In denying recovery in a similar scenario, the Fifth Circuit stated that "only parties that are properly a part of the

qui tam action are statutorily entitled to the award of attorneys' fees and expenses." Federal Recovery Services, Inc, 72 F3d 447, 450 (5th Cir 1995). The court sees no reason to stray from this sensible principle. Once the court dismissed Thornburg and Costa as improper qui tam plaintiffs, their right to seek expenses and costs under the statute vanished. They cite no case in which a court has awarded such fees to dismissed plaintiffs. The court declines to take this extraordinary measure.

    The United States moves the court to strike portions of defendants' opposing briefs which accuse the United States of acting unlawfully by sharing the proceeds of its settlement with the qui tam plaintiffs. Deeming defendants' contentions as "scurrilous and inflammatory accusations," the United States asks the court to strike defendants' opposition papers and require them to file amended pleadings so that the supposedly offending passages will not be on the record. Presumably, the United States is bringing this motion under FRCP 12(f), although nowhere does the government cite the rule, and – as it turns out – for good reason.

    The government's position is groundless. "Under the express language of [FRCP 12(f)], only pleadings are subject to motions to strike." Sidney-Vinstein v A H Robins Co, 697 F2d 880, 885 (9th Cir 1983). A brief is not a pleading. See FRCP 7.

    Furthermore, FRCP 12(f) permits the court to strike material that is "redundant, immaterial, impertinent, or scandalous." The government has not established that defendants' statements fall into any one of these categories. "A motion to strike should not be granted unless it is clear that the matter to be stricken can have no possible bearing on the subject matter of

4

the litigation." San Bernardino Public Employees Association v Stout, 946 FSupp 790, 803 (CD Cal 1996). Regardless whether the False Claims Act permits the payments made here – an issue not before the court at this time – defendants are entitled to present their view of the law. Defendants' arguments regarding this disputed aspect of the False Claims Act are indisputably relevant to the motions before the court. According, the United States' motion to strike defendants' opposition is DENIED.

For the reasons stated above, the court DENIES the qui tam plaintiffs' motions for FRCP 54(b) certification and for costs and fees.

IT IS SO ORDERED.

VAUGHN R. WALKER
United States District Judge