UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF CARELLA, BYRNE,
## BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
## FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for the Eighth Interim Period (the "Application").

### BACKGROUND

1.     Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") was retained as Special Litigation and Environmental Counsel to Debtors. In the Application, CBBG seeks approval of fees totaling **$413,932.00** and costs totaling **$28,040.43** for its services from **January 1, 2003, through March 31, 2003**.

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on CBBG an initial report based on our review, and received a response from CBBG, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that JMA and RCS continue to lump their time entries. Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." This has been noted in previous reports. We asked that CBBG advise these professionals to avoid lumping their time entries in the future. CBBG's explanation is provided as Response Exhibit 1. We appreciate the response.

### Specific Time and Expense Entries

4. In our initial report, we noted that on March 30, 2003, JMA, MEF and RCS participated in a conference call. The total time spent including preparation time was 21.00 hours for $5,792.50. The entries are provided below.

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 03/30/03 | JMA | 10.00 | 3400.00 | Post trial issues - ...............; conference call with C. Marraro, B. Hughes, MEF and RCS re: finalize exchange copy of Grace Defendants' Findings of Fact |
| 03/30/03 | MEF | 5.50 | 1237.50 | Conference call with JMA, RCS, CHM and WFH re revisions to findings of fact |
| 03/30/03 | RCS | 5.50 | 1155.00 | Conference call with John Agnello, Melissa Flax, Chris Marraro and Bill Hughes to review Grace defendants proposed findings of fact |

Paragraph II.D.5.of the Guidelines states, ". . .[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We asked CBBG to explain why it was necessary for three professionals to participate in this conference call. CBBG's response is provided as Response Exhibit 2. We believe we understand the response and thus have no objection to these fees.

5. We noted two entries for meal expenses dated January 6 and January 21, 2003, respectively. The total for both expenses is $73.70. The entries are provided below.

| | | | | | | |
|---|---|---|---|---|---|---|
| 01/06/03 | Meals | JMA | LIB. | DELI | 1/3 | 39.49 |
| 01/21/03 | Meals | JMA | M&M | 1/21 | #965738 | 34.21 |

Paragraph I.E. of the Guidelines states, ". . . it is relevant to consider . . .[w]hether the expense is reasonable and economical." For each entry, we asked that CBBG provide explanation and/or documentation showing the number of meals, number of diners, and whether the meal expense references breakfast, lunch or dinner. CBBG responded as follows:

> On January 3, 2003, in preparation for trial, a meeting was conducted at Carella Byrne's office. The participants at that meeting were JMA, Christopher H. Marraro, Esq. (co-lead counsel), Phil Goad (Grace's consultant), Elizabeth Anderson (Grace's expert in the areas of human health and ecological risk assessments), and Jim Lappe, Elizabeth Anderson's assistant. The attendees at the meeting worked through lunch and, therefore, lunch was provided for them. The average cost per person was $7.90. A copy of the bill is attached hereto as Exhibit A.

> On January 20, 2003 (incorrectly designated as January 21, 2003 on the bill), in preparation for trial, a meeting was conducted at Carella Byrne's office. The participants at that meeting were JMA, Christopher H. Marraro, Esq. (co-lead counsel), Phil Goad (Grace's consultant) and Peter Chapman (Grace's expert in the fields of ecological risk assessments and sediment contamination). The attendees at the meeting worked through lunch and, therefore, lunch was provided for them. The average cost per person was 8.55. A copy of the bill is attached hereto as Exhibit B.

We appreciate the response and have no objection to these expenses.

6. In our initial report, we noted a travel expense entry of $50.00 on February 11, 2003, for which there is insufficient information. The entry is provided below.

02/11/03    Travel Expense    JMA 2/3, 2/4, 2/5, 2/6    50.00

Paragraph II. E. of the Guidelines states, "Factors relevant to a determination that the expense is proper include the following: . .3. Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), . . ." We asked CBBG to forward sufficient explanation and/or documentation regarding the entry so that we may fairly judge its merits in accordance with the prescribed guidelines. CBBG responded as follows:

> The trial in the *ICO* matter commenced on January 14, 2003 and was conducted on January 15, 16, 21, 22, 23, 27, 28, 29 and 30, 2003 and on February 3, 4, 5, 6 and 11, 2003. The travel expense referenced for JMA on 2/3 and 2/4 reflect parking expenses at the courthouse at a rate of $10.00 per day. The travel expense referenced for JMA on 2/5 and 2/6 reflect parking expenses at the courthouse at a rate of $10.00 per day, as well as two (2) $5.00 parking expenses at the hotel where the trial team headquarters was located and both expert and fact witnesses were lodged. On 2/5 and 2/6, JMA met with expert/fact witnesses in preparation for trial at the trial team's headquarters. A copy of JMA's expense sheet is attached hereto as Exhibit C.

We appreciate the response and have no objection to this expense.

## CONCLUSION

7. Thus, we recommend approval of fees totaling **$413,932.00** and costs totaling **$28,040.43** for CBBG's services from **January 1, 2003, through March 31, 2003**.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 15th day of July, 2003.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

John M. Agnello
CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
6 Becker Farm Road
Roseland, N.J. 07068-1700

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

In Carella Byrne's Eighth Quarterly Verified Application for Compensation for Services and Reimbursement of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Interim Period from January 1, 2003 through March 31, 2003, Carella Byrne addressed the issue of "lumping" of time at pages 6 to 7, explaining as follows:

One of the issues that the Fee Auditor has raised with respect to previous quarterly fee applications is that of "lumping" of time. In connection with the preparation for the trial in the *ICO* matter and the preparation of the Findings of Fact and Conclusions of Law, multiple tasks are being performed simultaneously which makes it difficult, if not impossible in some cases, to ascertain precisely how much time was spent on a particular task. For instance, with the preparation for trial, there are various tasks engaged in when preparing a witness for trial or preparing for the examination or cross-examination of any given witness. The review normally entails reviewing expert reports and deposition transcripts, as well as either telephone calls and/or emails with co-counsel regarding trial strategy. The task itself is preparation for trial. The general task of "Trial Preparation" therefore included multiple sub-tasks as identified in CBBG's fee detail.

Part of the trial preparation included the issuance of forty (40) trial subpoenas. In response to each of the trial subpoenas, MEF received numerous telephone calls and was required to send information to a majority of the subpoenaed witnesses. The task itself was trial preparation – trial subpoenas which included multiple sub-tasks as identified in CBBG's fee detail.

With respect to post-trial issues, the task is either (a) preparation of Findings of Fact, (b) preparation of Conclusions of Law, (c) preparation of final trial exhibit lists with comments to and from all parties and/or (d) preparation of various stipulations relating to certain documents and past costs incurred by the Grace Defendants and Honeywell. Undertaking the task of preparation of these papers include sub-tasks as identified in CBBG's fee detail.

The time entries referenced in the foregoing paragraphs are: MEF (1/2/03; 1/3/03; 1/6/03; 1/7/03; 1/8/03 (2 entries); 1/9/03 (2 entries); 1/10/03; 1/13/03; 1/14/03; 2/10/03; 2/13/03; 3/7/03); JMA (1/10/03; 1/12/03; 1/17/03; 2/10/03; 2/12/03; 2/13/03; 2/14/03; 2/15/03; 3/3/03; 3/4/03; 3/5/03; 3/11/03 (2 entries); 3/17/03; 3/18/03; 3/19/03; 3/20/03; 3/22/03; 3/24/03; 3/25/03; 3/26/03; 3/27/03; 3/28/03; 3/30/03; 3/31/03); RCS (2/12/03; 3/7/03).

Thus, for example, JMA's and RCS's time entries include specific detail relating to the tasks performed but because those tasks are sometimes inextricably interrelated, a separate entry for each task was not recorded. JMA's time entry on March 17, 2003 is an example of this:

```
03/17/03 JMA Post trial issues - review trial transcripts     7.00  2380.00
             and exhibits in evidence for Findings of Fact;
             prepare Findings of Fact
```


As can be seen from the above time entry, although the task is preparation of Findings of Fact, the inextricably interrelated tasks were reviewing trial transcripts and trial exhibits in evidence. Again, these tasks are performed in a manner, which does not lend it to allow an independent time entry.

JMA and RCS will avoid "lumping" of time in the future for tasks which are capable of being recorded in discrete time intervals. Again, the simultaneous/consecutive performance of multiple tasks sometimes makes it impossible to avoid lumping.

Response Exhibit 2

JMA is co-lead trial counsel with Christopher H. Marraro, Esq. of Wallace, King, Marraro & Branson.  As co-lead trial counsel, JMA had overall responsibility for preparing portions of the Findings of Fact and Conclusions of Law.  He along with Christopher Marraro, Esq. was ultimately responsible for the Grace Defendants' Findings of Fact and Conclusions of Law submitted to the Court.  JMA's participation in the preparation and content of the Grace Defendants' Findings of Fact and Conclusions of law was essential to the Grace Defendants' claims and defenses and to their trial and post-trial strategy.

MEF is part of the litigation trial team.  As part of the litigation trial team, MEF's participation was required because MEF was responsible for drafting portions of the Findings of Fact and Conclusions of Law.  In addition, MEF was also responsible for the coordination and preparation of the Findings of Fact and Conclusions of law to be filed with the Court.
RCS is part of the litigation trial team.  As part of the litigation trial team, RCS's participation was required because RCS was responsible for preparing portions of the Findings of Fact and Conclusions of Law.  RCS was also responsible for verifying the accuracy of citations to the trial transcripts and the trial exhibits admitted into evidence, which totaled in excess of 5000 documents.

On Saturday, March 30, 2003, a conference call was conducted between C. Marraro and B. Hughes, of Wallace King in Washington, DC and JMA, MEF and RCS in New Jersey.  The purpose of the conference call was to finalize the preliminary version of the Grace Defendants' Findings of Fact, which the Court ordered be exchanged by and between the parties before the final version was filed with the Court.  JMA, MEF, RCS, C. Marraro and Bill Hughes each prepared portions of the Findings of Fact (which totaled 170 pages containing 24 separate sections) which had to be reviewed, revised and coordinated to ensure there were no inconsistencies, errors, omissions, and/or duplications.  This task involved reviewing each of the 170 pages.  The conference call lasted for 5.5 hours.

Paragraph 4 of the Fee Auditor's Initial Report states, "The total time spent including preparation time was 21.00 hours for $5,792.50."  JMA's time entry included 4.50 hours that were not "preparation" for the conference call.  Rather, the additional work performed by JMA on 3/30/03 was work independent from the conference call.  JMA's participation in the conference call was limited to 5.50 hours.