UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: § | |
| § | Chapter 11 |
| W.R. GRACE & CO., et al § | Jointly Administered |
| § | Case No. 01-1139 (JJF) |
| Debtors § | |

FEE AUDITOR'S FINAL REPORT REGARDING
APPLICATION OF THE OFFICIAL COMMITTEE OF
ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Application of the Official Committee of Asbestos Property Damage Claimants for the Eighth Interim Period (the "Application").

BACKGROUND

1. The Official Committee of Asbestos Property Damage Claimants (the "Committee") was appointed by the United States Trustee to represent the interests of the asbestos property damage claimants in the Consolidated Cases. In the Application, the Committee seeks approval of costs totaling $1,880.35 for reimbursement of expenses incurred between October1, 2002, through April 30, 2002, by Lukins & Annis, P.S. ("Lukins & Annis"), counsel to Marco Barbanti.[1]

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective

---

[1] Because of the irregular nature of the Committee's expense filings, the dates covered in the Application fall both before and after the official interim period.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR re Property Comm 8th int 1-3.03.wpd

February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on the Committee an initial report based on our review, and received a response from the Committee, portions of which response are quoted herein.

## DISCUSSION

Specific Time and Expense Entries

3.      In our initial report, we noted lodging charges of $445.22 that, without greater detail, appear to be excessive. The entry is provided below.

04/1/03 - 04/30/03      Lodging @ Hyatt Hotel for 4/11 PDC mtg. In Miami      $445.22

Paragraph II.E.1.of the Guidelines states, ". . .[f]actors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." We asked the Committee to provide documentation regarding the number of nights lodging described by the entry. The Committee's response is provided below.

> The Report requests documentation regarding the request for reimbursement of lodging expenses. Attached hereto as Exhibit 1 is a copy of Darrell Scott's folio from his stay at the Hyatt Hotel in Coral Gables, Florida. As evidenced by the folio, Mr. Scott's stay in Miami was for 2 nights, at an average per night charge of $197.00 (excluding taxes). As Mr. Scott resides in the State of Washington and had to travel across the country to attend the meeting of the Committee, it was not possible for him to fly in and out of Miami on the same day.

We accept the explanation and have no objection to these expenses.

4.   We further noted an entry of $143.94 for meal expenses that also requires greater explanation. The entry is provided below.

| | | |
|---|---|---|
| 04/1/03 - 04/30/03 | 2 Meals @ Diego Restaurant for 4/11 PDC mtg. in Miami & 1 Meal @ Airport Café/ Snack Bar | $143.94 |

We asked the Committee to forward documentation describing the cost of each meal, the number of diners at each meal, and whether the meal expense was for breakfast, lunch or dinner. The Committee responded as follows.

> The Fee Auditor requests additional information regarding the request for reimbursement of certain meal expenses. Attached hereto as Exhibit 2 is a redacted copy of Mr. Scott's credit card statement and the receipts from the vendors subject of the request for reimbursement. The majority of the amount requested ($136.41) is comprised of two dinners that Mr. Scott had while in Coral Gables, Florida, in close proximity to Mr. Scott's hotel. The remainder was for food expenses incurred at the airport en route to and from Miami. As you can see, Mr. Scott is requesting reimbursement for only one meal per day.

We understand this argument as stating that since Mr. Scott seeks reimbursement for only one meal a day, the two dinners totaling $136.41 should not be viewed as excessive. However, the Code allows reimbursement for actual, necessary expenses, and we are only presented with these dinner expenses. As we suggest a reasonable per-person ceiling of $35.00 for dinner, we therefore recommend a reduction of $66.41 in Mr. Scott's expenses.

## CONCLUSION

5.   Thus, we recommend approval of costs totaling $1,813.94 ($1,880.35 minus $66.41) for reimbursement of expenses incurred between October1, 2002, through April 30, 2002, by Darrell Scott of Lukins & Annis during service to the Committee.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 17th day of July, 2003.

_____
     Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Jay M. Sakalo, Esq.
Official Committee of Asbestos Property
Damage Claimants
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801