# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF KIRKLAND & ELLIS
## FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Kirkland & Ellis for the Eighth Interim Period.

## BACKGROUND

1.    Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis (K&E) seeks approval of fees totaling $524,147.50 and costs totaling $16,881.70 for its services from January 1, 2003, through March 31, 2003.

2.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States

Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.　　In our initial report, we noted that Kapp, Landau, Lane, Baer, Higgins, Davis, Bernick, Browdy, Fabian, Grummer, Keller and Running often failed to provide adequate detail in their time entries.  Paragraph II.D.5. of the Guidelines states, ".... Services should be noted in detail ..., with each service showing a separate time entry; ...."  We asked  Kirkland & Ellis to remind these professionals of the need to provide sufficient detail in each time entry.  K&E responded as follows:

> K&E has worked, and will continue to work, with its professionals to endeavor to be more descriptive of their tasks.

We appreciate the response.

### Specific Time and Expense Entries

4.　　In our initial report, we again noted that Kapp has numerous entries for "review pleadings and correspondence and distribute same."   In prior reports we questioned the efficacy of Mr. Kapp spending so much time reviewing and distributing these pleadings and correspondence. We accepted Kirkland & Ellis' explanation that Mr. Kapp was "the most cost-efficient person to perform this task because of his knowledge of the responsibilities of the various members of the K&E team."  However, in January 2003 alone, Kapp ($510) and Pope ($190) spent 25.90 hours for $6,169.00 on "reviewing pleadings and correspondence and distributing same."   (See Exhibit A.) We asked K&E to explain how Kapp's review and distribution expertise substantively differs from

that of Pope's.  K&E responded as follows:

> The Initial Report notes certain time entries by Mr. Kapp for "review pleadings and correspondence and distribute same."  Mr. Kapp, a bankruptcy specialist and K&E partner, supervises the entire bankruptcy case and specifically the bankruptcy team and is generally responsible for all bankruptcy-related matters in these chapter 11 cases.  A knowledgeable individual must review bankruptcy-related documents and correspondence to determine which members of the K&E bankruptcy team should receive and attend to issues presented in such materials.  Ms. Pope is a legal assistant in the litigation department.  Ms. Pope reviews pleadings and correspondence referring to litigation matters and determines which members of the litigation team receive and attend to issues presented in such materials.  She is responsible for overseeing the critical dates and crucial deadlines within all litigation matters.  As a result of this division of responsibilities, Mr. Kapp and Ms. Pope are reviewing substantially different documents and correspondence.  Nonetheless, K&E will continue to endeavor to ensure that staff is used in the most prudent and economic manner.

We appreciate and accept this explanation; however, in order to avoid the continuing nomenclature issue, we would urge Mr. Kapp to be as specific as possible in his descriptions of the materials he reviews.

5.    We further noted that between January 17 and 31, 2003, CJL and JWK spent a total of 42.00 hours and $17,676.00 on research and preparation of a DIP financing renewal motion.  The entries are provided below.

| 01/17/03 | CJL | 2.50 | Review precedent for DIP financing renewal motion (2.0); office conference re same (.5). |
|---|---|---|---|
| 01/21/03 | CJL | 2.00 | Review precedent for DIP financing renewal motion (1.5); telephone conferences with client re same (.5). |
| 01/22/03 | CJL | 2.50 | Review and consider precedent for DIP financing renewal motion (2.0); telephone conferences with client re same (.5). |
| 01/23/03 | CJL | 2.50 | Review precedent for DIP financing renewal motion (1.5); telephone conferences with client re same (1.0). |
| 01/24/03 | CJL | 3.00 | Review precedent for DIP financing renewal motion and order (2.0); |

prepare for and participate in conference calls re same (1.0).

| 01/27/03 | CJL | 3.50 | Review precedent for and draft DIP financing renewal motion and order (2.5); prepare for and participate in conference calls re same (1.0). |
| 01/28/03 | CJL | 5.50 | Review precedent for and draft DIP financing renewal motion and order (3.2); prepare for and participate in conference calls re same (1.0);............ |
| 01/29/03 | CJL | 9.80 | Review and revise DIP financing renewal motion and order (5.5); consider issues and review strategy re same (2.0); prepare for and participate in conference calls re same (2.0); prepare for and participate in office conference re DIP renewal issues (.3). |
| 01/30/03 | JWK | 0.40 | Develop strategies re extension of DIP agreement |
| 01/30/03 | CJL | 4.30 | Review precedent for and revise DIP financing renewal motion (2.8); prepare for and participate in conference calls re same (1.5). |
| 01/31/03 | CJL | 6.00 | Prepare for and participate in conference re DIP renewal (2.0); telephone conferences with client re same (.3); revise motion and order (3.5) |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked K&E to explain why this motion required so much time to complete. K&E's response is provided below.

> The renewal of the debtor in possession financing was a critical piece of the Debtors' continuing restructuring efforts. The Debtors' $250 million credit facility was set to expire on April 2, 2003. In order to have the motion set for hearing prior to the expiration of the facility, the motion had to be filed by February 10, 2003. The Debtors and their lenders did not reach an agreement on the basic terms of the renewal until mid-January. Because of the timing of the agreement on the basic terms of the renewal, it was far from certain that the Debtors and their lenders would have a final agreement in time for the filing deadline. Given the importance to the

Debtors of the continuing availability of financing, K&E was also required to develop a strategy for the temporary extension of the financing in the event that Bankruptcy Court approval of the renewal was delayed in any way. Developing the temporary extension strategy required additional research and the drafting of an alternate motion.

The time expended in January 2003 related to drafting the motion, developing alternate strategies for temporary extension, researching and drafting in conjunction with the extension strategy, conferring with the Debtors' in-house financial team and the lenders' agent and counsel, participating in the negotiation of the terms of the renewal and revising the motion based on their input and the changing provisions of the renewal.

We believe we understand the explanation and thus have no objection to these fees.

6.    In our initial report, we noted that between January 9 and 23, 2003, five (5) professionals spent a total of 28.60 hours and $9,354.50 on preparation of a response to a fee auditor's report regarding the sixth quarterly fee application. (See Exhibit B.) Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked K&E to explain why this response required five professionals and so much time to complete. K&E responded as follows:

To efficiently cope with this immense workload, K&E has adopted a team approach, with various parts of the team concentrating on particular issues. In responding to the fee auditor's report regarding the sixth quarterly fee application, K&E's attorneys performed a variety of tasks to efficient and accurately prepare the response. The vast majority of this time was spent by the attorney responsible for fee application preparation, Roger Higgins, together with the legal assistant responsible for fee application preparation, Toni Wallace, responding to a great number of very detailed inquiries in the fee auditor's reports. The rest of the attorney time was spent by the timekeepers themselves coordinating with Mr. Higgins in order to respond to these inquiries and reviewing and approving particular sections of the response drafted by Mr. Higgins. K&E has spent, and will continue to spend, its time judiciously in preparing fee applications and responding to various inquiries regarding its fees.

We appreciate the response and offer no objection to these fees.

7.    We also noted that between February 3 and 28, 2003, Baer ($625), Nylen ($255) and Anderson($115) spent a total of 195.20 hours and $65,844.00 on research and preparation of a brief in connection with the Gerard appeal. (See Exhibit C.)  We asked K&E to explain why this brief required so many hours to research and prepare.  K&E's explanation is provided as Response Exhibit 1.  We appreciate the response and have no objection to these fees.

8.    In our initial report, we noted that on March 6, 2003, JWK ($510) has a time entry listed as 1.30 hours for a total fee of $663.00.  The parenthetical entries total only 1.10 hours and $561.00.  The difference in fee total is $102.00.  The complete entry is provided below.

| | | | |
|---|---|---|---|
| 03/06/03 | JWK | 1.30 | Review pleadings and correspondence (.1); review article in Daily Bankruptcy Review re exclusivity motion (.1); prepare correspondence to D. Siegel and M. Shelnitz re exclusivity motion (.1); review motion of DK Acquisition Partners to trade bank debt (.8) |

We asked K&E to review the entry and respond as to whether this is an inadvertent error.  K&E's response is provided below.

Based upon a review of the attorney's notes, Mr. Kapp's time for March 6, 2003 should be 1.1 hours.  K&E agrees with the reduction of $102.00.

We appreciate the response, and thus we recommend a reduction of $102.00 in fees.

9.    We noted that between March 3 and 6, 2003, Wang ($235) spent a total of 22.70 hours  and $5,334.50 on research and preparation of a memorandum regarding Code Section 263.  The entries are provided below.

| | | | |
|---|---|---|---|
| 03/03/03 | XW | 2.70 | Research re tax issues, including section 263. |
| 03/04/03 | XW | 9.80 | Research re proposed regulation under Code section 263. |
| 03/05/03 | XW | 6.20 | Research re proposed regulations (4.2); revise internal memos to reflect results of research (2.0). |

| 03/06/03 | XW | 4.00 | Research re proposed regulations under Code section 263 (2.5); revise memos with results of research (1.5). |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . ." We asked K&E to explain why this memorandum required so many hours to prepare. K&E responded as follows:

> Ms. Wang conducted research on the impact of new proposed regulations under Internal Revenue Code section 263 on the deductibility of bankruptcy expenses and revised two existing memoranda regarding the legal aspects of the Debtors' obligations and options with respect to certain tax issues related to their chapter 11 cases. The research included a thorough review and analysis of the proposed regulations and an analysis of whether the proposed regulations would affect any part of the analysis and conclusions in the memoranda. Ms. Wang also reviewed the accuracy of the revised memoranda in light of the interaction between the existing regulations and the new regulations. The research and revision of the memoranda was important to the Debtors' operations because the new regulations contain certain rules related to whether bankruptcy expenses could be currently deductible, should be capitalized or must be permanently disallowed. Without the analysis of the proposed regulations and the updating of the memoranda, the Debtors' may not have been adequately prepared for the potential impact of the proposed regulations on their tax planning.

We appreciate the explanation and have no objection to these fees.

## CONCLUSION

10.    Thus, we recommend approval of fees totaling $524,045.50 ($524,147.50 minus $102.00) and costs totaling $16,881.70 for K&E's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:

       Warren H. Smith
       Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 17th day of July, 2003.

Warren H. Smith

Exhibit A

| 01/02/03 | JWK | 0.40 | Review pleadings and correspondence and distributing same (.1);...... |
| 01/02/03 | SAP | 4.00 | ........; review, analyze and distribute correspondence to responsible attorney for action (1.0). |
| 01/03/03 | JWK | 0.40 | Review pleadings and correspondence and distributing same. |
| 01/03/03 | SAP | 5.00 | ........; review, analyze and distribute correspondence to responsible attorney for action (1.5);............ |
| 01/06/03 | SAP | 3.00 | Review, analyze and distribute correspondence to responsible attorney for action (1.0);............. |
| 01/07/03 | JWK | 0.30 | Review pleadings and correspondence and distributing same. |
| 01/07/03 | SAP | 3.50 | Review, analyze and distribute correspondence to responsible attorney for action (1.0);............. |
| 01/08/03 | SAP | 2.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0). |
| 01/09/03 | JWK | 0.20 | Review and revise pleadings and correspondence and distribute same. |
| 01/09/03 | SAP | 3.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);............. |
| 01/10/03 | SAP | 7.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (2.0);.......... |
| 01/13/03 | JWK | 0.80 | Review and distribute pleadings and correspondence (.6);........ |
| 01/13/03 | SAP | 4.50 | ............; review, analyze and distribute correspondence to responsible attorney for action (2.0). |
| 01/14/33 | JWK | 0.50 | Distribute pleadings and correspondence (.4);........ |
| 01/14/03 | SAP | 4.80 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);.......... |
| 01/15/03 | JWK | 0.20 | Review and revise pleadings and correspondence and distribute same. |

| 01/15/03 | SAP | 3.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (2.0). |
| 01/16/03 | JWK | 0.20 | Review pleadings and correspondence and distribute same (.1);..... |
| 01/17/03 | JWK | 0.10 | Review pleadings and correspondence and distribute same. |
| 01/17/03 | SAP | 6.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (2.0);......... |
| 01/20/03 | SAP | 4.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |
| 01/21/03 | SAP | 4.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |
| 01/22/03 | JWK | 0.70 | Review pleadings and correspondence and distribute same (.5);..... |
| 01/22/03 | SAP | 4.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |
| 01/23/03 | JWK | 0.6 | Review pleadings and correspondence and distribute same (.2);..... |
| 01/23/03 | SAP | 4.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |
| 01/24/03 | SAP | 3.00 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |
| 01/27/03 | JWK | 0.4 | Review pleadings and correspondence and distribute same (.3);..... |
| 01/27/03 | SAP | 4.30 | ............; review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |
| 01/28/03 | SAP | 3.50 | Review, analyze and distribute correspondence to responsible attorney for action (1.0);......... |

Exhibit B

| 01/09/03 | RJH | 1.30 | ..........; review and analyze fee auditor report on $6^h$ quarter (.5). |
|---|---|---|---|
| 01/10/03 | TLW | 0.50 | Review fee auditor's report re sixth quarterly fee application. |
| 01/10/03 | JSB | 1.20 | Review fee auditor's initial report re 6th application (.5); consider response re same (.4); office conference re same (.3). |
| 01/10/03 | JWK | 0.40 | Review fee auditor initial report re fee application for sixth interim period. |
| 01/13/03 | TLW | 3.50 | Review fee auditor's initial report re sixth quarterly fee application (.1); retrieve copies of expense reports for review and response to same (.4); draft response and exhibits to report re travel expenses (1.0); prepare summary charts for response to fee billed to Fee Application matter (2.0). |
| 01/13/03 | JSB | 0.30 | Analyze issues re fee applications, response to fee auditor and fraudulent conveyance fee applications. |
| 01/13/03 | RJH | 3.00 | Draft response to fee auditor's sixth quarter initial report. |
| 01/14/03 | TLW | 2.80 | Continue drafting response, exhibits and summary charts in response to fee auditor report re sixth quarterly fee application (1.5);........ |
| 01/14/03 | MEG | 0.40 | Prepare response to fee auditor inquiry re Paul Peronard deposition preparation and coverage. |
| 01/15/03 | TLW | 2.30 | Revise response and exhibits to fee auditor report (2.0); prepare project category summary spreadsheet for sixth quarterly fee period and forward same to L. Ferdinand (.3). |
| 01/15/03 | RJH | 1.50 | Prepare response to fee auditor's sixth quarter initial report |
| 01/17/03 | TLW | 5.00 | ......; finalize exhibits to fee auditor report response (1.2); internal conferences with R. Higgins re same (.3);.......... |
| 01/17/03 | RJH | 0.80 | Draft response to sixth quarterly Initial Report. |
| 01/20/03 | RJH | 3.80 | Prepare response to fee auditor's report re sixth quarterly |

|            |     |      | period. |
|------------|-----|------|---------|
| 01/20/03   | JWK | 0.60 | Develop response to fee auditors' initial report for the sixth period. |
| 01/21/03   | RJH | 1.60 | Revise response to fee auditor's initial report on sixth quarter fee application |
| 01/21/03   | JWK | 0.80 | Revise response to fee auditor's report for sixth interim |
| 01/22/03   | TLW | 1.00 | Collect additional backup information for response to fee auditor report (.6); office conference re same (.3); telephone conference with V. Johnson re same (.1). |
| 01/22/03   | RJH | 1.80 | Revise response to fee auditor's initial report on sixth quarter K&E fees (1.5); internal conference re same (.3). |
| 01/22/03   | JWK | 0.50 | Review and revise response to fee examiner's report for sixth period. |
| 01/23/03   | RJH | 0.60 | Revise response to fee auditor's initial report re sixth quarter. |
| 01/23/03   | JWK | 0.50 | Revise response to Fee Auditors interim report for sixth period. |

Exhibit C

| | | | |
|---|---|---|---|
| 02/03/03 | STN | 2.00 | Legal research re turnover claims and setoff (1.8); review appellant brief in Gerard appeal (.2). |
| 02/04/03 | JSB | 1.90 | ..........; office conference re response to C. Gerard appellate brief (1.0);....... |
| 02/04/03 | STN | 2.30 | Review appellant's brief in Gerard appeal (1.3); office conference re same (1.0). |
| 02/05/03 | STN | 2.00 | .......; collect and review case law re Gerard appeal (1.3). |
| 02/06/03 | AVA | 3.10 | Retrieve and review case precedent pleadings for attorney's review and conference re same (.9); research on Westlaw re case precedent re Gerard brief and organize and conferences re same (2.2). |
| 02/06/03 | STN | 1.70 | Research re turnover actions and setoff (1.4); collect and review cases re Gerard appeal (.3). |
| 02/07/03 | STN | 1.60 | Review case law in connection with Gerard appeal. |
| 02/09/03 | STN | 4.00 | Review appellant's case law in Gerard appeal and consider distinguishing characteristics. |
| 02/10/03 | JSB | 1.30 | Confer with D. Smith re Gerard brief (.3); review Federal Mogul ruling re Gerard (.5);.................... |
| 02/10/03 | STN | 6.80 | Review and distinguish appellant's case law in Gerard appeal. |
| 02/11/03 | STN | 6.90 | Review and distinguish appellant's case law in Gerard appeal (5.0); office conference re same (.3); draft outline of appellee's brief (.6); review Maryland Casualty settlement agreement (1.0). |
| 02/13/03 | JSB | 1.70 | Review correspondence on California settlement agreement (.2); review materials re Gerard cause of action re Maryland Casualty for Gerard appeal (1.5). |
| 02/13/03 | STN | 5.60 | Draft outline of brief re Gerard appeal. |
| 02/14/03 | JSB | 2.50 | Assemble materials and review additional Maryland materials for Gerard appellate brief (1.0); begin preparation of Gerard appellate brief (1.5). |

| | | | |
|---|---|---|---|
| 02/14/03 | STN | 6.00 | Draft appellate brief for Gerard appeal. |
| 02/15/03 | STN | 7.30 | Draft appellate brief for Gerard appeal. |
| 02/16/03 | STN | 10.00 | Draft appellate brief for Gerard appeal. |
| 02/17/03 | JSB | 4.80 | Continue preparation of Gerard appellate brief (1.0);..........; revise draft Gerard appellate brief (background, introduction and statement of facts (2.5); office conference re Gerard brief and review draft re same (1.0). |
| 02/17/03 | STN | 8.80 | Draft appellate brief for Gerard appeal (4.5); office conference re same (.3); legal research re agency law in connection with drafting brief (3.5); review pleadings re preliminary injunction (.5). |
| 02/18/03 | JSB | 3.80 | Confer with J. Posner re Gerard appeal and Maryland insurance issues (.3); office conference re issues for Gerard brief (.5); review documents re Maryland Casualty claims re Gerard appellate brief (3.0). |
| 02/18/03 | STN | 11.30 | Legal research re agency law (.3); draft appellate brief for Gerard appeal (10.5); multiple office conferences re same (.5). |
| 02/19/03 | JSB | 2.90 | ..........; confer re status of Gerard appeal (.3); revise draft Gerard appellate brief (1.8). |
| 02/19/03 | STN | 10.30 | Draft appellate brief for Gerard appeal (5.5); legal research re insurance law in connection with drafting brief (4.5); office conference re brief (.3). |
| 02/20/03 | JSB | 5.80 | Attend to matters re Gerard appellate brief (.5); review case law re same (1.0); further draft and revise Gerard appellate brief (4.0); confer with J. Posner re Gerard matter, insurance issues on EPA claims and CNA matters (.3). |
| 02/20/03 | STN | 6.50 | Draft and edit brief for Gerard appeal (5.5); legal research re insurance law (.8); office conference re Gerard appeal (.2). |
| 02/21/03 | JSB | 3.10 | Multiple office conferences re Gerard brief and review draft section on insurance (1.0); review supplement and revise Gerard appellate brief (2.1). |
| 02/21/03 | STN | 7.70 | Draft and edit brief for Gerard appeal (5.7); review pleadings re |

|  |  |  | Gerard appeal (1.0); multiple office conferences re Gerard appeal (1.0). |
|---|---|---|---|
| 02/22/03 | JSB | 4.00 | Review, revise and supplement Gerard appellate brief (3.7); office conferences re same (.3). |
| 02/22/03 | STN | 6.20 | Draft ad edit brief for Gerard appeal (5.2); review appellants' brief in Gerard appeal (.7); office conference re Gerard appeal (.3). |
| 02/23/02 | STN | 2.30 | Legal research re standard of review for Gerard appeal (1.5); review local rules re appeals (.8). |
| 02/24/03 | JSB | 1.30 | Further revise draft Gerard appellate brief (.5);.........; office conference re Gerard appellate brief issues (.3); confer with Delaware counsel re same (.2). |
| 02/24/03 | STN | 4.50 | Office conference re Gerard appeal (.2); review local rules re briefs in connection with Gerard appeal (1.3); legal research re standard of review for Gerard appeal (1.3); edit and revise Gerard brief (1.7). |
| 02/25/03 | JSB | 1.00 | Office conference re comments to Gerard appellate brief (.4); confer with J. Wisler re same (.3); office conference re revisions to same (.3). |
| 02/25/03 | STN | 7.70 | Review and revise Gerard appellate brief (5.0).legal research re subject matter jurisdiction issue in Gerard appeal (1.2); review record in connection with assembling appendix (1.3); office conference re Gerard appellate brief (.2). |
| 02/26/03 | JSB | 5.20 | .........; multiple office conferences re Gerard brief (.5); revise Gerard brief and incorporate comments from D. Siegel, J. Hughes and D. Bernick (3.5);....... |
| 02/26/03 | STN | 4.80 | Review and revise Gerard appellate brief (4.2); office conference re same (.6). |
| 02/27/03 | JSB | 5.80 | ............; attend to matters re Gerard brief (1.0); review, revise and supplement Gerard brief (4.5). |
| 02/27/03 | STN | 10.10 | Review and revise Gerard appellate brief (4.5); multiple office conferences re same (.8); review record in connection with inserting citations to record in Gerard appellate brief (4.8). |

| | | | |
|---|---|---|---|
| 02/28/03 | JSB | 3.80 | Attend to matters re Gerard appellate brief (.5); further revise and supplement same (3.3). |
| 02/28/03 | STN | 11.80 | Review and revise Gerard appellate brief (2.0); review docket and retrieve pleadings for Gerard brief appendix (3.3); review and organize materials in connection with preparing Gerard brief appendix (6.5). |

Response Exhibit 1

A substantial amount of time was spent in connection with preparing a response brief in the Gerard appellate matter.  Gerard sought to modify or avoid the Preliminary Injunction entered by the Bankruptcy Court.  The Preliminary Injunction is a key component of the Grace chapter 11 cases. It was the subject of protracted litigation over the course of several hearings in which numerous parties in interest, asserting a myriad of claims and causes of action against Grace and its affiliates, participated.    The affiliates protected by the Preliminary Injunction include Grace's insurers, successors to portions of Grace's businesses and other parties who have contractual indemnity claims against Grace, and current and former directors, officers and employees of Grace.  Adhering to well established principals with respect to protecting debtors from such collateral litigation, the Court granted the Preliminary Injunction.  The peace which has been granted to Grace with respect to this collateral litigation has been critical.  It has permitted Grace to focus on significant matters that can only be addressed by this Court, before Grace can move forward with a chapter 11 plan that provides an equitable remedy to all claimants with legitimate claims against Grace.

Given the critical importance of the Preliminary Injunction to the effective administration of the Debtors bankruptcy cases, K&E expended significant effort in preparing the brief.  K&E used a team approach to drafting the brief in connection with the Gerard appeal with Ms. Baer focusing on the substantial and complicated factual background and Mr. Nylen focusing on the legal arguments.  Indeed, this brief was a major undertaking in terms of complexity and intricacy of the issue involved because Gerard retained new counsel for the appeal and raised significant new legal and factual issues not addressed in the Bankruptcy Court.  In particular, Gerard challenged the jurisdiction of the Bankruptcy Court to issue the Preliminary Injunction and the standards applied by the Bankruptcy Court in issuing the Preliminary Injunction.

## SERVICE LIST
### Notice Parties

**The Applicant**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801