## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF LUKINS & ANNIS, P.S.
## FOR THE EIGHTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C. ("Smith"), acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Eighth Interim Fee Application of Lukins & Annis, P.S. (the "Application").

## BACKGROUND

1.      Lukins & Annis, P.S. ("Lukins"), was retained as counsel for Zolonite Attic Insulation Claimants.  In the Application, Lukins seeks approval of fees totaling $105,390.00 and costs totaling $12,923.70 for its services from January 1, 2003, through March 31, 2003.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330,  Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Lukins an initial report based on our review, and received a response from Lukins, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report, we noted that time entries were adequately detailed and devoid of lumping.

### Specific Time and Expense Entries

4.      We further noted two rental car charges totaling $393.93 that, without further information, appear excessive.  The entries are provided below.

| | | | |
|---|---|---|---|
| 1/28/03 | Rental Car - Darrell W. Scott for investigative work in Maryland | $ | 264.47 |
| 03/02/03 | Rental Car - Darrell W. Scott for Shawn and Jerri Depositions in Seattle, WA | $ | 129.46 |

Paragraph II.E.1. of the Guidelines states, "[f]actors relevant to a determination that the expense is proper include the following: Whether the expense is reasonable and economical..."  We asked Lukins to provide the number of days per car rental and explain why these car rentals appear higher than normal.  Lukins' responded as follows:

> With regard to Paragraph 4 of the Initial Report, a request has been made for an explanation as to a car rental charge of $264.47.  This car rental was for 4 days at a total cost of $528.93.  While in Philadelphia on a different matter, counsel did investigative work and traveled to a ZAI claimant's home some hours away in the nearby state of Maryland.  The ZAI claimant was ultimately identified as a potential witness for the ZAI Science Trial.  His deposition was taken by Grace and testing in his home was performed by ZAI claimants' expert.  Counsel scheduled this investigative work to correspond to a time counsel would otherwise be on the East

Coast in order to substantially minimize the costs of this investigation, including hundreds of dollars in airfare and hotel accommodations. A vehicle, however, was needed for the travel and investigative work in Maryland. Counsel has attached a receipt of that car rental from Budget Car Rental.

With regard to Paragraph 4 of the Initial Report, a request has been made for an explanation as to why a one-day car rental of $129.46 was so expensive. Counsel has attached a receipt of that car rental from National Car Rental. The car rented was an Intermediate Level Car (Toyota Corolla) and was rented from the Seattle Airport location.

We appreciate the response and have no objection to these expenses.

5.    In our initial report, we noted that Lukins seeks reimbursement for expert fees totaling $6,078.88. These expense entries are provided below:

| 2/27/2003 | Expert Fees | $ | 861.56 |
| 03/05/03 | Expert Fees | $ | 5,000.00 |
| 03/21/03 | Expert Fees | $ | 217.32 |

With regard to expenses, paragraph II. E. 3. of the Guidelines states "[f]actors relevant to a determination that the expense is proper include the following: . . .3. [w]hether applicant has provided a detailed itemization of all expense including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and where relevant, name of the person incurring the expense and purpose of the expense. . ." We asked Lukins to provide additional information regarding these charges, including the number of experts. Lukins' response is provided below.

The first charge of $861.56 was for expert services pertaining to the retrieval and transport of Zonolite attic insulation product. A copy of the invoice is attached hereto. The second charge of $5,000.00 was a retainer fee paid to expert John Kilpatrick of Mundy Associates. Invoice Number 1924 is attached hereto showing which services the retainer was applied to. The third charge of $217.32 was for expert services pertaining to the retrieval and transport of Zonolite Attic Insulation product.

A copy of expert invoices on future applications will be provided.

We appreciate the response and have no objection to these expenses.

## CONCLUSION

6.    Thus, we recommend approval of fees totaling $105,390.00 and costs totaling $12,923.70 for Lukins' services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 17th day of July, 2003.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

Darrell W. Scott, Esq.
Lukins & Annis, P.S.
717 W. Sprague Avenue, Suite 1600
Spokane, WA 77201

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**<u>United States Trustee</u>**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801