**FILED**

**AUG - 5 1999**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel.   )
ROBERT COSTA and STATE OF           )
CALIFORNIA, ex rel. ROBERT COSTA,   )
                                    )
            Plaintiffs,             )
                                    )      No.   C-95-1825-VRW
        v.                          )
                                    )      ORDER.
BAKER & TAYLOR, INC d/b/a BAKER &   )
TAYLOR BOOKS and W.R. GRACE & CO    )
-CONNECTICUT,                       )
                                    )
            Defendants.             )
_____)

Before the court is plaintiff's motion for leave to file a motion for reconsideration of the court's March 9, 1999, order dismissing relator Robert Costa for lack of subject matter jurisdiction.  For the reasons stated below, plaintiff's motion is DENIED.

Plaintiff Robert Costa brought a *qui tam* action against defendants to recoup monies obtained through an allegedly fraudulent billing scheme.  Defendants contend that the substance of these allegations has been circulating publicly for years and that such prior public disclosures rob the court of subject matter jurisdiction over plaintiff's claim pursuant to the 1986 amendments

1   to the False Claims Act ("FCA"), stating in relevant part:

2         No court shall have jurisdiction over a [qui
          tam] action * * * based upon the public
3         disclosure of allegations or transactions in a
          criminal, civil, or administrative hearing, in
4         a congressional, administrative, or Government
          Accounting Office report, hearing, audit, or
5         investigation, or from the news media, unless
          the action is brought by the Attorney General
6         or the person bringing the action is an
          original source of the information.

7   31 USC § 3730(e)(4)(A) (1998). Plaintiff Robert Costa argued that

8   the public disclosures were too remote in time to invoke the

9   jurisdictional bar to his claim. The court rejected this argument

10  and determined that plaintiff was not an original source of the

11  information. Accordingly, defendant's motion for dismissal was

12  granted.

13        Mr. Costa now asks this court for leave to file a motion

14  to reconsider its decision on two grounds: (1) a recently published

15  Ninth Circuit decision that plaintiff contends directly controls

16  the issue and compels a different result; and (2) new evidence that

17  undermines the court's factual findings in its previous order. The

18  court will address each of these grounds in turn.

19        Plaintiff claims that United States ex rel. Newsham v

20  Lockheed Missiles & Space Company, Inc, 171 F3d 1208 (9th Cir

21  1999), supports his position that the public disclosures were too

22  remote in time to invoke the jurisdictional bar was correct.

23  According to plaintiff, the Ninth Circuit's decision in Newsham

24  stands for the broad proposition that where there is a continuing

25  fraudulent scheme, a public disclosure does not bar an action for

26  those false claims submitted to the government after the date of

27  the public disclosure.

28

2

1          In 1984, the relators in <u>Newsham</u> alleged that Lockheed

2   Missiles and Space company, Inc. ("LMSC") knowingly charged labor

3   hours to government contracts for employees engaged in

4   nonproductive or personal activities and sought damages, penalties,

5   and other relief authorized by the FCA. <u>See</u> id. At 1212.   A

6   government agency investigated the allegations by conducting

7   several audits of LMSC in 1984.   <u>Id</u>.   The auditors found some

8   discrepancies in billings and recommended adjustments.   <u>Id</u>.

9   Plaintiffs then filed a qui tam action based on the allegations.

10  <u>Id</u>.   LMSC moved to dismiss the complaint for lack of subject matter

11  jurisdiction based on the pre-1986 version of the FCA providing

12  that a "[c]ourt shall dismiss any action brought by a person on

13  discovering the action is based on evidence or information the

14  Government had when the action was brought."   31 USC § 3730(b)(4)

15  (1983).   One week before the hearing on LMSC's motion, the relators

16  filed a motion for leave to file an amended complaint bringing new

17  FCA allegations that "LMSC continued to submit bills for excessive

18  labor costs after October 1986 and gave false information to

19  auditors which prevented the auditors from uncovering LMSC's

20  alleged fraudulent activity."   <u>Newsham</u>, 171 F3d at 1212.   The

21  district court dismissed the plaintiffs' action finding that the

22  information on which the case was based had been previously

23  disclosed.   <u>Id</u>.   The court also denied plaintiffs' motion to amend

24  the complaint to include the new claims.   <u>Id</u>.

25         On appeal, the Ninth Circuit ruled that the district

26  court failed to distinguish between pre-1986 claims and post-1986

27  claims, and as a result, erroneously dismissed the entire action.

28  <u>See</u> id at 1213.   The Ninth Circuit determined that the relators'

3

1   claims could be divided into two groups: (1) the original claims

2   charging LMSC with billing the government for excessive

3   nonproductive work time before October 27, 1986 (pre-1986 claims);

4   and (2) the amended complaint alleging excessive charges continued

5   after 1986 and that LMSC made false statements and

6   misrepresentations to the government auditors (post-1986 claims).

7   See id.   The court affirmed the district court's dismissal of the

8   relators' pre-1986 claims, but concluded that the district court

9   erred by dismissing plaintiffs' post-1986 claims and by denying the

10  motion to amend the complaint.  Id at 1214.

11           On initial reading, the Newsham ruling may appear to

12  suggest a new rule of law that where there is a continuing

13  fraudulent scheme, a public disclosure does not bar an action for

14  those false claims submitted to the government after the date of

15  the public disclosure.  Closer scrutiny of the decision, however,

16  discloses that the Newsham holding is simply a restatement of

17  existing precedent previously used by this court in determining

18  this matter.

19           Unlike the instant case, the Newsham case involved a

20  clear delineation between plaintiffs' initial claims and the later

21  claims.  In 1984, the plaintiffs in Newsham initially alleged the

22  pre-1986 claims.  That same year those initial allegations were

23  investigated by the government and the fraudulent activities

24  presumably ceased.  Plaintiffs then amended their complaint to

25  allege the post-1986 claims, consisting of novel allegations that

26  LMSC had continued the fraudulent practices after the government

27  investigation and the first allegation that LMSC gave false

28

1  information to auditors to prevent discovery of the practices.

2  Conversely, the claim in the instant case is based on one

3  allegation of ongoing fraudulent billing practices, with no

4  intervention by government inspectors and no clear delineation

5  between claims of past and present fraudulent activities. Newsham,

6  therefore, does not alter the court's previous analysis of the law.

7    Plaintiff also claims new factual evidence has emerged

8  that undermines the court's prior factual findings. In its

9  previous order, the court based its decision upon three previous

10  public disclosures: the Eaglen article in 1979 specifically

11  accusing defendants of fraudulent billing practices and the 1989

12  and 1992 disclosures discussing fraudulent billing practices of

13  book wholesalers in general. The court deduced that, given the

14  limited number of wholesalers, the government could easily target

15  defendants for investigation based on information contained in the

16  disclosures.

17    Plaintiff now submits as evidence a copy of the 1989

18  *Literary Market Place Directory of the American Book Publishing*

19  *Industry*, containing a list of 538 book wholesalers. Presumably,

20  the large number of wholesalers would prevent the government from

21  readily ascertaining whom to investigate. This lengthy list may

22  disprove the court's prior assertion that the book wholesaling

23  industry has a limited number of participants from which the

24  government could easily identify defendants for investigation based

25  on the 1989 and 1992 general disclosures. But it does not refute

26  the court's determination that the disclosure in 1979 specifically

27  accusing the particular defendants at bar of fraudulent billing

28  practices would easily allow the government to target these

5

1   defendants for investigation.  The court's view on the facts is not

2   altered by plaintiff's new evidence.

3         Accordingly, plaintiff's motion is DENIED.

4         IT IS SO ORDERED.

5

6                           VAUGHN R. WALKER

7                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28