IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Hearing Date: August 25, 2003 at 12:00 p.m.**
**Responses Due: August 8, 2003**

## **DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this First Omnibus Objection to Claims (the "First Omnibus Objection"), and in support thereof, state the following:

### **Jurisdiction**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 506.

---

[1]     The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

## The Objection And Request For Relief

5.      By this First Omnibus Objection, the Debtors seek disallowance, reclassification or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

(a)      The claims set forth as "Insufficient Documentation" in **Exhibit A** attached hereto are claims that have been filed with insufficient documentation to support the claims (the "Insufficient Documentation Claims");

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

(b)     The claims set forth as "No Liability" in **Exhibit B** attached hereto are claims for which the Debtors have no liability according to their books and records (the "No Liability Claims");

(c)     The claims set forth as "Invalid Transfer of Filed or Scheduled Claim" in **Exhibit C** attached hereto are claims for which either (a) another entity filed a notice of transfer before the proof of claim had been filed with the Court or (b) the entity filing the claim filed a defective notice of transfer or had the notice of transfer withdrawn (the "Transferred Claims");

(d)     The claims set forth as "Reclassified" in **Exhibit D** attached hereto are claims that should be reclassified as general unsecured claims (the "Reclassified Claims");

(e)     The claims set forth as "Reduce and Allow" in **Exhibit E** attached hereto are claims that should be reduced and allowed (the "Reduce and Allow Claims");

## The Insufficient Documentation Claims

6.      The Debtors object to the Insufficient Documentation Claims pursuant to § 502(b)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3001(c) ("Rule 3001(c)"). Claimants filing such claims have failed to file the requisite documentation in support of their claims and thus have failed to comply with Rule 3001(c). Rule 3001(c) requires in pertinent part: "When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Because the supporting documentation attached to the proof of claim was not sufficient to allow the Debtors to determine the validity of the Insufficient Documentation Claims, the Insufficient Documentation Claims set out in **Exhibit A** should be disallowed and expunged for all purposes.

### The No Liability Claims

7.      The Debtors object to the No Liability Claims pursuant to § 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law.  In particular, the Debtors' review of their books and records indicates that they have no liability for these claims either because (a) the claimant has no relationship with the Debtors, or (b) the claim is actually against an unrelated, non-debtor entity, iPower.  Therefore, the No Liability Claims set out in **Exhibit B** should be disallowed and expunged for all purposes.

### The Transferred Claims

8.      The Debtors object to the Transferred Claims because either (a) another entity filed a notice of transfer before the proof of claim had been filed with the Court or (b) the entity filing the claim filed a defective notice of transfer or had the notice of transfer withdrawn.  In particular, each of the Transferred Claims either (a) had been transferred by the claimant listed on **Exhibit C** to a third party who filed a notice of transfer which, unless withdrawn, terminates the claimants right to assert a claim against the Debtors for the Transferred Claim or (b) the claimant filing the Transferred Claim is not entitled to assert the claim against the Debtors as a result a notice of transfer being defective or withdrawn.  Therefore, the Transferred Claims set out in **Exhibit C** should be disallowed and expunged for all purposes.

### The Reclassified Claims

9.      The Debtors object to the Reclassified Claims pursuant to Sections 507(a) and 503(b) of the Bankruptcy Code.  The claims listed on **Exhibit D** have no basis for priority or secured status and should be reclassified as general unsecured claims. In evaluating the claims to be reclassified, the Debtors have thoroughly reviewed their books and records, the proofs of

claim, and supporting documentation provided by each claimant, and have determined that the asserted classification of each such claim is not appropriate. Therefore, the Reclassified Claims listed on **Exhibit D** should be reclassified as general unsecured claims. Notwithstanding, by so requesting this relief with respect to this claim, the Debtors are not asking for an allowance of this claim at the requested amount, but only that this claim be reclassified at this time. The Debtors also reserve the right to object in the future to the Reclassified Claims on any grounds.

### The Reduce and Allow Claims

10.    The Debtors object to the Reduce and Allow Claims pursuant to Sections 502(b)(1) and 507 of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records, proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of the claims listed on **Exhibit E** are overstated due to one or more of the following: (a) the claims include post-petition interest, (b) the claim or portion of the claim was previously transferred pursuant to a notice of transfer, (c) the parties previously agreed to a specific amount for the claim, (d) the claim improperly includes late fees or (e) the claim improperly includes sales tax for a non-taxable purchase. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth in **Exhibit E.**

### Separate Contested Matters

11.    To the extent that a response is filed regarding any claim listed in the First Omnibus Objection and the Debtors are unable to resolve the response, each such claim and the Objection by the Debtors to each such claim asserted in the First Omnibus Objection shall

constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Any order entered by the Court regarding an objection asserted in the First Omnibus Objection shall be deemed a separate order with respect to each claim.

## Responses to Omnibus Objections

12.    To contest an objection, a claimant must file and serve a written response to this Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on August 8, 2003. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: Marine Midland Plaza, 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on August 8, 2003, at the following addresses:

> Co-Counsel for the Debtors:
> Kirkland & Ellis LLP
> 200 E. Randolph Drive
> Chicago, Illinois 60601
> Attn:  James W. Kapp III
>        Janet S. Baer
>        Christian Lane
>
>        -and-
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
> 919 North Market Street, 16th Floor
> Wilmington, Delaware 19801
> Attn:  Scotta E. McFarland

13.    Every Response to this Omnibus Objection must contain at a minimum the following:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the response is directed;

(b)     the name of the claimant, their claim number and a description of the basis for the amount of the claim;

(c)     the specific factual basis and supporting legal argument upon which the party will rely in opposing the Omnibus Objection;

(d)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e)     the name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

14.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

15.     The Debtors may, at their option, file and serve a reply to a claimant's Response so that it is received by the claimant (or counsel, if represented) no later than five days prior to the hearing on the Objection.

**Reservation**

16.     The Debtors hereby reserve the right to object in the future to any of the claims listed in this First Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this First Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

17.     Notwithstanding anything contained in this First Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the First Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

**Notice**

18.     The Debtors will serve copies of this First Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (the "2002 List").

19.     Bankruptcy Management Corporation, the Debtors' reconciliation agent, has served a copy of the First Omnibus Objection and customized notices that summarize claim-specific detail exactly as reflected in the exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the First Omnibus Objection in lieu of serving

all exhibits on each such affected creditor. A sample custom notice is attached hereto as **Exhibit F.**

20.    The Debtors submit that notice of this First Omnibus Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

## No Previous Request

21.    No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

22.    This First Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing and/or reclassifying each of the Claims more fully described in this First Omnibus Objection and/or listed on the exhibits attached hereto.

Wilmington, Delaware

Dated: July 21, 2003

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
Janet S. Baer
Christian J. Lane
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, P.C.

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
Paula A. Galbraith (Bar No. 4258)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession