**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**EIGHTH INTERIM QUARTERLY FEE APPLICATIONS OF**
**CONWAY, DEL GENIO, GRIES & CO., LLC**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Eighth Interim Quarterly Fee Applications of Conway, Del Genio, Gries & Co., LLC (the "Application").

**BACKGROUND**

1.    Conway, Del Genio, Gries & Co., LLC ("CDG"), was retained as financial advisor to the official committee of asbestos property damage claimants. In the Application, CDG seeks approval of fees totaling $173,154.00 and costs totaling $838.02 for its services from January 1, 2003, through March 31, 2003.

2.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application. We reviewed the Application for compliance with 11 U.S.C. §330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on CDG an initial report based on our review and received a response from CDG, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report, we noted that CDG continues to split its allocation of fees between this bankruptcy case and the fraudulent conveyance adversary proceeding. This is explained in a footnote to paragraph #16 contained in CDG's Application. That explanation is provided below.

> CDG's was engaged by the PD Committee at a flat fee of $150,000 per month for the first 12 months (plus expenses) beginning on May 27, 2001. Prior to May 27, 2001, CDG was paid expenses only. Thereafter, CDG was to be paid a flat fee of $100,000 per month (plus expenses). For the Compensation Period, total fees for services provided are $300,000. However, on July 10, 2002, an order was entered separating the fees paid in the general bankruptcy case from those fraudulent conveyance adversary proceedings. Despite the fact that CDG does not charge for its services on an hourly basis, we were instructed by our clients to allocate our fees between the bankruptcy case and the fraudulent conveyance adversary proceeding, based on hours dedicated to performing services related to each. CDG recorded a total of 417.2 hours for the Compensation Period; in connection with the bankruptcy case, CDG rendered 240.8 hours of services. At the Debtors' request (for administrative convenience), the figure has been rounded to the nearest dollar.
> $$\$300,000*[240.8/417.2]=\$173,154$$

4.      We note that CDG recorded a total of 417.2 hours for the three months covering this application period (the "Compensation Period"), for both the bankruptcy case and the fraudulent conveyance adversary proceeding. CDG was paid $300,000 during the Compensation Period for both the bankruptcy case and the fraudulent conveyance adversary proceeding, which calculates to

an effective hourly rate of $719.08 per hour. We further note that over the Compensation Period CDG devoted only 52.1 hours to the bankruptcy case, with the remainder of the 240.8 hours devoted to its fee applications. We asked CDG why so little time was devoted to the bankruptcy case, and CDG's responded as follows:

> CDG spent 52.1 hours during the Compensation Period performing work at the request of the PD Committee. During this period, there were few issues brought before the Bankruptcy Court that involved the expertise of a financial advisor. We continued to provide analyses related to the Debtors' ongoing operations and projections. During the Compensation Period the omnibus hearings in the bankruptcy case that CDG usually attends were either canceled or had limited dockets with no bearing on our client's interests.

Thus we have no objection to these fees.

5.      We have no objections to any of the expenses sought by CDG.

## CONCLUSION

6.      Thus we recommend approval of fees totaling $173,154.00 and costs totaling $838.02 for CDG's services from January 1, 2003, through March 31, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

Warren H. Smith
State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 22nd day of July, 2003.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**

Stephanie L. Jones
Associate
Conway, Del Genio, Gries & Co., LLC
645 Fifth Avenue, 11th Floor
New York, New York 10022

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801