IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TSAWD HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>Jointly Administered<br><br>**Docket Ref. No. 4082** |

### ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG TSA STORES, INC. AND BRAVO SPORTS

Upon the *Motion for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Settlement Agreement by and among TSA Stores, Inc. and Bravo Sports* (the "Motion"),[2] filed by the Debtors; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors and Bravo Sports having consented to entry of a final order on the Motion; and this Court having found, consistent with Local Rule 9013-1(f), that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122.

The Debtors were formerly known as: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:23113127.2

notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement attached hereto as <u>Exhibit 1</u> is approved in its entirety, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. TSA is authorized to enter into the Settlement Agreement with Bravo, and to take any and all actions necessary and appropriate to consummate the Settlement Agreement, including, without limitation, executing and delivering any documents, agreements or instruments and remitting payments, as may be necessary or appropriate to implement the Settlement Agreement.

4. Bravo shall pay TSA the amount of $140,000 within five (5) business days after the entry of this Order.

5. This Order and the Settlement Agreement shall be binding on the Debtors and Bravo, any of the foregoing parties' successors and/or assigns, and all other creditors and parties in interest in the Chapter 11 Cases (including, without limitation, the Committee, any trustee or examiner appointed in the Chapter 11 Cases or any chapter 7 trustee, or any other person, party or entity to, in any jurisdiction anywhere in the world, directly or indirectly).

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, without limitation, Bankruptcy Rule 6004: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7. The automatic stay in the Chapter 11 Cases is hereby modified to the extent necessary to permit the implementation of the terms of the Settlement Agreement.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion, the Settlement Agreement or the implementation of this Order.

01:23113127.2

**Dated: May 1st, 2018**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

3