## EXHIBIT 1

**SETTLEMENT AGREEMENT**

01:23113127.2

## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT ("Agreement") is made and entered into this _____ day of March 2018, by and between TSA Stores, Inc. ("TSA") and Bravo Sports ("Vendor"). The above referenced parties are sometimes referred to herein collectively as the "Parties."

## I.    RECITALS

WHEREAS, TSA filed a Chapter 11 bankruptcy petition on March 2, 2016, and is currently winding down its operations;

WHEREAS, TSA purchased various products from Vendor to sell to consumers in its retail stores;

WHEREAS, after filing its bankruptcy petition TSA wired payment to Vendor in advance of Vendor shipping goods ordered by TSA. TSA alleges that, in some instances, TSA did not receive all of the goods it ordered and claims it is entitled to a refund for excess amount paid;

WHEREAS, TSA has asserted various offsets to payments to Vendor including, but not limited to, allowances, discounts, and rebates;

WHEREAS, Vendor has not repaid the alleged excess amounts remitted by TSA and has not paid the offsets claimed by TSA;

WHEREAS, Vendor disputes that TSA is entitled to the amounts sought by TSA; and

WHEREAS, the Parties desire to settle their disputes without any admission of fault or liability.

## II.    AGREEMENT

NOW THEREFORE, in consideration of the mutual covenants contained herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

A.    Effective Date.  This Agreement shall be effective upon entry of an Order by the United States Bankruptcy Court for the District of Delaware ("Court") approving this Agreement following no objections being lodged to TSA's Motion for approval, or, if there is any objection, once the Court's order is final and no longer appealable ("Effective Date"). TSA will undertake to secure the Court's approval.

B.    Payment.  Vendor shall pay TSA the amount of $140,000.00 (the "Settlement Amount") as full and final satisfaction of any and all amounts owed by Vendor or any of its affiliates, parents or subsidiaries (the "Vendor Group") to TSA or any of its affiliates, parents or subsidiaries (the "TSA Group"), with respect to any debts owed or that may be claimed to be

Release and Settlement Agreement
TSA Stores, Inc. and Bravo Sports
Page 2 of 4

owed (including administrative claims) by any member of the Vendor Group as a result of any products provided by any member of the Vendor Group to any member of the TSA Group at any time. Such payment shall be made by wire transfer within 5 business days after the Effective Date. TSA's wire instructions are set forth on Exhibit A, hereto.

C.    Mutual Release.

1.    As of the Effective Date, except for the Parties' respective obligations hereunder and receipt by TSA of the Settlement Amount, and for and in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the TSA Group for itself and its parents, subsidiaries, affiliated companies, agents, successors and assigns, forever waives and releases the Vendor Group and its parents, subsidiaries, affiliated companies, agents, successors and assigns of and from any and all manner of claims, administrative claims, demands, actions, causes of action, suits, debts, sums of money, promises or damages whatsoever, in law or in equity, whether heretofore asserted or not, except for defective products or infringement claims for which the Vendor would be obligated to indemnify TSA.

2.    As of the Effective Date, except for the Parties' respective obligations hereunder, and for and in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Vendor Group for itself and its parents, subsidiaries, affiliated companies, agents, successors and assigns, forever waives and releases the TSA Group Group and its parents, subsidiaries, affiliated companies, agents, successors and assigns of and from any and all manner of claims, demands, actions, causes of action, suits, debts, sums of money, promises or damages whatsoever, in law or in equity, whether heretofore asserted or not, arising out of, or occurring as a result of, any amounts owing by the TSA Group.

3.    California Civil Code Section 1542. In reaching this Agreement, each Party (a) represents, warrants, and acknowledges, that he or it as applicable has been fully advised by counsel of the contents of Section 1542 of the Civil Code of the State of California and (b) expressly waives the benefits thereof and any rights that such Party may have thereunder. Section 1542 of the Civil Code of the State of California provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Party acknowledges that such Party may hereafter discover claims or facts in addition to or different from those which such Party now knows or believes to exist with respect to the subject matter of the releases that, if known or suspected at the time of executing the releases, may have materially affected this settlement. Nevertheless, each of the Parties waives any right, claim or cause of action that might arise as a result of such different or additional claims or facts. Each of

Release and Settlement Agreement
TSA Stores, Inc. and Bravo Sports
Page 3 of 4

the Parties acknowledges that such Party understands the significance and consequence of the releases given and specifically waives any legal principle that limits general releases to known claims only, such as California Civil Code Section 1542.

     D.     <u>Warranties and Representations</u>. The Parties agree, represent and warrant as follows:

          1.     They have read this Agreement and know and understand its contents fully.

          2.     They voluntarily execute this Agreement, after consulting with counsel.

     E.     <u>No Admission</u>. Neither this Agreement nor any discussions or proceedings relating to the settlement is to be considered, interpreted or construed as an admission or acknowledgment by any party of the liability or fault on the part of any party to this Agreement, nor the validity or amount of any claim asserted.

     F.     <u>Counterpart Execution</u>. This Agreement may be signed in multiple counterparts and each counterpart when taken with the other executed counterpart shall constitute a binding agreement between the parties executed as of the date first written above.

     G.     <u>Amendment</u>. This Agreement may be amended, modified or terminated only by a written instrument executed by all parties to the Agreement.

     H.     <u>Entire Agreement</u>. This Agreement represents the entire agreement between the parties hereto as of the date first written above.

     EXECUTED as of the date first written above.

**TSA STORES, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**BRAVO SPORTS**

By: _____Nicholas R. Schultz_____

Name: _____Nicholas R. Schultz_____

Title: _____CFO_____

Date: _____3/30/18_____

Release and Settlement Agreement
TSA Stores, Inc. and Bravo Sports
Page 4 of 4

Exhibit A
TSA Stores' Wire Instructions

| | |
|---|---|
| Acct .Name | TSA Stores, Inc. |
| Acct .Number | 4759630007 |
| Bank | Wells Fargo Bank, San Francisco |
| Routing # | 121000248 |