IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered    RE: 3886 & 3785 |

### STIPULATION AND AGREED ORDER BY AND AMONG BSFS EQUIPMENT LEASING, DALEEN TECHNOLOGIES, INC. AND W. R. GRACE & CO.-CONN.

WHEREAS, W. R. Grace & Co.-Conn. ("Grace") leased certain telephone equipment (the "Equipment") pursuant to that certain Lease No. 6744795001 dated April 27, 1998 (the "Lease") with BSFS Equipment Leasing (the "Lessor"). The original term of the Lease expires on August 1, 2003 and the monthly rent payable thereunder is presently $5,227.57, including taxes (the "Rent"). The Equipment is located in the premises commonly known as 1750 Clint Moore Road, Boca Raton, Florida (the "Premises"). Grace leased the Premises from Tyco International (US), Inc. pursuant to a lease dated June 1, 1998 (the "Real Estate Lease"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace G-B Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

TVA

WHEREAS, Grace subsequently subleased the Premises together with the Equipment to Daleen Technologies, Inc. ("Daleen") pursuant to a sublease dated August 2, 1999 (the "Sublease"). Among other things, the Sublease provided for the Lease to be assigned to Daleen and for Grace to pay $3,000.00 of the cost of the Lease to Daleen (the "Equipment Subsidy"). The Lessor did not at any time consent to the terms of the Sublease. Although an agreement assigning the Lease was drafted, the agreement was not fully executed and the assignment never took effect; and

WHEREAS, on or about May 30, 2001, Grace filed with this Court a lease rejection notice with respect to the Real Estate Lease and the Sublease (the "Rejection Notice"). No objections to the Rejection Notice were filed and the rejection of the Real Estate Lease and the Sublease were deemed effective as of May 25, 2001. Grace ceased paying the Equipment Subsidy in December 2001, and in or about March 2002, Daleen ceased making payments of Rent under the Lease; and

WHEREAS, in March 2003, Grace was notified by the Lessor of continuing payment defaults under the Lease. The last payment the Lessor received under the Lease was in February 2002. As of the filing of this Stipulation, the accrued unpaid balance of Rent payable by Grace under the Lease for the post-petition period exceeds $70,000; and

WHEREAS, both the Lessor and Daleen have filed claims against Grace and other of the above-captioned debtors and debtors in possession (the "Debtors"). Daleen's claim (Claim No. 751) ("Daleen's Claim") is in the amount of $72,000 and constitutes a rejection damages claim related to the Sublease. The Lessor's claim (Claim No. 750)[2] is in the amount of $156,696.31, of

---

[2] The Lessor has filed two identical claims—Claim No. 750 and Claim No. 865.

2

*TJA*

which $83,838.39, plus the return of the Equipment, relates to the Lease ("Lessor's Claim"; together with Daleen's Claim, the "Lease Claims"). The Lessor's Claim is for Rent due under the Lease after the Petition Date; and

WHEREAS, Grace, the Lessor and Daleen have reached an agreement to terminate the Lease and resolve the Lease Claims as set forth herein.

NOW, THEREFORE, IT APPEARING THAT SUFFICIENT CAUSE EXISTS FOR GRANTING THE RELIEF REQUESTED HEREIN AND THAT THE RELIEF REQUESTED HEREIN IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND CREDITORS, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2.      Upon the Court's approval and entry of this Stipulation and Agreed Order, Grace shall pay to the Lessor, within ten (10) business days, $45,000 (the "Lease Settlement Amount"), as payment for post-petition amounts due, in full and final settlement of the Debtors' obligations under the Lease and all claims against the Debtors related to the Lease.

3.      The Debtors will receive a full release from and be held harmless by both Daleen and the Lessor with respect to the Lease and the Lease Claims. Accordingly, both the Lessor and Daleen waive their rights to make demand for payment of any amount, other than the Lease Settlement Amount with respect to the Lessor, related to the Debtors' obligations arising under Lease (either directly or pursuant to the Sublease), and upon payment of the Lease Settlement Amount, the Debtors shall be deemed to have fully satisfied all claims related to the Lease which may have been asserted by the Lessor or Daleen, including, but not limited to, the Lease Claims.

3

4.    Upon the Court's approval and entry of this Stipulation and Agreed Order, and the payment of the Lease Settlement Amount, (a) the Lease shall be deemed terminated as of May 31, 2003, (b) the Lessor's Claim shall be disallowed to the extent it relates to the Lease and (c) Daleen's Claim shall be disallowed in full and expunged.

5.    The Debtors shall release all claims they might have against the Lessor and Daleen with respect to the Lease and the Sublease.

6.    This Stipulation and Agreed Order is effective only against the Debtors. Nothing herein shall be deemed to affect in any way Lessors' or Daleen's rights with respect to pursuing any and all claims against any party other than the Debtors, including, but not limited to, any claims the Lessor or Daleen may have against each other.

7.    This court shall retain jurisdiction to hear and determine all matters related to the entry of this Stipulation.

8.    This Stipulation is subject to the approval of this Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

9.    Each of the undersigned counsel represents that he is authorized to execute this Stipulation on behalf of his respective client.

10.    This Stipulation may be executed in multiple facsimile or original counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

4

*TO/A*

So stipulated and agreed this 3nd day of May, 2003.
June

W. R. GRACE & CO.-CONN.

By: _Chittany J Lane_
Kirkland & Ellis
Its: Attorney
Dated: May___ 2003
June 3

BSFS EQUIPMENT FINANCING
By: _Thomas Askounis_
___THOMAS V. ASKOUNIS___
Its: Attorney
Dated: May ___, 2003
JUNE 3

DALBEN TECHNOLOGIES

By: _Dawn R Lambry_
___Dawn R Lambry___
Its: Attorney
Dated: May___, 2003
June 3

SO APPROVED AND ORDERED

this 23 day of _July_, 2003

_Judith K. Fitzgerald_
Judith K. Fitzgerald
United States Bankruptcy Judge

5

TVF