IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF DAVID B. SIEGEL IN SUPPORT OF DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

I, David B. Siegel, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the Senior Vice President and General Counsel of W. R. Grace & Co.— Conn., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the First Omnibus Objection (the "First Omnibus Objection").

2. I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the First Omnibus Objection and am, directly or through

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Debtors' personnel, attorneys and Bankruptcy Management Corporation, the Debtors' reconciliation agent, familiar with the information contained therein and in the exhibits annexed thereto.

3. Upon information and belief, the Debtors maintain books and records (the "Books and Records"), that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4. To date, more than 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims which are the subject of the First Omnibus Objection. Based on these efforts, the Debtors have determined that the Disputed Claims should be reclassified, reduced, or disallowed and expunged as indicated in the First Omnibus Objection.

## The Insufficient Documentation Claims

6. To the best of my knowledge and belief, after thoroughly reviewing the Debtors' books and records and the applicable proofs of claim listed on Exhibit A to the First Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit A did not include documentation sufficient to determine if the Debtors have any liability to the claimant.

### The No Liability Claims

7. To the best of my knowledge and belief, after thoroughly reviewing the Debtors' Books and Records and the applicable proofs of claim listed on Exhibit B to the First Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit B are not enforceable against the Debtors or their property under any agreement or applicable law. In particular, the review of the Books and Records indicates that the Debtors have no liability for these claims either because (a) the claimant has no relationship with the Debtors, or (b) the claim is actually against an unrelated, non-debtor entity, iPower.

### The Transferred Claims

8. To the best of my knowledge and belief, after thoroughly reviewing the Debtors' Books and Records and the applicable proofs of claim listed on Exhibit C to the First Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit C either (a) had been transferred by the claimant listed on Exhibit C to a third party who filed a notice of transfer which, unless withdrawn, terminates the claimants right to assert a claim against the Debtors for the Transferred Claim or (b) the claimant filing the Transferred Claim is not entitled to assert the claim against the Debtors as a result a notice of transfer being defective or withdrawn.

### The Reclassify Claim

9. To the best of my knowledge and belief, after thoroughly reviewing the Debtors' Books and Records and the applicable proofs of claim listed on Exhibit D to the First Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit D improperly assert secured or priority status. According to the review of the Books and Records, the appropriate classification for each of the claims listed on Exhibit D is unsecured.

### The Reduce and Allow Claims

10. To the best of my knowledge and belief, after thoroughly reviewing the Debtors' books and records and the applicable proofs of claim listed on Exhibit E to the First Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit E assert amounts that are overstated according to the Debtors' Books and Records. The reason for the proposed modification is set forth on Exhibit E along with the proposed allowable amount.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

July 24, 2003

_____
David B. Siegel

State of Maryland, County of Howard, ss.

On this 24th day of July, 2003, before me, the undersigned officer, personally appeared David B. Siegel, who acknowledged himself to be the Senior Vice President and General Counsel of W. R. Grace & Co.-Conn., a corporation, and that he, as such Senior Vice President and General Counsel, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Senior Vice President and General Counsel.

In witness whereof I hereunto set my hand and official seal.

_____
Diane Z. Armstrong
Notary Public, State of Maryland

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 14, 2004