## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.;[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF DAVID B. SIEGEL IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

I, David B. Siegel, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the Senior Vice President and General Counsel of W. R. Grace & Co.—Conn., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Second Omnibus Objection (the "Second Omnibus Objection").

2.      I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Second Omnibus Objection and am, directly or

[1]      The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

through the Debtors' personnel, attorneys and Bankruptcy Management Corporation, the Debtors' reconciliation agent, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records"), that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more than 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases.  These claims were carefully reviewed and analyzed by appropriate personnel, and in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims which are the subject of the Second Omnibus Objection (the "Disputed Claims").  Based on these efforts, the Debtors have determined that the Disputed Claims should be disallowed and expunged as indicated in the Second Omnibus Objection.

### The Amended Claims

6.      To the best of my knowledge and belief, after thoroughly reviewing the Books and Records and the applicable proofs of claim listed on Exhibit A to the Second Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit A and listed as Claims to be Expunged have been amended or superceded by the later-filed claims which are listed as Surviving Claims on Exhibit A.

2

### The Duplicate Claims

7.      To the best of my knowledge and belief, after thoroughly reviewing the Books and Records and the applicable proofs of claim listed on Exhibit B to the Second Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit B and listed as the Claims to be Expunged duplicate the claims which are listed as the Surviving Claims. The claim amount and supporting documentation for each Claim to be Expunged is identical to the claim amount and supporting documentation for each Surviving Claim.

### The Late Filed Claims

8.      To the best of my knowledge and belief, after thoroughly reviewing the applicable proofs of claim listed on Exhibit B to the Second Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit C were filed by the Claimants after the Bar Date.

### The No Supporting Documentation Claims

9.      To the best of my knowledge and belief, after thoroughly reviewing the Books and Records and the applicable proofs of claim listed on Exhibit D to the Second Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit D did not include any supporting invoices, contracts, or other documents to confirm the claims asserted in the No Supporting Documentation Claims.

### The Shareholder-Stock Claims

10.     To the best of my knowledge and belief, after thoroughly reviewing the Books and Records and the applicable proofs of claim listed on Exhibit E to the Second Omnibus Objection, I have determined that the claims against the Debtors listed on Exhibit E are claims filed by shareholders based on the ownership of stock.

3

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

July 24, 2003

David B. Siegel

State of Maryland, County of Howard, ss.

On this 24th day of July, 2003, before me, the undersigned officer, personally appeared David B. Siegel, who acknowledged himself to be the Senior Vice President and General Counsel of W. R. Grace & Co.-Conn., a corporation, and that he, as such Senior Vice President and General Counsel, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Senior Vice President and General Counsel.

In witness whereof I hereunto set my hand and official seal.

Diane Z. Armstrong
Notary Public, State of Maryland

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 14, 2004

4