# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

**BLACKLINE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Re: Docket No. ——— 3944
and 7/28/03 Agenda Item No. 7

## ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS TO CONTRIBUTE FUNDS INTO THE TRUST FUNDING THE DEFINED BENEFIT PLANS COVERING DEBTORS' EMPLOYEES

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order under sections 105 and 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to contribute funds into the trust funding the Grace Retirement Plans to address the underfunded status of those Plans; and it appearing that the Court has

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Any term not defined herein shall have the meaning ascribed thereto in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted **only to the extent, and in the manner, provided for herein**; and it is further

ORDERED that the Debtors are authorized, but not ~~required~~**directed**, to make ~~annual~~ contributions ~~of approximately $40~~**to the trust that funds the Grace Retirement Plans (the "Pension Trust") in an aggregate amount of not more than $40.0 million in calendar year 2003 (consisting of not more than $16** Million ~~in both 2003 and 2004 consistent with the~~ **by September 15,** 2003~~-04 Funding Strategy~~ **and not more than an additional $24 million by December 31, 2003); provided that the funds to make any** and ~~the Overall Funding Strategy~~; **all such contributions will not be made from the Debtors' cash or from cash drawn under the Debtors' DIP Credit Facility, but rather will come from the Debtors' non-debtor affiliates;** and it is further

**ORDERED that the Debtors are authorized, but not directed, to contribute an aggregate amount of not more than $350,000 to the Trust on behalf** of certain Grace

3

<u>Retirement Plans **on or before August 14, 2003, (the "August 2003 Payment") the funds for which contribution may come from the Debtors; and it is further**</u>

<u>**ORDERED that prior to making any and all contributions to the Pension Trust other than the August 2003 Payment, the Debtors or their representatives shall provide to counsel and financial advisors for the three official creditors' committees economic analyses related to the use of cash held by the Debtors' non-debtor affiliates and shall consult with the three creditors' committees and their advisors with respect thereto; and it is further**</u>

<u>**ORDERED that that portion of the Debtors' Motion seeking authorization to make contributions to the Pension Trust in an amount aggregating $40.0 million for the 2004 calendar year be, and it hereby is, withdrawn without prejudice; and it is further**</u>

<u>**ORDERED that the Debtors shall consult with the Creditors' Committee and the other creditors' committees appointed in these cases prior to seeking further authorization from the Court to make payments to the Pension Trust on behalf of the Grace Retirement Plans in calendar year 2004 or thereafter; and it is further**</u>

ORDERED that the Debtors are authorized to take all actions necessary to effectuate this ~~order~~**Order**; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), ~~7062,~~**7062** and 9014, or otherwise, the terms and conditions of this ~~order~~**Order** shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that ~~this~~**the** Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2003

> _____
> Honorable Judith K. Fitzgerald
> United States Bankruptcy Judge

**BLACKLINE**