**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: | ) <br> ) Bankr. No. 01-01139 (JFK) <br> ) |
| W.R. Grace & Co., *et al.*, | ) Chapter 11 <br> ) (Jointly Administered) |
| Debtors. | ) <br> ) **Objection deadline: August 8, 2003 at 4:00 p.m. E.S.T.** <br> ) **Hearing date: August 25, 2003 at 12:00 p.m. E.S.T.** |

**UNITED STATES' RESPONSE TO DEBTORS'
SECOND OMNIBUS OBJECTION TO CLAIMS**

1. In the second omnibus objection to claims filed July 22, 2003 [Docket No. 4089], debtors – W.R. Grace & Co., *et al.* ("Grace") – objected to proofs of claim filed by the Internal Revenue Service on behalf of the United States.

2. In objecting to the proofs of claim, Grace has not come forward with any evidence in its objection indicating that they are incorrect. As Grace has failed to show why the United States' claims are incorrect, the United States' proofs of claim are valid.

3. The tax liabilities asserted in the United States' proof of claim are presumed correct. Bankruptcy Rule 3001 provides that a proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Particular to tax claims, the Supreme Court stated that the well-established rule – that IRS determinations of tax liability are presumed correct – also applies to bankruptcy proceedings. "Congress of course may do what it likes with entitlements in bankruptcy, but

1

there is no sign that Congress meant to alter the burdens of production and persuasion on tax claims."[1]

Thus, in order to overcome the United States' presumption of correctness, Grace must substantiate its objection with something other than vague and uncorroborated statements.[2]

    4.      In short, because a debtor has the burden of proof to show that a tax liability (estimated or otherwise) is incorrect and Grace has failed to submit any evidence supporting its basis for objecting to the United States' proofs of claim, Grace's objection should be overruled.

///

///

///

///

///

///

///

///

///

---

[1] Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 21 (2000) ("the very fact that the burden of proof has often been placed on the taxpayer [to disprove tax liability] ... reflects several compelling rationales ... [including] the taxpayer's readier access to the relevant information"); accord INDOPCO, Inc. v. Comm'r, 503 U.S. 79 (1992); In re CMN Holdings, 254 B.R. 578, 598 (D. Del. 2000) ("The fact that a tax claim arises in a federal bankruptcy proceeding does not alter the taxpayer's burden of proof.").

[2] Dover Steel Co. v. Hartford Accident Indem., 806 F. Supp. 63, 65 (E.D. Pa. 1992)   Trucks v. United States, 234 F.3d 1340, 1342 (11th Cir. 2000); Lunsford v. Comm'r, 212 F.2d 878, 883 (5th Cir.1954); Griffin v. United States, 588 F.2d 521, 530 (5th Cir.1979).

WHEREFORE the United States' proofs of claim for unpaid federal tax liabilities should be sustained, and Grace's objection overruled.

Date: August 5, 2003

                                RICHARD G. ANDREWS
                                Acting United States Attorney

                    By:   /s/ Lindsey W. Cooper, Jr.
                          LINDSEY W. COOPER, JR.
                          U.S. Department of Justice
                          Civil Tax, Eastern Region
                          P.O. Box 227, Ben Franklin Station
                          Washington, D.C.  20044
                          Telephone:  (202) 307-6528

                          *Attorney for the United States*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' RESPONSE TO DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS and [PROPOSED] ORDER have been made this 5th day of August 2003 in accordance with this Court's Administrative Procedures for Electronically filed Cases dated July 2001 and as revised January 2002.

/s/ Lindsey W. Cooper, Jr.
LINDSEY W. COOPER, JR.