Claim No. 425

# PULMONARY

Arthur S. Turetsky, M.D.

Daniel J. Rudolph, M.D.

# INTERNAL

Nelson T. Chao, M.D.

# MEDICINE

Laurence G. Nair, M.D.

# ASSOCIATES

February 29, 2000

Thompson & Naumes
100 Summer St.,
Boston, MA 0211o

RE: Errichetti, John (04-27-31)

Dear Sir/Ma'am:

Mr. Errichetti has been seeing me for various medical problems since 1997. In 1997, Chest X-rays showed several opacities in both lung fields. Subsequently, Chest CT showed bilateral pleural plaques consistent with asbestos-related pleural disease.

Mr. Errichetti worked as a carpenter for many years and had been exposed to asbestos more than 25 years ago. He is interested in pursuing any action against asbestos company(ies) for asbestos related lung injury.

Sincerely,

Nelson T. Chao, MD

Enclosure: Chest CT report

Cc: John Errichetti

Claim No. 425

CT Center for
**ASTHMA**
&
**ALLERGY**



15 Corporate Drive, Trumbull, CT 06611 • Tel. (203) 261-3980
2600 Post Road, Southport, CT 06490 • Fax (203) 261-2747

# BRIDGEPORT RADIOLOGY ASSOCIATES, P.C.

15 CORPORATE DRIVE ♦ TRUMBULL, CT 06611 ♦ (203) 452-1881 ♦ FAX: (203) 459-0116

P.M. SHIMEDA, M.D.
C.I. HELLER, M.D.
O.G. CHOY, M.D.
P.S. BERGER, M.D.
J.H. ZINS, M.D.
A.D. KAYE, M.D.
D.L. BUTLER, M.D.
G. KOPELSON, M.D.
R. KIER, M.D.
P.M. REISER, M.D.
S.F. DUNBAR, M.D.
D.J. COHEN, M.D.
S.Y. HU, M.D.

**PATIENT NAME**
**ERRICHETTI, JOHN**

ACCOUNT NO
**294100**

**AT THE REQUEST OF**
**ROBERT BURD M.D.**
**MEDICAL SPECIALISTS OF FFLD**
**425 POST RD**
**FAIRFIELD, CT 06430**

DATE OF BIRTH
**04-27-31**

SEX
**M**

MEDICAL RECORD
9(

PROCEDURE
10-1:

## CT SCAN OF THE ABDOMEN WITH AND WITHOUT CONTRAST

The present study was obtained in this patient with history of chronic lymphocytic leukemia and the question of splenomegaly.

Axial sections were taken through the liver and kidneys before the intravenous injection of contrast material followed by sections taken through the entire upper abdomen after the intravenous injection of non-ionic contrast material. The non-ionic contrast material was used in this patient with history of seafood allergy. The patient was pre-medicated prior to the intravenous injection of contrast material. Oral contrast material was given to outline the bowel loops.

The non-contrast study demonstrated no evidence of any calcified calculi involving the gallbladder or the kidneys. Minimal arterial calcifications were seen in the aorta.

The liver and spleen appeared normal in size with no evidence of organomegaly or abnormal focal defects. The pancreatic acini appear normal with no evidence of any pancreatic masses or any abnormal peripancreatic changes. The kidneys showed no evidence of any masses, calculi, or obstructive changes. No retroperitoneal or omental lymphadenopathy was noted. The adrenal glands appear normal.

The examination was most abnormal in the chest, where we noted small bilateral pleural effusions more prominent on the right with rather pleural thickening noted although no calcified pleural plaques were seen to suggest asbestosis.

IMPRESSION: Bilateral pleural plaques and pleural effusions raising the possibility of asbestosis exposure. The CT scan of the abdomen is normal.

Thank you for referring your patient to us,

O. G. Choy, M.D.
mk

d: 10/13/99
t: 10/15/99

# BRIDGEPORT RADIOLOGY ASSOCIATES, P.C.

15 CORPORATE DRIVE ♦ TRUMBULL, CT 06611 ♦ (203) 452-8881 ♦ FAX: (203) 455-0116

P.M. SHIMKIN, M.D.
C.I. HELLER, M.D.
O.G. CHOY, M.D.
R.S. BERGER, M.D.
I.H. ZINS, M.D.
A.D. KAYE, M.D.
D.L. BUTLER, M.D.
G. KOPELSON, M.D.
R. KIER, M.D.
P.M. REESER, M.D.
S.F. DUNBAR, M.D.
D.J. COHEN, M.D.
S.Y. HU, M.D.

PATIENT NAME
**ERRICHETTI, JOHN**

ACCOUNT NO
**293143**

MEDICAL RECORD

AT THE REQUEST OF
**NELSON CHAO M.D.**
**PULMONARY AND INT MED ASSOC**
**15 CORPORATE DR**
**TRUMBULL, CT 06611**

DATE OF BIRTH
**04-27-31**

SEX
**M**

PROCEDU
10-

CHEST

Correlation is made with prior studies of 8/16/99 and 7/19/99.

Pleural thickening, right side greater than left, is again demonstrated accompanied by some parenchyma scarring at the right lung base and again some poorly defined opacity in the left upper lobe peripherally. The latter finding can also be seen on a more remote radiograph in the folder from 7/10/97 and appears same. The cardiac silhouette remains mildly enlarged. There is no interval hilar or mediastinal abnormali

IMPRESSION: Chest unchanged.

Thank you for referring your patient to us.

J. H. Zins, M.D.
sk

D: 10/6/99
T: 10/6/99

# BRIDGEPORT RADIOLOGY ASSOCIATES, P.C.

15 CORPORATE DRIVE ♦ TRUMBULL, CT 06611 ♦ (203) 452-1881 ♦ FAX: (203)459-0116

P.M. SHIMKIN, M.
C.I. HELLER, M.D.
O.G. CHOY, M.D.
P.S. BERGER, M.D.
J.H. ZINS, M.D.
A.D. KAYE, M.D.
D.L. BUTLER, M.
G. KOPELSON, M.D.
R. KIER, M.D.
P.M. REESER, M.D.
S.F. DUNBAR, M.
D.J. COHEN, M.D.
S.Y. HU, M.D.

**PATIENT NAME:** ERRICHETTI, JOHN  
**ACCOUNT NO:** 278864  
**MEDICAL RECORD NUM:** 981

**AT THE REQUEST OF:**
NELSON CHAO M.D.
PULMONARY AND INT MED ASSOC
15 CORPORATE DR
TRUMBULL, CT 06611

**DATE OF BIRTH:** 04-27-31  **SEX:** M  **PROCEDURE D:** 07-19-

## CHEST

Since the previous examination of 12/10/98, bilateral pleural changes have developed. These are considerably more prominent on the right than on the left, where lobulated lateral pleural thickening is noted, associated with blunting and increased density in the right costophrenic angle. In the lateral film, this does not have the classical appearance of an effusion. There are nonspecific pleural densities in the left upper lateral lung field which are also new findings.

The cardiomediastinal silhouette is normal and, to the extent definable, the lungs appear clear. Degenerative changes of the thoracic spine are noted.

IMPRESSION: Bilateral pleural disease, right greater than left. The etiology is entirely unclear.

Thank you for referring your patient to us,

C. I. Heller, M.D.
jw

d: 7/19/99
t: 7/19/99

**SUMMONS – CIVIL**
(Except Family Actions)

JD-CV-1 Rev. 6-98
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**

**INSTRUCTIONS**

1. Type or print legibly: sign original summons and conform all copies of the summons.
   Prepare or photocopy conformed summons for each defendant.
   Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if
   there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
2. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
3. The party recognized to pay costs must appear personally before the authority taking the recognizance.
4. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1
   for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby
commanded to make due and legal service of this Summons and attached Complaint.

| | |
|---|---|
| **"X" ONE OF THE FOLLOWING:** | |
| *Amount, legal interest or property demand, exclusive of interest and costs is:* | |
| ☐ less than $2,500 | |
| ☐ $2,500 through $14,999.99 | |
| ☒ $15,000 or more | |
| ("X" if applicable) | |
| Claiming other relief in | |
| ☒ addition to or in lieu of money or damages. | |

| JUDICIAL DISTRICT ☒ | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | RETURN DATE (Mo., day, yr.)(Must be Tuesday) August 22, 2000 |
|---|---|---|
| HOUSING SESSION ☐    G.A. NO. | Bridgeport | CASE TYPE (See back) Major __T__ Minor __20__ |

| ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350) | TELEPHONE NUMBER |
|---|---|
| 1061 Main Street, Bridgeport, Connecticut 06601 | ((203) 579-6568 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code)    NOTE: Individuals' Names: Last, First, Middle Initial | |
|---|---|---|
| | | ☒ Form JD-CV-2 attached |
| **FIRST NAMED PLAINTIFF** | Errichetti, John, 36 Fleet Street, Bridgeport, Connecticut 06606 | |
| Additional Plaintiff | | |
| **FIRST NAMED DEFENDANT** | Cummings Insulation, Co., Inc., 290 Pratt Street, Meriden, CT 06450 | |
| Additional Defendant | Claremont Co., 290 Pratt Street, Meriden, CT 06450 | |
| Additional Defendant | Owens-Illinois Corp., c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106; Tax-21 OSG; 1 Seagate, Toledo, OH 43666 | |
| Additional Defendant | United States Gypsum, c/o CT Corp., System, 1 Commercial Plaza, Hartford, CT 06103 | |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 7/17/00 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Melissa M. Olson, Esq. |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NUMBER | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Embry & Neusner, P.O. Box 1409, Groton, CT 06340 | (860) 449-0341 | 102932 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Maria Ventura, P.O. Box 1409, Groton, CT 06340 | |

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|
| 1 | 15 | 2 | | | FILE DATE |

**IF THIS SUMMONS IS SIGNED BY A CLERK:**

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
   The Clerk is not permitted to give any legal advice in connection with any lawsuit.
c. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

CIVIL SUMMONS
CONTINUATION OF PARTIES
JD-CV-2

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)

ERRICHETTI, JOHN

FIRST NAMED DEFENDANT (Last, First, Middle Initial)

Cummings Insulation Company, et al

Additional PLAINTIFFS
(Name and address of each)

Additional DEFENDANTS
(Name and address of each)

Eastern Refractories Co., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT  06103
John Crane, Inc., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT  06103
Armstrong World Industries, Inc., c/o CT Corp Systems, One Commercial Plaza,
       Hartford, CT 06103
Rhone-Poulenc AG Co., Inc., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT
       06103
GAF Corporation, c/o Secretary of State, 30 Trinity Street, Hartford, CT  06106;  1361

Alps Road, Wayne, NJ 07570.

Combustion Engineering, Inc., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT
06103

WR Grace & Co., c/o Prentice Hall Corp. System, 94 Hungerford Street, Hartford, CT 06106

Flintkote, Co., c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106; Nossaman,
Guther & Knox, 100 Embarcadero Ave., 3rd Floor, San Francisco, CA 94105

AW Chesterton Co., c/o Legal Department, 225 Fallon Road, Stoneham, MA 02180

AC & S., Inc., c/o 120 North Lime Street, Lancaster, PA 17602

Foster Wheeler, c/o US Corp. Co., 800 Brazos, Austin, TX 78767

Return Date: August 22, 2000

| | |
|---|---|
| JOHN ERRICHETTI, : | SUPERIOR COURT |
|     Plaintiff : | |
| : | J.D. OF FAIRFIELD |
| VS. : | |
| : | AT BRIDGEPORT |
| CUMMINGS INSULATION CO., INC., : | |
| THE CLAREMONT CO., INC., : | 17 JULY 2000 |
| OWENS-ILLINOIS CORP., : | |
| UNITED STATES GYPSUM CO, : | |
| EASTERN REFRACTORIES CO., : | |
| JOHN CRANE INC., : | |
| ARMSTRONG WORLD INDUSTRIES, : | |
| RHONE-POULENC A-G, INC., : | |
| GAF CORPORATION, : | |
| COMBUSTION ENGINEERING, : | |
| WR GRACE & CO., : | |
| FLINTKOTE CO., : | |
| AW CHESTERTON CO., : | |
| AC& S, INC., : | |
| FOSTER WHEELER, : | |
|     Defendants : | |

## COMPLAINT

### FIRST CLAIM ON BEHALF OF JOHN ERRICHETTI

## BASED ON NEGLIGENCE AND PRODUCT LIABILITY
## FOR PERSONAL INJURIES AND DAMAGES

1. The Plaintiff, JOHN ERRICHETTI, was employed as a Carpenter from on or about 1950 to 1996. He worked for various employers, including but not limited to E & F Construction, at various job sites, including but not limited to St. Vincent Hospital, Bridgeport, CT and Trumbull High School, Trumbull, CT. He worked in areas where he was exposed to asbestos.

2A. Cummings Insulation Company, Inc. is a Connecticut corporation with an office at 198 State Street in the Town of Meriden, County of New Haven and State of Connecticut.

2B. The Claremont Company, Inc., is a Connecticut corporation with an office at 198 State Street in the Town of Meriden, County of New Haven and State of Connecticut.

2C. Owens-Illinois Corporation is a foreign corporation with its principal place of business in Toledo, Ohio.

2D. United States Gypsum Co. is a foreign corporation with its principal place of business at 125 South Franklin, Chicago, IL 60606.

2E. Eastern Refractories Company, Inc. is a Massachusetts corporation with its principal place of business in Belmont, Massachusetts.

2F. John Crane, Inc. is a Delaware corporation which does business in the State of Connecticut with an office at 6400 Oakton Street, Morton Grove, IL 60053.

2G. Armstrong World Industries is a Pennsylvania corporation which does business in the State of Connecticut with an office at Liberty & Charlotte Streets, Lancaster, PA 17604.

2H.    Rhone-Poulenc, Inc. f/k/a AMCHEM Products, Inc. f/k/a Benjamin Foster Company is a foreign corporation which does business in the State of Connecticut with an office at CN 7500, Cranberry, NJ 08512-7500.

2I.    GAF Corporation, successor by merger with The Rubberoid CO., formerly known as General Analine & Film Corp. is a Delaware corporation with an office at 1361 Alps Road, Wayne, New Jersey 07570, and is authorized to do business in the State of Connecticut.

2J.    The defendants listed in paragraphs 2G through 2I were managed by the Center for Claims Resolution (CCR) and were subject to a class action, *Georgine et al. v. Amchem et al.*, No. 93-CV-0215, USDC ED PA. During the pendancy of that action, the statute of limitations was tolled. On July 21, 1997, the United States Supreme Court declared the class action invalid.

2K.    Combustion Engineering is a Connecticut corporation with its principal place of business at 501 Merritt 7, Norwalk, CT 06856.

2L.    WR Grace & Co., is a foreign corporation with its principal place of business at 7500 Grace Drive, Columbia, MD.

2M.    Flintkote Co., is a Delaware corporation with a business agent at Nossaman, Guthner & Knox, 100 Embercadero Ave., 3rd Floor, San Francisco, CA 94105.

2N.    A.W. Chesterton Co. is a Massachusetts corporation with an agent at 33 Pine Street, Sudbury, MA.

2O.    A.C. & S., Inc. is a foreign corporation with its principal place of business at 120 North Lime Street, Lancaster, PA.

2P.    Foster Wheeler is a New York corporation with an agent at US. Corp. Co.,

800 Brazos, Austin, TX.

3.      The Defendants listed in paragraph 2A through 2P were in the business of manufacturing, distributing, and selling various asbestos products. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

4.      While the Plaintiff worked for various employers and at various job sites listed in paragraph 1, he was exposed to asbestos products of the Defendants. As part of his employment, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

5.      The illness of plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing products which the Defendants, knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos and asbestos related products were so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous.

6.      The disability, injuries, and illness of plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos-containing products were deleterious, poisonous and highly harmful to the plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

6a.      Failed to advise the plaintiff of the dangerous characteristics of their asbestos and asbestos related insulation products, and other asbestos-containing products,

6b.      Failed or omitted to provide the plaintiff with the knowledge as to what

would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances to prevent his wife and family from being exposed to such deleterious and harmful asbestos related insulation materials, and other asbestos-containing products,

6c.    Failed and omitted to place any warnings or sufficient warnings on their asbestos and asbestos insulation materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos insulation materials and other asbestos-containing products,

6d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products,

6e.    Inadequately warned, if, in fact, they warned at all, persons such as the plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and other asbestos-containing products including the special dangers of asbestos exposure to cigarette smokers,

6f.    Did not recommend methods to improve the work environment,

6g.    Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or to develop alternative products,

6h.    Failed to provide adequate safety instruction for persons who would reasonably and foreseeably come into contact with their products so they could be used with safety,

6i.    Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

6j.    Failed to eliminate or reduce the amount of asbestos contained in their

products,

6k.     Continued to use a known cancer-causing product, to-wit:  asbestos.

7.     The Defendants intentionally misrepresented that their asbestos products were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused plaintiff injuries as stated herein.

8.     The Defendants, as part of their business, manufactured, sold and delivered their asbestos products into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the plaintiff, without substantial change in the condition in which they were sold.

9.     At all relevant times, the insulating and or asbestos products were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

10.     Defendants expressly or impliedly warranted that said asbestos was of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

11.     Defendants breached the said warranties in that their asbestos was not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

12.     All or some of the Defendants became aware of the dangers of breathing asbestos before the plaintiff was exposed to Defendants' asbestos products but they intentionally and fraudulently concealed the danger from the decedent and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

13.    Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the plaintiff and other human beings.

14.    The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

15.    It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos and asbestos products, which duty the defendants breached.

16.    As a result of the acts of the Defendants as aforesaid and Plaintiff's exposure to asbestos products manufactured, sold and distributed by the Defendants, Plaintiff JOHN ERRICHETTI, was diagnosed as suffering from an asbestos related lung disease. He has endured pain and mental anguish and will continue to suffer in the future. He suffers fear of developing progressive lung disease, cancer and mesothelioma. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

## SECOND CLAIM FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF PLAINTIFF JOHN ERRICHETTI

17.    Paragraphs 1 through 16 are hereby repeated and realleged.

18.    The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless

disregard for the consequences the Defendants knew or should have known would result.

19.     The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his prior exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

20.     The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By _____

MELISSA M. OLSON, ESQ.

Wherefore the Plaintiff, JOHN ERRICHETTI, claims against the defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00.

3. Punitive and exemplary damages.

Dated at Groton this 17th day of July, 2000.

By _____

MELISSA M. OLSON, ESQ.

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932