Claim No. 429

VS-4 REV. 8/95
STATE OF CONNECTICUT
DEPARTMENT OF PUBLIC HEALTH

### CERTIFICATE OF DEATH

| DECEASED NAME   FIRST | MIDDLE | LAST | SEX | STATE FILE NUMBER |
|---|---|---|---|---|
| CANDIDA | BACHIOCCHI | | F | |
| | | | | DATE OF DEATH (Month, Day, Year) 7-26-98 |

| DATE OF BIRTH (Month, Day, Year) Aug. 9, 1917 | AGE–Last Birthday 80 | UNDER 1 YEAR Mos. / Days | UNDER 1 DAY Hours / Mins. | RACE–White, Black, American Indian, Other (Specify) White | OF HISPANIC ORIGIN? (If Yes, specify Cuban, Mexican, Puerto Rican, Other) ☐ Y ☒ N |

| COUNTY OF DEATH New Haven | TOWN OF DEATH Branford | PLACE OF DEATH (Check one) The Connecticut Hospice, Inc. | ☐ ER/outpatient ☐ Nursing Home ☐ Reside ☐ Other |

USUAL RESIDENCE WHERE DECEASED LIVED. IF DEATH OCCURRED IN INSTITUTION, GIVE RESIDENCE BEFORE ADMISSION.

| CITY & STATE OF BIRTH (Country If not U.S.) New Haven CT. | CITIZEN OF USA | ☒ MARRIED ☐ NEVER MARRIED ☐ DIVORCED ☐ LEGALLY SEPARATED ☐ WIDOWED | LAST SPOUSE (If wife, give maiden name Marino Bachiocchi |

| SOCIAL SECURITY NUMBER 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 | USUAL OCCUPATION (Give kind of work done during most working life, even if retired) Homemaker | KIND OF BUSINESS OR INDUSTRY own home |

| RESIDENCE STATE connecticut | COUNTY New Haven | TOWN West Haven | NUMBER AND STREET 49 Milton Ave. |

| WAS DECEASED A VETERAN IF YES GIVE WAR ☐ YES ☒ NO   n/a | BRANCH OF SERVICE n/a | EDUCATION (Specify highest grade completed): Primary/Secondary: not stated 1-4   College: | 5+ |

| FATHER – NAME   FIRST   MIDDLE   LAST Agenore Castracane | MOTHER   FIRST   MIDDLE   MAIDE Lucia DiPillo |

| INFORMANT – NAME Edward Bachiocchi | MAILING ADDRESS 21 Silano Rd, Oxford CT. 06478- | RELATIONSHIP TO DECEA son |

PART 1. DEATH WAS CAUSED BY (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b) AND (c))

| | | APPROXIMATE INTERVAL BETWE ONSET AND DEATH |
|---|---|---|
| 30 IMMEDIATE CAUSE | (a) Mesothelioma | 4 months |
| CONDITIONS, IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE (a) STATING THE UNDERLYING CAUSE LAST. | DUE TO, OR AS A CONSEQUENCE OF: (b) | |
| | DUE TO, OR AS A CONSEQUENCE OF: (c) | |

| PART II. OTHER SIGNIFICANT CONDITIONS; CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE | AUTOPSY ☐ Y ☒ N | IF YES, Were findings consid in determining cause of death |
|---|---|---|
| 31 HTN | 32 | 33 |

| NURSE PRONOUNCEMENT TYPE OR PRINT NAME MARY C. FLYNN | DEGREE RN | SIGNATURE Mary C. Flynn | DATE AND TIME PRONOUNCED MONTH 7 DAY 26 YEAR 98 TIME 7:45 ☐ |

| CERTIFICATION – PHYSICIAN I attended the deceased from   Mo. 07 Day 24 Year 98 | Mo. 07 Day 26 Year 98 | AND LAST SAW HIM/HER ALIVE ON   Month / Day / Year | DEATH OCCURRED On the date, and to the b of my knowledge, d the cause(s) an 7:45 pm. |

| WAS CASE REFERRED TO MEDICAL EXAMINER ☐ YES ☒ NO | SURGERY RELEVANT TO CONDITION REPORTED IN ITEM 30 (Name of Operation)   (Date Performed) | THE DECEDENT WAS PRONOUNCED DEAD: Month 07 Day 26 Year 98 Time 7:45 |

| CERTIFIER – NAME (type or print) Frederick A. Flatow MD | SIGNATURE Frederick A. Flatow | DEGREE OR TITLE MD |

| MAILING – CERTIFIER Conn. Hospice, 61 Burban Dr., Branford, CT 06405 | ZIP | DATE SIGNED (Month, Day, Year) JULY 27, 1998 |

| BURIAL, CREMATION, REMOVAL (Specify) Burial | CEMETERY OR CREMATORY – NAME All SAints | LOCATION CITY OR TOWN North Haven CT. | STATE 06516 |

| DATE (MONTH, DAY, YEAR) 7/30/1998 | FUNERAL HOME – NAME AND ADDRESS (STREET OR R.F.D. NO., CITY OR TOWN, STATE, ZIP) West Haven Funeral Home, 662 Savin Ave. West Haven CT |

| FUNERAL DIRECTOR OR EMBALMER – SIGNATURE James R. Sunoto | NAME OF EMBALMER IF BODY WAS EMBALMED NIle Whitney | LICENSE NUMBER 2392 |

| THIS CERTIFICATE RECEIVED FOR RECORD ON July 27, 1998 | BY | REGISTRAR Irene Hyle Asst |

Claim No. 429

| FIDUCIARY'S PROBATE<br>CERTIFICATE (PC-450) REV.<br>10/85 | STATE OF CONNECTICUT<br>COURT OF PROBATE | Recorded:<br>Page:  1 |
|---|---|---|

Court of Probate, District of West Haven
District Number 156

Estate of: Candida Castracane Bachiocchi

00-0254

Date of Certificate: 07/17/2000

**Fiduciary's name and address:**

Edward Bachiocchi, 21 Silano Road, Oxford, CT 06478
Position of trust: Administrator C.T.A.
Date of appointment: 07/17/2000

The undersigned hereby certifies that the fiduciary of the above
estate has accepted appointment; executed probate bond according to
law or has been excused by will or by statute; and is legally authorized
and qualified to act as such fiduciary on said estate, said appointment
being unrevoked and in full force as of the above date of
certificate.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of
this court on the above date of certificate.

COURT SEAL

_____
Deputy Asst. Clerk

NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED

As used in this document, the word fiduciary includes the plural
where the context so requires.

## THE MILFORD HOSPITAL, INC.
### DEPARTMENT OF PATHOLOGY

DC 4114
2047 BRIDGEPORT AVENU.
MILFORD, CT 06460
Voice: (203) 876-4254
FAX: (203) 876-8914

SURI PAPPU, M.D.
UMA AYER, M.D., F.C.A.P., F.I.A.C.

### SURGICAL PATHOLOGY

Patient: Bachiocchi, Candida
Birthdate: 8/9/17
Accessioned on: 4/3/98
Physician: Dr. Tatyana Morton

Path# 98-1363
Room: 314
Cytology 98-1363

Specimen: N/A Lung

GROSS DESCRIPTION:

Specimen, labeled "Needle Aspiration, Lung", consists of approximately 2 cc. of hemorrhagic debris. Submitted in entirety labeled A.

MICROSCOPIC DIAGNOSIS:

Needle aspiration, lung: Malignant tumor – favor adenocarcinoma.

CYTOLOGY DIAGNOSIS 98-1133: Papillary appearing tumor, differential to include mesothelioma vs. adenocarcinoma.

COMMENT: The cell block will be sent for immunohistochemical studies for further confirmation of adenocarcinoma and possibly to exclude mesothelioma.

SNOP-

ADDENDUM 4/20/98: Malignant tumor – immunohistochemical studies favor the lesion to be mesothelioma rather than adenocarcinoma (see attached Impath report).

Uma Ayer, M.D.
Pathologist

Suri Pappu, M.D.
Pathologist

SP/kc
4/6/98

# ᴵMPATH° REPORT

▲ *The Cancer Information Company*

521 West 57th Street, 6th Floor
New York, NY 10019
Tel: (800) 447-5816
Fax: (212) 258-2143

NY: 3953 7093A450    FL: L800011811    MD: 742    RI:242
CAP: 32774-01    HCFA/CLIA: 33-D0653384    MEDICARE: L86371

| PATIENT NAME BACHIOCCHI, CANDIDA | | IMPATH 98-1789 |
|---|---|---|
| SOC. SEC. # | SEX F | SURG. PATH 98-136 |
| DOB 8/9/17 | AGE 80 | TREATING PHYSICIA Dr. Morto |
| COLLECTION DATE 4/3/98 | DATE RECEIVED 4/8/98 | |
| PRELIMINARY DATE | REPORT DATE 4/9/98 | PAGE 1 of |

REQUESTING PHYSICIAN  Dr. Suri Pappu
Milford Hospital  Department of Pathology
2047 Bridgeport Avenue  Milford CT 06460
Tel #  (203) 876-4000        Fax #        (203) 876-8914

INST.ID
MH010

## TUMOR ANALYSIS

BODY SITE      Lung
CLINICAL DATA  Pathology report received.

SPECIMEN RECEIVED / PREPARE

1 Paraffin  1 H&E

## RESULTS

| Antibody/Test | Marker For | Results |
|---|---|---|
| CAM5.2/AE-1 | Keratins: 39, 40, 43, 48, 50, 50.6 kd | Positive |
| LeuM1 | Epithelial / Hodgkin's associated marker (CD15) | Negative |
| CEA (P) | Carcinoembryonic Antigen (Polyclonal) | Negative |
| B72.3 | Simple Epithelium | Negative |
| EPI | Epithelial antigen (Ber-EP4) | Negative |
| CALRETININ | Calcium-Binding protein. Mesothelial cells. | Positive |

## INTERPRETATION

THESE RESULTS FAVOR MESOTHELIOMA.

See Impath report #98-17044/17890

*Known positive tissues are tested with each antibody, examined to ensure positivity, and returned with each case.*
*This service is an adjunct to the evaluation of the referring pathologist and does not represent a final diagnosis.*

Bruce C. Horten, M.D.
Medical Director

Barbara A. Chaitin, M.D.
Associate Medical Director



# IMPATH® REPORT

*The Cancer Information Company*

521 West 57th Street, 6th Floor       Tel:   (800) 447-5816
New York, NY  10019                  Fax:   (212) 258-2143

NY: 3953 7093A450     FL: L800011811    MD: 742    RI:242
CAP: 32774-01    HCFA/CLIA: 33-D0653384    MEDICARE: L86371

| PATIENT NAME | | IMPATH # |
|---|---|---|
| BACHIOCCHI, CANDIDA | | 98-1704 |
| SOC. SEC. # | SEX | SURG. PATH # |
| | F | 98-1300-A |
| DOB | AGE | TREATING PHYSICIAN |
| 8/9/17 | 80 | Dr. Morton |
| COLLECTION DATE | | DATE RECEIVED |
| 3/31/98 | | 4/3/98 |
| PRELIMINARY DATE | REPORT DATE | PAGE |
| | 4/9/98 | 1 of |

REQUESTING PHYSICIAN   Dr. Uma Ayer          INST.ID
Milford Hospital   Department of Pathology        MH010
2047 Bridgeport Avenue   Milford CT  06460
Tel #   (203) 876-4000          Fax #   (203) 876-8914

## TUMOR ANALYSIS

| BODY SITE | Pleural fluid | SPECIMEN RECEIVED / PREPARED |
|---|---|---|
| CLINICAL DATA | Pathology report received. 04/08/98 Additional material received: 1 Paraffin & 1 H/E | 1 Paraffin  1 H&E |

## RESULTS

| Antibody/Test | Marker For | Results |
|---|---|---|
| CAM5.2/AE-1 | Keratins: 39, 40, 43, 48, 50, 50.6 kd | Rare Cells immunoreactive |
| LeuM1 | Epithelial / Hodgkin's associated marker (CD15) | Negative   / * |
| CEA (P) | Carcinoembryonic Antigen (Polyclonal) | Negative   / * |
| B72.3 | Simple Epithelium | Negative |
| EPI | Epithelial antigen (Ber-EP4) | Negative |
| CALRETININ | Calcium-Binding protein. Mesothelial cells. | Rare Cells immunoreactive |

### INTERPRETATION

* Inflammatory cells stain.

THESE RESULTS DISPLAY RARE MESOTHELIAL CELLS.

See Impath report #98-17890/17891

*Known positive tissues are tested with each antibody, examined to ensure positivity, and returned with each case.*
*This service is an adjunct to the evaluation of the referring pathologist and does not represent a final diagnosis.*

Bruce C. Horten, M.D.
Medical Director

Barbara A. Chaitin, M.D.
Associate Medical Director

# THE MILFORD HOSPITAL, INC.
## DEPARTMENT OF PATHOLOGY

SURI PAPPU, M.D.
UMA AYER, M.D., F.C.A.P., F.I.A.C.

2047 BRIDGEPORT AVENUE
MILFORD, CT 06460
Voice: (203) 876-4254
FAX:   (203) 876-8914

## SURGICAL PATHOLOGY

Patient: Bachiocchi, Candida
Birthdate: 8/9/17
Accessioned on: 3/30/98
Physician: Dr. Morton

Path# 98-1270
Room: 242
Cytology #98-1089

Specimen: Pleural Fluid

### GROSS DESCRIPTION:

Specimen, labeled "Pleural Fluid", consists of 10 cc. of hemorrhagic pleural which is spun down for cell block labeled A.

### MICROSCOPIC DIAGNOSIS:

Pleural fluid:  Fibrinous background containing clusters of atypical focally papillary clusters of cells admixed with a population of mesothelial cells, lymphoid cells and neutrophils.

The atypical glandular clusters raise the possibility of an underlying adenocarcinoma.  Further work up can be performed; more material is required for tumor marker studies.

CYTOLOGY DIAGNOSIS 98-1089:   Occasional atypical glandular clusters, lymphocytes, mesothelial cells, neutrophils and eosinophils.

Uma Ayer, M.D.
Pathologist

UA/kc
3/31/98

# THE MILFORD HOSPITAL, INC.
## DEPARTMENT OF PATHOLOGY

2047 BRIDGEPORT AVENU
MILFORD, CT 06460
Voice: (203) 876-4254
FAX:  (203) 876-8914

SURI PAPPU, M.D.
UMA AYER, M.D., F.C.A.P., F.I.A.C.

## SURGICAL PATHOLOGY

Patient: Bachiocchi, Candida
Birthdate: 8/9/17
Accessioned on: 3/31/98
Physician: Dr. Morton

Path# 98-1300
Room: 242
Cytology 98-1122

Specimen: Pleural Fluid

## GROSS DESCRIPTION:

Specimen, labeled "Pleural Fluid", consists of 26 cc. of hemorrhagic fluid which is submitted for cell block.

## MICROSCOPIC DIAGNOSIS:

Pleural fluid:  Clusters of glandular atypical cells suggestive of an underlying glandular neoplasm in a fibrinous background containing a population of reactive mesothelials, lymphocytes, neutrophils and occasional eosinophils. Marker studies are pending.

CYTOLOGY DIAGNOSIS 98-1300: Single and a few clusters of atypical glandular cells, reactive mesothelial cells, lymphoid cells and neutrophils.

Uma Ayer, M.D.
Pathologist

UA/kc
4/1/98

## MILFORD HOSPITAL, MILFORD, CONNECTICUT - DISCHARGE SUMMARY

**PATIENT:** BACHIOCCHI, Candida

**AGE:** 80

**UNIT #:** 17-57-45

**ADMISSION DATE:** 03/29/98    **DISCHARGE DATE:** 04/14/98

**ATTENDING PHYSICIAN:** Tatyana Morton, M.D.

**FINAL DIAGNOSIS:**
1. Malignant mesothelioma
2. Large left pleural effusion secondary to #1
3. Paroxysmal supraventricular tachycardia
4. Essential tremor

**PROCEDURES:** Status post left chest tube placement
Status post left sided scleral therapy

**BRIEF HISTORY:** This is a very healthy 80 year old woman with only past medical history notable for an essential tremor who presented to the emergency room on 3/29/98 with a history of slowly increasing SOB over about a week. The patient was found in the emergency room to have a very large left pleural effusion. She was admitted for further evaluation and management.

**HOSPITAL COURSE:** The left pleural effusion was tapped in the hospital and it was a large exudative hemorrhagic effusion. The initial pathology came back notable for atypical cells. She had a CAT scan done while she was in the hospital after the lung was tapped and the CAT scan came back notable for a 5-6 cm enhancing density at the left lung base and there were also other smaller masses on the left side of the lung seemingly adherent to the pleura. She had no other evidence of any mediastinal or hilar adenopathy. She had nothing in her abdomen or pelvis. The mass was aspirated and CT guided biopsy of this mass was sent away. The initial pathology was not conclusive. It was adenocarcinoma versus mesothelioma and Immuno histochemical stains were sent over to Yale. The final pathology came back most likely consistent with a mesothelioma.

In discussions with Dr. LaSala who spoke with the family, it was decided that the best therapy right now is watchful waiting. The patient had a chest tube placed during this hospital stay and it drained a lot of fluid and sclero-therapy with doxycycline was performed successfully. The chest tube was pulled out on 4/13 in the morning and the patient has had no further complaints.

(CONTINUED)

**DISCHARGE SUMMARY - PAGE 2**
BACHIOCCHI, Candida
Unit #17-57-45

**DISCHARGE:**  The patient is to be discharged on 4/14 in the AM.  The plan for patient will be to follow-up with Dr. LaSala in one week and to have a repeat chest x-ray in one week and the patient will also follow-up with Dr. Morton in 10 days to two weeks and further therapy will be guided depending on how the patient does in the next couple weeks.

Discharge medications include only Inderal, 10 mg po t.i.d. which was her usual medication for her essential tremor and Tylenol extra strength over the counter, prn.  She will also be set up with VNA and home health aide services.  All the plans were discussed with her daughter, Fran as well.

Dictated 04/13/98 @17:53 by
  Tatyana Morton, M.D.

Transcribed April 20, 1998 -   djr   Physician's Signature

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 6-98
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

"X" ONE OF THE FOLLOWING:
*Amount, legal interest or property demand, exclusive of interest and costs is:*
[ ] less than $2,500
[ ] $2,500 through $14,999.99
[X] $15,000 or more
("X" if applicable)
[X] Claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.)(Must be a Tuesday) January 16, 2000

[X] JUDICIAL DISTRICT
[ ] HOUSING SESSION   [ ] G.A. NO. ____   AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) BRIDGEPORT

CASE TYPE (See back)
Major **T**   Minor **20**

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
1061 Main Street, Bridgeport, CT  06601

TELEPHONE NUMBER
203-579-6568

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code)  NOTE: Individuals' Names: Last, First, Middle Initial    [X] Form JD-CV-2 attached | PT NO |
|---|---|---|
| FIRST NAMED PLAINTIFF | Bachiocchi, Edward, Administrator of the Estate of Candida Bachiocchi, 21 Silano Road, Oxford, CT  06478 | 0' |
| Additional Plaintiff | Bachiocchi, Marino, c/o Edward Bachiocchi, 21 Silano Road, Oxford, CT 06478 | 0: |
| FIRST NAMED DEFENDANT | Cummings Insulation Co., INc., 290 Pratt Street, Meriden, CT  06450 | 50 |
| Additional Defendant | Claremont Co., 290 Pratt Street, Meriden, CT  06450 | 5' |
| Additional Defendant | United States Gypsum Co., c/o CT Corp. System, 1 Commercial Plaza, Hartford, CT 06103 | 52 |
| Additional Defendant | Eastern Refractories Company, INc., c/o CT Corp. System, 1 Commercial Plaza, Hartford, CT 06103 | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 12/4/00 | SIGNED (Sign and "X" proper box) | [X] Comm. of Superior Court  [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Melissa M. Olson, ESq. |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:
NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
Embry & Neusner, P.O. Box 1409, Groton, CT. 06340
TELEPHONE NUMBER 860-449-0341   JURIS NO. (If atty. or law firm) 102932

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
Maria Ventura, P.O. Box 1409, Groton, CT  06340
SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. 2 | # DEFS. 15 | # CNTS. 4 | SIGNED (Official taking recognizance; "X" proper box) | [X] Comm. of Superior Court  [ ] Assistant Clerk | For Court Use Only  FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. a Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

CIVIL SUMMONS
CONTINUATION OF PARTIES
JD-CV-2

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)

BACHIOCCHI, EDWARD, ADMINISTRATOR OF THE ESTATE OF
CANDIDA BACHIOCCHI

FIRST NAMED DEFENDANT (Last, First, Middle Initial)

CUMMINGS INSULATION CO., INC.

Additional PLAINTIFFS
(Name and address of each)

Additional DEFENDANTS
(Name and address of each)

John Crane, Inc., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT  06103
Armstrong World Industries, Inc., c/o CT Corp Systems, One Commercial Plaza,
        Hartford, CT 06103
Rhone-Poulenc AG Co., Inc., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT

06103

GAF Corporation, c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106; 1361
Alps Road, Wayne, NJ 07570.

Combustion Engineering, Inc., c/o CT Corp Systems, One Commercial Plaza, Hartford, CT
06103

WR Grace & Co., c/o Prentice Hall Corp. System, 94 Hungerford Street, Hartford, CT 06106

Flintkote, Co., c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106; Nossaman,
Guther & Knox, 100 Embarcadero Ave., 3rd Floor, San Francisco, CA 94105

AW Chesterton Co., c/o Legal Department, 225 Fallon Road, Stoneham, MA 02180

AC & S., Inc., c/o 120 North Lime Street, Lancaster, PA 17602

Foster Wheeler Energy Services Inc., c/o Corp. Service Company, 94 Hugerford Street, Hartford,
CT 06106

Robert A. Keasbey Co., c/o Secretary of State, 30 Trinity Street, Hartford, CT 06106; 1 Cozine
Ave., Brooklyn, New York 11207

Return Date: January 16, 2001

| | |
|---|---|
| EDWARD BACHIOCCHI, ADMINISTRATOR : | SUPERIOR COURT |
| FOR THE ESTATE OF CANDIDA : | |
| BACHIOCCHI AND MARINO BACHIOCCHI : | J.D. OF FAIRFIELD |
| PERSONALLY, : | |
|     Plaintiffs, : | AT BRIDGEPORT |
| : | |
| VS. : | 4 DECEMBER 2000 |
| : | |
| CUMMINGS INSULATION CO., INC., : | |
| THE CLAREMONT CO., INC., : | |
| UNITED STATES GYPSUM CO, : | |
| EASTERN REFRACTORIES CO., : | |
| JOHN CRANE INC., : | |
| ARMSTRONG WORLD INDUSTRIES, : | |
| RHONE-POULENC A-G, INC., : | |
| GAF CORPORATION, : | |
| COMBUSTION ENGINEERING, : | |
| WR GRACE & CO., : | |
| FLINTKOTE CO., : | |
| AW CHESTERTON CO., : | |
| AC& S, INC., : | |
| FOSTER WHEELER ENERGY SERVICE INC., : | |
| ROBERT A. KEASBEY CO. : | |
| : | |
|     Defendants : | |

## COMPLAINT

### FIRST CLAIM ON BEHALF OF EDWARD BACHIOCCHI ADMINISTRATOR FOR THE ESTATE OF CANDIDA BACHIOCCHI

#### FIRST COUNT BASED ON PRODUCTS LIABILITY PURSUANT TO CONNECTICUT GENERAL STATUTE 52-572 M ET SEQ. FOR THE ESTATE OF CANDIDA BACHIOCCHI FOR PERSONAL INJURIES AND WRONGFUL DEATH

1.      The Plaintiff, Edward Bachiocchi, has been appointed administrator for the Estate of Candida Bachiocchi by the appropriate probate court.

2.      Decedent's husband, Marino Bachiocchi, was employed as a construction worker and laborer from on or about 1938 to 1975.  He worked for various employers, including but not limited to Fusco Corporation, at various job sites, including but not limited to Our Lady of Grace Monastery, North Guilford, CT, Winchester School, New Haven, CT, Naugatuck High School, Naugatuck, CT, CT Mental Health, New Haven, CT, and Ridge Road School, Hamden, CT.  Mr. Marino Bachiocchi worked in areas where he was exposed to asbestos.  As a result of Mr. Marino Bachiocchi's employment, the Decedent was exposed to asbestos which was brought home Mr. Bachiocchi's person and his clothes.

3A.      Cummings Insulation Company, Inc. is a Connecticut corporation with an office at 290 Pratt Street in the Town of Meriden, County of New Haven and State of Connecticut.

3B.      The Claremont Company, Inc., is a Connecticut corporation with an office at 290 Pratt Street in the Town of Meriden, County of New Haven and State of Connecticut.

3C.    United States Gypsum Co. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 125 South Franklin, Chicago, IL 60606.

3D.    Eastern Refractories Company, Inc. is a Massachusetts corporation which has done business in the State of Connecticut with its principal place of business in Belmont, Massachusetts.

3E.    John Crane, Inc. is a Delaware corporation which does business in the State of Connecticut with an office at 6400 Oakton Street, Morton Grove, IL 60053.

3F.    Armstrong World Industries is a Pennsylvania corporation which does business in the State of Connecticut with an office at Liberty & Charlotte Streets, Lancaster, PA 17604.

3G.    Rhone-Poulenc A-G, Inc. f/k/a AMCHEM Products, Inc. f/k/a Benjamin Foster Company is a foreign corporation which does business in the State of Connecticut with an office at CN 7500, Cranberry, NJ 08512-7500.

3H.    GAF Corporation, successor by merger with The Rubberoid CO., formerly known as General Analine & Film Corp. is a Delaware corporation with an office at 1361 Alps Road, Wayne, New Jersey 07570, and is authorized to do business in the State of Connecticut.

3I.    The defendants listed in paragraphs 3F through 3H were managed by the Center for Claims Resolution (CCR) and were subject to a class action, *Georgine et al. v. Amchem et al.,* No. 93-CV-0215, USDC ED PA. During the pendency of that action, the statute of limitations was tolled. On July 21, 1997, the United States Supreme Court declared the class action invalid.

3J.    Combustion Engineering is a Connecticut corporation with its principal place of business at 501 Merritt 7, Norwalk, CT 06856.

3K.    WR Grace & Co., is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 7500 Grace Drive, Columbia, MD.

3L.    Flintkote Co., is a Delaware corporation which has done business in the State of Connecticut with a business agent at Nossaman, Guthner & Knox, 100 Embarcadero Ave., 3rd Floor, San Francisco, CA 94105.

3M.    A.W. Chesterton Co. is a Massachusetts corporation which has done business in the State of Connecticut with an agent at 33 Pine Street, Sudbury, MA.

3N.    A.C. & S., Inc. is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 120 North Lime Street, Lancaster, PA.

3O.    Foster Wheeler Energy Services Inc. is a New York corporation which has done business in the State of Connecticut with an agent at US. Corp. Co., 800 Brazos, Austin, TX.

3P.    Robert A. Keasbey Co. is a New York Corporation which has done business in the State of Connecticut with an agent at 71 West 23rd Street, New York, NY 10010.

4.    The Defendants listed in paragraph 3A through 3P were in the business of manufacturing, distributing, and selling various asbestos products. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5.    While the Decedent's husband worked for various employers and at various job sites listed but not limited to those in paragraph 2, he was exposed to asbestos products of the Defendants. As part of his employment, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products and brought it home on his clothing whereby the Decedent was exposed to and breathed the asbestos

causing her injuries.

6.    The injuries, illness and death of the Decedent are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing products which the Defendants, knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to Decedent's body, lungs, respiratory system, skin and health.  At all times said asbestos and asbestos related products were so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous.

7.    The injuries, illness and death of the Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos-containing products were deleterious, poisonous and highly harmful to the Decedent's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

7a.    Failed to advise the Decedent and her husband of the dangerous characteristics of their asbestos and asbestos related insulation products, and other asbestos-containing products,

7b.    Failed or omitted to provide the Decedent's husband with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances to prevent his wife and family from being exposed to such deleterious and harmful asbestos related insulation materials, and other asbestos-containing products,

7c.    Failed and omitted to place any warnings or sufficient warnings on their asbestos and asbestos insulation materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos insulation materials and other asbestos-containing products,

Case 01-01139-AMC    Doc 4169-3    Filed 08/05/03    Page 18 of 31

7d.     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products,

7e.     Inadequately warned, if, in fact, they warned at all, persons such as the Decedent and her husband of the dangers to their health in coming in contact with and breathing said asbestos and other asbestos-containing products including the special dangers of asbestos exposure to cigarette smokers,

7f.     Did not recommend methods to improve the work environment,

7g.     Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or to develop alternative products,

7h.     Failed to provide adequate safety instruction for persons who would reasonably and foreseeably come into contact with their products so they could be used with safety,

7i.     Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7j.     Failed to eliminate or reduce the amount of asbestos contained in their products,

7k.     Continued to use a known cancer-causing product, to-wit:  asbestos.

8.      The Defendants intentionally misrepresented that their asbestos products were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused the Decedent's injuries as stated herein.

9.      The Defendants, as part of their business, manufactured, sold and delivered their asbestos products into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Decedent, without substantial change in the condition in which they were sold.

10.     At all relevant times, the insulating and or asbestos products were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11.     Defendants expressly or impliedly warranted that said asbestos was of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12.     Defendants breached the said warranties in that their asbestos was not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13.     All or some of the Defendants became aware of the dangers of breathing asbestos before the Decedent was exposed to Defendants' asbestos products but they intentionally and fraudulently concealed the danger from the Decedent and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14.     Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Decedent and other human beings.

15.     The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by

or on behalf of various Defendants in the asbestos industry.

16.    It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos and asbestos products, which duty the Defendants breached.

17.  As a result of the acts of the Defendants as aforesaid and Decedent's exposure to asbestos products manufactured, sold and distributed by the Defendants, Decedent Candida Bachiocchi, was diagnosed as suffering from an asbestos related lung disease consisting of mesothelioma. She was hospitalized and required extensive medical treatment and care. She suffered great pain and mental anguish. She was limited in her daily activities and life's enjoyment. She became disabled and suffered a loss of earning capacity and bodily function. As a consequence of her asbestos-related injuries, Candida Bachiocchi died on or about July 27, 1998, and she and her estate were denied earnings and life's enjoyment and incurred expenses for medical care and funeral bills for which just compensation is sought.

### SECOND COUNT FOR LOSS OF CONSORTIUM
### ON BEHALF OF MARINO BACHIOCCHI

18.    Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19.    The illness and injuries suffered by the decedent prior to death resulting from her exposure to asbestos products deprived the Plaintiff spouse of comfort, support, service and consortium to which he was entitled.

20.    As a result of the decedent's exposure to asbestos products produced or supplied by Defendants and her resulting injuries and damages, the Plaintiff spouse has been deprived of the comfort, support, and consortium to which he was entitled. Pursuant to C.G.S.A. §§ 52-555a & b, the decedent's death resulting from her asbestos-

induced injuries has denied the Plaintiff spouse the society, affection, moral support, service provided by, and companionship of the decedent resulting in injuries and damages to him.

21.    The injuries and damages suffered by the Plaintiff spouse were caused by the Defendants jointly and severally as aforesaid.

## THIRD COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF EDWARD BACHIOCCHI, ADMINISTRATOR OF THE ESTATE OF CANDIDA BACHIOCCHI

22.    Paragraphs 1 through 21 are hereby repeated and realleged as if fully set forth.

23.    The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

24.    The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the decedent and / or plaintiff spouse of the dangers of the decedent and / or plaintiff spouse's prior exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

25.    The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the decedent and / or plaintiff spouse from the known dangers of asbestos.

## FOURTH COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF MARINO BACHIOCCHI

26.    Paragraphs 1 through 25 are hereby repeated and realleged as if fully set forth.

27.    The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

28.    The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the decedent and / or plaintiff spouse of the dangers of the decedent and / or plaintiff spouse's prior exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

29.    The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the decedent and / or plaintiff spouse from the known dangers of asbestos.

By _____
MELISSA M. OLSON, ESQ.

Wherefore the Plaintiffs claim against the Defendants jointly and severally:

    1. Money damages.

    2. The amount in demand is greater than $15,000.00.

    3. Punitive and exemplary damages.

    4. Such other relief as the court may deem proper.


Dated at Groton this 4th day of December, 2000.


By _____
MELISSA M. OLSON, ESQ.

State of Connecticut)

              ss;  New London, December 6, 2000

County of New London)


    Then and there by virtue hereof, I made due and legal service upon the within named out of state Corporation,

    AW Chersterton Co.

by depositing in the Post Office, postage paid, return receipt requested, and certified a true and attested copy of this the original writ, summons and complaint addressed to the corporate secretary of the within named defendant corporation at its principal place of business being,

    AW Chersterton Co., C/O Corporate Secretary, Legal Department 225 Fallon Road, Stoneham, MA 02180


    And on the 18 day of December 2000, I received the return receipt card-letter hereto annexed.

    The within and foregoing is the original writ, summons and complaint with my doings endorsed hereon.

Service
Copies
Endorsements
Travel
Postage

Total

Attest:

*Thomas F. McKittrick*

Thomas F. McKittrick
State Marshal

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AW Chersterton Co.
Corporate Secretary
Legal Department
225 Fallon Road
Stoneham, MA 02180

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
C. CONSTANTINE | 12·1·00

C. Signature

X D. Constantine
☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7099 3400 0017 5311 8646

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

State of Connecticut)

$\qquad$ ss;  New London, December 6, 2000

County of New London)


Then and there by virtue hereof, I made due and legal service upon the within named out of state Corporation,

AC&S INC.

by depositing in the Post Office, postage paid, return receipt requested, and certified a true and attested copy of this the original writ, summons and complaint addressed to the corporate secretary of the within named defendant corporation at its principal place of business being,

AC&S, INC., c/o Corporate Secretary, 120 North Lime Street Lancaster, PA 17602


And on the 15 day of December 2000, I received the return receipt card-letter hereto annexed.

The within and foregoing is the original writ, summons and complaint with my doings endorsed hereon.

Service
Copies
Endorsements
Travel
Postage _____

Total

Attest:

*Thomas F. McKittrick*
Thomas F. McKittrick
State Marshal

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AC&S, INC.
c/o CORPORATE SECRETARY
120 NORTH LIME STREET
LANCASTER, PA 17602

## COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of D

C. Signature

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

☐ Age
☐ Add

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchi
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number (Copy from service label)
   7099 3400 0017 5311 8639

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M



UNITED STATES POSTAL SERVICE

First-Class Ma
Postage & Fe
USPS
Permit No. G-

• Sender: Please print your name, address, and ZIP+4 in this box •

THOMAS F. MCKITTRICK
STATE MARSHAL
4 /CHERRY STREET
WATERFORD, CT. 06385

12-15-00

State of Connecticut )
                                SS: Hartford, December 7, 2000
County of Hartford   )

       Then and there by virtue hereof and by direction of the
Plaintiff's Attorney, I made due and legal service upon the
within named out-of-state defendant corporations in the
following Manner: Gaf Corporation, 1361 Alps Road, Wayne, NJ
07570, Flintkote Co., 100 Embarcadero Avenue 3rd Floor
San Francisco, CA 94105 and Robert A. Keasbey Co., 1
Cozine Avenue, Brooklyn, NY 11207, by leaving two true and
attested copies of this the original Writ, Summons and
Complaint for each of the within named out-of-state defendant
corporations herein named at the Office of the Secretary of
the State of Connecticut. Said Secretary of the State of
Connecticut is duly authorized agent and attorney for the
within named out-of-state defendant corporations, at 30
Trinity Street, Hartford, Connecticut.

       And also on the 7th day of December, 2000 in the Town
and County of Hartford, State of Connecticut, I made due and
legal service upon the within named out-of-state defendant
corporations in the following manner: United States Gypsum,
Eastern RefractoriesCo. Inc., John Crane Inc., Armstrong
World Industries, Rhone-Poulenc AG Co. Inc., K/N/A
Aventis Cropscience USA Inc. and Combustion Engineering Inc.
by leaving a true and attested copy of this the original
Writ, Summons and Complaint for each of the within named
out-of-state defendant corporations herein named with and
in the hands of Mary Ellen Foran Special Assistant Secretary
for CT Corporation Systems and agent for service for the
the within named out-of-state defendant corporations, at
One Commercial Plaza, Hartford, Connecticut

       And also ont 7th day of December, 2000 in the Town and
County of Hartford, State of Connecticut, I made due and
legal service upon WR Grace & Co by leaving a true and
attested copy of this the original Writ, Summons and Complaint
with and in the hands of Pam Fitzgerald authorizrd agent for
Prentice Hall Corp. System, at 94 Hungerford Street,
Hartford, Connecticut.

       Also on the 7th day of December, 2000 in the Town and
County of Hartford, State of Connecticut, I made due and
legal service upon Foster Wheeler Energy Services Inc. by
leaving a true and attested copy of this the original Writ,
Summons and Complaint with and in the hands of Pam Fitzgerald
authorized agent for Corp Service Company, 94 Hungerford
Street, Hartford, Connecticut.

And afterwards on the 8th day of December, 2000 in the Town of Meriden, County of New Haven, State of Connecticut I made due and legal service upon Cummings Insulation Co. Inc. by leaving a true and attested copy of this the original Writ Summons and Complaint with and in the hands of Ron Williams agent for service for Cummings Insulation Co. Inc. at 290 Pratt Street Meriden, Connecticut.

And alson on the 8th day of December in the Town of Meriden, County of New Haven, State of Connecticut, I made due and legal service uponClaremont Co. by leaving a true and attested copy of this the original Writ, Summons and Complaint with and in the hands of Ron Williams, agent for service for Claremont Co. at 290 Pratt Street, Meriden, Connecticut.

The within and foregoing is the original Writ, Summons Complaint with my doings hereon endorsed.

ATTEST:    —_

*Thomas F. McKittrick*

Thomas F. McKittrick
State Marshal-New London County

Marshal Fees:

Travel.....................$ 48.90

Service................... 160.00

Pages..................... 252.00

Postage...................   6.80

Endorsements.............   8.00

Sec. of State Fee........  75.00

Total    $550.70