VS-4 REV. 11/86
STATE OF CONNECTICUT
DEPT. OF HEALTH SERVICES

**CERTIFICATE OF DEATH**

| DECEASED NAME | FIRST | MIDDLE | LAST | SEX | DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|---|---|
| 1 | Thomas | W | Trembley | 2 M | 3 7-25-92 |

| DATE OF BIRTH (Month, Day, Year) | AGE—Last Birthday | UNDER 1 YEAR Mos. Days | UNDER 1 DAY Hours Mins. | RACE—White, Black, American Indian, Other (Specify) | OF HISPANIC ORIGIN? (If yes, specify Cuban, Mexican, Puerto Rican, Other) |
|---|---|---|---|---|---|
| 4 3\|24\|1931 | 5 61 | | | 6 White | 7 □ Y □ N |

| COUNTY OF DEATH | TOWN OF DEATH | PLACE OF DEATH (Check one) Hospital: □ Inpatient □ ER/outpatient □ DOA | OTHER □ Nursing Home □ Residence □ Other |
|---|---|---|---|
| 8 Hartford | 9 Hartford | 10 ☒ Inpatient | |

USUAL RESIDENCE WHERE DECEASED LIVED. IF DEATH OCCURRED IN INSTITUTION, GIVE RESIDENCE BEFORE ADMISSION.

| CITY & STATE OF BIRTH (County if not U.S.) | CITIZEN OF | MARRIED □ NEVER MARRIED □ WIDOWED | LAST SPOUSE If wife, give maiden name) |
|---|---|---|---|
| 11 Lowell Mass | 12 U.S.A. | 13 ☒ MARRIED □ DIVORCED □ LEGALLY SEPARATED | 14 Doris B. Bour |

| SOCIAL SECURITY NUMBER | USUAL OCCUPATION (Give kind of work done during most working life, even if retired) | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| 15 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 | 16 Ct. Trane Service Co. | 17 |

| RESIDENCE STATE | COUNTY | TOWN | NUMBER AND STREET |
|---|---|---|---|
| 18 Conn. | 19 Hartford | 20 East Hartford | 21 38 Monroe St. |

| WAS DECEASED A VETERAN IF YES GIVE WAR | BRANCH OF SERVICE | EDUCATION (Specify highest grade completed:) Primary/Secondary: 0-12 College: 1-4 5+ |
|---|---|---|
| 22 ☒ YES □ NO Korean | 23 U.S. Navy | 24 |

| FATHER—NAME | FIRST | MIDDLE | LAST | MOTHER | FIRST | MIDDLE | MAIDEN |
|---|---|---|---|---|---|---|---|
| 25 Joseph W. Trembley | | | | 26 Ethel V. McKinley | | | |

| INFORMANT—NAME | MAILING ADDRESS | RELATIONSHIP TO DECEASED |
|---|---|---|
| 27 Doris Trembley | 28 38 Monroe St. E. Hfd. | 29 Wife |

**PART 1. DEATH WAS CAUSED BY (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b) AND (c))**

| 30 | | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| | IMMEDIATE CAUSE (a) Respiratory failure | 4 days |
| CONDITIONS, IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE(s) STATING THE UNDERLYING CAUSE LAST. | DUE TO, OR AS A CONSEQUENCE OF: (b) Metastatic mesothelioma | months |
| | DUE TO, OR AS A CONSEQUENCE OF: (c) | |

| PART II. OTHER SIGNIFICANT CONDITIONS: CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE | AUTOPSY | IF YES, Were findings considered in determining cause of death. |
|---|---|---|
| 31 | 32 □ Y ☒ N | 33 |

PART II INSTRUCTIONS
READ CAREFULLY
...IBLY with a Per-... Record Ink.

| NURSE PRONOUNCEMENT TYPE OR PRINT NAME | DEGREE | SIGNATURE | DATE AND TIME PRONOUNCED |
|---|---|---|---|
| 34 | | 35 | 36 MONTH DAY YEAR TIME □ AM □ PM |

...PLETED, this form ...t to the registrar of ...in the town where ...d.

| CERTIFICATION - PHYSICIAN Mo. Day Year I attended the deceased from | AND LAST SAW HIM/HER ALIVE ON Month Day Year | DEATH OCCURRED On the date, and to the best of my knowledge, due to the cause(s) stated |
|---|---|---|
| 37 7.16.92 to 7 25 92 | 38 7 - 24 - 92 | 39 (Time) 11:25 A |

| WAS CASE REFERRED TO MEDICAL EXAMINER | SURGERY RELEVANT TO CONDITION REPORTED IN ITEM 30 (Name of Operation) (Date Performed) | THE DECEDENT WAS PRONOUNCED DEAD: |
|---|---|---|
| 40 □ Yes □ No ☒ | 41 42 | 43 Month 7 Day 25 Year 11 Time |

| CERTIFIER - NAME (type or print) | SIGNATURE | DEGREE OR TITLE |
|---|---|---|
| 44 ELIZABETH W. BRADY, M.D. | 45 Elizabeth W Brady | M.D. |

| MAILING-CERTIFIER | STREET OR R.F.D. NO. | CITY OR TOWN | STATE | ZIP | DATE SIGNED (Month, Day, Year) |
|---|---|---|---|---|---|
| 46 Suite 511 | 85 Seymour St | Hartford | CT | | 47 7-27-92 |

| BURIAL, CREMATION, REMOVAL (Specify) | CEMETERY OR CREMATORY - NAME | LOCATION CITY OR TOWN | STATE |
|---|---|---|---|
| 48 Cremation | 49 Cedar Hill Cemetery | 50 Hartford | Ct |

AREA: to be com-...sician.

| DATE (MONTH, DAY, YEAR) | FUNERAL HOME - NAME AND ADDRESS (STREET OR R.F.D. NO. CITY OR TOWN, STATE, ZIP) |
|---|---|
| 51 July 27, 1992 | 52 D'Esopo Funeral Chapel 30 Carter St. E. Hfd |

D AREA: to be com-...ral Director.

| FUNERAL DIRECTOR OR EMBALMER SIGNATURE | NAME OF EMBALMER IF BODY WAS EMBALMED | LICENSE NUMBER |
|---|---|---|
| 53 Louis Ratti | 54 not embalmed | 55 1927 |

| THIS CERTIFICATE RECEIVED FOR RECORD ON | BY | REGISTRAR |
|---|---|---|
| JUL 27 1992 | | Mark Mitchell M.D. |

"SEAL"

I certify that this is a true copy of the certificate as recorded in this office.

Attest: _Minnie Miller_ _____ Asst. Registrar of "VITAL STATISTICS"
JUL 27 1992

Dated: _____ City of "HARTFORD CONNECTICUT"

Not good without SEAL of the "HARTFORD HEALTH DEPARTMENT"

| FIDUCIARY'S PROBATE CERTIFICATE (PC-450) | STATE OF CONNECTICUT COURT OF PROBATE | Recorded: Page: 1 |
| --- | --- | --- |

Court of Probate, District of East Hartford
District Number 043

92-0356

Estate of: THOMAS W. TREMBLAY, SR

Date of Certificate: 11/09/1992

Fiduciary's name and address:

Thomas W. Tremblay, Jr., 135 North Mountain Road, Canton, CT 06019

Position of trust: executor

Date of appointment: 10/27/1992

The undersigned hereby certifies that the fiduciary of the above named estate has accepted appointment; executed probate bond according to law or has been excused by Will or by Statute; and is legally authorized and qualified to act as such fiduciary on said estate, said appointment being unrevoked and in full force as of the above Date of Certificate.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court on the above Date of Certificate.

COURT SEAL

*Patricia Robillard*

Patricia Robillard Judge/Ass't Clerk

NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED

As used in this document, the word fiduciary includes the plural, where the context so requires.

# HARTFORD HOSPITAL SURGICAL PATHOLOGY

**NAME** TREMBLAY, Thomas     **AGE** 60     **PATH NO.** S92-1371

**HIST. NO.** 116 79 190     **M. F.**     —     **DATE** 1/17/92

**LOCATION** B11E     REVISED REPORT     **OPERATOR** Allmendinger

**EXAMINER** Cole    (Change in Final Diagnosis - Original Dx Date 1/27/92)

**DESCRIPTION** Clinical Diagnosis: Mesothelioma.

MAC: The specimen is labeled pleura of right chest and consists of multiple, irregular, glistening, pink-brown soft tissue fragments measuring in aggregate 1.8 x 1 x 0.3 cm. The largest fragment measures 0.4 cm. in greatest dimension. The specimen is entirely submitted.

In the afternoon, another specimen is received for the same patient. The specimen consists of five slightly firm pink-white soft tissue fragments. The largest one measures 0.5 cm. in greatest dimension. The specimen is entirely submitted. (SH)

COMMENT: The tumor involving the chest is a malignant neoplasm showing areas of solid epithelial differentiation as well as spindle cell differentiation. A PAS stain with and without digestion with diastase shows copious amounts of glycogen but no mucin. A colloidal iron stain with and without hyaluronidase reveals moderate hyaluronic acid. A cytokeratin immunoperoxidase reaction is positive in a perinuclear distribution. Both EMA and vimentin monoclonal antibodies are positive. Carcinoembryonic antigen and B72.3 are negative while a Ber-EP4 shows only rare staining. Rare staining in mesotheliomas with this latter antigen may occasionally be found. Both routine histochemistry and immunocytochemistry strongly support the diagnosis of malignant mesothelioma.



**DIAGNOSIS** -1/31/92 (MICRO) Cell Blocks and needle biopsies, pleura: Malignant mesothelioma, biphasic type with solid epithelial and spindle cell subtype. See comment.

Solon R. Cole, M.D.
SURGICAL PATHOLOGY

HARTFORD HOSPITAL • HARTFORD, CT 06115 • CT REG. #HP-0254

*Hartford Lung Physicians, P. C.*
ARTHUR C. DeGRAFF JR., M. D.
85 SEYMOUR STREET
HARTFORD, CONNECTICUT 06106
Telephone (203) 278-7878

May 15, 1992

Attorney Stephen Embry
P.O. Box 1409
Groton, CT 06340

Re: Thomas Tremblay

Dear Attorney Embry:

As you know, Mr. Tremblay has malignant mesothelioma which results from his exposure to asbestos. The diagnosis of malignant mesothelioma has been confirmed by Dr. Colo. Since Mr. Tremblay did have significant asbestos exposure at work and malignant mesothelioma is an asbestos caused disease, it must be assumed that the malignant mesothelioma resulted from his asbestos exposure.

Mr. Tremblay has experienced, in addition to the malignant mesothelioma, renal failure consequent to administration of cis platinum in treatment of the malignant mesothelioma. He has suffered considerable disability as a consequence of the renal failure combined with the mesothelioma. Additionally, the malignant mesothelioma has spread locally to invade the chest wall and right-sided ribs. This has caused considerable pain. Mr. Tremblay has recently received several weeks of radiation therapy in treatment of pain which could not be controlled at home. He has just been discharged from Hartford Hospital.

In summary, the malignant mesothelioma was caused by asbestos exposure. Treatment of the malignant mesothelioma caused renal failure. Metastatic rib disease and intractable pain resulted from extension of the malignant mesothelioma into the chest wall. Additionally, chronic anemia with persisting fatigue has developed as a consequence of the renal failure and directly as a consequence of the malignant mesothelioma.

I hope that this answers any questions that you may have regarding Mr. Tremblay. If you have any further questions, don't hesitate to write to me.

Sincerely yours,


Arthur C. DeGraff, Jr., M.D.

ACD/ljk

cc: Mr. Tremblay

**SUMMONS**
CIVIL (except family actions)
DCV-1 Rev. 1-87
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259
P. BK. 49, 63, 66

**INSTRUCTIONS**

Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets 3 and 4).
If there is more than one defendant, prepare or photocopy conformed summons for each additional defendant.
Attach the original summons, with computer sheet attached (page 2), to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
After service has been made by officer, file original papers and officer's return with the clerk of the court.
The party recognized to pay costs must appear personally before the authority taking the recognizance. See Practice Book Section 49 for other exceptions.
Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

**AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND, EXCLUSIVE OF INTEREST AND COSTS IS**

a. ☐ less than $2,500
b. ☐ $2,500 through $14,999.99
c. ☒ $15,000 or more
d. ☒ Claiming other relief in addition to or in lieu of money damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this summons and attached Complaint.

| JUDICIAL DISTRICT OR G.A. NO. | AT (Town in which writ is returnable) (Gen. Stat. 51-346, 51-349) | RETURN DATE (Mo., day, yr.) |
|---|---|---|
| New London | New London | June 23, 1992 |

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (Gen. Stat. 51-347, 51-350) | CASE TYPE (From Judicial Dept. code list) |
|---|---|
| P.O. Box 671, New London, CT 06320 | Major T  Minor 20 |

| PARTIES | NOTE: Individual's Names: Last, First, Middle Initial  NAME AND ADDRESS OF EACH PARTY | Form JD-CV-2 ☐ attached |
|---|---|---|
| FIRST NAMED PLAINTIFF ► | Tremblay, Thomas, 38 Monroe Street, East Hartford, CT 06118 | |
| Additional Plaintiff | Tremblay, Doris, 38 Monroe Street, East Hartford, CT 06118 | |
| FIRST NAMED DEFENDANT ► | Owens-Corning Fiberglas Corp., c/o CT. Corporation Systems, One Commercial Plaza, Hartford, CT | |
| Additional Defendant | Owens-Illinois Corp., One Sea Gate Toledo, OH 43666, c/o Secretary of State, 30 Trinity Street, Hartford, CT | |
| Additional Defendant | Pittsburgh-Corning Corp., 800 Presque Isle Drive., Pittsburgh, PA 15239, c/o Secretary of State, 30 Trinity Street, Hartford, CT | |
| Additional Defendant | Keene Corp., 200 park Avenue, New York, NY, c/o Secretary of State, 30 Trinity Street, Hartford, CT | |

**NOTICE to each DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| May 14, 1992 | | ☒ Commissioner of Superior Court  ☐ Assistant Clerk | Stephen C. Embry |

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Embry and Neusner, P.O. Box 1409, Groton, CT 06340 | 449-0341 | 109232 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Maria Santiago, P.O. box 1409, Groton, CT 06340 | |

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (Official taking recognizance, "X" proper box) | | For Court Use |
|---|---|---|---|---|---|
| 2 | 25 | 3 | ☒ Commissioner of Superior Court  ☐ Assistant Clerk | RECEIPT NO. | |

IF THIS SUMMONS IS SIGNED by a CLERK:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|
| I hereby certify I have read and understand the above: | | | *Claim No. 427* |

**ORIGINAL**

SUMMONS, Civil

**SUMMONS**
**CIVIL** (except family actions)
**JD-CV-1  Rev. 1-87**

a. ☐ less than $2,500
b. ☐ $2,500 through $14,999.99
c. ☒ $15,000 or more

d. ☒ Claiming other relief in addition to or in lieu of money damages.

| JUDICIAL DISTRICT OR G.A. NO. | LOCATION | RETURN DATE |
|---|---|---|
| New London | New London | June 23, 1992 |

P.O. Box 671, New London, CT 06340

CASE TYPE
Major **T**    Minor **20**

| PARTIES | NAME | PRO SE ADDRESS ONLY | ★ ☐ Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|---|
| | | (Keypunch only if pro se signature appears at bottom) | | |
| FIRST NAMED PLAINTIFF ► | Tremblay, Thomas, 38 Monroe Street, East Hartford, CT 06118 | | | 01 |
| Additional Plaintiff | Tremblay, Doris, 38 Monroe Street, East Hartford, CT 06118 | | | 02 |
| FIRST NAMED DEFENDANT ► | Owens-Corning Fiberglas Corp., c/o CT. Corporation Systems, One Commercial Plaza, Hartford, CT | | | 50 |
| Additional Defendant | Owens-Illinois Corp., One Sea Gate Toledo, OH 43666, c/o Secretary of State, 30 Trinity Street, Hartford, CT | | | 51 |
| Additional Defendant | Pittsburgh-Corning Corp., 800 Presque Isle Drive., Pittsburgh, PA 15239, c/o Secretary of State, 30 Trinity Street, Hartford, CT | | | 52 |
| Additional Defendant | Keene Corp., 200 park Avenue, New York, NY, c/o Secretary of State, 30 Trinity Street, Hartford, CT | | | 53 |

May 14, 1992                    **X**                    Stephen C. Embry

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE | TELEPHONE NO. | JURIS NO. (if atty. or law firm) |
|---|---|---|
| Embry and Neusner, P.O. Box 1409, Groton, CT 06340 | 449-0341 | 109232 |

Maria Santiago, P.O. box 1409, Groton, CT 06340          **X**

| NO. PLFS. | NO. DEFS. | NO. CNTS. |
|---|---|---|
| 2 | 25 | 3 |

☐ No Fee

FILE DATE

PRO SE SIGNATURE

DOCKET NO.

**DATA PROCESSING PAGE**

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2 NEW 9-76

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)

Tremblay, Thomas 38 Monroe Street, East Hartford, CT 06118

FIRST NAMED DEFENDANT (Last, First, Middle Initial)

Owens-Corning Fiberglas Corporation et al

NOTE: Individual's names: Last, First, Middle initial

Additional PLAINTIFFS
(Name and address of each)

NOTE: Individual's names: Last, First, Middle initial

Additional DEFENDANTS
(Name and address of each)

Fibreboard Paper Products, 1000 Burnett Avenue, Concord, CA 94520 c/o
Secretary of State, 30 Trinity Street, Hartford, CT
GAF Corp., 1361 Alps Road, Wayne, New Jersey 07470 c/o
Secretary of State, 30 Trinity Street, Hartford, CT
Armstrong World Industries, c/o
CT. Corporation Systems, One Commercial Plaza, Hartford, CT
AMCHEM Products c/o
CT. Corporation Systems, One Commercial Plaza, Hartford, CT
Robert A. Keasbey Co., c/o
CT. Corporation Systems, One Commercial Plaza, lHartford,CT
Cummings Insulation Co., c/o
CT Swartling, 174 State Street Meriden, CT
The Claremont Company, c/o
CT Swartling, 174 State Street Meriden, CT
Garlock Corporation, c/o
CT. Corporation Systems, One Commercial Plaza, Hartford, CT
Eastern Refractories company, Inc., c/o
CT. Corporation Systems, One Commercial Plaza, Hartford, CT
W.J. Barney, c/o
CT. Corporation Systems, One Commercial Plaza, Hartford, CT
Rock Wool Manufacturing Co., 203 N.7th Street & Thornton, P.O. Box 506 Leeds, Alabama c/o
Secretary of State, 30 Trinity Street, Hartford, CT

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2 NEW 9-76

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)
Tremblay, Thomas   8 Monroe Street, East Hartford, CT 06118

FIRST NAMED DEFENDANT (Last, First, Middle Initial)
Owens-Corning Fiberglas Corporation et al

NOTE: Individual's names: Last, First, Middle initial

Additional PLAINTIFFS
(Name and address of each)

NOTE: Individual's names: Last, First, Middle initial

Additional DEFENDANTS
(Name and address of each)

Combustion Engineering, Inc., c/o
C.T. Corporation Systems, One commercial Plaza, Hartford, CT
CE Asbestos Manufacturing Co., One Cozine Aave., Brooklyn, NY 11207 c/o
Secretary of State, 30 Trinity Street, Hartford, CT
Anchor Packing Company, 408G Gallimore Dairy Road, Greensboro, NC 27409 c/o
Secretary of State, 30 Trinity Street, Hartford, CT
B. R. Grace & Co.
C.T. Corporation Systems, One Commercial Plaza, Hartford, CT
American Optical Corp., 14 Mechanic Street, southbridge, MA 01550, c/o
Secretary of State, 30 Trinity Street, Hartford, CT
ACANDS, Inc.
C.T. Corporation Systems, One Commercial Plaza, Hartford, CT
Johnson Asbestos, P.O. Box 311, Springfield, MA 01101, c/o
Secretary of State, 30 Trinity Street, Hartford, CT
John Crane Inc.,
CT Corporation System, One Commercial Plaza, Hartford, CT
Tenmat Limited, Bowden House, Ashburton Rd. W. Trafford Park, Manchester M17 1RA England,
c/o Secretary of State , 30 Trinity Street, Hartford, CT
Guard Line Inc., 215-17S. Louise Street Atlanta, TX 75551 c/o
Secretary of State, 30 Trinity Street, Hartford, CT

RETURN DATE:

THOMAS W. TREMBLAY                               :     SUPERIOR COURT
        AND
DORIS TREMBLAY
                                                :
        Plaintiff                               : J. D. OF NEW LONDON
                                                :
VS.                                             :
                                                :
OWENS-CORNING FIBERGLAS CORPORATION             :
OWENS-ILLINOIS CORPORATION AND                  :
        OWENS-ILLINOIS GLASS COMPANY            :
PITTSBURGH-CORNING CORPORATION in its:          :
        individual corporate entity             :
        and as successor in interest            :
        to UNION  ASBESTOS & RUBBER             :
        COMPANY, a/k/a UNARCO                   :
KEENE CORPORATION, successor by merger          :
        with BALDWIN-EHRET-HILL, INC.,          :
        a/k/a ASTEN-HILL                        :
FIBREBOARD PAPER PRODUCTS a/k/a PABCO CO.       :
GAF CORPORATION, in it individual               :
        corporate entity and as successor to    : MAY 14, 1992
        the RUBEROID CORPORATION                :
AMCHEM PRODUCTS, INC., a/k/a BENJAMIN           :
        FOSTER CO.                              :

- 1 -

ARMSTRONG WORLD INDUSTRIES, successor in       :
    interest to  ARMSTRONG CORK COMPANY.       :
ROBERT A. KEASBEY COMPANY;                     :
CUMMINGS INSULATION CO., INC.,                 :
CLAREMONT COMPANY, INC.                         :
GARLOCK CORPORATION                             :
EASTERN REFRACTORIES COMPANY INC.               :
W.J. BARNEY
ROCK WOOL MANUFACTURING COMPANY,               :
COMBUSTION ENGINEERING, INC.,                   :
ACE ASBESTOS MANUFACTURING CO. f/k/a EMPIRE    :
    ACE INSULATION MANUFACTURING CORP.         :
ANCHOR PACKING CO., a subsidiary of COLT       :
    INDUSTRIES, INC.                           :
W.R. GRACE & COMPANY-CONNECTICUT f/k/a         :
    W.R. GRACE & COMPANY                       :
AMERICAN OPTICAL CORPORATION                    :
ACANDS, INC.                                    :
JOHNSON ASBESTOS                                :
JOHN CRANE                                      :
TENMAT LIMITED, a subsidiary of  J.W.          :
    ROBERTS, LTD.                              :
GUARD LINE INCORPORATED                         :
          DEFENDANTS

- 2 -

COMPLAINT

1A.    The  Plaintiff,  Thomas  Tremblay,  resides  in  East Hartford, Connecticut.

1B.  The Plaintiff, Doris Tremblay, is and at all relevant times has been the wife of Thomas Tremblay.

2A.    Owens-Corning  Fiberglas  Corporation  is  a Delaware corporation with a principal place of business in Toledo, Ohio.

2B.    Owens-Illinois  Corporation  and  Owens-Illinois Glass Company are foreign corporations with principal  places  of business in Toledo, Ohio.

2C.    Pittsburgh-Corning  Corporation  is  a  foreign corporation  with  a principal  place of business at Three Gateway Center, Pittsburgh, Pennsylvania.

2D.    Keene  Corporation,  successor  by  merger  with Baldwin-Ehret-Hill,  Inc.  a/k/a  Asten-Hill  is  a  Delaware corporation doing business in the State of Connecticut.

2E.    Fibreboard  Paper  Products  a/k/a  PABCO Company is a  foreign  corporation  which  does  business  in  the State  of Connecticut.

2F.    GAF  Corporation,  successor  by  merger  with  The Ruberoid  Company  f/k/a  General  Analine & Film Corporation,  is a Delaware corporation and is authorized  to  do  business in the State of Connecticut.

2G.    AMCHEM  Products,  Inc.,  a/k/a  Benjamin  Foster Company is a foreign corporation doing business in Connecticut.

2H.    Armstrong  World  Industries,  successor in interest to  Armstrong  Cork  Company,  is  a  foreign corporation  doing business in Connecticut.

- 3 -

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT. 06340   (203) 449-0341   JURIS NUMBER 102932

2I.   Robert A. Keasbey Company is a New York corporation and is doing business in the State of Connecticut.

2J. Cummings Insulation Company, Inc. is a Connecticut corporation with an office at 174 State Street in the Town of Meriden, County of New Haven and State of Connecticut.

2K.   The Claremont Company, Inc., is a Connecticut corporation with an office at 174 State Street in the Town of Meriden, County of New Haven and State of Connecticut.

2L.   Garlock Corporation, is a foreign corporation doing business in Connecticut.

2M.   Eastern Refractories Company, Inc. is a Massachusetts corporation with its principal place of business at 20 Flanders Road, Belmont, Massachusetts.

2N.   W.J. Barney Company, is a foreign corporation with a principal place of business in New York.

2O.   Rock Wool Manufacturing Company, is an Alabama corporation with its principal place of business at P.O. Box 506 Leeds Alabama.

2P.   Combustion Engineering, Inc., is a Delaware corporation with its principal place of business at 900 Long Ridge Road, Stamford, Connecticut.

2Q.   Ace Asbestos Manufacturing Co., f/k/a Empire Ace Insulation Manufacturing Corp., is a New Jersey corporation with its principal place of business at One Cozine Avenue, Brooklyn, New York.

2R.   Anchor Packing Company, a subsidiary of Colt Industries, Inc., is a Delaware corporation with its principal place of business at 408G Gallimore Dairy Road, Greensboro, North Carolina.

- 4 -

2S.    <u>W.R. Grace & Company-Connecticut</u>  f/k/a  W.R. Grace & Company is a corporation with a principal place of businesse in Florida.

2T.         <u>American   Optical   Corporation</u> is  a  foreign corporation with a principal place of business in Delaware.

2U.    <u>ACANDS, Inc.,</u>  f/k/a  Armstrong Contracting and Supply Corporation, a Delaware corporation  having  its principal place of business in Pennsylvania and doing business in the state of Connecticut at all relevant times.

2V.  <u>Johnson Asbestos</u>,  is  a  Massachusetts  corporation with   a   principal   place   of   business   in   West   Springfield, Massachusetts.

2W.    <u>John Crane Inc.</u>, is  a  corporation which  does business in the state of Connecticut.

2X.    <u>Tenmat Limited</u>, is  a  foreign  corporation  doing business in the state of Connecticut.

2Y.    <u>Guard Line Incorporated</u>, is  a  corporation which does business in the state of Connecticut.

3.    The  Plaintiff,  Thomas  Tremblay,  social   security #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 has worked for the Navy from 1947 to 1950 as a boilerman, Pratt and Whitney from 1952 to 1960 as a boilerman and at Connecticut Trane Company from 1963 to 1992.  He worked in areas where  asbestos products were  used.   He  also  has  been exposed to asbestos products over the years as a consumer.

4.    The  Defendants  listed  in  paragraph  2A  through  2Y manufactured, distributed, and sold various asbestos  products to the Navy, Pratt and Whitney and Connecticut Trane Company  or  to distributors  who in turn delivered and sold such products to the Navy, Pratt and  Whitney  and  Connecticut Trane Company.  During the relevant periods of time each  corporation was doing business in the State of Connecticut.

– 5 –

### FIRST COUNT BASED ON PRODUCTS LIABILITY
#### PURSUANT TO CONNECTICUT GENERAL STATUTE 52-572 M ET. SEQ.
#### FOR PLAINTIFF, THOMAS TREMBLAY FOR
#### PERSONAL INJURIES AND DAMAGES

5.    While Thomas Tremblay worked for the Navy, Pratt Whitney and Connecticut Trane Company and at various times as a consumer, he was exposed to asbestos products of the Defendants which exposure directly and proximately caused him to develop mesothelioma. As part of his employment, he was forced to come in contact with and to breath and ingest asbestos fibers and dust coming from said asbestos product, and diatomaceous earth coming from said products.

6.    The illness and disability of Thomas Tremblay are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they producted, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing and diatomaceous earth containing products which the Defendants, and each of them, knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos and asbestos related products were so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultrahazardous.

7.    The injuries,illness and disability of the Plaintiff, are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and diatomaceous earth-containing products were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

- 6 -

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT. 06340   (203) 449-0341   JURIS NUMBER 102932

7a.    Failed to advise    the    Plaintiff    of the    dangerous characteristics of their asbestos and asbestos related insulation products,    and    other asbestos-containing products,    or    of    the dangerous    characteristics    of    defendants    products    containing diatomaceous earth.

7b.    Failed or omitted to provide the Plaintiff    with the knowledge    as    to    what    would    be reasonably safe and sufficient wearing apparel and proper protective    equipment    and    appliances if, in truth, they were in any way able to protect him from being poisoned    and    disabled as he was by exposure to such deleterious and harmful asbestos    related    insulation materials,    and    other asbestos-containing products,    and    diatomaceous earth containing products.

7c.    Failed    and    omitted    to place    any    warnings    or sufficient    warnings on their containers    of    said    asbestos    and asbestos insulation    materials and diatomaceous earth products to warn the handlers thereof    of    the dangers to health in coming in contact with said asbestos and asbestos    insulation materials and other asbestos-containing products, and their    diatomaceous earth containing products.

7d.    Failed and omitted to take reasonable precautions or to exercise reasonable    care    to    publish,    adopt    and    enforce a safety    plan    and    a safe method of handling and installing    said asbestos    and    asbestos    insulation    materials    and    other asbestos-containing    products,    and    their    diatomaceous    earth containing products.

7e.    Inadequately warned, if,    in    fact,    they    warned at all, persons such as the Plaintiff of the dangers to their health in    coming    in    contact    with    and    breathing    said    asbestos and asbestos    and    diatomaceous    earth    related materials, and    other asbestos-contining    products including    the    special    dangers    of asbestos exposure to cigarette smokers;

- 7 -

7f.  Did not recommend  methods to  improve  the work environment;

7g.  Failed to  properly  test and investigate the safety of the asbestos and diatomaceous  earth  products Defendants were manufacturing, selling and distributing or to develop alternative products;

7h.  Failed to provide adequate  safety  instruction  for persons  who  would  reasonably and foreseeably come into contact with their products so they could be used with safety;

7i.  Failed to eliminate or reduce the amount of asbestos and or diatomaceous earth contained in their asbestos products;

7j.  Continued  to  use a  known cancer-causing  product, to-wit: asbestos;

8.  The  defendants intentionally  misrepresented that their diatomaceous  earth  and  asbestos products were reasonably safe  for  their  intended use  and  fraudulently  concealed information  about  them  which  fraudulent  concealment  caused plaintiffs injuries as stated herein.

9.  The  defendants, as part  of  their  business, manufactured,  sold and delivered their insulating products  into the stream of commerce  in  a  defective,  unsafe and inherently dangerous  condition  as  described  above,  and the asbestos  and diatomaceous earth products were expected  to  and did reach such persons without substantial change in the condition in which they were sold.

- 8 -

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD,  GROTON, CT, 06340   (203) 449-0341  JURIS NUMBER 102932

10.    At all relevant times, the insulating and or asbestos products were used and employed for the purpose for which they were manufactured,  sold  and intended to be used in a manner foreseeable to the Defendants.

11.    Defendants expressly or impliedly  warranted that said asbestos and diatomaceous earth products were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12.    Defendants breached  the said warranties in that their asbestos and diatomaceous earth products were not fit and safe for the purposes for which they were manufactured,  sold and used  so  that  they could not be used without extreme danger  to those who breathed the dust coming from their products.

13.    All  or  some  of the Defendants became aware of the dangers of breathing asbestos  and  diatomaceous earth before the Plaintiff was exposed to Defendants' asbestos products but they intentionally and fraudulently concealed the danger  from  the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos, and diatomaceous earth.

14.    Some or all of the Defendant corporations were aware or in the exercise of reasonable care should have  been  aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

- 9 -

15. The Defendants, and each individually, since the 1920's have consistently failed to acknowledge, publish, or in any way advise the studies and reports known throughout the industry, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos and asbestos products, which duty the defendants breached in failing to warn adequately of the hazards of their products.

17. As a result of the acts of the Defendant and the exposure to asbestos products manufactured or sold by Defendants, Plaintiff, Thomas Tremblay was diagnosed on January 20, 1992 as having an asbestos and or diatomaceous earth related disease consisting of mesothelioma. He has endured pain and mental anguish and will continue to in the future. He was hospitalized and forced to undergo a biopsy on his lungs, has has suffered loss of lung function and will require future medical care and treatment with attendant costs. As a consequence of his mesothelioma and attendant medical care he has suffered kidney failure and jaundice. He has been placed in fear of early and painful death and his life expectancy has been reduced. His earning capacity has been impaired and he has been restricted in his usual activities. The foregoing injuries and damages are of a permanent nature and he is at increased risk to develop further medical problems and complications due to his asbestos exposure, with attendant damages.

- 10 -

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT. 06340   (203) 449-0341   JURIS NUMBER 102932

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE
## DAMAGES ON BEHALF OF PLAINTIFF THOMAS TREMBLAY

18.    Paragraph 5 through 17 of the First Claim are hereby repeated and realleged.

19.    The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20.    The Defendants, after they learned or should have learned of the dangers of asbestos exposure and diatomaceous earth, failed or refused to notify the Plaintiff of the dangers of his prior exposure and of the need for continuing medical surveillance, and conspired to keep such knowledge from the public.

21.    The Defendants, after they learned of some of the dangers of asbestos and diatomaceous earth by exposure after others became ill, failed to promptly act to protect the Plaintiff and others they knew were already exposed or in the future would be exposed to their asbestos products, and diatomaceous earth products.

- 11 -

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT. 06340   (203) 449-0341   JURIS NUMBER 102932

### THIRD COUNT FOR DAMAGES ON
### BEHALF OF DORIS TREMBLAY

    22.   Paragraphs 1 through 21 of the first count are repeated and realleged as if fully set forth in this count.

    23.   Doris Tremblay the wife of Thomas Tremblay, as a result of the injuries and damages suffered by Thomas Tremblay caused by his use of the defendants products as alleged in the first count has suffered the loss of the love affection, services and consortium of her husband.

By _____
      STEPHEN C. EMBRY

- 12 -

EMBRY AND NEUSNER

P.O. BOX 1409    118 POQUONNOCK RD.    GROTON, CT. 06340    (203) 449-0341    JURIS NUMBER 102932

<u>STATEMENT OF AMOUNT IN DEMAND</u>

WHEREFORE,  the  plaintiff, Thomas Tremblay claims damages against the defendants jointly and severly  on  the  first  count, and Doris Tremblay claims damages against the defendants  jointly and severly on the second count:

1.   The amount claimed is in excess of $15,000.00.

2.   Punitive and exemplary damages.

By _____
        STEPHEN C.  EMBRY

- 13 -

EMBRY AND NEUSNER

P.O. BOX 1409  118 POQUONNOCK RD.  GROTON, CT. 06340  (203) 449-0341  JURIS NUMBER 102932

State of Connecticut)
                 SS:  Hartford  May 21, 1992
County of Hartford  )

       Then and there by virtue hereof and by direction of the Plaintiff's Attorney,
L made due and legal service upon the within named out-of-state defendant corporations
in the following manner:

1). GAF Corporation
    1361 Alps Road
    Wayne, New Jersey 07470

2). Keene Corporation
    200 Park Avenue
    New York, NY

3). Pittsburg-Corning Corp.
    800 Resque Isle Drive
    Pittsburg, PA 15239

4). Owens-Illinois Corp.
    One Sea Gate
    Toledo, OH 43666 (ATTN Mona Huffman)

5). Fiberboard Products
    1000 Burnett Avenue, Suite 400
    Concord, CA 94520

6). Rock Wool Manufacturing Co.
    203 N.7th Street & Thornton
    P.O. Box 506 Leeds Alabama

7). ACE Asbestos Manufacturing Co.
    One Cozine Ave.
    Brooklyn, NY 11207

8). Anchor Packing Company
    408G. Gallimore Dairy Road
    Greensboro, NC 27409

9) American Optical Corp.
    14 Mechanic Street
    Southbridge Ma 01550

10). Johnson Asbestos
    P.O. Box 311
    Springfield MA 01101

11). Tenmat Limited
    Bowden House
    Ashburton Rd
    W. Trafford Park
    Manchester M17 1Re-
    England

12) Guard Line Inc.
    215-17S Louise Street
    Atlanta, TX 75551

~~XXXXAMCHEM PRODUCTS~~
~~XXXXXX Ridgebury Road~~
~~Danbury, Ct. 06817-0001~~

by leaving two true and attested copies of this the original Writ, Summons and
Complaint for each of the within named out-of-state defendant corporations herein
named at the office of the Secretary of the State of Connecticut. Said Secretary of
of the State of Connecticut is duly authorized agent and attorney for the within
named out-of-state defendant corporations, at 30 Trinity Street, Hartford, Connecticut.

       And afterwards on the 21ST day of MAY 1992 in the Town and County of
Hartford, State of Connecticut, I made due and legal service upon the within named
out-of-state defendants corporations in the following manner:

1). Owens-Corning Fiberglas Corp.
    24th Floor, Fiberglas Tower
    Toledo, OH 43666

2). John Crane, INc. c/o The Corporation Trust Company
    Corporation Trust Center, 1209 Orange Street
    Wilmington, DE 19801

3). Armstrong World Industries
    Liberty & Charlotte Street
    Lancaster, PA 17604

4). AMCHEM PRODUCTS
    39 Old Ridgebury Road
    Danbury, Ct. 06817-0001

5)  Robert A. Keasbey, c/o
    CT Corporation Systems
    One Commerical Plaza, Hartford, Ct.

6)  Garlock Corporation  c/o
    CT Corporation  Systems
    One Commerical Plaza, Hartford

7)  Eastern Refractories Company, Inc., c/o
    CT Corporation Systems

8)  W.J. Barney, c/o
    CT Corporation Systems
    One Commerical Plaza, Ha rtford, Ct.

9)  Combustion Engineering, Inc., c/o
    CT Corporation Systems
    One Commerical Plaza, Hartford, Ct.

10) ACANDS, Inc., c/o
    CT Corporation Systems
    O e Commericla Plaza, Hartford, Ct.

by leaving a true and attested copy of this the original Writ, Summons and Complaint
for each of the within named defendant Corporations with and in the hands of Gary
J. Scappini, Special assistant Secretary of CT Corporation and agent for service for
the within named defendant corproations, at One Commerical Plaza, Hartford, Connecticut.

    And afterwards on the 21st day of May, 1992 in the Town of Hartford, County of
Hartford, State of Connecticut, I made due and legal service upon the within named
out-of-state defendant corporation W.R. Grace & Co.-Conn by leaving a
true and attested copy of this the original Writ, Summons and Complaint with and in
the hands of Jamie Hall Office Manager of Prentice Hall Legal & Financial Services and
agent for service for the within named defendant corporation, at 30 High Street
Hartford, Connecticut.

    And afterwards on the 21st day of May, 1992 in the Town of meriden, County of New
Harven, State of Connecticut I made due and legal service upon the within named defendant
Corporations Cummings Insulation Co. and The Claremont Company both of 174 State Street
Meriden Ct. by leaving two and atested copies of this the original Writ, Summons and
Complaint for each of the within named defendant corporations with and in the hands of
David R. Coutts Controller of both defendant corproations at 174 State Street, Meriden, Ct.

    The within and foregoing is the original Writ, Summons and Complaint with my
doings endorsed hereon.

ATTEST:  *Thomas F. McKittrick*

Thomas F. McK ttrick
Deputy Sheriff-New London County

Sheriff's Fees:
Travel...........................$ 28.80
Service......................... 260.00
Pages........................... 400.00
Sec. of State Fee:............. 120.00
Endorsements...................   8.40
              Total    $817.20