IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related Docket No. 4084** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE DEBTORS' FIFTH MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON [Related Docket No. 4084]**

The Official Committee of Asbestos Personal Injury Claimants (the "P. I. Committee"), by and through its undersigned counsel, respectfully submits its objection to the motion of W. R. Grace & Co. ("Debtors") for the entry of an order pursuant to 11 U.S.C. §1121(d) extending the exclusive periods during which the Debtors have the exclusive right to file a Chapter 11 plan and solicit acceptances thereto (the "Motion"). In support of its objection, the P. I. Committee states as follows:

**BACKGROUND**

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. ("Grace") and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On the Petition

{D0012609:1 }

Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes.

2.  No trustee or examiner has been appointed in these cases. On April 12, 2001, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the P.I. Committee, the Official Committee of Asbestos Property Damage Claimants (the "P.D. Committee") and the Official Committee of Unsecured Creditors (the "General Creditors' Committee,"). On June 18, 2001, the U.S Trustee appointed the Official Committee of Equity Security Holders (the "Equity Committee," and collectively with the P.I. Committee, the P.D. Committee, and the General Creditors Committee, the "Committees").

3.  Prior to the instant request for extension of the exclusivity periods, Debtors requested and were granted four extensions of the exclusivity periods. Thus far the exclusivity periods have been extended for approximately two years.

4.  The Motion requests an additional six month extension bringing the total extension to approximately two and a half years.

## **OBJECTION**

5.  Section 1121(d) of the Bankruptcy Code provides that the Court may reduce or increase the 120-day or 180-day exclusive periods for a debtor to file and solicit acceptances of its reorganization plan if "cause" exists. Debtors, in this instance, allege sufficient "cause" exists to extend the exclusivity period for an additional six months bringing the total extension to approximately two and a half years. In seeking the extension, Debtors seek to retain total control over the plan process, unencumbered by any

{D0012609:1 }

input from, and without any regard to, the interest of its creditors. Such a result is improper under Section 1121(d).

6. Requests to extend or reduce a period of exclusivity should "be granted neither routinely nor cavalierly." *In re Lehigh Valley Professional Sports Club, Inc.,* 2000 WL 290187, at *3 (Bankr. E.D. Pa. 2000); *Matter of All Seasons Indus. Inc.,* 121 B.R. 1002, 1003 (Bankr. N.D. Ind. 1990); *In re Curry Corp.,* 148 B.R. 754, 756 (Bankr. S.D.N.Y. 1992) ("The court will not routinely extend the exclusivity period absent a showing of 'cause' when creditors object to such requests for extensions"); *In re Pine Run Trust, inc.,* 67 B.R. 432, 434 (Bankr. E.D.Pa. 1986) ("Furthermore, both the language and the purpose of this section require that an extension not be granted routinely"); *In re Nicolet, Inc.,* 80 B.R. 733, 740-741 (Bankr. E.D. Pa. 1988).

7. In enacting Section 1121(d), Congress explicitly sought to achieve two goals: (1) grant the debtor a reasonable time to confirm a plan without the threat of a competing plan; and (2) at the same time, ensure that a debtor would not use Chapter 11 as a mechanism through which to operate indefinitely without attempting to reorganize. *See In re Clamp-All Corp.,* 23 B.R. 198, 207 (Bankr. D. Mass. 1999) *citing Matter of Mother Hubbard, Inc.,* 152 B.R. 189, 195 (Bankr. W.D. Mich. 1993); *In re River Bend-Oxford Assocs.,* 114 B.R. 111, 114 (Bankr. D. Md. 1990); *In re Geriatrics Nursing Home, Inc.,* 187 B.R. 128, 131-132 (D.N.J. 1995).

8. Legislative history reveals Section 1121(d) is an attempt to create a balance between the rights of debtors and creditors by allowing debtors sufficient time to negotiate a settlement, while at the same time avoiding undue delay for creditors. H. R. REP. NO. 595, 95th Cong., 1st Sess. 231-32 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6190-92.

{D0012609:1 }

9.  Long and numerous extensions of the exclusivity period upset that balance and should not be encouraged. *In re Timbers of Inwood Forest Assoc.,* 808 F.2d 363, 372 (5th Cir. 1987), *aff'd*, 484 U.S. 365 (1988).

10. This court should not extend Debtors' exclusivity periods and thereby allow Debtors to retain control over the plan process while throughout the course of their four prior extensions Debtors failed to either propose, or even attempt to negotiate, a plan. Debtors have had plenty of time thus far and have failed to make any progress towards a confirmable plan of reorganization that would justify the requested extension.

11. The burden is on the party seeking an extension of the exclusive periods to file a plan and solicit acceptances thereof to demonstrate the existence of good cause warranting the extensions. *Matter of Newark Airport/Hotel LP*, 156 B.R. 444, 451 (Bankr. D.N.J.) *aff'd* 155 B.R. 93 (D.N.J. 1993). The Debtors have failed to meet this burden.

12. Debtors argue the extension should be granted for the following reasons: (1) the case is complex; (2) they have not resolved their asbestos liability; (3) the ZAI Science Trial is pending; and (4); an asbestos personal injury claims bar date has not been established. Debtors fail, however, to demonstrate any progress towards the formulation of a plan of reorganization or any evidence that they can successfully reorganize. These failures negate any arguments Debtors put forth alleging cause exists for the extension.

13. Cause for extension of a debtor's exclusive periods does not exist where the debtor had made no showing that it can successfully reorganize if the exclusive periods are extended. *Matter of American Fed'n of Television and Radio Artists*, 30 B.R. 772, 774 (Bankr. S.D.N.Y. 1983). *See Curry Corp.,* 148 B.R. at 756 (denying an extension where "[t]he debtor has not even demonstrated that a plan of reorganization might be

{D0012609:1 }

forthcoming"); *Southwest Oil Co. of Jourdanton,* 84 B.R. 488, 451 (Bankr. W.D. Tex. 1987); *Pine Run Trust*, 67 B.R. at 435.  Some promise of probable success in formulating a plan of reorganization is an element of cause for an extension of the exclusive periods. *Id.*; *Matter of Newark Airport/Hotel LP*, 156 B.R. 444, 451 (Bankr. D.N.J.) *aff'd* 155 B.R. 93 (D.N.J. 1993).

14. In virtually every case where an extension has been granted, the debtor has shown substantial progress in formulating a plan during the first 120 days.  *Southwest Oil Co.,* 84 B.R. at 451.

15. Extensions should be denied where no progress has been made towards formulating a plan.  *See Matter of American Fed'n of Television and Radio Artists*, 30 B.R. 772 (Bankr. S.D.N.Y. 1983); *In re Sharon Steel Corp.*, 78 B.R. 762 (Bankr. W.D. Pa. 1987).

16. In this instance, Debtors have not offered any evidence of progress.  In fact, Debtors have failed to take any action regarding proposal or negotiation of a plan.

17. The Debtors' arguments set forth in support of a finding of cause under Section 1121(d) are insufficient.

18. The size and complexity alone do not provide cause for extension of the exclusivity periods.  *In re Public Service Co. of New Hampshire*, 88 B.R. 521, 537 (Bankr. D.N.H. 1988); *Curry Corp.,* 148 B.R. at 755; *Sharon Steel,* 88 B.R. at 537.  If size and complexity alone were sufficient to find cause then debtors in complex cases would have an unlimited right to exclusivity; Section 1121(d) would be rendered meaningless in complex cases.

{D0012609:1 }

19. Section 1121(d)'s "for cause" language requires the presence of factors in addition to timing, size, and complexity that are specific to the particular debtor and its reorganization to justify an extension of exclusivity. *Public Service,* 88 B.R. at 537. Included among these factors are the following: (1) the likelihood of an imminent consensual plan if the debtor retains control; (2) no alternate substantial plan being held off by exclusivity; (3) and the general balancing analysis to avoid allowing the debtor to hold the creditors and other parties in interest "hostage" so that the debtor can force its view of an appropriate plan upon the other parties. *Id.* Debtors request in this case does not meet this standard.

20. Debtors claim in their Motion that pending litigation regarding claims justifies a further extension of time. Pending litigation does not automatically justify an extension of time. *In re Scott*, 37 B.R. 184, 185 (Bankr. W.D. Ky. 1984). Denial of an extension is appropriate even where debtor contends waiting for the outcome of pending litigation is necessary or that the litigation is distracting. *All Seasons*, 121 B.R. at 1005-06. *See Parker,* 31 B.R. at 208; *Southwest Oil Co.,* 84 B.R. at 452; *Scott,* 37 B.R. at 186; *American Fed'n*, 30 B.R. at 774.

21. Where the need to conclude litigation does not appear to be critical to the debtor's efforts to propose a plan, the debtor should be able to "propose its plan taking into consideration the possible results of that action." *All Seasons*, 121 B.R. at 1005; *Parker,* 31 B.R. at 208. Conversely, if a resolution of that litigation is crucial to any plan, no one, neither debtor nor creditor, will be able to propose such a plan until the verdict comes in. *All Seasons*, 121 B.R. at 1005. While it may be more convenient to know the results of the

litigation, it is not necessary for this Chapter 11 proceeding to be placed in limbo until that time. *Id.*

22. Denial of Debtors' Motion will not end its chances for reorganization. "Denying such a motion only affords creditors their right to file the plan; there is no negative effect upon the debtor's co-existing right to file its plan." *All Seasons.*, 121 B.R. at 1005. *citing Parker*, 31. B.R. at 207; *See also In re Groosinger's Assocs.*, 116 B.R. 34, 36 (Bankr. S.D.N.Y. 1990) ("A loss of plan exclusivity does not mean the debtor is foreclosed from promulgating a meaningful plan of reorganization; only that the right to propose a Chapter 11 plan will not be exclusive with the debtor"). "The risk is, of course, that while it is developing its plan, another party in interest will file a plan. However, that is as Congress intended." *In re Tony Downs Foods Co.,* 34 B.R. 405, 408 (Bankr. D. Minn. 1983). *See also Southwest Oil Co.,* 84 B.R. at 455. In keeping with the purpose of Section 1121(d), the creditors in this case should have the opportunity to present a plan of reorganization as the Debtors have failed to do so in a timely manner.

[Remainder of page intentionally blank]

{D0012609:1 }

WHEREFORE, for the foregoing reasons, the P. I. Committee respectfully requests that the Court deny Debtors' motion for a fifth extension of the exclusivity periods.

Date:   August 8, 2003

        CAMPBELL & LEVINE, LLC

        /S/ Kathleen J. Campbell
        Marla Rosoff Eskin (No. 2989)
        Mark T. Hurford (No. 3299)
        Kathleen J. Campbell (No. 4229)
        800 King Street
        Suite 300
        Wilmington, DE  19801
        (302) 426-1900

          -and-

        CAPLIN & DRYSDALE, CHARTERED
        Elihu Inselbuch
        399 Park Avenue, 27th Floor
        New York, NY  10022-4614
        (212) 319-7125

          -and-

        CAPLIN & DRYSDALE, CHARTERED
        Peter Van N. Lockwood
        Trevor W. Swett
        Nathan D. Finch
        One Thomas Circle, N.W.
        Washington, D.C.  20005
        (202) 862-5000

        Counsel to the Official Committee of
           Asbestos Personal Injury Claimants