IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| W. R. GRACE & CO., ET AL. | * | CASE NO. 01-01139 (JKF) |
| Debtors | * | (JOINTLY ADMINISTERED) |

## CLAIMANTS' RESPONSE TO THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS REPRESENTED BY ROXIE VIATOR FOR LACK OF SUPPORTING DOCUMENTATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROXIE VIATOR, Attorney of Record as to the claims

of Charles Adams, Deceased--Claim Number 000271;
Ruth Boles, Deceased-----Claim Number 000212;
James H. Brown, Deceased-Claim Number 000213;
Joseph Brown--------------Claim Number 000214;
William R. Bryan----------Claim Number 000215;
Harold Buford-------------Claim Number 000216;
Freddie Champine----------Claim Number 000217;
Gerald R. Clark, Dec'd----Claim Number 000218;
A. J. Constance, Dec'd----Claim Number 000219;
Durward Cox---------------Claim Number 000220;
L. D. Creel, Deceased-----Claim Number 000222;
John E. Crochet, Dec'd----Claim Number 000221;
Geraldine Crochet---------Claim Number 000223;
Claud Dean, Deceased------Claim Number 000224;
Steven Dore---------------Claim Number 000225;
Andrew Dorr, Deceased-----Claim Number 000226;
L. J. Doucet--------------Claim Number 000227;
Ruby Garcia, Deceased-----Claim Number 000228;
Massey B. Goodman, Dec'd--Claim Number 000230;
Larry Granger, Dec'd------Claim Number 000229;
Ireland Grant, Deceased---Claim Number 000231;
Harvey Harris, Deceased---Claim Number 000232;
Sylvia Heufelder, Dec'd---Claim Number 000233;
Carl J. Hoelzer, Dec'd----Claim Number 000234;
Donald Hunsinger----------Claim Number 000235;
Billy W. Jackson, Dec'd---Claim Number 000236;
Johnny Johnson, Dec'd-----Claim Number 000237;
Paul E. Kibodeaux, Dec'd--Claim Number 000238;
Glenn B. Ladd, Dec'd------Claim Number 000240;
Robert Linscomb, Dec'd----Claim Number 000239;
Joe B. Lobb, Deceased-----Claim Number 000241;
Stanley B. Lucas, Dec'd---Claim Number 000242;
James R. Luker, Deceased--Claim Number 000243;
George May----------------Claim Number 000244;
Rufus McDonald, Dec'd-----Claim Number 000245;
Avena Mello, Deceased-----Claim Number 000246;
Johnnie Molina, Dec'd-----Claim Number 000251;
Andrew Nance--------------Claim Number 000247;
Terrell Piggott, Dec'd---Claim Number 000248;

```
Donald Purser------------Claim Number 000249;
Earl Reeves--------------Claim Number 000250;
Jessie Reppond-----------Claim Number 000252;
Leroy Richard, Dec'd-----Claim Number 000253;
Rody L. Richardson, Sr.--Claim Number 000254;
Emory Ryan, Deceased-----Claim Number 000255;
Richard Scales, Dec'd----Claim Number 000256;
Walter R. Scarborough----Claim Number 000257;
Raymond Selzer, Dec'd----Claim Number 000258;
Weldon Teel, Deceased----Claim Number 000270;
Willis H. Terrell--------Claim Number 000259;
Dale Thompson------------Claim Number 000260;
Rufus Thompson-----------Claim Number 000261;
James H. Trahan, Dec'd---Claim Number 000262;
Jack C. Turner, Dec'd----Claim Number 000263;
Vernon Turner, Dec'd-----Claim Number 000264;
John Wade, Deceased------Claim Number 000265;
Webster Wendling, Dec'd--Claim Number 000266;
Edwin C. Woodcock, Dec'd-Claim Number 000267;
Helen Woodcock, Dec'd----Claim Number 000268; and,
Margie Woodcock----------Claim Number 000269,
```

and files **CLAIMANTS' RESPONSE TO THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS REPRESENTED BY ROXIE VIATOR FOR LACK OF SUPPORTING DOCUMENTATION**, and as grounds to oppose said objection files the following:

I.
**OBJECTION & REQUEST FOR LEAVE TO FILE LATE RESPONSE--
CLAIMANTS WERE ALLOWED LESS THAN 30 DAYS WITHIN WHICH TO RESPOND TO
THE DEBTORS' SECOND OMNIBUS OBJECTION AS TO DUPLICATE CLAIMS**

The above-referenced Claimants respectfully object to being given less than 30 days within which to respond to the Debtors' Second Omnibus Objection and to resolve the matter. The Notice of the Debtors' Second Omnibus Objection was <u>dated July 21, 2003</u>, and was placed in the United States Mail for <u>standard</u> delivery going from Delaware to Texas; and advised that the Claimants' written response <u>must be filed by August 8, 2003, by 4 p.m.</u>, less than 30 days away. The <u>Claimants' Attorney did not even receive this pleading until July 28, 2003</u>, and had no knowledge that their response time was expiring even <u>before</u> being served by the Postman with the Debtors' Second Omnibus Objection.

-2-

The Claimants plead that it was unreasonable to require them to have physically filed Responses to the Debtors' Second Omnibus Objection before 30 days were even up from the Notice date, when 2 nearly weeks must be subtracted to allow adequate mailing time both from this Honorable Court in Delaware to the Claimants in Texas; and again from the claimants in Texas all the way to back to Delaware to file Claimants' Response.

For these reasons, Claimants respectfully object to the Response filing deadline of August 8, 2003 as being unconstitutional and unreasonable under these circumstances; and respectfully request that Claimants be granted Leave of Court to permit the filing of their Response _after_ the August 8, 2003 deadline.

## II.
## CLAIMANTS' SPECIAL EXCEPTION & OBJECTION TO DEBTORS' FAILURE TO SPECIFY WHAT TYPE OF DOCUMENTS IT REQUIRES TO SUPPORT THESE ASBESTOS AND WRONGFUL DEATH CLAIMS

The above-referenced Claimants specially except and object to the Debtors' failure to state the type and nature of the "supporting documentation" it requires to support claims for asbestos-related personal injury and Wrongful Death filed on the above-referenced Claimants. Without any specificity whatsoever by the Debtors as to what they claim is deficient or lacking by way of their objection merely stating "no supporting documentation", the above-referenced Claimants are unable to adequately defend and respond to this objection.

In the alternative, and without waiving the foregoing, medical "supporting documentation" is being provided to the Debtors concerning all Claimants listed above, and is filed herewith.

-3-

As all of the Claimants listed above have now provided the Debtors "supporting documentation" filed with this response, the Debtors' Second Omnibus Objection to Claims should be in all things denied and overruled at this time.

Claimants further object to any attempt by the Debtors' to broaden their Second Omnibus Objection to attempt to argue any purported lack of sufficiency or merit of the attached "supporting documentation" at the time of this hearing, as the Debtors have filed no objection on such basis at this time. The Debtors have objected that there was nothing attached to the claims filed by the above-listed Claimants. The Debtors have not claimed the "supporting documentation" to be insufficient; but merely that there was none.

Furthermore, due to the fact that claims for personal injuries and Wrongful Death are not even required to be filed yet in this case; and no specialized claim form for asbestos-related personal injury or death has even been distributed or required to be filed before any specific deadline in this case, the Debtors' Second Omnibus Objection seems to be premature at this time.

**WHEREFORE, PREMISES CONSIDERED, ROXIE VIATOR**, as Attorney of Record as to the Claimants listed above, respectfully prays that she be granted Leave of Court to file **CLAIMANTS' RESPONSE TO THE SECOND OMNIBUS OBJECTION** after the August 8, 2003 deadline to respond; and that upon hearing, that Debtors' Second Omnibus Objection to Claims be in all things denied and overruled; and for such other and further relief to which Claimants may be justly entitled to receive, at law or in equity, specific or general.

Respectfully submitted,

BY: _____
ROXIE VIATOR
Attorney at Law
2728 Western Avenue
Orange, Texas  77630
(409) 883-8360 Phone & Fax
Texas State Bar No. 10192900

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing instrument has been forwarded to all counsel of record in this case this the 7th day of August, 2003, via United States Mail.

_____
ROXIE VIATOR