IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) | **Case No. 01-1139 (JFK)** |
|  | ) |  |
| W.R. Grace & Co., et al., | ) | **(Jointly Administered)** |
|  | ) |  |
| Debtors. | ) | Objection Deadline: August 8, 2003 at 4:00 p.m. (EST) |
|  | ) | Hearing Date: August 25, 2003 at 12:00 p.m. (EST) |

**RESPONSE OF THE CITY OF CAMBRIDGE, MASSACHUSETTS,
TO THE DEBTORS' SECOND OMNIBUS OBJECTION
TO CLAIMS (NON-SUBSTANTIVE)**

The City of Cambridge, Massachusetts, by and through its attorneys, hereby responds to the Debtors' Second Omnibus Objection to Claims (Non-Substantive) (the "Objection"), as follows:

**Background:**

1.  The City of Cambridge, Massachusetts (the "City") has timely filed six proofs of claim in this action related to contamination of real property owned by the City in Cambridge, Massachusetts, which is used for public recreation purposes and is known as Russell Field (the "Russell Field Property").[1] W.R. Grace & Co. - Conn. and/or its predecessors (including Dewey & Almy Chemical Company), successors and affiliated entities (including W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.)), the Debtors herein (collectively, "Grace"), have owned and operated property abutting the Russell Field Property for industrial and/or commercial purposes since at least the early 1900's. On information and belief, during its ownership and operations of property abutting the Russell Field Property, Grace generated, stored, transported,

---

[1] The City has also filed another proof of claim unrelated to the contamination at the Russell Field Property, which has been designated as Claim No. 7550. That claim is not subject to the Objection.

1

released, disposed of and/or otherwise handled numerous hazardous substances and materials, including, without limitation, asbestos, naphthalene sulfonate, napthalene, polycyclic aromatic hydrocarbons (PAHs) and metals, which have been identified at elevated levels in soils and/or groundwater at the Grace property and the Russell Field Property.

2. On April 15, 2002, the City of Cambridge ("City") filed two proofs of claim relating to those claims using Official Form 10 for the United States Bankruptcy Court for the District of Delaware – one against W.R. Grace & Co. in case number 01-1139 and the other against W.R. Grace & Co. - Conn. in case number 01-1140. Those proofs of claim have been designated Claim Nos. 674 and 685, respectively.

3. In March, 2003, pursuant to the Court's "Order As To All Non-Asbestos Claims, Asbestos Property Damage Claims, And Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof Of Claim Forms and (III) Approving Notice Program," dated April 22, 2002, and the subsequently issued "Claims Bar Date Notice Materials," the City simultaneously submitted to the designated Claims Processing Agent, the following additional proof of claim forms:

(1) "Grace Non-Asbestos Proof Of Claim Form," as to Debtor: W.R. Grace & Co. - Conn., Case No. 01-1179 or 01-1140[2] **(Subsequently Assigned Claim No. 4721).**

---

[2] As of the time of filing of those proofs of claim, the case number for Debtor W.R. Grace Co. - Conn. was 01-1140, as identified in the "Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting Of Creditors And Fixing Of Certain Dates," dated April 24, 2001. The Court's April 22, 2002 Order and the Claims Bar Date Notice Materials identified the appropriate case number for Debtor W.R. Grace Co. - Conn. as 01-1179 and, accordingly, the City submitted its proof of claim forms in March, 2003 related to that Debtor in case no. 01-1179. In the event that the case number for W.R. Grace Co. - Conn. remains 01-1140, the City asserts its claim against W.R. Grace Co. - Conn. under that number.

(2) "W.R. Grace & Co. Asbestos Property Damage Proof Of Claim Form," as to Debtor: W.R. Grace & Co. - Conn., Case No. 01-1179 or 01-1140 **(Subsequently Assigned Claim No. 4720).**

(3) "Grace Non-Asbestos Proof Of Claim Form," as to Debtor: W.R. Grace & Co., Case No. 01-1139 **(Subsequently Assigned Claim No. 4722).**

(4) "W.R. Grace & Co. Asbestos Property Damage Proof Of Claim Form," as to Debtor: W.R. Grace & Co., Case No. 01-1139 **(Subsequently Assigned Claim No. 4723).**

A table identifying each of the proofs of claim and summarizing the Debtor's procedural objections and the City's response to those objections is attached hereto as Exhibit A. Copies of the first page of each of those proofs of claim, with the assigned claim number designated at the bottom of each, are included as Exhibit B hereto.

4. As to each of the identified Debtors, W.R. Grace & Co. - Conn. and W.R. Grace & Co., the City submitted two proof of claim forms in March, 2003, (1) a non-asbestos claim form and (2) an asbestos property damage claim form. In each case, both proof of claim forms pertain to the same claim or set of claims by the City and involve the same underlying set of facts. The City submitted both forms (all rights reserved) given ambiguities in the definitions of the two potentially applicable claim categories, as those categories are defined in the Court's April 22, 2002 Order and the Claims Bar Date Notice Materials, and because the City's claim may fall into one, the other or both of those categories.

5. As discussed in greater detail in the proofs of claim themselves, the City's unified claims against Grace regarding the City-owned Russell Field Property involve both:

(A) claims for "property damage and economic loss" to the City resulting directly or indirectly from hazardous materials other than asbestos believed to have

3

originated at or from Grace's property and/or from its operations, and

(B) claims for "the cost of removal, diminution of property value [and/]or economic loss" and "property damage, including but not limited to diminution in the value thereof, or environmental damage or economic loss" to the City caused directly or indirectly by asbestos believed to have originated at or from Grace's property and/or from its operations.[3]

6.  As a result, the City's unified claims against Grace regarding the City-owned Russell Field Property appear to constitute both a "Non-Asbestos Claim" and an "Asbestos Property Damage Claim" within the meaning of the "Definitions of Claims Subject to Bar Date" attached as Exhibit 1 to the Bar Date Notice, explaining why the City filed two proofs of claim as to each of the two identified Debtors.

7.  Claim numbers 4722 and 4723, which pertain to claims against "W.R. Grace & Co." in case number 01-1139, collectively amend and supersede the previously filed proof of claim designated claim number 674. Claim numbers 4720 and 4721, which pertain to claims

---

[3] With respect to the asbestos at the City-owned Russell Field Property believed to have originated from the Grace property and/or operations, Grace is in possession of information as to whether the source of that asbestos was a Grace "product" or "products" or from "vermiculite mined, milled or processed by the Debtors," as those terms are used in the definition of "Asbestos Property Damage Claim," or from some other type of source or waste material(s) or processes conducted by Grace. On information and belief, Grace is believed to have conducted various asbestos-related activities at its Cambridge-based property involving the generation, storage, treatment, or disposal of asbestos-containing materials, products and wastes. For instance, Grace handled asbestos in two on-site buildings on its property as early as the early 1930s as part of a brake lining development program, and into at least the late 1960s and early 1970s, when a laboratory analysis and research program was conducted for asbestos-containing fireproofing materials.

With respect to the submitted asbestos property damage claim forms, the City completed the section related to "asbestos from a Grace product" (Category 1), rather than the section related to "vermiculite mining, milling or processing operations" and has attempted in good faith to respond to those questions. However, many of the questions in Section C, relating to Category 1 claims, do not apply to the facts underlying the City's claim. The City has completed Section C and designated its asbestos property damage claim as a Category 1 claim without waiver of its right to assert that the source of asbestos at the Grace property and/or operations was something other than a Grace "product" (all rights reserved).

4

against "W.R. Grace & Co.-Conn" in case number 01-1140 (or 01-1179, see footnote 2 above), collectively amend and supersede the previously filed proof of claim designated claim number 685.

**Response to Second Omnibus Objection:**

8. In their Objection, the Debtors assert certain procedural objections to and seek to expunge claim numbers 674, 685 and 4723. The Debtors do not object to or seek to expunge claim numbers 4720, 4721, or 4722.

9. With respect to claim numbers 674 and 685, the Debtors assert that those claims should be expunged because they have been amended by and should be survived by Claim numbers 4722 and 4720, respectively. The Debtors are correct that Claim numbers 674 and 685 have been amended, as described above. However, they were not amended just by claim numbers 4722 and 4720. Rather, claim number 674 was amended by and should be survived by claim numbers 4722 <u>and 4723</u>, and claim number 685 was amended by, and should be survived by, claim numbers 4720 <u>and 4721</u>. Subject to that clarification in the record, the City does not object to the Court expunging claim numbers 674 and 685.

10. With respect to claim number 4723, the Debtors assert that claim number 4723 should be expunged because it believes it is a duplicate of claim number 4721. The Debtors' assertion is incorrect. Claim number 4723 is <u>not</u> a duplicate of claim number 4721. Claim number 4723 relates to the City's claims asserted by way of a "W.R. Grace & Co. Asbestos Property Damage Proof Of Claim Form," filed as to "W.R. Grace & Co." in case number 01-1139. Claim number 4721, on the other hand, relates to the City's claims asserted by way of a "Grace Non-Asbestos Proof Of Claim Form," filed as to "W.R. Grace & Co.-Conn." in case

number 01-1140 (see Exhibits A and B hereto). The Debtors, in Exhibit B to the Objection, also incorrectly identify claim number 4723 as having been filed in case number 01-1140.

11.     While, as discussed above, there may be reason to treat these proofs of claim collectively as pertaining to one set of claims, the Debtors' procedural assertion that claims numbered 4723 and 4721 are duplicates is simply not correct.

12.     Accordingly, claim number 4723 should not be expunged.

WHEREFORE, the City of Cambridge respectfully requests that the Court (1) allow the Debtors' request to expunge claim number 674 with the express declaration that the claim is survived by claim numbers 4722 and 4723, (2) allow the Debtors' request to expunge claim number 685 with the express declaration that the claim is survived by claim numbers 4720 and 4721, and (3) deny Debtors' request to expunge claim number 4723.

City of Cambridge, Massachusetts
By its attorneys,

Dated: August 8, 2003

Kevin J. Mangan, Esq. (#3810)
Monzack and Monaco, P.A.
1201 North Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

and

Stephen D. Anderson, Esq.
Jeffrey L. Roelofs, Esq.
Anderson & Kreiger, LLP
43 Thorndike Street
Cambridge, MA 02141
(617) 252-6575

Docs\camb\env\p\Response to Second Omnibus Objection-v.2.wpd