IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## CLAIMANTS' RESPONSE TO DEBTORS' MOTION TO CONSOLIDATE THE ACTIONS OF ZAI CLAIMANTS PURSUANT TO RULE 42

As directed by the Court, Grace has moved to consolidate the ZAI Claims of designated claimants pursuant to Fed. R. Civ. P. 42(a) for the "Science Trial."

Grace recognizes that ZAI property damage claims present overarching common legal and factual questions warranting collective adjudication. Grace also recognizes that the ZAI "Science Trial" will address such common legal and factual questions. Commonality of legal and factual issues was a core consideration in the Honorable Kathleen M. O'Connor's certification of a Washington class of ZAI homeowners and the designation of present ZAI claimants, Marco Barbanti and Ralph Busch, as authorized representatives of ZAI homeowners in Washington. Barbanti v. W. R. Grace & Co., et al., Civ. No. 00-2-01756-6 (Sup. Ct., Spokane County, WA, December 19, 2000). (Attachment 1). This commonality was also central to the pre-bankruptcy certification proceedings involving other ZAI claimants.[1]

---

[1] When Grace declared bankruptcy on April 2, 2001, certification briefing was complete and a certification hearing was set for April 25, 2001, before the Honorable Judge Patti B. Saris in the ZAI Multi-District Litigation In Re: Zonolite Attic Insulation Products Liability Litigation, MDL 1376. The proceeding involved certification of a nationwide ZAI class with present ZAI claimants Paul Price and John & Margery Prebil as proposed class representatives. The Price and Prebil class claim was designated the lead case in MDL 1376, to which class claims of present ZAI claimants Szufnarowski, Lindholm, McMurchie, and Walsh had been transferred.

1

Grace properly acknowledges in paragraph 7 of its Motion that this Court is presently holding in abeyance issues pertaining to class management of ZAI property claims and recognition of a ZAI class certified pre-bankruptcy. Grace's Motion also properly acknowledges that a consolidated proceeding on the question posed by the Court precedes but will not prejudice those unresolved class issues.

As Grace and Claimants have recognized, consolidation should not artificially limit the admissibility of scientific evidence. Because of scheduling and logistical considerations, experts for both parties have performed testing in some homes not owned by named Claimants. For example, Grace's experts performed ZAI testing in a New York home owned by a former Grace employee. Claimants' experts performed testing in a Maryland home owned by an individual who installed unused bags of ZAI in his attic after purchasing his home in 2002. Further, both parties rely in their briefing on ZAI testing performed by private organizations and governmental agencies in buildings not owned by named Claimants.

Because ZAI property damage claims may be properly treated on a class basis, such claims may also be treated on a consolidated basis for the purposes proposed. Given the Court's previous determination to conduct a "science trial" on the above topic, Claimants do not contest the applicability of Fed. R. Civ. P. 42 to consolidate Claimants' property damage claims in order to conduct that trial. Claimants believe that consolidation is appropriate only if it does not artificially limit the admissibility of evidence in this proceeding. Accordingly, Claimants do not oppose consolidation.

RESPECTFULLY SUBMITTED,

*[signature]*

Edward J. Westbrook, Esq.
Robert M. Turkewitz, Esq.
James L. Ward, Esq.
Robert S. Wood, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd, Building A
Mount Pleasant, SC  29464
Tel. (843) 727-6513
ZAI CLAIMANTS' SPECIAL COUNSEL

-and-

Darrell W. Scott, Esq.
Burke D. Jackowich, Esq.
Lukins & Annis PS
717 W. Sprague Ave. Suite 1600
Spokane WA 99201
Telephone: (509) 455-9555
ADDITIONAL SPECIAL COUNSEL

-and-

William D. Sullivan, Esq.
Elzufon Auston Reardon Tarlov & Mondell
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899
Telephone:  (302) 428-3181
COUNSEL FOR THE ZONOLITE CLAIMANTS,
BARBANTI, BUSCH, PREBIL, AND PRICE

Dated: August 8, 2003

ATTACHMENT 1

```
                                                    FILED
                                                  DEC 19 2000
                                                 THOMAS R. FALLQUIST
                                                 SPOKANE COUNTY CLERK
```

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| MARCO BARBANTI, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>W.R. GRACE & COMPANY-CONN (a Connecticut corporation); W.R. GRACE & COMPANY (a Delaware corporation); W.R. GRACE & CO., a/k/a GRACE, an association of business entities; SEALED AIR CORPORATION (a Delaware corporation); and WILLIAM V. CULVER, resident of the State of Washington,<br><br>Defendants. | NO. 00-2-01756-6<br><br><u>CLASS ACTION</u><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO CR 23(b)(2)<br><br><u>**Motion No. 1**</u> |

### 1. BASIS

THIS MATTER came before the Court for hearing on the 21st day of September, 2000, on Plaintiffs' Motion for Class Certification. All parties were represented by counsel.

In deciding the Motion, the Court considered the oral argument of counsel together with the documents identified in the attached Memorandum Decision.

### 2. FINDINGS

This Court issued its written Memorandum Decision on this matter on November 28, 2000, and the Court hereby adopts its findings and ruling issued on that date. The Memorandum

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 1
(Motion No. 1)

Decision is attached to this Order and fully incorporated herein by reference. In particular, the Court expressly finds:

   1). That the numerosity requirement has been met based on the evidence presented;

   2). That named plaintiff's claims present questions of law and fact common to the class;

   3). That the claims of the above-named plaintiff are typical of the claims of the class he seeks to represent;

   4). That named plaintiff and his counsel can fairly and adequately represent the interests of the class; and

   5). That the action brought by plaintiff is equitable in character and is properly certified under Civil Rule 23(b)(2).

### 3. ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion is Granted and that this action may be maintained as a class action pursuant to CR 23 and its subdivision CR 23(b)(2) with respect to the claims asserted in the Class Action Complaint against W. R. Grace & Company-Conn., W. R. Grace & Company, W. R. Grace & Co., a/k/a Grace, an association of business entities, Sealed Air Corporation, and William V. Culver. (The Court has not made a finding as to the existence or non-existence of the entity sued as "W.R. Grace & Co. a/k/a Grace, an association of business entities").

The Class shall be composed of and defined as: All owners or occupiers of real property located in the state of Washington in which Zonolite Attic Insulation has been installed.

DONE IN OPEN COURT this _19th_ day of _November_ 2000.

KATHLEEN M. O'CONNOR
JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 2
(Motion No. 1)

1
2  Presented by:
   LUKINS & ANNIS, P.S.
3
4  By: _____
5      DARRELL W. SCOTT, WSBA # 20241
       Attorneys for Plaintiff
6  Approved as to Form and Notice
   Of Presentment Waived:
7
8  PERKINS, COIE, LLP
9

10 By: Approved telephonically by V.L. Woolston 12/19/00
       V. L. Woolston, Jr., WSBA #9453
11     Rocco N. Treppiedi, WSBA #9137
       Attorneys for Defendants Grace
12
13
   PAINE, HAMBLEN, COFFIN, BROOKE & MILLER
14
15

16 By: Approved telephonically by David Broom 12/19/00
       Donald G. Stone, WSBA #7547
17     David L. Broom, WSBA #02096
       Attorneys for Defendants Sealed Air Corporation
18
19
20
21
22
23
24
25
26
   ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
   CERTIFICATION PURSUANT TO CR 23(b)(2):  3
   (Motion No. 1)

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| MARCO BARBANTI, ETAL, <br><br> Plaintiff, <br><br> vs. <br><br> W. R. GRACE & CO. ETAL, <br><br> Defendant | Case No.: No. 00-2-01756-6 <br><br> MEMORANDUM DECISION (MOTION #1) |

This matter came before the court for oral argument on September 21, 2000, on Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2). The following pleadings were considered by the court:

1. Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2)
2. Brief in Support of Class Certification
3. Declaration of Kristy L. Bergland
4. Declaration of Richard S. Lewis
5. Declaration of Allan M. McGarvey
6. Affidavit of Darrell W. Scott
7. Declaration of Fabrice Vincent
8. Declaration of Edward J. Westbrook
9. Plaintiffs' Supplemental Submission in Support of Class Certification
10. Declaration of Fabrice N. Vincent and attachments thereto
11. Grace Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)
12. Declaration of Rocco N. Treppiedi and attachments thereto

13. Affidavit of Donald J. Hurst (submitted by Plaintiffs in support of the application for Preliminary Injunction and submitted by Defendants' in support of their opposition to Plaintiff's Class Certification motion) and attachments thereto

14. Defendant Sealed Air Corporation's Joinder in Grace's Argument and Brief in Opposition to Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)

15. Plaintiffs' Reply in Support of Motion for Class Certification.

## STATEMENT OF FACTS

Plaintiff Barbanti brings this action on behalf of a purported class of all owners and occupiers of real property located in the State of Washington in which Zonolite Attic Insulation has been installed. Defendants' are alleged to be the manufacturers of this product. The claims asserted include product liability claims under the Washington Products Liability Act (WPLA), RCW 7.72 and violations of the Consumer Protection Act (CPA), RCW 19.86.

Plaintiffs' are seeking injunctive relief as well as compensation for property damage suffered by class members. Plaintiffs are not seeking compensatory damages for any illness a class member may have contracted as a result of exposure to Zonolite Attic Insulation nor are they seeking to establish a medical-monitoring regime.

## DISCUSSION

In Washington the process of class certification is governed Civil Rule CR 23. At the outset the plaintiffs must demonstrate that they meet the four requirements of CR 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Subsection one is known as "numerosity". The only evidence presented with respect to this section was plaintiffs' reference to a 1985 EPA publication which estimated Zonolite was installed in 900,000 homes between 1974 and 1984. From that number plaintiffs' estimate at least 18,800 Washington homes may contain this insulation. Plaintiffs' argue this is a conservative number as this product was on the market for many years. The defendants' did not challenge this number. The numerosity requirement has been met.

Subsection two is known as "commonality" and requires evidence questions of law or fact common to the class. Plaintiffs' focus on a common course of conduct by the defendants towards all potential class members i.e., a pattern of alleged misrepresentations in advertising the product, failure to warn, etc. as meeting this requirement.

Also, plaintiffs' seek equitable relief for the class as a whole in the areas of warnings, education, and remediation, not individual relief. Plaintiffs' do acknowledge in their supplemental brief that there maybe some potential class members who are already aware of the alleged problems with Zonolite Attic Insulation and have expended money to remove the insulation. The injunctive relief suggested by the plaintiffs would include a defendant-funded remediation program where, presumably, class members would apply for funds to remove the insulation.

However, plaintiffs assert the fact there may be some compensation for remediation does not detract from the nexus of common facts particularly with respect to the liability issues, I agree. The issue of monetary damages is more properly considered in connection with the analysis of whether CR 23(b)(1) or (2) or CR 23(b)(3) applies, not to commonality. The commonality requirement has been met.

Subsection three is "typicality". Does the plaintiff's complaint arise from the same conduct on the part of the defendant that other putative class members may have experienced? It does. Are there any unique defenses applicable to the plaintiff which would unduly prolong prosecution of the case from the perspective of putative class members? There does not appear to be. A number of cases have been cited which stand for the proposition that " . . . challenging the same unlawful conduct that affects both the named plaintiff and the rest of the putative class usually satisfies the typicality requirement, despite disparities in individual factual scenarios." *Cullen v. Whitman Med. Corp.*, 188 F.R.D. 226, 230 (E.D. Pa. 1999). The typicality requirement has been met.

Subsection four is the adequacy of representation and refers to both the class counsel and the class representative(s). Class counsel are very experienced in class action litigation and defendants have not taken issue with plaintiffs' counsels' ability to provide adequate legal representation. Rather the focus is whether Mr. Barbanti, as class representative, can adequately represent the class.

Defendants' assert Mr. Barbanti is an inadequate class representative because: (1) he has a conflict of interest with putative class members because he alleged only limited statutory claims; (2) he does not have a claim under the CPA; (3) he is engaging in "claim splitting"; (4) he lacks standing to request injunctive relief because he knew Zonolite contained asbestos before he began the lawsuit; and (5) he lacks credibility.

Plaintiff responds that a class representative is not required to assert every possible claim and some claims are not suitable for a class action resolution. This is particularly true of personal injury claims. In a class action, the concept of "claim splitting" is less of a concern than it would be in an individual action. It can be more efficient to manage some issues in a class action setting, i.e. liability issues, and this will not preclude individual litigation of other claims, i.e. personal injury claims.

With respect to the "standing" argument, this court is not aware of any Washington jurisdictional authority which would prohibit the court from granting plaintiffs' requested relief of a warning to the public simply because Mr. Barbanti knew Zonolite may have contained asbestos.

The issue of Mr. Barbanti's credibility was raised in connection with his personal response to the discovery of Zonolite Attic Insulation in some of his properties and his alleged failure to inspect all of his properties or timely warn his tenants. This fact issue has yet to be adjudicated by the court and, if true, has not precluded the plaintiffs from pressing for the hearing of the Motion for Preliminary Injunction.

The adequacy of representation has been met.

After finding the initial four requirements of CR 23(a) have been met, the court next turns to the applicability of CR 23(b)(1) or (2) and/or CR 23(b)(3). Plaintiffs' assert as they are primarily requesting injunctive relief, CR 23(b)(2) is appropriate. Defendants' allege that the primary purpose of this litigation is monetary, i.e. to compensate persons who remove Zonolite Attic Insulation.

Plaintiffs' complaint indicates it is seeking injunctive relief and other equitable remedies including a notification program, development of safety procedures and remediation techniques. In it's Supplemental Submission plaintiffs' characterize as "incidental" requests for damages some class members may make for expenses already incurred to remove Zonolite. It also acknowledges that there may be damage claims if they are successful in obtaining equitable relief.

The question is what is the primary purpose of the litigation. This court accepts the plaintiffs' assertion that equitable relief is the primary purpose although monetary damage claims would not be unexpected if plaintiffs prevail. The purpose of class action litigation is to allow individuals, who have common causes of action, to pool their resources and pursue legal relief

1 which would otherwise be unavailable due to the cost of litigation and the individual amount of
2 damages involved.
3     It is also a benefit to both plaintiffs and defendants that putative class members litigate
4 the class issues in one proceeding to avoid inconsistent adjudications. Defendants have raised
5 the concern that legal actions involving Zonolite are relatively new and there is no "track record"
6 of court decisions as a reason for finding class certification is premature. That position flies
7 squarely in the face of CR 23(b)(1)(A) which recognizes that in cases affecting substantial
8 numbers of persons, defendants should not be subjected to inconsistent standards of conduct
9 imposed by multiple court decisions.
10     Finally, defendants rightly point out that asbestos is heavily regulated by federal agencies
11 and Zonolite is under review by the EPA. Arguably, the resources of a federal regulatory agency
12 are greater than a state superior court and this court has considered that fact. However, federal
13 regulation does not preclude class litigation or preempt the court's ability to take jurisdiction.
14     Therefore, the plaintiff' Motion for Class Certification under CR 26(b)(2) is granted. Ms.
15 Scott, please prepare the appropriate order, secure lead counsels' signatures and/or note the order
16 for presentment.
17     Dated this 28th day of November, 2000.

KATHLEEN M. O'CONNOR
SUPERIOR COURT JUDGE