UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 01-1139(JKF) |
| | ) | Chapter 11 |
| W.R. GRACE, et al., | ) | |
| | ) | Bankruptcy Courtroom No. 2 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware 19801 |
| | ) | |
| | ) | |
| | ) | September 23, 2002 |
| | ) | 10:12 A.M. |

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:
    Reed Smith
    By:  JAMES J. RESTIVO, JR., ESQ.
        JAMES W. BENTZ, ESQ.
    435 Sixth Avenue
    Pittsburgh, Pennsylvania 15219

    Kirkland & Ellis
    By:  JANET S. BAER, ESQ.
    200 East Randolph Drive
    Chicago, Illinois 60601

    Pachulski Stang Ziehl Young & Jones
    By:  SCOTTA McFARLAND, ESQ.
    919 North Market Street, 16th Floor
    Post Office Box 8705
    Wilmington, Delaware 19899-8705

For Asbestos P.I. Claimants:
    Campbell & Levine
    By:  MARK HURFORD, ESQ.
    1201 Market Street, 15th Floor
    Wilmington, Delaware 19801

Audio Operator:    Sherry Scaruzzi

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

---

**TRANSCRIPTS PLUS**
435 Riverview Circle, New Hope, Pennsylvania 18938
e-mail courttranscripts@aol.com

215-862-1115   (FAX) 215-862-6639

against this estate and who has them and how do we notify those folks. That's what I'm attempting to accomplish and that's why we're taking this science trial first so that we can craft an appropriate notice if there is some likelihood that an entity or a person may have a claim against the estate.

So, I have to have an area in dispute. It's not just the demonstration. And the question is what's the risk of harm that's posed. And I think the question is whether it's unreasonable because I guess life in general poses its own risks of harm, but that doesn't give you claim. So, I need to define the claim somehow.

MR. WESTBROOK: And, Your Honor, my concern has been -- and, of course, as Your Honor knows, I got into this a little late after this had been discussed. But my concern has been, from my experience in this litigation, that when we get down to defining the issues for trial, that I not be foreclosed from presenting to the Court our position on how a property damage claims should be proven up, that's my only concern.

THE COURT: Oh, no. In fact, that's -- I mean -- in terms of proving up the property damage claim, I don't know that this is the time for proving the claim. The question is whether or not there is going to be a claim because science would show that, in fact, somebody out there may have a claim. Then how you prove it at a later stage may be a different issue. But the answer is no, you're not foreclosed from trying

to prove your claim however you want to prove your claim.

But in terms of defining the issue, I think -- I'd like to try to come to some consensus. I do need an issue.

MR. WESTBROOK: Your Honor, as neutral as we could probably make it, since we're in the property damage context, we're trying to find out what science will tell us about Z.A.I. in that context.

And, again, I come back to the fact that Grace continues to try to push the case to a quasi personal injury claim. And in our view, most respectfully, Your Honor, that's not what the case is about in the property damage context. I've tried for 20 years property damage cases and the issue is the building, is the building contaminated. Contaminated, yes, with a hazardous material. But we don't have to show in our view that there's going to be some percentage of people getting sick from it, that there's some particular emergency hazard to evacuate the building. That's why I've been somewhat persistent and hopefully not nauseating about this, Your Honor, that we not get foreclosed at the outset from proving and from getting to the pretrial conference to present the issues as we want them presented.

THE COURT: Well, I think you both are probably correct. Number one, yes, you're going to have to show me that there is some hazardous contamination. Now, what makes it hazardous? The fact is that it's going to either be hazardous