IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                              )    Chapter 11
                                    )
W. R. GRACE & CO., et al.,          )    Case No. 01-01139 (JKF)
                                    )    (Jointly Administered)
                                    )
            Debtors.                )

## DEBTORS' OBJECTIONS AND RESPONSES TO ZAI CLAIMANTS' SECOND SET OF REQUESTS TO ADMIT TO DEBTORS

Debtors W.R. Grace & Co., et al. ("Debtors") by and through their undersigned counsel, hereby object and respond to ZAI Claimants' Second Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS

1.    Debtors object to Claimants' Requests to the extent that they purport to require more of Debtors than is required under the Federal Rules of Civil Procedure, as made applicable here through the Federal Rules of Bankruptcy Procedure, and other applicable law.

2.    Debtors object to Claimants' Requests to the extent that they seek discovery of information which is protected from disclosure by the attorney-client privilege, or the attorney work product doctrine and/or is otherwise subject to privilege.

3.    Debtors object to Claimants' Requests to the extent that they seek information which is not relevant or reasonably calculated to lead to the discovery of evidence admissible in the Zonolite Attic Insulation ("ZAI") Science Trial and is therefore beyond the scope of applicable discovery.

9.      According to a W.R. Grace in-house counsel's estimate, W.R. Grace has settled approximately 25 to 100 cases alleging injury or death from exposure to ZAI.

**RESPONSE:**

Debtors object to this request on the ground that whether Grace has settled cases alleging exposure to ZAI is irrelevant to, and cannot lead to the discovery of admissible evidence on, the issues to be tried in the ZAI Science Trial. By way of further objection, the mere settlement of a lawsuit does not constitute evidence relevant to the issues to be decided in the ZAI Science Trial. Debtors further object to this request as overly broad and unduly burdensome in that in order to provide a complete response, Debtors would have to review hundreds of thousands of personal injury actions filed against them and settled. Without waiver of and subject to the foregoing objections, it is admitted that if called to testify, in-house counsel at Grace would estimate that approximately 25 to 100 alleged bodily injury claims allegedly involving attic fill have been settled by Grace.

RESPECTFULLY SUBMITTED

REED SMITH LLP

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz

By _____

435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063
SPECIAL ASBESTOS COUNSEL
FOR DEBTORS