IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS--SPRINGFIELD DIVISION

STATE FARM MUTUAL AUTOMOBILE      )
INSURANCE CO.,                    )
                                  )
              Plaintiff,          )
                                  )
        v.                        )
                                  )    NO. 89-3022
W.R. GRACE & COMPANY,             )
                                  )
                                  )
                                  )
              Defendant.          )

**FILED**

FEB 11 1993

JOHN M. WATERS, Clerk
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## ORDER

RICHARD MILLS, District Judge:

This cause is before the Court on two of Grace's supplemental motions in limine. Originally the Court denied these motions in limine because the motions did not specifically address evidence proposed by State Farm. Grace has now filed supplemental motions with specific refutation of State Farm's evidence:

(1). <u>Motion to exclude anecdotal testimony.</u>

Grace now moves to exclude individual case reports or alleged examples of anecdotal evidence that low levels of asbestos can cause asbestos-related disease. Specifically, Grace seeks to exclude the evidence of the death certificates of Gladys L. Crist and Dennis H. Cleary, to exclude certain testimony of plaintiff's expert witnesses Dr. Frank and Dr. Brody, and to exclude testimony of plaintiff's expert witnesses Dr. Anderson and Dr. Frank from testifying about some "unidentified maintenance workers" who may have "early signs" of some unspecified disease that they attribute to the fireproofing in the Fargo clinic. Grace also seeks to

exclude certain portions of the Deposition of Earl D. Lovick relating to the conditions at the asbestos mine in Libby, Montana.

Grace argues that the above evidence is irrelevant because the asbestos level exposures in each of the above cases was not similar to the chrysotile-based asbestos exposure levels at issue. Therefore, Grace argues that the above evidence would not show a causal relationship between low levels of asbestos exposures and disease. Second, Grace argues that all the above evidence is hearsay.

a. death certificates

First, as to the death certificates, Mrs. Crist worked as an office worker at a Grace plant which manufactured Monokote. She was exposed to low level asbestos for a prolonged period of time.[1] Therefore, the cause of her death, if diagnosed by a competent medical professional, would be especially relevant to the case at bar. Death certificates also would be the type of evidence reasonably relied on by experts in the field. Fed. R. Evid. 703.[1] Also, depending on the form of the evidence that State Farm intends to introduce, such death certificates would fall under the public records, medical records, or record of vital statistics hearsay exception.

State Farm does not contest the motion as it pertains to the death certificate of Dennis H. Cleary. Therefore, if State Farm

[1] See Fed. R. Evid. 703, Notes of Advisory Committee on 1972 Proposed Rules. Specifically, a physician or other expert could rely on death certificates as part of his/her own practice of diagnosis.

2

intends to introduce this certificate, its admissibility will be
etermined at trial based on the above guidelines.   The death
certificate of Geraldine Layne was not addressed by Grace's
supplemental motion.   Therefore, it will be admitted.

   b. expert testimony

   The Court will admit all the expert testimony of Dr. Frank,
Dr. Brody, and Dr. Anderson except the deposition testimony of Dr.
Frank which refers to alleged asbestos ailments from "a lady in
Cleveland" and "a lady in England."   As apparent from the
transcript of Dr. Frank's deposition, the "lady in Cleveland" cases
were not medically documented and were speculative at best.   Dep.
of Arthur L. Frank, M.D. pp 21-22.   The Court therefore excludes
this part of Dr. Frank's deposition because it has little probative
value and would be highly prejudicial and confusing to the jury.

   As to the Fargo clinic employees, this evidence is both
relevant and the type of evidence reasonably relied on by experts
in the field.   Fed. R. Evid. 703.   State Farm represents that
workers at the Fargo plant were exposed to the same concentrations
and same type of asbestos as in the State Farm buildings.   Pl's
resp. brief at 13.   Dr. Frank and Dr. Anderson reviewed the x-rays
and other medical records of these workers in forming their expert
opinion as to the potential cause of the workers' illnesses.[2]   The
fact that these workers may not yet have an asbestos-related
disease still does not preclude these experts from assisting the
jury to determine the harms of asbestos exposure.   See City of

---

   [2]   See supra note 1.

Greenville v. W.R. Grace & Co., 640 F.Supp. 559, 572 (D.S.C. 1986),
aff'd, 827 F.2d 975, 980 n.2 (4th Cir. 1987).

    c.  Libby Mine depositions

    This evidence was permitted by an earlier order from this
Court.  As that order ruled, this evidence was relevant to
determine Grace's notice as to the potential harms of asbestos.

(2). Supplemental Motion to exclude deposition testimony.

    Grace supplements its earlier motion to exclude the
introduction of deposition testimony from other proceedings with
specific line by line objections to the proffered depositions.

    Naturally, the Court cannot respond to these objections
without receiving the entire deposition transcripts.

    Therefore, the Court will require State Farm to produce to the
Court (by February 19, 1993) any of these depositions that it
intends to introduce at trial.

    Included with the depositions should be an offer of proof as
to the relevance of the depositions.  Again, as the Court
emphasized in its first order concerning this matter, only
depositions with demonstrably similar issues to those at bar will
be allowed.  Grace will be given three court days from receipt of
State Farm's offer of proof to respond with any objections.

    Further, the Court will consider only those objections which
were raised by Grace in the original deposition proceedings.  If
Grace did not make the same objection during the original
deposition proceeding, the Court will consider that objection to be
waived.  To this end, Grace should represent to the Court that

these objections were made during the original depositions.

   **Ergo,** Grace's supplemental motion to exclude depositions (d/e 88) is DENIED in accordance with the above order.   Grace's supplemental motion to exclude anecdotal testimony (d/e 88) is DENIED in accordance with the above order.

ENTER:  *11 February* ,1993.

FOR THE COURT:

Richard Mills
United States District Judge

5