11722 31st Dr. S.E.
Everett, WA. 98208-6117

Chester A. Barr

Aug 04, 2003

Clerk
U.S. Bankruptcy Court,
Sixth Floor
824 Market Street
Wilmington, Delaware 19801

Subject: Chapter 11, re W. R. Grace & Co., et al, Debtors, Case No. 01-01139(JKF)

    Enclosed is form Grace Non-Asbestos Proof of Claim Form which is copy of the form used in my original claim.

    Enclosed also is caption page setting the name of the Court, the Debtors, the case number and the title of the Objection to which this response is directed.

    The name of the contact person is myself and or my wife, namely: Chester A & Marian Elaine Barr, 11722 31st Dr. S.E., Everett, WA. 98208-6117; phone number is (425) 337-1678.

    In support of our claim we maintain that management of W. R. Grace & Co. has been negligent in their merchandising of the asbestos materials, that has been affecting so many lives, in that they knew, or should have known the inherent dangers to the public; that protecting of the public should have been more readily forthcoming thus avoiding the health claims or at least minimizing to a manageable level.

    For us the 76 shares of common stock was inherited in first part of 1996 during a healthier time for W. R. Grace & Co. and the shares value were commensurate with our original claim as presented in October 2002.  We are not skilled in stock buying, selling, or

understanding the financial ramifications when W. R. Grace spun off to Sealed Air Corporation and to Fresenius National Medical Holding and the value that was involved and the impact on our stock.

It is noted that just preceding W. R. Grace & Company's filing Chapter 11 of the U. S. Bankruptcy in the 52 week period preceding, the common stock was $18.8125 per share. This calculated against our 76 shares amounts to $1,429.75. Here again we feel the management of W. R. Grace & Co was negligent in it's management duties thus causing us to lose dividends which we depend on to aid in our retirement. Our last dividend was for the last quarter of 1997 in the amount of $11.02.

Now this probably isn't the manner in which I should be evaluating our claim, but in using the amount of the last dividend ($11.08) received in 1997, coupled with four quarters for each year 1998 through to 2003, we have arrived at a minimum arreage of dividends of $264.48 and that added to $1,429.75 amounts to $1,694.23, that which we have stated on our revised claim. As we look at it with proper management we should have realized greater dividends and if the Court should agree our equity has greater value, we would appreciate so being awarded.

Sincerely yours,


Chester A. Barr

cc: Kirkland & Ellis LLP,
    Attn: Janet S. Baer, James W. Kapp III, and Christian Lane,
    200 East Randolph Drive, Suite 6500
    Chicago, Illinois 60601

cc: Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
    Attn: Scotta McFarland, Esq
    919 N Market Street
    16th Floor,
    P. O. Box 8705
    Wilmington, Delaware 19801

| | |
|---|---|
| Name of Debtor: **W. R. GRACE + Co., et al** | Case Number **01-01139 (SKF)** |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property):
**CHESTER A + MARIAN ELAINE BARR**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Name and address where notices should be sent:
**11722 31st DR. S.E.**
**EVERETT, WA. 98208-6117**

Account or other number by which creditor identifies Debtor:
**GR246041   CUSIP 38388F108**

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
**W R GRACE + Co., et al**

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Environmental liability
   ☐ Money loaned
   ☐ Non-asbestos personal injury/wrongful death
   ☐ Taxes
   ☒ Other **76 SHARE COMMON**

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)

   Your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____ (date)

2. Date debt was incurred: **9-5-96**
3. If court judgment, date obtained: 
4. Total Amount of Claim at Time Case Filed:   $ **1694.23   Reduced**
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

   ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)
   Brief Description of Collateral: **76 SHARES COMMON**
   ☐ Real Estate   ☐ Other (Describe briefly)
   _____

   Amount of arrearage and other charges at time case filed included in secured claim above, if any: $ **264.48**
   Attach evidence of perfection of security interest

   ☐ UNSECURED NONPRIORITY CLAIM
   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

   ☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim
   ☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

This Space is for Court Use Only

Date: **8/3/03**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*Chester A Barr*   *Marian Elaine Barr*
**CHESTER A. BARR**   **Marian Elaine Barr**

---

See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other" names used by the Debtors.