# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Hearing Date: August 25, 2003 at 12:00 pm
Regarding Docket Nos. 4084 & 4188

### DEBTORS' REPLY TO THE OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE DEBTORS' FIFTH MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON

1. The best hope of a prompt and successful chapter 11 Plan for these Debtors continues to lie with the Debtors. From the day these cases were filed, Debtors have diligently pursued a process by which their many challenging claims can be efficiently and reasonably approached. The Debtors successfully established a bar date and claims process for their non-asbestos, environmental and asbestos property damage claims. The Debtors successfully put into place a litigation strategy for their Zonolite Attic Insulation Claims that is moving along towards

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

its conclusion. The Debtors proposed to the Court several approaches for dealing with their asbestos personal injury claims which remain under consideration. At the same time, the Debtors have actively initiated and engaged in discussions with all creditor constituencies with respect to the potential for a consensual resolution of these cases. These discussions have been useful. The Debtors are committed to continue this process to its successful conclusion, and no grounds exist for terminating the Debtors exclusive right to file a chapter 11 plan.

2. Section 1121 of the Bankruptcy Code is intended to afford Debtors a meaningful and reasonable opportunity to negotiate with their creditors and to then propose and confirm a consensual plan of reorganization. In the context of a chapter 11 case which involves hundreds of thousands of contested asbestos personal injury and asbestos property damage claims, not to mention contested ZAI claims which are unique to the Debtors herein, this process is complicated and multi-faceted. However, no one is more committed to the prompt resolution of this process than the Debtors. Unfortunately, it simply takes a great deal of time given the challenges of these cases.

3. As the Court will recall, within 30 days of the filing of these chapter 11 cases, the Debtors filed a detailed and comprehensive Case Management Order by which the Debtors suggested approaches for dealing with their major claim constituencies. That Case Management proposal became the subject of extensive briefing by all of the Committees and other parties. Out of that process, the Debtors successfully established a bar date and specialized proofs of claim forms that are now aiding the Debtors in sorting through their thousands of non-asbestos, environmental and asbestos property damage claims.

4. The Debtors also established a detailed process for dealing with ZAI Claims. The first phase of this process, known as the Science Trial, is proceeding toward its conclusion with

this Court. Contrary to the PI Committee's contention, knowing the outcome of the issues pending in the Science Trial is not merely "more convenient," but rather is critical to the development of a plan of reorganization. The critical nature of the decisions in the Science Trial alone warrants extending the Exclusive Periods into 2004, after the Science Trial concludes.

5. The PI Committee suggests that the Debtors have made no efforts toward a consensual Plan. This is not true. Through the course of these cases, the Debtors have met with all of the various creditor constituencies and have presented, on an informal basis, several proposals for a consensual plan to the asbestos claimants' committees. While no agreement has resulted, the Debtors continue to be willing to pursue a consensual resolution of these cases. In the meantime, however, the Debtors will continue to move forward on the various challenges remaining in assessing the claims and determining the best approaches for dealing with those claims in a chapter 11 Plan that is fair for all creditor constituencies.

6. The PI Committee cites to three factors justifying the extension of Exclusive Periods: (1) the likelihood of an imminent consensual plan if the debtor retains control; (2) no alternate substantial plan being held off by exclusivity; and (3) the general balancing analysis to avoid allowing the debtor to hold the creditors and other parties in interest "hostage" so that the debtor can force its view of an appropriate plan upon the other parties. Contrary to the PI Committee's unsupported assertion, the Debtors believe that they satisfy all three of the factors: First, the Debtors believe that they are in the best position to propose a plan which will be acceptable to all of their creditor constituencies and other parties in interest; Second, the PI Committee has offered no evidence of an alternate plan—substantial or not—waiting in the wings, stalled by the extension of the Exclusive Periods; and Third, the Debtors, at all times during the course of these chapter 11 cases, have acted in good faith, have continued to pay their

post-petition obligations and have continued progress toward resolving the issues related to their alleged asbestos-related liabilities for the benefit of all of their creditors.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) extending the Debtors' Exclusive Filing Period through and including February 1, 2004, (ii) granting an extension of the Debtors' Exclusive Solicitation Period through and including April 1, 2004, (iii) without prejudice to the Debtors' rights to seek additional extensions of their Exclusive Filing Period and the Exclusive Solicitation Period and (iv) granting such other relief as may be fair and equitable.

Wilmington, Delaware  
Dated: August 15, 2003

Respectfully submitted,

KIRKLAND & ELLIS LLP  
David M. Bernick  
Janet S. Baer  
James W. Kapp III  
Christian J. Lane  
200 East Randolph Drive  
Chicago, Illinois 60601  
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*Paula A. Galbraith*

Laura Davis Jones (Bar No. 2436)  
Scotta McFarland (Bar No. 4184)  
Paula Galbraith (Bar No. 4258)  
919 North Market Street, 16th Floor  
P.O. Box 8705  
Wilmington, DE 19899-8705 (Courier 19801)  
Telephone: (302) 652-4100  
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

DOCS_DE:77124.1

::ODMA\PCDOCS\DOCS_DE\77124\1

4