IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | RE: DOCKET NO. 4173 |

**REPLY OF W. R. GRACE & CO. TO UNITED STATES' STATEMENT REGARDING ASBESTOS ANALYSIS ISSUES IN W.R. GRACE'S MOTION FOR SUMMARY JUDGMENT AND CLAIMANTS' MOTION TO EXCLUDE DR. R.J. LEE'S OPINION ON CLEAVAGE FRAGMENTS**

This response is to the United States Government's statement regarding asbestos analysis issues addressed in W.R. Grace & Co.'s ("Grace") Motion for Summary Judgment and Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments. The United States government is not a party to this action and, as discussed below, takes no position on the relevant issues in this matter.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### The Government's Statement Regarding Asbestos Analysis in Actuality Supports Grace's Motion for Summary Judgment.

1.  The United States Government submitted a "statement" on behalf of the EPA taking the position that this Court should not consider the difference between cleavage fragments and asbestos fibers and that dust sampling through the indirect preparation method is scientifically valid. The Government's "statement" in fact supports Grace's position in these proceedings.

2.  The most significant sentence in the Government's "statement" is the first sentence: "The United States takes no position on the ultimate issue presented in the Science Trial." That single sentence belies various statements made by ZAI Claimants that the EPA has determined that ZAI presents an unreasonable risk of harm.[2]

3.  Secondly, as discussed in Grace's Opposition to Claimants' motion to exclude Dr. Lee's opinion,[3] the EPA does not contend that many of the particles examined by TEM are not, in fact, cleavage fragments. The EPA's position is simply that if a particular structure meets the length, width and aspect ratio under the counting criteria that the EPA selected for the "unique" situation in Libby, Montana, it should be counted as a fiber, whether or not it is actually an asbestos fiber. Thus, the Government's "statement" says: "The counting

---

[2] See, Memorandum in Support of the ZAI Claimants' Motion for Summary Judgment, at 2-3, 13, 33-34.
[3] Opposition of W.R. Grace & Co. to Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments, at 15-17.

criteria dictate discerning fibers"[4] and "the analyst must resort to the counting rules . . . WHEN IN DOUBT COUNT."[5]

    4.    This position, of course, is inconsistent with the action of Region 2 of the EPA, which specifically has approved Dr. Lee's method for differentiating cleavage fragments from asbestos fibers in the Southdown Rock Quarry Project in New Jersey. Dr. Lee's scientific work in that Project is more fully discussed in Grace's Opposition to Claimant's Motion to Exclude Dr. R.J. Lee's Opinion On Cleavage Fragments, at 6.

    5.    Finally, "the United States takes no position at this time on the appropriateness of using the results of settled dust analysis to quantify the amount of asbestos that will be entrained upon disturbance of the dust."[6] Thus, the United States has not addressed whether the application of the *Daubert* standards unequivocally leads to the position enunciated

*[Remainder of Page Intentionally Left Blank]*

---

[4] United States' Statement Regarding Asbestos Analysis Issues In W.R. Grace's Motion for Summary Judgment and Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments, at 4.
[5] Id. at 6.
[6] Id. at 11-12.

in *Armstrong World Industries* that "the indirect method has no valid scientific connection to the pertinent inquiry."

| | |
|---|---|
| Date: August 18, 2003 | PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. |

*Paula A. Galbraith*
Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 5488)
Paula A. Galbraith (Bar No. 4258)
919 Market Street
Suite 1600
Wilmington, DE 19801
Telephone: 302.652.4100
Facsimile: 302.652.4400

Co-Counsel For Debtors

– and –

REED SMITH, LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

Special Asbestos Counsel For Debtors