# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 01-1139(JKF) |
| | ) | Chapter 11 |
| W.R. GRACE, et al., | ) | |
| | ) | Bankruptcy Courtroom No. 2 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware 19801 |
| | ) | |
| | ) | |
| | ) | September 23, 2002 |
| | ) | 10:12 A.M. |

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Reed Smith
                               By:  JAMES J. RESTIVO, JR., ESQ.
                                    JAMES W. BENTZ, ESQ.
                               435 Sixth Avenue
                               Pittsburgh, Pennsylvania 15219

                               Kirkland & Ellis
                               By:  JANET S. BAER, ESQ.
                               200 East Randolph Drive
                               Chicago, Illinois 60601

                               Pachulski Stang Ziehl Young & Jones
                               By:  SCOTTA McFARLAND, ESQ.
                               919 North Market Street, 16th Floor
                               Post Office Box 8705
                               Wilmington, Delaware 19899-8705

For Asbestos P.I.              Campbell & Levine
Claimants:                     By:  MARK HURFORD, ESQ.
                               1201 Market Street, 15th Floor
                               Wilmington, Delaware 19801

Audio Operator:                Sherry Scaruzzi


        Proceedings recorded by electronic sound recording,
            transcript produced by transcription service.

---

**TRANSCRIPTS PLUS**
435 Riverview Circle, New Hope, Pennsylvania 18938
e-mail courttranscripts@aol.com

215-862-1115   (FAX) 215-862-6639

Appearances:
(Continued)

| | |
|---|---|
| For the Equity Committee: | Klett Rooney Lieber & Schorling<br>By:  JEFF WAXMAN, ESQ.<br>The Brandywine Building<br>1000 West Street, Suite 1410<br>Wilmington, Delaware 19801 |
| For Asbestos P.D. Claimants: | Ferry Joseph and Pearce, PA<br>By:  THEODORE TACCONELLI, ESQ.<br>824 North Market Street, No. 904<br>Wilmington, Delaware 19899 |
| | Bilzin Sumberg Dunn Baena Price<br>  and Axelrod LLP,<br>By:  SCOTT BAENA, ESQ.<br>     JAY SAKALO, ESQ.<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>(via telephone) |
| For Libby Claimants: | Klehr Harrison Harvey Branzburg<br>  & Ellers, LLP<br>By:  STEVEN KORTANEK, ESQ.<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801 |
| For Maryland Casualty: | Connolly Bove Lodge & Hutz, LLP<br>By:  JEFFREY WISLER, ESQ.<br>1220 Market Street, 10th Floor<br>Post Office Box 2207<br>Wilmington, Delaware 19899 |
| For Z.A.I. claimants: | Elzufon Austin Reardon<br>Tarlov & Mondell<br>By:  WILLIAM SULLIVAN, ESQ.<br>300 Delaware Avenue, Suite 1700<br>P.O. Box 1630<br>Wilmington, Delaware 19899-1630 |
| | Richardson, Patrick, Westbrook<br>  & Brickman, LLC<br>By:  EDWARD WESTBROOK, ESQ.<br>174 East Bay Street<br>Charleston, South Carolina 29402 |

Appearances:
(continued)

For T. Kane:

Fox Rothschild O'Brien & Frankel
By:  JASON CORNELL, ESQ.
Mellon Bank Center,
919 North Market Street, Suite 1400
14th Floor


Conroy, Simberg, Ganon, Krevans
        and Abel, P.A.
By:  STUART COHEN, ESQ.

For Unsecured
Creditors' Committee:

Stroock and Stroock and Lavan
By:  ARLENE G. KRIEGER, ESQ.
180 Maiden Lane
New York, New York 10038-4982

For Ace:

White and Williams
By:  LINDA M. CARMICHAEL, ESQ.
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709

For CNA:

Ford Marrin Esposito Whitmyer & Gleser
Wall Street Plaza
New York, New York 10005-1875

1           MR. WESTBROOK:  Your Honor, as neutral as we could

2   probably make it, since we're in the property damage context,

3   we're trying to find out what science will tell us about Z.A.I.

4   in that context.

5           And, again, I come back to the fact that Grace

6   continues to try to push the case to a quasi personal injury

7   claim.  And in our view, most respectfully, Your Honor, that's

8   not what the case is about in the property damage context.

9   I've tried for 20 years property damage cases and the issue is

10  the building, is the building contaminated.  Contaminated, yes,

11  with a hazardous material.  But we don't have to show in our

12  view that there's going to be some percentage of people getting

13  sick from it, that there's some particular emergency hazard to

14  evacuate the building.  That's why I've been somewhat

15  persistent and hopefully not nauseating about this, Your Honor,

16  that we not get foreclosed at the outset from proving and from

17  getting to the pretrial conference to present the issues as we

18  want them presented.

19          THE COURT:  Well, I think you both are probably

20  correct.  Number one, yes, you're going to have to show me

21  that there is some hazardous contamination.  Now, what makes it

22  hazardous?  The fact is that it's going to either be hazardous

23  to the environment or to the people who live in the home or

24  something.  There has to be a hazard.  If there is no hazard,

25  there is no claim.

1          And as I understood what has taken place, not by way
2    of evidence, just by discussion here, the contention is that
3    attic insulation is hazardous because if it's disturbed, people
4    breathe it, and when they breathe it, there is a likelihood
5    that they could ingest an asbestos fiber which could cause a
6    disease.  Not that it's hazardous just because it's sitting in
7    an attic, but because somebody is going to be eventually
8    injured by virtue of the fact that it's in their home.

9          So, the contamination may have to be remediated
10   somehow in order to eliminate that hazard.  But you have to, I
11   think, show me that there is a way that there is going to be
12   asbestos fibers that are somehow going to pose a hazard to
13   somebody or else it's not going to be hazard.  Right?

14         MR. WESTBROOK:  I hear what you're saying, Your
15   Honor.  I think we will be able to show that asbestos fibers
16   are certainly hazardous.

17         My suggestion, Your Honor, is you say we reach a
18   consensus on this.  We're moving ahead with discovery.  I don't
19   think the debate over the phrasing of this paragraph is holding
20   up the discovery.  So, we have our position reserved, Grace has
21   its position reserved.  The Court's language will be the
22   Court's language.  It won't stop us from moving ahead
23   obviously.

24         MS. BAER:  Your Honor, I agree.  And I think you've
25   heard more than enough on this one and we look forward to