# EXHIBIT B

# ELZUFON AUSTIN REARDON
# TARLOV & MONDELL, P.A.

ATTORNEYS & COUNSELORS AT LAW

JOHN A. ELZUFON
JEFFREY M. AUSTIN
MARK L. REARDON
EDWARD A. TARLOV
SCOTT R. MONDELL
WILLIAM D. SULLIVAN
H. GARRETT BAKER
ROBERT H. RICHTER

COLLEEN D. SHIELDS
CHARLES J. BROWN, III
SCOTT A. SIMPSON
CHRISTIAN G. McGARRY
KATHRYN E. LEE (DC & MA ONLY)

300 DELAWARE AVENUE
SUITE 1700, P.O. BOX 1630
WILMINGTON, DELAWARE, 19899-1630
PHONE: 302.428.3181
FACSIMILE: 302.428.3180
INTERNET: WWW.ELZUFON.COM
Writer's E-Mail: wsullivan@elzufon.com

July 18, 2002

**Via Hand Delivery**
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge
Suite 5490, USX Tower
600 Grant Street
Pittsburgh, PA 15219

    Re:    In re: W.R. Grace and Company, et al.
           Case No. 01-01139 (JFK)

Dear Judge Fitzgerald:

    Enclosed please find the Zonolite Asbestos Litigation Claimant's Proposed Order with respect to the Initial Schedule for Litigation Concerning Zonolite Attic Litigation Science Issues, with a copy to all counsel in this case. This Proposed Order is being submitted in advance of the hearing scheduled for Monday, July 22, 2002 at 10:00 a.m.

    I am also enclosing a courtesy copy of the *ZAI Special Counsels' Response to Debtors' Suggestion of a Proposed Budget for Prosecution of ZAI Claimants' Case in the "Science" Trial and Choice of Counsel (D.I. 2190)*, filed today at Docket No. 2399.

                                                   Respectfully submitted,

                                                   William D. Sullivan

cc:    All Counsel on attached Service List

Enclosures
WDS

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No.: 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 1981 |

### ORDER SETTING INITIAL SCHEDULE FOR LITIGATION
### CONCERNING ZONOLITE ATTIC INSULATION SCIENCE ISSUES

The Court having heard argument from counsel for the Debtors, the Property Damage Committee and certain counsel representing Zonolite Attic Insulation ("ZAI") claimants as to the scheduling and management of claims concerning the Debtors' ZAI product during the regularly scheduled omnibus hearings on March 18, 2002, April 22, 2002, May 20, 2002, June 18, 2002 and July 22, 2002 and having given counsel of record for those individuals who filed ZAI claims prior to the petition date of April 2, 2001 the opportunity to appear and be heard at the May 20, 2002 hearing and thereafter, hereby orders that:

1. The following firms are appointed as special counsel to prosecute on behalf of the ZAI claimants the Science issues surrounding ZAI:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc. Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

A. Richardson, Patrick, Westbrook & Brickman, L.L.C.

B. Ness Motley, P.A.

C. McGarvey, Heberling, Sullivan & McGarvey, P.C.

D. Lieff, Cabraser, Heimann & Bernstein, L.L.P.

E. Hagens Berman, L.L.P.

F. Lukins & Annis, P.S.

Counsel are further authorized to retain local counsel to act on their behalf.

2. The budgets submitted by the debtor and the Zonolite counsel for their respective work involving the ZAI science issues are hereby approved.

3. Discovery and evidence regarding science issues surrounding ZAI may include but should not be limited to the 10 claims filed by the Debtors on April 12, 2002 as amended by certain claimants on May 30, 2002 and objected to on June 10, 2002 on behalf of the following individuals claimants, all of whom filed ZAI product liability claims against the Debtors prior to the petition date: Marco Barbanti, Ralph Busch, William Pat Harris, Jan Hunter, Edward M. Lindholm, James and Doris McMurchie, John and Margery Prebil, Paul Price, John Sufnarowski, and Stephen B. Walsh. Discovery and evidence may also include facts and circumstances relating to other properties with ZAI.

4. Discovery for the science trial shall be limited to issues relating to whether owners or others with an interest in a property containing ZAI may have a claim for property damage from ZAI including, but not limited to the following:

A. Does ZAI contain asbestos fibers?

B. Can installation of ZAI contaminate properties with asbestos fibers?

2

C. Can asbestos fibers be released during foreseeable use of the attic and other spaces over the lifetime of a property with ZAI?

D. Can asbestos fibers released during foreseeable use of ZAI settle on surfaces in the property, causing contamination?

E. If asbestos fibers can be released during such foreseeable use, can persons in the vicinity (including children and other family members) be at risk of exposure to such fibers?

F. Are homeowners and occupants of properties with ZAI aware of the potential for asbestos contamination and exposure during foreseeable use of the property?

G. Can asbestos contamination from ZAI be re-suspended into the air in a property with ZAI?

H. What precautions, if any, can be taken to avoid contamination and exposure to asbestos from ZAI?

I. Are there circumstances where disturbance of ZAI or contamination from ZAI during renovations, repair or demolition will trigger the need for special precautions by workers following safe industrial hygiene practices or other applicable regulations, thus causing owners to reasonably incur expenditures to minimize exposure?

J. Does asbestos contamination from ZAI result in any diminution of value for properties with this product?

5. The Court hereby sets the following schedule to litigate the ZAI science issue:

A. Fact discovery relating to the above issues will be conducted from the date of this Order through February 28, 2003. Unless the discovery cutoff is extended by the court for good

3

cause, no fact discovery with the response date after February 28, 2003 shall be allowed. Motions to the Court for extensions of the time provided by the Federal Rules of Civil Procedure for responses to document requests, interrogatories, and inspections and testing of property shall be granted only for good cause shown. Unless good cause is shown for an extension, fact depositions shall be limited to eight hours of questioning per side, not including time in depositions taken prior to the bankruptcy filing. Good cause for extending the discovery period against a party shall include any period of delay by that party in responding to legitimate discovery requests, or any dilatory conduct by that party;

B. The ZAI Claimants shall serve their FRCP 26(a)(2) expert disclosures on or before March 1, 2003. Grace shall serve its expert disclosures on or before March 31, 2003. Depositions of the ZAI Claimants' expert(s) shall be conducted from April 3, 2003 – April 30, 2003. Depositions of Grace's expert(s) shall be conducted from May 3, 2003 to May 31, 2003;

C. The ZAI Claimants or the Debtors may file on or before June 30, 2003, Rule 42 consolidation motions or Daubert/summary judgment motions, based upon an asserted absence of reliable scientific basis to maintain or oppose an actionable claim for property damage from ZAI. The responding Parties' opposition to such motion(s) is due on or before August 15, 2003. The propounding Parties' reply is due on or before September 1, 2003. A hearing on any such motions will be scheduled on or after September 15, 2003.

4

D. If the Parties elect not to file Daubert motions following discovery, they shall notify each other on or before June 30, 2003. The Court will proceed to schedule a common issues trial as soon thereafter as the Court's schedule allows.

E. If one or more of the Parties files a Daubert motion pursuant to the above schedule, the Court will set a common issues trial as soon as the Court's schedule allows following its decision on the Daubert motions.

F. The Court hereby postpones further consideration of matters relating to class certification until the conclusion of the proceedings outlined above.

SO ORDERED this _____ day of _____, 2002.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

5