# EXHIBIT C

(TW)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          .          Chapter 11
                                .
W.R. Grace & Co., et al.,       .
                                .
        Debtor(s).              .          Bankruptcy #01-01139 (JKF)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                        Wilmington, DE
                        July 22, 2002
                         9:56 a.m.

                TRANSCRIPT OF MOTIONS HEARING
        BEFORE THE HONORABLE JUDITH K. FITZGERALD
             UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                     David W. Carickhoff, Jr., Esq.
                                Pachulski, Stang, Ziehl,
                                Young & Jones
                                919 North Market Street
                                Wilmington, DE 19801

                                James W. Knapp, Esq.
                                Kirkland & Ellis
                                200 E. Randolph Drive
                                Chicago, IL 60601

                                David Bernick, Esq.
                                Kirkland & Ellis
                                200 E. Randolph Drive
                                Chicago, IL 60601

                                Janet S. Baer, Esq.
                                Kirkland & Ellis
                                200 E. Randolph Drive
                                Chicago, IL 60601

Writer's Cramp, Inc.
Certified Court Transcribers
732-329-0191

2

```
 1                              James J. Restivo, Jr., Esq.
                                Reed Smith
 2                              435 Sixth Ave.
                                Pittsburgh, PA 15219
 3
                                Paul J. Norris, Esq.
 4                              W.R. Grace
                                In-House Counsel
 5
                                David B. Siegel, Esq.
 6                              W.R. Grace
                                In-House Counsel
 7
                                Brian McGowan, Esq.
 8                              W.R. Grace
                                In-House Counsel
 9
      For Unsecured Creditor's:  Kenneth Pasquale, Esq.
10    Committee                  Stroock, Stroock & Lavan, LLP
                                  180 Maiden Lane
11                               New York, NY 10038

12    For Zonolite Plaintiffs:   William Sullivan, Esq.
                                 Elzufon, Austin, Reardon,
13                               Tarlov & Mondell, PA
                                 Ste. 1700
14                               300 Delaware Ave.
                                 Wilmington, DE 19801
15
      For Equity Security Holders: James C. McCarroll, Esq.
16    Committee                    Kramer, Levin, Naftalis
                                    & Frankel, LLP
17                                 919 Third Ave.
                                   New York, NY 10022
18
      For PD Committee:           Rick Miller, Esq.
19                                Ferry, Joseph & Pearce, PA
                                  824 Market Street
20                                Wilmington, DE 19899
21    For Asbestos PI Committee:  Matthew Zaleski, III, Esq.
                                  Campbell & Levine, LLC
22                                1201 North Market St.-Ste. 1501
                                  Wilmington, DE 19801
23
      For                        Joseph Grey, Esq.
24                               Stevens & Lee
                                 300 Delaware Ave.-Ste. 800
25                               Wilmington, DE 19801
```

3

| | | |
|---|---|---|
| 1 | For Wesconn: | William W. Erhart, Esq. |
| 2 | | William W. Erhart, PA |
| | | 300 Delaware Ave.-Ste. 1130 |
| 3 | | Wilmington, DE 19899 |
| 4 | For ZAI Claimants: | Elizabeth J. Cabraser, Esq. |
| | | Lieff, Cabraser, Heimann |
| 5 | | & Bernstein, LLP |
| | | Embarcadero Center West |
| 6 | | 275 Battery St.-Ste. 3000 |
| | | San Francisco, CA 94111 |
| 7 | | Thomas M. Sobol, Esq. |
| 8 | | Hagens, Berman, LLP |
| | | 225 Franklin Street-26th Fl. |
| 9 | | Boston, MA 02110 |
| 10 | | Edward J. Westbrook, Esq. |
| | | Richardson, Patrick, Westbrook |
| 11 | | & Brickman, LLC |
| | | 174 E. Bay Street |
| 12 | | Charleston, SC 29401 |
| 13 | | Allan McGarvey, Esq. |
| | | McGarvey, Heberly |
| 14 | | Kalispell, Montana |
| 15 | For EAIC: | Scott Talmadge, Esq. |
| | | Clifford, Chance, Rogers |
| 16 | | & Wells |
| | | 200 Park Ave. |
| 17 | | New York, NY 10166 |
| 18 | Audio Operator: | Virginia L. Akin |
| 19 | Transcribing Firm: | Writer's Cramp, Inc. |
| | | 6 Norton Rd. |
| 20 | | Monmouth Jct., NJ 08852 |
| | | 732-329-0191 |

21  Proceedings recorded by electronic sound recording, transcript
22  produced by transcription service.

23

24

25

84

itself doesn't suffer damage.  If there is a risk that the

building can't be resold because it's contaminated with

something that a person views as a hazardous product, that's

one thing, but the building itself doesn't have that claim.  I

think the claim is, and I think where you're going to go with

this, is -- maybe I'm incorrect, so that's why I'm raising

this issue to find out -- is if in fact Zonolite does release

fibers, then the question is, are those fibers dangerous?  And

if they are, okay, then at some point you're probably going to

have both property damage and personal injury claims.  And I

agree with you, we're not going there now.  So the question

is, can they release?  But the second question is, so what if

they can release?  Is there a harm incident to that release?

So I don't know that I disagree with your list of

issues.  I'm not sure it's necessary for me to state them now.

MR. WESTBROOK:  I think, Your Honor, we're on the

same wavelength.

THE COURT:  Mr. Bernick?

MR. BERNICK:  That's -- I -- I was gonna come to the

same basic observation.  Obviously, if there's contamination,

you do get to the sequence of questions that we just focused

on.  But it's contamination, then, is there in fact an

unreasonable risk of harm?

THE COURT:  Right.

MR. BERNICK:  Is it gonna be harmful or hazardous?

1  And if that's what we're focused on here, that's fine. That's

2  what our Order seeks to pick up by saying what does science

3  have to say about whether ZAI causes or is associated or has

4  an unreasonable risk of harm. Obviously, in some of the

5  circumstance where people are exposed to it, that's where you

6  examine it. Their Order goes way beyond that. Their Order

7  gets into impact on property values, whether homeowners and

8  occupants are aware of the potential for asbestos

9  contamination, what kind of remedial measures might be

10 involved? That's where we fall off the wagon and say, nah,

11 that gets into the question of under what kinds of

12 circumstances may there be damages? But -- and it's not

13 relevant at this point in time.

14        If what we're talking about here, again, is the

15 properties, the product, whether there is contamination that's

16 associated with it, and then the consequences of that

17 contamination in terms of health risk or hazard, I think we're

18 all reading off the same page, and I think that all of those

19 are perfectly encompassed by the descriptor that we made

20 deliberately broad in our proposed Order, which is what does

21 science have to say?

22        THE COURT: Mr. Westbrook, why don't I try it with

23 the general parameter the way the Debtor has proposed it, and

24 if in fact you get into some discovery dispute over what the

25 appropriate scope is, I think you can raise it at that time?

Writer's Cramp, Inc.
Certified Court Transcribers

86

1  As I said, I don't necessarily disagree.  I don't think we
2  want to go to damages.  And I don't think we want to go to
3  state statute liability at this point.  That will obviously be
4  necessary at some point if there is some scientific evidence
5  that asbestos fibers in Zonolite products do pose an
6  unreasonable risk of harm.  But I really want to limit this
7  trial to that issue.  That's number one.
8          Number two, the budget that I'm keeping your feet to
9  the fire on probably isn't going to support much more than
10  that anyway.  So, I think maybe it would be a good idea to
11  limit the scope to that issue.
12          MR. WESTBROOK:  Yes.  Your Honor, the language is not
13  necessarily the problem, as long as we have an understanding
14  that from out standpoint at least, what we're focusing on is
15  the building and contamination of the building and whether if
16  asbestos in a building is not from ZAI, is not innocuous,
17  whether there's a cost to clean that up now or down the road.
18  That's what we're concerned about, the contamination and
19  whether something has to be done about it.
20          MR. BERNICK:  That's the problem is that of course if
21  you said about the -- what's it take to clean it up, it's
22  always gonna cost something to clean it up.  The question is
23  whether it's necessary to clean it up.  That's the question of
24  liability and question of damages is a clean-up question,
25  that's for later on.