2003-07-31

Office of the Clerk of the United States
   Bankruptcy Court of District of Delaware
Marine Midland Plaza , 824 Market Street
Wilmington, Delaware 19801, USA

As required in page 6  of the DOCS_DE :75535.1 into the << second omnibus objection
to claims (non-substantive), here is my response:

(a) United States Bankruptcy Court for the District of Delaware.
    W.R. GRACE & CO., et al.;
    Chapter 11
    Case No. 01-01139 (JFK) (Jointly Administered)

(b) Mr. Louis Piché
    164 Blvd. Jutras Est
    Victoriaville (Québec/Canada), G6P 4M1

    Case : 01-01141      Claim Number : 1471

    Description of the basis: As I have already said, all my house is recovered with
    AMIANTE. Every outside-face of the house has been covered with amiante since
    almost 30 years. So, the amount of claim must  include the necessary work and
    materials for getting rid of the amiante, install the new recovering. Since the
    house is a two floors-one, the amount could be up to a minimum of $25000 to
    $30000 CAN, and maybe more.

(c) HERE, I ask for you to tell me exactly what you need as proofs. It seems that I
    surely cannot furnish to you the original bills of the recovering with amiante.

    What I could do, if it is really necessary, and I would like that you let me know,
    send you photos of the house showing the product on it, a sample of the product
    (we have some in stock in case of damage) and an estimation and confirmation
    from an entrepreneur if he had to do the job.

(d) If  I have to furnish what I wrote in  ( c ), let me know. I have to prepare the
    material.

(e) Mr. Louis Piché ,164 Blvd. Jutras Est
    Victoriaville(Québec)
    Canada, G6P 4M1
    Tel : 819-758-8313
    Email : louispic@ivic.qc.ca

cc. KIRKLAND & Ellis LLP
cc. PACHULSKI, STANG, Ziehl, Young, Jones & WEINTRAUB P.C

## ADDENDUM

(a) Please, consider the distance I live if ever there would be a necessary face to face discussion.

(b) Please, consider I am not fluently in English, I am better in writing.

(c) Please, let me know exactly what you need for the supporting documentation among those I have proposed: (1) photos outside face of the house (2) sample of the product (3) the estimation of replacing the product, and, in the same time, a written confirmation by an official entrepreneur that the faces of the house are covered with AMIANTE and have to be replaced.

Do not hesitate to contact me to get the information and the sample.

31-07-2003

*[handwritten annotations in right margin: "① lettre — réponse avec demande — specifier document requis" and "② Poster avec 3 endroits Appropriés avant 8 aout 2003"]*

All responses are to be served upon:
James W. Kapp III, Janet S. Baer, and Christian J. Lane
Kirkland & Ellis LLP
200 East Randolph Drive, Chicago, Illinois 60601 and
Scotta E. McFarland
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
919 North Market Street 16th Floor, Wilmington, Delaware 19801

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                   )    Chapter 11
                                         )
W. R. GRACE & CO., et al.,[1]            )
                                         )    Case No. 01-01139 (JKF)
          Debtors.                       )
                                         )    (Jointly Administered)

Hearing Date: August 25, 2003 at 12:00 p.m.
Responses Due: August 8, 2003

PICHE, LOUIS
164 BLVD JUTRAS EST
VICTORIAVILLE  QC  G6P4M1
CANADA

02104489512482   **Basis For Objection:**
NO SUPPORTING DOCUMENTATION

**Reason for Proposed Disallowance:**
NO DOCUMENTS SUBMITTED TO SUPPORT CLAIM

| | | Claim Data | | |
|---|---|---|---|---|
| Case | Claim Number | Claim Date | Total Claim Dollars* | Claim Class** |
| 01-01140 | 1471 | 7/15/2002 | | |

## NOTICE OF FILING
## DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

PLEASE TAKE NOTICE that on or about July 21, 2003, the above-captioned debtors and debtors in possession (the "Debtors") filed the Debtors' Second Omnibus Objection to Claims (Non-Substantive) (the "Second Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

---

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative        (S) - Secured        (T) - Total
   (P) - Priority             (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**PLEASE TAKE FURTHER NOTICE** that the following parties will receive a copy of the Second Omnibus Objection (with all exhibits): (i) the U.S. Trustee, (ii) the Core Group as defined in the current Case Management Procedures and (iii) the 2002 List. In addition, BMC will serve a copy of the Second Omnibus Objection and a customized Notice summarizing claim detail exactly as reflected in the Exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Second Omnibus Objection in lieu of serving all Exhibits. Any party may obtain a copy of the Second Omnibus Objection with all Exhibits or a copy of the Debtors' Declaration in Support of the Objection by requesting the same from BMC at (888)909-0100 or by going onto the BMC website at http://www.bmccorp.net/wrgrace.

**PLEASE TAKE FURTHER NOTICE** that

1.     A hearing on the Second Omnibus Objection will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware on **August 25, 2003 at 12:00 p.m.** (the "Claims Hearing").

2.     Any party wishing to oppose the relief requested in the Second Omnibus Objection must file a written response with the Clerk of the U.S. Bankruptcy Court, Sixth Floor, 824 Market Street, Wilmington, Delaware 19801, and serve a copy of the response upon Kirkland & Ellis LLP, Attn: Janet S. Baer, James W. Kapp III, and Christian Lane, 200 East Randolph Drive, Suite 6500, Chicago, Illinois 60601, and upon Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Attn: Scotta McFarland, Esq., 919 N. Market Street, 16th Floor, P.O. Box 8705, Wilmington, Delaware 19801 so as to be received on or before **August 8, 2003 at 4:00 p.m. (Eastern Time).** Only those responses timely filed with the Court and received by the Debtors' counsel will be considered by the Court.

3.     If no response is filed, served and received by August 8, 2003, at 4:00 p.m. (Eastern Time) the Court will be requested to enter an order, similar to the attached form of proposed order disallowing, expunging, and/or reclassifying the Claim(s) as requested in the Second Omnibus Objection.

4.     Any response should contain the following:

(i)     a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the response is directed;

(ii)     the name and contact information (including daytime telephone number) of the claimant and a description of the basis for the amount of the claim;

(iii)     the claim number(s) of the claim objection(s) to which the response is directed;

(iv)     the specific factual basis and supporting legal argument upon which the party will rely in opposing the Second Omnibus Objection; and

(v)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim.

5.     If you file a response to the Second Omnibus Objection, you should be prepared to argue that response at the Claims Hearing unless you reach an agreement with the Debtors' counsel to continue or resolve your matter.

6.     You need not respond to the Second Omnibus Objection or appear at the Claims Hearing if you do not object to the relief requested in the Second Omnibus Objection. If you do not timely file and serve a response to the Second Omnibus Objection, the relief requested in the Second Omnibus Objection will be granted without further notice to you. Failure to timely file a response to the Second Omnibus Objection shall be deemed (i) waiver of your right to respond to the Second Omnibus Objection and (ii) your consent to the relief requested in the Second Omnibus Objection respecting your Claim.

7.     The Debtors reserve the right to object in the future to any of the claims set out in the exhibits or the body of the Second Omnibus Objection on any grounds. Separate notice and hearing will be scheduled for any such objection. **If you have any questions regarding your claim(s) you should contact Bankruptcy Management Corporation at (888) 909-0100. If you have any questions regarding the Second Omnibus Objection, please call Kirkland & Ellis LLP at (312) 616-6202.**

Wilmington, Delaware
Dated: July 21, 2003

Respectfully submitted,

KIRKLAND & ELLIS LLP          and          PACHULSKI, STANG, ZIEHL, YOUNG,
James H.M. Sprayregen, P.C.                        JONES & WEINTRAUB P.C.
James W. Kapp III                                              /s/
Janet S. Baer                                            Laura Davis Jones (Bar No. 2436)
Christian J. Lane                                        Scotta McFarland (Bar No. 4184)
200 East Randolph Drive                            Paula A. Galbraith (Bar No. 4258)
Chicago, IL 60601-6636                             919 N. Market Street, 16th Floor
(312) 861-2000 (telephone)                        P.O. Box 8705
(312) 861-2200 (facsimile)                          Wilmington, Delaware 19801
                                                                      (302) 652-4100 (telephone)
                                                                      (302) 652-4400 (facsimile)

Co-Counsel for the Debtors and Debtors in Possession