# ATTACHMENT 19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W. R. GRACE & CO., et al.,                )    Case No. 01-01139 (JKF)
                                          )    (Jointly Administered)
                                          )
                    Debtors.              )

### DEBTORS' ANSWERS AND OBJECTIONS TO ZAI CLAIMANTS' FIRST SET OF INTERROGATORIES TO DEBTORS

Debtors W.R. Grace & Co., et al. ("Debtors") by and through their undersigned counsel, hereby answer, object and respond to ZAI Claimants' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Debtors object to Claimants' Interrogatories to the extent that they purport to require more of Debtors than is required under the Federal Rules of Civil Procedure as made applicable here through the Federal Rules of Bankruptcy Procedure and other applicable law.

2.      Debtors object to Claimants' Interrogatories to the extent that they seek discovery of information and documents which are protected from disclosure by the attorney-client privilege, or the attorney work product doctrine and/or are otherwise subject to privilege.

3.      Debtors object to Claimants' Interrogatories to the extent that they seek information and/or documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence in the Zonolite Attic Insulation ("ZAI") Science Trial and are therefore beyond the scope of applicable discovery.

4.      Debtors object to Claimants' Interrogatories to the extent that they seek disclosure of confidential trade secrets, business and/or proprietary information.

5.    Debtors object to Claimants' Interrogatories to the extent that they call for responses from persons or entities other than the Debtors.

6.    Debtors object to Claimants' Interrogatories to the extent that they arc overly broad or unduly burdensome.

7.    Debtors object to Claimants' Interrogatories to the extent that they seek disclosure of information and documentation generated by any expert whose testimony is expected to be proffered by Debtors in the ZAI Science Trial. Any and all such non-privileged information and documentation will be produced during the expert discovery phase of pretrial proceedings in the ZAI Science Trial in accordance with the schedule to be set by the Court.

8.    Debtors object to Claimants' Interrogatories to the extent that they seek public information and/or documentation previously submitted to the Environmental Protection Agency ("EPA") or any other government agency and, as such, is now publicly available and may be obtained from the Administrative Record for the Libby, Montana Asbestos Site and Supplements.

## SPECIFIC ANSWERS AND OBJECTIONS

In addition to the general objections set forth above, which are incorporated into each and every response by Debtors to Claimants' Interrogatories, and without prejudice to and without in any way waiving the same, the following specific objections and responses to the specific interrogatories are set forth as follows:

1.    Identify all fact witnesses Grace intends to call at the "Science Trial" and give a summary of their expected testimony.

**RESPONSE:**

**Debtors have made no decision as to the fact witnesses, if any, they intend to call in the ZAI Science Trial. Debtors will disclose such information in accordance with the pre-trial schedule to be set by the Court.**

2.     Identify all tests done on the Libby documents that were provided to the EPA to determine if they were contaminated with asbestos.

**RESPONSE:**

**Debtors object to this Interrogatory on the grounds that it seeks information which has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial.**

3.     Identify all cleaning procedures undertaken with respect to the Libby documents to remove asbestos contamination from them.

**RESPONSE:**

**Debtors response to Interrogatory No. 2 is incorporated by reference as if fully set forth herein.**

4.     Identify all tests of fiber release from expanded vermiculite, including ZAI, during installation. For each test, please give the date of the test, the location where the test was conducted, identify all individuals who participated in the test, identify the laboratory that analyzed samples from the test and give the results of the test.

**RESPONSE:**

**To the extent that this interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in the ZAI Science Trial. The information requested in this Interrogatory regarding ZAI can be derived or ascertained from the Debtors' records that are being produced pursuant to Debtors' Objections and Responses to ZAI Claimants First Set of Requests for Production to Debtors.**

5.     Identify all tests of fiber release from expanded vermiculite, including ZAI, during disturbance for renovation. For each test, please give the date of the test, the location where the test was conducted, identify all individuals who participated in the test, identify the laboratory that analyzed samples from the test and give the results of the test.

**RESPONSE:**

**Debtors' response to Interrogatory No. 4 is incorporated by reference as if fully set forth herein.**

6. .Identify all tests of fiber release from expanded vermiculite, including ZAI, during demolition of a facility containing the material. For each test, please give the date of the test, the location where the test was conducted, identify all individuals who participated in the test, identify the laboratory that analyzed samples from the test and give the results of the test.

**RESPONSE:**

Debtors' response to Interrogatory No. 4 is incorporated by reference as if fully set forth herein.

7. Identify all cases of mesothelioma reported to date among Libby employees, household contacts of Libby employees or Libby area residents.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Insofar as this Interrogatory requests that Debtors identify cases of mesothelioma attributable to ZAI, Debtors are not aware of any such case.

8. Identify all air testing done in conjunction with the EPA investigation at Libby.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Insofar as this Interrogatory requests the identification of air testing done on ZAI "in conjunction with the EPA investigation at Libby", Debtors did no such testing. Testing done by the EPA can be identified in the Administrative Record for the Libby, Montana Asbestos Site and Supplements which is publicly available.

9. Identify all air tests done at Libby after the mine was closed.

**RESPONSE:**

To the extent that this Interrogatory seeks information or documentation on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the Zonolite Science Trial. Insofar as this Interrogatory calls for the identification of air tests on ZAI "done at Libby after the mine was closed", Debtors are not aware of any such tests done by Debtors. Testing done by the EPA may be identified in the Administrative Record for the Libby, Montana Asbestos Site and Supplements which is publicly available.

10.    Identify all tests of settled dust conducted by Grace or of which Grace is aware that were done (a) at Libby, (b) on dust from Libby vermiculite, or (c) on dust from products made from Libby vermiculite.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Insofar as this Interrogatory requests identification of tests of settled dust from ZAI "conducted by Grace", Debtors are not aware of any such tests. Tests conducted by the EPA would be included in the Administrative Record for the Libby, Montana Asbestos Site and Supplements and therefore are publicly available.

11.    Identify all reentrainment tests concerning asbestos-containing dust done by Grace other than specifically for the Zonolite science trial.

**RESPONSE:**

To the extent that this Interrogatory seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Subject to and without waiver of the foregoing objections and Debtors' General Objections, non-privileged materials produced by Debtors to Claimants' counsel in litigation prior to Debtors' bankruptcy filing may be responsive to this Interrogatory. Debtors object to again producing materials previously provided to Claimants' counsel.

12.    Identify all testing of settled dust for asbestos done by Grace other than specifically for the Zonolite science trial.

**RESPONSE:**

Debtors incorporate their response to Interrogatory No. 10 as if fully set forth herein.

13.    Identify all lawsuits brought against Grace alleging asbestos disease from exposure to Grace's expanded vermiculite, including ZAI.

**RESPONSE:**

Debtors object to this Interrogatory on the grounds that information requested by this interrogatory has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial. By way of further objection, the mere filing of a lawsuit, or the disposition of that lawsuit, does not constitute evidence relevant to the issues to be decided in the ZAI Science Trial.

14.    Identify all cases settled by Grace that alleged asbestos disease from exposure to Grace's expanded vermiculite, including ZAI.

**RESPONSE:**

**Debtors incorporate their response to Interrogatory No. 13 as if fully set forth herein. By way of further objection, evidence regarding settlements is inadmissible under Fed. R. Evid. 408.**

15.    Has Grace conducted any type of study to determine the potential number of homes with ZAI? If so, please provide the details of the study and its results.

**RESPONSE:**

**Debtors object to this Interrogatory on the grounds that the information requested by this Interrogatory has no relevance to, and cannot lead to the discovery of admissible evidence on, the issues to be litigated in the ZAI Science Trial.**

16.    While selling expanded vermiculite, including ZAI, did Grace ever calculate the number of asbestos fibers (or a range of such fibers) in any given volume (e.g. cubic centimeter of ZAI, bag of ZAI, etc.) If so, state when, who performed the test and provide the results.

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

17.    Did Grace ever apply a dust suppressing agent to expanded vermiculite, including ZAI? If so, provide details.

**RESPONSE:**

**Yes. By way of further response, Debtors' response to Interrogatory No. 4 is incorporated by reference as if fully set forth herein.**

18.    Did Grace ever perform any testing on any binding agent designed to prevent the release of asbestos fibers from expanded vermiculite, including ZAI? If so provide details.

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 4 as if fully set forth herein.**

19.    Identify all types of asbestos that you or your consultants have identified in Libby vermiculite.

**RESPONSE:**

To the extent that this request seeks information on products or materials other than ZAI, it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. The information requested in this Interrogatory regarding ZAI can be derived or ascertained from the Debtors' records that are being produced. Further potentially responsive information provided by the Debtors to the EPA may be found in the Libby Administrative Record for the Libby, Montana Asbestos Site and Supplements and is therefore publicly available.

20.    Identify all tests of asbestos fiber release into the air during the expansion of Libby vermiculite.

**RESPONSE:**

Debtors incorporate their response to Interrogatory No. 15 as if fully set forth herein.

21.    While selling ZAI, did Grace ever inform installers of ZAI or homeowners receiving ZAI, that ZAI contained any asbestos fibers?

**RESPONSE:**

Debtors incorporate their response to Interrogatory No. 15 as if fully set forth herein.

22.    Identify all locations where vermiculite-related documents are stored by Grace.

**RESPONSE:**

To the extent that this Interrogatory seeks information on the location of documents on products or materials other than ZAI it is objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence admissible in the ZAI Science Trial. Subject to and without waiver of the foregoing objections, potentially responsive documents regarding ZAI may be located at: Debtors' Winthrop Square Document Repository in Boston, Massachusetts; the offices of W.R. Grace's Construction Products Division in Cambridge, Massachusetts; the facilities of an off-site storage company used by Debtors and located in Dedham, Massachusetts; Debtors' offices or facilities in Boca Raton, Florida, Columbia, Maryland, and Libby, Montana; the offices of Debtors' counsel, Holme Roberts & Owen LLP in Boulder, Colorado; and the facilities of off-site storage company Iron Mountain in Denver, Colorado.

23.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust at Libby?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

24.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust at the expanding plants?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

25.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust during installation of expanded vermiculite, including ZAI?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

26.    Did Grace ever recommend any precautions to anyone who might disturb asbestos-contaminated dust after installation of expanded vermiculite, including ZAI?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.**

27.    What precautions does Grace recommend today to individuals who contact Grace about ZAI in their homes?

**RESPONSE:**

**Debtors incorporate by reference their response to Interrogatory No. 15 as if fully set forth herein.  Subject to and without waiver of the foregoing, Debtors' web-site currently advises with respect to ZAI that:**

"We believe now, as we did during the time we sold the product, that there is no unreasonable risk of injury or illness associated with the presence of the insulation in homes. Homeowners who have Zonolite Attic Insulation in their homes should leave it in place."

The web-site invites homeowners who have questions about ZAI to contact Debtors.

Debtors recommend that homeowners moving or removing ZAI for small remodeling projects or other reasons should:

1. Wear an appropriate dust respirator.

2. Lightly mist the insulation with water to minimize dust.

3. Scoop up and place in trash bags

4. For remaining dust or particles, use a high efficiency vacuum with a HEPA filter.

5. Dispose as you would other construction debris in accordance with local waste removal requirements.

28. Does Grace believe any precautions are necessary when performing work that may disturb ZAI? If so, please describe the precautions.

**RESPONSE:**

**Debtors incorporate their response to Interrogatory No. 27 as if fully set forth**

**herein.**

RESPECTFULLY SUBMITTED

REED SMITH LLP

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
James W. Bentz

By

435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

SPECIAL ASBESTOS COUNSEL
FOR DEBTORS

10

## **VERIFICATION**

I, John Port, Controller of Legal Services Group for Debtors, state that I am duly authorized to execute this Verification on their behalf and that the facts contained in the foregoing Debtors' Answers and Objections to ZAI Claimants' First Set of Interrogatories to Debtors are true and correct to the best of my knowledge, information and belief.

_____
John Port

_____
Date    August 23, 2002

-11-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Debtors' Answers and Objections to ZAI Claimants' First Set of Interrogatories to Debtors was served this 26th day of August, 2002, via Telecopier and First-Class mail, postage prepaid to:

> Edward J. Westbrook, Esq.
> Richardson, Patrick, Wesbrook &
>  Brickman, LLC
> 174 East Bay Street
> Charleston, SC  29401

Lead Counsel for ZAI Claimants