IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                          : Chapter 11
                                                : Case No. 01-01139 et seq.
                                                :
W. R. GRACE & CO., et al.,                      : Jointly Administered
                                                :
                    Debtors,                    : Hearing Date: September 22, 2003 at 12:00
------------------------------------------------------------- x   pm (EST)


**OBJECTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO APPLICATION OF THE DEBTORS' FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§327(a) AND 328(A) AND FED. R. BANKR.P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF STATE STREET BANK AND TRUST COMPANY AS INVESTMENT MANAGER [Re: D. I. 4299]**

The Official Committee of Equity Security Holders (the "Equity Committee"), by its undersigned counsel, hereby submits this objection to the Application of the Debtors' for Entry of an Order Pursuant To 11 U.S.C. §§327 (A) And 328(A) And Fed. R. Bankr.P. 2014(A), 2016 And 5002 Authorizing The Employment And Retention Of State Street Bank And Trust Company As Investment Manager (the "Application"), for the reasons set forth below:

1.     Neither the Application nor any of the supporting documents attached to it explain precisely why the Debtor needs to retain State Street Bank & Trust Company ("State Street") as investment advisor and fiduciary to the trust funding the W.R. Grace & Co. Savings & Investment Plan (the "Trust"). Presumably, this function is already being performed for the Trust, either internally at Grace or through another third party. At a minimum, the Application must explain how the function is being performed now, by whom and at what cost, and why there is any need for a switch.

KL2:222673: 2

2. Even if the appointment of State Street Bank as investment manager and fiduciary were found to be warranted, the Application fails to provide sufficient information to determine whether the proposed annual fee of $530,000, plus expenses, is a reasonable expenditure of the estate's money for the services to be provided. Information regarding the current and historical cost of these services, as well as the normal market rates for such services, should be provided, so that parties-in-interest and the Court may make this determination.

3. While the Application makes the conclusory assertion that it is necessary to "maximize the value of [the] estates and to reorganize successfully," (Application, at ¶3), there is no explanation as to how the appointment of State Street and the attendant payment of at least $530,000 per year will accomplish that maximization. Simply substituting one provider of these services for another, without obtaining either cost savings or some other benefit, is an unnecessary waste of the Court's time and the estate's money.

## Conclusion

The Equity Committee respectfully submits that unless and until the Debtor provides the missing information noted herein and demonstrates to the satisfaction of the various parties-in-interest and the Court that this appointment is necessary and appropriate, then the Application should be denied.

Dated: September 5, 2003

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By: _____
Teresa K. D. Currier (ID No. 3080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gary M. Becker
919 Third Avenue
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

**Attorneys for the Official Committee of Equity Security Holders**