IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## SUMMARY OF THE NINTH QUARTERLY INTERIM VERIFIED APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2003 THROUGH JUNE 30, 2003

Name of Applicant: **Nelson Mullins Riley & Scarborough, L.L.P.**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention: **July 19, 2001**

Period for which compensation and reimbursement is sought: **April 1, 2003 through June 30, 2003**

Amount of Compensation sought as actual, reasonable, and necessary: **$ 33,716.50**

Amount of expense reimbursement sought as actual, reasonable, and necessary: **$ 444.22 for the period**

This is a ___ monthly  x  interim  ___ final application.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The total time expended for the preparation of this application is approximately __27.0__ hours, and the corresponding estimated compensation *that will be requested in a future application* is approximately $ __4100.00__ .

Prior fee applications:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| October 17, 2001 | July 19, 2001 – July 31, 2001 | $28,316.50 | $234.68 | $22,653.20 | $234.68 |
| October 17, 2001 | August 1, 2001- August 31, 2001 | $69,119.50 | $1,196.84 | $55,295.60 | $1,196.84 |
| October 17, 2001 | May 1, 2001- June 30, 2001 | $113,762.50 | $2,155.05 | $91,010.00 | $2,155.05 |
| December 19, 2001 | October 1, 2001- October 31, 2001 | $67,906.50 | $1,348.82 | $54,325.20 | $1,348.82 |
| January 23, 2002 | November 1, 2001- November 30, 2001 | $26,792.00 | $168.41 | $21,433.60 | $168.41 |
| February 26, 2002 | December 1, 2001- December 31, 2001 | $24,895.00 | $673.51 | $19,916.00 | $673.51 |
| May 1, 2002 | January 1, 2002- January 31, 2002 | $21,009.00 | $147.52 | $16,807.20 | $147.52 |
| June 18, 2002 | February 1, 2002- February 28, 2002 | $24,897.00 | $122.30 | $19,917.60 | $122.30 |
| June 18, 2002 | March 1, 2002 – March 31, 2002 | $17,003.00 | $52.22 | $13,602.40 | $52.22 |
| June 25, 2002 | September 1, 2001- September 30, 2001 | $31,625.50 | $488.83 | $25,300.40 | $488.83 |
| June 25, 2002 | April 1, 2002-April 30, 2002 | $17,827.00 | $345.71 | $14,261.60 | $345.71 |
| June 26, 2002 | January 1, 2002- March 31, 2002 | $62,909.00 | $322.04 | $62,909.00 | $322.04 |
| July 2, 2002 | May 1, 2002-May 31, 2002 | $27,070.00 | $177.64 | $21,656.00 | $177.64 |
| August 14, 2002 | June 1, 2002 – June 30, 2002 | $15,496.50 | $178.39 | $12,397.20 | $178.39 |
| August 29, 2002 | July 1, 2002 – July 31, 2002 | $18,481.50 | $225.82 | $14,785.20 | $225.82 |
| September 3, 2002 | July 19, 2001 – September 30, 2001 | $129,061.50 | $1,920.35 | $129,061.50 | $1,920.35 |
| September 3, 2002 | October 1, 2001- December 31, 2001 | $119,593.50 | $2,190.74 | $119,593.50 | $2,190.74 |
| September 20, 2002 | April 1, 2002 – June 30, 2002 | $60,393.50 | $701.74 | $60,393.50 | $701.74 |
| October 8, 2002 | August 1, 2002 – August 31, 2002 | $10,363.00 | $169.79 | $8,290.40 | $169.79 |
| October 30, 2002 | September 1, 2002- September 30, 2002 | $11,114.00 | $221.89 | $8,891.20 | $221.89 |
| November 27, 2002 | July 1, 2002 – September 30, 2002 | $39,958.50 | $615.50 | Pending | Pending |
| December 11, 2002 | October 1, 2002- October 31, 2002 | $8,498.50 | $75.28 | $6,798.80 | $75.28 |
| December 26, 2002 | November 1, 2002- November 30, 2002 | $4,241.00 | $117.29 | $3,392.80 | $117.29 |

2

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| February 6, 2003 | December 1, 2002 – December 31, 2002 | $9,298.50 | $97.20 | $7,438.80 | $97.20 |
| March 4, 2003 | January 1, 2003- January 31, 2003 | $6,026.50 | $24.91 | $4,821.20 | $24.91 |
| March 27, 2003 | February 1-February 28, 2003 | $5,473.50 | $52.58 | $4,378.80 | $52.58 |
| April 8, 2003 | October 1, 2002 – December 31, 2002 | $22,038.00 | $289.77 | $22,038.00 | $289.77 |
| May 9, 2003 | March 1, 2003 – March 31, 2003 | $5,424.00 | $64.16 | Pending | Pending |
| August 22, 2003 | April 1, 2003 – April 30, 2003 | $7,868.00 | $64.88 | Pending | Pending |
| Emailed for Filing August 22, 2003[2] | January 1, 2003 – March 31, 2003 | $12,407.00 | $141.65 | Pending | Pending |
| Emailed for filing August 29, 2003[3] | May 1, 2003 – May 31, 2003 | $8,143.50 | $88.14 | Pending | Pending |
| Emailed for filing August 29, 2003[4] | June 1, 2003 – June 30, 2003 | $17,705.00 | $291.20 | Pending | Pending |

The Nelson Mullins Riley & Scarborough, L.L.P. attorneys who rendered professional services in these cases during the Fee Period are:

| | | | | | | |
|---|---|---|---|---|---|---|
| Rose-Marie T. Carlisle | Of-Counsel | 19 years | Environmental | $240.00 | 27.70 | 6648.00 |
| David M. Cleary | Partner | 21 years | Environmental | $295.00 | .6 | 177.00 |
| Bernard F. Hawkins, Jr. | Partner | 13 years | Environmental | $260.00 | 27.20 | 7072.00 |
| Joseph M Melchers | Partner | 14 Years | Environmental | $240.00 | 65.80 | 15,792.00 |

Grand Total for Fees: $29,689.00
Blended Rate:              $244.76

---

[2] The Eighth Quarterly Fee Application was emailed to local counsel on 8/22/2003.  It has not been filed with the court as of the date of this Application.  The objection time has not begun to run.
[3] The May 2003 Fee Application was emailed to local counsel on 8/29/2003.  It has not been filed with the court as of the date of this Application.  The objection time has not begun to run.
[4] The June 2003 Fee Application was emailed to local counsel on 8/29/2003.  It has not been filed with the court as of the date of this Application.  The objection time has not begun to run.

The Nelson Mullins Riley & Scarborough, L.L.P. paraprofessionals who rendered professional services in these cases during the Fee Period are:

| J. A'Hern | Summer Associate | | | $75.00 | 3.40 | $255.00 |
|---|---|---|---|---|---|---|
| Karen Brown | Paralegal | 14 years | Environmental | $125.00 | 25.30 | $3162.50 |
| Maureen D. Collett | Paralegal | 9 Years | Environmental | $115.00 | 1.30 | $149.50 |
| Laurie J. Jennings | Paralegal | 2 Years | Environmental | $110.00 | 2.20 | $242.00 |
| Marty Waddell | Paralegal | 2 Years | Environmental | $95.00 | 2.30 | $218.50 |

Grand Total for Fees:  $4027.50
Blended Rate:        $116.74

| | | | |
|---|---|---|---|
| 02399/06000 | General | 9.4 | 2154.00 |
| 02399/06003 | Beaco Road | .30 | 78.00 |
| 02399/06011 | Enoree | 21.70 | 5257.50 |
| 02399/06031 | Li Tungsten | 94.70 | 21463.50 |
| 02399/06032 | Charleston | 3.10 | 725.00 |
| 02399/06091 | Fee Applications | 26.60 | 4038.00 |
| TOTAL | | 155.80 | 33716.50 |

### Expense Summary

| | |
|---|---|
| Telephone | $27.82 |
| Standard Copies | $65.10 |
| Federal Express | $94.15 |
| Outside Services | $5.81 |
| Lexis | $70.32 |
| Westlaw | $181.01 |
| Total | $444.22 |

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             )    Case No. 01-01139(JKF)
                                          )    (Jointly Administered)
                                          )
                    Debtors.              )


NINTH QUARTERLY INTERIM VERIFIED APPLICATION OF
NELSON MULLINS RILEY & SCARBOROUGH, LLP
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL.,
FOR THE INTERIM PERIOD FROM
APRIL 1, 2003 THROUGH JUNE 30, 2003


Pursuant to sections 327, 330 and 331 of title II of the United States Code (as amended,

the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order as defined below), the

Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Professionals and Official

Committee Members (the "Amended Order") and Del. Bankr. LR 2016-2, the law firm of Nelson

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Mullins Riley & Scarborough, L.L.P. ("NMRS"), special litigation and environmental counsel

for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their

Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of

$33,716.50 for the reasonable and necessary legal services NMRS has rendered to the Debtors

and (ii) reimbursement for the actual and necessary expenses that NMRS has incurred in the

amount of $444.22, for the interim quarterly period from April 1, 2003 through June 30, 2003

(the "Fee Period"). In support of this Application, NMRS respectfully states as follows:

## BACKGROUND

### Retention of NMRS

1.     On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11

Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States

Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors'

Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal

Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos

Property Damage Committee"). On June 18, 2001, the office of the United States Trustee

appointed a committee of equity security holders (the "Equity Security Holders' Committee",

collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the

Asbestos Property Damage Committee, the "Committees").

2

2.      By this Court's Order dated July 19, 2001, the Debtors were authorized to
retain NMRS as their special counsel with regard to environmental and litigation matters (the
"Retention Order"). The Retention Order authorizes the Debtors to compensate NMRS at hourly
rates charged by NMRS for services of this type and to be reimbursed for actual and necessary
out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the
Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and
orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3.      Pursuant to the procedures set forth in the Amended Order,
professionals may apply for monthly compensation and reimbursement (each such application, a
"Monthly Fee Application"), and the notice parties listed in the Amended Order may object to
such request. If no notice party objects to a professional's Monthly Fee Application within twenty
(20) days after the date of service of the Monthly Fee Application, the applicable professional
may submit to the Court a certification of no objection whereupon the Debtors are authorized to
pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses
requested.

4.      Furthermore, and also pursuant to the Amended Order, professionals are
to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for
interim Court approval and allowance of the Monthly Fee Applications filed during the quarter
covered by that Quarterly Fee Application. If the Court grants the relief requested by the
Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100%
of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee
Application less any amounts previously paid in connection with the Monthly Fee Applications.

3

Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.     This is the Ninth Quarterly Fee Application for compensation for services rendered that NMRS has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of April 1, 2003 through June 30, 2003 (the "Ninth Quarterly Fee Application").

6.     NMRS has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

a.  Verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the first interim period from April 1, 2003 through April 30, 2003, filed August 22, 2003 (the "April 2003 Fee Application") attached hereto as Exhibit A.

b.     Second verified application for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the second interim period from May 1, 2003 through May 31, 2003, emailed for filing on August 29, 2003 (the "May 2003 Fee Application") attached hereto as Exhibit B.

c.     Third verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the third interim monthly period from June 1, 2003 through June 30, 2003 emailed for filing on August 29, 2003 (the "June 2003 Fee Application") attached hereto as Exhibit C.

4

7.      The Fee Application for April 2003 was filed August 22, 2003. The period for objecting to the fees and expense reimbursement requested has not yet run. To date, there have been no objections filed. The Fee Applications for May and June 2003 have been emailed for filing, but not yet filed, so the periods for objecting to the fees and expense reimbursement requested in the May 2003 and June 2003 Fee Applications has not yet begun, therefore the Debtors have not yet filed certificates of no objection with the Court. Upon filing the monthly fee applications, the Debtors will pay, interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested. Although no objection has been filed as to the March 2003 Fee Application, and the objection time has passed, the Certification of No Objection has not been filed as of August 29, 2003. The Firm has requested the Debtor's assistance in getting the Certification of No Objection filed and expects to receive reimbursement of 80% of fees and 100% of expenses upon entry of the Certification of No Objection.

8.      Nelson Mullins Riley & Scarborough L.L.P. has advised and represented the Debtors in connection with environmental and litigation matters.

**Previous Quarterly Fee Applications**

9.      Nelson Mullins Riley & Scarborough L.L.P. has previously filed the following Quarterly Fee Applications:

a. First Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002, filed June 26, 2002 (the "First Quarterly Fee Application").

b. Second Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as

5

Special Counsel to W. R. Grace & Co., et al., for the Interim Period from July 19, 2001 through September 30, 2001, filed September 3, 2002.

       c. Third Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from October 2, 2001 through December 31, 2001, filed September 3, 2002.

       d. Fourth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from April 1, 2002 through June 30, 2002, filed September 30, 2002.

       e. Fifth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from July 1, 2002 through September 30, 2002, filed November 27, 2002.

       f. Sixth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from October 1, 2002 through December 31, 2002, filed April 8, 2003.

       g. Eighth[2] Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Interim Period from January 1, 2003 through March 31, 2003, emailed for filing August 22, 2003.

10.    There have been no objections filed with respect to the Quarterly Applications.  The Debtors have filed certificates of no objection with respect to all filed Fee Applications related to the previously filed Quarterly Applications and have paid or will pay 80% of the compensation requested for fees and 100% reimbursement of the expenses.  The period covered by the Fifth Quarterly Fee Application is set to be rescheduled.

**REQUESTED RELIEF**

11.    By this Ninth Quarterly Fee Application, NMRS requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by NMRS for the Fee Period, which is from April 1, 2003 through June 30, 2003 as detailed in the Applications, less any amounts previously paid to NMRS pursuant to the Applications and the procedures set forth in the Amended Order.  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

12.    NMRS may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. NMRS disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  NMRS will update the Affidavits when necessary and when NMRS becomes aware of material new information.

---

[2] Per Warren H. Smith & Associates P.C., due to misnumbering of previous fee applications, the application for interim January through March 2003 should be properly titled the "Eighth Quarterly Fee Application", making the

7

**REPRESENTATION**

13.    NMRS believes that the Application is in compliance with the requirements of Del. Bankr. LR 2016-2.

14.    Nelson Mullins Riley & Scarborough L.L.P. performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15.    Pursuant to Fed. R. Bankr. P. 2016(b), NMRS has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of NMRS, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, NMRS respectfully requests that the Court enter an order, substantially in the form attached hereto, providing (a) that, for the Fee Period, April 1, 2003 through June 30, 2003, an administrative allowance be made to Nelson Mullins Riley & Scarborough L.L.P in the sum of (i) $33,716.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $444.22 for reimbursement of actual and necessary costs and expenses incurred, for a total of $34,160.72 (b) that the Debtors be authorized and directed to pay to NMRS the outstanding amount of such sums less any sums previously paid to NMRS pursuant to the Applications and the procedures set forth in the Amended Order and (c) that this Court grant such further relief as is equitable and just.

Seventh Quarterly Fee Application non-existent for Nelson Mullins Riley & Scarborough, L.L.P.

8

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _Bernard F. Hawkins Jr._

Bernard F. Hawkins, Jr. (SC Fed. Bar No. 3810)
1330 Lady Street
Columbia, South Carolina  29201
Telephone:  803-255-9581
Facsimile:  803-255-9687

Dated:  8/29/03

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## VERIFICATION

Bernard F. Hawkins, Jr., after being duly sworn according to law, deposes and says as follows:

1.    I am a partner with the applicant firm, Nelson Mullins Riley & Scarborough, L.L.P and I am a member in good standing of the bar of the State of South Carolina.

2.    I have personally performed certain of, and overseen the legal services rendered by Nelson Mullins Riley & Scarborough, LLP as special litigation and environmental

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

counsel to the Debtors and am thoroughly familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

      3.    The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_Bernard F. Hawkins, Jr._
Bernard F. Hawkins, Jr.

SWORN to and subscribed before me
this 29 day of August, 2003

_(L.S.)_
Notary Public for South Carolina
My Commission Expires: 9/3/09