IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| W. R. Grace & Co., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Objection Deadline: September 30, 2003 at 4:00 p.m. |
| | Hearing Date: December 15, 2003 at 4:00 p.m. |

## SUMMARY OF VERIFIED APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL CORPORATE COUNSEL TO THE DEBTORS FOR THE NINTH QUARTERLY INTERIM PERIOD FROM APRIL 1, 2003 THROUGH JUNE 30, 2003

| Name of Applicant: | Wachtell, Lipton, Rosen & Katz ("Applicant") |
|---|---|
| Authorized to Provide Professional Services to: | The above captioned debtors and debtors in possession |
| Date of Retention: | May 3, 2001 (nunc pro tunc to April 2, 2001) |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.) CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a/ Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc. ), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc., ), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a/ Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Company.

91100-001\DOCS_DE:59163.1            - 1 -

- 2 -

| | |
|---|---|
| Period for which compensation and reimbursement is sought: | April 1, 2003 through June 30, 2003 (the "Ninth Quarterly Interim Period") |
| Amount of Compensation sought as actual, reasonable, and necessary: | $2,643.75 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $113.72 |

This is a     ____ Monthly     _X_ Quarterly     ____ Final Applications

Prior Applications filed:

| Date Application Filed; Docket Num. | Period Covered[2] | Certificate of No Objection Date Filed; Docket Num. | Fees Requested | Expenses Requested | Fees Approved By Auditor/Amount Paid | Expenses Approved By Auditor/Amount Paid |
|---|---|---|---|---|---|---|
| November 19, 2002 # 3031 | April 2, 2001 – September 30, 2002 | December 11, 2002 # 3141 | $147,341.50 | $24,879.53 | $145,541.50[3] | $24,060.24 |
| April 11, 2003 # 3655 | October 1, 2002 – October 31, 2002 | May 6, 2003 # 3745 | $1,775.00 | $87.60 | $1,775.00/ $1,420.00 | $87.60/ $87.60 |
| April 11, 2003 # 3656 | November 1, 2002 – November 30, 2002 | May 6, 2003 # 3746 | $15,011.25 | $251.91 | $15,011.25/ $12,009.00 | $251.91/ $251.91 |
| April 11, 2003 # 3657 | December 1, 2002 – December 31, 2002 | May 6, 2003 # 3747 | $19,270.50 | $771.14 | $19,270.50/ $15,416.40 | $771.14/ $771.14 |
| April 11, 2003 # 3658 | January 1, 2003 – January 31, 2003 | May 6, 2003 # 3748 | $743.75 | $61.13 | $743.75/ $595.00 | $61.13/ $61.13 |
| May 9, 2003 # 3764 | March 1, 2003 – March 31, 2003 | June 19, 2003, # 3928 | $4,504.25 | $631.74 | $4,504.25/ $3,603.40 | $631.74/ $631.74 |
| June 18, 2003 # 3911 | April 1, 2003 – April 30, 2003 | July 11, 2003 # 4053 | $2,643.75 | $113.72 | Pending/ $2,115.00 | Pending/ $113.72 |

This is Applicant's Third Quarterly application for interim compensation of services and reimbursement of expenses filed with the Bankruptcy Court in these chapter 11 cases. This application covers the time period beginning April 1, 2003 through and including June 30, 2003. Applicant has filed a monthly application only for the month of April, 2003, determining not to file for

---

[2] Applicant determined not to file for time spent during the months of February, May and June, 2003.
[3] The Fee Auditor filed the Fee Auditor's Final Report Regarding Fee Application of Wachtell, Lipton, Rosen & Katz for the Sixth Interim Period, dated February 11, 2003, in which the Auditor recommended reduction of Applicant's fees and expenses as set forth in the Table. Applicant received two checks from the Debtors totaling $169,602.14, which is .40 more than recommended by the fee auditor.

the time expended in the months of May and June 2003 and will not seek compensation for such months.

| Name of Professional or Paraprofessional Person | Position with the Applicant and Number of Years in That Position; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Harold S. Novikoff | Creditors Rights Partner since 1981/ 28 years at Applicant/ Admitted to Bar in 1976 | $675 | 1.70 | $1,147.50 |
| Beth M. Polebaum | Independent Contractor[4]/ admitted to Bar in 1984 | $300 | 3.80 | $1,140.00 |
| Robinson Strauss | Creditors' Rights Paralegal/ 3 years at Applicant/NA | $125 | 2.85 | $356.25 |
| | Total: | | 8.35 | $2,643.75 |
| | Blended Rate: | | | $415.91 per hour |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees | Total Disbursements |
|---|---|---|---|
| Fee Applications Category 11 | 6.95 | $1,698.75 | $113.72 |
| Litigation and Litigation Consulting Category 15 | 1.40 | $945.00 | $0.00 |
| Total | 8.35 | $2,643.75 | $113.72 |

---

[4] Ms. Polebaum was formerly associated with Applicant for 3 years and has been employed on a matter by matter basis for an additional 3 years.

-4-

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Duplicating/Scanning Imaging | 1.80 |
| Duplicating | 5.55 |
| Duplicating/Doc Boundries | 0.40 |
| Meals—Paralegals | 11.22 |
| O/S Obtain Court Documents | 94.75 |
| **TOTAL** | **$113.72** |

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. Grace & Co., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Objection Deadline: September 30, 2003 at 4:00 p.m. |
| | Hearing Date: December 15, 2003 at 4:00 p.m. |

## SUMMARY OF VERIFIED APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL CORPORATE COUNSEL TO THE DEBTORS FOR THE NINTH QUARTERLY INTERIM PERIOD FROM APRIL 1, 2002 THROUGH JUNE 30, 2003

| Name of Applicant: | Wachtell, Lipton, Rosen & Katz ("Applicant") |
|---|---|
| Authorized to Provide Professional Services to: | The above captioned debtors and debtors in possession |
| Date of Retention: | May 3, 2001 (nunc pro tunc to April 2, 2001) |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.) CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a/ Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc., ), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a/ Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Company.

91100-001\DOCS_DE:59163.1

1.     Wachtell, Lipton, Rosen & Katz ("Applicant"), as special counsel to debtors and debtors in possession in the above-captioned cases (the "Debtors"), hereby makes application to this Court pursuant to Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016 and the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members, dated May 3, 2001 (the "Interim Compensation Order") and the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (the "Amended Compensation Order" and, collectively with the Interim Compensation Order, the "Compensation Orders), for (a) interim approval and allowance of compensation in the amount of $2,643.75 for 8.35 hours of professional services rendered to the Debtors during the period commencing on April 1, 2003 and ending on June 30, 2003 (the "Ninth Quarterly Interim Period") and (b) reimbursement of $113.72 for actual and necessary out-of-pocket expenses incurred by Applicant in connection with the rendition of such services.

**Background**

2.     On April 2, 2001 (the "Filing Date"), the Debtors filed with this Court their voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. By order of this Court, dated April 2, 2001, the cases are being jointly administered for procedural purposes only.

3.     The Debtors each remain in possession of their assets and continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. By order of this Court dated May 3, 2001, Applicant's retention by the Debtors as special corporate counsel was authorized nunc pro tunc to April 2, 2001.

5. Pursuant to the procedures set forth in the Compensation Orders, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Orders. If no objection is filed to a Monthly Fee Application within twenty days after the date of service of each such Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

6. Pursuant to the Compensation Orders, professionals are to file and serve upon the Notice Parties a quarterly request (a "Quarterly Fee Application") for interim court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application . If the Court grants the relied requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

7. This is Applicant's third Quarterly Fee Application and covers the time period beginning with April 1, 2003 through and including June 30, 2003.

8. Applicant has filed the following Monthly Fee Application for interim compensation during this fee period. Because the time Applicant spent during May and June,

2003, was devoted solely to preparing and filing Applicant's fee applications, Applicant did not file Monthly Fee Applications for such periods and is not seeking compensation for such time.

    a.    Seventh Monthly Fee Application of Wachtell, Lipton, Rosen & Katz for Compensation for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period from April 1, 2003 through April 30, 2003 (the "Seventh Monthly Application").

9.    The period for objecting to the fees and expense reimbursement requested in the Seventh Monthly Application has expired and a Certificate of No Objection has been filed with the Court.

### Exhibits

10.    Exhibit A to this Application is the spreadsheet depicting Applicant's categorization of its time for this Ninth Quarterly Interim Period as well as cumulative payment requests in this matter.

11.    Exhibit B is a summary setting forth the name of each professional and paraprofessional who worked on this matter during the Ninth Quarterly Interim Period, the position with Applicant and the year of admission of each such professional, the aggregate number of hours for each professional of Applicant that represents services to the Debtors during the Ninth Quarterly Interim Period, together with the hourly rate and aggregate time charges of such professionals for such services. Exhibit A also breaks down the time spent by each attorney in each project category as described in Paragraphs 15 and 16 below.

12.    Exhibit C to this Application is a detailed breakdown of actual and necessary out-of-pocket expenses incurred by Applicant during the Ninth Quarterly Interim Period in connection with the rendition of professional services to the Debtors. Reimbursement of some

expenses incurred during the Ninth Quarterly Interim Period but not included in Exhibit B may be sought in future applications, because bills for such expenses were not received or Applicant was otherwise unable to process such expenses through its internal accounting procedures before the end of the Ninth Quarterly Interim Period. Individual disbursement slips are available for inspection upon request.

13. Exhibit D to this Application consists of a compilation of daily time records prepared by such professionals showing individually the hours expended and the nature of the professional services rendered to the Debtors by Applicant during the Ninth Quarterly Interim Period.

## Professional Services

14. The services rendered by Applicant during the Ninth Quarterly Interim Period can be grouped in the project categories set forth below. Due to the nature of the services provided, Applicant's activities may meet the criteria of more than one project category. Applicant will use its best efforts to be consistent in its use of project categories. In addition, with respect to more significant matters and issues, Applicant's activities for or on behalf of the Debtors during the Ninth Quarterly Interim Period are highlighted in narrative form below. The following is not intended to be a complete description of the professional services so rendered by Applicant, but is intended solely to identify certain of the more significant issues and matters. Reference is made to Exhibit D to this Application for a more detailed daily description of professional services rendered.

### A. Fee/Employment Applications

Fees: $1,698.75; Total Hours: 6.95; Expenses: $113.72

15. This category includes time spent on employment related issues. This category encompasses the time spent drafting and filing Applicant's Seventh Monthly Application, filed on June 18, 2003.

**B.  Litigation and Litigation Counseling**

Fees: $945.00; Total Hours: 1.40; Expenses: $00.00

16. This category includes time spent on insurance issues and a telephone conference to discuss issues related thereto.

17. Representation of the Debtors during the Ninth Quarterly Interim Period has required a high level of skill and experience in the handling of chapter 11 matters. Applicant respectfully submits that it has represented the Debtors with the requisite skill and expertise and that its representation of the Debtors has been of substantial benefit to the creditors represented by the Debtors.

18. Applicant has at all times been cognizant of the need for economy in this chapter 11 case so as to protect the interests of all creditors. In this regard, Applicant has refrained from expending substantial amounts of time in connection with issues which have arisen in this case unless such matters materially affected the interests of creditors of the Debtors. In addition, Applicant has avoided duplication of attorney services and has not filed unnecessary objections or responses. Where possible, Applicant has communicated the Debtors' views on pending issues to other parties in interest informally and attempted to resolve differences out of court. Moreover, when in-court hearings have been necessary, Applicant has in most cases relied upon local counsel to attend such hearings thereby obviating the need to send Applicant's attorneys from New York to represent the Debtors' interest.

19. This Application is submitted pursuant to the Compensation Orders. Applicant is requesting interim approval and allowance of compensation in the amount of $2,643.75 and reimbursement in the amount of $113.72 for actual and necessary out-of-pocket expenses incurred during the Ninth Quarterly Interim Period.

20. Applicant has expended 8.35 hours during the Ninth Quarterly Interim Period in rendering professional services to the Debtors. As set forth in Exhibit B to this Application, the aggregate time charges accrued by the attorneys who rendered services to the Debtors during the Ninth Quarterly Interim Period total $2,643.75. Applicant is herein requesting interim approval and allowance in respect of this amount, with all sums subject to a final fee application to be made at such time as the Court may direct.

21. Applicant also seeks allowance of reimbursement for actual and necessary out-of-pocket expenses set forth in Exhibit C to this Application in the amount of $113.72 incurred by it in connection with the rendition of professional services during the Ninth Quarterly Interim Period. Applicant's summary of out-of-pocket expenses is itemized by category of expenses, including, but not limited to, telecopy toll and other charges, mail, messenger services, courier services, conference call operator services, duplicating, travel expenses, "working meals," and computer assisted legal research (CALR). Applicant represents that during the Ninth Quarterly Interim Period its rate for duplication is $.15 per page[2] and, in accordance with its customary policy, its rate for facsimile transmissions is $1.00 per page (outgoing transmissions only; Applicant does not charge for incoming transmissions). In accordance with Applicant's customary policy, CALR is charged by Applicant at cost, i.e., is limited by the actual amounts billed to, or paid by, Applicant. Costs incurred by Applicant for secretarial overtime,

---

[2] Applicant customarily charges its non-bankruptcy clients $.16 per page.

word processing overtime and proofreading overtime are not included in Applicant's normal hourly billing rates and are therefor included — at cost — in Applicant's expenses for which it seeks reimbursement. In accordance with Applicant's customary policy, Applicant's expenses include actual costs for "working meals," which are capped at $30.00 per meal. In this matter, travel time during which work is performed will indicate that fact and will be billed by Applicant at 100%. Travel time during which no work is performed will be separately described and billed at 50%. In this matter Applicant will either not use first class mode of travel or accommodation or will not seek reimbursement for that portion of the travel expenses which exceed coach travel or standard accommodation. In accordance with Applicant's customary policy, costs for car and other services ("local travel") which are incurred by Applicant for its professionals and support staff who are required to work overtime, are billed at cost.

22. Time spent preparing this fee application is not included within the time for which compensation is sought herein. Allowance of compensation for such time will be sought in subsequent fee applications. No previous allowance has been made to Applicant for the services rendered or expenses incurred in the Ninth Quarterly Interim Period as heretofore set forth, nor has Applicant made any previous application therefor to this or any other Court. This is Applicant's third Quarterly Fee Application.

23. Except as disclosed in Applicant's retention application, no payments have heretofore been made or promised to Applicant for services rendered or to be rendered in any capacity whatsoever in connection with these cases. Applicant has not shared with any person, or entered into any agreement or understanding to share with any person, compensation received or to be received for services rendered in or in connection with these cases. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by Applicant.

24.  The undersigned hereby certifies that he has reviewed the requirements of Del.Bankr.LR 2016-2 and that this Application substantially complies with that Rule.

WHEREFORE, Applicant respectfully requests (i) interim approval and allowance of compensation in the amount of $2,643.75 for professional services rendered to or on behalf of the Debtors during the Ninth Quarterly Interim Period and reimbursement of its actual and necessary out-of-pocket expenses in the amount of $113.72, (ii) authorization for the Debtors to pay Applicant such sums as permitted pursuant to the Compensation Orders; (iii) authority to seek compensation for preparing this Application in subsequent applications for compensation and (iv) such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
August 26, 2003

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Harold S. Novikoff
A Member of the Firm
51 West 52nd Street
New York, New York 10019
(212) 403-1000

Special Corporate Counsel to the Debtor

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Harold S. Novikoff, after being duly sworn according to law, deposes and says:

1. I am a member of the applicant firm, Wachtell, Lipton, Rosen & Katz ("Wachtell, Lipton").

2. I have personally performed some of the legal services rendered by Wachtell, Lipton, and am generally familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Wachtell, Lipton, as special corporate counsel to the Debtors.

3. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and the Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, and submit that the Application substantially complies with such rules and Order.

_____
Harold S. Novikoff

SWORN and SUBSCRIBED
before me this 26th day of August, 2003.

_____
NOTARY PUBLIC

JEAN NEILS
Notary Public, State of New York
No. 01NE4640899
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires November 30, 2005