# EXHIBIT A

## Affidavit of W. Brian McGowan

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., ET AL., | ) | CASE NO. 01-01139 (JKF) |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED |

**AFFIDAVIT OF W. BRIAN MCGOWAN IN SUPPORT OF THE DEBTORS' RESPONSE TO THE OBJECTIONS OF (A) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND (B) THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A) AND FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING, BUT NOT REQUIRING, THE EMPLOYMENT AND RETENTION OF STATE STREET BANK AND TRUST COMPANY TO ACT AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN**

1.  I am senior vice president of W. R. Grace & Co., a corporation organized under the laws of the State of Delaware, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in this proceeding. I offer this affidavit in support of the Debtors' Response (the "Response") to the Objections of (A) The Official Committee of Unsecured Creditors and (B) The Official Committee of Equity Security Holders to the Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(A) and 328(A) and Fed. R. Bankr. P. 2014(A), 2016 and 5002 Authorizing, But Not Requiring, the Employment and Retention of State Street Bank and Trust Company to Act as Investment Manager and Fiduciary of the Grace Stock within the Grace Savings & Investment Plan.

2.  I currently serve as one of the Corporate Fiduciaries[1] of the Grace Plan. I have served in that capacity since 1998.

---

[1] Capitalized terms not defined in this Affidavit shall have the meaning ascribed to them in the Response.

3. In conjunction with selecting an Independent Fiduciary, the Debtors contacted at least 5 entities that would likely consider providing the necessary fiduciary services. The entities included AON Fiduciary Counselors ("AON FC"), State Street, U.S. Trust, The Northern Trust Company and Fidelity Trust Company. Of the entities contacted with respect to performing the Fiduciary Services, only AON FC and State Street expressed any interest.

4. The Debtors evaluated the potential retention of AON FC and State Street based upon financial and legal sophistication, experience, cost and financial resources.

5. In May 2003, the Debtors' Board of Directors approved the retention of State Street as the Independent Stock Fiduciary for Grace Stock. In June 2003, the Debtors began to negotiate terms of an arrangement with State Street. A final agreement of all terms between the Debtors and State Street was concluded in August, pending Court approval.

6. State Street represented to the Debtors that the final terms included a fixed annual fee that was significantly below what State Street has charged other clients in the same context.

7. The Debtors believe that payment of State Street's fees by the Debtors is necessary to maintain the morale of the Debtors' employees.

8. With all of the uncertainty that inevitably arises during any chapter 11 process, placing the additional burden of State Street's fees on the Debtors' employees through deductions from a Savings Plan, which was already ravaged by the Debtors' bankruptcy, likely would be interpreted negatively by the plan participants and all of the Debtors' employees.

9. Plan participants represent about 83% of the Debtors' approximately 3300 eligible domestic employees.

10. The Debtors believe that avoidance of the detrimental impact to the morale of the Debtors' employees justify the costs of the Fiduciary Services being borne by the Debtors and not by the Savings Plan.

11. The Debtors believe that the costs of the Fiduciary Services simply cannot be placed on the Debtors' employees through the Savings Plan and would be contrary to the significant efforts the Debtors have taken throughout these Chapter 11 Cases to maintain employee morale and enhance employee retention.

12. In the Debtors' judgment, contrary to wasting the Debtors' assets, retaining State Street plays a key part in preserving them.

AFFIANT FURTHER SAYETH NOT

Dated this 11 day of September, 2003.

                                                               W. Brian McGowan

SUBSCRIBED AND SWORN TO BEFORE ME

this 11 day of September, 2003.

Notary Public
My Commission Expires: 9/1/2006

4