**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., <u>et al.</u>, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF MOTION OF**
**OLDCASTLE APG NORTHEAST, INC. D/B/A FOSTER-SOUTHEASTERN**
<u>**FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**</u>

TO: ALL PARTIES ON THE ATTACHED CERTIFICATE OF SERVICE

Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern has filed this Motion for Relief from Stay seeking relief from the automatic stay imposed by section 362 of the Bankruptcy Code so as to resolve its claims against the Debtor.

HEARING ON THE MOTION WILL BE HELD ON **OCTOBER 21, 2003 AT 12:00 P.M.**

OBJECTIONS to this Motion must be filed by **OCTOBER 14, 2003.**

At the same time, you must also serve a copy of the response upon Movant's attorneys:

| | |
|---|---|
| William D. Sullivan, Esquire | Charles Callahan, Esquire |
| Charles J. Brown, III, Esquire | Connarton, Wood & Callahan |
| Renee D. Veney, Esquire | 150 Federal Street, 12th Floor |
| Elzufon, Austin, Reardon, | Boston, MA  02110 |
| Tarlov & Mondell, P.A. | |
| 300 Delaware Ave., Suite 1700 | |
| P.O. Box 1630 | |
| Wilmington, DE  19899-1630 | |

**IF YOU FAIL TO RESPOND TO THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

| | |
|---|---|
| Dated: September 22, 2003 | ELZUFON, AUSTIN, REARDON TARLOV & MONDELL, P.A.<br><br> /s/ *Renee D. Veney*<br>William D. Sullivan, Esq. (Bar No. 2820)<br>Charles J. Brown, III, Esq. (Bar No. 3368)<br>Renee D. Veney, Esq. (Bar No. 4317)<br>300 Delaware Avenue, Suite 1700<br>P.O. Box 1630<br>Wilmington, DE  19899-1630<br>(302) 428-3181 telephone<br>(302) 428-3180 facsimile<br><br>- and -<br><br>Charles Callahan, Esquire<br>Connarton, Wood & Callahan<br>150 Federal Street, 12th Floor<br>Boston, MA  02110<br><br>*Attorneys for Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., <u>et al.</u>, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: October 21, 2003 at 12:00 p.m.** |
| | ) | **Objection Deadline: October 14, 2003** |

**MOTION OF
OLDCASTLE APG NORTHEAST, INC. D/B/A FOSTER-SOUTHEASTERN
<u>FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE</u>**

NOW COMES, Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern (hereinafter "Movant"), who by and through its duly authorized attorneys, files this Motion ("Motion") for an Order Granting Relief From the Automatic Stay Under Section 362 of the Bankruptcy Code, and respectfully represents as follows:

<u>**BACKGROUND**</u>

1. The Movant possesses pre-petition breach of contract, tort and product liability claims against W.R. Grace & Co., Conn. ("W.R. Grace"). The Movant was named as a Fourth-Party Defendant for allegedly manufacturing, selling and delivering defective, or not sufficiently water repellant, concrete block to B&T Masonry Construction Co., Inc. ("B&T").

2. From July of 1998 through April of 2001, the Movant used Dry Block, an additive designed to cause concrete block and related products to be water repellant, to manufacture concrete masonry units ("CMU") and mortar that it sold and shipped to B&T. B&T then used the CMUs and the mortar to complete masonry work for Barletta Engineering Corporation ("Barletta") so that Barletta could fulfill its contract with the City of Everett ("Everett") for the construction of an elementary school in Everett, Massachusetts.

3. On or about October 24, 2000, the City of Everett ("Everett") initiated a civil action against Barletta Engineering Corp. ("Barletta") in the Commonwealth of Massachusetts, Superior Court Department of the Trial Court, Middlesex Division (the "Middlesex Superior Court").  In its Complaint, Everett alleges that Barletta is liable for defective and non-conforming work that caused water infiltration and penetration to the school.  This action appears under civil action number 00-4884 ("The State Court Action").  *See* copy of Second Amended Supplemental Complaint which is attached hereto as Exhibit A.

4. Bartletta filed a Third-Party Complaint against B&T alleging that B&T, together with its other subcontractors, are responsible for any liability that Barletta may have to Everett with regard to alleged non-conforming and defective masonry work and resulting property damage.

5. On or about November 27, 2002, B&T filed a Fourth-Party Complaint against the Movant alleging that the Movant is responsible for any liability that B&T may have to Barletta because the alleged Dry Block deficiency in the CMU and in the mortar directly and proximately caused Barletta's damages.  *See* copy of the Fourth-Party Complaint which is attached hereto as Exhibit B.

6. After being added to the lawsuit, the Movant launched an investigation which revealed that W.R. Grace was the Movant's material supplier that manufactured, sold and delivered to the Movant the Dry Block used in the manufacture of CMU and in the mortar.

7. On April 2, 2001, W.R. Grace and their affiliates (collectively the "Debtors") commenced their bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, on March 27, 2003, a proof of claim was filed, on behalf of the Movant, in the Bankruptcy Court.

8.  As a result of the Debtors' bankruptcy filings, all actions or proceedings have been stayed pursuant to the automatic stay provisions of section 362 of the Bankruptcy Code (the "Automatic Stay").

9.  On August 14, 2003, the Movant notified the parties to the State Court Action that it intended to seek permission to file a Fifth-Party Complaint against W.R. Grace.

10. Due to the imposition of the automatic stay of Debtors' bankruptcy filing, the Movant has been unable to file its claim against the Debtors.  The Movant now seeks relief from the stay to move forward with the litigation of its claims to resolution against the Debtors.

**THE AUTOMATIC STAY SHOULD BE MODIFIED
TO PERMIT THE STATE COURT ACTIONS TO PROCEED**

11. The Movant seeks to modify the stay to proceed with its claims against the Debtors.

12. Section 362(d)(1) provides that:

>   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay –
>
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

13. "Cause" is not defined by the Bankruptcy Code.  Consequently, a Bankruptcy Court must decide what constitutes "cause" to lift the automatic stay on a case by case basis.  *In re Rexene Products Company*, 141 B.R. 574, 476 (Bankr. D. Del. 1992), *citing In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).  The legislative history of Section 362 states that cause may be established by a single factor such as "a desire to permit an action to proceed... in another tribunal," or "lack of any connection with or interference with the pending

bankruptcy case." *Rexene*, 141 B.R. at 576, *citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

14. Relief from the automatic stay should be granted to allow proceedings to go forward in their place of origin, assuming the bankruptcy estate will not be prejudiced. *Rexene*, 141 B.R. at 576, *citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1977). The Movant respectfully submits that it is in the interest of judicial economy and fairness to permit its claims to continue in their original forum and to relieve this Court from the burden of retaining jurisdiction over or adjudicating actions that can be resolved elsewhere.

15. In *Rexene*, this Court stated that relief from the automatic stay should be granted when the party seeking such relief can show that:

    a. the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;

    b. the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and

    c. the movant has a reasonable chance of prevailing on the merits.

*Rexene*, 141 B.R. at 576. *Accord In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993); *see also Fernstrom*, 938 F.2d at 735.

16. All three factors weigh heavily in favor of modifying the automatic stay to permit the Movant's claims to continue. The Movant's claims bear no significant connection to the bankruptcy proceedings. Resolving the claims will not harm the Debtors since they would be represented by local counsel in Massachusetts, and the claims process will require no significant time commitment from the bankruptcy counsel or any employees who might be centrally involved in the Debtors' reorganization effort. *See Rexene*, 141 B.R. at 577 (that the debtor was represented by separate, local counsel weighed in favor of lifting the automatic stay).

17. Moreover, at this stage in the proceedings, almost two years into this bankruptcy, the Debtors cannot claim the need for an additional "breathing spell." This claim needs to be liquidated.

18. The second prong of the *Rexene* test is likewise clearly met. The hardship imposed on the Movant by maintenance of the automatic stay would considerably outweigh the hardship to the Debtors if the stay were lifted. This case involves numerous parties, all of whom will suffer hardship if forced to resolve this matter in Delaware. This Court's reasoning in *Rexene* that "the added expense of transporting the case to Delaware is unnecessary" also applies in the present case. 141 B.R. at 577. The attorneys, witnesses and parties are all located in Massachusetts. In addition, Massachusetts' law governs the issues of liability and damages with regard the Movant's claims.

19. With regard to the third prong, this Court has previously held that the required showing probability of success on the merits is "very slight" 141 B.R. at 578. In fact, in cases where the court determines the decision-making process should be relegated to a body other than the bankruptcy court, only "strong defenses" to state court actions should prevent the court from granting relief form the stay. *Id.*, quoting *Foncesca v. Philadelphia Housing Authority* (*In re Fonseca*), 110 B.R. 191, 196 (Bankr. E.D.Pa., 1990); *Fermstrom*, 930 F.2d at 736 (the court lifted the automatic stay where underlying action was not frivolous). In this case, the Movant was named as a Fourth-Party Defendant in a lawsuit because its products were created using defective materials manufactured and shipped by the Debtors. The Movant's claims are not frivolous and certainly would merit a trial in the State of Massachusetts.

**CONCLUSION**

20. The Movant respectfully submits that, in view of the foregoing, the automatic stay should be modified to allow it to resolve its claim against the Debtors by filing its Fifth-Party Complaint in the State Court Action. The Debtors' estate will not be prejudiced by resolution of the claim, the hardship to the Movant by maintaining the automatic stay greatly outweighs the hardship to the Debtors, and the Movant has a reasonable chance of prevailing on the merits.

**WHEREFORE**, Movant respectfully requests that this Court enter an order (a) granting its Motion; (b) lifting, or modifying, the automatic stay to allow her to resolve her claim against the Debtors in the pending Massachusetts proceeding; and (c) for such other and further relief as is just and equitable.

Dated: September 22, 2003
Wilmington, DE

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.


 /s/ *Renee D. Veney*
William D. Sullivan, Esq. (Bar No. 2820)
Charles J. Brown, III. Esq. (Bar No. 3368)
Renee D. Veney, Esq. (Bar No. 4317)
300 Delaware Avenue, Suite 100
P.O. Box 1630
Wilmington, DE  19899-1630
(302) 428-3181 telephone
(302) 428-3181 facsimile

- and –

Charles Callahan, Esquire
Connarton, Wood & Callahan
150 Federal Street, 12th Floor
Boston, MA  02110

*Attorneys for Oldcastle APG Northeast, Inc.*
*d/b/a Foster-Southeastern*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., <u>et al.</u>, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER GRANTING MOTION OF
OLDCASTLE APG NORTHEAST, INC. D/B/A FOSTER-SOUTHEASTERN
FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Upon consideration of the Motion of Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern for Relief from Stay under Section 362 of the Bankruptcy Code (the "Motion"); and adequate notice of the Motion having been given; and this Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Motion is GRANTED; and

IT IS FURTHER ORDERED that the automatic stay imposed pursuant to 11 U.S.C. §362(a) is hereby modified to permit the Movant to (i) resolve its claim against the Debtors in the pending Massachusetts proceeding (ii) liquidate its claims, and (iii) to obtain such other and further relief as is just and equitable.

Dated: _____, 2003            _____
                                     United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

  I, Renee D. Veney, Esq., certify that on September 22, 2003 I did serve the foregoing *Notice and Motion of Oldcastle APG Northeast, Inc. d/b/a Foster-Southeastern for Relief from Stay Under Section 362 of the Bankruptcy Code* upon all parties on the attached service list.

Laura Davis Jones, Esq.
David Carickhoff, Esq.
Pachulski, Stang, Ziehl, Young & Jones.P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
*Counsel to Debtors and Debtors in Possession*

James H.M. Sprayregen, P.C.
James Kapp, III, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601
*Counsel to Debtor*

Hamid R. Rafatjoo, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
10100 Santa Monica Boulevard
Los Aneles, CA  90067-4100
*Counsel to Debtors and Debtors in Possession*

Frank J. Perch, Esq.
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801
*United States Trustee*

David B. Siegel
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044
*Debtors and Debtors in Possession*

Elihu Inselbuch, Esq.
Rita Tobin, Esq.
Caplin & Drysdale, Chartered
300 Park Avenue, 36th Floor
New York, NY  10022
*Official Committee of Personal Injury Claimants*

Lewis Kruger, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982
*Official Committee of Unsecured Creditors*

Scott L. Baena, Esq.
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 S. Biscayne Boulevard, Suite 2500
Miami, FL  33131
*Official Committee of Property Damage Claimants*

William S. Katchen, Esq.
Duane, Morris & Heckscher LLP
1 Riverfront Plaza, 2nd Floor
Newark, NJ  07102
*Counsel to Official Committee of Unsecured Creditors*

Philip Bentley, Esq.
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY  10022
*Counsel to Official Committee of Equity Holders*

/

Michael B. Joseph, Esq.
Ferry & Joseph, Esq.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
*Counsel for Property Damage Claimants*


Dated:  September 22, 2003                                                 /s/ *Renee D. Veney*
                                                                                         Renee D. Veney, Esq.


G:\Docs\CLIENT\220954\13943\pleading\00189674.DOC