IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: October 10, 2003**
**Hearing Date:   October 27, 2003 at Noon, Eastern**

## APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROTIVITI LLP AS SARBANES-OXLEY COMPLIANCE ADVISORS TO THE DEBTORS *NUNC PRO TUNC* TO JUNE 30, 2003

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (this "Application") for an order pursuant to section 327(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bankr. P. 2014(a), 2016 and 5002 authorizing the employment and retention of Protiviti Inc. ("Protiviti") as Sarbanes-Oxley compliance advisors to the Debtors *nunc pro tunc* to June 30, 2003. In support of this Application, the Debtors state as follows:[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The facts and circumstances supporting this Application are set forth in the Affidavit of Marie Hendrixson, a managing director of Protiviti, in Support of this Application, filed herewith.

91100-001\DOCS_DE:79296.

## Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a).

## Background

2. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Relief Requested

3. By this Application, the Debtors seek to employ and retain Protiviti pursuant to section 327 of the Bankruptcy Code during the Chapter 11 Cases, as more fully described below.

4. The Debtors believe that the Protiviti Services (as described more fully below and in the Hendrixson Affidavit) are necessary to enable the Debtors to comply in a timely fashion with the requirements of the Sarbanes-Oxley Act ("Sarbanes-Oxley"). Protiviti has

indicated a willingness to act on behalf of the Debtors and to subject itself, for the purposes of the provision of the Protiviti Services, to the jurisdiction and supervision of the Court.

### Protiviti's Disinterestedness

5. To the best of the Debtors' knowledge, and as disclosed herein on the affidavit of Marie Hendrixson, a managing director of Protiviti, attached hereto as Exhibit A (the "Hendrixson Affidavit"), (a) Protiviti is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates for the matters for which Protiviti is to be employed and (b) Protiviti has no connection to the Debtors, their creditors or their related parties herein except as disclosed in the Hendrixson Affidavit.

6. Despite the efforts described in the Hendrixson Affidavit to identify and disclose Protiviti's connections with the parties-in-interest in these Chapter 11 Cases, because Protiviti is a nationwide firm with hundreds of employees, and because the Debtors are a large enterprise, Protiviti is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Protiviti discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with this Court.

### Qualifications of Protiviti and Scope of Services

7. Protiviti has significant expertise in providing risk consulting services. Protiviti is a leading firm dedicated exclusively to risk consulting and internal auditing. Protiviti

helps its clients manage various risks associated with its client's business, including regulatory, financial, technology related and operational risk. Protiviti has hundreds of professionals located in all major U.S. markets, and provides on-location services, technologies and skills to its clients. Because of Protiviti's experience and knowledge in providing services of the nature for which Protiviti's retention is sought in these Chapter 11 Cases, the Debtors' management believes that Protiviti is qualified to serve the Debtors in these Chapter 11 Cases in an efficient and cost-effective manner.

8.  Protiviti will provide consultancy and advisory services with respect to Sarbanes-Oxley compliance (the "Protiviti Services") as requested by the Debtors and as agreed to by Protiviti in order to assist the Debtors in the course of the Chapter 11 Cases. The Protiviti Services will include, but not be limited to, the following:

- a. Identify and prioritize financial statement elements by, among other things, working with Grace Internal Audit professionals to visit operating sites, both international and domestic;

- b. Document the Pilot "Close the Books" and Financial Reporting Processes by working with Internal Audit professionals to develop remediation plans and with operating professionals to implement necessary remediation;

- c. Complete Sarbanes-Oxley Act Diagnostic Tool, and perform testing of the controls to ensure readiness for external audit of internal controls in 2004;

- d. Identify key contacts and documentation available supporting critical processes by documenting the controls in place at client sites in accordance with standards established for Sarbanes-Oxley compliance; and

- e. Validate results of Phase I with external auditors.

9.  Protiviti, at the request of the Debtors, also may render additional related support deemed appropriate and necessary to the benefits of the Debtors' estates. The Debtors

believe that the Protiviti Services enumerated above are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. The Debtors also believe that the Protiviti Services will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals may provide to the Debtors in the Chapter 11 Cases. Protiviti will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

### Terms of Retention

10. Protiviti's fees in connection with the Protiviti Services will be based upon the time that Protiviti necessarily spends in providing its services to the Debtors, multiplied by its hourly rates. The normal hourly rates charged by Protiviti personnel are as follows:

| *Staff Classification* | *Hourly Billing Rate* |
|---|---|
| *Managing Director* | *$300 per hour* |
| *Associate Directors* | *$275 per hour* |
| *Managers* | *$225 per hour* |
| *Senior Consultants* | *$175 per hour* |
| *Consultants* | *$150 per hour.* |

11. In the normal course of business, Protiviti revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Protiviti be permitted to revise the aforementioned rates be revised to the hourly billing rates that will be in effect from time to time.

Changes in regular hourly billing rates will be noted by Protiviti on the invoices for the first time period in which the revised rates became effective.

12.     Protiviti will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules and any orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order"). Protiviti's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Protiviti in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order.

13.     Protiviti will maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.

14.     Protiviti provided no services to the Debtors prior to the Petition Date and the Debtors are not aware of any pre-petition claims held against the Debtors by Protiviti. Further, Protiviti has received no retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

15. Protiviti had previously provided software and related implementation support to the Debtors in these Chapter 11 Cases (the "Software Services"). The Debtors have subsequently requested that Protiviti provide consultancy and advisory services with respect to Sarbanes-Oxley compliance. Protiviti has billed the Debtors, but not yet been paid, for its provision of the Software Services.

### Nunc Pro Tunc Retention of Protiviti

16. Because (a) the Debtors required Protiviti's immediate assistance in connection with the performance of certain of the Protiviti Services, and (b) the Debtors believed that it would have been potentially detrimental to the Debtors' estates and to the creditors if work on such services did not commence prior to this Court's approval of Protiviti's retention to serve the Debtors in these Chapter 11 Cases, Protiviti agreed to commence performing such services for the Debtors with the expectation that Protiviti's retention would be granted on a *nunc pro tunc* basis. Protiviti's provision of the Protiviti Services commenced on or about June 30, 2003 (the date from which Protiviti's *nunc pro tunc* retention is sought). However, the completion and filing of the Application was unavoidably delayed as a result of the need to complete the conflict search and certain issues regarding Protiviti's counsel. (Hendrixson Affidavit at ¶ 20). Accordingly, subject to this Court's approval, Protiviti intends to seek compensation for its performance of the Protiviti Services, in addition to reimbursement for reasonable expenses incurred in connection therewith, *nunc pro tunc* to June 30, 2003.

## Notice

17. Notice of this Application has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the committees appointed by the United States Trustee and (iv) those parties that requested papers under Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

18. No prior Application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of Protiviti as Sarbanes-Oxley compliance advisors pursuant to the terms of this Application, the Hendrixson Affidavit and the engagement letters entered into between the Debtors and Protiviti *nunc pro tunc* to June 30, 2003; and grant such further relief as is just and proper.

Wilmington, Delaware
Dated: September 22, 2003

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

*/s/ Paula A. Galbraith/*

Laura Davis Jones (Bar No. 2436)
Scotta McFarland (Bar No. 4184)
Paula Galbraith (Bar No. 4258)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession