IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Objection Deadline: October 10, 2003
Hearing Date:   October 27, 2003 at Noon

### DEBTORS' MOTION FOR AN ORDER APPROVING THE PRIVILEGED AND CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE WITH THE KWELMB COMPANIES

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases, by their undersigned counsel, respectfully move this Court (the "Motion") for entry of an order approving the Privileged and Confidential Settlement Agreement and Mutual Release attached hereto as Exhibit 1 (the "Settlement Agreement")[2] by and between W. R. Grace & Co. (now known as Fresenius Medical Care Holdings, Inc.), a New

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The allocation of the settled liabilities among the settling parties is set forth on Exhibit C to the Settlement Agreement, which is omitted from the copy of the Settlement Agreement attached hereto.

91100-001\DOCS_DE:78706.1

York corporation ("FMCH"), and W. R. Grace & Co.-Conn., one of the Debtors ("Grace-Conn."), (hereinafter referred to collectively as "Grace") and the KWELMB Companies,[3] on behalf of itself and FMCH. The Settlement Agreement allows Grace's claim in the KWELMB Companies' insolvency proceedings in the aggregate amount of Four Million Three Hundred Thirty-Seven Thousand One Hundred Eighty-Two Dollars and seventy-three cents ($4,337,182.73). In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Motion are sections 105 and 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and,

---

[3] As used herein, the "KWELMB Companies" means the following companies: KWELM Management Services Limited (hereinafter referred to as "KMS"), as agent for Kingscroft Insurance Company Limited (formerly Dart Insurance Company Limited, Dart and Kraft Insurance Company Limited, and Kraft Insurance Company Limited), Walbrook Insurance Company Limited, El Paso Insurance Company Limited, Lime Street Insurance Company Limited (formerly Louisville Insurance Company Limited), and Mutual Reinsurance Company Limited (hereinafter collectively referred to as "the KWELM Companies"), and The Bermuda Fire & Marine Insurance Company Limited (In Liquidation) (hereinafter referred to as "BFMIC").

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. The KWELMB Companies subscribed to the H.S. Weavers Underwriting Agency Limited Underwriting Stamp ("Weavers") and in the case of BFMIC, subscribed to the Bermuda London Underwriting Agency Limited Underwriting Stamp ("BLUA"), which underwriting stamps underwrote certain policies of insurance in favor of Grace, listed on Exhibit "B" to the Settlement Agreement (hereinafter the "Subject Insurance Policies"). The KWELMB Companies each severally subscribed to the Subject Insurance Policies.

5. The KWELMB Companies are insolvent and are bound by Schemes of Arrangement pursuant to § 425 of the Companies Act 1985 of Great Britain and, in the case of Mutual Reinsurance Company Limited and BFMIC, § 99 of the Companies Act 1981 of Bermuda. KMS was appointed by the Scheme Administrators to manage the insolvency runoff for the KWELMB Companies under the Schemes of Arrangement.

6. The United States Bankruptcy Court for the Southern District of New York has issued Permanent Injunction Orders, pursuant to § 304 of the United States Bankruptcy Code, which, among other things, enjoin the commencement or continuation of any judicial action or proceeding against the KWELMB Companies except in accordance with the provisions of their respective Schemes of Arrangement (hereinafter referred to as the "KWELMB Injunction Orders").

7.  Grace entered into a Settlement Agreement effective September 26, 1996 (the "Original Settlement Agreement") with the London Market Insurers[4] identified therein as a compromise of present and future claims brought by Grace in respect of liabilities, expenses and losses related to Environmental Property Damage Pollution Claims allegedly covered by the Subject Insurance Policies. A copy of the Original Settlement Agreement is attached as Exhibit "A" to the Settlement Agreement. Grace entered into the Original Settlement Agreement, in part, because of uncertainty regarding its ability to collect against the insurers under the Subject Insurance Policies.

8.  After execution of the Original Settlement Agreement, the settling insurers paid Grace approximately $3 million, which represented the settling companies' share of an agreed amount of $7.99 million (the "Original Agreed Amount"). Because of their insolvency, the KWELMB Companies were unable to enter into the settlement, in which their ratable share of the Original Agreed Amount would have been approximately $4.3 million.

9.  As a result of progress in their insolvency proceedings, the KWELMB Companies are now in a position to accept their several shares of the Original Agreed Amount, as contemplated by the Original Settlement Agreement. Grace has concluded that this basis for settlement is fair and reasonable given the circumstances of the KWELMB Companies.

10. By the Settlement Agreement, Grace[5] and the KWELMB Companies (the "Parties") intend to adopt, by way of compromise, and without prejudice to or waiver of their

---

[4] Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement and the Original Settlement Agreement.

[5] Grace-Conn. is authorized to sign the Settlement Agreement on behalf of FMCH under a Power of Attorney dated September 27, 1996.

91100-001\DOCS_DE:78706.1                4

respective positions in other matters, without further trial or adjudication of any issues of fact or law, and without the KWELMB Companies' admission of liability or responsibility under the Subject Insurance Policies, a full and final settlement that releases and terminates all rights, obligations and liabilities of the Parties with respect to any of the Environmental Property Damage Pollution Claims under the Subject Insurance Policies, without prejudice to their respective positions on policy wordings or any other issues, or any other actions, and further without prejudice to any claim against any person not a Party to the KWELMB Settlement Agreement.

11.     Without prejudice to or waiver of any position or right under the Subject Insurance Policies or in any other matter, Grace and the KWELMB Companies have agreed for purposes of the Settlement Agreement to allow Grace's claims against the KWELMB Companies for an aggregate amount of Four Million Three Hundred Thirty-Seven Thousand One Hundred Eighty-Two Dollars and seventy-three cents in U.S. currency ($4,337,182.73) (the "Agreed Amount"). The Agreed Amount is allocable as several obligations of the individual KWELMB Companies as set forth on the redacted Exhibit "C" to the Settlement Agreement. Such payments shall be subject to the terms and conditions of the Schemes of Arrangement.

12.     After execution and approval of the Settlement Agreement, Grace will be able to recover the percentages of the Agreed Amount allowable by the Schemes of Arrangement. The Debtors have been advised that, under the Schemes of Arrangement, Grace should receive initial payments of approximately $1.8 million, and could receive additional

payments in the future if the percentages payable under the Schemes of Arrangement are increased.

13. As part of this compromise and the Settlement Agreement, the Parties desire to confer upon the KWELMB Companies, subject to all of the terms and conditions contained within the Settlement Agreement, substantially the same rights, obligations and duties as the London Market Insurers which are parties to the Original Settlement Agreement, notwithstanding the fact that the KWELMB Companies did not participate in the settlement of the claims set out in the Original Settlement Agreement, with such modifications as are set forth in the Settlement Agreement.

## Relief Requested

14. By this Motion, the Debtors seek an order approving the KWELMB Settlement Agreement in the form attached hereto as Exhibit 1, which has been executed by the parties and by its terms will become effective upon the approval of this Court.

## Statutory Authority

15. This Court has statutory authority to authorize and approve the Debtors' entry into the KWELMB Settlement Agreement pursuant to sections 105 and 363(b)(1) of the Bankruptcy Code. A settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate. See Northview Motors, Inc. v. Chrysler Motors Corp., No. 98-3387, 1999 U.S. App. LEXIS 13403, at *11 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. Id.

16.     Bankruptcy Rule 9019 provides that, after notice and a hearing, a court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the court. In re Resorts Int'l, Inc., 145 B.R. 412, 451 (Bankr. D. N.J. 1990); In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (Bankr. E.D. Pa. 1986).

17.     In reviewing this Motion for approval of the KWELMB Settlement Agreement, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). This requires court consideration of the following criteria: "(1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id.

18.     Approval of the KWELMB Settlement Agreement is in the best interests of the Debtors and their estates. The Settlement Agreement is in the best interests of Grace because of (a) uncertainty regarding the ability to collect under the Subject Insurance Policies against the KWELMB Companies with respect to the Environmental Property Damage Pollution Claims, (b) the uncertainties and expenses inherent in insurance coverage litigation, and (c) the possibility that settlement will not continue to be an option given the uncertainty of the KWELMB Companies' circumstances. Therefore, it is the Debtors' opinion that a payment of approximately $1.8 million, with the possibility of additional payments in the future, is fair and reasonable under the circumstances.

19. The fairness of the Settlement Agreement is also reflected in the settlements with the solvent London Market Insurers described above. The terms agreed to in the settlements with the solvent insurers—long before the Debtors' commencement of their Chapter 11 cases—are still deemed fair and reasonable by the Debtors now that the KWELMB Companies are in a position to settle on those terms.

20. The proposed transaction does not adversely affect the Debtors' creditors. In lieu of certain rights under the Subject Insurance Policies, Grace is receiving an amount of cash, with the possibility of receiving additional cash. In the absence of the Settlement Agreement, the Debtors would be unlikely to soon receive any payment from the KWELMB Companies on account of the Subject Insurance Policies.

## Notice

21. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) the KWELMB Companies; (iii) counsel to the debtor in possession lenders, (iv) counsel to each official committee appointed by the United States Trustee and (v) those parties that requested papers under Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) approving the KWELMB Settlement Agreement; and (ii) granting such other and further relief as the Court deems just and proper.

Wilmington, Delaware
Dated: September 22, 2003

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/ Paula A. Galbraith

Laura Davis Jones (Bar No. 2436)
Scotta McFarland (Bar No. 4184)
Paula Galbraith (Bar No. 4258)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession