IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: October 10, 2003**
**Hearing Date:   October 27, 2003 at Noon, Eastern, only if objections are received**

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO SETTLE NEW YORK STATE TAX AUDIT AND FOR REPAYMENT OF THE RESULTING TAX REFUND IN ACCORDANCE WITH THE FRESENIUS SETTLEMENT AGREEMENT

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order authorizing the Debtors (a) to settle a tax audit resulting in a tax refund under the New York State Corporation Franchise Tax Act (the "NY Tax Act") for the tax years 1988, 1990 and 1992 through 1995 inclusive (the "Tax Years"), and (b) to permit Fresenius Medical Care Holdings, Inc. (f/k/a W. R. Grace & Co.), a New York corporation ("Fresenius/Grace New York"), or any of the Debtors that may receive

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

such refund, to repay the tax refund to the State of New York in accordance with the First Amended Settlement Agreement and Release of Claims, approved by District Judge Wolin on June 25, 2003 (the "Settlement Agreement"). In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Bankruptcy Code (as amended, the "Bankruptcy Code") and Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On April 2, 2001, the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only and pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## New York Franchise Tax

4. The NY Tax Act imposes an annual franchise tax on every corporation authorized to do business in the State of New York. N.Y. Tax Law § 209. Corporations must file an annual general business corporation franchise tax return (a "NY Return") and may file

NY Returns on a combined basis. The tax is imposed at a rate of 9% for the years at issue and is administered by the New York State Department of Taxation and Finance ("NYDTF").

### The Grace Group[2]

5. During the Tax Years, the common parent of the Grace Group for federal and state tax purposes was Fresenius/Grace New York. Fresenius/Grace New York filed all NY Returns and paid all New York taxes on behalf of the Grace Group during the Tax Years. Fresenius/Grace New York is a named party under the audit described below.[3]

### Audit Adjustments

6. On February 2, 2001, in connection with a NYDTF field audit for the Tax Years (the "Audit"), W. R. Grace & Co.-Conn. ("Grace-Conn."), representing Grace, submitted refund claims for increased depreciation deductions relating to the 1988 and 1990 tax years. The NYDTF granted the claims, approving a tax refund of $327,256 plus interest.

7. For the years 1992 through 1995, the NYDTF asserted that there should be an increase in taxes due in the amount of $56,068 based upon various mistakes made when the NY Returns were filed. Debtors agree with this proposed tax increase.

---

[2] The term "Grace" or "Grace Group" refers to all members of the consolidated group of corporations (including the Debtors) that filed consolidated tax returns during the Tax Years. As discussed more fully below, during the Tax Years, Grace included entities that are now unaffiliated with the Debtors.

[3] As of September 29, 1996, as part of the separation of Grace's National Medical Care business from Grace's other operations (the "NMC Transaction"), Fresenius/Grace New York ceased to be the common parent corporation of the historic Grace business. After the NMC Transaction, Fresenius/Grace New York became a subsidiary of Fresenius Medical Care AG, a German corporation. The implications of this change and the subsequent agreements between Fresenius/Grace New York and the Debtors are more fully discussed below.

8. In concluding the Audit of the Tax Years, NYDTF proposes to net the deficiency of $56,068 against the depreciation refund claim of $327,256 for a net tax refund of $271,188 plus approximately $508,787 of accrued interest (approximately $779,975 in total). The net tax refund plus accrued interest will be referred to herein as the "Tax Refund".

### Fresenius Connection

9. As previously outlined, Fresenius/Grace New York was the common parent of the Grace Group during the Tax Years and also for other tax years prior to December 31, 1996, for which NY Returns will be amended as necessary to reflect federal tax audit adjustments. Therefore, the Debtors expect that Fresenius/Grace New York will receive the Tax Refund, but will also be liable for additional franchise taxes during the tax years prior to December 31, 1996.

10. The automatic stay applicable to the Debtors does not extend to Fresenius/Grace New York with respect to state tax claims and no injunction has been entered by this Court to protect Fresenius/Grace New York from such state tax claims. Consequently, the NYDTF could seek recourse directly against Fresenius/Grace New York for unpaid taxes under the New York Tax Act for tax years prior to December 31, 1996.

11. In anticipation of this and similar tax matters, as part of the NMC Transaction, Fresenius/Grace New York and the Debtors entered into a Tax Sharing and Indemnification Agreement ("TSIA"), dated September 27, 1996, which allocated the rights and responsibilities of the parties with respect to tax matters.

12.     However, the TSIA has since been superseded in pertinent part by the Settlement Agreement[4]. Under the Settlement Agreement, Fresenius/Grace New York and certain of its affiliates (the "Fresenius Group") agreed to pay, within five business days after the Settlement Effective Date, subject to certain preconditions, $115 million (the "Fresenius Payment"), as directed by this Court for the benefit of the Debtors' estates. The "Settlement Effective Date" is the later of (a) the effective date of the Debtors' plan of reorganization or (b) the satisfaction or waiver of all preconditions to the Fresenius Payment.

13.     One precondition to the Fresenius Payment is that the Fresenius Group be released from all taxes (including accrued interest and penalties thereon) of the Grace Group with respect to any tax period ending on or before December 31, 1996 ("Indemnified Taxes"). The tax at issue in this Motion is an Indemnified Tax under the Settlement Agreement.

14.     The Settlement Agreement gives Grace-Conn. control over any tax refund of the Grace Group for any tax period ending on or before December 31, 1996, except that under Section 3.03(C)(i), such tax refund must be repaid to the tax authority as a payment of Indemnified Taxes (whether or not then due and payable) if, in the reasonable judgment of Fresenius/Grace New York, additional Indemnified Taxes are expected to become due and payable to such tax authority. If there is a dispute, Grace-Conn. may seek a determination from the Court that additional Indemnified Taxes are not expected to become due and payable to such

---

[4] A copy of the Settlement Agreement is attached hereto as Exhibit A.

tax authority, and that Grace-Conn. therefore should be permitted to receive and retain the refund.

15. In the current situation, the Debtors and Fresenius/Grace New York anticipate that additional Indemnified Taxes will be due to the NYDTF, and that such Taxes will exceed the approximately $780,000 Tax Refund. For example, due to Federal adjustments for the 1990 tax year, Debtors anticipate owing additional franchise taxes and interest to the NYDTF in the aggregate amount of approximately $800,000.

16. The Debtors therefore believe that Fresenius/Grace New York's determination that additional Indemnified Taxes will be due and payable to the NYDTF is reasonable, and that Debtors are required under the Settlement Agreement to permit Fresenius/Grace New York to repay the Tax Refund to the NYDTF. Such repayment will be credited to the account of Fresenius/Grace New York by the NYDTF and will reduce the anticipated Indemnified Taxes due.

### Relief Requested

17. By this Motion, the Debtors seek an order authorizing them to settle the Audit, obtain the Tax Refund and permit Fresenius/Grace New York (or any of the Debtors that may receive such refund) to repay the Tax Refund to the NYDTF in accordance with the terms of the Settlement Agreement.

### Basis for Relief

18. The Court's general equitable powers are codified in Section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment

that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing NLRB v. Bildisco & Bildisco, 465 U.S. 513, 528 (1984)). For the reasons set forth herein and summarized below, obtaining the Tax Refund and permitting the repayment of the Tax Refund to the NYDTF is in the best interests of the Debtors' estates and their creditors and increases the likelihood of the Debtors' successful reorganization.

19.  With respect to settlement of the Audit, the Debtors do not believe that a more favorable resolution of this matter can be obtained. The Debtors concede various mistakes in the NY Returns for the Tax Years resulting in approximately $56,000 of additional taxes due. However, more importantly, the NYDTF granted Debtors' affirmative claim to additional depreciation deductions, which when netted against the increase in tax, results in the approximately $780,000 Tax Refund. The Tax Refund will increase the value of the Debtors' estates and therefore is in the estates' best interest.

20.  With respect to the repayment of the Tax Refund to the NYDTF, Debtors and Fresenius/Grace New York agree that additional Indemnified Taxes will be owing to the NYDTF in excess of the Tax Refund. Therefore, Debtors are obligated under the terms of the Settlement Agreement to repay, or to permit Fresenius/Grace New York to repay, the Tax Refund to the NYDTF. Indeed, failure to do so would constitute a breach of the Settlement Agreement authorized by the Order of District Judge Wolin approving the Settlement

Agreement.[5] As previously stated, the Settlement Agreement requires the Fresenius Group to pay $115 million for the benefit of the Debtors' estates. The Creditors' Committees, the Debtors and the District Court have previously approved the Settlement Agreement as beneficial to the Debtors' estates. Further, as previously stated, Fresenius/Grace New York will likely directly obtain the Tax Refund from the NYDTF. Debtors would incur substantial legal fees if it attempts to force Fresenius/Grace New York to pay the funds to the Debtors' estates and it is unlikely, as a contractual matter, that Debtor could prevail in such action. Therefore, based upon the foregoing, it would be imprudent and detrimental to the Debtors' estates to now breach the Settlement Agreement over this issue.

21. Because the settlement of the Audit is favorable to the Debtors' estates, and because permitting the repayment of the Tax Refund to the NYDTF is the Debtors' legal obligation, the order should be granted.

### Notice

22. Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to the DIP lender, (iii) counsel to all official committees appointed by the United States Trustee, and (iv) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

---

[5] A copy of the Order approving the Settlement Agreement is attached hereto as Exhibit B.

DOCS_DE:79278.2                               8

**No Prior Request**

23.     No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (a) authorizing the Debtors to settle the Audit, obtain the Tax Refund and permit Fresenius/Grace New York (or any of the Debtors that may receive such refund) to repay the Tax Refund to the NYDTF in accordance with the terms of the Settlement Agreement; and (b) granting such other relief as the Court deems just and proper.

Wilmington, Delaware
Dated:  September 22, 2003

Respectfully submitted,

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Janet S. Baer
James W. Kapp III
Christian J. Lane
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Scotta McFarland (Bar No. 4184)
Paula Galbraith (Bar No. 4258)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession