UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
FOR THE NINTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Ninth Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

BACKGROUND

1. Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $215,903.50 and costs totaling $2,726.28 for its services from April 1, 2003, through June 30, 2003, as well as payment of fees and costs of $67,628.50 for Chambers Associates Incorporated ("Chambers"), an asbestos issues expert[1].

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

---

[1] We do not review the fees and expenses of Chambers per Stroock's request.

FEE AUDITOR'S FINAL REPORT - Page 1
wrg FR Stroock 9int 4-6.03.wpd

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Stroock an initial report based on our review, and received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.  In our initial report, we noted that the time entries were generally adequately detailed and devoid of lumping, with the occasional instance of inadequate detail from A. Krieger. Rule 2016-2(d) of the Delaware Local Rules states "activity descriptions . . . shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary . . ." We asked Stroock to advise this timekeeper to provide more detailed time entries.

### Specific Time and Expense Entries

4.  We noted a time entry by A. Krieger ($495) in which the stated total does not match the sum of the parenthetical entries. The difference is 1.0 hours for $495.00.

| 04/08/2003 | Memorandum to V. Defreitas re pre-petition creditor agreements (.1); review agreements to respond to F. Perch with R. Douglas re First Union/Wachovia debt (.2); review files for Committee resignation letters from Bankers Trust, ABN Amro, Bank of America and WellsFargo Bank (.4); memo to LK re substance of conversation with Frank Perch (.3); memo to V. Defreitas re resignation letters (.1); office conferences D. Mohammed re letters needed (.2). | Krieger, A. | 2.3 |

We asked Stroock to review the entry and confirm if this represents an inadvertent miscalculation.

Stroock responded as follows:

> The Report notes that there is one instance, on April 8, 2003, where the total time reflected in the narrative time detail is less than the corresponding aggregate amount of time ascribed to that entry, and seeks an explanation for the difference. The aggregate difference is $495.00 in fees. (Report at paragraph 4). The portion of the Application corresponding to this inquiry contains over 50 pages of time entries and hundreds of entries for this quarterly application period. While Stroock endeavors to double-check each and every narrative and corresponding aggregate amount entry to ensure that the amounts are correct throughout, errors do occur from time to time. Stroock's review of the narrative time entry against the original timekeeper's notes reveals that in this instance errors occurred in inputting the attorney's time detail into the firm's accounting system. As a result, the text of the narrative in the accounting system is not correct, but the stated aggregate amount is correct.
>
> Timekeeper A. Krieger's time detail for 4/08/03 should have been as follows: "Memorandum to V. Defreitas re pre-petition credit agreements (.1); review agreements to respond to F. Perch inquiry (1.0); exchanged memoranda with R. Douglas re First Union/Wachovia debt (.2); review files for Committee resignation letters from Bankers Trust, ABN Amro, Bank of America and Wells Fargo Bank (.4); memo to LK re substance of conversation with Frank Perch (.3); memo to V. Defreitas re resignation letters (.1); office conferences D. Mohammed re letters needed (.2)," for a total of 2.3 hours. Stroock, therefore, submits that the aggregate amount of the compensation Stroock seeks under the Application should be as stated.

We accept this explanation and thus offer no objection to these fees.

5. In our initial report, we noted two expense entries for meals which lack sufficient detail. The entries are provided below.

| | | |
|---|---|---|
| 04/24/2003 | VENDOR: PETAK'S; INVOICE#: 19797; DATE: 3/12/2003 - L Kruger 3/12/03 | 320.36 |
| 05/16/2003 | VENDOR: Seamless Web; INVOICE#: 22478; DATE: 05/20/03 - Cove Bistro | 29.08 |

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .[w]hether the expense is reasonable and economical." For each entry, we

asked Stroock to state the number of diners and whether the referenced meal was breakfast, lunch or dinner. Stroock's response is provided below.

> The Report notes that Stroock seeks reimbursement in the aggregate amount of $349.44 in respect of two expenses for meals for which the Fee Auditor requests detail information. (Report at paragraph 5).
> The first expense, in the amount of $320.36, occurred on March 12, 2003. This expense was for lunch provided to the Committee and its representatives, and to the Debtors and their representatives, during an extended in person Committee meeting during which the Debtors addressed a number of matters. There were 15 people in attendance. The second expense, in the amount of $29.08, occurred on May 20, 2003. This expense was for dinner for two persons working late to prepare Stroock's Eighth Interim Quarterly Fee Application, and prepare for filing FTI Consulting's Eighth Interim Quarterly Fee Application. As occurs from time to time, outside vendor charges are sometimes posted to Stroock's accounting records in the compensation period subsequent to the period in which the charge was incurred. Stroock submits that these expenses should be reimbursed in their entirety.

We accept this explanation and thus have no objection to these expenses.

## CONCLUSION

6.    Thus, we recommend approval of fees totaling $215,903.50 and costs totaling $2,726.28 for Stroock's services from April 1, 2003, through June 30, 2003. We offer no recommendation regarding payment of fees and costs of $67,628.50 for Chambers.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 23rd day of September, 2003.

_____
      Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Rose Serrette
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801