**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF CARELLA, BYRNE,**
**BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
**FOR THE NINTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein for the Ninth Interim Period (the "Application").

**BACKGROUND**

1. Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein ("CBBG") was retained as Special Litigation and Environmental Counsel to Debtors. In the Application, CBBG seeks approval of fees totaling $194,840.91 and costs totaling $5,745.92[1] for its services from April 1, 2003, through June 30, 2003.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2

---

[1] This amount reflects adjustments in the form of credits when "CBBG credited the Debtor's for Charles McGuire charges relating to trial transcripts [in the amount of $7,510.67]" which were paid by CBBG's co-counsel, Wallace King Marraro & Branson PLLC. The total also reflects a $735.00 credit for a duplicate entry discovered in the June Application.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR CBBG 9int 4-6.03.wpd

of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on CBBG an initial report based on our review, and received a response from CBBG, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. In our initial report, we noted that JMA and RCS continue to lump their time entries. Local Rule 2016-2(d)(vii) provides that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." This has been noted in previous reports. We again asked that CBBG advise these professionals to avoid lumping their time entries in the future. CBBG's response is provided as Response Exhibit 1.

### Specific Time and Expense Entries

4. In our initial report, we noted that the $0.25 in-house document reproduction rate charged by CBBG exceeds the maximum allowable amount of $0.15 per page. Delaware Local Rule 2016-2(e) provides, "The motion shall state the requested rate for copying charges (which shall not exceed $.15 per page),..."  We asked CBBG to explain why it should be compensated for reproduction charges at a per-page rate which is higher than the maximum allowable under the Delaware Local Rules.  CBBG responded as follows:

> Carella Byrne's photocopiers are connected to an equitrack system which automatically bills clients at the rate of $0.25 per page. CBBG has reviewed Local Rule 2016-2(e) which limits compensation for in house photocopy charges to $0.15. In the future, CBBG will ensure that in house photocopies will be charged at the rate of $0.15 per page.
>
> This issue was brought to CBBG's attention by Byron Jeffers on September 2, 2003 with respect to CBBG's Seventeenth Monthly Fee Application (which is not a part of this Ninth Quarterly Fee Application). CBBG has reviewed its First through Sixteenth Fee Applications (which includes the quarterly period of April 1, 2003 through June 30, 2003) with respect to in house photocopy charges. Based upon the cap set forth in Local Rule 2016-2(e), with this response CBBG voluntarily reduces its request for expenses in the amount of $3,559.60 which covers all overcharges for in house photocopies from February 1, 2002 through and including June 30, 2003.
>
> Thus, with the Ninth Quarterly Fee Application, CBBG requests reimbursement of expenses in the amount of $2,186.32, rather than $5,745.92 to offset the overcharges.

We appreciate the response and the voluntary reduction. Thus, we recommend a reduction of $3,559.60 in expenses.

5.    We have no objections to, or issues with, any of the other fees or expenses sought in the Application.

## CONCLUSION

6.    Thus, we recommend approval of fees totaling $194,840.91 and costs totaling $2,186.32 ($5,745.92 minus $3,559.60) for CBBG's services from April 1, 2003, through June 30, 2003.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 25th day of September, 2003.

_____
    Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

John M. Agnello
CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, N.J. 07068-1700

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

In Carella Byrne's Ninth Quarterly Verified Application for Compensation for Services and Reimbursement of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Interim Period from April 1, 2003 through June 30, 2003, Carella Byrne addressed the issue of "lumping" of time at pages 6 to 7, explaining as follows:

> One of the issues that the Fee Auditor has raised with respect to previous quarterly fee applications is that of "lumping" of time. In connection with the preparation of the Findings of Fact and Conclusions of Law, the Final Judgment, and issues relating to the Special Master appointed by the Court, multiple tasks are being performed simultaneously which makes it difficult, if not impossible in some cases, to ascertain precisely how much time was spent on a particular task. For instance, with the preparation of the Findings of Fact and Conclusions of Law, there are various tasks engaged in when preparing each proposed fact and/or conclusion of law. The review normally entails reviewing trial testimony, exhibits in evidence, case law, as well as conference calls and/or emails with co-counsel regarding each finding of fact and/or conclusion of law. The task itself is preparation of Findings of Fact and Conclusions of Law. The general task of "Preparation of Findings of Fact/Conclusions of Law" therefore included multiple sub-tasks as identified in CBBG's fee detail.
>
> With respect to the preparation of the Final Judgment, the task itself was preparing the form of the Final Judgment. However, various subtasks were involved in preparing the form of the Final Judgment including conference calls with plaintiffs' counsel, conference calls with co-counsel, and conference calls with both plaintiffs' counsel and co-counsel. The task itself is preparation of the Final Judgment. The general task of "Preparation of Final Judgment" therefore included multiple sub-tasks as identified in CBBG's fee detail.
>
> With respect to issues relating to the Special Master who was appointed by the Court, the general issue was the scope of a Special Master's powers. However, there are various tasks associated with the issue of the scope of the Special Master's powers. These tasks include research, analyses and conferences/ conference calls among

> the Grace Defendants' counsel. The general task of "Scope of Special Master's Powers" therefore included multiple sub-tasks as identified in CBBG's fee detail.
>
> The time entries referenced in the foregoing paragraphs are: JMA (4/1/03, 4/2/03, 4/7/03, 4/8/03, 4/9/03, 4/10/03, 4/11/03, 5/22/03, 6/12/03, 6/24/03); RCS (4/3/03, 4/4/03, 4/5/03, 4/6/03, 4/7/03, 4/9/03, 4/15/03, 4/23/03, 4/29/03, 6/14/03, 6/19/03).

Thus, for example, JMA's and RCS's time entries include specific detail relating to the tasks performed but because those tasks are sometimes inextricably interrelated, a separate entry for each task was not recorded. JMA's time entry on April 2, 2003 is an example of this:

```
04/02/03 JMA Post trial issues - preliminary review of         9.00   3060.00
             Honeywell Findings of Fact for conference with
             C. Marraro; conference with C. Marraro re:
             review of Honeywell Findings of Fact and
             various trial transcripts and exhibits in
             evidence cited by Honeywell; preparation of
             memo re: response to Honeywell Findings of
             Fact; conference with RCS re: review of
             Honeywell Findings of Fact
```

As can be seen from the above time entry, although the task is post trial issues relating to Honeywell's proposed Findings of Fact, the inextricably interrelated tasks were reviewing Honeywell's proposed Findings which includes reviewing trial transcripts and exhibits in evidence, discussing Honeywell's proposed Findings with co-counsel and delegating tasks relating to responding to those proposed findings to RCS. Again, these tasks are performed in a manner, which does not lend it to allow an independent time entry.

JMA and RCS will avoid "lumping" of time in the future for tasks which are capable of being recorded in discrete time intervals. Again, the simultaneous/consecutive performance of multiple tasks sometimes makes it impossible to avoid lumping.