IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Re: Docket No. 4299

**SUPPLEMENT TO APPLICATION OF THE DEBTORS FOR
ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A) AND
FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING, BUT NOT REQUIRING,
THE EMPLOYMENT AND RETENTION OF STATE STREET BANK AND TRUST
COMPANY TO ACT AS INVESTMENT MANAGER AND FIDUCIARY
OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby file this supplement ("Supplement") to the *Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing, But Not Requiring, the Employment and Retention of State Street Bank and Trust Company to Act as Investment Manager and Fiduciary of the Grace Stock Within the*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Grace Savings & Investment Plan* (Docket No. 4299) (the "Application"), which was filed with the Bankruptcy Court[2] on or about August 18, 2003:

1. As was set forth in the Motion, the Debtors have been engaged in arms-length negotiations with State Street to finalize certain terms of the Engagement Agreement. Attached hereto as Exhibit A, is a blackline comparison of the current form of the Engagement Agreement (the "Revised Engagement Agreement") against the draft Engagement Agreement attached to the Application. The Revised Engagement Agreement makes four substantive changes: (a) the starting date of the engagement is pushed back from September 1, 2003 to November 1, 2003, (b) a similar revision was made in the timing of the end of the startup period for fee purposes from September 30, 2003 to November 30, 2003, (c) a provision has been added clarifying that State Street will be paid for the performance of special services performed by State Street or its counsel outside the scope of the engagement, and (d) the method of compensation for State Street's financial advisor has been modified.

2. Under the revisions, the Debtors will pay State Street's financial advisor, Duff & Phelps ("D&P"), directly in accordance with the terms of the Duff & Phelps Engagement Agreement (the "D&P Agreement"). A copy of the D&P agreement is attached hereto as Exhibit B. The change in the compensation of D&P was made in conjunction with the Debtors' indemnification of D&P. D&P requested that the Debtors indemnify D&P on the same terms as provided to State Street. In particular, the indemnity does not cover "any losses, claims,

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

damages, liabilities, costs or expenses which are finally judicially determined to have resulted primarily from the negligence, gross negligence, recklessness or willful misconduct of any Indemnified Party or any agent or advisor of D&P." Thus, consistent with the standard practice in chapter 11 cases in Delaware courts, D&P will not be indemnified for losses judicially determined to have resulted primarily from its negligence.

3. The D&P Agreement provides for Grace to pay D&P professional fees in the total amount of $100,000, as follows: (a) $25,000 on execution of the agreement, (b) $25,000 on completion of D&P's financial analysis report, and (c) $25,000 on both December 15, 2003 and January 15, 2004. State Street has informed the Debtors that it does not expect D&P to incur additional fees beyond the $100,000 total. The total amount of fees for D&P is the same as the fees provided for State Street's financial advisor in the Motion, with only the timing of the payments changed.

4. Attached hereto as Exhibit C, is the revised proposed Order (the "Revised Order"). The Revised Order is substantially the same as the previously filed proposed Order. A blackline comparison of the Revised Order against the Order is attached hereto as Exhibit D.

5. As set forth in the Motion and the Debtors' response to the objections of the Official Committee of Unsecured Creditors and the official committee of Equity Security Holders filed on September 12, 2003 (the "Response"), the retention of State Street to provide the Fiduciary Services is in the best interests of the Debtors, their creditors and their other equity holders. The changes to the Engagement Agreement and the entry into the D&P Agreement are necessary for the Debtors to engage State Street to provide the Fiduciary Services. The Debtors,

in their reasonable business judgment, believe that, for all the reasons discussed herein and the reasons set forth in the Motion and the Response, the benefit to the Debtors of the Retention of State Street and the related entry into the D&P Agreement far outweighs the cost of the Retention.

Dated: October 3, 2003

>Respectfully submitted,
>
>KIRKLAND & ELLIS LLP
>James H.M. Sprayregen, P.C.
>James W. Kapp III
>Janet S. Baer
>Christian J. Lane
>200 East Randolph Drive
>Chicago, Illinois 60601
>(312) 861-2000
>
>and
>
>PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
>
>*/s/ Paula A. Galbraith*
>Laura Davis Jones (Bar No. 2436)
>Scotta McFarland (Bar No. 4184)
>Paula Galbraith (Bar No. 4258)
>919 North Market Street, 16th Floor
>P.O. Box 8705
>Wilmington, Delaware 19899-8705 (Courier 19801)
>(302) 652-4100
>
>Co-Counsel for the Debtors and Debtors in Possession