**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF WALLACE, KING, MARRARO & BRANSON, PLLC**
**FOR THE NINTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Ninth Interim Fee Application of Wallace, King Marraro & Branson, PLLC (the "Application").

## BACKGROUND

1. Wallace, King, Marraro & Branson, PLLC ("Wallace King") was retained as special litigation and environmental counsel to the Debtor. In the Application, Wallace King seeks approval of fees totaling $311,612.10[1] and costs totaling $31,876.97 for its services from April 1, 2003, through June 30, 2003.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended

[1] Although the Application requests $311,612.10 in fees for this period, this amount reflects a 40% reduction, $196,541.40, for time spent with regard to the Honeywell litigation. Notwithstanding this discount, the actual amount of fees reviewed is $508,153.50.

Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Wallace King an initial report based on our review, and received a response from Wallace King, portions of which response are quoted herein.

## DISCUSSION

### Specific Time and Expense Entries

3. In our initial report, we noted three research projects throughout the Application for which various professionals billed significant time with no tangible evidence proving the need for the research. The total hours spent were 58.90 for $1,910.30. The entries are provided below.

Between April 27 and 30, 2003, WFH spent a total of 24.30 hours for fees of $8,505.00 on legal research regarding strict liability issues.

04/27/03 WFH 8.30 Legal research re strict liability issues (8.3).

04/28/03 WFH 5.40 Legal research re strict liability issues (5.4).

04/29/03 WFH 7.20 Legal research re strict liability issues (7.2).

04/30/03 WFH 3.40 Legal research re strict liability issues (3.4).

Between May 7 and 9, 2003, WFH spent a total of 17.80 hours for fees of $6,230.00 on legal research on common law issues.

05/07/03 WFH 7.60 Legal research on common law issues re case and conferences with firm members re same (7.6).

05/08/03 WFH 6.80 Legal research on common law issues and confer with Mr. Marraro re same (6.8).

05/09/03 WFH 3.40 Legal research on common law issues (3.4).

Between June 17 and 30, 2003, LS spent a total of 16.80 hours for fees of $4,368.00 on legal research regarding multiple appeals.

06/17/03 LS 2.10 Legal research re: multiple appeals (2.1).

06/18/03 LS 2.20 Legal research re: multiple appeals (2.2).

06/19/03 LS 2.70 Legal research re: multiple appeals (2.7).

06/20/03 LS 3.50 Legal research re: multiple appeals (3.5).

06/24/03 LS 2.70 Legal research re: multiple appeals (2.7).

06/30/03 LS 3.60 Legal research re: multiple appeals (3.6).

In each instance, we find nothing in the fee detail to show that a resulting memorandum was prepared summarizing the research. Paragraph I.E. of the Guidelines states, ". . . In evaluating fees for professional services, it is relevant to consider . . .whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; . . ." For each project cited, we asked Wallace King to explain the necessity of the research as it pertains to the estate, and to address why no resulting memoranda or work products were prepared to support that need. Wallace King responded as follows:

> The research conducted by Mr. Hughes addressed several issues relating to the Grace Defendants' common law claims that we anticipate will be raised in the pending appeal before the U.S. Court of Appeals for the Third Circuit. The research conducted by Ms. Sneed relates to an appellate issue that formed the basis of a Motion to Dismiss that the Grace Defendants filed with the Third Circuit in August 2003. Consistent with our duties to protect our work product and litigation strategy, we have attempted to provide detail regarding these research projects sufficient for the Court and the Auditor to assess tasks, and the reasonableness of our professional services. However, we are aware that Honeywell reads our fee applications and therefore have been careful not to disclose the very detail of our work such that Honeywell could assess our strategy or work-product. We have attempted to strike a balance between these two objectives. If requested to do so, we would be willing

> to answer any questions or provide additional detail regarding these research projects by telephone to the Fee Auditor.
>
> Mr. Hughes did not memorialize the results of his common law research in a formal memorandum. However, he has compiled a substantial research file on these matters that will be utilized in the course of briefing before the Third Circuit.
>
> As noted, the results of Ms. Sneed's research were used in connection with a Motion to Dismiss that the Grace Defendants filed with the Third Circuit in August 2003. Additionally, the results of Ms. Sneed's research are maintained in research files that we anticipate using during the course of the appeal.

We are satisfied with this response and thus have no objection to these fees.

4. We noted two meal expenses totaling $669.79 which may be excessive. The entries are provided below.

B. Hughes - Dinner on 2/1/03 with Dr. Phil goad, expert consultant, at Trial (4 people) 255.40

B. Hughes - Dinner on 2/6/03 with experts and co-counsel at trial (4 people) 414.39

Paragraph I.E. of the Guidelines states, ". . . [i]n evaluating fees for professional services, it is relevant to consider . . .[w]hether the expense is reasonable and economical." We suggest reasonable expense ceilings of $15.00 per person for breakfast, $25.00 for lunch and $50.00 for dinner. We asked Wallace King to explain why the cited dinner entries should not be viewed as excessive. Wallace King's response is provided below:

> Wallace King acknowledges that the subject meal expenses exceed the fee auditor's suggested $50 per person ceiling for dinners and, accordingly, requests that Wallace King's payment for this quarterly application be reduced by $269.79. (Overcharges of $55.40 and $214.39 should be deducted for the 2/1/03 and 2/6/03 meals, respectively.) We apologize for any problems these overcharges may have caused.

We appreciate the response and thus recommend a reduction of $269.79 in expenses.

5. In our initial report, we noted an auto rental expense for $304.34 which may be excessive. The entry is provided below.

B. Hughes - Auto Rental for court hearing - 2/10-12/03 (sic) (2 days) 304.34

Other auto rental entries appearing in the Application average approximately $65.00 per day. We asked Wallace King to explain why this rental entry is so much higher. Wallace King responded as follows:

> The subject auto rental was for a sports utility vehicle (SUV) that Mr. Hughes drove from Washington to Newark, New Jersey in order to attend an evidentiary hearing before the Court. This expense was incurred in lieu of airfare to/from Newark, which would have been substantially more expensive. Mr. Hughes drove to Newark due to inclement weather conditions (snow) that threatened to delay air travel. He rented a more expensive 4-wheel drive SUV due to safety concerns.

We accept this explanation and have no objection to this expense.

## CONCLUSION

6. Thus, we recommend approval of fees totaling $311,612.10[2] and costs totaling $31,607.18 ($31,876.97 minus $269.79) for Wallace King's services from April 1, 2003, through June 30, 2003.

---

[2] Although the Application requests $311,612.10 in fees for this period, this amount reflects a 40% reduction, $196,541.40, for time spent with regard to the Honeywell litigation. Notwithstanding this discount, the actual amount of fees reviewed is $508,153.50.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:____________________________________
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 4080
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of October, 2003.

____________________________________
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

Christopher H. Marraro, Esq.
Wallace King Marraro & Branson PLLC
1050 Thomas Jefferson St. N.W.
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801