# EXHIBIT B

## AFFIDAVIT OF PAUL J. NORRIS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**AFFIDAVIT OF PAUL J. NORRIS IN SUPPORT OF THE MOTION
OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS
TO ENTER INTO AN EMPLOYMENT AGREEMENT WITH THE PROSPECTIVE
PRESIDENT AND CHIEF OPERATING OFFICER OF THE DEBTORS**

Paul J. Norris, being duly sworn, deposes and says:

1. I am chairman, president and chief executive officer of W. R. Grace & Co., a corporation organized under the laws of the State of Delaware, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in this proceeding. I offer this affidavit in support of the Motion of the Debtors for an Order Authorizing the Debtors to Enter into an Employment Agreement with the prospective President and Chief Operating Officer of the Debtors (the "Motion").

2. Over the past several months, I have discussed with the Board of Directors of the Debtors my current intention to remain with the Debtors until their emergence from these chapter 11 cases, depending on the timing of such emergence, and the need to address succession planning for the Chief Executive Officer ("CEO") position of the Debtors.

3. In light of my intentions, it was determined that revising the management structure of the Debtors by creating a Chief Operating Officer ("COO") position would be the best alternative for the Debtors.

4. The new management structure of the Debtors would provide that the Product Line Officers[1] report directly to the COO, who in turn would report to me as CEO. Under this structure, the Administrative Officers of the Debtors would continue to report directly to me as CEO.

5. The Debtors also concluded that revising the management structure to include a COO would have several other significant benefits, in addition to CEO succession planning. Those benefits include: (i) adding a high-level executive who would be focused primarily on managing the overall operations of the Debtors' businesses, in an effort to improve the current financial performance of those businesses and (ii) permitting me to dedicate a greater portion of my time to manage corporate-wide issues, such as our Chapter 11 Cases.

6. At the time it was concluded that the Debtors should retain a COO, and after various discussions with the Board regarding candidates, I identified a specific individual as my preferred candidate for the COO position (the "Candidate"). The Candidate then met with each member of the Board.

7. The Board concluded that the Candidate would bring specific and unique management and leadership strengths to the Debtors' businesses, which would make him particularly well-suited to assume the position of COO for the Debtors.

8. The Candidate has significant operational experience within the chemicals industry and senior financial management experience within general industry. He served as a vice president and general manager of a business unit of a major U.S. chemical manufacturer,

---

[1] Capitalize terms not defined herein shall have the meanings ascribed to them in the Motion.

where he also served as vice president of finance and business development for a major business unit. He also has experience regarding uses of technologies in ways that are relatively new to the Debtors' businesses, and has had responsibility for analyzing manufacturing and other businesses in order to determine the value of the businesses.

9. I strongly believe that the Candidate possesses the leadership, experience, drive, vision and other personal characteristics, which will allow the Candidate to assume an important role in improving the operations of the Debtors' businesses.

10. The Debtors believe that the Candidate possesses the experience and personal characteristics to become a successful CEO of the Debtors.

11. The Candidate has verbally accepted the COO Agreement and I expect that the Board will approve the COO Agreement at its next scheduled meeting on November 6, 2003.

12. Retaining the Candidate will address the Debtors' need for CEO succession planning by providing the Debtors the choice of promoting an individual to CEO who has gained familiarity with all of the Debtors' businesses as COO. The Candidate will also fill a need in the Debtors' management structure by providing a talented and experienced executive to oversee the Debtors' businesses, from the perspective of the overall benefit to the Debtors and their estates. The Candidate will have the opportunity to, among other things, promote cost savings and business enhancement opportunities across the product lines.

13. In addition, the Debtors will benefit from the retention of the Candidate because I will then be able to dedicate a greater portion of my efforts to the management of other corporate-wide issues, like the Debtors' Chapter 11 Cases.

AFFIANT FURTHER SAYETH NOT

Dated this 13 day of October, 2003.

*[signature]*
Paul J. Norris

SUBSCRIBED AND SWORN TO BEFORE ME

this 13 day of October, 2003.

*[signature]*
Notary Public
My Commission Expires: 9-1-06

*[Notary seal: JANET L. DAVIS, NOTARY PUBLIC, CARROLL COUNTY, MD]*

4