# EXHIBIT B

## Mr. Hamlin's Affidavit

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| W. R. GRACE & CO., ET AL.,[1] ) | CASE NO. 01-01139 (JKF) |
| ) | |
| DEBTORS. ) | JOINTLY ADMINISTERED |

VERIFIED STATEMENT OF C. JUDSON HAMLIN
PURSUANT TO BANKRUPTCY RULE 2014(a)

Pursuant to Bankruptcy Rule 2014(a), C. Judson Hamlin submits the following verified statement:

1. At the present time, I am not affiliated with or representing any person or entity with claims against, or any other interest in, the Debtors'[2] estates.

2. I previously served on the New Jersey Superior Court bench in both the Criminal and Civil Divisions. I concluded my judicial service as Presiding Judge of the Civil Division of Middlesex County for two and one half years and as Presiding Judge of the Chancery Division

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

for two years. During my judicial tenure, I was assigned statewide responsibility for complex Mass Tort matters. I managed statewide litigation involving breast implants, Norplant contraceptive devices, the Global Landfill, large scale environmental claims, the Durham Woods Gas pipeline explosion cases, and complex coverage actions. I presided over and successfully completed the Prudential Brokerage Class Actions filed in New Jersey. I sat on several New Jersey Supreme Court Committees and was appointed in 1993 to be the sole New Jersey representative on the Mass Tort Litigation Committee of the National Conference of State Chief Justices. Most recently I was appointed to chair the Mass Tort Advisory Committee of the New Jersey Supreme Court..

3.   I have more than 20 years' experience in handling asbestos-related claims and issues, as well as other mass tort, product liability and environmental matters. I have also served as the Interim Claims Administrator of the National Diet Drug Class Action Settlement Trust. Upon judicial approval of the Class Action Settlement, I was appointed as Executive Director of Claims Administration for the Trust in which capacity I served through 2001. In that capacity I formulated claims procedures, supervised staff and interacted with the Courts, counsel for the parties and a 400,000 claimant base. At the conclusion of my tenure the Trust had paid out over $500 million in compensation as well as providing free Transthoracic Echocardiograms for 125,000 claimants. I have been appointed to act as the Representative of Future Claimants in the G-1 chapter 11 cases. I was appointed as Compliance Master by the Superior Court of New Jersey in 2002 for the Cooper Tire $2 Billion national class action settlement which resolved consumer claims and reconfigured manufacturing, inspection and warranty practices nationwide. My duties include monitoring compliance, interpreting requirements of the settlement agreement and reporting to the Court. I currently oversee the New Jersey Pension Fund's efforts to recoup

its multi billion dollar losses. In that capacity I coordinated the selection of securities litigation firms retained by the State and supervised multi jurisdiction litigation in which the State of New Jersey became lead party in the five national class action filings.

4. I presently serve as a special consultant and case manager assigned by this Court to assist in the resolution of the five asbestos-related bankruptcy cases pending before this Court, including these chapter 11 cases. Since being appointed on November 11, 2002, I have become thoroughly familiar with the complex issues facing the future claimants therein.

5. To the best of my knowledge, I do not have any interest adverse to the Debtors or any of the Future Claimants, as that term is defined in the Application for my appointment as the Future Representative.

6. I do not believe that serving as the Future Representative to represent the rights and interests of the Future Claimants of the Debtors presents a conflict of interest.

7. No agreement or understanding exists between me and any other person for the sharing of compensation received or to be received for services rendered by me in connection with this proceeding.

8. I have not received compensation in this case, nor has an agreement been made as to compensation to be paid except as set forth in the Application as outlined below:

    a. I have agreed to charge a rate of $500.00 per hour for my time spent plus reimbursement of expenses.

    b. I have reviewed (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee

@ 005

Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 entered by this Court and I agree to comply with the provisions thereof and with a y other orders that may be entered by the Bankruptcy Court with respect to the compensation of professionals in these cases.

Dated: October 13, 2003

C. JUDSON HAMLIN

Sworn to before me this
13th day of October, 2003

Notary Public

MONICA A. WEGELER
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JAN. 28, 2006

C:\WINDOWS\TEMP\Future Rep Affidavit [10-8].doc