IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ORDER APPOINTING C. JUDSON HAMLIN AS
## LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS

Upon the application, dated October 13, 2003 (the "Application")[2], of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 327 and 524(g)(4)(B)(i) of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), for the appointment of C. Judson Hamlin as legal representative for future claimants; and the Court being satisfied, based on the representations made in the Application and Affidavit, that C. Judson Hamlin represents no interest adverse to the Debtors' estates with respect to the matters upon which he is to be engaged, that C. Judson Hamlin is a "disinterested

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the appointment of C. Judson Hamlin as Future Representative is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Application is GRANTED; and it is further

ORDERED that C. Judson Hamlin is hereby appointed as the legal representative (the "Future Representative") of any and all persons as defined in section 524(g)(4)(B)(i) of the Bankruptcy Code (the "Future Claimants") who may assert demands (as that term is defined in section 524(g)(5) of the Bankruptcy Code) against one or more of the Debtors; and it is further

ORDERED that the Future Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' chapter 11 cases, and shall have such powers and duties of a committee as set forth in 11 U.S.C. § 1103 as are appropriate for a Future Representative; and it is further

ORDERED that the Future Representative shall be compensated, at the rate of $500.00 per hour, in accordance with (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Compensation Order") entered in these cases; and it is further

ORDERED that the Future Representative may employ attorneys and other professionals consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Administrative Compensation Order; and it is further

ORDERED that the Future Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; provided, however, that the Future Representative may be liable for damages caused by his willful misconduct or gross negligence. The Future Representative shall not be liable to any person as a result of any action or omission taken or made by the Future Representative in good faith. The Debtors shall indemnify, defend and hold the Future Representative and his agents and professionals harmless from any claims by any party against the Future Representative arising out of or relating to the performance of his duties as Future Representative, provided however, that the Future Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Future Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Future Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification,

contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, the Future Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Future Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Future Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Future Representative. In the event that a cause of action is asserted against the Future Representative arising out of or relating to the performance of his duties as Future Representative, the Future Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Official Creditors' Committee and the Asbestos Claimants Committee and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Agreed Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing; and it is further

ORDERED that this Court shall retain jurisdiction to interpret, enforce and implement the terms and provisions of the Order and to resolve any disputes arising hereunder.

Dated: _____, 2003

                                                    The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge