## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 01-1139 (JKF), <u>et</u> <u>seq</u>. |
| W.R.GRACE CO., et al. | : Jointly Administered |
| | : Hearing Date: Nov. 17, 2003 |
| Debtor. | : Objections due: Oct. 31, 2003 |

### MOTION TO COMPEL

1.      Wesconn Company, Inc. and FUS, Inc. are customers of Debtor W.R. Grace Co., et al.  Wesconn and FUS have purchased non-asbestos gypsum or cement material for approximately twenty years.

2.      Beginning in June 2000, Wesconn experienced problems in application of the Debtor's product which continued throughout that construction season.  As a result of consultation with Debtor's experts, it was determined that a change in Debtor's manufacturing process resulted in unacceptable variances in Debtor's product which caused the clogs and resulting construction delays.

3.      Negotiations between Wesconn, FUS and Debtor took place prior to the April 2, 2001 petition Debtor filed under Chapter 11.

4.      Because Wesconn and FUS believed the matter was non-asbestos and had some indication through conversation with Debtor's employees that insurance was applicable in this instance they filed a motion for relief from stay on May 14, 2002 which was denied by the court.

5.      At the July 22, 2002 hearing the Court denied Wesconn and FUS's motion for relief from stay but granted leave for Wesconn and FUS to file early proof of claims and required Debtor to respond to them.  Wesconn and FUS filed proofs of claim on July 22, 2002.  Debtor's filed their response on September 30, 2002.

6.    On April 6, 2003 Wesconn and FUS filed interrogatories and request for production on Debtor's counsel (Exhibits 1 and 2).

7.    No objections were filed.

8.    On June 4, 2003 counsel for Wesconn and FUS wrote Debtor's counsel asking for responses to the overdue discovery (Exhibit 3).  Debtor's counsel communicated with Wesconn and FUS's counsel several times by telephone and e-mail on June 10, 11, 16 and 18, 2003.  The discovery was e-mailed to Christian Lane, Esquire of Kirkland & Ellis on June 11, 2003.  See attached Exhibit 4.

9.    No responses have been received to date.

WHEREFORE, Wesconn and FUS respectfully request this Court to enter the attached Order compelling Debtor to respond to discovery.

Respectfully submitted,
WILLIAM W. ERHART, PA.
_____/s/_____
William W. Erhart (#2116)
800 King Street, Suite 302
PO Box 234
Wilmington, DE 19899-0234
(302) 651-0113

Dated:  October 15, 2003          Attorney for Defendant.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R.GRACE CO., et al. | : Case No. 01-1139 (JKF), et seq. |
| | : |
| Debtor. | : Jointly Administered |

### **ORDER**

Having heard Wesconn Co., Inc.'s and FUS, Inc.'s motion to compel discovery the same is hereby granted.  Debtor shall serve responses to discovery no later than _____.

Debtor shall pay an attorney's fee to Wesconn and FUS in the amount of $_____ no later than _____.

_____
United States Bankruptcy Judge

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a copy of the attached foregoing has been served by William W. Erhart,

Esquire upon the following counsel on October 15, 2003.

By Hand Delivery
Laura Davis Jones, Esquire
Pachulski Stang Ziehl Young & Jones, P.C.
919 North Market St., 16th Floor
PO Box 8705
Wilmington, DE 19801

By First Class Mail
Christian J. Lane, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

_____
William W. Erhart (#2116)