**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et al.* | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtor.** | ) | |
| | ) | **Re: Docket No. 4346** |
| | ) | **Hearing Date:** |
| _____ | ) | **Objection deadline:** |

**MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM NO. 1658
FILED BY VALÉRON STRENGTH FILMS AGAINST W.R. GRACE & CO.**

Pursuant to 11 U.S.C. § 502(j) and Fed. R. Bankr. P. 3008, Valéron Strength Films

("VSF"), moves this Court for reconsideration of its August 25, 2003 Order Granting The Relief

Sought In Debtors' Second Omnibus Objection To Claims (Non-Substantive) [Dkt. No. 4346]

("Disallowance Order") to the limited extent that the Disallowance Order disallowed Claim No.

1658 which was timely filed by VSF against W.R. Grace & Co. (the "Debtor"), one of the

debtors in the above-captioned proceeding.

As set forth herein, cause exists to reconsider the Disallowance Order and reinstate VSF's

claim for the following reasons:

- VSF never received notice of the Debtors' Second Omnibus Objection (defined herein);

- As reflected in the Debtor's schedules filed with the Court, the Debtors acknowledge owing a debt to VSF in the amount of $208,435.24, only $1,300.00 less than the claim timely filed by VSF in the Debtors' case;

- Once the Disallowance Order is vacated to the extent of VSF's claim, the Debtors will be free to object to VSF's claim on the merits in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure; and

- Even if VSF received notice of the Second Omnibus Objection, the Debtors' pleadings are exceedingly confusing and insufficient to effectively apprise VSF of the Debtors' specific objection to its claim.

{KMM3928.DOC}

In further support of this Motion, VSF respectfully represents as follows:

## VSF's Claim Against The Debtors

1.      On or about June 1, 2001, the Debtors filed their Schedules with the Court [Dkt. No. 376] reflecting a liquidated, undisputed debt due and owing to VSF in the amount of $208,435.24.  On or about July 23, 2002, VSF filed Claim No. 1658 (the "VSF Claim") against the Debtors for $209,734.09.  The VSF Claim was filed on account of certain laminated films ordered by and shipped to the Debtors prior to its April 2, 2001 petition date.  Specifically, the VSF Claim was filed on account of three (3) unpaid invoices, copies of which are attached hereto as Exhibit A along with a copy of the proof of claim.

2.      As reflected in the docket maintained with respect to the Debtors' case, on or about July 21, 2003, the Debtors filed their Second Omnibus Objection To Claims (Non-Substantive) [Dkt. No. 4089] (the "Second Omnibus Objection").  Exhibit D of the Second Omnibus Objection is a schedule of approximately 500 claims for which the Debtors allege no supporting documentation was provided.  Notwithstanding the *de minimis* difference between the claim scheduled by the Debtors and the claim filed by VSF, the VSF Claim is included in Exhibit D.  Relying on Fed. R. Bankr. P. 3001(c), the Debtors requested that each of these claims should be disallowed and expunged in their entirety.

3.      The certificate of service filed by Debtors along with the Second Omnibus Objection does not reflect that VSF received a copy of the Second Omnibus Objection [Dkt. No. 4089].  However, on July 25, 2003, the Debtors' claims processor, Bankruptcy Management Corporation ("BMC"), filed its declaration of service [Dkt. No. 4121] certifying that the following documents were served upon 746 claim holders (including VSF) on July 21, 2003:

- Notice of Filing Debtors' Second Omnibus Objection To Claims (Non-Substantive) [Custom];

- Debtors' Second Omnibus Objection To Claims (Non-Substantive); and

- [Proposed] Order Granting The Relief Sought In Debtors' Second Omnibus Objection To Claims (Non-Substantive).

4.        Notwithstanding BMC's certification that it served a copy of its Second Omnibus Objection upon VSF, VSF never received notice of the Second Omnibus Objection.  *See* Declaration of Ron Luce In Support Of Motion For Reconsideration Of Order Disallowing Claim No. 1658 Filed By Valéron Strength Films Against W.R. Grace & Co. (the "Luce Declaration") at ¶ 5, a copy of which is attached hereto at Exhibit B.  On August 25, 2003, the Court entered an order granting the relief sought by the Second Omnibus Objection.

## Applicable Authority

5.        A bankruptcy court's authority to reconsider its previous order disallowing and expunging a claim is found in 11 U.S.C. § 502(j) and Fed. R. Bankr. P. 3008.  Section 502(j) of the Bankruptcy Code, in pertinent part, provides as follows:

> A claim that has been … disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case.

11 U.S.C. § 502(j).

6.        Fed. R. Bankr. P. 3008 provides the means for seeking reconsideration as follows:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.  The court after a hearing on notice shall enter an appropriate order.

Fed. R. Bankr. P. 3008.

7.        While a disallowed claim may be reconsidered for "cause," the term is not defined in section 502(j) of the Bankruptcy Code.  As a result, the application and interpretation of its

meaning is 'a matter of judicial construction.'" *See* <u>In re Lomas Financial Corporation</u>, 212 B.R. 46, 51 (Bankr. Del. 1997) (PJW) (finding debtor's failure to serve claimant's counsel with a copy of the claim objection warranted vacating the order disallowing such claim) (citing <u>In re Yagow</u>, 62 B.R. 73, 78 (Bankr. D.N.D. 1986)).  In this vein, motions to reconsider the disallowance of a claim usually focus on the claimant's ability to show "excusable neglect … for its failure to be aware of the existence or significance of the unattended initial hearing on the objection to the claim." <u>In re Giordano</u>, 1999 WL 527717 at *1, No. 98-33249DAS (Bankr. E.D.Pa. July 20, 1999).

8.      A finding of excusable neglect necessitates an equitable inquiry, "taking account of all relevant circumstances surrounding the party's omission." <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993) (finding that an attorney's inadvertent failure to file a proof of claim by the bar date can constitute excusable neglect).  Factors to be considered include: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  <u>Id</u>.

## The Equities Of The Case Require That The VSF Claim Be Reinstated

9.      As reflected in the Luce Declaration, VSF did not receive notice of the Second Omnibus Objection, and it was denied the procedural due process right to respond to the same. *See* Luce Declaration at ¶ 5.  Accordingly, VSF submits that its failure to receive the Second Omnibus Objection constitutes sufficient grounds to have the VSF Claim reinstated.  *See* <u>In re Levoy</u> (<u>United States v. Levoy</u>), 182 B.R. 827, 833 (9th Cir. B.A.P. 1995) (finding that "judgment is … void when it is found that there has been defective service of process that is inconsistent with due process of law").

10.    Notwithstanding the threshold issue of service, consideration of the <u>Pioneer</u> <u>Investment</u> factors similarly militates in favor of reinstating the VSF Claim.  In the instant case, the Debtors will not be unfairly prejudiced by the reinstatement of the VSF Claim for at least two reasons: (1) as reflected in the Debtors' Schedules, the Debtors acknowledge owing VSF $208,435.24, and (2) even if the Debtors continues to disagree with the $1,298.85 difference between the VSF Claim as filed and scheduled, it is free to subsequently object to the same.[1] While the Debtors will not be prejudiced if the VSF Claim is reinstated, denying the relief sought in this Motion will permanently affect VSF's rights as a legitimate creditor in the Debtors' case.

11.    The length of delay in the instant case is minimal.  While the Court's Order granting the Second Omnibus Objection was entered on August 25, 2003, it was not served upon the affected claimants until September 22, 2003 [Docket No. 4527].  VSF received a copy of the Order on or about September 26, 2003 and promptly contacted counsel regarding the same, leading to the filing of the instant Motion within a reasonable amount of time.  *See* Luce Declaration at ¶ 4.  Finally, VSF's limited request to have the Order reconsidered to the extent of the VSF Claim is not a result of its bad faith.  VSF did not receive notice of the Second Omnibus Objection and only seeks to have a claim reflecting amounts properly due to it reinstated in this case.

### Notice Of The Second Omnibus Objection Was Insufficient

12.    Assuming *arguendo* that VSF did receive notice of the Second Omnibus Objection, the Debtors' notice is exceedingly confusing and not compliant with the Court's Local Rules.  Accordingly, cause would exist to reconsider the Disallowance Order with respect

---

1.    Notwithstanding the foregoing, VSF anticipates that upon review of the three (3) invoices that comprise the VSF Claim, copies of which are attached hereto as <u>Exhibit A</u>, no such further objection as to the amount of the VSF claim will be necessary.

to the VSF Claim even if it did receive notice.  As reflected above, on July 21, 2003, the Debtors filed and served the Second Omnibus Objection.  On the same date, BMC purportedly served a copy of the Second Omnibus Objection, without Exhibits, upon each of the affected claimants.

13.    While Local Rule 3007-1(e)(5) requires that each claim holder whose rights are affected by an objection receive a "Notice of Objection to Claim," each of the claim holders affected by the Second Omnibus Objection received a "Notice of Filing."  The Local Rule further provides that the notice of objection shall either (1) conform to Local Form 113 (requiring a bold-typed disclaimer that failure to respond may result in the relief sought by the objection being granted), or (2) include a copy of the objection.  In the instant case, because the notice was improperly titled and did not include the requisite disclaimer and because BMC only included portions of the Second Omnibus Objection, the Local Rule requirements were not satisfied, resulting in inadequate notice to all claim holders.[2]

14.    Further, while the Notice of Filing cautions claim holders that failure to "timely file and serve a response to the Second Omnibus Objection," will result in the relief requested being granted, the Exhibits detailing the factual bases for the Debtors' objection are not attached thereto.  In other words, the Second Omnibus Objection in the form served upon affected claim holders left nothing to respond to.  Accordingly VSF would not be able to formulate a response even if it did receive the notice.

---

2.    While BMC's "custom" notice includes a small designation of the claim holder's address and claim amount inserted between the caption and title, the Notice of Filing does not make clear exactly which claims are being objected to.  Specifically, the Notice of Filing states that "BMC will serve a copy of the Second Omnibus Objection and a customized Notice summarizing claim detail exactly as reflected in the Exhibit on which such creditor is listed upon those creditors that have filed claims that are affected by the Second Omnibus Objection in lieu of serving all Exhibits."  However, the Notice of Filing apparently was that notice and no subsequent notice of objection was ever served upon claim holders, only adding to the recipient's confusion.

WHEREFORE, VSF requests that this Court enter an order substantially in the form attached hereto: (1) vacating the Order granting the Second Omnibus Objection, (2) reinstating VSF's proof of claim, and (3) providing such other relief as may be appropriate under the circumstances.


Dated:  October 24, 2003                              SMITH KATZENSTEIN & FURLOW LLP


                                                      /s/ Kathleen M. Miller
                                                      Kathleen M. Miller (No. 2898)
Of Counsel                                            800 Delaware Avenue, 7th Floor
Matthew A. Swanson                                    P.O Box 410
Shaw Gussis Fishman Glantz                            Wilmington, DE 19899 (Courier 19801)
  Wolfson & Towbin LLC                                Telephone:  302-652-8400
321 North Clark Street, Suite 800                     Telecopy:  302-652-8405
Chicago, IL 60610                                     Email:  kmiller@skfdelaware.com
Phone: (312) 541-015
                                                      Counsel To Valéron Strength Films

{KMM3928.DOC}