IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEPOSITION DUCES TECUM OF
W.R. GRACE & CO. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

TO:    Laura Davis Jones, Esquire          James H.M. Sprayregen, Esquire
        David W. Carickhoff, Jr., Esquire    Janet S. Baer, Esquire
        Pachulski, Stang, Ziehl, Young &      Kirkland & Ellis, LLP
        Jones, P.C.                                    200 East Randolph Drive
        919 Market Street, 16th Floor       Chicago, IL 60601
        Wilmington, DE 19801

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Rules 7030, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, D.K. Acquisition Partners, L.P., Bear, Stearns & Co. Inc., Fernwood Associates, L.P. and Deutsche Bank Trust Company Americas (collectively, the "Unofficial Committee"), by and through their counsel of record, Klehr, Harrison, Harvey, Branzburg & Ellers LLP and Willkie Farr & Gallagher LLP, will take the deposition upon oral examination of W.R. Grace & Co. ("Grace" or the "Debtor") with respect to the topics listed on Schedule A hereto on **November 12, 2003, beginning at 10:00 a.m. EST**, and continuing from day to day thereafter until completed, at the offices of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801. The deposition will be taken before a notary public or other officer duly authorized to administer oaths and take

DEL1 54152-1

testimony, and will be recorded by stenographic means and may be audiotaped and/or videotaped.

PLEASE TAKE FURTHER notice that W.R. Grace & Co. shall produce the documents identified in the requests attached hereto as Schedule B at the offices of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801 no later than **November 7, 2003 at 9:00 a.m. EST**.

Dated: October 29, 2003

        **KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP**

        By: /s/ Joanne B. Wills
            Joanne B. Wills (#2357)
            Jennifer L. Scoliard (#4147)
            919 Market Street, Suite 1000
            Wilmington, DE 19809-3062
            (302) 426-1189

        **WILLKIE FARR & GALLAGHER LLP**
            787 Seventh Avenue
            New York, NY 10019
            (212) 728-8000

        Counsel for Unofficial Committee
        Of Unsecured Creditors

## SCHEDULE A

## DEFINITIONS

1. "Five Asbestos Cases" refers to the following cases pending in the United States District Court for the District of Delaware: *In re W.R. Grace & Co. et al.,* Nos. 01-1139 through 01-1200; *In re Armstrong World Industries, Inc. et al.,* Nos. 00-4471, 00-4469, 00-4470; *In re Federal-Mogul Global, Inc., T&N Limited, et al.,* Nos. 01-10578 et al.; *In re USG Corp. et al.,* Nos. 01-2094 through 01-2104; *In re Owens-Corning, et al.,* No. 00-03937.

2. "*Grace*" refers to *In re W.R. Grace & Co. et al.,* Nos. 01-1139 through 01-1200.

3. "Application" means the Application of Debtors Pursuant to 11 U.S.C. §§ 105, 327, and 524(g)(4)(B) for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants in *Grace*.

4. "*G-I Holdings*" refers to *In re G-I Holdings Inc.,* No. 01-30135 (RG) (Bankr. D.N.J.).

5. "Judge Wolin" refers to the Hon. Alfred Wolin, U.S. District Judge for the District of New Jersey, and to members of his staff, including law clerks, courtroom deputies, secretaries, and interns.

6. "Debtors" refers to debtors and debtors in possession.

7. "Person" and "you" (in all their forms) means any natural person or any business, legal, or governmental entity or association.

8. "All" and "each" shall be construed as all and each.

9. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests any information which might otherwise be construed to be outside their scope.

10. The use of the singular form of any word includes the plural and vice versa.

11. "Concerning" means relating to, referring to, describing, evidencing, constituting or in any way factually related to.

12. "Documents" shall have the broadest possible meaning including, but not limited to, papers, reports, notes, correspondence, and electronic or other computerized information or data. A draft or non-identical copy (or which, by reason of subsequent modifications, including but not limited to underlining, showing of blind copies, crossing out, initials, comments, signatures, documents attach ed, clipped or stapled or referring thereto, etc., are no longer identical) is a separate document within the meaning of this term and each shall be produced.

**TESTIMONY REQUIRED**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Grace is hereby notified of its obligation to designate one or more officers, directors, or managing agents, or other persons who consent to testify on Grace's behalf with respect to the following subjects:

(1) communications, meetings, and other dealings by or between Debtors and (a) Judge Wolin, (b) C. Judson Hamlin, and (c) any individual considered as a potential legal representative for future asbestos claimants in *Grace*;

(2) the Application;

(3) the discussions Debtors allegedly had with the various Creditors' committees and their respective legal and financial advisers with respect to an appropriate legal representative for future asbestos claimants in *Grace*, as alleged in paragraph 7 of the Application;

(4) the consideration given by the Debtors to several potential candidates for legal representative for future asbestos claimants, as alleged in paragraph 7 of the Application; and

(5) Debtors' contention that the proposed selection of C. Judson Hamlin as legal representative for future claimants in *Grace* constitutes an exercise of "sound business judgment" by Debtors, as alleged in paragraph 7 of the Application.

Additionally, the person(s) so designated is expected to produce for inspection and copying, at the time and place of the examination, the documents identified on the attached Schedule B.

## SCHEDULE B

## INSTRUCTIONS

1.    Documents produced in response hereto shall be organized and designated to correspond to the categories in this request or produced in their entirety, in unredacted form, including all attachments and enclosures, as they are kept in the ordinary course of business, and identified as to the request or requests to which they are responsive.  If any information specified in any request appears on any page of any document, all pages of the document shall be produced in response to the request.

2.    Each request shall extend to all documents that are, or have been, in your direct or indirect possession, custody or control, or that were prepared, written, altered, sent, dated, or received, in whole or in part, at any time during the period of time covered by these requests.

3.    To the extent that you object to any request, set forth all reasons for the objection.  If you object in part to any request, produce the balance of the documents.

4.    If you claim privilege as a ground for not answering any request in whole or in part, identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked.  Produce so much of the document as to which you do not claim privilege, and for each document or part of the document as to which you claim privilege, provide the following information:  (i) the type of document; (ii) the number of pages of the document; (iii) the place, date, and manner of recording or otherwise preparing the document; (iv) the name and title of the author of the document, and the name and title of all recipients thereof; (v) the general subject matter of the document; (vi) a statement of the basis on which a privilege is claimed and

whether or not the subject matter of the contents of the document is limited to legal advice or information provided for recurring legal advice; and (vii) such other information as is necessary to identify the document.

5. In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its author, its addressee(s), each recipient thereof, the date the document was prepared and transmitted, a description of the subject matter, the date and manner of its destruction, and the person who destroyed it, as well as a description of the efforts undertaken to locate the document and copies thereof.

6. The requests set forth herein are hereby deemed to be continuing so as to require supplemental responses if additional responsive documents are obtained or discovered between the time of responding to these requests and the final disposition of this litigation.

7. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

8. Unless otherwise specified, the requests set forth herein call for documents created on or after October 5, 2000.

9. In responding to this subpoena, you are directed to furnish all responsive documents available at the time of production, and to supplement your responses whenever necessary, in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

10. The documents produced shall be organized and labeled so as to correspond with the categories of this request, as set forth in the numbered paragraphs below, or shall be produced as they are kept in the ordinary course of business.

## DOCUMENTS REQUESTED

1. With respect to the Five Asbestos Cases, any and all documents concerning communications with or between one or more of the following individuals: David R. Gross; C. Judson Hamlin; Judge Wolin; and any individual considered as a potential legal representative for future asbestos claimants in *Grace*.

2. Any and all documents concerning the Application.

3. Any and all documents concerning communications by or between you and C. Judson Hamlin, William A Drier, Esq., David R. Gross, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern relating to In re W.R. Grace & Co., et al.

4. Documents concerning the discussions the Debtors allegedly had with the various Creditors' committees and their respective legal and financial advisers with respect to an appropriate legal representative for future asbestos claimants in *Grace*, as alleged in paragraph 7 of the Application

5. Documents concerning the consideration given by the Debtors to several potential candidates for legal representative for future asbestos claimants, as alleged in paragraph 7 of the Application.

6. All documents that support Debtors' contention that the proposed selection of C. Judson Hamlin as legal representative for future claimants in *Grace* constitutes an exercise of "sound business judgment" by Debtors, as alleged in paragraph 7 of the Application.

7. All documents concerning any communications with C. Judson Hamlin, or any one acting for or on his behalf, including any person advocating or suggesting his appointment as legal representative for future claimants *Grace*.