IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., | : | |
|       et al., | : | |
|       Debtors. | : | Bankruptcy No. 01-1139 (JKF) |
| | : | Jointly Administered |

Objection Deadline: October 31, 2003 at 4:00 PM
Hearing Date: November 17, 2003 at Noon

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION OF THE DEBTORS FOR THE APPOINTMENT OF C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS (Dkt. No. 4575)**

COMES NOW Roberta A. DeAngelis, the Acting United States Trustee ("UST") for this District, by and through her counsel, and objects to the Application Of The Debtors for the Appointment of C. Judson Hamlin as Legal Representative for Future Claimants (the "Application") as set forth below:

1.    Pursuant to 28 U.S.C. § 586 , the UST is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

2.    Pursuant to 11 U.S.C. § 307 the UST has standing to be heard.

3.    The Application seeks to appoint C. Judson Hamlin ("Hamlin") as the Legal Representative for Future Claimants ("Futures Representative") to fulfill the functions envisioned under section 524(g)(4)(B) of the Bankruptcy Code.

4.    The disclosures accompanying the Application are incomplete and/or deficient in several respects as set forth below:

  a. <u>Hamlin's Firm Affiliation and Connections of the Firm</u>: The curriculum vitae of Hamlin attached to the Application as Exhibit A describes him as "Of Counsel" but neither the curriculum vitae nor any other averment in the Application clearly identify the firm to which Hamlin is of counsel.[1]  The Application's disclosures are incomplete without a disclosure of the current firm affiliation of Hamlin and the connections, if any, of that firm with the Debtor, any creditors, or interested parties in this case.

  b. <u>Hamlin's Status and Activities as a Consultant/Advisor to the Court in This Case</u>.  The Application recites that Hamlin has been appointed "to act as a special consultant and case manager in six asbestos chapter 11 cases" (Application at ¶ 11), without indicating that one of those "six asbestos chapter 11 cases" is <u>this case</u>.  While it may be that this fact is known to most of the parties reading the Application, that only serves to point up the question of why the Application is so circumspect on this matter.  Furthermore, the Application fails to disclose the extent to which Hamlin has already provided advice and consultation to this Court in this case (examples of which are cited in the objection to this Application filed by an *ad hoc* committee of certain creditors on October 29, 2003).

  c. <u>Hamlin's Intentions Regarding Continued Service as Advisor to the Court</u>.  The Application does not address the question whether Hamlin intends to continue serving as a "Court Appointed Consultant and Special Master" pursuant to the December 28, 2001 Order of the Honorable Alfred M. Wolin (the "Consultant Order"), either in this case or in any of the other cases covered by the Consultant Order.

---

[1] The C.V. refers to "the Purcell firm" but does not provide the full name of the firm or indicate whether such firm is Hamlin's current affiliation.

      d.    <u>The Motion to Recuse Judge Wolin</u>.  The Application does not disclose or discuss the implications of the motion ("Recusal Motion") that has been filed in the *Owens Corning* case, No. 00-3837, seeking the recusal of Judge Wolin due to, *inter alia*, Hamlin's simultaneous service as an advisor to the Court pursuant to Consultant Order and as Futures Representative in the *G-I Holdings* case pending in the United States Bankruptcy Court for the District of New Jersey.

<u>At a Minimum, This Application Should Be Held in Abeyance
Pending Determination of the Recusal Motion</u>

5.    The granting of the Recusal Motion in *Owens Corning* would compel a finding that Hamlin's appointment herein as Futures Representative should not be approved, or, alternatively, would compel the recusal of Judge Wolin from this case in the event that Hamlin were appointed as Futures Representative herein.  Therefore, due to the interrelationship between the factual basis of the Recusal Motion and this Application, and due to the potential impact of granting the Recusal Motion, this Application should be held in abeyance pending determination of the Recusal Motion, unless the Court determines that it should be denied on the independent grounds set forth below.

<u>Separately From the Recusal Motion, Hamlin Possesses Conflicting Interests</u>

6.    Regardless of whether the Bankruptcy Code is interpreted as expressly requiring that a Futures Representative be a "disinterested person" as defined in sections 101(14) and 327, the UST submits that it would be inappropriate for the Court to approve the appointment of a Futures Representative who has a clear conflict of interest and therefore cannot discharge his or

her duties of representing the constituency of persons as yet unknown holding future demands as defined in section 524(g).

7. Hamlin's roles as court appointed consultant and special master <u>in this case</u> and as Futures Representative are in direct conflict. One is an impartial role which Judge Wolin has likened to that of an examiner. The other role is clearly partisan, to represent the interests of a constituency whose interests are not represented by the Debtor, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, or the Official Committee of Asbestos Property Damage Claimants and which are in conflict and competition therewith. Because Hamlin here has served (and may intend to continue serving) conflicting interests <u>in the same case</u>, this conflict is more direct than, and exists independently of, the conflict alleged in the Recusal Motion between Hamlin's role pursuant to the Consultant Order and his role as Futures Representative in a case pending in another district which Judge Wolin is not supervising.

8. The UST reserves the right to conduct discovery regarding the Application and to amend this Objection to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the UST respectfully prays this Honorable Court to deny the Application and for such other relief at law and in equity as this Honorable Court may deem to be proper.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**

        BY:   **/s/ Frank J. Perch, III**
            Frank J. Perch, III, Esquire
            Assistant United States Trustee
            J. Caleb Boggs Federal Building
            844 King Street, Room 2207, Lockbox 35
            Wilmington, DE  19801
            (302) 573-6491
            (302) 573-6497 (Fax)

DATED: October 30, 2003