IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al. | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | **Relates to Docket No. 4575** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE APPLICATION OF DEBTORS
PURSUANT TO 11 U.S.C. §§ 105, 327 AND 524(g)(4)(B), FOR THE APPOINTMENT OF
C. JUDSON HAMLIN AS LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS**

TO:   THE HONORABLE JUDITH K. FITZGERALD
      UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Creditors' Committee"), by its undersigned counsel, submits this objection to the application filed by the Debtors on or about October 13, 2003 (the "Application") seeking the appointment of C. Judson Hamlin as Legal Representative for Future Claimants (the "Futures Representative"), and respectfully states as follows:

### PRELIMINARY STATEMENT

1.   By their Application, the Debtors seek the appointment of C. Judson Hamlin as Futures Representative in these cases. The Debtors contend that Mr. Hamlin is qualified to serve the interests of the class of future asbestos personal injury claimants, but that is not the issue. The Application is almost completely silent as to the pertinent issue that disqualifies Mr. Hamlin from serving as Futures Representative: his participation as a Court Appointed Consultant to

WILM\190711.1

District Judge Wolin in these very same bankruptcy cases, among four others. Mr. Hamlin has, at the Court's request, evaluated and considered various legal matters at issue in the W.R. Grace and other asbestos bankruptcy cases, and advised the Court on those issues. As a result, Mr. Hamlin's quasi-judicial role disqualifies him from serving as Futures Representative. Mr. Hamlin's nearly two year long position as a trusted advisor to Judge Wolin in these bankruptcy cases cannot be erased or remedied in order to cure this conflict. The only remedy is to deny the Application.

## BACKGROUND

2. On April 2, 2001, the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code and have continued in the management and operation of their business and property.

3. On or about November 27, 2001, the U.S. Court of Appeals for the Third Circuit appointed District Judge Alfred M. Wolin to preside over five asbestos bankruptcy cases pending in the U.S. Bankruptcy Court for the District of Delaware, including the W.R. Grace bankruptcy cases (the "Delaware Asbestos Bankruptcies").[1] In appointing Judge Wolin, that Court noted the common issues in the Delaware Asbestos Bankruptcies: "these bankruptcy cases, which carry with them tens of thousands of asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented." See Exhibit A

---

[1] The Delaware Asbestos Bankruptcies are: In re Armstrong World Industries, Inc. (Nos. 00-4471, 00-4469, 00-4470), In re Federal-Mogul Global, Inc., T & N Limited (Nos. 01-10578 et al.), In re USG Corp., (Nos. 01-2094 through 01-2104), In re Owens Corning (Nos. 00-3847 through 00-3854) and In re W.R. Grace. See caption, Exhibits A, B, C.

SSL-DOCS2 70137196v2

2

hereto, Designation of a District Judge for Services in Another District Within the Circuit, dated November 27, 2001.

4.    On or about December 28, 2001, Judge Wolin issued his Order Designating Court Appointed Consultants and Special Masters (the "Consultants Order"), by which he appointed Mr. Hamlin and four others, including David R. Gross, to serve as advisors to the Court in administering the Delaware Asbestos Bankruptcies now pending before him. The Court Appointed Consultants were named "to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually ...." See Consultants Order, Exhibit B hereto. The Consultants Order also provides that "the parties are on notice that the Court may, without further notice, appoint any of the Court Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter ..." Id. Judge Wolin subsequently described the role of his Consultants as "occupying a unique position in the cases not shared by other persons employed in these cases" and "functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code; 11 U.S.C. §§ 1104, 1106...." See Exhibit C hereto, Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fess and Expenses to Court Appointed Advisors, dated March 19, 2002. The Consultants Order also provided that the Court Appointed Consultants would be compensated by the respective Debtors' estates. See Exhibit B.

5.    Mr. Hamlin continues to serve the Court in his role as Court Appointed Consultant. To date, Mr. Hamlin has filed no less than three fee applications in the Delaware

SSL-DOCS2 70137196v2

Asbestos Bankruptcies documenting the work he has done to assist the Court, some of which was done specifically in the W.R. Grace bankruptcy cases, and has been awarded over $30,000 in fees for such work. See Exhibit D hereto (collectively, the First, Second and Third Fee Applications filed by Mr. Hamlin).

### ARGUMENT

### THE APPLICATION SHOULD BE DENIED BECAUSE MR. HAMLIN SERVES AS A COURT APPOINTED CONSULTANT TO THE COURT AND HE THEREFORE IS DISQUALIFIED AS SERVING AS FUTURES REPRESENTATIVE IN THE VERY SAME CASES

6.  Mr. Hamlin cannot be approved as the Futures Representative in these Chapter 11 cases because of his prior and continuing role as Court Appointed Consultant to Judge Wolin. Indeed, the Debtors' Application and Mr. Hamlin's Verified Statement Pursuant to Bankruptcy Rule 2014(a) (the "Hamlin Verified Statement") both refer to Mr. Hamlin's role to date in the Delaware Asbestos Bankruptcies, including in these W.R. Grace bankruptcy cases, as one of Judge Wolin's advisors.[2] Mr. Hamlin has, in effect, been serving in a quasi-judicial role in the Delaware Asbestos Bankruptcies and he cannot now appear as an advocate for a party in the very same cases that he has played a role in administering. Just as a judge could not step off of the bench and represent a party in an action that was pending before that Court, nor can Mr. Hamlin

---

[2] The Application itself admits (even if understates) that "Mr. Hamlin's long involvement in mass torts has led to his appointment by this Court to act as special consultant and case manager in six asbestos chapter 11 cases." Application at 5, ¶ 11. The Hamlin Verified Statement discloses that Mr. Hamlin "presently serves as a special consultant and case manager assigned by this Court to assist in the resolution of the five asbestos-related cases pending before this Court, including these Chapter 11 cases." Hamlin Verified Statement at ¶ 4. Mr. Hamlin then represents that "I do not believe that serving as the Futures Representative to represent the rights and interest of the Future Claimants of the Debtors presents a conflict of interest." Id. at ¶ 6. The Creditors' Committee disagrees with this conclusion, for the reasons set forth infra.

SSL-DOCS2 70137196v2

represent the class of future asbestos personal injury claimants in the very same bankruptcy cases in which he served -- and continues to serve -- as a Court Appointed Consultant.[3]

7.      Moreover, Mr. Hamlin's retention is sought by the Debtors pursuant to, inter alia, section 327 of the Bankruptcy Code. Section 327(f) of the Bankruptcy Code, however, expressly provides that "[t]he trustee may not employ a person that has served as an examiner in the case." 11 U.S.C. § 327(f). Judge Wolin, in his order approving fees to be paid by the respective debtors to Mr. Hamlin and the other Court Appointed Consultants, expressly found that these consultants were "functioning in a manner in all respects similar to examiners as provided for in the Bankruptcy Code; 11 U.S.C. §§ 1104, 1106...." See Exhibit C hereto, Order 1) Partially Withdrawing the Reference and 2) Governing Applications for the Allowance of Fess and Expenses to Court Appointed Advisors, dated March 19, 2002. That Mr. Hamlin has functioned judicially as the equivalent of an examiner in the Delaware Asbestos Bankruptcies – including in

---

[3] Indeed, this very situation – the retention by a party of person who served in a judicial capacity in the same matter – is, not surprisingly, barred by the applicable Delaware ethical rules. Rule 1.12 of the Delaware Rules of Professional Conduct provides that:

> a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding consent after full disclosure.

Del. Prof. Cond. R. 1.12. The "comment" to Rule 1.12 further explains that "[t]he term 'adjudicative officer' includes such officials as judges pro tempore, referees, special masters, hearing officers and other parajudicial officers, and also layers who serve as part-time judges." Accordingly, because Mr. Hamlin has served "personally and substantially" as an "adjudicative officer" in the Delaware Asbestos Bankruptcies, Delaware Rule 1.12 applies.

Delaware District Court Rule 83.6(d)(2) adopts "the Model Rules of Professional Conduct of the American Bar Association, subject to such modifications as may be required or permitted by Federal statute, court rule or decision of law ..." Pursuant to D. Del. Bankruptcy Rule 1001-1(b), the Delaware Bankruptcy Court adopted the District of Delaware Local rules, including the ethical rules.

The New Jersey rule is virtually identical to the Delaware rule. See N.J. Court Rules, RPC 1.12.

SSL-DOCS2 70137196v2

these very W.R. Grace chapter 11 cases – requires denial of the Debtors' Application under section 327(f).

8.  Further, the Committee submits that Mr. Hamlin's services to the Court pose an actual or a potential conflict with his proposed appointment as Futures Representative because, in the former role, he has considered and advised the Court on a host of issues in the very same cases in which he now seeks the role of an advocate. Section 327(a) of the Bankruptcy Code precludes his appointment. It provides that

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent the trustee in carrying out the trustee's duties under this title.

Id. "Disinterested person" is defined in section 101(14) of the Bankruptcy Code as, inter alia, a person that "does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker ... or for any other reason." In In re Marvel, the Court of Appeals for the Third Circuit held that, "§ 327(a) allows disqualification of attorneys only if they have an *actual* or a *potential* conflict of interest." In re Marvel Entm't Group, 140 F.3d 463, 476 (3d Cir. 1998) (emphasis in original); see also In re Pillowtex, Inc., 304 F.3d 246, 251 (3d Cir. 2002) (reiterating holding in Marvel and stating that the same standards apply to retention of counsel by a debtor-in-possession).

9.  Marvel and its progeny apply to the Application and preclude the proposed appointment of Mr. Hamlin. See Locks v. United States Trustee, 157 B.R. 89, 93 (W.D. Pa.

1993) (applying 327(a) conflict standard to proposed appointment of Futures Representative in an asbestos bankruptcy case). Mr. Hamlin's disabling conflict is that he has served in a quasi-judicial role as to all constituencies in these cases, including the future claimants. According to his time records (through the spring of 2003) submitted in the Delaware Asbestos Bankruptcies, Mr. Hamlin charged in excess of $30,000 in fees for services rendered in these five cases. He provided certain services solely with respect to the W.R. Grace cases (advising the Court with respect to the Debtors' filing of certain proofs of claim on behalf of certain claimants without those claimants' consent; see Ex. D), and did other work that he charged equally to each of the Delaware Asbestos Bankruptcies because it was "applicable to all cases." Id.

10. In his role as Court Appointed Consultant, Mr. Hamlin is part of Judge Wolin's inner circle of advisors. It therefore would be patently inequitable and prejudicial to all other constituencies in these cases for Mr. Hamlin to now step out from his position next to Judge Wolin to represent exclusively a particular constituency before the very same Court and in the very same cases in which Mr. Hamlin has acted as a judicial officer and examiner. He has consulted with the Court on issues in each of the Delaware Asbestos Bankruptcies, including on issues common to them all. See Exhibit A hereto ("these bankruptcy cases, which carry with them tens of thousands of asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented."). This circumstance requires denial of the Application pursuant to Section 105.

## REQUEST FOR ADJOURNMENT OF APPLICATION

11. A motion to recuse (the "Recusal Motion") Judge Wolin has been filed by certain creditors in the In re Owens Corning bankruptcy case (one of the Delaware Asbestos

SSL-DOCS2 70137196v2

Bankruptcies) on the basis that Mr. Hamlin is presently serving as Futures Representative in the case of <u>In re G-I Holdings, Inc.</u>, pending in the Bankruptcy Court for the District of New Jersey.

12. If the Court is not inclined at this time to deny the Application to appoint Mr. Hamlin, the Committee respectfully requests that the Court defer its determination of the merits of the Application pending final disposition of the issues raised by the Recusal Motion.

13. The Creditors' Committee reserves its rights to amend or supplement this objection in any manner, including to assert additional grounds of objection to the Application.

**WHEREFORE**, the Creditors' Committee respectfully requests that this Court

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

deny the Application, and grant such other and further relief as may be just and proper.

Dated: New York, New York
      October 31, 2003

                            Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**
Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, NY 10038
Telephone:  (212) 806-5400
Facsimile:  (212) 806-6006

and

**DUANE MORRIS LLP**

_/s/ Michael R. Lastowski_
Michael R. Lastowski (DE I.D. No. 3892)
William S. Katchen
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 657-4942
Facsimile:  (302) 657-4901

Co-Counsel for the Official Committee of
Unsecured Creditors of W.R. Grace & Co, et. al.

SSL-DOCS2 70137196v2